IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: CHINESE-MANUFACTURED DRYWALL PRODUCTS LIABILITY LITIGATION | * * * * | MDL NO.: 2047  SECTION: L |
| THIS DOCUMENT APPLIES TO: | * * | JUDGE FALLON |
| *Slidell Property Mgt., LLC v. Knauf GIPS KG et al*  Case No. 09-6068 | * * * * | MAG. JUDGE WILKINSON |
| *John Campbell v. Knauf GIPS KG, et al*  OCI - Case No. 09-7628 | * * * | |
| *Slidell Property Mgt., LLC v. Knauf GIPS KG, et al*  OCI - Case No. 09-7628 | * * * * | |
| *Slidell Property Mgt., LLC v. Beijing New Building Materials, et al*  OCII - Case No. 10-361 | * * * * | |
| *Slidell Property Mgt., LLC v. Knauf GIPS KG, et al*  OCIII - Case No. 09-6690 | * * * | |

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

### MEMORANDUM IN SUPPORT OF MOTION FOR LEAVE TO FILE COMPLAINT FOR INTERVENTION

**NOW INTO COURT**, through undersigned counsel, comes the law firm, Lambert & Nelson, PLC, 701 Magazine Street, New Orleans, Louisiana 70130, (hereinafter "Intervenor" and/or "Lambert & Nelson") who respectfully submits this Memorandum in Support of Motion for Leave to File Complaint for Intervention in the above captioned matters. For the reasons set forth herein, Intervenor respectfully that this Honorable Court

grant its Motion to Intervene.

## I.   INTRODUCTION

Federal Rule of Civil Procedure 24(a)(2) permits a party to intervene in an action in which the party seeking leave to intervene has an interest in the outcome of the litigation. Intervenor, Lambert & Nelson, meets each of the requirements of Rule 24(a)(2); therefore, it should be permitted to intervene as of right in this proceeding.

## II.   FACTS

Lambert & Nelson, represented Slidell Property Management, LLC, WB Management and John Campbell from August, 2009 to June, 2012.  Our contract with Mr. Campbell, on behalf of Slidell Property Management and WB Management provides for attorney fees and costs, as well as an hourly rate in the alternative.  The contract also provides that:

> *IT IS UNDERSTOOD AND AGREED between the parties that this contract is intended to and does hereby assign, transfer, set over and deliver unto Lambert and Nelson, PLC as its fee, for the representation of Client in said claim and/or claims, an interest in the claim and/or claims, under the terms and conditions aforesaid, in accordance with the provision of Louisiana law including, but not limited to, La.R.S. 37:218 or any other applicable provision.*

Details of Lambert and Nelson, PLC's performance under the contract, and issues regarding breach of contract, etc. will be addressed in future filings.

## III.   LAW AND ARGUMENT

### A.   Legal Standard for Intervention of Right

Intervention is permissible under Rule 24(a)(2) where the Court determines the entity

seeking intervention has established the following four elements: (1) the motion to intervene must be timely; (2) the movant must have an interest in the subject matter of the pending litigation; (3) the movant must bear a substantial risk that the litigation will impair its interest; and (4) the existing parties do not adequately protect movant's interest.[1]

### B. First Element: Timeliness of the Application for Intervention

In examining the timeliness of an application for intervention, the Court must look to the following factors: (1) the length of time during which the would-be intervenor actually knew or reasonably should have known of its interest in the case before it petitioned for leave to intervene; (2) the extent of the prejudice that the existing parties to the litigation may suffer as a result of the would-be intervenor's failure to apply for the intervention as soon as it knew or reasonably should have known of its interest in the case; (3) the extent of prejudice that the would-be intervenor may suffer if the right to intervene was to be denied; and (4) the existence of unusual circumstances militating either for or against a determination that the application is timely.[2]

