**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF LOUISIANA**

-------------------------------------------------------------x
                    :

IN RE: CHINESE-MANUFACTURED     :     MDL NO. 2047
DRYWALL PRODUCTS LIABILITY      :
LITIGATION                     :     SECTION:    L
                    :
THIS DOCUMENT RELATES TO:      :     JUDGE FALLON
                    :
*Silva v. Arch Ins. Co. et al.*, No. 09-8034   :     MAG. JUDGE WILKINSON
                    :
*Amato v. Liberty Mut. Ins. Co., et al.*, No. 10-932  :
                    :
-------------------------------------------------------------x

## KNAUF DEFENDANTS' SUPPLEMENTAL OPPOSITION TO THE MOTION OF THE NORTH RIVER INSURANCE COMPANY TO (A) LIFT THE STAY AS TO CERTAIN PARTIES, (B) CONSOLIDATE CERTAIN CLAIMS, AND (C) REALIGN PARTIES

     The Knauf Defendants submit this supplemental opposition to the motion of the North River Insurance Company ("North River") to (A) lift the stay as to the Knauf Defendants, (B) consolidate North River's claims against the Knauf Defendants with plaintiffs' claims against North River, and (C) realign the Knauf Defendants as plaintiffs in the consolidated action.[1]

     In our initial brief, we pointed out that North River's motion could not be granted with respect to KPT, the manufacturer of the product, because (i) KPT, is not a party to any case that plaintiffs have brought against North River; (ii) KPT has not been served in North River's separately filed action against the Knauf Defendants; and (iii) even had KPT been served, the contracts between KPT and InEx, North River's insured, call for arbitration in Tianjin, China.

---

[1]    The Knauf Defendants are not parties to these cases. Accordingly, the Knauf Defendants submit both this supplemental opposition and their prior submissions as amicus curiae.



So that there is a complete record, the Knauf Defendants attach those contracts as Exhibit A (the relevant arbitration provisions are highlighted).

As to the Knauf Defendants other than KPT,  injecting them into the proposed trial will substantially lengthen and complicate the trial with extraneous issues having nothing to do with InEx's liability to the plaintiffs or even InEx's relative fault in comparison to KPT's.  As the Court knows, the drywall at issue was manufactured and sold by KPT, not any other Knauf entity.  The issues regarding the other Knauf entities concern whether they can be held legally responsible for KPT's obligations under vicarious liability principles such as piercing the corporate veil.  Assuming veil piercing is even a jury issue rather than a court issue, as to which there appears to be a disagreement,[2] it would unnecessarily lengthen and complicate the trial – and would be unnecessarily confusing to a jury – to inject those corporate separateness issues into what can and should be a relatively straightforward trial of InEx's liability, if any, to the plaintiffs.  There likely would be half a dozen deposition or live fact witnesses (some of whom would require translators)[3] and likely hundreds of exhibits on the issues of KPT's relationship with its affiliates, whether KPT properly maintained its separate corporate identity, and whether KPT abused its corporate form to defraud creditors.  In addition, there would need to be expert testimony on, among other things, the customary organizational practices of international

---

[2]      *Compare Passalacqua Builders, Inc. v. Resnick Developers South, Inc.*, 933 F.2d 131, 136-37 (2d Cir. 1991) (right to jury trial on veil-piercing issue governed by New York substantive law); *FMC Finance Corp. v. Murphree*, 632 F.2d 413, 421 n.5 (5th Cir. 1980) (right to jury trial on veil-piercing issue governed by Illinois substantive law) with *International Fin. Servs. v. Chromas Tech.*, 356 F.3d 731, 739 (7th Cir. 2004) (no right to jury trial on veil-piercing issue governed by Illinois substantive law).

[3]      For example, either North River or the Knauf Defendants likely would present testimony from Zhang Fudong, Manfred Grundke, Hans Peter Ingenillem, Baldwin Knauf, Martin Stuermer, and Ann Zhong on issues related to veil piercing.

businesses, on Chinese veil piercing law,[4] and on European Union antitrust law (which would be required if the European Union decision cited at page 4 of North River's brief is admitted into evidence, which it should not be). Adding the other Knauf entities to the trial would also inject substantial jurisdictional questions concerning whether this Court has personal jurisdiction over the German Knauf entities. We note, as well, that to the extent that North River seeks to pierce KPT's corporate veil to reach other Knauf entities, those entities would be covered by KPT's contract with InEx requiring arbitration in Tianjin, China of any disputes.

Resolution of all of these issues – in KPT's case, the issue of service and international arbitration, and in the case of the other Knauf entities, the jurisdictional and corporate separateness issues – is unnecessary given that under Louisiana law, if KPT's fault is determined to be relevant (which the PSC has contested), North River would be permitted to try KPT's fault whether or not KPT is present. *See* La. Civ. Code Ann. art. 2323. That being the case, the Court certainly has discretion to schedule the proceedings so that issues relating to InEx's liability to the plaintiffs are determined in Phase I, and issues relating to KPT's and other Knauf entities' liability to InEx are addressed later in the proceedings.

---

[4]   Under Louisiana choice-of-law principles, "the law of the state of incorporation governs the determination when to pierce a corporate veil." *Patin v. Thoroughbred Power Boats, Inc.*, 294 F.3d 640, 647 (5th Cir. 2002); *accord Harch Hyperbarics, Inc. v. Martinucci*, No. 09-7467, 2011 WL 2119077, at *4 (E.D. La. May 26, 2011) (same). KPT is incorporated under Chinese law. Thus, Chinese law would govern the determination whether KPT's corporate veil could be pierced to impose liability on any of its affiliates. The need to determine and apply Chinese law would unnecessarily complicate an otherwise straightforward trial concerning InEx's liability for supplying KPT Chinese Drywall to plaintiffs' homes.

## CONCLUSION

For the foregoing reasons and the reasons set forth in the Knauf Defendants' initial

opposition, the Court should deny North River's motion.

Respectfully submitted,


By: Kyle A. Spaulding
MILES P. CLEMENTS (#4184)
PETER E. SPERLING (#17812)
KERRY J. MILLER (#24562)
KYLE A. SPAULDING (#29000)
PAUL C. THIBODEAUX (#29446)
FRILOT L.L.C.
1100 Poydras Street
Suite 3700
New Orleans, LA 70163
Telephone: (504) 599-8194
Facsimile: (504) 599-8145
Email: kmiller@frilot.com

- AND -

STEVEN GLICKSTEIN (NY Bar No. 1038157)
JAY P. MAYESH (NY Bar No. 1081603)
KAYE SCHOLER LLP
425 Park Avenue
New York, NY 10022
Telephone: (212) 836-8485
Facsimile: (212) 836-6485
Email: sglickstein@kayescholer.com

Counsel for the Knauf Defendants

Dated: June 21, 2012

## CERTIFICATE OF SERVICE

I certify that the above and foregoing Knauf Defendants' Supplemental Opposition to the Motion of The North River Insurance Company to (A) Lift the Stay as to Certain Parties, (B) Consolidate Certain Claims, and (C) Realign Parties has been served upon Plaintiffs' Liaison Counsel and counsel for The North River Insurance Company by email and by electronically uploading the same to LexisNexis File & Serve in accordance with Pre-Trial Order No. 6, on this 21st day of June, 2012.

/s/ Kyle Spaulding