UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: CHINESE-MANUFACTURED DRYWALL PRODUCTS LIABILITY LITIGATION | MDL NO. 2047<br>SECTION: L |
| THIS DOCUMENT RELATES TO: ALL CASES AND | JUDGE FALLON<br>MAG. JUDGE WILKINSON |
| *Payton, et al. v. Knauf Gips, KG, et al.*<br>Case No. 2:09-cv-07628 (E.D. La.) | |
| *Gross, et al. v. Knauf Gips, KG, et al.*<br>Case No. 2:09-cv-06690 (E.D. La.) | |
| *Rogers, et al. v. Knauf Gips, KG, et al.*<br>Case No. 2:10-cv-00362 (E.D. La.) | |
| *Abreu, et al. v. Gebrueder Knauf Verwaltungsgesellschaft, KG, et al.*<br>Case No. 2:11-cv-00252 (E.D. La.) | |
| *Block, et al. v. Gebrueder Knauf Verwaltungsgesellschaft, KG, et al.*<br>Case No. 11-cv-1363 (E.D. La.) | |
| *Arndt, et al. v. Gebrueder Knauf Verwaltungsgesellschaft, KG, et al.*<br>Case No. 11-cv-2349 (E.D. La.) | |
| *Cassidy, et al. v. Gebrueder Knauf Verwaltungsgesellschaft, KG, et al.*<br>Case No. 11-cv-3023 (E.D. La.) | |
| *Vickers, et al. v. Knauf Gips KG, et al.*<br>Case No. 2:09-cv-04117 (E.D. La.) | |

**THE WCI TRUST'S MOTION FOR STATUS CONFERENCE REGARDING THE PSC'S FAILURE TO PROVIDE INFORMATION RELATING TO THE KNAUF SETTLEMENT AGREEMENT AND THE PROSPECTIVE <u>INSURANCE AGREEMENT</u>**

The WCI Chinese Drywall Property Damage and Personal Injury Settlement Trust (the "WCI Trust") files this Motion for Status Conference (the "Motion") regarding the PSC's inability and/or unwillingness to fully and timely respond to the WCI Trust's reasonable requests for information in connection with the Knauf Settlement Agreement and the Settlement Agreement in MDL No. 2047 Regarding Claims Involving Builders, Installers, Suppliers and Participating Insurers (the "Prospective Insurance Agreement" or the "Agreement").[1] In support of this Motion, the WCI Trust respectfully states as follows:

1.  On December 20, 2011, the Plaintiffs' Steering Committee ("PSC") and Knauf Plasterboard (Tianjin) Co., Ltd.; Knauf Plasterboard (Wuhu) Co., Ltd.; Guangdong Knauf New Building Material Products Co., Ltd.; Knauf Gips KG; Gebr. Knauf Verwaltungsgesellschaft KG; Knauf International GmbH; Knauf Insulation GmbH; Knauf UK GmbH; Knauf AMF GmbH & Co. KG; Knauf do Brasil Ltd.; and PT Knauf Gypsum Indonesia (collectively, the "Knauf Defendants") filed a joint motion seeking conditional certification of a settlement class and subclasses (the "Class"), preliminary approval of the Knauf Settlement Agreement, and issuance of a stay and injunction of all claims against the Knauf Defendants.

2.  On January 10, 2012, this Court entered its Order Preliminarily Approving Knauf Settlement, Conditionally Certifying a Knauf Settlement Class, Issuing Class Notice, Scheduling a Settlement Fairness Hearing, and Staying Claims as to the Knauf Defendants (the "Knauf Preliminary Approval Order") (docket no. 12138). The Court

---

[1] The proposed Knauf Settlement Agreement uses the term "Prospective Insurer Agreement," while the actual Settlement Agreement in MDL No. 2047 Regarding Claims Involving Builders, Installers, Suppliers and Participating Insurers, filed on May 18, 2012, refers to itself as the "Prospective Insurance Agreement." This Motion uses those terms interchangeably. The Knauf Settlement Agreement and the Prospective Insurance Agreement are collectively referred to as the "Agreements."

2

initially set the deadline for objecting to certification of the Class or to approval of the Settlement as April 6, 2012. The Court then extended the objection deadline to May 11, 2012, and, subsequently, extended the objection deadline and opt out period to a date to be determined after filing of the Prospective Insurer Agreement. The current deadline for filing objections and opt-outs to the Knauf Settlement is September 28, 2012.

