STUTZMAN, BROMBERG, ESSERMAN & PLIFKA
A PROFESSIONAL CORPORATION
ATTORNEYS AND COUNSELORS
2323 BRYAN STREET
SUITE 2200
DALLAS, TEXAS 75201-2689

TELEPHONE: (214) 969-4900
FACSIMILE: (214) 969-4999
E-MAIL: esserman@sbep-law.com

SANDER L. ESSERMAN

June 5, 2012

**BY EMAIL AND FEDERAL EXPRESS**

Russ M. Herman
Leonard A. Davis
Herman, Herman & Katz, LLP
820 O'Keefe Avenue
New Orleans, Louisiana 70113
Phone: (504) 581-4892
Fax: (504) 561-6024
rherman@hhklawfirm.com
Ldavis@hhklawfirm.com

*Plaintiffs' Liaison Counsel MDL 2047*

Arnold Levin
Fred S. Longer
Levin, Fishbein, Sedran & Berman
510 Walnut Street, Suite 500
Philadelphia, PA 19106
Phone: (215) 592-1500
Fax: (215) 592-4663
Alevin@lfsblaw.com
Flonger@lfsblaw.com

*Plaintiffs' Lead Counsel MDL 2047*

Re: *The WCI Chinese Drywall Trust's Request for Information Relating to the Proposed Knauf Settlement Agreement and the Prospective Insurance Agreement.*

Gentlemen,

I represent the WCI Chinese Drywall Property Damage and Personal Injury Settlement Trust (the "WCI Trust") created pursuant to the Second Amended Joint Chapter 11 Plan of Reorganization (the "Plan") for WCI Communities, Inc. and 126 of its affiliates (collectively, the "WCI Debtors"). The Plan was confirmed by the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court") on August 26, 2009, through the entry of the Bankruptcy Court's Order Confirming the Second Amended Joint Chapter 11 Plan of Reorganization for WCI Communities, Inc., and Its Affiliated Debtors (the "Confirmation Order"). *See In re WCI Communities, Inc., et al.,* Case No. 08-11643, Docket No. 2363. The Plan went effective on September 3, 2009 (the "Effective Date"). Judge Robert C. Pate has been appointed as Trustee of the WCI Trust.

June 5, 2012
Page 2

To date, the WCI Trust has approved 334 Chinese drywall claims, representing an aggregate liability of $81,665,203.22.[1] The WCI Trust has approved claims for homes containing KPT Chinese Drywall[2] as well as homes that contain Non-KPT Chinese Drywall.

As discussed at the May 31, 2012, hearing before Judge Fallon, the WCI Trust has certain objections and other concerns with both the Prospective Insurance Agreement and the related Knauf Settlement Agreement—particularly with regard to the lack of information provided to the WCI Trust in connection with both of these proposed agreements. Accordingly, this letter sets forth our preliminary informational and document requests relating to these agreements.

### A.   *Requests for Information.*

Please respond to the following requests and, where applicable, provide the WCI Trust with supporting documentation:

1. Provide a copy of any and all "MDL No. 2047 Mediator's confidential settlement proposals" relating to the WCI Debtors, whether sent to the WCI Debtors or to any other party, including any of the WCI Debtors' insurers.

2. Provide a complete list of the amount that each Participating Defendant and each Participating Insurer is paying into the Settlement Fund for the Prospective Insurance Agreement.

3. What is the approximate total value of all claims relating to KPT Chinese Drywall?

4. What is the approximate total value of all claims by Mixed Property Owners?

5. What is the approximate total value of all claims relating to homes with only Non-KPT Chinese Drywall?

6. What is the approximate total value of all claims that will receive a cash payment from the Settlement Fund provided under the Prospective Insurance Agreement (assuming no opt-outs)?

---

[1] Subject to increase as the WCI Trust approves and liquidates additional Chinese drywall claims.

[2] Capitalized terms not otherwise defined herein shall have the meaning ascribed to such terms in the Knauf Settlement Agreement or the Prospective Insurance Agreement.

June 5, 2012
Page 3

7. What do you estimate is the consideration that the WCI Trust will receive from the Prospective Insurance Agreement?

8. Provide the aggregate amount of insurance policy limits, from all sources, being released under the Prospective Insurance Agreement.

9. Provide the individual policy limits of each insurance policy being released under the Prospective Insurance Agreement.

10. Provide the approximate aggregate amount of Chinese Drywall claims that have been made against the insurance policies being released under the Prospective Insurance Agreement.

11. Identify the members or proposed members of the Allocation Committee. What are the processes to appoint the members?

12. Provide a copy of any formulas already drafted that the Allocation Committee may use in making its allocation pursuant to Section 16 of the Prospective Insurance Agreement. If none are yet available, please provide us with this information when it becomes available.

13. Provide actual copies of any and all "Major Builder Settlement Agreements."

Upon further review of the Knauf Settlement Agreement and the Prospective Insurance Agreement, the WCI Trust may well have additional requests for information and/or documents, and we therefore reserve the right to supplement these requests accordingly. We are willing to meet with you at a convenient time and place to discuss these requests in further detail.

Please do not hesitate to contact me if you have any questions or wish to discuss further.

Sincerely,

Sander L. Esserman

By email and Federal Express to:   rherman@hhklawfirm.com
Ldavis@hhklawfirm.com
Alevin@lfsblaw.com
Flonger@lfsblaw.com

June 5, 2012
Page 4

       With a copy to:       judgepate@robertcpatelaw.com
                                          rhorkovich@andersonkill.com
                                          newton@sbep-law.com