UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: CHINESE MANUFACTURED DRYWALL PRODUCTS LIABILITY LITIGATION | * * * * * * * * * | MDL No. 2047<br><br>SECTION L<br><br>JUDGE ELDON E. FALLON<br><br>MAGISTRATE JUDGE<br>JOSEPH C. WILKINSON, JR. |

* * * * * * * * * * * * * * * * * * * * ** * * * * * * * ** * *

**THIS DOCUMENT RELATES TO:**  *Germano, et. al. v. Taishan Gypsum Co., Ltd., et al.,* **Case No. 09-6687**; *The Mitchell Co., Inc. v. Knauf Gips KG et al.,* **Case No. 09-4115**; *Gross et al. v. Knauf Gips KG et al.,* **Case No. 09-6690**; *Wiltz, et al. v. Beijing New Building Materials Public Limited Co., et al.,* **Case No. 10-361**

**TAISHAN DEFENDANTS' REPLY TO CONSOLIDATED RESPONSE OF THE PLAINTIFFS' STEERING COMMITTEE, CERTAIN FLORIDA HOMEBUILDERS, INTERIOR EXTERIOR, BANNER, MITCHELL AND THE STATE OF LOUISIANA TO TAISHAN'S OBJECTIONS TO PROPOSED EVIDENCE SUBMITTED <u>IN OPPOSITION TO TAISHAN'S JURISDICTIONAL MOTIONS</u>**

Taishan Gypsum Co. Ltd. ("TG") and Tai'an Taishan Plasterboard Co., Ltd. ("TTP") (together, "Defendants"), by their attorneys Hogan Lovells US LLP ("HL") and Stanley, Reuter, Ross, Thornton & Alford, LLC, submit this reply in response to the Consolidated Response of the Plaintiffs' Steering Committee, Certain Florida Homebuilders, Interior Exterior, Banner, Mitchell and the State of Louisiana to Taishan's Objections to Proposed Evidence Submitted in Opposition to Taishan's Jurisdictional Motions ("Consolidated Response") (R. Doc. No. 14844) and in support of the Defendants' Objections to Plaintiffs' Proposed Evidence Submitted in Opposition to Defendants' Motions (R. Doc. No. 14576).

Despite the assertions to the contrary in the Consolidated Response, Defendants have attempted to strike a balance between this Court being the trier of fact and the guiding principle that only admissible evidence may be submitted (*Cooper v. McDermott Int'l., Inc*, 62 F.3d 395

(5th Cir. 1995)).  Thus, Defendants have not objected to all the inadmissible evidence contained in Plaintiffs' hundreds of evidentiary citations, but believe that their 65 objections are focused, temperate, and proportionate, and designed to prevent the hearing from becoming an evidentiary free-for-all.

And again here, rather than contest each of Plaintiffs' arguments, Defendants will focus on the big-picture nature of their objections to grossly inadmissible testimony, and therefore assert only the following in addressing the Consolidated Response:

1. Defendants' Objections 2-10 focus on situations where lay witnesses purported to testify as to Defendants' knowledge or understanding, which is inadmissible under the Federal Rules of Evidence ("FRE")."  Defendants specifically did not object to testimony that was cumulative of other testimony or to characterizations of Defendants' testimony, however far-fetched they might be.  As Defendants' state of mind is, however, relevant here (e.g, Plaintiffs are required to show that Defendants "purposefully availed" themselves of the privileges of transacting business in the various forum states at issue) objections to testimony by witnesses outside of their personal knowledge or understanding are appropriate and should be sustained;

2. Defendants objected to deposition testimony when Defendants did not receive notice of the deposition and to testimony offered through an affidavit or declaration because Defendants did not have an opportunity to challenge the testimony through cross-examination. Contrary to Plaintiffs' argument, Fed. R. Civ. P. 43(c) does not trump the requirement that a party opposing a motion to dismiss for lack of jurisdiction must submit admissible evidence. *Cooper v. McDermott Int'l.*, *supra*.  All the rules governing the admissibility of deposition testimony (Fed. R. Civ. P. 32, FRE 804(b)) require that the party against whom the testimony is offered have an opportunity to challenge the testimony through cross-examination.   Similarly,

business records can only be admitted pursuant to FRE 803(6) and FRE 902(11) if there was an opportunity to challenge the testimony through cross-examination.

3. Defendants objected to the admission into evidence of factual findings made after the default hearing. Contrary to Plaintiffs' contentions, FRE 201 does not apply to issues such as causation and liability, which Defendants contest (see, e.g., Objection 31). Further, in *Jackson v. FIE Corp.*, 302 F.3d 515, 531 (5th Cir. 2002), the Fifth Circuit explicitly prohibited factual findings made at a default hearing from being used at a subsequent hearing to vacate the default based on lack of personal jurisdiction: "[J]urisdictional allegations **and findings** supporting the default judgment are not entitled to preclusive effect in the personal-jurisdictional context of Rule 60(b)(4) . . ." (emphasis supplied).

4. Defendants have objected to irrelevant documents only when they are prejudicial (e.g., claims that Defendants' product was defective) or when Plaintiffs themselves have admitted the documents are irrelevant. Thus, for example, Defendants objected to all evidence concerning the relationship of BNBM and CNBM to TG and TTP because Plaintiffs have stated that they do not seek to attribute BNBM's and CNBM's jurisdictional contacts to Defendants.[1]

For the foregoing reasons as well as those originally stated when the Evidentiary Objections were made, Defendants submit that the Objections are well founded and should be sustained.

---

[1] Nonetheless, Plaintiffs devote numerous pages of their submissions to assertions regarding CNBM and BNBM, when a footnote would have sufficed to evidence their professed intention to preserve their claims against BNBM and CNBM for a later day.

Dated: June 22, 2012

        Respectfully submitted,

        */s/*  Thomas P. Owen Jr.
        Richard C. Stanley (La. Bar No. 8487)
        Thomas P. Owen, Jr. (La. Bar No. 28181)
        STANLEY, REUTER, ROSS, THORNTON
        & ALFORD, LLC
        909 Poydras Street, Suite 2500
        New Orleans, Louisiana 70112
        Telephone: 504-523-1580
        Facsimile: 504-524-0069
        rcs@stanleyreuter.com
        tpo@stanleyreuter.com

        Joe Cyr
        Frank T. Spano
        Eric Statman
        HOGAN LOVELLS US LLP
        875 Third Avenue
        New York, New York 10022
        Telephone: 212-918-3000
        Facsimile: 212-918-3100
        Joe.cyr@hoganlovells.com
        Frank.spano@hoganlovells.com
        Eric.statman@hoganlovells.com

        **Attorneys for Defendants**
        **Taishan Gypsum Co. Ltd. and Tai'an**
        **Taishan Plasterboard Co., Ltd.**

## **CERTIFICATE OF SERVICE**

I hereby certify that the above and foregoing was served on Plaintiffs' Liaison Counsel, Russ Herman, and Defendants' Liaison Counsel, Kerry Miller, by U.S. mail and e-mail and upon all parties by electronically uploading the same to Lexis Nexis File & Serve in accordance with Pretrial Order No. 6, and that the foregoing was also electronically filed with the Clerk of the Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2047, on this 22nd day of June, 2012.

/s/ Thomas P. Owen, Jr.