UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF LOUISIANA

IN RE: CHINESE-MANUFACTURED
DRYWALL PRODUCTS LIABILITY
LITIGATION

MDL NO.: 2047
SECTION: L
JUDGE FALLON
MAGISTRATE WILKINSON

THIS DOCUMENT RELATES TO:

CASE NO.: 11-2349

DOROTHY ARNDT, individually, and on
behalf of all others similarly situated, et al. v. GEBRUEDER
KNAUF VERWALTUNGSGESELLSCHAFT KG, ET AL.

_____/

## DEFENDANT, WILLIAMS-BROWN, INC.'S
## NOTICE OF STAY OF ALL PROCEEDINGS

PLEASE TAKE NOTICE that on June 4, 2012 in the multidistrict litigation *In Re: Chinese-Manufactured Drywall Products Liability Litigation,* United States District Judge Eldon Fallon entered a stay of all Chinese drywall cases involving parties that are participating members of the "Global Settlement," granted preliminary approval by the MDL Court on May 31, 2012. In his "Order (1) Setting Consolidated Fairness Hearing, (2) Establishing Coordinating Opt Out, Objection and Briefing Deadlines, and (3) Entering Litigation Stay in Favor of Settling Defendants" (Attached to this Notice, Judge Fallon "hereby stay[ed] and enjoin[ed] prosecution of all claims relating to Chinese Drywall by (a) a class member in any of the proposed class action settlements against a settling defendant or its insurers in any of the proposed class action settlements, and (b) a claim by any party in the supply chain or its insurers against a settling defendant or its insurers." Order at 5, ¶ 6.

Here, Plaintiff, DOROTHY ARNDT, individually, and on behalf of all others similarly situated, et al., is a "Participating Builder" in the Global Settlement. The Defendants are also

participants in the Global Settlement (as "Participating Installers/Suppliers"). Thus, under the express terms of Judge Fallon's Order, the proceedings in this lawsuit are stayed.

             FULMER LeROY ALBEE BAUMANN, P.L.C.
             Attorneys for Defendant,
             WILLIAMS-BROWN, INC.
             2866 East Oakland Park Boulevard
             Fort Lauderdale, FL  33306
             (954) 707-4430  phone
             (954) 707-4431  fax


BY: */s/ Gary F. Baumann*
    GARY F. BAUMANN
    Fla. Bar. No.:  089052

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on June 25, 2012, 2011, this document has been served on Plaintiffs' Liaison Counsel, Russ Herman and Defendants' Liaison Counsel, Kerry Miller by e-mail and e-mail upon all parties by electronically uploading same to Lexis File & Serve in accordance with Pretrial Order No. 6 and that the foregoing was electronically filed with the Clerk of the Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2047.

          FULMER LeROY ALBEE BAUMANN, P.L.C.
          Attorneys for Defendant,
          WILLIAMS-BROWN, INC.
          2866 East Oakland Park Boulevard
          Fort Lauderdale, FL  33306
          (954) 707-4430  phone
          (954) 707-4431  fax


BY: /s/ *Gary F. Baumann*
      GARY F. BAUMANN
      Fla. Bar. No.:  089052



UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| IN RE: CHINESE-MANUFACTURED DRYWALL PRODUCTS LIABILITY LITIGATION | MDL NO. 2047<br>SECTION: L<br>JUDGE FALLON<br>MAG. JUDGE WILKINSON |
|---|---|
| THIS DOCUMENT RELATES TO:<br><br>ALL CASES | |

### ORDER (1) SETTING CONSOLIDATED FAIRNESS HEARING, (2) ESTABLISHING COORDINATED OPT OUT, OBJECTION AND BRIEFING DEADLINES, AND (3) ENTERING LITIGATION STAY IN FAVOR OF SETTLING PARTIES

I. **BACKGROUND**

The Plaintiffs' Steering Committee ("PSC") has been engaged in ongoing negotiations with the a large number of defendants to globally resolve as much of the Chinese Drywall litigation as possible. These discussions have resulted in a series of proposed class action settlements which have received preliminary approval from the Court, allowing notice to go forward in each:

1. The Court granted preliminary approval to a proposed class action settlement between the PSC and Interior/Exterior Building Supply, L.P. ("InEx") and its primary insurers on May 13, 2011 (the "InEx Settlement").

2. The Court granted preliminary approval to a proposed class action settlement between the PSC and Banner Supply Co. ("Banner"), other Banner entities and their insurers on August

1

11, 2011 (the "Banner Settlement").

3. The Court granted preliminary approval to a proposed class action settlement between the PSC and the Knauf defendants on January 10, 2012 (the "Knauf Settlement").

4. The Court granted preliminary approval to a proposed class action settlement between the PSC, L&W Supply Corporation ("L&W"), USG Corporation and the Knauf defendants on April 26, 2012 (the "L&W Settlement").

5. The Court granted preliminary approval to a proposed class action settlement between PSC and Participating Suppliers, Builders and Installers and Participating Insurers on May 31, 2012 (the "Global Settlement").

None of the proposed class action settlements have received final approval, the Court having reserved decision pending submissions by the settling parties and any objectors.

