UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE:  CHINESE-MANUFACTURED DRYWALL PRODUCTS LIABILITY LITIGATION | MDL NO. 2047 SECTION:  L JUDGE FALLON MAG. JUDGE WILKINSON |

THIS DOCUMENT RELATES TO:

*Silva v. Arch Ins. Co., et al*, No. 09-8034

*Amato v. Liberty Mutl Ins. Co., et al*, No. 10-932

*The case set by the Court for trial involving The North River Insurance Company*

**LIBERTY MUTUAL'S OPPOSITION
TO NORTH RIVER'S MOTION TO LIFT STAY**

Liberty Mutual Fire Insurance Company opposes the "Motion Of The North River Insurance Company To (A) Lift The Stay As To Certain Parties, (B) Consolidate Certain Claims, And (C) Realign Parties" to the extent that the Motion seeks to have the Court lift the existing stay of all proceedings against Liberty Mutual arising from Chinese drywall claims against Liberty Mutual's policyholder, Interior/Exterior Building Supply, L.P. ("InEx").

The stay of claims regarding Liberty Mutual should remain in place for two reasons:  (1) The insurance relationship between Liberty Mutual and InEx is totally irrelevant to the sole issue the Court has set for the trial involving North River, namely, the liability (or not) of InEx to the plaintiff-customers for sale of allegedly-defective Chinese drywall.  (2) In any event, Liberty Mutual has already agreed to a settlement of all claims against InEx and Liberty

Mutual in exchange for payment by Liberty Mutual of its policy limits, so North River's argument regarding non-exhaustion of the Liberty Mutual policies is a red herring.

**FACTS**

Liberty Mutual issued general liability insurance policies to InEx during 2008 and 2009.  Beginning in 2009, customers of InEx began to file lawsuits alleging that certain Chinese drywall sold to them by InEx was defective and had caused property damage and bodily injury.  Liberty Mutual participated, on behalf of its policyholder, in defense of those lawsuits, which were consolidated into the present MDL proceeding in mid-2009.

In the spring of 2011, Liberty Mutual, InEx, and its other primary insurer, Arch Insurance Company, agreed with the Plaintiffs' Steering Committee (the "PSC") to a settlement of all claims against those three entities, in exchange for the payment by Liberty Mutual and Arch of their full policy limits.  *See* Docket No. 8628-3.  The Court granted preliminary approval of that settlement on May 13, 2011.  *See* Docket No. 8818.  At the same time, the Court entered an order staying all proceedings against Liberty Mutual arising from Chinese drywall claims against InEx, pending final approval of that settlement.  *See* id. at 11-12.  The Court has scheduled the Final Approval Hearing for November 13 and 14, 2012.  *See* Docket No. 14560-2.  The Final Approval Order will contain a permanent bar on claims against Liberty Mutual.  *See* Docket No. 8628-3 at 6, 26.  North River, an excess insurer whose policies sit above the Liberty Mutual primary policies, declined to participate in the settlement.

In the spring of 2012, the Court lifted the stay of proceedings against North River, for the purpose of allowing the PSC to pursue its claims against North River, and subsequently set a trial involving North River to commence on November 26, 2012.  *See* Docket Nos. 13024, 14558.  On June 8, 2012, North River filed the present motion, seeking to abrogate the stay as to a number of parties, including Liberty Mutual, and to inject them into the trial.  *See* Docket No. 14577-1.  The PSC, in opposing North River's attempt to have the stay lifted as to Liberty Mutual noted that "the stay became an essential component to the [settlement agreement] bargain . . . [and] [a]ccordingly the stay against InEx's primary insurers should not be disturbed."  *See* Docket No. 14604 at 2.

