IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE:  CHINESE MANUFACTURED DRYWALL | : MDL No. 2047 |
| PRODUCTS LIABILITY LITIGATION | : Section L |
| ————————————————————————— : | |
| | |
| This Document Relates to | : JUDGE FALLON |
| ALL CASES | : MAG. JUDGE WILKINSON |

## DISTRIBUTOR PROFILE FORM

All Defendant Drywall Distributors must complete and submit this Defendant Distributors' Profile Form. Additionally, each Defendant Drywall Distributor must sign and date Exhibit A to the Defendant Distributors' Profile Form for each property owned, rented or occupied by persons who are named Plaintiffs in suits pending in the MDL.  The term "Chinese Drywall or Wallboard" encompasses all wallboard of Chinese origin or manufacture without reference to whether the particular wallboard has been found to be defective.  If additional knowledge becomes known after completion, this Defendant Distributors' Profile Form must be supplemented.  If additional space is needed to answer any questions or complete your responses, additional pages may be attached.  The questions contained within this Profile Form are non-objectionable and shall be answered without objection.  By answering this Profile Form, you are not waiving the attorney work product and/or attorney client privileges. Similarly, by disclosing the identity of consultants, such consultants may remain non-testifying experts and are subject to all protections afforded by law.  Please print legibly or type your responses in English.

### I.   IDENTIFICATION AND CONTACT INFORMATION

A.   Distributor's Name:     Banner Supply Company, Inc.

B.   Distributor's Address: 7195 N.W. 30th Street, Miami, Florida 33122

C.   Website:  www.bannersupply.com

D.   Headquarters if Foreign:  Not applicable.

E.   Address of USA Headquarters:  See B above.

F.   Name of supervisor at USA Headquarters:  Mr. Scott Giering

G.   Principal Place of Business in USA:  See B above.

H.   Has Distributor operated under any other names from 2001 to 2009?  If so, please list and explain for each different locale: No.

I.   Did Distributor also install Chinese Drywall?  No.  If so, describe involvement as installer:  Not applicable.

### II.   COUNSEL INFORMATION OF DEFENDANT DISTRIBUTOR

A.   Name:       Jan Douglas Atlas, Esq. and Jeffrey A. Backman, Esq.

B.   Address:    Adorno & Yoss LLP, 350 East Las Olas Boulevard, Suite 1700, Fort Lauderdale, Florida 33301

C.   Phone Number:  (954) 763-1200

D.   Fax Number:    (954) 766-7800

E.   E-Mail:      jatlas@adorno.com; jbackman@adorno.com

1

### III.   DISTRIBUTOR'S PURCHASE OF CHINESE DRYWALL

For each purchase of Chinese Drywall between 2001 and 2009, please describe all sources from which Distributor purchased Chinese drywall, including manufacturers, exporters, importers, other distributors, sales agents, and/or sales brokers. Attach additional sheets as necessary.

A.   **Source:**

1.   **Name of Chinese Drywall Manufacturer, if known:** Banner Supply Co., Inc. ("Banner") has no personal knowledge as to the manufacturer(s) of the Chinese drywall Banner may have received (the "Product"). Banner possesses documentation from Rothchilt International, Ltd. ("Rothchilt"), 1-510 Chai Shin Bldg. Annex, 96 Chung Shan N. Rid., Sec. 2, Taipei, Taiwan, R.O.C. which indicates that Rothchilt purchased the Product from Knauf Plasterboard (Tianjin) Co., Ltd. ("Knauf"). It appears that Rothchilt shipped the Product to La Suprema Enterprise, Inc. ("La Suprema"), 20201 East Country Club Drive, Suite 501, Aventura, Florida 33180, who was the consignee of shipments of the Product from Rothchilt. A company by the name of La Suprema Trading, Inc. ("Trading"), 4456 N.W. 74th Avenue, Miami, Florida 33156, invoiced Banner for the Product and delivered the Product to Banner's warehouses. Based upon the documentation, Banner understands that the origin of the Product may have been from Knauf in China, as well as some other areas, but Banner has no personal knowledge of this. In addition, based upon documentation in Banner's possession, it also appears that Banner received drywall from Shandong Yifand Gypsum Industry Co., Ltd. ("Shandong"). It further appears that Banner received drywall identified on the wallboard itself as "Shamrock," but Banner cannot identify the name of the Chinese Manufacturer with respect to the wallboard identified as "Shamrock." Finally, it appears that Banner received drywall from Taishan Gypsum, Ltd. ("Taishan"), but Banner understands that Taishan and Shandong may be the same.

