UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: CHINESE-MANUFACTURED DRYWALL PRODUCTS LIABILITY LITIGATION | MDL NO. 2047<br>SECTION: L<br>JUDGE FALLON<br>MAG. JUDGE WILKINSON |
| THIS DOCUMENT RELATES TO:<br><br>*Benoit, et al. v. LaFarge, S.A.,et. al.*, Case No. 11-1893 (E.D.La.)<br><br>*Arndt, et. al. v. Gebrueder Knauf Verwaltungsgesellschaft, KG*, Case No. 11-2349 (E.D.La.)<br><br>*Cassidy, et. al. v. Gebrueder Knauf Verwaltungsgesellschaft, KG, et. al.*, Case No. 11-3023 (E.D.La.)<br><br>*Almeroth, et. al. v. Taishan Gypsum Co., et al.*, Case No. 12-0498 (E.D.La.) | |

**PLAINTIFFS' MEMORANDUM OF LAW IN
SUPPORT OF PLAINTIFFS' SECOND OMNIBUS
MOTION FOR PRELIMINARY DEFAULT JUDGMENT**

**I.      INTRODUCTION**

As the Court is well aware, the Plaintiffs' Steering Committee ("PSC") has filed numerous omnibus class action complaints against the manufacturers and other parties responsible for the defective Chinese manufactured drywall that was installed in the homes of the plaintiffs in this litigation. Shortly after filing each of these complaints, the PSC commenced serving the named defendants with these complaints. Many of the defendants who have been served with the omnibus class action complaints have failed to enter an appearance, answer, or otherwise respond to the applicable complaint. As to these defaulting defendants [hereafter the "Defaulting Defendants"], Plaintiffs request that the Court enter preliminary default judgment

against each of them in favor of the plaintiffs and class members who are aligned with these defendants.

II.     **FACTS**

The PSC has filed omnibus class action complaints during the course of this litigation in order to streamline plaintiffs onto consolidated complaints that are organized by the manufacturing defendants responsible for the defective drywall in the plaintiffs' homes.  In addition to asserting claims against manufacturing defendants, these omnibus complaints are also designed as a vehicle for plaintiffs to bring claims against the non-manufacturing defendants in the stream of distribution of the defective drywall in their homes.  The pertinent omnibus complaints at issue in Plaintiffs' motion for entry of preliminary default judgment are:

1. *Benoit, et al. v. LaFarge, S.A.,et. al.*, Case No. 11-1893 (E.D.La.)(Omni XI) (involving claims against the Lafarge defendants);

2. *Arndt, et. al. v. Gebrueder Knauf Verwaltungsgesellschaft, KG*, Case No. 11-2349 (E.D.La.) (Omni XII) (involving claims against the Knauf defendants);

3. *Cassidy, et. al. v. Gebrueder Knauf Verwaltungsgesellschaft, KG, et. al.*, Case No. 11-3023 (E.D.La.) (Omni XIV) (involving claims against the Knauf defendants); and

4. *Almeroth, et. al. v. Taishan Gypsum Co., et al.*, Case No. 12-0498 (E.D.La.) (Omni XIII)(involving claims against the Taishan defendants).

Since the filing of each of the above omnibus class action complaints, Plaintiffs received notice that service of process was perfected on many of the named defendants who are now in default.  For each of the omnibus class action complaints at issue in the instant motion, the Defaulting Defendants are as follows:

1. With respect to the proceedings in *Benoit*, the defaulting defendants are set forth in Exhibit "A" to this motion;

2. With respect to the proceedings in *Arndt*, the defaulting defendants are set forth in

> Exhibit "B" to this motion;

3. With respect to the proceedings in *Cassidy*, the defaulting defendants are set forth in Exhibit "C" to this motion; and

4. With respect to the proceedings in *Almeroth*, the defaulting defendants are set forth in Exhibit "D" to this motion.

*See* Levin Declaration, Exhibit "E" attached hereto.

As of the filing of Plaintiffs' motion for entry of preliminary default judgment, none of the Defaulting Defendants have entered an appearance, filed an answer, or otherwise responded to the applicable complaint.

