**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | | |
|---|---|---|
| **IN RE: CHINESE-MANUFACTURED** | ) | **CIVIL ACTION NO. 09-2047** |
| **DRYWALL PRODUCTS LIABILITY** | ) | |
| **LITIGATION** | ) | **JUDGE FALLON** |
| _____ | ) | |
| **This Document Relates to:** | | **MAGISTRATE WILKINSON** |
| **ALL CASES** | | |

**INTERIOR EXTERIOR'S MEMORANDUM IN OPPOSITION TO**
**PLAINTIFF-INTERVENORS' MOTION IN LIMINE**
<u>**CONCERNING REDHIBITION**</u>

**MAY IT PLEASE THE COURT:**

Interior Exterior respectfully submits the following memorandum in opposition to Plaintiff-Intervenors' Motion *in Limine* concerning solidary obligations between manufacturers and sellers in redhibition:

Plaintiff-Intervenors argue that under the redhibition articles, Louisiana Civil Code articles 2520 through 2548, sellers are solidarily liable with manufacturers. A key aspect of the Louisiana redhibition scheme rests on a determination whether the seller is a good faith seller, one that did not know that a defect existed, or a bad faith seller, one which knew that the product it was selling contained a redhibitory defect. The *Motion in Limine* on behalf of Plaintiff-Intervenors fails to address this distinction.

A good faith seller cannot be held solidarily liable with the manufacturer.    La. C.C. article 2531, entitled "Liability of seller who knew not of the defect, provides that:

> A seller who did not know that the thing he sold had a defect is only bound to repair, remedy, or correct the defect. If he is unable or fails so to do, he is then bound to return the price to the buyer with interest from the time it was paid, and to reimburse him for the reasonable expenses occasioned by the sale, as well as those incurred for the preservation of the thing, less the credit to which the seller is entitled if the use made of the thing, or the fruits it has yielded, were of some value to the buyer.

> A seller who is held liable for a redhibitory defect has an action against the manufacturer of the defective thing, if the defect existed at the time the thing was delivered by the manufacturer to the seller, for any loss the seller sustained because of the redhibition. Any contractual provision that attempts to limit, diminish or prevent such recovery by a seller against the manufacturer shall have no effect.

Conversely, Louisiana Civil Code article 2545, entitled "Liability of seller who knows of the defect; presumption of knowledge" provides that:

> A seller who knows that the thing he sells has a defect but omits to declare it, or a seller who declares that the thing has a quality that he knows it does not have, is liable to the buyer for the return of the price with interest from the time it was paid, for the reimbursement of the reasonable expenses occasioned by the sale and those incurred for the preservation of the thing, and also for damages and reasonable attorney fees. If the use made of the thing, or the fruits it might have yielded, were of some value to the buyer, such a seller may be allowed credit for such use or fruits.

Undoubtedly, a manufacturer is deemed to know that the product it sells has a redhibitory defect.  *See* La. C. C. art. 2545.  On the other hand, a seller is deemed to know that the thing he sells has a redhibitory defect only when he is a manufacturer of that thing. There has never been any evidence presented to even suggest that Interior Exterior could be considered a manufacturer of the drywall.  Thus, Interior Exterior cannot be presumed that that it had knowledge of the

redhibitory defect found in the Chinese manufactured drywall.

The plaintiff-intervenors assert that the governing jurisprudence among Louisiana courts support their position that sellers and manufacturers are solidarily liable to buyers under redhibition.  But plaintiff-intervenors fail to distinguish between good faith and bad faith sellers. In other words, it appears that plaintiff-intervenors' position is that all sellers are solidarily liable with manufacturers. This is simply incorrect.

Notwithstanding this inaccurate proposition, plaintiff-intervenors acknowledge that a split exists among the Louisiana appellate circuits concerning solidary obligations in redhibition between manufacturers and bad faith sellers.

The first and second appellate circuits have held that under the redhibition articles manufacturers and bad faith retailers are not held liable in solido.  *See Hampton v. Cappaert Manufacturing Housing, Inc.*, 839 So.2d 363 (La. App. 2nd Cir. 1/29/2003) and *Petroleum Rental Tools, Inc. v. Hal Oil and Gas Co.*, 701 So.2d 213 (La. App. 1st Cir. 1997).  Notably, the first and second circuits have relied upon Louisiana Civil Code articles 2323, Comparative Fault, and 2324, Liability as solidary or joint and divisible obligation, which were adopted in 1996.

La. C.C. article 2323 provides that:

A. In any action for damages where a person suffers injury, death, or loss, the degree or percentage of fault of all persons causing or contributing to the injury, death, or loss shall be determined, regardless of whether the person is a party to the action or a nonparty, and regardless of the person's insolvency, ability to pay, immunity by statute, including but not limited to the provisions of R.S. 23:1032, or that the other person's identity is not known or reasonably ascertainable. If a person suffers injury, death, or loss as the result partly of his own negligence and partly as a result of the fault of another person or persons, the amount of damages recoverable shall be reduced in proportion to the degree or percentage of negligence attributable to the person suffering the injury, death, or loss.

