UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: CHINESE-MANUFACTURED DRYWALL PRODUCTS LIABILITY LITIGATION | MDL NO.: 2047<br>SECTION: L<br>JUDGE FALLON<br>MAGISTRATE WILKINSON |
| THIS DOCUMENT RELATES TO: | CASE NO.: 12-0498 |
| RICHARD and CONSTANCE ALMEROTH, individually, and on behalf of all others similarly situated, et al. v. TAISHAN GYPSUM CO., LTD, ET AL._____/ | |

## DEFENDANT, MILTON CONSTRUCTION COMPANY'S, MOTION TO DISMISS

Defendant, MILTON CONSTRUCTION COMPANY, by and through its undersigned counsel moves this Honorable Court for an Order dismissing Plaintiffs' Omnibus Class Action Complaint (XIII) against MILTON CONSTRUCTION COMPANY for lack of personal jurisdiction pursuant to Federal Rules of Civil Procedure Rule 12(b)(2) for failure to state a claim upon which relief can be granted pursuant to Rule 12(b)(6), or alternatively, to transfer venue to the Southern District of Florida pursuant to 288 U.S.C. § 1406(a), and 288 U.S.C. § 1401.

1. MILTON CONSTRUCTION COMPANY is a Florida corporation and the houses at issue in this action are located in Florida (see Complaint).

2. MILTON CONSTRUCTION COMPANY is a Florida corporation that has never done business in the State of Louisiana.

3. MILTON CONSTRUCTION COMPANY does not have minimum contacts with the State of Louisiana.



Exhibit B

4. The entire business transaction of MILTON CONSTRUCTION COMPANY and construction of the subject homes took place in the State of Florida.

5. MILTON CONSTRUCTION COMPANY has not submitted to and is not subject to, jurisdiction in this Court.

6. In the absence of any contact between MILTON CONSTRUCTION COMPANY and the State of Louisiana, this Court does not have personal jurisdiction over MILTON CONSTRUCTION COMPANY on claims that arise from real property located in the State of Florida.

**WHEREFORE**, this Defendant, MILTON CONSTRUCTION COMPANY, respectfully requests this Honorable Court to enter an Order dismissing Plaintiffs' cause of action against MILTON CONSTRUCTION COMPANY for the reasons cited above, and requests any further relief as this Honorable Court deems necessary and appropriate.

Respectfully submitted,
FULMER LeROY ALBEE BAUMANN, P.L.C.
Attorneys for Defendant,
MILTON CONSTRUCTION COMPANY
2866 East Oakland Park Boulevard
Fort Lauderdale, FL 33306
(954) 707-4430 phone
(954) 707-4431 fax


BY: /s/ *Gary F. Baumann*
         GARY F. BAUMANN
         Fla. Bar. No.: 089052

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on June 1, 2012, this document has been served on Plaintiffs' Liaison Counsel, Russ Herman and Defendants' Liaison Counsel, Kerry Miller by e-mail and e-mail upon all parties by electronically uploading same to Lexis File & Serve in accordance with Pretrial Order No. 6 and that the foregoing was electronically filed with the Clerk of the Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2047.

BY: /s/ *Gary F. Baumann*
GARY F. BAUMANN

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: CHINESE-MANUFACTURED DRYWALL PRODUCTS LIABILITY LITIGATION | MDL NO.: 2047<br>SECTION: L<br>JUDGE FALLON<br>MAGISTRATE WILKINSON |
| THIS DOCUMENT RELATES TO: | CASE NO.:  12-0498 |

RICHARD and CONSTANCE ALMEROTH,
individually, and on behalf of all others similarly
situated, et al. v. TAISHAN GYPSUM CO., LTD, ET AL.
_____/

### DEFENDANT, MILTON CONSTRUCTION COMPANY'S MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION TO DISMISS

Defendant, MILTON CONSTRUCTION COMPANY, by and through its undersigned counsel moves this Honorable Court for an Order dismissing Plaintiffs' Omnibus Class Action Complaint (XIII) and action against MILTON CONSTRUCTION COMPANY for lack of personal jurisdiction pursuant to Federal Rules of Civil Procedure Rule 12(b)(2) for failure to state a claim upon which relief can be granted pursuant to Rule 12(b)(6), or alternatively, to transfer venue to the Southern District of Florida pursuant to 288 U.S.C. § 1406(a), and 288 U.S.C. § 1401.

