UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In re: CHINESE-MANUFACTURED | * | MDL Docket No. 2047 |
| DRYWALL PRODUCTS | * | |
| LIABILITY LITIGATION | * | SECTION L |
| | * | |
| | * | JUDGE FALLON |
| This document relates to All Cases | * | |
| | * | MAGISTRATE JUDGE WILKINSON |
| | * | |
| | * | |
| | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

**JOINT REPORT NO. 35 OF
PLAINTIFFS' AND DEFENDANTS' LIAISON COUNSEL**

Plaintiffs' Liaison Counsel ("PLC") and Defendants' Liaison Counsel ("DLC")

submit this Joint Report No. 35.  All Pre-Trial Orders are posted on the court's website located at

www.laed.uscourts.gov which has a tab that links directly to "Drywall MDL".  The Court's

website also includes other postings relevant to the litigation.

I.      PRE-TRIAL ORDERS

The Court has issued the following Pre-Trial Orders:

Pre-Trial Order No. 1 entered June 15, 2009 – Initial Case Management

Pre-Trial Order No. 1A entered August 28, 2009 – Counsel must Enter
Appearances for Served Parties or risk Default Judgment

Pre-Trial Order No. 1B entered October 9, 2009 – Amending Pre-Trial Order No.
1 to clarify the preservation of physical evidence during home remediation.

Pre-Trial Order No. 1C entered November 24, 2009 – Lifting the stay on motion
practice, but continuing all motions filed in the MDL without date.  Pursuant to a
November 25, 2009 Order, all motion practice in the *Gross* matter (09-6690) is
stayed.

Pre-Trial Order No. 1D entered January 8, 2010 – Clarifies Pre-Trial Order 1C and lifts the stay with regard to responsive pleadings.

Pre-Trial Order No. 1E entered February 12, 2010 – Regarding stay of responsive pleadings in *Gross.*

Pre-Trial Order No. 1F entered March 9, 2010-Clarifying the deadline dates for responsive pleadings, notices of appearance, profile forms, and alleviating the need to file motions for extensions in all cases.

Pre-Trial Order No. 1G entered May 27, 2010-Further clarifying deadlines for notices of appearances, profile forms, and responsive pleadings in all cases.

Pre-Trial Order No. 1H entered October 22, 2010-Regarding the PSC's Notice of Completion to the Omni Complaints

Pre-Trial Order No. 1I entered January 24, 2012 – Preservation of Physical Evidence

Pre-Trial Order No. 2 entered June 16, 2009 – Notice to Transferor Court

Pre-Trial Order No. 2A entered September 18, 2009 – Means of Tracking Remands in MDL 2047

Pre-Trial Order No. 3 entered July 6, 2009 – Designation of Plaintiffs' Liaison Counsel

Pre-Trial Order No. 4 entered July 6, 2009 – Designation of Defendants' Liaison Counsel

Pre-Trial Order No. 5 entered July 6, 2009 – Contact Information

Pre-Trial Order No. 5A entered July 9, 2009 – Counsel Contact Information Form

Pre-Trial Order No. 6 entered July 21, 2009 – Electronic Service (LexisNexis)

Pre-Trial Order No. 7 entered July 27, 2009 – Appointment Defendants' Steering Committee

Pre-Trial Order No. 7A entered August 4, 2009 – Amending PTO 7 re: Defendants' Steering Committee

Pre-Trial Order No. 7B entered August 27, 2009 – Amending PTO 7 re: list containing Defendants' Steering Committee and lists responsibilities for same

Pre-Trial Order No. 8 entered July 28, 2009 – Appointing Plaintiffs' Steering Committee

Pre-Trial Order No. 8A entered January 11, 2011 – Appointing Plaintiffs' Steering Committee for a one year term, beginning January 11, 2011.

Pre-Trial Order No. 8B entered March 19, 2012 – Appointing Plaintiffs' Steering Committee for a one year term, beginning March 19, 2012.

Pre-Trial Order No. 9 entered July 28, 2009 – Time and Billing Guidelines/Submissions

Pre-Trial Order No. 9A entered March 16, 2012 – Reporting of Common Benefit Time by State Court Counsel.

Pre-Trial Order No. 10 entered August 21, 2009 – All parties to provide PLC or DLC with photographic catalog of markings, brands, endtapes and other identifying markers found in affected homes by August 26, 2009.  PSC and DSC to collect and submit data to the Court and inspection company for TIP a joint catalog of data to assist in training of inspections no later than August 28, 2009.

Pre-Trial Order No. 11 entered August 17, 2009 -  Profile forms to be distributed to appropriate parties and filed and returned on or before September 2, 2009

Pre-Trial Order No. 12 entered August 25, 2009 – Court will prepare final version of Distributor Profile Form.

Pre-Trial Order No. 12A entered August 25, 2009 – Court adopted Distributor Profile Form be distributed to appropriate parties and returned to DLC Kerry Miller on or before 9/8/09, either electronically or by hard copy

Pre-Trial Order No. 13 entered August 27, 2009 – Court institutes and will supervise Threshold Inspection Program (TIP).  Court appoints Crawford & Company to carry out the inspections.

Pre-Trial Order No. 13(A) entered November 24, 2009 – Amending the Threshold Inspection Program (TIP).

Pre-Trial Order No. 14 entered September 24, 2009 - Court approves Exporter, Importer or Broker Profile Form, and provides requirements for issuance and return of the form.

Pre-Trial Order No. 14(A) entered October 13, 2009 – Court approves a revised Exporter, Importer or Broker Defendant Profile Form.

Pre-Trial Order No. 15 entered September 25, 2009 – Counsel must provide privilege log for documents withheld in response to discovery requests.  Also, the

accidental production of privileged information does not constitute a waiver of the privilege.

