UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: CHINESE-MANUFACTURED DRYWALL PRODUCTS LIABILITY LITIGATION | MDL No. 2047<br><br>SECTION L<br><br>JUDGE FALLON |
| THIS DOCUMENT RELATES TO:<br><br>Hobbie, et al. v. RCR Holdings II, LLC, et al.<br>No. 10-1113 | MAG. JUDGE WILKINSON |

_____/

**COASTAL CONSTRUCTION OF SOUTH FLORIDA, INC.'S MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFF'S JOINT MOTION FOR ENTRY OF CASE MANAGEMENT ORDER**

COASTAL CONSTRUCTION OF SOUTH FLORIDA, INC. (Coastal), by and through undersigned counsel, hereby files its Memorandum of Law in support of its Response in Opposition to Plaintiff's Motion for Entry of Case Management Order [Rec. Doc. No. 15297], dated July 13, 2012, and states the following:

1. On or about July 13, 2012, Plaintiffs filed their Joint Motion for Entry of a Case Management Order in the matter of Hobbie, et al. v. RCR Holdings II, LLC, et al., Case Number No. 10-1113.

2. Besides Coastal, the other named Defendants in this matter are RCR Holdings II, LLC (RCR); Precision Drywall, Inc (Precision); La Suprema Trading Company (La Suprema), and Banner Supply Company (Banner). Additionally, evidence suggests that manufacturers Knauf Plasterboard Tianjin Co. (Knauf) and Taian Taishan Plasterboard Co. (Taishan) are responsible for the subject drywall involved in Plaintiffs claims, as well as other parties in the supply chain, whose identities are yet to be discovered.

3. Knauf, Banner, Precision, and RCR have all preliminarily agreed to settlements with the Plaintiffs, whether through individual agreements or as part of global settlements. As part of the settlement process this Court stayed all litigation involving those parties by Court Order entered on June 4, 2012 [Rec. Doc. No. 14566]. Paragraph six (6) specifically states:

> Pending the settlement proceedings and further Orders of the Court, the Court hereby stays and enjoins prosecution of all claims relating to Chinese Drywall by (a) a class member in any of the proposed class action settlements against a settling defendant or its insurers in any of the proposed class action settlements, and (b) a claim by any party in the supply chain or its insurers against a settling defendant or its insurers. [Rec. Doc. No. 14566]

4. The Joint Fairness Hearing on these settlements is scheduled for November 13, 2012. [See Rec. Doc. No. 14566]. Until the settlements are finalized, Knauf, Banner, Precision, and RCR are still parties or potential parties to this litigation. Therefore, no prosecution of claims, including discovery, can go forward until after that time.

5. The Scheduling Order proposed by the Plaintiffs in their Motion sets a discovery deadline of November 30, 2012, seventeen calendar days after the fairness hearing. It would be impossible to complete discovery in the time period set forth by Plaintiffs.

6. Appropriate discovery of all matters regarding this litigation cannot be completed in the time frame suggested by the Plaintiffs, even if the stays were lifted. This case involves a multi-unit structure that contains 328 units, many of which are owned by multiple parties. Coastal, as well as the other Defendants in this matter will need the opportunity to request written discovery and document production and then depose these unit owners. Coastal will also need written discovery and depositions to investigate all of the transactions and supply chains from the manufacturers to the installer, including determining the parties involved in the shipping and trading of the subject drywall. Further, the depositions of all relevant corporate

representatives of all involved parties will be needed.[1]

7. If the stays against all parties were lifted today and the Plaintiff's projected Case Management Order were put into effect, Coastal would only have <u>129 days</u> to complete the written discovery, and coordinate the depositions of, and depose, the **125 Plaintiffs** named in the Second Amended Complaint, the remaining unnamed potential class members, and the corporate representatives from RCR, Precision, Banner, La Suprema, Knauf, and Taishan, with relevant knowledge of all of Plaintiffs' claims, and then obtain discovery from any and all additional parties identified through that discovery. Some of these depositions will require international travel and translation. It is inconceivable that this could be completed in less than a year, much less than in four months.

8. Further, the Plaintiffs' proposed Case Management Order sets August 24, 2012 deadlines for the filing of Mandatory Initial Disclosures and the Certificate of Interested Persons and Corporate Disclosure Statement. Unless the Court's stay of litigation against Knauf, Banner, Precision, and RCR is lifted, there will be incompatible orders requiring disclosure statements for parties who have an express stay against litigation.

9. The Plaintiffs' proposed Case Management Order also sets an October 1, 2012 date for Motions to Add Parties or to Amend Pleadings. This deadline is unnecessarily prejudicial as Coastal cannot determine all necessary parties and proper pleading amendments until it has had complete discovery from the parties in the suit.

10. Until the global settlements are completed on November 13, 2012, it is unclear

---

[1] Knauf, Banner, Precision, and RCR would have to acquiesce to fully participate in discovery during the pendency of their stay. Those parties also have a right to participate in discovery should their participation in settlements be negated by plaintiff opt-outs or the inability to complete the settlement(s) at the final fairness hearing.

which currently named Defendants in this matter will have settled or will remain in the litigation. It would be the most efficient for the stays in this matter to continue through that date, and then have the outstanding Motion to Remand considered by the Court.

