UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

IN RE: CHINESE-MANUFACTURED
DRYWALL PRODUCTS LIABILITY
LITIGATION                                           MDL NO. 2047

                                                     SECTION: L

                                                     JUDGE FALLON
                                                     MAG. JUDGE WILKINSON

THIS DOCUMENT RELATES TO:
*CASES SET FOR TRIAL INVOLVING INTERIOR/
EXTERIOR AND NORTH RIVER*
* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

### REPLY MEMORANDUM OF PLAINTIFFS-INTERVENORS

**MAY IT PLEASE THE COURT:**

In opposition to Plaintiffs'-Intervenors' Motion *in Limine*, the memorandum of INEX professes doubt as to the nature of the relief sought by the motion; and the memorandum of North River presents arguments beyond the scope of the requested *in limine* ruling. At the outset, therefore, movants are obliged to clarify what they believe is properly before, and not before, the Court for decision at this time.

North River affirmatively pled the doctrine of comparative fault allocation in pleadings it filed in the *Silva* case. *See* Third Defense, North River Answer to Petition for Declaratory Judgment, *Silva v. Arch Insurance Company*, Case No. 09-8034 (Doc. 767). At the trial scheduled to begin on November 26, 2012, therefore, it must be assumed that North River intends to present evidence of fault on the part of the manufacturer(s) of the trial plaintiffs' drywall, with a view toward having the jury allocate percentages of fault between INEX and the manufacturer(s) pursuant to Louisiana Civil Code Articles 2323 and 2324 and potentially diminish plaintiffs' recovery of

-1-

damages from INEX/North River. Since this defense is predicated on an important legal issue, plaintiffs-intervenors have sought a pre-trial ruling from the Court that the principle of solidary, not comparative, liability applies to the redhibition fault of INEX. If this position of plaintiff-intervenors is upheld by the Court, the factual and legal scope of the trial evidence, as well as the scope of pretrial discovery, will be greatly reduced.

In opposition, INEX speculates that such a ruling might preclude, to its prejudice, any and all "evidence and testimony from the manufacturers of the Chinese manufactured drywall, including their parents, subsidiaries and related entities, concerning their involvement with the distribution and knowledge of possible defects...." *See* INEX opposition memo, at p. 5 (Doc. 15457). Similarly, North River's opposition notes that the instant motion "does not address the exclusion of testimony." *See* North River opposition memo at p. 1, *fn.* 1. (Doc. 15471). Yet such comments are not grounds for the denial or deferral of the instant motion, since it addresses not the admissibility of evidence but rather the applicability *vel non* of comparative fault principles. The question whether or not defendants can demonstrate the relevance and admissibility of the manufacturer's knowledge of the defectiveness of its drywall as part of the November 2012 trial, is entirely separate, and one which the Court need not address at this time. Plaintiffs-intervenors, consisted with their position, would submit that any such evidence of manufacturer knowledge would have to be admissible for purposes other than allocating comparative fault on a percentage basis to the manufacturer. However, such evidentiary matters are simply not before the Court.

Also not before the Court is a question discussed extensively by North River in its opposition, *to-wit*: whether the solidary liability of INEX would necessitate the presence of Knauf as a party at trial, on the ground that INEX is entitled in this November 2012 trial to prove a claim

-2-

of indemnification from Knauf.

Notably, the authority for a "bad faith" seller's right of indemnification from the manufacturer is not found in the language of LCC Article 2545, the codal article which actually defines the liability of a "bad faith" seller (one with knowledge of a defect). The codal authors chose not to repeat in this article the language in Article 2531 (dealing with the liability of a seller without knowledge or defect) to the effect that a seller "has an action against the manufacturer of the defective thing, if the defect exists at the time the thing was delivered by the manufacturer to the seller, for any loss the seller sustained because of the redhibition."

As North River notes, some Louisiana cases nonetheless have applied this "action against manufacturer" language of Article 2531 to "bad faith" sellers. *See*, e.g., *Evangeline Medical & X-Ray Distributors Corp. v. Coleman Oldsmobile, Inc.,* 402 So.2d 208 (La. App. 1st Cir. 1981). However, pretermitting the policy justificatoin for allowing a bad faith seller to seek indemnity from a manufacturer legally presumed to have knowledge of its product's defects, none of this jurisprudence discounts, or even discusses, the question at hand, i.e., whether the seller's solidary liability, and not its comparative fault, is the rule of law for the November 2012 redhibition trial. In fact, North River's argument that it has a right of indemnification against the manufacturer seems to make the inapplicability of comparative fault allocation even more clear; as distinguished from a claim of contribution, one for indemnity makes it unnecessary for a fact-finder to allocate fault on a percentage basis since any amount of damages owed by the indemnitee is transferrable to the indemnitor.

