UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: CHINESE-MANUFACTURED DRYWALL PRODUCTS LIABILITY LITIGATION | MDL CASE NO.: 2047<br>SECTION: L<br>Honorable Eldon E. Fallon<br>MAG: JUDGE WILKINSON |
| THIS DOCUMENT RELATES TO: WENDY LEE HOBBIE, ET. AL. v. RCR HOLDINGS II, LLC, ET. AL.<br>CASE No. 2:10-cv-1113 (E.D.LA.) | |

_________________________________________/

**ARCH INSURANCE COMPANY'S MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFFS' AND RCR HOLDING'S MOTION FOR CASE MANAGEMENT ORDER**

Third-Party Defendant ARCH INSURANCE COMPANY ("ARCH"), hereby files its Memorandum in Opposition to Plaintiffs and RCR Holdings II, LLC's ("RCR") Motion For Case Management Order, and in support shows the Court as follows:

**I. THERE ARE UNRESOLVED THRESHOLD MOTIONS TO DISMISS, TO STAY, AND TO REMAND HOBBIE AND RCR MATTER.**

1. On or about April 15, 2010, RCR filed its *Motion to Dismiss or, in the alternative, to Stay* (**D.E. 2507**) the litigation. RCR's *Motion* essentially argues dismissal based on this Court's lack of personal jurisdiction and/or alternatively that the litigation should be stayed pending Plaintiffs' compliance with the cure/notice requirements set forth under Chapter 558 of the Florida States. To date, said *Motion* has not been set to be heard by this Court.

2. On or about April 23, 2010, RCR filed its *Amended Superseding Motion to Dismiss, or in the alternative, to Stay* (**D.E. 2706**) this litigation, which also argues dismissal for

lack of personal jurisdiction and/or requests a stay pursuant to Chapter 558 of the Florida Statutes.

3. On or about December 1, 2010, Coastal Construction of South Florida ("Coastal") filed its *Motion to Dismiss with Prejudice, or in the alternative, Remand to the Court of Origin the Claims*. (**D.E. 3499**) Coastal also argued lack of personal jurisdiction, as well as failure to state a cause of action. To date, said *Motion* has not been set to be heard by this Court.

4. On June 14, 2011, ARCH was served with RCR Holdings II, LLC's ("RCR") *Third Party Complaint*. (**D.E. 8720**)

5. On August 3, 2011, ARCH filed its *Motion to Dismiss Third Party Complaint by RCR* (**D.E. 9978**) and *Memorandum in Support* of same (**D.E. 9978-1**). ARCH'S *Motion* argues threshold legal issues - i.e. jurisdiction, venue, etc. – and asserts that ARCH, in addition to its own separate defenses, enjoys the same defenses as can be or has been asserted by its principal, Coastal.

6. RCR's, COASTAL's and ARCH's respective *Motions* argue threshold legal issues as to whether this action should proceed.

7. On July 15, 2011, this Court executed the *Scheduling Order*, which imposed certain discovery and motion practice deadlines upon the parties for discovery and motion practice as to dispositive "threshold" motions by January, 2012.

8. On October 12, 2011, the Court subsequently issued an Order clarifying the *Scheduling Order* and ruling that discovery be limited only to threshold issues and that *ARCH be treated the same way as the other parties who have filed such motions*. **(D.E. 10814).**

9. On November 11, 2011, ARCH filed its *Motion to Reschedule Hearing on Motion to Dismiss Third Party Complaint* and *Memorandum in Support* asserting that Arch be treated

the same way as the other parties to this matter and that the hearing should be reset upon resolution of *RCR's Motion to Dismiss, RCR's Motion to Stay, COASTAL's Motion to Dismiss and COASTAL's Motion to Remand*. **(D.E. 11180 and 11180-1)**.

10. On November 14, 2011, this Court executed an Order granting ARCH'S Motion to Reset Hearing on Motion to Dismiss Third Party Complaint, and indicating that the hearing shall be reset by the Court on a later date. **(D.E. 11194)**.

11. As of the present date, no hearings have taken place on RCR's Motions to Dismiss or Stay, on COASTAL's Motions to Dismiss or Stay, COASTAL's Motion for Remand, or on ARCH's Motion to Dismiss.

