UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: CHINESE MANUFACTURED | * | MDL No. 2047 |
| DRYWALL PRODUCTS LIABILITY | * | |
| LITIGATION | * | SECTION L |
| | * | |
| | * | JUDGE ELDON E. FALLON |
| | * | |
| | * | MAGISTRATE JUDGE |
| | * | JOSEPH C. WILKINSON, JR. |
| | * | |

* * * * * * * * * * * * ** * * * * * * ** * * * * * * ** * *

**THIS DOCUMENT RELATES TO:**
*Germano, et al. v. Taishan Gypsum Co., Ltd., et al.*, **Case No. 09-cv-6687 (E.D. La.)**
*The Mitchell Co., Inc. v. Knauf Gips KG, et al.,* **Case No. 09-cv-4115 (E.D. La.)**
*Wiltz v. Beijing New Building Materials Public Ltd. Co., et al.*, **Case No. 10-cv-361 (E.D. La.)**
*Gross v. Knauf Gips KG, et al.*, **Case No. 09-cv-06690 (E.D. La.)**

**DEFENDANTS' OPPOSITION TO THE PSC'S MOTION FOR LEAVE TO FILE A POST-HEARING SUBMISSION IN OPPOSITION TO (1) TAISHAN'S RENEWED MOTIONS TO VACATE THE DEFAULT JUDGMENTS AND DISMISS THE COMPLAINTS IN *GERMANO* AND *MITCHELL* AND (2) TAISHAN'S MOTIONS TO DISMISS THE COMPLAINTS IN *GROSS* AND *WILTZ***

Defendants Taishan Gypsum Co. Ltd. ("TG") and Tai'an Taishan Plasterboard Co., Ltd. ("TTP") (together, "Taishan Defendants") submit this memorandum in opposition to the motion by the Plaintiffs' Steering Committee (the "PSC") for leave to file a post-hearing submission in opposition to the Taishan Defendants' renewed motions to vacate the default judgments and dismiss the complaints in *Germano* and *Mitchell* and to the Taishan Defendants' motions to dismiss the complaints in *Gross* and *Wiltz* (the "Jurisdictional Motions"). (Doc. No. 15567).

The PSC purports to submit translations of select portions of BNBM's Annual Reports for the years 2010 and 2011 as "newly discovered material" that reveals a "lack of corporate

separateness between BNBM and the Taishan defendants." In fact, this material cannot be considered newly discovered because it was available in March 2012, well in advance of when PSC filed its opposition to the Jurisdictional Motions on May 8, 2012.[1]

More important, the information from the BNBM annual reports is irrelevant to the Jurisdictional Motions. As the PSC acknowledges, none of the opposing parties have asserted that any contacts of BNBM should be imputed to either of the Taishan Defendants for purposes of determining whether they are subject to personal jurisdiction.[2] Rather, the PSC's motion is a transparent attempt to challenge the veracity of TG's Chairman and General Manager, Jia Tongchun, concerning his role as a Director and Deputy General Manager of BNBM.

The PSC argues that BNBM's 2011 Annual Report, which states that Mr. Jia is both TG's Chairman & General Manager and concurrently BNBM's Director & Deputy General Manager is inconsistent with his deposition testimony. In fact, Jia testified about these positions at his deposition and explained his positions at TG and BNBM various times throughout his deposition. *See e.g.*:

> Q: Did there come a time . . . when you received the title of deputy general manager of BNBM?
>
> A: Yes
>
> Q: Do you recall when that was?
>
> A: Perhaps it was in the second half year of 2005.
>
> Q: How long did you hold the title of deputy general manager of BNBM?

---

[1] The BNBM Annual Report for 2011 is dated March 16, 2012 and the BNBM Annual Report for 2010 is dated March 17, 2011.

[2] The PSC misleadingly states that "*the Court* indicated its intention not to address the upstream/downstream corporate structure and ultra vires issue at this time." (emphasis added). In fact, *the PSC* and not the Court, abandoned these issues in the Jurisdictional Motions because after eighteen months of jurisdictional discovery, there was no evidence to support attributing the contacts of BNBM to TG for purposes of personal jurisdiction.

>A: Perhaps I am still on the position.
>
>Q: Could you describe what duties or responsibilities or activities you engaged in, have engaged in as the deputy general manager for BNBM?
>
>A: I am only in charge of the work of [TG]. I am not responsible for any work at . . . I am not involved with the work of BNBM. And I have never attended their executive meetings either. It is only an honorary position, an honorary position.

Jia Tr. 585:15-586:17

>Q: [T]he reason I ask you this is because you also sit on, you are a board member in BNBM, correct?
>
>A: Like I said before, I'm only an honorary deputy general manager or director of BNBM. And I had no share with BNBM nor had any individual assets with BNBM. So, I'm not concerned about the business of BNBM. For a long period of time, my focus was [TG] which headquarter is located in Taian, which is far away from Beijing. So I rarely participate in the business of BNBM, even though I might have attending the board of directors meeting once or so.

