**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| IN RE:  CHINESE-MANUFACTURED DRYWALL PRODUCTS LIABILITY LITIGATION | MDL NO. 2047<br>SECTION: L<br>JUDGE FALLON<br>MAG. JUDGE WILKINSON |
| THIS DOCUMENT RELATES TO:<br><br>ALL CASES | |

**THE PLAINTIFFS' STEERING COMMITTEE'S MEMORANDUM IN SUPPORT OF MOTION TO COMPEL RESPONSES TO DISCOVERY, AS WELL AS DEPOSITIONS, FROM THE NORTH RIVER INSURANCE COMPANY**

**MAY IT PLEASE THE COURT:**

The Plaintiffs' Steering Committee ("PSC") files this memorandum in support of its motion to compel responses to written discovery, as well as depositions, from the North River Insurance Company ("North River").  On June 28, 2012, the PSC served a Second Set of Requests for Production of Documents to North River (Exhibit "A") and a Request for Admissions to North River (Exhibit "B").  North River provided objections and responses to the Second Set of Requests for Production of Documents on August 2, 2012 (Exhibit "C"), which included extensive objections and the production of no documents.  Also, North River provided objections and responses to the PSC's Request for Admissions on August 2, 2012 (Exhibit "D"), which consisted solely of objections and no responses.  In an effort to cure anticipated objections to the Request for Admissions, the PSC, on July 31, 2012, prior to receiving North River's Responses to the original Request for Admissions on August 2, 2012, issued a First Supplemental and Amended Request for Admissions (Exhibit "E").

To date, North River has not responded to the First Supplemental and Amended Request for

Admissions, as the responses are not yet due. However, based upon a meet and confer telephone conference that took place on August 9, 2012 with North River's counsel, it appears that North River will continue to maintain its objections as set forth in the Response to Request for Admissions dated August 2, 2012.[1] In an effort to address issues efficiently, the PSC seeks to compel North River to more fully respond to the Request for Admissions served on June 28, 2012.

The PSC further requests that the Court issue an Order compelling North River to respond fully and properly to the PSC's Second Set of Requests for Production of Documents.

Additionally, pursuant to Fed.R.Civ.P. 37 the PSC hereby moves to compel North River to produce witnesses for depositions. The PSC provided North River with a list of individuals it desired to depose on August 7, 2012. North River has objected to the taking of these depositions as evidenced by the email correspondence of August 7 and 8, 2012 attached as Exhibit "F", and confirmed during the aforementioned August 9, 2012 meet and confer.

### A.     THE PSC IS ENTITLED TO OBTAIN DISCOVERY FROM NORTH RIVER

This Court has previously lifted the stay as to North River. North River is a named party to the bellwether trial that is presently set to commence on November 26, 2012. The PSC must conduct appropriate discovery of North River. On August 6, 2012, North River provided to the PSC a Supplemental Insurer Profile Form (Exhibit "G"). This Supplemental Profile Form comes to the PSC two (2) years and three (3) months after North River provided its original Profile Form and subsequent to the 30(b)(6) deposition of North River. Incredibly, this Supplemental Profile Form completely revises North River's corporate structure from that originally disclosed or described by

---

[1] The First Supplemental and Amended Request for Admissions are identical to the Request for Admissions served on June 28, 2012, except for a clarification definition of Chinese drywall.

2

North River in these proceedings.

     North River has taken the position that discovery is not relevant and is improper at the present time because there has not been an exhaustion of the underlying Interior Exterior ("INEX") policies. This assertion by North River is a red herring as the Court has previously found that North River's assertion of no exhaustion has no merit and, at a minimum, this is constructive exhaustion of INEX's policies.[2] Based upon pleadings filed by North River and the current record, North River has not acknowledged that it has coverage for any INEX liability or for the trial. In fact, North River has denied coverage.

     The PSC is entitled to conduct discovery of North River and to pursue claims under the Louisiana Direct Action Statute. The PSC seeks to conduct common discovery for all claimants who may have rights against INEX and North River. The discovery sought by the PSC is relevant and intended to lead to relevant information. The PSC is entitled to get from North River accurate facts and testimony.

     The PSC has been led to believe from the one corporate designee deponent of North River, Agnes Reiss, that North River is a "shell" entity. The Court will recall that the PSC originally took the 30(b)(6) deposition of North River's designee, Agnes Reiss, on May 15, 2012. That deposition proved to be less than useful, as the designee was less than forthcoming, and therefore, after the PSC filed a Motion to Compel, the designee's deposition was retaken in the federal courthouse on June 12, 2012. At pages 293 through 297 (Exhibit "H" - FILED UNDER SEAL), the corporate designee discussed North River Insurance Company's ownership and relationship to the parent entity. Amazingly enough, that testimony is in stark contrast and conflict with the Supplemental Profile

---

[2] This assertion by North River in and of itself should open the door for discovery.

