# EXHIBIT "C"



45680763

Aug 02 2012
10:53AM

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE:  CHINESE-MANUFACTURED DRYWALL PRODUCTS LIABILITY LITIGATION | ) ) ) ) ) ) ) | MDL NO. 09-2047  SECTION L  JUDGE FALLON |
| THIS DOCUMENT RELATES TO ALL CASES | ) ) | MAG. JUDGE WILKINSON |

**DEFENDANT THE NORTH RIVER INSURANCE COMPANY'S
OBJECTIONS AND RESPONSES TO THE PLAINTIFFS' STEERING COMMITTEE'S
SECOND REQUESTS FOR PRODUCTION**

TO:   **The Plaintiffs' Steering Committee**, through its counsel:
    Leonard A. Davis
    Russ M. Herman
    Stephen J. Herman
    Herman, Herman & Katz, L.L.C.
    820 O'Keefe Avenue
    New Orleans, Louisiana  70113
    Telephone:     (504) 581-4892
    Facsimile:     (504) 561-6024
    ldavis@hklawfirm.com
    *Plaintiffs' Liaison Counsel, MDL 2047*

    Arnold Levin
    Fred S. Longer
    Matthew C. Gaughan
    Levin, Fishbein, Sedran & Berman
    510 Walnut Street, Suite 500
    Philadelphia, PA  19106
    Telephone:     (215) 592-1500
    Facsimile:     (214) 592-4663
    Alevin@lfsblaw.com
    *Plaintiffs' Lead Counsel, MDL 2047*

Defendant, The North River Insurance Company ("North River"), pursuant to Rule 34 of

the Federal Rules of Civil Procedure, serves the following, its Objections and Responses to the

Plaintiffs' Steering Committee's Second Requests for Production.

---

LEXISNEXIS® FILE & SERVE
45680763
E-SERVICE
Aug 02 2012
10:53AM



SEARCH

PRODUCTS    LOSS CONTROL    CLAIMS    ABOUT    CAREERS    CONTACT US

**ABOUT**

About C&F
Operating Principles
Regulatory Information
Financial Highlights
Leadership
News
Legal Notice
Privacy
Contact Us

The Crum & Forster group of insurance companies includes:

- United States Fire Insurance Company
- The North River Insurance Company
- First Mercury Insurance Company
- Crum and Forster Insurance Company
- Crum & Forster Indemnity Company
- Crum & Forster Specialty Insurance Company
- Seneca Insurance Company
- Seneca Specialty Insurance Company
- AMC Re, Inc.
- American Underwriters Insurance Company

For regulatory information on these companies, please click here.

## About

The Crum & Forster group of companies are wholly owned subsidiaries of Crum & Forster Holdings Corp. and indirect subsidiaries of Fairfax Financial Holdings Limited. The operating units within Crum & Forster Holdings Corp. provide standard and specialty insurance products & services.



REPORT A CLAIM    FIND A PRODUCER    PRIVACY    SITE MAP    CONTACT US

© 2012 United States Fire Insurance Company
All rights reserved.



| PRODUCTS | LOSS CONTROL | CLAIMS | ABOUT | CAREERS |

### ABOUT

About C&F
Operating Principles
Regulatory Information
Financial Highlights
Leadership
News
Legal Notice
Privacy
Contact Us



## Regulatory Information

**United States Fire Insurance Company**
State of Domicile - Delaware
CA No. - 07812
Principal place of business – 305 Madison Avenue, Morristown, NJ 07962
Licensed in – All 50 states, District of Columbia, Virgin Islands and Puerto R

**The North River Insurance Company**
State of Domicile – New Jersey
CA No. - 3241
Principal place of business – 305 Madison Avenue, Morristown, NJ 07962
Licensed in – All 50 states and District of Columbia

**First Mercury Insurance Company**
State of Domicile - Illinois
Not licensed in CA
Principal place of business - 26600 Telegraph Road, Southfield, MI 48033
Licensed in Illinois only; eligible E&S insurer in all states, including D.C., an(

**Seneca Insurance Company**
State of Domicile – New York
CA No. - 4978
Principal place of business – 160 Walter Street, New York, NY 10038-1998
Licensed in all 50 States, District of Columbia and Puerto Rico

