# SETTLEMENT ALLOCATION PLAN

The Settlement Funds shall be distributed pursuant to the following allocation protocol:

**1.     Eligibility.**  To be eligible for an allocation of Settlement Funds, a Class Member must own, have owned, reside in, or have resided in, or in the case of a defendant Class Member must have repaired, an Affected Property containing defective Chinese Drywall ("CDW"), and the Affected Property's builder, installer, and/or supplier must have participated in this Settlement by contributing to the Settlement Funds.

**2.     Gross Settlement Amount.**  The Settlement Funds available for allocation and distribution shall be $70,570,000, or $80,000,000 less credits as provided in Section 4.2.1 of the Settlement ("Gross Settlement Amount").

**3.     Participating Defendant Funds.**  The Gross Settlement Amount was created from settlement contributions from various Participating Defendants, which include participating builders, installers, and suppliers, along with their respective Participating Insurers.  Settlement contributions from participating builders and any of their Participating Insurers shall be referred to as the "Participating Builders Fund."  Settlement contributions from participating installers and any of their Participating Insurers shall be referred to as the "Participating Installers Fund." Settlement contributions from participating suppliers and any of their Participating Insurers shall be referred to as the "Participating Suppliers Fund."  The Participating Builders Fund, the Participating Installers Fund, and the Participating Suppliers Fund shall be collectively referred to as the "Participating Defendant Funds."

>    **3.1     Distributions to Participating Defendant Funds.**  The Participating Defendant Funds are expected to be funded roughly as follows:  (a) Participating Builders Fund – 40% of the Gross Settlement Amount; (b) Participating Suppliers Fund – 40% of the Gross Settlement Amount; and (c) Participating Installers Fund – 20% of the Gross Settlement Amount.

**4.     Set Aside for Attorneys' Fees and Costs.**  The Parties recognize that the final determination of entitlement to attorneys' fees and costs, and the amount of any such award, shall be made by Judge Eldon E. Fallon.  Pending a determination of the entitlement to and amount of any awards of attorneys' fees and costs, the Parties agree to set aside a portion of the Gross Settlement Amount from each of the Participating Defendant Funds to satisfy any such awards.  Thirty-two percent (32%) of the Gross Settlement Amount shall initially be set aside from each of the Participating Defendant Funds for an award of attorneys' fees ("Attorneys' Fees Set Aside").  An additional fund in the amount of $5,000,000 shall be created (by setting aside this amount from the Gross Settlement Amount) for the reimbursement of reasonable expenses, including the cost of notice advanced from the Settlement Funds, the cost of the mediator and the cost of administering the allocation of Settlement Funds ("Cost Set Aside").  Collectively, these two set asides shall be referred to as the "Attorneys' Fees and Cost Set Aside." The remaining funds of the Gross Settlement Amount, shall be referred to as the "Funds Available for Distribution."

For all Affected Properties, the maximum allowable award of attorneys' fees from the Attorneys' Fees Set Aside shall be thirty-two percent (32%), with no more than 15% of the Gross Settlement Amount allocated to common benefit fees. All Parties reserve their rights to object to or oppose any motions or petitions seeking an award of attorneys' fees, common benefit fees, and/or costs for any Affected Property.[1]

Following the submission of all claims forms, and motions or petitions seeking an award of fees and/or costs, along with any objections thereto, the Court will determine the appropriate amount of attorneys' fees and/or common benefit fees awarded for each Affected Property from the Attorneys' Fees Set Aside. At that time, the Court will also establish a procedure for the return of any "Applicable Overages", i.e., the difference between the thirty-two percent set aside and the amount of attorneys' fees and/or common benefit fees awarded for each Affected Property. These procedures shall ensure that any Class Members subject to lower attorneys' fees and/or common benefit fees will get a larger distribution than Class Members subject to higher fees, so that each Class Member will receive the precise net distribution to which that Class Member is entitled after deducting the applicable award of attorneys' fees, common benefit fees, and costs attributable to each Affected Property for that Class Member.

**5. Repair and Relocation Payments.** Ninety-five percent (95%) of the Funds Available for Distribution in each of the Participating Defendant Funds shall be set aside to compensate or reimburse Class Members for "Repair and Relocation Damages"[2] ("Repair and Relocation Payments"). Class Members shall be entitled to recover their Repair and Relocation Payments from only those Participating Defendant Funds to which their respective builder, installer, and/or supplier contributed. If a Class Member's builder, installer, and/or supplier does not participate in this Settlement, that Class Member shall not be entitled to a recovery of a Repair and Relocation Payment from the corresponding Participating Defendant Fund to which the applicable Non-Participating Defendant failed to contribute. In such a case, the Class Member does not release and maintains all claims against that Non-Participating Defendant.

