# EXHIBIT "A"

**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | | |
|---|---|---|
| =============================== | x | ============================= |
| | x | |
| IN RE: CHINESE-MANUFACTURED | x | MDL NO. 2047 |
| DRYWALL PRODUCTS LIABILITY | x | SECTION: L |
| LITIGATION | x | JUDGE FALLON |
| | x | MAG. JUDGE WILKINSON |
| THIS DOCUMENT RELATES TO ALL | x | |
| CASES | | |
| =============================== | x | ============================= |

**THE PLAINTIFFS' STEERING COMMITTEE'S SECOND SET OF REQUESTS FOR PRODUCTION TO DEFENDANT THE NORTH RIVER INSURANCE COMPANY**

**PLEASE TAKE NOTICE** that, pursuant to Federal Rules of Civil Procedure 34, the Plaintiffs' Steering Committee ("PSC") propounds the following Requests for Production defendant, THE NORTH RIVER INSURANCE COMPANY, to produce the following documents for inspection and copying within thirty (30) days of service, or at such other time as is mutually agreeable to all counsel.

DEFINITIONS

(a) "Communication" means the transmittal of information (in the form of facts, ideas, inquiries, or otherwise).

(b) "Computer" means all devices utilizing microchips to facilitate processing, analysis, or storage of data, including microcomputers (also known as personal computers), laptop computers, portable computers, notebook computers, palmtop computers (also known as personal digital assistants or PDA's), minicomputers and mainframe computers.

(c) "Concerning" means relating to, referring to, describing, evidencing, embodying, or constituting.

1

(d) "Document" is defined to be synonymous in meaning and equal in scope to the usage of this term in Federal Rule of Civil Procedure 34(a), including, without limitation, electronic or computerized data compilations. Documents shall include all drafts, including drafts with "track changes," and shall be deemed to be separate documents within the meaning of this term.

(e) "Electronically stored information" or "ESI" means the original (or identical duplicate when the original is not available), and any non-identical copies (whether non-identical because of notes made on copies or attached comments, annotations, marks, transmission notations, or highlighting of any kind) of writings and data compilations in any form, and of every kind and description whether inscribed by mechanical, facsimile, electronic, magnetic, digital, or other means. ESI includes, by way of example only, computer programs (whether private, commercial, or work-in-progress), programming notes or instructions, activity listings of electronic mail receipts and transmittals, output resulting from the use of any software program, including word processing documents, spreadsheets, database files, charts, graphs and outlines, electronic mail displaying full e-mail alias's (not merely "display names), electronic calendars, I'm logs, PBX logs, document management system data, operating systems, all metadata, source code of all types, peripheral drivers, PIF files, batch files, ASCII files, and any and all miscellaneous files and file fragments, regardless of the media on which they reside and regardless of whether said ESI consists in an active file, deleted file or file fragment. Electronically stored information includes any and all items stored on computer memories, hard disks, floppy disks, CD-ROMs, removable media such as Zip disks, Jaz cartridges, Bernoulli Boxes and their equivalent, magnetic tapes of all types, microfiche, punched cards, punched tape, computer chips, including, EPROM, PROM, RAM and ROM, on or in any other vehicle for

digital data storage and transmittal. The term ESI also includes the file, folder tabs and containers and labels appended to, or associated with, any physical storage device associated with each original and copy.

(f) "Electronic media" means any magnetic or other storage media device used to record electronically stored information. Electronic media devices may include computer memories, hard disks, floppy disks, CD-ROM, removable media such as Bernoulli Boxes and their equivalent, magnetic tapes of all types, microfiche, punched cards, punched tape, computer chips, including, EPROM, PROM, RAM and ROM, or on or in any other vehicle for digital data storage and transmittal.

(g) "Identify" with respect to persons, means to give, to the extent known, the person's full name, present or last known address, and when referring to a natural person, additionally, the present or last known place of employment. Once a person has been identified in accordance with this subparagraph, only the name of that person need be listed in response to subsequent discovery requesting the identification of that person.

(h) "Identify" with respect to documents, means to give, to extent known, the (i) type of document; (ii) general subject matter; (iii) date of the document; and (iv) author(s), addressee(s) and recipient(s).

(i) "Including" or "includes" means including, without limitation.

