# EXHIBIT "D"



45682657
Aug 02 2012
11:32AM

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: CHINESE-MANUFACTURED DRYWALL PRODUCTS LIABILITY LITIGATION | ) ) ) ) ) ) ) ) | MDL NO. 09-2047 SECTION L JUDGE FALLON |
| THIS DOCUMENT RELATES TO ALL CASES | | MAG. JUDGE WILKINSON |

**DEFENDANT THE NORTH RIVER INSURANCE COMPANY'S
OBJECTIONS AND RESPONSES TO THE PLAINTIFFS' STEERING COMMITTEE'S
REQUESTS FOR ADMISSIONS**

TO:   **The Plaintiffs' Steering Committee**, through Plaintiffs' Liaison Counsel counsel:
Leonard A. Davis
Russ M. Herman
Stephen J. Herman
Arnold Levin
Fred S. Longer
Matthew C. Gaughan

Defendant The North River Insurance Company objects to each of the 81 requests for admission served by the Plaintiffs' Steering Committee ("PSC"). The PSC has admitted in a status conference before the Court that it formulated these 81 requests by taking a prior opinion from the Court based upon a specific trial record. North River was not a party to that trial and is not familiar with the evidence that was presented in the trial. The PSC has also made it clear that it wants to use these requests to try to reach certain stipulations on hopes of avoiding unnecessary evidence at trial. The PSC has gone as far as to suggest that North River and INEX take their voluminous requests for admission and circle those requests which the Defendants think might form the basis for a stipulation.

North River agrees that the parties may be able to reach stipulations on certain issues and is working to formulate possible stipulations for discussion between the parties. It is an improper

use of Rule 36, however, to cut and paste findings made after a lengthy and expensive trial into a lengthy series of admissions without regard to whether the matters requested have anything to do with the matters in controversy.

The use of requests for admissions under Rule 36 is limited to "matters within the scope of Rule 26(b)(1)." The Court has directed that the parties focus their discovery efforts on matters that will be at issue in the trial scheduled for November 26, 2012, which is limited to whether or not Interior/Exterior Building Supply Company ("INEX") has any liability arising out of the sale of Chinese-manufactured drywall in Louisiana. It appears that only 1 of the 81 matters for which an admission is requested makes a specific reference to INEX. A substantial number of the other 80 requests deal with highly scientific and technical matters that are beyond the knowledge of an insurance company.

North River is more than prepared to respond to legitimate and relevant requests to determine if specific matters are in controversy between the parties. North River will not be coerced, however, into responding to an endless litany of matters outside of its knowledge as an abusive surrogate for stipulations between the parties. Because the requests for admission are overly burdensome, largely irrelevant, and beyond the knowledge of North River, and because the requests are a clear abuse of the purposes that underlie Rule 36, North River objects to all of the requests for admission.

Respectfully submitted,

By: */s/ Brian S. Martin*
BRIAN S. MARTIN, ESQ.
KEVIN RISLEY, ESQ.
RODRIGO "DIEGO" GARCIA, JR., ESQ.
THOMPSON COE COUSINS & IRONS LLP
One Riverway, Suite 1600
Houston, Texas 77056
Phone: (713) 403-8206
Fax: (713) 403-8299
bmartin@thompsoncoe.com

SIDNEY J. ANGELLE, ESQ.,
La. Bar No. 1002
ERIC B. BERGER, ESQ.
La. Bar No. 26196
LOBMAN CARNAHAN BATT
  ANGELLE & NADER
400 Poydras Street, Suite 2300
New Orleans, Louisiana 70130
Phone: (504) 586-9292
Fax:    (504) 586-1290
sja@lcba-law.com

**ATTORNEYS FOR THE NORTH RIVER INSURANCE COMPANY**

**CERTIFICATE OF SERVICE**

I hereby certify that on this the 2nd day of August 2012, the above and foregoing pleading has been served on Plaintiffs' Liaison Counsel, Leonard A. Davis, Russ M. Hermann, and Stephen J. Herman by e-mail and upon all parties by electronically uploading the same to LexisNexis File & Serve in accordance with Pre-Trial Order No. 6, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2047.

 */s/ Brian S. Martin*
BRIAN S. MARTIN