Exhibit A



MINUTE ENTRY
FALLON, J.
JUNE 13, 2012

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: CHINESE-MANUFACTURED DRY WALL PRODUCTS LIABILITY LITIGATION | : : : : : : | MDL NO. 2047 |
| | | SECTION: L |
| | | JUDGE FALLON |
| | | MAG. JUDGE WILKINSON |

.. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. :

**THIS DOCUMENT RELATES TO ALL CASES**

A status conference was held on this date in the Chambers of Judge Eldon E. Fallon. The conference was transcribed by official Court reporter, Toni Tusa, who can be reached at 504-589-7778. The conference was scheduled to discuss a discovery and pretrial plan for the trial scheduled against North River Insurance Co. in November 2012. After extensive discussions involving all relevant parties, the Court directed the parties to focus the trial on the liability of Interior Exterior Building Supply, as opposed to damages, and determine whether damages can be determined separately. It also directed the plaintiffs and defendants to select three cases each for the trial against North River. Finally, the Court directed the parties to fashion a discovery plan for the North River trial. In order to keep abreast of these trial-related issues, the Court scheduled a follow-up status conference for June 25, 2012, at 1:30 p.m. Counsel may participate via telephone at the following number: 877-336-1839, access code 4227405, security code 62512.

JS10(01:30)

EXHIBIT
A

Exhibit B

1

1     UNITED STATES DISTRICT COURT

2     EASTERN DISTRICT OF LOUISIANA

3

4

5   IN RE:   CHINESE MANUFACTURED          *    Docket 09-MD-2047
            DRYWALL PRODUCTS              *
6           LIABILITY LITIGATION          *    June 13, 2012
                                          *
7   * * * * * * * * * * * * * * * * * *    *    New Orleans, Louisiana

8

9

10          STATUS CONFERENCE BEFORE THE
            HONORABLE ELDON E. FALLON
11          UNITED STATES DISTRICT JUDGE

12
    Appearances::
13

14  For the Plaintiffs:          Russ M. Herman, Esq.
                                 Leonard A. Davis, Esq.
15                               Anthony Irpino, Esq.
                                 Arnold Levin, Esq.
16                               Frederick S. Longer, Esq.
                                 Gerald E. Meunier, Esq.
17                               Christopher A. Seeger, Esq.

18
    For the Defendants:          Kevin F. Risley, Esq.
19                               Sidney J. Angelle, Esq.
                                 Jacqueline M. Brettner, Esq.
20                               Judy L. Burnthorn, Esq.
                                 Gregory O. Currier, Esq.
21                               Megan E. Donohue, Esq.
                                 Carlina C. Eiselen, Esq.
22                               Steven Glickstein, Esq.
                                 Lambert J. Hassinger Jr., Esq.
23                               Melissa M. Lessell, Esq.
                                 Brian S. Martin, Esq.
24                               Philip D. Nizialek, Esq.
                                 A. Hugh Scott, Esq.
25

**EXHIBIT**

B

1 with different states of knowledge on the part of InEx.  On the

2 other hand, if you are picking trial plans from phase one to

3 extrapolate to this magic $8 million number, then it's a lot

4 different.

5          So I'm only mentioning this because obviously we

6 are talking kind of circular.  For a discovery plan, we need to

7 know who the trial plaintiffs are.  If we want to know who the

8 trial plaintiffs are, it depends on what that issue is at the

9 trial.

10          **THE COURT:**  I want to sleep on it a little bit, but I

11 really do think that we ought to get to the crux of the matter.

12 The crux of the matter is really liability in this case.  If we

13 had five houses, then it would be important to find out how

14 much damages there are because that would be something.  If

15 each house is owned by Donald Trump, that's different; but if

16 not, then it's a problem.

17          If we have 1,000 or 2,000 homes, I know what has

18 been paid out per home.  I know the square footage amounts.  I

19 don't know whether we have to go through that to decide the

20 issue of exhaustion of primary.  It seems to me the primary is

21 going to be exhausted.

22          The crux of it is whether or not InEx is liable.

23 Don't you agree on that?  I think Steve is right on.  That's

24 the crux of it.  The rest of it, you may have different views,

25 but you have information that you can base your stuff on.  With

1    liability, it's advocacy.  It's in the eye of the beholder from

2    your standpoint, so you need some information.

3                So I think in answer to your question, I really

4    am thinking in terms of the liability aspect of the case.  I

5    would like to do it as efficiently and as cost-effective as we

6    can because it may not be -- if it gives you information and

7    the ultimate thing is resolved, then it would be worth it.  If

8    not, we will have wasted some money because we may have to do

9    it again.

10               MR. MEUNIER:  If the question is what did InEx know

11   and when did they know it, as to each selective plaintiff, you

12   really don't have to get into much about the plaintiff's cost

13   and scope.

14               THE COURT:  Well, that's what I'm saying.  I don't

15   think you need the cost of it.  I think you need to know their

16   liability.  I don't think cost is really an issue in this

17   particular case.  I think it's going to be there, but I do

18   think you need liability.

19               My thinking, then, just to help you in picking

20   the cases, we need to focus on the liability aspect.  I'm

21   interested in whether we can figure out a plan that each side

22   gets an equal number of cases.

23               I think your point is well taken; we can't try

24   20 or 30 cases.  That doesn't make sense either, but I don't

25   think you need that from the liability standpoint.  You may

1   need it from the standpoint of quantum.  You know, we would

2   need it if nothing had been done in this case, but a lot of

3   water is over the dam now from the standpoint of how much it

4   costs.  We have never focused on liability of InEx.  It's the

5   first time.  The rest of it we focused on and maybe beat it to

6   death.

7          MR. LEVIN:  With some stipulations to get around the

8   *Gasoline* case on the Seventh Amendment, if North River is

9   cooperative, I'm sure we could structure something very

10  economical and get some real good information out of a trial.

11         THE COURT:  I think the best we can do as colleagues

12  is try to get some information out of it and take it to our

13  people and look at it.  We are not going to be able, through

14  these trials, to resolve the case because of these trials in

15  the sense of extrapolating or whatever it is, making decisions.

16  I do think you can get enough information from these trials

17  that will allow you to make some reasonable decisions to

18  ultimately resolve it.  If we look at it in a discrete way, it

19  can be doable.  If we try to do everything in these trials,

20  it's not going to be doable.

