# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: CHINESE-MANUFACTURED | ) | CIVIL ACTION NO. 09-2047 |
| DRYWALL PRODUCTS LIABILITY | ) | |
| LITIGATION | ) | JUDGE FALLON |
| _____ | ) | |
| This Document Relates to: | | MAGISTRATE WILKINSON |
| ALL CASES | | |

### NOTICE OF 30(b)(6) DEPOSITION OF
### NEW ORLEANS AREA HABITAT FOR HUMANITY, INC.

To:  **New Orleans Area Habitat for Humanity, Inc.**
Through its attorney of record
Plaintiffs' Steering Committee &
Plaintiffs' Liaison Counsel
Russ M. Herman
Leonard A. Davis
Stephen Herman
Herman, Herman, Katz & Cotlar, L.P.
820 O'Keefe Avenue
New Orleans, Louisiana 70113

**PLEASE TAKE NOTICE** that pursuant to Rule 26 and 30(b)(6) of the Federal Rules of

Civil Procedure, Defendant, Interior/Exterior Building Supply, L.P. ("INEX"), will take the

corporate deposition of New Orleans Area Habitat for Humanity, Inc. ("NOAHH") through Jim

Pate on August 29, 2012, starting at 9:00 a.m. (Central time) at the law office of Herman,

Herman, Katz & Cotlar, LLP, 820 O'Keefe Avenue, New Orleans, Louisiana 70113, (504) 581-

4892, or at another location mutually agreed upon by the parties.

Pursuant to Federal Rule of Civil Procedure 30(b)(6), the deponent, NOAHH, shall

designate one or more officers, directors, managing agents, employees, or other persons who

consent to testify on its behalf and who are knowledgeable or can reasonably acquire knowledge

or information concerning or relating to the topics indentified in Schedule A attached hereto, and shall specify as to which matters each designee is knowledgeable and as to which matters the designee will testify.  If NOAHH designates more than one person to testify regarding the subjects described herein, INEX requests that NOAHH provide written notice as to the particular subjects on which each person will testify.

If you are an attorney of record, please email cdw@golkow.com 48 hours prior to the deposition should desire to participate by stream to view video/text so you may receive a username and password.

| | |
|---|---|
| **Primary Examiners:** | **Counsel for Interior Exterior Building Supply, L.P.** |
| **Videotaped Deposition:** | **Yes** |
| **Call-In Number:** | **888-337-8218** |
| **Participant Code:** | **548696** |

The deposition will be taken before a person authorized by law to administer oaths, pursuant to Fed. R. Civ. P. 28, and will continue from day-to-day, excluding Sundays and court-recognized holidays, until the examination is completed.  This is an MDL "common" deposition.

Respectfully submitted,

*Richard G. Duplantier, Jr.   /s/*
_____
Richard G. Duplantier, Jr. (# 18874)
Lambert J. Hassinger, Jr. (# 21683)
Benjamin R. Grau (#26307)
Carlina C. Eiselen, (# 28524)
GALLOWAY, JOHNSON, TOMPKINS,
BURR & SMITH
701 Poydras Street, 40th Floor
New Orleans, Louisiana 70139
Telephone:  (504) 525-6802 / Fax:  (504) 525-2456
rduplantier@gjtbs.com /jhassinger@gjtbs.com
bgrau@gjtbs.com / ceiselen@gjtbs.com

**<u>Certificate of Service</u>**

The undersigned certifies that this document has been served on Plaintiffs' liaison counsel Russ Herman and Defendants' Liaison Counsel Kerry Miller, by email and United States Mail, and upon all parties by electronically uploading the same to Lexis Nexis File & Serve in accordance with Pretrial Order No. 6, and that the foregoing was filed with the Clerk of Court for the United States District Court for the Eastern District of Louisiana by using the CM/ECF System which will send a notice of electronic filing in accord with the procedures established in MDL 2047, on the 22nd day of August, 2012.

**<u>/s/ Richard G. Duplantier, Jr.</u>**

## SCHEDULE A

## DEFINTIONS

The following definitions apply to these topics:

A) **"You"** or **"NOAHH"** means New Orleans Area Habitat for Humanity, Inc.; and predecessor, successor, related, or affiliated entity; and any owner, officer, agent, employee, affiliate or subsidiary, or other person or entity acting on you or your behalf.

B) **"INEX"** means Interior/Exterior Building Supply, L.P.; and predecessor, successor, related, or affiliated entity; and any owner, officer, agent, employee, affiliate or subsidiary, or other person or entity acting on its or their behalf.

C) **"Drywall"** means plasterboard, wallboard or gypsum board which is a panel made of gypsum plaster pressed between two thick sheets of paper, used to make interior walls and ceilings.

