**Carolyn Jas**

**From:** Scott George [sgeorge@seegerweiss.com]
**Sent:** Monday, August 20, 2012 6:11 PM
**To:** Richard G. Duplantier, Jr.; barrios@bkc-law.com; Benjamin R. Grau; Carlina C. Eiselen
**Cc:** 'Lenny Davis '; Seeger, Chris; 'rherman@hhklawfirm.com'; Fred Longer; gmeunier@gainsben.com; Levin.Alex
**Subject:** NOAHH 30(b)(6)

Rick,

I thank you for taking the time this afternoon to discuss the discovery your client anticipates in regard to the three properties or which NOAHH holds assignments. Pursuant to these discussion, I provide the PSC's objections to the document requests which you served on August 14th. Please note that we expect that the deposition topics will also be limited by these objections as well.

The responses to the documents requested as part of the draft Notice of 30(b)(6) Deposition of NOAHH sent to the PSC on August 14, 2012 are subject to the same definitions used in the Notice. The term "three subject properties" shall refer to the three properties which have been presented for litigation in the November trial.

As a general objection, NOAHH objects to the request to complete production one day in advance of the deposition of NOAHH which is scheduled for March 23, 2012. The requests were not served until 12 days after the entry of the Case Management Order in this litigation, and only nine (9) days before the scheduled deposition. The Requests almost universally exceed the scope of reasonable discovery in this litigation as they are not limited to CDW and/or the three subject properties. NOAHH is standing by assignment in the shoes of the homeowners of these three properties. Further, NOAHH is an independent non-profit corporation. Its responses are on its behalf only and not on behalf of any other non-profit or Habitat for Humanity entity.

**RESPONSES:**

1) Any and all documents regarding the corporate structure of New Orleans Area Habitat for Humanity, Inc., including any affiliated or related corporations;

   **Response:** This request seeks information that is irrelevant and not likely to lead to the discovery of admissible evidence and is otherwise over-broad and overly burdensome. Subject to this objection, NOAHH will produce documents, to the extent that they exist, that reflect those people during the period of the construction of the three subject properties and through the completion of the remediation of the three subject properties.

2) Any and all documents regarding NOAHH's relationship and dealings with your parent, subsidiaries and affiliates, including but not limited to Habitat for Humanity, Inc. and Habitat for Humanity International, Inc.;

**Response**: This request seeks information that is irrelevant and not likely to lead to the discovery of admissible evidence. This request seeks information that is irrelevant and not likely to lead to the discovery of admissible evidence and is otherwise over-broad and overly burdensome. NOAHH is an independent non-profit corporation with no formal legal relationship to any other Habitat for Humanity organization.

3) Any and all documents regarding any insurance policy purporting to provide liability coverage to NOAHH, including but not limited to the policy of insurance identified in your plaintiff profile form and any policy of insurance in excess of that policy;

**Response**: This request seeks information that is irrelevant and not likely to lead to the discovery of admissible evidence and is otherwise over-broad and overly burdensome. Subject to these objections, NOAHH will produce the insurance policies relevant to the three subject properties to which claims relating to CDW were submitted.

4) Any and all documents regarding claims to any insurance company for coverage for Chinese manufactured drywall;

**Response**: This request seeks information that is irrelevant and not likely to lead to the discovery of admissible evidence and is otherwise over-broad and overly burdensome. Subject to these objections, NOAHH will produce documents related to the three subject properties.

5) Any and all documents regarding NOAHH's purchase of any and all drywall for the time period between 2005 and the present;

**Response**: This request seeks information that is irrelevant and not likely to lead to the discovery of admissible evidence and is otherwise over-broad and overly burdensome. Subject to these objections, NOAHH will produce documents related to the three subject properties.

6) Any and all documents regarding NOAHH's purchase of any and all CDW for the time period between 2005 and the present;

**Response**: This request seeks information that is irrelevant and not likely to lead to the discovery of admissible evidence and is otherwise over-broad and overly burdensome. Subject to these objections, NOAHH will produce documents related to the three subject properties.

7) Any and all documents regarding NOAHH's storage of any and all drywall for the time period between 2005 and the present;

**Response**: This request seeks information that is irrelevant and not likely to lead to the discovery of admissible evidence and is otherwise over-broad and overly burdensome. NOAHH's storage of drywall is irrelevant to the claims and defenses asserted in this case. Subject to these objections, NOAHH will produce documents related to the three subject properties.

8) Any and all documents regarding NOAHH's storage of any and all CDW for the time period between 2005 and the

present;

**Response**: This request seeks information that is irrelevant and not likely to lead to the discovery of admissible evidence and is otherwise over-broad and overly burdensome. NOAHH's storage of drywall is irrelevant to the claims and defenses asserted in this case. Subject to these objections, NOAHH will produce documents related to the three subject properties.

