**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | | |
|---|---|---|
| =============================== | x | ============================ |
| | x | |
| IN RE: CHINESE-MANUFACTURED | x | MDL NO. 2047 |
| DRYWALL PRODUCTS LIABILITY | x | SECTION: L |
| LITIGATION | x | JUDGE FALLON |
| | x | MAG. JUDGE WILKINSON |
| THIS DOCUMENT RELATES TO ALL | x | |
| CASES | | |
| =============================== | x | ============================ |

### NEW ORLEANS AREA HABITAT FOR HUMANITY, INC.'S \ OPPOSITION TO THE MOTION BY INTERIOR EXTERIOR TO COMPEL REGARDING 30(b)(6) NOTICE AND SUBPOEAN DIRECTED TO \ NEW ORLEANS AREA HABITAT FOR HUMANITY

The Plaintiffs Steering Committee ("PSC") hereby submits this opposition to the Motion by Interior Exterior ("INEX") to Compel Regarding 30(b)(6) Notice and Subpoena[1] Directed to New Orleans Area Habitat for Humanity ("NOAHH"). In its papers, INEX pretends that it has sought to join NOAHH as a third-party defendant, which it has not. NOAHH is not even a defendant in any action pending in the MDL. INEX would have this Court believe that NOAHH is suing on its own behalf as a builder and distributor of drywall, which it is not. Rather, NOAHH stands in the shoes of the owners of three properties that are involved in this suit, having obtained assignments as part of the remediation of these three properties completed by NOAHH. The Court has instructed the parties that the sole issue in the November trial is the liability and status of INEX as a good or bad faith seller of Chinese drywall. Thus the only relevant discovery from NOAHH is about the three homes it remediated, and establishing that Chinese drywall purchased from INEX had been installed in these homes. Because INEX's

---

[1] Contrary to the title of the Motion, INEX has served no subpoena on NOAHH, but only a notice pursuant to Rule 30(b)(6) which was served on August 22, 2012 and which contained an Exhibit listing document topics.

1

Notice seeks testimony and documents far in excess of matters relevant to the November trial, INEX's Motion should be denied.

## BACKGROUND

*Preparations for the November Trial*

Preparations for the November trial in this matter against INEX and North River began in the first half of this year. The parties began a process of selecting potential trial plaintiffs, six each, from whom discovery would be sought. On July 13, 2012, Plaintiffs identified NOAHH as one of their trial picks. Exhibit "1". Once Chinese drywall had been discovered in NOAHH constructed homes, NOAHH began a remediation program which included obtaining assignments from the homeowners of their legal rights. These homeowners included Casey LeBlanc at 1909 Alvar, Ricardo Crespo at 1921 Alvar, and Rochelle Morgan at 1925 Alvar. INEX drywall had been delivered directly by INEX to each of the construction sites of each of these three homes. The homes are entirely INEX supplied Chinese drywall. Through the November trial, NOAHH is seeking to establish INEX's liability for the remediation of these three homes.

INEX did not make a third party demand or issue a subpoena to NOAHH. On August 2, 2012, this Court entered the Case Management Order earlier negotiated and agreed to by the parties. Document No. 15588. Among these dates was the August 30, 2012 date for the completion of the depositions of the potential plaintiffs selected by both parties in the prior month. At that time, INEX still had not served any discovery on NOAHH, not even by way of subpoena.

*INEX's Draft Notice of Deposition on NOAHH*

On August 10, 2012, INEX sent to the PSC by email a draft Notice of 30(b)(6) Deposition of New Orleans Area Habitat for Humanity, Inc., which set forth only a series of deposition topics about which INEX intended to seek discovery from NOAHH in advance of the August 30, 2012 deadline.  Exhibit "2".  No documents were demanded in that draft notice. Thereafter, the parties agreed to a schedule for the depositions of each of the potential trial plaintiffs which would start on August 22, 2012 and be completed on or before August 30, 2012. On August 14, 2012, INEX expressly requested that the deposition of NOAHH take place on August 23, 2012.  Exhibit "3".  Later that day, counsel for INEX requested that NOAHH complete document production at least one day prior to the deposition, which request for documents counsel later stated was "implied in the notice."  Exhibit "4".  That afternoon, INEX added as Exhibit "A" to a revised draft Notice a list of documents it was requesting.  Exhibit "5". Thereafter, Plaintiffs lodged their objections to the topics for testimony and documents set forth in the draft Notice.  The PSC cooperated with INEX's request to continue the deposition of NOAHH until August 29, 2012.  On August 22, 2012, INEX served a formal Notice and its Motion.  Exhibit "6".  On August 23, 2012, the PSC served its objections to the Notice.  Exhibit "7".

