# EXHIBIT 5

**Scott George**

**From:** Lenny Davis [LDAVIS@hhklawfirm.com]
**Sent:** Friday, August 24, 2012 12:43 PM
**To:** Scott George
**Subject:** FW: drywall /depositions of trial plaintiffs
**Attachments:** Notice of 30(b)(6) Deposition of NOAHH (02820083).DOC

Leonard A. Davis
Attorney at Law
Herman, Herman & Katz, L.L.C.
Herman Gerel LLP
820 O'Keefe Avenue
New Orleans, Louisiana 70113
504-581-4892
504-561-6024(fax)

*This e-mail message contains confidential, privileged information intended solely for the addressee. Please do not read, copy, or disseminate it unless you are the addressee. If you have received it in error, please call us (collect) immediately at (504) 581-4892 and ask to speak with the message sender. Also, we would appreciate your forwarding the message back to us and deleting it from your system. Thank you.*

CONFIDENTIAL ATTORNEY WORK PRODUCT

---

**From:** Richard G. Duplantier, Jr. [mailto:RDuplantier@gjtbs.com]
**Sent:** Tuesday, August 14, 2012 5:05 PM
**To:** Lenny Davis
**Subject:** RE: drywall /depositions of trial plaintiffs

Lenny -

Here is the Notice with the document request. if you plan to object to production of any of these records, we need to discuss soon and expedite a Hearing with Judge Fallon.

Thanks

Rick

---

**From:** Lenny Davis [mailto:LDAVIS@hhklawfirm.com]
**Sent:** Tuesday, August 14, 2012 4:43 PM
**To:** Richard G. Duplantier, Jr.
**Subject:** RE: drywall /depositions of trial plaintiffs

I missed that implication. If you send me a draft request like we have done in the past we can look at the requests, speak to the client and advise you of objections and issues we may have with it. I don't think that all of the areas in the notice are relevant or discoverable and certainly not applicable to the first phase trial of only a few homes. That said we will look at whatever you send and reply accordingly.

Leonard A. Davis
Attorney at Law
Herman, Herman & Katz, L.L.C.
Herman Gerel LLP
820 O'Keefe Avenue
New Orleans, Louisiana 70113
504-581-4892
504-561-6024(fax)

*This e-mail message contains confidential, privileged information intended solely for the addressee. Please do not read, copy, or disseminate it unless you are the addressee. If you have received it in error, please call us (collect) immediately at (504) 581-4892 and ask to speak with the message sender. Also, we would appreciate your forwarding the message back to us and deleting it from your system. Thank you.*

CONFIDENTIAL ATTORNEY WORK PRODUCT

---

**From:** Richard G. Duplantier, Jr. [mailto:RDuplantier@gjtbs.com]
**Sent:** Tuesday, August 14, 2012 4:40 PM
**To:** Lenny Davis
**Subject:** RE: drywall /depositions of trial plaintiffs

It was implied in the Notice. I was waiting to hear from you. It will basically be every document related to each area of inquiry in the Notice we sent.

See attached.

Rick

---

**From:** Lenny Davis [mailto:LDAVIS@hhklawfirm.com]
**Sent:** Tuesday, August 14, 2012 4:31 PM
**To:** Richard G. Duplantier, Jr.; Carlina C. Eiselen
**Cc:** Scott George; 'alevin@lfsblaw.com'; Fred Longer; Russ Herman; Kate Danahay; 'Seeger, Chris'; Anthony Irpino; Scott George; Arnold Levin; Dawn Barrios (barrios@bkc-law.com); Carlina C. Eiselen; Benjamin R. Grau; 'Kevin Risley'; 'Sidney Angelle'; Benjamin R. Grau; D. Russell Holwadel; 'Eric Berger'; 'Gary Russo '; 'Greg Currier'; H. Minor Pipes; 'Kevin Risley'; 'Melissa Swabacker'; Phil Nizialek (nizialek@carverdarden.com); 'Sidney Angelle'
**Subject:** RE: drywall /depositions of trial plaintiffs

I do not recall ever seeing a document request to habitat. Did I miss it?

