# EXHIBIT 7



46070220

Aug 23 2012
03:22PM

**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | | |
|---|---|---|
| =============================== | x | =============================== |
| | x | |
| IN RE: CHINESE-MANUFACTURED | x | MDL NO. 2047 |
| DRYWALL PRODUCTS LIABILITY | x | SECTION: L |
| LITIGATION | x | JUDGE FALLON |
| | x | MAG. JUDGE WILKINSON |
| THIS DOCUMENT RELATES TO ALL | x | |
| CASES | x | |
| =============================== | x | =============================== |

**NEW ORLEANS AREA HABITAT FOR HUMANITY, INC.'S**
**RESPONSES AND OBJECTIONS TO NOTICE OF 30(b)(6) DEPOSITION OF**
**NEW ORLEANS AREA HABITAT FOR HUMANITY, INC.**

NOW COMES New Orleans Area Habitat for Humanity, Inc. ("NOAHH") who, pursuant to the Federal Rules of Civil Procedure, hereby responds to the Notice of 30(b)(6) Deposition of New Orleans Area Habitat and Humanity, Inc. served by Defendant, Interior/Exterior Building Supply, L.P. ("INEX"), on August 22, 2012 as follows:

**A. General Objections:**

1. NOAHH objects to the discovery request that was served on NOAHH on August 22, 2012 because it seeks to set a deposition on August 29, 2012.

2. NOAHH objects to producing any of the documents on Exhibit "A", assuming such are actually requested, in advance of the time contemplated by the Federal Rules of Civil Procedure.

3. The Notice of Deposition seeks testimony and documents on 28 different topics most of which are irrelevant to the pending trial scheduled in November 2012.

4. The Requests almost universally exceed the scope of reasonable discovery in this litigation as they are not limited to CDW.

1

5. There are three subject properties. NOAHH is standing by assignment in the shoes of the homeowners of these three properties. NOAHH objects to discovery that exceeds these three properties during the first phase of this trial as any further discovery as to NOAHH would be irrelevant and burdensome.

6. NOAHH is an independent non-profit corporation. Its responses are on its behalf only and not on behalf of any other non-profit or Habitat for Humanity entity.

7. NOAHH objects to the unlimited amount of time of these discovery requests. NOAHH will only respond to that period of time in the three subject properties may have been impacted by CDW commencing in August 2006 through present.

8. NOAHH objects to the discovery requests to the extent that they call for the discovery and production of documents or information protected by the Attorney-Client and/or Work Product Doctrine.

9. NOAHH objects to the discovery requests to the extent that they are vague and over broad and not subject to time limitation.

10. NOAHH objects to the discovery requests to the extent that INEX has equal or greater access to many of the documents or other information requested and much of the information is already in the possession of INEX.

11. NOAHH objects to the production of information or documents that may be in the possession of someone else.

**B. Objections To Subject Matter and Area of Inquiry:**

1. The corporate structure of New Orleans Area Habitat for Humanity, Inc., including any affiliated or related corporations;

**Response**: This request seeks information that is irrelevant and not likely to lead to the discovery of admissible evidence and is otherwise over-broad and overly burdensome. Subject to this objection, NOAHH will testify, to the extent that they can, about matters that reflect its corporate structure during the period of the construction of the three subject properties and through the completion of the remediation of the three subject properties.

2. NOAHH's relationship and dealings with your parent, subsidiaries and affiliates, including but not limited to Habitat for Humanity, Inc. and Habitat for Humanity International, Inc.;

**Response**: This request seeks information that is irrelevant and not likely to lead to the discovery of admissible evidence and is otherwise over-broad and overly burdensome. NOAHH is an independent non-profit corporation with no formal legal relationship to any other Habitat for Humanity organization for the purposes of this litigation.

3. Any insurance policy purporting to provide liability coverage to NOAHH, including but not limited to the policy of insurance identified in your plaintiff profile form and any policy of insurance in excess of that policy;

**Response**: This request seeks information that is irrelevant and not likely to lead to the discovery of admissible evidence and is otherwise over-broad and overly burdensome. NOAHH is not a defendant in this matter and no claim has been asserted against NOAHH by INEX with respect to the upcoming trial. Subject to this objection, NOAHH will testify, to the extent that they can, about matters that reflect

the insurance policies relevant to the three subject properties to which claims relating to CDW were submitted.

