UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

```
-----------------------------------------------------------x
IN RE: CHINESE-MANUFACTURED           :   MDL NO. 2047
DRYWALL PRODUCTS LIABILITY            :   SECTION: L
LITIGATION                            :
                                      :
-----------------------------------------------------------x
THIS DOCUMENT RELATES TO:             :   JUDGE FALLON
ALL CASES AND                         :   MAG. JUDGE WILKINSON
                                      :
Payton, et al. v. Knauf Gips KG, et al.:
Case No. 2:09-cv-07628 (E.D. La.)     :
                                      :
Gross, et al. v. Knauf Gips KG, et al.:
Case No. 2:09-cv-06690 (E.D. La.)     :
                                      :
Rogers, et al. v. Knauf Gips KG, et al.:
Case No. 2:10-cv-00362 (E.D. La.)     :
                                      :
Abreu, et al. v. Gebrueder Knauf      :
Verwaltungsgesellschaft KG, et al.    :
Case No. 2:11-cv-00252 (E.D. La.)     :
                                      :
Block, et al. v. Gebrueder Knauf      :
Verwaltungsgesellschaft KG, et al.    :
Case No. 11-cv-1363 (E.D. La.)        :
                                      :
Arndt, et al. v. Gebrueder Knauf      :
Verwaltungsgesellschaft KG, et al.    :
Case No. 11-cv-2349 (E.D. La.)        :
                                      :
Cassidy, et al. v. Gebrueder Knauf    :
Verwaltungsgesellschaft KG, et al.    :
Case No. 11-cv-3023 (E.D. La.)        :
                                      :
Vickers, et al. v. Knauf Gips KG, et al.:
Case No. 2:09-cv-04117 (E.D. La.)     :
-----------------------------------------------------------x
```

**JOINT MOTION TO SUBSTITUTE AMENDED SETTLEMENT AGREEMENT
REGARDING CLAIMS AGAINST THE KNAUF DEFENDANTS IN MDL NO. 2047**

NOW INTO COURT, come the Knauf Defendants, Settlement Class Counsel and the

Plaintiffs' Steering Committee ("PSC") who respectfully request that this Court approve the

60880889.DOCX

substitution of the attached Amended Settlement Agreement Regarding Claims Against The Knauf Defendants In MDL No. 2047 ("Amended Agreement") and the amended exhibits to the Amended Agreement in place of the prior version of the Agreement previously approved by this Court in the Order Preliminarily Approving Knauf Settlement, Conditionally Certifying A Knauf Settlement Class, Issuing Class Notice, Scheduling A Settlement Fairness Hearing, And Staying Claims As To the Knauf Defendants [Rec. Doc. 12138].

The purpose of this amendment is to respond to concerns raised by Class Members by making certain terms more favorable to the Class and to clarify certain provisions in response to questions that have been asked. The Amended Agreement reflects the following changes, which are shown on the redline attached as Exhibit B:

- **Section 1.1.2.1** has been revised to clarify that an Owner who purchased Affected Property with knowledge that the property contained either KPT Chinese Drywall or Non-KPT Chinese Drywall is not a Class Member. Only the words "or Non-KPT Chinese Drywall" are new. A person who bought a property with knowledge that it contained Chinese Drywall, even if that person did not know the manufacturer, is not covered by the Settlement. However, these individuals' rights are not affected by the Settlement; they retain their claims. In addition, this Section contains a revision to conform to a change to Section 4.7.1.4 which expands benefits under the Other Loss Fund by providing that Residential and Commercial Owners may seek Other Loss Fund benefits if they sold Affected Properties to mitigate losses (even if not in a Short Sale).

- **Section 1.1.2.2** has been revised consistent with Section 1.1.2.1.

- **Section 1.1.2.4** has been revised to explicitly state the parties' intention that Class Members consisting of non-tenant residents of Affected Properties, such as minors, will

be treated as Tenants and permitted to seek benefits from the Other Loss Fund. Some counsel had inquired whether non-tenant residents could make a claim and this states explicitly that they can.

