UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: CHINESE-MANUFACTURED DRYWALL PRODUCTS LIABILITY LITIGATION | ) MDL NO. 2047 )  ) ) SECTION: L ) |
| THIS DOCUMENT RELATES TO: ALL CASES | ) ) ) ) JUDGE FALLON ) MAG. JUDGE WILKINSON ) ) |

**INDIVIDUAL PLAINTIFFS' OPPOSITION TO THE PLAINTIFFS' STEERING COMMITTEE AND SETTLEMENT CLASS COUNSEL'S MOTION FOR LEAVE TO FILE DISQUALIFICATION MOTION, WITH SUPPORTING MEMORANDUM AND EXHIBITS, UNDER SEAL**

The Plaintiffs' Steering Committee ("PSC") and Settlement Class Counsel seek leave of this Court to file their Disqualification Motion, with supporting memorandum and exhibits, under seal. Individual Plaintiffs hereby file this brief for the limited purpose of opposing the Motion For Leave To File Disqualification Motion, With Supporting Exhibits, Under Seal ("Motion"). This Opposition is intended solely to address the issue of whether it is proper to seal the Motion. Individual Plaintiffs hereby and respectfully reserve all jurisdictional and substantive defenses and arguments in opposition pending this Court's decision on whether to set the motion for hearing and a reasonable briefing schedule.

### 1. The PSC And Settlement Class Counsel Fail To Establish That Their Disqualification Motion Is Appropriate For Sealing.

The sealing of pleadings in this court is governed by the Local Rules of the United States District Court for the Eastern District of Louisiana Civil Rule 5.6. The rule requires, in relevant part, as follows:

(A) No document or other tangible item may be filed under seal without the filing of a separate motion and order to seal, unless authorized by law.
(B) Any motion providing prospectively for filing materials under seal must be accompanied by a non-confidential supporting memorandum, a notice of the request to seal, and a proposed order. The non-confidential memorandum and proposed order must include:
(1) A non-confidential description of what is to be sealed (e.g., medical records);
(2) A statement as to why sealing is necessary;
(3) Reference to governing case law; and
(4) A statement of the period of time the party seeks to have the matter maintained under seal and how the matter is to be handled upon sealing.
The proposed order must recite the findings required by governing case law to support the proposed sealing.
The movant may also submit a confidential memorandum for in camera review in support of the motion. Memoranda supporting or opposing the motion may be submitted and may be designated, in whole or in part, as confidential. Any confidential memoranda must be treated as sealed pending the ruling on the motion to seal.
The clerk must provide public notice by docketing the motion as set forth in the non-confidential description and date assigned for submission.

The PSC and Settlement Class Counsel failed to comply, and in fact ignored, the procedures and requirements of Local Rule 5.6.

As set forth in Local Rule 5.6, the burden lies on the PSC and Settlement Class Counsel to justify the confidentiality of each and every document it seeks to file under seal and requires the filing of a separate motion and order to seal to do so. Here, the PSC and Settlement Class Counsel did not provide any statementas to why sealing is necessary. The PSC and Settlement Class Counsel did notprovide any case law to support such sealing. The PSC and Settlement Class Counsel did not provide the period

of time for which the Disqualification Motion is to remain sealed. In fact, the only "justification" provided in its moving papers is that the pleadings and exhibits "contain confidential and sensitive information." Motion p. 1-2. In sum, the PSC and Settlement Class Counsel did not comply with any of the procedures and requirements to file a document under seal.

Because the PSC and Settlement Class Counsel failed to meet their burden of establishing justification for sealing under the Local Rule 5.6 requirements, the Motion For Leave To File Disqualification Motion, With Supporting Exhibits, Under Seal should be denied.

## 2. The PSC And Settlement Class Counsel Cannot Establish That Their Disqualification Motion Is Appropriate For Sealing.

The public's right of access to court proceedings and documents is well-established. *Nixon v. Warner Communications,* 435 U.S. 589, 98 S.Ct. 1306, 55 L.Ed.2d 570 (1978). Public scrutiny over the court system serves to (1) promote community respect for the rule of law, (2) provide a check on the activities of judges and litigants, and (3) foster more accurate fact finding. *Richmond Newspapers, Inc. v. Virginia,* 448 U.S. 555, 100 S.Ct. 2814, 65 L.Ed.2d 973 (1980). Accordingly, "the district court's discretion to seal the record of judicial proceedings is to be exercised charily." *S.E.C. v. Van Waeyenberghe,* 990 F.2d 845, 848 (5th Cir.1993).

To determine whether to disclose or seal a judicial record, the Court must balance the public's common law right of access against interests favoring non-disclosure. *Id.* at 849. Although countervailing interests may outweigh the right of public access, the party

seeking to overcome the presumption of access bears the burden of showing *compellingreasons* supported by specific factual findingsthat the interest in secrecy outweighs the presumption. *Leucadia, Inc. v. Applied Extrusion Technologies, Inc.,* 998 F.2d 157, 165 (3d Cir.1993). Here, the Disqualification Motion would not be subject to seal inasmuch as the material contained therein is simply not confidential. In this case, the public right of access is so far outweighed by any illusory interest in privacy the PSC and Settlement Class Counsel might imagine. The PSC and Settlement Class Counsel have not even attempted to establish a reason for sealing, however were the PSC and Settlement Class Counsel able to establisha valid privacy interest that would justify restricting public access, access should then only be restricted in a way that would minimize the burden on the public's right, such as sealing or redacting only that sensitive information.

With these principles in mind, the Court must balance the competing interests at issue here. Sincethe PSC and Settlement Class Counsel have not provided this Court with any justification as to why disclosure would be injurious, the Motion For Leave To File Disqualification Motion, With Supporting Exhibits, Under Seal should be denied.

**CONCLUSION**

Based on the foregoing, it is hereby respectfully requested that the Court deny the PSC and Settlement Class Counsel's Motion For Leave To File Disqualification Motion, With Supporting Exhibits, Under Seal.

Respectfully submitted,

Dated: September 4, 2012         /s/ C. David Durkee, Esq.
ROBERTS & DURKEE, P.A.
Alhambra Towers
Penthouse 1 – Suite 1603
121 Alhambra Plaza
Coral Gables, FL  33134
Phone:  (305) 442-1700
Fax:  (305) 442-2559
durkee@rdlawnet.com
*Counsel for Individual Plaintiffs*

Mark Milstein, Esq.
Paul D. Stevens, Esq.
Allison R. Willett, Esq.
MILSTEIN ADELMAN, LLP
2800 Donald Douglas Loop North
Santa Monica, CA  90405
Phone:  (310) 396-9600
Fax:  (310) 396-9635
*Counsel for Individual Plaintiffs*