# EXHIBIT 6

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

IN RE: CHINESE MANUFACTURED DRYWALL
PRODUCTS LIABILITY LITIGATION

MDL No. 2047
SECTION: L
JUDGE FALLON
MAG. JUDGE WILKINSON

THIS DOCUMENT RELATES TO:
ALL CASES AND

*Payton, et. al. v. Knauf Gips KG, et al.*
Case No. 2:09-cv-07628 (E.D. La.)

*Wiltz, et al. v. Beijing New Building Materials
    Public Limited Co., et al.*
Case No. 2:10-cv-00361 (E.D. La.)

*Gross, et al. v. Knauf Gips, KG, et al.*
Case No. 2:09-cv-06690 (E.D. La.)

*Rogers, et. al. v. Knauf Gips, KG, et al.*
Case No. 2-10-cv-00362 (E.D. La.)

*Amato, et al. v. Liberty Mutual Ins. Co., et al.*
Case No. 2:10-cv-00932 (E.D. La.)

*Hernandez, et al. v. AAA Insurance, et al.*
Case No. 2:10-cv-3070 (E.D. La.)

*Abel, et. al. v. Taishan Gypsum Co., Ltd.,
    f/k/a/ Shandong Taihe Dongxin Co., Ltd., et al.*
Case No. 2:11-cv-00080 (E.D. La.)

*Abreu, et al. v. Gebrueder Knauf
    Verwaltungsgesellschaft, KG, et. al.*
Case No. 2:11-cv-00252 (E.D. La.)

*Haya, et al. v. Taishan Gypsum Co., Ltd.,
    f/k/a/ Shandong Taihe Dongxin Co., Ltd., et al.*
Case No. 2:11-cv-01077 (E.D. La.)

*Vickers, et. al. v. Knauf Gips KG, et al.*
Case No. 2:09-cv-04117 (E.D. La.)

# AFFIDAVIT OF SMITH-EDWARDS-DUNLAP PRINTING COMPANY
# IN CONNECTION WITH NOTICE BY MAILING

**COMMONWEALTH OF PENNSYLVANIA** : SS:
**COUNTY OF PHILADELPHIA**

BE IT KNOWN that appeared before me Tim Walters who being duly sworn deposes and says that:

1. He is Production Coordinator of Smith-Edwards-Dunlap Printing Company, Agents for Levin, Fishbein, Sedran & Berman which was retained to aid in giving notice to the Settlement Class in this matter.

2. Using information supplied to us, Smith-Edwards-Dunlap Printing Company addressed and delivered on October 5, 2011 to the United States Post Office, at Lindbergh Blvd. 2,045 pieces of First Class Presort Mail of the attached material marked "Exhibit A".

SWORN TO AN SUBSCRIBED TO
before me this 2nd day of
August, 2012.

_____
Tim Walters

_____
NOTARY PUBLIC

COMMONWEALTH OF PENNSYLVANIA
NOTARIAL SEAL
Virginia K. Zink, Notary Public
City of Philadelphia, Philadelphia County
My commission expires April 20, 2014

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: CHINESE MANUFACTURED DRYWALL PRODUCTS LIABILITY LITIGATION | MDL NO. 2047 |
| THIS DOCUMENT RELATES TO: ALL CASES AND | SECTION: L |
| *Payton, et al. v. Knauf Gips, KG, et al.* Case No. 2:09-cv-07628 (E.D. La.) | JUDGE FALLON |
| *Wiltz, et al. v. Beijing New Building Materials Public Limited Co., et al.* Case No. 2:10-cv-00361 (E.D. La.) | MAG. JUDGE WILKINSON |
| *Gross, et al. v. Knauf Gips, KG, et al.* Case No. 2:09-cv-06690 (E.D. La.) | |
| *Rogers, et al. v. Knauf Gips, KG, et al.* Case No. 2:10-cv-00362 (E.D. La.) | |
| *Amato, et al. v. Liberty Mutual Ins. Co., et al.* Case No. 2:10-cv-00932 (E.D. La.) | |
| *Hernandez, et al. v. AAA Insurance, et al.* Case No. 2:10-cv-3070 (E.D. La.) | |
| *Abel, et al. v. Taishan Gypsum Co., Ltd., f/k/a Shandong Taihe Dongxin Co., Ltd., et al.* Case No. 2:11-cv-00080 (E.D. La.) | |
| *Abreu, et al. v. Gebrueder Knauf Verwaltungsgesellschaft, KG, et al.* Case No. 2:11-cv-00252 (E.D. La.) | |
| *Haya, et al. v. Taishan Gypsum Co., Ltd., f/k/a Shandong Taihe Dongxin Co., Ltd., et al.* Case No. 2:11-cv-01077 (E.D. La.) | |
| *Vickers, et al. v. Knauf Gips KG, et al.* Case No. 2:09-cv-04117 (E.D. La.) | |

