# EXHIBIT 5

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF LOUISIANA

IN RE: CHINESE MANUFACTURED DRYWALL PRODUCTS
    LIABILITY LITIGATION

MDL NO. 2047

SECTION: L

JUDGE FALLON

MAG. JUDGE WILKINSON

THIS DOCUMENT RELATES TO:

ALL CASES AND

*Silva, et. al. v. Interior Exterior Building*

*Supply, LP, et al.*

Case No. 09-08030 (E.D. La.)

*Silva, et. al v. Arch Insurance Company, et al.*
    Case No. 09-08034 ( E.D. La.)

*Payton, et al. v. Knauf Gips, KG, et al.*

Case No. 09-07628 (E.D. La.)

*Wiltz, et al. v. Beijing New Building Materials*
    *Public Limited Co., et. al.*

Case No. 2:10-cv-00361 (E.D. La.)

*Gross, et al. v. Knauf Gips, KG, et a.*

Case No. 2:09-cv-6690 (E.D. La.)

*Rogers, et al. v. Knauf Gips, KG et al.*

Case No. 2:10-cv-00362 (E.D. La.)

*Amato, et al. v. Liberty Mutual Ins. Co.*

Case No. 2:10-cv-00932 (E.D. La.)

*Kenneth Abel, et. al. v. Taishan Gypsum Co., Ltd.,*
    *f/k/a/ Shandong Taihe Dongxin Co., Ltd., et. al.*

Case No. 2:11-080 (E.D. La.)

*Daniel Abreu, et. al. v. Gebrueder Knauf*
    *Verwaltungsgesellschaft, KG, et. al.*

Case No. 2:11-252 (E.D. La.)

## AFFIDAVIT OF SMITH-EDWARDS-DUNLAP PRINTING COMPANY
## IN CONNECTION WITH NOTICE BY MAILING

**COMMONWEALTH OF PENNSYLVANIA**       :      **SS:**
**COUNTY OF PHILADELPHIA**

        BE IT KNOWN that appeared before me Tim Walters who being duly sworn deposes and says that:

        1. He is Production Coordinator of Smith-Edwards-Dunlap Printing Company, Agents for Levin, Fishbein, Sedran & Berman which was retained to aid in giving notice to the Settlement Class in this matter.

        2. Using information supplied to us, Smith-Edwards-Dunlap Printing Company addressed and delivered on 6/20/11 to the United States Post Office, at Lindbergh Blvd. 24,472 pieces of First Class Presort Mail of the attached material marked "Exhibit A".

SWORN TO AN SUBSCRIBED TO

before me this _20 th_ day of

_June_____, 20 _11_ .

_____
Tim Walters

_____
NOTARY PUBLIC

COMMONWEALTH OF PENNSYLVANIA
NOTARIAL SEAL
Virginia K. Zink, Notary Public
City of Philadelphia, Philadelphia County
My commission expires April 20, 2014

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **IN RE: CHINESE MANUFACTURED DRYWALL PRODUCTS LIABILITY LITIGATION** | **MDL NO. 2047** |
| | **SECTION: L** |
| | **JUDGE FALLON** |
| | **MAG. JUDGE WILKINSON** |

**THIS DOCUMENT RELATES TO:**

**ALL CASES AND**

*Silva, et al. v. Interior Exterior Building*

*Supply, LP, et al.*

Case No. 09-08030 (E.D. La.)

*Silva, et al. v. Arch Insurance Company, et al.*
Case No. 09-08034 (E.D. La.)

*Payton, et al. v. Knauf Gips, KG, et al.*

Case No. 09-07628 (E.D. La.)

*Wiltz, et al. v. Beijing New Building Materials*
*Public Limited Co., et al.*

Case No. 2:10-cv-00361 (E.D. La.)

*Gross, et al. v. Knauf Gips, KG, et al.*

Case No. 2:09-cv-6690 (E.D. La.)

*Rogers, et al. v. Knauf Gips, KG, et al.*

Case No. 2:10-cv-00362 (E.D. La.)

*Amato, et al. v. Liberty Mutual Ins. Co.*

Case No. 2:10-cv-00932 (E.D. La.)

*Kenneth Abel, et al. v. Taishan Gypsum Co., Ltd.,*
*f/k/a Shandong Taihe Dongxin Co., Ltd., et al.*

Case No. 2:11-080 (E.D. La)

*Daniel Abreu, et al. v. Gebrueder Knauf*
*Verwaltungsgesellschaft, KG, et al.*

Case No. 2:11-252 (E.D. La.)

