# EXHIBIT 11

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: CHINESE-MANUFACTURED DRYWALL PRODUCTS LIABILITY LITIGATION | MDL NO. 2047<br>SECTION: L<br>JUDGE FALLON<br>MAG. JUDGE WILKINSON |
| THIS DOCUMENT RELATES TO:<br><br>ALL ACTIONS | |

## AFFIDAVIT OF FREDERICK S. LONGER

**COMMONWEALTH OF PENNSYLVANIA** :
: SS
**COUNTY OF PHILADELPHIA** :

Frederick S. Longer, being duly sworn according to law, deposes and says that:

1. I am a partner in the law firm of Levin, Fishbein, Sedran & Berman. My partner, Arnold Levin, is Plaintiffs' Lead Counsel in *In re Chinese-Manufactured Drywall Products Liability Litigation*, MDL No. 2047 (E.D.Pa.). At Mr. Levin's direction, I was responsible for coordinating the issuance of class notice of the five interrelated settlements presented to the Court for final approval, which are the subject of the pending Motion of the Plaintiffs' Steering Committee and Settlement Class Counsel for an Order: (1) Certifying the InEx, Banner, Knauf, L&W, and Global Settlement Classes; and (2) Granting Final Approval to the InEx, Banner, Knauf, L&W, and Global Settlements.

2. On May 15, 2011, the Court preliminarily approved the settlement between the PSC and InEx and its primary insurers. Pursuant to paragraph 6.1.1.1 of the InEx Settlement Agreement regarding claims against Interior/Exterior in MDL 2047, I prepared, obtained from InEx's counsel, and assembled databases of addresses of persons and entities to receive first-class mail notice. On June 14, 2011, these databases were forwarded to Smith-Edwards-Dunlap, Company for distribution of notice to the InEx Class.

3. On May 27, 2011, pursuant to Section 6.1.1.3 of the InEx Settlement Agreement, I posted letters to the Alabama Department of Health, Louisiana Department of Health and Hospitals, Mississippi State Department of Health, Texas Department of State Health Services, and the United States Consumer Product Safety Commission requesting that the InEx notice be posted on these agencies websites. In addition, a similar request was made to this Court to insure that the MDL 2047 website posted the notice (which request was repeated for each of settlements identified herein).

4. On August 11, 2011, the Court preliminarily approved the settlement between the PSC and Banner Supply Company. Pursuant to Section 5.1.1.1 and Section 5.1.1.2 of the Banner Settlement Agreement mailing lists were obtained from the Banner Supply Company and at my direction were forwarded to Smith-Edwards-Dunlap, Company for distribution of notice to the Banner Class.

5. On August 12, 2011, pursuant to Section 5.1.1.10 of the Banner Settlement Agreement, I posted letters requesting that the Banner Notice be posted on the websites of the following governmental agencies: U.S. Consumer Product Safety Commission and Florida Department of Health.

6. On or before August 24, 2011, pursuant to Section 5.1.1.9 of the Banner Settlement Agreement, I posted letters requesting that the Banner notice be published on additional court and government websites as ordered by the Court. For example, I made requests to the clerks of the following Florida and Louisiana state courts that the Banner Class Notice be posted on their websites: the 4th Judicial Circuit Court of Florida (Duval County); the 6th Judicial Circuit Courts of Florida (Pinellas and Pasco Counties); the 10th Judicial Circuit Court of Florida (Polk County); the 11th Judicial Circuit Court of Florida (Miami Dade County); the 12th Judicial Circuit Courts of Florida (Sarasota and Manatee Counties); the 13th Judicial Circuit Court of

Florida (Hillsborough County); the 15th Judicial Circuit Court of Florida (Palm Beach County); the 16th Judicial Circuit Court of Florida (Monroe County); the 17th Judicial Circuit Court of Florida (Broward County); the 19th Judicial Circuit Courts of Florida (Martin, St. Lucie, Indian River, and Okeechobee Counties); the 20th Judicial Circuit Courts of Florida (Collier, Charlotte, and Lee Counties); and the Clerk of Court for St. Bernard Parish, Louisiana (Chalmette).

7. On January 10, 2012, this Court preliminarily approved the Knauf settlement. Pursuant to Section 7.1.1.1 the Knauf defendants provided me with databases containing the lists of addressees for first class mailed notice. At my direction, these databases were forwarded to Smith-Edwards-Dunlap, Company for distribution of notice to the Knauf Class.

8. On May 31, 2012, the Court preliminarily approved the Settlement Agreement regarding the claims involving builders, installers, suppliers, and participating insurers ("the Global Settlement"). Pursuant to Section 7.1.1.1 and Section 7.1.1.2, mailing lists were compiled using information obtained from Special Master BrownGreer, Insurance Liaison Counsel and certain Participating Defendants or Participating Insurers. At my direction, these databases were forwarded to Smith-Edwards-Dunlap, Company for distribution of notice to the Global Settlement Class.

9. On July 6, 2012, pursuant to Section 7.1.1.11 of the Global Settlement Agreement, I posted letters requesting that the Global Settlement Notice be posted on the websites of the following governmental agencies: Alabama Department of Health, Louisiana Department of Health and Hospitals, Mississippi State Department of Health, Texas Department of State Health Services, the United States Consumer Product Safety Commission and Florida Department of Health.

10. On July 6, 2012, pursuant to Section 7.1.1.10 of the Global Settlement Agreement, I posted letters requesting that the Global Settlement notice be published on additional court and

government websites as ordered by the Court. For example, I made requests to the clerks of the following Florida and Louisiana state courts that the Global Settlement Class Notice be posted on their websites: the 4th Judicial Circuit Court of Florida (Duval County); the 6th Judicial Circuit Courts of Florida (Pinellas and Pasco Counties); the 10th Judicial Circuit Court of Florida (Polk County); the 11th Judicial Circuit Court of Florida (Miami Dade County); the 12th Judicial Circuit Courts of Florida (Sarasota and Manatee Counties); the 13th Judicial Circuit Court of Florida (Hillsborough County); the 15th Judicial Circuit Court of Florida (Palm Beach County); the 16th Judicial Circuit Court of Florida (Monroe County); the 17th Judicial Circuit Court of Florida (Broward County); the 19th Judicial Circuit Courts of Florida (Martin, St. Lucie, Indian River, and Okeechobee Counties); the 20th Judicial Circuit Courts of Florida (Collier, Charlotte, and Lee Counties); and the Clerk of Court for St. Bernard Parish, Louisiana (Chalmette).

11. On June 11, 2012, the Court preliminarily approved the Class Action Settlement Agreement regarding KPT drywall claims against USG and L&W in MDL 2047. Pursuant to paragraph 7.1.1 of the L&W Settlement Agreement, counsel for L&W provided to me the database of addressees intended for first class mailed notice. At my direction, the databases containing the addresses for these persons were forwarded to Smith-Edwards-Dunlap, Company for distribution of notice to the L&W Class.

FURTHER AFFIANT SAYETH NOT.

_____
FREDERICK S. LONGER

Sworn to and subscribed to
before me this 29th day
of August, 2012.

_____
Notary Public

COMMONWEALTH OF PENNSYLVANIA
Notarial Seal
Crystyna Longacre, Notary Public
City of Philadelphia, Philadelphia County
Commission Expires Aug. 13, 2016
PENNSYLVANIA ASSOCIATION OF NOTARIES

4