UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

MDL NO. 2047

IN RE:  CHINESE-MANUFACTURED DRYWALL
        PRODUCTS LIABILITY LITIGATION

SECTION:  L

JUDGE FALLON
MAG. JUDGE WILKINSON

_____

MOTION TO ENLARGE DEADLINE FOR OPT-OUT
FOR HOMEOWNERS WHO HAVE ALREADY REMEDIATED HOMES

COME NOW Plaintiffs, Dario Orlando and other plaintiffs represented by the undersigned[1], by and through their counsel, and respectfully file this Motion To Enlarge Deadlines for Opt-Out For Homeowners Who Have Already Remediated Homes as set forth in the Court's May 31, 2012 Order (D.E 14562) and other such relief as the Court may grant, for the reasons stated as follows:

1.      The proposed settlements in this case purport to attempt to resolve parts of one of the largest and most complex cases in the history of the United States.  There are thousands of plaintiffs, thousands of defendants and many stakeholder insurance companies.

2.      These homeowners have been put through so much, and they bear absolutely no blame for what has been inflicted upon their families.  Their concerns and doubts are reasonable.

---

[1] Lee and Maureen Arnold; Pascal and Agnes Bordy; Michael and Ilana Braun; Richard Claybaker and Judith Klingsick; Jose and Maria Costoya; Dew Five, LLC; David Dion and Eunice Parks; Scott and Jessica Eisenfelder; Berenise and Sherley Frais; Bageshri and Dilip Ghate; Reinaldo and Kariana Gonzalez; Jason and Susan Greenberg; Brian and Meena Hierholzer; Victoria Johnston; Anthony and Philomin Josephson; Doug and Holly Krulik; Larry and Robin Kupfer, Ori and Inda Lapidot; Ralph and Nancy Milykovic; Steven and Jodi Ornstein; Omar and Danielle Oropesa; Daniel and Donna Poliseo; Sudheer and Charu Shirali; Joseph and Mary Spallina; Craig and Carol Thomas; Jose and Valerie Verger; Lawrence and Susan Wengel; and Thomas Wojciechowski.

Some additional time to improve the settlement and increase homeowner confidence in a choice they are being asked to make about their single biggest asset and investment seems only reasonable.

3.      On December 20, 2011, Knauf announced a proposed settlement which was preliminarily approved by the Court on January 10, 2012.   (D.E. 12138).

4.      The timeframes to object or opt out set by this Court was originally February 17, 2012 through April 6, 2012.  (D.E. 12138).

5.      Thereafter, in light of pending and potential additional prospective settlements, the Court temporarily adjourned all objection and opt-out deadlines.  (D.E.  14197).

6.      The Court then, because of a new proposed defendant and insurance company settlement, set the deadline to object or opt-out for a period beginning August 29, 2012 through September 28, 2012.   (D.E. 14562).

7.      Under Federal Rule of Civil Procedure 6(b), a court can extend a deadline for putative class members to opt out of a class action for good cause.

8.      A meaningful opportunity to opt-out is an essential component to the success of class action settlements under Federal Rule of Civil Procedure 23(b)(3), such as the proposed settlements in this case.   Equally important should be the need to protect against unnecessary opt-outs predicated upon uncertainty and inability of counsel to advise their clients.

9.      While significant steps have been made towards the remediation of homes substantially containing with Knauf manufactured reactive drywall, those homeowners who paid out of their own pockets to remediate their homes have yet to have their claims evaluated by Knauf and there is little basis upon which to advise the homeowners as to the expected fairness

or implementation of the settlement process;[2]

10.     As a result, there is a strong potential for objections which would otherwise be resolved or opt-outs better characterized as precautionary.

11.     Because of the substantial efforts necessary pursuant to Section VIII and Section IX of the Settlement Agreement, the September 28, 2012 deadline means that counsel must advise clients now and initiate efforts to obtain necessary signatures, witness identity, witness summaries immediately.

12.     There is no significant reason not to enlarge the September 28, 2012 deadline.  To the contrary, enlarging the deadline will conserve judicial resources, conserve resources of the parties, and in all likelihood reduce the actual number of objections and precautionary opt-outs as the parties work through additional terms.

13.     The undersigned would respectfully request the deadline for this category of homeowners to opt-out be enlarged to and through October 26, 2012.

14.     Counsel sought advice and counsel of the Plaintiffs' Steering Committee and Knauf's counsel.   The PSC objects to the Motion, outlining the deadlines were chosen in

---

[2] The undersigned filed a Motion to Expedite Resolution Efforts by Knauf, which in incorporated herein as if fully restated.  (D.E. 14599).   The circumstances for those homeowners have not changed favorably since the filing of that motion.  In fact, it is apparent that Knauf has gone backwards by now re-submitting all files for re-review.  Moreover, issues regarding the proposed release have undergone weeks of negotiation to address very reasonable concerns (e.g. requiring homeowners to represent the homes had no non-Knauf drywall installed prior to the remediation, which is neither the threshold standard for admission into the program nor does it represent the fact that, if built to code, there should be no Knauf reactive board in ceilings or the attic, making it impossible to make such a representation).   See Exhibit 1.  The lack of a cross-section resolution means Counsel cannot even advise homeowners that the process is likely to be fair, especially as demonstrated by Knauf previously failing to include "lump sum" payments to which homeowners were entitled and the proposal of a release that has at least one term that is illogical.  Importantly, these homeowners are a category of homeowners most likely to opt-out – they have already "financed" Knauf's responsibility for remediation and most have the means to withstand lengthy additional litigation.

relation to the Final Fairness Hearing date.

15.     Presumably, this objection is because the PSC and/or Defendants intend to take discovery from those who object or opt-out, as well as conduct briefing.  However, that can be conducted on an expedited basis.

16.     Importantly, the timeline leading up to this period was uniquely in the control of the Defendants.  Many of these issues and uncertainties have been raised specifically with the Knauf for months, and some for over a year.  If maintaining the chosen timeframe was critical, Knauf should have pressed more expeditiously to resolve some meaningful component of the claims.

17.     On the other hand, providing an enlargement should reduce the amount of unnecessary work necessitated by opt-outs and objections filed in an abundance of caution.

**WHEREFORE,** the enumerated Plaintiffs respectfully request that, for the reasons more fully set forth in the accompanying Memorandum in Support, this Court issue an Order enlarging for homeowners who already remediated homes the period to file opt-out of the proposed settlements in this case.

Respectfully submitted,

/s/ *Michael J. Ryan*
Michael J. Ryan, Esquire
Bar No. 975990
Krupnick, Campbell, Malone, Buser, Slama,
Hancock, Liberman & McKee, P.A.
12 S.E. 7 Street, Suite 801
Fort Lauderdale, FL  33301
Phone (954) 763-8181
Fax (954) 763-8292
pleadings-MJR@krupnicklaw.com
*Attorneys for Plaintiffs*

4

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that I electronically filed the foregoing to counsel of record by electronically uploading the same to LexisNexis File & Serve in accordance with pre-trial Order No. 6, and that the foregoing was electronically filed with the Clerk of the Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will serve a notice of electronic filing in accordance with the procedures established in MDL 2047 on this 11th day of September, 2012.

/s/ *Michael J. Ryan*
Michael J. Ryan, Esquire
Bar No. 975990
Krupnick, Campbell, Malone, Buser, Slama,
Hancock, Liberman & McKee, P.A.
12 S.E. 7 Street, Suite 801
Fort Lauderdale, FL  33301
Phone (954) 763-8181
Fax (954) 763-8292
pleadings-MJR@krupnicklaw.com
Attorneys for Plaintiffs