# SETTLEMENT AGREEMENT

This Settlement, Release and Indemnification Agreement ("Agreement") is made and entered into by and among _____ ("Claimant") and Knauf Plasterboard (Tianjin) Co., Ltd. ("KPT"), Knauf Plasterboard (Wuhu) Co. Ltd., Guandong Knauf New Building Material Product Co. Ltd., Knauf International GmbH, Knauf Insulation GmbH (referred to in MDL 2047 as Knauf Insulation USA), Knauf UK GmbH, Knauf AMF GmbH & Co. KG, Knauf do Brasil Ltda., Gebr., Knauf Verwaltungsgesellschaft, PT.Knauf Gypsum Indonesia, and Knauf Gips KG (collectively, the "Knauf Defendants").

WHEREAS, on October 14, 2010, the Knauf Defendants and the MDL Plaintiffs' Steering Committee (the "PSC") in *In re: Chinese Manufactured Drywall Products Liability Litigation*, MDL No. 2047 (the "MDL") entered into a Settlement Agreement for the Demonstration Remediation of Homes with KPT Drywall (the "Demonstration Remediation Agreement") to create a program to remediate homes that contain all or substantially all drywall manufactured by KPT ("KPT Chinese Drywall");

WHEREAS, on December 20, 2011, the Knauf Defendants and the PSC entered into a Settlement Agreement Regarding Claims Against the Knauf Defendants in MDL 2047 [Rec. Doc. 12061-5] ("Class Settlement Agreement") in part to resolve claims of property owners who self-remediated their Affected Properties containing KPT Chinese Drywall, or entered into a contract to remediate their Affected Properties prior to the Class Settlement Agreement.

WHEREAS, on January 10, 2012, the MDL Court preliminarily approved the Class Settlement Agreement;

WHEREAS, this settlement is pursuant to the Already Remediated Properties Protocol attached as Exhibit A to the Class Settlement Agreement even though the Knauf Defendants have no obligation to resolve Claimant's claims until the Court grants final approval of the Class Settlement Agreement.

WHEREAS, Claimant has asserted claims against the Knauf Defendants as a result of allegedly reactive KPT Chinese Drywall installed at 12399 NW 80th Place, Parkland, Florida 33076 (the "Property");

WHEREAS, Claimant represents that Claimant owns and occupies the Property and that no other individual or entity has any direct or indirect ownership interest in the Property other than a mortgagee or other lien holder, and Claimant further represents that any such mortgagee or lien holder has not commenced foreclosure proceedings or acquired an ownership interest in such property and that Claimant is not in default on any financial obligations for which the property is security or collateral for repayment of such obligations;

WHEREAS, Claimant represents that reactive KPT Chinese Drywall was found in the Property, and that no Non-KPT Chinese Drywall was installed in the Property;

---

[1] All capitalized terms have the same definitions as set forth in the Class Settlement Agreement unless otherwise defined herein.

WHEREAS, Claimant represents that all of the KPT Chinese Drywall has been (or will be) removed from the Property and that prior to completion of the remediation, Claimant obtained (or will obtain) from a qualified environmental inspector, a certification that all drywall has been removed, including all debris and visible dust;

WHEREAS, Claimant represents that all of the information provided in the Owner Disclosure Affidavit and supporting documentation is true and correct to the best of Claimant's knowledge and belief. Claimant further represents that Claimant has supplied all of the documentation requested in the Owner Disclosure Affidavit, to the extent that such documents are in their possession or in the possession of their lawyers.

WHEREAS, Claimant further represents that Claimant is not seeking reimbursement for any upgrades made to the Property during remediation.

