UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

IN RE:  CHINESE-MANUFACTURED DRYWALL       MDL NO. 2047
        PRODUCTS LIABILITY LITIGATION

                                           SECTION:  L

                                           JUDGE FALLON
_____     MAG. JUDGE WILKINSON

### MEMORANDUM IN SUPPORT OF MOTION TO ENLARGE DEADLINE FOR OPT-OUTS FOR HOMEOWNERS WHO ALREADY REMEDIATED HOMES

COME NOW Plaintiffs, Dario Orlando and other plaintiffs represented by the undersigned[1], by and through their counsel, and respectfully file this Memorandum in Support of Motion To Enlarge Deadlines for Opt-Out For Homeowners Who Already Remediated Homes as set forth in the Court's May 31, 2012 Order (D.E. 14562) and other such relief as the Court may grant, for the reasons stated as follows:

The proposed settlements in this case purport to attempt to resolve parts of one of the largest and most complex cases in the history of the United States.  There are thousands of plaintiffs, thousands of defendants and many stakeholder insurance companies.   The complexity of the settlement is not just the number and breadth of parties involved, but the intricate interaction of overlapping settlements and plaintiffs who belong to multiple categories of

---

[1] Lee and Maureen Arnold; Pascal and Agnes Bordy; Michael and Ilana Braun; Richard Claybaker and Judith Klingsick; Jose and Maria Costoya; Dew Five, LLC; David Dion and Eunice Parks; Scott and Jessica Eisenfelder; Berenise and Sherley Frais; Bageshri and Dilip Ghate; Reinaldo and Kariana Gonzalez; Jason and Susan Greenberg; Brian and Meena Hierholzer; Victoria Johnston; Anthony and Philomin Josephson; Doug and Holly Krulik; Larry and Robin Kupfer, Ori and Inda Lapidot; Ralph and Nancy Milykovic; Steven and Jodi Ornstein; Omar and Danielle Oropesa; Daniel and Donna Poliseo; Sudheer and Charu Shirali; Joseph and Mary Spallina; Craig and Carol Thomas; Jose and Valerie Verger; Lawrence and Susan Wengel; and Thomas Wojciechowski.

claimants.

While Knauf announced the proposed settlement on December 20, 2011 and the Court provided preliminarily approval on January 10, 2012, the prospect of additional party settlements and ultimately the proposed settlements resulted in initial deadlines for objections and opt-outs to be adjourned and continued.

The current deadline to object or opt-out is during a period beginning August 29, 2012 through September 28, 2012. (D.E. 14562). Because of the substantial efforts necessary pursuant to Section VIII and Section IX of the Settlement Agreement, the September 28, 2012 deadline means that counsel must advise clients now and initiate efforts to obtain necessary signatures, witness identity, witness summaries immediately.

An extension of the opt-out deadline affords more comprehensive evaluation of the settlement, provides the opportunity to resolve those matters which have already been raised with the PSC and/or Knauf and likely enhances the prospect of greater support for the Settlement.

Many issues regarding the terms and/or implementation of the proposed settlements have been raised with Knauf and/or the PSC. For example, the Undersigned filed a Motion related to the "Already Remediated Homes". (D.E. 14599). Since then, there has been little improvement in the predicament for these homeowners. In fact, the undersigned believes Knauf has now submitted the files, many of which they have had over a year, for re-review – starting the process all over again.[2]

---

[2] For instance, one claim (Wengel) had an offer made on April 26, 2012. That same day, the undersigned raised the failure to provide entitlement to the "lump sum" payment. Three months later, after conceding the failure to include "lump sum", two homeowners received offers with the "lump sum" payment included. However, as of this date, Knauf still has not re-issued an offer on Wengel and a suggestion was made this is under re-review. As a side note, but not unrelated to counsel's concerns, the two other offers from July 30, 2012 have not yet been settled because the proposed releases deviated from the threshold qualifications of the settlement

2

The undersigned believes there is substantial agreement amongst most plaintiffs' counsel that this is an incredibly difficult settlement to provide proper competent advice to certain and large categories of clients.  To be sure, those in the Knauf remediation program have agreed to the process.  However, those who have already remediated homes have had virtually no resolution and therefore, little basis to have faith in the process.[3]

As outlined in the Motion to Enlarge, there are categories of homeowners who have yet to have their claims evaluated by Knauf and there is little basis upon which to advise the homeowners or predict the expected fairness or successful implementation of the settlement process.

As a result, there is a strong potential for objections which would otherwise be resolved or opt-outs better characterized as precautionary.  No homeowner wants to unnecessarily object or opt-out, and thereby go through discovery initiated by the PSC and/or defendants, jeopardize participation in a settlement whose terms should improve or may become clearer to understand or predict, and/or send a message to the Court and the parties that the homeowner is not seeking to participate in a resolution.

Under Federal Rule of Civil Procedure 6(b): "When an act may or must be done within a specified time, the court may, for good cause, extend the time with or without motion or notice if the court acts, or if a request is made, before the original time or its extension expires." Fed. R. Civ. Proc. 6(b)(1)(A) (2012).  The standard of "good cause" for an extension of time prior to the

---

agreement and required representations which were illogical and impossible to make.

