UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: CHINESE MANUFACTURED | * | MDL No. 2047 |
| DRYWALL PRODUCTS LIABILITY | * | |
| LITIGATION | * | SECTION L |
| | * | |
| | * | JUDGE ELDON E. FALLON |
| | * | |
| | * | MAGISTRATE JUDGE |
| | * | JOSEPH C. WILKINSON, JR. |
| | * | |

* * * * * * * * * * * * * * * * * * * * * * * * * *

**THIS DOCUMENT RELATES TO:** *Gross v. Knauf Gips KG et al.*, **Case No. 09-6690**
*Wiltz v. Beijing New Building Materials Public Ltd.*, **Case No. 10-361**

**MEMORANDUM OF DEFENDANTS TAISHAN GYPSUM CO. LTD.
AND TAI'AN TAISHAN PLASTERBOARD CO., LTD.
IN SUPPORT OF THEIR MOTION PURSUANT TO 28 U.S.C. § 1292(b) TO CERTIFY
THE COURT'S ORDER & REASONS FOR INTERLOCUTORY APPEAL AND STAY
FURTHER PROCEEDINGS PENDING THE APPEAL**

# **TABLE OF CONTENTS**

**Page**

INTRODUCTION ..................................................................................................................1

ARGUMENT .........................................................................................................................2

I. AN INTERLOCUTORY APPEAL IS APPROPRIATE. ................................................2

    A. The Proper Legal Standard For Exercising Personal Jurisdiction Over A Foreign Defendant Is A Controlling Question Of Law. .........................3

    B. A Substantial Ground For Difference Of Opinion Exists Regarding This Court's Interpretation Of *McIntyre*. ........................................................3

        1. Knowledge Of Sales In The Forum May Not Be Sufficient. ...........................4

        2. The Fifth Circuit May Find An Absence Of Purposeful Activity Directed Toward The Forum State. ......................................................7

        3. National Contacts May Not Be Relevant To Showing Purposeful Availment Of A Particular State. ...................................................8

        4. Plaintiffs Who Cannot Show They Have Drywall Taishan Sold To Anyone From Louisiana May Not Have Claims Arising From Taishan's Contacts With The Forum State. ..............................9

    C. Interlocutory Appeal Would Materially Advance This Litigation. ............................12

II. THESE PROCEEDINGS SHOULD BE STAYED PENDING AN APPEAL. ..................................................................................................................13

CONCLUSION .....................................................................................................................14

CERTIFICATE OF SERVICE ...............................................................................................15

# **TABLE OF AUTHORITIES**

**Page(s)**

**CASES**

*Adelson v. Hananel*,
    652 F.3d 75 (1st Cir. 2011) ................................................................................................6, 11

*Ahrenholz v. Bd. of Trs.*,
    219 F.3d 674 (7th Cir. 2000) ....................................................................................................3

*Ainsworth v. Cargotec USA, Inc.*,
    No. 2:10-236, 2011 WL 6291812 (S.D. Miss. Dec. 15, 2011) ..................................................4

*APCC Servs., Inc. v. Sprint Commc'ns Co.*,
    297 F. Supp. 2d 90 (D.D.C. 2003) .....................................................................................3, 12

*Asahi Metal Indus. Co. v. Super. Ct. of Cal.*,
    480 U.S. 102 (1987) ..................................................................................................................5

*Bean Dredging Corp. v. Dredge Tech. Corp.*,
    744 F.2d 1081 (5th Cir. 1984) ..................................................................................................9

*Castellanos-Contreras v. Decatur Hotels, LLC*,
    622 F.3d 393 (5th Cir. 2010) ....................................................................................................4

*Choice Healthcare, Inc. v. Kaiser Found. Health Plan of Colo.*,
    615 F.3d 364 (5th Cir. 2010) ....................................................................................................5

*CollegeSource, Inc. v. AcademyOne, Inc.*,
    653 F.3d 1066 (9th Cir. 2011) ..................................................................................................6

*ESAB Grp., Inc. v. Centricut, Inc.*,
    126 F.3d 617 (4th Cir. 1997) ....................................................................................................3

*Furminator, Inc. v. Wahba*,
    No. 4:10-01941, 2011 WL 3847390 (E.D. Mo. Aug. 29, 2011) ...............................................7

*Gerber v. Riordan*,
    649 F.3d 514 (6th Cir. 2011) (Moore, J., concurring) .............................................................6

