UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: CHINESE-MANUFACTURED DRYWALL PRODUCTS LIABILITY LITIGATION | ) ) ) ) ) ) ) ) | MDL No. 2047 SECTION: L JUDGE FALLON MAG. JUDGE WILKINSON |
| THIS DOCUMENT RELATES TO ALL CASES | | |

RESPONSE OF THE KNAUF DEFENDANTS IN
OPPOSITION TO MOTION
TO ENLARGE DEADLINE FOR OPT-OUT FOR
HOMEOWNERS WHO ALREADY REMEDIATED HOMES

The Knauf Defendants[1], by and through undersigned counsel, submit this opposition to Certain Plaintiffs' Motion to Enlarge Deadline for Opt-Outs for Homeowners Who Already Remdiated Homes ("Motion to Enlarge").

The Motion to Enlarge should be denied for 2 primary reasons:

1. Knauf is not obligated to settle any claims before entry of a final approval order;

2. The Plaintiffs who filed the Motion to Enlarge have not complied with PTO 1-B requiring preservation of evidence.

**1.  Knauf Is Not Obligated To Settle Before Final Approval**

The Motion to Enlarge is hypocritical because it is premised on Knauf not settling as many already remediated homes prior to the entry of a final approval order as counsel for the movants would like. As in almost class action settlements, the Knauf Class Action Settlement does not obligate Knauf to make any settlement payments until after the entry of a final approval order. Pursuant to section 2.2 of the Settlement Agreement Regarding Claims Against the Knauf

---

[1] The Knauf Defendants are: Knauf Plasterboard (Tianjin) Co, Ltd.; Knauf Plasterboard (Wuhu) Co., Ltd.; Guandong Knauf New Building Material Products Co., Ltd.; Knauf Gips KG; Gebrueder Verwaltungsgesellschaft KG; Knauf International GmbH; Knauf Insulation GmbH; Knauf UK GmbH; Knauf AMF GmbH & Co.; Knauf do Brasil Ltda.; and PT Knauf Gypsum Indonesia

Defendants in MDL 2047, the Effective Date of the settlement is the date in which the settlement becomes "Final" [Rec. Doc. 12061-5].  Knauf is not obligated to settle any claims until the Effective Date [cite provision].The settlement will not be Final until some time after the Final Fairness Hearing which is currently scheduled on November 13, 2012.

Would counsel for the movants have preferred that Knauf not settle any already homes until after final approval?  Would counsel for movants have preferred that Knauf not handle approximately 1000 homes through the remediation program prior to final approval?  That's the unfortunate message that Plaintiffs' ill-timed and ill-conceived motion sends.  Because Knauf is under no obligation to resolve already remediated homes until the settlement becomes final, extending the opt-out deadline is inappropriate, and Plaintiffs' motion should be denied.

2. **Plaintiffs Have Not Complied With PTO 1-B.**

It also hypocritical for Plaintiffs to complain because they have not complied with PTO 1-B.  PTO 1-B requires that Plaintiffs "photograph the backside of each Chinese drywall board immediately after it is removed on-site, and, document on a floor plan, building diagram, or other similar form of documentation, the location of each full or partial Chinese drywall board removed from the property and its photograph."  The complaining Plaintiffs have not complied with PTO 1-B.  Their files do not contain pictures of every sheet of drywall, nor do they contain floor plans showing the location of the Chinese drywall in the home.  The failure to provide the photographic documentation of the drywall markings has made it difficult to determine whether a home is all KPT board or a mixed home, or whether the remediation costs were reasonable.  Thus, Plaintiffs' complaints about the pace of the resolution of already remediated homes should be rejected because they have failed to preserve critical, court ordered evidence despite being on

notice of the duty to preserve. In fact, if there is any relief to be provided concerning these claims, it should be the dismissal of Plaintiffs' claims for their spoliation of evidence.

Finally, some Plaintiffs advancing the Motion to Enlarge took the position that they were entitled to the Lump Sum Payment (the $8.50 or $10.00 times the square footage) when they incurred less than the amount as specified in their Homeowner Disclosure Affidavits, while other Plaintiffs advancing the Motion to Enroll maintained that they should receive more than the Lump Sum Payment when they incurred more expenses than would be paid pursuant to the Lump Sum Payment sections. As the Court is aware, these inconsistent positions have been resolved in favor of a consistent payment across the board, but the same Plaintiffs who are complaining of the delay now, caused their own delay by taking inconsistent positions.

## CONCLUSION

For the reasons set forth above, this Court should deny the Plaintiffs' Motion to Enlarge Deadline For Opt-Out for Homeowners Who Already Remediated Homes.

        Respectfully submitted,

        By:  /s/ Kyle A. Spaulding
        KERRY J. MILLER (#24562)
        KYLE A. SPAULDING (#29000)
        FRILOT L.L.C.
        1100 Poydras Street
        Suite 3700
        New Orleans, LA 70163
        Telephone:  (504) 599-8194
        Facsimile:  (504) 599-8145
        Email:  kmiller@frilot.com

        - AND -

        STEVEN GLICKSTEIN (NY Bar No. 1038157)
        JAY P. MAYESH (NY Bar No. 1081603)
        KAYE SCHOLER LLP
        425 Park Avenue
        New York, NY 10022
        Telephone:  (212) 836-8485
        Facsimile:  (212) 836-6485
        Email:  sglickstein@kayescholer.com

*Counsel for the Knauf Defendants*

**CERTIFICATE OF SERVICE**

I hereby certify that the above and foregoing pleading has been served upon Plaintiffs' Liaison Counsel by email and by electronically uploading the same to LexisNexis File & Serve in accordance with Pre-Trial Order No. 6, on this 24th of September, 2012.

/s/ Kyle Spaulding