**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| **IN RE: CHINESE-MANUFACTURED DRYWALL PRODUCTS LIABILITY LITIGATION** | ) **MDL NO. 2047** |
| | ) **SECTION: L** |
| **THIS DOCUMENT RELATES TO:** | ) |
| **ALL CASES** | ) **JUDGE FALLON** ) **MAG. JUDGE WILKINSON** |

**OBJECTIONS TO PROPOSED SETTLEMENT OF CLASS ACTION AGAINST BUILDERS, INSTALLERS, SUPPLIERS AND PARTICIPATING INSURERS**

COMES NOW Wayne Kaplan ("Objector"), member of the putative class, by and through his undersigned counsel, files these Objections To Proposed Settlement Of Class Action Against Builders, Installers, Suppliers And Participating Insurers.

## I. PARTY STATUS

Wayne Kaplan is a member of the Settlement Class and received the Notice Of Pendency And Proposed Settlement Of Class Action Against Builders, Installers, Suppliers And Participating Insurers ("Class Notice").

## II. NOTICE OF INTENTION TO APPEAR AND REQUEST TO SPEAK AT THE HEARING

Objector requests that he be allowed to appear in person or through counsel at the final approval hearing to talk about these objections, and to otherwise participate in the final approval hearing.

## III. OBJECTIONS TO THE SETTLEMENT

A district court may approve a settlement only if it is "fair, reasonable, and adequate." Fed. R. Civ. P. 23(e)(1)(C). Settlements that take place prior to formal class certification, as is the case here, require a higher standard of fairness:

> The dangers of collusion between class counsel and the defendant, as well as the need for additional protections when the settlement is not negotiated by a court designated class representative, weigh in favor of a more probing inquiry than may normally be required under Rule 23(e). ... See also Manual for Complex Litigation §30.45 (3rd ed. 1995) ("Approval under Rule 23(e) of settlements involving settlement classes ... requires closer judicial scrutiny than approval of settlements where class certification has been litigated."). *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1026 (9th Cir. 1998).

Here, the settlement is not fair, reasonable, or adequate, and Objector objects to the settlement for the following reasons.

### A. The Class Notice Contains Materially Deficient Disclosures.

The Class Notice fails to provide sufficient information to allow Class Members to properly evaluate the settlement and their options. In discussing the requisites of adequate notice in class action suits, the 5th Circuit has stated: "Not only must the substantive claims be adequately described but the notice must contain information reasonably necessary to make a decision to remain a class member and be bound by the final judgment or opt-out of the action." *In re Nissan Motor Corp. Antitrust Litigation*, 552 F.2d 1088, 1104-1105 (5th Cir. 1977).

Here, the Class Notice fails to disclose what each of the participating defendants and participating insurers are contributing to the Settlement. The Settlement Allocation Plan states only as follows: "[t]he Participating Defendant Funds are expected to be funded roughly as follows: (a) Participating Builders Fund – 40% of the Gross Settlement

Amount; (b) Participating Suppliers Fund – 40% of the Gross Settlement Amount; and (c) Participating Installers Fund – 20% of the Gross Settlement Amount." Further, Class Notice provides absolutely no indication, even a general range, as to what the individual recovery for Class Members will be.

The failure to provide this necessary information precludes Class Members from forming any understanding of what the Settlement means in terms of their recovery. Without being furnished with this information, Class Members cannot make intelligent decisions as to whether or not they would be better served pursuing their claims against the participating defendant and insurer in state court or other venues. As such, Class Members are left without sufficient information to be able to assess the merits of the Settlement.

**B. The Settlement Fails To Account For Necessary Subclasses.**

The Manual For Complex Litigation says that if significant differences in interests exist between different groups within the class, the certification must create subclasses, with separate representatives and class counsel for each subclass. Manual For Complex Litigation 4th §21.23, p. 272. The Supreme Court addressed this requirement in *Amchem Prods., Inc. v. Windsor*, 521 U.S. 591 (1997) and *Ortiz v. Fibreboard Corp.*, 527 U.S. 815 (1999), where it mandated separate class representatives and class counsel for subgroups within the class, even in the settlement context:

> The settling parties, in sum, achieved a global compromise with no structural assurance of fair and adequate representation for the diverse groups and individuals affected. Although the named parties alleged a range of complaints, each served generally as representative for the whole, not for a separate constituency. In another asbestos class action, the Second Circuit spoke precisely to this point: "[W]here differences among members of a class are such that subclasses must be established, we know of no authority that permits a court to approve a settlement without

> creating subclasses on the basis of consents by members of a unitary class, some of whom happen to be members of the distinct subgroups. The class representatives may well have thought that the Settlement serves the aggregate interests of the entire class. But the adversity among subgroups requires that the members of each subgroup cannot be bound to a settlement except by consents given by those who understand that their role is to represent solely the members of their respective subgroups." *Amchem Prods., Inc. v. Windsor*, 521 U.S. at 742.

