# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: CHINESE-MANUFACTURED | * | MDL 2047 |
| DRYWALL PRODUCTS LIABILITY | * | |
| LITIGATION | * | SECTION  L |
| | * | |
| This Document Relates to: | * | |
| | * | JUDGE FALLON |
| ALL CASES AND | * | |
| | * | MAG. JUDGE WILKINSON |
| Stephen and Isis Silva, et al v. | * | |
| Interior Exterior | * | |
| No. 2:09-cv-08030 | * | |
| | * | |
| Stephen and Isis Silva, et al v. | * | |
| Arch Insurance Company, et al | * | |
| No. 2:09-cv-08034 | * | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## MEMORANDUM IN SUPPORT OF THE RESPONSE OF LANDMARK AMERICAN INSURANCE COMPANY REGARDING THE SETTLING PARTIES' MOTION FOR FINAL APPROVAL OF THE INTERIOR EXTERIOR CLASS SETTLEMENT

NOW INTO COURT, through undersigned counsel, comes defendant, Landmark American Insurance Company (hereinafter, "Landmark") who respectfully files this Memorandum in support of its Response to the Settling Parties' Motion for Final Approval for the preliminarily approved Interior Exterior Class Settlement, as amended by the First Amended Interior Exterior Class Settlement (hereinafter, the "INEX Settlement Agreement.").

1

## I.      PRELIMINARY STATEMENT

At the outset, Landmark would like to make it clear that it does not object to the fact of settlement in any way.  Rather, Landmark wholly supports the resolution of putative class members' Chinese drywall claims through the settlement structure created by the Global Settlement (Insurer/Builder/Installer), the INEX, Banner and L&W Settlements and the Knauf Settlement and the goals the combined settlements seek to accomplish.  Rather, Landmark files this Response Memorandum to confirm the fact of its release in light of the filing of a Revised INEX Settlement Agreement, ECF R. Doc. 12258.

## II.     ARGUMENT

The Settling Parties (Liberty Mutual, Arch, the PSC and Interior Exterior) filed the initial proposed Class Settlement Agreement and a Motion to Obtain Preliminary Approval of the same on April 26, 2011.  *See,* ECF R. Doc. 8628.  Landmark filed an objection with respect to the INEX Settlement Agreement due to ambiguities in the structure of the Settlement Agreement.  Specifically, it was not clear how the funds would be allocated, what funds would count towards exhaustion of the primary carriers and whether Landmark, a second layer excess insurer for INEX for the policy period of January 1, 2006 through January 1, 2007, was released under the terms of the INEX Settlement Agreement.  Additionally, Landmark requested that the INEX Settlement Agreement be modified to provide more overall transparency and clarity with respect to the above outlined issues.

In response to these ambiguities, Landmark sought guidance from this Court by way of a letter on April 28, 2011.  The Court ordered the Settling Parties (Arch, Liberty Mutual, INEX and the PSC) to address the concerns raised by Landmark.   In the letters submitted by Liberty Mutual

2

and INEX, both Liberty Mutual and INEX stated that Landmark was released under the terms of the INEX Settlement.

INEX's counsel succinctly stated that "[t]he Agreement makes abundantly clear that the primary policies are fully exhausted by this settlement, the upper layer excess carriers, including Landmark, are released, and no insurance remains to pay out claims for InteriorExterior." *See,* Nizialek Correspondence of May 4, 2011 at p. 2, attached hereto as "Exhibit A."

Counsel for Liberty Mutual confirmed that it was the Settling Parties' intention to release Landmark through the following statements: "[u]nder the terms of the Settlement Agreement, the only excess insurance available for Chinese drywall claims against InEx is specified excess insurance provided under the first layer excess policies of The North River Insurance Company...[s]ince Landmark's coverage is not available for Chinese drywall claims against InEx, Landmark has no interest in whether or how the primary insurance for those claims is exhausted." *See,* Scott Correspondence of May 4, 2011 at p. 2, attached hereto as "Exhibit B."  The PSC adopted the statements contained in the correspondence from counsel for Liberty Mutual and INEX, thus also confirming its intention that Landmark be released as a result of the INEX Class Settlement. *See,* Longer Correspondence of May 4, 2011, attached hereto as "Exhibit C."

The hearing on the Motion for Preliminary Approval of the INEX Class Settlement took place on May 6, 2011.  During this hearing, the Settling Parties' unambiguously stated on the record that Landmark was released under the terms of the INEX Settlement Agreement.  Specifically, Arnold Levin, lead counsel for the plaintiffs stated as follows: "[c]ertainly, there are released parties here.  No settlement exists without released parties.  Indeed, Landmark [American] Insurance

3

Company is a released party..." *See,* Transcript from May 6, 2011 Preliminary Approval Hearing at p. 13, attached hereto as Exhibit D.

