# EXHIBIT A

# CARVER, DARDEN, KORETZKY, TESSIER, FINN, BLOSSMAN & AREAUX LLC

PHILIP D. NIZIALEK

Also Admitted in Texas
(504) 585-3820
nizialek@carverdarden.com

May 4, 2011

Honorable Eldon E. Fallon
United States District Court Judge
Eastern District of Louisiana
500 Poydras Street
New Orleans, LA 70130

      Re:    *Silva v. Arch Ins. Co., et al.,* EDLA Case No. 2009-08034
              *Silva v. InteriorExterior, et al.,* EDLA Case No. 2009-08030
              *In re: Chinese Drywall Multi District Litigation,* EDLA Case No. 2009-2047

Dear Judge Fallon:

      I write today pursuant to the Court's instructions that InteriorExterior respond to Melissa Swabacker's letter of April 28, 2011 commenting on the recent Interior/Exterior settlement of Chinese Drywall claims. Ms. Swabacker represents Landmark Insurance Company ("Landmark"), one of InteriorExterior's upper level excess carriers which is released from liability in the settlement. In the letter, Landmark raises premature objections regarding class member opt outs, an issue on which Landmark has no standing to complain. More importantly, Landmark alleges that there is no indication in the settlement documents provided to the Court with respect to the Settling Defendants' position regarding exhaustion of the Arch and Liberty primary policies.

      The Settling Defendants' position regarding exhaustion of the Arch and Liberty policies is clearly and expressly set forth in the Settlement Agreement in paragraphs 4.4.1 (c) and (d). Those clauses provide that, as of the effective date of the settlement,

> "(c) the aggregate policy limits under the Arch policies and the Liberty policies, individually and collectively, have been exhausted, and (d) that Arch and Liberty have no further duty to defend and/or indemnify InteriorExterior, or any other persons, entity or entities under the Arch policies or the Liberty policies, individually and/or collectively or otherwise."

Honorable Eldon E. Fallon
May 4, 2011
Page 2

CARVER, DARDEN,
KORETZKY, TESSIER, FINN,
BLOSSMAN & AREAUX LLC

Other provisions (¶¶ 3.3.1, 3.4.1 and 3.4.2) set out in detail that the primary payments will be used to pay claims, and ¶ 1.20.6 asks for court to find that the payments exhaust the policy.

The Agreement assigns to the non-Louisiana sub-class all of InteriorExterior's rights against its first layer excess carrier North River to the extent of the Applicable Policy Limits as defined in the Agreement. The Agreement makes abundantly clear that the primary policies are fully exhausted by this settlement, the upper layer excess carriers, including Landmark, are released, and no insurance remains to pay opt out claims for InteriorExterior.

In short, the view of the Settling Defendants with regard to exhaustion of the primary policies is clearly set out in the Settlement Agreement. Landmark's objection to the Settlement Agreement is both premature and unfounded. The Court should proceed with preliminary approval at the hearing on May 6.

Respectfully,

Philip D. Nizialek

PDN/jlr
cc:    Mr. Arnie Levin (via email)
        Mr. Russell Hermann (via email)
        Mr. Hugh Scott (via email)
        Mr. Russell Holwadel (via email)
        Ms. Judith Barrasso (via email)
        Mr. Melissa Swabacker (via email)

4825-5812-6345, v. 1