UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE CHINESE-MANUFACTURED DRYWALL PRODUCTS LIABILITY LITIGATION | § § § § | MDL NO. 2047 SECTION L |
| THIS DOCUMENT RELATES TO: ALL CASES | § § § § | JUDGE FALLON MAGISTRATE JUDGE WILKINSON |

**MEMORANDUM IN OPPOSITION AND OBJECTIONS TO MOTION OF THE PLAINTIFFS' STEERING COMMITTEE AND SETTLEMENT CLASS COUNSEL FOR AN ORDER: (1) CERTIFYING THE INEX, BANNER, KNAUF, L&W, AND GLOBAL SETTLEMENT CLASSES; AND (2) GRANTING FINAL APPROVAL TO THE INEX, BANNER, KNAUF, L&W, AND GLOBAL SETTLEMENTS**

**TO THE HONORABLE ELDON E. FALLON:**

In accordance with the Court's Order (1) Setting Consolidated Fairness Hearing, (2) Establishing Coordinated Opt Out, Objection and Briefing Deadlines, and (3) Entering Litigation Stay in Favor of Settling Parties (D.I. 14566 in 2:09-md-02047-EEF-JCW), Perry Homes, LLC, on behalf of itself and as successor-in-interest to Perry Homes, a Joint Venture, as well as as the assignee of all claims, except personal injury claims, of thirteen homeowners identified in Exhibit "A" attached hereto (collectively, "Perry"), files this Memorandum in Opposition and Objections to the Motion of the Plaintiffs' Steering Committee and Settlement Class Counsel for an Order: (1) Certifying the InEx, Banner, Knauf, L&W, and Global Settlement Classes; and (2) Granting Final Approval to the InEx, Banner, Knauf, L&W, and Global Settlements. In support of its Memorandum and Objections, Perry respectfully shows the following:

1

587054.2

INTRODUCTION

1. Perry is neither a Plaintiff nor a Defendant in this multidistrict litigation ("MDL") generally or in any specific cases consolidated into this MDL.

2. Perry is a regional homebuilder headquartered in Houston, Texas. All of Perry's homes are built in the State of Texas. Based on currently available information, Perry constructed thirteen (13) homes that contained reactive Knauf drywall. Aurora Commercial Construction ("Aurora") was the independent contractor that purchased, supplied and installed the drywall in each home. Aurora received the Knauf drywall from Interior Exterior Building Supply Limited Partnership ("InEx").

3. Despite Perry's belief that responsibility for this problem lies with Knauf, InEx and/or Aurora, Perry went to each of the affected homeowners and presented an offer to remediate and repair their homes **at Perry's cost.** The remediation protocols presented in those offers are consistent with the scope of remediation set forth in the Court's *Germano* and *Hernandez* opinions, as well as the Demonstration Remediation Agreement between the MDL Plaintiffs' Steering Committee ("PSC") and the Knauf Entities. Perry also offered to cover certain other reasonable losses, such as alternative housing during the remediation and repair period, for each homeowner. The homeowners of all thirteen homes have settled with Perry Homes. As part of their settlement agreements, each homeowner assigned to Perry all claims, except for personal injury claims, the homeowner has against the Knauf Defendants, InEx, Aurora, their respective insurers, and any other person or entity determined to have been involved in the chain of distribution of the drywall used in the construction of each homeowner's home.

587054.2

4. As the Court is well aware, the costs to remediate and repair each of these homes are significant. While Perry has a limited number of affected homes, Perry incurred, and continues to incur, substantial costs to remediate and repair each affected home. These amounts also do not include other losses and expenses Perry incurred, such as inspection costs, lab fees, and employees' lost productivity.

5. In February 2012, Perry reached an agreement with the Knauf Defendants to settle Perry's claims arising from and relating to reactive Knauf drywall. The parties are working to further document their agreement, and Knauf has yet to make any payment under the agreement. Knauf assured Perry it intends to follow-through with the parties' agreement. Perry likewise intends the same. Nonetheless, because the Court's deadlines for opt out and objections are now upon Perry, Perry must opt out and object to ensure that it has adequately protected its interests.

6. Concurrent with the filing of this Memorandum and Objections, Perry timely notified the persons identified in the preliminary approval orders for the Knauf, InEx, and Global Settlements that Perry opted out of those Settlements for all purposes. Perry also timely notified the persons identified in the approved notices of the Knauf, InEx and Global Settlements of Perry's objections set forth below.

7. Perry intends for the undersigned counsel to appear at the Joint Fairness Hearing. At this time, based on the objections stated below, Perry has no intention of calling any witnesses to testify and does not intend to offer any documents except for those documents which have been submitted to the Court in support of the Plaintiff Steering Committee's ("PSC") Motion for Final Approval of, *inter alia*, the Knauf, InEx, and Global Settlements, as well as the actual settlement agreements.

