UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: CHINESE-MANUFACTURED DRYWALL PRODUCTS LIABILITY LITIGATION | MDL NO. 2047 <br><br> SECTION: L |
| THIS DOCUMENTS RELATES TO: ALL CASES AND | JUDGE FALLON <br><br> MAG. JUDGE WILKINSON |
| *Payton, et. al. v. Knauf Gips, KG, et. al.* <br> Case No. 2:09-cv-07628 (E.D. La.) | |
| *Wiltz, et. al. v. Beijing New Building Materials Public Limited Co., et. al.* <br> Case No. 1:09-cv-00361 (E.D. La.) | |
| *Gross, et. al. v. Knauf Gips, KG, et. al.* <br> Case No. 2:09-cv-06690 (E.D. La.) | |
| *Rogers, et. al. v. Knauf Gips, KG, et. al.* <br> Case No. 2:10-cv-00362 (E.D. La.) | |
| *Amato, et. al. v. Liberty Mutual Ins. Co., et. al.* <br> Case No. 2:10-cv-00932 | |
| *Hernandez, et. al. v. AAA Insurance, et. al.* <br> Case No. 2:10-cv-3070 (E.D. La.) | |
| *Abel, et. al. v. Taishan Gypsum Co. Ltd., f/k/a Shandong Taihe Dongxin Co., Ltd., et. al.* <br> Case No. 2:11-cv-00080 (E.D. La.) | |
| *Abreu, et. al. v. Gebrueder Knauf Verwaltungsgesellschaft, KG, et. al.* <br> Case No. 2:110cv000252 (E.D. La.) | |
| *Haya, et. al. v. Taishan Gypsum Co., Ltd., f/k/a Shandong Taihe Dongxin Co., Ltd., et. al.* <br> Case No. 2:11-cv-01077 (E.D. La.) | |
| *Vikers, et. al. v. Knauf Gips KG, et. al.* <br> Case No. 2:09-cv-04117 (E.D. La.) | |

OBJECTION TO CLASS ACTION SETTLEMENT AGREEMENT AND AWARD OF ATTORNEYS' FEES AND EXPENSES BY OBJECTORS JAN PETRUS; SAUL SOTO, SHS CONSTRUCTION; RONNIE GARCIA, BAY AREA CONTACTING & CONSTRUCTION, INC. AND ERNEST VITELA, E AND E CONSTRUCTION CO.

COME NOW, Objectors and Class Members Jan Petrus; Saul Soto, SHS Construction; Ronnie Garcia, Bay Area Contracting & Construction, Inc., and Ernest Vitela, E and E Construction Co by and through their undersigned counsel of record, and file these objections to the proposed Chinese Drywall class action settlement and to the proposed award of attorneys' fees and expenses as follows:

Objectors and undersigned counsel will not attend the final fairness hearing, and will not present any witnesses or documents at the hearing. Objectors hereby give notice of their intention to object and respectfully request that these objections be presented at the fairness hearing for ruling at that time.

Attached as Exhibits A, B, C and D hereto are declarations and affidavits that confirm class membership of each of the above-named objectors, although this information does not appear to be required by the class notice or the frequently asked questions contained on the settlement website.

Objection is initially made to any procedures or requirements to object other than those contained in the FAQs on the settlement website or in the long form notice, to the extent any proponent of this settlement seeks to impose any higher burden or requirement. Objection is made to the extent there is a requirement that objectors who are represented by counsel need to sign the objection themselves. Nevertheless, objectors' signatures are contained on their respective affidavits or declarations, which incorporated by reference and therefore made a part of this objection.

As an initial matter, objection is made to the class definition. The class definition is both vague and ambiguous as to who is within and without the class and the class definition is fail-safe, and objection is made upon both of these grounds. *See Vanderbilt Mortgage and Finance, Inc. v. Posey*, 146 W.W.3d 302, 321 (Tex. App. – Texarkana 2004, no pet.). It is impossible to determine with certainty based upon presently-ascertainable, objective criteria who is within or without the class. Moreover, the class is defined in terms of merits-based criteria, such as whether one has a claim, whether one makes certain allegations, the definition of Chinese Drywall, etc… Objection is also made to the class definition in that allowing defendants to be class members creates a conflict of interest and objection is made on that basis. How can class counsel represent a putative class made up of defendants and not create a conflict of interest for themselves and for the class representatives? They cannot.

