UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: CHINESE MANUFACTURED | * | MDL No. 2047 |
| DRYWALL PRODUCTS LIABILITY | * | |
| LITIGATION | * | SECTION L |
| | * | |
| | * | JUDGE ELDON E. FALLON |
| | * | |
| | * | MAGISTRATE JUDGE |
| | * | JOSEPH C. WILKINSON, JR. |
| | * | |

* * * * * * * * * * * * * * * * * * * * * * * * * * * * *

**THIS DOCUMENT RELATES TO:** *The Mitchell Co., Inc. v. Knauf Gips KG et al.*, Case No. 09-4115

**REPLY MEMORANDUM OF DEFENDANT TAISHAN GYPSUM CO. LTD.
IN FURTHER SUPPORT OF ITS MOTION PURSUANT TO 28 U.S.C. § 1292(b) TO
CERTIFY THE COURT'S ORDER & REASONS FOR INTERLOCUTORY APPEAL
AND STAY FURTHER PROCEEDINGS AGAINST TG PENDING THE APPEAL**

Defendant Taishan Gypsum Co. Ltd. ("TG") submits this reply memorandum in further support of its motion for an order pursuant to 28 U.S.C. § 1292(b) certifying this Court's Order & Reasons filed on September 4, 2012 for immediate interlocutory appeal, and granting a stay of further proceedings against it pending resolution of the appeal.

**ARGUMENT**

In its September 24, 2012 Memorandum in Response ("Response"), the PSC does not oppose a stay of the proceedings as against the TG. Rather, the PSC takes issue with a stay of the *entire* proceedings in *Mitchell* until resolution of the interlocutory appeals, including a stay of prosecution of claims against all non-settling defendants. To be clear, TG's request only is limited to a stay of proceedings with respect to the appealing party, TG only.

The PSC also appears to concede that the Order & Reasons concerns a "controlling question of law", leaving "it to the sound discretion of the Court" and noting that "this Court has already described the issue of whether the Court has jurisdiction over Taishan in *Germano* as a 'substantial issue.'" Response at pp. 2, 10.

The PSC also notes in its Response that "many of the issues in the *Germano* appeal will overlap with issues raised in this action pertaining to personal jurisdiction over Taishan," (Response at p. 10) seemingly acknowledging the practicality behind the Fifth Circuit addressing these issues at the same time. In addition, however, critical issues that led to the Court's ruling in *Mitchell* do not overlap with *Germano*. For example, the appeal in *Mitchell* will address whether the District Court erred in imputing the Florida contacts of TTP to TG under Florida law, and then finding personal jurisdiction based on their collective contacts, which issue will not be addressed in *Germano*. Also, the jurisdictional facts in *Germano* involve TG's contacts with Virginia, while the jurisdictional facts in *Mitchell* involve TTP's contacts with Florida, each of which involve different circumstances and which may invoke different outcomes. Accordingly, it would be most efficient and time saving if the interrelated cases were addressed together in a consolidated appeal.

The PSC, however, appears to question whether TG has met the standard for certification under 28 U.S.C. § 1292(b) of establishing that "a substantial ground for difference of opinion" exists on the Court's choice of law analysis and on the standard of governing law in the Fifth Circuit on personal jurisdiction over foreign defendants. The PSC asserts that a substantial ground for difference on a controlling question of law is not established merely because (a) the Fifth Circuit has not yet ruled on the issue; or (b) there is disagreement between two district courts. Response at p. 11. While these facts may not *per se* require a finding of a substantial

ground for difference of opinion on a controlling question of law in a particular case, they still may, on their own or in conjunction with other factors, meet the standard.  *See* R. Doc. No. 15812 ("Moving Br.") at pp. 3-4.

In this case, the TG has amply demonstrated that there is a substantial ground for difference of opinion concerning both (a) whether the Court should have applied the law of the Eleventh Circuit to the question of whether it had minimum contacts with Florida sufficient to satisfy Due Process; and (b) whether *J. McIntyre Mach., Ltd. v. Nicastro*, 131 S. Ct. 2780 (2011) ("*McIntyre*") altered Fifth Circuit law concerning stream of commerce jurisdiction, and other controlling questions of law.  *Multiple* (not just two) Circuit Courts and District Courts, both inside and outside the Fifth Circuit, have disagreed with this Court's holding on the choice of law issue as well as this Court's interpretation of the holding of *McIntyre*, both issues upon which the Fifth Circuit has not yet ruled.[1]  *See* Moving Br. at pp. 4-11.  Further, as explained in its Moving Brief, TG has demonstrated that there is a real possibility that, in light of the holding in *McIntyre*, that the Fifth Circuit will find reason to distinguish this case from *Ruston Gas* and others.  Moving Br. at pp. 9-10.

## CONCLUSION

For all of the foregoing reasons, the Court should grant TG's motion pursuant to 28 U.S.C. § 1292(b) to certify for interlocutory appeal this Court's Order & Reasons and stay these actions with regard to TG pending resolution of the appeals.

September 27, 2012

---

[1] Indeed, even prior to *McIntyre*, Fifth Circuit Judge DeMoss, in his concurrence in *Luv n' Care*, expressly recognized the circuit split created by *Asahi* and urged the Supreme Court to resolve the issue.  *Luv n' Care, Ltd. v. Insta-Mix, Inc.*, 438 F.3d 465, 474 (5th Cir. 2006).

3

Respectfully submitted,

*/s/* Thomas P. Owen Jr.
Joe Cyr
Frank T. Spano
Eric Statman
HOGAN LOVELLS US LLP
875 Third Avenue
New York, New York 10022
Telephone: 212-918-3000
Facsimile: 212-918-3100
Joe.cyr@hoganlovells.com
Frank.spano@hoganlovells.com
Eric.statman@hoganlovells.com

Richard C. Stanley (La. Bar No. 8487)
Thomas P. Owen, Jr. (La. Bar No. 28181)
STANLEY, REUTER, ROSS, THORNTON & ALFORD, LLC
909 Poydras Street, Suite 2500
New Orleans, Louisiana 70112
Telephone: 504-523-1580
Facsimile: 504-524-0069
rcs@stanleyreuter.com
tpo@stanleyreuter.com

**Attorneys for Taishan Gypsum Co. Ltd.**

**CERTIFICATE OF SERVICE**

    I hereby certify that the above and foregoing Reply Memorandum of Defendant TG in Further Support of its Motion Pursuant to 28 U.S.C. § 1292(b) to Certify the Court's Order & Reasons for Interlocutory Appeal and Stay Further Proceedings Pending Appeal has been served on Plaintiffs' Liaison Counsel, Russ Herman, and defendants' Liaison Counsel, Kerry Miller, by U.S. Mail and e-mail and upon all parties by electronically uploading the same to Lexis Nexus File & Serve in accordance with the Pretrial Order No. 6, and that the foregoing was also electronically filed with the Clerk of the Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2047, on this 27th day of September, 2012.

                                                            */s/* Thomas P. Owen, Jr.