UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: CHINESE-MANUFACTURED DRYWALL PRODUCTS LIABILITY LITIGATION | * * * | MDL NO. 2047 |
| | * | SECTION: "L" (2) |
| THIS DOCUMENT APPLIES TO: | * * | |
| | * | JUDGE ELDON E. FALLON |
| *JESSICA CASSIDY V. GEBRUEDER KNAUF* (2:11-cv-3023) | * * | MAG. JUDGE WILKINSON |
| and | * * | |
| *ROBERT W. BLOCK, III, et al V. GEBRUEDER KNAUF VERWALTUNGESELLSCHAFT, ET AL* (2:11-cv-1363) | * * * * * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

## MEMORANDUM IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT

**MAY IT PLEASE THE COURT:**

This matter is one of numerous omnibus class-action complaints made against several drywall manufacturers, distributers, builders, installers, and other classes of individuals, partnerships, and corporations. The omnibus complaints all contain essentially the same allegations against the classes of defendants. The class-action plaintiffs all claim that drywall was manufactured in China, shipped to the United States, sold by numerous distributors, wholesalers, and retailers, and eventually installed in the houses of the class-action plaintiffs. As a result of the allegedly defective drywall ("the drywall"), which contained, among other chemicals, sulfur compounds, class-action plaintiffs alleged that they suffered various health

F:\DOCS\12000's\12000-12099\12084\MSJ.doc

problems or damages to their homes, including damage to their plumbing fixtures, appliances and electric components.

JVP Drywall and Finish, Inc. has been named as an installer defendant by approximately forty Plaintiffs who all own or owned units at a condominium complex at 219 NW 12th Avenue, Miami, Florida. The allegations against JVP Drywall and Finish, Inc. are virtually identical across all omnibus complaints in which JVP Drywall and Finish, Inc. is a named Installer Defendant. However, as an installer, JVP Drywall and Finish, Inc. should not be held liable for the simple act of installing allegedly defective drywall, as it had no knowledge of any defect, and performed its job of installing and finishing the drywall at the subject property.

A.  **Law and Argument**

   1.  **Summary Judgment Standard**

Summary judgment is proper in any case where there is no genuine issue of material fact.[1] Under *Rule 56(c)*, summary judgment is proper "if pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."[2] A defendant who seeks summary judgment on a plaintiff's cause of action must demonstrate the absence of a genuine issue of material fact by either (1) submitting summary

---

[1] Fed. R. Civ. P. 56( c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S.Ct. 2548, 2552(1986).

[2] *Id.*

F:\DOCS\12000's\12000-12099\12084\MSJ.doc

judgment evidence that negates the existence of a material element of plaintiff's claim or (2) showing there is no evidence to support an essential element of plaintiff's claim.[3]

### 2. JVP Drywall and Finish, Inc. Cannot Be Held Liable for Drywall it Merely Installed at the Subject Property

The first issue to be determined is the choice of law issue. Mover avers that since the Plaintiffs who have filed claims against JVP Drywall & Finish, Inc. are all Florida citizens, as is JVP Drywall & Finish, Inc., then Florida law should apply in this matter. *In re Vioxx Products Liability Litigation*, 478 F.Supp.2d 897 (E.D. La., 2007). That matter ruled that regardless of the location of the MDL Court, Louisiana choice of law provisions mandated that the Plaintiff's individual forum state's law should apply. Thus, for the purposes of this Motion for Summary Judgment, Florida law should apply.

At issue in this Motion for Summary Judgment is the question as to whether an installer of drywall, who had no part in the manufacture, import, or distribution of the drywall can be held liable for a manufacturing defect as alleged by Plaintiffs. Regardless of the manufacturer of the allegedly defective drywall, be it Knauf or Taishan, the drywall itself is deemed to be defective. Nothing that the Plaintiffs have alleged relates to any defect in the installation of the drywall – merely that the drywall is defective in its manufacture, and that manufacturing defect was the alleged cause of Plaintiffs' injuries and damages. Pursuant to Florida law, a Plaintiff cannot hold a Defendant strictly liable for injuries caused by a product that was manufactured by another. *Levine v. Wyeth Inc.*, 684 F.Supp.2d 1338 (M.D. Fla., 2010).

---

3 *J. Geils Band Employee Benefit Plan v. Smith Barney Shearson, Inc.*, 76 F.3d 1245, 1251 (1st Cir. 1996); *Celotex Corp.*, 477 U.S. at 322-23, 106 S.Ct. at 2552.

In this matter, as evidenced by the Affidavit of Jose Perez, owner of JVP Drywall and Finish, Inc., attached as Exhibit "A", JVP Drywall and Finish, Inc. (hereinafter "JVP") did not manufacture the allegedly defective drywall. JVP only installed the drywall, and any claims that Defendant is liable for the defective drywall *itself*, rather than for improper installation, cannot stand. *See*, class-action Plaintiff's allegations, Paragraphs 24 through 35, alleging "problematic and unreasonably dangerous drywall," as opposed to "improperly installed" drywall.

