# EXHIBIT C

# EXHIBIT 1

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF LOUISIANA

IN RE:  CHINESE-MANUFACTURED
DRYWALL PRODUCTS LIABILITY
LITIGATION

MDL NO. 09-2047

SECTION L

JUDGE FALLON

THIS DOCUMENT RELATES TO
ALL CASES

MAG. JUDGE WILKINSON

**OBJECTIONS AND RESPONSE OF THE NORTH RIVER INSURANCE COMPANY
TO THE MOTION OF THE PLAINTIFFS' STEERING COMMITTEE
FOR AN ORDER APPROVING CLASS SETTLEMENTS**

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

Defendant The North River Insurance Company ("North River") responds to the Motion of the Plaintiffs' Steering Committee for an Order granting final approval to the proposed InEx Settlement, Banner Settlement, L&W Settlement, Knauf Settlement, and Global Settlement (Document 15764) as follows:

1. North River takes no position on the Banner Settlement, L&W Settlement, and Global Settlement.

2. On the InEx Settlement and the Knauf Settlement, North River has not and will not consent to the proposed assignment of rights under policies of insurance issued by North River to Interior Exterior Building Supply, LP and North River objects to any provision of either agreement that purports to assign rights under any policy of insurance issued by North River.

3. On the InEx Settlement, North River objects to the provision requesting a judicial determination that the primary insurance carriers for Interior Exterior Building Supply, LP will exhaust coverage under the primary policies by paying policy proceeds into an escrow fund. North River objects because (1) payment of policy proceeds into an escrow fund does not

constitute payment of covered claims that reduce coverage provided by the primary policies and (2) from the face of the InEx Agreement, it is clear that some of the policy proceeds will be used for payment of noncovered claims, which will not reduce coverage provided by the primary policies.

3. On the Knauf Settlement, the term Released Claims is defined to include "any and all claims" against any Knauf entity being released "arising out of, in any manner related to, or connected in any way with KPT Chinese Drywall...." As written, that would include a release of claims that now belong or that may in the future arise against any Knauf entity by North River. North River is not a party to the Knauf Settlement and is not receiving any consideration for the Knauf Settlement. The Knauf Settlement also contains a proposed litigation bar that would similarly purport to deprive North River of its right to pursue claims against any Knauf entity. North River objects to the request for a judicial fiat to arbitrarily deprive North River of rights it has or may have against any and all Knauf-related entities.

4. North River incorporates by reference the Objections of The North River Insurance Company to the Proposed Knauf Settlement [Doc. No. 12088] and the Objections of The North River Insurance Company to the Request for Certification of an INEX Settlement Class previously filed by North River [ Doc. No. 8683].

Respectfully submitted,

THOMPSON COE COUSINS & IRONS LLP

By: _____ */s Eric B. Berger* _____

 BRIAN S. MARTIN, ESQ.
 KEVIN RISLEY, ESQ.
 RODRIGO "DIEGO" GARCIA, JR., ESQ.
 One Riverway, Suite 1600
 Houston, Texas 77056
 Phone: (713) 403-8206
 Fax: (713) 403-8299
 bmartin@thompsoncoe.com

 LOBMAN CARNAHAN BATT ANGELLE
 & NADER

 SIDNEY J. ANGELLE, ESQ.
 La. Bar No. 1002
 ERIC B. BERGER, ESQ.
 La. Bar No. 26196
 400 Poydras Street, Suite 2300
 New Orleans, Louisiana 70130
 Phone: (504) 586-9292
 Fax: (504) 586-1290
 sja@lcba-law.com
 ebb@lcba-law.com

 ATTORNEYS FOR THE NORTH RIVER
 INSURANCE COMPANY

## CERTIFICATE OF SERVICE

I hereby certify that the above and foregoing pleading has been served on Plaintiffs' Liaison Counsel, Russ Hermann, by e-mail and upon all parties by electronically uploading the same to LexisNexis File & Serve in accordance with Pre-Trial Order No. 6, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2047 on September 28, 2012.

       _____ */s Eric B. Berger* _____
      ERIC B. BERGER

# EXHIBIT 2

# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE CHINESE-MANUFACTURED | § | MDL NO. 2047 |
| DRYWALL PRODUCTS LIABILITY | § | SECTION L |
| LITIGATION | § | |
| | § | |
| THIS DOCUMENT RELATES TO: | § | |
| | § | JUDGE FALLON |
| *Silva, et al. v. Interior Exterior Building* | § | MAGISTRATE JUDGE |
| *Supply, LP, et al.* | § | WILKINSON |
| EDLA 09-08030 | § | |
| | § | |
| *Silva, et al. v. Arch Insurance Company, et al.* | § | |
| EDLA 09-08034 | § | |
| | § | |
| *Payton, et al. v. Knauf Gips, KG, et al.* | § | |
| EDLA 09-07628 | § | |
| | § | |
| *Wiltz, et al. v. Beijing New Building Materials* | § | |
| *Public Limited Co., et al.* | § | |
| EDLA 2:10-cv-000361 | § | |
| | § | |
| *Gross, et al. v. Knauf Gips, KG, et al.* | § | |
| EDLA 2:09-cv-6690 | § | |
| | § | |
| *Rogers, et al. v. Knauf Gips, KG, et al.* | § | |
| EDLA 2:10-cv-00362 | § | |
| | § | |
| *Amato, et al. v. Liberty Mutual Ins. Co.* | § | |
| EDLA 2:10-cv-00932 | § | |
| | § | |
| *Kenneth Abel, et al. v. Taishan Gypsum Co.,* | § | |
| *Ltd., f/k/a Shangdong Taihe Dongxin Co., Ltd.,* | § | |
| *et al.* | § | |
| EDLA 2:11-cv-080 | § | |
| | § | |
| *Daniel Abreau, et al. v. Gebrueder Knauf* | § | |

1

587054.2

*Verwaltungsgesellschaft, KG, et al.*                §
EDLA 2:11-cv-252                                      §
                                                     §
_____§

## NOTICE OF OBJECTION TO PROPOSED SETTLEMENT OF INEX CLASS ACTION

September 27, 2012

**VIA CMRRR**

Mr. Arnold Levin, Esq.
Levin, Fishbein, Sedran & Berman
510 Walnut Street, Suite 500
Philadelphia, PA 19106

**VIA CMRRR**

Mr. Richard Duplantier, Esq.
Galloway, Johnson, Tompkins, Burr & Smith
One Shell Square
701 Poydras Street, 40th Floor
New Orleans, LA 70139

Dear Messrs. Levin and Duplantier:

In accordance with the Court's Order (1) Setting Consolidated Fairness Hearing, (2) Establishing Coordinated Opt Out, Objection and Briefing Deadlines, and (3) Entering Litigation Stay in Favor of Settling Parties (D.I. 14566 in 2:09-md-02047-EEF-JCW), as well as the Notice of Pendency and Proposed Settlement of InEx Class Action approved by the Court and posted on the Drywall MDL's webpage, http://www.laed.uscourts.gov/Drywall/Settlements.htm, please allow this letter to serve as notice of Perry Homes, LLC's and Perry Homes, a Joint Venture's (collectively, "Perry Homes") notice of intention to object to the Proposed Settlement of InEx Class Action (the "InEx Settlement") (D.I. 12258-3 in Case No. 2:09-md-02047-EEF-JCW).

Perry Homes, LLC, is the successor-in-interest to Perry Homes, a Joint Venture. The physical address for Perry Homes, LLC, is 9000 Gulf Freeway, Houston, Texas 77234. The mailing address for Perry Homes, LLC, is P.O. Box 34306, Houston, Texas 77234. The telephone number for Mr. Brisch, Perry Homes' general counsel, is (713) 948-7841. Perry Homes has direct claims against Settling Defendants in the InEx Settlement, and is also the assignee of all claims, except personal injury claims, of thirteen homeowners whose homes

2

587054.2

contained Knauf Tianjin ("KPT") drywall board.  The names and addresses of those homeowners and their affected homes are identified in the spreadsheet enclosed herewith as Exhibit "A." However, Interior/Exterior Building Supply LP provided a more extensive list of additional homes that may have received KPT board.  The names of the homeowners for those homes and their potentially affected addresses is enclosed herewith as Exhibit "B."  To the best of Perry Homes' knowledge, none of the homes on Exhibit "B" have been determined to contain reactive KPT drywall board, except to the extent any of the homes on Exhibit "B" are duplicative of the homes on Exhibit "A."  Perry Homes asserts its objection not only based on the direct claims it has against the Settling Defendants in the InEx Settlement, including, but not limited to, claims for contribution, indemnification, or subrogation, but also as the assignee of all claims of the homeowners identified on Exhibit "A," and for any and all claims Perry Homes may have arising from or relating to the subsequent discovery of Chinese Drywall (as that term is defined in Section 1.7 of the InEx Settlement) in any of the homes identified on Exhibit "B," including, but not limited to, claims for contribution, indemnification and subrogation.

Perry Homes intends for Mr. York, its undersigned retained counsel to appear at the Joint Fairness Hearing.  At this time, based on the objections stated below, Perry Homes has no intention of calling any witnesses to testify and does not intend to offer any documents except for those documents which have been submitted to the Court in support of the Plaintiff Steering Committee's ("PSC") Motion for Final Approval of, *inter alia*, the InEx Settlement, as well as the InEx Settlement.

Perry Homes' objects to Paragraph 8 of the proposed order submitted by the PSC as Exhibit 1 to the Motion for Final Approval (D.I. 15749-4 in Case No. 2:09-md-02047-EEF-JCW).  That paragraph states:

> 8.     Any and all InEx Class Members, including, but not limited to, those who have not properly opted out of the InEx Class, are enjoined and forever barred from maintaining, continuing, prosecuting, and/or commencing the Litigation, Related Actions, Related Claims, or any action, pending or future, against the InEx Settling Defendants that arises from, concerns, or otherwise relates, directly or indirectly, to Chinese Drywall.

