UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

IN RE:  CHINESE-MANUFACTURED DRYWALL
PRODUCTS LIABILITY LITIGATION

MDL NO. 2047

SECTION:  L

JUDGE FALLON
MAG. JUDGE WILKINSON

_____

## MOTION TO COMPEL AND ENFORCE SETTLEMENT
## AND FOR DAMAGES AND PENALTIES

COME NOW Plaintiffs, Daniel and Donna Poliseo, by and through their counsel, and respectfully file this Motion To Compel and Enforce Settlement and for Damages and Penalties, and other such relief as the Court may grant, for the reasons stated as follows:

1. On August 23, 2012, Plaintiffs executed and delivered to the Defendants the agreed upon release.  Because of confidentiality provisions, the Undersigned has not attached the release.[1]

2. Importantly, Plaintiffs had received their initial offer on April 26, 2012. Then, these Plaintiffs received a revised offer on July 30, 2012 to account for their entitlement to a Lump Sum payment.[2]

3. As has been outlined in prior motions filed on behalf of families who have paid for the remediation of their homes themselves, the process for obtaining relief for these

---

[1] The following plaintiffs have also executed releases accepting offers from Knauf, but remain unfunded: Jason and Susan Greenberg; Joseph and Mary Spallina; Jose and Valerie Verger; Lawrence and Susan Wengel and Thomas Wojciechowski.

[2] The next three (3) weeks were consumed addressing the appropriate release language, including a meeting in New Orleans on August 13, 2012 to address the proposed release.  Prior to resolving the release dispute, based upon the delay occasioned by Knauf, Plaintiffs simply executed the Knauf proposed release.

homeowners has been tortured.[3]

4. These homeowners have been put through so much, and they bear absolutely no blame for what has been inflicted upon their families.

5. Knauf's counsel has estimated there are roughly four hundred (400) claimants who have sought a recovery as a homeowner who paid for the remediation themselves. Even a conservative estimate of $100,000 per home remediation cost means that, since October 2010 when the pilot program was announced, Knauf has held the benefit of $40,000,000 to the detriment of these homeowners. That $40,000,000 is money paid by, and due and owing to, homeowners who financed Knauf's responsibility.

6. While significant steps have been made towards the remediation of homes with Knauf manufactured reactive drywall, the vast, vast majority of homeowners who paid out of their own pockets to remediate their homes have yet to have their claims evaluated by Knauf.

7. During a conference with Knauf's counsel on Monday, September 17, 2012, Knauf's counsel represented that funding would occur during the week of September 24, 2012. That did not occur.

8. During the Court Conference on September 27, 2012, the Court directed the undersigned to provide Knauf's counsel a list of releases executed and awaiting funding. Such a list was provided that same date. Follow-up requests related to the funding have not resulted in any better information. See Exhibit 1.

9. Counsel sought advice and counsel of the Plaintiffs' Steering Committee and Knauf's counsel. The undersigned requested Knauf's position on this motion on September 28,

---

[3] The undersigned filed a Motion to Expedite Resolution Efforts by Knauf, which in incorporated herein as if fully restated. (D.E. 14599). The circumstances for most of homeowners with Already Remediated Homes claims have not changed favorably since the filing of that motion.

2

2012.  A draft copy of the motion was provided on October 1, 2012.  The response on follow up was that counsel was trying to get their client's to fund on October 2, 2012.  No funding occurred.

**WHEREFORE,** the Plaintiffs respectfully request that, for the reasons more fully set forth in the accompanying Memorandum in Support, this Court issue an Order compelling settlement of their claim and for all such other relief against Knauf which may appropriate for the filing of this Motion, including attorneys fees, costs and interest.

Respectfully submitted,

/s/ *Michael J. Ryan*
Michael J. Ryan, Esquire
Bar No. 975990
Krupnick, Campbell, Malone, Buser, Slama,
Hancock, Liberman & McKee, P.A.
12 S.E. 7 Street, Suite 801
Fort Lauderdale, FL  33301
Phone (954) 763-8181
Fax (954) 763-8292
pleadings-MJR@krupnicklaw.com
*Attorneys for Plaintiffs*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that I electronically filed the foregoing to counsel of record by electronically uploading the same to LexisNexis File & Serve in accordance with pre-trial Order No. 6, and that the foregoing was electronically filed with the Clerk of the Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will serve a notice of electronic filing in accordance with the procedures established in MDL 2047 on this 4th day of October, 2012.

/s/ *Michael J. Ryan*
Michael J. Ryan, Esquire
Bar No. 975990
Krupnick, Campbell, Malone, Buser, Slama,
Hancock, Liberman & McKee, P.A.
12 S.E. 7 Street, Suite 801
Fort Lauderdale, FL  33301
Phone (954) 763-8181
Fax (954) 763-8292
pleadings-MJR@krupnicklaw.com
Attorneys for Plaintiffs