UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

IN RE:  CHINESE-MANUFACTURED DRYWALL
   PRODUCTS LIABILITY LITIGATION

MDL NO. 2047

SECTION:  L

JUDGE FALLON
MAG. JUDGE WILKINSON

_____

## MEMORANDUM IN SUPPORT OF MOTION TO MOTION TO COMPEL AND ENFORCE SETTLEMENT AND FOR DAMAGES AND PENALTIES

COME NOW Plaintiffs, Daniel and Donna Poliseo, by and through their counsel, and respectfully file this Motion To Compel and Enforce Settlement and for Damages and Penalties, and other such relief as the Court may grant, for the reasons stated as follows:

On August 23, 2012, Plaintiffs executed and delivered to the Defendants the agreed upon release.  Because of confidentiality provisions, the Undersigned has not attached the release.[1] Importantly, Plaintiffs had received their initial offer on April 26, 2012. Then, these Plaintiffs received a revised offer on July 30, 2012 to account for their entitlement to a Lump Sum payment.[2]

During a conference with Knauf's counsel on Monday, September 17, 2012, Knauf's counsel represented that funding would occur during the week of September 24, 2012. However, that funding did not occur.

---

[1] The following plaintiffs have also executed and delivered releases to Knauf's counsel accepting offers from Knauf, but have yet to receive any settlement monies: Jason and Susan Greenberg; Joseph and Mary Spallina; Jose and Valerie Verger; Lawrence and Susan Wengel; and Thomas Wojciechowski.

[2] The next three (3) weeks were consumed addressing the appropriate release language, including a meeting in New Orleans on August 13, 2012 to address that concern.  Prior to resolving the release dispute, based upon the delay being occasioned by Knauf, Plaintiffs simply executed the Knauf proposed release.

During the Court Conference on September 27, 2012, the Court directed the undersigned to provide Knauf's counsel a list of releases executed and awaiting funding. Such a list was provided that same date. Follow-up requests related to the funding have not resulted in any better information.

There is no valid reason this resolution has not been funded, other than Knauf wanting to hold onto every dollar until the last possible moment. Knauf's counsel has estimated there are roughly four hundred (400) claimants who have sought a recovery as a homeowner who paid for the remediation themselves. Even a conservative estimate of $100,000 per home remediation cost means that, since October 2010 when the pilot program was announced, Knauf has held the benefit of $40,000,000 to the detriment of these homeowners. That $40,000,000 is money paid by, and due and owing to, homeowners who financed Knauf's responsibility.[3]

This Court has inherent power to enforce settlement agreements and enjoys considerable discretion to do so. *See*, *e.g.*, *Mid-South Towing Company v. Har-Win Inc.*, 733 F.2d 386 (5th Cir. 1984); *Bell v. Schnexanayder*, 36 F.3rd 447, 449 (5th Cir. 1994). Moreover, the Court may enforce a settlement agreement without a plenary hearing if there is no material dispute regarding the existence of the settlement agreement. *Milner v. Norfolk & W. Ry. Co.*, 643 F.2d 1005, 1009 (4th Cir 1981).

There is no dispute – there was an offer, the requested release was executed, and counsel for Defendants represented funding would occur.

The ONLY potential argument in response is for Knauf to argue that because this Court has not entered an Order approving the overall settlement, this settlement does not have to

---

[3] *See* D.E. 14599 and D.E. 15797 for additional outline of the difficulty these homeowners have faced throughout the supposed resolution process. The history and background are incorporated herein as if fully restated.

proceed.  However, such an argument (1) is undermined by the fact that Knauf claims to have funded other settlements and (2) demonstrate the exact concern that has been raised for over 18 months –Defendants were unfairly stalling resolution at the expense of homeowners who paid for the remediation themselves.  Knauf's conduct further compounds a major element of this settlement that has been lacking – namely, interest expense paid by and time value loss to homeowners who "funded" Knauf's obligation to fix these homes.  The dollars lost by homeowners has been GAINED by Knauf.

**WHEREFORE,** the Plaintiffs respectfully request that, for the reasons more fully set forth in the accompanying Memorandum in Support, this Court issue an Order compelling settlement of their claim and for all such other relief against Knauf which may appropriate for the filing of this Motion, including attorneys fees, costs and interest.

Respectfully submitted,

/s/ *Michael J. Ryan*
Michael J. Ryan, Esquire
Bar No. 975990
Krupnick, Campbell, Malone, Buser, Slama,
Hancock, Liberman & McKee, P.A.
12 S.E. 7 Street, Suite 801
Fort Lauderdale, FL  33301
Phone (954) 763-8181
Fax (954) 763-8292
pleadings-MJR@krupnicklaw.com
*Attorneys for Plaintiffs*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that I electronically filed the foregoing to counsel of record by electronically uploading the same to LexisNexis File & Serve in accordance with pre-trial Order No. 6, and that the foregoing was electronically filed with the Clerk of the Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will serve a notice of electronic filing in accordance with the procedures established in MDL 2047 on this 4th day of October, 2012.

/s/ *Michael J. Ryan*
Michael J. Ryan, Esquire
Bar No. 975990
Krupnick, Campbell, Malone, Buser, Slama,
Hancock, Liberman & McKee, P.A.
12 S.E. 7 Street, Suite 801
Fort Lauderdale, FL  33301
Phone (954) 763-8181
Fax (954) 763-8292
pleadings-MJR@krupnicklaw.com
Attorneys for Plaintiffs