UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: CHINESE-MANUFACTURED DRYWALL PRODUCTS LIABILITY LITIGATION | MDL NO.: 2047<br>SECTION: L<br>JUDGE FALLON<br>MAGISTRATE WILKINSON |
| THIS DOCUMENT RELATES TO:<br>ALL CASES<br>_____/ | |

**CLAIMANTS', DON MARLINGA'S AND JANICE MARLINGA'S,
MOTION FOR RELIEF FROM STAY WITH MEMORANDUM OF LAW**

Claimants, DON MARLINGA and JANICE MARLINGA (the "Marlingas" or "Claimants"), by and through their undersigned counsel, hereby move for relief from the Stay imposed by the Court in its Order & Reasons Preliminarily Approving the Settlement Agreement Regarding the Claims Involving Builders, Installers, Suppliers, and Participating Insurers, Conditionally Certifying a Settlement Class, Approving the Form Notice to Class Members, and Staying Claims against Builders, Installers, Suppliers and Participating Insurers (Dk # 14562), and its Order (1) Setting Consolidated Fairness Hearing, (2) Establishing Coordinated Opt Out, Objection and Briefing Deadlines, and (3) Entering Litigation Stay in Favor of Settling Parties (Dk # 14566) (collectively, the "Court's Stay Orders"), and, as grounds therefor, state as follows:

1. Claimants are listed as Plaintiffs in Plaintiffs' Omnibus Class Action Complaint (III) (the "Wiltz Omnibus Complaint"), as having a claim against "Pro Wall," the manufacturer of at least some of the drywall installed in Claimants' home. "Pro Wall" may be another name for or may be otherwise associated with Beijing New Building Materials

*In Re: Chinese-Manufactured Drywall Products Liability Litigation*
MDL No. 2047
Claimants', Don Marlinga's and Janice Marlinga's,
Motion for Relief from Stay with Memorandum of Law

Public Ltd. Co., Taishan Gypsum Co., Ltd., or one or more of their related companies (collectively, "Taishan"). Claimants have no other claims pending in this Multi-District Litigation ("MDL").

2. Prior to the filing of the Wiltz Omnibus Complaint in 2010, Claimants had brought an action, *Don and Janice Marlinga v. A.R.B.C. Corporation*, Case No. 09-10655-CA, in the Circuit Court of the 20th Judicial Circuit in and for Collier County, Florida, on December 7, 2009, against A.R.B.C. Corporation ("A.R.B.C."), the builder of Claimants' home, based upon damages suffered as a result of the allegedly defective Chinese drywall installed in their home. In or about June of 2010, A.R.B.C. brought Stock Building Supply, LLC, and Stock Building Supply of Florida, LLC (collectively, "Stock"), into the state court action through a third-party complaint, and, thereafter, Claimants added Stock as a defendant by amending their complaint. Stock has also brought fourth party complaints against drywall suppliers Guardian Building Products Distribution, Inc., Manchester Holdings, Inc., and Manchester Furniture Group, Inc., in that case.

3. The state court case is ready to be set for trial. However, due to the pendency of Stock's Motion to Stay Action filed in that action, premised upon this Court's Stay Orders entered in the MDL, a case management conference had to be postponed.

4. Claimants have asserted no claims against A.R.B.C., Stock or any other builder, supplier or distributor in the MDL. Claimants have asserted no claims against a drywall manufacturer in the state court action.

*In Re: Chinese-Manufactured Drywall Products Liability Litigation*
MDL No. 2047
Claimants', Don Marlinga's and Janice Marlinga's,
Motion for Relief from Stay with Memorandum of Law

5.  Claimants have been defined as "Class Members" and A.R.B.C. and Stock as "Participating Defendants" in the proposed Settlement Agreement in MDL No. 2047 Regarding Claims Involving Builders, Installers, Suppliers and Participating Insurers (the "Global Settlement"). "Pro Wall" or Taishan is not a "Participating Defendant." Accordingly, <u>the only claim that the Marlingas have asserted in the MDL is not covered by the proposed Global Settlement</u>. Guardian and Manchester are also not "Participating Defendants."

