UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: CHINESE-MANUFACTURED DRYWALL PRODUCTS LIABILITY LITIGATION | ) ) ) ) ) | CIVIL ACTION NO. 09-2047<br><br>JUDGE FALLON |
| This Document Relates to:<br>ALL CASES | | MAGISTRATE WILKINSON |

**INTERIOR EXTERIOR'S MEMORANDUM IN SUPPORT OF
MOTION TO STRIKE PLAINTIFFS, MOTION TO STRIKE CERTAIN
WITNESSES FROM PLAINTIFFS' WITNESS LIST
AND MOTION FOR STATUS CONFERENCE**

MAY IT PLEASE THE COURT:

NOW INTO COURT, through undersigned counsel, comes Defendant, Interior Exterior Building Supply, L.P., who respectfully moves this Honorable Court to: 1) strike all currently named plaintiffs as they no longer have standing as trial plaintiffs; 2) strike certain witnesses from Plaintiffs' Witness List; and 3) for a Status Conference with counsel for the parties to discuss the procedural and discovery issues related to the November trial.

**I.      Trial Plaintiffs Do Not Currently Have Viable Claims Against Interior Exterior.**

Pursuant to the Court's Order Setting Consolidated Fairness Hearing, Establishing Coordinated Opt Out, Objection and Briefing Deadlines, and Entering Litigation Stay in Favor of Settling Parties, all plaintiffs who wished to opt out were required to do so no later than September 28, 2012. [Rec. No. 14566]. Plaintiffs, New Orleans Area Habitat for Humanity (NOAHH), Johnny and Rachelle Blue, David and Cheryl Gross, Thomas Mora, Jr., and Beryl Mundee, have not opted out of Interior Exterior's proposed settlement agreement which was announced in April 2011 and preliminarily approved on May 13, 2011. As such, plaintiffs' claims are settled under the Interior Exterior Settlement Agreement; and they do not have standing as trial plaintiffs as there are no

viable claims against Interior Exterior Building Supply. With no viable claims against Interior Exterior, there are no derivative claims against Interior Exterior's excess insurer – The North River Insurance Company.

This Court ordered both the Plaintiffs' Steering Committee (PSC) and Interior Exterior, along with its excess insurer, The North River Insurance Company, to conduct discovery for trial purposes to determine if Interior Exterior is liable under redhbition, Louisiana Civil Code Article 2520 *et seq*. The PSC was to provide Interior Exterior its first three selections by July 13, 2012. Then Interior Exterior was to provide its three selections by July 18, 2012 and the other three selections by July 20, 2012. Thereafter, the PSC was to provide its final selections by July 25, 2012.

Accordingly, on July 13, 2012, the PSC selected three properties of which the homeowners assigned their rights to New Orleans Area Habitat for Humanity (NOAHH). (Exhibit 1). Two of these NOAHH properties contain Taishan board, while the other contains Knauf board.

On July 18, 2012, Interior Exterior submitted Gregory and Cynthia Guillory, Chris and Julie Lea, and Sidney and Diane Cotlar as its selection for trial plaintiffs. (Exhibit 2). On July 20, 2012, Interior Exterior submitted David and Cheryl Gross, Vernon Leroy Fernandez and JoAnn Cross, and David Holder, as its final trial plaintiffs. (Exhibit 3).

The PSC then provided Johnny and Rachelle Blue, Edward and Susan Beckendorf, and Beryl Mundee, as its final selection for trial plaintiffs. (Exhibit. 4).

After Interior Exterior's submission of trial plaintiffs, the PSC informed the undersigned that, although a list of settled plaintiffs had not been previously provided to Interior Exterior, four of Interior Exterior's trial plaintiff selections were not viable because the selections had previously settled with Knauf. According to the PSC, because Vernon Leroy Fernandez and JoAnn Cross,

David Holder, Gregory and Cynthia Guillory, and Sidney and Diane Cotlar had entered into settlements with Knauf they were no longer viable trial plaintiffs because they no longer had viable claims against Interior Exterior.

