IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: CHINESE-MANUFACTURED DRYWALL PRODUCTS LIABILITY LITIGATION | x<br>x<br>x<br>x<br>x<br>x | MDL NO. 2047<br>SECTION: L<br>JUDGE FALLON<br>MAG. JUDGE WILKINSON |
| THIS DOCUMENT RELATES TO ALL CASES | x | |

**PLAINTIFFS' OPPOSITION TO INTERIOR EXTERIOR'S MOTION TO STRIKE PLAINTIFFS, MOTION TO STRIKE CERTAIN WITNESSES FROM PLAINTIFFS' WITNESS LIST AND MOTION FOR STATUS CONFERENCE**

The Plaintiffs Steering Committee ("PSC") on behalf of the Plaintiffs in the upcoming trial against Interior Exterior ("INEX") and North River Insurance hereby submits this opposition to the Motion by INEX To Strike Plaintiffs, Motion to Strike Certain Witnesses from Plaintiffs' Witness List and Motion for Status Conference ("Motion"). INEX's Motion presents two argument: that the trial Plaintiffs do not have viable claims against INEX and that certain fact witnesses listed by Plaintiffs should be stricken. The PSC will address each argument in turn.

I.   *Plaintiffs Have Viable Claims Against INEX*

The trial to determine whether INEX's excess carrier is responsible for INEX being a "good faith seller" is currently scheduled for November 26, 2012. To avoid that trial, INEX contends that the Bellwether plaintiffs are without viable claims to pursue this trial. It argues that the bellwether plaintiffs must have opted out of the settlement agreement in order to have preserved their trial rights. Specifically, INEX asserts that because no opt out occurred plaintiff's claims "<u>are settled</u> under the Interior Exterior Settlement Agreement". INEX's argument reveals

a fundamental misunderstanding of the process applicable to the INEX settlement and the terms of the INEX Settlement Agreement.

To begin, this Court's May 13, 2011 Preliminary Approval Order, did not conclusively establish the claims of participating class members.  As the name suggests, the order was merely "preliminary."  Indeed, a Final Fairness Hearing is scheduled to be conducted on November 13, 2012.  Even then, not unless the terms of the settlement are <u>finally</u> approved, and again not until such time as that anticipated final approval becomes a final judgment will class members claims actually become settled.  Thus, the fact that the Bellwether plaintiffs have not opted out of the INEX settlement has no bearing as to whether the claims are settled.

More importantly, however, under the terms of the Settlement Agreement, the current bellwether plaintiffs who are members of the Louisiana subclass, like all class members, have reserved the right to pursue claims against the North River Insurance Company. Stated differently, the Settlement Agreement reserves the right of the Non-Louisiana Subclass and those in the Louisiana subclass (including the bellwether plaintiffs) to maintain their claims against the excess carrier, which right the bellwether plaintiffs are exercising through the process of the bellwether trial.  In particular, Section 3.3.3 of the Settlement Agreement explains that one of the reserved claims includes, "that the Louisiana subclass reserves the right to pursue a claim against the excess carrier with all rights under existing jurisprudence)  but only to the extent of the available policy limits."   Because of this provision were the bellwether plaintiffs to have opted out of the settlement they would not be entitled to enforce their reserved rights to pursue claims against the excess carrier. In addition, the bellwether plaintiffs have a direct interest in protecting their settlement rights which may only be accomplished by litigating their claim against INEX's excess carrier to avoid Knauf walking away from the KPT settlement -- a

daunting possibility which lends significant credence to their pursuit of the upcoming trial. Plainly, INEX is mistaken in believing that an opt out was required for the few Louisiana Subclass plaintiffs that are the subject of INEX's motion to continue as bellwether plaintiffs in the currently scheduled trial.[1]

In any event, the bellwether plaintiffs have reserved their rights against the excess carrier the North River Insurance Company, which rights did not require an opt out on September 28, 2012.

II. *None of Plaintiffs' Witnesses should be Stricken Because Discovery is Still Proceeding*

INEX seeks to strike witnesses based on two arguments. INEX argues that certain named witnesses, most of whom were some of INEX's customers, should be stricken because Plaintiffs did not initially provide addresses for these witnesses. INEX then argues that other types of witnesses should be stricken based on the relevance of their *anticipated* testimony. Each argument will be addressed. However, INEX's motion ignores the fact that discovery is continuing and betrays the cooperative process in which the parties have and continue to engage in as discovery proceeds. These matters should have been, and in many cases have already been, addressed through communication between the parties.

