UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: CHINESE MANUFACTURED<br>         DRYWALL PRODUCTS<br>         LIABILITY LITIGATION | )<br>)<br>)<br>) | MDL NO. 2047 |
| THIS DOCUMENT RELATES TO: | )<br>) | SECTION: L |
| *Hobbie, et al. v.*<br>*RCR Holdings II, LLC, et al.,* | )<br>)<br>) | JUDGE FALLON |
| No. 10-1113 | )<br>)<br>) | MAG. JUDGE WILKINSON |
| _____ | ) | |

**[PROPOSED] FINAL ORDER AND JUDGMENT APPROVING CLASS SETTLEMENT
WITH DEFENDANT RCR HOLDINGS II, LLC**

This matter has come before the Court to determine whether there is any cause why this Court should not approve the Settlement with Defendant RCR Holdings II, LLC ("RCR") set forth in the Settlement Agreement, dated May 9, 2012, relating to the above-captioned litigation. The Court, after carefully considering all papers filed and proceedings held herein and otherwise being fully informed in the premises, has determined (1) that the Settlement should be approved, and (2) that there is no just reason for delay of the entry of this Final Order and Judgment approving the Settlement.

Accordingly, the Court directs entry of this Final Order and Judgment which shall constitute a final adjudication of this case on the merits as to the parties to the Settlement. Good cause appearing therefore, it is:

ORDERED, ADJUDGED AND DECREED that**:**

1. **Jurisdiction of the Court**. The Court has personal jurisdiction over all Settlement Class Members because adequate notice has been provided to them and because they have been provided the opportunity to exclude themselves from the Litigation. The Court has

subject matter jurisdiction over this Litigation, including, without limitation, jurisdiction to approve the Settlement Agreement and to dismiss the Litigation on the merits and with prejudice.

2. **Incorporation of Documents.**  This Final Order and Judgment incorporates herein and makes a part hereof (i) the Settlement Agreement (a copy of which, without exhibits, is appended hereto as Exhibit 1); (ii) the Class Notice (a copy of which is appended hereto as Exhibit 2); and, (iii) the CAFA service list (appended hereto as Exhibit 3).  The definitions of terms set forth in the Settlement Agreement are incorporated hereby as though fully set forth in this Judgment.

3. **Final Certification of the Class for Settlement Purposes.**  A class for settlement purposes is hereby finally certified consisting of all persons who, as of September 21, 2009, owned a Residence located in Villa Lago at Renaissance Commons in Boynton Beach, Florida, regardless of whether or not they own the unit as of the Notice Date.  Excluded from the Settlement Class are the units owned by RCR, and any other Defendant in the *Hobbie* matter and any person, firm, trust, corporation, or other entity related or affiliated with Defendants including, without limitation, persons who are officers, directors, employees, associates or partners of the Defendants.  There have been no Class Members who have timely and validly excluded themselves from the Settlement Class.  Thus, all Settlement Class Members are bound by this Final Order and Judgment and the terms of the Settlement Agreement.

4. **Class Findings.**  For purposes of the Settlement of the Litigation (without an adjudication on the merits), the requirements of due process and the Federal Rules of Civil Procedure and the Rules of the Court have been met in that:

The members of the Settlement Class are so numerous that it is impracticable to bring all members of the Settlement Class before the Court.

There is a well-defined community of interest among members of the Settlement Class in certain questions of law or fact that are common to the Settlement Class, are substantially similar, and predominate over any individual questions of fact and law. The Plaintiffs allege, *inter alia*, that RCR sold Residences constructed with Chinese Drywall when it knew, but failed to disclose, any information about unsafe materials used in the construction of the Residences or common elements of Villa Lago. Thus, common questions include whether: (i) RCR sold Residences constructed with Chinese Drywall during the Class Period; and, (ii) RCR's conduct fell below the duty of care owed by RCR to the Settlement Class. These common questions are central to each Settlement Class Member's claim and predominate over questions affecting only individual members of the Settlement Class.

The claims of the Class Representative, Wendy Lee Hobbie, are typical of the claims of the Settlement Class, and the Class Representative will fairly and adequately protect the interests of the Class, in that: (i) the interests of the Class Representative and the nature of her alleged claims are consistent with those of the Settlement Class; (ii) there are no conflicts between or among the Class Representative and Settlement Class Members; (iii) the Class Representative has been and is capable of continuing to be an active participant in both the prosecution of, and the settlement negotiations of, the Litigation; and (iv) the Class Representative and the Settlement Class Members are represented by qualified, reputable counsel who are experienced in preparing and prosecuting class actions, including those involving the sort of practices alleged in the Second Amended Complaint.

