# EXHIBIT 1

## UNITED STATES DISTRICT COURT
### EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: CHINESE MANUFACTURED | ) | |
| DRYWALL PRODUCTS | ) | MDL NO. 2047 |
| LIABILITY LITIGATION | ) | |
| | ) | |
| THIS DOCUMENT RELATES TO: | ) | SECTION: L |
| | ) | |
| *Hobbie, et al. v.* | ) | JUDGE FALLON |
| *RCR Holdings II, LLC, et al.,* | ) | |
| | ) | |
| No. 10-1113 | ) | |
| | ) | MAG. JUDGE WILKINSON |
| | ) | |

### SETTLEMENT AGREEMENT
### REGARDING CLAIMS AGAINST RCR HOLDINGS II, LLC
### RELATED TO VILLA LAGO AT RENAISSANCE COMMONS IN MDL NO. 2047

This settlement is entered into by and between Plaintiff Wendy Lee Hobbie, on behalf of

herself, the 181 named plaintiffs (collectively, the "Plaintiffs") on the Second Amended

Complaint styled *Hobbie, et al. v. RCR Holdings II, LLC, et al.*, No. 10-1113 (E.D. La.) (Fallon,

J.)(the "*Hobbie*" matter), and the other owners of 67 condominium Residences in Villa Lago at

Renaissance Commons, not owned by RCR Holdings II, LLC and RCR Holdings II, LLC

("RCR"), the named Defendant in the above styled litigation.

WHEREAS, the Class Members and RCR have been coordinating certain litigation and

mediation efforts pursuant to the rulings of the Court while prosecuting and defending their

respective actions in the Litigation; and

WHEREAS, the Plaintiffs have made a demand on RCR to settle their Chinese Drywall

claims relating to 198 Residences at Villa Lago;

WHEREAS, RCR has been named as a defendant in the *Hobbie* matter and in Class Action Omnibus Complaints filed in MDL No. 2047 ("Omni Complaints"), including but not limited to Payton, et al v. Knauf Gips KG, et al. Case No. 2:09-cv-07628 (E.D. La.); Witlz, et al. v. Beijing New Building Materials Public Limited Co., et al. Case No. 2:10-cv-00361 (E.D. La.); Rogers, et al. v. Knauf Gips KG, et al. Case No. 2:10-cv-00362 (E.D. La.); Block et al. v. Gebrueder Knauf Verwaltungsgesellschaft KG, et al. Case No. 2:11-cv-2349 (E.D. La.); and Almeroth, et al. v. Taishan Gypsum Co., LTD. f/k/a Shandong Taihe Dongxin Co., LTD., et al. Case No. 2:12-cv-0498 (E.D. La.), and is alleged to be liable for damages caused by Chinese Drywall that was installed in the Residences at Villa Lago;

WHEREAS, RCR has denied liability for the sale and use of such Chinese Drywall; and

WHEREAS, the Parties wish to avoid the effort, expense and risk of continued litigation;

NOW, THEREFORE, in consideration of the mutual covenants contained herein and intending to be legally bound, the Defendant, RCR, and Class Members agree as follows:

1.  **Definitions**

    1.1.  "**Actions**" shall mean the *Hobbie* action and all Class Action Omnibus Complaints filed in MDL No. 2047 in which any of the Settlement Class Members brought claims against RCR relating to Chinese Drywall at the Residences at Villa Lago in Boynton Beach, Florida, including but not limited to Payton, et al v. Knauf Gips KG, et al. Case No. 2:09-cv-07628 (E.D. La.); Witlz, et al. v. Beijing New Building Materials Public Limited Co., et al. Case No. 2:10-cv-00361 (E.D. La.); Rogers, et al. v. Knauf Gips KG, et al. Case No. 2:10-cv-00362 (E.D. La.); Block et al. v. Gebrueder Knauf Verwaltungsgesellschaft KG, et al. Case No. 2:11-cv-2349 (E.D. La.); and Almeroth, et al. v. Taishan Gypsum

2

Co., LTD. f/k/a Shandong Taihe Dongxin Co., LTD., et al. Case No. 2:12-cv-0498 (E.D. La.).

1.2.   **"Administrative Expenses"** shall mean expenses associated with notice to the Class Members and administering the Settlement and shall include, but not be limited to, the expenses of the notice providers, Escrow Account and Escrow Agents.

1.3.   **"Affected Property"** shall mean any Residence at Villa Lago containing Chinese Drywall.

1.4.   **"Banner"** shall mean Banner Supply Co., Banner Supply Co. - Pompano, LLC, Banner Supply Co. - Port St. Lucie, LLC, Banner Supply Co. - Fort Myers, LLC, and Banner Supply Co. - Tampa, LLC and all of their past, present and future owners, partners, shareholders, officers, directors, agents, attorneys, employees, parents, associates, subsidiaries, divisions, affiliates, insurers, and all predecessors and successors, assigns, or legal representatives.

1.5.   **"Class," "Settlement Class," "Class Members"** shall mean all persons who, as of September 21, 2009, owned a Residence located at Villa Lago, Boynton Beach, Florida, regardless of whether or not they own the unit as of the Notice Date. Excluded from the Settlement Class are the units owned by RCR, and any other Defendant in the *Hobbie* matter and any person, firm, trust, corporation, or other entity related or affiliated with Defendants including, without limitation, persons who are officers, directors, employees, associates or partners of the Defendants.

