# EXHIBIT 2

<u>U.S. DISTRICT COURT FOR THE EASTERN DISTRICT OF LOUISIANA</u>

## If You Own a Residence in Villa Lago at Renaissance Commons in Boynton Beach, Florida
**A Lawsuit And Settlement May Affect You.**

*A Federal Court authorized this notice. This is not a solicitation from a lawyer.*

- <u>Please read this notice carefully. Your legal rights are affected whether you act or don't act.</u>

- There is a lawsuit involving damages caused by Chinese Drywall that was installed in the Residences in Villa Lago.

- The lawsuit was brought as a class action on behalf of individuals, who, as of September 21, 2009, owned a Residence in Villa Lago at Renaissance Commons in Boynton Beach, Florida, regardless of whether or not they own the unit as of the Notice Date. Defendant RCR denies all of the claims in the lawsuit.

- A Settlement has been reached with one of the Defendants, RCR Holdings II, LLC ("RCR"). The lawsuit is continuing against the remaining four Defendants.

- The Settlement Amount is four million eight hundred thousand dollars ($4,800,000).

| YOUR LEGAL RIGHTS AND OPTIONS IN THIS LAWSUIT AND SETTLEMENT | |
|---|---|
| **EXCLUDE YOURSELF** | You will not be included in the ongoing lawsuit or Settlement. You will receive no benefits, but you will retain any rights you currently have to sue RCR about the claims in this case. |
| **DO NOTHING** | You will be included in the litigation and be eligible to file a claim for a payment (if you qualify) at a later date. You will give up your rights to sue RCR about the claims in this case. |
| **OBJECT TO SETTLEMENT** | If you do not exclude yourself, you can write to the Court explaining why you disagree with the Settlement. |
| **GO TO THE HEARING** | Ask to speak in Court about your opinion of the Settlement. |

These rights and options – **and the deadlines to exercise them** – are explained in this Notice.

## WHAT THIS NOTICE CONTAINS

**BASIC INFORMATION**...........................................................................................Page 3
      1. What is this Notice about?
      2. What is the lawsuit about?
      3. What is Chinese Drywall?
      4. What is a class action?

**WHO IS INCLUDED**.................................................................................................Page 3
      5. Who is the Defendant company?
      6. How do I know if I am in the Class?
      7. Why is there a Settlement but the lawsuit is continuing?

**THE SETTLEMENT'S BENEFITS**...........................................................................Page 4
      8. What does the Settlement provide?
      9. How much money can I get?
      10. When will I get a payment?

**REMAINING IN THE CLASS**..................................................................................Page 5
      11. What am I giving up if I stay in the lawsuit?

**EXCLUDING YOURSELF FROM THE CLASS**......................................................Page 5
      12. How do I get out of the Class?
      13. If I don't exclude myself, can I sue for the same thing later?
      14. If I exclude myself, can I still get benefits?

**OBJECTING OR COMMENTING ON THE SETTLEMENT**..................................Page 6
      15. How do I object or comment on the Settlement?
      16. What is the difference between excluding myself from the Class or objecting to the Settlement?

**THE LAWYERS REPRESENTING YOU**................................................................Page 6
      17. Do I have a lawyer representing me?
      18. How will the lawyers be paid?

**THE FAIRNESS HEARING**....................................................................................Page 7
      19. When and where will the Court decide whether to approve the Settlement?
      20. Do I have to come to the hearing?
      21. May I speak at the hearing?

**THE TRIALS**............................................................................................................Page 7
      22. When and where will the trials against the non-settling Defendants take place?
      23. What are the Plaintiffs asking for from the non-settling Defendants?
      24. Will I get money after the trials?

**GET MORE INFORMATION**.................................................................................Page 8
      25. Where can I get more information?

## BASIC INFORMATION

### 1. What is this Notice about?

This Notice is to inform you about the status and settlement of ongoing litigation which may affect your rights. You have the right to know about the lawsuit and about your legal rights and options before the Court or a jury decides whether the claims being made against the Defendant on your behalf are correct, and whether to approve the Settlement.

