UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: CHINESE MANUFACTURED DRYWALL PRODUCTS LIABILITY LITIGATION | ) ) ) ) | MDL NO. 2047 |
| THIS DOCUMENT RELATES TO: | ) ) | SECTION: L |
| *Hobbie, et al. v.* *RCR Holdings II, LLC, et al.,* | ) ) ) | JUDGE FALLON |
| No. 10-1113 _____ | ) ) ) ) | MAG. JUDGE WILKINSON |

### DECLARATION OF DONNA F. SOLEN

Donna F. Solen, pursuant to 28 U.S.C. § 1746, based upon her personal knowledge, information, and belief, attests to the following:

1.  I am a partner at the law firm of Whitfield Bryson & Mason LLP and I submit this declaration in support of the Joint Motion of Plaintiffs and Defendant RCR Holdings II, LLC ("RCR") for an Order: (1) Granting Final Approval to the RCR Settlement ("Motion for Final Approval") pursuant to Federal Rules of Civil Procedure 23(a), 23(b)(3), and 23(e); (2) Certifying the RCR Settlement Class; and (3) Appointing Class Representative and Class Counsel.

2.  The RCR Settlement will provide $4,800,000.00 in order to resolve hundreds of claims arising out of the alleged defective drywall imported from China ("Chinese Drywall") installed in the Residences at Villa Lago.

3.  The *Hobbie* action was filed on September 21, 2009 in the Circuit Court for Palm Beach County, Florida. It was removed by Defendant Banner Supply Company, Inc. on February 26, 2010, then transferred to this Court pursuant to MDL procedures.

4. On February 15-16, 2011, both RCR and Settlement Class Counsel participated in a mediation before Richard O. Kingrea in Miami, Florida. By order of this Court, the mediation was continued in New Orleans, Louisiana on March 22, 2011. The mediation did not result in the resolution of this matter. After RCR initiated further settlement discussions towards the end of 2011, the parties again met in Miami on December 9, 2011 to further explore settlement.

5. The parties continued their mediation efforts in Miami, Florida in December 2011. Ultimately, after numerous back and forth discussions – both at the informal mediation and for months afterwards – the Settling Parties finally reached an agreement on terms memorialized in a Memorandum of Understanding dated March 7, 2012.

6. On June 20, 2012, this Court issued its order preliminarily approving the RCR Settlement, conditionally certifying the RCR Settlement Class, approving the form and content of the Class Notice, authorizing the dissemination of the Class Notice, and staying the litigation against RCR.

7. The Settlement before the Court is the product of protracted arm's-length negotiations between Settlement Class Counsel and RCR.

8. This Settlement provides for the creation of a Settlement Fund in order to resolve all claims against RCR arising out of the alleged defective Chinese Drywall installed in the Residences at Villa Lago. The Settlement Fund will be held in an Escrow Account until all claims against all Defendants have been resolved. The distribution plan shall provide for redress of all claims filed by the Class Members which may include remediation, cash compensation or a combination thereof.

9. The parties provided in their agreement that Settlement Class Counsel will be entitled to petition the Court for attorneys' fees not to exceed one-third of the Settlement Fund

and reimbursement of expenses and costs incurred from the administration of the Settlement.  In addition, RCR has agreed that a maximum of $25,000 of the Settlement Fund may, if permitted by the Court, be used to cover the cost of notice to the Class Members and related administration, claims processing costs and costs relating to the Escrow Account and Escrow Agent.

10. Pursuant to 28 U.S.C. § 1715(b), on May 24, 2012, 10 days after the filing of the proposed Settlement, Settlement Class Counsel served a copy of the complaint and the amended complaint in this Action, notice of the hearing on the motion for preliminary approval of the Settlement, Class Notice, the Settlement Agreement, the names of the class members who reside in each state, if known, and a reasonable estimate of the number of class members residing in each state upon the appropriate Federal official and the appropriate State official of each State in which Settlement Class Counsel were aware that a Class Member resides.

11. In conjunction with preliminary approval of the Settlement, this Court ordered that notice be disseminated to the Settlement Class by first class U.S. Mail to their last known addresses.

12. The Settling Parties have complied with the Court's orders.  Pursuant to Section 7 of the Settlement Agreement, Settlement Class Counsel, with the aid of information provided by RCR from their files, prepared and assembled a database of addresses of persons and entities to receive first-class mail Notice.  On June 29, 2012, Settlement Class Counsel mailed out the Notice via first class U.S. mail to all Class Members' mailing addresses and their Villa Lago units to be over inclusive in case the Class Member either no longer owns or does not currently reside at the Residence.  For those Class Members who Class Counsel had knowledge of having separate counsel, Class Counsel sent the Class Notice to their counsel instead.

13. In addition, the Settling Parties had the notice posted on the Court's Chinese Drywall MDL website, http://www.laed.uscourts.gov/drywall/Settlements.htm.

14. The Notice provided clear direction and instructions to Class Members regarding their options under the Settlement.

15. Of the approximately 411 Class Notices that were mailed, 16 notices mailed to Class Members' mailing addresses and 79 notices mailed to Villa Lago units were returned to sender. While a total of 95 notices were returned, only five absent Class Members failed to receive direct mail notice. This is because Settlement Class Counsel strove to be comprehensive in their notice efforts by mailing the Class Notice to multiple addresses for most Class Members, including the mailing addresses and their Villa Lago units for those who do not live in their Residence.

16. The deadline to opt out of or object to the Settlement was September 4, 2012. No Class Members were the subject of an opt-out nor were there any objections to the Settlement. No Class Member or any other person or entity requested an opportunity to be heard at the Fairness Hearing.

17. Experts for the various parties have come forward with a wide range of values for the cost of remediating class members units, ranging from as low as approximately $14 million to as high as $22 million. It is unlikely, however, that a jury would find RCR 100% responsible for the cost of remediation. There are five defendants in this case all of whom had greater responsibility with respect to the manufacturing of CDW and its installation than did RCR. Under Florida law, a jury making findings of comparative negligence is not likely to find RCR even 1/5 negligent. Thus, the possible range of recovery from RCR may be in the range of $2.8 million to $4.4 million. Thus, the Settlement Amount of $4.8 million represents a recovery of

approximately 22%-34% of the <u>total</u> recovery and potentially 50-100% (after deduction of attorneys' fees) of the amount for which a jury could find RCR liable.

I declare under penalty of perjury that the foregoing is true and correct.

Executed this 10th day of October, 2012.

                                                ___/s/ Donna F. Solen_____
                                                Donna F. Solen