UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: CHINESE-MANUFACTURED DRYWALL PRODUCTS LIABILITY LITIGATION | MDL NO.:  2047<br>SECTION:  L<br>JUDGE FALLON<br>MAGISTRATE WILKINSON |

THIS DOCUMENT RELATES TO:
ALL CASES
_____/

## CLAIMANTS', DON MARLINGA'S AND JANICE MARLINGA'S, CORRECTED MOTION FOR RELIEF FROM STAY

Claimants, DON MARLINGA and JANICE MARLINGA (the "Marlingas" or "Claimants"), by and through their undersigned counsel, hereby move for relief from the Stay imposed by the Court in its Order & Reasons Preliminarily Approving the Settlement Agreement Regarding the Claims Involving Builders, Installers, Suppliers, and Participating Insurers, Conditionally Certifying a Settlement Class, Approving the Form Notice to Class Members, and Staying Claims against Builders, Installers, Suppliers and Participating Insurers (Dk # 14562), and its Order (1) Setting Consolidated Fairness Hearing, (2) Establishing Coordinated Opt Out, Objection and Briefing Deadlines, and (3) Entering Litigation Stay in Favor of Settling Parties (Dk # 14566) (collectively, the "Court's Stay Orders"), and, as grounds therefor, state as follows:

1.  Claimants are listed as Plaintiffs in Plaintiffs' Omnibus Class Action Complaint (III) (the "Wiltz Omnibus Complaint"), as having a claim against "Pro Wall," the manufacturer of at least some of the drywall installed in Claimants' home. "Pro Wall" may be another name for or may be otherwise associated with Beijing New Building Materials

*In Re: Chinese-Manufactured Drywall Products Liability Litigation*
MDL No. 2047
Claimants', Don Marlinga's and Janice Marlinga's,
Corrected Motion for Relief from Stay

Public Ltd. Co., Taishan Gypsum Co., Ltd., or one or more of their related companies (collectively, "Taishan"). Claimants have no other claims pending in this Multi-District Litigation ("MDL").

2.  Prior to the filing of the Wiltz Omnibus Complaint in 2010, Claimants had brought an action, *Don and Janice Marlinga v. A.R.B.C. Corporation*, Case No. 09-10655-CA, in the Circuit Court of the 20th Judicial Circuit in and for Collier County, Florida, on December 7, 2009, against A.R.B.C. Corporation ("A.R.B.C."), the builder of Claimants' home, based upon damages suffered as a result of the allegedly defective Chinese drywall installed in their home. (Exhibit 1) In or about June of 2010, A.R.B.C. brought Stock Building Supply, LLC, and Stock Building Supply of Florida, LLC (collectively, "Stock"), into the state court action through a third-party complaint, and, thereafter, Claimants added Stock as a defendant by amending their complaint. (Exhibit 2) Stock has also brought fourth party complaints against drywall suppliers Guardian Building Products Distribution, Inc., Manchester Holdings, Inc., and Manchester Furniture Group, Inc., in that case.

3.  The state court case is ready to be set for trial. However, due to the pendency of Stock's Motion to Stay Action filed in that action, premised upon this Court's Stay Orders entered in the MDL, a case management conference had to be postponed. (Exhibit 3)

4.  Claimants have asserted no claims against A.R.B.C., Stock or any other builder, supplier or distributor in the MDL. Claimants have asserted no claims against a

*In Re: Chinese-Manufactured Drywall Products Liability Litigation*
MDL No. 2047
Claimants', Don Marlinga's and Janice Marlinga's,
Corrected Motion for Relief from Stay

drywall manufacturer in the state court action.

5.      Claimants have been defined as "Class Members" and A.R.B.C. and Stock as "Participating Defendants" in the proposed Settlement Agreement in MDL No. 2047 Regarding Claims Involving Builders, Installers, Suppliers and Participating Insurers (the "Global Settlement"). "Pro Wall" or Taishan is not a "Participating Defendant." Accordingly, *the only claim that the Marlingas have asserted in the MDL is not covered by the proposed Global Settlement*. Guardian and Manchester are also not "Participating Defendants."

6.      Claimants have properly and timely opted-out of the proposed Global Settlement. (Dk # 15822). However, Stock has not agreed to the release of Claimants from the effect of the stay.

7.      Notwithstanding that Claimants are not parties to the proposed settlement for which the stay was imposed and they have no claims common to both cases, the Court's Stay Orders purport to prevent them from proceeding with their state court case.

8.      In the second of the Court's Stay Orders, the Court provided:

> 8. The stay and injunction set forth in paragraph 6 is without prejudice to any party's contention as to whether the Court has jurisdiction, or if it has jurisdiction whether it is proper, to enter a non-consensual stay or injunction of state court cases involving class members who validly opt out of a particular class action settlement. All parties' positions as to that issue are expressly preserved. If and when the issue is presented, the Court will determine the issue de novo based on the submissions of the parties.

(Dk # 14566, p. 5). Claimants believe that this Court lacks jurisdiction or did not properly exercise its jurisdiction in entering a non-consensual stay or injunction of the Claimants'

*In Re: Chinese-Manufactured Drywall Products Liability Litigation*
MDL No. 2047
Claimants', Don Marlinga's and Janice Marlinga's,
Corrected Motion for Relief from Stay

state court case. In particular, as set forth in their separate Memorandum of Law filed herewith, Claimants assert that the Court's Stay Orders violate the Tenth Amendment of the United States Constitution, the Anti-Injunction Act, 28 U.S.C. § 2283, and the concept of "federalism" to the extent these orders purport to restrain Claimants from proceeding with their state court claims, and, therefore, Claimants should be granted relief from the effect of the stay.

WHEREFORE, Claimants respectfully request that this Court enter an Order granting this Motion, relieving them from the stay imposed pursuant to the Court's Stay Orders, and providing for such other relief as the Court deems appropriate.

Dated October 11, 2012        Respectfully submitted,

By:   *s/ Thomas A. Conrad*
      THOMAS A. CONRAD, ESQ.
      Florida Bar No. 440957
      E-Mail: taconrad@sbwlawfirm.com
      Shapiro, Blasi, Wasserman & Gora, P.A.
      7777 Glades Rd., Suite 400
      Boca Raton, FL 33434
      Tel:   (561) 477-7800
      Fax:   (561) 477-7722
      *Attorneys for Claimants Don and Janice Marlinga*

*In Re: Chinese-Manufactured Drywall Products Liability Litigation*
MDL No. 2047
Claimants', Don Marlinga's and Janice Marlinga's,
Corrected Motion for Relief from Stay

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on October 11, 2012, this document was served upon all parties by electronically uploading same to Lexis File & Serve in accordance with Pretrial Order No. 6 and that the foregoing was electronically filed with the Clerk of the Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2047.

s/ *Thomas A. Conrad*
THOMAS A. CONRAD, ESQ.
Florida Bar No. 440957
taconrad@sbwlawfirm.com