# EXHIBIT A

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: CHINESE-MANUFACTURED DRYWALL PRODUCTS LIABILITY LITIGATION | MDL NO. 2047 |
| | SECTION: L |
| THIS DOCUMENTS RELATES TO: ALL CASES AND | JUDGE FALLON |
| | MAG. JUDGE WILKINSON |
| *Payton, et. al. v. Knauf Gips, KG, et. al.* Case No. 2:09-cv-07628 (E.D. La.) | |
| *Wiltz, et. al. v. Beijing New Building Materials Public Limited Co., et. al.* Case No. 1:09-cv-00361 (E.D. La.) | |
| *Gross, et. al. v. Knauf Gips, KG, et. al.* Case No. 2:09-cv-06690 (E.D. La.) | |
| *Rogers, et. al. v. Knauf Gips, KG, et. al.* Case No. 2:10-cv-00362 (E.D. La.) | |
| *Amato, et. al. v. Liberty Mutual Ins. Co., et. al.* Case No. 2:10-cv-00932 | |
| *Hernandez, et. al. v. AAA Insurance, et. al.* Case No. 2:10-cv-3070 (E.D. La.) | |
| *Abel, et. al. v. Taishan Gypsum Co. Ltd., f/k/a Shandong Taihe Dongxin Co., Ltd., et. al.* Case No. 2:11-cv-00080 (E.D. La.) | |
| *Abreu, et. al. v. Gebrueder Knauf Verwaltungsgesellschaft, KG, et. al.* Case No. 2:110cv000252 (E.D. La.) | |
| *Haya, et. al. v. Taishan Gypsum Co., Ltd., f/k/a Shandong Taihe Dongxin Co., Ltd., et. al.* Case No. 2:11-cv-01077 (E.D. La.) | |
| *Vikers, et. al. v. Knauf Gips KG, et. al.* Case No. 2:09-cv-04117 (E.D. La.) | |

## OBJECTORS' REQUESTS FOR PRODUCTION TO CLASS COUNSEL AND CLASS PLAINTIFFS

PLEASE TAKE NOTICE that, pursuant to Federal Rules of Civil Procedure, 26(b) and 34, the Objectors propounds the following Requests for Production to Class Counsel ("hereafter identified as "Class Counsel") and Class Plaintiffs ("herein identified as "Class Plaintiffs"). Class Counsel and Class Plaintiffs shall produce the following documents within 30 days from the service of this document, or at such other time as ordered by the Court.

DEFINITIONS & INSTRUCTIONS

1. Whenever used in this Request, the following terms shall have the following meanings:

    (a) "Communication" means the transmittal of information (in the form of facts, ideas, inquiries, or otherwise).

    (b) "Computer" means all devices utilizing microchips to facilitate processing, analysis, or storage of data, including microcomputers (also know as personal computers), laptop computers, portable computers, notebook computers, palmtop computers (also know as personal digital assistants or PDA's), minicomputers and mainframe computers.

    (c) "Concerning" means relating to, referring to, describing, evidencing, embodying, or constituting.

    (d) "Document" is defined to be synonymous in meaning and equal in scope to the usage of this term in Federal Rule of Civil Procedure 34(a), including, without limitation, electronic or computerized data compilations, Documents shall include all drafts, including drafts with "track changes," and shall be deemed to be separate documents within the meaning of this term.

    (e) Electronically stored information" or "ESI" means the original (or identical duplicate when the original is not available), and any non-identical copies (whether non-identical because of notes made on copies or attached comments, annotations, marks, transmission notation, or highlighting of any kind) or writings and data compilations in any form, and of every kind and description whether inscribed by mechanical, facsimile, electronic, magnetic, digital, or other means.

ESI include, by way of example only, computer programs (whether private, commercial, or work-in-progress), programming notes or instructions, activity listings of electronic mail receipts and transmittals, output resulting from the use of any software program, including word processing documents, spreadsheets, database files, charts, graphs and outlines, electronic mail displaying full e-mail alias's (not merely "display names,) electronic calendars, IM logs, PBX logs, document management system data, operating systems, all metadata, source code of all types, peripheral drivers, PIF files, batch files, ASCII files, and any and all miscellaneous files and file fragments, regardless of the media on which they reside and regardless of whether said ESI consists in an active file, deleted file or file fragment. Electronically stored information includes any and all items stored on computer memories, hard disks, floppy disks, CD-ROMs, removable media such as Zip disks, Jaz cartridges, Bernoulli Boxes and their equivalent, magnetic tapes of all types, microfiche, punched cards, punched tape, computer chips, including, EPROM, PROM, RAM and ROM, on tor in any other vehicle for digital data storage and transmittal. The term ESI also includes the file, folder tabs and containers, and labels appended to, or associated with, any physical storage device associates with each original and copy.

