IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: CHINESE-MANUFACTURED DRYWALL PRODUCTS LIABILITY LITIGATION | MDL NO. 09-2047 |
| | SECTION L |
| | JUDGE FALLON |
| THIS DOCUMENT RELATES TO ALL CASES | MAG. JUDGE WILKINSON |

RESPONSE OF THE NORTH RIVER INSURANCE COMPANY
TO INTERIOR EXTERIOR'S MOTION TO STRIKE PLAINTIFFS
AND MOTION TO STRIKE CERTAIN WITNESSES

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

Defendant The North River Insurance Company ("North River") joins in the Motion to Strike Plaintiffs and the Motion to Strike Certain Witnesses from Plaintiffs' Witness Lift filed by Interior Exterior Building Supply, L.P. ("INEX"). North River files this Response to address in more detail one of the issues raised in the Motion to Strike Plaintiffs filed by INEX.

The Motion to Strike Plaintiffs (Document 15900) was discussed briefly at an informal conference with the Court following the Monthly Status Conference on October 10, 2012, and the Plaintiffs' Steering Committee filed an Opposition to the Motion to Strike Plaintiffs (Document 15911) that was not provided to counsel for North River until after the hearing on October 10. The PSC's rather superficial Opposition is based on Section 3.3.3 of the INEX Settlement Agreement pending before the Court, which reserves claims of the Louisiana Subclass against INEX's excess carriers, including North River.[1] The PSC recognizes, however, that the issue is more serious than their Opposition suggests because, in a footnote in the Opposition, the PSC vaguely suggests that the Court could treat the trial Plaintiffs as opt-outs

---

[1] Because all of the Plaintiffs designated for the November 26, 2012 trial are Louisiana residents, there are no members of the non-Louisiana Subclass at issue in this trial.

from the INEX settlement class under the Court's "inherent authority to schedule matters before it or pursuant to Fed. R. Civ. P. 60." Opp. at p. 2, n. 1.

The PSC's attempt at misdirection, intentional or otherwise, ignores the essential problem with the current group of trial Plaintiffs. Whether claims are being released by the Settlements is not the crucial issue at this point. Obviously, if claims are released, those claims cannot be asserted by the trial Plaintiffs. If the claims are not released, the vast majority of Plaintiffs with claims against INEX and, derivatively, against North River, are going to assign those claims to Knauf under the Knauf Settlement Agreement pending before the Court. The only Plaintiffs with claims against INEX and North River who will not assign their claims to Knauf are an extremely small minority of Plaintiffs whose claims arise out of Taishan board only. Any Plaintiff who has only Knauf board or mixed board in their house will assign their claims to Knauf. Based on information currently available, North River estimates that less than 5% of the homeowners who have claims against INEX involve only Taishan board. The remaining 95% of the homeowners with claims against INEX involve only Knauf board or mixed board.

This means that if the INEX and Knauf Settlements (collectively the "Settlements") are approved by the Court (which the PSC, Knauf, and INEX are adamantly asking the Court to do), about 95% of the homeowners with claims against INEX (the "INEX/Knauf Plaintiffs") will no longer own the claims at issue. Instead, the party that will have the right to go forward with the claims of the INEX/Knauf Plaintiffs will be Knauf. It also means that the trial scheduled for November 26 will impact a very small number of Plaintiffs. North River moved several months ago to have Knauf brought into this litigation and made a Plaintiff in the case precisely to avoid the problem that is now looming over the trial but both the PSC and Knauf opposed this request, and the Court denied North River's motion.

The proposed assignments contained in the Settlements, if approved, will raise two issues concerning INEX/Knauf Plaintiffs: (1) whether the Plaintiffs will be real parties in interest at the time of trial and (2) whether they will have standing to assert claims against INEX and North River at the time of trial.

