UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: CHINESE MANUFACTURED ) | MDL NO. 2047 |
|       DRYWALL PRODUCTS ) | SECTION:  L |
|       LIABILITY LITIGATION ) | |
| ) | |
| THIS DOCUMENT RELATES TO: ) | JUDGE FALLON |
| ) | MAG. JUDGE WILKINSON |
| ) | |
| *Payton, et al., v. Knauf Gips KG, et al.*, ) | |
| Case No. 2:09-cv-07628-EEF-JCW ) | |
| _____) | |

### MEMORANDUM IN SUPPORT OF MOTION FOR LEAVE TO FILE LATE OPT OUT NOTICE

COMES NOW, Plaintiffs William Elliott and Mary Ann Fryc (collectively, "Plaintiffs"), by and through the undersigned counsel, and hereby file this Motion for Leave to File a Late Opt-Out Notice from the Global Settlement,[1] and in support thereof state the following:

### I.   INTRODUCTION

Plaintiffs received the Knauf Settlement Notice and, per the Court's order, timely submitted a joint opt-out letter to Settlement Class Counsel and Knauf's Counsel on May 3, 2012, attached hereto as Exhibit 1.  Plaintiffs subsequently received the Global Settlement Notice.  After reading the language in the Global Settlement Agreement, section 8.2.4, Plaintiffs were under the mistaken belief that if they already opted out of the Knauf Settlement, they were automatically ineligible to participate in – and were automatically opted out of – the Global Settlement.  On September 5, 2012, Plaintiffs submitted a similar opt-out letter to Settlement Class Counsel and Knauf's Counsel.  *See* Exhibit 2.  They only submitted the second opt-out notice on September 5, 2012 out of an abundance of caution to reaffirm that they were opting out

---

[1] *See* Case No. 2:09-md-02047-EEF-JCW, Order Granting Preliminary Approval to Global Settlement, June 4, 2012, Doc. # 14562.

1

of the Knauf Settlement, because they believed doing so would opt them out of the Global Settlement.

The deadline to timely opt out of the Global Settlement was September 28, 2012. Counsel for Plaintiffs subsequently learned that Plaintiffs were not on the Global Settlement opt-out list and that the Plaintiffs' Steering Committee had deemed the Plaintiffs' opt out as effective for the Knauf Settlement but ineffective with respect to the Global Settlement. Counsel is now filing this motion on their behalf and seek relief to file the late opt-out notice, attached hereto as Exhibit 3.

## II.   ARGUMENT

In the event a class member does not opt out of a settlement in a timely manner, a class member may be permitted to opt out after the deadline upon a showing of excusable neglect for his or her failure to comply with a fixed deadline. *See In re Painewebber Ltd. P'ships Litig.,* 147 F.3d 132 (2d Cir. 1998). Federal Rule of Civil Procedure 6(b)(2) permits a court to extend a class member's time for opting out beyond the deadline, and specifically provides:

> When by these rules or by a notice given thereunder by order of court an act is required or allowed to be done within a specified time, the court for cause shown may at any time in its discretion . . . upon motion made after the expiration of the specified period permit the act to be done when the failure to act was the result of excusable neglect.

*See also Silber v. Mabon,* 18 F.3d 1449, 1454-1455 (9th Cir. 1994); Manual for Complex Litigation, Fourth § 21.321 ("Relief from [opt out] deadlines should be granted if the delinquency is not substantial or if there is good cause shown."). The determination of whether a party's conduct constitutes "excusable neglect" is an equitable one that requires a court to consider all relevant circumstances. *See Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship,* 507 U.S. 380, 391-395 (1993). For that reason, excusable neglect is said to be an "elastic

concept." *See id.* at 392.  Excusable neglect may be found where the relevant circumstances reveal inadvertent delays, mistakes, or carelessness.  *See id.* at 388.  Thus, it clearly is broad enough to encompass even those omissions caused by circumstances within the movant's control.  *Id.*  To establish excusable neglect, a movant must show good faith and a reasonable basis for noncompliance with the deadline.  *Demint v. NationsBank Corp.*, 208 F.R.D. 639, 642 & n. 4 (M.D. Fla. 2002) ("[T]he starting point and common denominator (indeed, the *sine qua non*) in every case employing an analysis of excusable neglect is an explanation of the reason for the delay.").

In weighing whether to permit an extension of time to opt out, the court will also consider the degree of prejudice to the opposing party.  *See* Manual for Complex Litigation (Third) § 30.231 (1995) (stating that "[t]he Court may, in its discretion, treat as effective a tardy election to opt out.  In exercising its discretion, the court should consider the reasons for the delay, whether there was excusable neglect, and whether prejudice resulted."); *Raper v. State of Iowa*, 165 F.R.D. 89, 92 (S.D. Iowa 1996) (considering potential prejudice to the defendant and judicial economy); *Robinson–Smith v. Gov't Empl. Ins. Co.*, 424 F. Supp. 2d 117, 123–124 (D.D.C. 2006) (considering the potential prejudice to the defendant).

