UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: CHINESE-MANUFACTURED DRYWALL PRODUCTS LIABILITY LITIGATION | MDL NO. 2047<br><br>SECTION: L |
| THIS DOCUMENTS RELATES TO: ALL CASES AND | JUDGE FALLON<br><br>MAG. JUDGE WILKINSON |
| *Payton, et. al. v. Knauf Gips, KG, et. al.*<br>Case No. 2:09-cv-07628 (E.D. La.) | |
| *Wiltz, et. al. v. Beijing New Building Materials Public Limited Co., et. al.*<br>Case No. 1:09-cv-00361 (E.D. La.) | |
| *Gross, et. al. v. Knauf Gips, KG, et. al.*<br>Case No. 2:09-cv-06690 (E.D. La.) | |
| *Rogers, et. al. v. Knauf Gips, KG, et. al.*<br>Case No. 2:10-cv-00362 (E.D. La.) | |
| *Amato, et. al. v. Liberty Mutual Ins. Co., et. al.*<br>Case No. 2:10-cv-00932 | |
| *Hernandez, et. al. v. AAA Insurance, et. al.*<br>Case No. 2:10-cv-3070 (E.D. La.) | |
| *Abel, et. al. v. Taishan Gypsum Co. Ltd., f/k/a Shandong Taihe Dongxin Co., Ltd., et. al.*<br>Case No. 2:11-cv-00080 (E.D. La.) | |
| *Abreu, et. al. v. Gebrueder Knauf Verwaltungsgesellschaft, KG, et. al.*<br>Case No. 2:110cv000252 (E.D. La.) | |
| *Haya, et. al. v. Taishan Gypsum Co., Ltd., f/k/a Shandong Taihe Dongxin Co., Ltd., et. al.*<br>Case No. 2:11-cv-01077 (E.D. La.) | |
| *Vikers, et. al. v. Knauf Gips KG, et. al.*<br>Case No. 2:09-cv-04117 (E.D. La.) | |

## OBJECTOR SAUL SOTO'S AND SHS CONSTRUCTION'S ANSWERS AND OBJECTIONS TO INTERROGATORIES PROPOUNDED BY CLASS COUNSEL

COMES NOW SAUL SOTO AND SHS CONSTRUCTION, an Objector in the above entitled and numbered cause of action and pursuant to the Federal Rules of Civil Procedure, serves the following Answers and Objections to Interrogatories Propounded by Class Counsel.

### OBJECTIONS TO DEFINITIONS AND INSTRUCTIONS

1. Objector objects to the extent the interrogatories are addressed jointly to Objector's counsel. Objector's counsel is a nonparty and Federal Rule of Civil Procedure 33 may not be used to obtain information from a nonparty.

2. Objector objects to the definition of "Objector(s)", "you" or "your" as vague, overbroad, and beyond the scope of permissible discovery, insofar as the definition purports to include Objector's counsel or anyone else, except someone acting as Objector's agent and only in that capacity.

3. Objector objects to the "Definitions and Instructions" to the extent they purport to impose obligations beyond the Federal Rules of Civil Procedure; Objector will respond pursuant to the Federal Rules of Civil Procedure.

4. Objector objects to the extent that "Definitions and Instructions" purport to amend, limit, expand or in any way change the class definition approved by the Court and contained in the notice of proposed settlement.

### SPECIFIC OBJECTIONS AND ANSWERS

**INTERROGATORY NO. 1:**

State the date you retained your counsel.

**Response:**

Subject to the objections made in response to the foregoing interrogatory, and without waiver of same, I respond as follows:

I retained Bandas Law Firm, P.C. on September 28, 2012.

### INTERROGATORY NO. 2:

Identify the total number of persons your counsel represents in connection with the Chinese Drywall Litigation.

### Response:

Objection. This interrogatory is harassing, seeks information that is irrelevant and not reasonably calculated to lead to the discovery of admissible evidence, and is outside the scope of Federal Rule of Civil Procedure 33 because it seeks information from Objector's counsel, a nonparty. Subject to the foregoing objections, the requested information is not within the Objector's knowledge.

### INTERROGATORY NO. 3:

Identify the number of clients your counsel is representing in connection with the ChinesE Drywall Litigation that have objected to the settlement, opted-out of the settlement, and/or have chosen to accept the benefits of the settlement.

### Response:

Objection. This interrogatory is harassing, seeks information that is irrelevant and not reasonably calculated to lead to the discovery of admissible evidence, and is outside the scope of Federal Rule of Civil Procedure 33 because it seeks information from Objector's counsel, a nonparty. Subject to the foregoing objections, the requested information is not within the Objector's knowledge.

### INTERROGATORY NO. 4:

For each objector, identify which part(s) of the settlement each objector finds unfair or objectionable, and state each and every reason and the factual basis to support that belief.

### Response:

Objection. This interrogatory is ambiguous, overly broad, and seeks information not within the Objector's knowledge to the extent it seeks information regarding other objectors.

