UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: CHINESE-MANUFACTURED DRYWALL PRODUCTS LIABILITY LITIGATION | MDL NO. 2047 |
| | SECTION: L |
| THIS DOCUMENTS RELATES TO: ALL CASES AND | JUDGE FALLON |
| | MAG. JUDGE WILKINSON |
| *Payton, et. al. v. Knauf Gips, KG, et. al.* Case No. 2:09-cv-07628 (E.D. La.) | |
| *Wiltz, et. al. v. Beijing New Building Materials Public Limited Co., et. al.* Case No. 1:09-cv-00361 (E.D. La.) | |
| *Gross, et. al. v. Knauf Gips, KG, et. al.* Case No. 2:09-cv-06690 (E.D. La.) | |
| *Rogers, et. al. v. Knauf Gips, KG, et. al.* Case No. 2:10-cv-00362 (E.D. La.) | |
| *Amato, et. al. v. Liberty Mutual Ins. Co., et. al.* Case No. 2:10-cv-00932 | |
| *Hernandez, et. al. v. AAA Insurance, et. al.* Case No. 2:10-cv-3070 (E.D. La.) | |
| *Abel, et. al. v. Taishan Gypsum Co. Ltd., f/k/a Shandong Taihe Dongxin Co., Ltd., et. al.* Case No. 2:11-cv-00080 (E.D. La.) | |
| *Abreu, et. al. v. Gebrueder Knauf Verwaltungsgesellschaft, KG, et. al.* Case No. 2:110cv000252 (E.D. La.) | |
| *Haya, et. al. v. Taishan Gypsum Co., Ltd., f/k/a Shandong Taihe Dongxin Co., Ltd., et. al.* Case No. 2:11-cv-01077 (E.D. La.) | |
| *Vikers, et. al. v. Knauf Gips KG, et. al.* Case No. 2:09-cv-04117 (E.D. La.) | |

**CHRISTOPHER A. BANDAS, COUNSEL FOR JAN PETRUS AND OBJECTOR JAN PETRUS' RESPONSES AND/OR OBJECTIONS TO INTERROGATORIES PROPOUNDED BY CLASS COUNSEL**

COME NOW, CHRISTOPHER A. BANDAS, ATTORNEY FOR JAN PETRUS AND JAN PETRUS in the above entitled and numbered cause of action and pursuant to the Federal Rules of Civil Procedure, forwards the following Responses and/or Objections to Interrogatories for Production Propounded by Class Counsel.

OBJECTIONS TO DDEFINITIONS AND INSTRUCTIONS

1. Objector objects to the extend the interrogatories are address jointly to Objector's counsel.  Objector's counsel is a nonparty and Federal Rule of Civil Procedure 33 may not be used to obtain information from a nonparty.
2. Objector objects to the definition of "Objector(s)", "you" or "your" as vague, overbroad, and beyond the scope of permissible discovery, insofar as the definition purports to include Objector's counsel or anyone else, except someone acting as Objector's agent and only in that capacity.
3. Objector objects to the "Definitions and Instructions" to the extent they purport to impose obligations beyond the Federal Rules of Civil Procedure; Objector will respond pursuant to the Federal Rules of Civil Procedure.
4. Objector objects to the extend that "Definitions and Instructions" purport to amend, limit, expand or in any way change the class definition approved by the Court and contained in the notice of proposed settlement.

SPECIFIC OBJECTIONS AND ANSWERS

INTERROGATORY NO. 1:
State the date you retained your counsel.
Response:

OBJECTION.  THIS INTERROGATORY IS NOT RELEVANT SINCE OBJECTOR HAS FILED A MOTION TO DISMISS.

INTERROGATORY NO. 2:
Identify the total number of persons your counsel represents in connection with the Chinese Drywall Litigation.

Response:
OBJECTION. THIS INTERROGATORY IS NOT RELEVANT SINCE OBJECTOR HAS FILED A MOTION TO DISMISS.

INTERROGATORY NO. 3:

Identify the number of clients your counsel is representing in connection with the Chines Drywall Litigation that have objected to the settlement, opted-out of the settlement, and/or have chosen to accept the benefits of the settlement.

Response:
OBJECTION. THIS INTERROGATORY IS NOT RELEVANT SINCE OBJECTOR HAS FILED A MOTION TO DISMISS.

INTERROGATORY NO. 4:

For each objector, identify which part(s) of the settlement each objector finds unfair or objectionable, and state each and every reason and the factual basis to support that belief.

Response:
OBJECTION. THIS INTERROGATORY IS NOT RELEVANT SINCE OBJECTOR HAS FILED A MOTION TO DISMISS.

INTERROGATORY NO. 5:

For any Chinese Drywall you purchased, state whether you ever complained, inquired, made written and/or verbal notice that the Chinese Drywall was defective. If you answer(s) is in the affirmative, identify the date, time and the means, either written communication and/or verbal communication and to whom plaintiff complained, inquired, made written and/or made verbal notice that the Chinese drywall was defective.

Response:
OBJECTION. THIS INTERROGATORY IS NOT RELEVANT SINCE OBJECTOR HAS FILED A MOTION TO DISMISS.

INTERROGATORY NO. 6:

Identify the person who installed any drywall in you home in Ingleside, Texas and the manufacturer of that drywall.

Response:
OBJECTION. THIS INTERROGATORY IS NOT RELEVANT SINCE OBJECTOR HAS FILED A MOTION TO DISMISS.

INTERROGATORY NO. 7:

Identify each lawsuit in the Chinese Drywall Litigation in which you are a party. For purposes of this interrogatory, identify means to state the jurisdiction of the Court, venue, docket number, date of filing, court record document identification number, and all parties who are named in the lawsuit.

Response:

OBJECTION. THIS INTERROGATORY IS NOT RELEVANT SINCE OBJECTOR HAS FILED A MOTION TO DISMISS.

Respectfully submitted,

By:       /s/ Christopher A. Bandas

Christopher A. Bandas
State Bar No. 00787637
Southern Bar No. 17509
BANDAS LAW FIRM, P.C.
500 North Shoreline Blvd., Suite 1020
Corpus Christi, Texas 78401-0353
(361) 698-5200 Telephone
(361) 698-5222 Facsimile

R. Joshua Koch, Jr.
State Bar No. 2492
Koch & Schmidt, LLC
650 Poydras St., Suite 2415
New Orleans, LA 70130
T: (504) 208-9040
F: (504) 208-9041

Counsel for Objectors Jan Petrus; Saul Soto, SHS Construction; Ronnie Garcia, Bay Area Contracting Construction, Inc. and Ernest Vitela, E and E Construction Co.

## CERTIFICATE OF SERVICE

I hereby certify that on the 18th day of October 2012 a true and correct copy of the above and foregoing was served on the following as indicated below as well as all counsel of record via the Court's CM/ECF system.

Arnold Levin
Levin, Fishein, Sedran & Berman
510 Walnut Street, Ste. 500
Philadelphia, PA 19106
Plaintiffs' Lead Counsel

Leonard A. Davis
Russ M. Herman
Herman, Herman & Katz, LLP
820 O'Keefe Avenue
New Orleans, LA 70013
Defendants' Counsel

    /s/ Christopher A. Bandas
    Christopher A. Bandas