UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

IN RE: CHINESE-MANUFACTURED DRYWALL PRODUCTS LIABILITY LITIGATION

MDL NO. 2047

SECTION: L

JUDGE FALLON

MAG. JUDGE WILKINSON

THIS DOCUMENTS RELATES TO:
ALL CASES AND

*Payton, et. al. v. Knauf Gips, KG, et. al.*
Case No. 2:09-cv-07628 (E.D. La.)

*Wiltz, et. al. v. Beijing New Building Materials Public Limited Co., et. al.*
Case No. 1:09-cv-00361 (E.D. La.)

*Gross, et. al. v. Knauf Gips, KG, et. al.*
Case No. 2:09-cv-06690 (E.D. La.)

*Rogers, et. al. v. Knauf Gips, KG, et. al.*
Case No. 2:10-cv-00362 (E.D. La.)

*Amato, et. al. v. Liberty Mutual Ins. Co., et. al.*
Case No. 2:10-cv-00932

*Hernandez, et. al. v. AAA Insurance, et. al.*
Case No. 2:10-cv-3070 (E.D. La.)

*Abel, et. al. v. Taishan Gypsum Co. Ltd., f/k/a Shandong Taihe Dongxin Co., Ltd., et. al.*
Case No. 2:11-cv-00080 (E.D. La.)

*Abreu, et. al. v. Gebrueder Knauf Verwaltungsgesellschaft, KG, et. al.*
Case No. 2:110cv000252 (E.D. La.)

*Haya, et. al. v. Taishan Gypsum Co., Ltd., f/k/a Shandong Taihe Dongxin Co., Ltd., et. al.*
Case No. 2:11-cv-01077 (E.D. La.)

*Vikers, et. al. v. Knauf Gips KG, et. al.*
Case No. 2:09-cv-04117 (E.D. La.)

**OBJECTORS RONNIE GARCIA AND BAY AREA CONTRACTING & CONSTRUCTION'S RESPONSES AND OBJECTIONS TO REQUESTS FOR PRODUCTION PROPOUNDED BY CLASS COUNSEL**

COMES NOW, RONNIE GARCIA AND BAY AREA CONTRACTING & CONSTRUCTION, Objectors in the above entitled and numbered cause of action and pursuant to the Federal Rules of Civil Procedure, serves the following Responses and Objections to Requests for Production Propounded by Class Counsel.

**OBJECTIONS TO DEFINITIONS AND INSTRUCTIONS**

1. Objector objects to the extent the requests are addressed jointly to Objector's counsel. Objector's counsel is a nonparty and Federal Rule of Civil Procedure 34 may not be used to obtain information from a nonparty.

2. Objector objects to the definition of "Objector(s)", "you" or "your" as vague, overbroad, and beyond the scope of permissible discovery, insofar as the definition purports to include Objector's counsel or anyone else, except someone acting as Objector's agent and only in that capacity.

3. Objector objects to the "Definitions and Instructions" to the extent they purport to impose obligations beyond the Federal Rules of Civil Procedure; Objector will respond pursuant to the Federal Rules of Civil Procedure.

4. Objector objects to the extent that "Definitions and Instructions" purport to amend, limit, expand or in any way change the class definition approved by the Court and contained in the notice of proposed settlement.

**SPECIFIC OBJECTIONS AND RESPONSES**

**REQUEST FOR PRODUCTION NO. 1:**

All documents that contain any information responsive to Interrogatories 1-7.

**Response:**

Objection. Objector incorporates by reference Objector's objections to Interrogatories 1-7, and further objects that this request is vague, overly broad, and unduly burdensome.

**REQUEST FOR PRODUCTION NO. 2:**

Communications between you and other litigants in Chinese Drywall Litigation.

**Response:**

Objection. This request is overly broad and seeks documents that are irrelevant and not reasonably calculated to lead to the discovery of admissible evidence. Subject to the foregoing objections, and limited to communications relating to the Chinese Drywall Litigation, Objector does not have any documents responsive to this request as he understands the question.

**REQUEST FOR PRODUCTION NO. 3:**

Your plaintiff profile form.

**Response:**

Objector does not have any documents responsive to this request.

