UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: CHINESE-MANUFACTURED DRYWALL PRODUCTS LIABILITY LITIGATION | MDL NO. 2047 <br><br> SECTION: L <br><br> JUDGE FALLON <br><br> MAG. JUDGE WILKINSON |
| THIS DOCUMENTS RELATES TO: ALL CASES AND <br><br> *Payton, et. al. v. Knauf Gips, KG, et. al.* <br> Case No. 2:09-cv-07628 (E.D. La.) <br><br> *Wiltz, et. al. v. Beijing New Building Materials Public Limited Co., et. al.* <br> Case No. 1:09-cv-00361 (E.D. La.) <br><br> *Gross, et. al. v. Knauf Gips, KG, et. al.* <br> Case No. 2:09-cv-06690 (E.D. La.) <br><br> *Rogers, et. al. v. Knauf Gips, KG, et. al.* <br> Case No. 2:10-cv-00362 (E.D. La.) <br><br> *Amato, et. al. v. Liberty Mutual Ins. Co., et. al.* <br> Case No. 2:10-cv-00932 <br><br> *Hernandez, et. al. v. AAA Insurance, et. al.* <br> Case No. 2:10-cv-3070 (E.D. La.) <br><br> *Abel, et. al. v. Taishan Gypsum Co. Ltd., f/k/a Shandong Taihe Dongxin Co., Ltd., et. al.* <br> Case No. 2:11-cv-00080 (E.D. La.) <br><br> *Abreu, et. al. v. Gebrueder Knauf Verwaltungsgesellschaft, KG, et. al.* <br> Case No. 2:110cv000252 (E.D. La.) <br><br> *Haya, et. al. v. Taishan Gypsum Co., Ltd., f/k/a Shandong Taihe Dongxin Co., Ltd., et. al.* <br> Case No. 2:11-cv-01077 (E.D. La.) <br><br> *Vikers, et. al. v. Knauf Gips KG, et. al.* <br> Case No. 2:09-cv-04117 (E.D. La.) | |

**MOTION FOR LEAVE TO CONDUCT DISCOVERY REGARDING THE FAIRNESS OF PROPOSED CLASS ACTION SETTLEMENT AN BRIEF IN SUPPORT**

Pursuant to FED. R. CIV .P. 23 (c)(2)(B)(iv) and (e)(5), Objectors Saul Soto, SHS Construction, Ronnie Garcia, Bay Area Contracting Construction, Inc. and Ernest Vitela, E and E Construction Co. (collectively referred to herein as "Movants") file this motion leave to conduct discovery regarding the fairness of the proposed class action settlement as it relates to the fee request of Class Counsel and the Class Representative. In support of the foregoing motion, states as follows:

I.

According to the Notice, Class Counsel intends to seek, as attorney fees at the Fairness Hearing, forty percent (40%) of the "*total settlement value*". (*See* Notice at §5, Ex. "2"). It is unclear from the Notice what is meant by "total settlement value" because that phrase is undefined in the Notice. Assuming the phrase is referring to the $40,000,000.00 settlement fund of the Class, a 40% contingency fee would result in a fee award of $16,000,000.00 to Class Counsel (and a corresponding 40% reduction in the common fund available for distribution to members of the Class). [1] In addition to attorney fees, Class Counsel also intend to seek from the settlement fund $450,000.00 in purported expert fees and litigation costs. (*Id.*)

Class Counsel also intend to seek for the sole benefit of the Class Representative (Mrs. Alice Hill), a Class Representative fee of one percent (1%) of the "total settlement value". (*See*

---

[1] The Notice is replete with defined terms and phrases yet, remarkably, the critical term "*total settlement value*" is undefined without explanation. If that term is intended by Class Counsel to mean something more than the $40,000,000.00 settlement fund, the Notice is totally inadequate, as there is no indication in the Notice that the phrase means anything other than the settlement fund of $40,000,000.00.

Notice at §5, Ex. "2"). Again, assuming the phrase "total settlement value" is in reference to the $40,000,000.00 settlement fund of the Class, if granted by the Court, the Class Representative would receive an award of $400,000.00. However, the notice does not specify what the Class Representative did to earn such a generous fee.

