UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: CHINESE-MANUFACTURED DRYWALL PRODUCTS LIABILITY LITIGATION | MDL NO. 2047<br>SECTION: L<br>JUDGE FALLON<br>MAG. JUDGE WILKINSON |
| THIS DOCUMENT RELATES TO:<br><br>ALL ACTIONS | |

**THE PLAINTIFFS' STEERING COMMITTEE'S
MEMORANDUM OF LAW IN SUPPORT OF MOTION TO
SEVER CERTAIN PLAINTIFFS FROM OMNI COMPLAINTS**

**I.    INTRODUCTION**

The Plaintiffs' Steering Committee ("PSC") has moved pursuant to Fed.R.Civ.P. 21 to sever certain plaintiffs from Omni Complaints. The PSC has worked diligently to secure the several inter-related settlements that have been preliminarily approved by the Court and are presently scheduled to be heard for final approval on November 13-14, 2012. Certain plaintiffs (to be determined after the last date for rescinding opt-outs) have acted in a manner antithetical to these settlements by virtue of exercising their rights to exclusion. For the reasons set forth below, the PSC seeks to sever these certain plaintiffs from the PSC's Omni complaints.

**II.   FACTUAL BACKGROUND**

Since the formation of this MDL more than three years ago, thousands of claimants have participated in one or more of the PSC's Omni class action complaints.[1] Beginning in June 2009,

---

[1] *See*, *e.g.*, *Payton, et al. v. Knauf Gips, KG, et al.*, Case No. 2:09-cv-07628 (E.D. La.) (Omnibus I, I(A), I(B), I(C)) (involving claims against the Knauf Defendants); *Wiltz, et al. v. Beijing New Building Materials Public Limited Co., et al.*, Case No. 2:10-cv-00361 (E.D. La.) (Omnibus II, II(A), II(B), II(C)) (involving claims against non-Knauf manufacturers such as Taishan and BNBM); *Gross, et al. v. Knauf Gips, KG, et al.*, Case No. 2:09-cv-06690 (E.D. La.) (original complaint, Omnibus III, III(A)) (asserting

1

the PSC has worked around the clock to vigorously prosecute the claims of thousands of Chinese Drywall Plaintiffs in this MDL, having prepared and filed numerous class action Omni Complaints, each containing hundreds of named class representatives.  The PSC has vigorously represented these Plaintiffs by service of the Omni Complaints upon scores of foreign Defendants pursuant to the Hague Convention.  Such service requires that the complaints first be translated into Chinese (in the case of Taishan and its related entities and other Chinese companies), German (in the case of the Knauf Defendants) and/or French (in the case of Lafarge, S.A.).  The costs of translation and service on the foreign Defendants exceeds $100,000 for each complaint in the Litigation.

To date, the PSC has only been able to perfect service upon the Taishan Gypsum Company Ltd., f/k/a Shandong Taihe Dongxin Co., Ltd. and its related entities in *Wiltz, supra*

