# EXHIBIT 2

```
 1                UNITED STATES DISTRICT COURT
 2                EASTERN DISTRICT OF LOUISIANA
 3
 4
 5   IN RE:   CHINESE MANUFACTURED      *   Docket 09-MD-2047
             DRYWALL PRODUCTS           *
 6           LIABILITY LITIGATION       *   June 13, 2012
                                        *
 7                                      *   New Orleans, Louisiana
     * * * * * * * * * * * * * * * * * *
 8
 9
10           STATUS CONFERENCE BEFORE THE
             HONORABLE ELDON E. FALLON
11           UNITED STATES DISTRICT JUDGE
12
     Appearances::
13
14   For the Plaintiffs:      Russ M. Herman, Esq.
                              Leonard A. Davis, Esq.
15                            Anthony Irpino, Esq.
                              Arnold Levin, Esq.
16                            Frederick S. Longer, Esq.
                              Gerald E. Meunier, Esq.
17                            Christopher A. Seeger, Esq.
18
     For the Defendants:      Kevin F. Risley, Esq.
19                            Sidney J. Angelle, Esq.
                              Jacqueline M. Brettner, Esq.
20                            Judy L. Burnthorn, Esq.
                              Gregory O. Currier, Esq.
21                            Megan E. Donohue, Esq.
                              Carlina C. Eiselen, Esq.
22                            Steven Glickstein, Esq.
                              Lambert J. Hassinger Jr., Esq.
23                            Melissa M. Lessell, Esq.
                              Brian S. Martin, Esq.
24                            Philip D. Nizialek, Esq.
                              A. Hugh Scott, Esq.
25
```

```
 1  happens?
 2          MR. HERMAN:  Well, there's a lot of muscle in the
 3  global settlement, but there are some tendons and sinews that
 4  bind those muscles.  If, in the fairness process, Knauf
 5  determines that for one legitimate reason or another there's no
 6  settlement, then there's no reason for a trial.  On the other
 7  hand, if we go through a trial, then any reservations that
 8  Knauf has to withdraw from the settlement are resolved.
 9          MR. RISLEY:  Is that Knauf's position?
10          MR. HERMAN:  I don't know what Knauf's position is.
11          MR. GLICKSTEIN:  I will state the position as we have
12  told the Court and told the plaintiffs and told you.  We have
13  been very candid that Knauf's willingness to go forward with
14  the settlement is contingent upon all parties in the
15  distribution chain making a fair contribution.  The company is
16  willing to overwrite the majority of the costs but not the
17  totality of the costs.  They have legitimate collection
18  defenses which they have asserted and which under the
19  settlement they would waive.
20          I know you guys are acting as if you disbelieve
21  our client, but our client is dead serious that the InEx
22  portion of the settlement, at least, will not go forward if
23  there's not a fair resolution of the North River piece.  The
24  settlement gives Knauf the right to proceed with the settlement
25  in Florida, where the lion's share of its liability is, and not
```

```
 1   to go forward with respect to InEx supplied homes if there
 2   isn't a satisfactory resolution of this.
 3           MR. LEVIN:  He has made that statement to us.
 4           MR. RISLEY:  He has.
 5           MR. LEVIN:  We believe him.  We don't like it.
 6           MR. RISLEY:  I just wanted to make sure we heard it
 7   from him.
 8           MR. GLICKSTEIN:  In answer to your question and I
 9   think further answer to the question Judge Fallon asked, to me
10   the biggest obstacle to lawyers fairly evaluating North River's
11   position in the case is North River's position that if it were
12   to go to trial, it will end up with zero percent responsibility
13   because InEx will have zero percent responsibility, and that's
14   a factual question for a jury to resolve; or that even if it
15   has some responsibility, it will be a very small piece of
16   responsibility, and under the law if you are determined to be,
17   hypothetically, 10 or 15 percent responsible, you only have to
18   pay 15 percent of the damages instead of 100 percent.  That's a
19   legal question for Judge Fallon to resolve.
20           In addition, there's the point that you make
21   that the issue of assuming you have 100 percent responsibility,
22   can you come against the Knauf defendant for the difference;
23   and if so, what are going to be the collection issues for your
24   company in attempting to obtain satisfaction.
25           Those are the types of issues that I think,
```