IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE:  CHINESE-MANUFACTURED DRYWALL PRODUCTS LIABILITY LITIGATION | MDL NO. 09-2047<br><br>SECTION L<br><br>JUDGE FALLON |
| THIS DOCUMENT RELATES TO ALL CASES | MAG. JUDGE WILKINSON |

**SUPPLEMENTAL OPPOSITION OF DEFENDANT THE NORTH RIVER INSURANCE COMPANY TO MOTION FOR EXPEDITED HEARING ON THE JOINT MOTION FOR PRELIMINARY AND FINAL APPROVAL OF THE SECOND AMENDMENT TO THE AMENDED INEX AND KNAUF SETTLEMENTS**

Defendant The North River Insurance Company ("North River") submits this Supplemental Opposition to the Motion for Expedited Hearing[1] on the Joint Motion for Preliminary and Final Approval[2] of the Second Amendment to the INEX and Knauf Settlements to briefly address certain issues raised by Interior/Exterior Building Supply, L.L.P. in the Response to North River's Opposition filed by INEX on October 23, 2012.[3]

1. North River disagrees with INEX's suggestion that the issue before the Court only involves a "scheduling matter." Trying to ramrod a class-wide settlement that, at least according to its proponents, is potentially worth $72 million, through an approval process without notice to affected class members and without adequate opportunity for affected parties to respond is not a scheduling matter; it is a substantive and procedural denial of due process in a class action proceeding.

---

[1] Doc. No. 15948-4.
[2] Doc. No. 15948.
[3] Doc No. 15978.

1

2. The present issue would largely be resolved if the Knauf Defendants would look the Court and the other parties in the eye and definitively state whether or not Knauf is going to exercise its power to unilaterally veto one of more of the pending class settlements. Rather than trying to divine what is meant in prior pleadings and rather than INEX and North River trying to predict what action Knauf might undertake, let Knauf speak for itself and remove all of the mystery about what Knauf may or may not do.

3. In trying to bind North River to a liquidation of damages to which North River does not agree, INEX, Knauf and the PSC argue to the court that "time is of the essence." Time is not of the essence, however, simply because some parties put those words in a motion to approve a class-wide settlement. The essential facts upon which the alleged emergency is based – Knauf's power to veto class-wide settlements and the absence of a settlement with North River – have remained constant since at least December of last year, when the Knauf Settlement was submitted to the Court for approval. A set of facts that has existed for ten months is not an emergency.

4. The obvious effect (as well as purpose) of the motion to amend class-wide settlements that have been pending for ten and eighteen months is to strip North River of its ability to contest the damages against it in retribution for not agreeing to settlement demands which North River finds unreasonable. Waiting until the last minute, and then asking for expedited consideration of the motion to amend, is simply part of the concerted effort by INEX, Knauf, and the PSC to deny North River of its rights by denying it an adequate time to respond to a complex motion.

North River believes that the other issues raised by INEX have been adequately addressed in North River's prior opposition[4]. North River again requests that the motion by

---

[4] Doc. No. 15958.

INEX, Knauf, and the PSC for an expedited hearing on their motion to amend the pending INEX and Knauf class settlements be denied.

Respectfully submitted,

THOMPSON COE COUSINS & IRONS LLP

    */s Eric B. Berger*
BRIAN S. MARTIN, ESQ.
KEVIN RISLEY, ESQ.
RODRIGO "DIEGO" GARCIA, JR., ESQ.
One Riverway, Suite 1600
Houston, Texas 77056
Phone: (713) 403-8206
Fax: (713) 403-8299
bmartin@thompsoncoe.com


LOBMAN CARNAHAN BATT ANGELLE & NADER

SIDNEY J. ANGELLE, ESQ.
La. Bar No. 1002
ERIC B. BERGER, ESQ.
La. Bar No. 26196
400 Poydras Street, Suite 2300
New Orleans, Louisiana 70130
Phone: (504) 586-9292
Fax:    (504) 586-1290
sja@lcba-law.com
ebb@lcba-law.com

ATTORNEYS FOR THE NORTH RIVER INSURANCE COMPANY

## **CERTIFICATE OF SERVICE**

I hereby certify that the above and foregoing pleading has been served on Plaintiffs' Liaison Counsel, Russ Hermann, by e-mail and upon all parties by electronically uploading the same to LexisNexis File & Serve in accordance with Pre-Trial Order No. 6, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2047 on October 24 2012.

                __/s Eric B. Berger_____
                ERIC B. BERGER