**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| **IN RE: CHINESE-MANUFACTURED DRYWALL PRODUCTS LIABILITY LITIGATION** | **MDL NO. 2047** <br> **SECTION: L** <br> **JUDGE FALLON** <br> **MAG. JUDGE WILKINSON** |
| **THIS DOCUMENT RELATES TO:** <br><br> **ALL ACTIONS** | |

**CLASS COUNSEL'S OMNIBUS RESPONSE**
**TO THE BANDAS OBJECTORS' MOTION TO DISMISS OBJECTION**
**AND**
**RESPONSE TO MOTION FOR LEAVE TO CONDUCT DISCOVERY REGARDING**
**THE FAIRNESS OF PROPOSED CLASS ACTION SETTLEMENT**

I.      **INTRODUCTION**

Class Counsel are completely focused and engaged in efforts to address the approval of

the five inter-related settlements scheduled for a Final Fairness Hearing on November 13, 2012.

To this end, Class Counsel have been actively attempting to resolve a number of issues affecting

a favorable conclusion to the pending settlements, including, among other things, addressing

matters involving already remediated homes, negotiations involving the Second Amendment to

the INEX Settlement, and meeting and conferring with counsel whose clients have raised

concerns about the settlement by either objecting to or opting out of one or more of the

settlements. In contrast to these concerns, Class Counsel are embroiled in distraction because

they are obliged to address the frivolous objections raised by a professional objector, Christopher

A. Bandas, Esq., an attorney who lacks any interest in justice for the class. Rather, based on his

checkered history, he only wants to drop into the litigation at its closing moments and

obstreperously attempt to ransom the settlement and then vanish into the ether until his next

1

opportunistic objection.

Mr. Bandas purports to represent four objectors to the Global Settlement: Jan Petrus (on information and belief, Ms. Petrus is the office manager and legal assistant to Mr. Bandas)[1], Saul Soto (SHS Construction); Ronnie Garcia (Bay Area Contracting Construction, Inc.); and Ernest Vitela (E and E Construction Co.).[2]   These individuals or their alias companies waited until the last day of the opt-out period to raise boilerplate and improper objections to the settlement simply to extort a fee for Mr. Bandas.  Then, when asked to explain themselves through discovery, Mr. Bandas's office manager immediately moved to withdraw her objection.  *See* Jan Petrus' Motion to Dismiss Objection [Doc.  No. 15957]. The remaining Bandas Objectors simultaneously moved to obtain discovery of class counsel's time reports to challenge the request for a "40% contingency fee [that] would result in a fee award of $16,000,000.00 to Class Counsel" and the "Class Representative fee of one percent (1%)" for the "Class Representative (Mrs. Alice Hill)" from the "$40,000,000.00 dollar settlement fund" "reached between Class Counsel and Marathon."  *See* Bandas Objectors' Motion for Leave to Conduct Discovery Regarding the Fairness of Proposed Class Action Settlement at 2-3 [Doc. No. 15968].

But the Bandas objectors' lack of familiarity with the case is instantly apparent.  Namely, there has <u>never</u> been a request by Class Counsel for a 40% contingency fee, <u>nor</u> a 1% Class Representative fee, <u>nor</u> is there a Class Representative named Alice Hill, <u>nor</u> is there a $40 million settlement at issue between Class Counsel and Marathon Oil because there is no

---

[1]*See* http://www.bandaslawfirm.com/attorneys-staff/jan-petrus/ [Attached hereto as Exhibit "A"].

[2]Hereafter "Bandas" or "Bandas Objectors".

Marathon Oil defendant involved in any Chinese Drywall litigation in MDL 2047.   The Bandas Objectors simply adopted their boilerplate objections to another settlement![3]

Mr. Bandas' complete lack of respect for the delicate process in obtaining final approval of the several inter-related settlements that are before the Court warrants that these two motions be addressed with extreme prejudice.  While Class Counsel accept Ms. Petrus's withdrawal of her objection, it should not be without consequences to her or to her counsel/employer.  And, because the remaining Bandas Objectors's Motion for Discovery is so patently frivolous a Rule to Show Cause should issue against Mr. Bandas and his clients requiring them to appear before the Court to explain why sanctions should not be imposed.

