# EXHIBIT C

## IOWA DISTRICT COURT IN AND FOR CLINTON COUNTY

| | |
|---|---|
| **SALLY MUSSMANN and RHONDA HARMON**, on behalf of herself and all others similarly situated, | |
| **Plaintiff,** | **Case No: LACV-27486** |
| vs. | |
| **WAL-MART STORES, INC., a Delaware corporation, THOMAS MEYER, an Iowa residence; KEVIN CONNELL, and an Iowa residence; and DOES 1 through 100,** | |
| **Defendants.** | |

FILED

2009 OCT 13  AM 10: 26

MARILYN K. HUFF
CLERK DISTRICT COURT
CLINTON COUNTY IOWA

### ORDER REGARDING TERRY HEALY'S OBJECTION

### AND MOTION TO INTERVENE

This Court is presented with the Objection to Class Settlement and Application for

Attorneys' Fees and Expenses and Motion to Intervene (hereinafter separately referred to as

either the "Objection" and/or "Motion to Intervene", as appropriate, or as the "pleading"

collectively) submitted *pro se* by Terry Healy, a class member, in connection with the proposed

settlement of the above-captioned class action. The Motion to Intervene was set for hearing on

October 6, 2009. Mr. Healy did not appear either in person or through counsel. Plaintiffs were

represented by attorneys Catherine Cartee, Joseph Gunderson, Gerald Bader and Rodney

Bridgers. Defendants were represented by attorney Naomi Beer.

Plaintiffs filed a brief in opposition to the Motion to Intervene, as well as the Affidavit of

Rodney Bridgers, Jr., the "Order and Final Judgment Approving Settlement Between Class

Plaintiffs and Wal-mart Stores, Inc." in *Debra Ouellette, et. al v. Wal-mart Stores*, Inc., Case No.

1

67-01-CA-326 (Circuit Court for Washington County, Florida), filed August 21, 2009. (the

"*Ouellette* Order"), and a copy of the transcript of the deposition of Terry Healy taken October 2,

2009. Also on October 5, 2009, Plaintiffs filed a brief, exhibits and affidavits in support of final

settlement approval that addressed, in part, the issues relevant to this hearing.

Having considered the briefing on the pending Motion to Intervene, as well as the

contents of the court file and arguments and evidence presented by counsel, the Court FINDS

AND ORDERS that Mr. Healy's Objection to Class Settlement and Application for Attorneys'

Fees and Expenses and Motion to Intervene is hereby withdrawn by Mr. Healy or otherwise

denied or struck, and that Mr. Healy's Motion to Intervene is hereby deemed moot or otherwise

denied or struck.

## FINDING OF FACTS

### Procedural Background

1.     A final fairness hearing is scheduled for October 13, 2009, regarding the proposed class

action settlement in this lawsuit.

2.     Mr. Healy's pleading seeking to intervene and object was submitted on September 21,

2009, the final day for submission of objections under the Preliminary Approval Order issued in

this lawsuit.

3.     Mr. Healy's pleading was submitted *pro se*, but did reflect that he had consulted with, but

had not hired a lawyer, in connection with the submission of the pleading. Specifically, Mr.

Healy's pleading provides in pertinent part (Ex. 1 at 3):

> I consulted with an attorney with regard to filing this objection, but that attorney is not
> representing me on this pleading and I do not have an engagement agreement, either
> written or verbal, with that attorney.

2

4.     Plaintiffs' counsel sought and received a hearing date regarding Mr. Healy's Motion to Intervene, set for October 6, 2009, and on September 25, 2009 that notice of hearing was served by a process server upon Mr. Healy together with his subpoena for a deposition.  (The proof of service has been filed with the court.)

5.     Plaintiffs' counsel subpoenaed Mr. Healy to appear and testify for his deposition in Dubuque, Iowa on October 2, 2009.  Mr. Healy appeared and gave testimony at that time. Appropriate portions of that transcript are cited below (i.e., "Ex. 1 at ____.").

### Background of Terry Healy and the Submission of his Pleading

6.     As more particularly described below, Mr. Healy became involved in this lawsuit after being contacted by attorney Jim Roth at the request of Texas attorney Christopher Bandas. Attorney Bandas has filed objections in other similar lawsuits filed in other states.  Mr. Bandas is a professional objector counsel.  Mr. Healy did not seek contact from attorneys Roth or Bandas, but instead was asked to participate in his objection and motion to intervene by these attorneys. Mr. Healy never sought legal advice from attorneys Roth or Bandas with regard to this lawsuit.

