# EXHIBIT D

IN THE CIRCUIT COURT IN AND FOR WASHINGTON COUNTY
IN THE STATE OF FLORIDA

DEBRA OUELLETTE, AMANDA ALLEN,
FARRIS COBB, and JENNIFER MORALES,
On behalf of themselves and all others
similarly situated,
    Plaintiffs,

v.

WAL-MART STORES, INC., a Delaware
Corporation, SAM'S CLUB, an operating
segment of Wal-Mart Stores, Inc.,
    Defendants.

CLASS REPRESENTATION

FILE NO. 67-01-CA-326

_____/

## ORDER AND FINAL JUDGMENT APPROVING SETTLEMENT BETWEEN CLASS PLAINTIFFS AND WAL-MART STORES, INC.

This matter came before the Court on the Plaintiffs' Motion for Final Approval of Settlement ("Final Approval Motion"). After careful review of the evidence and the law, including the written briefs and affidavits, and having heard the testimony of witnesses at the final approval hearing, and having allowed all who appeared at the final approval hearing to call and cross-examine witnesses and make legal arguments, and having considered and taken judicial notice of the entire record of this action, the Court finds as follows:

1.    A class action is pending before the Court entitled *Debra Ouellette, Amanda Allen, Farris Cobb and Jennifer Morales, on behalf of themselves and all others similarly situated, v. Wal-Mart Stores, Inc., a Delaware Corporation, and Sam's Club, an operating segment of Wal-Mart Stores, Inc.,* Case No. 67-01-CA-326 (Circuit Court for Washington County, Florida);

2.    The Court has received and reviewed the Settlement Agreement entered into between the named Plaintiffs, the Class Representatives and the Class Members, on the one hand, and Defendants on the other hand (the "Settlement Agreement"), and has considered the terms of the proposed settlement set forth therein (the "Settlement").

3.      All terms contained herein shall have the same meanings as set forth in the Settlement Agreement, unless otherwise defined herein.

4.      On May 7, 2009, the Court entered its order preliminarily approving the Settlement of this class action, approving the form and method of notice, and setting a date and time for a fairness hearing to consider whether the Settlement should be finally approved by the Court pursuant to Rule 1.220(e), Florida Rules of Civil Procedure, as fair, adequate, and reasonable (the "Preliminary Approval Order").

5.      The Preliminary Approval Order further directed that all members of the Settlement Class be given notice of the Settlement and of the date for the final fairness hearing.

6       The Court has received the declaration of Amanda Myette of Rust Consulting, Inc. (the duly appointed Claims Administrator) and the declaration and testimony of Elizabeth Chamblee Burch attesting to the manner, procedure, substance, mailing and publication of the Notice and finds that said actions were in substantial accordance with the Preliminary Approval Order and Rules 1.220(d), Florida Rules of Civil Procedure.

7.      The Court entered an Amended Class Certification Order on May 7, 2009 which describes the claims certified for settlement purposes only and the scope of the Settlement Class and which is incorporated herein by reference.

8.      The Court has considered all timely filed objections to the Settlement.

9.      This cause came before the Court for final fairness hearing, which was duly noticed to take place on August 17, 2009 to determine whether or not the Settlement was fair, reasonable and adequate and for approval of an award of supplemental compensation to Class Representatives and to Settlement Class Members who were deposed, as well as an award of attorneys' fees and expenses to Class Counsel, and for other matters as described herein.

2

10.     The Class representatives, Debra Ouellette, Amanda Allen, Farris Cobb, and Jennifer Morales were present at the hearing and counsel for the class, Stephen H. Echsner of Levin, Papantonio, Thomas Mitchell, Echsner & Proctor, P.A., Russell Lloyd and John O'Quinn of John O'Quinn and Associates, PLLC, Robert Trammell, Esquire, Franklin D. Azar, Rodney Bridgers and Nathan Axvig of Franklin D. Azar & Associates, P.C. appeared and Defendants, represented by Brian Duffy and Naomi Beer of Greenburg Traurig, LLP and Scott Richburg of Foley & Lardner, LLP also appeared.

11.     The Court received eleven objections to the proposed Settlement but no objectors appeared or were present at the hearing on August 17, 2009. Albert Bacharach, Esquire, appeared on behalf of objectors Eddie Collins and Sharon Scott and Chigozie Offor, Esquire, appeared on behalf of objectors Gary Williamson and John Buck. No other counsel for any other objectors appeared or were present at the hearing.

