# EXHIBIT E

| | |
|---|---|
| STATE OF SOUTH CAROLINA<br>COUNTY OF COLLETON | IN THE COURT OF COMMON PLEAS<br>CIVIL ACTION NO. 06-CP-15-839 |
| SHANNON CARTER, VERSIE DANIELS,<br>JOSEPH FENNELL, and SHANA MARSHBANKS,<br>individually and on behalf of a class<br>of all other similarly situated<br><br>    Plaintiffs,<br><br>v.<br><br>WAL-MART STORES, INC., a Delaware<br>Corporation, and SAM'S Club, a/k/a Sam's<br>Wholesale Club, an operating segment of<br>Wal-Mart Stores, Inc.<br><br>    Defendants. | ORDER DENYING<br>OBJECTIONS TO<br>SETTLEMENT BETWEEN CLASS<br>PLAINTIFFS AND WAL-MART |

At the May 15, 2009 Fairness Hearing, this Court reviewed two objections to the proposed settlement of this case that had been filed with the Court. One of the objections was filed by an inmate in a Federal correctional facility in Oklahoma. The inmate failed to appear at the hearing, and produced no evidence of any kind to support his objection or to establish his standing as a class member. The Court concludes that this objector has failed to establish that he is a member of the class, and finds that his objection lacks merit as a matter of substantive law.

The second objection (hereinafter "Bandas objection") was purportedly filed on behalf of a class member by a member of the South Carolina Bar and Christopher Bandas, a Texas lawyer well known for his practice of routinely filing objections in class action settlements across the country. The Court was informed that Mr. Bandas and a Missouri attorney had filed a virtually identical

objection in <u>Hale v. Wal-Mart</u>, pending in Missouri. Bandas' Missouri objection was nullified after his local counsel withdrew and no one appeared on Bandas' behalf at the Missouri Fairness Hearing. Although the Bandas objection refers to exhibits A-D, no such exhibits were ever submitted and no other evidence was ever presented in support of the objection. No one appeared in support of the Bandas objection at the fairness hearing. While the Bandas objection falsely states that a motion for *pro hac vice* is pending for Mr. Bandas, no such motion was ever filed with this Court.

The COURT FINDS that the Bandas objection herein fails to meet the procedural requirements ordered by this Court for objections to the settlement. Nevertheless, in spite of the fact that no one appeared to offer any evidence or testimony in support of the Bandas objection, in spite of the fact that the Bandas objection fails to meet the procedural requirements established by this Court, and in spite of the fact that Mr. Bandas is a serial professional objector, I have reviewed and considered the Bandas objection on its merits. The COURT FINDS that, for a plethora of reasons, the Bandas objection lacks substantive merit. The following are some of the more glaring substantive deficiencies: First, it is obvious to the Court that the Bandas objection was filed without the attorneys or purported class member reviewing any of the voluminous pleadings and docket entries that clearly reflect the lengthy, complex and difficult course of this litigation, and the enormous effort expended by Settlement Class Counsel on behalf of the class. Further, the Bandas objection fails to consider or even acknowledge the significant value of the injunctive relief provided by the

settlement of this matter. Additionally, although the Bandas objection claims that Settlement Class Counsel fails to provide records supporting their Lodestar, in fact, extensive time records were submitted to the Court by each Settlement Class Counsel and these records fully establish the reasonableness of Settlement Class Counsel's fee application. Moreover, the Bandas objection erroneously characterizes this case a being part of a "mega-fund settlement". In fact, there is no evidence to support this allegation, and all the evidence is to the contrary. While other similar cases against Wal-Mart in other jurisdictions have also been settled, the testimony is clear that the South Carolina settlement was separately negotiated based on factors specific to this case. This Court's approval of the settlement and fee application is solely based upon the record and the Court's first hand knowledge of this case, and is in no way dependant upon settlements or proceedings in any other jurisdiction.

For all of the foregoing reasons both objections are utterly without merit and are hereby denied.

IT IS SO ORDERED on this 2nd day of June, 2009.

Walterboro, South Carolina

BY THE COURT:

_____
The Honorable Perry M. Buckner
Circuit Court Judge