# EXHIBIT F



LEXSEE 2006 US DIST LEXIS 96169

**KATHLEEN CONROY and SHEELAGH CROWLEY, On Behalf of Themselves and All Others Similarly Situated, Plaintiffs, v. 3M CORPORATION, a/k/a MINNESOTA MINING AND MANUFACTURING COMPANY, and STAPLES, INC., Defendants.**

No. C 00-2810 CW

UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF CALIFORNIA

2006 U.S. Dist. LEXIS 96169

August 10, 2006, Decided
August 10, 2006, Filed

**PRIOR HISTORY:** *Conroy v. 3M Corp.*, 2003 U.S. Dist. LEXIS 26271 (N.D. Cal., Apr. 22, 2003)

**COUNSEL:** [*1] For Kathleen Conroy, Sheelagh Crowley, Plaintiffs: Willem F. Jonckheer, LEAD ATTORNEY, Schubert & Reed, LLP, San Francisco, CA; Bryan L. Clobes, Miller Faucher & Cafferty, Philadelphia, PA; Burton S Finkelstein, Douglas G. Thompson, Finkelstein Thompson & Loughran, Duvall Foundry, Washington, DC; John F. Innelli, Innelli & Molder, Philadelphia, PA; Juden Justice Reed, Robert C. Schubert, Schubert & Reed, LLP, San Francisco, CA; Roy A. Katriel, The Katriel Law Firm, PLLC, Washington, DC; Shannon P. Keniry, Finkelstein Thompson & Loughran, San Francisco, CA.

For 3M Corporation, Defendant: M. Laurence Popofsky, Marie L. Fiala, Paul Alexander, LEAD ATTORNEY, Heller Ehrman White & McAuliffe, LLP, San Francisco, CA; Dean Ringel, Cahill Gordon & Reindell, LLP, New York, NY.

For Staples Inc, Defendant: John L. Cooper, LEAD ATTORNEY, Farella Braun & Martel, LLP, San Francisco, CA; C. Brandon Wisoff, Grace K. Won, Farella Braun and Martel, LLP, San Francisco, CA.

**JUDGES:** CLAUDIA WILKEN, United States District Judge.

**OPINION BY:** CLAUDIA WILKEN

**OPINION**

ORDER GRANTING PLAINTIFFS' MOTION FOR APPELLATE BOND

Plaintiffs move to require Lillian Rogers and the Bandas Law Firm (collectively, Objectors) [*2] to post an appellate cost bond as a condition of prosecuting their appeals of the Court's approval of a settlement of this action and award of attorneys' fees for Class Counsel. Objectors oppose the motion.[1] The matter was taken under submission on the papers. Having considered the papers filed by the parties, the Court grants Plaintiffs' motion and orders Objectors to file an appellate cost bond, as described below.

1 Ms. Rogers initially did not submit a timely opposition; instead, she filed a motion to extend time in which to file her opposition that failed to comply with the Northern District of California's Civil Local Rules. The Court nevertheless granted Ms. Rogers' motion for an extension of time in which to file her opposition. *See* July 14, 2006 Order Granting Objector Lillian Rogers' Request for Extension of Time.

BACKGROUND

In this antitrust action, Plaintiffs Kathleen Conroy and Sheelagh Crowley sued Defendants Minnesota Mining and Manufacturing (3M) and Staples, Inc. (collectively, Defendants), [*3] alleging that they violated



LEXSEE 2006 US DIST LEXIS 96169

KATHLEEN CONROY and SHEELAGH CROWLEY, On Behalf of Themselves and All Others Similarly Situated, Plaintiffs, v. 3M CORPORATION, a/k/a MINNESOTA MINING AND MANUFACTURING COMPANY, and STAPLES, INC., Defendants.

No. C 00-2810 CW

UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF CALIFORNIA

2006 U.S. Dist. LEXIS 96169

August 10, 2006, Decided
August 10, 2006, Filed

**PRIOR HISTORY:** *Conroy v. 3M Corp., 2003 U.S. Dist. LEXIS 26271 (N.D. Cal., Apr. 22, 2003)*

**COUNSEL:** [*1] For Kathleen Conroy, Sheelagh Crowley, Plaintiffs: Willem F. Jonckheer, LEAD ATTORNEY, Schubert & Reed, LLP, San Francisco, CA; Bryan L. Clobes, Miller Faucher & Cafferty, Philadelphia, PA; Burton S Finkelstein, Douglas G. Thompson, Finkelstein Thompson & Loughran, Duvall Foundry, Washington, DC; John F. Innelli, Innelli & Molder, Philadelphia, PA; Juden Justice Reed, Robert C. Schubert, Schubert & Reed, LLP, San Francisco, CA; Roy A. Katriel, The Katriel Law Firm, PLLC, Washington, DC; Shannon P. Keniry, Finkelstein Thompson & Loughran, San Francisco, CA.

