# EXHIBIT G

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| Kevin Embry, | NO. C 09-01808 JW |
| Plaintiff, | **ORDER GRANTING PLAINTIFF'S MOTION FOR RECONSIDERATION; REQUIRING APPELLATE BOND** |
| v. | |
| ACER America Corp., | |
| Defendant. | |

Presently before the Court is Plaintiff's Motion for Reconsideration.[1] Plaintiff previously asked the Court to require Objector Christopher Bandas ("Objector Bandas"), along with Objector Samuel Cannata ("Objector Cannata"), to post an appellate bond in order to appeal the class action settlement approved by the Court.[2] The Court granted Plaintiff's Motion as to Objector Cannata, but denied it as moot as to Objector Bandas, because the latter's appeal had already been dismissed by the Ninth Circuit for failure to pay fees.[3] On June 25, 2012, however, the Ninth Circuit reinstated Objector Bandas' appeal following his payment of fees.[4] Accordingly, in light of the changed

---

[1] (Plaintiff's Motion for Reconsideration re Order Granting in Part Plaintiff's Motion to Require Appellate Bond, hereafter, "Motion," Docket Item No. 261.)

[2] (See Docket Item No. 232.)

[3] (Order Granting in part Plaintiff's Motion to Require Appellate Bond, hereafter, "June 5 Order," Docket Item No. 253.)

[4] (See Docket Item No. 259.)

factual circumstances, the Court granted Plaintiff leave to seek reconsideration of its June 5 Order.[5] Plaintiff now asks the Court to impose an appellate bond on Objector Bandas similar to that already imposed upon Objector Cannata. Based on the papers submitted to date, the Court GRANTS Plaintiff's Motion.

"[T]he district court may require an appellant to file a bond or provide other security in form and amount necessary to ensure payment of costs on appeal." Azizian v. Federated Dep't Stores, Inc., 499 F.3d 950, 954-55 (9th Cir. 2007) (citing Fed. R. App. P. 7). "[T]he purpose of appellate bond] is to protect an appellee against the risk of nonpayment by an unsuccessful appellant." Fleury v. Richemont N. Am., Inc., No. C-05-4525 EMC, 2008 WL 4680033, at *6 (N.D. Cal. Oct. 21, 2008) (quotations and citations omitted). In determining whether a bond should be required, the court should consider (1) the appellant's financial ability to post a bond; (2) the risk that the appellant would not pay the appellee's costs if the appeal loses; and (3) the merits of the appeal. See id. at *6-7. While an appellate bond should be sufficient to cover costs on appeal, those costs may only include attorney fees if the claim is brought under a fee-shifting statute that would allow recovery from an objecting class member, as opposed to a defendant. Azizian, 499 F.3d at 953-54. Even if a district court concludes that attorney fees are likely to be awarded on the ground that an appeal is frivolous, the district court may not include such fees in an appellate bond. See id. at 954.

Upon review, the Court finds that the posting of an appellate bond is warranted in this case. With regards to the first factor–namely, the ability to post a bond–Objector does not dispute that he is able to post a bond sufficient to cover costs on appeal.[6] Thus, this factor weighs in favor of requiring a bond.[7] With regards to the second factor–the difficulty of collecting payment post-

---

[5] (See Docket Item No. 260.)

[6] (Objector Christopher Bandas's Response in Opposition to Plaintiff's Motion for Reconsideration at 3, hereafter, "Opp'n," Docket Item No. 262.)

[7] See Fleury, 2008 WL 4680033, at *7 ("There is no indication that plaintiff is financially unable to post bond, and thus this factor weighs in favor of a bond.") (citation omitted).

2

appeal–Objector Bandas resides outside of the jurisdiction of the Ninth Circuit,[8] which also weighs in favor of requiring a bond.[9] Finally, the Court finds that the merits of Objector's appeal weigh heavily in favor of requiring a bond, insofar as his objections to the settlement are lacking in merit. Objector Bandas makes no objection to the terms of the settlement itself, but objects only to attorney fees on the grounds that the documents provided in support of class counsel's request for fees were insufficient, and his contention that the quick-pay provision of the settlement agreement created a conflict between class counsel and members of the class.[10] However, the Court carefully considered each of these objections and overruled them prior to approving the settlement. (See Docket Item No. 217.) Thus, because all three factors weigh in favor of requiring an appellate bond, the Court finds that a bond is warranted.[11]

---

[8] (See id. (stating that Objector is an attorney in the State of Texas).)

[9] See Fleury, 2008 WL 4680033, at *7.

[10] (See Docket Item No. 199.)

[11] In his Opposition, Objector Bandas requests a further opportunity to submit opposition briefing because he was permitted only a week to respond to Plaintiff's Motion for Reconsideration. (See Opp'n at 1-2.) The Court does not find good cause, however, to permit such additional briefing. Although Plaintiff's original Motion for an Appellate Bond was denied as moot as to Objector Bandas, it was not denied until after Objector Bandas had already filed a response brief. (See Docket Item No. 239.) Thus, Objector Bandas already had a full opportunity to oppose Plaintiff's Bond Motion, in addition to the time received to oppose the Motion for Reconsideration. Accordingly, the Court finds that Objector Bandas has had more than an adequate opportunity to oppose Plaintiff's Motion.

3

Accordingly, the Court GRANTS Plaintiff's Motion for Reconsideration. On or before **August 6, 2012**, Objector Bandas shall either (1) post an appellate bond in the amount of $70,650;[12] or (2) file a notice of dismissal of his appeal.

Dated: July 31, 2012

JAMES WARE
United States District Chief Judge

---

[12] Objector Bandas contends that a bond of $70,650 is excessive and that Plaintiff's costs on appeal "will be *de minimis*." (Opp'n at 3.) Plaintiff has provided evidence, however, that maintaining contact with class members for the duration of an appeal will cost approximately $55,650, and that Plaintiff will incur an additional $15,000 in costs associated with preparing the record for appeal. (See Docket Item Nos. 232-1, 232-2.) In light of Plaintiff's evidentiary showing, the Court finds that the $70,650 bond requested is reasonable.

4

**THIS IS TO CERTIFY THAT COPIES OF THIS ORDER HAVE BEEN DELIVERED TO:**

Adam Gutride adam@gutridesafier.com
Adam Joseph Bedel ajbedel@quinnemanuel.com
Jeffery David McFarland jdm@quinnemanuel.com
Joseph Darrell Palmer darrell.palmer@palmerlegalteam.com
Sam Cannata samcannata@cannataphillipslaw.com
Seth Adam Safier seth@gutridesafier.com
Stan Karas stankaras@quinnemanuel.com
Todd Michael Kennedy todd@gutridesafier.com

Dated: July 31, 2012

Richard W. Wieking, Clerk

By: /s/ JW Chambers
William Noble
Courtroom Deputy

United States District Court
For the Northern District of California