UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

IN RE: CHINESE-MANUFACTURED
DRYWALL PRODUCTS LIABILITY
LITIGATION

MDL NO. 2047

SECTION: L

JUDGE FALLON
MAG. JUDGE WILKINSON

THIS DOCUMENT RELATES TO:
*CASES SET FOR TRIAL INVOLVING INTERIOR/
EXTERIOR AND NORTH RIVER*

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

MEMORANDUM IN SUPPORT OF PLAINTIFF-INTERVENORS'
MOTION *IN LIMINE* TO EXCLUDE DEFENDANTS' EXPERT
OPINION OR OTHER EVIDENCE TO THE EFFECT
THAT A MANUFACTURER WAS AT FAULT

**MAY IT PLEASE THE COURT:**

In June 2012 plaintiffs who are proceeding to trial against defendants INEX and North River on November 26, 2012, moved *in limine* for a ruling by the Court that the principle of solidarily liability be recognized as governing the redhibition fault of INEX as drywall seller and Knauf as drywall manufacturer-seller. *See* Doc. 14665. This motion anticipated the defense of INEX/North River at trial that, as the manufacturer-seller of the drywall installed in plaintiffs' homes, Knauf should be considered wholly or partially at fault for the plaintiffs' damages.

In this motion, plaintiffs urged the Court's *Erie* adoption of a line of jurisprudence decided in the Louisiana First, Second, Third and Fourth Circuit Courts of Appeal, which, consistent with the pro-consumer objective of the redhibition remedy, confirms that the 1996 adoption of comparative fault in Louisiana tort law did not supplant the well-settled principle of solidary liability as between a manufacturer-seller and downstream seller in redhibition cases.

Plaintiffs argued that the Court's recognition and application of this principle would make it both irrelevant and inappropriate for the jury in the November trial to decide whether or to what extent there is fault on the part of the manufacturer of the drywall installed in plaintiffs' homes.

On August 3, 2012 the Court ruled on plaintiffs' motion, concluding that since the only question to be tried in November is whether or not INEX was a seller with knowledge under LCC Article 2545, the decision whether to apply the principle of solidary liability should be deferred. *See* Order and Reasons of 8/6/12 [Doc. 15630], at p. 14. The Court in so doing found "convincing" the argument of the defendant North River that this issue was "premature because...<u>the bellwether trial is limited to the liability of Interior Exterior</u>. *Id.* [emphasis added].

Notwithstanding this ruling, defendants appear determined to continue pursuit of a trial strategy which assigns blame to the Chinese manufacturers of the drywall imported and distributed by INEX. For example, defendants' trial expert Dr. James Tompkins has set forth in his written report a number of opinions to the effect that Knauf and/or Taishan, instead of INEX, should be considered the parties at fault for plaintiffs' harm. For easy reference, Dr. Tompkins' report of October 5, 2012 is made Attachment A; and the language where the above opinions are set forth has been highlighted at pages 3-4, 6-7, and 10.

Plaintiffs acknowledge that, obviously, INEX is entitled to defend itself against claims that it knew or should have known of the drywall's defectiveness produced by these manufacturers on the ground that it received no information from the manufacturers to suggest that the drywall was defective. This evidence relates to the trial issue whether, at times pertinent, INEX knew or should have known that the drywall was defective. But defendants wish to go further, and certainly Dr. Tompkins goes much further, when he avers that: Knauf "egregiously" chose not to share information with INEX (p. 3 of report); both manufacturers were "covering up

problems" with the drywall (pp. 3 & 10); the responsibility in the case rests "solely and exclusively with Knauf and Taishan" (p. 3); had either manufacturer informed customers in timely fashion, a "massive and regional problem" would have been avoided (p. 3); INEX was "an innocent victim of negligence by two large multinational...manufacturers (p. 3); and INEX was victimized by the manufacturers' "conspiracy" (pp. 4 & 10).  He likewise goes well beyond the trial issue whether INEX is liable as a seller, when expressing the opinions set forth in Sections 10, 11, and 12 of his report (pp. 6-7), under the following titles:

