-1-

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: CHINESE-MANUFACTURED DRYWALL PRODUCTS LIABILITY LITIGATION | ) ) ) ) | CIVIL ACTION NO. 09-2047 <br><br> JUDGE FALLON |
| This Document Relates to: ALL CASES | | MAGISTRATE WILKINSON |

**MEMORANDUM IN SUPPORT OF INTERIOR EXTERIOR'S
MOTION TO QUASH AND FOR PROTECTIVE ORDER**

MAY IT PLEASE THE COURT:

Defendants, Interior Exterior Building Supply, L.P. and Interior Exterior Enterprises, L.L.C. ("Interior Exterior"); and Peter Lindh and United States Gypsum Company who respectfully join in this motion, move this Court for an order to quash Plaintiffs' Subpoena and for a protective order for documents directed toward United States Gypsum Company and Peter Lindh of Gibson Robb & Lindh for the expert report of Dr. Timothy Tonyan and Dr. Tonyan's reliance materials, deposition transcripts, and trial testimony in the *Dayton Superior Corporation vs. United States Gypsum Company*, Case No. RG-08-378152, Superior Court of California, County of Alameda.

Dr. Timothy Tonyan has been retained by Interior Exterior to opine on the trial issues at hand. Accordingly, Interior Exterior has the right to seek relief from this Court by having an order quashing plaintiffs' subpoena and having a protective order issued concerning same.

## BACKGROUND

As the Court is keenly aware, plaintiffs have asserted a redhibition claim against Interior Exterior arising out of the sale by Interior Exterior of Chinese-manufactured drywall ("CDW"). The relevant inquiry for this trial is whether Interior Exterior knew, or in the exercise of reasonable care in light of known facts, should have known of the off-gassing of sulphur defect in the CDW. Dr. Timothy Tonyan has been retained by Interior Exterior to opine on the trial issue at hand. In particular, Dr. Tonyan will opine as to the cause of the defect and that there was no way Interior Exterior could have foreseen, prevented or taken any industry standard actions to have prevented the damage.

Plaintiffs have subpoenaed Dr. Timothy Tonyan's expert report and Dr. Tonyan's reliance materials, deposition transcripts, and trial testimony from another non-related lawsuit entitled *Dayton Superior Corporation vs. United States Gypsum Company*, Case No. RG-08-378152, Superior Court of California, County of Alameda from United States Gypsum Company and Peter Lindh of Gibson Robb & Lindh. Dr. Tonyan was retained in the *Dayton* matter and he provided testimony for USG, his former employer. (See Exhibit A, Declaration of Peter Lindh). Notably, the *Dayton* matter concerned a stucco façade on a university campus and did not deal with drywall. Thus, the subpoena request is wholly improper as the opinions offered in *Dayton* are unrelated to the limited issue at trial.

Additionally, pursuant to Federal Rule of Civil Procedure 45(c)(3)(B)(ii), Dr. Tonyan was not retained by the plaintiffs or Interior Exterior in the *Dayton* matter; thereby Dr. Tonyan

may be classified as an unretained expert. Dr. Tonyan's report and testimony should be protected as plaintiffs seek to garner information not related to the trial issue; and of which neither plaintiffs or Interior Exterior have compensated him for such.

Moreover, the information contained in Dr. Tonyan's report, reliance materials, deposition transcripts, and trial testimony may contain privileged materials and trademark and product secrets as to USG. Furthermore, a confidentiality agreement and protective order was issued in the *Dayton* matter that prohibits the release and disclosure of any information relating to the *Dayton* matter. (See Exhibit B, Confidentiality Agreement and Protective Order). Therefore, the release of information would violate the Superior Court of the State of California's Order and would cause serious harm to the litigants in the *Dayton* matter. Thus, the disclosure of Dr. Tonyan's report and the associated reliance materials with any associated testimony should be denied.

If plaintiffs are requesting all reports provided by experts and the reliance materials and testimonies associated thereof, Interior Exterior respectfully requests that at this time plaintiffs provide all reports, reliance materials and testimonies from their proposed experts.

## **CONCLUSION**

Dr. Timothy Tonyan's report, reliance materials, and testimony in the *Dayton* matter are not related to the limited trial issue. For this reason, Interior Exterior, and Peter Lindh and United States Gypsum Company respectfully join in this motion, request that this Court issue an order quashing plaintiffs' subpoena directed toward United States Gypsum Company and Peter Lindh of Gibson Robb & Lindh for the expert report of Dr. Timothy Tonyan and Dr. Tonyan's reliance materials, deposition transcripts, and trial testimony in the *Dayton Superior Corporation*

*vs. United States Gypsum Company*, Case No. RG-08-378152, Superior Court of California, County of Alameda; and issue a protective order regarding same.

Respectfully submitted,

*Richard G. Duplantier, Jr.   /s/*
Richard G. Duplantier, Jr. (# 18874)
Lambert J. Hassinger, Jr. (# 21683)
Benjamin R. Grau (#26307)
Carlina C. Eiselen, (# 28524)
GALLOWAY, JOHNSON, TOMPKINS,
BURR & SMITH
701 Poydras Street, 40th Floor
New Orleans, Louisiana 70139
Telephone:  (504) 525-6802 / Fax:   (504) 525-2456
rduplantier@gjtbs.com /jhassinger@gjtbs.com
bgrau@gjtbs.com / ceiselen@gjtbs.com
*Counsel for Defendant, Interior Exterior Building Supply, L.P. and Interior Exterior Enterprises, LLC*

**Certificate of Service**

The undersigned certifies that this document has been served on Plaintiffs' Liaison counsel Russ Herman and Defendants' Liaison Counsel Kerry Miller, by email and United States Mail, and upon all parties by electronically uploading the same to Lexis Nexis File & Serve in accordance with Pretrial Order No. 6, and that the foregoing was filed with the Clerk of Court for the United States District Court for the Eastern District of Louisiana by using the CM/ECF System which will send a notice of electronic filing in accord with the procedures established in MDL 2047, on the 26th day of October, 2012.

*Richard G. Duplantier, Jr.   /s/*
RICHARD G. DUPLANTIER, JR.
