# DECLARATION OF PETER A. LINDH

1. I am an attorney duly admitted to practice in the State of California and in the United States District Court in and for the Northern District of California.

2. I represented United States Gypsum Company ("USG") in defense of a suit brought by Dayton Superior Corporation in California Superior Court. The litigation related to a road patch material, Duracal, that was developed by USG over a period of four decades. The Duracal product was used by Dayton in formulating its own stucco product, V. O. Patch, which was marketed for exterior application to buildings and used as such on a building on the campus of the University of California at Berkeley. The Dayton litigation had no relationship to drywall or any drywall related issues.

3. Both Dayton and USG obtained a protective order from the Superior Court protecting the highly sensitive proprietary information relating to the development of their respective products.

4. Due to the passage of time and the exigencies presented by this motion, I have not been able to locate a copy of the Court's signed protective order, but the sensitivity of the material was such that the parties entered into a further stipulation precluding disclosure of the information even to employees of either organization with research and development responsibilities. Attached hereto as Exhibit "A" is a true and correct copy of that further stipulation which recites the date of execution of the original stipulation by the Superior Court.

5. In the Dayton litigation USG retained Dr. Timothy Tonyan to testify on issues regarding product development of USG's road patch material, Duracal, and Dayton's stucco product, VO Patch. He was not designated and did not testify on on any issue relating to drywall.

6. Dr. Tonyan's file material consisted primarily of the sensitive proprietary information relating to the development of USG's road patch material, Duracal, and to Dayton's stucco material, VO Patch.

7. Production of that file material or the deposition transcript requested in the subpoena would violate the protective order signed by the California Superior court. Dr. Tonyan did not prepare written report.

8. All material relating to Duracal or VO Patch that was relied on by Dr. Tonyan in testimony in the trial and all related documents entered into evidence relating to the products were entered under seal to preserve the confidentiality of that material.

9. The disclosure of the information in my files relating to Dr. Tonyan pursuant to the subject subpoena would irreparably harm USG's and Dayton's proprietary interest in the confidentiality of their trade secretes relating to Duracal and VO Patch and would violate the protective order entered by the California Superior Court.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed this 26th day of October, 2012 in San Francisco California.

_____
Peter A. Lindh