UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: CHINESE-MANUFACTURED DRYWALL PRODUCTS LIABILITY LITIGATION | MDL DOCKET: 2047 |
| | SECTION: L |
| THIS DOCUMENT RELATES TO: ALL CASES | JUDGE FALLON MAG. JUDGE WILKINSON |

_____/

## THE BANNER ENTITIES' RESPONSE TO OBJECTIONS TO FINAL APPROVAL OF THE BANNER SETTLEMENT

Defendants, Banner Supply Company, Banner Supply Company Pompano, LLC, Banner Supply Company Fort Myers, LLC, Banner Supply Company Port St. Lucie, LLC, Banner Supply Company Tampa, LLC, and Banner Supply International, LLC (collectively the "Banner Entities") file this response to the Objections to the Amended Stipulation and Agreement of Settlement (Doc. 10033-3) (the "Banner Settlement") filed by John and Lori Willis (the "Willis Objection") and by James and Joanne Haseltine (the "Haseltine Objection") (collectively the "Objections").

It is well settled that this Court has significant discretion when determining whether a proposed settlement is "fair, reasonable and adequate" and, therefore, complies with the standard set forth in Federal Rule of Civil Procedure 23(e)(2).  *See In re Chicken Antitrust Litig. Am. Poultry*, 669 F.2d 228, 238 (5th Cir. 1982) ("Determining the fairness of the settlement is left to the sound discretion of the trial court and we will not overturn the court's decision absent a clear showing of abuse of that discretion.").  Here, the Court is overseeing several settlements involving thousands of homeowners and, correspondingly, thousands of defendants.  While objectors are entitled to raise every concern regarding a class settlement agreement, consequential or not, the Court is charged with a different and difficult task of determining

whether the proposed settlement is fair, reasonable and adequate for *all* class members. Accordingly, the Court may approve a settlement agreement despite objection from individual class members where, as here, the settlement is fair, reasonable and adequate for all class members. *Ayers v. Thompson*, 358 F.3d 356, 373 (5th Cir. 2004); *Turner v. Murphy Oil USA, Inc.*, 472 F. Supp. 2d 830, 853 (E.D. La. 2007). For the reasons set forth herein, the Objections should be overruled as inconsistent with the collective interest of Banner Class Members, and the Court should find that the Banner Settlement is fair, reasonable and adequate when viewed in light of all of the collective interests of all Banner Class Members.

I.  **The Willis Objection**

John and Lori Willis ("Willis") object to the Banner Settlement on three (3) grounds, each of which is legally and factually insufficient for this Court to sustain the Willis Objection.

**A.  The Assignment of Some Banner Settlement Class Members' Recoveries to the Knauf Defendants in Return for Participation in the Knauf Settlement is Insufficient for Purposes of Sustaining the Willis Objection.**

Willis objects to the Banner Settlement because "[a]ny [a]llocation plan in which any proceeds of the Banner Class Action Settlement are dedicated to the Remediation Fund before all Approved Claims are fully compensated." However, Willis fails to explain what they mean by "fully compensated." The obligation to shift some proceeds of the Banner Settlement into the Knauf Settlement's Remediation Fund does not arise from either the Banner Settlement, or the proposed Banner Allocation Plan. Rather, pursuant to Section 4.8.2 of the Settlement Agreement Regarding Claims Against the Knauf Defendants in MDL No. 2047 (Doc. 12061-5) (the "Knauf Settlement"), a Knauf Settlement Class Member is required to "assign his/her claims (to the extent that they relate to KPT Chinese Drywall) to any net recovery under the . . . Banner . . . Settlement[] to the Knauf Defendants." In recognition of that obligation, the proposed Banner Allocation Plan provides that the recoveries owed to Banner Settlement Class Members who are

also Knauf Settlement Class Members will be paid directly to the Knauf Remediation Fund. (Doc. 15841-1, ¶ 8).  The provision was included in the Knauf Settlement to facilitate administration of the various settlements and to avoid forcing a cumbersome and complicated reimbursement mechanism on Banner Settlement Class Members.  Contrary to the Willis' assertion, the Banner Allocation Plan does not "dedicate" any proceeds from the Banner Settlement.  Instead, the Banner Allocation Plan merely recognizes the existing obligations of certain Class Members.

Furthermore, the assignment of some of the recoveries does not make the Banner Settlement unfair to Banner Settlement Class Members.  The Banner Class Members will recover under the Banner Allocation Plan on an equitable *pro rata*, per square foot basis.  Homeowners who are members of both the Knauf and Banner Settlement Classes are eligible for full remediation of homes containing substantially all Knauf board.  Therefore, the assignment of recoveries to the Knauf Settlement does not affect the recoveries of those homeowners who are not members of the Knauf Settlement Class, or who otherwise choose not to participate in the Knauf Settlement.

  **B.** **The Alleged Inability to Determine Participation in the Banner Settlement Does Not Affect Whether the Settlement is Fair, Reasonable, and Adequate.**

Willis next objects to the Banner Settlement because of the "inability to determine participation in the Settlement Agreement predicated upon poor record keeping of Banner Supply entities."  Without further delineation in the Willis Objection, Banner can only surmise that this portion of the Willis Objection is based upon the alleged lack of any records (for which Banner assumes Willis did a diligent search and inquiry) that would indicate whether Banner supplied the allegedly defective drywall to the Willis' home.

