# EXHIBIT D

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| **IN RE: CHINESE-MANUFACTURED DRYWALL PRODUCTS LIABILITY LITIGATION** | **MDL NO. 2047**<br>**SECTION: L** |
| **THIS DOCUMENT RELATES TO:**<br><br>*Abel, et al. v. Taishan Gypsum Co., Ltd., f/k/a Shandong Taihe Dongxin Co., Ltd., et al*<br>Case No. 11-cv-080 (E.D. La.)<br><br>*Almeroth, et al. v. Taishan Gypsum Co., Ltd f/k/a Shandong Taihe Dongxin Co., Ltd., et al*<br>Case No. 12-cv-0498 (E.D. La.)<br><br>*Amato, et al. v. Liberty Mutual Insurance Company*, Case No. 2:10-cv-00932 (E.D.La.)<br><br>*Germano et al. v. Taishan Gypsum Co., Ltd. et al.*<br>Case No. 2:09-cv-06687 (E.D. La.)<br><br>*Gross, et al. v. Knauf Gips, KG, et al*<br>Case No. 09-cv-6690 (E.D. La.)<br><br>*Haya, et al. v. Taishan Gypsum Co., Ltd f/k/a Shandong Taihe Dongxin Co., Ltd, et al.*<br>Case No. 11-cv-1077 (E.D. La.)<br><br>*Wiltz, et al. v. Beijing New Building Materials Public Limited Co., et al*<br>Case No. 10-cv-361 (E.D. La.) | **JUDGE FALLON**<br>**MAG. JUDGE WILKINSON** |

**PROPOSED CLASS COUNSEL'S ORDER (1) PRELIMINARILY APPROVING EACH OF THE THREE SETTLEMENT AGREEMENTS (NATIONWIDE INSUREDS SETTLEMENT AGREEMENT, PORTER-BLAINE/VENTURE SUPPLY SETTLEMENT AGREEMENT, TOBIN TRADING AND INSTALLERS SETTLEMENT AGREEMENT) IN MDL 2047 REGARDING CLAIMS AGAINST PARTICIPATING DEFENDANTS INCLUDING BUILDERS, INSTALLERS, SUPPLIERS AND PARTICIPATING INSURERS RELATING TO VIRGINIA AND CERTAIN OTHER REMAINING CLAIMS; (2) CONDITIONALLY CERTIFYING EACH OF THE THREE SETTLEMENT CLASSES; (3) APPROVING THE FORM OF NOTICE TO THE CLASS; (4) SCHEDULING A JOINT FAIRNESS HEARING; AND (5) STAYING CLAIMS AGAINST PARTICIPATING DEFENDANTS, INCLUDING BUILDERS, INSTALLERS, SUPPLIERS AND PARTICIPATING INSURERS**

Upon consideration of the Motion of Proposed Class Counsel for Preliminary Approval of each of the three Settlement Agreements (Nationwide Insureds Settlement Agreement, Porter-Blaine/Venture Supply Settlement Agreement, and Tobin Trading and Installers Settlement Agreement) in MDL No. 2047 Regarding Claims Involving Builders, Installers, Suppliers and Participating Insurers Relating to Virginia and Certain Other Remaining Claims (the "Settlement Agreements"),[1] brought pursuant to Federal Rules of Civil Procedure 23(a), 23(b)(3) and 23(e), it is hereby,

ORDERED, ADJUDGED AND DECREED that:

1. Capitalized terms used in this Order have the same meaning as those defined in the Settlement Agreements, attached as Exhibits A, B and C to the Memorandum of Law in Support of the Motion for an Order: (1) preliminarily approving each of the three settlement agreements (Nationwide Insureds Settlement Agreement, Porter-Blaine/Venture Supply Settlement Agreement, and Tobin Trading and Installers Settlement Agreement) in MDL No. 2047 Regarding Claims Involving Participating Defendant Builders, Installers, Suppliers and Participating Insurers[2] Relating to Virginia and Certain Other Remaining Claims; (2) conditionally certifying each of the settlement classes; (3) approving the form notice to class

---

[1] The Participating Defendants and Participating Insurers are identified in each Settlement Agreement, attached to the Memorandum as Ex. A at "Exhibit 1," Ex. B at §§ 1.1.2 and 1.1.3, and Ex. C at "Exhibit 1" and "Exhibit 2."

