# AMENDED EXHIBIT E-1

# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **IN RE: CHINESE-MANUFACTURED DRYWALL PRODUCTS LIABILITY LITIGATION** | **MDL NO. 2047**<br>**SECTION: L** |
| **THIS DOCUMENT RELATES TO:**<br><br>*Abel, et al. v. Taishan Gypsum Co., Ltd., f/k/a Shandong Taihe Dongxin Co., Ltd., et al*<br>**Case No. 11-cv-080 (E.D. La.)**<br><br>*Almeroth, et al. v. Taishan Gypsum Co., Ltd f/k/a Shandong Taihe Dongxin Co., Ltd., et al*<br>**Case No. 12-cv-0498 (E.D. La.)**<br><br>*Amato, et al. v. Liberty Mutual Insurance Company*, **Case No. 2:10-cv-00932 (E.D.La.)**<br><br>*Germano et al. v. Taishan Gypsum Co., Ltd. et al.*<br>**Case No. 2:09-cv-06687 (E.D. La.)**<br><br>*Gross, et al. v. Knauf Gips, KG, et al*<br>**Case No. 09-cv-6690 (E.D. La.)**<br><br>*Haya, et al. v. Taishan Gypsum Co., Ltd f/k/a Shandong Taihe Dongxin Co., Ltd, et al*<br>**Case No. 11-cv-1077 (E.D. La.)**<br><br>*Wiltz, et al. v. Beijing New Building Materials Public Limited Co., et al*<br>**Case No. 10-cv-361 (E.D. La.)** | **JUDGE FALLON**<br>**MAG. JUDGE WILKINSON** |

**AMENDED NOTICE OF PENDENCY OF PROPOSED SETTLEMENTS OF EACH OF THREE CLASS ACTIONS (NATIONWIDE INSUREDS SETTLEMENT AGREEMENT, PORTER-BLAINE/VENTURE SUPPLY SETTLEMENT AGREEMENT, TOBIN TRADING AND INSTALLERS SETTLEMENT AGREEMENT) IN MDL NO. 2047 AGAINST PARTICIPATING DEFENDANTS, INCLUDING BUILDERS, INSTALLERS, SUPPLIERS AND PARTICIPATING INSURERS RELATING TO VIRGINIA AND CERTAIN OTHER REMAINING CLAIMS**

Nationwide Insurance, Hanover Insurance, and State Farm Insurance companies have each agreed to separate Settlements on behalf of insured builders, installers, and suppliers arising from Chinese Drywall (CDW) within the legal responsibility of Participating Defendants who are insured by Nationwide, Hanover or State Farm.

**YOU MAY BE ENTITLED TO RECEIVE A SETTLEMENT PAYMENT IF YOU ARE A MEMBER OF ONE OR MORE OF THE THREE SETTLEMENT CLASSES:**[1]

> The Nationwide Insureds Settlement Agreement Class will include:[2]
>
> all persons or entities (except for Nationwide Participating Defendants and Participating Insurers) together with their heirs, representatives, attorneys, executors, administrators, executives, subsequent purchasers, residents, guests, tenants, lenders, successors and assigns, with claims, known or unknown, involving Affected Property and arising from or related to actual or alleged Chinese Drywall purchased, imported, supplied, distributed, marketed, installed, used, sold or in any way alleged to be within the legal responsibility of any Nationwide Participating Defendant. The Overlook, LLC's and CG Stony Point Townhomes, LLC's ("CG Stony Point") status as Nationwide Participating

---

[1] The three Settlement Agreements at issue are listed below and attached as Exhibits A, B, and C to the Memorandum, and available at http://www.laed.uscourts.gov/Drywall/Drywall.htm.

  (1) Settlement Agreement in MDL No. 2047 Regarding Chinese Drywall Claims Against Non-Manufacturing Defendants Insured by Nationwide (hereinafter "Nationwide Insureds Settlement Agreement");
  (2) Settlement Agreement in MDL No. 2047 Regarding Chinese Drywall Claims Against Porter-Blaine Corp. and Venture Supply Inc. and Certain of their Insurers; (hereinafter "Porter Blaine/Venture Supply Settlement Agreement"); and
  (3) Settlement Agreement in MDL No. 2047 Regarding Chinese Drywall Claims Against Tobin Trading Inc.; Builders Plaster and Drywall, LLC; JMM Drywall Co., LLC; and Participating Insurers (hereinafter "Tobin Trading and Installers Settlement Agreement").

