UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: CHINESE-MANUFACTURED DRYWALL PRODUCTS LIABILITY LITIGATION | MDL NO. 2047<br><br>SECTION: L |
| THIS DOCUMENTS RELATES TO: ALL CASES AND | JUDGE FALLON<br><br>MAG. JUDGE WILKINSON |
| *Payton, et. al. v. Knauf Gips, KG, et. al.*<br>Case No. 2:09-cv-07628 (E.D. La.) | |
| *Wiltz, et. al. v. Beijing New Building Materials Public Limited Co., et. al.*<br>Case No. 1:09-cv-00361 (E.D. La.) | |
| *Gross, et. al. v. Knauf Gips, KG, et. al.*<br>Case No. 2:09-cv-06690 (E.D. La.) | |
| *Rogers, et. al. v. Knauf Gips, KG, et. al.*<br>Case No. 2:10-cv-00362 (E.D. La.) | |
| *Amato, et. al. v. Liberty Mutual Ins. Co., et. al.*<br>Case No. 2:10-cv-00932 | |
| *Hernandez, et. al. v. AAA Insurance, et. al.*<br>Case No. 2:10-cv-3070 (E.D. La.) | |
| *Abel, et. al. v. Taishan Gypsum Co. Ltd., f/k/a Shandong Taihe Dongxin Co., Ltd., et. al.*<br>Case No. 2:11-cv-00080 (E.D. La.) | |
| *Abreu, et. al. v. Gebrueder Knauf Verwaltungsgesellschaft, KG, et. al.*<br>Case No. 2:110cv000252 (E.D. La.) | |
| *Haya, et. al. v. Taishan Gypsum Co., Ltd., f/k/a Shandong Taihe Dongxin Co., Ltd., et. al.*<br>Case No. 2:11-cv-01077 (E.D. La.) | |
| *Vikers, et. al. v. Knauf Gips KG, et. al.*<br>Case No. 2:09-cv-04117 (E.D. La.) | |

**OBJECTORS' MEMORANDUM IN OPPOSITION
TO CLASS COUNSEL'S MOTION FOR SANCTIONS**

Objectors Jan Petrus, Saul Soto, SHS Construction, Ronnie Garcia, Bay Area Contracting & Construction, Inc., Ernest Vitela, E and E Construction Co., and Christopher Bandas (collectively referred to herein as "Respondents") file this their Memorandum in Opposition to the Motion for Sanctions filed by Class Counsel (Doc. No. 15982).

**1.    Respondents Have Not Been Given Sufficient Notice or Opportunity To Respond**

Class Counsel filed their Motion for Sanctions on October 24, 2012, with a Motion for Expedited Hearing (Doc. No. 15983). At 11:16 a.m., counsel for Respondents received notice by the CM/ECF system (Doc. No. 16035) that the hearing on the Motion for Sanctions was scheduled for November 7, 2012, with a response due November 1. Within the hour, another notice was sent by the CM/ECF system (Doc. No. 16038) that moved the hearing to the very next day (October 31) and required a response to the motion by 5 p.m. *the same day* (about five hours after the notice was received). At 2:49 p.m., another notice was sent (Doc. No. 16042), this time requiring a response by 9:30 a.m. on October 31, but moving the hearing back to November 7.

Sanctions cannot be issued without due process. *Cf. Boddie v. Connecticut*, 401 U.S. 371, 377 (1971). "The fundamental requirement of due process is the opportunity to be heard at a meaningful time and in a meaningful manner." *Mathews v. Eldridge*, 424 U.S. 319, 333 (1976). Respondents object that the Court's deadline to respond does not afford them adequate time to Class Counsel's request for sanctions under Federal Rule of Civil Procedure 11 and 28 U.S.C. § 1927.

Respondents further object to Class Counsel's Motion for Sanctions as too vague to provide Respondents with notice of the specific conduct challenged as sanctionable, and the

specific sanctions Class Counsel contend should be tied to such conduct. *Cf. Thornton v. General Motors Corp.*, 136 F.3d 450, 455 (5th Cir. 1998) (reversing Rule 11 sanctions imposed on an attorney without notice of the specific conduct for which he was sanctioned). For example, Class Counsel request "Mr. Bandas and his clients . . . be compelled to appear before the Court to show cause why their actions to date should not be sanctioned and their objections stricken" (Doc. No. 15981, p. 14) without specifying what "actions to date" the objectors have made to justify sanctions, or what authority would justify striking their objections as an appropriate sanction.

