UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: CHINESE-MANUFACTURED DRYWALL PRODUCTS LIABILITY LITIGATION | MDL NO. 2047<br><br>SECTION: L<br><br>JUDGE FALLON<br><br>MAG. JUDGE WILKINSON |
| THIS DOCUMENTS RELATES TO: ALL CASES AND<br><br>*Payton, et. al. v. Knauf Gips, KG, et. al.*<br>Case No. 2:09-cv-07628 (E.D. La.)<br><br>*Wiltz, et. al. v. Beijing New Building Materials Public Limited Co., et. al.*<br>Case No. 1:09-cv-00361 (E.D. La.)<br><br>*Gross, et. al. v. Knauf Gips, KG, et. al.*<br>Case No. 2:09-cv-06690 (E.D. La.)<br><br>*Rogers, et. al. v. Knauf Gips, KG, et. al.*<br>Case No. 2:10-cv-00362 (E.D. La.)<br><br>*Amato, et. al. v. Liberty Mutual Ins. Co., et. al.*<br>Case No. 2:10-cv-00932<br><br>*Hernandez, et. al. v. AAA Insurance, et. al.*<br>Case No. 2:10-cv-3070 (E.D. La.)<br><br>*Abel, et. al. v. Taishan Gypsum Co. Ltd., f/k/a Shandong Taihe Dongxin Co., Ltd., et. al.*<br>Case No. 2:11-cv-00080 (E.D. La.)<br><br>*Abreu, et. al. v. Gebrueder Knauf Verwaltungsgesellschaft, KG, et. al.*<br>Case No. 2:110cv000252 (E.D. La.)<br><br>*Haya, et. al. v. Taishan Gypsum Co., Ltd., f/k/a Shandong Taihe Dongxin Co., Ltd., et. al.*<br>Case No. 2:11-cv-01077 (E.D. La.)<br><br>*Vikers, et. al. v. Knauf Gips KG, et. al.*<br>Case No. 2:09-cv-04117 (E.D. La.) | |

1

## JAN PETRUS'S AND CHRISTOPHER BANDAS'S MEMORANDUM IN SUPPORT OF THEIR MOTION TO QUASH AND FOR PROTECTIVE ORDER

Objector Jan Petrus and Non-Party Christopher Bandas (collectively referred to herein as "Movants") file this Memorandum in Support of Movants' Motion To Quash and for Protective Order regarding the subpoenas addressed to them, issued by Class Counsel on October 19, 2012.

### 1.  Background

Jan Petrus was one of the Objectors who filed an objection on September 28, 2012 (Doc No. 15859). On October 21, 2012, Petrus filed a motion to dismiss her objection (Doc. No. 15973). Class Counsel has indicated they are willing to accept the withdrawal of her objection (Doc. No. 15981). Notwithstanding her motion to dismiss, Class Counsel purported to serve Petrus with a subpoena commanding her appearance to testify at a deposition and to produce documents on November 1, 2012, by leaving a copy of the subpoena at Bandas's offices on October 22 (Doc. No. 16027). A copy of the Petrus Subpoena is attached as Exhibit A.

Bandas is the attorney for the Objectors. He also was purportedly served with a subpoena commanding his appearance to testify at a deposition and to produce documents on November 2, 2012, also by the process server leaving a copy of the subpoena at Bandas's offices on October 22 (Doc. 16026). A copy of the Bandas Subpoena is attached as Exhibit B.

Based on the Court's directives at the Status Conference held October 31, 2012, Movants believe the subpoenas to Petrus and Bandas fall outside the limited scope of discovery allowed by the Court regarding Bandas's clients. Nevertheless, in an abundance of caution, Movants submit the following additional arguments and authorities why the subpoenas should be quashed.

### 2.  The Subpoenas Were Not Properly Served Under Rule 45(b)

Federal Rule of Civil Procedure 45(b) requires that a subpoena to a non-party must be served by delivering a copy to the named person. The person himself (or herself) must be

served; a subpoena cannot be served, by example, through counsel. *See, e.g., Weiss v. Allstate Ins. Co.*, 512 F. Supp. 2d 463, 466 (E.D. La. 2007) ("Under the plain language of the rule, as well as Fifth Circuit precedent, service is improper if the person himself is not served with a copy of the subpoena.").

