Q. (By Mr. Longer) Sir, did you have an understanding of Mr. Bandas's business prior to meeting with him?

A. No.

Q. In the course of your association with Mr. Bandas have you come to understand that he has objected to many settlements, class action settlements throughout the country?

A. I don't know anything about that, sir.

Q. Are you aware of the motions that have been filed in the federal court seeking to sanction you and Mr. Bandas for filing motions, frivolous motions in front of the Court?

A. I don't know anything about that, sir.

Q. You don't know that there is a motion for sanctions against you personally?

A. I did not know.

Q. Would it be of interest to you that you might be personally liable for a sanction that Judge Fallon and the federal court might impose on you because you filed frivolous papers in front of the federal court?

A. When you say frivolous, is that your opinion?

Q. I believe it's on it's face obviously frivolous.



MR. HUSEMAN: So what's your question?

A. Yeah, what is the question? I'm sorry.

Q. I'll read it again. Would it be of interest to you that you might be personally liable for a sanction personally because your counsel filed frivolous papers on your behalf?

A. That I might be so it hasn't been; is that correct?

Q. It's before the Judge. You think it's attention?

MR. HUSEMAN: Okay. Don't answer that harassing as you are, we're going to call a stop to that line of questioning. You're welcome to ask him other questions but in terms of trying to drive a wedge between him and his lawyer or to interfere with the attorney/client privilege that he may have with Mr. Bandas, we're not going to go any further down that road without Judge Fallon saying that's appropriate.

MR. LONGER: Well, I believe in the conference we had with Judge Fallon this afternoon he instructed us that we could address standing, his underlying objection and his relationship with his counsel.

MR. HUSEMAN: Okay.

MR. LONGER: And I believe that his and what his counsel has done elsewhere is related to his relationship with his counsel.

MR. HUSEMAN: And you're attempts, and it's to make sure we're clear about what I'm saying to you, your attempts to say would it be of interest to you or would you like to know or those type of things are basically calculated at least in my view sitting here as a way of trying to interfere with Mr. Soto's relationship with Mr. Bandas, and if that's what the Judge has in mind, then perhaps he'll need to make a more explicit ruling on it.

You've had a chance to discuss the relationship with him. You've had a contract, and in terms of your trying to make Mr. Soto feel bad or put Mr. Bandas in a bad light with his client, that part I'm not going to go along with.

Q. (By Mr. Longer) Are you aware that courts around the country have found Mr. Bandas to be a professional objector?

MR. HUSEMAN: Okay. This is the same line

of questioning. I'm telling Mr. Soto not to answer that pending the Judge's ruling on that.

MR. DODSON: Do we need to go ahead and set a hearing on that?

MR. LONGER: If you like.

MR. DODSON: As I understand from the rules, if we're not going to go into it, then we also need to go ahead and file a motion, so I can get that cooking.

MR. HUSEMAN: We'll do that in a little while. And the other part of that is you can go ahead and ask him questions that are not within dispute he's your lawyer purposes.

MR. LONGER: All right. I'll move on.