**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| =============================== | x | ============================= |
|---|---|---|
| | x | |
| IN RE: CHINESE-MANUFACTURED | x | MDL NO. 2047 |
| DRYWALL PRODUCTS LIABILITY | x | SECTION: L |
| LITIGATION | x | JUDGE FALLON |
| | x | MAG. JUDGE WILKINSON |
| THIS DOCUMENT RELATES TO ALL | x | |
| CASES | | |
| =============================== | x | ============================= |

**THE PLAINTIFFS' STEERING COMMITTEE'S MEMORANDUM IN SUPPORT OF MOTION *IN LIMINE* TO EXCLUDE CERTAIN TESTIMONY REGARDING NEW ORLEANS AREA HABITAT FOR HUMANITY'S PURCHASE, TESTING, DISTRIBUTION AND SALE OF DRYWALL**

The Plaintiffs' Steering Committee ("PSC") hereby files this Motion *in Limine* to exclude certain testimony regarding New Orleans Area Habitat for Humanity's ("NOAHH") purchase, testing, distribution and sale of drywall. Such testimony can serve only to confuse the issues before the jury, present cumulative evidence and prejudice NOAHH and the trial plaintiffs in the November 26, 2012 bellwether trial of Interior/Exterior Building Supply, L.P. ("INEX") and North River Insurance Co.

## BACKGROUND

Two of the potential homes to be presented to the jury were built through the auspices of NOAHH who subsequently paid for the full remediation of these properties because Chinese-manufactured drywall had been used in the construction.[1] Deposition of Jim Pate, p. 127:2-3 ("Pate. Depo"). The drywall used in these properties, among the first built by NOAHH after

---

[1] These two homes were built with "Taihe" brand drywall imported by INEX. *Id.*, pp. 105:20-106:1. A third potential home built through the auspices of NOAHH was built with INEX drywall that had been manufactured by Knauf and imported by INEX. This third home is subsumed by the Knauf Plasterboard Settlement.

Hurricane Katrina, was purchased from INEX, NOAHH's primary source for drywall into 2007. *Cf Id.*, p. 37:14-25.   Whether INEX acted in good or bad faith under the Louisiana law of Redhibition when it sold this Chinese-manufactured drywall is the only question to be presented to the jury.

During discovery it became apparent that INEX intended to seek information about the full range of NOAHH's dealings with drywall from 2005 onward, including any and all acquisition, use, distribution, testing and sale of Chinese-manufactured drywall.   On August 22, 2012, the propriety of this discovery was brought before the Court by way of the motion to compel by INEX, which the PSC opposed.   Doc. No. 15726.   On September 4, 2012, the Court granted INEX leave to proceed with the discovery, subject to a meet and confer, noting the general rule that discovery should be liberally allowed and that such discovery could possibly lead to evidence relevant to what INEX "should have known."   Doc. No. 15757.   However, the Court expressly reserved any decision about the admissibility of any evidence obtained through that discovery, including considerations under Fed.R.Evid. 403

The subsequent discovery established the following facts and events, all of which occured *after* INEX claims to have sold its last piece of Chinese-drywall (and after the July 26, 2006 and November 8, 2006 period when its sold the drywall for the trial plaintiffs' homes) and long after 2005 when INEX first imported its own Chinese-manufactured drywall.   In March 2007, NOAHH was approached by a broker who had a shipment of unclaimed "Crescent City" brand drywall. Pate Depo., p. 27:2-14.   Given the need for drywall in the region, not only for NOAHH's reconstruction efforts, but those of other charities, NOAHH purchased the drywall at a modest discount.   *Id.*, p. 173:11-14; *see also id.*, 53:20-25, 55:6-23.   It turns out that "Crescent City" drywall was Chinese-manufactured.    At no time did NOAHH contract, directly or

indirectly with a manufacturer of drywall. *Cf id.*, p. 119:22-25. At no time did NOAHH re-sell the "Crescent City" drywall for a profit; rather it donated the drywall to other charities, while selling a few boards at a loss at its small "ReStore" outlet to offset the storage costs.[2] *Id.*, p. 86:10-19. Indeed, NOAHH was never in the business of buying and selling building materials. *Id.*, p. 61:8-25. It is a charity which facilitates the construction and ownership of homes for those in need. *Id.*, p. 42:1-6. INEX, in contrast, was and remains a sophisticated importer and distributor of foreign and domestic building products, particularly drywall (Deposition of Clay Geary, p. 57:22-25), and failed to satisfy its standard of care when importing Chinese-manufactured drywall in 2005-06. Similarly, NOAHH's subsequent use of the "Crescent City" drywall and efforts to test for Chinese drywall in 2009, once media reports about Chinese-drywall began reaching NOAHH, are irrelevant to INEXs duties as an importer and commercial distributor when, in 2006, it brought the "Taihe" brand drywall into the country. Indeed, it is INEX's failure to conduct any plant inspection, investigation or testing prior to importing the drywall that should stand alone before the jury.

