**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | | |
|---|---|---|
| IN RE: CHINESE-MANUFACTURED | ) | CIVIL ACTION NO. 09-2047 |
| DRYWALL PRODUCTS LIABILITY | ) | |
| LITIGATION | ) | JUDGE FALLON |
| _____ | ) | |
| This Document Relates to: | | MAGISTRATE WILKINSON |
| ALL CASES | | |

## INTERIOR EXTERIOR'S PROPOSED JURY INSTRUCTIONS

**NOW INTO COURT**, through undersigned counsel, come defendants, Interior Exterior

Building Supply, L.P. and Interior Exterior Enterprises, L.L.C. ("Interior Exterior"), who

respectfully submit the following jury instructions and requests that they be used at the trial of

this matter.  Interior Exterior further expressly reserves the right to submit additional jury

instructions, as warranted, during the course of the trial.

Respectfully submitted,

**_Richard G. Duplantier, Jr.   /s/_**
Richard G. Duplantier, Jr. (# 18874)
Lambert J. Hassinger, Jr. (# 21683)
Benjamin R. Grau (#26307)
Carlina C. Eiselen, (# 28524)
GALLOWAY, JOHNSON, TOMPKINS,
BURR & SMITH
701 Poydras Street, 40th Floor
New Orleans, Louisiana 70139
Telephone:  (504) 525-6802 / Fax:  (504) 525-2456
rduplantier@gjtbs.com /jhassinger@gjtbs.com
bgrau@gjtbs.com / ceiselen@gjtbs.com
*Counsel for Defendant, Interior Exterior Building Supply,*
*L.P. and Interior Exterior Enterprises, LLC*

## Certificate of Service

The undersigned certifies that this document has been served on Plaintiffs' Liaison counsel Russ Herman and Defendants' Liaison Counsel Kerry Miller, by email and United States Mail, and upon all parties by electronically uploading the same to Lexis Nexis File & Serve in accordance with Pretrial Order No. 6, and that the foregoing was filed with the Clerk of Court for the United States District Court for the Eastern District of Louisiana by using the CM/ECF System which will send a notice of electronic filing in accord with the procedures established in MDL 2047, on the 2nd day of November, 2012.

*Richard G. Duplantier, Jr.   /s/*
RICHARD G. DUPLANTIER, JR.

## INTERIOR EXTERIOR'S PROPOSED JURY INSTRUCTION NO. 1:

**Redhibition:**

Sales of goods in Louisiana carry an implied warranty from the seller and the manufacturer that the goods are free of hidden defects (redhibitory vices) and are reasonably fit for their intended use.[1]   A defect is redhibitory when it renders the thing useless, or its use so inconvenient that it must be presumed the buyer would not have bought the thing had it known of the defect.[2]   To prevail on this claim, Plaintiffs need only show the existence of a defect and do not need to establish the cause of the defect.[3]   In this case, the parties have agreed that the Chinese-manufactured drywall sold to Plaintiffs by Interior Exterior off-gassed sulfur compounds when exposed to high temperature and humidity and that this condition constitutes a redhibitory defect in the product that existed at the time of sale.

Because a redhibitory vice existed, the Plaintiffs can recover the purchase price and expenses occasioned by the sale of the drywall and the costs incurred for the preservation of the drywall.[4]   If the Plaintiffs can show, however, that Interior Exterior knew of the specific redhibitory defect at the time of sale, they can also recover damages.[5]

---

[1] *Datamatic, Inc. v. International Business Machines Corporation,* 795 F. 2d 458, 461 (5th Cir. 1986); *Young v. Ford Motor Co.*, 91-C-0561 (La. 3/2/92), 595 So.2d 1123, 1126; *Hob's Refrigeration & Air Conditioning, Inc. v. Poche,* 304 So.2d 326, 327 (La. 1974). *Chalmers v. Stephens Chevrolet, Inc.,* 461 So.2d 395, 398 (La. App. 4 Cir 1984).

[2] *Boos v. Benson Jeep-Eagle Company, Inc.,* 98-1424, p. 2 (La. App. 4 Cir. 6/24/98), 717 So.2d 661, 663; *Chalmers v. Stephens Chevrolet, Inc.,* 461 So.2d 395, 398 (La. App. 4 Cir 1984).

[3] *Dixie Roofing Co. of Pineville, Inc. v. Allen Parish School Board,* 95-1526 (La. App. 3 Cir. 5/8/96), 690 So.2d 49

[4] La. C.C. art 2531 and 2545.

[5] La. C.C. art. 2545;  *Young v. Ford Motor Co.*, 91-C-0561 (La. 3/2/92), 595 So.2d 1123, 1126- 1127; *Dalme v. Blockers Mfd. Homes, Inc.,*02-0244, p. 21 (La. App. 3 Cir. 2001)  779 So.2d 1014, 10 28; *Boos v. Benson Jeep-Eagle Company, Inc.,* 98-1424, pp. 2-3 (La. App. 4 Cir. 6/24/98), 717 So.2d 661, 663; *Datamatic, Inc. v. International Business Machines Corporation,* 795 F. 2d 458, 461 (5th Cir. 1986).

