**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| IN RE:  CHINESE-MANUFACTURED DRYWALL PRODUCTS LIABILITY LITIGATION | MDL NO. 2047 <br> SECTION: L <br> JUDGE FALLON <br> MAG. JUDGE WILKINSON |
| THIS DOCUMENT RELATES TO: <br><br> ALL ACTIONS | |

**MEMORANDUM IN SUPPORT OF**
**CLASS COUNSEL'S MOTION TO COMPEL AND FOR SANCTIONS,**
**AND ALTERNATIVELY RESPONSE TO JAN PETRUS'S AND**
**CHRISTOPHER BANDAS'S MOTION TO QUASH**
**AND FOR PROTECTIVE ORDER [REC. DOC. 16053]**

MAY IT PLEASE THE COURT:

As the Court is well aware, a hearing on Motion for Sanctions by Class Counsel [Rec. Doc. 15982] and on discovery dispute issues (see letter from Leonard Davis to the Court dated October 29, 2012, Exhibit "A") came on for hearing on October 31, 2012 [see Minute Entry, Rec. Doc. 16055]. The Court issued an Order on October 31, 2012 [Rec. Doc. 16056] addressing the discovery disputes. A copy of the transcript from the hearing will be filed as Exhibit "B" upon receipt from the court reporter. The Court ruled on October 31, 2012 that discovery was to proceed and that the depositions should be focused on all objectors. Certain Interrogatories and Requests for Productions were enforced [see Order Rec. Doc. 16056 and Exhibit "B").

**CLASS COUNSEL IS ENTITLED TO TAKE THE DEPOSITION OF**
**JAN PETRUS, ERNEST VITELA AND E AND E CONSTRUCTION CO.**

On October 31, 2012, Class Counsel appeared in Corpus Christi, Texas, to begin taking depositions of objectors. The first deposition taken was of Saul Soto, individually and as agent for

1

his company SHS Construction. A rough unedited transcript of the deposition is attached hereto as Exhibit "C". The second deposition was taken on November 1, 2012 and was the deposition of Ronnie Garcia, individually and as agent for his company Bay Area Contracting & Construction, Inc. A rough unedited transcript of the deposition is attached hereto as Exhibit "D". Counsel for Objectors, despite having participated in the hearing on October 31, 2012, objected to the production and refused to allow the depositions of Jan Petrus, Ernest Vitela and E and E Construction Co. to proceed. Furthermore, during the depositions of Saul Soto and Ronnie Garcia, Objectors' counsel refused to allow Class Counsel to obtain relevant discovery and obstructed the discovery process. For the reasons set forth below, Objectors should be compelled to participate in discovery and appropriately sanctioned for violating Court Orders.

On October 4, 2012, Interrogatories, Requests for Production of Documents and Notices of Depositions were sent via Federal Express delivery to Christopher A. Bandas, counsel for Objectors Jan Petrus, Ernest Vitela and E and E Construction Co. Subpoenas were issued for the appearance of Ernest Vitela and Jan Petrus.[1] Mr. Vitela refused to accept the subpoena and effectively "dodged service" despite numerous attempts to make service. A copy of the Affidavit of Attempts has been filed with the Court [Rec. Doc. 16070] (see Exhibit "E"). The subpoena issued to Jan Petrus was delivered to the law office of Christopher Bandas (see Exhibit "F", return of service) [Rec. Doc. 16027]. On September 28, 2012, Objectors Jan Petrus, Ernest Vitela and E and E Construction Co. filed a formal Objection to the Settlement(s) [Rec. Doc. 15859], represented by counsel Christopher A. Bandas.

---

[1] The subpoena to Ernest Vitela was issued to 1404 Madrid Cir., Portland, Texas 78374 and the subpoena to Jan Petrus was through her attorney, Christopher Bandas at his law firm in Corpus Christi, Texas.

All of the discovery was filed and served on Objectors before any Order was issued by the Court allowing for the dismissal of the Objections. Rule 5 of the Federal Rules of Civil Procedure provides that service on a party represented by an attorney is made on the attorney unless the Court orders service on the party and that service under Rule 5(a) can be accomplished by leaving it at the persons office with a clerk, and additionally by delivering by electronic means. In accordance with the Court's Order, a copy of the discovery was uploaded to LexisNexis File & Serve. Furthermore, Counsel for the Objectors, Christopher Bandas, on October 9, 2012 consented to producing all Objectors for deposition and consented to expedited discovery (see Exhibit "A"). Jan Petrus, Ernest Vitela and E and E Construction Co. all had objections pending at the time the discovery was served on Christopher Bandas and in fact, to date, the Court has not issued an Order dismissing the objections of Jan Petrus, Ernest Vitela and E and E Construction Co.[2]  Christopher A. Bandas is mere "crawfishing" from the agreement he entered into on October 9, 2012 and there is no basis for Objectors' counsel refusing to produce Jan Petrus, Ernest Vitela and E and E Construction Co.  All of the parties filed Objections and are represented by common Objectors' Counsel, Christopher A. Bandas and R. Joshua Koch, Jr.  Class Counsel is entitled to discover the basis of all objections, why each Objector has standing, and the relationship with Counsel.  Questions regarding these areas are relevant to this matter.  By way of example, Objector Jan Petrus appears to have been represented by Christopher Bandas in multiple class actions, including the Lowe's Drywall litigation.  Class Counsel adopts and incorporates herein its Omnibus Response to the Bandas Objectors' Motion to Dismiss Objection and Response to Motion for Leave to Conduct Discovery Regarding the Fairness

---

[2] It is interesting to note that Ronnie Garcia was produced for his deposition even though the subpoena was attempted to be served at a location was improper and the Objector could not be served.

