# EXHIBIT "A"



HERMAN
HERMAN & KATZ
— L.L.C. —
ATTORNEYS AT LAW
Est. 1942

820 O'Keefe Avenue
New Orleans, Louisiana
70113-1116

p: (504) 581-4892
f: (504) 561-6024
e: info@hhklawfirm.com

hhklawfirm.com

Harry Herman (1914-1987)
Russ M. Herman*
Maury A. Herman*
Steven J. Lane
Leonard A. Davis*
James C. Klick[1]
Stephen J. Herman
Brian D. Katz
Soren E. Gisleson
Joseph E. Cain

Jennifer J. Greene[2]
John S. Creevy
Jeremy S. Epstein[1]
Aaron Z. Ahlquist[3]
Craig M. Robinson
Carl A. Woods
Adam H. Weintraub[4]
Mikalia M. Kott[5]

Of Counsel:
Herbert A. Cade
Morton H. Katz*
Joseph A. Kott, MD, JD

This Firm and its Partners Are Also
Partners in Herman Gerel, LLP

* A Professional Law Corporation
[1] Also Admitted in Texas
[2] Also Admitted in Arkansas
[3] Also Admitted in Tennessee
[4] Also Admitted in New Jersey & Pennsylvania
[5] Also Admitted in Colorado

October 29, 2012

*VIA EMAIL*

Honorable Eldon E. Fallon
c/o United States District Court
Eastern District of Louisiana
500 Poydras Street
Room C456
New Orleans, LA 70130

RE:    *In re: Chinese-Manufactured Drywall Products Liability Litigation*
       **MDL 2047**

Dear Judge Fallon:

Christopher Bandas has filed objections to the Settlement Agreement(s). Class Counsel has issued discovery to Christopher Bandas and the objectors.

On October 4, 2012, a Motion for Expedited Hearing, together with Class Counsel's Interrogatories, Requests for Production and Notice of Oral and Videotaped Deposition was forwarded to Christopher A. Bandas (see Exhibit A). Similar Interrogatories, Requests for Production and deposition notices were also forwarded to various clients of Mr. Bandas. On October 9, 2012 Mr. Bandas wrote undersigned counsel and advised that he would be out of the country until October 28, 2012 and agreed to participate in the discovery and provide responses (see Exhibit B). Upon receipt of Mr. Bandas' letter, undersigned counsel spoke with Mr. Bandas, and confirmed the telephone conversation wherein Mr. Bandas agreed to respond on an expedited basis to all of the outstanding discovery requests issued by Class Counsel. Mr. Bandas also agreed that depositions of all persons to whom notices were issued would appear at a deposition site and location in Corpus Christi (see Exhibit C).

On October 18, 2012, Mr. Bandas wrote undersigned counsel and contended that the discovery issued to him was improper (see Exhibit D). On October 26, 2012, undersigned counsel forwarded to Mr. Bandas a Request for a Rule 37 F.R.C.P. Conference because discovery responses from Mr. Bandas had not been received (see Exhibit E). In response, on October 26, 2012, Mr. Bandas responded by stating that the discovery requests issued to him were "a nullity" and therefore he would "not respond to such discovery" on his own behalf (see Exhibit F). Immediately upon

October 29, 2012
PAGE 2

receipt, that day, undersigned counsel responded and advised Mr. Bandas that the discovery sought
was the subject of Interrogatories, Requests for Production of Documents and a subpoena ,and that
undersigned counsel believed that the discovery was proper because Mr. Bandas had consented and
not objected to discovery issued by Class Counsel (see Exhibit G).

Class Counsel has requested that Mr. Bandas indicate whether he will appear at the
deposition which is scheduled to take place in Texas on November 2, 2012 and if documents will
be produced in advance of the deposition (see Exhibit G).  This morning, having not received a
response from Mr. Bandas, undersigned counsel sent an email to Mr. Bandas requesting that he
immediately notify undersigned counsel and that failure to do so would result in a request that the
Court convene a conference/hearing to address these issues (see Exhibit H).

Class Counsel has scheduled a number of depositions in Texas and, in an attempt to promote
efficiency and to avoid wasteful expense, would like to obtain the documents from Mr. Bandas and
proceed with the depositions as noticed in advance of the Fairness Hearing.  Class Counsel requests
that a conference take place at the earliest possible time with Mr. Bandas so that the Court can
address whether Mr. Bandas should be compelled to provide discovery responses and appear at the
deposition scheduled on November 2, 2012.

Undersigned counsel has not been provided by Mr. Bandas any dates of unavailability this
week as requested in the email sent this morning (see Exhibit H).  Class Counsel will be available
for a conference this week.  Furthermore, undersigned counsel notes that R. Joshua Koch appears
as co-counsel with Mr. Bandas in filings made on behalf of Bandas objectors and therefore, a copy
of this letter is also being provided to Mr. Koch.

Sincerely,

LEONARD A. DAVIS

LAD:lmf
Enclosures
cc:    Christopher Bandas, Esq. (via email - cbandas@bandaslawfirm.com)
       R. Joshua Koch, Esq. (via email - jkoch@kochschmidt.com)
       Russ M. Herman, Esq. (via email)
       Arnold Levin, Esq. (via email)
       Fred Longer, Esq. (via email)

C:\Users\kdanahay\AppData\Local\Microsoft\Windows\Temporary Internet Files\Content.Outlook\GHR32GWK\LTR Judge Fallon re Conference 2012-10-29.wpd

# EXHIBIT A



| | | | |
|---|---|---|---|
| **HERMAN** **HERMAN & KATZ** —— L.L.C.—— ATTORNEYS AT LAW *Est. 1942* | 820 O'Keefe Avenue New Orleans, Louisiana 70113-1116 p: (504) 581-4892 f: (504) 561-6024 e: info@hhklawfirm.com hhklawfirm.com | Harry Herman (1914-1987) Russ M. Herman* Maury A. Herman* Steven J. Lane Leonard A. Davis* James C. Klick[1] Stephen J. Herman Brian D. Katz Soren E. Gisleson Joseph E. Cain | Jennifer J. Greene[2] John S. Creevy Jeremy S. Epstein[1] Aaron Z. Ahlquist[3] Craig M. Robinson Carl A. Woods Adam H. Weintraub[4] Mikalia M. Kott[5] Of Counsel: Herbert A. Cade Morton H. Katz* Joseph A. Kott, MD, JD |

This Firm and its Partners Are Also
Partners in Herman Gerel, LLP

* A Professional Law Corporation
[1] Also Admitted in Texas
[2] Also Admitted in Arkansas
[3] Also Admitted in Tennessee
[4] Also Admitted in New Jersey & Pennsylvania
[5] Also Admitted in Colorado

October 4, 2012

*VIA FEDERAL EXPRESS*

Christopher A. Bandas, Esq.
*BANDAS LAW FIRM, P.C.*
500 North Shoreline
Suite 1020
Corpus Christi, TX 78401-0353

      Re:    *In re: Chinese Manufactured Drywall Products Liability Litigation*
              **MDL 2047**
              Your client: **Bay Area Contracting & Constructions, Inc.**

Dear: Mr. Bandas:

      Enclosed please find a Motion for Expedited Hearing, together with an Order issued October 4, 2012 by the Honorable Eldon E. Fallon, U.S. District Judge. Please note that Class Counsel's Motion to Modify Discovery Procedures, copy also enclosed, will be the subject of the hearing set by Judge Fallon to take place at the status conference on October 10, 2012.

