IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: CHINESE-MANUFACTURED DRYWALL PRODUCTS LIABILITY LITIGATION | MDL NO. 09-2047 |
| | SECTION L |
| | JUDGE FALLON |
| THIS DOCUMENT RELATES TO ALL CASES | MAG. JUDGE WILKINSON |

MOTION IN LIMINE OF THE
NORTH RIVER INSURANCE COMPANY

Defendant The North River Insurance Company ("North River"), through undersigned counsel, before trial, voir dire examination of the jury, and receipt of any evidence in this cause, submits this Motion in Limine.[1]  With the present motion, North River moves the Court to prohibit all parties, including their respective counsel and witnesses, from seeking to enter into evidence, mentioning or divulging, directly or indirectly, through argument, oral testimony, or exhibits, the following matters:

1.  That Interior/Exterior Building Supply ("INEX") had any duty to test drywall before it sold the drywall.

2.  That INEX had no quality control procedures, that INEX failed to take any actions to ensure quality control of the products it sold, or any other matter asserting or suggesting an absence or lack of quality control procedures on behalf of INEX.

---

[1] North River has also filed a Motion in Limine addressing the issue of the proper standard of knowledge for determining whether or not a seller is in good faith.  The present Motion in Limine is to address specific evidentiary issues at trial.

1

3. That INEX should have known that CDW was defective, contained sulfur, or anything else that would base a finding that INEX was not a good faith seller of CDW on a standard less than the actual knowledge of INEX.

4. That CDW was heavier than domestic drywall or that CDW was more brittle or more likely to crack than domestic drywall or that INEX had any such knowledge.

5. That any customer of INEX or any officer or employer expressed a preference for a specific brand of drywall or for domestic drywall only or stated that it did not want any foreign board, Knauf board, Chinese board, or anything similar, unless the preference is specifically related to the presence of sulfur in CDW.

6. That any of the CDW failed to comply with ASTM labeling standards or the labeling standards of any national, state, or local building code.

7. Any testimony from Johnny Odom.

8. Any action taken or not taken by INEX after it stopped selling CDW.

9. That INEX did not have a formal complaint department.

10. Any reference to or discussion about articles that may have appeared in trade journals concerning CDW or sulfur issues relating to drywall that appeared after INEX stopped selling CDW.

11. Any mention or discussion of phosphogypsym.

12. Any mention or discussion of the scope or the cost of remediation of a home containing CDW.

13. Any mention or discussion of physical or bodily injury alleged to be caused by CDW.

14. Any settlement, pending settlement, settlement negotiations, or anything else having to do with the settlement or failure to settle of any party in the Chinese-Manufactured Drywall Products Liability Litigation, including but not limited to any of the pending class-wide settlements or of the lack of a settlement between North River and any other party.

15. Any statement or suggestion to the jury that this trial is necessary because of a failure of any party to agree to a settlement or to any general reference that cases can or usually do settle.

16. Any statement or reference to the agreement between Knauf and Banner Supply not to share their knowledge of the presence of sulfur in CDW, of the fact that Banner Supply had such knowledge, or anything else suggesting that Knauf or Banner Supply had knowledge of the presence of sulfur in CDW.

17. Any jurisdictional ruling made be the Court or any reference to any jurisdictional pleading or challenge filed by any party in the Chinese-Manufactured Drywall Products Liability Litigation.

18. Any pretrial ruling of any type by the Court (including but not limited to rulings excluding evidence or excluding or limiting testimony) or of any other ruling made in the Chinese-Manufactured Drywall Products Liability Litigation.

19. Any pleading, motion, or other document filed by any party or any reference to any pretrial or substantive ruling sought by any party from the Court.

20. The filing of this Motion in Limine or any ruling by the Court on the Motion in Limine.

WHEREFORE, for these reasons and the reasons stated in the attached Memorandum in Support, Defendant The North River Insurance Company asks the Court to instruct all parties,

including their respective counsel and witnesses, from seeking to enter into evidence, or from mentioning or divulging, directly or indirectly, through argument, oral testimony, or exhibits, any of the matters set forth above.

        Respectfully submitted,

        THOMPSON COE COUSINS & IRONS LLP

        _____/s Eric B. Berger_____
        BRIAN S. MARTIN, ESQ.
        KEVIN RISLEY, ESQ.
        RODRIGO "DIEGO" GARCIA, JR., ESQ.
        One Riverway, Suite 1600
        Houston, Texas 77056
        Phone: (713) 403-8206
        Fax:  (713) 403-8299
        bmartin@thompsoncoe.com

        LOBMAN CARNAHAN BATT ANGELLE & NADER

        SIDNEY J. ANGELLE, ESQ.
        La. Bar No. 1002
        ERIC B. BERGER, ESQ.
        La. Bar No. 26196
        400 Poydras Street, Suite 2300
        New Orleans, Louisiana 70130
        Phone: (504) 586-9292
        Fax:   (504) 586-1290
        sja@lcba-law.com
        ebb@lcba-law.com

        ATTORNEYS FOR THE NORTH RIVER INSURANCE COMPANY

## **CERTIFICATE OF SERVICE**

    I hereby certify that the above and foregoing pleading has been served on Plaintiffs' Liaison Counsel, Russ Hermann, by e-mail and upon all parties by electronically uploading the same to LexisNexis File & Serve in accordance with Pre-Trial Order No. 6, and that the

foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2047 on November 2, 2012.

      /s Eric B. Berger
    Eric B. Berger