IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: CHINESE-MANUFACTURED DRYWALL PRODUCTS LIABILITY LITIGATION | MDL NO. 09-2047 |
| | SECTION L |
| | JUDGE FALLON |
| THIS DOCUMENT RELATES TO ALL CASES | MAG. JUDGE WILKINSON |

**PROPOSED JURY CHARGE OF DEFENDANT
THE NORTH RIVER INSURANCE COMPANY**

Defendant The North River Insurance Company ("North River") submits the attached proposed jury charge for the trial of this case. This proposed jury charge is based on the pleadings that existed at the beginning of the trial. By submitting this proposed jury charge, North River is not conceding that there is sufficient evidence to submit any particular question on which it does not have the burden of proof to the jury. North River reserves the right to withdraw, modify, or supplement this proposed charge based upon the evidence that is introduced at trial, any rulings by the Court that withdraw one or more claims from consideration by the jury, or any other event during trial.

Respectfully submitted,

THOMPSON COE COUSINS & IRONS LLP

_____/s Eric B. Berger_____
BRIAN S. MARTIN, ESQ.
KEVIN RISLEY, ESQ.
RODRIGO "DIEGO" GARCIA, JR., ESQ.
One Riverway, Suite 1600
Houston, Texas 77056
Phone: (713) 403-8206
Fax: (713) 403-8299
bmartin@thompsoncoe.com

1

LOBMAN CARNAHAN BATT ANGELLE
& NADER

SIDNEY J. ANGELLE, ESQ.
La. Bar No. 1002
ERIC B. BERGER, ESQ.
La. Bar No. 26196
400 Poydras Street, Suite 2300
New Orleans, Louisiana 70130
Phone: (504) 586-9292
Fax:    (504) 586-1290
sja@lcba-law.com
ebb@lcba-law.com

ATTORNEYS FOR THE NORTH RIVER
INSURANCE COMPANY

**CERTIFICATE OF SERVICE**

     I hereby certify that the above and foregoing pleading has been served on Plaintiffs' Liaison Counsel, Russ Hermann, by e-mail and upon all parties by electronically uploading the same to LexisNexis File & Serve in accordance with Pre-Trial Order No. 6, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2047 on November 2, 2012.

                                       __/s Eric B. Berger_____
                                       ERIC B. BERGER

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: CHINESE-MANUFACTURED DRYWALL PRODUCTS LIABILITY LITIGATION | MDL NO. 09-2047<br><br>SECTION L<br><br>JUDGE FALLON |
| THIS DOCUMENT RELATES TO ALL CASES | MAG. JUDGE WILKINSON |

### CHARGE OF THE COURT

MEMBERS OF THE JURY:

You have now been sworn as the jury to try this case.

As the jury you will decide the disputed questions of fact. As the Judge, I will decide all questions of law and procedure. From time to time during the trial and at the end of the trial, I will instruct you on the rules of law that you must follow in making your decision.

Soon, the lawyers for each of the parties will make what is called an opening statement. Opening statements are intended to assist you in understanding the evidence. What the lawyers say is not evidence.

After the opening statements, the plaintiff will call witnesses and present evidence. Then, the defendant will have an opportunity to call witnesses and present evidence. After the parties' main case is completed, the plaintiff may be permitted to present rebuttal evidence. After all the evidence is completed, the lawyers will again address you to make final arguments. Then I will instruct you on the applicable law. You will then retire to deliberate on a verdict.

Keep an open mind during the trial. Do not decide any fact until you have heard all of the evidence, the closing arguments, and my instructions.

Pay close attention to the testimony and evidence. If you would like to take notes during the trial, you may do so. If you do take notes, be careful not to get so involved in note taking that you become distracted and miss part of the testimony. Your notes are to be used only as aids to your memory, and if your memory should later be different from your notes, you should rely on your memory and not on your notes. If you do not take notes, rely on your own independent memory of the testimony. Do not be unduly influenced by the notes of other jurors. A juror's notes are not entitled to any greater weight than the-recollection of each juror concerning the testimony. Even though the court reporter is making stenographic notes of everything that is said, a typewritten copy of the testimony will not be available for your use during deliberations. On the other hand, any exhibits will be available to you during your deliberations.

