UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE:  CHINESE-MANUFACTURED DRYWALL PRODUCTS LIABILITY LITIGATION | ) MDL NO. 2047 |
|  | ) |
|  | ) |
|  | ) SECTION: L |
|  | ) |
| THIS DOCUMENT RELATES TO: | ) |
|  | ) |
| ALL CASES | ) JUDGE FALLON |
|  | ) MAG. JUDGE WILKINSON |
|  | ) |
|  | ) |

**INDIVIDUAL PLAINTIFFS' OPPOSITION TO THE PLAINTIFFS' STEERING COMMITTEE'S MOTION TO SEVER CERTAIN PLAINTIFFS FROM OMNI COMPLAINTS**

Individual Plaintiffs hereby file this brief for the limited purpose of opposing the Plaintiffs' Steering Committee's ("PSC") Motion To Sever Certain Plaintiffs From Omni Complaints ("Motion").[1]

1.   **Federal Rule Of Civil Procedure 21 Does Not Provide A Basis For This Court To Drop Opted-Out Plaintiffs From The Omni Complaints.**

Through its Motion, the PSC seeks to drop Individual Plaintiffs from all Omni Complaints in this litigation.  The PSC states that Federal Rule of Civil Procedure 21 allows this Court to drop Individual Plaintiffs from all Omni Complaints simply because they chose to opt-out of one or more of the pending Chinese drywall settlements. However, Federal Rule of Civil Procedure 21 provides no such basis.

---

[1] It is unclear from the PSC's Motion which Plaintiffs and from which Omnibus Complaints it is seeking dismissal.

Respectfu Federal Rule of Civil Procedure 21 states "Misjoinder of parties *is not* a ground for dismissing an action. On motion or on its own, the court may at any time, on just terms, add or drop a party. The court may also sever a claim against a party." (Emphasis Added.)

Rule 21 was adopted to provide courts with a procedural device to cure otherwise fatal pleading defects that result from a party's failure to comply with the technical rules of joinder. *Kerr v. Compagnie De Ultramar,* 250 F.2d 860, 864 (2d Cir.1958); *Society of European Stage Authors & Composers v. WCAU Broadcasting Co.,* 1 F.R.D. 264, 266 (E.D.Pa.1940). The goal was to avoid multiple litigation, to promote the liberal joinder of parties and to enable courts to determine an action on the merits whenever such a disposition could be obtained without prejudice to the parties. 7 Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice & Procedure § 1681 (2d ed. 1986).

Rule 21 has been invoked, in lieu of requiring a plaintiff to amend his pleadings under Rule 15, to preserve diversity jurisdiction by dropping a non-diverse defendant whose presence is not required by the federal rules for proper resolution of the matter. *See Safeco Ins. Co. v. City of White House, Tennessee,* 36 F.3d 540, 545 (6th Cir.1994); 7 Wright, Miller & Kane, *supra,* at 1685. Notably, Rule 21 has not been used to dismiss properly joined plaintiffs, despite their objections, solely to permit a defendant to acquire federal jurisdiction and remove the proceeding from the state forum in which it was originally brought. *Iowa Pub. Serv. Co. v. Medicine Bow Coal Co.,* 556 F.2d 400, 406 (8th Cir.1977).

The PSC states in its Motion that "[c]ertain plaintiffs (to be determined after the last date for rescinding opt-outs) have acted in a manner antithetical to these settlements

by virtue of exercising their rights to exclusion." Motion at p. 1. Further, the PSC states that its common benefit service of perfecting service upon Taishan entities "is being performed by the PSC through major effort and at major expense, and thus should not benefit plaintiffs who have chosen to opt out of the pending settlements." *Id.* at 3.

By its own language it is clear that the PSC is not attempting to drop plaintiffs as misjoined parties, but rather, is seeking to drop plaintiffs in order to punish them for choosing to exercise their Constitutional right to opt-out of the various class settlements.

The PSC cites to *In re: Diet Drugs Products Liability Litigation*, 1999 WL 554584 (E.D.Pa. July 16, 1999) to support its notion that this Court can drop opted-out plaintiffs pursuant to Rule 21. The PSC flatly misrepresents the facts and circumstances of *In re: Diet Drugs*.

In *In re: Diet Drugs Products Liability Litigation*, certain plaintiffs had been misjoined in the action in order to defeat diversity jurisdiction. The court found there to be a fraudulent joinder of parties whereby "eleven plaintiffs selected from seven different states where, coincidentally, a number of Defendants also have citizenship seems to have been an innovative, but unwise, pleading strategy that interferes with the court's ability to administer this case for pretrial purposes." *Id.* Accordingly, the court severed the claims of the non-diverse plaintiffs pursuant to Rule 21, and retained jurisdiction over the remaining plaintiffs' claims. Further, the court stated that cases that do not present similarly objectionable elements would not be candidates for misjoinder consideration. *Id.*

Here, by contrast, plaintiffs that have opted-out of the various settlements are by no means misjoined for purposes of Rule 21. Rather, Individual Plaintiffs are *properly*

*joined* in these proceedings, but have just chosen to not participate in one or more of the pending settlements.

There is no authority to "unwind" the clock and deprive these opted out Plaintiffs of whatever benefits they have obtained to date by being included in the Omni Complaints. Furthermore, these Plaintiffs could suffer immeasurably if their claims are dismissed.. These unprecedented punitive measures sought by the PSC are simply not allowed under Federal Rule of Civil Procedure 21. Accordingly, this Court should deny the PSC's Motion in its entirety.

