## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

IN RE: CHINESE-MANUFACTURED
DRYWALL PRODUCTS LIABILITY
LITIGATION

　　　　　　　　　　　　　　　　MDL NO. 2047
　　　　　　　　　　　　　　　　SECTION: L

　　　　　　　　　　　　　　　　JUDGE FALLON
　　　　　　　　　　　　　　　　MAG. JUDGE WILKINSON

THIS DOCUMENT RELATES TO:
*CASES SET FOR TRIAL INVOLVING INTERIOR/*
*EXTERIOR AND NORTH RIVER*
* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

## PLAINTIFFS' PROPOSED JURY INSTRUCTIONS

　　　　NOW INTO COURT, through undersigned counsel, come plaintiffs in the above matter,

who respectfully request that, in addition to the standard instructions which the Court may give

herein, the Court give the attached jury charges 1 through 21 in connection with the trial of this

matter commencing on November 26, 2012.

　　　　　　　　　　　　　　　　Respectfully submitted,

Dated: November 5, 2012　　　　　　/s/ Russ M. Herman
　　　　　　　　　　　　　　　　Russ M. Herman, Esquire (Bar No. 6819)
　　　　　　　　　　　　　　　　Leonard A. Davis, Esquire (Bar No. 14190)
　　　　　　　　　　　　　　　　Stephen J. Herman, Esquire (Bar No. 23129)
　　　　　　　　　　　　　　　　HERMAN, HERMAN & KATZ, L.L.C.
　　　　　　　　　　　　　　　　820 O'Keefe Avenue
　　　　　　　　　　　　　　　　New Orleans, Louisiana 70113
　　　　　　　　　　　　　　　　Phone: (504) 581-4892
　　　　　　　　　　　　　　　　Fax: (504) 561-6024
　　　　　　　　　　　　　　　　LDavis@hhklawfirm.com
　　　　　　　　　　　　　　　　*Plaintiffs' Liaison Counsel MDL 2047*

　　　　　　　　　　　　　　　　Arnold Levin
　　　　　　　　　　　　　　　　Fred S. Longer
　　　　　　　　　　　　　　　　Matthew C. Gaughan
　　　　　　　　　　　　　　　　Levin, Fishbein, Sedran & Berman
　　　　　　　　　　　　　　　　510 Walnut Street, Suite 500
　　　　　　　　　　　　　　　　Philadelphia, PA 19106

215-592-1500 (phone)
215-592-4663 (fax)
Alevin@lfsblaw.com
*Plaintiffs' Lead Counsel*
*MDL 2047*

## PLAINTIFFS' STEERING COMMITTEE

Dawn M. Barrios
Barrios, Kingsdorf & Casteix, LLP
701 Poydras Street, Suite 3650
New Orleans, LA 70139
Phone: (504) 524-3300
Fax: (504) 524-3313
Barrios@bkc-law.com

Daniel E. Becnel, Jr.
Becnel Law Firm. LLC
P.O. Drawer H
106 W. Seventh Street
Reserve, LA 70084
Phone: (985) 536-1186
Fax: (985) 536-6445
dbecnel@becnellaw.com

Robert C. Josefsberg
Podhurst Orseck, P.A.
25 Flagler Street, 8th Floor
Miami, FL 33130
Phone: (305) 358-2800
Fax: (305) 358-2382
rjosefsberg@podhurst.com

Bruce William Steckler
Baron & Budd, P.C.
3102 Oak Lawn Ave., Suite 1100
Dallas, TX 75219
Phone: (214) 521-3605
Fax: (214) 520-1181
bsteckler@baronbudd.com

Ervin A. Gonzalez
Colson, Hicks, Eidson, Colson
  Matthews, Martinez, Gonzales,
  Kalbac & Kane
255 Alhambra Circle, Penthouse
Cora Gables, FL 33134
Phone: (305) 476-7400
Fax: (305) 476-7444

Ben W. Gordon, Jr.
Levin, Papantonio, Thomas, Mitchell
  Echsner & Proctor, P.A.
316 S. Baylen Street, Suite 600
Pensacola, FL 32502
Phone: (850) 435-7000
Fax: (850) 435-7020
bgordon@levinlaw.com

