UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: CHINESE-MANUFACTURED DRYWALL PRODUCTS LIABILITY LITIGATION | MDL NO. 2047 <br><br> SECTION: L |
| THIS DOCUMENTS RELATES TO: ALL CASES AND | JUDGE FALLON <br><br> MAG. JUDGE WILKINSON |
| *Payton, et. al. v. Knauf Gips, KG, et. al.* <br> Case No. 2:09-cv-07628 (E.D. La.) | |
| *Wiltz, et. al. v. Beijing New Building Materials Public Limited Co., et. al.* <br> Case No. 1:09-cv-00361 (E.D. La.) | |
| *Gross, et. al. v. Knauf Gips, KG, et. al.* <br> Case No. 2:09-cv-06690 (E.D. La.) | |
| *Rogers, et. al. v. Knauf Gips, KG, et. al.* <br> Case No. 2:10-cv-00362 (E.D. La.) | |
| *Amato, et. al. v. Liberty Mutual Ins. Co., et. al.* <br> Case No. 2:10-cv-00932 | |
| *Hernandez, et. al. v. AAA Insurance, et. al.* <br> Case No. 2:10-cv-3070 (E.D. La.) | |
| *Abel, et. al. v. Taishan Gypsum Co. Ltd., f/k/a Shandong Taihe Dongxin Co., Ltd., et. al.* <br> Case No. 2:11-cv-00080 (E.D. La.) | |
| *Abreu, et. al. v. Gebrueder Knauf Verwaltungsgesellschaft, KG, et. al.* <br> Case No. 2:110cv000252 (E.D. La.) | |
| *Haya, et. al. v. Taishan Gypsum Co., Ltd., f/k/a Shandong Taihe Dongxin Co., Ltd., et. al.* <br> Case No. 2:11-cv-01077 (E.D. La.) | |
| *Vikers, et. al. v. Knauf Gips KG, et. al.* <br> Case No. 2:09-cv-04117 (E.D. La.) | |

**OBJECTOR SOTO'S MEMORANDUM IN OPPOSITION TO MOTION TO COMPEL PRODUCTION OF CLIENT'S NOTES OF CONFERENCE WITH ATTORNEYS**

Class Objector Saul Soto makes this Memorandum in Opposition to the Motion to Compel the Production of the Notes he made while in conference with counsel in preparation for his deposition.

1. This Court has ordered the production of the notes in question for in camera inspection. The notes have been presented to the Court contemporaneously with the filing of this response.

2. Soto's deposition shows the context in which the notes were made. While discussing his up-coming deposition with his counsel, he made notes on the process. He felt the notes had been useful to help him stay focused on how to proceed. Soto deposition, at 8-9. He never referred to the notes for any purpose in the course of his deposition.

3. The notes fall within the work-product doctrine of the attorney-client privilege. The document was prepared by a part in anticipation of his deposition in the pending litigation, and it not ordinarily discoverable. Fed. R. Civ. P. 26(b)(3). Class Counsel cannot show it has substantial need for the notes to prepare its case.

WHEREFORE, Saul Soto requests that the production of his notes of his conference with counsel be denied.

Dated: November 5, 2012

                        Respectfully submitted,

                By:     /s/ Christopher A. Bandas
                        Christopher A. Bandas
                        State Bar No. 00787637
                        Southern Bar No. 17509
                        BANDAS LAW FIRM, P.C.
                        500 North Shoreline Blvd., Suite 1020
                        Corpus Christi, Texas 78401-0353

T:  (361) 698-5200
F:  (361) 698-5222

R. Joshua Koch, Jr.
State Bar No. 2492
Koch & Schmidt, LLC
650 Poydras St., Suite 2415
New Orleans, LA 70130
T: (504) 208-9040
F: (504) 208-9041

Counsel for Objectors Saul Soto, SHS Construction, Ronnie Garcia, and Bay Area Contracting Construction, Inc.

CERTIFICATE OF SERVICE

I hereby certify that on the 5th day of November 2012 a true and correct copy of the above and foregoing was served on the following as indicated below as well as all counsel of record via the Court's CM/ECF system.

Arnold Levin
Levin, Fishein, Sedran & Berman
510 Walnut Street, Ste. 500
Philadelphia, PA 19106
Plaintiffs' Lead Counsel

Leonard A. Davis
Russ M. Herman
Herman, Herman & Katz, LLP
820 O'Keefe Avenue
New Orleans, LA 70013
Defendants' Counsel

               /s/ Christopher A. Bandas
              Christopher A. Bandas