IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE:  CHINESE-MANUFACTURED DRYWALL PRODUCTS LIABILITY LITIGATION | MDL NO. 09-2047 |
| | SECTION L |
| | JUDGE FALLON |
| THIS DOCUMENT RELATES TO ALL CASES | MAG. JUDGE WILKINSON |

RESPONSE OF THE NORTH RIVER INSURANCE COMPANY
TO THE PSC'S MOTION TO EXCLUDE OR LIMIT EVIDENCE
CONCERNING FAULT OF A MANUFACTURER

The PSC has filed a motion styled as "Motion *in Limine* to Exclude Defendants Expert Opinion or Other Evidence to the Effect that a Manufacturer was at Fault."  The scope of the motion is narrower than the title suggests and argues that it would be "both irrelevant and inappropriate for the jury in the November trial to decide whether or to what extent there is fault on the part of the manufacturer of the drywall installed in plaintiffs' homes." (Mem. in Support (Doc. 15990-1) at 2.)  Defendant The North River Insurance Company ("North River") agrees that the issue of a manufacturer's fault is outside of the scope of the November trial and that the jury will not be asked to apportion liability between Interior Exterior Building Supply Company ("INEX") and the manufacturers.  That does not mean, however, that some evidence concerning the role of the manufacturer is inappropriate for trial.

As the Court may recall, North River requested that Knauf, the manufacturer of more than 90% of the Chinese-manufactured drywall sold by INEX, be made a party to the trial.  The Court ruled that Knauf would not be a party to the November trial.  However, the Court did not decide that facts regarding how the drywall came into INEX's possession or the condition of the drywall at that time would not be relevant or admissible, nor could the Court have done so.  It is

1

essential to the defense of INEX that it be allowed to establish that the sulfur contained in the drywall was in the drywall when INEX received it and that INEX did not do anything to change the physical or chemical composition of the drywall while it was in INEX's possession.  This will be true regardless of whether the case is tried on an actual knowledge standard as set forth in the redhibition statutes or on the "knew or should have known" standard that the PSC has asserted should govern the trial.

If the PSC is correct that a "should have known standard" will govern the trial, then the scope of relevant evidence will be broader (and the trial will inevitably be longer and more complicated).  For example, if the Court follows the express language of the redhibition statutes and applies an actual knowledge standard, evidence of what anybody else actually knew about Chinese-manufactured drywall may well be wholly irrelevant.  If, however, the Court allows a "should have known" standard and allows evidence that Knauf and Banner knew of the presence of sulfur in Chinese-manufactured drywall, then INEX and North River must be allowed to put on evidence that Knauf and Banner signed a confidential agreement not to disclose that information to other sellers of the Knauf drywall, such as INEX.  Until the standard of knowledge applicable to a seller sued under a theory of redhibition is determined, it is premature to address the admissibility of some of the opinions of Mr. Tompkins that the PSC finds objectionable.

There is some common ground on the issue.  The PSC agrees that "INEX is entitled to defend itself . . . on the ground that it received no information from the manufacturers to suggest that the drywall is defective." (Mem. at 2.)  North River also agrees with the PSC that the issue of the liability *vel non* of either Knauf or Taishan is not at issue in the November trial, nor is the proportionate responsibility of the manufacturers and INEX.  Depending on the standard of

knowledge determined by the Court, it may well be appropriate to exclude or temper some of the conclusion reached by Dr. Tompkins.

North River also agrees strongly with the unstated premise of the PSC's Motion: that it is important for the Court to limit the evidence at trial to that which is relevant to the limited issue to be submitted to the jury at the conclusion of the November trial.  The witness list submitted by the PSC and the large number of documents dumped by the PSC on INEX and North River on October 26, 2012 suggest that the PSC does not expect to be bound by the limits it wants to impose on its adversaries.  North River absolutely believes that the November trial will be more efficient, more informative, and less subject to a need for a second trial if the evidence at the first trial is limited to the issue of whether INEX knew of the defect in the Chinese-manufactured drywall it sold.

Respectfully submitted,

THOMPSON COE COUSINS & IRONS LLP

_____/s Eric B. Berger_____
BRIAN S. MARTIN, ESQ.
KEVIN RISLEY, ESQ.
RODRIGO "DIEGO" GARCIA, JR., ESQ.
One Riverway, Suite 1600
Houston, Texas 77056
Phone: (713) 403-8206
Fax:  (713) 403-8299
bmartin@thompsoncoe.com

LOBMAN CARNAHAN BATT ANGELLE & NADER

SIDNEY J. ANGELLE, ESQ.
La. Bar No. 1002
ERIC B. BERGER, ESQ.
La. Bar No. 26196
400 Poydras Street, Suite 2300
New Orleans, Louisiana 70130
Phone: (504) 586-9292
Fax:    (504) 586-1290
sja@lcba-law.com
ebb@lcba-law.com

ATTORNEYS FOR THE NORTH RIVER INSURANCE COMPANY

**CERTIFICATE OF SERVICE**

     I hereby certify that the above and foregoing pleading has been served on Plaintiffs' Liaison Counsel, Russ Hermann, by e-mail and upon all parties by electronically uploading the same to LexisNexis File & Serve in accordance with Pre-Trial Order No. 6, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2047 on November 6, 2012.

       **/s Eric B. Berger**
       ERIC B. BERGER