# EXHIBIT  28

# STONE PIGMAN WALTHER WITTMANN L.L.C.

### COUNSELLORS AT LAW

JACKIE M. McCREARY
DIRECT DIAL: (504) 593-0964
DIRECT FAX:  (504) 596-0964
E-mail: jmccreary@stonepigman.com

546 CARONDELET STREET
NEW ORLEANS, LOUISIANA  70130-3588
(504) 581-3200
FAX (504) 581-3361
www.stonepigman.com

OUR FILE NUMBER

63,378

May 17, 2010

### *VIA HAND-DELIVERY & EMAIL*

Russ M. Herman, Esq.
Leonard Davis, Esq.
Plaintiffs' Liaison Counsel
Herman, Herman, Katz & Cotlar
820 O'Keefe Avenue
New Orleans, Louisiana  70113

Phillip A. Wittmann, Esq.
Dorothy H. Wimberly, Esq.
Homebuilders' Liaison Counsel
Stone Pigman Walther Wittmann L.L.C.
546 Carondelet St.
New Orleans, Louisiana  70130

Kerry Miller, Esq.
Kyle A. Spaulding, Esq.
Frilot, LLC
Defendants' Liaison Counsel
3600 Energy Centré
1100 Poydras Street
New Orleans, Louisiana  70163

Re:   In Re Chinese Drywall Production Liability Litigation;
*Payton, et al. v. Knauf Gips Kg, et al*, Civil Action No. 09-7628
and
*Wiltz, et al. v. Beijing New Building Materials Public Limited Co., et al.,*
Civil Action No. 10-361

Dear Counsel:

Enclosed please find a copy of The Home Depot U.S.A., Inc.'s Retailer Profile Form.

Sincerely,

Jackie M. McCreary

JMM/jms
Enclosures

cc:   Dwight J. Davis, Esq.
S. Stewart Haskins, Esq.
Zachary A. McEntyre, Esq.

1016899v.1

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: CHINESE MANUFACTURED DRYWALL | : MDL No. 2047 |
| PRODUCTS LIABILITY LITIGATION | : Section L |
| | : |

| | |
|---|---|
| This Document Relates to | : JUDGE FALLON |
| ALL CASES | : MAG. JUDGE WILKINSON |

### RETAILER PROFILE FORM

All Defendant Drywall Retailers must complete and submit this Defendant Retailers' Profile Form. Additionally, each Defendant Drywall Retailer must sign and date Exhibit A to the Defendant Retailers' Profile Form for each property owned, rented or occupied by persons who are named Plaintiffs in suits pending in the MDL. The term "Chinese Drywall or Wallboard" encompasses all wallboard of Chinese origin or manufacture without reference to whether the particular wall board has been found to be defective. If additional knowledge becomes known after completion, this Defendant Retailers' Profile Form must be supplemented. If additional space is needed to answer any questions or complete your responses, additional pages may be attached. The questions contained within this Profile Form are non-objectionable and shall be answered without objection. By answering this Profile Form, you are not waiving the attorney work product and/or attorney client privileges. Similarly, by disclosing the identity of consultants, such consultants may remain non-testifying experts and are subject to all protections afforded by law. Please print legibly or type your responses in English.

### I. IDENTIFICATION AND CONTACT INFORMATION

A. Retailer's Name: **The Home Depot U.S.A., Inc. ("Home Depot")**

B. Retailer's Address: **2455 Paces Ferry Road, SE, Atlanta, Georgia 30339**

C. Retailer's Website: **www.homedepot.com**

D. Headquarters if Foreign: **N/A**

E. Address of USA Headquarters: **See Item I.B.**

F. Name of supervisor at USA Headquarters: **David Dail**

G. Principal Place of Business in USA: **2455 Paces Ferry Road, SE, Atlanta, Georgia 30339**

H. Has Retailer operated under any other names from 2001 to 2009? If so, please list and explain for each different locale. **No.**

