# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: CHINESE-MANUFACTURED DRYWALL PRODUCTS LIABILITY LITIGATION | MDL NO. 2047<br>SECTION: L |
| THIS DOCUMENT RELATES TO: ALL CASES AND<br><br>*Payton, et al. v. Knauf Gips, KG, et al.*<br>Case No. 2:09-cv-07628 (E.D. La.)<br><br>*Gross, et al. v. Knauf Gips, KG, et al.*<br>Case No. 2:09-cv-06690 (E.D. La.)<br><br>*Rogers, et al. v. Knauf Gips, KG, et al.*<br>Case No. 2:10-cv-00362 (E.D. La.)<br><br>*Abreu, et al. v. Gebrueder Knauf Verwaltungsgesellschaft, KG, et al.*<br>Case No. 2:11-cv-00252 (E.D. La.)<br><br>*Block, et al. v. Gebrueder Knauf Verwaltungsgesellschaft, KG, et al.*<br>Case No. 11-cv-1363 (E.D. La.)<br><br>*Arndt, et al. v. Gebrueder Knauf Verwaltungsgesellschaft, KG, et al.*<br>Case No. 11-cv-2349 (E.D. La.)<br><br>*Cassidy, et al. v. Gebrueder Knauf Verwaltungsgesellschaft, KG, et al.*<br>Case No. 11-cv-3023 (E.D. La.)<br><br>*Vickers, et al. v. Knauf Gips KG, et al.*<br>Case No. 2:09-cv-04117 (E.D. La.) | JUDGE FALLON<br>MAG. JUDGE WILKINSON |

**THE WCI CHINESE DRYWALL PROPERTY DAMAGE AND PERSONAL INJURY SETTLEMENT TRUST'S NOTICE OF REQUEST TO APPEAR AND BE HEARD AT THE NOVEMBER 13-14 FAIRNESS HEARING**

The WCI Chinese Drywall Property Damage and Personal Injury Settlement Trust (the "<u>WCI Trust</u>") files this *limited* request to appear and be heard at the November 13-14, 2012, fairness hearing (the "Joint Fairness Hearing").  In support of this limited request, the WCI Trust respectfully states as follows:

1.  On May 18, 2012, the Plaintiffs' Steering Committee ("PSC") filed the "Global Settlement"[1], along with a motion seeking preliminary approval of the Global Settlement.  On May 23, 2012, the WCI Trust filed its objection to preliminary approval of the Global Settlement.  On May 31, 2012, the Court granted preliminary approval to the Global Settlement, after noting that many of the objections raised by the WCI Trust were issues to be resolved at the final fairness hearing.  The Court also directed the WCI Trust, the PSC, and the other settling parties to work consensually toward an agreed resolution of the WCI Trust's issues.

2.  Following the Court's directive, the WCI Trust has worked diligently to resolve its objections to the Global Settlement, the Knauf Settlement, the Banner Settlement, the L&W Settlement, and the InEx Settlement (collectively, the "MDL Class Settlements").  Through those efforts, the WCI Trust has now reached agreements with the appropriate settling parties for each of the five pending MDL Class Settlements.

3.  The WCI Trust's objections to the Global Settlement have been resolved through certain amendments that have been filed of record.  *See* Docket No. 15695.  The WCI Trust's objections to the Knauf Settlement have likewise been resolved with certain clarifications to the Knauf Settlement made by Knauf's counsel.  For the other MDL Class Settlements, the WCI Trust's objections have been resolved by each settling party

---

[1] Capitalized terms not otherwise defined herein shall have the meaning ascribed to such terms in the Court's Scheduling Order Regarding November 13-14 Fairness Hearing (the "Scheduling Order") [Docket No. 15951].

2

agreeing to include certain language in the proposed orders to be tendered to the Court at the conclusion of the Joint Fairness Hearing.

4. In light of the various agreements negotiated by the WCI Trust, the WCI Trust did not file an objection to final approval of any of the MDL Class Settlements. Further, the WCI Trust does not anticipate needing to address the Court at the November 13-14 Joint Fairness Hearing. However, in the event that the Court has questions regarding the agreements resolving the WCI Trust's objections to the five MDL Class Settlements, or in the unlikely event that any of the settling parties breaches its agreement with the WCI Trust and fails to include the agreed-upon language in the proposed orders, the WCI Trust reserves the right to be heard at the Joint Fairness Hearing.

5. As demonstrated above, the WCI Trust has demonstrated good cause to appear and be heard at the Joint Fairness Hearing (if necessary), as required by this Court's Scheduling Order. *See* Docket No. 15951, at ¶ 3. Moreover, this provisional request to appear and be heard is timely, given that the WCI Trust did not file an objection to the MDL Class Settlements. *See* Docket No. 15951, at ¶ 4 (stating that the November 2, 2012, deadline *only* applies to "[a]ny person who filed an objection").

Respectfully submitted this 7th day of November 2012,

        **STUTZMAN, BROMBERG, ESSERMAN & PLIFKA,**

        **A PROFESSIONAL CORPORATION**

        By: */s/ Sander L. Esserman*
           Sander L. Esserman
           State Bar No. 06671500
           Jacob L. Newton
           State Bar No. 24046523

        2323 Bryan Street, Suite 2200
        Dallas, Texas  75201-2689
        Telephone:  (214) 969-4900
        Facsimile:  (214) 969-4999

        **ATTORNEYS FOR THE WCI CHINESE DRYWALL PROPERTY DAMAGE AND PERSONAL INJURY SETTLEMENT TRUST**

5

**CERTIFICATE OF SERVICE**

I hereby certify that the above and foregoing THE WCI CHINESE DRYWALL PROPERTY DAMAGE AND PERSONAL INJURY SETTLEMENT TRUST'S NOTICE OF REQUEST TO APPEAR AND BE HEARD AT THE NOVEMBER 13-14 FAIRNESS HEARING has been served on Plaintiffs' Liason Counsel, Russ Herman and Defendants' Liason Counsel, Kerry Miller, by U.S. Mail and e-mail, and upon all parties by electronically uploading the same to LexisNexis File & Serve in accordance with Pretrial Order No. 6, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF system, which will send a notice of electronic filing in accordance with the procedures established in MDL 2047, on this 7th day of November 2012..

        */s/  Heather J. Panko*
        Heather J. Panko