UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

IN RE: CHINESE MANUFACTURED DRYWALL : MDL NO. 2047
PRODUCTS LIABILITY LITIGATION : SECTION: L
: JUDGE FALLON
: MAG. JUDGE WILKINSON

**THIS DOCUMENT RELATES TO ALL CASES.**

## ORDER

Before the Court is an ongoing discovery dispute between certain objectors to the pending settlements and the Plaintiffs' Steering Committee. This discovery dispute is related to Class Counsel's Motion for Sanctions (R. Doc. 15982). The parties briefed several issues, and on October 31, 2012 the Court conducted a hearing. The Court then issued an Order defining the proper scope of discovery in this matter. (R. Doc. 16056). Both orally at the hearing and in its subsequent Order, the Court identified three issues that together help to define the scope of discovery, namely: (1) the alleged standing of the objectors; (2) the basis of the objections; and (3) the relationship between the objectors and their counsel, Christopher A. Bandas, whom other courts have described as a "professional objector."

After the parties advised the Court of additional issues, the Court reviewed further Motions and submissions and conducted a second hearing. At the second hearing, the Court ordered that counsel for objectors deliver to the Court for in-camera review a document consisting of a deponent's notes to which the deponent had referred during the deposition for the purpose of refreshing his memory. After an in-camera review of the document, and after considering counsel's arguments and reviewing the applicable law, the Court now issues the

following Order.

The issue before the Court is whether a deponent who takes notes during a preparatory conversation with his lawyer and then refers to those notes during the deposition to refresh his memory can successfully assert a privilege when asked to produce those notes to opposing counsel. Rule 612 of the Federal Rules of Evidence states that, if a witness uses a writing to refresh his memory while testifying or before testifying, "an adverse party is entitled to have the writing produced at the hearing, to inspect it, to cross-examine the witness about it, and to introduce in evidence any portion that relates to the witness's testimony" if the Court decides that justice requires production.[1]

A minority of reviewing courts, in applying Rule 612 to similar facts, have adopted an absolute waiver rule, whereby any review of a privileged document during testimony absolutely waives any privilege attached to that document. Charles A. Wright & Victor J. Gold, Federal Practice and Procedure; Evidence § 6188, at 483 (1993). However, the majority approach within the Fifth Circuit, as elsewhere, requires balancing the competing policy considerations underlying the relevant rules. On the one hand, Rule 612 of the Federal Rules of Evidence serves as a safeguard against the creation of false memories by persuasive documents used to "refresh" a witness's memory. Charles A. Wright & Victor J. Gold, Federal Practice and Procedure; Evidence § 6182, at 444. Rule 26 of the Federal Rules of Civil Procedure, on the other hand, protects parties' legitimate interest in protecting counsel's work-product and other areas of privilege. *Id.* at *2. Courts employing the balancing approach typically consider factors

---

[1] Rule 612 applies to depositions by way of Rule 30(c) of the Federal Rules of Civil Procedure, which provides that "[t]he examination and cross-examination of a deponent proceed as they would at trial under the Federal Rules of Evidence, except Rules 103 and 615." Fed. R. Civ. P. 30(c)(1). The exception of Rules 103 and 615 implies that Rule 612 does apply to depositions. *See Woodward v. Avondale Industries, Inc.*, 2000 WL 385513, n.3 (E.D. La. 2000).

including:

> the inability of the adverse party to obtain access to the matters revealed by the writing through means other than production of the writing, the absence of opinion work product, discrepancies between a witness's testimony and the contents of the writing used to refresh, heavy reliance on a particular document by the witness, testimony that is especially important, disclosure of a significant part of the writing in the witness's testimony, and evidence that witness coaching may have occurred.

*Woodward*, 2000 WL 385513 at *2 (quoting Wright & Gold § 6188, at 488).

Here, the writing at issue consists of notes made by the client during conversations with the attorney, rather than the attorney's own notes. This fact makes assertion of the work-product privilege problematic. The notes also represent potentially relevant evidence of the client's relationship with counsel that cannot be obtained through other means. After considering these and other relevant facts and circumstances, the Court finds that the interests of justice are best served by production of the notes.

Accordingly, **IT IS ORDERED** that the attached document be entered into the record.

New Orleans, Louisiana this 7th day of November, 2012.

*[signature]*

UNITED STATES DISTRICT JUDGE