UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: CHINESE-MANUFACTURED DRYWALL PRODUCTS LIABILITY LITIGATION | MDL NO. 2047<br><br>SECTION: L |
| THIS DOCUMENTS RELATES TO: ALL CASES AND | JUDGE FALLON<br><br>MAG. JUDGE WILKINSON |
| *Payton, et. al. v. Knauf Gips, KG, et. al.*<br>Case No. 2:09-cv-07628 (E.D. La.) | |
| *Wiltz, et. al. v. Beijing New Building Materials Public Limited Co., et. al.*<br>Case No. 1:09-cv-00361 (E.D. La.) | |
| *Gross, et. al. v. Knauf Gips, KG, et. al.*<br>Case No. 2:09-cv-06690 (E.D. La.) | |
| *Rogers, et. al. v. Knauf Gips, KG, et. al.*<br>Case No. 2:10-cv-00362 (E.D. La.) | |
| *Amato, et. al. v. Liberty Mutual Ins. Co., et. al.*<br>Case No. 2:10-cv-00932 | |
| *Hernandez, et. al. v. AAA Insurance, et. al.*<br>Case No. 2:10-cv-3070 (E.D. La.) | |
| *Abel, et. al. v. Taishan Gypsum Co. Ltd., f/k/a Shandong Taihe Dongxin Co., Ltd., et. al.*<br>Case No. 2:11-cv-00080 (E.D. La.) | |
| *Abreu, et. al. v. Gebrueder Knauf Verwaltungsgesellschaft, KG, et. al.*<br>Case No. 2:110cv000252 (E.D. La.) | |
| *Haya, et. al. v. Taishan Gypsum Co., Ltd., f/k/a Shandong Taihe Dongxin Co., Ltd., et. al.*<br>Case No. 2:11-cv-01077 (E.D. La.) | |
| *Vikers, et. al. v. Knauf Gips KG, et. al.*<br>Case No. 2:09-cv-04117 (E.D. La.) | |

**OBJECTOR SAUL SOTO'S MEMORANDUM IN SUPPORT OF HIS EMERGENCY MOTION TO SEAL OR, IN THE ALTERNATIVE, TO STRIKE, MOTION TO STAY, AND MOTION FOR RECONSIDERATION**

Objector Saul Soto files this Memorandum in Support of his Emergency Motion To Seal or, in the Alternative, To Strike, Motion To Stay, and Motion for Reconsideration, regarding the Court's Orders dated November 7, 2012 (Doc. No. 16122 and Doc. No. 16127).

1. Background

As part of Class Counsel's motion filed November 2, 2012 (Doc. No. 16073), Class Counsel requested the Court to order the production of notes taken by Soto during his meeting with his lawyers before his deposition. (Doc. No. 16073-1, p. 5) Class Counsel requested the notes during Soto's deposition, and Soto's lawyer objected that the notes were protected attorney/client privileged documents. (Doc. No. 16073-4, p. 9:20-23) Soto's lawyer explained the notes concerned "how we prepare him for deposition" and "our advice to him." (Doc. No. 16073-4, p. 21:1-21) The Court ordered the notes be submitted *in camera* for review.

The Court then ordered that the notes be produced, and attached the notes to its Order. (Doc. No. 16127) Soto respectfully disagrees with the Court's ruling and believes the notes are privileged. The Court has also ordered that counsel may not instruct a witness not to answer a question only when counsel asserts the existence of a privilege. (Doc. No. 16122)

2. Argument

Soto's notes are privileged. (Doc. No. 16100) Federal Rule of Evidence 612 does not vitiate a privilege — an individual does not lose his privilege by reviewing "his own already privileged documents." *See Suss v. MSX Int'l Eng'g Svcs.*, 212 F.R.D. 159, 164 (S.D.N.Y. 2002). The Advisory Committee notes to Rule 612 explain that "nothing in the Rule [should] be construed as barring the assertion of a privilege," and further caution against improper use of the

rule beyond "those writings which may fairly be said in fact to have an impact on the testimony of the witness." Class Counsel did not show that Soto waived his privilege over the notes, and merely reviewing privileged documents is not a waiver. Moreover, Class Counsel did not show that Soto's review of the privileged notes actually refreshed his memory or affected his testimony in any way. *See id.*

Importantly, the Court appears to have erroneously concluded that Soto referred to the notes ***during*** the deposition and to refresh his memory while testifying. This is incorrect: Soto had reviewed his notes and other materials before (not during) the deposition, and his review was only to help his "focus," not to refresh his memory of any facts. (Doc. No. 16073-4, p. 9:8-17)

Respectfully, the Court's conclusion that the notes are not privileged is erroneous and should be reconsidered. Moreover, the Court *sua sponte* ordered the privileged notes be entered into the record, and attached them to its Order. (Doc. No. 16127) Soto disagrees that the notes are not privileged, and the continuation of his deposition is scheduled for November 8, 2012. The Court's decision to place the disputed notes into the record unfairly and unreasonably prejudices Soto's ability to seek effective relief from the United States Court of Appeals for the Fifth Circuit through a writ of mandamus, by making the notes immediately available to Class Counsel and indeed the public at large (to the extent they access the PACER/ECF system). The Court should immediately place the notes under seal or, in the alternative, strike them from the record, and order Class Counsel and all other parties and their counsel who received the notes to return or destroy any copies of the notes in their possession, to preserve Soto's ability to seek meaningful review of the Court's ruling on the privilege issue.

The Court should also reconsider its Order forbidding counsel from instructing a witness not to answer except to assert a privilege. (Doc. No. 16122) Under Rule 30(c)(2) of the Federal

Rules of Civil Procedure, an attorney may also instruct a witness not to answer in order to present a motion under Rule 30(d)(3)(A) that the deposition is being conducted in bad faith or in an unreasonably oppressive manner.

Unless the Court reconsiders its November 7 Orders, Objector Soto also requests the Court to immediately stay the effect of those orders while he petitions the United States Court of Appeals for the Fifth Circuit for mandamus relief. Objectors Soto and Garcia are being deposed the afternoon of November 8, 2012, and to preserve the jurisdiction of the appellate court to make its review and render effective relief, the orders should be stayed.

Dated: November 8, 2012

                                                Respectfully submitted,

                    By:        /s/ Christopher A. Bandas
                              Christopher A. Bandas
                              State Bar No. 00787637
                              Southern Bar No. 17509
                              BANDAS LAW FIRM, P.C.
                              500 North Shoreline Blvd., Suite 1020
                              Corpus Christi, Texas 78401-0353
                              T: (361) 698-5200
                              F: (361) 698-5222

                              R. Joshua Koch, Jr.
                              State Bar No. 2492
                              Koch & Schmidt, LLC
                              650 Poydras St., Suite 2415
                              New Orleans, LA 70130
                              T: (504) 208-9040
                              F: (504) 208-9041

                              Counsel for Objector Saul Soto

CERTIFICATE OF SERVICE

I hereby certify that on the 8th day of November, 2012 a true and correct copy of the above and foregoing was served on the following as indicated below as well as all counsel of record via the Court's CM/ECF system.

Arnold Levin
Levin, Fishein, Sedran & Berman
510 Walnut Street, Ste. 500
Philadelphia, PA 19106
Plaintiffs' Lead Counsel

Leonard A. Davis
Russ M. Herman
Herman, Herman & Katz, LLP
820 O'Keefe Avenue
New Orleans, LA 70013
Defendants' Counsel

                                                     /s/ Christopher A. Bandas
                                                   Christopher A. Bandas