UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: CHINESE-MANUFACTURED | ) | CIVIL ACTION NO. 09-2047 |
| DRYWALL PRODUCTS LIABILITY | ) | |
| LITIGATION | ) | JUDGE FALLON |
| _____ | ) | |
| **This Document Relates to:** | | **MAGISTRATE WILKINSON** |
| **ALL CASES** | | |

**MEMORANDUM IN SUPPORT OF INTERIOR EXTERIOR'S
MOTION TO STRIKE PLAINTIFFS' EXHIBITS AND THE EXHIBIT LIST
FOR THE BELLWETHER TRIAL SCHEDULED FOR NOVEMBER 26, 2012**

MAY IT PLEASE THE COURT:

Defendants, Interior Exterior Building Supply, L.P. and Interior Exterior Enterprises, L.L.C. ("Interior Exterior") move this Honorable Court for an order striking all exhibits sought to be introduced by plaintiffs' along with the exhibit list. Due to the delays associated with this trial preparation, by agreement the parties have agreed to the extension of numerous deadlines. The exchange of exhibits was to originally occurred on October 30, 2012, but the parties agreed to exchange exhibits lists by Friday, November 2, 2012 and agreed to exchange all exhibits by Monday, November 5, 2012.

As has been the case since this trial was set, Interior Exterior has worked tirelessly to be prepared on an expedited basis, despite the obstacles that have occurred as detailed in Interior Exterior's recent Motion to Continue. The Plaintiffs have failed to comply with the agreed dates for the extension of fundamental aspects of trial preparation, namely the production of exhibits. Interior Exterior, therefore, moves this Court to strike the exhibits as untimely. Moreover, the actual list of exhibits that has been produced is clearly designed to be dilatory and obstructionist in nature and overly broad and unreasonable to the limited issue at trial – that is whether or not

-1-

Interior Exterior knew that the Chinese manufactured drywall it re-sold contained a latent defect under redhibition.

Pursuant to the Court's Scheduling Order dated October 1, 2012 [Rec. No. 15865], the parties were to exchange trial exhibits by October 30, 2012.  Due to Hurricane Sandy, however, the parties agreed that trial exhibits would be exchanged by Friday, November 2, 2012.  Interior Exterior provided plaintiffs with a list of trial exhibits on Friday, November 2, 2012 and then forwarded to the PSC a CD with all trial exhibits on Monday, November 5, 2012.

In a dilatory fashion, the plaintiffs failed to provided a list of their trial exhibits until the last minute on Monday evening November 5, 2012.  Plaintiffs trial exhibit list contains approximately 1,300 documents and over 100 learned treatises – but plaintiffs also state that they may use "any exhibit to any deposition taken in connection with this matter. Any depositions, exhibits, articles, books, documents, regulations, standards and other materials relied upon or listed/referenced by any of plaintiffs' experts. Any depositions, exhibits, articles, books, documents, regulations, standards and other materials relied upon or listed/referenced by any of plaintiffs' experts." [Doc. No. 16101].  The listing of these trial exhibits is obstructionist in fashion as this trial is limited to one sole issue - whether or not Interior Exterior knew that the Chinese manufactured drywall it re-sold contained a latent defect under redhibition.

Moreover, plaintiffs have failed to provide their actual trial exhibits to Interior Exterior as agreed to by the parties and the Court's Order.  The delay in producing the actual exhibits by Plaintiffs are severely impacting Interior Exterior's ability to prepare for trial. At this stage, less then three weeks from trial, Interior Exterior should not be in a position of having the chase down these exhibits and prepare objection to such exhibits, while at the same time trying to

-3-

prepare for trial and having to prepare numerous Motions which are due to be filed on Monday, November 12, 2012.

Accordingly, Interior Exterior respectfully requests that plaintiffs trial exhibits and exhibit list be stricken from the record due its dilatory fashion and obstructionist nature.

Respectfully submitted,

***Richard G. Duplantier, Jr.   /s/***
Richard G. Duplantier, Jr. (# 18874)
Lambert J. Hassinger, Jr. (# 21683)
Benjamin R. Grau (#26307)
Carlina C. Eiselen, (# 28524)
GALLOWAY, JOHNSON, TOMPKINS,
BURR & SMITH
701 Poydras Street, 40th Floor
New Orleans, Louisiana 70139
Telephone:  (504) 525-6802 / Fax:   (504) 525-2456
rduplantier@gjtbs.com /jhassinger@gjtbs.com
bgrau@gjtbs.com / ceiselen@gjtbs.com
*Counsel for Defendant, Interior Exterior Building Supply, L.P. and Interior Exterior Enterprises, LLC*

**Certificate of Service**

The undersigned certifies that this document has been served on Plaintiffs' Liaison counsel Russ Herman and Defendants' Liaison Counsel Kerry Miller, by email and United States Mail, and upon all parties by electronically uploading the same to Lexis Nexis File & Serve in accordance with Pretrial Order No. 6, and that the foregoing was filed with the Clerk of Court for the United States District Court for the Eastern District of Louisiana by using the CM/ECF System which will send a notice of electronic filing in accord with the procedures established in MDL 2047, on the 8th day of November, 2012.

                                              *Richard G. Duplantier, Jr.   /s/*
                                              RICHARD G. DUPLANTIER, JR.