No. ___12-31133___

# UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

---

In re:

Saul Soto,

Petitioner.

---

Original proceeding from the
Eastern District of Louisiana C.A. No. 2:09-md-02047-EEF-JCW

---

## PETITION FOR WRIT OF MANDAMUS
## BY SAUL SOTO

---

Attorneys for Petitioner Saul Soto:

Christopher A. Bandas
BANDAS LAW FIRM, P.C.
500 North Shoreline Blvd.
Suite 1020
Corpus Christi, Texas 78401-0353
Tel. (361) 698-5200
Fax (361) 698-5222

R. Joshua Koch, Jr.
KOCH & SCHMIDT, LLC
650 Poydras St., Suite 2415
New Orleans, Louisiana 70130
Tel. (504) 208-9040
Fax (504) 208-9041



EXHIBIT
A

## CERTIFICATE OF INTERESTED PERSONS

*In re Saul Soto*, No. _____

The undersigned counsel of record certifies that the following listed persons and entities as described in the fourth sentence of Rule 28.2.1 have an interest in the outcome of this case. These representations are made in order that the judges of this Court may evaluate possible disqualification or recusal.

**A.  Petitioner**

Saul Soto d/b/a SHS Construction, an Objector in the district court

**B.  Counsel for Petitioner**

Christopher A. Bandas
Bandas Law Firm, P.C.

R. Joshua Koch, Jr.
Koch & Schmidt, LLC

Van Huseman
Paul Dodson
Eric Stewart
Huseman Dodson Hummell Law Firm PLLC (presented Objector for deposition)

**C.  Other Objectors Represented by Soto's Counsel**

Jan Petrus (has moved to dismiss her objection and disavowed any interest in the outcome)
Ronnie Garcia
Bay Area Contracting & Construction, Inc.
Ernest Vitela (has moved to dismiss his objection and disavowed any interest in the outcome)
E and E Construction Co. (has moved to dismiss its objection and disavowed any interest in the outcome)

D.   **Class Counsel**

   Russ M. Herman
   Leonard A. Davis
   Stephen J. Herman
   Herman, Herman & Katz, LLP

   Arnold Levin
   Fred S. Longer
   Sandra L. Duggan
   Matthew C. Gaughan
   Levin, Fishbein, Sedran & Berman

E.   **Other MDL Parties/Counsel**

   The underlying case is MDL No. 2047, *In re: Chinese-Manufactured Drywall Products Liability Litigation*.  A list of parties and counsel to the consolidated cases is attached to the Transfer Order, Doc. No. 1.


   *Christopher A. Bandas*
   Christopher A. Bandas
   Attorney of record for Saul Soto

## STATEMENT OF RELIEF SOUGHT

Saul Soto, an Objector to the proposed class action settlement in MDL No. 2047, respectfully requests that the Court grant this petition for a writ of mandamus, *vacate* the November 7, 2012, Order of the United States District Court for the Eastern District of Louisiana overruling Soto's assertion of privilege over notes he took during a meeting with his attorneys in preparation for his deposition testimony and entering the notes into the record, and the November 7, 2012, Order that counsel may instruct a witness not to answer only when counsel asserts the existence of a privilege, and *remand* with instructions that the district court seal the notes, order all parties who received a copy of the notes to return or destroy them, and order that the notes are non-discoverable, inadmissible, and may not be used to cross-examine Soto or any other person.

## STATEMENT OF ISSUES PRESENTED FOR REVIEW

1. Did the district court err by ordering the production of Soto's handwritten notes of what his attorneys told him in preparing him for his oral deposition?

2. Did the district court abuse its authority by immediately entering Soto's privileged notes into the record, hindering Soto's ability to obtain effective review of the district court's action?

3. Did the district court abuse its authority by limiting Soto's counsel's right to instruct a witness not to answer a question to present a motion under Rule 30(d)(3)?

4. Is a writ of mandamus appropriate where the district court orders the production of privileged documents and immediately places the documents in the record, without placing them under seal?

## STATEMENT OF FACTS

The proceedings in the district court relate to various class actions (consolidated into Multidistrict Litigation No. 2047) concerning allegedly defective drywall manufactured in China and imported to and distributed in the United States, that emits smelly, corrosive gases. Class Counsel have negotiated, on behalf of a putative settlement class, a settlement with various distributors, suppliers, builders, developers, and installers of Chinese drywall, and their insurers.

Soto, represented by the Bandas Law Firm, filed an objection to the settlement within the time allowed by the district court. Class Counsel almost immediately began seeking discovery from Soto and the other objectors, including but not limited to Soto's oral deposition.

Soto's oral videotaped deposition commenced on October 31, 2012, in Corpus Christi, Texas. (Ex. A, p. 2:3-9) Soto testified that he had met with his attorneys on two occasions before the deposition, and the attorneys had helped him prepare for his deposition. (Ex. A, pp. 5:14 – 8:20) Soto had taken notes during these meetings. (Ex. A, p. 8:21-23)

Class Counsel requested that Soto produce his notes from his meetings with his attorneys; Soto's attorney immediately asserted the

attorney/client privilege for Soto and instructed him not to produce the notes. (Ex. A, p. 9:1-5)  Although Soto had reviewed the notes and his other materials before his deposition started (Ex. A, p. 9:8-13), Soto did not read the notes during his deposition.  Further, Soto explained that the reason he was reviewing the notes before his deposition was to "help [him] stay focused." (Ex. A, p. 9:14-17)  Soto's counsel again asserted the attorney/client privilege and instructed Soto not to divulge the notes.  (Ex. A, p. 9:20-23)

On November 2, 2012, Class Counsel filed a Motion To Compel and for Sanctions (Ex. B) and an associated Memorandum in Support (Ex. C). The memorandum argued that Soto "relied upon the document to prepare for his deposition," and asked the district court to order the notes be produced and to allow Class Counsel to ask Soto about the notes.  (Ex. C, pp. 4-5)  Class Counsel's memorandum did not cite any authority in support of its position that the notes were not privileged and should be produced.

Soto opposed the motion.  (Ex. D)  The district court heard the motion on November 5, 2012.  (The transcript of the November 5 hearing is not yet available.)  The district court ordered Soto's counsel to submit the disputed notes for *in camera* review, and Soto's counsel complied.

On November 7, 2012, the district court issued an order regarding the notes. (Ex. E [submitted under seal]) The order incorrectly described the document as "a deponent's notes to which the deponent had referred during the deposition for the purpose of refreshing his memory." (Ex. E, p. 1) The order framed the issue before the district court as "whether a deponent who takes notes during a preparatory conversation with his lawyer and then refers to those notes during the deposition to refresh his memory can successfully assert a privilege when asked to produce those notes to opposing counsel." (Ex. E, p. 2) The district court found the notes were not privileged, and despite knowing Soto's position that the notes were privileged, the district court attached a copy of the notes to its order which was then posted on the Court's PACER/ECF system and immediately made available to Class Counsel. (Ex. E, p. 3)

## STATEMENT OF REASONS THE WRIT SHOULD ISSUE

Soto's notes plainly reflect the content of legal advice he received from his attorneys in preparation for his deposition and are therefore privileged, as Soto's attorney asserted at the deposition. The district court was apparently under the misimpression that Soto referred to the notes "*during* the deposition and to *refresh his memory while testifying*," (Ex. E, p. 2 [emphasis added]), when the record is clear that instead Soto had merely reviewed his notes and other materials *before* the deposition and

his review was only to help his "focus," not to refresh his memory of facts. (Ex. A, p. 9:14-17)  The record simply does not support the district court's conclusion that Soto had waived the notes' privileged nature. Furthermore, the district court compounded its error by immediately placing the notes in the record, hindering Soto's ability to obtain effective relief from the district court's action.

