# 12-31133

No. _____

## UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

———————————

In re:

Saul Soto,

Petitioner.

———————————

Original proceeding from the
Eastern District of Louisiana C.A. No. 2:09-md-02047-EEF-JCW

---

## EMERGENCY MOTION TO STAY AND TO SEAL
## BY SAUL SOTO

---

Attorneys for Petitioner Saul Soto:

Christopher A. Bandas
BANDAS LAW FIRM, P.C.
500 North Shoreline Blvd.
Suite 1020
Corpus Christi, Texas 78401-0353
Tel. (361) 698-5200
Fax (361) 698-5222

R. Joshua Koch, Jr.
KOCH & SCHMIDT, LLC
650 Poydras St., Suite 2415
New Orleans, Louisiana 70130
Tel. (504) 208-9040
Fax (504) 208-9041



EXHIBIT
B

Pursuant to Federal Rules of Appellate Procedure 8(a)(2) and 27,
Petitioner Saul Soto respectfully moves this Honorable Court on an
emergency basis: i) for leave to seal an exhibit to his Petition for Writ of
Mandamus; and ii) to stay certain proceedings in the district court until
after the resolution of his Petition for Writ of Mandamus. In support of his
motion, Soto shows as follows:

## FACTUAL BACKGROUND

The proceedings in the district court relate to various class actions
(consolidated into Multidistrict Litigation No. 2047) concerning allegedly
defective drywall manufactured in China and imported to and distributed
in the United States, that emits smelly, corrosive gases. Class Counsel have
negotiated, on behalf of a putative settlement class, a settlement with
various distributors, suppliers, builders, developers, and installers of
Chinese drywall, and their insurers.

Soto, represented by the Bandas Law Firm, filed an objection to the
settlement within the time allowed by the district court. Class Counsel
almost immediately began seeking discovery from Soto and the other
objectors, including but not limited to Soto's oral deposition.

Soto's oral videotaped deposition commenced on October 31, 2012, in
Corpus Christi, Texas. (Ex. A, p. 2:3-9) Soto testified that he had met with
his attorneys on two occasions before the deposition, and the attorneys had

1

helped him prepare for his deposition. (Ex. A, pp. 5:14 – 8:20) Soto had taken notes during these meetings. (Ex. A, p. 8:21-23)

Class Counsel requested that Soto produce his notes from his meetings with his attorneys; Soto's attorney immediately asserted the attorney/client privilege for Soto and instructed him not to produce the notes. (Ex. A, p. 9:1-5) Although Soto had reviewed the notes and his other materials before his deposition started (Ex. A, p. 9:8-13), Soto did not read the notes during his deposition. Further, Soto explained that the reason he was reviewing the notes before his deposition was to "help [him] stay focused." (Ex. A, p. 9:14-17) Soto's counsel again asserted the attorney/client privilege and instructed Soto not to divulge the notes. (Ex. A, p. 9:20-23)

On November 2, 2012, Class Counsel filed a Motion To Compel and for Sanctions (Ex. B) and an associated Memorandum in Support (Ex. C). The memorandum argued that Soto "relied upon the document to prepare for his deposition," and asked the district court to order the notes be produced and to allow Class Counsel to ask Soto about the notes. (Ex. C, pp. 4-5)

Soto opposed the motion. (Ex. D) The district court heard the motion on November 5, 2012. (The transcript of the November 5 hearing is not yet

available.)  The district court ordered Soto's counsel to submit the disputed notes for *in camera* review, and Soto's counsel complied.

On November 7, 2012, the district court issued an order regarding the notes. (Ex. E [attachment omitted])  The order incorrectly described the document as "a deponent's notes to which the deponent had referred during the deposition for the purpose of refreshing his memory." (Ex. E, p. 1)  The order framed the issue before the district court as "whether a deponent who takes notes during a preparatory conversation with his lawyer and then refers to those notes during the deposition to refresh his memory can successfully assert a privilege when asked to produce those notes to opposing counsel." (Ex. E, p. 2)  The district court found the notes were not privileged, and despite knowing Soto's position that the notes were privileged, the district court attached a copy of the notes to its order which was then posted on the Court's PACER/ECF system and immediately made available to Class Counsel. (Ex. E, p. 3)

Class Counsel has also sought to question Soto and another objector, Ronnie Garcia, concerning their lawyer's representation of objectors in *other* class actions—class actions in which Soto and Garcia had no involvement. (Ex. C, pp. 5-7)  Class Counsel want to portray Bandas as a "professional objector," and require Soto and Garcia to answer questions like "how do you feel about having an individual like that representing

you on this objection?" (Ex. C, p. 6) The district court has ordered that the objectors' counsel cannot instruct the objectors not to answer a question except on privilege grounds. (Ex. F) This order would prevent objectors' counsel from presenting a motion to terminate or limit the deposition under Rule 30(d)(3) of the Federal Rules of Civil Procedure, if Class Counsel is conducting the deposition in bad faith or is unreasonably oppressing the witness.

Soto and Garcia are scheduled to continue their depositions today, November 8, 2012, beginning at 3 p.m. Soto filed an emergency motion with the district court seeking a stay of its rulings while he seeks mandamus relief from this Court, but his motion was denied. (Ex. G) If the Court does not grant immediate, emergency relief, Class Counsel are likely to attempt to examine Soto about his privileged notes, and Soto's counsel may be improperly restricted from making an appropriate motion under Rule 30(d) of the Federal Rules of Civil Procedure.

## GROUNDS FOR RELIEF

The Court may stay proceedings in the district court while a petition for mandamus relief is pending. *See, e.g., Woodson v. Surgitek, Inc.*, 57 F.3d 1406, 1416 (5th Cir. 1995); FED. R. APP. P. 8. Critically, if a stay is not ordered, Soto will be irreparably harmed. The district court has already exceeded its powers in entering Soto's privileged documents into the

4

record, before Soto could seek any relief from the court's ruling. This error should not be compounded by requiring Soto to answer questions about the privileged document while his Petition for Writ of Mandamus is pending. There is no adequate remedy for the improper disclosure of privileged information, which is why mandamus relief is granted for privilege issues. *See In re U.S. Dep't of Homeland Security*, 459 F.3d 565, 568 (5th Cir. 2006) (citing *In re Aventel, S.A.*, 343 F.3d 311, 317 (5th Cir. 2003); *In re Burlington No.*, 822 F.2d 518, 522 (5th Cir. 1987)). There would likewise be no adequate relief if Soto's counsel cannot protect the objectors from oppressive questioning intended to pressure objectors into withdrawing their objections, which then could not be appealed.

Soto does *not* seek a stay of all proceedings in the district court, nor even of all discovery against him and the other objectors. Soto seeks only a stay, while his petition is pending, of: 1) the district court's order that his notes are not privileged and should be produced; 2) any discovery concerning the notes, including but not limited to deposition questions directed to him or any other witness; 3) any use, filing, or transmission of the notes until this proceeding is resolved; and 4) the district court's order forbidding counsel from instructing a witness not to answer a question in order to make a motion under Federal Rule of Civil Procedure 30(d).

