UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: CHINESE-MANUFACTURED DRYWALL PRODUCTS LIABILITY LITIGATION | MDL NO. 2047 |
| | SECTION: L |
| THIS DOCUMENTS RELATES TO: ALL CASES AND | JUDGE FALLON |
| | MAG. JUDGE WILKINSON |
| *Payton, et. al. v. Knauf Gips, KG, et. al.* Case No. 2:09-cv-07628 (E.D. La.) | |
| *Wiltz, et. al. v. Beijing New Building Materials Public Limited Co., et. al.* Case No. 1:09-cv-00361 (E.D. La.) | |
| *Gross, et. al. v. Knauf Gips, KG, et. al.* Case No. 2:09-cv-06690 (E.D. La.) | |
| *Rogers, et. al. v. Knauf Gips, KG, et. al.* Case No. 2:10-cv-00362 (E.D. La.) | |
| *Amato, et. al. v. Liberty Mutual Ins. Co., et. al.* Case No. 2:10-cv-00932 | |
| *Hernandez, et. al. v. AAA Insurance, et. al.* Case No. 2:10-cv-3070 (E.D. La.) | |
| *Abel, et. al. v. Taishan Gypsum Co. Ltd., f/k/a Shandong Taihe Dongxin Co., Ltd., et. al.* Case No. 2:11-cv-00080 (E.D. La.) | |
| *Abreu, et. al. v. Gebrueder Knauf Verwaltungsgesellschaft, KG, et. al.* Case No. 2:110cv000252 (E.D. La.) | |
| *Haya, et. al. v. Taishan Gypsum Co., Ltd., f/k/a Shandong Taihe Dongxin Co., Ltd., et. al.* Case No. 2:11-cv-01077 (E.D. La.) | |
| *Vikers, et. al. v. Knauf Gips KG, et. al.* Case No. 2:09-cv-04117 (E.D. La.) | |

**OBJECTORS' MEMORANDUM IN OPPOSITION
TO CLASS COUNSEL'S MOTION TO STRIKE OBJECTIONS**

Objectors Saul Soto, SHS Construction, Ronnie Garcia, and Bay Area Contracting & Construction, Inc. file this Memorandum in Opposition to Class Counsel's Motion to Strike their Objections (Doc. No. 16083). Objectors are squarely within the proposed settlement class and therefore have standing to object under Rule 23(e)(5) and controlling Supreme Court and Fifth Circuit authority. *See Devlin v. Scardelletti*, 536 U.S. 1, 6-7 (2002); *Union Asset Mgmt. v. Dell, Inc.*, 669 F.3d 632, 638-39 (5th Cir. 2012). Class Counsel's motion lacks merit and should be denied.

**1.      Preliminary Statement**

That Soto, SHS Construction, Garcia, and Bay Area Contracting are class members and have standing to object to the settlement cannot be seriously questioned. Recognizing this, Class Counsel continue their effort to attack the messenger, falsely accusing Objectors and their counsel of filing "phony objections" to "extort" or "hijack" attorney's fees. Class Counsel's conduct reveals, however, that they are not truly worried about "extortion" at all but instead about having to defend their settlement on its merits or demerits.

Accepting Class Counsel's narrative would require the Court to disregard two facts that entirely undermine it. First, any withdrawal of an objection in this Court would require Court approval under Rule 23(e). No "extortion" or "hijacking" of Class

Counsel's settlement can possibly occur unless this Court allows it—which of course will not happen. Second, Objectors and their counsel have offered to agree to an injunction preventing them from receiving any payment following an appeal from the settlement without this Court's approval, even though Rule 23(e) does not apply to an appeal and there is no comparable provision in the Federal Rules of Appellate Procedure. *See* Objectors' Memorandum in Opposition to Class Counsel's Motion for Sanctions, filed Oct. 31, 2012, p. 8 (Doc. No. 16045 & Ex. A).[1] If Class Counsel were truly worried about "extortion," they would have eagerly accepted this offer and asked the Court to enter such an injunction. This procedure would short circuit all Class Counsel's collateral issues about Objectors' motives. Instead, Class Counsel steadfastly refuses to address the offered injunction, because either accepting Objectors' offer or refusing it deflates entirely Class Counsel's "extortion" theme and returns the focus to the merits. Class Counsel desperately wants to avoid a contested Fairness Hearing, because the proposed settlement is legally flawed.

