UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: CHINESE-MANUFACTURED DRYWALL PRODUCTS LIABILITY LITIGATION | ) ) ) ) | CIVIL ACTION NO. 09-2047 JUDGE FALLON |
| This Document Relates to: ALL CASES | ) | MAGISTRATE WILKINSON |

## MEMORANDUM IN SUPPORT OF INTERIOR EXTERIOR'S SIXTH MOTION *IN LIMINE* REGARDING JOHNNY ODOM

MAY IT PLEASE THE COURT:

Defendants, Interior Exterior Building Supply, L.P. and Interior Exterior Enterprises, L.L.C. ("Interior Exterior") move this Court for an order *in limine* prohibiting Plaintiffs from presenting any opinion testimony of Johnny Odom, the Chief Building Inspector for the City of New Orleans, on the grounds that: (1) he was not designated as an expert witness; (2) he has no firsthand knowledge of the existence of Chinese-manufactured drywall in plaintiffs' homes; (3) he has no firsthand knowledge of the labeling of the Chinese-manufactured drywall in plaintiffs' homes; (4) he has no firsthand knowledge of the physical characteristics of the Chinese-manufactured drywall in plaintiffs' homes; (5) he is not familiar with the ASTM standards applicable to drywall; and (6) his opinions are not reliable pursuant to the doctrines set forth in *Daubert v. Merrill Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993) or Rule 701 of the Federal Rules of Evidence.

### BACKGROUND

Plaintiffs have asserted a redhibition claim against Interior Exterior arising out of the sale by Interior Exterior of Chinese-manufactured drywall. The relevant inquiry for this trial is whether Interior Exterior knew of the sulfur off-gassing defect in the Chinese-manufactured drywall at the time they re-sold it consumers.

-1-

Plaintiffs purportedly plan to present Johnny Odom as an expert to offer the following opinions:

1. The Chinese-manufactured drywall sold by Interior Exterior did not meet the International Building Code or the International Residential Code; and

2. The Chinese-manufactured drywall sold Interior Exterior did not comply with ASTM standards.

Plaintiffs designated Mr. Odom, the Chief Building Inspector for Orleans Parish, as a fact witness. He has not been designated as an expert, the expert opinions on which he might testify have never been disclosed, and he has not prepared an expert report. Thus, as a lay witness his testimony must be governed by Rule 701 of the Federal Rules of Evidence.

Mr. Odom has testified under oath that he has no personal knowledge about the conditions at any house that had Chinese-manufactured drywall nor did he have any personal knowledge about any inspections done by any of his staff at any home containing Chinese-manufactured drywall.[1] Mr. Odom also testified that he does not know if any of the Chinese-manufactured drywall used in residential properties in New Orleans complied with the International Residential Code ("IRC"), and that he was not familiar with the American Society for Testing and Manufacturing ("ASTM") standards that were applicable to gypsum board.[2] Lastly, Mr. Odom acknowledged that he is not qualified to offer any opinions concerning whether the Chinese-manufactured drywall at issue complied with the applicable building codes or ASTM standards.[3] Thus, Mr. Odom's testimony regarding whether or not the Chinese-manufactured drywall installed in plaintiffs' homes met ASTM standards is improper because he has no personal knowledge of the Chinese-manufactured drywall installed in plaintiffs' homes.

---

[1] *See* Exhibit A, Deposition of J. Odom at pp. 25:3-7 and 79:7-10.
[2] Id. at pp. 26:3-7; 27:22-25; 28:1-7.
[3] Id. at p. 71:18-21.

**LEGAL STANDARD**

The standards are well established for the admission or exclusion of expert testimony pursuant to the United States Supreme Court decision in *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993). Under Rule 701, if a witness is not testifying as an expert, the witnesses' opinion testimony is limited to that opinions that are "(a) rationally based on the witness's perception; (b) helpful to clearly understanding the witnesses' testimony or to determining a fact in issue; and (c) not based on scientific, technical, or other specialized knowledge within the scope of Rule 702."[4] Moreover, the Rule 701(a) requirement that a lay witness's opinion be rationally based on the perception of the witness simply means that the opinion or inference is based on firsthand knowledge and is one which a normal person would form on the basis of the observed fact.[5]

Under Rule 702 of the Federal Rules of Evidence, an expert qualified by "knowledge, skill, experience, training, or education" is allowed to give testimony where his or her "scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue."[6] In assessing the basis of an expert's proposed testimony, the Fifth Circuit has held that an "expert's testimony [should be] based mainly on his personal observations, professional experience, education and training."[7]

