UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: CHINESE-MANUFACTURED | ) | CIVIL ACTION NO. 09-2047 |
| DRYWALL PRODUCTS LIABILITY | ) | |
| LITIGATION | ) | JUDGE FALLON |
| _____ | ) | |
| This Document Relates to: | | MAGISTRATE WILKINSON |
| ALL CASES | | |

### INTERIOR EXTERIOR'S OBJECTIONS TO PLAINTIFFS' DEPOSITION EXCERPTS FOR THE BELLWETHER TRIAL SCHEDULED FOR NOVEMBER 26, 2012

NOW INTO COURT, through undersigned counsel, come defendants, Interior Exterior Building Supply, L.P. and Interior Exterior Enterprises, L.L.C. ("Interior Exterior") who submit the following objections to Plaintiffs' depositions excerpts for use at the bellwether trial scheduled for November 26, 2012:

1. **Kurt Heider**

Interior Exterior objects to the use of the deposition testimony of Mr. Heider insofar as it constitutes hearsay under Rule 801 of the Federal Rules of Evidence and does not fall with any exceptions under Rule 804. Mr. Heider lives at 38 Pine Court in Hammond, Louisiana. As such, he resides within the jurisdiction of the Federal District Court for the Eastern District of Louisiana and is subject to the subpoena power of the Court under Rule 45(b)(2)(A) of the Federal Rules of Civil Procedure. Accordingly, under rule 804(5) of the Federal Rules of Evidence, Mr. Heider is not unavailable for trial and his prior deposition testimony is inadmissible as hearsay.

To the extent the Court overrules this objection, Interior Exterior reserves the right to file objections to the specific testimony of Mr. Heider sought to be introduced by Plaintiffs.

1

## 2. Keith Fournier

Interior Exterior objects to the use of the deposition testimony of Mr. Fournier insofar as it constitutes hearsay under Rule 801 of the Federal Rules of Evidence and does not fall with any exceptions under Rule 804. Mr. Fournier lives at 2901 Tennessee Avenue, Apartment B, in Kenner, Louisiana. As such, he resides within the jurisdiction of the Federal District Court for the Eastern District of Louisiana and is subject to the subpoena power of the Court under Rule 45(b)(2)(A) of the Federal Rules of Civil Procedure. Accordingly, under rule 804(5) of the Federal Rules of Evidence, Mr. Heider is not unavailable for trial and his prior deposition testimony is inadmissible as hearsay.

To the extent the Court overrules this objection, Interior Exterior reserves the right to file objections to the specific testimony of Mr. Fournier sought to be introduced by Plaintiffs.

## 3. John Bush

Interior Exterior objects to the following testimony of John Bush offered by Plaintiffs:

| 18:6 – 20:8 | Interior Exterior objects to this testimony as irrelevant and, alternatively, the probative value of this evidence is substantially outweighed by its unfair prejudice. Although cannot remember the details of the "falling out" with INEX and only offers vague allusions, Mr. Bush admits that the failing out was completely unrelated to issues involving Chinese drywall. |
|---|---|
| 33:23 – 35:12<br>36:24 – 37:1<br>38:19 – 41:12 | Interior Exterior objects to this testimony as irrelevant or, alternatively, the probative value of this evidence is substantially outweighed by its unfair prejudice. The sole issue in this case is whether Interior Exterior was a bad faith seller when it sold the drywall at issue to plaintiffs. Whether any homes constructed by Titan Drywall, Mr. Bush's company in Texas, received any Chinese-manufactured drywall from INEX is of no consequence. Moreover, this testimony assumes facts not in evidence – namely that the homes did in fact received Chinese-manufactured drywall from INEX – and thus the testimony is highly speculative. Absent an admissible test report showing Chinese-manufactured drywall in the home and a concomitant invoice showing delivery of that drywall by INEX, there is no way to establish this fact and neither Plaintiffs nor Mr. Bush |

