**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | | |
|---|---|---|
| =============================== | x | ============================ |
| | x | |
| IN RE: CHINESE-MANUFACTURED | x | MDL NO. 2047 |
| DRYWALL PRODUCTS LIABILITY | x | SECTION: L |
| LITIGATION | x | JUDGE FALLON |
| | x | MAG. JUDGE WILKINSON |
| THIS DOCUMENT RELATES TO ALL | x | |
| CASES | x | |
| =============================== | x | ============================ |

## PLAINTIFFS' OBJECTIONS AND COUNTER-DESIGNATIONS
## IN RESPONSE TO INEX's DEPOSITION DESIGNATIONS FOR USE AT TRIAL

NOW COME Plaintiffs in the upcoming November 26, 2012 trial, who respectfully submit the following objections and counter-designations in response to Interior Exterior Building Supply, LP's and Interior Exterior Enterprises, L.L.C.'s deposition designations for use at trial:

### 1) Kostal, Richard – October 17, 2012 Deposition

*Plaintiffs' Objections to INEX's Deposition Designations for Richard Kostal:*

| | |
|---|---|
| 17:2-17:15 | Plaintiffs object based on lack of foundation and speculation |
| 17:24-18:20 | Plaintiffs object based on lack of foundation and speculation. |
| 18:25-19:15 | Plaintiffs object based on lack of foundation and speculation. |
| 20:6-20:16 | Plaintiffs object based on lack of foundation and speculation. |
| 21:20-21:23 | Plaintiffs object based on lack of foundation, relevance and lack of responsiveness. |
| 22:8-22:12 | Plaintiffs object based on lack of foundation and relevance. |
| 22:16-25:14 | Plaintiffs object based on lack of foundation and relevance. |

*Plaintiffs' Counter-Designations for Richard Kostal:*

27:18-27:21

30:7-37:1

40:21-42:11

42:16-43:24

### 2) Mezzenga, John – October 4, 2012 Deposition

*Plaintiffs' Objections to INEX's Deposition Designations for John Mezzenga:*

| | |
|---|---|
| General: | Plaintiffs make a general objection as to relevance regarding this witness if none of the trial plaintiffs are Habitat for Humanity plaintiffs. |
| 79:4-6 | Plaintiffs object due to lack of foundation., incomplete designation (w/ no answer designated)., and lack of responsiveness. |
| 82:18-25 | Plaintiffs object due to hearsay and relevance |
| 83:1-25 | Plaintiffs object due to hearsay and relevance. |
| 84:1-18 | Plaintiffs object due to hearsay and relevance. |
| 85:10-25 | Plaintiffs object due to hearsay and relevance. |
| 86:1-3 & 6-7 | Plaintiffs object due to hearsay and relevance. |

*Plaintiffs' Counter-Designations for John Mezzenga:*

14:1-8

46:12-25

47:1-18

48:25

49:1-6 & 49:24-25

50:1-9 & 50:18-19

51:3-12

57:10-18 & 57:22-25

58:1-25

59:1-4 & 59:7-11

63:10 – 67:6

67:14 - 69:19

70:14-25

71:2-7

71:11-25

72:2-3

74:5-21

75:2-24

77:9 – 78:1

### 3) Shewmake, Scott – November 9, 2010 Deposition

*Plaintiffs' Objections to INEX's Deposition Designations for Scott Shewmake:*

| | |
|---|---|
| 11:1-17 | Plaintiffs object due to relevance. |
| 12:4 – 13:15 | Plaintiffs object due to relevance |
| 13:21 – 15:15 | Plaintiffs object due to relevance. |
| 28:2 – 29:1 | Plaintiffs object due to relevance and hearsay. |
| 30:22 – 34:20 | Plaintiffs object due to relevance and hearsay. |

