UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE:  CHINESE-MANUFACTURED DRYWALL | ) | MDL No. 2047 |
| | ) | |
| | ) | SECTION:  L |
| | ) | |
| **THIS DOCUMENT RELATES TO ALL CASES** | ) | JUDGE FALLON |
| | ) | MAG. JUDGE WILKINSON |
| | ) | |

## MEMORANDUM OF LAW SUPPORTING MOTION FOR AWARD OF COMPENSATION FOR CLASS REPRESENTATIVES

Plaintiffs, David and Joan Glickman, Dario Orlando, Keith San Filippo, Stephen Sines, and Thomas Wojciechowski, hereby respectfully offer this Memorandum of Law in support of the Motion for Award of Compensation for Class Representatives.

In short, as set forth in the Motion and the exhibits attached thereto (incorporated herein as if fully restated), these Class members representatives, and indeed all class representatives assisting in the resolution of pending matters, are entitled to incentive awards as means for compensation on their participation, additional risks and burdens undertaker on behalf of the other class members during the class action litigation.

**I.     Reasonable Incentive Awards to Class Representatives Further the Interests of Justice.**

In class actions, incentive awards are appropriate means to compensate and encourage individuals with legitimate claims to pursue the action on behalf of others similarly situated. *Turner v. Murphy Oil USA, Inc.*, 472 F. Supp. 2d 830, 857-69 (E.D. La. 2007)**;** *Braud v. Transp. Serv. Co. of Illinois*, CIV.A. 05-1898, 2010 WL 3283398 (E.D. La. Aug. 17, 2010); *In re Educ. Testing Serv. Praxis Principles of Learning & Teaching, Grades 7-12 Litig.*, 447 F. Supp. 2d

612, 633-34 (E.D. La. 2006); *Camp v. Progressive Corp.*, CIV.A. 01-2680, 2004 WL 2149079 (E.D. La. Sept. 23, 2004; *Henderson v. Eaton*, CIV.A. 01-0138, 2002 WL 31415728 (E.D. La. Oct. 25, 2002). *See generally* National Association of Consumer Advocates, *Standards and Guidelines for Litigating and Settling Consumer Class Actions,* 176 F.R.D. 375, 387 (West 1998). *See also*, *Droegemueller v. Petroleum Development Corp.,* Nos. 07–cv–1362–JLK–CBS, 07–cv–2508, 2009 WL 961539, *5 (D.Colo. Apr.7, 2009). *See also In re Lease Oil Antitrust Litig. (No. II)*, 186 F.R.D. 403 (S.D. Tex. 1999) (named class representatives were entitled to incentive awards for their contributions in time and effort); *In re Southern Ohio Correctional Facility*, 175 F.R.D. 270, 272 (S.D. Ohio 1997); *Ingram v. The Coca-Cola Company*, 200 F.R.D. 685, 694 (N.D. Georgia, 2001); *Allapattah Services, Inc. v. Exxon Corp.*, 454 F. Supp. 2d 1185, 1220-22 (S.D. Fla. 2006)

Although discretionary in nature, incentive awards are "fairly typical" in class actions. *Rodriguez v. West Publ'g Corp.,* 563 F.3d 948, 958 (9th Cir.2009). These awards are designed to compensate named plaintiffs "for work done on behalf of the class, to make up for financial or reputational risk undertaken in bringing the action, and to recognize a willingness to act as a private attorney general". *Id.* Requests for incentive awards is justified where the named plaintiffs expend time and effort beyond that of the other class members to benefit recovery during litigation. *Sauby v. City of Fargo*, 3:07-CV-10, 2009 WL 2168942 (D.N.D. July 16, 2009) citing Manual § 30.41. *In re Southern Ohio Correctional Facility*, 175 F.R.D. 270 (S.D. Ohio 1997).

