UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: CHINESE MANUFACTURED DRYWALL PRODUCTS LIABILITY LITIGATION | *  MDL No. 2047<br>*<br>*  SECTION L<br>*<br>*  JUDGE ELDON E. FALLON<br>*<br>*  MAGISTRATE JUDGE<br>*  JOSEPH C. WILKINSON, JR.<br>* |

* * * * * * * * * * * * * * * * * * * * * ** * * * * * *
**THIS DOCUMENT RELATES TO ALL CASES**

## MEMORANDUM IN OPPOSITION TO INTERIOR EXTERIOR'S SIXTH MOTION *IN LIMINE* REGARDING JOHNNY ODOM

NOW INTO COURT comes the Plaintiffs Steering Committee who in opposition to Interior Exterior's Motion *In Limine* Regarding Johnny Odom, respectfully submits the foregoing memorandum of law and argument:

### Introduction

Johnny Odom has been offered by Plaintiffs as a witness with firsthand personal knowledge of the Louisiana Building Code, the International Residential Code, ASTM requirements, and application of the provisions therein, whether or not Mr. Odom has memorized every referenced standard therein. Mr. Odom is not being offered as an expert and his testimony does not involve highly technical, scientific or specialized opinions. His testimony is being offered to help determine the factual issue of whether Chinese manufactured drywall imported by Interior Exterior complied with a straightforward, non-technical labeling requirement which was a part of the applicable Louisiana Building Code at the time it was sold to Plaintiffs. Additionally, Mr. Odom has firsthand knowledge of how the Louisiana Building Code operates, to whom it applies, how his office enforces it, the limitations of his office's enforcement and the

expectations his office holds for members of the building industry such as suppliers and importers like Interior Exterior. Mr. Odom's testimony in each of these areas is proper under Federal Rules of Evidence 701 and 602.

## Law

Rule 701 provides that "[i]f a witness is not testifying as an expert, testimony in the form of an opinion is limited to one that is:

    (a) rationally based on the witness's perception;

    (b) helpful to clearly understanding the witness's testimony or to determining a fact in issue; and

    (c) not based on scientific, technical, or other specialized knowledge within the scope of Rule 702."

Federal Rule of Evidence 602 provides that "[a] witness may testify to a matter only if evidence is introduced sufficient to support a finding that the witness has personal knowledge of the matter. Evidence to prove personal knowledge may consist of the witness's own testimony."

## Argument

Mr. Odom's testimony is based on his own professional perception of the ASTM requirements and his office's enforcement thereof, is helpful in determining the factual issue of whether the Chinese manufactured drywall imported and supplied by Interior Exterior complied with ASTM 1264, and is not based on scientific, technical or other specialized knowledge. The requirements of the building code adopted by Louisiana and the City of New Orleans are minimum standards.[1] The standards referenced there are not optional and builders, distributors

---

[1] Exhibit A, at p. 35:4-13.

and manufacturers who are selling building products have a mandatory requirement to confirm that those products meet the required standards before it can be installed in a home.[2]

Interior Exterior argues that Mr. Odom does not have personal knowledge of ASTM standards applicable to drywall and that his testimony is therefore inadmissible under Federal Rule of Evidence 602.[3] Although Mr. Odom has not memorized every ASTM code referenced in the International Residential Code "IRC", his personal knowledge of the IRC and how it is applied is sufficient for the purposes of testifying as a Rule 701 witness. Mr. Odom has been the Chief Building Inspector with the City of New Orleans for 15 years.[4] In his role as Chief, he oversees the building inspection section of the Department of Safety & Permits.[5] He is familiar with the provisions of the IRC.[6] He knows that the IRC references ASTM standards which require that gypsum board comply with those standards.[7]

Furthermore, because Mr. Odom's office does not have the ability to enforce every requirement of the IRC and the ASTM standards referenced therein,[8] he and his inspectors rely on others in the industry to ensure that those standards are complied with.[9] However, Mr. Odom's reliance on others in the industry does not diminish his personal knowledge of how the code is meant to operate and how the standards therein apply.

---

[2] Id., at pp.38:9-41:2.
[3] Doc. 16200-1, Memorandum in Support of Interior Exterior's Sixth Motion *In Limine* Regarding Johnny Odom, p.4.
[4] Id. at p. 9:15-20.
[5] Id. at p. 11:11-16.
[6] Id. at p. 19:3-6.
[7] Id. at p. 21:14-18.
[8] Id. at p. 19:11-19; p. 20:6-10.
[9] Id. at p. 22:19-24.

Although ASTM International is a technical and scientific organization, the standards it promulgates do not require experts to understand and apply. The relevant standards to which Mr. Odom will testify require very simply that gypsum board products contain four pieces of information: thickness, manufacturer name, brand name and ASTM standards with which the drywall complies. Mr. Odom has personal knowledge of applying IRC and ASTM requirements like the ones involved herein.

