IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE:  CHINESE-MANUFACTURED DRYWALL PRODUCTS LIABILITY LITIGATION | MDL NO. 09-2047 |
| | SECTION L |
| | JUDGE FALLON |
| THIS DOCUMENT RELATES TO ALL CASES | MAG. JUDGE WILKINSON |

RESPONSE OF THE NORTH RIVER INSURANCE COMPANY
TO PLAINTIFFS' MOTION TO EXCLUDE THE EXPERT REPORT
AND TESTIMONY OF DR. TIMOTHY TONYAN

The Plaintiffs' Motion to Exclude the Expert Report and Testimony of Dr. Timothy Tonyan falls into a very common trap: the challenge to his testimony is really an attack on the factual basis for his conclusions and not on his qualifications or methodology.  *See JRL Enterprises, Inc. v. Procorp Associates, Inc.*, No. Civ.A. 01-2893, 2003 WL 21284020, *7 (E.D. La. June 3, 2003).  Dr. Tonyan has the academic qualifications, as well as the professional experience, to opine on the specific matters set forth in his report, and he has done so in a proper and reliable manner.

The Plaintiffs' attack on Dr. Tonyan's qualifications boils down to an argument that because he has special qualifications in cementitious foam, he must not be an expert in the chemical composition of gypsum drywall.  In order to make this argument, Plaintiffs necessarily avoid any mention of Dr. Tonyan's qualifications, which include the following:[1]

---

[1] Dr. Tonyan's report and his curriculum vitae were attached as Exhibit 3 to his deposition and have been submitted under seal as an exhibit to Plaintiffs' motion to exclude Dr. Tonyan's testimony.

1

♦ A bachelor's degree in Building Construction from the Georgia Institute of Technology, as well as both a master's degree and a Ph.D. in Civil Engineering from the Massachusetts Institute of Technology.

♦ Over 30 years of experience in the construction/building materials industry. (Dep. at 12:13-14.)

♦ Ten years experience with United States Gypsum, from 1995-2001 and 2004-2008 (Dep. at 7:10-21.) As the Court is aware, United States Gypsum is the leading producer of gypsum wallboard in North America.

♦ Work at the United States Gypsum Corporate Research Center from 1995 to 2001 with work on a "multitude of projects that related in a variety of ways to residential drywall." (Dep. at 13:5-10.)

♦ Hands-on experience at United States Gypsum working in drywall manufacturing facilities, running trials and observing product being produced in order to develop new products and improve existing drywall products, including 80 to 100 hours specifically working on the production line that made residential drywall. (Dep. at 16:12-17:7; 22: 4-9.)

♦ Sixteen patents related to the use of gypsum in building materials. (Dep. at 59:23-62:02.)

Dr. Tonyan answered an extensive list of questions at his deposition about the drywall manufacturing process, ranging from the various steps in the production process, to smell and other physical characteristics of drywall at various stages during the production process, to checking the production line for corrosion of metal, to testing drywall for compliance with ASTM standards. (Dep. at 16:12-34:04.) In addition, Dr. Tonyan provided testimony about his "regular interaction" with distributors of drywall products. (Dep. at 35:9-41:19.)

2

Dr. Tonyan is qualified as a scientist, as a researcher, and as someone who has worked with and around drywall for decades. The fact that he also has substantial experience with cement-based building products in addition to gypsum-based building products does not disqualify him as an expert.

The Plaintiffs' attack on Dr. Tonyan's methodology is equally puzzling. Dr. Tonyan has taken his years of experience, learned the facts of this particular case through reading pleadings, deposition transcripts, and other material relevant to the claims at issue, and then applied his experience to the facts of this case to reach his conclusions.[2] Plaintiffs apparently find it strange that an expert would base his opinions on sworn testimony establishing the relevant facts (*see* M. to Exclude Testimony at 6), but North River believes that there is nothing questionable or unorthodox about relying on actual facts to reach conclusions.

The real reason that the Plaintiffs seek to exclude Dr. Tonyan's testimony is because they do not like his conclusions. Dr. Tonyan has sufficient experience with, and knowledge about, the drywall industry to know that (1) Knauf is a "recognized global leader in gypsum technology and gypsum board production" (Dep. at 41:4-16), (2) customer dissatisfaction with the weight or brittleness of a specific sheet of drywall is very common in the industry and is no indication of a product defect of any type (Dep. at 44:20-45:17), (3) it is customary and reasonable for a purchaser of drywall to rely upon information from the manufacturer that the drywall meets ASTM standards (Dep. at 101:17-107:18), and (4) at the time that INEX sold Chinese-manufactured drywall, there was no ASTM standard that addressed the issue of offgassing of sulfur from drywall. (Dep. at 100:4-19.)

---

[2] The materials he relied upon are set forth on the second page of his report and discussed at pp. 80-85 of his deposition.

These statements are all absolutely true, and they are all devastating to the Plaintiffs' theory that full redhibition liability can be assessed against INEX if INEX "should have known" of the potential for offgassing of sulfur from Chinese-manufactured drywall. The Plaintiffs' desire to exclude the testimony of Dr. Tonyan derives not from any alleged defect in his qualifications or his methodology, but from the Plaintiffs' disagreement with his opinions. Federal Rule of Evidence 702 is intended to ensure the reliability and relevance of expert testimony, not as an adversarial tool to exclude competent expert evidence for strategic reasons.

Because Dr. Tonyan is highly qualified on the issues set forth in his report, and because the methodology he used is reliable, his testimony is admissible under Rule 702. The Plaintiffs' motion to exclude his testimony should be denied.

    Respectfully submitted,

    THOMPSON COE COUSINS & IRONS LLP

    _____/s **Eric B. Berger**_____
    BRIAN S. MARTIN, ESQ.
    KEVIN RISLEY, ESQ.
    RODRIGO "DIEGO" GARCIA, JR., ESQ.
    One Riverway, Suite 1600
    Houston, Texas 77056
    Phone: (713) 403-8206
    Fax:  (713) 403-8299
    bmartin@thompsoncoe.com

    LOBMAN CARNAHAN BATT ANGELLE & NADER
    SIDNEY J. ANGELLE, ESQ.
    La. Bar No. 1002
    ERIC B. BERGER, ESQ.
    La. Bar No. 26196
    400 Poydras Street, Suite 2300
    New Orleans, Louisiana 70130
    Phone: (504) 586-9292
    Fax:   (504) 586-1290
    sja@lcba-law.com

ATTORNEYS FOR THE NORTH RIVER<br>INSURANCE COMPANY

## **CERTIFICATE OF SERVICE**

  I hereby certify that the above and foregoing pleading has been served on Plaintiffs' Liaison Counsel, Russ Hermann, by e-mail and upon all parties by electronically uploading the same to LexisNexis File & Serve in accordance with Pre-Trial Order No. 6, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2047 on November 15, 2012.

                 */s Eric B. Berger*
                Eric B. Berger