UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: CHINESE-MANUFACTURED DRYWALL PRODUCTS LIABILITY LITIGATION | MDL NO. 2047<br><br>SECTION: L |
| THIS DOCUMENTS RELATES TO: ALL CASES AND | JUDGE FALLON<br><br>MAG. JUDGE WILKINSON |
| *Payton, et. al. v. Knauf Gips, KG, et. al.*<br>Case No. 2:09-cv-07628 (E.D. La.) | |
| *Wiltz, et. al. v. Beijing New Building Materials Public Limited Co., et. al.*<br>Case No. 1:09-cv-00361 (E.D. La.) | |
| *Gross, et. al. v. Knauf Gips, KG, et. al.*<br>Case No. 2:09-cv-06690 (E.D. La.) | |
| *Rogers, et. al. v. Knauf Gips, KG, et. al.*<br>Case No. 2:10-cv-00362 (E.D. La.) | |
| *Amato, et. al. v. Liberty Mutual Ins. Co., et. al.*<br>Case No. 2:10-cv-00932 | |
| *Hernandez, et. al. v. AAA Insurance, et. al.*<br>Case No. 2:10-cv-3070 (E.D. La.) | |
| *Abel, et. al. v. Taishan Gypsum Co. Ltd., f/k/a Shandong Taihe Dongxin Co., Ltd., et. al.*<br>Case No. 2:11-cv-00080 (E.D. La.) | |
| *Abreu, et. al. v. Gebrueder Knauf Verwaltungsgesellschaft, KG, et. al.*<br>Case No. 2:110cv000252 (E.D. La.) | |
| *Haya, et. al. v. Taishan Gypsum Co., Ltd., f/k/a Shandong Taihe Dongxin Co., Ltd., et. al.*<br>Case No. 2:11-cv-01077 (E.D. La.) | |
| *Vikers, et. al. v. Knauf Gips KG, et. al.*<br>Case No. 2:09-cv-04117 (E.D. La.) | |

**OBJECTORS' RESPONSE TO CLASS COUNSEL RUSS HERMAN'S RECKLESS ALLEGATION OF BARRATRY AT FAIRNESS HEARING**

Objectors Saul Soto, SHS Construction, Ronnie Garcia, and Bay Area Contracting & Construction, Inc., file this their Objectors' Response to Class Counsel Russ Herman's Reckless Allegation of Barratry at Fairness Hearing.

At the fairness hearing on November 13, 2012 Class Counsel Russ Herman made the reckless allegation that Objectors' counsel committed barratry. That allegation is untrue. Mr. Herman knew or should have known that the allegation was untrue. Messrs. Soto and Garcia testified exactly how they met their counsel in this case. Those depositions are on file with the Court (Exhibits 22 and 23 admitted at the Fairness Hearing). Nevertheless, Objectors seek to bring this matter to the Court's attention given the gravity of the allegation.

Rule 7.03 of the Texas Disciplinary Rules of Professional Conduct addresses in-person solicitation of clients:

**Rule 7.03 Prohibited Solicitations & Payments**

(a) A lawyer shall not by in-person contact, or by regulated telephone or other electronic contact as defined in paragraph (f), seek professional employment concerning a matter arising out of a particular occurrence or event, or series of occurrences or events, from a prospective client or nonclient who has not sought the lawyer's advice regarding employment *or with whom the lawyer has no family or <u>past or present attorney-client relationship</u> when a significant motive for the lawyer's doing so is the lawyer's pecuniary gain*. Notwithstanding the provisions of this paragraph, a lawyer for a qualified nonprofit organization may communicate with the organization's members for the purpose of educating the members to understand the law, to recognize legal problems, to make intelligent selection of counsel, or to use legal services. In those situations where in-person or telephone or other electronic contact is permitted by this paragraph, a lawyer shall not have such a contact with a prospective client if:

   (1) the communication involves coercion, duress, fraud, overreaching, intimidation, undue influence, or harassment;

      (2)    the communication contains information prohibited by Rule 7.02(a); or

      (3)    the communication contains a false, fraudulent, misleading, deceptive, or unfair statement or claim.

(emphasis added).

Comment 2 to the Rule is very clear:

    2.    Nonetheless, paragraphs (a) and (f) unconditionally prohibit those activities only when profit for the lawyer is a significant motive and the solicitation concerns matters arising out of a particular occurrence, event, or series of occurrences or events. The reason this outright ban is so limited is that there are circumstances where the dangers of such contacts can be reduced by less restrictive means. As long as the conditions of sub-paragraphs (a)(1) through (a)(3) are not violated by a given contact, a lawyer may engage in in-person, telephone or other electronic solicitations when the solicitation is unrelated to a specific occurrence, event, or series of occurrences or events. ***Similarly, subject to the same restrictions, in-person, telephone, or other electronic <u>solicitations are permitted where the prospective client either has a family or past or present attorney-client relationship with the lawyer or where the potential client had previously contacted the lawyer about possible employment in the matter</u>***.

(emphasis added).

The attached affidavits of Messrs. Soto and Garcia (respectively Exhibits 1 and 2) further establish that there was absolutely nothing improper about how Objectors' counsel was retained in this case.

WHEREFORE, PREMISES CONSIDERED, Objectors respectfully request that the Court take note of this filing and enter protective orders as may be necessary to prevent Class Counsel from making any further reckless and unfounded allegations.

Dated: November 16, 2012

Respectfully submitted,

By: /s/ Christopher A. Bandas
Christopher A. Bandas
State Bar No. 00787637
Southern District Bar No. 17509
BANDAS LAW FIRM, P.C.
500 North Shoreline Blvd., Suite 1020
Corpus Christi, Texas 78401-0353
T:  (361) 698-5200
F:  (361) 698-5222

R. Joshua Koch, Jr.
State Bar No. 2492
Koch & Schmidt, LLC
650 Poydras St., Suite 2415
New Orleans, LA 70130
T: (504) 208-9040
F: (504) 208-9041

*Counsel for Objector Saul Soto, SHS Construction, Ronnie Garcia, and Bay Area Contracting & Construction, Inc.*

CERTIFICATE OF SERVICE

I hereby certify that on the 16th day of November, 2012 a true and correct copy of the above and foregoing was served on the following as indicated below as well as all counsel of record via the Court's CM/ECF system.

Arnold Levin
Levin, Fishein, Sedran & Berman
510 Walnut Street, Ste. 500
Philadelphia, PA 19106
Plaintiffs' Lead Counsel

Leonard A. Davis
Russ M. Herman
Herman, Herman & Katz, LLP
820 O'Keefe Avenue
New Orleans, LA 70013
Defendants' Counsel

/s/ Christopher A. Bandas
Christopher A. Bandas