UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: CHINESE-MANUFACTURED DRYWALL PRODUCTS LIABILITY LITIGATION | MDL NO. 2047<br>SECTION: L<br>JUDGE FALLON<br>MAG. JUDGE WILKINSON |
| THIS DOCUMENT RELATES TO:<br>ALL CASES AND<br><br>*Silva, et al. v. Interior Exterior Building Supply, LP, et al.*<br>Case No. 09-08030 (E.D. La.)<br><br>*Silva, et al. v. Arch Insurance Company, et al.*<br>Case No. 09-08034 (E.D. La.)<br><br>*Payton, et al. v. Knauf Gips, KG, et al.*<br>Case No. 2:09-cv-07628 (E.D. La.)<br><br>*Wiltz, et al. v. Beijing New Building Materials Public Limited Co., et al.*<br>Case No. 2:10-cv-00361 (E.D. La.)<br><br>*Gross, et al. v. Knauf Gips, KG, et al.*<br>Case No. 2:09-cv-06690 (E.D. La.)<br><br>*Rogers, et al. v. Knauf Gips, KG, et al.*<br>Case No. 2:10-cv-00362 (E.D. La.)<br><br>*Amato, et al. v. Liberty Mutual Ins. Co., et al.*<br>Case No. 2:10-cv-00932 (E.D. La.)<br><br>*Abel, et al. v. Taishan Gypsum Co., Ltd., f/k/a Shandong Taihe Dongxin Co., Ltd., et al.*<br>Case No. 2:11-cv-00080 (E.D. La.)<br><br>*Abreu, et al. v. Gebrueder Knauf Verwaltungsgesellschaft, KG, et al.*<br>Case No. 2:11-cv-00252 (E.D. La.)* | |

1

**JOINT MOTION TO SET HEARING AND TO AMEND RELIEF REQUESTED**

Interior Exterior Building Supply, L.P. ("InEx"), the Plaintiffs' Steering Committee ("PSC") and the Knauf Defendants jointly move for an order setting a hearing to consider their Joint Motion for Preliminary and Final Approval of the Second Amendment to the Amended InEx and Knauf Class Settlements and for Judicial Recognition of Exhaustion ("Joint Motion") [Rec. Doc. 15948] as amended below. In support of their motion, the parties state as follows:

1. On October 16, 2012, the parties filed the Joint Motion. At the same time, the parties moved for an expedited hearing on the Joint Motion [Rec. Doc. 15948-4]. On October 18, 2012, The North River Insurance Company ("North River") filed its opposition to the motion for expedited hearing on the Joint Motion [Rec. Doc. 15959]. On October 23, 2012, InEx, the PSC and the Knauf Defendants filed a response to North River's opposition to the motion for expedited hearing [Rec. Doc. 15978]. On October 24, 2012, North River filed a supplemental opposition to the motion to expedite [Rec. Doc. 15980].

2. At the Fairness Hearing held on November 13, 2012, North River stated that the Joint Motion was not properly before the Court because it had not been set for a hearing. To address North River's concerns, InEx, the PSC and the Knauf Defendants request that the Joint Motion be set for hearing after the status conference scheduled for December 11, 2012 or as soon thereafter as the Court can schedule such a hearing.

3. The Joint Motion seeks approval of the Second Amendment to the Amended InEx and Knauf Class Settlements ("Second Amendment"), which was entered into by InEx, the PSC and the Knauf Defendants [Rec. Doc. 15948-2]. The Joint Motion raises two issues regarding the Second Amendment: (a) whether it is fair, reasonable and adequate as to the InEx and Knauf Classes and therefore binding on the Settlement Class Members if classes are certified and the

2

signatories to the Second Amendment; and (b) whether the Second Amendment is binding on North River, a non-signatory.  These are separate issues.

4. At the Fairness Hearing, North River objected to approval of the Second Amendment on the ground that consideration of the latter issue (whether the Second Amendment is binding on North River) would deny it of due process by stripping it of defenses.

