UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

IN RE: CHINESE-MANUFACTURED
DRYWALL PRODUCTS LIABILITY
LITIGATION

MDL NO. 2047
SECTION: L

JUDGE FALLON
MAG. JUDGE WILKINSON

THIS DOCUMENT RELATES TO:
*CASES SET FOR TRIAL INVOLVING INTERIOR/
EXTERIOR AND NORTH RIVER*
* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

**PLAINTIFFS' MEMORANDUM IN OPPOSITION
TO DEFENDANT'S SECOND MOTION TO STRIKE EXHIBITS**

**MAY IT PLEASE THE COURT:**

Undersigned counsel for plaintiffs begins with an apology to the Court that counsel for both sides have failed to be effective problem-solvers on the issues raised in the instant motion. The Court should expect more than motion practice at the eleventh hour before a trial of this nature, especially when the parties had put in place what undersigned counsel believed was a workable plan to meet and confer and identify all exhibit objections which could not be resolved on this basis and therefore would require the Court's attention.

A brief reference to the factual background of the current dispute is needed so that the record is both clear and accurate:

Plaintiffs' original exhibit list has been voluminous without question. At the same time, it has taken the parties until very recently to work out the language of a joint stipulation as to the defectiveness of the Chinese drywall, its corrosive effects, etc. Many trial exhibits had to be identified as potential evidence, pending the finalization of the stipulation (which still is not final, with two competing versions submitted to the Court). Moreover, a large number of the

initially-listed exhibits were INEX invoices reflecting customer complaints about Knauf or Chinese drywall, or expressing a preference for domestic drywall only.  Plaintiffs have made clear from the outset that they intend an FRE 1006 summary of these invoices, rather than admitting them piecemeal into evidence.  That has been done.

At the beginning of last week, after counsel for INEX (Rick Duplantier) had complained in a conference with Your Honor that plaintiffs still maintained a list of exhibits that was unnecessarily lengthy for trial, the plaintiff trial team member who was the designated contact for exhibit discussions, Anthony Irpino, sent an e-mail to Mr. Duplantier requesting that counsel meet and confer to go over these exhibits.  Mr. Irpino's e-mail dated Monday, November 12, 2012 is made Exhibit 1.  Mr. Duplantier, however, immediately responded to the effect that none of the defendants' counsel were available to meet the entire week of November 12, and that the meeting instead would have to be postponed until either Monday, November 19, or Tuesday, November 20.  Mr. Duplantier's response by e-mail of November 12, 2012 is made Exhibit 2.  At this point, therefore, the parties automatically lost one full work week as an opportunity to meet and confer on exhibits.  This was not the choice of plaintiffs' counsel, but the choice of opposing counsel only.  It is remarkable that not a single member of defendants' counsel had the time during the entire week of November 12 to address the issue that now has become so time-critical.

When Mr. Irpino still had not heard from Mr. Duplantier on the morning of Monday, November 19, he sent a mid-morning to him asking if the "meet and confer" could take place that same day (Monday, November 19).  Mr. Irpino's e-mail of November 19 is Exhibit 3.  Mr. Duplantier responded that the meeting could take place on the morning of Tuesday, November

20 at 9:00 a.m. The Court will recall that Mr. Irpino was not able to appear sharply at 9:00 a.m., and asked that the meeting be postponed until 11:00 a.m. Mr. Duplantier became upset and called the Court, during which telephone conference Your Honor advised the undersigned to become personally involved in attending this "meet and confer" with counsel. Meanwhile, it should be noted that Mr. Irpino appeared at Mr. Duplantier's office yesterday morning (November 20) before 10:00 a.m., ready to go over the list.

     At 11:00 a.m., the undersigned went to Mr. Duplantier's office and found Mr. Irpino, Ben Grau (Mr. Duplantier's colleague and counsel for INEX) and Sidney Angelle (counsel for North River), sitting at a table going over exhibits listed by plaintiffs. The process was laborious, because discussion covered not only which exhibits the plaintiffs might not need, but also the nature of any objections by defense counsel.

