UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: CHINESE-MANUFACTURED DRYWALL PRODUCTS LIABILITY LITIGATION | MDL NO. 2047<br>SECTION: L<br>JUDGE FALLON<br>MAG. JUDGE WILKINSON |
| THIS DOCUMENT RELATES TO:<br>ALL CASES | |

### CLASS COUNSEL'S REPLY IN SUPPORT OF MOTION TO STRIKE THE OBJECTION OF SAUL SOTO, SHS CONSTRUCTION, RONNIE GARCIA AND BAY AREA CONTRACTING & CONSTRUCTION, INC.

**I.    INTRODUCTION**

Class Counsel submit this Reply in support of their Motion to strike the objections of the Remaining Bandas Objectors. These objectors, through Mr. Bandas, seek to twist and contort the class definition of the Global Settlement Agreement to create ambiguities where none exist. Using legal gymnastics they confect a class definition stretched so far as to include anyone associated with any form of drywall, even pretenders like Mr. Soto and Mr. Garcia, who purchased domestic drywall that is not even related to the litigation in MDL 2047. As discussed below this attempt to create a foothold from which Mr. Bandas can hijack the settlement is misdirected and improper. The Remaining Bandas objectors have no standing to pursue their counsel's objections.

**II.   FACTUAL BACKGROUND**

In June 2009, the Judicial Panel on Multidistrict Litigation issued its transfer order sending all cases involving drywall of Chinese manufacturing origin to this Court. *See In re:*

1

*Chinese-Manufactured Drywall Products Liability Litigation,* 626 F.Supp.2d 1346, 1347 (J.P.M.L. June 15, 2009)("All actions share factual questions concerning drywall manufactured in China, imported to and distributed in the United States, and used in the construction of houses; plaintiffs in all actions allege that the drywall emits smelly, corrosive gases."). In contrast, the JPML declined to transfer cases involving domestically manufactured drywall. *See In re: American-Manufactured Drywall Products Liability Litigation*, 716 F.Supp.2d 1367 (J.P.M.L. June 8, 2010). Accordingly, this litigation was singularly focused on Chinese-manufactured drywall.

Apparently unaware of the focus of this MDL on Chinese-Manufactured Drywall, the Bandas Objectors contend that the class definition in the Global Settlement was intended to encompass both Chinese and domestic drywall despite the clear and unambiguous class definition. The Settlement Agreement provided that "Class", "Settlement Class" or "Class Members," are defined to include:

> All persons or entities, along with their heirs, representatives, attorneys, executors, administrators, executives, subsequent purchasers, residents, guests, tenants, lenders, successors and assigns, with claims, known or unknown, arising from or related to actual or alleged **Chinese Drywall** purchased, imported, supplied, distributed, marketed, installed, used, or sold or in any way alleged to be within the legal responsibility of any Participating Defendant.

Global Settlement Agreement §1.1.1 (emphasis added).

Thus, to be a member of the Settlement Class, a person had to possess a claim related to Chinese Drywall obtained from a Participating Defendant.

"Chinese Drywall" had its own definition:

> [A]ny and all drywall products actually or allegedly purchased from, imported, supplied, distributed, marketed,

2

>  installed, used, sold and/or delivered prior to the Effective Date of
>  this Settlement by or in any way alleged to be within the legal
>  responsibility of any Participating Defendant, which drywall
>  product was allegedly manufactured, in whole or in part, in China,
>  or that include components manufactured, in whole or in part, in
>  China [by established Chinese Drywall Manufacturers]. "Chinese
>  Drywall" shall also include any and all drywall products at issue in
>  the Litigation whose origin or manufacturer is not ascertainable.

Global Settlement Agreement §1.5. Chinese Drywall included all drywall made by known Chinese manufacturers, including Knauf Plasterboard (Tianjin) Co., Ltd. But because the PSC had also filed an Omni Complaint to address Chinese Drywall made by Chinese manufacturers that deliberately concealed their identity of the manufacturer,[1] the definition also included those manufacturers "in the litigation" who were "not ascertainable."

