UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: CHINESE MANUFACTURED DRYWALL | : | MDL NO. 2047 |
| PRODUCTS LIABILITY LITIGATION | : | SECTION: L |
| | : | |
| | : | JUDGE FALLON |
| | : | MAG. JUDGE WILKINSON |
| .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. | : | |

**THIS DOCUMENT RELATES TO ALL CASES.**

**ORDER**

Before the Court is a Motion to Strike Plaintiffs' Exhibits filed on behalf of INEX. (R. Doc. 16270). The Court has heard arguments from counsel and has reviewed the submitted memoranda and applicable law and now issues this Order.

As the Court recently explained in a Minute Entry describing the telephonic hearing on this Motion, the Motion represents the culmination of an ongoing dispute involving the exchange of trial exhibits in preparation for the upcoming bellwether trial of redhibition claims against INEX and North River, which is scheduled to begin at 8:30 a.m. central time on Monday, November 26, 2012.

The Court notes that the upcoming bellwether trial has been set for nearly six months. The parties have conducted discovery according to the Court's Scheduling Order (R. Doc. 15588), which the parties themselves proposed and which the Court adopted. According to the Scheduling Order, the date for exchanging trial exhibits was October 30, 2012. At the pre-trial conference on November 19, 2012, it was clear that a meaningful exchange had not yet occurred; the Defendants had provided their exhibits, but the Plaintiffs-Intervenors (hereafter "Plaintiffs") had not yet done so. The parties advised the Court that they would make a last-minute attempt to

complete the exchange. At today's hearing, the parties advised the Court that this last-minute attempt failed to accomplish its purpose. This failure precipitated the instant Motion.

The Court ordered Plaintiffs to file their response by 1:00 p.m. today. The Court notes with disappointment that Plaintiffs failed to comply with this request, and that their response arrived after 1:30 p.m.

INEX argues that Plaintiffs have caused unreasonable delays in the process by failing to appear at scheduled meetings, sending to meetings counsel who were unprepared to discuss the exhibits and objections, and attempting to re-list certain exhibits which counsel had previously agreed to withdraw. INEX argues that these delays and inefficiencies have wasted counsel's time and resources and, more significantly, diverted them from trial preparation.

Plaintiffs argue that Defendants' counsel's initial unavailability for meetings contributed to the time crunch. Plaintiffs further argue that they have engaged in ongoing efforts to remedy the situation and avoid prejudice to Defendants.

The United States Court of Appeals for the Fifth Circuit has noted that district courts have broad discretion to oversee discovery. *Texas v. Ysleta Del Sur Pueblo*, 431 F. App'x 326, 331 (5th Cir. 2011). The Court conducts oversight of discovery with the primary aim of avoiding prejudice to either party and ensuring the fairness of the trial. *See Quick Technologies, Inc. v. Sage Group PLC*, 313 F.3d 338, 346 (5th Cir. 2002).

Here, Plaintiffs' actions and omissions have likely caused prejudice to Defendants. The evidence indicates that members of the Plaintiffs' Steering Committee were primarily responsible for the parties' failure to meet several deadlines set by the Court.

Accordingly, **IT IS ORDERED** that the Motion to Strike Plaintiffs' Exhibits filed on

behalf of INEX (R. Doc. 16270) be and is hereby **GRANTED IN PART AND DENIED IN PART.**

IT IS FURTHER ORDERED that the following exhibits are excluded from the upcoming bellwether trial:

1. Affidavit of Mr. Russ Herman;
2. A letter from counsel for Tiashan to counsel for Plaintiffs (P-NR/INEX 0965);
3. (P-NR/INEX 0196-0226; 0237-0239; 0275; 0308-0309; 0313; 0342-0349; 0364-0368; 0858);
4. The Code of Ordinances and Building Regulations from the City of Baton Rouge (P-NR/INEX 0917-0918);
5. Other building codes (P-NR/INEX 0914-0921);
6. ASTM standards for testing for corrosion and HVAC tubes (P-NR/INEX 0978 and 0986); ASTM standards for testing raw gypsum (P-NR/INEX 1004);
7. The 2011 INEX Employee handbook (P-NR/INEX 0872);
8. The INEX Vehicle safety rules (P-NR/INEX 0873);
9. INEX TV commercial (P-NR/INEX 0876);
10. Plaintiffs' expert's book (P-NR/INEX 0933);
11. The expert report of Lydia Luckevich (P-NR/INEX 0935);
12. Various news articles (P-NR/INEX 0936);
13. Taishan "corporate structure" documents (P-NR/INEX 0937-0939);
14. Timelines (P-NR/INEX 0943-0944);
15. Distributor (INEX) and Manufacturer Profile Forms (TG and TTP) (P-NR/INEX 0963-0966);
16. CPSC reports (P-NR/INEX 1020, 1022, 1025, 1027, 1029, 1030, 1039, 1042);
17. CPSC recall notices (P-NR/INEX 1050-1054);
18. CPSC report on strengthening relationship with China (2007) (P-NR/INEX 1055);
19. PowerPoint presentation (P-NR/INEX 1059);
20. EPA and FDH reports (P-NR/INEX 1060-1061);
21. NIST Report (P-NR/INEX 1071);
22. Bulletin from Powell Electrical Group (P-NR/INEX 1072);
23. Underwriters Laboratories, Inc. articles (P-NR/INEX 1073-1079);
24. NASA photographs (P-NR/INEX 1081);
25. Photographs (P-NR/INEX 1088-93);
26. Field notes (P-NR/INEX 1095-1104);
27. Graynar report (P-NR/INEX 1287); and
28. Drywall removal pamphlet (P-NR/INEX 1288).

New Orleans, Louisiana, this 21st day of November, 2012.

_____
UNITED STATES DISTRICT JUDGE