UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: CHINESE-MANUFACTURED DRYWALL PRODUCTS LIABILITY LITIGATION | MDL NO. 2047<br><br>SECTION: L |
| THIS DOCUMENTS RELATES TO: ALL CASES AND | JUDGE FALLON<br><br>MAG. JUDGE WILKINSON |
| *Payton, et. al. v. Knauf Gips, KG, et. al.*<br>Case No. 2:09-cv-07628 (E.D. La.) | |
| *Wiltz, et. al. v. Beijing New Building Materials Public Limited Co., et. al.*<br>Case No. 1:09-cv-00361 (E.D. La.) | |
| *Gross, et. al. v. Knauf Gips, KG, et. al.*<br>Case No. 2:09-cv-06690 (E.D. La.) | |
| *Rogers, et. al. v. Knauf Gips, KG, et. al.*<br>Case No. 2:10-cv-00362 (E.D. La.) | |
| *Amato, et. al. v. Liberty Mutual Ins. Co., et. al.*<br>Case No. 2:10-cv-00932 | |
| *Hernandez, et. al. v. AAA Insurance, et. al.*<br>Case No. 2:10-cv-3070 (E.D. La.) | |
| *Abel, et. al. v. Taishan Gypsum Co. Ltd., f/k/a Shandong Taihe Dongxin Co., Ltd., et. al.*<br>Case No. 2:11-cv-00080 (E.D. La.) | |
| *Abreu, et. al. v. Gebrueder Knauf Verwaltungsgesellschaft, KG, et. al.*<br>Case No. 2:110cv000252 (E.D. La.) | |
| *Haya, et. al. v. Taishan Gypsum Co., Ltd., f/k/a Shandong Taihe Dongxin Co., Ltd., et. al.*<br>Case No. 2:11-cv-01077 (E.D. La.) | |
| *Vikers, et. al. v. Knauf Gips KG, et. al.*<br>Case No. 2:09-cv-04117 (E.D. La.) | |

**NONPARTY ERNEST VITELA'S MEMORANDUM IN SUPPORT OF HIS MOTION TO QUASH OR MODIFY SUBPOENA UNDER RULE 45**

Nonparty Ernest Vitela, individually and as representative of E and E Construction (collectively, "Vitela"), files this Memorandum in Support of his Motion To Quash or Modify Subpoena,[1] and respectfully would show as follows.

**1.      Preliminary Statement**

The issue posed in this motion is a simple one: should an objector who has withdrawn his objection nevertheless be required to give a deposition in the case he abandoned? The answer is obvious: Of course not. What could possibly be the point? The answer to that question is no less obvious either: Class Counsel is intent on harassing and punishing Objectors (even former ones) and their counsel. Unless harassment is to become a legitimate objective of discovery in this case (which has now moved into the post-fairness hearing phase), Class Counsel should be held to the rules, and to the legitimate ends of even their most expansive expression. Class Counsel continues to act with impunity and appear to fear no reprisal of any kind for any of their conduct, no matter how extreme. Movant respectfully suggests that limits are appropriate given the now-manifest intent of Class Counsel.

Even given the most expansive definition of legal relevancy, what testimony could a non-party such as Vitela possibly give that would be legally relevant to any issue before the Court? He does not oppose the proposed Global Settlement. He is no longer an objector. He is not a

---

[1] Because the subpoena in question was issued by the Southern District of Texas, Corpus Christi Division, where the witness resides, Vitela is filing a motion to quash contemporaneously in that court, in an abundance of caution.

fact witness to any claim before the Court. He is the same to this litigation as thousands[2] of other unnamed class members (even assuming their identity could be determined from the fail-safe class definition proposed by Class Counsel). The fairness hearing on the Global Settlement is over. How would his testimony be used by Class Counsel, the Court, or anyone for that matter, to weigh any of the issues presented by the proposed Global Settlement? Even if Vitela had remained in the case, the window for presenting anything that could have been learned from his testimony is now closed. Moreover, there are high hurdles to overcome before a party can take discovery from an unnamed class member, with an oral deposition presenting the highest hurdle of all. Class Counsel has not cleared any of those hurdles, nor so much as even given lip service to those well-established legal standards.

To be sure, Vitela does not have a position about any issue in this case except one: he should not have to give a deposition. Yet, notwithstanding these facts, Class Counsel is bent on deposing Vitela (and also former Objector Jan Petrus). So, if there is no articulable legal basis for his deposition, there remains only one explanation for the request: intent to cause harm to the former Objectors, present Objectors, and their counsel.

