UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: CHINESE-MANUFACTURED DRYWALL PRODUCTS LIABILITY LITIGATION | MDL NO. 2047<br><br>SECTION: L |
| THIS DOCUMENTS RELATES TO: ALL CASES AND | JUDGE FALLON<br><br>MAG. JUDGE WILKINSON |
| *Payton, et. al. v. Knauf Gips, KG, et. al.*<br>Case No. 2:09-cv-07628 (E.D. La.) | |
| *Wiltz, et. al. v. Beijing New Building Materials Public Limited Co., et. al.*<br>Case No. 1:09-cv-00361 (E.D. La.) | |
| *Gross, et. al. v. Knauf Gips, KG, et. al.*<br>Case No. 2:09-cv-06690 (E.D. La.) | |
| *Rogers, et. al. v. Knauf Gips, KG, et. al.*<br>Case No. 2:10-cv-00362 (E.D. La.) | |
| *Amato, et. al. v. Liberty Mutual Ins. Co., et. al.*<br>Case No. 2:10-cv-00932 | |
| *Hernandez, et. al. v. AAA Insurance, et. al.*<br>Case No. 2:10-cv-3070 (E.D. La.) | |
| *Abel, et. al. v. Taishan Gypsum Co. Ltd., f/k/a Shandong Taihe Dongxin Co., Ltd., et. al.*<br>Case No. 2:11-cv-00080 (E.D. La.) | |
| *Abreu, et. al. v. Gebrueder Knauf Verwaltungsgesellschaft, KG, et. al.*<br>Case No. 2:110cv000252 (E.D. La.) | |
| *Haya, et. al. v. Taishan Gypsum Co., Ltd., f/k/a Shandong Taihe Dongxin Co., Ltd., et. al.*<br>Case No. 2:11-cv-01077 (E.D. La.) | |
| *Vikers, et. al. v. Knauf Gips KG, et. al.*<br>Case No. 2:09-cv-04117 (E.D. La.) | |

**OBJECTORS' SUR-REPLY IN OPPOSITION
TO CLASS COUNSEL'S MOTION TO STRIKE OBJECTIONS**

Objectors Saul Soto, SHS Construction, Ronnie Garcia, and Bay Area Contracting and Construction, Inc. file this Sur-Reply in Opposition to Class Counsel's Motion to Strike Objections.

There are now two versions of the definition of "Chinese Drywall:" the one contained in the Global Settlement Agreement, and the one described in Class Counsel's Reply in Support of their Motion to Strike Objections. In their Reply, Class Counsel assert, on the one hand, that "it is plain that the definition of Chinese Drywall is restricted to drywall of Chinese origin even when the manufacturer is not ascertainable." Reply in Support of Motion to Strike at 3, fn. 1, Document No. 16282-2. On the other hand, what the Global Settlement Agreement says is quite different. Fortunately, the two versions of the definition of "Chinese Drywall" can be compared, side by side.

As an initial matter, Class Counsel's assertion "that the definition of Chinese Drywall is restricted to drywall of Chinese origin even when the manufacturer is not ascertainable" would render the language "*origin or* manufacturer" in the definition of Chinese Drywall completely meaningless. According to the plain language of the Global Settlement Agreement, drywall is "Chinese Drywall" where the "*origin or* manufacturer is not ascertainable," not where the origin (China) is ascertainable but the manufacturer is not ascertainable. Global Settlement Agreement § 1.5.

Class Counsel compounds the inconsistencies in their now fluid definition of Chinese Drywall by also contending that "[p]lainly, the expression 'at issue in this Litigation' has a specific reference to those Chinese manufacturers that fraudulently concealed their identities as alleged in the Gross and Omni III complaints." Reply at 3, fn. 1.

Once again, the Court need only read the language in Class Counsel's own negotiated Global Settlement Agreement to understand the fallacy of their assertion. According to the Global Settlement Agreement, "Litigation shall mean all Class Action Omnibus Complaints ('Omni Complaints') and all other complaints filed in or consolidated with MDL 2047 and all CDW-Related Actions, as defined in Section 1.4."  Global Settlement Agreement § 1.12. "CDW-Related Actions" is expansively defined to include not just cases that have been consolidated in this federal MDL, but also "any and all state court … claims … against any Participating Defendant or Participating Insurer arising out of or relating to, *inter alia*, "any and all drywall products … whose origin or manufacturer is not ascertainable." *Id.* at §§ 1.4 and 1.5. Again, the idea that "Litigation" is limited to the Gross and Omni III complaints in general, much less the specific allegations in those complaints that certain Chinese manufacturers fraudulently concealed their identities, is, in a word, absurd.

