UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF TEXAS

CORPUS CHRISTI DIVISION

IN RE: CHINESE-MANUFACTURED      MDL NO. 2047
DRYWALL PRODUCTS LIABILITY      (Eastern District of Louisiana)
LITIGATION

## NONPARTY WITNESS ERNEST VITELA'S MOTION
## TO QUASH OR MODIFY SUBPOENA UNDER RULE 45

Nonparty Witness Ernest Vitela, individually and as representative of E and E Construction (collectively, "Vitela"), files this Motion To Quash or Modify Subpoena, and respectfully would show as follows.

**1.**      **Background and Procedural History**

Vitela is a contractor who as a regular part of his business installs drywall. Vitela filed an objection to the proposed class action settlement in the Chinese Drywall Global Settlement along with several other objectors represented by Bandas Law Firm, P.C. on September 28, 2012. The filing of this objection set off a firestorm of aggressive tactics and activity by Class Counsel. The objection was filed on a Friday; the next Wednesday (October 3), Class Counsel filed motions to modify the discovery procedures and timelines under the Federal Rules of Civil Procedure in order to serve written discovery on and take the depositions of the objectors, including Vitela. *See In re: Chinese-Manufactured Drywall Prod. Liab. Litig.*, In the United States District Court, Eastern District of Louisiana, Case No. 2:09-md-02047-EEF-JCW ("Chinese Drywall MDL"), Doc. No. 15875. The following day, October 4, Class Counsel noticed the depositions of Vitela and the other objectors. *See* Chinese Drywall MDL, Doc. Nos. 15891, 15892.

In an effort to avoid unnecessary court involvement in discovery issues, Objector's counsel wrote Class Counsel on October 9 and confirmed objectors' agreement to "reasonable discovery," including the depositions of the objectors in Corpus Christi. *See* Ex. A, Bandas Letter to Levin and Davis, Oct. 9, 2012. Vitela served his written discovery responses on Class Counsel on October 18. *See* Chinese Drywall MDL, Doc. No. 15961. Despite his cooperation and his attorney's agreement that he would appear for deposition in Corpus Christi, however, Class Counsel attempted to serve Vitela with process at his home, needlessly upsetting his family.

Exhausted and intimidated by the aggressiveness of Class Counsel and the time demands of complying with the their exhaustive discovery requests, Vitela requested that he be dismissed from the case and, on October 24 and 25, 2012, motions to withdraw his and his company's objection were filed. *See* Ex. B, Ernest Vitela's Motion to Dismiss Objection, Oct. 24, 2012; Ex. C, E and E Construction's Motion to Dismiss Objection, Oct. 25, 2012. The motions to withdraw explained that Vitela was not paid any compensation for the withdrawal of the objection. *Id.* (Neither Class Counsel nor the defendants have never controverted the fact that Vitela was not compensated for withdrawing his objection.) The same day, after Vitela had already filed his motion to dismiss, Class Counsel moved for sanctions against Vitela and the other objectors. *See* Chinese Drywall MDL, Doc. No. 15982.

Rule 23(e)(5) requires court approval of the withdrawal of an objection to a proposed class action settlement. One of the factors courts must consider in weighing the fairness of a proposed class action settlement is the degree of opposition to the settlement. *See, e.g., Reed v. General Motors Corp.*, 703 F.2d 170, 172 (5th Cir. 1983) (noting that courts must consider the opinions of "absent class members" in reviewing a proposed settlement).

The main reason behind Rule 23(e)(5)'s requirement of court approval to withdraw an objection is so that the proponents of the settlement do not settle objections prior to the fairness hearing and then represent that there is no opposition to the settlement without the District Court being aware of the circumstances of the settlements of those objections.  *See, e.g., Manual for Complex Litigation*, *Fourth*, § 21.643 ("If the objector simply abandons pursuit of the objection, the judge should inquire into the circumstances, asking the parties and the objector to identify any benefit conveyed or promised to the objector or objector's counsel in connection with the withdrawal.").   In this case, no benefit was paid or promised to Vitela in return for the withdrawal of his objection.  The requirements of  Rule 23(e)(5) have been satisfied. There is no deeper inquiry justified by the Rule itself, its comments, or attendant case law. The suggestion that there is more is simply an invention of Class Counsel.

On November 8, 2012, Class Counsel resumed the depositions of the remaining objectors in the case, Ronnie Garcia and Saul Soto.  Prior to the depositions, Judge Fallon ruled that counsel defending the witnesses at their depositions could not instruct the witnesses not to answer questions except on privilege grounds.  *See* Chinese Drywall MDL, Doc. No. 16122. The Court could not have anticipated that Class Counsel would take advantage of this ruling and subject Garcia and Soto to outrageously abusive questioning, knowing that their lawyer was rendered powerless to instruct them not to answer these questions as would otherwise be permitted under Rule 30(c)(2) and Rule 30(d)(3)(A).  Class Counsel's conduct was so beyond the pale that Garcia and Soto have moved for sanctions, citing examples of Class Counsel's highly abusive questioning.  *See* Chinese Drywall MDL, Doc. No. 16256.  Class Counsel has even baselessly and recklessly accused Bandas of criminal conduct, including extortion and barratry.  *See id.* at 5; *see also* Chinese Drywall MDL, Doc. No. 16257.

Class Counsel agree that the Vitela and E and E objections should be dismissed; however, Class Counsel wish to depose Vitela even though the fairness hearing concluded November 14, 2012.  On November 19, 2012, Vitela was served with a subpoena to appear at a deposition on November 26, 2012, and to produce documents.  *See* Ex. D.

