UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: CHINESE-MANUFACTURED DRYWALL PRODUCTS LIABILITY LITIGATION ) ) ) ) ) | CIVIL ACTION NO. 09-2047  JUDGE FALLON |
| This Document Relates to: ALL CASES | MAGISTRATE WILKINSON |

## INTERIOR EXTERIOR'S OBJECTIONS TO PLAINTIFFS' DEPOSITION EXCERPTS OF JAMES TOMPKINS

NOW INTO COURT, through undersigned counsel, come defendants, Interior Exterior Building Supply, L.P. ("Interior Exterior") who submits the following objections to Plaintiffs' depositions excerpts of James Tompkins for use at the bellwether trial, which were first submitted by Plaintiffs to the Court on November 21, 2012:

| | |
|---|---|
| **16:25 – 17:13** | Interior Exterior objects to this testimony as irrelevant and, alternatively, the probative value of this evidence is substantially outweighed by its unfair prejudice. |
| **26:25 – 27:7** | Interior Exterior objects to this testimony as hearsay.  Further, the testimony assumes facts not in evidence.  Counsel's paraphrasing of prior deposition testimony is improper. |
| **53:13 – 57:7** | Interior Exterior objects to this testimony as being vague and ambiguous. Further, the testimony is irrelevant and, alternatively, the probative value of this evidence is substantially outweighed by its unfair prejudice and confusion.  The question for the jury, as outlined by the Court, is whether the alleged unreasonable acts or omissions of Interior Exterior would have revealed the defect, not whether Interior Exterior failed to discover any "discoverable" defect no matter what the means. |
| **93:7-23** | Interior Exterior objects to this testimony as irrelevant or, alternatively, the probative value of this evidence is substantially outweighed by its unfair prejudice.  Moreover, these questions address ASTM standards that were stricken from evidence by the Court. |

1

| **101:6 – 105:14** | Interior Exterior objects to this testimony as hearsay, assumes facts not in evidence, and references evidence that was stricken by the Court. Further, the testimony is irrelevant or, alternatively, the probative value of this evidence is substantially outweighed by its unfair prejudice insofar as the transactions referenced in the emails were never completed. |
|---|---|
| **105:21 – 106:6** | Interior Exterior objects to this testimony as hearsay, assumes facts not in evidence, and references evidence that was stricken by the Court. Further, the testimony is irrelevant or, alternatively, the probative value of this evidence is substantially outweighed by its unfair prejudice insofar as the transactions referenced in the emails were never completed. |
| **107:5 – 108:7** | Interior Exterior objects to this testimony as hearsay, assumes facts not in evidence, and references evidence that was stricken by the Court. Further, the testimony is irrelevant or, alternatively, the probative value of this evidence is substantially outweighed by its unfair prejudice insofar as the transactions referenced in the emails were never completed. |
| **108:9 – 109:8** | Interior Exterior objects to this testimony as hearsay, assumes facts not in evidence, and references evidence that was stricken by the Court. Further, the testimony is irrelevant or, alternatively, the probative value of this evidence is substantially outweighed by its unfair prejudice insofar as the transactions referenced in the emails were never completed. |
| **109:9 – 107:23** | Interior Exterior objects to this testimony as hearsay, assumes facts not in evidence, and references evidence that was stricken by the Court. Further, the testimony is irrelevant or, alternatively, the probative value of this evidence is substantially outweighed by its unfair prejudice insofar as the transactions referenced in the emails were never completed. |
| **127:23 – 128:7** | Interior Exterior objects to this testimony as hearsay and assumes facts not in evidence. Counsel is testifying. |
| **131:4 – 133:6 134: 9-10** | Withdrawn by counsel. Moreover, Interior Exterior objects to this testimony as irrelevant. |

Respectfully submitted,

*Richard G. Duplantier, Jr.   /s/*
Richard G. Duplantier, Jr. (# 18874)
Lambert J. Hassinger, Jr. (# 21683)
Benjamin R. Grau (#26307)
Carlina C. Eiselen, (# 28524)
GALLOWAY, JOHNSON, TOMPKINS,
BURR & SMITH
701 Poydras Street, 40th Floor
New Orleans, Louisiana 70139
Telephone:  (504) 525-6802 / Fax:   (504) 525-2456
rduplantier@gjtbs.com /jhassinger@gjtbs.com
bgrau@gjtbs.com / ceiselen@gjtbs.com
*Counsel for Defendant, Interior Exterior Building Supply,*
*L.P. and Interior Exterior Enterprises, LLC*

**Certificate of Service**

The undersigned certifies that this document has been served on Plaintiffs' Liaison counsel Russ Herman and Defendants' Liaison Counsel Kerry Miller, by email and United States Mail, and upon all parties by electronically uploading the same to Lexis Nexis File & Serve in accordance with Pretrial Order No. 6, and that the foregoing was filed with the Clerk of Court for the United States District Court for the Eastern District of Louisiana by using the CM/ECF System which will send a notice of electronic filing in accord with the procedures established in MDL 2047, on the 24th day of November, 2012.

*Richard G. Duplantier, Jr.   /s/*
RICHARD G. DUPLANTIER, JR.

3