UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF TEXAS

CORPUS CHRISTI DIVISION

| | |
|---|---|
| IN RE: CHINESE-MANUFACTURED DRYWALL PRODUCTS LIABILITY LITIGATION | DOCKET NO. 2:12-mc-00573 MDL NO. 2047 (Eastern District of Louisiana) |

**NONPARTY WITNESS ERNEST VITELA'S REPLY IN SUPPORT OF HIS MOTION TO QUASH OR MODIFY SUBPOENA UNDER RULE 45**

Nonparty Witness Ernest Vitela, individually and as representative of E and E Construction (collectively, "Vitela"), files this Reply in Support of his Motion To Quash or Modify Subpoena.

**1.     Introduction**

The Global Class Settlement is a proposed class action settlement that will, *inter alia*, erase all known and unknown personal injury, survival and wrongful death claims of individuals exposed to toxic drywall and pay the attorneys an unprecedented up to 32% in attorneys' fees if approved. The only two objectors remaining in this Global Class Settlement are represented by Chris Bandas and his law firm; Ernest Vitela is not one of those objectors. The final fairness hearing took place almost two weeks ago on November 13, 2012. At that time, Judge Fallon ruled that he would keep briefing open for two weeks, until tomorrow, November 27, 2012.

Any testimony from Mr. Vitela will have no effect on the Global Class Settlement or the objections of the remaining two objectors. Class Counsel, in its exhaustive nine page response, does not even attempt to suggest how Mr. Vitela's testimony could affect the approval or disapproval of the Global Class Settlement. Mr. Vitela has irrevocably dismissed his objection due to Class Counsel's aggressiveness and he simply wishes to be left alone.

We simply ask the following from this Court:

To quash the deposition of Mr. Vitela unless and until there is a clearly articulated basis for what the relevant testimony from Mr. Vitela could possibly be and why. And, if his deposition is to be taken, to limit the questions to just those topics and to have the deposition take place at the Federal Courthouse in Corpus Christi so that if Class Counsel engages in the type of abusive behavior they engaged in the last depositions that the Court can be asked to intervene on Mr. Vitela's behalf.

## 2.    Judge Fallon Has Not Ruled on Vitela's Motion To Quash

Class Counsel states that Judge Fallon, who is presiding over the Chinese Drywall MDL, has already authorized Vitela's deposition and implies that the arguments in Vitela's Motion To Quash may therefore simply be ignored. This is untrue and misleading: Vitela had not been served at the time of the November 5 hearing, Vitela had not filed a motion to quash, and the Fairness Hearing was still eight days away. The court's statement on November 5 that witnesses should appear at depositions when validly served with a subpoena is consistent with Rule 45 and would apply to any witness, not just Vitela. Similarly, the court's November 7 order did not apply to Vitela, because he was not at the time of the order a "validly served deponent"—as Class Counsel concede. The court did not and could not rule on a motion to quash that had not been filed, and was not giving an advisory opinion on future subpoenas or motions to quash those subpoenas. It is simply untrue that "the MDL court has ordered that this deposition may go forward," as Class Counsel asserts.

Since the November 5 hearing and November 7 order, two important events happened. First, the depositions of the two remaining objectors, Mr. Soto and Mr. Garcia, were resumed by Class Counsel, and Class Counsel's questioning at those depositions made plain their purpose

was simply to harass, pressure and intimidate them. Second, the Fairness Hearing took place. While the record was left open for a limited time to allow post-hearing additions, the merits of the proposed settlement have been presented to the court for a ruling.

Class Counsel should not be permitted to short-circuit their burden of making a "strong showing" of need to depose Vitela, or addressing the arguments in Vitela's Motion To Quash.

**3.      Vitela's Deposition Is Unnecessary**

Class Counsel does not even attempt to argue that Vitela's testimony would have any bearing on the Global Settlement to which Vitela objected, then moved to withdraw his objection.  Vitela's deposition would have exactly the same impact on the settlement as depositions of the class members who did not object, or those who also objected and then withdrew their objections:  nil.  Further, Vitela has made exactly the same kind of certification regarding the withdrawal of his objection as other withdrawing objectors, that the withdrawal was made without any payment or other benefit, *cf.* Ex. A, Chinese Drywall MDL Doc. No. 16187, satisfying the purpose of Rule 23(e)(5).  Last, Class Counsel has never argued that Vitela's objection should ***not*** be dismissed—to the contrary, they have agreed that it should be dismissed.

