**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| IN RE:  CHINESE-MANUFACTURED DRYWALL PRODUCTS LIABILITY LITIGATION | MDL NO. 09-2047<br><br>SECTION L<br><br>JUDGE FALLON |
| THIS DOCUMENT RELATES TO ALL CASES | MAG. JUDGE WILKINSON |

**MEMORANDUM IN SUPPORT OF MOTION OF DEFENDANT THE NORTH RIVER INSURANCE COMPANY TO VACATE THE ORDER GRANTING PRELIMINARY APPROVAL OF THE SECOND AMENDMENT TO THE AMENDED INEX AND KNAUF SETTLEMENTS**

MAY IT PLEASE THE COURT:

Defendant The North River Insurance Company ("North River") moves that the Court vacate the Order Considering the Joint Motion for Preliminary and Final Approval of the Second Amendment to the Amended INEX and Knauf Settlements and for Judicial Recognition of Exhaustion and the Memorandum in Support Thereof ("Order") entered on November 19, 2012 [Doc. No. 16266] for the reasons that follow:

The Order was entered:

1. ***WITHOUT NOTICE*** to affected class members;

2. ***WITHOUT NOTICE*** that the Joint Motion would be submitted to the Court for ruling;

3. ***WITHOUT NOTICE*** of a submission date for North River, other interested parties, and class members to file objections to the Joint Motion;

4. ***WITHOUT ANY HEARING ON THE MOTION***; and

     5. Without giving North River an adequate opportunity to conduct necessary discovery.

As has been discussed in connection with past motions, there is nothing in Fed. R. Civ. P. 23 that requires or even allows for preliminary approval of a class settlement. The Court has indicated that the preliminary approval of a class certification order has arisen as a matter of custom. That custom, however, cannot override the notice requirements of Rule 23(e):

> (e) Settlement, Voluntary Dismissal, or Compromise. The claims, issues, or defenses of a certified class may be settled, voluntarily dismissed, or compromised only with the court's approval. The following procedures apply to a proposed settlement, voluntary dismissal, or compromise:
>
> (1) The court must direct notice in a reasonable manner to all class members who would be bound by the proposal.
>
> (2) If the proposal would bind class members, the court may approve it only after a hearing and on finding that it is fair, reasonable, and adequate.
>
> (3) The parties seeking approval must file a statement identifying any agreement made in connection with the proposal.
>
> (4) If the class action was previously certified under Rule 23(b)(3), the court may refuse to approve a settlement unless it affords a new opportunity to request exclusion to individual class members who had an earlier opportunity to request exclusion but did not do so.
>
> (5) Any class member may object to the proposal if it requires court approval under this subdivision (e); the objection may be withdrawn only with the court's approval.

Rule 23 was amended in 2003 in order to "strengthen the process of reviewing proposed class-action settlements." *See* 2003 Notices of Advisory Committee to Fed. R. Civ. P. 23. The purpose of the notice requirement is to ensure that "the class as a whole had notice adequate to flush out whatever objections might reasonably be raised to the settlement." *Turner v. Murphy Oil USA, Inc.*, 472 F.Supp.2d 830, 840 (E. D. La.2007), citing *Torrisi v. Tucson Elec. Power Co.*, 8 F.3d 1370, 1375 (9th Cir.1993). It is the right of the class members to be informed of the settlement so each class member can make an individual decision on whether they want to

participate in a class settlement. *See In re Katrina Canal Breaches Lit.*, 628 F.3d 185, 198 (5th Cir. 2010) (notice that did not inform class members that they would not receive any direct benefit from a settlement is misleading and inadequate).

The Order was entered without any notice to class members. That means that the Joint Motion has been preliminarily approved without any notice to affected class members – some of whom may not understand or agree with the PSC's decision to request approval of a settlement that may result in no benefit to class members. That is precisely the scenario which the Fifth Circuit held has required notice to the class. *Katrina Canal Breaches Lit.*, 628 F.3d at 198.

