UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: CHINESE-MANUFACTURED DRYWALL PRODUCTS LIABILITY LITIGATION | MDL NO. 2047<br>SECTION: L<br>JUDGE FALLON<br>MAG. JUDGE WILKINSON |
| THIS DOCUMENT RELATES TO:<br>ALL CASES | |

CLASS COUNSEL'S RESPONSE IN OPPOSITION
TO THE MOTION OF SAUL SOTO, SHS CONSTRUCTION,
RONNIE GARCIA AND BAY AREA CONTRACTING &
CONSTRUCTION, INC. FOR SANCTIONS AGAINST CLASS COUNSEL

I. **INTRODUCTION**

Class Counsel submit this Response to the Motion for sanctions against Class Counsel filed by the Remaining Bandas Objectors, Saul Soto, SHS Construction, Ronnie Garcia and Bay Area Contracting & Construction, Inc. These objectors, who lack standing to object to the Global Settlement Agreement, contend that they were harassed by questions at their continued depositions. These continued depositions, however, were authorized to be taken by Order dated November 7, 2012, on the self-same subjects the Remaining Bandas Objectors challenge as being harassing. Accordingly, the motion for sanctions is unfounded and should be denied.

II. **FACTUAL BACKGROUND**

By now the Court is familiar with the efforts of Mr. Bandas, a professional objector counsel, to insert himself into these proceedings. The record now establishes that Mr. Bandas solicited clients to act as shills for his boilerplate objections – some of these objections were even directed against another settlement altogether involving Marathon Oil! Certain of Mr.

1

Bandas's clients have even attempted self-deportation by filing motions to dismiss their objections. The first is Mr. Bandas' office manager, Jan Petrus. She was proffered as an objector until it was pointed out through Class Counsel's discovery that her claims were barred by the *Vereen* settlement, in which settlement she and Mr. Bandas extorted a confidential settlement to drop their objection. Mr. Bandas has since apologized to the Court for asserting this shill's frivolous objection.[1]

The second objector that moved to dismiss his objection is Ernest Vitela. On October 24, 2012, after Class Counsel's agent sought to serve him with a subpoena,[2] Bandas Objector Ernest Vitela moved to dismiss his objections.[3] As an afterthought, Mr. Vitela's company, E&E Construction Co., later moved on October 30, 2012, to dismiss its objections also, quixotically, for "personal reasons."[4] Mr. Vitela evaded service of his deposition subpoena until November 19, 2012. His deposition was scheduled to take place on Monday, November 26, 2012.[5] Just

---

[1] *See* Letter of Christopher A. Bandas, Esquire, dated November 16, 2012.

[2] *See* Affidavit of Attempts regarding service of deposition subpoena on Ernest Vitela [Rec. Doc. No. 16070].

[3] Rec. Doc. No. 15979.

[4] Rec. Doc. No. 16040.

[5] Although Mr. Vitela, through Mr. Bandas, moved to prevent his deposition from proceeding, at the November 5, 2012 Hearing before this Court that motion was denied. At that hearing Mr. Bandas argued to preclude the depositions of Ms. Petrus and Mr. Vitela because they had filed motions to withdraw their objections. *Id*. at 9-11. The Court rejected this motion:

> With regard to the depositions of Petrus and Vitela, those are the two people who had objected and withdrew their objections?
> MR. BANDAS: That is correct, Your Honor.
> THE COURT: All right. With regard to those individuals,

prior to the deposition a Motion to Quash was filed and a hearing on the Motion took place before the Honorable Nelva Gonzales Ramos in the United States District Court for the Southern District of Texas. Judge Ramos ordered that the deposition proceed. Despite court orders Mr. Bandas' client did not show up and as a result the depositions of Ernest Vitela and E&E Construction Co. did not proceed even though Class Counsel had made all the necessary arrangements and traveled great distance to take the deposition.

 Mr. Bandas continues to persevere with his boilerplate objections to these proceedings using the Remaining Bandas Objectors, Mr. Saul Soto (d/b/a SHS Construction) and Mr. Ronnie

---

    its not appropriate to serve them through counsel because he's no
    longer their counsel.
     However, they may have some relevant information. I
    really don't know at this point. It may not be admissible, but it
    may be relevant. <u>So if its valid service, I expect the people to show
    up. * * * But they should, and must, appear at depositions that they
    have received valid service in</u>.

*Id.* at 32-33 (emphasis added).

 On November 7, 2012, the Court memorialized his ruling with an order stating: "IT IS FURTHER ORDERED that all noticed depositions for which valid service has been effected shall proceed, and all validly served deponents shall appear." *In re Chinese Manufactured Drywall Products Liability Litigation*, MDL 2047, Order at 1-2 (E.D.La. Nov. 7, 2012)[MDL Rec. Doc. No. 16122].

