```
                    UNITED STATES DISTRICT COURT
                     SOUTHERN DISTRICT OF TEXAS
                       CORPUS CHRISTI DIVISION




ERNEST VITELA,                    )    CASE NO:  2:12-MC-573
                                  )
           Plaintiff,             )           CIVIL
                                  )
    vs.                           )    Corpus Christi, Texas
                                  )
BRUCE W. STECKLER,                )    Monday, November 26, 2012
                                  )
           Defendant.             )    (1:02 p.m. to 1:27 p.m.)


                       TELEPHONE CONFERENCE

          BEFORE THE HONORABLE NELVA GONZALES RAMOS,
                  UNITED STATES DISTRICT JUDGE



Appearances:            See next page

Court Recorder:         Genay Rogan

Clerk:                  Brandy Cortez

Transcribed by:         Exceptional Reporting Services, Inc.
                        P.O. Box 18668
                        Corpus Christi, TX 78480-8668
                        361 949-2988
```

Proceedings recorded by electronic sound recording;
transcript produced by transcription service.

**APPEARANCES FOR:**

Plaintiff:                    CHRISTOPHER A. BANDAS, ESQ.
                              Bandas Law Firm
                              500 N. Shoreline Blvd., Suite 1020
                              Corpus Christi, TX 78471

                              ANTHONY F. CONSTANT, ESQ.
                              Constant Law Firm
                              800 N. Shoreline Blvd.
                              Suite 2700 South Tower
                              Corpus Christi, TX 78401


Defendant:                    BRUCE W. STECKLER, PRO SE

Also present:                 Fred Longer
                              Arnold Levin
                              Leonard Davis

```
 1      Corpus Christi, Texas; Monday, November 26, 2012; 1:02 p.m.
 2                            (Call to Order)
 3          THE COURT:  Good afternoon.  Court calls Cause Number
 4   2:12MC573, in re Chinese-Manufactured Products liability
 5   litigation.  Do you all want to announce for the record?
 6          MR. CONSTANT:  Your Honor, this is Anthony Constant.
 7   I represent Ernest Vitela.
 8          MR. BANDAS:  Your Honor, this is Chris Bandas, and
 9   I'm also counsel for Ernest Vitela.
10          MR. STECKLER:  I'm a member of the Plaintiff's of the
11   hearing today.
12          THE COURT:  I can barely hear you.
13          MR. STECKLER:  I apologize.  I'm a member of the
14   Chinese-Manufactured Drywall MDL 2047, and on the phone with me
15   is Arnold Levin, Fred Longer of lead counsel, and Leonard Davis
16   with liaison counsel's office.
17          THE COURT:  Okay.  And your name again was?
18          MR. STECKLER:  It's Bruce Steckler.
19          THE COURT:  Okay.  So is that all the people who are
20   on the line then?  It appears --
21          MR. CONSTANT:  We believe so, your Honor.
22          MR. STECKLER:  Yes.
23          THE COURT:  Okay.  So then what's before the Court is
24   a Motion to Quash.  Who's going to take the lead, Mr. Constant
25   or Mr. Bandas?
```

1    **MR. CONSTANT:**  Mr. Constant, your Honor, if I may.

2    **THE COURT:**  You can proceed.

3    **MR. CONSTANT:**  Thank you, your Honor.

4    Your Honor, Mr. Vitela is no longer an objector in
5    the case and has withdrawn his objection, and Judge Fallon has
6    recognized that he has withdrawn.  And that information is set
7    out in Pages 5 and 6 of response by class counsel in opposition
8    to the Motion to Quash.

9    Mr. Ernest Vitela is a one-man-band construction
10   company.  He has a construction company but he's it, and he has
11   to work at it every day.  And in construction, you have to be
12   there to make sure things go right.  If you're not, they don't
13   go right.  He is very concerned about having any more of his
14   time taken by having to appear for a deposition, having to
15   prepare for the deposition in a case in which he has no
16   interest and has given up his objection.

17   Judge Fallon has previously set out the scope of
18   discovery to be three items with regard to objectors, and Mr.
19   Vitela is no longer an objector.  But assuming that that's the
20   scope still, even though he's not an objector, it was the
21   alleged standing of Mr. Vitela to object.  That's no longer in
22   the case because he has withdrawn it.

