# BANDAS LAW FIRM, P.C.
### Attorneys at Law

CHRISTOPHER A. BANDAS

500 N. Shoreline, Suite 1020
Corpus Christi, Texas 78401
(361) 698-5200 Office
(361) 698-5222 Fax

November 16, 2012

Judge Eldon E. Fallon
500 Poydras Street
Room C456
New Orleans, LA  70130

Re:      MDL No. 2047; *In Re: Chinese-Manufactured Drywall Products Liability Litigation*

Dear Judge Fallon:

I am writing this letter to disclose an erroneous, though unintentional, mistake of legal analysis pertaining to Jan Petrus' objection and affidavit previously filed with the Court. Although Ms. Petrus' objection has been withdrawn, and she is no longer a party to this action, I still wish to disclose this mistaken analysis.

Ms. Petrus' affidavit and objection assert that she is a class member in the Builders, Installers, Suppliers and Participating Insurers' class action settlement. Ms. Petrus' affidavit and her objection make clear that her class membership is predicated on the purchase of drywall from Lowe's:

> [s]pecifically, prior to 2010, I purchased (I gave cash to my handyman who in turn used that cash to buy the drywall at Lowes), and I had installed this drywall at my home in Ingleside, Texas. I allege this drywall was defective, smells bad when it gets wet, has become discolored, and is an irritant.

At the time the objection was filed, and even at the time it was withdrawn, it was my legal judgment that Ms. Petrus' class membership could be based upon drywall purchased from Lowe's.

As part of my due diligence, prior to filing her objection, I reviewed the scope of the release in the Lowe's class action settlement (the *Vereen* case), which Ms. Petrus objected to, and I concluded that the "released parties" in *Vereen* did not include companies or persons other than those closely related to Lowe's. Specifically, the "released parties" in *Vereen* are defined as:

> the Company ["Lowe's Home Centers, Inc. and Lowe's HIW, Inc., and each of their parents, predecessors, assigns, successors, affiliates, related companies, subsidiary companies or holding

Judge Eldon E. Fallon
November 16, 2012
Page 2 of 2

companies"] and all of their respective current and former officers, directors, stockholders, subsidiaries, parents, affiliated companies, employees, agents, attorneys, predecessors, successors, heirs, and assigns.

At the time I filed the objection for Ms. Petrus, I was also aware that Lowe's was once a defendant in the above-referenced case.

My legal mistake described above was based upon my belief that persons or entities in the chain of distribution to Lowe's were settling in the Global Settlement. I erroneously believed "Suppliers" would include entities or persons in the chain of drywall distribution to Lowe's, including the manufacturers. That belief turned out to be incorrect, or at least I cannot find evidence that it is correct, in the case of purchases of drywall through Lowe's.

I regret this error in my analysis and it is my hope in this letter to explain my thought process and how I arrived at this the conclusion I did.

Sincerely,

Christopher A. Bandas

cc:      **Via Email**
         Leonard A. Davis
         Russ M. Herman
         Herman, Herman & Katz, LLP
         820 O'Keefe Avenue
         New Orleans, LA 70013

         **Via Email**
         Arnold Levin
         Levin, Fishein, Sedran & Berman
         510 Walnut Street, Ste. 500
         Philadelphia, PA 19106

         Mr. Joshua Koch