# LEVIN, FISHBEIN, SEDRAN & BERMAN
*Counsellors at Law and Proctors in Admiralty*

ARNOLD LEVIN
MICHAEL D. FISHBEIN
HOWARD J. SEDRAN
LAURENCE S. BERMAN
FRED S. LONGER *
DANIEL C. LEVIN
CHARLES E. SCHAFFER
AUSTIN B. COHEN *
MICHAEL M. WEINKOWITZ * †
CHARLES C. SWEEDLER *
MATTHEW C. GAUGHAN * †
KEITH J. VERRIER *
BRIAN F. FOX

\* also admitted in New Jersey
† also admitted in New York

510 WALNUT STREET
SUITE 500
PHILADELPHIA, PA 19106-3697
www.lfsblaw.com

TELEPHONE (215) 592-1500
FACSIMILE (215) 592-4663

OF COUNSEL:
SANDRA L. DUGGAN

November 19, 2012

**VIA E-MAIL**
The Honorable Eldon E. Fallon
United States District Court
Eastern District of Louisiana
500 Poydras Street, Room C-456
New Orleans, LA 70130

    Re:    *In re: Chinese Drywall Litigation – MDL No. 2047*

Dear Judge Fallon:

    I am writing on behalf of Class Counsel in response to Mr. Bandas' letter of November 16, 2012. Therein, he attempts to explain away Jan Petrus' (his Office Manager and purported client) objection to the Global Settlement Agreement. Although Mr. Bandas attributes Ms. Petrus' objection to his "mistaken" analysis that "'Suppliers' would include entities or persons in the chain of drywall distribution to Lowe's." This excuse overlooks one fundamental point: Lowe's was not a Participating Defendant in the Global Settlement. Had Mr. Bandas made even the most minimal investigation to determine that Lowe's was not a party to the Global Settlement, he would have had to realize that any objection by Ms. Petrus would be baseless and subject to sanction under Fed.R.Civ.P. 11. Because no reasonable investigation was performed, Mr. Bandas presented objections not only for Ms. Petrus but Messrs. Soto, Garcia, and Vitella (and their alias companies) for purchases of drywall from other non-Participating Defendants.

    Now that the Court has received Mr. Bandas' explanation for his error in analysis, Class Counsel suggest this alternative explanation for the presence and dismissal of Ms. Petrus's objection. Mr. Bandas presented Ms. Petrus to lead the charge of objectors he gathered together on September 28, 2012 to challenge the Global Settlement. In her Affidavit, Ms. Petrus noted that prior to 2010 she gave cash to her unnamed handyman who in turn used that cash to buy drywall at Lowe's which was then installed in her home. [Doc 15859-1]. Ms. Petrus affided that she was a class member in the Global Settlement based upon this presence of Lowe's drywall in her home. *Id.* As mentioned above, Lowe's is not a Participating Defendant in the Global

**LEVIN, FISHBEIN, SEDRAN & BERMAN**

Settlement. And Ms. Petrus does not have a claim against Lowe's due to the Release and Injunction provisions of the class action Settlement Agreement Lowe's had obtained in *Vereen* barring such claims.[1] Both Mr. Bandas and Ms. Petrus are intimately familiar with the terms of this settlement since Ms. Petrus had objected to the Lowe's Settlement and withdrew her objection after her and Mr. Bandas' successful extortion efforts. These facts are completely ignored in Mr. Bandas' letter of excuse.

Moreover it was not until one week <u>after</u> Class Counsel issued its second set of written discovery upon Mr. Bandas on October 10 (that requested documents pertaining to Mr. Bandas' and Ms. Petrus' confidential settlement in *Vereen*), that the lightbulb finally went on in the Bandas Law Firm. It was not until October 18, 2012 that Mr. Bandas finally filed his motion to withdraw Ms. Petrus's objection in this case [Doc. No. 15957]. The document request was never answered because of Ms. Petrus' efforts to dodge her obligation to respond thereto by dismissing her objection.

Class Counsel submit it was more than a mistaken analysis on Mr. Bandas' part that led to his office manager becoming an objector to the Global Settlement. Other courts have found Mr. Bandas' objections to be as baseless as the one he submitted on behalf of Ms. Petrus. *See, e.g., In Re: Wal-Mart Wage and Hour Employment Practices Litig.*, MDL No. 1735, Order at 2-3 (D.Nev. March 8, 2010)(Order denying imposition of sanctions but imposing a bond of $500,000 per objector based upon the court's finding "that the objections are not supported by law or the facts and are indeed meritless"). Despite Mr. Bandas' apology, no excuse exists for filing such a patently frivolous pleading.

Respectfully,

**RUSS M. HERMAN**

**ARNOLD LEVIN**

*Class Counsel*

cc: Christopher A. Bandas
    Joshua Koch

---

[1]*See Vereen v. Lowe's Home Centers, Inc.*, SU-10-CV-2267B, Class Action Settlement Agreement and Release §13 (Ga.Super.Ct., Muscogee Cty.).