**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF LOUISIANA**

---------------------------------------------------------- x

IN RE: CHINESE-MANUFACTURED            :
DRYWALL PRODUCTS LIABILITY             :         MDL NO. 2047
LITIGATION                             :
                                       :         SECTION:  L
THIS DOCUMENT RELATES TO               :
ALL CASES AND:                         :         JUDGE FALLON
                                       :
*Silva, et al. v. Interior Exterior Building Supply,*   :         MAG. JUDGE WILKINSON
*LP, et al.*                           :
Case No. 09-08030 (E.D.La.)            :
                                       :
*Silva, et al. v. Arch Ins. Co., et al.*   :
Case No. 09-08034 (E.D.La.)            :
                                       :
*Payton, et al. v. Knauf Gips KG, et al.*   :
Case No. 2:09-cv-07628 (E.D. La.)      :
                                       :
*Wiltz, et al. v. Beijing New Building Materials*   :
*Public Limited Co., et al.*           :
Case No. 2:10-cv-00361 (E.D.La.)       :
                                       :
*Gross, et al. v. Knauf Gips KG, et al.*   :
Case No. 2:09-cv-06690 (E.D. La.)      :
                                       :
*Rogers, et al. v. Knauf Gips KG, et al.*   :
Case No. 2:10-cv-00362 (E.D. La.)      :
                                       :
*Amato, et al. v. Liberty Mutual Ins. Co., et al.*   :
Case No. 2:10-cv-00932 (E.D.La.)       :
                                       :
*Abel, et al. v. Taishan Gypsum Co., Ltd., f/k/a*   :
*Shandong Taihe Dongxin Co., Ltd., et al.*   :
Case No. 2:11-cv-00080 (E.D.La.)       :
                                       :
*Abreu, et al. v. Gebrueder Knauf*     :
*Verwaltungsgesellschaft KG, et al.*   :
Case No. 2:11-cv-00252 (E.D. La.)      :

---------------------------------------------------------- x

**RESPONSE OF THE PSC, INEX AND KNAUF DEFENDANTS**
**TO MOTION OF NORTH RIVER INSURANCE COMPANY**
**TO VACATE THE ORDER GRANTING PRELIMINARY APPROVAL OF THE**
**SECOND AMENDMENT TO THE AMENDED INEX AND KNAUF SETTLEMENTS**

## I. INTRODUCTION

The December 3, 2012 bellwether verdict in favor of InEx does not affect the
enforceability of the Second Amendment against the PSC, the Knauf Defendants, InEx and
InEx's primary insurers, Arch and Liberty.[1] The Second Amendment remains important because
it (1) commits the Knauf Defendants to proceed with the InEx and Knauf Class Settlements
notwithstanding the verdict in favor of InEx, (2) commits InEx's primary insurers, Arch and
Liberty, to pay the full $8 million in primary coverage notwithstanding the verdict in favor of
InEx, (3) commits any InEx Class Members who are also Knauf Class Members -- who, under
the Knauf Class Settlement, would have had to assign their recoveries to the Knauf Defendants
in any event -- to dismiss with prejudice any pending claims against North River, and (4) does
not impair the rights of InEx Class Members who are not Knauf Class Members (*e.g.*, those with
Taishan drywall) to pursue claims against North River.

North River's motion to vacate attacks a straw man.

As an initial matter, North River fundamentally misapprehends the relief that will be
requested at the December 11, 2012 continuation of the Fairness Hearing. Contrary to North
River's motion, the signatories to the Second Amendment are *not* seeking a determination that
the Second Amendment is binding on North River. Instead, as has been made abundantly clear
to North River on multiple occasions, the signatories to the Second Amendment seek only a

---

[1]    The signatories to the Second Amendment reserve their right to appeal the verdict in the
InEx bellwether trial.

determination that the Second Amendment is binding on the signatories themselves and that the Second Amendment is fair to the Settlement Class.

