IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: CHINESE-MANUFACTURED DRYWALL PRODUCTS LIABILITY LITIGATION | : MDL No. 2047 : : Section L : : JUDGE FALLON |
| This Document Relates to: ALL ACTIONS | : MAG. JUDGE WILKINSON : : |

THE PLAINTIFFS' STEERING COMMITTEE'S JOINT
RESPONSE IN OPPOSITION TO ERIC D. HOAGLUND AND
K. EDWARD SEXTON'S MOTION FOR AWARD OF ATTORNEY FEES

**I.    INTRODUCTION**

The Plaintiffs' Steering Committee ("PSC") hereby responds to the motion for award of attorney fees of Eric D. Hoaglund and K. Edward Sexton. [Rec.Doc.No. 16348]. Hoaglund & Sexton seek a specific award of fees and expenses from a fund that has not yet been approved by the Court to pay for such awards. The Hoaglund & Sexton motion is patently premature. The PSC opposes the requested motion because the time has not yet arrived to seek such compensation.

**II.    FACTUAL BACKGROUND**

At the outset of this litigation, the Court appointed individual plaintiffs' counsel to the Plaintiffs' Steering Committee ("PSC") which committee was authorized to manage the affairs of prosecuting the claims of all plaintiffs participating in this MDL.[1] Amongst the many

---

[1]The PSC is currently comprised of the following counsel: Russ M. Herman (ex-officio member of the Committee), Dawn M. Barrios, Daniel E. Becnel, Jr., Daniel K. Bryson, Ervin Amanda Gonzalez, Ben Gordon, Robert C. Josefsberg, Hugh P. Lambert, Arnold Levin, Gerald E. Meunier, Jerrold Seth Parker, James Robert Reeves, Christopher Seeger, Richard J. Serpe,

responsibilities assigned to the PSC was the obligation to "explore, develop and pursue all settlement options" in the MDL. *In re Chinese Manufactured Drywall Products Liability Litigation*, MDL 2047, PTO No. 8 at 4 (E.D.La. July 27, 2009).

To this end, the PSC engaged in extensive efforts to resolve this litigation. Over the past three years the PSC made tremendous efforts to achieve a global resolution of the Chinese Drywall Litigation. As a result of protracted and arm's-length negotiations with hundreds of builders, installers, suppliers and manufacturer Defendants and their insurers, and the Knauf Defendants, the PSC reached a series of five separate, but inter-related and inter-dependent class settlements with: (1) supplier Interior Exterior Building Supply, LP ("InEx") and its insurers[2] (the "InEx Settlement"); (2) the Banner entities[3] and their insurers[4] (the "Banner Settlement"); (3) L&W Supply Corporation ("L&W") and USG Corporation (the "L&W Settlement"); (4) the Knauf Defendants[5] (the "Knauf Settlement"); and (5) more than 700 additional Participating

---

Bruce William Steckler, Scott Weinstein, and Victor M. Diaz, Jr. *In re Chinese Manufactured Drywall Products Liability Litigation*, MDL 2047, PTO No. 8B (E.D.La. March 19, 2012).

[2]InEx's Insurers that have entered into a class settlement include Arch Insurance Company ("Arch") and Liberty Mutual Fire Insurance Company ("Liberty").

[3]The Banner entities include: Banner Supply Co., Banner Supply Co. Pompano, LLC, Banner Supply Co. Port St. Lucie, LLC, Banner Supply Co. Ft. Myers, LLC, Banner Supply Co. Tampa, LLC, Banner Supply International, LLC, and any other entity insured under the Banner Insurance Policies (collectively, "Banner").

[4]Banner's Insurers include: Chartis, FCCI, Hanover, and Maryland Casualty.

[5]The Knauf Defendants include: Knauf Plasterboard (Tianjin) Co., Ltd. ("KPT"), Knauf Plasterboard (Wuhu) Co., Ltd., Guangdong Knauf New Building Material Products Co., Ltd., Knauf Gips KG, Gebr. Knauf Verwaltungsgesellschaft KG, Knauf International GmbH, Knauf Insulation GmbH ("KI"), Knauf UK GmbH, Knauf AMF GmbH & Co. KG, Knauf do Brasil Ltda. and PT Knauf Gypsum Indonesia.

