UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: CHINESE-MANUFACTURED DRYWALL PRODUCTS LIABILITY LITIGATION | ) ) ) ) | CIVIL ACTION NO. 09-2047<br><br>JUDGE FALLON |
| This Document Relates to:<br>ALL CASES | | MAGISTRATE WILKINSON |

## INTERIOR EXTERIOR'S OBJECTIONS TO
## PLAINTIFFS' DEPOSITION EXCERPTS OF JAMES TOMPKINS

NOW INTO COURT, through undersigned counsel, come defendants, Interior Exterior Building Supply, L.P. ("Interior Exterior") who submits the following objections to Plaintiffs' depositions excerpts of James Tompkins for use at the bellwether trial, which were first submitted by Plaintiffs to the Court on November 21, 2012:

| 16:25 – 17:13 | Interior Exterior objects to this testimony as irrelevant and, alternatively, the probative value of this evidence is substantially outweighed by its unfair prejudice. |
|---|---|
| 26:25 – 27:7 | Interior Exterior objects to this testimony as hearsay. Further, the testimony assumes facts not in evidence. Counsel's paraphrasing of prior deposition testimony is improper. |
| 53:13 – 57:7 | Interior Exterior objects to this testimony as being vague and ambiguous. Further, the testimony is irrelevant and, alternatively, the probative value of this evidence is substantially outweighed by its unfair prejudice and confusion. The question for the jury, as outlined by the Court, is whether the alleged unreasonable acts or omissions of Interior Exterior would have revealed the defect, not whether Interior Exterior failed to discover any "discoverable" defect no matter what the means. |
| 93:7-23 | Interior Exterior objects to this testimony as irrelevant or, alternatively, the probative value of this evidence is substantially outweighed by its unfair prejudice. Moreover, these questions address ASTM standards that were stricken from evidence by the Court. |

*[Handwritten annotations in right margin: "overruled 607, 401, 702", "overruled 702, 607", "overruled 607", "overruled 401"]*

1

| | | |
|---|---|---|
| **101:6 – 105:14** | Interior Exterior objects to this testimony as hearsay, assumes facts not in evidence, and references evidence that was stricken by the Court. Further, the testimony is irrelevant or, alternatively, the probative value of this evidence is substantially outweighed by its unfair prejudice insofar as the transactions referenced in the emails were never completed. | Overruled 401, not facts, relevant in evid. |
| **105:21 – 106:6** | Interior Exterior objects to this testimony as hearsay, assumes facts not in evidence, and references evidence that was stricken by the Court. Further, the testimony is irrelevant or, alternatively, the probative value of this evidence is substantially outweighed by its unfair prejudice insofar as the transactions referenced in the emails were never completed. | Overruled 401, 403, 607 |
| **107:5 – 108:7** | Interior Exterior objects to this testimony as hearsay, assumes facts not in evidence, and references evidence that was stricken by the Court. Further, the testimony is irrelevant or, alternatively, the probative value of this evidence is substantially outweighed by its unfair prejudice insofar as the transactions referenced in the emails were never completed. | Overruled 401, 403, not facts, relevant in evid. overruled |
| **108:9 – 109:8** | Interior Exterior objects to this testimony as hearsay, assumes facts not in evidence, and references evidence that was stricken by the Court. Further, the testimony is irrelevant or, alternatively, the probative value of this evidence is substantially outweighed by its unfair prejudice insofar as the transactions referenced in the emails were never completed. | Overruled 401, facts in evid. |
| **109:9 – 107:23** | Interior Exterior objects to this testimony as hearsay, assumes facts not in evidence, and references evidence that was stricken by the Court. Further, the testimony is irrelevant or, alternatively, the probative value of this evidence is substantially outweighed by its unfair prejudice insofar as the transactions referenced in the emails were never completed. | Overruled 401, 607, 702 |
| **127:23 – 128:7** | Interior Exterior objects to this testimony as hearsay and assumes facts not in evidence. Counsel is testifying. | 607, 611(c) |
| **131:4 – 133:6 134: 9-10** | Withdrawn by counsel. Moreover, Interior Exterior objects to this testimony as irrelevant. | Moot |

