**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF LOUISIANA**

| --------------------------------------------------------- x | |
|---|---|
| IN RE: CHINESE-MANUFACTURED DRYWALL PRODUCTS LIABILITY LITIGATION : | MDL NO. 2047 |
| THIS DOCUMENT RELATES TO ALL CASES AND: : | SECTION: L |
| *Silva, et al. v. Interior Exterior Building Supply, LP, et al.* Case No. 09-08030 (E.D.La.) : | JUDGE FALLON |
| *Silva, et al. v. Arch Ins. Co., et al.* Case No. 09-08034 (E.D.La.) : | MAG. JUDGE WILKINSON |
| *Payton, et al. v. Knauf Gips KG, et al.* Case No. 2:09-cv-07628 (E.D. La.) : | |
| *Wiltz, et al. v. Beijing New Building Materials Public Limited Co., et al.* Case No. 2:10-cv-00361 (E.D.La.) : | |
| *Gross, et al. v. Knauf Gips KG, et al.* Case No. 2:09-cv-06690 (E.D. La.) : | |
| *Rogers, et al. v. Knauf Gips KG, et al.* Case No. 2:10-cv-00362 (E.D. La.) : | |
| *Amato, et al. v. Liberty Mutual Ins. Co., et al.* Case No. 2:10-cv-00932 (E.D.La.) : | |
| *Abel, et al. v. Taishan Gypsum Co., Ltd., f/k/a Shandong Taihe Dongxin Co., Ltd., et al.* Case No. 2:11-cv-00080 (E.D.La.) : | |
| *Abreu, et al. v. Gebrueder Knauf Verwaltungsgesellschaft KG, et al.* Case No. 2:11-cv-00252 (E.D. La.) : | |
| --------------------------------------------------------- x | |

**RESPONSE OF THE PSC, INEX AND KNAUF DEFENDANTS TO OPPOSITION OF NORTH RIVER INSURANCE COMPANY TO JOINT MOTION FOR PRELIMINARY AND FINAL APPROVAL OF THE <u>SECOND AMEMENDMENT TO THE AMENDED INEX AND KNAUF SETTLEMENTS</u>**

Not a single class member has objected to approval of the Second Amendment. Only North River has objected. But in its opposition to the joint motion for preliminary and final approval of the Second Amendment, North River continues to attack a straw man. North River's opposition primarily addresses whether the Second Amendment would be binding on North River even though the parties have amended their motion to make clear that they are not seeking any determination on that issue. As such, North River's opposition is irrelevant to the issues that are actually before the Court concerning the fairness, reasonableness and adequacy of the Second Amendment to the Class.

Initially and most fundamentally, as the parties recently have explained, the Court should not entertain North River's objections because North River has no standing to object to approval of the Second Amendment. North River is neither a class member nor a settling defendant. The parties repeatedly have made clear to North River that they seek only a determination that the Second Amendment is binding on the signatories and fair to the Class – and do not seek a determination that the Second Amendment is binding on or enforceable against North River.[1] All of North River's rights and defenses are preserved should the issue of whether the Second Amendment binds North River arise in a subsequent proceeding. As such, North River has no interest in the present proceedings sufficient to confer standing on it. [2]

---

[1] *See* Response of the PSC, InEx and Knauf Defendants to Motion of North River Insurance Company to Vacate the Order Granting Preliminary Approval of the Second Amendment to the Amended InEx and Knauf Settlements at 4-6 [Rec. Doc.16351].

[2] *See* Response of the PSC, InEx and Knauf Defendants to Motion of North River Insurance Company to Vacate the Order Granting Preliminary Approval of the Second Amendment to the Amended InEx and Knauf Settlements at 6 [Rec. Doc.16351].

North River nevertheless contends that it has standing because "INEX, Knauf, and the PSC intend that the [Second Amendment] be enforceable against North River at some point." North River Opp. at 7. The fact that the parties might seek to enforce the Second Amendment against North River in a hypothetical future proceeding at which North River would have the right to assert all its defenses does not confer standing on North River in this proceeding at which its rights will not be determined or otherwise affected. Accordingly, the Court should not consider North River's objections because it lacks standing to assert them.

