**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF LOUISIANA**

```
------------------------------------------------------- x
```

IN RE: CHINESE-MANUFACTURED        :
DRYWALL PRODUCTS LIABILITY         :        MDL NO. 2047
LITIGATION                         :
                                   :        SECTION:  L
THIS DOCUMENT RELATES TO           :
ALL CASES AND:                     :        JUDGE FALLON
                                   :
*Payton, et al. v. Knauf Gips KG, et al.*   :    MAG. JUDGE WILKINSON
Case No. 2:09-cv-07628 (E.D. La.)  :
                                   :
*Gross, et al. v. Knauf Gips KG, et al.*    :
Case No. 2:09-cv-06690 (E.D. La.)  :
                                   :
*Rogers, et al. v. Knauf Gips KG, et al.*   :
Case No. 2:10-cv-00362 (E.D. La.)  :
                                   :
*Abreu, et al. v. Gebrueder Knauf*          :
*Verwaltungsgesellschaft KG, et al.*        :
Case No. 2:11-cv-00252 (E.D. La.)  :
                                   :
*Block, et al. v. Gebrueder Knauf*          :
*Verwaltungsgesellschaft, KG, et al.*       :
Case No. 11-cv-1363 (E.D. La.)     :
                                   :
*Arndt, et al. v. Gebrueder Knauf*          :
*Verwaltungsgesellschaft, KG, et al.*       :
Case No. 11-cv-2349 (E.D. La.)     :
                                   :
*Cassidy, et al. v. Gebrueder Knauf*        :
*Verwaltungsgesellschaft, KG, et al.*       :
Case No. 11-cv-3023 (E.D. La.)     :
                                   :
*Vickers, et al. v. Knauf Gips KG, et al.*  :
Case No. 2:09-cv-04117 (E.D. La.)  :
                                   :
*Wiltz, et al. v. Beijing New Building Materials*  :
*Public Limited Co., et al.*               :
Case No. 2:10-cv-00361 (E.D. La.)  :
                                   :
*Silva, et al. v. Interior Exterior Building*      :
*Supply, LP, et al.*                       :
Case No. 09-08030 (E.D. La.)       :
                                   :
*Silva, et al. v. Arch Insurance Company, et al.*  :
Case No. 09-08034 (E.D. La.)       :

|  | : |
|---|---|
| *Amato, et al. v. Liberty Mutual Ins. Co.* | : |
| Case No. 2:10-cv-00932 (E.D. La.) | : |
|  | : |
| *Abel, et al. v. Taishan Gypsum Co., Ltd., f/k/a* | : |
| *Shandong Taihe Dongxin Co., Ltd., et al.* | : |
| Case No. 2:11-cv-00080 (E.D. La) | : |
|  | : |
| *Hernandez, et al. v. AAA Insurance, et al.* | : |
| Case No. 2:10-cv-03070 (E.D. La.) | : |
|  | : |
| *Haya, et al. v. Taishan Gypsum Co., Ltd., f/k/a* | : |
| *Shandong Taihe Dongxin Co., Ltd., et al.* | : |
| Case No. 2:11-cv-01077 (E.D. La.) | : |

----------------------------------------------------------   x

### JOINT MEMORANDUM OF KNAUF DEFENDANTS, CLASS COUNSEL, AND THE PLAINTIFFS' STEERING COMMITTEE IN RESPONSE TO OBJECTIONS TO THE KNAUF, INEX, BANNER, L&W AND GLOBAL SETTLEMENTS

The Knauf Defendants,[1] Class Counsel, and the Plaintiffs' Steering Committee ("PSC")

submit this Joint Memorandum of Law in Response to Objections to the Knauf, InEx, Banner,

L&W and Global Settlements.[2]   Objectors Trevis Amerson, Delbert Hopper, Daniel C. Ladner,

John and Lori Willis, Wayne Kaplan, Jan Petrus, Saul Soto, Ronnie Garcia, Ernest Vitela and

---

[1]     The Knauf Defendants are Knauf Plasterboard (Tianjin) Co., Ltd. ("KPT"); Knauf Plasterboard (Wuhu) Co., Ltd. ("Knauf Wuhu"); Guangdong Knauf New Building Material Products Co., Ltd. ("Knauf Dongguan"), Knauf Gips KG ("Knauf Gips"); Gebr. Knauf Verwaltungsgesellschaft KG ("GKV"); Knauf International GmbH ("Knauf International"); Knauf Insulation GmbH ("Knauf Insulation"); Knauf UK GmbH ("Knauf U.K."); Knauf AMF GmbH & Co. KG ("Knauf AMF"); Knauf do Brasil Ltda. ("Knauf Brasil"); and PT Knauf Gypsum Indonesia ("Knauf Indonesia").

