UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: CHINESE-MANUFACTURED DRYWALL PRODUCTS LIABILITY LITIGATION | * * * | MDL NO. 2047 |
| | * | |
| | * | SECTION "L" |
| THIS DOCUMENT RELATES TO: | * * | JUDGE FALLON |
| | * | |
| *Abreu v. Gebrueder Knauf Verwaltungsgesellschaft, KG et al.* | * * | MAG. DIV. "2" |
| Case No. 2:11-cv-00252-EEF-JCW (E.D.La.) | * * | MAG. JUDGE WILKINSON |
| | * | |

* * * * * * * * * * * * * * * * * * * * * * * * * * *

## MOTION TO VACATE AND SET ASIDE PRELIMINARY DEFAULT JUDGMENT AND REQUEST FOR SANCTIONS PURSUANT TO 28 U.S.C. § 1927[1]

**NOW INTO COURT,** through undersigned counsel, comes defendant, Universal Construction Company, Inc. ("Universal"), and, pursuant to Rules 55(c) and 60(b) of the Federal Rules of Civil Procedure, respectfully moves this Court to vacate and set aside the entry of preliminary default entered against Universal on February 24, 2012. [R. Doc. 12599].

Since June of 2011, plaintiffs' counsel has known that it sued the wrong party. It confirmed this fact in writing to Universal at that time. Yet, despite a host of requests by Universal for the plaintiffs to dismiss it, it was not dismissed. Then, plaintiffs' counsel had a preliminary default entered against Universal. Then, plaintiffs' counsel refused to prepare and file a Motion to Set Aside the preliminary default judgment.

---

[1] This Motion to Vacate is unopposed. The request for sanctions is opposed.



**EXHIBIT**

1

So, Universal has had to engage undersigned counsel, file a Notice of Appearance, and prepare and file this Motion.  Therefore, it requests relief as follows:

- An Order vacating and setting aside the entry of preliminary default against Universal;

- An Order finding plaintiffs' counsel's conduct unreasonably and vexatiously multiplied the proceedings; and

- An Order granting Universal its fees and costs in appearing in this action to set aside a default.

**WHEREFORE,** Universal Construction Company, Inc. respectfully requests that the Court vacate and set aside the preliminary default judgment entered against it and award it the costs, expenses, and fees for defending this proceeding, in an amount to be set by the Court following a Motion to Set Fees and Costs.

Respectfully submitted,

**BAKER, DONELSON, BEARMAN,
CALDWELL & BERKOWITZ, P.C.**


By:     _s/Steven F. Griffith, Jr._
STEVEN F. GRIFFITH, JR. (27232)
LAURA E. CARLISLE (33760)
201 St. Charles Avenue, Suite 3600
New Orleans, Louisiana  70170
TELEPHONE:  (504) 566-5200
FACSIMILE:  (504) 636-4000
sgriffith@bakerdonelson.com
lcarlisle@bakerdonelson.com

**ATTORNEYS FOR UNIVERSAL
CONSTRUCTION COMPANY, INC.**

## CERTIFICATE OF SERVICE

I hereby certify that on this 27th day of March, 2012, the above and foregoing Motion to Vacate and Set Aside Preliminary Default Judgment and Request for Sanctions Pursuant to 28 U.S.C. § 1927 has been served on Plaintiffs' Liaison Counsel, Russ Herman, and Defendants' Liaison Counsel, Kerry Miller, by U.S. Mail and e-mail or by hand delivery and e-mail and upon all parties by electronically uploading the same to LexisNexis File & Serve in accordance with Pretrial Order No. 6, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2047.

_s/Steven F. Griffith, Jr._
STEVEN F. GRIFFITH, JR.

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: CHINESE-MANUFACTURED DRYWALL PRODUCTS LIABILITY LITIGATION | * * * | MDL NO. 2047 |
| | * | SECTION "L" |
| THIS DOCUMENT RELATES TO: | * * | JUDGE FALLON |
| *Abreu v. Gebrueder Knauf Verwaltungsgesellschaft, KG et al.* Case No. 2:11-cv-00252-EEF-JCW (E.D.La.) | * * * | MAG. DIV. "2" MAG. JUDGE WILKINSON |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

**MEMORANDUM IN SUPPORT OF MOTION TO
VACATE AND SET ASIDE PRELIMINARY DEFAULT JUDGMENT
AND MOTION FOR SANCTIONS PURSUANT TO 28 U.S.C. § 1927**

Respectfully submitted,

STEVEN F. GRIFFITH, JR. (27232)
LAURA E. CARLISLE (33760)
**BAKER, DONELSON, BEARMAN,
CALDWELL & BERKOWITZ, P.C.**
201 St. Charles Avenue, Suite 3600
New Orleans, Louisiana 70170
Telephone: (504) 566-5200
Facsimile: (504) 636-4000
sgriffith@bakerdonelson.com
lcarlisle@bakerdonelson.com

**ATTORNEYS FOR UNIVERSAL
CONSTRUCTION COMPANY, INC.**

# TABLE OF CONTENTS

Introductory Statement ................................................................. 1

I.  Opposing Counsel's Failure to Withdraw Claims Against
    Universal After Acknowledging that Universal was Incorrectly
    Served Results in Improper Entry of Preliminary Default. ................. 1

    A.  The First Request to Be Dismissed. ................................. 1

    B.  The Second Request to Be Dismissed. ............................... 2

    C.  The Third Request to Be Dismissed. ................................ 3

    D.  The Fourth Request to Be Dismissed. ............................... 3

    E.  The Fifth Request to Be Dismissed. ................................ 4

    F.  The Sixth Request to Be Dismissed;
        The First Request to Set Aside the Preliminary Default. ........... 5

    G.  The Seventh Request to Be Dismissed;
        The Second Request to Set Aside the Preliminary Default. .......... 5

    H.  The Third Request to Set Aside the Preliminary Default. ........... 6

II. The Default Judgment Against Universal Must Be Vacated and Set Aside. ... 6

    A.  Motion to Vacate and Set Aside Standard Under Rules 55(c) and 60(b). ... 6

    B.  Good Cause Exists For Vacating and Setting
        Aside the Preliminary Default Judgment Against Universal. ......... 8

III. Sanctions Are Warranted Under 28 U.S.C. § 1927 for Plaintiffs'
     Counsel's Vexatious and Unreasonable Litigation Tactics. ............... 9

    A.  28 U.S.C. § 1927 Standard. ........................................ 9

    B.  Plaintiffs' Counsel's Conduct Merits § 1927 Sanctions. ........... 10

Conclusion ............................................................................ 12

i

**MAY IT PLEASE THE COURT:**

Defendant, Universal Construction Company, Inc. ("Universal"), submits this memorandum of points and authorities in support of its Motion to Vacate and Set Aside Preliminary Default Judgment and Motion for Sanctions Pursuant to 28 U.S.C. § 1927.

## Introductory Statement

In this matter, given the number of parties and the scope of the problematic drywall at issue, counsel for the plaintiffs have done a yeoman's job on the overall management of this multi-district litigation. But, as can be expected in any MDL of this size, some defendants were named as defendants in error. Universal was one of those defendants, and little fault, if any, should be cast on plaintiffs' counsel solely as a consequence of such an error. It is because of the utter refusal of plaintiffs' counsel to remedy that error that the Court should set aside the preliminary default and award Universal its fees and costs for appearing in this action.

I.    **Opposing Counsel's Failure to Withdraw Claims Against Universal After Acknowledging that Universal was Incorrectly Served Results in Improper Entry of Preliminary Default.**

    A.   *The First Request to Be Dismissed.*

Universal received service of the *Abreu* Plaintiffs' Omnibus Class Action Complaint ("Omnibus Class Action Complaint VIII," hereinafter "Omnibus Complaint") on May 25, 2011. The Omnibus Complaint named Universal as a defendant with respect to claims brought by members of Subclass 126, specifically the following: Kevin and Kristy Chavis, Cynthia Helms, Jeremy Landry, Obyster and Javodia Moore, John Robertson, Warren Sholz, and Ashley Sloan. These plaintiffs were listed as being represented at the time by the law firm of Collins &

1

Horsley, PC.[1]  Believing that the plaintiffs had sued the wrong "Universal Construction Company," counsel for Universal reached out to plaintiffs' counsel who requested an affidavit explaining Universal's position.

B.  *The Second Request to Be Dismissed.*

Universal followed up by submitting a letter and the affidavit of Universal Contracts Manager, Tara MaGinn, which explained that:

- Universal had never contracted with any of the named plaintiffs in Subclass 126;

- Universal had not performed any construction work in Texas within the last ten years; and

- Universal had not performed work on any residential free-standing homes, ever.

With this information, Universal could not possibly be the proper defendant. *See* Email and Affidavit, attached as Exhibit 1.

Upon reviewing the materials provided by Universal, plaintiffs' counsel realized he had named the wrong defendant and assured Universal that he would take the proper steps to have the claims against it dismissed. *See* Collins Email, June 13, 2011, attached as Exhibit 2. Writing to Universal on June 13, 2011, Plaintiffs' counsel apologized to Universal for the oversight and inconvenience and stated that he would promptly see to the matter:

---

[1] The *Abreu* case was filed on February 7, 2011. Mr. and Mrs. Chavis were listed therein as being represented by Collins and Horsley, PC. As Universal would later learn, however, the Chavis' signed a contract for representation with Baron & Budd, P.C. on April 7, 2011, two months after the lawsuit was filed. No motion to withdraw and substitute counsel was ever filed, leaving Collins & Horsley as attorneys of record for the Chavis' when service was made upon Universal in May 2011. *See* Steckler Email, February 29, 2012, Feb./March Email Chain, attached as Exhibit 6. As of the date of the entry of preliminary default against Universal on February 23, 2012, Collins & Horsley, PC. was still counsel of record for Kevin and Kristy Chavis. *Id.*

> I apologize for any inconvenience this may have caused your client. We would never knowingly sue the wrong entity. Please give me a couple of days to perform my due diligence for dismissal or substitution and I will provide [lead plaintiffs' counsel's] office with the proper paperwork to effectuate dismissal of your client.

*Id.* Mistakes happen, and Plaintiffs' counsel had acted appropriately – to this point.

      C.    *The Third Request to Be Dismissed.*

In fact, the claims against Universal were not withdrawn or dismissed as promised. So, on November 23, 2011, plaintiffs' counsel Matthew Gaughan served Universal with the Plaintiffs' Omnibus Motion for Preliminary Default, filed with the Court on November 18, 2011, in which Universal was named a defaulting party. [R. Doc. 11234].

Following service of the Plaintiffs' Omnibus Motion for Preliminary Default Judgment, counsel for Universal promptly contacted plaintiffs' attorney Brian Collins concerning the apparent mistake. Mr. Collins' assistant responded with the following email:

> Thank you for the information you have provided our firm. It has been determined your client was erroneously named in the MDL Chinese Drywall Litigation in Omnibus Complaint VIII. <u>Forthcoming will be copies of the Voluntary Dismissal forms for each plaintiff for which your client was named as the applicator of effective drywall.</u> The forms will be forwarded to the Plaintiff's Steering Committee via email and U.S. Mail for filing in Judge Fallon's Court. Thank you for your patience in this matter.

*See* Collins Email, Nov. 28, 2011, attached as Exhibit 3.

On November 30, 2011, Mr. Collins forwarded to lead plaintiffs' counsel and liaison counsel release letters and accompanying notices of voluntary dismissal. *See* Collins Email and Attachments, Nov. 30, 2011, attached as Exhibit 4.

      D.    *The Fourth Request to Be Dismissed.*

By February 9, 2012, plaintiffs' liaison counsel had still not filed the notices of voluntary dismissal provided by Brian Collins nearly two months earlier. In the meantime, lead plaintiffs'

counsel had served on Universal some two amended, proposed Preliminary Default Orders.  In each proposal, Universal remained a named defaulting party.  [R. Docs. 11773, 12265].

On February 9, 2012, Universal again contacted attorney Brian Collins concerning the failure to file the dismissals and remove Universal from the case.  *See* Vargo Letter, Feb. 9, 2012, attached as Exhibit 5.  Mr. Vargo received an email in response from lead plaintiffs' counsel Matthew Gaughan on February 10, 2012, stating that he had requested revisions prior to filing but that, in any case, opposing counsel would "clear[] up" the matter.  *See* Gaughan Email, Feb. 10, 2012, Feb./March Email Chain, attached as Exhibit 6.  Plaintiffs' liaison counsel finally filed the notices of dismissal on February 14, 2012.  Unbeknownst to Universal, however, the filings had the effect of dismissing the claims on behalf of some plaintiffs, *but not all*. Nevertheless, once again, Universal believed the matter resolved.

E.    *The Fifth Request to Be Dismissed.*

On February 28, 2012, lead plaintiffs' counsel served Universal with the Third Amended Errata to Plaintiffs' Omnibus Motion for Preliminary Default Judgment.  *See* Service of Process and Third Amended Errata, attached as Exhibit 7.  Much to Universal's surprise and frustration, Universal was *still* named as a defaulted party.  Counsel for Universal immediately contacted both Brian Collins and Matthew Gaughan yet again, advising that, unless Universal was dismissed and properly removed from the suit, it would be forced to take appropriate action to protect its interests:

> Despite repeated acknowledgements from your office that Universal Construction was sued in error and that Universal would be dismissed from this lawsuit, your office has failed to properly remove Universal as a defendant.  We have been patient thus far, but this is entirely unacceptable and is rising to the level of frivolous litigation.  Be advised that if Universal is not voluntarily dismissed from this lawsuit by March 2, 2012, we will instruct counsel to appear in the class

action litigation and seek a proper dismissal.  In such case, not only will we seek attorneys' fees and costs associated with such dismissal, but we will aggressively seek sanctions against all Plaintiffs and their respective counsel in accordance with the Federal Rules of Civil Procedure.

*See* Vargo Email, Feb. 28, 2012, Feb./March Email Chain, attached as Exhibit 6.  Unbeknownst to Universal at this point, however, the Court had already granted the Plaintiffs' Omnibus Motion for Preliminary Default Judgment, and entered a preliminary default judgment against it on February 24, 2012.  [R. Doc. 12599].

> F.   *The Sixth Request to Be Dismissed;*
> *The First Request to Set Aside the Preliminary Default.*

Now that Universal was defaulted, it contacted Mr. Gaughan and Mr. Collins yet again on March 1, 2012, requesting assistance in removing the default.  *See* Vargo Email, March 1, 2012, Feb./March Email Chain, attached as Exhibit 6.  Apparently unmoved by the burden already placed on Universal, Mr. Gaughan responded:

I think we will end up cleaning up the default at some point but this is likely several months down the road.  For now you should probably do a stipulation with counsel for Mr. and Mrs. Chavis.

*See* Gaughan Email, March 1, 2012, Feb./March Email Chain, attached as Exhibit 6.  Forced to protect its interests, Universal retained undersigned counsel.

> G.   *The Seventh Request to Be Dismissed;*
> *The Second Request to Set Aside the Preliminary Default.*

On March 2, 2012, undersigned counsel contacted Plaintiffs' counsel and requested immediate dismissal and the setting aside of the preliminary default.  Plaintiffs' counsel represented that the final dismissal of Universal would occur that day (March 2) and that a Motion to Set Aside would occur early the week of March 5, 2012.  Neither commitment was upheld.

As to dismissal, plaintiffs' counsel did finally file a notice of voluntary dismissal of Universal on behalf of Kevin and Kristy Chavis on March 5, 2012. [R. Doc. 12763].

As for the preliminary default, on March 3, 2012, undersigned counsel contacted Mr. Gaughan again regarding the motion to set aside or vacate the preliminary default judgment. *See* Griffith-Gaughan Emails, March 3, 2012, attached as Exhibit 8.   Mr. Gaughan responded indicating that he was "working on a motion," though he thought Universal "should be the one to file it. It would be an unopposed motion to remove the preliminary default." *Id*.   In fact, Universal would later learn that he apparently was not working on a motion at all.

H.    *The Third Request to Set Aside the Preliminary Default.*

Following several days without further response, undersigned counsel again contacted Mr. Gaughan on March 9, 2012, requesting a copy of the Motion. *See* Griffith Email, March 9, 2012, March Email Chain, attached as Exhibit 9.  This time, Mr. Gaughan insisted that he had "other urgent matters that [he was] attending to," and that he could not correct the improperly entered default. *See* Gaughan Email, March 9, 2012, March Email Chain, attached as Exhibit 9. Opposing counsel's failure to assist in "clearing up" the improper default against Universal has required that undersigned counsel appear in this action on Universal's behalf and prepare this Motion.

## II.    **The Default Judgment Against Universal Must Be Vacated and Set Aside.**

A.    *Motion to Vacate and Set Aside Standard Under Rules 55(c) and 60(b).*

Rule 60(b) of the Federal Rules of Civil Procedure provides, in pertinent part, that, "on motion and just terms," a court may vacate and set aside a final judgment, order, or proceeding for "mistake, inadvertence, surprise, or excusable neglect." Fed. R. Civ. P. 60(b)(1).   The

decision whether to set aside a default judgment rests with the discretion of the court, though such discretion operates against the backdrop that default judgments are generally disfavored among the federal courts. *See, e.g., Rossignol v. Tillman, et al.*, No 10-3044, 2011 WL 1193017, at *1 (E.D. La. 3/25/11) (collecting cases). The Fifth Circuit has "adopted a policy in favor of resolving cases on their merits and against the use of default judgments." *See Lindsey v. Prive Corp.*, 161 F.3d 886, 892-93 (5th Cir. 1998); *see also, e.g., Lacy v. Sitel Corp.*, 227 F.3d 290, 292 (5th Cir. 2000).

The Fifth Circuit has provided three factors for consideration in determining whether to set aside a default judgment under Rule 60(b): (1) the extent of prejudice to the plaintiff; (2) the merits of the defendant's asserted defense; and (3) the culpability of the defendant's conduct in failing to act. *See, e.g., Gullick v. Maritech Resources, Inc.*, No. 11-117KS, at *2 (S.D. Miss. 9/16/11) (citing 5th Circuit precedent and collecting cases). Similarly, under Rule 55(c), which permits a court to set aside a default judgment upon a showing of "good cause" or pursuant to Rule 60(b), a court will consider: (1) whether the default was willful; (2) whether setting aside the judgment would prejudice the adversary; and (3) whether the defense presented is meritorious. *Id.* Under either rule, such factors are neither dispositive nor exclusive, and a court may consider others, such as "whether the defendant acted expeditiously to correct the default." *Id.* (*citing Lacy*, 227 F.3d at 292). The ultimate inquiry remains whether there exists "good cause" to set aside the default. *See, e.g., CJC Holdings, Inc. v. Wright & Lato, Inc.*, 979 F.2d 60, 64 (5th Cir. 1992).

B.   *Good Cause Exists For Vacating and Setting*
     *Aside the Preliminary Default Judgment Against Universal.*

All parties agree that the preliminary default judgment entered against Universal on February 24, 2012 was improper and that it must be vacated and set aside. All parties further agree that Universal should have never even been named as a defendant in this case, and that failure to dismiss the claims against it prior to the entry of preliminary default rests with opposing counsel. Since first receiving service of the plaintiffs' Omnibus Complaint in May 2011, Universal has acted diligently and expeditiously, if not doggedly, to see itself removed from the case and to avoid the entry of default against it. Similarly, once learning of the entry of preliminary default, Universal has acted promptly to correct the default.

Fifth Circuit jurisprudence weighs overwhelmingly in favor of setting aside the default judgment under Rules 55(c) and 60(b). First, the plaintiffs will suffer no prejudice as a result of setting aside the judgment because all claims against Universal are frivolous. Second, Universal's defense is entirely meritorious, as it has never contracted with any of the respective plaintiffs, has not performed in Texas within the past ten years, and should never have been named as a defendant. Quite simply, the plaintiffs sued the wrong defendant. All parties acknowledge as such. Finally, Universal's failure to act in avoiding the entry of default was in no way a deliberate attempt to avoid litigation or cause harm to the plaintiffs or this Court. On the contrary, Universal has at all times acted diligently and in good faith. On the date of entry of preliminary default, moreover, Universal had every reason to believe that all claims against it had been dismissed and that plaintiffs' counsel was no longer pursuing a preliminary default judgment against it.

In short, good cause exists for vacating and setting aside the preliminary default judgment entered against Universal on February 24, 2012.  *See generally, e.g., Gullick*, 2011 WL 4356618, at *2.  The defendant's Motion should be granted pursuant to Rules 55(c) and 60(b), and the judgment against Universal set aside.

### III.   Sanctions Are Warranted Under 28 U.S.C. § 1927 for Lead Plaintiffs' Counsel's Multiplying of Vexatious and Unreasonable Litigation.

#### A.   *28 U.S.C. § 1927 Standard.*

The United States Code provides for the awarding of excess costs, expenses, and attorney's fees against any attorney who "so multiplies the proceedings in any case unreasonably and vexatiously." 28 U.S.C. § 1927.  Section 1927 does not require a showing of bad faith or intent to harass; it merely requires unreasonable and vexatious conduct.

Unreasonable conduct consists in the commencement or pursuit of a meritless or unwarranted claim.  *See, e.g., Ratliff v. Stewart*, 508 F.3d 225, 235 (5th Cir. 2007); *Hahn v. City of Kenner*, 1 F. Supp. 2d 614, 618 (E.D. La 1998).  "Vexatious" litigation is that which has an "improper purpose."  However, while "improper purpose" here may refer to bad faith or intent to harass, "vexatious" extends more broadly than that, and covers, among other things, conduct that irritates or annoys, or troubles or distresses, a party.  *See, e.g., Ratliff*, 508 F.3d at 235 n.13.  Any conduct evidencing "reckless disregard of the duty owed to the court" can also suffice.  *Id.* (quoting *Edwards v. Gen. Motors Corp.*, 153 F.3d 242, 246 (5th Cir. 1998)).  In certain cases, moreover, an attorney's conduct might be so obviously unreasonable that the court may infer improper purpose merely from the fact that the attorney persists in it.  *Id.* at 234.  Stated another way, the "persistent prosecution of a meritless claim" can suffice as unreasonable and vexatious conduct warranting sanctions.  *See, e.g., Hahn*, 1 F. Supp. 2d at 618 (internal citations omitted).

Voluntary dismissal of an action, moreover, does not cure or otherwise protect from sanctions conduct that triggers § 1927, and a court's power to impose § 1927 costs, expenses, and fees extends beyond dismissal or resolution of an action. *See Ratliff*, 508 F.3d at 231. At base, "§ 1927 is concerned with 'baseless' filings' that 'burden [] courts and individuals alike with needless expense and delay,' and 'a litigant who violates [§1927, like one who violates rule 11], merits sanctions even after a dismissal." *Id.* at 232 (*citing Cooter & Gell v. Hartmax*, 496 U.S. 384, 398 (1990)).

B.    *Plaintiffs' Counsel's Conduct Merits § 1927 Sanctions.*

Plaintiffs' counsel's continued pursuit of a preliminary default judgment against Universal after learning that Universal was sued in error and receiving repeated pleas from Universal to remove it from the lawsuit, *and then* refusal to assist with undoing the default once via a motion to vacate or set aside, clearly rises to the level of sanctionable conduct under § 1927. Indeed, there is support for the proposition that the mere *institution* of legal action against a defendant without first confirming that one has the right defendant rises to the level of sanctionable conduct under § 1927. *Ratliff*, 508 F.3d at 234 ("The [district] court rightly noted that '[i]t is plaintiff's counsel's obligation to confirm that he has sued the right person even before such is called into question but surely after questions are raised."). Where counsel's conduct is "totally without basis in law or fact" and unnecessarily and vexatiously increases litigation *at the expense of* the opposing party, sanctions are clearly appropriate. *Id.* at 227.

In *Ratliff*, the Fifth Circuit affirmed the award of sanctions against counsel who sued the wrong defendant and then continued to pursue action against that individual after learning that

10

they had the wrong person. Noting that the decision to impose § 1927 sanctions "[was] not even a close question," the court found that the plaintiff's attorneys had:

> unreasonably and vexatiously multiplied the proceedings in [the] case before the court by failing to respond to numerous efforts of defense counsel to convince plaintiff's counsel that he had sued the wrong [defendant]; by forcing the defendant to file a motion to dismiss...;and by responding to that motion and waiting for over a month to confess same."

