UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

```
-----------------------------------------------------------------x
IN RE:  CHINESE-MANUFACTURED           :    MDL NO. 2047
DRYWALL PRODUCTS LIABILITY             :    SECTION:  L
LITIGATION                             :
-----------------------------------------------------------------x
THIS DOCUMENT RELATES TO:              :    JUDGE FALLON
ALL CASES AND                          :    MAG. JUDGE WILKINSON
                                       :
Payton, et al. v. Knauf Gips KG, et al.:
Case No. 2:09-cv-07628 (E.D. La.)      :
                                       :
Gross, et al. v. Knauf Gips KG, et al. :
Case No. 2:09-cv-06690 (E.D. La.)      :
                                       :
Rogers, et al. v. Knauf Gips KG, et al.:
Case No. 2:10-cv-00362 (E.D. La.)      :
                                       :
Abreu, et al. v. Gebrueder Knauf       :
Verwaltungsgesellschaft KG, et al.     :
Case No. 2:11-cv-00252 (E.D. La.)      :
                                       :
Block, et al. v. Gebrueder Knauf       :
Verwaltungsgesellschaft KG, et al.     :
Case No. 11-cv-1363 (E.D. La.)         :
                                       :
Arndt, et al. v. Gebrueder Knauf       :
Verwaltungsgesellschaft KG, et al.     :
Case No. 11-cv-2349 (E.D. La.)         :
                                       :
Cassidy, et al. v. Gebrueder Knauf     :
Verwaltungsgesellschaft KG, et al.     :
Case No. 11-cv-3023 (E.D. La.)         :
                                       :
Vickers, et al. v. Knauf Gips KG, et al.:
Case No. 2:09-cv-04117 (E.D. La.)      :
-----------------------------------------------------------------x
```

**ORDER PROVIDING FINAL EXTENSION OF TERMINATION DEADLINES**

Before the Court are motions to approve five class action settlements that, if approved, would resolve a large portion of the Chinese Drywall litigation. The settlements have been subject to certain contingencies, including the right of settling defendants to terminate the settlements or withdraw their participation if certain additional agreements are not executed or if certain conditional opt out claims are not withdrawn. Resolution of the contingencies would result in a greater portion of the Chinese Drywall litigation being settled.

The Court has waited patiently for these contingencies to be resolved and believes that the parties have been using their best efforts to resolve them. Toward that end, the Court has granted requests for extension of the dates by which the parties must make final decisions regarding their participation. Various parties have requested additional time in order to address issues, as listed below:

1. Plaintiffs' counsel David Durkee and Mark Milstein request time to consult with their clients regarding potential rescission of opt out claims.

2. Counsel for Banner, Banner's insurers and the Knauf Defendants request time to evaluate participation in light of potential rescission of opt outs.

3. Counsel for InEx, InEx's insurers and the Knauf Defendants request time to finalize an agreement resolving issues among them, including an agreement with the PSC concerning the bellwether trial against InEx and North River.

4. Parties having an interest in *Hobbie, et al. v. RCR Holdings II LLC, et al.*, No. 10cv01113, request time to finalize an agreement in that case.

5. Parties having an interest in the conditional opt out by Skyline from the Banner Settlement request time to resolve issues relating to that conditional opt out.

Although the Court believes the parties have been acting in good faith, the Court cannot wait indefinitely for the parties to resolve these contingencies. The Court is therefore providing a final deadline for the parties to resolve all contingencies. The Court is advising the parties that further requests for extensions will not be granted.

Accordingly, **IT IS ORDERED** that:

1. The parties are to report to the Court on January 4, 2013 whether all contingencies have been resolved.

2. To the extent any of the five issues listed above remain unresolved as of January 4, 2013, all parties and their insurers and sureties are directed (if subject to the jurisdiction of the Court) and requested (if not subject to the jurisdiction of the Court) to meet and confer in the U.S Courthouse, 500 Poydras Street, New Orleans, Louisiana 70130, Courtroom C468 at 9 a.m. on January 15 and 16, 2013 to attempt to resolve their issues. The meetings should be attended by clients with authority to resolve any outstanding issues. A list of which parties are expected to attend the respective meeting(s), if needed, is attached as Exhibit A.

3. The time for rescission of opt outs is extended to January 16, 2013. To facilitate resolution, however, the Court strongly encourages opt outs who have decided to reconsider their status not to wait until the deadline to file their rescissions.

4. The settling parties must advise the Court at 9 a.m. on January 17, 2013 whether all contingencies have been resolved and whether they wish to proceed with their settlements. This deadline applies to all settling parties.

New Orleans, Louisiana, this 21st day of December, 2012

_____
ELDON E. FALLON
United States District Judge