# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: CHINESE-MANUFACTURED DRYWALL PRODUCTS LIABILITY LITIGATION | |
| THIS DOCUMENT RELATES TO: ALL CASES AND | MDL No. 2047 |
| | SECTION: L |
| *Payton, et al. v. Knauf Gips, KG, et al.* Case No. 2:09-cv-07628 (E.D. La.) | JUDGE FALLON MAG. JUDGE WILKINSON |
| *Wiltz, et al. v. Beijing New Building Materials Public Limited Co., et al.* Case No. 2:10-cv-00361 (E.D. La.) | |
| *Gross, et al. v. Knauf Gips, KG, et al.* Case No. 2:09-cv-06690 (E.D. La.) | |
| *Rogers, et al. v. Knauf Gips, KG, et al.* Case No. 2:10-cv-00362 (E.D. La.) | |
| *Amato, et al. v. Liberty Mutual Ins. Co., et al.* Case No. 2:10-cv-00932 (E.D. La.) | |
| *Hernandez, et al. v. AAA Insurance, et al.* Case No. 2:10-cv-03070 (E.D. La.) | |
| *Abel, et al. v. Taishan Gypsum Co., Ltd., f/k/a Shandong Taihe Dongxin Co., Ltd., et al.* Case No. 2:11-cv-00080 (E.D. La.) | |
| *Abreu, et al. v. Gebrueder Knauf Verwaltungsgesellschaft, KG,, et al.* Case No. 2:11-cv-002528 (E.D. La.) | |
| *Haya, et al. v. Taishan Gypsum Co., Ltd., f/k/a Shandong Taihe Dongxin Co., Ltd.,, et al.* Case No. 2:11-cv-01077 (E.D. La.) | |
| *Vickers, et al. v. Knauf Gips, KG, et al.* Case No. 2:09-cv-04117 (E.D. La.) | |

### ORDER FOR CERTAIN BUILDER AND INSTALLER CONDITIONAL OPT-OUTS TO THE BANNER SETTLEMENT TO SHOW CAUSE OR BE BOUND BY INFORMATION PROVIDED IN <u>EXHIBIT "A"</u>

On June 4, 2012, this Court entered an Order (1) Setting Consolidated Fairness Hearing, (2) Establishing Coordinated Opt Out, Objection and Briefing Deadlines, and (3) Entering Litigation Stay in Favor of Settling Parties (the "June 4, 2012 Order") [Rec. Doc. 14566]. The June 4, 2012 Order required that "[a]ny class member wishing to opt out of any of the . . . class action settlements [that were the subject of the Fairness Hearing on November 13, 2012, including the Banner Settlement,] must notify the persons specified in the preliminary approval orders for those particular settlements, in writing . . . no later than September 28, 2012." *Id*. at ¶ 2. That Order further required that "the opt-out notice must set forth the full name and current address of the person electing to opt out, the address of the property allegedly damaged by Chinese Drywall and/or the address of the property from which the class member alleges injurious exposure to Chinese Drywall, to the best of the class member's knowledge, the identities or every supplier, installer, builder, developer and its/their insurers, and any other defendant and insurer against which the Class Member intends to pursue his, or her, or its claims." *Id.*

The Court has been advised that certain builders and installers sought to conditionally opt out of the Banner Settlement (the "Conditional Banner Opt-Outs"), by submitting opt-out requests from the Banner Settlement that would be effective only to the extent that a downstream purchaser of their services also opted out of the Banner Settlement and/or the Builder, Installers, Suppliers and Participating Insurers Settlement (the "Global Settlement"). Despite the

requirements of the June 4, 2012 Order, these Conditional Banner Opt-Outs did not list complete and correct information in their opt-out notice, including the property addresses allegedly damaged by Chinese Drywall, for which they were reserving claims against Banner.

For these reasons, **IT IS ORDERED** that each of the Conditional Banner Opt-Outs identified on Exhibit "A," who did not provide any property addresses for which the Conditional Banner Opt-Outs sought to reserve any claims against Banner, shall provide full and complete information, including the addresses of properties allegedly damaged by Chinese Drywall, if any, to Banner, Class Counsel, and Co-Class Counsel in writing by 4:00 p.m. central time on December 31, 2012. **IT IS FURTHER ORDERED** that any entity listed on Exhibit "A" who fails to provide full and complete information by 4:00 p.m. central time on December 31, 2012 shall appear at 9:00 a.m. on Friday, January 4, 2013 in the Courtroom of District Judge Eldon Fallon and show cause why that entity's Conditional Banner Opt-Out should not be stricken. **IT IS FURTHER ORDERED** that any entity's failure to appear at the show cause hearing will result in the striking of that entity's Conditional Banner Opt-Out.

**IT IS FURTHER ORDERED** that all entities listed on Exhibit "A" who did provide did property addresses for which the Conditional Banner Opt-Outs sought to reserve any claims against Banner shall review those addresses and, if they determine that the property information contained on Exhibit "A" is incorrect or incomplete, shall provide correct and complete information before 4:00 p.m. central time on December 31, 2012. **IT IS FURTHER ORDERED** that any entity that fails to provide correct and complete information before 4:00 p.m. central time on December 31, 2012 shall appear at 9:00 a.m. on Friday, January 4, 2013 in

the Courtroom of District Judge Eldon Fallon and show cause why that entity's Conditional Opt-Out should not be limited to the information listed on Exhibit "A." After the conclusion of the show cause hearing, the Court will enter an Order limiting the Conditional Banner Opt-Outs to the properties listed on Exhibit "A" subject only to revised information submitted in accordance with this Order, whether before the deadline or at the show cause hearing.

**IT IS FURTHER ORDERED** that any information provided under this Order shall be sent to Class Counsel, Arnold Levin (ALevin@lfsblaw.com) and Russ Herman (RHerman@hhklawfirm.com), counsel for all Banner entities except Banner PSL, Michael A. Sexton (msexton@wwhgd.com), counsel for all Banner entities, Michael P. Peterson (mpeterson@petersonespino.com) and Co-Class Counsel, Dorothy H. Wimberly (DWimberly@stonepigman.com) via electronic mail (email).

New Orleans, Louisiana, this 21st day of December, 2012.

ELDON E. FALLON
United States District Judge