UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: CHINESE-MANUFACTURED DRYWALL PRODUCTS LIABILITY LITIGATION | MDL NO. 2047<br>SECTION: L<br>JUDGE FALLON<br>MAG. JUDGE WILKINSON |

## MEMORANDUM IN SUPPORT OF PLAINTIFFS' PETITION FOR AWARD OF ATTORNEY FEES AND LITIGATION EXPENSES

The Plaintiffs herein respectfully petition the Court to enter an Order approving the payment of attorney fees and litigation expenses consistent with Section 14 of the Class Settlement Agreement Regarding Claims Against the Knauf Defendants in MDL 2047 (hereinafter the "MDL Claims Settlement Agreement"). This Petition is based upon a separate, stand-alone settlement agreement entered into between the Plaintiffs and Knauf Plasterboard Tiajin (KNAUF) prior to the class action settlement in these consolidated proceedings, but which expressly authorizes the Plaintiffs to make an application for attorneys' fees and litigation expenses in the MDL. In support of this Petition, the Plaintiffs show the Court the following:

1. In 2007 and 2008, the Plaintiffs and their families purchased seven residential homes in a subdivision located in Mobile County, Alabama. The homes were purchased from The Prichard Housing Authority, and were constructed by The Mitchell Company. The purchase dates and the addresses of the homes are as follows:

| PLAINTIFF | PURCHASE DATE | ADDRESS |
|---|---|---|
| Felicia Allbritton | February 29, 2008 | 701 Hinson Avenue<br>Prichard, AL 36610 |
| Gennies Hillery | November 2, 2007 | 802 Marsha S. Ratchford<br>Prichard, AL 36610 |
| Jerome Leland | March 19, 2007 | 828 Marsha S. Ratchford |

| Audra Washington | | Prichard, AL 36610 |
| --- | --- | --- |
| Diges Little | July 6, 2007 | 816 Marsha S. Ratchford Prichard, AL 36610 |
| Deborah Porcher | April 25, 2007 | 510 Sgt. Harrison Avenue Mobile, AL 36610 |
| Charles and Jessica Pugh | July 26, 2007 | 822 Marsha S. Ratchford Prichard, AL 36610 |
| Letitia Washington | August 15, 2007 | 827 Marsha S. Ratchford Prichard, AL 36610 |

2. In the spring of 2009, defective Knauf KPT Chinese-Drywall was discovered in all seven of the homes. In the ensuing litigation from which this Petition arises, KNAUF testing confirmed that the homes were constructed almost entirely with the defective drywall manufactured by KNAUF.

3. The Plaintiffs retained the law firm of Holston Vaughan, LLC (previously Holston, Vaughan, Andress, LLC) in mid-2009 to pursue all remedies available to them.

4. On June 25, 2009, Holston Vaughan, LLC, filed a lawsuit against The Prichard Housing Authority (seller), The Mitchell Company (builder), Interior Exterior (national supplier), Creola Ace Hardware (local supplier), George's Drywall (installer), and Estes Hearing and Air (HVAC contractor) in the Circuit Court of Mobile County, Alabama bearing Civil Action number CV-2009-901153. This action was filed as a multi-plaintiff action by 29 total Plaintiffs residing in the seven homes in the residential subdivision, and was later consolidated with an action brought by PHA for the other 29 homes it still owned. Mitchell had constructed all 36 homes for PHA.  A filed copy of the First Amended Complaint is attached hereto as **Exhibit "A"**.

5. Several KNAUF entities were later named as defendants in the lawsuit. Knauf Plasterboard Tiajin (KPT), was the manufacturer of the subject drywall.

6.     The consolidated cases were litigated extensively by the parties in state court, including the taking and defending more than 15 depositions, preparing, filing and defending various motions – including Motions to Dismiss and for Summary Judgment, extensive discovery and document production, numerous discovery motions, three separate mediations, expert consultations, and a complicated pleading practice.  A copy of the 25 page Mobile County Docket Sheet is attached hereto as **Exhibit "B".**

7.     In the fall of 2009, the Mobile County Circuit Court ordered the first mediation of this action. It was conducted on March 11, 2010, but was unsuccessful. [1]

8.     Steve Usdin with the New Orleans law firm of Barrasso, Usdin, - MDL counsel for the Mitchell Company, arranged a second mediation with all of the Mobile County parties, and arranged for KPT to attend as well.  This mediation was held on October 18, 2010, in New Orleans and counsel for the Plaintiffs prepared for and attended the mediation. Again, the case was not settled.

