IN THE CIRCUIT COURT OF MOBILE COUNTY, ALABAMA

| | |
|---|---|
| DIGES E. LITTLE, et al.,         )<br>        )<br>   Plaintiffs,     )<br>        )<br>vs.            )<br>        )<br>THE MITCHELL COMPANY, INC., )<br>et al.,        )<br>   Defendants.   )  | CASE NO.: CV-2009-901153 |

## CONFIDENTIAL SETTLEMENT AGREEMENT
## AND PRO TANTO RELEASE

This Confidential Settlement Agreement and Pro Tanto Release (this "Agreement") is entered into by and between the plaintiffs in the above-captioned litigation ("Plaintiffs"); the Housing Authority of the City of Prichard, Alabama ("Prichard"); The Mitchell Company, Inc. and The Mitchell Company, Ltd. (collectively, "Mitchell"); Creola Ace Hardware, Inc. ("CAH"); Estes Heating and Air Conditioning, Inc. ("Estes"); and Knauf Plasterboard (Tianjin) Co., Ltd. ("KPT"), Knauf Plasterboard (Wuhu) Co., Ltd., Knauf Gips KG, Gebr., Knauf Verwaltungsgesellschaft, KG, Knauf International Gmbh, Knauf AMF Gmbh & Co. Kg, Guandong Knauf New Building Material Product Co., Ltd., Knauf do Brasil, Ltda., P.T. Knauf Gypsum Indonesia, and Knauf Insulation Gmbh (collectively "KNAUF"), who make a special appearance in this Agreement without waiver of their defenses of jurisdiction and venue. Plaintiffs, Prichard, Mitchell, CAH, Estes, and KNAUF are, where appropriate, referred to hereinafter as a "Party" or the "Parties".

## RECITALS

WHEREAS, Plaintiffs have made or asserted certain claims as a result of reactive KPT plasterboard allegedly having been installed in the seven (7) homes identified in Exhibit A (the "Released Homes"), including without limitation the claims asserted in the above-captioned lawsuit (the "Lawsuit");

WHEREAS, Mitchell has made or asserted certain claims against CAH, KNAUF, and Interior and Exterior Building Supply ("INEX") for expenses associated with repairs made at its expense to the Released Homes;

WHEREAS, CAH has made or asserted claims against INEX;

WHEREAS, Prichard has made or asserted certain claims against Mitchell, CAH, KNAUF, and INEX;

WHEREAS, the Parties desire to settle the claims that have been or might be asserted by Plaintiffs against Prichard, Mitchell, CAH, Estes, and KNAUF; by Mitchell against CAH,

# EXHIBIT D

1.3. **Remediation by KNAUF**. In addition to its payment obligations under Paragraph 1.2, KNAUF will repair each of the Released Homes in accordance with the terms of the "Settlement Agreement for the Demonstration Remediation of Homes with KPT Drywall" (the "Demonstration Remediation Agreement") approved by Judge Eldon E. Fallon, Eastern District of Louisiana, on October 13, 2010, and any other remediation agreement approved, preliminarily or otherwise, by Judge Fallon. KNAUF and Mitchell have agreed that The Mitchell Company, LLC will carry out the work of remediation by extension of the Remediation Work Agreement previously entered into for the remediation of the other homes in the Bessemer Family Sales development. The agreement between KNAUF and The Mitchell Company, LLC shall be the subject of a separate agreement. Except as otherwise expressly provided by this Agreement, KNAUF shall be bound by the terms of the Demonstration Remediation Agreement and any other remediation agreement approved, preliminarily or otherwise, by Judge Fallon as if set forth herein. If the terms of the Demonstration Remediation Agreement or any other remediation agreement approved, preliminarily or otherwise, by Judge Fallon conflict with the terms of this Agreement, this Agreement shall control. KNAUF will use its best efforts to see that the remediation of the homes begins within 2-3 months of the approval of this Agreement by the Court or receipt of the fully executed Agreement, whichever occurs later.

1.4. **Other Expenses.** In addition to its obligations under Paragraphs 1.2 and 1.3, KNAUF will pay relocation expenses of $8.50/sf x ANSI sf for each home identified on Exhibit A, which amounts will be paid directly to counsel for the homeowners, Holston Vaughan, LLC, in their capacity as such.

