# EXHIBIT A

## SETTLEMENT AGREEMENT IN MDL NO. 2047
## REGARDING CHINESE DRYWALL CLAIMS AGAINST DEFENDANTS INSURED BY
## BUILDERS MUTUAL INSURANCE COMPANY

This Settlement Agreement is entered into by and among the Plaintiffs' Steering Committee[1] on behalf of the Class Members, as defined below, in *In re: Chinese Manufactured Drywall Products Liability Litigation*, MDL No. 2047 (E.D. La.) (including the various consolidated Omnibus Complaints and individual actions), those Participating Defendants identified in Exhibit 1, together with the Participating Defendants' Participating Insurers identified in Exhibit 2, as of the latest date of a Party's signature below.

**WHEREAS**, the Participating Defendants and Participating Insurers have been named as defendants in certain lawsuits filed in federal and state courts in the Commonwealth of Virginia and in MDL No. 2047, and/or are otherwise alleged to be liable for the damages and/or injuries related to Chinese Drywall ("CDW") that was installed in the Affected Properties; and

**WHEREAS**, the Participating Defendants and Participating Insurers deny the allegations against them and dispute liability, causation and damages with respect to any and all claims relating to Chinese Drywall; and

**WHEREAS**, certain Participating Defendants have sought insurance coverage from the Participating Insurers with respect to CDW-Related Actions, the Litigation and/or other claims relating to Chinese Drywall, and the Participating Insurers have reserved rights and/or denied insurance coverage; and

**WHEREAS,** without conceding the correctness of any other Party's legal position, claims and/or defenses, the Parties wish to avoid the effort, expense and risk of continued litigation, including, with respect to Class Members and the Participating Defendants, the risk of judgments finding no insurance coverage with respect to Chinese Drywall claims relating to Affected Properties;

**NOW, THEREFORE**, in consideration of the mutual covenants contained herein and intending to be legally bound, the Parties agree as follows:

1.  **Definitions**

    1.1.  **Parties.**  "Parties" shall mean the Class, Participating Defendants, and Participating Insurers:

        1.1.1.  **Class.**  "Class," also referred to as "Settlement Class" or "Class Members," shall include all persons or entities (except for Builders Mutual Participating Defendants and Participating Insurers) together with their heirs, representatives, attorneys, executors, administrators, executives, subsequent purchasers, residents, guests, tenants, lenders, successors and assigns, with claims, known or unknown, involving

---

[1]    Capitalized terms are defined in the "Definitions" section of this Agreement.

Affected Property and arising from or related to actual or alleged Chinese Drywall purchased, imported, supplied, distributed, marketed, installed, used, sold or in any way alleged to be within the legal responsibility of any Builders Mutual Participating Defendant.

1.1.2. **Builders Mutual Participating Defendants; Builders Mutual Participating Defendant**. "Builders Mutual Participating Defendants" shall mean those persons or entities identified in Exhibit 1. "Builders Mutual Participating Defendant" shall mean any one of the Builders Mutual Participating Defendants.

    1.1.2.1. **Participating Defendant Released Parties; Participating Defendant Released Party**. "Participating Defendant Released Parties" shall mean all Builders Mutual Participating Defendants and their respective past, present, and future officers, directors, board members, members, agents, attorneys, consultants, claim administrators, managers, employees, partners, parent corporations, sister corporations, subsidiaries, Affiliates, related entities, divisions, heirs, associates, stockholders, shareholders, retail dealers, distributors, insurers, reinsurers, and all of their predecessors, successors, assigns, legatees, legal representatives, and any other stakeholders of each of the foregoing. "Participating Defendant Released Party" shall mean any one of the Participating Defendant Released Parties.

1.1.3. **Participating Insurers; Participating Insurer.** "Participating Insurers" shall mean Builders Mutual, indentified in Exhibit 2. "Participating Insurer" shall mean any one of the Participating Insurers.

    1.1.3.1. **Participating Insurer Released Parties; Participating Insurer Released Party.** "Participating Insurer Released Parties" shall mean Builders Mutual. "Participating Insurer Released Party" shall mean any one of the Participating Insurer Released Parties.

1.2. **Affected Property**. "Affected Property" shall mean any real or personal property, residential or commercial, actually or allegedly containing or exposed to Chinese Drywall allegedly purchased from, imported, supplied, distributed, marketed, installed, used, sold and/or delivered by or in any way alleged to be within the legal responsibility of any Participating Defendant.

1.3. **Affiliate.** "Affiliate" shall mean: (1) any entity or person that directly or indirectly owns, controls, or holds with the power to vote, any outstanding voting securities or interests of a Builders Mutual Participating Defendant; (2) an entity any of

whose outstanding voting securities or interests are or were directly or indirectly owned, controlled, or held with power to vote, by a Builders Mutual Participating Defendant, or by an entity or person that directly or indirectly owns or owned, controls or controlled, or holds or held with the power to vote, any outstanding voting securities or interests of a Builders Mutual Participating Defendant; (3) an entity or person whose business is or was operated under a lease, management or operating agreement by a Builders Mutual Participating Defendant, or person or entity substantially all of whose property is or was operated or managed under an operating or management agreement with a Builders Mutual Participating Defendant; or (4) an entity that operates or operated, manages or managed the business or substantially all of the property of a Builders Mutual Participating Defendant under a lease, management or operating agreement, subject to the limitation that an individual person holding common shares of publicly issued and traded stock of a Builders Mutual Participating Defendant, either directly or through an investment fund, shall not be deemed an Affiliate hereunder.

1.4.   **CDW-Related Actions**. "CDW-Related Actions" shall mean any and all statutory, regulatory, state court, federal court, international tribunal, arbitration claims or other claims or demands of any type or nature whatsoever against any Builders Mutual Participating Defendant or Participating Insurer arising out of or relating to Chinese Drywall at Affected Properties.

1.5.   **Chinese Drywall**. "Chinese Drywall" shall mean any and all drywall products actually or allegedly purchased from, imported, supplied, distributed, marketed, installed, used, sold and/or delivered prior to the Effective Date of this Settlement by or in any way alleged to be within the legal responsibility of any Builders Mutual Participating Defendant, which drywall product was allegedly manufactured, in whole or in part, in China, or that includes components manufactured, in whole or in part, in China, including, but not limited to, drywall manufactured by Taishan. "Chinese Drywall" shall also include any and all drywall products at Affected Properties whose origin or manufacturer is not ascertainable.

1.6.   **Counsel**. "Counsel" shall mean:

1.6.1.   "Plaintiffs' Class Counsel" shall mean Richard Serpe of the Law Offices of Richard J. Serpe, P.C., 580 East Main St., Suite 310, Norfolk, VA 23510, Arnold Levin of Levin, Fishbein, Sedran & Berman, 510 Walnut Street, Suite 500, Philadelphia, PA 19106, and Russ Herman of Herman, Herman & Katz, 820 O'Keefe Ave., New Orleans, LA 70113.

1.6.2.   As to the PSC, those counsel as defined in Section 1.16.

1.6.3.   As to Builders Mutual Participating Insurers, Danny M. Howell of Sands Anderson PC, 1497 Chain Bridge Road, Suite 202, McLean, VA 22101.

3

1.6.4.     As to Participating Defendants, those counsel of record for each entity identified in Exhibit 1.

1.7.   **Court.** "Court" shall mean The Honorable Eldon E. Fallon who presides over *In re Chinese Manufactured Drywall Products Liability Litigation*, MDL No. 2047, in the United States District Court for the Eastern District of Louisiana.

1.8.   **Escrow Account.** "Escrow Account" shall mean an account to be approved by the Court that is a Qualified Settlement Fund pursuant to Section 1.468B-1 *et seq.* of the Treasury Regulation promulgated under Section 468B of the Internal Revenue Code of 1981, as amended. The Escrow Account approved in connection with this Settlement Agreement shall be separate from any other Escrow Account, including those established or approved in connection with other Chinese Drywall-related settlements.

1.9.   **Execution Date.** "Execution Date" shall mean the latest date on which any of the Parties signs this Settlement Agreement, as shown by their signature blocks below.

1.10.   **Fairness Hearing**. "Fairness Hearing" shall mean the hearing before the Court described in Section 11 of this Settlement.

1.11.   **Litigation.** "Litigation" shall mean all formal proceedings in CDW-Related Actions, including but not limited to all Class Action Omnibus Complaints ("Omni Complaints") and all other complaints filed in or consolidated with MDL No. 2047.

1.12.   **Builders Mutual.** "Builders Mutual" shall mean Builders Mutual Insurance Company, and its respective past, present, and future officers, directors, board members, members, agents, attorneys, consultants, claim administrators, managers, employees, partners, parent corporations, sister corporations, subsidiaries, affiliates, related entities, divisions, heirs, associates, stockholders, shareholders, retail dealers, distributors, reinsurers, and all of their predecessors, successors, assigns, legatees, legal representatives, and any other stakeholders of each of the foregoing.

1.13.   **Non-Participating Defendant**. "Non-Participating Defendant" shall mean any person or entity that is not a Builders Mutual Participating Defendant or Participating Insurer. Non-Participating Defendant includes Taishan and any other manufacturers of Chinese Drywall installed at Affected Properties. Non-Participating Defendant includes any Builders Mutual Participating Defendant that subsequently withdraws from and cancels its obligations under this Settlement pursuant to Sections 7.4, 9.3.2, 11.1.2 or 14.2 below.

1.14.   **Non-Participating Insurer.** "Non-Participating Insurer" shall mean any insurer that is not a Participating Insurer.

