FMF-12099/CP 142 /DJS:jmb

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: CHINESE-MANUFACTURED DRYWALL PRODUCTS LIABILITY LITIGATION | ) ) ) ) | MDL NO: 02047 SECTION: "L" |
| THIS DOCUMENT RELATES TO: | ) ) ) | JUDGE FALLON MAG. JUDGE WILKINSON |
| *Hobbie, et al. v.* *RCR Holdings, II, LLC, et al.* | ) ) ) | |
| No. 10-1113 | ) ) | |

## MEMORANDUM OF LAW IN SUPPORT OF
## MOTION TO WITHDRAW AS COUNSEL WITHOUT SUBSTITUTION

COMES NOW, Lysa M. Friedlieb, Esquire and the law firm of Luks, Santaniello, Petrillo & Jones, attorneys of record for Defendant, RCR Holdings, II, LLC, and file this Memorandum of Law in Support of the Motion to Withdraw as Counsel for the Defendant, RCR Holdings, II, LLC:

1. Local Civil Rule 83.2.11 of the United States District Court for the Eastern District of Louisiana states:

   > The original counsel of record must represent the party for whom he or she appears unless the court permits him or her to withdraw from the case. Counsel of record may obtain permission only upon joint motion (of current counsel of record and new counsel of record) to substitute or upon a written motion served on opposing counsel and the client. If other counsel is not thereby substituted, the motion to withdraw must contain the present address of the client and the client's telephone number if the client can be reached by telephone. The motion must be accompanied by a certified of service, including a statement that the client has been notified of all deadlines and pending court appearances, served on both the client by certified mail and opposing counsel, or an affidavit stating why service has not been made.

2. The Motion to Withdraw filed by the undersigned complies with all of the requirements of the Local Rule and should be granted. *See Bryson v. State Farm and Casualty Insurance Company*, 2011 WL 1557949 4 (2011 E.D.La.).

3. In considering a Motion to Withdraw, the Court should consider the prejudice the withdrawal of counsel can cause to other litigants and the administration of justice, and the degree to which withdrawal would delay the resolution of the case. *Zurich American Insurance Company v. Harken*, 1999 WL 307612 (1999 E.D.La.); *see also American Economy Insurance Company v. Herrera*, 2007 WL 3276326 (2007 S.D.Cal.).

4. In the above referenced case, as RCR Holdings II LLC, as a Defendant, has settled its claims, and all other parties are represented by counsel, and RCR Holdings II LLC, as a Plaintiff, is represented by Counsel, that being Gregg Weiss, Esq., the effect of the counsel's withdrawal would be minimal, and should not prevent the granting of counsel's Motion to Withdraw.

WHEREFORE, the undersigned respectfully requests that the Court grant the Motion to Withdraw as Counsel for the Defendant, RCR Holdings, II, LLC, in the above case.

## CERTIFICATE OF SERVICE

I, hereby certify that on this 4th day of Janaury, 2013, the foregoing has been served on Plaintiffs' Liaison Counsel, Russ Herman; Defendants' Liaison Counsel, Kerry Miller and Homebuilders'/Installers' Liaison Counsel, Phillip A. Wittman by e-mail; and upon all parties by electronically uploading the same to Lexis/Nexis File & Serve in accordance with Pre-Trial Order No. 6, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2047.

/s/ Lysa M. Friedlieb
LYSA M. FRIEDLIEB, ESQUIRE
Florida Bar No.: 898538
lfriedlieb@ls-law.com
LUKS, SANTANIELLO, PETRILLO & JONES
301 Yamato Road, Suite 1234
Boca Raton, FL 33431
Telephone: (561) 893-9088
Facsimile: (561) 893-9048
Counsel for RCR Holdings, II, LLC