## SETTLEMENT AGREEMENT CONCERNING CERTAIN
## CHINESE-MANUFACTURED DRYWALL CLAIMS

**1. Parties.** This Agreement is by and between the INEX Settlement Class, INEX, and North River.

**2. Purpose.** The Parties acknowledge that the MDL Court conducted a bellwether jury trial beginning on November 26, 2012, and concluding on December 3, 2012, on the redhibition claims against INEX asserted by four members of the INEX Settlement Class. The MDL Court entered a judgment incorporating the jury verdict in favor INEX on December 11, 2012. Because of the results of the bellwether trial, the Parties have agreed to enter into this Agreement to fully and finally resolve certain claims, whether previously asserted or not, between the Parties that arise from or relate to the sale of CDW by INEX.

**3. Relationship to Other Agreements.** Some claims between some of the Parties to this Agreement have already been resolved through the INEX Class Settlement and the Knauf Class Settlement that are pending before the MDL Court. This Agreement is not intended to alter or amend any of the agreements, obligations, duties, or rights of any party to the INEX Class Settlement or the Knauf Class Settlement. Instead, this Agreement will resolve certain CDW Claims that are not resolved by the INEX Class Settlement or the Knauf Class Settlement. Because of the relationship between the present Agreement and the INEX Class Settlement and the Knauf Class Settlement, the effective date of this Agreement shall be upon approval of the INEX Class Settlement and the Knauf Class Settlement by the MDL Court ("Effective Time"). If the INEX Class Settlement and the Knauf Class Settlement are not approved by the MDL Court, this Agreement will be void and none of the Parties to this Agreement will have any further obligation, duty, or right under this Agreement.

**4. Obligations and Duties of the Parties.** In exchange for and in consideration of the various obligations and promises contained in this Agreement the Parties agree as follows:

**a. INEX Settlement Class.** Each member of the INEX Settlement Class Releases North River for any liability arising by contract, statute, or common law for (i) all CDW Claims, (ii) all claims of any type which are or are alleged to be covered by the INEX Policies, and (iii) any claims for bad faith or any other type of extracontractual liability. This Release will become effective as of the Effective Time, provided that all Parties to the Agreement have executed the Agreement prior to its approval by the MDL Court. In addition, the members of the INEX Settlement Class who were parties to the bellwether trial agree that they (i) will not file any post-judgment motions seeking to vacate, modify, or obtain relief from the final judgment entered by the MDL Court and

(ii) will not appeal the judgment entered in the bellwether trial and they waive any right of appeal.

   **b. INEX and North River.** INEX and North River agree that they (i) will not seek the recovery of costs from the claimants in the bellwether trial or their attorneys, and INEX and North River waive any right to recover such costs, and (ii) will not appeal the judgment entered in the bellwether trial and they waive any right of appeal.

   **c. Withdrawal of North River Objections.** North River has previously made objections to approval of the INEX Class Settlement and the Knauf Class Settlement currently pending before the MDL Court. If the MDL Court approves this Agreement, then the approval will constitute a withdrawal of North River's objections to the INEX Class Settlement and the Knauf Class Settlement and North River will not appeal the approval of the INEX Class Settlement and the Knauf Class Settlement. If the MDL Court does not approve this Agreement, North River will not be deemed to have withdrawn its objections to the INEX Class Settlement or the Knauf Class Settlement and North River will retain all rights to object to the approval of those settlements and to pursue any appeal from the approval of those settlements. If there are any amendments or revisions to the INEX Class Settlement or the Knauf Class Settlement, North River shall have the right to file written objections to any such proposed amendment or revision.

   **5. Preservation of Claims Against Taishan.**

   The right of any Party to this Agreement to assert or pursue any claim against Taishan is not released or compromised by this Agreement.

   **6. No Admission of Liability.**

   The Parties do not admit any fault or liability by entering into this Settlement Agreement. All Parties expressly deny any fault or liability to each other or to any other person or entity other than as set forth in this Agreement. The Parties are entering into this Agreement solely to avoid the uncertainty, burden, and expense of further litigation regarding the specific claims that are the subject of this Settlement Agreement.

