UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE:  CHINESE-MANUFACTURED DRYWALL | ) | MDL NO. 2047 |
| PRODUCTS LIABILITY LITIGATION | ) | |
| | ) | SECTION: L |
| | ) | |
| | ) | JUDGE FALLON |
| | ) | MAG. JUDGE WILKINSON |
| _____ | ) | |

**THIS DOCUMENT RELATES TO ALL CASES**

**MEMORANDUM IN SUPPORT OF RYAN AND ASHLIN REECE'S
MOTION TO ENFORCE ALREADY REMEDIATED HOME SETTLEMENT
AGREEMENT, OR ALTERNATIVELY, TO EXPEDITE MEDIATION**

**MAY IT PLEASE THE COURT:**

**I.      INTRODUCTION**

Ryan and Ashlin Reece are claimants in the above-captioned matter.  Their home was remediated some time ago prior to preliminary approval by this Honorable Court of the Settlement with Knauf Plasterboard (Tianjin) Co., Ltd. ("KPT) in January 2012.  The Reece property is located at 4933 Utica Street, Metairie, Louisiana 70006.  This property is commonly referred to as an "already remediated home."  In order to expedite claims for already remediated homes, this Honorable Court, on March 29, 2012, issued Pre-Trial Order No. 26 (Already Remediated Homes Order), which, pursuant to the Court's duty to supervise pre-trial proceedings and pursuant to the Court's inherent power, ordered all such homeowners to officially register with Brown Greer within 30 days of the  Order and to submit certain documentation to Brown Greer within that time period. The Reeces timely complied with Pre-Trial Order No. 26 and  registered and submitted their claims on April 27, 2012.  Additional information was requested by KPT and timely provided by November

2012.  KPT has failed to timely make an offer of settlement for the already remediated home despite time limits that exist in the Knauf Settlement Agreement and assurances from Knauf that settlement offers for already remediated homes would be promptly made to homeowners who comply with Pre-Trial Order No. 26.

## II.    FACTS

Claimants, Ryan and Ashlin Reece initially discovered Chinese Drywall manufactured by KPT in August, 2009. The Reeces waited to remediate their home until the Court issued its Findings of Facts and Conclusions of Law in the bellwether trial, *Hernandez v. Knauf Gips KG, et al.*, issued on April 27, 2010, which contained the Court's detailed analysis of the scope of remediation. After this decision was rendered, and realizing that Knauf would not promptly address problems within their home, the Reeces decided, on their own, to remediate their home. This was especially important because they were concerned about the potential health ramifications of leaving the Chinese Drywall in the home.

Using the *Hernandez* decision as a guide, the Reece family began to remediate the home in May, 2010, having secured a loan to pay for the remediation. The remediation was completed in October, 2010 at a cost of approximately $152,606.89, not including the additional expenses incurred for moving, storage, living, damaged personal items, and interest on the loan taken for remediation.

The KPT Settlement was announced on December 20, 2011, with preliminary approval granted on January 10, 2012. Just after the KPT Settlement was announced, Knauf informed individuals that it would immediately begin to attempt to settle already remediated homes for those claimants who provided sufficient proof of remediation.  On March 29, 2012, this Honorable Court

2

issued Pre-Trial Order No. 26, known as the Already Remediated Homes Order. In Pre-Trial Order No. 26, the Court ordered all homeowners that had already remediated their properties to officially register with Brown Greer within 30 days of the  Order and to submit certain documentation to Brown Greer within that time period. The extensive required documentation included 1) photographs of the property prior to, and following completion of remediation; 2) the Remediation contract and an itemization of materials used in remediation;   3) an itemized invoice or billings from the remediation contractor; 4) proof of payment; 5) a floor plan with dimensions; 6) an environmental certificate; and 7) an Owner Disclosure Affidavit. Further, at Paragraph 9, the Order states, "[t]his order is procedural in nature and does not change any rights or obligations set forth in the Settlement Agreement Regarding Claims Against the Knauf Defendants in MDL 2047 ('the Settlement Agreement') .... [a]s such, disputes related to Already Remediated Homes, to the extent that there are any, shall be governed by the dispute resolution procedures set forth in section IVB and IVC of Exhibit "A" to the Settlement Agreement." Counsel for Knauf indicated that resolution for claims of properties submitted to Brown Greer pursuant to Pre-Trial Order No. 26 would be expedited, even prior to final approval of the Settlement.

Claimants Ryan and Ashlin Reece timely registered with Brown Greer and submitted their documentation on April 27, 2012, including an Owner Disclosure Affidavit which included a compilation of the damages. The Reeces continued to incur ongoing damages, as well as interest on the remediation loan, and storage fees for the storage of evidence pursuant to Pre-Trial Order No. 1(B), after this submission.  In fact, these expenditures continue to incur daily.

