UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: CHINESE-MANUFACTURED DRYWALL PRODUCTS LIABILITY LITIGATION | MDL NO. 2047<br>SECTION: L<br>JUDGE FALLON<br>MAG. JUDGE WILKINSON |
| **THIS DOCUMENT RELATES TO:**<br><br>*Payton, et al. v. Knauf GIPS KG, et. al.*, Case No. 2:09-cv-07628 (E.D.La.)<br><br>*Wiltz, et al. v. Beijing New Building Materials Public Limited Co., et. al.*, Case No. 2:10-cv-00361 (E.D.La.)<br><br>*Gross, et al. v. Knauf Gips KG, et. al.*, Case No. 2:09-cv-6690 (E.D.La.)<br><br>*Rogers, et al. v. Knauf GIPS KG, et. al.*, Case No. 2:10-cv-00362 (E.D.La.)<br><br>*Abel, et. al. v. Taishan Gypsum Co., Ltd.., f/k/a Shandong Taihe Dongxin Co., Ltd., et. al.*, Case No. 2:11-cv-080 (E.D.La.)<br><br>*Abreu, et. al. v. Gebrueder Knauf Verwaltungsgesellschaft, KG*, Case No. 2:11-cv-252 (E.D.La.)<br><br>*Haya, et al v. Taishan Gypsum Co., Ltd. f/k/a Shandong Taihe Dongxin Co., Ltd., et al.*, Case No. 11-cv-1077 (E.D.La.)<br><br>*Block, et. al. v. Gebrueder Knauf Verwaltungsgesellschaft, KG, et. al.*, Case No. 11-cv-1363 (E.D.La.) | |

**PLAINTIFFS' OPPOSITION TO UNIVERSAL CONSTRUCTION COMPANY, INC.'S MOTION TO SET ASIDE PRELIMINARY DEFAULT JUDGEMENT AND REQUEST FOR SANCTIONS PURSUANT TO 28 U.S.C. § 1927**

I.  **INTRODUCTION.**

Universal Construction Company, Inc. ("Universal") through its motion to set aside preliminary default and request for sanctions, *see* Rec. Doc. 13324, seeks to sanction "Plaintiffs

counsel" (apparently both the Plaintiffs' Steering Committee ("PSC") and individually retained counsel) for inadvertently obtaining a preliminary default judgment against the company. The PSC has been instrumental is assisting the Court to administer this prolix and complex multidistrict litigation involving thousands of litigants, both plaintiffs and defendants, named on the Omnibus complaints. Amongst the many services provided by the PSC is the interfacing between individually retained counsel and counsel for defendants that were mistakenly named as litigants, and assisting to correct inadvertent errors. Universal was erroneously named as a defendant. And despite the PSC's assistance to have it extricated from the litigation, Universal seeks sanctions notwithstanding that it had been dismissed as a defendant twenty-two (22) days prior to the filing of its motion to set aside and request for sanctions. In addition, the PSC has since administratively removed Universal from the Court's preliminary default judgement. Nevertheless, Universal disregards these changed circumstances and maintains that sanctions should still be imposed. Universal's request is unfounded.

## II.  FACTS.

On June 13, 2011, Universal first alerted Collins & Horsley, P.C., counsel of record for each of the plaintiffs suing Universal in the *Abreu* case, that it should be dismissed from the litigation as being mistakenly sued as a defendant in MDL No. 2047. *See* Exhibits 1, 2, 3, 4, and 5 to Universal's Brf.. Based upon Universal's representations, Collins & Horsley after a lengthy period of due diligence agreed to voluntarily dismiss Universal. *See* Exhibit 4 to Universal's Brf.. After some effort, Collins & Horsley prepared motions for voluntary dismissal for all of their *Abreu* clients (save two) that were consistent with the PSC's established protocol. These motions were filed by the PSC on February 14, 2012. Rec. Doc. Nos. 12488-93.[1]

---

[1] Over the course of MDL No. 2047, in excess of approximately 350 notices of voluntary dismissal have been filed that were subject to the PSC's established protocol and oversight, and

Unbeknownst to the PSC, the two clients for whom no notice of voluntary dismissal was filed, Mr. & Mrs. Chaviz, had in the meantime retained different counsel, Barron & Budd (Bruce Steckler, Esq.). As these plaintiffs had not been dismissed by Collins & Horsley, P.C., the PSC's records reflected that claims against Universal persisted and thus Universal maintained its default status on the PSC's omnibus motion for preliminary default which was initially filed on November 18, 2011. Rec. Doc.No. 11234.

