**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| IN RE: CHINESE-MANUFACTURED DRYWALL PRODUCTS LIABILITY LITIGATION | MDL NO. 2047 SECTION: L |
| THIS DOCUMENT RELATES TO: <br><br> Richard and Constance Almeroth, et al., individually, and on behalf of all others similarly situated, <br><br> **Plaintiffs,** <br><br> v. <br><br><br> TAISHAN GYPSUM CO., LTD. F/K/A SHANDONG TAIHE DONGXIN CO., LTD., et. al.; <br><br> (EDLA No. 12-0498) <br><br> **Defendants.** | JUDGE FALLON MAG. JUDGE WILKINSON |

**PLAINTIFFS COUNSEL'S MEMORANDUM IN SUPPORT OF MOTION FOR AN ORDER (1) CONDITIONALLY DISMISSING DEFENDANT ANTIONETA TORRES AND (2) RECOMMENDING VOLUNTARY DEPOSIT PROCEDURE TO REIMBURSE COMMON BENEFIT COUNSEL**

Pursuant to Rule 41 of the Federal Rules of Civil Procedure, Plaintiffs' Counsel respectfully request that this court conditionally dismiss Defendant Antioneta Torres ("Torres"), from the above referenced matter, pending review of a settlement between twenty-nine[1] Plaintiffs and Torres and the ultimate dismissal of Torres from state court actions currently before Judge Mary Jane Hall of the Circuit Court for the City of Norfolk in Virginia. Further, consistent with state-federal court coordination of Chinese Drywall litigation, Counsel for

---

[1] Twenty-nine Plaintiffs have agreed to settle with Torres before the Circuit Court for the City of Norfolk in Virginia. Two of these Plaintiffs (Anton & Melissa Riedl and Tadarreio & Mattea Atkins) filed claims against Torres in the above captioned Omnibus Class Action Complaint (XIII), MDL 2047.

Plaintiffs request that this Court recommend that the Circuit Court for the City of Norfolk allow Plaintiffs to set aside a portion of the settlement proceeds to reimburse the Plaintiffs Steering Committee ("PSC") and Common Benefit Counsel, and cap total Attorneys Fees to be paid by Plaintiffs at 32%.

Twenty-nine Plaintiffs filed actions against Torres in the Circuit Court for the City of Norfolk in 2010 and 2011 alleging damages relating to Torres' installation of Chinese Drywall in their homes (the "state court actions"). Bellwether trials against Torres were set to commence on January 14, 2013 before Judge Hall. The parties engaged in discovery, and Judge Hall issued rulings on multiple motions in the state court actions. After arms-length negotiations with the assistance of a mediator, on January 8, 2013, Defendant Torres and insurer Western World Insurance Company agreed to settle Plaintiffs' claims against Torres for an aggregate amount of $800,000. Plaintiffs' counsel and the PSC will present information to Judge Hall (with courtesy copies to Judge Fallon) to show that the settlement agreement is a fair and reasonable result for Plaintiffs considering Plaintiffs' likelihood of success against Torres on the merits, the modest size of Torres' installation business, and the commercial liability coverage limits under Torres' policy with Western World Insurance Company.

Counsel for Plaintiffs will recommend that Judge Hall approve and manage a Qualified Settlement Fund ("QSF") under Internal Revenue Code § 468B for distribution of the Torres settlement payment. Defendants will make the settlement payment to the QSF in exchange for a release from Plaintiffs' claims. Judge Hall will then oversee distribution of the Settlement Fund to Plaintiffs. The QSF will allow the Court to ensure compliance with settlement terms while protecting settlement funds and will give the Court the ability to ensure that the funds are disbursed to the appropriate Plaintiffs in accordance with a fair allocation plan.

Plaintiffs respectfully request that this Court conditionally dismiss claims against Torres in the above referenced matter pending Judge Hall's review of the settlement and the ultimate dismissal of Torres from the state court actions. Once Judge Hall has dismissed Torres and the Defendants have transferred the payment to the QSF, Plaintiffs will move this court for a final order dismissing with prejudice all Plaintiffs' claims against Torres from MDL 2047.

