UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: CHINESE-MANUFACTURED DRYWALL PRODUCTS LIABILITY LITIGATION | * * * * * | MDL NO. 2047 |
| | * * | SECTION "L" JUDGE FALLON |
| THIS DOCUMENT RELATES TO: | * * | |
| *Abreu v. Gebrueder Knauf Verwaltungsgesellschaft, KG et al.* Case No. 2:11-cv-00252-EEF-JCW (E.D.La.) | * * * * * | MAG. DIV. "2" MAG. JUDGE WILKINSON |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

**REPLY MEMORANDUM IN FURTHER SUPPORT OF
REQUEST FOR SANCTIONS PURSUANT TO 28 U.S.C. § 1927**

**MAY IT PLEASE THE COURT:**

Defendant, Universal Construction Company, Inc. ("Universal"), submits this Reply in response to the Plaintiffs' Steering Committee's ("PSC") Opposition, [R. Doc. 16529], and in further support of its Motion to Set Aside Preliminary Default Judgment and Request for Sanctions Pursuant to 28 U.S.C. § 1927, [R. Doc. 13324]. Universal filed its Motion to Set Aside Preliminary Default Judgment and Request for Sanctions Pursuant to 28 U.S.C. § 1927 on March 27, 2012, and then filed its Motion to Lift Stay and Set for Submission Motion to Vacate and Set Aside Preliminary Default Judgment and Request for Sanctions on December 17, 2012, [R. Doc. 16448]. The Court noticed the motions for submission on January 17, 2013, at 9:00 a.m.

At the outset, the PSC's Opposition, filed on January 22, 2013, is untimely under Local Rule 7.5., if not entirely moot. Universal respectfully requests that the Court strike the untimely

response.  Alternatively, and out of an abundance of caution, Universal re-urges its previous request for sanctions.

Specifically, Universal submits that the PSC's motion to administratively remove the preliminary default judgment entered against Universal--filed some six months after the entry of default and five months after Universal's motion to have it set aside--did not fully remedy the injury to Universal of its improper entry in the first instance.  While Universal appreciates the PSC's eventual efforts in correcting the entry of default against Universal, sanctions nonetheless remain appropriate given the PSC's extended failure to remove Universal as a defaulting defendant on the front end and Universal's expenditure of costs, expenses, and fees to correct the PSC's mistake.

> **I.      Sanctions are Warranted Under 28 U.S.C. § 1927 for Plaintiffs' Counsel's Untimely Failure to Correct the Entry of Default and Multiplying of Vexatious and Unreasonable Litigation.**

Universal's history with the PSC in connection with this litigation is well-documented in Universal's Memorandum in Support of Motion to Set Aside Preliminary Default Judgment and Request for Sanctions Pursuant to 28 U.S.C. § 1927, [R. Doc. 13324-1], as are its efforts to have itself removed from the PSC's listing of defaulting defendants prior to the entry of preliminary default on February 24, 2012. [R. Doc. 12599].  By way of providing a brief re-cap, and without belaboring the Court with the full chronology of events and correspondence, Universal first received notice that it was being sued in this litigation on May 25, 2011.  As would become clear to all, however, Universal had been improperly named and served.[1]  Universal promptly notified

---

[1] *See* Memorandum in Support of Motion to Set Aside Preliminary Default Judgment and Request for Sanctions Pursuant to 28 U.S.C. § 1927, pp. 1-2 [R. Doc. 1324-1].

plaintiffs' counsel of the mistake, and was subsequently told that the mistake would be corrected and the matter resolved.

The mistake, however, was not corrected. And, despite *five* requests by Universal to plaintiffs' counsel to be dismissed from the litigation, and corresponding assurances from plaintiffs' counsel that the matter would be resolved, Universal found itself on the list of defaulting defendants when the Court entered a preliminary default judgment on February 24, 2012. [R. Doc. 12599]. Universal would make *two more* requests for immediate dismissal and *three* requests to have the default set aside before resorting to filing a motion to have the default judgment set aside on March 27, 2012.[2] Some five months later, the PSC filed its own motion to amend the entry of preliminary default and remove defendants that it had improperly defaulted. [R. Doc. 15556]. It did not notify Universal.

Pursuant to 28 U.SC. § 1927, a court may award excess costs, expenses, and attorney's fees against any attorney who "so multiplies the proceedings in any case unreasonably and vexatiously." 28 U.S.C. § 1927. Section 1927 does not require a showing of bad faith or intent to harass; it merely requires unreasonable and vexatious conduct. Persistent pursuit of a meritless claim can suffice here to support an award of costs and fees. *See Ratliff v. Stewart*, 508 F.3d 225, 234-35 (5th Cir. 2007). More, apparent resolution of an action does not cure or otherwise protect from sanctions conduct that triggers § 1927, and a court's power to impose § 1927 costs, expenses, and fees extends beyond dismissal or resolution of an action. *See id.* at 231-32.

---

[2] *Id.*, at pp. 5-6.

It is undisputed that Universal was improperly sued by plaintiffs' counsel and that, despite repeated requests from Universal to correct the mistake, plaintiffs' counsel continued to pursue an improper preliminary default against it. Such behavior falls squarely within the purview of Section 1927 and warrants an award of costs and fees under the statute. That the PSC eventually corrected its mistake--some five months after Universal had retained counsel and filed its own motion--is of no matter.

For these reasons and those outlined previously, Universal respectfully requests that the Court award appropriate costs, expenses, and fees pursuant to 28 U.S.C. § 1927.

Respectfully submitted,

**BAKER, DONELSON, BEARMAN, CALDWELL & BERKOWITZ, P.C.**

By:  *s/Laura E. Carlisle*
STEVEN F. GRIFFITH, JR. (27232)
LAURA E. CARLISLE (33760)
201 St. Charles Avenue, Suite 3600
New Orleans, Louisiana  70170
TELEPHONE:  (504) 566-5200
FACSIMILE:  (504) 636-4000
sgriffith@bakerdonelson.com
lcarlisle@bakerdonelson.com

**ATTORNEYS FOR UNIVERSAL CONSTRUCTION COMPANY, INC.**

## CERTIFICATE OF SERVICE

I hereby certify that on this 28th day of January, 2013, the above and foregoing Reply Memorandum in Further Support of Request for Sanctions Pursuant to 28 U.S.C. § 1927 has been served on Plaintiffs' Liaison Counsel, Russ Herman, and Defendants' Liaison Counsel, Kerry Miller, by U.S. Mail and e-mail or by hand delivery and e-mail and upon all parties by electronically uploading the same to LexisNexis File & Serve in accordance with Pretrial Order No. 6, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2047.

                                                *s/Laura E. Carlisle*
                                                LAURA E. CARLISLE