IN THE CIRCUIT COURT IN THE FIFTEENTH JUDICIAL CIRCUIT
IN AND FOR, PALM BEACH COUNTY, FLORIDA

USO NORGE WHITNEY, LLC, a Delaware
limited liability company; and THE WHITNEY
CONDOMINIUM ASSOCIATION, INC. a
Florida not for profit corporation,

       Plaintiffs,

v.

BOVIS LEND LEASE, INC. a Florida
corporation; TRAVELERS CASUALTY AND
SURETY COMPANY OF AMERICA, a foreign
corporation; FEDERAL INSURANCE
COMPANY, a foreign  corporation; SKYLINE
SYSTEMS, INC., a Florida corporation;
BANNER SUPPLY CO., a Florida corporation;
and BANNER SUPPLY COMPANY
POMPANO, LLC,

       Defendants.

_____/

Case No: 2010 CA 026423 XXXX MB AA

Division "AA" Judge Glenn Kelley
[CHINESE DRYWALL]

BOVIS LEND LEASE, INC.,  a Florida
corporation,

       Third Party Plaintiff,

v.

CAROLINA CASUALTY INSURANCE
COMPANY, a foreign corporation,

       Third Party Defendant.

_____/

BOVIS LEND LEASE, INC. a Florida
corporation,

       Cross Plaintiff,

v.

SKYLINE SYSTEMS, INC.  a Florida
corporation; and BANNER SUPPLY CO., a
Florida corporation,

       Cross Defendants.

_____/

BOVIS LEND LEASE, INC.,  Florida
corporation,

Whitney Condominium Settlement Agreement



**EXHIBIT**
tabbies® "A"
_____

Third party Plaintiff,

v.

KNAUF GIPS KG, a foreign corporation,
KNAUF PLASTERBOARD (TIANJIN) CO.,
LTD., a foreign corporation, KNAUF
PLASTERBOARD (WUHU), CO., LTD, a
foreign corporation, GEBRUEDER KNAUF
VERWALTUNGSGESELLSCHAFT, KG, a
foreign corporation, GUANGDONG KNAUF
NEW BUILDING MATERIALS PRODUCTS
CO., LTD., a foreign corporation,

Third Party Defendants.
_____/

## SETTLEMENT AGREEMENT

THIS SETTLEMENT AGREEMENT (the "Agreement") is executed as of November 12,

2012 (the "Effective Date"), by and among USO NORGE WHITNEY, LLC, a Delaware limited

liability company ("USO"), THE WHITNEY CONDOMINIUM ASSOCIATION, INC., a

Florida not for profit corporation (the "Association")(together, "Plaintiffs"), Defendants, LEND

LEASE (US) CONSTRUCTION, INC. f/k/a BOVIS LEND LEASE, INC., a Florida corporation

("Lend Lease"), ZURICH AMERICAN INSURANCE COMPANY, a foreign corporation

("Zurich"), ILLINOIS NATIONAL INSURANCE COMPANY, a foreign corporation ("Illinois

National"), TRAVELERS CASUALTY AND SURETY COMPANY OF AMERICA, a foreign

corporation, and FEDERAL INSURANCE COMPANY (together, "Sureties"), SKYLINE

SYSTEMS, INC., a Florida corporation ("Skyline"), and KNAUF GIPS KG, KNAUF

PLASTERBOARD (TIANJIN) CO., LTD. ("KPT",) KNAUF PLASTERBOARD (WUHU),

CO., LTD., GEBRUEDER KNAUF VERWALTUNGSGESELLSCHAFT, KG, GUANGDONG

KNAUF NEW BUILDING MATERIALS PRODUCTS CO., LTD., KNAUF

INTERNATIONAL GmbH, KNAUF INSULATION GmbH, KNAUF UK GmbH, KNAUF

AMF GmbH & CO. KG, KNAUF DO BRASIL LTDA. and PT KNAUF GYPSUM INDONESIA (collectively, "Knauf")(Plaintiffs, Lend Lease, Sureties, Skyline and Knauf are collectively referred to as the "Parties").

## RECITALS:

WHEREAS, the Parties wish to settle certain disputes regarding construction of The Whitney Condominium, a 210 unit condominium project located in West Palm Beach, Florida (the "Condominium"); and

WHEREAS, the Association is a condominium association established pursuant to Chapter 718, <u>Florida Statutes</u>, and a Declaration of Condominium, recorded in the Public Records of Palm Beach County, Florida at O.R. Book 21890, Page 1283.  Pursuant to <u>Florida Statutes</u> § 718.111 and Rule 1.221, Florida Rules of Civil Procedure, the Association represents the unit owners of the Condominium with respect to matters of common interest to the unit owners; and

WHEREAS, USO is the owner of 141 units at the Condominium.  The remaining 69 units at the Condominium are owned by separate individuals or business entities whose interests are represented by the Association; and

WHEREAS, Lend Lease, pursuant to a contract with Evernia Properties LLLP, was the general contractor for, as specifically set forth in the contract, "The Whitney, a proposed eight (8) floor apartment project to be sold as condominium units located on Evernia Street, between South Quadrille Blvd. and South Dixie Highway, West Palm Beach, Florida"; and

WHEREAS, Zurich is a commercial general liability carrier for Lend Lease; and

WHEREAS, Illinois National is a commercial general liability carrier for Lend Lease; and

WHEREAS, the Sureties are licensed sureties which provided a performance bond with Lend Lease as its principal in connection with, as specifically described in the performance bond, "The Whitney, West Palm Beach, Florida"; and

WHEREAS, Skyline was a subcontractor to Lend Lease and an installer of drywall for the Condominium; and

WHEREAS, Knauf was the manufacturer of a portion of the drywall installed at the Condominium; and

WHEREAS, Knauf has denied liability for the sale of KPT Chinese Drywall; and

WHEREAS, Plaintiffs filed suit in the above-captioned matter to recover damages for alleged defects in the design and construction of the Condominium, including both the common elements and individual condominium units (the "Litigation"); and

WHEREAS, Plaintiffs are Class Members in the Banner Settlement Agreement, the Knauf Settlement Agreement and the Global Settlement Agreement presently pending before the Honorable Eldon E. Fallon in the Multi District Litigation styled, *In re: Chinese-Manufactured Drywall Products Liability Litigation MDL No. 2047* (the "MDL Proceeding"). The Banner Settlement Agreement, the Knauf Settlement Agreement and the Global Settlement Agreement shall herein be collectively referred to as the "MDL Class Settlement Agreements;" and

WHEREAS, the Parties have conducted extensive negotiations to settle all claims with respect to the Condominium; and

