# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: CHINESE-MANUFACTURED DRYWALL PRODUCTS LIABILITY LITIGATION | |
| THIS DOCUMENT RELATES TO: ALL CASES AND | MDL No. 2047 |
| | SECTION: L |
| *Payton, et al. v. Knauf Gips, KG, et al.* Case No. 2:09-cv-07628 (E.D. La.) | JUDGE FALLON MAG. JUDGE WILKINSON |
| *Wiltz, et al. v. Beijing New Building Materials Public Ltd. Co., et al.* Case No. 2:10-cv-00361 (E.D. La.) | |
| *Gross, et al. v. Knauf Gips, KG, et al.* Case No. 2:09-cv-06690 (E.D. La.) | |
| *Rogers, et al. v. Knauf Gips, KG, et al.* Case No. 2:10-cv-00362 (E.D. La.) | |
| *Amato, et al. v. Liberty Mutual Ins. Co., et al.* Case No. 2:10-cv-00932 (E.D. La.) | |
| *Hernandez, et al. v. AAA Ins., et al.* Case No. 2:10-cv-03070 (E.D. La.) | |
| *Abel, et al. v. Taishan Gypsum Co., Ltd., f/k/a Shandong Taihe Dongxin Co., Ltd., et al.* Case No. 2:11-cv-00080 (E.D. La.) | |
| *Abreu, et al. v. Gebrueder Knauf Verwaltungsgesellschaft, KG, et al.* Case No. 2:11-cv-002528 (E.D. La.) | |
| *Haya, et al. v. Taishan Gypsum Co., Ltd., f/k/a Shandong Taihe Dongxin Co., Ltd., et al.* Case No. 2:11-cv-01077 (E.D. La.) | |
| *Vickers, et al. v. Knauf Gips, KG, et al.* Case No. 2:09-cv-04117 (E.D. La.) | |

## ORDER ON BANNER SETTLEMENT CONDITIONAL OPT OUTS

This cause came before the Court on January 4, 2012, pursuant to the December 21, 2012 Order for Certain Builder and Installer Conditional Opt Outs to the Banner Settlement to Show Cause or Be Bound by Information Provided in Exhibit "A," attached to the Order [Rec Doc. 16460].

Pursuant to an Order dated August 11, 2011 [Rec Doc. 10064], this Court granted preliminary approval of the Amended Stipulation and Agreement of Settlement dated August 8, 2011 between the Plaintiffs' Steering Committee ("PSC") and Banner Supply Co., Banner Supply Co. Pompano, LLC, Banner Supply Co. Port St. Lucie, LLC, Banner Supply Co. Ft. Myers, LLC, Banner Supply Co. Tampa, LLC, Banner Supply International, LLC and any other entity insured under the Banner Insurance Policies (collectively, "Banner"), herein referenced as the "Banner Settlement."  In addition to property owners, installer and builder defendants that acquired drywall through Banner are members of the Banner Settlement class.

Pursuant to an Order dated May 31, 2012 [Rec. Doc. 14562], this Court granted preliminary approval of the Settlement Agreement in MDL No. 2047 Regarding the Claims Involving Builders, Installers, Suppliers and Participating Insurers, herein referenced as the "Global Settlement," which contemplates a class action settlement of claims against, among others, installer and builder defendants.

Many installer and builder defendants provided notice of a "conditional" opt out of the Banner Settlement in order to preserve their rights under the Global Settlement.  It is the express intent of those installer and builder defendants to limit their opt out of the Banner Settlement to properties that have opted out of the Global Settlement.

- 2 -

Banner and the installer and builder defendants are interested in accurate information concerning the properties for which they may be subject to liability, notwithstanding the Banner Settlement and Global Settlement. Liaison and Lead counsel and others have worked diligently to accurately identify the properties that have opted out of the Global Settlement, and various parties have further identified the supplier and installer involved in each such property. The list of all properties that have opted out of the Global Settlement, and, as of the time of the drafting of this Order, have not submitted rescissions, is attached to this order as Exhibit A (the "List of Global Settlement Opt Outs"), and the list of conditional opt outs and property addresses related to each conditional opt out that as of the time of the drafting of this Order have not submitted rescissions is attached to this Order as Exhibit B.

Considering the foregoing:

**IT IS ORDERED** that the properties which have opted out of the Global Settlement are limited to those properties identified on the List of Global Settlement Opt Outs. The List of Global Settlement Opt Outs may only be modified for good cause shown by further order of this Court upon request by an individual who filed a timely opt out in accordance with this Court's June 4, Order [Rec. Doc. 14566], upon appropriate notice to all affected parties.

**IT IS FURTHER ORDERED** that any and all conditional opt outs from the Banner Settlement shall be limited to claims arising out of properties identified on the List of Global Settlement Opt Outs and also identified in Exhibit B as linked to that conditional opt out.

**IT IS FURTHER ORDERED** that conditional opt outs from the Banner Settlement without properties identified on the List of Global Settlement Opt Outs are hereby stricken. To

- 4 -

the extent that the Court permits modification of the List of Global Settlement Opt Outs, conditional opt outs stricken by this Order may petition the Court for reconsideration.

New Orleans, Louisiana, this 4th day of February, 2013.

ELDON E. FALLON
United States District Judge