# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: CHINESE-MANUFACTURED DRYWALL PRODUCTS LIABILITY LITIGATION | |
| THIS DOCUMENT RELATES TO: ALL CASES AND | MDL No. 2047 |
| | SECTION: L |
| *Payton, et al. v. Knauf Gips, KG, et al.* Case No. 2:09-cv-07628 (E.D. La.) | JUDGE FALLON MAG. JUDGE WILKINSON |
| *Wiltz, et al. v. Beijing New Building Materials Public Ltd. Co., et al.* Case No. 2:10-cv-00361 (E.D. La.) | |
| *Gross, et al. v. Knauf Gips, KG, et al.* Case No. 2:09-cv-06690 (E.D. La.) | |
| *Rogers, et al. v. Knauf Gips, KG, et al.* Case No. 2:10-cv-00362 (E.D. La.) | |
| *Amato, et al. v. Liberty Mutual Ins. Co., et al.* Case No. 2:10-cv-00932 (E.D. La.) | |
| *Hernandez, et al. v. AAA Ins., et al.* Case No. 2:10-cv-03070 (E.D. La.) | |
| *Abel, et al. v. Taishan Gypsum Co., Ltd., f/k/a Shandong Taihe Dongxin Co., Ltd., et al.* Case No. 2:11-cv-00080 (E.D. La.) | |
| *Abreu, et al. v. Gebrueder Knauf Verwaltungsgesellschaft, KG, et al.* Case No. 2:11-cv-002528 (E.D. La.) | |
| *Haya, et al. v. Taishan Gypsum Co., Ltd., f/k/a Shandong Taihe Dongxin Co., Ltd., et al.* Case No. 2:11-cv-01077 (E.D. La.) | |
| *Vickers, et al. v. Knauf Gips, KG, et al.* Case No. 2:09-cv-04117 (E.D. La.) | |

## ORDER CORRECTING CLERICAL ERROR

It has come to the Court's attention that in its Order and Judgment: (1) Certifying the InEx, Banner, Knauf, L&W, and Global Settlement Classes; and (2) Granting Final Approval to the InEx, Banner, Knauf, L&W, and Global Settlements, dated February 7, 2013 (the "February 7, 2013 Order") a clerical error was made pertaining to the amount of the Banner Settlement.

Considering the foregoing:

**IT IS ORDERED** that, pursuant to Fed. R. Civ. P. 60(a), the February 7, 2013 Order is corrected by striking the following: "The Banner settlement agreement provides that Banner and its insurers will provide $54,475,558.30 for the benefit of a nationwide class consisting of all persons or entities with claims against Banner arising from or otherwise related to Chinese drywall," and by inserting in lieu thereof the following: "The Banner settlement agreement provides that Banner and its insurers will provide $53,081,572.30 for the benefit of a nationwide class consisting of all persons or entities with claims against Banner arising from or otherwise related to Chinese drywall." The correct amount having been provided in the notice to the class, this clerical correction is made *nunc pro tunc* to February 7, 2013 and will not extend the time to appeal from the February 7, 2013 Order. *See Fed. Trade Comm'n v. Minneapolis-Honeywell Regulator Co.*, 344 U.S. 206, 211-12 (1952) ("the mere fact that a judgment previously entered has been reentered or revised in an immaterial way does not toll the time within which review must be sought"); *Esquire Radio & Electronics, Inc. v. Montgomery Ward & Co.*, 804 F.2d 787, 795-96 (2d Cir. 1986) (district court did not abuse its discretion under Rule 60(a) when it

- 3 -

corrected a clerical error arising from its transposing numbers in the amount of a judgment).

New Orleans, Louisiana, this 19th day of February, 2013,

*nunc pro tunc* February 7, 2013.

*[signature]*

ELDON E. FALLON
United States District Judge