**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| **IN RE:  CHINESE-MANUFACTURED DRYWALL PRODUCTS LIABILITY LITIGATION** | **MDL NO. 2047** **SECTION: L** **JUDGE FALLON** **MAG. JUDGE WILKINSON** |
| **THIS DOCUMENT RELATES TO:** **ALL ACTIONS** | |

**NOTICE OF FILING BY PLAINTIFFS' LIAISON COUNSEL**
**AND PLAINTIFFS' LEAD COUNSEL**

PLEASE TAKE NOTICE that Plaintiffs' Liaison Counsel, Russ M. Herman, and Plaintiffs' Lead Counsel, Arnold Levin, hereby file into the record the attached Motion to Establish Qualified Settlement Fund and Appoint Fund Administrator which was filed on February 22, 2013 into numerous cases in the Circuit Court for the City of Norfolk, State of Virginia.  A proposed Order was not attached to the filing because local state rules provide for counsel to meet and confer, and a hearing will be set if no agreement is reached.  However, undersigned counsel wanted the Court

1

and all parties to be aware of the filing of a Motion to Establish Qualified Settlement Fund  in state

court.

Respectfully submitted,

Dated: February 22, 2013

/s/ Russ M. Herman
Russ M. Herman, Esquire (Bar No. 6819)
Leonard A. Davis, Esquire (Bar No. 14190)
Stephen J. Herman, Esquire (Bar No. 23129)
HERMAN, HERMAN & KATZ, L.L.C.
820 O'Keefe Avenue
New Orleans, LA 70113
Phone: (504) 581-4892
Fax: (504) 561-6024
Ldavis@hhklawfirm.com
*Plaintiffs' Liaison Counsel in MDL 2047*

Arnold Levin
Fred S. Longer
Sandra L. Duggan
Matthew C. Gaughan
LEVIN, FISHBEIN, SEDRAN & BERMAN
510 Walnut Street, Suite 500
Philadelphia, PA 19106
Phone: (215) 592-1500
Fax: (215) 592-4663
Alevin@lfsblaw.com
*Plaintiffs' Lead Counsel in MDL 2047*

**CERTIFICATE OF SERVICE**

       I hereby certify that the above and foregoing pleading has been served on Defendants' Liaison Counsel, Kerry Miller, by e-mail and upon all parties by electronically uploading the same to LexisNexis File & Serve in accordance with Pre-Trial Order No. 6, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2047 on this 22nd day of February, 2013.

                    /s/ Leonard A. Davis
                    Leonard A. Davis, Esquire
                    Herman, Herman & Katz, L.L.C.
                    820 O'Keefe Avenue
                    New Orleans, Louisiana 70113
                    Phone: (504) 581-4892
                    Fax: (504) 561-6024
                    Ldavis@hhklawfirm.com
                    *Plaintiffs' Liaison Counsel*
                    *MDL 2047*



LAW OFFICES OF
RICHARD J. SERPE, P.C.

February 22, 2013

**VIA HAND DELIVERY**

George E. Schaefer, Clerk
Norfolk City Circuit Court
100 St. Paul's Boulevard
Norfolk, VA 23510

RE:

CL09-5795; CL09-5822; CL09-5891; CL09-5932; CL09-5946;
CL09-6332; CL09-6334; CL09-6487; CL09-6629; CL09-6630;
CL09-6726; CL09-6785; CL09-7322; CL09-7751; CL09-7768;
CL09-7769; CL09-7859; CL10-0035; CL10-0037; CL10-0509;
CL10-0819; CL10-0821; CL10-0869; CL10-1235; CL10-5089;
CL10-5094; CL10-5966; CL10-6392; CL11-0211

Dear Mr. Schaefer:

In connection with the above referenced litigation, enclosed please find a Motion to Establish a Qualified Settlement Fund and Appoint a Fund Administrator.

If you have any questions, please do not hesitate to contact my office.

Sincerely yours,

LAW OFFICES OF RICHARD J. SERPE, P.C.

Richard J. Serpe

RJS/ric
Enclosure
ecc:   C. Jay Robbins, Esq.
cc:    Hon. Mary Jane Hall, Judge.

