IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: CHINESE-MANUFACTURED DRYWALL PRODUCTS LIABILITY LITIGATION<br><br>THIS DOCUMENT APPLIES TO ALL CASES AND<br><br>Germano, et al. v. Taishan Gypsum Co., Ltd., f/k/a Shandong Taihe Dongxin Co. Ltd., et al., Case No. 2:09-cv-6687 (E.D.La.) | MDL NO. 2047<br><br>SECTION: L<br><br>JUDGE FALLON<br><br>MAG. JUDGE WILKINSON |

NOTICE OF ORAL AND VIDEOTAPED DEPOSITION
PURSUANT TO FED. R. CIV. P. 30(b)(6)

TO:  Guardian Building Products Distribution, Inc.
     Through its Registered Agent
     CT Corporation System
     1201 Peachtree Street, N.E.
     Atlanta, GA 30361

**PLEASE TAKE NOTICE** that pursuant to Rule 26 and 30(b)(6) of the Federal Rules of Civil Procedure, plaintiffs, by and through their undersigned attorneys, the Plaintiffs Steering Committee in the MDL, will take the deposition of **Guardian Building Products Distribution, Inc.,** on **Monday, April 8, 2013** at **10:00 o'clock a.m. (eastern)** at the offices of **Elmore & Wall, P.A., 55 Beattie Place, Suite 1050, Greenville, South Carolina 29601, PH: (864) 255-9500,** or at another location mutually agreed upon by the parties. Pursuant to Fed. R. Civ. P. 30(b)(6), **Guardian Building Products Distribution, Inc.** shall designate and produce a designated representative or

1

representatives, as may be required, to testify on behalf of **Guardian Building Products Distribution, Inc.** concerning the topics identified in Schedule A attached hereto.

**If you are an attorney of record, please email [cdw@golkow.com](mailto:cdw@golkow.com) 48 hours prior to the deposition should you desire to participate by stream to view video/text so you may receive a username and password.**

       **Primary Examiner:**        A member of the PSC or its designee
       **Videotaped Deposition:**   Yes
       **Call-In Number:**         **888-337-8218**
                                       **Participant Code:  769758**

The deposition will be taken before a person authorized by law to administer oaths, pursuant to Fed. R. Civ. P. 28, and will continue from day-to-day, excluding Sundays and court-recognized holidays, until the examination is completed.

Pursuant to directives provided at the status conference on May 27, 2010, a brief explanation of the subject matter expected at this deposition is as follows.  This brief explanation is with full reservation of all rights by the noticing party and is not intended to limit in any way the scope of the deposition noticed herein.  Counsel should be aware that all matters may be discovered in the deposition beyond the following and that the following explanation is made solely in accordance with the directives provided at the status conference.  This is an MDL "common" deposition of fact issues relating but not limited to purchase of drywall from Taishan, complaints from customers, complaints to Taishan and settlements with Taishan.

Respectfully submitted,

/s/ Leonard A. Davis
**Russ M. Herman** (Bar No. 6819)
Leonard A. Davis (Bar No. 14190)
Stephen J. Herman (Bar No. 23129)
***HERMAN, HERMAN & KATZ, L.L.C.***
820 O'Keefe Avenue
New Orleans, LA  70113
PH:  (504) 581-4892
FAX:  (504) 561-6024

**Plaintiffs' Liaison Counsel**

Dawn M. Barrios
701 Poydras Street
Suite 3650
New Orleans, LA 70139
PH: (504) 524-3300
Fax: (504) 524-3313

Robert C. Josefsberg
25 Flagler Street
8th Floor
Miami, FL 33130
PH: (305) 358-2800
Fax: (305) 358-2382

Ben Gordon
316 S. Baylen Street
Suite 600
Pensacola, FL 32502
PH: (850) 435-7090
Fax: (850) 436-6091

Arnold Levin
510 Walnut Street
Suite 500
Philadelphia, PA 19106
PH: (215) 592-1500
Fax: (215) 592-4663

Jerrold Seth Parker
3301 Bonita Beach Road
Bonita Springs, FL 34134
PH: (239) 390-1000
Fax: (239) 390-0055

