# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: CHINESE MANUFACTURED DRYWALL PRODUCTS LIABILITY LITIGATION ) ) ) ) | MDL NO. 2047 |
| THIS DOCUMENT RELATES TO: ) ) | SECTION: L |
| *Hobbie, et al. v.* ) *RCR Holdings II, LLC, et al.,* ) Case No. 10-1113 (E.D. La.) ) ) | JUDGE FALLON |
| *Payton, et al. v. Knauf Gips, KG, et al.*, ) Case No. 09-07628 (E.D. La.) ) ) | MAG. JUDGE WILKINSON |
| *Wiltz, et al. v. Beijing New Building Materials* ) *Public Limited Co., et al.* ) Case No. 2:10-cv-00361 (E.D. La.) ) ) | |
| *Rogers, et al. v. Knauf Gips KG, et al.* ) Case No. 2:10-cv-00362 (E.D. La.) ) ) | |
| *Block et al. v. Gebrueder Knauf* ) *Verwaltungsgesellschaft KG, et al.* ) Case No. 2:11-cv-2349 (E.D. La.) ) ) | |
| *Almeroth, et al. v. Taishan Gypsum Co., LTD.* ) *f/k/a Shandong Taihe Dongxin Col, LTD., et al.* ) Case No. 2:12-cv-0498 (E.D. La.) ) ) | |
| *RCR Holdings II, LLC. v. Arch Insurance* ) *Company and Coastal Construction of South* ) *Florida, Inc. d/b/a/ Coastal Condominiums* ) Case No. 502010CA015377XXXXMBAI ) (15th JDC Palm Beach County, Florida) ) ) | |
| *Coastal Construction Group of South Florida, Inc.* ) *v. Precision Drywall, Inc. and Mid-Continent* ) *Casualty Company* ) Case No. 11-07387 CA 04 ) (11th JDC Miami-Dade County, Fla.) ) ) | |
| *Coastal Construction of South Florida, Inc. and* ) *Arch Insurance Company v. Everest National* ) *Insurance Company, et al.* ) Case No. 12-80380-CIV-MARRA (S.D. Fla.) ) | |

**ORDER (1) PRELIMINARILY APPROVING SETTLEMENT AGREEMENT REGARDING CLAIMS AGAINST COASTAL CONSTRUCTION OF SOUTH FLORIDA, INC. RELATED TO VILLA LAGO AT RENAISSANCE COMMONS IN MDL 2047; (2) CONDITIONALLY CERTIFYING A SETTLEMENT CLASS; (3) APPROVING THE FORM OF NOTICE AND AUTHORIZING THE DISSEMINATION OF THE NOTICE; (4) SCHEDULING A FAIRNESS HEARING; AND (5) STAYING THE LITIGATION AGAINST <u>COASTAL CONSTRUCTION OF SOUTH FLORIDA, INC.</u>**

The Settling Parties have reached a proposed Settlement Agreement which has been submitted to this Court for its consideration, together with Settlement Class Members' request for provisional certification of the Settlement Class defined in the proposed Settlement Agreement and a proposed plan for dissemination of notice to the class regarding the Litigation, the proposed Settlement Agreement and related procedures, and setting a schedule for final approval of the Settlement and entry of a Final Order and Judgment. All Settling Parties deem the proposed Settlement Agreement to be in their best interest and Defendant, Coastal Construction of South Florida, Inc. ("Coastal") supports entry of this Order.

The Court has considered the submissions by and presentations of counsel regarding the proposed Settlement Agreement in light of the requirements of Federal Rules of Civil Procedure Rule 23 and the criteria set forth in the Manual for Complex Litigation, Fourth, (2004), which provides procedural guidance on the conduct of the settlement approval process in class actions.

The Court has carefully reviewed all the documents filed by the Settling Parties in this Litigation in support of the Settlement, as well as other pleadings and documents filed in this Litigation, including the briefs and evidence submitted in connection with the motion for class certification. For the reasons set forth more fully below, the Court now GRANTS provisional class certification and preliminary approval of the Settlement.

