# EXHIBIT 6

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| IN RE:  CHINESE-MANUFACTURED DRYWALL PRODUCTS LIABILITY LITIGATION | MDL NO. 2047 SECTION: L |
| THIS DOCUMENT RELATES TO: | JUDGE FALLON MAG. JUDGE WILKINSON |
| *Abel, et al. v. Taishan Gypsum Co., Ltd., f/k/a Shandong Taihe Dongxin Co., Ltd., et al* Case No. 11-cv-080 (E.D. La.) | |
| *Almeroth, et al. v. Taishan Gypsum Co., Ltd f/k/a Shandong Taihe Dongxin Co., Ltd., et al* Case No. 12-cv-0498 (E.D. La.) | |
| *Amato, et al. v. Liberty Mutual Insurance Company*, Case No. 2:10-cv-00932 (E.D.La.) | |
| *Germano et al. v. Taishan Gypsum Co., Ltd. et al.* Case No. 2:09-cv-06687 (E.D. La.) | |
| *Gross, et al. v. Knauf Gips, KG, et al* Case No. 09-cv-6690 (E.D. La.) | |
| *Haya, et al. v. Taishan Gypsum Co., Ltd f/k/a Shandong Taihe Dongxin Co., Ltd, et al* Case No. 11-cv-1077 (E.D. La.) | |
| *Wiltz, et al. v. Beijing New Building Materials Public Limited Co., et al* Case No. 10-cv-361 (E.D. La.) | |

**ORDER AND JUDGMENT: (1) CERTIFYING EACH OF FOUR CHINESE DRYWALL CLASS SETTLEMENTS (NATIONWIDE INSUREDS SETTLEMENT AGREEMENT, PORTER-BLAINE/VENTURE SUPPLY SETTLEMENT AGREEMENT, TOBIN TRADING AND INSTALLERS SETTLEMENT AGREEMENT, AND BUILDERS MUTUAL INSUREDS SETTLEMENT AGREEMENT) RELATING TO VIRGINIA AND CERTAIN OTHER REMAINING CLAIMS; (2) GRANTING FINAL APPROVAL TO THE FOUR CHINESE DRYWALL CLASS SETTLEMENTS; AND (3) APPROVING AN ALLOCATION PLAN FOR THE FOUR CLASS SETTLEMENTS**

Upon consideration of the Motion of Settlement Class Counsel for certification of four

settlement classes and final approval of the (1) Nationwide Insureds Settlement Class; (2) Porter-Blaine/Venture Supply Settlement Class; (3) Tobin Trading & Installers Settlement Class; and (4) Builders Mutual Insureds Settlement Class, it is hereby,

ORDERED, ADJUDGED AND DECREED that:

1.  Capitalized terms used in this Order and Judgment shall have the same meaning as those defined in the Nationwide Insureds Settlement [Rec. Doc. No. 15969-5]; Porter-Blaine/Venture Settlement [Rec. Doc. No. 15969-6]; Tobin Trading and Installers Settlement [Rec. Doc. No. 15969-7]; Builders Mutual Insureds Settlement [Rec. Doc. No. 16478-3], which have been filed of record in this case.

2.  The Motion of Settlement Class Counsel for Final Approval of the Nationwide Insureds, Porter-Blaine/Venture Supply, Tobin Trading & Installers, and Builders Mutual Insureds Settlement Agreements and Certification of the Nationwide Insureds, Porter-Blaine/Venture Supply, Tobin Trading & Installers, and Builders Mutual Insureds Settlement Classes is GRANTED.

3.  Unless otherwise specified, the Nationwide Insureds, Porter-Blaine/Venture Supply, Tobin Trading & Installers, and Builders Mutual Insureds Settlement Agreements will be governed by the laws of Virginia.

4.  The Nationwide Insureds Settlement Class is certified pursuant to Fed. R. Civ. P. 23(a), (b)(3) & (e).

5.  The Court finds that the Nationwide Insureds Settlement is fair, reasonable, and adequate, that the Nationwide Insureds Settlement was entered into in good faith and without collusion, and that the Nationwide Insureds Settlement should be approved pursuant to Fed. R. Civ. P. 23(e).