Lambert & Nelson's application for intervention is for no other purpose than to protect its financial interest in the above captioned matters and to secure payment of costs and fees for professional services rendered on behalf John Campbell, Slidell Property Management, LLC and WB Management (hereinafter collectively termed the "Campbell entities") regarding their claims for damages associated with Chinese manufactured drywall. This Honorable Court signed an Order granting Intervenor's Motion to Withdraw

---

[1] *Sierra Club v. Espy*, 18 F.3d 1202, 1204-05 (5th Cir. 1994)

[2] *Stallworth v. Monsanto Co.*, 558 F.2d 257, 264-66 (5th Cir. 1977).

as Counsel of Record on June 4, 2012, less than two weeks prior to the filing of this Motion for Leave to Intervene. Given the short length of time within which Intervenor has brought its application, no party shall be met with any prejudice due to any delay of action by Intervenor, thereby meeting the first two timeliness requirements listed above.

Additionally, great prejudice would come to Lambert & Nelson should the Court refuse to grant its Motion for Leave to Intervene because Lambert & Nelson's interest in securing payment of fees for services rendered, as well reimbursement for costs expended, would be nullified by its exclusion going forward in these proceedings. Intervenor, therefore, meets the 5th Circuit's third requirement for timeliness as well.

Furthermore, the only unusual circumstances existing herein favor the Court granting leave to Lambert & Nelson to intervene. Intervenor's former clients, the Campbell entities, have refused to communicate with Intervenor, prompting the firm's withdrawal as counsel of record. Such refusal to communicate with Lambert & Nelson requires intervention to ensure that Lambert & Nelson's interest is protected as well in these proceedings. This final prong of the timeliness test weighs in favor of Intervenor and together Intervenor's satisfying the other three requirements, Lambert & Nelson's application for intervention is timely and should be granted.

### C. Second Element: Intervenor's Interest in the Outcome of the Litigation

The second requirement for intervention as a matter of right under Rule 24(a)(2) is that the applicant have an interest in the subject matter of the litigation.[3] The interest must

---

[3] *Sierra Club v. Espy*, 18 F.3d at 1207.

be "direct, substantial, [and] legally protectable."[4] The applicant's interest can neither be speculative nor generalized if it is to satisfy the requirements of Rule 24(a)(2).[5] Lambert & Nelson has a financial interest in the outcome of this litigation and therefore satisfies this element of Rule 24(a)(2).

Lambert & Nelson has invested many hours and expended considerable costs in pursuit of a resolution to the claims of the Campbell entities. Upon information and belief, the Campbell entities current counsel has not progressed the litigation any further than that accomplished by Lambert & Nelson. Consequently, Lambert & Nelson is entitled to reimbursement for services rendered and costs expended, should the Campbell entities successfully recover damages and, as such, has a financial interest in the outcome of this litigation, satisfying this element of Rule 24(a)(2).

### D. Third Element: Intervenor's Interest May Be Impaired Absent Intervention

The third requirement of Rule 24(a) is that the applicant must be so situated that the disposition fo the action may, as a practical matter, impede or impair the applicant's ability to protect his interest.[6] Lambert & Nelson's interest in collecting the fees and costs owed it, which will be based on the outcome of this litigation, will be impeded if the Court disallows its intervention.

It is a distinct possibility that the plaintiffs in this matter will have much of their

---

[4] *Piambino v. Bailey*, 610 F.2d 1306, 1321 (5th Cir.), cert. denied, 449 U.S. 1011, 101 S. Ct. 568, 66 L. Ed. 2d (1980).

[5] *Sierra Club*, supra.

[6] *Id.*

various properties foreclosed upon by one of their lenders, Regions Bank. Should that occur and Lambert & Nelson not be allowed to intervene, it is likely that Lambert & Nelson's owed fees and costs will not be recoverable from its then defunct former clients. Furthermore, Lambert & Nelson signed a contingency contract with the plaintiffs entitling Lambert & Nelson to a percentage of the eventual recovery at the outcome of the litigation. Lambert & Nelson performed considerable work in prosecuting the case and should Regions Bank foreclose on plaintiffs' properties and Lambert & Nelson not be allowed to intervene, it is likely that Regions Bank would incur a windfall in recovering for damages related to CDW without ever having to reimburse Lambert & Nelson for the entirety of the work performed and expenses incurred in bringing the case to resolution. Consequently, Lambert & Nelson's interest will be impaired absent this Court allowing it to intervene.