3. The PSC and proposed Class Counsel filed the Prospective Insurance Agreement on May 18, 2012, along with a Motion for an Order: (1) Preliminarily Approving the Settlement Agreement in MDL No. 2047 Regarding Claims Involving Builders, Installers, Suppliers and Participating Insurers; (2) Conditionally Certifying a Settlement Class; (3) Approving the Form Notice to Class Members; (4) Scheduling a Joint Fairness Hearing; and (5) Staying Claims Against Builders, Installers, Suppliers, and Participating Insurers (the "Preliminary Approval Motion"). The WCI Trust objected to the Preliminary Approval Motion, arguing that the Proposed Insurance Agreement should not be approved—even preliminarily—given the overbroad releases and the apparent ambiguities, inconsistencies, and other unanswered questions in the proposed Agreement, particularly as they apply to the WCI Trust.

4. On Thursday, May 31, 2012, the Court held a hearing on the Preliminary Approval Motion. While the Court elected to grant the Preliminary Approval Motion in order to keep the process moving, the Court did recognize the potential validity of many of the WCI Trust's objections. The Court also directed the PSC to work with WCI Trust and to respond to requests for information from the WCI Trust in connection with both the Knauf Settlement Agreement and the related Prospective Insurance Agreement.

5. Accordingly, on Tuesday, June 5, 2012, the WCI Trust sent a detailed letter to the PSC requesting various documents and other information reasonably

necessary for the WCI Trust to properly evaluate the two Agreements and to determine the impact of those Agreements on the WCI Trust and its 334 homeowner beneficiaries.[2] A copy of the letter is attached hereto as Exhibit A.

6. After waiting over a week with no response from the PSC, the WCI Trust sent a follow-up request on Thursday, June 14, informing the PSC that the WCI Trust would be compelled to file a Motion for Status Conference unless the PSC responded to the WCI Trust's requests for information by the close of business on Tuesday, June 19. A copy of the WCI Trust's June 14, 2012, email is attached hereto as Exhibit B.

7. On June 20, 2012, the PSC responded with a one sentence email informing the WCI Trust that the PSC will not respond until mid-July and, without any specificity, that much of what the WCI Trust sought may not exist. There was no invitation by PSC to discuss the issues or any attempt to delineate a single area of concern.

8. In light of the rapidly approaching opt-out and objection deadlines, and the history of unsuccessful efforts by the WCI Trust to engage the PSC in this process, the WCI Trust does not believe that the PSC's response satisfies this Court's mandate that the PSC timely cooperate with the WCI Trust in providing information and other documents necessary for the WCI Trust to then fully evaluate the responses and properly evaluate the complex Agreements. Accordingly, the WCI Trust respectfully requests that the Court promptly set a status conference so the WCI Trust can address these issues on the record.

---

[2] As stated in the WCI Trust's Objection to the Preliminary Approval Motion, to date the WCI Trust has approved 334 Chinese drywall claims representing an aggregate liability of $81,665,203.22.

9. The WCI Trust is ready to address these issues at whatever date and time the Court concludes is appropriate, by phone or in person.

**STUTZMAN, BROMBERG, ESSERMAN & PLIFKA,**

**A PROFESSIONAL CORPORATION**

By: _/s/ Sander L. Esserman_
Sander L. Esserman
State Bar No. 06671500
Jacob L. Newton
State Bar No. 24046523

2323 Bryan Street, Suite 2200
Dallas, Texas 75201-2689
Telephone: (214) 969-4900
Facsimile: (214) 969-4999

**ATTORNEYS FOR THE WCI CHINESE DRYWALL PROPERTY DAMAGE AND PERSONAL INJURY SETTLEMENT TRUST**

## **CERTIFICATE OF SERVICE**

I hereby certify that the above and foregoing Motion for Status Conference has been served on Plaintiffs' Liason Counsel, Russ Herman and Defendants' Liason Counsel, Kerry Miller, by U.S. Mail and e-mail, and upon all parties by electronically uploading the same to LexisNexis File & Serve in accordance with Pretrial Order No. 6, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF system, which will send a notice of electronic filing in accordance with the procedures established in MDL 2047, on this 22nd day of June 2012.

*/s/ Heather J. Panko*
Heather J. Panko