All of the proposed class action settlements are inter-related, and therefore (1) decisions on whether to opt out or object to any particular settlement should be made in light of the existence of *all* of the proposed settlements; (2) all of the settlements are properly considered together in determining whether they are fair, adequate and reasonable; and (3) there should be a consolidated fairness hearing with respect to all of the proposed class action settlements, and coordinated opt out, objection and briefing deadlines, in order to promote judicial economy.

IT IS THEREFORE ORDERED ADJUDGED AND DECREED THAT:

1. There will be a formal Joint Fairness Hearing with respect to the InEx Settlement, the Banner Settlement, the Knauf Settlement, the L&W Settlement, and the Global Settlement. The Joint Fairness Hearing shall take place on November 13, 2012, beginning at 9 o'clock in the a.m., and continuing to November 14, 2012, if necessary, in order to consider comments on and

2

objections to the proposed settlements and to consider whether (a) to approve thereafter the class settlements as fair, reasonable and adequate pursuant to Rule 23 of the Federal Rules of Civil Procedure, (b) to finally certify the settlement classes, and (c) to enter the orders and judgments provided for in each of the class settlements.

2. Any class member wishing to opt out of any of the above referenced class action settlements must notify the persons specified in the preliminary approval orders for those particular settlements, in writing. Any such opt out notice must be postmarked no later than September 28, 2012. Unless a timely opt out notice has already been filed, and in order to assure that class members have adequate time to consider all of the proposed class action settlements together, no opt-out will be effective if filed earlier than August 29, 2012. To be effective, the opt-out notice must set forth the full name and current address of the person electing to opt out, the address of the property allegedly damaged by Chinese Drywall and/or the address of the property from which the class member alleges injurious exposure to Chinese Drywall, to the best of the class member's knowledge, the identities or every supplier, installer, builder, developer and its/their insurers, and any other defendant and insurer against which the Class Member intends to pursue his, or her, or its claims, and a sentence stating: "The undersigned hereby opts out from [insert each of the settlements that apply]." The opt-out notice must be signed by the individual class member.

3. Any class member who has already opted out of any of the proposed class action settlements referenced above will have the opportunity to opt back into those settlements in light of later filed settlements. The parties shall submit a proposed notice or notices to the Court for approval advising the prior opt outs of their right to reconsider their opt out decision in light of

3

later filed settlements. Prior opt outs shall have until September 28, 2012 to reconsider their opt out decision. A class member may withdraw their prior opt out notice by notifying, in writing, the persons specified to receive an opt out notice in the preliminary approval order for that particular settlement. The withdrawal of the opt out notice must be postmarked no later than September 28, 2012 to be effective. A class member who has already opted out of a proposed class action settlement does not have to opt out a second time in order to preserve their opt out status. However, in order to permit adequate time for reconsideration in light of the later filed settlements, all prior opt out notices shall be deemed suspended until the earliest effective date for opt outs specified in paragraph 3, i.e., until August 29, 2012.

    4. All objections to any of the proposed class action settlements that are the subject of the Joint Fairness Hearing shall be mailed to the persons designated in the approved notices for those settlements, in writing, postmarked no later than sixty (60) days after the last date to provide notice to Class Members who may be eligible to participate in the Global Settlement, *i.e.*, postmarked no later than September 28, 2012, or they will be deemed waived. All objections must be signed by the individual Class Member and by his or her counsel, if any.

    5. The Court hereby establishes the following briefing schedule with respect to the proposed class action settlements to be considered at the Joint Fairness Hearing:

        a. The PSC and other proponents of the proposed class action settlements shall file a motion for an order finally approving the settlement agreements and requesting certification of the settlement classes by or before September 3, 2012;

        b. Any objections to the above motion shall be filed on or before September 28, 2012; and

    c. The PSC and other proponents of the proposed class action settlements shall file a reply in support of its motion for an order finally approving the settlement agreements and requesting certification of the settlement classes by or before October 29, 2012.

6. Pending the settlement proceedings and further Orders of the Court, the Court hereby stays and enjoins prosecution of all claims relating to Chinese Drywall by (a) a class member in any of the proposed class action settlements against a settling defendant or its insurers in any of the proposed class action settlements, and (b) a claim by any party in the supply chain or its insurers against a settling defendant or its insurers.

7. The stay and injunction set forth in paragraph 6 shall not apply to:

    a. Claims against non-settling defendants;

    b. Reserved claims, as defined in the Global Settlement agreement;

    c. Any other claim exempted from the stay or injunction by specific court order.

8. The stay and injunction set forth in paragraph 6 is without prejudice to any party's contention as to whether the Court has jurisdiction, or if it has jurisdiction whether it is proper, to enter a non-consensual stay or injunction of state court cases involving class members who validly opt out of a particular class action settlement. All parties' positions as to that issue are expressly preserved. If and when the issue is presented, the Court will determine the issue de novo based on the submissions of the parties.

9. Any party may move to expand, limit, modify or terminate the stay set forth in paragraph 6 for good cause shown.

This __4th__ day of __June__, 2012, at New Orleans, Louisiana

*[signature]*
ELDON E. FALLON
United States District Court Judge