## ARGUMENT

North River barely mentions Liberty Mutual in the Motion to lift the stay, stating nothing more than the conclusory allegation that Liberty Mutual is a "necessary and proper" party to any claims against North River (*see* Docket No. 14577-1 at 1) and "there can be no liability against North River unless and until the applicable coverage provided by Arch and Liberty Mutual is properly exhausted"  (*see* id. at 8).  That is the sum total of North River's argument for stripping Liberty Mutual of one of the keystones of the settlement to which Liberty has agreed -- namely, payment of its policy limits in exchange for protection against future litigation.

**(1)     Insurance Issues (Including Exhaustion) Are Irrelevant To The Sole Issue Set For Trial, Namely InEx's Liability For Sale Of A Defective Product.**

North River's argument completely ignores the fact that this Court, in its June 13, 2012 Minute Order, has "directed the parties to focus the trial [involving North River] on the liability of Interior Exterior Building Supply, as opposed to damages." *See* Docket No. 14686. The Court could not be more clear: the bellwether trial will focus on liability issues such as whether the Chinese drywall sold by InEx was defective and, if so, whether InEx was a "good faith seller." Insurance issues in general, and the insurance relationship between Liberty Mutual and InEx in particular, have nothing to do with such issues. Insurance issues are irrelevant to the case to be tried.

If Liberty Mutual were required to attend the trial and "defend" itself, that defense would likely rely on principles such as "accord and satisfaction," "release," and "payment" -- defenses which it is hard to imagine that other of the defendants would welcome being put before the jury.

Far from being (as North River suggests) a "necessary and proper" party for resolution of InEx's liability, Liberty Mutual's presence is actually unnecessary and improper.

**(2)     In Any Event, North River's Exhaustion Argument Is A Red Herring.**

The only specific reason suggested by North River for lifting the stay as to Liberty Mutual is North River's comment that exhaustion of the primary policies must occur before any liability for indemnity attaches to North River. *See* Docket No. 14577-1 at 8. As a purported basis for lifting the stay as to Liberty Mutual, this is an illogical red herring for a number of reasons.

4

*First,* because exhaustion is an insurance issue, and the trial will deal only with the issue of InEx's liability, North River's pointing only to the exhaustion issue amounts to a concession that Liberty Mutual's presence at the trial is unnecessary.

*Second,* having agreed to pay its policy limits under a settlement that has received preliminary judicial approval, Liberty Mutual must be deemed to have exhausted those limits unless and until the Court denies final approval of the settlement.  Any other rule would undermine the authority of the Court to consummate a committed settlement.  If Liberty Mutual remained able, prior to final approval of the settlement, simply to use a portion of its limits to pay a different claim against InEx, the whole complex scheme for approval and implementation of class action settlements would be undermined.

*Third,* the trial involving North River is not scheduled to commence until after the Court has held the Final Approval Hearing for the InEx Settlement Agreement.  Consequently, by the time the trial begins, the Court may well have mooted the whole exhaustion issue forever by giving final approval to the InEx Settlement Agreement.  The final approval Order will require payment of the primary limits and contain a definitive judicial determination that the primary limits are exhausted.  *See* Docket No. 8628-3 at 6.

## CONCLUSION

For the reasons stated above, Liberty Mutual requests that the Court deny so much of North River's Motion as seeks to have the stay lifted as to Liberty Mutual.

Dated:  June 28, 2012

Respectfully,

LIBERTY MUTUAL FIRE INSURANCE
  COMPANY

By its counsel:

*/s/H. Minor Pipes, III*
Judy Y. Barrasso, 2814
H. Minor Pipes, III, 24603
BARRASSO USDIN KUPPERMAN FREEMAN
  & SARVER, L.L.C.
909 Poydras Street, 24th Floor
New Orleans, Louisiana 70112
Telephone:  504/589-9700
Fax:  504/589-9701
jbarrasso@barrassousdin.com
mpipes@barrassousdin.com

## CERTIFICATE

I hereby certify that the above and foregoing Liberty Mutual's Opposition to North River's Motion to Lift Stay was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing and by uploading same to LexisNexis File & Serve this 28th day of June, 2012.

*/s/H. Minor Pipes, III*

{768743_1}