2.   **Address of Chinese Drywall Manufacturer, if known:** Based upon independent research and pleadings, Banner understands that Knauf's address is North Yinhe Bridge, East Jingin Road, Beichen District Economic Development Zone, Tianjin Municipality, P.R., China 300400, but Banner has no personal knowledge of this. Shandong's address, and thus Taishan's address, appears to be The Industry District of Taierzhuang, Zao Zhuring City, Dong Province, China, or Daiyue District, Taian City Shandong Province, China 271026, but Banner has no personal knowledge of this.

3.   **Name of Chinese Drywall Product, if known:** ½" Regular drywall 4' x 12'

4.   **Dates of purchase(s): January 11, 12, 20, 23, 25, 26, 27, 30 and 31 of 2006**

    A.   From La Suprema:

        February 2, 3, 8, 9, 13, 14, 16, 17, 21 and 22 of 2006.

        March 2, 6, 7, 13, 16, 23, 24, 27, 28, 29, 30 and 31 of 2006.

        April 3, 4, 5, 6, 7, 10, 11, 12, 13, 14, 17, 19, 24, 26, 27 and 28 of 2006.

        May 2, 3, 9, 10, 15, 16, 18, 19, 22, 24, 25, 26 and 31 of 2006.

        June 1, 2, 6, 7, 9, 12, 13, 15, 19, 21, 22, 23, 26, 27, 28 and 29 of 2006.

        July 5, 10, 19 and 27 of 2006.

        August 3, 7, 10, 14, 17, 21, 24, 25, and 31 of 2006.

        September 1, 5, 13, 14, 15, 18, 19, 20, 21, 22, 25, 27 and 29 of 2006.

BANNER-MIA00000002

October 3, 5, 6, 11, 14, 17, 18 and 19 of 2006.

December 22, 2006.

B.   From Shandong:

September/October 2006

The foregoing dates are based upon the accrual method of accounting and indicate when Banner actually received Product in its warehouse and the transaction was booked on Banner's records as a purchase. Banner booked the receipt of a limited amount of Product on December 22, 2006 based upon Banner's commitment to acquire the remaining Product that La Suprema was storing in its warehouse. This is the reason why there were no purchases in November of 2006 and why there was only one transaction that was booked as a purchase in December of 2006. To the best of Banner's knowledge, information and belief, Banner stopped shipping and/or delivering Knauf manufactured Product in November of 2006.

5.   **Total Volume of received Chinese Drywall product:** Banner's documents reflect that Banner received 253,954 pieces of drywall from La Suprema. Based upon the documentation from Rothchilt, La Suprema and Trading, Banner cannot specifically identify which pieces were manufactured by any specific Chinese manufacturer. Banner's documentation indicates that it received 8,208 pieces of drywall from Shandong

6.   **Identify any markings on the Chinese Drywall product (e.g., lot number, batch number, serial number, color markings, UPC codes, etc.):** Based upon published materials and a comparison of those materials with Banner's observations, the Product, insofar as Knauf is concerned, may contain the following marks and/or brands:

a.   "Knauf-Tianjin China ASTM C36"

b.   The end tape may be blue and yellow and striped or grey and blue and striped.

Based upon Banner's observations, the Product, insofar as Shandong/Taishan is concerned, may contain the following marks:

a.   "four feet x twelve feet x ½" inch drywall"

b.   The drywall may have a date (i.e. 06-01-04)

c.   The drywall may have a time (i.e. 14:48)

d.   The drywall may have a lot number (i.e. 065185)

Based upon Banner's observations, the Product, insofar as the "Shamrock" board is concerned, may contain no markings. The end tape may be green and yellow, state "Shamrock Gold" and may have four leafed clovers on it.

7.   **List all trademarks of the product, if known:** Unknown.

8.   **The name and address of any importer, exporter, purchasing agent, or sales broker involved or referenced in any way with respect to your purchases of Chinese Drywall:**

Rothchilt International Limited
1-510 Chai Shin Bldg Annex
96 Chung Shan N. Rd., Sec. 2, Taipei, Taiwan, R.O.C.

3

BANNER-MIA00000003

La Suprema Enterprise, Inc.
20201 East Country Club Drive, Suite 501
Aventura, Florida 33180

La Suprema Trading, Inc.
4456 N.W. 74th Avenue
Miami, Florida 33316

National Management Logistics
7014 N.W. 50th Street
Miami, Florida 33166

Skye Holdings
Yonghe Garden
Beijing, China

9.      **If known, prior to your receipt of or taking title to the Chinese Drywall, if any of your Chinese drywall was stored at any time by or for you at any location, identify the following:**

**Name of entity providing storage:**          La Suprema Trading, Inc.
                                               4456 N.W. 74th Avenue
                                               Miami, Florida 33316

                                               Maersk Line
                                               Port of Miami

**Address of entity providing storage:**       4456 N.W. 74th Avenue
                                               Miami, Florida 33316

**Dates product was stored:**                  Unknown.
___/___/_____(Month / Day / Year) to   ___/___/____ (Month / Day / Year)

**Quantity of product stored**: Unknown.

**Price paid for storage**: Unknown.

**Name of contact person at storage facility**: Unknown.

**Phone number:** La Suprema (786) 316-5658

Banner does not have any information relating to Maersk since Maersk was providing drayage services to La Suprema.