## III. ARGUMENT

The entry of a default judgment is governed by Fed.R.Civ.Proc. 55, which states in pertinent part:

> When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default...
>
> [In cases where the plaintiff's claim is for a sum that is not certain and cannot be made certain by computation], the party must apply to the court for a default judgment...If the party against whom a default judgment is sought has appeared personally or by a representative, that party or its representative must be served with written notice of the application at least 3 days before the hearing...

*See* Fed.Rule.Civ.Proc. 55.

This Court has publically warned defendants that their counsel must enter an appearance on their behalf within twenty (20) days of service of the complaint or risk being held in default:

> IT IS ORDERED that Pretrial Order #1, Paragraph 8 regarding EXTENSION AND STAY be and is hereby MODIFIED to reflect that those who have been served and who have not made an appearance will be subject to default. The Court instructed the parties to file a motion for default in cases involving parties who

3

>have been served but who have not made an appearance, before the next status conference.

*See* Minute Entry dated August 11, 2009, p.3 [Document # 165]. *See also* Pretrial Order ("PTO") No. 1G (clarifying that counsel must enter an appearance within twenty (20) days after service of a complaint on their client) [Document # 3348].[1]

Here, Plaintiffs received documentation reflecting service of process of the applicable pleading on each of the Defaulting Defendants which documentation has been or will be filed with the Court. *See* Levin Declaration, Exhibit "E". As of this date, none of the Defaulting Defendants have entered an appearance or filed a responsive pleading notwithstanding the Court's instruction that they must enter an appearance within 20 days of service of process or risk being held in default. Accordingly, the Defaulting Defendants have failed to respond to Plaintiffs' omnibus complaints or otherwise defend themselves as set forth in Exhibits "A" through "D". As the Fifth Circuit has explained, mere acceptance of service does not constitute an appearance for purposes of Fed.R.Civ.Proc. 55(b)(2). *Rogers v. Hartford Life and Acc. Ins. Co.*, 167 F.3d 933, 937 (5th Cir. 1999). Thus, plaintiffs need not notify the Defaulting Defendants of the present motion for entry of preliminary default judgment.

The Defaulting Defendants have proffered no excuse for their failure to respond to Plaintiffs' omnibus complaint. Accordingly, by the plain language of Fed.Rules Civ. Proc. 55, Plaintiffs and the class they seek to represent are entitled to the entry of default and preliminary default judgment against the Defaulting Defendants with whom they are aligned.

---

[1] Pursuant to Fed.Rule Civ. Proc. 12, a defendant must serve an answer within 20 days after being served with the summons and complaint. *See* Fed.R.Civ.Proc. 12(a)(1)(A)(I). PTO No. 1G is designed to relax the burden on defendants by allowing them to avoid default by entering an appearance within 20 days of service of process.

IV.     **CONCLUSION**

WHEREFORE, for the reasons set forth above, Plaintiffs respectfully request that the Court grant Plaintiffs' second omnibus motion for preliminary default judgment.

Dated:  July 18, 2012

Respectfully submitted,

/s/ Russ M. Herman
Russ M. Herman, Esquire (LA Bar No. 6819)
Leonard A. Davis, Esquire (LA Bar No. 14190)
Stephen J. Herman, Esquire (LA Bar No. 23129)
HERMAN, HERMAN & KATZ, LLP
820 O'Keefe Avenue
New Orleans, Louisiana 70113
Phone: (504) 581-4892
Fax: (504) 561-6024
LDavis@hhkc.com
*Plaintiffs' Liaison Counsel*
*MDL 2047*

Arnold Levin (On the Brief)
Fred S. Longer (On the Brief)
Matthew C. Gaughan (On the Brief)
Levin, Fishbein, Sedran & Berman
510 Walnut Street, Suite 500
Philadelphia, PA 19106
215-592-1500 (phone)
215-592-4663 (fax)
Alevin@lfsblaw.com
*Plaintiffs' Lead Counsel*
*MDL 2047*