B. The provisions of Paragraph A shall apply to any claim for recovery of damages for injury, death, or loss asserted under any law or legal doctrine or theory of liability, **regardless of the basis of liability.**

C. Notwithstanding the provisions of Paragraphs A and B, if a person suffers injury, death, or loss as a result partly of his own negligence and partly as a result of the fault of an intentional tortfeasor, his claim for recovery of damages shall not be reduced. (Emphasis ours.)

Significantly, Section B of Article 2323 states without any limitation that "regardless of the basis of liability" comparative fault must be applied.

Likewise, Louisiana Civil Code article 2324 provides that:

A. He who conspires with another person to commit an intentional or willful act is answerable, in solido, with that person, for the damage caused by such act.

B. If liability is not solidary pursuant to Paragraph A, then liability for damages caused by two or more persons shall be a joint and divisible obligation. A joint tortfeasor shall not be liable for more than his degree of fault and shall not be solidarily liable with any other person for damages attributable to the fault of such other person, including the person suffering injury, death, or loss, regardless of such other person's insolvency, ability to pay, degree of fault, immunity by statute or otherwise, including but not limited to immunity as provided in R.S. 23:1032, or that the other person's identity is not known or reasonably ascertainable.

C. Interruption of prescription against one joint tortfeasor is effective against all joint tortfeasors.

While at least one comment in the redhibition articles addresses solidary obligations between manufacturers and bad faith sellers, such jurisprudence referenced in this one comment pre-dates the 1996 adoption of the comparative fault articles.  Accordingly, the comparative fault articles, as articulated in articles 2323 and 2324, should be given full faith and credit.  That is, the obligation of a manufacturer and seller are not solidary, rather comparative fault should be applied.

- 4 -

We also note that in *Chevron U.S.A Inc. v. Aker Marine, Inc.*, 2008 WL 594648 (E.D. La., Feb. 29, 2008)(overturned on other grounds), the Honorable Judge Beer of this District overturned a recommendation concerning whether a manufacturer and seller of a bolt should be held solidarily obligated to plaintiff for attorneys' fees.   Judge Beer rejected Magistrate Wilkinson's recommendation and held that the parties should spilt the amount of attorneys' fees not *in solido*, but by the percentage of fault the jury attributed to each, relying on *Hampton*, 839 So.2d 363  and *Petroleum Rental Tools, Inc.*, 701 So.2d 213.  No court in this District has held to the contrary, and the United States Fifth Circuit has not addressed the issue.

Moreover, it is unclear under which state court Petition or federal court Complaint the plaintiff-intervenors are proceeding in this matter. Several of the operative pleadings filed in this MDL proceeding have alleged numerous theories of liability against Interior Exterior, including negligence and violations of the Louisiana Products Liability Act.  Comparative fault principles undoubtedly apply to these theories of liability.   While Interior Exterior denies the legal applicability of these causes of action, to the extent plaintiff-intervenors intend to move forward on these claims, Interior Exterior to entitled to present a full defense, including allegations of comparative fault of the manufacturers truly responsible for the defect.

Finally, it is also unclear as to what relief plaintiff-intervenors are seeking in this motion. The preclusion of evidence and testimony from the manufacturers of the Chinese manufactured drywall, including their parents, subsidiaries and related entities, concerning their involvement with the distribution and knowledge of possible defects would clearly prejudice Interior Exterior's defenses.  Such evidence of is clearly relevant to Interior Exterior's knowledge, which it summarily denies it had, at the time it sold the Chinese manufactured drywall.

For the above and foregoing reasons, Plaintiff-Intervenor's Motion *in Limine* concerning solidary obligations between manufacturers and sellers should be denied.

Respectfully submitted,

***Richard G. Duplantier, Jr.   /s/***
_____
Richard G. Duplantier, Jr. (# 18874)
Lambert J. Hassinger, Jr. (# 21683)
Benjamin R. Grau (#26307)
Carlina C. Eiselen, (# 28524)
GALLOWAY, JOHNSON, TOMPKINS,
BURR & SMITH
701 Poydras Street, 40th Floor
New Orleans, Louisiana 70139
Telephone:  (504) 525-6802 / Fax:   (504) 525-2456
rduplantier@gjtbs.com /jhassinger@gjtbs.com
bgrau@gjtbs.com / ceiselen@gjtbs.com /
*Counsel for Defendant, Interior Exterior Building Supply,*
*L.P. and Interior Exterior Enterprises, LLC*

**Certificate of Service**

The undersigned certifies that this document has been served on Plaintiffs' Liaison counsel Russ Herman and Defendants' Liaison Counsel Kerry Miller, by email and United States Mail, and upon all parties by electronically uploading the same to Lexis Nexis File & Serve in accordance with Pretrial Order No. 6, and that the foregoing was filed with the Clerk of Court for the United States District Court for the Eastern District of Louisiana by using the CM/ECF System which will send a notice of electronic filing in accord with the procedures established in MDL 2047, on the 23rd day of July, 2012.

*Richard G. Duplantier, Jr.   /s/*
RICHARD G. DUPLANTIER, JR.