Plaintiffs have filed their Complaint in the Eastern District of Louisiana, where, by June 15, 2009 Transfer Order of the Judicial panel of Multidistrict Litigation, other actions involving Chinese-manufactured drywall had previously been transferred only for pretrial proceedings pursuant to 28 U.S.C. § 1407.

## ARGUMENT

Contrary to Plaintiff's allegations, this court does not have personal jurisdiction over MILTON CONSTRUCTION COMPANY When personal jurisdiction is challenged by the defendant, it is the plaintiff's burden to establish it. *See Familia De Boom v. Arosa Mercantil, S.A.*, 629 F.2d 1134, 1138 (5th Cir. 1980). In the present matter, the plaintiff has failed to meet its burden to demonstrate that this Court has personal jurisdiction over MILTON CONSTRUCTION COMPANY There are two well established jurisdictional analyses that may apply depending on the relationship between the defendant's contacts with the forum and the cause of action. When the cause of action arises out of the defendant's forum contacts, the court conducts a "specific" jurisdiction analysis. *See World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286 (1980). When the cause of action does not arise out of the defendant's forum contacts, the court must determine whether the defendant's forum contacts support the exercise of "general" jurisdiction. *See Helicopteros Nacionales de Columbia, S.A. v. Hall*, 466 U.S. 408 (1984). "General jurisdiction" requires a higher level of contact with the forum to support jurisdiction over the defendant. In this case, this Court lacks personal jurisdiction under either analysis because MILTON CONSTRUCTION COMPANY has absolutely no contacts with the forum State of Louisiana.

**I.     This Court May Not Assert Specific Jurisdiction.**

In order to exercise specific jurisdiction over a nonresident defendant, two requirements must be met. "First, the defendant must be amenable to service of process under the forum state's jurisdictional long-arm statute. Second, the exercise of jurisdiction under this statute must comport with norms imposed by the due process clause of the fourteenth amendment." *Dalton v. R&W Marine, Inc.*, 897 F.2d 1359, 1361 (5th Cir. 1990); *see Ruston Gas Turbines, Inc. v.*

*Donaldson Co., Inc.*, 9 F.3d 415, 418 (5th Cir. 1993) (*citing International Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945)).

> Louisiana's long-arm statute provides in pertinent part:
>
> A. A court may exercise personal jurisdiction over a nonresident, who acts directly or by an agent, as to a cause of action arising from any one of the following activities performed by the nonresident.
>
> (1) Transacting any business in this state.
>
> (2) Contracting to supply services or things in this state.
>
> (3) Causing injury or damage by an offense or quasi offense committed through an act or omission in this state.
>
> (4) Causing injury or damage in this state by an offense or quasi offense committed through an act or omission outside of this state if he regularly does or solicits business, or engages in any other persistent course of conduct, or derives revenue from goods used or consumed or services rendered in this state.
>
> (5) having an interest in, using or possessing a real right on immovable property in this state.
>
> * * *
>
> (8) Manufacturing of a product or component thereof which caused damage or injury in this state, if at the time of placing the product into the stream of commerce, the manufacturer could have foreseen, realized, expected, or anticipated that the product may eventually be found in this state by reason of its nature and the manufacturer's marketing practices.
>
> B. In addition to the provisions of Subsection A, a court of this state may exercise personal jurisdiction over a nonresident on any basis consistent with the constitution of this state and of the Constitution of the United States.

La. R.S. § 13:3201. Thus, Louisiana's long-arm statute is effectively coextensive with the Fourteenth Amendment, and the jurisdictional inquiry turns on the constitutional analysis. *See Superior Supp. Co. v. Associated Pipe & Supp. Co.*, 515 So. 2d 790, 792 (La. 1987).