Pre-Trial Order No. 16 entered September 25, 2009 – Pertains to the disclosure, use and protection of confidential information produced during the course of this MDL.

Pre-Trial Order No. 17 entered November 2, 2009 – Recognizing and Confirming KPT's Agreement to Accept Service of PSC's Omnibus Class Action Complaint.

Pre-Trial Order No. 18 entered November 5, 2009 – Appointing Phillip A. Wittmann to be the Homebuilders and Installers Liaison Counsel.

Pre-Trial Order No. 19 entered March 18, 2010—Appointing a State and Federal Coordination Committee.

Pre-Trial Order No. 20 entered April 6, 2010 – Appointment of Insurer Steering Committee.

Pre-Trial Order No. 21 entered April 6, 2010 – Retailer Profile Form.

Pre-Trial Order No. 22 entered April 27, 2010 – Privileged communications relating to PTO 20.

Pre-Trial Order No. 23 entered April 27, 2010 – Insurer Profile Form.

Pre-Trial Order No. 24 entered April 27, 2010 – Subpoenas/30(b)(6) depositions issued re insurance.

Pre-Trial Order No. 25 entered November 3, 2011 – Setting November 15, 2011 deadline for submission of profile forms.

Pre-Trial Order No. 26 entered March 29, 2012 – Appointing a self-remediated homes committee, creating a self-remediated homes pilot program, and setting April 28, 2012 deadline for submission of documentation for self-remediated homes.

II.      STATE COURT TRIAL SETTINGS

Judge Farina has set the following trials:

1.      *Frank Mackle, et al, v. CDC Builders, Inc., et al,* case no. 09-56362-CA-42, set for three week trial period beginning March 19, 2012 [continued];

2.      *Puckett, Charles A. & Sandra C. v. Grove Hammocks Investments, LLC*, et al., case no. 2010-026825-CA-42, set for three week trial period beginning April 16, 2012 [CONTINUED];

3.   *Dabalsa, Ricardo v. Banner Supply Co.*, et al., case no. 2009-055898-CA-42, set for three week trial period beginning April 16, 2012 [CONTINUED];

4.   *Calvo v. Banner Supply Co., et al.*, case no. 2010-003371-CA-42, set for three week trial period beginning April 16, 2012 [CONTINUED];

5.   *Brad Singer, et al v. Allsteel & Gypsum Products, Inc., et al*, case no. 2011-16019-CA-42, stayed through 8/31/12, set for trial period beginning 1/22/13;

6.   *Camposano v. Knauf Gips, et al.,* case no. 10-45796-CA-42, CONTINUED through 5/18/12, Set for trial period beginning October 1, 2012;

7.   *Pena v. Banner Supply Co, et. al.*, case no. 10-05092, set for trial period beginning April 16, 2012 [CONTINUED];

8.   *Mejia v. Banner Supply Co, et. al.*, case no. 10-64739, set for trial period beginning May 14, 2012 [STRICKEN from trial docket];

9.   *1100 Valencia, LLC  v. Bauhaus, Inc., et. al.*, case no. 10-34242, set for trial period beginning June 11, 2012 [CONTINUED through 9/7/12];

10.   *Gonzalez v. Banner Supply Co., et. al.*, case no. 10-051516, set for trial period beginning July 16, 2012;

11.   *Barragan v. Pride Homes of Lakes by the Bay Parcel H LLC, et. al.*, Case No. 10-3357-CA-42, stayed through 8/31/12, set for trial period beginning 1/22/13;

12.   *Flores v. Pride Homes of Lakes by Bay Parcel H LLC, et. al.*, Case No. 10-003353-CA-42, stayed through 9/7/12, set for trial period beginning 1/22/13;

13.   *Harrell v. South Kendall Construction Corp, et. al.*, Case No. 09-08401-CA-42, set for trial period beginning 10/24/12;

14.   *Helmick v. Pride Homes of Lakes by the Bay Parcel H LLC, et. al.*, Case No. 10-3361-CA-42, stayed through 8/31/12, set for trial period beginning 1/22/13;

15.    *Powell v. Pride Homes of Lakes by the Bay Parcel H LLC, et. al.*, Case No. 10-3349-CA-42, stayed through 8/31/12, set for trial period beginning 1/22/13; and

16.     *Restrepo v. Pride Homes of Lakes by the Bay Parcel H LLC, et. al.*, Case No. 10-3343-CA-42, stayed through 8/31/12, set for trial period beginning 1/22/13.

The case of *James DeBruin II, et al vs. K. Hovnanian II, LLC*, 11-CV-0741, 212nd District Court, Galveston County, was set for trial on March 5, 2012, before Judge Susan Criss, but has been continued.

Trial Set before Judge Baumann, Hillsborough County, FL:

1.  *Taylor Morrison Services Inc., f/k/a Morrison Homes, Inc., et al. v. Osprey-Gulf Shore Building Materials, Inc.*, Case No. 11-CA-002992, set for trial period beginning January 2013.

The parties will be prepared to discuss the foregoing at the monthly status conference on July 26, 2012.

## III.    INSURANCE ISSUES

On March 3, 2011 the Court issued a scheduling Order allowing for hearing certain CGL insurance motions [Rec. Doc. 7793]. The PSC and the Insurer Steering Committee have had numerous meet and confers since the issuance of the scheduling order and the parties will be prepared to discuss this at the monthly status conference on July 26, 2012.