11. The Plaintiff's proposed Case Management Order opens case-specific discovery and litigation in this case. This matter was originally transferred to the MDL as a tag-along action in Conditional Transfer Order (CTO-16) under 28 U.S.C. §1407. Such transfers are to promote the just and efficient conduct of the litigation, eliminate duplicative discovery, and conserve the resources of the parties. See Transfer Order in this matter filed June 15, 2009; 28 U.S.C. §1407; and In re Hawaiian Hotel Room Rate Antitrust Litig., 438 F.Supp. 935, 936 (J.P.M.L. 1977). Plaintiff's proposed Case Management Order seeks to ineffectively set implausible deadlines for the discovery necessary for Coastal to defend the case on the merits, fails to take into account the current stay of litigation involving Defendants in the action, and fails to attempt to effectively manage the case.

12. In this matter it would serve the interests of justice to have the matter heard in the court of origin. See Hirschbach v. NVE Bank, 496 F. Supp. 2d 451, 461 (D.N.J. 2007); and Kessler v. American Resorts International's Holiday Network, Ltd., Case Nos. 05 C 5844, 07 C 2439, 2007 WL 4105204 (N.D. Ill. Nov. 14, 2007). How the trial is to proceed might be an issue best handled by the Court which will have jurisdiction over the trial. See 28 U.S.C. §1407; and Lexecon Inc. v. Milberg Weiss Bershad Hynes & Lerach, 523 U.S. 26 (1998). This case should be remanded back for trial and once this case is transferred, the Court receiving the case can more effectively enter a Case Management Order when all known remaining parties are identified following the Settlements and through discovery.

13. Additionally, Coastal **again** objects to Plaintiffs' inaccurate presentation of the

facts contained in paragraphs 3 and 6 of their Memorandum of Law in Support of Joint Motion for Entry of Case Management Order [Rec. Doc. No. 15297-1]. In paragraph 3, Plaintiffs allege that Coastal "would not settle this case until it could resolve its issues regarding the liability of Coastal unique to this litigation…" Coastal denies these allegations and also objects to their repeated inclusion in Plaintiff's Motions and Memorandum.

14. The Plaintiff's continued inclusion of discussions from mediation are inappropriate. *See* LR 16.3.1; 28 U.S.C. §652; and <u>Folb v. Motion Picture Industry Pension & Health Plans</u>, 16 F.Supp.2d 1164 (C.D.Cal., 1998). Coastal has participated and will continue to participate in any attempts to settle or resolve this matter with Plaintiffs and all affected parties.

15. The issues raised by the Plaintiffs in their Motion to Strike Affirmative Defenses and Motion for Summary Judgment are not "unique" to Coastal, but affect all defendants in this matter. Plaintiffs inappropriately continue to try to paint these issues as roadblocks to settlement.

16. Coastal respectfully requests that the Court deny the request to set the Case Management Order or, in the alternative, set a hearing date on Coastal's Motion to Remand for a date after the final settlement fairness hearings on November 13, 2012 so that the participating parties can be identified and all agree to a Joint Case Management Order with the Court that will have jurisdiction over the trial.

**WHEREFORE**, COASTAL CONSTRUCTION OF SOUTH FLORIDA, INC., respectfully requests the Court deny Plaintiffs' Joint Motion for Entry of a Case Management Order and grant any further relief this Court finds proper.

                                                Respectfully submitted,

Dated: July 25, 2012

/s/ Addison J. Meyers
Addison J. Meyers, Esq.
Fl Bar No. 267041
MINTZER SAROWITZ ZERIS
LEDVA & MEYERS, LLP
The Waterford at Blue Lagoon
1000 NW 57th Court, Suite 300
Miami, FL  33126
Tel:   305-774-9966
Fax:  305-774-7743
ameyers@defensecounsel.com

/s/ Gina E. Romanik
Gina E. Romanik, Esq.
Fl Bar No. 154334
MINTZER SAROWITZ ZERIS
LEDVA & MEYERS, LLP
The Waterford at Blue Lagoon
1000 NW 57th Court, Suite 300
Miami, FL  33126
Tel:   305-774-9966
Fax:  305-774-7743
gromanik@defensecounsel.com

/s/ Brian A. Eves
Brian A. Eves, Esq.
FL Bar No. 43794
MINTZER SAROWITZ ZERIS
LEDVA & MEYERS, LLP
The Waterford at Blue Lagoon
1000 NW 57th Court, Suite 300
Miami, FL  33126
Tel:   305-774-9966
Fax:  305-774-7743
beves@defensecounsel.com

## **CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that the above and forgoing has been served upon Plaintiffs' Liaison Counsel, Russ Herman, and Defendants' Liaison Counsel, Kerry Miller, by U.S. Mail and email <u>or</u> hand delivery and email <u>and</u> upon all parties by electronically uploading same to Lexis Nexis File and Serve® in accordance with Pre-Trial Order No.: 6, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for

the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with procedures established in MDL 2047 on this 25th day of July, 2012.

/s/ Addison J. Meyers
Addison J. Meyers