Nonetheless, this is a matter which can be more fully briefed and discussed at a later time, presumably on a motion for indemnification by INEX/North River, and with the participation of Knauf (and perhaps Taishan, assuming it wishes to do so preserving its jurisdictional defense). The motion at issue does not present the issue of indemnification for decision; and there is no practical or legal reason to expand the scope of the Court's ruling on the present motion in order to decide whether or not INEX has indemnification claims against a manufacturer or manufacturers, should INEX be found by the jury to be a bad faith seller under Article 2545.

In limiting its decision to the applicability *vel non* of the principles of solidary liability in this redhibition case against INEX, the Court therefore can either address at a later time before trial the indemnification question raised by North River, or simply defer the question until after trial; and the latter course is not, as North River contends, an invitation to proceed inefficiently. If INEX, having been found at trial to be liable as a bad faith seller, later convinces the Court that a right of indemnification exists, then to prove indemnification under the language of Article 2531 (quoted *supra*), it will have the threshold burden to show that the same defect or defects of which it was found to be actually or constructively aware at the time of sale, existed "at the time [the drywall] was delivered by the manufacturer" to INEX. Such proof will not overlap with or duplicate the proof at trial, since the principle of solidary liability will limit the evidence to the question of what INEX knew at the time of sale about the defective nature of the plaintiffs' drywall.

Returning to the motion before the Court, neither INEX nor North River in the final analysis has responded to the core argument presented by movants, i.e., that the weight of Louisiana appellate authority (including the appellate authority for this Court's venue, the Louisiana Fourth Circuit) makes it clear that the Civil Code's comparative fault allocation articles do not apply in redhibition


cases, and that to do so would contradict the consumer-protection objectives of redhibition as a legal remedy against bad faith sellers.

In its opposition, INEX cites a 2008 decision by Judge Peter Beer, *Chevron USA, Inc. v. Aker Marine, Inc.*, 2008 WL 594648 (EDLA 2/29/08) (overturned on other grounds). Yet Judge Beer based his decision on two Louisiana appellate opinions *Petroleum Rental Tools, Inc. v. Hal Oil & Gas Company, Inc.*, 701 So.2d 213 (La. App. 1st Cir. 1997) and *Hampton v. Cappaert Mf'd Housing*, 839 So.2d 363 (La. App. 2d Cir. 2003)], which were rejected by later cases <u>in these same circuits</u> (something which Judge Beer curiously failed to mention or consider). North River's opposition more ominously declares that this Court can only grant the pending motion if it "undertakes to rewrite Article 2323...." *See* North River opposition memo at p. 18 (Doc. 15471). But, as the overwhelming majority of Louisiana appellate jurisprudence suggests, the comparative fault Article 2323 simply does not apply to redhibition, where the longstanding rule of solidary liability should, and must, remain viable. As noted in the Law Review article attached to Plaintiffs'-Intervenors' original memorandum:

> Because redhibition is a contract law claim rather than one rooted in tort law, the provisions of articles 2323 and 2324, comprising the comparative fault revisions, should not apply to redhibition claims. Based on the composition of the Louisiana Civil Code, particularly the systematic organization characteristic of such a code, a pro subjecta materia reading of article 2323 is essential. Despite the broad language of article 2323(B), particularly that the action applies to all claims regardless of the theory of liability, application of the literal language would lead to absurd consequences by potentially applying comparative fault to ordinary contract, or even property, claims....The purposes of the legislature in passing the comparative fault revisions are completely distinct from the reasons for redhibition. Article 2323 was implemented as part of the revision to apply "pure" comparative fault tort law in Louisiana....Unlike the legislative purposes behind the adoption of articles 2323 and 2324, the reasoning behind redhibition provisions, according to well-

> established jurisprudence and doctrine, is to ensure consumer protection from hidden defects in products and to return the parites to their respective positions before the contract of sale was entered.

*See* Spurgeon, 70 La.L.Rev. 1227 (201), at p. 12 of 29 in Attachment I, Orig. Memorandum of Plaintiffs'-Intervenors [Doc. 14665-1].