## II. THERE ARE PENDING SETTLEMENTS AND STAYS OF PROCEEDINGS IN EFFECT PENDING APPROVAL THAT MAKE A CASE MANAGEMENT ORDER FOR TRIAL AS TO COASTAL CONSTRUCION AND ARCH INSURANCE UNTENABLE.

As this case has progressed, various settlements have been proposed and are pending approval by this Court. These settlements involve parties that are directly involved in the litigation of the *Hobbie* Class action, as follows:

1. First and foremost, RCR and the *Hobbie* Plaintiffs have reached a tentative settlement, pending approval, of their claims. As a result of this pending settlement, all proceedings against RCR and by RCR are stayed. [D.E. 14566].

2. There are pending settlements by Banner Supply, Precision Drywall, Knaupf, all of whom are either actual or potential third-party defendants to claims by COASTAL and ARCH in the *Hobbie* matter. All proceedings as to these parties have been stayed as well pending approval of the settlements. [D.E. 14566].

## III. THE PENDING THRESHOLD MOTIONS, AND THE STAYS PENDING APPROVALS OF SETTLEMENT, MAKE ANY ORDER SETTING THE HOBBIE MATTER FOR TRIAL IMPOSSIBLE.

This Court has not reached, nor resolved the pending threshold (and potentially dispositive) Motions. This Court has repeatedly ruled that no discovery as to the merits of the *Hobbie* Claim will proceed until the threshold motions are resolved. *See*, D.E. 10814 ("the discovery involving the third party claims by RCR against ARCH is to be similarly limited to appropriate threshold legal issues and should not be full blown discovery on the merits of the claim"). Significantly, one of those Motions is by *RCR*, seeking that all claims by the *Hobbie* Plaintiffs be stayed, or in the alternative dismissed. Since RCR's claim against ARCH derives solely from its potential liability to the *Hobbie* plaintiffs, RCR has no legal basis for prosecuting a claim against ARCH at the very time it is arguing that the *Hobbie* Plaintiffs' claim should be either stayed or dismissed as to RCR.

ARCH's potential liability to RCR is derivative of, and contingent upon COASTAL's liability to RCR. *See First Sealord Sur. Inc. v. Suffolk Constr. Co.*, 995 So.2d 609 (Fla. 3d DCA 2008); *K.P. Meiring Constr., Inc. v. Northbay I and E, Inc.*, 761 So.2d 1221 (Fla. 2d DCA 2000). Thus, before RCR can recover against ARCH, RCR must prove that COASTAL breached the bonded construction contract.[1] Should the Court rule in favor of RCR's *Motion to Dismiss or Stay*, RCR's third-party Complaint (and Arch's *Motion to Dismiss*) would be rendered moot. Likewise, should this action be stayed as between the Plaintiffs and RCR pursuant to Chapter

[1] In addition, sureties may have additional defenses under their bonds (such as breach of notice or right-to-cure provisions) or at common law (such as overpayment or misuse of project funds). Before these "surety defenses" come into play, however, the bond claimant must first prove a default under the bonded contract. ARCH has raised such defenses in the pending State litigation by RCR, but it is premature to raise such defenses in this case due to ARCH's defenses based on jurisdiction and venue.

558 of the Florida Statutes, there is no basis for proceeding to litigate the Third-Party Complaint or addressing ARCH's Motion to Dismiss until such as stay is lifted.

Similarly, ARCH's liability, as surety, is only derivative of the liability that COASTAL may have to RCR. COASTAL has pending threshold Motions to Dismiss or Remand this action to the Florida court. There should be no order scheduling a trial against ARCH until COASTAL's defenses to RCR's claim are resolved. ARCH also has its own Motion to Dismiss pending. That Motion, and the other threshold motions of RCR and Coastal, have been the subject of numerous orders ruling that no action on the merits may proceed until such time as the motions have been resolved. Thus, RCR's request for a case management conference is premature and should be denied.