Jia Tr. 765:5-766:3

The PSC even cited this fact in August 2011 in support of its Renewed Motion Challenging the Adequacy and Completeness of the Discovery Responses of the Taishan Defendants. Doc. No. 10164-3 at p. 16 ("BNBM and Taishan shared and continue to share numerous officers and directors. For example, Tongchun Jia, . . . each sit on the Boards of both BNBM and [TG]. Mr. Tongchun serves as a Director, General Manager and Chairman of [TG] and has held the positions of Director, Deputy General Manager, and Manager of BNBM.")

Jia's testimony that there were no "employees, including shareholders, officers or directors of TG, that are paid or compensated by BNBM" was also correct and not inconsistent with BNBM's 2010 Annual Report. Jia was only compensated by BNBM in his capacity as a director of BNBM, not as an employee, shareholder, officer or director of TG. Indeed, as stated on page 2 of the PSC's Exhibit D (BNBM's 2010 Annual Report), "the Director & Deputy

General Manager Mr. Jia Tongchun does not receive remunerations from [BNBM] because he holds position in the holding subsidiary Taishan Gypsum Co., Ltd." Likewise, the BNBM Reports do not in any way contradict Jia's testimony that his main responsibilities as a director of BNBM was to be responsible for the operation of TG.

The PSC also wholly misstates the sections of the BNBM Annual Reports discussing attorneys' fees. Assuming the translation is accurate, the 2010 BNBM Report states that BNBM "paid a total of USD 447,709.15 of attorney's fee, travel expenses and deposits, and [TG] paid a total of USD 3,936,986.12 of attorney's fee, travel expenses and deposits" in relation to the US litigation. Likewise, the 2011 BNBM Annual Report states that BNBM incurred a total of USD 1,397,799 of attorney's fee and travel expenses, and [TG] incurred a total of USD 3,304,817.13 of attorney's fee and travel expenses." Nowhere do the BNBM annual reports state, or even imply, that BNBM paid TG's legal fees. To the contrary, the report lists TG's fees separately, consistent with the fact that TG paid its own fees.

Moreover, Jia's compensation and the companies' litigation expenses in 2010 and 2011 cannot be relevant to the Jurisdictional Motions because the sales of drywall at issue took place years before.

The testimony cited by the PSC and the selected excerpts of the BNBM Annual Reports simply confirms what the Taishan Defendants have maintained throughout this action: BNBM and TG are separate and independent corporate entities. Consequently, none of BNBM's alleged activities may be imputed to the Taishan Defendants for purposes of personal jurisdiction. Moreover, even after the PSC's nitpicking through several days of Jia's testimony it cannot identify any material inaccuracies. The Taishan Defendants respectfully submit that Jia's

4

testimony should be accorded full weight in the Court's consideration of the Jurisdictional Motions.

Dated: August 14, 2012

                Respectfully submitted,

                <u>/s/ Thomas P. Owen Jr.</u>
                Richard C. Stanley (La. Bar No. 8487)
                Thomas P. Owen, Jr. (La. Bar No. 28181)
                STANLEY, REUTER, ROSS, THORNTON
                & ALFORD, LLC
                909 Poydras Street, Suite 2500
                New Orleans, Louisiana 70112
                Telephone: 504-523-1580
                Facsimile: 504-524-0069
                rcs@stanleyreuter.com
                tpo@stanleyreuter.com

                Joe Cyr
                Frank T. Spano
                Eric Statman
                HOGAN LOVELLS US LLP
                875 Third Avenue
                New York, New York 10022
                Telephone: 212-918-3000
                Facsimile: 212-918-3100
                Joe.cyr@hoganlovells.com
                Frank.spano@hoganlovells.com
                Eric.statman@hoganlovells.com

                **Attorneys for Defendants**
                **Taishan Gypsum Co. Ltd. and Taian**
                **Taishan Plasterboard Co., Ltd.**

**CERTIFICATE OF SERVICE**

I hereby certify that the above and foregoing Defendants' Opposition to the PSC's Motion for Leave to File a Post-Hearing Submission in Opposition to the Jurisdictional Motions was served on Plaintiffs' Liaison Counsel, Russ Herman, and Defendants' Liaison Counsel, Kerry Miller, by U.S. mail and e-mail and upon all parties by electronically uploading the same to Lexis Nexis File & Serve in accordance with the Pretrial Order No. 6, and that the foregoing was also electronically filed with the Clerk of the Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2047, on this 14th day of August, 2012.

/s/ Thomas P. Owen Jr.