Form. In addition to discovering the true corporate structure of North River, the PSC is entitled to conduct discovery as to North River's policy, coverage obligations and insurance of INEX.

This Court has already ruled upon the relevance of certain testimony and areas that the PSC sought to discover. A conference took place on May 24, 2012 in connection with the PSC's Motion to Compel 30(b)(6) Deposition Discovery from the North River Insurance Company [Rec. Doc. 14935] and the Court indicated its approval of the PSC's discovery of North River as to the areas that the PSC seeks information. North River previously was ordered to produce a designee that "is to be knowledgeable and prepared to answer questions about the noticed topics" and the documents sought by the PSC in its Second Set of Request for Production of Documents relate specifically to those same topics. The topics that the PSC was not specifically allowed to question on the basis of irrelevance was (2) the designee's knowledge of penalty provisions under Louisiana law as to an insurer's failure to pay; (5) reservation of right letter to InEx; (13) whether Louisiana bad faith statutes haven been considered; and (14) whether certain individuals with decision making authority will appear at the Court-ordered mediation.

      **B.**    **NORTH RIVER SHOULD BE COMPELLED TO FULLY AND PROPERLY RESPOND TO THE PSC'S SECOND REQUEST FOR PRODUCTION OF DOCUMENTS**

The PSC forwarded to North River the Second Set of Request for Production of Documents after receipt of the Agnes Reiss second deposition that was taken in June 2012. The thirteen (13) items requested in the discovery all relate to specific testimony and additional areas that needed to be explored because Ms. Reiss was unable to fully respond to questioning. The following areas are examples of the failure by North River to participate in meaningful discovery:

**Request for Production No. 1 -** the PSC sought to obtain the underwriting file relating to

4

INEX policies of insurance.

**Request for Production Nos. 2 and 3** - these requests asks for the agreement that exists for United States Fire Insurance Company to provide claims handling services to North River (see Exhibit H - FILED UNDER SEAL - page 135 of Reiss deposition May 15, 2012).[3]

**Request for Production Nos. 4 and 5**[4] - the PSC requested reservation of rights letters, the policies and procedures for reservation of rights letters and the specific reservation of rights letter issued to INEX. Testimony regarding reservation of rights was attempted at the June 12, 2012 deposition (see Exhibit H - FILED UNDER SEAL - pages 248-250). The Court previously has stated that the PSC may discover the process by which reservation of rights letters were generically issued. The corporate designee was not allowed to testify and the Request for Production seek to get an identification of the policies and procedures that were utilized.

**Request for Production Nos. 7 and 8 -** the PSC attempted to investigate in the deposition the policies and whether or not the INEX claim was reinsured. The corporate deponent was not sure whether there was a program for reinsurance nor how it was structured (see Exhibit H - FILED UNDER SEAL - pages 251-255). The PSC requested documents regarding reinsurance, yet nothing has been produced.

**Request for Production No. 9 -** the PSC seeks to obtain the marketing materials utilized by North River for issuance of the policies to INEX. In the meet and confer on August 9, 2012, the PSC indicated it was seeking to discover the marketing materials used or employed by North River

---

[3] Any confusion regarding the definition of United States Fire Insurance Company was clarified in the meet and confer on August 9, 2012.

[4] Based upon the Court's Minute Entry of May 24, 2012, the PSC is not pursuing at the present time to compel production of Request for Production No. 6.

during the time period when North River issued its policies of insurance to INEX. If any marketing materials were used, they should be identified and produced. If none exists, North River must advise.

**Request for Production No. 10 -** upon information and belief, North River is a participant in a Pooling Agreement. That Pooling Agreement involves United States Fire Insurance Company (76%), the North River Insurance Company (22%), Crum & Forster Insurance Company (1%) and Crum & Forster Indemnity Company (1%). It appears from filings with the Louisiana Insurance Commission that certain forms are not available and can only be obtained from North River. One document that cannot be obtained from the Insurance Commissioner is the "Holding Company Registration Statement - Form B". It is believed that this statement should shed additional light on the "shell" company known as North River. It also appears that there is an "Administrative Services Contract" and this document also has not been produced.