**Crum and Forster Insurance Company**
State of Domicile - New Jersey
Not licensed in CA
Principal place of business - Morristown address
Licensed in - New Jersey only

**Crum & Forster Indemnity Company**
State of Domicile - Delaware
CA No. - 08757
Principal place of business - Morristown address
Licensed in all 50 States and DC

**Crum & Forster Specialty Insurance Company**
State of Domicile - Arizona
Not licensed in CA

North River - 14449

Principal place of business - Morristown address
Licensed in Arizona only; eligible E&S insurer in all 50 states including DC, and Guam & Puerto Rico

**Seneca Specialty Insurance Company, Inc.**
State of Domicile - Arizona
Not licensed in CA
Principal Place of Business - 160 Water Street, New York, NY 10038
Licensed in Arizona only, eligible E&S insurer in all 50 states including DC.

**AMC Re, Inc.**
State of Domicile - Arkansas
Not licensed in CA
Principal place of business - 824 Front Street, Conway, AR 72032
Licensed in Arkansas only

**American Underwriters Insurance Company**
State of Domicile - Arkansas
Not licensed in CA
Principal place of business - 824 Front Street, Conway, AR 72032
Licensed in Arkansas only

REPORT A CLAIM     FIND A PRODUCER     PRIVACY     SITE MAP     CONTACT US



| SEARCH | |

PRODUCTS    LOSS CONTROL    CLAIMS    ABOUT    CAREERS    CONTACT US

**ABOUT**
About C&F
Operating Principles
Regulatory Information
Financial Highlights
   Investment Portfolio
   Financial Strength Ratings
Leadership
News
Legal Notice
Privacy
Contact Us

## Financial Strength Ratings

|  | A.M. Best | S&P |
|---|---|---|
| United States Fire Insurance Company | A | A- |
| The North River Insurance Company | A | A- |
| First Mercury Insurance Company | A | No Rating |
| Crum and Forster Insurance Company | A | A- |
| Crum & Forster Indemnity Company | A | No Rating |
| Crum & Forster Specialty Insurance Company | A | A- |
| Seneca Insurance Company, Inc. | A | No Rating |
| Seneca Specialty Insurance Company | A | No Rating |
| American Underwriters Insurance Company | A | No Rating |

United States Fire Insurance Company, The North River Insurance Company, First Mercury Insurance Company, Crum and Forster Insurance Company, Crum & Forster Indemnity Company, Crum & Forster Specialty Insurance Company, Seneca Insurance Company, Inc., Seneca Specialty Insurance Company, AMC Re., and American Underwriters Insurance Company are rated "A" (Excellent) with a stable outlook by A.M. Best Company. Financial Size Category of Class XIII. United States Fire Insurance Company, The North Rivar Insurance Company, Crum and Forster Insurance Company, and Crum & Forster Specialty Insurance Company are rated "A-" (Strong) with a positive outlook by Standard & Poor's.

REPORT A CLAIM    FIND A PRODUCER    PRIVACY    SITE MAP    CONTACT US

© 2012 United States Fire Insurance Company
All rights reserved.

## **NORTH RIVER'S GENERAL OBJECTIONS TO THIS SET OF REQUESTS**

1.      North River objects to the definitions and instructions accompanying Plaintiffs' Second Request for Production to the extent they seek to impose broader or more onerous obligations or duties on North River than those imposed by the applicable rules of civil procedure.  North River's objections and responses, and supplemental objections and responses, if any, will be made solely in accordance with the applicable rules of civil procedure.

2.      North River generally objects to these requests to the extent that the requests seek information that is not specifically relevant to the November 2012 bellwether trial, in that it is unduly burdensome for North River and its counsel to have to respond to such requests while preparing for a trial to which these issues will be irrelevant.  Furthermore, Judge Fallon has requested that the parties focus discovery on those matters pertinent to the bellwether trial, and insurance issues generally will not be pertinent to the bellwether trial.