**6. Bodily Injury and Personal Property Set Aside.** Five percent (5%) of the Funds Available for Distribution in each of the Participating Defendant Funds shall be set aside in one separate fund to compensate or reimburse Class Members for alleged bodily injury ("Bodily Injury Set

---

[1] There remains a dispute as to what amount in fees and costs should be paid for Affected Homes that were repaired by a defendant who actively pursued this Litigation and/or whose homeowner did not actively pursue Litigation. The Parties agree to submit this dispute for resolution by Judge Fallon as soon as possible if and when this settlement receives final approval.

[2] The term "Repair and Relocation Damages" shall mean costs and expenses associated with the following: (i) the removal of the CDW from the Affected Property and repairing or replacing affected building materials and fixtures in the Affected Property (the "repair work"); (ii) the relocation of the property owners' belongings (*i.e.*, moving expenses and storage-related expenses) during the repair work; and (iii) if necessary, obtaining comparable alternative living arrangements for the homeowners during the repair work.

2

Aside") and "Personal Property Losses"[3] ("Personal Property Set Aside").  The amount of the Bodily Injury Set Aside shall not exceed four and one half percent of the Funds Available for Distribution from each of the Participating Defendant Funds and the amount of the Personal Property Set Aside shall not exceed one-half of one percent of the Funds Available for Distribution from each of the Participating Defendant Funds.  Class Members shall be eligible to recover from the Bodily Injury Set Aside and Personal Property Set Aside if one or more their respective builders, installers, and/or suppliers contributed to the Settlement Funds.

7. **Affected Property Allocation and Recovery From Each Participating Fund.**

   a. **Claim Form Information.**  In order to allocate the Repair and Relocation Payments from each Participating Defendant Fund between the Class Members, the Special Master or Claims Administrator shall first compile claims information from the Class Members, by a date certain, to determine:  (i) the total number of Affected Properties that are entitled to an allocation from the particular Participating Fund (i.e., for each affected home, the Special Master or Claims Administrator must determine whether the respective builder, installer or supplier participated in this Settlement by contributing to the applicable Participating Defendant Fund); and (ii) the total combined square footage under air of all such Affected Properties for each Participating Defendant Fund ("Total Square Footage")

   b. **Determine Square Footage Allocation.**  The Special Master or Claims Administrator shall then divide the total amount of the Repair and Relocation Payments for each Participating Defendant Fund by the Total Square Footage for that fund to determine the amount per square foot to allocate to each Affected Property for each Participating Defendant Fund.  This shall be the "Square Footage Allocation" for each Participating Defendant Fund.

   c. **Determine Claimants' Individual Distributions.**  After the Square Footage Allocation for each Participating Defendant Fund has been determined, the Special Master or Claims Administrator shall determine the allocated amount for each qualifying Affected Property by multiplying the number of square feet in the Affected Property by the Square Footage Allocation to determine  the "Net Payment for Affected Property" for the Relocation Damages Payment for that Affected Property.

This Net Payment for Affected Property shall be distributed to the owner of each Affected Property unless: (i) the Affected Property has been repaired by a defendant; (ii) the owner is both a Knauf Class Member (as that term is defined in Paragraph 1.1.2 of the Knauf Class Settlement) and a KPT Property Owner (as that term is defined in Paragraph 1.28 of the Knauf Class

---

[3] The term "Personal Property Losses" shall mean alleged damages to the property owners' personal property, such as appliances (unless replaced as part of remediation), electronics, and other household items.

Settlement) obligated to assign this distribution pursuant to Paragraph 4.8.2 of the Knauf Class Settlement; or (iii) the owner is both a Knauf Class Member (as that term is defined in Paragraph 1.1.2 of the Knauf Class Settlement) and a Mixed Property Owner (as that term is defined in Paragraph 1.35 of the Knauf Class Settlement) obligated to assign some portion of this distribution pursuant to Paragraph 4.8.2 of the Knauf Class Settlement.  In the event (i) applies, the Net Payment for each Affected Property shall be transferred to the remediating defendant who will not be obligated to assign any of that amount to the Remediation Fund created by the Knauf Class Settlement.  In the event (ii) applies, the Net Payment for each Affected Property shall be transferred to the Remediation Fund created by the Knauf Class Settlement (or if the Knauf Class Settlement is not finally approved, to the Escrow Fund established by the Pilot Program for those assignments that were made through participation in the Pilot Program).  In the event (iii) applies, the Net Payment for each Affected Property multiplied by the KPT Drywall Percentage (as defined in Paragraph 1.26 of the Knauf Class Settlement) shall be transferred to the Remediation Fund created by the Knauf Class Settlement and the remainder shall be transferred to the owner of that Affected Property.  Under no circumstances shall any Class Member (property owner or its assignee or any other Class Member) receive any distribution under this Settlement for Repair and Relocation Related Expenses beyond their reasonable, actual out-of-pocket (or estimated, in the case of unrepaired properties) Repair and Relocation Related Expenses.