(j) The terms "You" and "Your", as used herein, shall refer to North River Insurance Company, Defendant herein, and shall include, without limitation, any and all employees, adjustors, outside adjustors, consultants, agents and attorneys therefor.

(k) The term "Policies," as used herein, shall refer to the policies of insurance issued by The North River Insurance Company to InEx, which include, but are not limited to, the following policies numbers and effective dates:

| | |
|---|---|
| 553-08520-3 | effective 12/1/03 to 1/1/05 |
| 553-086807-3 | effective 1/1/05 to 1/1/06 |
| 553-088195-1 | effective 1/1/06 to 1/1/07 |
| 553-089469-5 | effective 1/1/07 to 1/1/08 |
| 553-090750-2 | effective 1/1/08 to 1/1/09 |
| 553-091952-6 | effective 1/1/09 to 1/1/10 |

(l) To set forth the "Factual Basis" for a stated proposition means to describe with particularity all facts which You contend provide evidentiary support for the referenced proposition and all evidentiary support for each such fact, including both (1) all direct evidence of the fact and (2) all facts and evidence providing a basis for the inference of the fact. Accordingly, if You contend that a fact is proven partly or wholly by inference from one or more other, predicate facts, You are to state all such predicate facts and all of the evidence supporting such predicate facts, as well as to state the direct evidence of such fact.

(m) "InEx" shall mean all InEx entities, including, but not limited to, InteriorExterior Building Supply, L.P. and all of their past, present and future owners, partners, shareholders, officers, directors, agents, attorneys, employees, parents, associates, subsidiaries, divisions, affiliates, Insurers, and all predecessors and successors, assigns, or legal representatives.

(n) "Chinese Drywall" shall mean any and all drywall products sold, marketed, distributed, and/or supplied by InEx and which are alleged to be defective, and which were

4

manufactured, in whole or in part, in China, including, but not limited to, any and all drywall manufactured by (i) Knauf Gips KG; Knauf Plasterboard (Tianjin) Co. Ltd.; Knauf Plasterboard (Wuhu), Co., Ltd.; Guangdong Knauf new Building Material Products co., Ltd.; Knauf International GmbH; Knauf Insulation GmbH; Knauf AMF GmbH & Co KG; Knauf do Brasil Ltda., Gebr.; Knauf Verwaltungsgesellschaft; P.T. Knauf Gypsum Indonesia (collectively, "Knauf"), and (ii) Taishan Gypsum Co., Ltd. f/k/a Shandong Taihe Dongxin Co., Ltd.; Taian Taishan Plasterboard Co., Ltd.; Pingyi Zhongxin Paper-Faced Plasterboard Co., Ltd. f/k/a Shandong Chenxiang Building Materials Co., Ltd.; Crescent City Gypsum, Inc.; Beijing New Building Materials Public Ltd. Co., and any other manufacturer of Chinese drywall, whether reactive or not.

(o) "InEx Chinese Drywall Claim" shall mean any and all claims against InEx whatsoever arising out of the distribution of or supply by InEx to any party of Chinese Drywall.

(p) "Litigation" shall mean *Silva, et al. v. InteriorExterior Building Supply, LP, et al*, Civ. Action No. 09-08030 (E.D.La.), *Silva, et al. v. Arch Insurance Company, et al.*, Civil Action No. 09-08034 (E.D.La.), all Class Action Omnibus Complaints ("Omni Complaints") filed in MDL No. 2047, and all Related Actions.

(q) "Defender Policies" or "The Defender" refers to The Defender commercial umbrella liability policy designated by form no. FM101.0.1108 (0999) which is issued by the United States Fire Insurance Company, the North River Insurance Company, Crum & Foster Insurance Company or Crum & Foster Underwriters Company of Ohio or Crum & Foster Indemnity Company.

(r) "InEx Settlement" means the Amended Settlement Agreement regarding claims against InEx in MDL No. 2047 filed with the Court on January 24, 2012.

5

(s) "UFIC" means United Fire Ins. Co.