21              Let me just leave you with this.  I really would

22  like you all to scrutinize the trials.  Let's see if we can

23  come up with six cases, three from each.  If we need more, you

24  all tell me we need more, I'll do the more.  I'm really focused

25  on liability of InEx in those trials.  That will then inform us

1   as to the nature and extent of the discovery.  I really don't
2   necessarily need discovery on damages if we are just doing
3   liability.  From the standpoint of liability, InEx's liability,
4   I think it's going to also be -- I don't know whether their
5   actions, then, are going to be able to be decided by that jury
6   if we don't put damages in it.
7           Well, chew on it and let me talk again with the
8   major players on the next Monday.
9           **THE LAW CLERK:**  The 25th, you have a nonjury.  We
10  could do it on the break.
11          **THE COURT:**  Sure.
12          **MR. DAVIS:**  Monday the 25th?
13          **THE COURT:**  Yes.
14          **MR. ANGELLE:**  Do we have a time, Judge?
15          **THE LAW CLERK:**  In the afternoon about 1:30.
16          **THE COURT:**  I can accommodate you all on the phone if
17  you want to.
18          **MR. HERMAN:**  Your Honor, may the plaintiff team use
19  your jury room for a short meeting?
20          **THE COURT:**  Sure.  Okay.  Thanks very much.
21          (Proceedings adjourned.)
22                      *  *  *
23
24
25

Exhibit C

Case 2:09-md-02047-EEF-JCW   Document 15229   Filed 06/29/12   Page 1 of 1



MINUTE ENTRY
FALLON, J.
JUNE 29, 2012

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

IN RE: CHINESE-MANUFACTURED DRY WALL     :     MDL NO. 2047
      PRODUCTS LIABILITY LITIGATION     :
                                         :     SECTION: L
                                         :
                                         :     JUDGE FALLON
                                         :     MAG. JUDGE WILKINSON
.. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. :

**THIS DOCUMENT RELATES TO ALL CASES**

     A status conference was held on this date in the Chambers of Judge Eldon E. Fallon to

discuss the trial and discovery logistics for the November 26, 2012, trial of the claims involving

North River Insurance Company.  After reviewing correspondence and hearing from the parties,

the Court determined that this trial should involve only the liability of North River's insured,

Interior Exterior Building Supply, LP, and whether Interior Exterior was a bad-faith or good-

faith seller.  The Court further determined that the damages in this trial are to be bifurcated and

determined at a later date.  In furtherance of this trial plan, the Court directed the parties to meet-

and-confer to determine the number of plaintiffs to be involved in this trial, as well as a pretrial

discovery and motion schedule.  Thereafter, the parties are to meet again with the Court.

Accordingly, IT IS ORDERED that a status conference is scheduled for July 10, 2012, at 10:30

a.m.  Counsel who are unable to appear in person may participate by telephone by calling the

following: 877-336-1839, access code 4227405, security code 71012.

JS10(00:22)



EXHIBIT
C

Exhibit D

## Risley, Kevin

| | |
|---|---|
| **From:** | Lenny Davis [LDAVIS@hhklawfirm.com] |
| **Sent:** | Wednesday, August 08, 2012 9:09 AM |
| **To:** | Risley, Kevin; Anthony Irpino; Sidney Angelle; Martin, Brian |
| **Cc:** | Jim Reeves; Ervin Gonzalez; Patrick Montoya; Jeffrey Breit; Anthony Irpino; Arnold Levin; Bruce Kingsdorf ; bsteckle@baronbudd.com; Cayce Peterson; Chris Seeger; Daniel K. Bryson (dan@wbmllp.com); Dawn Barrios (barrios@bkc-law.com); Ervin Gonzalez; Fred Longer ; Gerald Meunier; Hugh Lambert (hlambert@lambertandnelson.com); Jeff Breit; Jeremy Scott Epstein; Jim Reeves; Lane Robein; Lenny Davis; Penny Herman; Russ Herman; Scott George |

**Subject:** RE: MDL 2047 - Depos Requested by PSC

We have no agreement with north river regarding the trial or coverage for INEX. In fact NR has denied coverage. NR is the real party in interest and is a party to the trial. We are entitled to do the discovery of NR whether there is a trial setting or not and this is follow up on what we have done so far. We are pursuing the claim under the direct action statute and we have the right to investigate fully. The settlements also give the PSC the right to pursue the claim thru assignments and Judge Fallon instructed us to commence discovery. The requested discovery is  relevant and is intended to lead to relevant  information. In addition we are very concerned since NR has recently sent us an amended Profile Form that substantially changes/modifies what we were told regarding corporate status and the like. We are entitled to get accurate facts and testimony. I am sure you understand our concern and respect that we are charged with discovery for the entire class. Certainly as it now stands on the present record  NR may be a "shell" entity and we are entitled to see what is hidden in the "shell". Until the true corporate structure is revealed and discovered we should proceed and the trial against NR may be meaningless without the discovery.


Leonard A. Davis
Attorney at Law
Herman, Herman & Katz, L.L.C.
Herman  Gerel LLP
820 O'Keefe Avenue
New Orleans, Louisiana 70113
504-581-4892
504-561-6024(fax)
*This e-mail message contains confidential, privileged information intended solely for the addressee. Please do not read, copy, or disseminate it unless you are the addressee. If you have received it in error, please call us (collect) immediately at (504) 581-4892 and ask to speak with the message sender. Also, we would appreciate your forwarding the message back to us and deleting it from your system. Thank you.*
CONFIDENTIAL ATTORNEY WORK PRODUCT

**From:** Risley, Kevin [mailto:KRisley@thompsoncoe.com]
**Sent:** Tuesday, August 07, 2012 3:14 PM
**To:** Anthony Irpino; Sidney Angelle; Martin, Brian
**Cc:** Lenny Davis; Jim Reeves; Ervin Gonzalez; Patrick Montoya; Jeffrey Breit
**Subject:** RE: MDL 2047 - Depos Requested by PSC

Anthony-

Before we go any further on this, can you please tell me on what basis the PSC believes these



depositions have anything to do with the trial that is set for November?  I can say with great confidence that none of these people would know anything about what INEX knew or did not know when it was selling Chinese-manufactured drywall in 2006.