D) **"CDW"** means drywall manufactured in China.

E) **"Document"** or **"documents"** "Document(s)" shall mean any written, typed, printed, computer produced, recorded or graphic matter, regardless of origin or location including, without limitation, all correspondence, records, tables, charts, analyses, graphs, maps, schedules, summaries, reports, memoranda, notes, notations, drafts, lists, calendar and diary entries, letters, telegrams, telexes, telecopies, facsimiles, photostats, messages, studies, books, periodicals, magazines, booklets circulars, bulletins, pamphlets, instructions, papers, files, minutes, Communications, questionnaires, contracts, memoranda or agreements, assignments, licenses, ledgers, books of account, financial statements, work sheets, work papers, spreadsheets,

databases, orders, invoices, statements, bills, checks, check registers, vouchers, notebooks, receipts, acknowledgments, data processing cards, word processing documents, computer generated matter, computer printouts, sound recordings, images, data, data compilations, drawings, electronically stored information, data compilations stored in any medium, microfilm, microfiche, internet usage files, network access information, photographs, photographic negatives, phonograph records, tape or audio recordings, compact discs, video tapes, DVDS, voice mail recordings, other mechanical recordings, transcripts or logs of any such recordings, evidence of facsimile transmissions, e-mails, materials stored in magnetic or other storage media, including those maintained in computers, magnetic tapes or disks, and any onsite or offsite backup or so-called "erased" or "deleted" computer information that may be susceptible of retrieval.  "Document(s)" shall include originals (or copies if originals are not available) and non-identical copies and any translations of any Document.

F) **"Communications"** shall refer to the transmission, sending, or receipt of information of any kind by and through any means, whether face-t-face or otherwise, including, but not limited to, speech, writings, language, computer electronics of any kind, magnetic tape, video tape, photographs, graphs, symbols, signs, magnetic disks, sound, radio and/or video signal, telephone, teletype, telecommunication, telegram, facsimile transmission, microfilm, microfiche, and/or photographic film.

## SUBJECT MATTER AND AREAS OF INQUIRY

1) The corporate structure of New Orleans Area Habitat for Humanity, Inc., including any affiliated or related corporations;

2) NOAHH's relationship and dealings with your parent, subsidiaries and affiliates, including but not limited to Habitat for Humanity, Inc. and Habitat for Humanity International, Inc.;

3) Any insurance policy purporting to provide liability coverage to NOAHH, including but not limited to the policy of insurance identified in your plaintiff profile form and any policy of insurance in excess of that policy;

4) Any and all claims to any insurance company for coverage for Chinese manufactured drywall;

5) NOAHH's purchase of any and all drywall for the time period between 2005 and the present;

6) NOAHH's purchase of any and all CDW for the time period between 2005 and the present;

7) NOAHH's storage of any and all drywall for the time period between 2005 and the present;

8) NOAHH's storage of any and all CDW for the time period between 2005 and the present;

9) NOAHH's distribution of any and all drywall for the time period between 2005 and the present;

10) NOAHH's distribution of any and all CDW for the time period between 2005 and the present;

11) Any and all complaints that NOAHH received concerning failed electronics and/or appliances;

12) Any and all complaints that NOAHH received concerning tarnished and/or corroded metals and/or jewelry;

13) Any and all correspondence from and to manufacturers of drywall for the time period between 2005 and the present;

14) Any and all correspondence from and to manufacturers of drywall for the time period between 2005 and the present;

15) Any and all correspondence from and to suppliers of drywall for the time period between 2005 and the present;

16) Any and all correspondence from and to suppliers of CDW for the time period between 2005 and the present;

17) Any and all reports, including drafts, notes, results, photographs, diagrams and memoranda, from any and all experts concerning any and all testing of any and all properties that may and/or did (does) have CDW;

18) Any and all reports, including drafts, notes, results, photographs, diagrams and memoranda, from any and all experts concerning any and all inspections of any and all properties that may and/or did (does) have CDW;

19) Any and all correspondence to and from any and all residents concerning Chinese manufactured drywall;

20) Any and all correspondence to and from any and all affiliates of Habitat for Humanity, Inc. and/or Habitat for Humanity International, Inc. concerning drywall for the time period between 2005 and the present;

21) Any and all correspondence to and from any and all affiliates of Habitat for Humanity, Inc. and/or Habitat for Humanity International, Inc. concerning CDW for the time period between 2005 and the present;

22) Any and all correspondence among New Orleans Area Habitat for Humanity, Inc. board members, officers, employees and/or agents concerning drywall for the time period between 2005 and the present;

23) Any and all correspondence among New Orleans Area Habitat for Humanity, Inc. board members, officers, employees and/or agents concerning CDW for the time period between 2005 and the present;