9) Any and all documents regarding NOAHH's distribution of any and all drywall for the time period between 2005 and the present;

**Response**: This request seeks information that is irrelevant and not likely to lead to the discovery of admissible evidence and is otherwise over-broad and overly burdensome. NOAHH's distribution of drywall is irrelevant to the claims and defenses asserted in this case. Subject to these objections, NOAHH will produce documents related to the three subject properties.

10) Any and all documents regarding NOAHH's distribution of any and all CDW for the time period between 2005 and the present;

**Response**: This request seeks information that is irrelevant and not likely to lead to the discovery of admissible evidence and is otherwise over-broad and overly burdensome. NOAHH's distribution of drywall is irrelevant to the claims and defenses asserted in this case. Subject to these objections, NOAHH will produce documents related to the three subject properties.

11) Any and all documents regarding any and all complaints that NOAHH received concerning failed electronics and/or appliances;

**Response**: This request seeks information that is irrelevant and not likely to lead to the discovery of admissible evidence and is otherwise over-broad and overly burdensome. Moreover, the request may seek documents protected from discovery by the attorney-client privileges. Subject to these objections, NOAHH will produce non-privileged documents related to such complaints concerning the type of failure associated with CDW from the three subject properties.

12) Any and all documents regarding complaints that NOAHH received concerning tarnished and/or corroded metals and/or jewelry;

**Response**: This request seeks information that is irrelevant and not likely to lead to the discovery of admissible evidence and is otherwise over-broad and overly burdensome. Moreover, the request may seek documents protected from discovery by the attorney-client privileges. Subject to these objections, NOAHH will produce non-privileged documents related to such complaints concerning the type of corrosion associated with CDW from the three subject properties.

13) Any and all documents regarding correspondence from and to manufacturers of drywall for the time period

between 2005 and the present;

> **Response**: This request seeks information that is irrelevant and not likely to lead to the discovery of admissible evidence and is otherwise over-broad and overly burdensome. Subject to these objections, NOAHH will produce documents related to manufacturers of CDW installed in the three subject properties and relating to CDW.

14) Any and all documents regarding correspondence from and to manufacturers of drywall for the time period between 2005 and the present;

    **Response**: same as No. 14.

15) Any and all correspondence from and to suppliers of drywall for the time period between 2005 and the present;

    Response: This request seeks information that is irrelevant and not likely to lead to the discovery of admissible evidence and is otherwise over-broad and overly burdensome. Subject to these objections, NOAHH will produce documents related to suppliers of CDW installed in the three subject properties and relating to CDW.

16) Any and all correspondence from and to suppliers of CDW for the time period between 2005 and the present;

    **Response**: This request seeks information that is irrelevant and not likely to lead to the discovery of admissible evidence and is otherwise over-broad and overly burdensome. Subject to these objections, NOAHH will produce documents related to suppliers of CDW installed in the three subject properties and relating to CDW.

17) Any and all reports, including drafts, notes, results, photographs, diagrams and memoranda, from any and all experts concerning any and all testing of any and all properties that may and/or did (does) have CDW.

    **Response**: This request seeks information that is irrelevant and not likely to lead to the discovery of admissible evidence and is otherwise over-broad and overly burdensome. Moreover, the request may seek documents protected from discovery by the attorney work product and attorney-client privileges. Finally, the Case Management Order entered by Judge Fallon on August 2, 2012, sets the time for disclosure of experts, production of expert reports and related discovery.

18) Any and all reports, including drafts, notes, results, photographs, diagrams and memoranda, from any and all experts concerning any and all inspections of any and all properties that may and/or did (does) have CDW.

    **Response**: This request seeks information that is irrelevant and not likely to lead to the discovery of admissible evidence and is otherwise over-broad and overly burdensome. Moreover, the request may seek documents protected from discovery by the attorney work product and attorney-client privileges. Finally, the Case Management Order entered by Judge Fallon on August 2, 2012, sets the time for disclosure of experts, production of expert reports and related discovery.

19) Any and all correspondence to and from any and all residents concerning Chinese manufactured drywall;

**Response**: This request seeks information that is irrelevant and not likely to lead to the discovery of admissible evidence and is otherwise over-broad and overly burdensome. Moreover, the request may seek documents protected from discovery by the attorney-client privileges. Subject to these objections, NOAHH will produce non-privileged correspondence relating to the three subject properties.

20) Any and all correspondence to and from any and all affiliates of Habitat for Humanity, Inc. and/or Habitat for Humanity International, Inc. concerning drywall for the time period between 2005 and the present;

**Response**: This request seeks information that is irrelevant and not likely to lead to the discovery of admissible evidence and is otherwise over-broad and overly burdensome. Moreover, the request may seek documents protected from discovery by the attorney-client privileges.