Not a single one of the Notice topics, for testimony or deposition, seek anything directly about the three homes. Nothing about the construction of these three homes or proof that INEX provided the Chinese drywall that was installed in the homes is sought.  Nothing about the remediation of the homes or about the current disposition of the homes is sought.  Rather, INEX makes clear in its Motion that it is not even seeking discovery related to the three NOAHH homes at issue in the November trial.  Rather it is seeking to discovery facts and elicit testimony

only "relat[ing] to NOAHH's role in sourcing, storing, and distributing Chinese Drywall, as well as NOAHH's activity of contracting, building, and selling homes utilizing Chinese Drywall." Motion, p. 1.

*The Purpose of the November Trial*

The Court has made repeatedly clear, most recently at the August 23, 2012 hearing on the motion to compel discovery from North River, that the only liability and responsibility that is relevant to the November trial is INEX's liability and responsibility. When denying the motion by North River to bring Knauf into the November trial, the Court noted:

> it is necessary to focus on the purpose of this bellwether exercise. Its purposes is not to resolve all issues in this litigation. Instead, **its purpose is to discretely consider the liability *vel non* of Interior Exterior.**

Document No. 15630, p. 7 (emphasis added).

In that same Order, when discussing the motion by the PSC regarding the matter of solidary liability under redhibition, the Court further made clear that, for the purposes of Phase I of the pending trial, even the liability of the actual manufacturer of drywall in a plaintiff's home was not relevant, only INEX's liability will be relevant:

> The dispute at issue here is whether, when there is more than one allegedly responsible party under redhibition, specifically a manufacturer and a seller/distributor, damages are apportioned under the principle of solidary liability or comparative fault. North River argues that **this issue is premature because, as noted above, the bellwether trial is limited to the liability of Interior Exterior,** deferring the issue of damages until a later time. The Court finds this argument convincing. The issue raised by the Plaintiffs' Motion is more appropriately addressed at the time when it is relevant, such as during the damages stage of the litigation involving North River **after the fact finder has determined whether or not Interior Exterior is liable and the type and extent of this liability.**

*Id.*, p. 14 (emphases added).

What INEX demands from NOAHH, testimony about its acts as a builder and distributor of drywall, including drywall that was never obtained from INEX, is irrelevant for the purposes of the November trial.

4

**ARGUMENT**

The Court has long recognized the guiding rule that discovery is limited to matters relevant to the claims at issue in a case, and with concerns about the burdens placed on the parties; discovery is not to be an off-topic fishing expedition. *Intralox, LLC v. Habasat Belting, Inc.*, 2004 WL 2999093, at *3 (E.D.La. Dec. 23, 2004) (Fallon, J.). Review of the topics of testimony and documents demanded by INEX easily establishes that these topics are irrelevant and pose an undue burden on NOAHH as a potential trial plaintiff. What is at issue in the November trial is INEX's liability *vis-a-vis* the three NOAHH homes. And this irrelevant discovery poses substantial burdens. The PSC's review of the documents available at NOAHH, including electronic documents, that may be relevant to the topics propounded by INEX, establish that thousands of pages of hard copy documents along with emails and electronic documents from over five (5) custodians will require review. In addition to the substantial duplication costs, extensive review for privileged information, particularly from the custodian files, is required.[2] Fundamentally, the Notice outlines documents that cover the entirety of NOAHH's operations from 2005 to the present when drywall played any role in these operations. This is not what the November trial is about.

*The Organization of NOAHH and its Relationship to other Non-Profits (Nos. 1 and 2)*

INEX demands all manner of testimony and documents about NOAHH's constitution, organization and structure, including its relationship with any and all other "Habitat"

---

[2] In light of the aggressive schedule necessary to meet the November trial date, the PSC has begun this review process. However, allocation of the costs of burdens of both the review process and ultimate reproduction of the documents has yet to be decided. Given the nature of the requests, and the irrelevance of the documents demanded, the PSC reserves the right to seek to shift many of these costs to INEX if their Motion is granted in whole or in part.

organizations. All that is relevant to the November trial is INEX's liability and the three homes. NOAHH is an independent non-profit with no formal relationship to any other "Habitat" entity as is relevant to this trial. NOAHH agreed to produce such documents and testimony as might identify persons with relevant knowledge regarding the three homes.

*Insurance Policies and Claims (Nos. 3 and 4)*

INEX demands testimony and documents about any and all insurance policies and related claims that provided any liability coverage to NOAHH. All that is relevant to the November trial is INEX's liability and the three homes. NOAHH agreed to produce such policies and claims as may have related to Chinese drywall in the three homes.

*NOAHH's Purchase, Storage and Distribution of Any Drywall from 2005 to the Present (Nos. 5-10)*

INEX demands testimony and documents about NOAHH's distribution, storage and distribution of drywall at any time from 2005 to the present. INEX delivered to each of the three construction sites the drywall that was used in these three homes. To the extent NOAHH has documents relating to the purchase, storage and distribution of these deliveries, it has agreed to produce same. Its wider handling of drywall, particularly drywall that was not purchased from INEX, is irrelevant.