Leonard A. Davis
Attorney at Law
Herman, Herman & Katz, L.L.C.
Herman Gerel LLP
820 O'Keefe Avenue
New Orleans, Louisiana 70113
504-581-4892
504-561-6024(fax)

*This e-mail message contains confidential, privileged information intended solely for the addressee. Please do not read, copy, or disseminate it unless you are the addressee. If you have received it in error, please call us (collect) immediately at (504) 581-4892 and ask to speak with the message sender. Also, we would appreciate your forwarding the message back to us and deleting it from your system. Thank you.*

---

**From:** Richard G. Duplantier, Jr. [mailto:RDuplantier@gjtbs.com]
**Sent:** Tuesday, August 14, 2012 4:34 PM
**To:** Lenny Davis; Carlina C. Eiselen
**Cc:** Scott George; 'alevin@lfsblaw.com'; Fred Longer; Russ Herman; Kate Danahay; 'Seeger, Chris'; Anthony Irpino; Scott George; Arnold Levin; Dawn Barrios (barrios@bkc-law.com); Carlina C. Eiselen; Benjamin R. Grau; 'Kevin Risley'; 'Sidney Angelle'; Benjamin R. Grau; D. Russell Holwadel; 'Eric Berger'; 'Gary Russo '; 'Greg Currier'; H. Minor Pipes; 'Kevin Risley'; 'Melissa Swabacker'; Phil Nizialek (nizialek@carverdarden.com); 'Sidney Angelle'
**Subject:** RE: drywall /depositions of trial plaintiffs

We will make this work. My only request is that Habitat complete a document production - in accordance with the Notice we issued - at least the day prior to the deposition.

Rick

**Sincerely,**




**Richard G. Duplantier, Jr., Director**
**GALLOWAY, JOHNSON, TOMPKINS, BURR & SMITH, A PLC**
**Phone: 504-525-6802 | Cell: 504-616-5304 | Fax: 504-525-2456**
**One Shell Square , 701 Poydras St., 40th Floor , New Orleans, Louisiana 70139**
**Email: RDuplantier@gjtbs.com**

**Website | Bio | vCard**

**Houston ♦ St. Louis ♦ Lafayette ♦ Mandeville ♦ New Orleans ♦ Gulfport ♦ Mobile ♦ Pensacola ♦ Tampa ♦ Atlanta**

CONFIDENTIAL ATTORNEY-CLIENT OR OTHERWISE PRIVILEGED COMMUNICATION
DO NOT FORWARD WITHOUT PERMISSION

---

**From: Lenny Davis [mailto:LDAVIS@hhklawfirm.com]**
**Sent: Tuesday, August 14, 2012 4:21 PM**
**To: Richard G. Duplantier, Jr.; Carlina C. Eiselen**
**Cc: Scott George; 'alevin@lfsblaw.com'; Fred Longer; Russ Herman; Kate Danahay; 'Seeger, Chris'; Anthony Irpino; Scott George; Arnold Levin; Dawn Barrios (barrios@bkc-law.com)**
**Subject: drywall /depositions of trial plaintiffs**

**The following deposition schedule of plaintiff trial selection candidates is proposed:**

**August 23 – Habitat for Humanity/Jim Pate**
**August 24 – Mr. and Mrs. Gross**
**August 27 – Mr. and Mrs. Blue**
**August 28 – Mr. Mora in the morning and Ms. Siler (her daughter) in the afternoon**
**August 29 – Ms. Mundee in the morning**
**August 30 – Mr. and Mrs. Lea**

**We propose that all depositions in the morning begin at 9:00 a.m. and where there are two deponents on one day, we will try to accommodate everyone by having the second deponent immediately following the first one. All depositions should take place at my office. If this schedule is acceptable, feel free to issue the appropriate notices and we expect that you will be coordinating with all counsel.**