4.  Any and all claims to any insurance company for coverage for Chinese manufactured drywall;

**Response**: This request seeks information that is irrelevant and not likely to lead to the discovery of admissible evidence and is otherwise over-broad and overly burdensome.  Subject to these objections, NOAHH will testify, to the extent that they can, about matters related to the three subject properties.

5.  NOAHH's purchase of any and all drywall for the time period between 2005 and the present;

**Response**: This request seeks information that is irrelevant and not likely to lead to the discovery of admissible evidence and is otherwise over-broad and overly burdensome.  Subject to these objections, NOAHH will testify, to the extent that they can, about matters related to the three subject properties.

6.  NOAHH's purchase of any and all CDW for the time period between 2005 and the present;

**Response**: This request seeks information that is irrelevant and not likely to lead to the discovery of admissible evidence and is otherwise over-broad and overly burdensome.  Subject to these objections, NOAHH will testify, to the extent that they can, about matters related to the three subject properties.

7.  NOAHH's storage of any and all drywall for the time period between 2005 and the present;

**Response**: This request seeks information that is irrelevant and not likely to lead to the discovery of admissible evidence and is otherwise over-broad and overly burdensome. NOAHH's storage of drywall is irrelevant to the claims and defenses asserted in this case. Subject to these objections, NOAHH will testify, to the extent that they can, about matters related to the three subject properties.

8. NOAHH's storage of any and all CDW for the time period between 2005 and the present;

**Response**: This request seeks information that is irrelevant and not likely to lead to the discovery of admissible evidence and is otherwise over-broad and overly burdensome. NOAHH's storage of drywall is irrelevant to the claims and defenses asserted in this case. Subject to these objections, NOAHH will testify, to the extent that they can, about matters related to the three subject properties.

9. NOAHH's distribution of any and all drywall for the time period between 2005 and the present;

**Response**: This request seeks information that is irrelevant and not likely to lead to the discovery of admissible evidence and is otherwise over-broad and overly burdensome. NOAHH's distribution of drywall is irrelevant to the claims and defenses asserted in this case. Subject to these objections, NOAHH will testify, to the extent that they can, about matters related to the three subject properties.

10. NOAHH's distribution of any and all CDW for the time period between 2005 and the present;

**Response**: This request seeks information that is irrelevant and not likely to lead to the discovery of admissible evidence and is otherwise over-broad and overly

burdensome. NOAHH's distribution of drywall is irrelevant to the claims and defenses asserted in this case. Subject to these objections, NOAHH will testify, to the extent that they can, about matters related to the three subject properties.

11. Any and all complaints that NOAHH received concerning failed electronics and/or appliances;

**Response**: This request seeks information that is irrelevant and not likely to lead to the discovery of admissible evidence and is otherwise over-broad and overly burdensome. Moreover, the request may seek documents protected from discovery by the attorney-client privileges. Subject to these objections, NOAHH will testify, to the extent that they can, about matters related to the three subject properties.

12. Any and all complaints that NOAHH received concerning tarnished and/or corroded metals and/or jewelry;

**Response**: This request seeks information that is irrelevant and not likely to lead to the discovery of admissible evidence and is otherwise over-broad and overly burdensome. Moreover, the request may seek documents protected from discovery by the attorney-client privileges. Subject to these objections, NOAHH will testify, to the extent that they can, about matters related to the three subject properties.

13. Any and all correspondence from and to manufacturers of drywall for the time period between 2005 and the present;

**Response**: This request seeks information that is irrelevant and not likely to lead to the discovery of admissible evidence and is otherwise over-broad and overly burdensome. Subject to these objections, NOAHH will testify, to the extent that they

can, about matters related to manufacturers of CDW installed in the three subject properties and relating to CDW.

14. Any and all correspondence from and to manufacturers of drywall for the time period between 2005 and the present;

**Response**: This request is a duplicate of No. 13 above.

15. Any and all correspondence from and to suppliers of drywall for the time period between 2005 and the present;

**Response**: This request seeks information that is irrelevant and not likely to lead to the discovery of admissible evidence and is otherwise over-broad and overly burdensome.  Subject to these objections, NOAHH will testify, to the extent that they can, about matters related to suppliers of CDW installed in the three subject properties and relating to CDW.