- **Section 1.24** has been added to reflect the fact that the Insurer Class Settlement is no longer prospective; it has been submitted and preliminarily approved. Accordingly, the defined term "Prospective Insurer Agreement" has been changed to "Insurer Class Settlement" throughout the Amended Agreement. Of course, the Knauf Settlement is still contingent upon the Insurer Agreement pursuant to Section 2.1.

- **Section 1.31** has been added to reflect the fact that the L&W Class Settlement is no longer prospective; it has been submitted and preliminarily approved. Accordingly, the defined term "Prospective L&W Class Settlement" has been changed to "L&W Class Settlement" throughout the Amended Agreement.

- **Section 1.57** has been revised to conform with Section 1.1.2 and to clarify that the Related Actions include all actions arising out of, or related to KPT Chinese Drywall, regardless of whether the Knauf Defendants are parties. The Class Notice, consistent with Section 1.1.2, specified that the Settlement included all actions involving KPT Chinese Drywall filed prior to December 9, 2011, regardless of whether the Knauf Defendants are parties.

- **Section 1.66** has been revised to clarify that only *Participating* Class Members are settling and releasing claims. **Sections 3.1, 4.1, 5.1.1, 5.1.2.11, 11.1.1, 11.1.2, 12.1** and **13.1.4** have been revised for the same reason.

- **Section 2.1** has been revised to be consistent with the scope of the release provided in the Insurer Class Settlement.

- **Section 4.3.2.1** has been revised at the request of counsel for certain Class Members to eliminate the requirement that Class Members who select the Self-Remediation Option must submit a contract from a bonded contractor.  A licensed and insured contractor is sufficient.

- **Section 4.3.3** has been revised to make clear that Commercial Owners who select the Cash-Out Option will not receive a Lump Sum Payment, as they also will not receive a Lump Sum Payment if they select the Program Contractor or Self-Remediation Options.  This was implicit but now is explicit.

- **Section 4.3.4.2** has been revised to reduce the burdens on Mixed Property Owners by eliminating the requirement that Mixed Property Owners who select the Cash-Out Option obtain a release from the Mortgagee(s) or Lienholder(s) of the Knauf Defendants and Other Releasees.

- **Section 4.3.5** has been revised to eliminate any distinction between Class Members whose properties had been foreclosed prior to the Execution Date and those whose properties have been foreclosed on or after the Execution Date.  As a result, Class Members whose properties have been foreclosed will be treated the same.  This is an expansion of benefits to Class Members.

- **Section 4.3.6.5** has been added to provide Settlement Class Counsel with flexibility to address special issues that experience has indicated might arise in connection with remediating complex high rise structures.

- **Section 4.5.1.4.1** has been added to state explicitly that for Class Members who select the Self-Remediation Option or the Cash-Out Option, the Xactimate and/or Final Cost Estimate cannot be revised to reflect conditions that can be verified only after the

commencement of remediation, because the Lead Contractor will not be participating in the remediation of those Class Members' properties. This already was implicit.

- **Section 4.7.1.3** has been revised to make it easier to obtain benefits by eliminating some of the requirements for obtaining benefits from the Other Loss Fund for Class Members whose properties have been foreclosed.

- **Section 4.7.1.4** has been revised to broaden Other Loss Fund benefits so that benefits are available to Residential and Commercial Owners who sold Affected Properties to mitigate losses. Previously, such benefits only were available to Residential and Commercial Owners who engaged in Short Sales. In addition, the section has been revised to eliminate some of the requirements for obtaining benefits from the Other Loss Fund for Class Members who sold Affected Properties to mitigate losses.

- **Section 4.7.1.7** has been added to provide a definition of "Lost Equity" suggested by a PSC-appointed committee.

- **Section 4.7.4.2** has been added to clarify that the Special Master has the discretion to request additional documents and/or information from Class Members seeking benefits from the Other Loss Fund.

- **Section 4.8.1** has been revised to permit Class Members to retain any recoveries that they obtain from Excluded Releasees that do not settle prior to the fairness hearing. Previously, Class Members were required to deposit such recoveries into the Remediation Fund. Corresponding changes are reflected in revisions to **Sections 4.2.3** and **4.6.3**.

- **Section 5.2.4** has been revised to clarify the judgment reduction provision; there is no substantive change.