NOTICE OF PENDENCY AND PROPOSED
SETTLEMENT OF BANNER CLASS ACTION

TO THE CONDITIONAL SETTLEMENT CLASS, CONSISTING OF:

All persons or entities with claims, known and unknown, against the Settling Defendants arising from, or otherwise related to, Chinese Drywall purchased from, supplied, distributed, marketed, used, sold and/or delivered by Banner.

**PLEASE READ THIS NOTICE CAREFULLY AND IN ITS ENTIRETY: YOU MAY BE ENTITLED TO RECEIVE A PAYMENT FROM A FUND TO BE CREATED PURSUANT TO THE PROPOSED SETTLEMENT DESCRIBED HEREIN IF YOU ARE A MEMBER OF THE CONDITIONAL SETTLEMENT CLASS AND NOT A SETTLING DEFENDANT.**

The purpose of this Notice is to inform you that: (a) a class of which you may be a member has been conditionally certified for consideration of a proposed settlement with Banner and its Insurers; (b) an Amended Stipulation and Agreement of Settlement (the "Settlement"), which provides for the creation of a settlement fund (the "Settlement Funds") and dismissal of all actions as to Banner and its Insurers, was entered into on August 8, 2011, and submitted to the Court for its approval; and (c) a hearing on the fairness, reasonableness, and adequacy of the proposed settlement will be held on February 3, 2012, in Courtroom C-456 of the United States Courthouse, 500 Poydras Street, New Orleans, LA 70130.

Capitalized terms in this Notice have the same meaning as those defined in the Settlement.

### Description of the Litigation

On June 15, 2009, the Judicial Panel on Multidistrict Litigation created MDL 2047 in order to consolidate lawsuits brought in several federal district courts in the Gulf Coast and mid-Atlantic regions of the United States by property owners whose homes or other properties were damaged by Chinese Drywall. Plaintiffs sued the manufacturers of Chinese Drywall as well as homebuilders, developers, installers, realtors, brokers, suppliers, importers, exporters, and distributors that were involved with Chinese Drywall, and their insurers. Banner did not manufacture the defective drywall. Banner merely distributed it. Because Banner distributed defective Chinese Drywall, complaints were filed against Banner Supply Co., Banner Supply Co. Pompano, LLC, Banner Supply Co. Port St. Lucie, LLC, Banner Supply Co. Ft. Myers, LLC, Banner Supply Co. Tampa, LLC, Banner Supply International, LLC, and any other entity insured under the Banner Insurance Policies (collectively, "Banner"), and Banner's insurers, Chartis,[1] FCCI,[2] Hanover,[3] and Maryland Casualty[4] (collectively, the "Insurers"), as well as other defendants, including companies responsible for manufacturing Chinese Drywall. The Litigation seeks relief on behalf of a class of persons and entities with claims against all of these entities, including Banner and its Insurers, arising out of Chinese Drywall.

The complaints make claims based on strict liability; violations of the Florida Deceptive and Unfair Trade Practices Act (Fla. Stat. §501.203, et seq.), other state and federal consumer protection laws, and laws against unfair trade practices; negligence; private and public nuisance; tort; equity and medical monitoring; breach of contract; loss of use; loss of enjoyment; personal injury and related statutory violations; bodily injury; indemnity; contribution; breach of express or implied warranty; redhibition; negligence *per se*; violation of the Louisiana New Home Warranty Act (La. R.S. 9:3141, et seq.), the Louisiana Products Liability Act (La. R.S. 9:28000.51, et seq.) and the Louisiana Unfair Trade Practices and Consumer Protection Law (La. R.S. 51:1401, et seq.); negligent discharge of a corrosive substance; unjust enrichment; breach of implied warranty of fitness and merchantability (Fla. Stat. § 718.203); breach of implied warranty of habitability; negligent misrepresentation; building code violations (Fla. Stat. § 553.84); and relief by way of subrogation, contractual indemnity, common law indemnity, and/or contribution against Banner.