TO THE CONDITIONAL SETTLEMENT CLASS, CONSISTING OF:

> All persons or entities with claims, known and unknown, against the Settling Defendants arising from, or otherwise related in any way to Chinese Drywall sold, marketed, distributed, and/or supplied by Interior/Exterior Building Supply, L.P. ("InEx").

**PLEASE READ THIS NOTICE CAREFULLY AND IN ITS ENTIRETY: YOU MAY BE ENTITLED TO RECEIVE A PAYMENT FROM A FUND TO BE CREATED PURSUANT TO THE PROPOSED SETTLEMENT DESCRIBED HEREIN IF YOU ARE A MEMBER OF THE CONDITIONAL SETTLEMENT CLASS AND NOT A SETTLING DEFENDANT.**

The purpose of this Notice is to inform you that: (a) a class of which you may be a member has been conditionally certified for consideration of a proposed settlement with InEx; (b) a Settlement Agreement Regarding Claims Against Interior-Exterior in MDL 2047 (the "InEx Settlement"), which provides for the creation of a settlement fund ("Settlement Fund") and dismissal of the above-captioned actions as to the Settling Defendants, was entered into on April 25, 2011, and submitted to the Court for its approval; and (c) a hearing on the fairness, reasonableness and adequacy of the proposed settlement will be held at 9:00 a.m. on October 27, 2011, in the United States Courthouse, 500 Poydras Street, Room C-456, New Orleans, Louisiana 70130.

Capitalized terms in this Notice have the same meaning as those defined in the InEx Settlement.

## Description of the Litigation

On June 15, 2009, the Judicial Panel on Multidistrict Litigation created MDL 2047 in order to consolidate lawsuits brought in several federal district courts in the Gulf Coast and mid-Atlantic regions of the United States by property owners whose homes or other properties were damaged by defective Chinese drywall. Plaintiffs sued the manufacturers of Chinese drywall as well as homebuilders, developers, installers, realtors, brokers, suppliers, importers, exporters, and distributors that were involved with Chinese drywall. The *Silva* actions and the *Omni* actions were commenced by complaints filed against InEx, as well as other defendants including the manufacturers of Chinese Drywall. These actions seek relief on behalf of a class of persons and entities with claims against InEx arising out of Chinese Drywall.

The complaints make claims based on: strict liability; violations of the Alabama Deceptive Trade Practices Act (Ala. Code 1975 § 8-19-1, *et seq.*), the Louisiana Unfair Trade Practices and Consumer Protection Law (La. R.S. 51:1401, *et. seq.*), the Texas Deceptive Trade Practices-Consumer Protection Act (Tex. Bus. Com. Code Ann. § 17.41, *et seq.*), the Mississippi Consumer Protection Act (Miss. Code Ann. § 75-24-1, *et seq.*), other state or federal Consumer Protection laws and unfair trade practices laws; negligence; private and public nuisance; tort; equity and medical monitoring; breach of contract; loss of use; loss of enjoyment; personal injury and related statutory violations; indemnity; contribution; breach of express or implied warranty; redhibition; negligence per se; violation of Louisiana New Home Warranty Act (La. R.S. 9:3141, *et seq.*); Louisiana Products Liability Act (La. R.S. 9:28000.51, *et seq.*); negligent discharge of a corrosive substance; unjust enrichment; breach of implied warranty of fitness and merchantability; breach of implied warranty of habitability; negligent misrepresentation; building code violations; relief by way of subrogation, contractual indemnity, common law indemnity and/or contribution against InEx; attorneys' fees; fraud; and punitive damages, exemplary damages, multiplication of damages and fines.

InEx denies any wrongdoing whatsoever, and specifically denies having committed any violation of any law. InEx's insurers, Arch Insurance Company and Liberty Mutual Fire Insurance Company ("Insurers"), also deny coverage and liability for InEx's conduct. InEx and the Insurers likewise deny the existence of any class except for purposes of this settlement, assert certain affirmative defenses and deny any liability to any member of the Conditional Settlement Class.

The Court has not certified a class in the Litigation, other than conditionally for settlement purposes, and has made no determination that any class could be certified if the Litigation is not settled hereby. The Court has not determined the merits of any claims or defenses in the Litigation. This Notice does not imply that there has been any finding of any violation of the law by InEx or that recovery could be had in any amount.

Counsel for the Conditional Settlement Class ("Settlement Class Counsel") entered into the InEx Settlement after weighing the substantial benefits that the members of the Conditional Settlement Class will receive as a result of the settlement against the probabilities of success and failure in securing any recovery from InEx by means of further litigation and delay. Settlement Class Counsel consider it to be in the best interests of the Conditional Settlement Class that

the Litigation be settled in accordance with the terms of the InEx Settlement and believe that the proposed settlement is fair, reasonable and adequate for the Conditional Settlement Class.