WHEREAS, Claimant and the Knauf Defendants have conducted extensive negotiations to settle all claims with respect to the Property

WHEREAS, the Knauf Defendants, without admitting or conceding any liability or damages whatsoever relating to the KPT Chinese Drywall installed in the Property, have concluded that it is in their best interests to avoid any protracted, time-consuming and costly dispute over the Property;

WHEREAS, Claimant has also concluded that it is in Claimant's best interest to avoid any protracted, time-consuming and costly dispute over the Property;

WHEREAS, the Knauf Defendants and Claimant desire to enter into this Agreement in order to provide certain payment in full and final settlement and discharge of any and all past, present and/or future claims, arising from or related to the installation of allegedly defective plasterboard manufactured by the Knauf Defendants at the Property.

NOW, THEREFORE, in consideration of the foregoing and other good and valuable consideration, the receipt and sufficiency of which each of the undersigned parties acknowledge, the parties hereby agree as follows:

I. Payment to the Claimant

    A. The Knauf Defendants will pay, within thirty business days of this Agreement, the amount of $_____ (the "Knauf Settlement Amount") to Claimant, receipt of said payment in full which is hereby acknowledged and due acquittance and discharge granted.

    B. Claimant agrees and acknowledges that Claimant accepts payment of the Knauf Settlement Amount as a full, complete, final and binding compromise and release of all matters by and between Claimant and the Knauf Defendants.

II.   Release and Indemnification

    A.   Claimant unconditionally releases and relinquishes all rights that Claimant has or may have against the Knauf Defendants and the Other Releasees arising out of or relating to the KPT Chinese Drywall in the Property, any and all persons or entities who furnished services for, or in any way facilitated or assisted in, the installation of KPT Chinese Drywall in the Property, including without limitation, any actual or potential defendants, including but not limited to, contractors, builders, suppliers, designers, real estate agents, hangers, and/or consultants, and their respective insurance carriers; and all of their past, present, and future parents, subsidiaries, affiliates, controlling persons, officers, directors, employees, shareholders, suppliers, distributors, contractors, agents, servants, counsel, and insurers; and all predecessors, successors, assigns, heirs, executors, estate administrators, any person who may have a claim of indemnity or contribution against the Knauf Defendants or Other Releasees, and personal representatives of each of the foregoing, separately or collectively.  This general release includes without limitation past, present, and future remediation, construction, reconstruction, repair or claims for any and all damages, compensatory and/or punitive and/or other, penalties, costs, expenses, attorney's fees, and interest, pre-judgment and/or post-judgment, and includes those KPT Chinese Drywall-related damages of Claimant of which Claimant is not aware, and those Claimant does not anticipate, with the sole exception of the Reserved Claims defined in Paragraph II (B) below.  Other than as to the Reserved Claims, this is a full, final and absolute general release and covenant not to sue.

    B.   The following claims against the Knauf Defendants are reserved (the "Reserved Claims"):

        1.   Claims by Claimant for bodily injury and economic injuries solely to the extent that such claims are covered by the Other Loss Fund created by the Class Settlement Agreement and solely to the extent that Claimant seeks to resolve such claims by participating in the Class Settlement Agreement.  In the event that the MDL Court does not grant final approval of the Class Settlement Agreement or in the event that the Knauf Defendants or PSC exercise their termination rights under the Class Settlement Agreement, Claimant shall reserve (i) Claimant's bodily injury claims and (ii) claims covered by Paragraph III(C) of the Demonstration Remediation Agreement, and the Knauf Defendants shall reserve all defenses, including jurisdictional defenses, as to bodily injury claims;

        2.   Claims by Claimant's counsel for "Attorneys' Fees" as defined in Paragraph IX of the Demonstration Remediation Agreement and, upon final approval by the MDL Court, if such final approval is granted, pursuant to the terms of the Class Settlement Agreement.  In the event that the MDL Court does not grant final approval of the Class Settlement Agreement or in the event that the Knauf Defendants or the PSC exercise their termination rights under the Class Settlement Agreement, claims for

        Attorneys' Fees shall be resolved pursuant to Paragraph X of the Demonstration Remediation Agreement; and