[3] To the contrary, the failure of Knauf to provide "lump sum" payments to those initially offered monies under the "Already Remediated Homes" program, something to which they were explicitly entitled, as well as the proposal of a release with terms requiring the homeowners make impossible representations, combined with virtually no offers after a year, means that an attorney counseling a client must consider the problems and delay when advising whether or not there is faith in the claims process.

3

deadline is a low burden for the moving party to meet. In fact, some courts have taken the position that if a request for an extension is made before the expiration of a deadline, additional time should be granted "almost as a matter of course." *Casey v. Quality Restaurants & Concepts*, 1:10CV309-NBB-DAS, 2012 WL 3261367 (N.D. Miss. Aug. 8, 2012). In contrast, the burden on a party seeking additional time once the time period has expired must meet a heightened showing of excusable neglect under Federal Rule of Civil Procedure 6(b)(1)(B). *Silvercreek Mgmt., Inc. v. Banc of Am. Sec., LLC,* 534 F.3d 469, 472 (5th Cir. 2008).

In the present case, the opt-out period is insufficient for the homeowners to understand some aspects of the proposed settlements and make an informed decision whether to opt out. To the contrary, many may believe, in an abundance of caution, they have to opt-out as a precautionary move in light of the uncertainty surrounding allocation   A meaningful opportunity to opt-out is an essential component to the success of class action settlements under Federal Rule of Civil Procedure 23(b)(3), such as the proposed settlements in this case.

Homeowners and counsel have been working tirelessly to provide data and documents to Knauf for those homeowners with "Already Remediated" claims – where the homeowners financed Knauf's obligation and paid for the remediation out of their own pocket. These efforts have been ongoing for over a year, with Knauf representing meaningful efforts were being made to evaluate the claims. Homeowner Counsel have been cooperating in the hope that homeowners would receive some meaningful insight in to the final compensation offers in advance of the objection and opt-out deadlines set by the Court. However, to the contrary, there is less faith today than ever in that process. Most of the claims that have been filed are not even under review at this point and may not be reviewed until after the Fairness Hearing scheduled for November 13, 2012.

The current lack of information and transparency is troubling and leaves plaintiffs and their counsel ill-equipped to make important decisions in the case, including the decision whether to opt out of the proposed settlements.

Finally, there is no significant reason to deny the enlargement of the opt-out period. To the contrary, enlarging the deadline will conserve judicial resources, conserve resources of the parties, and in all likelihood reduce the actual number of objections and precautionary opt-outs as the parties work through additional terms. Thus, the deadline to opt out of the proposed settlements in this case should be enlarged.

In response, the PSC indicates it objects to the Motion. Presumably, this objection is because the PSC and/or Defendants intend to take discovery from those who object or opt-out, as well as conduct briefing. However, that can be conducted on an expedited basis.

Importantly, the timeline leading up to this period was uniquely in the control of the Defendants. Many of these issues and uncertainties have been raised specifically with the Knauf for months, and some for over a year. If maintaining the chosen timeframe was critical, Knauf should have pressed to resolve these claims more expeditiously. Additional educational efforts and better attempts to resolve these categories of claims would have improved confidence.

These homeowners have been put through so much, and they bear absolutely no blame for what has been inflicted upon them and their families. Their concerns and doubts are reasonable. Some additional time to improve the settlement and increase homeowner confidence in a choice they are being asked to make about their single biggest asset and investment seems only reasonable.

The undersigned would respectfully request the deadline for opt-outs for those homeowners who already remediated their homes be enlarged to and through October 26, 2012.

**WHEREFORE,** the enumerated Plaintiffs respectfully request that, for the reasons more fully set forth herein and in the underlying Motion, this Court issue an Order enlarging the period for homeowners who already remediated homes to opt out of the proposed settlements in this case.

Respectfully submitted,

/s/ *Michael J. Ryan*
Michael J. Ryan, Esquire
Bar No. 975990
Krupnick, Campbell, Malone, Buser, Slama,
Hancock, Liberman & McKee, P.A.
12 S.E. 7 Street, Suite 801
Fort Lauderdale, FL  33301
Phone (954) 763-8181
Fax (954) 763-8292
pleadings-MJR@krupnicklaw.com
*Attorneys for Plaintiffs*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that I electronically filed the foregoing to counsel of record by electronically uploading the same to LexisNexis File & Serve in accordance with pre-trial Order No. 6, and that the foregoing was electronically filed with the Clerk of the Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will serve a notice of electronic filing in accordance with the procedures established in MDL 2047 on this 11th day of September, 2012.

/s/ *Michael J. Ryan*
Michael J. Ryan, Esquire
Bar No. 975990
Krupnick, Campbell, Malone, Buser, Slama,
Hancock, Liberman & McKee, P.A.
12 S.E. 7 Street, Suite 801
Fort Lauderdale, FL  33301
Phone (954) 763-8181
Fax (954) 763-8292
pleadings-MJR@krupnicklaw.com
Attorneys for Plaintiffs