*Growden v. Ed Bowlin & Assocs., Inc.*,
    733 F.2d 1149 (5th Cir. 1984) ..................................................................................................6

*Harlow v. Children's Hosp.*,
    432 F.3d 50 (1st Cir. 2005) .....................................................................................................11

*In re Bridgestone/Firestone, Inc. Tires Prods. Liab. Litig.*,
    212 F. Supp. 2d 903 (S.D. Ind. 2002) .......................................................................................3

*Irving v. Owens-Corning Fiberglass Corp.*,
    864 F.2d 383 (5th Cir. 1989) ........................................................................................5

*J. McIntyre Mach. Ltd. v. Nicastro*,
    131 S. Ct. 2780 (2011)............................................................................................ passim

*Jackson v. City of Atlanta, TX*,
    73 F.3d 60 (5th Cir. 1996) ...........................................................................................2

*Johnston v. Multidata Sys. Int'l. Corp.*,
    No. 06-313, 2007 WL 3998804 (S.D. Tex. Nov. 14, 2007) .......................................13

*Keranos, LLC v. Analog Devices, Inc.*,
    2011 WL 4027427 (E.D. Tex. Sept. 12, 2011) ............................................................7

*Klinghoffer v. S.NC. Achille Lauro*,
    921 F.2d 21 (2d Cir. 1990)...........................................................................................3

*Koehler v. Bank of Bermuda, LTD.*,
    No. 18-302, 1995 WL 728467 (S.D.N.Y. Dec. 8, 1995) ...........................................12

*Lemery v. Ford Motor Co.*,
    244 F. Supp. 2d 720 (S.D. Tex. 2002) .......................................................................13

*Luv 'N Care, Ltd. v. Insta-Mix, Inc.*,
    438 F.3d 465 ................................................................................................................4

*Luv N' Care, Ltd. v. Insta-Mix, Inc.*,
    438 F.3d 474 (5th Cir. 2006) .......................................................................................5

*Northern Ins. Co. of New York. v. Constr. Navale Bordeaux*,
    No. 11-60462, 2011 WL 2682950 (S.D. Fla. Jul. 11, 2011).......................................7

*Oswalt v. Tokai-Seiki KK, Inc.*,
    616 F.2d 191 (5th Cir. 1980) .......................................................................................9

*Oticon, Inc. v. Sebotek Hearing Sys., LLC*,
    No. 08-5489, 2011 WL 3702423 (D.N.J. Aug. 22, 2011) ..........................................7

*Ruston Gas Turbines, Inc. v. Donaldson Co., Inc.*,
    9 F.3d 415 (5th Cir. 1993) ................................................................................5, 6, 11

*Southern Copper, Inc. v. Specialloy, Inc.*,
    245 F.3d 791 (5th Cir. 2000) .......................................................................................6

*Swint v. Chambers Cnty. Comm'n*,
    514 U.S. 35 (1995)........................................................................................................2

**FEDERAL STATUTES**

28 U.S.C. § 1291 ........................................................................................................................ 2

28 U.S.C. § 1292(a) ................................................................................................................... 2

28 U.S.C. § 1292(b) ............................................................................................................ passim

**RULES**

Rule 12(b)(2) .............................................................................................................................. 1

Defendants Taishan Gypsum Co. Ltd. ("TG") and Tai'an Taishan Plasterboard Co., Ltd. ("TTP") (collectively, the "Taishan Defendants") submit this memorandum in support of their motion for an order pursuant to 28 U.S.C. § 1292(b) certifying this Court's Order & Reasons filed on September 4, 2012 for immediate interlocutory appeal of this Court's determination that the Taishan Defendants are subject to personal jurisdiction, and staying further proceedings pending resolution of the appeal.

## INTRODUCTION

On September 4, 2012 this Court issued its Order & Reasons denying TG and TTP's Motion Pursuant to Rule 12(b)(2) to Dismiss the Complaint. In their motion, the Taishan Defendants had argued that the Supreme Court's decision in *J. McIntyre Mach. Ltd. v. Nicastro*, 131 S. Ct. 2780 (2011) held that the requirement of purposeful availment of a particular State was not satisfied by a sale into the stream of commerce unaccompanied by specific efforts to sell to the forum State, which they believed as a matter of law Plaintiffs had not shown. The Taishan Defendants further contended that under *McIntyre* the foreseeability that a product introduced into the stream of commerce might be re-sold in the forum State, or even a defendant's awareness such sales would likely occur, cannot be equated with the specific efforts to sell to the forum State that are necessary to satisfy the requirement of purposeful availment.