The Supreme Court reiterated this rule in *Ortiz*:

> [I]t is obvious after *Amchem* that a class divided between holders of present and future claims (some of the latter involving no physical injury and attributable to claimants not yet born) requires division into homogeneous subclasses under Rule 23(c)(4)(B), with separate representation to eliminate conflicting interests of counsel. See *Amchem*, 521 U.S., at 627 (class settlements must provide "structural assurance of fair and adequate representation for the diverse groups and individuals affected"); cf. 5 J. Moore, T. Chorvat, D. Feinbert, R. Marmer, & J. Solovy, Moore's Federal Practice §23.25[5][e], p. 23-149 (3d ed. 1998) (an attorney who represents another class against the same defendant may not serve as class counsel). FN31
> FN31. … In *Amchem*, we concentrated on the adequacy of named plaintiffs, but we recognized that the adequacy of representation enquiry is also concerned with the "competency and conflicts of class counsel." Id., at 626, n. 20, 117 S.Ct. 2231 …; see also 5 Moore's Federal Practice §23.25 [3][a] (adequacy of representation concerns named plaintiff and class counsel).

*Ortiz*, 527 U.S. at 856.

Here, subclasses are necessary because Class Members must receive funds according to the specific contributions made by that Class Member's respective builder, installer, and/or supplier to the Settlement Fund. The Settlement, however, fails to account for subclasses amongst the Class Members, and thus fails to properly allocate the funds. Accordingly, the Settlement does not satisfy the adequacy requirements of Rule 23.

**C. This Settlement Has Been Tied To Other Pending Chinese Drywall Settlements In Such A Way As To Preclude Opt-Outs.**

Due process requires that absent class members be given the opportunity to opt-out of a class action involving money damage claims. [See *Phillips Petroleum Co. v. Shutts*, 105 S.Ct. 2965, 2974, fn. 3 (1985); *Brown v. Ticor Title Ins. Co.* (9th Cir. 1992) 982 F.2d 386, 392 [it violates due process to give res judicata effect to a class action judgment involving money damage claims of class members who had not been afforded opt-out rights]; see also Manual for Complex Litigation, Third, § 30.231 (1995)]. Here, however, the Settlement has been tied to the other proposed Chinese drywall settlements in such a way as to render the "opt-out" provision illusory.

While the Settlement states that there is an opportunity for Class Members to seek exclusion, in practice, this is not true. The Settlement is conditioned on non-Knauf homeowners accepting the Settlement, and releasing downstream defendants. However, Class Members believe that many of these downstream defendants have insurance and assets well in excess of what they are contributing to the Settlement, and as such, Class Members may be better off pursuing these entities in state court.[1] Nevertheless, in order to make an intelligent decision, Class Members must be provided with the exact amount each participating defendant and insurer are contributing to the Settlement.

Class Counsel has made clear that the Settlement will become invalid if too many people opt-out, however has not stated what amount of opt-outs would dismantle the Settlement. Because of the condition that non-Knauf homeowners must accept the Settlement, despite it possibly being in their better financial interests not to do so, Class

[1] Indeed in this matter, the amounts each participating defendant and insurer are contributing have not been disclosed leaving the Objector to speculate as to whether or not he would be better off pursuing his case in state court.

Counsel has created a Settlement that puts Knauf homeowners at odds with non-Knauf homeowners who choose to request exclusion.

Further, because Class Counsel created this conflict among Class Members, they cannot adequately represent such Class Members. See *Payne v. Travenol Laboratories, Inc.* (5th Cir. 1982) 673 F.2d 798, 810–811 [to provide adequate representation, the class representative must not seek relief that favors some class members at the expense of others].

Because the Settlement does not actually permit Class Members to opt-out, other than perhaps some minimal, tolerable number, the Settlement is in violation of Fed. Rule Civ. P. 23.

**D. This Settlement Is Unfair, Unreasonable, And Inadequate Because There Is Insufficient Evidence To Support Class Counsel's Requested Attorneys' Fees.**

The amount of the proposed attorneys' fees is an integral element in determining whether the settlement is fair, reasonable, and adequate. "In class actions whose primary objective is to recover money damages, settlements may be negotiated on the basis of a lump sum that covers both class claims and attorney fees. Although there is no bar to such arrangements, the simultaneous negotiation of class relief and attorney fees creates a potential conflict … The judge can condition approval of the settlement on a separate review of the proposed attorneys' compensation." Manual For Complex Litigation 4th § 21.7, p. 335. Courts have recognized that the class action settlement dynamic itself "creates incentives for collusion – the temptation from the lawyers to agree to a less than optimal settlement 'in exchange for red-carpet treatment on fees.'" *Goldberger v. Integrated Resources, Inc.*, 209 F3d 43, 53 (2nd Cir. 2000).

Here, there is inadequate evidence to support the reasonableness of the fee request by Class Counsel, and taking those fees from the already insufficient settlement fund renders the settlement unfair, unreasonable and inadequate.

## IV. CONCLUSION

Wherefore, Objector prays that the Court deny the proposed settlement, deny certification of the settlement class, deny the requested fees to Class Counsel and grant Objector such other and further relief as to which Objector may be entitled.

Respectfully submitted,

Dated: September 27, 2012

/s/ C. David Durkee, Esq.
ROBERTS & DURKEE, P.A.
Alhambra Towers
Penthouse 1 – Suite 1603
121 Alhambra Plaza
Coral Gables, FL 33134
Phone: (305) 442-1700
Fax: (305) 442-2559
durkee@rdlawnet.com
*Counsel for* Wayne Kaplan

Mark Milstein, Esq.
Paul D. Stevens, Esq.
Allison R. Willett, Esq.
MILSTEIN ADELMAN, LLP
2800 Donald Douglas Loop North
Santa Monica, CA 90405
Phone: (310) 396-9600
Fax: (310) 396-9635
*Counsel for* Wayne Kaplan