Counsel for Liberty Mutual, Hugh Scott, when speaking about INEX's second layer excess carriers, Landmark American Insurance Company and National Surety, confirmed that Landmark was released under the terms of the INEX Settlement Agreement:

> ...I would say that these excess carriers have no standing to complain about what's going on here.  Because they are - - and Your Honor can read the definition of *released parties* - - they are released parties in this claim in this case, if the settlement goes forward.
>
> Which means they are protected.  They will not be at risk.  They will not put up any money.  So their ox is not being gored here; in fact, they're being protected.

*Id.* at 24. The statements made by Levin and Scott were adopted by Arch Insurance Company, the other primary insurers involved in the INEX Class Settlement: "[g]oing last, obviously I don't have anything to add other than, for the record, to support the position advanced by the Plaintiff's Steering Committee, by INEX and by Liberty.  Arch would adopt those arguments and urge the Court to grant preliminary approval."  *Id.* at 29.

Following the May 6th hearing, the INEX Settlement Agreement was preliminarily approved by this Honorable Court on May 13, 2011. *See,* ECF R. Doc. 8818.  Subsequent to the issuance of the Order granting Preliminary Approval, the Settling Parties filed an Amended INEX Settlement Agreement, ECF R. Doc. 12258.  The Amended INEX Settlement Agreement does not change the definition of who is a *released party* under the terms of the original INEX Settlement Agreement, or the substantive nature of Landmark's release.

4

More recently, during the June 13, 2012 status conference regarding the November 2012 INEX/North River bellwether, counsel for Landmark stated its on-going understanding that it was released under the terms of the INEX Settlement, as amended.  Counsel for all of the Settling Parties and Knauf were present.  None of these parties stated anything to the contrary regarding the release of Landmark. *See,* Transcript from June 13, 2012 Status Conference at p.  28-29, attached hereto as "Exhibit E."  In fact, the focus of both the June 13th status conference and now, the November trial, is INEX and its excess carrier, North River.  Landmark is not a party to the November trial, nor has anyone suggested it should be, as a result of the PSC's intention to release Landmark as part of the INEX Class Settlement, originally and as amended.

Prior to filing this Response, in an effort to resolve this issue cooperatively, Landmark sought confirmation of its release under the revised INEX Settlement Agreement from the Settling Parties. Landmark's release has been confirmed on behalf of the Settling Parties by counsel for INEX.  *See,* Email correspondence from counsel for INEX dated September 27, 2012 attached hereto as "Exhibit F."

Landmark is very much appreciative of the statements made by INEX's counsel.  However, as it has in the past, Landmark has requested that the Settling Parties' modify the Settlement Agreement as amended to memorialize the releases Landmark has obtained from the Settling Parties. It is Landmark's understanding that the Settling Parties' do not believe Landmark's release to be ambiguous in the face of the Amended INEX Class Settlement.  However, in an abundance of caution, Landmark would like said release confirmed in open court prior to the INEX Class Settlement obtaining final approval.

Furthermore, because an allocation procedure has not yet been established by the Settling Parties, Landmark is not able to determine how the settlement proceeds will be allocated. It understands that such an allocation plan will likely be finalized prior to the Final Fairness hearings on November 13-14, 2012. Because this information is not known, in an abundance of caution, Landmark reserves its rights to object to portions of the Settlement Agreement pertaining to the allocation of the settlement proceeds.

Further, the allocation plan bears on the determination of exhaustion as it relates to primary carriers, Liberty Mutual and Arch. If settlement funds are used to pay items other than covered damages as defined in the respective Arch and Liberty Mutual policies, Landmark objects inasmuch as those policies are deemed exhausted. Landmark incorporates by reference its objection to the preliminary approval, ECF R. Doc. 8688 regarding the specific provisions to which Landmark is reserving its objection.

## III.    CONCLUSION

Landmark American Insurance Company submits that the INEX Settlement Agreement should that Landmark is released and therefore, respectfully requests that this Honorable Court require the Settling Parties to provide confirmation to Landmark regarding its release under the terms of the INEX Settlement Agreement as amended.

*Signature Block Follows*

Respectfully submitted:

/s/*Melissa M. Lessell*
JUDY L. BURNTHORN (#17496)
JAMES W. HAILEY, III (#23111)
MELISSA M. LESSELL (#32710)
**DEUTSCH, KERRIGAN & STILES LLP**
755 Magazine Street
New Orleans  LA  70130
Phone: (504) 581-5141
Fax: (504) 566-4022
jburnthorn@dkslaw.com
mlessell@dkslaw.com
*Counsel for Landmark American Insurance Company*


## CERTIFICATE OF SERVICE

I hereby certify that the above and foregoing Memorandum in Support of Response of the Landmark American Insurance Company to the Settling Parties' Motion for Final Approval of the Interior Exterior Class Settlement has been served on Plaintiffs' Liaison Counsel, Russ Herman, and Defendants' Liaison Counsel, Kerry Miller and upon all parties by electronically uploading the same to Lexis Nexis File & Serve in accordance with Pretrial Order No. 6, and that the foregoing was electronically filed with the Clerk of Court for the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2047, on this 28th day of **September, 2011.**

/s/ *Melissa M. Lessell*
MELISSA M. LESSELL