587054.2

## OBJECTION TO GLOBAL SETTLEMENT

8. Perry hereby incorporates each of the foregoing paragraphs as if fully set forth herein.

9. Perry objects to Paragraphs 35 and 36 of the proposed order submitted by the PSC as Exhibit 1 to the Motion for Final Approval (D.I. 15749-4 in Case No. 2:09-md-02047-EEF-JCW). Those paragraphs state:

> 35. The Court finds that the indemnity, defense and judgment reduction provisions in Sections 4.3 and 5.2.6 of the Global Settlement are valid, binding and enforceable; and therefore, bars the assertion by any Global Settlement Class Member of any contribution, indemnification, subrogation, or other claims related to or arising out of Chinese Drywall against the Participating Defendants or Participating Insurers, excluding only any Reserved Claims.
>
> 36. Any and all Global Settlement Class Members, including, but not limited to, those who have not properly opted out of the Global Settlement Class, are enjoined and forever barred from maintaining, continuing, prosecuting, and/or commencing the Litigation, CDW-Related Actions, Related Claims, or any action, pending or future, against the Settling Parties (but excluding any Reserved Claims) that arises from, concerns, or otherwise relates, directly or indirectly, to Chinese Drywall.

10. The Global Settlement defines a "Class Member" as

> "all persons or entities, along with their heirs, representatives, attorneys, executors, administrators, executives, subsequent purchasers, residents, guests, tenants, lenders, successors and assigns, with claims, known or unknown, arising from or related to actual or alleged Chinese Drywall purchased, imported, supplied, distributed, marketed, installed, used, sold or in any way alleged to be within the legal responsibility of any Participating Defendant."

*See* Section 1.1.1. The definition of "Class Member" includes those parties who have claims against Participating Defendants arising from or relating to Chinese Drywall, but who timely and properly opt out of the Global Settlement.

587054.2

11. The express wording of Paragraph 35 and 36 of the proposed order would bar any Class Member who timely and properly opts out of the Global Settlement from maintaining, continuing, prosecuting, and/or commencing any litigation against any Participating Defendant that arises, concerns, or otherwise relates, directly or indirectly, to Chinese Drywall, including, but not limited to, claims for contribution, indemnification or subrogation. The proposed bar order would, in effect, render any Class Member's timely and proper opt out null and void.

12. The proposed bar order in Paragraphs 35 and 36 conflicts with Sections 12.1 and 12.2 of the revised Global Settlement Agreement, which state,

> 12.1. As part of the Order and Judgment, the Court shall issue a bar order and permanent injunction against any and all pending or future claims or lawsuits, other than Reserved Claims or assigned claims on Exhibit 4, by any and all Class members **who do not opt-out against the Participating Defendants** and Participating Insurers in connection with claims arising out of, or otherwise related to, Chinese Drywall purchased, imported, supplied, distributed, marketed, installed, used, sold, and/or delivered, or alleged in any way to be within the responsibility of any Participating Defendant.
>
> 12.2. The bar order and permanent injunction shall:
>
>> 12.2.1. Except for any Reserved Claims or assigned claims on Exhibit 4, enjoin and forever bar any and all Class Members or any entity or person claiming through a Class Member **who does not opt out** from commencing and/or maintaining any action, and/or asserting **any claim, suit, counterclaim or cross-claim, legal or otherwise**, against the Participating Defendants and Participating Insurers arising out of, or otherwise relating to Chinese Drywall.
>
>> 12.2.2. **Except for any Reserved Claims or opt-outs**, bar the assertion by any entity or person against the Participating Defendants and/or Participating Insurers of any contribution, indemnification, subrogation, or other claims concerning (i) Chinese Drywall, the Litigation, CDW-Related Action, Released Claims or Related Claims, or (ii) this Settlement.

Emphasis added. Paragraphs 35 and 36 likewise conflict with page 8 of the approved notice, which states,

> **IF YOU WISH TO PURSUE AN INDIVIDUAL CLAIM AGAINST PARTICIPATING DEFENDANTS OR PARTICIPATING INSURERS BY LITIGATION, ARBITRATION, OR OTHERWISE, YOU MUST OPT OUT; OTHERWISE, IF THE GLOBAL SETTLEMENT IS APPROVED, YOU WILL NOT BE ABLE TO PURSUE CLAIMS AGAINST PARTICIPATING DEFENDANTS OR PARTICIPATING INSURERS ARISING OUT OF, IN ANY MANNER RELATED TO, OR CONNECTED IN ANY WAY WITH CHINESE DRYWALL.**

13. Perry objects to Paragraphs 35 and 36 and requests the Court modify the proposed order to comport with Sections 12.1 and 12.2 of the Global Settlement to reflect the bar order does not bar any Global Settlement Class Member who timely and properly opts out of the Global Settlement from maintaining, continuing, prosecuting, and/or commencing any litigation against any Participating Defendant that arises, concerns, or otherwise relates, directly or indirectly, to Chinese Drywall purchased, imported, supplied, distributed, marketed, installed, used, sold, and/or delivered, or alleged in any way to be within the responsibility of any Participating Defendant, including, but not limited to, claims for contribution, indemnification, or subrogation.