Objection is made further that the proponents of this settlement have not carried their burden of proof on the fairness, adequacy and reasonableness of this settlement. "To safeguard the interests of absent class members, district courts must determine whether proposed class-action settlements are fair, adequate, and reasonable. To do this in the Fifth Circuit, courts evaluate the six *Reed* factors." *Union Asset Management Holding A.G. v. Dell, Inc.*, 669 F.3d 632 (5th Cir. 2012)(pet. filed). "The *Reed* factors are "(1) the existence of fraud or collusion behind the settlement; (2) the complexity, expense, and likely duration of the litigation; (3) the stage of the proceedings and the amount of discovery completed; (4) the probability of plaintiffs' success on the merits; (5) the range of possible recovery; and (6) the opinions of the class counsel, class representatives, and absent class members." *Reed v. General Motors Corp.*, 703 F.2d 170, 172 (5th Cir. 1983)." Id. The proponents of this settlement cannot sustain their burden of proof on the fairness, reasonableness and adequacy of this settlement.

Objection is also made that this class action cannot be maintained as a class action under the requirements of Rule 23 of the Federal Rules of Civil Procedure. Specifically, the proponents cannot satisfy their burden of proof that this case can satisfy the requirements of predominance, commonality and superiority, among the other requirements of Rule 23. There are simply too many individualized issues of various states' laws to maintain this case as a class action, and the proponents have the burden of proof on these issues.

Objection is made to the request for attorneys' fees under both a percentage of recovery basis and a lodestar analysis. *See Dell, Inc.*, 669 F.3d at 642-643. This is a substantial common fund settlement. It is very nearly a mega-fund case. It is typical in common fund cases involving very large settlements for the percentage to decrease as the amount of the fund increases. Here, attorneys' fees should not exceed 10% of the common fund under the circumstances of this case. It is also unclear if common benefit fees are included in the proposed 32% fee award or are in addition to. Objection is made to any common benefit fees in addition to the award of attorneys' fees and that number must be capped at 10% of the fund.

In summary, Objectors respectfully request that these objections are granted, that the proposed settlement is denied in its entirety, and that the Court reject and refuse the application for the award of attorneys' fees and expenses. Objectors' incorporate by reference the objections made by co-objectors, including but not limited to those made by Wayne Kaplan.

Dated: September 28, 2012

Respectfully submitted,

By:    /s/ Christopher A. Bandas
Christopher A. Bandas
State Bar No. 00787637
Southern Bar No. 17509
BANDAS LAW FIRM, P.C.
500 North Shoreline Blvd., Suite 1020
Corpus Christi, Texas 78401-0353
(361) 698-5200 Telephone
(361) 698-5222 Facsimile
Counsel for Objectors Jan Petrus; Saul Soto, SHS Construction; Ronnie Garcia, Bay Area Contracting Construction, Inc. and Ernest Vitela, E and E Construction Co.

PROOF OF SERVICE

I hereby certify that on the 28th day of September 2012 a true and correct copy of the above and foregoing was served on the following as indicated below as well as all counsel of record via the Court's CM/ECF system.

Via U.S. Mail & CM-RRR
Arnold Levin
Levin, Fishein, Sedran & Berman
510 Walnut Street, Ste. 500
Philadelphia, PA 19106
Plaintiffs' Lead Counsel

Via U.S. Mail & CM-RRR
Russ M. Herman
Herman, Herman & Katz, LLP
820 O'Keefe Avenue
New Orleans, LA 70013
Defendants' Counsel

Via CM-ECF Filing
Clerk of Court
United States District Court for the
Eastern District of Louisiana
500 Poydras Street
New Orleans, LA 70130

           /s/ Christopher A. Bandas
           Christopher A. Bandas