In *Wood-Hopkins Contracting Co. v. Masonry Contractors, Inc.*, 235 So.2d 548, 551 (Fla. App., 1970), the Court reasoned, in an analogous case, that the installer/contractor of a building could not be found liable for latent defects in masonry that the contractor did not itself manufacture, as the defect was a manufacturing defect. By citing Am.Jur.2d 29, Building, Etc., Contracts, s 27, the Court noted:

> There is no dispute but that the type of brick specified in the contract was of a particular type manufactured by only one supplier. The subcontractor purchased and installed the exact type of brick called for in the specifications. The latent defect present in the brick was not discernible by the exercise of care and skill in inspecting them, and was present in the brick through no fault and with no knowledge of the subcontractor. There is no dispute but that the brick were installed strictly in accordance with the plans and specifications of the contract, and no fault was found in the workmanlike manner in which the installation was made.
>
> The general rule on the question presented by this appeal is enunciated by the author of American Jurisprudence as follows:
>
> "* * * Moreover, it has been held that if there is a latent defect in bricks sold, caused by unfit clay, and not discoverable by the exercise of care and skill in inspecting them after they are manufactured, and a contractor in good faith and without knowledge of the defect buys the bricks and uses them in constructing a building which is accepted by the owner, the contractor is without fault though the defect in the bricks is subsequently developed by their exposure to the weather,

>and he is not answerable to the owner for the latent defect or liable for the amount of damage to the building caused by such defect.' *Id.*

Thus, pursuant to Florida law, where a latent defect exists, an installer who does not have knowledge of the defect (which is true with a latent defect) cannot be held liable for a manufacturing defect. In the instant matter, as evidenced by the Affidavit of Jose Perez, JVP did not have any knowledge of any contaminated, defective, or otherwise faulty drywall at the time they installed the drywall. Furthermore, JVP did not learn of any defect until after the issue of "Chinese" drywall became publicized. "A latent defect is one "not apparent by use of one's ordinary senses from a casual observation of the premises [internal citations omitted] or 'hidden from the knowledge as well as from the sight and ... not [discoverable] by the exercise of reasonable care,'" *Holsworth v. Florida Power & Light Co.*, 700 So.2d 705, 708 (Fla. App. 4 Dist., 1997), *citing Kagan v. Eisenstadt*, 98 So.2d 370, 371 (Fla. 3d DCA 1957) *and Grall v. Risden*, 167 So.2d 610, 613 (Fla. 2d DCA 1964).

Even pursuant to Louisiana law, no installer can be held negligent due to only a manufacturing defect, when there is no alleged improper installation of the defective product. *Lilly, Inc. v. Argus Technical System, Inc.*, 538 So.2d 717 (La. App. 4 Cir., 1989). Although Florida law applies in this matter, the fact that Louisiana law would mandate the same outcome is merely illustrative.

In the instant matter, since JVP did not have any knowledge of any latent defect, it cannot be held liable for any manufacturing defect of any of the drywall it installed. Furthermore, in their Complaint, class-action plaintiffs allege that the drywall at issue contained sulfur compounds, and do not allege how any person who was not involved in the design, manufacture,

testing, or distribution could have or should have had knowledge of the chemical makeup of the allegedly defective drywall. The alleged defects were all latent. Thus, Counts I, II and III (Negligence, Negligence *Per Se*, and Strict Liability) of Plaintiff's class-action complaint should be dismissed.

    **3.**    **JVP Drywall and Finish, Inc. Cannot be Liable for Breach of any Warranty.**

Initially, it should be noted that Plaintiffs' claims against JVP pursuant to Count IV of the class-action Complaint allege Breach of Express and/or Implied Warranties against all Defendants relates to the manufacture, distribution, and sale of the drywall. However, even assuming that JVP performed any function apart from installation of the allegedly defective drywall, given that the drywall contained a latent defect, JVP cannot be held liable for breach of any warranty as alleged by Plaintiffs. JVP was not the manufacturer or distributor of the allegedly defective drywall, and, as such, made no express warranty. Furthermore, as the installer, JVP did not grant any implied warranties to the Plaintiffs, as JVP is not a seller. Implied warranties of merchantability and fitness exist with sellers, and not a provider of a service. *Gable v. Silver*, 258 So.2d 11 (Fla. App. 1972). JVP is an installer, which provides a service, and is not a seller of goods. Thus, no implied warranty claims may stand against JVP.