The amended InEx Settlement dated January 24, 2012 (D.I. 12258-3 in Case No. 2:09-md-02047-EEF-JCW) defines a "Class Member" as

3

"all persons or entities with claims, known or unknown, against the Settling Defendants arising from, or otherwise related in any way to Chinese Drywall sold, marketed, distributed, and/or supplied by InEx."[1]

Thus, the express wording of Paragraph 8 of the proposed order would bar any Class Member who timely and properly opts out of the Global Settlement from maintaining, continuing, prosecuting, and/or commencing any litigation against any Settling Defendant that arises from, or otherwise related in any way to Chinese Drywall sold, marketed, distributed, and/or supplied by InEx. This conflicts with Section 7.3.3 of the InEx Settlement, which states, "**By opting out, a Class Member is not releasing any claims, causes of action, obligations, liabilities, demands, suits, covenants, contracts, controversies, agreements, promises, damages, judgments and/or executions against any of the Settling Defendants.**"

Paragraph 8 also conflicts with page 6 of the approved notice, which is posted on the Court's drywall webpage (URL address, *supra*) which states,

**IF YOU WISH TO PURSUE AN INDIVIDUAL CLAIM AGAINST INEX BY LITIGATION, ARBITRATION, OR OTHERWISE, YOU MUST REQUEST EXCLUSION; OTHERWISE, IF THE SETTLEMENT IS APPROVED, YOU WILL NOT BE ABLE TO PURSUE CLAIMS AGAINST INEX ARISING OUT OF CHINESE DRYWALL.**

The proposed bar order in Paragraph 8 renders the opt-out terms of the InEx Settlement meaningless, and forces parties to accept the terms of a settlement agreement they find objectionable or unacceptable. Perry Homes questions whether Paragraph 8 reflects the true intent of the Parties' mutual assent to the terms of the InEx Settlement. If the Parties intend to waive all claims of a Class Member who properly opts out, including, but not limited to claims for contribution, indemnification or subrogation, Paragraph 8 is untenable and inequitable.

Perry Homes objects to Paragraph 8 of the proposed order and requests the Court modify the proposed order to reflect the bar order does not bar any InEx Class Member who timely and properly opts out of the InEx Settlement from maintaining, continuing, prosecuting, and/or commencing any litigation against any Settling Defendant arising from, or otherwise related in any way to Chinese Drywall sold, marketed, distributed, and/or supplied by InEx.[2]

---

[1]      The amended InEx Settlement clearly expresses that Builders, such as Perry Homes, are within the definition of the Class. *See* Section 4.1.6 ("Notwithstanding the foregoing, with respect to the Class Members who are Builders (the "Builder Class Members") . . .").

[2]      Out of an abundance of caution, Perry Homes hereby adopts and incorporates as if fully set forth herein its Amicus Memorandum in Opposition to Joint Motion for an Order: (1) Preliminarily Approving InEx (cont'd.)

4

Should you have any questions concerning Perry Homes' intent to object to the Global Settlement, please direct them to Perry Homes' counsel, Drew York of Looper Reed & McGraw, P.C., at 1601 Elm Street, Suite 4600, Dallas, Texas 75201, (214) 237-6361 or dyork@lrmlaw.com.

Sincerely,

Michael C. Brisch
General Counsel

Sincerely,

Andrew K. York
Retained Counsel

Settlement Agreement; (2) Conditionally Certifying InEx Settlement Class; (3) Issuing Class Notice; and (4) Scheduling a Settlement Fairness Hearing (D.I. 8700 in Case No. 2:09-md-02047-EEF-JCW).

5

587054.2

**Perry Homes, LLC, Properties Confirmed to Contain Reactive KPT Chinese Drywall**

| Street Address | City, State and Zip Code | Homeowner(s) |
|---|---|---|
| 26819 Shoal Hollow Court | Cypress, Texas 77433 | David and Doris Detweiler |
| 11510 Carson Field Lane | Cypress, Texas 77433 | John and Kellie Tolarski |
| 4823 Mosaic Canyon Court | Humble, Texas 77396 | Mr. & Mrs. Malcolm Frank |
| 12930 Redbud Shores Lane | Houston, Texas 77044 | Ms. Margaret Cotrone |
| 16002 Maple Shores Drive | Houston, Texas 77044 | Mr. & Mrs. Brenton Underwood |
| 15927 Chart House Court | Houston, Texas 77044 | Mr. and Mrs. Tim Sanders |
| 14907 Barton Grove Lane | Humble, Texas 77396 | Ms. Joanna Lewis |
| 14718 Fountain Stone Lane | Humble, Texas 77396 | Ms. Jefferson Bullock |
| 9418 Bearden Creek Lane | Humble, Texas 77396 | Mr. Cam Lu |
| 25738 Beckham Springs Court | Spring, Texas 77373 | Mr. and Mrs. Sergio Lemus |
| 27645 Fairhope Meadow Lane | Kingwood, Texas 77339 | Ms. Susan Williams |
| 518 Summer Trace Lane | Richmond, Texas 77469 | Robert Svoboda and Marciela Navarro |
| 2715 Misty River Lane | Richmond, Texas 77469 | Mr. Stanley Tomlinson |