6.  Claimants have properly and timely opted-out of the proposed Global Settlement. (Dk # 15822). However, Stock has not agreed to the release of Claimants from the effect of the stay.

7.  Notwithstanding that Claimants are not parties to the proposed settlement for which the stay was imposed and they have no claims common to both cases, the Court's Stay Orders purport to prevent them from proceeding with their state court case.

8.  In the second of the Court's Stay Orders, the Court provided:

> 8. The stay and injunction set forth in paragraph 6 is without prejudice to any party's contention as to whether the Court has jurisdiction, or if it has jurisdiction whether it is proper, to enter a non-consensual stay or injunction of state court cases involving class members who validly opt out of a particular class action settlement. All parties' positions as to that issue are expressly preserved. If and when the issue is presented, the Court will determine the issue de novo based on the submissions of the parties.

(Dk # , p. 5). For the reasons that follow, Claimants believe that this Court lacks jurisdiction or did not properly exercise its jurisdiction in entering a non-consensual stay or injunction of the Claimants' state court case.

*In Re: Chinese-Manufactured Drywall Products Liability Litigation*
MDL No. 2047
Claimants', Don Marlinga's and Janice Marlinga's,
Motion for Relief from Stay with Memorandum of Law

## Memorandum of Law

9.  The Tenth Amendment of the United States Constitution provides: "The powers not delegated to the United States by the Constitution, nor prohibited by it to the States, are reserved to the States respectively, or to the people." Ingrained in the United States Constitution is the concept of "federalism." This concept means:

> a system in which there is sensitivity to the legitimate interests of both State and National Governments, and in which the National Government, anxious though it may be to vindicate and protect federal rights and federal interests, always endeavors to do so in ways that will not unduly interfere with the legitimate activities of the States.

*Younger v. Harris*, 401 U.S. 37, 44, 91 S. Ct. 746, 750 (1971). Because of this required sensitivity, the United States Supreme Court has found it necessary "to repeat time and time again that the normal thing to do when federal courts are asked to enjoin pending proceedings in state courts is not to issue such injunctions." *Younger*, 401 U.S. at 45, 91 S. Ct. at 751.

10. To ensure the concept of federalism would be properly recognized, Congress passed the "Anti-Injunction Act," 28 U.S.C. § 2283, which provides: "A court of the United States may not grant an injunction to stay proceedings in a State court except as expressly authorized by Act of Congress, or where necessary in aid of its jurisdiction, or to protect or effectuate its judgments." This act serves as a check on the authority of the federal courts to issue stays or injunctions under the "All Writs Act," 28 U.S.C.A. § 1651, and prohibits such action unless the requirements of one of the three narrow exceptions contained

*In Re: Chinese-Manufactured Drywall Products Liability Litigation*
MDL No. 2047
Claimants', Don Marlinga's and Janice Marlinga's,
Motion for Relief from Stay with Memorandum of Law

therein are met. *Estate of Brennan v. Church of Scientology Flag Serv. Org., Inc.*, 645 F.3d 1267, 1273 (11th Cir. 2011).

11. Here, the first and third exceptions have no applicability. There is no Act of Congress that authorizes a stay in these circumstances and no judgment exists that needs to be protected or effectuated. Thus, a stay or injunction can only be justified if it is deemed "***necessary***" to aid the jurisdiction of the United States District Court for the Eastern District of Louisiana.