Although frustrated by the PSC's position regarding the trial plaintiff selection, Interior Exterior relented and selected another four selections to include Marie Seiler, Kelly and Steven Teal, August Thomas Mora, Jr., and Enrich and Hayley Matherne. (Exhibit 5). Although Marie Seiler had originally filed an opt-put, she withdrew her opt-out and accordingly could no longer be a viable trial plaintiff. The Teals and the Mathernes had submitted documentation of self remediation to Knauf and was believed to be in the process of settlement. No such evidence, however, has ever been provided to Interior Exterior. The PSC nonetheless considered the Teals and Mathernes to not be viable trial plaintiffs for this reason. (Exhibit 6). The Leas and the Beckendorfs had elected to opt into the Knauf settlement, and as such were considered to no longer be viable trial plaintiffs.

Interior Exterior's settlement agreement provides in section 1.1.3.1 that those members with claims arising from affected properties located in Louisiana are part of the "Louisiana Subclass". The current trial plaintiffs are members of the Louisiana Subclass because their affected properties are in Louisiana. The settlement agreement also provides that the Louisiana Subclass is entitled to the primary limits of insurance coverage; and reserves the rights of the Non-Louisiana Subclass to receive any excess amounts remaining from the primary insurance and the amounts available under Interior Exterior's excess policy. Interior Exterior's primary insurers are eager to deposit their settlement funds to confect the proposed settlement agreement.

As the Court Scheduling Order [Rec. No. 14566] required that class members wishing to opt-out were required to do so by Friday, September 28, 2012. None of these trial plaintiffs have done so. Thus, using the PSC's own logic in eliminating trial plaintiffs due to their inclusion into

settlement with Knauf, which must be read in conjunction with Interior Exterior's settlement agreement, it is certainly ingenious to require a trial with New Orleans Area Habitat for Humanity, Johnny and Rachelle Blue, David and Cheryl Gross, Thomas Mora, Jr., and Beryl Mundee as plaintiffs, since they have elected to remain in the settlement class. Thus, Interior Exterior respectfully requests that this Honorable Court strike New Orleans Area Habitat for Humanity, Johnny and Rachelle Blue, David and Cheryl Gross, Thomas Mora, Jr., and Beryl Mundee as trial plaintiffs.

**II.     Certain witnesses should be stricken from Plaintiffs' Witness List because Plaintiffs cannot locate them and have failed to provide adequate information for Interior Exterior to locate them.**

Plaintiffs initially filed a Fact and Expert Witness List [Rec. No. 15815] on September 14, 2012, which identified over one hundred (100) witnesses who may be called to testify at trial by the PSC. (Exhibit 7). Because of the overly broad list of witnesses, INEX immediately requested a meet and confer on the overly broad witness list. This meet and confer was conducted specifically to discuss the relevancy of the witnesses identified in the original PSC's witness list. Pursuant to the agreement reached at this conference, Plaintiffs forwarded an Amended Fact and Expert Witness List to undersigned counsel which was filed on September 21, 2012 [Rec. No. 15834]. (Exhibits 8 and 9). Since first receiving Plaintiffs' original list, Interior Exterior diligently began pursing discovery on plaintiffs' witnesses identified in their witness list. Interior Exterior's efforts, however, are continuously thwarted by Plaintiffs.

First, Plaintiffs Amended Witness List fails to provide adequate information on the location of six witnesses. These witnesses are simply identified as INEX customers. Although Interior Exterior has attempted to undertake the daunting task to locate the PSC's witnesses for depositions, it nonetheless has already had to conduct a *proces-verbal* for one witness that PSC indentified on its

- 4 -

witness list.    In particular, the PSC identified "Vincent Gonzales" as the drywall installer for Ms. Mundee's home, but did not provide any address for him.  A videographer and court reporter and the undersigned were prepared to take Mr. Gonzales's deposition, however, due to the lack of contact information, no Mr. Gonzales ever appeared.

Plaintiffs have failed to provide critical information concerning the location of the witnesses they have listed in their witness list. In particular, Plaintiffs list: Debra Aker or a representative of Viewpoint Construction with a vague address at Louisiana Parkway, New Orleans; John Bush or a representative of Titan Drywall with a vague address at Alvin, Texas; Rodrigo Franovelle or a representative from Strategy with no indication of location; John Gillespie with no other identifying address; Jerry Glidewell with no municipal address; and Dale Newman located in Metairie.  The location of these witnesses has not been ascertained and Interior Exterior has spent numerous hours and concerted efforts to locate these individuals.   The PSC also identified three "installers" of NOAHH's properties as witnesses.  Yet, they have unable to provide even the names of these witnesses.