Regarding the witnesses for which no address was initially provided in the witness list INEX invents a dispute where none can truly be said to law. Plaintiffs were unable to obtain any contact information for one of the drywall installers, Vincent Gonzalez, and already agreed on October 1, 2012 to withdraw him as a potential witness. Exhibit 1. As to the witnesses who were INEX customers, the parties had been communicating on an ongoing basis to coordinate

---

[1] Alternatively, this court under its inherent authority to schedule matters before it or pursuant to Fed.R.Civ.P. 60, could always treat the bellwether plaintiffs as if they timely opted out of the settlement, if such a requirement is deemed necessary.

the depositions of these witnesses, and have scheduled and rescheduled dates for their depositions. As with witnesses that were INEX employees, the PSC did not list addresses for these witnesses understanding that INEX would be able to contact its customers. Indeed, through the course of communications regarding these depositions, INEX never mentioned that it did not have addresses for these witnesses, even when its counsel stated on October 1, 2012 that subpoenas would be served on these witnesses based on the schedule initially agreed to by the parties. Exhibit 2. Rather, these witnesses had been identified by the PSC from INEX's own customer invoices. Finally, while Plaintiffs have been unable to speak directly with the drywall installer of the three NOAHH homes, they will continue to work with INEX regarding this witness.

Regarding the argument that certain witnesses are irrelevant, INEX again argues as if there has been no agreement about some of these witnesses and as if discovery is complete. The parties already agreed on October 3, 2012, that two of these witnesses (a representative of St. Tammany Parish's Permit and Regulatory Department and a representative of the Office of Safety and Permits for the City of New Orleans) would not be needed after INEX agreed to stipulate to the authenticity of permits issued by these municipal departments that relate to the homes of the trial plaintiffs. Exhibit 1.

Similarly, INEX seeks to strike the depositions of "contractors that performed remediations" of the Plaintiffs' homes. However, none of the listed contractors performed remediation of the homes to remove Chinese drywall,[2] a matter that would have been easily cleared up if INEX had asked neither Plaintiffs counsel nor these witnesses before filing its

---

[2] Rather, the contractors that initially installed the drywall were listed as witnesses, and their experience with the INEX Chinese drywall, and any communications these witnesses may have had with INEX is clearly relevant.

premature motion.  As to the relevance of the other type of witness INEX discusses, "Freight Handlers", INEX's argument has no merit.  With their Amended Preliminary Fact and Expert Witness List, Plaintiffs list only one "freight handler" listed, J.W. Allen, Plaintiffs understand oversaw the loading of certain shipment of drywall from China for delivery to INEX.  Any observations made by this "freight handler" about the drywall and its condition along with any communications in made to INEX about its observations are clearly relevant to the claims that INEX knew or should have known about potential defects with the drywall.   Finally, the only "insurance carrier" listed in Plaintiffs witness list is the defendant North River.  While there may eventually be no need to present testimony from this defendant at trial, there is no need to strike the witness because North River has already been deposed.

Ultimately, the demands of discovery on the parties have posed difficulties all around.  Plaintiffs have not "thwarted" any discovery, but have worked and continue to work with INEX to complete discovery of fact witnesses in this litigation.  To the extent any motions to strike witnesses are to be brought, it should be at the close of discovery when the record is complete and the parties have worked out all issues related to discovery.

Dated: October 10, 2012

Respectfully submitted,

/s/ Russ M. Herman
Russ M. Herman, Esquire (LA Bar No. 6819)
Leonard A. Davis, Esquire (LA Bar No. 14190)
Stephen J. Herman, Esquire (LA Bar No. 23129)
HERMAN, HERMAN & KATZ, L.L.C.
820 O'Keefe Avenue
New Orleans, Louisiana 70113
Phone: (504) 581-4892
Fax: (504) 561-6024
Ldavis@hhklawfirm.com
*Plaintiffs' Liaison Counsel*
*MDL 2047*

        Arnold Levin
        Fred S. Longer
        Matthew C. Gaughan
        Levin, Fishbein, Sedran & Berman
        510 Walnut Street, Suite 500
        Philadelphia, PA 19106
        215-592-1500 (phone)
        215-592-4663 (fax)
        Alevin@lfsblaw.com
        *Plaintiffs' Lead Counsel*
        *MDL 2047*

**PLAINTIFFS' STEERING COMMITTEE**

Dawn M. Barrios
Barrios, Kingsdorf & Casteix, LLP
701 Poydras Street, Suite 3650
New Orleans, LA 70139
Phone: (504) 524-3300
Fax: (504) 524-3313
Barrios@bkc-law.com

Daniel E. Becnel, Jr.
Becnel Law Firm. LLC
425 W. Airline Highway, Suite B
Laplace, LA 70068
Phone: (985) 536-1186
Fax: (985) 536-6445
dbecnel@becnellaw.com