A resolution of the Litigation in the manner proposed by the Settlement Agreement is superior to other available methods for a fair and efficient adjudication of the Litigation. In making these findings, the Court has considered, among other factors: (i) the interest of

Settlement Class Members in individually controlling the prosecution or defense of separate actions; (ii) the impracticability or inefficiency of prosecuting or defending separate actions; (iii) the extent and nature of any litigation concerning these claims already commenced; and (iv) the desirability of concentrating the litigation of the claims in a particular forum.

5. **<u>Satisfaction of Due Process</u>**.   The Court finds that the mailing of the Class Notice and the publishing of the Class Notice on the Court's website as provided for by, and undertaken pursuant to, the Preliminary Approval Order (i) constituted the best practicable notice to members of the Settlement Class under the circumstances, (ii) constituted notice that was reasonably calculated, under the circumstances, to apprise members of the Settlement Class of the pendency of the Litigation and of the terms of the Settlement Agreement and their rights thereunder, including their rights to object to those terms or to exclude themselves from the proposed Settlement and to appear at the Fairness Hearing, (iii) was reasonable and constituted due, adequate and sufficient notice to all persons entitled to be provided with notice, and (iv) fully complied with the requirements of the United States Constitution, the Federal Rules of Civil Procedure and the Rules of the Court.

6. **<u>CAFA Notice</u>**.   The Court finds that service of the Settlement Agreement together with the materials specified in 28 U.S.C. § 1715(b), upon the entities and individuals listed in Exhibit 3 hereto on May 24, 2012, constituted sufficient and adequate notice to the appropriate federal and state officials as required by the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1715.

7. **<u>Adequate Representation.</u>**  Settlement Class Counsel and the Class Representative have adequately represented the Settlement Class throughout this Litigation.

Therefore, the Court finds that Gary E. Mason and Daniel R. Bryson of Whitfield Bryson & Mason LLP, Joel R. Rhine of Rhine Law Firm, P.C., and Adam Linkhorst of Linkhorst & Hockin P.A. shall be appointed as Settlement Class Counsel and Wendy Lee Hobbie shall be appointed Settlement Class Representative.

8.  **Final Approval.**  The terms and provisions of the Settlement Agreement have been entered into in good faith and are hereby fully and finally approved as fair, reasonable and adequate as to, and in the best interests of, both RCR and the Participating Class Members and in full compliance with all applicable requirements of law, including constitutional due process. RCR and Participating Class Members are hereby directed to implement and consummate the Settlement Agreement according to its terms and provisions.

9.  **Claims Released.**  The Release set forth in Section 5.1.1 of the Settlement Agreement is expressly incorporated in this Final Order and Judgment in all respects (and also is set forth in its entirety, below) and is effective as of the date of this Final Order and Judgment, such that RCR and the Released Parties are forever discharged from the claims or liabilities that are the subject of the Release.  RCR and the Released Parties shall be completely released, acquitted and forever discharged from any and all claims, demands, judgments, actions, suits, or causes of action, known or unknown, whether class, individual or otherwise (whether or not any member of the Settlement Class has objected to the Settlement or makes a claim upon or participates in the Settlement Fund, whether directly, representatively, derivatively, or in any other capacity): (i) that members of the Settlement Class ever had, have now or hereafter can, shall, or may have on account of, arising out of, or relating to any act or omission of RCR or the Released Parties concerning Chinese Drywall at the Residences, including but not limited to, any conduct alleged and causes of action asserted in the Litigation, or that could have been asserted

or alleged in the Litigation and that arise out of the facts alleged in the Litigation; and/or (ii) that were asserted in the Litigation, and/or (iii) that any individual or entity who has not properly opted out, Knauf, and its affiliated companies/subsidiaries, Banner, and its affiliated companies, and/or any Other *Hobbie* Defendants ever had, have now or hereafter can shall or may have on account of, arising out of, or relating to any act or omission of RCR or the Released Parties concerning Chinese Drywall at the Residences, including but not limited to, any conduct alleged and causes of action asserted in the Litigation, or that could have been asserted or alleged in the Litigation and that arise out of the facts alleged in the Litigation (collectively the "Released Claims"). The Participating Class Members shall not, after the Execution Date, seek to establish liability in the Litigation against RCR or any Released Party based, in whole or in part, upon any of these Released Claims or conduct at issue in the Release Claims. Nothing in this Settlement Agreement shall be construed to release any of the Class Members' claims against any of the Other *Hobbie* Defendants or any of the manufacturers of Chinese Drywall.