1.6.   **"Class Representative"** shall mean Wendy Lee Hobbie.

3

1.7.    "**Court**" shall mean Eastern District of Louisiana and the Honorable Eldon E. Fallon, who presides over *In re Chinese Manufactured Drywall Products Liability Litigation*, MDL No. 2047.

1.8.    "**Effective Date**" shall have the meaning set forth in Section 3 below.

1.9.    "**Escrow Account**" shall have the meaning set forth in Section 11 below.

1.10.   "**Escrow Agent**" shall have the meaning set forth in Section 11.1 below.

1.11.   "**Execution Date**" shall mean May 8, 2012, the date this Settlement Agreement is signed by all Parties.

1.12.   "**Final Order and Judgment**" shall mean an order and judgment entered by the Court as set forth in Sections 3.1.2 and 4.3 below.

1.13.   "*Hobbie* **action**" or "*Hobbie* **matter**" shall mean the Second Amended Complaint styled *Hobbie, et al. v. RCR Holdings II, LLC, et al.*, No. 10-1113 (E.D. La.) (Fallon, J), originally filed in the Circuit Court for the Fifteenth Judicial Circuit in and for Palm Beach County, Florida that was subsequently removed by Banner on February 26, 2010.

1.14.   "**Knauf Defendants**" shall mean all Knauf entities that are signatories to the Knauf Settlement.

1.15.   "**Knauf Settlement**" shall mean the class action settlement with the Knauf Defendants preliminarily approved by the Court on December 20, 2011.

1.16.   "**Litigation**" shall mean all Actions as they relate to the claims against RCR.

1.17.   "**Other *Hobbie* Defendants**" shall mean the named defendants in the *Hobbie* matter other than RCR: Coastal Construction of South Florida, Inc., d/b/a Coastal

Condominiums, Precision Drywall, Inc., La Suprema Trading, Inc., La Suprema Enterprise, Inc., and Banner.

1.18. **"Participating Class Member"** shall mean all Class Members who do not opt out as provided in Section 8.

1.19. **"Preliminary Approval Order"** shall mean an order of this Court preliminarily approving the Settlement.

1.20. **"RCR"** shall mean Defendant RCR Holdings II, LLC, and all its insurance carriers except any carriers that issued a Builder's Risk Policy.

1.21. **"Released Claims"** shall have the meaning set forth in Section 5.1.1.

1.22. **"Released Party[ies]"** shall mean RCR and its respective parents, subsidiaries, affiliates, divisions, predecessors, successors, heirs, legal representatives, legatees and/or assigns, together with past, present and future officers, directors, board members, shareholders, members, presidents, managers, partners, employees, agents, servants, representatives, consultants, in-house or outside attorneys, including, but not limited to, Compson Associates of Boynton II, LLC and RCR Holdings I, LLC.

1.23. **"Residence[s]"** shall mean the residential condominiums, not owned by RCR, in a development called "Villa Lago, A CONDOMINIUM," located in Boynton Beach, Florida.

1.24. **"Settlement"** or **"Settlement Agreement"** shall mean this Settlement Agreement, and the settlement for which it provides, resolving all claims brought against RCR, as well as all exhibits attached hereto or incorporated herein by reference

1.25. **"Settlement Class Counsel"** means Gary E. Mason and Daniel R. Bryson of Whitfield Bryson & Mason LLP, Joel R. Rhine of The Rhine Law Firm, P.C., and Adam Linkhorst of Linkhorst & Hockin P.A.

1.26.   **"Settlement Amount"** is four million eight hundred thousand dollars and no
cents ($4,800,000.00).

1.27.   **"Settlement Fund"** shall mean the Settlement Amount, plus any accrued interest
on said deposits once in escrow as set forth in Section 11, below.

1.28.   **"Settling Defendant"** shall mean RCR and all Released Parties.

1.29.   **"Settling Parties"** shall mean RCR and the Class Members.

2.   **Settlement Fund**

2.1.   Subject to the provisions herein, and in full, complete and final settlement of the
*Hobbie* action and the Litigation as provided herein, RCR shall pay the Settlement
Amount into an escrow account to be administered in accordance with the
provisions of Section 11 of this Settlement Agreement (the "Escrow Account")
within the later of (a) ten (10) days after entry by the Court of the Preliminary
Approval Order; or (b) five (5) days after the day that the Escrow Account has
been established and appropriate wiring instructions have been provided to RCR.
The Settling Parties will cooperate to execute an appropriate escrow agreement.

2.2.   Class Members shall look solely to the Settlement Fund for settlement and
satisfaction against RCR of all Released Claims, and shall have no other recovery
of costs, fees, attorneys' fees, damages, or any other relief against RCR, with the
sole exception of the provisions set forth in Section 15.1 of this Settlement
Agreement.