The Court in charge is the United States District Court for the Eastern District of Louisiana. The case is styled *Hobbie, et al. v. RCR Holdings II, LLC, et al.*, No. 10-1113 (E.D. La.) (Fallon, J.), originally filed in Florida Circuit Court and subsequently removed to the United States District Court for the Eastern District of Louisiana and transferred to be part of a multidistrict litigation titled *In re: Chinese Manufactured Drywall Products Liability Litigation*, MDL No. 2047.

### 2. What is the lawsuit about?

This action arises out of allegedly defective drywall that was manufactured in China ("Chinese drywall"), distributed throughout the United States, and installed into newly constructed Florida homes and multiple unit properties developed by Defendant, RCR Holdings, Inc. ("RCR"), causing homeowners like Plaintiffs to suffer from both an unbearable sulfur stench and the breakdown of electrical and mechanical components of real and personal property.

This litigation was brought in 2009 in Florida state court and was styled *Wendy Lee Hobbie et al. v. RCR Holdings, II, LLC, Coastal Construction of South Florida d/b/a Coastal Condominiums, et al.*, Case No. 50 2009CA032471 (Cir. Ct. Palm Beach County). The action was removed to federal court under the Class Action Fairness Act and transferred and consolidated with hundreds of other similar cases regarding the alleged defective Chinese drywall pending in the United States District Court for the Eastern District of Louisiana before the honorable Judge Fallon.

This litigation seeks relief on behalf of persons and entities with claims arising out of Chinese Drywall installed in Villa Lago at Renaissance Commons in Boynton Beach, Florida.

### 3. What is Chinese Drywall?

Chinese Drywall refers to drywall imported from China which contains extraneous metals and minerals. Under certain environmental conditions (typically warm, humid climates), the drywall will emit sulfur gasses. These gasses create a noxious odor and corrode copper and other metal surfaces, which can then damage appliances and electronics. Chinese drywall can also cause adverse health effects.

### 4. What is a class action?

In a class action, people called class representatives sue on behalf of a group or a "class" of people who have similar claims. In a class action, the court resolves the issues for all class members except those who exclude themselves from the class.

## WHO IS INCLUDED

### 5. Who is the Defendant company?

The settling Defendant is RCR Holdings II, LLC, the developer and seller of the Residences in Villa Lago at Renaissance Commons in Palm Beach County, Florida.

### 6. How do I know if I am in the Class?

You are a member of the Class if you are a person who, as of September 21, 2009, owned a Residence located in Villa Lago at Renaissance Commons in Boynton Beach, Florida, regardless of whether or not you owned the unit as of the date of this Notice ("Class Members" or "Settlement Class Members").

Excluded from the Settlement Class are units owned by RCR, and any other Defendant in the *Hobbie* matter and any person, firm, trust, corporation, or other entity related or affiliated with Defendants including, without limitation, persons who are officers, directors, employees, associates or partners of the Defendants.

### 7. Why is there a Settlement but the lawsuit is continuing?

This settlement has been reached only with Defendant RCR. The non-settling Defendants Coastal Construction of South Florida, Inc., Precision Drywall, Inc., La Suprema Enterprise, Inc., La Suprema Trading, Inc. have **not** agreed to settle so the lawsuits continue against them.

Additional money may become available as a result of a trial or future settlements. Alternatively, the litigation may be resolved in favor of the non-settling Defendants, in which case no additional money would become available. There is no guarantee as to what will happen.

## THE SETTLEMENT'S BENEFITS

### 8. What does the Settlement provide?

The Settlement, totaling $4,800,000, is being presented to the Court for approval. The Settlement Fund will be used to resolve the claims of the individual owners of Residences located in Villa Lago. The cost to administer the Settlement as well as attorneys' fees will come out of the Settlement Fund (*see* Question 18).

### 9. How much money can I get?

At this time, it is unknown how much each Class Member will receive. Each Class Member may receive cash compensation, remediation of their Residence or a combination thereof. In the event that any money remains following all distribution efforts approved by the Court, the Court may order additional distributions to participating Class Members.

In order to receive a payment you will need to file a valid claim form when the claims period begins. A notice about the claims process will be made available as ordered by the Court.