(f) "Electronic media" means any magnetic or other storage media device used to record electronically stored information. Electronic media devices may include computer memories, hard disks, floppy disks, CD-ROM, removable media such as Bernoulli Boxes and their equivalent, magnetic tapes of all types, microfiche, punched cards, punched tape, computer chips, including EPROM, PROM, RAM

4

and ROM, or on or in any other vehicle for digital data storage and transmittal.

(g) "Identify" with respect to person, means to give, to the extent known, the person's full name, present or last known address, and when referring to a natural person additionally, the present or last know place of employment.  Once a person has been identified in accordance with this subparagraph, only the name of that person need be listed in response to subsequent discover requesting the identification of that person.

(h) "Identify" with respect to documents, means to give, to extent know, the (i) type f document; (ii) general subject matter; (iii) date of the document; and (iv) author(s) addressee(s) and recipient(s).

(i) "Including" or "Includes" means including, without limitation.

(j) "Class Plaintiff" means each of the individuals or persons named as Class Plaintiffs.

(k) "Chinese Drywall Litigation" means litigation brought by persons seeking to recover damages and/or injunctive or equitable relief, whether in federal or state court, arising out of any persons purchase or use of any and all drywall products manufactured, sold, marketed, distributed, and/or delivered by and entity which drywall is alleged to be defective and manufactured, in whole or in part, in China, or that include components that are manufactured, in whole or in part, in China.

(l) "Person" means any natural person or any business, legal, or governmental entity or association.

(m) "Class Counsel" shall include Leonard A. Davis, Russ M. Herman, Arnold Levin, Fred S. Longer, Sandra Duggan, Matthew Gaughan, and all of their respective law firms without limitation and all lawyers working for those law firms, and any lawyers representing the Class Plaintiffs, or any of them, in the above-captioned case.

2. The following rules of construction apply to all discovery requests:

(a) The terms "all" and "each" shall be construed as all and each;

(b) The connectives "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside of its proper scope:

(c) The use of the singular form of any word includes the plural and vice versa; and

(d) Requests that are stated in the present tense include the past tense and those in the past tense include the present tense.

3. Unless otherwise specifically stated, this Request encompasses documents, which were created, received, or generated or otherwise entered into your possession, custody, or control between January 1, 2005 and the current date (the "Relevant Time Period").

4. Any document falling within the scope of this Requests that is withheld on the basis of a claim or privilege, work product, or any other ground is to be identified in a privilege log, produced in an electronic format that allows text searching and organization of data. Plaintiff shall produce a privilege log within 7 days after the production of documents for which privilege is asserted to apply. For each document for which Defendant asserts a privilege applies, it must provide in the privilege log; (a) a statement of the grounds alleged for withholding such document; (b) the date of the document; (c) the location of

any attachments; (d) the identity of its author and signatories; (e) the type of document (*e.g.* letter); (f) a summary of its content; (g) its present location and custodian; and (h) a listing of all persons to whom the contents of such documents have been disclosed and all persons who have or have had possession, custody, or control of the documents (or any portions thereof), pursuant to Federal Rule of Civil Procedure 45(d)(2). Notwithstanding the assertion of an objection, any purportedly privileged document containing non-privilege matter must be disclosed with the purportedly privileged portion redacted, with the redacted portion indicated on the document itself and listed on the privilege log to be provided pursuant to this paragraph. To assist in the prompt resolution of disputed claims of privilege, Plaintiff shall submit to the Court under seal, unredacted copies of all documents for which it asserts a privilege.

5. If you are unable to comply fully with any of the specific requests, you shall comply to the extent possible and provide an explanation as to why full compliance is not possible. In the event that any documents called for by this request were formerly in your possession, custody or control, or have been lost or destroyed, those documents are to be identified in writing as follows; personas who prepared or authorized the documents indicate or blind copies; dates of preparation or transmittal; subject matter; number of pages, attachments or appendices; all persons to whom distributed, shown or explained; date or dates of loss or destruction; and if destroyed, the manner of destruction, reason for destruction, persons authorizing destruction and persons destroying the documents.

6. This Request is directed to all documents within your possession, custody or control, or within the possession of any agent of Plaintiff, or within the possession of any entity

associated with Plaintiffs, or within the possession, custody, or control of such entity's directors, officers, agents, servants, employees, consultants, and professionals.