**1. Rule 17: Real Party in Interest**

Under Fed. R. Civ. P. 17(a)(1), an action "***must be prosecuted in the name of the real party in interest***" (emphasis added). "The real party in interest is the person holding the substantive right sought to be enforced, and not necessarily the person who will ultimately benefit from the recovery." *Farrell Construction Co. v. Jefferson Parish*, 896 F.2d 136, 140 (5th Cir. 1990). *See also In re Signal International, LLC*, 579 F.3d 478, 487 (5th Cir.2009). "Conversely, a party not possessing a right under substantive law is not the real party in interest with respect to that right and may not assert it." *Farrell,* 896 F.2d at 140*. See also New Nat'l Gypsum Co. v. Nat'l Gypsum Co. Settlement Trust),* 219 F.3d 478, 483 n. 2 (5th Cir.2001). The "purpose of Rule 17(a) is to assure a defendant that a judgment will be final and that res judicata will protect it from having to twice defend an action, once against an ultimate beneficiary of a right and then against the actual holder of the substantive right." *Id.* at 142. *See also Gogolin & Stelter v. Karn's Auto Imps., Inc.*, 886 F.2d 100, 102 (5th Cir.1989) ("The purpose of the rule is to prevent multiple or conflicting lawsuits by persons such as assignees, executors, or third-party beneficiaries, who would not be bound by res judicata principles."). A federal court sitting in diversity must look to state law to determine which party holds the substantive right to assert a claim in federal court. *See United States v. 936.71 Acres of Land*, 418 F.2d 551, 556 (5th Cir.1969); *Farrell*, 896 F.2d at 140.

Louisiana law provides a very clear answer to the question of who will be the real party in interest if the Settlements pending before the Court are approved. "Except as otherwise

provided by law, an action can be brought only by a person having a real and actual interest which he asserts." La. C.C.P. art 681. The determination of the real party in interest following the assignment of a chose in action is controlled by La. C.C.P. art. 698:

> An incorporeal right which has been assigned, whether unconditionally or conditionally for purposes of collection or security, shall be enforced judicially by:
>
> (1) The assignor and the assignee, when the assignment is partial; or
>
> (2) The assignee, when the entire right is assigned.

Because of the plain language of Article 698, it is not surprising that Louisiana courts have consistently held that the assignor of a chose in action is no longer the real party in interest and has no right to prosecute the claim. *See, e.g.*, *Johnson v. Secretary of U.S. Dept. of HUD*, 710 F.2d 1130, 1137 (5th Cir. 1983) (when one partner effectively dissolved partnership by assigning his partnership interest to the other partner, the partnership was no longer the real party in interest and could not maintain suit); *Conrad v. Swiss Chalet Picnic Grounds Catering Service*, 686 So.2d 1055, 1058 (La. App. 5 Cir. 1996) ("when the entire [cause of action] has been assigned, the assignee . . . not the assignor . . . is the proper party"); *Preferred Investment Corp. v. Denson*, 251 So.2d 455, 457 (La. App. 1st Cir.1971) (transferee of promissory note "alone was the real party in interest and the proper party plaintiff to institute this suit on the note"). *See generally Louisiana Paddlewheels v. Louisiana Riverboat Gaming Comm.,* 646 So.2d 885, 888 (La.1994) ("An action can only be brought by a person having a real and actual interest which he asserts," *citing* La. Code Civ. Proc. art. 681).

The PSC has been asking the Court to approve the Settlements for almost a year and a half. An assignment of claims by the members of the Louisiana Subclass to Knauf has always been a part of the settlement terms. It should come as no surprise to the PSC that if the Court grants its request to approve the Settlements, the INEX/Knauf Plaintiffs, including the

INEX/Knauf Plaintiffs designated for the November 26 trial, will no longer have any interest in the claims at issue and the INEX/Knauf Plaintiffs will no longer be the real party in interest.

**2. Standing**

The assignment of the INEX/Knauf Plaintiffs' claims to Knauf also raises the issue of standing. A "party has standing to prosecute a suit in federal court only if he is the 'real party in interest.'" *Johnson v. Secretary of U.S. Dept. of HUD*, 710 F.2d 1130, 1136 n.7 (5th Cir. 1983), *quoting 936.71 Acres of Land*, 418 F.2d at 556. The Fifth Circuit explained the relationship between real party in interest status and standing in *936.71 Acres of Land*, 418 F.2d at 556:

> A party has standing to prosecute a suit in the federal courts only if he is the 'real party in interest' as that term is defined under Fed.R.Civ.P. 17(a). The stricture applies to intervenors as well as plaintiffs. *Celanese Corp. v. John Clark Indus.*, Inc., 5 Cir. 1954, 214 F.2d 551, 556. Whether a person is a real party in interest depends upon his substantive rights, which, in diversity cases and cases like the present one, are determined by state law. *American Fidelity & Cas. Co. v. All Amer. Bus Lines*, 10 Cir. 1950, 179 F.2d 7. The authorities agree, moreover, that a party has no standing to assert a right if it is not his own.