Balancing all of the above factors, Plaintiffs should be permitted to file a late opt out notice with the Court.  Plaintiffs reviewed the Global Settlement, particularly section 8.2.4, which reads:

> This Settlement is an integral part of the Knauf Class Settlement. A Class Member who participates in the Knauf Class Settlement also must, if eligible, participate in this Settlement.  The Notice shall advise Class Members that if eligible to participate in the Knauf Class Settlement, they can receive no benefits under the Knauf Class Settlement if they opt out of this Settlement.  Any opt out from this Settlement by a Class Member otherwise eligible to participate in the Knauf Class Settlement will be invalid if the

3

>Class Member did not timely opt out of the Knauf Class Settlement.

*See* Settlement Agreement in MDL No. 2047 Regarding Claims Involving Builders, Installers, Suppliers and Participating Insurers, § 8.2.4, May 18, 2012, Doc. 14373-5.  This provision essentially states that if a Class Member opts out of the Global Settlement, they cannot participate in the Knauf Settlement.  It also states that a Class Member who participates in the Knauf Settlement must also participate in the Global Settlement.  Taking these two concepts together, Plaintiffs mistakenly read this to mean that the inverse is also true – if they chose to opt out of the Knauf Settlement, they would not be eligible to participate in the Global Settlement and would automatically be opted out of the Global Settlement.  Thus, Plaintiffs believed in good faith that they were not required to submit an opt-out form in the Global Settlement.  *See also* Notice of Pendency of Proposed Settlement of Class Action Against Builders, Installers, Suppliers and Participating Insurers, p. 3 ("The Global Settlement is designed to operate in conjunction with the Knauf Class Settlement.").

It is clear from Plaintiffs' good-faith submission of the second opt-out notice on September 5, 2012 that they had every intention of opting out of both the Global and Knauf Settlements.  They only submitted the second opt-out notice on September 5, 2012 out of an abundance of caution because they mistakenly believed that their second opt-out notice reaffirming their opt out of the Knauf Settlement would automatically opt them out of the Global Settlement since one was "integral" to the other.  Plaintiffs' failure to act within the confines of the Global Settlement was a reasonable, inadvertent mistake and therefore, excusable neglect.

Moreover, no prejudice or significant delay will result from allowing the Plaintiffs to file their opt-out notice now as only two weeks have passed since the opt-out deadline set by the Court.  *See Monroe v. United Air Lines, Inc.*, 94 F.R.D. 304, 305 (N.D. Ill.1982) (granting

4

plaintiffs' motion for a late opt in after a month had passed after the deadline).  As only two weeks have passed, neither Knauf,  Lennar (Plaintiffs' builder), nor any other Global Settlement Defendant, will be prejudiced with the addition of these two opt-out Plaintiffs, nor will it hamper the settlement process already underway.

### III.    CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request that the Court grant Plaintiffs' Motion for Leave to file a Late Opt-Out Notice from the Global Settlement, attached hereto as Exhibit 3, under Federal Rule 6(b).


Date: October 16, 2012                          WHITFIELD BRYSON & MASON LLP

/s/ Gary E. Mason
Gary E. Mason
Donna F. Solen
1625 Massachusetts Ave., NW, Suite 605
Washington, D.C.  20036
Tel. (202) 429-2290
Fax. (202) 429-2294

Daniel K. Bryson
900 W. Morgan Street
Raleigh, NC 27603
Tel. (919) 600-5000
Fax. (919) 981-0199

Adam C. Linkhorst
LINKHORST & HOCKIN P.A.
4495 Military Trail, Suite 106
Jupiter, Florida 33458
Tel. (561) 626-8880 / (954) 776-5990
Fax. (561) 626-8885

Joel R. Rhine
RHINE LAW FIRM, PC
314 Walnut Street, Suite 1000
Wilmington, NC  28401
Tel. (910) 772-9960

5

Fax. (910) 772-9062

Chris Coffin
PENDLEY BAUDIN & COFFIN, LP
Post Office Drawer 71
24110 Eden Street
Plaquemine, Louisiana 70765
Tel. (225) 687-6396

Stephen Mullins
LUCKEY & MULLINS
2016 Bienville Blvd
P.O. Box 990
Ocean Springs, MS 39564
Tel. (228) 875-3175
Fax. (228) 872-4719

*Attorneys for Plaintiffs*

**CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that the above and forgoing has been served upon Plaintiffs' Liaison Counsel, Russ Herman, and Defendants' Liaison Counsel, Kerry Miller, by U.S. Mail and email or hand delivery and email and upon all parties by electronically uploading the same to Lexis Nexis File and Serve® in accordance with Pre-Trial Order No. 6, and that the foregoing was electronically filed with the Clerk of the United States Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with procedures established in MDL 2047 on this 16th day of October, 2012.

/s/ Gary E. Mason
Gary E. Mason