Objection is also made the extent it calls for a legal conclusion. Subject to the foregoing general and specific objections, the factual and legal basis for my objection is contained in my objection filed with the court.

### INTERROGATORY NO. 5:

For any Chinese Drywall you purchased, state whether you ever complained, inquired, made written and/or verbal notice that the Chinese Drywall was defective. If you answer(s) is in the affirmative, identify the date, time and the means, either written communication and/or verbal communication and to whom plaintiff complained, inquired, made written and/or made verbal notice that the Chinese drywall was defective.

### Response:

I have recollection of a conversation with a sub-contractor maybe two or three years ago about how Lowe's sold inferior Chinese drywall. I have not communicated with any manufactures, sellers, or distributors of Chinese drywall about Chinese drywall.

### INTERROGATORY NO. 6:

Identify the person who installed any drywall in you home in Ingleside, Texas and the manufacturer of that drywall.

### Response:

I do not own a home in Ingleside, Texas. However, I own a home at 429 Claride, Corpus Christi, Texas. I bought that home in around 2003 or 2004. I remodeled that home when I bought it. In connection with the remodel, I installed approximately 50+ sheets of drywall. I think I bought the drywall at Home Depot, but I am not sure. I do not know for sure whether or not any of that drywall was made in China. The only way I am aware I could know for sure is to remove all of the drywall. The manufacturer and origin of the drywall are unknown to me. I am worried and concerned that it could be Chinese drywall. That uncertainty negatively impacts the value of my house. If I sell the house, I will have to disclose that the drywall might be defective. Property that might contain Chinese drywall is property that is stigmatized. My property is stigmatized.

I have worked with and around drywall that I recall being marked as made in China, including cutting, taping, floating, and sanding. I breathed in dust and debris of the drywall. I understand that Chinese drywall might be hazardous to my health. I am concerned about this. Specifically, I fear future illness, disease, and/or medical problems. I recall instances during the

time period that I recall working with Chinese drywall that my skin would become irritated. I will always worry that future medical problems may be related to this defective product.

I believe that Chinese drywall also damaged personal property that I own. During the time period that I recall working with Chinese drywall, I purchased four DeWalt drills that I used to drill screws into drywall. Those drills usually last more than a year. During the time I recall working with Chinese drywall, these drills corroded within a few months and failed prematurely. I have not seen this before or since. I think I may have spent in excess of $800 on those drills, but certainly I spent more than $400 replacing prematurely corroded drills.

I also think and allege my business reputation has been damaged. I think there is now a stigma about work I have done because I cannot deny I installed Chinese drywall and use of Chinese drywall was widespread. My clients rely on me to provide labor and materials free of defects. Although none of my clients have complained to me about drywall, I now know that I installed defective Chinese drywall in some of their properties. I do not know which ones. However, when and if they complain, I will have to redo that work. That will cost me time and money. My business does not advertise. I rely on referrals and reputation. Although I cannot quantify the damages, this has hurt my business and I fear that I will continue to face economic harm in the future.

As the result of all of the foregoing damages, I also feel emotional distress.

**INTERROGATORY NO. 7:**

Identify each lawsuit in the Chinese Drywall Litigation in which you are a party. For purposes of this interrogatory, identify means to state the jurisdiction of the Court, venue, docket number, date of filing, court record document identification number, and all parties who are named in the lawsuit.

**Response:**

Other than this case, I do not believe that I am a party to any other Chinese Drywall Litigation.

## VERIFICATION

I declare under penalty of perjury of the laws of the United States of America that the foregoing responses are true and correct.

_____
Saul Soto

Respectfully submitted,

By:     /s/ Christopher A. Bandas
Christopher A. Bandas
State Bar No. 00787637
Southern Bar No. 17509
BANDAS LAW FIRM, P.C.
500 North Shoreline Blvd., Suite 1020
Corpus Christi, Texas 78401-0353
(361) 698-5200 Telephone
(361) 698-5222 Facsimile

R. Joshua Koch, Jr.
State Bar No. 2492
Koch & Schmidt, LLC
650 Poydras St., Suite 2415
New Orleans, LA 70130
T: (504) 208-9040
F: (504) 208-9041

Counsel for Objectors Jan Petrus; Saul Soto, SHS Construction; Ronnie Garcia, Bay Area Contracting Construction, Inc.; and Ernest Vitela, E and E Construction Co.

## **CERTIFICATE OF SERVICE**

I hereby certify that on the 16th day of October 2012 a true and correct copy of the above and foregoing was served on the following as indicated below as well as all counsel of record via the Court's CM/ECF system.

Arnold Levin
Levin, Fishein, Sedran & Berman
510 Walnut Street, Ste. 500
Philadelphia, PA 19106
Plaintiffs' Lead Counsel

Leonard A. Davis
Russ M. Herman
Herman, Herman & Katz, LLP
820 O'Keefe Avenue
New Orleans, LA 70013
Defendants' Counsel

/s/ Christopher A. Bandas
Christopher A. Bandas