**REQUEST FOR PRODUCTION NO. 4:**

Documents reflecting damages to your property that you allege are caused by Chinese Drywall.

**Response:**

Objector has searched and will continue to search to the extent required by the rules for documents responsive to his request. Any documents responsive to this request will be produced.

**REQUEST FOR PRODUCTION NO. 5:**

All documents that you intend to submit for "other loss" claims as the term is identified in the Chinese Drywall Litigation.

**Response:**

Because the claims process has not been established, Objector does not know what documents will be required to make a "other loss" claim and, therefore, cannot state whether Objector has documents responsive to this request or not.

**REQUEST FOR PRODUCTION NO. 6:**

All invoices of your purchases of Chinese Drywall.

**Response:**

Objector has searched and will continue to search to the extent required by the rules for documents responsive to his request. Any documents responsive to this request will be produced.

**REQUEST FOR PRODUCTION NO. 7:**

For each company you own, all documents reflecting your ownership or articles of incorporation.

**Response:**

Objection. This request is overly broad, harassing, and seeks documents that are irrelevant and not reasonably calculated to lead to the discovery of admissible evidence.

**REQUEST FOR PRODUCTION NO. 8:**

For all Chinese Drywall that you or any company that you owned/purchased, all invoices purchase orders, sales slips or other paper reflecting the resale of Chinese Drywall.

**Response:**

Objector has searched and will continue to search to the extent required by the rules for documents responsive to his request. Any documents responsive to this request will be produced.

**REQUEST FOR PRODUCTION NO. 9:**

All expert reports and analysis of the settlement at issue.

**Response:**

Objector does not have any documents responsive to this request.

**REQUEST FOR PRODUCTION NO. 10:**

All documents you intend to offer or admit at the fairness hearing or in submissions prior to the fairness hearing.

**Response:**

Objector does not have any documents responsive to this request.

**REQUEST FOR PRODUCTION NO. 11:**

All affidavits you intend to submit at the fairness hearing or prior to the fairness hearing.

**Response:**

Objector does not have any documents responsive to this request. Objector will supplement this request if appropriate.

**REQUEST FOR PRODUCTION NO. 12:**

All pleadings filed by your counsel with regard to prior objections to other class action settlements.

**Response:**

Objection. This request is overly broad, harassing, seeks documents that are irrelevant and not reasonably calculated to lead to the discovery of admissible evidence, and seeks documents that are not within Objector's possession, custody or control.

**REQUEST FOR PRODUCTION NO. 13:**

All payments received by your counsel as attorneys fees or reimbursement of costs with regard to prior objections filed in other class action settlements.

**Response:**

Objection. This request is overly broad, harassing, seeks documents that are irrelevant and not reasonably calculated to lead to the discovery of admissible evidence, and seeks documents that are not within Objector's possession, custody or control.

Respectfully submitted,

By: /s/ Christopher A. Bandas

Christopher A. Bandas
State Bar No. 00787637
Southern Bar No. 17509
BANDAS LAW FIRM, P.C.
500 North Shoreline Blvd., Suite 1020
Corpus Christi, Texas 78401-0353
(361) 698-5200 Telephone
(361) 698-5222 Facsimile

R. Joshua Koch, Jr.
State Bar No. 2492
Koch & Schmidt, LLC
650 Poydras St., Suite 2415
New Orleans, LA 70130
T: (504) 208-9040
F: (504) 208-9041

Counsel for Objectors Jan Petrus; Saul Soto, SHS Construction; Ronnie Garcia, Bay Area Contracting Construction, Inc. and Ernest Vitela, E and E Construction Co.

CERTIFICATE OF SERVICE

I hereby certify that on the 18th day of October 2012 a true and correct copy of the above and foregoing was served on the following as indicated below as well as all counsel of record via the Court's CM/ECF system.

Arnold Levin
Levin, Fishein, Sedran & Berman
510 Walnut Street, Ste. 500
Philadelphia, PA 19106
Plaintiffs' Lead Counsel

Leonard A. Davis
Russ M. Herman
Herman, Herman & Katz, LLP
820 O'Keefe Avenue
New Orleans, LA 70013
Defendants' Counsel

/s/ Christopher A. Bandas
Christopher A. Bandas