On their face, the fees and expenses sought by Class Counsel and the Class Representative are excessive. The Notice provides no information or insight that would justify such huge awards to the detriment of the recovery of the Class.

**D.     Clear Sailing Agreement Between Class Counsel and Marathon**.

As a part of the settlement reached between Class Counsel and Marathon, Class Counsel obtained a "*clear sailing agreement*" from Marathon. In general, a "clear sailing agreement" is one where, as here, the defendant in a class action lawsuit has agreed not to contest the amount of the attorney fees sought by class counsel so long as class counsel seek a fee beneath a negotiated ceiling. *See Weinberger v. Great Northern Nekoosa Corp.*, 925 F.2d 518 (1st Cir. 1991). Chesapeake does not fault Marathon for entering into such an agreement, but "[t]he very existence of a clear sailing provision increases the likelihood that class counsel have bargained away something of value to the class." *Id*. at 524. It also "by its nature deprives the court of the advantages of the adversary process [by eliminating the defendant at the fairness hearing]." *Id*.

Under the terms of the clear sailing agreement in this case, Marathon, on behalf of itself and its officers, employees, directors, and agents, has agreed that it and they will not "directly or indirectly, object to, oppose or otherwise take a position regarding the award of Plaintiff Class Counsel's Fees and Expenses, nor will said parties solicit or encourage others to do so." (*See* Plan of Allocation and Distribution Order at 10-11, attached as Exhibit "A" to the Settlement

Agreement, which is attached as Exhibit "1" to the Joint Motion For Preliminary Approval *[Doc. No. 156]*).

As a consequence of this clear sailing agreement, Class Counsel will, as things presently stand, go uncontested at the Fairness Hearing and this Court will hear and see only what Class Counsel decide, in their sole discretion, to introduce into evidence. This creates a clear conflict of interest for Class Counsel. As discussed in greater detail below, without discovery, there will simply be no way for this Court or the putative members of the Class to effectively gauge the reasonableness of Class Counsel's fee request.

## ARGUMENT AND AUTHORITY

**A.     Conflict of Interest of Class Counsel and Fiduciary Duty of the Court**.

When left unchecked (which occurs more often than not), class counsel "operate largely according to their own self-interest". *See Strong v. Bellsouth Telecommunications, Inc.*, 173 F.R.D. 167, 171 (W.D. La. 1997). The self-interests of class counsel collide head-on with the interests of the class when class counsel seeks a large fee award to be taken from a settlement fund (common fund) belonging to the Class:

> Upon settlement of a class action lawsuit, the district court has a responsibility to assess the reasonableness of the requested attorneys' fees before approving the settlement under Rule 23(e). . . . [T]he reason the court is obliged to scrutinize fee agreements between defendants and plaintiffs' counsel in class action settlements is that ***there is an inherent conflict between the interests of the class and class counsel. The effect of this often unchecked conflict is inflated legal fees and a perception in society that lawyers are abusing the system***.

*Id*. at 171 (emphasis supplied).

The existence of this conflict of interest has not been lost on the Tenth Circuit. Indeed, in order to protect the interests of the class from the self-interests of class counsel in a common

fund case, the trial court ***must act as a fiduciary*** for the putative class members. *See Gotlieb v. Barry*, 43 F.3d 474, 490 (10th Cir. 1994).

### B. Lodestar or Percentage of Common Fund Methodology.

In the Tenth Circuit, when determining the amount of the attorneys fees to be awarded to class counsel in a common fund case, it is in the discretion of the trial court to use either a (1) lodestar approach, or (2) percentage of common fund approach. *Gotlieb*, 43 F.3d at 482-483. "Under either methodology, the fee awarded must be reasonable." *Id*. at 482.