---

alternative liability theory against all known manufacturers for drywall that cannot be traced to a particular manufacturer); *Rogers, et al. v. Knauf Gips, KG, et al.*, Case No. 2:10-cv-00362 (E.D. La.) (Omnibus IV, IV(A), IV(B), IV(C)) (involving claims against the Knauf Defendants); *Amato, et al. v. Liberty Mutual Insurance Company*, Case No. 2:10-cv-00932 (E.D. La.) (Omnibus V); *Hernandez, et al. v. AAA Ins., et al.*, Case No. 2:10-cv-03070 (E.D. La.) (Omnibus VI) (dismissed); *Abel, et al. v. Taishan Gypsum Co., Ltd., f/k/a Shandong Taihe Dongxin Co., Ltd., et al.*, Case No. 2:11-cv-00080 (E.D. La) (Omnibus VII); *Abreu, et al. v. Gebrueder Knauf Verwaltungsgesellschaft, KG, et al.*, Case No. 2:11-cv-00252 (E.D. La.) (Omnibus VIII); *Haya, et al. v. Taishan Gypsum Co., Ltd., f/k/a Shandong Taihe Dongxin Co., Ltd.*, Case No. 2:11-cv-01077 (E.D. La.) (Omnibus IX); *Block, et al. v. Gebrueder Knauf Verwaltungsgesellschaft, KG, et al.*, Case No. 11-cv-1363 (E.D. La.) (Omnibus X); *Benoit, et al. v. Lafarge S.A., et al.*, Case No. 11-cv-1893 (E.D. La.) (Omnibus XI); *Arndt, et al. v. Gebrueder Knauf Verwaltungsgesellschaft, KG, et al.*, Case No. 11-cv-2349 (E.D. La.) (Omnibus XII); *Almeroth v. Taishan Gypsum Co. Ltd., f/k/a Shandong Taihe Dongxin Co., Ltd., et al.*, Case No. 12-cv-0498 (E.D. La.) (Omnibus XIII); *Cassidy, et al. v. Gebrueder Knauf Verwaltungsgesellschaft, KG, et al.*, Case No. 11-cv-3023 (E.D. La.) (Omnibus XIV); *Amorin, et al. v. Taishan Gypsum Corp., Ltd., et al.*, Nos. 11-1395 (E.D.La); *Amorin, et al. v. Taishan Gypsum Corp., Ltd., et al.*, No. 11-1672 (E.D.La); *Amorin, et al. v. Taishan Gypsum Corp., Ltd., et al.*, No. 11-1673 (E.D.La).  Several of these complaints were filed in transferor forums in Florida, Virginia and Louisiana and transferred pursuant to 28 U.S.C. §1407 to this MDL proceeding.  Recently, this Court found that these actions comport with the personal jurisdiction requirements of *J. McIntyre Machinery, Ltd. v. Nicastro*, 131 S. Ct. 2780 (2011).  *See In re Chinese Manufactured Drywall Products Liability Litigation*, Order & Reasons, 2012 WL 3815669 (E.D.La. Sept. 4, 2012).

(Omni II) and *Gross, supra* (Omni III).  The PSC is still in the process of obtaining service for the remaining Omni complaints against Taishan and its related entities (Omnis VII, IX, XIII, XV, XVI and XVII).

In addition, the PSC has a motion pending to file Complaints in intervention into the Amorin actions as follows *Amorin, et al. v. Taishan Gypsum Corp., Ltd., et al.,* Nos. 11-1395 (E.D.La)(Omni XVI); *Amorin, et al. v. Taishan Gypsum Corp., Ltd., et al.*, No. 11-1672 (E.D.La)(Omni XV); *Amorin, et al. v. Taishan Gypsum Corp., Ltd., et al.*, No. 11-1673 (E.D.La) (Omni XVII).  The Amorin complaints cover over 5,000 plaintiffs with claims against the Taishan related entities, and will when served bring into this litigation Taishan's parent companies, Beijing New Building Materials Public Limited Company, Beijing New Building Materials (Group) Co., Ltd., China National Building Materials Co., Ltd., China National Building Material Group, for all plaintiffs in this litigation.  This common benefit service is being performed by the PSC through major effort and at major expense, and thus should not benefit plaintiffs who have chosen to opt out of the pending settlements.

The PSC has worked diligently to secure settlements with many of the defendants in the Omni complaints.  The InEx, Banner, Knauf, L&W, and Global Settlements are five separate but inter-related Rule 23(b)(3) class settlements designed to provide cash, remediation and/or other benefits to owners and tenants of Affected Properties damaged by Chinese Drywall.  Beginning on May 13, 2011, this Court preliminarily approved the InEx Settlement.[2]  Three months later on

---

[2] Rec. Doc. No. 8818.  Following preliminary approval, the parties amended the InEx Settlement Agreement to include an allocation committee and Homebuilders' Liaison Counsel Dorothy H. Wimberly as Co-Class Counsel.  The Court approved the substitution of the Amended InEx Settlement on February 24, 2012.  *See* Rec. Doc. No. 12587.