## II.   **FACTUAL BACKGROUND**

### A.   **Mr. Bandas's History as a Serial, Professional Objector**

The several inter-related settlements before the Court have been widely discussed since the very first settlement with InEx beginning on May 13, 2011.  *See* Scheduling Order of October 16, 2012 at 6.[4]  Three months later on August 11, 2011, this Court preliminarily approved the Banner Settlement.[5]  Early this year on January 10, 2012, this Court granted

---

[3]*See* http://www.hillmarathonsettlement.com/.

[4]Rec. Doc. No. 8818.  Following preliminary approval, the parties amended the InEx Settlement Agreement to include an allocation committee and Homebuilders' Liaison Counsel Dorothy H. Wimberly as Co-Class Counsel.  The Court approved the substitution of the Amended InEx Settlement on February 24, 2012.  *See* Rec. Doc. No. 12587.

[5]Rec. Doc. No. 10064.  After the parties submitted their Joint Motion for Preliminary Approval of the Banner Settlement, but prior to its adjudication, the parties amended their agreement with Banner to include an allocation committee and the appointment of Homebuilders' Liaison Counsel Dorothy H. Wimberly as Co-Class Counsel.  *See id.*

preliminary approval to the Knauf Settlement.[6]  Then, on April 26, 2012, this Court preliminarily

approved the L&W Settlement.[7]  Finally, on May 31, 2012, the Court preliminarily approved the

Global Settlement.[8]

The Global Settlement notice has been widely disseminated.  The notice program

approved by this Court involved first class mailed notice to all class members that could be

identified using Plaintiff Profile forms or known to have CDW-related actions and their counsel.

Settlement Agreement §7.1.1.1 and 7.1.1.2.  In addition, numerous publications were used to

disperse the notice, which was also published in online media, and ultimately television was also

used to broadcast the notice nationally.  Global Settlement Agreement §7.1.1.3 - 7.1.1.12.

By Order of this Court the opt out and objection deadline for the Global Settlement

Agreement became September 28, 2012.  At the eleventh hour on that last day, Mr. Bandas

appears to have retained clients, his office manager and three other installers, to pursue

boilerplate objections.  These individuals and their alias companies have no claims existing in

any state court or the MDL, their objections are simply the same meritless objections to

---

[6]Rec. Doc. No. 12138.  Following preliminary approval of the Knauf Settlement and the preliminary approval of the L&W and Global Settlements, the parties amended the Knauf Agreement to clarify certain points raised by interested parties and to acknowledge the culmination of the L&W Settlement and the Global Settlement, which was a condition precedent to the Knauf Settlement.

[7]Rec. Doc. No. 14033.

[8]Rec. Doc. No. 14562.  Following preliminary approval of the Global Settlement, the parties amended their agreement to include additional Participating Defendants and Participating Insurers, which increased the settlement total by $2,784,000.  In the revision, a few Participating Defendants and Participating Insurers were deleted from the settlement, but this did not decrease the settlement total.  The final lists of Participating Defendants and Participating Insurers are attached to the Amended Global Settlement Agreement as Exhibits 1 & 2, respectively.  The Court approved the substitution of the Amended Global Settlement Agreement on August 22, 2012.  *See* Rec. Doc. No. 15734.

practically every settlement that Mr. Bandas has employed to attempt to extort attorneys fees for himself in his history as a professional objector.

An abbreviated history of Mr. Bandas' efforts to extract a fee for presenting baseless objections, that is by no means comprehensive, follows:

* *Brown v. Wal-Mart Stores, Inc.*, No. 01 L 85, Order Denying Objections to the Settlement and Fees and the Motion to Intervene and for Pro Hac Vice Admission at 2 (Ill. Cir. Ct. 14th Cir. Oct. 29, 2009)("**The Bandas Objection filed on behalf of Ms. Carlson is a generic boilerplate objection prepared and filed by attorneys working for their own personal benefit and not for the benefit of this Class or for those lawyers' clients. The record before the Court demonstrates that Bandas is a professional objector who is improperly attempting to "hijack" the settlement of this case from deserving class members and dedicated, hard working counsel, solely to coerce ill-gotten, inappropriate and unspecified "legal fees."**)(emphasis added).[9]