7.     The role and contacts with attorney Jim Roth and attorney Christopher Bandas are set forth as follows in a preliminary statement by attorney Bridgers at the beginning of Mr. Healy's deposition (Ex. 1 at 3-5):

> Ms. Cartee was contacted yesterday (October 1, 2009) by an attorney, and I believe his name is Jim Roth...about the deposition today, stating that he was representing Mr. Healy and that he would like to participate today in this deposition by telephone.  Mr. Cartee then gave Mr. Roth my information, my phone number.  I then called Mr. Roth yesterday, left a message on his phone, received no return call.  Today at 10:00 the deposition was noticed to begin.  Mr. Healy was present...and I on behalf of the Plaintiffs...We had not heard from Mr. Roth or any other attorney claiming to represent Mr. Healy.  I then called Mr. Roth again and left a message at 10:05 advising him we were going to wait another five or ten minutes before proceeding with this deposition to give him an opportunity to participate.  I also note for the record that no attorney has filed an entry of appearance on Mr. Healy's behalf, and Mr. Healy's Pleading objecting to the

3

proposed settlement was done in a pro se fashion. Instead of waiting five minutes we did wait ten additional minutes for Mr. Roth to call. In addition to Mr. Roth, our offices, meaning the office of Franklin D. Azar & Associates were contacted yesterday by a Texas lawyer claiming to be in contact with Christopher Bandas, another Texas lawyer, Mr. Bandas claiming to represent Mr. Healy in this matter. No direct communications with Mr. Bandas were undertaken. All communications were through Mr. Bandas's claimed intermediary. Our office was asked to postpone the deposition today, because Mr. Bandas would attend the deposition and wanted instead of attending Mr. Healy's deposition today to meet with the Plaintiffs' counsel in the Florida Wal-Mart class action regarding the objection Mr. Bandas was instrumental in having filed there on behalf of Claimants in Florida he contended he represented. We advised the intermediary who then advised Mr. Bandas that we were unwilling to postpone today's deposition. We were told in that case Mr. Bandas was cancelling the meeting with the Florida class counsel so he could attend Mr. Healy's deposition here today in Dubuque. Neither Mr. Bandas nor Mr. Roth are present, and Mr. Roth and Mr. Bandas have not called in, and so at this point in time, having waited now 20 minutes after the deposition was duly noticed to commence, we are going to proceed with Mr. Healy's deposition.

8.      Mr. Healy had previously been represented by Dubuque, Iowa attorney Jim Roth in connection with a worker's compensation claim. Ex. 1 at 9.

9.      Mr. Roth is the first attorney Mr. Healy talked to about this lawsuit. Ex. 1 at 10 and 12. Mr. Roth is the attorney Mr. Healy references "having talked to, but not hired in (his) Pleading that (he) filed in the Court case objecting to the settlement." Ex. 1 at 10. Attorney Roth wanted Healy to file an objection to the proposed settlement in this lawsuit. Ex. 1 at 12. Mr. Healy was "shocked to hear from (Mr. Roth)" in a phone call that lasted about 10 minutes. Ex. 1 at 13. Mr. Roth called Mr. Healy "up out of the blue." Ex. 1 at 14. Mr. Healy thought he might have done something wrong upon hearing from attorney Roth. Ex 1 at 14. Mr. Roth "wanted (Mr. Healy) to file an objection in the case…" Ex. 1 at 11 and 12-13. Mr. Healy signed the objection provided by Mr. Roth in his office. Ex. 1 at 12 and 14. Mr. Roth "…put the idea in (Mr. Healy's) head that (he was) not getting something (he was) entitled to." Ex. 1 at 15.

Q:  And did he tell you why you weren't getting something or how you weren't getting something to which you were entitled?
A:  No. not specifically, no.

4

Q. Did you ask him?

A. No. I didn't understand it. I'm assuming he knows it. I just took for granted he knows what he's talking about, move on.

Q. Did he (Mr. Roth) tell you he knew anything about the case?

A: No.

Q: Did he tell you how it came to his attention?

A: Mr. Bandas.

Q: So you knew from the first conversation that Mr. Bandas was behind this?

A: Yeah, after I talked with Jim Roth, sure.

Ex. 1 at 15.

10.   Mr. Healy did not hire Mr. Roth and didn't promise Mr. Roth anything. Ex. 1 at 10-11. Mr. Healy did not seek legal advice from Mr. Roth "pertaining to the Wal-Mart matter". Ex. 1 at 11. Mr. Healy is not paying Mr. Roth and Mr. Roth did not tell Mr. Healy what Mr. Roth was going to get out of this. Ex. 1 at 18.

11.   Mr. Healy knew from the first conversation with Mr. Roth that "Mr. Bandas was behind this" and that "Mr. Bandas was doing this all across the country." Ex. 1 at 14-15. Mr. Healy does not know how Mr. Roth knew Mr. Bandas. Ex. 1 at 15.