12.     The Settlement Agreement creates a presumption that the Settlement is reasonable and judicial policy favors the settlement of class actions suits. The Court further approves a modification to Section 7.1.8 of the Settlement Agreement to add in the alternative that such monies shall be distributed "in accordance with applicable law."

13.     The Court conducted an evidentiary hearing at the final fairness hearing and allowed all Parties, all objectors, and all counsel present at the hearing to both call and cross examine witnesses.

14.     The Court has jurisdiction over the subject matter of this action, all members of the Settlement Class, and all Defendants.

15.     In accordance with Rule 1.220, Florida Rules of Civil Procedure and the requirements of due process, all members of the Settlement Class have been given proper and adequate notice of the Settlement. Based upon the evidence submitted by the Parties, the Settlement

Agreement, the arguments of counsel, and all the files, records and proceedings in this case, the Court finds that the Notice and notice methodology implemented pursuant to the Settlement Agreement and the Court's Preliminary Approval Order (a) constituted the best practicable notice under the circumstances; (b) constituted notice that was reasonably calculated, under the circumstances, to apprise members of the Settlement Class of the pendency of the Litigation, their right to object to the Settlement, and their right to appear at the August 17, 2009 Final Fairness Hearing; (c) were fair, adequate, reasonable and sufficient notice to all persons entitled to notice; and (d) met all applicable requirements of the Florida Rules of Civil Procedure, due process, and any other applicable law. The Court finds that notice of this hearing to determine whether the settlement was fair adequate and reasonable was properly mailed to class members with known mailing addresses and published in thirteen (13) newspapers as required by this Court's Preliminary Approval Order. Professor Burch testified that the manner, procedures and substance and publication of the Notice satisfied the requirements of the Rules 1.220(d), Florida Rules of Civil Procedure. In fact, evidence was presented that ninety-one percent (91%) of the Settlement Class received mailed notice which is extraordinary.

16.    The Court further finds that based upon the testimony of Arnold Levin, John Freeman, Talbot D'Alemberte and Charles Silver, the Notice fairly and adequately informed Settlement Class Members of the terms and conditions of the Settlement and the amount of attorneys' fees and other matters relating to the Settlement.

17.    Members of the Settlement Class were all afforded a reasonable opportunity to opt out of the settlement class, remain in the class and/or object to the settlement and the Court finds, based upon the testimony, that less than one percent (1%) of those members opted out.

18.    The names of members of the Settlement Class that chose to opt out have been submitted to the Court and are attached to this Order and said attachment is hereby adopted as a part

4

of this Order and those persons named therein are not bound by any provisions of this order. Moreover they are not entitled to receive any distribution of funds as a result of the Settlement.

19.   The court finds that out of 545,814 class members there were only eleven objections timely filed with the Court. Eight were filed by six attorneys on behalf of eight individuals. No objectors appeared in person at the final fairness hearing. Two attorneys appeared representing four of the objectors, namely Albert Bacharach on behalf of Eddie Collins and Sharon Scott, and Chigozie Offor on behalf of Gary Williamson and John Buck. The Court finds that all of the objections filed against the settlement of this case were all generic boilerplate objections prepared and filed by a group of attorneys who the Court finds have been working through collusion for their own personal benefit and not for the benefit of this class or their clients.

20.   The Court finds that a lack of involvement and participation of the objectors and their counsel who were not present and a lack of involvement and participation of the attorneys that were present combined with their attempt to inject themselves at the last minute into this eight year litigation constitutes an effort to extort money from the class and/or class counsel. The court struck the objections of Gary Williamson (represented by Chigozie Offor and John Jacob Pentz), John Buck (represented by Chigozie Offor and John Jacob Pentz), Sharon Scott (represented by N. Albert Bacharach), David Rouse (represented by Hayward Dykes, Jr. and Anthony Constant), Ellen Rouse (represented by Rico M. Sogocio and Clark C. Hempe), Melinda Washington (represented by Jeffrey Weinstein and Stephen P. Santiago), Kevin Dimla (represented by Christopher Bandas and Stephen P. Santiago), Jonathan Lee Riches (pro se), Doug Hattaway (pro se) and James Speers (pro se) for failure of proof, failure to demonstrate participation in the class action on behalf of the class, and failure to appear at the fairness hearing. Further, the Court finds that all of the objections, including the objections asserted by Mr. Bacharach's client, Eddie Collins, have no substantive merit and the court overrules all of the objections on that additional ground.

5

21.     The Court finds that the limited number of objectors out of more than 545,814 Settlement Class Members in itself supports the fairness, reasonableness, and adequacy of the settlement.