For 3M Corporation, Defendant: M. Laurence Popofsky, Marie L. Fiala, Paul Alexander, LEAD ATTORNEY, Heller Ehrman White & McAuliffe, LLP, San Francisco, CA; Dean Ringel, Cahill Gordon & Reindell, LLP, New York, NY.

For Staples Inc, Defendant: John L. Cooper, LEAD ATTORNEY, Farella Braun & Martel, LLP, San Francisco, CA; C. Brandon Wisoff, Grace K. Won, Farella Braun and Martel, LLP, San Francisco, CA.

**JUDGES:** CLAUDIA WILKEN, United States District Judge.

**OPINION BY:** CLAUDIA WILKEN

**OPINION**

ORDER GRANTING PLAINTIFFS' MOTION FOR APPELLATE BOND

Plaintiffs move to require Lillian Rogers and the Bandas Law Firm (collectively, Objectors) [*2] to post an appellate cost bond as a condition of prosecuting their appeals of the Court's approval of a settlement of this action and award of attorneys' fees for Class Counsel. Objectors oppose the motion. [1] The matter was taken under submission on the papers. Having considered the papers filed by the parties, the Court grants Plaintiffs' motion and orders Objectors to file an appellate cost bond, as described below.

 1  Ms. Rogers initially did not submit a timely opposition; instead, she filed a motion to extend time in which to file her opposition that failed to comply with the Northern District of California's Civil Local Rules. The Court nevertheless granted Ms. Rogers' motion for an extension of time in which to file her opposition. See July 14, 2006 Order Granting Objector Lillian Rogers' Request for Extension of Time.

BACKGROUND

In this antitrust action, Plaintiffs Kathleen Conroy and Sheelagh Crowley sued Defendants Minnesota Mining and Manufacturing (3M) and Staples, Inc. (collectively, Defendants), [*3] alleging that they violated

portions of the Sherman Act and the Clayton Act by conspiring to reduce or eliminate competition in the market for transparent tape and to fix the price of 3M's Scotch tape at an artificially high level. On April 22, 2003, the Court granted Defendants' motion for summary judgment on all remaining claims and denied Plaintiff Crowley's cross motion for summary judgment, on the grounds that Plaintiffs' evidence was insufficient to prove the necessary conspiracy or conscious commitment to a common scheme between 3M and its retailers.

Plaintiffs appealed the judgment against them. The Ninth Circuit heard oral argument on April 12, 2004, after which settlement discussions commenced. On August 29, 2005, the appellate court dismissed Plaintiffs' appeal without prejudice in order to allow this Court to exercise jurisdiction over the settlement. The proposed settlement incorporated ten State actions in California, Florida, Iowa, Kansas, New Mexico, Tennessee, Wisconsin and South Carolina, asserting antitrust and unfair competition State law claims, on behalf of purchasers of 3M tape products.

The Court issued a Final Approval Order and Judgment on April 21, 2006. The [*4] Court certified a nationwide class of persons who purchased invisible tape between January 1, 1993 and August 5, 2005. As part of the Settlement Agreement, the Settlement Class released all of its relevant claims, including federal and State antitrust, unfair competition, consumer protection and deceptive trad practices, against 3M and all 3M product retailers. The release excluded claims relating to alleged product defects, personal injury or breach of contract. In return, 3M agreed to provide to charitable beneficiaries 3M office products (e.g., tape, Post-its, easels, overhead projectors, etc.) with a retail value of $ 36.9 million, as well as $ 4.1 million in cash to purchase competitors' tape and office supplies. The designated beneficiaries are the American Red Cross, the Salvation Army, Habitat for Humanity International, SHOPA Kids in Need Foundation, Gifts in Kind International and the National Association for the Exchange of Industrial Resources. These charitable beneficiaries are also Settlement Class Members, having purchased tape during the Class Period. 3M agreed to pay all costs of administering the settlement, including the class notice and product distribution. The [*5] Court awarded Class Counsel approximately $ 7.5 million in attorneys' fees and costs; the attorneys' fee award is in addition to the settlement award.