    10.0    That Knauf Knew Of The Defective Drywall And Took No Steps To Ensure That Those Who Bought It From Them Knew About It

    11.0    That Knauf Singled Out One Customer For Restitution And Engaged In Damage Control

    12.0    That INEX Was A Victim Of Malfeasance And Neglect On The Part Of Knauf And Taishan.

Again, to defend against claims of the seller liability on the part of INEX by proving that INEX was not informed of the drywall's defectiveness by the manufacturers is one thing; indeed, this may not even be in dispute and could be a matter of joint stipulation.  But INEX and North River do not stop there; and their effort to engage in comparative fault analysis by blaming these manufacturers through expert testimony, not only runs afoul of the solidary liability principle which (in plaintiffs' view) legally precludes the jury from assigning fault to a manufacturer in a case brought only against the downstream seller in redhibition, but also would oblige an absent party to defend itself.  Indeed, Knauf in particular is not a party at trial precisely because of another ruling made by the Court in its August 3 Order, i.e., the denial of a motion by North River to align Knauf as a party plaintiff.  *See* Order and Reasons of 8/6/12 [Doc. 15630].

Taishan's pending appeal of the Court's jurisdictional ruling, and the effective stay of claims against Taishan pending appeal, do not even require such motion practice on the issue: self-evidently, this defendant manufacturer <u>cannot</u> be present at trial to defend itself and against a jury finding adverse to its interests in the MDL.

Since, under the Court's ruling on prior motions *in limine*, the above-referenced expert opinions by Dr. Tompkins have no place in the case to be tried on November 26, plaintiffs specifically move for an Order striking the language and opinions noted and highlighted in the attached report by Dr. Tompkins.  Additionally, plaintiffs request that in the same Order INEX and North River be precluded from offering evidence of any kind at trial which purports to characterize or assign fault on the part of Taishan and/or Knauf for the harm alleged by plaintiffs.

                          Respectfully submitted,

Dated: October 25, 2012

/s/ Russ M. Herman
Russ M. Herman, Esquire (Bar No. 6819)
Leonard A. Davis, Esquire (Bar No. 14190)
Stephen J. Herman, Esquire (Bar No. 23129)
HERMAN, HERMAN & KATZ, L.L.C.
820 O'Keefe Avenue
New Orleans, Louisiana 70113
Phone: (504) 581-4892
Fax: (504) 561-6024
LDavis@hhklawfirm.com
*Plaintiffs' Liaison Counsel MDL 2047*

Arnold Levin
Fred S. Longer
Matthew C. Gaughan
Levin, Fishbein, Sedran & Berman
510 Walnut Street, Suite 500
Philadelphia, PA 19106
215-592-1500 (phone)
215-592-4663 (fax)
Alevin@lfsblaw.com
*Plaintiffs' Lead Counsel MDL 2047*

## PLAINTIFFS' STEERING COMMITTEE

Dawn M. Barrios
Barrios, Kingsdorf & Casteix, LLP
701 Poydras Street, Suite 3650
New Orleans, LA 70139
Phone: (504) 524-3300
Fax: (504) 524-3313
Barrios@bkc-law.com

Daniel E. Becnel, Jr.
Becnel Law Firm. LLC
P.O. Drawer H
106 W. Seventh Street
Reserve, LA 70084
Phone: (985) 536-1186
Fax: (985) 536-6445
dbecnel@becnellaw.com

Robert C. Josefsberg
Podhurst Orseck, P.A.
25 Flagler Street, 8th Floor
Miami, FL 33130
Phone: (305) 358-2800
Fax: (305) 358-2382
rjosefsberg@podhurst.com

Bruce William Steckler
Baron & Budd, P.C.
3102 Oak Lawn Ave., Suite 1100
Dallas, TX 75219
Phone: (214) 521-3605
Fax: (214) 520-1181
bsteckler@baronbudd.com