Initially, it is entirely possible that no such records exist because Banner did not supply the Willis' home. If Banner did not supply allegedly defective Chinese manufactured drywall to the Willis' home, then Willis has no standing whatsoever to object to the Banner Settlement. Assuming, however, that Willis is in fact a Banner Settlement Class Member, that portion of the Willis Objection that is predicated upon poor record keeping is still without merit. Banner kept its delivery records in the ordinary course of business. Banner cannot be expected to have done more. Banner, as well as all other parties to this litigation, including the Plaintiffs' Steering Committee ("PSC"), has participated in extensive written and deposition discovery involving the exchange of thousands of documents and the taking of numerous depositions. In fact, the documents produced by Banner are available on the Court's repository, as are transcripts of the depositions. Accordingly, Willis, in the exercise of due diligence, had access to any documents maintained by Banner regarding the alleged delivery of the allegedly defective Chinese manufactured drywall to the Willis' home. In addition to and notwithstanding the foregoing, Banner has complied with all of this Court's relevant pretrial orders relating to the provision of profile forms and the other Court ordered information regarding the delivery of Chinese manufactured drywall. That none of these materials and information confirmed that Banner supplied allegedly defective Chinese manufactured drywall to the Willis' home is unfortunate, but it in no way impacts the fairness, reasonableness, or adequacy of the Banner Settlement.

**C.   The Banner Settlement Includes a Provision Allowing Class Members to Recover Fees and Costs.**

Willis' final objection to the Banner Settlement is the alleged "failure to provide for recovery of reasonable expenses associated with the prosecution of an individual claim." As this Court is well aware, the Banner Settlement and proposed Allocation Plan create a fund approaching $17,000,000 that will be distributed to attorneys who have prosecuted Banner-

related drywall cases. (*See* Banner Settlement § 14.7.) In the event that Willis can establish that Banner actually delivered defective Chinese manufactured drywall to the Willis home, counsel for Willis simply needs to seek reimbursement of their fees and costs, and provided that the requirements for reimbursement are met, the fees and costs will be reimbursed in accordance with the Banner Settlement.

For the foregoing reasons, the Court should overrule the Willis Objection.

## II.     The Haseltine Objection

Haseltine opposes "the Banner Supply settlement to the extent that the sums provided are too low," and seek special consideration for an additional recovery. (Doc. 12241). A review of the Haseltine Objection reflects that Haseltine is objecting to the Banner Settlement because they anticipate that any amount they receive will be insufficient to cover their remediation costs. Accepting the Haseltine Objection on this basis would contravene the law requiring this Court to consider whether the Banner Settlement is "fair, reasonable, and adequate" for *all* class members.

As explained more fully in the PSC's motion for approval of the various settlements, the amount available for distribution under the Banner Settlement is fair, reasonable and adequate given the complexity of the litigation, the extensive discovery undertaken by the parties, the arms'-length negotiation of the Banner Settlement, and the difficulty of the litigation. (Doc. 15764-1). The Banner Settlement entitles Class Members to more than $53,000,000.00. Unfortunately, given the substantial number of properties involved and the limited funds available to pay claims, not all Class Members can be fully reimbursed from the Banner Settlement alone. The recovery of Repair and Relocation Damages under the Banner Allocation

Plan is, however, based solely on a mathematical formula that treats all Banner Settlement Class Members equally. Accordingly, the Banner Settlement is fair, reasonable, and adequate.

The Banner Entities respectfully suggest that the Banner Settlement is fair, reasonable and adequate within the meaning of Federal Rule of Civil Procedure 23(e)(2) and the cases interpreting same. Banner, therefore, requests this Court to overrule the Willis Objection and the Haseltine Objection, to find that the Banner Settlement is fair, reasonable and adequate and to grant final approval of the Banner Settlement..

Submitted this 29th day of October, 2012.

>**WEINBERG, WHEELER, HUDGINS, GUNN & DIAL, LLC**
>
>*/s/ Michael A. Sexton*
>**MICHAEL A. SEXTON**
>Georgia Bar Number: 636489
>3344 Peachtree Road, Suite 2400
>Atlanta, GA  30326
>Telephone: (404) 876-2700
>E-mail: msexton@wwhgd.com
>*Counsel for Banner Supply Company; Banner Supply Company Fort Myers, LLC; Banner Supply Company Tampa, LLC; Banner Supply Company Pompano, LLC; and Banner Supply International, LLC*
>
>**PETERSON & ESPINO, P.A.**
>
>**MICHAEL P. PETERSON**
>Florida Bar Number: 982040
>10631 S.W. 88th Street, Suite 220
>Miami, FL  33176
>Telephone: (305) 270-3773
>E-mail: mpeterson@petersonespino.com
>*Counsel for Banner Supply Company Port St. Lucie, LLC*

## CERTIFICATE OF SERVICE

      I hereby certify that the above and foregoing Banner Entities' Response to Objections to Final Approval of the Banner Settlement has been served on Plaintiffs' Liaison Counsel Russ Herman and Defendants' Liaison Counsel Kerry Miller by e-mail and upon all parties by electronically uploading the same to Lexis Nexis File & Serve in accordance with Pretrial Order No. 6, and that the foregoing was previously electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, in accordance with the procedures established in MDL 2047, on this 29th day of October, 2012.

                                  WEINBERG, WHEELER, HUDGINS,
                                  GUNN & DIAL, LLC

                                  */s/ Michael A. Sexton*
                                  **MICHAEL A. SEXTON**
                                  Georgia Bar Number: 636489