[2] The three Settlement Agreements at issue are listed below and attached as Exhibits A, B, and C to the Memorandum, and available at http://www.laed.uscourts.gov/Drywall/Drywall.htm.
(1)     Settlement Agreement in MDL No. 2047 Regarding Chinese Drywall Claims Against Non-Manufacturing Defendants Insured by Nationwide (hereinafter "Nationwide Insureds Settlement Agreement");
(2)     Settlement Agreement in MDL No. 2047 Regarding Chinese Drywall Claims Against Porter-Blaine Corp. and Venture Supply Inc. and Certain of their Insurers; (hereinafter "Porter-Blaine/Venture Supply Settlement Agreement"); and
(3)     Settlement Agreement in MDL No. 2047 Regarding Chinese Drywall Claims Against Tobin Trading Inc. Builders Plaster and Drywall, LLC; JMM Drywall Co., LLC; and Participating Insurers (hereinafter "Tobin Trading and Installers Settlement Agreement").
The three Settlement Agreements listed above are referred to collectively herein as "Settlement Agreements Relating to Virginia and Certain Other Remaining Claims."

2

members; (4) scheduling a joint fairness hearing; and (5) staying claims against participating builders, installers, suppliers, and Participating Insurers.

    2. The Settlement Agreements, including all exhibits attached thereto, are preliminarily approved by the Court as fair, reasonable and adequate, as negotiated and entered into at arm's-length, in good faith, and free of collusion to the detriment of the Classes, and as being within the range of possible judicial approval at a prospective Joint Fairness Hearing.

    3. The following classes are conditionally certified and shall consist of:

The Nationwide Insureds Settlement Class will include:

all persons or entities (except for Nationwide Participating Defendants and Participating Insurers) together with their heirs, representatives, attorneys, executors, administrators, executives, subsequent purchasers, residents, guests, tenants, lenders, successors and assigns, with claims, known or unknown, involving Affected Property and arising from or related to actual or alleged Chinese Drywall purchased, imported, supplied, distributed, marketed, installed, used, sold or in any way alleged to be within the legal responsibility of any Nationwide Participating Defendant. The Overlook, LLC's and CG Stony Point Townhomes, LLC's ("CG Stony Point") status as Nationwide Participating Defendants does not bar them from asserting class membership in connection with their assigned claims concerning Affected Properties they remediated before August 13, 2012.

The Porter-Blaine/Venture Supply Settlement Class will include:

all persons or entities (except for Porter-Blaine, Venture Supply, Citizens Insurance Company of America and Hanover Insurance Company) together with their heirs, representatives, attorneys, executors, administrators, executives, subsequent purchasers, residents, guests, tenants, lenders, successors and assigns, with claims, known or unknown, involving Affected Property and arising from or related to actual or alleged Chinese Drywall purchased, imported, supplied, distributed, marketed, installed, used, sold or in any way alleged to be within the legal responsibility of Porter-Blaine, Venture Supply, Citizens Insurance Company of America or Hanover Insurance Company.

The Tobin Trading and Installers Settlement Class will include:

all persons or entities (except for Tobin Trading and Installers Participating Defendants and Participating Insurers) together with their heirs, representatives, attorneys, executors, administrators, executives, subsequent purchasers, residents, guests, tenants, lenders, successors and assigns, with claims, known or unknown,

involving Affected Property and arising from or related to actual or alleged Chinese Drywall purchased, imported, supplied, distributed, marketed, installed, used, sold or in any way alleged to be within the legal responsibility of any Tobin Trading or any Installers Participating Defendant.