  The three Settlement Agreements listed above are referred to collectively herein as "Settlement Agreements Relating to Virginia and Certain Other Remaining Claims."

[2] "Nationwide Participating Defendants and Participating Insurers" are set forth in the Nationwide Settlement Agreement, Ex. A, at "Exhibit 1."

2

Defendants does not bar them from asserting class membership in connection with their assigned claims concerning Affected Properties they remediated before August 13, 2012.

The Porter-Blaine/Venture Supply Settlement Agreement Class will include:[3]

all persons or entities (except for Porter-Blaine, Venture Supply, Citizens Insurance Company of America and Hanover Insurance Company) together with their heirs, representatives, attorneys, executors, administrators, executives, subsequent purchasers, residents, guests, tenants, lenders, successors and assigns, with claims, known or unknown, involving Affected Property and arising from or related to actual or alleged Chinese Drywall purchased, imported, supplied, distributed, marketed, installed, used, sold or in any way alleged to be within the legal responsibility of Porter-Blaine, Venture Supply, Citizens Insurance Company of America or Hanover Insurance Company.

The Tobin Trading and Installers Settlement Agreement Class will include:[4]

all persons or entities (except for Tobin Trading and Installers Participating Defendants and Participating Insurers) together with their heirs, representatives, attorneys, executors, administrators, executives, subsequent purchasers, residents, guests, tenants, lenders, successors and assigns, with claims, known or unknown, involving Affected Property and arising from or related to actual or alleged Chinese Drywall purchased, imported, supplied, distributed, marketed, installed, used, sold or in any way alleged to be within the legal responsibility of any Tobin Trading or any Installers Participating Defendant.

**PLEASE READ THIS NOTICE CAREFULLY AND IN ITS ENTIRETY: YOU MAY BE ENTITLED TO RECEIVE A PAYMENT OR OTHER BENEFITS FROM FUNDS TO BE CREATED PURSUANT TO ONE OR MORE OF THE PROPOSED SETTLEMENTS DESCRIBED HEREIN IF YOU ARE A MEMBER OF ONE OR MORE OF THE CONDITIONAL SETTLEMENT CLASSES.**

The purpose of this Notice is to inform you that: (a) three classes of which you may be a member have been conditionally certified for consideration of a proposed settlement with the Participating Defendants and the Participating Insurers; (b) Settlement Agreements in MDL No. 2047 Regarding Claims Involving Builders, Installers, Suppliers and Participating Insurers Relating to Virginia and Certain Other Remaining Claims, which provide for the creation of settlement funds (the "Settlement Funds") and dismissal of all actions against the Participating Defendants and Participating Insurers, have been entered into and submitted to the Court for approval; and (c) a joint hearing[5] on the fairness, reasonableness, and adequacy of the proposed

---

[3] "Porter Blaine/Venture Participating Defendants and Participating Insurers" are set forth in the Porter Blaine/Venture Supply Settlement Agreement, Ex. B, at § 1.1.2 and 1.1.3.

[4] The "Tobin Trading and Installers Participating Defendants and Participating Insurers" are set forth in the Tobin Trading, Inc., Builders Plaster & Drywall, LLC.; JMM Drywall Co., LLC; and Participating Insurers Settlement Agreement, Ex. C, at "Exhibit 1" and "Exhibit 2."

[5] The Settling Parties have requested a joint fairness hearing with respect to each of the Settlement Agreements.

settlements will be held on [          ], in Courtroom C-456 before the Honorable Eldon E. Fallon (Presiding Judge) of the United States Courthouse, 500 Poydras Street, New Orleans, LA 70130, and before the Honorable Mary Jane Hall of the Norfolk Circuit Court, 100 St. Paul's Blvd., Norfolk, VA 23510 (who will assist Judge Fallon by participating in the hearing through a telephonic connection to facilitate the participation of class members in the Virginia region).

Capitalized terms in this Notice have the same meaning as those defined in the Settlement Agreements.