2.  **Class Counsel's Motion for Sanctions Violates Rule 11**

Class Counsel contends sanctions are justified by Federal Rule of Civil Procedure 11 for the filing of Jan Petrus's objection in this action. Class Counsel failed to comply with Rule 11(c)(2), which requires the movant to serve ***but not file*** a motion for sanctions "separately from any other motion" and "describ[ing] the specific conduct that allegedly violates Rule 11(b)." If the challenged paper "is withdrawn or appropriately corrected within 21 days after service," the motion for sanctions must not be filed. FED. R. CIV. P. 11(c)(2).

Objector Petrus had already filed her motion to dismiss her objection before Class Counsel served a motion under Rule 11(c)(2), and plainly the Motion for Sanctions was filed before the 21-day safe harbor provision. Violation of this provision is itself sufficient reason to deny Class Counsel's motion under Rule 11. *See, e.g., Ridder v. City of Springfield*, 109 F.3d 288, 294 (6th Cir. 1997).

Class Counsel does not cite Rule 11 with respect to Objectors' Motion for Leave to Conduct Discovery (Doc. No. 15968), presumably because Rule 11 by its terms does not apply to discovery. FED. R. CIV. P. 11(d). In any event, the 21-day safe harbor provision would cover

Objectors' motion as well.  Objectors had prepared a specific motion to seek leave for discovery relevant to the proposed settlements in this action, but as a result of a clerical error, content from another motion was included in Objectors' filing.  Because of the error, Objectors give notice of their withdrawal of the motion (Doc. No. 15968).

### 3. The Objections Are Meritorious, Not Sanctionable

Class Counsel's motion invites the Court to prejudge the objections before the November 13-14 fairness hearing.  Class Counsel wants the Court to strike the objections before considering them on their merits.  This approach is not merely putting the cart in front of the horse, it is an attempt to shoot the horse before he leaves the barn.

First, Class Counsel cites no authority to justify the extreme sanction of striking the objections.  Certainly 28 U.S.C. § 1927 does not provide a basis for doing so, because that statute limits the sanction to payment of "excess costs, expenses, and attorneys' fees reasonably incurred" because of an attorney's unreasonable, vexatious conduct.  Nor does Rule 11 justify the sanction — the only objection challenged by Class Counsel under Rule 11 is the Petrus objection, which has already been withdrawn (subject only to Court approval) through her motion to dismiss.

Second, the objections are meritorious, not frivolous, and were filed in good faith.  Given the short notice to file this response, a discussion of the numerous objections asserted will be left out by necessity.[1]  Instead, Objectors will focus only on two issues:  (i) the proposed settlement's dismissal of personal injury claims; and (ii) the class definition.  Even the discussion of these two issues will be abbreviated due to lack of time.

---

[1] Objectors have filed an expert report from Theodore H. Frank, *see* Ex. A,, and Respondents request that the report be considered with this Opposition, and expressly incorporate it by reference herein.

The proposed settlement seeks to release, among other things, personal injury claims, including wrongful death and survival claims, related to exposure to Chinese Drywall. *See* Paragraph 5.1.1 of the Builder, Installer, Supplier & Insurer Settlement Agreement. (Doc. No. 15695-2) In addition, the proposed settlement would release claims for fear of disease and medical monitoring, among others. *Id.*

In *Amchem Prods. v. Windsor*, 521 U.S. 591 (1997), the United States Supreme Court rejected a class action settlement releasing asbestos personal injury claims on grounds of predominance, among other reasons. In *Castano v. Am. Tobacco Co.,* 84 F.3d 734, 740-46 (5th Cir. 1996), the Fifth Circuit held that a multi-state class of tobacco and nicotine users would not be certified because of predominance and superiority concerns, among other issues. Recently, the Third Circuit expressed skepticism for the class action device as a mechanism to settle mass personal injury claims. *Sullivan v. D.B. Investments, Inc.,* 667 F.3d 273, 334 (3rd Cir. 2011).

The objection to this proposed settlement that predominance, commonality and superiority cannot be met for personal injury, wrongful death, survival, medical monitoring, fear of illness and related claims is a meritorious argument and not frivolous based upon applicable precedent.