Because the Petrus Subpoena and Bandas Subpoena were not properly served under Rule 45(b), they must be quashed.

3.  **The Petrus Subpoena Should Be Quashed Because She Is No Longer an Objector**

Even if Petrus were still maintaining her objection against the class action settlement, her testimony would be of marginal relevance, at best, to the merits of the objection. Since she has withdrawn her objection, her testimony is of absolutely no relevance. Petrus certified in her motion to dismiss that she has not received compensation of any kind in return for her dismissal (Doc. No. 15973). Class Counsel's intention in continuing to seek Petrus's deposition is only to harass her and intimidate other objectors.

Discovery of absent class members is inconsistent with Rule 23's purposes and should be only rarely permitted. *See, e.g., Cox v. American Cast Iron Pipe Co.*, 784 F.2d 1546, 1556-56 (11th Cir. 1986). Even discovery to objecting class members may be disallowed without a showing of the necessity for such discovery. *Cf. Trombley v. Bank of America Corp.*, 2011 WL 3740488, Civ. No. 08-cv-456-JD, at *5 (D.R.I. Aug. 24, 2011) (declining to order depositions and discovery of objectors). Subjecting Petrus to a deposition and other discovery under these circumstances imposes an undue burden on her under these circumstances and should not be allowed.

4.  **The Bandas Subpoena Should Be Quashed Because He is Counsel, Not a Witness**

Class Counsel has no legitimate reason for Bandas's deposition. "Depositions of opposing counsel undermine attorney-client communications, present unique opportunities for harassment, disrupt opposing counsel's preparation, may lead to opposing counsel's disqualification, and may spawn collateral litigation on issues of privilege, scope, and relevancy. Courts therefore presume that deposing opposing counsel creates an inappropriate burden or hardship, and the burden is on the party seeking the deposition to show otherwise." *Coleman v. District of Columbia*, --- F.R.D. ---, 2012 WL 2870192, Nos. 09-cv-50, 11-cv-1322 (RCL), at *1 (D.D.C. Jul. 13, 2012). The Fifth Circuit has applied, without expressly adopting, the standard from *Shelton v. Am. Motors Corp.*, 805 F.2d 1323 (8th Cir. 1986), which forbids a party from deposing opposing counsel unless: "(1) no other means exist to obtain the information, (2) the information sought is relevant and non-privileged, and (3) the information is crucial to the preparation of the case." *Nguyen v. Excel Corp.*, 197 F.3d 200, 208 (5th Cir. 1999).

Class Counsel cannot satisfy their *Shelton* burden, because they cannot show that Bandas's testimony is "relevant" or "crucial" to his clients' objections or the merits of the class action settlement. Class Counsel plainly wants to inquire about Bandas's representation of objectors in *other* class actions. But his representation of objectors in other class actions "has no greater bearing on the merits of the objection raised [in this class action] than a plaintiff's counsel's experience in filing class actions speaks to the merits of claims he brings." *True v. American Honda Motor Co.*, 749 F. Supp. 2d. 1052, 1079 (C.D. Cal. 2010). Essentially Class Counsel wants the Court to prejudge the objections based on Bandas's outcomes in other class actions, but prejudgment would be unjustified. "Merely characterizing some of the attorneys as "professional objectors" without specifying what, exactly, they have done that is either in bad faith or vexatious, is not enough." *Blessing v. Sirius XM Radio, Inc.*, 2011 WL 5873383, No. 09

CV 10035(HB) (S.D.N.Y. Nov. 22, 2011); *see also In re Lawnmower Engine Horsepower Mktg. & Sales Practices Litig.*, 2010 WL 4630846, MDL No. 08-1999 (E.D. Wisc. Nov. 2, 2010); *In re Air Cargo Shipping Svcs. Antitrust Litig.*, 2010 WL 1049269, No. 06-MD-1775 (JG)(VVP) (E.D.N.Y. Mar. 22, 2010). Indeed, one of Bandas's clients very recently prevailed in a class action appealed to the Ninth Circuit, *Dennis v. Kellogg Co.*, --- F.3d ---, 2012 WL 3800230 (9th Cir. Sept. 4, 2012).

Nor should Bandas be subjected to questioning that places him at risk of potentially revealing attorney-client privileged communications or client confidential information that the Texas Rules of Professional Conduct forbid him from revealing. *See* Tex. R. Prof. Conduct 1.05(b)(1) (requiring that a lawyer not reveal privileged or unprivileged client information to anyone, unless permitted by an exception).