For the reasons that follow, the PSC requests that all testimony about NOAHH's acquisition, use, testing, distribution and sale of any drywall, particularly the "Crescent City" drywall, be excluded from trial.[3] INEX has retained experts to rebut claims that it "should have known" that the Chinese-manufactured drywall would off-gas. Testimony about NOAHH's one-

---

[2]     The "ReStore" outlet is a place where NOAHH offers at great discount surplus it might have or materials it might have salvaged but have no immediate use for, sparing NOAHH the problem and costs of storage.

[3]     Additionally, much of the testing that NOAHH  began in 2009 were air samples which are now known to be ineffective in detecting the emissions from Chinese-manufactured drywall. Deposition of Dr. Lori Streit (awaiting transcript). Indeed, to compare efforts to diagnose a problem to failure to inspect production of a Chinese manufactured product can serve only to confuse.

off purchase, use and testing of "Crescent City" drywall, can only serve to cloud the simple issue

before the jury, and threaten to prejudice each of the trial plaintiffs.

ARGUMENT

Under Rule 403 of the Federal Rules of Evidence, relevant evidence may be excluded if

its probative value is substantially outweighed by the danger of "unfair prejudice, confusion of

the issues, or misleading the jury". Fed.R.Evid. 403.  In making this determination, the Court is

given broad discretion.  *See Johnson v. Ford Motor Co.,* 988 F.2d. 573, 578 (5th Cir. 1993);

*Sullivan v. Rowan Companies, Inc.,* 952 F.2d 141, 146 (5th Cir.1992); *Seidman v. American*

*Airlines, Inc.,* 923 F.2d 1134, 1138 (5th Cir.1991); *Jackson v. Firestone Rubber Co.,* 788 F.2d

1070, 1075 (5th Cir.1986).  When evidence is of events that are supposed to resemble or be akin

to the challenged actions of a defendant, *but are events relating to different parties, times or*

*subject matters*, the probative value is diminished while the risk of confusion and prejudice are,

accordingly, increased.  *See Johnson*, 988 F.2d. at 578-81; *See also Peters v. Nissan Forklift*

*Corp. N.A.*, 2008 WL 2625522, *1 (E.D.La. Feb. 1, 2008).

Instantly, INEX wants to effectively exonerate itself as a potential bad-faith commercial

seller by presenting the story of NOAHH and the "Crescent City" drywall.  Initially, it is not

clear what relevance if any, NOAHH's acquisition of the abandoned "Crescent City" drywall in

2007 or its subsequent testing in 2009, have to INEX's good or bad faith as a seller in 2006.

When it imported and distributed the Chinese-manufactured drywall  To the extent that INEX

argues for some relevance, effectively arguing that it is as good or bad as a not-for-profit charity,

the risk of confusion and prejudice are undeniable.

INEX is a very different entity than NOAHH.  INEX was on the leading edge of bringing

Chinese-manufactured drywall into this country starting in 2005 without fulfilling its duties as an

importer and distributor.  It brought the drywall over to sell, for a profit, and ignored on-going customer complaints about the quality of the drywall.  NOAHH was never in the business of import, sale or distribution of building materials.  It is a non-profit, trying to find supplies where they could be found and share them in New Orleans post-Katrina.  NOAHH had no system for quality the type of quality controls of an importer or distributor, had no "customers" to complain, and had no knowledge about the manufacturer of the "Crescent City" drywall.

Allowing INEX to present itself alongside NOAHH, and suggest that its actions are as innocent or culpable as NOAHH's can only muddy the duty and standard against which INEX is to be judged.  To allow INEX to point at one of the potential trial Plaintiffs as involved in the problem of Chinese-manufactured drywall can only prejudice the trial plaintiffs.  Rather, it is best to allow Defendant to proceed with evidence, including expert testimony, about its course of conduct and its unique duties as an importer and distributor.

## CONCLUSION

For all of the foregoing, the PSC requests that an order be entered precluding testimony regarding NOAHH's purchase, testing, distribution and sale of drywall except as relates to the homes to be presented to the jury in the November 26, 2012 bellwether trial.

Respectfully submitted,

Dated: November 2, 2012

/s/ Russ M. Herman\
Russ M. Herman, Esquire (Bar No. 6819)\
Leonard A. Davis, Esquire (Bar No. 14190)\
Stephen J. Herman, Esquire (Bar No. 23129)\
HERMAN, HERMAN & KATZ, L.L.C.\
820 O'Keefe Avenue\
New Orleans, Louisiana 70113\
Phone: (504) 581-4892\
Fax: (504) 561-6024\
LDavis@hhklawfirm.com\
*Plaintiffs' Liaison Counsel*\
*MDL 2047*

Arnold Levin
Fred S. Longer
Matthew C. Gaughan
Levin, Fishbein, Sedran & Berman
510 Walnut Street, Suite 500
Philadelphia, PA 19106
215-592-1500 (phone)
215-592-4663 (fax)
Alevin@lfsblaw.com
*Plaintiffs' Lead Counsel*
*MDL 2047*