*Alternative instruction (in lieu of last paragraph):*

Because a redhibitory vice existed, the Plaintiffs can recover the purchase price and expenses occasioned by the sale of the drywall and the costs incurred for the preservation of the drywall.[6]  If the Plaintiffs can show, however, that Interior Exterior was a bad faith seller of the drywall, they can also recover damages.[7]   The legal standard for a bad faith seller in redhibition is: (a) whether the seller knew that the specific redhibitory defect existed in the product at the time of the sale and failed to disclose it; or (b) in limited circumstances, at the time of sale, the seller had constructive knowledge that the specific redhibitory defect existed in the product at the time of the sale and failed to disclose it.[8]  When I say "constructive knowledge," I mean with the facts apparent to it at the time of the sale, the seller should have known of the specific redhibitory defect.  This limited exception for constructive knowledge, however, does not impose upon the seller a duty to undertake an inspection of the product or the manufacturer's facilities or perform independent testing in order to discover the specific redhibitory defect.[9] You should only find that Interior Exterior should have known of the redhibitory defect if you conclude that evidence of the sulfur off-gassing defect in the drywall was apparent to Interior Exterior at the time of the sale but it turned a blind eye to the evidence.[10]

---

[6] La. C.C. art 2531 and 2545.

[7] La. C.C. art. 2545;  *Young v. Ford Motor Co.*, 91-C-0561 (La. 3/2/92), 595 So.2d 1123, 1126- 1127; *Dalme v. Blockers Mfd. Homes, Inc.,*02-0244, p. 21 (La. App. 3 Cir. 2001)  779 So.2d 1014, 10 28; *Boos v. Benson Jeep-Eagle Company, Inc.,* 98-1424, pp. 2-3 (La. App. 4 Cir. 6/24/98), 717 So.2d 661, 663; *Datamatic, Inc. v. International Business Machines Corporation,* 795 F. 2d 458, 461 (5th Cir. 1986).

[8] La. C.C. art. 2545; *Slaid v. Evergreen Indem., Ltd.,* 32-363 (La.App.2d Cir.10/27/99); *Cernigliaro v. Marquis Marine, Inc.*, 381 So. 2d 886, 888-89 (La. Ct. App. 1980).

[9] *Williamson v. C.P. Strange,* 323 So.2d 875 (1975); *Riche v. Krestview Mobile Homes, Inc.,* 375 So.2d 133 (La.App. 3 Cir. 7/25/79), *re'hrng denied* (9/4/79); *Kelley v. Price-Macemon, Inc.,* 992 F.2d 1408, 1414 (5th Cir. 1993) *cert. denied*, 510 U.S. 1043, 114 S. Ct. 688, 126 L. Ed. 2d 656 (1994)

[10] *Juneau v. Bob McKinnon Chevrolet Co.*, 260 So.2d 919 (1972); *Wade v. McInnis-Peterson Chevrolet, Inc.*, 307 So.2d 798 (1975); and *Williamson v. C.P. Strange*, 323 So.2d 875 (1975)

## INTERIOR EXTERIOR'S PROPOSED JURY INSTRUCTION NO. 2:

**Comparative Fault:**

Louisiana law requires that you divide the total responsibility for this incident among all those who were proven to be involved in it whether they are actually parties to this suit or not. You should do this by assigning percentages of fault to the various involved persons which will total 100%. You are free to assign whatever percentage you feel appropriate.

In determining those percentages, you may consider both the nature of the negligent conduct and the extent of the causal relation between the conduct and plaintiff's injuries. When I say the nature of the negligent conduct, I mean that you may consider: (1) whether the conduct resulted from inadvertence or rather involved an awareness of the danger involved; (2) how great the risk created by the person's conduct was; (3) the importance of what was sought by the conduct; (4) the physical and mental capacities of the person, either ordinary or perhaps superior or inferior; and (5) any extenuating circumstances which might have required that party to act in haste, without proper thought.  When I say the extent of the causal relation between the conduct and the injuries, I mean that you may consider the extent to which that party's conduct contributed to the happening of the accident and plaintiff's injuries.[11]

.

---

[11] 18 La. Civ. L. Treatise, Civil Jury Instructions § 5:1 (3d ed.)

## <u>INTERIOR EXTERIOR PROPOSED JURY INSTRUCTION NO. 3:</u>

**Proof:**

In this case, the plaintiff must prove every essential part of his claim by a preponderance of the evidence.

A preponderance of the evidence simply means evidence that persuades you that the plaintiff's claim is more likely true than not true.

In deciding whether any fact has been proven by a preponderance of the evidence, you may, unless otherwise instructed, consider the testimony of all witnesses, regardless of who may have called them, and all exhibits received in evidence, regardless of who may have produced them.

If the proof fails to establish any essential part of the plaintiff's claim by a preponderance of the evidence, you should find for the defendant as to that claim.[12]

---

[12] Fifth Circuit Pattern Jury Instructions – Civil (2006), 2.20.