3

of Proposed Class Action Settlement filed October 24, 2012 [Rec. Doc. 15981], which sets forth Mr. Bandas' history as a serial, professional objector, and the ongoing efforts to extort attorney's fees in the guise of the Petrus Objection.  The depositions of Jan Petrus, Ernest Vitela and E and E Construction Co. should be ordered to proceed and Objectors' Counsel should be sanctioned and ordered to pay all costs and fees for the taking of these depositions.

## CLASS COUNSEL IS ENTITLED TO RECEIVE NOTES USED BY MR. SOTO TO REFRESH HIS MEMORY

At the deposition of Saul Soto, Class Counsel inquired of the witness about notes that the witness reviewed just prior to the deposition and which were used to refresh the witness's recollection.  Despite requests by counsel for production of the notes, Objector's Counsel refused to allow the notes to be produced.  The deponent relied upon the document to prepare for his deposition.  As stated in the deposition:

> Q. Would those notes be useful to you -- let me ask you this question. When I walked into the hallway when I met you this afternoon before the deposition, were you reviewing those notes?
>
> A. I was reviewing everything that I had.
>
> Q. Including your notes?
>
> A. Yes, that is correct.
>
> Q. Were those notes useful to you in terms of refreshing your recollection as to how to proceed through the course of this deposition?
>
> A. They help me stay focused and to be able to...
>
> Q. Is that a yes with an explanation?
>
> A. Yes, that's correct.
>
> MR. LONGER: I'm going to ask that those notes be produced.
>
> MR. HUSEMAN: And those are protected by attorney/client privilege so do not divulge those.

(See deposition of Saul Soto, page 10, lines 6 thru 23.)

Mr. Soto should be ordered to produce the notes and questions regarding the notes should be allowed to be asked by Class Counsel.

## **CLASS COUNSEL IS ENTITLED TO DISCOVER THE RELATIONSHIP BETWEEN OBJECTORS AND THEIR COUNSEL**

Class Counsel must be allowed to understand the relationship between Objectors and their counsel. Although a Class Action Objector Power of Attorney and Contingency Agreement between Saul Soto and the Bandas Laws Firm, P.C. (see Exhibit "E") was produced, Class Counsel was prohibited from asking Objectors questions regarding Objectors' relationship with Objectors' counsel and activity that may have taken place in other matters. For instance, in the deposition of Mr. Soto, the following took place:

> Q.   It's before the judge. Do you think it's something that your counsel should bring to your attention?
>
> MR. HUSEMAN: Okay. Don't answer that question. If you're going to continue basically harassing him as you are, we're going to call -- stop that line of questioning. You're welcome to ask him other questions, but in terms of trying to drive a wedge between him and his lawyer or to interfere with the attorney/client privilege, he may have Mr. Bandas, we're not going to go any further down that road without Fallon saying that's appropriate.
>
> MR. LONGER: Well, I believe in the conference that we had with Judge Fallon this afternoon, he instructed us that we could address standing, his underlying objection and his relationship with his counsel.
>
> MR. HUSEMAN: And --
>
> MR. LONGER: And I believe that his knowledge of what his counsel is doing in federal court and what his counsel has done elsewhere is related to his relationship with his counsel.
>
> MR. HUSEMAN: And your attempts -- just make sure we're clear about what I'm saying to you. Your attempts to say would it be of interest to you or would you like to know or those type of things are basically calculated at least in my view sitting

here, as a way of trying to interfere with Mr. Soto's relationship with Mr. Bandas and if that's what the judge has in mind, then perhaps you-all need to make a more explicit ruling on it. You had a chance to discuss the relationship with him, you've had a contract and in terms of your trying to make Mr. Soto feel bad or to put Mr. Bandas in a bad light with his client, that part I'm not going to go along with.

Q. Are you aware that courts around the country have found Mr. Bandas to be a professional objector?

MR. HUSEMAN: Okay. This is the same line of questioning. I'm telling Mr. Soto not to answer that pending the judge ruling on that.

MR. DODSON: So we need to go ahead and set a hearing on that.

MR. LONGER: If you like.

(See deposition of Saul Soto, page 37, line 5 thru page 38, line 22.)

The continued obstruction of depositions by Objectors' Counsel took place during the Ronnie Garcia deposition.