      I am also enclosing Class Counsel's Interrogatories, Requests for Production and a Notice of Oral and Videotaped Deposition Pursuant to Fed.R.Civ.P. 30(b)(6), which will be the subject of the motion that is set on October 10, 2012.

      Should you have any questions, please feel free to contact Arnold Levin's office or us.

                              Sincerely,

                              **LEONARD A. DAVIS**

LAD:lmf
Enclosures
cc:    Kerry Miller, Esq.
       Russ M. Herman, Esq.
       Arnold Levin, Esq.
       Fred Longer, Esq.

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE:  CHINESE-MANUFACTURED DRYWALL PRODUCTS LIABILITY LITIGATION | MDL NO. 2047 SECTION: L |

THIS DOCUMENT RELATES TO:
ALL CASES AND

*Payton, et al. v. Knauf Gips, KG, et al.*
Case No. 2:09-cv-07628 (E.D. La.)

*Gross, et al. v. Knauf Gips, KG, et al.*
Case No. 2:09-cv-06690 (E.D. La.)

*Rogers, et al. v. Knauf Gips, KG, et al.*
Case No. 2:10-cv-00362 (E.D. La.)

*Amato, et al. v. Liberty Mutual Ins. Co.*
Case No. 2:10-cv-00932 (E.D. La.)

*Abreu, et al. v. Gebrueder Knauf Verwaltungsgesellschaft, KG, et al.*
Case No. 2:11-cv-00252 (E.D. La.)

*Block, et al. v. Gebrueder Knauf Verwaltungsgesellschaft, KG, et al.*
Case No. 11-cv-1363 (E.D. La.)

*Arndt, et al. v. Gebrueder Knauf Verwaltungsgesellschaft, KG, et al.*
Case No. 11-cv-2349 (E.D. La.)

*Cassidy, et al. v. Gebrueder Knauf Verwaltungsgesellschaft, KG, et al.*
Case No. 11-cv-3023 (E.D. La.)

*Vickers, et al. v. Knauf Gips KG, et al.*
Case No. 2:09-cv-04117 (E.D. La.)

1

## CLASS COUNSEL'S INTERROGATORIES TO
## BAY AREA CONTRACTING & CONSTRUCTIONS, INC. AND
## CHRISTOPHER A. BANDAS, COUNSEL FOR
## BAY AREA CONTRACTING & CONSTRUCTIONS, INC.

Pursuant to Rule 33 of the Federal Rules of Civil Procedure, the following interrogatories are propounded to Bay Area Contracting & Constructions, Inc. and Counsel for Bay Area Contracting & Constructions, Inc., on behalf of class counsel, to be answered separately and fully, in writing and under oath, within 30 days from the service of this document, or at such other time as ordered by the Court.

## DEFINITIONS

1.      "Objector(s)," "you" or "your" shall mean Bay Area Contracting and Constructions, Inc. and your counsel (Christopher A. Bandas), as well as your agents, accountants, consultants, independent contractors, and any other individual or entity associated or affiliated with you or purporting to act on  your behalf with respect to the matter in question.

2.      The word "Document" as used herein shall be understood to mean all written, graphic, electronic, or otherwise recorded matter, however produced or reproduced, in the actual or constructive possession, custody, care or control of you, your officers, agents, employees and attorneys, or any of them, including, but not limited to, originals and all copies of correspondence, tapes, discs, invoices, purchase orders, video-tapes, cassette tapes, micro-films, photographs, telegrams notes, notes, sound recordings, minutes of any meetings, memoranda of all types, interoffice communications, reports, contracts, licenses, agreements, ledgers, books of account, vouchers, bank checks, invoices, purchase orders, charge slips, hotel charges, copies of tax returns and tax reports, receipts, working papers, computer print-outs, statistical records, delivery records, stenographers notebooks, desk calendars, appointment books, diaries, time-sheet and logs, job matter

and transaction files, and any papers or recording similar thereto, whether made or received by you.

3.     The singular of any word used herein shall be deemed to include the plural of such word and the plural shall include the singular.

4.     The word "person" shall mean any individual, firm, partnership, corporation, association, business or government entity or subdivision, agency, department and any "person" acting by or though, directly or indirectly, any other "person" as well as any "person" by whom such "person" was controlled with respect to the matter in question.

5.     "Chinese Drywall Litigation" means litigation brought by persons seeking to recover damages and/or injunctive or equitable relief, whether in federal or state court, arising out of any persons purchase or use of any and all drywall products manufactured, sold, marketed, distributed, and/or delivered by any entity which drywall is alleged to be defective and manufactured, in whole or in part, in China, or that include components that are manufactured, in whole or in part, in China.

6.     The relevant time period for these Interrogatories shall be January 2005 to the present.

7.     "Your counsel" shall mean Christopher A. Bandas.

8.     "The settlement" means the Settlement Agreement in the Chinese Drywall Litigation to which you have filed a formal objection.

## INSTRUCTIONS

(a)     Unless otherwise noted, these interrogatories require answers for the time period January, 2005 to the present.

(b)     These interrogatories are deemed continuing in nature and require each answering

3

defendant to provide supplemental answers in accordance with the requirements of Rule 26(e) of the Federal Rules of Civil Procedure.

(c)     If any information requested in these interrogatories is withheld on the basis of a claim of privilege, please provide a statement of the claim of privilege and all facts relied on in support of that claim, including the following:

(1)     the date and medium of communication;

(2)     the identity of all parties to such communication, including all recipients;

(3)     the subject matter of such communication;

(4)     the identity of any document which was the subject of such communication, and the present location of such document(s);

(5)     the identity of any document which records, refers to or relates to such communication, and the present location of such document(s); and

(6)     the interrogatory or interrogatories to which such information is responsive.

If any information requested in any of these interrogatories is withheld based on a claim that such information constitutes attorney work product, please provide all of the information described above and also identify the litigation in connection with which such information was obtained or prepared.

(d)     Each Interrogatory must be answered fully and completely.

(e)     If you exercise your option under the Federal Rules of Civil Procedure to produce business records in lieu of otherwise answering any interrogatory, specify all documents from which the answer to such interrogatory may be derived or ascertained.

4

## INTERROGATORIES

**INTERROGATORY NO. 1:**

.       State the date you retained your counsel.