Until this trial is over, do not discuss this case with anyone and do not permit anyone to discuss this case in your presence. Do not discuss the case even with the other jurors until all of the jurors are in the jury room actually deliberating at the end of the case. If anyone should attempt to discuss this case or to approach you concerning the case, you should inform the Court immediately. Hold yourself completely apart from the people involved in the case—the parties, the witnesses, the attorneys and persons associated with them. It is important not only that you be fair and impartial but that you also appear to be fair and impartial.

Do not make any independent investigation of any fact or matter in this case. You are to be guided solely by what you see and hear in this trial. Do not learn anything about the case from any other source. In particular, do not read any newspaper or internet account of this trial or listen to any radio or television newscast concerning it.

During the trial, it may be necessary for me to confer with the lawyers out of your hearing or to conduct a part of the trial out of your presence. I will handle these matters as briefly and as conveniently for you as I can, but you should remember that they are a necessary part of any trial.

It is now time for the opening statements.

SOURCE: Fifth Circuit Pattern Jury Instructions ("FCPJI") 1.1

**INSTRUCTION NO. 1**
(To be given before first recess)

  We are about to take our first break during the trial and I want to remind you of the instruction I gave you earlier. Until the trial is over, you are not to discuss this case with anyone, including your fellow jurors, members of your family, people involved in the trial, or anyone else. If anyone approaches you and tries to talk to you about the case, do not tell your fellow jurors but advise me about it immediately. Do not read or listen to any news reports of the trial. Finally, remember to keep an open mind until all the evidence has been received and you have heard the views of your fellow jurors.

  If you need to speak with me about anything, simply give a signed note to the marshal to give to me.

  I may not repeat these things to you before every break that we take, but keep them in mind throughout the trial.

GIVEN: _____

REFUSED: _____

MODIFIED: _____


_____         _____
DATE                   JUDGE PRESIDING


SOURCE: FCPJI 2.1

# INSTRUCTION NO. 2

  Do not let bias, prejudice or sympathy play any part in your deliberations. A corporation and all other persons are equal before the law and must be treated as equals in a court of justice.

GIVEN: _____

REFUSED: _____

MODIFIED: _____

_____        _____
DATE               JUDGE PRESIDING

SOURCE: FCPJI 2.13

**INSTRUCTION NO. 3**

Certain testimony has been presented to you through a deposition. A deposition is the sworn, recorded answers to questions asked a witness in advance of the trial. Under some circumstances, if a witness cannot be present to testify from the witness stand, that witness' testimony may be presented, under oath, in the form of a deposition. Some time before this trial, attorneys representing the parties in this case questioned this witness under oath. A court reporter was present and recorded the testimony. The questions and answers will be read to you today. This deposition testimony is entitled to the same consideration and is to be judged by you as to credibility as if the witness had been present and had testified from the witness stand in court.

GIVEN: _____

REFUSED: _____

MODIFIED: _____


_____              _____
DATE                                                           JUDGE PRESIDING


SOURCE: FCPJI 2.23 (word "will now" replaced with "has been")

## INSTRUCTION NO. 4

You must consider only the evidence in this case. However, you may draw such reasonable inferences from the testimony and exhibits as you feel are justified in the light of common experience. You may make deductions and reach conclusions that reason and common sense lead you to make from the testimony and evidence. The testimony of a single witness may be sufficient to prove any fact, even if a greater number of witnesses may have testified to the contrary, if after considering all the other evidence you believe that single witness. There are two types of evidence you may consider. One is direct evidence - such as testimony of an eyewitness. The other is indirect or circumstantial evidence - the proof of circumstances that tend to prove or disprove the existence or nonexistence of certain other facts. The law makes no distinction between direct and circumstantial evidence, but simply requires that you find the facts from a preponderance of all the evidence, both direct and circumstantial.

GIVEN: _____

REFUSED: _____

MODIFIED: _____

_____ _____
DATE                                                    JUDGE PRESIDING

SOURCE: FCPJI 2.18

## INSTRUCTION NO. 5

When knowledge of technical subject matter may be helpful to the jury, a person who has special training or experience in that technical field - he is called an expert witness - is permitted to state his opinion on those technical matters. However, you are not required to accept that opinion. As with any other witness, it is up to you to decide whether to rely upon it.