2.    **An Order By This Court Requiring Dropped Plaintiffs To File Individual Complaints Within 30 Days Would Violate Statutes of Limitations And Would Not Be Entitled To Full Faith And Credit By Other Courts**

In addition to the PSC's application to drop opted-out plaintiffs from all Omni Complaints, the PSC also asks that this Court **arbitrarily** order all dropped plaintiffs to have only "thirty days from the date of the PSC's filing identifying them as being subject to said order file a new complaint, in a proper venue, containing the claims that they pled in their original complaints." Proposed Order at p. 1. The PSC is asking this Court to override the applicable statutes of limitations and the governing law of the individual forums in which these opted out plaintiffs would be filing their individual cases. The PSC offers no case law or authority of any kind whatsoever to support this strange request.

Any such blanket order would have no underlying authority and would wholly disregard individual facts and various jurisdictional rules applicable to statute of

limitations and other filing deadlines. Furthermore, such an order would not be entitled to the full faith and credit protections of the United States Constitution.

"Although the express language of the full faith and credit clause of the United States Constitution, Article IV, Section 1, mandates that full faith and credit are to be given in each state 'to the public Acts, Records, and judicial Proceedings of every other State,' the clause has been construed to require states to similarly honor federal court proceedings." *Pettijohn v. Dade County*, 446 So.2d 1143, 1145 (Fla. App. 1984). "Therefore, it has long been held that federal court orders and judgments must be given res judicata effect in state court proceedings." *Ibid*. However, "a judgment which is entitled to full faith and credit is 'one which determines and disposes of the whole merits of the cause before the Court by declaring that the plaintiff either is or is not entitled to recovery by the remedy chosen.'" *Pettijohn* at 1145, quoting *Irving Trust Co. v. Kaplan*, 20 So.2d 351, 354 (Fla. 1944).

A final judgment has been defined as one which determines and disposes of the whole merits of the cause before the Court by declaring that the plaintiff either is or is not entitled to recover by the remedy chosen or completely and finally disposes of a branch of the cause which may be separate and distinct for other parts thereof. *Lewisburg Bank v. Sheffey* 140 U.S. 445, 11 S.Ct 755, 35 L.Ed 493 (1891); *Grant v. Phoenix Mut. Life Ins. Co.*, 106 U.S. 429, 1 S.Ct. 414, 27 L.Ed. 237 (1882).

*Sheffey* is controlling as to the applicability of the full faith and credit doctrine in the present case. Here, Individual Plaintiffs cannot possibly have had their rights adjudicated in the MDL if they are dropped entirely from the Omni Complaints.

Accordingly, an order requiring these plaintiffs to file new complaints within 30 days would not be considered "final" in any court for purposes of full faith and credit.

The Florida Constitution provides that the courts be open to every person for redress of any injury, and justice shall be administered without sale, denial or delay. (Fla. Constitution, Article I, Section 21). Assuming this Court imposes the PSC's proposed, and arbitrary, 30 day deadline in attempts to limit Individual Plaintiffs' rights to pursue their claims in another court, any such order would simply not be upheld in the Florida state or federal courts.

Finally, it is worth noting that "the commencement of a class action suspends the applicable statute of limitations as to all asserted members of the class who would have been parties had the suit been permitted to continue as a class action. Once the statute of limitations has been tolled, it remains tolled for all members of the putative class until class certification is denied." *Crown, Cork & Seal Company, Inc., v. Parker*, 103 S.Ct. 2392, 2398 (1983). Running of the statute of limitations would also be dependent on individual facts and circumstances which may be unique to each Individual Plaintiffs' case. If wrongly dropped from the Omni Complaints, Individual Plaintiffs would have as long as their respective statutes of limitations permit in order to file new complaints and an order imposing an arbitrary 30 day filing limit would violate these protections.

**CONCLUSION**

Based on the foregoing, it is hereby respectfully requested that the Court deny the PSC's Motion To Sever Certain Plaintiffs From Omni Complaints. In the event the PSC no longer desires to represent these Plaintiffs, one alternative remedy **may** be for this

court to appoint other counsel in place of the PSC[2] to represent these Plaintiffs in the Omni Complaints, or may be to sever the Omni Complaints and appoint new counsel to represent Plaintiffs in the severed action.[3]

Respectfully submitted,

Dated: November 5, 2012

C. David Durkee, Esq.
ROBERTS & DURKEE, P.A.
Alhambra Towers
Penthouse 1 – Suite 1603
121 Alhambra Plaza
Coral Gables, FL  33134
Phone:  (305) 442-1700
Fax:  (305) 442-2559
durkee@rdlawnet.com
*Counsel for Individual Plaintiffs*

Mark Milstein, Esq.
Paul D. Stevens, Esq.
Allison R. Willett, Esq.
MILSTEIN ADELMAN, LLP
2800 Donald Douglas Loop North
Santa Monica, CA  90405
Phone:  (310) 396-9600
Fax:  (310) 396-9635
*Counsel for Individual Plaintiffs*

---

[2] Particularly as the instant Motion and related actions raise serious questions regarding the PSC's adequacy to serve as class counsel on behalf of the Taishan class members.
[3] Should this court appoint new counsel to represent Individual Plaintiffs in the Omni Complaints or sever these Plaintiffs into new Omni Complaints, this would necessarily eliminate or substantially reduce the PSC's right to any common benefit fee and cost assessments as to such Individual Plaintiffs.