Hugh P. Lambert
Lambert and Nelson
701 Magazine Street
New Orleans, LA 70130
Phone: (504) 581-1750
Fax: (504) 529-2931
hlambert@lambertandnelson.com

Gerald E. Meunier
Gainsburgh, Benjamin, David, Meunier
  & Warshauer, LLC
2800 Energy Centre, 1100 Poydras Street
New Orleans, LA 70163-2800
Phone: (504) 522-2304
Fax: (504) 528-9973
gmeunier@gainsben.com

Jerrold Seth Parker
Parker, Waichman, Alonso LLP
3301 Bonita Beach Road
Bonita Springs, FL 34134
Phone: (239) 390-1000
Fax: (239) 390-0055
Jerry@yourlawyer.com

Scott Wm. Weinstein
Morgan & Morgan
12800 University Drive, Suite 600
Ft. Meyers, FL 33907
Phone: (239) 433-6880
Fax: (239) 433-6836
sweinstein@forthepeople.com

James Robert Reeves
Lumpkin & Reeves
160 Main Street
Biloxi, MS 39530
Phone: (228) 374-5151
Fax: (228) 374-6630
jrr@lumpkinreeves.com

Christopher Seeger
Seeger Weiss, LLP
One William Street
New York, NY 10004
Phone: (212) 584-0700
Fax: (212) 584-0799
cseeger@seegerweiss.com

Daniel K. Bryson
Whitfield, Bryson & Mason, LLP
900 W. Morgan Street
Raleigh, NC 27603
Phone: (919) 600-5000
Fax: (919) 600-5035
Daniel@wbmllp.com

Richard J. Serpe, Esquire
Law Offices of Richard J. Serpe
Crown Center, Ste. 310
580 East Main Street
Norfolk, VA 23510-2322
rserpe@serpefirm.com

Victor M. Diaz, Jr.
119 Washington Avenue
Suite 402
Miami Beach, FL 33139
victor@diazpartners.com

## OF COUNSEL TO PLAINTIFFS' STEERING COMMITTEE

Richard S. Lewis
HAUSFELD LLP
1700 K Street, N.W
Suite 650
Washington, DC 20006
Phone: (202) 540-7200
Fax:  (202) 540-7201
rlewis@hausfeldllp.com

Andrew A. Lemmon
Lemmon Law Firm, LLC
P.O. Box 904
15058 River Road
Hahnville, LA 70057
Phone: (985) 783-6789
Fax: (985) 783-1333
andrew@lemmonlawfirm.com

## CERTIFICATE OF SERVICE

I hereby certify that the above and foregoing pleading has been served on Defendants'

Liaison Counsel, Kerry Miller, by e-mail and upon all parties by electronically uploading the same

to LexisNexis File & Serve in accordance with Pre-Trial Order No. 6, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2047 on this 5th day of November, 2012.

/s/ Leonard A. Davis
Leonard A. Davis, Esquire
Herman, Herman & Katz, L.L.C.
820 O'Keefe Avenue
New Orleans, Louisiana 70113
Phone: (504) 581-4892
Fax: (504) 561-6024
Ldavis@hhklawfirm.com
Plaintiffs' Liaison Counsel
MDL 2047

*Co-counsel for Plaintiffs*

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

IN RE: CHINESE-MANUFACTURED
DRYWALL PRODUCTS LIABILITY
LITIGATION                                    MDL NO. 2047
                                              SECTION: L

                                              JUDGE FALLON
                                              MAG. JUDGE WILKINSON

THIS DOCUMENT RELATES TO:
*CASES SET FOR TRIAL INVOLVING INTERIOR/*
*EXTERIOR AND NORTH RIVER*
* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

## PROPOSED JURY CHARGE NO. 1

As you know, the parties have agreed, or stipulated, to the following:

### [Read Joint Stipulation of Parties]

This means that both sides agree that these are estabilshed fated in the case.  You therefore must

treat each of these facts as having been proven.


*See* Fifth Circuit Pattern Jury Instructions (2004), ¶2.3.