I. Did Retailer also install Chinese Drywall? If so, describe involvement as installer. **Home Depot did not install Chinese Drywall.**

1

## II.   COUNSEL INFORMATION OF DEFENDANT RETAILER

Dwight J. Davis
S. Stewart Haskins
Zachary A. McEntyre
King & Spalding LLP
1180 Peachtree Street, N.E.
Atlanta, Georgia  30309
(404) 572-4600
(404) 572-5100 (fax)
shaskins@kslaw.com
zmcentyre@kslaw.com

Carmelite M. Bertaut
Jackie M. McCreary
Stone Pigman Walther Wittmann LLC
546 Carondelet Street
New Orleans, Louisiana  70130
(504) 593-0898
(504) 596-0898 (fax)
cbertaut@stonepigman.com
jmccreary@stonepigman.com

## III.   RETAILER'S PURCHASE OF CHINESE DRYWALL

For each purchase of Chinese Drywall between 2001 and 2009, please describe all sources from which Retailer purchased Chinese drywall, including manufacturers, exporters, importers, distributors, sales agents, and/or sales brokers.  Attach additional sheets as necessary.

A.   Source:

Home Depot did not knowingly purchase any Chinese Drywall from any source, including any manufacturer, exporter, importer, distributor, sales agent, and/or sales broker.

Home Depot purchased a limited amount of drywall from distributors who have indicated that they imported and sold a small amount of Chinese Drywall.  (See, e.g., Distributor Profile Form filed by L&W.)  The drywall Home Depot purchased from those distributors was used in connection with Home Depot's "boom-and-scatter" operations.  In boom-and-scatter operations, a builder purchases drywall from Home Depot, which in turn purchases drywall from a third-party distributor.  The third-party distributor delivers the drywall directly to the builder.  Home Depot never has possession of the drywall.

Home Depot is not aware of any evidence showing that any of the drywall it purchased in connection with its boom-and-scatter operations was Chinese Drywall.  On the contrary, all drywall Home Depot purchased was represented to be from domestic sources.  Home Depot never sourced any Chinese Drywall from any Home Depot retail store.

1.   Name of Chinese Drywall Manufacturer, if known: N/A/

2.   Address of Chinese Drywall Manufacturer, if known:  N/A

3.   Name of Chinese Drywall Product, if known:  N/A

4.   Dates of purchase(s):  N/A

5.   Total Volume of received Chinese Drywall product:  N/A

6.   Identify any markings on the Chinese Drywall product (e.g., lot number, batch number, serial number, color markings, UPC codes, etc.):  N/A

7.    List all trade marks of the product, if known:  N/A

8.    The name and address of any importer, exporter, purchasing agent, or sales broker involved or

referenced in any way with respect to your purchases of Chinese Drywall:  See response to III.A.

9.    If known, prior to your receipt of or taking title to the Chinese Drywall, if any of your Chinese
      Drywall was stored at any time by or for you at any location, identify the following:

| | |
|---|---|
| Name of entity providing storage: | N/A |
| Address of entity providing storage: | N/A |
| Dates product was stored: | N/A |
| Quantity of product stored: | N/A |
| Price paid for storage: | N/A |
| Name of contact person at storage facility: | N/A |
| Phone number: | N/A |
| Email address: | N/A |

List any complaints made or received regarding storage of the product:  None.

## IV.    RETAILER'S ABILITY TO TRACK SALES AND SHIPMENTS OF CHINESE DRYWALL TO ITS CUSTOMERS

Please state whether you are able to track the sales and deliveries of Chinese Drywall to your customers.
Please provide a description of your sales and shipping tracking procedures, including a description of database
accessibility of this information and the name and address of the person or persons with knowledge of the same.

> As stated above, Home Depot did not knowingly sell any Chinese Drywall.  In any event, Home
> Depot's systems do not match a particular customer's purchase of drywall with the particular
> vendor who was the ultimate source of the drywall.