This Court has repeatedly held that "[m]andamus is appropriate if the district court errs in ordering the discovery of privileged documents, as such an order would not be reviewable on appeal." *In re U.S. Dep't of Homeland Security*, 459 F.3d 565, 568 (5ᵗʰ Cir. 2006) (citing *In re Avantel, S.A.*, 343 F.3d 311, 317 (5ᵗʰ Cir. 2003); *In re Burlington No.*, 822 F.2d 518, 522 (5ᵗʰ Cir. 1987)).  The erroneous compelled production of privileged documents therefore falls within the "exceptional circumstances amounting to a judicial usurpation of power or a clear abuse of discretion." *Cf. In re Volkswagen of America, Inc.*, 545 F.3d 304, 309 (5ᵗʰ Cir. 2008) (en banc).

The district court's error is clear and indisputable.  The notes are clearly privileged records of attorney/client communications and would therefore be protected under either Texas Rule of Evidence 503(b)(1) or the federal common law of attorney-client privilege. *Cf., e.g., United States v. Robinson*, 121 F.3d 971, 974 (5ᵗʰ Cir. 1997) (recognizing the attorney/client privilege as including confidential communications made to or from a

Case 2:09-md-02047-EEF-MBN   Document 16146-1   Filed 11/08/12   Page 9 of 42

lawyer for the primary purpose of securing a legal opinion or services in a legal proceeding). The notes also are protected work product because they include the mental impressions or opinions of Soto's attorneys.

The district court relied on Rule 612 of the Federal Rules of Evidence to overcome any privilege, arguing that the Fifth Circuit uses a "balancing approach" as discussed in *Woodward v. Avondale Industries, Inc.*, 2000 WL 385513, n. 3 (E.D. La. 2000). The Advisory Committee notes to Rule 612 explain that "nothing in the Rule [should] be construed as barring the assertion of a privilege," and further caution against improper use of the rule beyond "those writings which may fairly be said in fact to have an impact on the testimony of the witness." While a deponent may waive the attorney/client privilege "by relying extensively on the statement" to prepare an affidavit that is then disclosed and filed, *cf. Woodward*, 2000 WL 385513, at *3, there is no evidence that Soto "relied extensively", or even relied *at all*, on these notes in his actual deposition testimony. Soto did not lose his privilege by reviewing "his own already privileged documents." *See Suss v. MSX Int'l Eng'g Svcs.*, 212 F.R.D. 159, 164 (S.D.N.Y. 2002). The district court seems to have mistakenly concluded that Soto referred to his notes *during* his testimony to refresh his recollection, which is simply not supported by the record.

The district court then magnified its error by attaching a copy of

Soto's notes (which had been submitted *in camera*) to its order, before Soto

could seek mandamus relief from this Court. One of the justifications for

allowing mandamus relief in the context of privileged documents is that

once the privileged documents are disclosed to the other side, there is no

adequate remedy on appeal. *Cf., e.g., In re Homeland Security*, 459 F.3d at

568. A district court should not be able to avoid mandamus review by the

simple expedient of *sua sponte* publishing a party's privileged documents

before the party can file a petition with the court of appeals; this is a clear

abuse of judicial power.

A third reason justifying mandamus relief is Class Counsel's misuse

of the discovery process, including its efforts to obtain and use Soto's

privileged notes, to intimidate Soto and the other objectors and harass

them into giving up their objections. Class Counsel's memorandum, for

example, reflects that Class Counsel sought to depose Soto and another

objector, Ronnie Garcia, concerning their lawyer's representation of

objectors in *other* class actions—class actions in which Soto and Garcia had

no involvement. (Ex. C, pp. 5-7) Class Counsel simply want to portray

Bandas as a "professional objector" (with "professional" intended to be

pejorative), and require Soto and Garcia to answer questions like "how do

you feel about having an individual like that representing you on this

9

objection?" (Ex. C, p. 6) These questions have nothing to do with the merits of the objections or the proposed settlement, and everything to do with attempting to get the objectors simply to drop their objections and go away.

The district court has ordered that the objectors' counsel cannot instruct the objectors not to answer a question except on privilege grounds. (Ex. F) This order would prevent objectors' counsel from presenting a motion to terminate or limit the deposition under Rule 30(d)(3) of the Federal Rules of Civil Procedure, if Class Counsel is conducting the deposition in bad faith or is unreasonably oppressing the witness. Foreclosing a deponent's right to make a protective motion under Rule 30(d)(3) is another abuse of the district court's discretion that should be corrected by mandamus relief.

Objectors play a vital role in the review of class action settlements. "Objectors can encourage scrutiny of a proposed settlement and identify areas that need improvement. They can provide important information regarding the fairness, adequacy, and reasonableness of the settlement terms." *Pallister v. Blue Cross and Blue Shield of Montana,* 285 P.3d 562, 568 (Mont. 2012). Class counsel naturally wish to push their settlement through to approval, and greatly dislike objectors and their objections.

[C]lass action lawyers may try to fend off interlopers who oppose a proposed settlement as insufficiently generous to the

10

class; and given the role of such interlopers in preventing cozy deals that favor class lawyers and defendants at the expense of class members, their requests for fees must not be slighted.

*In re Trans Union Corp. Privacy Litig.*, 629 F.3d 741, 743 (7th Cir. 2011) (Posner, J.). For all their invective against Bandas, Class Counsel's real concern is not that Bandas pursues meritless objections (he does not), but that he successfully attacks deficient class action settlements. *See Dennis v. Kellogg Co.*, --- F.3d ---, 2012 WL 3800230 (9th Cir. Sep. 4, 2012) (reversing order approving a class action settlement based on Bandas's arguments on behalf of an objector). Bandas's clients want their objections heard on the merits, while Class Counsel are seeking to avoid that.

The same tension has led class counsel in other class actions to undertake aggressive, "Rambo"-style tactics intended to cudgel objectors into submission and to deter future objections. For example, a district judge in Washington state recently awarded $100,000 in sanctions against class counsel who had sent overbroad, invasive subpoenas to objectors' counsel in what amounted to "bullying by class counsel" intended "to burden an entity that had the temerity to object to class counsel's settlement." *In re Classmates.com Consol. Litig.*, 2012 WL 3854501, at * 10 (W.D. Wash. June 15, 2012). The *Classmates.com* case illustrates that the danger to objectors from class counsel is real, and must be guarded against.