For similar reasons, the Court should grant leave for the district court's November 7, 2012 order with the privileged notes attached to it (Exhibit E to the Petition for Writ of Mandamus) to be filed under seal. The notes are privileged and Soto has not waived the privilege. Because the notes have already been put into the record in the district court, Soto is submitting them to the Court, but only *in camera* and under seal. This motion, too, requires immediate relief.

Pursuant to Fifth Circuit Rule 27.3, the undersigned certifies that the Clerk's office and offices of opposing counsel have been notified of Soto's intent to file this emergency motion. The motion should be granted as soon as possible today, November 8, 2012. The undersigned is uncertain whether an opposition will be filed, but in light of the nature of this motion relief should be granted without awaiting a response.

Dated: November 8, 2012

Respectfully submitted,

By: Christopher A. Bandas

Christopher A. Bandas
State Bar No. 00787637
BANDAS LAW FIRM, P.C.
500 North Shoreline Blvd., Suite 1020
Corpus Christi, Texas 78401-0353
T: (361) 698-5200
F: (361) 698-5222

R. Joshua Koch, Jr.

6

Case 2:09-md-02047-EEF-MBN    Document 16146-2    Filed 11/08/12    Page 8 of 39

State Bar No. 2492
Koch & Schmidt, LLC
650 Poydras St., Suite 2415
New Orleans, LA 70130
T: (504) 208-9040
F: (504) 208-9041

Counsel for Petitioner Saul Soto

## CERTIFICATE OF SERVICE

I certify that I filed the original and three copies of the Emergency Motion to Stay and to Seal with the Court, and sent a copy of the Petition for Writ of Mandamus to the district court judge, by hand delivery, and on all parties to the proceeding in the district court by ECF, on this 8th day of November, 2012.

_Christopher A. Bandas_
Christopher A. Bandas

Arnold Levin
Levin, Fishein, Sedran & Berman
510 Walnut Street, Ste. 500
Philadelphia, PA 19106

Leonard A. Davis
Russ M. Herman
Herman, Herman & Katz, LLP
820 O'Keefe Avenue
New Orleans, LA 70013

Case 2:09-md-02047-EEF-MBN   Document 16146-2   Filed 11/08/12   Page 10 of 39
Case: 12-31133   Document: 00512048011   Page: 10   Date Filed: 11/08/2012

Case 2:09-md-02047-EEF-JCW   Document 16073-4   Filed 11/02/12   Page 2 of 112

1

1

2          (REAL-TIME)  UNEDITED  TRANSCRIPTION  DISCLAIMER

3

4    The following transcript of proceedings, or any portion
     thereof, is UNEDITED and UNCERTIFIED by the certified
5    court reporter, at the request of counsel for the
     plaintiff.

6

7    The purchaser/user agrees not to disclose this
     (real-time) unedited transcription in any form (written
     or electronic) to anyone who has no connection to this
8    case.  This is an unofficial transcription which should
     NOT be relied upon for purposes of verbatim citation of
9    testimony.

10   This transcription has not been checked, proofread or
     corrected.  It is a draft transcript, NOT a certified
11   transcript.  As such, it may contain computer-generated
     mistranslations of stenotype code or electronic
12   transmission errors, resulting in inaccurate or
     nonsensical word combinations, or untranslated
13   stenotype symbols which cannot be deciphered by
     non-stenotypists.  Corrections will be made in the
14   preparation of the certified transcription, resulting
     in differences in content, page and line numbers,
15   punctuation, and formatting.

16   This (real-time) unedited transcript contains no
     appearance page, certificate page, index, or
17   certification.

18

19

20

21

22

23

24

25

Case 2:09-md-02047-EEF-MBN Document 16146-2 Filed 11/08/12 Page 11 of 39
Case: 12-31133 Document: 0051204801 Page: 1 Date Filed: 11/08/2012

Case 2:09-md-02047-EEF-JCW Document 16073-4 Filed 11/02/12 Page 3 of 112

2

```
 1              THE VIDEOGRAPHER:  We're now on the

 2   record.  My name is Doug Overstreet, I'm the

 3   videographer.  Today's date is October 31st, 2012, it's

 4   5:07 p.m., beginning of tape one, this video deposition

 5   is being held in Corpus Christi, Texas. in the matter

 6   of Chinese manufacture drywall products liability

 7   litigation the U.S. District Court Eastern District of

 8   Louisiana.  The deponent is Mr. Saul Soto.  Would

 9   counsel please identify themselves for the record.

10              MR. LONGER:  Fred Longer on behalf of the

11   class counsel.

12              MR. GAUGHAN:  Matthew on behalf of class

13   counsel.

14              MR. HUSEMAN:  And Van Huseman on behalf of

15   the deponent.

16              MR. DODSON:  Paul Dodson for the deponent.

17              THE VIDEOGRAPHER:  Would the court

18   reporter please swear in the witness.

19                   SAUL SOTO,

20   having been first duly sworn, testified as follows:

21                   EXAMINATION

22   BY MR. LONGER:

23       Q.   Mr. Soto, my name is Fred Longer.  We met

24   before the deposition began in the hallway outside.

25   But I'll introduce myself again.  I am going to be
```

ROUGH DRAFT TRANSCRIPT ONLY

Case 2:09-md-02047-EEF-MBN  Document 16146-2  Filed 11/08/12  Page 12 of 39
Case: 12-31133  Document: 00512046011  Page: 12  Date Filed: 11/08/2012

Case 2:09-md-02047-EEF-JCW  Document 16073-4  Filed 11/02/12  Page 6 of 112

5

1    we're talking about?

2         A.    Back in around 2009.

3         Q.    And what was the tax ID number that you used

4    in that time frame?

5         A.    I would have to look in there, sir.  I'm

6    sorry.  I do not have that in front of me.

7         Q.    Okay.  Was it somebody else's social security

8    number?

9         A.    No, it was just a tax ID for tax purposes.

10        Q.    All right.  Now, is it fair to say then that

11   any questions that I direct to you are also directed to

12   SHS construction?

13        A.    That would be correct.

14        Q.    All right.  Sir, you have Counsel with you

15   today, Mr. Huseman and Mr. Dodson; is that correct?

16        A.    Yes, that's correct.

17        Q.    Who are these gentlemen?

18        A.    They are the lawyers who are helping me with

19   this at this moment.

20        Q.    All right.  And when did you first meet either

21   of these gentlemen?

22        A.    I met them, I believe it was last week.  I'd

23   have to look at my schedule.  I believe it was last

24   week.