**2. Introduction**

As will be shown below, Objectors' standing in this case is determined in reference to the particular words chosen for this particular class definition. To say this

---

[1] Class Counsel's suggestion that § 3.3 of the agreement between Bandas and the Objectors is "fraudulent" or "improper" for contemplating the possibility of an incentive award without Court approval (Doc. No. 16083-1, p. 3) is simply more unjustified invective. Once a settlement is appealed, Rule 23(e) does not govern proceedings in the appellate courts. Similarly, Class Counsel's representation to the Court that Soto and Garcia were "*promised* an award of $5,000 as an incentive fee," (Doc. No. 16083-1, p. 3) (emphasis added) is simply untrue. Objectors were never *promised* they would received an incentive award of any kind. *See* Doc. No. 16083-11, § 3.2; Doc. No. 16083-12, § 3.2.

is an unusual class definition would be a gross understatement.

The word "alleged" appears twice in the class definition itself: "alleged Chinese Drywall" and "in any way alleged to be within the legal responsibility of a Participating Defendant." (Doc. No. 15695-2, § 1.1.1) The critical defined term in the class definition, "Chinese Drywall," piles on two more uses of the word by adding "allegedly" once and "alleged" once. (Doc. No. 15695-2, § 1.5) This is not a class definition that requires *actual* use of *actual* Chinese Drywall at all, but instead merely *alleged* use of *alleged* Chinese Drywall. (Moreover, as will be shown in more detail below, even actual Chinese Drywall is not limited to drywall made or distributed in China.) Therefore, the beginning and end of the analysis of class membership and standing is the following statement made by each of the Objectors:

> I am a member of the class in the case styled: *In Re: Chinese-Manufactured Drywall Products Liability Litigation; MDL. No. 2047*. I allege to have a claim, known or unknown, arising from or related to actual or alleged Chinese Drywall (as that term is defined in the class notice) purchased, imported, supplied, marketed, installed, used, sold or in any way alleged to be within the legal responsibility of any Participating Defendant (as that term is defined in the class notice). I am not within any of the exclusions in the class definition.

(Doc. No. 15859-2; Doc. No. 15859-3) There can be no dispute that an allegation has been made that places the Objectors clearly within this particular class definition, predicated on allegations and not evidence.

However, even if the class definition required evidence of purchase or use of Chinese Drywall (it does not), the Objectors would still fall within the class. Under the settlement, "Chinese Drywall" is, contrary to its name, not limited to drywall from

China. Instead, "Chinese Drywall" includes not only drywall allegedly manufactured in whole or in part in China, but also "any and all drywall products at issue in the Litigation[2] whose origin or manufacturer is not ascertainable." (Doc. No. 15695-2, § 1.5)

It is important to note the use of the disjunctive "or" between "origin" and "manufacturer"—which means "any and all drywall products" are "Chinese Drywall" so long as either the origin *or* manufacturer is not ascertainable. Therefore, "Chinese Drywall" expressly includes drywall where the origin is known to be America, but where the specific American manufacturer is not known. That is a direct consequence of the plain, incredibly broad language deliberately chosen for this very unusual class definition.

It is undisputed Objectors purchased and used drywall of unascertainable origin

---

[2] The expression "at issue in this Litigation" does nothing to limit "any and all drywall products" in terms of a geographical or manufacturer restriction. It is clear that the drywall products at issue in the Litigation were not limited to drywall made in China. Even putting aside the definition which extends to drywall where the origin (any) or manufacturer (any) is not ascertainable, Plaintiffs now assert they sued Home Depot exclusively over drywall that Home Depot denies was ever made in China. If Plaintiffs are to be believed, the sole "origin" of the drywall "at issue in the Litigation" against Home Depot was not China. But even that is artificially superimposing a geographical meaning on what "at issue in the Litigation" might mean. "At issue in the Litigation" clearly has no geographical meaning at all: if it did, there would be no need for the further modifier in the following clause: "origin" being "unascertainable." Rather, the drywall products "at issue in the Litigation" can mean any drywall product that can theoretically be made the subject of a negligence, strict liability or any other of the other multitude of claims brought by Plaintiffs and Class Counsel. It can mean the different types of drywall products at issue in the Litigation, such as gypsum board or tapered board, or standard board. What "Chinese Drywall" does not mean is drywall that is exclusively made or distributed in China. In short, "Chinese Drywall", in addition to being Chinese manufactured drywall, expressly means "any and all drywall products" where the "origin or manufacturer is not ascertainable." This is not the settlement of a Chinese-manufactured drywall class; it is the settlement of a Worldwide-manufactured drywall class where Participating Defendants such as Home Depot who deny ever selling drywall made in China nevertheless are buying a release that will bar property and personal injury claims for any non-Chinese drywall products where the origin or manufacturer is not ascertainable.