In order to be admissible, the testimony offered must rise above the level of "subjective belief" or "speculation," which means that the reasoning or methodology underlying the testimony must be scientifically valid (i.e., "reliable").[8] Rule 702 requires that expert opinion

---

[4] *See* Fed. R. Evid 701.
[5] *U.S. v. Yanez Sosa*, 513 F.3d 194 (5th Cir. 2008); *U.S. v. Rea*, 958 F.2d 1206 (2d Cir. 1992); *Torres v. County of Oakland*, 758 F.2d 147 (6th Cir. 1985); *Ligon v. Triangle Pacific Corp.*, 935 F. Supp. 936 (M.D. Tenn. 1996).
[6] *See* Fed. R. Evid 702; *Daubert,* 509 U.S. at 589.
[7] *Pipitone v. Biomatrix, Inc.*, 288 F.3d 239, 247 (5th Cir. 2002).
[8] *See Sorensen*, 31 F.3d at 649; *see also Daubert*, 509 U.S. at 590.

testimony be rendered by a qualified expert, based upon reliable data and methodology.[9]  The burden is on the proponent of the evidence to demonstrate that the expert is qualified and his/her testimony is based upon a reliable foundation.[10]

## ARGUMENT

### 1.   Mr. Odom's purported testimony is improper lay opinion testimony.

Any testimony from Mr. Odom regarding compliance of the Chinese-manufactured drywall to the applicable building codes or ASTM standards is improper lay opinion testimony under Rule 701.  Because Mr. Odom does not have personal firsthand knowledge of Chinese-manufactured drywall or ASTM standards applicable to drywall, any lay opinion testimony is improper.  Federal Rules of Evidence Rule 602 requires that a witness have personal knowledge of the matters on which he testifies.  In this case, Mr. Odom has testified that: (1) he does not have firsthand knowledge of the existence of Chinese-manufactured drywall in plaintiffs' homes; (2) he does not have firsthand knowledge of the labeling of Chinese-manufactured drywall in plaintiffs' homes; (3) he does not have firsthand knowledge of the physical characteristics of the Chinese-manufactured drywall in plaintiffs' homes; and (4) he is not familiar with the ASTM standards applicable to drywall.  Thus, he is not qualified to testify on those matters under Rule 602.

Further, Mr. Odom's purported lay opinion testimony is not based on his own personal perceptions of either the ASTM standards or the Chinese-manufactured drywall, as required under Rule 701.   First, Mr. Odom does not have any firsthand knowledge of the Chinese-manufactured drywall in plaintiffs' homes.  Mr. Odom has testified that he did not personally

---

[9] *Hathaway v. Bazany*, 507 F.3d 312, 317 (5th Cir. 2007);  *Lassiegne v. Taco Bell Corp.*, 202 F. Supp. 2d 512, 514 (E.D. La. 2002).
[10] *See e.g., Lust v. Merrell Dow Pharmaceuticals, Inc.*, 89 F.3d 594, 598 (9th Cir. 1996).

perform any residential inspections after Hurricane Katrina.[11] Furthermore, he did not hear from any other building inspector that Chinese-manufactured drywall was being installed in residents' homes.[12] He also was not informed by other building inspectors that homes had a strange odor or smell.[13] Likewise, as the Chief Building Inspector, he was not informed of corrosion to electrical systems in newly constructed or renovated homes; nor did he hear that corrosion of copper pipes or other plumbing was occurring in newly constructed or renovated homes.[14]

In short, he has never seen Chinese-manufactured drywall and knows nothing about it other than what he has been told. In fact, the only knowledge Mr. Odom has of the physical characteristics of the Chinese-manufactured drywall was told to him by Plaintiff's counsel in a meeting one week before his deposition. Thus, it is clear that Mr. Odom does not have firsthand knowledge or perceptions of the Chinese manufacturer drywall in order to make any assessment of its compliance with the requisite ASTM or building codes.

Second, he has no firsthand knowledge or perceptions of the applicable ASTM standards or the applicable building code provisions addressing drywall, other than that they address the dimensions of the drywall. Until presented with the ASTM standards for drywall a week before his deposition by attorneys for the Plaintiffs, Mr. Odom had never seen the ASTM standards for drywall.[15] He freely admitted that he was no familiar with the standards and could not interpret what they meant.