| | |
|---|---|
| | have provided that evidence as part of his testimony or elsewhere at trial. Finally, the testimony is, or relies entirely on, hearsay. Mr. Bush's sole basis for this knowledge, as expressed in his testimony, is the hearsay telephone conversations with homeowners and other suppliers from whom he purchased drywall at the same time. |
| **41:17 – 42:4** | Interior Exterior objects to this testimony as irrelevant or, alternatively, the probative value of this evidence is substantially outweighed by its unfair prejudice. The sole issue in this case is whether Interior Exterior was a bad faith seller when it sold the drywall at issue to plaintiffs. Whether any homes constructed by Titan Drywall, Mr. Bush's company in Texas, received any Chinese-manufactured drywall from INEX is of no consequence.  Likewise, it is not relevant whether INEX sold Mr. Bush and imported drywall after he instructed INEX to deliver only drywall made in the US.  There is no evidence that any similar instructions were provided to INEX with respect to the Plaintiffs' homes.  Further, the statements by Mr. Bush assume facts not in evidence, are speculative, and are based on hearsay evidence. |
| **42:6 – 43:17** | Interior Exterior objects to this testimony as irrelevant or, alternatively, the probative value of this evidence is substantially outweighed by its unfair prejudice. The sole issue in this case is whether Interior Exterior was a bad faith seller when it sold the drywall at issue to plaintiffs. Whether any other suppliers of drywall provided Titan Homes with Chinese-manufactured drywall is of no consequence.  Moreover, these statements by Mr. Bush assume facts not in evidence, are speculative, and are based on hearsay evidence. |

### 4.     **Glen Lemm**

Interior Exterior objects to the following testimony  of Glen Lemm offered by Plaintiffs:

| | |
|---|---|
| **27:8-17** | Interior Exterior objects to this testimony as irrelevant.  Representations made to or perceived by Mr. Lemm concerning his dealings with INEX are not relevant to the dealings between INEX and the Plaintiffs and their contractors at issue in this case. |
| **27:18-30:16** | Interior Exterior objects to this testimony as irrelevant or, alternatively, the probative value of this evidence is substantially outweighed by its unfair prejudice. The sole issue in this case is whether Interior Exterior was a bad faith seller when it sold the drywall at issue to plaintiffs. Alleged and speculative testimony about "complaints" with unrelated drywall imported by INEX and others 6+ years earlier is of no |

3

|  | |
|---|---|
|  | consequence. There were no complaints about off-gassing are sulfur smells associated with any of the prior drywall. Moreover, these statements by Mr. Lemm assume facts not in evidence, are speculative, and are based on hearsay evidence. |
| **30:5-31:20** | Interior Exterior objects to this testimony as irrelevant or, alternatively, the probative value of this evidence is substantially outweighed by its unfair prejudice. The sole issue in this case is whether Interior Exterior was a bad faith seller when it sold the drywall at issue to plaintiffs. Mr. Lemm's unsupported, speculative opinion about the quality of products in general from China is not instructive to that sole issue. |
| **32:12-33:01** | Interior Exterior renews the objections of counsel as to the form of these questions in that they lack a proper foundation. |
| **34:22-38:12** | Interior Exterior objects to this testimony as irrelevant or, alternatively, the probative value of this evidence is substantially outweighed by its unfair prejudice. The sole issue in this case is whether Interior Exterior was a bad faith seller when it sold the drywall at issue to plaintiffs. Mr. Lemm's experience with Chinese-manufactured drywall in Texas is not relevant to that inquiry. There were no complaints about off-gassing are sulfur smells associated with any of the Chinese-manufactured drywall used by Mr. Lemm. Moreover, these statements by Mr. Lemm assume facts not in evidence, are speculative, and are based on hearsay evidence. Interior Exterior renews the objections of counsel as to the form of these questions in that they lack a proper foundation. |
| **39:15-39:20** | Interior Exterior objects to this testimony as irrelevant or, alternatively, the probative value of this evidence is substantially outweighed by its unfair prejudice. The sole issue in this case is whether Interior Exterior was a bad faith seller when it sold the drywall at issue to plaintiffs. Mr. Lemm's unsupported, speculative lay opinion about the quality of the Chinese-manufactured drywall products in general from China is not instructive to that sole issue. Moreover, the testimony fails to lay the proper foundation for lay opinion testimony under Rule 701. |
| **40:13-41:10** | Interior Exterior objects to this testimony as hearsay statements of counsel without an answer from the witness. |
| **42:22-44:11** | Interior Exterior objects to this testimony as irrelevant or, alternatively, the probative value of this evidence is substantially outweighed by its unfair prejudice. The sole issue in this case is whether Interior Exterior was a bad faith seller when it sold the drywall at issue to plaintiffs. |