*Plaintiffs' Counter-Designations for Scott Shewmake:*

14:1-8

44:17 – 51:8

54:18 – 63:14

64:5 – 65:4

70:6-17

82:13 – 87:14

182:18 – 183:18

185:3-9

190:19 – 191:5

192:13-23

193:1-3

199:8 - 202:11

**4) Brisley, Jeffrey – September 27, 2010 Deposition**

*Plaintiffs' Objections to INEX's Deposition Designations for Jeffrey Brisley:*

| | |
|---|---|
| General: | Plaintiffs object to the relevance of this witness and his testimony. |
| 48:23-24 | Plaintiffs object based on relevance, confusion and lack of foundation. |
| 49:1-24 | Plaintiffs object based on relevance, confusion and lack of foundation. |
| 50:1-3 | Plaintiffs object based on relevance, confusion and lack of foundation. |
| 51:2-24 | Plaintiffs object based on relevance, confusion and lack of foundation. |
| 52:1-9 | Plaintiffs object based on relevance, confusion and lack of foundation. |
| 63:7-10 | Plaintiffs object based on relevance, confusion and lack of foundation. |
| 79:24 – 80:14 | Plaintiffs object based on relevance and confusion. |
| 81:4-7 | Plaintiffs object based on relevance, confusion, lack of foundation, speculation and incomplete designation. |
| 82:17-24 | Plaintiffs object based on relevance, confusion, lack of foundation, speculation and incomplete designation. |
| 83:1 | Plaintiffs object based on relevance, confusion, lack of foundation, speculation and incomplete designation. |
| 91:20 – 92:4 | Plaintiffs object based on relevance, confusion, lack of foundation, speculation and incomplete designation. |
| 96:22 – 102:15 | Plaintiffs object based on relevance, confusion, lack of foundation, speculation and incomplete designation. |
| 106:6 – 107:19 | Plaintiffs object based on relevance, confusion and speculation. |
| 108:4-13 | Plaintiffs object based on relevance, confusion and speculation. |
| 111:17 – 112:5 | Plaintiffs object based on relevance, confusion and hearsay. |
| 142:8 – 145:1 | Plaintiffs object based on relevance, confusion, speculation and hearsay. |

| | |
|---|---|
| 145:6-8 & 15-24 | Plaintiffs object based on relevance, confusion, speculation and hearsay. |
| 146:1-3 & 5-24 | Plaintiffs object based on relevance, confusion and speculation. |
| 147:1-18 | Plaintiffs object based on relevance, confusion and speculation. |
| 148:11-22 | Plaintiffs object based on relevance, confusion and hearsay. |
| 149:14-20 & 22-24 | Plaintiffs object based on relevance, confusion and speculation. |
| 150:1-5 | Plaintiffs object based on relevance, confusion and speculation. |
| 164:1 – 165:24 | Plaintiffs object based on relevance, confusion and speculation. |
| 168:1 – 170:4 | Plaintiffs object based on relevance, confusion, hearsay and speculation. |
| 178:13-24 | Plaintiffs object based on relevance and confusion. |
| 179:1-3 & 15-24 | Plaintiffs object based on relevance and confusion. |
| 180:1 – 182:13 | Plaintiffs object based on relevance, confusion, hearsay and speculation. |
| 184:15-22 | Plaintiffs object based on relevance, confusion, hearsay and speculation. |
| 188:6 – 191:20 | Plaintiffs object based on relevance, confusion and hearsay. |
| 192:6-24 | Plaintiffs object based on relevance, confusion, hearsay and incomplete designation. |
| 193:1-3 & 21-24 | Plaintiffs object based on relevance, confusion and hearsay. |
| 194:1-4 | Plaintiffs object based on relevance, confusion and hearsay. |
| 198:10-20 | Plaintiffs object based on relevance, confusion, hearsay and speculation. |
| 201:7 – 204:11 | Plaintiffs object based on relevance, confusion, hearsay and speculation. |
| 206:18 – 210:1 | Plaintiffs object based on relevance, confusion, hearsay and speculation. |
| 217:16 – 218:8 | Plaintiffs object based on relevance, confusion, hearsay and speculation. |
| 219:1 – 220:3 | Plaintiffs object based on relevance and confusion. |
| 222:8 – 223:16 | Plaintiffs object based on relevance, confusion and calling for opinion testimony. |
| 224:13 – 226:3 | Plaintiffs object based on relevance and confusion. |
| 231:4 – 233:8 | Plaintiffs object based on relevance, confusion and speculation. |

| | |
|---|---|
| 238:1-3 & 5-15 | Plaintiffs object based on relevance, confusion and speculation. |
| 239:13-21 | Plaintiffs object based on relevance, confusion and speculation. |
| 247:19 – 248:8 | Plaintiffs object based on relevance, confusion and speculation. |
| 248:14-18 & 20-22 | Plaintiffs object based on relevance and confusion. |
| 249:19 – 250:7 | Plaintiffs object based on relevance and confusion. |
| 251:1-8 & 22-24 | Plaintiffs object based on relevance and confusion. |
| 252:1-12 & 22-24 | Plaintiffs object based on relevance and confusion. |
| 253:1 – 254:16 | Plaintiffs object based on relevance, speculation, confusion and as argumentative. |
| 269:9 – 271:10 | Plaintiffs object based on relevance, confusion and as argumentative. |
| 280:24 – 283:2 | Plaintiffs object based on relevance and confusion. |
| 285:13 – 286:21 | Plaintiffs object based on relevance and confusion. |
| 309:21 – 312:5 | Plaintiffs object based on relevance, speculation, confusion and as argumentative and non-responsive. |
| 313:11-13 | Plaintiffs object based on relevance, confusion and as argumentative. |
| 314:2 – 317:13 | Plaintiffs object based on relevance, confusion and as argumentative. |
| 326:6-15 | Plaintiffs object based on relevance, lack of foundation, confusion and speculation. |
| 331:17 – 332:7 | Plaintiffs object based on relevance, lack of foundation and confusion. |
| 333:1-16 | Plaintiffs object based on relevance, lack of foundation, confusion and as an incomplete designation. |
| 335:8-12 | Plaintiffs object based on relevance and confusion. |
| 344:22-24 | Plaintiffs object based on relevance, lack of foundation, confusion and speculation. |
| 345:1-3 & 12-22 | Plaintiffs object based on relevance, lack of foundation, confusion and speculation. |
| 346:10 – 347:12 | Plaintiffs object based on relevance, lack of foundation, confusion, hearsay and speculation. |