By actively reviewing the case, advising class counsel the named plaintiffs faced the risk of retaliation or threats as a result of their participation as class representatives. *Id*. For this

reason, "incentive awards" compensation to the named plaintiffs is proper although the class representatives receive an award different from the amount awarded to other class members. *Id.*

To decide whether to grant an incentive award, a court should consider "the actions the plaintiff has taken to protect the class' interests, the degree to which the class has benefitted from those actions and the amount of time and effort the plaintiff expended in pursuing the litigation". Sauby, 3:07-CV-10, 2009 WL 2168942 (D.N.D. July 16, 2009) citing *Cook v. Niedert,* 142 F.3d 1004, 1016 (8th Cir.1998). Among these factors, the Court should consider *the manner in which the named plaintiffs have protected the interests of the class members by means of submitting to depositions, gathering additional records to support the claims in this lawsuit participation, meeting with lawyers to discuss the litigation, and other personal sacrifices suffered as a result of their role as class representatives.* Sauby, 3:07-CV-10, 2009 WL 2168942 (D.N.D. July 16, 2009) (considering harassment and close scrutiny directly and indirectly in the media by members of the public).

The class representatives conferred a substantial benefit upon the class members at large, by undertaking additional risks and burdens, "including reputational harm, personal inconvenience, and public criticism". *Id.* Given all of the circumstances, the work done on behalf of the class by the named plaintiffs have satisfied the requirements for an incentive award.

The court should find the requested incentive awards fair, reasonable, and justified after considering: "[(1)] the actions the plaintiff has taken to protect the interests of the class, [(2)] the degree to which the class has benefitted from those actions, [and (3)] the amount of time and effort the plaintiff expended in pursuing the litigation." *Staton v. Boeing Co.*, 327 F.3d 938, 977 (9th Cir. 2003); *Turner v. Storm8, LLC*, 2010 WL 5189061 (N.D.Cal.).

## II. Defendant Should Bear the Burden of Paying the Incentive Awards

Generally, incentive awards in a class action are drawn out of the common pool, created through the litigation. *Hadix v. Johnson*, 322 F.3d 895, 898 (6th Cir. 2003). "It is neither improper for the class representatives to receive an award of a different amount as compared to other class members…, nor [] it would be improper to require the defendant to bear the burden of paying the incentive awards form the common fund, with *no* corresponding reduction of the refunds to be provided to participating class members. *Sauby v. City of Fargo*, 3:07-CV-10, 2009 WL 2168942 (D.N.D. July 16, 2009).

Alternatively, there are various common benefit funds from which the reasonable awards to class representatives could be funded.  Under no circumstances should any attorney's fees or costs be further deducted from any award.

WHEREFORE, the Plaintiffs hereby respectfully request this Court enter a reasonable award to each class representatives who met the expectations of the status as a class representative compensating for the necessary hard work and dedication to their role as a class representative.

Respectfully submitted,

*/s/ Michael J. Ryan*
Michael J. Ryan
Florida Bar No. 975990
Krupnick, Campbell, Malone, Buser, Slama,
Hancock, Liberman & McKee, P.A.
Attorneys for Plaintiff
12 S.E. 7 Street, Suite 801
Ft. Lauderdale, FL  33301
(954) 763-8181
FAX (954) 763-8292
mryan@krupnicklaw.com
pleadings-mjr@krupnicklaw.com

**CERTIFICATE OF SERVICE**

  I HEREBY CERTIFY that a copy of the foregoing Memorandum of Law in Support of Motion for Award of Compensation for Class Representatives has been served upon all parties by electronically uploading the same to Lexis Nexis File and Serve in Accordance with Pretrial Order No. 6, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF system, which will send a notice of electronic filing in accordance with the procedures established in MDL 2047, on this 13th day of November, 2012.

               */s/ Michael J. Ryan*
               Michael J. Ryan
               Florida Bar No. 975990
               Krupnick, Campbell, Malone, Buser, Slama,
               Hancock, Liberman & McKee, P.A.
               Attorneys for Plaintiff
               12 S.E. 7 Street, Suite 801
               Ft. Lauderdale, FL  33301
               (954) 763-8181
               FAX (954) 763-8292
               mryan@krupnicklaw.com
               pleadings-mjr@krupnicklaw.com