Mr. Odom is not required by Rule 602 to have personally witnessed a piece of Chinese manufactured drywall imported and sold by Interior Exterior being installed in a New Orleans home to have personal knowledge of whether a drywall board complies with the IRC and ASTM standards listed therein. Mr. Odom can rely upon admissible pictures or testimony regarding markings on a board of Chinese manufactured drywall imported by Interior Exterior and offer his opinion as to whether those markings comply with the applicable provisions of the IRC of which he has personal knowledge.

Just because Mr. Odom was not informed of Chinese manufactured drywall being installed in Plaintiffs' homes, of his inspectors reporting strange odors in homes with Chinese manufactured drywall or of corrosion in those homes does not mean that he cannot testify regarding whether the Chinese manufactured drywall imported by Interior Exterior met IRC and ASTM standards. Mr. Odom testified that there is no way for him to verify that every product in a building meets industry standards.[10] He also testified, however, that if he were informed of a possible IRC violation regarding labeling of drywall and confirmed that a violation existed, his office would issue a violation letter and prohibit occupancy of the building until the violation

---

[10] Id. at p. 64:7-10.

was resolved.[11] This testimony is based solely on Mr. Odom's personal knowledge of the IRC and how his office operates and is completely proper under the Federal Rules of Evidence.

Furthermore, Mr. Odom's position as Chief Building Inspector of the City of New Orleans Department of Safety & Permits entitles Mr. Odom to deference regarding his opinions on the application of the building code because it is Mr. Odom's duty to enforce and interpret the building code and referenced standards therein.

### Conclusion

Interior Exterior overstates the requirements of Rules 701 and 602, as well as misstating the level of Mr. Odom's firsthand personal knowledge regarding the testimony for which he has been offered. Mr. Odom has sufficient personal knowledge of the Louisiana Building Code and can testify regarding his opinion of whether a building material would satisfy the requirements contained therein. He can further testify regarding the purpose of the Louisiana Building Code, its requirements, his office's enforcement of those requirements and his office's expectation of members of the building industry with regard to those requirements.

---

[11] Id. at p. 58:8-22.

...
...

WHEREFORE, Plaintiffs respectfully request that for the reasons contained herein, Interior Exterior's Motion *In Limine* to exclude and/or limit the testimony of Johnny Odom be DENIED.

                                              Respectfully submitted,

Dated: November 14, 2012                /s/ Leonard A. Davis
                                              Russ M. Herman, Esquire (Bar No. 6819)
                                              Leonard A. Davis, Esquire (Bar No. 14190)
                                              Stephen J. Herman, Esquire (Bar No. 23129)
                                              HERMAN, HERMAN & KATZ, L.L.C.
                                              820 O'Keefe Avenue
                                              New Orleans, Louisiana 70113
                                              Phone: (504) 581-4892
                                              Fax: (504) 561-6024
                                              LDavis@hhklawfirm.com
                                              *Plaintiffs' Liaison Counsel*
                                              *MDL 2047*

                                              Arnold Levin
                                              Fred S. Longer
                                              Matthew C. Gaughan
                                              Levin, Fishbein, Sedran & Berman
                                              510 Walnut Street, Suite 500
                                              Philadelphia, PA 19106
                                              215-592-1500 (phone)
                                              215-592-4663 (fax)
                                              Alevin@lfsblaw.com
                                              *Plaintiffs' Lead Counsel*
                                              *MDL 2047*

WHEREFORE, Plaintiffs respectfully request that for the reasons contained herein, Interior Exterior's Motion *In Limine* to exclude and/or limit the testimony of Johnny Odom be DENIED.

Respectfully submitted,

Dated: November 14, 2012

/s/ Leonard A. Davis
Russ M. Herman, Esquire (Bar No. 6819)
Leonard A. Davis, Esquire (Bar No. 14190)
Stephen J. Herman, Esquire (Bar No. 23129)
HERMAN, HERMAN & KATZ, L.L.C.
820 O'Keefe Avenue
New Orleans, Louisiana 70113
Phone: (504) 581-4892
Fax: (504) 561-6024
LDavis@hhklawfirm.com
*Plaintiffs' Liaison Counsel*
*MDL 2047*

Arnold Levin
Fred S. Longer
Matthew C. Gaughan
Levin, Fishbein, Sedran & Berman
510 Walnut Street, Suite 500
Philadelphia, PA 19106
215-592-1500 (phone)
215-592-4663 (fax)
Alevin@lfsblaw.com
*Plaintiffs' Lead Counsel*
*MDL 2047*

**PLAINTIFFS' STEERING COMMITTEE**

Dawn M. Barrios
Barrios, Kingsdorf & Casteix, LLP
701 Poydras Street, Suite 3650
New Orleans, LA 70139
Phone: (504) 524-3300
Fax: (504) 524-3313
Barrios@bkc-law.com