5. While the parties to the Second Amendment believe that it is binding on North River, the issue of whether North River is bound by the Second Amendment can be considered separately from the issue of whether the Second Amendment is fair, reasonable and adequate as to the InEx and Knauf Classes.  To address North River's concern, InEx, the PSC and the Knauf Defendants amend the relief that they are seeking in the Joint Motion so that they are not seeking in the present proceeding an order that would purport to bind North River to any determination made by the Court with respect to the Second Amendment and to make clear that all of North River's rights, positions and defenses with respect to the Second Amendment will be preserved for adjudication at a later date.

6. In particular, InEx, the PSC and the Knauf Defendants amend and limit the relief that they seek to a determination under Federal Rule of Civil Procedure 23(e) that the Second Amendment is fair, reasonable and adequate as to the InEx and Knauf Class Members and binding on those Class Members and the signatories.  The parties do not seek any determination that North River is bound by any finding of the Court with respect to the Second Amendment or that the Second Amendment would be enforceable against North River.  Those issues can be decided in a subsequent proceeding, if necessary.

7. At the Fairness Hearing, North River also objected to provisions in the InEx Class Settlement that assign rights to proceeds from North River excess insurance policies to the InEx

Class and that require a finding that InEx's primary insurance policies have been exhausted. InEx and the PSC agree that any findings related to those issues in the context of approval of the InEx Settlement will not bind North River.

8. To address North River's objections, the parties seek to amend the proposed revised Order and Judgment: (1) Certifying the InEx, Banner, Knauf, L&W, and Global Settlement Classes; and (2) Granting Final Approval to the InEx, Banner, Knauf, L&W, and Global Settlements [Rec. Doc. 16194-2] to include the following language:

> The Second Amendment to the InEx and Knauf Class Settlements is approved as fair, reasonable and adequate as to the InEx and Knauf Classes and binding on Settlement Class Members and the signatories. The Court does not address issues related to whether the Second Amendment is enforceable against The North River Insurance Company, including but not limited to whether: (a) the Second Amendment constitutes a reasonable settlement of a disputed claim for insurance coverage purposes; and (b) time was of the essence and there was no justifiable reason for delay in entering the Second Amendment. As to those issues, all of the parties' positions are preserved and all of North River's defenses are preserved. Nor does the Court address whether its findings in the context of approval of the settlements regarding assignment and exhaustion are binding on North River (which is not party to the settlements), and all of North River's defenses regarding such matters are preserved.

9. As amended, the relief that the parties seek in the Joint Motion does not affect the rights of North River. Nor will approval of any of the settlements before the Court impair North River's rights or defenses. As such, North River not being a Class Member and not being a party to the Second Amendment or any of the settlement agreements, lacks standing to maintain its objections to approval of the InEx and Knauf Settlements.[1]

---

[1] *See In re Beef Indus. Antitrust Litig.*, 607 F.2d 167, 172 (5th Cir. 1979) (A "non-settling defendant ... is not prejudiced by the settlement and therefore has no standing to complain about the settlement."); *In re Ford Motor Co. Bronco II Prods. Liab. Litig.*, No. MDL-991, 1995 WL 15182, at *4 (E.D. La. Jan. 12, 1995) (declining to consider objections raised by non-parties, because "they do not have standing to object to the proposed settlement").

4

10. Finally, at the Fairness Hearing, North River also maintained that consideration of the fairness, reasonableness and adequacy of the Second Amendment to the InEx Class would require re-notice to the InEx Class. As an initial matter, North River is not a Class Member and therefore lacks standing to object to the sufficiency of class notice. In any event, North River's contention should be rejected for the following reasons.

11. First, the overwhelming majority of InEx Class Members *do* have notice of the Second Amendment. Most potential claimants against InEx are represented by counsel in the MDL, and those claimants did receive notice (through their counsel) when the motion to approve the Second Amendment was filed. The question, therefore, is not whether there should be additional notice, but whether there should be a second *publication* notice and another opportunity to opt out. Significantly, no InEx Class Member has objected to the Second Amendment or requested leave to opt out.