     The undersigned decided it would be more efficient if, simultaneous with the meet and confer on plaintiffs' exhibits, he retired to review in more detail the defendants' exhibits and note plaintiffs' objections to those. He announced that he would do so and no one at the meeting objected. He further announced that by the end of yesterday, the goal would be that each side would have the list of exhibits and noted objections, and it was clearly the understanding of the undersigned that there then would follow another meet and confer this morning at 9:00 a.m., in order to see what objections could be worked out without the Court getting involved. This process then would allow both parties to meet the Court's previously announced deadline of submitting all exhibit lists and unresolved objections by 3:00 p.m. today.

     This morning at 9:00 a.m., the undersigned gathered with Dan Bryson and Anthony Irpino to get on the telephone with opposing counsel and review objections to exhibits. To our

surprise, that meeting was cancelled by opposing counsel, who instead decided to file the instant motion to strike.

In addressing the motion to strike exhibits in a jury trial, it is the defendants' burden to show that "manifest injustice" will result if exhibits are not struck. *See White v. Great W. Cas. Co.,* CIV. A. 08-1491, 2009 WL 3254562 (W.D. La. Oct. 8, 2009).  Moreover, district courts have discretion in regard to amended pretrial orders and exhibits, governed by the inquiry whether "surprise or prejudice to the opposing party" is at issue.  *See id.* citing *Quick Technologies, Inc. v. Sage Group PLC*, 313 F.3d 338, 346 (5th Cir. 2002).

In regard to a surprise, none of the exhibits at issue can or should be a surprise to defendants.  The great majority of them are a part of the INEX documents produced in discovery.

The same can be said of the plaintiffs' specification of exhibits attached to several depositions, which INEX now seems to consider prejudicial.  In particular, plaintiffs previously noted on their exhibit list that they would offer trial exhibits attached at depositions.  More specifically, at yesterday morning's meet and confer discussion, the undersigned was more specific:

There were two deposition exhibits in the deposition of William Garcia, a contractor for plaintiff Beryl Mundee.  One is the invoice by which he purchased Chinese drywall from INEX, and the other is a schematic of Ms. Mundee's home showing where the Chinese drywall was installed.  It was announced that both of these exhibits would be admitted.

In the deposition of Ray Stoltz, a former customer of INEX, several INEX invoices were attached as exhibits.  These invoices show that this prior customer bought Chinese drywall from INEX.  It was made clear at yesterday morning's meeting that these exhibits would be trial

exhibits.

Finally, it has been mentioned more than once, including in the presence of the Court, that plaintiffs intend to introduce all of the trial exhibits attached to the trial cross examination of defendant expert Jim Tompkins in deposition. At no time prior to now have the defendants objected to this. Now, they seem to wish to have the Court strike this important series of exhibits, taken during a cross examination of their own expert for trial purposes. Striking these exhibits would not only be highly prejudicial to plaintiffs, but there is no basis for the defendants to claim surprise in regard to a trial deposition which they themselves requested because of Dr. Tompkins trial unavailability for health reasons.

As to the specific exhibits enumerated in the INEX memorandum in support of the motion, the following was noted:

Mr. Irpino already indicated to opposing counsel at yesterday morning's meet and confer, that the affidavit of Russ Herman would not be offered into evidence, although it would be referred to as reliance material in the case of plaintiffs' expert Rosemary Coates.

The letter from Taishan's counsel to plaintiffs' counsel is withdrawn.

The referenced "hearsay communications" are not, in plaintiffs' view, inadmissible *per se*, and the Court should defer a ruling until trial to determine whether one or more exceptions to the hearsay rule applies in these cases (e.g., the business records exception, an admission against interest, etc.).

The Code of Ordinances and Building Regulations for the City of Baton Rouge, as well as the next-listed item of city, state, and international building codes, are withdrawn (in light of the Court's ruling on the defendant motion to strike plaintiffs' witness and building inspector Mr.

Odom).

The next two listed items involve ASTM standards for testing for corrosion and for testing raw gypsum. The former (corrosion) can be withdrawn on the assumption there is a firm stipulation of defectiveness and corrosive effect. However, the ASTM standard for testing raw gypsum is relevant based upon expert testimony that the raw gypsum for this Chinese drywall would not have complied with industry standards.