## III.   ARGUMENT

Since "any class member has standing to object to a class settlement," Bandas Brf. at 8, *quoting, Union Asset Management v. Dell, Inc.*, 669 F.3d 632, 638 (5th Cir. 2012), the Remaining Bandas defendants vigorously oppose what Class Counsel have made obvious: the Remaining Bandas Objectors are NOT class members. Only persons with standing have the right to present an objection and the facts obtained from discovery and presented to the Court reveal that the Remaining Bandas Objectors lack standing as class members. They can not certify within the

---

[1] *See Gross, et al. v. Knauf GIPS KG, et. al.*, Case No. 2:09-cv-6690 (E.D.La.)(original complaint, Omnibus III, III(A)). Plainly, the expression "at issue in this Litigation" has a specific reference to those Chinese manufacturers that fraudulently concealed their identities as alleged in the Gross and Omni III complaints. The Remaining Bandas Objectors' contentions that "the drywall products at issue in the Litigation were not limited to drywall made in China," Bandas Brf. at 5 n.2, ignores the extensive history of this litigation from the original Transfer Order, to the JPML refusing to consolidate domestic drywall litigation, to the *Gross* Indeterminate Defendant Complaint which expressly describes the inability to ascertain the identity of the Chinese manufacturers at issue. From this history, it is plain that the definition of Chinese Drywall is restricted to drywall of Chinese origin even when the manufacturer is not ascertainable.

constraints imposed by Fed.R.Civ.P. 11 that they have evidentiary support of ever having purchased Chinese Drywall from a Participating Defendant to the Global Settlement.[2] *See, e.g.*, Deposition of Saul Soto at 62:

```
9       Q. Do you have a distinct memory of seeing a
10   marking on Chinese drywall -- I'm sorry -- on drywall
11   that you bought at Home Depot that said Made in China?
12       A. I don't know if I bought it at Home Depot, but
13   I remember seeing Made in China.
14       Q. I see. So it could have been anywhere?
15       A. It could have been. I can't say for sure.
16       Q. Not necessarily at Home Depot?
17       A. Correct.
```

Deposition of Saul Soto [Rec. Doc. 16150-2].

*See also* Deposition of Ronnie Garcia at 67 ("Q. Do you remember actually sitting in a Home Depot and buying Chinese drywall?  A. I don't -- I mean, I bought drywall.") [Rec. Doc. 16150-3].  And it has been separately asserted by Home Depot that it "did not knowingly purchase any Chinese Drywall from any source, including any manufacturer, exporter, importer, distributor, sales agent, and/or sales broker. . . . Home Depot never sourced any Chinese Drywall from any Home Depot retail store." *See* Home Depot Retailer Profile Form [Doc. No. 16119-4].

Absent evidentiary support to allege that they purchased Chinese Drywall, the Remaining Bandas Objectors attempt to expand the Global Settlement's definition of the term "class member" to include any drywall, both foreign and domestic, rings hollow.  Although the Remaining Bandas Objectors dumped thousands of pages of invoices from retailers such as

---

[2]While the Remaining Bandas objectors produced thousands of invoices from Lowe's Home Centers, Inc. and other retailers, as these entities are not Participating Defendants, proof of procurement of materials from these entities is not relevant to their standing as class members in the Global Settlement. Nor do the mistaken beliefs of the Remaining Bandas Objectors as to which retailers were Participating Defendants afford them standing either. *See, e.g.*, Deposition of Saul Soto at 56 ("Q. And so it was your understanding that Lowe's was a participating defendant? A. I believe so, yes.").