There is ample evidence of that intent. In fact, that intent has become so clear that even other counsel have now even commented to the Court on the "unbelievable" attacks by Class Counsel on Objectors' counsel. To be sure, Class Counsel has made unprecedented remarks and allegations in this case. For example, they have: (a) accused Objectors' counsel of barratry in open court (which has been conclusively rebutted), (b) accused Objectors' counsel of criminal

---

[2] At the fairness hearing, Class Counsel initially spoke about 5,200 class members. Then, that number was estimated at over 10,000. Before the conclusion of the hearing, there was talk of 20,000 to 30,000 or more class members.

activity (extortion) and unethical conduct; and (c) threatened witnesses with sanctions and other similar punishments in deposition.

Enough is enough. At least it should be. There is no legitimate purpose that would be served by allowing this conduct to continue unchecked.

**2.     Relevant Procedural History.**

Even though the fairness hearing with respect to the Global Settlement concluded a week ago, Class Counsel continues their relentless campaign to punish and harass those who objected to the settlement, including individuals who withdrew their objections well in advance of the fairness hearing.  This scorched-earth approach has resulted in numerous discovery-related motions, two hearings with the Court, three pending motions for sanctions (including one against Class Counsel), a motion to strike, a petition for mandamus review, and voluminous collateral briefing.

Class Counsel's purpose, barely disguised from the beginning, was explicitly revealed during the depositions of the two remaining objectors:  to pressure the Objectors and their lawyer to abandon their objections, thus removing a potential impediment to a settlement that would unquestionably be very profitable for Class Counsel.

It is unfortunate enough that Class Counsel's tactics have already consumed an inordinate amount of the Court's time and attention, but to condone this strategy—which now include efforts to depose a former Objector who withdrew his objection, after the relevant fairness hearing has already occurred—would provide class action lawyers nationwide a judicial green light to engage in exactly the same pattern of harassment and intimidation against objectors, undermining an essential protection for absent class members deliberately built into Rule 23(e).

After all, who would possibly want to object to a class action settlement, no matter how unfair to the class, if doing so meant subjecting oneself to abusive deposition questioning, intrusive written discovery, and repeated threats of sanctions?  Enough resources have been spent on these matters that truly have nothing to do with the merits of the settlements before the Court, and that do nothing to benefit the class.  In fact, the opposite is true. Class Counsel continues to run up expenses that will ultimately be paid from the class recovery.  Vitela respectfully requests the Court to put an end to Class Counsel's campaign, by quashing the subpoena to Vitela.

Vitela is a contractor who as a regular part of his business installs drywall.  Vitela filed an objection to the proposed class action settlement in this case along with several other objectors represented by Bandas Law Firm, P.C. on September 28, 2012. The filing of this objection set off a firestorm of aggressive tactics and activity by Class Counsel.  The objection was filed on a Friday; the next Wednesday (October 3), Class Counsel filed motions to modify the discovery procedures and timelines under the Federal Rules of Civil Procedure in order to serve written discovery on and take the depositions of the objectors, including Vitela.  (Doc. No. 15875)  The following day, October 4, Class Counsel noticed the depositions of Vitela and the other objectors.  (Doc. Nos. 15891, 15892)

In an effort to avoid unnecessary court involvement in discovery issues, Objectors' counsel wrote Class Counsel on October 9 and confirmed objectors' agreement to "reasonable discovery," including the depositions of the objectors in Corpus Christi.  Vitela served his written discovery responses on Class Counsel on October 18.  (Doc. No. 15961)  Despite his cooperation and his attorney's agreement that he would appear for deposition in Corpus Christi, however, Class Counsel attempted to serve Vitela with process at his home, needlessly upsetting his family.

Exhausted and intimidated by the aggressiveness of Class Counsel and the time demands of complying with the their exhaustive discovery requests, Vitela requested that he be dismissed from the case and, on October 24 and 25, 2012, motions to withdraw his and his company's objection were filed. (Doc. No. 15979; Doc. No. 15992) The motions to withdraw explained that Vitela was not paid any compensation for the withdrawal of the objection. (*Id.*) (Neither Class Counsel nor the defendants have never controverted the fact that Vitela was not compensated for withdrawing his objection.) The same day, after Vitela had already filed his motion to dismiss, Class Counsel moved for sanctions against Vitela and the other objectors. (Doc. No. 15982)

Rule 23(e)(5) requires court approval of the withdrawal of an objection to a proposed class action settlement. One of the factors courts must consider in weighing the fairness of a proposed class action settlement is the degree of opposition to the settlement. *See, e.g., Reed v. General Motors Corp.*, 703 F.2d 170, 172 (5th Cir. 1983) (noting that courts must consider the opinions of "absent class members" in reviewing a proposed settlement).