Moreover, Class Counsel's argument makes no grammatical sense.  The phrase "at issue in this Litigation" modifies "any and all drywall products;" it does not modify "manufacturers." Therefore, "[a]t issue in this Litigation" cannot possibly be a reference (much less a "specific" reference) "those Chinese manufacturers that fraudulently concealed their identities as alleged in the Gross and Omni III complaints" because the term "manufacturer" occurs later in that sentence and also because the term "manufacturer" is joined by the disjunctive "or" with "origin."

In addition, the language we are now focused on is the last sentence in an incredibly lengthy and expansive definition of "Chinese Drywall" which already includes drywall whose origin is China, and so much more. Therefore, this last sentence (*i.e.*, "'Chinese Drywall' shall also include any and all drywall products at issue in this Litigation whose origin or manufacturer

is not ascertainable") cannot possibly mean drywall of Chinese origin where the manufacturer is not ascertainable due to fraudulent concealment. Class Counsel's argument would be like saying "Chinese Drywall" includes all drywall of Chinese origin and also all drywall of Chinese origin where the identity of the manufacturer is not ascertainable due to fraudulent concealment.

In short, contrary to Class Counsel's contention, the definition of "Chinese Drywall" in the Global Settlement Agreement is not limited to "any and all drywall products whose Chinese-based manufacturers have fraudulently concealed their identities but whose origin can be traced to China." Rather, it is expansively drawn to include "any and all drywall products at issue in this Litigation [which includes all state and federal cases, among others] whose origin or manufacturer is not ascertainable." Global Settlement Agreement § 1.5.

Moreover, the expression "at issue in this Litigation" clearly encompasses the specific drywall products over which Home Depot was sued. It cannot be denied that Home Depot was sued "in this Litigation" over drywall products it sold. Class Counsel has repeatedly sponsored Home Depot's denial that its drywall products were manufactured in China. As a matter of basic logic, the "drywall products at issue in this Litigation" against Home Depot were not limited to drywall whose origin was in China. Indeed, as explained in Objectors' initial Response to the Motion to Strike Objections, the phrase "at issue in this Litigation," which modifies "any and all drywall products," cannot be construed as a geographic limitation at all.

Of course, Class Counsel is correct that the definition of Chinese Drywall is far too broad and far too vague. What may have began as a case over Chinese–manufactured drywall has, through this Global Settlement, been transformed into the broadest possible release for the benefit of the Participating Defendants and Participating Insurers to protect them from nearly any conceivable claim relating to virtually any drywall product. However, that is a different issue

altogether from whether the Global Settlement Agreement's definition of "Chinese Drywall" is, as Class Counsel speciously contends, limited to drywall whose origin is in China but whose manufacturer fraudulently concealed its identity.

In short, there is only one definition of "Chinese Drywall," and that is contained in the Global Settlement Agreement. Class Counsel's attempt to retroactively rewrite that definition to include only Chinese-manufactured drywall is without merit.

WHEREFORE, PREMISES CONSIDERED, Objectors Saul Soto, SHS Construction, Ronnie Garcia, and Bay Area Contracting and Construction, Inc. respectfully request that Class Counsel's Motion to Strike Objections be denied in its entirety.

Dated: November 23, 2012

Respectfully submitted,

By:     /s/ Christopher A. Bandas
Christopher A. Bandas
State Bar No. 00787637
Southern Bar No. 17509
BANDAS LAW FIRM, P.C.
500 North Shoreline Blvd., Suite 1020
Corpus Christi, Texas 78401-0353
T: (361) 698-5200
F: (361) 698-5222

R. Joshua Koch, Jr.
State Bar No. 2492
Koch & Schmidt, LLC
650 Poydras St., Suite 2415
New Orleans, LA 70130
T: (504) 208-9040
F: (504) 208-9041

Counsel for Objectors

## CERTIFICATE OF SERVICE

I hereby certify that on the 23rd day of November, 2012 a true and correct copy of the above and foregoing was served on the following as indicated below as well as all counsel of record via the Court's CM/ECF system.

Arnold Levin
Levin, Fishein, Sedran & Berman
510 Walnut Street, Ste. 500
Philadelphia, PA 19106
Plaintiffs' Lead Counsel

Leonard A. Davis
Russ M. Herman
Herman, Herman & Katz, LLP
820 O'Keefe Avenue
New Orleans, LA 70013
Defendants' Counsel

/s/ Christopher A. Bandas
Christopher A. Bandas