Vitela is simply a contractor who objected to a proposed drywall class action settlement then later moved to withdraw his objection as permitted by Federal Rule of Civil Procedure 23(e)(5).  Even though Vitela withdrew his objection and the fairness hearing for the proposed settlement has already taken place, Class Counsel continue to unreasonably harass and burden Vitela by seeking his deposition as part of their crusade against Bandas, Vitela's lawyer.  Bandas has represented objectors in numerous class action settlements in the last several years, and experienced objector's counsel like Bandas are anathema to class action lawyers because objector's counsel subject unfair and faulty class action settlements to scrutiny when no one else will.  *See In re Trans Union Corp. Privacy Litig.*, 629 F.3d 741, 743 (7th Cir. 2011) (Posner, J.) (recognizing the important role of objectors "in preventing cozy deals that favor class lawyers and defendants at the expense of class members").  Vitela can provide absolutely no testimony relevant to a fairness hearing that has already occurred, and he should not be subjected to harassment by Class Counsel simply to punish him for having retained an experienced lawyer to handle his objection.

The subpoena to Vitela should be quashed; in the alternative, the subpoena should be modified and limited to protect Vitela from harassment and undue burden.

## 2.    Argument

Because Vitela has abandoned his objection, discovery from him should be viewed through the lens of the rules that apply to discovery from any unnamed class member.  Discovery

from unnamed class members is discouraged, and generally is allowed only upon a showing of relevance, necessity and good faith. In Vitela's case, Class Counsel can show none of these. Vitela is a former objector who voluntarily withdrew his objection, and the fairness hearing has already occurred. Vitela's testimony cannot possibly be relevant or necessary to the proposed class action settlement, and Class Counsel's lack of good faith is shown by the plainly irrelevant document request attached to the subpoena and Class Counsel's misconduct in previous depositions.

Objectors are unnamed class members, and discovery of absent class members is inconsistent with Rule 23's purposes and should be only rarely permitted. *See, e.g., Cox v. American Cast Iron Pipe Co.*, 784 F.2d 1546, 1556-56 (11th Cir. 1986). "Courts have allowed discovery to be taken from unnamed class members . . . when the information requested is relevant to the decision of common questions, the discovery is tendered in good faith and not unduly burdensome or harassing, the discovery does not require expert, technical or legal assistance to respond, and is not available from the representative parties." *Boynton v. Headwaters, Inc.*, 2009 WL 3103161, No. 1-02-111-JPM-egb, at *1 (W.D. Tenn. Jan. 30, 2009). Specifically with respect to objectors with ***pending*** objections, courts have questioned the need for depositions. *Cf. Trombley v. Bank of America Corp.*, 2011 WL 3740488, Civ. No. 08-cv-456-JD, at *5 (D.R.I. Aug. 24, 2011) (declining to order depositions and discovery of objectors). For example, in *Corpac v. Rubin & Rothman, LLC*, 2012 WL 2923514, No. 10-CV-4165, at *2 (E.D.N.Y. Jul. 18, 2012), the court denied class counsel's request to depose the objector, reasoning that the Federal Rules of Civil Procedure require a "strong showing" of need to depose an absent class member, and that such a showing was absent where the bases for the objector's objections were clear and either matters of statutory interpretation or based on information

already within class counsel's knowledge. Vitela withdrew his objection, making deposing him even more improper.

In this case, the subpoena to Vitela is purely for harassment. The stated purpose of Vitela's deposition is "to ensure compliance with Fed.R.Civ.P. 23(e)(3) that no improper side-agreements exist in this litigation." *See* Chinese Drywall MDL, Doc. No. 15981, at 11 & n.24. This purpose is spurious, however, because Vitela already confirmed that he did not receive any compensation for withdrawing the objection, *see* Exs. B, C, and no party (including Class Counsel) has alleged that the averment is false and Vitela actually was paid to withdraw his objection. In fact, two other objectors represented by Bandas have maintained their objections to the settlement through the fairness hearing, so any "side deal" with Vitela to withdraw ***his*** objection would be nonsensical.

The document request attached as Exhibit "A" to the subpoena is similarly inapposite, including for example requests for documents that Vitela "intend[s] to offer or admit at the fairness hearing" and "affidavits [he] intend[s] to submit at the fairness hearing," Ex. D, when the subpoena was not issued until November 15, after the fairness hearing was already concluded. Request Nos. 6 and 8 are also objectionably vague, burdensome and overly broad because they ask Vitela to produce all invoices for the purchase or resale of "Chinese Drywall," and the definition of "Chinese Drywall" in the class action settlement includes drywall whose origin is not ascertainable. Vitela should not be required to produce all invoices for drywall he has purchased whose origin he cannot ascertain.

Based on the depositions Class Counsel conducted of the two remaining objectors, Vitela anticipates that Class Counsel really intends the deposition as an inquisition about Vitela's lawyer, Bandas, and allegations that Bandas is a "professional" objector's counsel who files

meritless objections. These allegations are inflammatory and misleading;[1] they also fail to establish any relevance or need for Vitela's deposition.

For example, Class Counsel improperly used previous depositions to intimidate the objectors with threatened Rule 11 sanctions, despite Class Counsel's knowledge that Rule 11 sanctions cannot be awarded against the objectors or withdrawing objectors because, among other reasons, Class Counsel has never complied with Rule 11(c)(2)'s safe-harbor provision. Nor can 28 U.S.C. § 1927 support sanctions against Vitela because none of the proceedings in the Chinese Drywall class action were "multiplied" by virtue of Vitela's participation in the objection—exactly the same objections were maintained by the two remaining objectors, and the discovery proceedings related to Vitela have all been driven by **Class Counsel**, not Vitela. There is no basis for Class Counsel to assert that Vitela may be subject to sanctions as a result of the objection he voluntarily moved to withdraw, and his deposition is not necessary or relevant to a sanctions motion.