That leaves Class Counsel to argue that Vitela's deposition is relevant to their pending motion for sanctions, and to launch yet another *ad hominem* attack at Vitela's counsel.  As explained in Vitela's motion, objectors' counsel are highly unpopular with class action lawyers and even some judges, and courts who provisionally approve settlements are sometimes disinclined to reconsider their position based on even meritorious class member objections.  It is false, however, that Vitela's counsel intentionally prosecutes meritless objections, and his recent success in *Dennis v. Kellogg Co.*, --- F.3d ---, 2012 WL 3800230 (9th Cir. Sept. 4, 2012),

demonstrates that he is both willing and capable to pursue a valid objection to the end. Following Class Counsel's logic, the Ninth Circuit in the *Kellogg* case should have looked only at the objections Vitela's lawyer has lost and decided the merits of the appeal based on those results, thus approving a legally defective class action settlement. Thankfully the Ninth Circuit looked at the merits and reached the correct result. That is all the remaining objectors in the Chinese Drywall MDL are asking as well.

Notably, Class Counsel decline to address why they believe they are entitled to sanctions against Vitela under the authorities cited in their motion—Federal Rule of Civil Procedure 11 and 28 U.S.C. § 1927— when it is undisputed Class Counsel did not comply with Rule 11(c)(2) (the "safe harbor" provision requiring a Rule 11 motion to be served 21 days before it is filed, and then only if the challenged paper is not withdrawn), and 28 U.S.C. § 1927 only applies to attorneys, not their clients. *See, e.g., Matta v. May*, 118 F.3d 410, 413-14 (5th Cir. 1997) ("Unlike Rule 11, § 1927 sanctions are, by the section's plain terms, imposed only on offending attorneys; clients may not be ordered to pay such awards."). There is ***no basis*** for sanctions against Vitela, as Class Counsel well knows. This argument is only the pretext for continuing to seek Vitela's deposition, and to continue to sling mud at Vitela's lawyer.

For example, Class Counsel falsely assert that "Mr. Bandas solicited persons without standing to object to the Global Settlement." Class Counsel's assertion that the objectors did not have standing is based on a bizarre argument that Home Depot, one of the defendants ***sued by Class Counsel for selling "Chinese Drywall*,**" who is part of the proposed settlement and would obtain a release from all class members, denies having actually sold any Chinese drywall and therefore no class members have standing to object to the settlement. The accusations are unfounded.

Class Counsel also accuse Vitela of forum shopping. In fact, Vitela filed his Motion To Quash simultaneously in this Court, where the subpoena was issued as required by Rule 45, and in the Chinese Drywall MDL, because that court could exercise jurisdiction under 28 U.S.C. § 1407. If Vitela were forum shopping, he would not have filed the motion in the Chinese Drywall MDL at the same time.

WHEREFORE, PREMISES CONSIDERED, Nonparty Witness Ernest Vitela, individually and as representative of E and E Construction, requests the Court to quash the subpoena dated November 15, 2012, issued by Class Counsel, and for any other relief to which he may be entitled.

Dated: November 26, 2012

Respectfully submitted,

By:      /s/ Christopher A. Bandas
          Christopher A. Bandas
          State Bar No. 00787637
          Southern Bar No. 17509
          BANDAS LAW FIRM, P.C.
          500 North Shoreline Blvd., Suite 1020
          Corpus Christi, Texas 78401-0353
          T: (361) 698-5200
          F: (361) 698-5222

          R. Joshua Koch, Jr.
          State Bar No. 2492
          Koch & Schmidt, LLC
          650 Poydras St., Suite 2415
          New Orleans, LA 70130
          T: (504) 208-9040
          F: (504) 208-9041

          Counsel for Movants Ernest Vitela, and E and E Construction Co.

CERTIFICATE OF SERVICE

I hereby certify that on the 26th day of November, 2012 a true and correct copy of  the above and foregoing was served on the following as indicated below.