The Order also sets the Joint Motion for Final Approval without giving any notice to class members. It should be noted, of course, that the proponents of the Joint Motion have not requested that the class members be informed of their attempt to obtain approval of a class settlement that could be worth as much as $72 million, or as little as zero. The mere fact that the proponents are seeking to hide the Joint Motion from class members should itself be a warning that the Joint Motion is not a fair and reasonable settlement.[1] Regardless of the merits of the Joint Motion, and regardless of the motivation for trying to obtain approval of the settlement without notice to class members, Rule 23(e)(1) requires that notice be given. On its face, therefore, the Order violates Rule 23 and will be reversed on appeal.

Beyond the issue of notice, North River must be given an opportunity to conduct discovery on the merits of the Joint Motion. The essential, although unstated, premise of the Joint Motion is that if INEX is found not to be a good faith seller, liquidated damages against INEX in the amount of either $36 million or $72 million is fair and reasonable. INEX, Knauf, and the PSC offer no evidence to show that this is true. Instead, they offer only unsubstantiated

assumptions about the number of houses in the INEX Settlement Class or the actual cost of remediating any house in the Settlement Class. They seem to assume that the same cost will apply to remediate every house in the INEX Settlement Class regardless of size, finish, or amount of Knauf drywall in the house.

The Fifth Circuit has held that "in most cases 'a certain amount of discovery is essential in order to determine the class action issue and the proper scope of a class action.'" *Stewart v. Winter*, 669 F.2d 328, 331 (5th Cir. 1982), *quoting Pittman v. E. I. duPont de Nemours & Co.*, 552 F.2d 149, 150 (5th Cir. 1977). *See also Boutain et al. v. Radiator Specialty Co. et al.,* 2011 WL 6130754, *3 (E. D. La. Dec. 8, 2011); *Lang v. DirecTV, Inc.,* 735 F.Supp.2d 421, 438 n. 122 (E. D. La. 2010). The need for adequate discovery before class certification was recognized in *Chateau de Ville Productions v. Tams-Witmark Music Library, Inc.*, 586 F.2d 962, 966 (2d Cir. 1978):

> Although the trial court must determine if an action is to be maintained as a class action "(a)s soon as practicable after the commencement" of the action, Fed.R.Civ.P. 23(c) (1), this does not mandate precipitous action. The court should defer decision on certification pending discovery if the existing record is inadequate for resolving the relevant issues. In particular, "discovery may be necessary in order to . . . appraise the adequacy of representation." Frankel, Some Preliminary Observations Concerning Civil Rule 23, 43 F. R.D. 39, 41 (1967). See generally Cruz v. Estelle, 497 F.2d 496, 499 (5th Cir. 1974); Huff v. N.D. Cass Company of Alabama, 485 F.2d 710, 712-13 (5th Cir. 1973) (en banc); Yaffe v. Powers, 454 F.2d 1362, 1366 (1st Cir. 1972). Failure to allow discovery, where there are substantial factual issues relevant to certification of the class, makes it impossible for the party seeking discovery to make an adequate presentation either in its memoranda of law or at the hearing on the motion if one is held.

North River strongly disagrees with the unfounded assumptions made by Knauf, INEX, and the PSC in the Joint Motion. North River, however, was not involved in prior trials nor has

---

[1] On November 19, 2012, while counsel for North River were participating in the final pre-trail hearing for the November 26 trial, Knauf filed a motion to amend the relief being sought by the Joint Motion. No notice of the change in the relief being sought is given to class members, which is an additional violation of Rule 23.

it been a participant in the pilot remediation program approved by the Court, so North River has no direct knowledge of what it has taken to actually repair houses owned by members of the INEX Settlement Class. North River has heard anecdotal information which suggests that the assumptions made by INEX, Knauf, and the PSC vastly overstate the number of houses involved in the INEX Settlement Class and grossly overstate the actual cost of repairing homes in Louisiana.[2]  North River has previously requested some of that information from the PSC and was told that the PSC "wasn't going to do North River's work for it."  North River is ready to do that work if it is necessary, but the obduracy of the PSC means that discovery is necessary and the Court must allow a reasonable opportunity for discovery before a fairness hearing can be held.  If INEX, Knauf, and the PSC do not want to allow discovery on the merits of the value of the proposed settlement, that by itself is sufficient reason to deny the Joint Motion.  If the Court intends to conduct a fairness hearing, due process requires that North River be given a reasonable opportunity to conduct the discovery necessary to allow North River to gather evidence to put before the Court.