 To circumvent this Court's order, Mr. Vitela, again represented by Mr. Bandas, sought to prohibit his deposition from going forward by moving in the Southern District of Texas to quash the subpoena validly issued and served upon Mr. Vitela. *See* Notice of Filing (Ernest Vitela's Motion to Quash or Modify Subpoena under Rule 45) [Rec.Doc.No. 16292]. On November 26, 2012, the Honorable Nelva Gonzales Ramos heard argument on the motion and denied it allowing the questions objected to in the instant motion to proceed for a two hour deposition. *See In re Chinese-Manufactured Drywall Products Liability Litigation*, Docket No. 2:12-mc-00573, Order (S.D.Tex. Nov. 26, 2012). Despite Judge Ramos' Order allowing the deposition to proceed, Mr. Vitela refused to appear as ordered. An appropriate motion for contempt will be forthcoming.

3

Garcia (Bay Area Contracting and Construction, Inc.). These clients have proven to lack standing to participate in these proceedings. As a result of the Court's early rulings on the discovery of objectors to the settlements, Class Counsel proceeded directly with the depositions of Mssrs. Soto and Garcia noticed in Corpus Christi, Texas. The first scheduled deposition was of Saul Soto which took place the evening of October 31, 2012.[6] At the deposition, the witness presented three Banker's boxes of papers that he stipulated through counsel to <u>not</u> having reviewed for relevancy, but which he claimed represented all of his documents reflecting purchases and sales of drywall.[7] Mr. Soto testified that he was solicited to participate as an objector to the Chinese Drywall settlements by Christopher Batman, an attorney with a law firm that shares office space with Mr. Bandas.[8]

After speaking with Mr. Batman in late September, Mr. Soto called Mr. Bandas, who arranged a meeting at Mr. Bandas's home on September 28, 2012.[9] At that meeting, Mr. Soto signed a Class Action Objector Power of Attorney and Contingent Fee Agreement.[10] That Agreement provided that Mr. Bandas would represent Mr. Soto <u>for no other purpose than</u> as an objector to a proposed settlement in MDL 2047. The agreement offered Mr. Soto incentives of up to $5,000 in the event Mr. Bandas sought such an incentive award from the Court, or through

---

[6]*See* Deposition of Saul Soto dated 10/31/2012 ("Soto Dep.") [Rec. Doc. No. 16150-2]

[7]Soto Dep. at 32-33.

[8]*Id*. at 13-14.

[9]*Id*. at 21.

[10]*Id.* at 25, Exhibit 1.

4

some fraud if the objection "is settled without the necessity for Court Approval."[11]

The Bandas Agreement also contains a section that states it was explained to Mr. Soto and he understood he was to <u>waive any conflict of interest</u> presented by only pursuing an objection that could cause the "rejection of the proposed settlement which may, in turn, cause you to lose you [sic] right to receive settlement benefits."[12] Mr. Soto testified, however, that he failed to understand the terms of this waiver.[13]

Not surprisingly, Mr. Soto also testified that he had no idea what the defined terms of the Global Settlement were.[14] He did not endeavor to discern who were the Participating Defendants or whether he had a claim against any Participating Defendant.[15] He did not even realize that Lowe's Home Centers, Inc., the retailer from whom he purchased most of his drywall, was not a Participating Defendant in the Global Settlement, or that his claims against Lowe's were barred by the *Vereen* Settlment.[16] As to Home Depot, Inc., the only Participating Defendant identified by Mr. Soto, he had no distinct memory of ever buying Chinese Drywall there and he cannot attribute any purchase of Chinese Drywall to Home Depot.[17]

---

[11] Soto Dep., Exhibit 1, ¶¶3.2 & 3.3.  This provision is directly at odds with Fed. R. Civ. P. 23(e)(3), which makes concealing such an agreement improper.

[12] Soto Dep., Exhibit 1, ¶4.

[13] Soto Dep. at 43-44.

[14] *Id*. at 28.

[15] *Id.* at 28-29.

[16] *Id.* at 56-57.  *See* Class Action Settlement Agreement and Release §13 in *Vereen* [Rec. Doc. No. 15981-11].

[17] *Id.* at 62, 65 ("Q. And you can't attribute that to Home Depot at all, correct?  A. I can't say for sure, no.").

*Ronnie Garcia*

On November 1, 2012, Class Counsel deposed Mr. Ronnie Garcia, individually and in his capacity as the President of Bay Area Contracting and Construction, Inc.[18] Mr. Garcia was similarly solicited to be an objector to the Chinese Drywall settlements by an employee of the Batman Law Firm that shares office space with Mr. Bandas.[19] Mr. Garcia thereafter met with Mr. Bandas and signed a retainer agreement that was identical to that of Mr. Soto.[20] Mr. Bandas did not have Bay Area Contracting and Construction, Inc. sign any retainer agreement,[21] however, which violates the attorney ethical rules in Texas. *See* Texas Rule of Professional Conduct 1.04(d) ("A contingent fee agreement shall be in writing and shall state the method by which the fee is to be determined.").