23   Number two was the underlying basis for the
24   objections.  Again, since he's withdrawn his objections, he has
25   none, and that's not relevant to anything in this case.  And

1  the third was the objector's relationship with the professional
2  objector counsel, mainly Mr. Bandas, who is the counsel for the
3  objectors, although no longer counsel for Mr. Vitela with
4  regard to the objection since he doesn't have one.  And I just
5  say that because that's what Judge Fallon said.  And it goes on
6  to say that the Plaintiffs believe instigated this objection to
7  the settlement.
8        So the only thing remaining is whether or not the
9  class counsel could have an opportunity to spend time with Mr.
10 Vitela attempting to produce evidence against Mr. Bandas.  None
11 of that has anything to do with the question of the -- whether
12 the settlement should or shouldn't be approved.  It has to do
13 with class counsel's desire to punish Mr. Bandas.  According to
14 class counsel, they have already -- and the information, again,
15 your Honor, that I was just repeating is from their own
16 response in opposition to Motion to Quash, which is on Pages 5
17 and 6 in which they quote Judge Fallon.  But these class
18 counsel say on Page 5 that they've already taken the deposition
19 of two individuals who were objectors represented by Mr. Bandas
20 and discovered that Mr. Bandas had solicited those persons
21 without standing to object to the global settlement and that
22 the solicitation was boosted by proposing in his retainer
23 agreement a $5,000 bounty as incentive to encourage them.
24 Well, if that is true, that certainly is sanctionable conduct
25 not normally in this Court but by the State Bar of Texas, and

1  they have already thus produced and gotten the evidence that
2  they would need in order to punish Mr. Bandas.
3          And so what we have before us I think, your Honor, is
4  balancing whether they ought to be given the opportunity to
5  produce that same evidence, which would be simply cumulative,
6  from Mr. Ernest Vitela, assuming that they are going to get
7  such testimony, balancing that against allowing Ernest Vitela
8  to go about his business, continue to earn a living and spend
9  his time doing something productive rather than sitting for
10 this.  A reason to balance it in favor of Ernest and against
11 class counsel is that they've already gotten what they need
12 against Mr. Bandas.  Their object is Mr. Bandas not Ernest
13 Vitela.
14         And when they took the other depositions after the
15 quotes from Judge Fallon back on November 5th, they took the
16 opportunity both with regard to Sal Soto (phonetic) and Roy
17 Garcia to threaten them with taking them before the Judge in
18 New Orleans and asking them whether they're willing to drop
19 their objections in light of class counsel's threat of
20 sanctions against them and those kinds of things, which were
21 quite abusive and which Mr. Soto and Mr. Garcia have filed
22 Motions for Sanctions in front of Judge Fallon against class
23 counsel for that kind of abuse at the deposition.
24         So, your Honor, I would ask the Court to grant our
25 motion so that Mr. Vitela can go along with his business.  And

1  the class counsel has already gotten what they need, and
2  there's no need to allow them to attempt to attack Mr. Bandas
3  further through his former client.
4           Thank you, your Honor.  That's all.
5           **THE COURT:**  All right.  Mr. Steckler?
6           **MR. STECKLER:**  Yes.
7           **MR. LONGER:**  Your Honor, if I may, this is Fred
8  Longer.  I would like to argue this motion on behalf of the
9  class counsel.
10          **THE COURT:**  Okay.  Go ahead.
11          **MR. LONGER:**  Your Honor, again, it's Fred Longer.  My
12 partner, Arnold Levin, is lead counsel in MDL 2047 on behalf of
13 the Plaintiffs in front of Judge Fallon.
14          We have before Judge Fallon five interrelated class
15 action settlements.  One of the settlements we refer to as the
16 global settlement.  It involves builders, installers, suppliers
17 and their insurers, and it only applies to those participating
18 Defendants in the settlement.  There are other builders,
19 suppliers and sellers who are not participating Defendants and
20 they are not in the class.
21          What -- when we filed the Motion for Preliminary
22 Approval, Judge Fallon granted that and notice went out to the
23 class.  And the opt-out period and objection period for that
24 class action expired on September 28th of this year.  On that
25 date, we learned, and it's in Mr. Vitela's discovery, answers