Whether InEx (the insured) could bind North River (its insurer) is a question which has been reserved to a separate proceeding.  The parties have filed a motion explicitly amending the relief originally sought and withdrawing their request for (1) a determination that the Second Amendment was binding on North River, or (2) a determination of any of the predicate facts necessary to make the Second Amendment binding on North River, *e.g.*, that North River unjustifiably failed to settle the claim, that time was of the essence, or that the Second Amendment was a reasonable settlement for insurance purposes.[2]

North River's motion pretends that the request for relief was never amended and proceeds as if the earlier pleading remains in effect.  In addition, North River's motion focuses exclusively on the Court's preliminary approval order dated November 19, 2012, ignoring the fact that the Court amended its order the following day.[3]

As we demonstrate below, when properly focused on the actual motion that will be heard on December 11, 2012 – rather than on the straw man which North River concocts – there is no merit to the procedural challenges raised by North River.  Indeed, given that North River is neither a class member nor a settling defendant and will not be bound by anything that occurs at the December 11 hearing, and because all of North River's defenses to the Second Amendment

---

[2]     *See* Joint Motion to Set Hearing and to Amend Relief Requested (Rec. Doc. No. 16264), amending Joint Motion for Preliminary and Final Approval of the Second Amendment to the Amended InEx and Knauf Class Settlements and for Judicial Recognition of Exhaustion (Rec. Doc. No. 15948).

[3]     *See* Order Considering the Joint Motion for Preliminary and Final Approval of the Second Amendment to the Amended InEx and Knauf Class Settlements and for Judicial Recognition of Exhaustion and the Memorandum in Support Thereof (Rec. Doc. No. 16266); Order (Rec. Doc. No. 16269).

are in fact expressly preserved, North River lacks standing to challenge the Second Amendment, either procedurally or substantively.

## II.   **FACTUAL BACKGROUND**

The factual circumstances that led to the Second Amendment have been set forth at length in prior submissions to this Court and will not be repeated here except with respect to the scope of relief requested.[4]  While the signatories to the Second Amendment initially sought a ruling from this Court that the Second Amendment, if approved, would be binding on North River, in response to North River's objection, the settling parties amended the relief sought and expressly withdrew their request for any determination at the Fairness Hearing that the Second Amendment would be enforceable against North River, reserving that question for a separate proceeding.[5]

North River was aware of this change.  The signatories of the Second Amendment have repeatedly communicated to North River that they are no longer seeking a judicial determination as to the enforceability of the Second Amendment against North River:

- By email dated November 8, 2012, counsel for the Knauf Defendants advised North River that the "proponents of the InEx and Knauf settlements will not ask the Court to make a determination that the Second Amendment is binding on North River.  We are in agreement that whether the Second Amendment is binding on North River is an

---

[4]      *See* Memorandum in Support of Joint Motion for Preliminary and Final Approval of the Second Amendment to the Amended InEx and Knauf Class Settlements and for Judicial Recognition of Exhaustion, at 4-6 (Rec. Doc. No. 15948-1); Joint Motion to Set Hearing and to Amend Relief Requested, at 2-3 (Rec. Doc. No. 16264).

[5]      *Compare* Joint Motion for Preliminary and Final Approval of the Second Amendment to the Amended InEx and Knauf Class Settlements and for Judicial Recognition of Exhaustion (Rec. Doc. No. 15948) *with* Joint Motion to Set Hearing and to Amend Relief Requested, at ¶¶ 5-6 (Rec. Doc. No. 16264).

issue to be determined separately and is not before the Court at the Fairness Hearing."[6]

- At the November 13, 2012 Fairness Hearing, counsel for the Knauf Defendants explicitly stated that the settling parties were only seeking an order that the Second Amendment was fair to the class and binding on the settling parties and were reserving for a different proceeding the question of whether the Second Amendment was enforceable against North River.[7]

- By joint motion filed on November 19, 2012, the PSC, InEx and the Knauf Defendants moved to amend the "relief that they are seeking ... so that they are not seeking in the present proceeding an order that would purport to bind North River to any determination made by the Court with respect to the Second Amendment and to make clear that all of North River's rights, positions and defenses with respect to the Second Amendment will be preserved for adjudication at a later date."[8]

In particular, the settling parties agreed to incorporate the following language explicitly in the proposed judgment:

> The Court does not address issues related to whether the Second Amendment is enforceable against The North River Insurance Company, including but not limited to whether: (a) the Second Amendment constitutes a reasonable settlement of a disputed claim for insurance coverage purposes; and (b) time was of the essence and there was no

---

[6] E-mail from Steven Glickstein to Kevin Risley and Brian Martin (Nov. 8, 2012), attached as Ex. A.

[7] The transcript of the November 13, 2012 hearing is not yet available. The record will be supplemented with the transcript when available.