Builders, Suppliers, Installers, and their Participating Insurers (the "Global Settlement"). If achieved, these settlements will provide necessary remediation and monetary relief to the thousands of claimants impacted by Chinese Drywall, many of whom have been displaced from their homes, lost their properties due to foreclosure or sales in mitigation and suffered loss of personal property.

Hoaglund & Sexton's motion references Paragraphs $X^6$ of the Demonstration Remediation Program as the basis for their fee request. Paragraph X provides that only the PSC will make an application to the MDL court for a singular attorneys fee (which was defined to include reasonable expenses) on behalf of all individually retained counsel and common benefit counsel.

Since the Pilot Program was announced on October 14, 2010, the PSC actively sought to

---

[6]Paragraph X of the Demonstration Remediation Program states:

Subject to, and consistent with, any order entered by the MDL Court and the 11th Judicial Circuit of Florida governing Attorneys' Fees, the parties agree that the PSC, including Harrell Class Counsel, common benefit attorneys, and the counsel for the homeowner are entitled to Attorneys' Fees, paid by the Knauf Entities separately and in addition to any consideration received by a homeowner under this Agreement, the calculation and/or amount of which will be determined by a separate agreement(s) between the PSC, including, as to the Harrell Remediation Homes, Harrell class counsel, and the Knauf Entities, which agreement(s) will be submitted to the MDL Court for approval and, in the case of the Harrell Remediation Homes, to the 11th Circuit of Florida, unless these respective courts, **upon application of the PSC**, including Harrell Class Counsel, direct otherwise. In the event the parties are unable to agree on the calculation and/or amount of Attorney's Fees within six months of the execution of this Demonstration Remediation Agreement, then the dispute will be submitted to the MDL Court for resolution, and/or, as to the Harrell Remediation Homes, to the 11th Judicial Circuit of Florida. In either event, (i) no distribution of Attorneys' Fees will take place without the approval of the MDL Court and, as to the Harrell Class Action, the 11th Judicial Circuit Court of Florida; (ii) and the rulings of those courts regarding Attorneys' Fees shall be non-appealable.

*Id.* (emphasis added).

expand that demonstration agreement into a comprehensive settlement that addressed the full panoply of KPT cases. As noted above, the KPT settlement was reached in conjunction with other inter-related settlements. The Final Fairness Hearing on the KPT Settlement Agreement occurred on November 13, 2012, which hearing was continued until December 11, 2012. The KPT Settlement Agreement provides that the Knauf Defendants will pay separately $160 million in attorneys' fees and costs, if approved by the Court, to compensate the PSC and valid and *bona fide* common benefit counsel, proposed Settlement Class Counsel, and individually-retained Plaintiffs' attorneys like Hoaglund & Sexton for: (i) all preparation and litigation work performed on behalf of any Participating Class Member or the Class; (ii) the Knauf Settlement; (iii) the Pilot Program; (iv) the Major Builder Settlement Agreements; (v) any agreement governing homes remediated prior to the Execution Date; and (vi) any other previous settlement between the Knauf Defendants and any other party relating to claims arising from KPT Chinese Drywall, unless attorneys' fees and reasonable costs have already been separately addressed under such settlement.[7] Like the Pilot Program, the KPT Settlement Agreement provides that only the PSC shall be entitled to petition the Court for an award of attorneys fees and costs, which petition can only be submitted after the settlement becomes final.[8] Also, because of the comprehensive nature of the KPT Settlement Agreement and the agreement to pay counsel fees, it was intended to "supercede and replace" the fee provisions of the Pilot Program upon final approval.[9] The PSC submits that because the KPT settlement has not yet become final, it is

---

[7] Amended Knauf Settlement, Section 14.2.

[8] *Id. See also* Section 14.7.