Respectfully submitted,

*Richard G. Duplantier, Jr.   /s/*
Richard G. Duplantier, Jr. (# 18874)
Lambert J. Hassinger, Jr. (# 21683)
Benjamin R. Grau (#26307)
Carlina C. Eiselen, (# 28524)
GALLOWAY, JOHNSON, TOMPKINS,
BURR & SMITH
701 Poydras Street, 40th Floor
New Orleans, Louisiana 70139
Telephone:  (504) 525-6802 / Fax:  (504) 525-2456
rduplantier@gjtbs.com /jhassinger@gjtbs.com
bgrau@gjtbs.com / ceiselen@gjtbs.com
*Counsel for Defendant, Interior Exterior Building Supply,
L.P. and Interior Exterior Enterprises, LLC*

## Certificate of Service

The undersigned certifies that this document has been served on Plaintiffs' Liaison counsel Russ Herman and Defendants' Liaison Counsel Kerry Miller, by email and United States Mail, and upon all parties by electronically uploading the same to Lexis Nexis File & Serve in accordance with Pretrial Order No. 6, and that the foregoing was filed with the Clerk of Court for the United States District Court for the Eastern District of Louisiana by using the CM/ECF System which will send a notice of electronic filing in accord with the procedures established in MDL 2047, on the 24th day of November, 2012.

*Richard G. Duplantier, Jr.   /s/*
RICHARD G. DUPLANTIER, JR.

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| EDWARD BECKENDORF, ET AL. | * | CIVIL ACTION |
| | * | |
| VERSUS | * | MDL 2047 |
| | * | |
| INTERIOR EXTERIOR BUILDING SUPPLY, ET AL. | * | SECTION "L"(2) |

## JURY INSTRUCTIONS
### November 28, 2012

Members of the Jury:

You have now heard all of the evidence in this case as well as the final argument.

It becomes my duty, therefore, to instruct you on the rules of law that you must follow and apply in arriving at your decision in this case.

In any jury trial, there are, in effect, two judges. I am one of the judges; the other is you, the jury. It is my duty to preside over the trial and to determine what testimony and other evidence is admissible under the law for your consideration. It is also my duty at the end of the trial to instruct you on the law applicable to the case.

You, as jurors, are the judges of the facts. But in determining what actually happened in this case—that is, in reaching your decision as to the facts—it is your sworn duty to follow the law I am now in the process of defining for you, and you must follow my instructions as a whole. You have no right to disregard or give special attention to any one instruction, or to question the wisdom or correctness of any rule I may state to you. That is, you must not substitute or follow your own notion or opinion as to what the law is or ought to be. These charges include the totality of the law applicable to this case. It is your duty to apply the law as I give it to you,

1

regardless of the consequences.

By the same token, it is also your duty to base your verdict solely upon the testimony and other evidence in the case without prejudice or sympathy. That was the promise you made and the oath you took before being accepted by the parties as jurors in this case, and they have the right to expect nothing less.

This case should be considered and decided by you as an action between persons of equal standing in the community, of equal worth, and holding the same or similar stations in life. All persons and corporations stand equal before the law and are to be dealt with as equals in the court of justice.

As I stated earlier, it is your duty to determine the facts, and in so doing, you must consider only the evidence I have admitted in the case. The term "evidence" includes the sworn testimony of the witnesses and the exhibits admitted into the record. Remember that any statements, objections, or arguments made by the lawyers are not evidence in the case. The function of the lawyers is to point out those things that are most significant or most helpful to their side of the case, and in so doing to call your attention to certain facts or inferences that they are particularly concerned that you recall. In the final analysis, however, it is your own recollection and interpretation of the evidence that controls in this case. What the lawyers say is not binding upon you.

Also, during the course of trial, I have occasionally made comments to the lawyers, or asked a question of a witness, or admonished a witness concerning the manner in which he or she should respond to the questions of counsel. Do not assume from anything I may have said that I have any opinion concerning any of the facts in this case. In arriving at your own findings as to

the facts, you should disregard anything I may have said during the trial, except for my instructions to you on the law.

The law of the United States permits the judge to comment on evidence presented during a case. I do not believe that I have made any comments on the evidence in this case. If you could possibly construe any remarks which I have made during the course of this trial, however, as a comment on the evidence, then I instruct you that any such comment on my part is only an expression of my opinion as to the facts, and you, the jury, may disregard such comments entirely since you, as jurors, are the sole judges of the facts in this case.

Although you should consider only the evidence in the case, you are permitted to draw such reasonable inferences from the testimony and the exhibits as you feel are justified in the light of common experience. In other words, you may make deductions and reach conclusions that reason and common sense lead you to draw from the facts that have been established by the testimony and evidence in this case.