Even assuming contrary to fact and law that North River had standing, the Court should reject North River's meritless objections. North River contends that the joint motion for approval is procedurally defective because the Class was not provided with additional publication notice and because North River requires discovery before the Court considers the fairness, reasonableness and adequacy of the Second Amendment. North River made these same arguments in its motion to vacate this Court's order preliminarily approving the Second Amendment and the parties have responded to them in their response to North River's motion to vacate. As explained in greater detail in the parties' response, which is incorporated by reference, additional publication notice is not required where, as here, the Second Amendment confers an additional significant benefit on the parties – in the form of the Knauf Defendants' agreement not to exercise their termination rights based on a failure to resolve claims with InEx and its insurers – and does not withdraw any benefits from the Class.[3] Nor is North River

---

[3] *See* Response of the PSC, InEx and Knauf Defendants to Motion of North River Insurance Company to Vacate the Order Granting Preliminary Approval of the Second Amendment to the Amended InEx and Knauf Settlements at 7-9 [Rec. Doc. 16351].

entitled to discovery on issues that are not raised in this proceeding regarding whether the Second Amendment is enforceable against North River. [4]

The remainder of North River's opposition is devoted to North River's unfounded conspiracy theory regarding the motivations of the parties in entering the Second Amendment and meritless arguments based on incorrect assumptions that approval of the Second Amendment as binding on the signatories and fair to the Class would bind North River in a subsequent proceeding. The Court need not address these issues.

The parties' full response to these claims are contained in Rec. Doc. Nos. 15978 and 16351, which are incorporated by reference and summarized briefly here. Suffice it to say, as the parties have explained elsewhere, North River's telling of events bears no relationship to reality. The Knauf Defendants had repeatedly said that they would terminate their settlement as to InEx-supplied homes if there was not a satisfactory resolution with InEx and North River.[5] The possibility that Knauf might do so posed a significant threat to InEx because that likely would have caused the InEx settlement to collapse and potentially expose InEx to liability beyond its insurance coverage.[6] In light of the inability to resolve issues with North River at the May 31, 2012 mediation and with the Knauf Defendants' deadline for terminating their settlement fast approaching, the PSC, InEx, Arch, Liberty and the Knauf Defendants entered into complex negotiations over the next several months that resulted in an agreement that would

---

[4] *See* Response of the PSC, InEx and Knauf Defendants to Motion of North River Insurance Company to Vacate the Order Granting Preliminary Approval of the Second Amendment to the Amended InEx and Knauf Settlements at 12 [Rec. Doc. 16351].

[5] *See* Response of the PSC, InEx and the Knauf Defendants to North River's Opposition to the Motion to Expedite Consideration of the Second Amendment to the InEx and Knauf Class Settlements at 2-7 [Rec. Doc. 15978].

[6] *See* Response of the PSC, InEx and the Knauf Defendants to North River's Opposition to the Motion to Expedite Consideration of the Second Amendment to the InEx and Knauf Class Settlements at 8-11 [Rec. Doc. 15978].

liquidate InEx's liability within its insurance coverage depending on the then-pending (and recently completed) bellwether trial of InEx's liability. In return, the Knauf Defendants relinquished their right to terminate their settlement based on a refusal to resolve issues with InEx and its insurers, including North River.[7] Thereafter, the parties presented the Second Amendment to North River, which refused its consent, and submitted the Second Amendment to the Court for approval.

There is no merit to North River's contention that the Second Amendment is "intended only as an effort to deprive North River of its right to contest liability and damages as well as potentially limit its right to pass the damages to the real culpable party, Knauf." North River Opp. at 2. First, the Second Amendment permitted North River to litigate that InEx is not liable to plaintiffs. Second, the Second Amendment preserves North River's right to seek subrogation against Knauf.[8] Third, while it is true that the Second Amendment liquidated damages, there is nothing sinister about that – all settlements liquidate damages. In this case, having prevailed at trial and barring reversal on appeal, North River's liability to plaintiffs who own or rent homes with KPT Chinese Drywall is liquidated at zero.[9] Under the Second Amendment, North River will not have to relitigate that issue with respect to homes with KPT Chinese Drywall. The question of whether the liquidated amount is fair to North River is moot in light of the trial result, and in any event is not before the Court on December 11. Should there be any occasion for North River to contest the reasonableness of any liquidated damages amount or any other

---

7 *See* Response of the PSC, InEx and the Knauf Defendants to North River's Opposition to the Motion to Expedite Consideration of the Second Amendment to the InEx and Knauf Class Settlements at 10-13 [Rec. Doc. 15978].

8 *See* Second Amendment at ¶ 7.

9 Taishan homeowners who were not part of the trial preserve their claims against North River and InEx retains its coverage claims against North River with respect to Taishan homeowners.

aspect concerning the enforceability of the Second Amendment against it, North River will have the ability to do so with all its rights and defenses preserved.