[2]     *See* Third Amended Settlement Agreement Regarding Claims Against The Knauf Defendants In MDL No. 2047 ("Knauf Settlement") (Rec. Doc. No. 16407-3); Settlement Agreement in MDL No. 2047 Regarding Claims Involving Builders, Installers, Suppliers and Participating Insurers ("Global Settlement") (Rec. Doc. No. 15695-2); Amended Banner Settlement ("Banner Settlement") (Rec. Doc. No. 10033-3); Amended InEx Settlement Agreement ("InEx Settlement") (Rec. Doc. No. 12258-3); L&W Settlement (L&W Settlement") (Rec. Doc. No. 13913-3).

Perry Homes LLC have all withdrawn their objections.[3]   The memorandum addresses all remaining objections save those submitted by the North River Insurance Company, which have been addressed separately.

The memorandum is organized topically, rather than by individual objection or objector. For the convenience of the Court, a reference chart has been provided, attached as Exhibit 1, indicating where in the body of the memorandum each objection is addressed.

The various settlements remain contingent on certain future events.  This memorandum assumes that those contingencies are resolved satisfactorily.

## I.   INTRODUCTION

The integrated settlement plan before the Court is composed of five interlocking settlement agreements -- the Knauf, InEx, Banner, L&W and Global settlement agreements -- collectively designed to achieve a comprehensive resolution of claims involving allegedly defective drywall manufactured in China and installed in thousands of properties in the United States.  This coordinated settlement plan will provide substantial and long-anticipated relief to affected property owners -- including remediation of properties, compensation for personal property damage and economic loss, and recovery of attorneys' fees and costs -- and affords class members a manifestly superior alternative to the uncertainty, delay and expense of continued litigation.

---

[3]   The objections of John and Lori Willis, Perry Homes LLC, Trevis Amerson, Delbert Hopper and Daniel C. Ladner were dismissed on November 13, 2012 by order of the Court.  *See* Rec. Doc. No. 16229.  Objectors Jan Petrus, Saul Soto, Ronnie Garcia and Ernest Vitela filed an unopposed motion to withdraw their objections on December 5, 2012.  *See* Objectors' Unopposed Motion to Withdraw Objections (Rec. Doc. No. 16357).  Class Counsel filed an unopposed motion to dismiss the objections of Wayne Kaplan on December 13, 2012.  *See* Class Counsel's Unopposed Motion to Dismiss Objections (Rec. Doc. No. 16433).

Class members have been accorded several months to review and evaluate the terms of the proposed settlements.[4]  In that time, only a small number of objectors have come forward, and fewer still remain who have not since withdrawn their objections.  There are currently only ten class members with objections to any one of the five settlement agreements:  James Berretta; Gregory Friedlander; James and Joanne Haseltine; Gerard Kinler; Ovila and Ruth Panneton; Therese Sekellick; and Monica Smith and Thomas Bolden.[5]  This represents only a fraction of a percent of the thousands of notified class members.[6]  (The one other objector, North River, is not

---

[4]    *See* Order (1) Setting Consolidated Fairness Hearing, (2) Establishing Coordinated Opt Out, Objection and Briefing Deadlines, And (3) Entering Litigation Stay In Favor Of Settling Parties (Rec. Doc. No. 14566).