*Id.* at 234. Indeed, found the court, "[the plaintiff's] attorneys had misused the judicial process by failing to verify that they had sued the correct defendant, especially when the wrongfully-sued defendant repeatedly informed them of their mistake." *Id.*

The case here also presents "not even a close question." Beginning in June 2011, Universal informed opposing counsel that the plaintiffs had sued the wrong entity, and plaintiffs' counsel *acknowledged that he had sued the wrong entity.* By late November 2011, plaintiffs' counsel was most certainly on notice that the wrong party was sued and was incorrectly listed as a defaulting party, yet notices of voluntary dismissal remained unfiled for nearly two months (even after promised). While plaintiffs' counsel have done good work in this MDL in representing their clients, they do have duties to the Court *and* the entities they sue to do so in good faith. Failure to remove Universal from the plaintiffs' motion for preliminary default was nothing short of reckless.

Even more, plaintiffs' counsel's refusal to correct the improper entry of default via a motion to vacate or set aside evidences complete and total disregard for his duties to the Court and the opposing party. Universal repeatedly warned plaintiffs' counsel that it would be forced to hire local counsel and file this Motion if the various plaintiffs' attorneys involved could not, or would not, "clear up" the default as promised. Once contacted by undersigned counsel,

plaintiffs' counsel further saw fit to push the burden of drafting and filing a motion to vacate or set aside onto Universal, dismissing Universal's concern over the default as a mere "inconvenience" that he "th[ought]" would get "clean[ed] up...at some point but this is likely several months down the road." *See* Gaughan Email, March 1, 2012, Feb./March Email Chain, attached as Exhibit 6. Not only did plaintiffs' counsel "unnecessarily and vexatiously multipl[y] the proceedings in this matter at the expense of defendant [Universal]," they did so knowingly. *Ratliff*, 508 F.3d at 227.

Sanctions pursuant to § 1927 are entirely appropriate given the conduct of lead plaintiffs' counsel. Accordingly, Universal respectfully requests reasonable costs, expenses, and attorneys' fees to be awarded following a Motion to Set Fees and Costs.

## Conclusion

Good cause exists for vacating and setting aside the preliminary default judgment entered against Universal on February 24, 2012. As all parties have acknowledged, the plaintiffs simply sued the wrong defendant. Failure to remove Universal from the lawsuit prior to the entry of preliminary default rests squarely with opposing counsel. Opposing counsel's conduct, moreover, unreasonably and vexatiously multiplied the proceedings in this case and resulted in excessive costs and fees to Universal. For all the foregoing reasons, Universal requests that the preliminary default judgment against it be vacated and set aside. In addition, Universal requests that the Court award appropriate costs, expenses, and fees pursuant to 28 U.S.C. § 1927.

Respectfully submitted,

**BAKER, DONELSON, BEARMAN,
CALDWELL & BERKOWITZ, P.C.**

By:   _s/Steven F. Griffith, Jr._
STEVEN F. GRIFFITH, JR. (27232)
LAURA E. CARLISLE (33760)
201 St. Charles Avenue, Suite 3600
New Orleans, Louisiana  70170
TELEPHONE:  (504) 566-5200
FACSIMILE:  (504) 636-4000
sgriffith@bakerdonelson.com
lcarlisle@bakerdonelson.com

**ATTORNEYS FOR UNIVERSAL
CONSTRUCTION COMPANY, INC.**

## CERTIFICATE OF SERVICE

I hereby certify that on this 27th day of March, 2012, the above and foregoing Memorandum in Support of Motion to Vacate and Set Aside Preliminary Default Judgment and Request for Sanctions Pursuant to 28 U.S.C. § 1927 has been served on Plaintiffs' Liaison Counsel, Russ Herman, and Defendants' Liaison Counsel, Kerry Miller, by U.S. Mail and e-mail or by hand delivery and e-mail and upon all parties by electronically uploading the same to LexisNexis File & Serve in accordance with Pretrial Order No. 6, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2047.

_s/Steven F. Griffith, Jr._
STEVEN F. GRIFFITH, JR.

**Maginn, Tara M - (NAS)**

| | |
|---|---|
| **From:** | David G. Jordan [dgj@sdvlaw.com] |
| **Sent:** | Monday, June 13, 2011 9:24 AM |
| **To:** | brian@collinshorsley.com |
| **Cc:** | alevin@lfsblaw.com; King, Kevin R - (Turner); Maginn, Tara M - (NAS) |
| **Subject:** | Chinese Drywall Class Action - Universal Construction (Omnibus Complaint VIII) |
| **Attachments:** | 2011.06.13.Ltr.DGJ.to.Collins.Universal Construction.pdf; signed affidavit.MaGinn.6.10.11.pdf |

Attorney Collins,

    Attached please find a letter and accompanying affidavit seeking a withdrawal of Universal Construction Company from the Omnibus Complaint.  As set forth in these documents, we believe that the wrong "Universal Construction Company" has been sued.

Thank you,

David G. Jordan
Associate
Saxe Doernberger & Vita, P.C.
1952 Whitney Avenue
Hamden, CT 06517

(203) 287-2111 Direct
(203) 287-8847 Fax

dgj@sdvlaw.com
www.sdvlaw.com

This e-mail, and any attachments thereto, is intended only for the use of the addressee(s) named herein and may contain legally privileged and/or confidential information. If you are not the intended recipient of this e-mail, you are hereby notified that any dissemination, distribution or copying of this e-mail, and any attachments thereto, is strictly prohibited. If you have received this e-mail in error, please notify me via return e-mail and via telephone at 203-287-2100 and permanently delete the original and any copy of any e-mail and any printout thereof.

1


Exhibit
1



June 13, 2011

Via U.S. Mail (letter),
FedEx (original signed affidavit)
and e-mail
brian@collinshorisey.com

W. Brian Collins, Esq.
Collins & Horsley, PC
2021 Morris Avenue, Suite 200
Birmingham, AL  35203

RE:   **Daniel Abreu, et al v. Gebreuder Knauf, et al**
**("Chinese Drywall Class Action")**
**Omnibus Class Action Complaint (VIII)**
**Subclass 126, claims against Universal Construction Company**

Dear Attorney Collins:

My name is David Jordan and I am counsel to Turner Construction Company.  I am writing with regard to the above referenced matter and, in particular, with respect to the claims brought against "Universal Construction Company" by members of Subclass 126 of the Chinese Drywall Class Action, who are represented by your firm.

Universal Construction Company, a subsidiary of Turner Construction Company ("Turner Universal"), was served with Omnibus Class Action Complaint (VIII) on May 25, 2011. However, I believe that you have filed suit against the wrong Universal Construction Company.  As further set-forth in the accompanying affidavit, Turner Universal strictly performs commercial construction work, has never performed work on residential free-standing homes, and has never contracted with any of the Subclass 126 members, who have been identified as:

Kevin and Christy Chavis -1882 Cedar Circle, Dayton Texas 77535

Cynthia Helms - 1883 Cedar Circle, Dayton Texas, 77535

Jeremy Landry -1978 Magnolia Circle, Dayton Texas 77535

Obyster and Javodia Moore - 5203 Manorfield Drive, Katy, Texas 77449

John Robertson - 2200 Jefferson Crossing Drive, Conroe, Texas 77304

Warren Sholz - 2305 Tarrytown Crossing Drive, Conroe, Texas 77340

Ashley Sloan - 21475 Forest Colony Drive, Porter, Texas 77365

More significantly, Turner Universal has not performed *any* construction work in the State of Texas within the last 10 years.

Our own search has revealed that there are numerous business entities that operate under the name of "Universal Construction Company."  Most notably is a company with an

address of 9040 Viscount Row, Dallas, Texas (perhaps that is the Universal Construction that you are looking for.)   In light of these facts, we ask that you kindly withdraw your complaint as to Turner Universal.   To the extent that you maintain that Turner Universal has been correctly named as a defendant, please provide us with the documents which you believe evidence the work performed on behalf of the Subclass 126 members by Turner Universal (or pertaining to the properties for which these Subclass members claim that Turner Universal performed work upon), such as the construction contracts.

Please contact me at your earliest convenience to discuss further.   I can be reached at 203-287-2111.

Very truly yours,

David G. Jordan
dgj@scvlaw.com

cc:

Arnold Levin, Esq.
Lead Plaintiffs' Counsel – Chinese Drywall Class Action (e-mail only)

Kevin R. King
V.P. Claims and Legal Services – Turner Construction Company (e-mail only)

Tara MaGinn
Contracts Manager - Turner Universal (e-mail only)

2

### Affidavit of Tara MaGinn

Personally, before the undersigned officer, duly authorized by law to administer oaths, came Tara MaGinn, who, upon being duly sworn, states and deposes of her own knowledge as follows:

1. My name is Tara MaGinn. I am of sound mind, over the age of 18 years, have never been convicted of a felony or crime of moral turpitude and am competent to make this affidavit. Further, this affidavit is true and correct based upon my knowledge of the matters set forth herein.

2. I am the Contracts Manager for Universal Construction Company ("Turner Universal") and my office is located at 5300 Virginia Way, Suite 200, Brentwood, Tennessee.

3. Universal Construction Company, Inc. d/b/a Turner Universal, ("Turner Universal") is a wholly-owned subsidiary of Turner Construction Company.

4. On or about May 25, 2011, Turner-Universal was served with a lawsuit, entitled "Plaintiffs' Omnibus Class Action Complaint (VIII)" pertaining to Daniel Abreu et al v. Berbrueder Knauf et al, which is pending in the United States District Court for the Eastern District of Louisiana (the "Chinese Drywall Class Action").

5. Claims against a "Universal Construction Company" have been brought by the Members of "Subclass 126" which are identified in the accompanying attachments to Plaintiffs' Omnibus Complaint (VIII) by name and address, as follows:

Kevin and Christy Chavis -1882 Cedar Circle, Dayton Texas 7753

Cynthia Helms - 1883 Cedar Circle, Dayton Texas, 77535

Jeremy Landry -1978 Magnolia Circle, Dayton Texas 77535

AFFIDAVIT OF TARA MAGINN IN SUPPORT OF WITHDRAWAL OF TURNER UNIVERSAL
FROM CHINESE DRYWALL CLASS ACTION
PAGE 1

Obyster and Javodia Moore - 5203 Manorfield Drive, Katy, Texas 77449

John Robertson - 2200 Jefferson Crossing Drive, Conroe, Texas 77304

Warren Sholz - 2305 Tarrytown Crossing Drive, Conroe, Texas 77340

Ashley Sloan - 21475 Forest Colony Drive, Porter, Texas 77365

6.      Turner Universal has never contracted with any of the individuals named in paragraph 5 above to perform any construction-related services.

7.      Turner Universal has never performed any construction-related services at any of the home addresses identified in Paragraph 5 above.

8.      Turner Universal strictly performs commercial construction projects.

9.      With the exception of one condominium high-rise project, occurring in the State of Alabama, Turner Universal has not performed any work related to condominiums, apartments, town houses, or any other personal residence complexes, for over ten (10) years.

10.     Turner Universal has never performed any free-standing home construction work.

11.     Turner Universal has not performed any construction work within the State of Texas for at least ten (10) years.

Tara MaGinn

**AFFIDAVIT OF TARA MAGINN IN SUPPORT OF WITHDRAWAL OF TURNER UNIVERSAL
FROM CHINESE DRYWALL CLASS ACTION
PAGE 2**

Signed this _____ 10th _____ day of _____ June _____, 2011

SWORN TO AND SUBSCRIBED before me, the undersigned authority, on this
10th day of _____ June _____, 2011, by _____ Alissa Stoneberger _____, who is
personally known to me to be the person whose name is subscribed to this document.

_____
NOTARY PUBLIC

MY COMMISSION EXPIRES: _____ November 7, 2012 _____



**AFFIDAVIT OF TARA MAGINN IN SUPPORT OF WITHDRAWAL OF TURNER UNIVERSAL FROM CHINESE DRYWALL CLASS ACTION**
**PAGE 3**

**Maginn, Tara M - (NAS)**

| | |
|---|---|
| **From:** | Brian Collins [brian@collinshorsley.com] |
| **Sent:** | Monday, June 13, 2011 2:35 PM |
| **To:** | David G. Jordan |
| **Cc:** | alevin@lfsblaw.com; King, Kevin R - (Turner); Maginn, Tara M - (NAS) |
| **Subject:** | RE: Chinese Drywall Class Action - Universal Construction (Omnibus Complaint VIII) |

David,

I apologize for any inconvenience this may have caused your client.  We would never knowingly sue the wrong entity. Please give me a couple days to perform my due diligence for dismissal or substitution and I will provide Mr. Levin's office with the proper paperwork to effectuate dismissal of your client.  Please let me know if this course of action is acceptable and once again I apologize for the improper naming of your client.  To help facilitate my research, does your client have any knowledge as to the Universal Construction that performed the drywall installations we have sued over. Thanks for your help on this matter.

Brian Collins

---

**From:** David G. Jordan [mailto:dgj@sdvlaw.com]
**Sent:** Monday, June 13, 2011 9:24 AM
**To:** Brian Collins
**Cc:** alevin@lfsblaw.com; 'King, Kevin R - (Turner)'; 'Maginn, Tara M - (NAS)'
**Subject:** Chinese Drywall Class Action - Universal Construction (Omnibus Complaint VIII)

Attorney Collins,

   Attached please find a letter and accompanying affidavit seeking a withdrawal of Universal Construction Company from the Omnibus Complaint.  As set forth in these documents, we believe that the wrong "Universal Construction Company" has been sued.

Thank you,

David G. Jordan
Associate
Saxe Doernberger & Vita, P.C.
1952 Whitney Avenue
Hamden, CT 06517

(203) 287-2111 Direct
(203) 287-8847 Fax

dgj@sdvlaw.com
www.sdvlaw.com

This e-mail, and any attachments thereto, is intended only for the use of the addressee(s) named herein and may contain legally privileged and/or confidential information. If you are not the intended recipient of this e-mail, you are hereby notified that any dissemination, distribution or copying of this e-mail, and any attachments thereto, is strictly prohibited. If you have received this e-mail in error, please notify me via return e-mail and via telephone at 203-287-2100 and permanently delete the original and any copy of any e-mail and any printout thereof.


Exhibit 2

REDACTED: ATTORNEY-CLIENT PRIVILEGE

Begin forwarded message:

**From:** Bonnie Costello <bonnie@collinshorsley.com>
**Date:** November 28, 2011 6:33:31 PM EST
**To:** "David G. Jordan" <dgj@sdvlaw.com>
**Cc:** Brian Collins <brian@collinshorsley.com>
**Subject: RE: Chinese Drywall Class Action - Universal Construction (Omnibus Complaint VIII)**

Attorney Jordan,
Thank you for the information you have provided our firm.  It has been determined your client was erroneously named in the MDL Chinese Drywall Litigation in Omnibus Complaint VIII.  Forthcoming will be copies of the Voluntary Dismissal forms for each plaintiff for which your client was named as the applicator of defective drywall.  The forms will be forwarded to the Plaintiff's Steering Committee via email and U.S. Mail for filing in Judge Fallon's Court.  Thank you for your patience in this matter.
Bonnie

Bonnie Costellos
Assistant to W. Brian Collins
COLLINS & HORSLEY, P. C.
2021 Morris Ave.  Suite 200
Birmingham, AL  35203
205-324-1834 v
205-324-1846 f
bonnie@collinshorsley.com<mailto:bonnie@collinshorsley.com>


From: David G. Jordan [mailto:dgj@sdvlaw.com]
Sent: Tuesday, August 16, 2011 4:27 PM
To: Bonnie Costello
Subject: FW: Chinese Drywall Class Action - Universal Construction (Omnibus Complaint VIII)

From: David G. Jordan [mailto:dgj@sdvlaw.com]
Sent: Monday, June 13, 2011 10:24 AM

1

Exhibit
3

To: 'brian@collinshorsley.com'
Cc: 'alevin@lfsblaw.com'; 'King, Kevin R - (Turner)'; 'Maginn, Tara M - (NAS)'
Subject: Chinese Drywall Class Action - Universal Construction (Omnibus Complaint VIII)
Attorney Collins,

    Attached please find a letter and accompanying affidavit seeking a withdrawal of Universal Construction Company from the Omnibus Complaint.  As set forth in these documents, we believe that the wrong "Universal Construction Company" has been sued.

Thank you,

David G. Jordan
Associate
Saxe Doernberger & Vita, P.C.
1952 Whitney Avenue
Hamden, CT 06517

(203) 287-2111 Direct
(203) 287-8847 Fax

dgj@sdvlaw.com
<mailto:dgj@sdvlaw.com>www.sdvlaw.com<http://www.sdvlaw.com/>
This e-mail, and any attachments thereto, is intended only for the use of the addressee(s) named herein and may contain legally privileged and/or confidential information. If you are not the intended recipient of this e-mail, you are hereby notified that any dissemination, distribution or copying of this e-mail, and any attachments thereto, is strictly prohibited. If you have received this e-mail in error, please notify me via return e-mail and via telephone at 203-287-2100 and permanently delete the original and any copy of any e-mail and any printout thereof.

REDACTED: ATTORNEY-CLIENT PRIVILEGE

-----Original Message-----
From: Bonnie Costello [mailto:bonnie@collinshorsley.com]
Sent: Wednesday, November 30, 2011 4:34 PM
To: David G. Jordan
Cc: Brian Collins; David Horsley
Subject: RE: Chinese Drywall Class Action - Universal Construction (Omnibus Complaint VIII)

Dave,
Please find releases for your client attached.  Please call should you need anything further.
bonnie

From: David G. Jordan [mailto:dgj@sdvlaw.com]
Sent: Tuesday, August 16, 2011 4:27 PM
To: Bonnie Costello
Subject: FW: Chinese Drywall Class Action - Universal Construction (Omnibus Complaint VIII)


From: David G. Jordan [mailto:dgj@sdvlaw.com]
Sent: Monday, June 13, 2011 10:24 AM
To: 'brian@collinshorsley.com'
Cc: 'alevin@lfsblaw.com'; 'King, Kevin R - (Turner)'; 'Maginn, Tara M - (NAS)'
Subject: Chinese Drywall Class Action - Universal Construction (Omnibus Complaint VIII)
Attorney Collins,

    Attached please find a letter and accompanying affidavit seeking a withdrawal of
Universal Construction Company from the Omnibus Complaint.  As set forth in these documents,
we believe that the wrong "Universal Construction Company" has been sued.

Thank you,

David G. Jordan
Associate
Saxe Doernberger & Vita, P.C.
1952 Whitney Avenue
Hamden, CT 06517

(203) 287-2111 Direct
(203) 287-8847 Fax

dgj@sdvlaw.com
<mailto:dgj@sdvlaw.com>www.sdvlaw.com<http://www.sdvlaw.com/>
This e-mail, and any attachments thereto, is intended only for the use of the addressee(s)
named herein and may contain legally privileged and/or confidential information. If you are

Exhibit
4

1

not the intended recipient of this e-mail, you are hereby notified that any dissemination, distribution or copying of this e-mail, and any attachments thereto, is strictly prohibited. If you have received this e-mail in error, please notify me via return e-mail and via telephone at 203-287-2100 and permanently delete the original and any copy of any e-mail and any printout thereof.

# COLLINS & HORSLEY, P.C.
### ATTORNEYS AT LAW
2021 MORRIS AVENUE
SUITE 200
BIRMINGHAM, ALABAMA 35203

W. BRIAN COLLINS
DAVID L. HORSLEY
J. ALLSTON MACON, III

TELEPHONE
205-324-1834
FACSIMILE
205-324-1846
E-MAIL: brian@collinshorsley.com
WEBSITE: www.collinshorsley.com

November 30, 2011

**Via Facsimile (504) 561-6024 & U.S. Mail**

Russ M. Herman, Esquire
Leonard A. Davis, Esquire
Herman, Herman, Katz & Cotlar, LLP
820 O'Keefe Avenue
New Orleans, Louisiana 70113

> Re:   **In re: Chinese Manufactured Drywall Products Liability Litigation**
> **Daniel Abreu v. Gebrueder Knauf Verwaltungsgesellschaft, KG, et al.**
> **Omnibus VIII 2:11-CV-252**

Dear Russ and Lenny:

My client, Jeremy Landry, authorizes the attorneys of Herman, Herman, Katz & Cotlar, LLP to sign any appropriate documents and/or pleadings on his behalf to voluntarily dismiss, without prejudice, all of his claims against defendant Universal Construction Company, Inc. in the above matter, reserving his rights and claims against any and all other defendants therein.

Very truly yours,

W. Brian Collins

WBC/bcc

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: CHINESE-MANUFACTURED DRYWALL PRODUCTS LIABILITY LITIGATION | MDL NO. 2047 SECTION: L JUDGE FALLON MAG. JUDGE WILKINSON |
| THIS DOCUMENT RELATES TO: OMNIBUS VIII 2:11-CV-252 | |

### JEREMY LANDRY'S NOTICE OF VOLUNTARY DISMISSAL WITHOUT PREJUDICE, OF DEFENDANT, UNIVERSAL CONSTRUCTION COMPANY, INC.

Pursuant to Fed.R.Civ.P. 41(a)(1)(A)(I), Plaintiff, Jeremy Landry, hereby dismisses without prejudice all of his claims against Universal Construction Company, Inc. in Plaintiffs' Omnibus Complaints, reserving his rights and claims against any and all other defendants therein. Each party is to bear its own attorneys' fees and costs. Jeremy Landry shall continue to pursue his claims against the remaining Defendants not specifically dismissed herein. Attached hereto as Exhibit "A" is correspondence from W. Brian Collins, counsel for Jeremy Landry, dated November 30, 2011 specifically authorizing the undersigned to file this Notice of Voluntary Dismissal.

1

Respectfully submitted,


Dated: November 30, 2011                    /s/ Russ M. Herman
                                            Russ M. Herman, Esquire (Bar No. 6819)
                                            Leonard A. Davis, Esquire (Bar No. 14190)
                                            Stephen J. Herman, Esquire (Bar No. 23129)
                                            HERMAN, HERMAN, KATZ & COTLAR, LLP
                                            820 O'Keefe Avenue
                                            New Orleans, Louisiana 70113
                                            Phone: (504) 581-4892
                                            Fax: (504) 561-6024
                                            LDavis@hhkc.com
                                            *Plaintiffs' Liaison Counsel*
                                            *MDL 2047*

## CERTIFICATE OF SERVICE

I hereby certify that the above and foregoing Notice of Voluntary Dismissal Without Prejudice has been served on Defendants' Liaison Counsel, Kerry Miller, by e-mail and upon all parties by electronically uploading the same to LexisNexis File & Serve in accordance with Pre-Trial Order No. 6, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2047 on this 30th day of November, 2011.

/s/ Leonard A. Davis
Leonard A. Davis, Esquire
Herman, Herman, Katz & Cotlar, LLP
820 O'Keefe Avenue
New Orleans, Louisiana 70113
Phone: (504) 581-4892
Fax: (504) 561-6024
LDavis@hhkc.com
Plaintiffs' Liaison Counsel
MDL 2047

3

# COLLINS & HORSLEY, P.C.

ATTORNEYS AT LAW
2021 MORRIS AVENUE
SUITE 200
BIRMINGHAM, ALABAMA 35203

W. BRIAN COLLINS
DAVID L. HORSLEY
J. ALLSTON MACON, III

TELEPHONE
205-324-1834
FACSIMILE
205-324-1846
E-MAIL: brian@collinshorsley.com
WEBSITE: www.collinshorsley.com

November 30, 2011

**Via Facsimile (504) 561-6024 & U.S. Mail**

Russ M. Herman, Esquire
Leonard A. Davis, Esquire
Herman, Herman, Katz & Cotlar, LLP
820 O'Keefe Avenue
New Orleans, Louisiana 70113

Re:  **In re: Chinese Manufactured Drywall Products Liability Litigation
Daniel Abreu v. Gebrueder Knauf Verwaltungsgesellschaft, KG, et al.
Omnibus VIII 2:11-CV-252**

Dear Russ and Lenny:

My client, Warren Sholtz, authorizes the attorneys of Herman, Herman, Katz & Cotlar, LLP to sign any appropriate documents and/or pleadings on his behalf to voluntarily dismiss, without prejudice, all of his claims against defendant Universal Construction, Inc. in the above matter, reserving his rights and claims against any and all other defendants therein.