9.     In the late Spring of 2011, the parties agreed to under-take a third mediation. Prior to this mediation, counsel for the Plaintiffs travelled again to New Orleans to obtain leave from this Court to proceed with the mediation in light of the stay entered pursuant to the proposed INEX settlement. Leave was obtained, and the mediation was conducted on October 12, 2011.

10.    In the months following the third mediation, the case was settled. KNAUF's attorneys executed a settlement memorandum on or about January 4, 2012. A copy of the settlement memorandum is attached hereto as **Exhibit "C"**. It took more than six months and a Motion to Compel to finalize a written Confidential Settlement

---

[1] A partial, *pro tanto* settlement was reached with the installer, Defendant George's Drywall.  It took more than eight (8) months to finalized this settlement, giving the Plaintiff's herein some small, interim relief.

3

Agreement, but same was eventually finalized and executed by all parties by late August, 2012. Knauf agreed, as part of the settlement, to remediate the Plaintiffs' homes and pay them temporary relocation expenses.

11. KNAUF also agreed as part of the settlement to pay Holston Vaughan, LLC the attorneys' fees and litigation expenses incurred in the prosecution of these claims. A copy of excerpts from the executed Confidential Settlement Agreement is attached as **Exhibit "D"**.[2] Holston Vaughan, LLC has not received fees for the value of the remediation expenses and the relocation expenses. The private agreement between the Plaintiffs and KNAUF was reached before any class action settlement. It was also reached outside the "Pilot Program" and outside the MDL's consolidated proceedings.

12. The attorneys for the Plaintiffs entered into a private contingency fee agreement with each of the Plaintiffs for forty percent (40%) of any recovery, in addition to payment of expenses. Copies of the Contingency Fee Contracts are attached hereto collectively as **Exhibits "E-1" through "E-7"**.

13. The Confidential Settlement Agreement between the Plaintiffs and KNAUF states: *"… KNAUF agrees to compensate Plaintiffs' counsel pursuant to Section 14 of the [Class Settlement Agreement]…consistent with the amounts paid for similar claims pursuant to MDL 2047.",* and further states *"Plaintiffs shall not move the Court for payment of attorneys' fees and costs until at least thirty (30) days after remediation pursuant to Paragraph 1.3 is complete."*

---

[2] Excerpts of the Confidential Settlement Agreement and Pro Tanto Releaase – specifically pages 1, 3 and 4 - are attached as these pages contain the provisions dealing with KNAUF's obligations to pay Holston Vaughan, LLC attorneys' fees and litigation costs. The Agreement is styled a Pro Tanto Release because of a then unknown contingency which has now been resolved, thus making the settlement a final release by its contingent terms.

14. Remediation of the last of the seven Plaintiffs homes was finalized on November 27, 2012. Therefore, more than thirty (30) days has expired following the completion of the remediation. The recently issued certificates of occupancy are attached hereto as **Exhibits "F-1" through "F-7"**.

15. The remediation costs for the seven homes are as follows:

| | |
|---|---:|
| Felecia Allbritton – 701 Hinson Ave………………………………………… | $ 77,356.86 |
| Gennies Hillery – 802 Marsha Ratchford……………………………… | $ 87,847.31 |
| Jerome Leland/Audra Washington – 828 Marsha Ratchford…….. | $ 87,847.32 |
| Diges Little – 816 Marsha Ratchford ………………………………… | $ 83,958.65 |
| Deborah Porcher – 510 Sgt. Harrison Brown……………………….. | $ 83,958.65 |
| Charles & Jessica Pugh – 822 Marsha Ratchford ………………… | $ 77,356.86 |
| Letitia Washington – 827 Marsha Ratchford ……………………… | $ 83,958.65 |
| TOTAL: ……………………….…………………………………..…… | **$582,284.30** |

A Remediation Work Agreement – Final Draw - statement from the contractor that performed the remediation work is attached as **Exhibit "G"** verifying the costs of remediating the seven (7) homes. Plaintiffs are entitled to and hereby request an award of fees of 40% of these remediation costs of $582,284.30, or fees of **$232,913.72**.