1.5 **Payment of Costs and Attorneys' Fees by KNAUF.** Regardless of whether the Plaintiffs resolve and settle all Released Claims against KNAUF and INEX pursuant to Section 2.1(c) of this Agreement or, in the alternative the Plaintiffs reserve and preserve their bodily injury, mental anguish, and emotional distress damage claims against KNAUF and INEX, and this Agreement constitutes a pro tanto settlement of the Plaintiffs' Released Claims (pursuant to Section 2.1(a) of this Agreement), KNAUF agrees to compensate Plaintiffs' counsel pursuant to Section 14 of the Class Settlement Agreement Regarding Claims Against the KNAUF Defendants in MDL 2047 ("the Class Settlement Agreement") (Rec. Doc. 12061-5) consistent with the terms and the amounts paid for similar claims pursuant to MDL 2047. The Plaintiffs and KNAUF agree that Plaintiffs' participation in Section 14 of the Class Settlement Agreement regarding determination of attorneys' fees and costs does not imply Plaintiffs' submission to jurisdiction in the United States District Court for the Eastern District of Louisiana for the Reserved Claims. In the event any party other than KNAUF in MDL 2047 contends that Plaintiffs have submitted to the jursdiction of MDL 2047/Eastern District of Louisiana with respect to the Reserved Claims by virtue of attorney's fees being determined in the MDL, then KNAUF will oppose such application, including on grounds that the party making the motion lacks standing to seek that relief. Plaintiffs shall not move the Court for payment of attorneys' fees and costs until at least thirty (30) days after remediation pursuant to paragraph 1.3 is complete. In the event the Plaintiffs, KNAUF, and INEX are unable to reach a full and final settlement pursuant to Section 2.1(c) of this Agreement, and the Plaintiffs file a Motion (in MDL 2047) to award attorneys' fees and costs against KNAUF, as aforesaid, and KNAUF responds or objects to the motion, in whole or in part, on the basis that the Plaintiffs have somehow submitted the Reserved Claims in this Agreement (pursuant to Section 2.1(a) of this Agreement) to the jurisdiction of MDL 2047 / Eastern District of Louisiana, the Plaintiffs shall then be

permitted to withdraw said motion and seek an award of attorneys' fees and costs against KNAUF to be determined by the Honorable Michael Youngpeter of the Circuit Court of Mobile County or Special Master Reggie Copeland, Esq. Upon withdrawal of the Plaintiffs' motion in the MDL 2047 / Eastern District of Louisiana, for the reasons set forth above, KNAUF expressly agrees that the Circuit Court of Mobile County, Alabama, shall retain exclusive jurisdiction over the Plaintiffs' claims for attorneys' fees and costs against KNAUF pursuant to this paragraph. No other objections to the Motion (in MDL 2047) to award attorneys' fees and costs are waived except that pursuant to section 14.5 of the Class Settlement Agreement, KNAUF shall take no position on the amount of attorneys' fees and costs to which Plaintiffs or their counsel might be entitled. In addition, pursuant to section 14.2.1 of the Class Settlement Agreement, Plaintiffs' counsel may request without objection from KNAUF that the MDL Court consult with Judge Youngpeter regarding counsel's application for fees and costs. Plaintiffs agree that this paragraph is the only source of attorneys' fees and costs from KNAUF in connection with this settlement other than potential claims for attorneys' fees and costs arising out of breach of the remediation agreement set out in Section 1.3 of this Agreement.

If the attorneys' fees payable to this Agreement are in any way determined by the cost of remediation, then the Plaintiffs' Steering Committee, KNAUF, the Mitchell entities and the Mitchell contractors or subcontractor shall account to Plaintiffs' counsel for all costs associated with the remediation process. Mitchell, PSC, Mitchell's contractors and subcontractors shall provide Plaintiffs' counsel with all bills, receipts, estimates, bids, cancelled checks and any such documents relating to the cost of the remediation upon written request by Plaintiffs. Further, Plaintiffs shall have the right to conduct an audit of the books of Mitchell, as well as their contractors and subcontractors, only for the purpose of determining the cost of the remediation process. The audit shall be conducted upon reasonable notice. In the event a dispute arises concerning the cost of the remediation, then the dispute shall be resolved by a mediator and the mediator may tax costs, including costs of the audit, as the mediator may deem just and proper. If the cost of the remediation issue cannot be agreed upon in mediation, then the Plaintiffs' Steering Committee and Plaintiffs may petition the MDL Court for a final, non-appealable decision.

1.6 **Non-Payment or Non-Fulfillment of Parties' Obligations.** The Parties agree that they are not jointly and severally liable for the settlement amounts. The Parties also agree that another Party's failure to timely submit its payments as set out in Sections 1.2 and 1.4 or to remediate the properties under Section 1.3 will have no effect on the release of any Party which fulfills its obligations under the terms of this Agreement.

1.7 **Satisfaction of Liens.** Plaintiffs agree to satisfy all subrogation liens and claims ("liens") arising out of this settlement, including Medicare/Medicaid reimbursement and/or set aside liens, and to comply with and satisfy all Medicare/Medicaid requirements that may be created by this settlement. Further, Plaintiffs agree to execute Medicare/Medicaid forms for each Plaintiff substantially similar to those executed by the Plaintiffs in the settlement of the Henderson case (forms to be provided by Counsel for Prichard) which will be incorporated into the Agreement. Pending a resolution of all Medicare/Medicaid lien issues, CAH will withhold the sum of $5,000.00 to be paid to Plaintiffs upon resolution of all liens and related issues.

2. **Releases.**