4

1.15.    **Order and Judgment.** The "Order and Judgment" shall mean the final order and judgment entered by the Court following the Fairness Hearing, that:

    1.15.1.    Certifies the Settlement Class pursuant to Fed. R. Civ. P. 23(b)(3);

    1.15.2.    Finds that the Settlement is fair, reasonable, and adequate; finds that the Settlement was entered into in good faith and without collusion; finds the Settlement represents a negotiated agreement; and approves the Settlement;

    1.15.3.    Issues the Orders identified in Sections 11 and 13;

    1.15.4.    Finds that the indemnity, defense and judgment reduction provisions in Section 5.2.4 are valid, binding, and enforceable; and therefore, bars the assertion by any Class Member of any contribution, indemnification, subrogation, or other claims related to or arising out of Chinese Drywall at the Affected Properties against the Builders Mutual Participating Defendants or Participating Insurers;

    1.15.5.    Enters the findings of fact and conclusions of law proposed in Section 18.4; and

    1.15.6.    Finds that pursuant to Fed. R. Civ. P. 54(b), there is no just reason for delay of entry of final judgment with respect to the foregoing.

1.16.    **Plaintiffs' Steering Committee; PSC.** "Plaintiffs' Steering Committee" or "PSC" shall mean the group of plaintiffs' counsel appointed by the Court to manage and administer the affairs of all plaintiffs in MDL No. 2047 and to assist the Court in administering its docket. The PSC, as currently constituted, is described by Pretrial Order No. 8B (Rec. Doc. No. 13084) in MDL No. 2047.

1.17.    **Preliminary Approval Order.** "Preliminary Approval Order" shall mean an order of the Court preliminarily certifying the Class and approving this Settlement.

1.18.    **Related Claims**. "Related Claims" shall mean any unlitigated claims, known or unknown, against any Builders Mutual Participating Defendant or Participating Insurer related to or arising out of Chinese Drywall at the Affected Properties. "Related Claims" shall not include Reserved Claims.

1.19.    **Released Claim; Released Claims**. "Released Claim" or "Released Claims" shall be as defined in Section 5.1, and shall include all releases described in Sections 5.2 to 5.4. "Released Claims" shall not include Reserved Claims.

1.20.    **Released Party; Released Parties**. Except as provided in Section 5.5, "Released Party" or "Released Parties" shall mean each Builders Mutual Participating Defendant Released Party and each Participating Insurer Released Party. Except for those entities described below, "Released Party" or "Released Parties"

5

includes persons or entities not listed on Exhibit 1 which may be alleged to be liable for conduct occurring on or before the Effective Date with respect to Chinese Drywall at Affected Properties within the Commonwealth of Virginia (whether or not such parties have been named in any CDW-Related Action). Notwithstanding the foregoing, "Released Party" or "Released Parties" shall not include Dragas Management Corporation, Dragas Associates X, LC, Hampshires Associates, LC or any of their respective past, present, or future related entities ("Dragas"); this agreement does not allow for claims to settlement funds herein by Dragas or against Dragas.

1.21.   **Reserved Claims.** "Reserved Claims" shall mean those claims reserved in Section 5.5.

1.22.   **Settlement; Agreement**. "Settlement" or "Agreement" shall mean this Settlement Agreement in MDL No. 2047 Regarding Chinese Drywall Claims Against Defendants Insured by Builders Mutual Insurance Company.

1.23.   **Settling Party; Settling Parties**.  "Settling Parties" shall mean all Class Members who do not opt-out of this Settlement and all Participating Defendants and Participating Insurers who do not withdraw from this Settlement, except to the extent of Reserved Claims in Section 5.5. "Settling Party" shall mean any one of the Settling Parties.

1.24.   **Taishan**. "Taishan" shall mean Taishan Gypsum Co., Ltd. f/k/a/ Shandong Taihe Dongxin Co., Ltd.; Taian Taishan Plasterboard Co., Ltd. and their respective past, present, and future officers, directors, board members, members, agents, attorneys, consultants, claim administrators, managers, employees, partners, parent corporations, sister corporations, subsidiaries, Affiliates, related entities, divisions, heirs, associates, stockholders, shareholders, retail dealers, distributors, insurers, reinsurers, and all of their predecessors, successors, assigns, legatees, legal representatives, and any other stakeholders of each of the foregoing.

## 2.   <u>Effective Date</u>

2.1.   The "Effective Date" of this Settlement shall be the date when the Settlement is Final irrespective of the Execution Date or the date of the Preliminary Approval Order. "Final" means the later of:

2.1.1.   The date after the time to appeal the Order and Judgment has expired with no appeal having been taken; or

2.1.2.   If an appeal is sought from the Order and Judgment, the day after the Order and Judgment is either affirmed, or any and all appeals, or motions for reargument or reconsideration are dismissed or denied, and the judgment is no longer subject to further appellate review.

19352219.1

2.2.    An appeal from any order approving the payment of fees and costs to be paid to Petitioning Attorneys, as defined in Section 17.8, shall not affect the finality of the Settlement.

**3.    <u>Settlement of All Claims Against Participating Defendants and Participating Insurers</u>**

3.1.    Except as to any Class Member who opts out of the Class in accordance with Section 9, and except as to any Reserved Claims described in Section 5.5, the Parties agree to settle and resolve all claims asserted or that could have been asserted by and among each other as set forth in Sections 5.1 to 5.4. This Settlement will settle and resolve with finality the Litigation, the CDW-Related Actions, the Released Claims, and the Related Claims involving the Class Members, the Builders Mutual Participating Defendants and Participating Insurers and any other claims that have been brought, could have been brought or could be brought now or at any time in the future in the Litigation or in any other proceeding of any kind against any Builders Mutual Participating Defendant and/or Participating Insurer relating to or arising out of Chinese Drywall, whether based in law, equity or otherwise.

**4.    <u>Payments by Participating Insurers and Application of Proceeds</u>**

4.1.    **Settlement Amount.** In consideration of the settlement and release of all Class Members' claims against Builders Mutual Participating Defendants and Participating Insurers arising out of or related to Chinese Drywall installed in Affected Properties, and in further consideration of the mutual releases between Builders Mutual Participating Defendants and Participating Insurers contained herein, the Participating Insurers will collectively pay $1.7 million ($1,700,000.00) (the "Settlement Funds" or "Settlement Amount"). Payment of the Settlement Amount shall be made as follows:

4.1.1.    Participating Insurers shall deposit into the Escrow Account the Settlement Amount within fifteen (15) days of the Effective Date of this Settlement. These funds will be allocated in accordance with Section 17 of this Settlement Agreement.

4.2.    **Opt-outs and Withdrawals.** To the extent of any opt-outs or withdrawals pursuant to Sections 7.4, 9.1, 9.2, 9.3, 11.1.2 or 14.2, the payment of Settlement Funds for the Affected Properties associated with any opt-outs shall be reduced pro-rata [Settlement Amount/(number of claimants + the number of opt-outs)], and these amounts will be credited against the Settlement Amount due from affected Participating Insurers under Section 4.1.1.

4.3    In consideration of the payments and other consideration made by Builders Mutual Participating Defendants and Participating Insurers, Class Members agree, in addition to other conditions set forth in this Settlement Agreement, to apply the settlement proceeds they receive, except for funds allocated to resolve claims for

bodily injury pursuant to Section 17, to assist in the remediation of their Affected Property allegedly damaged by Chinese Drywall, or, in instances where a lender holds a mortgage or deed of trust on the Affected Property, the Class Member may defer remediation by securing the release of all of the lender's claims regarding the Chinese Drywall and recording a notice in the land records office of the appropriate governmental agency of the presence of Chinese Drywall in the Class Member's property.  This provision does not apply to the extent the Class Member is a Builders Mutual Participating Defendant who has remediated the Affected Property.  Any Class Member that fails to comply with the obligations set forth in this paragraph shall indemnify, (including attorney fees and costs, both at trial court and appellate court levels), defend and hold harmless each Builders Mutual Participating Defendant and Participating Insurer for any claim brought by any person or entity, including, without limitation, that Class Member's lender or any subsequent purchaser of that Affected Property, against the Builders Mutual Participating Defendant or Participating Insurer relating to the existence of Chinese Drywall in the Affected Property.