   **7. Definitions.** The following definitions will control the interpretation and construction of this Agreement:

   ***a. CDW.*** "CDW" means drywall manufactured in China and sold by INEX, whether or not the drywall releases sulfur gases or corrodes metals.

   ***b. CDW Claims.*** "CDW Claims" means any claim made or that may be made at any time in the future against INEX or North River arising out of or relating to the sale or

distribution of CDW by INEX or under any policy of insurance issued by North River to INEX.

*c. **INEX.*** "INEX" means Interior/Exterior Building Supply, L.P. and any other entity or person insured under of the INEX Policies.

*d. **INEX Class Settlement.*** "INEX Class Settlement" means the class action settlement resolving certain CDW claims against INEX that was preliminarily approved by the MDL Court on May 13, 2011 and amended on January 23, 2012 and October 22, 2012, as well as any future or subsequent amendments or revisions thereto.

*e. **INEX Policies.*** "INEX Policies" means the insurance policies issued by North River to INEX that are identified on Exhibit A to this Agreement.

*f. **INEX Settlement Class.*** "INEX Settlement Class" means all persons or entities with claims, known or unknown, now or in the future, that arise from, or otherwise relate in any to, CDW sold, marketed, distributed and/or supplied by INEX but excludes any person or entity who is the owner of an INEX Knauf Opt-Out Claim or an INEX Taishan Opt-Out Claim. The INEX Settlement Class includes members of both the Louisiana Subclass and the Non-Louisiana Subclass as those terms are used in Section 1.1.3 of the INEX Class Settlement.

*g. **Knauf Class Settlement.*** "Knauf Class Settlement" means the Settlement Agreement Regarding Claims Against the Knauf Defendants that was preliminarily approved by the MDL Court on January 10, 2012, second amendment dated September 4, 2012 and third amendment dated December 12, 2012, as well as any future or subsequent amendments or revisions thereto.

*h.* **MDL Court.** "MDL Court" means the United States District Court for the Eastern District of Louisiana, which has jurisdiction over MDL No. 09-2047, In re: Chinese-Manufactured Drywall Products Liability Litigation.

*i.* **North River.** "North River" means The North River Insurance Company as identified in the Supplemental Insurer Profile Form filed by North River with the MDL Court.

*j.* **Parties.** "Parties" means the Parties to this Agreement identified in Paragraph 1. "Party" shall mean one of the Parties.

*k.* **Release.** "Release" means to forever release and discharge any claim for affirmative relief of any type, whether monetary or not, that is based upon or arises out of the conduct that gave rise to the claim being released. The scope of each of the Releases set forth in this Agreement is intended to be as broad as possible. A release shall include all claims within the scope of this Agreement in which a Party has a legal or beneficial interest, including claims which the Party has received or may in the future receive by

assignment under the INEX Class Settlement, the Knauf Class Settlement, or any other assignment or transfer. When a Party that is not a natural person is released under this Agreement, the Release shall extend to all affiliates, subsidiaries, officers, employees, shareholders, agents, and attorneys of the Party. An agreement to Release a claim includes a covenant not to bring a suit or claim of any type on the claim released against any party within the scope of the Release.

*l.* **Taishan.** "Taishan" means Taishan Gypsum Co., Ltd. f/k/a Shandong TaiheDongxin Co., Ltd.: TaianTaishan Plasterboard Co., Ltd.: PingyiZhongxinPaperfaced Plasterboard Co, Ltd., f/k/a Shandong Chenxiang Building Materials Co., Ltd.; Crescent City Gypsum, Inc., Beijing New Building Materials Public, Ltd. Co.

**8. Binding Effect.** This Agreement shall be binding upon and shall inure to the benefit of the Parties, their respective heirs, beneficiaries, personal representatives, successors, and assigns. No third parties have rights under this Settlement Agreement and there are no third party beneficiaries of this Agreement.