Immediately after submitting the data to Brown Greer on April 27, 2012, the Reeces inquired in an attempt to meet with Knauf to reach a resolution of their claim for their already remediated

home. Numerous discussions took place with Knauf and comments at the monthly status conferences took place regarding resolution of already remediated homes. Knauf assured this Court that it was reviewing submissions made for already remediated homes and that prompt offers of resolution would be forthcoming. Despite this, and ongoing promises by Knauf to review and make a settlement offer regarding the Reeces' property, no such offer or attempt to resolve the Reeces' claim has been forthcoming.

Knauf did make some inquiry regarding the April 27, 2012 submission to Brown Greer. Five (5) months after submitting the documentation to Brown Greer, Knauf, on September 20, 2012, emailed undersigned counsel, requesting more information before it could be evaluated, and noting some "non-protocol" items. **See, Exhibit A, Email of September 20, 2012 from Garrett Thalgott**. In an effort to hasten an offer, undersigned counsel and the Reeces took the time to draft and submit a very detailed response memorandum, including documentation. This was submitted to counsel for KPT on November 9, 2012 **See, Exhibit B, Response to KPT dated November 9, 2012 (without attachments).** Mr. Reece contacted Knauf's counsel in November, 2012, at which time he was verbally promised an offer during the week of December 13, 2012. On December 13, 2012, undersigned counsel requested an update on the Reece response, to which KPT's counsel replied that he was unable to get him the offer as promised, but that it is at the top of their list. **See, Exhibit C, Email of December 13, 2012 from Garrett Thalgott.**[1]

On January 18, 2013, undersigned counsel advised counsel for KPT that it would be bringing the matter before the Court and would request that the Court assist in resolving this dispute.

---

[1] On numerous occasions, discussions regarding the Reece property had taken place with counsel for Knauf. Suffice it to say, the issue is well known to Knauf's counsel as many emails and discussions regarding this property have taken place over the last several months.

## III.   ARGUMENT

Ryan and Ashlin Reece have been extremely patient.  Their submission for their already remediated home was timely filed in accordance with Pre-Trial Order No. 26.  Understanding that Knauf had a question about their submission, detailed additional information and materials were provided to Knauf on a timely basis.  Knauf has had a complete package of materials responsive to all Knauf questions regarding the Reece property since November 9, 2012.  No offer for this remediated home has been provided by Knauf.  Section IV of Exhibit "A," Already Remediated Properties Protocol, of the Knauf Settlement Agreement sets forth the procedures for resolving remediation claims.  The Agreement provides that a negotiation sessions is to be scheduled and held within twenty-five (25) business days of receipt of the Owner Disclosure Affidavit. No such session took place after the claim was submitted on April 27, 2012.  The Already Remediated Properties Protocol also requires that "The Knauf Defendants and the Owner shall have 25 business days from the date of the first negotiation session to resolve the Owner's Remediation Claims."  No good cause has been shown for any delay of this negotiation period.

The delays need to end and the Reece home, which is already remediated and has been pending for some time, needs to be resolved.

The Already Remediated Properties Protocol allows for Non-binding Mediation if The Knauf Defendants and the Owner have not resolved and, alternatively, should this Court elect not to address this matter, the Reeces request that an Order be issued for an expedited mediation.

## IV.     CONCLUSION

For the reasons set forth in detail above, Claimants, Ryan and Ashlin Reece, respectfully request that the Court enforce the terms of the settlement agreement that Knauf Plasterboard (Tianjin) Co., Ltd. ("KPT") entered into with respect to already remediated homes, or alternatively, that this Court issue an Order for an expedited mediation.

Respectfully submitted,

Dated: January 18, 2013                  /s/ Russ M. Herman
                                         Russ M. Herman, Esquire (Bar No. 6819)
                                         Leonard A. Davis, Esquire (Bar No. 14190)
                                         Stephen J. Herman, Esquire (Bar No. 23129)
                                         Jeremy S. Epstein, Esquire (Bar No. 32135)
                                         HERMAN, HERMAN & KATZ, LLC
                                         820 O'Keefe Avenue
                                         New Orleans, Louisiana 70113
                                         Phone: (504) 581-4892
                                         Fax: (504) 561-6024
                                         Ldavis@hhklawfirm.com

## CERTIFICATE OF SERVICE

I hereby certify that the above and foregoing pleading has been served on Defendants' Liaison Counsel, Kerry Miller, by U.S. Mail and e-mail or by hand delivery and e-mail and upon all parties by electronically uploading the same to LexisNexis File & Serve in accordance with Pre-Trial Order No. 6, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2047, on this 18th day of January, 2013.

/s/ Leonard A. Davis
Russ M. Herman, Esquire (Bar No. 6819)
Leonard A. Davis, Esquire (Bar No. 14190)
Stephen J. Herman, Esquire (Bar No. 23129)
Jeremy S. Epstein, Esquire (Bar No. 32135)
HERMAN, HERMAN & KATZ, LLC
820 O'Keefe Avenue
New Orleans, Louisiana 70113
Phone: (504) 581-4892
Fax: (504) 561-6024
Ldavis@hhklawfirm.com