On or about February 10, 2012, Universal brought to the PSC's attention that it was still listed as <u>being</u> in default in the PSC's omnibus motion for preliminary default judgment. *See* Exhibit 9 to Universal's Brf.. On February 24, 2012, the Court granted this motion as amended. *See* Rec. Doc. No. 12599. As is well documented in Universal's motion, both Universal and the PSC had worked cooperatively and diligently to obtain dismissals of Universal prior to the entry of the preliminary default order.[2] Unfortunately, the PSC was not aware that Universal's default <u>involving the Chavizes</u> had not been fully resolved until the matter was brought to our attention on February 29, 2012.[3] In other instances, the PSC revised its omnibus motion by submitting correcting Errata that removed defaulting parties as their appearances or other deficiencies were

---

which were all administered without incident. While the instant matter was also resolved without incident, albeit some delay, Universal persists in seeking sanctions after obtaining prompt dismissals from the action and the correction of the preliminary default order.

[2] As noted above, these efforts resulted in the dismissal of the overwhelming majority of the claims against Universal in the *Abreu* case on February 14, 2012. *See* Rec. Doc. Nos. 12488-93.

[3] *See* February 29, 2012 correspondence from Brian Collins to Robbie Vargo, Exhibit 9 to Universal's Brf.. ("Has Barron & Bud dismissed the Chavis case against Univeral? If not, that one case may be the reason. We no longer represent them and had no authority to dismiss anyone on their behalf.").

resolved.[4]

Upon being advised by Universal that it had been listed on the Court's order as a defaulting party on March 1, 2012, the PSC sought to amicably resolve the remaining claims of the Chavizes. Since the omnibus motion for preliminary default involved many defendants not just Universal, the PSC proposed that it would make yet another corrective filing after providing other parties a similar opportunity to correct any other potential errors in the preliminary default judgment order. *See* March 1, 2012 correspondence from Matthew Gaughan to Robbie Vargo, attached hereto as Exhibit "A". The PSC also proposed that Universal enter a stipulation with Mr. Steckler, so that no action would be taken on the preliminary default that had been entered. *Id*. Universal demurred and instead threatened sanctions because it mistakenly perceived a need to engage local counsel to remove the default. *See* March 2, 2012 correspondence from Robbie Vargo to Matthew Gaughan and Bruce Steckler, Exhibit "A".

Notwithstanding Universal's hyperbole, the PSC, aided by individually retained counsel, continued its efforts to amicably resolve the matter. For example, on March 3, 2012, the PSC advised Universal's local counsel that they were "working on a [unopposed] motion" to set aside the default but thought Universal "should be the one to file it." *See* March 3, 2012 correspondence from Matthew Gaughan to Steve Griffith, Exhibit 8 to Universal's Brf.. In addition, the PSC arranged to have a notice of voluntary dismissal of Kevin and Kristy Chavis' claims against Universal filed on March 5, 2012, *see* Rec.Doc. 12763, thus eliminating the impediment to removing Universal from the default judgment.

---

[4] The PSC has tirelessly revised its omnibus motion for preliminary default by filing Errata upon learning of appearances by parties, mistaken allegations, or other material information brought to the PSC's attention. *See* Rec. Doc. Nos. 11773, 11839, 12265, and 12551. This service has been provided amidst the undulating and ever-changing conditions of this complex litigation.

On March 9, 2012, the PSC advised Universal that Universal should file a simple motion to correct default. *See* March 9, 2012 correspondence from Matthew Gaughan to Steve Griffith, Exhibit 9 to Universal's Brf.. Rather than prepare the perfunctory motion suggested by the PSC, Universal instead filed the instant motion to set aside and for sanctions. *See* Rec. Doc. 13324. This motion seeks to recover Universal's costs and attorney's fees. The motion, however, was not accompanied by any motion to lift the stay in place and thus was not addressed by the Court.

During this period of inactivity, on July 26, 2012, the PSC moved to amend the order granting their omnibus motion for preliminary default, in part, to remove the default judgment that had been granted against Universal. *See* Rec.Doc. 15556. The Court granted that motion on August 7, 2012. *See* Rec.Doc. 15687. Accordingly, Universal is no longer a defendant in this litigation and any default that had been entered against it has now been administratively removed.