Additionally, the PSC and several of its members (including Richard Serpe, Fred Longer, Dawn Barrios, Dan Bryson, and Richard Lewis) have been actively involved in securing the settlement against Torres and have utilized PSC work product to prepare the case for trial. The PSC and Counsel for Plaintiffs respectfully request that this Court recommend that Judge Hall allow Plaintiffs to voluntarily deposit a portion of the settlement proceeds into the Court Supervised Account for Voluntary Deposit of Funds to Compensate and Reimburse Common Benefit Counsel created pursuant to this Court's April 13, 2011 Order (MDL 2047, Document 8545). Further, subject to the court's discretion, Counsel for Plaintiffs respectfully request that this court recommend a cap on Attorneys Fees paid by Plaintiffs of 32%, consistent with the caps on Attorneys Fees set forth in the Global Settlement Agreement (Document 14373-5, MDL 2047, at ¶ 16.6 filed 05/18/2012) and Four Settlement Agreements *Relating to Virginia and Certain Other Remaining Claims* (*see, e.g.,* Nationwide Insureds Settlement Agreement, Document 15969-5, MDL 2047, at ¶ 17.8 filed 10/19/2012). Pursuant to the above-referenced April 13, 2011 Order, Plaintiffs may deposit into the account an amount equal to seventeen percent (17%) (consisting of 12% for common benefit Attorneys Fees and 5% for common benefit costs) of all settlement proceeds from any settlement amount for a particular property. Such funds will not be distributed until the propriety of the award is determined by the Court.

For the foregoing reasons, Plaintiffs respectfully request that this Court conditionally dismiss claims against Defendant Antioneta Torres in the above referenced matter and recommend that Judge Hall allow Plaintiffs to set aside a portion of the settlement proceeds to reimburse the PSC and Common Benefit Counsel and cap Attorneys Fees to be paid by Plaintiffs.

Respectfully submitted,

Dated: January 23, 2013

 /s/ Russ M. Herman
Russ M. Herman, Esquire (Bar No. 6819)
Leonard A. Davis, Esquire (Bar No. 14190)
Stephen J. Herman, Esquire (Bar No. 23129)
HERMAN, HERMAN &KATZ, LLP
820 O'Keefe Avenue
New Orleans, LA 70113
Phone: (504) 581-4892
Fax: (504) 561-6024
Ldavis@hhklawfirm.com
*Plaintiffs' Liaison Counsel in MDL 2047*

Arnold Levin
Fred S. Longer
Sandra L. Duggan
Matthew C. Gaughan
LEVIN, FISHBEIN, SEDRAN &BERMAN
510 Walnut Street, Suite 500
Philadelphia, PA 19106
Phone: (215) 592-1500
Fax: (215) 592-4663
Alevin@lfsblaw.com
*Plaintiffs' Lead Counsel in MDL 2047*

Richard Serpe
Law Offices of Richard J. Serpe
Crown Center, Suite 310
580 East Main Street
Norfolk, VA 23510-2322
Phone: (757) 233-0009
Fax: (757) 233-0455
rserpe@serpefirm.com
*Counsel for Plaintiffs*

## CERTIFICATE OF SERVICE

I hereby certify that the above and foregoing has been served on Defendants' Liaison Counsel, Kerry Miller, by e-mail and upon all parties by electronically uploading the same to LexisNexis File & Serve in accordance with Pre-Trial Order No. 6, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2047 on this 23rd day of January, 2013.

/s/ Leonard A. Davis
Leonard A. Davis, Esquire
HERMAN, HERMAN & KATZ, L.L.C.
820 O'Keefe Avenue
New Orleans, LA 70113
Phone: (504) 581-4892
Fax: (504) 561-6024
Ldavis@hhklawfirm.com
*Plaintiffs' Liaison Counsel in MDL 2047*