WHEREAS, KPT Chinese Drywall, as defined in the Knauf Settlement Agreement, is the only Chinese manufactured drywall found in the Condominium; and

WHEREAS, Plaintiffs and Knauf have exchanged substantial information, including many inspection reports regarding the Condominium, which evidences the allegedly reactive KPT Chinese Drywall found in the Condominium; and

WHEREAS, Plaintiffs and Knauf agree that certain Class Members for units on levels 2 through 8 of the Condominium have already exchanged inspection reports under the Inspection Protocol, as defined in the Knauf Settlement Agreement, confirming that their property has KPT Chinese Drywall (as required by ¶4.4 of the Knauf Settlement Agreement), and have received confirmations from the Lead Contractor, as defined in the Knauf Settlement Agreement, that it is feasible to remediate individual units and certain common areas at the Condominium without the need to remediate any other part of the Condominium (as required by ¶4.3.6.1.2 of the Knauf Settlement Agreement), and Knauf agrees that such inspections, physical proof, and feasibility determinations will not be required if already performed and not needed for the remediation of the Condominium; and

WHEREAS, the Parties, without admitting or conceding any liability or damages whatsoever relating to the allegedly reactive KPT Chinese Drywall installed in the Condominium, have concluded that it is in their best interests to avoid any protracted, time-consuming and costly dispute over the Condominium.

NOW, THEREFORE, for and in consideration of the foregoing premises, the mutual covenants and agreements herein contained, and other good and valuable consideration, the sufficiency of which are hereby acknowledged and accepted, the Parties stipulate and agree as follows:

1. <u>Recitals</u>. The foregoing recitals are true and correct and are incorporated into this Agreement by this reference.

2. <u>Settlement Payment</u>. Lend Lease agrees to pay Plaintiffs a total of TEN MILLION DOLLARS ($10,000,000.00)(the "Settlement Payment") in full settlement of all claims by Plaintiffs against Lend Lease, the Sureties, Skyline, Banner Supply Co. and Banner Supply Company Pompano, LLC (the "Non-Knauf Defendants") in the Litigation. The separate

payments that combine to make up the Settlement Payment shall be held in escrow by Shutts & Bowen LLP (the "Escrow Agent"), in a separate interest-bearing escrow account, pending the occurrence of the Major Conditions as set forth in paragraph 4 below.  The sequencing of the separate payments that combine to make up the Settlement Payment shall be as follows:

(a)     On or before Friday, November 16, 2012, Lend Lease, through its counsel of record Holland & Knight LLP, will make a wire transfer of $2,250,000.00 (the "First Payment") in immediately available federal funds payable to "Shutts & Bowen Trust Account" for the benefit of USO and the Association.

(b)     Within twenty (20) days of execution of the Agreement, Lend Lease, through its counsel of record Holland & Knight LLP, will make a wire transfer of $4,000,000.00 (the "Second Payment") in immediately available federal funds payable to "Shutts & Bowen Trust Account" for the benefit of USO and the Association.

(c)     Lend Lease and Knauf have executed a separate settlement agreement calling for, among other things, the payment of $2,000,000.00 from Knauf to Lend Lease within "30 days from execution of" this Agreement.  Lend Lease hereby agrees and  authorizes its counsel, Holland & Knight LLP, to transfer said $2,000,000.00 payment from Knauf to the "Shutts & Bowen Trust Account" for the benefit of USO and the Association by the earlier of ten (10) days following receipt of said funds by Holland & Knight LLP or within sixty (60) days following execution of this Agreement (the "Third Payment").

(d)     Within sixty (60) days of execution of the Agreement, Lend Lease, through its counsel of record Holland & Knight LLP, will make a wire transfer of either: (i) $1,750,000.00 if the Third Payment has been made; or (ii) $3,750,000.00 if the Third Payment has not been made.  The payment described in this paragraph shall be referred to

as the "Final Payment" and shall be made in immediately available federal funds payable to "Shutts & Bowen Trust Account" for the benefit of USO and the Association.

3.     Payment Guarantees by Zurich and Illinois National.  Zurich and Illinois National (each a "Guarantor") hereby provide the following guarantees of certain of the payments to be made pursuant to Section 2 above (collectively, the "Guarantees"):

(a)     Zurich hereby absolutely, irrevocably and unconditionally guarantees and agrees to pay to the "Shutts & Bowen Trust Account" for the benefit of the Plaintiffs the Second Payment, and to pay reasonable costs, attorneys' fees and expense incurred or expended by Plaintiffs in collecting the Second Payment or in enforcing this guarantee.  In the event Lend Lease fails to timely pay (or cause its counsel to timely pay) the Second Payment, Zurich shall immediately upon written demand of Plaintiffs promptly and with due diligence pay the Second Payment to Plaintiffs; and

(b)     Illinois National hereby absolutely, irrevocably and unconditionally guarantees and agrees to pay to Plaintiffs the Final Payment up to the sum of $3,750,000.00 which obligation shall be reduced to $1,750,000.00 only if the Third Payment referenced in paragraph 2(c) above is made to the "Shutts & Bowen Trust Account" for the benefit of USO and the Association.  Illinois National further agrees to pay reasonable costs, attorneys' fees and expense incurred or expended by Plaintiffs in collecting or in enforcing this guarantee.  In the event Lend Lease fails to timely pay (or cause its counsel to timely pay) the Final Payment, Illinois National shall immediately upon written demand of Plaintiffs promptly and with due diligence pay the Final Payment to Plaintiffs.  Each Guarantee is continuing, absolute, primary and an unconditional guarantee of payment and not of collection, and shall remain in full force and effect until the payment under the specific Guarantee; provided, however, that each Guarantors' liability hereunder is only as to

such Guarantor's guarantee outlined in 3(a) or 3(b) above, respectively.  Upon the respective payment by each Guarantor of the obligations outlined in 3(a) or 3(b) above, that Guarantor shall have no further obligation to Plaintiffs.  Each Guarantor hereby waives, with respect to its Guarantee: (a) notice of acceptance of the Guarantees, (b) notice of protest or dishonor, (c) notice or proof of reliance by the Plaintiffs upon the Guarantees, (d) promptness, (e) diligence, (f) presentment, (g) protest, (h) notice of any legal action or proceeding or any demand or any other action against, or any other notice to, any Defendants, and (i) any requirement that the Plaintiffs exhaust any right or take any action against or with respect to Lend Lease or any other Defendant.  Each Guarantor will immediately pay its specific obligation regardless of whether Plaintiffs shall have taken any steps to enforce any rights against Lend Lease.