VIRGINIA:    IN THE CIRCUIT COURT FOR THE CITY OF NORFOLK

TADARREIO ATKINS and
MATTEA ATKINS,                       )
                                     )
            Plaintiffs,              )
                                     )
v.                                   )        Case No: CL09-6487
                                     )
HHJV, LLC, et al.,                   )
                                     )
            Defendants.              )
_____)
                                     )
KEITH BERRY and,                     )
ELIZABETH BERRY,                     )
                                     )
            Plaintiffs,              )
                                     )
v.                                   )        Case No: CL10-0035
                                     )
OVERLOOK POINT, LLC, et al.,         )
                                     )
            Defendants.              )
_____)
                                     )
RONALD A. CAMPANA, JR.,              )
                                     )
            Plaintiff,               )
                                     )
v.                                   )        Case No: CL10-0819
                                     )
ATLANTIC HOMES, LLC, et al.,         )
                                     )
            Defendants.              )
_____)
                                     )
TERENCE M. CONE,                     )
                                     )
            Plaintiff,               )
                                     )
v.                                   )        Case No: CL10-5966
                                     )
ATLANTIC HOMES, LLC, et al.,         )
                                     )
            Defendants.              )
_____)

FILED

2013 FEB 22 AM 8: 39

NORFOLK
CIRCUIT COURT CLERK

BY:_____

_____D.C.

VIDA DILLARD,           )

                            )

               Plaintiff,    )

v.                        )     Case No: CL09-6726

                            )

HHJV, LLC, et al.     )

                            )

              Defendants.   )

---

CASSIE EVANS,       )

                            )

               Plaintiff,    )

v.                        )     Case No: CL10-5089

                            )

ATLANTIC HOMES, LLC, et al.    )

                            )

              Defendants.   )

---

YAHYA FADL and    )

NAWAL FADL,       )

                            )

               Plaintiffs,   )

v.                        )     Case No: CL10-5094

                            )

ATLANTIC HOMES, LLC, et al.    )

                            )

              Defendants.   )

---

CARROLL C. FREEMAN, JR.,    )

                            )

               Plaintiff,    )

v.                        )     Case No: CL09-7769

                            )

HHJV, LLC, et al.     )

                            )

              Defendants.   )

---

JEFFREY FRUCHT )
)
       Plaintiff, )
v. )     Case No: CL10-1235
)
ATLANTIC HOMES, LLC, et al. )
)
       Defendants. )

---

TAPPAN GANDY, )
)
       Plaintiff, )
v. )     Case No: CL09-5891
)
HHJV, LLC, et al. )
)
       Defendants. )

---

JOSHUA HARRY and, )
SHARNTAY HARRY, )
)
       Plaintiffs, )
v. )     Case No: CL09-7768
)
HHJV, LLC, et al. )
)
       Defendants. )

---

MICHAEL HOLLINGSWORTH, )
)
       Plaintiff, )
v. )     Case No: CL09-6630
)
HHJV, LLC, et al. )
)
       Defendants. )

---

3

| | | |
|---|---|---|
| PRYNCESS JOHNSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | Case No: CL10-0869 |
| | ) | |
| HHJV, LLC, et al. | ) | |
| | ) | |
| Defendants. | ) | |

| | | |
|---|---|---|
| ASA HOLDEN KNIGHT, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | Case No: CL09-7859 |
| | ) | |
| HHJV, LLC, et al. | ) | |
| | ) | |
| Defendants. | ) | |

| | | |
|---|---|---|
| JOSEPH E. LEACH and | ) | |
| CATHY L. LEACH, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| v. | ) | Case No: CL09-5932 |
| | ) | |
| WELLINGTON, LLC, et al. | ) | |
| | ) | |
| Defendants. | ) | |

| | | |
|---|---|---|
| JON LENANDER and | ) | |
| SUZANNE NEIMAN, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| v. | ) | Case No: CL09-6332 |
| | ) | |
| WELLINGTON, LLC, et al., | ) | |
| | ) | |
| Defendants. | ) | |

TURNER MACKALL and,                    )
JUANITA MACKALL,                       )
                                       )
            Plaintiffs,                )
v.                                     )        Case No: CL09-6629
                                       )
HHJV, LLC, et al.                      )
                                       )
            Defendants.                )