Christopher Seeger
One William Street
New York, NY 10004
PH: (212) 584-0700
Fax: (212) 584-0799

Scott Weinstein
12800 University Drive
Suite 600
Ft. Myers, FL 33907
PH: (239) 433-6880
Fax: (239) 433-6836

Daniel E. Becnel, Jr.
425 W. Airline Highway
Suite B
LaPlace, LA 70068
PH: (985) 536-1186
Fax: (985) 536-6445

Ervin Amanda Gonzalez
255 Aragon Avenue
Cora Gables, FL 33134
PH: (305) 476-7400
Fax: 305) 476-7444

Hugh P. Lambert
701 Magazine Street
New Orleans, LA 70130
PH: (504) 581-1750
Fax: (504) 529-2931

Gerald E. Meunier
2800 Energy Centre
1100 Poydras Street
New Orleans, LA 70163-2800
PH: (504) 522-2304
Fax: (504) 528-9973

James Robert Reeves
160 Main Street
Biloxi, MS 39530
PH: (228) 374-5151
Fax: (228) 374-6630

Bruce Steckler, Esq.
12700 Park Central Drive
Suite 1900
Dallas, TX 75251
PH: (972) 387-3327

Richard J. Serpe, Esquire
580 East Main Street
Suite 310
Norfolk, VA 23510-2322
PH: (757) 233-0009
Fax: (757) 233-0455

| | |
|---|---|
| Daniel K. Bryson<br>900 West Morgan St.<br>Raleigh, NC  27603<br>Phone: (919) 600-5000<br>Fax: (919) 600-5035 | Victor M. Diaz, Jr.<br>119 Washington Avenue<br>Suite 402<br>Miami Beach, FL  33139<br>PH:  (305) 704-3200<br>Fax:  (305) 538-4928 |

**PLAINTIFFS' STEERING COMMITTEE**


**OF COUNSEL TO PLAINTIFFS' STEERING COMMITTEE**

| | |
|---|---|
| Richard S. Lewis<br>HAUSFELD LLP<br>1700 K Street, N.WSuite  650<br>Washington, DC 20006<br>Phone: (202) 540-7200<br>Fax:  (202) 540-7201<br>rlewis@hausfeldllp.com | Andrew A. Lemmon<br>Lemmon Law Firm, LLC<br>P.O. box 904<br>15058 River Road<br>Hahnville, LA 70057<br>Phone: (985) 783-6789<br>Fax: (985)783-1333<br>andrew@lemmonlawfirm.com<br><br>Anthony Irpino<br>Irpino Law Firm<br>2216 Magazine Street<br>New Orleans, LA 70130<br>Phone: (504) 525-1500<br>Fax: (504) 525-1501<br>airpino@irpinolaw.com |

## **CERTIFICATE OF SERVICE**

I hereby certify that the above and foregoing Notice of Oral and Videotaped Deposition Pursuant to Fed.R.Civ.P. 30(b)(6) has been served on Defendants' Liaison Counsel, Kerry Miller, by U.S. Mail and e-mail <u>or</u> by hand delivery and e-mail <u>and</u> upon all parties by electronically uploading the same to LexisNexis File & Serve in accordance with Pre-Trial Order No. 6, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2047, on this 26th day of March, 2013.

        /s/ Leonard A. Davis_____
        Leonard A. Davis
        Herman, Herman & Katz, L.L.C.
        820 O'Keefe Ave.
        New Orleans, LA 70113
        PH: (504) 581-4892
        Fax: (504) 561-6024
        ldavis@hhkc.com

## SCHEDULE A

## DEFINITIONS & INSTRUCTIONS

1. Whenever used herein, the following terms shall have the following meanings:

(a) "Communication" means the transmittal of information (in the form of facts, ideas, inquiries, or otherwise).

(b) "Computer" means all devices utilizing microchips to facilitate processing, analysis, or storage of data, including microcomputers (also known as personal computers), laptop computers, portable computers, notebook computers, palmtop computers (also known as personal digital assistants or PDA's), minicomputers and mainframe computers.

(c) "Concerning" means relating to, referring to, describing, evidencing, embodying, or constituting.