Therefore, **IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that:

1.      Capitalized terms used in this Order have the same meaning as those defined in the Settlement Agreement Regarding Claims Against Coastal Construction of South Florida, Inc. Related to Villa Lago at Renaissance Commons in MDL 2047, dated March 28, 2013 ("Settlement Agreement"), attached as EXHIBIT "1" to the Memorandum of Law in Support of the Joint Motion of proposed Settlement Class Counsel and Defendant, Coastal (1) Preliminarily Approving Settlement Agreement Regarding Claims Against Coastal Construction of South Florida, Inc. Related to Villa Lago at Renaissance Commons in MDL 2047; (2) Conditionally Certifying a Settlement Class; (3) Approving the Form of Notice and Authorizing the Dissemination of the Notice; (4) Scheduling a Fairness Hearing; and (5) Staying the Litigation Against Coastal Construction of South Florida, Inc. ("the Joint Memorandum").

2.      The Settlement Agreement, including all exhibits attached thereto, is preliminarily approved by the Court as fair, reasonable and adequate, as negotiated and entered into at arm's length, in good faith, and free of collusion to the detriment of the Settlement Class, and as being within the range of possible judicial approval at a prospective Fairness Hearing.

3.      The following Settlement Class is conditionally certified and shall consist of: All persons and entities who owned, leased or occupied a condominium located at Villa Lago at Renaissance Commons in Boynton Beach, Florida, the COA, and all persons and entities who sustained or claim to have sustained damages of any nature or kind as a result of the alleged manufacture, sale, distribution, use, installation or remediation of Chinese Drywall at Villa Lago at Renaissance Commons. Excluded from the Settlement Class are any person, firm, trust, corporation, or other entity related or affiliated with the Participating Defendants and Participating Insurers including, without limitation, persons who are officers, directors, employees, associates or partners of the Defendants and Insurers.

Case 2:09-md-02047-EEF-JCW   Document 16777   Filed 04/24/13   Page 4 of 9

4. With respect to the Settlement Class, the Court finds that the requirements of Rule 23(a) of the Federal Rules of Civil Procedure have been satisfied in that: (i) the Class Members are so numerous, making joinder of all Class members impracticable; (ii) there are questions of fact and law that are common to all members of the Class; (iii) the claims of the Class Representative are typical of the claims of the Class; and (iv) the Class Representative will fairly and adequately protect the interests of the Class.

5. With respect to the Settlement Class, the Court finds that the requirements of Rule 23(b)(3) of the Federal Rules of Civil Procedure have been satisfied for settlement purposes in that: (i) questions of fact and law common to the Class Members predominate over any questions affecting only individual members; and (ii) a class action is superior to other available methods for the fair and efficient adjudication of this controversy.

6. The Court finds that Class Representative Wendy Lee Hobbie has claims typical of Class Members and is an adequate representative of the Class Members. The Court appoints her to serve as Class Representative. The Court further finds that Gary E. Mason and Daniel R. Bryson of Whitfield Bryson & Mason LLP, Joel R. Rhine of Rhine Law Firm, P.C., Adam Linkhorst of Linkhorst & Hockin P.A. and Gregory S. Weiss of Leopold Law, P.A. have, separately and collectively, extensive experience and expertise in prosecuting consumer class action cases. The Court appoints these firms as Settlement Class Counsel.

7. The form and content of the Class Notice as set forth in EXHBITS "4" and "5" to the Joint Memorandum is approved. The proposed Class Notice, both the summary form and the detailed notice, is the best notice practicable under the circumstances and allows Class Members a full and fair opportunity to consider the proposed Settlement.