6.  The Court finds that the indemnity, defense and judgment reduction provisions in

Section 5.2.4 of the Nationwide Insureds Settlement are valid, binding, and enforceable; and therefore, bars the assertion by any Nationwide Insureds Settlement Class Member of any contribution, indemnification, subrogation, or other claims related to or arising out of Chinese Drywall against the Participating Defendants or Participating Insurers, excluding only any Reserved Claims.

7.   Any and all Nationwide Insureds Settlement Class Members, including, but not limited to, those who have not properly opted out of the Nationwide Insureds Settlement Class, are enjoined and forever barred from maintaining, continuing, prosecuting, and/or commencing the Litigation, CDW-Related Actions, Related Claims, or any action, pending or future, against the Settling Parties (but excluding any Reserved Claims) that arises from, concerns, or otherwise relates, directly or indirectly, to Chinese Drywall.

8.   Other than as it relates to Reserved Claims or Assigned Claims in the Nationwide Insureds Settlement, or to enforce any term of the Nationwide Insureds Settlement, or as to insurance matters concerning depletion or exhaustion of one or more policies of insurance, or prior compensation for a claimed loss or set-off, no person or entity may use or refer to any aspect of the Nationwide Insureds Settlement in any litigation in which any Participating Defendant or Participating Insurer is a party.

9.   The Nationwide Insureds Settlement shall not constitute a waiver of any coverage defense or position taken by any Participating Defendant and/or its insurers, whether a Participating Insurer or not, related to Chinese Drywall and no insurer, whether a Participating Insurer or not, shall be estopped from raising any coverage issue or defense by reason of the Nationwide Insureds Settlement.  In addition, any payment by a Participating Insurer as set forth in Section 4 of the Nationwide Insureds Settlement, shall not be considered a confession of judgment

or trigger any obligation to pay attorney's fees.

10. Except for any Reserved Claims referenced in Section 5.5 of the Nationwide Insureds Settlement, the Court finds that by entering this Settlement, each Participating Insurer has acted in good faith and fairly, reasonably, and honestly towards its insured Participating Defendant, and any actual and/or potential Nationwide Insureds Settlement Class Members and with due regard for the Participating Insurer's Participating Defendant, and any potential Nationwide Insureds Class Members' interests regarding Chinese Drywall.

11. Except for any Reserved Claims referenced in Section 5.5 of the Nationwide Insureds Settlement, the Court finds that the actions and positions of the Participating Insurers, being in good faith, upon the Nationwide Insureds Settlement becoming Final, precludes any Participating Defendant and any actual and/or potential Nationwide Insureds Settlement Class Member from asserting, maintaining or assigning any statutory and/or common law bad faith claim against any Participating Insurer.

12. The Nationwide Insureds Settlement shall not constitute a waiver or release by any Participating Defendant or Participating Insurer of any claims or defenses related to any actual or alleged obligations under a policy of insurance that such Participating Defendant or Participating Insurer may have against any person or entity, including another Participating Insurer, in any manner related to or connected in any way with the Chinese Drywall claims of Nationwide Insureds Settlement Class Members who opt-out of the Nationwide Insureds Settlement.

13. The Porter-Blaine/Venture Supply Settlement Class is certified pursuant to Fed. R. Civ. P. 23(a), (b)(3) & (e).

14. The Court finds that the Porter-Blaine/Venture Supply Settlement is fair, reasonable, and adequate, that the Porter-Blaine/Venture Supply Settlement was entered into in

4

good faith and without collusion, and that the Porter-Blaine/Venture Supply Settlement should be approved pursuant to Fed. R. Civ. P. 23(e).