### E. Fourth Element: Intervenor's Interest Is Not Adequately Represented by Existing Parties

The final requirement of Rule 24(a)(2) is that the applicant's interest must be inadequately represented by the existing parties to the suit.[7] The applicant has the burden of demonstrating inadequate representation, but this burden is "minimal."[8] The applicant need only show that the representation "may be" inadequate.[9]

Given the competing interests of other creditors, without a legal presence in these proceedings by Lambert & Nelson, it may be that once the Court enters a final judgment

---

[7] *Id.*

[8] *Trbovich v. United Mine Workers*, 404 U.S. 528, 538, n. 10, 30 L. Ed. 2d 686, 92 S. Ct. 630 (1972).

[9] *Id.*

or if a settlement is reached, Lambert & Nelson may not be able to recover the funds contractually owed to it by plaintiffs. No other existing party to the litigation adequately represents the individual interest of Lambert & Nelson in this case; consequently, Lambert & Nelson's interest would be frustrated if it is not allowed to intervene.

## IV.     CONCLUSION

**WHEREFORE**, considering the above argument of law and fact, Lambert & Nelson respectfully moves this Honorable Court for an order granting it leave to intervene in the above captioned proceedings pursuant to 24(a)(2), Fed. R. Civ. P., and for any other relief the Court deems appropriate under the circumstances.

All of which is respectfully submitted,

/s/Hugh P. Lambert
HUGH P. LAMBERT (LA Bar #7933)
CAYCE C. PETERSON (LA Bar #32217)
LAMBERT & NELSON, PLC
701 Magazine Street
New Orleans, Louisiana 70130
Telephone: (504) 581-1750
Facsimile: (504) 529-2931
hlambert@lamnel.com
cpeterson@lamnel.com

## **CERTIFICATE OF SERVICE**

I, **HUGH P. LAMBERT, ESQ.**, HEREBY BY CERTIFY that the above and foregoing pleading was served on all counsel of record through electronic notification pursuant to the electronic filing in the United States District Court for the Eastern District of Louisiana this 21st day of June, 2012.

**John Campbell; Slidell Property Management, LLC**
Through his Attorney:
Warren Horn, Esq.
Heller, Draper, Hayden, Patrick & Horn, LLC
650 Poydras Street, Ste. 2500
New Orleans, LA 70130

**Knauf GIPS KG**
Through its Attorney:
Kerry J. Miller, Esq.
Frilot L.L.C.
1100 Poydras St., Suite 3700
New Orleans, LA 70163-3700

Mark Spatz, Esq.
Kaye, Scholer, LLP
425 Park Ave.
New York, NY 10022-3509

**Springhill, LLC**
Through its Attorney:
James M. Garner, Esq.
Sher, Garner, Cahill, Richter, Klein & Hilbert, LLC
909 Poydras St., 28th Floor
New Orleans, LA 70112-1033

**Southern Homes, LLC**
Through its Attorney:
James M. Garner, Esq.
Sher, Garner, Cahill, Richter, Klein & Hilbert, LLC
909 Poydras St., 28th Floor
New Orleans, LA 70112-1033

**Adrian Kornman**
Through his Attorney:
James M. Garner, Esq.
Sher, Garner, Cahill, Richter, Klein & Hilbert, LLC
909 Poydras St., 28th Floor
New Orleans, LA 70112-1033

**Interior/Exterior Building Supply, LP**
Through its Attorney:
Richard G. Duplantier, Jr., Esq.
Galloway, Johnson, Tompkins, Burr & Smith
701 Poydras St., 40th Floor
New Orleans, LA 70139

                                                               /s/Hugh P. Lambert
                                                             HUGH P. LAMBERT (LA Bar #7933)