**Email address:** sfarah555@cs.com

**List any complaints made or received regarding storage of the product**: None.

### IV.    DISTRIBUTOR'S ABILITY TO TRACK SHIPMENTS

Please state whether you are able to track the distribution of Chinese drywall?  If yes, provide names and/or entities of those to whom you supplied Chinese drywall.  If you cannot track the distribution of Chinese drywall, please provide a description of your distribution process, including a description of database accessibility of this information, and the name and address of the person or persons with knowledge of the same:

4

Banner is unable to determine the amount of Product shipped to each customer since Banner's invoices do not reflect whether the drywall that Banner shipped was manufactured in China. In addition, Banner is unable to determine whether Product is defective until: (1) Banner is sued or Banner receives a potential claim by a claimant; (2) Banner reviews its records and determines whether Banner shipped Product to a customer that installed Product at the designated property address or shipped Product directly to the designated property address; (3) Banner physically inspects the Product installed at the designated property address to determine whether it was manufactured in China; and (4) Banner cross references its records against the designated property address to determine whether Banner delivered Product to the designated property address, or whether Banner's records reflect that Product was delivered to a specific customer and that customer confirms installation of Product at the designated property address. Banner maintains Invoices and, in some instances, delivery tickets.

**V.     INSURANCE**

A.     **Identify all policies of insurance, including all CGL, Product Liability, Builder's Risk, D&O and     Excess insurance policies relating to claims.**[1]

For each policy, identify the following:

1.     Insurer: The Hanover American Insurance Company

Dates policy in effect:

01/01/2006 (Month / Day / Year) to 01/01/2007 (Month / Day / Year)

Policy Number:            ZZJ 8740164-00

Type of Policy:            Commercial Lines Policy

Insurance Agent            Filer Insurance, Inc.

Policy Coverage Limits     $1 million each occurrence / $2 million products-completed operations aggregate

2.     Insurer: The Hanover American Insurance Company

Dates policy in effect:

01/01/2007 (Month / Day / Year) to 01/01/2008 (Month / Day / Year)

Policy Number:            ZZJ 8740164-02

Type of Policy:            Commercial Lines Policy

Insurance Agent            Filer Insurance, Inc.

Policy Coverage Limits     $1 million each occurrence / $2 million products-completed operations aggregate

3.     Insurer: The Hanover American Insurance Company

Dates policy in effect:

01/01/2008 (Month / Day / Year) to 01/01/2009 (Month / Day / Year)

Policy Number:            ZZJ 8740164-03

Type of Policy:            Commercial Lines Policy

Insurance Agent            Filer Insurance, Inc.

Policy Coverage Limits     $1 million each occurrence / $2 million products-completed operations aggregate

---

[1] Listing policies does not purport to represent coverage status.

5

BANNER-MIA00000005

4.     Insurer: <u>Travelers Indemnity Company of Illinois</u>

Dates policy in effect:

<u>01/01/2003</u> (Month / Day / Year)  to  <u>01/01/2004</u> (Month / Day / Year)

| | |
|---|---|
| Policy Number: | <u>982X1642-TIL-03</u> |
| Type of Policy: | <u>Commercial General Liability</u> |
| Insurance Agent | <u>BIC Managers (FA922)</u> |
| Policy Coverage Limits | <u>Products – Completed Operations Aggregate Limit:</u> <u>$2,000,000.00; General Aggregate Limit (other than</u> <u>Products – Completed Operations): $4,000,000.00;</u> <u>Each Occurrence Limit: $1,000,000.00</u> |

5.     Insurer:  <u>Travelers Indemnity Company of Connecticut</u>

Dates policy in effect:

<u>01/01/2004</u> (Month / Day / Year)  to  <u>01/01/2005</u> (Month / Day / Year)

| | |
|---|---|
| Policy Number: | <u>982X1642-TCT-04</u> |
| Type of Policy: | <u>Commercial General Liability</u> |
| Insurance Agent | <u>BIC Managers</u> |
| Policy Coverage Limits | <u>Products – Completed Operations Aggregate Limit:</u> <u>$2,000,000.00; General Aggregate Limit (other than</u> <u>Products – Completed Operations): $4,000,000.00;</u> <u>Each Occurrence Limit: $1,000,000.00</u> |