**PLAINTIFFS' STEERING COMMITTEE**

| | |
|---|---|
| Dawn M. Barrios | Daniel E. Becnel, Jr. |
| Barrios, Kingsdorf & Casteix, LLP | Becnel Law Firm. LLC |
| 701 Poydras Street, Suite 3650 | 425 W. Airline Highway, Suite B |
| New Orleans, LA 70139 | Laplace, LA 70068 |
| Phone: (504) 524-3300 | Phone: (985) 536-1186 |
| Fax: (504) 524-3313 | Fax: (985) 536-6445 |
| Barrios@bkc-law.com | dbecnel@becnellaw.com |

Robert C. Josefsberg
Podhurst Orseck, P.A.
25 Flagler Street, 8th Floor
Miami, FL 33130
Phone: (305) 358-2800
Fax: (305) 358-2382
rjosefsberg@podhurst.com

Bruce William Steckler
Baron & Budd, P.C.
3102 Oak Lawn Ave., Suite 1100
Dallas, TX 75219
Phone: (214) 521-3605
Fax: (214) 520-1181
bsteckler@baronbudd.com

Ervin A. Gonzalez
Colson, Hicks, Eidson, Colson
  Matthews, Martinez, Gonzales,
  Kalbac & Kane
255 Alhambra Circle, Penthouse
Cora Gables, FL 33134
Phone: (305) 476-7400
Fax: (305) 476-7444

Ben W. Gordon, Jr.
Levin, Papantonio, Thomas, Mitchell
 Echsner & Proctor, P.A.
316 S. Baylen Street, Suite 600
Pensacola, FL 32502
Phone: (850) 435-7000
Fax: (850) 435-7020
bgordon@levinlaw.com

Hugh P. Lambert
Lambert and Nelson
701 Magazine Street
New Orleans, LA 70130
Phone: (504) 581-1750
Fax: (504) 529-2931
hlambert@lambertandnelson.com

Gerald E. Meunier
Gainsburgh, Benjamin, David, Meunier
 & Warshauer, LLC
2800 Energy Centre, 1100 Poydras Street
New Orleans, LA 70163-2800
Phone: (504) 522-2304
Fax: (504) 528-9973
gmeunier@gainsben.com

Jerrold Seth Parker
Parker, Waichman, Alonso LLP
3301 Bonita Beach Road
Bonita Springs, FL 34134
Phone: (239) 390-1000
Fax: (239) 390-0055
Jerry@yourlawyer.com

Scott Wm. Weinstein
Morgan & Morgan
12800 University Drive, Suite 600
Ft. Meyers, FL 33907
Phone: (239) 433-6880
Fax: (239) 433-6836
sweinstein@forthepeople.com

James Robert Reeves
Lumpkin & Reeves
160 Main Street
Biloxi, MS 39530
Phone: (228) 374-5151
Fax: (228) 374-6630
jrr@lumpkinreeves.com

Christopher Seeger
Seeger Weiss, LLP
77 Water Street
New York, NY 10005
Phone: (212) 584-0700
Fax: (212) 584-0799
cseeger@seegerweiss.com

Daniel K. Bryson
Lewis & Roberts
3700 Glenwood Avenue, Suite 410
Raleigh, NC 27612
Phone: (919) 981-0191
Fax: (919) 981-0431
dkb@lewis-roberts.com

Richard J. Serpe, Esquire
Law Offices of Richard J. Serpe
Crown Center, Ste. 310
580 East Main Street
Norfolk, VA 23510-2322
Phone: (757) 233-0009
Fax: (757) 233-0455
rserpe@serpefirm.com

Victor M. Diaz, Jr., Esquire
V.M. Diaz and Partners, LLC
119 Washington Ave, Suite 402
Miami Beach, FL 33139
Phone: (305) 704-3200
Fax: (305) 538-4928
victor@diazpartners.com

**OF COUNSEL TO PLAINTIFFS' STEERING COMMITTEE**

Richard S. Lewis
HAUSFELD LLP
1700 K Street, N.W
Suite 650
Washington, DC 20006
Phone: (202) 540-7200
Fax: (202) 540-7201
rlewis@hausfeldllp.com

Andrew A. Lemmon
Lemmon Law Firm, LLC
P.O. Box 904
15058 River Road
Hahnville, LA 70057
Phone: (985) 783-6789
Fax: (985) 783-1333
andrew@lemmonlawfirm.com