The Fourteenth Amendment's Due Process Clause was enacted to protect a defendant's interest by not being subject to the binding judgments of a forum in which he has no meaningful contacts. *Nuovo Pignone, Spa v. Storman Asia M/V*, 310 F.3d 374, 378 (5th Cir. 2002). A court may constitutionally assert personal jurisdiction over a nonresident defendant only when that defendant has such "minimum contacts with [the forum] such that the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.'" *See International Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945); *accord Dalton*, 897 F.2d at 1361.

The Fifth Circuit has developed a three part test in order to determine whether jurisdiction is appropriate under the Due Process clause. *See Nuovo Pignone*, 310 F.3d at 378. First, the Court analyzes whether the defendant has minimum contacts with the forum state, i.e., whether it purposely directed its activities toward the forum state or purposely availed itself of the privileges of conducting activities there. *Id.* Second, the appropriate inquiry is whether the plaintiff's cause of action arises out of or results from the defendant's forum-related contacts. *Id.* Lastly, the Court must consider whether the exercise of personal jurisdiction is fair and reasonable. *Id.* Under this three-prong approach, this Court lacks personal jurisdiction over MILTON CONSTRUCTION COMPANY

### A. MILTON CONSTRUCTION COMPANY Has Not Purposely Directed Business in Louisiana Nor Conducted Any Activities in Louisiana.

To support an assertion of personal jurisdiction over MILTON CONSTRUCTION COMPANY plaintiff must "identify some act whereby [MILTON CONSTRUCTION COMPANY] 'purposefully avail[ed] itself of the privilege of conducting activities [in Louisiana], thus invoking the benefits and protections of its laws.'" *Luv n' Care, Ltd. v. Insta-Mix, Inc.*, 438

F.3d 465, 469-70 (5th Cir. 2006); *Hanson v. Denckla*, 357 U.S. 235, 253 (1958). The question for the Courts' Analysis is whether the defendant's forum contacts are such that *Luv n' Care, Ltd. v. Insta-Mix, Inc.* would "reasonably anticipate [] being haled into court" in Louisiana. *Luv n' Care*, 438 F.3d at 470; *World Wide Volkswagon*, 444 U.S. at 297.

However, MILTON CONSTRUCTION COMPANY has no contacts with Louisiana, never considered it would be haled into court in Louisiana.

MILTON CONSTRUCTION COMPANY has never installed drywall, contracted or subcontracted with businesses in Louisiana, conducted any business, sought to conduct any business, advertised, or in any way targeted its activities toward Louisiana. MILTON CONSTRUCTION COMPANY has never been licensed or registered to do business in Louisiana, nor has MILTON CONSTRUCTION COMPANY ever had any offices, headquarters or any other facilities, or employees in Louisiana. MILTON CONSTRUCTION COMPANY does not have an agent for service of process in Louisiana. MILTON CONSTRUCTION COMPANY does not have any bank accounts in Louisiana or own any property in Louisiana. MILTON CONSTRUCTION COMPANY has never maintained a telephone line or kept a post office box or otherwise received mail in Louisiana.

Plaintiffs have failed to meet their burden of proof of demonstrating the kind of minimum contacts which support personal jurisdiction against MILTON CONSTRUCTION COMPANY Thus, this motion to dismiss should be granted in favor of MILTON CONSTRUCTION COMPANY

    **B.** **Plaintiffs' Claims Do Not Arise Out of Any Contact Within the State of Louisiana.**

The second prong of the inquiry under *Nuovo Pignone, SpA* is whether the plaintiff's cause of action arises from the defendant's contacts with the forum. *Nuovo Pignone, SpA*, at 378. As previously stated MILTON CONSTRUCTION COMPANY has no contacts with the State of Louisiana. Therefore, plaintiff's claims cannot arise from nonexistent contacts with the Forum State.

### C. Louisiana is Contrary to Traditional Notions of Fair Play and Substantial Justice.

The last prong of the jurisdictional inquiry under *Nuovo Pignone, Spa* is whether the court's exercise of jurisdiction would "offend traditional notions of fair play and substantial justice." *Nuovo Pignone, Spa*, 310 F.3d at 378. Here, plaintiff's assertion of personal jurisdiction over MILTON CONSTRUCTION COMPANY would violate all notions of fair play and substantial justice. Wherefore, this Motion to Dismiss should be granted in favor of MILTON CONSTRUCTION COMPANY.