## IV.    HOME BUILDERS FEES AND COSTS

On March 9, 2011, the Court entered a Fee Order [Rec. Doc. 8006] requiring all home builders to share responsibility for the fees and expenses of their liaison counsel appointed pursuant to Pre-Trial Order 7B. This Order also applies to newly added home builders. The Court directed the parties to contact Dorothy Wimberly, dwimberly@stonepigman.com, with any questions about the Fee Order. Additionally, the Court clarified that these payments constituted costs of defense. [Rec. Doc. 8331, p. 31]. Thereafter, the Court further clarified the Fee Order to confirm that compliance by any builder does not constitute a waiver of any pending defenses and objections, including objections to the jurisdiction of the Court [Rec. Doc. 8401]. On

August 22, 2011, the Court entered a Supplemental Fee Order [Rec. Doc. 10147] requiring all homebuilders who have not yet complied with the March 9 Fee Order to deposit their respective contributions to the fees and expenses of Homebuilders' Liaison Counsel on or before August 31, 2011.  All homebuilders are reminded of the payments due pursuant to the Fee Order and the Supplemental Fee Order, which apply to all home builders in this MDL, including newly added builders, who should promptly comply.  On May 17, 2012, the Court directed the Homebuilders' Steering Committee to submit a final, updated list of all non-compliant homebuilders.  The Court advised that it will also issue appropriate contempt and/or sanctions orders against the non-compliant homebuilders, and it will bar the homebuilders from dismissal until they comply with their payment obligations to the HSC.

V.      STATE/FEDERAL COORDINATION

On March 18, 2010, the Court entered Pre-Trial Order No. 19 appointing State and Federal Coordination Committees.  The parties will be prepared to discuss State/Federal coordination at the monthly status conference on July 26, 2012.

VI.     OMNIBUS CLASS ACTION COMPLAINTS

The following is a list of filed Omni Complaints and Complaints in intervention:

Omni I:  *Sean and Beth Payton, et al v. Knauf Gips KG, et al,* Case No. 2:09-cv-07628 (E.D.La.).  Omni IA, IB and IC have been filed;

Omni II: *Kenneth and Barbara Wiltz, et al. v. Beijing New Building Materials Public Limited Co., et al.*, Civil Action No.10-361(E.D.La.).  Omni IIA, IIB and IIC have been filed;

Omni III: *Gross, et al. v. Knauf Gips, K.G., et al.*, Case No. 09-6690 (E.D.La.), the PSC filed a Motion in Intervention (attaching a proposed Complaint in Intervention, *Mary Anne Benes, et al. v. Knauf Gips, K.G., et al.,* (E.D.La.) (Omni III).  Omni IIIA has been filed;

Omni IV: *Joyce W. Rogers, et al. v. Knauf Gips, K.G., et al.*, Case No. 10-362 (E.D.La.)  (Omni IV).  Omni IVA, IVB and IVC have been filed;

Omni V:     *Amato v. Liberty Mutual Ins. Co., et al*., Case No. 10-932;

Omni VI:  *Charlene and Tatum Hernandez v. AAA Insurance*, Case No. 10-3070. This Omni VI Complaint has been dismissed;

Omni VII: *Kenneth Abel v. Taishan Gypsum Co., Ltd., et al*, No. 11-080 ;

Omni VIII: *Daniel Abreu v. Gerbrueder Knauf, et al*, No. 11-252 ; and

Omni IX:   *Laura Haya, et al, v. Taishan Gypsum Co., Ltd., et al*, No. 11-107.

Omni X:   *Block v. Gebrueder Knauf Verwaltungsgesellschaft KG, et al*, No. 11-1363.

Omni XI:  *Benoit, et al v. Lafarge, S.A., et al*, No. 11-1893.

Omni XII:  *Arndt, et al v. Gebrueder Knauf Verwaltungsgesellschaft, KG, et al*, No. 11-2349.

Omni XIII:     *Richard and Constance Almeroth, et al, v. Taishan Gypsum Co., Ltd., et al*, No. 12-0498.

Omni XIV:  *Jessica Cassidy, et al v. Gebrueder Knauf Verwaltungsgesellschaft, KG, et al*, No. 11-3023.

On April 5, 2012, the PSC filed a Rule 6(b) Motion for Extension of Time for Service of Process Under Rule 4(m) [Rec. Doc. 13567].

## VII.   PLAINTIFFS' MOTIONS TO ESTABLISH A PLAINTIFFS' LITIGATION FEE AND EXPENSE FUND

On March 22, 2011, the PSC filed a Motion to Establish a Court Supervised Account for Voluntary Deposit of Funds to Compensate and Reimburse Common Benefit Counsel [Rec. Doc. 8308].   The PSC filed the motion because many of the settling parties have approached the PSC about the prospect of setting aside a portion of the settlement proceeds to preserve a *res* to compensate and reimburse common benefit counsel.  On April 13, 2011, the Court entered an Order directing that any party may voluntarily deposit seventeen percent (17%) of settlement proceeds for comment benefit fees (12%) and costs (5%) into the registry of the

Court [Rec. Doc. 8545.]   A number of voluntary deposits have been made to the Clerk of Court pursuant to the motion.

VIII.   <u>PILOT PROGRAM</u>

On October 14, 2010, Knauf and the PSC announced the creation of a 300 home remediation pilot program.  The Settlement Agreement for the pilot program can be found on the Court's website at www.laed.uscourts.gov. The agreed contractor, Moss & Associates, has begun estimating the cost of remediation for a number of homes, and continues to do so as Homeowner Affirmations are received from pilot program claimants.   Remediation is complete on 297 homes, work has begun on 298 homes, and 272 more remediations are set to begin soon.

The parties will be prepared to discuss this further at the monthly status conference on July 26, 2012.