Notably, Plaintiffs-intervenors have cited to the Court four Louisiana appellate cases of relatively recent vintage, all subsequent to the 1996 enactment of the Civil Code's comparative fault articles, in which the doctrine of solidary liability in redhibition has been confirmed and upheld: *Vearly v. Brunswick*, 888 So.2d 309 (La. App. 2nd Cir. 2004) [rejecting the earlier Second Circuit decision in *Hampton v. Cappaert Manufactured Housing, Inc.*, 839 So.2d 363 (La. App. 2nd Cir. 2003)]; *Isabelle v. Bayliner Marine Corp.*, Case No. 2005-CA-2593, 2006 WL 318753 (La. App. 1st Cir. 2006) [rejecting the earlier First Circuit decision in *Petroleum Rental Tools, Inc. v. Hal Oil & Gas Co.*, 701 So.2d 213 (La. App. 1st Cir. 1997)]; *Touro Infirmary v. Sizeler Architects*, 947 So.2d 740 (La. App. 4th Cir. 2006); and *Nelson Radiology Associates, LLC v. Integrity Medical Systems, Inc.*, 16 So.2d 1197 (La. App. 4th Cir. 2009). In addition, Plaintiffs-intervenors have cited the Court to the Third Circuit decision in *Aucoin v. S Quality Homes, LLC*, 984 So.2d 685 (La. App. 3rd Cir. 2008), in the appeal of which to the Louisiana Supreme Court the issue was not resolved. The above-referenced law review article exhaustively explores the history of redhibition in Louisiana and articulate the policy justifications for the rule of solidary liability in redhibition.

In response, defendants have either cited Louisiana case law which has been rejected by later decisions in the same circuits, or have simply repeated the rationale in these earlier cases as to why solidary liability in redhibition was replaced by comparative fault allocation in 1986. In fact, North River cites, but then rejects, yet another Louisiana Fourth Circuit case which supports plaintiffs'

position: *LeGros v. Arch Services, Inc.*, 867 So.2d 63 (La. App. 2004). Plaintiffs-intervenors respectfully submit that such opposition is clearly insufficient to overcome the weight of Louisiana's jurisprudential authority, as well as the history and policy objectives of the redhibition remedy.

For all these reasons, Plaintiffs-intervenors again ask the Court to grant their motion *in limine*, by entry of an order to the effect that the principle of solidary liability will apply in the November 2012 redhibition trial against INEX/North River.[1]

                                      Respectfully submitted,

Dated: July 25, 2012                      /s/ Russ M. Herman
                                               Russ M. Herman, Esquire (Bar No. 6819)
                                               Leonard A. Davis, Esquire (Bar No. 14190)
                                               Stephen J. Herman, Esquire (Bar No. 23129)
                                             HERMAN, HERMAN & KATZ, L.L.C.
                                             820 O'Keefe Avenue
                                             New Orleans, Louisiana 70113
                                             Phone: (504) 581-4892
                                             Fax: (504) 561-6024
                                             LDavis@hhklawfirm.com
                                             *Plaintiffs' Liaison Counsel*
                                             *MDL 2047*

---

[1] Defendants also argue that this ruling is precluded because an alternative negligent tort theory has been pled as to these defendants by certain plaintiffs. In order to avoid any confusion, it is the intent of the selected trial plaintiffs in this case to proceed only on a theory of "bad faith seller" redhibition against INEX/North River. Trial Plaintiffs therefore will limit their proof to that which is necessary to establish the actual or constructive knowledge of INEX as to the defective nature of the drywall it sold and distributed to them. It has always been the intent of the plaintiff-intervenors to proceed with a redhibition case only; they now confirm this in response to the opposition memoranda filed by defendants.

        Arnold Levin
        Fred S. Longer
        Matthew C. Gaughan
        Levin, Fishbein, Sedran & Berman
        510 Walnut Street, Suite 500
        Philadelphia, PA 19106
        215-592-1500 (phone)
        215-592-4663 (fax)
        Alevin@lfsblaw.com
        *Plaintiffs' Lead Counsel*
        *MDL 2047*

## PLAINTIFFS' STEERING COMMITTEE

Dawn M. Barrios
Barrios, Kingsdorf & Casteix, LLP
701 Poydras Street, Suite 3650
New Orleans, LA 70139
Phone: (504) 524-3300
Fax: (504) 524-3313
Barrios@bkc-law.com