Were this not sufficient, the orders scheduling approvals of the pending settlements all require a stay of all proceedings against any party to the pending settlement. In the *Hobbie* matter, this means that COASTAL's and ARCH's mandatory third-party claims against Banner, Precision and Knaupf must proceed if the case against COASTAL and ARCH proceeds. Thus, the *Hobbie* Plaintiffs' and RCR's request for an order setting trial as to COASTAL and ARCH violates the very terms of the Orders for approval of the pending settlements. Even more egregious, RCR has requested and received a stay of all litigation against it, but, now, simultaneously seeks to pursue claims against COASTAL and ARCH while being immune from potential counterclaims, or even discovery. RCR's request for a trial order against ARCH is completely inappropriate under these circumstances.

**IV. THE PROPOSED PRETRIAL DEADLINES IN THE ORDER ARE UNREASONABLE AND PREJUDICIAL.**

The *Hobbie* matter, with its attendant third-party claims and possible counterclaims and crossclaims (since the pleadings are not closed yet), presents a complex construction dispute involving multiple parties and issues. Discovery in such cases typically involves dozens of witnesses and tens of thousands of documents and this case would be no different. No discovery has taken place on most of the issues due to this Court's Scheduling Orders limiting discovery to the legal issues presented in the pending Threshold Motions. Typically, a case such as this would be tracked on a schedule with a year to 18 months for discovery alone. The proposed November 30 discovery cut-off, when pending threshold issues are unresolved, is prejudicial and a denial of basic fundamental justice to COASTAL and ARCH.

**V. THE PROPOSED CASE MANAGEMENT ORDER IMPROPERLY SETS A TRIAL DATE, WHEN THIS COURT MUST REMAND TO THE STATE COURT FOR THE ACTUAL SETTING AND CONDUCT OF TRIAL.**

The Proposed Case Management Order contains proposed dates for an actual trial. This MDL action is for the purpose of conducting pretrial proceedings, with the case being remanded to its original forum for the actual trial. 28 U.S.C. §1407 is a venue statute, which is applicable only to consolidated pretrial proceedings and not the actual trial of the individual actions. Accordingly, it is respectfully suggested that deadlines for a Pretrial Statement, Motions in Limine, Pretrial Conference, or other matters that are directly trial-related be left to the discretion of the court that will try the case. Instead, any Case Management Order should have a proposed date for remand and nothing more.

## VI. ARCH OBJECTS TO COASTAL'S VIOLATION OF MEDIATION CONFIDENTIALITY IN AN APPARENT ATTEMPT TO PREJUDICE THE COURT.

ARCH adopts by reference the arguments presented by COASTAL in its Memorandum In Opposition to the Motion For Entry of Case Management Order. ARCH finds it outrageous that the Plaintiffs and RCR would disclose mediation discussions that are subject to the strictest confidentiality to this Court. In addition, ARCH notes that the neither the Plaintiffs nor RCR disclosed their own mediation positions, or whether those positions might have been the true inhibitors to any productive settlement discussions. ARCH reserves its right to seek appropriate sanctions for the violation of mediation confidentiality.

WHEREFORE, ARCH prays that this Court's deny RCR's *Motion to Entry of Case Management Order*.

**ETCHEVERRY HARRISON LLP**
Attorneys for Arch Insurance Company
150 South Pine Island Road
Suite 105
Fort Lauderdale, Florida 33324
Telephone: (954) 370-1681
Facsimile: (954) 370-1682

By: /s/ Edward Etcheverry
Edward Etcheverry
Fla. Bar No. 856517
Guy Harrison
Fla. Bar No. 368806

MDL No. 2047
Case No. 2:10-cv-1113

**CERTIFICATE OF SERVICE**

WE HEREBY CERTIFY that the above and foregoing has been served upon Plaintiffs' Liaison Counsel, Russ Herman, and Defendants' Liaison Counsel, Kerry Miller, by U.S. Mail and email or hand delivery and email and upon all parties by electronically uploading same to Lexis Nexis File and Serve® in accordance with Pre-Trial Order No. 6, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with procedures established in MDL 2047 on this 2nd day of August, 2012.

**ETCHEVERRY HARRISON LLP**
Attorneys for Arch Insurance Company
150 South Pine Island Road
Suite 105
Fort Lauderdale, Florida 33324
Telephone: (954) 370-1681
Facsimile: (954) 370-1682

By: /s/ Edward Etcheverry
Edward Etcheverry
Fla. Bar No. 856517
Guy Harrison
Fla. Bar No. 368806