**Request for Production No. 11** - this request asked for the documents sufficient to show the relationship, as well as ownership, of the North River Insurance Company through its upstream entities. The fact that North River filed a Supplemental Insurer Profile Form further supports the need for the PSC to get the documents requested.

**Request for Production No. 12 -** Ms. Reiss testified that a substantial amount of materials regarding the INEX claim was contained in the claim file, yet she could not remember a substantial amount of the material and despite requests, nothing has been produced. North River takes the position that the claims file contains privileged information because all activities of North River took place after suit was filed.

The claims file is discoverable and production should be compelled because the information

contained therein will not qualify for the work product privilege as the claims file was assembled in the ordinary course of business. "The work product doctrine is not an umbrella that shades all materials prepared..."[5] The work product doctrine only protects materials assembled and "brought into being in anticipation of litigation." [6] The advisory committee notes to Rule 26(b)(3) of the Federal Rules of Civil Procedure make clear that "Materials assembled in the ordinary course of business..." are excluded from the protection of the work product doctrine.[7]

Despite North River's assertion to the contrary, "[C]ourts have routinely recognized that the investigation and evaluation of claims is part of the regular, ordinary, and principal business of insurance companies." [8] Further, "even though litigation is pending or may eventually ensue does not cloak such routinely generated documents with work product protection."[9] In short, even if the claims file was assembled after the present action was instituted as North River claims, the file will not be rendered undiscoverable by that fact alone.

**Request for Production No. 13 -** The PSC's request for documents produced to INEX relating to Chinese drywall claims are certainly relevant to this litigation. Certainly there can be no claim that these documents are irrelevant and discoverable. North River should be ordered to produce this information.

---

[5] *United States v. El Paso Co.*, 682 F.2d 530, 542 (5th Cir. 1982).

[6] *Id.*

[7] *United El Paso* at 542, quoting 48 F.R.D. at 501

[8] *Douga v. D & Boat Rentals, Inc.,* CIV.A.04-1642, 2007 WL 1428678 (W.D. La. May 10, 2007) quoting *Piatkowski v. Abdon Callais Offshore, L.L.C.,* CIV.A.99-3759, 2000 WL 1145825 (E.D. La. Aug. 11, 2000); *See also Amak Food Corp. v. The Travelers Co.,* No. 80–5753, slip op. at 2 (S.D. N.Y. April 27, 1981); *Atlanta Coca–Cola Bottling, Co. v. Transamerica Ins. Co.,* 61 F.R.D. 115, 118 (N.D.Ga.1972).

[9]*Piatkowski at *2.*

## **CONCLUSION**

The PSC respectfully requests that this Honorable Court grant its Motion to Compel and Order that North River immediately and fully respond to the Second Set of Requests for Production of Documents and the Requests for Admissions.

Further, the PSC respectfully requests that this Court compel the deposition testimony of the individuals outlined in the email dated August 7, 2012.

Dated: August 15, 2012

Respectfully submitted,

/s/ Russ M. Herman
Russ M. Herman, Esquire (LA Bar No. 6819)
Leonard A. Davis, Esquire (LA Bar No. 14190)
Stephen J. Herman, Esquire (LA Bar No. 23129)
HERMAN, HERMAN & KATZ, L.L.C.
820 O'Keefe Avenue
New Orleans, Louisiana 70113
Phone: (504) 581-4892
Fax: (504) 561-6024
ldavis@hhklawfirm.com
*Plaintiffs' Liaison Counsel*
*MDL 2047*

Arnold Levin
Fred S. Longer
Matthew C. Gaughan
Levin, Fishbein, Sedran & Berman
510 Walnut Street, Suite 500
Philadelphia, PA 19106
215-592-1500 (phone)
215-592-4663 (fax)
Alevin@lfsblaw.com
*Plaintiffs' Lead Counsel*
*MDL 2047*

## PLAINTIFFS' STEERING COMMITTEE

Dawn M. Barrios
Barrios, Kingsdorf & Casteix, LLP
701 Poydras Street, Suite 3650
New Orleans, LA 70139
Phone: (504) 524-3300
Fax: (504) 524-3313
Barrios@bkc-law.com

Daniel E. Becnel, Jr.
Becnel Law Firm. LLC
P.O. Drawer H
106 W. Seventh Street
Reserve, LA 70084
Phone: (985) 536-1186
Fax: (985) 536-6445
dbecnel@becnellaw.com

Robert Josefsberg
Podhurst Orseck, P.A.
25 Flagler Street, 8th Floor
Miami, FL 33130
Phone: (305) 358-2800
Fax: (305) 358-2382
rjosefsberg@podhurst.com