3.      North River objects to any requests that may request information concerning reserve or reinsurance information to the extent such information is confidential and proprietary.  To the extent that any of these requests could be construed to request production of communications with reinsurers, North River also objects that this information is not relevant to the question of whether coverage is available under the North River Policies for the Plaintiffs' claims.  *See e.g., Royal Bahamian Ass'n v. QBE Ins. Co*., 268 F.R.D. 692, 695 (S.D. Fla. 2010) (reinsurance information not relevant to factual matter of whether policyholder is entitled to coverage); *American Medical Systems, Inc. v. National Union Fire Ins. Co*., 1999 WL 781495 (E.D. La. 1999) (holding that reinsurance information was not discoverable by policyholder on claim against insurer for reimbursement of defense costs).  To the extent that any of these requests could be construed to request production of reserve information, North River further objects that this information is not relevant to the question of whether coverage is available under the North River Policies for the Plaintiffs' claims.  *See Fidelity & Deposit Co. v. McCullough,* 168 F.R.D. 516 (E.D. Pa. 1996); *Rhone-Poulenc Rorer, Inc. v. Home Indem. Co.,* 139 F.R.D. 609 (E.D. Pa. 1991); *Leksi, Inc. v. Federal Ins. Co*., 129 F.R.D. 99, 113 – 14 (D. N.J. 1989); *PECO Energy Co. v. Insurance Co. of N. America*, 852 A.2d 1230, 1235 (Pa. Super Ct. 2004); *Hoechst Celanese Corp. v. National Union Fire Ins. Co*., 623 A.2d 1099 (Del. Super. Ct. 1991).

4.      North River generally objects to the Requests to the extent they exceed the scope of allowable discovery, as they do not seek information that is relevant and, in fact, seek information that is neither admissible nor reasonably calculated to lead to the discovery of admissible evidence.

5.      North River objects to these Requests to the extent they prematurely inquire about matters requiring expert opinion or testimony.  North River will provide information on expert testimony, if and when required by the Court Rules and/or Pretrial Orders.

6.      North River reserves its rights, provided under the applicable rules of civil procedure, to supplement its answers and responses in accordance with those rules.

7. These objections apply, and are incorporated by reference into the response, to each request regardless of whether or not expressly so stated in the response.

8. North River objects to these requests to the extent that they are duplicative of requests for production that Plaintiffs have served upon North River to which North River has previously responded.

**NORTH RIVER'S SPECIFIC OBJECTIONS TO THIS SET OF REQUESTS**

1. North River objects to the definitions of "You" and "Your" as set for in Plaintiffs' Request for Production as overly broad, to the extent that it includes individuals or entities who are outside the control of North River. For purposes of responding to these requests, North River defines "You" and "Your" as The North River Insurance Company and its officers, directors, employees, agents and representatives.

2. North River objects to the definition of "Policies" as set forth in Plaintiffs' Request for Production. North River first objects on the grounds that Plaintiffs have misidentified the policy in effect for the time period December 1, 2003 to January 1, 2005. The correct policy number is 553-085250-3. In addition, North River objects to the term "Policies" as overly broad, to the extent it includes Policy Nos. 553-085250-3 and 553-086807-3, as those policies expired before Interior Exterior Building Supply, LP distributed any of the Chinese-manufactured drywall that is at issue in this matter.

3. North River objects to the definition of "InEx" as being overly broad, to the extent it includes InEx's insurers, including North River.

4. North River objects to the definition of "Chinese Drywall" as being overly broad, to the extent it is not limited in scope to any particular time period and to the extent it encompasses drywall that has been determined to not be reactive.

5. North River objects to the definition of "Defender Policies" or "The Defender" as set forth in Plaintiffs' Request for Production. Policy Form No. FM101.0.1108 (0999) is used by North River and related companies in issuing certain insurance policies. The "Defender" is a name given to a wide variety of policies and forms that provide specific areas of coverage; it is not a "type" of policy, nor is it a policy in and of itself.

6. North River objects to the definition of "UFIC" as United Fire Insurance Company. There is no company affiliated with North River operating under the name United Fire Insurance Company. For purposes of responding to these requests, North River will assume that Plaintiffs meant "United States Fire Insurance Company."

**REQUEST FOR PRODUCTION NO. 1:**

A certified true and complete copy of Your underwriting file regarding the Defender Policy, the Policies or other policies of insurance of InEx.