In addition to any other requirements under this Settlement, in order to recover from the Participating Defendant Funds, the Class Members must submit proof satisfactory to the Special Master or Claims Administrator: (a) that the Affected Property contains CDW; (b) of the square footage under air of the Affected Property; and (c) that the home was built by a participating builder, the drywall was installed by a participating installer and/or the drywall was supplied by a participating supplier.  Any Class Member who is also a Participating Class Member in the Knauf Class Settlement must comply with the qualifying procedures in Paragraph 4.4 of the Knauf Class Settlement.  Because defendant Class Members did not contribute funds for Affected Properties they own or repaired, such defendant Class Members are not entitled to recover from their respective Participating Defendant Fund (i.e. a remediating builder cannot recover from the Participating Builders Fund, etc.) with respect to any such Affected Property, except to the extent that another Participating Defendant contributed to that same Participating Defendant Fund for that Affected Property.

**8.     Allocation and Recovery of Bodily Injury Set Aside.**  In order to recover for bodily injury from the Bodily Injury Set Aside, all qualifying Class Members (i.e., those Class Members whose builder, installer, and/or supplier(s) contributed to the Settlement Funds) are required to comply with a claims process similar to the process set forth in Paragraph 4.7 of the Knauf Class Settlement, whether or not that Class Member has claims arising out of KPT Drywall.

All Class Members with Affected Properties containing KPT Chinese Drywall (as that term is defined in Paragraph 1.25 of the Knauf Class Settlement) must, prior to seeking a distribution from the Bodily Injury Set Aside, first seek to recover such benefits from the Knauf Other Loss Fund described in Paragraph 4.6 of the Knauf Class Settlement, the Banner Class Settlement and/or the Interior Exterior Class Settlement, if applicable.

If a Class Member with an Affected Property has a claim for bodily injury that is rejected by the Special Master overseeing the Knauf Class Settlement's Other Loss Fund Claims Procedures, or through the Banner Class Settlement or Interior Exterior Class Settlement, that Class Member shall be precluded from recovering from this Bodily Injury Set Aside.  If, on the other hand, a Class Member with an Affected Property is able to recover some but not all of his/her alleged bodily injury damages from the Knauf Other Loss Fund, or through the Banner Class Settlement or Interior Exterior Class Settlement, that Class Member shall then be entitled to an allocation from this Bodily Injury Set Aside.

The Special Master or Claims Administrator shall determine the amount of approved bodily injury claims according to the standards set forth in Paragraph 4.7 of the Knauf Class Settlement.  If the amount of approved claims for bodily injury is less than the Bodily Injury Set Aside, the Special Master or Claims Administrator shall award each Class Member with an approved claim the full amount of their approved bodily injury claim.  If, on the other hand, the total amount of approved claims for bodily injury exceeds the total amount of the Bodily Injury Set Aside, the Special Master or Claims Administrator shall decrease the amount of each Class Members' approved claim for bodily injury on a pro-rata basis, and award each Class Member with an approved claim their pro-rata share.  Under no circumstances shall any Class Member receive a distribution for bodily injury beyond their actual damages.

**9.     Allocation and Recovery of Personal Property Set Aside.**  In order to recover Personal Property Losses from the Personal Property Set Aside, all qualifying Class Members (i.e., those Class Members whose builder, installer, and/or supplier(s) contributed to the Settlement Funds) are required to comply with a claims process similar to the process set forth in Paragraph 4.7 of the Knauf Class Settlement, whether or not that Class Member has claims arising out of KPT Drywall.

All qualifying Class Members who participate in the Knauf Settlement and receive the Lump Sum Payment defined in Paragraph 4.3.1.1. of the Knauf Settlement shall be precluded from receiving any distribution for Personal Property Losses from the Personal Property Set Aside.  This Personal Property Set Aside is available to Class Members who do not receive compensation for personal property loss under the Pilot Program, the Knauf Class Settlement, Banner Class Settlement, or Interior Exterior Class Settlement, and who did not already release their claims for Personal Property Losses.

The Special Master or Claims Administrator shall determine the amount of approved Personal Property Losses according to the standards set forth in Paragraph 4.7 of the Knauf Class Settlement.  If the amount of approved claims for Personal Property Losses is less than the Personal Property Set Aside, the Special Master or Claims Administrator shall award each Class Member with an approved claim the full amount of their approved Personal Property Losses claim.  If, on the other hand, the total amount of approved claims for Personal Property Losses exceeds the total amount of the Personal Property Set Aside, the Special Master or Claims Administrator shall decrease the amount of each Class Members' approved claim for Personal Property Losses on a pro-rata basis, and award each Class Member with an approved claim their pro-rata share.  Under no circumstances shall any Class Member receive a distribution for Personal Property Losses beyond their actual damages.

**10.     Distribution of Unused Bodily Injury or Personal Property Set Aside.**  Any funds from the Bodily Injury Set Aside or Personal Property Set Aside that are not used to compensate a Class Member for bodily injury or Personal Property Losses shall be transferred to each of the Participating Defendant Funds in their percentage allocation under Section 3.1 and distributed to all qualifying owners of Affected Properties or their assignees in the same manner as provided for in section 7 above.