## INSTRUCTIONS

A. Any information, communication, or document responsive to these Document Requests withheld on the basis of any privilege must be listed on a privilege log detailing:

(i) the date of the information, communication or document upon which the claim of privilege is based;

(ii) the identity of the authors, addressees, recipients, and any person who has read or obtained possession of the information, communication or document;

(iii) a brief description of the subject matter of the information, communication or document; and

(iv) the grounds for the claim of privilege relevant to the information, communication or document.

B. If any documents are withheld on the basis of some other objection, state the nature of and the complete factual basis for the objection.

C. Each Document Request specified below extends to any document in your possession, custody or control. A document is deemed to be in your possession, custody or control if it is in the physical custody of any other person and you: (a) own such document in whole or in part; (b) have a right by contract, statute or otherwise to use, inspect, examine or copy such document on any terms; (c) have an understanding, express or implied, that you may use, inspect, examine or copy such document on any terms; or (d) have, as a practical matter, been able to use, inspect, examine or copy such document when you sought to do so.

**DOCUMENT REQUESTS**

**REQUEST FOR PRODUCTION NO. 1:**

A certified true and complete copy of Your underwriting file regarding the Defender Policy, the Policies or other policies of insurance of InEx.

**REQUEST FOR PRODUCTION NO. 2:**

The agreement between You and UFIC regarding claims handling of the InEx claim.

**REQUEST FOR PRODUCTION NO. 3:**

All communications between You and UFIC regarding claims handling.

**REQUEST FOR PRODUCTION NO. 4:**

Your policies and procedures for reservation of rights letters.

**REQUEST FOR PRODUCTION NO. 5:**

The UFIC policies and procedures for reservation of rights letters.

**REQUEST FOR PRODUCTION NO. 6:**

The reservation of rights letter issued to InEx.

**REQUEST FOR PRODUCTION NO. 7:**

Your policies and procedures for re-insurance.

**REQUEST FOR PRODUCTION NO. 8:**

Documents and communications relating to re-insurance of the policies of insurance for InEx.

**REQUEST FOR PRODUCTION NO. 9:**

The marketing materials utilized by You for issuance of the policies to InEx.

**REQUEST FOR PRODUCTION NO. 10:**

Your filings with Regulatory Agents regarding the policies of insurance issued to InEx.

**REQUEST FO RPRODUCTION NO. 11:**

Documents sufficient to show the relationship, as well as ownership, of the identification made in Your Profile Form that The North River Company is a wholly owned subsidiary of Crum & Forster Holdings, Corp. which is a wholly owned subsidiary of Crum & Forster Holding Inc. which in turn is a wholly owned subsidiary of Crum & Forster Holdings Corp. (Delaware) which is a wholly owned subsidiary of Fairfax Inc. (Wyoming) which is a wholly owned subsidiary of FFHL Group, Ltd. (Canada) which is a wholly owned subsidiary of Fairfax Financial Holdings Limited (Canada) which is listed on the Toronto Stock Exchange.

**REQUEST FOR PRODUCTION NO. 12:**

The claims file of Agnes A. Reiss for the InEx policies.

**REQUEST FOR PRODUCTION NO. 13:**

All documents produced to InEx relating to Chinese drywall claims.

Respectfully submitted,

/s/ Leonard A. Davis _____
**Russ M. Herman** (Bar No. 6819)
Leonard A. Davis (Bar No. 14190)
Stephen J. Herman (Bar No. 23129)
**HERMAN, HERMAN & KATZ, L.L.C.**
820 O'Keefe Avenue
New Orleans, LA 70113
PH: (504) 581-4892
FAX: (504) 561-6024
**Plaintiffs' Liaison Counsel**

Arnold Levin
Fred S. Longer
Matthew C. Gaughan
Levin, Fishbein, Sedran & Berman
510 Walnut Street, Suite 500
Philadelphia, PA 19106
PH: 215-592-1500
FAX: 215-592-4663
Alevin@lfsblaw.com
**Plaintiffs' Lead Counsel**