## THOMPSON COE

Kevin F. Risley
**Thompson Coe Cousins & Irons, L.L.P.**
**One Riverway | Suite 1600 | Houston, TX 77056**
**Ph: 713.403.8295 | Fax: 713.403.8299**
krisley@thompsoncoe.com
**bio | vcard | web**

---

**From:** Anthony Irpino [mailto:airpino@irpinolaw.com]
**Sent:** Tuesday, August 07, 2012 3:01 PM
**To:** Risley, Kevin; Sidney Angelle; Martin, Brian
**Cc:** Lenny Davis (LDAVIS@hhklawfirm.com); Jim Reeves; Ervin Gonzalez; Patrick Montoya; Jeffrey Breit
**Subject:** MDL 2047 - Depos Requested by PSC

Kevin/Sidney/Brian:

    The PSC would like to schedule the depositions listed below.  As we are already having a call tomorrow at 2 pm, we would like to discuss potential dates and times for these depositions during that call.  For any of the below listed depositions which we are not able to get dates/times for during the call, please provide same at your earliest convenience.  Thank you.

| | | |
|---|---|---|
| 1. | Doug Libby | CEO of North River and United Fire Ins. Co. |
| 2. | Mary Jane Robertson | CFO of North River and United Fire Ins. Co. |
| 3. | Steve Eisman | V.P. of Claims |
| 4. | Tom Tresize | Head of Oversight |
| 5. | Mike Skerro | Ex-Assistant V.P. |
| 6. | Steve Snively | Senior Manager of Umbrella Underwriting |
| 7. | Sharon Willis | Worked on Claim |
| 8. | Patricia Noll | Supervisor at North River and United Fire Ins. Co. |
| 9. | Samantha Keller | Re-insurance |

10. Tracy Dodd          Investigated Chinese drywall issue for North River
11. Benjamin Rosenthal     Underwriting
12. The 30(b)(6) depositions of:
    (A)    United States Fire Insurance Company.
    (B)    Crum & Forster Indemnity Company.
    (C)    Fairfax Holdings, Ltd.

Anthony D. Irpino
IRPINO LAW FIRM
2216 Magazine St.
New Orleans, LA 70130
Tel:  (504) 525-1500
Fax: (504) 525-1501

---

**Confidentiality Notice:**  This e-mail message is for the sole use of the intended recipient(s) and may contain confidential and privileged information exempt from disclosure under applicable law.  Unauthorized review, use, disclosure, or distribution is strictly prohibited.  If you are not the intended recipient, please contact the sender by reply e-mail and destroy the original and all copies of the message.  Thank you.

Tax Advice Disclosure: Any U.S. federal tax advice contained in this communication, including any attachment(s), unless expressly stated otherwise, was and is not intended or written to be used, and cannot be used, for the purpose of (1) avoiding penalties under the Internal Revenue Code or (2) promoting, marketing or recommending to another party any matters addressed herein.

CONFIDENTIAL ATTORNEY WORK PRODUCT
This e-mail message contains confidential, privileged information intended
solely for the addressee.  Please do not read, copy, or disseminate it unless
you are the addressee.  If you have received it in error, please call us
(collect) immediately at (504) 581-4892 and ask to speak with the message
sender.  Also, we would appreciate your forwarding the message back to us and
deleting it from your system.  Thank you.

Exhibit E

## Risley, Kevin

| | |
|---|---|
| **From:** | Risley, Kevin |
| **Sent:** | Wednesday, August 08, 2012 4:30 PM |
| **To:** | Lenny Davis (LDAVIS@hhklawfirm.com) |
| **Cc:** | 'Chris Seeger'; Anthony Irpino; Sidney Angelle |
| **Subject:** | CDW discovery |

Lenny:

In response to your August 8 e-mail at 9:09 a.m., you make several statements that deserve a response:

1.   You are correct that there is no agreement between the PSC and North River concerning the scope of the November trial.  The scope of the trial has been set by the judge and it does not involve any of the reasons why you say the PSC wants to take fourteen depositions of persons who have no involvement with or relation to the issues that the court has identified for trial.

2.   North River has not denied INEX's claim.  As we have tried to make clear, there has been no exhaustion of the primary policies.  North River, as an excess carrier, has no  obligation under its policies unless and until the relevant primary policies are exhausted by payment of covered claims.

3.   You say that you want to "follow up on what we have done so far."  The Court indulged you in one fishing expedition which provided nothing that requires further discovery.  There is no exhaustion of primary coverage and there is no judgment or finding of liability against INEX.  There are no bad faith pleadings and there is no factual basis for any such allegations.  North River is not going to agree to what seems to be nothing less than full-scale harassment.

4.   You assert that the "settlements also gives the PSC the right to pursue the claim through assignments." Unless there has been a settlement of which we have not been informed, there are no settlements that have been approved by the Court and there have been no assignment of any claims.  North River certainly has not consented to any assignment of any claim relating to the policies it issued to INEX.
 5You say that the requested discovery is "relevant and is intended to lead to relevant information," but you do not even try to explain why the requested depositions are relevant to the issues set for trial in November.  By your failure to respond to our request to identify any connection between the trial and the depositions, we take that as a tacit concession that there is no connection between the two.

6.   You allege that the recent Supplemental Profile Form "substantially changes/modifies what we were told regarding corporate status and the like."  First, we do not understand why this is even a topic under discussion since North River is a distinct corporate entity.  The corporate relationship between North River and affiliated companies has always been a matter of public record.  The recent modification to the Profile Form did not change the identification of the immediate parent of North River or the ultimate parent.  The change was minor and irrelevant.

7.   You say that you represent the "entire class."  There has been no class certification and that is also irrelevant to the November trial.

8.   Your allegations that North River may be a "shell entity" are totally unfounded and are not relevant to any allegation in any case.

9.   Finally, you say that the trial against North River "may be meaningless without the discovery."  Please explain why discovery about North River's corporate history or underwriting practices is essential to a trial on whether INEX knew of a defect in the Chinese-manufactured drywall it sold.

We have quite a bit of work to do in order to comply with the trial schedule set by the Court.  In order to be ready for trial in November, we believe it will be much more beneficial to both sides to concentrate at the issues that will actually be tried rather than to waste time on what is, at best, postjudgment discovery.
I look forward to your responses.

**EXHIBIT**

E

THOMPSON
COE

Kevin F. Risley
**Thompson Coe Cousins & Irons, L.L.P.**
One Riverway | Suite 1600 | Houston, TX 77056
Ph: 713.403.8295 | Fax: 713.403.8299
krisley@thompsoncoe.com
bio | vcard | web

Exhibit F

**Risley, Kevin**

---

**From:** Richard G. Duplantier, Jr.
**Sent:** Tuesday, August 14, 2012 5:05 PM
**To:** 'Lenny Davis'
**Subject:** RE: drywall /depositions of trial plaintiffs

Lenny -

Here is the Notice with the document request. if you plan to object to production of any of these records, we need to discuss soon and expedite a Hearing with Judge Fallon.

Thanks

Rick

---

**From:** Lenny Davis [mailto:LDAVIS@hhklawfirm.com]
**Sent:** Tuesday, August 14, 2012 4:43 PM
**To:** Richard G. Duplantier, Jr.
**Subject:** RE: drywall /depositions of trial plaintiffs

I missed that implication. If you send me a draft request like we have done in the past we can look at the requests, speak to the client and advise you of objections and issues we may have with it. I don't think that all of the areas in the notice are relevant or discoverable and certainly not applicable to the first phase trial of only a few homes. That said we will look at whatever you send and reply accordingly.