24) Any and all correspondence to and from any and all affiliates of Habitat for Humanity, Inc. and/or Habitat for Humanity International, Inc. concerning inspections and/or testing of CDW for the time period between 2005 and the present;

25) Any and all quality assurance policies New Orleans Area Habitat for Humanity, Inc. has and/or had in place for the construction and or re-building of homes and or properties for the time period between 2005 and the present;

26) Any and all media, including but not limited to newspaper articles, magazine articles, radio, television, film, Twitter, Facebook, journal articles, blogs, concerning drywall for the time period between 2005 and the present;

27) Any and all media, including but not limited to newspaper articles, magazine articles, radio, television, film, Twitter, Facebook, journal articles, blogs, concerning CDW for the time period between 2005 and the present; and,

28) Any documents produced by NOAHH in this matter and any documents concerning the aforementioned areas of inquiry.

EXHIBIT "A"

PLEASE PRODUCE THE FOLLOWING DOCUMENTS:

1)  Any and all documents regarding the corporate structure of New Orleans Area Habitat for Humanity, Inc., including any affiliated or related corporations;

2)  Any and all documents regarding NOAHH's relationship and dealings with your parent, subsidiaries and affiliates, including but not limited to Habitat for Humanity, Inc. and Habitat for Humanity International, Inc.;

3)  Any and all documents regarding any insurance policy purporting to provide liability coverage to NOAHH, including but not limited to the policy of insurance identified in your plaintiff profile form and any policy of insurance in excess of that policy;

4)  Any and all documents regarding claims to any insurance company for coverage for Chinese manufactured drywall;

5)  Any and all documents regarding NOAHH's purchase of any and all drywall for the time period between 2005 and the present;

6)  Any and all documents regarding NOAHH's purchase of any and all CDW for the time period between 2005 and the present;

7)  Any and all documents regarding NOAHH's storage of any and all drywall for the time period between 2005 and the present;

8)  Any and all documents regarding NOAHH's storage of any and all CDW for the time period between 2005 and the present;

9)  Any and all documents regarding NOAHH's distribution of any and all drywall for the time period between 2005 and the present;

10) Any and all documents regarding NOAHH's distribution of any and all CDW for the time period between 2005 and the present;

11) Any and all documents regarding any and all complaints that NOAHH received concerning failed electronics and/or appliances;

12) Any and all documents regarding complaints that NOAHH received concerning tarnished and/or corroded metals and/or jewelry;

13) Any and all documents regarding correspondence from and to manufacturers of drywall for the time period between 2005 and the present;

14) Any and all documents regarding correspondence from and to manufacturers of drywall for the time period between 2005 and the present;

15) Any and all correspondence from and to suppliers of drywall for the time period between 2005 and the present;

16) Any and all correspondence from and to suppliers of CDW for the time period between 2005 and the present;

17) Any and all reports, including drafts, notes, results, photographs, diagrams and memoranda, from any and all experts concerning any and all testing of any and all properties that may and/or did (does) have CDW;

18) Any and all reports, including drafts, notes, results, photographs, diagrams and memoranda, from any and all experts concerning any and all inspections of any and all properties that may and/or did (does) have CDW;

19) Any and all correspondence to and from any and all residents concerning Chinese manufactured drywall;

20) Any and all correspondence to and from any and all affiliates of Habitat for Humanity, Inc. and/or Habitat for Humanity International, Inc. concerning drywall for the time period between 2005 and the present;

21) Any and all correspondence to and from any and all affiliates of Habitat for Humanity, Inc. and/or Habitat for Humanity International, Inc. concerning CDW for the time period between 2005 and the present;

22) Any and all correspondence among New Orleans Area Habitat for Humanity, Inc. board members, officers, employees and/or agents concerning drywall for the time period between 2005 and the present;

23) Any and all correspondence among New Orleans Area Habitat for Humanity, Inc. board members, officers, employees and/or agents concerning CDW for the time period between 2005 and the present;

24) Any and all correspondence to and from any and all affiliates of Habitat for Humanity, Inc. and/or Habitat for Humanity International, Inc. concerning inspections and/or testing of CDW for the time period between 2005 and the present;

25) Any and all quality assurance policies New Orleans Area Habitat for Humanity, Inc. has and/or had in place for the construction and or re-building of homes and or properties for the time period between 2005 and the present;

26) Any and all media, including but not limited to newspaper articles, magazine articles, radio, television, film, Twitter, Facebook, journal articles, blogs, concerning drywall for the time period between 2005 and the present; and

27) Any and all documents regarding any and all media, including but not limited to newspaper articles, magazine articles, radio, television, film, Twitter, Facebook,

journal articles, blogs, concerning CDW for the time period between 2005 and the present.