21) Any and all correspondence to and from any and all affiliates of Habitat for Humanity, Inc. and/or Habitat for Humanity International, Inc. concerning CDW for the time period between 2005 and the present;

**Response**: This request seeks information that is irrelevant and not likely to lead to the discovery of admissible evidence and is otherwise over-broad and overly burdensome. Moreover, the request may seek documents protected from discovery by the attorney-client privileges.

22) Any and all correspondence among New Orleans Area Habitat for Humanity, Inc. board members, officers, employees and/or agents concerning drywall for the time period between 2005 and the present;

**Response**: This request seeks information that is irrelevant and not likely to lead to the discovery of admissible evidence and is otherwise over-broad and overly burdensome. Moreover, the request may seek documents protected from discovery by the attorney-client privileges. Subject to these objections, NOAHH will produce non-privileged documents relating to CDW used in the three subject houses.

23) Any and all correspondence among New Orleans Area Habitat for Humanity, Inc. board members, officers, employees and/or agents concerning CDW for the time period between 2005 and the present;

**Response**: This request seeks information that is irrelevant and not likely to lead to the discovery of admissible evidence and is otherwise over-broad and overly burdensome. Moreover, the request may seek documents protected from discovery by the attorney-client privileges. Subject to these objections, NOAHH will produce non-privileged documents relating to CDW used in the three subject houses.

24) Any and all correspondence to and from any and all affiliates of Habitat for Humanity, Inc. and/or Habitat for Humanity International, Inc. concerning inspections and/or testing of CDW for the time period between 2005 and the present;

**Response**: This request seeks information that is irrelevant and not likely to lead to the discovery of admissible

evidence and is otherwise over-broad and overly burdensome.

25) Any and all quality assurance policies New Orleans Area Habitat for Humanity, Inc. has and/or had in place for the construction and or re-building of homes and or properties for the time period between 2005 and the present;

**Response**: This request seeks information that is irrelevant and not likely to lead to the discovery of admissible evidence and is otherwise over-broad and overly burdensome.

26) Any and all media, including but not limited to newspaper articles, magazine articles, radio, television, film, Twitter, Facebook, journal articles, blogs, concerning drywall for the time period between 2005 and the present;

**Response**: This request seeks information that is irrelevant and not likely to lead to the discovery of admissible evidence and is otherwise over-broad and overly burdensome. Subject to these objections, NOAHH will produce documents relating to CDW and the three subject properties.

27) Any and all documents regarding any and all media, including but not limited to newspaper articles, magazine articles, radio, television, film, Twitter, Facebook, journal articles, blogs, concerning CDW for the time period between 2005 and the present;

**Response**: This request seeks information that is irrelevant and not likely to lead to the discovery of admissible evidence and is otherwise over-broad and overly burdensome. Subject to these objections, NOAHH will produce documents relating to CDW and the three subject properties.

Truly,

Scott

Scott Alan George
Seeger Weiss LLP

---

**From:** Richard G. Duplantier, Jr. [mailto:RDuplantier@gjtbs.com]
**Sent:** Monday, August 20, 2012 1:41 PM
**To:** barrios@bkc-law.com; Benjamin R. Grau; Carlina C. Eiselen
**Cc:** 'Lenny Davis '; Scott George
**Subject:** RE: CDW- North River/Inex trial- depo of NOAHH

Dawn -

This follows our conversation a few minutes ago regarding the deposition of NOAHH. Clearly, based on the statements made by you and Scott George just now, the PSC does not plan to produce many documents in response to our Notice to NOAHH. If the PSC is only going to produce documents related to INEX sales and these three houses, then the documents should be readily available. Based on the statements you just made, the PSC plans to object to producing most of what we requested.

As I just requested, please provide me a written response to our Notice explaining what, if any documents, you intend to produce, so that we may have a conference with Judge Fallon before the deposition on Thursday, August 23, 2012.