*Complaints Received by NOAHH about Failed Electronics and Corrosion (Nos. 11 and 12)*

INEX demands testimony and documents about any and all complaints NOAHH received about failed electronics, tarnish and corrosion. All that is relevant to the November trial is INEX's liability and the three homes. NOAHH agreed to provide testimony and produce

documents as relate to complaints received in relation to the three homes when such complaints relate to the types of corrosion and failure that may be associated with Chinese drywall.

*Correspondence with Manufacturers and Suppliers of Any Drywall (Nos. 13-16)*

INEX demands testimony and documents about any and all correspondence NOAHH had with manufacturers or suppliers of any drywall. All that is relevant to the November trial is INEX's liability and the three homes. Correspondence with domestic manufacturers or suppliers other than INEX are irrelevant. NOAHH agreed to provide testimony and documents as relate to the manufacturers and suppliers of the Chinese drywall that had been installed in the three homes.

*Testing and Inspection by Experts (Nos. 17 and 18)*

INEX demands all documents created by experts in this case who completed testing or inspections. Under the Scheduling Order, such expert discovery does not take place until a later date, with plaintiff's reports not due until September 21, 2012. Defendant did not request any and all documents related to any and all testing and inspections (as it had in the prior trial). Rather, through each of the revisions of its Notice, it has continued to demand only such documents created by "experts." Such discovery is improper at this time and will be limited to reports of the three homes.

*Correspondence with "Any and All Residents" (No. 19)*

INEX demands any and all correspondence with any and all residents concerning Chinese manufactured drywall. In addition to problems of vagueness as to the definition of "any and all residents," this topic is overbroad and seeks irrelevant information. All that is relevant to the November trial is INEX's liability and the three homes. Accordingly, NOAHH agreed to provide testimony and documents relating to the three homes.

*Correspondence with "Habitat" Organizations about Any Drywall (Nos. 20 and 21, 24)*

INEX demands any and all correspondence about all types of drywall with non-NOAHH "Habitat" organizations. All that is relevant to the November trial is INEX's liability and the three homes. Non-Chinese drywall is irrelevant. NOAHH is an independent non-profit, and no other "Habitat" organization played any role in the three homes.

*Correspondence within NOAHH about AnyDrywall (No. 22 and 23)*

INEX demands any and all correspondence within NOAHH about any and all drywall. All that is relevant to the November trial is INEX's liability and the three homes. NOAHH agreed to provide such testimony and documents as relates directly to the three homes.

*NOAHH's Quality Assurance Policies (No. 25)*

INEX demands any and all of NOAHH's quality assurance policies for the construction and or rebuilding of homes from 2005 to the present. All that is relevant to the November trial is INEX's liability and the three homes. There is no link between the problem of Chinese drywall and how it is installed. Such documents are not relevant.

*Any and All Media about Any Drywall (Nos. 26 and 27)*

INEX demands any and all media about any drywall. All that is relevant to the November trial is INEX's liability and the three homes. NOAHH agreed to provide testimony and documents that relate directly to the three homes.

**CONCLUSION**

The discovery demanded of NOAHH by INEX is irrelevant to the November trial. NOAHH is not a named defendant in any of the Complaint filed in the MDL. NOAHH is not in this trial as a builder or as a distributor of Chinese drywall. Rather, it stands in this litigation as a Plaintiff by assignment for the three homes that will be discussed before the jury in November.

INEX cannot deflect attention from its knowledge of the qualities of the Chinese drywall that it imported from China, sold to NOAHH and delivered directly to the construction sites of the three homes.

For all of the aforementioned reasons, the PSC respectfully request that the Motion by INEX be denied and that the deposition of NOAHH proceed subject to the objections and limitations set forth by the PSC.

Respectfully submitted,

/s/ Leonard A. Davis
**Russ M. Herman** (Bar No. 6819)
Leonard A. Davis (Bar No. 14190)
Stephen J. Herman (Bar No. 23129)
*HERMAN, HERMAN & KATZ, L.L.C.*
820 O'Keefe Avenue
New Orleans, LA 70113
PH: (504) 581-4892
FAX: (504) 561-6024
**Plaintiffs' Liaison Counsel**