**Leonard A. Davis**
**Attorney at Law**
**Herman, Herman & Katz, L.L.C.**
**Herman Gerel LLP**
**820 O'Keefe Avenue**
**New Orleans, Louisiana 70113**
**504-581-4892**
**504-561-6024(fax)**

***This e-mail message contains confidential, privileged information intended solely for the addressee. Please do not read, copy, or disseminate it unless you are the addressee. If you have received it in error, please call us (collect) immediately at (504) 581-4892 and ask to speak with the message sender. Also, we would appreciate your forwarding the message back to us and deleting it from your system. Thank you.***

**CONFIDENTIAL ATTORNEY WORK PRODUCT**

**CONFIDENTIAL ATTORNEY WORK PRODUCT**
**This e-mail message contains confidential, privileged information intended solely for the addressee. Please do not read, copy, or disseminate it unless you are the addressee. If you have received it in error, please call us (collect) immediately at (504) 581-4892 and ask to speak with the message sender. Also, we would appreciate your forwarding the message back to us and deleting it from your system. Thank you.**

CONFIDENTIAL ATTORNEY WORK PRODUCT
This e-mail message contains confidential, privileged information intended solely for the addressee. Please do not read, copy, or disseminate it unless you are the addressee. If you have received it in error, please call us (collect) immediately at (504) 581-4892 and ask to speak with the message sender. Also, we would appreciate your forwarding the message back to us and deleting it from your system. Thank you.

CONFIDENTIAL ATTORNEY WORK PRODUCT
This e-mail message contains confidential, privileged information intended solely for the addressee. Please do not read, copy, or disseminate it unless you are the addressee. If you have received it in error, please call us (collect) immediately at (504) 581-4892 and ask to speak with the message sender. Also, we would appreciate your forwarding the message back to us and deleting it from your system. Thank you.

CONFIDENTIAL ATTORNEY WORK PRODUCT
This e-mail message contains confidential, privileged information intended solely for the addressee. Please do not read, copy, or disseminate it unless you are the addressee. If you have received it in error, please call us (collect) immediately at (504) 581-4892 and ask to speak with the message sender. Also, we would appreciate your forwarding the message back to us and deleting it from your system. Thank you.

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | | |
|---|---|---|
| **IN RE: CHINESE-MANUFACTURED DRYWALL PRODUCTS LIABILITY LITIGATION** | ) ) ) ) | **CIVIL ACTION NO. 09-2047** |
| | | **JUDGE FALLON** |
| **This Document Relates to: ALL CASES** | | **MAGISTRATE WILKINSON** |

**NOTICE OF 30(b)(6) DEPOSITION OF**
**NEW ORLEANS AREA HABITAT FOR HUMANITY, INC.**

To: **New Orleans Area Habitat for Humanity, Inc.**
Through its attorney of record
Plaintiffs' Steering Committee &
Plaintiffs' Liaison Counsel
Russ M. Herman
Leonard A. Davis
Stephen Herman
Herman, Herman, Katz & Cotlar, L.P.
820 O'Keefe Avenue
New Orleans, Louisiana 70113

**PLEASE TAKE NOTICE** that pursuant to Rule 26 and 30(b)(6) of the Federal Rules of Civil Procedure, Defendant, Interior/Exterior Building Supply, L.P. ("INEX"), will take the corporate deposition of New Orleans Area Habitat for Humanity, Inc. ("NOAHH") on _______, starting at 9:30 a.m. (Central time) at the law office of Herman, Herman, Katz & Cotlar, LLP, 820 O'Keefe Avenue, New Orleans, Louisiana 70113, (504) 581-4892,or at another location mutually agreed upon by the parties.