16. Any and all correspondence from and to suppliers of CDW for the time period between 2005 and the present;

**Response**: This request seeks information that is irrelevant and not likely to lead to the discovery of admissible evidence and is otherwise over-broad and overly burdensome.  Subject to these objections, NOAHH will testify, to the extent that they can, about matters related to suppliers of CDW installed in the three subject properties and relating to CDW.

17. Any and all reports, including drafts, notes, results, photographs, diagrams and memoranda, from any and all experts concerning any and all testing of any and all properties that may and/or did (does) have CDW.

**Response**: This request seeks information that is irrelevant and not likely to lead to the discovery of admissible evidence and is otherwise over-broad and overly burdensome.  Moreover, the request may seek information protected from discovery by the attorney work product and attorney-client privileges.  Finally, this request is premature because the Case Management Order entered on August 2, 2012, sets the time for disclosure of experts, production of expert reports and related discovery.

18. Any and all reports, including drafts, notes, results, photographs, diagrams and memoranda, from any and all experts concerning any and all inspections of any and all properties that may and/or did (does) have CDW;

**Response**: This request seeks information that is irrelevant and not likely to lead to the discovery of admissible evidence and is otherwise over-broad and overly burdensome.  Moreover, the request may seek information protected from discovery by the attorney work product and attorney-client privileges.  Finally, this request is premature because the Case Management Order entered on August 2, 2012, sets the time for disclosure of experts, production of expert reports and related discovery.

19. Any and all correspondence to and from any and all residents concerning Chinese manufactured drywall;

**Response**: This request seeks information that is irrelevant and not likely to lead to the discovery of admissible evidence and is otherwise over-broad and overly burdensome.  Moreover, the request may seek information protected from discovery by the attorney-client privileges.  Subject to these objections, NOAHH will testify, to the extent that they can, about matters related to the three subject properties.

20. Any and all correspondence to and from any and all affiliates of Habitat for Humanity, Inc. and/or Habitat for Humanity International, Inc. concerning drywall for the time period between 2005 and the present;

**Response**: See response to No. 2 above.  Further, this request seeks information that is irrelevant and not likely to lead to the discovery of admissible evidence and is otherwise over-broad and overly burdensome.  Moreover, the request may seek information protected from discovery by the attorney-client privileges.

21. Any and all correspondence to and from any and all affiliates of Habitat for Humanity, Inc. and/or Habitat for Humanity International, Inc. concerning CDW for the time period between 2005 and the present;

**Response**: See response to No. 2 above.  Further, this request seeks information that is irrelevant and not likely to lead to the discovery of admissible evidence and is otherwise over-broad and overly burdensome.  Moreover, the request may seek information protected from discovery by the attorney-client privileges.

22. Any and all correspondence among New Orleans Area Habitat for Humanity, Inc. board members, officers, employees and/or agents concerning drywall for the time period between 2005 and the present;

**Response**: This request seeks information that is irrelevant and not likely to lead to the discovery of admissible evidence and is otherwise over-broad and overly burdensome.  Moreover, the request may seek information protected from discovery by the attorney-client privileges.  Subject to these objections, NOAHH will testify, to the extent that they can, about matters related to the three subject properties.

23. Any and all correspondence among New Orleans Area Habitat for Humanity, Inc. board members, officers, employees and/or agents concerning CDW for the time period between 2005 and the present;

**Response**: This request seeks information that is irrelevant and not likely to lead to the discovery of admissible evidence and is otherwise over-broad and overly burdensome. Moreover, the request may seek information protected from discovery by the attorney-client privileges. Subject to these objections, NOAHH will testify, to the extent that they can, about matters related to the three subject properties.

24. Any and all correspondence to and from any and all affiliates of Habitat for Humanity, Inc. and/or Habitat for Humanity International, Inc. concerning inspections and/or testing of CDW for the time period between 2005 and the present;

**Response**: See response to No. 2 above. Further, this request seeks information that is irrelevant and not likely to lead to the discovery of admissible evidence and is otherwise over-broad and overly burdensome.

25. Any and all quality assurance policies New Orleans Area Habitat for Humanity, Inc. has and/or had in place for the construction and or re-building of homes and or properties for the time period between 2005 and the present;

**Response**: This request seeks information that is irrelevant and not likely to lead to the discovery of admissible evidence and is otherwise over-broad and overly burdensome.