- **Section V of Exhibit A to the Amended Agreement (Already Remediated Properties Protocol)** has been revised to clarify that Residential Owners of Already Remediated Properties are entitled to the Lump Sum Payment provided for in Section 4.3.1.1 of the Amended Agreement regardless of the amounts actually disbursed by them for Other Covered Expenses. This will establish the Lump Sum Payment as the floor and the ceiling for Other Covered Expenses and eliminate the need for the parties to haggle over the Class Members' actual costs.

- **Exhibit C to the Amended Agreement (Related Actions)** has been revised to reflect additional actions of which the Parties have become aware since the filing of the original Agreement.

As set forth above, none of the revised provisions diminish Class Members' benefits or adversely impact their rights and several are beneficial to Class Members. The opt-out period extends until September 28, 2012. [Rec. Doc. 14566]. The Parties request that the Court post the Amended Agreement on the Court's website so that Class Members and their counsel have access to the Amended Agreement during the opt-out period. For those reasons, there is no need for additional notice to the Class.

WHEREFORE, the Knauf Defendants, Class Counsel and the PSC respectfully request that the Court approve the substitution of this Amended Agreement and its exhibits and approve it as amended.

Dated:  August 31, 2012                                         Respectfully submitted,

| | |
|---|---|
| Russ M. Herman(#6819) | By:  Kyle A. Spaulding |
| Leonard A. Davis (#14190) | Miles P. Clements (#4184) |
| Stephen J. Herman (# #23129) | Peter E. Sperling (#17812) |
| HERMAN, HERMAN & KATZ, LLP | Kerry J. Miller (#24562) |
| 820 O'Keefe Avenue | Kyle A. Spaulding (#29000) |
| New Orleans, LA 70113 | Paul C. Thibodeaux (#29446) |

Phone: (504) 581-4892  
Facsimile: (504) 561-6024  
Email: LDavis@hhklawfirm.com  

*Plaintiffs' Liaison Counsel*

Arnold Levin  
Fred S. Longer  
Sandra L. Duggan  
Matthew C. Gaughan  
LEVIN, FISHBEIN, SEDRAN & BERMAN  
510 Walnut Street  
Philadelphia, PA 19106  
Phone: (215) 592-1500  
Facsimile: (215) 592-4663  
Email: ALevin@lfsblaw.com  

*Plaintiffs' Lead Counsel*

FRILOT L.L.C.  
1100 Poydras Street  
Suite 3700  
New Orleans, LA 70163  
Telephone: (504) 599-8194  
Facsimile: (504) 599-8145  
Email: kmiller@frilot.com  

- AND -

Steven Glickstein (NY Bar No. 1038157)  
Jay P. Mayesh (NY Bar No. 1081603)  
KAYE SCHOLER LLP  
425 Park Avenue  
New York, NY 10022  
Telephone: (212) 836-8485  
Facsimile: (212) 836-6485  
Email: sglickstein@kayescholer.com  

*Counsel for the Knauf Defendants*

## PLAINTIFFS' STEERING COMMITTEE

Dawn M. Barrios  
Barrios, Kingsdorf & Casteix, LLP  
701 Poydras Street  
New Orleans, LA 70139  
Phone: (504) 524-3300  
Fax: (504) 524-3313  
Barrios@bkc-law.com  

Robert C. Josefsberg  
Podhurst Orseck, P.A.  
25 Flagler Street, 8th Floor  
Miami, FL 33130  
Phone: (305) 358-2800  
Fax: (305) 3558-2382  
rjosefsberg@podhurst.com  

Bruce William Steckler  
Baron & Budd, P.C.  
3102 Oak Lawn Ave., Suite 1100  
Dallas, TX 75219  
Phone: (214) 521-3695  

Daniel E. Becnel, Jr.  
Becnel Law Firm, LLC  
P.O. Drawer H  
106 W. Seventh Street  
Reserve, LA 70084  
Phone: (985) 536-1186  
Fax: (985) 536-6445  
dbecnel@becnellaw.com  

Gerald E. Meunier  
Gainsburgh, Benjamin, David, Meunier  
 & Warshauer, LLC  
2800 Energy Centre, 1100 Poydras Street  
New Orleans, LA 70163-2800  
Phone: (504) 522-2304  
Fax: (504) 528-9973  
gmeunier@gainsben.com  