Banner and its Insurers deny any wrongdoing whatsoever, and specifically deny having committed any violation of any law, claiming that the manufacturers are ultimately responsible for selling Banner products that they certified were safe and fit for use when in fact the products were defective. Banner's Insurers also deny coverage and liability for Banner's conduct. Banner and its Insurers likewise deny the existence of any class except for purposes of this Settlement, assert certain affirmative defenses, and deny any liability to any member of the Conditional Settlement Class.

---

[1] "Chartis" includes Chartis Specialty Insurance Company (formerly known as "American International Specialty Lines Insurance Company"), Illinois National Insurance Co., National Union Fire Insurance Company of Pittsburgh, Pa., Commerce & Industry Insurance Co., and any other sister entities or entities related to the foregoing or to American International Group, Inc.
[2] "FCCI" includes FCCI Insurance Company, FCCI Commercial Insurance Company, National Trust Insurance Company, FCCI Mutual Insurance Holding Company, FCCI Group, Inc., FCCI Insurance Group, Inc., Monroe Guaranty Insurance Company, FCCI Services, Inc., FCCI Advantage Insurance Company, Brierfield Insurance Company, and FCCI Agency, Inc.
[3] "Hanover" includes Hanover American Insurance Company and Hanover Insurance Group, Inc.
[4] "Maryland Casualty" includes Maryland Casualty Company and all companies in the Zurich North America group of insurance companies.

The Court has not certified a class in the Litigation, other than conditionally for settlement purposes (the "Conditional Settlement Class"), and has made no determination that any class could be certified if the Litigation is not settled hereby. The Court has not determined the merits of any claims or defenses in the Litigation. This Notice does not imply that there has been any finding of any violation of the law by Banner or its Insurers that recovery could be had in any amount.

Counsel for the Conditional Settlement Class ("Class Counsel") entered into the Settlement after weighing the substantial benefits that the members of the Conditional Settlement Class will receive as a result of the Settlement against the probabilities of success and failure in securing any recovery from Banner or its Insurers by means of further litigation and delay. Class Counsel consider it to be in the best interests of the Conditional Settlement Class that all of the above-captioned actions and all other claims be settled in accordance with the terms of the Settlement as to Banner and its Insurers and believe that the proposed Settlement is fair, reasonable, and adequate for the Conditional Settlement Class.

Although Banner and its Insurers deny all liability and the existence of any class (other than for settlement purposes) in the Litigation, Banner and its Insurers consider it desirable to settle the Litigation on the terms proposed, to avoid further expense and inconvenience.

### Summary of the Proposed Settlement

The Settlement is subject to, and becomes effective only upon, final approval by the United States District Court for the Eastern District of Louisiana (the "Court"), the Honorable Eldon E. Fallon presiding. Set forth below is a summary of the principal terms and conditions of the Settlement. The complete Settlement is on file with the Court; posted in the Clerk's offices at the United States District Courthouse for the Eastern District of Louisiana, Florida courts, and the 34th Judicial District Court, Parish of St. Bernard; published on the District Court's Chinese Drywall MDL website at http://www.laed.uscourts.gov/Drywall/Drywall.htm, the CPSC website, and the Florida Department of Health website; and available for your inspection as described below.

The Settlement provides for the contribution by Banner's Insurers, following final approval by the Court, of Settlement Funds in the aggregate amount of $53,081,572.30, representing all of the remaining insurance proceeds available to Banner, in full settlement of all claims of the Class Members against Banner or its Insurers arising from or otherwise related to Chinese Drywall purchased from, supplied, distributed, marketed, used, sold and/or delivered by Banner. For purposes of the Settlement, Chinese Drywall is defined as:

> any and all drywall products purchased from, supplied, distributed, marketed, used, sold and/or delivered by Banner alleged to be defective and manufactured, in whole or in part, in China, or that include components manufactured, in whole or in part, in China, including, but not limited to, drywall manufactured by Knauf Gips KG; Knauf Plasterboard (Tianjin) Co., Ltd.; Knauf Plasterboard (Wuhu), Co., Ltd.; Gebrueder Knauf Verwaltungsgesellschaft, KG; Guangdong Knauf New Building Materials Products Co., Ltd.; Beijing New Building Materials Public Ltd. Co.; Taishan Gypsum Co., Ltd. f/k/a/ Shandong Taihe Dongxin Co., Ltd.; Taian Taishan Plasterboard Co., Ltd.; Pingyi Zhongxin Paper-Faced Plasterboard Co., Ltd. f/k/a Shandong Chenxiang Building Materials Co., Ltd.; Crescent City Gypsum, Inc.; and any other manufacturer of Chinese drywall.