Although InEx denies all liability and the existence of any class (other than for settlement purposes) in the Litigation, it considers it desirable to settle the Litigation on the terms proposed, to avoid further expense and inconvenience.

## Conditional Class Certification

Pursuant to Rule 23 of the Federal Rules of Civil Procedure and an Order of the Court, dated May 13, 2011, the Court has preliminarily approved the terms of the InEx Settlement to the extent that this Notice is being sent to the Conditional Settlement Class, which has been determined by such Order to exist for settlement purposes only. The Conditional Settlement Class shall consist of:

> All persons or entities with claims, known and unknown, against the Settling Defendants arising from, or otherwise related in any way to Chinese Drywall sold, marketed, distributed, and/or supplied by Interior/Exterior Building Supply, L.P.

The Settling Defendants are InEx, the Insurers and the "Downstream InEx Releasees" (including, but not limited to, those listed on Exhibit 1.10 to the InEx Settlement), except that any Builder listed on Exhibit 1.10 is not a Settling Defendant. Under the InEx Settlement, the Settling Defendants are not permitted to submit a Proof of Claim for recovery from the Settlement Fund.

In addition, the Court has certified two subclasses. Subclass (1) consists of all Class Members with claims arising from property located in Louisiana ("Louisiana Subclass") and Subclass (2) consists of all Class Members with claims arising from property located in states other than Louisiana (the "Non-Louisiana Subclass"). The Court has not certified a class or subclasses in the Litigation for any other purpose and has made no determination that any class could be certified if these litigations are not settled hereby. Although the Court has indicated such preliminary approval of the Settlement, this Notice is not an expression of any opinion by the Court as to the merits of the claims and defenses which have been asserted in the Litigation. If the proposed settlement is not finally approved, the conditional certification of the Conditional Settlement Class will be null and void, and the Litigation will proceed as if there had been no settlement, conditional certification or notice.

## Summary of the Proposed Settlement

The Settlement embodied in the InEx Settlement is subject to, and becomes effective only upon, final, nonappealable approval by the United States District Court for the Eastern District of Louisiana ("Court"), the Honorable Eldon E. Fallon presiding. Set forth below is a summary of the principal terms and conditions of the Agreement. The complete Agreement is posted on the District Court's Chinese Drywall MDL website at http://www.laed.uscourts.gov/Drywall/Drywall.htm, the CPSC website, the Department of Health websites for Alabama, Louisiana, Mississippi and Texas, and is available for your inspection as described below.

The Settlement provides for the creation by the Insurers, following final approval by the Court, of a Settlement Fund in the aggregate amount of $8,000,000 minus payments made in prior Chinese Drywall settlements with InEx and minus the costs of Notice advanced by the Insurers, in settlement of all claims of the Class Members against InEx arising from InEx's sale, marketing, distribution and/or supply of Chinese Drywall. For purposes of the settlement, Chinese Drywall is defined as:

> any and all drywall products sold, marketed, distributed and/or supplied by InEx and which are alleged to be defective, and which were manufactured, in whole or in part, in China, or that include components manufactured, in whole or in part, in China, including, but not limited to, drywall manufactured by (i) Knauf Gips KG; Knauf Plasterboard (Tianjin) Co., Ltd.; Knauf Plasterboard (Wuhu), Co., Ltd.; Knauf Plasterboard (Dongguan) Co., Ltd.; Knauf International GmbH; Knauf Insulation GmbH; Knauf AMF GmbH & Co. KG; Knauf do Brasil Ltda., Gebr.; Knauf Verwaltungsgesellschaft; P.T. Knauf Gypsum Indonesia (collectively, "Knauf") and (ii) Taishan Gypsum Co., Ltd. f/k/a Shandong Taihe Dongxin Co., Ltd.; Taian Taishan Plasterboard Co., Ltd.; Pingyi Zhongxin PaperFaced Plasterboard Co., Ltd. f/k/a Shandong Chenxiang Building Materials Co., Ltd.; Crescent City Gypsum, Inc.; Beijing New Building Materials Public Ltd. Co.; and any other manufacturer of Chinese Drywall, whether reactive or not.

3

In addition, InEx has assigned to members of the Non-Louisiana Subclass its rights and claims for $72 million of excess insurance and for damages for bad faith or extra-contractual conduct against its Excess Insurance Carrier, The North River Insurance Company ("North River"). Also, the Settlement reserves the right of the Louisiana Subclass to pursue a claim against North River to the extent of the Available Policy Limits of the Excess Policies.