    3. Claims in connection with the performance of, and any obligations arising under Class Settlement Agreement.

C. Except as to the Reserved Claims, Claimant hereby assigns, transfers and otherwise relinquishes to the Knauf Defendants any and all of Claimant's claims and/or causes of action Claimant has, or may have, (1) in connection with the KPT Chinese Drywall in the Claimant's Property, against the Other Releasees and (2) in connection with any non-KPT drywall manufactured in China ("Other Chinese Board") found in the Property, if any, against the manufacturers of the Other Chinese Board (the "Assigned Claims"). The Knauf Defendants shall be permitted to prosecute the Assigned Claims at their own expense, in which case Claimant shall reasonably cooperate in the prosecution of the Assigned Claims. However, if the Knauf Defendants elect not to prosecute the Assigned Claims against one or more of the Supply Chain Defendants, the release in Paragraph II(A) above shall be effective as to any or all of the Supply Chain Defendants as against whom the Knauf Defendants decline to bring the Assigned Claims.

D. Except as to the Reserved Claims, as further consideration for the above, Claimant agrees and covenants to forever indemnify, defend and hold harmless the Knauf Defendants, and all of their past, present, and future parents, subsidiaries, affiliates, controlling person, officers, directors, employees, shareholders, suppliers, distributors, contractors, agents, servants, counsel, and insurers from and against all claims and future claims relating to the KPT Chinese Drywall in the Claimant's home.

E. Pursuant to Section 1.1.2 of the Class Settlement Agreement, Claimant shall be entitled to benefits under the Other Loss Fund as defined in Section 1.47 of the Class Settlement Agreement.

F. This Agreement shall not prejudice the Claimant or Claimant's counsel with respect to claims for Attorneys' Fees pursuant to section 14 of the Class Settlement Agreement.

III. Dismissal of Claims

Counsel for Claimant shall deliver to the Knauf Defendants a Notice of Dismissal with prejudice of any pending actions by Claimant against the Released Parties. Counsel for Claimant shall take any action necessary to have such dismissal filed and so-ordered by the MDL Court and shall cooperate with the Released Parties in any additional way reasonably necessary to obtain such dismissal with prejudice. Delivery of the Notice of Dismissal shall be made to Kerry J. Miller, Frilot L.L.C., Suite 3700, 1100 Poydras Street, New Orleans, Louisiana 70163.

IV. No Admission of Liability

Nothing in this Agreement shall constitute (i) an admission of liability or fault of any kind on the part of the Knauf Defendants, who expressly deny any liability to Claimant and who are entering into this Agreement to avoid the expense and uncertainty of litigation; (ii) an admission of or consent to jurisdiction or waiver of any defenses, jurisdictional or otherwise, except as provided for in the Class Settlement Agreement; and (iii) consent to service by the Knauf Defendants. Neither this Agreement nor any agreement shall be admissible in evidence in any proceedings except in an action to enforce the terms of this Agreement.

V. Consultation With Counsel

Counsel for Claimant represents that, in consultation with counsel, Claimant made Claimant's own independent decision in the exercise of their own free will and judgment to decide to settle Claimant's claims and enter into this Agreement on the terms set forth herein. Through Counsel, Claimant acknowledges that Claimant is familiar with, and received specific legal advice from competent counsel and understands the Agreement, and Claimant intends to hereby fully, finally, and forever settle all past, present, and/or future claims which are the subject of this Agreement.

VI. Confidentiality

The parties to this Agreement, and every person employed or retained by them who has any knowledge of any term herein, including Claimant on behalf of Claimant, all parents, children, relatives, agents, partners, heirs, administrators, predecessors, successors, affiliates and assigns, shall keep confidential and agree not to disclose to any other party, person, or entity, including, but not limited to, the legal community, the press, or any jury verdict reporter services, the terms of this Agreement, or the details of any settlement negotiations, except as may be required pursuant to a valid subpoena, at the request of a government agency in connection with any investigation it is conducting or as otherwise required by applicable law, and then only to the extent necessary. However, Lead and Liaison Counsel for the PSC will be given an opportunity to review this Agreement.