The Court's Order & Reasons did not find that *McIntyre* required that Plaintiffs' claims arise from specific efforts by the Taishan Defendants to sell to the forum State beyond merely placing the product in the stream of commerce with knowledge or awareness it might be resold in the forum State. As a result, the Court concluded that *McIntyre* did not overcome prior Fifth Circuit precedents applying a more liberal stream of commerce test for personal jurisdiction. Under this Court's interpretation of those precedents, TTP's isolated sales in China to two

Louisiana companies and related activities were sufficient to meet Due Process requirements for personal jurisdiction.[1]

As explained below, the Taishan Defendants respectfully submit that the Court erred in determining that the Fifth Circuit stream of commerce standards it applied were sufficient to satisfy Due Process. Because this Court's Order & Reasons denying the Taishan Defendants' motion to dismiss the complaint involves a controlling question of law; because a substantial ground for difference of opinion concerning the ruling exists; and because an immediate appeal would materially advance this litigation, the Taishan Defendants respectfully ask this Court to certify its Order & Reasons for immediate interlocutory appeal pursuant to 28 U.S.C. § 1292(b).

## ARGUMENT

### I. AN INTERLOCUTORY APPEAL IS APPROPRIATE.

This Court's Order & Reasons is not appealable under 28 U.S.C. § 1291 or § 1292(a). *See Jackson v. City of Atlanta, TX*, 73 F.3d 60, 62 (5th Cir. 1996) (denial of motion to dismiss does not constitute final judgment). Nevertheless, this Court has the discretion to certify the Order for interlocutory appeal under 28 U.S.C. § 1292(b). *See Swint v. Chambers Cnty. Comm'n*, 514 U.S. 35, 47 (1995) ("Congress thus chose to confer on district courts first line discretion to allow interlocutory appeals.").

Pursuant to Section 1292(b), this Court may certify an order for appeal where: (1) the order involves a controlling question of law; (2) a substantial ground for difference of opinion concerning the ruling exists; and (3) an immediate appeal would materially advance the litigation. 28 U.S.C. § 1292(b). Each factor is met here.

---

[1] The Court imputed the contacts of TTP to TG, and therefore considered them collectively as "Taishan's" contacts for purposes of its jurisdictional analysis. The threshold issue of whether it was proper to impute those contacts would necessarily be a part of an appeal of the Court's determination of personal jurisdiction.

### A. The Proper Legal Standard For Exercising Personal Jurisdiction Over A Foreign Defendant Is A Controlling Question Of Law.

The Order & Reasons involves a controlling question of law. Courts have broadly defined a controlling question of law as "an abstract legal issue" such as "the meaning of a statutory or constitutional provision, regulation, or common law doctrine" that dictates the outcome as a matter of law. *Ahrenholz v. Bd. of Trs.*, 219 F.3d 674, 676077 (7th Cir. 2000). A controlling question of law also may be "'one that would require reversal if decided incorrectly or that could materially affect the course of litigation with resulting savings of the court's or the parties' resources.'" *APCC Servs., Inc. v. Sprint Commc'ns Co.*, 297 F. Supp. 2d 90, 95-96 (D.D.C. 2003) (citation omitted).

Because of the potentially dramatic effect on pending litigation, numerous courts have held that issues involving personal jurisdiction constitute controlling questions of law. *See, e.g.*, *Klinghoffer v. S.NC. Achille Lauro*, 921 F.2d 21, 24 (2d Cir. 1990) (leave to appeal also granted in part because "determination was likely to have precedential value for large number of other suits") (citation omitted); *see also ESAB Grp., Inc. v. Centricut, Inc.*, 126 F.3d 617, 622 (4th Cir. 1997). The present cases involve just such an issue of personal jurisdiction.

### B. A Substantial Ground For Difference Of Opinion Exists Regarding This Court's Interpretation Of *McIntyre.*

A substantial ground for difference of opinion often exists when there is a lack of precedent within the controlling jurisdiction. *APCC Servs., Inc.*, 297 F. Supp. 2d at 97. *See also In re Bridgestone/Firestone, Inc. Tires Prods. Liab. Litig.*, 212 F. Supp. 2d 903, 909-10 (S.D. Ind. 2002) (certification is appropriate when other courts have adopted conflicting positions regarding the issue of law proposed for certification). A substantial ground for difference of opinion also can exist when "a court's challenged decision conflicts with decisions of several other courts." *APCC Servs., Inc.,* 297 F. Supp. 2d at 97-98. Put differently, the Court must consider whether it

3

is a "question about which reasonable jurists can . . . debate." *See Castellanos-Contreras v. Decatur Hotels, LLC*, 622 F.3d 393, 399 (5th Cir. 2010).