## OBJECTION TO INEX SETTLEMENT

14. Perry objects to Paragraph 8 of the proposed order submitted by the PSC as Exhibit 1 to the Motion for Final Approval (D.I. 15749-4 in Case No. 2:09-md-02047-EEF-JCW). That paragraph states:

> 8. Any and all InEx Class Members, including, but not limited to, those who have not properly opted out of the InEx Class, are enjoined and forever barred from maintaining, continuing, prosecuting, and/or commencing the Litigation, Related Actions, Related Claims, or any action, pending or future,

against the InEx Settling Defendants that arises from, concerns, or otherwise relates, directly or indirectly, to Chinese Drywall.

15. The amended InEx Settlement dated January 24, 2012 (D.I. 12258-3 in Case No. 2:09-md-02047-EEF-JCW) defines a "Class Member" as

"all persons or entities with claims, known or unknown, against the Settling Defendants arising from, or otherwise related in any way to Chinese Drywall sold, marketed, distributed, and/or supplied by InEx."[1]

16. Thus, the express wording of Paragraph 8 of the proposed order would bar any Class Member who timely and properly opts out of the InEx Settlement from maintaining, continuing, prosecuting, and/or commencing any litigation against any Settling Defendant that arises from, or otherwise related in any way to Chinese Drywall sold, marketed, distributed, and/or supplied by InEx. This conflicts with Section 7.3.3 of the InEx Settlement, which states,

> **By opting out, a Class Member is not releasing any claims, causes of action, obligations, liabilities, demands, suits, covenants, contracts, controversies, agreements, promises, damages, judgments and/or executions against any of the Settling Defendants**.

Emphasis added.

17. Paragraph 8 also conflicts with page 6 of the approved notice, which is posted on the Court's drywall webpage (http://www.laed.uscourts.gov/Drywall/Settlements.htm) which states,

> **IF YOU WISH TO PURSUE AN INDIVIDUAL CLAIM AGAINST INEX BY LITIGATION, ARBITRATION, OR OTHERWISE, YOU MUST REQUEST EXCLUSION; OTHERWISE, IF THE SETTLEMENT IS APPROVED, YOU WILL NOT BE ABLE TO PURSUE CLAIMS AGAINST INEX ARISING OUT OF CHINESE DRYWALL.**

---

[1] The amended InEx Settlement clearly expresses that Builders, such as Perry, are within the definition of the Class. *See* Section 4.1.6 ("Notwithstanding the foregoing, with respect to the Class Members who are Builders (the "Builder Class Members") . . .").

587054.2

18.     The proposed bar order in Paragraph 8 renders the opt-out terms of the InEx Settlement meaningless and forces parties to accept the terms of a settlement agreement they find objectionable or unacceptable.  Perry questions whether Paragraph 8 reflects the true intent of the Parties' mutual assent to the terms of the InEx Settlement.  If the Parties intend to waive all claims of a Class Member who properly opts out, including, but not limited to claims for contribution, indemnification or subrogation, Paragraph 8 is untenable and inequitable.

19.     Perry objects to Paragraph 8 of the proposed order and requests the Court modify the proposed order to reflect the bar order does not bar any InEx Class Member who timely and properly opts out of the InEx Settlement from maintaining, continuing, prosecuting, and/or commencing any litigation against any Settling Defendant arising from, or otherwise related in any way to Chinese Drywall sold, marketed, distributed, and/or supplied by InEx.[2]

### OBJECTION TO KNAUF SETTLEMENT

20.     Perry objects to Section 12.2.2 of the Knauf Settlement.  That section states,

> 12.2.2. Bar the assertion by any entity or person against the Knauf Defendants and Other Releasees of any contribution, indemnification, subrogation, or other claims arising out of the Participating Class Members' claims concerning (i) the KPT Chinese Drywall claims against the Knauf Defendants or (ii) this Settlement.