    **4.**    **JVP Drywall and Finish, Inc. Cannot be Liable for Nuisance, Unjust Enrichment, or Violation of Florida's Consumer Protection Act**

In order to maintain an action for private nuisance, Plaintiffs must show that the JVP engaged in tortuous activities. "Although no particular type of conduct on behalf of the defendants is necessary to establish a nuisance, it is generally agreed that a nuisance may rest on an intentional invasion of a person's property rights, on negligence, or on conduct abnormal and

F:\DOCS\12000's\12000-12099\12084\MSJ.doc

out of place in its surroundings." *Durrance v. Sanders*, 329 So.2d 26 (Fla. App. 1976). All JVP has done in this matter is to install drywall that allegedly contained sulfur compounds, which, per JVP's Affidavit, JVP had no knowledge of this latent defect. The claims against JVP for nuisance are neither an intentional invasion of property rights, as there must be knowledge for there to be intent, nor are they negligence or abnormal conduct, as previously explained. All JVP did was to install a product – and not negligently, as no negligent installation has been alleged – that contained latent defects for which JVP is not liable. Thus, JVP cannot be liable for private nuisance.

As far as unjust enrichment, under Florida law, the elements of a cause of action for unjust enrichment are: (1) plaintiff has conferred a benefit on the defendant, who has knowledge thereof; (2) defendant voluntarily accepts and retains the benefit conferred; and (3) the circumstances are such that it would be inequitable for the defendant to retain the benefit without paying the value thereof to the plaintiff. *Lewis v. Seneff*, 654 F.Supp.2d 1349 (M.D. Fla., 2009). Assuming that payment for the installation of the drywall in the Plaintiffs' condominium units is a "benefit" that JVP voluntarily accepted, then the third condition must be met for Plaintiffs to maintain a claim for unjust enrichment. As has been previously noted, JVP was paid for a job it did, and did without complaint. That is, the installation of the drywall was not defective, the drywall instead contained a latent defect that JVP had no knowledge of, nor did JVP have any way of knowing that the latent defect existed. Under these circumstances, JVP's acceptance of payment for a job it did properly does not render the payment, the "benefit" inequitable, because of the existence of an allegedly latent defect in the product it installed.

F:\DOCS\12000's\12000-12099\12084\MSJ.doc

Finally, Plaintiffs claim violations of Florida's Deceptive and Unfair Trade Practices Act (FDUTPA) (cited as F.S. §501.201, *et seq.*) against all Defendants, including JVP. Plaintiffs, however, cannot maintain a claim pursuant to the FDUTPA against JVP, as Plaintiffs have not alleged in any portion of their Complaint, that JVP has engaged in any "unfair trade practices or unfair methods of competition [rather than] a violation of any law or statute that may have some benefit to consumers." *In re Edgewater By The Bay, LLLP*, 419 B.R. 511 (Bkrtcy. S.D. Fla., 2009).

Even if the reading of the FDUTPA by the Bankruptcy Court is too limiting, the claims alleged by Plaintiffs, pursuant to F.S. § 501.201(3), must include a violation of, "Any law, statute, rule, regulation, or ordinance which proscribes unfair methods of competition, or unfair, deceptive, or unconscionable acts or practices." Again, Plaintiffs have not alleged, nor can they prove, that JVP was engaged in any deceptive practice. Even assuming the most lenient reading of the FDUTPA, JVP did nothing more than *properly and competently* install drywall in the subject condominium units. There was nothing deceptive or unfair about the service provided by JVP, and Plaintiffs have not alleged that JVP intentionally installed allegedly defective drywall to gain a competitive advantage over other drywall installers.

The final three counts against JVP, that of Private Nuisance, Unjust Enrichment, and Violation of Florida's Consumer Protection Act, should be dismissed, with prejudice, for the reasons outlined above.

## CONCLUSION

For the foregoing reasons, JVP Drywall and Finish, Inc. prays that judgment be granted in its favor, dismissing all claims asserted against it by class-action Plaintiffs, as there is no issue of material fact remaining, and JVP Drywall and Finish, Inc. is entitled to summary dismissal.

Respectfully submitted,

**UNGARINO & ECKERT L.L.C.**

**/s/ MATTHEW J. UNGARINO**
**MATTHEW J. UNGARINO (#15061)**
**DANIEL G. COLLARINI (#29128)**
**3850 N. Causeway Blvd., Suite 1280**
**Metairie, Louisiana  70002**
**Telephone:    (504) 836-7531**
**Fax:              (504) 836-7538**
**mungarino@ungarino-eckert.com**

## CERTIFICATE OF SERVICE

I, the undersigned, do hereby certify that I have on this 4th day of October, 2012, electronically filed a copy of the foregoing with the Clerk of Court to be served by operation of the Court's electronic filing system upon the parties of record.

/s/ MATTHEW J. UNGARINO

F:\DOCS\12000's\12000-12099\12084\MSJ.doc