**EXHIBIT "A"**

**EXHIBIT B**

| STREET ADDRESS | CITY, STATE, ZIP CODE | BUYER NAME |
|---|---|---|
| 4823 MOSAIC CANYON COURT | HUMBLE, TX 77396 | Mr. & Mrs. Malcolm Frank |
| 4802 PARK SQUARE LANE | HUMBLE, TX 77396 | Mr. & Mrs. Donald Williams |
| 9315 CATTAIL GATE COURT | HUMBLE, TX 77396 | Mr. Juan Alvarado |
| 4810 PARK SQUARE LANE | HUMBLE, TX 77396 | Mr. & Mrs. John Butler |
| 4430 PALESTINE COVE LANE | HUMBLE, TX 77396 | Ms. Nelma Jones |
| 9415 BLACK TOOTH WAY | HUMBLE, TX 77396 | Mr. Chris Hines |
| 9447 BLACK TOOTH WAY | HUMBLE, TX 77396 | Mr. Desmond Lee |
| 4806 PARK SQUARE LANE | HUMBLE, TX 77396 | Ms. Lizzie Richmond |
| 9214 DUNE GATE COURT | HUMBLE, TX 77396 | Mr. & Mrs. Enrique Uballe |
| 9318 REFLECTIONS PATH WAY | HUMBLE, TX 77396 | Ms. Laurie Tambellini |
| 4519 EARLY AUTUMN COURT | HUMBLE, TX 77396 | Ms. Crystal Sanchez |
| 9138 RED CASTLE LANE | HUMBLE, TX 77396 | Ms. Kate Edwards |
| 4319 GRANITE PARK WAY | HUMBLE, TX 77396 | Mr. Walter Moreham |
| 4434 SUNLIT PASS LOOP | HUMBLE, TX 77396 | Mr. Michael Knoeller |
| 9130 RED CASTLE LANE | HUMBLE, TX 77396 | B. Jackson |
| 9230 RED CASTLE LANE | HUMBLE, TX 77396 | Ms. Margarita Argueta |
| 422 COLCHESTER LANE | LEAGUE CITY, TX 77573 | Mr. & Mrs. Kenneth Nelson |
| 9827 GLASCOW GREEN | HOUSTON, TX 77089 | Mr. & Mrs. J.C. Siby |
| 9811 KIMBERLY LOCH LANE | HOUSTON, TX 77089 | Ms. Shirley Bain |
| 12519 MELLVILLE DRIVE | HOUSTON, TX 77089 | Owner |
| 10030 LOCH COURTNEY LANE | HOUSTON, TX 77089 | Mr. & Mrs. John Monnat |
| 12514 MELLVILLE DRIVE | HOUSTON, TX 77089 | Ms. Monet Thomas |
| 12510 MOUNT ANDREW | HOUSTON, TX 77089 | Mr. Dao Huynh |
| 709 LAUGHING GULL | TEXAS CITY, TX 77590 | Mr. & Mrs. Kenneth Mills |
| 2211 CAMBRIDGE SHORES LANE | PEARLAND, TX 77584 | Mr. Rodney Quindoy |
| 2207 CAMBRIDGE SHORES LANE | PEARLAND, TX 77584 | Mr. & Mrs. Joseph Hagan |
| 13007 MISTY BAY LANE | PEARLAND, TX 77584 | Mr. & Mrs. Ron Charles |
| 2612 ROCK SHOALS WAY | PEARLAND, TX 77584 | Mr. & Mrs. Alphonse Kariampally |
| 3004 AUBURN CREEK LANE | LEAGUE CITY, TX 77573 | Mr. & Mrs. Scott Cady |
| 3 GARDEN GROVE DRIVE | MANVEL, TX 77578 | Ms. Danielle Watkins |
| 6 GARDEN GROVE DRIVE | MANVEL, TX 77578 | G. Hodge |
| 29 PALM DESERT DRIVE | MANVEL, TX 77578 | Mr. Bradley Porche |
| 3116 RICHARD LANE | FRIENDSWOOD, TX 77546 | Mr. Daniel Phelps |
| 3234 PRINCE GEORGE DRIVE | FRIENDSWOOD, TX 77546 | Mr. Sirous Rasti |
| 3104 RICHARD LANE | FRIENDSWOOD, TX 77546 | Mr. & Mrs. Elvester Benson |
| 7106 TURTLE MANOR DRIVE | HUMBLE, TX 77346 | Mr. & Mrs. Craig Parham |
| 7022 TURTLE MANOR DRIVE | HUMBLE, TX 77346 | Mr. Tien Troung & Ms. Nguyen |
| 7018 TURTLE MANOR DRIVE | HUMBLE, TX 77346 | Mr. Nelson Flores |
| 7102 TURTLE MANOR DRIVE | HUMBLE, TX 77346 | Mr. Chris O'Dell |
| 14426 WILDWOOD SPRINGS LANE | HOUSTON, TX 77044 | Mr. Sean Gerard |
| 14511 QUIET SUMMER LANE | HOUSTON, TX 77044 | Mr. Joseph Carrier |
| 14522 WILDWOOD SPRINGS LANE | HOUSTON, TX 77044 | Mr. Jacinto Guerrero, Jr. |
| 14507 QUIET SUMMER LANE | HOUSTON, TX 77044 | Mr. & Mrs. James Fenney |
| 13506 SAND MOUNTAIN LANE | HOUSTON, TX 77044 | Ms. Janet Stephens |
| 13506 WILDWOOD SPRINGS COURT | HOUSTON, TX 77044 | Mr. & Mrs. Elwin Collier |
| 13503 SAND MOUNTAIN LANE | HOUSTON, TX 77044 | Mr. Randyhal Pham |
| 14403 QUIET SUMMER LANE | HOUSTON, TX 77044 | Mrs. Monica Crump Baldridge |
| 12903 REDBUD SHORES LANE | HOUSTON, TX 77044 | Ms. Candace Crawford-Cisco |
| 12907 REDBUD SHORES LANE | HOUSTON, TX 77044 | Mr. Jack Bass |
| 12923 REDBUD SHORES LANE | HOUSTON, TX 77044 | Mr. William Hamilton |
| 12930 REDBUD SHORES LANE | HOUSTON, TX 77044 | Ms. Margaret Burke Cotrone |
| 12910 REDBUD SHORES LANE | HOUSTON, TX 77044 | Mr. & Mrs. Antwan Jones |
| 12810 MAINSTAY PLACE LANE | HOUSTON, TX 77044 | Ms. Susan Gerhardt |
| 15814 SHORELINE TERRACE DRIVE | HOUSTON, TX 77044 | Mr. Julio Valladares |
| 12818 MAINSTAY PLACE LANE | HOUSTON, TX 77044 | Mr. Jerry Haygood, Jr. |
| 15910 LOST ANCHOR WAY LANE | HOUSTON, TX 77044 | Mr. Jeffrey Ballard |
| 15823 MOSSY SHORES COURT | HOUSTON, TX 77044 | Mr. Omar Ramirez |
| 15814 FINWOOD LANE | HOUSTON, TX 77044 | Ms. Lauren Oberleas |
| 15818 FINWOOD LANE | HOUSTON, TX 77044 | Mr. & Mrs. James Carsner |
| 13315 LAKE EXCURSION COURT | HOUSTON, TX 77044 | Ms. Terry Candice |
| 16002 MAPLE SHORES DRIVE (M) | HOUSTON, TX 77044 | Mr. Brenton Underwood |
| 15927 CHART HOUSE COURT | HOUSTON, TX 77044 | Mr. & Mrs. Tim Sanders |
| 13707 ELM SHORES DRIVE | HOUSTON, TX 77044 | Mrs. Michelle Wilson |
| 14903 BARTON GROVE LANE | HUMBLE, TX 77396 | Mr. Robert Renfro |
| 14923 BARTON GROVE LANE | HUMBLE, TX 77396 | Mr. Walter Broussard, Jr. |
| 14907 BARTON GROVE LANE | HUMBLE, TX 77396 | Ms. Joanna Lewis |
| 14718 FOUNTAIN STONE LANE | HUMBLE, TX 77396 | Mr. Jefferson Bullock |
| 14931 BARTON GROVE LANE | HUMBLE, TX 77396 | Mr. Guy Guidry |
| 9418 BEARDEN CREEK LANE | HUMBLE, TX 77396 | Mr. Cam Lu |
| 9514 GARNET FALLS LANE | HUMBLE, TX 77396 | Mr. Paul Montgomery |
| 9423 BEARDEN CREEK LANE | HUMBLE, TX 77396 | Mr. & Mrs. Paul Elvis |
| 11623 RAINBOW BRIDGE LANE | HUMBLE, TX 77396 | Mr. & Mrs. James Mayblin |
| 17618 SEQUOIA VIEW LANE | HUMBLE, TX 77396 | Mr. Ollie Veloso |
| 12310 GRAND PORTAGE LANE | HUMBLE, TX 77396 | Mr. & Mrs. Hector Garza |
| 17226 KOBUK VALLEY CIRCLE | HUMBLE, TX 77396 | Mr. Winfield Clarke |
| 11510 CARSON FIELD LANE | CYPRESS, TX 77433 | Mr. & Mrs. John Tolarski |
| 26819 SHOAL HOLLOW COURT | CYPRESS, TX 77433 | Mr. & Mrs. David Detweiler |
| 25738 BECKHAM SPRINGS COURT | SPRING, TX 77373 | Mr. & Mrs. Sergio Lemus |
| 25822 AUSTIN SPRINGS | SPRING, TX 77373 | Mr. Randall Allen |
| 907 COLORADO SPRINGS COURT | SPRING, TX 77373 | Mr. Patrick Meehan |
| 18502 PARTNERS VOICE DRIVE | CYPRESS, TX 77433 | Mrs. Jill Crauder-Martinez |
| 18522 PARTNERS VOICE DRIVE | CYPRESS, TX 77433 | Ms. Donna Schmidt |
| 12107 E COLONY SHORE DRIVE | CYPRESS, TX 77433 | Mr. Robert Guthrie |
| 12218 W COLONY SHORE DRIVE | CYPRESS, TX 77433 | Mr. Joseph Tischner |
| 18622 GAIL SHORE DRIVE | CYPRESS, TX 77433 | Ms. Penelope Harris |
| 18626 GAIL SHORE DRIVE | CYPRESS, TX 77433 | Mr. Nathaniel Burleson, Jr. |
| 26864 SQUIRES PARK DRIVE | KINGWOOD, TX 77339 | Mr. Fred Ganjehel |
| 26879 TREASURES RIDGE DRIVE | KINGWOOD, TX 77339 | Mr. Christopher Webb |
| 26878 TREASURES RIDGE DRIVE | KINGWOOD, TX 77339 | Mr. Andres Rodriguez |
| 27645 FAIRHOPE MEADOW LANE | KINGWOOD, TX 77339 | Ms. Susan Williams |
| 27618 FAIRHOPE MEADOW LANE | KINGWOOD, TX 77339 | Mr. Steven Case |
| 26919 ROYAL TIMBERS DRIVE | KINGWOOD, TX 77339 | Mr. Larry Wiswell |
| 26866 SQUIRES PARK DRIVE | KINGWOOD, TX 77339 | Mr. John Jones |
| 26880 MANOR FALLS DRIVE | KINGWOOD, TX 77339 | Mr. Frank Williams |
| 22021 RYE HOLLOW LANE | KINGWOOD, TX 77339 | Mr. Jason Kirchner |
| 9435 BORDEN BLUFF LANE | HOUSTON, TX 77095 | Ms. Angela Wyka |
| 17602 BURKHART RIDGE DRIVE | HOUSTON, TX 77095 | Mr. Stuart Stradford |
| 9615 WAKEFIELD VILLAGE DRIVE | HOUSTON, TX 77095 | Mr. Phuong Pham |