12. In light of the federalism concerns underlying the Anti-Injunction Act, courts construe the exception for "necessary in aid of its jurisdiction" narrowly, with any doubts as to the propriety of an injunction against state court proceedings being resolved in favor of permitting the state courts to proceed. *Id.* It is not enough that the injunction "relate" to the federal court's jurisdiction. *Atlantic Coast Line R.R. Co. v. Brotherhood of Locomotive Eng'rs*, 398 U.S. 281, 295, 90 S. Ct. 1739, 1747 (1970). Ordinarily, a federal court may issue an injunction "in aid of its jurisdiction" in only two circumstances, neither of which applies here: (1) the district court has exclusive jurisdiction over the action because it has been removed from state court; or, (2) the state court entertains an *in rem* action involving a *res* over which the district court has been exercising jurisdiction in an *in rem* action. *Estate of Brennan*, 645 F.3d at 1273 (quoting *In re Bayshore Ford Trucks Sales, Inc.*, 471 F.3d 1233, 1250-51 (11th Cir. 2006)). A very limited exception has been carved out for complex multi-state litigation where an injunction or stay is necessary to prevent an

*In Re: Chinese-Manufactured Drywall Products Liability Litigation*
MDL No. 2047
Claimants', Don Marlinga's and Janice Marlinga's,
Motion for Relief from Stay with Memorandum of Law

interference with the federal court's jurisdiction. In these cases, the complex multi-state litigation is considered to be the "*res.*" *Id.* at 1251. However, while it may be said that "the exercise by the state court of jurisdiction over the same *res* necessarily impairs, and may defeat, the federal court's control," *Kline v. Burke Constr. Co.*, 260 U.S. 226, 229, 43 S. Ct. 79, 81 (1922), the converse is also true. Where the jurisdiction of the state court has first attached, the federal court is precluded from exercising its jurisdiction over the same *res* to defeat or impair the state court's jurisdiction. *Id.; In re Bayshore Ford Trucks Sales*, 471 F.3d at 1251.

13. The "complex multi-state litigation" exception has been applied only in cases where some definite harm could be identified. Common among these cases is that the state court action sought to be enjoined is commenced *after* the federal court has taken control over the "res" and, in most cases, after the federal court has already entered a judgment or is about to enter a judgment that is or will be binding upon the plaintiffs in the state court action. *See*, *e.g.*, *Battle v. Liberty Nat'l Life Ins. Co.*, 877 F.2d 877 (11th Cir. 1989) (affirming court order enjoining plaintiffs in three state court class action proceedings from pursuing claims that were substantially similar to those claims settled by final judgment in federal antitrust class action lawsuit); *In re Corrugated Container Antitrust Litig.*, 659 F.2d 1332 (5th Cir. 1981) (multidistrict court's order enjoining certain plaintiffs in class action from pursuing lawsuit pending in a state court in which same persons were also plaintiffs and from pursuing any claims relating to class action in any court other than

*In Re: Chinese-Manufactured Drywall Products Liability Litigation*
MDL No. 2047
Claimants', Don Marlinga's and Janice Marlinga's,
Motion for Relief from Stay with Memorandum of Law

federal district court, which was issued shortly before entry of judgment based upon approved settlements, did not violate Anti-Injunction Act or Tenth Amendment of United States Constitution). In this regard, a distinction is drawn between attempts to stay a *pending* state court action and one that seeks to prevent a state court action from being *instituted*. E.g., *Broussard v. Meineke Discount Muffler*, 903 F.Supp. 16 (W.D.N.C. 1995). In *Broussard*, the court held that it was not authorized to stay a state court action by members of a class certified in federal court because the state court action was pending in an *in personam* action in state court, even though it was duplicative of the federal class action. This holding is consistent with the well-established rule that "where federal and state courts have concurrent jurisdiction over actions involving identical issues and both are *in personam*, the actions may proceed simultaneously and neither court may enjoin the other proceeding." *Id.* at 18 (quoting *St. Paul Fire & Marine Ins. Co. v. Lack*, 443 F.2d 404, 407 (4th Cir. 1971)). Here, the Court is purporting to stay a *pending* state court action. It has no power to do so.