Federal Rule of Civil Procedure 26(a)(1) outlines a party's initial disclosure requirements, including the requirement that a party disclose individuals and documents that the disclosing party "may use to support its claims or defenses, unless the use would be solely for impeachment." Fed.R.Civ.P. 26(a)(1).21 Additionally, Rule 37 provides that a party cannot use witnesses or documents "on a motion, at a hearing, or at a trial" if those witnesses or documents have not been disclosed pursuant to Rule 26(a) or (e). *Tex. A & M Res. Found. v. Magna Transp., Inc.,* 338 F.3d 394, 401-02. Rule 37 provides, in pertinent part:

> If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, *unless the failure was substantially justified*

> *or is harmless.* In addition to or instead of this sanction, the court ... may impose other appropriate sanctions, including any of the orders listed in Rule 37(b)(2)(A)(i)-(vi).

Fed.R.Civ.P. 37(c)(1) (emphasis added); *Primrose Operating Co. v. Nat'l Am. Ins. Co.,* 382 F.3d 546, 563 (5th Cir.2004).

When determining whether a violation of Rule 26 is harmless or substantially justified, the district court's decision is to be guided by the consideration of four factors: "(1) the importance of the evidence; (2) the prejudice to the opposing party of including the evidence; (3) the possibility of curing such prejudice by granting a continuance; and (4) the explanation for the party's failure to disclose." *Tex. A & M,* 338 F.3d at 402; *United States v. $9,041,598.68,* 163 F.3d 238, 252 (5th Cir.1998).

Moreover, Federal Rule of Evidence 403 provides that "[a]lthough relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by the considerations of undue delay, waste of time, or needless presentation of cumulative evidence." Plaintiffs list individuals from St. Tammany Parish's Permit and Regulatory Department, freight handlers, the Office of Safety and Permits for the City of New Orleans, and Interior Exterior's insurance carriers. These individuals will not likely have information concerning whether Interior Exterior knew or should have known, a standard that Interior Exterior argues is improper for a determination under redhibition; thus, under Federal Rule of Evidence 403, these individuals should be stricken from Plaintiffs' Witness List.

Interior Exterior submits that Federal Rule of Civil Procedure 26(b)(1) provides that "parties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party." FED. R. CIV. P. 26(b)(1). The discovery rules are accorded a broad and

liberal treatment to effect their purpose of adequately informing litigants in civil trials. *Herbert v. Lando*, 441 U.S. 153, 177 (1979). Courts have recognized that "the object of inquiry must have some evidentiary value before an order to compel disclosure of otherwise inadmissible material will issue." *Zenith Elecs. Corp. v. Exzec, Inc.,* 1998 WL 9181, 3 (N.D.Ill 1998) (quoting *Piacenti v. Gen. Motors Corp.,* 173 F.R.D. 221, 223 (N.D.Ill.1997)). That is, the information must be "reasonably calculated to lead to the discovery of admissible evidence." *Id.*  As to Plaintiffs' Fact and Expert Witness List in this limited trial, the depositions of those individuals associated with St. Tammany Parish's Permit and Regulatory Department, freight handlers, the Office of Safety and Permits for the City of New Orleans, contractors that performed remediations, and Interior Exterior's insurance carriers are not likely lead to the discovery of admissible evidence. Therefore, those individuals should be stricken from Plaintiffs' witness list, so that the parties are able to concentrate their efforts on witnesses that can provide meaningful testimony on the sole issue at trial that is – whether Interior Exterior knew that the Chinese manufactured board contained a defect at the time it sold it.

Trial is less than seven weeks away discovery cut off is less than three weeks away.  This Court has continuously reminded the parties that this trial is limited to one sole issue – whether Interior Exterior is a good or bad faith seller of the drywall manufactured in China.  It is fundamentally unfair and prejudicial to Interior Exterior to continue attempting discovery of individuals who the Plaintiffs have failed to provide simple contact information.  Thus, Interior Exterior respectfully requests that all individuals Plaintiffs have been without providing proper addresses should be stricken from Plaintiff's witness list and barred from testifying at the November bellwether trial.