Robert C. Josefsberg
Podhurst Orseck, P.A.
25 Flagler Street, 8th Floor
Miami, FL 33130
Phone: (305) 358-2800
Fax: (305) 358-2382
rjosefsberg@podhurst.com

Bruce William Steckler
Baron & Budd, P.C.
3102 Oak Lawn Ave., Suite 1100
Dallas, TX 75219
Phone: (214) 521-3605
Fax: (214) 520-1181
bsteckler@baronbudd.com

Ervin A. Gonzalez
Colson, Hicks, Eidson, Colson
  Matthews, Martinez, Gonzales,
  Kalbac & Kane
255 Alhambra Circle, Penthouse
Cora Gables, FL 33134
Phone: (305) 476-7400
Fax: (305) 476-7444

Ben W. Gordon, Jr.
Levin, Papantonio, Thomas, Mitchell
 Echsner & Proctor, P.A.
316 S. Baylen Street, Suite 600
Pensacola, FL 32502
Phone: (850) 435-7000
Fax: (850) 435-7020
bgordon@levinlaw.com

Hugh P. Lambert
Lambert and Nelson
701 Magazine Street
New Orleans, LA 70130
Phone: (504) 581-1750
Fax: (504) 529-2931
hlambert@lambertandnelson.com

Gerald E. Meunier
Gainsburgh, Benjamin, David, Meunier
 & Warshauer, LLC
2800 Energy Centre, 1100 Poydras Street
New Orleans, LA 70163-2800
Phone: (504) 522-2304
Fax: (504) 528-9973
gmeunier@gainsben.com

Jerrold Seth Parker
Parker, Waichman, Alonso LLP
3301 Bonita Beach Road
Bonita Springs, FL 34134
Phone: (239) 390-1000
Fax: (239) 390-0055
Jerry@yourlawyer.com

Scott Wm. Weinstein
Morgan & Morgan
12800 University Drive, Suite 600
Ft. Meyers, FL 33907
Phone: (239) 433-6880
Fax: (239) 433-6836
sweinstein@forthepeople.com

James Robert Reeves
Lumpkin & Reeves
160 Main Street
Biloxi, MS 39530
Phone: (228) 374-5151
Fax: (228) 374-6630
jrr@lumpkinreeves.com

Christopher Seeger
Seeger Weiss, LLP
77 Water Street
New York, NY 10005
Phone: (212) 584-0700
Fax: (212) 584-0799
cseeger@seegerweiss.com

Daniel K. Bryson
Whitfield, Bryson & Mason, LLP
900 W. Morgan Street
Raleigh, NC 27603
Phone: (919) 600-5000
Fax: (919) 600-5035
dan@wbmllp.com

Richard J. Serpe, Esquire
Law Offices of Richard J. Serpe
Crown Center, Ste. 310
580 East Main Street
Norfolk, VA 23510-2322
Phone: (757) 233-0009
Fax: (757) 233-0455
rserpe@serpefirm.com

Victor M. Diaz, Jr., Esquire
V.M. Diaz and Partners, LLC
119 Washington Ave, Suite 402
Miami Beach, FL 33139
Phone: (305) 704-3200
Fax: (305) 538-4928
victor@diazpartners.com

## OF COUNSEL TO PLAINTIFFS' STEERING COMMITTEE

Richard S. Lewis
HAUSFELD LLP
1700 K Street, N.WSuite  650
Washington, DC 20006
Phone: (202) 540-7200
Fax:  (202) 540-7201
rlewis@hausfeldllp.com

Andrew A. Lemmon
Lemmon Law Firm, LLC
P.O. Box 904
15058 River Road
Hahnville, LA 70057
Phone: (985) 783-6789
Fax: (985) 783-1333
andrew@lemmonlawfirm.com

Anthony Irpino

Irpino Law Firm
2216 Magazine Street
New Orleans, LA 70130
Phone: (504) 525-1500
Fax: (504) 525-1501
airpino@irpinolaw.com

**CERTIFICATE OF SERVICE**

  I hereby certify that the above and foregoing pleading has been served on Defendants' Liaison Counsel, Kerry Miller, by e-mail and upon all parties by electronically uploading the same to LexisNexis File & Serve in accordance with Pre-Trial Order No. 6, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2047 on this 10th day of October, 2012.

         /s/ Leonard A. Davis
         Leonard A. Davis, Esquire
         HERMAN, HERMAN & KATZ, L.L.C.
         820 O'Keefe Avenue
         New Orleans, Louisiana 70113
         Phone: (504) 581-4892
         Fax: (504) 561-6024
         Ldavis@hhklawfirm.com
         Plaintiffs' Liaison Counsel
         MDL 2047