10.     **Permanent Injunction.**  All Settlement Class Members who have not been excluded from the Settlement Class (and all persons acting on behalf of Settlement Class Members who have not been excluded from the Settlement Class), any individual or entity who has not properly opted out, Knauf, and its affiliated companies/subsidiaries, Banner, and its affiliated companies, and/or Other *Hobbie* Defendants are hereby permanently and forever barred and enjoined from maintaining, continuing, prosecuting, and/or commencing the Litigation, Related Actions, or any and all claims or actions, pending or future, against RCR that arises from, concerns or otherwise relates, directly or indirectly, to Chinese Drywall. The Court finds that entry of this permanent injunction is necessary and appropriate to aid the Court's

jurisdiction over the Litigation and to protect and effectuate the Settlement Agreement and this Final Order and Judgment.

11. **Binding Effect.**  The terms of the Settlement Agreement and of this Final Order and Judgment, including all exhibits thereto, shall be forever binding on the Class Representative, Participating Class Members, and RCR, as well as their heirs, executors and administrators, successors and assigns, and those terms shall have *res judicata* and other preclusive effect in all pending and future claims, lawsuits or other proceedings that assert claims that are encompassed within the Released Claims set forth in Section 5.1.1 of the Settlement Agreement.

12. **No Admissions.**  Neither this Final Order and Judgment nor the Settlement Agreement (nor any document referred to herein or any action taken to carry out this Final Order and Judgment) is, may be construed as, or may be used as any evidence, admission or concession by or against the Released Parties of the validity of any claim or any actual or potential fault, wrongdoing or liability whatsoever.  Entering into or carrying out the Settlement Agreement, and any negotiations or proceedings related thereto shall not in any event be construed as, or deemed to be evidence of, an admission or concession with regard to the denials or defenses by any of the Released Parties and shall not be offered or received in evidence in any action or proceeding against any of them in any court, administrative agency or other tribunal for any purpose whatsoever other than as evidence of the settlement or to enforce the provisions of this Final Order and Judgment and the Settlement Agreement; provided however, that this Final Order and Judgment and the Settlement Agreement may be filed in any action against or by any of the Released Parties to support a defense of *res judicata*, collateral estoppel, release, waiver, good faith settlement, covenant not to sue, accord and satisfaction, judgment bar or reduction, full faith

and credit, or any theory of claim preclusion or issue preclusion or similar defense or counterclaim.

13. **Enforcement of Settlement Agreement.**  Nothing in this Final Order and Judgment shall preclude any action to enforce its terms or the terms of the Settlement Agreement, including, without limitation, the releases and permanent injunction.

14. **Severability of Attorneys' Fees and Expenses Award.**  Notwithstanding anything herein to the contrary, this Final Order and Judgment shall be entirely severable from, and not subject to appeal on the basis of, any award of attorneys' fees and expenses or costs to be made to Settlement Class Counsel and any such award of attorneys' fees and expenses or costs shall have no effect on the finality or effectiveness of this Final Order and Judgment.

15. **Retention of Jurisdiction.**  The Court has jurisdiction to enter this Final Order and Judgment.  Without affecting the finality of this Judgment in any way, this Court hereby retains continuing and exclusive jurisdiction over: (a) implementation of this Settlement and any distribution to Class Members pursuant to further orders of this Court; (b) disposition of the Settlement Fund pursuant to further orders of this Court; (c) hearing and determining an application for attorneys' fees, costs, expenses, and interest; (d) RCR until the final judgment contemplated herein has become effective and each and every act agreed to be performed by the Settling Parties all have been performed pursuant to the Settlement Agreement; (e) hearing and ruling on any matters relating to the plan of distribution of Settlement proceeds; and (f) all parties, including the Participating Class Members, for the purpose of enforcing and administering the Settlement Agreement and Exhibits thereto and the mutual releases and other documents contemplated by, or executed in connection with, the Settlement Agreement.

16. **Plan of Distribution**.  Settlement Class Counsel shall submit a proposed Plan of

Distribution to the Court at the completion of this case so that funds received in this case, whether through settlements or judgment following trial, can be distributed together at one time. The plan of distribution shall provide for redress of all claims filed by the Class Members which may include remediation, cash compensation or a combination thereof. In no event shall RCR have any responsibility, financial obligation, or liability whatsoever with respect to the investment, allocation, preservation, distribution, or administration of the Settlement Fund, including, but not limited to, the costs and expenses of such distribution and administration with the sole exception of the provisions set forth in Section 12.1 of the Settlement Agreement.

17. **Dismissal with Prejudice**. This Litigation, including all claims and counterclaims asserted in it and/or resolved herein, is hereby dismissed on the merits and with prejudice against the Class Representative and all other Settlement Class Members (with respect to the claims they have asserted) and RCR (with respect to claims made against it, and/or any counterclaims it may have asserted as a Defendant), without fees or costs to any party except as otherwise provided in this Final Order and Judgment or any separate order concerning attorneys' fees and expenses.

IT IS SO ORDERED.

This _____ day of _____, 2012, at New Orleans, Louisiana

_____
ELDON E. FALLON
United States District Court Judge

9