2.3.   After the Effective Date of this Settlement Agreement within the meaning of
Section 3, the Settlement Fund shall be distributed in accordance with the plan of
distribution to be submitted by Settlement Class Counsel at the completion of this

6

case, so that funds received in this case, whether through settlements or judgment following trial, can be distributed together at one time. The plan of distribution shall provide for redress of all claims filed by the Class Members which may include remediation, cash compensation or a combination thereof. In no event shall RCR have any responsibility, financial obligation, or liability whatsoever with respect to the investment, allocation, preservation, distribution, or administration of the Settlement Fund, including, but not limited to, the costs and expenses of such distribution and administration with the sole exception of the provisions set forth in Section 12.1 of this Settlement Agreement.

2.4.   In no circumstances shall this Agreement be construed to require RCR to pay more than the Settlement Amount.

3.   **Effective Date**

3.1.   The Settlement shall become effective on the Effective Date. The Effective Date shall be the date when each of the following have occurred:

3.1.1.   Final approval by the Court of the Settlement Agreement, following notice to the Settlement Class and a Fairness Hearing, in accordance with Rule 23 of the Federal Rules of Civil Procedure;

3.1.2.   Entry by the Court of a Final Order and Judgment in all material respects in the form set forth in Exhibit 1, attached hereto (with only such changes in form as may be agreed to by Settling Parties); and

3.1.3.   The expiration of any time for appeal, review or alteration of such Final Order and Judgment, or, if any appeal is filed and not dismissed, after such Final Order and Judgment is upheld on appeal in all material respects and

is no longer subject to review upon appeal by writ of certiorari, or
alteration in any respect.

4.    **Approval of this Agreement and Dismissal of All Claims Against RCR**

4.1.    Settlement Class Counsel and RCR shall recommend approval of this Settlement
by the Court. The Settling Parties shall use their best efforts to effectuate this
Settlement, including cooperating in seeking judicial approval for the
establishment of procedures (including the filing of class notice under Federal
Rules of Civil Procedure 23(c)) to secure the prompt, complete, and final
dismissals with prejudice of the Litigation as to RCR.

4.2.    As soon as reasonably practicable, Settlement Class Counsel shall submit to the
Court a motion for: (a) preliminary approval of the Settlement; (b) certification of
the Settlement Class; and (c) authorization to disseminate notice of the
Settlement.  The costs of notice and claims administration shall be paid from the
Settlement Fund as set forth in Section 12.  The Motion shall include a proposed
order preliminarily approving this Settlement and a proposed form of, method for,
and date of dissemination of notice.  The text of the foregoing items shall be
agreed upon by Settlement Class Counsel and RCR before submission to the
Court. The Motion shall recite and ask the Court to find that the proposed form of
and method for dissemination of the notice of settlement is valid, due and
sufficient notice to the Settlement Class, constitutes the best notice practicable
under the circumstances, and complies fully with the requirements of Federal
Rule of Civil Procedure 23.  The Motion shall request approval of the notice and
preliminary approval of the Settlement.

8

4.3.    The Settling Parties jointly shall seek entry of an Final Order and Judgment, the terms of which shall include:

4.3.1.  Finding that the notice given constitutes due, adequate and sufficient notice, and meets the requirements of due process, the Federal Rules of Civil Procedure, and any applicable state laws;

4.3.2.  Finding that Settlement Class Counsel has served upon the appropriate State official of each State in which a Class Member resides, and the appropriate Federal official, a notice of proposed settlement that complies with the requirements of the Class Action Fairness Act, 28 U.S.C. §§ 1711-15;

4.3.3.  Certifying the Settlement Class pursuant to Fed. R. Civ. P. 23(b)(3);

4.3.4.  Finding that the Settlement is fair, reasonable and adequate, was entered into in good faith and without collusion, and should be approved; and approves the Settlement;

4.3.5.  Approving the Class Release provided in Section 5 and orders that, as of the Effective Date, the Released Claims as defined in 5.1.1 will be released as to RCR;

4.3.6.  Dismissing all of the Class Members' claims in the Litigation against RCR with prejudice;

4.3.7.  Enjoining and forever barring any and all Participating Class Members, any individual or entity who has not properly opted out, Knauf, and its affiliated companies/subsidiaries, Banner, and its affiliated companies, and/or any of the Other *Hobbie* Defendants from commencing and/or

maintaining any action, legal or otherwise, or any and all claims, known or unknown, which could have been brought against RCR and any other Released Party arising from or relating to, Chinese Drywall; and

4.3.8.   Finding that, pursuant to Fed. R. Civ. P. 54(b), there is no just reason for delay of entry of final judgment with respect to the foregoing.

4.4.    Neither this Settlement Agreement, (whether or not it becomes final), nor the final judgment, or any and all negotiations, documents and discussions associated with them, shall be deemed or construed to be an admission by RCR or evidence of any violation of any statute or law or of any liability or wrongdoing whatsoever by RCR, or of the truth of any of the claims or allegations contained in any complaint or any other pleading filed by the Class Members in the Litigation. Neither this Settlement Agreement, or any of its terms and provisions, or any of the negotiations or proceedings connected with it, by any of the Settling Parties shall be offered by the Settling Parties as evidence in any pending or future civil, criminal or administrative action or proceedings, except in a proceeding to enforce this Settlement, or defend against the assertion of Released Claims, or as otherwise required by law.  This Section shall survive any termination or rescission of the Settlement.