If you want to receive a notice about the claims process or future settlements, you should register by calling Whitfield Bryson & Mason LLP at (202) 429-2290.

### 10. When will I get a payment?

No money will be distributed until the completion of the case, so that all funds received in this case, whether through settlements or judgment following trial with the non-settling Defendants, can be distributed together at one time. If the Settlement is approved, the Court will enter an order and judgment dismissing the lawsuit to the extent that it asserts claims against RCR, and discharging RCR from all claims which were, or could have been, asserted by you or on your behalf in the Litigation.

If the Court approves the Settlement, each Class Member who did not opt out from the Settlement Class will receive a Court Notice with final instructions.

## REMAINING IN THE CLASSES

### 11. What am I giving up if I stay in the lawsuit?

You will give up your right to sue RCR on your own for the claims in this case unless you exclude yourself from the Class. You will also be bound by any decision by the Court relating to the lawsuit and Settlement.

In return for paying the Settlement amount, RCR (and certain related entities defined in the Settlement Agreement) will be released from all claims relating to the facts underlying this lawsuit, as more fully described in the Settlement Agreement. The Settlement Agreement describes the released claims in detail, so read them carefully since those descriptions are binding on you. If you have any questions, you can talk to Settlement Class Counsel for free, or you can, of course, talk to your own lawyer if you have questions about what this means. The Settlement Agreement and other relevant documents are available at http://www.laed.uscourts.gov/Drywall/Settlements.htm.

## EXCLUDING YOURSELF FROM THE CLASS

### 12. How do I get out of the Class?

To exclude yourself from the Class, you must send a request, in writing, that you wish to be excluded from this Settlement. Your request for exclusion *must* include your name, your mailing address, your e-mail address, if any, your telephone number and your signature (it must be signed by you, any request made verbally or signed by your counsel will not count). You must mail your exclusion request *no later than* **September 4, 2012** to:

> Gary E. Mason
> Whitfield Bryson & Mason LLP
> 1625 Massachusetts Ave., NW, Suite 605
> Washington, DC 20036
>
> Lysa M. Friedlieb
> Luks, Santaniello, Petrillo & Jones
> 301 Yamato Road, Suite 1234
> Boca Raton, FL 33431

**13. If I don't exclude myself, can I sue RCR for the same thing later?**

No. Unless you exclude yourself, you give up any right to sue RCR for the claims in this case.

**14. If I exclude myself, can I still get benefits?**

No. If you exclude yourself, you will not get any benefit as a result of the Settlement, trial or judgment in this case.

## OBJECTING OR COMMENTING ON THE SETTLEMENTS

**15. How do I object or comment on the Settlement?**

If you have comments about, or disagree with, any aspect of the Settlement, you may express your views by writing to the addresses below. The written comments or objections must include your name, mailing address, e-mail address, if any, telephone number, the case name and number (*In re: Chinese Manufactured Drywall Products Liability Litigation*, MDL No. 2047: relating to *Hobbie, et al. v. RCR Holdings II, LLC, et al.*,), a brief explanation of your reasons for objecting, including any written material on which your objection is based on, and your signature (any request made verbally or signed by your counsel, alone, will not count). The response must be postmarked *no later than* **September 4, 2012** and mailed to:

Clerk of Court
United States District Court for the Eastern District of Louisiana
500 Poydras Street
New Orleans, Louisiana 70130

Gary E. Mason
Whitfield Bryson & Mason LLP
1625 Massachusetts Ave., NW, Suite 605
Washington, DC 20036

Lysa M. Friedlieb
Luks, Santaniello, Petrillo & Jones
301 Yamato Road, Suite 1234
Boca Raton, FL 33431

**16. What's the difference between excluding myself (from the Class) or objecting to the Settlement?**

If you exclude yourself from the Class, you are telling the Court that you do not want to be a part of this case and, therefore, you will not receive any benefits from it. Objecting simply means telling the Court that you don't like something about the Settlement. You can object only if you remain in the Class. If you exclude yourself, you have no basis to object to the Settlement because the case no longer affects you.