7. Documents are to be produced in full and in their unexpurgated form. Redacted documents shall not constitute compliance with this Request, unless such documents are redacted pursuant to any claim of privilege as set forth in paragraph 4 above.

8. Documents shall be produces in their original language (e.g., Mandarin, German) and shall include any translations of such documents, whether such translations were performed prior to or subsequent to the date of these requests.

9. This Request is intended to be consistent with the Federal Rules of Civil Procedure 26 and 34. This Request is a continuing one and requires further and supplemental production by you as and whenever you acquire or create additional responsive documents after the time of the initial production hereunder.

10. All hard copy documents and electronically stored information (ESI0 produce in response to this Request shall be organized and labeled either to correspond with the number of the specific request to which the documents are responsive or shall be produced in the order, format, and manner in which they are kept in the usual course of business. With respect to the production of electronically stored information, all ESI that is demanded is to be produced in its native usable format, as maintained on the computer storage systems, regardless of whether such ESI exists (and/or may have been copies and/or otherwise converted) in more than one electronic format. Objectors request that the parties meet and confer to discuss the timing and manner of Plaintiffs' production in response to these requests.

11. Each page of a produced document shall have a legible, unique page identifier (Bates Number) electronically "burned" onto the image at a location that does not obliterate, conceal, or interfere with any information from the source documents (e.g. , for ABC Plaintiff "ABC001", "ABC002". No other legend or stamp will be placed on the document image other than a confidentiality legend (where applicable) redactions (consistent with the Stipulated Protective Order in this matter), and the Bates Number identified above. The confidential legend shall be "burned" onto the document's image at a location that does not obliterate or obscure any information from the source document.

REQUESTS FOR PRODUCTION

1. All documents constituting time records of each Class Counsel maintained in the above-captioned lawsuit. This request seeks all drafts of any time records and all documents recording changes (that is, any additions and/or deletions) to any time records.

2. All emails attaching time records (including but not limited to draft or non-final time records) of any Class Counsel maintained in the above-captioned case.

3. All ESI constituting or relating to time records (including but not limited to draft or non-final time records) of each Class Counsel in the above-captioned case, including all meta-data and all other information necessary to indicate the precise time and date of each piece of data or information was recorded and/or modified and/or deleted.

4. All documents constituting written communications attaching time records or mentioning or discussing time records.

5. All agreements and communications between and among Class Counsel pertaining to or mentioning the division of attorneys' fees.

6. All documents constituting communications between and among Class Counsel pertaining to any objector or objector's counsel.

7. For any case in which Class Counsel has sought written discovery (requests for production, interrogatories or requests for admission) from an objector and/or sought to take an objector's deposition, please produce:
    a. all objections, answers and responses to such written discovery;
    b. all deposition transcripts of objectors' depositions;
    c. all court orders from a trial or district court pertaining to or mentioning such discovery; and
    d. All appellate briefs filed that incorporate any such discovery answers, responses or deposition testimony.

Dated: October 12, 2012

                                              Respectfully submitted,

By:     /s/ Christopher A. Bandas
          Christopher A. Bandas
          State Bar No. 00787637
          Southern Bar No. 17509
          BANDAS LAW FIRM, P.C.
          500 North Shoreline Blvd., Suite 1020
          Corpus Christi, Texas 78401-0353
          (361) 698-5200 Telephone
          (361) 698-5222 Facsimile

R. Joshua Koch, Jr.
State Bar No. 2492
Koch & Schmidt, LLC
650 Poydras St., Suite 2415
New Orleans, LA 70130
T: (504) 208-9040
F: (504) 208-9041

Counsel for Objectors Jan Petrus; Saul Soto, SHS Construction; Ronnie Garcia, Bay Area Contracting Construction, Inc. and Ernest Vitela, E and E Construction Co.

## CERTIFICATE OF SERVICE

I hereby certify that on the 12th day of October 2012 a true and correct copy of the above and foregoing was served on the following as indicated below as well as all counsel of record via the Court's CM/ECF system.

Arnold Levin
Levin, Fishein, Sedran & Berman
510 Walnut Street, Ste. 500
Philadelphia, PA 19106
Plaintiffs' Lead Counsel

Leonard A. Davis
Russ M. Herman
Herman, Herman & Katz, LLP
820 O'Keefe Avenue
New Orleans, LA 70013
Defendants' Counsel

/s/ Christopher A. Bandas
Christopher A. Bandas