That holding applies with full force to the situation before the Court. Once the Settlements are approved, the claims of all of the INEX/Knauf members of the Louisiana Subclass will be assigned to Knauf. At that point, Knauf will be the real party in interest on those claims against North River (since INEX will receive a release of all claims against INEX) and all of the INEX/Knauf Plaintiffs will have no interest in the assigned claims, will not be the real parties in interest, and will have no standing to prosecute the claims.

"It is abecedarian that this Court's jurisdiction, granted by Article III of the Constitution, reaches only justiciable cases and controversies." *In re Vioxx Products Liability Litigation*, __F. Supp.2d __, 2012 WL 2153960, *3 (E. D. La. 2012), *citing Lujan v. Defenders of Wildlife*, 504 U.S. 555, 559–60 (1992). The requirement that a plaintiff has standing to sue emanates from the "Case" or "Controversy" limitation contained in Article III of the Constitution and assures that courts issue rulings in the context of concrete disputes in which plaintiffs have an actual stake in

the outcome of the lawsuit. *Holy Cross Neighborhood Ass'n v. U.S. Army Corps of Engineers*, 2003 WL 22533671, at *3 (E. D. La. Nov. 3, 2003), *citing Sierra Club v. Morton*, 405 U.S. 727, 740 (1972). The doctrine of standing is a "core component" and "an essential and unchanging part of the case-or-controversy requirement of Article III." *In re Vioxx*, 2012 WL 2153960 at *3, *quoting Lujan*, 504 U.S. at 560. If a plaintiff lacks standing, a federal court is deprived of jurisdiction to hear the suit. *In re Propulsid Prods. Liab. Litig.*, 208 F.R.D. 133, 139 (E. D. La.2002), *citing Lujan*, 504 U.S. at 560. Standing is a jurisdictional issue that is not subject to waiver and that can be raised at any time. *Holy Cross Neighborhood Ass'n*, 2003 WL 22533671, at *3.

The analysis here is simple. Regardless of whether the potential claims against North River as the excess carrier of INEX are being released, the members of the Louisiana Subclass in the INEX Settlement – which includes all INEX/Knauf Plaintiffs, including INEX/Knauf Plaintiffs selected for the November 26 trial – will no longer have any right in those claims if the Settlements are approved. Whether because of release or because of assignment of claims, there will be no live controversy between the INEX/Knauf Plaintiffs and North River on the issue of INEX's knowledge of a defect in Chinese-manufactured drywall sold by INEX, which means that (1) trial Plaintiffs will not have standing to pursue those claims, (2) the Court will lack jurisdiction to hear those claims, and (3) the November 26 trial will affect the claims of less than 5% of the Plaintiffs asserting claims against INEX and North River.

The PSC's glib suggestion that the Court can solve this issue under Rule 23 or Rule 60 shows either a complete lack of understanding of the issue or an utter disregard for the standing requirements imposed by Article III. There is nothing in Rule 23 (which establishes the procedural framework for class action proceedings) or Rule 60 (which allows relief from a judgment or order in certain limited circumstances) that can override the constitutional

requirement of standing. No amount of procedural posturing can create an Article III controversy between North River and the INEX/Knauf Plaintiffs if the Settlements are approved. Once the Settlements are approved, the INEX/Knauf Plaintiffs will no longer have the right to assert any claims against North River.

Respectfully submitted,

THOMPSON COE COUSINS & IRONS LLP

By: _____/s Eric B. Berger_____
BRIAN S. MARTIN, ESQ.
KEVIN RISLEY, ESQ.
RODRIGO "DIEGO" GARCIA, JR., ESQ.
One Riverway, Suite 1600
Houston, Texas 77056
Phone: (713) 403-8206
Fax: (713) 403-8299
bmartin@thompsoncoe.com


LOBMAN CARNAHAN BATT ANGELLE & NADER

SIDNEY J. ANGELLE, ESQ.
La. Bar No. 1002
ERIC B. BERGER, ESQ.
La. Bar No. 26196
400 Poydras Street, Suite 2300
New Orleans, Louisiana 70130
Phone: (504) 586-9292
Fax:    (504) 586-1290
sja@lcba-law.com
ebb@lcba-law.com

ATTORNEYS FOR THE NORTH RIVER INSURANCE COMPANY

**CERTIFICATE OF SERVICE**

      I hereby certify that the above and foregoing pleading has been served on Plaintiffs' Liaison Counsel, Russ Hermann, by e-mail and upon all parties by electronically uploading the same to LexisNexis File & Serve in accordance with Pre-Trial Order No. 6, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2047 on October 15, 2012.

                                                                                                         */s Eric B. Berger*
                                                                                                          ERIC B. BERGER