Regardless of which methodology is ultimately adopted by this Court for use in this case, the Tenth Circuit mandates that this Court consider the following twelve "*Johnson*" lodestar factors: (1) the time and labor required; (2) the novelty and difficulty of the question presented by the case; (3) the skill requisite to perform the legal service properly; (4) the preclusion of other employment by the attorneys due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) any time limitations are imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation and ability of the attorneys; (10) the undesirability of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases. *Gotlieb*, 43 F.3d. at 483.[2]

### C. Chesapeake Should Be Granted Leave to Conduct Discovery.

As discussed above, regardless of which methodology this Court ultimately adopts to determine the reasonableness of Class Counsel's fee request, this Court must apply the twelve *Johnson* lodestar factors. Without discovery by Chesapeake (or court appointed independent

---

[2] Because the Tenth Circuit requires the application of these twelve traditional lodestar factors to either methodology, the Tenth Circuit's percentage of common fund approach has been called a "hybrid" approach. *Gotlieb*, 43 F.3d at 482.

counsel), the Court will simply have no way to make an informed decision (as a *fiduciary* of the putative class) regarding the reasonableness of Class Counsel's fees. Certainly, a $16,000,000.00 attorney fee request deserves the serious scrutiny of this Court, rather than the typical one-day Fairness Hearing, comprised of a one-sided and unchallenged presentation of evidence by Class Counsel.

As a putative class member, Chesapeake is not privy to the information needed to evaluate the reasonableness of the fees and expenses requested by Class Counsel and the Class Representative. Nonetheless, the Notice requires that Chesapeake object to the fairness of the settlement no later than December 16, 2011, and include in its objection: (1) "[a] detailed statement of the specific legal and factual basis for each and every objection"; (2) "[a] list of any witnesses you may call at the Fairness Hearing, together with a brief summary of each witnesses' expected testimony"; (3) "[a] list and copies of any exhibits you may seek to use at the Fairness Hearing; and (4) "[a] list of any legal authority you may present at the Fairness Hearing." (*See* Notice, §8.C., Ex. "2"). Without conducting discovery, there is no possible way for Chesapeake to comply with the requirements of the Notice prior to the Fairness Hearing.

At a minimum, Chesapeake respectfully requests leave of Court to conduct the following discovery[3]:

- Request for Production: The contemporaneous time records and the billing rates of all Class Counsel and defense counsel (for comparative purposes) in this matter.

- Request for Production: An itemized list of all requested expert fees and litigation expenses and the supporting documentation for those fees and expenses.

---

[3] Chesapeake will agree to an appropriate protective order to govern any confidential materials for which discovery is sought herein. However, since the Class Counsel purport to represent all Class Members, Chesapeake will dispute any claim of attorney-client privilege to deprive it from examining the detailed time records of Class Counsel or other communication with the Class Representative.

- Request for Production: All written and/or electronic communications between Class Counsel and the defendant (or its counsel) relating to or evidencing the settlement negotiations, including, and without limitation, any communications that relate to the inclusion of the clear sailing agreement in the Settlement Agreement.

- Request for Production: All documents supporting the Class Representative's request for a fee of $400,000.00.

- Request for Production: The distribution/mailing list for the Notice.

- Request for Production: Any schedule containing the estimated distribution to each class member.

- Request for Production: A copy of all exhibits Class Counsel intends to introduce into evidence at the Fairness Hearing.

- Request for Production: A copy of any fee or engagement agreement between Class Counsel and the Class Representative.

- Interrogatory: The meaning of the term "total settlement value" as used in Section 5 of the Notice and all computations of the "total settlement value".

- Interrogatory: The name and address of each expert witness who will testify at the Fairness Hearing on the issue of the "total settlement value".

- Interrogatory: The name and address of each expert witness who will testify at the Fairness Hearing on the issue of the reasonableness of Class Counsel's attorney fee request and/or request for $450,000.00 in expert fees and litigation expenses.

- Interrogatory: The name and address of each expert witness who will testify at the Fairness Hearing on the issue of the reasonableness of the $400,000.00 fee sought by the Class Representative.

- Deposition: With respect to all expert witnesses identified in response to the interrogatory requests above, a day certain for Chesapeake to take the deposition of each such expert witness.

- Deposition: With respect to any Class Counsel who intend to testify at the Fairness Hearing regarding the reasonableness of Class Counsel's fee and expense request, a day certain for Chesapeake to take the deposition of each such witness.