August 11, 2011, this Court preliminarily approved the Banner Settlement.[3]  Early this year on January 10, 2012, this Court granted preliminary approval to the Knauf Settlement.[4].  Then, on April 26, 2012, this Court preliminarily approved the L&W Settlement.[5]  Finally, on May 31, 2012, the Court preliminarily approved the Global Settlement.[6]

These class settlements are integrally related.  *See* Scheduling Order of October 16, 2012 at 6.  For example, any net recoveries from the InEx, Banner and L&W Settlements will be assigned to and/or deposited into the Remediation Fund of the Knauf Settlement (to the extent those recoveries relate to claims arising from KPT Chinese Drywall) so that those monies may be used to remediate Class Members' Affected Properties.  Likewise, net monies received from the Global Settlement (to the extent they relate to KPT Chinese Drywall) will be deposited 50% into the Remediation Fund and 50% into the Other Loss Fund of the Knauf Settlement.

The Court has scheduled November 13-14, 2012 to consider the pending motion for final approval of these five related settlements.  *Id*.  As of September 28, 2012, numerous class

---

[3]  Rec. Doc. No. 10064.  After the parties submitted their Joint Motion for Preliminary Approval of the Banner Settlement, but prior to its adjudication, the parties amended their agreement with Banner to include an allocation committee and the appointment of Homebuilders' Liaison Counsel Dorothy H. Wimberly as Co-Class Counsel.  *See id.*

[4]  Rec. Doc. No. 12138.  Following preliminary approval of the Knauf Settlement and the preliminary approval of the L&W and Global Settlements, the parties amended the Knauf Agreement to clarify certain points raised by interested parties and to acknowledge the culmination of the L&W Settlement and the Global Settlement, which was a condition precedent to the Knauf Settlement.

[5]  Rec. Doc. No. 14033.

[6]  Rec. Doc. No. 14562.  Following preliminary approval of the Global Settlement, the parties amended their agreement to include additional Participating Defendants and Participating Insurers, which increased the settlement total by $2,784,000.  In the revision, a few Participating Defendants and Participating Insurers were deleted from the settlement, but this did not decrease the settlement total.  The final lists of Participating Defendants and Participating Insurers are attached to the Amended Global Settlement Agreement as Exhibits 1 & 2, respectively.  The Court approved the substitution of the Amended Global Settlement Agreement on August 22, 2012.  *See* Rec. Doc. No. 15734.

members submitted requests for exclusion or objections to these settlements.  Those plaintiffs that have chosen to opt-out of the settlements have jeopardized the settlements because of the inter-related nature of the settlements.  As this conduct is in contravention of the efforts of the PSC to resolve this litigation, the PSC submits that those plaintiffs seeking exclusion should be severed from the Omni Complaints in which the PSC has obtained service against Taishan and its related entities (Omni II and Omni III) and/or those Omni Complaints for which the PSC is still in the process of serving Taishan and its related entities (Omnis VII, IX, XIII, XV, XVI and XVII).

Because class members, pursuant to this Court's Order of October 16, 2012, still have an opportunity to rescind their request for exclusion, the plaintiffs that the PSC seek to sever from the Omni Complaints can not be provided to the Court until after the time period permitted to rescind opt-outs (November 5, 2012).  While the PSC is hopeful that most class members will choose to rescind their opt outs, those that continue to exclude themselves from the settlements should have their counsel ordered to inform them that any misguided benefit that they associate with such conduct pales in comparison to the future expenses and burdens they will incur should they choose to pursue the Chinese entities who manufactured the drywall at issue and their Chinese parent companies.

### III.  ARGUMENT

Certain plaintiffs have chosen to exclude themselves from the pending settlements to pursue their claims involving non-KPT Chinese drywall.  These plaintiffs with non-KPT Chinese drywall should be severed from the Omni Complaints served or to be served against Taishan. Fed.R.Civ.P. 21 permits such severance.

> Rule 21 states:
>
>> Misjoinder of parties is not a ground for dismissing an action. On motion or on its own, the Court may at any time, on just terms, add or drop a party. The court may also sever any claim against a party.

Fed.R.Civ.P. 21.

Courts have employed Rule 21 to effectuate severance of misjoinded claims in similar circumstances. *See In re: Diet Drugs Products Liability Litigation*, 1999 WL 554584 (E.D.Pa. July 16, 1999).