* *Mussman v. Wal-Mart Stores, Inc.*, No. LACV-27486, Order Regarding Terry Healy's Objection and Motion to Intervene at 12 (Iowa Dist. Ct., Clinton Cty. Oct. 13, 2009)("The Court has considered all of the materials and pleadings filed of record in this case, as well as related judicial rulings. As a result, **the Court concludes that attorney Christopher A. Bandas is a professional objector. The Court is concerned that attorney Bandas is seeking to wrongfully use the class action and objection process for personal gain, and without any corresponding benefit to any individual objector or the settlement class as a whole**.")(emphasis added).[10]

* *Ouellette v. Wal-Mart Stores, Inc.*, No. 67-01-CA-326, Order and Final Judgment Approving Settlement Between Class Plaintiffs and Wal-Mart Stores, Inc. at 5 (Fla. Cir. Ct., Washington Cty. Aug. 21, 2009)("**The Court finds that a lack of involvement and participation of the objectors and their counsel who were not present and a lack of involvement and participation of the attorneys that were present combined with their attempt to inject themselves at the last minute into this eight year litigation constitutes an effort to extort money from the class and/or class counsel**. The court struck the objections of ... Kevin Dimla (represented by Christopher Bandas and Stephen P. Santiago) ... for failure of proof, failure to demonstrate participation in the class action on behalf of the

---

[9]Attached hereto as Exhibit "B".

[10]Attached hereto as Exhibit "C".

class, and failure to appear at the fairness hearing.  Further, the Court finds that all of the objections ... have no substantive merit and the court overrules all of the objections on that additional ground.")(emphasis added).[11]

*   *Carter v. Wal-Mart Stores, Inc.*, No. 06-CP-I5-839, Order Denying Objections to Settlement Between Class Plaintiffs and Wal-Mart at 2 (S.C. Ct. Com Pleas, Colleton Cty. June 3, 2009) ("...**in spite of the fact that Mr. Bandas is a serial professional objector, I have reviewed and considered the Bandas objection on its merits. The Court finds that, for a plethora of reasons, the Bandas objection lacks substantive merit**.")(emphasis added).[12]

*   *Conroy v. 3M Corporation*, 2006 U.S. Dist. Lexis 96169, *11 (N.D. Cal. Aug. 10, 2006)(The Court found the objections of Mr. Bandas' clients to be "patently frivolous . . . [and] bore no particular relationship to the circumstances of the settlement" and imposed a $431,167 appeal bond requirement.  Mr. Bandas abandoned his appeal thereafter.).[13]

*   *Kevin Embry v. ACER America Corp.*, No. C 09-01808 JW, Order Granting Plaintiff's Motion for Reconsideration; Requiring Appellate Bond at 3 (N.D. Cal. July 31, 2012) (The court required Bandas to post an appeal bond of $70,650. In so ruling the court observed that, "the Court finds that the merits of the Objector's appeal weigh heavily in favor of requiring a bond, insofar as his objections to the settlement are lacking in merit. Objector Bandas makes no objection to the terms of the settlement itself, but objects only to attorney fees on the grounds that the documents provided in support of class counsel's request for fees were insufficient, and his contention that the quick-pay provision of the settlement agreement created a conflict between class counsel and members of he class. However, the Court carefully considered each of these objections and overruled them prior to approving the settlement.").[14]

*   *In re: Cathode Ray Tube (CRT) Antitrust Litigation*, Master File No. CV-07-5944-SC, Order Granting Final Approval of Settlement with Chunghwa Picture Tubes, Ltd. at ¶7  (N.D. Cal. March 22, 2012)(overruling the objection of Mr. Bandas' objector, Sean Hull, for having "failed to submit proof or otherwise establish that he is a member of the Class, and therefore lacks standing to

---

[11]Attached hereto as Exhibit "D".

[12]Attached hereto as Exhibit "E".

[13]Attached hereto as Exhibit "F".

[14]Attached hereto as Exhibit "G".

challenge the Settlement.").[15]

&ast;    *In Re: Wal-Mart Wage and Hour Employment Practices Litig.*, MDL No. 1735, Order at 2-3 (D.Nev. March 8, 2010)(Order denying imposition of sanctions but imposing a bond of $500,000 per objector based upon the court's finding "that the objections are not supported by law or the facts and are indeed meritless" . . . "The Court will not adopt the pejorative characterization of counsel for Objectors advanced by Plaintiffs' co-lead class counsel, but does find on the basis of the briefs submitted that Objectors' counsel have a documented history of filing notices of appeal from orders approving other class actions, and thereafter dismissing said appeals when they and their clients were compensated by the settling class or counsel for the settling class.").[16]

Apparently, Mr. Bandas continues his *modus operandi* in this litigation.