12.   Mr. Healy tried to call Mr. Roth the morning of his deposition (October 2, 2009). Ex. 1 at 16. Mr. Roth did not return Mr. Healy's call. Ex. 1 at 16. Mr. Healy was present when attorney Bridgers called and left a message for Mr. Roth before the start of the deposition as reflected above. Ex. 1 at 16.

13.   Mr. Healy talked to attorney Chris Bandas by phone on October 1, 2009. Ex. 1 at 10 and

14.   Mr. Healy did not hire attorney Bandas previously or as a result of that conversation. Ex. 1 at 10-11. Mr. Healy did not seek legal advice from attorney Bandas; "[t]hey called me." Ex. 1 at 11. Mr. Healy is not paying Mr. Bandas and Mr. Bandas did not tell Mr. Healy what Mr. Bandas was going to get out of this. Ex. 1 at 18.

14.     Neither attorney Bandas, nor attorney Roth advised Mr. Healy that attorney Bandas had

been found by a Florida court in the *Ouellette* Order to be engaging in a conspiracy with his

clients and co-counsel to extort money from class members and class counsel, through a similar

practice of objecting to the proposed settlement in the Florida Wal-Mart lawsuit.  Attorney

Bridgers marked as Deposition Exhibit 1 (hereinafter referred to as "Healy Dep. Ex. A"), the

"Order and Final Judgment Approving Settlement Between Class Plaintiffs and Wal-mart Stores,

Inc." in *Debra Ouellette, et. al v. Wal-mart Stores*, Inc., Case No. 67-01-CA-326 (Circuit Court

for Washington County, Florida), filed August 21, 2009 (the "*Ouellette* Order").  Ex. 1 at 16. [1]

15.     The *Ouellette* Order provides in pertinent part:

> 19.  The court finds that out of 545,814 class members there were only eleven objections
> timely filed with the Court.  Eight were filed by six attorneys on behalf of eight
> individuals.  No objectors appeared in person at the final fairness hearing.  Two
> attorneys appeared representing four of the objectors... ***The Court finds that all of
> the objections filed against the settlement of this case were all generic boilerplate
> objections prepared and filed by a group of attorneys who the Court finds have
> been working through collusion for their own benefit and not for the benefit of this
> class or their clients.***

> 20.  ***The Court finds that a lack of involvement and participation of the objectors and
> their counsel who were not present and a lack of involvement and participation of
> the attorneys that were present combined with their attempt to inject themselves at
> the last minute into this eight year litigation constitutes an effort to extort money
> from the class and/or class counsel.***  The court ***struck the objections*** of...Kevin
> Dimla (***represented by*** <u>***Christopher Bandas***</u> and Stephen P. Santiago)...for failure of
> proof, failure to demonstrate participation in the class action on behalf of the class,
> and failure to appear at the fairness hearing...

Healy Dep. Ex. A at 5 (emphasis added).

---

[1]     The Court takes judicial notice, pursuant to *In re Estate of Allen*, 239 N.W.2d 163, 168-
169 (Iowa 1976) and the arguments and facts set forth in Plaintiffs' Memorandum in Opposition
to Healy's Motion to Intervene (or in the Alternative, Plaintiffs' Motion to Strike Healy's
Motion), of the *Ouellette* Order, Healy Dep. Ex. A.  *See* Ex. 1 at 17-19.  *See also* Affidavit of
Rodney Bridgers, Jr. at 4.

16.     Attorney Bridgers read into the deposition record applicable portions of paragraphs 19 and 20 of the *Ouellette Order*, Healy Dep. Ex. A. Ex. 1 at 17-18. Mr. Healy has no doubt in his mind that the *Ouellette* Court, when they are talking about extortion of money by these attorneys, includes the action of Christopher Bandas. Ex. 1 at 18-19. Mr. Healy then wanted to stop the deposition, "because I think this is a farce. You know what, you made a real strong point and I have to take your word. It's right here, so I can't dispute this. But the fact is neither one of these two attorneys are willing to intercede on my behalf here, and there's something wrong with that. I'm sorry. So you know, you can bother someone else. I really don't care." Ex. 1 at 19.

17.     As a result, Mr. Healy withdraws his objection with prejudice to re-file, which means "(he) can't change (his) mind and file it later…" Ex. 1 at 20.

> Q:  …I apologize for taking up your time today.
> A:  Also I do too. I mean this is—I can't believe this. I mean I didn't ask for this. I was told I wouldn't have to do this at all. I was of the understanding I wouldn't have to give a deposition. That's a lie right there.
> Q:  Absolutely.
> A:  And now, you know, I'm here and neither one of these are available to help me out here. I'm not stupid, come on, and I don't really care, because I have got more important things to do. I've got a life too. I don't really need this. So absolutely I don't want no more to with this.

Ex. 1 at 20-21.