22.     The Court finds that the Settlement Agreement embodies a fair compromise and that the Settlement Agreement was entered into by all Parties after rigorous arms length negotiations and that it is fair, adequate and reasonable to the Settlement Class and was entered into in good faith. There has been no evidence of any collusion.

23.     In making a determination of the fairness, adequacy and reasonableness of the Settlement, the Court examined each of the factors to be considered:

- The length complexity and cost of the litigation;
- The fact that settlement comes at a time when the parties are very familiar with the strengths and weaknesses of the respective cases;
- The probability of success on the merits;
- Where the settlement falls within the range of conceivable outcomes;
- The views of class counsel and class representatives in support of the settlement;
- The fact that there have been relatively few opt-outs and only eleven objections to the settlement was received; and
- The fact that fair, reasonable and adequate notice of the proposed settlement was pursuant to 545,814 settlement class members.
- Absence of any sign of fraud or collusion.

24.     After taking into account all of the above factors, the testimony presented at the hearing and all other evidence presented including declarations and affidavits, as well as taking judicial notice of the entire file in this case and for reasons stated on the record, the Court finds that the Settlement is fair, just, equitable and proper. Further, the Court finds that the claim procedure was fair and reasonable and required only a few minutes of the Settlement Class Members' time with no need for the Settlement Class Members to locate or refer to any type of record. The claims

procedure consisted of simply filling out a short one-page form or a short two-page form.  The period of time given to return the Claim Forms is adequate.

25.     The court finds the Settlement amount has been structured with a Floor and a Ceiling and that this arrangement is proper and that such a structure has been commonly found to meet legal requirements in other class action law suits including numerous other class action lawsuits of a similar nature settled by Class Counsel and Wal-Mart in other states.  Moreover, the Settlement guarantees a substantial payment and other benefits to the Settlement Class.

26.     The Settlement Agreement in this action warrants final approval pursuant to Rule 1.220(e), Florida Rules of Civil Procedure because it is fair, adequate, and reasonable to those it affects, and resulted from vigorously contested Litigation, including over seven years of discovery, motion practice and additional merits discovery, and extensive good-faith arm's length negotiations between the Parties, and is in the public interest.

WHEREFORE, THE COURT HEREBY ORDERS AS FOLLOWS:

27.     The Final Approval Motion is hereby GRANTED, and the Settlement Agreement is hereby APPROVED as fair, reasonable, adequate, and in the public interest, and the terms of the Settlement Agreement are hereby determined to be fair, reasonable and adequate and for the exclusive benefit of the Settlement Class Members.  The Parties are directed to consummate the Settlement Agreement in accordance with its terms.

28.     The Court APPROVES payment of the Class Settlement Amount in accordance with the terms of the Settlement Agreement.

29.     The Court APPROVES payment of Class Representative Supplemental Compensation to Debra Ouellette, Amanda Allen, Farris Cobb, and Jennifer Morales in the amount of $15,000.00 each, and further APPROVES payment of Supplemental Deponent Compensation in the amount of $1,000.00 to each deponent who gave a deposition in this cause.

30.     The Court APPROVES payment of Attorneys' Fees in the amount of $49,333,333.33 and expenses in the amount $434,508.74. The Court will approve additional expenses to be supplemented by affidavit in the next thirty days.  The number of hours billed by Class Counsel were reasonable considering the length of time that this case has lasted, the hourly rates were reasonable.  The Court approves the lodestar of $10,533,296.83 as reasonable and there have been no objections to the lodestar number.  The Court has considered the *Kuhnlein* factors as well as testimony and evidence presented at the fairness hearing, in determining the fee, including the multiplier to be used and finds that, although multiplier of 5 would be appropriate, a multiplier of 4.68 is fair and reasonable.

31.     As a cross check to the lodestar calculation of Class Counsels' fee, the Court finds that the fee is the amount of one-third or less of the amount of the settlement and that the settlement is fair and reasonable.  The Court is not basing its attorneys fee ruling on the value of any future injunctive relief but there is credible evidence in the record to indicate that Class Counsel have enhanced the monetary value of this settlement by an additional $347,000,000.00 through injunctive relief agreed to by Wal-Mart as part of the settlement agreement.

32.     The Settlement Agreement was the result of eight years of vigorous litigation which ended in an arms length settlement negotiation.  Once again the Court finds that there is absolutely no evidence of any collusion between Class Counsel and the defendants.  Credible evidence was presented that similar litigation has been prosecuted in other states and that Wal-Mart sometimes prevailed, and plaintiffs sometimes prevailed.  Because of this Settlement, Settlement Class Members are able to avoid continuation of a very difficult, costly litigation with the possibility of losing, resulting in no recovery at all.