Prior to approving the final settlement, the Court considered written objections filed by Settlement Class members, including the Bandas Law Firm and Ms. Rogers, and oral argument from some, including Ms. Rogers' representative. The Court found that

> the Settlement is fair, reasonable, and adequate, and in the best interest of the Plaintiff Settlement Class. The Settlement is the product of arm's-length, serious and informed negotiations among experienced and knowledgeable counsel. . . . The objections that have been filed with respect to the Settlement and/or Distribution Plan have been considered by the Court and are overruled.

April 21, 2006 Final Approval Order P 3.4. The Court also noted for the record that Plaintiffs would not have achieved as sizable a settlement had it not been structured to as a charitable donation.

The Bandas Law Firm and Ms. Rogers have separately filed notices of appeal. Plaintiffs move, pursuant to *Federal Rule of Appellate Procedure 7*, for the posting of an appellate bond in the amount [*6] of $ 431,167 to cover Class Counsel and the Settlement Class' estimated costs on appeal, including $ 7,500 in taxable costs, $ 185,000 in attorneys' fees and $ 239,667 in anticipated post-judgment interest to compensate for the delayed distribution of the $ 4.1 million cash portion of the settlement.

DISCUSSION

Appellate *Rule 7* provides that in a civil case, "the district court may require an appellant to file a bond or provide other security in any form and amount necessary to ensure payment of costs on appeal." The rule does not define the term "costs," and no Ninth Circuit authority addresses the question of what costs the district court may include in requiring an appellate cost bond.

The Supreme Court has held that courts should look to the underlying statute's fee-shifting provision in order to decide whether attorneys' fees are to be included as costs for purposes of *Federal Rule of Civil Procedure 68*. *Marek v. Chesny, 473 U.S. 1, 9, 105 S. Ct. 3012, 87 L. Ed. 2d 1 (1985)*. Courts have adopted the approach in *Marek* in deciding which types of fees are to be included in a motion under Appellate *Rule 7* for an appellate bond. *See In re Cardizem CD Antitrust Litig., 391 F.3d 812, 817 (6th Cir. 2004)* [*7] (applying *Marek* to interpretation of costs under Appellate *Rule 7*); *Pedraza v. United Guaranty Corp., 313 F.3d 1323, 1333 (11th Cir. 2002)* (concluding that the meaning of the term "costs" in *Rule 7* "should be derived from the definition of costs contained in the statutory fee shifting provision that attends the plaintiff's underlying cause of action"); *Adsani v. Miller, 139 F.3d 67, 74-75 (2nd Cir. 1998)* (affirming district court's inclusion of attorneys' fees in bond under Appellate *Rule 7*). Neither Objector disputes the applica-

bility of *Marek* here to Plaintiffs' motion under Appellate *Rule 7* for an appellate bond.

Therefore, the next question is whether the relevant underlying federal antitrust laws would define attorneys' fees to be recoverable costs. *Section 4* of the Clayton Act provides that

> any person who shall be injured in his business or property by reason of anything forbidden in the antitrust laws may sue therefor in any district court of the United States in the district in which the defendant resides or is found or has an agent, without respect to the amount in controversy, and shall recover threefold the damages by him [*8] sustained, *and the cost of suit, including a reasonable attorney's fee.*

*15 U.S.C.. § 15(a)* (emphasis added). The Ninth Circuit has described attorneys' fees as "part of the cost of a successful antitrust suit." *Hasbrouck v. Texaco, Inc., 879 F.2d 632, 635 (9th Cir. 1989)* (citing *Twin City Sportservice, Inc. v. Charles O. Finley & Co., 676 F.2d 1291, 1312 (9th Cir. 1982))*.