Ervin A. Gonzalez
Colson, Hicks, Eidson, Colson
  Matthews, Martinez, Gonzales,
  Kalbac & Kane
255 Alhambra Circle, Penthouse
Cora Gables, FL 33134
Phone: (305) 476-7400
Fax: (305) 476-7444

Ben W. Gordon, Jr.
Levin, Papantonio, Thomas, Mitchell
 Echsner & Proctor, P.A.
316 S. Baylen Street, Suite 600
Pensacola, FL 32502
Phone: (850) 435-7000
Fax: (850) 435-7020
bgordon@levinlaw.com

Hugh P. Lambert
Lambert and Nelson
701 Magazine Street
New Orleans, LA 70130
Phone: (504) 581-1750
Fax: (504) 529-2931
hlambert@lambertandnelson.com

Gerald E. Meunier
Gainsburgh, Benjamin, David, Meunier
 & Warshauer, LLC
2800 Energy Centre, 1100 Poydras Street
New Orleans, LA 70163-2800
Phone: (504) 522-2304
Fax: (504) 528-9973
gmeunier@gainsben.com

Jerrold Seth Parker
Parker, Waichman, Alonso LLP
3301 Bonita Beach Road
Bonita Springs, FL 34134
Phone: (239) 390-1000
Fax: (239) 390-0055
Jerry@yourlawyer.com

Scott Wm. Weinstein
Morgan & Morgan
12800 University Drive, Suite 600
Ft. Meyers, FL 33907
Phone: (239) 433-6880
Fax: (239) 433-6836
sweinstein@forthepeople.com

| | |
|---|---|
| James Robert Reeves<br>Lumpkin & Reeves<br>160 Main Street<br>Biloxi, MS 39530<br>Phone: (228) 374-5151<br>Fax: (228) 374-6630<br>jrr@lumpkinreeves.com | Richard J. Serpe, Esquire<br>Law Offices of Richard J. Serpe<br>Crown Center, Ste. 310<br>580 East Main Street<br>Norfolk, VA 23510-2322<br>rserpe@serpefirm.com |
| Christopher Seeger<br>Seeger Weiss, LLP<br>One William Street<br>New York, NY 10004<br>Phone: (212) 584-0700<br>Fax: (212) 584-0799<br>cseeger@seegerweiss.com | Victor M. Diaz, Jr.<br>119 Washington Avenue<br>Suite 402<br>Miami Beach, FL 33139<br>victor@diazpartners.com |
| Daniel K. Bryson<br>Whitfield, Bryson & Mason, LLP<br>900 W. Morgan Street<br>Raleigh, NC 27603<br>Phone: (919) 600-5000<br>Fax: (919) 600-5035<br>Daniel@wbmllp.com | |

### OF COUNSEL TO PLAINTIFFS' STEERING COMMITTEE

| | |
|---|---|
| Richard S. Lewis<br>HAUSFELD LLP<br>1700 K Street, N.W<br>Suite  650<br>Washington, DC 20006<br>Phone: (202) 540-7200<br>Fax:  (202) 540-7201<br>rlewis@hausfeldllp.com | Andrew A. Lemmon<br>Lemmon Law Firm, LLC<br>P.O. Box 904<br>15058 River Road<br>Hahnville, LA 70057<br>Phone: (985) 783-6789<br>Fax: (985) 783-1333<br>andrew@lemmonlawfirm.com |

### **CERTIFICATE OF SERVICE**

I hereby certify that the above and foregoing pleading has been served on Defendants' Liaison Counsel, Kerry Miller, by e-mail and upon all parties by electronically uploading the same

to LexisNexis File & Serve in accordance with Pre-Trial Order No. 6, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2047 on this 25th day of October, 2012.

/s/ Leonard A. Davis
Leonard A. Davis, Esquire
Herman, Herman & Katz, L.L.C.
820 O'Keefe Avenue
New Orleans, Louisiana 70113
Phone: (504) 581-4892
Fax: (504) 561-6024
Ldavis@hhklawfirm.com
Plaintiffs' Liaison Counsel
MDL 2047

*Co-counsel for Plaintiffs*