4.  Steven and Elizabeth Heischober are appointed as Representatives of the Nationwide Insureds Settlement Class.

5.  William and Deborah Morgan are appointed as Representatives of the Porter-Blaine/Venture Supply Settlement Class.

6.  Robert and Lisa Orlando; and Jerry and Inez Baldwin are appointed as Representatives of the Tobin Trading and Installers Settlement Class.

7.  Russ Herman, Arnold Levin, and Richard Serpe are appointed as Class Counsel.

8.  The opt-out procedure set forth in each of the Settlement Agreements is approved.

9.  The procedure for lodging objections to the Settlement Agreements as set forth in each of the Settlement Agreements is approved.

10. The Notice presented to the Court for approval is hereby approved.

11. The protocol for dissemination of Notice to Class Members as set forth in each of the Settlement Agreements is approved.

12. On or before _____, Settlement Class Counsel shall (a) cause the Notice to be sent via first-class mail, postage prepaid to Class Members with claims in the Litigation or in CDW (Chinese Drywall)-Related Actions and who are identifiable through Plaintiff Profile Forms and other available records, and their counsel; and (b) request that said Notice be posted on federal and state court websites where the Litigation or CDW-related Actions are pending and on other publicly available websites and in other public places.

13. On or before _____, Settlement Class Counsel shall initiate efforts to

4

disseminate the Summary Notice: (a) in newspapers and periodicals as set forth in Section 8 of the Settlement Agreements; (b) in a press release; (c) by television as set forth in Section 8 of the Settlement Agreements; (d) in on-line media.

14. The cost of Notice shall be paid in accordance with the governing language in each of the Settlement Agreements.

15. The Notice shall be posted on the Court's Chinese Drywall MDL website so as to commence the Notice Period.

16. Any Class Member wishing to opt out of any of the Settlement Agreements must notify Class Counsel, Arnold Levin (Levin, Fishbein, Sedran & Berman, 510 Walnut St., Suite 500, Philadelphia, PA 19106), Russ M. Herman (Herman, Herman & Katz, LLP, 820 O'Keefe Avenue, New Orleans, LA 70113), and Richard Serpe (Law Offices of Richard Serpe, P.C., 580 East Main St., Suite 310, Norfolk, VA 23510) in writing by first-class mail within sixty (60) days after the last date to provide Notice to the Class, i.e., postmarked no later than _____, which is the last day of the Opt-Out/Objection Period, of their intention to opt out of any of the Settlements. No opt-out will be effective if filed earlier than 30 days after the last date to provide notice to the Class, i.e., if filed before _____. To be effective, the opt-out notice must set forth the full name and current address of the person electing to opt out, the address of the property allegedly damaged by Chinese Drywall and/or the address of the property from which the Class Member alleges injurious exposure to Chinese Drywall, the name or identity of the settlement opted out of, to the best of the Class Member's knowledge, the identities of every supplier, installer, builder, developer and its/their insurers, and any other Participating Defendant and Participating Insurer against which the Class Member intends to pursue his, or her, or its claims and,

5

    a. if a member of the Nationwide Insureds Settlement Class, a sentence stating: "The undersigned hereby opts out from the Nationwide Insureds Settlement Class in the Chinese Drywall Action."

    b. if a member of the Porter-Blaine/Venture Supply Settlement Class, a sentence stating: "The undersigned hereby opts out from the Porter-Blaine/Venture Supply Settlement Class in the Chinese Drywall Action."

    c. if a member of the Tobin Trading and Installers Settlement Class, a sentence stating: "The undersigned hereby opts out from the Tobin Trading and Installers Settlement Class in the Chinese Drywall Action."

An individual or entity may be a member of more than one of the Settlement Classes. If he is a member of multiple classes, he must designate each class from which he wishes to opt-out. Proposed Class Counsel will file with the Court all opt out notifications that they receive.