### Description of the Litigation

On June 15, 2009, the Judicial Panel on Multidistrict Litigation created MDL 2047 in order to consolidate lawsuits brought in several federal district courts in the Gulf Coast and mid-Atlantic regions of the United States by property owners whose homes or other properties were damaged by Chinese Drywall.  Plaintiffs sued the manufacturers of Chinese Drywall as well as homebuilders, developers, installers, finishers, realtors, brokers, suppliers, importers, exporters, distributors and others that were involved with Chinese Drywall, and their insurers.  Because Participating Defendants either built the subject properties with the defective Chinese Drywall, installed the defective Chinese Drywall in the subject properties, supplied the drywall that is installed in the subject properties, or were otherwise involved with the drywall that is installed in the Affected Properties, complaints were filed against Participating Defendants and Participating Insurers, as well as other defendants, including companies responsible for manufacturing Chinese Drywall.  The Litigation seeks relief on behalf of three classes of persons and entities with claims against all of these entities, including Participating Defendants and their insurers, arising out of Chinese Drywall.

The complaints make claims based on strict liability; violations of the state consumer protection laws, and laws against unfair trade practices; negligence; private and public nuisance; tort; equity and medical monitoring; breach of contract; loss of use; loss of enjoyment; personal injury and related statutory violations; bodily injury; indemnity; contribution; breach of express or implied warranty; redhibition; negligence per se; negligent discharge of a corrosive substance; unjust enrichment; breach of implied warranty of fitness and merchantability; breach of implied warranty of habitability; negligent misrepresentation; building code violations; and relief by way of subrogation, contractual indemnity, common law indemnity, and/or contribution against Participating Defendants and Participating Insurers.

Participating Defendants and Participating Insurers deny any wrongdoing whatsoever, and specifically deny having committed any violation of any law, claiming that the manufacturers are ultimately responsible for selling Participating Defendants products that the manufacturers certified were safe and fit for use, when in fact the products were defective.  The Participating Insurers also deny coverage and liability for Participating Defendants' conduct.  Participating Defendants and the Participating Insurers likewise deny the existence of any class except for purposes of these three Settlements, assert certain affirmative defenses, and deny any liability to any member of the Settlement Classes.

The Court has not certified these classes in the Litigation, other than conditionally for settlement purposes (the "Settlement Classes"), and has made no determination that any class could be certified if the Litigation is not settled hereby.  This Notice does not imply that there has been

any finding of any violation of the law by Participating Defendants or the Participating Insurers or that recovery could be had in any amount.

Counsel for the Settlement Classes ("Class Counsel") entered into the three Settlements after weighing the substantial benefits that Class Members will receive as a result of the Settlements against the probabilities of success and failure in securing any recovery from Participating Defendants or the Participating Insurers by means of further litigation and delay. Class Counsel conducted numerous arms-length negotiation sessions with Counsel for Participating Defendants and Participating Insurers over a period of several months, including a mediation on Tuesday, March 13, 2012 in Norfolk, Virginia, involving the parties to each of the three settlements that occurred under the auspices of Judge Fallon and in which mediator, Richard Kingrea, presided. Class Counsel consider it to be in the best interests of the Settlement Classes that all of the above-captioned actions and all other claims be settled in accordance with the terms of the Settlements and believe that the proposed Settlements are fair, reasonable, and adequate for the Settlement Classes.

Although Participating Defendants and Participating Insurers deny all liability and the existence of any class (other than for settlement purposes) in the Litigation, Participating Defendants and Participating Insurers consider it desirable to settle the Litigation on the terms proposed, to avoid further expense and inconvenience.

## Summary of the Proposed Settlements Relating to Virginia and Certain Other Remaining Claims

Each of the Settlements is subject to, and will become effective only upon, final approval by the United States District Court for the Eastern District of Louisiana (the "Court"), the Honorable Eldon E. Fallon presiding. Set forth below is a summary of the principal terms and conditions of each of the Settlements. The complete Settlements are on file with the Court; posted in the Clerk's offices at the United States District Courthouse for the Eastern District of Louisiana, Florida courts, and the 34th Judicial District Court, Parish of St. Bernard; published on the District Court's Chinese Drywall MDL website at http://www.laed.uscourts.gov/drywall/Settlements.htm; and available for your inspection as described below.