In addition, although the Fifth Circuit recently approved a fail-safe class definition in *In re Rodriguez*, --- F.3d ---, 2012 WL 4041448 (5th Cir. 2012), the particular fail-safe class definition in this case is so vague that it cannot be determined who is within or without the class. *See, e.g., Newton v. Southern Wood Piedmont Co.*, 163 F.R.D. 625, 633 (S.D. Ga. 1995), *aff'd*, 95 F.3d 59 (11th Cir. 1996) (proposed class definition including people who had been exposed to chemicals in a wood treatment plant was too vague and lacked commonality). It is critical to know who is within and without the class in order to know for certain which people and entities

the judgment will operate as res judicata upon. Objectors assert that the res judicata effect of the proposed settlement's judgment cannot be precisely determined at present with the existing class definition. This is not a frivolous argument. See also Expert Report of Theodore H. Frank dated October 31, 2012 (Ex. A).

**4.     There Is No Evidence Supporting Sanctions Under 28 U.S.C. § 1927**

28 U.S.C. § 1927 applies only where an attorney "so multiplies the proceedings in any case unreasonably and vexatiously," and allows the Court to award as a sanction "the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct." The Fifth Circuit has held for sanctions under § 1927 to be appropriate, "there must be evidence of recklessness, bad faith, or improper motive." *Hogue v. Royse City*, 939 F.2d 1249, 1256 (5th Cir. 1991). The statute is penal in nature and strictly construed against the movant. *Procter & Gamble Co. v. Amway Corp.*, 280 F.3d 519, 526 (5th Cir. 2002).

There is no evidence to support that Bandas has "multiplied the proceedings" through bad faith, recklessness, or improper motive. The objections are meritorious. Although Petrus and Vitela have moved to withdraw their objections, the objections of two other Objectors and their businesses are still pending. Class Counsel cannot show that the Petrus and Vitela objections, now withdrawn, unreasonably multiplied these proceedings or increased Class Counsel's costs in any meaningful way. At the time the objection was filed on September 28, a good faith basis existed to believe all Objectors had standing and wished to pursue their objections. Given the vagueness of the class definition, it is possible that almost anyone might qualify (one of Objectors' criticisms of the settlement). Nevertheless, as the case progressed, Respondents chose only to continue with those Objectors who unequivocally have standing that may be determined with certainty today, as opposed to some point in the future or based upon the

inherent vagueness problems with the class definition.  In addition, two Objectors (the same ones whose class membership is less certain under the class definition) expressed an interest in withdrawing their objections for personal reasons and because of the intimidation and harassment from Class Counsel.  Because identical objections are being asserted by the remaining Objectors whose standing cannot be assailed, there is no prejudice to the class or Class Counsel.  There is no value in continuing to allow the attacks and intimidation on these Objectors whose dismissals have already been filed and are unopposed by Class Counsel.

With respect to the Motion for Leave to Conduct Discovery, the erroneous content was filed by mistake, not for an improper motive.  Class Counsel could simply have pointed the mistake out to Bandas and avoided any cost whatsoever, instead of filing a response and Motion for Sanctions.  Indeed, the proceedings in this case are being unreasonably "multiplied" by *Class Counsel*, not by Bandas.

Objectors play a vital role in class action settlements.  "[C]lass action lawyers may try to fend off interlopers who oppose a proposed settlement as insufficiently generous to the class; and given the role of such interlopers in preventing cozy deals that favor class lawyers and defendants at the expense of class members, their requests for fees must not be slighted."  *In re Trans Union Corp. Privacy Litig.*, 629 F.3d 741, 743 (7th Cir. 2011) (Posner, J.).  "Objectors can encourage scrutiny of a proposed settlement and identify areas that need improvement.  They can provide important information regarding the fairness, adequacy, and reasonableness of the settlement terms."  *Pallister v. Blue Cross and Blue Shield of Montana*, 285 P.3d 562, 568 (Mont. 2012).

Class Counsel wants to turn attention to Bandas's representation of objectors in other cases.  But his representation of objectors in other class actions "has no greater bearing on the

merits of the objection raised [in this class action] than a plaintiff's counsel's experience in filing class actions speaks to the merits of claims he brings." *True v. American Honda Motor Co.*, 749 F. Supp. 2d. 1052, 1079 (C.D. Cal. 2010). "Merely characterizing some of the attorneys as "professional objectors" without specifying what, exactly, they have done that is either in bad faith or vexatious, is not enough." *Blessing v. Sirius XM Radio, Inc.*, 2011 WL 5873383, No. 09 CV 10035(HB) (S.D.N.Y. Nov. 22, 2011); *see also In re Lawnmower Engine Horsepower Mktg. & Sales Practices Litig.*, 2010 WL 4630846, MDL No. 08-1999 (E.D. Wisc. Nov. 2, 2010); *In re Air Cargo Shipping Svcs. Antitrust Litig.*, 2010 WL 1049269, No. 06-MD-1775 (JG)(VVP) (E.D.N.Y. Mar. 22, 2010). Indeed, one of Bandas's clients very recently prevailed in a class action appealed to the Ninth Circuit, *Dennis v. Kellogg Co.*, --- F.3d ---, 2012 WL 3800230 (9th Cir. Sept. 4, 2012). Class Counsel's desire that the Court punish Bandas *in this case* based on innuendo and opinions *in other cases* should be rejected.