### 5. Petrus Objections to the Production of Documents

Petrus objects to producing documents in response to the Petrus Subpoena, because the requested documents are irrelevant and not reasonably calculated to lead to the discovery of admissible evidence. Petrus further objects that the document requests are overly broad, unduly burdensome, and harassing.

Without waiving the foregoing objections, Petrus specifically objects to item (7) on Addendum A to the Petrus Subpoena as vague, overly broad, and seeking documents that are irrelevant and not reasonably calculated to lead to the discovery of admissible evidence.

Without waiving the foregoing objections, Petrus specifically objects to items (12) and (13) on Addendum A to the Petrus Subpoena as seeking documents that are irrelevant and not reasonably calculated to lead to the discovery of admissible evidence, and that are not within her possession, custody or control.

### 6. Bandas Objections to the Production of Documents

Bandas objects to producing documents in response to the Bandas Subpoena, because the requested documents are irrelevant and not reasonably calculated to lead to the discovery of admissible evidence. Bandas further objects that the document requests are overly broad, unduly burdensome, and harassing.

For example, the Bandas Subpoena requests that Bandas produce his "plaintiff profile form" (item 4), but Bandas is not a class member. Item (5) requests documents reflecting damages to Bandas's property caused by Chinese Drywall, but Bandas has made no such allegation. Items (13) and (14) refer to "your counsel" when Bandas is not represented by counsel in this class action. In fact, Items (2) through (14) are identical to the document requests served by Class Counsel on the Objectors, notwithstanding that Bandas is *not* an objector.

Without waiving the foregoing objections, Bandas specifically objects to item (1) on Addendum A to the Bandas Subpoena as seeking documents that are privileged attorney-client communications between Bandas and his clients.

Without waiving the foregoing objections, Bandas specifically objects to items (2), (4), (5), (6), (7), (8), (9), (10), (11), (12), (13), and (14) on Addendum A to the Bandas Subpoena as as vague, overly broad, and seeking documents that are irrelevant and not reasonably calculated to lead to the discovery of admissible evidence. Bandas further objects to items (3), (10), (11), and (12) as seeking privileged trial preparation materials.

* * * *

Earlier this year a federal district judge in Seattle, Washington condemned similar invasive discovery by class counsel against objectors, which he found "resemble[d] a litigation offensive designed to burden an entity that had the temerity to object to class counsel's

settlement" and was "little more than bullying by class counsel." *In re Classmates.com Consolidated Litig.*, Case No. C09-45RAJ, 2012 WL 3854501 at *10 (W.D. Wash. June 15, 2012). The court in the *Classmates.com* litigation sanctioned class counsel $100,000 for abusive discovery against objectors' counsel. For the same reasons that sanctions were justified in *Classmates.com*, a protective order should issue against Class Counsel in this case protecting Bandas and Petrus from further discovery.

Movants therefore respectfully request that the Petrus Subpoena and the Bandas Subpoena be quashed, that their objections to the request for production of documents pursuant to the subpoenas be sustained, and that a protective order be entered protecting Movants from further discovery in this case.

Dated: October 31, 2012

Respectfully submitted,

By:     /s/ Christopher A. Bandas
Christopher A. Bandas
State Bar No. 00787637
Southern Bar No. 17509
BANDAS LAW FIRM, P.C.
500 North Shoreline Blvd., Suite 1020
Corpus Christi, Texas 78401-0353
T: (361) 698-5200
F: (361) 698-5222

R. Joshua Koch, Jr.
State Bar No. 2492
Koch & Schmidt, LLC
650 Poydras St., Suite 2415
New Orleans, LA 70130
T: (504) 208-9040
F: (504) 208-9041

Counsel for Objector Jan Petrus, Saul Soto, SHS Construction, Ronnie Garcia, Bay Area Contracting

& Construction, Inc., Ernest Vitela, and E and E Construction Co.

CERTIFICATE OF SERVICE

I hereby certify that on the 31st day of October 2012 a true and correct copy of the above and foregoing was served on the following as indicated below as well as all counsel of record via the Court's CM/ECF system.