## PLAINTIFFS' STEERING COMMITTEE

Dawn M. Barrios
Barrios, Kingsdorf & Casteix, LLP
701 Poydras Street, Suite 3650
New Orleans, LA 70139
Phone: (504) 524-3300
Fax: (504) 524-3313
Barrios@bkc-law.com

Daniel E. Becnel, Jr.
Becnel Law Firm. LLC
P.O. Drawer H
106 W. Seventh Street
Reserve, LA 70084
Phone: (985) 536-1186
Fax: (985) 536-6445
dbecnel@becnellaw.com

Robert C. Josefsberg
Podhurst Orseck, P.A.
25 Flagler Street, 8th Floor
Miami, FL 33130
Phone: (305) 358-2800
Fax: (305) 358-2382
rjosefsberg@podhurst.com

Bruce William Steckler
Baron & Budd, P.C.
3102 Oak Lawn Ave., Suite 1100
Dallas, TX 75219
Phone: (214) 521-3605
Fax: (214) 520-1181
bsteckler@baronbudd.com

Ervin A. Gonzalez
Colson, Hicks, Eidson, Colson
  Matthews, Martinez, Gonzales,
  Kalbac & Kane
255 Alhambra Circle, Penthouse
Cora Gables, FL 33134
Phone: (305) 476-7400
Fax: (305) 476-7444
Ervin@colson.com

Ben W. Gordon, Jr.
Levin, Papantonio, Thomas, Mitchell
 Echsner & Proctor, P.A.
316 S. Baylen Street, Suite 600
Pensacola, FL 32502
Phone: (850) 435-7000
Fax: (850) 435-7020
bgordon@levinlaw.com

Hugh P. Lambert
Lambert and Nelson
701 Magazine Street
New Orleans, LA 70130
Phone: (504) 581-1750
Fax: (504) 529-2931
hlambert@lambertandnelson.com

Gerald E. Meunier
Gainsburgh, Benjamin, David, Meunier
 & Warshauer, LLC
2800 Energy Centre, 1100 Poydras Street
New Orleans, LA 70163-2800
Phone: (504) 522-2304
Fax: (504) 528-9973
gmeunier@gainsben.com

Jerrold Seth Parker
Parker, Waichman, Alonso LLP
3301 Bonita Beach Road
Bonita Springs, FL 34134
Phone: (239) 390-1000
Fax: (239) 390-0055
Jerry@yourlawyer.com

Scott Wm. Weinstein
Morgan & Morgan
12800 University Drive, Suite 600
Ft. Meyers, FL 33907
Phone: (239) 433-6880
Fax: (239) 433-6836
sweinstein@forthepeople.com

James Robert Reeves
Lumpkin & Reeves
160 Main Street
Biloxi, MS 39530
Phone: (228) 374-5151
Fax: (228) 374-6630
jrr@lumpkinreeves.com

Christopher Seeger
Seeger Weiss, LLP
One William Street
New York, NY 10004
Phone: (212) 584-0700
Fax: (212) 584-0799
cseeger@seegerweiss.com

Daniel K. Bryson
Whitfield, Bryson & Mason, LLP
900 W. Morgan Street
Raleigh, NC 27603
Phone: (919) 600-5000
Fax: (919) 600-5035
Daniel@wbmllp.com

Richard J. Serpe, Esquire
Law Offices of Richard J. Serpe
Crown Center, Ste. 310
580 East Main Street
Norfolk, VA 23510-2322
rserpe@serpefirm.com

Victor M. Diaz, Jr.
119 Washington Avenue
Suite 402
Miami Beach, FL 33139
victor@diazpartners.com

**OF COUNSEL TO PLAINTIFFS' STEERING COMMITTEE**

Richard S. Lewis
HAUSFELD LLP
1700 K Street, N.WSuite  650
Washington, DC 20006
Phone: (202) 540-7200
Fax:  (202) 540-7201
rlewis@hausfeldllp.com

Andrew A. Lemmon
Lemmon Law Firm, LLC
P.O. Box 904
15058 River Road
Hahnville, LA 70057
Phone: (985) 783-6789
Fax: (985) 783-1333
andrew@lemmonlawfirm.com

Anthony Irpino
Irpino Law Firm
2216 Magazine Street
New Orleans, LA 70130
Phone: (504) 525-1500
Fax: (504) 525-1501
airpino@irpinolaw.com

## CERTIFICATE OF SERVICE

I hereby certify that the above and foregoing pleading has been served on Defendants' Liaison Counsel, Kerry Miller, by e-mail and upon all parties by electronically uploading the same to LexisNexis File & Serve in accordance with Pre-Trial Order No. 6, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2047 on this 2nd day of November, 2012.

/s/ Leonard A. Davis
Leonard A. Davis, Esquire
Herman, Herman & Katz, L.L.C.
820 O'Keefe Avenue
New Orleans, Louisiana 70113
Phone: (504) 581-4892
Fax: (504) 561-6024
Ldavis@hhklawfirm.com
Plaintiffs' Liaison Counsel
MDL 2047

*Co-counsel for Plaintiffs*