## INTERIOR EXTERIOR'S PROPOSED JURY INSTRUCTION NO. 4:

**Evidence:**

You must consider only the evidence in this case.  However, you may draw such reasonable inferences from the testimony and exhibits as you feel are justified in the light of common experience.  You may make deductions and reach conclusions that reason and common sense lead you to make from the testimony and evidence.

The testimony of a single witness may be sufficient to prove any fact, even if a greater number of witnesses may have testified to the contrary, if after considering all the other evidence you believe that single witness.

There are two types of evidence you may consider.  One is direct evidence—such as testimony of an eyewitness.  The other is indirect or circumstantial evidence—the proof of circumstances that tend to prove or disprove the existence or nonexistence of certain other facts. The law makes no distinction between direct and circumstantial evidence, but simply requires that you find the facts from a preponderance of all the evidence, both direct and circumstantial. [13]

---

[13] Fifth Circuit Pattern Jury Instructions – Civil (2006), 2.18.

## **INTERIOR EXTERIOR'S PROPOSED JURY INSTRUCTION NO. 5:**

**Credibility:**

You are the sole judges of the credibility or believability of each witness and the weight to be given to his or her testimony. In weighing the testimony of a witness, you should consider his or her relationship to the parties, his or her interest, if any, in the outcome of the case, manner of testifying, opportunity to observe or acquire knowledge concerning the facts about which testimony was given, the person's candor, fairness and intelligence, and the extent to which the person has been supported or contradicted by any other credible evidence. You may, in short, accept or reject the testimony of any witness in whole or in part.   Also, the weight of the evidence is not necessarily determined by the number of witnesses testifying as to the existence or non-existence of any fact. You may find that the testimony of a smaller number of witnesses as to any fact is more credible than the testimony of a larger number of witnesses to the contrary. [14]

Now, a witness may be discredited or impeached by contradictory evidence or by a showing that he or she testified falsely concerning a material matter or by evidence that, at some other time, the witness has said or done something or has failed to say or do something that is inconsistent with the witness' present testimony.[15] If you believe that any witness has been so impeached, then it is your exclusive province to give the testimony of that witness such credibility or weight, if any, as you may think it deserves. [16]

---

[14] *Pagan v. Shoney's, Inc***.** 931 F.2d 334, 338, note 6 (5th Cir.1991).
[15] Fifth Circuit Pattern Jury Instructions – Civil (2006), 2.16.
[16]*Pagan v. Shoney's, Inc***.** 931 F.2d 334, 338, note 6 (5th Cir.1991).

## <u>INTERIOR EXTERIOR'S PROPOSED JURY INSTRUCTION NO. 6:</u>

**Expert witness:**

When knowledge of technical subject matter may be helpful to the jury, a person who has special training or experience in that technical field — an expert witness—can give his or her opinion on those technical matters. However, you do not have to accept that opinion. As with any other witness, it is up to you to decide whether to rely upon it.[17]

When a witness has been or will be paid for reviewing and testifying about the evidence, you may consider the possibility of bias and should view with caution the testimony of such a witness where court testimony is regularly given and represents a significant portion of the witness' income.[18]

---

[17] Fifth Circuit Pattern Jury Instructions – Civil (2006), 2.19.
[18] Eleventh Circuit Pattern Jury Instructions (Civil Cases)(2005), 5.2

## <u>INTERIOR EXTERIOR'S PROPOSED JURY INSTRUCTION NO. 7:</u>

**Publicity before or during Trial:**

If there is publicity about this trial, you must ignore it.  You must decide this case only from the evidence presented in the trial.  Do not read anything or listen to any TV or radio programs about the case.[19]

You may have already heard publicity about cases involving Chinese-manufactured drywall, including publicity about various settlements or agreements the parties have entered into.  You must and must put anything you may have heard about this case or these parties out of your mind, and you must decide this case only from the evidence presented in this trial.

---

[19] Fifth Circuit Pattern Jury Instructions – Civil (2006), 2.6

**INTERIOR EXTERIOR'S PROPOSED JURY INSTRUCTION NO. 8:**

**Bias:**

      Do not let bias, prejudice or sympathy play any part in your deliberations. A corporation and all other persons are equal before the law and must be treated as equals in a court of justice.[20]

---

[20] Fifth Circuit Pattern Jury Instructions – Civil (2006), 2.13

**INTERIOR EXTERIOR'S PROPOSED JURY INSTRUCTION NO. 9:**

**Similar Acts:**

Evidence that an act was done at one time or on one occasion is not any evidence or proof whatever that the act was done in this case.

Then how may you consider evidence of similar acts?

You may consider evidence of similar acts for the limited purpose of showing Interior Exterior's knowledge which is at issue in this case.  Such evidence may not be considered for any other purpose whatsoever.  You cannot use it to reflect on Interior Exterior's character. [21]

---

[21] Fifth Circuit Pattern Jury Instructions – Civil (2006), 2.10