Q. I guess I can tell you what he does, but are you aware in Walmart stores in order of denying his objection to a settlement fees, the court observed that Bandas objection filed on behalf of Ms. Clawson is a generic boilerplate objection prepared and filed by attorneys working for their own personal benefit an not for the benefit of this class or for the lawyers' clients. The record before the court demonstrates that Bandas is a professional objector who is improperly attempting to high-jack the settlement of this case from deserving class members and dedicated, hard working counsel, solely to coerce ill gotten, inappropriate and unspecified legal fees." How do you feel about having an individual like that representing you?

A. I didn't know that.

Q. And how do you feel about having an individual like that representing you on this objection? Does it make you think twice about --

MR. DODSON: All right. At this time we're terminating this line of inquiry as being outside the scope of examination as we understand the judge allowed. And do not answer.

MR. GAUGHAN: Okay. And we obviously disagree on that, but...

MR. LONGER: It may become a point of motions practice with the court.

(See deposition of Ronnie Garcia, page 113, line 17 thru page 114, line 18.)

Interestingly enough, Objector Jan Petrus, an office employee of Christopher Bandas, and her son have objected to other settlements. Aaron Petrus objected in the case of *Debbie Milliron v. T-Mobile USA, Inc.*, Civil Action No. 08-4149 (D.C.N.J.) and Jan Petrus and her son objected in the case of *Closson v. Bank of America*, Case No. CGC-04-436877 (San Fran. Super. Ct.). It is believed that Christopher Bandas was involved in the objections.

## **CLASS COUNSEL IS ENTITLED TO SPECIFIC DISCOVERY RESPONSES AND NOT A DOCUMENT DUMP**

Objectors cannot be allowed to obstruct Class Counsel's efforts to obtain legitimate discovery. Objectors have refused to produce documents that are responsive to narrowly tailored discovery requests. This Court, in its hearing on October 31, 2012, already passed upon the relevance of Class Counsel's discovery requests. Objectors have undertaken steps to delay discovery and increase the burden and expense of the litigation. For instance, on November 1, 2012, Ronnie Garcia produced fourteen (14) banker boxes (Exhibits 11 through 25 of the Garcia deposition), constituting useless common non-responsive documents. Similarly, Mr. Saul Soto produced four (4) bankers boxes of useless non-responsive documents. Class Counsel should not be subjected to a document dump. The deponent to whom specific and targeted discovery has been issued should be forced to produce specific documents that are responsive to the requests.

## **CONCLUSION**

For the foregoing reasons, Objectors and their counsel should be ordered to comply with this Court's rulings of October 31, 2012. Specifically, the depositions of Jan Petrus, Ernest Vitela and E and E Construction Co. should proceed immediately and Objectors' counsel and/or Objectors

should be sanctioned and ordered to pay all costs and fees for the taking of these depositions. Furthermore, these depositions should be taken in New Orleans, Louisiana, in the courthouse of the United States District Court, Eastern District of Louisiana, so that any objections during the course of the depositions can immediately be addressed by the Honorable Eldon E. Fallon. Furthermore, the notes that were not produced by Saul Soto should be ordered to be produced to Class Counsel and if additional questioning of the deponent is requested, then such testimony should occur immediately at the cost and expense of Objector and/or Objector's counsel. Class Counsel furthermore should be ordered to be allowed to inquire and ask questions regarding the relationship between Objectors and their counsel. Finally, Objectors and Objectors' counsel should be sanctioned and required to produce documents responsive to properly issued discovery by Class Counsel.

Respectfully submitted,

Dated: November 2, 2012

/s/ Russ M. Herman
Russ M. Herman, Esquire (Bar No. 6819)
Leonard A. Davis, Esquire (Bar No. 14190)
Stephen J. Herman, Esquire (Bar No. 23129)
HERMAN, HERMAN & KATZ, LLP
820 O'Keefe Avenue
New Orleans, LA 70113
Phone: (504) 581-4892
Fax: (504) 561-6024
Ldavis@hhklawfirm.com
*Plaintiffs' Liaison Counsel in MDL 2047
and Class Counsel*

>Arnold Levin
>Fred S. Longer
>Sandra L. Duggan
>Matthew C. Gaughan
>LEVIN, FISHBEIN, SEDRAN & BERMAN
>510 Walnut Street, Suite 500
>Philadelphia, PA 19106
>Phone: (215) 592-1500
>Fax: (215) 592-4663
>Alevin@lfsblaw.com
>*Plaintiffs' Lead Counsel in MDL 2047*
>*and Class Counsel*

## CERTIFICATE OF SERVICE

I hereby certify that the above and foregoing pleading has been served on Defendants' Liaison Counsel, Kerry Miller, by e-mail and upon all parties by electronically uploading the same to LexisNexis File & Serve in accordance with Pre-Trial Order No. 6, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2047 on this 2nd day of November, 2012.

>/s/ Leonard A. Davis
>Leonard A. Davis, Esquire
>Herman, Herman & Katz, L.L.C.
>820 O'Keefe Avenue
>New Orleans, Louisiana 70113
>Phone: (504) 581-4892
>Fax: (504) 561-6024
>Ldavis@hhklawfirm.com
>*Plaintiffs' Liaison Counsel*
>*MDL 2047*
>*Co-counsel for Plaintiffs*