**INTERROGATORY NO. 2:**

Identify the total number of persons your counsel represents in connection with the Chinese Drywall Litigation.

**INTERROGATORY NO. 3:**

.       Identify the number of clients your counsel is representing in connection with the Chinese Drywall Litigation that have objected to the settlement, opted-out of the settlement, and/or have chosen to accept the benefits of the settlement.

**INTERROGATORY NO. 4:**

For each objector, identify which part(s) of the settlement each objector finds unfair or objectionable, and state each and every reason and the factual basis to support that belief.

**INTERROGATORY NO. 5:**

For any Chinese Drywall you purchased, state whether you ever complained, inquired, made written and/or verbal notice that the Chinese Drywall was defective.  If your answers is in the affirmative, identify the date, time and the means, either written communication and/or verbal communication and to whom plaintiff complained, inquired, made written and/or made verbal notice that the Chinese drywall was defective.

**INTERROGATORY NO. 6:**

Identify the person who installed any drywall in your home in Ingleside, Texas and the manufacturer of that drywall.

5

**INTERROGATORY NO. 7:**

Identify each lawsuit in the Chinese Drywall Litigation in which you are a party. For purposes of this interrogatory, identify means to state the jurisdiction of the Court, venue, docket number, date of filing, court record document identification number, and all parties who are named in the lawsuit.

Respectfully submitted,

Dated: October 4, 2012

/s/ Leonard A. Davis
Russ M. Herman, Esquire
Leonard A. Davis, Esquire
HERMAN, HERMAN & KATZ, L.L.C.
820 O'Keefe Avenue
New Orleans, Louisiana 70113
Phone: (504) 581-4892
Fax: (504) 561-6024
Ldavis@hhklawfirm.com
*Plaintiffs' Class Counsel*
*MDL 2047*

Arnold Levin, Esquire
Fred S. Longer, Esquire
Sandra Duggan, Esquire
Matthew Gaughan, Esq.
Levin, Fishbein, Sedran & Berman
510 Walnut Street, Suite 500
Philadelphia, PA 19106
215-592-1500 (phone)
215-592-4663 (fax)
Alevin@lfsblaw.com
*Plaintiffs' Class Counsel*
*MDL 2047*

## CERTIFICATE OF SERVICE

I hereby certify that the above and foregoing discovery has been served on Defendants' Liaison Counsel, Kerry Miller, by U.S. Mail and e-mail <u>or</u> by hand delivery and e-mail <u>and</u> upon all parties by electronically uploading the same to LexisNexis File & Serve in accordance with Pre-Trial Order No. 6, on this 4th day of October, 2012.

AND by overnight courier services to:

Christopher A. Bandas, Esq.
*BANDAS LAW FIRM, P.C.*
500 North Shoreline
Suite 1020
Corpus Christi, TX 78401-0353

/s/ Leonard A. Davis
Leonard A. Davis
Herman, Herman & Katz, L.L.C.
820 O'Keefe Ave.
New Orleans, LA  70113
PH:  (504) 581-4892
Fax:  (504) 561-6024
ldavis@hhklawfirm.com

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE:  CHINESE-MANUFACTURED DRYWALL PRODUCTS LIABILITY LITIGATION | MDL NO. 2047 SECTION: L |

THIS DOCUMENT RELATES TO:
ALL CASES AND

*Payton, et al. v. Knauf Gips, KG, et al.*
Case No. 2:09-cv-07628 (E.D. La.)

*Gross, et al. v. Knauf Gips, KG, et al.*
Case No. 2:09-cv-06690 (E.D. La.)

*Rogers, et al. v. Knauf Gips, KG, et al.*
Case No. 2:10-cv-00362 (E.D. La.)

*Amato, et al. v. Liberty Mutual Ins. Co.*
Case No. 2:10-cv-00932 (E.D. La.)

*Abreu, et al. v. Gebrueder Knauf Verwaltungsgesellschaft, KG, et al.*
Case No. 2:11-cv-00252 (E.D. La.)

*Block, et al. v. Gebrueder Knauf Verwaltungsgesellschaft, KG, et al.*
Case No. 11-cv-1363 (E.D. La.)

*Arndt, et al. v. Gebrueder Knauf Verwaltungsgesellschaft, KG, et al.*
Case No. 11-cv-2349 (E.D. La.)

*Cassidy, et al. v. Gebrueder Knauf Verwaltungsgesellschaft, KG, et al.*
Case No. 11-cv-3023 (E.D. La.)

*Vickers, et al. v. Knauf Gips KG, et al.*
Case No. 2:09-cv-04117 (E.D. La.)

## CLASS COUNSEL'S REQUESTS FOR THE PRODUCTION
## TO BAY AREA CONTRACTING & CONSTRUCTIONS, INC. AND
## CHRISTOPHER BANDAS, COUNSEL FOR
## BAY AREA CONTRACTING & CONSTRUCTIONS, INC.

**PLEASE TAKE NOTICE** that, pursuant to Federal Rules of Civil Procedure, 26(b) and 34,

the Class Counsel propounds the following Request for the Production to Bay Area Contracting &

Constructions, Inc. and its counsel, Christopher Bandas.  Due to the expedited schedule for the

above-captioned litigation, Bay Area Contracting & Constructions, Inc. and its counsel, Christopher

Bandas, shall produce the following documents within 30 days from the service of this document,

or at such other time as ordered by the Court.

### DEFINITIONS & INSTRUCTIONS

1.    Whenever used in this Request, the following terms shall have the following meanings:

    (a)    "Communication" means the transmittal of information (in the form of facts, ideas, inquiries, or otherwise).

    (b)    "Computer" means all devices utilizing microchips to facilitate processing, analysis, or storage of data, including microcomputers (also known as personal computers), laptop computers, portable computers, notebook computers, palmtop computers (also known as personal digital assistants or PDA's), minicomputers and mainframe computers.

    (c)    "Concerning" means relating to, referring to, describing, evidencing, embodying, or constituting.

    (d)    "Document" is defined to be synonymous in meaning and equal in scope to the usage of this term in Federal Rule of Civil Procedure 34(a), including, without limitation, electronic or computerized data compilations. Documents shall include all drafts, including drafts with "track changes,"and shall be deemed to be separate documents within the meaning of this term.