GIVEN: _____

REFUSED: _____

MODIFIED: _____


_____     _____
DATE                                               JUDGE PRESIDING


SOURCE: FCPJI 2.19

# INSTRUCTION NO. 6

      In this case, the plaintiffs must prove every essential part of each of their claims by a preponderance of the evidence. A preponderance of the evidence simply means evidence that persuades you that the plaintiff's claim is more likely true than not true. In deciding whether any fact has been proven by a preponderance of the evidence, you may, unless otherwise instructed, consider the testimony of all witnesses, regardless of who may have called them, and all exhibits received in evidence, regardless of who may have produced them. If the proof fails to establish any essential part of the plaintiff's claim by a preponderance of the evidence, you should find for the defendant as to that claim.

GIVEN: _____

REFUSED: _____

MODIFIED: _____

_____                       _____
DATE                                         JUDGE PRESIDING

SOURCE: FCPJI 2.20

**INSTRUCTION NO. 7**

      A seller of a good such as Interior Exterior Building Supply is not presumed to know of non-obvious defects in a product.

GIVEN: _____

REFUSED: _____

MODIFIED: _____

_____                           _____
DATE                                          JUDGE PRESIDING

SOURCE: Loper v. Nat. Union Fire Ins. Co., No. Civ.A. 99-1350, 2001 WL 210367, *4 (E. D. La. 2001)

## INSTRUCTION NO. 8

A seller of a good such as Interior Exterior Building Supply is not required to inspect its products prior to sale to detect non-obvious defects.

GIVEN: _____

REFUSED: _____

MODIFIED: _____


_____                    _____
DATE                                                          JUDGE PRESIDING


SOURCE: Loper v. Nat. Union Fire Ins. Co., No. Civ.A. 99-1350, 2001 WL 210367, *4 (E. D. La. 2001)

## QUESTION NO. 1

   At the time that Interior Exterior Building Supply Company was selling drywall manufactured by Knauf Plasterboard Tianjin in 2005 and 2006, did Interior Exterior Building Supply Company know that the drywall contained sulfur which could emit sulfur gases that could corrode silver or copper metals in homes?


   Answer Yes or No:                     _____


GIVEN:   _____

REFUSED:  _____

MODIFIED:  _____


_____              _____
DATE                      JUDGE PRESIDING


SOURCE:  La. C.C. art. 2545; *Aucoin v. Southern Quality Homes*, 984 So.2d 685, 691 (La. 2008); *In re Propulsid Products Liab. Lit*, 2002 WL 1446714, *3 (E. D. La. 2002)

13

## QUESTION NO. 2

At the time that Interior Exterior Building Supply Company was selling drywall manufactured by Taian Taishan Plasterboard Company in 2005 and 2006, did Interior Exterior Building Supply Company know that the drywall contained sulfur which could emit sulfur gases that could corrode silver or copper metals in homes?

  Answer Yes or No:               _____

GIVEN:  _____

REFUSED:  _____

MODIFIED:  _____


_____              _____
DATE                      JUDGE PRESIDING


SOURCE: La. C.C. art. 2545; *Aucoin v. Southern Quality Homes*, 984 So.2d 685, 691 (La. 2008); *In re Propulsid Products Liab. Lit*, 2002 WL 1446714, *3 (E. D. La. 2002)

When you retire to the jury room to deliberate, you may take with you this charge and the exhibits that the Court has admitted into evidence. Select your Foreperson and conduct your deliberations. If you recess during your deliberations, follow all of the instructions that I have given you concerning your conduct during the trial. After you have reached your unanimous verdict, your Foreperson must fill in your answers to the written questions and sign and date the verdict form. Return this charge together with your written answers to the questions. Unless I direct you otherwise, do not reveal your answers until such time as you are discharged. You must never disclose to anyone, not even to me, your numerical division on any question.  If you want to communicate with me at any time, please give a written message to the bailiff, who will bring it to me. I will then respond as promptly as possible either in writing or by meeting with you in the courtroom.  I will always first show the attorneys your question and my response before I answer your question.  After you have reached a verdict, you are not required to talk with anyone about the case unless I order you to do so.

You may now retire to the jury room to conduct your deliberations.

SOURCE: FCPJI 2.12