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

IN RE: CHINESE-MANUFACTURED
DRYWALL PRODUCTS LIABILITY
LITIGATION

THIS DOCUMENT RELATES TO:
*CASES SET FOR TRIAL INVOLVING INTERIOR/*
*EXTERIOR AND NORTH RIVER*

MDL NO. 2047
SECTION: L

JUDGE FALLON
MAG. JUDGE WILKINSON

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

## PROPOSED JURY CHARGE NO. 2

At times during the trial, it may have been necessary for me to talk with the attorneys here at the bench, out of your hearing.  This happens because, during a trial, some things often come up which do not involve you as jurors.  You are not to hold it against any party, or draw any negative inferences, based upon either side requesting these bench conferences during the trial.

*See* Fifth Circuit Pattern Jury Instructions (2004), ¶2.7.

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

IN RE: CHINESE-MANUFACTURED
DRYWALL PRODUCTS LIABILITY
LITIGATION

MDL NO. 2047
SECTION: L

JUDGE FALLON
MAG. JUDGE WILKINSON

THIS DOCUMENT RELATES TO:
*CASES SET FOR TRIAL INVOLVING INTERIOR/*
*EXTERIOR AND NORTH RIVER*
* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

## PROPOSED JURY CHARGE NO. 3

In determining the weight to be given to the testimony of a witness, you should ask

yourself whether there was evidence during the trial which tended to prove that the witness

testified falsely or inconsistently under oath.

*See* Fifth Circuit Pattern Jury Instructions (2004), from ¶3.1.

# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

IN RE: CHINESE-MANUFACTURED
DRYWALL PRODUCTS LIABILITY
LITIGATION

MDL NO. 2047
SECTION: L

JUDGE FALLON
MAG. JUDGE WILKINSON

THIS DOCUMENT RELATES TO:
*CASES SET FOR TRIAL INVOLVING INTERIOR/
EXTERIOR AND NORTH RIVER*

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

## PROPOSED JURY CHARGE NO. 4

Certain testimony has been presented in this trial through the deposition of a witness.  A deposition is the sworn and recorded answers to questions asked of a witness in advance of trial.  Under certain circumstances, if the witness cannot be present to testify from the witness stand, that witness' testimony may be presented in the form of a deposition.  Prior to this trial, attorneys representing the parties in this case questioned certain witnesses under oath; and a court reporter was present to record the testimony.  This deposition testimony is entitled to the same consideration, and is to be judged by you as to credibility in the same way, as if the witness had been present and had testified in person from the witness stand.

*See* Fifth Circuit Pattern Jury Instructions (2004), ¶2.23.

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

IN RE: CHINESE-MANUFACTURED
DRYWALL PRODUCTS LIABILITY
LITIGATION

MDL NO. 2047
SECTION: L

JUDGE FALLON
MAG. JUDGE WILKINSON

THIS DOCUMENT RELATES TO:
*CASES SET FOR TRIAL INVOLVING INTERIOR/*
*EXTERIOR AND NORTH RIVER*
* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

## PROPOSED JURY CHARGE NO. 5

When knowledge of a technical subject may be helpful to the jury, a person who has

special training or experience in that field is called an expert witness and allowed to state his or

her opinion on these technical matters. However, you are not obliged to accept the opinion of any

expert.  As with any other witness, it is up to you to assess the credibility of the expert and decide

whether, or to what extent, to rely on that expert's opinion or opinions.

*See* Fifth Circuit Pattern Jury Instructions (2004), ¶2.19.

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

IN RE: CHINESE-MANUFACTURED
DRYWALL PRODUCTS LIABILITY
LITIGATION

MDL NO. 2047
SECTION: L

JUDGE FALLON
MAG. JUDGE WILKINSON

THIS DOCUMENT RELATES TO:
*CASES SET FOR TRIAL INVOLVING INTERIOR/
EXTERIOR AND NORTH RIVER*

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

## PROPOSED JURY CHARGE NO. 6

In deciding whether to accept or rely upon the opinion of an expert witness, you may

consider any bias of the witness, including bias you may infer from evidence that the expert

witness has been, or will be, paid for reviewing the case and testifying, or from evidence that the

individual testifies regularly as an expert witness, has earned substantial income from such

testimony, or testifies regularly on behalf of the same interests in prior cases.