## V.    INSURANCE

Identify all CGL, Product Liability, Builder's Risk, D&O, excess insurance policies, as well as any other
policies that provide coverage commonly described or generally understood to provide coverage afforded by such
policies regardless of their name or title relating to the claims.[1]

1.    For each policy, identify the following:  See Exhibit A.

### CERTIFICATION

---

[1] Listing policies does not purport to represent coverage status.

3

I declare under penalty of perjury under the laws of the United States of America and pursuant to 28 U.S.C. § 1746 that all information provided in this Retailer Profile Form is true and correct to the best of my knowledge, and that I have supplied all of the documents requested in this declaration, to the extent that such documents are in my possession, custody or control.

May 17, 2010
Date

THE HOME DEPOT U.S.A., INC.
Entity

By: _____ (David W. Dail)

Its: Department Merchandising VP

4

# CGL Policies Including Product Liability and Excess/Umbrella Insurance - 2005 - 2009

| Company | Policy No. | 2005 | 2006 | Limit of Liability | Term |
|---|---|---|---|---|---|
| Steadfast Insurance Company (Zurich) | IPR 375-7608-00 | | | $9,000,000 Per Occurrence $25,000,000 Aggregate | 02/01/2003-03/01/2006 |
| Steadfast Insurance Company (Zurich) | IPR 375-7609-00 | | | 25,000,000 per Occurrence and excess of $25,000,000 | 2/1/03-3/01/06 |
| Great American Assurance (PRB) | UMB5550347 | | | $ 15,000,000 Per Occurrence $ 15,000,000 General Aggregate $ 15,000,000 Products/Completed Operations Agg. | 2/1/05-3/01/06 |
| ACE American Insurance Co. | XCP G22081962 | | | $ 25,000,000 Per Occurrence and excess of $50,000,000 | 2/1/05-3/01/06 |
| General Security Indemnity of Arizona (SCOR) | 25-L42000050-05 | | | $ 25,000,000 p/o Per Occurrence and excess of $75,000,000 | 2/1/05-3/01/06 |
| XL Insurance (Bermuda) Ltd | XLUMB-02157 | | | $ 100,000,000 Per Occurrence and excess of $100,000,000 | 2/1/05-3/01/06 |
| ARCH Insurance (Bermuda) | B4-URP-03259-00 | | | $40,000,000 p/o $65M Per Occurrence and excess of $200,000,000 | 2/1/05-3/01/06 |
| Chubb Atlantic Indemnity Ltd. (Bermuda) | (06) 3310-12-42 | | | $25,000,000 p/o $65M Per Occurrence and excess of $200,000,000 | 2/1/05-3/01/06 |
| ACE Bermuda Insurance Ltd. (Bermuda) | HD-932/5 | | | $ 100,000,000 Per Occurrence and excess of $265,000,000 | 2/1/05-3/01/06 |
| Star Excess Liability Insurance International Ltd. (Bermuda) | IOA-005 | | | $ 50,000,000 Per Occurrence and excess of $365,000,000 | 2/1/05-3/01/06 |
| Steadfast Insurance Company | IPR3757608-01 | | | $10,000,000 Per Occurrence $10,000,000 General Aggregate $10,000,000 Products/Completed Operations Aggregate | 3/1/06-3/1/09 |