11

Without mandamus relief, class counsel will continue to engage in scorched-earth tactics against objectors, hoping to pressure them or their lawyers to drop objections. When these tactics are successful, there is no effective appellate remedy because an objector who withdraws his or her objection cannot appeal an order approving the settlement. Accordingly, mandamus relief should be granted in this case to ensure that objectors' counsel can make an appropriate motion under Rule 30(d)(3) to protect their clients from bad faith or oppressive questions.

## CONCLUSION

The district court clearly erred and abused its discretion by ordering the production of Soto's privileged notes, and again by attaching the privileged notes to its order and posting them on PACER/ECF. The district court has further exceeded its authority by forbidding objectors and their counsel from making a motion to terminate or limit a deposition if it is being taken in bad faith or oppressively. Soto respectfully requests the Court to correct these errors by issuing a writ of mandamus.

Dated: November 8, 2012

Respectfully submitted,

By: *Christopher A. Bandas*

Christopher A. Bandas
State Bar No. 00787637
BANDAS LAW FIRM, P.C.

12

500 North Shoreline Blvd., Suite 1020
Corpus Christi, Texas 78401-0353
T:  (361) 698-5200
F:  (361) 698-5222

R. Joshua Koch, Jr.
State Bar No. 2492
Koch & Schmidt, LLC
650 Poydras St., Suite 2415
New Orleans, LA 70130
T: (504) 208-9040
F: (504) 208-9041

Counsel for Petitioner Saul Soto

**CERTIFICATE OF SERVICE**

I certify that I filed the original and three copies of the Petition for Writ of Mandamus with the Court, and sent a copy of the Petition for Writ of Mandamus to the district court judge, by hand delivery, and on all parties to the proceeding in the district court by ECF, on this 8th day of November, 2012.

_Christopher A. Bandas_
Christopher A. Bandas

Arnold Levin
Levin, Fishein, Sedran & Berman
510 Walnut Street, Ste. 500
Philadelphia, PA 19106

Leonard A. Davis
Russ M. Herman
Herman, Herman & Katz, LLP
820 O'Keefe Avenue
New Orleans, LA 70013

1

```
 1
 2              (REAL-TIME) UNEDITED TRANSCRIPTION DISCLAIMER
 3
 4      The following transcript of proceedings, or any portion
        thereof, is UNEDITED and UNCERTIFIED by the certified
 5      court reporter, at the request of counsel for the
        plaintiff.
 6
        The purchaser/user agrees not to disclose this
 7      (real-time) unedited transcription in any form (written
        or electronic) to anyone who has no connection to this
 8      case.  This is an unofficial transcription which should
        NOT be relied upon for purposes of verbatim citation of
 9      testimony.

10      This transcription has not been checked, proofread or
        corrected.  It is a draft transcript, NOT a certified
11      transcript.  As such, it may contain computer-generated
        mistranslations of stenotype code or electronic
12      transmission errors, resulting in inaccurate or
        nonsensical word combinations, or untranslated
13      stenotype symbols which cannot be deciphered by
        non-stenotypists.  Corrections will be made in the
14      preparation of the certified transcription, resulting
        in differences in content, page and line numbers,
15      punctuation, and formatting.

16      This (real-time) unedited transcript contains no
        appearance page, certificate page, index, or
17      certification.

18

19

20

21

22

23

24

25                          EXHIBIT A
```

ROUGH DRAFT TRANSCRIPT ONLY

```
1              THE VIDEOGRAPHER:  We're now on the
2   record.  My name is Doug Overstreet, I'm the
3   videographer.  Today's date is October 31st, 2012, it's
4   5:07 p.m., beginning of tape one, this video deposition
5   is being held in Corpus Christi, Texas, in the matter
6   of Chinese manufacture drywall products liability
7   litigation the U.S. District Court Eastern District of
8   Louisiana.  The deponent is Mr. Saul Soto.  Would
9   counsel please identify themselves for the record.
10             MR. LONGER:  Fred Longer on behalf of the
11  class counsel.
12             MR. GAUGHAN:  Matthew on behalf of class
13  counsel.
14             MR. HUSEMAN:  And Van Huseman on behalf of
15  the deponent.
16             MR. DODSON:  Paul Dodson for the deponent.
17             THE VIDEOGRAPHER:  Would the court
18  reporter please swear in the witness.
19                       SAUL SOTO,
20  having been first duly sworn, testified as follows:
21                       EXAMINATION
22  BY MR. LONGER:
23     Q.   Mr. Soto, my name is Fred Longer.  We met
24  before the deposition began in the hallway outside.
25  But I'll introduce myself again.  I am going to be
```

ROUGH DRAFT TRANSCRIPT ONLY

```
1  we're talking about?
2      A.   Back in around 2009.
3      Q.   And what was the tax ID number that you used
4  in that time frame?
5      A.   I would have to look in there, sir.  I'm
6  sorry.  I do not have that in front of me.
7      Q.   Okay.  Was it somebody else's social security
8  number?
9      A.   No. it was just a tax ID for tax purposes.
10     Q.   All right.  Now, is it fair to say then that
11 any questions that I direct to you are also directed to
12 SHS construction?
13     A.   That would be correct.
14     Q.   All right.  Sir, you have Counsel with you
15 today, Mr. Huseman and Mr. Dodson; is that correct?
16     A.   Yes, that's correct.
17     Q.   Who are these gentlemen?
18     A.   They are the lawyers who are helping me with
19 this at this moment.
20     Q.   All right.  And when did you first meet either
21 of these gentlemen?
22     A.   I met them, I believe it was last week.  I'd
23 have to look at my schedule.  I believe it was last
24 week.
25     Q.   Okay.  And were they -- were they retained,
```

Case 2:09-md-02047-EEF-MBN   Document 16146-1   Filed 11/09/12   Page 19 of 42
Case 12-31133   Document: 00512047986   Page: 19   Date Filed: 11/08/2012

Case 2:09-md-02047-EEF-JCW   Document 16073-4   Filed 11/02/12   Page 7 of 112

6

```
 1   which may be the wrong word.  Were they engaged to
 2   assist you in preparation for today's deposition?
 3        A.    Yes, they helped me with today's preparation.
 4        Q.    Okay.  And you met them last week to prepare
 5   for the deposition; is that correct?
 6        A.    I met them, yes.
 7        Q.    All right.  And you have a calendar with you?
 8        A.    I can look on my phone if you will allow me
 9   to.
10        Q.    Yes.
11        A.    And I can give you -- is that what you would
12   need the date?
13        Q.    Yes, sir.
14        A.    I have it here October 24th, which is last
15   Wednesday at 10 a.m.
16        Q.    All right.  And did you arrive at this office
17   at 10 a.m.?
18        A.    I arrived at this office, actually like around
19   9:45 or 9:30 in the morning.
20        Q.    I understand you're prompt.  I saw you were
21   prompt this afternoon.  So you met beginning at around
22   let's just say 9:45, 10 o'clock and how many hours did
23   you meet with counsel?
24        A.    We were together -- let's see here.  For a
25   couple of hours, a few hours, something like that.  I
```