25        Q.    Okay.  And were they -- were they retained,

Case 2:09-md-02047-EEF-MBN   Document 16146-2   Filed 11/08/12   Page 13 of 39
Case: 12-31133   Document: 00512048011   Page: 13   Date Filed: 11/08/2012
Case 2:09-md-02047-EEF-JCW   Document 16073-4   Filed 11/02/12   Page 7 of 112

6

```
 1   which may be the wrong word.  Were they engaged to

 2   assist you in preparation for today's deposition?

 3        A.     Yes, they helped me with today's preparation.

 4        Q.     Okay.  And you met them last week to prepare

 5   for the deposition; is that correct?

 6        A.     I met them, yes.

 7        Q.     All right.  And you have a calendar with you?

 8        A.     I can look on my phone if you will allow me

 9   to.

10        Q.     Yes.

11        A.     And I can give you -- is that what you would

12   need the date?

13        Q.     Yes, sir.

14        A.     I have it here October 24th, which is last

15   Wednesday at 10 a.m.

16        Q.     All right.  And did you arrive at this office

17   at 10 a.m.?

18        A.     I arrived at this office, actually like around

19   9:45 or 9:30 in the morning.

20        Q.     I understand you're prompt.  I saw you were

21   prompt this afternoon.  So you met beginning at around

22   let's just say 9:45, 10 o'clock and how many hours did

23   you meet with counsel?

24        A.     We were together -- let's see here.  For a

25   couple of hours, a few hours, something like that.  I
```

1    don't remember the exact time.  I'm trying to put it

2    together in my head.

3         Q.    So was it before lunch?

4         A.    Can I look at my phone again real quick?

5         Q.    Certainly.

6         A.    Let me look at a text message just to kind of

7    help me figure out more or less when I left, something

8    like that.

9         Q.    Whatever will refresh your recollection,

10   that's fine with me.

11        A.    It looks like around 1:00 or 2:00 or somewhere

12   around that time.  I can't say exactly what time I left

13   but it was around that time.

14        Q.    Okay.  So approximately three or four hours?

15        A.    Uh-huh.

16        Q.    Is that a yes?

17        A.    That is -- that's correct.

18        Q.    Who was present the meeting?

19        A.    That day was Mr. Huseman, Mr. Dodson, Eric,

20   and I think Ronnie was there, too, right?

21             MR. HUSEMAN:   Uh-huh.

22        A.    Ronnie, yeah.

23        Q.    All right.  Just so that I'm clear, Ronnie is

24   Ronnie Garcia?

25        A.    Ronnie Garcia, that is correct.

Case 2:09-md-02047-EEF-MBN   Document 16146-2   Filed 11/08/12   Page 15 of 39
Case: 12-31133   Document: 00512048011   Page: 15   Date Filed: 11/08/2012

Case 2:09-md-02047-EEF-JCW   Document 16073-4   Filed 11/02/12   Page 9 of 112

8

1    Q.    And Eric. I don't know that name.  Who is
2    Eric?
3    A.    Eric works for --
4          MR. HUSEMAN:  He's the fellow that you met
5    a while ago that made the comment about wearing a tie.
6          MR. LONGER:  He looks sharp.
7          MR. HUSEMAN:  I'll take implication on
8    that.
9    Q.    And what is Eric's last name?
10         MR. HUSEMAN:  Stewart.
11         MR. LONGER:  S-T-E-W-A-R-T?
12         MR. HUSEMAN:  Yes, sir.
13   Q.    Is that the only time that you met with -- in
14   connection with preparation for today's deposition?
15   A.    No.  We also met on Monday.
16   Q.    And who is the "we"?
17   A.    The same people.
18   Q.    For how long did you meet on Monday?
19   A.    From around 1:30 or 2:00 until about 5:00.
20   Yeah, around 5 o'clock p.m.
21   Q.    All right.  On either occasion, did you take
22   any notes?
23   A.    Yes, I did.
24   Q.    And do you have them with you?
25   A.    I do.

ROUGH DRAFT TRANSCRIPT ONLY

```
 1        Q.    All right.  Going to ask that I be presented

 2    with them and I'll mark them as an exhibit.

 3                  MR. HUSEMAN:  At this point I'm going to

 4    instruct him not to produce those to you.  I assert

 5    attorney/client privilege.

 6        Q.    Would those notes be useful to you -- let me

 7    ask you this question.

 8                  When I walked into the hallway when I met you

 9    this afternoon before the deposition, were you

10    reviewing those notes?

11        A.    I was reviewing everything that I had.

12        Q.    Including your notes?

13        A.    Yes, that is correct.

14        Q.    Were those notes useful to you in terms of

15    refreshing your recollection as to how to proceed

16    through the course of this deposition?

17        A.    They help me stay focused and to be able to...

18        Q.    Is that a yes with an explanation?

19        A.    Yes, that's correct.

20                  MR. LONGER:  I'm going to ask that those

21    notes be produced.

22                  MR. HUSEMAN:  And those are protected by

23    attorney/client privilege so do not divulge those.

24                  THE WITNESS:  Okay.

25        Q.    Have you had any communications with any other
```

Case 2:09-md-02047-EEF-MBN Document 16146-2 Filed 11/08/12 Page 17 of 39
Case: 12-31133 Document: 00512046011 Page: 17 Date Filed: 11/06/2012

Case 2:09-md-02047-EEF-JCW Document 16073 Filed 11/02/12 Page 1 of 3

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: CHINESE-MANUFACTURED DRYWALL PRODUCTS LIABILITY LITIGATION | MDL NO. 2047 SECTION: L JUDGE FALLON MAG. JUDGE WILKINSON |
| THIS DOCUMENT RELATES TO: ALL ACTIONS | |

### CLASS COUNSEL'S MOTION TO COMPEL AND FOR SANCTIONS, AND ALTERNATIVELY, RESPONSE TO JAN PETRUS'S AND CHRISTOPHER BANDAS'S MOTION TO QUASH AND FOR PROTECTIVE ORDER [REC. DOC. 16053]

NOW COMES, Class Counsel, who respectfully moves this Court for an Order requiring that Objectors and their counsel comply with discovery requests issued by Class Counsel and Orders of this Court. This Court has previously issued Orders requiring expedited discovery and in order to prepare for the Fairness Hearing scheduled on November 13, 2012, Class Counsel should not be delayed any further by Objectors. Objectors and their counsel should be ordered to comply with the

1

Case 2:09-md-02047-EEF-MBN Document 16146-2 Filed 11/08/12 Page 18 of 39
Case: 12-31133 Document: 00512048011 Page: 18 Date Filed: 11/08/2012

Case 2:09-md-02047-EEF-JCW Document 16073 Filed 11/02/12 Page 2 of 3

Court's Orders as more fully requested in the memorandum in support of this motion, incorporated herein.

                                        Respectfully submitted,

Dated: November 2, 2012                 /s/ Russ M. Herman
                                        Russ M. Herman, Esquire (Bar No. 6819)
                                        Leonard A. Davis, Esquire (Bar No. 14190)
                                        Stephen J. Herman, Esquire (Bar No. 23129)
                                        HERMAN, HERMAN & KATZ, LLP
                                        820 O'Keefe Avenue
                                        New Orleans, LA 70113
                                        Phone: (504) 581-4892
                                        Fax: (504) 561-6024
                                        Ldavis@hhklawfirm.com
                                        *Plaintiffs' Liaison Counsel in MDL 2047*
                                        *and Class Counsel*

                                        Arnold Levin
                                        Fred S. Longer
                                        Sandra L. Duggan
                                        Matthew C. Gaughan
                                        LEVIN, FISHBEIN, SEDRAN & BERMAN
                                        510 Walnut Street, Suite 500
                                        Philadelphia, PA 19106
                                        Phone: (215) 592-1500
                                        Fax: (215) 592-4663
                                        Alevin@lfsblaw.com
                                        *Plaintiffs' Lead Counsel in MDL 2047*
                                        *and Class Counsel*

## CERTIFICATE OF SERVICE

I hereby certify that the above and foregoing pleading has been served on Defendants' Liaison Counsel, Kerry Miller, by e-mail and upon all parties by electronically uploading the same to LexisNexis File & Serve in accordance with Pre-Trial Order No. 6, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2047 on this 2nd day of November, 2012.