or unascertainable manufacturer (ie, "Chinese Drywall") sold by Home Depot, a Participating Defendant.  (Doc. No. 15859-2; Doc. No. 15859-3; Doc. No. 16083-5, pp. 56:15 – 59:11, 74:1-14; Doc. No. 16083-7, pp. 60:4 – 61:18)  Though it is certainly not a requirement for class membership, it is undisputed Objectors also happened to identify some drywall they purchased and used as marked "made in China."  (Doc. No. 15859-2; Doc. No. 15859-3; Doc. No. 16083-5, pp. 58:16 – 59:7; Doc. No. 16083-7, p. 63:22-25;  Doc. No. 16083-13, Inter. No. 6; Doc. No. 16083-14, Inter. No. 6)  It is undisputed Objectors identified and alleged a variety of property damage and personal harms they alleged to have suffered as a result of the drywall they purchased and used from a Participating Defendant, here Home Depot.  (Doc. No. 16083-5, pp. 76:16-25,  87:1-18, 88:8 – 89:7, 91:4-11; Doc. No. 16083-8, pp. 80:16 – 81:18, 89:17 – 90:19; Doc. No. 16083-13, Inter. No. 6; Doc. No. 16083-14, Inter. No. 6)  Thus, even under a different, more objective class definition, one that required more than allegations, and required evidence of these things, the Objectors would satisfy that objective class definition as well.   But that is not the class definition in this case.  Under the instant class definition, which is based not on evidence but mere allegations, and where Chinese Drywall clearly does not mean drywall only made in China, Objectors are clearly members of the proposed settlement class.

3.      **Argument**

Class Counsel and the Participating Defendants have proposed a settlement class that includes, among others, "all persons . . . with claims, known or unknown, arising from or related to actual or alleged Chinese Drywall purchased, supplied, distributed,

marketed, . . . sold or in any way alleged to be within the legal responsibility of any Participating Defendant." (Doc. No. 15695-2, § 1.1.1) The settlement agreement defines "Chinese Drywall" as including not only "any and all drywall products . . . allegedly manufactured, in whole or in part, in China" but also "any and all drywall products at issue in the Litigation whose origin or manufacturer is not ascertainable." (Doc. No. 15695-2, § 1.5)

The settlement includes Participating Defendants such as Home Depot who, according to Class Counsel, denies selling Chinese-manufactured drywall in any state, including but not limited to Texas. (Doc. No. 16083-1, p. 7) (It cannot be disputed, therefore, that Plaintiffs contend the "drywall products at issue in the Litigation" against Home Depot included (perhaps exclusively according to Plaintiffs) drywall that was not made in China.) Having defined a class for settlement purposes that includes *inter alia* persons with "unknown" claims arising from drywall products "whose origin or manufacturer is not ascertainable" against defendants who deny having sold Chinese drywall, Class Counsel cannot apply a different class definition for objectors only, limiting objectors to only persons with known claims against identifiably Chinese-manufactured drywall sold by defendants who admit having done so. Nevertheless, Plaintiffs and class counsel continuously repeat a fictitious standard of class membership which somehow relates to "Chinese-manufactured drywall" which is only a sub-set of their definition of "Chinese Drywall."

Under Federal Rule of Civil Procedure 23(e)(5), "[a]ny class member" may object to a class action settlement. There is no separate requirement that the class member

demonstrate injury beyond being bound by the judgment. *See Devlin*, 536 U.S. at 6-7; *Union Asset*, 669 F.3d at 638; *Cobell v. Salazar*, 679 F.3d 909, 919 (D.C. Cir. 2012) ("Any other conclusion would prove a bitter irony for those who have lost their [chose in action]"); *Rutter & Wilbanks Corp. v. Shell Oil Co.*, 314 F.3d 1180, 1183 & n.1 (10th Cir. 2002); *In re Cendant Corp. PRIDES Litig.*, 243 F.3d 722, 727-32 (3d Cir. 2001); *United States v. Alabama*, 271 Fed. Appx. 896, 898-99 (11th Cir. 2008) (*per curiam*).