Further, as a city inspector, Mr. Odom admits that building inspectors do not ensure that the drywall installed in homes meets ASTM standards because it cannot be inspected in the

---

[11] *See* Exhibit A at p. 25:3-7.
[12] Id. at p. 23:20-25.
[13] Id. at p. 24:1-5.
[14] Id. at p.24:6-22.
[15] Id. at pp. 27:22-28:7.

field.[16] Mr. Odom further admits that ASTM standards are industry standards that cover a range of requirements; whereas the building inspectors are looking at the drywall's thickness and its application to the walls and ceilings.[17] In fact, Mr. Odom's own testimony is that he cannot determine whether the Chinese-manufactured drywall complied with ASTM standards.[18] (28:8-12).

Moreover, any testimony concerning building codes and ASTM standards is fundamentally based on scientific, technical, or other specialized knowledge. The testimony to be elicited from Mr. Odom is not lay opinion testimony based on personal perceptions, but scientific and technical opinion testimony based on a reading of certain technical standards and the application of those standards to a specific product as part of a technical analysis. The standards are complex, scientific, and mathematical; rely on scientific terminology; and address characteristics of the product beyond the perceptions of the ordinary person. Again, Mr. Odom has no personal familiarity with either the Chinese-manufactured drywall or the technical standards. Rather, what the Plaintiffs seek to do is to educate Mr. Odom on the witness stand (or just before) by having him review the technical standards and look at photographs of the Chinese-manufactured drywall or make certain assumptions about the Chinese-manufactured drywall and then offer a technical opinion about whether the Chinese-manufactured drywall complies with the standards. Any opinion testimony of Mr. Odom regarding compliance with those standards inherently fails to satisfy Rule 701's requirement that the testimony not be of a scientific or technical nature.

For these reasons, Mr. Odom's purported opinion testimony should not be allowed under Rule 701.

---

[16] Id. at pp. 21:23-22:6.
[17] Id. at p. 22:5-12.
[18] Id. at p. 28:8-12.

-6-

### 2. Mr. Odom's testimony fails to pass the requirements under *Daubert* and admissibility under Rule 702.

Mr. Odom has extensive experience in the field of inspections to determine whether a dwelling meets applicable minimum housing standards; however, he has no knowledge, experience, or training in determining whether drywall meets ASTM standards. The sum total of Mr. Odom's knowledge and experience in determining whether the drywall meets the applicable ASTM standards comes from a meeting he had with Plaintiff's counsel one week before his deposition where he was presented with what he was told were the applicable ASTM standards and pictures of Chinese-manufactured drywall. Until that meeting, Mr. Odom was completely unfamiliar with either the standards or the Chinese-manufactured drywall. Prior to being asked at his deposition if the drywall complied with the ASTM standards, Mr. Odom has never been called upon to make such an evaluation. And during the course of that deposition, Mr. Odom candidly admitted that he did not believe he was qualified to render that opinion.

While Mr. Odom appears to be a qualified and competent building inspector, he is not a qualified expert in the field of ASTM compliance, and Plaintiffs' attempts to bootstrap him into one, against his own desires, should be rebuked. Mr. Odom not only admits that the building inspectors did not do inspections to ensure gypsum board used in residential properties meet IRC and ATSM standards, he also admits that he does not have knowledge as to whether the CDW used in residential properties in New Orleans complied with the IRC.[19] Mr. Odom also testified that he was not familiar with ASTM standards applicable to gypsum board prior to meeting with plaintiffs' counsel and he does not know whether the CDW complied with ATSM standards.[20]

---

[19] Id. at p. 26:3-7.
[20] Id. at pp. 27:22-25 and 28:1-12.

Mr. Odom admits that he is not an expert on determining whether building materials comply with ASTM standards.[21] Mr. Odom further admitted that he does not have an opinion and is not qualified to have an opinion as to whether the CDW used in residential buildings complied with the IRC.[22]

The entirety of his experience is as Chief Building Inspector for the City of New Orleans. While in the right circumstances experience alone may render an expert qualified, these are not those circumstances. Mr. Odom, by his own admission, does not know if CDW met the requirements of IRC or ATSM standards. Furthermore, he does not have knowledge of how these standards apply to gypsum board in residential buildings. Simply put, Mr. Odom is not qualified to render any opinions relevant to whether the product has a redhibitory defect. He admits that he is not qualified based on his own personal knowledge, experience, training, or education.