|  | Whether any homes constructed by Mr. Lemm's company in Texas received any Chinese-manufactured drywall from INEX is of no consequence. Likewise, it is not relevant whether INEX sold Mr. Lemm any imported drywall after he instructed INEX to deliver only drywall made in the US. There is no evidence that any similar instructions were provided to INEX with respect to the Plaintiffs' homes. Further, the statements by Mr. Lemm assume facts not in evidence, are speculative, and are based on hearsay evidence. Lastly, the documents referenced in the testimony are the best evidence of their contents and meaning. |
|---|---|
| **44:23-47:04** | Interior Exterior objects to this testimony as irrelevant or, alternatively, the probative value of this evidence is substantially outweighed by its unfair prejudice. The sole issue in this case is whether Interior Exterior was a bad faith seller when it sold the drywall at issue to plaintiffs. Whether any homes constructed by Mr. Lemm's company in Texas received any Chinese-manufactured drywall from INEX is of no consequence. Likewise, it is not relevant whether INEX sold Mr. Lemm any imported drywall after he instructed INEX to deliver only drywall made in the US. There is no evidence that any similar instructions were provided to INEX with respect to the Plaintiffs' homes. Further, the statements by Mr. Lemm assume facts not in evidence, are speculative, and are based on hearsay evidence. Lastly, the documents referenced in the testimony are the best evidence of their contents and meaning. |
| **47:13-48:21** | Interior Exterior objects to this testimony as irrelevant or, alternatively, the probative value of this evidence is substantially outweighed by its unfair prejudice. The sole issue in this case is whether Interior Exterior was a bad faith seller when it sold the drywall at issue to plaintiffs. Whether any homes constructed by Mr. Lemm's company in Texas received any Chinese-manufactured drywall from INEX is of no consequence. Likewise, it is not relevant whether INEX sold Mr. Lemm any imported drywall after he instructed INEX to deliver only drywall made in the US. There is no evidence that any similar instructions were provided to INEX with respect to the Plaintiffs' homes. Further, the statements by Mr. Lemm assume facts not in evidence, are speculative, and are based on hearsay evidence. The documents referenced in the testimony are the best evidence of their contents and meaning. Finally, there are numerous instances of hearsay statements from counsel about the contents of documents without answers from the witness. |
| **51:15-24** | Interior Exterior objects to this testimony as hearsay statements of counsel without an answer from the witness. |

| **52:16 – 53:5** | Interior Exterior objects to this testimony as irrelevant or, alternatively, the probative value of this evidence is substantially outweighed by its unfair prejudice and confusion to the jury. The sole issue in this case is whether Interior Exterior was a bad faith seller when it sold the drywall at issue to plaintiffs. Any complaints Mr. Lemm had about the Chinese-manufactured drywall were unrelated to the defect at issue in this case – the off-gassing of sulfur compounds. Mr. Lemm alludes to other defects relating to weight, brittleness, and quality of the drywall. He also states that these defects were obvious to him. This testimony is highly confusing in that it conflates the redhibitory defect of off-gassing with the non-redhibitory defect of weight, brittleness, and physical appearance. These later defects cannot be redhibitory defects in that they were apparent to anyone, at least according, to Mr. Lemm. |
|---|---|
| **54:19-57:01** | Interior Exterior objects to this testimony as irrelevant or, alternatively, the probative value of this evidence is substantially outweighed by its unfair prejudice and confusion to the jury. The sole issue in this case is whether Interior Exterior was a bad faith seller when it sold the drywall at issue to plaintiffs. Invoices sent to Mr. Lemm in Texas are not relevant to the product sent to the Plaintiffs in Louisiana at issue in this case. |

Respectfully submitted,

*Richard G. Duplantier, Jr.   /s/*
Richard G. Duplantier, Jr. (# 18874)
Lambert J. Hassinger, Jr. (# 21683)
Benjamin R. Grau (#26307)
Carlina C. Eiselen, (# 28524)
GALLOWAY, JOHNSON, TOMPKINS,
BURR & SMITH
701 Poydras Street, 40th Floor
New Orleans, Louisiana 70139
Telephone:  (504) 525-6802 / Fax:   (504) 525-2456
rduplantier@gjtbs.com /jhassinger@gjtbs.com
bgrau@gjtbs.com / ceiselen@gjtbs.com
*Counsel for Defendant, Interior Exterior Building Supply, L.P. and Interior Exterior Enterprises, LLC*

**Certificate of Service**

The undersigned certifies that this document has been served on Plaintiffs' Liaison counsel Russ Herman and Defendants' Liaison Counsel Kerry Miller, by email and United States Mail, and upon all parties by electronically uploading the same to Lexis Nexis File & Serve in accordance with Pretrial Order No. 6, and that the foregoing was filed with the Clerk of Court for the United States District Court for the Eastern District of Louisiana by using the CM/ECF System which will send a notice of electronic filing in accord with the procedures established in MDL 2047, on the 12th day of November, 2012.

*Richard G. Duplantier, Jr.   /s/*
RICHARD G. DUPLANTIER, JR.