| | |
|---|---|
| 348:4-24 | Plaintiffs object based on relevance, lack of foundation and confusion. |
| 384:2-15 | Plaintiffs object based on relevance and confusion. |
| 385:2-11 | Plaintiffs object based on relevance and confusion. |
| 501:4 – 503:5 | Plaintiffs object based on relevance and confusion. |
| 515:10-17 & 22-24 | Plaintiffs object based on relevance, confusion and speculation. |
| 516:1-12 | Plaintiffs object based on relevance, confusion and speculation. |

*Plaintiffs' Counter-Designations for Jeffrey Brisley:*

45:15 – 46:7

47:20 – 48:5

52:9-21 (if Plaintiffs' objections to 52:1-9 are overruled)

56:8 - 61:5

62:6-22

63:11 – 65:24 (if Plaintiffs' objections to 63:7-10 are overruled)

66:16-20

75:3-76:5

77:8 – 79:23 (if Plaintiffs' objection to 79:24 – 80:14 is overruled)

81:8 – 82:16 (if Plaintiffs' objections to 81:4-7, 82:17-24 and/or 83:1 are overruled)

83:2-9 (if Plaintiffs' objections to 81:4-7, 82:17-24 and/or 83:1 are overruled)

95:10 – 96:21 (if Plaintiffs' objections to 96:22 – 102:15 are overruled)

119:20 – 120:12

121:10 – 122:7

135:7 – 138:4

145:2-5 (if Plaintiffs' objections to 145:6-8 & 15-24 are overruled)

147:19 – 148:10 (if Plaintiffs' objections to 147:1-18 are overruled)

148:23 – 149:13 (if Plaintiffs' objections to 148:11-22 are overruled)

154:11 – 155:19

157:3 – 158:16

166:1 – 167:24 (if Plaintiffs' objections to 164:1 – 165:24 are overruled)

182:14 – 184:14 (if Plaintiffs' objections to 180:1 – 182:13 and/or 184:15-22 are overruled)

184:23 – 188:3 (if Plaintiffs' objections to 180:1 – 182:13 and/or 184:15-22 are overruled)

191:21 – 192:5 (if Plaintiffs' objections to 188:6 – 191:20 and/or 192:6-24 are overruled)

196:19 – 198:9 (if Plaintiffs' objections to 198:10-20 are overruled)

198:21 – 201:6 (if Plaintiffs' objections to 198:10-20 are overruled)

204:12 – 206:17 (if Plaintiffs' objections to 201:7 – 204:11 are overruled)

220:4-11 (if Plaintiffs' objections to 219:1 – 220:3 are overruled)

223:17 – 224:12 (if Plaintiffs' objections to 222:8 – 223:16 are overruled)

226:4 – 231:3 (if Plaintiffs' objections to 224:13 – 226:3 and/or 231:4 – 233:8 are overruled)

238:16 – 239:12 (if Plaintiffs' objections to 238:1-3 & 5-15 and/or 239:13-21 are overruled)

239:22 – 241:6 (if Plaintiffs' objections to 238:1-3 & 5-15 and/or 239:13-21 are overruled)

241:22 – 244:21 (if Plaintiffs' objections to 238:1-3 & 5-15 and/or 239:13-21 are overruled)

249:5-18 (if Plaintiffs' objections to 248:1-22 and/or 249:19 – 250:7 are overruled)

254:17 - 255:24 (if Plaintiffs' objections to 253:1 – 254:16 are overruled)

269:1-8 (if Plaintiffs' objections to 269:9 – 271:10 are overruled)

271:11 – 274:10

283:3-10 (if Plaintiffs' objections to 280:24 – 283:2 are overruled)

283:22 – 285:12 (if Plaintiffs' objections to 285:13 – 286:21 are overruled)

289:9 – 291:6 (if Plaintiffs' objections to 288:13 – 189:8 are overruled)

308:16 – 309:20 (if Plaintiffs' objections to 309:21 – 312:5 are overruled)

339:2 – 343:11

347:13 – 348:3 (if Plaintiffs' objections to 344:22-24, 345:1-3 & 12-22, 346:10 – 347:12 are overruled)

503:8-10 (if Plaintiffs' objections to 501:4 – 503:5 are overruled)

503:14 – 504:5

505:7 - 507:17

508:22 – 509:4

509:10-12

509:16 – 510:2

510:23 – 513:12

513:2-19

516:20-22 (if Plaintiffs' objections to 515:10 – 516:12 are overruled)

517:16 – 520:19 (if Plaintiffs' objections to 515:10 – 516:12 are overruled)

521:16 – 524:5 (if Plaintiffs' objections to 515:10 – 516:12 are overruled)

525:1 – 526:4

**Responses to Designations of Testimony from Witnesses of the International Knauf Entities**

The PSC objects to the presentation of any testimony from witnesses from the foreign Knauf entities for the below reasons.  On the whole, the testimony is improper in this case, irrelevant, prejudicial and would confuse the narrow issue before the jury regarding INEX's conduct, and what it knew or should have known.