Daniel E. Becnel, Jr.
Becnel Law Firm. LLC
P.O. Drawer H
106 W. Seventh Street
Reserve, LA 70084
Phone: (985) 536-1186
Fax: (985) 536-6445
dbecnel@becnellaw.com

Robert C. Josefsberg
Podhurst Orseck, P.A.
25 Flagler Street, 8th Floor
Miami, FL 33130
Phone: (305) 358-2800
Fax: (305) 358-2382
rjosefsberg@podhurst.com

Bruce William Steckler
Baron & Budd, P.C.
3102 Oak Lawn Ave., Suite 1100
Dallas, TX 75219
Phone: (214) 521-3605
Fax: (214) 520-1181
bsteckler@baronbudd.com

Ervin A. Gonzalez
Colson, Hicks, Eidson, Colson
  Matthews, Martinez, Gonzales,
  Kalbac & Kane
255 Alhambra Circle, Penthouse
Cora Gables, FL 33134
Phone: (305) 476-7400
Fax: (305) 476-7444
Ervin@colson.com

Ben W. Gordon, Jr.
Levin, Papantonio, Thomas, Mitchell
 Echsner & Proctor, P.A.
316 S. Baylen Street, Suite 600
Pensacola, FL 32502
Phone: (850) 435-7000
Fax: (850) 435-7020
bgordon@levinlaw.com

Hugh P. Lambert
Lambert and Nelson
701 Magazine Street
New Orleans, LA 70130
Phone: (504) 581-1750
Fax: (504) 529-2931
hlambert@lambertandnelson.com

Gerald E. Meunier
Gainsburgh, Benjamin, David, Meunier
& Warshauer, LLC
2800 Energy Centre, 1100 Poydras Street
New Orleans, LA 70163-2800
Phone: (504) 522-2304
Fax: (504) 528-9973
gmeunier@gainsben.com

Jerrold Seth Parker
Parker, Waichman, Alonso LLP
3301 Bonita Beach Road
Bonita Springs, FL 34134
Phone: (239) 390-1000
Fax: (239) 390-0055
Jerry@yourlawyer.com

Scott Wm. Weinstein
Morgan & Morgan
12800 University Drive, Suite 600
Ft. Meyers, FL 33907
Phone: (239) 433-6880
Fax: (239) 433-6836
sweinstein@forthepeople.com

James Robert Reeves
Lumpkin & Reeves
160 Main Street
Biloxi, MS 39530
Phone: (228) 374-5151
Fax: (228) 374-6630
jrr@lumpkinreeves.com

Christopher Seeger
Seeger Weiss, LLP
One William Street
New York, NY 10004
Phone: (212) 584-0700
Fax: (212) 584-0799
cseeger@seegerweiss.com

Daniel K. Bryson
Whitfield, Bryson & Mason, LLP
900 W. Morgan Street
Raleigh, NC 27603
Phone: (919) 600-5000
Fax: (919) 600-5035
Daniel@wbmllp.com

Richard J. Serpe, Esquire
Law Offices of Richard J. Serpe
Crown Center, Ste. 310
580 East Main Street
Norfolk, VA 23510-2322
rserpe@serpefirm.com

Victor M. Diaz, Jr.
119 Washington Avenue
Suite 402
Miami Beach, FL 33139
victor@diazpartners.com

**OF COUNSEL TO PLAINTIFFS' STEERING COMMITTEE**

Richard S. Lewis
HAUSFELD LLP
1700 K Street, N.W Suite 650
Washington, DC 20006
Phone: (202) 540-7200
Fax:  (202) 540-7201
rlewis@hausfeldllp.com

Andrew A. Lemmon
Lemmon Law Firm, LLC
P.O. Box 904
15058 River Road
Hahnville, LA 70057
Phone: (985) 783-6789
Fax: (985) 783-1333
andrew@lemmonlawfirm.com

Anthony Irpino
Irpino Law Firm
2216 Magazine Street
New Orleans, LA 70130
Phone: (504) 525-1500
Fax: (504) 525-1501
airpino@irpinolaw.com

**CERTIFICATE OF SERVICE**

      I hereby certify that the above and foregoing pleading has been served on Defendants' Liaison Counsel, Kerry Miller, by e-mail and upon all parties by electronically uploading the same to LexisNexis File & Serve in accordance with Pre-Trial Order No. 6, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2047 on this14th day of November, 2012.

      /s/ Leonard A. Davis
      Leonard A. Davis, Esquire
      Herman, Herman & Katz, L.L.C.
      820 O'Keefe Avenue
      New Orleans, Louisiana 70113
      Phone: (504) 581-4892
      Fax: (504) 561-6024
      Ldavis@hhklawfirm.com
      Plaintiffs' Liaison Counsel
      MDL 2047

      *Co-counsel for Plaintiffs*