12. Second, the law does not support North River's claim that a second publication notice is required under these circumstances. While Rule 23(e) requires the dissemination of notice to the class to advise its members of a settlement or compromise of class claims, the "mechanics of the notice process are left to the discretion of the district court subject only to the broad 'reasonableness' standard imposed by due process."[2]

---

[2] *See Fowler v. Birmingham News Co.*, 608 F.2d 1055, 1059 (5th Cir. 1979) (upholding posting of notice on bulletin board at place of employment in Rule 23(b)(2) action involving only 100 class members); *see also Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306, 314-15 (1950) ("constitutional requirements" of due process are met where class notice "[a]pprises interested parties of the pendency of the action and afford[s] them an opportunity to present their objections" with "due regard for the practicalities and peculiarities of the case."); *Weinberger v. Kendrick*, 698 F.2d 61, 70 (2d Cir. 1982), *cert. denied*, 464 U.S. 818 (1983) ("[N]o rigid standards govern the contends of notice to class members…."); *Harris v. Graddick*, 615 F. Supp. 239, 244 (M.D. Ala. 1985); *Rivera v. Patino*, 524 F. Supp. 136, 150 (N.D. Cal. 1981) (noting that "the form and timing of any notice to the class members rests in [the court's] discretion").

13. The district court has the same broad discretion to determine whether to re-notice the class regarding changes to an agreement.[3] In cases where an amendment is insubstantial and/or increases or improves the benefits to the class, courts are reluctant to issue a second class notice – especially when (as here) the costs would be quite substantial.[4] The Principles of Aggregate Litigation (Amer. Law Inst. 2010) suggests that a new notice is required only to "class members who may be *substantially adversely* affected by a change" that modifies the terms "in any material way," but not where the new terms result in "benefits not substantially less than those proposed in the original settlement."[5]

14. The proposed Second Amendment serves only to improve benefits to InEx Class Members, thereby obviating any need for a new publication notice. The Second Amendment prevents the Knauf Defendants from terminating their settlement based on North River's refusal

---

[3] *E.g.*, *In re New Motor Vehicles Canadian Export Antitrust Litig.*, 800 F. Supp. 2d 328, 333 (D. Me. 2011) (noting district court's "discretion under Rule 23(e) not to require new notice to the *entire* class, especially … where there are no rights to be preserved, and no likelihood that someone … would want to opt out because" of the proposed amendment).

[4] *See*, *e.g.*, *Harris*, 615 F. Supp. at 244 (refusing to order additional class notice in light of "class counsel's representation that the interests of the plaintiff class are in no way impaired by the amendment" and where the amendment to class settlement was "extremely narrow"); *New Motor Vehicles*, 800 F. Supp. 2d at 334 (declining to order class-wide notice of "immaterial" amendments in light of expensive cost of initial notice that was "large and national in character, relying on national magazines and newspapers, the internet and newswires" and the unlikelihood that amendments would cause additional class members to opt out considering modest adjustment to recoveries and the expiration of statutes of limitations"); *In re Metropolitan Life Ins. Co. Sales Practices Litig.*, 1999 WL 33957871, *13 (W.D. Pa. Dec. 28, 1999) (where modifications to class settlement include enhancements for Class Members, which were described in the Notice to the Class, … additional notice to the Class of these modifications is unnecessary.").

[5] *Id.* § 3.05(e) and (f) cmt. e (emphasis added); *New Motor Vehicles*, 800 F. Supp. 2d at 334 n.8.

to participate – an enormous benefit to the class.[6] In addition, the Second Amendment provides that a portion of the recovery obtained from North River would be assigned to the Other Loss Fund, instead of all the money going to the Remediation Fund to offset the Knauf Defendants' costs – which is another improvement for the InEx Class. North River has not identified any way in which the InEx Class has been impaired by the Second Amendment. Consequently – and especially in light of the fact that virtually all InEx Class Members' counsel have received actual notice through service of the Second Amendment in the MDL – it is not necessary to have another round of publication notice.

15. For the reasons set forth above, the parties respectfully request that the Court set the Joint Motion as amended for hearing on December 11, 2012 or at the Court's convenience.

---

[6] By contrast, if the Knauf Defendants withdrew from their settlement, that would require re-notice to InEx Class Members and an opportunity for them to opt out because that would entail a material adverse change to the benefits available to them.