Plaintiffs withdraw the next three listed items: the 2011 INEX Employee Handbook; the INEX Vehicle Safety Rules; and the INEX TV commercial.

The next objection is moot, assuming the Court permits the plaintiffs' expert Rosemary Coates to refer to and display to the jury key and pertinent excerpts from her book "42 Rules," in which case there is no request for the admissibility of the entire book in evidence.

Plaintiffs agree that the expert report of Ms. Luckevich is not admissible.

The reference to news articles on China-made products raises an issue as to which the Court is asked to defer ruling at this time. It may be that certain articles are merely shown to the jury and not admitted into evidence. The relevance of these articles, however, is clear in this case.

Plaintiffs do seek to admit documents reflecting the Taishan "corporate structure," given the ambiguity in the case as to the relationship between the manufacturer TTP and BMBM as well as Shandong Taihe/Taishan Gypsum. The evidence suggests that INEX paid great attention to BMBM drywall and/or Shandong Taihe drywall, and the jury is entitled to know how these products may relate to the drywall of the subsidiary TTP.

Plaintiffs will not introduce timelines into evidence.

The profile forms of TG/TTP are relevant for the same reason mentioned above, i.e., there is considerable ambiguity left in the record by INEX, either intentionally or otherwise, as to whether the actual manufacturer of the TTP drywall relates to TG/Shandong Taihe and/or BMBM.

The CPSC reports on remediation are withdrawn. However, the next item dealing with printouts of CPSC recall notices, is, again, relevant to the standard of care when dealing with China products. The Court is asked to defer a ruling on the admissibility of these recall notices until trial.

The CPSC report on the relationship with China, as a matter of public notice to companies like INEX, is relevant. The Court is asked to defer ruling on admissibility until trial.

The ENVIRON Powerpoint is withdrawn, given the stipulation on corrosiveness.

The EPA reports from Florida are also withdrawn on this basis.

The report on "performance of physical structures in Hurricane Katrina, etc." is withdrawn.

The bulletin from Powell Electric Group may be relevant and deemed admissible at trial, depending on the testimony of experts concerning the sulfur contamination of drywall.

The remaining bullet points in defendants' memo, starting with "7 articles from Underwriters Laboratories, etc." and ending with the "Chinese drywall removal guidance" are withdrawn by plaintiffs.

                                      Respectfully submitted,

Dated: November 21, 2012                /s/ Russ M. Herman
                                      Russ M. Herman, Esquire (Bar No. 6819)
                                      Leonard A. Davis, Esquire (Bar No. 14190)

Stephen J. Herman, Esquire (Bar No. 23129)
HERMAN, HERMAN & KATZ, L.L.C.
820 O'Keefe Avenue
New Orleans, Louisiana 70113
Phone: (504) 581-4892
Fax: (504) 561-6024
LDavis@hhklawfirm.com
*Plaintiffs' Liaison Counsel*
*MDL 2047*

Arnold Levin
Fred S. Longer
Matthew C. Gaughan
Levin, Fishbein, Sedran & Berman
510 Walnut Street, Suite 500
Philadelphia, PA 19106
215-592-1500 (phone)
215-592-4663 (fax)
Alevin@lfsblaw.com
*Plaintiffs' Lead Counsel*
*MDL 2047*

**PLAINTIFFS' STEERING COMMITTEE**

Dawn M. Barrios
Barrios, Kingsdorf & Casteix, LLP
701 Poydras Street, Suite 3650
New Orleans, LA 70139
Phone: (504) 524-3300
Fax: (504) 524-3313
Barrios@bkc-law.com

Daniel E. Becnel, Jr.
Becnel Law Firm. LLC
P.O. Drawer H
106 W. Seventh Street
Reserve, LA 70084
Phone: (985) 536-1186
Fax: (985) 536-6445
dbecnel@becnellaw.com

Robert C. Josefsberg
Podhurst Orseck, P.A.
25 Flagler Street, 8th Floor
Miami, FL 33130
Phone: (305) 358-2800
Fax: (305) 358-2382
rjosefsberg@podhurst.com