"Lowe's, . . . McCoy's, and a variety of other building supply companies,"[3] which they speculate to relate to drywall that may have been "made in China", their inability to relate that drywall to "be within the legal responsibility of a Participating Defendant" is fatal to their standing as Class Members.[4] Global Settlement Agreement §1.1.1. While the Remaining Bandas Objectors may fervently want to be class members so that they can object to the Global Settlement and obtain the $5,000 incentive award proposed to them in their Retainer Agreement,[5] their aspirations and the aspirations of their counsel are not sufficient to confer Article III standing to permit them to participate in these proceedings.

Finally, the Remaining Bandas Objectors float the prospect that their Counsel's proposal of an incentive award is an independent "stake" in the litigation that suffices to confer standing for their objection. To support this bogus argument they suggest a comparison (using the *cf.* signal) to *Vermont Agency of Natural Resources v. United States ex rel. Stevens*, 529 U.S. 765 (2000). No such principle may be extracted from *Vermont ANR*, however, since that action is based upon the statutory rights of a *qui tam* relator pursuant to 31 U.S.C. §§3729-33, not the common law.

---

[3] *See, e.g.,* Saul Soto Declaration in Support of Objections to Class Action Settlement in Chinese-Manufactured Drywall Products Liability Litigation at 2 [Doc. 15859-2]; Ronnie Garcia Declaration in Support of Objections to Class Action Settlement in Chinese-Manufactured Drywall Products Liability Litigation at 2 (also mentioning Builder's Square)[Doc. 15859-3].

[4] Class Counsel has reviewed the material produced by the Remaining Bandas Objectors and confirms that no evidence of purchases of Chinese Drywall exists.

[5] *See, e.g.,* Deposition of Saul Soto, Exhibit 1 thereto [Doc No. 16150-2].

## IV.     CONCLUSION

Accordingly, since neither Mr. Soto nor Mr. Garcia (and their alias companies) can establish their membership in the Settlement Class, they lack standing to object to the Global Settlement and their objections should be striken.

Respectfully submitted,

Dated: November 21, 2012                    /s/ Russ M. Herman
                                            Russ M. Herman, Esquire (Bar No. 6819)
                                            Leonard A. Davis, Esquire (Bar No. 14190)
                                            Stephen J. Herman, Esquire (Bar No. 23129)
                                            HERMAN, HERMAN & KATZ, LLP
                                            820 O'Keefe Avenue
                                            New Orleans, LA 70113
                                            Phone: (504) 581-4892
                                            Fax: (504) 561-6024
                                            Ldavis@hhklawfirm.com

                                            *Plaintiffs' Liaison Counsel in MDL 2047
                                            and Class Counsel*

                                            Arnold Levin (On the Brief)
                                            Fred S. Longer (On the Brief)
                                            Sandra L. Duggan (On the Brief)
                                            Matthew C. Gaughan (On the Brief)
                                            LEVIN, FISHBEIN, SEDRAN & BERMAN
                                            510 Walnut Street, Suite 500
                                            Philadelphia, PA 19106
                                            Phone: (215) 592-1500
                                            Fax: (215) 592-4663
                                            Alevin@lfsblaw.com

                                            *Plaintiffs' Lead Counsel in MDL 2047
                                            and Class Counsel*

**CERTIFICATE OF SERVICE**

       I hereby certify that the above Class Counsel's Reply In Support Of Motion To Strike The Objection Of Saul Soto, SHS Construction, Ronnie Garcia and Bay Area Contracting & Construction, Inc. has been served on Defendants' Liaison Counsel, Kerry Miller, by e-mail and upon all parties by electronically uploading the same to LexisNexis File & Serve in accordance with Pre-Trial Order No. 6, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2047 on this 21st day of November, 2012.

/s/ Leonard A. Davis
Leonard A. Davis, Esquire
HERMAN, HERMAN, KATZ & COTLAR, LLP
820 O'Keefe Avenue
New Orleans, Louisiana 70113
Phone: (504) 581-4892
Fax: (504) 561-6024
Ldavis@hhkc.com

*Plaintiffs' Liaison Counsel in MDL 2047*
*Co-counsel for Plaintiffs*