The main reason behind Rule 23(e)(5)'s requirement of court approval to withdraw an objection is so that the proponents of the settlement do not settle objections prior to the fairness hearing and then represent that there is no opposition to the settlement without the District Court being aware of the circumstances of the settlements of those objections. *See, e.g., Manual for Complex Litigation*, *Fourth*, § 21.643 ("If the objector simply abandons pursuit of the objection, the judge should inquire into the circumstances, asking the parties and the objector to identify any benefit conveyed or promised to the objector or objector's counsel in connection with the withdrawal."). In this case, no benefit was paid or promised to Vitela in return for the withdrawal of his objection. The requirements of Rule 23(e)(5) have been satisfied. There is no

deeper inquiry justified by the Rule itself, its comments, or attendant case law. The suggestion that there is more is simply an invention of Class Counsel.

On November 8, 2012, Class Counsel resumed the depositions of the remaining objectors in the case, Ronnie Garcia and Saul Soto. Prior to the depositions, the Court ruled that counsel defending the witnesses at their depositions could not instruct the witnesses not to answer questions except on privilege grounds, which ruling eliminated the other protections to a witness afforded by Rule 30(c)(2) and Rule 30(d)(3)(A). (Doc. No. 16122)

Of course, the Court could not have anticipated that Class Counsel would take advantage of this ruling and subject Garcia and Soto to outrageously abusive questioning, knowing that their lawyer was rendered powerless to instruct them not to answer these questions as would otherwise be permitted under Rule 30(c)(2) and Rule 30(d)(3)(A). Class Counsel's conduct was so beyond the pale that Garcia and Soto have moved for sanctions, citing examples of Class Counsel's highly abusive questioning. (Doc. No. 16256) Class Counsel has even baselessly and recklessly accused Bandas of criminal conduct, including extortion and barratry. (*Id.*; *see also* Doc. No. 16257)[3]

Class Counsel agree that the Vitela and E and E objections should be dismissed; however, Class Counsel wish to depose Vitela even though the fairness hearing concluded November 14, 2012. On November 19, 2012, Vitela was served with a subpoena to appear at a deposition on November 26, 2012, and to produce documents. (Doc. No. 16268)

---

[3] Accusing counsel of ethical or other improprieties appears to be one of Class Counsel's favorite tactics. They made similar allegations against counsel for the Kaplan objection. Ironically, Russ Herman, Lenny Davis, and other members of the PSC in this litigation are the only ones who have been adjudicated, after a jury trial no less, to be responsible for significant misconduct in this litigation. *See*, Case No. C09-5749 BZ; *Cataphora, Inc. v. Jerrold Smith Parker, et. al*; In the United States District Court for the Northern District of California (arising from Chinese Drywall litigation). Observations made by Federal Magistrate Judge Zimmerman in that case about Messrs. Herman, Davis and other members of this PSC are far from flattering.

Vitela is simply a contractor who objected to a proposed drywall class action settlement then later moved to withdraw his objection as permitted by Federal Rule of Civil Procedure 23(e)(5). Even though Vitela withdrew his objection and the fairness hearing for the proposed settlement has already taken place, Class Counsel continue to unreasonably harass and burden Vitela by seeking his deposition as part of their crusade against Bandas, Vitela's lawyer.

Bandas has represented objectors in numerous class action settlements in the last several years, and experienced objector's counsel like Bandas are anathema to class action lawyers because objector's counsel subject unfair and faulty class action settlements to scrutiny when no one else will. *See In re Trans Union Corp. Privacy Litig.*, 629 F.3d 741, 743 (7th Cir. 2011) (Posner, J.) (recognizing the important role of objectors "in preventing cozy deals that favor class lawyers and defendants at the expense of class members"). Notwithstanding Class Counsel's grudge against Bandas, Vitela can provide absolutely no testimony relevant to a fairness hearing that has already occurred, and he should not be subjected to harassment by Class Counsel simply to punish him for having retained an experienced lawyer to handle his objection.

The subpoena to Vitela should be quashed; in the alternative, the subpoena should be modified and limited to protect Vitela from harassment and undue burden.