Similarly, it is not appropriate for Class Counsel to use Vitela's deposition simply to attack Bandas, Vitela's counsel. "[A]ccusations of wrongdoing against witnesses and attorneys have no place in a deposition." *Ethicon Endo-Surgery v. U.S. Surgical Corp.*, 160 F.R.D. 98, 99 (S.D. Ohio 1995). Bandas's representation of objectors in other class actions "has no greater bearing on the merits of the objection raised [in this class action] than a plaintiff's counsel's experience in filing class actions speaks to the merits of claims he brings." *True v. American Honda Motor Co.*, 749 F. Supp. 2d. 1052, 1079 (C.D. Cal. 2010). Vitela withdrew his objection and the fairness hearing is over. Deposition questions that relate to Bandas or other class action

---

[1] One of Bandas's clients very recently prevailed in a class action appealed to the Ninth Circuit, *Dennis v. Kellogg Co.*, --- F.3d ---, 2012 WL 3800230 (9th Cir. Sept. 4, 2012). The Ninth Circuit plainly disagrees that Bandas's clients pursue meritless objections.

settlements would serve no purpose: Vitela's answers to such questions will not assist the court to decide whether to dismiss Vitela's objection or approve the proposed settlement.

Rule 45(c)(1) provides that the issuing court must enforce the duty of a party or attorney who issues a subpoena to protect witnesses from undue burden or expense. Rule 45(c)(3) further provides that the issuing court must quash or modify a subpoena that subjects a person to undue burden. Vitela is simply a local contractor who objected to the Chinese Drywall settlement for himself and his company and then decided to withdraw his objection. There is no valid reason for his deposition to proceed. The subpoena dated November 15, 2012, should be quashed in its entirety.

**3.      In the Alternative, the Subpoena Should Be Modified**

Rule 45(c)(3) also permits the Court to modify a subpoena to protect a witness from undue burden. In the event the Court declines to quash the subpoena in its entirety, Vitela respectfully requests the Court to modify the subpoena by ordering that the deposition shall be limited in the following ways: (1) the deposition shall not last longer than one hour; (2) for withdrawn objections, no questions about the factual basis for the objection since the objection is abandoned; (3) no harassing questions of the witness about his thoughts, feelings, or opinions regarding his counsel in this case, or any other case in which his counsel has appeared; (4) limited to only relevant topics, such as whether Vitela received any compensation from any source for withdrawing his objection. Class Counsel should not be given a license to harass Vitela nor to fish for irrelevant information.

WHEREFORE, PREMISES CONSIDERED, Nonparty Witness Ernest Vitela, individually and as representative of E and E Construction, requests the Court to quash the

subpoena dated November 15, 2012, issued by Class Counsel, and for any other relief to which

he may be entitled.

Dated:  November 23, 2012

Respectfully submitted,

By:        /s/ Christopher A. Bandas
Christopher A. Bandas
State Bar No. 00787637
Southern Bar No. 17509
BANDAS LAW FIRM, P.C.
500 North Shoreline Blvd., Suite 1020
Corpus Christi, Texas 78401-0353
T:  (361) 698-5200
F:  (361) 698-5222

R. Joshua Koch, Jr.
State Bar No. 2492
Koch & Schmidt, LLC
650 Poydras St., Suite 2415
New Orleans, LA 70130
T: (504) 208-9040
F: (504) 208-9041

Counsel for Movants Ernest Vitela, and E and E
Construction Co.

CERTIFICATE OF CONFERENCE

I hereby certify this motion is opposed.  I have repeatedly implored Class Counsel to

discontinue their efforts to depose the withdrawing objectors, including Mr. Vitela.

/s/ Christopher A. Bandas
Christopher A. Bandas

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that on the 23rd day of November, 2012 a true and correct copy of the above and foregoing was served on the following as indicated below.

Arnold Levin
Levin, Fishein, Sedran & Berman
510 Walnut Street, Ste. 500
Philadelphia, PA 19106
Plaintiffs' Lead Counsel

Leonard A. Davis
Russ M. Herman
Herman, Herman & Katz, LLP
820 O'Keefe Avenue
New Orleans, LA 70013
Defendants' Counsel

_____/s/ Christopher A. Bandas_____
Christopher A. Bandas

# BANDAS LAW FIRM, P.C.
### Attorneys at Law

CHRISTOPHER A. BANDAS

500 N. Shoreline, Suite 1020
Corpus Christi, Texas 78401
(361) 698-5200 Office
(361) 698-5222 Fax

October 9, 2012

Arnold Levin
Levin, Fishein, Sedran & Berman
510 Walnut Street, Ste. 500
Philadelphia, PA 19106

Leonard A. Davis
Russ M. Herman
Herman, Herman & Katz, LLP
820 O'Keefe Avenue
New Orleans, LA 70013

Re:    MDL No. 2047; *In Re: Chinese-Manufactured Drywall Products Liability Litigation*

Dear Counsel:

I will be out of the country on a trip that has been scheduled for many months between and including October 19, 2012 and October 28, 2012.   Other than a modest request to accommodate this trip, we will agree to conduct reasonable discovery, including depositions of objectors.

Objectors will agree to serve their objections, responses and/or answers to the written discovery within 15 days of service of same so long as the due date of such matters does not occur during the period Objectors' counsel is out of the country or within three business days thereafter.   Moreover, if class counsel will serve its written discovery by October 10, 2012, Objectors will provide their objections, responses and/or answers to the written discovery earlier than 15 days, or on or before October 18, 2012.   Objectors will be offered for deposition in Corpus Christi, Texas on a single day on either October 16, 17 or 18, 2012.