**Via CM-ECF Filing**
Bruce W. Steckler
Baron & Budd, P.C.
3102 Oak Law Ave., Ste. 1100
Dallas, Texas 75219

**Vie Email & Facsimile**
Arnold Levin
Levin, Fishein, Sedran & Berman
510 Walnut Street, Ste. 500
Philadelphia, PA 19106
Plaintiffs' Lead Counsel

**Vie Email & Facsimile**
Leonard A. Davis
Russ M. Herman
Herman, Herman & Katz, LLP
820 O'Keefe Avenue
New Orleans, LA 70013
Defendants' Counsel

                /s/ Christopher A. Bandas
                Christopher A. Bandas

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **IN RE: CHINESE-MANUFACTURED DRYWALL PRODUCTS LIABILITY LITIGATION** | **MDL NO. 2047**<br>**SECTION: L**<br>**JUDGE FALLON**<br>**MAG. JUDGE WILKINSON** |
| **THIS DOCUMENT RELATES TO: ALL CASES** | |

### CLASS COUNSEL'S MOTION TO DISMISS CERTAIN OBJECTIONS

Class Counsel, Russ Herman and Arnold Levin, move to dismiss the objections of certain objectors who have requested that their objections be dismissed. John and Lori Willis, Perry Homes, LLC, Daniel C. Ladner, Trevis Amerson and Delbert Hopper have each advised Class Counsel that their objections have been resolved without any payment of funds by or to Class Counsel.[1] Accordingly, pursuant to Federal Rule of Civil Procedure 23(e)(5), Class Counsel respectfully requests that these objections be dismissed.

Respectfully submitted,

Dated: November 12, 2012

/s/ Russ M. Herman
Russ M. Herman, Esquire (Bar No. 6819)
Leonard A. Davis, Esquire (Bar No. 14190)
Stephen J. Herman, Esquire (Bar No. 23129)
HERMAN, HERMAN & KATZ, LLP
820 O'Keefe Avenue
New Orleans, LA 70113
Phone: (504) 581-4892
Fax: (504) 561-6024
Ldavis@hhklawfirm.com
*Plaintiffs' Liaison Counsel in MDL 2047
and Class Counsel*

---

[1] Attached hereto as Exhibit A are the Requests to Withdraw Objections by Mr. and Mrs. Willis, Mr. Ladner, Mr. Amerson and Mr. Hopper. Perry Homes' Requests to Withdraw Objection will be provided on receipt. It should be noted, however, that Perry Homes has been opted out of the settlement nullifying its objection in any event.

Exhbit A

Arnold Levin (On the Brief)
Fred S. Longer (On the Brief)
Sandra L. Duggan (On the Brief)
Matthew C. Gaughan (On the Brief)
LEVIN, FISHBEIN, SEDRAN & BERMAN
510 Walnut Street, Suite 500
Philadelphia, PA 19106
Phone: (215) 592-1500
Fax: (215) 592-4663
Alevin@lfsblaw.com
*Plaintiffs' Lead Counsel in MDL 2047
and Class Counsel*

## CERTIFICATE OF SERVICE

I hereby certify that the above and foregoing Class Counsel's Motion to Dismiss Certain Objections and Memorandum of Law in support thereof has been served on Defendants' Liaison Counsel, Kerry Miller, by e-mail and upon all parties by electronically uploading the same to LexisNexis File & Serve in accordance with Pre-Trial Order No. 6, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2047 on this 12th day of November, 2012.

/s/ Leonard A. Davis
Leonard A. Davis, Esquire
Herman, Herman & Katz, L.L.C.
820 O'Keefe Avenue
New Orleans, Louisiana 70113
Phone: (504) 581-4892
Fax: (504) 561-6024
Ldavis@hhklawfirm.com
*Plaintiffs' Liaison Counsel*
*MDL 2047*
*Co-counsel for Plaintiffs*

# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE:  CHINESE-MANUFACTURED DRYWALL PRODUCTS LIABILITY LITIGATION | MDL NO. 2047<br>SECTION: L<br>JUDGE FALLON<br>MAG. JUDGE WILKINSON |
| THIS DOCUMENT RELATES TO:<br>ALL CASES | |

### CLASS COUNSEL'S MEMORANDUM OF LAW IN SUPPORT OF
### CLASS COUNSEL'S MOTION TO DISMISS CERTAIN OBJECTIONS

Class Counsel have moved to strike objections of certain objectors. For the reasons set forth in the Motion of Class Counsel, the Motion should be granted.