Although North River has not yet had adequate time to determine all of the discovery that would be helpful to determine whether a settlement that is potentially worth $72 million is fair, reasonable, and adequate, there has been sufficient experience in remediating homes that contained Chinese drywall that it is no longer necessary to make speculative estimates or rely upon experience from other jurisdictions.  In order to obtain that information, it will be necessary to conduct discovery that identifies houses that contained Chinese drywall and have been remediated, either through the Pilot Remediation Program approved by the Court, by the homeowners themselves, or through third-party remediation (such as the Habitat for Humanity

---

[2] At the fairness hearing on November 13, 2012, one of the counsel for the PSC reported to the Court about a trial held in Florida in which a claimant with Chinese-manufactured drywall in his house was awarded $6,000 in

homes) and then obtain the information on the actual costs of those remediation projects. It will also be necessary to conduct written discovery and depositions of persons who have been involved in the remediation to understand what goes into the remediation of a home and how the past history of Chinese drywall remediations will help determine what the remediation costs may be going forward on other homes.

In addition, North River is entitled to discovery on the issue of whether time is of the essence in approving the Joint Motion. The only reason that INEX, Knauf, and the PSC offer for asserting that "time is of the essence" is because they say it is. That is a rather incredulous position to take in light of what was said at the November 13 fairness hearings, which revealed that this *sub rosa* deal was approximately six months in the making. North River must be allowed to test the veracity of this allegation, because the unsupported allegation that time is of the essence is the linchpin by which INEX, Knauf, and the PSC hope to make the Joint Motion binding against North River. It is quite obvious that there has been collusion going on among the three of them, and North River needs to take discovery to find out exactly what has been going on between INEX, Knauf, and the PSC.

North River is scheduled to begin trial in this Court on November 26, 2012, and trial is expected to last two weeks. That leaves North River with absolutely no opportunity to conduct the necessary discovery by December 11, the date that the Joint Motion is set to be considered for final approval. The desire of Knauf, INEX, and the PSC to rush to judgment is not an adequate reason to deny North River of its right to basic discovery on the issue of whether the Joint Motion presents a fair and reasonable settlement. Fundamental fairness, which finds expression in the Due Process Clause, requires that North River be allowed a reasonable

remediation damages.

opportunity to conduct the necessary discovery so that it can respond to the attempt of INEX, Knauf, and the PSC to obtain judicial approval of the Joint Motion.

There are many substantive defects with the Joint Motion, and North River will address those in a separate opposition to the Joint Motion. At the present time, however, because of lack of notice, lack of evidence, and lack of opportunity to be heard, the Court should vacate its Order Considering the Joint Motion for Preliminary and Final Approval of the Second Amendment to the Amended INEX and Knauf Settlements and for Judicial Recognition of Exhaustion and the Memorandum in Support Thereof, require that notice of the proposed class settlement be given to all class members and other affected parties, and require that the Joint Motion be considered in accordance with the procedural due process safeguards contained in Rule 23(3).

Respectfully submitted,

THOMPSON COE COUSINS & IRONS LLP

____/s Eric B. Berger____
BRIAN S. MARTIN, ESQ.
KEVIN RISLEY, ESQ.
RODRIGO "DIEGO" GARCIA, JR., ESQ.
One Riverway, Suite 1600
Houston, Texas 77056
Phone: (713) 403-8206
Fax:  (713) 403-8299

LOBMAN CARNAHAN BATT ANGELLE
    & NADER

SIDNEY J. ANGELLE, ESQ.
La. Bar No. 1002
ERIC B. BERGER, ESQ.
La. Bar No. 26196
400 Poydras Street, Suite 2300
New Orleans, Louisiana 70130
Phone: (504) 586-9292
Fax:   (504) 586-1290

-8-

ATTORNEYS FOR THE NORTH RIVER<br>
INSURANCE COMPANY

### **CERTIFICATE OF SERVICE**

      I hereby certify that the above and foregoing pleading has been served on Plaintiffs' Liaison Counsel, Russ Hermann, by e-mail and upon all parties by electronically uploading the same to LexisNexis File & Serve in accordance with Pre-Trial Order No. 6, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2047 on November 26th, 2012.

_____/s Eric B. Berger_____<br>
ERIC B. BERGER