Mr. Garcia repeatedly acknowledged that he <u>knows nothing about the Global Settlement Agreement</u>. He never read the Global Settlement Agreement.[22] He was not even familiar with the identities of the Participating Defendants.[23] Nor could he state with any more assurance than utter speculation that he bought Chinese Drywall from the only supplier of drywall that is a

---

[18]*See* Deposition of Ronnie Garcia dated 11/1/2012 ("Garcia Dep.") at 5-6. [Rec. Doc. No. 16150-3].

[19]*Id*. at 24-25 (the firm's investigator, Mr. Bert Chapa, brought the idea of objecting to Mr. Garcia's attention).

[20]*See* Garcia Dep., Exhibit 28.

[21]*See* Garcia Dep. at 103.

[22]*Id*. at 47.

[23]*Id.* at 48.

Participating Defendant in the Global Settlement, *i.e.*, Home Depot.[24]

### *Deposition Objections and Other Problems with Discovery*

Several objections were raised at the initial depositions of Mr. Soto and Mr. Garcia. These objections included the assertion of privilege over hand written notes of Mr. Soto that he had used to prepare for his deposition,[25] and questions about the witnesses' relationship with Mr. Bandas, which addressed their knowledge of Mr. Bandas' experiences as a professional objector to class action settlements.[26] For example, counsel for Mr. Soto instructed Mr. Soto not to answer the question: "Do you think [being personally liable for a sanction motion is] something your counsel should bring to your attention?"[27] After a short colloquy between counsel, it was agreed that this instruction to this line of inquiry would be presented to the Court.[28] Similar questions and instructions applied to Mr. Garcia.

At the November 5, 2012 Hearing, these objections regarding the so-called harassment of Mssrs. Soto and Garcia were presented to the Court.[29] The Court ruled that this line of inquiry was relevant:

> Now, I'm also aware of the fact that the objection appeared at the

---

[24]*Id.* at 67 ("Q. So you really have no idea whether you bought Chinese Drywall from Home Depot, do you? A. I don't – ").

[25]Soto Dep. at 10-11.

[26]*Id.* at 37-39; Garcia Dep. at 117-18.

[27]*Id*. at 38.

[28]*Id*. at 38-40.

[29]*In re Chinese Manufactured Drywall Products Liability Litigation*, MDL 2047, Transcript of Motion Hearing before the Honorable Eldon E. Fallon at 6-7 (E.D.La. Nov. 5, 2012)[Rec. Doc. No. 16294-1, Exb. "B".]

> last moment, these objectors appeared at the last moment and it's urged, with due respect, by an attorney who has a long history of urging objections which previous courts have held questionable and have also expressed some disappointment in his failings to conduct or comply with discovery orders. That may have some relevance in discovery.[30]

The court ordered the depositions to be reconvened to allow inquiry of the very same questions that are the subject of the instant motion. To address any contentious areas of inquiry the Court also ruled that:

> With regard to those depositions, I want the depositions to be taken during the day and I want to be advised of it. If objections or something comes up during the deposition, I expect either or both counsel to get me on the phone and I'll rule on it immediately.[31]

On November 7, 2012, the court memorialized his ruling with an order stating: "IT IS FURTHER ORDERED that counsel for all parties refrain from instructing deponents not to answer a question based on objections to the relevance of the question." *In re Chinese Manufactured Drywall Products Liability Litigation*, MDL 2047, Order at 1 (E.D.La. Nov. 7, 2012)(Rec. Doc. No. 16122).

Against this background, the continued depositions of Mr. Soto and Mr. Garcia took place the next day on November 8, 2012.[32] At the depositions, no objections to any of the

---

[30]*Id*. at 31.

[31]*Id*. at 35-36.

[32]In the meantime, the Court separately ruled on the objection of privilege over Mr. Soto's handwritten notes. *See* Order of November 7, 2012 [Rec.Doc.No. 16127]. Mr. Soto's motion for reconsideration of that order was subsequently denied. *See* Order of November 8, 2012 [Rec.Doc.No. 16138]. Also, the United States Court of Appeals for the Fifth Circuit denied Mr. Soto's petition for mandamus. *See In re Saul Soto*, No. 12-31133 (5th Cir. Nov. 8, 2012).

questions that are the subject of the instant motion were made.