1  to interrogatories, he retained Mr. Bandas on the very last day
2  of the objection and opt-out period, and objections to the
3  class action were filed in only the global class action
4  settlement.
5          We as class counsel were aware of Mr. Bandas by
6  reputation.  Many Courts, and we've cited to a number of them
7  in our response, have found him to be a professional and serial
8  objector to class actions.  And in fact, Judge Fallon has noted
9  and referenced to Mr. Bandas as a professional objector
10 counsel.
11         We sought to take the deposition of Mr. Bandas'
12 clients, who he objected to the settlement.  One of his clients
13 is his office manager, Jan Petrice (phonetic).  And we have
14 been attempting to depose Ms. Petrice, but she has been outside
15 of our ability to obtain a subpoena on her so she has not been
16 deposed as of yet.  But the -- Mrs. Petrice is also one of Mr.
17 Bandas' go-to clients, and she was an objector in an earlier
18 Chinese Drywall settlement involving Lowe's Home Centers.
19 Lowe's Home Centers we understand settled with Ms. Petrice and
20 Mr. Bandas for an undisclosed amount in a confidential
21 settlement to withdraw her objection, and we understand that
22 they, Mr. Bandas and she, have been paid off.  We would like to
23 take discovery of that information because we believe that it
24 is improper and should have been disclosed in this litigation
25 in front of Judge Fallon.

| | |
|---|---|
| 1 | Mr. Bandas has also presented three other clients. |
| 2 | One of them is Mr. Vitela, who I will get to.  The other two |
| 3 | are Mr. Soto and Mr. Garcia.  They, too, are builders in the |
| 4 | Corpus Christi area, and we were able to obtain their |
| 5 | discovery, their depositions I believe on November 8th and -- |
| 6 | I'm sorry, October 31 and then November 1st.  And there were a |
| 7 | number of discovery disputes that occurred during that -- those |
| 8 | depositions, and we were asking Judge Fallon to rule on the |
| 9 | scope of that discovery.  And the matter came up in advance of |
| 10 | the deposition.  Mr. Bandas or his counsel was present.  And |
| 11 | the Court ruled, as Mr. Constant said, as to the scope of |
| 12 | discovery being related to the nature of the clients' |
| 13 | objection, their relationship with their counsel and what their |
| 14 | objections were. |
| 15 | The depositions went forward after that, and there |
| 16 | were again discovery disputes during those depositions when we |
| 17 | were inquiring.  And in fact, I was one of the counsel present |
| 18 | for Mr. Soto's deposition and Mr. Garcia's deposition early on. |
| 19 | And we were asking questions about their relationship with Mr. |
| 20 | Bandas when instructions not to answer occurred, and we agreed |
| 21 | to disagree.  And the matter was again presented to Judge |
| 22 | Fallon, and he heard these matters on November 5. |
| 23 | At that time, Mr. Bandas knew that we were also |
| 24 | trying to obtain the deposition of Ms. Petrice and Mr. Vitela, |
| 25 | and he argued to Judge Fallon that those depositions should not |

1  be permitted to go forward.  And the Court ruled, and I've

2  provided your Honor in the transcript, which is I believe

3  Exhibit B to the papers that we've submitted and they are

4  quoted on Page 6 of our papers.  And I'm going to read to your

5  Honor what Judge Fallon stated at that time.

6         "With regard to the two depositions of Petrice and

7         Vitela, those are the two people who had objected and

8         withdrew their objections?

9         "MR. BANDAS:  That is correct, your Honor.

10        "THE COURT:  All right.  With regard to those

11        individuals, it's not appropriate to serve them

12        through counsel because he's no longer their counsel.

13        However, they may have some relevant information.  I

14        really don't know at this point.  It may not be

15        admissible but it may be relevant.  So if it's valid

16        service, I expect those people to show up."

17        But -- and then I -- there's an ellipse.

18        "But they should and must appear at depositions that

19        they have received valid service in."

20        Your Honor, contrary to what Mr. Constant mentioned

21 to your Honor, Mr. Vitela filed a Motion to Withdraw his

22 objection as well as his alias company, E&E Construction

23 Company, but Judge Fallon has not granted that motion.  He has

24 granted other motions of other objectors, but he has not

25 granted the motion of either Ms. Petrice or Mr. Vitela and his

1  company to withdraw their objections.  And what he has stated
2  and I just read to your Honor is that they may have admissible
3  or they may have relevant information and he will decide
4  whether it's admissible or not.  And the Court, Judge Fallon,
5  has held up in the fairness hearing until December 11 now.  He
6  intends to reconvene the hearing on December 11 and has
7  permitted throughout that time period until that time period
8  for class counsel to put into the record relevant information.
9           We have sought to take Mr. Vitela's deposition.  We
10 have obtained valid service on him now as of November 19th.
11 And we are ready, willing and able to go forward.  We have a
12 court reporter and a videographer in Corpus Christi today.  Mr.
13 Davis, who is also on the telephone, a member of liaison
14 counsel, is in Corpus Christi.  He is ready to go forward
15 today.  And the matter is basically teed up.  Mr. Vitela had a
16 subpoena validly served on him.  We understand this motion has
17 been presented at the last minute, it was filed late on Friday,
18 but we are ready and able to go forward.
19          Judge Fallon has ruled, your Honor, that the matter
20 may be relevant and should go forward, and we ask your Honor to
21 accept Judge Fallon's ruling.  We think that there is a wealth
22 of information that Mr. Vitela can afford to provide in the
23 course of his deposition related to the several matters that
24 are well within the scope of the boundaries that Judge Fallon
25 has set, and we ask that your Court -- that the Court deny the