[8] Joint Motion to Set Hearing and to Amend Relief Requested, at ¶ 5 (Rec. Doc. No. 16264). This motion was forwarded to North River by counsel for the Knauf Defendants and its receipt was acknowledged by North River. *See* E-mail from Kevin Risley to Steven Glickstein (Nov. 19, 2012), attached as Ex. B.

justifiable reason for delay in entering the Second Amendment.  As to those issues, all of the parties' positions are preserved and all of North River's defenses are preserved.[9]

## III.   ARGUMENT

### A.   North River Lacks Standing to Challenge the Second Amendment

North River is neither a class member nor a settling defendant.  Moreover, under the express terms of the proposed court order, North River (as a non-party) will not be bound by this Court's approval of the Second Amendment and will retain all defenses to challenge the Second Amendment in a separate proceeding.  As a non-settling defendant who will suffer no prejudice as a result of the settlement terms, North River has no standing to raise its present objections. *See In re Beef Indus. Antitrust Litig.*, 607 F.2d 167, 172 (5th Cir. 1979) (A "non-settling defendant ... is not prejudiced by the settlement and therefore has no standing to complain about the settlement."); *see also In re Ford Motor Co. Bronco II Prods. Liab. Litig.*, No. MDL-991, 1995 WL 15182, at *4 (E.D.La. Jan. 12, 1995) (Non-parties "do not have standing to object to the proposed settlement."); *In re Vioxx Prods. Liab. Litig.*, 388 Fed. Appx. 391, 395 (5th Cir. 2010) ("This court has recognized that, in the context of class settlements, non-settling parties generally have no standing to challenge the settlement.").  North River's motion to vacate should be denied on this ground alone.

### B.   North River's Objections Are Without Merit

Even assuming that North River had standing to object to the Second Amendment, its objections are without merit.

---

[9]      *See* Joint Motion to Set Hearing and to Amend Relief Requested, at ¶ 8 (Rec. Doc. No. 16264).

### 1.    *Additional Publication Notice Is Not Required*

North River's objection that InEx and Knauf Class Members have not received notice of the Second Amendment is factually incorrect.[10]  Virtually all of the InEx and Knauf Class Members (97%) are represented by counsel who have cases pending in the MDL.  Those class members *did* receive notice, through their counsel, when the motion to approve the Second Amendment was filed.  The remaining Class Members received proper notice of the InEx and Knauf Settlements and the Fairness Hearing under Due Process, and the Second Amendment was an issue addressed at the Fairness Hearing.  Rather than complaining about lack of notice *per se*, North River appears to be demanding a second round of *publication* notice, coupled with a second opportunity to opt out.  This demand has no legal basis.

Courts enjoy discretion under Rule 23(e) not to require new notice of an amended settlement, in particular "where there are no rights to be preserved, and no likelihood that someone ... would want to opt out" due to the amendment.  *In re New Motor Vehicles Canadian Export Antitrust Litig.*, 800 F.Supp. 2d 328, 334 (D.Me. 2011).  For example, in *Harris v. Graddick*, 615 F. Supp. 239 (M.D.Ala. 1985), the Middle District of Alabama held that an amendment to a proposed consent decree did not warrant additional notice to the class where the interests of the class were not "substantially impaired."  *Harris*, 615 F.Supp. at 244.  Supplemental notice is particularly unnecessary where, as here, the amendment expands the benefits available to the class.  *See In re Metro. Life Ins. Co. Sales Practices Litig.*, No. 96-179, 1999 WL 33957871, at *13 (W.D.Pa. Dec. 28, 1999) (finding additional notice to the class unnecessary where the amendments at issue "add to the benefits provided to Class Members under the original Settlement Agreement, which were described in the Notice to the Class."); *see*

---

[10]    *See* Joint Motion to Set Hearing and to Amend Relief Requested, at ¶ 11 (Rec. Doc. No. 16264).

*also In re Integra Realty Resources, Inc.*, 262 F.3d 1089, 1111 (10th Cir. 2001) (finding no abuse of discretion where district court declined to notify class members of amendment which "merely expanded the rights of class members"); *In re Diet Drugs (Phentermine, Fenfluramine, Dexfenfluramine) Prods. Liab. Litig.*, No. 1203, Civ. A. 99-20593, 2000 WL 1346904, at *4 (E.D.Pa. Aug. 16, 2000) (new notice not required where proposed amendment does not "change the scope of the class" and "benefits class members in general").  As the American Law Institute has stated, a new notice is required only to those "class members who may be *substantially adversely* affected" by a material amendment to a settlement.  Principles of the Law of Aggregate Litigation § 3.05(e) (2010) (emphasis added).