[9] Amended Knauf Settlement, Section 14.3.

premature to address Hoaglund & Sexton's motion at this time.

III. <u>ARGUMENT</u>

Before there can be any allocation from a common fund, there must first be an award of the fund. *Compare In re Vioxx Products Liability Litigation*, 760 F.Supp.2d 640, 642 n.2 (E.D.La. 2010)("The allocation of the common benefit fee amongst the fee applicants, which is the responsibility of this Court pursuant to the Settlement Agreement, will not be addressed at this time. The Court will merely determine the appropriate total fee amount, leaving allocation for another day.") *with In re Vioxx Products Liability Litigation*, 802 F.Supp.2d 740 (E.D.La. 2011)("The Court has previously determined the value of the common benefit work in the Vioxx MDL and associated state litigations which produced the global settlement of November 9, 2007. . . . Now, the Court must allocate those common benefit attorneys' fees among the attorneys who did the work which produced this settlement."). Plainly spoken: you can't put the cart before the horse. Hoaglund & Sexton's motion seeks to upset this plain logic.

Because the final Fairness Hearing of the KPT settlement has not been concluded, and there has been no determination of whether the settlement is fair, reasonable and adequate, it is grossly premature for the PSC to seek a determination of the award of Attorneys' Fees and costs under either the KPT Settlement Agreement or the Pilot Program. As such, there has not yet been an award of a common benefit fund. Under these circumstances, where there exists no common benefit fund, nor any procedures to address requests for attorneys fees, it is too early to make any allocation to Hoaglund & Sexton as the Court must first award a global fee and establish a procedure to determine the division of that award among the competing interests.

The Hoaglund and Sexton motion is premature.

## IV. CONCLUSION

For the reasons set forth above, the motion of Hoaglund & Sexton for payment of attorney fee and expenses should be denied without prejudice.

                                Respectfully submitted,

Dated: December 5, 2012

                                /s/ Russ M. Herman
                                Russ M. Herman, Esquire (LA Bar No. 6819)
Leonard A. Davis, Esquire (LA Bar No. 14190)
Stephen J. Herman, Esquire (LA Bar No. 23129)
HERMAN, HERMAN & KATZ, LLP
820 O'Keefe Avenue
New Orleans, Louisiana 70113
Phone: (504) 581-4892
Fax: (504) 561-6024
LDavis@hhkc.com
*Plaintiffs' Liaison Counsel*
*MDL 2047*

Arnold Levin (On the Brief)
Fred S. Longer (On the Brief)
Matthew C. Gaughan (On the Brief)
Levin, Fishbein, Sedran & Berman
510 Walnut Street, Suite 500
Philadelphia, PA 19106
215-592-1500 (phone)
215-592-4663 (fax)
Alevin@lfsblaw.com
*Plaintiffs' Lead Counsel*
*MDL 2047*

## PLAINTIFFS' STEERING COMMITTEE

Dawn M. Barrios
Barrios, Kingsdorf & Casteix, LLP
701 Poydras Street, Suite 3650
New Orleans, LA 70139
Phone: (504) 524-3300
Fax: (504) 524-3313
Barrios@bkc-law.com

Daniel E. Becnel, Jr.
Becnel Law Firm. LLC
425 W. Airline Highway, Suite B
Laplace, LA 70068
Phone: (985) 536-1186
Fax: (985) 536-6445
dbecnel@becnellaw.com

Robert C. Josefsberg
Podhurst Orseck, P.A.
25 Flagler Street, 8th Floor
Miami, FL 33130
Phone: (305) 358-2800
Fax: (305) 358-2382
rjosefsberg@podhurst.com

Bruce William Steckler
Baron & Budd, P.C.
3102 Oak Lawn Ave., Suite 1100
Dallas, TX 75219
Phone: (214) 521-3605
Fax: (214) 520-1181
bsteckler@baronbudd.com

Ervin A. Gonzalez
Colson, Hicks, Eidson, Colson
  Matthews, Martinez, Gonzales,
  Kalbac & Kane
255 Alhambra Circle, Penthouse
Cora Gables, FL 33134
Phone: (305) 476-7400
Fax: (305) 476-7444