You may consider either direct or circumstantial evidence. "Direct evidence" is the testimony of one who asserts actual knowledge of a fact, such as an eyewitness. "Circumstantial evidence" is proof of a chain of facts and circumstances indicating a fact to be proved. The law makes no distinction between the weight to be given to either direct or circumstantial evidence.

Statements and arguments of the lawyers are not evidence in the case, unless made as an admission or stipulation of fact. A "stipulation" is an agreement between both sides that certain facts are true or that a person would have given certain testimony. When the lawyers on both sides stipulate or agree to the existence of a fact, you must, unless otherwise instructed, accept the stipulation as evidence, and regard that fact as proved.

The burden of proof is on the Plaintiff in a civil action, such as this one, to prove every essential element of its claims by a "preponderance of the evidence." A preponderance of the evidence means such evidence as, when considered and compared with the evidence opposed to it, has more convincing force and produces in your minds a belief that what is sought to be proved is more likely true than not true. In other words, to establish a claim by a "preponderance of the evidence" means to prove that the claim is more likely so than not so. If the Plaintiff should fail to prove its claim by a preponderance of the evidence, you, the jury, must find for the Defendant.

In determining whether any fact has been proved by a "preponderance of the evidence" in this case, you may, unless otherwise instructed, consider the testimony of all witnesses, regardless of who may have called them, and all exhibits received in evidence, regardless of who may have produced them. The parties need not produce every possible witness, and they need not prove their claims beyond a reasonable doubt, as is necessary in a criminal prosecution. But speculation or mere possibility and even unsupported probability is not sufficient to support a judgment in their favor.

In deciding this case, you are expected to use your good sense. Give the evidence and the testimony of the witnesses a reasonable and fair interpretation in the light of your knowledge of the natural tendencies of human beings.

The testimony of a single witness may be sufficient to prove any fact, even if a greater number of witnesses may have testified to the contrary, if after considering all the other evidence you believe that single witness.

In weighing the testimony and in determining the credibility of any witness, you may

consider the conduct of the witness, his or her bearing on the witness stand, his or her personal feelings as demonstrated by his or her testimony and his or her actions, any interest he or she may have in the outcome of the case, any prejudice or bias he or she may have shown, and any partiality he or she may have demonstrated.

If a witness is shown to have testified falsely concerning any material matter, you have a right to distrust such witness's testimony on other matters and you may distrust all of the testimony of that witness.

You should keep in mind, of course, that a simple mistake by a witness does not necessarily mean that the witness was not telling the truth as he or she remembers it because people may forget some things or remember other things inaccurately. So, if a witness has made a misstatement, you need to consider whether that misstatement was an intentional falsehood or simply an innocent lapse of memory; and the significance of that may depend on whether it has to do with an important fact or with only an unimportant detail.

When knowledge of technical subject matter may be helpful to the jury, a person who has special training or experience in that technical field may be called as an expert witness and is permitted to state his or her opinion on those technical matters. Such witnesses have testified in this case. You are not, however, required to accept such opinions. As with any other witness, it is up to you to decide whether to rely upon such a witness.

If you should decide that the opinion of an expert witness is not based upon sufficient education and experience, or if you should conclude that the facts the expert relied upon are incorrect, that the reasons given in support of the opinion are not sound, or that the opinion is outweighed by other evidence, then you may disregard the opinion entirely. In deciding whether

to accept or rely upon the opinion of an expert witness, you may consider any bias of the witness, including any bias you may infer from evidence that the expert witness has economic, philosophical, or any other interest in the outcome of the case.

Certain testimony has been presented to you through a deposition. A deposition is the sworn, recorded answers to questions asked a witness in advance of the trial. Under some circumstances, if a witness cannot be present to testify from the witness stand, that witness' testimony may be presented, under oath, in the form of a deposition. Some time before this trial, attorneys representing the parties in this case questioned this witness under oath. A court reporter was present and recorded the testimony. The questions and answers will be read to you today. This deposition testimony is entitled to the same consideration and is to be judged by you as to credibility as if the witness had been present and had testified from the witness stand in court.

During the course of trial, you will have heard objections to evidence. Sometimes these have been argued out of the hearing of the jury. It is the duty of the attorney on each side of a case to object when the other side offers testimony or other evidence which the attorney believes is not properly admissible. You should not draw any inference against or show any prejudice against a lawyer or his client because of the making of an objection.