Finally, North River contends that the Second Amendment would not bind it under Louisiana law. North River Opp. at 24-28. Although the Court need not consider this issue, there is no merit to North River's contention, which is addressed in the parties' response to North River's opposition to the motion to expedite and incorporated by reference here.[10]

## CONCLUSION

For the foregoing reasons and the reasons set forth in the joint motion, the Court should approve the Second Amendment as fair, reasonable and adequate to the Class and binding on the signatories.

Respectfully submitted,

Dated: December 6, 2012

By: ______________________________

KERRY J. MILLER (# 24562)
KYLE A. SPAULDING (# 29000)
FRILOT L.L.C.
1100 Poydras Street
Suite 3700
New Orleans, LA 70163
Telephone: (504) 599-8194
Facsimile: (504) 599-8145
Email: kmiller@frilot.com

- AND -

STEVEN GLICKSTEIN (NY Bar # 1038157)
JAY P. MAYESH (NY Bar # 1081603)
KAYE SCHOLER LLP
425 Park Avenue

---

10 *See* Response of the PSC, InEx and the Knauf Defendants to North River's Opposition to the Motion to Expedite Consideration of the Second Amendment to the InEx and Knauf Class Settlements at 13-15 [Rec. Doc. 15978].

New York, NY 10022
Telephone: (212) 836-8485
Facsimile: (212) 836-6485
Email: sglickstein@kayescholer.com

Counsel for the Knauf Defendants

**PLAINTIFFS' LEAD COUNSEL MDL 2047**

Russ M. Herman, Esquire (Bar No. 6819)
Leonard A. Davis, Esquire (Bar No. 14190)
Stephen J. Herman, Esquire (Bar No. 23129)
HERMAN, HERMAN, KATZ & COTLAR, LLP
820 O'Keefe Avenue
New Orleans, LA 70113
Phone: (504) 581-4892
Fax: (504) 561-6024
LDavis@hhkc.com

Arnold Levin (On the Brief)
Fred S. Longer (On the Brief)
Matthew C. Gaughan (On the Brief)
Sandra L. Duggan (On the Brief)
LEVIN, FISHBEIN, SEDRAN & BERMAN
510 Walnut Street, Suite 500
Philadelphia, PA 19106
Phone: (215) 592-1500
Fax: (215) 592-4663
Alevin@lfsblaw.com

**PLAINTIFFS' STEERING COMMITTEE**

Dawn M. Barrios
BARRIOS, KINGSDORF & CASTEIX, LLP
701 Poydras Street, Suite 3650
New Orleans, LA 70139
Phone: (504) 524-3300
Fax: (504) 524-3313
Barrios@bkc-law.com

Bruce William Steckler
BARON & BUDD, P.C.
3102 Oak Lawn Avenue, Suite 1100
Dallas, TX 75219
Phone: (214) 521-3605
Fax: (214) 520-1181
bsteckler@baronbudd.com

Daniel E. Becnel, Jr.
BECNEL LAW FIRM, LLC
P.O. Drawer H
106 W. Seventh Street
Reserve, LA 70084
Phone: (985) 536-1186
Fax: (985) 536-6445
dbecnel@becnellaw.com

Ervin A. Gonzalez
COLSON, HICKS, EIDSON, COLSON
MATTHEWS, MARTINEZ, GONZALES,
KALBAC & KANE
255 Alhambra Circle, Penthouse
Coral Gables, FL 33134
Phone: (305) 476-7400
Fax: (305) 476-7444
Ervin@colson.com

Robert C. Josefsberg
PODHURST ORSECK, P.A.

Ben W. Gordon, Jr.
LEVIN, PAPANTONIO, THOMAS,

25 Flagler Street, 8th Floor
Miami, FL 33130
Phone: (305) 358-2800
Fax: (305) 358-2382
rjosefsberg@podhurst.com

MITCHELL ECHSNER & PROCTOR, P.A.
316 S. Baylen Street, Suite 600
Pensacola, FL 32502
Phone: (850) 435-7000
Fax: (850) 435-7020
bgordon@levinlaw.com

Hugh P. Lambert
LAMBERT AND NELSON
701 Magazine Street
New Orleans, LA 70130
Phone: (504) 581-1750
Fax: (504) 529-2931
hlambert@lambertandnelson.com

James Robert Reeves
LUMPKIN & REEVES
160 Main Street
Biloxi, MS 39530
Phone: (228) 374-5151
Fax: (228) 374-6630
jrr@lumpkinreeves.com