[5]    *See* Notice of Filing by Class Counsel, Exhibit A at 11-13 (Rec. Doc. No. 15881-1) (Objections of James and Joanne Haseltine); Notice of Filing by Class Counsel, Exhibit B at 42-43 (Rec. Doc. No. 15881-2) (Objections of James Berretta); Notice of Filing by Class Counsel, Exhibit D at 24-26 (Rec. Doc. No. 15881-4) (Objections of Thomas Bolden and Monica Smith); Notice of Filing by Class Counsel, Exhibit D at 28-30 (Rec. Doc. No. 15881-4) (Objections of Ovila and Ruth Panneton); Notice of Filing by Class Counsel, Exhibit D at 49-71 (Rec. Doc. No. 15881-4) (Objections of Gregory Friedlander); Notice of Filing by Class Counsel, Exhibit D at 74-75 (Rec. Doc. No. 15881-4) (Objections of Therese Sekellick); Notice of Filing by Class Counsel, Exhibit D at 89-91 (Rec. Doc. No. 15881-4) (Objections of Gerard Kinler).  Objectors Berretta, Friedlander, Haseltine and Sekellick submitted their objections *pro se*.

[6]    Thousands of class members and/or their counsel have received notice of one or more of the various settlement agreements.  *See* Affidavit of Smith-Edwards-Dunlap Printing Company In Connection With Notice By Mailing (Rec. Doc. No. 15764-6) (dissemination of 24,472 copies of InEx Settlement notice); Affidavit of Smith-Edwards-Dunlap Printing Company In Connection With Notice By Mailing (Rec. Doc. No. 15764-7) (dissemination of 2,045 copies of Banner Settlement notice); Affidavit of Smith-Edwards-Dunlap Printing Company In Connection With Notice By Mailing (Rec. Doc. No. 15764-8) (dissemination of 9,657 copies of Knauf Settlement notice); Affidavit of Smith-Edwards-Dunlap Printing Company In Connection With Notice By Mailing (Rec. Doc. No. 15764-10) (dissemination of 204 copies of L&W Settlement notice); Affidavit of Smith-Edwards-Dunlap Printing Company In Connection With Notice By Mailing (Rec. Doc. No. 15764-11) (dissemination of 18,619 copies of Global Settlement notice). In addition, notice of each settlement was posted on the Court's official website.

a class member.)  Such a "small number of objectors from a plaintiff class of many thousands is strong evidence of a settlement's fairness and reasonableness."[7]

Moreover, at least two of the remaining objectors lack standing to object.  Objector Gregory Friedlander has opted out of the Knauf Settlement and, accordingly, does not have standing to object to the settlement plan.[8]  Objector Therese Sekellick also lacks standing to object, inasmuch as her property has not been found to contain reactive drywall of any sort, despite repeated testing.[9]

Of course, "no settlement can attain perfection precluding objections."[10]  As the Fifth Circuit has repeatedly recognized, it is within the discretion of the courts to approve settlement plans over substantial class opposition.[11]  Fifth Circuit courts have in fact affirmed the fairness, reasonableness and adequacy of settlements even where the percentage of objecting class

---

[7]    *Ass'n for Disabled Am., Inc. v. Amoco Oil Co.*, 211 F.R.D. 457, 467 (S.D.Fla. 2002).

[8]    *See* Notice of Filing by Class Counsel, Exhibit C at 50-57 (Rec. Doc. No. 15916-9) (Notice of Opt out from Settlement of Gregory Friedlander); 4 Newberg on Class Actions § 11:55 (4th ed.) (noting the "general rule precluding objections from opt-outs or nonparties" except "when they are able to demonstrate prejudice from the settlement."); Scheduling Order Regarding November 13-14 Fairness Hearing 8 (Rec. Doc. No. 15951) (noting that "class members who have opted out in accordance with the requirements of the Settlements" lack standing to participate in the Joint Fairness Hearing).

[9]    *See* Sekellick Objections ¶ 1 (Of three tests conducted on Objector Sekellick's property, two were "inconclusive," and one determined that Chinese Drywall was not present.).

[10]   *DeHoyos v. Allstate Corp.*, 240 F.R.D. 269, 275 (W.D.Tex. 2007).