Very truly yours,

W. Brian Collins

WBC/bcc

# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: CHINESE-MANUFACTURED DRYWALL PRODUCTS LIABILITY LITIGATION | MDL NO. 2047 SECTION: L JUDGE FALLON MAG. JUDGE WILKINSON |
| THIS DOCUMENT RELATES TO: OMNIBUS VIII 2:11-CV-252 | |

## WARREN SHOLTZ'S NOTICE OF
## VOLUNTARY DISMISSAL WITHOUT PREJUDICE,
## OF DEFENDANT, UNIVERSAL CONSTRUCTION COMPANY, INC.

Pursuant to Fed.R.Civ.P. 41(a)(1)(A)(I), Plaintiff, Warren Sholtz, hereby dismisses without prejudice all of his claims against Universal Construction Company, Inc. in Plaintiffs' Omnibus Complaints, reserving his rights and claims against any and all other defendants therein. Each party is to bear its own attorneys' fees and costs. Warren Sholtz shall continue to pursue his claims against the remaining Defendants not specifically dismissed herein. Attached hereto as Exhibit "A" is correspondence from W. Brian Collins, counsel for Warren Sholtz, dated November 30, 2011 specifically authorizing the undersigned to file this Notice of Voluntary Dismissal.

1

Respectfully submitted,

Dated: November 30, 2011

/s/ Russ M. Herman
Russ M. Herman, Esquire (Bar No. 6819)
Leonard A. Davis, Esquire (Bar No. 14190)
Stephen J. Herman, Esquire (Bar No. 23129)
HERMAN, HERMAN, KATZ & COTLAR, LLP
820 O'Keefe Avenue
New Orleans, Louisiana 70113
Phone: (504) 581-4892
Fax: (504) 561-6024
LDavis@hhkc.com
*Plaintiffs' Liaison Counsel*
*MDL 2047*

2

## CERTIFICATE OF SERVICE

I hereby certify that the above and foregoing Notice of Voluntary Dismissal Without Prejudice has been served on Defendants' Liaison Counsel, Kerry Miller, by e-mail and upon all parties by electronically uploading the same to LexisNexis File & Serve in accordance with Pre-Trial Order No. 6, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2047 on this 30th day of November, 2011.

/s/ Leonard A. Davis
Leonard A. Davis, Esquire
Herman, Herman, Katz & Cotlar, LLP
820 O'Keefe Avenue
New Orleans, Louisiana 70113
Phone: (504) 581-4892
Fax: (504) 561-6024
LDavis@hhkc.com
Plaintiffs' Liaison Counsel
MDL 2047

3

# COLLINS & HORSLEY, P.C.

### ATTORNEYS AT LAW
2021 MORRIS AVENUE
SUITE 200
BIRMINGHAM, ALABAMA 35203

W. BRIAN COLLINS
DAVID L. HORSLEY
J. ALLSTON MACON, III

TELEPHONE
205-324-1834
FACSIMILE
205-324-1846
E-MAIL: brian@collinshorsley.com
WEBSITE: www.collinshorsley.com

November 30, 2011

**Via Facsimile (504) 561-6024 & U.S. Mail**

Russ M. Herman, Esquire
Leonard A. Davis, Esquire
Herman, Herman, Katz & Cotlar, LLP
820 O'Keefe Avenue
New Orleans, Louisiana 70113

Re:   **In re: Chinese Manufactured Drywall Products Liability Litigation**
**Daniel Abreu v. Gebrueder Knauf Verwaltungsgesellschaft, KG, et al.**
**Omnibus VIII 2:11-CV-252**

Dear Russ and Lenny:

My client, John Roberson, authorizes the attorneys of Herman, Herman, Katz & Cotlar, LLP to sign any appropriate documents and/or pleadings on his behalf to voluntarily dismiss, without prejudice, all of his claims against defendant Universal Construction Company, Inc. in the above matter, reserving his rights and claims against any and all other defendants therein.

Very truly yours,

W. Brian Collins

WBC/bcc

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE:  CHINESE-MANUFACTURED DRYWALL PRODUCTS LIABILITY LITIGATION | MDL NO. 2047 SECTION: L JUDGE FALLON MAG. JUDGE WILKINSON |
| THIS DOCUMENT RELATES TO: OMNIBUS VIII 2:11-CV-252 | |

### JOHN ROBERSON'S NOTICE OF
### VOLUNTARY DISMISSAL WITHOUT PREJUDICE,
### OF DEFENDANT, UNIVERSAL CONSTRUCTION COMPANY, INC.

Pursuant to Fed.R.Civ.P. 41(a)(1)(A)(I), Plaintiff, John Roberson, hereby dismisses without prejudice all of his claims against Universal Construction Company, Inc. in Plaintiffs' Omnibus Complaints, reserving his rights and claims against any and all other defendants therein.  Each party is to bear its own attorneys' fees and costs.  John Roberson shall continue to pursue his claim against the remaining Defendants not specifically dismissed herein.  Attached hereto as Exhibit "A" is correspondence from W. Brian Collins, counsel for John Roberson, dated November 30, 2011 specifically authorizing the undersigned to file this Notice of Voluntary Dismissal.

1

Respectfully submitted,


November 30, 2011                        /s/ Russ M. Herman
                                        Russ M. Herman, Esquire (Bar No. 6819)
                                        Leonard A. Davis, Esquire (Bar No. 14190)
                                        Stephen J. Herman, Esquire (Bar No. 23129)
                                        HERMAN, HERMAN, KATZ & COTLAR, LLP
                                        820 O'Keefe Avenue
                                        New Orleans, Louisiana 70113
                                        Phone: (504) 581-4892
                                        Fax: (504) 561-6024
                                        LDavis@hhkc.com
                                        *Plaintiffs' Liaison Counsel*
                                        *MDL 2047*

## CERTIFICATE OF SERVICE

I hereby certify that the above and foregoing Notice of Voluntary Dismissal Without Prejudice has been served on Defendants' Liaison Counsel, Kerry Miller, by e-mail and upon all parties by electronically uploading the same to LexisNexis File & Serve in accordance with Pre-Trial Order No. 6, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2047 on this 30th day of November, 2011.

/s/ Leonard A. Davis
Leonard A. Davis, Esquire
Herman, Herman, Katz & Cotlar, LLP
820 O'Keefe Avenue
New Orleans, Louisiana 70113
Phone: (504) 581-4892
Fax: (504) 561-6024
LDavis@hhkc.com
Plaintiffs' Liaison Counsel
MDL 2047

3

# COLLINS & HORSLEY, P.C.
### ATTORNEYS AT LAW
2021 MORRIS AVENUE
SUITE 200
BIRMINGHAM, ALABAMA 35203

W. BRIAN COLLINS
DAVID L. HORSLEY
J. ALLSTON MACON, III

TELEPHONE
205-324-1834
FACSIMILE
205-324-1846
E-MAIL: brian@collinshorsley.com
WEBSITE: www.collinshorsley.com

November 30, 2011

**Via Facsimile (504) 561-6024 & U.S. Mail**

Russ M. Herman, Esquire
Leonard A. Davis, Esquire
Herman, Herman, Katz & Cotlar, LLP
820 O'Keefe Avenue
New Orleans, Louisiana 70113

Re:  **In re: Chinese Manufactured Drywall Products Liability Litigation**
     **Daniel Abreu v. Gebrueder Knauf Verwaltungsgesellschaft, KG, et al.**
     **Omnibus VIII 2:11-CV-252**

Dear Russ and Lenny:

My client, Ashley Sloan, authorizes the attorneys of Herman, Herman, Katz & Cotlar, LLP to sign any appropriate documents and/or pleadings on her behalf to voluntarily dismiss, without prejudice, all of her claims against defendant Universal Construction Company, Inc. in the above matter, reserving her rights and claims against any and all other defendants therein.

Very truly yours,

W. Brian Collins

WBC/bcc

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: CHINESE-MANUFACTURED DRYWALL PRODUCTS LIABILITY LITIGATION | MDL NO. 2047 SECTION: L JUDGE FALLON MAG. JUDGE WILKINSON |
| THIS DOCUMENT RELATES TO: OMNIBUS VIII 2:11-CV-252 | |

ASHLEY SLOAN'S NOTICE OF
VOLUNTARY DISMISSAL WITHOUT PREJUDICE,
OF DEFENDANT, UNIVERSAL CONSTRUCTION COMPANY, INC.,

Pursuant to Fed.R.Civ.P. 41(a)(1)(A)(I), Plaintiff, Ashley Sloan, hereby dismisses without prejudice all of her claims against Universal Construction Company, Inc. in Plaintiffs' Omnibus Complaints, reserving her rights and claims against any and all other defendants therein. Each party is to bear its own attorneys' fees and costs. Ashley Sloan shall continue to pursue her claims against the remaining Defendants not specifically dismissed herein. Attached hereto as Exhibit "A" is correspondence from W. Brian Collins, counsel for Ashley Sloan, dated November 30, 2011 specifically authorizing the undersigned to file this Notice of Voluntary Dismissal.

1

Respectfully submitted,

Dated: November 30, 2011

/s/ Russ M. Herman
Russ M. Herman, Esquire (Bar No. 6819)
Leonard A. Davis, Esquire (Bar No. 14190)
Stephen J. Herman, Esquire (Bar No. 23129)
HERMAN, HERMAN, KATZ & COTLAR, LLP
820 O'Keefe Avenue
New Orleans, Louisiana 70113
Phone: (504) 581-4892
Fax: (504) 561-6024
LDavis@hhkc.com
*Plaintiffs' Liaison Counsel*
*MDL 2047*

2

## CERTIFICATE OF SERVICE

I hereby certify that the above and foregoing Notice of Voluntary Dismissal Without Prejudice has been served on Defendants' Liaison Counsel, Kerry Miller, by e-mail and upon all parties by electronically uploading the same to LexisNexis File & Serve in accordance with Pre-Trial Order No. 6, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2047 on this 30th day of November, 2011.

/s/ Leonard A. Davis
Leonard A. Davis, Esquire
Herman, Herman, Katz & Cotlar, LLP
820 O'Keefe Avenue
New Orleans, Louisiana 70113
Phone: (504) 581-4892
Fax: (504) 561-6024
LDavis@hhkc.com
Plaintiffs' Liaison Counsel
MDL 2047

3

# COLLINS & HORSLEY, P.C.

### ATTORNEYS AT LAW
2021 MORRIS AVENUE
SUITE 200
BIRMINGHAM, ALABAMA 35203

W. BRIAN COLLINS
DAVID L. HORSLEY
J. ALLSTON MACON, III

TELEPHONE
205-324-1834
FACSIMILE
205-324-1846
E-MAIL: brian@collinshorsley.com
WEBSITE: www.collinshorsley.com

November 30, 2011

**Via Facsimile (504) 561-6024 & U.S. Mail**

Russ M. Herman, Esquire
Leonard A. Davis, Esquire
Herman, Herman, Katz & Cotlar, LLP
820 O'Keefe Avenue
New Orleans, Louisiana 70113

      Re:    **In re: Chinese Manufactured Drywall Products Liability Litigation**
                   **Daniel Abreu v. Gebrueder Knauf Verwaltungsgesellschaft, KG, et al.**
                   **Omnibus VIII 2:11-CV-252**

Dear Russ and Lenny:

    My client, Cynthia Helms, authorizes the attorneys of Herman, Herman, Katz & Cotlar, LLP to sign any appropriate documents and/or pleadings on her behalf to voluntarily dismiss, without prejudice, all of her claims against defendant Universal Construction Company, Inc. in the above matter, reserving her rights and claims against any and all other defendants therein.

                          Very truly yours,

                          W. Brian Collins

WBC/bcc

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: CHINESE-MANUFACTURED DRYWALL PRODUCTS LIABILITY LITIGATION | MDL NO. 2047 SECTION: L JUDGE FALLON MAG. JUDGE WILKINSON |
| THIS DOCUMENT RELATES TO: OMNIBUS VIII 2:11-CV-252 | |

### CYNTHIA HELMS' NOTICE OF
### VOLUNTARY DISMISSAL, WITHOUT PREJUDICE,
### OF DEFENDANT UNIVERSAL CONSTRUCTION COMPANY, INC.

Pursuant to Fed.R.Civ.P. 41(a)(1)(A)(I), Plaintiff, Cynthia Helms, hereby dismisses, without prejudice, all of her claims against DEFENDANT Universal Construction Company, Inc., in Plaintiffs' Omnibus Complaints, reserving her rights and claims against any and all other defendants therein. Each party is to bear its own attorneys' fees and costs. Cynthia Helms shall continue to pursue her claims against the remaining Defendants not specifically dismissed herein. Attached hereto as Exhibit "A" is correspondence from W. Brian Collins, counsel for Cynthia Helms, dated November 30, 2011 specifically authorizing the undersigned to file this Notice of Voluntary Dismissal.

1

Respectfully submitted,

Dated: November 30, 2011

/s/ Russ M. Herman
Russ M. Herman, Esquire (Bar No. 6819)
Leonard A. Davis, Esquire (Bar No. 14190)
Stephen J. Herman, Esquire (Bar No. 23129)
HERMAN, HERMAN, KATZ & COTLAR, LLP
820 O'Keefe Avenue
New Orleans, Louisiana 70113
Phone: (504) 581-4892
Fax: (504) 561-6024
LDavis@hhkc.com
*Plaintiffs' Liaison Counsel*
*MDL 2047*

2

**CERTIFICATE OF SERVICE**

I hereby certify that the above and foregoing Notice of Voluntary Dismissal Without Prejudice has been served on Defendants' Liaison Counsel, Kerry Miller, by e-mail and upon all parties by electronically uploading the same to LexisNexis File & Serve in accordance with Pre-Trial Order No. 6, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2047 on this 30th day of November, 2011.

/s/ Leonard A. Davis
Leonard A. Davis, Esquire
Herman, Herman, Katz & Cotlar, LLP
820 O'Keefe Avenue
New Orleans, Louisiana 70113
Phone: (504) 581-4892
Fax: (504) 561-6024
LDavis@hhkc.com
Plaintiffs' Liaison Counsel
MDL 2047

3

# COLLINS & HORSLEY, P.C.

### ATTORNEYS AT LAW
2021 MORRIS AVENUE
SUITE 200
BIRMINGHAM, ALABAMA 35203

W. BRIAN COLLINS
DAVID L. HORSLEY
J. ALLSTON MACON, III

TELEPHONE
205-324-1834
FACSIMILE
205-324-1846
E-MAIL: brian@collinshorsley.com
WEBSITE: www.collinshorsley.com

November 30, 2011

**Via Facsimile (504) 561-6024 & U.S. Mail**

Russ M. Herman, Esquire
Leonard A. Davis, Esquire
Herman, Herman, Katz & Cotlar, LLP
820 O'Keefe Avenue
New Orleans, Louisiana 70113

Re:   In re: Chinese Manufactured Drywall Products Liability Litigation
Daniel Abreu v. Gebrueder Knauf Verwaltungsgesellschaft, KG, et al.
Omnibus VIII 2:11-CV-252

Dear Russ and Lenny:

My clients, Obyster and Javodia Moore, authorize the attorneys of Herman, Herman, Katz & Cotlar, LLP to sign any appropriate documents and/or pleadings on their behalf to voluntarily dismiss, without prejudice, all of their claims against defendant Universal Construction Company, Inc. in the above matter, reserving their rights and claims against any and all other defendants therein.

Very truly yours,

W. Brian Collins

WBC/bcc

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: CHINESE-MANUFACTURED DRYWALL PRODUCTS LIABILITY LITIGATION | MDL NO. 2047 SECTION: L JUDGE FALLON MAG. JUDGE WILKINSON |
| THIS DOCUMENT RELATES TO: OMNIBUS VIII 2:11-CV-252 | |

**OBYSTER AND JAVODIA MOORE'S NOTICE OF
VOLUNTARY DISMISSAL WITHOUT PREJUDICE,
OF DEFENDANT, UNIVERSAL CONSTRUCTION COMPANY, INC.**

Pursuant to Fed.R.Civ.P. 41(a)(1)(A)(I), Plaintiffs, Obyster and Javodia Moore, hereby

dismisses without prejudice all of their claims against Universal Construction Company, Inc. in

Plaintiffs' Omnibus Complaints, reserving their rights and claims against any and all other

defendants therein. Each party is to bear its own attorneys' fees and costs. Obyster and Javodia

Moore shall continue to pursue their claim against the remaining Defendants not specifically

dismissed herein. Attached hereto as Exhibit "A" is correspondence from W. Brian Collins,

counsel for Obyster and Javodia Moore, dated November 30, 2011 specifically authorizing the

undersigned to file this Notice of Voluntary Dismissal.

1

Respectfully submitted,


Dated: November 30, 2011                    /s/ Russ M. Herman
                                            Russ M. Herman, Esquire (Bar No. 6819)
                                            Leonard A. Davis, Esquire (Bar No. 14190)
                                            Stephen J. Herman, Esquire (Bar No. 23129)
                                            HERMAN, HERMAN, KATZ & COTLAR, LLP
                                            820 O'Keefe Avenue
                                            New Orleans, Louisiana 70113
                                            Phone: (504) 581-4892
                                            Fax: (504) 561-6024
                                            LDavis@hhkc.com
                                            *Plaintiffs' Liaison Counsel*
                                            *MDL 2047*

2

## CERTIFICATE OF SERVICE

I hereby certify that the above and foregoing Notice of Voluntary Dismissal Without Prejudice has been served on Defendants' Liaison Counsel, Kerry Miller, by e-mail and upon all parties by electronically uploading the same to LexisNexis File & Serve in accordance with Pre-Trial Order No. 6, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2047 on this 30th day of November, 2011.

/s/ Leonard A. Davis
Leonard A. Davis, Esquire
Herman, Herman, Katz & Cotlar, LLP
820 O'Keefe Avenue
New Orleans, Louisiana 70113
Phone: (504) 581-4892
Fax: (504) 561-6024
LDavis@hhkc.com
Plaintiffs' Liaison Counsel
MDL 2047

3



Turner Construction Company
3 Paragon Dr.
Montvale, New Jersey 07645
Phone: 201-722-3800
Fax: 201-722-3835

**VIA E- MAIL (brian@collinshorsely.com)**

February 9, 2012

W. Brian Collins, Esq.
COLLINS & HORSLEY, P. C.
2021 Morris Ave. Suite 200
Birmingham, AL 35203

**Re:** **Daniel Abreu, et al v, Gebreuder Knauf, et al**
**("Chinese Drywall Class Action")**
**Omnibus Class Action Complaint (VIII), Subclass 126**
**Erroneous claims against Universal Construction Company**

Dear Mr. Collins,

I am Legal Affairs Counsel for Turner Construction Company (the Parent Company of Universal Construction a/k/a Turner Universal) and am writing to you with regard to the above-referenced matter. As has been explained to you by our outside counsel, David Jordan of Saxe Doernberger & Vita, P.C., Turner Universal was erroneously named as a defendant in the Chinese Drywall class action. Turner Universal does not perform residential construction work, has never used Chinese Drywall in any of its construction projects, never contracted with any members of the Subclass, and most significantly has not performed *any* construction work in the State of Texas (where the affected properties of the Subclass defendants are located) in over ten years.

As far back as June, 2011, your office acknowledged that our subsidiary was sued in error and that the correct "Universal Construction" had since been identified. In November, of 2011 we had assumed that the matter was finally put to rest as we had received copies of the voluntary dismissal forms prepared by your office, apparently bearing the appropriate electronic signatures (see attached). We later learned that such documents were never filed, and we continue to receive notices from the court of modified proposed default orders submitted by Plaintiffs against Turner Universal for the failure to appear (also attached). Attorney Jordan has made repeated inquiries to your assistant, Bonnie Costello, regarding the status of the voluntary dismissal filing, to no avail. There is no excuse why, despite a clear acknowledgement of the fact that our company was wrongfully sued, such error has not been rectified. It is a simple matter of e-filing the dismissal forms that have already been prepared.

In the event that the voluntary dismissals are not filed within ten (10) days time, we will be required to retain counsel to appear in the class action litigation, and seek a dismissal. In such case, we will also seek costs and sanctions against the Plaintiffs, consistent with Rule 11 of the *Federal Rules of Civil Procedure*, for the needless time an effort that it will take to remove our subsidiary from a lawsuit, to which you readily admit, it does not belong.

Please be guided accordingly.

Very truly yours,

Robbie L. Vargo
Legal Affairs Counsel

Exhibit
5

# Turner

cc:     Kevin R. King – VP Claims and Legal Services
        David G. Jordan, Esq. – Saxe Doernberger & Vita, P.C.
        Bonnie Costello – Collins & Horsley, P.C.
        Matthew C. Gaughan, Esq. – Levin, Fishbein, Sedran & Berman

REDACTED: ATTORNEY-CLIENT PRIVILEGE

Exhibit
6

**From:** Vargo, Robbie - (Turner)
**Sent:** Friday, March 02, 2012 11:38 AM
**To:** Brian Collins
**Cc:** Bonnie Costello; Maginn, Tara M - (NAS)
**Subject:** RE: Daniel Abreu, et al v. Gebreauder Knauf, et al ("Chinese Drywall Class Action")

Thank again, Brian.

Tara: Please see below from Brian. It appears that Brian's office has done everything possible.

**Robbie J. Vargo, Esq. | LEED Green Associate**
**Turner Construction Company**
*Legal Affairs Counsel*
3 Paragon Drive | Montvale, NJ 07645
Office: (201) 722-3818 | Cell: (201) 978-5375
*www.turnerconstruction.com*

Notice: This electronic message and any attachments are intended for the use of the individual or entity to which this message is addressed and may contain information that is privileged, confidential and exempt from disclosure under applicable law. If the reader of this message is not the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you have received this electronic message in error, please notify us by reply email or by telephone at (201) 722-3818.

---

**From:** Brian Collins [mailto:brian@collinshorsley.com]
**Sent:** Friday, March 02, 2012 12:29 PM
**To:** Vargo, Robbie - (Turner)
**Cc:** Bonnie Costello
**Subject:** RE: Daniel Abreu, et al v. Gebreauder Knauf, et al ("Chinese Drywall Class Action")

Robbie,
I hope you and your company were satisfied with the efforts of this office. As previously stated, we submitted all requested documents in a timely manner and I hate this ever happened. As to hiring local counsel, you could probably forego that by obtaining a release from Mr. and Mrs. Chavis as to any and all claims that could be asserted and then have their counsel, which is not me, file the release with the court and also refrain from proving any damages as to your client. Also, I still don't know why a mtn to dismiss the default against Universal by Barron and Bud would not be prudent to stop this. I have never seen so much trouble dismissing a case. I don't think they even realize Universal was the alleged installer and not the builder. A Universal did install the drywall but your company was not that entity. Also, the judge has dropped any requirement for local attorneys or attorneys licensed in LA allowing any licensed attorneys to participate in the case. I am merely trying to help. Let me know if there is something else we can do to help alleviate this.

Brian

---

**From:** Vargo, Robbie - (Turner) [mailto:rvargo@tcco.com]
**Sent:** Friday, March 02, 2012 9:29 AM
**To:** Matthew Gaughan; Brian Collins
**Cc:** Bruce Steckler; David G. Jordan; Maginn, Tara M - (NAS)
**Subject:** RE: Daniel Abreu, et al v. Gebreauder Knauf, et al ("Chinese Drywall Class Action")

Matthew/Bruce,

Unfortunately, that will not be acceptable, as a default judgment has now been ordered against Universal. To protect Universal's interests, Turner will now be required to retain local counsel to vacate the default judgment. Please be advised that Turner will seek all costs and attorneys' fees associated with such removal.

-Robbie

**Robbie J. Vargo, Esq. | LEED Green Associate**
**Turner Construction Company**
*Legal Affairs Counsel*
3 Paragon Drive | Montvale, NJ  07645
Office:  (201) 722-3818 | Cell:  (201) 978-5375
*www.turnerconstruction.com*

Notice:  This electronic message and any attachments are intended for the use of the individual or entity to which this message is addressed and may contain information that is privileged, confidential and exempt from disclosure under applicable law.  If the reader of this message is not the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited.  If you have received this electronic message in error, please notify us by reply email or by telephone at (201) 722-3818.

---

**From:** Matthew Gaughan [mailto:MGaughan@lfsblaw.com]
**Sent:** Thursday, March 01, 2012 4:47 PM
**To:** Vargo, Robbie - (Turner); 'brian@collinshorsley.com'
**Cc:** Bruce Steckler
**Subject:** RE: Daniel Abreu, et al v. Gebreauder Knauf, et al ("Chinese Drywall Class Action")

I think we will end up cleaning up the default at some point but this is likely several months down the road.  For now you should probably do a stipulation with counsel for Mr. and Mrs. Chavis.