16. Relocation expenses based upon a calculation of $8.50 per square foot were paid by KNAUF to the Plaintiffs as follows:

| | |
|---|---:|
| Felecia Allbritton………………………………….….………………. | $ 12,852.00 |
| Gennies Hillery…………………………………….………………….. | $ 15,929.00 |
| Jerome Leland/Audra Washington……………………………….… | $ 15,929.00 |
| Diges Little……………………………………….…………………….. | $ 14,611.50 |
| Deborah Porcher…………………………………….………………… | $ 14,611.50 |
| Charles and Jessica Pugh……………………….…..……………… | $ 12,852.00 |
| Letitia Washington………………………………….………………… | $ 14,611.50 |
| TOTAL: ……………………………………………………….……… | **$101,396.50** |

Plaintiffs are entitled to and hereby request fees of 40% on these KNAUF paid relocation costs of $101,396.50, or fees of **$40,558.60**.  Copies of the relocation expenses checks from KNAUF's attorneys to the Plaintiffs are attached as **Exhibits "H-1" through "H-7"**.

17. Holston Vaughan, LLC is a small, four person law firm and its attorneys have collectively spent a substantial number of hours pursuing this case.  Further, Holston Vaughan, LLC incurred expenses of $29,723.34, which represents a substantial investment for this small law firm.  The affidavit of Richard H. Holston with attached, itemized excerpts from the client reconciliations setting forth the expenses are attached hereto as **Exhibit "I".**

18. In conclusion, Plaintiffs hereby move this Court for an award of attorneys fees and costs in the **total amount of $303,195.66** (itemized below), to be paid to the law firm of Holston Vaughan, LLC, as attorneys for the Plaintiffs.

| | |
|---|---|
| Remediation expenses ($582,284.30 x .4) ………………….  | $232,913.72 |
| Relocation expenses ($101,346.50 x .4)……………….…  | $  40,558.60 |
| Litigation expenses ……………………………………….  | $  29,723.34 |
| **TOTAL: ……………………………………………………..**  | **$303,195.66** |

WHEREFORE, the above premises considered, the Plaintiffs and their attorneys respectfully move the Court to approve this Petition and Award Attorneys' Fees and Litigation Expenses in the amount of **$303,195.66**, or alternately to set a hearing date to hear the arguments and positions of the parties, and thereafter enter an Order for the

award of attorney fees consistent with the foregoing.  Plaintiffs further request any additional or further relief deemed appropriate by the Court.

                  Respectfully Submitted,

                  */s/ Richard H. Holston*
                  **RICHARD H. HOLSTON (HOLSR5536 )**
                  Electronic Mail: rhhlaw@bellsouth.net
                  **GREGORY E. VAUGHAN (VAUGG6227)**
                  Electronic Mail: gevlaw@bellsouth.net
                  **K. AMANDA HERNDON (HERNK4561)**
                  Electronic Mail: kahlaw@bellsouth.net
                  **JOHN M. TEAGUE (TEAGJ3247 )**
                  Electronic Mail: jteaguelaw@bellsouth.net

                  **HOLSTON VAUGHAN, LLC**
                  Post Office Box 195
                  Mobile, Alabama 36601
                  Telephone: (251) 432-8883
                  Facsimile: (251) 432-8884
                  **ATTORNEYS FOR THE PLAINTIFFS**

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that the forgoing pleading, together with attachments/Exhibits, has been filed electronically with the Clerk for the United States District Court for the Eastern District of Louisiana, and thereby served upon all parties in MDL No. 2047.

Done this 2nd day of January, 2013.

                  */s/  Richard H. Holston*
                  **RICHARD H. HOLSTON**