**5.**      **Releases and Conditions**

5.1.     **"Released Claim"** or **"Released Claims"** shall mean (except as listed below and except for Reserved Claims in Section 5.5) any and all claims of any kind and nature whatsoever of a Class Member, Builders Mutual Participating Defendant, or Participating Insurer (a) arising out of, or in any manner related to, Chinese Drywall in connection with Affected Properties, the Litigation, CDW-Related Actions or Related Claims, and/or (b) for any and all losses, damages and/or injuries arising from, or in any manner related to, all and/or any of the claims described in (a) above, including but not limited to, any and all claims that a Class Member, Builders Mutual Participating Defendant, or Participating Insurer, or anyone claiming by or through any of these individuals or entities, has, may have, or may have had, regardless of whether such claim is known or unknown, filed or unfiled, asserted or as yet unasserted, or existing or contingent, whether asserted by petition, complaint, cross-claim, third party complaint, fourth-party complaint, arbitral demand, written demand, statutory or regulatory proceedings, or otherwise (or any judgment or order entered on such claims), based upon or alleging any act, conduct, status or obligation of any person or entity (including any Builders Mutual Participating Defendant or Participating Insurer) and/or any source of liability whatsoever, and regardless of the legal theory or theories of damages involved and/or (c) for any and all claims for insurance coverage (including claims for additional insured coverage), indemnity, duty to defend, common law and statutory bad faith claims, and/or extra-contractual liability or any other insurer misconduct of any kind, which claims arise under state, or other law (including common law) and any and all past, present, and/or future claims arising out of, or related to indemnity obligations, duty to defend, claims handling, claims adjustment, breach of contract, breach of duty or duties, negligent investigation, breach of warranty, failure to warn, breach of implied warranty, breach of good faith and fair dealing, bad faith, statutory bad faith, negligent or intentional interference with contractual relationships, deceptive

trade practices, unfair trade practices, unfair settlement practices, or conduct in violation of any insurance code, and/or any other alleged misconduct, omission, or wrongdoing of any kind, of whatever nature or source, known or unknown. Notwithstanding the above, the only persons or entities released are those defined as Released Parties.  This Settlement does not provide complete compensation to redress all Class Members' damages and therefore Class Members' claims are reserved against any person or entity that is not a Released Party. The term "Released Claim" or "Released Claims" includes, but is not limited to, the following:

5.1.1.    For personal injury, bodily injury (including death), damage to real or personal property, remediation and/or clean-up of property, diminution of property value, stigma, groundwater contamination, loss of use, loss of enjoyment, economic loss, fear, fear of illness or disease, fear of developing illness or disease, fright, mental or emotional distress, pain and suffering, loss of earnings, impairment of earning capacity, loss of consortium, loss of support, loss of love and affection, equity and medical monitoring, bystander liability, wrongful death, survival actions, breach of contract, all statutory claims, punitive or exemplary damages, attorneys' fees, attorneys' costs or expenses, moving expenses, or additional rental or mortgage payments;

5.1.2.    For nuisance, trespass, inconvenience, loss of use or enjoyment, negligence, negligence *per se*, tort, public or private nuisance, custody of a thing containing a vice or defect, strict liability, liability for ultra hazardous activities or conduct, absolute liability, wanton and reckless misconduct, malicious misconduct, servitude or obligation of vicinage, abuse of right, or any other liability legally asserted or assertable under any federal, state, or local statute, directive or regulation, redhibition, violation of any state or federal home warranty act, products liability act, unfair trade practices or consumer protection law,   negligent discharge of a pollutant or corrosive substance, unjust enrichment, breach of express or implied warranty, breach of implied warranty of fitness and merchantability, breach of implied warranty of habitability, negligent misrepresentation;

5.1.3.    For damages or alleged damages resulting in whole, or in part, from exposure of the Class or Class Members or property of the Class Members to hazardous or allegedly hazardous, toxic, dangerous or harmful substances;

5.1.4.    For all personal injury and related statutory violations;

5.1.5.    For bad faith damages, whether statutory or at common law, extra-contractual damages based upon any alleged insurer misconduct of any kind or nature and punitive damages;

9

5.1.6. For any and all claims under any state, federal, tribal or local law, rule or regulation, including but not limited to any environmental law, rule or regulation;

5.1.7. For derivative or vicarious liability arising out of the conduct or fault of others for which the Builders Mutual Participating Defendants and/or Participating Insurers may be responsible;

5.1.8. For any right legally assertable by the Class or any Class Member now or in the future, whether the claim is personal to each individual, is derivative of a claim now or in the future, or as assignee, successor, survivor, beneficiary, subrogee, or representative of a Class Member;

5.1.9. For a past, present, future, known, unknown, foreseen, unforeseen, contingent, nascent, mature claim or a claim arising at law, in equity or otherwise, including but not limited to, claims for survival and wrongful death;

5.1.10. For any claim, right, or action arising out of, based on, or relating to any body of law whatsoever;

5.1.11. For all injuries or damages of any type, nature, or character arising from, attributable to, or in any way resulting from the Chinese Drywall in connection with Affected Properties;

5.1.12. For any conduct of any of the Builders Mutual Participating Defendants and/or Participating Insurers with respect to Chinese Drywall in connection with Affected Properties, CDW-Related Actions, Related Claims or the Litigation; however, this provision shall not prevent or impede the enforcement of claims or entitlements to benefits under this Settlement;

5.1.13. For any claim, known or unknown, for contribution, subrogation, or indemnity, contractual or otherwise, arising out of, attributable to, or in any way related to Chinese Drywall in connection with Affected Properties;

5.1.14. For any further claims and/or liabilities arising out of, or otherwise relating to, the purchase, import, sale, supply, storage, handling, installation, marketing, distribution, and/or use of Chinese Drywall in connection with Affected Properties, including, but not limited to, punitive damages, fines, interest, attorneys' fees, and costs of any nature.

5.2. **Class Release**

5.2.1. Except as provided in Section 5.5, as of the Effective Date of the Settlement, each Class Member, and any person or entity claiming by,

through, and/or on behalf of a Class Member, hereby fully, finally, and forever releases, remises, waives, surrenders, foregoes, gives up, abandons, cancels, acquits and forever discharges and covenants not to sue with respect to any and all Released Claims against the (a) Participating Defendant Released Parties; (b) Participating Insurer Released Parties; and (c) any other potentially liable party.

5.2.2.  As of the Effective Date of the Settlement, all Class Members, and anyone claiming by, through and/or on behalf of any of them, will be forever barred and enjoined from asserting any and/or all Released Claims, but not Reserved Claims as set forth in Section 5.5, against (a) the Participating Defendant Released Parties; (b) the Participating Insurer Released Parties; and (c) any other potentially liable party solely to the extent of any insurance actually or allegedly provided to such potentially liable party by Builders Mutual.

5.2.3.  Each Class Member represents and warrants that it has not assigned and will not assign any claims relating to Chinese Drywall it may possess against any Builders Mutual Participating Defendant or Participating Insurer to any person or entity. This representation and warranty shall not, however, apply to a Class Member who has had their Affected Property remediated by a remediating party and assigned some or all of their claims to the remediating party in connection with this remediation.

5.2.4.  As of the Effective Date of the Settlement, each Class Member receiving an allocated settlement payment under Section 17 shall: (i) defend, indemnify (including attorneys' fees) and hold harmless each of the Participating Defendant Released Parties and Participating Insurer Released Parties from and against (a) any and all Chinese Drywall-related claims involving that Affected Property brought or otherwise asserted by, on behalf of, through, or deriving from other owners or occupiers of the Affected Property or from such Class Member's lenders, heirs, executors, representatives, attorneys or former attorneys, successors, employers, insurers, employers' insurers, health insurers, health care providers, assignees, subrogees, predecessors in interest, successors in interest, beneficiaries or survivors; and (b) any claims for contribution, common law indemnity, contractual indemnity, and/or subrogation, whether arising under tort, contract or otherwise, brought or otherwise asserted against the Builders Mutual Participating Defendants and/or Participating Insurers as a result of such Class Member's continued pursuit of Chinese Drywall-related claims related to that particular Affected Property; and (ii) reduce or satisfy any judgment involving that Affected Property against the Builders Mutual Participating Defendants and/or Participating Insurers under applicable federal or state law, whether it be *pro rata*, *pro tanto*, and/or by set off, to reduce or extinguish

11

(a) any and all Chinese Drywall-related claims, other than Reserved Claims, involving that Affected Property brought or otherwise asserted by, on behalf of, through, or deriving from other owners or occupiers of the Affected Property or from such Class Member's lenders, heirs, executors, representatives, attorneys or former attorneys, successors, employers, insurers, employers' insurers, health insurers, health care providers, assignees, subrogees, predecessors in interest, successors in interest, beneficiaries or survivors; and (b) any claims for contribution, common law indemnity, contractual indemnity, and/or subrogation, whether arising under tort, contract or otherwise, brought or otherwise asserted against the Builders Mutual Participating Defendants and/or Participating Insurers as a result of such Class Member's continued pursuit of Chinese Drywall-related claims related to that particular Affected Property.

5.3.    **Participating Defendants' Releases**

5.3.1.    Except as provided in Section 5.5, as of the Effective Date of the Settlement, each Builders Mutual Participating Defendant and any person or entity claiming by, through, and/or on behalf of a Builders Mutual Participating Defendant hereby fully, finally and forever releases, remises, waives, surrenders, foregoes, gives up, abandons, cancels, acquits, and forever discharges and covenants not to sue with respect to any and all Released Claims against all Class Members and against all other Released Parties.

5.3.2.    Each Participating Defendant represents and warrants that it has not assigned and will not assign any claims relating to Chinese Drywall it may possess against any other Builders Mutual Participating Defendant or any Participating Insurer to any person or entity.

5.4.    **Participating Insurers' Releases**

5.4.1.    Except as provided in Section 5.5, as of the Effective Date of the Settlement, each Participating Insurer and any person or entity claiming by, through, and/or on behalf of a Participating Insurer hereby fully, finally and forever releases, remises, waives, surrenders, foregoes, gives up, abandons, cancels, acquits, and forever discharges and covenants not to sue with respect to any and all Released Claims against all Class Members and against all other Released Parties.

5.4.2.    Each Participating Insurer represents and warrants that it has not assigned and will not assign any claims relating to Chinese Drywall it may possess against any Builders Mutual Participating Defendant to any person or entity.

19352219.1

5.5. **Reserved Claims**.  Notwithstanding anything in this Agreement to the contrary, the following claims are reserved:

5.5.1.   This Settlement does not release any claims or defenses whatsoever that any Class Member, Builders Mutual Participating Defendant, or Participating Insurer may have against any Non-Participating Defendant or Non-Participating Insurer, arising out of, in any manner related to, or connected in any way with Chinese Drywall relating to the Affected Properties. The Parties will not interfere with any Class Member's rights or efforts to assert claims and obtain recoveries against any Non-Participating Defendant or Non-Participating Insurer arising out of, in any manner related to, or connected in any way with Chinese Drywall relating to the Affected Properties.