**9. Waiver.** No waiver of any right of any of the Parties under this Agreement shall be effective unless such waiver is in writing and executed by such party and notice thereof is given to all other Parties.

**10. Further Assurances.** Each of the Parties agrees to execute such further and additional documents, instruments, and writings as may be necessary, proper, required, desirable, or convenient for the purpose of fully effectuating the terms and provisions of this Agreement.

**11. Severability.** If any portion or portions of this Agreement may be held by a court of competent jurisdiction to conflict with any federal, state, or local law, and as a result such portion or portions are declared to be invalid and of no force or effect in such jurisdiction, all remaining provisions of this Agreement shall otherwise remain in full force and effect and be construed as if such invalid portion or portions had not been included herein, unless such portion or portions are essential to this Agreement.

**12. Capacity and Authority.** Each Party to this Agreement represents and warrants that it (a) has the capacity and authority to enter into this Agreement, (b) the person or persons executing this Agreement on its behalf is or are authorized to do so, (c) there has been and is no transfer or assignment of, nor encumbrance against, any claim covered by this Agreement, and (d) no third party has any rights which could affect the validity or legality of this Agreement.

**13. Consultation with Counsel.** This Agreement has been negotiated and drafted jointly by the Parties and their counsel as the result of a fair and arms-length transaction. The Parties represent and warrant that they have read and understand this Agreement.

INEX and North River have consulted with their respective counsel concerning this Agreement's legal effect. No rule of construction shall apply to this Settlement Agreement construing its provisions in favor of or against any Party.

14. **Execution in Counterparts.** This Agreement may be executed in counterparts, each of which shall be deemed an original, but all of which together shall constitute one and the same instrument.

15. **Agreement Effective on Signature and Approvals.** The terms of this Agreement shall be effective only upon (1) full execution of Agreement by the Parties and (2) approval of this Agreement, the INEX Class Settlement, and the Knauf Class Settlement by the MDL Court.

16. **Amendment or Modification.** The Parties have read and fully understand this Agreement. This Agreement contains the entire agreement between the Parties regarding the subject matter herein and the Parties do not rely on any written or oral representations or statements not expressly written in this Agreement. This Agreement may be amended or modified only by a written instrument signed by all Parties.

17. **Choice of Law.** The validity, construction, and interpretation of this Agreement shall be governed by the substantive laws of the State of Louisiana without regard to its choice of law provisions.

18. **Enforcement.** This Settlement Agreement may be enforced by specific performance. All Parties consent to the exclusive jurisdiction and venue of the MDL Court solely for the purpose of determining any dispute arising from or relating to this Agreement.

**SIGNATURE PAGES TO FOLLOW**

IN WITNESS HEREOF, the Parties have executed this Settlement Agreement by their duly authorized representatives on the dates stated below.

**Witnesses:**

_signature_
Print Name: Kate Danahay

_signature_
Print Name: LANE ROBEIN

**CLASS COUNSEL FOR SETTLEMENT CLASS AND INDIVIDUAL BELLWETHER PLAINTIFFS**

By: _signature_

Print Name: **Russ M. Herman**

Title: Class Counsel for Settlement Class and Bellwether Individual Plaintiffs

Date: 1/14/13

**Witnesses:**

_signature_
Print Name: Kate Danahay

_signature_
Print Name: LANE ROBEIN

**CLASS COUNSEL FOR SETTLEMENT CLASS AND INDIVIDUAL BELLWETHER PLAINTIFFS**

By: _signature_

Print Name: **Arnold Levin**

Title: Class Counsel for Settlement Class and Bellwether Individual Plaintiffs

Date: 1/14/13

| Witnesses: | Interior/Exterior Building Supply L.P. |
|---|---|
| _____ <br> Print Name: Lisa C Spizale <br><br> _____ <br> Print Name: Megan Carter | By: Interior/Exterior Enterprises, LLC S.P. <br> By: _____, Member <br> Print Name: **Clayton C. Geary** <br><br> Title: Member <br><br> Date: January 14, 2013 |