Still bent upon sanctioning Plaintiffs Counsel, Universal insists upon pursuing sanctions notwithstanding that it has been dismissed from this litigation and the default has been administratively removed. On December 17, 2012, Universal moved to lift the stay with respect to its motion to set aside and for sanctions. *See* Rec.Doc. 16448. So far as Universal is requesting sanctions from either the PSC or individually retained counsel, its motion should be denied for the reasons set forth below.

### III.  ARGUMENT.

Universal's request for sanctions should be denied since its request of the PSC to remove the preliminary default against it (a party that had been dismissed from the litigation) has already been accomplished. In light of its dismissal long ago on March 5, 2012 and the lifting of the preliminary default on August 7, 2012, Universal can demonstrate no harm or prejudice by any delay in removing the preliminary default judgment.

As noted above, the PSC and Universal worked diligently to avoid the issuance of a

preliminary default against Universal but were operating under the mistaken impression that all plaintiffs with claims against Universal were represented by a single law firm.  Upon learning that this mistake resulted in the issuance of a preliminary default against Universal, the PSC was instrumental in orchestrating the action needed to obtain the dismissal of the remaining claims of the Chavizes.  While Universal is displeased that the PSC and individually retained counsel did not immediately remove the preliminary default judgment, these counsel acted responsibly and took appropriate measures to dismiss the Chaviz's claims against Universal and to have the preliminary default judgment corrected.

Plainly, Plaintiffs' conduct does not warrant the sanctions being requested by Universal.  Universal concedes that "plaintiffs have done a yeoman's job on the overall management of this multi-district litigation."  *See* Universal Brf. at 1.  As the court is well aware, this enormously complex litigation involves thousands of defendants who range from fortune 500 companies to smaller installer defendants who installed defective drywall in one or two properties.  In addition, the thousands of plaintiffs with claims in MDL 2047 are represented by myriad different law firms.  For this reason, problems that could ordinarily be resolved promptly in binary litigation have often taken substantially longer to resolve.  This complexity resulted in the erroneous default against Universal since neither the PSC nor Universal were aware that Mr. and Mrs. Chavis had retained new counsel and thought all claims against Universal had been dismissed prior to the entry of the preliminary default judgment. Under these circumstances, Universal has failed to demonstrate the type of "vexatious" and "improper purpose" that is required for purposes of imposing sanctions under 28 U.S.C. § 1927.  *See Ratliff v. Stewart*, 508 F.3d 225 (5th Cir. 2007).

### IV.     CONCLUSION.

Wherefore, the PSC respectfully request that the Court deny Universals' motion to set

aside preliminary default judgement and request for sanctions so far as it seeks sanctions from Plaintiffs.

Dated: January 22, 2013

Respectfully submitted,

/s/ Russ M. Herman
Russ M. Herman, Esquire (LA Bar No. 6819)
Leonard A. Davis, Esquire (LA Bar No. 14190)
Stephen J. Herman, Esquire (LA Bar No. 23129)
HERMAN, HERMAN & KATZ, LLC
820 O'Keefe Avenue
New Orleans, Louisiana 70113
Phone: (504) 581-4892
Fax: (504) 561-6024
LDavis@hhkc.com
*Plaintiffs' Liaison Counsel*
*MDL 2047*

Arnold Levin (On the Brief)
Fred S. Longer (On the Brief)
Matthew C. Gaughan (On the Brief)
Levin, Fishbein, Sedran & Berman
510 Walnut Street, Suite 500
Philadelphia, PA 19106
215-592-1500 (phone)
215-592-4663 (fax)
Alevin@lfsblaw.com
*Plaintiffs' Lead Counsel*
*MDL 2047*

## PLAINTIFFS' STEERING COMMITTEE

Dawn M. Barrios
Barrios, Kingsdorf & Casteix, LLP
701 Poydras Street, Suite 3650
New Orleans, LA 70139
Phone: (504) 524-3300
Fax: (504) 524-3313
Barrios@bkc-law.com

Daniel E. Becnel, Jr.
Becnel Law Firm. LLC
425 W. Airline Highway, Suite B
Laplace, LA 70068
Phone: (985) 536-1186
Fax: (985) 536-6445
dbecnel@becnellaw.com

Robert C. Josefsberg
Podhurst Orseck, P.A.
25 Flagler Street, 8th Floor
Miami, FL 33130
Phone: (305) 358-2800
Fax: (305) 358-2382
rjosefsberg@podhurst.com