Each Guarantor also waives any requirement, substantive or procedural, that (a) Plaintiffs pursue any enforcement action, realize or attempt to realize on any security or preserve or enforce any claim against Lend Lease or any other Defendant or person, (b) a judgment first be sought or rendered against any Lend Lease or any other Defendant or person, (c) Lend Lease or any other Defendant or person be joined in such action or (d) a separate action be brought against Lend Lease or any other Defendant or person.  Each Guarantor's obligations under the Guarantees are several from those of any other Guarantor, Lend Lease or any other Defendant or person, and are primary obligations concerning which the Guarantor is the principal obligor. Plaintiffs may, if they so desire, commence and maintain a separate action on the Guarantees (individually or collectively) without joining Lend Lease, any other Guarantor or any other Defendant therein, and without bringing a separate action against Lend Lease or any other Defendant.  As to Illinois National, Plaintiffs may also pursue its Guarantee in accordance with Section 5 below, if applicable.  Guarantors specifically acknowledge and agree that the provisions of paragraph 25 apply to and are binding upon the Guarantors.

4.    <u>Distribution of Settlement Payment to Plaintiffs</u>.  Escrow Agent shall release the Settlement Payment to USO and the Association thirty (30) days after the last to occur of the following major conditions (collectively, the "Major Conditions"): (a)  receipt and clearance of the Settlement Payment; (b) entry of the Order and Judgment approving the MDL Class Settlement Agreements in the MDL Proceeding, so long as no appeal of the Order and Judgment have been filed as discussed in paragraph 19 below; (c) delivery of the fully executed Construction Contract as discussed in paragraph 9 below and issuance of the letter of credit securing performance of the Construction Contract as addressed in paragraph 12 below; (d) Plaintiffs' execution and filing in the Litigation of a Notice of Voluntary Dismissal with Prejudice of the Litigation; (e) Plaintiffs' execution and delivery to the respective counsel of record of the releases of Lend Lease, the Sureties, Skyline, Banner Supply Co. and Banner Supply Company Pompano, LLC, in accordance with the forms attached hereto as **Exhibit "A;"** and (f) the Association's delivery to all counsel of record a resolution of the Board of Directors of the Association, in accordance with the form attached hereto as **Exhibit "B,"** approving this Agreement, the Program Contractor Remediation Option under the Knauf Settlement Agreement, and the retention of Lead Contractor to remediate the Condominium in accordance with the terms of the Construction Contract attached hereto as **Composite Exhibit "C."**

5.    <u>Default on Settlement Payment</u>.  In the event Major Conditions (b) and (c) have been satisfied and Lend Lease defaults under any of the provisions set forth in subsections (a), (b), (c) or (d) of paragraph 2 above, Plaintiffs shall provide Lend Lease, Zurich and Illinois National with five (5) business days written notice of default and opportunity to cure, time being of the essence.  In the event a default under subsection (a), (b), (c) or (d) of paragraph 2 above is not cured within said five (5) days, Plaintiffs will have the right to continue participating in the MDL Class Settlement Agreements, proceed with the anticipated remediation work under the

Construction Contract, declare a default under this Agreement, direct Escrow Agent to release all payments made hereunder to Plaintiffs, and pursue Lend Lease for all amounts remaining unpaid and the Guarantors under their respective Guarantees (if not previously satisfied pursuant to paragraph 3) subject to the following two sentences.  In the event Plaintiffs exercise their rights to pursue the Guarantees, Lend Lease and Illinois National agree that Plaintiffs may amend the Litigation to join Illinois National as an additional defendant based on Illinois National's Guarantee (to the extent such default is covered by Illinois National's Guarantee).  In the event it shall become necessary for Plaintiffs to amend the Litigation to include Illinois National as an additional defendant to enforce Illinois National's Guarantee, Illinois National consents to the jurisdiction and venue of the Circuit Court in and for Palm Beach County, Florida.

   6.    <u>Voluntary Dismissal and Releases by Sureties</u>.  Lend Lease shall execute and file in the Litigation a Notice of Voluntary Dismissal with Prejudice of the Litigation as to its Cross claim against Skyline, Banner Supply Co. and Banner Supply Company Pompano, LLC and as to its Third Party Complaint against Knauf within ten (10) days of the satisfaction of Major Conditions (d), (e) and (f) set forth in paragraph 4 above.  Skyline shall execute and file in the Litigation a Notice of Voluntary Dismissal with Prejudice of the Litigation as to its Cross claim against Banner Supply Co. and Banner Supply Company Pompano, LLC within ten (10) days of the satisfaction of Major Conditions (d), (e) and (f) set forth in paragraph 4 above. Additionally, within ten (10) days of the satisfaction of Major Conditions (d), (e) and (f) set forth in paragraph 4 above, Skyline shall execute and deliver to the respective counsel of record a release of Lend Lease, the Sureties, Knauf, Banner Supply Co. and Banner Supply Company Pompano, LLC, in accordance with the form attached hereto as **Exhibit "H"** and Lend Lease shall execute and deliver to counsel for Skyline a release of Skyline in accordance with the form attached hereto as **Exhibit "H."**

7.   <u>Plaintiffs' Participation in the MDL Class Settlement Agreements</u>.   In consideration of the Settlement Payment described in paragraph 2, and subject to the specific modifications to the Knauf Settlement Agreement set forth in this Agreement, Plaintiffs agree to participate in and accept the benefits contained within the MDL Class Settlement Agreements filed in the MDL Proceeding.  True and correct copies of the MDL Class Settlement Agreements are attached hereto as **Composite Exhibit "D."**  Plaintiffs shall be entitled to all benefits available under the terms of the Knauf Settlement Agreement, unless if modified herein. Except as otherwise provided herein, Plaintiffs affirmatively represent that they will not opt out of the MDL Class Settlement Agreements.  Unless specifically set forth herein, all defined terms in this Agreement shall have the meaning assigned to them in the Knauf Settlement Agreement.

8.   <u>Characterizations Under the MDL Class Settlement Agreements</u>.   Under the specified terms of the MDL Class Settlement Agreements, Plaintiffs and Knauf acknowledge, stipulate and agree as follows:

    a.   Plaintiffs are Class Members in all three MDL Class Settlement Agreements;

    b.   The Condominium is a KPT Property;

    c.   The Condominium is a complex high rise structure within the meaning of Section 4.3.6.5 of the Knauf Settlement Agreement;

    d.   Plaintiffs and the Condominium qualify for Option 1 under the Remediation Fund (Program Contractor Remediation) of the Knauf Settlement Agreement.