---

                                       )
JASON MADZUMA and                      )
JESSICA MADZUMA,                       )
                                       )
            Plaintiffs,                )
v.                                     )        Case No: CL10-0509
                                       )
HHJV, LLC, et al.,                     )
                                       )
            Defendants.                )

---

                                       )
JESSICA MCLENAGHAN,                    )
                                       )
            Plaintiff,                 )
v.                                     )        Case No: CL10-0821
                                       )
ATLANTIC HOMES, LLC, et al.,           )
                                       )
            Defendants.                )

---

                                       )
JOSEPH F. MICHAUX and                  )
VANNESSA L. MICHAUX,                   )
                                       )
            Plaintiffs,                )
v.                                     )        Case No: CL09-6334
                                       )
HHJV, LLC, et al.                      )
                                       )
            Defendants.                )

---

5

DWIGHT PAGE and )
PSYCHE PAGE, )
)
       Plaintiffs, )
v. )     Case No: CL10-0037
)
OVERLOOK POINT, LLC, et al. )
)
       Defendants. )

---

JOSEPH PIPKIN and )
SHANNON PIPKIN, )
)
       Plaintiffs, )
v. )     Case No: CL10-6392
)
ATLANTIC HOMES, LLC, et al. )
)
       Defendants. )

---

ROBERT POPOVITCH, )
)
       Plaintiff, )
v. )     Case No: CL09-7322
)
HHJV, LLC, et al. )
)
       Defendants. )

---

ANTON RIEDL and )
MELISSA POWELL-RIEDL, )
)
       Plaintiffs, )
v. )     Case No: CL09-5946
)
HHJV, LLC, et al. )
)
       Defendants. )

---

6

WILLIAM RYAN and )
SHANNA RYAN, )
         )
         Plaintiffs, )
v. )        Case No: CL11-0211
         )
ROB LANG BUILDER, INC., et al. )
         )
         Defendants. )

---

CLARINE SAINT-ANGE and, )
PHILLIP ALLEN, )
         )
         Plaintiffs, )
v. )        Case No: CL09-6785
         )
HHJV, LLC, et al. )
         )
         Defendants. )

---

MARK SAKOWSKI, )
         )
         Plaintiff, )
v. )        Case No: CL09-5795
         )
WYNDWIL, LLC, et al. )
         )
         Defendants. )

---

CATHERINE SIMPSON, )
         )
         Plaintiff, )
v. )        Case No: CL09-5822
         )
WYNDWIL, LLC, et al. )
         )
         Defendants. )

---

BRYAN WOOD and )
KIMBERLY WOOD, )
     )
       Plaintiffs, )
v. )     Case No: CL09-7751
     )
OVERLOOK POINT, LLC, et al. )
     )
       Defendants. )

## MOTION TO ESTABLISH QUALIFIED SETTLEMENT FUND
## AND APPOINT FUND ADMINISTRATOR

      Plaintiffs, by and through counsel for Plaintiffs ("Counsel"), move this Court for an Order (1) to establish a fund, which shall be called the Torres Chinese Drywall Qualified Settlement Trust (the "Fund") and (2) to appoint an administrator of the Fund. In support of this Motion, Plaintiffs respectfully state as follows:

      1.     Twenty-nine Plaintiffs filed actions against Defendant Antonieta Torres ("Torres") in the Circuit Court for the City of Norfolk in 2010 and 2011 alleging damages relating to Torres' installation of Chinese Drywall in their homes. Bellwether trials against Torres were set to commence on January 14, 2013 before this Court. The parties engaged in discovery, and the Honorable Mary Jane Hall issued rulings on multiple pre-trial motions. After arms-length negotiations with the assistance of a mediator, on January 8, 2013, Defendant Torres, insurer Western World Insurance Company, and Plaintiffs agreed to settle for an aggregate amount of $800,000. Plaintiffs' counsel submits that the settlement agreement is a fair and reasonable result for Plaintiffs considering Plaintiffs' likelihood of success against Torres on the merits, the modest size of Torres' installation business, and the commercial liability coverage limits under Torres' policy with Western World Insurance Company.