(d) "Document" is defined to be synonymous in meaning and equal in scope to the usage of this term in Federal Rule of Civil Procedure 34(a), including, without limitation, electronic or computerized data compilations. Documents shall include all drafts, including drafts with "track changes," and shall be deemed to be separate documents within the meaning of this term.

(e) "Electronically stored information" or "ESI" means the original (or identical duplicate when the original is not available), and any non-identical copies (whether non-identical because of notes made on copies or attached comments, annotations, marks, transmission notations, or highlighting of any kind) of writings and

data compilations in any form, and of every kind and description whether inscribed by mechanical, facsimile, electronic, magnetic, digital, or other means. ESI includes, by way of example only, computer programs (whether private, commercial, or work-in-progress), programming notes or instructions, activity listings of electronic mail receipts and transmittals, output resulting from the use of any software program, including word processing documents, spreadsheets, database files, charts, graphs and outlines, electronic mail displaying full e-mail alias's (not merely "display names), electronic calendars, I'm logs, PBX logs, document management system data, operating systems, all metadata, source code of all types, peripheral drivers, PIF files, batch files, ASCII files, and any and all miscellaneous files and file fragments, regardless of the media on which they reside and regardless of whether said ESI consists in an active file, deleted file or file fragment. Electronically stored information includes any and all items stored on computer memories, hard disks, floppy disks, CD-ROMs, removable media such as Zip disks, Jaz cartridges, Bernoulli Boxes and their equivalent, magnetic tapes of all types, microfiche, punched cards, punched tape, computer chips, including, EPROM, PROM, RAM and ROM, on or in any other vehicle for digital data storage and transmittal. The term ESI also includes the file, folder tabs and containers and labels appended to, or associated with, any physical storage device associated with each original and copy.

    (f) "Electronic media" means any magnetic or other storage media device used to record electronically stored information. Electronic media devices may include computer memories, hard disks, floppy disks, CD-ROM, removable media such as Bernoulli Boxes and their equivalent, magnetic tapes of all types, microfiche, punched

cards, punched tape, computer chips, including, EPROM, PROM, RAM and ROM, or on or in any other vehicle for digital data storage and transmittal.

(g) "Identify" with respect to persons, means to give, to the extent known, the person's full name, present or last known address, and when referring to a natural person, additionally, the present or last known place of employment. Once a person has been identified in accordance with this subparagraph, only the name of that person need be listed in response to subsequent discovery requesting the identification of that person.

(h) "Identify" with respect to documents, means to give, to extent known, the (i) type of document; (ii) general subject matter; (iii) date of the document; and (iv) author(s), addressee(s) and recipient(s).

(i) "Including" or "includes" means including, without limitation.

(j) "Defendant," "you," or "your" means the individual party to whom this request is directed and being responded to, and any of its domestic or international predecessors in interest, successors in interest, subsidiaries, divisions, subdivisions, affiliates, officers, directors, employees, representatives, independent contractors, consultants, or agents, whether present or former, including but not limited to their attorneys and accountants.

(k) "Chinese drywall" relates to drywall, plasterboard, or wallboard manufactured in China.

(l) "Test" or "Tests" means all tests, inspections, checks, studies, evaluations, measurements, and analyses of drywall and the materials and compounds

which make up the same, into or of the composition, chemical or physical properties, performance, life expectancy, and formulation thereof.

      (m)    "Person" means any natural person or any business, legal, or governmental entity or association.

    2.    The following rules of construction apply to all discovery requests:

      (a)    The terms "all" and "each" shall be construed as all and each;

      (b)    The connectives "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside of its scope;

      (c)    The use of the singular form of any word includes the plural and vice versa; and

      (d)    Requests that are stated in the present tense include the past tense and those in the past tense include the present tense.

    3.    Unless otherwise indicated, the Relevant Time Period for the information sought is between January 1, 2001 and the current date.