8. The proposed plan for distributing Class Notice, as set forth in Section 7 of the Settlement Agreement, is a reasonable method calculated to reach all members of the Class who

4

would be bound by the Settlement. Under this plan, Settlement Class Counsel will cause the Class Notice to be distributed to the Settlement Class by first class U.S. Mail to their last known addresses. Settlement Class Counsel will also cause notice of the Settlement to be published once in the following print media: (1) the Miami Herald; (2) the West Palm Beach News; and (3) the South Florida Sun Sentinel. Notice of the Settlement will also be posted on the Court's Chinese Drywall MDL website.

9. The Class Notice fairly, plainly, accurately, and reasonably informs Class Members of: (1) appropriate and sufficient information about the nature of this Litigation, the Settlement Class, the identity of Settlement Class Counsel, and the essential terms of the Settlement Agreement; (2) appropriate and sufficient information about Settlement Class Counsel's forthcoming application for attorneys' fees; (3) appropriate and sufficient information about how to object or opt-out of the Settlement, if they wish to do so, and the effect of failing to do so; (4) appropriate information about this Court's procedures for final approval of the Settlement, and about Class Members' right to appear through counsel if they desire; and (5) appropriate instructions as to how to obtain additional information regarding this Litigation, the Settlement Agreement and the approval process.

10. The Court finds and concludes that the proposed plan for distributing the Class Notice will provide the best notice practicable, satisfies the notice requirements of Rule 23(e) and satisfies all other legal and due process requirements.

11. Accordingly, the Court hereby ORDERS as follows:

    a. The form and content of the Class Notice is approved.

    b. The manner of distributing the Class Notice is approved.

    c. Promptly following the entry of this Order, Settlement Class Counsel shall prepare final versions of the Class Notice, incorporating into the Notice the relevant dates and deadlines set forth in this Order.

    d. Within fifteen (15) days of entry of this Preliminary Approval Order preliminarily certifying the Settlement Class, Settlement Class Counsel shall mail, via first class postage, the Notice to all known potential Settlement Class members at their last known address ("Notice Date").

    e. Within fifteen (15) days of entry of this Preliminary Approval Order preliminarily certifying the Settlement Class, Settlement Class Counsel shall publish notice of the Settlement once in the following print media: (1) the Miami Herald; (2) the West Palm Beach News; and (3) the South Florida Sun Sentinel.

12. The cost of Notice shall be paid from the Settlement Fund in accordance with Sections 7 and 12 of the Settlement Agreement.

13. The Notice, Settlement Agreement, and any additional relevant Settlement documents shall be posted on the Court's Chinese Drywall MDL website, http://www.laed.uscourts.gov/drywall/Settlements.htm.

14. Any Class Member wishing to opt out of the Settlement must notify Class Counsel, Gary E. Mason (Whitfield Bryson & Mason LLP, 1625 Massachusetts Ave., NW, Suite 605, Washington, DC 20036), and counsel for Coastal, Addison J. Meyers of Mintzer Sarowitz Zeris Ledva & Meyers LLP, The Waterford at Blue Lagoon, 1000 N.W. 57th Court, Suite 300, Miami, Florida 33126, in writing, by first class mail, within sixty (60) days of the Notice Date, *i.e.*, **postmarked no later than July 8, 2013** of their intention to opt out of the Settlement. The opt-out notice must be signed by the individual Class Member.

15. Any Class Member who does not properly and timely request exclusion from the proposed Settlement shall, upon final approval of the proposed Settlement, be bound by the terms and provisions of the proposed Settlement so approved, including but not limited to the releases, waiver, and covenants described in the proposed Settlement, whether or not such person or entity objected to the proposed Settlement and whether or not such person or entity makes a claim against the Settlement Fund.

16. Any Class Member wishing to object to the Settlement must notify the Clerk of Court (United States District Court for the Eastern District of Louisiana, 500 Poydras Street, New Orleans, Louisiana 70130), Settlement Class Counsel, Gary E. Mason (Whitfield Bryson & Mason LLP, 1625 Massachusetts Ave., NW, Suite 605, Washington, DC 20036), and counsel for Coastal, Addison J. Meyers of Mintzer Sarowitz Zeris Ledva & Meyers LLP, The Waterford at Blue Lagoon, 1000 N.W. 57th Court, Suite 300, Miami, Florida 33126, in writing, within sixty (60) days of the Notice Date, *i.e.*, **postmarked no later than July 8, 2013**, of their intention to object to the Settlement and/or appear at the Fairness Hearing.