15. The Court finds that the indemnity, defense and judgment reduction provisions in Section 5.2.4 of the Porter-Blaine/Venture Supply Settlement are valid, binding, and enforceable; and therefore, bars the assertion by any Porter-Blaine/Venture Supply Settlement Class Member of any contribution, indemnification, subrogation, or other claims related to or arising out of Chinese Drywall against the Participating Defendants or Participating Insurers, excluding only any Reserved Claims.

16. Any and all Porter-Blaine/Venture Supply Settlement Class Members, including, but not limited to, those who have not properly opted out of the Porter-Blaine/Venture Supply Settlement Class, are enjoined and forever barred from maintaining, continuing, prosecuting, and/or commencing the Litigation, CDW-Related Actions, Related Claims, or any action, pending or future, against the Settling Parties (but excluding any Reserved Claims) that arises from, concerns, or otherwise relates, directly or indirectly, to Chinese Drywall.

17. Other than as it relates to Reserved Claims or Assigned Claims in the Porter-Blaine/Venture Supply Settlement, or to enforce any term of the Porter-Blaine/Venture Supply Settlement, or as to insurance matters concerning depletion or exhaustion of one or more policies of insurance, or prior compensation for a claimed loss or set-off, no person or entity may use or refer to any aspect of the Porter-Blaine/Venture Supply Settlement in any litigation in which any Participating Defendant or Participating Insurer is a party.

18. The Porter-Blaine/Venture Supply Settlement shall not constitute a waiver of any coverage defense or position taken by any Participating Defendant and/or its insurers, whether a Participating Insurer or not, related to Chinese Drywall and no insurer, whether a Participating

Insurer or not, shall be estopped from raising any coverage issue or defense by reason of the Porter-Blaine/Venture Supply Settlement.  In addition, any payment by a Participating Insurer as set forth in Section 4 of the Porter-Blaine/Venture Supply Settlement, shall not be considered a confession of judgment or trigger any obligation to pay attorney's fees.

19. Except for any Reserved Claims referenced in Section 5.5 of the Porter-Blaine/Venture Supply Settlement, the Court finds that by entering this Settlement, each Participating Insurer has acted in good faith and fairly, reasonably, and honestly towards its insured Participating Defendant, and any actual and/or potential Porter-Blaine/Venture Supply Settlement Class Members and with due regard for the Participating Insurer's Participating Defendant, and any potential Porter-Blaine/Venture Supply Class Members' interests regarding Chinese Drywall.

20. Except for any Reserved Claims referenced in Section 5.5 of the Porter-Blaine/Venture Supply Settlement, the Court finds that the actions and positions of the Participating Insurers, being in good faith, upon the Porter-Blaine/Venture Supply Settlement becoming Final, precludes any Participating Defendant and any actual and/or potential Porter-Blaine/Venture Supply Settlement Class Member from asserting, maintaining or assigning any statutory and/or common law bad faith claim against any Participating Insurer.

21. The Porter-Blaine/Venture Supply Settlement shall not constitute a waiver or release by any Participating Defendant or Participating Insurer of any claims or defenses related to any actual or alleged obligations under a policy of insurance that such Participating Defendant or Participating Insurer may have against any person or entity, including another Participating Insurer, in any manner related to or connected in any way with the Chinese Drywall claims of Porter-Blaine/Venture Supply Settlement Class Members who opt-out of the Porter-Blaine/Venture

Supply Settlement.

22. The Tobin Trading & Installers Settlement Class is certified pursuant to Fed. R. Civ. P. 23(a), (b)(3) & (e).

23. The Court finds that the Tobin Trading & Installers Settlement is fair, reasonable, and adequate, that the Tobin Trading & Installers Settlement was entered into in good faith and without collusion, and that the Tobin Trading & Installers Settlement should be approved pursuant to Fed. R. Civ. P. 23(e).

24. The Court finds that the indemnity, defense and judgment reduction provisions in Section 5.2.4 of the Tobin Trading & Installers Settlement are valid, binding, and enforceable; and therefore, bars the assertion by any Tobin Trading & Installers Settlement Class Member of any contribution, indemnification, subrogation, or other claims related to or arising out of Chinese Drywall against the Participating Defendants or Participating Insurers, excluding only any Reserved Claims.