6.     Insurer:  <u>Travelers Indemnity Company of Illinois</u>

Dates policy in effect:

<u>01/01/2005</u> (Month / Day / Year)  to  <u>01/01/2006</u> (Month / Day / Year)

| | |
|---|---|
| Policy Number: | <u>982X1642-TIL-05</u> |
| Type of Policy: | <u>Commercial General Liability</u> |
| Insurance Agent | <u>S & C – Coral Gables (FA922)</u> |
| Policy Coverage Limits | <u>Products – Completed Operations Aggregate Limit:</u> <u>$2,000,000.00; General Aggregate Limit (other than</u> <u>Products – Completed Operations): $4,000,000.00;</u> <u>Each Occurrence Limit: $1,000,000.00</u> |

7.     Insurer: <u>National Union Fire Insurance Company of Pittsburgh, P.A.</u>

Dates policy in effect:

<u>01/01/2004</u> (Month / Day / Year)  to  <u>01/01/2005</u> (Month / Day / Year)

| | |
|---|---|
| Policy Number: | <u>BE 5683249</u> |
| Type of Policy: | <u>Commercial Umbrella Policy</u> |
| Insurance Agent | <u>CRC Insurance Services Inc.</u> |
| Policy Coverage Limits | <u>$5 million each occurrence / $5 million aggregate</u> |

6

BANNER-MIA00000006

8.  Insurer: <u>National Union Fire Insurance Company of Pittsburgh, P.A.</u>

Dates policy in effect:

<u>01/01/2006</u> (Month / Day / Year)  to  <u>01/01/2007</u> (Month / Day / Year)

| | |
|---|---|
| Policy Number: | <u>BE 9300273</u> |
| Type of Policy: | <u>Commercial Umbrella Policy</u> |
| Insurance Agent | <u>CRC Insurance Services Inc.</u> |
| Policy Coverage Limits | <u>$10 million each occurrence / $10 million aggregate</u> |

9.  Insurer: <u>National Union Fire Insurance Company of Pittsburgh, P.A.</u>

Dates policy in effect:

<u>01/01/2008</u> (Month / Day / Year)  to  <u>01/01/2009</u> (Month / Day / Year)

| | |
|---|---|
| Policy Number: | <u>BE 5543482</u> |
| Type of Policy: | <u>Commercial Umbrella Policy</u> |
| Insurance Agent | <u>CRC Insurance Services Inc.</u> |
| Policy Coverage Limits | <u>$10 million each occurrence / $10 million aggregate</u> |

10.  Insurer: <u>National Union Fire Insurance Company of Pittsburgh, P.A.</u>

Dates policy in effect:

<u>01/01/2009</u> (Month / Day / Year)  to  <u>01/01/2010</u> (Month / Day / Year)

| | |
|---|---|
| Policy Number: | <u>7606364</u> |
| Type of Policy: | <u>Commercial Umbrella Policy</u> |
| Insurance Agent | <u>CRC Insurance Services Inc.</u> |
| Policy Coverage Limits | <u>$25 million each occurrence / $25 million aggregate</u> |

11.  Insurer: <u>Illinois National Insurance Company</u>

Dates policy in effect:

<u>01/01/2005</u> (Month / Day / Year)  to  <u>01/01/2006</u> (Month / Day / Year)

| | |
|---|---|
| Policy Number: | <u>BE 3835949</u> |
| Type of Policy: | <u>Commercial Umbrella Policy</u> |
| Insurance Agent | <u>CRC Insurance Services Inc.</u> |
| Policy Coverage Limits | <u>$10 million each occurrence / $10 million aggregate</u> |

12.  Insurer: <u>American Specialty Lines Insurance Company</u>

Dates policy in effect:

<u>01/01/2007</u> (Month / Day / Year)  to  <u>01/01/2008</u> (Month / Day / Year)

| | |
|---|---|
| Policy Number: | <u>BE 3954862</u> |
| Type of Policy: | <u>Commercial Umbrella Policy</u> |
| Insurance Agent | <u>CRC Insurance Services Inc.</u> |
| Policy Coverage Limits | <u>$10 million each occurrence / $10 million aggregate</u> |

BANNER-MIA00000007

## CERTIFICATION

I declare under penalty of perjury under the laws of the United States of America and pursuant to 28 U.S.C. § 1746 that all information provided in this Defendant Manufacturers' Profile Form is true and correct to the best of my knowledge, and that I have supplied all of the documents requested in this declaration, to the extent that such documents are in my possession, custody or control.

_9/8/09_
Date

Entity    _Banner Supply_

By:

Its:    _Controller_

8

BANNER-MIA00000008