### II. Courts May Not Assert General Jurisdiction.

Since there is a complete lack of contact between MILTON CONSTRUCTION COMPANY and the State of Louisiana, this Court also lacks general jurisdiction over MILTON CONSTRUCTION COMPANY Where the plaintiff's cause of action does not arise from the defendant's contacts with the forum, due process permits the exercise of jurisdiction only when the defendant has "continuous and systematic contacts" with the forum. *Helicopteros Nacionales*, 466 U.S. at 414. "The continuous and systematic contacts test is a difficult one to meet, requiring extensive contactsbetween a defendant and forum." *Olagues v. Lousharina*, 557 F. Supp. 2d 731, 738 (E.D. La. May 27, 2008). Here, the fact remains that MILTON CONSTRUCTION COMPANY had zero contacts by the State of Louisiana.

## CONCLUSION

WHEREFORE, PREMISES CONSIDERED, MILTON CONSTRUCTION COMPANY, respectfully states that the undisputed facts establish that it did business wholly in the State of Florida and has no contacts with the State of Louisiana. MILTON CONSTRUCTION COMPANY therefore respectfully states that there is no genuine issue of material fact as to the lack of personal jurisdiction, and that it is entitled to be dismissed from this action. For the foregoing reasons, MILTON CONSTRUCTION COMPANY respectfully requests that this Honorable Court grant this Motion to Dismiss.

Respectfully submitted,

FULMER LeROY ALBEE BAUMANN, P.L.C.
Attorneys for Defendant,
MILTON CONSTRUCTION COMPANY
2866 East Oakland Park Boulevard
Fort Lauderdale, FL  33306
(954) 707-4430  phone
(954) 707-4431  fax


BY: /s/ *Gary F. Baumann*
        GARY F. BAUMANN
        Fla. Bar. No.: 089052

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on June 1, 2012, this document has been served on Plaintiffs' Liaison Counsel, Russ Herman and Defendants' Liaison Counsel, Kerry Miller by e-mail and e-mail upon all parties by electronically uploading same to Lexis File & Serve in accordance with Pretrial Order No. 6 and that the foregoing was electronically filed with the Clerk of the Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2047.

BY: /s/ *Gary F. Baumann*
     GARY F. BAUMANN

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: CHINESE-MANUFACTURED DRYWALL PRODUCTS LIABILITY LITIGATION | MDL NO.: 2047<br>SECTION: L<br>JUDGE FALLON<br>MAGISTRATE WILKINSON |
| THIS DOCUMENT RELATES TO: | CASE NO.: 12-0498 |
| RICHARD and CONSTANCE ALMEROTH, individually, and on behalf of all others similarly situated, et al. v. TAISHAN GYPSUM CO., LTD, ET AL._____/ | |

## ORDER

Upon consideration of the Motion to Dismiss filed herein by Defendant, MILTON CONSTRUCTION COMPANY;

IT IS HEREBY ORDERED that the Motion to Dismiss be and the same is hereby GRANTED.  Plaintiffs have failed to establish jurisdiction over this Defendant.

New Orleans, Louisiana, this ____ day of _____, 2012.

_____
Eldon E. Fallon
United States District Court Judge

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF LOUISIANA

IN RE: CHINESE-MANUFACTURED          MDL NO.: 2047
DRYWALL PRODUCTS LIABILITY           SECTION: L
LITIGATION                           JUDGE FALLON
                                     MAGISTRATE WILKINSON

THIS DOCUMENT RELATES TO:            CASE NO.: 12-0498

RICHARD and CONSTANCE ALMEROTH,
individually, and on behalf of all others similarly
situated, et al. v. TAISHAN GYPSUM CO., LTD, ET AL.
_____/

## NOTICE OF SUBMISSION

PLEASE TAKE NOTICE, that Defendant, MILTON CONSTRUCTION COMPANY'S,

Motion to Dismiss will be submitted for consideration on June 20, 2012 at 9:00 a.m.