IX.   TERM SHEET AGREEMENT BETWEEN PSC AND THE KNAUF <u>ENTITIES REGARDING SETTLEMENTS WITH HOMEBUILDERS</u>

On September 1, 2011, a Joint Motion for Approval of Term Sheet Agreement with the Knauf Entities Regarding Their Settlement With Homebuilders was filed [Rec. Doc. 10227-3].  On November 16, 2011, the Court approved the Term Sheet Agreement [Rec. Doc. 11279].  Counsel for the Knauf Entities, the PSC, and certain homebuilders are in the process of implementing the Term Sheet Agreement.

X.   <u>KNAUF DEFENDANTS</u>

On July 16, 2010 [Rec. Doc. 4440], the Court issued a Scheduling Order for Jurisdictional Discovery.  The following depositions of Knauf representatives have been taken:

1.  August 18 and 19, 2010 – 30(b)(6) Deposition of Knauf Gips, Deponent:  Martin Stuermer;

2.  September 20 and 21, 2010 – 30(b)(6) Deposition of Knauf Gips, Deponent:  Oliver Froehlich;

9

3. October 15, 2010 – 30(b)(6) Deposition of Knauf Gips, Deponent:  Martin Stuermer;

4. October 19 and 20, 2010 - 30(b)(6) deposition of Knauf Gips, Deponent:  Hans Hummel;

5. September 27, 2010 – 30(b)(6) deposition of Knauf Insulation GMBH, Deponent: Jeff Brisley;

6. September 28, 2010 – 30(b)(6) deposition of Knauf Insulation GMBH, Deponent: Robert Claxton;

7. November 11 and 12, 2010 – Deponent:  Mark Norris;

8. November 17, 2010 – Deponent:  Tony Robson;

9. December 7 and 8, 2010 – Deponent:  Isabel Knauf;

10. December 15, 2010 – Deponent:  Manfred Grundke;

11. June 8 and 9, 2011 (New York) – Deponent:  Martin Halbach; and

12. June 29, 2011 – Continuation of 30(b)(6) deposition of Knauf Gips, Deponent:  Hans Hummel.

13. July 21 and 22, 2011 (Germany) – Deponent:  Baldwin Knauf;

14. July 25 and 26, 2011 (Germany) – Deponent:  Hans Peter Ingenillem;

15. July 27, 2011 (Germany) - Deponent: Martin Halbach (continuation of his prior deposition);

16. August 11 and 12, 2011 (Hong Kong) – Deponent:  Ann Zhong;

17. August 10, 2011 (Hong Kong) – Deponent:  Zhang Fudong;

18. August 10, 2011(Hong Kong) – Deponent:  Mark Norris (continuation of his prior deposition);

19. September 12, 2011 (London) – Deponent:  Ann Zhong (continuation of her prior deposition); and

20. September 13 and 14, 2011 (London) – Deponent:  David Gregory.

On December 20, 2011, a Joint Motion of Proposed Settlement Class Counsel, the PSC, and the Knauf Defendants for an Order:   (1) Preliminarily Approving the Knauf

Settlement; (2) Conditionally Certifying a Settlement Class; (3) Issuing Class Notice; (4) Scheduling a Fairness Hearing; and (5) Staying Claims Against the Knauf Defendants was filed [Rec. Doc. 12061-3]. On January 10, 2012, the Court entered an Order Preliminarily Approving Knauf Settlement, Conditionally Certifying a Knauf Settlement Class, Issuing Class Notice, Scheduling a Settlement Fairness Hearing, and Staying Claims as to the Knauf Defendants [Rec. Doc. 12138]. On March 13, 2012, the joint parties filed a Motion to Substitute Exhibit A (Signed Knauf Settlement Agreement with attached Knauf Powers of Attorney) [Rec. Doc. 12918]. On March 14, 2012, the Court entered an Order [Rec. Doc. 12936] granting the substitution of Exhibit A (Signed Knauf Settlement Agreement with attached Knauf Powers of Attorney). On March 2, 2012, the Court entered an Order Staying Claims Involving KPT Chinese Drywall [Rec. Doc. 12770].

On June 4, 2012, the Court entered an Order resetting the opt out and objection dates to September 28, 2012, and scheduled a Joint Fairness Hearing on November 13, 2012 [Rec Doc. 14566].

On December 28, 2011, the Plaintiffs' Steering Committee filed a Motion to Establish a Shared Costs Fund [Rec. Doc. 12086] in compliance with the Knauf Settlement. On December 29, 2011, the Court entered an Order [Rec. Doc. 12102] authorizing Russ M. Herman, Plaintiffs' Liaison Counsel, and Arnold Levin, Plaintiff's Lead Counsel, to establish a Shared Costs Fund with Esquire Bank. The Shared Costs Fund has been established. On July 3, 2012, the PSC filed a Second Motion for Disbursement of Funds From the MDL 2047 PSC Shared Costs Fund (For Expenses) [Rec. Doc. 15209]. On July 9, 2012, the Court entered an Order granting the motion [Rec. Doc. 15231].

Judge Farina, presiding judge in the Circuit Court of the Eleventh Judicial Court in and for Miami-Dade County, Florida, has conducted a number of status conferences to address the Knauf Settlement.

On June 8, 2012, various plaintiffs filed a Motion for Expedited Resolution Efforts by Knauf for Homeowners Who Remediated Knauf Homes [Rec. Doc. 14571] and additional plaintiffs have joined in the motion. The matter has not been set by the Court.

On July 6, 2012, Knauf submitted a Notice of State Secret Log Submitted in Connection with Production of Documents to Plaintiffs' Steering Committee and produced documents.

The parties will be prepared to discuss this further at the monthly status conference on July 26, 2012.