Daniel E. Becnel, Jr.
Becnel Law Firm. LLC
P.O. Drawer H
106 W. Seventh Street
Reserve, LA 70084
Phone: (985) 536-1186
Fax: (985) 536-6445
dbecnel@becnellaw.com

Robert C. Josefsberg
Podhurst Orseck, P.A.
25 Flagler Street, 8th Floor
Miami, FL 33130
Phone: (305) 358-2800
Fax: (305) 358-2382
rjosefsberg@podhurst.com

Bruce William Steckler
Baron & Budd, P.C.
3102 Oak Lawn Ave., Suite 1100
Dallas, TX 75219
Phone: (214) 521-3605
Fax: (214) 520-1181
bsteckler@baronbudd.com

Ervin A. Gonzalez
Colson, Hicks, Eidson, Colson
  Matthews, Martinez, Gonzales,
  Kalbac & Kane
255 Alhambra Circle, Penthouse
Cora Gables, FL 33134
Phone: (305) 476-7400
Fax: (305) 476-7444

Ben W. Gordon, Jr.
Levin, Papantonio, Thomas, Mitchell
 Echsner & Proctor, P.A.
316 S. Baylen Street, Suite 600
Pensacola, FL 32502
Phone: (850) 435-7000
Fax: (850) 435-7020
bgordon@levinlaw.com

Hugh P. Lambert
Lambert and Nelson
701 Magazine Street
New Orleans, LA 70130
Phone: (504) 581-1750
Fax: (504) 529-2931
hlambert@lambertandnelson.com

Gerald E. Meunier
Gainsburgh, Benjamin, David, Meunier
 & Warshauer, LLC
2800 Energy Centre, 1100 Poydras Street
New Orleans, LA 70163-2800
Phone: (504) 522-2304
Fax: (504) 528-9973
gmeunier@gainsben.com

Jerrold Seth Parker
Parker, Waichman, Alonso LLP
3301 Bonita Beach Road
Bonita Springs, FL 34134
Phone: (239) 390-1000
Fax: (239) 390-0055
Jerry@yourlawyer.com

Scott Wm. Weinstein
Morgan & Morgan
12800 University Drive, Suite 600
Ft. Meyers, FL 33907
Phone: (239) 433-6880
Fax: (239) 433-6836
sweinstein@forthepeople.com

James Robert Reeves
Lumpkin & Reeves
160 Main Street
Biloxi, MS 39530
Phone: (228) 374-5151
Fax: (228) 374-6630
jrr@lumpkinreeves.com

Christopher Seeger
Seeger Weiss, LLP
One William Street
New York, NY 10004
Phone: (212) 584-0700
Fax: (212) 584-0799
cseeger@seegerweiss.com

Daniel K. Bryson
Whitfield, Bryson & Mason, LLP
900 W. Morgan Street
Raleigh, NC 27603
Phone: (919) 600-5000
Fax: (919) 600-5035
Daniel@wbmllp.com

Richard J. Serpe, Esquire
Law Offices of Richard J. Serpe
Crown Center, Ste. 310
580 East Main Street
Norfolk, VA 23510-2322
rserpe@serpefirm.com

Victor M. Diaz, Jr.
119 Washington Avenue
Suite 402
Miami Beach, FL 33139
victor@diazpartners.com

## OF COUNSEL TO PLAINTIFFS' STEERING COMMITTEE

Richard S. Lewis
HAUSFELD LLP
1700 K Street, N.W
Suite 650
Washington, DC 20006
Phone: (202) 540-7200
Fax: (202) 540-7201
rlewis@hausfeldllp.com

Andrew A. Lemmon
Lemmon Law Firm, LLC
P.O. Box 904
15058 River Road
Hahnville, LA 70057
Phone: (985) 783-6789
Fax: (985) 783-1333
andrew@lemmonlawfirm.com

**CERTIFICATE OF SERVICE**

I hereby certify that the above and foregoing pleading has been served on Defendants' Liaison Counsel, Kerry Miller, by e-mail and upon all parties by electronically uploading the same to LexisNexis File & Serve in accordance with Pre-Trial Order No. 6, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2047 on this 25th day of July, 2012.

/s/ Leonard A. Davis
Leonard A. Davis, Esquire
Herman, Herman & Katz, L.L.C.
820 O'Keefe Avenue
New Orleans, Louisiana 70113
Phone: (504) 581-4892
Fax: (504) 561-6024
Ldavis@hhklawfirm.com
Plaintiffs' Liaison Counsel
MDL 2047

*Co-counsel for Plaintiffs*