Ervin A. Gonzalez
Colson, Hicks, Eidson, Colson
  Matthews, Martinez, Gonzales,
  Kalbac & Kane
255 Alhambra Circle, Penthouse
Cora Gables, FL 33134
Phone: (305) 476-7400
Fax: (305) 476-7444
Ervin@colson.com

Ben W. Gordon, Jr.
Levin, Papantonio, Thomas, Mitchell
 Echsner & Proctor, P.A.
316 S. Baylen Street, Suite 600
Pensacola, FL 32502
Phone: (850) 435-7000
Fax: (850) 435-7020
bgordon@levinlaw.com

Hugh P. Lambert
Lambert and Nelson
701 Magazine Street
New Orleans, LA 70130
Phone: (504) 581-1750
Fax: (504) 529-2931
hlambert@lambertandnelson.com

Bruce William Steckler
Baron & Budd, P.C.
3102 Oak Lawn Ave., Suite 1100
Dallas, TX 75219
Phone: (214) 521-3605
Fax: (214) 520-1181
bsteckler@baronbudd.com

Gerald E. Meunier
Gainsburgh, Benjamin, David, Meunier
 & Warshauer, LLC
2800 Energy Centre, 1100 Poydras Street
New Orleans, LA 70163-2800
Phone: (504) 522-2304
Fax: (504) 528-9973
gmeunier@gainsben.com

Jerrold Seth Parker
Parker, Waichman, Alonso LLP
3301 Bonita Beach Road
Bonita Springs, FL 34134
Phone: (239) 390-1000
Fax: (239) 390-0055
Jerry@yourlawyer.com

James Robert Reeves
Lumpkin & Reeves
160 Main Street
Biloxi, MS 39530
Phone: (228) 374-5151
Fax: (228) 374-6630
jrr@lumpkinreeves.com

Christopher Seeger
Seeger Weiss, LLP
One William Street
New York, NY 10004
Phone: (212) 584-0700
Fax: (212) 584-0799
cseeger@seegerweiss.com

Scott Wm. Weinstein
Morgan & Morgan
12800 University Drive, Suite 600
Ft. Meyers, FL 33907
Phone: (239) 433-6880
Fax: (239) 433-6836
sweinstein@forthepeople.com

Richard J. Serpe, Esquire
Law Offices of Richard J. Serpe
Crown Center, Ste. 310
580 East Main Street
Norfolk, VA 23510-2322
rserpe@serpefirm.com

Daniel K. Bryson
Lewis & Roberts
3700 Glenwood Avenue, Suite 410
Raleigh, NC 27612
Phone: (919) 981-0191
Fax: (919) 981-0431
dkb@lewis-roberts.com

Victor M. Diaz, Jr.
119 Washington Avenue
Suite 402
Miami Beach, FL  33139
PH:  (305) 704-3200
Fax:  (305) 538-4928
victor@diazpartners.com

**OF COUNSEL TO PLAINTIFFS' STEERING COMMITTEE**

Richard S. Lewis
HAUSFELD LLP
1700 K Street, N.W
Suite  650
Washington, DC 20006
Phone: (202) 540-7200
Fax:  (202) 540-7201
rlewis@hausfeldllp.com

Andrew A. Lemmon
Lemmon Law Firm, LLC
P.O. Box 904 (mailing address)
15058 River Road
Hahnville, LA  70057
Phone:  (985) 783-6789
Fax:  (985) 783-1333
andrew@lemmonlawfirm.com

Anthony Irpino
Irpino Law Firm
2216 Magazine Street
New Orleans, LA 70130
Phone: (504) 525-1500
Fax: (504) 525-1501
airpino@irpinolaw.com

**CERTIFICATE OF SERVICE**

      I hereby certify that the above and foregoing Plaintiffs' Steering Committee's Memorandum in Support of Motion to Compel Responses to Discovery, As Well as Depositions, from the North River Insurance Company has been served on Defendants' Liaison Counsel, Kerry Miller, by e-mail and upon all parties by electronically uploading the same to LexisNexis File & Serve in accordance with Pre-Trial Order No. 6, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2047 on this 15th day of August, 2012.

      /s/ Leonard A. Davis
      Leonard A. Davis, Esquire
      Herman, Herman & Katz, L.L.C.
      820 O'Keefe Avenue
      New Orleans, Louisiana 70113
      Phone: (504) 581-4892
      Fax: (504) 561-6024
      ldavis@hhklawfirm.com
      Plaintiffs' Liaison Counsel
      MDL 2047