**RESPONSE:** North River objects to this request as vague and ambiguous.  Specifically, with regard to the reference to the "Defender Policy," Policy Form No. FM101.0.1108 (0999) is used by North River and related companies in issuing certain insurance policies.  The "Defender" is a name given to a wide variety of policies and forms that provide specific areas of coverage; it is not a "type" of policy, nor is it a policy in and of itself.  Therefore, there is no underwriting file regarding the Defender Policy, because the Defender is a form that was incorporated within the Policies that North River issued to InEx.  North River further objects to this Request on the basis that it seeks information which is irrelevant and not reasonably calculated to lead to the discovery of admissible evidence.  Specifically, the underwriting documents requested are irrelevant to any determination as to whether coverage is available to Interior Exterior under the North River Policies for the Plaintiffs' claims.  *See e.g., McCullough v. Fidelity & Deposit Co.*, 2 F.3d 110, 113 (5th Cir. 1993) (holding that underwriting file was irrelevant to resolution of coverage dispute); *Milinazzo v. State Farm Ins. Co.*, 247 F.R.D. 691, 702 – 03 (S.D. Fla. 2007).  North River further objects to this Request on the basis that it seeks information which is confidential and/or proprietary in nature.  Subject to the foregoing general and specific objections, North River responds as follows:  North River has previously produced certified copies of the Policies to Plaintiffs.  North River will not produce any other documents responsive to this request.

**REQUEST FOR PRODUCTION NO. 2:**

The agreement between You and UFIC regarding claims handling of the InEx claim.

**RESPONSE:** North River objects to this request as vague and ambiguous to the extent it refers to "UFIC" as United Fire Insurance Company, as North River has no relation with United Fire Insurance Company.  To the extent this request should be read as pertaining to United States Fire Insurance Company, North River objects to this request on the grounds that it seeks information that is not reasonably calculated to lead to the discovery of admissible evidence.  Subject to the foregoing general and specific objections, North River responds as follows:  North River will not produce any other documents responsive to this request.

**REQUEST FOR PRODUCTION NO. 3:**

All communications between You and UFIC regarding claims handling.

**RESPONSE:** North River objects to this request as vague and ambiguous to the extent it refers to "UFIC" as United Fire Insurance Company, as North River has no relation with United Fire Insurance Company.  To the extent this request should be read as pertaining to United States Fire Insurance Company, North River objects to this request on the grounds that it seeks information that is not reasonably calculated to lead to the discovery of admissible evidence.  North River also objects to this request to the extent is overly broad, in that it is not reasonably limited in time, nor is it reasonably limited to the claims at issue in this matter.  North River further objects

to this Request on the basis that it seeks information which is confidential and/or proprietary in nature. Subject to the foregoing general and specific objections, North River responds as follows: North River will not produce any documents responsive to this request.

**REQUEST FOR PRODUCTION NO. 4:**

Your policies and procedures for reservation of rights letters.

**RESPONSE:** North River objects to this request on the grounds that it seeks information that is not reasonably calculated to lead to the discovery of admissible evidence. North River further objects to this Request on the basis that it seeks information which is confidential and/or proprietary in nature. Subject to the foregoing general and specific objections, North River responds as follows: North River will not produce any documents responsive to this request.

**REQUEST FOR PRODUCTION NO. 5:**

The UFIC policies and procedures for reservation of rights letters.

**RESPONSE:** North River objects to this request as vague and ambiguous to the extent it refers to "UFIC" as United Fire Insurance Company, as North River has no relation with United Fire Insurance Company. To the extent this request should be read as pertaining to United States Fire Insurance Company, North River objects to this request on the grounds that it seeks information that is not reasonably calculated to lead to the discovery of admissible evidence, in that United States Fire Insurance Company has issued no insurance policies to InEx and has issued no reservation of rights letters to InEx. North River further objects to this Request on the basis that it seeks information which is confidential and/or proprietary in nature. Subject to the foregoing general and specific objections, North River responds as follows: North River will not produce any documents responsive to this request.

**REQUEST FOR PRODUCTION NO. 6:**

The reservation of rights letter issued to InEx.