| | |
|---|---|
| Dawn M. Barrios<br>701 Poydras Street<br>Suite 3650<br>New Orleans, LA 70139<br>PH: (504) 524-3300<br>Fax: (504) 524-3313<br><br>Robert Josefsberg<br>25 Flagler Street<br>8th Floor<br>Miami, FL 33130<br>PH: (305) 358-2800<br>Fax: (305) 358-2382<br><br>Ben Gordon<br>316 S. Baylen Street<br>Suite 600<br>Pensacola, FL 32502<br>PH: (850) 435-7090<br>Fax: (850) 436-6091<br><br>Arnold Levin<br>510 Walnut Street<br>Suite 500<br>Philadelphia, PA 19106<br>PH: (215) 592-1500<br>Fax: (215) 592-4663<br><br>Jerrold Seth Parker<br>3301 Bonita Beach Road<br>Bonita Springs, FL 34134<br>PH: (239) 390-1000<br>Fax: (239) 390-0055 | Daniel E. Becnel, Jr.<br>425 W. Airline Highway<br>Suite B<br>LaPlace, LA 70068<br>PH: (985) 536-1186<br>Fax: (985) 536-6445<br><br>Ervin Amanda Gonzalez<br>255 Aragon Avenue<br>Cora Gables, FL 33134<br>PH: (305) 476-7400<br>Fax: 305) 476-7444<br><br>Hugh P. Lambert<br>701 Magazine Street<br>New Orleans, LA 70130<br>PH: (504) 581-1750<br>Fax: (504) 529-2931<br><br>Gerald E. Meunier<br>2800 Energy Centre<br>1100 Poydras Street<br>New Orleans, LA 70163-2800<br>PH: (504) 522-2304<br>Fax: (504) 528-9973<br><br>James Robert Reeves<br>160 Main Street<br>Biloxi, MS 39530<br>PH: (228) 374-5151<br>Fax: (228) 374-6630 |

| | |
|---|---|
| Christopher Seeger<br>One William Street<br>New York, NY  10004<br>PH:  (212) 584-0700<br>Fax:  (212) 584-0799<br><br>Scott Weinstein<br>12800 University Drive<br>Suite 600<br>Ft. Myers, FL  33907<br>PH:  (239) 433-6880<br>Fax:  (239) 433-6836<br><br>Daniel K. Bryson<br>900 West Morgan St.<br>Raleigh, NC 27603<br>PH: (919) 600-5000<br>Fax: (919) 600-5035 | Bruce William Steckler<br>3102 Oak Lawn Ave.<br>Suite 1100<br>Dallas, TX  75219<br>PH:  (214) 523-6674<br>Fax:  (214) 520-1181<br><br>Richard J. Serpe, Esquire<br>580 East Main Street<br>Suite 310<br>Norfolk, VA 23510-2322<br>PH: (757) 233-0009<br>Fax: (757) 233-0455 |

**PLAINTIFFS' STEERING COMMITTEE**


**OF COUNSEL TO PLAINTIFFS' STEERING COMMITTEE**

| | |
|---|---|
| Richard S. Lewis<br>HAUSFELD LLP<br>1700 K Street, N.W Suite  650<br>Washington, DC 20006<br>Phone: (202) 540-7200<br>Fax:  (202) 540-7201<br>rlewis@hausfeldllp.com | Andrew Lemmon<br>Lemmon Law Firm, LLC<br>P.O. Box 904 (mailing address)<br>15058 River Road<br>Hahnville, LA  70057<br>Phone:  (985) 783-6789<br>Fax:  (985) 783-1333<br>andrew@lemmonlawfirm.com<br><br>Anthony Irpino<br>Irpino Law Firm<br>2216 Magazine Street<br>New Orleans, LA  70130<br>Phone:  (504) 525-1500<br>Fax:  (504) 525-1501<br>airpino@irpinolaw.com |

**CERTIFICATE OF SERVICE**

  I hereby certify that the above and foregoing PSC's Second Set of Requests for Production to Defendant, The North River Insurance Company, has been served on Defendants' Liaison Counsel, Kerry Miller, by U.S. Mail and e-mail <u>or</u> by hand delivery and e-mail <u>and</u> upon all parties by electronically uploading the same to LexisNexis File & Serve in accordance with Pre-Trial Order No. 6, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2047, on this 28th day of June, 2012.

       /s/ Leonard A. Davis
       Leonard A. Davis
       Herman, Herman & Katz, L.L.C.
       820 O'Keefe Ave.
       New Orleans, LA 70113
       PH: (504) 581-4892
       Fax: (504) 561-6024
       ldavis@hhklawfirm.com