Leonard A. Davis
Attorney at Law
Herman, Herman & Katz, L.L.C.
Herman Gerel LLP
820 O'Keefe Avenue
New Orleans, Louisiana 70113
504-581-4892
504-561-6024(fax)
*This e-mail message contains confidential, privileged information intended solely for the addressee. Please do not read, copy, or disseminate it unless you are the addressee. If you have received it in error, please call us (collect) immediately at (504) 581-4892 and ask to speak with the message sender. Also, we would appreciate your forwarding the message back to us and deleting it from your system. Thank you.*
CONFIDENTIAL ATTORNEY WORK PRODUCT

---

8/18/2012



**From:** Richard G. Duplantier, Jr. [mailto:RDuplantier@gjtbs.com]
**Sent:** Tuesday, August 14, 2012 4:40 PM
**To:** Lenny Davis
**Subject:** RE: drywall /depositions of trial plaintiffs

It was implied in the Notice. I was waiting to hear from you. It will basically be every document related to each area of inquiry in the Notice we sent.

See attached.

Rick

---

**From:** Lenny Davis [mailto:LDAVIS@hhklawfirm.com]
**Sent:** Tuesday, August 14, 2012 4:31 PM
**To:** Richard G. Duplantier, Jr.; Carlina C. Eiselen
**Cc:** Scott George; 'alevin@lfsblaw.com'; Fred Longer; Russ Herman; Kate Danahay; 'Seeger, Chris'; Anthony Irpino; Scott George; Arnold Levin; Dawn Barrios (barrios@bkc-law.com); Carlina C. Eiselen; Benjamin R. Grau; 'Kevin Risley'; 'Sidney Angelle'; Benjamin R. Grau; D. Russell Holwadel; 'Eric Berger'; 'Gary Russo '; 'Greg Currier'; H. Minor Pipes; 'Kevin Risley'; 'Melissa Swabacker'; Phil Nizialek (nizialek@carverdarden.com); 'Sidney Angelle'
**Subject:** RE: drywall /depositions of trial plaintiffs

I do not recall ever seeing a document request to habitat. Did I miss it?

Leonard A. Davis
Attorney at Law
Herman, Herman & Katz, L.L.C.
Herman  Gerel LLP
820 O'Keefe Avenue
New Orleans, Louisiana 70113
504-581-4892
504-561-6024(fax)
*This e-mail message contains confidential, privileged information intended solely for the addressee. Please do not read, copy, or disseminate it unless you are the addressee. If you have received it in error, please call us (collect) immediately at (504) 581-4892 and ask to speak with the message sender. Also, we would appreciate your forwarding the message back to us and deleting it from your system. Thank you.*
CONFIDENTIAL ATTORNEY WORK PRODUCT

---

**From:** Richard G. Duplantier, Jr. [mailto:RDuplantier@gjtbs.com]
**Sent:** Tuesday, August 14, 2012 4:34 PM
**To:** Lenny Davis; Carlina C. Eiselen
**Cc:** Scott George; 'alevin@lfsblaw.com'; Fred Longer; Russ Herman; Kate Danahay; 'Seeger, Chris'; Anthony Irpino; Scott George; Arnold Levin; Dawn Barrios (barrios@bkc-law.com); Carlina C. Eiselen; Benjamin R. Grau; 'Kevin Risley'; 'Sidney Angelle'; Benjamin R. Grau; D. Russell Holwadel; 'Eric Berger'; 'Gary Russo '; 'Greg Currier'; H. Minor Pipes; 'Kevin Risley'; 'Melissa Swabacker'; Phil Nizialek (nizialek@carverdarden.com); 'Sidney Angelle'
**Subject:** RE: drywall /depositions of trial plaintiffs

We will make this work. My only request is that Habitat complete a document production - in accordance with the Notice we issued - at least the day prior to the deposition.

Rick

**Sincerely,**

8/18/2012



GALLOWAY
JOHNSON
TOMPKINS
BURR AND
SMITH

Richard G. Duplantier, Jr., Director
GALLOWAY, JOHNSON, TOMPKINS, BURR & SMITH, A PLC
Phone: 504-525-6802 | Cell: 504-616-5304 | Fax: 504-525-2456
One Shell Square , 701 Poydras St., 40th Floor , New Orleans, Louisiana 70139
Email: RDuplantier@gjtbs.com

Website | Bio | vCard

Houston ♦ St. Louis ♦ Lafayette ♦ Mandeville ♦ New Orleans ♦ Gulfport ♦ Mobile ♦ Pensacola ♦ Tampa ♦ Atlanta

**CONFIDENTIAL ATTORNEY-CLIENT OR OTHERWISE PRIVILEGED COMMUNICATION**
**DO NOT FORWARD WITHOUT PERMISSION**

From: Lenny Davis [mailto:LDAVIS@hhklawfirm.com]
Sent: Tuesday, August 14, 2012 4:21 PM
To: Richard G. Duplantier, Jr.; Carlina C. Eiselen
Cc: Scott George; 'alevin@lfsblaw.com'; Fred Longer; Russ Herman; Kate Danahay; 'Seeger, Chris'; Anthony Irpino; Scott George; Arnold Levin; Dawn Barrios (barrios@bkc-law.com)
Subject: drywall /depositions of trial plaintiffs

**The following deposition schedule of plaintiff trial selection candidates is proposed:**

August 23 – Habitat for Humanity/Jim Pate
August 24 – Mr. and Mrs. Gross
August 27 – Mr. and Mrs. Blue
August 28 – Mr. Mora in the morning and Ms. Siler (her daughter) in the afternoon
August 29 – Ms. Mundee in the morning
August 30 – Mr. and Mrs. Lea

We propose that all depositions in the morning begin at 9:00 a.m. and where there are two deponents on one day, we will try to accommodate everyone by having the second deponent immediately following the first one.  All depositions should take place at my office.  If this schedule is acceptable, feel free to issue the appropriate notices and we expect that you will be coordinating with all counsel.

**Leonard A. Davis**
**Attorney at Law**
**Herman, Herman & Katz, L.L.C.**
**Herman  Gerel LLP**
**820 O'Keefe Avenue**
**New Orleans, Louisiana 70113**
**504-581-4892**
**504-561-6024(fax)**
*This e-mail message contains confidential, privileged information intended solely for the addressee. Please do not read,*
*copy, or disseminate it unless you are the addressee. If you have received it in error, please call us (collect) immediately*

8/18/2012

*at (504) 581-4892 and ask to speak with the message sender. Also, we would appreciate your forwarding the message back to us and deleting it from your system. Thank you.*
**CONFIDENTIAL ATTORNEY WORK PRODUCT**

CONFIDENTIAL ATTORNEY WORK PRODUCT
This e-mail message contains confidential, privileged information intended
solely for the addressee.  Please do not read, copy, or disseminate it unless
you are the addressee.  If you have received it in error, please call us
(collect) immediately at (504) 581-4892 and ask to speak with the message
sender.  Also, we would appreciate your forwarding the message back to us and
deleting it from your system.  Thank you.