Cordially

Rick Duplantier

8/22/2012

Sincerely,



GALLOWAY
JOHNSON
TOMPKINS
BURR AND
SMITH

Richard G. Duplantier, Jr., Director
GALLOWAY, JOHNSON, TOMPKINS, BURR & SMITH, A PLC
Phone: 504-525-6802 | Cell: 504-616-5304 | Fax: 504-525-2456
One Shell Square, 701 Poydras St., 40th Floor, New Orleans, Louisiana 70139
Email: RDuplantier@gjtbs.com



Website | Bio | vCard

Houston ♦ St. Louis ♦ Lafayette ♦ Mandeville ♦ New Orleans ♦ Gulfport ♦ Mobile ♦ Pensacola ♦ Tampa ♦ Atlanta

CONFIDENTIAL ATTORNEY-CLIENT OR OTHERWISE PRIVILEGED COMMUNICATION
DO NOT FORWARD WITHOUT PERMISSION

---

**From:** Richard G. Duplantier, Jr.
**Sent:** Monday, August 20, 2012 10:10 AM
**To:** 'Dawn Barrios'; Benjamin R. Grau; Carlina C. Eiselen
**Cc:** Lenny Davis ; Scott A. George ; Chris Seeger ; Russ Herman ; Fred Longer; Jerry Meunier ; Zachary Wool
**Subject:** RE: CDW- North River/Inex trial- depo of NOAHH

Dawn -

First, let me mention that the deposition Notice was sent to the PSC on August 10, 2012. This was sent as soon as practical after Judge Fallon issued the trial scheduling Order. At the conference with Judge Fallon, we agreed to an expedited process of scheduling the depositions of the plaintiffs, in order to accommodate the November trial date. At the conference with Judge Fallon, Russ Herman assured Judge Fallon that the PSC would be able to produce all documents relevant to these proceedings in time to allow us to complete the depositions as scheduled.

Habitat for Humanity should have already had these documents ready for production. Habitat has been a party to the MDL for over a year, and they have made claims against various parties, meaning the records should have been readily available. As you know, Habitat has been aware of the problems related to drywall since 2010.

The PSC was aware of the expedited deadline for the depositions, but the PSC chose to offer only 6 days that were available to complete all of the depositions. We are trying to be cooperative, but the same is simply not true of the PSC.

I am tired of the excuse ...."**we are attempting to produce documents on an expedited basis and in advance of the time limits set forth by the Federal Rules of Civil Procedure**"   The Rules have been tossed out the window by the Judge and the expedited scheduling Order that has been imposed on us.

Before I agree to re-schedule the deposition of NOAHH - I want to know if the PSC plans to make a full document production on their behalf. or if you plan to object. You should know that NOAHH had multiple sources of Chinese drywall, and we need to traverse all NOAHH documents related to Chinese drywall and

8/22/2012

the related records.

I would suggest the two of us discuss this today - I am available until 130 and after 3pm.

Rick

---

From: Dawn Barrios [mailto:barrios@bkc-law.com]
Sent: Friday, August 17, 2012 3:49 PM
To: Richard G. Duplantier, Jr.; Benjamin R. Grau
Cc: Lenny Davis ; Scott A. George ; Chris Seeger ; Russ Herman ; Fred Longer; Jerry Meunier ; Zachary Wool
Subject: CDW- North River/Inex trial- depo of NOAHH

Dear Rick,

When we originally discussed setting up a deposition schedule for the North River-INEX trial, you requested that NOAHH's deposition be set for the 23rd or 24th of August. This was done to accommodate you so that you could personally take that deposition. I agreed to try to accommodate you as best we could. NOAHH's deposition is set for the 23rd, next Thursday, which was done to accommodate your request.

This week received a Notice of 30(b)(6) Deposition of NOAHH, which contained a request for production of documents. The 27 requests for production of documents is very broad and far reaching. NOAHH is a non-profit corporation with very small staff, limited funds, personnel and resources. Your discovery requests have placed a tremendous burden on NOAHH.

On Wednesday several members of our team went to NOAHH's offices to begin review and collection of potentially responsive documents. We have reviewed thousands of pages of hard copy documents, as well as located a large amount of electronic documents, many of which might be potentially responsive to your requests. It will take additional time to review the documents. In addition, culling, reviewing for privilege and final reproduction of those documents that are discoverable may take several weeks.

Your taking NOAHH's deposition on August 23, 2012 will have to be done with very few if any documents, should you elect to proceed on that

date with the deposition. We are agreeable to postponing and rescheduling NOAHH's deposition until August 30th, which will enable you to have received additional documents that may be responsive, but we expect that a full production will not be complete by August 30th. We will not consent to NOAHH being subjected to multiple depositions. We remind you that we are attempting to produce documents on an expedited basis and in advance of the time limits set forth by the Federal Rules of Civil Procedure. Of course, had we received your document request earlier than 10 days before the deposition was scheduled, the situation may have been different.

Please let us know what date you choose. Please be mindful that we are accommodating a late request, one that usually has, at a minimum, a 30 day period to gather the documents.

Have a great weekend,
d


Dawn M. Barrios, Esq.
Barrios, Kingsdorf & Casteix, LLP
Suite 3650
701 Poydras Street
New Orleans, LA 70139
504.524.3300 (phone)
504.524.3313 (fax)


Please consider the environment before printing this e-mail

8/22/2012