Arnold Levin
Fred S. Longer
Matthew C. Gaughan
Levin, Fishbein, Sedran & Berman
510 Walnut Street, Suite 500
Philadelphia, PA 19106
215-592-1500 (phone)
215-592-4663 (fax)
Alevin@lfsblaw.com
*Plaintiffs' Lead Counsel*
*MDL2047*

| | |
|---|---|
| Dawn M. Barrios<br>701 Poydras Street<br>Suite 3650<br>New Orleans, LA  70139<br>PH:  (504) 524-3300<br>Fax:  (504) 524-3313<br><br>Robert Josefsberg<br>25 Flagler Street<br>8th Floor<br>Miami, FL  33130<br>PH:  (305) 358-2800<br>Fax:  (305) 358-2382<br><br>Ben Gordon<br>316 S. Baylen Street<br>Suite 600<br>Pensacola, FL  32502<br>PH:  (850) 435-7090<br>Fax:  (850) 436-6091<br><br>Arnold Levin<br>510 Walnut Street<br>Suite 500<br>Philadelphia, PA  19106<br>PH:  (215) 592-1500<br>Fax:  (215) 592-4663<br><br>Jerrold Seth Parker<br>3301 Bonita Beach Road<br>Bonita Springs, FL  34134<br>PH:  (239) 390-1000<br>Fax:  (239) 390-0055<br><br>Christopher Seeger<br>One William Street<br>New York, NY  10004<br>PH:  (212) 584-0700<br>Fax:  (212) 584-0799 | Daniel E. Becnel, Jr.<br>425 W. Airline Highway<br>Suite B<br>LaPlace, LA  70068<br>PH:  (985) 536-1186<br>Fax:  (985) 536-6445<br><br>Ervin Amanda Gonzalez<br>255 Aragon Avenue<br>Cora Gables, FL  33134<br>PH:  (305) 476-7400<br>Fax:  305) 476-7444<br><br>Hugh P. Lambert<br>701 Magazine Street<br>New Orleans, LA  70130<br>PH:  (504) 581-1750<br>Fax:  (504) 529-2931<br><br>Gerald E. Meunier<br>2800 Energy Centre<br>1100 Poydras Street<br>New Orleans, LA  70163-2800<br>PH:  (504) 522-2304<br>Fax:  (504) 528-9973<br><br>James Robert  Reeves<br>160 Main Street<br>Biloxi, MS  39530<br>PH:  (228) 374-5151<br>Fax:  (228) 374-6630<br><br>Bruce William Steckler<br>3102 Oak Lawn Ave.<br>Suite 1100<br>Dallas, TX  75219<br>PH:  (214) 523-6674<br>Fax:  (214) 520-1181 |

| | |
|---|---|
| Scott Weinstein<br>12800 University Drive<br>Suite 600<br>Ft. Myers, FL  33907<br>PH:  (239) 433-6880<br>Fax:  (239) 433-6836<br><br>Daniel K. Bryson<br>900 West Morgan St.<br>Raleigh, NC 27603<br>PH: (919) 600-5000<br>Fax: (919) 600-5035 | Richard J. Serpe, Esquire<br>580 East Main Street<br>Suite 310<br>Norfolk, VA 23510-2322<br>PH: (757) 233-0009<br>Fax: (757) 233-0455<br><br>Victor M. Diaz, Jr., Esquire<br>V.M. Diaz and Partners, LLC<br>119 Washington Ave, Suite 402<br>Miami Beach, FL 33139<br>Phone: (305) 704-3200<br>Fax: (305) 538-4928 |

**PLAINTIFFS' STEERING COMMITTEE**

**OF COUNSEL TO PLAINTIFFS' STEERING COMMITTEE**

| | |
|---|---|
| Richard S. Lewis<br>HAUSFELD LLP<br>1700 K Street, N.W Suite  650<br>Washington, DC 20006<br>Phone: (202) 540-7200<br>Fax:  (202) 540-7201<br>rlewis@hausfeldllp.com | Andrew Lemmon<br>Lemmon Law Firm, LLC<br>P.O. Box 904 (mailing address)<br>15058 River Road<br>Hahnville, LA  70057<br>Phone:  (985) 783-6789<br>Fax:  (985) 783-1333<br>andrew@lemmonlawfirm.com<br><br>Anthony Irpino<br>Irpino Law Firm<br>2216 Magazine Street<br>New Orleans, LA 70130<br>Phone: (504) 525-1500<br>Fax: (504) 525-1501<br>airpino@irpinolaw.com |

**CERTIFICATE OF SERVICE**

      I hereby certify that the above and foregoing pleading has been served on Defendants' Liaison Counsel, Kerry Miller, by U.S. Mail and e-mail <u>or</u> by hand delivery and e-mail <u>and</u> upon all parties by electronically uploading the same to LexisNexis File & Serve in accordance with Pre-Trial Order No. 6, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2047, on this 24th day of August, 2012.

      /s/ Leonard A. Davis
Leonard A. Davis
Herman, Herman & Katz, L.L.C.
820 O'Keefe Ave.
New Orleans, LA  70113
PH:  (504) 581-4892
Fax:  (504) 561-6024
ldavis@hhklawfirm.com