Pursuant to Federal Rule of Civil Procedure 30(b)(6), the deponent, NOAHH, shall designate one or more officers, directors, managing agents, employees, or other persons who consent to testify on its behalf and who are knowledgeable or can reasonably acquire knowledge or information concerning or relating to the topics indentified in Schedule A attached hereto, and

shall specify as to which matters each designee is knowledgeable and as to which matters the designee will testify. If NOAHH designates more than one person to testify regarding the subjects described herein, INEX requests that NOAHH provide written notice as to the particular subjects on which each person will testify.

If you are an attorney of record, please email cdw@golkow.com 48 hours prior to the deposition should desire to participate by stream to view video/text so you may receive a username and password.

| | |
|---|---|
| Primary Examiners: | Counsel for Interior Exterior Building Supply, L.P. |
| Videotaped Deposition: | Yes |
| Call-In Number: | need to get from golkow<br>Participant Code: |

The deposition will be taken before a person authorized by law to administer oaths, pursuant to Fed. R. Civ. P. 28, and will continue from day-to-day, excluding Sundays and court-recognized holidays, until the examination is completed. This is an MDL "common" deposition.

Respectfully submitted,

***Richard G. Duplantier, Jr. /s/***

Richard G. Duplantier, Jr. (# 18874)
Lambert J. Hassinger, Jr. (# 21683)
Benjamin R. Grau (#26307)
Carlina C. Eiselen, (# 28524)
GALLOWAY, JOHNSON, TOMPKINS,
BURR & SMITH
701 Poydras Street, 40th Floor
New Orleans, Louisiana 70139
Telephone: (504) 525-6802 / Fax: (504) 525-2456
rduplantier@gjtbs.com /jhassinger@gjtbs.com
bgrau@gjtbs.com / ceiselen@gjtbs.com

**SCHEDULE A**

**DEFINTIONS**

The following definitions apply to these topics:

A) **"You"** or **"NOAHH"** means New Orleans Area Habitat for Humanity, Inc.; and predecessor, successor, related, or affiliated entity; and any owner, officer, agent, employee, affiliate or subsidiary, or other person or entity acting on you or your behalf.

B) **"INEX"** means Interior/Exterior Building Supply, L.P.; and predecessor, successor, related, or affiliated entity; and any owner, officer, agent, employee, affiliate or subsidiary, or other person or entity acting on its or their behalf.

C) **"Drywall"** means plasterboard, wallboard or gypsum board which is a panel made of gypsum plaster pressed between two thick sheets of paper, used to make interior walls and ceilings.

D) **"CDW"** means drywall manufactured in China.

E) **"Document"** or **"documents"** "Document(s)" shall mean any written, typed, printed, computer produced, recorded or graphic matter, regardless of origin or location including, without limitation, all correspondence, records, tables, charts, analyses, graphs, maps, schedules, summaries, reports, memoranda, notes, notations, drafts, lists, calendar and diary entries, letters, telegrams, telexes, telecopies, facsimiles, photostats, messages, studies, books, periodicals, magazines, booklets circulars, bulletins, pamphlets, instructions, papers, files, minutes, Communications, questionnaires, contracts, memoranda or agreements, assignments, licenses, ledgers, books of account, financial statements, work sheets, work papers, spreadsheets,

databases, orders, invoices, statements, bills, checks, check registers, vouchers, notebooks, receipts, acknowledgments, data processing cards, word processing documents, computer generated matter, computer printouts, sound recordings, images, data, data compilations, drawings, electronically stored information, data compilations stored in any medium, microfilm, microfiche, internet usage files, network access information, photographs, photographic negatives, phonograph records, tape or audio recordings, compact discs, video tapes, DVDS, voice mail recordings, other mechanical recordings, transcripts or logs of any such recordings, evidence of facsimile transmissions, e-mails, materials stored in magnetic or other storage media, including those maintained in computers, magnetic tapes or disks, and any onsite or offsite backup or so-called "erased" or "deleted" computer information that may be susceptible of retrieval. "Document(s)" shall include originals (or copies if originals are not available) and non-identical copies and any translations of any Document.