26. Any and all media, including but not limited to newspaper articles, magazine articles, radio, television, film, Twitter, Facebook, journal articles, blogs, concerning drywall for the time period between 2005 and the present;

**Response**: This request seeks information that is irrelevant and not likely to lead to the discovery of admissible evidence and is otherwise over-broad and overly burdensome.  Subject to these objections, NOAHH will testify, to the extent that they can, about matters related to the three subject properties.

27. Any and all media, including but not limited to newspaper articles, magazine articles, radio, television, film, Twitter, Facebook, journal articles, blogs, concerning CDW for the time period between 2005 and the present; and,

**Response:**  This request seeks information that is irrelevant and not likely to lead to the discovery of admissible evidence and is otherwise over-broad and overly burdensome.  Subject to these objections, NOAHH will testify, to the extent that they can, about matters related to the three subject properties.

28. Any documents produced by NOAHH in this matter and any documents concerning the aforementioned areas of inquiry.

**Response:**  All of the aforementioned objections are incorporated here by reference.

C.    **Objections and Responses to Documents Requested on Exhibit A:**

1)   Any and all documents regarding the corporate structure of New Orleans Area Habitat for Humanity, Inc., including any affiliated or related corporations;

**Response**:  This request seeks information that is irrelevant and not likely to lead to the discovery of admissible evidence and is otherwise over-broad and overly burdensome.  Subject to this objection, NOAHH will produce documents, to the

11

extent that they exist, that reflect those people during the period of the construction of the three subject properties and through the completion of the remediation of the three subject properties.

2)   Any and all documents regarding NOAHH's relationship and dealings with your parent, subsidiaries and affiliates, including but not limited to Habitat for Humanity, Inc. and Habitat for Humanity International, Inc.;

**Response**:  This request seeks information that is irrelevant and not likely to lead to the discovery of admissible evidence. This request seeks information that is irrelevant and not likely to lead to the discovery of admissible evidence and is otherwise over-broad and overly burdensome.  NOAHH is an independent non-profit corporation with no formal legal relationship to any other Habitat for Humanity organization.

3)   Any and all documents regarding any insurance policy purporting to provide liability coverage to NOAHH, including but not limited to the policy of insurance identified in your plaintiff profile form and any policy of insurance in excess of that policy;

**Response**:   This request seeks information that is irrelevant and not likely to lead to the discovery of admissible evidence and is otherwise over-broad and overly burdensome.  Subject to these objections, NOAHH will produce the insurance policies relevant to the three subject properties to which claims relating to CDW were submitted.

4)   Any and all documents regarding claims to any insurance company for coverage for Chinese manufactured drywall;

**Response**: This request seeks information that is irrelevant and not likely to lead to the discovery of admissible evidence and is otherwise over-broad and overly

burdensome.  Subject to these objections, NOAHH will produce documents related to the three subject properties.

5)   Any and all documents regarding NOAHH's purchase of any and all drywall for the time period between 2005 and the present;

**Response**: This request seeks information that is irrelevant and not likely to lead to the discovery of admissible evidence and is otherwise over-broad and overly burdensome.  Subject to these objections, NOAHH will produce documents related to the three subject properties.

6)   Any and all documents regarding NOAHH's purchase of any and all CDW for the time period between 2005 and the present;

**Response**: This request seeks information that is irrelevant and not likely to lead to the discovery of admissible evidence and is otherwise over-broad and overly burdensome.  Subject to these objections, NOAHH will produce documents related to the three subject properties.

7)   Any and all documents regarding NOAHH's storage of any and all drywall for the time period between 2005 and the present;

**Response**: This request seeks information that is irrelevant and not likely to lead to the discovery of admissible evidence and is otherwise over-broad and overly burdensome.  NOAHH's storage of drywall is irrelevant to the claims and defenses asserted in this case.  Subject to these objections, NOAHH will produce documents related to the three subject properties.

8)   Any and all documents regarding NOAHH's storage of any and all CDW for the time period between 2005 and the present;

**Response**: This request seeks information that is irrelevant and not likely to lead to the discovery of admissible evidence and is otherwise over-broad and overly burdensome.  NOAHH's storage of drywall is irrelevant to the claims and defenses asserted in this case.  Subject to these objections, NOAHH will produce documents related to the three subject properties.