Jerold Seth Parker  
Parker, Waichman, Alonso, LLP  
3301 Bonita Beach Road  
Bonita Springs, FL 34134  
Phone: (239) 390-1000

Fax:  (214) 520-1181
bsteckler@baronbudd.com

Ervin A. Gonzalez
Colson Hicks, Edison
255 Alhambra Circle, Penthouse
Coral Gables, FL 3313
Phone:  (305) 476-7400
Fax:  (305) 476-7444
Ervin@colson.com


Ben W. Gordon, Jr.
Levin, Papantonio, Thomas, Mitchell,
  Echsner & Proctor, P.A.
316 S. Baylen Street, Suite 600
Pensacola, FL 32502
Phone:  (850) 435-7000
Fax:  (850) 435-7020
bgordon@levinlaw.com

Hugh. P. Lambert
Lambert and Nelson
701 Magazine Street
New Orleans, LA 70130
Phone:  (504) 581-1750
Fax:  (504) 529-2931
hlambert@lambertandnelson.com

Daniel K. Bryson
Whitfield Bryson & Mason LLP
900 W. Morgan Street
Raleigh, NC 27603
Phone:  (919) 600-5000
Fax:  (919) 600-5035
dan@wbmllp.com

Victor M. Diaz, Jr.
V.M. Diaz and Partners, LLC
119 Washington Ave., Suite 402
Miami Beach, FL 33139
Phone:  (305) 704-3200
Fax:  (305) 538-4928
victor@diazpartners.com

Fax:  (239) 390-0055
Jerry@yourlawyer.com

Scott Wm. Weinstein
Morgan & Morgan
12800 University Drive, Suite 600
Ft. Myers, FL 33907
Phone:  (239) 433-6880
Fax:  (239) 433-6836
sweinstein@forthepeople.com

James Robert Reeves
Lumpkin & Reeves
160 Main Street
Biloxi, MS 39530
Phone:  (228) 374-5151
Fax:  (228) 374-6630
jrr@lumpkinreeves.com

Christopher Seeger
Seeger Weiss, LLP
77 Water Street
New York, NY 10004
Phone:  (212) 584-0700
Fax:  (212) 584-0799
cseeger@seegerweiss.com

Richard J. Serpe, Esquire
Law Offices of Richard J. Serpe
Crown Center, Ste. 310
580 East Main Street
Norfolk, VA 23510-2322
rserpe@serpefirm.com

**OF COUNSEL TO PLAINTIFFS' STEERING COMMITTEE**

Richard S. Lewis
Hausfeld LLP
1700 K Street, NW, Suite 650
Washington, DC 20006
Phone: (202) 540-7200
Fax: (202) 540-7201
rlewis@hausfeldllp.com

Andrew A. Lemmon
Lemmon Law Firm, LLC
P.O. Box 904
15058 River Road
Hahnville, LA 70057
Phone: (985) 783-6789
Fax: (985) 783-1333
andrew@lemmonlawfirm.com

Anthony D. Irpino
Irpino Law Firm
2216 Magazine Street
New Orleans, LA 70130
Phone: (504) 525-1500
Fax: (504) 525-1501
airpino@irpinolaw.com

**SETTLEMENT CLASS COUNSEL**

Arnold Levin
Levin, Fishbein, Sedran & Berman
510 Walnut Street, Suite 500
Philadelphia, PA 19106
Phone: (215) 592-1500
Fax: (215) 592-4663
ALevin@lfsblaw.com

Russ M. Herman (#6819)
Herman, Herman & Katz, LLP
820 O'Keefe Avenue
New Orleans, LA 70113
Phone: (504) 581-4892
Fax: (504) 561-6024
RHerman@hhklawfirm.com

## CERTIFICATE OF SERVICE

I certify that the above and foregoing Joint Motion to Substitute Amended Settlement Agreement Regarding Claims Against the Knauf Defendants in MDL No. 2047 has been served upon Plaintiffs' Liaison Counsel by email and by electronically uploading the same to LexisNexis File & Serve in accordance with Pre-Trial Order No. 6, on this 31st day of August, 2012.

    /s/ Kyle Spaulding