In summary, Settlement Funds will be allocated to pay for and/or reimburse Class Members for the costs of remediating Affected Properties and other damages. The Court has appointed an Allocation Committee whose members include Attorneys Arnold Levin and Russ Herman as Co-Chairs, Hilarie Bass, Neal A. Sivyer, Dorothy H. Wimberly, Charlie Long, Vanessa Serrano, Ervin A. Gonzalez, Michael J. Ryan, and Bruce William Steckler. By no later than November 17, 2011, the Allocation Committee shall publish on the Court's website, http://www.laed.uscourts.gov/Drywall/Drywall.htm, its written recommendation: (i) a fair and equitable plan of allocation of the Settlement Funds; and (ii) the evidence that Class Members will need to provide as part of their Proof of Claim to submit a valid claim. Following approval of the Settlement, the Court will determine a fair and equitable allocation of Settlement Funds, after considering the recommendation of the Allocation Committee, and Class Members will have an opportunity to comment on or object thereto. Parties that have intervened in the Litigation will also have standing to comment on allocation and an opportunity to participate in the allocation process. If the Court finally approves the Settlement, Proof of Claim forms will be mailed to Class Members and parties that have intervened who have not opted out of the Class. All Class Members who receive in excess of the dollar threshold under the Medicare, Medicaid & SCHIP Extension Act (the MMSEA) in effect at the time the Settlement is Final must provide the Insurers with their full name, date of birth, social security number, and gender, as well as any other information necessary for the Insurers to comply with their reporting obligations under the MMSEA.

The Settlement provides that the Plaintiffs' Steering Committee ("PSC") appointed by the Court, Class Counsel (but not Co-Class Counsel), common benefit attorneys, and private counsel for Class Members may petition the Court for an award of attorneys' fees constituting, in the aggregate, no more than 32% of the Settlement Funds, plus reimbursement

of reasonable expenses, including the costs of Notice. However, the petitioning attorneys are permitted to seek a fee of 10% from those entities who recover from the Settlement Funds and are not represented by the PSC, have private counsel, and have actively pursued this Litigation. Application to the Court will subsequently be made for the fees and costs incurred in the administration of the Settlement Funds. Co-Class Counsel may petition the Court for reimbursement of reasonable expenses and an award of attorneys' fees at an agreed hourly rate consistent with her normal hourly rate for duties performed as Co-Class Counsel in connection with this Settlement. The Court will determine the allocation of any fees awarded. Such costs, expenses, and attorneys' and administration fees as the Court may award shall be paid out of the Settlement Funds. Banner and its Insurers will not be responsible for any payments beyond their initial contribution to the Settlement Funds.

### Conditional Class Certification

Pursuant to Rule 23 of the Federal Rules of Civil Procedure and an Order of the Court, dated August 11, 2011, the Court has preliminarily approved the terms of the Settlement to the extent that this Notice is being sent to the Conditional Settlement Class, which has been determined by such Order to exist for settlement purposes only. The Conditional Settlement Class shall consist of:

> All persons or entities with claims, known or unknown, against the Settling Defendants arising from, or otherwise related to, Chinese Drywall purchased from, supplied, distributed, marketed, used, sold and/or delivered by Banner.

The Court has not certified a class in the Litigation for any other purpose and has made no determination that any class could be certified if these litigations are not settled hereby. Although the Court has indicated such preliminary approval of the Settlement, this Notice is not an expression of any opinion by the Court as to the merits of the claims and defenses which have been asserted in the Litigation. If the Settlement is not finally approved, the conditional certification of the Conditional Settlement Class will be null and void, and the Litigation will proceed as if there had been no settlement, conditional certification, or notice.