In summary, the Settlement Fund will be allocated to pay for and/or reimburse Class Members for the costs of remediating Affected Properties and other damages, and it will be used to fund settlements with InEx pending on the Execution Date of the InEx Settlement. The Settling Defendants are not permitted to participate in allocation or receive any funds from this Settlement. Following approval of the Settlement, the Court will determine a fair and equitable allocation of the Settlement Fund, and Class Members will have an opportunity to comment on or object thereto. The Court will entertain interventions for the purpose of determining allocation. The Intervenors in the Litigation will also have standing to comment on allocation and an opportunity to participate in the allocation process. If the Court finally approves the Settlement, Proof of Claim forms will be mailed to Class Members and Intervenors who have not requested an exclusion from the Class.

The Settlement provides that the Plaintiffs' Steering Committee ("PSC") appointed by the Court to oversee the litigation on behalf of plaintiffs, common benefit attorneys and private counsel for Class Members may petition the Court for an award of attorneys' fees constituting, in the aggregate, no more than 32% of the InEx Settlement fund, plus reimbursement of reasonable expenses including the costs of Notice. The Court will determine the allocation of any fees awarded. Application to the Court will subsequently be made for the fees and costs incurred in the administration of the Settlement Fund. Such costs, expenses and counsel and administration fees as the Court may award shall be paid out of the Settlement Fund. InEx and the Insurers will not be responsible for any payments beyond their initial contribution to the Settlement Fund.

## Requests for Exclusion

Class Members may request exclusion from the Conditional Settlement Class. If you request exclusion, you will be excluded from sharing in the benefits of this Settlement and from the binding effect of final approval of this Settlement and dismissal of the Litigation.

**IF YOU DO NOT WISH TO EXCLUDE YOURSELF YOU DO NOT HAVE TO DO ANYTHING AT THIS TIME.**

To request exclusion, a written request for exclusion signed by the individual Class Member must be sent by first-class mail, postmarked on or before August 29, 2011, addressed to Plaintiffs' Lead Counsel, Arnold Levin (LEVIN, FISHBEIN, SEDRAN & BERMAN, 510 Walnut Street, Suite 500, Philadelphia, PA 19106), and to Counsel for InEx, Richard Duplantier (GALLOWAY, JOHNSON, TOMPKINS, BURR & SMITH, One Shell Square, 701 Poydras Street, 40th Floor, New Orleans, LA 70139). The request for exclusion must set forth the full name and current address of the person seeking exclusion and a sentence stating: "The undersigned hereby requests exclusion from the InEx Settlement Class in the Chinese Drywall Action."

**IF YOU WISH TO PURSUE AN INDIVIDUAL CLAIM AGAINST INEX BY LITIGATION, ARBITRATION OR OTHERWISE, YOU MUST REQUEST EXCLUSION; OTHERWISE, IF THE SETTLEMENT IS APPROVED, YOU WILL NOT BE ABLE TO PURSUE CLAIMS AGAINST INEX ARISING OUT OF CHINESE DRYWALL.**

Persons who request exclusion will not be entitled to share in the benefits of this Settlement nor will they benefit or be bound by further orders or judgments in the Litigation concerning the Settlement, if any. InEx and the Insurers have reserved the right to withdraw from the Settlement in the event any Class Member requests exclusion.

## Settlement Hearing

Notice is further hereby given that, pursuant to the Court's Order, a hearing will be held in Courtroom C-456 of the United States Courthouse, 500 Poydras Street, New Orleans, Louisiana 70130, at 9:00 a.m., on October 27, 2011 (the "Fairness Hearing"), for the purpose of determining whether the proposed Settlement is fair, reasonable and adequate and should be approved finally by the Court and the Litigation dismissed on the merits and with prejudice as to the Settling Defendants. The Fairness Hearing may be adjourned from time to time by the Court without further notice.

**CONDITIONAL SETTLEMENT CLASS MEMBERS WHO DO NOT OPPOSE THE PROPOSED SETTLEMENT DO NOT NEED TO APPEAR AT THE HEARING OR FILE ANY PAPERS.**

You will be represented at the hearing on the fairness of the Settlement by Class Counsel, Russ Herman, telephone no. (504) 581-4892 and Arnold Levin, telephone no. (215) 592-1500, unless you enter an appearance in person or through your own counsel. Additionally, Gerald E. Meunier, telephone no. (504) 522-2304, has been appointed as Counsel for

the Louisiana Subclass, and James Robert Reeves, telephone no. (228) 374-5151, has been appointed as Counsel for the Non-Louisiana Subclass. As a member of the Conditional Settlement Class, you will not be personally responsible for attorneys' fees, costs or disbursements except those of your own counsel.