In addition, Claimant agrees that Claimant will resist all efforts of any person, firm, corporation, or entity who requests information regarding this Agreement or its terms and conditions; and will serve notice to the Knauf Defendants of any attempts by any third party to obtain information regarding this Agreement or its terms and conditions.

The parties agree that the Knauf Defendants will be irreparably harmed and entitled to injunctive relief to enforce the terms of this confidentiality agreement.

VII. Non-Disparagement

In recognition of the consideration received and receivable pursuant to this Agreement, Claimant agrees that Claimant will not, directly or indirectly, make or cause to be made, any disparaging or derogatory statements which later become public concerning the Knauf Defendants or their affiliates or their respective businesses, products, services,

reputations, or prospects, or their respective past or present officers, directors, employees, attorneys and agents.

VIII. Warranty of Capacity to Execute Agreement

Claimant represents and warrants that no other person or entity has or has had any interest in the claims, demands, obligations or causes of action referred to in this Agreement.

IX. Real Party in Interest – Liens

Claimant represents and warrants that Claimant is the owner, beneficially and of record, of all claims asserted that fall within the scope of the release previously set forth in this Agreement, free and clear of all liens, encumbrances, privileges, security agreements, equities, options, claims, charges, and restrictions.

X. Governing Law

This Agreement shall be construed and interpreted in accordance with the laws of the State of Louisiana without regard to its choice or conflicts of law.

XI. Entire Agreement and Successors-in-Interest

This Agreement contains the entire agreement between Claimant and the Knauf Defendants.

XII. Effectiveness

This Agreement shall become effective immediately following execution by all signatories provided for below.

XIII. Other Provisions

A. Claimant understands and acknowledges the significance and consequence of releasing all of Claimant's KPT drywall-related causes of action and/or claims (including presently existing, but unknown, unasserted, unsuspected, or undiscovered KPT drywall-related causes of action and/or claims), and hereby assume full risk and responsibility for any and all injuries, losses, damages, assessments, penalties, charges, expenses, costs, and/or liabilities that Claimant may hereinafter incur or discover that in any way arise out of or relate to such causes of action.  To the extent that any law, statute, ordinance, rule, regulation, case or other such legal provision or authority may purport to preserve Claimant's right hereafter to assert presently existing but unknown, unasserted, unsuspected, or undiscovered KPT drywall-related causes of action and/or claims, which would otherwise be barred by the terms of this Release, Claimant hereby specifically and expressly waives Claimant's rights under such law, statute, ordinance, rule, regulation, case or other such legal provision or authority.

B. Claimant is bound by this Agreement.  Anyone who succeeds to Claimant's rights and responsibilities, including any and all representatives, agents, successors,

assigns, beneficiaries, heirs, or executors of Claimant, their estate, or the estate of any of Claimant is also bound. This Agreement is made for the benefit of the Claimant and the Released Parties.

C. When executed, this Agreement supersedes all prior agreements, negotiations, and discussions between Claimant and the Knauf Defendants and/or their respective counsel with regard to the subject matter of this Agreement. Any amendment to this Agreement must be in writing, signed by Claimant and the Knauf Defendants, and must specifically state the intent of Claimant and the Knauf Defendants to amend this Agreement.

D. The provisions of this Agreement are contractual, not mere recitals, and shall be considered severable so if any provision or part thereof shall at any time be held under any law or ruling to be invalid, then such provisions or part thereof shall remain in force to the extent allowed by law, and all other provisions shall remain in full force and effect and enforceable.

XIV. Execution

This Agreement may be executed in multiple counterparts, all of which taken together shall constitute one and the same Agreement.

Dated: _____ _____, 2012

_____    _____
*On behalf of the Knauf Defendants*

Witness: _____    Witness: _____

Print: _____    Print: _____

_____

Witness: _____

Print: _____