The Fifth Circuit has not addressed specific personal jurisdiction in a stream of commerce case since the issuance of *McIntyre*. Order & Reasons at 39. There are substantial grounds for disagreement over whether the Fifth Circuit would in light of *McIntyre* continue to follow such an expansive theory of stream of commerce jurisdiction as this Court has applied to the Taishan Defendants. The Fifth Circuit apparently regards the issue as unsettled since it has already granted at least one foreign defendant's petition for interlocutory appeal concerning the issue. *See Ainsworth v. Cargotec USA, Inc.*, No. 2:10-236, 2011 WL 6291812, at *3 (S.D. Miss. Dec. 15, 2011) (denial of motion to dismiss "involved a controlling question of law: whether the United States Supreme Court's *McIntyre* decision alters the Fifth Circuit's adherence to the stream-of-commerce theory of personal jurisdiction outlined in Justice Brennan's *Asahi* opinion").

### 1. Knowledge Of Sales In The Forum May Not Be Sufficient.

In their motions to dismiss, the Taishan Defendants argued, *inter alia*, that both Justice Kennedy's opinion for the plurality and Justice Breyer's concurring opinion in *McIntyre* agreed that (1) Due Process requires that a defendant in a stream of commerce case purposefully avail itself of a particular State forum; (2) a defendant cannot be subject to personal jurisdiction merely because it could foresee or expect sales of its product in the forum State; and (3) a foreign manufacturer's marketing efforts directed generally to potential U.S. customers, rather than toward a specific State, do not constitute purposeful availment of a particular State. 131 S. Ct. 2780 (2011). Thus, in our view under *McIntyre* "mere foreseeability" of sales in the forum does not evidence "the expectation" of such sales sufficient to establish purposeful availment, as the Fifth Circuit has previously held. *Luv 'N Care, Ltd. v. Insta-Mix, Inc.*, 438 F.3d 465, 470; 470

4

n.5 (5th Cir. 2006). *McIntyre* clearly also departed from Justice Brennan's concurring opinion in *Asahi* insofar as it would permit personal jurisdiction based merely on the placement of a product into the stream of commerce without a showing of additional conduct. *See Asahi Metal Indus. Co. v. Super. Ct. of Cal.*, 480 U.S. 102, 116-117 (1987). Since the Fifth Circuit has adopted Justice Brennan's analysis, *Choice Healthcare, Inc. v. Kaiser Found. Health Plan of Colo.*, 615 F.3d 364, 373 (5th Cir. 2010), *McIntyre* calls into serious doubt the Fifth Circuit's expansive interpretation of the stream of commerce doctrine.

This Court disagreed with the Taishan Defendants' interpretation of *McIntyre* and concluded that Justice Breyer's concurrence did not alter jurisprudence in the Fifth Circuit that permitted a forum to exercise personal jurisdiction over a foreign defendant that placed its products in the stream of commerce knowing its products would be used in the forum State, even if the defendant had not engaged in specific efforts directed to the forum. Order & Reasons at 39-40 (citing *Jackson v. Tanfoglio Giuseppe, S.R.L.*, 615 F.3d 579, 585 (5th Cir. 2010)). Thus, the Court relied on Fifth Circuit cases it concluded had "found personal jurisdiction on the basis of a foreign defendant's sale of products bound for the forum". Order & Reasons at 51 (citing *Luv 'N Care*, 438 F.3d at 471, *Ruston Gas Turbines, Inc. v. Donaldson Co., Inc.*, 9 F.3d 415, 420-421 (5th Cir. 1993); *Irving v. Owens-Corning Fiberglass Corp.*, 864 F.2d 383, 386 (5th Cir. 1989).