21.     Perry timely and properly served its notice of opt-out of the Knauf Settlement to the extent that any of Perry's claims qualify Perry as a Class Member.  It is Perry's interpretation of Section 12.2.2 that because each of the thirteen homeowners assigned all of their claims, except personal injury claims, to Perry, any homeowner that would qualify as a "Class Member" is not a "Participating Class Member" with respect to those assigned claims, assuming that such

---

[2]     Out of an abundance of caution, Perry Homes hereby adopts and incorporates as if fully set forth herein its Amicus Memorandum in Opposition to Joint Motion for an Order: (1) Preliminarily Approving InEx (cont'd.) Settlement Agreement; (2) Conditionally Certifying InEx Settlement Class; (3) Issuing Class Notice; and (4) Scheduling a Settlement Fairness Hearing (D.I. 8700 in Case No. 2:09-md-02047-EEF-JCW).

homeowner would have otherwise qualified as a "Class Member."[3] Thus, Section 12.2.2 would not bar Perry Homes, as assignee, from asserting a claim for contribution, indemnification or subrogation against the Knauf Defendants and Other Releasees. Furthermore, Section 12.2.2 would not bar Perry from asserting an independent claim for contribution, indemnification or subrogation against the Knauf Defendants and Other Releasees.

22. If Perry's interpretation of Section 12.2.2 is correct with respect to the thirteen homeowners, Perry will withdraw its objection to the Knauf Settlement as set forth above. Perry would also object to Section 12.2.2 to the extent it conflicts with Perry's right to seek contribution, indemnification and subrogation from the Knauf Defendants for additional homes subsequently remediated by Perry under the terms of Perry's agreement with Knauf.

### ADOPTION OF OBJECTIONS, ARGUMENTS AND AUTHORITIES OF OTHER OBJECTORS

23. Perry hereby fully adopts and incorporates each and every objection, as well as the arguments and authorities cited in support of such objections, asserted by any other objector to the Knauf, InEx, and Global Settlements, as if such objections, arguments and authorities were fully set forth herein.

### REQUEST FOR RELIEF

WHEREFORE PREMISES CONSIDERED, Perry respectfully requests the Court:

(1) modify Paragraphs 35 and 36 of the Proposed Order granting the Motion for Final Approval to reflect that the bar order and permanent injunction entered by the Court does not bar or enjoin any Global Settlement Class Member who timely and properly opts out of the Global Settlement from maintaining, continuing, prosecuting, and/or commencing any litigation against

---

[3] Perry did not file a lawsuit in the Litigation as of December 9, 2011. Perry is aware of only two homeowners that are named plaintiffs in the Omnibus X Class Action filed June 8, 2011 – Baldwin and Shelley Frank (#291) and Brenton Underwood (#352).

any Participating Defendant that arises, concerns, or otherwise relates, directly or indirectly, to Chinese Drywall purchased, imported, supplied, distributed, marketed, installed, used, sold, and/or delivered, or alleged in any way to be within the responsibility of any Participating Defendant, including, but not limited to, claims for contribution, indemnification, or subrogation;

(2) modify Paragraph 8 of the Proposed Order granting the Motion for Final Approval to reflect the bar order and permanent injunction entered by the Court does not bar or enjoin any InEx Class Member who timely and properly opts out of the InEx Settlement from maintaining, continuing, prosecuting, and/or commencing any litigation against any Settling Defendant arising from, or otherwise related in any way to Chinese Drywall sold, marketed, distributed, and/or supplied by InEx;

(3) modifying any bar order and permanent injunction entered in the Knauf Settlement to provide that any person or entity that settled with the Knauf Defendants is not barred and enjoined from maintain, continuing, prosecuting, and/or commencing any contribution, indemnification, subrogation, or other claims arising out of the Participating Class Members' claims concerning (i) the KPT Chinese Drywall claims against the Knauf Defendants if such person or entity has a separate settlement agreement with the Knauf Defendants for contribution, indemnification or subrogation arising out of any Participating Class Members' claims concerning (i) the KPT Chinese Drywall claims against the Knauf Defendants; and

(4) for all further relief, at law or in equity, the Court deems necessary.

587054.2

Dated: September 28, 2012.

            Respectfully Submitted,

            LOOPER REED & McGRAW, P.C.

            By: /s/ Andrew K. York [4]
              Andrew K. York
              Texas State Bar No. 24051554

            1601 Elm Street, Suite 4600
            Dallas, Texas  75201
            Telephone:  214.954.4135
            Facsimile:  214.953.1332
            Email:  dyork@lrmlaw.com

            ATTORNEYS FOR PERRY HOMES, LLC,
            AND PERRY HOMES, A JOINT VENTURE

## CERTIFICATE OF SERVICE

   I certify that on September 28, 2012, I electronically filed the foregoing instrument with the Clerk of the Court to be served by operation of the Court's electronic filing system upon the parties of record.

            /s/ Andrew K. York
            Andrew K. York

---

[4] Pursuant to Pre-Trial Order No. 1, Mr. York is admitted and in good standing in the Eastern, Northern, and Southern Districts of Texas.

11

587054.2