| | | |
|---|---|---|
| 9619 WAKEFIELD VILLAGE DRIVE | HOUSTON, TX 77095 | Ms. Charlotte Williams |
| 9410 BORDEN BLUFF LANE | HOUSTON, TX 77095 | Mr. & Mrs. Jesus Contreras |
| 17510 BENDING POST DRIVE | HOUSTON, TX 77095 | Mr. & Mrs. Ramon Zaragoza |
| 6126 STILSON BRANCH LANE | HOUSTON, TX 77092 | Mr. Joseph Villarreal |
| 6103 FULTON MEADOWS LANE | HOUSTON, TX 77092 | Mr. Jesus Garcia |
| 6103 TENTON PARK LANE | HOUSTON, TX 77092 | Ms. Britni Armstrong |
| 6103 GILMAN TRACE LANE | HOUSTON, TX 77092 | Ms. Elizabeth Solomon |
| 6118 LYNWOOD BANKS LANE | HOUSTON, TX 77092 | Mr. David Petty & Ms. Laura Colley |
| 6119 LYNWOOD BANKS LANE | HOUSTON, TX 77092 | Mr. Brian Vincent |
| 6030 STILSON BRANCH LANE | HOUSTON, TX 77092 | Mr. Robert Schulte |
| 6110 TENTON PARK LANE | HOUSTON, TX 77092 | Ms. Amanda Kirkham |
| 6123 TENTON PARK LANE | HOUSTON, TX 77092 | Mr. Henry Passye, Jr. |
| 6119 TENTON PARK LANE | HOUSTON, TX 77092 | Mr. Carl Holley, Jr. |
| 6118 TENTON PARK LANE | HOUSTON, TX 77092 | Ms. Barbette Brown |
| 6122 TENTON PARK LANE | HOUSTON, TX 77092 | Mr. Salvatore Carbonaro |
| 518 SUMMER TRACE LANE | RICHMOND, TX 77469 | Ms. Robert Svoboda |
| 2715 MISTY RIVER LANE | RICHMOND, TX 77469 | Mr. & Mrs. Stanley Tomlinson |
| 5514 WAGON WHEEL LANE | ROSENBERG, TX 77471 | Mr. & Mrs. Gregory Setzer |
| 2618 DIAMOND RIVER DRIVE | ROSENBERG, TX 77471 | Mr. & Mrs. Joe Sebesta |
| 5515 CUNNINGHAM LANE | ROSENBERG, TX 77471 | Mr. Herbert Martin, Jr. |
| 5606 WAGON WHEEL LANE | ROSENBERG, TX 77471 | Ms. Marta Alves |
| 2622 DIAMOND RIVER DRIVE | ROSENBERG, TX 77471 | Ms. Belinda Hughes |
| 2619 WINNER'S COURT | ROSENBERG, TX 77471 | Mr. & Mrs. Steven Saltsman |
| 2615 WINNER'S COURT | ROSENBERG, TX 77471 | Mr. Rumaldo Garcia, Jr. |
| 5618 WAGON WHEEL LANE | ROSENBERG, TX 77471 | Mr. Eddie Smith |
| 5507 CUNNINGHAM LANE | ROSENBERG, TX 77471 | Mr. Daniel Hunsaker |
| 5506 WAGON WHEEL LANE | ROSENBERG, TX 77471 | Mr. & Mrs. Kenneth Woodruff, Jr. |
| 2502 SILVERTON BEND | KATY, TX 77449 | Mr. Roberto Lira |
| 5506 WALNUT GLEN LANE | KATY, TX 77449 | Ms. Shantel Taylor |
| 5607 WAGON WHEEL LANE | KATY, TX 77449 | Mr. & Mrs. Johnathan Meshel |
| 21014 WILDBROOK CANYON COURT | KATY, TX 77449 | Ms. Melissa West |
| 2103 CASTLE GARDENS LANE | KATY, TX 77449 | Ms. Janelle Henderson |
| 2107 CASTLE GARDENS LANE | KATY, TX 77449 | Mr. Monroe |
| 2006 VANDERWILT LANE | KATY, TX 77449 | Ms. Tanya Monroe |
| 20931 BARBONS HEATH COURT | KATY, TX 77449 | Yu Lin Wen |
| 2014 WILDBROOK CANYON LANE | KATY, TX 77449 | Ms. Patricia Hammond |
| 2010 WILDBROOK CANYON LANE | KATY, TX 77449 | Mr. Randal Penney |
| 20942 HAMLET RIDGE LANE | KATY, TX 77449 | Mr. Omar Luna |
| 2207 CASTLE GARDENS LANE | KATY, TX 77449 | Madison Lowe |
| 2102 CASTLE GARDENS LANE | KATY, TX 77449 | Ms. Teresa Gutierrez |
| 2110 PINECREEK PASS LANE | KATY, TX 77449 | Mr. Keith Gonzalez |
| 2106 PINECREEK PASS LANE | KATY, TX 77449 | Ms. Phan Phuong |
| 2114 SHERBROOK PARK LANE | KATY, TX 77449 | Mr. Denny Nguyen |
| 7118 PETTIGREW DRIVE | SUGAR LAND, TX 77479 | Mr. Richard Hughes |
| 1607E WEST DALLAS STREET | HOUSTON, TX 77019 | Mr. Andre De Melo |
| 1605A WEST DALLAS STREET | HOUSTON, TX 77019 | Mr. A. Nigan |
| 1605B WEST DALLAS STREET | HOUSTON, TX 77019 | Ms. K. Miller |
| 1605C WEST DALLAS STREET | HOUSTON, TX 77019 | Mr. Zhiyong Liu |
| 1605D WEST DALLAS STREET | HOUSTON, TX 77019 | Ms. Sarah Crabb |
| 2302 BASTROP STREET | HOUSTON, TX 77004 | Mr. & Mrs. Mark Jordan |
| 2306 BASTROP STREET | HOUSTON, TX 77004 | Ms. Desni Termin |
| 2304 BASTROP STREET | HOUSTON, TX 77004 | Mr. & Mrs. Knfi Gylmah |
| 1611A FRANCIS STREET | HOUSTON, TX 77004 | Mr. & Mrs. Thomas Rhodes Marion |
| 1611B FRANCIS STREET | HOUSTON, TX 77004 | Ms. Mindy Ko |
| 1611C FRANCIS STREET | HOUSTON, TX 77004 | Mr. Chin Tan |

# EXHIBIT 3

## UNITED STATES DISTRICT COURT
### EASTERN DISTRICT OF LOUISIANA

---

**IN RE: CHINESE MANUFACTURED**
      **DRYWALL PRODUCTS LITIGATION**     )
  )
**Payton, et al. V. Knauf Gips, KG, et al.**  )    **MDL NO. 2047**
**Case No. 2:09-cv-07628 (E.D. La.)**  )
  )    **SECTION L**
**Gross, et al. V. Knauf Gips, KG, et al.**  )
**Case No. 2:09-cv-06690 (E.D. La.)**  )    **JUDGE FALLON**
  )
  )    **MAGISTRATE**
**Rogers, et al. V. Knauf Gips, KG, et al.**  )    **JUDGE WILKINSON**
**Case No. 2:10-cv-00362 (E.D. La.)**  )
  )
**Abreu, et al. v. Gebrueder Knauf**  )
**Verwaltungsgesellschaft, KG, et al.**  )
**Case No. 2:11-cv-00252 (E.D. La.)**  )
  )
**Block, et al. V. Gebrueder Knauf**  )
**Verwaltungsgesellschaft, KG, et al.**  )
**Case No. 11-cv-1363 (E.D. La.)**  )
  )
**Arndt, et al. V. Gebrueder Knauf**  )
**Verwaltungsgesellschaft, KG, et al.**  )
**Case No. 11-cv-2349 (E.D. La.)**  )
  )
**Cassidy, et al. V. Gebrueder Knauf**  )
**Verwaltungsgesellschaft, KG, et al.**  )
**Case No. 11-cv-3023 (E.D. La.)**  )
  )
**Vickers, et al. V. Knauf Gips KG, et al.**  )
**Case No. 2:09-cv-04117 (E.D. La.)**  )

## OBJECTION TO THE PROPOSED SETTLEMENTS OF CLAIMS AGAINST KNAUF, INEX AND GLOBAL SETTLEMENTS

Comes now the undersigned and putative member of the purported Class Settlements with

the named Knauf Defendants, INEX and the Global Settlement and gives notice of intention to attend

and produce or offer certain evidence in the form of documents or testimony in opposition to the proposed settlements. That the Objector shall have counsel present said evidence and/or argument in opposition.

1. The Objector hereby gives notice that the following issues or matters that touch or concern the following issues may be raised at the fairness hearing. The general grounds for objection are listed herein below.

2. That the notice of proposed class settlements are deficient in that they fail to provide adequate facts from which a member of the class can make an informed decision about whether or not to participate.

3. The proposed settlement requires the member to accept settlements of other related claims that involve builders, suppliers, installers, contractors or others who may be liable to the member, and dismiss or assign claims which are pending in state court and are not brought in the MDL. The members are unable to make an informed decision on opting out or participating in the Settlement prior to the final approval of the INEX, and Global Settlement and referenced future settlements.

4. The Objector is unable to make an informed decision as to the benefits or detriments of remaining in the settlements or opting out, as these settlements are dependent on the other in some aspects, and no certainty exists that all three settlements will be approved. In the event one or more of these settlements are not approved the Objector's rights would be impaired or could be adversely affected by factors which are not remedied or adequately disclosed in any of the proposed settlements.

5. The Objector is not adequately advised as to the effect of or proposed terms of any future agreements or settlements referenced in the Knauf or INEX settlements which preclude the

Objector from making an informed decision on whether or not to opt out of or participate in these settlements. There is inadequate information provided as to the rights, liabilities or obligations that may be in these other agreements. For example, in the INEX Settlement, while it references a substantial recovery, the recovery involving excess insurance carriers or reinsurers has not been made and Objector is unable to value his claim, or evaluate benefit or detriment of participating in these settlements

6.      The notice to class members in the Knauf Settlement is generally deficient as it cuts off claims and the ability of absent class members or members who were previously defined as putative class members, from bringing suit or filing a claim in this action, ex post facto with no prior notice or opportunity to file claims.

7.      The Class Notice is otherwise deficient and does not reasonably apprise the Objector of claims he may have against others and claims he/she will be releasing.

8.      The Settlements and Notices do not provide adequate information regarding procedures or guidelines that may be required of a foreclosed home member or lower case Knauf member to make a decision about whether the claims process is going to be overly burdensome, or impose requirements in excess of the evidentiary standard the member would have to meet in other available forums. As a result, an informed decision cannot be made concerning participating or opting out of the Settlements.

9.      The members with lower case Knauf are not provided adequate benefits under the settlement, or are provided no benefits. However, if they opt out, others who may be liable to them, by virtue of other settlements or proposed settlements will pay funds or provide benefits due the member to Knauf or other Defendants. In turn the member is receiving no benefit and releasing all claims, and may even be required to indemnify certain defendants or contributors.

10.     The Objector has not been provided adequate information, guidelines or requirements as to his ability to participate in the "Other Loss Fund" or as to the amount of benefit which may be provided or available.

11.     That the Objector is required to assign all claims, even those pending in State court, to the Settling Defendants, without consideration and is giving up available claims that are made individually against other Defendants that could provide substantial relief, all without valid or inadequate consideration.

12.     The Objector, foreclosed members and lower case members may be liable for deficiencies on mortgages or for other claims, but no recovery is provided in the Settlement for future liability or depreciation of their homes due to the presence of Chinese drywall.