14. Furthermore, in this case, unlike in all or nearly all the reported cases addressing the "complex multi-state litigation" exception, <u>the claims in the state case action are not the same as those in the federal action</u>. This Court has no jurisdiction over the Marlingas' claims against A.R.B.C. and Stock because they have not been asserted in the MDL. Moreover, nothing the state court can or might do will have any effect whatsoever over this Court's jurisdiction or judgments. The Court's apparent goal of seeking to promote

*In Re: Chinese-Manufactured Drywall Products Liability Litigation*
MDL No. 2047
Claimants', Don Marlinga's and Janice Marlinga's,
Motion for Relief from Stay with Memorandum of Law

a global settlement by imposing a stay is simply insufficient to justify such an unwarranted and unwelcome interference with the jurisdiction of the state courts. It certainly does not rise to the level of "necessity." *See In re Bayshore Ford Trucks Sales*, 471 F.3d at 1250; *see also Chen v. Lester*, 364 Fed. Appx. 531 (11th Cir. 2010) (district court did not abuse its discretion by denying plaintiff's requests to stay state court proceedings, absent any justification for doing so). Meanwhile, the stay is causing and will continue to cause Claimants real damages as they continue to incur the cost of home ownership, by paying property taxes, insurance premiums, association fees, maintenance expenses, and other carrying costs, while being unable to reside in their home.

15. By its June 4, 2012 orders, the Court has attempted to pull the Marlingas' state court claims into the MDL by entertaining a global settlement proposal that has defined the "res" to include, essentially, every Chinese drywall claim brought in every court throughout the country. However, this Court does not possess the authority to control all these pending state court claims, and its orders violate the Tenth Amendment, the Anti-Injunction Act, and the concept of federalism that govern in these circumstances to the extent those orders purport to do so. *See, e.g.*, *In re Bayshore Ford Trucks Sales* (injunction by federal district court following denial of class certification in franchisees' contract action against franchisor, imposing stay against further proceedings in related state-court class action brought by putative member of non-certified class, could not be justified under "necessary in aid of [district court's] jurisdiction" exception to Anti-Injunction

*In Re: Chinese-Manufactured Drywall Products Liability Litigation*
MDL No. 2047
Claimants', Don Marlinga's and Janice Marlinga's,
Motion for Relief from Stay with Memorandum of Law

Act); *Sounds of Serv. Radio, Inc. v. Islamorada, Village of Islands*, 344 F.Supp.2d 1376 (S.D. Fla. 2004) (plaintiff's claim in federal court for preliminary injunction enjoining defendants from proceeding further in defendants' case against plaintiff, which was currently pending in state court, was barred by federal anti-injunction statute).

WHEREFORE, Claimants respectfully request that this Court enter an Order granting this Motion, relieving them from the stay imposed pursuant to the Court's Stay Orders, and providing for such other relief as the Court deems appropriate.

Dated October 4, 2012            Respectfully submitted,


By:   *s/ Thomas A. Conrad*
      THOMAS A. CONRAD, ESQ.
      Florida Bar No. 440957
      E-Mail: taconrad@sbwlawfirm.com
      Shapiro, Blasi, Wasserman & Gora, P.A.
      7777 Glades Rd., Suite 400
      Boca Raton, FL 33434
      Tel:   (561) 477-7800
      Fax:   (561) 477-7722
      *Attorneys for Claimants Don and Janice Marlinga*

*In Re: Chinese-Manufactured Drywall Products Liability Litigation*
MDL No. 2047
Claimants', Don Marlinga's and Janice Marlinga's,
Motion for Relief from Stay with Memorandum of Law

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on September 27, 2012, this document was served upon all parties by electronically uploading same to Lexis File & Serve in accordance with Pretrial Order No. 6 and that on October 4, 2012, the foregoing was electronically filed with the Clerk of the Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2047.

                                   s/ *Thomas A. Conrad*
                                   THOMAS A. CONRAD, ESQ.
                                   Florida Bar No. 440957
                                   taconrad@sbwlawfirm.com