### III.   Interior Exterior has fully cooperated with Plaintiffs' requests for depositions as they saw fit.

Cognizant that the November trial was placed on expedited manner, Interior Exterior has cooperated with the Plaintiffs all aspects of discovery. For instance, although Interior Exterior had already been deposed, on August 7, 2012, the Plaintiffs requested to take another 30(b)(6) deposition of Interior Exterior. (Exhibit 10). On that same day, Plaintiffs requested the depositions of twelve (12) Interior Exterior employees. On August 13, 2012, Interior Exterior provided information concerning the twelve employees and provided last known addresses for those employees who no longer worked for Interior Exterior. (Exhibit 10). On August 23, 2012, the parties had agreed to a deposition schedule for Interior Exterior and its employees. (Exhibit 11). In fact, all Interior Exterior employee depositions and the depositions of Jim Geary and Clay Geary, the owners of Interior Exterior were completed by October 1, 2012.

Yet, when Interior Exterior requested the depositions of Plaintiffs' witnesses on September 21, 2012, it took the Plaintiffs until September 28, 2012 to provide a response. (Exhibit 12). And even after the PSC provided a response to Interior Exterior's request for discovery, it was incomplete. There remains outstanding a request that the PSC provide information on numerous witness and produce them for depositions.[1] The PSC must be compelled to provide a more exact list of witnesses that will actually be called at trial, for which they can produce for a discovery deposition or at a minimum provide Interior Exterior how to locate and serve these witnesses to appear for a deposition.

---

[1] For example, the PSC has identified the "three drywall installers at the Habit for Humanity homes" as trial witnesses, yet they have not even provided their names or any information on how to locate and serve these potential witnesses.

**IV.     Interior Exterior Requests an Emergency Status Conference.**

Trial is currently scheduled to commence on Monday, November 26, 2012, less than seven weeks away. The class settlement hearing for the Interior Exterior, Banner Supply Co., Knauf, L&W Supply Co, and the Supplier, Builders and Installers and Participating Insurers, is currently scheduled for November 13, 2012, six weeks away. It is imperative for procedural issues to be discussed with the parties involved in the November bellwether trial sooner rather than later. Accordingly, Interior Exterior respectfully prays that an emergency status conference be held to discuss Plaintiffs' witness list and viability of trial plaintiffs.

WHEREFORE, Defendant, Interior Exterior Building Supply, L.P., prays that this Honorable Court schedule a Status Conference to discuss the status of Plaintiffs' Fact and Witness List and grant its Motion to Strike Certain Witnesses.

Respectfully submitted,

*Richard G. Duplantier, Jr.   /s/*
Richard G. Duplantier, Jr. (# 18874)
Lambert J. Hassinger, Jr. (# 21683)
Benjamin R. Grau (#26307)
Carlina C. Eiselen, (# 28524)
GALLOWAY, JOHNSON, TOMPKINS,
BURR & SMITH
701 Poydras Street, 40th Floor
New Orleans, Louisiana 70139
Telephone:  (504) 525-6802 / Fax:   (504) 525-2456
rduplantier@gjtbs.com /jhassinger@gjtbs.com
bgrau@gjtbs.com / ceiselen@gjtbs.com
*Counsel for Defendant, Interior Exterior Building Supply, L.P. and Interior Exterior Enterprises, LLC*

**Certificate of Service**

The undersigned certifies that this document has been served on Plaintiffs' Liaison counsel Russ Herman and Defendants' Liaison Counsel Kerry Miller, by email and United States Mail, and upon all parties by electronically uploading the same to Lexis Nexis File & Serve in accordance with Pretrial Order No. 6, and that the foregoing was filed with the Clerk of Court for the United States District Court for the Eastern District of Louisiana by using the CM/ECF System which will send a notice of electronic filing in accord with the procedures established in MDL 2047, on the 8th day of October, 2012.

<em>Richard G. Duplantier, Jr.  /s/</em><br>RICHARD G. DUPLANTIER, JR.