5.    **Releases, Discharges and Covenants Not to Sue.**

5.1.    In addition to and not in lieu of the effect of any Final Order and Judgment entered in accordance with this Agreement, upon this Settlement Agreement becoming final as set forth in Section 3 above, and in consideration of payment of

the Settlement Amount and for other good and valuable consideration, RCR and the Released Parties shall be fully, finally, and forever released as follows:

5.1.1. RCR and the Released Parties shall be completely released, acquitted and forever discharged from any and all claims, demands, judgments, actions, suits, or causes of action, known or unknown, whether class, individual or otherwise (whether or not any member of the Settlement Class has objected to the Settlement or makes a claim upon or participates in the Settlement Fund, whether directly, representatively, derivatively, or in any other capacity): (i) that members of the Settlement Class ever had, have now or hereafter can, shall, or may have on account of, arising out of, or relating to any act or omission of RCR or the Released Parties concerning Chinese Drywall at the Residences, including but not limited to, any conduct alleged and causes of action asserted in the Litigation, or that could have been asserted or alleged in the Litigation and that arise out of the facts alleged in the Litigation; and/or (ii) that were asserted in the Litigation, and/or (iii) that any individual or entity who has not properly opted out, Knauf, and its affiliated companies/subsidiaries, Banner, and its affiliated companies, and/or any Other *Hobbie* Defendants ever had, have now or hereafter can shall or may have on account of, arising out of, or relating to any act or omission of RCR or the Released Parties concerning Chinese Drywall at the Residences, including but not limited to, any conduct alleged and causes of action asserted in the Litigation, or that could have been asserted or alleged in the Litigation and that arise out of

the facts alleged in the Litigation (collectively the "Released Claims").
The Participating Class Members shall not, after the Execution Date, seek
to establish liability in the Litigation against RCR or any Released Party
based, in whole or in part, upon any of these Released Claims or conduct
at issue in the Release Claims.

5.2.   The Settlement shall be the sole and exclusive remedy for any and all Released
Claims of all Settlement Class members against RCR and the Released Parties.
RCR shall not be subject to liability or expense of any kind to any Settlement
Class member with respect to any Released Claim.

5.3.   Upon entry of the Final Order and Judgment pursuant to the Final Fairness
Hearing,  Participating Class Members, any individual or entity who has not
properly opted out, Knauf, and its affiliated companies/subsidiaries, Banner, and
its affiliated companies, the Other *Hobbie* Defendants, Arch Insurance, Co., and
Arch Surety, shall be barred from initiating, asserting, or prosecuting any and all
claims, settled or otherwise, known or unknown, against the Defendant, RCR,
and any other Released Party, that arises from, concerns or otherwise relates,
directly or indirectly, to Chinese Drywall, except that any potential Settlement
Class member who opts out shall retain whatever rights he/she/it may have
against RCR and other Released Parties.

5.4.   Nothing in this Settlement Agreement shall be construed to release any of the
Settling Parties' claims against any of the Other *Hobbie* Defendants, any bond
relating to or in favor of any Other *Hobbie* Defendants, or any of the
manufacturers of Chinese drywall.

12

5.5.    The Participating Class Members shall bear the risk of collecting settlement funds from the Other *Hobbie* Defendants, Knauf, Banner, Arch Insurance, Co., and Arch Surety, and the Participating Class Members will be barred from seeking fulfillment, monetary or otherwise, from RCR or any Released Party in relation to any other settlement agreements the Class Members reach with any other party.

5.6.    The Settling Parties shall move the Court to enjoin and forever bar any and all Participating Class Members, any individual or entity who has not properly opted out, Knauf, and its affiliated companies/subsidiaries, Banner, and its affiliated companies, and/or Other *Hobbie* Defendants from maintaining, continuing, prosecuting, and/or commencing the Litigation, Related Actions, or any and all claims or actions, pending or future, against RCR that arises from, concerns or otherwise relates, directly or indirectly, to Chinese Drywall.

6.    **Certification of Federal Rule of Civil Procedure 23(b)(3) Settlement Class and Related Motions**

6.1.    This Settlement shall be subject to approval of the Court.

6.2.    The Class Members and RCR will move jointly for a Preliminary Approval Order:

6.2.1.    Preliminarily certifying the Settlement Class and preliminarily approving the Settlement;

6.2.2.    Approving the proposed form of and method for dissemination of the notice of settlement is valid, due and sufficient notice to the Settlement Class, constitutes the best notice practicable under the circumstances, and complies fully with the requirements of Federal Rule of Civil Procedure 23;

13

6.2.3.   Setting a date for the Fairness Hearing; and

6.2.4.   Staying all claims in the Litigation as to RCR.

6.3.   Class Members and RCR will stipulate to the Court in the request for entry of the Preliminary Approval Order and at the Preliminary Approval Hearing that (i) the Class is being certified for settlement purposes only pursuant to the Settlement, (ii) RCR reserves the right to object to class certification de novo in the event this Settlement is terminated for any reason, and (iii) this Settlement shall have no precedential effect with regard to certification of a litigation class that may arise if this matter is not fully and completely resolved through this settlement effort, or otherwise.