## THE LAWYERS REPRESENTING YOU

**17. Do I have a lawyer representing me?**

The Court has appointed Gary E. Mason and Daniel R. Bryson of Whitfield Bryson & Mason LLP, Joel R. Rhine of Rhine Law Firm, P.C., and Adam Linkhorst of Linkhorst & Hockin P.A. as Settlement Class Counsel for the Class. You do not have to pay Class Counsel separately. The attorneys will be paid by asking the Court for a share of the Settlement proceeds or recovery obtained. If you want to be represented by your own lawyer, and have that lawyer appear in court for you in this case, you may hire one at your own expense.

### 18. How will the lawyers be paid?

At a later date, Class Counsel will ask the Court for attorneys' fees based on their work on this litigation, not to exceed one third of the $4,800,000 Settlement Fund, plus reimbursement of their costs and expenses. Class Counsel may seek additional attorneys' fees from any other settlement or recovery obtained. Any payment to the attorneys will be subject to Court approval and the Court may award less than the requested amount. The fees, costs, expenses and awards that the Court orders, plus the costs to administer the Settlement, will come out of the Settlement Fund.

## THE FAIRNESS HEARING

### 19. When and where will the Court decide whether to approve the Settlement?

The Court will hold a Fairness Hearing at **9:00 am, Central time on October 31, 2012** at the United States District Court for the Eastern District of Louisiana, Courtroom C468, 500 Poydras Street, New Orleans, LA 70130. The hearing may be moved to a different date or time without additional notice, so it is a good idea to check http://www.laed.uscourts.gov/Drywall/Drywall.htm. At this hearing the Court will consider whether the Settlement is fair, reasonable and adequate. If there are objections or comments, the Court will consider them at this time. After the hearing, the Court will decide whether to approve the Settlement. We do not know how long these decisions will take.

### 20. Do I have to come to the hearing?

No. Class Counsel will answer any questions the Court may have. But you are welcome to come at your own expense. If you send an objection or comment, you don't have to come to Court to talk about it. As long as you mailed your written objection on time, the Court will consider it. You may also pay another lawyer to attend, but it's not required.

### 21. May I speak at the hearing?

If you would like to speak at the hearing, you must send a notice of intent to appear. This letter must state whether you or your lawyer intends to appear at the Fairness Hearing. It must also identify any witnesses you intend to call, the subject area of the witnesses' testimony, and all documents to be used or offered into evidence, at the Fairness Hearing. Be sure to include your name, mailing address, e-mail address, if any, telephone number, the case name and number (*In re: Chinese Manufactured Drywall Products Liability Litigation*, MDL No. 2047: relating to *Hobbie, et al. v. RCR Holdings II, LLC, et al.*,), and your signature.

Your Notice of Intent to Appear must be postmarked *no later than* **September 4, 2012** and must be sent to the addresses listed in Question 15. You cannot speak at the hearing if you exclude yourself from the Class.

## THE TRIALS

7

### 22. When and where will the trials against the non-settling Defendants take place?

If the cases are not dismissed or settled, the Plaintiffs will have to prove their claims against the non-settling Defendants. Trials have not been set yet.

During the trials, a decision will be reached about whether the Plaintiffs or non-settling Defendants are right about the claims in the lawsuits. There is no guarantee that the Plaintiffs will win any money or benefits.

### 23. What are the Plaintiffs asking for from the non-settling Defendants?

Class Counsel is asking for money damages for the Class Members.

### 24. Will I get money after the trials?

If the Plaintiffs obtain money or benefits as a result of a trial or settlement, you will be notified about how to ask for a share or what your other options are at that time. These things are not known right now. Important information about the case will be posted on the website, http://www.laed.uscourts.gov/Drywall/Settlements.htm, as it becomes available.

## GET MORE INFORMATION

### 25. Where can I get more information?

The Notice summarizes the lawsuit and the Settlement. You can get more information about the lawsuit and Settlement at http://www.laed.uscourts.gov/Drywall/Settlements.htm, by calling Whitfield Bryson & Mason LLP at (202) 429-2290, or writing to Whitfield Bryson & Mason LLP, 1625 Massachusetts Ave., NW, Suite 605 Washington, DC 20036.