- Deposition: A day certain for Chesapeake to take the deposition of the Class Representative for the purpose of inquiring into the reasonableness of the $400,000.00 Class Representative fee request.

D. **A Continuance of the Fairness Hearing is Needed**.

Chesapeake and the remaining putative members of the Class have been given less than three weeks to file detailed objections to the settlement. In order to permit the discovery requested above, and time for the preparation of the detailed objections required by the Notice, the Fairness Hearing should be continued. The possibility that such a continuance would be granted by the Court was clearly contemplated by the parties since the Notice specifically provides that the "hearing date may be changed without further notice" to the Class. (*See* Notice, §7, Ex. "2").[4]

**E.     Independent Counsel and/or a Special Master Should be Appointed**.

The appointment of independent counsel (or guardian *ad litem*) to represent a class in connection with class counsel's fee request in a common fund case is an option available to the trial court in the Tenth Circuit. *Gotlieb*, 43 F.3d at 490. In *Gotlieb*, the Tenth Circuit found that the trial court did not fail to act in its fiduciary capacity by refusing to appoint independent counsel to represent the Class, primarily because the trial court instead appointed an impartial special master to protect the interests of the class with respect to the fee and expense requests of class counsel. *Id*.

Unlike *Gotlieb*, in this case Class Counsel have secured from Marathon a clear sailing agreement completely forbidding Marathon's participation at the Fairness Hearing with respect Class Counsel's requests for fees and costs, thus all but ensuring a one-sided and unchallenged presentation of evidence. Consequently, Chesapeake respectfully submits that the appointment of independent counsel to represent the putative members of the class is particularly appropriate in this case. At a minimum, a special master should be appointed and charged by this Court with

---

[4]     A continuance of the Fairness Hearing, by operation of the Notice, will extend the time to file any objections to the proposed settlement since the objection deadline is set as twenty (20) days prior to the Fairness Hearing. (*See* Notice at §8.C., Ex. "2").

the fiduciary duty of protecting the interests of the class with respect to the fees and expenses sought by Class Counsel and the Class Representative. *See* Gotlieb, 43 F.3d at 490 ("[T]he appointment of a special master in fee proceedings is 'especially appropriate in a case such as this that lacks an adversary setting.'").

## CONCLUSION

Based up the foregoing argument and authority, Chesapeake, as a putative member of the Class, respectfully requests the following relief:

(1) Leave to conduct discovery regarding the fairness of the proposed class action settlement as it relates to the fee and expense requests of Class Counsel and the Class Representative;

(2) A continuance of the fairness hearing in order to allow for the requested discovery and an opportunity to prepare the detailed objections required by the Notice; and

(3) The appointment of independent counsel and/or an impartial special master to protect the interests of the Class in connection with the fee and expense requests of Class Counsel and the Class Representative.

## CERTIFICATE OF CONFERENCE

The undersigned attempted to contact Mr. Leonard by phone regarding the relief requested, but was not successful.

        /s/ Christopher A. Bandas
    Christopher A. Bandas

Respectfully submitted,

By:     /s/ Christopher A. Bandas
Christopher A. Bandas
State Bar No. 00787637
Southern Bar No. 17509
BANDAS LAW FIRM, P.C.
500 North Shoreline Blvd., Suite 1020
Corpus Christi, Texas 78401-0353
(361) 698-5200 Telephone
(361) 698-5222 Facsimile
Counsel for Objectors Saul Soto, SHS Construction; Ronnie Garcia, Bay Area Contracting Construction, Inc. and Ernest Vitela, E and E Construction Co.

CERTIFICATE OF SERVICE

I hereby certify that on the 18th day of October 2012 a true and correct copy of the above and foregoing was served on the following as indicated below as well as all counsel of record via the Court's CM/ECF system.

Arnold Levin
Levin, Fishein, Sedran & Berman
510 Walnut Street, Ste. 500
Philadelphia, PA 19106
Plaintiffs' Lead Counsel

Leonard A. Davis
Russ M. Herman
Herman, Herman & Katz, LLP
820 O'Keefe Avenue
New Orleans, LA 70013
Defendants' Counsel

    /s/ Christopher A. Bandas
Christopher A. Bandas