Because the plaintiffs choosing to maintain their opt-outs are jeopardizing the settlements, their actions are in contravention of the efforts of the PSC to resolve this litigation and are now misjoined. The PSC should not be obliged to expend its resources to pursue service of litigation on the part of these recalcitrant plaintiffs. These plaintiffs (whose identities can only be determined after November 5, 2012) are justly subject to be dropped from the Omni Complaints described above. Such severance will be on just terms designed to protect and preserve those plaintiffs that are subject to this motion vis.-a-vis. their statutes of limitation.[7] Nevertheless, they should be required to file separate complaints and obtain service by separate means. *Diet Drugs*, 1999 WL 554584 at *5, PTO 796, ¶1 ("dropped plaintiffs have thirty (30) days from the date of this Order to file a new complaint, in a proper venue, containing the claims

---

[7] These plaintiffs will not be prejudiced since terms to protect their rights can be included in the court's order as it was in *Diet Drugs*, 1999 WL 554584 at *5, PTO 796, ¶8("for the application of statutes of limitations, laches, or other time bar laws, the filing date of a newly filed action pursuant to this Order shall be deemed to relate back to the date that any dropped plaintiff originally filed his or her complaint in so far as the new complaint alleges only the claims alleged in the original complaint and joins only the defendants named (or fewer) in the original complaint or the successors of such original defendants.").

that they pled in their original complaints."). The same result should apply to those plaintiffs whose Omni complaint has not yet been served. And, in either case, their counsel should be obliged to advise their clients why their actions have required such severance.

### IV. CONCLUSION

WHEREFORE, for the reasons set forth above, the Plaintiffs' Steering Committee's Motion to Sever Certain Plaintiff's From Omni Complaints should be granted.

Respectfully submitted,

Dated: October 22, 2012

/s/ Russ M. Herman
Russ M. Herman, Esquire (Bar No. 6819)
Leonard A. Davis, Esquire (Bar No. 14190)
Stephen J. Herman, Esquire (Bar No. 23129)
HERMAN, HERMAN & KATZ, LLP
820 O'Keefe Avenue
New Orleans, LA 70113
Phone: (504) 581-4892
Fax: (504) 561-6024
Ldavis@hhklawfirm.com
*Plaintiffs' Liaison Counsel in MDL 2047*

Arnold Levin (On the Brief)
Fred S. Longer (On the Brief)
Sandra L. Duggan (On the Brief)
Matthew C. Gaughan (On the Brief)
LEVIN, FISHBEIN, SEDRAN & BERMAN
510 Walnut Street, Suite 500
Philadelphia, PA 19106
Phone: (215) 592-1500
Fax: (215) 592-4663
Alevin@lfsblaw.com
*Plaintiffs' Lead Counsel in MDL 2047*

**PLAINTIFFS' STEERING COMMITTEE**

Dawn M. Barrios
BARRIOS, KINGSDORF & CASTEIX, LLP
701 Poydras Street, Suite 3650
New Orleans, LA 70139
Phone: (504) 524-3300
Fax: (504) 524-3313
Barrios@bkc-law.com

Daniel E. Becnel, Jr.
BECNEL LAW FIRM, LLC
P.O. Drawer H
106 W. Seventh Street
Reserve, LA 70084
Phone: (985) 536-1186
Fax: (985) 536-6445
dbecnel@becnellaw.com

Robert C. Josefsberg
PODHURST ORSECK, P.A.
25 Flagler Street, 8th Floor
Miami, FL 33130
Phone: (305) 358-2800
Fax: (305) 358-2382
rjosefsberg@podhurst.com

Bruce William Steckler
BARON & BUDD, P.C.
3102 Oak Lawn Ave., Suite 1100
Dallas, TX 75219
Phone: (214) 521-3605
Fax: (214) 520-1181
bsteckler@baronbudd.com

Ervin A. Gonzalez
COLSON HICKS EIDSON
255 Alhambra Circle, Penthouse
Coral Gables, FL 33134
Phone: (305) 476-7400
Fax: (305) 476-7444
Ervin@colson.com