**B.    Mr. Bandas' Ongoing Efforts to Extort Attorneys'
Fees Persist In the Guise of Ms. Petrus' Objection**

Notwithstanding his checkered history of filing frivolous and baseless objections

intended for personal profit, Mr. Bandas appears bent on surpassing his record of infamy in this

litigation.  To begin, he presented his law firm's office manager and legal assistant, Ms. Petrus,

to lead the charge of objectors he gathered together on September 28, 2012 to challenge the

Global Settlement.[17]  In her Affidavit, Ms. Petrus noted that prior to 2010 she gave cash to her

---

[15]Attached hereto as Exhibit "H".

[16]Attached hereto as Exhibit "I".

[17]Mr. Bandas has previously employed Ms. Petrus or her son (Aaron) to pursue his profligate cottage industry as a professional objector.  *See Vereen v. Lowe's Home Centers, Inc., SU-10-CV-2267B (Ga.Super.Ct., Muscogee Cty. Jan. 12, 2012),* where Mr. Bandas through Ms. Petrus objected to that CDW settlement involving Lowe's, appealed the final approval order, then dismissed her appeal.  Based upon information and belief, Mr. Bandas and Ms. Petrus entered into a confidential settlement that involved a payment of attorneys fees to Mr. Bandas in exchange for abandoning his client's objection.  *See also Closson v. Bank of America*, Notice of Appeal, Case No. CGC-04-436877 (Cal.Super.Ct. July 16, 2009)(both Jan Petrus and Aaron Petrus objected to the settlement)[Attached hereto as Exhibit "J"]; *Sullivan v. DB Investments, Inc.*, 667 F.3d 273 (3d Cir. 2011)(en banc)(repeatedly disagreeing with the objections raised by Aaron Petrus). Obviously, procuring an employee to pursue objections to class actions is rife

(continued...)

unnamed handyman who in turn used that cash to buy drywall at Lowe's which was then installed in her home. [Doc 15859-1]. Ms. Petrus affided that she was a class member in the Global Settlement based upon this presence of Lowe's drywall in her home. *Id.* Lowe's, however, is not a Participating Defendant in the Global Settlement. Nor does Ms. Petrus have a claim against Lowe's due to the Release and Injunction provisions of the class action Settlement Agreement Lowe's had obtained in *Vereen* barring such claims.[18] Both Mr. Bandas and Ms. Petrus are intimately familiar with the terms of this settlement since Ms. Petrus had objected to the Lowe's Settlement and withdrew her objection after her and Mr. Bandas' successful extortion efforts.[19]

After receiving the Bandas Objectors' Objection to Class Action Settlement and Award of Attorneys' Fees and Expenses [Doc. No. 15859], Class Counsel immediately promulgated written discovery upon the Bandas Objectors. Class Counsel's First set of Interrogatories and Requests for Production of Document were served on October 4, 2012. A Second Set of

---

[17](...continued)
with conflicts of interest and ethical trespasses. *See generally Kramer v. Scientific Control Corp.*, 534 F.2d 1085, 1092 (3d Cir. 1976)("Thus, if one concludes, as we do, that an appearance of impropriety, at a minimum, ensues when an attorney class representative also serves as counsel for a class that may benefit from an equitable fund, substituting a partner as counsel will not suffice as an antidote. If we are to provide force and vigor to Canon 9, a prophylactic rule prohibiting appointment of a partner as counsel is mandated in such circumstances. What we have said concerning substitution of a partner of the attorney-class representative applies equally to substitution of an attorney-employee or office associate as counsel.").

[18]*See Vereen v. Lowe's Home Centers, Inc.,* SU-10-CV-2267B, Class Action Settlement Agreement and Release §13 (Ga.Super.Ct., Muscogee Cty.)[Attached hereto as Exhibit "K"].