### Attorney Christopher Bandas Background With Wal-Mart Class Settlements Across the Nation

18.     Texas attorney, Christopher Bandas, has filed objections, usually through one class member per state, in South Carolina, Illinois, Missouri, and Florida, in similar wage and hour class actions against Wal-Mart that are all the subject of proposed class action settlements. Bridgers Aff. at 1.

19.     Plaintiffs' attorney Bridgers in this lawsuit also served as Co-Class Counsel in the South Carolina and Florida Wal-Mart class action wage and hour cases.  In South Carolina, attorney Bandas filed an objection and motion to intervene on behalf of a class member with the assistance of local counsel named Gasper Barr, III.  In South Carolina, attorney Bandas represented to the court that he had a pending motion for admission *pro hac vice* when, in fact, no such motion had been or ever was filed.  Attorney Bandas' objection was said to attach exhibits when, in fact, no exhibits were filed.  Neither attorney Bandas, nor Mr. Barr or their client objector appeared at the South Carolina Final Fairness Hearing.  Judge Perry Buckner denied the objection and motion to intervene filed by attorney Bandas.  Finally, attorney Bandas filed a notice of appeal three weeks late while still failing to file a *pro hac vice* motion.  Bridgers Aff. at 3.

20.     In the Missouri Wal-Mart lawsuit, attorney Bandas' local counsel appeared at the final fairness hearing but only to withdraw as counsel due to the fact that he could not in "good conscience….continue to work toward the strategic objectives outlined…by Mr. Bandas."  Judge Midkiff entered separate orders nullifying the Bandas objection and denying his motion for admission *pro hac vice*.  This did not dissuade attorney Bandas as he filed his Notice of Appeal (with new local counsel) on July 2, 2009.  Bridgers Aff. at 3.

21.     Terry Healy's "canned" objection in this matter closely resembles the numerous other objections filed by attorney Bandas in other jurisdictions where Wal-Mart settlements have been finally approved, including South Carolina, Florida and Missouri.  The consistency of attorney Bandas' errors and the similarity between attorney Bandas' objections across different cases demonstrates the canned nature of the objection and reveals attorney Bandas' true motives.  Bridgers Aff. at 4-5.

8

22.    Attorney Bandas has a history as a professional objector:

- In *Lobo Exploration Co. et al. v. Amer. Prod. Co.*, attorney Bandas attempted to object to a settlement even though his "client" was not a member of the class. In *In re: Dynamic Random Access Memory Antitrust Litigation* filed in the Northern District of California, attorney Bandas withdrew his objection after "further investigation," which revealed that attorney Bandas wholly failed to adhere to his Rule 11 obligations to thoroughly investigate his client's claims before injecting him. Bridgers Aff. at 6.

- In Miller County, Arkansas, attorney Bandas filed a canned objection in *Lane's Gifts and Collectibles, LLC v. Yahoo! Inc.* The court denied the objection. Attorney Bandas then appealed, but he withdrew the appeal 48 hours later. Bridgers Aff. at 6.

- In *Conroy v. 3M Corp.* in the U.S. District Court for the Northern District of California, attorney Bandas submitted an objection that was "unfounded, and . . . unlikely to succeed." No. C 00-2810 CW, 2006 U.S. Dist. LEXIS 96169, at *10-11 (N.D. Cal. Aug. 10, 2006) (Tab 11). Further, the "objections were patently frivolous . . . [and] bore no particular relationship to the circumstances of the settlement . . . ." *Id.* at *11. As a result, the court ordered attorney Bandas to post a $431,000 bond to pursue an appeal of the objection. *Id.* Not surprisingly, attorney Bandas abandoned the appeal. Bridgers Aff. at 6.

- Most recently, in March 2009, attorney Bandas withdrew an objection to a proposed settlement he filed in a class action pending in Oklahoma, *Sacket v. Great Plains Pipeline Co, et al.* The withdrawal came only after counsel for the class vehemently opposed the objection, highlighting attorney Bandas' history of filing canned objections at the last moment in an effort to extort attorneys' fees. Bridgers Aff. at 5.

## LEGAL ANALYSIS

### I.    Professional Objectors and Canned Objections to Class Action Settlements

23.    Class members are entitled to object to settlements. The rules permit objections to be heard at the final fairness hearing. This serves the purpose of preventing collusive settlements between class counsel and defense counsel under circumstances where class counsel obtains a non-litigated and exorbitant fee at the expense of the Class. Theoretically, in those circumstances, an objector may advance the interest of the class and serves as a check to an inappropriate class settlement.