33.     The allocation plan is hereby APPROVED as fair, adequate, and reasonable.  The Class Settlement Amount, Class Representative Compensation Awards, Class Member Deponent

Awards, and Attorneys' Fees and Costs Amount shall be distributed in accordance with the terms of the Settlement Agreement and any other orders of this Court

34. The litigation is DISMISSED WITH PREJUDICE and without costs to any Party, other than as specified in the Settlement Agreement and this Order but, subject to the terms of the Settlement Agreement, the Court retains jurisdiction to enforce the settlement and the terms of the Judgment.

35. In consideration of the Class Settlement Amount, and for other good and valuable consideration, each of the Releasing Class Members shall, by operation of this Judgment, have fully, finally, and forever released, relinquished, and discharged all Class Member Released Claims against Wal-Mart in accordance with Section 9 of the Settlement Agreement, shall have covenanted not to sue Wal-Mart with respect to all such Class Member Released Claims, and shall be permanently barred and enjoined from instituting, commencing, prosecuting or asserting any such Class Member Released Claim against Wal-Mart.

36. This Judgment is the Final Judgment in this suit as to all Class Member Released Claims.

37. Without affecting the finality of this Judgment in any way, this Court retains jurisdiction over (a) implementation of the Settlement and the terms of the Settlement Agreement; (b) distribution of the Class Settlement Amount, the Class Representative Compensation Awards, the Class Member Deponent Awards, and the Attorneys' Fees and Costs Amount and allocation of fees to current class counsel; and (c) all other proceedings related to the implementation, interpretation, administration, consummation, and enforcement of the terms of the Settlement Agreement and/or the Settlement, and the administration of Claims by Settlement Class Members. The time to appeal from this Judgment shall commence upon its entry.

9

38.     In the event that the Settlement Effective Date does not occur, this Judgment shall be rendered null and void and shall be vacated, *nunc pro tunc*, except insofar as expressly provided to the contrary in the Settlement Agreement, and without prejudice to the status quo ante rights of Plaintiffs, Settlement Class Members, and Wal-Mart.

39.     This Court finds that there is no just reason for delay and expressly directs Judgment and immediate entry by the Clerk of the Court.

DONE AND ORDERED in Circuit Court in and for Washington County, Chipley, Florida on this the ___21___ day of August, 2009.



S/ Colby Peel
_____
ACTING CIRCUIT COURT JUDGE

10

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the foregoing has been furnished by regular U.S. Mail to the following: **Stephen H. Echsner**, Levin, Papantonio, Thomas, Mitchell, Echsner and Proctor, P.A., 316 South Baylen Street, Suite 600, Pensacola, Florida 32501; **Franklin D. Azar**, Franklin D. Azar and Associates, P.C., 14426 East Evans Avenue, Aurora, Colorado 80014; **Jim S. Adler**, Jim S. Adler and Associates, 1900 West Loop South, 20th Floor, Houston, Texas; **John M. O'Quinn and Russell T. Lloyd**, John M. O'Quinn and Associates, PLLC, 2300 Lyric Centre Building, 440 Louisiana Street, Houston, Texas 77002-4205; **Robert D. Trammell**, 907 Hays Street, Tallahassee, Florida 32301, **Naomi Beer**, Greenberg Traurig, LLP, 1200 17th Street, Suite 2400, Denver, Colorado 80202, **Scott Richburg**, Foley & Lardner, LLP, One Independent Drive, Suite 1300, Jacksonville, Florida 32202, **Hayward Dykes, Jr.**, 4481 Legendary Drive, Suite 200, Destin, Florida 32541, **Rico M. Sogocio**, 300 Sevilla Avenue, Suite 309, Coral Gables, Florida 33134, **Chigozie Herbert Offor**, 3131 SW College Road, Suite 301, Ocala, Florida 34474, **Stephen Santiago**, 2265 SW 25th Terrace, Miami, Florida 33133, **N. Albert Bacharach, Jr.**, 115 Northeast 6th Avenue, Gainesville, Florida 32601; **Douglas Hattaway**, 21 Captains Drive, Candler, North Carolina 28715, **Jonathan Lee Riches**, Federal Medical Center, #40448018, P.O. Box 14500, Lexington, Kentucky, and **James Speers**, 1957 Shannon Road, Navarre, Florida 32566, on this the _21_ day of August, 2009.

_Linda Hayes Cook_

CLERK OF COURT

BY: _K. McLeod_

WASHINGTON COUNTY, FLORIDA