In *Pedraza*, the Eleventh Circuit contrasted fee-shifting provisions such as that in *42 U.S.C. § 1988(b)* (allowing courts to award the prevailing party "a reasonable attorney's fee as part of the costs") with that of the Real Estate Settlement Procedures Act, *12 U.S.C. § 2607(d)(5)*, (allowing courts to award "costs of the action together with reasonable attorneys' fees"), and found that the former supported the inclusion of attorneys' fees as part of a cost bond issued under Appellate *Rule 7*, but the latter did not. *Pedraza, 313 F.3d at 1333-35*. Here, the phrasing of the Clayton Act's fee-shifting provision, and the Ninth Circuit's formulation thereof, are similar or identical [*9] to the language that was found in *Pedreza, Marek* and elsewhere to indicate that attorneys' fees are properly included in an appellate cost bond. Therefore, the Court concludes that for a claim under the Clayton Act, attorneys' fees are part of the "costs" which may be secured by a bond under Appellate *Rule 7*. Ms. Rogers' citation to *Christiansburg Garment Co. v. Equal Employment Opportunity Commission, 434 U.S. 412, 98 S. Ct. 694, 54 L. Ed. 2d 648 (1978)*, which addresses the standard used to award attorneys' fees to a prevailing defendant in a Title VII action, is inapposite.

The Bandas Law Firm objects to the inclusion of attorneys' fees in this case on the grounds that the Clayton Act does not authorize the award of fees "against a prevailing plaintiff." This argument also misses the mark: the Clayton Act's definition of costs includes attorneys' fees, a point on which the Bandas Law Firm offers no contradictory analysis or legal authority. In cases with similar procedural postures, other courts have allowed recovery of costs, including attorneys' fees where applicable, against objector-appellants. For instance, one California district court imposed, pursuant to Appellate [*10] *Rule 7*, an appellate cost bond on an objector-appellant who appealed the settlement of a large class action; the court included attorneys' fees in its initial calculation of the bond and then doubled that amount on the grounds that the appeal was frivolous and disingenuous. *In re Heritage Bond Antitrust Litig., 2005 U.S. Dist. LEXIS 13555, 2005 WL 2401111, *3-9 (C.D. Cal. Sept. 12, 2005)*; see also, e.g., *In re Cardizem, 391 F.3d at 817* (affirming imposition of $ 174,429 appellate cost bond on plaintiff who appealed the district court's denial of her objection to proposed settlement of nationwide antitrust class action); *Allapattah Servs., Inc. v. Exxon Corp., 2006 U.S. Dist. LEXIS 88829, 2006 WL 1132371, *18 (S.D. Fla. Apr. 7, 2006)* (requiring objector to post appellate cost bond of $ 13.5 million in order to cover "damages, costs and interest that the entire class will lose as a result of the appeal" of billion-dollar, settlement). The Court concludes that an appellate cost bond here properly includes Class Counsel's estimated appellate attorneys' fees.

The Court finds that the Bandas Law Firm and Ms. Roger's objections to the proposed settlement were unfounded, and therefore views their [*11] appeals as unlikely to succeed. The Bandas Law Firm objected to the award to charities as inadequate to compensate Settlement Class members, yet it ignored the fact that the charitable beneficiaries are also Class members; the legal authority supporting *cy pres* awards in the context of similar settlements; the costs of administering any settlement involving direct compensation of Class members; and the judgment of the parties and an experienced mediator that the settlement was fair in light of factors such as the strength of Plaintiffs' case and the risk, expense, complexity and likely duration of further litigation. Ms. Rogers' objections were patently frivolous: her cookie-cutter written objection bore no particular relationship to the circumstances of the settlement here, and at the hearing, her counsel erroneously referred to this case as involving "defective" tape.

Under the circumstances of this case, the Court finds that requiring objectors to post an appellate costs bond covering estimated taxable costs ( $ 7,500), attorneys' fees ( $ 185,000) and expected interest on the cash portion of the settlement ( $ 239,667) is appropriate, for a total of $ 431,167.

CONCLUSION

[*12] For the foregoing reasons, the Court GRANTS Plaintiffs' motion to require Objectors to post an appellate cost bond as a condition of prosecuting their appeals (Docket No. 248). The Court hereby imposes, pursuant to Appellate *Rule 7*, a bond requirement in the amount of $ 431,167.00 jointly and severally on Ms. Rogers and the Bandas Law Firm. No later than ten days from the date of this order, Objectors must file with the Court and serve on appellees either proof of satisfaction of the bond requirement or proof of withdrawal of their appeal.

IT IS SO ORDERED.

Dated: AUG 10 2006

CLAUDIA WILKEN

United States District Judge