    17. All objections to the proposed Settlement Agreements shall be mailed to Class Counsel, Arnold Levin (Levin, Fishbein, Sedran & Berman, 510 Walnut St., Suite 500, Philadelphia, PA 19106), Russ M. Herman (Herman, Herman & Katz, LLP, 820 O'Keefe Avenue, New Orleans, LA 70113), and Richard Serpe (Law Offices of Richard Serpe, P.C., 580 East Main St., Suite 310, Norfolk, VA 23510), in writing, postmarked no later than sixty (60) days after the last date to provide Notice to the Class, i.e., postmarked no later than _____, or they will be deemed waived. All objections must be signed by the individual Class Member and by his or her counsel, if any. Proposed Class Counsel will file with the Court all objections that they receive.

    18. The Settling Parties shall file any response to the objections or other papers in support of final approval of the Settlement on or before _____.

19. A formal Joint Fairness Hearing shall occur before the Honorable Eldon E. Fallon (Presiding Judge) of the E.D. La., with the assistance of the Honorable Mary Jane Hall of the Norfolk Virginia Circuit Court (who will participate at the hearing through a telephonic connection to facilitate the participation of class members in the Virginia region) on _____, beginning at _____, and continuing to _____, if necessary, in order to consider comments on and objections to the proposed Settlement Agreements and to consider whether (a) to approve thereafter the class settlement is fair, reasonable and adequate pursuant to Rule 23 of the Federal Rules of Civil Procedure, (b) to finally certify the Settlement Class, and (c) to enter the Order and Judgment provided in Section 1.15 of the Settlement Agreements.

20. Prosecution of all claims and CDW-Related Actions against the Participating Defendants and Participating Insurers, except for Reserved Claims as described in each of the Settlement Agreements, shall be stayed and enjoined pending the settlement proceedings involving each of the Settlement Agreements and further Orders of the Court. This stay shall not apply to claims against any Non-Settling Defendants and Non-Settling Insurers, including third party claims and cross-claims.

21. Claims against Nationwide Participating Defendants to the extent that any such Nationwide Participating Defendant has liability insurance not issued by Nationwide of a type which may provide insurance coverage are Reserved Claims.  Such Reserved Claims are not stayed and are not barred.  In order to proceed on such claims, the Class may sue a Nationwide Participating Defendant in this limited set of circumstances, and the claim shall not be stayed. Under the Nationwide Insureds Settlement Agreement, the Nationwide Participating Defendant is liable only to the extent it has coverage from a Non-Participating Insurer.

22. The Claims of Nationwide, Overlook LLC and CG Stony Point [aka CG Stony Point Townhomes LLC] pertaining to first-party property (*viz.,* non liability) insurance benefits relating to CDW at the Affected Properties (as identified at §§ 5.5.5.1 – 5.5.5.4 in the Nationwide Insureds Settlement Agreement) are not stayed and are not barred.

23. The Claims of JMM Drywall Co., a State Farm Insured, and that of its Participating Insurers against Erie Insurance Company and/or Erie Insurance Exchange (collectively "Erie") (identified at § 6.1 of the Tobin Trading and Installers Settlement Agreement) are not stayed and are not barred.

24. The Settling Parties have reserved all claims and defenses in the Litigation should the proposed Settlements not become final for whatever reason.

25. The Settling Parties are acting in good faith and in compromise of disputed claims, and therefore, the Settlement and the Preliminary Approval Order cannot be used as evidence in any other claim, lawsuit or other proceeding relating to allegations of harm, including bodily injury or property damage, alleged to be associated with defective drywall manufactured in China (in whole or in part), whether offered as evidence of liability, of insurance coverage, or of good or bad faith in the treatment of any party or non-party to the Settlement or in any fashion whatsoever.

26. The Participating Defendants and Participating Insurers have reserved all defenses, including the right to contest certification of the Settlement Classes *de novo* should the proposed Settlement Agreements not become final for whatever reason. If the proposed Settlements do not become final, the conditional certification of the Class will be null and void, and the Litigation will proceed as if there had been no Settlements or conditional certification of the Settlement Classes.

This \_\_\_\_\_ day of _____, at New Orleans, Louisiana

_____

ELDON E. FALLON
United States District Court Judge

9