Amount of the Settlements

The Settlements provide for the contribution by Participating Defendants and the Participating Insurers, following final approval by the Court, of Settlement Funds in the amounts of $10,000,000.00 for the Nationwide Insured Settlement, $3,000,000.00 for the Porter-Blaine/Venture Settlement and $2,700,000.00 for the Tobin Trading, Inc.; Builders Plaster & Drywall, LLC.; JMM Drywall Co., LLC; and Participating Insurers Settlement ($1,700,000 on behalf of Builders Plaster & Drywall, LLC., and JMM Drywall Co., LLC and Participating Insurers ("Installers Settlement Payment") and $1,000,000 on behalf of Tobin Trading, Inc. and Phillip Perry ("Tobin Trading Settlement Payment"), in full settlement of all claims of the Class Members against Participating Defendants and the Participating Insurers (the Participating Insurers are being released to the extent of the Participating Insurers' obligations relating to any policies alleged to provide insurance coverage to any Participating Defendants and for their direct liabilities) arising from or otherwise related to Chinese Drywall that was purchased from,

5

19539432.1

supplied, distributed, marketed, used, sold, delivered, installed and/or in any way alleged to be within the legal responsibility of any Participating Defendant.

Definition of "Chinese Drywall"

For purposes of the Nationwide Insureds Settlement Agreement and the Tobin Trading and Installers Settlement Agreement, "Chinese Drywall" is defined as:

> any and all drywall products actually or allegedly purchased from, imported, supplied, distributed, marketed, installed, used, sold and/or delivered prior to the Effective Date of this Settlement by or in any way alleged to be within the legal responsibility of any Participating Defendant, which drywall product was allegedly manufactured, in whole or in part, in China, or that includes components, manufactured, in whole or in part in China, including, but not limited to, drywall manufactured by Taishan. "Chinese Drywall" shall also include any and all drywall products at Affected Properties whose origin or manufacturer is not ascertainable.

For purposes of the Porter-Blaine/Venture Supply Settlement Agreement, "Chinese Drywall" is defined as:

> any and all Porter-Blaine or Venture Supply drywall products actually or allegedly purchased from, imported, supplied, distributed, marketed, installed, used, sold and/or delivered prior to the Effective Date of this Settlement by or in any way alleged to be within the legal responsibility of any Settling Defendant, Settling Insurer, or Released Party which drywall product was allegedly manufactured, in whole or in part, in China, or that includes components manufactured, in whole or in part, in China, including, but not limited to, drywall manufactured by Taishan. "Chinese Drywall" shall also include any and all Porter-Blaine or Venture Supply drywall products at Affected Properties whose origin or manufacturer is not ascertainable.

Claims Released by Each of the Settlement Agreements

Each of the Settlements is intended to resolve all personal injury and property damage claims brought against Participating Defendants and Participating Insurers, for Chinese Drywall purchased, imported, supplied, distributed, marketed, installed, used, sold, delivered or in any way alleged to be within the legal responsibility of any Participating Defendant or Participating Insurer as defined in each of the Settlement Agreements.[6] Additionally, the Nationwide Settlement releases all claims against persons or entities not listed in the agreements which may be alleged to be liable for conduct occurring on or before the Effective Date with respect to Chinese Drywall at Affected Properties within the Commonwealth of Virginia, solely to the extent of any insurance provided by or alleged to have been provided by Nationwide. The Porter-Blaine/Venture Participating Defendants and Participating Insurers are released for claims

---

[6] The Nationwide Participating Defendants are being released except to the extent that they have general liability insurance not issued by Nationwide of a type which may provide insurance coverage for an Affected Property. *See* Ex. A at § 5.1; 5.5.1; "Exhibit 1".

related to all Affected Properties within the United States, limited to those constructed with Porter-Blaine or Venture Supply Chinese Drywall products.

Purpose of the Settlements

In summary, the Settlement Funds will be allocated to pay for and/or reimburse Class Members for the costs of remediating Affected Properties and for other damages with respect to reactive Chinese Drywall. The Settlement Funds will also be allocated to compensate Class Members for personal injury claims, and to reimburse attorneys for the costs, and to pay attorneys fees.

Allocation Committee

The Court will appoint an Allocation Committee, which will prepare a recommended allocation plan for consideration by the Court. By no later than [     ], the Allocation Committee shall publish on the Court's website, http://www.laed.uscourts.gov/Drywall/Drywall.htm, its written recommendation as to: (i) a fair and equitable plan of allocation of the Settlement Funds; and (ii) the evidence that Class Members will need to provide as part of their Proof of Claim to submit a valid claim.

Following approval of each of the Settlements, the Court will determine a fair and equitable allocation of Settlement Funds. After considering the recommendation of the Allocation Committee, Class Members will have an opportunity to comment on or object thereto.