Class Counsel makes the inflammatory and baseless accusation that Bandas's motive is to "extort" a payment by appealing the settlement order (assuming the settlement is approved after the fairness hearing), and demanding a payment for dismissing the appeal. While the accusation is baseless, Class Counsel's proposed sanctions do not directly address this concern anyway. To avoid any doubt regarding motive, Bandas and his clients represent to the Court that should Class Counsel seek an injunction preventing either Bandas or his clients from receiving any payment following an appeal from the settlement without Court approval, Bandas and the Objectors will not oppose such an injunction and hereby stipulate to any such request should Class Counsel make it. In other words, Bandas cannot benefit from an appeal unless the Court approves it, for example upon a showing that the Objectors' efforts have benefited the class.

**5.    Conclusion**

Class Counsel has an obvious strategy in this case: focus on anything but the merits.

This proposed settlement cannot be approved under existing law for several reasons. For example, it is elementary that personal injury claims cannot and are never released in class action settlements. The reasons are obvious, multiple, and squarely addressed by this Circuit's law (which is congruent with every other federal circuit to consider the issue and the Supreme Court's ruling in *Amchem*).

Even if there were no objectors in this case, this Court has an independent duty to ensure that the proposed settlement comports with existing legal standards and must, in the exercise of that independent judgment, reject this settlement if only on that basis. That Class Counsel and defendants agreed to a deal that ignores *Amchem* and similar cases not relieve this Court of exercising its own independent, fiduciary duty to the class and its obligation (with or without objectors) to reject this settlement on that defect alone.

These defects in the proposed settled are not changed by Class Counsel's focus on the alleged profit motive of Objectors' counsel. In fact, their argument for sanctions depends on this premise. Again, should Class Counsel ask this Court to enjoin Objectors or their counsel from settling their objections on appeal with first seeking this Court's approval, Objectors and their counsel stipulate to and will not oppose any such request.

Accordingly, Class Counsel's narrative of nefarious intent is irrelevant. The injunction that Objectors and their counsel will agree to is completely voluntary and not required by the rules of procedure or any other applicable law. It is done simply to allow this case to proceed solely on the merits without any sideshow distraction relating to *ad hominem* attacks and intimidation. Indeed, if objections serve any useful purpose in the class action context, it is a

miracle that some objectors would be willing to continue with their objections given this level of intimidation (which is of course why Class Counsel is moving for sanctions in the first place).

Objectors will continue to focus on the merits of their objections in this Court and, if necessary, the Fifth Circuit. Respondents respectfully request the Court to deny the Motion for Sanctions, and for any other relief to which they may be entitled.

Dated:  October 31, 2012

                              Respectfully submitted,

By:     /s/ Christopher A. Bandas
Christopher A. Bandas
State Bar No. 00787637
Southern Bar No. 17509
BANDAS LAW FIRM, P.C.
500 North Shoreline Blvd., Suite 1020
Corpus Christi, Texas 78401-0353
T:  (361) 698-5200
F:  (361) 698-5222

R. Joshua Koch, Jr.
State Bar No. 2492
Koch & Schmidt, LLC
650 Poydras St., Suite 2415
New Orleans, LA 70130
T: (504) 208-9040
F: (504) 208-9041

Counsel for Objectors Saul Soto, SHS Construction, Ronnie Garcia, and Bay Area Contracting Construction, Inc.

## CERTIFICATE OF SERVICE

I hereby certify that on the 31st day of October 2012 a true and correct copy of the above and foregoing was served on the following as indicated below as well as all counsel of record via the Court's CM/ECF system.

Arnold Levin
Levin, Fishein, Sedran & Berman
510 Walnut Street, Ste. 500
Philadelphia, PA 19106
Plaintiffs' Lead Counsel

Leonard A. Davis
Russ M. Herman
Herman, Herman & Katz, LLP
820 O'Keefe Avenue
New Orleans, LA 70013
Defendants' Counsel

                /s/ Christopher A. Bandas
                Christopher A. Bandas