Arnold Levin
Levin, Fishein, Sedran & Berman
510 Walnut Street, Ste. 500
Philadelphia, PA 19106
Plaintiffs' Lead Counsel

Leonard A. Davis
Russ M. Herman
Herman, Herman & Katz, LLP
820 O'Keefe Avenue
New Orleans, LA 70013
Defendants' Counsel

/s/ Christopher A. Bandas
Christopher A. Bandas

AO 88A (Rev. 06/09) Subpoena to Testify at a Deposition in a Civil Action 

# UNITED STATES DISTRICT COURT
for the

Southern District of Texas

| | | |
|---|---|---|
| In re: Chinese-Manufactured Drywall Prod. Liab. Lit. | ) | |
| *Plaintiff* | ) | |
| v. | ) | Civil Action No.  MDL 2047 |
| | ) | |
| | ) | (If the action is pending in another district, state where: |
| *Defendant* | ) | Eastern District of Louisiana     ) |

## SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION

To: Jan Petrus, through her attorney, Christopher Bandas, Bandas Law Firm, 500 N. Shoreline, Suite 1020, Corpus Christi, TX 78401

☑ *Testimony:* **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at a deposition to be taken in this civil action. If you are an organization that is *not* a party in this case, you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about the following matters, or those set forth in an attachment:

| Place: Bandas Law Firm, 500 N. Shoreline, Suite 1020, Corpus Christi, TX 78401 | Date and Time: 11/01/2012 9:00 am |
|---|---|

The deposition will be recorded by this method:  Oral, Videotaped and Streamed

☑ *Production:* You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and permit their inspection, copying, testing, or sampling of the material:

See addendum "A" attached hereto.

The provisions of Fed. R. Civ. P. 45(c), relating to your protection as a person subject to a subpoena, and Rule 45 (d) and (e), relating to your duty to respond to this subpoena and the potential consequences of not doing so, are attached.

Date:  10/19/2012

*CLERK OF COURT*                           OR

_____                _____
*Signature of Clerk or Deputy Clerk*          *Attorney's signature*

The name, address, e-mail, and telephone number of the attorney representing *(name of party)*     Class Counsel
_____, who issues or requests this subpoena, are:
Russ M. Herman, Esq./Leonard A. Davis, Esq., Class Counsel, Herman, Herman & Katz, LLC, 820 O'Keefe Avenue, New Orleans, LA 70113, (504) 581-4892, ldavis@hhklawfirm.com


EXHIBIT A

RECEIVED 10/22/12 @ 8:30 AM

AO 88A (Rev. 06/09) Subpoena to Testify at a Deposition in a Civil Action (Page 2)

Civil Action No. MDL 2047

## PROOF OF SERVICE
*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

This subpoena for *(name of individual and title, if any)* Jan Petrus, through her attorney, Christopher Bandas
was received by me on *(date)* 10-22-12.

☑ I served the subpoena by delivering a copy to the named individual as follows: Amber Peterson receptionist, 500 N. Shoreline #1020, Corpus Christi Texas 78401
on *(date)* 10/22/12 @ 4:25 p.m.

☐ I returned the subpoena unexecuted because: _____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness fees for one day's attendance, and the mileage allowed by law, in the amount of

$ 100.00 CK #3278

My fees are $ 65.00 for travel and $ — for services, for a total of $ 65.00.

I declare under penalty of perjury that this information is true.

Date: 10/23/12

*Server's signature*

JOE R. PEREZ
TEXAS CERTIFIED PROCESS SERVER
SC #1527

TEXAS CIVIL PROCESS, INC.
1650 Brownlee Blvd.
P.O. Box 3785
Corpus Christi, TX 78463-3785

*Server's address*

Additional information regarding attempted service, etc:

10/22/12: Was informed Christopher Bandas was out of country until November 4, 2012. Left with office staff as instructed by law office of Herman, Herman & Katz.

AO 88A (Rev. 06/09) Subpoena to Testify at a Deposition in a Civil Action (Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), and (e) (Effective 12/1/07)

**(c) Protecting a Person Subject to a Subpoena.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The issuing court must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*

**(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

**(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

(i) At any time, on notice to the commanded person, the serving party may move the issuing court for an order compelling production or inspection.