    (e)    "Electronically stored information" or "ESI" means the original (or identical duplicate when the original is not available), and any non-identical copies (whether non-identical because of notes made on copies or attached comments, annotations, marks, transmission notations, or highlighting of any kind) of writings and data compilations in any form, and of every kind and description whether inscribed by mechanical, facsimile, electronic, magnetic, digital, or other means. ESI includes, by way of example only, computer programs (whether private, commercial, or work-in

progress), programming notes or instructions, activity listings of electronic mail receipts and transmittals, output resulting from the use of any software program, including word processing documents, spreadsheets, database files, charts, graphs and outlines, electronic mail displaying full e-mail alias's (not merely "display names), electronic calendars, IM logs, PBX logs, document management system data, operating systems, all metadata, source code of all types, peripheral drivers, PIF files, batch files, ASCII files, and any and all miscellaneous files and file fragments, regardless of the media on which they reside and regardless of whether said ESI consists in an active file, deleted file or file fragment.   Electronically stored information includes any and all items stored on computer memories, hard disks, floppy disks, CD-ROMs, removable media such as Zip disks, Jaz cartridges, Bernoulli Boxes and their equivalent, magnetic tapes of all types, microfiche, punched cards, punched tape, computer chips, including, EPROM, PROM, RAM and ROM, on or in any other vehicle for digital data storage and transmittal. The term ESI also includes the file, folder tabs and containers and labels appended to, or associated with, any physical storage device associated with each original and copy.

(f)     "Electronic media" means any magnetic or other storage media device used to record electronically stored information. Electronic media devices may include computer memories, hard disks, floppy disks, CD-ROM, removable media such as Bernoulli Boxes and their equivalent, magnetic tapes of all types, microfiche, punched cards, punched tape, computer chips, including, EPROM, PROM, RAM and ROM, or on or in any other vehicle for digital data storage and transmittal.

(g)     "Identify" with respect to persons, means to give, to the extent known, the person's full name, present or last known address, and when referring to a natural person, additionally, the present or last known place of employment. Once a person has been identified in accordance with this subparagraph, only the name of that person need be listed in response to subsequent discovery requesting the identification of that person.

(h)     "Identify" with respect to documents, means to give, to extent known, the (i) type of document; (ii) general subject matter; (iii) date of the document; and (iv) author(s), addressee(s) and recipient(s).

(i)     "Including" or "includes" means including, without limitation.

(j)      "Defendant," "you," or "your" means each of the individual named Defendants to whom this set of discovery is directed, and any of its domestic or international predecessors in interest, successors in interest, subsidiaries, divisions, subdivisions, affiliates, officers, directors, employees, representatives, independent contractors, consultants, or agents, whether present or former, including but not limited to their attorneys and accountants.

(k)     "Chinese Drywall Litigation" means litigation brought by persons seeking to recover damages and/or injunctive or equitable relief, whether in federal or state court,

arising out of any persons purchase or use of any and all drywall products manufactured, sold, marketed, distributed, and/or delivered by any entity which drywall is alleged to be defective and manufactured, in whole or in part, in China, or that include components that are manufactured, in whole or in part, in China.

(l) "Person" means any natural person or any business, legal, or governmental entity or association.

(m) "Your counsel" shall mean Christopher A. Bandas.

(n) "Objector(s)," "you" or "your" shall mean Bay Area Contracting & Constructions, Inc. and your counsel (Christopher A. Bandas), as well as your agents, accountants, consultants, independent contractors, and any other individual or entity associated or affiliated with you or purporting to act on your behalf with respect to the matter in question.

2. The following rules of construction apply to all discovery requests:

(a) The terms "all" and "each" shall be construed as all and each;

(b) The connectives "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside of its scope;

(c) The use of the singular form of any word includes the plural and vice versa; and

(d) Requests that are stated in the present tense include the past tense and those in the past tense include the present tense.

3. Unless otherwise specifically stated, this Request encompasses documents, which were created, received, or generated or otherwise entered into your possession, custody, or control between January 1, 2005 and the current date (the "Relevant Time Period").

4. Any document falling within the scope of this Request that is withheld on the basis of a claim of privilege, work product, or any other ground is to be identified in a privilege log, produced in an electronic format that allows text searching and organization of data. Defendant shall produce a privilege log within 7 days after the production of documents for which privilege is asserted to apply. For each document for which Defendant asserts a privilege applies, it must provide in the privilege log: (a) a statement of the ground alleged for withholding such document; (b) the date of the document; (c) the location of any attachments associated with the document and whether the asserted privilege also applies to such attachments; (d) the identity of its author and signatories; (e) the type of document (*e.g.*, letter); (f) a summary of its content; (g) its present location and custodian; and (h) a listing of all persons to whom the contents of such documents have been disclosed and all persons who have or have had possession, custody, or control of the documents (or any portions thereof), pursuant to Federal Rule of Civil Procedure 45(d)(2). Notwithstanding the assertion

of an objection, any purportedly privileged document containing non-privileged matter must be disclosed with the purportedly privileged portion redacted, with the redacted portion indicated on the document itself and listed on the privilege log to be provided pursuant to this paragraph.

To assist in the prompt resolution of disputed claims of privilege, Defendant shall submit to the Court under seal, unredacted copies of all documents for which it asserts a privilege.

5.  If you are unable to comply fully with any of the specific requests, you shall comply to the extent possible and provide an explanation as to why full compliance is not possible. In the event that any documents called for by this Request were formerly in your possession, custody or control, or have been lost or destroyed, those documents are to be identified in writing as follows: persons who prepared or authorized the documents indicated or blind copies; dates of preparation or transmittal; subject matter; number of pages, attachments or appendices; all persons to whom distributed, shown or explained; date or dates of loss or destruction; and if destroyed, the manner of destruction, reason for destruction, persons authorizing destruction and persons destroying the documents.

6.  This Request is directed to all documents within your possession, custody or control, or within the possession of any agent of Defendant, or within the possession of any entity associated with Defendant, or within the possession, custody, or control of such entity's directors, officers, agents, servants, employees, consultants, and professionals.

7.  Documents are to be produced in full and in their unexpurgated form. Redacted documents shall not constitute compliance with this Request, unless such documents are redacted pursuant to any claim of privilege as set forth in paragraph 4 above.

8.  Documents shall be produced in their original language (e.g., Mandarin, German) and shall include any translations of such documents, whether such translations were performed prior to or subsequent to the date of these requests.

9.  This Request is intended to be consistent with the Federal Rules of Civil Procedure 26 and 34. This Request is a continuing one and requires further and supplemental production by you as and whenever you acquire or create additional responsive documents after the time of the initial production hereunder.

10. All hard copy documents and electronically stored information (ESI) produced in response to this Request shall be organized and labeled either to correspond with the number of the specific request to which the documents are responsive or shall be produced in the order, format, and manner in which they are kept in the usual course of business. With respect to the production of electronically stored information, all ESI that is demanded is to be produced in its native usable format, as maintained on the computer storage systems, regardless of whether such ESI exists (and/or may have been copied and/or otherwise converted) in more than one electronic format. Plaintiffs request that the parties meet and confer to discuss the timing and manner of Defendant's production in response to these requests.

11.     Each page of a produced document shall have a legible, unique page identifier ("Bates Number") electronically "burned" onto the image at a location that does not obliterate, conceal, or interfere with any information from the source document (e.g., for ABC Defendant, Inc. "ABC001"; "ABC002"). No other legend or stamp will be placed on the document image other than a confidentiality legend (where applicable) redactions (consistent with the Stipulated Protective Order in this matter), and the Bates Number identified above. The confidential legend shall be "burned" onto the document's image at a location that does not obliterate or obscure any information from the source document.