*See* Fifth Circuit Pattern Jury Instructions (2004), from ¶3.1.

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

IN RE: CHINESE-MANUFACTURED
DRYWALL PRODUCTS LIABILITY
LITIGATION

MDL NO. 2047
SECTION: L

JUDGE FALLON
MAG. JUDGE WILKINSON

THIS DOCUMENT RELATES TO:
*CASES SET FOR TRIAL INVOLVING INTERIOR/*
*EXTERIOR AND NORTH RIVER*
* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

## PROPOSED JURY CHARGE NO. 7

The plaintiffs in this case have the burden of proof, which means that they must establish their case by a preponderance of the evidence.  A preponderance of the evidence is that amount of evidence which persuades you that a claim is more likely so than not so.  In determining whether a matter has been proved by a preponderance of the evidence, you may consider the testimony of all witnesses, regardless of who called them, and all experts received into evidence, regardless of who produced them.

*See* Fifth Circuit Pattern Jury Instructions (2004), from ¶3.1.

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

IN RE: CHINESE-MANUFACTURED
DRYWALL PRODUCTS LIABILITY
LITIGATION                                  MDL NO. 2047
                                            SECTION: L

                                            JUDGE FALLON
                                            MAG. JUDGE WILKINSON

THIS DOCUMENT RELATES TO:
*CASES SET FOR TRIAL INVOLVING INTERIOR/*
*EXTERIOR AND NORTH RIVER*
* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

## PROPOSED JURY CHARGE NO. 8

While you should consider only the evidence produced in this case, you also are permitted

to draw such reasonable inferences from the testimony and exhibits which you feel are justified

in light of common experience.  In other words, you may make deductions and reach conclusions

that reason and common sense lead you to draw from the facts that have been presented by

testimony and evidence in this case.


*See* Fifth Circuit Pattern Jury Instructions (2004), from ¶3.1.

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

IN RE: CHINESE-MANUFACTURED
DRYWALL PRODUCTS LIABILITY
LITIGATION

MDL NO. 2047
SECTION: L

JUDGE FALLON
MAG. JUDGE WILKINSON

THIS DOCUMENT RELATES TO:
*CASES SET FOR TRIAL INVOLVING INTERIOR/*
*EXTERIOR AND NORTH RIVER*
* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

## PROPOSED JURY CHARGE NO. 9

The defendant Interior Exterior, or INEX, is a corporation, and under the law a corporation acts through its officers and employees.  I therefore instruct you that INEX is legally responsible for the decisions, acts, or omissions of any officer or employee of the corporation which occurred in the course and scope of employment.

*See* Art. 2320, La. Civ. Code.

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

IN RE: CHINESE-MANUFACTURED
DRYWALL PRODUCTS LIABILITY
LITIGATION

MDL NO. 2047
SECTION: L

JUDGE FALLON
MAG. JUDGE WILKINSON

THIS DOCUMENT RELATES TO:
*CASES SET FOR TRIAL INVOLVING INTERIOR/*
*EXTERIOR AND NORTH RIVER*
* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

## PROPOSED JURY CHARGE NO. 10

This case is governed by the Louisiana law of redhibition, which deals with the fault of a seller when the thing or product sold is found to be defective.

The purpose of this law is to protect buyers from undisclosed defects in things sold to them. In such instances, the law seeks to restore a buyer as much as possible to the position the buyer was in before the sale, by obliging a seller to be responsible for damages due to undisclosed defects in the thing sold, if the seller knew or should have known of the defects.

*See Aucoin v. Southern Quality Homes, LLC*, 984 So.2d 685, 691-92, and cases cited therein.