tabbles®

EXHIBIT

A

| Company | Policy No. | Limit of Liability | Term |
|---|---|---|---|
| Steadfast Insurance Company | IPR 3757609-01 | $ 15,000,000 Per Occurrence / $ 15,000,000 General Aggregate / $ 15,000,000 Products/Completed Operations Aggregate | 3/1/06-3/01/09 |
| ACE American Insurance Company | XCPG2357178A | $25,000,000 Each Occurrence and Aggregate Excess of $50,000,000 | 3/01/06-3/01/07 |
| Great American Assurance (PRB) | UMB9251494 | $25,000,000 Per Occurrence and excess of $25,000,000 | 3/01/06-3/01/07 |
| General Security Indemnity of Arizona (SCOR) | 25-L4200050-06 | $ 25,000,000 Per Occurrence and excess of $75,000,000 | 3/01/06-3/01/07 |
| XL Insurance (Bermuda) Ltd | XLUMB-603101 | $ 100,000,000 Per Occurrence and excess of $100,000,000 | 3/01/06-3/01/07 |
| ARCH Insurance (Bermuda) | B4-URP-03259-00 | $40,000,000 p/o $65M Per Occurrence and excess of $200,000,000 | 3/01/06-3/01/07 |
| Chubb Atlantic Indemnity Ltd. (Bermuda) | (03) 3310-12-42 | $25,000,000 p/o $65M Per Occurrence and excess of $200,000,000 | 3/01/06-3/01/07 |
| ACE (Bermuda) | HD-932/5 | $100,000,000 Per Occurrence and excess of $200,000,000 | 3/01/06-3/01/07 |
| Star Excess Liability Insurance International Ltd. (Bermuda) | 4523785 | $100,000,000 Per Occurrence and excess of $265,000,000 | 3/01/06-3/01/07 |
|  |  | $100,000,000 Per Occurrence and excess of $365,000,000 | 3/01/06-3/01/07 |
| Steadfast Insurance Company | GLO 38784-50-00 | $4,000,000 Per Occurrence / $8,000,000 General Aggregate / $8,000,000 Products-Completed Operations Aggregate | 3/1/07 – 3/1/08 |

2007

**2008**

| Company | Policy No. | Limit of Liability | Term |
|---|---|---|---|
| Steadfast Insurance Company | IPR3757608-02 | $24,000,000 Per Occurrence<br>$24,000,000 General Aggregate<br>$24,000,000 Products/Completed Operations Aggregate | 3/1/07-3/1/08 |
| Steadfast Insurance Company | IPR 3757609-02 | $ 25,000,000 Per Occurrence<br>$ 25,000,000 General Aggregate<br>$ 25,000,000 Products/Completed Operations Aggregate | 3/1/07-3/1/08 |
| Great American Insurance Co. of NY (PRB) | UMB9256957 | $25,000,000 Per Occurrence and excess of $49,000,000 (xs $1M SIR incl. defense) | 3/1/07-3/01/08 |
| ACE American Insurance Company | XCPG237924SA | $25,000,000 Each Occurrence and Aggregate Excess of $75,000,000 | 3/01/07-3/01/08 |
| General Security Indemnity Company of AZ (SCOR) | 25-L42000050-07 | $ 25,000,000 Per Occurrence and excess of $100,000,000 | 3/01/07-3/01/08 |
| XL Insurance (Bermuda) Ltd | XLUMB-603101 | $ 75,000,000 Per Occurrence and excess of $125,000,000 | 3/01/07-3/01/08 |
| ARCH Insurance (Bermuda) | TBD | $ 40,000,000 p/o $65M Per Occurrence and excess of $200,000,000 | 3/01/06-3/01/07 |
| Chubb Atlantic Indemnity Ltd. (Bermuda) | 3310-12-42 | $25,000,000 p/o $65M Per Occurrence and excess of $200,000,000 | 3/01/07-3/01/08 |
| ACE (Bermuda) | HD-923/5 | $ 100,000,000 Per Occurrence and excess of $265,000,000 | 3/01/07-3/01/08 |
| Star Excess Liability Insurance International Ltd. (Bermuda) | 4523785 | $50,000,000 Per Occurrence and excess of $365,000,000 | 3/01/07-3/01/08 |