Case 2:09-md-02047-EEF-MBN Document 16146-1 Filed 11/08/12 Page 20 of 42
Case: 12-31133 Document: 00512047986 Page: 20 Date Filed: 11/08/2012

Case 2:09-md-02047-EEF-JCW Document 16073-4 Filed 11/02/12 Page 8 of 112

7

```
 1    don't remember the exact time.  I'm trying to put it

 2    together in my head.

 3         Q.    So was it before lunch?

 4         A.    Can I look at my phone again real quick?

 5         Q.    Certainly.

 6         A.    Let me look at a text message just to kind of

 7    help me figure out more or less when I left, something

 8    like that.

 9         Q.    Whatever will refresh your recollection,

10    that's fine with me.

11         A.    It looks like around 1:00 or 2:00 or somewhere

12    around that time.  I can't say exactly what time I left

13    but it was around that time.

14         Q.    Okay.  So approximately three or four hours?

15         A.    Uh-huh.

16         Q.    Is that a yes?

17         A.    That is -- that's correct.

18         Q.    Who was present the meeting?

19         A.    That day was Mr. Huseman, Mr. Dodson, Eric,

20    and I think Ronnie was there, too, right?

21              MR. HUSEMAN:  Uh-huh.

22         A.    Ronnie, yeah.

23         Q.    All right.  Just so that I'm clear, Ronnie is

24    Ronnie Garcia?

25         A.    Ronnie Garcia, that is correct.
```

ROUGH DRAFT TRANSCRIPT ONLY

Case 2:09-md-02047-EEF-MBN Document 16146-1 Filed 11/08/12 Page 21 of 42
Case: 12-31133 Document: 0051204798661 Page: 21 Date Filed: 11/08/2012

Case 2:09-md-02047-EEF-JCW Document 16073-4 Filed 11/02/12 Page 9 of 112

8

```
 1        Q.    And Eric, I don't know that name.  Who is

 2   Eric?

 3        A.    Eric works for --

 4              MR. HUSEMAN:  He's the fellow that you met

 5   a while ago that made the comment about wearing a tie.

 6              MR. LONGER:  He looks sharp.

 7              MR. HUSEMAN:  I'll take implication on

 8   that.

 9        Q.    And what is Eric's last name?

10              MR. HUSEMAN:  Stewart.

11              MR. LONGER:  S-T-E-W-A-R-T?

12              MR. HUSEMAN:  Yes, sir.

13        Q.    Is that the only time that you met with -- in

14   connection with preparation for today's deposition?

15        A.    No.  We also met on Monday.

16        Q.    And who is the "we"?

17        A.    The same people.

18        Q.    For how long did you meet on Monday?

19        A.    From around 1:30 or 2:00 until about 5:00.

20   Yeah, around 5 o'clock p.m.

21        Q.    All right.  On either occasion, did you take

22   any notes?

23        A.    Yes, I did.

24        Q.    And do you have them with you?

25        A.    I do.
```

```
 1      Q.   All right.  Going to ask that I be presented

 2   with them and I'll mark them as an exhibit.

 3            MR. HUSEMAN:  At this point I'm going to

 4   instruct him not to produce those to you.  I assert

 5   attorney/client privilege.

 6      Q.   Would those notes be useful to you -- let me

 7   ask you this question.

 8            When I walked into the hallway when I met you

 9   this afternoon before the deposition, were you

10   reviewing those notes?

11      A.   I was reviewing everything that I had.

12      Q.   Including your notes?

13      A.   Yes, that is correct.

14      Q.   Were those notes useful to you in terms of

15   refreshing your recollection as to how to proceed

16   through the course of this deposition?

17      A.   They help me stay focused and to be able to...

18      Q.   Is that a yes with an explanation?

19      A.   Yes, that's correct.

20            MR. LONGER:  I'm going to ask that those

21   notes be produced.

22            MR. HUSEMAN:  And those are protected by

23   attorney/client privilege so do not divulge those.

24            THE WITNESS:  Okay.

25      Q.   Have you had any communications with any other
```

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE:  CHINESE-MANUFACTURED DRYWALL PRODUCTS LIABILITY LITIGATION | MDL NO. 2047 SECTION: L JUDGE FALLON MAG. JUDGE WILKINSON |
| THIS DOCUMENT RELATES TO: ALL ACTIONS | |

CLASS COUNSEL'S MOTION TO COMPEL AND FOR SANCTIONS,
AND ALTERNATIVELY, RESPONSE TO JAN PETRUS'S AND
CHRISTOPHER BANDAS'S MOTION TO QUASH
AND FOR PROTECTIVE ORDER [REC. DOC. 16053]

NOW COMES, Class Counsel, who respectfully moves this Court for an Order requiring that Objectors and their counsel comply with discovery requests issued by Class Counsel and Orders of this Court. This Court has previously issued Orders requiring expedited discovery and in order to prepare for the Fairness Hearing scheduled on November 13, 2012, Class Counsel should not be delayed any further by Objectors. Objectors and their counsel should be ordered to comply with the

EXHIBIT B

1

Case 2:09-md-02047-EEF-MBN Document 16146-1 Filed 11/08/12 Page 24 of 42
Case: 12-31133 Document: 00512047986 Page: 24 Date Filed: 11/08/2012

Case 2:09-md-02047-EEF-JCW Document 16073 Filed 11/02/12 Page 2 of 3

Court's Orders as more fully requested in the memorandum in support of this motion, incorporated herein.

Respectfully submitted,

Dated: November 2, 2012

/s/ Russ M. Herman
Russ M. Herman, Esquire (Bar No. 6819)
Leonard A. Davis, Esquire (Bar No. 14190)
Stephen J. Herman, Esquire (Bar No. 23129)
HERMAN, HERMAN & KATZ, LLP
820 O'Keefe Avenue
New Orleans, LA 70113
Phone: (504) 581-4892
Fax: (504) 561-6024
Ldavis@hhklawfirm.com
*Plaintiffs' Liaison Counsel in MDL 2047
and Class Counsel*

Arnold Levin
Fred S. Longer
Sandra L. Duggan
Matthew C. Gaughan
LEVIN, FISHBEIN, SEDRAN & BERMAN
510 Walnut Street, Suite 500
Philadelphia, PA 19106
Phone: (215) 592-1500
Fax: (215) 592-4663
Alevin@lfsblaw.com
*Plaintiffs' Lead Counsel in MDL 2047
and Class Counsel*

2

## CERTIFICATE OF SERVICE

I hereby certify that the above and foregoing pleading has been served on Defendants'
Liaison Counsel, Kerry Miller, by e-mail and upon all parties by electronically uploading the same
to LexisNexis File & Serve in accordance with Pre-Trial Order No. 6, and that the foregoing was
electronically filed with the Clerk of Court of the United States District Court for the Eastern District
of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in
accordance with the procedures established in MDL 2047 on this 2nd day of November, 2012.