/s/ Leonard A. Davis
Leonard A. Davis, Esquire
Herman, Herman & Katz, L.L.C.
820 O'Keefe Avenue
New Orleans, Louisiana 70113
Phone: (504) 581-4892
Fax: (504) 561-6024
Ldavis@hhklawfirm.com
*Plaintiffs' Liaison Counsel*
*MDL 2047*
*Co-counsel for Plaintiffs*

Case 2:09-md-02047-EEF-MBN Document 16146-2 Filed 11/08/12 Page 20 of 39
Case: 12-31133 Document: 00512048011 Page: 20 Date Filed: 11/08/2012
Case 2:09-md-02047-EEF-JCW Document 16073-1 Filed 11/02/12 Page 1 of 9

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: CHINESE-MANUFACTURED DRYWALL PRODUCTS LIABILITY LITIGATION | MDL NO. 2047 SECTION: L JUDGE FALLON MAG. JUDGE WILKINSON |
| THIS DOCUMENT RELATES TO: ALL ACTIONS | |

### MEMORANDUM IN SUPPORT OF CLASS COUNSEL'S MOTION TO COMPEL AND FOR SANCTIONS, AND ALTERNATIVELY RESPONSE TO JAN PETRUS'S AND CHRISTOPHER BANDAS'S MOTION TO QUASH AND FOR PROTECTIVE ORDER [REC. DOC. 16053]

MAY IT PLEASE THE COURT:

As the Court is well aware, a hearing on Motion for Sanctions by Class Counsel [Rec. Doc. 15982] and on discovery dispute issues (see letter from Leonard Davis to the Court dated October 29, 2012, Exhibit "A") came on for hearing on October 31, 2012 [see Minute Entry, Rec. Doc. 16055]. The Court issued an Order on October 31, 2012 [Rec. Doc. 16056] addressing the discovery disputes. A copy of the transcript from the hearing will be filed as Exhibit "B" upon receipt from the court reporter. The Court ruled on October 31, 2012 that discovery was to proceed and that the depositions should be focused on all objectors. Certain Interrogatories and Requests for Productions were enforced [see Order Rec. Doc. 16056 and Exhibit "B").

### CLASS COUNSEL IS ENTITLED TO TAKE THE DEPOSITION OF JAN PETRUS, ERNEST VITELA AND E AND E CONSTRUCTION CO.

On October 31, 2012, Class Counsel appeared in Corpus Christi, Texas, to begin taking depositions of objectors. The first deposition taken was of Saul Soto, individually and as agent for

1

Case 2:09-md-02047-EEF-MBN  Document 16146-2  Filed 11/08/12  Page 21 of 39
Case: 12-31133  Document: 00512048011  Page: 21  Date Filed: 11/08/2012

Case 2:09-md-02047-EEF-JCW  Document 16973-1  Filed 11/02/12  Page 2 of 9

his company SHS Construction. A rough unedited transcript of the deposition is attached hereto as Exhibit "C". The second deposition was taken on November 1, 2012 and was the deposition of Ronnie Garcia, individually and as agent for his company Bay Area Contracting & Construction, Inc. A rough unedited transcript of the deposition is attached hereto as Exhibit "D". Counsel for Objectors, despite having participated in the hearing on October 31, 2012, objected to the production and refused to allow the depositions of Jan Petrus, Ernest Vitela and E and E Construction Co. to proceed. Furthermore, during the depositions of Saul Soto and Ronnie Garcia, Objectors' counsel refused to allow Class Counsel to obtain relevant discovery and obstructed the discovery process. For the reasons set forth below, Objectors should be compelled to participate in discovery and appropriately sanctioned for violating Court Orders.

On October 4, 2012, Interrogatories, Requests for Production of Documents and Notices of Depositions were sent via Federal Express delivery to Christopher A. Bandas, counsel for Objectors Jan Petrus, Ernest Vitela and E and E Construction Co. Subpoenas were issued for the appearance of Ernest Vitela and Jan Petrus.[1] Mr. Vitela refused to accept the subpoena and effectively "dodged service" despite numerous attempts to make service. A copy of the Affidavit of Attempts has been filed with the Court [Rec. Doc. 16070] (see Exhibit "E"). The subpoena issued to Jan Petrus was delivered to the law office of Christopher Bandas (see Exhibit "F", return of service) [Rec. Doc. 16027]. On September 28, 2012, Objectors Jan Petrus, Ernest Vitela and E and E Construction Co. filed a formal Objection to the Settlement(s) [Rec. Doc. 15859], represented by counsel Christopher A. Bandas.

---

[1] The subpoena to Ernest Vitela was issued to 1404 Madrid Cir., Portland, Texas 78374 and the subpoena to Jan Petrus was through her attorney, Christopher Bandas at his law firm in Corpus Christi, Texas.

Case 2:09-md-02047-EEF-MBN   Document 16146-2   Filed 11/08/12   Page 22 of 39
Case: 12-31133   Document: 00512048011   Page: 22   Date Filed: 11/08/2012

Case 2:09-md-02047-EEF-JCW   Document 16073-1   Filed 11/02/12   Page 3 of 9

All of the discovery was filed and served on Objectors before any Order was issued by the Court allowing for the dismissal of the Objections. Rule 5 of the Federal Rules of Civil Procedure provides that service on a party represented by an attorney is made on the attorney unless the Court orders service on the party and that service under Rule 5(a) can be accomplished by leaving it at the persons office with a clerk, and additionally by delivering by electronic means. In accordance with the Court's Order, a copy of the discovery was uploaded to LexisNexis File & Serve. Furthermore, Counsel for the Objectors, Christopher Bandas, on October 9, 2012 consented to producing all Objectors for deposition and consented to expedited discovery (see Exhibit "A"). Jan Petrus, Ernest Vitela and E and E Construction Co. all had objections pending at the time the discovery was served on Christopher Bandas and in fact, to date, the Court has not issued an Order dismissing the objections of Jan Petrus, Ernest Vitela and E and E Construction Co.[2]   Christopher A. Bandas is mere "crawfishing" from the agreement he entered into on October 9, 2012 and there is no basis for Objectors' counsel refusing to produce Jan Petrus, Ernest Vitela and E and E Construction Co.  All of the parties filed Objections and are represented by common Objectors' Counsel, Christopher A. Bandas and R. Joshua Koch, Jr. Class Counsel is entitled to discover the basis of all objections, why each Objector has standing, and the relationship with Counsel. Questions regarding these areas are relevant to this matter.  By way of example, Objector Jan Petrus appears to have been represented by Christopher Bandas in multiple class actions, including the Lowe's Drywall litigation.  Class Counsel adopts and incorporates herein its Omnibus Response to the Bandas Objectors' Motion to Dismiss Objection and Response to Motion for Leave to Conduct Discovery Regarding the Fairness

---

[2]  It is interesting to note that Ronnie Garcia was produced for his deposition even though the subpoena was attempted to be served at a location was improper and the Objector could not be served.