The Supreme Court explained that every class member has an interest in a class action settlement "sufficient to satisfy the constitutional requirements of injury, causation, and redressability," and the requirements of prudential standing as well. *Devlin*, 536 U.S. at 6-7. Not only may class members object to a proposed settlement under Rule 23(e)(5), they may also appeal a settlement approval without having formally intervened. *See id.* at 10. "To hold otherwise would deprive nonnamed class members of the power to preserve their own interests in a settlement that will ultimately bind them, despite their expressed objections before the trial court." *Id.*

The Fifth Circuit applies the same rule. The *Union Asset Management* case involved a class action against Dell Inc. for alleged violations of the Securities Exchange Act. *See Union Asset*, 669 F.3d at 637. The district court overruled several objections and approved a settlement. *See id.* On appeal by the objectors, the plaintiff argued that because some of the objectors did not file a proof of claim they had no standing to bring their objections. *See id.* at 638. The Fifth Circuit rejected this argument, explaining, "Any class member has standing to object to a class settlement." *Id.* The court reasoned that although filing a proof of claim to the settlement fund was one way to demonstrate

class membership, it was "not the only way." *See id.* at 638-39.

Under the relevant Supreme Court and Fifth Circuit authority, and Rule 23(e)(5) itself, it is enough that Objectors are part of the class that would be bound by the settlement—no other showing is necessary. Objectors' "stake" in this litigation is that their legal rights would be adversely affected by the proposed class action settlement.[3] They do not need to make a *prima facie* case against each or even any of the defendants; they need only show that they fall within the class defined by the settlement.

Objectors have shown through their affidavits attached to their objection, their interrogatory responses, and their deposition testimony that they: i) purchased drywall from at least one Participating Defendant (Home Depot, and perhaps others); ii) purchased, installed, and used Chinese Drywall; iii) cannot ascertain the origin or manufacturer of drywall they purchased, including drywall from a Participating Defendant; and iv) allege to have known or unknown claims that would be affected by the proposed settlement. (Doc. No. 15859, Exs. B-C; Doc. No. 16083-4, -5, pp. 50:16 – 51:9, 57:13-24, 59:3-7, 61:21 – 62:16; Doc. No. 16083-6, -7, pp. 4:5 – 5:4, 10:16 – 11:16, 12:9-12, 15:2-10, 20:13 – 21:7, 60:4 – 61:18, 89:17 – 90:19; Doc. No. 16083-13; Doc. No. 16083-14)

---

[3] Objectors have another "stake" in the litigation through the potential for collecting an incentive award if the class members benefit as a result of their efforts and the Court approves such an award. (Doc. No. 16083-11, § 3.2; Doc. No. 16083-12, § 3.2) Most courts that have considered the question permit an objector whose objection materially improves the settlement for the benefit of the class and incurred risk to collect an incentive payment, and no appellate court has held otherwise. *See In re Apple Inc. Secs. Litig.*, 2011 WL 1877988, at *5 (N.D. Cal. May 17, 2011); *Lonardo v. Travelers Indem. Co.*, 706 F. Supp. 2d 766, 816 (N.D. Ohio 2010). The availability of such a bounty awarded from the common fund of the class is an equitable partial assignment sufficient to create standing, even in the absence of other direct interest. *Cf. Vermont Agency of Nat. Resources v. United States ex rel. Stevens*, 529 U.S. 765, 773 (2000) (bounty is equitable partial assignment giving *qui tam* relator standing to bring action).

The class definition includes "*alleged* Chinese Drywall" that is "*alleged* to be within the legal responsibility of any Participating Defendant." (Doc. No. 15695-2, § 1.1.1) (emphasis added)  Objectors have indisputably alleged "to have a claim, known or unknown, arising from or related to actual or alleged Chinese Drywall (as that term is defined in the class notice) purchased, imported, supplied, marketed, installed, used, sold or in any way alleged to be within the legal responsibility of any Participating Defendant (as that term is defined in the class notice)." (Doc. No. 15859-2; Doc. No. 15859-3)  Objectors fall squarely within the class definition proposed by Class Counsel, which does not require any class member to *prove* all the elements of a claim, or even to have a known claim, against a Participating Defendant in order to receive benefits or to be bound by the burdens of the class settlement.