Finally, any opinion he offers regarding the compliance of the Chinese-manufactured to the applicable standards is not reliable. Mr. Odom's purported testimony fails all three prongs of the test for reliability: (1) his testimony is not based on sufficient facts or data, (2) his testimony is not the product of reliable principles or methods, and (3) he has not applied the principles and methods reliably to the facts of this case. When dealing with a redhibition claim, one of the key components to the investigation is an inspection of the product with the alleged redhibitory defect, which he did not do in this case.[23] Mr. Odom has not performed any building inspections of any residential properties since Hurricane Katrina, and he is not aware that any of his building inspectors saw CDW in any residential properties in New Orleans following Hurricane Katrina

---

[21] Id. at p. 71:18-21.
[22] Id. at p. 72:1-7.
[23] Id. at p. 17:13-20.

in 2005 until 2007.[24] During that same time period, Mr. Odom also did not receive any reports from any city building inspectors regarding strange smells in homes in New Orleans or about any corrosion of electrical systems or copper pipes in any homes in New Orleans.[25] Mr. Odom was not even aware of CDW until he read about it in the newspaper.[26] Mr. Odom testified that since he learned of potential problems associated with the use of CDW, the city building inspection department has not undertaken any inspections of homes that used CDW.[27] Mr. Odom does not have the requisite information, has not done any inspection, and has no information to apply any principles or methods to the facts of this case.

For these reasons, Mr. Odom's purported opinion testimony should not be allowed under Rule 702 and the principles of *Daubert*.

### 3. Plaintiffs failed to properly identify Mr. Odom as an expert.

To the extent Mr. Odom's opinion testimony is being offered under Rule 702 of the Federal Rules of Evidence, Plaintiffs failed to properly identify Mr. Odom as an expert under Rule 26 of the Federal Rules of Civil Procedure and failed to provide either a report or statement of his opinions. Rule 26 provides that "a party must disclose to the other parties the identity of any witness it may use at trial to present evidence under Federal Rule of Evidence 702, 703, or 705." In addition, the disclosure must be accompanied by a written report if the witness is one retained or specially employed to provide expert testimony in the case or, if the witness is not required to provide a report, the disclosure must state the subject matter on which the witness is expected to testify and a summary of the facts and opinion to which the witness is expected to testify. Plaintiffs failed to satisfy these requirements,

---

[24] Id. at pp. 17:13-20 and 23:21-25.
[25] Id. at p. 24:1-22.
[26] Id. at pp. 22:24-25 and 23: 1-13.
[27] Id. at p. 25:3-13.

While Mr. Odom was indentified on Plaintiffs' witness list, he was not designated as an expert witness. Moreover, Plaintiffs have never provided an expert report from Mr. Odom. Lastly, Plaintiffs did not disclose the subject matter of Mr. Odom's testimony or provide any summary of the facts and opinions to which he was expected to testify. Because Plaintiffs failed to comply with the requirements of Rule 26, Mr. Odom should not be allowed to prevent any opinion testimony under Rule 702.

## CONCLUSION

Interior Exterior is entitled to an Order *in limine* prohibiting Plaintiffs from offering any opinion testimony of Mr. Odom on the grounds that: (1) he was not designated as an expert witness; (2) he has no firsthand knowledge of the existence of Chinese-manufactured drywall in plaintiffs' homes; (3) he has no firsthand knowledge of the labeling of the Chinese-manufactured drywall in plaintiffs' homes; (4) he has no firsthand knowledge of the physical characteristics of the Chinese-manufactured drywall in plaintiffs' homes; (5) he is not familiar with the ASTM standards applicable to drywall; and (6) his opinions are not reliable.

Respectfully submitted,

***Richard G. Duplantier, Jr.   /s/***
Richard G. Duplantier, Jr. (# 18874)
Lambert J. Hassinger, Jr. (# 21683)
Benjamin R. Grau (#26307)
Carlina C. Eiselen, (# 28524)
GALLOWAY, JOHNSON, TOMPKINS,
BURR & SMITH
701 Poydras Street, 40th Floor
New Orleans, Louisiana 70139
Telephone: (504) 525-6802 / Fax: (504) 525-2456
rduplantier@gjtbs.com /jhassinger@gjtbs.com
bgrau@gjtbs.com / ceiselen@gjtbs.com
*Counsel for Defendant, Interior Exterior Building Supply, L.P. and Interior Exterior Enterprises, LLC*

**Certificate of Service**

The undersigned certifies that this document has been served on Plaintiffs' Liaison counsel Russ Herman and Defendants' Liaison Counsel Kerry Miller, by email and United States Mail, and upon all parties by electronically uploading the same to Lexis Nexis File & Serve in accordance with Pretrial Order No. 6, and that the foregoing was filed with the Clerk of Court for the United States District Court for the Eastern District of Louisiana by using the CM/ECF System which will send a notice of electronic filing in accord with the procedures established in MDL 2047, on the 12th day of November, 2012.

                                              *Richard G. Duplantier, Jr.   /s/*
                                              RICHARD G. DUPLANTIER, JR.