**1)      Mark Patrick Norris – November 11, 2010 Deposition**

*The testimony is primarily about:*

Background information of witness. (*see e.g.* pages 34-35, 46-47, 49-50)

Referral to KPT and KPT relationship to Knauf Insulation.  (*see e..* pages 96-98, 105-106, 242)

Knauf investigation and its limitations. (*see e.g.* pages 127-128, 140-149, 158-172, 303-304, 330-331)

The CPSC visit to KPT (*see e.g.* pages 201-212)

*Plaintiffs' Objections to INEX's Deposition Designations for Mark Patrick Norris – November 11, 2010 Deposition*

The PSC incorporates its Motion *in Limine* Regarding Manufacturers' Fault which bears directly on subjects of the testimony being selected by INEX that, directly and indirectly, endeavor to place blame on KPT.

There is no testimony about what KPT ever told INEX, which is all that might be relevant and which INEX can state on its own behalf at trial.

INEX's failure to inspect the plant prior to importing the KPT drywall or investigate its customer complaints after it sold the drywall to Louisiana customers is the only issue relevant to the trial, the testimony offered by  Defendants is irrelevant, prejudicial and confusing.

The testimony is cumulative of the testimony already being offered, including that of Interior Exterior regarding their referral to KPT and KPT's failure to inform INEX of possible issues with the drywall.

The witness admits ignorance about many matters underlying his testimony, and was kept in the dark about the problems with Chinese drywall.  (*see e.g.* pages 46:15-47:24, 162:6-162:24, 168:5-169:5)

The testimony is not relevant to issues before the jury, the course of the investigation by Knauf which began prior to the sale of drywall to the Plaintiffs.  INEX was independently able to make its own inspections and investigations both prior to importing the KPT drywall and after it started receiving customer complaints about the drywall.

The testimony regarding Knauf's investigation is not based on the witness' personal knowledge, as he had admitted that he was effectively the last to know about the problem and the existence of the Knauf investigation.  Similarly, the Knauf investigation was launched only after customer complaints in the United States were eventually presented to Knauf.  (*See e.g.* pages 642-2-642:17, 718:22-719:5; *see also* Isabel Knauf, pages 758:5-758:22, 778:16-778:22)*.*  If INEX had elected to investigate its customer complaints, it may have been an  additional source of information to Knauf and forestall the problem created for its customers.

The testimony about the CPSC visit to China is similarly deficient, and is further compromised due to objections under certain national "secrecy acts" regarding the visit.  Indeed, the CPSC was far behind the efforts of responsible manufacturers, builders and distributors to investigate the defect.

Moreover, the testimony risks true prejudice, particularly as to the plaintiffs with TTP drywall. We have not yet had the opportunity to develop the record of Taishan's investigation and knowledge of the deficiencies in its drywall, or any reports it may have made to its customers.

The issues in the Knauf depositions were on a different footing than the issues in this case, and the self-serving nature of the testimony of the KPT employee is inapposite to the issues in this case.

The date one witness first learned of issues is not dispositive of the first opportunity to learn of a problem with the board, such as a plant inspection would have permitted.

Testimony about the witnesses not knowing the source of the gypsum for KPT drywall is not relevant.  (pages 49:24-50:3)

Argument of counsel about the meaning of the terms "wanton" is irrelevant.  (page 191:3-:23)

The witness' thoughts about the quality of the investigation by Dr. Hummel on behalf of KPT are without foundation or credibility, particularly as the witness was in sales and not research. (pages 268:23-269:2, 391:4-392:6)

The testimony about the witnesses understanding about the defective nature of the KPT drywall is addressed by the Stipulation.  (pages 322:22-323:5).  If allowed, the PSC requests that additional testimony excerpts be allowed (321:22-324:21).

The testimony covers matters relating to Banner Supply, which Defendants have sought to exclude from trial.  (*see e.g.* page 345:21-346:1)

*Plaintiffs' Counter-Designations for Mark Patrick Norris – November 11, 2010 Deposition:*

106:21-107:21

109:3-22

118:6-119:20

120:10-14

194:13-196:23

219:6-17

321:22-324:21

333:17-334:21

### 2)      Mark Patrick Norris – November 12, 2010 Deposition

*The testimony is taken from the examination by INEX and covers:*

KPT's investigation of reported issues with the KPT drywall

KPT's failure to inform INEX about possible issues with the KPT drywall.