Respectfully submitted,

Dated: November 19, 2012

/s/ Kyle A. Spaulding
Kerry J. Miller (#24562)
Kyle A. Spaulding (#29000)
FRILOT L.L.C.
1100 Poydras Street
Suite 3700
New Orleans, LA 70163
Telephone: (504) 599-8194
Facsimile: (504) 599-8145
Email: kmiller@frilot.com

- AND –

Steven Glickstein (NY Bar No. 1038157)
Jay P. Mayesh (NY Bar No. 1081603)
KAYE SCHOLER LLP
425 Park Avenue
New York, NY 10022
Telephone: (212) 836-8485
Facsimile: (212) 836-6485
Email: sglickstein@kayescholer.com

*Counsel for the Knauf Defendants*

## PLAINTIFFS' LEAD COUNSEL MDL 2047

Russ M. Herman, Esquire (Bar No. 6819)
Leonard A. Davis, Esquire (Bar No. 14190)
Stephen J. Herman, Esquire (Bar No. 23129)
HERMAN, HERMAN, KATZ & COTLAR, LLP
820 O'Keefe Avenue
New Orleans, LA 70113
Phone: (504) 581-4892
Fax: (504) 561-6024
LDavis@hhkc.com

Arnold Levin (On the Brief)
Fred S. Longer (On the Brief)
Matthew C. Gaughan (On the Brief)
Sandra L. Duggan (On the Brief)
LEVIN, FISHBEIN, SEDRAN & BERMAN
510 Walnut Street, Suite 500
Philadelphia, PA 19106
Phone: (215) 592-1500
Fax: (215) 592-4663
Alevin@lfsblaw.com

## PLAINTIFFS' STEERING COMMITTEE

Dawn M. Barrios
BARRIOS, KINGSDORF & CASTEIX, LLP
701 Poydras Street, Suite 3650
New Orleans, LA 70139
Phone: (504) 524-3300
Fax: (504) 524-3313
Barrios@bkc-law.com

Daniel E. Becnel, Jr.
BECNEL LAW FIRM, LLC
P.O. Drawer H
106 W. Seventh Street
Reserve, LA 70084
Phone: (985) 536-1186
Fax: (985) 536-6445
dbecnel@becnellaw.com

Bruce William Steckler
BARON & BUDD, P.C.
3102 Oak Lawn Avenue, Suite 1100
Dallas, TX 75219
Phone: (214) 521-3605
Fax: (214) 520-1181
bsteckler@baronbudd.com

Ervin A. Gonzalez
COLSON, HICKS, EIDSON, COLSON
MATTHEWS, MARTINEZ, GONZALES,
KALBAC & KANE
255 Alhambra Circle, Penthouse
Coral Gables, FL 33134
Phone: (305) 476-7400
Fax: (305) 476-7444
Ervin@colson.com

Robert C. Josefsberg
PODHURST ORSECK, P.A.
25 Flagler Street, 8th Floor
Miami, FL 33130
Phone: (305) 358-2800
Fax: (305) 358-2382
rjosefsberg@podhurst.com

Hugh P. Lambert
LAMBERT AND NELSON
701 Magazine Street
New Orleans, LA 70130
Phone: (504) 581-1750
Fax: (504) 529-2931
hlambert@lambertandnelson.com

Gerald E. Meunier
GAINSBURGH, BENJAMIN, DAVID,
MEUNIER & WARSHAUER, LLC
2800 Energy Centre, 1100 Poydras Street
New Orleans, LA 70163-2800
Phone: (504) 522-2304
Fax: (504) 528-9973
gmeunier@gainsben.com

Jerrold Seth Parker
PARKER, WAICHMAN, ALONSO, LLP
3301 Bonita Beach Road
Bonita Springs, FL 34134
Phone: (239) 390-1000
Fax: (239) 390-0055
Jerry@yourlawyer.com

Scott Wm. Weinstein
MORGAN & MORGAN
12800 University Drive, Suite 600
Ft. Myers, FL 33907
Phone: (239) 433-6880
Fax: (239) 433-6836
sweinstein@forthepeople.com