Bruce William Steckler
Baron & Budd, P.C.
3102 Oak Lawn Ave., Suite 1100
Dallas, TX 75219
Phone: (214) 521-3605
Fax: (214) 520-1181
bsteckler@baronbudd.com

Ervin A. Gonzalez
Colson, Hicks, Eidson, Colson
  Matthews, Martinez, Gonzales,
  Kalbac & Kane
255 Alhambra Circle, Penthouse
Cora Gables, FL 33134
Phone: (305) 476-7400
Fax: (305) 476-7444

Ben W. Gordon, Jr.
Levin, Papantonio, Thomas, Mitchell
 Echsner & Proctor, P.A.
316 S. Baylen Street, Suite 600
Pensacola, FL 32502
Phone: (850) 435-7000
Fax: (850) 435-7020
bgordon@levinlaw.com

Hugh P. Lambert
Lambert and Nelson
701 Magazine Street
New Orleans, LA 70130
Phone: (504) 581-1750
Fax: (504) 529-2931
hlambert@lambertandnelson.com

Gerald E. Meunier
Gainsburgh, Benjamin, David, Meunier
 & Warshauer, LLC
2800 Energy Centre, 1100 Poydras Street
New Orleans, LA 70163-2800
Phone: (504) 522-2304
Fax: (504) 528-9973
gmeunier@gainsben.com

Jerrold Seth Parker
Parker, Waichman, Alonso LLP
3301 Bonita Beach Road
Bonita Springs, FL 34134
Phone: (239) 390-1000
Fax: (239) 390-0055
Jerry@yourlawyer.com

Scott Wm. Weinstein
Morgan & Morgan
12800 University Drive, Suite 600
Ft. Meyers, FL 33907
Phone: (239) 433-6880
Fax: (239) 433-6836
sweinstein@forthepeople.com

James Robert Reeves
Lumpkin & Reeves
160 Main Street
Biloxi, MS 39530
Phone: (228) 374-5151
Fax: (228) 374-6630
jrr@lumpkinreeves.com

Christopher Seeger
Seeger Weiss, LLP
One William Street
New York, NY 10004
Phone: (212) 584-0700
Fax: (212) 584-0799
cseeger@seegerweiss.com

Daniel K. Bryson
Whitfield, Bryson & Mason, LLP
900 W. Morgan Street
Raleigh, NC 27603
Phone: (919) 600-5000
Fax: (919) 600-5035
Daniel@wbmllp.com

Richard J. Serpe, Esquire
Law Offices of Richard J. Serpe
Crown Center, Ste. 310
580 East Main Street
Norfolk, VA 23510-2322
rserpe@serpefirm.com

Victor M. Diaz, Jr.
119 Washington Avenue
Suite 402
Miami Beach, FL 33139
victor@diazpartners.com

## OF COUNSEL TO PLAINTIFFS' STEERING COMMITTEE

Richard S. Lewis
HAUSFELD LLP
1700 K Street, N.W
Suite 650
Washington, DC 20006
Phone: (202) 540-7200
Fax: (202) 540-7201
rlewis@hausfeldllp.com

Andrew A. Lemmon
Lemmon Law Firm, LLC
P.O. Box 904
15058 River Road
Hahnville, LA 70057
Phone: (985) 783-6789
Fax: (985) 783-1333
andrew@lemmonlawfirm.com

## **CERTIFICATE OF SERVICE**

I hereby certify that the above and foregoing pleading has been served on Defendants' Liaison Counsel, Kerry Miller, by e-mail and upon all parties by electronically uploading the same to LexisNexis File & Serve in accordance with Pre-Trial Order No. 6, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2047 on this 21st day of November, 2012.

/s/ Leonard A. Davis
Leonard A. Davis, Esquire
Herman, Herman & Katz, L.L.C.
820 O'Keefe Avenue
New Orleans, Louisiana 70113
Phone: (504) 581-4892
Fax: (504) 561-6024
Ldavis@hhklawfirm.com
Plaintiffs' Liaison Counsel
MDL 2047

*Co-counsel for Plaintiffs*