**3.     Argument**

Because Vitela has abandoned his objection, discovery from him should be viewed through the lens of the rules that apply to discovery from any unnamed class member. Discovery from unnamed class members is discouraged, and generally is allowed only upon a showing of relevance, necessity and good faith.

In Vitela's case, Class Counsel can show none of these. Vitela is a former objector who voluntarily withdrew his objection, and the fairness hearing has already occurred. Vitela's

testimony cannot possibly be relevant or necessary to the proposed class action settlement, and Class Counsel's lack of good faith is shown by the plainly irrelevant document request attached to the subpoena and Class Counsel's misconduct in previous depositions.

Objectors are unnamed class members, and discovery of absent class members is inconsistent with Rule 23's purposes and should be only rarely permitted.  *See, e.g., Cox v. American Cast Iron Pipe Co.*, 784 F.2d 1546, 1556-56 (11th Cir. 1986).  "Courts have allowed discovery to be taken from unnamed class members . . . when the information requested is relevant to the decision of common questions, the discovery is tendered in good faith and not unduly burdensome or harassing, the discovery does not require expert, technical or legal assistance to respond, and is not available from the representative parties."  *Boynton v. Headwaters, Inc.*, 2009 WL 3103161, No. 1-02-111-JPM-egb, at *1 (W.D. Tenn. Jan. 30, 2009). Specifically with respect to objectors with ***pending*** objections, courts have questioned the need for depositions.  *Cf. Trombley v. Bank of America Corp.*, 2011 WL 3740488, Civ. No. 08-cv-456-JD, at *5 (D.R.I. Aug. 24, 2011) (declining to order depositions and discovery of objectors). For example, in *Corpac v. Rubin & Rothman, LLC*, 2012 WL 2923514, No. 10-CV-4165, at *2 (E.D.N.Y. Jul. 18, 2012), the court denied class counsel's request to depose the objector, reasoning that the Federal Rules of Civil Procedure require a "strong showing" of need to depose an absent class member, and that such a showing was absent where the bases for the objector's objections were clear and either matters of statutory interpretation or based on information already within class counsel's knowledge.  Vitela withdrew his objection, making deposing him even more improper.

In this case, the subpoena to Vitela is purely for harassment.  The stated purpose of Vitela's deposition is "to ensure compliance with Fed.R.Civ.P. 23(e)(3) that no improper side-

agreements exist in this litigation." (Doc. No. 15981, at 11 & n.24) This purpose is spurious, however, because Vitela already confirmed that he did not receive any compensation for withdrawing the objection (Doc. No. 15979; Doc. No. 15992), and no party (including Class Counsel) has alleged that the averment is false and Vitela actually was paid to withdraw his objection. In fact, two other objectors represented by Bandas have maintained their objections to the settlement through the fairness hearing, so any "side deal" with Vitela to withdraw *his* objection would be nonsensical.

The document request attached as Exhibit "A" to the subpoena is similarly inapposite, including for example requests for documents that Vitela "intend[s] to offer or admit at the fairness hearing" and "affidavits [he] intend[s] to submit at the fairness hearing," (Doc. No. 16268), when the subpoena was not issued until November 15, after the fairness hearing was already concluded. Request Nos. 6 and 8 are also objectionably vague, burdensome and overly broad because they ask Vitela to produce all invoices for the purchase or resale of "Chinese Drywall," and the definition of "Chinese Drywall" in the class action settlement includes drywall whose origin is not ascertainable. Those issues have been amply briefed by Objectors' Soto and Garcia in their pleadings to this Court. Vitela should not be required to produce all invoices for drywall he has purchased whose origin he cannot ascertain.

Based on the depositions Class Counsel conducted of the two remaining objectors, Vitela anticipates that Class Counsel really intends the deposition as an inquisition about Vitela's lawyer, Bandas, and allegations that Bandas is a "professional" objector's counsel who files meritless objections. These allegations are inflammatory and misleading;[4] they also fail to

---

[4] One of Bandas's clients very recently prevailed in a class action appealed to the Ninth Circuit, *Dennis v. Kellogg Co.*, --- F.3d ---, 2012 WL 3800230 (9th Cir. Sept. 4, 2012). The Ninth Circuit plainly disagrees that Bandas's clients pursue meritless objections.

establish any relevance or need for Vitela's deposition. Undoubtedly, this is their mission as they continues to also press for the deposition of former Objector Jan Petrus, who also abandoned her objection.