In light of this request, please let me know as soon as possible if we can avoid taking up the Court's time on this matter.

Sincerely,

Christopher A. Bandas

CAB/mv

```
***************************
*** FAX MULTI TX REPORT ***
***************************

JOB NO.              1840
DEPT. ID             1234
PGS.                 2
TX IMCOMPLETE        -----
TRANSACTION OK       12155924663
                     15045616024
ERROR                -----
```



# BANDAS

LAW FIRM, P.C.

**500 North Shoreline, Suite 1020**
**Corpus Christi, Texas 78401-0353**
**Telephone 361-698-5200**
**Facsimile 361-698-5222**



| To: | Mr. Arnold Levin | Fax: | 215-592-4663 |
|---|---|---|---|
| | Mr. Leonard A. Davis | | 504-561-6024 |
| From: | Christopher A. Bandas | Page(s): | 2 (including cover page) |
| RE: | MDL NO. 2047; In Re: Chinese-Manufactured Drywall Products Liability Litigation | Date: | October 9, 2012 |
| Operator: | Margot | | |

**MESSAGE:**

**Please see attached.**



# BANDAS

LAW FIRM, P.C.

**500 North Shoreline, Suite 1020**
**Corpus Christi, Texas 78401-0353**
**Telephone 361-698-5200**
**Facsimile 361-698-5222**



| To: | Mr. Arnold Levin | Fax: | 215-592-4663 |
|---|---|---|---|
| | Mr. Leonard A. Davis | | 504-561-6024 |
| From: | Christopher A. Bandas | Page(s): | 2  (including cover page) |
| RE: | MDL NO. 2047; In Re: Chinese-Manufactured Drywall Products Liability Litigation | Date: | October 9, 2012 |
| Operator: | Margot | | |

**MESSAGE:**

**Please see attached.**

This information contained in this facsimile is attorney privilege and confidential information intended only for the use of the individual or the entity named above.  If the reader of this message is not the intended recipient, or an agent or employee thereof, you are hereby notified to that the dissemination, distribution or copying of this communication is strictly prohibited.  If you have received this communication in error, please notify the sender immediately.

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

IN RE: CHINESE-MANUFACTURED
DRYWALL PRODUCTS LIABILITY
LITIGATION

MDL NO. 2047

SECTION: L

JUDGE FALLON

MAG. JUDGE WILKINSON

_____

THIS DOCUMENTS RELATES TO:
ALL CASES AND

*Payton, et. al. v. Knauf Gips, KG, et. al.*
Case No. 2:09-cv-07628 (E.D. La.)

*Wiltz, et. al. v. Beijing New Building Materials
Public Limited Co., et. al.*
Case No. 1:09-cv-00361 (E.D. La.)

*Gross, et. al. v. Knauf Gips, KG, et. al.*
Case No. 2:09-cv-06690 (E.D. La.)

*Rogers, et. al. v. Knauf Gips, KG, et. al.*
Case No. 2:10-cv-00362 (E.D. La.)

*Amato, et. al. v. Liberty Mutual Ins. Co., et. al.*
Case No. 2:10-cv-00932

*Hernandez, et. al. v. AAA Insurance, et. al.*
Case No. 2:10-cv-3070 (E.D. La.)

*Abel, et. al. v. Taishan Gypsum Co. Ltd., f/k/a
Shandong Taihe Dongxin Co., Ltd., et. al.*
Case No. 2:11-cv-00080 (E.D. La.)

*Abreu, et. al. v. Gebrueder Knauf
Verwaltungsgesellschaft, KG, et. al.*
Case No. 2:110cv000252 (E.D. La.)

*Haya, et. al. v. Taishan Gypsum Co., Ltd.,
f/k/a Shandong Taihe Dongxin Co., Ltd., et. al.*
Case No. 2:11-cv-01077 (E.D. La.)

*Vikers, et. al. v. Knauf Gips KG, et. al.*
Case No. 2:09-cv-04117 (E.D. La.)

## ERNEST VITELA'S MOTION TO DISMISS OBJECTION

Objector, by his undersigned counsel of record, submits this motion to dismiss, with

prejudice, pursuant to Federal Rule of Civil Procedure 23(e)(5).

Ernest Vitela wishes to dismiss his objection in the above-captioned case. This request is

made for personal reasons. Mr. Vitela has not received any compensation of any kind in return

for this dismissal.

This request shall not affect the objections of Saul Soto, SHS Construction, Ronnie

Garcia and Bay Area Contracting & Construction, Inc.

Dated: October 24, 2012

Respectfully submitted,


By:         /s/ Christopher A. Bandas
            Christopher A. Bandas
            State Bar No. 00787637
            Southern Bar No. 17509
            BANDAS LAW FIRM, P.C.
            500 North Shoreline Blvd., Suite 1020
            Corpus Christi, Texas 78401-0353
            T: (361) 698-5200
            F: (361) 698-5222

            R. Joshua Koch, Jr.
            State Bar No. 2492
            Koch & Schmidt, LLC
            650 Poydras St., Suite 2415
            New Orleans, LA 70130
            T: (504) 208-9040
            F: (504) 208-9041

            Counsel for Objectors Saul Soto, SHS Construction;
            Ronnie Garcia, Bay Area Contracting Construction,
            Inc. and Ernest Vitela, E and E Construction Co.