Respectfully submitted,

Dated: November 12, 2012

/s/ Russ M. Herman
Russ M. Herman, Esquire (Bar No. 6819)
Leonard A. Davis, Esquire (Bar No. 14190)
Stephen J. Herman, Esquire (Bar No. 23129)
HERMAN, HERMAN & KATZ, LLP
820 O'Keefe Avenue
New Orleans, LA 70113
Phone: (504) 581-4892
Fax: (504) 561-6024
Ldavis@hhklawfirm.com
*Plaintiffs' Liaison Counsel in MDL 2047*
*and Class Counsel*

Arnold Levin (On the Brief)
Fred S. Longer (On the Brief)
Sandra L. Duggan (On the Brief)
Matthew C. Gaughan (On the Brief)
LEVIN, FISHBEIN, SEDRAN & BERMAN
510 Walnut Street, Suite 500
Philadelphia, PA 19106
Phone: (215) 592-1500
Fax: (215) 592-4663
Alevin@lfsblaw.com
*Plaintiffs' Lead Counsel in MDL 2047*
*and Class Counsel*

# EXHIBIT A

Case 2:09-md-02047-EEF-MBN   Document 16296-1   Filed 11/26/12   Page 12 of 17
Case 2:09-md-02047-EEF-JCW   Document 16187-1   Filed 11/20/12   Page 9 of 16
2012-Nov-05 09:22 AM UABOR5 996-5727

FROM-McCallum Hoaglund Cook & Irby,LLP          205-824-7788          T-476  P.011  F-969

/-12  11:07

Arnold Levin, Esq.
Levin, Fishbein, Sedran & Berman
510 walnut Street, Suite 500
Philadelphia PA 19106

Russ M. Herman, Esq.
Herman, Herman, Katz & Cotlar, LLP
820 O'Keefe Avenue
New Orleans, LA 70113

Richard Duplantier, Esq.
Galloway, Johnson, Tompkins, Burr & Smith
One Shell Square
701 Poydras street, 40th Floor
New Orleans, LA 70139

H. Minor Pipes, III
Barrasso, Usdin, Kupperman, freeman & Sarver, LLC
909 Poydras St., Ste. 2400
New Orleans, LA 70112

RE:    Trevis Amerson

I, Trevis Amerson, currently reside at 3415 Jeanne Lane, Hueytown, Alabama 35023, hereby give
notice to the Court and parties that the objections I raised in this action to the KPT Settlement,
the Interior Exterior Building Supply, LLP, Settlement and the Global Builders and Insurance
Settlement are hereby withdrawn.

_____
Trevis Amerson, Homeowner

11-05-12
Date

Arnold Levin, Esq.
Levin, Fishbein, Sedran & Berman
510 walnut Street, Suite 500
Philadelphia PA 19106

Russ M. Herman, Esq.
Herman, Herman, Katz & Cotlar, LLP
820 O'Keefe Avenue
New Orleans, LA 70113

Richard Duplantier, Esq.
Galloway, Johnson, Tompkins, Burr & Smith
One Shell Square
701 Poydras street, 40th Floor
New Orleans, LA 70139

H. Minor Pipes, III
Barrasso, Usdin, Kupperman, freeman & Sarver, LLC
909 Poydras St., Ste. 2400
New Orleans, LA 70112

RE:   Delbert Hopper

I, Delbert Hopper, currently reside at 355 Cobblestone Way, Oxford, Alabama, and previously
resided at 160 Blairs Circle, Pell City, Alabama 35180, hereby give notice to the Court and
parties that the objections I raised in this action to the KPT Settlement, the Interior Exterior
Building Supply, LLP, Settlement and the Global Builders and Insurance Settlement are hereby
withdrawn.