Five days later, on November 13, 2012, Mr. Bandas appeared at the Fairness Hearing. A substantial record that was obtained through discovery from both the initial and reconvened depositions was presented at the Fairness Hearing by Class Counsel to establish the lack of standing of Mssrs. Soto and Garcia. Mr. Bandas declined to challenge any of the facts presented, the lack of standing on the part of his clients, or the conduct of Class Counsel at these depositions. Instead, Mr. Bandas walked out of the courtroom silent. Only after the hearing does Mr. Bandas object and seek sanctions for matters he was ordered to bring to the Court's attention immediately. There is no justification to sanction Class Counsel.

## III. ARGUMENT

The types of questions asked by Class Counsel at the reconvened depositions of Mssrs. Soto and Garcia that Mr. Bandas finds objectionable were challenged by Mr. Bandas at the November 5 Hearing. Class Counsel argued to the Court that pointed questions to these witnesses, such as changes in their conduct had they known of Mr. Bandas's profligacy as a serial objector were a "perfectly legitimate inquiry."[33] The Court ruled that these inquiries would be relevant areas of discovery, not cause for sanction.

Further, this Court ordered counsel to call the court "immediately" "if objections or something comes up" during the reconvened depositions of Mr. Soto and Mr. Garcia.[34] No objections came up because nothing objectionable occurred at these depositions. Rather than obey this Court's directive, Mr. Bandas remained silent at the depositions. He again remained

---

[33]Nov. 5 Hearing Transcript at 21.

[34]*Id.* at 35-36

9

silent and failed to address these matters at the Fairness Hearing.  As an afterthought, ten days <u>after</u> the time permitted to raise an objection, he seeks sanctions that are utterly without foundation.  There is no justification for sanctions under any circumstance.

Sanctions are only imposed for conduct that, viewed objectively manifests either intentional or reckless disregard of the attorney's duties to the court.  28 U.S.C. §1927.  Sanctions are not to be awarded lightly.  *Edwards v. Gen. Motors Corp.*, 153 F.3d 242, 246 (5th Cir. 1998).   They require evidence of bad faith, improper motive or reckless disregard of the duty owed to the court.  *See Gonzalez v. Fresenius Medical Care North America*, 689 F.3d 470 (5th Cir. 2012).  In the instant matter Class Counsel has merely taken the deposition of certain objectors and all questioning was performed in good faith.  This precludes the imposition of sanctions under the Court's inherent power, which requires a specific finding of "bad faith".  *See Toon v. Wackenhut Corrections Corp*., 250 F.3d 950, 952 (5th Cir. 2001).  There is no substantial justification to believe that any of the pleadings or filings made by Class Counsel were made for an improper purpose.  Thus, sanctions are not warranted.

### IV.    <u>CONCLUSION</u>

Wherefore, the Remaining Bandas Objectors' Motion for Sanctions Against Class Counsel should be DENIED.

|  |  |
|---|---|
|  | Respectfully submitted, |
| Dated: November 29, 2012 | /s/ Russ M. Herman |

Russ M. Herman, Esquire (Bar No. 6819)
Leonard A. Davis, Esquire (Bar No. 14190)
Stephen J. Herman, Esquire (Bar No. 23129)
HERMAN, HERMAN & KATZ, LLP
820 O'Keefe Avenue
New Orleans, LA 70113
Phone: (504) 581-4892
Fax: (504) 561-6024
Ldavis@hhklawfirm.com
*Plaintiffs' Liaison Counsel in MDL 2047
and Class Counsel*

Arnold Levin (On the Brief)
Fred S. Longer (On the Brief)
Sandra L. Duggan (On the Brief)
Matthew C. Gaughan (On the Brief)
LEVIN, FISHBEIN, SEDRAN & BERMAN
510 Walnut Street, Suite 500
Philadelphia, PA 19106
Phone: (215) 592-1500
Fax: (215) 592-4663
Alevin@lfsblaw.com
*Plaintiffs' Lead Counsel in MDL 2047
and Class Counsel*

## CERTIFICATE OF SERVICE

       I hereby certify that the above Class Counsel's Response in Opposition to The Motion of Saul Soto, SHS Construction, Ronnie Garcia and Bay Area Contracting & Construction, Inc. for Sanctions Against Class Counsel has been served on Defendants' Liaison Counsel, Kerry Miller, by e-mail and upon all parties by electronically uploading the same to LexisNexis File & Serve in accordance with Pre-Trial Order No. 6, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2047 on this 29th day of November, 2012.

    /s/ Leonard A. Davis
    Leonard A. Davis, Esquire
    HERMAN, HERMAN, KATZ & COTLAR, LLP
    820 O'Keefe Avenue
    New Orleans, Louisiana 70113
    Phone: (504) 581-4892
    Fax: (504) 561-6024
    Ldavis@hhkc.com
    *Plaintiffs' Liaison Counsel in MDL 2047*
    *Co-counsel for Plaintiffs*