1  motion.  And if there's any questions, I'm willing to -- I'm
2  certainly here and ready to answer anything.
3           **THE COURT:**  All right.
4           **MR. CONSTANT:**  Your Honor --
5           **THE COURT:**  Mr. Constant?
6           **MR. CONSTANT:**  May I respond?
7           **THE COURT:**  Yes.
8           **MR. CONSTANT:**  Your Honor, with regard to whether or
9  not Mr. Vitela is still objecting or is an objector, on Page 6
10 of class counsel's response they quote the Court in which the
11 Court asks Mr. Bandas, "With regard to the deposition of
12 Petrice and Vitela, those are the two people who had objected
13 and withdrew their objections."  Mr. Bandas says, "That is
14 correct, your Honor."  The Court says, "All right.  With regard
15 to those individuals it's not appropriate to serve them through
16 counsel because he's no longer their counsel."
17          The only meaning of that statement could be is that
18 the Court had in fact understood they have withdrawn their
19 objections and the Court had accepted that.  Otherwise, they
20 would still have counsel.  So without -- the vital part of it
21 is that they have withdrawn their objection, they are no longer
22 making objections and therefore the issue about whether they
23 have standing or do not is not at all relevant.  What the basis
24 for the objections was is not at all relevant.  And what we're
25 left with is simply this attack on Mr. Bandas and attempting to

```
 1  get information from his client against him, which they claimed
 2  to have -- for the purpose of getting sanctions because it has
 3  no purpose with regard to the settlement.  And they already
 4  have that information, so they state to this Court on Page 5
 5  from two witnesses.  And balancing their need to get that
 6  versus the imposition upon Ernest and his ability to earn a
 7  living, I would ask the Court to vote in favor of Ernest and
 8  quash issue of motion -- issue an order quashing these
 9  depositions.
10            Thank you, your Honor.
11            **THE COURT:**  All right.  Mr. Longer, do you want to
12  respond to that, that it appears the Court has already -- maybe
13  he hasn't signed off on the Motion to Withdraw the objection
14  but the representation by the Court that those individuals are
15  no longer represented by counsel is an indication that that's
16  in effect what the Court has done?
17            **MR. LONGER:**  Your Honor, I note what Judge Fallon was
18  referring to there and I can tell you again without any doubt
19  in my mind.  Judge Fallon has issued -- I filed a Motion to
20  Withdraw the objections of a number of objectors that in the
21  course of the notice period filed objections and then sought to
22  have them withdrawn, and I filed a motion to have them
23  withdrawn.  The Court issued an order granting that motion.
24            Mrs. Petrice, Mr. Vitela and E&E Construction
25  Company, Mr. Vitela's company, have filed motions to withdraw
```