North River has not suggested a single way in which the InEx Class Members would be impaired by the Second Amendment.  Nor could they:  the Second Amendment is wholly beneficial to InEx Class Members.  The Second Amendment prevents the Knauf Defendants from terminating their participation in the settlement process, notwithstanding the bellwether verdict in favor of InEx – a substantial benefit to the class.  Given the bellwether verdict in favor of InEx, the Second Amendment will require InEx Class Members who are also Knauf Class Members to dismiss their pending claims against North River, but this requirement does not detrimentally impact the Class because, under the Knauf Class Settlement, such InEx Class Members would have been obliged to assign their recoveries against North River to the Knauf Defendants in any event.[11]  Further, the Second Amendment does nothing to impair the rights of the remaining InEx Class Members, *i.e.*, those who are not Knauf Class Members because they have Taishan drywall, to pursue claims against North River.

---

[11]      *See* Knauf Settlement § 4.8.2.

None of the InEx or Knauf Class Members have raised any objections to the Second Amendment, and there is no conceivable reason why they should do so.  The Second Amendment was in fact critical for preserving the settlement structure and safeguarding the Knauf Settlement benefits for InEx Class Members.  Under these circumstances, the Court was under no obligation to issue additional publication notice to the InEx Class, especially when the overwhelming number of class members are represented by counsel who received actual notice when the Second Amendment was filed.

### 2.  *Preliminary Approval of the Second Amendment Does Not Require a Hearing*

North River provides no support for its implicit supposition that preliminary approval of a class action settlement -- much less preliminary approval of an amendment to such a settlement -- requires a formal hearing.  As North River itself acknowledges, the federal rules are silent regarding preliminary approval of class settlements and certainly do not set forth any procedural requirements for preliminary approval.[12]  *See In re Chinese-Manufactured Drywall Prods. Liab. Litig.*, MDL No. 247, 2012 WL 92498, at *7 (E.D.La. Jan. 10, 2012) (Fallon, J.) ("Federal Rule of Civil Procedure 23 .... does not expressly provide for a preliminary fairness evaluation.").  Indeed, the federal rules do not even "suggest that the court should preliminarily approve the fairness of a proposed settlement before sending notice to the class."  7B Charles Alan Wright, Arthur R. Miller, Mary Kay Kane & Richard L. Marcus, Federal Practice & Procedure § 1797.5 (3d ed. 2012); *see also* 5-23 James Wm. Moore *et al.*, Moore's Federal Practice § 23.165[2] (2012).

---

[12]   *See* Memorandum in Support of Motion of Defendant The North River Insurance Company to Vacate the Order Granting Preliminary Approval of the Second Amendment to the Amended InEx and Knauf Settlements, at 2 (Rec. Doc. No. 16300-1).

Nevertheless, it has become customary to undertake a preliminary fairness review, in the exercise of discretion, to ensure that plaintiffs' resources are not misspent in noticing settlements that are unlikely to achieve final approval. *See In re New Motor Vehicles Canadian Export Antitrust Litig.*, 236 F.R.D. 53, 55-56 (D.Me. 2006) ("Before incurring the expense of widescale notice, it makes sense for a judge to say that a particular settlement has no chance of approval."); Am. Jur. 2d Fed. Courts § 1846 (same); Manual for Complex Litigation (Fourth) § 13.14 (Preliminary review allows the judge to determine whether the proposed settlement is "sufficient to warrant public notice and a hearing."). In the Fifth Circuit in particular it has become "routine to conduct a preliminary fairness evaluation prior to the issuance of notice." *In re Chinese-Manufactured Drywall Prods. Liab. Litig.*, 2012 WL 92498, at *7. The goal of such preliminary review is simply to "determine whether the proposed settlement appears fair on its face." *Cope v. Duggins*, No. Civ. A. 98-3599, 2001 WL 333102 (E.D.La. Apr. 4, 2001) (Fallon, J.); *see also Schoenbaum v. E. I. DuPont De Nemours & Co.*, No. 4:05CV01108 ERW, 2009 WL 4782082, at *4 (E.D.Mo. Dec. 8, 2009) ("The vehicle of preliminary approval ... exists only in order to allow plaintiffs to determine whether the court believes that there are glaring deficiencies in the terms of the settlement."). Accordingly, at the preliminary review stage, "the court is not expected to, and probably should not, engage in analysis as rigorous as is appropriate for final approval." *In re Chinese-Manufactured Drywall Prods. Liab. Litig.*, 2012 WL 92498, at *7 (quoting Manual for Complex Litigation § 21.6).