Ben W. Gordon, Jr.
Levin, Papantonio, Thomas, Mitchell
 Echsner & Proctor, P.A.
316 S. Baylen Street, Suite 600
Pensacola, FL 32502
Phone: (850) 435-7000
Fax: (850) 435-7020
bgordon@levinlaw.com

Hugh P. Lambert
Lambert and Nelson
701 Magazine Street
New Orleans, LA 70130
Phone: (504) 581-1750
Fax: (504) 529-2931
hlambert@lambertandnelson.com

Gerald E. Meunier
Gainsburgh, Benjamin, David, Meunier
 & Warshauer, LLC
2800 Energy Centre, 1100 Poydras Street
New Orleans, LA 70163-2800
Phone: (504) 522-2304
Fax: (504) 528-9973
gmeunier@gainsben.com

Jerrold Seth Parker
Parker, Waichman, Alonso LLP
3301 Bonita Beach Road
Bonita Springs, FL 34134
Phone: (239) 390-1000
Fax: (239) 390-0055
Jerry@yourlawyer.com

Scott Wm. Weinstein
Morgan & Morgan
12800 University Drive, Suite 600
Ft. Meyers, FL 33907
Phone: (239) 433-6880
Fax: (239) 433-6836
sweinstein@forthepeople.com

James Robert Reeves
Lumpkin & Reeves
160 Main Street
Biloxi, MS 39530
Phone: (228) 374-5151
Fax: (228) 374-6630
jrr@lumpkinreeves.com

Christopher Seeger
Seeger Weiss, LLP
77 Water Street
New York, NY 10005
Phone: (212) 584-0700
Fax: (212) 584-0799
cseeger@seegerweiss.com

Daniel K. Bryson
Lewis & Roberts
3700 Glenwood Avenue, Suite 410
Raleigh, NC 27612
Phone: (919) 981-0191
Fax: (919) 981-0431
dkb@lewis-roberts.com

Richard J. Serpe, Esquire
Law Offices of Richard J. Serpe
Crown Center, Ste. 310
580 East Main Street
Norfolk, VA 23510-2322
Phone: (757) 233-0009
Fax: (757) 233-0455
rserpe@serpefirm.com

Victor M. Diaz, Jr., Esquire
V.M. Diaz and Partners, LLC
119 Washington Ave, Suite 402
Miami Beach, FL 33139
Phone: (305) 704-3200
Fax: (305) 538-4928
victor@diazpartners.com

## OF COUNSEL TO PLAINTIFFS' STEERING COMMITTEE

Richard S. Lewis
HAUSFELD LLP
1700 K Street, N.W
Suite 650
Washington, DC 20006
Phone: (202) 540-7200
Fax: (202) 540-7201
rlewis@hausfeldllp.com

Andrew A. Lemmon
Lemmon Law Firm, LLC
P.O. Box 904
15058 River Road
Hahnville, LA 70057
Phone: (985) 783-6789
Fax: (985) 783-1333
andrew@lemmonlawfirm.com

**CERTIFICATE OF SERVICE**

  I hereby certify that the above and foregoing The Plaintiffs' Steering Committee's Joint Response in Opposition to Eric D. Hoaglund and K. Edward Sexton's Motion for Award of Attorney Fees has been served on Defendants' Liaison Counsel, Kerry Miller, by e-mail and upon all parties by electronically uploading the same to LexisNexis File & Serve in accordance with Pre-Trial Order No. 6, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2047 on this 5th day of December, 2012.

            /s/ Leonard A. Davis
            Leonard A. Davis, Esquire
            Herman, Herman & Katz, LLP
            820 O'Keefe Avenue
            New Orleans, Louisiana 70113
            Phone: (504) 581-4892
            Fax: (504) 561-6024
            Ldavis@hhklawfirm.com
            *Plaintiffs' Liaison Counsel*
            *MDL 2047*
            *Co-counsel for Plaintiffs*