When the Court has sustained an objection to a question addressed to a witness, the jury must disregard the question entirely and you may draw no inference from the wording of it or speculate as to what the witness would have said if permitted to answer the question.

Upon allowing testimony or other evidence to be introduced over the objections of an attorney, the Court does not, unless expressly stated, indicate any opinion as to the weight or

effect of such evidence. As stated before, you, the jury, are the sole judges of the credibility of all witnesses and the weight and effect of all evidence.

Any notes that you have taken during this trial are only aids to your memory. If your memory differs from your notes, you should rely on your memory and not on the notes. The notes are not evidence. If you have not taken notes, you should rely on your independent recollection of the evidence and should not be unduly influenced by the notes of other jurors. Notes are not entitled to any greater weight than the recollection or impression of each juror about the testimony.

Now as you know, this case involves a dispute between the Plaintiffs, New Orleans Area Habitat for Humanity, Ed and Susan Beckendorf, David and Cheryl Gross, and Beryl Mundee, and the Defendants, Interior Exterior and North River Insurance Company. INEX sold defective drywall to the Plaintiffs between July and November of 2006.

The Plaintiffs claim that INEX was a bad-faith seller because at the time of the sale it knew, or should have known, that the drywall it sold to the Plaintiffs was defective. INEX denies that it was a bad-faith seller and asserts that it neither knew, nor should have known, of the defect.

Let me now discuss the law applicable to this case.

## APPLICABLE LAW

Under Louisiana law, a seller of goods gives its customers an implied warranty that the goods are free from defects and are reasonably fit for their intended use. This area of Louisiana law is known as the law of redhibition. I remind you that the parties in this case have stipulated that the Chinese drywall INEX sold to the Plaintiffs was defective and not reasonably fit for its

intended use; that the nature of the defect was the release of sulfurous gases that corroded metals; and that the Plaintiffs were not aware of the defect at the time of purchase and would not have purchased the drywall had they been aware of the defect. Therefore, you will not be asked to decide whether the drywall was defective, and instead must regard the defect as a proven fact.

The only question for you to decide is whether INEX had knowledge of the defect at the time it sold the drywall to the Plaintiffs. Under Louisiana law, the term knowledge includes both actual knowledge and constructive knowledge. Actual knowledge is what is actually known; constructive knowledge is what should have been known.

In order to prevail on their claim, the Plaintiffs must prove by a preponderance of the evidence either: (1) that, at the time it sold the defective drywall to the Plaintiffs, INEX actually knew that the drywall was defective (actual knowledge); or (2) that, at the time it sold the defective drywall to the Plaintiffs, INEX should have known that the drywall was defective (constructive knowledge). They need not prove that there was any willful misrepresentation on the part of INEX.

To say that INEX "should have known" of the defect means that INEX would have learned of the defect through the exercise of reasonable care. Reasonable care is that degree of care which a reasonably careful person would use under like circumstances. The failure to exercise reasonable care may consist of either doing something that a reasonably careful person would not do under similar circumstances or failing to do something that a reasonably careful person would do under similar circumstances.

Thus, if you find that INEX would have learned of the defect by doing something that a reasonable seller in its position would have done, INEX "should have known" of the defect, and

8

you must find for the Plaintiffs.

If on the other hand you find that INEX acted reasonably under the circumstances, you must find for the Defendants. You must also find for the Defendants if you find that INEX acted unreasonably, but that INEX would not have learned of the defect even if it had acted reasonably.

If a preponderance of the evidence does not support the Plaintiffs' cause of action, then your verdict should be for Defendants. If, however, a preponderance of the evidence does support the Plaintiffs' cause of action, your verdict should be for the Plaintiffs.

## CONCLUDING INSTRUCTIONS

It is your sworn duty as jurors to discuss the case with one another in an effort to reach a unanimous agreement, if you can do so. Each of you must decide the case for yourself, but only after full consideration of the evidence with the other members of the jury. While you are discussing the case, do not hesitate to re-examine your own opinions and change your mind if you become convinced that you are wrong. Do not, however, give up your honest beliefs solely because the others think differently or merely to finish the case.

Remember that in a very real way, you are the judges—judges of the facts. Your only interest is to seek the truth from the evidence in this case.

## VERDICT FORM

I have prepared a special verdict form for your convenience and to aid you in reaching a unanimous decision. You will take the form with you to the jury room. The verdict must represent the considered judgment of each juror.