Gerald E. Meunier
GAINSBURGH, BENJAMIN, DAVID,
MEUNIER & WARSHAUER, LLC
2800 Energy Centre, 1100 Poydras Street
New Orleans, LA 70163-2800
Phone: (504) 522-2304
Fax: (504) 528-9973
gmeunier@gainsben.com

Christopher Seeger
SEEGER WEISS, LLP
One William Street
New York, NY 10004
Phone: (212) 584-0700
Fax: (212) 584-0799
cseeger@seegerweiss.com

Jerrold Seth Parker
PARKER, WAICHMAN, ALONSO, LLP
3301 Bonita Beach Road
Bonita Springs, FL 34134
Phone: (239) 390-1000
Fax: (239) 390-0055
Jerry@yourlawyer.com

Daniel K. Bryson
LEWIS & ROBERTS
3700 Glenwood Avenue, Suite 410
Raleigh, NC 27612
Phone: (919) 981-0191
Fax: (919) 981-0431
dkb@lewis-roberts.com

Scott Wm. Weinstein
MORGAN & MORGAN
12800 University Drive, Suite 600
Ft. Myers, FL 33907
Phone: (239) 433-6880
Fax: (239) 433-6836
sweinstein@forthepeople.com

Richard J. Serpe, Esquire
LAW OFFICES OF RICHARD J. SERPE
Crown Center, Ste. 310
580 East Main Street
Norfolk, VA 23510-2322
rserpe@serpefirm.com

**OF COUNSEL TO PLAINTIFFS' STEERING COMMITTEE**

Richard S. Lewis
HAUSFELD LLP
1700 K Street, NW, Suite 650
Washington, DC 20006
Phone: (202) 540-7200
Fax: (202) 540-7201
rlewis@hausfeldllp.com

Jeremy W. Alters
ALTERS LAW FIRM, P.A.
4141 N.E. 2nd Avenue
Suite 201
Miami, FL 33137
Phone: (305) 571-8550
Fax: (305) 571-8559
jeremy@alterslaw.com

Andrew A. Lemmon
LEMMON LAW FIRM, LLC
P.O. Box 904
15058 River Road
Hahnville, LA 70057
Phone: (985) 783-6789
Fax: (985) 783-1333
andrew@lemmonlawfirm.com

**PROPOSED CLASS COUNSEL**

Arnold Levin
LEVIN, FISHBEIN, SEDRAN & BERMAN
510 Walnut Street, Suite 500
Philadelphia, PA 19106
Phone: (215) 592-1500
Fax: (215) 592-4663
Alevin@lfsblaw.com

Russ M. Herman, Esquire (Bar No. 6819)
HERMAN, HERMAN, KATZ & COTLAR, LLP
820 O'Keefe Avenue
New Orleans, LA 70113
Phone: (504) 581-4892
Fax: (504) 561-6024
Rherman@hhkc.com

**PROPOSED SUBCLASS COUNSEL**

Gerald E. Meunier
Gainsburgh, Benjamin, David, Meunier
& Warshauer, LLC
2800 Energy Centre, 1100 Poydras Street
New Orleans, LA 70163-2800
Phone: (504) 522-2304
Fax: (504) 528-9973
gmeunier@gainsben.com
Proposed Louisiana Subclass Counsel

James Robert Reeves
Lumpkin & Reeves
160 Main Street
Biloxi, MS 39530
Phone: (228) 374-5151
Fax: (228) 374-6630 jrr@lumpkinreeves.com
Proposed Non-Louisiana Subclass Counsel

**INTERIOR EXTERIOR BUILDING SUPPLY, L.P.**

Richard G. Duplantier
Galloway Johnson Tomkins Burr and Smith
701 Poydras Street, 40th Floor
New Orleans, LA 70139
Phone: (504) 525-6802
Fax: (504) 525-2456
rduplantier@gjtbs.com

*Counsel for Interior/Exterior Building Supply, L.P.*

**CERTIFICATE OF SERVICE**

I hereby certify that the above and foregoing has been served on all parties by electronically uploading the same to LexisNexis File & Serve in accordance with Pre-Trial Order No. 6, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2047 on this 6th day of December, 2012.

/s/ Kyle A. Spaulding
Kyle A. Spaulding
FRILOT L.L.C.
1100 Poydras Street
Suite 3700
New Orleans, LA 70163
Telephone: (504) 599-8194
Facsimile: (504) 599-8145
kspaulding@frilot.com

*Counsel for the Knauf Defendants*