[11]   *See, e.g., Cotton v. Hinton*, 559 F.2d 1326, 1331 (5th Cir. 1977) ("A settlement can be fair notwithstanding a large number of class members who oppose it."); *Lelsz v. Kavanagh*, 783 F.Supp. 286, 297 (N.D.Tex. 1991) ("The Court, of course, may approve the settlement over the objection of a large number of class members."); *Turner v. Murphy Oil USA*, 472 F.Supp.2d 830, 853 (E.D.La. 2007) (Fallon, J.) ("[A] court may approve a class action settlement even if opposition exists."); *Klein v. O'Neal, Inc.*, 705 F.Supp.2d 632, 661(N.D.Tex. 2010) ("[A]pproval can be given even if a significant portion of the class objects.").

members was over a hundred times greater than the fractional percentage of objectors at issue here.[12]  The comparatively negligible level of opposition expressed by absent class members is, in the words of this Court, a "helpful indication that the settlement is fair, reasonable, and adequate" and adds considerable weight to the case in favor of settlement approval.[13]

Close examination of the substance of the objections raised against the settlement plan also militates in favor of settlement approval.  Significantly, the objectors do not dispute that settlement negotiations were conducted in good faith by competent, well-informed counsel.[14] The objectors do not contend that continued litigation would be anything but an extraordinary drain on resources, nor do they deny that "[c]ompensation now rather than later" would be in the best interests of the class.[15]  The objectors do not dispute that class members would face significant hurdles in securing jurisdiction over many of the foreign-based defendants; they do not contest the likely futility of pursuing recovery in China against the manufacturers of the defective products at issue in this litigation; and they do not challenge the manifest difficulties of prevailing on the merits and/or collecting against those defendants who played no role in the

---

[12]    *See, e.g., Parker v. Anderson*, 667 F.2d 1204, 1207-08 (5th Cir. 1982) (affirming approval of class action settlement despite opposition from nine of the eleven plaintiffs); *Reed v. Gen. Motors Corp.*, 703 F.2d 170, 174 (5th Cir. 1983) (affirming approval of settlement "over the objections of twenty-three of twenty-seven named plaintiffs and nearly forty percent of the 1,517 member class"); *Salinas v. Roadway Express, Inc.*, 802 F.2d 787, 790 (5th Cir. 1986) (affirming lower court's approval of consent decree, despite objections from "thirty-four percent of the known class members").

[13]    *See Turner*, 472 F.Supp.2d at 853; *DeHoyos*, 240 F.R.D. at 293 (A "minimal level of opposition from absent class members weighs in favor of approving the settlement.").

[14]    This consideration alone creates a "strong presumption" in favor of settlement approval. *See Turner*, 472 F.Supp.2d at 844; *see also Reed*, 703 F.2d at 175 (stressing that the "assessment of able counsel negotiating at arm's length cannot be gainsaid.").

[15]    *See Turner*, 472 F.Supp.2d at 846.

manufacture of the defective drywall, particularly those defendants who not only did not manufacture the products, but also neither sold nor distributed the defective drywall.[16]

In short, the objections leveled against the five settlements do not present a challenge to the core fairness of the settlement plan under the governing standards set forth in *Reed v. Gen. Motors Corp.*[17]  Instead, the objections tend to focus on isolated particulars, often reflecting a failure to understand the settlement terms or, more generally, to appreciate the fact that a successful settlement necessarily reflects a compromise between competing interests.  As the Fifth Circuit has recognized, no settlement can "satisfy every class members' desires."[18]  Rather, to be successful, a settlement must entail a "yielding of absolutes and an abandoning of highest hopes."[19]  Such negotiated compromises do not upset the "strong presumption in favor of finding the settlement fair."[20]  Indeed, it is the mark of a fair and reasonable settlement that neither side will have "received all which it desired."[21]

---

[16]     The recent InEx bellwether verdict illustrates the challenges of securing recovery against a distributor of Chinese Drywall.  *See* Rule 54(b) Judgment (Rec. Doc. No. 16409).

[17]     *Reed*, 703 F.2d at 172; *see also Turner*, 472 F.Supp.2d at 843 (citing the *Reed* factors); *In re Katrina Canal Breaches Litig.*, 628 F.3d 185, 194-95 (5th Cir. 2010) (citing the *Reed* factors).

[18]     *See Salinas*, 802 F.2d at 790.

[19]     *Cotton*, 559 F.2d at 1330 (quoting *Milstein v. Werner*, 57 F.R.D. 515, 524-25 (S.D.N.Y. 1972)).  *See also In re Educ. Testing Serv. Praxis Principles of Learning & Teaching, Grades 7-12 Litig.*, 447 F.Supp.2d 612, 625 (E.D.La. 2006).