---

**From:** Vargo, Robbie - (Turner) [mailto:rvargo@tcco.com]
**Sent:** Thursday, March 01, 2012 4:25 PM
**To:** Matthew Gaughan; 'brian@collinshorsley.com'
**Subject:** Re: Daniel Abreu, et al v. Gebreauder Knauf, et al ("Chinese Drywall Class Action")

Gentlemen:

I appreciate your efforts on this, but it appears that we now have a slightly bigger issue. I am not in my office today, but I understand the default has been entered against Universal. This is what I was trying to avoid. How can we now address this to have the default removed against Universal?

Thanks,

Robbie


Robbie J. Vargo
Turner Construction Company
Mobile: 201-978-5375

---

**From:** Matthew Gaughan [mailto:MGaughan@lfsblaw.com]
**Sent:** Thursday, March 01, 2012 03:12 PM
**To:** Brian Collins <brian@collinshorsley.com>
**Cc:** Vargo, Robbie - (Turner)

**Subject:** RE: Daniel Abreu, et al v. Gebreauder Knauf, et al ("Chinese Drywall Class Action")

Great – I will keep an eye out.

---

**From:** Brian Collins [mailto:brian@collinshorsley.com]
**Sent:** Thursday, March 01, 2012 3:33 PM
**To:** Matthew Gaughan
**Cc:** Vargo, Robbie - (Turner) (rvargo@tcco.com)
**Subject:** RE: Daniel Abreu, et al v. Gebreauder Knauf, et al ("Chinese Drywall Class Action")

Matt,
Bonnie in my office will be sending the letter of authority from our office for Kevin and Kristy Chavis momentarily. I just signed and handed to her. Please let me know if there is anything else required from our office.
Brian

**From:** Matthew Gaughan [mailto:MGaughan@lfsblaw.com]
**Sent:** Thursday, March 01, 2012 8:11 AM
**To:** Bruce Steckler
**Cc:** Brian Collins; Vargo, Robbie - (Turner); King, Kevin R - (Turner); David G. Jordan; Bonnie Costello
**Subject:** RE: Daniel Abreu, et al v. Gebreauder Knauf, et al ("Chinese Drywall Class Action")

I agree that a withdrawal and substitution of counsel should be filed. But I also think we should try to get this claim dismissed as soon as possible.

My thought is to have Baron and Budd draft a notice of voluntary dismissal using our normal format but with some very minor edits. Namely – we should attach letters requesting the dismissal from both current and former counsel as Exhibits "A" and "B". Bruce/Brian – can you two coordinate this?

---

**From:** Bruce Steckler [mailto:BSTECKLE@baronbudd.com]
**Sent:** Wednesday, February 29, 2012 5:12 PM
**To:** Matthew Gaughan
**Cc:** Brian Collins; Vargo, Robbie - (Turner); King, Kevin R - (Turner); David G. Jordan; Bonnie Costello
**Subject:** Re: Daniel Abreu, et al v. Gebreauder Knauf, et al ("Chinese Drywall Class Action")

**Kevin and Kristy Chavis are in Omni VIII (ABREU) as represented by Collins & Horsley, PC. Clients signed a contract with us on 4/21/11 which is 2 months after the Abreu complaint was filed on 2/7/11. Shouldn't Collins & Horsley file a Motion to Withdraw and Substitute Counsel and the Dismissal?**

**We did not submit them for the ABREU complaint. Builder for Chavis is Supreme Builders which was sued in OCX (BLOCK).**

**Does that make sense?**

**Thanks, Bruce**

Sent from my iPhone

On Feb 29, 2012, at 1:12 PM, "Matthew Gaughan" <MGaughan@lfsblaw.com> wrote:

4

Bruce – see the below email involving Universal's request for dismissal from the drywall litigation. Collins Horsley has dismissed all of their clients' claims against Universal. However, you are now representing one or more of Collins Horsley's former clients who is suing Universal. I'm copying Robbie who will fill you in on the particulars on Universal's request for dismissal. Your prompt attention to this matter is greatly appreciated. Matt.

---

**From:** Brian Collins [mailto:brian@collinshorsley.com]
**Sent:** Wednesday, February 29, 2012 2:08 PM
**To:** Vargo, Robbie - (Turner); Matthew Gaughan
**Cc:** King, Kevin R - (Turner); David G. Jordan; Bonnie Costello
**Subject:** RE: Daniel Abreu, et al v. Gebreauder Knauf, et al ("Chinese Drywall Class Action")

Gentlemen,
Has Barron & Bud dismissed the Chavis case against Universal? If not, that one case may be the reason. We no longer represent them and had no authority to dismiss anyone on their behalf.
Brian

---

**From:** Vargo, Robbie - (Turner) [mailto:rvargo@tcco.com]
**Sent:** Wednesday, February 29, 2012 12:57 PM
**To:** Matthew Gaughan
**Cc:** Brian Collins; King, Kevin R - (Turner); David G. Jordan; Bonnie Costello
**Subject:** RE: Daniel Abreu, et al v. Gebreauder Knauf, et al ("Chinese Drywall Class Action")

Matthew,

If the dismissals were properly filed with the court in what appears to be mid-February (see attached), I'm not understanding why your firm continues to pursue a preliminary default judgment against Universal Construction. Your firm has now filed three (3) Amended Errata forms to the Preliminary Default Judgment – none of which remove Universal as a defaulting party. And, I note that the most recent Amended Errata was dated February 22, 2012, which is well after the attached dismissals were filed and well after you advised me on February 10 that you would have this "cleared up." Frankly, Turner has been very patient in this regard, but we continue to incur legal costs associated with this matter and we are still not removed from your default papers.

Since your firm continues to pursue a default judgment against Universal, we will be forced to retain local counsel if Universal is not removed by March 2, 2012. Per my e-mail dated February 28, 2012, we will then seek all attorneys' fees and costs associated with such removal.

-Robbie

**Robbie J. Vargo, Esq. | LEED Green Associate**
**Turner Construction Company**
*Legal Affairs Counsel*
3 Paragon Drive | Montvale, NJ 07645
Office: (201) 722-3818 | Cell: (201) 978-5375
www.turnerconstruction.com

Notice: This electronic message and any attachments are intended for the use of the individual or entity to which this message is addressed and may contain information that is privileged, confidential and exempt from disclosure under applicable law. If the reader of this message is not the intended recipient, you are hereby notified that any dissemination, distribution or

copying of this communication is strictly prohibited. If you have received this electronic message in error, please notify us by reply email or by telephone at (201) 722-3818.

---

**From:** Matthew Gaughan [mailto:MGaughan@lfsblaw.com]
**Sent:** Tuesday, February 28, 2012 5:31 PM
**To:** Vargo, Robbie - (Turner)
**Cc:** brian@collinshorsley.com; King, Kevin R - (Turner); David G. Jordan; bonnie@collinshorsley.com
**Subject:** Re: Daniel Abreu, et al v. Gebreauder Knauf, et al ("Chinese Drywall Class Action")

The dismissals are available on the MDL courts docket. I do not have copies.

Sent from my iPhone

On Feb 28, 2012, at 5:22 PM, "Vargo, Robbie - (Turner)" <rvargo@tcco.com> wrote:

> Matt,
>
> I have spoken with Brian's office and I understand that they previously provided all of the information that your firm needs to properly dismiss Universal Construction from this matter. Please provide me the properly filed documents by Friday, so that we can avoid having to retain counsel. Thank you for your help on this matter.
>
> -Robbie
>
> **Robbie J. Vargo, Esq. | LEED Green Associate**
> **Turner Construction Company**
> *Legal Affairs Counsel*
> 3 Paragon Drive | Montvale, NJ  07645
> Office:  (201) 722-3818 | Cell:  (201) 978-5375
> *www.turnerconstruction.com*
>
> Notice:  This electronic message and any attachments are intended for the use of the individual or entity to which this message is addressed and may contain information that is privileged, confidential and exempt from disclosure under applicable law.  If the reader of this message is not the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited.  If you have received this electronic message in error, please notify us by reply email or by telephone at (201) 722-3818.

---

**From:** Matthew Gaughan [mailto:MGaughan@lfsblaw.com]
**Sent:** Tuesday, February 28, 2012 2:25 PM
**To:** Vargo, Robbie - (Turner); brian@collinshorsley.com
**Cc:** King, Kevin R - (Turner); David G. Jordan; bonnie@collinshorsley.com
**Subject:** RE: Daniel Abreu, et al v. Gebreauder Knauf, et al ("Chinese Drywall Class Action")

I'm seeing what I can do about the default issue. Matt.

---

**From:** Vargo, Robbie - (Turner) [mailto:rvargo@tcco.com]
**Sent:** Tuesday, February 28, 2012 1:47 PM

6

**To:** Matthew Gaughan; brian@collinshorsley.com
**Cc:** King, Kevin R - (Turner); David G. Jordan; bonnie@collinshorsley.com
**Subject:** Daniel Abreu, et al v. Gebreauder Knauf, et al ("Chinese Drywall Class Action")
**Importance:** High

Gentlemen:

As you may recall, I am Legal Affairs Counsel for Turner Construction (the Parent Company of Universal Construction) and I am writing to you regarding the above-referenced matter.  Please be advised that we received the attached Third Amended Errata to Plaintiffs' Omnibus Motion for Preliminary Default Judgment and Universal Construction Company is still **not** removed as a defaulting party.  Despite repeated acknowledgements from your office that Universal Construction was sued in error and that Universal would be dismissed from this lawsuit, your office has failed to properly remove Universal as a defendant.  We have been patient thus far, but this is entirely unacceptable and is rising to the level of a frivolous litigation.

Be advised that if Universal is not voluntarily dismissed from this lawsuit by **March 2, 2012**, we will instruct counsel to appear in the class action litigation and seek a proper dismissal.  In such case, not only will we seek attorneys' fees and costs associated with such dismissal, but we will aggressively seek sanctions against all Plaintiffs and their respective counsel in accordance with the Federal Rules of Civil Procedure.

Please be guided accordingly.

Very truly yours,


**Robbie J. Vargo, Esq. | LEED Green Associate**
**Turner Construction Company**
*Legal Affairs Counsel*
3 Paragon Drive | Montvale, NJ  07645
Office:  (201) 722-3818 | Cell:  (201) 978-5375
*www.turnerconstruction.com*

Notice:  This electronic message and any attachments are intended for the use of the individual or entity to which this message is addressed and may contain information that is privileged, confidential and exempt from disclosure under applicable law.  If the reader of this message is not the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited.  If you have received this electronic message in error, please notify us by reply email or by telephone at (201) 722-3818.

---

**From:** Matthew Gaughan [mailto:MGaughan@lfsblaw.com]
**Sent:** Friday, February 10, 2012 4:52 PM
**To:** Vargo, Robbie - (Turner); brian@collinshorsley.com
**Cc:** King, Kevin R - (Turner); David G. Jordan; bonnie@collinshorsley.com
**Subject:** RE: Daniel Abreu, et al v. Gebreauder Knauf, et al ("Chinese Drywall Class Action")

Robbie – I requested a few revisions before I can send to liaison counsel for filing. I'm not sure they are receiving my correspondences. We will get this cleared up as soon as I receive the revised documents in a word-processing format. Matt.

Matthew C. Gaughan, Esquire

Levin, Fishbein, Sedran & Berman

Counselors at Law and Proctors in Admiralty

510 Walnut Street - Suite 500 Philadelphia, PA 19106-3697

Tele: 215-592-1500 - Fax: 215-592-4663

www.lfsblaw.com

CONFIDENTIALITY NOTE: This e-mail message contains information belonging to the law firm of Levin, Fishbein, Sedran & Berman and may be privileged, confidential and/or protected from disclosure. The information is intended only for the use of the individual or entity named above. If you think that you have received this message in error, please e-mail the sender. If you are not the intended recipient, please delete the message and understand that any dissemination, distribution or copying is strictly prohibited.

---

**From:** Vargo, Robbie - (Turner) [mailto:rvargo@tcco.com]
**Sent:** Friday, February 10, 2012 4:18 PM
**To:** brian@collinshorsley.com
**Cc:** King, Kevin R - (Turner); David G. Jordan; Matthew Gaughan; bonnie@collinshorsley.com
**Subject:** Daniel Abreu, et al v. Gebreauder Knauf, et al ("Chinese Drywall Class Action")

Mr. Collins,

Please see the attached letter regarding the above-referenced matter.

Regards,

**Robbie J. Vargo | Turner Construction Company**
*Legal Affairs Counsel*
3 Paragon Drive | Montvale, NJ 07645
Office: (201) 722-3818 | Cell: (201) 978-5375
www.turnerconstruction.com

Notice: This electronic message and any attachments are intended for the use of the individual or entity to which this message is addressed and may contain information that is privileged, confidential and exempt from disclosure under applicable law. If the reader of this message is not the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you have received this electronic message in error, please notify us by reply email or by telephone at (201) 722-3818.

 **CT Corporation**

**Service of Process Transmittal**
02/28/2012
CT Log Number 520050875

**TO:** Kevin King
Turner Construction Company
3 Paragon Drive
Montvale, NJ 07645

**RE:** **Process Served in Texas**

**FOR:** UNIVERSAL CONSTRUCTION COMPANY, INC. (Domestic State: DE)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | Chinese-Manufactured Drywall Products Liability Litigation vs. Universal Construction Company, Inc., etc. |
| **DOCUMENT(S) SERVED:** | Letter, Motion, Certificate of Service, Order, Exhibit(s) |
| **COURT/AGENCY:** | Eastern District of Louisiana -United States District Court, LA Case # 2047 |
| **NATURE OF ACTION:** | Third amended errata to motion for preliminary default judgment |
| **ON WHOM PROCESS WAS SERVED:** | C T Corporation System, Dallas, TX |
| **DATE AND HOUR OF SERVICE:** | By Regular Mail on 02/28/2012 postmarked on 02/23/2012 |
| **JURISDICTION SERVED :** | Texas |
| **APPEARANCE OR ANSWER DUE:** | None Specified |
| **ATTORNEY(S) / SENDER(S):** | Matthew C. Gaughan Levin, Fishbein, Sedran & Berman 510 Walnut Street Suite 500 Philadelphia, PA 19106-3697 215-592-1500 |
| **ACTION ITEMS:** | CT has retained the current log, Retain Date: 02/28/2012, Expected Purge Date: 03/04/2012 Image SOP Email Notification, Kevin King kking@tcco.com Email Notification, Tom Godsey twgodsey@tcco.com Email Notification, Robbie Vargo rvargo@tcco.com Email Notification, Jillian Olsen jolsen@tcco.com |
| **SIGNED:** **PER:** **ADDRESS:** | C T Corporation System Beatrice Casarez 350 North St Paul Street Suite 2900 Dallas, TX 75201 |
| **TELEPHONE:** | 214-932-3601 |

**Exhibit 7**

Page 1 of  2 / SG

Information displayed on this transmittal is for CT Corporation's record keeping purposes only and is provided to the recipient for quick reference. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information contained in the documents themselves. Recipient is responsible for interpreting said documents and for taking appropriate action. Signatures on certified mail receipts confirm receipt of package only, not contents.

 CT Corporation

**Service of Process
Transmittal**
02/28/2012
CT Log Number 520050875

**TO:**  Kevin King
Turner Construction Company
3 Paragon Drive
Montvale, NJ 07645

**RE:**  **Process Served in Texas**

**FOR:**  UNIVERSAL CONSTRUCTION COMPANY, INC. (Domestic State: DE)

**DOCKET HISTORY:**

| DOCUMENT(S) SERVED: | DATE AND HOUR OF SERVICE: | TO: | CT LOG NUMBER: |
|---|---|---|---|
| Letter, Order, Motion, Certificate(s) of Service, Reply, Exhibit(s), Attachment(s), | By Regular Mail on 01/30/2012 postmarked on 01/25/2012 | Kevin King Turner Construction Company | 519891841 |
| Letter, Amended Errata, Certificate of Service, Order, Exhibits | By Regular Mail on 12/29/2011 postmarked on 12/21/2011 | Kevin King Turner Construction Company | 519721722 |
| Letter, Errata, Certificate, Order, Amended Exhibit(s) | By Regular Mail on 12/16/2011 postmarked on 12/13/2011 | Kevin King Turner Construction Company | 519658110 |
| Letter, Motion(s), Certificate(s) of Service, Memorandum, Attachment(s), Exhibit(s), Order, Notice | By Regular Mail on 11/23/2011 postmarked on 11/18/2011 | Kevin King Turner Construction Company | 519540717 |

Information displayed on this transmittal is for CT Corporation's record keeping purposes only and is provided to the recipient for quick reference. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information contained in the documents themselves. Recipient is responsible for interpreting said documents and for taking appropriate action. Signatures on certified mail receipts confirm receipt of package only, not contents.

# LEVIN, FISHBEIN, SEDRAN & BERMAN

### *Counsellors at Law and Proctors in Admiralty*

ARNOLD LEVIN
MICHAEL D. FISHBEIN
HOWARD J. SEDRAN
LAURENCE S. BERMAN
FRED S. LONGER •
DANIEL C. LEVIN
CHARLES E. SCHAFFER
AUSTIN B. COHEN •
MICHAEL M. WEINKOWITZ • †
CHARLES C. SWEEDLER • •
MATTHEW C. GAUGHAN • †
KEITH J. VERRIER •
BRIAN F. FOX

• also admitted in New Jersey
† also admitted in New York

510 WALNUT STREET
SUITE 500
PHILADELPHIA, PA 19106-3697
www.lfsblaw.com

TELEPHONE (215) 592-1500
FACSIMILE (215) 592-4663

OF COUNSEL:
SANDRA L. DUGGAN

February 22, 2012

**VIA UNITED STATES FIRST CLASS MAIL**
**UPON THE DEFENDANTS LISTED IN DEFAULT**
**MOTION**

Re:   *In re: Chinese Drywall Litigation, MDL No. 2047*
*Sean and Beth Payton, et al. v. Knauf Gips, KG, et al.*, Civ. Action No. 09-7628
*Kenneth and Barbara Wiltz, et al. v. Beijing New Building Materials Public Limited Co., et al.*, Civ. Action No. 10-361
*Gross, et al. v. Knauf Gips, KG, et al.*, Civ. Action No. 09-6690
*Joyce W. Rogers, et al. v. Knauf Gips, KG, et al.*, Civ. Action No. 10-362
*Kenneth Abel, et al. v. Taishan Gypsum Co., Ltd., f/k/a Shandong Taihe Dongxin Co., Ltd., et al.*, Civ. Action No. 11-080
*Daniel Abreu, et al v. Gebrueder Knauf Verwaltungsgesellschaft, KG, et al*, Civ. Action No. 11-252
*Laura Haya, et al. v. Taishan Gypsum Corp. Ltd., et al.*, Civ. Action No. 11-1077
*Robert W. Block, III, et al. v. Gebrueder Knauf Verwaltungsgesellschaft, KG, et al.*, Civ. Action No. 11-1363

To Whom It May Concern:

Enclosed please find the Third Amended Errata to Plaintiffs' Omnibus Motion for Preliminary Default Judgment.

You or your client's interests may be implicated by this Motion.  Please act accordingly.

Very truly yours,

MATTHEW C. GAUGHAN

/jsl
Enclosure

Case 2:09-md-02047-EEF-MBN   Document 16448-4   Filed 12/17/12   Page 69 of 124
Case 2:09-md-02047-EEF-JCW   Document 13324-2   Filed 03/27/12   Page 50 of 102
Case 2:09-md-02047-EEF-JCW   Document 12551   Filed 02/22/12   Page 1 of 6



UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: CHINESE-MANUFACTURED DRYWALL PRODUCTS LIABILITY LITIGATION | MDL NO. 2047 SECTION: L JUDGE FALLON MAG. JUDGE WILKINSON |
| THIS DOCUMENT RELATES TO: *Payton, et al. v. Knauf GIPS KG, et. al.*, Case No. 2:09-cv-07628 (E.D.La.) *Wiltz, et al. v. Beijing New Building Materials Public Limited Co., et. al.*, Case No. 2:10-cv-00361 (E.D.La.) *Gross, et al. v. Knauf Gips KG, et. al.*, Case No. 2:09-cv-6690 (E.D.La.) *Rogers, et al. v. Knauf GIPS KG, et. al.*, Case No. 2:10-cv-00362 (E.D.La.) *Abel, et. al. v. Taishan Gypsum Co., Ltd.., f/k/a Shandong Taihe Dongxin Co., Ltd., et. al.*, Case No. 2:11-cv-080 (E.D.La.) *Abreu, et. al. v. Gebrueder Knauf Verwaltungsgesellschaft, KG*, Case No. 2:11-cv-252 (E.D.La.) *Haya, et al v. Taishan Gypsum Co., Ltd. f/k/a Shandong Taihe Dongxin Co., Ltd., et al.*, Case No. 11-cv-1077 (E.D.La.) *Block, et. al. v. Gebrueder Knauf Verwaltungsgesellschaft, KG, et. al.*, Case No. 11-cv-1363 (E.D.La.) | |



**THIRD AMENDED ERRATA TO PLAINTIFFS' OMNIBUS MOTION
FOR PRELIMINARY DEFAULT JUDGMENT**

On November 18, 2011, Plaintiffs filed their omnibus motion for preliminary default

judgement. *See* document # 11234. As a result of this motion, certain defendants became aware

of their default status and, with Plaintiffs' consent, made appropriate efforts to cure their

Case 2:09-md-02047-EEF-MBN   Document 16448-4   Filed 12/17/12   Page 70 of 124
Case 2:09-md-02047-EEF-JCW   Document 13324-2   Filed 03/27/12   Page 51 of 102

Case 2:09-md-02047-EEF-JCW   Document 12551   Filed 02/22/12   Page 2 of 6

defaults. As a result of these defendants' efforts to cure their defaults, plaintiffs filed an errata and an amended errata to the omnibus motion for preliminary default. *See* document #s 11773 and 11839.[1] Plaintiffs filed these erratas to the omnibus motion for preliminary default judgment in order to remove those defendants who attempted to cure their defaults from the omnibus motion for preliminary default judgment.

On December 15, 2011, the Court deferred argument on the default motion and allowed defendants until January 19, 2012 to cure their deficiencies and/or submit responses in opposition to the motion for default. At the January 26, 2012 status conference, the Court again deferred argument on Plaintiffs' omnibus motion for preliminary default judgment until the February status conference. Since the entry of these orders, additional defendants have made efforts to cure their defaults. Accordingly, plaintiffs now wish to remove these defendants from the omnibus motion for preliminary default judgment. To address the changed circumstances of the previously deficient defendants, plaintiffs are providing amended exhibits to the omnibus motion for preliminary default judgment (attached hereto).[2] Plaintiffs are also appending hereto a revised proposed form of order. Should the court elect to grant the omnibus motion for preliminary default judgment, Plaintiffs respectfully request that the Court append copies of the revised exhibits to the order granting the motion.

For the convenience of the parties and the Court, Plaintiffs are also appending hereto an

---

[1] Plaintiffs filed a second amended errata to the omnibus motion for preliminary default judgment on January 25, 2012. *See* document # 12265. This filing was not entered of record by the clerk as deficient. Rather than refiling the second amended errata, Plaintiffs have elected to file the instant third amended errata prior to argument on their omnibus motion for preliminary default judgment.

[2] The amended exhibits are appended hereto as Fourth Amended Exhibit "A" (*Payton*), Fourth Amended Exhibit "B" (*Wiltz*), Fourth Amended Exhibit "C" (*Gross*), Fourth Amended Exhibit "D" (*Rogers*), Fourth Amended Exhibit "E" (*Abel*), Fourth Amended Exhibit "F" (*Abreu*), Fourth Amended Exhibit "G" (*Haya*), and Fourth Amended Exhibit "H" (*Block*).

2

Case 2:09-md-02047-EEF-MBN   Document 16448-4   Filed 12/17/12   Page 71 of 124
Case 2:09-md-02047-EEF-JCW   Document 13324-2   Filed 03/27/12   Page 52 of 102
Case 2:09-md-02047-EEF-JCW   Document 12551   Filed 02/22/12   Page 3 of 6

amended list of all defendants who have been removed from the omnibus motion for preliminary
default judgment.  *See* Third Amended Exhibit "I" hereto.