5.5.2.   The Parties expressly reserve all claims or defenses against and/or relating to Class Members who opt-out from this Settlement. Further, in the event a Class Member opts out from this Settlement, all parties reserve all claims, defenses and coverage positions against that Class Member, against each other, and against any person or entity alleged to have any liability related to the Chinese Drywall at the Affected Property of that opt-out Class Member (including, without limitation, builders, developers, installers, suppliers, distributors, importers, exporters, manufacturers, and Taishan), and that person's or entity's insurers, but only to the extent the claims arise out of the Affected Property opted-out by that Class Member. Notwithstanding anything in this Settlement, it is the intent of this Settlement that the Parties retain all rights and coverage positions as to opts-outs that the Parties possessed prior to the Effective Date of this Settlement, and the Parties reserve all claims, defenses and coverage positions relating to any opt-outs.

5.5.3.   The Parties do not release any claims against persons or entities who are manufacturers of Chinese Drywall, including, but not limited to claims against Taishan.

5.5.4.   The Parties expressly reserve all claims or defenses against a Builders Mutual Participating Defendant or a Participating Insurer who withdraws from this Settlement, but only with respect to the Affected Property or Affected Properties for which the Builders Mutual Participating Defendant or Participating Insurer has withdrawn. Further, in the event a Builders Mutual Participating Defendant or a Participating Insurer withdraws from this Settlement, all other Builders Mutual Participating Defendants and Participating Insurers reserve all claims, defenses and coverage positions against that withdrawing Builders Mutual Participating Defendant or Participating Insurer with respect to the Affected Property(ies). Notwithstanding anything in this Settlement, it is the intent of this Settlement that the Parties retain all

13

rights and coverage positions as to withdrawals that the Parties possessed prior to the Effective Date of this Settlement, and the Parties reserve all claims, defenses and coverage positions relating to any withdrawals.

5.5.6    This settlement does not release any rights, claims or causes of action for reinsurance recovery that any Participating Insurer may have, including, but not limited to those against any other Participating Insurer acting in its capacity as a reinsurer or retrocessionaire for any claims paid, settled or released herein.

## 5.6    Conditions

5.6.1    This settlement is expressly conditioned upon the dismissal of all suits and claims against Builders Mutual Participating Defendants, including third party claims or actions, relating to Affected Properties located in the Commonwealth of Virginia that are or may be affected by Chinese Drywall. These matters include, but are not necessarily limited to:

- Benjamin R. Proto and Holly Proto v. The Futura Group, L.L.C., Venture Supply, Inc., Scott Taylor Plastering, Inc., and Metropolitan Property and Casualty Insurance Company (Virginia Beach Cir. Ct.)

- Paul D. Seeman and Patti S. Seeman v. Oxfordshire, LLC, Rose & Womble Realty Company and Venture Supply, Inc., At Law No. CL 10-936 (Suffolk Cir. Ct.)

- The Overlook, LLC v. Parallel Design and Development, LLC, et al., Case No. CL11-983 (Norfolk Cir. Ct.)

- CG Stony Point Townhomes, LLC v. Parallel Design and Development, LLC, et al., Case No. CL11-982 (Norfolk Cir. Ct.)

- Claim of Bill and Kimberly Croke (4400 Landfall Drive, Williamsburg, VA)

- Carter Savage and Barbara Savage v. Tech Building Corporation, et al., Case No. CL12-5992 (Norfolk Cir. Ct.)

5.6.2    Class Counsel will, in good faith, endeavor to, but be under no obligation to, secure the dismissal of the above matters. Class Members and Class Counsel make no guarantees, express or implied, that the above conditions will occur and, in no event shall Class Members or Class Counsel be liable to Builders Mutual Participating Defendants or Participating Insurers for any damages or be responsible, in any way, if the above conditions do not occur.

14

6. **Assignments for the Benefit of the Class**

6.1.    The Builders Mutual Participating Defendants and Participating Insurers assign to the Class any and all claims they may have against Non-Participating Defendants and Non-Participating Insurers (except with respect to reinsurance) relating to Chinese Drywall in connection with the Affected Properties, including without limitation, claims for contribution or subrogation, equitable, statutory, regulatory and legal claims, claims sounding in tort or contract, claims for insurance benefits, and claims relating to insurance claim handling, defense, and/or indemnity, claims for insurance bad faith, whether statutory or common law, except that, if any claims are initiated against any Builders Mutual Participating Defendant or Participating Insurer by any Non-Participating Defendant or Non-Participating Insurer, then notwithstanding this assignment, the Builders Mutual Participating Defendant or Participating Insurer retains any and all rights necessary to defend itself together with the right to assert counter-claims or cross-claims of any type or nature whatsoever.

7. **Certification of Federal Rule of Civil Procedure 23(b)(3) Settlement Class and Related Motions**

7.1.    This Settlement shall be subject to approval of the Court.

7.2.    Within ten (10) days of the Execution Date of this Settlement, the PSC will move for an order:

7.2.1.    Preliminarily certifying the Class and approving the Settlement (the "Preliminary Approval Order");

7.2.2.    Staying all claims in the Litigation and CDW-Related Actions as to all Builders Mutual Participating Defendants and their Participating Insurers.

7.2.3.    Declaring that, in entering into the Settlement, the Parties are acting in good faith and in compromise of disputed claims, and therefore, that the Settlement and the Preliminary Approval Order cannot be used as evidence in any other claim, lawsuit or other proceeding relating to allegations of harm, including bodily injury or property damage, alleged to be associated with defective drywall manufactured in China (in whole or in part), whether offered as evidence of liability, of insurance coverage, or of good or bad faith in the treatment of any party or non-party to the Settlement or in any fashion whatsoever.

7.3.    Also within ten (10) days of the Execution Date of this Settlement, the PSC shall file a separate motion, which the Participating Insurers and Builders Mutual Participating Defendants shall join, seeking the following Orders, which are to remain in force until the issuance of the Order and Judgment:

7.3.1.    Approval of an Order or Orders to stay all claims as to all Builders Mutual Participating Defendants and Participating Insurers in the Litigation and all CDW-Related Actions; and

7.3.2.    Approval of an Order or Orders staying and enjoining all claims and cases involving Chinese Drywall at Affected Properties, except for Reserved Claims, to the extent of claims against any person or entity who claims to be an insured, additional insured, by definition, endorsement or otherwise, third-party beneficiary, or named insured under any insurance policy issued by any Participating Insurer.

7.4.    Any one of the Participating Insurers or Builders Mutual Participating Defendants shall have the right to withdraw from the Settlement, partially or completely, on its own behalf and/or on behalf of its Participating Defendant insureds, if the Court does not issue any of the requested orders, or if the Class is not certified.

7.5.    The Parties will stipulate to the Court in the request for entry of the Preliminary Approval Order that (i) the Class is being certified for settlement purposes only pursuant to the Settlement, (ii) the Builders Mutual Participating Defendants and Participating Insurers reserve the right to object to certification in the event this Settlement is terminated for any reason, including termination pursuant to Section 14, and (iii) this Settlement shall have no precedential effect with regard to certification of a litigation class that may arise if this matter is not fully and completely resolved through this Settlement, or otherwise.

## 8.    Notice to Class Members

8.1.    **Type of Notice Required**

8.1.1.    Within thirty (30) days after entry of the Preliminary Approval Order preliminarily certifying the Settlement Class as defined in Section 1.1.1, Plaintiffs' Class Counsel will commence the Class Settlement Notice Period by disseminating, or, for purchased media, initiating efforts to disseminate, the Class Settlement Notice ("Notice") by:

8.1.1.1.    First-class mail, postage prepaid, to the last known address of all Class Members who are identifiable by Plaintiffs' Class Counsel;

8.1.1.2.    First-class mail, postage prepaid to each Affected Property that can reasonably be identified by counsel for the Parties;

8.1.1.3.    Publication in newspapers to include:

Bristol Herald Courier
Charlottesville Daily Progress
Culpeper Star-Exponent
Daily News Leader (Staunton, VA)

Danville Register & Bee
Fredericksburg Free Lance-Star
Harrisonburg Daily News-Record
Martinsville Bulletin
Navy Times
Newport News Daily Press
Newport News Daily Press – Sunday
Norfolk Flagship
Norfolk Jet Observer
Northern Virginia Daily
Progress-index (Petersburg, VA)
Richmond Times-Dispatch
Roanoke Times
Suffolk News – Herald
Virginian Pilot
Virginian Pilot – Sunday
Washington Post
Winchester Star

8.1.1.4.    Publication in periodicals to include:

Newsweek

8.1.1.5.    Providing a press release to include national press release distribution, video distribution of TV spot, print ad, and web ad distribution;

8.1.1.6.    Publication on 30 second television spots for two to three weeks in Virginia;

8.1.1.7.    Publication in on-line media including 24/7 Media;

8.1.1.8.    Providing a copy of the Notice and requesting that it be posted at the United States District Court, Eastern District of Louisiana;

8.1.1.9.    Providing a copy of the Notice and requesting that it be posted at each courthouse in which the CDW-Related Actions are pending, including the United States District Court for the Eastern District of Virginia (Norfolk, Portsmouth and Richmond Divisions), the United States District Court for the Eastern District of North Carolina, the Virginia Beach Circuit Court, the Norfolk Circuit Court, and the Williamsburg / James City County Circuit Court;

8.1.1.10.   Providing a copy of the Notice and requesting that it be posted on the Court's Chinese Drywall MDL website, the

17

CPSC website, and the Virginia Department of Health website;

8.1.1.11.  Providing a copy of the Notice and requesting that it be posted at such other public places as may be ordered by the Court or by request of the Parties; and

8.1.1.12.  As the Court may direct, in accordance with the requirements of Federal Rule of Civil Procedure 23(c)(2).

## 9.    Opt-Outs and Withdrawals

### 9.1.    Opt-Out Period

9.1.1.  Following the Class Notice, Class Members will have sixty (60) days (or such different period as the Court may direct) to opt-out of the Settlement in accordance with Section 9.2. Class Members with claims involving more than one Affected Property may opt-out on a property-by-property basis. At the end of the sixty (60) day period (and provided the Settlement is finally approved by the Court), all Class Members who have not opted out of the Class will be deemed to be bound by the Settlement, and the relief provided by the Settlement will be their sole and exclusive remedy for their claims arising out of, in any manner related to, or in any way connected with Chinese Drywall at Affected Properties, except to the extent of Reserved Claims.