| Witnesses: | Interior/Exterior Building Supply L.P. |
|---|---|
| _____ <br> Print Name: Lisa C Spizale <br><br> _____ <br> Print Name: Megan Carter | By: Interior/Exterior Enterprises, LLC, S.P. <br> By: _____ <br> Print Name: **James Geary** <br><br> Title: Member <br><br> Date: January 14, 2013 |

| Witnesses: | The North River Insurance Company |
|---|---|
| _____ <br> Print Name: _____ <br><br> _____ <br> Print Name: _____ | By: _____ <br><br> Print Name: _____ <br><br> Title: _____ <br><br> Date: _____ |

7

| Witnesses: | Interior/Exterior Building Supply L.P. |
|---|---|
| _____ | By: _____ |
| Print Name: _____ | Print Name: **Clayton C. Geary** |
|  | Title: Member |
| _____ | Date: _____ |
| Print Name: _____ |  |

| Witnesses: | Interior/Exterior Building Supply L.P. |
|---|---|
| _____ | By: _____ |
| Print Name: _____ | Print Name: **James Geary** |
|  | Title: Member |
| _____ | Date: _____ |
| Print Name: _____ |  |

Witnesses:

*(signature)*

Print Name: Agnes A. Reis

*(signature)*

Print Name: Michelle Tyrone

The North River Insurance Company

By: *(signature)*

Print Name: PATRICIA L. NOLL

Title: Vice President

Date: 1/14/2013

STATE OF LOUISIANA

COUNTY/PARISH OF ORLEANS

BEFORE ME, the undersigned authority, personally came and appeared

**RUSS M. HERMAN**

who, being duly sworn, stated on his/her oath and in the presence of the undersigned witnesses that s/he is Class Counsel for the Settlement Class and Bellwether Individual Plaintiffs and s/he was authorized to and did execute the foregoing instrument in such capacity, as its free act and deed.

IN WITNESS WHEREOF, the said Appearer has executed this acknowledgement in my presence and in the presence of the undersigned competent witnesses on this \_\_14th\_\_ day of \_\_January\_\_, 2013.

WITNESSES:

_____
Print Name: LANE ROBEIN

_____
Print Name: Kate Danahay

_____
NOTARY PUBLIC
Leonard A. Davis
Bar Roll No. 14190
My commission expires at death.

8

STATE OF Louisiana

COUNTY/PARISH OF Orleans

BEFORE ME, the undersigned authority, personally came and appeared

**ARNOLD LEVIN**

who, being duly sworn, stated on his/her oath and in the presence of the undersigned witnesses that s/he is Class Counsel for the Settlement Class and Bellwether Individual Plaintiffs and s/he was authorized to and did execute the foregoing instrument in such capacity, as its free act and deed.

IN WITNESS WHEREOF, the said Appearer has executed this acknowledgement in my presence and in the presence of the undersigned competent witnesses on this 14th day of January, 2013.

WITNESSES:

Print Name: LANE ROBEIN

Print Name: Kate Danahay

NOTARY PUBLIC
Leonard A. Davis
Bar Roll No. 14190
My commission expires at death.

9

STATE OF _Louisiana_

~~COUNTY~~/PARISH OF _Orleans_

BEFORE ME, the undersigned authority, personally came and appeared

**CLAYTON C. GEARY**

who, being duly sworn, stated on his/her oath and in the presence of the undersigned witnesses that s/he is a Member of Interior/Exterior Building Supply L.P. and s/he was authorized to and did execute the foregoing instrument in such capacity for the said entity, as its free act and deed.

IN WITNESS WHEREOF, the said Appearer has executed this acknowledgement in my presence and in the presence of the undersigned competent witnesses on this _14_ day of _January_, 2013.