Bruce William Steckler
The Steckler Law Firm
12700 Park Central Drive, Ste 1900
Dallas, TX 75251
Phone: (972) 387-4040
Fax: (972) 387-4041
bruce@stecklerlaw.com

Ervin A. Gonzalez
Colson, Hicks, Eidson, Colson
 Matthews, Martinez, Gonzales,
 Kalbac & Kane
255 Alhambra Circle, Penthouse
Cora Gables, FL 33134
Phone: (305) 476-7400
Fax: (305) 476-7444

Ben W. Gordon, Jr.
Levin, Papantonio, Thomas, Mitchell
 Echsner & Proctor, P.A.
316 S. Baylen Street, Suite 600
Pensacola, FL 32502
Phone: (850) 435-7000
Fax: (850) 435-7020
bgordon@levinlaw.com

Hugh P. Lambert
Lambert and Nelson
701 Magazine Street
New Orleans, LA 70130
Phone: (504) 581-1750
Fax: (504) 529-2931
hlambert@lambertandnelson.com

Gerald E. Meunier
Gainsburgh, Benjamin, David, Meunier
 & Warshauer, LLC
2800 Energy Centre, 1100 Poydras Street
New Orleans, LA 70163-2800
Phone: (504) 522-2304
Fax: (504) 528-9973
gmeunier@gainsben.com

Jerrold Seth Parker
Parker, Waichman, Alonso LLP
3301 Bonita Beach Road
Bonita Springs, FL 34134
Phone: (239) 390-1000
Fax: (239) 390-0055
Jerry@yourlawyer.com

Scott Wm. Weinstein
Morgan & Morgan
12800 University Drive, Suite 600
Ft. Meyers, FL 33907
Phone: (239) 433-6880
Fax: (239) 433-6836
sweinstein@forthepeople.com

James Robert Reeves
Lumpkin & Reeves
160 Main Street
Biloxi, MS 39530
Phone: (228) 374-5151
Fax: (228) 374-6630
jrr@lumpkinreeves.com

Christopher Seeger
Seeger Weiss, LLP
77 Water Street
New York, NY 10005
Phone: (212) 584-0700
Fax: (212) 584-0799
cseeger@seegerweiss.com

Daniel K. Bryson
Whitfield, Bryson & Mason
900 W. Morgan Street
Raleigh, NC 27603
Phone: (919) 600-5000
Fax: (919) 600-5002
dan@wbmllp.com

Richard J. Serpe, Esquire
Law Offices of Richard J. Serpe
Crown Center, Ste. 310
580 East Main Street
Norfolk, VA 23510-2322
Phone: (757) 233-0009
Fax: (757) 233-0455
rserpe@serpefirm.com

Victor M. Diaz, Jr., Esquire
V.M. Diaz and Partners, LLC
119 Washington Ave, Suite 402
Miami Beach, FL 33139
Phone: (305) 704-3200
Fax: (305) 538-4928
victor@diazpartners.com

## OF COUNSEL TO PLAINTIFFS' STEERING COMMITTEE

Richard S. Lewis
HAUSFELD LLP
1700 K Street, N.W
Suite 650
Washington, DC 20006
Phone: (202) 540-7200
Fax:  (202) 540-7201
rlewis@hausfeldllp.com

Andrew A. Lemmon
Lemmon Law Firm, LLC
P.O. Box 904
15058 River Road
Hahnville, LA 70057
Phone: (985) 783-6789
Fax: (985) 783-1333
andrew@lemmonlawfirm.com

**CERTIFICATE OF SERVICE**

      I hereby certify that the above and foregoing Plaintiffs' Opposition to Universal Construction Company, Inc.'s Motion to Set Aside Preliminary Default Judgement and Request for Sanctions Pursuant to 28 U.S.C. § 1927 has been served on Defendants' Liaison Counsel, Kerry Miller, by e-mail and upon all parties by electronically uploading the same to LexisNexis File & Serve in accordance with Pre-Trial Order No. 6, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2047 on this 22nd day of January, 2013.

      /s/ Leonard A. Davis
      Leonard A. Davis, Esquire
      HERMAN, HERMAN & KATZ, LLC
      820 O'Keefe Avenue
      New Orleans, Louisiana 70113
      Phone: (504) 581-4892
      Fax: (504) 561-6024
      Ldavis@hhkc.com
      Plaintiffs' Liaison Counsel
      MDL 2047

      *Co-counsel for Plaintiffs*