9.   <u>Remediation</u>.  In accordance with the Knauf Settlement Agreement, Knauf agrees to fund the remediation of the Condominium.  The remediation shall be performed by Moss & Associates, LLC ("Lead Contractor"), in accordance with the construction documents (collectively, the "Construction Contract") attached hereto as **Composite Exhibit "C."**  The scope of the remediation, and the requirements for securing performance of the remediation, are specifically set forth in the Construction Contract.

10.    Plaintiffs' Rights Under Construction Contract.    Plaintiffs are specifically designated as third-party beneficiaries of the Construction Contract and, as such, may enforce the terms set forth therein.

11.    Plaintiffs' Required Approvals in the Event of Default by Lead Contractor.  In the event of a default by Lead Contractor under the Construction Contract that is not cured within any applicable cure period, Knauf agrees that the specific default remedy or remedies to be exercised as a result of such default(s), including, without limitation, an election to terminate Lead Contractor and select a replacement contractor, shall be subject to Plaintiffs' prior approval, such approval not to be unreasonably withheld.  If Knauf and Plaintiffs agree that a replacement contractor is to be designated to complete the remediation of the Condominium, such replacement contractor must be appropriately licensed and demonstrate to the reasonable satisfaction of Knauf and Plaintiffs that it has the financial strength, experience and other qualifications necessary to complete the balance of the remediation work.  Knauf must obtain Plaintiffs' consent to the replacement contractor, which consent shall not be unreasonably withheld, and Knauf shall be required to enter into a construction contract with the replacement contractor approved by Plaintiffs with terms that mirror the Construction Contract (other than necessary modifications to the Contract Sum depending upon the stage of completion of the remediation at the time of default), or such other terms as Plaintiffs may approve.

12.    Letter of Credit to Secure Contract Obligations.  As a Major Condition, Knauf shall deliver to the Plaintiffs within sixty (60) days after the Effective Date an irrevocable, clean sight letter of credit ("Letter of Credit") in the form attached hereto as **Exhibit "E"** in an initial amount equal to 110% of the Contract Sum under Construction Contract, be issued by Commerzbank AG, New York Branch, and shall designate the Association as beneficiary.  In the event that 110% of the Contract Sum under the Construction Contract exceeds the amount of

Letter of Credit or at any time the Letter of Credit is insufficient to pay for the Contract Obligations, Knauf shall deliver an amendment to the Letter of Credit for the difference to secure to the Contract Obligations.

The purpose of the Letter of Credit shall be to assure the performance of all obligations of Knauf and Lead Contractor under the Construction Contract ("Contract Obligations").  Knauf shall have the right to reduce the amount of the Letter of Credit every 120 days after the commencement of the Remediation Work by an amount equal to 90% of the value of the Remediation Work completed since the most recent reduction by providing the Plaintiffs with not less than thirty (30) days prior written notice of its intention to do so, together with a certification from the Association's Consultant of the value of the Remediation Work completed, proof of payment of expenses related thereto, and partial releases of liens from Lead Contractor and all subcontractors or suppliers who have given notice to owner to the Plaintiffs or have performed Remediation Work and the amount of the proposed reduction in the amount of the Letter of Credit; provided, however, that at no time shall the outstanding amount of the Letter of Credit be reduced below $3,250,000.00.  To the extent not previously reduced, Knauf shall be entitled to reduce the outstanding amount of the Letter of Credit to $3,250,000.00 after acceptance of the Remediation Work by the Association as having been completed according to terms and conditions set out in the Construction Contract.

Knauf shall be required to maintain the Letter of Credit in good standing until one (1) year and thirty (30) days following the date of acceptance of the Remediation Work by the Association as having been completed according to terms and conditions set out in the Construction Contract.  The Letter of Credit shall have an initial expiration date of one (1) year from the date of issuance, with a provision that the Letter of Credit shall automatically be extended for additional one-year periods unless the issuer gives Association written notice not

less than sixty (60) days prior to the initial expiration date or any subsequent extension of the expiration date that it will not renew the Letter of Credit. If issuer gives notice that it will not renew the Letter of Credit and Knauf then fails to provide a replacement Letter of Credit not less than thirty (30) days prior to the expiration date, the Association shall be entitled to draw upon the full outstanding amount of the Letter of Credit. The drawing upon the Letter of Credit by the Association shall be deemed to cure Knauf's failure to deliver a replacement Letter of Credit. In the event the Association draws on the Letter of Credit because Knauf has failed to deliver a replacement Letter of Credit, the proceeds thereof shall be placed in a separate account for disbursement by the Association for the Contract Obligations up to the amount of the proceeds of the Letter of Credit. Upon fifteen (15) days notice to Association, Knauf shall have the option to (a) substitute another letter of credit in the form attached hereto as **Exhibit "E"** and issued by and drawn on a financial institution whose senior debt obligations are rated "A" or better by Standard and Poor's Ratings Group or Moody's Investors Service, Inc. or such other issuer as is reasonably satisfactory to the Plaintiffs or (b) deliver cash in lieu of the Letter of Credit. To the extent the Letter of Credit is drawn upon, the Association (i) shall apply the Letter of Credit proceeds to the costs of such Contract Obligations up to the amount of such proceeds, (ii) shall return the unused proceeds to Knauf one (1) year and thirty (30) days following the date of acceptance of the Remediation Work as having been completed according to terms and conditions set out in the Construction Contract, and (iii) shall provide an accounting to Knauf of all proceeds of the Letter of Credit not previously accounted for and the purposes for which they were disbursed.

In the event that Lead Contractor or Knauf fails to perform any of their respective Contract Obligations, the Association is entitled to draw down on the Letter of Credit for sufficient amounts in order to cure the default. The Association shall be entitled to make

multiple draws on the Letter of Credit in order to cure the failure of Knauf or Lead Contractor to perform their respective Contract Obligations.

13. <u>Waiver of "Clawback" Provision</u>. Knauf agrees that the "clawback" provision set forth in Section 4.8.1 of the Knauf Settlement Agreement shall not apply to the Settlement Payment set forth in paragraph 2 of this Agreement. However, nothing in this Agreement shall impact Knauf's clawback rights against Banner and Lend Lease as provided by those MDL Class Settlement Agreements.