8

2.      Counsel moves this Court to approve and manage a Qualified Settlement Fund ("QSF") under Internal Revenue Code § 468B for distribution of the Torres settlement payment. Defendant Torres will make the settlement payment to the QSF in exchange for a release from Plaintiffs' claims. Counsel further requests that Judge Hall oversee distribution of the Settlement Fund to Plaintiffs. The QSF will allow the Court to ensure compliance with settlement terms while protecting settlement funds and will give the Court the ability to ensure that the funds are disbursed to the appropriate Plaintiffs in accordance with a fair allocation plan.

3.      The Fund shall be a QSF as described in Treas. Reg. Section 1.468B-1, established by order of this Court, and the Fund shall remain subject to the continuing jurisdiction of this Court.

4.      This Court has jurisdiction over this matter under Treas. Reg. Section 1.468B-1(c)(1), which states, in relevant part, that a QSF "is established pursuant to an order of, or is approved by, the United States, any state (including the District of Columbia), territory, possession, or political subdivision thereof, or any agency or instrumentality (including a court of law) . . . and is subject to the continuing jurisdiction of that governmental authority."

5.      Except as otherwise provided for below, the Fund shall fully settle claims arising from the Litigation by entering into subsequent QSF Agreements and Releases (the "Fund Agreements") with persons or entities asserting those claims. The Fund Agreements shall only be subject to court approval upon request by this Court. Until such time that Plaintiffs are entitled to receive compensation under a Settlement Agreement, no settlement proceeds shall be set apart for Plaintiffs or otherwise made available so that they may draw upon or otherwise control settlement proceeds.

9

6.     Pursuant to the terms of the settlement among Plaintiffs, Defendant Torres, and Insurer Western World Insurance Company, Western World Insurance Company shall promptly pay the agreed upon settlement proceeds into the Fund.

7.     Plaintiffs request that the Court appoint The Garretson Firm Resolution Group, Inc. d/b/a Garretson Resolution Group ("GRG"), whose address is 7775 Cooper Rd., Cincinnati, OH 45242, as the Fund Administrator and Trustee, to administer the fund allocation plan pursuant to the terms, conditions and restrictions of this Motion (collectively the "Fund Administrator").    GRG's extensive experience in administering and serving as trustee of settlement funds extends to approximately 2,000 different cases, including In *re* Oil Spill by the Oil Rig "Deepwater Horizon" in the Gulf of Mexico, on April 20, 2010, MDL Docket No. 2179 (E.D. La.); In *re* Avandia Marketing, Sales, Practices, and Products Liability Litigation, MDL Docket No. 1871 (E.D. Pa.); In *re* World Trade Center Disaster Site Litigation, 21 MC 100 (AKH) (S.D.N.Y.); and In *re* Vioxx Products Liability Litigation, MDL Docket No. 1657 (E.D. La.).  GRG shall submit personally to the jurisdiction of this Court.

8.     The Total Settlement Proceeds are the sole property of the Fund.  No portion of the Total Settlement Proceeds shall be made available to Plaintiffs in any fashion, except as specifically set forth in a Fund Agreement entered into by Plaintiffs and the Fund Administrator. Until such Fund Agreement is reached between Plaintiffs and the Fund Administrator, Plaintiffs shall not possess any rights to demand or receive any portion of the Total Settlement Proceeds or the escrowed funds or to mortgage, pledge, or encumber the same in any manner. To the extent possible, this Motion shall be construed so as to prevent Plaintiffs from being in constructive receipt, as determined under federal income tax principles, of any amounts held by the Fund prior to the time the Plaintiffs and the Fund Administrator enter into a Fund Agreement.

10

9.   The Fund Administrator shall be indemnified and held harmless by the Plaintiffs from any claims made by any alleged lien holder, or other person or entity that attempts to assert a right of payment, reimbursement or garnishment against the Fund.   Should the Fund Administrator be named as a party to, or threatened to be made a party to, any threatened, pending or completed action, suit or proceeding of any kind, whether civil, administrative or arbitrative, and whether brought by or against or otherwise involving the Fund, by reason of the Fund Administrator having served in any capacity on behalf of the Fund, the Fund Administrator shall be indemnified and held harmless by the Plaintiffs against reasonable expenses, costs and fees (including attorneys' fees), judgments, awards, costs, amounts paid in settlement, and liabilities of all kinds incurred by the Fund Administrator in connection with or resulting from such actual or threatened action, suit or proceeding; except to the extent that it is finally determined by this Court that the Fund Administrator was grossly negligent or acted with willful misconduct in connection with the administration of this Fund.