    4.    In responding to this request, if any document is withheld on the basis of a claim of privilege, work product, or any other ground, it is to be identified in a privilege log, produced in an electronic format that allows text searching and organization of data. You shall produce a privilege log within 7 days after the production of documents for which privilege is asserted to apply. For each document for which You assert a privilege applies, it must provide in the privilege log: (a) a statement of the ground alleged for withholding such document; (b) the date of the document; (c) the location of any attachments associated with the document and whether the asserted privilege also applies

to such attachments; (d) the identity of its author and signatories; (e) the type of document (*e.g.*, letter); (f) a summary of its content; (g) its present location and custodian; and (h) a listing of all persons to whom the contents of such documents have been disclosed and all persons who have or have had possession, custody, or control of the documents (or any portions thereof), pursuant to Federal Rule of Civil Procedure 45(d)(2). Notwithstanding the assertion of an objection, any purportedly privileged document containing non-privileged matter must be disclosed with the purportedly privileged portion redacted, with the redacted portion indicated on the document itself and listed on the privilege log to be provided pursuant to this paragraph.

To assist in the prompt resolution of disputed claims of privilege, you shall submit to the Court under seal, unredacted copies of all documents for which it asserts a privilege.

5. In responding to this request, for each document furnished, documents are to be produced in full and in their unexpurgated form. Redacted documents shall not constitute compliance with this request, unless such documents are redacted pursuant to any claim of privilege as set forth in paragraph 4 above.

6. In responding to this request, for each document furnished, documents shall be produced in their original language (e.g., Mandarin, German) and shall include any translations of such documents, whether such translations were performed prior to or subsequent to the date of these requests.

7. All hard copy documents and electronically stored information (ESI) produced in response to this request shall be organized and labeled either to correspond with the number of the specific request to which the documents are responsive or shall be

11

produced in the order, format, and manner in which they are kept in the usual course of business.  With respect to the production of electronically stored information, all ESI that is demanded is to be produced in its native usable format, as maintained on the computer storage systems, regardless of whether such ESI exists (and/or may have been copied and/or otherwise converted) in more than one electronic format.

8.     In responding to this request, for each document furnished, each page of a produced document shall have a legible, unique page identifier ("Bates Number") electronically "burned" onto the image at a location that does not obliterate, conceal, or interfere with any information from the source document (e.g., for ABC Defendant, Inc. "ABC001"; "ABC002").  No other legend or stamp will be placed on the document image other than a confidentiality legend (where applicable) redactions (consistent with the Stipulated Protective Order in this matter), and the Bates Number identified above. The confidential legend shall be "burned" onto the document's image at a location that does not obliterate or obscure any information from the source document.

## DEPOSITION TOPICS

Pursuant to Rule 30(b)(6), you shall designate and produce for deposition one or more of its officers, directors, managing agents, or other persons who consent to testify on its behalf concerning the following subject matters:

1.     Any information regarding your negotiations for and/or purchase of Chinese drywall from Taishan Gypsum Co., Taian Taishan Plasterboard Co. and/or any related company or entity.

12

2. Any inspections, analyses, and/or compliance testing of Chinese drywall conducted by you or on your behalf in connection with your purchase/receipt of Chinese drywall or transactions involving Chinese drywall during the Relevant Time Period.

3. Any standards consulted, considered, or relied upon to determine the quality and characteristics of the drywall products subject to such inspections, analyses, and compliance testing.

4. Any complaints, demands, warranty claims, requests for refunds or other document reflecting any problem whatsoever or concern you had with Chinese Drywall including but not limited to any such document you sent to the Chinese companies, and/or employees or agents of such companies, or any document received by you from any purchaser of Chinese Drywall.

5. Information concerning the settlement you reached with Taishan Gypsum. and/or any related company and/or any other entity including but not limited to any agreement by which you received compensation from any other party in settlement of any dispute you had with them over your purchase of drywall manufactured in China.

6. Information on complaints you received from your customers concerning drywall purchased from Chinese manufacturers.

7. All testing of drywall purchased from Chinese manufacturers for purpose of determining if it was defective in any way, including but not limited to its failure to comply with ASTM standards.

## **DOCUMENT REQUESTS**

Pursuant to Rules 30(b)(2) and 34 of the Federal Rules of Civil Procedure, please produce the following:

1. Any and all documentation supporting or related to any of the Deposition Topics listed above.