17. The objection must set forth all objections, explain the reasons for the objection, and include any written material on which the objection is based or on which the Class Member intends to rely. The objection must state whether the Class Member or his/her lawyer intends to appear at the Fairness Hearing. The objection must identify any witnesses intended to be called, the subject area of the witnesses' testimony, and all documents to be used or offered into evidence, at the Fairness Hearing. All objections must contain the caption of the Litigation, include the name, mailing address, e-mail address, if any, and telephone number of the objecting Class Member, and be signed by the individual Class Member and by his or her counsel, if any. The objection must be signed by the individual Class Member and by his/her/its counsel; an objection signed by counsel alone shall not be sufficient.

18. The objection must contain the caption of the Litigation and include the name, mailing address, e-mail address, if any (an e-mail address is not required), and telephone number of the objecting Class Member.

19. No Class Member shall be entitled to be heard at the Fairness Hearing (whether individually or through the objector's counsel), or to object to certification of the Class or to the Settlement, and no written objections or briefs submitted by any Class Member shall be received or considered by the Court at the Fairness Hearing, unless written notice of the Class Member's objection, any brief in support of the objection, and any statement of intention to appear at the Fairness Hearing have been served upon Settlement Class Counsel and Coastal's counsel within the 60-day period following the Notice Date, *i.e.*, **postmarked no later than July 8, 2013**.

20. Settlement Class Counsel shall file all objections with the Court at the same time they file their memorandum in support of final approval of the Settlement, which is no later than 21 days prior to the Fairness Hearing.

21. Failure to comply timely and fully with these procedures shall result in the invalidity and dismissal of any objection.

22. A formal Fairness Hearing shall take place on the **20th day of August 2013 at 9:00 a.m. Central time**, in order to consider comments on and objections to the proposed Settlement and to consider whether (a) to grant final approval of the Settlement Agreement as fair, reasonable and adequate pursuant to Rule 23 of the Federal Rules of Civil Procedure, (b) to grant final certification of the Settlement Class pursuant to Rule 23 of the Federal Rules of Civil Procedure, (c) to enter the Final Order and Judgment provided in paragraph 3.1.2 of the Settlement Agreement dismissing the claims of the class members against the Released Parties with prejudice, and (d) such other matters as the Court may deem appropriate.

23. All briefs, memoranda, and papers in support of final approval of the Settlement

shall be filed within 21 days before the Fairness Hearing.

24. Prosecution of the Litigation against Coastal shall be stayed pending the final approval of the Settlement and further orders of the Court.

25. Pending the final determination of whether the proposed Settlement should be approved, each Class Member, and any person purporting to act on their behalf, as well as any other individual or entity, or agent or attorney acting on their behalf, all Participating Defendants, all Participating Insurers, and all other persons or entities are hereby enjoined from commencing or prosecuting, either directly or indirectly, any action in any other court asserting any of the Released Claims; provided, that this injunction shall not apply to individual claims of any Class Member who has timely and properly opted out from the Settlement Class as permitted by the Court. Such injunction shall remain in force until final approval or until such time as the Settling Parties notify the Court that the proposed Settlement has been terminated. This injunction is necessary to protect and effectuate the proposed Settlement, this Preliminary Approval Order, and the Court's flexibility and authority to effectuate the proposed Settlement and to enter final judgment when appropriate, and is in aid of the Court's jurisdiction and to protect its judgments.

26. The Court retains exclusive jurisdiction over this action to consider all further matters arising out of or in connection with the proposed Settlement.

This 24th day of April, 2013, at New Orleans, Louisiana.

                                                               ELDON E. FALLON
                                                                United States District Court Judge