25. Any and all Tobin Trading & Installers Settlement Class Members, including, but not limited to, those who have not properly opted out of the Tobin Trading & Installers Settlement Class, are enjoined and forever barred from maintaining, continuing, prosecuting, and/or commencing the Litigation, CDW-Related Actions, Related Claims, or any action, pending or future, against the Settling Parties (but excluding any Reserved Claims) that arises from, concerns, or otherwise relates, directly or indirectly, to Chinese Drywall.

26. Other than as it relates to Reserved Claims or Assigned Claims in the Tobin Trading & Installers Settlement, or to enforce any term of the Tobin Trading & Installers Settlement, or as to insurance matters concerning depletion or exhaustion of one or more policies of insurance, or prior compensation for a claimed loss or set-off, no person or entity may use or

7

refer to any aspect of the Tobin Trading & Installers Settlement in any litigation in which any Participating Defendant or Participating Insurer is a party.

27. The Tobin Trading & Installers Settlement shall not constitute a waiver of any coverage defense or position taken by any Participating Defendant and/or its insurers, whether a Participating Insurer or not, related to Chinese Drywall and no insurer, whether a Participating Insurer or not, shall be estopped from raising any coverage issue or defense by reason of the Tobin Trading & Installers Settlement.  In addition, any payment by a Participating Insurer as set forth in Section 4 of the Tobin Trading & Installers Settlement, shall not be considered a confession of judgment or trigger any obligation to pay attorney's fees.

28. Except for any Reserved Claims referenced in Section 5.5 of the Tobin Trading & Installers Settlement, the Court finds that by entering this Settlement, each Participating Insurer has acted in good faith and fairly, reasonably, and honestly towards its insured Participating Defendant, and any actual and/or potential Tobin Trading & Installers Settlement Class Members and with due regard for the Participating Insurer's Participating Defendant, and any potential Tobin Trading & Installers Class Members' interests regarding Chinese Drywall.

29. Except for any Reserved Claims referenced in Section 5.5 of the Tobin Trading & Installers Settlement, the Court finds that the actions and positions of the Participating Insurers, being in good faith, upon the Tobin Trading & Installers Settlement becoming Final, precludes any Participating Defendant and any actual and/or potential Tobin Trading & Installers Settlement Class Member from asserting, maintaining or assigning any statutory and/or common law bad faith claim against any Participating Insurer.

30. The Tobin Trading & Installers Settlement shall not constitute a waiver or release by any Participating Defendant or Participating Insurer of any claims or defenses related to any

actual or alleged obligations under a policy of insurance that such Participating Defendant or Participating Insurer may have against any person or entity, including another Participating Insurer, in any manner related to or connected in any way with the Chinese Drywall claims of Tobin Trading & Installers Settlement Class Members who opt-out of the Tobin Trading & Installers Settlement.

31. The Builders Mutual Insureds Settlement Class is certified pursuant to Fed. R. Civ. P. 23(a), (b)(3) & (e).

32. The Court finds that the Builders Mutual Insureds Settlement is fair, reasonable, and adequate, that the Builders Mutual Insureds Settlement was entered into in good faith and without collusion, and that the Builders Mutual Insureds Settlement should be approved pursuant to Fed. R. Civ. P. 23(e).

33. The Court finds that the indemnity, defense and judgment reduction provisions in Sections 5.2.4 of the Builder Mutual Insureds Settlement are valid, binding, and enforceable; and therefore, bars the assertion by any Builder Mutual Insureds Settlement Class Member of any contribution, indemnification, subrogation, or other claims related to or arising out of Chinese Drywall against the Participating Defendants or Participating Insurers, excluding only any Reserved Claims.