                                      Respectfully submitted,
                                      FULMER LeROY ALBEE BAUMANN, P.L.C.
                                      Attorneys for Defendant,
                                      MILTON CONSTRUCTION COMPANY
                                      2866 East Oakland Park Boulevard
                                      Fort Lauderdale, FL 33306
                                      (954) 707-4430 phone
                                      (954) 707-4431 fax

                                      BY: /s/ *Gary F. Baumann*
                                            GARY F. BAUMANN
                                            Fla. Bar. No.: 089052

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on June 1, 2012, this document has been served on Plaintiffs' Liaison Counsel, Russ Herman and Defendants' Liaison Counsel, Kerry Miller by e-mail and e-mail upon all parties by electronically uploading same to Lexis File & Serve in accordance with Pretrial Order No. 6 and that the foregoing was electronically filed with the Clerk of the Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2047.

BY: /s/ *Gary F. Baumann*
GARY F. BAUMANN

Your transaction has been successfully submitted to LexisNexis File & Serve. Your transaction information appears below. To print this information for your records, click anywhere on the transaction information, then click the browser Print button.
For a formatted copy of this information, obtain a transaction report.
To perform another transaction, click **Begin a New Transaction.**
To exit File & Serve, click **Return to My File & Serve.**

**TIP:** Receive notifications of new Filing & Service activity that match your search criteria. Click on the Alerts tab.

## LexisNexis File & Serve Transaction Receipt

| | |
|---|---|
| **Transaction ID:** | 44586511 |
| **Submitted by:** | Dee Caleca, Fulmer LeRoy Albee Baumann & Glass |
| **Authorized by:** | Gary Francis Baumann, Fulmer LeRoy Albee Baumann & Glass |
| **Authorize and file on:** | Jun 1 2012 1:26PM CDT |

| | |
|---|---|
| **Court:** | LA US District Court Eastern District E-Service-Chinese Drywall |
| **Division/Courtroom:** | N/A |
| **Case Class:** | Civil-Products Liability-Chinese Drywall |
| **Case Type:** | Chinese Drywall |
| **Case Number:** | 2:12cv00498 |
| **Case Name:** | Almeroth et al vs Taishan Gypsum Co Ltd et al |

| | |
|---|---|
| **Transaction Option:** | Serve Only - Public |
| **Billing Reference:** | Almeroth v. Milton Construction 113919 |
| **Read Status for e-service:** | Not Purchased |

**Documents List**
**4 Document(s)**

**Attached Document, 3 Pages**   Document ID: 48871225                                   PDF Format | Original Format
| **Document Type:** | **Access:** | **Statutory Fee:** | **Linked:** |
|---|---|---|---|
| Motion | Public | $0.00 | |

**Document title:**
Motion to Dismiss

**Attached Document, 8 Pages**   Document ID: 48871249                                   PDF Format | Original Format
Related Document ID: 48871225
| **Document Type:** | **Access:** | **Statutory Fee:** | **Linked:** |
|---|---|---|---|
| Other Pleading | Public | $0.00 | |

**Document title:**
Memorandum in Support of Motion to Dismiss

**Attached Document, 1 Pages**   Document ID: 48871280                                   PDF Format | Original Format
Related Document ID: 48871225
| **Document Type:** | **Access:** | **Statutory Fee:** | **Linked:** |
|---|---|---|---|
| Proposed Order | Public | $0.00 | |

**Document title:**
Proposed Order on Motion to Dismiss

**Attached Document, 2 Pages**   Document ID: 48871297                                   PDF Format | Original Format
Related Document ID: 48871225
| **Document Type:** | **Access:** | **Statutory Fee:** | **Linked:** |
|---|---|---|---|
| Notice | Public | $0.00 | |

**Document title:**
Notice of Submission

Expand All

⊟ **Sending Parties (1)**

| Party | Party Type | Attorney | Firm | Attorney Type |
|---|---|---|---|---|

Milton Construction Co Defendant    Baumann, Gary Francis Fulmer LeRoy Albee Baumann & Glass Attorney in Charge

### ⊞ **Recipients (1240)**

⊞ Service List (1240)

⊟ Additional Recipients (0)

### ⊞ **Case Parties**

[Begin a New Transaction]   [Return to My File & Serve]   [Print]   [Transaction Report]

 **LexisNexis®** | About LexisNexis | Terms & Conditions | Privacy | Customer Support - 1-888-529-7587
Copyright © 2012 LexisNexis®, a division of Reed Elsevier Inc. All rights reserved.