XI.    TAISHAN DEFENDANTS

The PSC and others noticed the 30(b)(6) depositions of Taian Taishan Plasterboard Co., Ltd. and Taishan Gypsum Co., Ltd. (collectively "Taishan" or the "Taishan Defendants"), which were conducted in Hong Kong between April 4, 2011 and April 8, 2011 [Rec. Doc. 7549 and 7550]. Taishan made four document productions and produced four additional pages of documents immediately prior to the commencement of the 30(b)(6) depositions on April 4, 2011. On July 29, 2011, Taishan produced a fifth set of documents, on August 5, 2011  made a sixth production of documents, and on November 3, 2011 made an additional production of documents in an attempt to further comply with this Court's September 9, 2011 Order & Reasons. Taishan has also produced confidentiality and privilege logs.

On December 9, 2011, the Court entered an additional Order [Rec. Doc. 11664] regarding its attendance at the depositions in Hong Kong  and the costs of the Court's travel and accommodations in Hong Kong. On December 21, 2011, the Court entered an Order [Rec. Doc.

12094] outlining the splitting of travel costs to the Hong Kong depositions.  The PSC is in the process of assembling the costs.

On January 5, 2012, the Court entered an Order Regarding Authenticity and Admissibility of Certain Documents Identified by Parties for Use at Depositions in Hong Kong the Week of January 9, 2012 [Rec. Doc. 12126], and an Order Regarding Use of Depositions in MDL and State Court Proceedings [Rec. Doc. 12127].

During the week of January 9, 2012 the parties participated in depositions of Taishan employees in Hong Kong, which were presided over by the Honorable Eldon E. Fallon. The following 30(b)(6) witnesses depositions were taken:

a. Peng Wenlong (Frank Clem)
b. Jia Tongchun
c. Che Gang (Bill Cher)

Additionally, the following individual witnesses depositions were taken:

a. Peng Shi Liang
b. Fu Tinghuan

On June 29, 2012 a hearing took place on Defendant Taishan Gypsum Co., Ltd.'s Renewed Motion to Vacate the Default Judgment and Dismiss the Complaint [Rec. Doc. 13490] relating to *Germano, et al vs. Taishan Gypsum Co., Ltd., et al* (EDLA No. 09-6687), Renewed Motion Pursuant to Rules 55(C) and 12(B)(2) to Vacate Entry of Default and Dismiss This Action [Rec. Doc. 13566] relating to *The Mitchell Co., Inc. vs. Knauf Gips KG, et al* (EDLA No. 09-4115), and Motion Pursuant to Rule 12(B)(2) to Dismiss the Complaint relating to *Gross vs. Knauf Gips KG, et al* (EDLA No. 09-6690) [Rec. Doc. 13590] and *Wiltz vs. Beijing New Building Materials Public, Ltd. Co., et al* (EDLA No. 10-361) [Rec. Doc. 13591].   The matters are under advisement by the Court and the parties await a ruling.  Certain state court judges also

participated in the hearing and conducted additional hearings regarding state court jurisdiction motions on June 29, 2012.

The PSC has recently filed three complaints, (1) *Eduardo and Carmen Amorin, et al v. Taishan Gypsum Co., Ltd., f/k/a Shandong Taihe Dongxin Co., Ltd., et al,* No. 2:11-cv-377, United States District Court, Eastern District of Virginia; (2) *Eduardo and Carmen Amorin, et al v. Taishan Gypsum Co., Ltd., f/k/a Shandong Taihe Dongxin Co., Ltd., et al,* No. 1:11-cv-22408-MGC, United States District Court, Southern District of Florida; and (3) *Eduardo and Carmen Amorin, et al v. Taishan Gypsum Co., Ltd., f/k/a Shandong Taihe Dongxin Co., Ltd., et al,* No. 2:11-cv-1395, United States District Court, Eastern District of Louisiana, against Taishan and allegedly related companies that the PSC claims reinforces the purposeful availment of these companies to federal jurisdiction by marketing their products to the United States.  These cases will be served pursuant to the Hague Convention in due course.  The *Amorin* complaints filed in Florida and Virginia were transferred to the MDL on July 19, 2011.

XII.   INTERIOR EXTERIOR DEFENDANT

On April 26, 2011, a Joint Motion for an Order:  (1) Preliminarily Approving INEX Settlement Agreement; (2) Conditionally Certifying INEX Settlement Class; (3) Issuing Class Notice; and (4) Scheduling a Settlement Fairness Hearing [Rec. Doc. 8628] was filed with the Court.  On May 13, 2011, the Court issued a Preliminary Approval Order [Rec. Doc. 8818] relating to a Class Action Settlement Agreement, which involved the tendering of all of INEX's primary insurance funds, setting deadlines for notice and a fairness hearing to take place on October 27, 2011, and staying certain actions pending the settlement proceeding.  On August 24, 2011, the Court entered an Order Adjourning the Formal Fairness Hearing and Extending the Opt-Out/Objection Period [Rec. Doc. 10185].  On November 18, 2011, the Court entered another Order Adjourning the Formal Fairness Hearing and Extending the Opt-Out/Objection Period

[Rec. Doc. 11299].    On December 16, 2011, the Court entered another Order Adjourning the Formal Fairness Hearing and Extending the Opt-Out/Objection Period [Rec. Doc. 11911].  On February 10, 2012, the Court entered another Order Adjourning the Formal Fairness Hearing and Extending the Opt-Out/Objection Period to April 11, 2012 [Rec. Doc. 12478].  On April 5, 2012, the Court entered an Order extending the deadline for the Allocation Committee to submit their written recommendation to May 3, 2012 [Rec. Doc.13569].     On June 4, 2012, the Court entered an Order resetting the opt out and objection dates to September 28, 2012, and scheduled a Joint Fairness Hearing on November 13, 2012 [Rec Doc. 14566].