**RESPONSE:** North River objects to this request on the basis that the Court previously ruled that any reservation of rights letters issued to InEx by North River are irrelevant to the issues in this trial, as outlined in the May 29, 2012 Minute Entry. North River further objects to this request as vague, ambiguous and overly broad, in that the request could encompass reservation of rights letters that North River may have issued to InEx on claims that are completed unrelated to the claims at issue. North River also objects to this request as vague, ambiguous and overly broad to the extent it may be read to request coverage position letters that may have been issued to InEx by other insurers besides North River. North River further objects to this request on the grounds that it seeks information that is irrelevant and not reasonably calculated to lead to the discovery of admissible evidence. Specifically, the documents requested are irrelevant to any determination as to whether coverage is available to Interior Exterior under the North River Policies for the Plaintiffs' claims. North River further objects to this Request on the basis that it seeks information which is confidential and/or proprietary in nature. Subject to the foregoing

---

general and specific objections, North River responds as follows: North River will not produce any documents responsive to this request.

**REQUEST FOR PRODUCTION NO. 7:**

Your policies and procedures for re-insurance.

**RESPONSE:** North River further objects to this Request on the basis that it seeks information which is confidential and/or proprietary in nature. North River further objects to this Request on the basis that it seeks information which is irrelevant and not reasonably calculated to lead to the discovery of admissible evidence. Specifically, the documents requested are irrelevant to any determination as to whether coverage is available to Interior Exterior under the North River Policies for the Plaintiffs' claims. *See e.g., Royal Bahamian Ass'n v. QBE Ins. Co*., 268 F.R.D. 692, 695 (S.D. Fla. 2010) (reinsurance information not relevant to factual matter of whether policyholder is entitled to coverage); *American Medical Systems, Inc. v. National Union Fire Ins. Co*., 1999 WL 781495 (E.D. La. 1999) (holding that reinsurance information was not discoverable by policyholder on claim against insurer for reimbursement of defense costs). Subject to the foregoing general and specific objections, North River responds as follows: North River will not produce any documents responsive to this request.

**REQUEST FOR PRODUCTION NO. 8:**

Documents and communications relating to re-insurance of the policies of insurance for InEx.

**RESPONSE:** North River further objects to this Request on the basis that it seeks information which is confidential and/or proprietary in nature. North River further objects to this Request on the basis that it seeks information which is irrelevant and not reasonably calculated to lead to the discovery of admissible evidence. Specifically, the documents requested are irrelevant to any determination as to whether coverage is available to Interior Exterior under the North River Policies for the Plaintiffs' claims. *See e.g., Royal Bahamian Ass'n v. QBE Ins. Co*., 268 F.R.D. 692, 695 (S.D. Fla. 2010) (reinsurance information not relevant to factual matter of whether policyholder is entitled to coverage); *American Medical Systems, Inc. v. National Union Fire Ins. Co*., 1999 WL 781495 (E.D. La. 1999) (holding that reinsurance information was not discoverable by policyholder on claim against insurer for reimbursement of defense costs). Subject to the foregoing general and specific objections, North River responds as follows: North River will not produce any documents responsive to this request.

**REQUEST FOR PRODUCTION NO. 9:**

The marketing materials utilized by You for issuance of the policies to InEx.

**RESPONSE:** North River objects to this request to the extent it assumes facts not in evidence. North River also objects to this Request on the basis that it seeks information which is irrelevant and not reasonably calculated to lead to the discovery of admissible evidence. Specifically, the documents requested are irrelevant to any determination as to whether coverage is available to Interior Exterior under the North River Policies for the Plaintiffs' claims. *See e.g., McCullough v. Fidelity & Deposit Co*., 2 F.3d 110, 113 (5th Cir. 1993) (holding that underwriting file was

irrelevant to resolution of coverage dispute); *Milinazzo v. State Farm Ins. Co.*, 247 F.R.D. 691, 702 – 03 (S.D. Fla. 2007). North River further objects to this Request on the basis that it seeks information which is confidential and/or proprietary in nature. Subject to the foregoing general and specific objections, North River responds as follows: North River will not produce any documents responsive to this request.

**REQUEST FOR PRODUCTION NO. 10:**

Your filings with Regulatory Agents regarding the policies of insurance issued to InEx.

**RESPONSE:** North River objects to this request as vague and ambiguous to the extent it refers to "Regulatory Agents." North River further objects to this request on the grounds that it seeks information that irrelevant and is not reasonably calculated to lead to the discovery of admissible evidence. Subject to the foregoing general and specific objections, North River responds as follows: North River previously produced to Plaintiffs documents concerning the approval of the "Defender" form by the Louisiana Department of Insurance; those documents were produced to Plaintiffs as North River 371 – North River 520.