CONFIDENTIAL ATTORNEY WORK PRODUCT
This e-mail message contains confidential, privileged information intended
solely for the addressee.  Please do not read, copy, or disseminate it unless
you are the addressee.  If you have received it in error, please call us
(collect) immediately at (504) 581-4892 and ask to speak with the message
sender.  Also, we would appreciate your forwarding the message back to us and
deleting it from your system.  Thank you.
CONFIDENTIAL ATTORNEY WORK PRODUCT
This e-mail message contains confidential, privileged information intended
solely for the addressee.  Please do not read, copy, or disseminate it unless
you are the addressee.  If you have received it in error, please call us
(collect) immediately at (504) 581-4892 and ask to speak with the message
sender.  Also, we would appreciate your forwarding the message back to us and
deleting it from your system.  Thank you.

Exhibit G

## Risley, Kevin

| | |
|---|---|
| **From:** | Risley, Kevin |
| **Sent:** | Friday, August 03, 2012 4:23 PM |
| **To:** | Lenny Davis; Martin, Brian; Sidney_Angelle@uscmail.uscourts.gov |
| **Cc:** | 'Anthony Irpino'; 'Chris Seeger'; 'Gerald E. Meunier'; Lillian Flemming |
| **Subject:** | RE: North River discovery responses |

We will be happy to meet and I will check with the schedules of those who need to participate. Would you care to be any more specific about your concerns?

THOMPSON
COE

Kevin F. Risley
**Thompson Coe Cousins & Irons, L.L.P.**
One Riverway | Suite 1600 | Houston, TX 77056
Ph: 713.403.8295 | Fax: 713.403.8299
krisley@thompsoncoe.com
bio | vcard | web

**From:** Lenny Davis [mailto:LDAVIS@hhklawfirm.com]
**Sent:** Friday, August 03, 2012 1:11 PM
**To:** Martin, Brian; Risley, Kevin; Sidney_Angelle@uscmail.uscourts.gov
**Cc:** 'Anthony Irpino'; 'Chris Seeger'; 'Gerald E. Meunier'; Lillian Flemming
**Subject:** North River discovery responses

Anthony Irpino and I as representatives of the psc/plaintiffs would like to set up a meet and confer regarding the attached discovery responses provided by North River. We are available to meet in person or should you choose by phone on Wednesday, august 8 at 2pm CT. we do not believe that the responses are adequate and suggest that you be prepared to address our concerns and the failure of North River to properly participate in discovery when we confer. we are setting up this conference as a discovery conference in advance of making a certification pursuant to federal rule 37(a)(1).

```
CONFIDENTIAL ATTORNEY WORK PRODUCT
This e-mail message contains confidential, privileged information intended
solely for the addressee.  Please do not read, copy, or disseminate it unless
you are the addressee.  If you have received it in error, please call us
(collect) immediately at (504) 581-4892 and ask to speak with the message
sender.  Also, we would appreciate your forwarding the message back to us and
deleting it from your system.  Thank you.
```



EXHIBIT
G

Exhibit H

## Risley, Kevin

**From:** Lenny Davis [LDAVIS@hhklawfirm.com]
**Sent:** Wednesday, August 08, 2012 11:44 AM
**To:** Risley, Kevin
**Cc:** Sidney Angelle; 'RDuplantier@gjtbs.com'; Anthony Irpino; Seeger, Chris; gmeunier@gainsben.com
**Subject:** RE: CDW

We can speak tomorrow at 1pm CT. however we want to know today, in advance of when the the call was set please, the following:

1) Will we be receiving documents in response to the RFP
2) Will you be amending the answers to RFA
3) Will folks be put up for depositions as outlined in the 8/7 email
4) If the answer is no to any we believe this email shall serve as a meet and confer in advance of filing anything and we want to bring the matter to the courts attention asap

Leonard A. Davis
Attorney at Law
Herman, Herman & Katz, L.L.C.
Herman Gerel LLP
820 O'Keefe Avenue
New Orleans, Louisiana 70113
504-581-4892
504-561-6024(fax)
*This e-mail message contains confidential, privileged information intended solely for the addressee. Please do not read, copy, or disseminate it unless you are the addressee. If you have received it in error, please call us (collect) immediately at (504) 581-4892 and ask to speak with the message sender. Also, we would appreciate your forwarding the message back to us and deleting it from your system. Thank you.*
CONFIDENTIAL ATTORNEY WORK PRODUCT

**From:** Risley, Kevin [mailto:KRisley@thompsoncoe.com]
**Sent:** Wednesday, August 08, 2012 9:46 AM
**To:** Lenny Davis
**Cc:** Sidney Angelle; 'RDuplantier@gjtbs.com'
**Subject:** CDW

Lenny-

I have to be out of the office this afternoon and am not available for a call. I should be available either tomorrow or Friday.

Rick's office had requested that inspections start tomorrow. I have not seen any response from your side about that. If we are doing an inspection, perhaps we can talk during or after the inspection.

Please let me know what works for you.

THOMPSON COE

Kevin F. Risley
**Thompson Coe Cousins & Irons, L.L.P.**
**One Riverway | Suite 1600 | Houston, TX 77056**
**Ph: 713.403.8295 | Fax: 713.403.8299**
krisley@thompsoncoe.com
bio | vcard | web



**Confidentiality Notice:**  This e-mail message is for the sole use of the intended recipient(s) and may contain confidential and privileged information exempt from disclosure under applicable law.  Unauthorized review, use, disclosure, or distribution is strictly prohibited.  If you are not the intended recipient, please contact the sender by reply e-mail and destroy the original and all copies of the message.  Thank you.

Tax Advice Disclosure: Any U.S. federal tax advice contained in this communication, including any attachment(s), unless expressly stated otherwise, was and is not intended or written to be used, and cannot be used, for the purpose of (1) avoiding penalties under the Internal Revenue Code or (2) promoting, marketing or recommending to another party any matters addressed herein.

CONFIDENTIAL ATTORNEY WORK PRODUCT
This e-mail message contains confidential, privileged information intended
solely for the addressee.  Please do not read, copy, or disseminate it unless
you are the addressee.  If you have received it in error, please call us
(collect) immediately at (504) 581-4892 and ask to speak with the message
sender.  Also, we would appreciate your forwarding the message back to us and
deleting it from your system.  Thank you.