F) **"Communications"** shall refer to the transmission, sending, or receipt of information of any kind by and through any means, whether face-t-face or otherwise, including, but not limited to, speech, writings, language, computer electronics of any kind, magnetic tape, video tape, photographs, graphs, symbols, signs, magnetic disks, sound, radio and/or video signal, telephone, teletype, telecommunication, telegram, facsimile transmission, microfilm, microfiche, and/or photographic film.

**SUBJECT MATTER AND AREAS OF INQUIRY**

1) The corporate structure of New Orleans Area Habitat for Humanity, Inc., including any affiliated or related corporations;
2) NOAHH's relationship and dealings with your parent, subsidiaries and affiliates, including but not limited to Habitat for Humanity, Inc. and Habitat for Humanity International, Inc.;
3) Any insurance policy purporting to provide liability coverage to NOAHH, including but not limited to the policy of insurance identified in your plaintiff profile form and any policy of insurance in excess of that policy;
4) Any and all claims to any insurance company for coverage for Chinese manufactured drywall;
5) NOAHH's purchase of any and all drywall for the time period between 2005 and the present;
6) NOAHH's purchase of any and all CDW for the time period between 2005 and the present;
7) NOAHH's storage of any and all drywall for the time period between 2005 and the present;
8) NOAHH's storage of any and all CDW for the time period between 2005 and the present;
9) NOAHH's distribution of any and all drywall for the time period between 2005 and the present;
10) NOAHH's distribution of any and all CDW for the time period between 2005 and the present;

11) Any and all complaints that NOAHH received concerning failed electronics and/or appliances;

12) Any and all complaints that NOAHH received concerning tarnished and/or corroded metals and/or jewelry;

13) Any and all correspondence from and to manufacturers of drywall for the time period between 2005 and the present;

14) Any and all correspondence from and to manufacturers of drywall for the time period between 2005 and the present;

15) Any and all correspondence from and to suppliers of drywall for the time period between 2005 and the present;

16) Any and all correspondence from and to suppliers of CDW for the time period between 2005 and the present;

17) Any and all reports, including drafts, notes, results, photographs, diagrams and memoranda, from any and all experts concerning any and all testing of any and all properties that may and/or did (does) have CDW.

18) Any and all reports, including drafts, notes, results, photographs, diagrams and memoranda, from any and all experts concerning any and all inspections of any and all properties that may and/or did (does) have CDW.

19) Any and all correspondence to and from any and all residents concerning Chinese manufactured drywall;

20) Any and all correspondence to and from any and all affiliates of Habitat for Humanity, Inc. and/or Habitat for Humanity International, Inc. concerning drywall for the time period between 2005 and the present;

21) Any and all correspondence to and from any and all affiliates of Habitat for Humanity, Inc. and/or Habitat for Humanity International, Inc. concerning CDW for the time period between 2005 and the present;

22) Any and all correspondence among New Orleans Area Habitat for Humanity, Inc. board members, officers, employees and/or agents concerning drywall for the time period between 2005 and the present;

23) Any and all correspondence among New Orleans Area Habitat for Humanity, Inc. board members, officers, employees and/or agents concerning CDW for the time period between 2005 and the present;

24) Any and all correspondence to and from any and all affiliates of Habitat for Humanity, Inc. and/or Habitat for Humanity International, Inc. concerning inspections and/or testing of CDW for the time period between 2005 and the present;

25) Any and all quality assurance policies New Orleans Area Habitat for Humanity, Inc. has and/or had in place for the construction and or re-building of homes and or properties for the time period between 2005 and the present;

26) Any and all media, including but not limited to newspaper articles, magazine articles, radio, television, film, Twitter, Facebook, journal articles, blogs, concerning drywall for the time period between 2005 and the present;

27) Any and all media, including but not limited to newspaper articles, magazine articles, radio, television, film, Twitter, Facebook, journal articles, blogs, concerning CDW for the time period between 2005 and the present; and,

28) Any documents produced by NOAHH in this matter and any documents concerning the aforementioned areas of inquiry.