9)   Any and all documents regarding NOAHH's distribution of any and all drywall for the time period between 2005 and the present;

**Response**: This request seeks information that is irrelevant and not likely to lead to the discovery of admissible evidence and is otherwise over-broad and overly burdensome.  NOAHH's distribution of drywall is irrelevant to the claims and defenses asserted in this case.  Subject to these objections, NOAHH will produce documents related to the three subject properties.

10)  Any and all documents regarding NOAHH's distribution of any and all CDW for the time period between 2005 and the present;

**Response**: This request seeks information that is irrelevant and not likely to lead to the discovery of admissible evidence and is otherwise over-broad and overly burdensome.  NOAHH's distribution of drywall is irrelevant to the claims and defenses asserted in this case.  Subject to these objections, NOAHH will produce documents related to the three subject properties.

11)  Any and all documents regarding any and all complaints that NOAHH received concerning failed electronics and/or appliances;

**Response**: This request seeks information that is irrelevant and not likely to lead to the discovery of admissible evidence and is otherwise over-broad and overly

burdensome.  Moreover, the request may seek documents protected from discovery by the attorney-client privileges.  Subject to these objections, NOAHH will produce non-privileged documents related to such complaints concerning the type of failure associated with CDW from the three subject properties.

12)  Any and all documents regarding complaints that NOAHH received concerning tarnished and/or corroded metals and/or jewelry;

**Response**: This request seeks information that is irrelevant and not likely to lead to the discovery of admissible evidence and is otherwise over-broad and overly burdensome.  Moreover, the request may seek documents protected from discovery by the attorney-client privileges.  Subject to these objections, NOAHH will produce non-privileged documents related to such complaints concerning the type of corrosion associated with CDW from the three subject properties.

13)  Any and all documents regarding correspondence from and to manufacturers of drywall for the time period between 2005 and the present;

**Response**: This request seeks information that is irrelevant and not likely to lead to the discovery of admissible evidence and is otherwise over-broad and overly burdensome.  Subject to these objections, NOAHH will produce documents related to manufacturers of CDW installed in the three subject properties and relating to CDW.

14)  Any and all documents regarding correspondence from and to manufacturers of drywall for the time period between 2005 and the present;

**Response**: same as No. 14.

15)  Any and all correspondence from and to suppliers of drywall for the time period between 2005 and the present;

Response: This request seeks information that is irrelevant and not likely to lead to the discovery of admissible evidence and is otherwise over-broad and overly burdensome.  Subject to these objections, NOAHH will produce documents related to suppliers of CDW installed in the three subject properties and relating to CDW.

16)  Any and all correspondence from and to suppliers of CDW for the time period between 2005 and the present;

**Response**: This request seeks information that is irrelevant and not likely to lead to the discovery of admissible evidence and is otherwise over-broad and overly burdensome.  Subject to these objections, NOAHH will produce documents related to suppliers of CDW installed in the three subject properties and relating to CDW.

17)  Any and all reports, including drafts, notes, results, photographs, diagrams and memoranda, from any and all experts concerning any and all testing of any and all properties that may and/or did (does) have CDW.

**Response**: This request seeks information that is irrelevant and not likely to lead to the discovery of admissible evidence and is otherwise over-broad and overly burdensome.  Moreover, the request may seek documents protected from discovery by the attorney work product and attorney-client privileges.  Finally, the Case Management Order entered by Judge Fallon on August 2, 2012, sets the time for disclosure of experts, production of expert reports and related discovery.

18)  Any and all reports, including drafts, notes, results, photographs, diagrams and memoranda, from any and all experts concerning any and all inspections of any and all properties that may and/or did (does) have CDW.

**Response**: This request seeks information that is irrelevant and not likely to lead to the discovery of admissible evidence and is otherwise over-broad and overly burdensome. Moreover, the request may seek documents protected from discovery by the attorney work product and attorney-client privileges. Finally, the Case Management Order entered by Judge Fallon on August 2, 2012, sets the time for disclosure of experts, production of expert reports and related discovery.