### Opt Out Process

Class Members may opt out of the Class. If you elect to opt out, you will be excluded from sharing in the benefits of this Settlement and from the binding effect of final approval of this Settlement and dismissal of the Litigation as to Banner and the Settling Defendants.

**IF YOU DO NOT WISH TO OPT OUT, YOU DO NOT HAVE TO DO ANYTHING AT THIS TIME.**

To opt out, a written notice signed by the individual Class Member must be sent by first-class mail, post-marked on or before December 18, 2011, to Class Counsel, Arnold Levin, Levin, Fishbein, Sedran & Berman, 510 Walnut Street, Suite 500, Philadelphia, PA 19106, counsel for all Banner entities except Banner PSL, Michael A. Sexton, Weinberg Wheeler Hudgins Gunn & Dial, LLC, 3344 Peachtree Road, NE, Suite 2400, Atlanta, GA 30326, counsel for all Banner entities, Michael P. Peterson, Peterson & Espino, P.A., 10631 S.W. 88th Street, Suite 220, Miami, FL 33186, and Co-Class Counsel, Dorothy H. Wimberly, Stone, Pigman, Walther, Wittmann, LLC, 546 Carondelet Street, New Orleans, LA 70130, who shall be obliged to file the opt out notice with the Court. The notice must set forth the full name and current address of the person electing to opt out and a sentence stating: "The undersigned hereby opts out of the Banner Settlement Class in the Chinese Drywall Action."

**IF YOU WISH TO PURSUE AN INDIVIDUAL CLAIM AGAINST BANNER OR ITS INSURERS BY LITIGATION, ARBITRATION, OR OTHERWISE, YOU MUST OPT OUT; OTHERWISE, IF THE SETTLEMENT IS APPROVED, YOU WILL NOT BE ABLE TO PURSUE CLAIMS AGAINST BANNER OR ITS INSURERS ARISING OUT OF, IN ANY MANNER RELATED TO, OR CONNECTED IN ANY WAY WITH CHINESE DRYWALL.**

Persons who opt out will not be entitled to share in the benefits of this Settlement nor will they benefit or be bound by further orders or judgments in the Litigation concerning the Settlement, if any. Banner and its Insurers have reserved the right to terminate or withdraw from the Settlement in the event any Class Member opts out.

### Settlement Hearing

Notice is further hereby given that, pursuant to the Court's Order, a hearing will be held in Courtroom C-456 of the United States Courthouse, 500 Poydras Street, New Orleans, LA 70130, at 9:00 a.m., on February 3, 2012 (the "Fairness Hearing"), for the purpose of determining whether the Settlement is fair, reasonable, and adequate and should be approved finally by the Court and the Litigation dismissed on the merits and with prejudice as to Banner and its Insurers. The Fairness Hearing may be adjourned from time to time by the Court without further notice.

**CONDITIONAL SETTLEMENT CLASS MEMBERS WHO DO NOT OPPOSE THE PROPOSED SETTLEMENT DO NOT NEED TO APPEAR AT THE HEARING OR FILE ANY PAPERS.**

You will be represented at the Fairness Hearing by Class Counsel, Russ Herman, telephone no. (504) 581-4892, Arnold Levin, telephone no. (215) 592-1500, Ervin A. Gonzalez, telephone no. (305) 476-7400, and Co-Class Counsel, Dorothy H. Wimberly, telephone no. (504) 593-0849, unless you enter an appearance in person or through your own counsel. As a member of the Conditional Settlement Class, you will not be personally responsible for attorneys' fees, costs or disbursements except those of your own counsel.

Class Members may object to the Settlement, in whole or in part, by providing written notice of their intention to object, setting forth the reasons for such objections and, if applicable, the Class Member's intention to appear at the Fairness Hearing, in accordance with the following procedure. The objection must be signed by the Class Member and his or her counsel, if any. The objection must contain the caption of the Litigation and include the name, mailing address, e-mail address, if any (an e-mail address is not required), and telephone number of the Class Member.

At the Fairness Hearing, any Class Member who has provided written notice of their intention to object to the Settlement may appear in person or by counsel and show cause why the Settlement should not be approved and why this action should not be dismissed on the merits with prejudice. Such Class Member may present any admissible evidence relevant to the issues to be heard, provided that such Class Member has timely provided any and all papers in opposition to the Settlement upon which the objection may be based. The objection must identify any witnesses intended to be called, the subject area of the witnesses' testimony, and all documents to be used or offered into evidence at the Fairness Hearing.