At the Fairness Hearing, any Class Member may appear in person or by counsel and show cause why the Settlement should not be approved and why this action should not be dismissed on the merits with prejudice. Such Class Member may present any admissible evidence relevant to the issues to be heard, provided that by August 29, 2011, such Class Member has served: (a) a written notice of intention to object to the Settlement setting forth the reasons for such objections, and, if applicable, to appear at the hearing; and (b) any and all papers in opposition to the settlement, upon which the objection may be based. The objection must identify any witnesses intended to be called, the subject area of the witnesses' testimony, and all documents to be used or offered into evidence, at the Fairness Hearing. The objection must be signed by the Class Member and his or her counsel. The objection must contain the caption of the Litigation and include the name, mailing address, email address, if any (an email address is not required), and telephone number of the Class Member.

Any intention to object and all such materials must be mailed and post-marked by August 29, 2011, to Lead Counsel, Arnold Levin (LEVIN, FISHBEIN, SEDRAN & BERMAN, 510 Walnut Street, Suite 500, Philadelphia, Pennsylvania 19106), and to Counsel for InEx, Richard Duplantier (GALLOWAY, JOHNSON, TOMPKINS, BURR & SMITH, One Shell Square, 701 Poydras Street, 40th Floor, New Orleans, LA 70139), who shall be obliged to file the objection with the Court.

Any Class Member who does not so object to the matters noted above shall be deemed to have waived, and shall be forever foreclosed from raising, any objection to such matters.

### Effect of Final Court Approval

If the settlement is approved, the Court will enter an order and judgment dismissing the Litigation on the merits with prejudice to the extent that it asserts claims against the Settling Defendants, and discharging the Settling Defendants from all claims which were, or could have been, asserted by you or on your behalf in the Litigation concerning Chinese Drywall.

**IF YOU ARE A MEMBER OF THE CONDITIONAL SETTLEMENT CLASS, UNLESS YOU HAVE CHOSEN AFFIRMATIVELY TO BE EXCLUDED FROM THE CLASS, UPON COURT APPROVAL OF THE SETTLEMENT YOU WILL BE BOUND BY THE SETTLEMENT, INCLUDING THE JUDGMENT OF DISMISSAL.**

If the Court approves the Settlement, each Class Member who did not request exclusion from the Conditional Settlement Class will receive a Court Notice with final instructions.

The foregoing is only a summary of the Litigation, the claims and the Settlement. The InEx Settlement Agreement and documents incorporated therein and the pleadings and other papers filed in the Litigation may be inspected at the office of the Clerk of the Court, U.S. Courthouse, Room C-151, 500 Poydras Street, New Orleans, Louisiana 70130 or during regular business hours at the offices of Class Counsel, Russ Herman, HERMAN, HERMAN, KATZ & COTLAR, LLP, 820 O'Keefe Avenue, New Orleans, Louisiana 70113, commencing on June 20, 2011. Any papers Class Counsel and counsel for InEx shall file in support of the Settlement will be made available for inspection at these locations at the time they are filed. Any questions that any person to whom this Notice is addressed may have with respect thereto or with respect to the request for exclusion should be directed to Settlement Class Counsel, or his or her own counsel.

### Schedule of Important Dates

| | |
|---|---|
| Beginning June 20, 2011 | Settlement papers may be examined at the offices of Class Counsel Russ Herman |
| On or before August 29, 2011 | Requests for Exclusion from the Settlement Class must be mailed to Lead Counsel and Counsel for InEx |
| On or before August 29, 2011 | Objections to the Settlement must be mailed to Lead Counsel and Counsel for InEx |
| October 27, 2011 at 9:00 a.m. | Fairness Hearing at United States Courthouse for the Eastern District of Louisiana, 500 Poydras Street, Room C-456, New Orleans, Louisiana 70130 |

Dated: New Orleans, Louisiana
  May 13, 2011

/s/ ELDON E. FALLON
Judge, United States District Court
for the Eastern District of Louisiana

[THIS PAGE INTENTIONALLY LEFT BLANK]

Levin, Fishbein Sedran & Berman
510 Walnut Street
Suit 500
Philadelphia, PA 19106

**PLEASE FORWARD**

FIRST CLASS MAIL
U.S. POSTAGE
PAID
PERMIT NO. 138
PHILADELPHIA, PA

# FIRST CLASS MAIL

**PLEASE FORWARD—IMPORTANT LEGAL NOTICE**