This expansive view of stream of commerce jurisdiction may no longer be good law. Since *Ruston Gas* was decided in 1993, its interpretation of the requirements of Due Process in stream of commerce cases has been called into question; indeed, in *Luv 'N Care*, Judge DeMoss, the author of the *Ruston* opinion, specially concurring, questioned its constitutionality and advocated that the Fifth Circuit adopt Justice O'Connor's "stream of commerce plus" approach

instead. 438 F.3d at 474. Given the facts of this case, there is a real possibility that the Fifth Circuit would issue a decision similar to the unpublished opinion in *Southern Copper, Inc. v. Specialloy, Inc.*, 245 F.3d 791 (5th Cir. 2000), where it held that a non-resident's FOB sale outside the forum State with the resident taking possession outside the State was insufficient to show purposeful availment, and distinguished *Ruston* because of the high number and depth of additional contacts in that case beyond the FOB sale.[2] The Fifth Circuit might similarly distinguish *Ruston Gas* because unlike the Taishan Defendants, the out-of-state manufacturer in *Ruston Gas* made *211 direct shipments* to the forum State, *knew the specific user* to where its products were going to be delivered, and *sent its employees* to the forum State to assist customers.

Other Courts of Appeal outside of the Fifth Circuit have indicated that, under *McIntyre*, more than placing the product into the stream of commerce with knowledge or awareness of its destination is necessary to establish purposeful availment of the forum State. *Adelson v. Hananel*, 652 F.3d 75, 82 (1st Cir. 2011) (defendant must have engaged in conduct "purposefully directed at the forum") (citation omitted); *Gerber v. Riordan*, 649 F.3d 514, 523 (6th Cir. 2011) (principal inquiry is whether defendant's activities manifest an intent to submit to the power of a sovereign) (Moore, J., concurring); *CollegeSource, Inc. v. AcademyOne, Inc.*, 653 F.3d 1066, 1077 (9th Cir. 2011) (*McIntyre* "is consistent with the line of cases finding specific jurisdiction when there has been purposeful direction [of the defendant's activities at the forum State].").

---

[2] Although the Court stated that *Southern Copper* was the "sole post *World-Wide Volkswagen* case [in the Fifth Circuit] relied upon by Taishan regarding the effect of an F.O.B. shipment term on minimum contacts" (Order & Reasons at 53) the Taishan Defendants in fact cited two others. *See* Opening Br. at 44 (citing *Singletary v. B.R.X., Inc.*, 828 F.2d 1135, 1136 (5th Cir. 1987) (finding that "contact was weakened even further by the fact that the sale was initiated by the buyer, and was shipped F.O.B. California, the seller's place of business") and *Growden v. Ed Bowlin & Assocs., Inc.*, 733 F.2d 1149 (5th Cir. 1984) (denying jurisdiction, based on *Charia*, over out-of-state used aircraft seller that sold to Louisiana resident but delivered aircraft outside state, notwithstanding seller's knowledge aircraft would be based in Louisiana and require repairs there).

Other district courts addressing the effect of *McIntyre* have differed with this Court's interpretation of the stream of commerce test for personal jurisdiction. *See, e.g., Keranos, LLC v. Analog Devices, Inc.*, 2011 WL 4027427, at *10 (E.D. Tex. Sept. 12, 2011) (permitting jurisdictional discovery "[i]n light of the new minimum contacts analysis announced in *McIntyre*" whereby "[t]he key issue" announced by the plurality was "whether a defendant has followed a course of conduct directed at the society or economy existing within the jurisdiction of a given sovereign, so that the sovereign has the power to subject the defendant to judgment concerning that conduct.") (citing *McIntyre*, 131 S. Ct. at 2789); *Furminator, Inc. v. Wahba*, No. 4:10-01941, 2011 WL 3847390, at *5 (E.D. Mo. Aug. 29, 2011) (both the plurality and concurrence rejected rule that a manufacturer is subject to personal jurisdiction if it "knows or reasonably should know that its products are distributed through a nationwide distribution system that might lead to those products being sold in any of the fifty states"); *Northern Ins. Co. of New York. v. Constr. Navale Bordeaux*, No. 11-60462, 2011 WL 2682950, at *5 (S.D. Fla. Jul. 11, 2011), (Justice Breyer's opinion in *McIntyre* requires "something more" than the stream of commerce test); *Oticon, Inc. v. Sebotek Hearing Sys., LLC*, No. 08-5489, 2011 WL 3702423, at *9 (D.N.J. Aug. 22, 2011) ("[T]here is no doubt [*McIntyre*] stands for the proposition that targeting the national market is *not* enough to impute jurisdiction to all the forum States.")

The conflict between this Court's application of Fifth Circuit law and authority from other courts construing *McIntyre* establishes substantial grounds for difference of opinion regarding the effect of *McIntyre* in the Fifth Circuit.