13.     The Objector alleges that for little or no benefit, the settlements, release or otherwise forfeit potential personal injury claims that may arise in the future, and which would otherwise be viable claims for which a recovery could be made. Valid state claims which allow recovery for personal injuries which would not, or could not be discovered within the five year cutoff in the proposed settlement will be lost, and due to the indemnity and other release language the members may be left without health insurance or a means to recover for those claims.

14.     The foreclosed members are provided no relief for damage to credit or reputation, but would be releasing all responsible parties or assigning all claims to the Defendants, that could provide recovery for these damages with no adequate consideration or ability to recover.

15.     The foreclosed members are losing valuable property rights and subject to unequal treatment, in that while they may have the right to redeem their property, they do not have the ability to have their homes remediated and are provided inadequate benefits or means of recovery.

16.     The foreclosed members may be liable for a deficiency caused by the settling

Defendants, with no ability to recover and with no provision protecting them from future claims made against them or the settling defendants for which the Objector may be liable for indemnification.

17.    There are inadequate procedures or guidelines established to prove loss of equity in homes such that an informed decision as to whether to accept settlement benefits or opt out can not be made.

18.    The Objector asserts that in a foreclosure situation, had the home been remediated or money made available for remediation then there may be no lost equity, depreciation or continued damage.

19.    There is no adequate process or procedure established for the foreclosed home member to evaluate the settlement benefits as to how square footage will be determined in foreclosed homes, as the member will not or may not have access to said property.

20.    The Objector states that he and others like him cannot reasonably make a decision to opt out of the settlement as other claims against liable parties may be released, with the Knauf Defendants obtaining the benefit of his recovery, as all claims are required to be assigned to Knauf and pending state court claims dismissed.

21.    The Objector is unable to make an informed decision as to whether or not to opt out of this settlement.  In the event Objector opts out of this settlement, he and others like him may be wholly and completely without remedy, as the settlement protects substantially all assets of the Knauf Defendants and purports to preclude those class members who opt out from recovering from the settling Defendants or related entities if attempts are made to collect from assets that "may be" used to fund the Knauf Settlement.

22.    The Objector asserts, that unlike other states referenced in the settlement documents

or briefs there would be no allocation or apportionment of damages, as Alabama has joint and several liability and does not provide for apportionment of damages.

23.     The Objector and others have been prejudiced and the likelihood for successful litigation results have been greatly reduced or hampered by the terms of the Knauf Settlement in that the Agreement precludes use of discovery obtained in the MDL by those who opt out of this settlement, even though they had been members of the putative class prior to the December 9, 2011. They would now be required to expend substantial sums to duplicate the discovery in the MDL, which is in direct conflict with the rules and purposes of Multi-District Litigation.

24.     The summary notice fails to adequately disclose that substantial assets are protected or shielded from execution for those who opt out or are excluded former putative class members, and that MDL discovery is not available to use in the furtherance of their claims.

25.     That the Objector and others receiving no benefit or inadequate benefits have had destructive testing or inspections performed by the Defendants, or their agents, causing damage and loss of value to their home and for which there is no recovery.

26.     The Knauf Settlement is inadequate that while it allows monies leftover following remediation of some class members homes to be returned to Knauf, while there are inadequate benefits or no benefits paid to other members of the class. Certain lower case Knauf members, are giving up valuable rights and assuming indemnity obligations, but recovering no or inadequate consideration.

27.     That Objector would be unable to opt out of the Global Settlement and INEX Settlement and still be able to recover under the "Other Loss Fund." Further, the class members who are not participating class members such as lower case Knauf members, will not be allowed to recover under the "Other Loss Fund."

28.     That Objector and others with lower case Knauf are unable to appeal the court's decision as to whether or not the drywall is reactive and qualifies the member for benefits.

29.     That Objectors due process and equal protection rights or other state or federal statutory or common law rights would be violated if he opted out due to the agreements' restriction on his rights to attempt and collect any judgment from Knauf or other entities by shielding assets and rights to discovery had in the MDL.

30.     That members of the class are prejudiced if the lower case Knauf is considered KPT board, based on a determination of reactive versus non-reactive. The members whose board is not reactive lose the ability to recover, and are subject to indemnity agreements and other obligations imposed without adequate consideration.

31.     Certain lower case KPT members' benefits under the INEX and Global Settlement potentially go to benefit Knauf, even though those members receive no benefit, but are released and assign all rights and claims for any damages to the Defendants.

32.     The KPT and other settlements release liable parties with no benefit or inadequate benefit conferred on the class members who have been foreclosed or have certain lower case Knauf.

33.     The members' claims in state court are barred or required to be dismissed with inadequate consideration and in violation of comity and policy of Federal hands off state actions or judicial process, and the class members are unable to recover benefits or adequate benefit under the Settlement Agreements.

34.     The Xactimate estimates do not reflect the true measure of damage or cost of remediation, so that Options 2 and 3 under the KPT Settlement are insufficient to compensate the members, and are in effect not viable options.

35.     For Option 1, there is no schedule of when homes would be remediated and the

members are unable to make an informed decision about whether or not to participate in this option.

36.     The members may be required to indemnify KPT for any defective construction done in remediation, even though the remediation is being performed by contractors who are KPT's agents or companies over which KPT reserves the right of control.

37.     There is no method or manner to reasonably determine the benefits available under the Settlements for mixed drywall homes, because it is unreasonable to inspect each piece of sheetrock prior to its removal during remediation and the member would not know if they are qualified for benefits in time to make a decision on opting out or participating.

38.     The multi-unit owners are prejudiced in that, at this time there is no way to determine the benefit they will receive or detriment that would be imposed by the Settlements as certain claims will be allowed or disallowed based on a determination by a contractor, in their sole discretion with no right of appeal and inadequate judicial oversight.

39.     The multi-unit owners may appear on the face of the Notice and Settlement to be class members receiving benefits, but may not be able to recover the benefits proposed if during remediation or some later date there is a non-judicial determination that they do not qualify in violation of their due process and equal protection rights or other state and federal rights.

40.     The provisions regarding benefits to multi-unit owners violates and conflicts with state laws where statutes specify what rights and obligations a multi-unit owner has and what right and obligation a homeowner's association has.

41.     In order to qualify for benefits there must be an inspection and determination of corrosion and other factors not disclosed or communicated to members of the class in the class definition or notice.

42.     The foreclosed members whose home was foreclosed on or after the effective date

of the Settlement are barred from collecting lost equity, being punished for holding on and trying to pay their mortgages, but would still be releasing claims and bound by indemnity provisions with inadequate consideration or notice.

43.     The Objector may adopt or pursue objections or issues raised by others to these settlements or related settlements.

44.     The Objector does not intend to call any witnesses on his own behalf other than those needed for rebuttal. However, the Objector would expect to cross examine or call those persons who provide evidence or documents concerning these settlements, that are called, or provide evidence by or at the request of class counsel, defense counsel or others who submit evidence related to these settlements.

45.     The Objector would plan to offer any and all pleadings, depositions or discovery used in support of or in opposition to these Settlements, or which was taken or otherwise had in any action in this MDL or related actions and any documents needed for rebuttal.

46.     That no specific time was given for objections to requests which may be made for attorney fee awards to the PSC or Common Benefit awards. The Objector, in an abundance of caution, raises generally the objections set out below and reserves his right to amend or withdraw this objection at a later date.

A)     That the members are unable to determine what fees or expenses they may be liable for at this time, due to the relief proposed for attorney fees and expenses, and these requests interfere or may interfere with the right to contract under state or federal laws, due process or equal protection.

B)     That there is a provision proposed which would foreclose or do away with Objector's

rights to appeal any attorney fee award or ruling made by this Honorable Court, and the member at this time cannot determine what fees or expenses may be requested.

C)    The Common Benefit award,   expense award or final request may impair or otherwise damage the Objector.  Absent a final request, the member is unable to make an informed decision to opt out or participate in these Settlements.   The potential liabilities or benefits are not provided with adequate specificity, which could interfere with the enforcement or oversight of counsel if these settlements are finally approved.  There does not appear to be any provision for fees that would or could be incurred in the future, if all provisions of the settlement are not completed or issues of enforcement, warranty claims or interpretation of the settlement occur.

**[REMAINDER OF PAGE LEFT INTENTIONALLY BLANK]**

My name is _Daniel C. Ladner_ . My phone number is _504-460-6963_ and my address is _42 Audubon place Picayune MS 39466_

I am represented by Counsel K. Edward Sexton, II and Eric D. Hoaglund.

This notice has been mailed to the following:

Arnold Levin, Esq.
Levin, Fishbein, Sedran & Berman
510 Walnut Street, Suite 500
Philadelphia, Pennsylvania 19106

Russ M. Herman, Esq.
Herman, Herman & Katz, LLP
820 O'Keefe Avenue
New Orleans, Louisiana 70113

Richard G. Duplantier, Esq.
Galloway, Johnson, Tompkins,
    Burr & Smith
701 Poydras Street, 40th Floor
New Orleans, Louisiana 70139

Kerry J. Miller, Esq.
Frilot, LLC
1100 Poydras Street
Suite 3700
New Orleans, Louisiana 70163

as required by this Court's Order.

Signed this the _28_ day of _September 2012_ .