7.   **Notice to Class Members**

7.1.   Within fifteen (15) days of entry of the Preliminary Approval Order ("Notice Date") preliminarily certifying the Settlement Class as defined in Section 1.5, Settlement Class Counsel will disseminate the Class Settlement Notice ("Notice") approved by the Court as follows:

7.1.1.   By first-class mail to the last known address of the following persons and entities: (i) all plaintiffs in the Litigation who, as of September 21, 2009, owned a Residence located at Villa Lago, Boynton Beach, and (ii) the counsel of all the foregoing, if they are known to Settlement Class Counsel;

7.1.2.   By providing a copy of the Notice and requesting that it be posted on the Court's Chinese Drywall MDL website; and

7.1.3.   As the Court may direct.

7.2.    The cost of Notice shall be paid from the Settlement Fund as set forth in Section 12.

8.    **Exclusion from the Settlement**

8.1.    **Opt-Out Period**

8.1.1.    Class Members will have sixty (60) days from the Notice Date (or such different period as the Court may direct) to exclude themselves or opt out of the Settlement in accordance with Section 8.2. If the Settlement is finally approved by the Court, all Class Members who have not opted out, pursuant to the terms set forth in Section 8.2, by the end of the 60-day period will be bound by the Settlement, and the relief provided by the Settlement will be their sole and exclusive remedy for the claims alleged against RCR by the Class.

8.2.    **Opt-Out Process**

8.2.1.    To properly request exclusion from or opt out of the Class, the request must be :(1) in writing, indicating the Class Member's mailing address; (2) signed by the Class Member – any request made verbally or signed by counsel as opposed to the Class Member themselves, shall not be sufficient notice of the Class Member opting out of this Settlement with RCR; (3) mailed to Settlement Class Counsel, Gary E. Mason (Whitfield Bryson & Mason LLP 1625 Massachusetts Ave., NW Suite 605, Washington, DC 20036), and RCR Defendants' counsel, Lysa M. Friedlieb (Luks, Santaniello, Petrillo & Jones, 301 Yamato Road, Suite

1234, Boca Raton, FL 33431); and (4) postmarked within the 60-day period described in Section 8.1.1.

8.2.2.   Settlement Class Counsel shall file all opt outs with the Court at the same time they file their memorandum in support of final approval of the Settlement, which is no later than 21 days prior to the Fairness Hearing.

8.2.3.   RCR and Class Members shall seek an order of the Court compelling mediation of opt-out claims at least 14 days before the Fairness Hearing.

9.   **Objections**

9.1.   Any Class Member who has any objection to certification of the Class, or to approval of this Settlement or any terms hereof, or to the approval process must make that objection by the following procedure:

9.1.1.   The objection must be in writing;

9.1.2.   The objection must be postmarked within the 60-day period described in Section 8.1.1;

9.1.3.   The objection must set forth all objections, explain the reasons for the objection, and include any written material on which the objection is based or on which she intends to rely;

9.1.4.   The objection must state whether the Class Member or her lawyer intends to appear at the Fairness Hearing. The objection must identify any witnesses intended to be called, the subject area of the witnesses' testimony, and all documents to be used or offered into evidence, at the Fairness Hearing;

16

9.1.5.  The objection must be signed by the individual Class Member and by his/her/its counsel; an objection signed by counsel alone shall not be sufficient;

9.1.6.  The objection must contain the caption of the Litigation and include the name, mailing address, e-mail address, if any (an e-mail address is not required), and telephone number of the objecting Class Member;

9.1.7.  The objection and/or any notice of intent to appear at the Fairness Hearing must be mailed to the following address: Clerk of Court, United States District Court for the Eastern District of Louisiana, 500 Poydras Street, New Orleans, Louisiana 70130, with copies to Settlement Class Counsel, Gary E. Mason (Whitfield Bryson & Mason LLP 1625 Massachusetts Ave., NW Suite 605, Washington, DC 20036), and RCR's counsel, Lysa M. Friedlieb (Luks, Santaniello, Petrillo & Jones, 301 Yamato Road, Suite 1234, Boca Raton, FL 33431). The objection must be postmarked before the expiration of the 60-day period described in Section 8.1.1. Settlement Class Counsel shall file all objections with the Court at the same time they file their memorandum in support of final approval of the Settlement, which is no later than 21 days prior to the Fairness Hearing.

9.2.   Failure to comply timely and fully with these procedures shall result in the invalidity and dismissal of any objection.  No Class Member shall be entitled to be heard at the Fairness Hearing (whether individually or through the objector's counsel), or to object to certification of the Class or to the Settlement, and no written objections or briefs submitted by any Class Member shall be received or

17

considered by the Court at the Fairness Hearing, unless written notice of the Class

Member's objection, any brief in support of the objection, and any statement of

intention to appear at the Fairness Hearing have been served upon Settlement

Class Counsel and the RCR Defendant's counsel within the 60-day period

described in Section 8.1.1.

9.3.    Class Members who fail to file and serve timely written objections in accordance

with Section 9.1 shall be deemed to have waived any objections and shall be

foreclosed from making any objection (whether by appeal or otherwise) to the

certification of the Settlement Class or to the Settlement.

10.    **Fairness Hearing**

10.1.    The Fairness Hearing shall be scheduled no earlier than 96 days from the Notice

Date described in Section 7.1.