Ben W. Gordon, Jr.
LEVIN, PAPANTONIO, THOMAS, MITCHELL
 ECHSNER & PROCTOR, P.A.
316 S. Baylen Street, Suite 600
Pensacola, FL 32502
Phone: (850) 435-7000
Fax: (850) 435-7020
bgordon@levinlaw.com

Hugh P. Lambert
LAMBERT AND NELSON
701 Magazine Street
New Orleans, LA 70130
Phone: (504) 581-1750
Fax: (504) 529-2931
hlambert@lambertandnelson.com

Gerald E. Meunier
GAINSBURGH, BENJAMIN, DAVID, MEUNIER
 & WARSHAUER, LLC
2800 Energy Centre, 1100 Poydras Street
New Orleans, LA 70163-2800
Phone: (504) 522-2304
Fax: (504) 528-9973
gmeunier@gainsben.com

Jerrold Seth Parker
PARKER, WAICHMAN, ALONSO, LLP
3301 Bonita Beach Road
Bonita Springs, FL 34134
Phone: (239) 390-1000
Fax: (239) 390-0055
Jerry@yourlawyer.com

Scott Wm. Weinstein
MORGAN & MORGAN
12800 University Drive, Suite 600
Ft. Myers, FL 33907
Phone: (239) 433-6880
Fax: (239) 433-6836
sweinstein@forthepeople.com

James Robert Reeves
LUMPKIN & REEVES
160 Main Street
Biloxi, MS 39530
Phone: (228) 374-5151
Fax: (228) 374-6630
jrr@lumpkinreeves.com

Christopher Seeger
SEEGER WEISS, LLP
77 Water Street, 26th Floor
New York, NY 10005
Phone: (212) 584-0700
Fax: (212) 584-0799
cseeger@seegerweiss.com

Daniel K. Bryson
WHITFIELD BRYSON & MASON LLP
900 W. Morgan Street
Raleigh, NC 27603
Phone: (919) 600-5000
Fax: (919) 600-5035
dan@wbmllp.com

Richard J. Serpe, Esquire
LAW OFFICES OF RICHARD J. SERPE
Crown Center, Ste. 310
580 East Main Street
Norfolk, VA 23510-2322
rserpe@serpefirm.com

Victor M. Diaz, Jr., Esquire
V.M. Diaz and Partners, LLC
119 Washington Ave, Suite 402
Miami Beach, FL 33139
Phone: (305) 704-3200
Fax: (305) 538-4928
victor@diazpartners.com

**OF COUNSEL TO PLAINTIFFS' STEERING COMMITTEE**

Richard S. Lewis
HAUSFELD LLP
1700 K Street, NW, Suite 650
Washington, DC 20006
Phone: (202) 540-7200
Fax: (202) 540-7201
rlewis@hausfeldllp.com

Andrew A. Lemmon
LEMMON LAW FIRM, LLC
P.O. Box 904
15058 River Road
Hahnville, LA 70057
Phone: (985) 783-6789

Fax: (985) 783-1333
andrew@lemmonlawfirm.com

Anthony D. Irpino
IRPINO LAW FIRM
2216 Magazine Street
New Orleans, LA 70130
Phone: (504) 525-1500
Fax: (504) 525-1501
airpino@irpinolaw.com

## CERTIFICATE OF SERVICE

      I hereby certify that the above and foregoing Memorandum of Law in Support of the Plaintiffs' Steering Committee's Motion to Sever Certain Plaintiffs From Omni Complaints has been served on Defendants' Liaison Counsel, Kerry Miller, by e-mail and upon all parties by electronically uploading the same to LexisNexis File & Serve in accordance with Pre-Trial Order No. 6, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2047 on this 22nd day of October, 2012.

      /s/ Leonard A. Davis
      Leonard A. Davis, Esquire
      Herman, Herman & Katz, LLP
      820 O'Keefe Avenue
      New Orleans, Louisiana 70113
      Phone: (504) 581-4892
      Fax: (504) 561-6024
      Ldavis@hhklawfirm.com
      *Plaintiffs' Liaison Counsel*
      *MDL 2047*
      *Co-counsel for Plaintiffs*