[19]*See* May 27, 2011 Objection of Jan Petrus [Attached hereto as Exhibit "L"]; Petrus's Dismissal of Notice of Appeal (filed April 13, 2011)[Attached hereto as Exhibit "M"]. To the extent that there exists a confidential Settlement Agreement between Mr. Bandas and Ms. Petrus and the class proponents in the *Vereen* action, concealing such an agreement would not be permissible under Fed.R.Civ.P. 23(e)(3).

Requests for Production of Documents was served on October 10, 2012.[20]

Not coincidentally, after Class Counsel issued its written discovery upon Ms. Petrus that requested documents pertaining to her confidential settlement in *Vereen*, Mr. Bandas's motion to withdraw her objection in this case was filed [Doc. No. 15957].  Therein, we are told that Ms. Petrus seeks to withdraw her objection for "personal reasons".  Without further explanation upon cross-examination, Class Counsel can only surmise that  Mr. Bandas and Ms. Petrus have submitted frivolous papers in this Court for an improper purpose that needlessly increased the cost of litigation.  Such contumacious practice on the part of Mr. Bandas and/or Ms. Petrus is immediately subject to a rule to show cause as to why sanctions should not be imposed.  *See* Fed.R.Civ.P. 11 (c)(3).

### C.    The Remaining Bandas Objectors Discovery is Irrelevant and Intended to Unreasonably and Vexatiously Multiply the Costs of Litigation

On October 9, 2012, Mr. Bandas advised Plaintiffs' Lead and Liaison Counsel that he would agree to allow the objectors to be subjected to discovery provided that the objectors were not obliged to answer written discovery while Mr. Bandas was out of the country between October 19-28, 2012.[21]  Plaintiffs' Liaison Counsel confirmed and expanded the agreement between the Bandas Objectors and Class Counsel by letter dated October 9, 2012, wherein all parties agreed that disputes would be presented to the Court "on an expedited basis."[22]  But as

---

[20]Ms. Petrus only responded to Class Counsel's first set of written discovery.  Her responses were merely objections that refused to provide substantive answers on the ground that no answer is required "since objector has filed a motion to dismiss."  [Doc Nos. 15962 & 15967].

[21]*See* Letter of Christopher A. Bandas (Oct. 9, 2012) [Exhibit "N"].

[22]*See* Letter of Leonard A. Davis (Oct. 9, 2012) [Exhibit "O"].

Mr. Bandas claims to have left the country (a matter that has now been called into question),[23] he

filed a motion for leave to obtain discovery of Class Counsel and Class Plaintiffs.  This

discovery is unreasonable in both scope and design.  From beginning to end it seeks irrelevant

materials:

1.  All documents constituting time records of each Class Counsel maintained in the above-captioned lawsuit. This request seeks all drafts of any time records and all documents recording changes (that is, any additions and/or deletions to any time record.

2.  All emails attaching time records (including but not limited to draft or non-final time records) of any Class Counsel maintained in the above-captioned case.

3.  All ESI constituting or relating to time records(including but not limited to draft or non-final time records) of each Class Counsel in the above-captioned case, including all meta-data and all other information necessary to indicate the precise time and date of each piece of data or information was recorded and/or modified and/or deleted.

4.  All documents constituting written communications attaching time records or mentioning or discussing time records.

5.  All agreements and communications between and among Class Counsel pertaining to or mentioning the division of attorneys' fees.

6.  All documents constituting communications between and among Class Counsel pertaining to any objector or objector's counsel.

7.  For any case in which Class Counsel has sought written discovery (requests for production, interrogatories or requests for admission) from an objector and/or sought to take an objector's deposition, please produce:

a.  all objections, answers and responses to such written discovery;

b.  all deposition transcripts of objectors' depositions;

c.  all court orders from a trial or district court pertaining to or mentioning such discovery; and

---

[23]*See* Letter of Christopher A. Bandas (Oct. 22, 2012) [Exhibit "P"].

        d.  all appellate briefs filed that incorporate any such discovery
           answers, responses or deposition testimony.

Class Counsel submit that the time records they regularly submit to Mr. Garrett, the court-appointed CPA, are irrelevant to the propriety of the Global settlement as no fee award is immediately presented by this settlement.  Also, communications between and amongst Class Counsel pertaining to objectors are plainly subject to the work-product privilege.  Further, written discovery obtained by class counsel in other unrelated litigation is so far away removed from material that is likely to lead to admissible evidence as to be harassing and vexatiously intended to increase the cost of litigation.