9

24.     Commentators and case law demonstrate that sometimes the theoretical bases for considering settlement objections is thwarted by "professional objectors" seeking to manipulate the objection process to garner unearned and unwarranted fees and payments. It is obvious here that the attorneys initiating Mr. Healy's objection expended minimal time and resources, by filing a "canned" objection to the proposed settlement and then not participating or appearing in any formal sense. In those circumstances, the merits of the objection appear to be of little consequence to the professional objector; causing delay in the settlement process generates their fees and payments, not proving to the trial court that the proposed settlement is inappropriate. The hardship the professional objector seeks to impose is accomplished upon appeal of the trial court's denial of the objection. This creates the lever that the class settlement funds will be placed in limbo sometimes for years, rather than being paid to class members and class counsel in accordance with the court approved settlement. Upon filing the notice of appeal, the professional objector simply waits for class counsel to succumb to the pressure and pay the extorted fees in return for dismissing the appeal and releasing the settlement funds.

25.     The negative impact of professional objectors is frequently and specifically described in class action literature and case law. Professional objectors:

> can appeal the settlement . . . and during the appeal process, the settlement will be in limbo. Class counsel will not be paid and class members will not receive their benefits. The prospect of delaying a settlement for months or years by taking an appeal is a realistic threat that objectors hold over the heads of settling parties.

Geoffrey P. Miller & Lori S. Singer, *Nonpecuniary Class Action Settlements*, 60 LAW & CONTEP. PROBS. 97, 120 n.64 (1997). *See also* Susan P. Koniak & George M Cohen, *In Hell There Will Be Lawyers Without Clients or Law*, 30 HOFSTRA L. Rev. 129, 155 (2001) (professional objectors are "often motivated not by the charge to protect the class from a sellout

settlement but by the prospect of being paid off by class counsel and/or the defendant to drop their objections and walk away."). Commentators are rightly concerned that professional objectors file baseless objections. *See* American Law Institute ("A.L.I.") *Principles of Aggregate Litigation*, Tentative Draft No. 1, § 3.08 cmt. b (approved May 2008): "A baseless objection, followed by an appeal after the objection is rejected, can delay the finalization of a settlement for months or even years." According to the A.L.I. the motivation for such objections is to extract a "side deal." A.L.I. *supra* at § 308, cmt. a. The A.L.I. suggests that "[i]f the court concludes that objectors have lodged objections that are insubstantial and not reasonably advanced for the purpose of rejecting or improving the settlement, the court should consider imposing sanctions against objectors or their counsel." A.L.I. *supra*, § 308(d) & cmt. a. In addition to the harm caused to the class by professional objectors filing baseless objections, judicial resources are also wasted. *See* 5 A. Conte & H. Newberg, NEWBERG ON CLASS ACTIONS § 15.37 (4[th] ed. 2002) (" [O]bjections in 'boilerplate' form filed by 'professional objectors' often delay and unnecessarily complicate class proceedings by requiring court review of purported issues with no colorable merit."). [2]

---

[2]      The Court is also cognizant of the breadth of case law critical of professional objector practices and the impact of these professional objector activities. *See Vollmer v. Publishers Clearing House*, 248 F.3d 698, 709 (7th Cir. 2001)(characterizing an appeal by objectors as one "solely to enable themselves to receive a fee"); *Barnes v. FleetBoston Fin. Corp.*, No. 01-10395-NG, 2006 U.S. Dist. LEXIS 71072, at *3-4 (D. Mass. Aug. 22, 2006)("[O]bjectors to class action settlements can make a living simply by filing frivolous appeals and thereby slowing down the execution of settlements."); *In re Holocaust Victim Assets Litigation*, 311 F. Supp.2d 363, 365 (E.D. 2004)(characterizing an objector's notice of appeal as "an unsuccessful attempt to extort a significant cash award from the settlement fund."); *O'Keefe v. Mercedes-Benz, USA, LLC*, 214 F.R.D. 266, 295 n.26 (E.D. Pa. 2003)(noting that "some of the objections were obviously canned objections filed by professional objectors who seek out class actions to simply extract a fee by lodging generic, unhelpful protests."); *In re Compact Disc Minimum Advertising Price Antitrust Litig.*, 216 F.R.D. 197, 218 n.52 (D. Me. 2003)(complaining of "professional objectors"); *Varacallo v. Massachusetts Mut. Life Ins. Co.*, 226 F.R.D. 207, 240 (D.N.J.

**II.**  **Healy's Withdrawn Objection Reflects the Efforts of a Professional Objector**

26.   This Court finds that Mr. Healy knowingly and voluntarily withdrew his objection to the proposed class action settlement. Even had Mr. Healy not withdrawn his objection, this Court finds that this objection should be denied or struck based upon the circumstances under which it was filed, the canned nature of the filing, the timing of the filing, the non-involvement of both counsel instrumental in initiating the filing, the lack of knowledge or interest by Mr. Healy generally, and the history and motivations for initiating this filing by professional objector counsel.