With regard to the Tobin Trading, Inc.; Builders Plaster & Drywall, LLC.; JMM Drywall Co., LLC; and Participating Insurers Settlement, all claims that arise from the conduct of Builders Plaster & Drywall, LLC and JMM Drywall Co., LLC will be paid from the $1,700,000 Installers Settlement Payment. All claims that arise from the conduct of Tobin Trading, Inc. and Phillip Perry will be paid from the $1,000,000 Tobin Trading Settlement Payment.

Proof of Claim Forms

If the Court finally approves the Settlements, Proof of Claim forms will be mailed to known Class Members who have not opted out of the Class(es). Proof of Claim forms will also be available at http://www.laed.uscourts.gov/drywall/Settlements.htm. Proof of Claim forms may also be obtained from Russ M. Herman (Herman, Herman & Katz, LLP, 820 O'Keefe Avenue, New Orleans, LA 70113, telephone no. (504) 581-4892), or Richard Serpe (Law Offices of Richard Serpe, Crown Center, Suite 310 580 East Main Street, Norfolk, VA 23510; telephone no. (757) 233-0009).

All Class Members who receive in excess of the Section 111 threshold of the Medicare, Medicaid & SCHIP Extension Act of 2007 ("MMSEA"), in effect at the time the Settlement is final, must provide the Participating Defendants and Participating Insurers with their full name, date of birth, social security number, and gender, as well as any other information necessary for the Participating Defendants and Participating Insurers to comply with their reporting obligations under the MMSEA.

Attorneys' Fees

Each of the Settlements provides that the Plaintiffs' Steering Committee ("PSC") appointed by the Court, Class Counsel, common benefit attorneys, and private counsel for Class Members may petition the Court for an award of attorneys' fees constituting, in the aggregate, no more than 32% of the Settlement Funds, with no more than 15% of the Settlement Funds reserved for common benefit fees, plus reimbursement of reasonable expenses, excluding the costs of Notice. The fees and costs incurred in the administration of the Settlement Funds (including the cost of Notice) are to be paid out of the Settlement Funds. The Court will determine the allocation of any fees awarded. Such costs, expenses, attorneys' fees, and administration fees as the Court may award shall be paid out of the Settlement Funds. Participating Defendants and Participating Insurers will not be responsible for any payments beyond their initial contribution to the Settlement Funds.

### Conditional Class Certification

Pursuant to Rule 23 of the Federal Rules of Civil Procedure and an Order of the Court, dated [       ], the Court has preliminarily approved the terms of each of the Settlements to the extent that this Notice is being sent to each of the Settlement Classes, which has been determined by such Order to exist for settlement purposes only.

The Court has not certified classes in the Litigation for any other purpose and has made no determination that any class could be certified if these litigations are not settled hereby. Although the Court has indicated such preliminary approval of the Settlements, this Notice is not an expression of any opinion by the Court as to the merits of the claims and defenses which have been asserted in the Litigation. If the Settlements are not finally approved, the conditional certification of the Settlement Class will be null and void, and the Litigation will proceed as if there had been no settlement, conditional certification, or notice.

### Opt-Out Process

Class Members may opt out of any of the Classes. If you elect to opt out, you will be excluded from sharing in any of the benefits of the Settlements from which you opt out and from the binding effect of final approval of any of these Settlements and dismissal of the Litigation as to Participating Defendants and the Participating Insurers in any of the Settlements.

**IF YOU DO NOT WISH TO OPT OUT, YOU DO NOT HAVE TO DO ANYTHING AT THIS TIME.**

To opt out, a written notice signed by the individual Class Member must be sent by first-class mail, post-marked on or before [       ], to Class Counsel, Arnold Levin (Levin, Fishbein, Sedran & Berman, 510 Walnut Street, Suite 500, Philadelphia, PA 19106), Russ M. Herman (Herman, Herman & Katz, LLP, 820 O'Keefe Avenue, New Orleans, LA 70113), and Richard Serpe (Law Offices of Richard Serpe, P.C., 580 East Main St., Suite 310, Norfolk, VA 23510) in writing, within sixty (60) days after the last date to provide Notice to the Class, *i.e.*, postmarked no later than [       ], which is the last day of the Opt-Out/Objection Period, of their intention to opt out of any of the Settlements. To be effective, the opt-out notice must set forth the full name and current address of the person electing to opt out, the address of the property allegedly damaged by Chinese Drywall and/or the address of the property from which the Class Member alleges injurious exposure to Chinese Drywall, the name or identity of the Settlement or