(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*

**(A)** *When Required.* On timely motion, the issuing court must quash or modify a subpoena that:

(i) fails to allow a reasonable time to comply;

(ii) requires a person who is neither a party nor a party's officer to travel more than 100 miles from where that person resides, is employed, or regularly transacts business in person — except that, subject to Rule 45(c)(3)(B)(iii), the person may be commanded to attend a trial by traveling from any such place within the state where the trial is held;

(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

(iv) subjects a person to undue burden.

**(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the issuing court may, on motion, quash or modify the subpoena if it requires:

(i) disclosing a trade secret or other confidential research, development, or commercial information;

(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party; or

(iii) a person who is neither a party nor a party's officer to incur substantial expense to travel more than 100 miles to attend trial.

**(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(c)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

(ii) ensures that the subpoenaed person will be reasonably compensated.

**(d) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:

**(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

**(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

**(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.

**(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*

**(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

(i) expressly make the claim; and

(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

**(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information to the court under seal for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(e) Contempt.** The issuing court may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena. A nonparty's failure to obey must be excused if the subpoena purports to require the nonparty to attend or produce at a place outside the limits of Rule 45(c)(3)(A)(ii).

## ADDENDUM "A" TO SUBPOENA TO JAN PETRUS

1. All documents that contain any information responsive to Interrogatories 1 thru 7 which were served on you on October 4, 2012.

2. Communications between you and other litigants in Chinese Drywall Litigation.

3. Your plaintiff profile form.

4. Documents reflecting damages to your property that you allege are caused by Chinese Drywall.

5. All documents that you intend to submit for "other loss" claims as that term is defined in the Chinese Drywall Litigation.

6. All invoices of your purchases of Chinese Drywall.

7. For each company that you own, all documents reflecting your ownership or articles of incorporation.

8. For all Chinese Drywall that you or any company that you owned/purchased, all invoices, purchase orders, sales slips or other paper reflecting the resale of Chinese Drywall.

9. All expert reports and analysis of the settlements at issue.

10. All documents you intend to offer or admit at the fairness hearing or in submissions prior to the fairness hearing.

11. All affidavits you intend to submit at the fairness hearing or prior to the fairness hearing.

12. All pleadings filed by your counsel with regard to prior objections to other class action settlements.

13. All payments received by your counsel as attorneys fees or reimbursement of costs with regard to prior objections filed in other class action settlements.

14. Retainer agreement with your counsel, Christopher Bandas.

ORIGINAL

AO 88A (Rev. 06/09) Subpoena to Testify at a Deposition in a Civil Action

# UNITED STATES DISTRICT COURT
for the

Southern District of Texas

| In re: Chinese-Manufactured Drywall Prod. Liab. Lit. | ) | |
|---|---|---|
| *Plaintiff* | ) | |
| v. | ) | Civil Action No.   MDL 2047 |
| | ) | |
| | ) | (If the action is pending in another district, state where: |
| *Defendant* | ) | Eastern District of Louisiana ) |

## SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION

To: Christopher Bandas, Bandas Law Firm, 500 N. Shoreline, Suite 1020, Corpus Christi, TX 78401

☑ *Testimony:* **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at a deposition to be taken in this civil action. If you are an organization that is *not* a party in this case, you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about the following matters, or those set forth in an attachment:

| Place: Bandas Law Firm, 500 N. Shoreline, Suite 1020, Corpus Christi, TX 78401 | Date and Time: 11/02/2012 3:30 pm |
|---|---|

The deposition will be recorded by this method: _Oral, Videotaped and Streamed_

☑ *Production:* You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and permit their inspection, copying, testing, or sampling of the material:

See Addendum "A" attached.

The provisions of Fed. R. Civ. P. 45(c), relating to your protection as a person subject to a subpoena, and Rule 45 (d) and (e), relating to your duty to respond to this subpoena and the potential consequences of not doing so, are attached.

Date:   10/19/2012

_____     OR     _____
*Signature of Clerk or Deputy Clerk*              *Attorney's signature*

CLERK OF COURT

The name, address, e-mail, and telephone number of the attorney representing *(name of party)*   Class Counsel
_____, who issues or requests this subpoena, are:
Russ M. Herman, Esq./Leonard A. Davis, Esq., Class Counsel, Herman, Herman & Katz, LLC, 820 O'Keefe Avenue, New Orleans, LA 70113, (504) 581-4892, ldavis@hhklawfirm.com



EXHIBIT B

RECEIVED
10/22/12
@ 8:30 A.M.