## REQUESTS FOR PRODUCTION

**REQUEST NO. 1:**

All documents that contain any information responsive to Interrogatories 1 thru 7.

**REQUEST NO. 2:**

Communications between you and other litigants in Chinese Drywall Litigation.

**REQUEST NO. 3:**

Your plaintiff profile form.

**REQUEST NO. 4:**

Documents reflecting damages to your property that you allege are caused by Chinese Drywall.

**REQUEST NO. 5:**

All documents that you intend to submit for "other loss" claims as that term is defined in the Chinese Drywall Litigation.

**REQUEST NO. 6:**

All invoices of your purchases of Chinese Drywall.

**REQUEST NO. 7:**

For each company that you own, all documents reflecting your ownership or articles of incorporation.

**REQUEST NO. 8:**

For all Chinese Drywall that you or any company that you owned/purchased, all invoices, purchase orders, sales slips or other paper reflecting the resale of Chinese Drywall.

**REQUEST NO. 9:**

All expert reports and analysis of the settlements at issue.

**REQUEST NO. 10:**

All documents you intend to offer or admit at the fairness hearing or in submissions prior to the fairness hearing.

**REQUEST NO. 11:**

All affidavits you intend to submit at the fairness hearing or prior to the fairness hearing.

**REQUEST NO. 12:**

All pleadings filed by your counsel with regard to prior objections to other class action settlements.

**REQUEST NO. 13:**

All payments received by your counsel as attorneys fees or reimbursement of costs with regard to prior objections filed in other class action settlements.

Respectfully submitted,

Dated: October 4, 2012

/s/ Leonard A. Davis
Russ M. Herman, Esquire
Leonard A. Davis, Esquire
HERMAN, HERMAN & KATZ, L.L.C.
820 O'Keefe Avenue
New Orleans, Louisiana 70113
Phone: (504) 581-4892
Fax: (504) 561-6024
Ldavis@hhklawfirm.com
*Plaintiffs' Class Counsel*
*MDL 2047*

Arnold Levin, Esquire
Fred S. Longer, Esquire
Sandra Duggan, Esquire
Matthew Gaughan, Esq.
Levin, Fishbein, Sedran & Berman
510 Walnut Street, Suite 500
Philadelphia, PA 19106
215-592-1500 (phone)
215-592-4663 (fax)
Alevin@lfsblaw.com
*Plaintiffs' Class Counsel*
*MDL 2047*

## CERTIFICATE OF SERVICE

I hereby certify that the above and foregoing discovery has been served on Defendants' Liaison Counsel, Kerry Miller, by U.S. Mail and e-mail <u>or</u> by hand delivery and e-mail <u>and</u> upon all parties by electronically uploading the same to LexisNexis File & Serve in accordance with Pre-Trial Order No. 6, on this 4th day of October, 2012.

AND by overnight courier services to:

Christopher A. Bandas, Esq.
*BANDAS LAW FIRM, P.C.*
500 North Shoreline
Suite 1020
Corpus Christi, TX 78401-0353

/s/ Leonard A. Davis
Leonard A. Davis
Herman, Herman & Katz, L.L.C.
820 O'Keefe Ave.
New Orleans, LA 70113
PH: (504) 581-4892
Fax: (504) 561-6024
ldavis@hhklawfirm.com

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

IN RE:  CHINESE-MANUFACTURED
DRYWALL PRODUCTS LIABILITY
LITIGATION

This Document Relates to All Cases AND:

*Payton, et al. v. Knauf Gips, KG, et al.*
**Case No. 2:09-cv-07628 (E.D. La.)**

*Gross, et al. v. Knauf Gips, KG, et al.*
**Case No. 2:09-cv-06690 (E.D. La.)**

*Rogers, et al. v. Knauf Gips, KG, et al.*
**Case No. 2:10-cv-00362 (E.D. La.)**

*Amato, et al. v. Liberty Mutual Ins. Co.*
**Case No. 2:10-cv-00932 (E.D. La.)**

*Abreu, et al. v. Gebrueder Knauf*
*Verwaltungsgesellschaft, KG, et al.*
**Case No. 2:11-cv-00252 (E.D. La.)**

*Block, et al. v. Gebrueder Knauf*
*Verwaltungsgesellschaft, KG, et al.*
**Case No. 11-cv-1363 (E.D. La.)**

*Arndt, et al. v. Gebrueder Knauf*
*Verwaltungsgesellschaft, KG, et al.*
**Case No. 11-cv-2349 (E.D. La.)**

*Cassidy, et al. v. Gebrueder Knauf*
*Verwaltungsgesellschaft, KG, et al.*
**Case No. 11-cv-3023 (E.D. La.)**

*Vickers, et al. v. Knauf Gips KG, et al.*
**Case No. 2:09-cv-04117 (E.D. La.)**
*****************************************

MDL No. 2047

SECTION: L

JUDGE: FALLON

MAGISTRATE JUDGE
WILKINSON

## NOTICE OF ORAL AND VIDEOTAPED
## DEPOSITION PURSUANT TO FED. R. CIV. P. 30(b)(6)

TO:   ALL COUNSEL

**PLEASE TAKE NOTICE** that pursuant to Rule 26 and 30(b)(6) of the Federal Rules of

Civil Procedure, Class Counsel will take the deposition of  Bay Area Contracting &

Constructions, Inc. beginning on  Tuesday, October 30, 2012, starting at 11:00 a.m. (Central

Time), at Herman, Herman & Katz, L.L.C. 820 O'Keefe Avenue, New Orleans, Louisiana

70113, PH:   (504) 581-4892, or at another location mutually agreed upon by the parties.

Pursuant to Fed. R. Civ. P. 30(b)(6), Bay Area Contracting & Constructions, Inc. shall designate

and produce a designated representative or representatives, as may be required, to testify on

behalf of Bay Area Contracting & Constructions, Inc. concerning the topics identified in

Schedule A attached hereto.

**If you are an attorney of record, please email __cdw@golkow.com__ 48 hours prior to**

**the deposition should you desire to participate by stream to view video/text so you may**

**receive a username and password.**

Primary Examiners:      Class Counsel or its designee
Videotaped Deposition: Yes
Call-In Number:          **888-337-8218**
                         **Participant Code:  769758**

The deposition will be taken before a person authorized by law to administer oaths,

pursuant to Fed. R. Civ. P. 28, and will continue from day-to-day, excluding Sundays and court-

recognized holidays, until the examination is completed.

Pursuant to directives provided at the status conference on May 27, 2010, a brief

explanation of the subject matter expected at this deposition is as follows.  This brief explanation

is with full reservation of all rights by the noticing party and is not intended to limit in any way

the scope of the deposition noticed herein.  Counsel should be aware that all matters may be

2

discovered in the deposition beyond the following and that the following explanation is made

solely in accordance with the directives provided at the status conference.  This is an MDL

"common" deposition of a fact witness who has objected to at least one settlement.