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

IN RE: CHINESE-MANUFACTURED
DRYWALL PRODUCTS LIABILITY
LITIGATION

MDL NO. 2047
SECTION: L

JUDGE FALLON
MAG. JUDGE WILKINSON

THIS DOCUMENT RELATES TO:
*CASES SET FOR TRIAL INVOLVING INTERIOR/
EXTERIOR AND NORTH RIVER*

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

## PROPOSED JURY CHARGE NO. 11

Under the law of redhibition, a seller warrants against defects in a product it sells.  More specifically, the seller warrants against any defect that renders the product useless, or which diminishes the usefulness or value of the product or makes its use so inconvenient that it must be presumed that the buyer would not have bought the product had he or she known of the defect.[1] The seller's warranty against defects covers only defects that existed in the product at the time of sale.[2]

---

[1] *See* Art. 2520, La. Civ. Code; *see also See Nelkin v. Piotrowski*, 448 So.2d 173, 176 (La. 1st Cir. 1984); *Chevron USA, Inc. v. Aker Maritime, Inc.*, 604 F.3d 888, 899 (5th Cir. 2010).

[2] *See* Art. 2530, La. Civ. Code.

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

IN RE: CHINESE-MANUFACTURED
DRYWALL PRODUCTS LIABILITY
LITIGATION

THIS DOCUMENT RELATES TO:
*CASES SET FOR TRIAL INVOLVING INTERIOR/*
*EXTERIOR AND NORTH RIVER*

MDL NO. 2047
SECTION: L

JUDGE FALLON
MAG. JUDGE WILKINSON

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

## PROPOSED JURY CHARGE NO. 12

Proof that a thing was defective at the time it was sold may be made by either direct evidence or by circumstantial evidence which gives rise to the reasonable inference that the defectiveness existed at the time of sale.

*See Arnold v. Ray Ford, Inc.*, 606 So.2d 549, 552 (La. App. 2nd Cir. 1992).

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

IN RE: CHINESE-MANUFACTURED
DRYWALL PRODUCTS LIABILITY
LITIGATION

MDL NO. 2047
SECTION: L

JUDGE FALLON
MAG. JUDGE WILKINSON

THIS DOCUMENT RELATES TO:
*CASES SET FOR TRIAL INVOLVING INTERIOR/*
*EXTERIOR AND NORTH RIVER*
* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

## PROPOSED JURY CHARGE NO. 13

The buyer of a thing need not show the particular cause of the defects alleged to exist in

the thing that is sold, but must simply prove the actual existence of such defects. Moreover,

multiple defects can collectively form the basis of an action in redhibition, even though certain

defects, taken alone, may be considered minor in nature.

*See Young v. Ford Motor Company*, 595 So.2d 1123, 1126 (La. S.Ct. 1992), and cases cited
therein; *see also Arnold v. Ray Ford, Inc.*, 606 So.2d 549 (La. App. 2nd Cir. 1992).

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

IN RE: CHINESE-MANUFACTURED
DRYWALL PRODUCTS LIABILITY
LITIGATION

MDL NO. 2047
SECTION: L

JUDGE FALLON
MAG. JUDGE WILKINSON

THIS DOCUMENT RELATES TO:
*CASES SET FOR TRIAL INVOLVING INTERIOR/*
*EXTERIOR AND NORTH RIVER*
* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

## PROPOSED JURY CHARGE NO. 14

It is not required in a redhibition case that the plaintiff be the actual purchaser of the

defective thing from the defendant, as long as the defendant sold the defective thing which in

turn was sold to the plaintiff.  In other words, there need not have been a sales contract executed

between INEX and these plaintiffs.  It is sufficient for plaintiffs to show that they bought

defective Chinese drywall which previously had been sold by INEX.


*See Hunt v. Ragusa*, 865 So.2d 168, 171 (2003); *see also McGough v. Oakland Mobile Homes,*
*Inc.*, 779 So.2d 793, 802-03 (La. Ap. 2nd Cir. 2000); *Datamatic, Inc. v. International Business*
*Machines Corp.*, 795 F.2d 458 (5th Cir. 1986); *Media Production Consultants, Inc. v. Mercedes-*
*Benz of North America*, 262 So.2d 377 (La. S.Ct. 1972).