| Company | Policy No. | Limit of Liability | Term | |
|---|---|---|---|---|
| Seacoast Insurance Company | IPR3757609-02 | $25,000,000 per occ $25,000,000 prod | Self Insured Retention $1,000,000 Full policy period is 3/1/07 to 3/1/10 Layer 2 Umbrella | 3/1/08 - 3/1/09 |
| Great American Insurance Co of NY | UMB2194573 | $25,000,000 ea occ $25,000,000 gen agg $25,000,000 prod agg | xs $24M x $1M SIR, full policy period is 3/1/07 to 3/1/10 | 3/1/08 - 3/1/09 |
| ACE American Insurance Company | XCPG23868957 | $25,000,000 occ $25,000,000 agg | xs $50M | 3/1/08 - 3/1/09 |
| Great American Insurance Co of NY | EXC2194574 | $25,000,000 ea occ $25,000,000 ann agg | xs $75M | 3/1/08 - 3/1/09 |
| XL Insurance (Bermuda) Ltd | XLRE-603101 | $75,000,000 per occ | xs $100M | 3/1/08 - 3/1/09 |
| ARCH Insurance (Bermuda) Ltd. | URP0020190-00 | $40M p/o $65M per occ | xs $125M, Occurrence Reported | 3/1/08 - 3/1/09 |
| Chubb Atlantic Indemnity Ltd. (Bermuda) | 3310-12-42 | $25M p/o $65M per occ | xs $200M, Occurrence Reported | 3/1/08 - 3/1/09 |
| ACE Bermuda Insurance Ltd | HD-923/5 | $100M per occ | xs $265M, Occurrence Reported | 3/1/08 - 3/1/09 |
| AIG Excess Liability Ins International Limited (Bermuda) | 4523785 | $50M per occ | xs $365M, Occurrence Reported | 3/1/08 - 3/1/09 |

### 2009

| Company | Policy No. | Limit of Liability | Term | |
|---|---|---|---|---|
| Seacoast Insurance Company | IPR3757608-02 | $24,000,000 ea occ $24,000,000 prod agg $24,000,000 pers inj $1,000,000 fire dmg | Self Insured Retention $1,000,000 Full policy period is 3/1/07 to 3/1/10 Layer 2 Umbrella $24,000,000 limit includes Layer 1 and Layer 2 Umbrella | 03/01/09 - 03/01/10 |
| Seacoast Insurance Company | IPR3757609-02 | $24,000,000 prod loss $24,000,000 prod agg $24,000,000 pers inj $1,000,000 fire dmg | $24,000,000 limit includes Layer 1 and Layer 2 Umbrella | 03/01/09 - 03/01/10 |
| Great American Insurance Co of NY | UMB8242037 | $25,000,000 ea occ $25,000,000 gen agg $25,000,000 prod | xs $24M x $1M SIR, full policy period is 3/1/07 to 3/1/10 | 03/01/09 - 03/01/10 |
| ACE American Insurance Company | XCPG24873523 | $25,000,000 occ $25,000,000 agg | xs $50M | 03/01/09 - 03/01/10 |
| Great American Insurance Co of NY | EXC8242038 | $25,000,000 ea occ $25,000,000 ann agg | xs $75M | 03/01/09 - 03/01/10 |
| XL Insurance (Bermuda) Ltd | XLRE-603101 | $75,000,000 per occ | xs $100M | 03/01/09 - 03/01/10 |
| | | | xs $125M, Occurrence Reported | 03/01/09 - 03/01/10 |

| Company | Policy No. | Limit of Liability | Term | |
|---|---|---|---|---|
| ARCH Insurance (Bermuda) Ltd. | URP0020190-00 | $40M p/o $65M per occ | xs $200M, Occurrence Reported | 03/01/09 - 03/01/10 |
| Chubb Atlantic Indemnity Ltd. (Bermuda) | 3310-12-42 | $25M p/o $65M per occ | xs $200M, Occurrence Reported | 03/01/09 - 03/01/10 |
| ACE Bermuda Insurance Ltd | HD-923/5 | $100M per occ | xs $265M, Occurrence Reported | 03/01/09 - 03/01/10 |
| AIG Excess Liability Ins International Limited (Bermuda) | 4523785 | $50M per occ | xs $365M, Occurrence Reported | 03/01/09 - 03/01/10 |