/s/ Leonard A. Davis
Leonard A. Davis, Esquire
Herman, Herman & Katz, L.L.C.
820 O'Keefe Avenue
New Orleans, Louisiana 70113
Phone: (504) 581-4892
Fax: (504) 561-6024
Ldavis@hhklawfirm.com
*Plaintiffs' Liaison Counsel*
*MDL 2047*
*Co-counsel for Plaintiffs*

Case 2:09-md-02047-EEF-MBN Document 16146-1 Filed 11/08/12 Page 26 of 42
Case: 12-31133 Document: 00512047986 Page: 26 Date Filed: 11/08/2012

Case 2:09-md-02047-EEF-JCW Document 16073-1 Filed 11/02/12 Page 1 of 9

## UNITED STATES DISTRICT COURT
### EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: CHINESE-MANUFACTURED DRYWALL PRODUCTS LIABILITY LITIGATION | MDL NO. 2047<br>SECTION: L<br>JUDGE FALLON<br>MAG. JUDGE WILKINSON |
| THIS DOCUMENT RELATES TO:<br><br>ALL ACTIONS | |

### MEMORANDUM IN SUPPORT OF
### CLASS COUNSEL'S MOTION TO COMPEL AND FOR SANCTIONS, AND ALTERNATIVELY RESPONSE TO JAN PETRUS'S AND CHRISTOPHER BANDAS'S MOTION TO QUASH AND FOR PROTECTIVE ORDER [REC. DOC. 16053]

MAY IT PLEASE THE COURT:

As the Court is well aware, a hearing on Motion for Sanctions by Class Counsel [Rec. Doc. 15982] and on discovery dispute issues (see letter from Leonard Davis to the Court dated October 29, 2012, Exhibit "A") came on for hearing on October 31, 2012 [see Minute Entry, Rec. Doc. 16055]. The Court issued an Order on October 31, 2012 [Rec. Doc. 16056] addressing the discovery disputes. A copy of the transcript from the hearing will be filed as Exhibit "B" upon receipt from the court reporter. The Court ruled on October 31, 2012 that discovery was to proceed and that the depositions should be focused on all objectors. Certain Interrogatories and Requests for Productions were enforced [see Order Rec. Doc. 16056 and Exhibit "B"].

### CLASS COUNSEL IS ENTITLED TO TAKE THE DEPOSITION OF
### JAN PETRUS, ERNEST VITELA AND E AND E CONSTRUCTION CO.

On October 31, 2012, Class Counsel appeared in Corpus Christi, Texas, to begin taking depositions of objectors. The first deposition taken was of Saul Soto, individually and as agent for

1

EXHIBIT C

Case 2:09-md-02047-EEF-MBN Document 16146-1 Filed 11/08/12 Page 27 of 42
Case: 12-31133 Document: 00512047986 Page: 27 Date Filed: 11/08/2012

Case 2:09-md-02047-EEF-JCW Document 16073-1 Filed 11/02/12 Page 2 of 9

his company SHS Construction. A rough unedited transcript of the deposition is attached hereto as Exhibit "C". The second deposition was taken on November 1, 2012 and was the deposition of Ronnie Garcia, individually and as agent for his company Bay Area Contracting & Construction, Inc. A rough unedited transcript of the deposition is attached hereto as Exhibit "D". Counsel for Objectors, despite having participated in the hearing on October 31, 2012, objected to the production and refused to allow the depositions of Jan Petrus, Ernest Vitela and E and E Construction Co. to proceed. Furthermore, during the depositions of Saul Soto and Ronnie Garcia, Objectors' counsel refused to allow Class Counsel to obtain relevant discovery and obstructed the discovery process. For the reasons set forth below, Objectors should be compelled to participate in discovery and appropriately sanctioned for violating Court Orders.

On October 4, 2012, Interrogatories, Requests for Production of Documents and Notices of Depositions were sent via Federal Express delivery to Christopher A. Bandas, counsel for Objectors Jan Petrus, Ernest Vitela and E and E Construction Co. Subpoenas were issued for the appearance of Ernest Vitela and Jan Petrus.[1] Mr. Vitela refused to accept the subpoena and effectively "dodged service" despite numerous attempts to make service. A copy of the Affidavit of Attempts has been filed with the Court [Rec. Doc. 16070] (see Exhibit "E"). The subpoena issued to Jan Petrus was delivered to the law office of Christopher Bandas (see Exhibit "F", return of service) [Rec. Doc. 16027]. On September 28, 2012, Objectors Jan Petrus, Ernest Vitela and E and E Construction Co. filed a formal Objection to the Settlement(s) [Rec. Doc. 15859], represented by counsel Christopher A. Bandas.

---

[1] The subpoena to Ernest Vitela was issued to 1404 Madrid Cir., Portland, Texas 78374 and the subpoena to Jan Petrus was through her attorney, Christopher Bandas at his law firm in Corpus Christi, Texas.

Case 2:09-md-02047-EEF-MBN Document 16146-1 Filed 11/08/12 Page 28 of 42
Case: 12-31133 Document: 00512047986 Page: 28 Date Filed: 11/08/2012

Case 2:09-md-02047-EEF-JCW Document 16073-1 Filed 11/02/12 Page 3 of 9

All of the discovery was filed and served on Objectors before any Order was issued by the Court allowing for the dismissal of the Objections. Rule 5 of the Federal Rules of Civil Procedure provides that service on a party represented by an attorney is made on the attorney unless the Court orders service on the party and that service under Rule 5(a) can be accomplished by leaving it at the persons office with a clerk, and additionally by delivering by electronic means. In accordance with the Court's Order, a copy of the discovery was uploaded to LexisNexis File & Serve. Furthermore, Counsel for the Objectors, Christopher Bandas, on October 9, 2012 consented to producing all Objectors for deposition and consented to expedited discovery (see Exhibit "A"). Jan Petrus, Ernest Vitela and E and E Construction Co. all had objections pending at the time the discovery was served on Christopher Bandas and in fact, to date, the Court has not issued an Order dismissing the objections of Jan Petrus, Ernest Vitela and E and E Construction Co.[2]  Christopher A. Bandas is mere "crawfishing" from the agreement he entered into on October 9, 2012 and there is no basis for Objectors' counsel refusing to produce Jan Petrus, Ernest Vitela and E and E Construction Co.  All of the parties filed Objections and are represented by common Objectors' Counsel, Christopher A. Bandas and R. Joshua Koch, Jr. Class Counsel is entitled to discover the basis of all objections, why each Objector has standing, and the relationship with Counsel. Questions regarding these areas are relevant to this matter.  By way of example, Objector Jan Petrus appears to have been represented by Christopher Bandas in multiple class actions, including the Lowe's Drywall litigation.  Class Counsel adopts and incorporates herein its Omnibus Response to the Bandas Objectors' Motion to Dismiss Objection and Response to Motion for Leave to Conduct Discovery Regarding the Fairness

---

[2] It is interesting to note that Ronnie Garcia was produced for his deposition even though the subpoena was attempted to be served at a location was improper and the Objector could not be served.