3

Case 2:09-md-02047-EEF-MBN   Document 16146-2   Filed 11/08/12   Page 23 of 39
Case: 12-31133   Document: 00512048011   Page: 23   Date Filed: 11/08/2012

Case 2:09-md-02047-EEF-JCW   Document 16073-1   Filed 11/02/12   Page 4 of 9

of Proposed Class Action Settlement filed October 24, 2012 [Rec. Doc. 15981], which sets forth Mr.

Bandas' history as a serial, professional objector, and the ongoing efforts to extort attorney's fees

in the guise of the Petrus Objection.  The depositions of Jan Petrus, Ernest Vitela and E and E

Construction Co. should be ordered to proceed and Objectors' Counsel should be sanctioned and

ordered to pay all costs and fees for the taking of these depositions.

### CLASS COUNSEL IS ENTITLED TO RECEIVE NOTES USED BY MR. SOTO TO REFRESH HIS MEMORY

At the deposition of Saul Soto, Class Counsel inquired of the witness about notes that the

witness reviewed just prior to the deposition and which were used to refresh the witness's

recollection.  Despite requests by counsel for production of the notes, Objector's Counsel refused

to allow the notes to be produced.  The deponent relied upon the document to prepare for his

deposition.  As stated in the deposition:

> Q.   Would those notes be useful to you -- let me ask you this question.
>      When I walked into the hallway when I met you this afternoon before the
>      deposition, were you reviewing those notes?
>
> A.   I was reviewing everything that I had.
>
> Q.   Including your notes?
>
> A.   Yes, that is correct.
>
> Q.   Were those notes useful to you in terms of refreshing your recollection as to
>      how to proceed through the course of this deposition?
>
> A.   They help me stay focused and to be able to...
>
> Q.   Is that a yes with an explanation?
>
> A.   Yes, that's correct.
>
> MR. LONGER: I'm going to ask that those notes be produced.
>
> MR. HUSEMAN: And those are protected by attorney/client privilege so do not
> divulge those.

(See deposition of Saul Soto, page 10, lines 6 thru 23.)

4

Case 2:09-md-02047-EEF-MBN  Document 16146-2  Filed 11/08/12  Page 24 of 39
Case: 12-31133  Document: 00512048011  Page: 24  Date Filed: 11/08/2012

Case 2:09-md-02047-EEF-JCW  Document 16073-1  Filed 11/02/12  Page 5 of 9

Mr. Soto should be ordered to produce the notes and questions regarding the notes should be allowed to be asked by Class Counsel.

### CLASS COUNSEL IS ENTITLED TO DISCOVER THE RELATIONSHIP BETWEEN OBJECTORS AND THEIR COUNSEL

Class Counsel must be allowed to understand the relationship between Objectors and their counsel. Although a Class Action Objector Power of Attorney and Contingency Agreement between Saul Soto and the Bandas Laws Firm, P.C. (see Exhibit "E") was produced, Class Counsel was prohibited from asking Objectors questions regarding Objectors' relationship with Objectors' counsel and activity that may have taken place in other matters. For instance, in the deposition of Mr. Soto, the following took place:

> Q.  It's before the judge. Do you think it's something that your counsel should bring to your attention?

> MR. HUSEMAN: Okay. Don't answer that question. If you're going to continue basically harassing him as you are, we're going to call -- stop that line of questioning. You're welcome to ask him other questions, but in terms of trying to drive a wedge between him and his lawyer or to interfere with the attorney/client privilege, he may have Mr. Bandas, we're not going to go any further down that road without Fallon saying that's appropriate.

> MR. LONGER: Well, I believe in the conference that we had with Judge Fallon this afternoon, he instructed us that we could address standing, his underlying objection and his relationship with his counsel.

> MR. HUSEMAN: And --

> MR. LONGER: And I believe that his knowledge of what his counsel is doing in federal court and what his counsel has done elsewhere is related to his relationship with his counsel.

> MR. HUSEMAN: And your attempts -- just make sure we're clear about what I'm saying to you. Your attempts to say would it be of interest to you or would you like to know or those type of things are basically calculated at least in my view sitting

5

Case 2:09-md-02047-EEF-MBN  Document 16146-2  Filed 11/08/12  Page 25 of 39
Case: 12-31133    Document: 00512048011    Page: 25    Date Filed: 11/08/2012

Case 2:09-md-02047-EEF-JCW   Document 16073-1   Filed 11/02/12   Page 6 of 9

here, as a way of trying to interfere with Mr. Soto's relationship with Mr. Bandas and if that's what the judge has in mind, then perhaps you-all need to make a more explicit ruling on it. You had a chance to discuss the relationship with him, you've had a contract and in terms of your trying to make Mr. Soto feel bad or to put Mr. Bandas in a bad light with his client, that part I'm not going to go along with.

Q.     Are you aware that courts around the country have found Mr. Bandas to be a professional objector?

MR. HUSEMAN: Okay. This is the same line of questioning. I'm telling Mr. Soto not to answer that pending the judge ruling on that.

MR. DODSON: So we need to go ahead and set a hearing on that.

MR. LONGER: If you like.

(See deposition of Saul Soto, page 37, line 5 thru page 38, line 22.)

The continued obstruction of depositions by Objectors' Counsel took place during the Ronnie Garcia deposition.

Q.     I guess I can tell you what he does, but are you aware in Walmart stores in order of denying his objection to a settlement fees, the court observed that Bandas objection filed on behalf of Ms. Clawson is a generic boilerplate objection prepared and filed by attorneys working for their own personal benefit an not for the benefit of this class or for the lawyers' clients. The record before the court demonstrates that Bandas is a professional objector who is improperly attempting to high-jack the settlement of this case from deserving class members and dedicated, hard working counsel, solely to coerce ill gotten, inappropriate and unspecified legal fees." How do you feel about having an individual like that representing you?

A.     I didn't know that.

Q.     And how do you feel about having an individual like that representing you on this objection?  Does it make you think twice about --

MR. DODSON:  All right.  At this time we're terminating this line of inquiry as being outside the scope of examination as we understand the judge allowed. And do not answer.

MR. GAUGHAN:  Okay.  And we obviously disagree on that, but...

6

Case 2:09-md-02047-EEF-MBN Document 16146-2 Filed 11/08/12 Page 26 of 39
Case: 12-31133 Document: 00512048011 Page: 26 Date Filed: 11/08/2012

Case 2:09-md-02047-EEF-JCW Document 16073-1 Filed 11/02/12 Page 7 of 9

MR. LONGER: It may become a point of motions practice with the court.

(See deposition of Ronnie Garcia, page 113, line 17 thru page 114, line 18.)