Certainly Home Depot, for example, will take the position that class members would be barred by the class settlement from suing it for defective drywall whose origin or manufacturer is not ascertainable, if the settlement is approved and the class is certified.  Similarly, Class Counsel assert that "both Soto's and Garcia's claims[4] against Lowe's [which is not a Participating Defendant in this case] are barred pursuant to the settlement in *Vereen* . . . ."  (Doc. No. 16083-1, p. 4 n.2)

Class Counsel must defend the class definition they have proposed; they cannot prevent objections from those unnamed class members who would nevertheless be bound by their settlement if it is approved.  Home Depot and the other Participating

---

[4] It is interesting that Plaintiffs and class counsel acknowledge that Objectors do allege claims against Lowe's when a mere allegation of a claim against Home Depot is all that is required for class membership in this case.

Defendants have not offered to exclude from the class drywall buyers for drywall whose origin or manufacturer is unascertainable, on the grounds that such drywall was not made in China.  (Indeed, Home Depot denies selling Chinese-manufactured drywall anywhere, and nevertheless it was sued in this Litigation, and if this settlement is approved will be released for claims for drywall not made in China.)  The Participating Defendants have not offered to exclude unnamed class members with unknown claims or latent damages; to the contrary, the release expressly includes such claims.  They have also not limited the class to only those who can trace their drywall to China; the class includes drywall "whose origin or manufacturer is not ascertainable," which as shown above, necessarily and expressly includes drywall *not* from China.

      Class Counsel have filed a complaint in this Court including Home Depot as a defendant on behalf of *inter alia* those who purchased drywall through Home Depot.  *See Sean and Beth Payton v. Knauf GIPS KG, et al.*; Case No. 2:09-cv-07628-EEF-JCW, Doc. No. 1, ¶¶ 2099, 2622-23, Sch. 1.  Class Counsel, on behalf of their representative plaintiffs, allege that Home Depot and the other defendants "are liable for damages incurred by Plaintiffs due to their role in the design, manufacture, importing, distributing, delivery, supply, marketing, inspecting, installing, or sale of the defective drywall at issue in this litigation."  *Id.* at p. 2.  Class members will be barred from filing property damage and personal injury lawsuits against Home Depot and other participating Defendants for Chinese Drywall (which, despite its name, clearly includes non-Chinese drywall products and, in the case of Home Depot, Plaintiffs now contend

*only* includes non-Chinese drywall products) if the settlement is approved.

**4.    Conclusion**

Objectors unquestionably fall within this incredibly broad, allegation-based class definition that expressly extends to drywall not made in China and they therefore have standing to object under Rule 23(e)(5).  Class Counsel's motion to strike should be denied.

Dated:  November 12, 2012

                                         Respectfully submitted,

                By:        /s/ Christopher A. Bandas
                         Christopher A. Bandas
                         State Bar No. 00787637
                         Southern Bar No. 17509
                         BANDAS LAW FIRM, P.C.
                         500 North Shoreline Blvd., Suite 1020
                         Corpus Christi, Texas 78401-0353
                         T:  (361) 698-5200
                         F:  (361) 698-5222

                         R. Joshua Koch, Jr.
                         State Bar No. 2492
                         Koch & Schmidt, LLC
                         650 Poydras St., Suite 2415
                         New Orleans, LA 70130
                         T: (504) 208-9040
                         F: (504) 208-9041

                         Counsel for Saul Soto, SHS Construction,
                         Ronnie Garcia, and Bay Area Contracting
                         Construction, Inc.

CERTIFICATE OF SERVICE

I hereby certify that on the 12th day of November, 2012 a true and correct copy of the above and foregoing was served on the following as indicated below as well as all counsel of record via the Court's CM/ECF system.

Arnold Levin
Levin, Fishein, Sedran & Berman
510 Walnut Street, Ste. 500
Philadelphia, PA 19106
Plaintiffs' Lead Counsel

Leonard A. Davis
Russ M. Herman
Herman, Herman & Katz, LLP
820 O'Keefe Avenue
New Orleans, LA 70013
Defendants' Counsel

                                         /s/ Christopher A. Bandas
                                         Christopher A. Bandas