The defect with KPT drywall.

*Plaintiffs' Objections to INEX's Deposition Designations for Mark Patrick Norris – November 12, 2010 Deposition*:

The PSC incorporates its Motion *in Limine* Regarding Manufacturers' Fault which bears directly on subjects of the testimony being selected by INEX that, directly and indirectly, endeavor to place blame on KPT.

There is no testimony about what KPT ever told INEX, which is all that might be relevant and which INEX can state on its own behalf at trial.

INEX's failure to inspect the plant prior to importing the KPT drywall or investigate its customer complaints after it sold the drywall to Louisiana customers is the only issue relevant to the trial, the testimony offered by  Defendants is irrelevant, prejudicial and confusing.

The testimony regarding Knauf's investigation is not based on the witness' personal knowledge, as he had admitted that he was effectively the last to know about the problem and the existence of the Knauf investigation.  Similarly, the Knauf investigation was launched only after customer complaints in the United States were eventually presented to Knauf.  (*See e.g.* pages 642-2-642:17, 718:22-719:5; *see also* Isabel Knauf, pages 758:5-758:22, 778:16-778:22)*.  If INEX had elected to investigate its customer complaints, it may have been an  additional source of information to Knauf and forestall the problem created for its customers.

Matters relating to the defect are the subject of a Stipulation.

The PSC incorporates herein the remainder of the objections to the first day of Mr. Norris' deposition (above).

*Plaintiffs' Counter-Designations for Mark Patrick Norris – November 12, 2010 Deposition:*

580:6-581:15

642:2-17

643:5-16

718:22-719:5

728:5-23

### 3)   Isabel Corinna Knauf – December 7, 2010 Deposition

*The testimony is primarily about:*

Background information of witness. (*see e.g.* pages 22-24, 43, 80-81)

Knauf investigation and its limitations. (*see e.g.* pages 36-38, 43, 266-269, 297-300, 321-322, 329-333, 340-341)

Knauf corporate separateness and KPT (*see e.g.* pages 210-211, 277-278, 281, 285-286).

The defect with the drywall (*see e.g.* pages 29-30, 315-316)

*Plaintiffs' Objections to INEX's Deposition Designations for Isabel Corinna Knauf – December 7, 2010 Deposition*:

The PSC incorporates its Motion *in Limine* Regarding Manufacturers' Fault which bears directly on subjects of the testimony being selected by INEX that, directly and indirectly, endeavor to place blame on KPT.

There is no testimony about what KPT ever told INEX, which is all that might be relevant and which INEX can state on its own behalf at trial.

INEX's failure to inspect the plant prior to importing the KPT drywall or investigate its customer complaints after it sold the drywall to Louisiana customers is the only issue relevant to the trial, the testimony offered by  Defendants is irrelevant, prejudicial and confusing.

The testimony is cumulative of the testimony already being offered, including that of Interior Exterior regarding their referral to KPT and KPT's failure to inform INEX of possible issues with the drywall.

The testimony is not relevant to issues before the jury, the course of the investigation by Knauf which began prior to the sale of drywall to the Plaintiffs.  INEX was independently able to make its own inspections and investigations both prior to importing the KPT drywall and after it started receiving customer complaints about the drywall.

The testimony regarding Knauf's investigation is irrelevant , prejudicial and will cause confusion because the investigation was launched only after customer complaints in the United States were eventually presented to Knauf.  (*See e.g.* pages 642-2-642:17, 718:22-719:5; *see also* Isabel Knauf, pages 758:5-758:22, 778:16-778:22).  If INEX had elected to investigate its customer complaints, it may have been an  additional source of information to Knauf and forestall the problem created for its customers.

The testimony risks undue prejudice and confusion, particularly as to the plaintiffs with TTP drywall.  We have not yet had the opportunity to develop the record of Taishan's investigation

and knowledge of the deficiencies in its drywall, or any reports it may have made to its customers.

The issues in the Knauf depositions was on a different footing than the issues in this case, and the self-serving nature of the testimony of the KPT employee is inapposite to the issues in this case.

Representations made at a conference by Knauf in 2007 about its future technologies are irrelevant.  (pages 208-209, 214-215)

Testimony about an earlier, unrelated issue with Knauf products is irrelevant and confusing (pages 309-310).