Ben W. Gordon, Jr.
LEVIN, PAPANTONIO, THOMAS,
MITCHELL ECHSNER & PROCTOR, P.A.
316 S. Baylen Street, Suite 600
Pensacola, FL 32502
Phone: (850) 435-7000
Fax: (850) 435-7020
bgordon@levinlaw.com

James Robert Reeves
LUMPKIN & REEVES
160 Main Street
Biloxi, MS 39530
Phone: (228) 374-5151
Fax: (228) 374-6630
jrr@lumpkinreeves.com

Christopher Seeger
SEEGER WEISS, LLP
One William Street
New York, NY 10004
Phone: (212) 584-0700
Fax: (212) 584-0799
cseeger@seegerweiss.com

Daniel K. Bryson
LEWIS & ROBERTS
3700 Glenwood Avenue, Suite 410
Raleigh, NC 27612
Phone: (919) 981-0191
Fax: (919) 981-0431
dkb@lewis-roberts.com

Richard J. Serpe, Esquire
LAW OFFICES OF RICHARD J. SERPE
Crown Center, Ste. 310
580 East Main Street
Norfolk, VA 23510-2322
rserpe@serpefirm.com

**OF COUNSEL TO PLAINTIFFS' STEERING COMMITTEE**

Richard S. Lewis
HAUSFELD LLP
1700 K Street, NW, Suite 650
Washington, DC 20006
Phone: (202) 540-7200
Fax: (202) 540-7201
rlewis@hausfeldllp.com

Andrew A. Lemmon
LEMMON LAW FIRM, LLC
P.O. Box 904
15058 River Road
Hahnville, LA 70057
Phone: (985) 783-6789
Fax: (985) 783-1333
andrew@lemmonlawfirm.com

Jeremy W. Alters
ALTERS LAW FIRM, P.A.
4141 N.E. 2nd Avenue
Suite 201
Miami, FL 33137
Phone: (305) 571-8550
Fax: (305) 571-8559
jeremy@alterslaw.com

**PROPOSED CLASS COUNSEL**

Arnold Levin
LEVIN, FISHBEIN, SEDRAN & BERMAN
510 Walnut Street, Suite 500
Philadelphia, PA 19106
Phone: (215) 592-1500
Fax: (215) 592-4663
Alevin@lfsblaw.com

Russ M. Herman, Esquire (Bar No. 6819)
HERMAN, HERMAN, KATZ & COTLAR, LLP
820 O'Keefe Avenue
New Orleans, LA 70113
Phone: (504) 581-4892
Fax: (504) 561-6024
Rherman@hhkc.com

**PROPOSED SUBCLASS COUNSEL**

Gerald E. Meunier
Gainsburgh, Benjamin, David, Meunier
 & Warshauer, LLC
2800 Energy Centre, 1100 Poydras Street
New Orleans, LA 70163-2800
Phone: (504) 522-2304
Fax: (504) 528-9973
gmeunier@gainsben.com
Proposed Louisiana Subclass Counsel

James Robert Reeves
Lumpkin & Reeves
160 Main Street
Biloxi, MS 39530
Phone: (228) 374-5151
Fax: (228) 374-6630   jrr@lumpkinreeves.com
Proposed Non-Louisiana Subclass Counsel

## INTERIOR EXTERIOR BUILDING SUPPLY, L.P.

Richard G. Duplantier
Galloway Johnson Tomkins Burr and Smith
701 Poydras Street, 40th Floor
New Orleans, LA  70139
Phone: (504) 525-6802
Fax: (504) 525-2456
rduplantier@gjtbs.com

*Counsel for Interior/Exterior Building Supply, L.P.*

**CERTIFICATE OF SERVICE**

      I hereby certify that the above and foregoing has been served on all parties by electronically uploading the same to LexisNexis File & Serve in accordance with Pre-Trial Order No. 6, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2047 on this 19th day of November, 2012.

/s/ Kyle A. Spaulding
Kyle A. Spaulding
FRILOT L.L.C.
1100 Poydras Street
Suite 3700
New Orleans, LA 70163
Telephone: (504) 599-8194
Facsimile: (504) 599-8145
kspaulding@frilot.com

*Counsel for the Knauf Defendants*