For example, Class Counsel improperly used previous depositions of Objectors Soto and Garcia to intimidate the objectors with threatened Rule 11 sanctions, despite Class Counsel's knowledge that Rule 11 sanctions cannot be awarded against the objectors or withdrawing objectors because, among other reasons, Class Counsel has never complied with Rule 11(c)(2)'s safe-harbor provision. Nor can 28 U.S.C. § 1927 support sanctions against Vitela because none of the proceedings in the Chinese Drywall class action were "multiplied" by virtue of Vitela's participation in the objection—exactly the same objections were maintained by the two remaining objectors, and the discovery proceedings related to Vitela have all been driven by *Class Counsel*, not Vitela. There is no basis for Class Counsel to assert that Vitela may be subject to sanctions as a result of the objection he voluntarily moved to withdraw, and his deposition is not necessary or relevant to a sanctions motion.

Similarly, it is not appropriate for Class Counsel to use Vitela's deposition simply to attack Bandas, Vitela's counsel. "[A]ccusations of wrongdoing against witnesses and attorneys have no place in a deposition." *Ethicon Endo-Surgery v. U.S. Surgical Corp.*, 160 F.R.D. 98, 99 (S.D. Ohio 1995). Bandas's representation of objectors in other class actions "has no greater bearing on the merits of the objection raised [in this class action] than a plaintiff's counsel's experience in filing class actions speaks to the merits of claims he brings." *True v. American Honda Motor Co.*, 749 F. Supp. 2d 1052, 1079 (C.D. Cal. 2010). Vitela withdrew his objection and the fairness hearing is over. Deposition questions that relate to Bandas or other class action

settlements would serve no purpose: Vitela's answers to such questions will not assist the court to decide whether to dismiss Vitela's objection or approve the proposed settlement.

Rule 45(c)(1) provides that the issuing court must enforce the duty of a party or attorney who issues a subpoena to protect witnesses from undue burden or expense. Rule 45(c)(3) further provides that the issuing court must quash or modify a subpoena that subjects a person to undue burden. Vitela is simply a local contractor who objected to the Chinese Drywall settlement for himself and his company and then decided to withdraw his objection. There is no valid reason for his deposition to proceed. The subpoena dated November 15, 2012, should be quashed in its entirety.

**4.     In the Alternative, the Subpoena Should Be Modified**

Rule 45(c)(3) also permits the Court to modify a subpoena to protect a witness from undue burden. In the event the Court declines to quash the subpoena in its entirety, Vitela respectfully requests the Court to modify the subpoena by ordering that the deposition shall be limited in the following ways: (1) the deposition shall not last longer than one hour; (2) for withdrawn objections, no questions about the factual basis for the objection since the objection is abandoned; (3) no harassing questions of the witness about his thoughts, feelings, or opinions regarding his counsel in this case, or any other case in which his counsel has appeared; (4) limited to only relevant topics, such as whether Vitela received any compensation from any source for withdrawing his objection. Class Counsel should not be given a license to harass Vitela nor to fish for irrelevant information.

WHEREFORE, PREMISES CONSIDERED, Nonparty Witness Ernest Vitela, individually and as representative of E and E Construction, requests the Court to quash or modify

the subpoena dated November 15, 2012, issued by Class Counsel, and for any other relief to which he may be entitled.

Dated: November 23, 2012

                            Respectfully submitted,

                By:     /s/ Christopher A. Bandas

                        Christopher A. Bandas
                        State Bar No. 00787637
                        Southern Bar No. 17509
                        BANDAS LAW FIRM, P.C.
                        500 North Shoreline Blvd., Suite 1020
                        Corpus Christi, Texas 78401-0353
                        T: (361) 698-5200
                        F: (361) 698-5222

                        R. Joshua Koch, Jr.
                        State Bar No. 2492
                        Koch & Schmidt, LLC
                        650 Poydras St., Suite 2415
                        New Orleans, LA 70130
                        T: (504) 208-9040
                        F: (504) 208-9041

                        Counsel for Movants Ernest Vitela, and E and E Construction Co.

CERTIFICATE OF SERVICE

I hereby certify that on the 23rd day of November, 2012 a true and correct copy of the above and foregoing was served on the following as indicated below as well as all counsel of record via the Court's CM/ECF system.

Arnold Levin
Levin, Fishein, Sedran & Berman
510 Walnut Street, Ste. 500
Philadelphia, PA 19106
Plaintiffs' Lead Counsel

Leonard A. Davis
Russ M. Herman
Herman, Herman & Katz, LLP
820 O'Keefe Avenue
New Orleans, LA 70013
Defendants' Counsel

/s/ Christopher A. Bandas
Christopher A. Bandas