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: CHINESE-MANUFACTURED DRYWALL PRODUCTS LIABILITY LITIGATION | MDL NO. 2047 |
| | SECTION: L |
| ———————————————— | JUDGE FALLON |
| THIS DOCUMENTS RELATES TO: ALL CASES AND | |
| | MAG. JUDGE WILKINSON |

*Payton, et. al. v. Knauf Gips, KG, et. al.*
Case No. 2:09-cv-07628 (E.D. La.)

*Wiltz, et. al. v. Beijing New Building Materials Public Limited Co., et. al.*
Case No. 1:09-cv-00361 (E.D. La.)

*Gross, et. al. v. Knauf Gips, KG, et. al.*
Case No. 2:09-cv-06690 (E.D. La.)

*Rogers, et. al. v. Knauf Gips, KG, et. al.*
Case No. 2:10-cv-00362 (E.D. La.)

*Amato, et. al. v. Liberty Mutual Ins. Co., et. al.*
Case No. 2:10-cv-00932

*Hernandez, et. al. v. AAA Insurance, et. al.*
Case No. 2:10-cv-3070 (E.D. La.)

*Abel, et. al. v. Taishan Gypsum Co. Ltd., f/k/a Shandong Taihe Dongxin Co., Ltd., et. al.*
Case No. 2:11-cv-00080 (E.D. La.)

*Abreu, et. al. v. Gebrueder Knauf Verwaltungsgesellschaft, KG, et. al.*
Case No. 2:110cv000252 (E.D. La.)

*Haya, et. al. v. Taishan Gypsum Co., Ltd., f/k/a Shandong Taihe Dongxin Co., Ltd., et. al.*
Case No. 2:11-cv-01077 (E.D. La.)

*Vikers, et. al. v. Knauf Gips KG, et. al.*
Case No. 2:09-cv-04117 (E.D. La.)

## MEMORANDUM IN SUPPORT

Rule 23(e) of the Federal Rules of Civil Procedure provides, in pertinent part, as follows:

     Any class member may object to the proposal if it requires court approval under this subdivision (e); the objection may be withdrawn only with the court's approval.

     Ernest Vitela no longer wishes to pursue his objection and respectfully requests that his motion to dismiss be granted.

Dated:  October 24, 2012

                           Respectfully submitted,

                  By:       /s/ Christopher A. Bandas
                        Christopher A. Bandas
                        State Bar No. 00787637
                        Southern Bar No. 17509
                        BANDAS LAW FIRM, P.C.
                        500 North Shoreline Blvd., Suite 1020
                        Corpus Christi, Texas 78401-0353
                        T:  (361) 698-5200
                        F:  (361) 698-5222

                        R. Joshua Koch, Jr.
                        State Bar No. 2492
                        Koch & Schmidt, LLC
                        650 Poydras St., Suite 2415
                        New Orleans, LA 70130
                        T: (504) 208-9040
                        F: (504) 208-9041

                        Counsel for Objectors Saul Soto, SHS Construction;
                        Ronnie Garcia, Bay Area Contracting Construction,
                        Inc. and Ernest Vitela, E and E Construction Co.

CERTIFICATE OF SERVICE

I hereby certify that on the 24th day of October 2012 a true and correct copy of the above

and foregoing was served on the following via the Court's CM/ECF system.

Arnold Levin
Levin, Fishein, Sedran & Berman
510 Walnut Street, Ste. 500
Philadelphia, PA 19106
Plaintiffs' Lead Counsel

Leonard A. Davis
Russ M. Herman
Herman, Herman & Katz, LLP
820 O'Keefe Avenue
New Orleans, LA 70013
Defendants' Counsel

/s/ Christopher A. Bandas
Christopher A. Bandas

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: CHINESE-MANUFACTURED DRYWALL PRODUCTS LIABILITY LITIGATION | MDL NO. 2047 |
| | SECTION: L |
| | |
| _____ | JUDGE FALLON |
| THIS DOCUMENTS RELATES TO: ALL CASES AND | MAG. JUDGE WILKINSON |

*Payton, et. al. v. Knauf Gips, KG, et. al.*
Case No. 2:09-cv-07628 (E.D. La.)

*Wiltz, et. al. v. Beijing New Building Materials Public Limited Co., et. al.*
Case No. 1:09-cv-00361 (E.D. La.)

*Gross, et. al. v. Knauf Gips, KG, et. al.*
Case No. 2:09-cv-06690 (E.D. La.)

*Rogers, et. al. v. Knauf Gips, KG, et. al.*
Case No. 2:10-cv-00362 (E.D. La.)

*Amato, et. al. v. Liberty Mutual Ins. Co., et. al.*
Case No. 2:10-cv-00932

*Hernandez, et. al. v. AAA Insurance, et. al.*
Case No. 2:10-cv-3070 (E.D. La.)

*Abel, et. al. v. Taishan Gypsum Co. Ltd., f/k/a Shandong Taihe Dongxin Co., Ltd., et. al.*
Case No. 2:11-cv-00080 (E.D. La.)

*Abreu, et. al. v. Gebrueder Knauf Verwaltungsgesellschaft, KG, et. al.*
Case No. 2:110cv000252 (E.D. La.)

*Haya, et. al. v. Taishan Gypsum Co., Ltd., f/k/a Shandong Taihe Dongxin Co., Ltd., et. al.*
Case No. 2:11-cv-01077 (E.D. La.)

*Vikers, et. al. v. Knauf Gips KG, et. al.*
Case No. 2:09-cv-04117 (E.D. La.)