_____
Delbert Hopper, Homeowner

__11/5/2012__
Date

Arnold Levin, Esq.
Levin, Fishbein, Sedran & Berman
510 Walnut Street, Suite 500
Philadelphia PA 19106

Russ M. Herman, Esq.
Herman, Herman, Katz & Cotlar, LLP
820 O'Keefe Avenue
New Orleans, LA 70113

Richard Duplantier, Esq.
Galloway, Johnson, Tompkins, Burr & Smith
One Shell Square
701 Poydras Street, 40th. Floor
New Orleans, LA 70139

Kerry J. Miller, Esq.
Frilot, LLC
1100 Poydras Street, Suite 3700
New Orleans, LA 70163

Gentlemen:

I, Daniel C. Ladner, currently reside at, 42 Audubon Place, Picayune, Mississippi 39466, hereby give notice to the Court and parties that the objections I raised in this action to the KPT Settlement, the Interior Exterior Building Supply, LLP, Global Builders and Insurance Settlement are hereby withdrawn.

Daniel C. Ladner  - Homeowner

Date: 11-2-12

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

IN RE:  CHINESE-MANUFACTURED DRYWALL          MDL NO. 2047
          PRODUCTS LIABILITY LITIGATION

                                        SECTION: L

                                        JUDGE FALLON
                                        MAG. JUDGE WILKINSON

## NOTICE OF WITHDRAWAL OF OBJECTION
## TO APPROVAL OF SETTLEMENT TERMS

      John and Lori Willis, individually and on behalf of their minor Son, Brannon, by and

through the undersigned counsel, hereby files this Notice of Withdrawal of Objection to

Amended Settlement Agreement Regarding Claims Against Knauf Defendants, Banner Class

Settlement, and Insurer Class Settlement, and states:

1.  On September 28, 2012, Plaintiffs herein submitted an Objection to Approval of

    Settlement Terms to Liaison Counsel, which was subsequently filed on October 4, 2012.

    [D.E. 15881, Exhibit 1 to Exhibit A.]

2.  Plaintiffs hereby withdraw their Objection to Approval of Settlement Terms.

Dated this 9th day of November, 2012.

                                       Michael J. Ryan, Esquire
                                       Krupnick, Campbell, Malone, et al.
                                        12 S.E. 7 Street, Suite 801
                                        Ft. Lauderdale, FL  33301
                                        (954) 763-8181
                                        FAX (954) 763-8292
                                        pleadings-mjr@krupnicklaw.com
                                        mryan@krupnicklaw.com

I hereby certify that a true and correct copy of this Withdrawal of Objection has been furnished by Fed Ex and regular U.S. mail to: Arnold Levin, Esquire, Plaintiff's Lead Counsel, Levin, Fishbein, Sedran & Berman, 510 Walnut Street, Suite 500, Philadelphia, PA 19106; Russ Herman, Esquire, Herman, Herman & Katz, LLP, 820 O'Keefe Avenue, New Orleans, LA 70113, and Kerry Miller, Esquire, Knauf Defendants' Counsel, Frilot, LLC, 1100 Poydras Street, Suite 3700, New Orleans, LA 70163, this 9th day of November, 2012.

 

_____

Michael J. Ryan, Esquire
Krupnick, Campbell, Malone, et al.
12 S.E. 7 Street, Suite 801
Ft. Lauderdale, FL 33301
(954) 763-8181
FAX (954) 763-8292
pleadings-mjr@krupnicklaw.com
mryan@krupnicklaw.com

# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **IN RE: CHINESE-MANUFACTURED DRYWALL PRODUCTS LIABILITY LITIGATION** | **MDL NO. 2047**<br>**SECTION: L**<br>**JUDGE FALLON**<br>**MAG. JUDGE WILKINSON** |
| **THIS DOCUMENT RELATES TO:**<br>**ALL CASES** | |

## <u>ORDER</u>

Upon consideration of Class Counsel's Motion to Dismiss Certain Objections, it is hereby

ORDERED, ADJUDGED and DECREED that said Motion is GRANTED and the objections of

John and Lori Willis, Perry Homes, LLC, Daniel C. Ladner, Trevis Amerson and Delbert Hopper

are dismissed.

New Orleans, Louisiana, this _____ day of _____, 2012.


_____
Eldon E. Fallon