1   their objections.  No such order has issued by Judge Fallon.
2   He is very meticulous as to his records, and he has not granted
3   that motion.  He has in fact ordered that these depositions go
4   forward because -- well, because he is concerned under Rule
5   23(e) that there are no shenanigans going on here.  And there
6   we believe and we are establishing a record, and in fact,
7   another motion that is outstanding is our Motion for Sanctions
8   against Mr. Bandas.
9            And the Court has allowed us to establish and develop
10  a record.  He has kept the fairness hearing record open, and we
11  are basically directed by Judge Fallon as we appreciate it to
12  develop that record.  And Mr. Vitela, who took the effort to
13  object to the settlement, must have known that he could have
14  been and probably would have been subject to a deposition.  He
15  should be ready, willing and able himself to do so.  The fact
16  that he has moved to withdraw his objection does not mean that
17  it was granted.  A Motion to Withdraw has to be granted, and
18  Judge Fallon did not enter an order.
19           And by the way, your Honor, there was an order that
20  followed the transcript that Mr. Constant just mentioned to
21  you, and that's also attached I believe as Exhibit C to our
22  papers.  And you will see that there is no such reference to
23  him granting the Motions to Withdraw the objections because he
24  has not done so.  It requires Court approval to withdraw
25  objections under Rule 23(e).  Judge Fallon has not done that.

```
 1   Mr. Constant is mistaken as to the record in the MDL.  And if
 2   there's any questions as to what the status of the MDL record
 3   should be, perhaps they should be directed to Judge Fallon.
 4   But we are quite sure, your Honor, that Judge Fallon has not
 5   granted those motions and he has authorized us to take these
 6   depositions in the very sections that Mr. Constant read from
 7   the transcript, and they're in our papers.
 8               THE COURT:  Okay.  Anything further, counsel?
 9               MR. CONSTANT:  No, your Honor.
10               THE COURT:  All right.  Because the Motion to
11   Withdraw is still pending, I think the deposition should go
12   forward.  However, I think we need to get some or at least have
13   some discussion.  There are three areas where the Judge stated
14   those three areas would be relevant, and I'm assuming counsel,
15   Mr. Longer, you all looking to go outside those areas.
16               MR. LONGER:  No.  No, no, ma'am, not at all.
17               THE COURT:  And how much time were you looking at for
18   a deposition?
19               MR. LONGER:  These depositions -- the one I took of
20   Mr. Soto went I believe two-and-a-half hours.  I would think
21   two-and-a-half hours is really all that's necessary.  It might
22   be a little bit more.  It depends on obviously the -- how the
23   witness, you know, answers and responds to questions, but
24   certainly, no more than three hours.
25               THE COURT:  Mr. Constant?
```

1          **MR. CONSTANT:**  Your Honor, I would ask that it at
2  least be limited to the one issue of the relationship with
3  counsel since their status as objectors they have withdrawn,
4  and so the basis -- the reason for it and whether or not they
5  had standing is no longer relevant.  I'm especially concerned
6  about, number two, about trying to have Ernest explain the
7  class action objections.  Ernest is -- I just spoke to him this
8  morning, and he's a very simple gentleman and I have a lot of
9  difficulty.
10         **THE COURT:**  Okay.
11         **MR. CONSTANT:**  But they're not relevant.  I would ask
12  the Court to limit this deposition to the third item, which is
13  the relationship with Mr. Bandas.
14         **THE COURT:**  Okay.  Mr. Longer, the fact that they've
15  -- it hasn't been signed but it is on file, the Motion to
16  Withdraw, why would one and two be relevant?
17         **MR. LONGER:**  Well, the standing to object is
18  critical, your Honor, and Judge Fallon has recognized that.
19  For example, Ms. Petrice, Mr. Bandas' office manager, she was
20  presented to the Court as an objector, and she, as I mentioned
21  to you, also objected to the Lowe's Home Center settlement.
22  And as a result of withdrawing her objection after accepting
23  the payment for her and her counsel to withdraw their
24  objection, that settlement became final.  And as a result of
25  the Lowe's settlement becoming final, she has no right to

1 object to the global settlement in the MDL because there was no
2 claim anymore.
3 In addition, the fact that Lowe's was not even a
4 participating in the -- Defendant in that litigation made her
5 objection doubly wrong, and the fact that she had no standing
6 to object is entirely relevant to the Motion for Sanctions that
7 is before Judge Fallon. We suspect that Mr. Vitela, like Mr.
8 Garcia and Soto, had no standing to object, they were retained
9 at the eleventh hour in this process on the very last --
10 **THE COURT:** All right. Hold on, sir.
11 **MR. LONGER:** -- date of the --
12 **THE COURT:** I need to move on because --
13 **MR. LONGER:** -- period.
14 **THE COURT:** Sir, I need to move on. I've got another
15 hearing at 1:30.
16 Court is allowing the deposition to go forward, will
17 allow it to cover the three areas as stated by the Judge, and
18 Court will limit it to two hours.
19 Anything further, counsel?
20 **MR. CONSTANT:** No, your Honor.
21 **MR. LONGER:** Thank you, your Honor.
22 **THE COURT:** All right. Thank you. You're excused.
23 **MR. CONSTANT:** Thank you, your Honor.
24 **(This proceeding was adjourned at 1:27 p.m.)**
25

CERTIFICATION

I certify that the foregoing is a correct transcript from the electronic sound recording of the proceedings in the above-entitled matter.

_____                     November 29, 2012
            Signed                                          Dated


*TONI HUDSON, TRANSCRIBER*

EXCEPTIONAL REPORTING SERVICES, INC