Because the federal rules do not include any provisions for preliminary approval in the first instance, it follows *a fortiori* that the federal rules do not impose any procedural requirements on the granting of preliminary approval. To the contrary, it is within the discretion of the courts to determine whether or not to conduct preliminary fairness review, and it is

likewise within the discretion of the courts to determine what form such review should take. Certainly there is no requirement that preliminary approval of a class settlement must be predicated on a hearing, and numerous courts have so held.  *See In re "Agent Orange" Prod. Liab. Litig.*, 818 F.2d 145, 169-70 (2d Cir. 1987) (finding no necessity for a hearing prior to the issuance of class notice where the court was "thoroughly informed of the strengths and weaknesses of the parties' positions"); *Harris v. U.S. Physical Therapy, Inc.*, No. 2:10-cv-01508-JCM-VCF, 2012 WL 4181367, at *2 (D.Nev. Sept. 18, 2012) (formal hearing not required at preliminary approval stage); *In re Leapfrog Enters., Inc. Sec. Litig.*, No. C-03-05421 RMW, 2008 WL 2783214, at *2 (N.D.Cal. July 14, 2008) ("[P]reliminary approval does not appear to require a hearing.").

This Court's decision to preliminarily approve the Second Amendment without holding a formal hearing has in no way prejudiced North River, nor has it impaired North River's ability to make objections or raise defenses.  The standards for preliminary approval are "not as stringent as those applied to a motion for final approval," *In re OCA, Inc. Sec. & Derivative Litig.*, No. 05-2165, 2008 WL 4681369, at *11 (E.D.La. Oct. 17, 2008),[13] and preliminary approval "has no effect on the court's ultimate determination of whether a settlement should receive final approval." *Schoenbaum,* 2009 WL 4782082, at *4.  North River will receive a full and fair

---

[13]     A proposed settlement should be granted preliminary approval so long as it "discloses no reason to doubt its fairness, has no obvious deficiencies, does not improperly grant preferential treatment to class representatives or segments of the class, does not grant excessive compensation to attorneys, and appears to fall within the range of possible approval." *In re OCA, Inc. Sec. & Derivative Litig.*, 2008 WL 4681369, at *11.  By contrast, prior to granting final approval to a class settlement, the Court must undertake an "exacting and thorough" analysis of the settlement terms and make an independent determination that the "settlement is in the best interest of class members." *Turner v. Murphy Oil USA, Inc.*, 472 F.Supp.2d 830, 842 (E.D.La. 2007) (Fallon, J.); *see also* Manual for Complex Litigation (Fourth) § 21.61; Principles of the Law of Aggregate Litigation § 3.03(a) (2010) (contrasting preliminary review with the "thorough and careful review" required "at the time of the actual fairness hearing").

11

opportunity to be heard on December 11th when the Second Amendment is considered for final approval. That is all that the federal rules and due process require.

### 3. North River's Concerns Regarding Discovery Are Premature

North River's contention that it has not been given "adequate opportunity to conduct necessary discovery,"[14] like the rest of its motion, proceeds from the incorrect premise that final approval of the Second Amendment will render the Second Amendment binding on North River. This premise, as previously shown, is wrong.

Because the enforceability of the Second Amendment against North River will not be before the Court on December 11th, there is no need -- at this time -- for North River to conduct any discovery. Moreover, in light of the recent verdict in the InEx bellwether trial, it is unclear whether North River has any remaining interest in conducting such discovery. In any event, if and when the parties should seek to enforce the Second Amendment, North River will be entitled to make its request for discovery, and the Court will rule on its discovery request at that time. In the meantime, all of North River's rights and defenses are preserved, including its right to seek discovery in any proceeding where the Second Amendment may be enforced against it.

## IV. CONCLUSION

For the foregoing reasons, the undersigned parties respectfully request that the Court deny North River's Motion to Vacate the Order Granting Preliminary Approval of the Second Amendment to the Amended InEx and Knauf Settlements.