You will note that the form contains several interrogatories or questions. The answer to each question must be the unanimous answer of the jury. In the space provided below each

9

question, you will find directions which instruct you either to answer the next question, to answer some other question, or to stop and return to the Courtroom with your verdict. You must carefully follow these directions as you complete the form.

[READ THE VERDICT FORM]

When you retire to the jury room to deliberate on your verdict, you may take this charge with you as well as exhibits which the Court has admitted into evidence. First, select your foreperson and then conduct your deliberations. If you recess during deliberations, follow all of the instructions that the Court has given about your conduct during the trial. After you have reached a unanimous verdict, your foreperson is to fill in on the form your answers to the questions. Do not reveal your answers until such time as you are discharged, unless otherwise directed by me. You must never disclose to anyone, not even to me, any numerical division on any question.

If you want to communicate with me at any time, please give a signed written message or question to the Marshal, who will bring it to me. I will then respond as promptly as possible, either in writing or by having you brought into the courtroom so that I can address you orally. I will always first disclose to the attorneys your question and my response before I answer your question.

After you have reached a verdict, you are not required to talk with anyone about the case unless the Court orders otherwise. You may now retire to the jury room to conduct your deliberations.

## JURY VERDICT FORM

YOU MUST ANSWER EACH QUESTION BELOW:

1. Do you find by a preponderance of the evidence that defendant INEX had actual knowledge of the defect in the drywall, which was manufactured by Knauf Plasterboard Tianjin, at the time that INEX sold the drywall to Plaintiffs Edward and Susan Beckendorf, on or about March 17, 2006?



YES      __X__ NO

[NOTE: Proceed to Question 2.]

2. Do you find by a preponderance of the evidence that defendant INEX should have known ("constructive knowledge") of the defect in the drywall, which was manufactured by Knauf Plasterboard Tianjin, at the time that INEX sold the drywall to Plaintiffs Edward and Susan Beckendorf, on or about March 17, 2006?



YES      __X__ NO

[NOTE: Proceed to Question 3.]

3. Do you find by a preponderance of the evidence that defendant INEX had actual knowledge of the defect in the drywall, which was manufactured by Knauf Plasterboard Tianjin, at the time that INEX sold the drywall to Plaintiff New Orleans Area Habitat for Humanity, Inc., to be installed in the property owned by Casey Leblanc, on or about July 26, 2006?



YES      __X__ NO

[NOTE: Proceed to Question 4.]

4. Do you find by a preponderance of the evidence that defendant INEX should have known ("constructive knowledge") of the defect in the drywall, which was manufactured by Knauf Plasterboard Tianjin at the time that INEX sold the drywall to Plaintiff New Orleans Area Habitat for Humanity, Inc., to be installed in the property owned by Casey Leblanc, on or about July 26, 2006?



YES      __X__ NO

[NOTE: Proceed to Question 5.]

5. Do you find by a preponderance of the evidence that defendant INEX had actual knowledge of the defect in the drywall, which was manufactured by Taian Taishan Plasterboard, at the time that INEX sold the drywall to Plaintiffs David and Cheryl Gross, on or about September 15, 2006?

_____     __X__
YES           NO

[NOTE: Proceed to Question 6.]

6. Do you find by a preponderance of the evidence that defendant INEX should have known ("constructive knowledge") of the defect in the drywall, which was manufactured by Taian Taishan Plasterboard, at the time that INEX sold the drywall to Plaintiffs David and Cheryl Gross, on or about September 15, 2006?

_____     __X__
YES           NO

[NOTE: Proceed to Question 7.]

7. Do you find by a preponderance of the evidence that defendant INEX had actual knowledge of the defect in the drywall, which was manufactured by Taian Taishan Plasterboard, at the time that INEX sold the drywall to Plaintiff Beryl Mundee, on or about November 7, 2006?

_____     __X__
YES           NO

[NOTE: Proceed to Question 8.]

8. Do you find by a preponderance of the evidence that defendant INEX should have known ("constructive knowledge") of the defect in the drywall, which was manufactured by Taian Taishan Plasterboard, at the time that INEX sold the drywall to Plaintiff Beryl Mundee, on or about November 7, 2006?

_____     __X__
YES           NO

**PLEASE DATE AND SIGN THE FORM AND NOTIFY THE COURT SECURITY OFFICER THAT YOU HAVE REACHED A VERDICT.**

New Orleans, Louisiana, this __3__ day of December, 2012.

_____
JURY FOREPERSON