[20]     *See Educ. Testing Serv.*, 447 F.Supp.2d at 619.

[21]     *Cotton*, 559 F.2d at 1334.

## II.   THE SETTLEMENT IS FAIR, REASONABLE AND ADEQUATE

### A.   Settlement Benefits Are Fair and Substantial

The integrated settlement plan offers substantial benefits to the various classes, including remediation of real property damage attributable to defective KPT Chinese Drywall; compensation for associated economic loss, personal property damage and/or bodily injury; and payment of attorneys' fees and costs.  Taken together, these settlement benefits exceed any recovery that class members are likely to obtain through litigation.  Nevertheless, a few objectors have expressed concerns about certain aspects of the proposed benefits.  While the issues raised are various, it is important to keep in mind that all of the objections stem from the same very small handful of objectors.

Some objectors suggest that the "Lump Sum Payment" benefits available under the Knauf Settlement may not be sufficient to ensure full recovery for certain alleged expenses, including relocation and HVAC repair costs.[22]  Two objectors complain that the Banner Settlement will not provide sufficient compensation to class members whose homes contain only Chinese Drywall manufactured by Taishan Gypsum Company.[23]   Of course, Taishan homeowners are being treated the same as KPT homeowners in the Banner Settlement; any disparity results from Taishan Gypsum's refusal to participate in the settlement.  The PSC is continuing to pursue Taishan Gypsum and its affiliates.  Another objector contends that the

---

[22]     See Kinler Objections ¶¶ 6-7 ("extraordinary moving expenses'); Panneton Objections ¶¶ 5-8, 10 (air conditioning repair costs); Bolden & Smith Objections ¶¶ 5-8 ("pre-remediation repair expenses, including HVAC repair costs).  Two of these objectors additionally ask that the Lump Sum Payment be increased for owners of properties measuring 3,500 square feet or less.  See Bolden & Smith Objections ¶ 10.

[23]     See Haseltine Objections.

Global Settlement allocates insufficient funds to personal injury damages.[24]   One objector appears to take issue with the unavailability of benefits for claimants whose homes do not test positive for Chinese Drywall.[25]

Some objectors raise more idiosyncratic concerns regarding the benefits available under the Knauf Settlement.  Two objectors request that the warranty period governing remediation work be extended beyond the standard one-year period.[26]   One objector asks that the settlement be revised to permit class members to apply a portion of the funds awarded under the Self-Remediation Option toward payment of mortgages on Affected Properties.[27]

All of these objections forget the fundamental precept that "compromise is the essence of a settlement."[28]   Contrary to the suggestions of these objectors, the test of a proposed settlement

---

[24]   *See* Berretta Objections.  As explained in detail in the Knauf Defendants' Memorandum of Law in Support of Final Approval of the Knauf Settlement, there is no scientific or medical evidence to suggest that Chinese Drywall poses any health risks.   *See* Memorandum of Law in Support of Final Approval of the Knauf Settlement at 23-25 (Rec. Doc. No. 15751-2).  Nevertheless, under the Amended Settlement Allocation Plan, 2.5% of the funds available for distribution shall be set aside for personal injury claims.  *See* Amended Settlement Allocation Plan § 6 (Rec. Doc. No. 15840-1).  Given the absence of support for personal injury damages, the 2.5% set aside negotiated between the parties is a reasonable compromise.

[25]   *See* Sekellick Objections ¶¶ 1-2.  As indicated previously, Objector Sekellick lacks standing to object to the Knauf Settlement.  *See supra* p. 5.

[26]   *See* Bolden & Smith Objections ¶ 9.

[27]   *See* Friedlander Objection.  In any event, Objector Friedlander lacks standing to object because he has opted out of the Knauf Settlement.  *See supra* p. 5.