---

Respectfully submitted,

Dated: February 22, 2012

/s/ Russ M. Herman
Russ M. Herman, Esquire (Bar No. 6819)
Leonard A. Davis, Esquire (Bar No. 14190)
Stephen J. Herman, Esquire (Bar No. 23129)
HERMAN, HERMAN, KATZ & COTLAR, LLP
820 O'Keefe Avenue
New Orleans, Louisiana 70113
Phone: (504) 581-4892
Fax: (504) 561-6024
LDavis@hhkc.com
*Plaintiffs' Liaison Counsel*
*MDL 2047*

Arnold Levin (On the Brief)
Fred S. Longer (On the Brief)
Matthew C. Gaughan (On the Brief)
Levin, Fishbein, Sedran & Berman
510 Walnut Street, Suite 500
Philadelphia, PA 19106
215-592-1500 (phone)
215-592-4663 (fax)
Alevin@lfsblaw.com
*Plaintiffs' Lead Counsel MDL 2047*

## PLAINTIFFS' STEERING COMMITTEE

Dawn M. Barrios
Barrios, Kingsdorf & Casteix, LLP
701 Poydras Street, Suite 3650
New Orleans, LA 70139
Phone: (504) 524-3300
Fax: (504) 524-3313
Barrios@bkc-law.com

Daniel E. Becnel, Jr.
Becnel Law Firm. LLC
P.O. Drawer H
106 W. Seventh Street
Reserve, LA 70084
Phone: (985) 536-1186
Fax: (985) 536-6445
dbecnel@becnellaw.com

3

Case 2:09-md-02047-EEF-MBN   Document 16448-4   Filed 12/17/12   Page 72 of 124
Case 2:09-md-02047-EEF-JCW   Document 13324-2   Filed 03/27/12   Page 53 of 102
Case 2:09-md-02047-EEF-JCW   Document 12551   Filed 02/22/12   Page 4 of 6

Robert C. Josefsberg
Podhurst Orseck, P.A.
25 Flagler Street, 8th Floor
Miami, FL 33130
Phone: (305) 358-2800
Fax: (305) 358-2382
rjosefsberg@podhurst.com

Bruce William Steckler
Baron & Budd, P.C.
3102 Oak Lawn Ave., Suite 1100
Dallas, TX 75219
Phone: (214) 521-3605
Fax: (214) 520-1181
bsteckler@baronbudd.com

Ervin A. Gonzalez
Colson, Hicks, Eidson, Colson
  Matthews, Martinez, Gonzales,
  Kalbac & Kane
255 Alhambra Circle, Penthouse
Cora Gables, FL 33134
Phone: (305) 476-7400
Fax: (305) 476-7444

Ben W. Gordon, Jr.
Levin, Papantonio, Thomas, Mitchell
  Echsner & Proctor, P.A.
316 S. Baylen Street, Suite 600
Pensacola, FL 32502
Phone: (850) 435-7000
Fax: (850) 435-7020
bgordon@levinlaw.com

Hugh P. Lambert
Lambert and Nelson
701 Magazine Street
New Orleans, LA 70130
Phone: (504) 581-1750
Fax: (504) 529-2931
hlambert@lambertandnelson.com

Gerald E. Meunier
Gainsburgh, Benjamin, David, Meunier
  & Warshauer, LLC
2800 Energy Centre, 1100 Poydras Street
New Orleans, LA 70163-2800
Phone: (504) 522-2304
Fax: (504) 528-9973
gmeunier@gainsben.com

Jerrold Seth Parker
Parker, Waichman, Alonso LLP
3301 Bonita Beach Road
Bonita Springs, FL 34134
Phone: (239) 390-1000
Fax: (239) 390-0055
Jerry@yourlawyer.com

Scott Wm. Weinstein
Morgan & Morgan
12800 University Drive, Suite 600
Ft. Meyers, FL 33907
Phone: (239) 433-6880
Fax: (239) 433-6836
sweinstein@forthepeople.com

James Robert Reeves
Lumpkin & Reeves
160 Main Street
Biloxi, MS 39530
Phone: (228) 374-5151
Fax: (228) 374-6630
jrr@lumpkinreeves.com

Christopher Seeger
Seeger Weiss, LLP
One William Street
New York, NY 10004
Phone: (212) 584-0700
Fax: (212) 584-0799
cseeger@seegerweiss.com

4

Case 2:09-md-02047-EEF-MBN   Document 16448-4   Filed 12/17/12   Page 73 of 124
Case 2:09-md-02047-EEF-JCW   Document 13324-2   Filed 03/27/12   Page 54 of 102
Case 2:09-md-02047-EEF-JCW   Document 12551   Filed 02/22/12   Page 5 of 6

Daniel K. Bryson
Whitfield, Bryson & Mason, LLP
900 W. Morgan Street
Raleigh, NC 27603
Phone: (919) 600-5000
Fax: (919) 600-5035
Daniel@wbmllp.com

Richard J. Serpe, Esquire
Law Offices of Richard J. Serpe
Crown Center, Ste. 310
580 East Main Street
Norfolk, VA 23510-2322
rserpe@serpefirm.com


## OF COUNSEL TO PLAINTIFFS' STEERING COMMITTEE

Richard S. Lewis
HAUSFELD LLP
1700 K Street, N.W
Suite 650
Washington, DC 20006
Phone: (202) 540-7200
Fax: (202) 540-7201
rlewis@hausfeldllp.com

Andrew A. Lemmon
Lemmon Law Firm, LLC
P.O. Box 904
15058 River Road
Hahnville, LA 70057
Phone: (985) 783-6789
Fax: (985) 783-1333
andrew@lemmonlawfirm.com

Case 2:09-md-02047-EEF-MBN   Document 16448-4   Filed 12/17/12   Page 74 of 124
Case 2:09-md-02047-EEF-JCW   Document 13324-2   Filed 03/27/12   Page 55 of 102

Case 2:09-md-02047-EEF-JCW   Document 12551   Filed 02/22/12   Page 6 of 6

## CERTIFICATE OF SERVICE

I hereby certify that the above and foregoing Third Amended Errata to Plaintiffs'
Omnibus Motion for Preliminary Default Judgment was served on Defendants' Liaison Counsel,
Kerry Miller, and Home Builders and Installers Liaison Counsel, Phillip Wittmann, via email and
United States first class mail, and upon all represented parties by electronically uploading the
same to Lexis Nexis File & Serve in accordance with Pre-Trial Order No. 6, and that the
foregoing was electronically filed with the Clerk of the Court of the United States District Court
for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of
electronic filing in accordance with the procedures established in MDL 2047 on this on this 22nd
day of February, 2012.

I further certify that service on all Defaulting Defendants who are impacted by the
Plaintiffs' Omnibus Motion for Preliminary Default Judgement was made by United States first
class mail.

/s/ Russ M. Herman
Russ M. Herman, Esquire (Bar No. 6819)
Leonard A. Davis, Esquire (Bar No. 14190)
Stephen J. Herman, Esquire (Bar No. 23129)
HERMAN, HERMAN, KATZ & COTLAR, LLP
820 O'Keefe Avenue
New Orleans, Louisiana 70113
Phone: (504) 581-4892
Fax: (504) 561-6024
LDavis@hhkc.com
*Plaintiffs' Liaison Counsel*
*MDL 2047*

6

Case 2:09-md-02047-EEF-MBN   Document 16448-4   Filed 12/17/12   Page 75 of 124
Case 2:09-md-02047-EEF-JCW   Document 13324-2   Filed 03/27/12   Page 56 of 102

Case 2:09-md-02047-EEF-JCW   Document 12551-1   Filed 02/22/12   Page 1 of 3



Feb 22 2012
7:06PM

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE:  CHINESE-MANUFACTURED DRYWALL PRODUCTS LIABILITY LITIGATION | MDL NO. 2047 SECTION: L JUDGE FALLON MAG. JUDGE WILKINSON |
| THIS DOCUMENT RELATES TO: | |
| *Payton, et al. v. Knauf GIPS KG, et. al.*, Case No. 2:09-cv-07628 (E.D.La.) | |
| *Wiltz, et al. v. Beijing New Building Materials Public Limited Co., et. al.*, Case No. 2:10-cv-00361 (E.D.La.) | |
| *Gross, et al. v. Knauf Gips KG, et. al.*, Case No. 2:09-cv-6690 (E.D.La.) | |
| *Rogers, et al. v. Knauf GIPS KG, et. al.*, Case No. 2:10-cv-00362 (E.D.La.) | |
| *Abel, et. al. v. Taishan Gypsum Co., Ltd.., f/k/a Shandong Taihe Dongxin Co., Ltd., et. al.*, Case No. 2:11-cv-080 (E.D.La.) | |
| *Abreu, et. al. v. Gebrueder Knauf Verwaltungsgesellschaft, KG*, Case No. 2:11-cv-252 (E.D.La.) | |
| *Haya, et al v. Taishan Gypsum Co., Ltd. f/k/a Shandong Taihe Dongxin Co., Ltd., et al.*, Case No. 11-cv-1077.(E.D.La.) | |
| *Block, et. al. v. Gebrueder Knauf Verwaltungsgesellschaft, KG, et. al.*, Case No. 11-cv-1363 (E.D.La.) | |

## ORDER

AND NOW, on this _____ Day of _____, 2012, upon consideration of

the Plaintiffs' Omnibus Motion for Preliminary Default Judgement, it is hereby ORDERED,

ADJUDGED AND DECREED that said motion is GRANTED.

Plaintiffs are awarded preliminary default judgement against the defendants with whom

Case 2:09-md-02047-EEF-MBN   Document 16448-4   Filed 12/17/12   Page 76 of 124
Case 2:09-md-02047-EEF-JCW   Document 13324-2   Filed 03/27/12   Page 57 of 102

Case 2:09-md-02047-EEF-JCW   Document 12551-1   Filed 02/22/12   Page 2 of 3

they are aligned as follows:

1. With respect to the proceedings in *Payton* (inclusive of the intervention complaints by Phillip Kennedy and Lyzet Machado-Kennedy (Omnibus I(A) - document 5578), Benjamin and Jennifer Abt (Omnibus I(B) - document # 6563), and Bonnie and John H. Adams, III (Omnibus I(C) - document # 7181)), Plaintiffs are awarded default judgment against the defendants identified in the Fourth Amended Exhibit "A" hereto;

2. With respect to the proceedings in *Wiltz* (inclusive of the intervention complaints by Kenneth and Cynthia Burke (Omnibus II(A) - document # 5579), Eduardo and Carmen Armorin (Omnibus II(B) - document # 6567), and Clifford Abromatts and Janice Worobec (Omnibus II(C) - document # 7182)), Plaintiffs are awarded default judgment against the defendants identified in the Fourth Amended Exhibit "B" hereto;

3. With respect to the proceedings in *Gross* (inclusive of the intervention complaints by Mary Anne Benes (Omnibus III - document # 2187) and Ruben Jaen (Omnibus III(A) - document # 5580)), Plaintiffs are awarded default judgment against the defendants identified in the Fourth Amended Exhibit "C" hereto;

4. With respect to the proceedings in *Rogers* (inclusive of the intervention complaints by Kathleen and Mariss Barbee (Omnibus IV(A) - document 5575), Roxanne Burey (Omnibus IV(B) - document # 6568), and Alfons and Dawn Bucaj (Omnibus IV(C) - document # 7178)), Plaintiffs are awarded default judgment against the defendants identified in the Fourth Amended Exhibit "D" hereto;

5. With respect to the proceedings in *Abel*, Plaintiffs are awarded default judgment against the defendants identified in the Fourth Amended Exhibit "E" hereto;

Case 2:09-md-02047-EEF-MBN   Document 16448-4   Filed 12/17/12   Page 77 of 124
Case 2:09-md-02047-EEF-JCW   Document 13324-2   Filed 03/27/12   Page 58 of 102

Case 2:09-md-02047-EEF-JCW   Document 12551-1   Filed 02/22/12   Page 3 of 3

6.    With respect to the proceedings in *Abreu*, Plaintiffs are awarded default judgment against the defendants identified in the Fourth Amended Exhibit "F" hereto;

7.    With respect to the proceedings in *Haya*, Plaintiffs are awarded default judgment against the defendants identified in the Fourth Amended Exhibit "G" hereto; and

8.    With respect to the proceedings in *Block*, Plaintiffs are awarded default judgment against the defendants identified in the Fourth Amended Exhibit "H" hereto.

Plaintiffs and the class they seek to represent are entitled to the entry of default and preliminary default judgment against the Defaulting Defendants with whom they are aligned on liability, with damages to be determined on further submission according to proof.

By the Court,

_____
                                                           J.

3

Case 2:09-md-02047-EEF-JCW   Document 12551-2   Filed 02/22/12   Page 1 of 20

# FOURTH AMENDED EXHIBIT "A"

Feb 22 2012
7:08PM

## PAYTON, ET AL. v. KNAUF GIPS KG, ET. AL.
### CASE NO. 2:09-CV-07628 (E.D.LA.)
### DEFENDANTS WHO ARE IN DEFAULT

| DEFENDANT | SERVICE WAS MADE | COMMENTS |
|---|---|---|
| Ace Drywall | 2/4/10 | |
| Adam Carpenter | 2/3/10 | |
| Alana Development Corporation | 2/23/10 | |
| Alternative Source, Inc. | 3/30/10 | |
| American Dream Builders, Inc. | 2/8/10 | |
| Anthony Raggs | 2/4/10 | |
| Anthony Skrmetti | 2/6/10 | |
| Arizen Homes, Inc. | 5/6/10 | |
| BDG Waterstone, LLC | 2/5/10 | |
| Belmont Lakes Investments, LLC | 2/3/10 | |
| Blackhawk Partners, LLC | 2/26/10 | |
| Bonita Beachwalk, LLC | 7/15/10 | |
| Bove Company | 2/5/10 | |
| Brian Papania | 2/9/10 | |
| Centurion Homes of Louisiana, LLC | 2/22/10 | |
| Chabot Enterprises, Inc. | 2/10/10 | |
| Chris Billot | 2/8/10 | |
| Craftsmen Builders, Inc. | 2/10/10 | |
| David Ray Gavins | 2/5/10 | |
| Design Contractors, LLC | 2/4/10 | |
| Drywall Service | 2/5/10 | |
| Drywall Service, Inc. | 2/4/10 | |
| E.B. Developers, Inc. | 2/3/10 | |
| Elite Construction Co. SW Inc. | 5/27/10 | |
| Enchanted Homes, Inc. | 2/5/10 | |
| Executive Home Builders, LLC | 2/8/10 | |
| First Choice Drywall Services, Inc. | 2/23/10 | |
| First Construction Corporation | 3/12/10 | |
| Fusion Building Concepts, Inc. | 10/8/10 | |

1

Case 2:09-md-02047-EEF-MBN   Document 16448-4   Filed 12/17/12   Page 79 of 124
Case 2:09-md-02047-EEF-JCW   Document 13324-2   Filed 03/27/12   Page 60 of 102
Case 2:09-md-02047-EEF-JCW   Document 12551-3   Filed 02/22/12   Page 2 of 20

## PAYTON, ET AL. V. KNAUF GIPS KG, ET. AL.
### CASE No. 2:09-CV-07628 (E.D.LA.)
### DEFENDANTS WHO ARE IN DEFAULT

| DEFENDANT | SERVICE WAS MADE | COMMENTS |
|---|---|---|
| Garram Homes, Inc. | 2/26/10 | |
| Gateway Drywall, Inc. | 2/4/10 | |
| Genesis Residential Group, Inc. | 2/4/10 | |
| George Meza | 2/10/10 | |
| Gooden Homes, LLC | 7/12/10 | |
| Greystoke Homes at South Point II LLC | 2/4/10 | |
| Gwen Core | 2/23/10 | |
| H & H Custom Homebuilders | 6/16/10 | |
| Hutchinson Homes, Inc. | 2/10/10 | |
| J&H Distributers | 6/16/10 | |
| John Eschete | 2/4/10 | |
| Jon A. Wilder, Inc. | 2/5/10 | |
| JP Drywall, LLC | 2/5/10 | |
| JST Properties, LLC of Mississippi | 2/22/10 | |
| Just-Rite Supply | 2/4/10 | |
| Land Resources LLC | 10/4/10 | |
| Las Playas LLC | 2/5/10 | |
| Last Minute Properties, LLC | 2/4/10 | |
| Legend Custom Builders, Inc. | 2/4/10 | |
| Louran Gips KG | 2/6/10 | |
| Lucra Investments, Inc. | 3/30/10 | |
| Manuel Gonzales Terra Group, Intl. | 2/26/10 | |
| Master Builders of South Florida, Inc. | 9/26/11 | |
| Methodical Builders, Inc. | 2/10/10 | |
| Northeast Drywall | 2/3/10 | |
| Oak Avenue, LLC | 4/26/10 | |
| Paragon Homes Corporation | 4/21/10 | |
| Paul Hyde Homes | 2/9/10 | |
| Philip Latapie | 3/12/10 | |
| Pioneer Construction, LLC | 5/27/10 | |
| Ponce Siding & Remodeling | 2/23/10 | |

2

Case 2:09-md-02047-EEF-JCW   Document 12551-2   Filed 02/22/12   Page 3 of 20

## PAYTON, ET AL. V. KNAUF GIPS KG, ET. AL.
## CASE NO. 2:09-CV-07628 (E.D.LA.)
## DEFENDANTS WHO ARE IN DEFAULT

| DEFENDANT | SERVICE WAS MADE | COMMENTS |
|---|---|---|
| Premier Communities, Inc. | 2/3/10 | |
| Premier Plastering of Naples | 2/3/10 | |
| Punta Gorda Partners, LLC | 4/15/10 | |
| Richardson Drywall | 2/5/10 | |
| Right Way Finishing, Inc. | 10/6/10 | |
| RJM Builders North, Inc. | 3/9/10 | |
| Sampson Drywall | 2/9/10 | |
| Saturno Construction AB Inc. | 2/6/10 | |
| Scott Colson | 10/4/10 | |
| Sea Coast Construction, LLC | 2/2/10 | |
| Signature Series Homes, Inc. | 12/16/10 | |
| Southwell Homes, LLC | 2/9/10 | |
| Stephen Steiner d/b/a Steiner Drywall | 3/9/10 | |
| Stonebrook Homes LLC | 3/1/10 | |
| Supreme Builders | 10/12/10 | |
| Tepeyac, LLC | 2/5/10 | |
| Tikal Construction Co. | 4/16/10 | |
| United Home Builders, Inc. | 3/20/10 | |
| Velvet Pines Construction, LLC | 3/13/10 | |
| Waterways Joint Venture IV, LLC | 10/5/10 | |
| Wellington Drywall, Inc. | 4/30/10 | |

Case 2:09-md-02047-EEF-MBN   Document 16448-4   Filed 12/17/12   Page 81 of 124
Case 2:09-md-02047-EEF-JCW   Document 13324-2   Filed 03/27/12   Page 62 of 102

Case 2:09-md-02047-EEF-JCW   Document 12551-2   Filed 02/22/12   Page 4 of 20

# FOURTH AMENDED EXHIBIT "B"

| WILTZ, ET AL. V. BEIJING NEW BUILDING MATERIALS PUBLIC LIMITED CO., ET. AL. CASE NO. 2:10-CV-00361 (E.D.LA.) DEFENDANTS WHO ARE IN DEFAULT | | |
|---|---|---|
| DEFENDANT (LIST FULL LEGAL NAME) | SERVICE WAS MADE | COMMENTS |
| Aces Towing Enterprises, L.L.C. | 4/16/10 | |
| American Gallery Development Group, LLC | 8/23/10 | |
| Arizen Homes, Inc. | 5/6/10 | |
| Barony Homes, Inc. | 4/27/10 | |
| BDG Waterstone, LLC | 4/13/10 | |
| BE Wholesale | 4/15/10 | |
| Beijing New Building Materials Public Limited Co. | 8/25/10 | Previously held in default. See Doc. No. 7735. |
| Cajun Construction & Design, Inc. | 4/19/10 | |
| CB Creek, Inc. | 4/15/10 | |
| Chase Construction, Inc. | 4/20/10 | |
| Country Walk Sales, LLC | 4/14/10 | |
| Qinhuangdao Taishan Building Material Co. Ltd. a/k/a Qinhuang Dao Taishan Building Material Co., Ltd | 7/28/10 | |
| Crossroad Homes, Inc. | 4/13/10 | |
| Curb Appeal Home Builders, Inc. | 4/16/10 | |
| Delgado's Painting | 4/15/10 | |
| DELTA-EDEN, INC. | 4/20/10 | |
| Development Co. of Boca, Inc. d/b/a Boca Developers | 4/14/10 | |
| E.B. Developers, Inc. | 4/15/10 | |
| Enchanted Homes, Inc. | 4/17/10 | |
| Five Star Drywall, inc. | 4/19/10 | |
| G&B Roofing & Construction, Inc. | 4/15/10 | |
| Harrell's Drywall, Inc. | 4/14/10 | |
| Inman Construction Services, Inc. | 5/13/10 | |
| J. Galloway Construction, Inc. | 4/23/10 | |

1

Case 2:09-md-02047-EEF-JCW   Document 12551-2   Filed 02/23/12   Page 5 of 20

## WILTZ, ET AL. V. BEIJING NEW BUILDING MATERIALS PUBLIC LIMITED CO., ET. AL.
### CASE NO. 2:10-CV-00361 (E.D.LA.)
### DEFENDANTS WHO ARE IN DEFAULT

| DEFENDANT (LIST FULL LEGAL NAME) | SERVICE WAS MADE | COMMENTS |
|---|---|---|
| Kevin Burton | 4/24/10 | |
| Lopez Drywall, Inc. | 4/22/10 | |
| MacGlen Builders, Inc. | 4/23/10 | |
| McCar Homes, Inc. | 4/16/10 | |
| MW Johnson Construction of Florida, Inc. | 6/28/10 | |
| Oscar Jiles d.b.a. JJ Construction | 4/16/10 | |
| Pingyi Zhongxing Paper-Faced Plasterboard Co., Ltd f/k/a Shandong Chenxiang Building Materials Co., Ltd. | 10/15/10 | |
| Ray Turner Drywall, LLC | 4/17/10 | |
| Safeway Contractors, L.L.C. | 4/19/10 | |
| Stone Development, LLC | 4/15/10 | |
| Touchstone At Rapallo, Inc. | 4/16/10 | |
| United Homes, Inc. | 4/13/10 | |
| Vizcaya Custom Homes, Inc. | 4/23/10 | |

Case 2:09-md-02047-EEF-MBN   Document 16448-4   Filed 12/17/12   Page 83 of 124
Case 2:09-md-02047-EEF-JCW   Document 13324-2   Filed 03/27/12   Page 64 of 102

Case 2:09-md-02047-EEF-JCW   Document 12551-2   Filed 02/22/12   Page 6 of 20

# FOURTH AMENDED EXHIBIT "C"

| GROSS, ET AL. V. KNAUF GIPS KG, ET. AL. CASE NO. 2:09-CV-6690 (E.D.LA.) DEFENDANTS WHO ARE IN DEFAULT | | |
|---|---|---|
| DEFENDANT (LIST FULL LEGAL NAME) | SERVICE WAS MADE | COMMENTS |
| Albert Howard, Jr. | 5/27/10 | |
| All County Drywall Service, Inc. | 5/22/10 | |
| American Gallery Development Group, LLC | 6/21/10 | |
| Angel Developments, LLC | 5/25/10 | |
| Beijing New Building Materials Public Limited Company (BNBM) | 4/23/10 (IDC) | Previously held in default. See Doc. No. 7302 and 7736. |
| Beijing New Building Materials Group Co., Ltd. (BNBM Group) | 2/25/10 (IDC) | Previously held in default. See Doc. No. 7302. |
| Bell Construction | 4/5/10 | |
| Building Supply House, LLC | 5/24/10 | |
| Changzhou Yinhe Wood Industry Co., Ltd. | 6/27/10 (IDC) | Previously held in default. See Doc. No. 7302. |
| Chase Construction, Inc. | 5/20/10 | |
| China National Building Material Group Corporation (CNBM Group) | 2/25/10 (IDC) 6/27/11 (III) | Previously held in default. See Doc. No. 7302. |
| China National Building Materials Co., Ltd. (CNBM) | 2/25/10 (IDC) 6/27/11 (III) | Previously held in default. See Doc. No. 7302. |
| Cornerstone Builders, LLC | 5/21/10 | |
| David W. Stewart, Inc. | 5/20/10 | |
| Done-Rite Construction | 5/26/10 | |
| Dynamic Contractors | 5/21/10 | |
| First Choice Drywall Services, Inc. | 6/2/10 | |
| Fuxin Taishan Gypsum And Building Material Co., Ltd. | 3/4/10 (IDC) | Previously held in default. See Doc. No. 7302. |
| Garraway's Stores, Inc. | 6/1/10 | |
| George Meza | 5/25/10 | |
| Hanover Homes, Inc | 5/25/10 | |
| Homes of Merit, Inc. | 6/14/10 | |
| Hubei Taishan Building Material Co., Ltd. | 2/8/10 (IDC) 2/24/11 (III) | Previously held in default. See Doc. No. 7302. |
| Inman Construction Services, Inc. | 5/25/10 | |

1

Case 2:09-md-02047-EEF-MBN  Document 16448-4  Filed 12/17/12  Page 84 of 124
Case 2:09-md-02047-EEF-JCW  Document 13324-2  Filed 03/27/12  Page 65 of 102
Case 2:09-md-02047-EEF-JCW  Document 12551-2  Filed 02/22/12  Page 7 of 20

GROSS, ET AL. V. KNAUF GIPS KG, ET. AL.
CASE NO. 2:09-CV-6690 (E.D.LA.)