### 9.2.    Opt-Out Process

9.2.1.  Any Class Member wishing to opt-out of the Settlement must notify Arnold Levin, Levin, Fishbein, Sedran & Berman, 510 Walnut Street, Suite 500, Philadelphia, PA 19106 and Richard Serpe, Law Offices of Richard J. Serpe, PC, 580 East Main St., Suite 310, Norfolk, VA 23510, by first-class mail, postmarked no later than sixty (60) days following the Class Notice. To be effective, the opt-out notice must set forth the full name and current address of the Class Member seeking to opt-out, the address of the Affected Property, and to the best of the Class Member's knowledge, the identities of each Builders Mutual Participating Defendant against which the Class Member intends to pursue his, or her, or its claims. The opt-out notice must be signed by the Class Member, and contain a sentence stating: "The undersigned hereby opts out from the Settlement of Chinese Drywall Claims Against Defendants Insured by Builders Mutual Insurance Company."

9.2.2.  Plaintiffs' Class Counsel shall provide a copy of any opt-outs to the Builders Mutual Participating Defendants' Counsel and Participating Insurers' Counsel by email and file a copy with the Court, including service on the Builders Mutual Participating Defendants' and

18

Participating Insurers' Counsel, through LexisNexis File & Serve, no later than twenty-four (24) hours after receipt of the opt-out.

9.3. **Rights With Respect to Opt-Outs**

9.3.1.   Consistent with the Court's oversight of the process and its inherent jurisdiction, the Parties recognize that the Court may use its good offices to attempt to mediate any opt-out.

9.3.2.   The Parties agree and acknowledge that any opt-out by a Class Member may materially alter the benefit of each Party's respective bargain, so each Builders Mutual Participating Defendant and each Participating Insurer shall have the right to withdraw from the Settlement in whole or with respect to specific Affected Properties, on its own behalf and on behalf of any or all of its Builders Mutual Participating Defendant insureds in its sole discretion, if there is/are opt-out(s) relating to an Affected Property involving that Builders Mutual Participating Defendant or Participating Insurer.  This right to withdraw from the Settlement must be exercised by written notice to the Court and filing with Lexis/Nexis File & Serve no earlier than ten (10) days after notification of such opt-outs, if any, and no later than seven (7) days before the Fairness Hearing to consider this Settlement.

9.3.3.   Any party exercising its right to opt-out shall have a right to rescind its opt-out and participate in the Settlement by notifying Plaintiffs' Class Counsel in writing, postmarked no later than twenty-one (21) days before the Final Fairness Hearing. To be effective, the rescission of the opt-out notice must set forth the full name and current address of the Class Member seeking to rescind the opt-out, be signed by the Class Member, provide the address of the Affected Property, and contain a sentence stating: "The undersigned hereby rescinds its opt-out from the Settlement of Chinese Drywall Claims Against Defendants Insured by Builders Mutual Insurance Company"

9.3.4.   Plaintiffs' Class Counsel shall provide a copy of any rescission of opt-outs to Builders Mutual Participating Defendants' Counsel and Participating Insurers' Counsel  and file a copy with the Court through LexisNexis File & Serve no later than twenty-four (24) hours after receipt of the rescission of opt-out.

10.   **Objections**

10.1.  Any Class Member who objects to certification of the Class and/or to approval of this Settlement, any terms hereof, or the approval process must make that objection by the following procedure:

10.1.1.   The objection must be in writing;

10.1.2.    The objection must set forth all objections and the reasons therefore, and a statement whether the Class Member intends to appear at the Fairness Hearing either with or without the objector's counsel (who shall be identified). The objection must identify any witnesses intended to be called, the subject area of the witnesses' testimony, and all documents to be used or offered into evidence at the Fairness Hearing;

10.1.3.    The objection must be signed by the Class Member and his, her or its counsel; an objection signed by counsel alone shall not be sufficient;

10.1.4.    The objection must contain the caption of MDL No. 2047 and any Litigation in which the Class Member is a named party and include the name, mailing address, e-mail address, if any (an e-mail address is not required), and telephone number of the objecting Class Member;

10.1.5.    The objection must provide the address of the Affected Property to which the Class Member's claims relate; and

10.1.6.    The objection shall be mailed to Arnold Levin, Levin, Fishbein, Sedran & Berman, 510 Walnut Street, Suite 500, Philadelphia, PA 19106 and Richard Serpe, Law Offices of Richard J. Serpe, PC, 580 East Main St., Suite 310, Norfolk, VA 23510, in writing, postmarked no later than sixty (60) days following the Class Notice.

10.1.7.    Plaintiffs' Class Counsel shall provide a copy of all objections to Builders Mutual Participating Defendants' Counsel and Participating Insurers' counsel within twenty-four (24) hours by email and file any objections with the Court no later than seventy (70) days after commencement of the Class Settlement Notice Period. The objection must be filed in MDL No. 2047 and served on Builders Mutual Participating Defendants' and Participating Insurers' Counsel through LexisNexis File & Serve.

10.2.  Failure to comply timely and fully with these procedures shall result in the invalidity and dismissal of any objection. Class Members who fail to file and serve timely written objections in accordance with Section 10.1 shall be deemed to have waived any objections, shall not be heard at the Fairness Hearing, and shall be foreclosed from making any objection (whether by appeal or otherwise) to the Settlement.

10.3.  The PSC, Builders Mutual Participating Defendants and Participating Insurers shall file any response to the objections with the Court no later than five (5) days before the date of the Fairness Hearing.

**11.    Fairness Hearing**

11.1. After close of the Class Settlement Notice Period, the PSC shall move for final approval of the Settlement and final certification of the Class.

    11.1.1. As part of that motion, the Parties shall:

        11.1.1.1. Move the Court to enter the Order and Judgment described in Section 1.15;

        11.1.1.2. Move the Court to enjoin and forever bar any and all Class Members, including, but not limited to, those who have not properly opted out of the Class, from maintaining, continuing, prosecuting, and/or commencing the Litigation, CDW-Related Actions, Related Claims, or any action, pending or future, against the Released Parties (but excluding any Reserved Claims) that arises from, concerns, or otherwise relates, directly or indirectly, to Chinese Drywall in connection with the Affected Properties; and

        11.1.1.3. Jointly submit to the Court, or the appropriate forum, a proposed order dismissing with prejudice all claims and actions against the Builders Mutual Participating Defendants and Participating Insurers in the Eastern District of Louisiana and all other Litigation or CDW-Related Actions in state court, federal court, international tribunal, or in any arbitral forum, with each party to bear his, her or its own costs.

    11.1.2. Any Builders Mutual Participating Defendant and any Participating Insurer shall have the right to withdraw from the proposed Settlement in whole or in part, if the Court does not issue all of the requested orders and/or injunctions.

11.2. At the Fairness Hearing the Court shall be requested to, *inter alia*, (i) consider any properly filed objections to the Settlement, (ii) determine whether the Settlement is fair, reasonable, and adequate, was entered into in good faith and without collusion, and should be approved, (iii) provide findings in connection therewith, and (iv) enter a proposed Order and Judgment.

## 12. <u>Dismissals</u>

12.1. Within thirty (30) days of the Effective Date, Plaintiffs' Class Counsel and/or counsel for each Class Member shall file motions to dismiss with prejudice, with each party to bear his, her or its own costs, the Litigation, all CDW-Related Actions by Class Members which are pending in any court, except for Reserved Claims, but only to the extent that they assert claims against the Builders Mutual Participating Defendants or Participating Insurers, and the Plaintiffs' Class Counsel shall use its best efforts to assist the Builders Mutual Participating Defendants and the Participating Insurers (a) in obtaining the dismissal with

prejudice of any other CDW-Related Actions maintained by any Class Member; and (b) in mooting or reversing any building code violation orders pending against any Builders Mutual Participating Defendant, with each party to bear his, her or its own costs, but only to the extent that they assert claims against the Builders Mutual Participating Defendants and/or Participating Insurers, whether in state court, federal court or any arbitral forum.

**13.**   **Bar Order**

13.1.   As part of the Order and Judgment, the Court shall issue a bar order and permanent injunction against any and all pending or future claims or lawsuits, other than Reserved Claims, by any and all Class Members who do not opt-out against the Builders Mutual Participating Defendants and Participating Insurers in connection with claims arising out of, or otherwise related to, Chinese Drywall at Affected Properties.

13.2.   The bar order and permanent injunction shall:

13.2.1.   Except for any Reserved Claims, enjoin and forever bar any and all Class Members or any entity or person claiming through a Class Member who does not opt-out from commencing and/or maintaining any action, and/or asserting any claim, suit, counterclaim or cross-claim, legal or otherwise, against the Builders Mutual Participating Defendants and Participating Insurers arising out of, or otherwise relating to Chinese Drywall connected with Affected Properties.