WITNESSES:

Print Name: _Nina C. Sinale_     **Clayton C. Geary**

Print Name: _Megan Carter_

NOTARY PUBLIC

ROBERT S. STASSI
NOTARY PUBLIC
Louisiana State Bar Roll No. 25259
My Commission Is Issued for Life

10

STATE OF Louisiana

COUNTY/PARISH OF Orleans

BEFORE ME, the undersigned authority, personally came and appeared

**JAMES GEARY**

who, being duly sworn, stated on his/her oath and in the presence of the undersigned witnesses that s/he is a Member of Interior/Exterior Building Supply L.P. and s/he was authorized to and did execute the foregoing instrument in such capacity for the said entity, as its free act and deed.

IN WITNESS WHEREOF, the said Appearer has executed this acknowledgement in my presence and in the presence of the undersigned competent witnesses on this 14th day of January, 2013.

WITNESSES:

Print Name: Lisa C. Spizale

Print Name: Megan Carver

James Geary

NOTARY PUBLIC

Robert S. Stassi
Notary Public
Louisiana State Bar Roll No. 25259
My Commission is Issued for Life

11

STATE OF New Jersey

PARISH/COUNTY OF Morris

BEFORE ME, the undersigned authority, personally came and appeared

PATRICIA L. Noll

who, being duly sworn, stated on his/her oath and in the presence of the undersigned witnesses that s/he is the Vice President of The North River Insurance Company and s/he was authorized to and did execute the foregoing instrument in such capacity for the said corporation, as its free act and deed.

IN WITNESS WHEREOF, the said Appearer has executed this acknowledgement in my presence and in the presence of the undersigned competent witnesses on this 14th day of January, 2013.

WITNESSES:

_____
Print Name: Adriana E. Baudry

_____
Print Name: Acne A. Riers

_____
NOTARY PUBLIC

SONIA KONOPI
NOTARY PUBLIC OF NEW JERSEY
MY COMMISSION EXPIRES 3/25/2014

# EXHIBIT A

Policy No. 553-085250-3 (effective December 1, 2003 to January 1, 2005)

Policy No. 553-086807-3 (effective January 1, 2005 to January 1, 2006)

Policy No. 553-088195-1 (effective January 1, 2006 to January 1, 2007)

Policy No. 553-089469-5 (effective January 1, 2007 to January 1, 2008)

Policy No. 553-090750-2 (effective January 1, 2008 to January 1, 2009)

Policy No. 553-091952-6 (effective January 1, 2009 to January 1, 2010)

For the Knauf Defendants:

| | |
|---|---|
| **Witnesses:** | **Knauf Plasterboard (Tianjin) Co., Ltd.** |
| _____ | By: _____ * |
| Print Name: _____ | Print Name: Joerg Schanow |
| | Alexander Schuetz |
| | Title: _____ |
| _____ | Date: 1-15-13 |
| Print Name: _____ | |
| **Witnesses:** | **Knauf Plasterboard (Wuhu) Co., Ltd.** |
| _____ | By: _____ * |
| Print Name: _____ | Print Name: Joerg Schanow |
| | Alexander Schuetz |
| | Title: _____ |
| _____ | Date: 1-15-13 |
| Print Name: _____ | |

\* As Attorneys In Fact
Pursuant to Power of Attorney
Dated March 30, 2012

13

| Witnesses: | **Guangdong Knauf New Building Material Products Co., Ltd.** |
|---|---|
| _____ | By: _/s/ illegible signature_ ✶ |
| Print Name: _____ | Print Name: Joerg Schanow / Alexander Schuetz |
|  | Title: _____ |
| _____ | Date: 1-15-13 |
| Print Name: _____ |  |

| Witnesses: | **Knauf Gips KG** |
|---|---|
| _____ | By: _/s/ illegible signature_ ✶ |
| Print Name: _____ | Print Name: Joerg Schanow / Alexander Schuetz |
|  | Title: _____ |
| _____ | Date: 1-15-13 |
| Print Name: _____ |  |

| Witnesses: | **Gebr. Knauf Verwaltungsgesellschaft KG** |
|---|---|
| _____ | By: _/s/ illegible signature_ ✶ |
| Print Name: _____ | Print Name: Joerg Schanow / Alexander Schuetz |
|  | Title: _____ |
| _____ | Date: 1-15-13 |
| Print Name: _____ |  |