14. <u>Releases of Knauf Defendants</u>.   Notwithstanding anything in the Knauf Settlement Agreement to the contrary, Knauf shall not be released from any claims of the Plaintiffs by the Order and Judgment approving the MDL Class Settlement Agreements. Within thirty (30) days after the last to occur of the Major Conditions, Plaintiffs shall execute and deliver to Escrow Agent releases of Knauf and Lead Contractor, in accordance with the forms attached hereto as **Composite Exhibit "F."**  Such releases shall be in lieu of the releases provided for in the MDL Class Settlement Agreements.  The Parties agree that Escrow Agent will not be required to deliver releases until Lead Contractor and Knauf have fulfilled all obligations under the Construction Contract, including Lead Contractor and Knauf's respective obligations under the Construction Contract and any applicable warranties, and Knauf's continuing obligation as to the Letter of Credit discussed in paragraph 12 above.  Following completion of these obligations to the satisfaction of Plaintiffs' representatives, Plaintiffs shall direct Escrow Agent to deliver the executed releases of Knauf and Lead Contractor to Knauf's counsel of record.

15. <u>Waiver of Attorney Fee Recovery Under MDL Class Settlement Agreements</u>. In consideration of the obligations undertaken by Knauf in this Agreement, Plaintiffs agree to waive their right to seek the recovery of attorneys' fees and costs under the Banner Settlement

Agreement, the Knauf Settlement Agreement and the Global Settlement Agreement. The Parties and the Plaintiff's Steering Committee (the ("PSC") agree that neither the Parties nor the PSC shall have any right to seek equitable or legal adjustments, including without limitation imposition of Held Costs, Shared Costs, common benefit fees, or the like from the Settlement Payment or the monetary value of the remediation of the Condominium.

16.  <u>Required Approvals By Circuit Court, PSC and Court in the MDL Proceeding</u>. This Agreement is expressly conditioned upon written approval by the Circuit Court as further set forth in paragraph 17 below, by the PSC in the MDL Proceeding, and upon the entry of an Order and Judgment approving the MDL Class Settlement Agreements in the MDL Proceeding. The Parties agree that this Agreement shall be made an Order of the court in the MDL Proceeding.

17.  <u>Approval by Circuit Court</u>.  The Parties agree that this Agreement shall be presented to and subject to the approval of the presiding judge of the Litigation, The Honorable Glenn D. Kelley.  Notice of hearing on the motion to approve this Agreement shall be given to all unit owners of the Condominium and any tenants who may have claims under the Knauf Settlement Agreement.  The notice of hearing on the motion to approve this Agreement shall be approved by all of the parties to this Agreement.  The Parties also agree that any action to compel compliance with this Settlement Agreement may be brought pursuant to the summary procedure provided for in §51.011, Florida Statutes, subject to paragraph 28 below.

18.  <u>Procedure for Unwinding Agreement in the Event Required Approvals Are Not Obtained</u>.  In the event the Court and the PSC have not given the written consent required under paragraph 16 or the MDL Class Settlement Agreements are not approved by an Order and Judgment in the MDL Proceeding, this Agreement shall become null and void, at Plaintiffs' sole option, upon Plaintiffs' written notice of termination of the Agreement to all Parties.

Additionally, in the event that by April 1, 2013 the Court and the PSC have not given the written consent required under paragraph 16 or the MDL Class Settlement Agreements are not approved by an Order and Judgment in the MDL Proceeding, this Agreement shall terminate and become null and void. By written consent of all parties, which shall not be unreasonably withheld, the April 1, 2013 deadline may be extended for a mutually agreed upon timeframe. Within ten (10) days of the Agreement as a result of any of the above scenarios, the Escrow Agent shall return the Settlement Payment described in paragraph 2, with any accrued interest, and return all releases signed by USO to USO and all releases signed by the Association or other unit owners to the Association.

19.   Termination of this Agreement in the Event of an Appeal or Stay of the Order and Judgment Approving the Knauf Settlement Agreement in the MDL Proceeding. Notwithstanding anything in this Agreement to the contrary, in the event the Order and Judgment Approving the Knauf Settlement Agreement in the MDL Proceeding is appealed and/or stayed, this Agreement shall become null and void, at Plaintiffs' sole option, upon Plaintiffs' written notice of termination of the Agreement to all Parties, and Plaintiffs shall be relieved of any failure to opt out of the MDL Class Settlement Agreements. Within ten (10) days of termination of the Agreement, Escrow Agent shall return the Settlement Payment described in paragraph 2, with any accrued interest, and return all releases signed by USO to USO and all releases signed by the Association or other unit owners to the Association.

20.   Settlement Agreement is Controlling. The Parties agree and acknowledge that, in the event of any inconsistency between this Agreement and any of the MDL Class Settlement Agreements, the terms of this Agreement shall supersede and control to the extent of any such inconsistency.

21. <u>Attorneys' Fees in the Litigation</u>. Each Party shall be responsible for their own attorneys' fees and costs incurred in the Litigation.

22. <u>Notices</u>. All notices, elections, requests, demands and other communications required or permitted hereunder shall be in writing, and shall be deemed to have been given at the time personally delivered, telecopied or delivered by electronic mail, or on the third day after such is postmarked and mailed by any party by registered or certified mail, postage prepaid/return receipt requested, addressed to the Parties as follows, or to such other person or place specified in writing by any Party:

If to USO:

Paul Elliott
ABG/Sundal Collier Real Estate, Inc.
535 Madison Avenue, 17th Floor
New York, New York 10022

With a copy to:

John H. Dannecker, Esq.
Shutts & Bowen LLP
300 South Orange Avenue
Suite 1000
Orlando, Florida 32801
Facsimile: (407) 425-8316
jdannecker@shutts.com

If to the Association:

Paul Elliott
ABG/Sundal Collier Real Estate, Inc.
535 Madison Avenue, 17th Floor
New York, New York 10022

With a copy to:

Bruce G. Alexander, Esq.
Casey Ciklin Lubitz Martens & O'Connell
515 North Flagler Drive
20th Floor
West Palm Beach, Florida 33401
Facsimile: (561) 833-4209
balexander@caseyciklin.com

If to Lend Lease:

Thomas Giordano, Esq.
Senior Vice President and General Counsel
Lend Lease
200 Park Avenue, Ninth Floor
New York, New York 10166

| | |
|---|---|
| With a copy to: | Ben W. Subin, Esq.<br>Holland & Knight<br>200 South Orange Avenue<br>Suite 2600<br>Orlando, Florida 32803<br>Facsimile: (407) 244-5288<br>ben.subin@hklaw.com |
| If to Zurich: | Bryan Key<br>Zurich American Insurance Company<br>Post Office Box 66965<br>Chicago, Illinois 60666-0695<br>Facsimile: (866) 257-1205<br>Bryan.key@zurichna.com |
| If to Illinois National: | Michael Bahleda<br>Illinois National Insurance Company<br>175 Water Street<br>22nd Floor<br>New York, New York 10038<br>Facsimile: (866) 827-3119<br>Michael.bahleda@chartisinsurance.com |
| If to the Sureties: | James M. Peters, Jr.<br>Travelers Bond and Financial Products<br>Construction Services Claim – S102A<br>One Tower Square<br>Hartford, Connecticut 06183<br>Facsimile: (888) 201-5586<br>jpeters@travelers.com |
| | Douglas J. Wills<br>Chubb Group of Insurance Companies<br>15 Mountainview Road<br>Warren, New Jersey 07059<br>Facsimile: (908) 903-5537<br>dwills@chubb.com |
| With a copy to: | Ben W. Subin, Esq.<br>Holland & Knight<br>200 South Orange Avenue<br>Suite 2600<br>Orlando, Florida 32803<br>Facsimile: (407) 244-5288<br>ben.subin@hklaw.com |

| | |
|---|---|
| If to Skyline: | Tim Bennett<br>10700 NW 6th Court<br>Miami, Florida 33168 |
| With a copy to: | Sandra D. Kennedy, Esq.<br>Ferencik Libanoff Brandt Bustamante & Williams<br>150 South Pine Island Road<br>Suite 400<br>Fort Lauderdale, Florida 33324<br>Facsimile: (954) 474-7343<br>skennedy@flbbwlaw.com |
| If to Knauf: | Jorg Schanow<br>Schanow.joerg@knauf.de<br><br>-and-<br><br>Dr. Alexander Schutz<br>Schuetz.alexander@knauf.de |
| With a copy to: | Kerry J. Miller, Esq.<br>Frilot, LLC<br>1100 Poydras Street<br>Suite 3700<br>New Orleans, Louisiana 70163<br>Facsimile: (504) 599-8145<br>kmiller@frilot.com |

23.   Entire Agreement. The Parties each declare and represent that no promise, inducement, or agreement not expressed herein has been made to them, and that this Agreement contains the entire agreement between them, and that the terms of this Agreement are contractual and not a mere recital.  This Agreement may be modified only by a writing signed by all Parties. Notwithstanding the foregoing, the Parties agree and specifically understand that the terms and conditions set forth in the MDL Class Settlement Agreements survive and remain in full force and effect except as to those specifically modified herein.

24.   No Waiver.  Any failure to enforce or delay in enforcing any of the provisions of this Agreement shall not constitute a waiver of such provision.

25.    Attorneys' Fees.   In any action to enforce the terms of this Agreement, the prevailing party shall be entitled to an award of its reasonable attorneys' fees in enforcing this Agreement, including but not limited to, reasonable costs, expenses and attorneys' fees, including on appeal and including those fees incurred in establishing entitlement to fees and the amount of fees.   In accordance with §627.428, Florida Statutes, the Plaintiffs shall be entitled to an award of their reasonable attorneys' fees against Zurich and/or Illinois National solely related to an action against Zurich and/or Illinois National related to the Guarantees.

26.    Authorization.   The Parties hereby represent and warrant that they have full and complete authority to enter into this Agreement.   The Parties further represent and warrant to each other that the execution, delivery and performance of this Agreement has been: (i) duly authorized by the requisite corporate actions; and (ii) will not violate any provision of law, government rule or regulation, order of court or other government agency, its articles of incorporation, bylaws, or any provision of any indenture, agreement or other instrument to which it is a party.

27.    Applicable Law.   This Agreement is subject to and shall be construed and enforced in accordance with the laws of the State of Florida.

28.    Venue and Jurisdiction.   In the event it shall become necessary for any party to take action of any type whatsoever to enforce the terms of this Agreement against Plaintiffs, Lend Lease, Zurich, Illinois National, the Sureties, Banner, Skyline, or Lead Contractor, venue shall lie exclusively in Palm Beach County, Florida.   Likewise, in the event it shall become necessary for any party to take action of any type whatsoever to enforce the terms of this Agreement, it is agreed that jurisdiction over Plaintiffs, Lend Lease, Zurich, Illinois National, the Sureties, Banner, Skyline, Lead Contractor and Lead Contractor's surety is vested with the Circuit Court in and for Palm Beach County, Florida, and these entities waive diversity

jurisdiction and submit themselves to the jurisdiction of the Circuit Court in and for Palm Beach County, Florida. With respect to this paragraph, any claim against Zurich or Illinois National is limited solely to Zurich and Illinois National's Guarantees as set forth herein. In the event it shall become necessary for any party to take action of any type whatsoever to enforce the terms of this Agreement against Knauf, venue shall lie exclusively in the United States District Court for the Eastern District of Louisiana. It is agreed that jurisdiction over Knauf is vested with the United States District Court for the Eastern District of Louisiana for the purposes of enforcement of this Agreement against Knauf.

29.     <u>Severability and Construction</u>. If any part of this Agreement is held to be invalid or unenforceable, the Agreement shall be construed as if not containing that part of the provision and the remaining provisions shall remain in full force and effect. The Parties acknowledge that this Agreement is the product of joint drafting efforts and that it shall not be construed in favor of or against any particular party based on the manner in which the Agreement was drafted.

30.     <u>Counterparts</u>. This Agreement may be executed in counterparts, each of which shall be deemed an original, but all of which together shall constitute one and the same instrument. A facsimile or email copy of a signature shall have the same force and effect as an original.

THE PARTIES have duly executed this Agreement as of the date first written above.

USO NORGE WHITNEY, LLC,
a Delaware limited liability company

By: _____

Name: _PAUL ELLIOTT_____

Title: _PRESIDENT_____

STATE OF _New York____ )

COUNTY OF _New York___ )

    The foregoing instrument was acknowledged before me this _6_ day of _November_____, 2012, by _Paul Elliott_____ as _President_____ of USO NORGE WHITNEY, LLC, a Delaware limited liability company, on behalf of the company. He/she/they is/are (✓) personally known to me or (  ) has/have produced _____ as identification.

_____
Notary Public, State of _New York_
Print Name: _Elisa Hepburn_____
Commission No.: _____
My Commission Expires: _____



    ELISA A HEPBURN
    Notary Public - State of New York
    NO. 01HE6228873
    Qualified in New York County
    My Commission Expires 09/27/2013

Whitney Condominium Settlement Agreement

THE WHITNEY CONDOMINIUM
ASSOCIATION, INC., a Florida not for profit
corporation

By: _____

Name: _____PAUL ELLIOTT_____

Title: _____PRESIDENT_____


STATE OF _New York_____ )

COUNTY OF _New York_____ )

      The foregoing instrument was acknowledged before me this _6_ day of
_November_____, 2012, by _Paul Elliott_____ as _President_____ of The
Whitney Condominium Association, Inc., on behalf of the corporation.  He/she/they is/are (✓)
personally known to me or ( ) has/have produced _____ as identification.