10.   The Plaintiffs request that no bond be required, provided that all monies received by the Fund, which include all principal and interest earned thereon, shall be deposited in an investment agency account held in custody at Old Point National Bank, 580 East Main Street, Norfolk, VA 23510 for the benefit of and titled in the legal name of the Fund and shall be invested in instruments/securities comprised of (1) United States Agency, Government Sponsored Enterprises or Treasury securities or obligations (or a mutual fund invested solely in such instruments); (2) cash equivalent securities including SEC registered money market funds and collateralized money market accounts; and/or (c) deposit and similar interest-bearing, or non-interest bearing accounts subject to Federal Deposit Insurance Corporation protections as available.   The Bank shall be responsible for any and all investment-related decisions, following

11

the instructions of the Fund Administrator and/or its investment advisor pursuant to these terms and conditions, such that the following investment policy is implemented: (1) safety of principal, (2) zero bank balance exposure; and the use of zero sweep disbursement accounts to ensure funds remain in custodial or fully insured accounts to avoid an impermissible risk of loss should the financial institution holding the funds fail.  Notwithstanding the foregoing, the Bank shall not be allowed to distribute any income or principal from the Fund without an order of this Court. The Fund Administrator retains the right to remove the Bank with or without cause, in its sole and absolute discretion, subject to approval of this Court.   The Fund Administrator may designate a replacement bank upon the written consent of the Plaintiffs and Counsel.   In the event of such replacement, the terms and conditions of this paragraph, including without limitation, those addressing bond requirements, investments, and distributions from the Fund, shall apply to any such replacement bank.

11.     The Fund Administrator is permitted to distribute all excess interest accrued to the Fund, after the payment of fees, expenses and taxes, to Plaintiffs on a pro rata basis.

12.     The Fund Administrator, with this Court's approval, shall be authorized to distribute all attorneys' fees and litigation expenses to Counsel, consistent with the existing contingency fee contracts, as modified by the limitations set forth in this paragraph, and the Order of the Honorable Judge Eldon E. Fallon of the United States District Court for the Eastern District of Louisiana dated January 24, 2013 in MDL 2047, *In re: Chinese-Manufactured Drywall Products Liability Litigation*, recommending that this Court allow Plaintiffs to set aside an amount equal to seventeen percent (17%) of the settlement proceeds to reimburse the Plaintiffs Steering Committee and Common Benefit Counsel in MDL 2047 who have been actively involved in securing the settlement with Defendants in this litigation (Ex. A) and that

this Court cap total Attorneys Fees to be paid by Plaintiffs at 32%.[1] The 17% amount set aside will be under the control of Judge Fallon and no release of those funds to counsel will occur without approval of Judge Fallon. No release of the remaining funds will occur without approval of this Court.

13.    The Fund Administrator shall design and administer a fund allocation plan and distribute proceeds to Plaintiffs pursuant to the terms of that allocation plan.

14.    All expenses incurred in the settlement of claims shall be allocated to the Fund, including any escrow fees and the fees of the Fund Administrator, and shall not be the responsibility of the at-fault parties.  All taxes on the income of the Fund and expenses and costs incurred in connection with the taxation of the Fund (including, without limitation, the expenses of tax attorneys and accountants for reasonable and ordinary services incurred in preparing and filing of the Fund's annual income taxes) shall be paid out of the Fund, shall be considered to be a cost of administration of the settlement, and shall be paid as instructed by the Fund Administrator without prior order of the Court.

15.    The Fund Administrator will prepare and deliver monthly Fund Statements ("Statements") to Counsel and this Court.  Such Statements shall include a statement of receipts, investment earnings, and disbursements and shall be provided to the requesting party no later than ten (10) business days following the request.

16.    The Fund Administrator shall have the right to rely upon any affidavit, certificate, letter, notice, electronic mail or other document believed by the Fund Administrator to be

---

[1] Judge Fallon, by an Order dated April 13, 2011, created a Court Supervised Account for Voluntary Deposit of Funds to Compensate and Reimburse Common Benefit Counsel into which the settlement proceeds for Common Benefit Counsel will be deposited. That order is the attached Ex. B.

genuine and sufficient, and upon any other evidence believed by the Fund Administrator, in its reasonable judgment, to be genuine and sufficient.