34. Any and all Builder Mutual Insureds Settlement Class Members, including, but not limited to, those who have not properly opted out of the Builder Mutual Insureds Settlement Class, are enjoined and forever barred from maintaining, continuing, prosecuting, and/or commencing the Litigation, CDW-Related Actions, Related Claims, or any action, pending or future, against the Settling Parties (but excluding any Reserved Claims) that arises from, concerns, or otherwise relates, directly or indirectly, to Chinese Drywall.

35. Other than as it relates to Reserved Claims or Assigned Claims in the Builder Mutual Insureds Settlement, or to enforce any term of the Builder Mutual Insureds Settlement, or as to insurance matters concerning depletion or exhaustion of one or more policies of insurance, or prior compensation for a claimed loss or set-off, no person or entity may use or refer to any aspect of the Builder Mutual Insureds Settlement in any litigation in which any Participating Defendant or Participating Insurer is a party.

36. The Builder Mutual Insureds Settlement shall not constitute a waiver of any coverage defense or position taken by any Participating Defendant and/or its insurers, whether a Participating Insurer or not, related to Chinese Drywall and no insurer, whether a Participating Insurer or not, shall be estopped from raising any coverage issue or defense by reason of the Builder Mutual Insureds Settlement.  In addition, any payment by a Participating Insurer as set forth in Section 4 of the Builder Mutual Insureds Settlement, shall not be considered a confession of judgment or trigger any obligation to pay attorney's fees.

37. Except for any Reserved Claims referenced in Section 5.5 of the Builder Mutual Insureds Settlement, the Court finds that by entering this Settlement, each Participating Insurer has acted in good faith and fairly, reasonably, and honestly towards its insured Participating Defendant, and any actual and/or potential Builder Mutual Insureds Settlement Class Members and with due regard for the Participating Insurer's Participating Defendant, and any potential Builder Mutual Insureds Class Members' interests regarding Chinese Drywall.

38. Except for any Reserved Claims referenced in Section 5.5 of the Builder Mutual Insureds Settlement, the Court finds that the actions and positions of the Participating Insurers, being in good faith, upon the Builder Mutual Insureds Settlement becoming Final, precludes any Participating Defendant and any actual and/or potential Builder Mutual Insureds Settlement Class

Member from asserting, maintaining or assigning any statutory and/or common law bad faith claim against any Participating Insurer.

39. The Builder Mutual Insureds Settlement shall not constitute a waiver or release by any Participating Defendant or Participating Insurer of any claims or defenses related to any actual or alleged obligations under a policy of insurance that such Participating Defendant or Participating Insurer may have against any person or entity, including another Participating Insurer, in any manner related to or connected in any way with the Chinese Drywall claims of Builder Mutual Insureds Settlement Class Members who opt-out of the Builder Mutual Insureds Settlement.

40. Section 4.3 of the Nationwide Insureds, Tobin Trading & Installers, and Builders Mutual Insureds Settlements, which requires Class Members to "apply the settlement proceeds they receive…to assist in the remediation of their Affected Property," shall not apply to Class Members who no longer own their homes at the time the Settlements receive Final Approval.

41. Pursuant to and in full compliance with Rule 23 of the Federal Rules of Civil Procedure, this Court hereby finds and concludes that due and adequate notice was directed to all persons and entities who are Class Members, advising them of the Plan of Allocation and of their right to object thereto, and a full and fair opportunity was accorded to all such persons and entities to be heard with respect to the Plan of Allocation.

42. The Court hereby finds and concludes that the Revised Proposed Plan of Allocation, which is attached to the Memorandum in Support of Settlement Class Counsel's Motion for an Order at Exhibit 3, provides a fair and equitable basis upon which to allocate the proceeds of the Settlement Funds among the Class Members.

43. The Court hereby finds and concludes that the Plan of Allocation is, in all

respects, fair.

      44. The Court finds that, pursuant to Fed. R. Civ. P. 54(b), there is no just reason for delay of entry of final judgment with respect to the foregoing.


      This _____day of _____, 2013, at New Orleans, Louisiana


        _____
        ELDON E. FALLON
        United States District Court Judge