## Motions

2:09-md-02047-EEF-JCW In Re: Chinese-Manufactured Drywall Products Liability Litigation

APPEAL,CLASS_REQUESTED,DRYWALL,MASTER,PROTO,SPMAST

U. S. District Court

Eastern District of Louisiana

### Notice of Electronic Filing

The following transaction was entered by Baumann, Gary on 6/1/2012 at 1:39 PM CDT and filed on 6/1/2012

**Case Name:** In Re: Chinese-Manufactured Drywall Products Liability Litigation
**Case Number:** 2:09-md-02047-EEF-JCW
**Filer:** Defendant
**Document Number:** 14559

**Docket Text:**
MOTION to Dismiss by Defendant. Motion set for 6/20/2012 09:00 AM before Judge Eldon E. Fallon. (Attachments: # (1) Memorandum in Support, # (2) Proposed Order, # (3) Notice of Submission)(Reference: 12-0498)(Baumann, Gary)


**2:09-md-02047-EEF-JCW Notice has been electronically mailed to:**

Judy Y. Barrasso    jbarrasso@barrassousdin.com, amarzullo@barrassousdin.com, mpipes@barrassousdin.com

Kerry J. Miller    kmiller@frilot.com, scavet@frilot.com

Leonard A. Davis    ldavis@hhkc.com, acatalanotto@hhkc.com, bblisard@hhkc.com, jepstein@hhkc.com, lflemming@hhkc.com

Lynn C Greer    lgreer@browngreer.com, adwyre@browngreer.com, kclarke@browngreer.com, tblankenship@browngreer.com

Phillip A. Wittmann    pwittmann@stonepigman.com, btigchelaar@stonepigman.com, cmolony@stonepigman.com, pblackman@stonepigman.com

Robert Murray Johnston    rmj@ahhelaw.com, gwh@ahhelaw.com, jmc@ahhelaw.com

Russ M. Herman    rwestenfeld@hhkc.com

**2:09-md-02047-EEF-JCW Notice has been delivered by other means to:**

The following document(s) are associated with this transaction:

**Document description:** Main Document
**Original filename:** n/a
**Electronic document Stamp:**
[STAMP dcecfStamp_ID=1091133085 [Date=6/1/2012] [FileNumber=5770245-0]
[40a75e2fb67ac60925bc1c7867b26ae1296bc66f2ee0d85435041376452baa7b1870
b9135ca5af34f9befeed90b491c6d2fac8efd3c224546bcff3cf94261d1a]]
**Document description:** Memorandum in Support
**Original filename:** n/a
**Electronic document Stamp:**
[STAMP dcecfStamp_ID=1091133085 [Date=6/1/2012] [FileNumber=5770245-1]
[53e5a7317a7ce2c1ff5b5ac5139117e477bac76b79b3f1c379ae4f650469c874e963
31a9ceb5e84f677e39a6898a7a80bd425508588dfa003b716cf48730debe]]
**Document description:** Proposed Order
**Original filename:** n/a
**Electronic document Stamp:**
[STAMP dcecfStamp_ID=1091133085 [Date=6/1/2012] [FileNumber=5770245-2]
[8e7a0a9ae78547e4d5a9d31792c396a733eb961c98cc8a4229694d3903d8dd61c5a5
bfdb4709c3fffa1458f03cc54dd24f38cebb9010dcc8bf37a7416c430cb4]]
**Document description:** Notice of Submission (Civil Only)
**Original filename:** n/a
**Electronic document Stamp:**
[STAMP dcecfStamp_ID=1091133085 [Date=6/1/2012] [FileNumber=5770245-3]
[a9092dca8c04 8e4d611671d13fb43aecbe51b5b22dd05689a67ef68423ce595169d5
40161c2427fc93276afe21fd962942de579ff5f7e665871b3a40d12b3a81]]