        On February 8, 2012, the PSC filed a motion to lift the Court's stay to proceed against INEX's excess insurer, North River [Rec. Doc. 12459].    On March 19, 2012, the Court entered an Order granting the PSC's motion to lift the stay and authorizing it to proceed against The North River Insurance Company.  On March 19, 2012, the Plaintiffs' Steering Committee propounded a First Set of Requests for Production on Defendant, The North River Insurance.  On April 18, 2012, North River propounded its responses to the PSC's first set of discovery requests.  The deposition of the North River 30(b)(6) corporate designee took place on May 15, 2012.  Also,  on May 31, 2012, a mediation of the claims against North River Insurance Company was held but no resolution was reached.  Thereafter, on May 31, 2012, the Court issued a Minute Entry [Rec. Doc. 14558] scheduling a second 30(b)(6) deposition of North River's corporate representative on June 12, 2012 at 9:00 am, and a trial beginning on November 26, 2012 at 8:30 am.  On June 8, 2012, North River Insurance Company filed a Motion to (A) Lift the Stay As to Certain Parties, (B) Consolidate Certain Claims, and (C) Realign Parties [Rec. Doc. 14577], along with a Request for Oral Argument [Rec. Doc. 14578].  On June 12, 2012, the PSC filed a Response to the Motion of the North River Insurance Company to (A) Lift the Stay as to Certain Parties, (B) Consolidate Certain Claims and (C) Realign Parties [Rec. Doc. 14604].  On June 13,

2012, the Knauf Defendants filed an Opposition to the Motion of the North River Insurance Company to (A) Lift the Stay as to Certain Parties, (B) Consolidate Certain Claims, and (C) Realign Parties [Rec. Doc. 14615].   On June 27, 2012, Knauf Defendants' Supplemental opposition to the Motion of the North River Insurance Company to (A) Lift the Stay as to Certain Parties, (B) Consolidate Certain Claims, and (C) Realign Parties was filed [Rec. Doc. 15113].  On June 28, 2012, Liberty Mutual filed an Opposition to North River's Motion to Lift Stay [Rec. Doc. 15206].  On July 23, 2012, Arch Insurance Company filed an Opposition to North River's Motion to Lift Stay [Rec. Doc. 15456].  The matter is set for hearing following the status conference on July 26, 2012.

On June 12, 2012, various plaintiffs filed a Motion to Intervene [Rec. Doc. 14603] in the *Amato, et al v. Liberty Mutual Insurance Company, et al*, Civil Action No. 10-932, matter.

On June 13, 2012, Plaintiff-Intervenors' filed a Motion in Limine that the principle of solidary liability applies to the fault in redhibition of Interior Exterior Building Supply, LP (INEX) as seller and Knauf/KPT as manufacturer-seller [Rec. Doc. 14665].  On July 23, 2012, Interior Exterior filed its Opposition to the Motion in Limine [Rec. Doc. 15457] and North River Insurance Company filed its Opposition to the Motion in Limine [Rec. Doc. 15471]. The matter is set for hearing following the status conference on July 26, 2012.

On June 28, 2012, the PSC propounded a Fourth Request for Production of Documents and Things, and Requests for Admissions on Interior/Exterior Building Supply, LP. On June 28, 2012, the PSC served its Answers and Objections to First Request for Production to Plaintiffs and Plaintiffs' Steering Committee, First Set of Interrogatories to Plaintiffs and Plaintiffs' Steering Committee, and First Set of Requests for Admissions to Plaintiffs and Plaintiffs' Steering Committee By North River Insurance Company.  On June 28, 2012, the PSC

16

propounded a Second Set of Requests for Production of Documents and Requests for Admissions on North River Insurance Company.  Responses have not yet been provided and the parties will be prepared to discuss this further at the status conference on July 26, 2012.

Several status conferences have been held with the Court to discuss a discovery and pre-trial plan for the trial.  The next status conference is scheduled with the Court on August 1, 2012 at 3:30 p.m. [Rec. Doc. 15386].

The parties will be prepared to discuss this further at the monthly status conference on July 26, 2012.

XIII.   BANNER DEFENDANTS

The deposition of a 30(b)(6) witness for Banner took place on May  25, 2011. The deposition was limited to the facts of the Florida state court case in which it was originally noticed.  The parties will be prepared to discuss this further at the monthly status conference on January 26, 2012.

On June 14, 2011, a Joint Motion for an Order:  (1) Preliminarily Approving Stipulation and Agreement of Settlement; (2) Conditionally Certifying Class; (3) Issuing Class Notice; and (4) Scheduling a Fairness Hearing [Rec. Doc. 9470] was filed with the Court.  The Court issued a Minute Entry on June 14, 2011 setting the Joint Motion [Rec. Doc. 9470-3] for hearing following the monthly status conference on August 24, 2011.  On June 15, 2011, the Court issued an Order Staying Claims as to Banner and Its Insurers [Rec. Doc. 9527].   On August 8, 2011, a Joint Motion to Substitute Amended Exhibit A (Stipulation and Agreement of Settlement) [Rec. Doc. 9470-5]; Exhibit B (Order Preliminarily Approving Stipulation and Agreement of Settlement, Conditionally Certifying Class, Issuing Class Notice and Scheduling Fairness Hearing) [Rec. Doc. 9470-11]; Exhibit C (Notice of Pendency and Proposed Settlement of Banner Class Action) [Rec. Doc. 9470-12]; and Exhibit D (Summary Notice of Banner Class

Action Settlement) [Rec. Doc. 9470-13] was filed with the Court [Rec. Doc. 10033].  On August 10, 2011, the Court issued an Order substituting the amended exhibits [Rec. Doc. 10059].  On August 11, 2011, the Court entered an Order preliminarily approving the Banner settlement, and set a fairness hearing on February 3, 2012 [Rec. Doc. 10064].  On November 18, 2011, the Court entered another Order Adjourning the Formal Fairness Hearing and Extending the Opt-Out/Objection Period [Rec. Doc. 11298].    On December 16, 2011, the Court entered another Order Adjourning the Formal Fairness Hearing and Extending the Opt-Out/Objection Period [Rec. Doc. 11910].    On March 12, 2012, the Allocation Committee filed a Proposed Allocation Plan – Banner MDL Settlement [Rec. Doc. 12912].