**REQUEST FOR PRODUCTION NO. 11:**

Documents sufficient to show the relationship, as well as ownership, of the identification made in Your Profile Form that The North River Company is a wholly owned subsidiary of Crum & Forster Holdings, Corp. which is a wholly owned subsidiary of Crum & Forster Holding Inc. which in turn is a wholly owned subsidiary of Crum & Forster Holdings Corp. (Delaware) which is a wholly owned subsidiary of Fairfax Inc. (Wyoming) which is a wholly owned subsidiary of PFHL Group, Ltd. (Canada) which is a wholly owned subsidiary of Fairfax Financial Holdings Limited (Canada) which is listed on the Toronto Stock Exchange.

**RESPONSE:** North River objects to this request on the grounds that it seeks information that is not reasonably calculated to lead to the discovery of admissible evidence. Subject to the foregoing general and specific objections, North River responds that The North River Company is a wholly owned subsidiary of Crum & Forster Holdings, Corp. (Delaware) which is a wholly owned subsidiary of Fairfax (US) Inc. which is a wholly owned subsidiary of FFHL Group, Ltd. (Canada) which is a wholly owned subsidiary of Fairfax Financial Holdings Limited (Canada) which is listed on the Toronto Stock Exchange. North River further responds by attaching documents North River 14448 – 14451 and refers Plaintiffs to www.cfins.com for additional information responsive to this request.

**REQUEST FOR PRODUCTION NO. 12:**

The claims file of Agnes A. Reiss for the InEx policies.

**RESPONSE:** North River objects to this request as vague and ambiguous, and overly broad to the extent it may be read to request copies of North River's claims files for claims against InEx that do not concerning claims for "bodily injury" or "property damage" allegedly caused in whole or in part by drywall manufactured in the People's Republic of China by entities owned by

---

Knauf and/or Taishan. Subject to the foregoing objection, North River responds as follows: North River has already produced all responsive, non-privileged documents from the InEx claims files to the PSC. Those documents may be found at North River 571 – North River 14447.

**REQUEST FOR PRODUCTION NO. 13:**

All documents produced to InEx relating to Chinese drywall claims.

**RESPONSE:** North River objects to this request as being vague and ambiguous. Specifically, if this request relates to documents that North River has produced to InEx relating to the Chinese drywall claims, the answer is that there are no documents responsive to this request, as InEx has not served any request for production of documents upon North River. If this request relates to all documents that other parties have produced to InEx relating to Chinese drywall claims, then North River responds that it does not know what documents other parties may have produced to InEx relating to Chinese drywall claims, and that it would be unduly burdensome for North River to respond to this request, as North River would have to serve its own discovery request to obtain these same documents from InEx. Subject to the foregoing general and specific objections, North River responds as follows: North River will not produce any documents responsive to this request.

Respectfully submitted,

By: */s/ Brian S. Martin*
BRIAN S. MARTIN, ESQ.
KEVIN RISLEY, ESQ.
RODRIGO "DIEGO" GARCIA, JR., ESQ.
THOMPSON COE COUSINS & IRONS LLP
One Riverway, Suite 1600
Houston, Texas 77056
Phone: (713) 403-8206
Fax: (713) 403-8299
bmartin@thompsoncoe.com

SIDNEY J. ANGELLE, ESQ.,
La. Bar No. 1002
ERIC B. BERGER, ESQ.
La. Bar No. 26196
LOBMAN CARNAHAN BATT
   ANGELLE & NADER
400 Poydras Street, Suite 2300
New Orleans, Louisiana 70130
Phone: (504) 586-9292
Fax:   (504) 586-1290
sja@lcba-law.com

**ATTORNEYS FOR THE NORTH RIVER INSURANCE COMPANY**

**CERTIFICATE OF SERVICE**

I hereby certify that on this the 2nd day of August, 2012, the above and foregoing pleading has been served on Plaintiffs' Liaison Counsel, Leonard A. Davis, Russ M. Hermann, and Stephen J. Herman by e-mail and upon all parties by electronically uploading the same to LexisNexis File & Serve in accordance with Pre-Trial Order No. 6, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2047.

*/s/ Brian S. Martin*
BRIAN S. MARTIN