Exhibit I

## Risley, Kevin

| | |
|---|---|
| **From:** | Risley, Kevin |
| **Sent:** | Thursday, August 09, 2012 10:37 AM |
| **To:** | Lenny Davis |
| **Cc:** | Sidney Angelle; 'RDuplantier@gjtbs.com'; Anthony Irpino; Seeger, Chris; gmeunier@gainsben.com |
| **Subject:** | RE: CDW |

I thought the purpose of the meet and confer was to discuss these matters to see if agreements or compromises could be reached. As I read this e-mail, you will agree to talk only if we agree to abandon all of our positions and capitulate to your demands. We look forward to talking at 1 p.m. Will you be circulating a call-in number?

**THOMPSON COE**

Kevin F. Risley
**Thompson Coe Cousins & Irons, L.L.P.**
One Riverway | Suite 1600 | Houston, TX 77056
Ph: 713.403.8295 | Fax: 713.403.8299
krisley@thompsoncoe.com
bio | vcard | web

---

**From:** Lenny Davis [mailto:LDAVIS@hhklawfirm.com]
**Sent:** Wednesday, August 08, 2012 11:44 AM
**To:** Risley, Kevin
**Cc:** Sidney Angelle; 'RDuplantier@gjtbs.com'; Anthony Irpino; Seeger, Chris; gmeunier@gainsben.com
**Subject:** RE: CDW

We can speak tomorrow at 1pm CT. however we want to know today, in advance of when the the call was set please, the following:

1) Will we be receiving documents in response to the RFP
2) Will you be amending the answers to RFA
3) Will folks be put up for depositions as outlined in the 8/7 email
4) If the answer is no to any we believe this email shall serve as a meet and confer in advance of filing anything and we want to bring the matter to the courts attention asap

Leonard A. Davis
Attorney at Law
Herman, Herman & Katz, L.L.C.
Herman Gerel LLP
820 O'Keefe Avenue
New Orleans, Louisiana 70113
504-581-4892
504-561-6024(fax)
*This e-mail message contains confidential, privileged information intended solely for the addressee. Please do not read, copy, or disseminate it unless you are the addressee. If you have received it in error, please call us (collect) immediately at (504) 581-4892 and ask to speak with the message sender. Also, we would appreciate your forwarding the message back to us and deleting it from your system. Thank you.*
CONFIDENTIAL ATTORNEY WORK PRODUCT

---

**From:** Risley, Kevin [mailto:KRisley@thompsoncoe.com]
**Sent:** Wednesday, August 08, 2012 9:46 AM
**To:** Lenny Davis



**Cc:** Sidney Angelle; 'RDuplantier@gjtbs.com'
**Subject:** CDW

Lenny-

I have to be out of the office this afternoon and am not available for a call.  I should be available either tomorrow or Friday.

Rick's office had requested that inspections start tomorrow.  I have not seen any response from your side about that.  If we are doing an inspection, perhaps we can talk during or after the inspection.

Please let me know what works for you.

 Kevin F. Risley
**Thompson Coe Cousins & Irons, L.L.P.**
**One Riverway | Suite 1600 | Houston, TX 77056**
**Ph: 713.403.8295 | Fax: 713.403.8299**
krisley@thompsoncoe.com
**bio | vcard | web**

---

**Confidentiality Notice:**  This e-mail message is for the sole use of the intended recipient(s) and may contain confidential and privileged information exempt from disclosure under applicable law.  Unauthorized review, use, disclosure, or distribution is strictly prohibited.  If you are not the intended recipient, please contact the sender by reply e-mail and destroy the original and all copies of the message.  Thank you.

Tax Advice Disclosure: Any U.S. federal tax advice contained in this communication, including any attachment(s), unless expressly stated otherwise, was and is not intended or written to be used, and cannot be used, for the purpose of (1) avoiding penalties under the Internal Revenue Code or (2) promoting, marketing or recommending to another party any matters addressed herein.

CONFIDENTIAL ATTORNEY WORK PRODUCT
This e-mail message contains confidential, privileged information intended
solely for the addressee.  Please do not read, copy, or disseminate it unless
you are the addressee.  If you have received it in error, please call us
(collect) immediately at (504) 581-4892 and ask to speak with the message
sender.  Also, we would appreciate your forwarding the message back to us and
deleting it from your system.  Thank you.

Exhibit J

1

09:44AM

1                       UNITED STATES DISTRICT COURT

2                      EASTERN DISTRICT OF LOUISIANA

3     **************************************************************

4     IN RE CHINESE-MANUFACTURED

5     DRYWALL PRODUCTS LIABILITY
       LITIGATION

6

7                    CIVIL DOCKET NO. 09-MD-2047-EEF-JCW
                     NEW ORLEANS, LOUISIANA

8                     THURSDAY, APRIL 19, 2012, 10:00 A.M.

     THIS DOCUMENT RELATES TO

9     ALL CASES

10    **************************************************************

11

12               TRANSCRIPT OF ORAL ARGUMENT PROCEEDINGS
          HEARD BEFORE THE HONORABLE ELDON E. FALLON

13                UNITED STATES DISTRICT JUDGE

14

15    APPEARANCES:

16

17    FOR THE PLAINTIFFS'
      STEERING COMMITTEE:       HERMAN HERMAN KATZ & COTLAR

18                    BY:  RUSS M. HERMAN, ESQUIRE
                        LEONARD A. DAVIS, ESQUIRE

19                    820 O'KEEFE AVENUE
                    NEW ORLEANS LA   70113

20

21

22                    LEVIN FISHBEIN SEDRAN & BERMAN
                    BY:   ARNOLD LEVIN, ESQUIRE

23                    510 WALNUT STREET, SUITE 500
                    PHILADELPHIA PA   19106

24

25

2

```
 1     APPEARANCES CONTINUED:

 2

 3     FOR THE KNAUF ENTITIES:      KAYE SCHOLER
                                    BY:   STEVEN GLICKSTEIN, ESQUIRE
 4                                        ROBERT GRASS, ESQUIRE
                                    425 PARK AVENUE
 5                                  NEW YORK, NY  10022

 6

 7     FOR THE NORTH RIVER
       INSURANCE COMPANY:          THOMPSON COE COUSINS & IRONS
 8                                  BY:  KEVIN RISLEY, ESQUIRE
                                    BRIAN S. MARTIN, ESQUIRE
 9                                  ONE RIVERWAY, SUITE 1600
                                    HOUSTON, TX  77056
10

11
                                   LOBMAN CARNAHAN BATT ANGELLE
12                                 & NADER
                                   BY:   SIDNEY J. ANGELLE, ESQUIRE
13                                       ERIC B. BERGER, ESQUIRE
                                   400 POYDRAS STREET, SUITE 2300
14                                 NEW ORLEANS, LA  70130

15

16     FOR INTERIOR/EXTERIOR
       BUILDING SUPPLY COMPANY:    GALLOWAY, JOHNSON, TOMPKINS,
17                                 BURR & SMITH
                                   BY:  RICHARD DUPLANTIER JR., ESQUIRE
18                                 701 POYDRAS STREET, SUITE 4040
                                   ONE SHELL SQUARE
19                                 NEW ORLEANS, LA  70139

20

21

22

23

24

25
```

10:46AM 1    actions of North River, how long have they handled the INEX

10:46AM 2    claims or the claims against INEX, is that procedure that they

10:47AM 3    have been dealing with INEX claims in the past as well as in

10:47AM 4    the present reasonable under the terms of their policies.   I

10:47AM 5    think that those items are discoverable so that a determination

10:47AM 6    can be made as to whether or not INEX, through the PSC, has any

10:47AM 7    potential at all for a bad-faith claim.