EXHIBIT "A"

PLEASE PRODUCE THE FOLLOWING DOCUMENTS:

1) Any and all documents regarding the corporate structure of New Orleans Area Habitat for Humanity, Inc., including any affiliated or related corporations;

2) Any and all documents regarding NOAHH's relationship and dealings with your parent, subsidiaries and affiliates, including but not limited to Habitat for Humanity, Inc. and Habitat for Humanity International, Inc.;

3) Any and all documents regarding any insurance policy purporting to provide liability coverage to NOAHH, including but not limited to the policy of insurance identified in your plaintiff profile form and any policy of insurance in excess of that policy;

4) Any and all documents regarding claims to any insurance company for coverage for Chinese manufactured drywall;

5) Any and all documents regarding NOAHH's purchase of any and all drywall for the time period between 2005 and the present;

6) Any and all documents regarding NOAHH's purchase of any and all CDW for the time period between 2005 and the present;

7) Any and all documents regarding NOAHH's storage of any and all drywall for the time period between 2005 and the present;

8) Any and all documents regarding NOAHH's storage of any and all CDW for the time period between 2005 and the present;

9) Any and all documents regarding NOAHH's distribution of any and all drywall for the time period between 2005 and the present;

10) Any and all documents regarding NOAHH's distribution of any and all CDW for the time period between 2005 and the present;

11) Any and all documents regarding any and all complaints that NOAHH received concerning failed electronics and/or appliances;

12) Any and all documents regarding complaints that NOAHH received concerning tarnished and/or corroded metals and/or jewelry;

13) Any and all documents regarding correspondence from and to manufacturers of drywall for the time period between 2005 and the present;

14) Any and all documents regarding correspondence from and to manufacturers of drywall for the time period between 2005 and the present;

15) Any and all correspondence from and to suppliers of drywall for the time period between 2005 and the present;

16) Any and all correspondence from and to suppliers of CDW for the time period between 2005 and the present;

17) Any and all reports, including drafts, notes, results, photographs, diagrams and memoranda, from any and all experts concerning any and all testing of any and all properties that may and/or did (does) have CDW.

18) Any and all reports, including drafts, notes, results, photographs, diagrams and memoranda, from any and all experts concerning any and all inspections of any and all properties that may and/or did (does) have CDW.

19) Any and all correspondence to and from any and all residents concerning Chinese manufactured drywall;

20) Any and all correspondence to and from any and all affiliates of Habitat for Humanity, Inc. and/or Habitat for Humanity International, Inc. concerning drywall for the time period between 2005 and the present;

21) Any and all correspondence to and from any and all affiliates of Habitat for Humanity, Inc. and/or Habitat for Humanity International, Inc. concerning CDW for the time period between 2005 and the present;

22) Any and all correspondence among New Orleans Area Habitat for Humanity, Inc. board members, officers, employees and/or agents concerning drywall for the time period between 2005 and the present;

23) Any and all correspondence among New Orleans Area Habitat for Humanity, Inc. board members, officers, employees and/or agents concerning CDW for the time period between 2005 and the present;

24) Any and all correspondence to and from any and all affiliates of Habitat for Humanity, Inc. and/or Habitat for Humanity International, Inc. concerning inspections and/or testing of CDW for the time period between 2005 and the present;

25) Any and all quality assurance policies New Orleans Area Habitat for Humanity, Inc. has and/or had in place for the construction and or re-building of homes and or properties for the time period between 2005 and the present;

26) Any and all media, including but not limited to newspaper articles, magazine articles, radio, television, film, Twitter, Facebook, journal articles, blogs, concerning drywall for the time period between 2005 and the present;

27) Any and all documents regarding any and all media, including but not limited to newspaper articles, magazine articles, radio, television, film, Twitter, Facebook,

journal articles, blogs, concerning CDW for the time period between 2005 and the present; and,