19) Any and all correspondence to and from any and all residents concerning Chinese manufactured drywall;

**Response**: This request seeks information that is irrelevant and not likely to lead to the discovery of admissible evidence and is otherwise over-broad and overly burdensome. Moreover, the request may seek documents protected from discovery by the attorney-client privileges. Subject to these objections, NOAHH will produce non-privileged correspondence relating to the three subject properties.

20) Any and all correspondence to and from any and all affiliates of Habitat for Humanity, Inc. and/or Habitat for Humanity International, Inc. concerning drywall for the time period between 2005 and the present;

**Response**: This request seeks information that is irrelevant and not likely to lead to the discovery of admissible evidence and is otherwise over-broad and overly burdensome. Moreover, the request may seek documents protected from discovery by the attorney-client privileges.

21) Any and all correspondence to and from any and all affiliates of Habitat for Humanity, Inc. and/or Habitat for Humanity International, Inc. concerning CDW for the time period between 2005 and the present;

17

**Response**: This request seeks information that is irrelevant and not likely to lead to the discovery of admissible evidence and is otherwise over-broad and overly burdensome.  Moreover, the request may seek documents protected from discovery by the attorney-client privileges.

22) Any and all correspondence among New Orleans Area Habitat for Humanity, Inc. board members, officers, employees and/or agents concerning drywall for the time period between 2005 and the present;

**Response**: This request seeks information that is irrelevant and not likely to lead to the discovery of admissible evidence and is otherwise over-broad and overly burdensome.  Moreover, the request may seek documents protected from discovery by the attorney-client privileges.  Subject to these objections, NOAHH will produce non-privileged documents relating to CDW used in the three subject houses.

23) Any and all correspondence among New Orleans Area Habitat for Humanity, Inc. board members, officers, employees and/or agents concerning CDW for the time period between 2005 and the present;

**Response**: This request seeks information that is irrelevant and not likely to lead to the discovery of admissible evidence and is otherwise over-broad and overly burdensome.  Moreover, the request may seek documents protected from discovery by the attorney-client privileges.  Subject to these objections, NOAHH will produce non-privileged documents relating to CDW used in the three subject houses.

24) Any and all correspondence to and from any and all affiliates of Habitat for Humanity, Inc. and/or Habitat for Humanity International, Inc. concerning inspections and/or testing of CDW for the time period between 2005 and the present;

18

**Response**: This request seeks information that is irrelevant and not likely to lead to the discovery of admissible evidence and is otherwise over-broad and overly burdensome.

25) Any and all quality assurance policies New Orleans Area Habitat for Humanity, Inc. has and/or had in place for the construction and or re-building of homes and or properties for the time period between 2005 and the present;

**Response**: This request seeks information that is irrelevant and not likely to lead to the discovery of admissible evidence and is otherwise over-broad and overly burdensome.

26) Any and all media, including but not limited to newspaper articles, magazine articles, radio, television, film, Twitter, Facebook, journal articles, blogs, concerning drywall for the time period between 2005 and the present;

**Response**: This request seeks information that is irrelevant and not likely to lead to the discovery of admissible evidence and is otherwise over-broad and overly burdensome. Subject to these objections, NOAHH will produce documents relating to the three subject properties.

27) Any and all documents regarding any and all media, including but not limited to newspaper articles, magazine articles, radio, television, film, Twitter, Facebook, journal articles, blogs, concerning CDW for the time period between 2005 and the present;

**Response:** This request seeks information that is irrelevant and not likely to lead to the discovery of admissible evidence and is otherwise over-broad and overly

19

burdensome.   Subject to these objections, NOAHH will produce documents relating to the three subject properties.

<div style="margin-left: 2em;">

Respectfully submitted,

/s/ Leonard A. Davis _____
**Russ M. Herman** (Bar No. 6819)
Leonard A. Davis (Bar No. 14190)
Stephen J. Herman (Bar No. 23129)
***HERMAN, HERMAN & KATZ, L.L.C.***
820 O'Keefe Avenue
New Orleans, LA  70113
PH:  (504) 581-4892
FAX:  (504) 561-6024
**Plaintiffs' Liaison Counsel**

Arnold Levin
Fred S. Longer
Matthew C. Gaughan
Levin, Fishbein, Sedran & Berman
510 Walnut Street, Suite 500
Philadelphia, PA 19106
215-592-1500 (phone)
215-592-4663 (fax)
Alevin@lfsblaw.com
*Plaintiffs' Lead Counsel*
*MDL2047*