Any intention to object, all related materials, and any admissible evidence sought to be presented at the Fairness Hearing must be mailed and post-marked by December 18, 2011, to Class Counsel, Arnold Levin, Levin, Fishbein, Sedran & Berman, 510 Walnut Street, Suite 500, Philadelphia, PA 19106, counsel for all Banner entities except Banner PSL, Michael A. Sexton, Weinberg Wheeler Hudgins Gunn & Dial, LLC, 3344 Peachtree Road, NE, Suite 2400, Atlanta, GA 30326, counsel for all Banner entities, Michael P. Peterson, Peterson & Espino, P.A., 10631 S.W. 88th Street, Suite 220, Miami, FL 33186, and Co-Class Counsel, Dorothy H. Wimberly, Stone, Pigman, Walther, Wittmann, LLC, 546 Carondelet Street, New Orleans, LA 70130, who shall be obliged to file the objection, along with any submitted materials or evidence, with the Court.

Any Class Member who does not so object to the matters noted above shall be deemed to have waived, and shall be forever foreclosed from raising, any objection to such matters.

### Effect of Final Court Approval

If the Settlement is approved, the Court will enter an Order and Judgment dismissing the Litigation on the merits with prejudice as to Banner and its Insurers and discharging Banner and its Insurers from all claims which were, or could have been, asserted by you or on your behalf arising from, concerning, or related to Chinese Drywall.

**IF YOU ARE A MEMBER OF THE CLASS, UNLESS YOU HAVE CHOSEN AFFIRMATIVELY TO OPT OUT OF THE CLASS, UPON COURT APPROVAL OF THE SETTLEMENT YOU WILL BE BOUND BY THE SETTLEMENT, INCLUDING THE JUDGMENT OF DISMISSAL.**

If the Court approves the Settlement, each Class Member who did not opt out of the Conditional Settlement Class will receive a Court Notice with final instructions and a Proof of Claim form in the mail.

### Examination of Papers

The foregoing is only a summary of the Litigation, the claims, and the Settlement. The Settlement and documents incorporated therein, as well as the pleadings and other papers filed in the Litigation, may be inspected at the office of the Clerk of the Court, United States Courthouse, Room C-151, 500 Poydras Street, New Orleans, LA 70130, or during regular business hours at the offices of Class Counsel, Ervin A. Gonzalez, Colson Hicks Eidson, 255 Alhambra Circle, Penthouse, Coral Gables, FL 33134, commencing on August 11, 2011. Any papers Class Counsel and counsel for Banner and its Insurers shall file in support of the Settlement will be made available for inspection at these locations at the time they are filed. Any questions that any person to whom this Notice is addressed may have with respect thereto or with respect to the right to opt out should be directed to Class Counsel, or his or her own counsel.

### Schedule of Important Dates

| | |
|---|---|
| Beginning August 11, 2011 | Settlement papers may be examined at the offices of Class Counsel Ervin A. Gonzalez |
| On or before December 18, 2011 | Notice of Opt Out of the Settlement Class must be mailed to Arnold Levin, Michael A. Sexton, Michael P. Peterson, and Dorothy H. Wimberly |
| On or before December 18, 2011 | Objections to the Settlement must be mailed to Arnold Levin, Michael A. Sexton, Michael P. Peterson, and Dorothy H. Wimberly |
| February 3, 2012 at 9:00 a.m. Central Time | Fairness Hearing at United States Courthouse for the Eastern District of Louisiana, 500 Poydras Street, Room C-456, New Orleans, LA 70130 |

Dated: New Orleans, Louisiana
August 11, 2011

/s/ ELDON E. FALLON
Judge, United States District Court
for the Eastern District of Louisiana

[THIS PAGE INTENTIONALLY LEFT BLANK]

Levin, Fishbein, Sedran & Berman
510 Walnut Street
Suit 500
Philadelphia, PA 19106

**PLEASE FORWARD**

FIRST CLASS MAIL
U.S. POSTAGE
PAID
PERMIT NO. 138
PHILADELPHIA, PA

# FIRST CLASS MAIL

**PLEASE FORWARD—IMPORTANT LEGAL NOTICE**