### 2. **The Fifth Circuit May Find An Absence Of Purposeful Activity Directed Toward The Forum State.**

TTP made only isolated sales in China to two companies who informed TTP they intended to ship the drywall they purchased to Louisiana. Nevertheless, the Court found

7

"Taishan demonstrated a regular and anticipated flow of its drywall to Louisiana, it marketed its drywall to Louisiana-based customers, and it benefited economically from doing so" at a level sufficient to establish minimum contacts under Fifth Circuit law. Order & Reasons at 135. The Court found further that Taishan "knew" the drywall it sold would end up in Louisiana and therefore had minimum contacts with the forum. Order & Reasons at 135. But Justice Breyer's concurrence indicates such knowledge would be insufficient to establish purposeful availment of the State absent additional evidence of a specific effort to sell in the State. 131 S. Ct. at 2793. The Fifth Circuit may well find evidence of such efforts on the part of TG or TTP was lacking.

The Court observed that under *McIntyre* "special state-related marketing or advertising is a factor to be considered in favor of exercising personal jurisdiction in that state." Order & Reasons at 52. The Court went on to conclude that Taishan's sending of samples to customers upon their request and at their cost; its certification that its drywall complied with the internationally-used A.S.T.M. standard; its marking of drywall in accordance with customers' directions; and its assistance with shipping arrangements met the Due Process requirement of state-specific purposeful activity. Order & Reasons at 52, 136. There is, however, no reported authority in the Fifth Circuit finding state-specific purposeful activity in similar circumstances. The Fifth Circuit may well conclude otherwise in light of *McIntyre*.

### 3. National Contacts May Not Be Relevant To Showing Purposeful Availment Of A Particular State.

The Taishan Defendants argued also that evidence of their marketing efforts directed to the U.S. generally was not relevant to establishing that either company purposefully availed itself of the benefits and protections of particular State. Rather, both the plurality and concurring opinions in *McIntyre* required plaintiff to come forth with evidence of specific efforts by the foreign manufacturer to sell in the forum State. *See McIntyre*, 131 S. Ct. at 2792 The Court,

8

however, relied heavily on the Taishan Defendants' alleged "nationwide contacts" in concluding that they had minimum contacts with the forum State, Louisiana. Order & Reasons at 132. The Court also relied upon *Bean Dredging Corp. v. Dredge Tech. Corp.*, 744 F.2d 1081, 1085 (5th Cir. 1984), a case that found a non-resident component manufacturer subject to personal jurisdiction in Louisiana merely because it introduced thousands of steel castings into the stream of commerce and made no attempt to limit the states where its products would end up being sold and used. Order & Reasons at 137. But *Bean Dredging* did not require any specific efforts directed toward the forum State as *McIntyre* clearly mandates. *Bean Dredging* in turn relied upon *Oswalt v. Tokai-Seiki KK, Inc.*, 616 F.2d 191, 199-200 (5th Cir. 1980), another case cited by this Court (Order & Reasons at 137), which found jurisdiction based on a defendant's having had "every reason to believe its product would be sold to a nation-wide market," again without any evidence of purposeful conduct directed specifically toward the forum State. *Oswalt* was relied upon by the <u>dissent</u> in *McIntyre*, 131 S. Ct. at 2805. Accordingly, the Fifth Circuit cases that found purposeful availment of a forum State based largely upon nation-wide marketing have also been called into doubt by *McIntyre*.

> **4. Plaintiffs Who Cannot Show They Have Drywall Taishan Sold To Anyone From Louisiana May Not Have Claims Arising From Taishan's Contacts With The Forum State.**

In both *Gross* and *Wiltz,* the Taishan Defendants argued that Plaintiffs had not satisfied their burden of showing by a preponderance of the evidence that their causes of action arose out of or resulted from TG's or TTP's minimum contacts with Louisiana. In *Gross*, Plaintiffs did not allege (let alone submit evidence identifying) TG or TTP as the manufacturer of the drywall in their homes. Instead, they relied on market share liability, which is not a recognized cause of action in the Fifth Circuit. *See* Reply Br. at 29. In *Wiltz*, Plaintiffs alleged they had Taishan drywall in their homes but could go no further to establish a nexus between their claims and the

9

activities of the Taishan Defendants that the Court found established their minimum contacts with Louisiana. Plaintiffs did not allege, and offered no proof, that the drywall in their homes came (directly or indirectly) from any Louisiana company to whom Taishan sold drywall. Nevertheless, the Court rejected the Taishan Defendants' arguments, concluding that they read too narrowly the "arising from" or "related to" prong of the minimum contacts test for personal jurisdiction. Order & Reasons at 139-140.