_____
Objector


_____
Objector

_____
K. Edward Sexton, II, Esq.

_____
Eric D. Hoaglund , Esq.

# EXHIBIT 4

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

---

| | |
|---|---|
| IN RE: CHINESE MANUFACTURED<br>    DRYWALL PRODUCTS LITIGATION ) | |
| ) | MDL NO. 2047 |
| Payton, et al. V. Knauf Gips, KG, et al. ) | |
| Case No. 2:09-cv-07628 (E.D. La.) ) | SECTION L |
| ) | |
| Gross, et al. V. Knauf Gips, KG, et al. ) | JUDGE FALLON |
| Case No. 2:09-cv-06690 (E.D. La.) ) | |
| ) | MAGISTRATE |
| Rogers, et al. V. Knauf Gips, KG, et al. ) | JUDGE WILKINSON |
| Case No. 2:10-cv-00362 (E.D. La.) ) | |
| ) | |
| Abreu, et al. v. Gebrueder Knauf ) | |
| Verwaltungsgesellschaft, KG, et al. ) | |
| Case No. 2:11-cv-00252 (E.D. La.) ) | |
| ) | |
| Block, et al. V. Gebrueder Knauf ) | |
| Verwaltungsgesellschaft, KG, et al. ) | |
| Case No. 11-cv-1363 (E.D. La.) ) | |
| ) | |
| Arndt, et al. V. Gebrueder Knauf ) | |
| Verwaltungsgesellschaft, KG, et al. ) | |
| Case No. 11-cv-2349 (E.D. La.) ) | |
| ) | |
| Cassidy, et al. V. Gebrueder Knauf ) | |
| Verwaltungsgesellschaft, KG, et al. ) | |
| Case No. 11-cv-3023 (E.D. La.) ) | |
| ) | |
| Vickers, et al. V. Knauf Gips KG, et al. ) | |
| Case No. 2:09-cv-04117 (E.D. La.) ) | |

**OBJECTION TO THE PROPOSED SETTLEMENTS OF CLAIMS AGAINST KNAUF,
INEX AND GLOBAL SETTLEMENTS**

Comes now the undersigned and putative member of the purported Class Settlements with

the named Knauf Defendants, INEX and the Global Settlement and gives notice of intention to attend

and produce or offer certain evidence in the form of documents or testimony in opposition to the proposed settlements. That the Objector shall have counsel present said evidence and/or argument in opposition.

    1.      The Objector hereby gives notice that the following issues or matters that touch or concern the following issues may be raised at the fairness hearing. The general grounds for objection are listed herein below.

    2.      That the notice of proposed class settlements are deficient in that they fail to provide adequate facts from which a member of the class can make an informed decision about whether or not to participate.

    3.      The proposed settlement requires the member to accept settlements of other related claims that involve builders, suppliers, installers, contractors or others who may be liable to the member, and dismiss or assign claims which are pending in state court and are not brought in the MDL. The members are unable to make an informed decision on opting out or participating in the Settlement prior to the final approval of the INEX, and Global Settlement and referenced future settlements.

    4.      The Objector is unable to make an informed decision as to the benefits or detriments of remaining in the settlements or opting out, as these settlements are dependent on the other in some aspects, and no certainty exists that all three settlements will be approved. In the event one or more of these settlements are not approved the Objector's rights would be impaired or could be adversely affected by factors which are not remedied or adequately disclosed in any of the proposed settlements.

5.     The Objector is not adequately advised as to the effect of or proposed terms of any future agreements or settlements referenced in the Knauf or INEX settlements which preclude the Objector from making an informed decision on whether or not to opt out of or participate in these settlements. There is inadequate information provided as to the rights, liabilities or obligations that may be in these other agreements. For example, in the INEX Settlement, while it references a substantial recovery, the recovery involving excess insurance carriers or reinsurers has not been made and Objector is unable to value his claim, or evaluate benefit or detriment of participating in these settlements.

6.     The notice to class members in the Knauf Settlement is generally deficient as it cuts off claims and the ability of absent class members or members who were previously defined as putative class members, from bringing suit or filing a claim in this action, ex post facto with no prior notice or opportunity to file claims.

7.     The Class Notice is otherwise deficient and does not reasonably apprise the Objector of claims he may have against others and claims he/she will be releasing.

8.     The Settlements and Notices do not provide adequate information regarding procedures or guidelines that may be required of a foreclosed home member or lower case Knauf member to make a decision about whether the claims process is going to be overly burdensome, or impose requirements in excess of the evidentiary standard the member would have to meet in other available forums. As a result, an informed decision cannot be made concerning participating or opting out of the Settlements.

9.     The members with lower case Knauf are not provided adequate benefits under the settlement, or are provided no benefits. However, if they opt out, others who may be liable to them,

3

by virtue of other settlements or proposed settlements will pay funds or provide benefits due the member to Knauf or other Defendants. In turn the member is receiving no benefit and releasing all claims, and may even be required to indemnify certain defendants or contributors.

10.     The Objector has not been provided adequate information, guidelines or requirements as to his ability to participate in the "Other Loss Fund" or as to the amount of benefit which may be provided or available.

11.     That the Objector is required to assign all claims, even those pending in State court, to the Settling Defendants, without consideration and is giving up available claims that are made individually against other Defendants that could provide substantial relief, all without valid or inadequate consideration.

12.     The Objector, foreclosed members and lower case members may be liable for deficiencies on mortgages or for other claims, but no recovery is provided in the Settlement for future liability or depreciation of their homes due to the presence of Chinese drywall.

13.     The Objector alleges that for little or no benefit, the settlements, release or otherwise forfeit potential personal injury claims that may arise in the future, and which would otherwise be viable claims for which a recovery could be made. Valid state claims which allow recovery for personal injuries which would not, or could not be discovered within the five year cutoff in the proposed settlement will be lost, and due to the indemnity and other release language the members may be left without health insurance or a means to recover for those claims.

14.     The foreclosed members are provided no relief for damage to credit or reputation, but would be releasing all responsible parties or assigning all claims to the Defendants, that could provide recovery for these damages with no adequate consideration or ability to recover.

4

15.     The foreclosed members are losing valuable property rights and subject to unequal treatment, in that while they may have the right to redeem their property, they do not have the ability to have their homes remediated and are provided inadequate benefits or means of recovery.

16.     The foreclosed members may be liable for a deficiency caused by the settling Defendants, with no ability to recover and with no provision protecting them from future claims made against them or the settling defendants for which the Objector may be liable for indemnification.

17.     There are inadequate procedures or guidelines established to prove loss of equity in homes such that an informed decision as to whether to accept settlement benefits or opt out can not be made.

18.     The Objector asserts that in a foreclosure situation, had the home been remediated or money made available for remediation then there may be no lost equity, depreciation or continued damage.

19.     There is no adequate process or procedure established for the foreclosed home member to evaluate the settlement benefits as to how square footage will be determined in foreclosed homes, as the member will not or may not have access to said property.

20.     The Objector states that he and others like him cannot reasonably make a decision to opt out of the settlement as other claims against liable parties may be released, with the Knauf Defendants obtaining the benefit of his recovery, as all claims are required to be assigned to Knauf and pending state court claims dismissed.

21.     The Objector is unable to make an informed decision as to whether or not to opt out of this settlement. In the event Objector opts out of this settlement, he and others like him may be

wholly and completely without remedy, as the settlement protects substantially all assets of the Knauf Defendants and purports to preclude those class members who opt out from recovering from the settling Defendants or related entities if attempts are made to collect from assets that "may be" used to fund the Knauf Settlement.

22.     The Objector asserts, that unlike other states referenced in the settlement documents or briefs there would be no allocation or apportionment of damages, as Alabama has joint and several liability and does not provide for apportionment of damages.

23.     The Objector and others have been prejudiced and the likelihood for successful litigation results have been greatly reduced or hampered by the terms of the Knauf Settlement in that the Agreement precludes use of discovery obtained in the MDL by those who opt out of this settlement, even though they had been members of the putative class prior to the December 9, 2011. They would now be required to expend substantial sums to duplicate the discovery in the MDL, which is in direct conflict with the rules and purposes of Multi-District Litigation.

24.     The summary notice fails to adequately disclose that substantial assets are protected or shielded from execution for those who opt out or are excluded former putative class members, and that MDL discovery is not available to use in the furtherance of their claims.

25.     That the Objector and others receiving no benefit or inadequate benefits have had destructive testing or inspections performed by the Defendants, or their agents, causing damage and loss of value to their home and for which there is no recovery.

26.     The Knauf Settlement is inadequate that while it allows monies leftover following remediation of some class members homes to be returned to Knauf, while there are inadequate benefits or no benefits paid to other members of the class. Certain lower case Knauf members, are

6

giving up valuable rights and assuming indemnity obligations, but recovering no or inadequate consideration.

27.     That Objector would be unable to opt out of the Global Settlement and INEX Settlement and still be able to recover under the "Other Loss Fund." Further, the class members who are not participating class members such as lower case Knauf members, will not be allowed to recover under the "Other Loss Fund."

28.     That Objector and others with lower case Knauf are unable to appeal the court's decision as to whether or not the drywall is reactive and qualifies the member for benefits.

29.     That Objectors due process and equal protection rights or other state or federal statutory or common law rights would be violated if he opted out due to the agreements' restriction on his rights to attempt and collect any judgment from Knauf or other entities by shielding assets and rights to discovery had in the MDL.

30.     That members of the class are prejudiced if the lower case Knauf is considered KPT board, based on a determination of reactive versus non-reactive. The members whose board is not reactive lose the ability to recover, and are subject to indemnity agreements and other obligations imposed without adequate consideration.

31.     Certain lower case KPT members' benefits under the INEX and Global Settlement potentially go to benefit Knauf, even though those members receive no benefit, but are released and assign all rights and claims for any damages to the Defendants.

32.     The KPT and other settlements release liable parties with no benefit or inadequate benefit conferred on the class members who have been foreclosed or have certain lower case Knauf.

33.     The members' claims in state court are barred or required to be dismissed with inadequate consideration and in violation of comity and policy of Federal hands off state actions or judicial process, and the class members are unable to recover benefits or adequate benefit under the Settlement Agreements.