10.2.    At the Fairness Hearing the Court shall, *inter alia*, (i) consider any properly filed

objections to the Settlement, (ii) determine de novo whether the Settlement is fair,

reasonable, and adequate, was entered into in good faith and without collusion, and

should be approved, and shall provide findings in connection therewith, and (iii) enter

the Order and Judgment, including final approval of the Settlement Class and the

Settlement.

11.    **Escrow Account**

11.1.    The Escrow Account will be established at a bank or such other financial

institution agreed upon by the Settling Parties, with such bank or other such

agreed-upon financial institution serving as escrow agent ("Escrow Agent")

subject to escrow instructions mutually acceptable to Settlement Class Counsel

and RCR, which Escrow Account shall be administered under the Court's continuing supervision and control.

11.2.   The Escrow Agent shall cause the funds deposited in the Escrow Account to be invested in instruments backed by the full faith and credit of the United States Government, and shall reinvest any income from these instruments and the proceeds from these instruments as they mature in similar instruments at their then current market rates.

11.3.   All funds held in the Escrow Account shall be deemed to be in custodia legis of the Court, and shall remain subject to the jurisdiction of the Court, until such funds shall be distributed pursuant to this Settlement Agreement and/or further orders of the Court.

11.4.   Any accrued interest shall remain with the balance of the Settlement Fund except as provided in Section 11.5.

11.5.   The Settlement Fund shall be used for the payment of the claims of the Participating Class Members, subject first to the payment of attorneys' fees and reimbursement of litigation expenses and costs in the Litigation, including costs of settlement administration. As will be set forth in the motion for preliminary and final approval, Settlement Class Counsel will seek an order from the Court granting Settlement Class Counsel reimbursement of expenses and payment of settlement Administration Expenses from the Settlement Fund.

11.6.   In the event any monies remain as residue in the Settlement Fund following all distribution efforts approved by the Court, Settlement Class Counsel shall move

the Court for an order disposing of all such funds, including additional possible distributions to Participating Class Members as approved by the Court.

11.7.    Participating Class Members and RCR agree to treat the Settlement Fund as being at all times a "qualified settlement fund" within the meaning of Treas. Reg. § 1.468B-1.  In addition, the Escrow Agent shall timely make such elections as necessary or advisable to carry out the provisions of this Section 11, including the "relation-back election" (as defined in Treas. Reg. § 1.468B-1) back to the earliest permitted date.  Such elections shall be made in compliance with the procedures and requirements contained in such regulations.  It shall be the responsibility of the Escrow Agent to timely and properly prepare and deliver the necessary parties, and thereafter to cause the appropriate filing to occur.

11.8.    For the purpose of § 468B of the Internal Revenue Code of 1986, as amended, and the regulations promulgated thereunder, the "administrator" shall be the Escrow Agent.  The Escrow Agent shall timely and properly file all informational and other tax returns necessary or advisable with respect to the Settlement Fund (including without limitation the returns described in Treas. Reg. § 1.468B-2(k)(l)).  Such returns (as well as the election described in Section 11.7) shall be consistent with Section 11.9, and in all events shall reflect that all Taxes, as defined below (including any estimated Taxes, interest or penalties), on the income earned by the Settlement Fund shall be paid out of Settlement Fund as provided in Section 11.9 hereof.

11.9.    All of the following shall be paid out of the Settlement Fund: (i) taxes (including any estimated taxes, interest, or penalties) arising with respect to the income

earned by the Settlement Fund, including any taxes or tax detriments that may be imposed upon RCR with respect to any income earned by the Settlement Fund for any period during which the Settlement Fund does not qualify as a "qualified settlement fund" for federal or state income tax purposes ("Taxes"); and (ii) expenses and costs incurred in connection with the operation and implementation of Section 11.7-11.9 (including, without limitation, expenses of tax attorneys and/or accountants and mailing distribution costs and expenses relating to filing (or failing to file) the returns described in this Section 11.9 ("Tax Expenses")).

11.10. Neither RCR nor any other Released Party, nor their respective counsel shall have any liability or responsibility for the Taxes or Tax Expenses, nor for maintaining or securing any desired tax status for the Settlement Fund, nor for any negligence, fraud, or malfeasance regarding the Settlement Fund. Further, Taxes and Tax Expenses shall be treated as, and considered to be, a cost of administration of the Settlement Fund, and shall be timely paid by the Escrow Agent out of the Settlement Fund without prior order from the Court, and the Escrow Agent shall be obligated (notwithstanding anything herein to the contrary) to withhold from distribution to any claimants authorized by the Court any funds necessary to pay such amounts, including the establishment of adequate reserves for any Taxes and Tax Expenses (as well as any amounts that may be required to be withheld under Treas. Reg. § 1.468B-2(1)(2)). Neither RCR nor any other Released Party is responsible, nor shall they have any liability for any Taxes.  Participating Class Members and RCR agree to cooperate with the Escrow Agent, each other, and

their tax attorneys and accountants to the extent reasonably necessary to carry out the provisions of Section 11.7-11.9.

11.11. If this Agreement does not receive final approval as described in Section 3.1.2 and 4.3, the Settlement Amount shall be promptly returned to RCR from the Escrow Account by the Escrow Agent excluding any interest accrued thereon.