**III.**      <u>**ARGUMENT**</u>

        **A.**     **Ms. Petrus Should Only Be Permitted to Withdraw Her**
              **Objection After Providing Complete Responses to Class**
              <u>**Counsel's Written Discovery and Submitting to a Deposition**</u>

After providing boiler-plate objections to the Global Settlement which compelled Class Counsel to prepare and serve Ms. Petrus with written discovery, she now seeks to withdraw her objection for "personal reasons."  Fed.R.Civ.P. 23(e)(5) provides that "the objection may be withdrawn only with the court's approval."  Class counsel are willing to accept the withdrawal of Ms. Petrus's objection but to ensure compliance with Fed.R.Civ.P. 23(e)(3) that no improper side-agreements exist in this litigation, we submit that the withdrawal should be conditioned upon her providing complete responses to Class Counsel's written discovery (without objection) and submitting to a deposition.[24]

---

[24]Just as Class Counsel were preparing to file the instant response, we received Ernest Vitela's Motion to Dismiss Objection [Doc. No. 15979].  Class Counsel attempted to have a subpoena served upon Mr. Vitela to have him appear at his deposition noticed for November 1,
(continued...)

Further, because Ms. Petrus's objection is patently frivolous given her participation in the *Vereen* settlement and the associated injunction barring further claims in that case and the fact that Lowe's is not a Participating Defendant in the Global Settlement, the filing of an objection in this action by Ms. Petrus and Mr. Bandas constituted a clear violation of both Fed.R.Civ.P. 11 and 28 U.S.C. §1927.  An appropriate sanction should be imposed for needlessly multiplying the expenses in this litigation.  Class Counsel have gone to the burden and expense of preparing discovery, service of a deposition subpoena upon Mr. Bandas and Ms. Petrus, and preparation for their depositions.  At a minimum, sanctions should be imposed upon Ms. Petrus and her employer/counsel requiring them to provide complete responses to Class Counsel's written discovery (without objection) and Ms. Petrus should be ordered to provide testimony at the deposition noticed by agreement for November 1, 2012.

### B. The Bandas Objectors' Motion for Leave to Obtain Discovery of Class Counsel and Class Plaintiffs Is Sanctionable

---

[24](...continued)

2012.  Our process server appeared at Mr. Vitella's home last night but was told by Mr. Vitella's wife that he gets home very late and leaves for work around 8 am.   When our process server appeared this morning at 7:15 am, Mr. Vitella's wife informed him that Mr. Vitella had already left for work.  Now, Mr. Vitela appears to suffer from the same "personal reasons" for seeking to dismiss his objection.  He too should have his motion to dismiss objection granted subject to the same conditions as Ms. Petrus.

Service of deposition subpoenas has also proven to be problematic for Mr. Banda's client, Ronnie Garcia.  Mr. Garcia affided to be objecting for himself and also on behalf of Bay Area Contracting Construction, Inc., with an address at 3902 S. Port Avenue, Corpus Christi, Texas. [Doc. No. 15859-3].  However, our server has been unable to find either Mr. Garcia or Bay Area Construction, Inc. at that address, which is now a vacant commercial building.  Efforts to serve Mr. Garcia at the address on his Texas Driver License, which accompanied his affidavit, have also been fruitless as he no longer resides at that address.  Having been provided two stale addresses, Class Counsel are still endeavoring to locate Mr. Bandas's phantom client.

The Bandas Objectors' motion for leave to obtain discovery of Class Counsel and class plaintiffs is baseless.  As set forth above, the motion addresses a different settlement involving Marathon Oil, which settlement was approved over Mr. Bandas' objection on October 3, 2012. *See Hill v. Marathon Oil Company*, Civ No. CIV-08-37-R, Final Order and Judgment Approving Class Action Settlement and Dismissing Action with Prejudice (W.D.Okl. Oct. 3, 2012).  *See* http://hillmarathonsettlement.com/LinkClick.aspx?fileticket=rxwM1SXyxBc%3d&tabid=81&mid=445. The Bandas Objectors' observations and objections to the free-sailing provision in that case are inapposite to this litigation.  Obviously, the Bandas Objectors quickly cobbled together a make-weight motion simply to annoy and harass Class Counsel and then purports to have quickly left the country.  Such a motion is sanctionable under 28 U.S.C. §1927.[25]  Section 1927 provides:

> Any attorney or other person admitted to conduct cases in any court of the United States or any Territory thereof who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct.