27.   The Court has considered all of the materials and pleadings filed of record in this case, as well as relevant and related judicial rulings.  As a result, this Court concludes that attorney Christopher A. Bandas is a professional objector.  The Court is concerned that attorney Bandas is seeking to wrongfully use the class action settlement and objection process for personal gain, and without any corresponding benefit to any individual objector or the settlement class as a whole. Attorney Bandas, acting through local counsel, Mr. Roth, contacted a class member who did not otherwise display any motivation to object to or intervene in the proposed class action settlement.  The withdrawn objection appears "canned", resembling several other attorney Bandas generated objections in other Wal-Mart class action lawsuit across the country.  The Court is troubled that neither attorney Roth nor attorney Bandas formerly appeared in conjunction with the now withdrawn Healy objection, and then neither were present for the deposition of Healy or the hearing on Healy's Motion to Intervene.  While neither attorney

2005)("'[f]ederal courts are increasingly weary of professional objectors'"); and *Shaw v. Toshiba America*, 91 F. Supp. 2d 942, 973-74 & n.18 (E.D. Tex. 2000)(criticizing "canned objections filed by professional objectors who seek out class actions simply to extract a fee by lodging generic, unhelpful protests").

formally appeared in any fashion in this lawsuit, they clearly intended to materially affect the course of the proceedings anonymously. That practice is simply not acceptable in Iowa. The Court cannot escape the conclusion that the withdrawn objection was designed, at some point in the settlement approval or possible appeal process, to generate unwarranted fees or payments for attorney Bandas and those he recruited. One Court describes these efforts by attorney Bandas and other professional objectors as "extortion". *See* the *Ouellette* Order. Healy Dep. Ex. A at 5.

28.    The activities of attorney Bandas are described in the record as typically involving canned objections, filed at the last possible minute and in numerous jurisdiction simultaneously, including South Carolina, Florida and Missouri. Case law makes clear that professional objectors often interfere with class action settlements in order to enrich themselves by extorting unearned and unwarranted attorneys' fees by threatening to delay settlements. *See Shaw*, 91 F. Supp. 2d at 973; *In re Prudential*, 278 F.3d 175; *O'Keefe*, 214 F.R.D. at 295; and *Scott v. Blockbuster, Inc.*, No. D. 162-535, 2001 WL 1763966, at *2-3 (D. Tex. Dec. 21, 2001).

29.    The Court finds that it accepts of Mr. Healy's objection withdrawal as knowing and voluntary and that is sufficient to dispose of this matter. As an alternative independent basis for the Court's ruling, the Court also finds Mr. Healy's objection is denied or struck based upon the involvement and motivations of professional objector counsel, as recounted above. Finally, as another alternative independent basis for the Court's ruling, this Court finds that Mr. Healy's objection is denied or struck on the merits because of the failure of Mr. Healy to provide support for the specific objections, and the fact that they do not enhance the Settlement and will not benefit the Class.

30.    Terry Healy is a former Wal-Mart employee at the Wal-Mart Store # 2004 located at 4200 Dodge Street in Dubuque, Iowa, 52003. Mr. Healy failed to comply with the June 30, 2009

13

Order requiring the legal and factual basis include specific information be provided in any objection to the proposed Settlement. At the time of his deposition, Mr. Healy acknowledged that he had no independent information about the settlement, other than the idea that he hadn't received something he should have received as suggested by professional objector counsel. No counsel has ever appeared in this lawsuit on behalf of Mr. Healy or attended his deposition or the hearing on the Motion to Intervene, to supplement the contents of the submitted objection, the deposition testimony or to counter the arguments or evidence of Plaintiffs' counsel. Mr. Healy specifically stated in his objection that he would not be attending the fairness hearing on October 13th. Therefore, there is no evidence by objector (nor will there be by this objector) that supports any claim, intention or effort to enhance the value of the settlement. The objection itself simply has no specific facts and fails to comply with the procedures in the June 30, 2009 Order required for properly objecting to the settlement. There is no effort that Mr. Healy or the professional objector counsel even reviewed any of the voluminous pleadings and docket entries regarding this eight-year litigation. By way of additional example, the objection focuses on attorneys' fees and incentive fees to Class Representatives, rather than the quality of the Settlement. The objection does not mention or analyze the amount of hours worked in this case, expenses incurred or the risks reflected in this case. The objection also ignores the impact of injunctive relief has been awarded. The Court is also cognizant that the complaints in Mr. Healy's objection were rejected in *Carter, et al. v. Wal-Mart Carter, et al. v. Wal-Mart*, 06-CP-15-839R, Court of Common Pleas, County of Colleton, South Carolina, Order dated June 2, 2009 (Tab 9 to Plaintiffs' Fairness Brief). Therefore, Mr. Healy's objection would be properly denied or struck on the merits.