Settlements that the Class Member is opting out of, to the best of the Class Member's knowledge, the identities of every purchaser, supplier, marketer, installer, builder, developer and its/their insurers, and any other Participating Defendant and Participating Insurer against which the Class Member intends to pursue his, or her, or its claims, and a sentence or sentences stating:

- "The undersigned hereby opts out from the Nationwide Insureds Settlement Class in the Chinese Drywall Action," and/or

- "The undersigned hereby opts out from the Porter-Blaine/Venture Supply Settlement Class in the Chinese Drywall Action," and/or

- "The undersigned hereby opts out from the Tobin Trading and Installers Settlement Class in the Chinese Drywall Action."

The opt-out notice must be signed by the individual Class Member.

**IF YOU WISH TO PURSUE AN INDIVIDUAL CLAIM AGAINST A PARTICIPATING DEFENDANT(S) OR PARTICIPATING INSURER(S) IN ONE OR MORE OF THE THREE SETTLEMENTS, WHETHER BY LITIGATION, ARBITRATION, OR OTHERWISE, YOU MUST OPT OUT WITH RESPECT TO THAT PARTICULAR SETTLEMENT(S); OTHERWISE, IF THE SETTLEMENT(S) INVOLVING THAT PARTICIPATING DEFENDANT(S) OR PARTICIPATING INSURER(S) IS APPROVED, YOU WILL NOT BE ABLE TO PURSUE CLAIMS AGAINST THE PARTICIPATING DEFENDANT(S) OR PARTICIPAING INSURER(S) THAT IN ANY WAY ARISE OUT OF, IN ANY MANNER RELATED TO, OR CONNECTED IN ANY WAY WITH CHINESE DRYWALL.**

Persons who opt out of any approved Settlement will not be entitled to share in the benefits of the approved Settlements opted out of nor will they benefit or be bound by further orders or judgments in the Litigation concerning these Settlements, if any.  Participating Defendants and Participating Insurers have reserved the right to terminate or withdraw from the Settlement Agreements in the event any Class Member opts out.

**Settlement Hearing**

Notice is further hereby given that, pursuant to the Court's Order, a hearing will be held in Courtroom C-456 before the Honorable Eldon E. Fallon (Presiding Judge) of the United States Courthouse, 500 Poydras Street, New Orleans, LA 70130, at _____, on [            ] (the "Joint Fairness Hearing"), and before the Honorable Mary Jane Hall of the Norfolk Circuit Court, 100 St. Paul's Blvd., Norfolk, VA 23510 (who will assist Judge Fallon by participating in the hearing through a telephonic connection to facilitate the participation of class members in the Virginia region) for the purpose of determining whether each of these Settlements is fair, reasonable, and adequate and should be approved finally by the Court and the Litigation dismissed on the merits and with prejudice as to Participating Defendants and Participating Insurers.  The Joint Fairness Hearing may be adjourned from time to time by the Court without further notice.

**SETTLEMENT CLASS MEMBERS WHO DO NOT OPPOSE THE PROPOSED SETTLEMENTS DO NOT NEED TO APPEAR AT THE HEARING OR FILE ANY PAPERS.**

You will be represented at the Joint Fairness Hearing by Class Counsel, Russ Herman, telephone no. (504) 581-4892, Arnold Levin, telephone no. (215) 592-1500, or Richard Serpe, telephone no. (877) 544-5323, unless you enter an appearance in person or through your own counsel. As a member of any of the Conditional Settlement Classes, you will not be personally responsible for attorneys' fees, costs or disbursements except those of your own counsel.

Class Members may object to any of the Settlements, in whole or in part, by providing written notice of their intention to object, setting forth all objections and the reasons for such objections and, if applicable, the Class Member's intention to appear at the Joint Fairness Hearing, in accordance with the following procedure. The objection must be signed by the Class Member and his or her counsel, if any. The objection must contain the caption of the Litigation, the name or identity of the Settlement or Settlements objected to, and include the name, mailing address, e-mail address, if any (an e-mail address is not required), and telephone number of the Class Member. The objection must identify any witnesses intended to be called, the subject area of the witnesses' testimony, and all documents to be used or offered into evidence at the Joint Fairness Hearing. All objections to the proposed Settlement shall be mailed to Plaintiffs' Lead Counsel, Arnold Levin (Levin, Fishbein, Sedran & Berman, 510 Walnut Street, Suite 500, Philadelphia, PA 19106), Russ M. Herman (Herman, Herman & Katz, LLP, 820 O'Keefe Avenue, New Orleans, LA 70113), and Richard Serpe (Law Offices of Richard Serpe, P.C., 580 East Main St., Suite 310, Norfolk, VA 23510), in writing, postmarked no later than sixty (60) days after the commencement of the Class Settlement Notice Period, *i.e.*, postmarked no later than [   ], or they will be deemed waived.