AO 88A (Rev. 06/09) Subpoena to Testify at a Deposition in a Civil Action (Page 2)

Civil Action No. MDL 2047

## PROOF OF SERVICE

*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

This subpoena for *(name of individual and title, if any)* **Christopher Bandas**
was received by me on *(date)* **10/22/12**.

☑ I served the subpoena by delivering a copy to the named individual as follows: **Amber Peterson, receptionist, 500 N. Shoreline, Ste. 1020, Corpus Christi TX 78401** on *(date)* **10/22/12 @ 4:25 p.m.**

☐ I returned the subpoena unexecuted because: _____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness fees for one day's attendance, and the mileage allowed by law, in the amount of

$ **100.00 CK#3279**.

My fees are $ **65.00** for travel and $ **—** for services, for a total of $ **65.00**.

I declare under penalty of perjury that this information is true.

Date: **10/23/12**

*Server's signature*

**JOE R. PEREZ**
TEXAS CERTIFIED PROCESS SERVER
SC# 1527

**TEXAS CIVIL PROCESS, INC.**
**1650 Brownlee Blvd.**
**P.O. Box 3785**
**Corpus Christi, TX 78463-3785**

*Server's address*

Additional information regarding attempted service, etc:

10/22/12: Was informed Christopher Bandas was out of country until November 4, 2012. Left with office staff as instructed by law office of Herman, Herman & Katz.

AO 88A (Rev. 06/09) Subpoena to Testify at a Deposition in a Civil Action (Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), and (e) (Effective 12/1/07)

**(c) Protecting a Person Subject to a Subpoena.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The issuing court must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*

**(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

**(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

(i) At any time, on notice to the commanded person, the serving party may move the issuing court for an order compelling production or inspection.

(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*

**(A)** *When Required.* On timely motion, the issuing court must quash or modify a subpoena that:

(i) fails to allow a reasonable time to comply;

(ii) requires a person who is neither a party nor a party's officer to travel more than 100 miles from where that person resides, is employed, or regularly transacts business in person — except that, subject to Rule 45(c)(3)(B)(iii), the person may be commanded to attend a trial by traveling from any such place within the state where the trial is held;

(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

(iv) subjects a person to undue burden.

**(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the issuing court may, on motion, quash or modify the subpoena if it requires:

(i) disclosing a trade secret or other confidential research, development, or commercial information;

(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party; or

(iii) a person who is neither a party nor a party's officer to incur substantial expense to travel more than 100 miles to attend trial.

**(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(c)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

(ii) ensures that the subpoenaed person will be reasonably compensated.

**(d) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:

**(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

**(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

**(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.

**(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*

**(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

(i) expressly make the claim; and

(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

**(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information to the court under seal for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(e) Contempt.** The issuing court may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena. A nonparty's failure to obey must be excused if the subpoena purports to require the nonparty to attend or produce at a place outside the limits of Rule 45(c)(3)(A)(ii).

## ADDENDUM "A" TO SUBPOENA TO CHRISTOPHER BANDAS

1. Retainer Agreements between you and your clients/objectors, Jan Petrus, Saul Soto, Ernest Vitela, Ronnie Garcia, Bay Area Contracting & Construction, Inc., SHS Construction and E and E Construction.

2. All documents that contain any information responsive to Interrogatories 1 thru 7 which were served on you on October 4, 2012.

3. Communications between you and other litigants in Chinese Drywall Litigation.

4. Your plaintiff profile form.

5. Documents reflecting damages to your property that you allege are caused by Chinese Drywall.

6. All documents that you intend to submit for "other loss" claims as that term is defined in the Chinese Drywall Litigation.

7. All invoices of your purchases of Chinese Drywall.

8. For each company that you own, all documents reflecting your ownership or articles of incorporation.

9. For all Chinese Drywall that you or any company that you owned/purchased, all invoices, purchase orders, sales slips or other paper reflecting the resale of Chinese Drywall.

10. All expert reports and analysis of the settlements at issue.

11. All documents you intend to offer or admit at the fairness hearing or in submissions prior to the fairness hearing.

12. All affidavits you intend to submit at the fairness hearing or prior to the fairness hearing.

13. All pleadings filed by your counsel with regard to prior objections to other class action settlements.

14. All payments received by your counsel as attorneys fees or reimbursement of costs with regard to prior objections filed in other class action settlements.