Respectfully submitted,

/s/ Leonard A. Davis
**Russ M. Herman** (Bar No. 6819)
rherman@hhkc.com
Leonard A. Davis (Bar No. 14190)
ldavis@hhkc.com
Stephen J. Herman (Bar No. 23129)
sherman@hhkc.com
*HERMAN, HERMAN & KATZ, L.L.C.*
820 O'Keefe Avenue
New Orleans, LA  70113
PH:  (504) 581-4892
FAX:  (504) 561-6024
*Plaintiffs' Class Counsel  MDL 2047*

Arnold Levin, Esquire
Fred S. Longer, Esquire
Levin, Fishbein, Sedran & Berman
510 Walnut Street, Suite 500
Philadelphia, PA 19106
PH:  (215) 592-1500
FAX:  (215)592-4663
Alevin@lfsblaw.com
*Plaintiffs' Class Counsel*
*MDL 2047*

## CERTIFICATE OF SERVICE

I hereby certify that the above and foregoing Notice of Oral and Videotaped Deposition Pursuant to Fed.R.Civ.P. 30(b)(6) has been served on Defendants' Liaison Counsel, Kerry Miller, by U.S. Mail and e-mail or by hand delivery and e-mail and upon all parties by electronically uploading the same to LexisNexis File & Serve in accordance with Pre-Trial Order No. 6, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2047, on this 4th day of October, 2012.

AND by overnight courier services to:

Christopher A. Bandas, Esq.
*BANDAS LAW FIRM, P.C.*
500 North Shoreline
Suite 1020
Corpus Christi, TX 78401-0353

_/s/ Leonard A. Davis_____
Leonard A. Davis
Herman, Herman & Katz, L.L.C.
820 O'Keefe Ave.
New Orleans, LA 70113
PH: (504) 581-4892
Fax: (504) 561-6024
ldavis@hhklawfirm.com

4

## SCHEDULE A

## DEPOSITION TOPICS

Pursuant to Rule 30(b)(6,  You shall designate and produce for deposition one or more of

Your partners, officers, directors, managing agents, or other persons who consent to testify on

your behalf concerning the following subject matters:

1. Your objection to the settlement(s) in Chinese Drywall Litigation.

2. Your discovery responses in connection with Class Counsel discovery issued October
   4, 2012.

# EXHIBIT B

# BANDAS

LAW FIRM, P.C.

500 North Shoreline, Suite 1020
Corpus Christi, Texas 78401-0353
Telephone 361-698-5200
Facsimile 361-698-5222



| To: | Mr. Arnold Levin | Fax: | 215-592-4663 |
|---|---|---|---|
| | Mr. Leonard A. Davis | | 504-561-6024 |
| From: | Christopher A. Bandas | Page(s): | 2 (including cover page) |
| RE: | MDL NO. 2047; In Re: Chinese-Manufactured Drywall Products Liability Litigation | Date: | October 9, 2012 |
| Operator: | Margot | | |

**MESSAGE:**

Please see attached.

This information contained in this facsimile is attorney privilege and confidential information intended only for the use of the individual or the entity named above.  If the reader of this message is not the intended recipient, or an agent or employee thereof, you are hereby notified to that the dissemination, distribution or copying of this communication is strictly prohibited.  If you have received this communication in error, please notify the sender immediately.

BANDAS LAW FIRM, P.C.
Attorneys at Law

CHRISTOPHER A. BANDAS

500 N. Shoreline, Suite 1020
Corpus Christi, Texas 78401
(361) 698-5200 Office
(361) 698-5222 Fax

October 9, 2012

Arnold Levin
Levin, Fishein, Sedran & Berman
510 Walnut Street, Ste. 500
Philadelphia, PA 19106

Leonard A. Davis
Russ M. Herman
Herman, Herman & Katz, LLP
820 O'Keefe Avenue
New Orleans, LA 70013

Re:    MDL No. 2047; *In Re: Chinese-Manufactured Drywall Products Liability Litigation*

Dear Counsel:

I will be out of the country on a trip that has been scheduled for many months between and including October 19, 2012 and October 28, 2012. Other than a modest request to accommodate this trip, we will agree to conduct reasonable discovery, including depositions of objectors.

Objectors will agree to serve their objections, responses and/or answers to the written discovery within 15 days of service of same so long as the due date of such matters does not occur during the period Objectors' counsel is out of the country or within three business days thereafter. Moreover, if class counsel will serve its written discovery by October 10, 2012, Objectors will provide their objections, responses and/or answers to the written discovery earlier than 15 days, or on or before October 18, 2012. Objectors will be offered for deposition in Corpus Christi, Texas on a single day on either October 16, 17 or 18, 2012.

In light of this request, please let me know as soon as possible if we can avoid taking up the Court's time on this matter.

Sincerely,

Christopher A. Bandas

CAB/mv

# EXHIBIT C



**HERMAN HERMAN & KATZ**
— L.L.C. —
ATTORNEYS AT LAW
*Est. 1942*

820 O'Keefe Avenue
New Orleans, Louisiana
70113-1116

p: (504) 581-4892
f: (504) 561-6024
e: info@hhklawfirm.com

hhklawfirm.com

Harry Herman (1914-1987)
Russ M. Herman*
Maury A. Herman*
Steven J. Lane
Leonard A. Davis*
James C. Klick[1]
Stephen J. Herman
Brian D. Katz
Soren E. Gisleson
Joseph E. Cain

Jennifer J. Greene[2]
John S. Creevy
Jeremy S. Epstein[1]
Aaron Z. Ahlquist[3]
Craig M. Robinson
Carl A. Woods
Adam H. Weintraub[4]
Mikalia M. Kott[5]

Of Counsel:
Herbert A. Cade
Morton H. Katz*
Joseph A. Kott, MD, JD

This Firm and its Partners Are Also
Partners in Herman Gerel, LLP

* A Professional Law Corporation
[1] Also Admitted in Texas
[2] Also Admitted in Arkansas
[3] Also Admitted in Tennessee
[4] Also Admitted in New Jersey & Pennsylvania
[5] Also Admitted in Colorado

October 9, 2012

Christopher A. Bandas
Bandas Law Firm, P.C.
500 N. Shoreline, Suite 1020
Corpus Christi, TX 78401

Re:     In Re: Chinese-Manufactured Drywall Products Liability Litigation

Dear Mr. Bandas:

I am in receipt of your letter dated October 9, 2012. This letter confirms our telephone call earlier today and expands upon your letter.