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

IN RE: CHINESE-MANUFACTURED
DRYWALL PRODUCTS LIABILITY
LITIGATION

MDL NO. 2047
SECTION: L

JUDGE FALLON
MAG. JUDGE WILKINSON

THIS DOCUMENT RELATES TO:
*CASES SET FOR TRIAL INVOLVING INTERIOR/
EXTERIOR AND NORTH RIVER*
* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

## PROPOSED JURY CHARGE NO. 15

In this case, the plaintiffs claim that the defendant INEX was a "seller with knowledge" of defective Chinese drywall.  A seller with knowledge is considered under the law to be a "bad faith" seller.  In order to establish the liability of INEX on the basis, the plaintiffs must show that INEX either actually knew, or should have known, of the defective nature of the Chinese drywall at the time it was sold for delivery to the plaintiffs.[1]

---

[1]*See* Article 2545, La. Civ. Code; *Spillers v. Montgomery Ward & Co.*, 294 So.2d 803, 807 (La. S.Ct. 1974); *Linoski v. Fleetwood Home of* Texas, #12, 873 So.2d 886, 888 (La. 2nd Cir. 2004); *Dailey v. The Home Furnishings Store*, 857 So.2d 1051, 1058 (La. 4th Cir. 2003); *Parks v. Baby Fair Imports, Inc.*, 726 So.2d 62, 64 (La. 5th Cir. 1998); *Feruzzi, U.S.A. Inc. v. R.J. Tricon. Co.*, 645 So.2d 685, 688 (La. 4th Cir. 1994);  *Delanzo v. ABC Corp.*, 572 So.2d 648, 650–51 (La. 5th Cir. 1990); *Martin v. Henderson*, 505 So.2d 192, 195 (La. 3rd Cir. 1987); *Coleman Oldsmobile, Inc. v. Newman & Associates*, Inc., 477 So.2d 1155, 1158 (La. 1985) *writ den'd*, 481 So.2d 1334 (La. 1986); *Nelkin v. Piotrowski*, 448 So.2d 173, 176 (La. 5th Cir. 1984); *Harris v. Atlanta Stove Works, Inc.*, 428 So.2d 1040 (La. 3rd Cir. 1979); *Reeves v. Great Atlantic & Pac. Tea Co.*, Inc., 370 So.2d 202, 209 (La. 3rd Cir. 1979); *Hudgens v. Interstate Battery Systems of America*, Inc., 393 So.2d 940 (La. App. 3rd Cir. 1981); *Cernigliaro v. Marquis Marine, Inc.*, 381 So.2d 886, 888 (La. 2nd Cir. 1980); *Wade v. McInnis-Peterson Chevrolet, Inc.*, 307 So.2d 798, 803 (La. 1st Cir. 1975); *Maurice v. Eli Lilly & Co.*, 2005 WL 3542902 at *4 (E.D.La 2005); *Jackson v. Pneumatic Production Corp.*, 2001 WL 1327656 (E.D.La. 2001); *Williams v. Toyota of Jefferson, Inc.*, 655 F.Supp. 1081, 1086 (E.D.La. 1987).

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

IN RE: CHINESE-MANUFACTURED
DRYWALL PRODUCTS LIABILITY
LITIGATION

MDL NO. 2047
SECTION: L

JUDGE FALLON
MAG. JUDGE WILKINSON

THIS DOCUMENT RELATES TO:
*CASES SET FOR TRIAL INVOLVING INTERIOR/
EXTERIOR AND NORTH RIVER*

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

## PROPOSED JURY CHARGE NO. 16

Under the Louisiana law of redhibition, if a seller knew or should have known of the

defective nature of the product and that defective nature was not disclosed to the buyer, then the

seller is considered to be in "bad faith."

*See Datamatic, Inc. v. International Business Machines Corp.*, 795 F.2d 458, 461 (5th Cir. 1986),
and cases cited therein.

# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

IN RE: CHINESE-MANUFACTURED
DRYWALL PRODUCTS LIABILITY
LITIGATION

MDL NO. 2047
SECTION: L

JUDGE FALLON
MAG. JUDGE WILKINSON

THIS DOCUMENT RELATES TO:
*CASES SET FOR TRIAL INVOLVING INTERIOR/
EXTERIOR AND NORTH RIVER*

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

## PROPOSED JURY CHARGE NO. 17

To show by a preponderance of the evidence that the seller INEX was a "bad faith seller"

under the Louisiana law of redhibition, plaintiffs are not required to show that INEX actually

knew of the defective nature in the Chinese drywall it sold.  Instead, it is sufficient for plaintiffs

to show that INEX had constructive knowledge of the defects at the time of sale, that is, that

INEX knew or should have known of the defects.