Case 2:09-md-02047-EEF-MBN Document 16146-1 Filed 11/08/12 Page 29 of 42
Case: 12-31133 Document: 00512047986 Page: 29 Date Filed: 11/08/2012

Case 2:09-md-02047-EEF-JCW Document 16073-1 Filed 11/02/12 Page 4 of 9

of Proposed Class Action Settlement filed October 24, 2012 [Rec. Doc. 15981], which sets forth Mr.

Bandas' history as a serial, professional objector, and the ongoing efforts to extort attorney's fees

in the guise of the Petrus Objection. The depositions of Jan Petrus, Ernest Vitela and E and E

Construction Co. should be ordered to proceed and Objectors' Counsel should be sanctioned and

ordered to pay all costs and fees for the taking of these depositions.

## CLASS COUNSEL IS ENTITLED TO RECEIVE NOTES USED BY MR. SOTO TO REFRESH HIS MEMORY

At the deposition of Saul Soto, Class Counsel inquired of the witness about notes that the

witness reviewed just prior to the deposition and which were used to refresh the witness's

recollection. Despite requests by counsel for production of the notes, Objector's Counsel refused

to allow the notes to be produced. The deponent relied upon the document to prepare for his

deposition. As stated in the deposition:

Q.   Would those notes be useful to you -- let me ask you this question.
     When I walked into the hallway when I met you this afternoon before the deposition, were you reviewing those notes?

A.   I was reviewing everything that I had.

Q.   Including your notes?

A.   Yes, that is correct.

Q.   Were those notes useful to you in terms of refreshing your recollection as to how to proceed through the course of this deposition?

A.   They help me stay focused and to be able to...

Q.   Is that a yes with an explanation?

A.   Yes, that's correct.

MR. LONGER: I'm going to ask that those notes be produced.

MR. HUSEMAN: And those are protected by attorney/client privilege so do not divulge those.

(See deposition of Saul Soto, page 10, lines 6 thru 23.)

4

Case 2:09-md-02047-EEF-MBN   Document 16146-1   Filed 11/08/12   Page 30 of 42
Case: 12-31133   Document: 00512047986   Page: 30   Date Filed: 11/08/2012

Case 2:09-md-02047-EEF-JCW   Document 16073-1   Filed 11/02/12   Page 5 of 9

Mr. Soto should be ordered to produce the notes and questions regarding the notes should be allowed to be asked by Class Counsel.

## CLASS COUNSEL IS ENTITLED TO DISCOVER THE RELATIONSHIP BETWEEN OBJECTORS AND THEIR COUNSEL

Class Counsel must be allowed to understand the relationship between Objectors and their counsel. Although a Class Action Objector Power of Attorney and Contingency Agreement between Saul Soto and the Bandas Laws Firm, P.C. (see Exhibit "E") was produced, Class Counsel was prohibited from asking Objectors questions regarding Objectors' relationship with Objectors' counsel and activity that may have taken place in other matters. For instance, in the deposition of Mr. Soto, the following took place:

> Q.     It's before the judge. Do you think it's something that your counsel should bring to your attention?
>
> MR. HUSEMAN: Okay. Don't answer that question. If you're going to continue basically harassing him as you are, we're going to call -- stop that line of questioning. You're welcome to ask him other questions, but in terms of trying to drive a wedge between him and his lawyer or to interfere with the attorney/client privilege, he may have Mr. Bandas, we're not going to go any further down that road without Fallon saying that's appropriate.
>
> MR. LONGER: Well, I believe in the conference that we had with Judge Fallon this afternoon, he instructed us that we could address standing, his underlying objection and his relationship with his counsel.
>
> MR. HUSEMAN: And --
>
> MR. LONGER: And I believe that his knowledge of what his counsel is doing in federal court and what his counsel has done elsewhere is related to his relationship with his counsel.
>
> MR. HUSEMAN: And your attempts -- just make sure we're clear about what I'm saying to you. Your attempts to say would it be of interest to you or would you like to know or those type of things are basically calculated at least in my view sitting

here, as a way of trying to interfere with Mr. Soto's relationship with Mr. Bandas and if that's what the judge has in mind, then perhaps you-all need to make a more explicit ruling on it. You had a chance to discuss the relationship with him, you've had a contract and in terms of your trying to make Mr. Soto feel bad or to put Mr. Bandas in a bad light with his client, that part I'm not going to go along with.

Q.    Are you aware that courts around the country have found Mr. Bandas to be a professional objector?

MR. HUSEMAN: Okay. This is the same line of questioning. I'm telling Mr. Soto not to answer that pending the judge ruling on that.

MR. DODSON: So we need to go ahead and set a hearing on that.

MR. LONGER: If you like.

(See deposition of Saul Soto, page 37, line 5 thru page 38, line 22.)

The continued obstruction of depositions by Objectors' Counsel took place during the Ronnie Garcia deposition.

Q.    I guess I can tell you what he does, but are you aware in Walmart stores in order of denying his objection to a settlement fees, the court observed that Bandas objection filed on behalf of Ms. Clawson is a generic boilerplate objection prepared and filed by attorneys working for their own personal benefit an not for the benefit of this class or for the lawyers' clients. The record before the court demonstrates that Bandas is a professional objector who is improperly attempting to high-jack the settlement of this case from deserving class members and dedicated, hard working counsel, solely to coerce ill gotten, inappropriate and unspecified legal fees." How do you feel about having an individual like that representing you?

A.    I didn't know that.

Q.    And how do you feel about having an individual like that representing you on this objection? Does it make you think twice about --

MR. DODSON: All right. At this time we're terminating this line of inquiry as being outside the scope of examination as we understand the judge allowed. And do not answer.

MR. GAUGHAN: Okay. And we obviously disagree on that, but...

6

Case 2:09-md-02047-EEF-MBN   Document 16146-1   Filed 11/08/12   Page 32 of 42
Case: 12-31133   Document: 00512047986   Page: 32   Date Filed: 11/08/2012

Case 2:09-md-02047-EEF-JCW   Document 16073-1   Filed 11/02/12   Page 7 of 9

MR. LONGER: It may become a point of motions practice with the court.

(See deposition of Ronnie Garcia, page 113, line 17 thru page 114, line 18.)

Interestingly enough, Objector Jan Petrus, an office employee of Christopher Bandas, and her son have objected to other settlements. Aaron Petrus objected in the case of *Debbie Milliron v. T-Mobile USA, Inc.*, Civil Action No. 08-4149 (D.C.N.J.) and Jan Petrus and her son objected in the case of *Closson v. Bank of America*, Case No. CGC-04-436877 (San Fran. Super. Ct.). It is believed that Christopher Bandas was involved in the objections.