Interestingly enough, Objector Jan Petrus, an office employee of Christopher Bandas, and her son have objected to other settlements. Aaron Petrus objected in the case of *Debbie Milliron v. T-Mobile USA, Inc.*, Civil Action No. 08-4149 (D.C.N.J.) and Jan Petrus and her son objected in the case of *Closson v. Bank of America*, Case No. CGC-04-436877 (San Fran. Super. Ct.). It is believed that Christopher Bandas was involved in the objections.

### CLASS COUNSEL IS ENTITLED TO SPECIFIC DISCOVERY RESPONSES AND NOT A DOCUMENT DUMP

Objectors cannot be allowed to obstruct Class Counsel's efforts to obtain legitimate discovery. Objectors have refused to produce documents that are responsive to narrowly tailored discovery requests. This Court, in its hearing on October 31, 2012, already passed upon the relevance of Class Counsel's discovery requests. Objectors have undertaken steps to delay discovery and increase the burden and expense of the litigation. For instance, on November 1, 2012, Ronnie Garcia produced fourteen (14) banker boxes (Exhibits 11 through 25 of the Garcia deposition), constituting useless common non-responsive documents. Similarly, Mr. Saul Soto produced four (4) bankers boxes of useless non-responsive documents. Class Counsel should not be subjected to a document dump. The deponent to whom specific and targeted discovery has been issued should be forced to produce specific documents that are responsive to the requests.

### CONCLUSION

For the foregoing reasons, Objectors and their counsel should be ordered to comply with this Court's rulings of October 31, 2012. Specifically, the depositions of Jan Petrus, Ernest Vitela and E and E Construction Co. should proceed immediately and Objectors' counsel and/or Objectors

7

Case 2:09-md-02047-EEF-MBN  Document 16146-2  Filed 11/08/12  Page 27 of 39
Case: 12-31133    Document: 00512048011    Page: 27    Date Filed: 11/08/2012

Case 2:09-md-02047-EEF-JCW  Document 16073-1  Filed 11/02/12  Page 8 of 9

should be sanctioned and ordered to pay all costs and fees for the taking of these depositions. Furthermore, these depositions should be taken in New Orleans, Louisiana, in the courthouse of the United States District Court, Eastern District of Louisiana, so that any objections during the course of the depositions can immediately be addressed by the Honorable Eldon E. Fallon. Furthermore, the notes that were not produced by Saul Soto should be ordered to be produced to Class Counsel and if additional questioning of the deponent is requested, then such testimony should occur immediately at the cost and expense of Objector and/or Objector's counsel. Class Counsel furthermore should be ordered to be allowed to inquire and ask questions regarding the relationship between Objectors and their counsel. Finally, Objectors and Objectors' counsel should be sanctioned and required to produce documents responsive to properly issued discovery by Class Counsel.

Respectfully submitted,

Dated: November 2, 2012

/s/ Russ M. Herman
Russ M. Herman, Esquire (Bar No. 6819)
Leonard A. Davis, Esquire (Bar No. 14190)
Stephen J. Herman, Esquire (Bar No. 23129)
HERMAN, HERMAN & KATZ, LLP
820 O'Keefe Avenue
New Orleans, LA 70113
Phone: (504) 581-4892
Fax: (504) 561-6024
Ldavis@hhklawfirm.com
*Plaintiffs' Liaison Counsel in MDL 2047
and Class Counsel*

Case 2:09-md-02047-EEF-MBN   Document 16146-2   Filed 11/08/12   Page 28 of 39
Case: 12-31133   Document: 00512048011   Page: 28   Date Filed: 11/08/2012

Case 2:09-md-02047-EEF-JCW   Document 16073-1   Filed 11/02/12   Page 9 of 9

Arnold Levin
Fred S. Longer
Sandra L. Duggan
Matthew C. Gaughan
LEVIN, FISHBEIN, SEDRAN & BERMAN
510 Walnut Street, Suite 500
Philadelphia, PA 19106
Phone: (215) 592-1500
Fax: (215) 592-4663
Alevin@lfsblaw.com
*Plaintiffs' Lead Counsel in MDL 2047*
*and Class Counsel*

## CERTIFICATE OF SERVICE

I hereby certify that the above and foregoing pleading has been served on Defendants' Liaison Counsel, Kerry Miller, by e-mail and upon all parties by electronically uploading the same to LexisNexis File & Serve in accordance with Pre-Trial Order No. 6, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2047 on this 2nd day of November, 2012.

/s/ Leonard A. Davis
Leonard A. Davis, Esquire
Herman, Herman & Katz, L.L.C.
820 O'Keefe Avenue
New Orleans, Louisiana 70113
Phone: (504) 581-4892
Fax: (504) 561-6024
Ldavis@hhklawfirm.com
*Plaintiffs' Liaison Counsel*
*MDL 2047*
*Co-counsel for Plaintiffs*

9

Case 2:09-md-02047-EEF-MBN Document 16146-2 Filed 11/08/12 Page 29 of 39
Case: 12-31133 Document: 00512048011 Page: 29 Date Filed: 11/08/2012

Case 2:09-md-02047-EEF-JCW Document 16100 Filed 11/05/12 Page 1 of 3

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: CHINESE-MANUFACTURED DRYWALL PRODUCTS LIABILITY LITIGATION | MDL NO. 2047 |
| | SECTION: L |
| THIS DOCUMENTS RELATES TO: ALL CASES AND | JUDGE FALLON |
| | MAG. JUDGE WILKINSON |

*Payton, et. al. v. Knauf Gips, KG, et. al.*
Case No. 2:09-cv-07628 (E.D. La.)

*Wiltz, et. al. v. Beijing New Building Materials Public Limited Co., et. al.*
Case No. 1:09-cv-00361 (E.D. La.)

*Gross, et. al. v. Knauf Gips, KG, et. al.*
Case No. 2:09-cv-06690 (E.D. La.)

*Rogers, et. al. v. Knauf Gips, KG, et. al.*
Case No. 2:10-cv-00362 (E.D. La.)

*Amato, et. al. v. Liberty Mutual Ins. Co., et. al.*
Case No. 2:10-cv-00932

*Hernandez. et. al. v. AAA Insurance, et. al.*
Case No. 2:10-cv-3070 (E.D. La.)

*Abel, et. al. v. Taishan Gypsum Co. Ltd., f/k/a Shandong Taihe Dongxin Co., Ltd., et. al.*
Case No. 2:11-cv-00080 (E.D. La.)

*Abreu, et. al. v. Gebrueder Knauf Verwalnungsgesellschaft, KG, et. al.*
Case No. 2:110cv000252 (E.D. La.)

*Haya, et. al. v. Taishan Gypsum Co., Ltd., f/k/a Shandong Taihe Dongxin Co., Ltd., et. al.*
Case No. 2:11-cv-01077 (E.D. La.)

*Vikers, et. al. v. Knauf Gips KG, et. al.*
Case No. 2:09-cv-04117 (E.D. La.)