*Plaintiffs' Counter-Designations for Isabel Corinna Knauf – December 7, 2010 Deposition:*

30:11-32:11

37:1-5

100:7-17

260:17-23

268:10-12

277:10-17

289:12-22

320:10-17

### 4)      Isabel Corinna Knauf – December 8, 2010 Deposition

*The testimony is primarily about:*

KPT's investigation of reported issues with the KPT drywall.  (*see e.g.* pages 580-582, 759-760)

KPT's failure to inform INEX and others about possible issues with the KPT drywall. (*see e.g.* pages 757, 782)

The defect with KPT drywall, including KPT's fault.  (*see e.g.* pages 579, 585-587, 755-756, 759, 772, 774, 779-782, 783-786)

Knauf's interest in developing the US Market.  (*see e.g.* 740-741, 749)

*Plaintiffs' Objections to INEX's Deposition Designations forIsabel Corinna Knauf – December 8, 2010 Deposition:*

In addition to the above objections to the designations of the first day of the deposition of Ms. Knauf, the PSC objects to:

Any testimony about dealings with INEX as the witness has no knowledge of such dealings. (*see e.g.* page 773:22)

Knauf's interest in the US market is irrelevant to the issues properly before the jury.

*Plaintiffs' Counter-Designations for Isabel Corinna Knauf – December 8, 2010 Deposition:*

The PSC has no objection to the testimony regarding the fact that the contaminated gypsum smelled and smelled up until the time the gypsum slurry was made (579:2-20, 596:7-597:1)

596:7-597:1

599:8-22

663:4-12

741:18-743:3

773:12-23


### 5)   Hans Hummel – October 19, 2010 Deposition

*The testimony covers:*

The witnesses' credentials.

His first awareness of problems with the KPT drywall.  (pages 46, 61)

His ignorance about INEX.  (pages 256-257)

*Plaintiffs' Objections to INEX's Deposition Designations for Hans Hummel – October 19, 2010 Deposition:*

The PSC incorporates its Motion *in Limine* Regarding Manufacturers' Fault which bears directly on subjects of the testimony being selected by INEX that, directly and indirectly, endeavor to place blame on KPT.

INEX's failure to inspect the plant prior to importing the KPT drywall or investigate its customer complaints after it sold the drywall to Louisiana customers is the only issue relevant to the trial, the testimony offered by  Defendants is irrelevant, prejudicial and confusing.

The testimony is not relevant to issues before the jury, the course of the investigation by Knauf which began prior to the sale of drywall to the Plaintiffs.  INEX was independently able to make its own inspections and investigations both prior to importing the KPT drywall and after it started receiving customer complaints about the drywall.

The testimony regarding Knauf's investigation is irrelevant , prejudicial and will cause confusion because the investigation was launched only after customer complaints in the United States were eventually presented to Knauf.  (*See e.g.* pages 642-2-642:17, 718:22-719:5; *see also* Isabel Knauf, pages 758:5-758:22, 778:16-778:22).  If INEX had elected to investigate its customer complaints, it may have been an  additional source of information to Knauf and forestall the problem created for its customers.

The date one witness first learned of issues is not dispositive of the first opportunity to learn of a problem with the board, such as a plant inspection would have permitted.

The testimony risks undue prejudice and confusion, particularly as to the plaintiffs with TTP drywall.  We have not yet had the opportunity to develop the record of Taishan's investigation and knowledge of the deficiencies in its drywall, or any reports it may have made to its customers.

The issues in the Knauf depositions was on a different footing than the issues in this case, and the self-serving nature of the testimony of the KPT employee is inapposite to the issues in this case.

The witness' ignorance about INEX is irrelevant.

### 6)      Hans Hummel – October 20, 2010 Deposition

*The testimony covers:*

The witnesses' credentials.

His first awareness of problems with the KPT drywall.  (page 335)

*Plaintiffs' Objections to INEX's Deposition Designations for Hans Hummel – October 20, 2010 Deposition:*

The PSC incorporates its Motion *in Limine* Regarding Manufacturers' Fault which bears directly on subjects of the testimony being selected by INEX that, directly and indirectly, endeavor to place blame on KPT.

INEX's failure to inspect the plant prior to importing the KPT drywall or investigate its customer complaints after it sold the drywall to Louisiana customers is the only issue relevant to the trial, the testimony offered by  Defendants is irrelevant, prejudicial and confusing.

The testimony is cumulative of the testimony already being offered, including that of Interior Exterior regarding their referral to KPT and KPT's failure to inform INEX of possible issues with the drywall.

The testimony is not relevant to issues before the jury, the course of the investigation by Knauf which began prior to the sale of drywall to the Plaintiffs.  INEX was independently able to make its own inspections and investigations both prior to importing the KPT drywall and after it started receiving customer complaints about the drywall.

The testimony regarding Knauf's investigation is irrelevant , prejudicial and will cause confusion because the investigation was launched only after customer complaints in the United States were eventually presented to Knauf.  (*See e.g.* pages 642-2-642:17, 718:22-719:5; *see also* Isabel Knauf, pages 758:5-758:22, 778:16-778:22).  If INEX had elected to investigate its customer complaints, it may have been an  additional source of information to Knauf and forestall the problem created for its customers.