**ERNEST VITELA'S NOTICE OF SUBMISSION OF MOTION TO DISMISS OBJECTION**

Objector, by his undersigned counsel of record, submits this motion to dismiss, with prejudice, pursuant to Federal Rule of Civil Procedure 23(e)(5).  Ernest Vitela's Motion to Dismiss and Proposed Order, filed herewith, shall be submitted for decision in front of the Honorable, Judge Eldon E. Fallon of the United States District Court, Eastern District of Louisiana or at such time as set by the Court.

Dated:  October 24, 2012

Respectfully submitted,


By:  _____/s/ Christopher A. Bandas_____
Christopher A. Bandas
State Bar No. 00787637
Southern Bar No. 17509
BANDAS LAW FIRM, P.C.
500 North Shoreline Blvd., Suite 1020
Corpus Christi, Texas 78401-0353
T:  (361) 698-5200
F:  (361) 698-5222

R. Joshua Koch, Jr.
State Bar No. 2492
Koch & Schmidt, LLC
650 Poydras St., Suite 2415
New Orleans, LA 70130
T: (504) 208-9040
F: (504) 208-9041

Counsel for Objectors Saul Soto, SHS Construction;
Ronnie Garcia, Bay Area Contracting Construction,
Inc. and Ernest Vitela, E and E Construction Co.

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that on the 24th day of October 2012 a true and correct copy of the above

and foregoing was served on the following via the Court's CM/ECF system.

Arnold Levin
Levin, Fishein, Sedran & Berman
510 Walnut Street, Ste. 500
Philadelphia, PA 19106
Plaintiffs' Lead Counsel

Leonard A. Davis
Russ M. Herman
Herman, Herman & Katz, LLP
820 O'Keefe Avenue
New Orleans, LA 70013
Defendants' Counsel

                  /s/ Christopher A. Bandas
                  Christopher A. Bandas

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: CHINESE-MANUFACTURED DRYWALL PRODUCTS LIABILITY LITIGATION | MDL NO. 2047 |
| | SECTION: L |
| | JUDGE FALLON |
| THIS DOCUMENTS RELATES TO: ALL CASES AND | MAG. JUDGE WILKINSON |

*Payton, et. al. v. Knauf Gips, KG, et. al.*
Case No. 2:09-cv-07628 (E.D. La.)

*Wiltz, et. al. v. Beijing New Building Materials Public Limited Co., et. al.*
Case No. 1:09-cv-00361 (E.D. La.)

*Gross, et. al. v. Knauf Gips, KG, et. al.*
Case No. 2:09-cv-06690 (E.D. La.)

*Rogers, et. al. v. Knauf Gips, KG, et. al.*
Case No. 2:10-cv-00362 (E.D. La.)

*Amato, et. al. v. Liberty Mutual Ins. Co., et. al.*
Case No. 2:10-cv-00932

*Hernandez, et. al. v. AAA Insurance, et. al.*
Case No. 2:10-cv-3070 (E.D. La.)

*Abel, et. al. v. Taishan Gypsum Co. Ltd., f/k/a Shandong Taihe Dongxin Co., Ltd., et. al.*
Case No. 2:11-cv-00080 (E.D. La.)

*Abreu, et. al. v. Gebrueder Knauf Verwaltungsgesellschaft, KG, et. al.*
Case No. 2:110cv000252 (E.D. La.)

*Haya, et. al. v. Taishan Gypsum Co., Ltd., f/k/a Shandong Taihe Dongxin Co., Ltd., et. al.*
Case No. 2:11-cv-01077 (E.D. La.)

*Vikers, et. al. v. Knauf Gips KG, et. al.*
Case No. 2:09-cv-04117 (E.D. La.)

## **ORDER**

Considering the Motion and other supporting evidence deemed necessary, the COURT will GRANT Ernest Vitela's Motion to Dismiss Objection.

IT IS ORDERED that Objector Ernest Vitela's objection be dismissed with prejudice.

IT IS FURTHER ORDERED, that this dismissal shall not affect the objections of Saul Soto, SHS Construction, Ronnie Garcia and Bay Area Contracting & Construction, Inc.

Dated this the _____ day of October 2012.

_____
JUDGE PRESIDING

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: CHINESE-MANUFACTURED DRYWALL PRODUCTS LIABILITY LITIGATION | MDL NO. 2047 |
| | SECTION: L |
| ——————————————— | JUDGE FALLON |
| THIS DOCUMENTS RELATES TO: ALL CASES AND | MAG. JUDGE WILKINSON |

*Payton, et. al. v. Knauf Gips, KG, et. al.*
Case No. 2:09-cv-07628 (E.D. La.)

*Wiltz, et. al. v. Beijing New Building Materials
Public Limited Co., et. al.*
Case No. 1:09-cv-00361 (E.D. La.)

*Gross, et. al. v. Knauf Gips, KG, et. al.*
Case No. 2:09-cv-06690 (E.D. La.)

*Rogers, et. al. v. Knauf Gips, KG, et. al.*
Case No. 2:10-cv-00362 (E.D. La.)

*Amato, et. al. v. Liberty Mutual Ins. Co., et. al.*
Case No. 2:10-cv-00932

*Hernandez, et. al. v. AAA Insurance, et. al.*
Case No. 2:10-cv-3070 (E.D. La.)

*Abel, et. al. v. Taishan Gypsum Co. Ltd., f/k/a
Shandong Taihe Dongxin Co., Ltd., et. al.*
Case No. 2:11-cv-00080 (E.D. La.)

*Abreu, et. al. v. Gebrueder Knauf
Verwaltungsgesellschaft, KG, et. al.*
Case No. 2:110cv000252 (E.D. La.)