---

[14]     *See* Memorandum in Support of Motion of Defendant the North River Insurance Company to Vacate the Order Granting Preliminary Approval of the Second Amendment to the Amended InEx and Knauf Settlements, at 2 (Rec. Doc. No. 16300-1).

Respectfully submitted,

Dated:  December  5, 2012          By:  /s/ Kyle A. Spaulding
                                       KERRY J. MILLER (# 24562)
                                       KYLE A. SPAULDING (# 29000)
                                       FRILOT L.L.C.
                                       1100 Poydras Street
                                       Suite 3700
                                       New Orleans, LA  70163
                                       Telephone:  (504) 599-8194
                                       Facsimile:  (504) 599-8145
                                       Email:  kmiller@frilot.com

                                            - AND -

                                       STEVEN GLICKSTEIN (NY Bar # 1038157)
                                       JAY P. MAYESH (NY Bar # 1081603)
                                       KAYE SCHOLER LLP
                                       425 Park Avenue
                                       New York, NY  10022
                                       Telephone:  (212) 836-8485
                                       Facsimile:  (212) 836-6485
                                       Email:  sglickstein@kayescholer.com

                                       Counsel for the Knauf Defendants

**PLAINTIFFS' LEAD COUNSEL MDL 2047**

Russ M. Herman, Esquire (Bar No. 6819)
Leonard A. Davis, Esquire (Bar No. 14190)
Stephen J. Herman, Esquire (Bar No. 23129)
HERMAN, HERMAN, KATZ & COTLAR, LLP
820 O'Keefe Avenue
New Orleans, LA 70113
Phone: (504) 581-4892
Fax: (504) 561-6024
LDavis@hhkc.com

Arnold Levin (On the Brief)
Fred S. Longer (On the Brief)
Matthew C. Gaughan (On the Brief)
Sandra L. Duggan (On the Brief)
LEVIN, FISHBEIN, SEDRAN & BERMAN
510 Walnut Street, Suite 500
Philadelphia, PA 19106
Phone: (215) 592-1500
Fax: (215) 592-4663
Alevin@lfsblaw.com

**PLAINTIFFS' STEERING COMMITTEE**

Dawn M. Barrios
BARRIOS, KINGSDORF & CASTEIX, LLP
701 Poydras Street, Suite 3650
New Orleans, LA 70139
Phone: (504) 524-3300
Fax: (504) 524-3313
Barrios@bkc-law.com

Daniel E. Becnel, Jr.
BECNEL LAW FIRM, LLC
P.O. Drawer H
106 W. Seventh Street
Reserve, LA 70084
Phone: (985) 536-1186
Fax: (985) 536-6445
dbecnel@becnellaw.com

Robert C. Josefsberg
PODHURST ORSECK, P.A.

Bruce William Steckler
BARON & BUDD, P.C.
3102 Oak Lawn Avenue, Suite 1100
Dallas, TX 75219
Phone: (214) 521-3605
Fax: (214) 520-1181
bsteckler@baronbudd.com

Ervin A. Gonzalez
COLSON, HICKS, EIDSON, COLSON
MATTHEWS, MARTINEZ, GONZALES,
KALBAC & KANE
255 Alhambra Circle, Penthouse
Coral Gables, FL 33134
Phone: (305) 476-7400
Fax: (305) 476-7444
Ervin@colson.com

Ben W. Gordon, Jr.
LEVIN, PAPANTONIO, THOMAS,

25 Flagler Street, 8th Floor
Miami, FL 33130
Phone: (305) 358-2800
Fax: (305) 358-2382
rjosefsberg@podhurst.com

Hugh P. Lambert
LAMBERT AND NELSON
701 Magazine Street
New Orleans, LA 70130
Phone: (504) 581-1750
Fax: (504) 529-2931
hlambert@lambertandnelson.com

Gerald E. Meunier
GAINSBURGH, BENJAMIN, DAVID,
MEUNIER & WARSHAUER, LLC
2800 Energy Centre, 1100 Poydras Street
New Orleans, LA 70163-2800
Phone: (504) 522-2304
Fax: (504) 528-9973
gmeunier@gainsben.com

Jerrold Seth Parker
PARKER, WAICHMAN, ALONSO, LLP
3301 Bonita Beach Road
Bonita Springs, FL 34134
Phone: (239) 390-1000
Fax: (239) 390-0055
Jerry@yourlawyer.com