[28]   *Cotton*, 559 F.2d at 1330; *see also In re Corrugated Container Antitrust Litig.*, 659 F.2d 1322, 1325 (5th Cir. 1981) ("A just result is often no more than an arbitrary point between competing notions of reasonableness."); *Bennett v. Behring Corp.*, 737 F.2d 982, 986 (11th Cir. 1984) ("[O]ur judgment is informed by the strong judicial policy favoring settlement as well as by the realization that compromise is the essence of settlement.").

is not that it "obtain the largest conceivable recovery for the class."[29]  Instead, "to be worthy of approval" a settlement "must simply be fair and adequate considering all the relevant circumstances."[30]  The settlement agreements before the Court are the end-result of extensive, arm's-length negotiations between competent, well-informed and highly experienced counsel, united in their commitment to achieve the best possible result for their clients.  The fact that some class members may not be made altogether whole, or that some claims may have been given up as part of the settlement bargain, is not a basis for defeating settlement approval.[31]  To the contrary, it is incumbent upon the parties to a settlement, and upon the courts, to recognize that some compromise is vital "so as not to gamble with the rights of everybody to satisfy the complaints of some."[32]

### B.    Value of Settlement Benefits Was Adequately Disclosed

One objector argues that class members were not sufficiently apprised of the value of their potential recovery for lost home equity under the Knauf Settlement.[33]  This objection is not a ground for denying settlement approval.  It is well-established that "class members' lack of

---

[29]    *Klein*, 705 F.Supp.2d at 649.

[30]    *Id.*

[31]    *See Educ. Testing Serv..*, 447 F.Supp.2d at 626 (overruling objections based on "wildly optimistic suggestions of upper-end recoveries that, given the significant legal hurdles ahead, were at the bottom end of the probability scale."); *Fla. Trailer & Equip. Co. v. Deal*, 284 F.2d 567, 573 (5th Cir. 1960) (A proponent of a settlement need only establish that "it is prudent to eliminate the risks of litigation to achieve specific certainty, though admittedly it might be considerably less (or more) than were the case fought to the bitter end."); *Raines v. Florida*, 987 F.Supp. 1416, 1419 (N.D.Fla. 1997) ("That these claims are lost in the settlement is insufficient reason to find the settlement to be unfair. Settlement is a process of compromise.").

[32]    *See Salinas*, 802 F.2d at 790.

[33]    *See* Kinler Objections ¶ 8.

knowledge regarding the precise amounts they will collect under the settlement is not a valid basis on which to find the settlement unfair."[34]  In fact, it is "not at all unusual for class members not to know the amounts they will be receiving until after final approval."[35]  In a complex class action settlement such as this, involving thousands of distinct claims, where compensation is fact-dependent and "ultimate recovery may often depend on the number of valid claims filed," it is an unavoidable fact that settlement benefits may not be predetermined with exactitude.[36]  Accordingly, it is often not possible, and it is certainly not necessary, to provide a "precise valuation," or even an "estimated value," of settlement relief, particularly where, as here, multiple options for recovery are available to class members, and the number and extent of valid claims remain unresolved.[37]  What is important, however, is that the payment of settlement benefits to class members will be based on objective criteria, approved and supervised by the Court.

### C.    Inter-Dependence of Class Settlements Is Not a Basis For Defeating Approval

One objector appears to disapprove of the requirement that class members who received KPT-manufactured Chinese Drywall through Banner Supply Company must assign their benefits

---

[34]    *Nat'l Treasury Employees Union v. United States*, 54 Fed.Cl. 791, 806 (2002); *see also In re Lease Oil Antitrust Litig.*, 186 F.R.D. 403, 429-30 (S.D.Tex. 1999) ("Notice is adequate where the class member is notified of the formula of allocation."); 3 Newberg on Class Actions § 8:32 (4th ed.) ("It is unnecessary for the settlement distribution formula to specify precisely the amount that each individual class member may expect to recover.").

[35]    *In re Sprint Corp. ERISA Litig.*, 443 F.Supp.2d 1249, 1262 (D.Kan. 2006).

[36]    3 Newberg on Class Actions § 8:32 (4th ed.).