## DEFENDANTS WHO ARE IN DEFAULT

| DEFENDANT (LIST FULL LEGAL NAME) | SERVICE WAS MADE | COMMENTS |
|---|---|---|
| International Materials Trading, Incorporated | 11/13/09 (IDC)<br><br>8/26/10 (III) | |
| J & S Drywall | 5/22/10 | |
| Jeff Laporte | 5/20/10 | |
| Jinan Run & Fly New Materials Co., Ltd. | 2/8/10 (IDC)<br><br>3/7/11 (III) | Previously held in default. See Doc. No. 7302. |
| John P. Gregg | 5/20/10 | |
| Johnny Weary | 5/20/10 | |
| KC2 Investments, LLC | 5/28/10 | |
| Kenneth Campo | 6/3/10 | |
| L & J Builders, Inc. | 6/9/10 | |
| Lawrence McCorvey | 5/25/10 | |
| Legend Custom Builders, Inc. | 5/20/10 | |
| MacGlen Builders, Inc. | 5/27/10 | |
| Martinez Drywall & Painting, LLC | 5/24/10 | |
| Master Builders of South Florida, Inc. | 8/17/10 | |
| MATSA Construction | 5/20/10 | |
| McCar Homes - Tampa, LLC | 5/19/10 | |
| McLean Drywall | 7/1/10 | |
| Metro Resources Corp. | 11/12/09 (IDC)<br><br>8/23/10 (III) | |
| MGB Construction | 5/21/10 | |
| MW Johnson Construction of Florida, Inc. | 6/28/10 | |
| Nanhai Silk Imp. & Exp. Corporation | 3/12/10 (IDC) | Previously held in default. See Doc. No. 7302. |
| Negotiable Remodeling | 6/1/10 | |
| Norman Gannon | 5/25/10 | |
| Oriental Merchandise Company, Inc. f/k/a Oriental Trading Company, Inc | 11/3/10 (IDC) | |
| Parkview Homes Realty, Inc. | 5/24/10 | |
| Picayune Discount Building Supply | 6/1/10 | |
| Pine Ridge Real Estate Enterprises, L.L.C. | 5/27/10 | |

Case 2:09-md-02047-EEF-MBN   Document 16448-4   Filed 12/17/12   Page 85 of 124
Case 2:09-md-02047-EEF-JCW   Document 13324-2   Filed 03/27/12   Page 66 of 102
Case 2:09-md-02047-EEF-JCW   Document 12551-2   Filed 02/22/12   Page 8 of 20

*GROSS, ET AL. V. KNAUF GIPS KG, ET. AL.*
**CASE NO. 2:09-CV-6690 (E.D.LA.)**

# DEFENDANTS WHO ARE IN DEFAULT

| DEFENDANT (LIST FULL LEGAL NAME) | SERVICE WAS MADE | COMMENTS |
|---|---|---|
| Pingyi Baier Building Materials Co., Ltd. | 2/25/10 (IDC) <br><br> 2/15/11 (III) | Previously held in default. See Doc. No. 7302. |
| Pingyi Zhongxing Paper-Faced Plasterboard Co., Ltd. f/k/a Shandong Chenxiang Building Materials Co., Ltd (Chenxiang) | 2/25/10 (IDC) <br><br> 3/16/11 (III) | Previously held in default. See Doc. No. 7302. |
| POD Homes, LLC | 6/16/10 | |
| Qingdao Yilie International Trade Co., Ltd | 2/22/10 (IDC) <br><br> 1/30/11 (III) | Previously held in default. See Doc. No. 7736 |
| Qinhuangdao Taishan Building Material Co., Ltd | 2/9/10 (IDC) <br><br> 6/27/11 (III) | Previously held in default. See Doc. No. 7302. |
| R & B Housing, LLC | 5/20/10 | |
| Rocky Ruckman | 5/28/10 | |
| Roman Gonzalez | 5/25/10 | |
| Sands Construction Group, LLC | 5/20/10 | |
| Sedgwick Developers, Inc. | 5/21/10 | |
| Shaanxi Taishan Gypsum Co., Ltd. | 12/17/10 | Previously held in default. See Doc. No. 7302. |
| Shandong Oriental International Trading Co., Ltd. | 2/25/10 (IDC) <br><br> 1/31/11 (III) | |
| Shanghai East Best Arts & Crafts Co., Ltd. | 3/8/10 (IDC) <br><br> 1/26/11 (III) | Previously held in default. See Doc. No. 7736. |
| Shanghai Yu Yuan Imp. & Exp.Co., Ltd | 2/26/10 (IDC) | Previously held in default. See Doc. No. 7302. |
| SIIC Shanghai International Trade (Group) Co., Ltd. | 3/10/10 (IDC) <br><br> 1/27/11 (III) | Previously held in default. See Doc. No. 7736. |
| Sinkiang Tianshan Building Material and Gypsum Product Co., Ltd | 4/30/10 (IDC) <br><br> 2/15/11 (III) | Previously held in default. See Doc. No. 7302. |
| Sunrise Building Materials Ltd. | 12/7/09 (IDC) | Previously held in default. See Doc. No. 7302. |
| Tai'an Jindun Building Material Co., Ltd. | 2/4/10 (IDC) | Previously held in default. See Doc. No. 7302. |
| Tai'an Kangyijia Building Materials Co., Ltd. | 3/1/10 (IDC) | |
| Tai'an Taishan Gypsum Board Co., Ltd. | 2/4/10 (IDC) | |

3

Case 2:09-md-02047-EEF-JCW   Document 12551-2   Filed 02/22/12   Page 9 of 20

### GROSS, ET AL. V. KNAUF GIPS KG, ET. AL.
### CASE NO. 2:09-CV-6690 (E.D.LA.)
# DEFENDANTS WHO ARE IN DEFAULT

| DEFENDANT (LIST FULL LEGAL NAME) | SERVICE WAS MADE | COMMENTS |
|---|---|---|
| Taishan Gypsum (Baotou) Co., Ltd. | 3/3/10 (IDC)<br>8/23/11  (III) | Previously held in default. See Doc. No. 7302. |
| Taishan Gypsum (Chongqing) Co., Ltd. | 2/9/10 (IDC) | Previously held in default. See Doc. No. 7302. |
| Taishan Gypsum (Henan) Co., Ltd. | 3/25/10 (IDC) | Previously held in default. See Doc. No. 7302. |
| Taishan Gypsum (Hengshui) Co., Ltd. | 6/27/11 | Previously held in default. See Doc. No. 7302. |
| Taishan Gypsum (Jiangyin) Co., Ltd. | 7/29/10 (IDC) | Previously held in default. See Doc. No. 7302. |
| Taishan Gypsum (Pingshan) Co., Ltd. | 3/11/10 (IDC)<br>6/27/11  (III) | Previously held in default. See Doc. No. 7302. |
| Taishan Gypsum (Pizhou) Co., Ltd. | 3/3/10 (IDC) | Previously held in default. See Doc. No. 7302. |
| Taishan Gypsum (Tongling) Co., Ltd. | 2/20/10 (IDC)<br>4/18/11  (III) | Previously held in default. See Doc. No. 7302. |
| Taishan Gypsum (Wenzhou) Co., Ltd. | 5/14/10 (IDC) | Previously held in default. See Doc. No. 7302. |
| Taishan Gypsum (Xiangtan) Co., Ltd. | 3/24/10 (IDC)<br>2/22/11  (III) | Previously held in default. See Doc. No. 7302. |
| Taishan Gypsum Co., Ltd. Lucheng Branch | 3/26/10 (IDC) | Previously held in default. See Doc. No. 7736. |
| The China Corporation, LTD | 7/15/11 | |
| Tianjin Tianbao Century Development Co., Ltd. | 2/8/10 (IDC)<br>1/21/11  (III) | |
| Tov Trading Inc. | 11/18/09 (IDC) | |
| Trust America Homes, Inc. | 5/27/10 | |
| United Home Builders, Inc. | 5/20/10 | |
| Veal Enterprises, Inc. | 5/28/10 | |
| Venture Homes | 5/27/10 | |
| Waterways Joint Venture IV | 6/22/10 | |
| Waterways Joint Venture IV, LLC | 6/22/10 | |
| WB Construction Company, Inc. | 5/21/10 | |

*GROSS, ET AL. v. KNAUF GIPS KG, ET AL.*
CASE NO. 2:09-CV-6690 (E.D.LA.)

## DEFENDANTS WHO ARE IN DEFAULT

| DEFENDANT (LIST FULL LEGAL NAME) | SERVICE WAS MADE | COMMENTS |
|---|---|---|
| Yunan Taishan Gypsum And Building Material Co., Ltd. | 4/7/10 (IDC)<br><br>3/10/11  (III) | Previously filed Motion for Default against them |

5

Case 2:09-md-02047-EEF-MBN    Document 16448-4    Filed 12/17/12    Page 88 of 124
Case 2:09-md-02047-EEF-JCW    Document 13324-2    Filed 03/27/12    Page 69 of 102

Case 2:09-md-02047-EEF-JCW    Document 12551-2    Filed 02/22/12    Page 11 of 20

## FOURTH AMENDED EXHIBIT "D"

| *ROGERS, ET AL. V. KNAUF GIPS KG, ET. AL.*<br>CASE NO. 2:10-CV-00362 (E.D.LA.)<br>DEFENDANTS WHO ARE IN DEFAULT | | |
|---|---|---|
| DEFENDANT (LIST FULL LEGAL NAME) | SERVICE WAS MADE | COMMENTS |
| 3180 Lamb Court Acquisition, LLC | 4/29/10 | |
| Angel Developments, LLC | 6/8/10 | |
| B & E Construction of Miami Corp. | 4/30/10 | |
| Cajun Construction & Development, LLC | 5/6/10 | |
| Comfort Home Builders, Inc. | 4/30/10 | |
| Davis General Contractors | 4/30/10 | |
| Enchanted Homes, Inc. | 5/4/10 | |
| Freemar Homes, Inc. | 4/29/10 | |
| Gomez Interiors, Inc. | 8/9/10 | |
| Grand Palazzo Hendricks, LLC | 4/28/10 | |
| Hanover Homes | 4/29/10 | |
| J. Cherry and Sons, Inc. | 7/29/10 | |
| Joseph E. Clouse, Inc. | 5/7/10 | |
| Liberty Home Builders, Inc. | 4/29/10 | |
| Linel Consulting, LLC | 4/29/10 | |
| P N K Builders, LLC | 8/25/10 | |
| Pine Ridge Real Estate Enterprises, LLC | 4/29/10 | |
| RCR Holdings I and II, LLC | 4/28/10 | |
| Symphony Builders, Inc. | 4/29/10 | |
| The Kabar Group, LLC | 5/18/10 | |
| Treasure Coast | 5/4/10 | |
| Venus Street, LLC | 4/29/10 | |
| Waterways Joint Venture IV, LLC | 6/22/10 | |
| Waterways Joint Venture IV | 6/22/10 | |

1

Case 2:09-md-02047-EEF-MBN   Document 16448-4   Filed 12/17/12   Page 89 of 124
Case 2:09-md-02047-EEF-JCW   Document 13324-2   Filed 03/27/12   Page 70 of 102

Case 2:09-md-02047-EEF-JCW   Document 12551-2   Filed 02/22/12   Page 12 of 20

## FOURTH AMENDED EXHIBIT "E"

| ABEL, ET. AL. V. TAISHAN GYPSUM CO., LTD.., F/K/A SHANDONG TAIHE DONGXIN CO., LTD., ET. AL., CASE NO. 2:11-CV-080 (E.D.LA.) DEFENDANTS WHO ARE IN DEFAULT | | |
|---|---|---|
| DEFENDANT | SERVICE WAS MADE | COMMENTS/COUNSEL |
| Advantage Builders of America, Inc. | 3/3/11 | |
| Albanese-Popkin The Oaks Development Group, Inc. | 3/8/11 | |
| Albert Howard, Jr. | 3/11/11 | |
| American Homes, LLC | 3/4/11 | |
| Bayou Contracting, LLC | 3/11/11 | |
| BE Wholesale | 3/10/11 | |
| Brandhurst Construction & Maintenance Co., Inc. | 3/11/11 | |
| Broadmoor Development Corp. | 3/14/11 | |
| Building Supply House, L.L.C. | 3/11/11 | |
| C&G Development Group, LLC | 3/11/11 | |
| Cali-Florida Investments, Inc. | 3/16/11 | |
| Custom Drywall | 3/11/11 | |
| Darius Henry | 3/12/11 | |
| David W. Stewart, Inc. | 3/14/11 | |
| Delgado's Painting | 3/12/11 | |
| Drive Enterprises, Inc. | 4/2/11 | |
| Enchanted Homes, Inc. | 3/8/11 | |
| Eric Manuel | 3/12/11 | |
| Florida Walls, Inc. | 3/8/11 | |
| G&B Roofing | 3/12/11 | |
| Hanover Homes, Inc. | 3/4/11 | |
| Harrell's Drywall, Inc. | 3/8/11 | |
| Jade Organization General Contractor, LLC | 3/10/11 | |
| James & Vita, L.L.C. | 3/12/11 | |
| Joseph E. Bellande | 3/12/11 | |
| Joseph Scott | 3/12/11 | |
| Kenneth Campo | 3/12/11 | |
| Kevin McCusker | 3/12/11 | |

1

Case 2:09-md-02047-EEF-JCW   Document 12551-2   Filed 02/22/12   Page 13 of 20

*ABEL, ET. AL. v. TAISHAN GYPSUM CO., LTD.., F/K/A SHANDONG TAIHE DONGXIN CO., LTD., ET. AL.*, CASE NO. 2:11-CV-080 (E.D.LA.)

## DEFENDANTS WHO ARE IN DEFAULT

| DEFENDANT | SERVICE WAS MADE | COMMENTS/COUNSEL |
|---|---|---|
| Kimball Hill Homes Florida, Inc. | 2/28/11 | |
| L&J Builders, Inc. | 3/5/11 | |
| Legend Custom Builders, Inc. | 3/7/11 | |
| MacGlen Builders, Inc. | 3/4/11 | |
| Madussa, LLC | 3/23/11 | |
| Maranatha Construction, Inc. | 3/14/11 | |
| Meeks Drywall & Stucco, Inc. | 3/9/11 | |
| MW Johnson Construction of Florida, Inc. | 3/12/11 | |
| Preferred Homes | 3/14/11 | |
| R.D.S. Construction | 3/10/11 | |
| Rightway Drywall, LLC | 3/8/11 | |
| Robertsdale Ace Home Center | 3/14/11 | |
| Roman Gonzalez | 3/11/11 | |
| Safeway Contractors, L.L.C. | 3/11/11 | |
| Solid Construction of the Gulf Coast d/b/a Westerheim Homes | 3/14/11 | |
| Southern Community Homes, Inc. | 3/16/11 | |
| Sterling Communities at Talavera, LLC | 4/15/11 | |
| Sterling Communities, Inc. | 4/15/11 | |
| Struggler Drywall, LLC | 3/19/11 | |
| Stuart South Group, L.C. | 3/19/11 | |
| Supreme Builders, Inc. | 6/13/11 | |
| Taurus Homes, Inc. | 3/2/11 | |
| Tommy Hawk aka Tommy Hawk d/b/a DKT Construction | 3/12/11 | |
| Treasure Coast Communities, LLC | 3/3/11 | |
| Troy Patterson Drywall, LLC | 3/2/11 | |
| United Home Builders, Inc. | 3/3/11 | |
| Venus Street, LLC | 3/7/11 | |
| Wolf & Bear Distributors d/b/a Wolf & Bear Holdings Corp. | 3/17/11 | |

Case 2:09-md-02047-EEF-MBN   Document 16448-4   Filed 12/17/12   Page 91 of 124
Case 2:09-md-02047-EEF-JCW   Document 13324-2   Filed 03/27/12   Page 72 of 102

Case 2:09-md-02047-EEF-JCW   Document 12551-2   Filed 02/22/12   Page 14 of 20

# FOURTH AMENDED EXHIBIT "F"

| *ABREU, ET. AL. V. GEBRUEDER KNAUF VERWALTUNGSGESELLSCHAFT, KG*<br>CASE NO. 2:11-CV-252 (E.D.LA.)<br>**DEFENDANTS WHO ARE IN DEFAULT** | | |
|---|---|---|
| **DEFENDANT** | **SERVED** | **COMMENTS** |
| Barony Homes, Inc. | 5/25/11 | |
| BDG Waterstone, LLC | 5/26/11 | |
| Builder's Line, Inc. | 6/23/11 | |
| BV 6334, LLC | 5/24/11 | |
| David E. Smith d/b/a Ruelas Drywall | 5/26/11 | |
| Deer Creek Estates II, LLC | 5/24/11 | |
| Estate Homes, Inc. | 5/23/11 | |
| GGG Edinburgh Estates, LLP | 5/26/11 | |
| Grande Valley Homes, LLC d/b/a Casa Linda Home | 5/25/11 | |
| Hampton Homes, LLC | 6/1/11 | |
| Hometown Concepts, Inc. a/k/a Hampton Homes | 6/1/11 | |
| Hutchinson Homes, Inc. | 5/25/11 | |
| Larry A. Brooks Company, L.L.C. d/b/a Great American Homes | 6/17/11 | |
| Lifeway Homes, Inc. | 5/26/11 | |
| Lifeway Homes, LP | 5/26/11 | |
| Louran Builders, Inc. d/b/a Vincent Montalto Construction | 5/23/11 | |
| Meeks Drywall & Stucco, Inc. | 5/24/11 | |
| Mercedes Homes, LLC | 5/20/11 | |
| Pembroke Park, L.L.C. | 5/24/11 | |
| Sheridan 87, LLC | 5/26/11 | |
| Stuart South Group, L.C. d/b/a Treasure Coast Homes | 6/1/11 | |
| Supreme Builders, Ltd. | 5/26/11 | |
| Trafalgar Associates, Inc. | 5/26/11 | |
| Treasure Coast Communities, L.L.C. | 6/8/11 | |
| Universal Construction Company, Inc. a/k/a U/C Construction, Inc. | 5/25/11 | |

1

Case 2:09-md-02047-EEF-MBN   Document 16448-4   Filed 12/17/12   Page 92 of 124
Case 2:09-md-02047-EEF-JCW   Document 13324-2   Filed 03/27/12   Page 73 of 102

Case 2:09-md-02047-EEF-JCW   Document 12551-2   Filed 02/22/12   Page 15 of 20

*ABREU, ET. AL. V. GEBRUEDER KNAUF VERWALTUNGSGESELLSCHAFT, KG*
## CASE NO. 2:11-CV-252 (E.D.LA.)
## DEFENDANTS WHO ARE IN DEFAULT

| DEFENDANT | SERVED | COMMENTS |
|---|---|---|
| Waterways Joint Venture IV, LLC | 5/26/11 | |

2

Case 2:09-md-02047-EEF-MBN   Document 16448-4   Filed 12/17/12   Page 93 of 124
Case 2:09-md-02047-EEF-JCW   Document 13324-2   Filed 03/27/12   Page 74 of 102

Case 2:09-md-02047-EEF-JCW   Document 12551-2   Filed 02/22/12   Page 16 of 20

# FOURTH AMENDED EXHIBIT "G"

| *HAYA, ET AL V. TAISHAN GYPSUM CO., LTD. F/K/A SHANDONG TAIHE DONGXIN CO., LTD., ET AL., CASE NO. 11-CV-1077 (E.D.LA.)* DEFENDANTS WHO ARE IN DEFAULT | | | |
|---|---|---|---|
| DEFENDANT | SERVICE (ORIGINAL) | SERVICE (AMENDED) | COMMENTS |
| 704 N. Ocean Blvd. Associates, Ltd. | 8/31/11 | 8/31/11 | |
| Ability Construction, Inc. | 7/19/11 | 7/19/11 | |
| American Gallery Development Group, LLC | 7/15/11 | 7/15/11 | |
| American Homes, LLC | 6/28/11 | 6/28/11 | |
| American Housing Corporation | 7/6/11 | 7/6/11 | |
| Angel Developments LLC | 7/14/11 | 7/14/11 | |
| B & B Stucco, Inc. | 7/6/11 | 7/6/11 | |
| Builder's Depot | 6/27/11 | 6/27/11 | |
| Cape Cement & Supply, Inc. | 7/6/11 | 7/6/11 | |
| Castillo Azul Developers, Inc. | 7/8/11 | 7/8/11 | |
| Central Drywall Contractors, Incorporated | 7/6/11 | 7/6/11 | |
| Chase Construction, Inc. | 7/6/11 | 7/6/11 | |
| Comfort Home Builders, Inc. | 7/6/11 | 7/6/11 | |
| Custom Construction, Inc | 9/21/11 | 9/21/11 | |
| Cypress Corporation of Southwest Florida Inc. | 7/7/11 | 7/7/11 | |
| Dollaway Drywall, Inc. | 7/15/11 | 7/15/11 | |
| Donald Wayne Tindle | 7/13/11 | 7/13/11 | |
| Double D. Investments of Broward LLC | 6/28/11 | 6/28/11 | |
| European Quality Builders, LLC | 7/7/11 | 7/7/11 | |
| Fly System, Inc. | 7/14/11 | 7/14/11 | |
| Hanover Homes, Inc. | 7/12/11 | 7/12/11 | |
| Harrell's Drywall, Inc. | 7/7/11 | 7/7/11 | |
| Haven Properties, Inc. | 6/29/11 | 6/29/11 | |
| Island Coast Drywall and Stucco, LLC | 7/6/11 | 7/6/11 | |
| J.B.C. Builders, Inc. | 7/27/11 | 7/27/11 | |

1

Case 2:09-md-02047-EEF-MBN   Document 16448-4   Filed 12/17/12   Page 94 of 124
Case 2:09-md-02047-EEF-JCW   Document 13324-2   Filed 03/27/12   Page 75 of 102
Case 2:09-md-02047-EEF-JCW   Document 12551-2   Filed 02/22/12   Page 17 of 20

*HAYA, ET AL V. TAISHAN GYPSUM CO., LTD. F/K/A*
*SHANDONG TAIHE DONGXIN CO., LTD., ET AL.,*
CASE NO. 11-CV-1077 (E.D.LA.)