13.2.2.   Except for any Reserved Claims or opt-outs, bar the assertion by any entity or person against the Builders Mutual Participating Defendants and/or Participating Insurers of any contribution, indemnification, subrogation, or other claims concerning (i) Chinese Drywall connected with Affected Properties, the Litigation, CDW-Related Action, Released Claims or Related Claims, or (ii) this Settlement.

13.3.   This provision is not intended to prevent or impede the enforcement of claims or entitlements to benefits under this Settlement.

**14.**   **Termination of this Settlement**

14.1.   This Settlement shall be terminated and cancelled upon any of the following events:

14.1.1.   The Court declines to enter the Preliminary Approval Order or the bar order described in Section 13;

14.1.2.   The Fairness Hearing is not held by the Court;

14.1.3.    The Order and Judgment is not entered by the Court, or is reversed by a higher court, or is entered in a form inconsistent with the terms of this Settlement; or

14.1.4.    Any court declines to dismiss the Builders Mutual Participating Defendants and Participating Insurers with prejudice (except as to Reserved Claims).

14.2.    Any Builders Mutual Participating Defendant and any Participating Insurer may, at its sole and exclusive discretion and option, withdraw from and cancel its obligations under this Settlement (including with respect to its Builders Mutual Participating Defendant insureds), upon any of the following events:

14.2.1.    The Class Settlement Notice does not comply with the Order of the Court;

14.2.2.    The PSC, on behalf of the Class, materially breaches the Settlement and such breach materially frustrates the purposes of this Settlement;

14.2.3.    The Litigation and CDW-Related Actions against the Builders Mutual Participating Defendants and Participating Insurers are not dismissed with prejudice (except as to Reserved Claims);

14.2.4.    The Court does not enter the bar order and permanent injunction described in Sections 13.1 and 13.2, above;

14.2.5.    The Court does not enter the Order described in Section 7.2.3 above;

14.2.6.    This Settlement is changed in any material respect, except by written consent of the Parties; or

14.2.7.    Any of the conditions described in Section 5.6 do not occur.

## 15.    <u>Severability</u>

15.1.    If any Builders Mutual Participating Defendant or Participating Insurer chooses to withdraw from the Settlement, on its own behalf or on behalf of any of its Participating Defendant insureds, in accordance with Sections 7.4, 9.3.2, 11.1.2 or 14.2, all remaining provisions of this Settlement shall remain in full force and effect except that Section 4.1. will be amended to exclude the withdrawing Builders Mutual Participating Defendant's and Participating Insurer's settlement contribution *nunc pro tunc*.

## 16.    <u>Court to Retain Jurisdiction to Implement and Enforce Settlement Agreement</u>

16.1.    Notwithstanding any other provision of this Settlement, the Court shall retain continuing jurisdiction over the Litigation, the Class, the Class Members, and the

23

Settlement for the purposes of administering, supervising, construing and enforcing same, and the Court shall also retain continuing and exclusive jurisdiction over the Settlement Funds and the distribution of same to Class Members. This Section shall not be construed as a finding, admission, or consent that the Court or any other court in the State of Louisiana has general or specific personal jurisdiction over any Builders Mutual Participating Defendant or Participating Insurer or with respect to any particular CDW-Related Action, nor as a finding, admission, or consent that the law of the State of Louisiana shall apply to any aspect of the Litigation or this Settlement.

**17.    Allocation of Payments**

17.1.    The Court shall establish a procedure for allocation of the Settlement Funds among the various interests who have claimed entitlement to the same. An Allocation Committee, which will include representatives appointed by the Court from the PSC, will be appointed to make recommendations to the Court as to: (i) a fair and equitable plan of allocation of the Settlement Funds; and (ii) the evidence that Class Members will need to provide as part of their Proof of Claim to submit a valid claim, including proof of reactive Chinese Drywall. The allocation will apportion funds (including any funds to resolve claims for bodily injury and personal property damages), without regard to fees or costs, by each Affected Property. The PSC will recommend that the Court appoint a Special Master to assist the Court in the allocation process ("Special Master"). The Court shall entertain interventions for the purpose of determining the allocation and shall establish procedures by order setting forth the manner in which this allocation shall proceed. The allocation by the Special Master may be appealed solely to the Court, whose decision shall be final.

17.2.    The Builders Mutual Participating Defendants and Participating Insurers shall not be involved in the claim process and allocation of benefits to the Class. To the extent that the Participating Insurers make any internal allocation of the Settlement Amount for financial, claim, accounting or other business reasons, the Participating Insurers shall each retain the sole discretion with respect to such internal allocations, which shall be confidential and not disclosed to the Class Members or Builders Mutual Participating Defendants.

17.3.    The Settling Parties each separately warrant that each party performed its own separate and independent evaluations of the settlement, including the Settlement Amount, and that the negotiations for such Settlement Amount did not include suggestion, exchange of or agreement upon hypothetical, theoretical, proposed or actual allocations of the Settlement Amount of any type or nature whatsoever, including with respect to individual class members, claims, plaintiffs, Affected Properties, Builders Mutual Participating Defendants, and/or Participating Insurers.

17.4.    The Parties agree to comply with the provisions of Section 111 of the Medicare, Medicaid & SCHIP Extension Act of 2007 as codified in 42 U.S.C. Sec.

1395y(b)(8) ("MMSEA") and/or any state equivalents and/or other delegated authority (collectively "Medicare").

17.4.1.   This Settlement is based upon a good faith determination of the Parties to resolve a disputed claim in which certain Class Members have alleged bodily injury. The Builders Mutual Participating Defendants and Participating Insurers deny that there is any evidence of bodily injury arising from or related to Chinese Drywall. Requests for compensation related to bodily injury will be considered by the Special Master appointed by the Court as described in Section 17.1, who will have the authority to allocate Settlement Funds towards such injury claims. Any funds so allocated by the Special Master as part of the procedure set forth in Section 17.1 above will be paid directly to the Class Member, unless he or she is a Medicare Beneficiary as defined by MMSEA and/or Medicare, in which case, such funds shall be paid into an escrow account maintained by Plaintiffs' Class Counsel pending resolution of that Class Member's Medicare Claim. Written documentation from Medicare establishing resolution of any Medicare claim shall be provided to the Participating Insurers prior to the distribution of any settlement proceeds from the escrow account to the Class Member.

17.4.2.   In instances where a Class Member requests compensation related to bodily injury, that Class Member and Plaintiffs' Class Counsel shall provide within ten (10) days of each such request notice of that request and the following information to those individuals identified in Section 18.8, below: (a) the Class Member's identity (including his or her name, date of birth, social security number, and gender) and (b) the Builders Mutual Participating Defendant(s) that allegedly caused that Class Member's bodily injury. Plaintiffs' Class Counsel shall ensure compliance with these provisions.

17.4.3.   Each Class Member who receives in excess of the MMSEA and/or Medicare reporting dollar threshold in effect at the time the Settlement is Final from the Settlement Funds ("Excess Recipient") acknowledges his/her duty to cooperate with Plaintiffs' Class Counsel, Builders Mutual Participating Defendants and Participating Insurers in order to permit Responsible Reporting Entity(ies), as defined by MMSEA, to fulfill their reporting obligations to comply with MMSEA and/or Medicare. Within ten (10) days of the date on which the Excess Recipient receives an allocation of any Settlement Funds for personal injury or bodily injury claims, each Excess Recipient and his/her attorney agrees to provide the Responsible Reporting Entity(ies) with any and all information necessary for the Responsible Reporting Entity(ies) to comply with MMSEA and/or Medicare, including his or her legal name, date of birth, social security number, and gender, so as to allow the Responsible Reporting Entity(ies), or their agents, to

determine whether the Excess Recipient is a Medicare Beneficiary, as defined by MMSEA and/or Medicare (a "Triggering Claimant").

17.4.4.   Each Triggering Claimant and his/her attorney shall provide any additional information requested by the Responsible Reporting Entity(ies) to comply with MMSEA and/or Medicare, including without limitation the identity of his/her attorney, his/her address, his/her ICD9 code (if applicable), and information related to the injuries allegedly arising from Chinese Drywall. Such information may be reported to the Centers for Medicare & Medicaid Services (CMS), as well as certain agent(s) necessary to facilitate reporting to CMS, pursuant to the Responsible Reporting Entity's duty to comply with MMSEA and/or Medicare.

17.4.5.   Each Triggering Claimant represents and warrants that all bills, costs or liens resulting from or arising out of alleged injuries, claims or lawsuits related to Chinese Drywall are his/her responsibility to pay, including, without limitation, all Medicare conditional payments, subrogation claims, liens, or other rights to payment, relating to medical treatment or lost wages that have been or may be asserted by any health care provider, insurer, governmental entity, employer or other person or entity ("Medical Claims"). Further, each Triggering Claimant will indemnify, defend and hold each Builders Mutual Participating Defendant and Participating Insurer harmless from any and all damages, claims and rights to payment, including any attorneys' fees or fines, brought by any person, entity or governmental agency arising out of or relating to Medical Claims.

17.4.6.   The procedures set forth in this Section 17.4 are intended to ensure compliance with 42 U.S.C. § 1395y (and/or any state equivalents and/or other delegated authority). The Parties resolved this matter in compliance with both state and federal law.

17.4.7.   Any Class Member alleging a bodily injury claim has been apprised of his/her right to seek assistance from legal counsel of his/her choosing or directly from the Social Security Administration or other governmental agencies regarding the impact this Settlement Agreement may have on that Class Member's current or future entitlement to Social Security or other governmental benefits.