✶ As Attorneys In Fact Pursuant to Power of Attorney Dated March 30, 2012

14

| Witnesses: | Knauf International GmbH |
|---|---|
| _____ | By: /s/ _illegible_ ✱ |
| Print Name: _____ | Print Name: Joerg Schanow / Alexander Schuetz |
|  | Title: _____ |
| _____ | Date: 1-15-13 |
| Print Name: _____ |  |

| Witnesses: | Knauf Insulation GmbH |
|---|---|
| _____ | By: /s/ _illegible_ ✱ |
| Print Name: _____ | Print Name: Joerg Schanow / Alexander Schuetz |
|  | Title: _____ |
| _____ | Date: 1-15-13 |
| Print Name: _____ |  |

| Witnesses: | Knauf UK GmbH |
|---|---|
| _____ | By: /s/ _illegible_ ✱ |
| Print Name: _____ | Print Name: Joerg Schanow / Alexander Schuetz |
|  | Title: _____ |
| _____ | Date: 1-15-13 |
| Print Name: _____ |  |

✱ As Attorneys In Fact
Pursuant to Power of Attorney
Dated March 30, 2012

15

| Witnesses: | Knauf AMF GmbH & Co. KG |
|---|---|
|  | By: _[signature]_ ✶ |
| Print Name: _____ | Print Name: Joerg Schnow / Alexander Schuetz |
|  | Title: _____ |
| Print Name: _____ | Date: 1-15-13 |

| Witnesses: | Knauf do Brasil Ltda. |
|---|---|
|  | By: _[signature]_ ✶ |
| Print Name: _____ | Print Name: Joerg Schnow / Alexander Schuetz |
|  | Title: _____ |
| Print Name: _____ | Date: 1-15-13 |

| Witnesses: | PT Knauf Gypsum Indonesia |
|---|---|
|  | By: _[signature]_ ✶ |
| Print Name: _____ | Print Name: Joerg Alexander Schnow Schuetz |
|  | Title: _____ |
| Print Name: _____ | Date: 1-15-13 |

✶ As Attorneys In Fact Pursuant to Power of Attorney Dated March 30, 2012

16

STATE OF _Louisiana_

PARISH/~~COUNTY~~ OF _Orleans_

BEFORE ME, the undersigned authority, personally came and appeared _Joerg Schanow & Alexander Schuetz_ who, being duly sworn, stated on his/her oath and in the presence of the undersigned witnesses ~~that s/he is~~ _they are_ the _Attorneys In Fact_ of Knauf Plasterboard (Tianjin) Co., Ltd. ("KPT"), Knauf Plasterboard (Wuhu) Co., Ltd. ("Wuhu"), Guangdong Knauf New Building Material Products Co., Ltd. ("Dongguan"), Knauf Gips KG ("Knauf Gips"), Gebr. Knauf Verwaltungsgesellschaft KG, Knauf International GmbH, Knauf Insulation GmbH ("KI"), Knauf UK GmbH, Knauf AMF GmbH & Co. KG, Knauf do Brasil Ltda. and PT Knauf Gypsum Indonesia and s/he was authorized to and did execute the foregoing instrument in such capacity for the said corporations, as its free act and deed.

IN WITNESS WHEREOF, the said Appearer has executed this acknowledgement in my presence and in the presence of the undersigned competent witnesses on this _15th_ day of _January_, 2013.

WITNESSES:

Print Name: _Kerry Miller_

Print Name: _Robert Grass_

_Ruth H. Leard_
NOTARY PUBLIC

RUTH H. LEARD
Orleans Parish, Louisiana
Notary Public
Notary ID Number: 3892
My Commission is Issued for Life