_____
Notary Public, State of _New York_____

Print Name: _Elisa Hepburn_____

Commission No.: _____

My Commission Expires: _____

ELISA A HEPBURN
Notary Public - State of New York
NO. 01HE6228873
Qualified in New York County
My Commission Expires 09/27/2013

LEND LEASE (US) CONSTRUCTION, INC.
f/k/a BOVIS LEND LEASE, INC., a Florida
corporation

By: _____

Name: _____

Title: _____


STATE OF _Nw Yor_____ )

COUNTY OF _Visimesta_____ )

The foregoing instrument was acknowledged before me this _8th_ day of
_Novyu_____, 2012, by _____ as _____ of LEND
LEASE (US) CONSTRUCTION, INC. f/k/a BOVIS LEND LEASE, INC., on behalf of the
corporation.  He/she/they is/are ( ✓ ) personally known to me or (   ) has/have produced
_____ as identification.

_____
Notary Public, State of _New York_

Print Name: _L. Mille  Numme_

Commission No.: _01NU608648_

My Commission Expires: _September 23, 2014_

L. MILLIE NUMME
NOTARY PUBLIC-STATE OF NEW YORK
No. 01NU608064B
Qualified in Westchester County
Certificate Filed in New York County
My Commission Expires September 23, 2014

Whitney Condominium Settlement Agreement

ZURICH AMERICAN INSURANCE COMPANY,
a New York corporation

By: _Todd Schweitzer_

Name: _Todd Schweitzer_

Title: _AVP_

STATE OF _____ )

COUNTY OF _____ )

The foregoing instrument was acknowledged before me this _____ day of
_____, 2012, by _____ as _____ of ZURICH
AMERICAN INSURANCE COMPANY, on behalf of the corporation.  He/she/they is/are ( )
personally known to me or ( ) has/have produced _____ as identification.

Notary Public, State of _____

Print Name: _____

Commission No.: _____

My Commission Expires: _____

MAUREEN J. PANUCO
Commission # 1932744
Notary Public - California
San Diego County
My Comm. Expires May 13, 2015

State of California,
County of _San Diego_
On _Nov. 13, 2012_, before me, _Maureen J. Panuco_
Notary Public
personally
appeared _Todd Schweitzer_
Name(s) of Signer(s)

who proved to me on the basis of satisfactory evidence to be the person(s)
whose name(s) is/are subscribed to the within instrument and acknowledged
to me that he/she/they executed the same in his/her/their authorized capacity(ies),
and that by his/her/their signature(s) on the instrument the person(s), or
the entity upon behalf of which the person(s) acted, executed the instrument.

I certify under PENALTY OF PERJURY under the laws of the State of California
that the foregoing paragraph is true and correct.
WITNESS my hand and official seal.

Signature _Maureen J. Panuco_
Signature of Notary Public

ILLINOIS NATIONAL INSURANCE
COMPANY, an Illinois corporation

By:

Name: _MICHAEL BAHLEDA_

Title: _VICE PRESIDENT_

CHRISTINE ZALOCHA
Notary Public - State of New York
No. 01ZA6211135
Qualified in Suffolk County
My Commission Expires Sept. 14, 2013

STATE OF _New York_ )
COUNTY OF _Suffolk_ )

The foregoing instrument was acknowledged before me this _9th_ day of
_November_ , 2012, by _MICHAEL BAHLEDA_ as _VICE PRESIDENT_ of
ILLINOIS NATIONAL INSURANCE COMPANY, on behalf of the corporation. He/she/they
is/are (   ) personally known to me or ( X ) has/have produced _NYS Drivers License_ as
identification.

Notary Public, State of _New York_

Print Name: _CHRISTINE ZALOCHA_

Commission No.: _01ZA6211135_

My Commission Expires: _9/14/2013_

TRAVELERS   CASUALTY   AND   SURETY
COMPANY OF AMERICA, a foreign corporation

By: _____

Name: _JAMES M. PETERS_____

Title: _SECOND VICE PRESIDENT_____


STATE OF _Connecticut_

COUNTY OF _Hartford_

     The foregoing instrument was acknowledged before me this _8th_ day of
_November_____, 2012, by _James M. Peters_ as _2nd Vice President_ of
TRAVELERS CASUALTY AND SURETY COMPANY OF AMERICA, on behalf of the
corporation.  He/she/they is/are ( ✓) personally known to me or (  ) has/have produced
_____ as identification.

_Carol A. Thompson_____

Notary Public, State of _Connecticut_

Print Name: _Carol A. Thompson_____

Commission No.: _____

My Commission Expires: _12-31-2012_____

My Commission Expires December 31, 2012

FEDERAL INSURANCE COMPANY, a foreign
corporation

By: _____

Name: _Doug Wills_____

Title: _Senior Surety Claims Counsel, AVP_

STATE OF _NEW JERSEY_____ )

COUNTY OF _SOMERSET_____ )

    The foregoing instrument was acknowledged before me this _9TH_ day of
_NOVEMBER_____, 2012, by _DOUG WILLS_____ as _____AVP_____ of
FEDERAL INSURANCE COMPANY, on behalf of the corporation.  He/she/they is/are (  )
personally known to me or (  ) has/have produced _____HIMSELF_____ as identification.

_____

Notary Public, State of _NEW JERSEY_____

Print Name: _DOROTHY HRABOWECKY_____

Commission No.: _2390618_____

My Commission Expires: _10-27-14_____

DOROTHY HRABOWECKY
Commission # 2390614
Notary Public, State of New Jersey
My Commission Expires
October 27, 2014

2

SKYLINE SYSTEMS, INC., a Florida corporation

By: _____

Name: _____

Title: _____

STATE OF _____ )

COUNTY OF _____ )

     The foregoing instrument was acknowledged before me this _____ day of _____, 2012, by _____ as _____ of SKYLINE SYSTEMS, INC., on behalf of the corporation. He/she/they is/are ( ) personally known to me or ( ) has/have produced _____ as identification.

_____

Notary Public, State of _____

Print Name: _____

Commission No.: _____

My Commission Expires: _____

KNAUF GIPS KG, a foreign corporation

By: _____

Name: EDGAR          MANFRED
       BINNEMANN      GRUNDKE

Title: _____

STATE OF _____ )

COUNTY OF _____ )

The foregoing instrument was acknowledged before me this _____ day of _____, 2012, by _____ as _____ of KNAUF GIPS KG, on behalf of the corporation. He/she/they is/are ( ) personally known to me or ( ) has/have produced _____ as identification.