17.     Upon completion of all Fund Agreements and final distribution of all monies to be paid into the Fund, the Fund Administrator shall take appropriate steps to wind down the Fund and thereafter be discharged from any further responsibility with respect to the Fund.

18.     The Fund Administrator will obtain a Federal Taxpayer Identification Number for the Fund upon the execution of an Order by this Court establishing the Fund.

**WHEREFORE**, Plaintiffs, by and through counsel for Plaintiffs, respectfully request that the Court consent to take continuing jurisdiction over the Fund pursuant to Treas. Reg. Section 1.468B-1(c)(1), and issue an Order that:

1.     Establishes the Fund as a Qualified Settlement Fund within the meaning of Treasury Regulation Section 1.468B-1;

2.     Appoints the Garretson Firm Resolution Group, Inc. as Fund Administrator and Trustee to design and administer the fund allocation plan pursuant to the terms, conditions and restrictions of this Motion, thereby granting the Fund Administrator the authority to conduct any and all activities necessary to administer the Fund as described in this Motion;

3.     Releases Participating Defendant Torres and Participating Insurer Western World Insurance Company from any alleged civil liability or actual civil liability relating to Plaintiffs' claims against Torres under the Litigation, and dismiss these defendants with prejudice from these consolidated matters;

4.     Authorizes the Fund Administrator to distribute all attorneys' fees and litigation expenses to Counsel with the Court's approval, as well as with those persons who are

14

represented by Counsel in future settlements, consistent with the Order of Judge Fallon dated January 24, 2013 and their existing contingency fee contracts as modified by this motion and;

    5.    Authorizes the Fund Administrator, upon completion of all Fund Agreements and final distribution of all monies paid into the Fund, to take appropriate steps to wind down the fund and thereafter discharges the Fund Administrator from any further responsibility with respect to the Fund.

Respectfully submitted:

_____
Richard J. Serpe, Esq. - VA Bar No. 33340
LAW OFFICES OF RICHARD J. SERPE, P.C.
Crown Center, Suite 310
580 East Main Street
Norfolk, VA 23510
Phone : (757) 233-0009
Facsimile : (757) 233-0455
*Counsel for Plaintiffs*

Richard S. Lewis, Esq.
Kristen M. Ward, Esq.
HAUSFELD, LLP
1700 K Street, N.W., Suite 650
Washington, DC 20006
Phone: (202) 540-7200
Fax: (202) 540-7201
*Co-counsel for Plaintiffs*

Fred S. Longer, Esq.
Arnold Levin, Esq.
Daniel Levin, Esq.
Matthew C. Gaughan, Esq.
LEVIN, FISHBEIN, SEDRAN & BERMAN
510 Walnut Street, Suite 500
Philadelphia, PA 19106
Phone: (215) 592-1500
Facsimile: (215) 592-4663

15

*Co-counsel for Plaintiffs*

Jeffrey A. Breit, Esq.
Michael F. Imprevento, Esq.
John W. Drescher, Esq.
BREIT, DRESCHER, IMPREVENTO & WALKER, P.C.
Towne Pavilion Center II
600 22nd Street, Suite 402
Virginia Beach, VA 23451
Phone:  (757) 622-6000
Facsimile:  (757) 670-3939
*Co-counsel for Plaintiffs*

## CERTIFICATE OF SERVICE

I hereby certify that on this 22nd day of February, 2013, a true and correct copy of the foregoing motion was sent via e-mail and via U.S. mail, postage prepaid, to the following:

C. Jay Robbins, IV, Esq.
MIDKIFF, MUNCIE & ROSS, P.C.
300 Arboretum Place, Suite 42D
Richmond, VA 23236
*Counsel for Defendant, Antonieta Torres*

_____
Richard J. Serpe

16

# EXHIBIT A

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE:  CHINESE-MANUFACTURED DRYWALL PRODUCTS LIABILITY LITIGATION | MDL NO. 2047 SECTION: L |
| THIS DOCUMENT RELATES TO: Richard and Constance Almeroth, et al., individually, and on behalf of all others similarly situated, | JUDGE FALLON MAG. JUDGE WILKINSON |
| Plaintiffs, | |
| v. | |
| TAISHAN GYPSUM CO., LTD. F/K/A SHANDONG TAIHE DONGXIN CO., LTD., et al.; | |
| (EDLA No. 12-0498) | |
| Defendants. | |