## XIV.   VENTURE SUPPLY & PORTER BLAINE DEFENDANTS

On July 14, 2011, the Court held a hearing on the PSC's Motion to Lift Stay and for approval of proposed Scheduling Order for Plaintiffs' Motion for Class Certification of Plaintiffs' Claims for Damages against Venture Supply [Rec. Doc. 9549].  On July 19, 2011, the Court granted the Motion only insofar as it pertains to the cases filed in other district courts which were consolidated with the MDL litigation, namely, *Germano v. Taishan Gypsum Co., Ltd.,* Case No. 09-6687 and *Hinkley v. Taishan Gypsum Co., Ltd.*, Case No. 09-6686 and the Court recognized that the ruling may require amendment of the present Motion for Class Certification against Venture. [Rec. Doc. 9863].  Additionally, on July 14, 2011, the Court held a hearing on defendant Venture Supply Inc.'s Motion to Lift Stay on its Motion to Dismiss for Lack of Personal Jurisdiction [Rec. Doc. 9653] and on July 19, 2011, issued an Order granting the Motion so as to allow Venture to pursue its personal jurisdiction challenges in the cases directly filed in the MDL court, namely, *Wiltz v. Beijing New Building Materials Public Limited Co.*, Case No. 10-361; *Gross v. Knauf Gips, KG*, Case No. 09-6690; and *Abel v. Taishan Gypsum Co., Ltd.,* Case No. 11-80.  The parties have agreed to continue the hearing on  these motions

until after the Court addresses the jurisdictional motions filed by Taishan.  With respect to both motions, the Court indicated its intent that discovery, briefing and hearings proceed concurrently and as soon as practicable and therefore, ordered the parties to meet and confer.  The parties have met and conferred and continue to discuss a proposed Scheduling Order.

XV.   L&W DEFENDANT

On March 27, 2012, a Joint Motion for Leave of Court to Exceed Page Limit and to File Exhibits Under Seal relating to Joint Motion for an Order:  (1) Preliminarily Approving the L&W Class Settlement; (2) Conditionally Certifying an L&W Class Settlement; (3) Issuing Class Notice; and (4) Scheduling a Joint Fairness Hearing; and Staying Claims Against L&W, USG and the Knauf Defendants [Rec. Doc. 13307] was filed with the Court.  On March 28, 2012, the Court issued an Order granting leave [Rec. Doc. 13374].  The Joint Motion for an Order (1) Preliminarily Approving the L&W Class Settlement; (2) Conditionally Certifying an L&W Class Settlement; (3) Issuing Class Notice; and (4) Scheduling a Joint Fairness Hearing; and Staying Claims Against L&W, USG and the Knauf Defendants [Rec. Doc. 13375] was filed with the Court.  On April 25, 2012, a Joint Motion for Leave to File Substituted Exhibit A, a completely signed Settlement Agreement, was filed [Rec. Doc. 13913].  The Joint Motion was heard by the Court on April 26, 2012 and the Court entered a Minute Entry dated April 26, 2012 granting the motion [Rec. Doc. 14033].  On June 4, 2012, the Court entered an Order resetting the opt out and objection dates to September 28, 2012, and scheduled a Joint Fairness Hearing on November 13, 2012 [Rec Doc. 14566].   On June 8, 2012, the Court entered an Order Preliminarily Approving the L&W Settlement Class, and Approving and Issuing a Notice [Rec. Doc. 14583].

## XVI.  PLAINTIFF AND DEFENDANT PROFILE FORMS

On November 3, 2011, the Court entered Pre-Trial Order No. 25 [Rec. Doc. 11151] setting a deadline of November 15, 2011 for the completion and submission of profile forms.  On February 6, 2012, the PSC filed a Motion to Compel or Alternatively For Sanctions in Accordance With PreTrial Order No. 25 for Certain Defendants to Produce Completed Profile Forms [Rec. Doc. 12435].  On February 22, 2012, the PSC filed a First Notice of Errata to the Motion to Compel or Alternatively For Sanctions in Accordance with PreTrial Order No. 25 for Certain Defendants to Produce Completed Profile Forms [Rec. Doc. 12548].

## XVII.  RCR HOLDINGS II, LLC (*Hobbie et al v. RCR Holdings 10-1113*)

On May 14, 2012, a Joint Motion of Plaintiffs and Defendant, RCR Holdings II, LLC for an Order:   (1) Preliminarily Approving the RCR Settlement; (2) Conditionally Certifying a Settlement Class; (3) Approving the Form of Notice and Authorizing the Dissemination of the Notice; (4) Scheduling a Fairness Hearing; and (5) Staying the Litigation Against RCR was filed [Rec. Doc. 14341].   On June 18, 2012, the Court issued an Order Preliminarily Approving RCR Settlement, Conditionally Certifying a Settlement Class, Approving the Form of Notice and Authorizing the Dissemination of the Notice, Scheduling a Fairness Hearing, and Staying the Litigation Against RCR [Rec. Doc. 14842].  Objections to the settlement must be postmarked by September 4, 2012, and the Fairness Hearing is set for October 31, 2012 at 9:00 a.m. (central).

## XVIII.  FREQUENTLY ASKED QUESTIONS

The "MDL FAQs" may be found at www.laed.uscourts.gov/Drywall/FAQ.htm. Liaison counsel reminds the parties to review the FAQs before contacting Liaison Counsel.  The parties will be prepared to discuss this issue at the monthly status conference on July 26, 2012.