10:47AM 8         I don't feel that they can try that case now.

10:47AM 9    I don't think that they can even make that case now without

10:47AM 10   some basis for it.  For somebody to say that somebody is in bad

10:47AM 11   faith and have no evidence to show that they are in bad faith

10:47AM 12   is potentially Rule 11 conduct that I would have to take a

10:47AM 13   serious look at.  It's particularly so when it's an assignment.

10:48AM 14        There has been no negotiations over the years

10:48AM 15   between the PSC and North River regarding the policies.  Those

10:48AM 16   negotiations and opportunities exist between INEX and

10:48AM 17   North River.  So for the PSC to come in and say that

10:48AM 18   North River at this stage is in bad faith is meaningless to me.

10:48AM 19   How can they possibly say that?

10:48AM 20        They are entitled to at least some basic

10:48AM 21   discovery to see whether or not they could or should go forward

10:48AM 22   with it.  After that discovery, if they happen to amend their

10:48AM 23   pleadings, and I don't see any basis for it, I'll dismiss that

10:48AM 24   potential claim.  To dismiss a claim, if they try to file it

10:48AM 25   now, I would probably dismiss it because there is no basis for

34

10:48AM 1  it.  So I have to allow them to do some discovery to decide

10:49AM 2  whether or not they are going to make any potential claim for

10:49AM 3  penalties or bad faith.  It seems to me that is appropriate.

10:49AM 4          With that basic thought in mind, I move to the

10:49AM 5  next objections that North River has made.  The objections

10:49AM 6  concern me a little bit because North River takes the

10:49AM 7  position -- and frankly, in some aspects they are right -- the

10:49AM 8  claims are broad.  The questions are broad.  They need to be a

10:49AM 9  little bit more streamlined.  I think the parties have to have

10:49AM 10  some kind of meet and confer and say, This is what we want.  Do

10:49AM 11  you understand this is what we want?  If you understand and

10:49AM 12  object, that's fine.  If you don't understand it, then the

10:49AM 13  plaintiff is going to have to say, Well, let me try it again.

10:49AM 14  This is what we want and this is why we want it.

10:49AM 15          It's not helpful to me when the plaintiffs ask

10:50AM 16  for something very broad and then INEX says that it's too broad

10:50AM 17  for us to even understand.  Either the plaintiffs have to be a

10:50AM 18  little bit more specific, or North River, if they know what

10:50AM 19  they want, then let's not say I don't know if you know.  I

10:50AM 20  can't tell, frankly, whether -- there are some areas that it

10:50AM 21  seems to me that North River agrees to allow a person to

10:50AM 22  testify.

10:50AM 23       UNIDENTIFIED SPEAKER:  That's correct, Your Honor.

10:50AM 24       THE COURT:  I don't know in some of these whether there

10:50AM 25  is any basis for an objection, I mean, for me to look at it at

10:50AM 1    this time.  North River says, We understand this and we're

10:51AM 2    willing to give you the information, the corporate structure.

10:51AM 3    I find that they say they are willing to do it.  Handling the

10:51AM 4    drywall, North River has no objection on this topic as I

10:51AM 5    understand it.  Claims involving Chinese drywall, a method that

10:51AM 6    they've handled the claims, North River has no objection.

10:51AM 7    There a development, writing, marketing, and sale of the

10:51AM 8    defendant policy in Louisiana, and North River says, I don't

10:51AM 9    understand the request.  What information do you need?

10:51AM 10           I think that's a valid question; so, Lennie, I

10:51AM 11    think you and somebody from North River have to get together

10:52AM 12    and flesh this out a little bit more for me, so I can make some

10:52AM 13    meaningful rules.

10:52AM 14        MR. ANGELLE:  Your Honor, this is Sidney Angelle.  What

10:52AM 15    I've heard from the Court just now is a couple of comments that

10:52AM 16    I would like to try and get some clarification on.  You've

10:52AM 17    indicated that it sounds like there should be some restriction

10:52AM 18    of the inquiries that the PSC has into the INEX claims;

10:52AM 19    whereas, clearly many of these topics go into any and all

10:52AM 20    claims against anybody who might be insured by North River in

10:52AM 21    all 50 states, and I don't know if you would like to see them

10:52AM 22    restrict their inquiries to this claim as to INEX --

10:52AM 23        THE COURT:  Yes.

10:52AM 24        MR. ANGELLE:  -- talked about they are entitled to

10:52AM 25    basic discovery --

36

THE COURT:  Wait, wait, wait.  Hold on.  Look, Sidney,
I think you're right at this point.  I think it ought to be
restricted to the INEX situation.  Let's take a look at that
first.

Now, if the plaintiffs take the position, well,
they are doing one thing in INEX, and this is totally out of
kilter or out of character, then I'll look at that, but we
first have to find out what they did in INEX, it seems to me.
I don't think it's helpful to focus on the whole world at this
point.  Again --

MR. ANGELLE:  The other troubling part, Your Honor, is
by the plain the language in some of their topics, it would
sound as though they believed they are entitled to review even
attorney-client communications as between North River and his
counsel.

THE COURT:  No, I think that's clearly privileged, but
I think that they are entitled to know who it is.

MR. ANGELLE:  I think we've agreed we'll be happy to
identify who the players are.

THE COURT:  Right.

MR. DAVIS:  Your Honor, we're prepared to meet Monday
or Tuesday so we can address this by the status conference and
give the Court a report at that time so that we can move
forward.  We're hopeful that we get documents responsive to the
document request, and we hope that we'll get through that, and

10:54AM 1   we will be able to report, as I say, at the status conference.

10:54AM 2        THE COURT:  Sidney, you or Richard meet with Lenny, or

10:54AM 3   both, and just get me a little bit closer package so that I can

10:54AM 4   look at it.

10:54AM 5        MR. ANGELLE:  So, Your Honor, you're asking us to have

10:54AM 6   a meet and greet with Lennie on Monday or Tuesday.  I'll check

10:54AM 7   my calendar.  I think Monday is fine.  Kevin, if that's okay

10:54AM 8   with you.  To discuss the Judge's comments on the 30(b)(6)

10:54AM 9   notice.  As to the --- Judge, are you also asking us to meet and

10:54AM 10  confer over the responses to request for production?