</div>

Dawn M. Barrios
701 Poydras Street
Suite 3650
New Orleans, LA  70139
PH:  (504) 524-3300
Fax:  (504) 524-3313

Robert Josefsberg
25 Flagler Street
8th Floor
Miami, FL  33130
PH:  (305) 358-2800
Fax:  (305) 358-2382

Ben Gordon
316 S. Baylen Street
Suite 600
Pensacola, FL  32502
PH:  (850) 435-7090
Fax:  (850) 436-6091

Arnold Levin
510 Walnut Street
Suite 500
Philadelphia, PA  19106
PH:  (215) 592-1500
Fax:  (215) 592-4663

Jerrold Seth Parker
3301 Bonita Beach Road
Bonita Springs, FL  34134
PH:  (239) 390-1000
Fax:  (239) 390-0055

Christopher Seeger
One William Street
New York, NY  10004
PH:  (212) 584-0700
Fax:  (212) 584-0799

Daniel E. Becnel, Jr.
425 W. Airline Highway
Suite B
LaPlace, LA  70068
PH:  (985) 536-1186
Fax:  (985) 536-6445

Ervin Amanda Gonzalez
255 Aragon Avenue
Cora Gables, FL  33134
PH:  (305) 476-7400
Fax:  305) 476-7444

Hugh P. Lambert
701 Magazine Street
New Orleans, LA  70130
PH:  (504) 581-1750
Fax:  (504) 529-2931

Gerald E. Meunier
2800 Energy Centre
1100 Poydras Street
New Orleans, LA  70163-2800
PH:  (504) 522-2304
Fax:  (504) 528-9973

James Robert  Reeves
160 Main Street
Biloxi, MS  39530
PH:  (228) 374-5151
Fax:  (228) 374-6630

Bruce William Steckler
3102 Oak Lawn Ave.
Suite 1100
Dallas, TX  75219
PH:  (214) 523-6674
Fax:  (214) 520-1181

21

| | |
|---|---|
| Scott Weinstein<br>12800 University Drive<br>Suite 600<br>Ft. Myers, FL 33907<br>PH: (239) 433-6880<br>Fax: (239) 433-6836<br><br>Daniel K. Bryson<br>900 West Morgan St.<br>Raleigh, NC 27603<br>PH: (919) 600-5000<br>Fax: (919) 600-5035 | Richard J. Serpe, Esquire<br>580 East Main Street<br>Suite 310<br>Norfolk, VA 23510-2322<br>PH: (757) 233-0009<br>Fax: (757) 233-0455 |

**PLAINTIFFS' STEERING COMMITTEE**

**OF COUNSEL TO PLAINTIFFS' STEERING COMMITTEE**

| | |
|---|---|
| Richard S. Lewis<br>HAUSFELD LLP<br>1700 K Street, N.W Suite 650<br>Washington, DC 20006<br>Phone: (202) 540-7200<br>Fax: (202) 540-7201<br>rlewis@hausfeldllp.com | Andrew Lemmon<br>Lemmon Law Firm, LLC<br>P.O. Box 904 (mailing address)<br>15058 River Road<br>Hahnville, LA 70057<br>Phone: (985) 783-6789<br>Fax: (985) 783-1333<br>andrew@lemmonlawfirm.com<br><br>Anthony Irpino<br>Irpino Law Firm<br>2216 Magazine Street<br>New Orleans, LA 70130<br>Phone: (504) 525-1500<br>Fax: (504) 525-1501<br>airpino@irpinolaw.com |

## <u>CERTIFICATE OF SERVICE</u>

     I hereby certify that the above and foregoing pleading has been served on Defendants' Liaison Counsel, Kerry Miller, by U.S. Mail and e-mail <u>or</u> by hand delivery and e-mail <u>and</u> upon all parties by electronically uploading the same to LexisNexis File & Serve in accordance with Pre-Trial Order No. 6, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2047, on this 23rd day of August, 2012.

       _/s/ Leonard A. Davis_____
Leonard A. Davis
Herman, Herman & Katz, L.L.C.
820 O'Keefe Ave.
New Orleans, LA  70113
PH:  (504) 581-4892
Fax:  (504) 561-6024
ldavis@hhklawfirm.com