The Fifth Circuit has not determined whether the "arising from" or "related to" requirement for personal jurisdiction announced by the Supreme Court in *International Shoe* can be satisfied in a products liability case where plaintiffs cannot allege that they were injured by the defendant's product and instead rely on an alleged market share cause of action. The Fifth Circuit has also not determined whether a plaintiff who has defendant's product but did not obtain it through the defendant's sales to the forum State has a claim "arising from" or "related to" the defendant's minimum contacts with the State. *Gross* and *Wiltz* squarely present these issues because none of the Plaintiffs offered evidence that they obtained drywall directly or indirectly from APIC or GD Distributors, the only two Louisiana companies to whom TTP sold drywall. If Plaintiffs had TTP's drywall, they did not obtain it as a result of any contact that TG or TTP had with Louisiana. Indeed, the Court found that a substantial portion of the Taishan drywall that may have ended up in Louisiana did not arise out of or result from Taishan's contacts with the State. The Court found that Inex obtained 33,000 sheets of Taishan's drywall from Metro Resources, a company based in Canada and Michigan. Order & Reasons at 134. Under the circumstances, the Fifth Circuit may find that Plaintiffs who did not obtain TG or TTP

drywall from sales they made to Louisiana companies do not have claims that arise from or relate to their minimum contacts with Louisiana.[3]

The Taishan Defendants' proposed appeal would include as issues to be determined (1) whether *McIntyre* overruled *Ruston* and other Fifth Circuit precedents that have held that mere foreseeability or awareness that the product might be sold in a State is sufficient to establish that a defendant purposefully availed itself of the benefits and protections of that State; (2) whether after *McIntyre* a foreign manufacturer's sale abroad to a State resident with knowledge it would likely be re-sold in the state is sufficient to establish that the manufacturer purposefully availed itself of the benefits and protections of its State; (3) whether certifying that a product meets an international standard recognized in the U.S., marking a product with English-language markings as directed by a buyer and sending samples upon request to potential buyers, and assisting two buyers from a State with shipping arrangements constitutes sufficient purposeful activity directed to that State to satisfy Due Process; (4) whether marketing efforts directed to the U.S. nationally are relevant to establishing that a defendant purposefully availed itself of the benefits and protections of a particular State; and (5) whether Plaintiffs who cannot show they obtained the allegedly defective product directly or indirectly from anyone in the State to whom a defendant sold the product have claims that arise from or are related to the defendant's minimum contacts with the State.

---

[3] At least one Court of Appeals concluded that in a tort case it is not enough for a defendant's in-state activities to have been the but-for cause of a plaintiff's injury. Rather, the defendant's in-state conduct must have "form[ed] an important or at least material element of proof in the plaintiff's case," *Harlow v. Children's Hosp.*, 432 F.3d 50, 61 (1st Cir. 2005) (citation omitted), such that "the litigation itself is founded *directly* on those activities." *Adelson v. Hananel*, 652 F.3d 75, 81 (1st Cir. 2011) (emphasis added). Under this standard, Plaintiffs' claims clearly lack a constitutionally sufficient nexus with TTP or TG's minimum contacts with Louisiana.

### C.     Interlocutory Appeal Would Materially Advance This Litigation.

An interlocutory appeal will materially advance a matter where it "would conserve judicial resources and spare the parties from possibly needless expense if it should turn out that this Court's rulings are reversed." *APCC Servs., Inc.*, 297 F. Supp. 2d at 100; *Koehler v. Bank of Bermuda, LTD.*, No. 18-302, 1995 WL 728467, at *4 (S.D.N.Y. Dec. 8, 1995) (certification under § 1292(b) in early stages of litigation avoids risk of expending time and resources in district court only to have appeals court later determine personal jurisdiction was lacking).

*Gross* and *Wiltz* are purported nation-wide class actions that would require both the Court and the parties to expend significant resources to litigate the cases further, through merits discovery and trial. If the question of personal jurisdiction is not certified for interlocutory review, there is the possibility that massive amounts of time and expense could be spent proceeding against the Taishan Defendants, only to have the Fifth Circuit eventually reverse and conclude that personal jurisdiction did not exist. Therefore, allowing the Fifth Circuit to review personal jurisdiction now would materially advance this litigation and avoid this potential waste of enormous amounts of time and money.