34.     The Xactimate estimates do not reflect the true measure of damage or cost of remediation, so that Options 2 and 3 under the KPT Settlement are insufficient to compensate the members, and are in effect not viable options.

35.     For Option 1, there is no schedule of when homes would be remediated and the members are unable to make an informed decision about whether or not to participate in this option.

36.     The members may be required to indemnify KPT for any defective construction done in remediation, even though the remediation is being performed by contractors who are KPT's agents or companies over which KPT reserves the right of control.

37.     There is no method or manner to reasonably determine the benefits available under the Settlements for mixed drywall homes, because it is unreasonable to inspect each piece of sheetrock prior to its removal during remediation and the member would not know if they are qualified for benefits in time to make a decision on opting out or participating.

38.     The multi-unit owners are prejudiced in that, at this time there is no way to determine the benefit they will receive or detriment that would be imposed by the Settlements as certain claims will be allowed or disallowed based on a determination by a contractor, in their sole discretion with no right of appeal and inadequate judicial oversight.

39.     The multi-unit owners may appear on the face of the Notice and Settlement to be class members receiving benefits, but may not be able to recover the benefits proposed if during

8

remediation or some later date there is a non-judicial determination that they do not qualify in violation of their due process and equal protection rights or other state and federal rights.

40.    The provisions regarding benefits to multi-unit owners violates and conflicts with state laws where statutes specify what rights and obligations a multi-unit owner has and what right and obligation a homeowner's association has.

41.    In order to qualify for benefits there must be an inspection and determination of corrosion and other factors not disclosed or communicated to members of the class in the class definition or notice.

42.    The foreclosed members whose home was foreclosed on or after the effective date of the Settlement are barred from collecting lost equity, being punished for holding on and trying to pay their mortgages, but would still be releasing claims and bound by indemnity provisions with inadequate consideration or notice.

43.    The Objector may adopt or pursue objections or issues raised by others to these settlements or related settlements.

44.    The Objector does not intend to call any witnesses on his own behalf other than those needed for rebuttal. However, the Objector would expect to cross examine or call those persons who provide evidence or documents concerning these settlements, that are called, or provide evidence by or at the request of class counsel, defense counsel or others who submit evidence related to these settlements.

45.    The Objector would plan to offer any and all pleadings, depositions or discovery used in support of or in opposition to these Settlements, or which was taken or otherwise had in any action in this MDL or related actions and any documents needed for rebuttal.

9

46.     That no specific time was given for objections to requests which may be made for attorney fee awards to the PSC or Common Benefit awards. The Objector, in an abundance of caution, raises generally the objections set out below and reserves his right to amend or withdraw this objection at a later date.

A)     That the members are unable to determine what fees or expenses they may be liable for at this time, due to the relief proposed for attorney fees and expenses, and these requests interfere or may interfere with the right to contract under state or federal laws, due process or equal protection.

B)     That there is a provision proposed which would foreclose or do away with Objector's rights to appeal any attorney fee award or ruling made by this Honorable Court, and the member at this time cannot determine what fees or expenses may be requested.

C)     The Common Benefit award,   expense award or final request may impair or otherwise damage the Objector.  Absent a final request, the member is unable to make an informed decision to opt out or participate in these Settlements.  The potential liabilities or benefits are not provided with adequate specificity, which could interfere with the enforcement or oversight of counsel if these settlements are finally approved.  There does not appear to be any provision for fees that would or could be incurred in the future, if all provisions of the settlement are not completed or issues of enforcement, warranty claims or interpretation of the settlement occur.

**[REMAINDER OF PAGE LEFT INTENTIONALLY BLANK]**

10

My name is Trevis Amerson. My phone number is 205-903-7317 and my current address is 4000 Walnut Avenue, SW, Birmingham, Alabama 35221. The address of the property damaged by Knauf Chinese Drywall is 3415 Jeanne Lane, Hueytown, Alabama. I am represented by Counsel K. Edward Sexton, II and Eric D. Hoaglund.

This notice has been mailed to Arnold Levin and Kerry Miller as required by this Court's Order.

Signed this the 27 day of SEPTEMBER , 2012.


Trevis Amerson
Objector


Eric D. Hoaglund
K. Edward Sexton, II
Attorneys for Trevis Amerson

11

## <u>CERTIFICATE OF SERVICE</u>

This is to certify that on September 28, 2012, a true and correct copy of the foregoing was

mailed via U.S. Postal Service, postage prepaid, to the following:


Arnold Levin, Esq.                          Russ M. Herman, Esq.
Levin, Fishbein, Sedran & Berman            Herman, Herman & Katz, LLP
510 Walnut Street, Suite 500                820 O'Keefe Avenue
Philadelphia, Pennsylvania 19106            New Orleans, Louisiana 70113



_____
COUNSEL

12

# EXHIBIT 5

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: CHINESE MANUFACTURED<br>  DRYWALL PRODUCTS LITIGATION | ) |
| | ) **MDL NO. 2047** |
| Payton, et al. V. Knauf Gips, KG, et al. | ) |
| Case No. 2:09-cv-07628 (E.D. La.) | ) **SECTION L** |
| | ) |
| Gross, et al. V. Knauf Gips, KG, et al. | ) **JUDGE FALLON** |
| Case No. 2:09-cv-06690 (E.D. La.) | ) |
| | ) **MAGISTRATE** |
| Rogers, et al. V. Knauf Gips, KG, et al. | ) **JUDGE WILKINSON** |
| Case No. 2:10-cv-00362 (E.D. La.) | ) |
| | ) |
| Abreu, et al. v. Gebrueder Knauf | ) |
| Verwaltungsgesellschaft, KG, et al. | ) |
| Case No. 2:11-cv-00252 (E.D. La.) | ) |
| | ) |
| Block, et al. V. Gebrueder Knauf | ) |
| Verwaltungsgesellschaft, KG, et al. | ) |
| Case No. 11-cv-1363 (E.D. La.) | ) |
| | ) |
| Arndt, et al. V. Gebrueder Knauf | ) |
| Verwaltungsgesellschaft, KG, et al. | ) |
| Case No. 11-cv-2349 (E.D. La.) | ) |
| | ) |
| Cassidy, et al. V. Gebrueder Knauf | ) |
| Verwaltungsgesellschaft, KG, et al. | ) |
| Case No. 11-cv-3023 (E.D. La.) | ) |
| | ) |
| Vickers, et al. V. Knauf Gips KG, et al. | ) |
| Case No. 2:09-cv-04117 (E.D. La.) | ) |

**OBJECTION TO THE PROPOSED SETTLEMENTS OF CLAIMS AGAINST KNAUF,
INEX AND GLOBAL SETTLEMENTS**

Comes now the undersigned and putative member of the purported Class Settlements with

the named Knauf Defendants, INEX and the Global Settlement and gives notice of intention to attend

and produce or offer certain evidence in the form of documents or testimony in opposition to the proposed settlements. That the Objector shall have counsel present said evidence and/or argument in opposition.

1.    The Objector hereby gives notice that the following issues or matters that touch or concern the following issues may be raised at the fairness hearing. The general grounds for objection are listed herein below.

2.    That the notice of proposed class settlements are deficient in that they fail to provide adequate facts from which a member of the class can make an informed decision about whether or not to participate.

3.    The proposed settlement requires the member to accept settlements of other related claims that involve builders, suppliers, installers, contractors or others who may be liable to the member, and dismiss or assign claims which are pending in state court and are not brought in the MDL. The members are unable to make an informed decision on opting out or participating in the Settlement prior to the final approval of the INEX, and Global Settlement and referenced future settlements.

4.    The Objector is unable to make an informed decision as to the benefits or detriments of remaining in the settlements or opting out, as these settlements are dependent on the other in some aspects, and no certainty exists that all three settlements will be approved. In the event one or more of these settlements are not approved the Objector's rights would be impaired or could be adversely affected by factors which are not remedied or adequately disclosed in any of the proposed settlements.

2

5.    The Objector is not adequately advised as to the effect of or proposed terms of any future agreements or settlements referenced in the Knauf or INEX settlements which preclude the Objector from making an informed decision on whether or not to opt out of or participate in these settlements.  There is inadequate information provided as to the rights, liabilities or obligations that may be in these other agreements.  For example, in the INEX Settlement, while it references a substantial recovery, the recovery involving excess insurance carriers or reinsurers has not been made and Objector is unable to value his claim, or evaluate benefit or detriment of participating in these settlements.

6.    The notice to class members in the Knauf Settlement is generally deficient as it cuts off claims and the ability of absent class members or members who were previously defined as putative class members,  from bringing suit or filing a claim in this action, ex post facto  with no prior notice or opportunity to file claims.

7.    The Class Notice is otherwise deficient and does not reasonably apprise the Objector of claims he may have against others and claims he/she will be releasing.

8.    The Settlements and Notices do not provide adequate information regarding procedures or guidelines that may be required of a foreclosed home member or lower case Knauf member to make a decision about whether the claims process is going to be overly burdensome, or impose requirements in  excess of the evidentiary standard the member would have to meet in other available forums.  As a result, an informed decision cannot be made concerning participating or opting out of the Settlements.

9.    The members with lower case Knauf are not provided adequate benefits under the settlement, or are provided no benefits.  However, if they opt out, others who may be liable to them,

3

by virtue of other settlements or proposed settlements will pay funds or provide benefits due the member to Knauf or other Defendants. In turn the member is receiving no benefit and releasing all claims, and may even be required to indemnify certain defendants or contributors.

10.     The Objector has not been provided adequate information, guidelines or requirements as to his ability to participate in the "Other Loss Fund" or as to the amount of benefit which may be provided or available.

11.     That the Objector is required to assign all claims, even those pending in State court, to the Settling Defendants, without consideration and is giving up available claims that are made individually against other Defendants that could provide substantial relief, all without valid or inadequate consideration.