12. **Payment of Administrative Expenses**

12.1. RCR agrees that a maximum of $25,000 of the Settlement Fund may, if permitted by the Court, be used to cover the cost of notice to the Class Members and related administration, claims processing costs and costs relating to the Escrow Account and Escrow Agent ("Administrative Expenses"). Funds reasonably and actually expended pursuant to this Section 12.1 for notice and claims administration are recoverable by RCR if this Settlement does not become final.

12.2. If Settlement Class Counsel enter into any other settlements on behalf of the Class Members before notice of this Settlement Agreement is given to the Class Members, Settlement Class Counsel shall use their best efforts to provide a single notice to Class Members of all of the settlements. Should Settlement Class Counsel determine a single notice to Class Members is appropriate, should settlement with another party occur, and settlement in the *Hobbie* matter does not become final, any money from the Settlement Fund used to pay for notice or administration costs shall be returned to RCR.

13. **Fees and Reimbursement of Expenses for Settlement Class Counsel**

13.1. Settlement Class Counsel shall be awarded such fees and reimbursed such costs and expenses from the Settlement Fund as are approved by the Court.

22

13.2.   Settlement Class Counsel may submit an application to the Court for distributions

from the Settlement Fund, and RCR shall not oppose or object to Settlement Class

Counsel's application for: (a) an award of attorneys' fees not in excess of one-third

of the Settlement Fund; plus (b) reimbursement of expenses and costs incurred, or

to be incurred, in connection with prosecuting the Actions, including, but not

limited to, Administrative Expenses, plus interest on such attorneys' fees, costs

and expenses at the same rate and for the same period as earned by the Settlement

Fund (until paid) as may be awarded by the Court (the "Fee and Expense

Award").   Any attorneys' fees or costs sought by the PSC shall be solely borne by

the Settlement Fund. RCR shall not have any responsibility for the payment of

attorneys' fees to the PSC.

13.3.   That portion of the Fee and Expense Award, as approved by the Court, that relates

to attorneys' fees only shall be paid from the Settlement Fund to any of the

Settlement Class Counsel seeking such payment within five (5) court days after

all the following conditions have been met; (i) the Court has entered an order

awarding Settlement Class Counsel its fees; (ii) such order has been provided to

the Escrow Agent.

13.4.   The procedure for and the allowance or disallowance by the Court of the

application by Settlement Class Counsel for attorneys' fees, costs, and expenses

to be paid out of the Settlement Fund, and any plan for distribution of the

Settlement Fund to Class Members, are not part of this Settlement Agreement,

and are to be considered by the Court separately from the Court's consideration of

the fairness, reasonableness and adequacy of the Settlement, and any order or

23

proceeding relating to the Fee and Expense Application or any plan of distribution, or any appeal from any such order(s) shall not operate to terminate or cancel this Settlement Agreement, or affect or delay the finality of the judgment approving Settlement.

13.5.   RCR and the Released Parties shall not have any responsibility for, or interest in, or liability whatsoever with respect to any payment of any Fee and Expense Award in the Litigation to counsel for the Settling Plaintiffs.

13.6.   RCR and the Released Parties shall not have any responsibility for, or interest in, or liability whatsoever with respect to the allocation among Settlement Class Counsel and/or any other person who may assert some claim thereto, of any Fee and Expense Award that the Court may make in the Actions.

14.   **Conduct During The Pendency Of This Settlement.**

14.1.   RCR agrees to jointly seek a stay of the *Hobbie* action as it relates to RCR during the pendency of this Settlement before the Court can enter the Final Order and Judgment.  Prior to the order granting the joint motion to stay the *Hobbie* action, or in the event the Court does not grant the joint motion to stay, neither RCR nor Class Members shall file motions against, or seek discovery from, the other in the Litigation during the pendency of the Settlement.  Neither RCR nor Class Members need respond to formal discovery or motions from the other and shall not otherwise participate in the Litigation against one another during the pendency of this Settlement Agreement commencing upon execution of this Settlement.  In the event that the Agreement is not approved by the Court or otherwise terminates, RCR and Class Members expressly reserve all of their

24

rights, and agree to propose to the Court or courts a reasonable schedule by which RCR would rejoin the Litigation.

15.   **Assignment of Rights**

15.1.   RCR and Released Parties shall assign to the Class Members all of its rights and claims, arising solely from the 198 Class Member Residences (those units not owned by RCR), against, and any proceeds available from, any of the other *Hobbie* Defendants and their respective insurers and sureties, including, but not limited to, Arch Insurance Co. and Arch Surety, as well as from any manufacturer of Chinese drywall such as Taishan, and any bond relating to or in favor of any Other *Hobbie* Defendants, relating to the 198 Class Member Residences, except for the proceeds of any potential settlement or judgment in an amount less than $275,000.00 arising from Case No. 9:11-80866-CIV-RYSKAMP/VITUNAC (*Allianz Global Risks US Ins. Co. et al v. Compson Associates of Boynton II et al*) or Case No. 9:11-cv-80874 (*Essex Ins. Co. v. Compson Associates of Boynton II et al*) currently pending in the U.S. District Court for the Southern District of Florida.