Because Mr. Bandas has needlessly multiplied these proceedings with baseless motion practice and irrelevant discovery for Class counsel, sanctions should be imposed.

---

[25]In this regard, Justice Antonin Scalia was prophetic in recognizing the ulterior motives that animate professional objectors.  *See Devlin v. Scarledetti*, 536 U.S. 1, 23 n.5 (2002)(Scalia, J., dissenting)("The Court assures us that these appeals will be "few" because, like the objections on which they are based, they are "irrational." *Ante*, at 2012. To say that the substance of an objection (and of the corresponding appeal) is irrational is not to say that it is irrational to make the objection and file the appeal. *See Shaw*, 91 F.Supp.2d, at 973–974, and n. 18 (noting " 'canned' objections filed by professional objectors who seek out class actions to simply extract a fee by lodging generic, unhelpful protests"). The Court cites nothing to support its sunny surmise that the appeals will be few.").  The Bandas Objections in this case are a paradigm of the profligacy Justice Scalia was referencing.

13

### C.      A Rule to Show Cause Should Issue Upon Mr. Bandas and the Bandas Objectors

Given his history of filing frivolous and wasteful objections, Class Counsel submit that Mr. Bandas and his clients should be required to appear before the Court and show cause why their objections should not be stricken and sanctions imposed. The Court's October 16, 2012 Scheduling Order contemplates that objectors may argue to the Court at the Final Fairness Hearing.  Mr. Bandas and his clients should be compelled to appear before the Court to show cause why their actions to date should not be sanctioned and their objections stricken.

### IV.    CONCLUSION

For the reasons set forth above, Class counsel respectfully request that the Bandas Objectors' Motion to Dismiss Objection should be GRANTED with the conditions set forth above, that the Bandas Objectors' Motion for Leave to Conduct Discovery Regarding the Fairness of Proposed Class Action Settlement should be DENIED, and that a Rule to Show Cause Why the Bandas Objectors Should Not be Sanctioned should issue.

Respectfully submitted,


Dated: October 24, 2012          /s/ Russ M. Herman
                                 Russ M. Herman, Esquire (Bar No. 6819)
                                 Leonard A. Davis, Esquire (Bar No. 14190)
                                 Stephen J. Herman, Esquire (Bar No. 23129)
                                 HERMAN, HERMAN & KATZ, LLP
                                 820 O'Keefe Avenue
                                 New Orleans, LA 70113
                                 Phone: (504) 581-4892
                                 Fax: (504) 561-6024
                                 Ldavis@hhklawfirm.com
                                 *Plaintiffs' Liaison Counsel in MDL 2047
                                 and Class Counsel*

                                 Arnold Levin (On the Brief)
                                 Fred S. Longer (On the Brief)
                                 Sandra L. Duggan (On the Brief)
                                 Matthew C. Gaughan (On the Brief)
                                 LEVIN, FISHBEIN, SEDRAN & BERMAN
                                 510 Walnut Street, Suite 500
                                 Philadelphia, PA 19106
                                 Phone: (215) 592-1500
                                 Fax: (215) 592-4663
                                 Alevin@lfsblaw.com
                                 *Plaintiffs' Lead Counsel in MDL 2047
                                 and Class Counsel*

15

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that the above and foregoing Class Counsel's Omnibus Response to the Bandas Objectors' Motion to Dismiss Objection and Motion for Leave to Conduct Discovery Regarding the Fairness of Proposed Class Action Settlement has been served on Defendants' Liaison Counsel, Kerry Miller, by e-mail and upon all parties by electronically uploading the same to LexisNexis File & Serve in accordance with Pre-Trial Order No. 6, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2047 on this 24th day of October, 2012.

/s/ Leonard A. Davis
Leonard A. Davis, Esquire
Herman, Herman & Katz, L.L.C.
820 O'Keefe Avenue
New Orleans, Louisiana 70113
Phone: (504) 581-4892
Fax: (504) 561-6024
Ldavis@hhklawfirm.com
*Plaintiffs' Liaison Counsel*
*MDL 2047*
*Co-counsel for Plaintiffs*

16