III.    **Healy's Motion to Intervene**

31.     Intertwined with Mr. Healy's objection is his simultaneously submitted motion to intervene. As reflected above, this Court finds that Mr. Healy's objection is voluntarily withdrawn, or otherwise denied or struck. Therefore, this Court finds that the simultaneously submitted motion to intervene is moot or voluntarily withdrawn, or otherwise denied or struck. Separate and apart from that basis for this ruling, the Court finds that the motion to intervene should be struck or denied for failing to satisfy the requirements of IRCP 1.407(1)(b), under whatever burden is considered.

32.     Mr. Healy sought to intervene as a matter of right under IRCP 1.407(1):

> Upon timely application, anyone shall be permitted to intervene in an action under any of the following circumstances:

> ***

> (b) When the applicant claims an interest relating to the property or transaction which is the subject of the action and the applicant is so situated that the disposition of the action may as a practical matter substantially impair or impede the applicant's ability to protect that interest, unless the applicant's interest is adequately represented by existing parties.

IRCP 1.407(1) requires the party seeking to intervene to assert "an interest relating to the property or transaction which is the subject of the action," and be "so situated that the disposition of the action may as a practical matter substantially impair or impede his ability to protect that interest." Additionally, the movant's interest must not have been adequately represented by the existing parties. [3]

---

[3]     The Court finds that Mr. Healy did not seek permissive intervention under IRCP 1.407(2). Regardless, even permissive intervention would have been denied because this Court finds that "intervention will unduly delay or prejudice the adjudication of the rights of the original parties." *Id.* The Court is also mindful that Mr. Healy (due to the failure of attorney Bandas and attorney Roth to formally participate in these proceedings), does not appreciate the risks that "[t]he intervenor shall have no right to delay, and shall pay the costs of the intervention unless the intervenor prevails." IRCP 1.407(4).

33.   Mr. Healy fails to establish that his interest was substantially impaired or impeded, or that he or the class has not been adequately represented by Class Counsel.  Moreover, Mr. Healy fails to satisfy the requirement under IRCP 1.407(3) that his motion "be accompanied by a pleading setting forth the claim or defense for which intervention is sought."

34.   In addition to having withdrawn his objection, and the recitation in his deposition that he has no substantive knowledge about the basis for the proposed settlement and that he failed to attend the hearing on the motion to intervene, Mr. Healy does not demonstrate that his interest would be substantially impaired or impeded because he (like all class members) has the ability to "opt-out" of the proposed settlement, so Mr. Healy can decide whether he wishes to be impacted by the proposed settlement.  See IRCP 1.266(2)(b).  See e.g., In re H.N.B., 619 NW2d 340 (Iowa 2000) (describing how a court must be certain that the applicant has asserted a legal right or liability that will be directly affected by the litigation).  That opt-out right alone is sufficient to deny the motion to intervene. [4]

35.   In any event, Mr. Healy's interests are protected by the Court through the requirement that the court approve the settlement, and that class counsel provide notice of the proposed

---

[4]     See, e.g., In re Lorazepam and Clorazepate Antitrust Litig., 205 F.R.D. 363, 367 (D.D.C. 2001) (denying intervention and finding no impairment of interest where class members could opt out of proposed settlement); Shore v. Parklane Hosiery Co., Inc., 606 F.2d 354, 357-358 (2d Cir.1979) (holding that district court did not err in denying motion to intervene on basis that opt-out provision prevented proposed intervenors' interests from being impaired); Townes v. Trans Union, LLC, No. 04-1488-JJF, 2007 WL 2457484, at *3 (D.Del. Aug. 30, 2007) ("Thus, the Court concludes that the presence of the opt-out provision prevents the impairment of any legal interests held by those who may also be part of the proposed putative class in the [intervenors'] action."); Roberts v. Heim, No. C-84-8069TEH, 1989 WL 80401, at *2 (C.D. Cal. Mar. 30, 1989) ("[A]s the Court has ruled on numerous occasions, the prosecution of this [case] will not destroy the proposed intervenors' rights. ... The proposed intervenors can exercise their right to opt out of the litigation and thereby avoid being bound by the judgment."). Cf. Woolen v. Surtran Taxicabs, Inc., 684 F.2d 3234, 332 (5th Cir. 1982) ("The concept of intervention within a class certified under 23(b)(2) balances the more likely impairment of the individual's interest [in this type of class] since he is unable to opt out of this class.").

16

settlement to the class and an opportunity to object. The court must answer the question of whether the benefits of the proposed settlement to Mr. Healy and the other class members are fair and reasonable. If so, the court must believe that Mr. Healy's interests are not substantially impaired. Given the option to opt-out and the court's role in approving or not approving the proposed settlement, the court believes the safeguards afforded class members under IRCP 1.271 are adequate and appropriate. Finally, how can the Court conclude that Mr. Healy believes in good faith that his interests would be substantially impaired if Mr. Healy himself does not believe they are substantially impaired, as evidenced by Mr. Healy's withdrawal of his objection.