At the Joint Fairness Hearing, any Class Member who has provided written notice of the intention to object to any of the Settlements may appear in person or by counsel and show cause why the Settlement or Settlements should not be approved and why these actions should not be dismissed on the merits with prejudice. Such Class Member may present any admissible evidence relevant to the issues to be heard, provided that such Class Member has timely provided any and all papers in opposition to the Settlements upon which the objection may be based. Persons wishing to attend the Joint Fairness Hearing may appear either in the Louisiana or Virginia venues described below.

Any Class Member who does not so object to the matters noted above shall be deemed to have waived, and shall be forever foreclosed from raising, any objection to such matters.

## Effect of Final Court Approval

With respect to each of the Settlements that are approved (if they are approved), the Court will enter an Order and Judgment dismissing the Litigation on the merits with prejudice as to Participating Defendants and as to the Participating Insurers as identified and described in each of the Settlement Agreements. (The Nationwide Participating Defendants are being released except to the extent that they have general liability insurance not issued by Nationwide of a type which may provide insurance coverage for an Affected Property.)

19539432.1

Litigation will continue against the other Non-Participating Defendants and Non-Participating Insurers who are not released by these Settlements.

**IF YOU ARE A MEMBER OF ANY OF THE CLASS(ES), UNLESS YOU HAVE CHOSEN AFFIRMATIVELY TO OPT OUT OF ANY OF THE CLASS(ES), UPON COURT APPROVAL OF ANY OF THE SETTLEMENTS, YOU WILL BE BOUND BY THE APPROVED SETTLEMENTS, INCLUDING THE JUDGMENT OF DISMISSAL.**

If the Court approves any of the Settlements, each Class Member who did not opt out the Conditional Settlement Class(es) for the approved Settlement(s) will receive a Court Notice with final instructions and a Proof of Claim form in the mail.

### Examination of Papers

The foregoing is only a summary of the Litigation, the claims, and the Settlements. The Settlements and documents incorporated therein, as well as the pleadings and other papers filed in the Litigation, may be inspected at the office of the Clerk of the Court, United States Courthouse, Room C-151, 500 Poydras Street, New Orleans, LA 70130; or during regular business hours at the offices of Russ M. Herman, Herman, Herman & Katz, LLP, 820 O'Keefe Avenue, New Orleans, LA 70113, telephone number (504) 561-6024; or at the offices of Richard Serpe (Law Offices of Richard Serpe, Crown Center, Suite 310, 580 East Main Street, Norfolk, VA 23510; telephone no. (757) 233-0009), commencing on [    ]. Any papers Class Counsel and counsel for Participating Defendants and Participating Insurers shall file in support of the Settlement Agreements will be made available for inspection at these locations and on the Court's website www.laed.uscourts.gov at the time they are filed. Any questions that any person to whom this Notice is addressed may have with respect thereto or with respect to the right to opt out should be directed to Class Counsel, or his or her own counsel.

### Schedule of Important Dates

| | |
|---|---|
| Beginning [    ] | Settlement papers may be examined at the offices of Russ M. Herman |
| On or before [    ] | Notice of Opt Out of the Settlement Classes must be mailed to Arnold Levin, Russ Herman and Richard Serpe |
| On or before [    ] | Objections to the Settlements must be mailed to Arnold Levin, Russ Herman and Richard Serpe |
| [    ] at 9:00 a.m. central time in New Orleans, LA and 10:00 a.m. eastern time in Norfolk, VA | Joint Fairness Hearing at United States Courthouse for the Eastern District of Louisiana, 500 Poydras Street, Room C-456, New Orleans, LA 70130 and at the Norfolk Circuit Court, 100 St Paul's Blvd., Norfolk, VA 23510 |

Dated: New Orleans, Louisiana
[     ]

/s/ ELDON E. FALLON
Judge, United States District Court
for the Eastern District of Louisiana