You have indicated to me that you do not object to the Motion for Expedited Discovery and that you will consent to respond in an expedited manner to the discovery requests issued by Class Counsel. I understand that you will be out of town from October 19 through October 28, 2012. In order to accommodate your client and your schedule we have agreed that discovery responses from all who were issued discovery by Class Counsel shall be provided on or before October 18, 2012. If there are any items in dispute following receipt of the responses we will request that Judge Fallon hear the disputes on an expedited basis. Furthermore we have agreed that depositions of all persons to whom notices have been issued will take place in Corpus Christi on November 1 or 2, 2012. You indicated that you wanted to confirm with your client these dates so that we could schedule all depositions on one date and you further agreed to advise me which date is acceptable. I look forward to hearing from you later today so that formal notices/amendments can be issued. Unless I hear an objection from you it is my intention to advise Judge Fallon tomorrow at the status conference regarding our agreement and I shall be providing the Court a copy of your letter dated October 9 together with a copy of this letter.

Sincerely,

LEONARD A. DAVIS

LAD:kad

# EXHIBIT D

# BANDAS LAW FIRM, P.C.
### Attorneys at Law

CHRISTOPHER A. BANDAS

500 N. Shoreline, Suite 1020
Corpus Christi, Texas 78401
(361) 698-5200 Office
(361) 698-5222 Fax

October 18, 2012

Leonard A. Davis
Russ M. Herman
Herman, Herman & Katz, LLP
820 O'Keefe Avenue
New Orleans, LA 70013

Re:    MDL No. 2047; *In Re: Chinese-Manufactured Drywall Products Liability Litigation*

Dear Mr. Davis:

As Class Counsel, you have addressed interrogatories and requests for production jointly to my clients and myself, sent a putative "Second Requests for the Production of Documents to Christopher Bandas," and filed a "Notice of Oral and Videotaped Deposition of Christopher Bandas."

Please take note that although I agreed my clients, the Objectors, would respond to your written discovery and appear for deposition in Corpus Christi, I did not agree to respond to discovery directed at me individually.

Further, I am clearly not a "party" to the class action and your discovery directed to me is improper and a nullity. A non-party may not be served interrogatories under Rule 33 or requests for production under Rule 34, and cannot be compelled to attend a deposition by notice only. *See, e.g., University of Texas v. Vratil*, 96 F.3d 1337, 1340 (10th Cir. 1996) (holding that district court exceeded its jurisdiction by ordering non-parties to respond to interrogatories); *Lehman v. Kornblau*, 206 F.R.D. 345, 346 (E.D.N.Y. 2001) ("Any interrogatories or requests for production of documents served on non-parties are a nullity.") I do not intend to respond to these requests, and my clients' responses will not be on my behalf.

In addition to their procedural defects, your discovery requests targeting me are improper, harassing, seek irrelevant and confidential information, and appear to be intended more as a "witch hunt" to deter myself and others from representing objectors than to discover anything relevant to my clients' objections to the proposed settlement. Your requests seeking information about my representation of objectors in *other* class actions are totally irrelevant to my clients' standing to object or to the merits of their objections to *this* settlement. Your requests include documents that are client confidential information and invade the attorney-client privilege.

# EXHIBIT E



**HERMAN HERMAN & KATZ**
— L.L.C. —
ATTORNEYS AT LAW
Est. 1942

820 O'Keefe Avenue
New Orleans, Louisiana
70113-1116

p: (504) 581-4892
f: (504) 561-6024
e: info@hhklawfirm.com

hhklawfirm.com

Harry Herman (1914-1987)
Russ M. Herman*
Maury A. Herman*
Steven J. Lane
Leonard A. Davis*
James C. Klick[1]
Stephen J. Herman
Brian D. Katz
Soren E. Gisleson
Joseph E. Cain

Jennifer J. Greene[2]
John S. Creevy
Jeremy S. Epstein[1]
Aaron Z. Ahlquist[3]
Craig M. Robinson
Carl A. Woods
Adam H. Weintraub[4]
Mikalia M. Kott[5]

Of Counsel:
Herbert A. Cade
Morton H. Katz*
Joseph A. Kott, MD, JD

This Firm and its Partners Are Also
Partners in Herman Gerel, LLP

* A Professional Law Corporation
[1] Also Admitted in Texas
[2] Also Admitted in Arkansas
[3] Also Admitted in Tennessee
[4] Also Admitted in New Jersey & Pennsylvania
[5] Also Admitted in Colorado

October 26, 2012

Christopher A. Bandas, Esq.
*BANDAS LAW FIRM, P.C.*
500 North Shoreline
Suite 1020
Corpus Christi, TX 78401-0353
Fax: (361) 698-5222 and cbandas@bandaslawfirm.com

R. Joshua Koch, Esq.
*KOCH & SCHMIDT, LLC*
650 Poydras Street
Suite 2415
New Orleans, LA 70130\
Fax: (504) 208-9041

      Re:   *In re: Chinese Manufactured Drywall Products Liability Litigation*
            **MDL 2047**

Gentlemen:

     On October 4, 2012, Interrogatories and Requests for Production were forwarded to various Objectors and Christopher A. Bandas, counsel for Objectors. Additionally, on October 10, 2012, Class Counsel forwarded a Second Request for the Production of Documents to Christopher Bandas. To date, no responses to the discovery have been received. I am setting a conference pursuant to Rule 37 of the Federal Rules of Civil Procedure on Monday, October 29, 2012, at 10:00 a.m. (central). Should you desire to attend by telephone, please feel free to do so. If discovery responses are not received, it is our intention to file a Motion to Compel and request that the Court set the hearing on an expedited basis.

                          Sincerely,

                          **LEONARD A. DAVIS**

LAD:lmf
cc:    Russ M. Herman, Esq.
       Arnold Levin, Esq.
       Fred Longer, Esq.

# EXHIBIT F

# BANDAS LAW FIRM, P.C.
### Attorneys at Law

CHRISTOPHER A. BANDAS

500 N. Shoreline, Suite 1020
Corpus Christi, Texas 78401
(361) 698-5200 Office
(361) 698-5222 Fax

October 26, 2012

**Via Email & Facsimile**
Leonard A. Davis
Russ M. Herman
Herman, Herman & Katz, LLP
820 O'Keefe Avenue
New Orleans, LA 70013

Re:     MDL No. 2047; *In Re: Chinese-Manufactured Drywall Products Liability Litigation*

Dear Mr. Davis:

I am puzzled by your letter sent earlier today concerning your October 4 requests, asserting "no responses to the discovery have been received." In fact, we served Objectors' answers to interrogatories and responses to requests for production on October 18 as we agreed, by both email directly to you and through the ECF system.

If you are referring only to the discovery improperly addressed to me individually, my letter to you dated October 18 explained that such discovery cannot be served on a non-party and your requests were therefore a nullity. I informed you that I would not respond to such discovery on my own behalf. I also pointed out that these discovery requests were harassing, irrelevant, and included confidential and privileged documents.

Before you seek a conference pursuant to Rule 37 or file a Motion to Compel, please explain the legal basis for having served interrogatories and requests for production directed to a non-party. I am not aware that any such legal basis exists, but I will carefully consider any authority you provide to support your contention.