*See Lacey v. Baywood Truck & Machinery,* 381 So.2d 863, 866 (La. App. 1ˢᵗ Cir. 1980), *aff'd sub
nom. Capital Bank and Trust Co. v. Lacey,* 393 So.2d 668 (La. S.Ct. 1981).

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

IN RE: CHINESE-MANUFACTURED
DRYWALL PRODUCTS LIABILITY
LITIGATION

MDL NO. 2047
SECTION: L

JUDGE FALLON
MAG. JUDGE WILKINSON

THIS DOCUMENT RELATES TO:
*CASES SET FOR TRIAL INVOLVING INTERIOR/*
*EXTERIOR AND NORTH RIVER*
* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

## PROPOSED JURY CHARGE NO. 18

In determining whether INEX was a bad faith seller, i.e., a seller which either knew or should have known of the defectiveness of the Chinese drywall it sold, it is relevant for you to consider whether a reasonable seller in a similar position should have known of the defectiveness of this drywall.

*See Meche v. Harvey, Inc.*, 664 So.2d 855, 859 (La. 3rd Cir. 1995).

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

IN RE: CHINESE-MANUFACTURED
DRYWALL PRODUCTS LIABILITY
LITIGATION

MDL NO. 2047
SECTION: L

JUDGE FALLON
MAG. JUDGE WILKINSON

THIS DOCUMENT RELATES TO:
*CASES SET FOR TRIAL INVOLVING INTERIOR/
EXTERIOR AND NORTH RIVER*
* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

## PROPOSED JURY CHARGE NO. 19

I instruct you that it is the law of Louisiana that "[a] seller may not simply turn a blind eye to defects for the purpose of avoiding liability..."  Instead, the seller may be liable if it is shown that the seller "should have been aware" of the defective nature of the thing sold, at the time of sale.

*See Meche v. Harvey, Inc.*, 664 So.2d 855, 859 (La. App. 3rd Cir. 1995).

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

IN RE: CHINESE-MANUFACTURED
DRYWALL PRODUCTS LIABILITY
LITIGATION

MDL NO. 2047
SECTION: L

JUDGE FALLON
MAG. JUDGE WILKINSON

THIS DOCUMENT RELATES TO:
*CASES SET FOR TRIAL INVOLVING INTERIOR/*
*EXTERIOR AND NORTH RIVER*

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

## PROPOSED JURY CHARGE NO. 20

Whether the seller of a thing is obliged to inspect for and discover defects in the thing it is

selling, is a question to be decided under the facts of each case.  In some cases, it may not be

reasonable to expect such an inspection to uncover every defect no matter how subtle the defect

is; but, on the other hand, where it is reasonable for the consumer to expect that an inspection for

defects has been made by the seller, then the burden is on the seller to show either that a

reasonable inspection was made and no defects discovered, or that no inspection was made but

the defect was of a nature that, more likely than not, it would not have been discovered by such

an inspection.

*See Boos v. Benson Jeep-Eagle Co., Inc.*, 717 So.2d 661, 666 (La. 4th Cir. 1998), *writ den'd sub
nom.  Boos v. Benson Jeep Eagle Co., Inc.*, 728 So.2d 387 (La. S.Ct. 1998).

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

IN RE: CHINESE-MANUFACTURED
DRYWALL PRODUCTS LIABILITY
LITIGATION

MDL NO. 2047
SECTION: L

JUDGE FALLON
MAG. JUDGE WILKINSON

THIS DOCUMENT RELATES TO:
*CASES SET FOR TRIAL INVOLVING INTERIOR/*
*EXTERIOR AND NORTH RIVER*

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

## PROPOSED JURY CHARGE NO. 21

In proving that INEX was a "bad faith" seller because it knew or should have known of the defective nature of the Chinese drywall it sold, the plaintiffs need not establish that there was any wilful misrepresentation on the part of INEX.


*Cernigliaro v. Marquis Marine, Inc.*, 381 So.2d 886, 888 (La. 2nd Cir. 1980).