## CLASS COUNSEL IS ENTITLED TO SPECIFIC DISCOVERY RESPONSES AND NOT A DOCUMENT DUMP

Objectors cannot be allowed to obstruct Class Counsel's efforts to obtain legitimate discovery. Objectors have refused to produce documents that are responsive to narrowly tailored discovery requests. This Court, in its hearing on October 31, 2012, already passed upon the relevance of Class Counsel's discovery requests. Objectors have undertaken steps to delay discovery and increase the burden and expense of the litigation. For instance, on November 1, 2012, Ronnie Garcia produced fourteen (14) banker boxes (Exhibits 11 through 25 of the Garcia deposition), constituting useless common non-responsive documents. Similarly, Mr. Saul Soto produced four (4) bankers boxes of useless non-responsive documents. Class Counsel should not be subjected to a document dump. The deponent to whom specific and targeted discovery has been issued should be forced to produce specific documents that are responsive to the requests.

## CONCLUSION

For the foregoing reasons, Objectors and their counsel should be ordered to comply with this Court's rulings of October 31, 2012. Specifically, the depositions of Jan Petrus, Ernest Vitela and E and E Construction Co. should proceed immediately and Objectors' counsel and/or Objectors

Case 2:09-md-02047-EEF-MBN   Document 16146-1   Filed 11/08/12   Page 33 of 42
Case: 12-31133   Document: 00512047986   Page: 33   Date Filed: 11/08/2012

Case 2:09-md-02047-EEF-JCW   Document 16073-1   Filed 11/02/12   Page 8 of 9

should be sanctioned and ordered to pay all costs and fees for the taking of these depositions. Furthermore, these depositions should be taken in New Orleans, Louisiana, in the courthouse of the United States District Court, Eastern District of Louisiana, so that any objections during the course of the depositions can immediately be addressed by the Honorable Eldon E. Fallon. Furthermore, the notes that were not produced by Saul Soto should be ordered to be produced to Class Counsel and if additional questioning of the deponent is requested, then such testimony should occur immediately at the cost and expense of Objector and/or Objector's counsel. Class Counsel furthermore should be ordered to be allowed to inquire and ask questions regarding the relationship between Objectors and their counsel. Finally, Objectors and Objectors' counsel should be sanctioned and required to produce documents responsive to properly issued discovery by Class Counsel.

<div style="margin-left:40%">

Respectfully submitted,

</div>

Dated: November 2, 2012

<div style="margin-left:40%">

/s/ Russ M. Herman
Russ M. Herman, Esquire (Bar No. 6819)
Leonard A. Davis, Esquire (Bar No. 14190)
Stephen J. Herman, Esquire (Bar No. 23129)
HERMAN, HERMAN & KATZ, LLP
820 O'Keefe Avenue
New Orleans, LA 70113
Phone: (504) 581-4892
Fax: (504) 561-6024
Ldavis@hhklawfirm.com
*Plaintiffs' Liaison Counsel in MDL 2047*
*and Class Counsel*

</div>

Case 2:09-md-02047-EEF-MBN Document 16146-1 Filed 11/08/12 Page 34 of 42
Case: 12-31133 Document: 00512047986 Page: 34 Date Filed: 11/08/2012

Case 2:09-md-02047-EEF-JCW Document 16073-1 Filed 11/02/12 Page 9 of 9

Arnold Levin
Fred S. Longer
Sandra L. Duggan
Matthew C. Gaughan
LEVIN, FISHBEIN, SEDRAN & BERMAN
510 Walnut Street, Suite 500
Philadelphia, PA 19106
Phone: (215) 592-1500
Fax: (215) 592-4663
Alevin@lfsblaw.com
*Plaintiffs' Lead Counsel in MDL 2047*
*and Class Counsel*

## CERTIFICATE OF SERVICE

I hereby certify that the above and foregoing pleading has been served on Defendants'
Liaison Counsel, Kerry Miller, by e-mail and upon all parties by electronically uploading the same
to LexisNexis File & Serve in accordance with Pre-Trial Order No. 6, and that the foregoing was
electronically filed with the Clerk of Court of the United States District Court for the Eastern District
of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in
accordance with the procedures established in MDL 2047 on this 2nd day of November, 2012.

/s/ Leonard A. Davis
Leonard A. Davis, Esquire
Herman, Herman & Katz, L.L.C.
820 O'Keefe Avenue
New Orleans, Louisiana 70113
Phone: (504) 581-4892
Fax: (504) 561-6024
Ldavis@hhklawfirm.com
*Plaintiffs' Liaison Counsel*
*MDL 2047*
*Co-counsel for Plaintiffs*

Case 2:09-md-02047-EEF-MBN   Document 16146-1   Filed 11/08/12   Page 35 of 42
Case: 12-31133   Document: 00512047986   Page: 35   Date Filed: 11/08/2012

Case 2:09-md-02047-EEF-JCW   Document 16100   Filed 11/05/12   Page 1 of 3

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: CHINESE-MANUFACTURED DRYWALL PRODUCTS LIABILITY LITIGATION | MDL NO. 2047 |
| | SECTION: L |
| THIS DOCUMENTS RELATES TO: ALL CASES AND | JUDGE FALLON |
| | MAG. JUDGE WILKINSON |

*Payton, et. al. v. Knauf Gips, KG, et. al.*
Case No. 2:09-cv-07628 (E.D. La.)

*Wiltz, et. al. v. Beijing New Building Materials
Public Limited Co., et. al.*
Case No. 1:09-cv-00361 (E.D. La.)

*Gross, et. al. v. Knauf Gips, KG, et. al.*
Case No. 2:09-cv-06690 (E.D. La.)

*Rogers, et. al. v. Knauf Gips, KG, et. al.*
Case No. 2:10-cv-00362 (E.D. La.)

*Amato, et. al. v. Liberty Mutual Ins. Co., et. al.*
Case No. 2:10-cv-00932

*Hernandez, et. al. v. AAA Insurance, et. al.*
Case No. 2:10-cv-3070 (E.D. La.)

*Abel, et. al. v. Taishan Gypsum Co. Ltd., f/k/a
Shandong Taihe Dongxin Co., Ltd., et. al.*
Case No. 2:11-cv-00080 (E.D. La.)

*Abreu, et. al. v. Gebrueder Knauf
Verwaltungsgesellschaft, KG, et. al.*
Case No. 2:110cv000252 (E.D. La.)

*Haya, et. al. v. Taishan Gypsum Co., Ltd.,
f/k/a Shandong Taihe Dongxin Co., Ltd., et. al.*
Case No. 2:11-cv-01077 (E.D. La.)

*Vikers, et. al. v. Knauf Gips KG, et. al.*
Case No. 2:09-cv-04117 (E.D. La.)

EXHIBIT D

1

Case 2:09-md-02047-EEF-MBN Document 16146-1 Filed 11/08/12 Page 36 of 42
Case: 12-31133 Document: 00512047986 Page: 36 Date Filed: 11/08/2012

Case 2:09-md-02047-EEF-JCW Document 16100 Filed 11/05/12 Page 2 of 3

## OBJECTOR SOTO'S MEMORANDUM IN OPPOSITION TO MOTION TO COMPEL PRODUCTION OF CLIENT'S NOTES OF CONFERENCE WITH ATTORNEYS

Class Objector Saul Soto makes this Memorandum in Opposition to the Motion to Compel the Production of the Notes he made while in conference with counsel in preparation for his deposition.