Case 2:09-md-02047-EEF-MBN   Document 16146-2   Filed 11/08/12   Page 30 of 39
Case: 12-31133   Document: 00512048011   Page: 30   Date Filed: 11/08/2012

Case 2:09-md-02047-EEF-JCW   Document 16100   Filed 11/05/12   Page 2 of 3

## OBJECTOR SOTO'S MEMORANDUM IN OPPOSITION TO MOTION TO COMPEL PRODUCTION OF CLIENT'S NOTES OF CONFERENCE WITH ATTORNEYS

Class Objector Saul Soto makes this Memorandum in Opposition to the Motion to Compel the Production of the Notes he made while in conference with counsel in preparation for his deposition.

1.      This Court has ordered the production of the notes in question for in camera inspection. The notes have been presented to the Court contemporaneously with the filing of this response.

2.      Soto's deposition shows the context in which the notes were made. While discussing his up-coming deposition with his counsel, he made notes on the process. He felt the notes had been useful to help him stay focused on how to proceed. Soto deposition, at 8-9. He never referred to the notes for any purpose in the course of his deposition.

3.      The notes fall within the work-product doctrine of the attorney-client privilege. The document was prepared by a part in anticipation of his deposition in the pending litigation, and it not ordinarily discoverable. Fed. R. Civ. P. 26(b)(3). Class Counsel cannot show it has substantial need for the notes to prepare its case.

WHEREFORE, Saul Soto requests that the production of his notes of his conference with counsel be denied.

Dated: November 5, 2012

Respectfully submitted,

By:     _____/s/ Christopher A. Bandas_____
        Christopher A. Bandas
        State Bar No. 00787637
        Southern Bar No. 17509
        BANDAS LAW FIRM, P.C.
        500 North Shoreline Blvd., Suite 1020
        Corpus Christi, Texas 78401-0353

Case 2:09-md-02047-EEF-MBN   Document 16146-2   Filed 11/08/12   Page 31 of 39
Case: 12-31133   Document: 00512048011   Page: 31   Date Filed: 11/08/2012

Case 2:09-md-02047-EEF-JCW   Document 16100   Filed 11/05/12   Page 3 of 3

T:  (361) 698-5200
F:  (361) 698-5222

R. Joshua Koch, Jr.
State Bar No. 2492
Koch & Schmidt, LLC
650 Poydras St., Suite 2415
New Orleans, LA 70130
T: (504) 208-9040
F: (504) 208-9041

Counsel for Objectors Saul Soto, SHS Construction,
Ronnie Garcia, and Bay Area Contracting
Construction, Inc.

### CERTIFICATE OF SERVICE

I hereby certify that on the 5th day of November 2012 a true and correct copy of the
above and foregoing was served on the following as indicated below as well as all counsel of
record via the Court's CM/ECF system.

Arnold Levin
Levin, Fishein, Sedran & Berman
510 Walnut Street, Ste. 500
Philadelphia, PA 19106
Plaintiffs' Lead Counsel

Leonard A. Davis
Russ M. Herman
Herman, Herman & Katz, LLP
820 O'Keefe Avenue
New Orleans, LA 70013
Defendants' Counsel

_____ /s/ Christopher A. Bandas _____
Christopher A. Bandas

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: CHINESE-MANUFACTURED DRYWALL PRODUCTS LIABILITY LITIGATION | MDL NO. 2047 |
| | SECTION: L |
| THIS DOCUMENTS RELATES TO: ALL CASES AND | JUDGE FALLON |
| | MAG. JUDGE WILKINSON |

*Payton, et. al. v. Knauf Gips, KG, et. al.*
Case No. 2:09-cv-07628 (E.D. La.)

*Wiltz, et. al. v. Beijing New Building Materials Public Limited Co., et. al.*
Case No. 1:09-cv-00361 (E.D. La.)

*Gross, et. al. v. Knauf Gips, KG, et. al.*
Case No. 2:09-cv-06690 (E.D. La.)

*Rogers, et. al. v. Knauf Gips, KG, et. al.*
Case No. 2:10-cv-00362 (E.D. La.)

*Amato, et. al. v. Liberty Mutual Ins. Co., et. al.*
Case No. 2:10-cv-00932

*Hernandez, et. al. v. AAA Insurance, et. al.*
Case No. 2:10-cv-3070 (E.D. La.)

*Abel, et. al. v. Taishan Gypsum Co. Ltd., f/k/a Shandong Taihe Dongxin Co., Ltd., et. al.*
Case No. 2:11-cv-00080 (E.D. La.)

*Abreu, et. al. v. Gebrueder Knauf Verwaltungsgesellschaft, KG, et. al.*
Case No. 2:110cv000252 (E.D. La.)

*Haya, et. al. v. Taishan Gypsum Co., Ltd., f/k/a Shandong Taihe Dongxin Co., Ltd., et. al.*
Case No. 2:11-cv-01077 (E.D. La.)

*Vikers, et. al. v. Knauf Gips KG, et. al.*
Case No. 2:09-cv-04117 (E.D. La.)

## ORDER

Considering the Motion and other supporting evidence deemed necessary, the COURT

will DENY Plaintiffs' Motion to Compel Production of Client's Notes of Conference with

Attorneys.

IT IS ORDERED that Plaintiffs' Motion to Compel Production of Client's Notes of
Conference with Attorneys is DENIED.

Dated this the _____ day of November 2012.

_____
JUDGE PRESIDING

Case 2:09-md-02047-EEF-MBN Document 16146-2 Filed 11/08/12 Page 34 of 39
Case: 12-31133 Document: 00512048011 Page: 34 Date Filed: 11/08/2012

Case 2:09-md-02047-EEF-JCW Document 16127 Filed 11/07/12 Page 1 of 3

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

|  |  |  |
|---|---|---|
| IN RE: CHINESE MANUFACTURED DRYWALL PRODUCTS LIABILITY LITIGATION | : : : : : : : | MDL NO. 2047 SECTION: L JUDGE FALLON MAG. JUDGE WILKINSON |

. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . : :

**THIS DOCUMENT RELATES TO ALL CASES.**

### ORDER

Before the Court is an ongoing discovery dispute between certain objectors to the pending

settlements and the Plaintiffs' Steering Committee. This discovery dispute is related to Class

Counsel's Motion for Sanctions (R. Doc. 15982). The parties briefed several issues, and on

October 31, 2012 the Court conducted a hearing. The Court then issued an Order defining the

proper scope of discovery in this matter. (R. Doc. 16056). Both orally at the hearing and in its

subsequent Order, the Court identified three issues that together help to define the scope of

discovery, namely: (1) the alleged standing of the objectors; (2) the basis of the objections; and

(3) the relationship between the objectors and their counsel, Christopher A. Bandas, whom other

courts have described as a "professional objector."

After the parties advised the Court of additional issues, the Court reviewed further

Motions and submissions and conducted a second hearing. At the second hearing, the Court

ordered that counsel for objectors deliver to the Court for in-camera review a document

consisting of a deponent's notes to which the deponent had referred during the deposition for the

purpose of refreshing his memory. After an in-camera review of the document, and after

considering counsel's arguments and reviewing the applicable law, the Court now issues the

Case 2:09-md-02047-EEF-MBN   Document 16146-2   Filed 11/08/12   Page 35 of 39
Case: 12-31133   Document: 00512048011   Page: 35   Date Filed: 11/08/2012

Case 2:09-md-02047-EEF-JCW   Document 16127   Filed 11/07/12   Page 2 of 3

following Order.