The date one witness first learned of issues is not dispositive of the first opportunity to learn of a problem with the board, such as a plant inspection would have permitted.

Moreover, the testimony risks undue prejudice and confusion, particularly as to the plaintiffs with TTP drywall.  We have not yet had the opportunity to develop the record of Taishan's investigation and knowledge of the deficiencies in its drywall, or any reports it may have made to its customers.

The issues in the Knauf depositions was on a different footing than the issues in this case, and the self-serving nature of the testimony of the KPT employee is inapposite to the issues in this case.

*Plaintiffs' Counter-Designations for Hans Hummel – October 20, 2010 Deposition:*

352:21-353:18

374:2-375:10

**7)      Hans Hummel – June 29, 2011 Deposition**

*The testimony covers:*

His ignorance about INEX or North River (page 969)

The nature of the defect and who the information had been shared with outside of KPT. (pages1052, 1054, 1055)

His having travelled to Louisiana only once. (page 1107)

*Plaintiffs' Objections to INEX's Deposition Designations for Hans Hummel – June 29, 2011 Deposition*:

The PSC incorporates its Motion *in Limine* Regarding Manufacturers' Fault which bears directly on subjects of the testimony being selected by INEX that, directly and indirectly, endeavor to place blame on KPT.

There is no testimony about what KPT ever told INEX, which is all that might be relevant and which INEX can state on its own behalf at trial.

INEX's failure to inspect the plant prior to importing the KPT drywall or investigate its customer complaints after it sold the drywall to Louisiana customers is the only issue relevant to the trial, the testimony offered by  Defendants is irrelevant, prejudicial and confusing.

The testimony is cumulative of the testimony already being offered, including that of Interior Exterior regarding their referral to KPT and KPT's failure to inform INEX of possible issues with the drywall.

The testimony is not relevant to issues before the jury, the course of the investigation by Knauf which began prior to the sale of drywall to the Plaintiffs.  INEX was independently able to make its own inspections and investigations both prior to importing the KPT drywall and after it started receiving customer complaints about the drywall.

The testimony regarding Knauf's investigation is irrelevant , prejudicial and will cause confusion because the investigation was launched only after customer complaints in the United States were eventually presented to Knauf.  (*See e.g.* pages 642-2-642:17, 718:22-719:5; *see also* Isabel Knauf, pages 758:5-758:22, 778:16-778:22).  If INEX had elected to investigate its customer complaints, it may have been an  additional source of information to Knauf and forestall the problem created for its customers.

Moreover, the testimony risks undue prejudice and confusion, particularly as to the plaintiffs with TTP drywall.  We have not yet had the opportunity to develop the record of Taishan's investigation and knowledge of the deficiencies in its drywall, or any reports it may have made to its customers.

The frequency of the witness' travels to Louisiana are irrelevant.

The witness' ignorance about INEX or North River is irrelevant.

The issues in the Knauf depositions was on a different footing than the issues in this case, and the self-serving nature of the testimony of the KPT employee is inapposite to the issues in this case.

*Plaintiffs' Counter-Designations for Hans Hummel – June 29, 2011 Deposition:*

927:19-928:1

929:12-930:1

930:20-931:12

932:5-16


**Further Designation of Testimony from Knauf Witnesses if the Objections of the PSC are Overruled**

In the event that the objections of the PSC are overruled, the PSC requests that the following testimony of Martin Halbach be presented to the jury:

**Martin Halbach - June 8, 2010 Deposition:**

19:11-14

20:15-21:15

73:7-74:14

83:12-20

106:22-107:16

110:8-110:21,

116:18-117:12

177:11-24

**Martin Halbach - June 9, 2010 Deposition:**

443:18-447:5

610:13-611:24

614:12-617:1

618:18-619:4

Respectfully submitted,

Dated: November 12, 2012

/s/ Leonard A. Davis_____
Russ M. Herman, Esquire (Bar No. 6819)
Leonard A. Davis, Esquire (Bar No. 14190)
Stephen J. Herman, Esquire (Bar No. 23129)
HERMAN, HERMAN & KATZ, L.L.C.
820 O'Keefe Avenue
New Orleans, Louisiana 70113
Phone: (504) 581-4892
Fax: (504) 561-6024
LDavis@hhklawfirm.com
*Plaintiffs' Liaison Counsel*
*MDL 2047*

Arnold Levin
Fred S. Longer
Matthew C. Gaughan
Levin, Fishbein, Sedran & Berman
510 Walnut Street, Suite 500
Philadelphia, PA 19106
215-592-1500 (phone)
215-592-4663 (fax)
Alevin@lfsblaw.com
*Plaintiffs' Lead Counsel*
*MDL 2047*

## PLAINTIFFS' STEERING COMMITTEE

Dawn M. Barrios
Barrios, Kingsdorf & Casteix, LLP
701 Poydras Street, Suite 3650
New Orleans, LA 70139
Phone: (504) 524-3300
Fax: (504) 524-3313
Barrios@bkc-law.com