*Haya, et. al. v. Taishan Gypsum Co., Ltd.,
f/k/a Shandong Taihe Dongxin Co., Ltd., et. al.*
Case No. 2:11-cv-01077 (E.D. La.)

*Vikers, et. al. v. Knauf Gips KG, et. al.*
Case No. 2:09-cv-04117 (E.D. La.)

1

## E AND E CONSTRUCTION'S MOTION TO DISMISS OBJECTION

Objector, by its undersigned counsel of record, submits this motion to dismiss, with prejudice, pursuant to Federal Rule of Civil Procedure 23(e)(5).

E and E Construction, owned by Ernest Vitela, wishes to dismiss said objection in the above-captioned case. This request is made for personal reasons. E and E Construction has not received any compensation of any kind in return for this dismissal.

This request shall not affect the objections of Saul Soto, SHS Construction, Ronnie Garcia and Bay Area Contracting & Construction, Inc.

Dated: October 25, 2012

Respectfully submitted,


By: _____/s/ Christopher A. Bandas_____
Christopher A. Bandas
State Bar No. 00787637
Southern Bar No. 17509
BANDAS LAW FIRM, P.C.
500 North Shoreline Blvd., Suite 1020
Corpus Christi, Texas 78401-0353
T: (361) 698-5200
F: (361) 698-5222

R. Joshua Koch, Jr.
State Bar No. 2492
Koch & Schmidt, LLC
650 Poydras St., Suite 2415
New Orleans, LA 70130
T: (504) 208-9040
F: (504) 208-9041

Counsel for Objectors Saul Soto, SHS Construction;
Ronnie Garcia, Bay Area Contracting Construction,
Inc. and E and E Construction Co.

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: CHINESE-MANUFACTURED DRYWALL PRODUCTS LIABILITY LITIGATION | MDL NO. 2047<br><br>SECTION: L<br><br>JUDGE FALLON<br><br>MAG. JUDGE WILKINSON |
| THIS DOCUMENTS RELATES TO: ALL CASES AND | |
| *Payton, et. al. v. Knauf Gips, KG, et. al.*<br>Case No. 2:09-cv-07628 (E.D. La.) | |
| *Wiltz, et. al. v. Beijing New Building Materials Public Limited Co., et. al.*<br>Case No. 1:09-cv-00361 (E.D. La.) | |
| *Gross, et. al. v. Knauf Gips, KG, et. al.*<br>Case No. 2:09-cv-06690 (E.D. La.) | |
| *Rogers, et. al. v. Knauf Gips, KG, et. al.*<br>Case No. 2:10-cv-00362 (E.D. La.) | |
| *Amato, et. al. v. Liberty Mutual Ins. Co., et. al.*<br>Case No. 2:10-cv-00932 | |
| *Hernandez, et. al. v. AAA Insurance, et. al.*<br>Case No. 2:10-cv-3070 (E.D. La.) | |
| *Abel, et. al. v. Taishan Gypsum Co. Ltd., f/k/a Shandong Taihe Dongxin Co., Ltd., et. al.*<br>Case No. 2:11-cv-00080 (E.D. La.) | |
| *Abreu, et. al. v. Gebrueder Knauf Verwaltungsgesellschaft, KG, et. al.*<br>Case No. 2:110cv000252 (E.D. La.) | |
| *Haya, et. al. v. Taishan Gypsum Co., Ltd., f/k/a Shandong Taihe Dongxin Co., Ltd., et. al.*<br>Case No. 2:11-cv-01077 (E.D. La.) | |
| *Vikers, et. al. v. Knauf Gips KG, et. al.*<br>Case No. 2:09-cv-04117 (E.D. La.) | |

## MEMORANDUM IN SUPPORT

Rule 23(e) of the Federal Rules of Civil Procedure provides, in pertinent part, as follows:

Any class member may object to the proposal if it requires court approval under this subdivision (e); the objection may be withdrawn only with the court's approval.

E and E Construction no longer wishes to pursue said objection and respectfully requests that E and E's motion to dismiss objection be granted.

Dated:  October 25, 2012

Respectfully submitted,

By: _____/s/ Christopher A. Bandas_____
Christopher A. Bandas
State Bar No. 00787637
Southern Bar No. 17509
BANDAS LAW FIRM, P.C.
500 North Shoreline Blvd., Suite 1020
Corpus Christi, Texas 78401-0353
T:  (361) 698-5200
F:  (361) 698-5222

R. Joshua Koch, Jr.
State Bar No. 2492
Koch & Schmidt, LLC
650 Poydras St., Suite 2415
New Orleans, LA 70130
T: (504) 208-9040
F: (504) 208-9041

Counsel for Objectors Saul Soto, SHS Construction;
Ronnie Garcia, Bay Area Contracting Construction,
Inc. and E and E Construction Co.

## CERTIFICATE OF SERVICE

I hereby certify that on the 25th day of October 2012 a true and correct copy of the above and foregoing was served on the following via the Court's CM/ECF system.