Scott Wm. Weinstein
MORGAN & MORGAN
12800 University Drive, Suite 600
Ft. Myers, FL 33907
Phone: (239) 433-6880
Fax: (239) 433-6836
sweinstein@forthepeople.com

MITCHELL ECHSNER & PROCTOR, P.A.
316 S. Baylen Street, Suite 600
Pensacola, FL 32502
Phone: (850) 435-7000
Fax: (850) 435-7020
bgordon@levinlaw.com

James Robert Reeves
LUMPKIN & REEVES
160 Main Street
Biloxi, MS 39530
Phone: (228) 374-5151
Fax: (228) 374-6630
jrr@lumpkinreeves.com

Christopher Seeger
SEEGER WEISS, LLP
One William Street
New York, NY 10004
Phone: (212) 584-0700
Fax: (212) 584-0799
cseeger@seegerweiss.com

Daniel K. Bryson
LEWIS & ROBERTS
3700 Glenwood Avenue, Suite 410
Raleigh, NC 27612
Phone: (919) 981-0191
Fax: (919) 981-0431
dkb@lewis-roberts.com

Richard J. Serpe, Esquire
LAW OFFICES OF RICHARD J. SERPE
Crown Center, Ste. 310
580 East Main Street
Norfolk, VA 23510-2322
rserpe@serpefirm.com

**OF COUNSEL TO PLAINTIFFS' STEERING COMMITTEE**

Richard S. Lewis
HAUSFELD LLP
1700 K Street, NW, Suite 650
Washington, DC 20006
Phone: (202) 540-7200
Fax: (202) 540-7201
rlewis@hausfeldllp.com

Jeremy W. Alters
ALTERS LAW FIRM, P.A.
4141 N.E. 2nd Avenue
Suite 201
Miami, FL 33137
Phone: (305) 571-8550
Fax: (305) 571-8559
jeremy@alterslaw.com

Andrew A. Lemmon
LEMMON LAW FIRM, LLC
P.O. Box 904
15058 River Road
Hahnville, LA 70057
Phone: (985) 783-6789
Fax: (985) 783-1333
andrew@lemmonlawfirm.com

**PROPOSED CLASS COUNSEL**

Arnold Levin
LEVIN, FISHBEIN, SEDRAN & BERMAN
510 Walnut Street, Suite 500
Philadelphia, PA 19106
Phone: (215) 592-1500
Fax: (215) 592-4663
Alevin@lfsblaw.com

Russ M. Herman, Esquire (Bar No. 6819)
HERMAN, HERMAN, KATZ & COTLAR,
LLP
820 O'Keefe Avenue
New Orleans, LA 70113
Phone: (504) 581-4892
Fax: (504) 561-6024
Rherman@hhkc.com

**PROPOSED SUBCLASS COUNSEL**

Gerald E. Meunier
Gainsburgh, Benjamin, David, Meunier
  & Warshauer, LLC
2800 Energy Centre, 1100 Poydras Street
New Orleans, LA 70163-2800
Phone: (504) 522-2304
Fax: (504) 528-9973
gmeunier@gainsben.com
Proposed Louisiana Subclass Counsel


James Robert Reeves
Lumpkin & Reeves
160 Main Street
Biloxi, MS 39530
Phone: (228) 374-5151
Fax: (228) 374-6630   jrr@lumpkinreeves.com
Proposed Non-Louisiana Subclass Counsel


**INTERIOR EXTERIOR BUILDING SUPPLY, L.P.**

Richard G. Duplantier
Galloway Johnson Tomkins Burr and Smith
701 Poydras Street, 40th Floor
New Orleans, LA  70139
Phone: (504) 525-6802
Fax: (504) 525-2456
rduplantier@gjtbs.com

*Counsel for Interior/Exterior Building Supply, L.P.*

**CERTIFICATE OF SERVICE**

I hereby certify that the above and foregoing has been served on all parties by electronically uploading the same to LexisNexis File & Serve in accordance with Pre-Trial Order No. 6, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2047 on this 5th day of December, 2012.

/s/ Kyle A. Spaulding
Kyle A. Spaulding
FRILOT L.L.C.
1100 Poydras Street
Suite 3700
New Orleans, LA 70163
Telephone: (504) 599-8194
Facsimile: (504) 599-8145
kspaulding@frilot.com

*Counsel for the Knauf Defendants*