[37]    *DeHoyos*, 240 F.R.D. at 300-01.

under the Banner Settlement to the Knauf Defendants.[38]  This is an objection to the overall integration of the settlement plan, rather than an objection to the Knauf or Banner Settlements *per se*.  As this Court is aware, the Knauf and Banner settlement agreements do not stand alone, but instead operate in a coordinated manner to ensure benefits to affected property owners.  It is not an objection to the fairness of the settlement plan to point out, as this Court has itself acknowledged, that the inter-related settlements form a cohesive whole and must be "considered together."[39]  In fact, the assignment of class settlement benefits to the Knauf Defendants is a critical component of the overall settlement structure, for the comprehensive benefits available under the Knauf Settlement -- including complete remediation of real property damage attributable to KPT-manufactured Chinese Drywall, compensation for personal property damage and economic loss, and payment of attorneys' fees -- would not be possible but for the offsetting contributions from defendant distributors, including Banner Supply.  In any event, Objector Sekellick's concerns appear to be based on a basic misapprehension of the settlement terms.  To the extent that her property contains KPT-manufactured Chinese Drywall, she will be fully eligible for compensation through the Remediation Fund under the provisions of the Knauf Settlement, and no legal fees will be deducted from her recovery.

## III.    CONCLUSION

Only a small fraction of notified class members have expressed objections to any of the five settlements before the Court, and, as demonstrated in the foregoing, none of these objections

---

[38]    *See* Sekellick Objections ¶ 3.  Objector Sekellick lacks standing to object to the Knauf Settlement.  *See supra* p. 5.

[39]    *See* Order (1) Setting Consolidated Fairness Hearing, (2) Establishing Coordinated Opt Out, Objection and Briefing Deadlines, And (3) Entering Litigation Stay In Favor Of Settling Parties (Rec. Doc. No. 14566) ("[D]ecisions on whether to opt out or object to any particular settlement should be made in light of the existence of *all* of the proposed settlements.") (emphasis in original).

presents a challenge to the fundamental fairness, reasonableness and adequacy of the overall settlement plan. The class notice approved by this Court was proper, the structure and terms of the settlement plan are sound, and the relief which will be afforded to thousands of affected parties is fair and substantial. For the foregoing reasons, the Knauf Defendants, the PSC and Class Counsel respectfully request that this Court grant final approval to the Knauf, InEx, Banner, L&W and Global Settlements.

Respectfully submitted,

Dated: December 17, 2012      By:  <u>/s/ Kyle Spaulding</u>

KERRY J. MILLER (# 24562)
KYLE A. SPAULDING (# 29000)
FRILOT L.L.C.
1100 Poydras Street
Suite 3700
New Orleans, LA 70163
Telephone: (504) 599-8194
Facsimile: (504) 599-8145
Email: kmiller@frilot.com

- AND -

STEVEN GLICKSTEIN (NY Bar # 1038157)
JAY P. MAYESH (NY Bar # 1081603)
GREGORY J. WALLANCE (NY Bar # 1247337)
KAYE SCHOLER LLP
425 Park Avenue
New York, NY 10022
Telephone: (212) 836-8485
Facsimile: (212) 836-6485
Email: sglickstein@kayescholer.com

Counsel for the Knauf Defendants

## PLAINTIFFS' LEAD COUNSEL MDL 2047

Russ M. Herman, Esquire (Bar No. 6819)
Leonard A. Davis, Esquire (Bar No. 14190)
Stephen J. Herman, Esquire (Bar No. 23129)
HERMAN, HERMAN, KATZ & COTLAR, LLP
820 O'Keefe Avenue
New Orleans, LA 70113
Phone: (504) 581-4892
Fax: (504) 561-6024
LDavis@hhkc.com

Arnold Levin
Fred S. Longer
Matthew C. Gaughan
Sandra L. Duggan
LEVIN, FISHBEIN, SEDRAN & BERMAN
510 Walnut Street, Suite 500
Philadelphia, PA 19106
Phone: (215) 592-1500
Fax: (215) 592-4663
Alevin@lfsblaw.com

## PLAINTIFFS' STEERING COMMITTEE

Dawn M. Barrios
BARRIOS, KINGSDORF & CASTEIX, LLP
701 Poydras Street, Suite 3650
New Orleans, LA 70139
Phone: (504) 524-3300
Fax: (504) 524-3313
Barrios@bkc-law.com

Daniel E. Becnel, Jr.
BECNEL LAW FIRM, LLC
P.O. Drawer H
106 W. Seventh Street
Reserve, LA 70084
Phone: (985) 536-1186
Fax: (985) 536-6445
dbecnel@becnellaw.com

Bruce William Steckler
BARON & BUDD, P.C.
3102 Oak Lawn Avenue, Suite 1100
Dallas, TX 75219
Phone: (214) 521-3605
Fax: (214) 520-1181
bsteckler@baronbudd.com