### DEFENDANTS WHO ARE IN DEFAULT

| DEFENDANT | SERVICE (ORIGINAL) | SERVICE (AMENDED) | COMMENTS |
|---|---|---|---|
| J.K. Lassiter Construction, LLC | 7/7/11 | 7/7/11 | |
| Legend Custom Builders, Inc. | 7/11/11 | 7/11/11 | |
| Malphus and Sons | 7/5/11 | 7/5/11 | |
| Master Builders of South Florida, Inc. | 7/15/11 | 7/15/11 | |
| McCar Homes, Inc. | 6/24/11 | 6/24/11 | |
| Morales Carpentry | 9/21/11 | 9/21/11 | |
| Paramount Quality Homes Corp. | 7/9/11 | 7/9/11 | |
| Parkview Homes Realty, Inc. | 7/7/11 | 7/7/11 | |
| Prime Homes at Portofino Falls, Ltd. | 7/27/11 | 7/27/11 | |
| Regency Homes Group, LLC | 7/8/11 | 7/8/11 | |
| Reve Development Corporation | 7/9/11 | 7/9/11 | |
| Roy Harris Drywall, Inc. | 7/6/11 | 7/6/11 | |
| Schmidth Brothers Homes, Inc. | 7/15/11 | 7/15/11 | |
| Sheridan 87, LLC | 7/11/11 | 7/11/11 | |
| Stadelman Drywall | 6/29/11 | 6/29/11 | |
| Starlifter Homes, Inc. | 7/9/11 | 7/9/11 | |
| Sterling Communities at Talavera, LLC | 7/8/11 | 7/8/11 | |
| Sterling Communities, Inc. | 7/8/11 | 7/8/11 | |
| Stuart South Group, LLC | 7/7/11 | 7/7/11 | |
| TFH Corp. | 7/6/11 | 7/6/11 | |
| Tindle Homes | 7/13/11 | 7/13/11 | |
| Trafalgar Associates, Inc. | 7/11/11 | 7/11/11 | |
| Treasure Coast Communities, LLC | 6/29/11 | 6/29/11 | |
| United Homes, Inc. | 7/11/11 | 7/11/11 | |
| Vision Homes of SW, FL, Inc. | 7/5/11 | 7/5/11 | |
| Waterways Joint Venture IV, LLC | 7/11/11 | 7/11/11 | |
| Will Davis d/b/a D&W Home Restoration | 7/1/11 | 7/1/11 | |
| Zaccaria Construction, LLC | 7/12/11 | 7/12/11 | |

2

Case 2:09-md-02047-EEF-MBN   Document 16448-4   Filed 12/17/12   Page 95 of 124
Case 2:09-md-02047-EEF-JCW   Document 13324-2   Filed 03/27/12   Page 76 of 102
Case 2:09-md-02047-EEF-JCW   Document 12551-2   Filed 02/22/12   Page 18 of 20

*HAYA, ET AL V. TAISHAN GYPSUM CO., LTD. F/K/A*
*SHANDONG TAIHE DONGXIN CO., LTD., ET AL.,*
CASE No. 11-CV-1077 (E.D.LA.)
### DEFENDANTS WHO ARE IN DEFAULT

| DEFENDANT | SERVICE (ORIGINAL) | SERVICE (AMENDED) | COMMENTS |
|---|---|---|---|
| Zamora Homes Corporation | 7/8/11 | 7/8/11 | |

Case 2:09-md-02047-EEF-MBN   Document 16448-4   Filed 12/17/12   Page 96 of 124
Case 2:09-md-02047-EEF-JCW   Document 13324-2   Filed 03/27/12   Page 77 of 102

Case 2:09-md-02047-EEF-JCW   Document 12551-2   Filed 02/22/12   Page 19 of 20

# FOURTH AMENDED EXHIBIT "H"

| *BLOCK, ET. AL. V. GEBRUEDER KNAUF VERWALTUNGSGESELLSCHAFT, KG, ET. AL.* CASE NO. 11-CV-1363 (E.D.LA.) **DEFENDANTS WHO ARE IN DEFAULT** | | |
|---|---|---|
| **DEFENDANT** | **SERVICE WAS MADE** | **COMMENTS** |
| 616, LLC | 8/18/11 | |
| American Homes, LLC | 8/9/11 | |
| Amerimex Construction of Palm Beach Inc. | 8/27/11 | |
| Angel Developments, LLC | 8/17/11 | |
| B & B Stucco, Inc. | 8/23/11 | |
| B & E Construction of Miami Corp. | 8/27/11 | |
| Bellew Plastering | 9/28/11 | |
| Bo Builders, LLC | 10/15/11 | |
| Boynton Village Associates, Ltd. | 8/22/11 | |
| Caceres Drywall Corp | 8/27/11 | |
| Caribbean Custom Homes, Inc. | 8/24/11 | |
| Centurion Homes of Louisiana, LLC | 10/13/11 | |
| Coscan Homes, LLC | 8/22/11 | |
| Dima Homes, Inc. | 8/5/11 | |
| Dove Enterprises Contractor & Design, Inc. | 8/10/11 | |
| Drywall Services | 8/21/11 | |
| Fountain Homes | 8/9/11 | |
| Galloway Home Builders, Inc. | 9/28/11 | |
| GEM Builders, Inc. | 9/1/11 | |
| Grove Hammocks Investments LLC | 8/18/11 | |
| Gulf Breeze Construction, Inc. | 8/9/11 | |
| Hanover Homes, Inc. | 8/18/11 | |
| Hessen Construction, Corp. | 8/20/11 | |
| Horizon Builders, Inc. | 8/20/11 | |
| Innovative Custom Builders Inc | 8/16/11 | |
| J&E Developers, Inc. | 9/19/11 | |
| John's Drywall Service | 9/1/11 | |
| JSK Construction, Inc. | 8/17/11 | |
| Just-Rite Supply, Inc. | 8/9/11 | |

1

Case 2:09-md-02047-EEF-JCW  Document 12551-2  Filed 02/22/12  Page 20 of 20

*BLOCK, ET. AL. V. GEBRUEDER KNAUF VERWALTUNGSGESELLSCHAFT, KG, ET. AL.*
CASE NO. 11-CV-1363 (E.D.LA.)
## DEFENDANTS WHO ARE IN DEFAULT

| DEFENDANT | SERVICE WAS MADE | COMMENTS |
|---|---|---|
| Kemah Construction, Inc. | 9/14/11 | |
| Likness Construction Corp. of Southwest Florida | 8/27/11 | |
| MAC Construction, LLC | 8/30/11 | |
| Marriott Development, LLC | 8/18/11 | |
| Mastercraft Homes, LLC | 8/12/11 | |
| Meeks Drywall & Stucco, Inc. | 8/31/11 | |
| Morgan Homes, Inc. | 8/30/11 | |
| Residential Drywall of Ft. Myers, Inc. | 8/12/11 | |
| River Oaks I, LLC | 8/19/11 | |
| Santa Barbara Estates, Inc. | 8/18/11 | |
| Schenley Park Homes, LLC | 8/27/11 | |
| SGS Construction, Inc. | 10/13/11 | |
| Shane Heitzman | 8/8/11 | |
| Stephen Steiner d/b/a Steiner Drywall | 8/9/11 | |
| Steve Corbett, Inc. | 8/8/11 | |
| Stuart South Group, LLC | 8/18/11 | |
| Summit Homes Of LA, Inc. | 10/13/11 | |
| Supreme Builders | 8/11/11 | |
| Supreme Builders, Ltd. | 8/11/11 | |
| T&T Enterprises of SWFL, Inc. | 8/19/11 | |
| The Villas of San Marino at Carrollwood (Emerald Greens at Carrollwood, LLC) | 8/17/11 | |
| United Homes, Inc. | 8/18/11 | |
| United Homes International, Inc. | 8/18/11 | |
| Velvet Pines Construction, LLC | 10/14/11 | |
| Waterways Joint Venture IV, LLC | 8/23/11 | |
| Windship Homes of Florida Inc | 8/19/11 | |

Case 2:09-md-02047-EEF-MBN   Document 16448-4   Filed 12/17/12   Page 98 of 124
Case 2:09-md-02047-EEF-JCW   Document 13324-2   Filed 03/27/12   Page 79 of 102

Case 2:09-md-02047-EEF-JCW   Document 12551-3   Filed 02/22/12   Page 1 of 13

# THIRD AMENDED EXHIBIT "I"

*PAYTON, ET AL. v. KNAUF GIPS KG, ET. AL.*
CASE NO. 2:09-CV-07628 (E.D.LA.)

**DEFENDANTS WHO ARE BEING REMOVED FROM THE MOTION FOR PRELIMINARY DEFAULT JUDGMENT**

| DEFENDANT |
|---|
| B&W Complete Construction, Inc. |
| Elite Home Construction Inc. |
| G. Drywalls Corporation |
| GL Homes Limited Corporation a/k/a GL Homes Limited Corporation |
| Jim Walter Homes, Inc. |
| Kemah Construction, Inc. |
| La Homes, Inc. |
| Louran Builders, Inc. |
| Millennium Homes and Development, Inc. |
| Nathanial Crump |
| Ocean Springs Lumber Company, LLC |
| Parish Home Center |
| Reed Builders, LLC |
| Rookery Park Estates, LLC |
| Sundown Development |
| Tad Brown |
| The New Morning, LLC |
| Vicinity Drywall, Inc. |

*WILTZ, ET AL. V. BEIJING NEW BUILDING MATERIALS PUBLIC LIMITED CO., ET. AL.*
**CASE NO. 2:10-CV-00361 (E.D.LA.)**

**DEFENDANTS WHO ARE BEING REMOVED FROM THE MOTION FOR
PRELIMINARY DEFAULT JUDGMENT**

| DEFENDANT |
| --- |
| Bush Construction Corp. |
| Drive Enterprises, Inc. |
| G. Drywalls Corporation |
| Gryphon Corporation |
| K&B Homes, Inc. |
| Millennium Builders, Inc. |
| Millennium Homes & Development, Inc. |
| Northstar Holdings at B & A, LLC |
| Palm Isles Holdings, LLC |
| Taylor Morrison of Florida, Inc. |

*GROSS, ET AL. V. KNAUF GIPS KG, ET. AL.*
CASE NO. 2:09-CV-6690 (E.D.LA.)

## DEFENDANTS WHO ARE BEING REMOVED FROM THE MOTION FOR PRELIMINARY DEFAULT JUDGMENT

| DEFENDANT |
| --- |
| Aarco, LLC |
| Adams Homes Realty, Inc. |
| Avalon Building Corporation of Tampa Bay |
| Bailey Lumber & Supply Company of Biloxi |
| Burmon Properties, LLC |
| Gant & Shivers |
| Gulf South Drywall |
| J.W. Allen & Company Incorporated |
| K&B Homes, Inc. |
| L & W Supply Corporation d/b/a Seacoast Supply Company |
| Leon Ramsey |
| Mitchell Homes, Inc. |
| Ocean Springs Lumber Company, L.L.C. |
| Palm Isles Holdings, LLC |
| Paul England Construction |
| Renfrow Insulation & Supply |
| Renfrow Insulation I |
| Sorrento Lumber Co., Inc. |
| Steve Harrington Homes, Inc. |
| TMO Global Logistics, LLC |
| Triorient Trading, Inc. |
| USG Corporation |

Case 2:09-md-02047-EEF-MBN Document 16448-4 Filed 12/17/12 Page 101 of 124
Case 2:09-md-02047-EEF-JCW Document 13324-2 Filed 03/27/12 Page 82 of 102
Case 2:09-md-02047-EEF-JCW Document 12551-3 Filed 02/22/12 Page 4 of 13

*ROGERS, ET AL. V. KNAUF GIPS KG, ET. AL.*
CASE NO. 2:10-CV-00362 (E.D.LA.)

## DEFENDANTS WHO ARE BEING REMOVED FROM THE MOTION FOR PRELIMINARY DEFAULT JUDGMENT

| DEFENDANT |
|---|
| Can-Am Drywall, Inc. (successor to Baystate Drywall, Inc.) |
| Jim Walter Homes, Inc. |
| KB Homes |
| L&W Supply Corporation d/b/a Seacoast Supply Company |
| Laporte Builders, Inc. |
| LifeScape Buildings, LLC |
| LPR Builders, Inc. |
| Palm Isles Holdings, LLC |
| Southern Homes, LLC |
| Sovereign Homes, LLC |
| Summit Contractors, Inc. |
| USG Corporation |
| Woodside f/k/a GHO Properties |

Case 2:09-md-02047-EEF-MBN   Document 16448-4   Filed 12/17/12   Page 102 of 124
Case 2:09-md-02047-EEF-JCW   Document 13324-2   Filed 03/27/12   Page 83 of 102

Case 2:09-md-02047-EEF-JCW   Document 12551-3   Filed 02/22/12   Page 5 of 13

### *ABEL, ET. AL. V. TAISHAN GYPSUM CO., LTD.., F/K/A SHANDONG TAIHE DONGXIN CO., LTD., ET. AL.*, CASE NO. 2:11-CV-080 (E.D.LA.)

## DEFENDANTS WHO ARE BEING REMOVED FROM THE MOTION FOR PRELIMINARY DEFAULT JUDGMENT

| DEFENDANT |
| --- |
| Adams Homes Realty, Inc. |
| American Building Materials, Inc. |
| Antilles Vero Beach, LLC |
| Ashton Woods, LLC |
| ATCO Int. Corp. |
| Avalon Building Corporation of Tampa Bay |
| Black Bear Gypsum, LLC |
| Bradford Lumber & Supply, Inc. |
| Citrus Park Development Group, LLC |
| Coastal Living Homes, L.L.C. |
| Cornerstone Construction of SW Florida, Inc. |
| Dalbert J. Poree, Individually |
| Dalbert Poree' General Repairs & Renovations |
| Deangelis Diamond Construction, Inc. |
| Deangelis Diamond Homes, Inc. |
| Deerfield Court Townhomes, LLC |
| Design Drywall of South Florida, LLC |
| Florida Drywall, Inc. |
| G. Drywalls Corporation |
| G.L. Homes of Boynton Beach Associates IX, Ltd. |
| G.L. Homes of Davie Associates, III, Ltd. |
| HC Seals Drywall Partners |
| Heights Custom Homes, LLC |
| Ironwood Properties, Inc. |
| J&A Brothers, Inc. |
| James Drywall, LLC |
| Jim Walter Homes, Inc. |

*ABEL, ET. AL. V. TAISHAN GYPSUM CO., LTD.., F/K/A SHANDONG TAIHE DONGXIN CO., LTD., ET. AL.,* CASE NO. 2:11-CV-080 (E.D.LA.)

## DEFENDANTS WHO ARE BEING REMOVED FROM THE MOTION FOR PRELIMINARY DEFAULT JUDGMENT

| DEFENDANT |
|---|
| Johnson Lumber Co., Inc. |
| L&W Supply Corporation d/b/a Seacoast Supply Company |
| Laporte Family Properties, LLC |
| Lavish Holding Corp. |
| Lennar Corporation |
| Lonnie Vollentine |
| Maronda Homes, Inc. of Florida |
| MC Contractors, Inc. |
| Millennium Builders, Inc. |
| Palm Isle Holdings, LLC |
| Richard Jones Construction Company, Inc. |
| Rinker Materials of Florida, Inc. |
| S.A.M. Drywall, Inc. |
| Shear, Corp. |
| Smith Family Homes Corporation |
| Smokey Mountain Materials, Inc. |
| Smokey Mountain Materials, Inc. |
| Southern Bay Homes, Inc. |
| Southern Homes of Broward XI, Inc. |
| Steve Harrington Homes, Inc. |
| Streamline Homes, Inc. |
| The Jade Organization, Inc. |
| Thompson Wood Products, Inc. |
| Timberline Builders, Inc. |
| US Home Corporation, a Delaware corporation |
| USG Corporation |

Case 2:09-md-02047-EEF-MBN   Document 16448-4   Filed 12/17/12   Page 104 of 124
Case 2:09-md-02047-EEF-JCW   Document 13324-2   Filed 03/27/12   Page 85 of 102

Case 2:09-md-02047-EEF-JCW   Document 12551-3   Filed 02/22/12   Page 7 of 13

*ABREU, ET. AL. v. GEBRUEDER KNAUF VERWALTUNGSGESELLSCHAFT, KG*
CASE NO. 2:11-CV-252 (E.D.LA.)

## DEFENDANTS WHO ARE BEING REMOVED FROM THE MOTION FOR PRELIMINARY DEFAULT JUDGMENT

| DEFENDANT |
| --- |
| 1st Drywall, LLC |
| Adams Homes, L.L.C. |
| Adams Homes of Northwest Florida, Inc. |
| Chase Drywall, Ltd. |
| Cornerstone Construction of S.W. Florida, Inc. |
| Darling Homes, LLC |
| Hovnanian Enterprises, LLC d/b/a Brighton Homes |
| J.M.G. Drywall, Inc. |
| K. Hovnanian Developments of New Jersey, Inc. |
| L&W Supply Corporation d/b/a Seacoast Supply |
| Lancer Enterprises, Inc. |
| Lennar Corporation |
| Levitt and Sons of Manatee County, LLC |
| M J F Construction Corp. |
| Meritage Homes of Texas, LLC a/k/a Meritage Homes of Texas II, LLC |
| Renar Homes, Inc. |
| Rosen Building Supplies, Inc. d/b/a On-Site Materials |
| Royal Homes, LLC |
| Southern Homes, LLC |
| Springhill, LLC |
| Sun Construction, LLC d/b/a Sunrise Homes |
| Timberline Builders, Inc. |
| USG Corporation |

Case 2:09-md-02047-EEF-MBN   Document 16448-4   Filed 12/17/12   Page 105 of 124
Case 2:09-md-02047-EEF-JCW   Document 13324-2   Filed 03/27/12   Page 86 of 102

Case 2:09-md-02047-EEF-JCW   Document 12551-3   Filed 02/22/12   Page 8 of 13

*HAYA, ET AL V. TAISHAN GYPSUM CO., LTD. F/K/A*
*SHANDONG TAIHE DONGXIN CO., LTD., ET AL.,*
*CASE NO. 11-CV-1077 (E.D.LA.)*

### DEFENDANTS WHO ARE BEING REMOVED FROM THE MOTION FOR PRELIMINARY DEFAULT JUDGMENT

| DEFENDANT |
|---|
| Adams Homes of Northwest Florida, Inc. |
| AHJV, LLC |
| AL Brothers, Inc. |
| All Florida Drywall Supplies, Inc. |
| Area Builders of Tidewater, Inc. |
| Atlantic Homes, LLC |
| Aubuchon Homes, Inc. |
| Avalon Building Corporation of Tampa Bay |
| Bass Homes, Inc. |
| Black Bear Gypsum, LLC |
| Black Bear Gypsum Supply, Inc. |
| Boardwalk Drywall, Inc. |
| Bradford Lumber & Supply, Inc. |
| Brooks & Freund, LLC |
| Brownstone Builders, Inc. |
| Cemex, Inc. |
| Coral Plastering & Wall Systems, Inc. |
| Core Construction, LLC |
| Core Construction Services Southeast, Inc. |
| Dan Spires Floor Covering, Inc. |
| Deerfield Court Townhomes, LLC |
| DSG Construction, Inc. |
| Everglades Lumber and Building Supplies, LLC |
| Excel Construction of S.W. Florida, Inc. |
| F. Development, LLC |
| F. Vicino Drywall II, Inc. |

Case 2:09-md-02047-EEF-MBN   Document 16448-4   Filed 12/17/12   Page 106 of 124
Case 2:09-md-02047-EEF-JCW   Document 13324-2   Filed 03/27/12   Page 87 of 102

Case 2:09-md-02047-EEF-JCW   Document 12551-3   Filed 02/22/12   Page 9 of 13

*HAYA, ET AL V. TAISHAN GYPSUM CO., LTD. F/K/A*
*SHANDONG TAIHE DONGXIN CO., LTD., ET AL.,*
CASE NO. 11-CV-1077 (E.D.LA.)

**DEFENDANTS WHO ARE BEING REMOVED FROM THE MOTION FOR**
**PRELIMINARY DEFAULT JUDGMENT**

| DEFENDANT |
| --- |
| Gulfeagle Supply, Inc. |
| HHJV, LLC |
| Ray Horvath Drywall, Inc. |
| Hovstone Properties Florida, LLC d/b/a K Hovnanian Homes |
| HPH Properties, LLC |
| J & A Brothers Drywall & Stucco, Inc. |
| James Drywall LLC |
| K Hovnanian of Palm Beach XIII, Inc. |
| KB Homes, Inc. |
| L&W Supply Corporation d/b/a Seacoast Supply Company |
| La Suprema Enterprises |
| Lavish Holding Corp. |
| Lennar Corporation |
| Manclar Builders, Inc. |
| Marr Development of Central Florida, Inc. |
| MC Contractors, Inc. |
| Meritage Homes of Florida, Inc. |
| Next Level Group, LLC |
| Nicholas & Co. Construction |
| ProBuild Company, LLC |
| Quality Builders of North Florida, Inc. |
| Residential Concepts, Ltd. |
| Residential Drywall, Inc. |
| RJL Drywall Inc. |
| Smokey Mountain Materials, Inc. |

Case 2:09-md-02047-EEF-MBN   Document 16448-4   Filed 12/17/12   Page 107 of 124
Case 2:09-md-02047-EEF-JCW   Document 13324-2   Filed 03/27/12   Page 88 of 102

Case 2:09-md-02047-EEF-JCW   Document 12551-3   Filed 02/22/12   Page 10 of 13

*HAYA, ET AL V. TAISHAN GYPSUM CO., LTD. F/K/A*
*SHANDONG TAIHE DONGXIN CO., LTD., ET AL.,*
CASE NO. 11-CV-1077 (E.D.LA.)

## DEFENDANTS WHO ARE BEING REMOVED FROM THE MOTION FOR PRELIMINARY DEFAULT JUDGMENT

| DEFENDANT |
| --- |
| South Bay Development Corporation |
| Standard Pacific of South Florida GP, Inc. |
| Steven R. Carter, Inc. |
| Stock Building Supply |
| Stock Building Supply of Florida, LLC |
| Sumaj Builders Corporation |
| The Porter-Blaine Corp. |
| Timberline Builders, Inc. |
| USG Corporation |
| Venture Supply, Inc. |
| Villa Homes of Southwest Florida |
| WB Howland Co., LLC |
| William L. Perry Plastering & Drywall, Inc. |
| Woodside Stoneybrook, LLC |

Case 2:09-md-02047-EEF-MBN   Document 16448-4   Filed 12/17/12   Page 108 of 124
Case 2:09-md-02047-EEF-JCW   Document 13324-2   Filed 03/27/12   Page 89 of 102

Case 2:09-md-02047-EEF-JCW   Document 12551-3   Filed 02/22/12   Page 11 of 13

## BLOCK, ET. AL. V. GEBRUEDER KNAUF VERWALTUNGSGESELLSCHAFT, KG, ET. AL.
### CASE NO. 11-CV-1363 (E.D.LA.)

## DEFENDANTS WHO ARE BEING REMOVED FROM THE MOTION FOR PRELIMINARY DEFAULT JUDGMENT

| DEFENDANT |
| --- |
| 1st Drywall, LLC |
| Acadian Builders and Contractors, LLC |
| Adams Homes of Northwest Florida, Inc. |
| AI Brothers, Inc. |
| Alvin R. Savoie & Associates, Inc. dba Savoie Construction & Development, L.L.C. |
| Anthony F. Marino General Contractor, LLC |
| Aranda Homes, Inc. |
| ATCO Int. Corp. |
| Barnett Drywall |
| BJ&K Condo Construction, Inc. |
| Building Materials Wholesale, Inc. |
| Caliber Properties, LLC |
| C&D Plastering & Stucco, Inc. |
| Caribe Central LLC |
| Caribe Homes Corp. |
| Castle Rock Builders, LLC |
| Castlerock Communities, LLP |
| Chris P. Roberts |
| Christopher Duet |
| Coastal Construction of South Florida, Inc. |
| Coastal Living Homes, L.L.C. |
| Core Construction, LLC |
| Cornerstone Construction of S.W. Florida, Inc. |
| Courtside Development, Inc. |
| Creola Ace Hardware, Inc. |
| Daelen of Tangipahoa, L.L.C. |
| Ed Price Building Materials |

Case 2:09-md-02047-EEF-MBN   Document 16448-4   Filed 12/17/12   Page 109 of 124
Case 2:09-md-02047-EEF-JCW   Document 13324-2   Filed 03/27/12   Page 90 of 102
Case 2:09-md-02047-EEF-JCW   Document 12551-3   Filed 02/22/12   Page 12 of 13

*BLOCK, ET. AL. V. GEBRUEDER KNAUF VERWALTUNGSGESELLSCHAFT, KG, ET. AL.*
CASE NO. 11-CV-1363 (E.D.LA.)