17.4.8.   Any Class Member alleging a bodily injury claim understands that the receipt of settlement funds may affect that Class Member's rights to other governmental benefits, insurance benefits, disability benefits, or pension benefits. Despite this possibility, any such Class Member desires to enter into this Settlement to settle his/her injury claim as set forth in this Settlement.

17.4.9.   Any Class Member alleging a bodily injury claim understands that should CMS (Medicare) find that a Medicare Set-Aside Allocation should have been established and that Medicare's interests were not adequately protected, CMS (Medicare) may require the Class Member to expend up to the entire settlement amount allocated to that Class Member on Medicare covered expenses related to the injury before Medicare will provide coverage for the injury. Any Class Member alleging a bodily injury claim voluntarily accepts this risk and waives any and all claims of any nature and/or damages against the Builders Mutual Participating Defendants and Participating Insurers should Medicare take such action, including, but not limited to a Private Cause of Action against the Builders Mutual Participating Defendants and Participating Insurers under the Medicare Secondary Payer Act (MSP) pursuant to 42 USC §1395y(b)(3)(A).

17.5.   Any disputes as to the allocation of payments among Class Members pursuant to the allocation procedure referenced in Section 17.1 will not defeat this Settlement and shall not involve the Builders Mutual Participating Defendants or Participating Insurers except as provided for in Section 17.4.

17.6.   All costs of administering the allocation of Settlement Amount and the cost of notice to Class Members will be paid out of the Settlement Amount.

17.7.   Notwithstanding any other provision of this Settlement or of any other document, the Builders Mutual Participating Defendants and Participating Insurers shall not be liable for, and shall have no responsibility whatsoever for payment of any fees, costs, and expenses incurred by the PSC, Plaintiffs' Class Counsel, privately retained counsel for Class Members, or common benefit counsel, whether at the trial, appellate or administrative levels, court costs, Notice Costs, and/or all other costs and fees associated with this Litigation, CDW-Related Actions, Released Claims and/or Related Claims, the approval and/or implementation of this Settlement, the administration of claims, and/or the allocation and disposition of the Settlement Funds. Notwithstanding the provisions of this Settlement or of any other document, the Builders Mutual Participating Defendants and Participating Insurers shall have no obligation to pay any amount beyond the obligations set forth in Section 4.1 of this Settlement, except to the extent of any Reserved Claims.

17.8.   After the Effective Date, the PSC, Class Counsel, common benefit attorneys, and privately retained attorneys for all Class Members (the "Petitioning Attorneys") shall be entitled to petition the Court for attorneys' fees totaling in the aggregate up to 32% of the Settlement Funds, with no more than 15% of the Settlement Funds to be allocated to common benefit fees, and reimbursement of reasonable expenses, excluding the cost of notice. The determination of any attorneys' fee or court cost issue, including the allocation between and amongst the Petitioning Attorneys, shall be determined by the Court and all Parties agree such

19352219.1

determination is not appealable and hereby waive all appeals of any such determination.

17.9. If a Class Member opts out of this Settlement pursuant to Section 9.2.1, then the PSC has the right to petition the Court for attorneys fees and reimbursement of reasonable costs in the event that Class Member subsequently obtains a separate recovery to the extent of the predetermined individual settlement amounts of Section 4.1 attributable to that Class Member, and the Class Member has the right to oppose such a petition.

## 18.   Miscellaneous

18.1. The Parties and their attorneys and agents shall not attempt to use the payments made pursuant to this Settlement or the terms hereof to argue in any other proceeding or context that there is insurance coverage for Chinese Drywall claims.

18.2. The Builders Mutual Participating Defendants and Participating Insurers do not admit or concede any liability or damages whatsoever relating to Chinese Drywall.

18.3. The Participating Insurers do not admit or concede any liability or insurance coverage obligation for any claims relating to Chinese Drywall.

18.4. As part of the Order and Judgment, the Court will be requested to enter findings of fact and conclusions of law stating that:

18.4.1.   Except as it relates to Reserved Claims, or to enforce any term of the Settlement, or as to insurance matters concerning depletion or exhaustion of one or more policies of insurance, or prior compensation for a claimed loss or set-off, no person or entity may use or refer to any aspect of this Settlement in any litigation in which any Builders Mutual Participating Defendant or Participating Insurer is a party.

18.4.2.   Notwithstanding the mutual releases contained herein, the Settlement shall not constitute a waiver of any coverage defense or position taken by any  Builders Mutual Participating Defendant or Participating Insurer relating to Chinese Drywall, and no insurer, whether a Participating Insurer or not, shall be estopped from raising any coverage issue or defense (except with respect to Released Claims) by reason of the Settlement. In addition, any payment by a Participating Insurer as set forth in Section 4, shall not be considered a confession of judgment or trigger any obligation to pay attorneys' fees under any fee shifting statute in any state.

18.4.3.   The Parties agree that by entering this Settlement, each Participating Insurer has acted in good faith and fairly, reasonably, and honestly towards its insured Builders Mutual Participating Defendants, and any

19352219.1

actual and/or potential Class Members and with due regard for the Participating Insurer's Participating Defendant, and any potential Class Members' interests regarding Chinese Drywall.

18.4.4.   The Parties agree that the actions and positions of the Participating Insurers, being in good faith, upon the Settlement becoming Final, precludes any Builders Mutual Participating Defendant and any actual and/or potential Class Member from asserting, maintaining or assigning any statutory and/or common law bad faith claim against any Participating Insurer.

18.4.5.   The Settlement shall not constitute a waiver or release by any Builders Mutual Participating Defendant or Participating Insurer of any claims or defenses related to any actual or alleged obligations under a policy of insurance that such Builders Mutual Participating Defendant or Participating Insurer may have against any person or entity, including another Participating Insurer, in any manner related to or connected in any way with the Chinese Drywall claims of Class Members who opt-out of this Settlement.

18.5.   If the last day of any period mentioned in this Settlement falls on a weekend or legal holiday, the period shall include the next business day.

18.6.   All persons shall be on notice of their continuing duty to monitor the Court's docket for the most current filings and information. The Court, in its discretion, may alter, postpone or amend any of these deadlines scheduled by the Court in connection with the certification of the class and approval of this Settlement without additional formal notice. Orders of any such changes are expected to be presented on the Court's website:

**http://www.laed.uscourts.gov/Drywall/Drywall.htm**.

18.7.   Any Class Member (or his or her attorney) who submits false or intentionally misleading information, through any form of deception, dishonesty or fraud, shall be subject to appropriate sanctions (including monetary sanctions and costs).

18.8.   Unless otherwise specified, any written notices and other communications under this Settlement shall be in writing and shall be sent to:

[intentionally left blank]

19352219.1

For Plaintiffs Class Counsel:

Arnold Levin
Fred S. Longer
Levin, Fishbein, Sedran & Berman
510 Walnut Street, Suite 500
Philadelphia, PA   19106
alevin@lfsblaw.com
flonger@lfsblaw.com

Richard J. Serpe
Law Offices of Richard J. Serpe, P.C.
580 East Main St., Suite 310
Norfolk, VA 23510
rserpe@serpefirm.com

Russ Herman
Herman, Herman & Katz
820 O'Keefe Ave.
New Orleans, LA  70113
rherman@hhklawfirm.com

For Participating Insurers:

Danny M. Howell
Sands Anderson PC
1497 Chain Bridge Road, Suite 202
McLean, VA 22101
DHowell@sandsanderson.com

For Participating Defendants:

Counsel as identified on Exhibit 1.

Routine communications may be made by email. Communications asserting a breach of this Settlement shall be made by email and by hand delivery or overnight courier (*e.g.* Express Mail, Overnight UPS or Federal Express).

18.9.   All prior settlements entered into by any of the Parties shall be recognized and nothing in this Settlement shall in any way affect prior settlements.

18.10.  This Settlement is the product of arms' length negotiations between the PSC, the Builders Mutual Participating Defendants and Participating Insurers. Neither the PSC, Builders Mutual Participating Defendants nor Participating Insurers shall be deemed to be the drafter of this Settlement or any provision thereof. No

presumption shall be deemed to exist in favor of or against either the PSC, Builders Mutual Participating Defendants or Participating Insurers as a result of the preparation or negotiation of this Settlement.

18.11.  This Settlement, including its exhibits, constitutes the entire agreement between the Parties. The Parties have not received or relied upon any agreements or promises other than as contained in writing in this Settlement, including its exhibits.

18.12.  This Settlement may not be modified or amended unless such modification or amendment is in writing executed by all Parties.

18.13.  This Settlement may be executed in multiple counterparts, all of which taken together shall constitute one and the same Settlement.

## 19.   <u>Federal Rule of Evidence 408</u>

19.1.  The Parties specifically acknowledge, agree and admit that this Settlement and its exhibits, along with all related drafts, motions, pleadings, conversations, negotiations and correspondence, shall be considered a compromise within the meaning of Federal Rules of Evidence Rule 408, and any equivalent rule of evidence or procedure of any state, including the Commonwealth of Virginia, and shall not (i) constitute, be construed, be offered, or received into evidence as an admission of the validity of any claim or defense, or the truth of any fact alleged or other allegation in the Litigation, the CDW-Related Actions, or in any other pending or subsequently filed action, or of any wrongdoing, fault, violation of law, or liability of any kind on the part of any Party, except as permitted in Section 19.3 of this Settlement; or (ii) be used to establish a waiver of any defense or right, or to establish or contest jurisdiction or venue.