_____

Notary Public, State of _____

Print Name: _____

Commission No.: _____

My Commission Expires: _____

KNAUF   PLASTERBOARD   (TIANJIN)   CO.,
LTD., a foreign corporation

By:

Name: *EDGAR BINNEMANN*   *MANFRED GRUNDKE*

Title: _____

STATE OF _____ )

COUNTY OF _____ )

   The  foregoing  instrument  was  acknowledged  before  me  this  _____  day  of
_____, 2012, by _____ as _____ of KNAUF
PLASTERBOARD (TIANJIN) CO., LTD., on behalf of the corporation.  He/she/they is/are ( )
personally known to me or ( ) has/have produced _____ as identification.

_____

Notary Public, State of _____

Print Name: _____

Commission No.:_____

My Commission Expires:_____

Whitney Condominium Settlement Agreement

KNAUF PLASTERBOARD (WUHU) CO., LTD, a
foreign corporation

By: _____

Name: _____
EDGAR        MANFRED
BINNEMANN    GRUNDKE

Title: _____

STATE OF _____ )

COUNTY OF _____ )

      The foregoing instrument was acknowledged before me this _____ day of
_____, 2012, by _____ as _____ of KNAUF
PLASTERBOARD (WUHU) CO., LTD., on behalf of the corporation.  He/she/they is/are (  )
personally known to me or (  ) has/have produced _____ as identification.


_____

Notary Public, State of _____

Print Name: _____

Commission No.: _____

My Commission Expires: _____

GEBRUEDER KNAUF
VERWALTUNGSGESELLSCHAFT, KG, a
foreign corporation

By: _____

Name: EDGAR BINNEMANN    MANFRED GRUNDKE

Title: _____

STATE OF _____)

COUNTY OF _____)

The foregoing instrument was acknowledged before me this _____ day of _____, 2012, by _____ as _____ of GEBRUEDER KNAUF VERWALTUNGSGESELLSCHAFT, KG, on behalf of the corporation. He/she/they is/are ( ) personally known to me or ( ) has/have produced _____ as identification.

_____

Notary Public, State of _____

Print Name: _____

Commission No.: _____

My Commission Expires: _____

GUANGDONG   KNAUF   NEW   BUILDING
MATERIALS PRODUCTS CO., LTD., a foreign
corporation

By: _____

Name: *EDGAR BINNEMANN* / *MANFRED GRUNDKE*

Title: _____

STATE OF _____)

COUNTY OF _____)

     The foregoing instrument was acknowledged before me this _____ day of _____, 2012, by _____ as _____ of GUANGDONG KNAUF NEW BUILDING MATERIALS PRODUCTS CO., LTD., on behalf of the corporation. He/she/they is/are (   ) personally known to me or (   ) has/have produced _____ as identification.

_____

Notary Public, State of _____

Print Name: _____

Commission No.: _____

My Commission Expires: _____

KNAUF INTERNATIONAL GmbH, a foreign corporation

By:

Name: EDGAR          MANFRED
      BINNEMANN      GRUNDKE

Title: _____

STATE OF _____ )

COUNTY OF _____ )

    The foregoing instrument was acknowledged before me this _____ day of _____, 2012, by _____ as _____ of KNAUF INTERNATIONAL GmbH, on behalf of the corporation. He/she/they is/are ( ) personally known to me or ( ) has/have produced _____ as identification.

_____

Notary Public, State of _____

Print Name: _____

Commission No.: _____

My Commission Expires: _____

KNAUF INSULATION GmbH., a foreign corporation

By: _____

*EDGAR        MANFRED*

Name: *BINNEMANN      GRUNDKE*_____

Title: _____

STATE OF _____)

COUNTY OF _____)

      The foregoing instrument was acknowledged before me this _____ day of _____, 2012, by _____ as _____ of KNAUF INSULATION GmbH, on behalf of the corporation. He/she/they is/are ( ) personally known to me or ( ) has/have produced _____ as identification.

_____

Notary Public, State of _____

Print Name: _____

Commission No.:_____

My Commission Expires:_____

KNAUF UK GmbH, a foreign corporation

By: _____

Name: _EDGAR_   _MANFRED_
      _BINNEMANN_   _GRUNDKE_

Title:_____

STATE OF _____)

COUNTY OF _____)

        The foregoing instrument was acknowledged before me this _____ day of
_____, 2012, by _____ as _____ of KNAUF
UK GmbH, on behalf of the corporation.  He/she/they is/are (   ) personally known to me or (   )
has/have produced _____ as identification.

                                   _____

                                   Notary Public, State of _____

                                   Print Name: _____

                                   Commission No.:_____

                                   My Commission Expires:_____

KNAUF AMF GmbH & CO. KG., a foreign corporation

By: _____

Name: <u>EDGAR</u> <u>MANFRED</u>
     <u>BINNEMANN</u>   <u>GRUNDKE</u>

Title:_____

STATE OF _____)

COUNTY OF _____)

        The foregoing instrument was acknowledged before me this _____ day of _____, 2012, by _____ as _____ of KNAUF AMF GmbH & CO. KG on behalf of the corporation. He/she/they is/are ( ) personally known to me or ( ) has/have produced _____ as identification.

_____

Notary Public, State of _____

Print Name: _____

Commission No.:_____

My Commission Expires:_____

KNAUF DO BRASIL LTDA., a foreign corporation

By: _____

Name: *EDGAR MANFRED BINNEMANN GRUNDKE*

Title: _____


STATE OF _____ )

COUNTY OF _____ )

     The foregoing instrument was acknowledged before me this _____ day of _____, 2012, by _____ as _____ of KNAUF DO BRASIL LTDA. on behalf of the corporation. He/she/they is/are ( ) personally known to me or ( ) has/have produced _____ as identification.

_____

Notary Public, State of _____

Print Name: _____

Commission No.: _____

My Commission Expires: _____

PT KNAUF GYPSUM INDONESIA, a foreign corporation

By: _____

Name: _EDGAR_ _MANFRED_
      _RINNEMANN_ _GRUNDKE_

Title: _____

STATE OF _____ )

COUNTY OF _____ )

  The foregoing instrument was acknowledged before me this _____ day of
_____, 2012, by _____ as _____ of PT
KNAUF GYPSUM INDONESIA, on behalf of the corporation. He/she/they is/are ( )
personally known to me or ( ) has/have produced _____ as identification.

_____

Notary Public, State of _____

Print Name: _____

Commission No.: _____

My Commission Expires: _____

ORLDOCS 12662767 11