**ORDER:**
**(CONDITIONALLY DISMISSING DEFENDANT ANTIONETA TORRES AND RECOMMENDING VOLUNTARY DEPOSIT PROCEDURE TO REIMBURSE COMMON BENEFIT COUNSEL)**

Upon consideration of the Motion for an Order (1) conditionally dismissing Defendant Antioneta Torres and (2) recommending voluntary deposit procedure to reimburse common benefit counsel, brought pursuant to Rule 41 of the Federal Rules of Civil Procedure, it is hereby, ORDERED, ADJUDGED AND DECREED that the claims against Defendant Antioneta Torres ("Torres") in MDL 2047 shall be conditionally dismissed, pending review and approval of the settlement between twenty-nine[1] Plaintiffs and Torres and the ultimate dismissal of Torres from

---

[1] Twenty-nine Plaintiffs have agreed to settle with Torres before the Circuit Court for the City of Norfolk in Virginia. Two of these Plaintiffs (Anton & Melissa Riedl and Tadarreio & Mattea Atkins) filed claims against Torres in the above captioned Omnibus Class Action Complaint (XIII), MDL 2047.

state court actions currently pending before Judge Mary Jane Hall of the Circuit Court for the City of Norfolk in Virginia. Upon dismissal of these Plaintiffs from the Virginia litigation, Plaintiffs Counsel shall promptly present to the Clerk the dismissals in the Virginia litigation that are the condition precedent to their dismissal from MDL 2047.

Further, consistent with state-federal court coordination of Chinese Drywall litigation, this Court hereby RECOMMENDS that the Circuit Court for the City of Norfolk allow Plaintiffs to set aside an amount equal to seventeen percent (17%) (consisting of 12% for common benefit Attorneys Fees and 5% for common benefit costs) of the settlement proceeds to reimburse the Plaintiffs Steering Committee ("PSC") and Common Benefit Counsel, and cap total Attorneys Fees to be paid by Plaintiffs at 32%.

New Orleans, Louisiana, this 24th day of _____ January _____, 2013.

ELDON E. FALLON
United States District Court Judge

2

# EXHIBIT B

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| IN RE:  CHINESE-MANUFACTURED DRYWALL PRODUCTS LIABILITY LITIGATION | MDL NO. 2047 SECTION: L JUDGE FALLON MAG. JUDGE WILKINSON |
|---|---|
| THIS DOCUMENT RELATES TO ALL CASES | |

### O R D E R

Upon consideration of Plaintiffs' Motion to Establish a Court Supervised Account for Voluntarily Deposit of Funds to Compensate and Reimburse Common Benefit Counsel, the court recognizes that the Plaintiff Steering Committee ("PSC") and other common benefit counsel have been actively pursuing this litigation on behalf of thousands of property owners. In order to set aside a portion of the settlement proceeds and to preserve a *res* to compensate  and reimburse common benefit counsel for fees and costs the court hereby orders that a settling party at this time  may voluntarily set aside a portion of settlement proceeds by depositing that portion into the registry of the court so that the funds may be allocated at a future date to common benefit counsel for fees and that a portion also be deposited in the registry of the court so that those funds  may be allocated at a future date to common benefit costs. The court is mindful that the PFC has filed a motion to establish a Plaintiffs' Litigation Expense Fund to Compensate and Reimburse Attorneys for Service Performed and Expenses Incurred for MDL Administration and Common Benefit (Rec. Doc. 4603) and that the court, at the request of the PSC,  has stayed the motion at the present time (Rec. Doc. 5207). At a later date the court may rule upon the motion, but at the present time, and until that motion is ruled upon the court sets up this voluntary method for counsel to deposit into the registry of the court an amount equal to Seventeen Percent (17%) of all settlement proceeds from any

settlement amount for a particular property representing Twelve Percent (12%) for common benefit fees and Five Percent (5%) for common costs. This Order and the voluntary set aside of settlement proceeds only applies to settlements that are not part of the Demonstration Remediation Agreement for homes with KPT Drywall. None of the funds placed in the registry of the court shall be removed without a further order from this court.