XIX.   MATTERS SET FOR HEARING FOLLOWING THE CURRENT
        STATUS CONFERENCE

1.   North River Insurance Co.'s Motion to Lift the Stay as to Certain Parties,
     Consolidate Certain Claims, and Realign Parties (R. Doc. 14577); and

2.   Plaintiff-Intervenor's Motion in Limine (R. Doc. 14665).

XX.   *PRO SE* CLAIMANTS

On November 8, 2011, the Court issued an Order [Rec. Doc. 11327] appointing

Robert M. Johnston of Johnston, Hoefer, Holwadel & Eldridge, 400 Poydras Street, Suite 2450,

New Orleans, Louisiana 70130, as a *pro se* curator to assist the growing number of *pro se*

claimants in the MDL litigation who are seeking information and/or representation.

XXI.   SETTLEMENT AGREEMENT IN MDL 2047 REGARDING CLAIMS
        INVOLVING   BUILDERS,   INSTALLERS,   SUPPLIERS,   AND
        PARTICIPATING INSURERS

On May 22, 2012, a Motion for an Order:  (1) Preliminarily Approving the

Settlement Agreement in MDL 2047 Regarding Claims Involving Builders, Installers, Suppliers

and Participating Insurers; (2) Conditionally Certifying a Settlement Class; (3) Approving the

Form Notice to Class Members; (4) Scheduling a Joint Fairness Hearing; and (5) Staying Claims

Against Builders, Installers, Suppliers, and Participating Insurers was filed [Rec. Doc. 14404].

On May 25, 2012, the PSC filed a Motion for Leave to Supplement the Motion for an Order:  (1)

Preliminarily Approving the Settlement Agreement in MDL 2047 Regarding Claims Involving

Builders, Installers, Suppliers and Participating Insurers; (2) Conditionally Certifying a

Settlement Class; (3) Approving the Form Notice to Class Members; (4) Scheduling a Joint

Fairness Hearing; and (5) Staying Claims Against Builders, Installers, Suppliers, and

Participating Insurers [Rec. Doc. 14487] which motion for leave was granted and the

Supplement was filed under Rec. Doc. 14495.  On May 31, 2012, the Court preliminarily

approved the Settlement Agreement in MDL 2047 Regarding Claims Involving Builders, Installers, Suppliers and Participating Insurers [Rec. Doc. 14556] and set the opt out and object deadlines on September 28, 2012, and set the final fairness hearing on November 13, 2012 at 9:00 am. [Rec. Doc. 14562].

## XXII.   PHYSICAL EVIDENCE PRESERVATION ORDER

On October 9, 2009, the Court issued Pre-Trial Order 1(B) relating to the preservation of physical evidence from properties that may be repaired during the course of these MDL proceedings.   The PSC, HSC and Knauf have agreed on a revised evidence preservation order, proposed Pre-Trial Order No. 1(I), that reduces the amount of physical evidence required to be preserved from a repaired home.   The proposed order was submitted to the Court on January 24, 2012.   Pre-Trial Order 1I was entered by the Court on January 24, 2012 [Rec. Doc. 12257].   The parties will be prepared to address this matter at the status conference on July 26, 2012.

## XXIII. ENTRY OF PRELIMINARY DEFAULT

Pursuant to Minute Entry dated February 23, 2012 [Rec Doc. 12687], the Plaintiffs' Omnibus Motion for Preliminary Default Judgment [Rec. Doc. 11234] and errata thereto [Rec. Doc. 11773, 12265, 12551] was granted.   On February 24, 2012, the Court signed an Entry of Preliminary Default [Rec. Doc. 12599] of defendants listed on Exhibit A attached to the Entry of Preliminary Default.

On July 18, 2012, Plaintiffs filed a Second Omnibus Motion for Preliminary Default Judgment [Rec. Doc. 15412].   The parties will be prepared to discuss this further at the monthly status conference on July 26, 2012.

XXIV.  <u>ALREADY REMEDIATED HOMES</u>

The Already Remediated Homes Committee has met on several occasions to review submissions posted by counsel and will be prepared to discuss this further at monthly status conference on July 26, 2012.

XXV.  <u>NEXT STATUS CONFERENCE</u>

The Court has scheduled the next monthly status conference on August 30, 2012 at 9:00 am CT.

Respectfully submitted,

| | |
|---|---|
| */s/ Russ M. Herman*_____ | */s/ Kyle A. Spaulding*_____ |
| Russ M. Herman (Bar No. 6819) | Kerry Miller (Bar No. 24562) |
| Leonard A. Davis (Bar No. 14190) | Kyle Spaulding (Bar No. 29000) |
| **Herman, Herman & Katz, LLP** | **Frilot L.L.C.** |
| 820 O'Keefe Avenue | 1100 Poydras Street |
| New Orleans, LA  70113 | Suite 3700 |
| PH:  (504) 581-4892 | New Orleans, LA  70613-3600 |
| FAX:  (504) 561-6024 | PH:     (504) 599-8000 |
| | FAX:   (504) 599-8100 |
| **Plaintiffs' Liaison Counsel** | **Defendants' Liaison Counsel** |

<u>**CERTIFICATE**</u>

I hereby certify that the above and foregoing Joint Status Report No. 35 of Plaintiffs' and Defendants' Liaison Counsel has been served upon all parties by electronically uploading the same to LexisNexis File & Serve Advanced in accordance with Pre-Trial Order No. 6, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF system which will send a Notice of Electronic Filing in accordance with the procedures established in MDL 2047, on this 24th day of July, 2012.

/s/  Leonard A. Davis