10:54AM 11       THE COURT:  Yes.  I just need to know whether there is

10:54AM 12  an objection or not.  Some of your objections are, We don't

10:55AM 13  object unless they are asking this, and then if they ask this,

10:55AM 14  then we're objecting for this reason.  I don't know whether

10:55AM 15  they are asking it.

10:55AM 16       MR. ANGELLE:  Right.

10:55AM 17       MR. DAVIS:  We will be prepared to discuss both of

10:55AM 18  those issues Monday.

10:55AM 19       THE COURT:  All right.

10:55AM 20       MR. ANGELLE:  Lennie, when we break up, I'll call you

10:55AM 21  right back to schedule a time.

10:55AM 22       MR. DAVIS:  I'm not in my office.  If you e-mail me,

10:55AM 23  that's the best way.  I'm traveling.  I'm sorry.

10:55AM 24       MR. ANGELLE:  That's all right.

10:55AM 25       THE COURT:  All right.  Folks, thank you very much for

Exhibit K

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF LOUISIANA

IN RE: CHINESE-MANUFACTURED           MDL NO. 09-2047
DRYWALL PRODUCTS LIABILITY
LITIGATION                                  SECTION L

                                            JUDGE FALLON

THIS DOCUMENT RELATES TO
ALL CASES                           MAG. JUDGE WILKINSON

### <u>AFFIDAVIT OF AGNES A. REISS</u>

STATE OF NEW JERSEY     §
                           §
COUNTY OF MORRIS       §

Before me, the undersigned authority, on this day personally appeared Agnes A. Reiss who, after being duly sworn upon her oath, stated as follows:

1. My name is Agnes A. Reiss. I am over the age of twenty-one, of sound mind, and in all ways competent to make this affidavit.

2. I am employed as a Manager of Latent Claims by United States Fire Insurance Company ("U.S. Fire"). I have been employed in this position since November, 2006.

3. U.S. Fire provides claims services for certain insurance companies including The North River Insurance Company ("North River").

4. As part of my job duties, I am responsible for handling certain insurance claims involving insureds of North River. Among the claims which I have handled are claims relating to Interior/Exterior Building Supply Company ("INEX") arising out of the sale or alleged sale by INEX of Chinese-manufactured drywall ("CDW").

5. The first notice from INEX relating to claims arising out of its sale of CDW was received in North River's offices on March 30, 2009. On March 30, 2009, Brian Martin and the law firm of Thompson, Coe, Cousins & Irons, L.L.P. were retained to represent North River in connection with those claims. I was assigned to handle the CDW claims involving INEX by March 31, 2009. Thereafter, Sidney Angelle and the firm of Lobman, Carnahan, Batt, Angelle & Nader were also retained to represent North River in connection with those claims.

6. Since March 31, 2009, I have been the person primarily responsible for handling the CDW claims involving INEX, including direct action claims filed against North River as an insurer of INEX. This has included maintaining documents in the possession of North River relating to the CDW claims involving INEX, and I am personally familiar with the manner in which the files relating to those claims are created and maintained.



7.   Based on my involvement in handling the CDW claims involving INEX, I have become aware that North River issued six liability policies to INEX which were in effect at various times between December 1, 2003 and January 1, 2010.

8.   The list attached as Exhibit A to this affidavit is a list of items maintained in the electronic claims file relating to the CDW claims involving INEX and same are maintained on behalf of North River.  Each of those items was placed into the file by me or others at U.S. Fire who have been involved with the CDW claims involving INEX.  All of the items relate to the litigation against INEX and North River arising out of the sale of CDW by INEX.  The earliest entry on the list was entered on March 30, 2009, the same date counsel was retained to represent North River in these matters.  That initial item relates to notice North River received of litigation against INEX based on its alleged sale of CDW.  In addition, I became aware on April 21, 2009, that direct action lawsuits were being filed against the insurers of INEX, including North River.

9.   In the list attached as Exhibit A, the column headed "Date" indicates the date that the item was entered into the electronic claim system at U. S. Fire.  The column headed "Author" identifies the employee of U.S. Fire who made the entry into the claims file.

10.   Under the "Author" column on Exhibit A, "Reiss" refers to me.   The others identified in that column are all persons who were employees of U.S. Fire at the time the document was posted:

a.  "Tyrone" refers to Michelle Tyrone, Claims Assistant.

b.  "RCOLACF" refers to Rebecca Colabaugh, Claims Associate.

c.  "Noll" refers to Patricia L. Noll, Vice-President, CD/Latent Claims.

d.  "Willis" refers to Sharon Willis, Paralegal.

e.  "TEGETHOFF" refers to Cheryl Tegethoff, Claims Assistant.

f.  "SALBECF" refers to Steven Albertson, Claims Specialist.

11.  Each and every item listed on Exhibit A relates to one of four categories:

a.  Communications between  representatives of North River (including employees of U.S. Fire) and its attorneys relating to direct actions claims that have been filed against North River based on the sale of CDW by INEX;

b.  Communications between representatives of North River (including employees of U.S. Fire) and its attorneys relating to claims that have been filed against INEX based on the sale of CDW by INEX;

c.  Communications between one or more representatives of INEX (including its officers, agents, employees, and/or counsel for INEX involved the CDW litigation, or one of the insurers of INEX involved in the CDW litigation) and one or more representatives of North River

(including employees of U.S. Fire and counsel retained to represent North River in the CDW litigation) or

d. Communications between one or more representatives of INEX (including its officers, agents, employees, and/or counsel for INEX involved the CDW litigation, or one of the insurers of INEX ) that have been provided to North River in its capacity as one of the insurers for INEX.

12. Each of the items listed on Exhibit A was entered into the electronic claims file by an employee of U.S. Fire who has been involved in managing the claims file and/or handling the CDW claims relating to INEX or provided support to the manager, including both claims asserted and filed against INEX and direct action claims filed against North River. Each item relates to litigation involving either INEX or North River and each item was placed into the electronic claims file after the date of the litigation to which the item relates. The contents of each item has remained confidential and has been available only to (a) employees of U.S. Fire and others acting with or on behalf of North River concerning the CDW claims filed against INEX and the direct action claims filed against North River as a result of the sale of CDW by INEX and (b) in some instances, outside counsel and others who have been retained to represent North River in these matters. None of the documents has been provided to any other person or entity.

13. All of the information contained in this affidavit is within my personal knowledge and is true and correct.

_____
AGNES A. REISS

Subscribed and sworn to before me on May _10_ , 2012.

_____
Notary Public in and for the State
Of New Jersey

GAIL N. STEVANCSECZ
NOTARY PUBLIC OF NEW JERSEY
My Commission Expires March 16, 2013