Other courts in this circuit have applied Section 1292(b) similarly:

> Based on the magnitude of this case, the complexity of the fact-intensive issues that cross international borders, the vastly expensive discovery and litigation phases that may follow, and in the interest of fairness to the parties and to avoid unnecessary delay and expense if it is later determined that the Court does not have jurisdiction, the Court believes that reconsideration of the Defendants' motions to certify for interlocutory appeal is warranted.
>
> This Court is now of the opinion that its Order . . . involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of this litigation.

12

*Johnston v. Multidata Sys. Int'l. Corp.*, No. 06-313, 2007 WL 3998804, at *1 (S.D. Tex. Nov. 14, 2007).

If the Court of Appeals disagrees with this Court's view that its prior rulings concerning stream of commerce jurisdiction are unaffected by *McIntyre*, then it may find that the Louisiana forum lacks personal jurisdiction over TG and TTP or remand the personal jurisdiction issues to this Court for further consideration. Moreover, because this Court employed essentially the same jurisdictional analysis in *Mitchell* and *Germano*, a ruling by the Fifth Circuit on the personal jurisdiction issues raised in *Gross* and *Wiltz* might also supply grounds for reconsideration of this Court's rulings in those cases. An appellate determination of the precedential effect and impact of *McIntyre* would be instructive also for other cases in the Fifth Circuit where district courts must determine whether foreign defendants are subject to personal jurisdiction. This Court, like the Texas district court in *Johnston*, should certify its Order & Reasons for interlocutory appeal to the Fifth Circuit pursuant to 28 U.S.C. § 1292(b).

## II.     THESE PROCEEDINGS SHOULD BE STAYED PENDING AN APPEAL.

Although these cases have been pending for a considerable period of time, discovery thus far has been limited to issues related to personal jurisdiction. If the cases were to proceed further, there is much more to be done, including fact and expert discovery related to class certification, liability and damages. Needless to say, further discovery and trial preparation would require the parties to expend enormous amounts of additional time and resources, and consume the Court's resources as well. As other courts have recognized, this tremendous expense is a real concern. *See Lemery v. Ford Motor Co.*, 244 F. Supp. 2d 720, 728 (S.D. Tex. 2002). As such, if this Court grants the Taishan Defendants' motion for certification for interlocutory appeal, they respectfully request that the Court stay further proceedings until the appeal is resolved.

## CONCLUSION

For all of the foregoing reasons, the Court should grant the motion of TG and TTP pursuant to 28 U.S.C. § 1292(b) to certify for interlocutory appeal this Court's Order & Reasons for the purpose of obtaining an immediate appellate determination of whether TG or TTP are subject to personal jurisdiction in this Court, and stay these actions pending resolution of the appeal.

September 14, 2012

                                              Respectfully submitted,

                                              */s/ Thomas P. Owen Jr.*
                                              Joe Cyr
                                              Frank T. Spano
                                              Eric Statman
                                              HOGAN LOVELLS US LLP
                                              875 Third Avenue
                                              New York, New York 10022
                                              Telephone: 212-918-3000
                                              Facsimile: 212-918-3100
                                              Joe.cyr@hoganlovells.com
                                              Frank.spano@hoganlovells.com
                                              Eric.statman@hoganlovells.com

                                              Richard C. Stanley (La. Bar No. 8487)
                                              Thomas P. Owen, Jr. (La. Bar No. 28181)
                                              STANLEY, REUTER, ROSS, THORNTON & ALFORD, LLC
                                              909 Poydras Street, Suite 2500
                                              New Orleans, Louisiana 70112
                                              Telephone: 504-523-1580
                                              Facsimile: 504-524-0069
                                              rcs@stanleyreuter.com
                                              tpo@stanleyreuter.com

                                              **Attorneys for Taishan Gypsum Co. Ltd. and Tai'an Taishan Plasterboard Co., Ltd.**

## CERTIFICATE OF SERVICE

      I hereby certify that the above and foregoing Memorandum of Defendants TG and TTP in Support of their Motion Pursuant to 28 U.S.C. § 1292(b) to Certify the Court's Order & Reasons for Interlocutory Appeal and Stay Further Proceedings Pending Appeal has been served on Plaintiffs' Liaison Counsel, Russ Herman, and defendants' Liaison Counsel, Kerry Miller, by U.S. Mail and e-mail and upon all parties by electronically uploading the same to Lexis Nexis File & Serve in accordance with the Pretrial Order No. 6, and that the foregoing was also electronically filed with the Clerk of the Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2047, on this 14th day of September, 2012.

                                                     */s/ Thomas P. Owen Jr.*