12.     The Objector, foreclosed members and lower case members may be liable for deficiencies on mortgages or for other claims, but no recovery is provided in the Settlement for future liability or depreciation of their homes due to the presence of Chinese drywall.

13.     The Objector alleges that for little or no benefit, the settlements, release or otherwise forfeit potential personal injury claims that may arise in the future, and which would otherwise be viable claims for which a recovery could be made. Valid state claims which allow recovery for personal injuries which would not, or could not be discovered within the five year cutoff in the proposed settlement will be lost, and due to the indemnity and other release language the members may be left without health insurance or a means to recover for those claims.

14.     The foreclosed members are provided no relief for damage to credit or reputation, but would be releasing all responsible parties or assigning all claims to the Defendants, that could provide recovery for these damages with no adequate consideration or ability to recover.

15.     The foreclosed members are losing valuable property rights and subject to unequal treatment, in that while they may have the right to redeem their property, they do not have the ability to have their homes remediated and are provided inadequate benefits or means of recovery.

16.     The foreclosed members may be liable for a deficiency caused by the settling Defendants, with no ability to recover and with no provision protecting them from future claims made against them or the settling defendants for which the Objector may be liable for indemnification.

17.     There are inadequate procedures or guidelines established to prove loss of equity in homes such that an informed decision as to whether to accept settlement benefits or opt out can not be made.

18.     The Objector asserts that in a foreclosure situation, had the home been remediated or money made available for remediation then there may be no lost equity, depreciation or continued damage.

19.     There is no adequate process or procedure established for the foreclosed home member to evaluate the settlement benefits as to how square footage will be determined in foreclosed homes, as the member will not or may not have access to said property.

20.     The Objector states that he and others like him cannot reasonably make a decision to opt out of the settlement as other claims against liable parties may be released, with the Knauf Defendants obtaining the benefit of his recovery, as all claims are required to be assigned to Knauf and pending state court claims dismissed.

21.     The Objector is unable to make an informed decision as to whether or not to opt out of this settlement.  In the event Objector opts out of this settlement, he and others like him may be

wholly and completely without remedy, as the settlement protects substantially all assets of the Knauf Defendants and purports to preclude those class members who opt out from recovering from the settling Defendants or related entities if attempts are made to collect from assets that "may be" used to fund the Knauf Settlement.

22.     The Objector asserts, that unlike other states referenced in the settlement documents or briefs there would be no allocation or apportionment of damages, as Alabama has joint and several liability and does not provide for apportionment of damages.

23.     The Objector and others have been prejudiced and the likelihood for successful litigation results have been greatly reduced or hampered by the terms of the Knauf Settlement in that the Agreement precludes use of discovery obtained in the MDL by those who opt out of this settlement, even though they had been members of the putative class prior to the December 9, 2011. They would now be required to expend substantial sums to duplicate the discovery in the MDL, which is in direct conflict with the rules and purposes of Multi-District Litigation.

24.     The summary notice fails to adequately disclose that substantial assets are protected or shielded from execution for those who opt out or are excluded former putative class members, and that MDL discovery is not available to use in the furtherance of their claims.

25.     That the Objector and others receiving no benefit or inadequate benefits have had destructive testing or inspections performed by the Defendants, or their agents, causing damage and loss of value to their home and for which there is no recovery.

26.     The Knauf Settlement is inadequate that while it allows monies leftover following remediation of some class members homes to be returned to Knauf, while there are inadequate benefits or no benefits paid to other members of the class. Certain lower case Knauf members, are

6

giving up valuable rights and assuming indemnity obligations, but recovering no or inadequate consideration.

27.     That Objector would be unable to opt out of the Global Settlement and INEX Settlement and still be able to recover under the "Other Loss Fund." Further, the class members who are not participating class members such as lower case Knauf members, will not be allowed to recover under the "Other Loss Fund."

28.     That Objector and others with lower case Knauf are unable to appeal the court's decision as to whether or not the drywall is reactive and qualifies the member for benefits.

29.     That Objectors due process and equal protection rights or other state or federal statutory or common law rights would be violated if he opted out due to the agreements' restriction on his rights to attempt and collect any judgment from Knauf or other entities by shielding assets and rights to discovery had in the MDL.

30.     That members of the class are prejudiced if the lower case Knauf is considered KPT board, based on a determination of reactive versus non-reactive.  The members whose board is not reactive lose the ability to recover, and are subject to indemnity agreements and other obligations imposed without adequate consideration.

31.     Certain lower case KPT members' benefits under the INEX and Global Settlement potentially go to benefit Knauf, even though those members  receive no benefit, but are released and assign all rights and claims for any damages to the Defendants.

32.     The KPT and other settlements release liable parties with no benefit or inadequate benefit conferred on the class members who have been foreclosed or have certain lower case Knauf.

33.     The members' claims in state court are barred or required to be dismissed with inadequate consideration and in violation of comity and policy of Federal hands off state actions or judicial process, and the class members are unable to recover benefits or adequate benefit under the Settlement Agreements.

34.     The Xactimate estimates do not reflect the true measure of damage or cost of remediation, so that Options 2 and 3 under the KPT Settlement are insufficient to compensate the members, and are in effect not viable options.

35.     For Option 1, there is no schedule of when homes would be remediated and the members are unable to make an informed decision about whether or not to participate in this option.

36.     The members may be required to indemnify KPT for any defective construction done in remediation, even though the remediation is being performed by contractors who are KPT's agents or companies over which KPT reserves the right of control.

37.     There is no method or manner to reasonably determine the benefits available under the Settlements for mixed drywall homes, because it is unreasonable to inspect each piece of sheetrock prior to its removal during remediation and the member would not know if they are qualified for benefits in time to make a decision on opting out or participating.

38.     The multi-unit owners are prejudiced in that, at this time there is no way to determine the benefit they will receive or detriment that would be imposed by the Settlements as certain claims will be allowed or disallowed based on a determination by a contractor, in their sole discretion with no right of appeal and inadequate judicial oversight.

39.     The multi-unit owners may appear on the face of the Notice and Settlement to be class members receiving benefits, but may not be able to recover the benefits proposed if during

8

remediation or some later date there is a non-judicial determination that they do not qualify in violation of their due process and equal protection rights or other state and federal rights.

40.     The provisions regarding benefits to multi-unit owners violates and conflicts with state laws where statutes specify what rights and obligations a multi-unit owner has and what right and obligation a homeowner's association has.

41.     In order to qualify for benefits there must be an inspection and determination of corrosion and other factors not disclosed or communicated to members of the class in the class definition or notice.

42.     The foreclosed members whose home was foreclosed on or after the effective date of the Settlement are barred from collecting  lost equity, being punished for holding on and trying to pay their mortgages, but would still be releasing claims and bound by indemnity provisions with inadequate consideration or notice.

43.     The Objector  may adopt or pursue objections or issues raised by others to these settlements or related settlements.

44.     The Objector does not intend to call any witnesses on his own behalf other than those needed for rebuttal.  However, the Objector would expect to cross examine or call those persons who provide evidence or documents concerning these settlements, that are called, or provide evidence by or at the request of class counsel, defense counsel or others who submit evidence related to these settlements.

45.     The Objector would plan to offer any and all pleadings, depositions or discovery used in support of or in opposition to these Settlements, or which was taken or otherwise had in any action in this MDL or related actions and any documents needed for rebuttal.

46.     That no specific time was given for objections to requests which may be made for attorney fee awards to the PSC or Common Benefit awards.  The Objector, in an abundance of caution, raises generally the objections set out below and reserves his right to amend or withdraw this objection at a later date.

A)     That the members are unable to determine what fees or expenses they may be liable for at this time, due to the relief proposed for attorney fees and expenses, and these requests interfere or may interfere with the right to contract under state or federal laws, due process or equal protection.

B)     That there is a provision proposed which would foreclose or do away with Objector's rights to appeal any attorney fee award or ruling made by this Honorable Court, and the member at this time cannot determine what fees or expenses may be requested.

C)     The Common Benefit award,   expense award or final request may impair or otherwise damage the Objector.  Absent a final request, the member is unable to make an informed decision to opt out or participate in these Settlements.  The potential liabilities or benefits are not provided with adequate specificity, which could interfere with the enforcement or oversight of counsel if these settlements are finally approved.  There does not appear to be any provision for fees that would or could be incurred in the future, if all provisions of the settlement are not completed or issues of enforcement, warranty claims or interpretation of the settlement occur.

**[REMAINDER OF PAGE LEFT INTENTIONALLY BLANK]**

10

My name is Delbert Hopper. My phone number is 256-310-0556 and my current address is 355 Cobblestone Way, Oxford, Alabama 36203. The address of the property damaged by Knauf Chinese Drywall is 160 Blairs Circle, Pell City, Alabama. I am represented by Counsel K. Edward Sexton, II and Eric D. Hoaglund.

This notice has been mailed to Arnold Levin and Kerry Miller as required by this Court's Order.

Signed this the 27 day of September , 2012.

_____
Delbert Hopper
Objector

_____
Eric D. Hoaglund
K. Edward Sexton, II
Attorneys for Delbert Hopper

11

### CERTIFICATE OF SERVICE

This is to certify that on September 28, 2012, a true and correct copy of the foregoing was mailed via U.S. Postal Service, postage prepaid, to the following:

Arnold Levin, Esq.
Levin, Fishbein, Sedran & Berman
510 Walnut Street, Suite 500
Philadelphia, Pennsylvania 19106

Russ M. Herman, Esq.
Herman, Herman & Katz, LLP
820 O'Keefe Avenue
New Orleans, Louisiana 70113

_____
COUNSEL

12