16.   **Board of Directors**

16.1.   This Settlement shall be binding on the current Board, any future Board, and all future Association members.

17.   **Rescission If This Agreement Is Not Approved Or Final Judgment Is Not Entered.**

17.1.   If the Court refuses to approve this Settlement or if such approval is modified in a material way or set aside on appeal, or if the Court does not enter the final judgment, or if final judgment is entered and appellate review is sought, and on

such review, such final judgment is reversed, then RCR and the Participating Class Members shall each, in their sole discretion, have the option to rescind this Settlement in its entirety.  Written notice of the exercise of any such right to rescind shall be made according to the terms of Section 18.9 below.  If either RCR or the Participating Class Members opt to rescind this Settlement, the Settlement Amount shall be returned to RCR within ten (10) business days, all parties are to be restored to their respective positions prior to the execution of this Settlement Agreement, and no assignment of rights will have accrued in favor of the Participating Class Members. A modification or reversal on appeal of any amount of attorneys' fees and expenses awarded by the Court from the Settlement Fund, or of an order approving a plan of distribution, shall not be deemed a modification of all or a part of the terms of this Settlement or such final judgment.

17.2.   In the event that this Settlement Agreement does not become final or is otherwise terminated, then this Settlement Agreement shall be of no force or effect except as otherwise stated herein, and any and all parts of the Settlement Fund caused to be deposited in the Escrow Account (including interest earned thereon) shall be returned forthwith to RCR within ten 10) business days.  RCR expressly reserves all of its rights if this Settlement does not become final.  Further, and in any event, Class Members and RCR agree that this Agreement, whether or not it becomes final, and any and all negotiations, documents, and discussions associated with it, shall not be deemed or construed to be an admission or evidence of any violation of any statute or law or of any liability or wrongdoing whatsoever by RCR (or the Released Parties), or of the truth of any of the claims or allegations contained in

26

the complaint or any other pleading filed by Class Members in the Litigation, and evidence thereof shall not be discoverable or used directly or indirectly, in any way, whether in the Litigation or in any other action or proceeding to the fullest extent allowed by law.

18.   **Miscellaneous**

18.1.   This Settlement Agreement shall be construed and interpreted to effectuate the intent of the parties, which is to provide, through this agreement, for a complete resolution of Class Members' claims with respect to RCR and the Released Parties as provided in this Settlement Agreement.

18.2.   This Settlement Agreement does not settle or compromise any claims by Class Members asserted in the Actions against any defendant other than RCR and the Released Parties, nor any claims RCR has or may have against anyone based on units owned by RCR. All rights against such other defendants other than RCR and the Released Parties are specially reserved by Class Members.

18.3.   This Agreement shall be governed by and interpreted according to the substantive laws of the state of Florida without regard to its choice of law or conflict of laws principles.  The United States District Court for the Eastern District of Louisiana shall retain jurisdiction over any suit, action, proceeding or dispute arising out of or relating to this Settlement or the applicability of this Settlement that cannot be resolved by negotiation and agreement by Class Members and RCR.

18.4.   This Settlement Agreement constitutes the entire, complete and integrated agreement among Class Members and RCR pertaining to the settlement of the Litigation against RCR, and supersedes all prior and contemporaneous

undertakings of Class Members and RCR in connection herewith. Notwithstanding the foregoing, any written addendum to this Agreement that is signed on behalf of the Class Members and RCR who are bound by that addendum shall be given the same force and effect as if it were part of this Agreement. This Agreement may not be modified or amended except in writing executed by Class Members and RCR, and approved by the Court.

18.5.  This Agreement shall be binding upon, and inure to the benefit of, the successors and assigns of Participating Class Members, RCR and the Released Parties. Without limiting the generality of the foregoing, each and every covenant and agreement made herein by Class Members shall be binding upon all Participating Class Members.

18.6.  This Agreement may be executed in counterparts by Class Members and RCR, and a facsimile signature shall be deemed an original signature for purposes of executing this Settlement.

18.7.  Neither Class Members nor RCR shall be considered the drafter of this Settlement or any of its provisions for the purpose of any statute, case law or rule of interpretation or construction that would or might case any provision to be construed against the drafter of this Settlement Agreement.

18.8.  The headings in this Settlement Agreement are inserted as a matter of convenience only, and do not define, limit, or describe the scope of this Settlement Agreement or the intent of its provisions.

18.9.  Where the Settlement requires either party to provide notice or any other communication or document to the other, such notice shall be in writing, and such

notice, communication or document shall be provided by e-mail, facsimile, or

letter by overnight delivery to the undersigned counsel of record for the party to

whom notice is being provided.

18.10.  Each of the undersigned attorneys represents that he or she is fully authorized to

enter into the terms and conditions of, and to execute, the Agreement, subject to

Court approval.

Date: __MAY 9th, 2012__          Date: _____

RCR Holdings II, LLC                Wendy Lee Hobbie

By: _____           By: _____
Lysa M. Friedlieb                       Gary E. Mason
Luks Santaniello                         Whitfield Bryson & Mason LLP
301 Yamato Road                       1625 Massachusetts Ave, NW
Suite 1234                                Suite 605
Boca Raton, FL 33431               Washington, DC 20036

29