36. The Court also finds that Mr. Healy's interests have been adequately represented by Class Counsel and the Representative Plaintiffs. *See* IRCP 1.407(1)(b) (anyone "shall be permitted to intervene . . . unless the applicant's interest is adequately represented by existing parties."); and IRCP 1.407(3) ("The court shall grant intervention of right unless the applicant's interest is adequately protected by the existing parties."). The Court has reviewed the file in this lawsuit and the pleadings and evidence submitted in support of the proposed settlement and finds that the interests of Mr. Healy (as one of the class members) have been fully represented by Class Counsel and the Representative Plaintiffs.

37. This Court also finds Mr. Healy failed to satisfy the requirements of IRCP 1.407(3) and therefore, the motion to intervene should be denied or struck:

> A person desiring to intervene shall serve a motion to intervene upon the parties. The motion shall state the grounds therefor and *shall be accompanied by a pleading setting forth the claim or defense for which intervention is sought.*

IRCP 1.407(3)(emphasis added). Mr. Healy did not attach any pleading that sets forth the claim underlying the motion to intervene. Since Mr. Healy withdrew his objection, essentially disclaimed substantive knowledge about the settlement in his deposition, and failed to appear at

the hearing set on the motion to intervene, the Court has no basis to reasonably determine the precise nature and scope of the intervention.  The Court agrees that Mr. Healy's motion is legally defective.  *See generally, Jones v. Bordman*, 243 Kan. 444, 449, 759 P.2d 953 (1988); and *Wilson & Walker v. State*, 230 Kan. 49, 630 P.2d 1102 (1981).


Dated in Clinton, Iowa, on the _____ 7ᵗʰ _____ day of October, 2009.

David H. Sivright, Jr.
Judge of the Seventh Judicial District
of Iowa

Copies to:

Catherine Z. Cartee, Esq.
Jennie L. Clausen, Esq.
CARTEE & CLAUSEN LAW FIRM
125 Kirkwood Boulevard
Davenport, IA  52803
Telephone:  563-323-2500
Email:  Carteec@carteelaw.com
        Clausenj@carteelaw.com

Joseph R. Gunderson, Esq.
GUNDERSON, SHARP & WALKE, LLP
321 East Walnut, Suite 300
Des Moines, IA  50309
Telephone:  515-288-0219
Facsimile:  515-288-0328
Email:  jgunderson@midwest-law.com

Judith L. Spanier, Esq.
Grace Parasmo, Esq.
ABBEY SPANIER RODD ABRAMS LLP
212 East 39ᵗʰ Street
New York, New York 10016
Telephone:  212-889-3700
Facsimile:  212-684-5191
Email:  jspanier@abbeyspanier.com
Email:  samin@abbeyspanier.com

18

Email: gparasmo@abbeyspanier.com

Rodney Bridgers, Esq.
Nathan J. Axvig, Esq.
FRANKLIN D. AZAR & ASSOCIATES P.C.
14426 East Evans Avenue
Aurora, CO 80014
Telephone: 303-757-3300
Email: axvign@fdazar.com
Email: bridgersn@fdazar.com

Gerald Bader, Esq.
BADER & ASSOCIATES, LLC
14426 East Evans Avenue, Ste. 200
Denver, CO 80014
Telephone: 303-534-1700
Facsimile: 303-534-1701
Email: gbader@bader-associates.com

Rex A. Sharp, Esq.
GUNDERSON, SHARP & WALKE LLP
5301 West 75th Street
Prairie Village, Kansas 66208
Telephone: 913-901-0500
Facsimile: 913-901-0419
Email: rsharp@midwest-law.com

**COUNSEL FOR PLAINTIFFS**

Ruth A. Bahe-Jachna, Esq.
Howard K. Jeruchimowitz, Esq.
Collin B. Williams, Esq.
GREENBERG TRAURIG, LLP
77 West Wacker Drive, Ste 2500
Chicago, IL 60601
Telephone: 312-456-8400
Email: Baher@gtlaw.com
Email: Jeruchimowitzh@gtlaw.com

Michael M. Judge, Esq.
PETERSEN, EDDY & JUDGE
326 Fifth Avenue
Clinton, Iowa 52732-4511
Telephone: 563-244-8200
Facsimile: 563-244-8202

19

Email:  judgem@sanasys.com

Donald R. Frederico, Esq.
GREENBERG TRAURIG, LLP
One International Place
Boston, MA 02110
Telephone:  617-310-6000
Facsimile:  617-310-6001
Email:  fredericod@gtlaw.com

**COUNSEL FOR DEFENDANTS**