Sincerely,

Christopher A. Bandas

cc:     **Via Email and Facsimile**
Arnold Levin
Levin, Fishein, Sedran & Berman
510 Walnut Street, Ste. 500
Philadelphia, PA 19106

Mr. Joshua Koch

```
                    ***************************
                    *** FAX MULTI TX REPORT ***
                    ***************************


JOB NO.                1922
DEPT. ID               1234
PGS.                   2
TX IMCOMPLETE          -----
TRANSACTION OK         15045616024
                       12155924663

ERROR                  -----
```



LAW FIRM, P.C.

**500 North Shoreline, Suite 1020**
**Corpus Christi, Texas 78401-0353**
**Telephone 361-698-5200**
**Facsimile 361-698-5222**

# FAX

| To: | Mr. Leonard A. Davis | Fax: | 504-561-6024 |
|---|---|---|---|
| To: | Mr. Arnold Levin | Fax: | 215-592-4663 |
| From: | Christopher A. Bandas | Page(s): | 2 (including cover page) |
| RE: | MDL No. 2047-In Re Chinese-Manufactured Drywall Products Liability Litigation | Date: | October 26, 2012 |
| Operator: | Margot | | |

**MESSAGE:**

**Please see attached.**

# EXHIBIT G



HERMAN
HERMAN & KATZ
— L.L.C. —
ATTORNEYS AT LAW
Est. 1942

820 O'Keefe Avenue
New Orleans, Louisiana
70113-1116

p: (504) 581-4892
f: (504) 561-6024
e: info@hhklawfirm.com

hhklawfirm.com

Harry Herman (1914-1987)
Russ M. Herman*
Maury A. Herman*
Steven J. Lane
Leonard A. Davis*
James C. Klick[1]
Stephen J. Herman
Brian D. Katz
Soren E. Gisleson
Joseph E. Cain

Jennifer J. Greene[2]
John S. Creevy
Jeremy S. Epstein[1]
Aaron Z. Ahlquist[3]
Craig M. Robinson
Carl A. Woods
Adam H. Weintraub[4]
Mikalia M. Kott[5]

Of Counsel:
Herbert A. Cade
Morton H. Katz*
Joseph A. Kott, MD, JD

This Firm and its Partners Are Also
Partners in Herman Gerel, LLP

* A Professional Law Corporation
[1] Also Admitted in Texas
[2] Also Admitted in Arkansas
[3] Also Admitted in Tennessee
[4] Also Admitted in New Jersey & Pennsylvania
[5] Also Admitted in Colorado

October 26, 2012

Christopher A. Bandas, Esq.
Bandas Law Firm, P.C.
500 N. Shoreline, Suite 1020
Corpus Christi, TX 78401
cbandas@bandaslawfirm.com

Re:   In Re: Chinese-Manufactured Drywall Products Liability Litigation

Dear Mr. Bandas:

I am in receipt of your letter dated October 26, 2012. I am happy to consider your letter as the appropriate meet and confer in lieu of the Rule 37 Conference scheduled on Monday, October 29. Thank you for your prompt reply.

Interrogatories and Requests for Production of Documents were sent to you on October 4, 2012 and a second set of Requests for Production on October 10, 2012. In addition a subpoena to testify at a deposition together with a Request for the Production of Documents within the subpoena was issued by Class Counsel on October 19, 2012. The subpoena seeks the production of fourteen separate and specific items which are a duplicate and essentially the same requests as set forth in the initial discovery plus one additional item. When we spoke on October 9, 2012 you advised me that you did "not object to the Motion for Expedited Discovery and that you will consent to respond in an expedited manner to the discovery requests issued by Class Counsel." and further we "agreed that discovery responses from all who were issued discovery by Class Counsel shall be provided on or before October 18, 2012." (see my letter confirming our conversation dated October 9, 2012.) You did not provide any objection to my letter and as I stated in the last sentence of my letter dated October 9, 2012 a copy of your letter dated October 9 together with a copy of my letter dated October 9, 2012 was provided to the Court.

We would like to receive the documents requested in advance of the deposition. Hopefully you can accommodate this request and have the documents delivered to us within the next few days.

If it is your intention not to appear at the deposition and further not to produce the documents then it is essential that this issue be brought to the attention of Judge Fallon immediately and on an expedited basis. In addition to the Motion for Sanctions that has been

filed, it is my intention to bring a Motion and request that the Court hear this issue regarding Production of Documents and your attendance at a deposition on an expedited basis so that these issues can be addressed immediately.

Sincerely,

**LEONARD A. DAVIS**

LAD:kad

Cc:     R. Joshua Koch, Esq.
         Russ M. Herman, Esq.
         Arnold Levin, Esq.
         Fred Longer, Esq.

# EXHIBIT H

**Lenny Davis**

| | |
|---|---|
| **From:** | Kate Danahay |
| **Sent:** | Monday, October 29, 2012 11:41 AM |
| **To:** | 'cbandas@bandaslawfirm.com'; 'jkoch@kochschmidt.com' |
| **Cc:** | Russ Herman; 'alevin@lfsblaw.com'; Fred Longer; Lenny Davis; Lillian Flemming; 'Sam Brandao (sam_brandao@laed.uscourts.gov)' |
| **Subject:** | Chinese Drywall MDL 2047 re Discovery Conference |

FROM LEONARD DAVIS:

I have not heard from you with respect to my letter of October 26, 2012.  Will you be responding to the discovery issued to you?  Will we receive documents from you early this week?  Finally, will you be appearing at the deposition noticed of you on November 2?  I did not hear from you today at 10 a.m. for the Rule 37 Conference and thought that you would confirm a response as a result of my letter of October 26, 2012.  If I do not hear from you by 2 p.m. today it is my intention to ask the Court to convene a conference/hearing immediately so that these issues can be addressed with the Court.  If you have a specific time that you will not be available this week should the Court desire to set a call please advise immediately so that I can let the Court know.

**Kate Danahay**
Legal Assistant to Leonard A. Davis
Herman, Herman & Katz, LLC
Herman Gerel, LLP
820 O'Keefe Avenue
New Orleans, Louisiana  70113
504-581-4892
504-561-6024 (fax)
kdanahay@hhklawfirm.com
www.hhklawfirm.com

**PLEASE NOTE THAT MY E-MAIL ADDRESS HAS CHANGED.  PLEASE UPDATE YOUR CONTACT INFORMATION ACCORDINGLY.**

# CONFIDENTIAL ATTORNEY WORK PRODUCT

This e-mail message contains confidential, privileged information intended solely for the addressee.  Please do not read, copy, or disseminate it unless you are the addressee.  If you have received it in error, please call us (collect) immediately at (504) 581-4892 and ask to speak with the message sender.  Also, we would appreciate your forwarding the message back to us and deleting it from your system.  Thank you.

Please consider the environment before printing this e-mail