1.     This Court has ordered the production of the notes in question for in camera inspection. The notes have been presented to the Court contemporaneously with the filing of this response.

2.     Soto's deposition shows the context in which the notes were made. While discussing his up-coming deposition with his counsel, he made notes on the process. He felt the notes had been useful to help him stay focused on how to proceed. Soto deposition, at 8-9. He never referred to the notes for any purpose in the course of his deposition.

3.     The notes fall within the work-product doctrine of the attorney-client privilege. The document was prepared by a part in anticipation of his deposition in the pending litigation, and it not ordinarily discoverable. Fed. R. Civ. P. 26(b)(3). Class Counsel cannot show it has substantial need for the notes to prepare its case.

WHEREFORE, Saul Soto requests that the production of his notes of his conference with counsel be denied.

Dated: November 5, 2012

Respectfully submitted.

By:     _____/s/ Christopher A. Bandas_____
        Christopher A. Bandas
        State Bar No. 00787637
        Southern Bar No. 17509
        BANDAS LAW FIRM, P.C.
        500 North Shoreline Blvd., Suite 1020
        Corpus Christi, Texas 78401-0353

Case 2:09-md-02047-EEF-MBN Document 16146-1 Filed 11/08/12 Page 37 of 42
Case: 12-31133 Document: 00512047986 Page: 37 Date Filed: 11/08/2012
Case 2:09-md-02047-EEF-JCW Document 16100 Filed 11/05/12 Page 3 of 3

T: (361) 698-5200
F: (361) 698-5222

R. Joshua Koch, Jr.
State Bar No. 2492
Koch & Schmidt, LLC
650 Poydras St., Suite 2415
New Orleans, LA 70130
T: (504) 208-9040
F: (504) 208-9041

Counsel for Objectors Saul Soto, SHS Construction,
Ronnie Garcia, and Bay Area Contracting
Construction, Inc.

CERTIFICATE OF SERVICE

    I hereby certify that on the 5th day of November 2012 a true and correct copy of the above and foregoing was served on the following as indicated below as well as all counsel of record via the Court's CM/ECF system.

Arnold Levin
Levin, Fishein, Sedran & Berman
510 Walnut Street, Ste. 500
Philadelphia, PA 19106
Plaintiffs' Lead Counsel

Leonard A. Davis
Russ M. Herman
Herman, Herman & Katz, LLP
820 O'Keefe Avenue
New Orleans, LA 70013
Defendants' Counsel

                                /s/ Christopher A. Bandas
                                Christopher A. Bandas

Case 2:09-md-02047-EEF-MBN   Document 16146-1   Filed 11/08/12   Page 38 of 42
Case: 12-31133   Document: 00512047986   Page: 38   Date Filed: 11/08/2012

Case 2:09-md-02047-EEF-JCW   Document 16100-1   Filed 11/05/12   Page 1 of 2

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: CHINESE-MANUFACTURED DRYWALL PRODUCTS LIABILITY LITIGATION | MDL NO. 2047 |
| | SECTION: L |
| THIS DOCUMENTS RELATES TO: ALL CASES AND | JUDGE FALLON |
| | MAG. JUDGE WILKINSON |

*Payton, et. al. v. Knauf Gips, KG, et. al.*
Case No. 2:09-cv-07628 (E.D. La.)

*Wiltz, et. al. v. Beijing New Building Materials Public Limited Co., et. al.*
Case No. 1:09-cv-00361 (E.D. La.)

*Gross, et. al. v. Knauf Gips, KG, et. al.*
Case No. 2:09-cv-06690 (E.D. La.)

*Rogers, et. al. v. Knauf Gips, KG, et. al.*
Case No. 2:10-cv-00362 (E.D. La.)

*Amato, et. al. v. Liberty Mutual Ins. Co., et. al.*
Case No. 2:10-cv-00932

*Hernandez, et. al. v. AAA Insurance, et. al.*
Case No. 2:10-cv-3070 (E.D. La.)

*Abel, et. al. v. Taishan Gypsum Co. Ltd., f/k/a Shandong Taihe Dongxin Co., Ltd., et. al.*
Case No. 2:11-cv-00080 (E.D. La.)

*Abreu, et. al. v. Gebrueder Knauf Verwaltungsgesellschaft, KG, et. al.*
Case No. 2:110cv000252 (E.D. La.)

*Haya, et. al. v. Taishan Gypsum Co., Ltd., f/k/a Shandong Taihe Dongxin Co., Ltd., et. al.*
Case No. 2:11-cv-01077 (E.D. La.)

*Vikers, et. al. v. Knauf Gips KG, et. al.*
Case No. 2:09-cv-04117 (E.D. La.)

## ORDER

Considering the Motion and other supporting evidence deemed necessary, the COURT will DENY Plaintiffs' Motion to Compel Production of Client's Notes of Conference with Attorneys.

IT IS ORDERED that Plaintiffs' Motion to Compel Production of Client's Notes of Conference with Attorneys is DENIED.

Dated this the _____ day of November 2012.


_____

JUDGE PRESIDING

EXHIBIT E

District court's November 7, 2012 Order

FILED UNDER SEAL

Case 1:09-md-02047-EEF-JCW Document 16122 Filed 11/07/12 Page 1 of 2

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: CHINESE MANUFACTURED DRYWALL PRODUCTS LIABILITY LITIGATION | : | MDL NO. 2047 |
| | : | SECTION: L |
| | : | JUDGE FALLON |
| | : | MAG. JUDGE WILKINSON |

THIS DOCUMENT RELATES TO ALL CASES.

ORDER

This matter came on for hearing regarding a discovery dispute between certain objectors to the pending settlements and the Plaintiffs' Steering Committee. This discovery dispute is related to Class Counsel's Motion for Sanctions (R. Doc. 15982). The parties briefed the issue, and on October 31, 2012 the Court conducted a hearing. The Court then issued an Order defining the proper scope of discovery in this matter. (R. Doc. 16056). After the parties advised the Court of continuing discovery disputes, the Court reviewed further Motions and submissions and conducted a second hearing. For reasons stated orally at the hearing, the Court now issues the following Order.

**IT IS ORDERED** that Class Counsel organize and review all produced documents while maintaining a record of their time and expenses.

**IT IS FURTHER ORDERED** that counsel for all parties refrain from instructing deponents not to answer a question based on objections to the relevance of the question. In accordance with the relevant discovery rules, counsel may instruct a deponent not to answer only when counsel asserts the existence of a privilege.

**IT IS FURTHER ORDERED** that all noticed depositions for which valid service has

EXHIBIT F

Case 2:09-md-02047-EEF-MBN Document 16146-1 Filed 11/08/12 Page 42 of 42
Case: 12-31133 Document: 00512047986 Page: 42 Date Filed: 11/08/2012
Case 2:09-md-02047-EEF-JCW Document 16122 Filed 11/07/12 Page 2 of 2

been effected shall proceed, and all validly served deponents shall appear.

New Orleans, Louisiana this 7th day of November, 2012.

UNITED STATES DISTRICT JUDGE