The issue before the Court is whether a deponent who takes notes during a preparatory conversation with his lawyer and then refers to those notes during the deposition to refresh his memory can successfully assert a privilege when asked to produce those notes to opposing counsel. Rule 612 of the Federal Rules of Evidence states that, if a witness uses a writing to refresh his memory while testifying or before testifying, "an adverse party is entitled to have the writing produced at the hearing, to inspect it, to cross-examine the witness about it, and to introduce in evidence any portion that relates to the witness's testimony" if the Court decides that justice requires production.[1]

A minority of reviewing courts, in applying Rule 612 to similar facts, have adopted an absolute waiver rule, whereby any review of a privileged document during testimony absolutely waives any privilege attached to that document. Charles A. Wright & Victor J. Gold, Federal Practice and Procedure; Evidence § 6188, at 483 (1993). However, the majority approach within the Fifth Circuit, as elsewhere, requires balancing the competing policy considerations underlying the relevant rules. On the one hand, Rule 612 of the Federal Rules of Evidence serves as a safeguard against the creation of false memories by persuasive documents used to "refresh" a witness's memory. Charles A. Wright & Victor J. Gold, Federal Practice and Procedure; Evidence § 6182, at 444. Rule 26 of the Federal Rules of Civil Procedure, on the other hand, protects parties' legitimate interest in protecting counsel's work-product and other areas of privilege. *Id.* at *2. Courts employing the balancing approach typically consider factors

---

[1] Rule 612 applies to depositions by way of Rule 30(c) of the Federal Rules of Civil Procedure, which provides that "[t]he examination and cross-examination of a deponent proceed as they would at trial under the Federal Rules of Evidence, except Rules 103 and 615." Fed. R. Civ. P. 30(c)(1). The exception of Rules 103 and 615 implies that Rule 612 does apply to depositions. *See Woodward v. Avondale Industries, Inc.*, 2000 WL 385513, n.3 (E.D. La. 2000).

Case 2:09-md-02047-EEF-MBN Document 16146-2 Filed 11/08/12 Page 36 of 39
Case: 12-31133 Document: 00512048011 Page: 36 Date Filed: 11/08/2012

Case 2:09-md-02047-EEF-JCW Document 16127 Filed 11/07/12 Page 3 of 3

including:

> the inability of the adverse party to obtain access to the matters revealed by the writing through means other than production of the writing, the absence of opinion work product, discrepancies between a witness's testimony and the contents of the writing used to refresh, heavy reliance on a particular document by the witness, testimony that is especially important, disclosure of a significant part of the writing in the witness's testimony, and evidence that witness coaching may have occurred.

*Woodward*, 2000 WL 385513 at *2 (quoting Wright & Gold § 6188, at 488).

Here, the writing at issue consists of notes made by the client during conversations with the attorney, rather than the attorney's own notes. This fact makes assertion of the work-product privilege problematic. The notes also represent potentially relevant evidence of the client's relationship with counsel that cannot be obtained through other means. After considering these and other relevant facts and circumstances, the Court finds that the interests of justice are best served by production of the notes.

Accordingly, **IT IS ORDERED** that the attached document be entered into the record.

New Orleans, Louisiana this 7th day of November, 2012.

UNITED STATES DISTRICT JUDGE

Case 2:09-md-02047-EEF-MBN Document 16146-2 Filed 11/08/12 Page 37 of 39
Case: 12-31133 Document: 00512048011 Page: 37 Date Filed: 11/06/2012
Case 2:09-md-02047-EEF-JCW Document 16122 Filed 11/07/12 Page 1 of 2

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

|  |  |  |
|---|---|---|
| IN RE: CHINESE MANUFACTURED DRYWALL PRODUCTS LIABILITY LITIGATION | : : : : : : | MDL NO. 2047 SECTION: L JUDGE FALLON MAG. JUDGE WILKINSON |

THIS DOCUMENT RELATES TO ALL CASES.

ORDER

This matter came on for hearing regarding a discovery dispute between certain objectors to the pending settlements and the Plaintiffs' Steering Committee. This discovery dispute is related to Class Counsel's Motion for Sanctions (R. Doc. 15982). The parties briefed the issue, and on October 31, 2012 the Court conducted a hearing. The Court then issued an Order defining the proper scope of discovery in this matter. (R. Doc. 16056). After the parties advised the Court of continuing discovery disputes, the Court reviewed further Motions and submissions and conducted a second hearing. For reasons stated orally at the hearing, the Court now issues the following Order.

**IT IS ORDERED** that Class Counsel organize and review all produced documents while maintaining a record of their time and expenses.

**IT IS FURTHER ORDERED** that counsel for all parties refrain from instructing deponents not to answer a question based on objections to the relevance of the question. In accordance with the relevant discovery rules, counsel may instruct a deponent not to answer only when counsel asserts the existence of a privilege.

**IT IS FURTHER ORDERED** that all noticed depositions for which valid service has

Case 2:09-md-02047-EEF-JCW  Document 13122  Filed 11/07/12  Page 1 of 2

been effected shall proceed, and all validly served deponents shall appear.

New Orleans, Louisiana this 7th day of November, 2012.

_____
UNITED STATES DISTRICT JUDGE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

|  |  |  |
|---|---|---|
| IN RE: CHINESE MANUFACTURED DRYWALL<br>PRODUCTS LIABILITY LITIGATION | : <br> : <br> : <br> : <br> : <br> : | MDL NO. 2047 <br><br> SECTION: L <br><br> JUDGE FALLON <br> MAG. JUDGE WILKINSON |

.. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. :

**THIS DOCUMENT RELATES TO ALL CASES.**

**<u>ORDER</u>**

Before the Court are two Motions relating to an ongoing discovery dispute between certain objectors to the pending settlements and the Plaintiffs' Steering Committee. Both Motions were filed by attorney Christopher A. Bandas on behalf of objector Saul Soto. The first is styled as Objector Saul Soto's Emergency Motion to Seal or, in the Alternative, to Strike, Motion to Stay, and Motion for Reconsideration. (R. Doc. 16135). The second is a Motion for Expedited Hearing on the first Motion. (R. Doc. 16136). The Court has reviewed the submitted memoranda and applicable law and now issues this Order.

**IT IS ORDERED** that Objector Sal Soto's Motion for Expedited Hearing on Emergency Motion to Seal or, in the Alternative, to Strike, Motion to Stay, and Motion for Reconsideration (R. Doc. 16136) be and is hereby **GRANTED. IT IS FURTHER ORDERED** that Objector Saul Soto's Emergency Motion to Seal or, in the Alternative, to Strike, Motion to Stay, and Motion for Reconsideration (R. Doc. 16135) be and is hereby **DENIED.**

New Orleans, Louisiana this 8th day of November, 2012.

UNITED STATES DISTRICT JUDGE