Daniel E. Becnel, Jr.
Becnel Law Firm. LLC
P.O. Drawer H
106 W. Seventh Street
Reserve, LA 70084
Phone: (985) 536-1186
Fax: (985) 536-6445
dbecnel@becnellaw.com

Robert C. Josefsberg
Podhurst Orseck, P.A.
25 Flagler Street, 8th Floor
Miami, FL 33130
Phone: (305) 358-2800
Fax: (305) 358-2382
rjosefsberg@podhurst.com

Bruce William Steckler
Baron & Budd, P.C.
3102 Oak Lawn Ave., Suite 1100
Dallas, TX 75219
Phone: (214) 521-3605
Fax: (214) 520-1181
bsteckler@baronbudd.com

Ervin A. Gonzalez
Colson, Hicks, Eidson, Colson
  Matthews, Martinez, Gonzales,
  Kalbac & Kane
255 Alhambra Circle, Penthouse
Cora Gables, FL 33134
Phone: (305) 476-7400
Fax: (305) 476-7444
Ervin@colson.com

Ben W. Gordon, Jr.
Levin, Papantonio, Thomas, Mitchell
 Echsner & Proctor, P.A.
316 S. Baylen Street, Suite 600
Pensacola, FL 32502
Phone: (850) 435-7000
Fax: (850) 435-7020
bgordon@levinlaw.com

Hugh P. Lambert
Lambert and Nelson
701 Magazine Street
New Orleans, LA 70130
Phone: (504) 581-1750
Fax: (504) 529-2931
hlambert@lambertandnelson.com

Gerald E. Meunier
Gainsburgh, Benjamin, David, Meunier
 & Warshauer, LLC
2800 Energy Centre, 1100 Poydras Street
New Orleans, LA 70163-2800
Phone: (504) 522-2304
Fax: (504) 528-9973
gmeunier@gainsben.com

Jerrold Seth Parker
Parker, Waichman, Alonso LLP
3301 Bonita Beach Road
Bonita Springs, FL 34134
Phone: (239) 390-1000
Fax: (239) 390-0055
Jerry@yourlawyer.com

Scott Wm. Weinstein
Morgan & Morgan
12800 University Drive, Suite 600
Ft. Meyers, FL 33907
Phone: (239) 433-6880
Fax: (239) 433-6836
sweinstein@forthepeople.com

James Robert Reeves
Lumpkin & Reeves
160 Main Street
Biloxi, MS 39530
Phone: (228) 374-5151
Fax: (228) 374-6630
jrr@lumpkinreeves.com

Christopher Seeger
Seeger Weiss, LLP
One William Street
New York, NY 10004
Phone: (212) 584-0700
Fax: (212) 584-0799
cseeger@seegerweiss.com

Daniel K. Bryson
Whitfield, Bryson & Mason, LLP
900 W. Morgan Street
Raleigh, NC 27603
Phone: (919) 600-5000
Fax: (919) 600-5035
Daniel@wbmllp.com

Richard J. Serpe, Esquire
Law Offices of Richard J. Serpe
Crown Center, Ste. 310
580 East Main Street
Norfolk, VA 23510-2322
rserpe@serpefirm.com

Victor M. Diaz, Jr.
119 Washington Avenue
Suite 402
Miami Beach, FL 33139
victor@diazpartners.com

**OF COUNSEL TO PLAINTIFFS' STEERING COMMITTEE**

Richard S. Lewis
HAUSFELD LLP
1700 K Street, N.W Suite 650
Washington, DC 20006
Phone: (202) 540-7200
Fax:  (202) 540-7201
rlewis@hausfeldllp.com

Andrew A. Lemmon
Lemmon Law Firm, LLC
P.O. Box 904
15058 River Road
Hahnville, LA 70057
Phone: (985) 783-6789
Fax: (985) 783-1333
andrew@lemmonlawfirm.com

Anthony Irpino
Irpino Law Firm
2216 Magazine Street
New Orleans, LA 70130
Phone: (504) 525-1500
Fax: (504) 525-1501
airpino@irpinolaw.com

## CERTIFICATE OF SERVICE

I hereby certify that the above and foregoing pleading has been served on Defendants' Liaison Counsel, Kerry Miller, by e-mail and upon all parties by electronically uploading the same to LexisNexis File & Serve in accordance with Pre-Trial Order No. 6, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2047 on this 12th day of November, 2012.

/s/ Leonard A. Davis
Leonard A. Davis, Esquire
Herman, Herman & Katz, L.L.C.
820 O'Keefe Avenue
New Orleans, Louisiana 70113
Phone: (504) 581-4892
Fax: (504) 561-6024
Ldavis@hhklawfirm.com
Plaintiffs' Liaison Counsel
MDL 2047

*Co-counsel for Plaintiffs*