Arnold Levin
Levin, Fishein, Sedran & Berman
510 Walnut Street, Ste. 500
Philadelphia, PA 19106
Plaintiffs' Lead Counsel

Leonard A. Davis
Russ M. Herman
Herman, Herman & Katz, LLP
820 O'Keefe Avenue
New Orleans, LA 70013
Defendants' Counsel

 /s/ Christopher A. Bandas
Christopher A. Bandas

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| IN RE:  CHINESE-MANUFACTURED DRYWALL PRODUCTS LIABILITY LITIGATION | MDL NO. 2047 SECTION: L |

**THIS DOCUMENT RELATES TO:**
**ALL CASES AND**

*Payton, et al. v. Knauf Gips, KG, et al.*
**Case No. 2:09-cv-07628 (E.D. La.)**

*Gross, et al. v. Knauf Gips, KG, et al.*
**Case No. 2:09-cv-06690 (E.D. La.)**

*Rogers, et al. v. Knauf Gips, KG, et al.*
**Case No. 2:10-cv-00362 (E.D. La.)**

*Amato, et al. v. Liberty Mutual Ins. Co.*
**Case No. 2:10-cv-00932 (E.D. La.)**

*Abreu, et al. v. Gebrueder Knauf*
*Verwaltungsgesellschaft, KG, et al.*
**Case No. 2:11-cv-00252 (E.D. La.)**

*Block, et al. v. Gebrueder Knauf*
*Verwaltungsgesellschaft, KG, et al.*
**Case No. 11-cv-1363 (E.D. La.)**

*Arndt, et al. v. Gebrueder Knauf*
*Verwaltungsgesellschaft, KG, et al.*
**Case No. 11-cv-2349 (E.D. La.)**

*Cassidy, et al. v. Gebrueder Knauf*
*Verwaltungsgesellschaft, KG, et al.*
**Case No. 11-cv-3023 (E.D. La.)**

*Vickers, et al. v. Knauf Gips KG, et al.*
**Case No. 2:09-cv-04117 (E.D. La.)**

1

**<u>RE-NOTICE OF ORAL AND VIDEOTAPED DEPOSITION</u>**
**<u>OF ERNEST VITELA</u>**

TO:    ALL COUNSEL

**PLEASE TAKE NOTICE** that the Class Counsel in the MDL, will take the oral and/or videotaped deposition of **Ernest Vitela** on Monday, **November 26, 2012** beginning at **1:00 o'clock p.m. CT** at **Huseman Dodson & Hummell, 615 N. Upper Broadway, Suite 2000, Corpus Christi, TX 78401, PH: (361) 883-3563,** or at another location mutually agreed upon by the parties.

**If you are an attorney of record, please email <u>cdw@golkow.com</u> 48 hours prior to the deposition should you desire to participate by stream to view video/text so you may receive a username and password.**

| | |
|---|---|
| Primary Examiner: | Class Counsel or its designee |
| Videotaped Deposition: | Yes |
| Call-In Number: | **888-337-8218** |
| | **Participant Code:  769758** |

The deposition will be taken before a person authorized by law to administer oaths, pursuant to Fed. R. Civ. P. 28, and will continue from day-to-day, excluding Sundays and court-recognized holidays, until the examination is completed.

You are invited to attend and examine the witness if you so desire.

Class Counsel reserves the right to record the deposition stenographically, as well as by videotape, audiotape, and live note, and it will be transcribed.  The deposition is being taken for the purposes of discovery or for all other purposes as are permitted under the Federal Rules of Civil Procedure.

Pursuant to directives provided at the status conference on May 27, 2010, a brief explanation of the subject matter expected at this deposition is as follows.  This brief explanation is with full reservation of all rights by the noticing party and is not intended to limit in any way the scope of the deposition noticed herein.  Counsel should be aware that all matters may be discovered in the deposition beyond the following and that the following explanation is made solely in accordance with the directives provided at the status conference.  This is an MDL "common" deposition of a fact witness who has objected to at least one settlement.

Respectfully submitted,

Dated: November 19, 2012

/s/ Leonard A. Davis
Russ M. Herman, Esquire
Leonard A. Davis, Esquire
HERMAN, HERMAN & KATZ, L.L.C.
820 O'Keefe Avenue
New Orleans, Louisiana 70113
Phone: (504) 581-4892
Fax: (504) 561-6024
Ldavis@hhklawfirm.com
*Plaintiffs' Class Counsel*
*MDL 2047*

Arnold Levin, Esquire
Fred S. Longer, Esquire
Sandra Duggan, Esquire
Matthew Gaughan, Esq.
Levin, Fishbein, Sedran & Berman
510 Walnut Street, Suite 500
Philadelphia, PA 19106
215-592-1500 (phone)
215-592-4663 (fax)
Alevin@lfsblaw.com
*Plaintiffs' Class Counsel*
*MDL 2047*

### CERTIFICATE OF SERVICE

I hereby certify that the above and foregoing Re-Notice of Oral and Videotaped Deposition has been served on Defendants' Liaison Counsel, Kerry Miller, by U.S. Mail and e-mail or by hand delivery and e-mail and upon all parties by electronically uploading the same to LexisNexis File & Serve in accordance with Pre-Trial Order No. 6, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2047, on this 19th day of November, 2012.

/s/ Leonard A. Davis
Leonard A. Davis
Herman, Herman & Katz, L.L.C.
820 O'Keefe Ave.
New Orleans, LA  70113
PH:  (504) 581-4892
Fax:  (504) 561-6024
ldavis@hhklawfirm.com

4

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF TEXAS

CORPUS CHRISTI DIVISION

IN RE: CHINESE-MANUFACTURED      MDL NO. 2047
DRYWALL PRODUCTS LIABILITY        (Eastern District of Louisiana)
LITIGATION

**ORDER GRANTING MOTION TO QUASH**

CAME ON to be heard the Motion To Quash or Modify Subpoena filed by Nonparty

Witness Ernest Vitela, individually and as representative of E and E Construction (collectively,

"Vitela"), and the Court, having considered the motion, the response (if any), and the arguments

of the parties, finds the motion has merit and should be GRANTED.  It is, therefore

ORDERED that the subpoena dated November 15, 2012, issued to Vitela is QUASHED

in its entirety.

DONE this ____ day of _____, 2012.


_____
UNITED STATES DISTRICT JUDGE