Ervin A. Gonzalez
COLSON, HICKS, EIDSON, COLSON
MATTHEWS, MARTINEZ, GONZALES,
KALBAC & KANE
255 Alhambra Circle, Penthouse
Coral Gables, FL 33134
Phone: (305) 476-7400
Fax: (305) 476-7444
Ervin@colson.com

Robert C. Josefsberg
PODHURST ORSECK, P.A.
25 Flagler Street, 8th Floor
Miami, FL 33130
Phone: (305) 358-2800
Fax: (305) 358-2382
rjosefsberg@podhurst.com

Hugh P. Lambert
LAMBERT AND NELSON
701 Magazine Street
New Orleans, LA 70130
Phone: (504) 581-1750
Fax: (504) 529-2931
hlambert@lambertandnelson.com

Gerald E. Meunier
GAINSBURGH, BENJAMIN, DAVID,
MEUNIER & WARSHAUER, LLC
2800 Energy Centre, 1100 Poydras Street
New Orleans, LA 70163-2800
Phone: (504) 522-2304
Fax: (504) 528-9973
gmeunier@gainsben.com

Jerrold Seth Parker
PARKER, WAICHMAN, ALONSO, LLP
3301 Bonita Beach Road
Bonita Springs, FL 34134
Phone: (239) 390-1000
Fax: (239) 390-0055
Jerry@yourlawyer.com

Scott Wm. Weinstein
MORGAN & MORGAN
12800 University Drive, Suite 600
Ft. Myers, FL 33907
Phone: (239) 433-6880
Fax: (239) 433-6836
sweinstein@forthepeople.com

Ben W. Gordon, Jr.
LEVIN, PAPANTONIO, THOMAS,
MITCHELL ECHSNER & PROCTOR, P.A.
316 S. Baylen Street, Suite 600
Pensacola, FL 32502
Phone: (850) 435-7000
Fax: (850) 435-7020
bgordon@levinlaw.com

James Robert Reeves
LUMPKIN & REEVES
160 Main Street
Biloxi, MS 39530
Phone: (228) 374-5151
Fax: (228) 374-6630
jrr@lumpkinreeves.com

Christopher Seeger
SEEGER WEISS, LLP
One William Street
New York, NY 10004
Phone: (212) 584-0700
Fax: (212) 584-0799
cseeger@seegerweiss.com

Daniel K. Bryson
LEWIS & ROBERTS
3700 Glenwood Avenue, Suite 410
Raleigh, NC 27612
Phone: (919) 981-0191
Fax: (919) 981-0431
dkb@lewis-roberts.com

Richard J. Serpe, Esquire
LAW OFFICES OF RICHARD J. SERPE
Crown Center, Ste. 310
580 East Main Street
Norfolk, VA 23510-2322
rserpe@serpefirm.com

**OF COUNSEL TO PLAINTIFFS' STEERING COMMITTEE**

Richard S. Lewis
HAUSFELD LLP
1700 K Street, NW, Suite 650
Washington, DC 20006
Phone: (202) 540-7200
Fax: (202) 540-7201
rlewis@hausfeldllp.com

Jeremy W. Alters
ALTERS LAW FIRM, P.A.
4141 N.E. 2nd Avenue
Suite 201
Miami, FL 33137
Phone: (305) 571-8550
Fax: (305) 571-8559
jeremy@alterslaw.com

Andrew A. Lemmon
LEMMON LAW FIRM, LLC
P.O. Box 904
15058 River Road
Hahnville, LA 70057
Phone: (985) 783-6789
Fax: (985) 783-1333
andrew@lemmonlawfirm.com

## CERTIFICATE OF SERVICE

I hereby certify that the above and foregoing Joint Memorandum of Knauf Defendants, Class Counsel, and the Plaintiffs' Steering Committee in Response to Objections to the Knauf, InEx, Banner, L&W and Global Settlements has been served upon Plaintiffs' Liaison Counsel by email and by electronically uploading the same to LexisNexis File and Serve in accordance with Pre-Trial Order No. 6, and that the foregoing was electronically filed with the Clerk of the Court of United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2047 this 17th day of December, 2012.

/s/ Kyle Spaulding_____