**DEFENDANTS WHO ARE BEING REMOVED FROM THE MOTION FOR
PRELIMINARY DEFAULT JUDGMENT**

| DEFENDANT |
| --- |
| Eddleman Homes, LLC |
| F. Vicino and Company, Inc. |
| F. Vicino Drywall, Inc. |
| Foster Coatings & Contracting |
| Gant & Shivers Homes, LLC |
| Highland Lakes Homes, LLC d/b/a Eddleman Homes, LLC |
| Holder Construction Co., Inc. |
| Home Town Lumber & Supply, Inc. |
| Horvath & Horvath Drywall, Inc. |
| HPH Properties, LLC |
| Hubert Seals and Sarah Seals dba Seals Drywall |
| Ironwood Properties, Inc. |
| J-Bec Homes of Diamondhead, LLC |
| Kaye Homes, Inc. |
| L&W Supply Corporation d/b/a Seacoast Supply Company |
| La Suprema Enterprise, Inc. |
| La Suprema Trading, Inc. |
| Lennar Corporation |
| Lennicx Builders, Inc. |
| M. Carbine Restorations, Ltd. |
| Mandy Drywall, Inc. |
| Mark Drake |
| Maronda Homes, Inc. of Florida |
| Matmo Construction, L.L.C. |
| Milton Construction Company |
| Ocean Springs Lumber Company, LLC |
| Precision Drywall, Inc. |

Case 2:09-md-02047-EEF-MBN   Document 16448-4   Filed 12/17/12   Page 110 of 124
Case 2:09-md-02047-EEF-JCW   Document 13324-2   Filed 03/27/12   Page 91 of 102

Case 2:09-md-02047-EEF-JCW   Document 12551-3   Filed 02/22/12   Page 13 of 13

| *BLOCK, ET. AL. V. GEBRUEDER KNAUF VERWALTUNGSGESELLSCHAFT, KG, ET. AL.*<br>Case No. 11-cv-1363 (E.D.La.) |
|---|
| **DEFENDANTS WHO ARE BEING REMOVED FROM THE MOTION FOR<br>PRELIMINARY DEFAULT JUDGMENT** |

| Defendant |
|---|
| Ray Horvath Drywall, Inc. |
| RCR Holdings II, LLC |
| Renar Development Co. |
| Renar Homes, Inc. |
| Residential Drywall, Inc. |
| Richard Jones Construction Company, Inc. |
| RJL Drywall, Inc. |
| Rosen Building Supplies, Inc. d/b/a On-Site Materials |
| Royal Homes, L.L.C. |
| S3 Enterprises, Inc. d/b/a A1 Brothers Metal Framing and Drywall |
| State Lumber & Supply Company, Inc. |
| Stonelake Ranch, LLC |
| Streamline Homes, Inc. |
| Tallow Creek, LLC |
| The St. Joe Company |
| Timberline Builders, Inc. |
| Timberline Homes, Inc. |
| Toll Estero Limited Partnership d/b/a Toll Brothers |
| USG Corporation |
| Woodside Stoneybrook, LLC |
| W.S. Keel Lumber Co., Inc. |
| Ybarzabal Contractors, LLC |



**First Class Mail**

**First Class Mail**







LEVIN, FISHBEIN, SEDRAN & BERMAN
SUITE 500
510 WALNUT STREET
PHILADELPHIA, PA. 19106-3697

Universal Construction Company, Inc. a/k/a U/C
Construction, Inc.
350 N. St. Paul St., Ste. 2900
Dallas, TX 75201








REDACTED: ATTORNEY WORK PRODUCT

**From:** Matthew Gaughan <MGaughan@lfsblaw.com>
**Sent:** Saturday, March 03, 2012 10:55 AM
**To:** Griffith, Steve
**Subject:** Re: RE:

I don't think it got filed. I'll check with liaison counsel.

I'm working on a motion but think you should be the one to file it. It will be an unopposed motion to remove the preliminary default.

Sent from my iPhone

On Mar 3, 2012, at 11:46 AM, "Griffith, Steve" <sgriffith@bakerdonelson.com> wrote:

> Matt,
>
> Thanks again for the quick work on this. Did the Dismissal get filed?
>
> Also, as we discussed, can you let me know as soon as possible if you all are willing to file a motion to set aside or vacate the default?
>
> Thanks,
> Steve

---

**From:** Matthew Gaughan [MGaughan@lfsblaw.com]
**Sent:** Friday, March 02, 2012 3:08 PM
**To:** Griffith, Steve
**Subject:** RE:

Steve – the document we forwarded to liaison counsel for filing earlier today is attached. Matt.

**From:** Griffith, Steve [mailto:sgriffith@bakerdonelson.com]
**Sent:** Friday, March 02, 2012 3:50 PM
**To:** Matthew Gaughan
**Subject:**

Steven F. Griffith, Jr.
Shareholder
Baker Donelson Bearman Caldwell & Berkowitz, PC
201 St. Charles Ave., Suite 3600
New Orleans, Louisiana 70170
Direct: 504.566.5225
Fax: 504.636.3925

1


Exhibit
8

Email: sgriffith@bakerdonelson.com
www.bakerdonelson.com

Baker, Donelson, Bearman, Caldwell & Berkowitz, PC represents
clients across the U.S. and abroad from offices in Alabama, Florida,
Georgia, Louisiana, Mississippi, Tennessee, Texas, and Washington, D.C.

---

Under requirements imposed by the IRS, we inform you that, if any advice concerning one or more U.S. federal tax issues is contained in this communication (including in any attachments and, if this communication is by email, then in any part of the same series of emails), such advice was not intended or written by the sender or by Baker, Donelson, Bearman, Caldwell & Berkowitz, PC to be used, and cannot be used, for the purpose of (1) avoiding penalties under the Internal Revenue Code or (2) promoting, marketing or recommending to another party any transaction or tax-related matter addressed herein.

This electronic mail transmission may constitute an attorney-client communication that is privileged at law. It is not intended for transmission to, or receipt by, any unauthorized persons. If you have received this electronic mail transmission in error, please delete it from your system without copying it, and notify the sender by reply e-mail, so that our address record can be corrected.

---

Under requirements imposed by the IRS, we inform you that, if any advice concerning one or more U.S. federal tax issues is contained in this communication (including in any attachments and, if this communication is by email, then in any part of the same series of emails), such advice was not intended or written by the sender or by Baker, Donelson, Bearman, Caldwell & Berkowitz, PC to be used, and cannot be used, for the purpose of (1) avoiding penalties under the Internal Revenue Code or (2) promoting, marketing or recommending to another party any transaction or tax-related matter addressed herein.

This electronic mail transmission may constitute an attorney-client communication that is privileged at law. It is not intended for transmission to, or receipt by, any unauthorized persons. If you have received this electronic mail transmission in error, please delete it from your system without copying it, and notify the sender by reply e-mail, so that our address record can be corrected.

REDACTED: ATTORNEY WORK PRODUCT

**From:** Matthew Gaughan [mailto:MGaughan@lfsblaw.com]
**Sent:** Friday, March 09, 2012 10:41 AM
**To:** Griffith, Steve
**Subject:** RE: Daniel Abreu, et al v. Gebreauder Knauf, et al ("Chinese Drywall Class Action")

Sorry for the inconvenience but I really need you to file the motion. I started drafting the motion but got sidetracked with some other urgent matters that I am currently attending to. Matt.

**From:** Griffith, Steve [mailto:sgriffith@bakerdonelson.com]
**Sent:** Friday, March 09, 2012 11:35 AM
**To:** Matthew Gaughan
**Subject:** RE: Daniel Abreu, et al v. Gebreauder Knauf, et al ("Chinese Drywall Class Action")

Matt,

Any update on the Motion to Set Aside or Vacate? If we file it, I am going to have to do a notice of appearance and have the client review (and likely revise) the Motion. I think it would be better if you all put it together and get it on file.

Thanks,
Steve

**From:** Matthew Gaughan [mailto:MGaughan@lfsblaw.com]
**Sent:** Monday, March 05, 2012 10:03 AM
**To:** Griffith, Steve
**Subject:** FW: Daniel Abreu, et al v. Gebreauder Knauf, et al ("Chinese Drywall Class Action")

fyi

**From:** Lillian Flemming [mailto:LFLEMMING@hhkc.com]
**Sent:** Monday, March 05, 2012 10:55 AM
**To:** Matthew Gaughan
**Cc:** Bruce Steckler; 'brian@collinshorsley.com'
**Subject:** RE: Daniel Abreu, et al v. Gebreauder Knauf, et al ("Chinese Drywall Class Action")

1



Exhibit 9

See attached filed copy.

---

**From:** Matthew Gaughan [mailto:MGaughan@lfsblaw.com]
**Sent:** Friday, March 02, 2012 12:56 PM
**To:** Lillian Flemming
**Cc:** Bruce Steckler; 'brian@collinshorsley.com'
**Subject:** FW: Daniel Abreu, et al v. Gebreauder Knauf, et al ("Chinese Drywall Class Action")

Lillian – please see the attached which you can go ahead and file with the court. Thanks, Matt.

---

**From:** Rocky Alaniz [mailto:ralaniz@baronbudd.com]
**Sent:** Friday, March 02, 2012 12:56 PM
**To:** Matthew Gaughan
**Cc:** Bruce Steckler; 'Brian Collins'
**Subject:** RE: Daniel Abreu, et al v. Gebreauder Knauf, et al ("Chinese Drywall Class Action")

Matt,
Attached is BB's Exhibit B, do you have everything you need for the dismissal?
Thanks

---

**From:** Brian Collins [mailto:brian@collinshorsley.com]
**Sent:** Friday, March 02, 2012 11:40 AM
**To:** Rocky Alaniz
**Cc:** Bruce Steckler
**Subject:** RE: Daniel Abreu, et al v. Gebreauder Knauf, et al ("Chinese Drywall Class Action")

I drafted my own letter of authorization to Russ Herman yesterday and faxed to Mathew. Do you need me to send another to your office?

---

**From:** Rocky Alaniz [mailto:ralaniz@baronbudd.com]
**Sent:** Thursday, March 01, 2012 11:42 AM
**To:** Brian Collins
**Cc:** Bruce Steckler
**Subject:** RE: Daniel Abreu, et al v. Gebreauder Knauf, et al ("Chinese Drywall Class Action")

Brian,
Attached is a draft Notice and BB's Exhibit B. Would you please review and let us know if you have any edits. If you send us your letter (Exhibit A) I will submit to Matt later today.
Thanks

---

**From:** Bruce Steckler
**Sent:** Thursday, March 01, 2012 8:30 AM
**To:** Matthew Gaughan; Rocky Alaniz
**Cc:** Brian Collins; Vargo, Robbie - (Turner); King, Kevin R - (Turner); David G. Jordan; Bonnie Costello
**Subject:** Re: Daniel Abreu, et al v. Gebreauder Knauf, et al ("Chinese Drywall Class Action")

We have one drafted and will send it

Sent from my iPhone

On Mar 1, 2012, at 8:11 AM, "Matthew Gaughan" <MGaughan@lfsblaw.com> wrote:

I agree that a withdrawal and substitution of counsel should be filed. But I also think we should try to get this claim dismissed as soon as possible.

My thought is to have Baron and Budd draft a notice of voluntary dismissal using our normal format but with some very minor edits. Namely – we should attach letters requesting the dismissal from both current and former counsel as Exhibits "A" and "B". Bruce/Brian – can you two coordinate this?

---

**From:** Bruce Steckler [mailto:BSTECKLE@baronbudd.com]
**Sent:** Wednesday, February 29, 2012 5:12 PM
**To:** Matthew Gaughan
**Cc:** Brian Collins; Vargo, Robbie - (Turner); King, Kevin R - (Turner); David G. Jordan; Bonnie Costello
**Subject:** Re: Daniel Abreu, et al v. Gebrauder Knauf, et al ("Chinese Drywall Class Action")

Kevin and Kristy Chavis are in Omni VIII (ABREU) as represented by Collins & Horsley, PC. Clients signed a contract with us on 4/21/11 which is 2 months **after** the Abreu complaint was filed on 2/7/11. Shouldn't Collins & Horsley file a Motion to Withdraw and Substitute Counsel and the Dismissal?

We did not submit them for the ABREU complaint. Builder for Chavis is Supreme Builders which was sued in OCX (BLOCK).

Does that make sense?

Thanks, Bruce

Sent from my iPhone

On Feb 29, 2012, at 1:12 PM, "Matthew Gaughan" <MGaughan@lfsblaw.com> wrote:

Bruce – see the below email involving Universal's request for dismissal from the drywall litigation. Collins Horsley has dismissed all of their clients' claims against Universal. However, you are now representing one or more of Collins Horsley's former clients who is suing Universal. I'm copying Robbie who will fill you in on the particulars on Universal's request for dismissal. Your prompt attention to this matter is greatly appreciated. Matt.

---

**From:** Brian Collins [mailto:brian@collinshorsley.com]
**Sent:** Wednesday, February 29, 2012 2:08 PM
**To:** Vargo, Robbie - (Turner); Matthew Gaughan
**Cc:** King, Kevin R - (Turner); David G. Jordan; Bonnie Costello
**Subject:** RE: Daniel Abreu, et al v. Gebrauder Knauf, et al ("Chinese Drywall Class Action")

Gentlemen,
Has Barron & Bud dismissed the Chavis case against Universal? If not, that one case may be the reason. We no longer represent them and had no authority to dismiss anyone on their behalf.

3

Brian

**From:** Vargo, Robbie - (Turner) [mailto:rvargo@tcco.com]
**Sent:** Wednesday, February 29, 2012 12:57 PM
**To:** Matthew Gaughan
**Cc:** Brian Collins; King, Kevin R - (Turner); David G. Jordan; Bonnie Costello
**Subject:** RE: Daniel Abreu, et al v. Gebreauder Knauf, et al ("Chinese Drywall Class Action")

Matthew,

If the dismissals were properly filed with the court in what appears to be mid-February (see attached), I'm not understanding why your firm continues to pursue a preliminary default judgment against Universal Construction. Your firm has now filed three (3) Amended Errata forms to the Preliminary Default Judgment – none of which remove Universal as a defaulting party. And, I note that the most recent Amended Errata was dated February 22, 2012, which is well after the attached dismissals were filed and well after you advised me on February 10 that you would have this "cleared up." Frankly, Turner has been very patient in this regard, but we continue to incur legal costs associated with this matter and we are still not removed from your default papers.

Since your firm continues to pursue a default judgment against Universal, we will be forced to retain local counsel if Universal is not removed by March 2, 2012. Per my e-mail dated February 28, 2012, we will then seek all attorneys' fees and costs associated with such removal.

-Robbie

**Robbie J. Vargo, Esq. | LEED Green Associate**
**Turner Construction Company**
*Legal Affairs Counsel*
3 Paragon Drive | Montvale, NJ 07645
Office: (201) 722-3818 | Cell: (201) 978-5375
*www.turnerconstruction.com*

Notice: This electronic message and any attachments are intended for the use of the individual or entity to which this message is addressed and may contain information that is privileged, confidential and exempt from disclosure under applicable law. If the reader of this message is not the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you have received this electronic message in error, please notify us by reply email or by telephone at (201) 722-3818.

**From:** Matthew Gaughan [mailto:MGaughan@lfsblaw.com]
**Sent:** Tuesday, February 28, 2012 5:31 PM
**To:** Vargo, Robbie - (Turner)
**Cc:** brian@collinshorsley.com; King, Kevin R - (Turner); David G. Jordan; bonnie@collinshorsley.com

4

**Subject:** Re: Daniel Abreu, et al v. Gebreauder Knauf, et al ("Chinese Drywall Class Action")

The dismissals are available on the MDL courts docket. I do not have copies.

Sent from my iPhone

On Feb 28, 2012, at 5:22 PM, "Vargo, Robbie - (Turner)" <rvargo@tcco.com> wrote:

> Matt,
>
> I have spoken with Brian's office and I understand that they previously provided all of the information that your firm needs to properly dismiss Universal Construction from this matter. Please provide me the properly filed documents by Friday, so that we can avoid having to retain counsel. Thank you for your help on this matter.
>
> -Robbie
>
> **Robbie J. Vargo, Esq. | LEED Green Associate**
> **Turner Construction Company**
> *Legal Affairs Counsel*
> 3 Paragon Drive | Montvale, NJ 07645
> Office: (201) 722-3818 | Cell: (201) 978-5375
> *www.turnerconstruction.com*
>
> Notice: This electronic message and any attachments are intended for the use of the individual or entity to which this message is addressed and may contain information that is privileged, confidential and exempt from disclosure under applicable law. If the reader of this message is not the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you have received this electronic message in error, please notify us by reply email or by telephone at (201) 722-3818.

---

**From:** Matthew Gaughan [mailto:MGaughan@lfsblaw.com]
**Sent:** Tuesday, February 28, 2012 2:25 PM
**To:** Vargo, Robbie - (Turner); brian@collinshorsley.com
**Cc:** King, Kevin R - (Turner); David G. Jordan; bonnie@collinshorsley.com
**Subject:** RE: Daniel Abreu, et al v. Gebreauder Knauf, et al ("Chinese Drywall Class Action")

I'm seeing what I can do about the default issue. Matt.

**From:** Vargo, Robbie - (Turner) [mailto:rvargo@tcco.com]
**Sent:** Tuesday, February 28, 2012 1:47 PM
**To:** Matthew Gaughan; brian@collinshorsley.com
**Cc:** King, Kevin R - (Turner); David G. Jordan; bonnie@collinshorsley.com
**Subject:** Daniel Abreu, et al v. Gebreauder Knauf, et al ("Chinese Drywall Class Action")
**Importance:** High

Gentlemen:

As you may recall, I am Legal Affairs Counsel for Turner Construction (the Parent Company of Universal Construction) and I am writing to you regarding the above-referenced matter. Please be advised that we received the attached Third Amended Errata to Plaintiffs' Omnibus Motion for Preliminary Default Judgment and Universal Construction Company is still **not** removed as a defaulting party. Despite repeated acknowledgements from your office that Universal Construction was sued in error and that Universal would be dismissed from this lawsuit, your office has failed to properly remove Universal as a defendant. We have been patient thus far, but this is entirely unacceptable and is rising to the level of a frivolous litigation.

Be advised that if Universal is not voluntarily dismissed from this lawsuit by **March 2, 2012**, we will instruct counsel to appear in the class action litigation and seek a proper dismissal. In such case, not only will we seek attorneys' fees and costs associated with such dismissal, but we will aggressively seek sanctions against all Plaintiffs and their respective counsel in accordance with the Federal Rules of Civil Procedure.

Please be guided accordingly.

Very truly yours,


**Robbie J. Vargo, Esq. | LEED Green Associate**
**Turner Construction Company**
*Legal Affairs Counsel*
3 Paragon Drive | Montvale, NJ  07645
Office:  (201) 722-3818 | Cell:  (201) 978-5375
*www.turnerconstruction.com*

Notice:  This electronic message and any attachments are intended for the use of the individual or entity to which this message is addressed and may contain information that is privileged, confidential and exempt from disclosure under applicable law. If the reader of

6

this message is not the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you have received this electronic message in error, please notify us by reply email or by telephone at (201) 722-3818.

**From:** Matthew Gaughan [mailto:MGaughan@lfsblaw.com]
**Sent:** Friday, February 10, 2012 4:52 PM
**To:** Vargo, Robbie - (Turner); brian@collinshorsley.com
**Cc:** King, Kevin R - (Turner); David G. Jordan; bonnie@collinshorsley.com
**Subject:** RE: Daniel Abreu, et al v. Gebreauder Knauf, et al ("Chinese Drywall Class Action")

Robbie – I requested a few revisions before I can send to liaison counsel for filing. I'm not sure they are receiving my correspondences. We will get this cleared up as soon as I receive the revised documents in a word-processing format. Matt.
Matthew C. Gaughan, Esquire
Levin, Fishbein, Sedran & Berman
Counselors at Law and Proctors in Admiralty
510 Walnut Street - Suite 500 Philadelphia, PA 19106-3697
Tele: 215-592-1500 - Fax: 215-592-4663
www.lfsblaw.com
CONFIDENTIALITY NOTE: This e-mail message contains information belonging to the law firm of Levin, Fishbein, Sedran & Berman and may be privileged, confidential and/or protected from disclosure. The information is intended only for the use of the individual or entity named above. If you think that you have received this message in error, please e-mail the sender. If you are not the intended recipient, please delete the message and understand that any dissemination, distribution or copying is strictly prohibited.

**From:** Vargo, Robbie - (Turner) [mailto:rvargo@tcco.com]
**Sent:** Friday, February 10, 2012 4:18 PM
**To:** brian@collinshorsley.com
**Cc:** King, Kevin R - (Turner); David G. Jordan; Matthew Gaughan; bonnie@collinshorsley.com
**Subject:** Daniel Abreu, et al v. Gebreauder Knauf, et al ("Chinese Drywall Class Action")

Mr. Collins,

Please see the attached letter regarding the above-referenced matter.

Regards,

**Robbie J. Vargo | Turner Construction Company**

7

*Legal Affairs Counsel*
3 Paragon Drive | Montvale, NJ  07645
Office:  (201) 722-3818 | Cell:  (201) 978-5375
*www.turnerconstruction.com*

Notice:  This electronic message and any attachments
are intended for the use of the individual or entity to
which this message is addressed and may contain
information that is privileged, confidential and exempt
from disclosure under applicable law.  If the reader of
this message is not the intended recipient, you are
hereby notified that any dissemination, distribution or
copying of this communication is strictly prohibited.  If
you have received this electronic message in error,
please notify us by reply email or by telephone at (201)
722-3818.

CONFIDENTIAL ATTORNEY WORK PRODUCT
This e-mail message contains confidential, privileged information intended
solely for the addressee.  Please do not read, copy, or disseminate it unless
you are the addressee.  If you have received it in error, please call us
(collect) immediately at (504) 581-4892 and ask to speak with the message
sender.  Also, we would appreciate your forwarding the message back to us and
deleting it from your system.  Thank you.

---

Under requirements imposed by the IRS, we inform you that, if any advice concerning one or more U.S. federal tax issues is contained in this
communication (including in any attachments and, if this communication is by email, then in any part of the same series of emails), such advice was not
intended or written by the sender or by Baker, Donelson, Bearman, Caldwell & Berkowitz, PC to be used, and cannot be used, for the purpose of (1)
avoiding penalties under the Internal Revenue Code or (2) promoting, marketing or recommending to another party any transaction or tax-related matter
addressed herein.

This electronic mail transmission may constitute an attorney-client communication that is privileged at law. It is not intended for transmission to, or
receipt by, any unauthorized persons. If you have received this electronic mail transmission in error, please delete it from your system without copying it,
and notify the sender by reply e-mail, so that our address record can be corrected.

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: CHINESE-MANUFACTURED DRYWALL PRODUCTS LIABILITY LITIGATION | * * * | MDL NO. 2047 |
| | * * | SECTION "L" |
| THIS DOCUMENT RELATES TO: | * * | JUDGE FALLON |
| | * | |
| *Abreu v. Gebrueder Knauf Verwaltungsgesellschaft, KG et al.* Case No. 2:11-cv-00252-EEF-JCW (E.D.La.) | * * * * | MAG. DIV. "2" MAG. JUDGE WILKINSON |

* * * * * * * * * * * * * * * * * * * * * * * * * *

## <u>NOTICE OF SUBMISSION</u>

PLEASE TAKE NOTICE that the Motion to Vacate and Set Aside Preliminary Default

Judgment and Motion for Sanctions Pursuant to 28 U.S.C. § 1927, filed on behalf of Defendant,

Universal Construction Company, Inc., will be submitted before the Hon. Eldon E. Fallon,

District Judge, Eastern District of Louisiana, 500 Poydras Street, New Orleans, Louisiana

70130, on April 11, 2012, at 9:00 a.m.


Dated: March 27, 2012.

Respectfully submitted,

**BAKER, DONELSON, BEARMAN,
CALDWELL & BERKOWITZ, P.C.**

By: _____*s/Steven F. Griffith, Jr.*_____
STEVEN F. GRIFFITH, JR. (27232)
LAURA E. CARLISLE (33760)
201 St. Charles Avenue, Suite 3600
New Orleans, Louisiana 70170
TELEPHONE: (504) 566-5200
FACSIMILE: (504) 636-4000
sgriffith@bakerdonelson.com
lcarlisle@bakerdonelson.com

**ATTORNEYS FOR UNIVERSAL
CONSTRUCTION COMPANY, INC.**

2

## CERTIFICATE OF SERVICE

I hereby certify that on this 27th day of March, 2012, the above and foregoing Notice of Submission has been served on Plaintiffs' Liaison Counsel, Russ Herman, and Defendants' Liaison Counsel, Kerry Miller, by U.S. Mail and e-mail or by hand delivery and e-mail and upon all parties by electronically uploading the same to LexisNexis File & Serve in accordance with Pretrial Order No. 6, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2047.

*s/Steven F. Griffith, Jr.*
STEVEN F. GRIFFITH, JR.