19.2.  The Parties also agree that this Settlement, any orders, pleadings or other documents entered in furtherance of this Settlement, and any acts in the performance of this Settlement are not intended to be, nor shall they in fact be, admissible, discoverable, or relevant in any case or other proceeding against the Builders Mutual Participating Defendants or Participating Insurers to establish grounds for certification of any class involving any Class Member; to prove either the acceptance by any Party hereto of any particular theory of coverage; or as evidence of any obligation that any Party hereto has or may have to anyone.

19.3.  The provisions of this Settlement, and any orders, pleadings or other documents entered in furtherance of this Settlement, may be offered or received in evidence solely (i) to enforce the terms and provisions hereof or thereof, (ii) as may be specifically authorized by a court of competent jurisdiction after contradictory hearing upon application of a Party hereto, (iii) in order to establish payment, proof of depletion or exhaustion of an insurance policy, prior payment for a claimed loss, set-off or an affirmative defense of exception in a subsequent case, including *res judicata*, (iv) in connection with any motion to enjoin or stay any of

the CDW-Related Actions, (v) to obtain Court approval of the Settlement, (vi) for purposes of any reinsurance claim by a Participating Insurer, or (vii) to comply with Participating Insurers' reporting requirements pursuant to Section 111 of the MMSEA.

[intentionally left blank]

32

The Parties have executed this Settlement Agreement by their duly authorized representatives on the dates stated below.

**Russ M. Herman**
**Plaintiffs' Liaison Counsel with the full**
**authority and consent of the PSC**
By: _Kmate_
Print Name: _Russ Herman_
Title: _Plaintiff's Liaison Counsel_
Date: _12/11/12_

**Arnold Levin**
**Plaintiffs' Lead Counsel with the full**
**authority and consent of the PSC**

By: _____
Print Name: _____
Title: _____
Date: _____

**Richard Serpe**
**Plaintiffs' Counsel with the full authority**
**and consent of the PSC**
By: _____
Print Name: _Richard J. Serpe_
Title: _Member PSC_
Date: _12/11/12_

33

The Parties have executed this Settlement Agreement by their duly authorized representatives on the dates stated below.

**Russ M. Herman**
**Plaintiffs' Liaison Counsel with the full**
**authority and consent of the PSC**

By: _____

Print Name: _____

Title: _____

Date: _____

**Arnold Levin**
**Plaintiffs' Lead Counsel with the full**
**authority and consent of the PSC**

By: _____

Print Name: ___ARNOLD LEVIN___

Title: ___PLAINTIFFS' LEAD COUNSEL___

Date: ___12/11/12___

**Richard Serpe**
**Plaintiffs' Counsel with the full authority**
**and consent of the PSC**

By: _____

Print Name: _____

Title: _____

Date: _____

33

19352219.1

## **Participating Insurers**

**Builders Mutual Insurance Company**

By:_____

Its:_____

Date:_____

34

**<u>Participating Defendants</u>**

**ABS Building Corporation**

By: _____

Print Name: _____

Title: _____

Date: _____

**American Better Living, LLC**

By: _____

Print Name: _____

Title: _____

Date: _____

**David Daniels**

By: _____

Print Name: _____

Title: _____

Date: _____

**Genesis Group, Inc.**

By: _____

Print Name: _____

Title: _____

Date: _____

**Harbor Walk Development, LLC**

By: _____

Print Name: _____

Title: _____

Date: _____

**Jerome Henin**

By: _____

Print Name: _____

Title: _____

Date: _____

**Oxfordshire, LLC**

By: _____

Print Name: _____

Title: _____

Date: _____

**M&M Contracting**

By: _____

Print Name: _____

Title: _____

Date: _____

**Parallel Design & Development**

By: _____

Print Name: _____

Title: _____

Date: _____

**Powell Development, LLC**

By: _____

Print Name: _____

Title: _____

Date: _____

19352219.1

**Tech Building Corporation**

By: _____

Print Name: _____

Title: _____

Date: _____


**Rob and Fiona Lang**

By: _____

Print Name: _____

Title: _____

Date: _____


**International Property Investments of Central Florida, Inc., d/b/a Henin International Services**

By: _____

Print Name: _____

Title: _____

Date: _____


**Total Home Renovation, LLC**

By: _____

Print Name: _____

Title: _____

Date: _____


**Werners Development, Inc.**

By: _____

Print Name: _____

Title: _____

Date: _____


**Rob Lang Builder, Inc.**

By: _____

Print Name: _____

Title: _____

Date: _____


**The Futura Group**

By: _____

Print Name: _____

Title: _____

Date: _____


**Premier International Realty, Inc., d/b/a Henin Realty**

By: _____

Print Name: _____

Title: _____

Date: _____


**Traderscove Corporation d/b/a Henin Group**

By: _____

Print Name: _____

Title: _____

Date: _____

36

19352219.1

**"EXHIBIT 1"**

**To Settlement Agreement in MDL No. 2047 Regarding Chinese Drywall Claims Against Defendants Insured by Builders Mutual Insurance Company**

| Participating Defendants | Counsel |
|---|---|
| ABS Building Corporation | John Franklin, III<br>TaylorWalker PC<br>555 E. Main Street, Suite 1300<br>Norfolk, VA 23510<br>jfranklin@taylorwalkerlaw.com |
| American Better Living, LLC | John Franklin, III<br>TaylorWalker PC<br>555 E. Main Street, Suite 1300<br>Norfolk, VA 23510<br>jfranklin@taylorwalkerlaw.com |
| David Daniels | John Franklin, III<br>TaylorWalker PC<br>555 E. Main Street, Suite 1300<br>Norfolk, VA 23510<br>jfranklin@taylorwalkerlaw.com |
| Genesis Group, Inc. | John Franklin, III<br>TaylorWalker PC<br>555 E. Main Street, Suite 1300<br>Norfolk, VA 23510<br>jfranklin@taylorwalkerlaw.com |
| Harbor Walk Development, LLC | John Franklin, III<br>TaylorWalker PC<br>555 E. Main Street, Suite 1300<br>Norfolk, VA 23510<br>jfranklin@taylorwalkerlaw.com |
| Jerome Henin | John Franklin, III<br>TaylorWalker PC<br>555 E. Main Street, Suite 1300<br>Norfolk, VA 23510<br>jfranklin@taylorwalkerlaw.com |
| International Property Investments of Central Florida, Inc., d/b/a Henin International Services | John Franklin, III<br>TaylorWalker PC<br>555 E. Main Street, Suite 1300<br>Norfolk, VA 23510<br>jfranklin@taylorwalkerlaw.com |
| M&M Contracting | John Franklin, III<br>TaylorWalker PC<br>555 E. Main Street, Suite 1300 |

37

|  | Norfolk, VA 23510<br>jfranklin@taylorwalkerlaw.com |
|---|---|
| Oxfordshire, LLC | John Franklin, III<br>TaylorWalker PC<br>555 E. Main Street, Suite 1300<br>Norfolk, VA 23510<br>jfranklin@taylorwalkerlaw.com |
| Parallel Design & Development | John Franklin, III<br>TaylorWalker PC<br>555 E. Main Street, Suite 1300<br>Norfolk, VA 23510<br>jfranklin@taylorwalkerlaw.com |
| Powell Development, LLC | John Franklin, III<br>TaylorWalker PC<br>555 E. Main Street, Suite 1300<br>Norfolk, VA 23510<br>jfranklin@taylorwalkerlaw.com |
| Premier International Realty, Inc. d/b/a Henin Realty | John Franklin, III<br>TaylorWalker PC<br>555 E. Main Street, Suite 1300<br>Norfolk, VA 23510<br>jfranklin@taylorwalkerlaw.com |
| Rob Lang Builder, Inc. | John Franklin, III<br>TaylorWalker PC<br>555 E. Main Street, Suite 1300<br>Norfolk, VA 23510<br>jfranklin@taylorwalkerlaw.com |
| Rob and Fiona Lang | John Franklin, III<br>TaylorWalker PC<br>555 E. Main Street, Suite 1300<br>Norfolk, VA 23510<br>jfranklin@taylorwalkerlaw.com |
| Tech Building Corporation | John Franklin, III<br>TaylorWalker PC<br>555 E. Main Street, Suite 1300<br>Norfolk, VA 23510<br>jfranklin@taylorwalkerlaw.com |
| The Futura Group | John Franklin, III<br>TaylorWalker PC<br>555 E. Main Street, Suite 1300 |

19352219.1

| | |
|---|---|
| | Norfolk, VA 23510<br>jfranklin@taylorwalkerlaw.com |
| Total Home Renovation, LLC | John Franklin, III<br>TaylorWalker PC<br>555 E. Main Street, Suite 1300<br>Norfolk, VA 23510<br>jfranklin@taylorwalkerlaw.com |
| Traderscove Corporation d/b/a Henin Group | John Franklin, III<br>TaylorWalker PC<br>555 E. Main Street, Suite 1300<br>Norfolk, VA 23510<br>jfranklin@taylorwalkerlaw.com |
| Wermers Development, Inc. | John Franklin, III<br>TaylorWalker PC<br>555 E. Main Street, Suite 1300<br>Norfolk, VA 23510<br>jfranklin@taylorwalkerlaw.com |

19352219.1

**"EXHIBIT 2"**

**To Settlement Agreement in MDL No. 2047 Regarding Chinese Drywall Claims Against Defendants Insured by Builders Mutual Insurance Company**

| Participating Insurers | Counsel |
|---|---|
| Builders Mutual Insurance Company | Danny M. Howell<br>Sands Anderson PC<br>1497 Chain Bridge Road, Suite 202<br>McLean, VA 22101<br>DHowell@sandsanderson.com |

40