Any party that volunteers to deposit Seventeen Percent (17%) of settlement proceeds for common benefit fees (12%) and costs (5%) shall make such deposits as follows:

1. All deposits for common benefit fees or costs shall be made to the Clerk of Court, 500 Poydras Street, Room C-151, New Orleans, Louisiana 70130 accompanied by the form attached to this Order as Exhibit "A". Any questions regarding the filing procedures with the Clerk of Court should be directed to Kim Lange, Financial, Clerk of Court, 504-589-7786, kim_lange@laed.uscourts.gov. Questions regarding the substance of any settlement deposits shall be directed to Philip Garrett, CPA, Garrett and Company CPA's 117 Fairgrounds Boulevard, Bush, Louisiana, 70431, ph: (985) 635-1500, e-mail: pgarrett@garrettco.com.

The deposits made to the Clerk of Court shall be kept confidential and shall only be disclosed to the Clerk of Court, Philip Garrett and this court. Any further disclosures shall require an order from this court.

New Orleans, Louisiana, this 13th day of _____ April _____, 2011.

_____
Eldon E. Fallon
United States District Court Judge

EXHIBIT "A"

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **IN RE:  CHINESE-MANUFACTURED DRYWALL PRODUCTS LIABILITY LITIGATION** | **MDL NO. 2047 SECTION: L JUDGE FALLON MAG. JUDGE WILKINSON** |
| **THIS DOCUMENT RELATES TO ALL CASES** | |

## DEPOSIT WITH CLERK OF COURT FOR VOLUNTARY SET ASIDE OF FEES OR COSTS

ATTORNEY'S NAME: _____

ATTORNEY'S ADDRESS: _____

_____

_____

ATTORNEY'S PHONE NUMBER: _____

ATTORNEY'S E-MAIL: _____


IDENTIFICATION OF EACH DEPOSIT

(EACH SEPARATE PROPERTY MUST HAVE ALL ITEMS, A-E BELOW, COMPLETED AS TO EACH ADDRESS):


A. SUBJECT PROPERTY ADDRESS:_____

_____

_____

B. NAME OF SETTLING PARTY:     _____

C. CASE NUMBER: _____

D. TOTAL SETTLEMENT AMOUNT FOR PROPERTY:     $ _____

E. 17% TOTAL SETTLEMENT REPRESENTING FEES AND COSTS BEING DEPOSITED
    WITH THE CLERK:                              $_____

A. SUBJECT PROPERTY ADDRESS:_____

_____

_____

B. NAME OF SETTLING PARTY:        _____

C. CASE NUMBER:        _____

D. TOTAL SETTLEMENT AMOUNT FOR PROPERTY:        $ _____

E. 17% TOTAL SETTLEMENT REPRESENTING FEES AND COSTS BEING DEPOSITED
    WITH THE CLERK:        $_____


A. SUBJECT PROPERTY ADDRESS:_____

_____

_____

B. NAME OF SETTLING PARTY:        _____

C. CASE NUMBER:        _____

D. TOTAL SETTLEMENT AMOUNT FOR PROPERTY:        $ _____

E. 17% TOTAL SETTLEMENT REPRESENTING FEES AND COSTS BEING DEPOSITED
    WITH THE CLERK:        $_____


A. SUBJECT PROPERTY ADDRESS:_____

_____

_____

B. NAME OF SETTLING PARTY:        _____

C. CASE NUMBER:        _____

D. TOTAL SETTLEMENT AMOUNT FOR PROPERTY:        $ _____

E. 17% TOTAL SETTLEMENT REPRESENTING FEES AND COSTS BEING DEPOSITED
    WITH THE CLERK:        $_____


A. SUBJECT PROPERTY ADDRESS:_____

_____

_____

B. NAME OF SETTLING PARTY:        _____

C. CASE NUMBER:        _____

D. TOTAL SETTLEMENT AMOUNT FOR PROPERTY:        $ _____

E. 17% TOTAL SETTLEMENT REPRESENTING FEES AND COSTS BEING DEPOSITED
    WITH THE CLERK:        $_____