UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: CHINESE-MANUFACTURED DRYWALL PRODUCTS LIABILITY LITIGATION | MDL NO. 2047<br>SECTION: L |
| THIS DOCUMENT RELATES TO:<br><br>*Abel, et al. v. Taishan Gypsum Co., Ltd., f/k/a Shandong Taihe Dongxin Co., Ltd., et al*<br>Case No. 11-cv-080 (E.D. La.)<br><br>*Almeroth, et al. v. Taishan Gypsum Co., Ltd f/k/a Shandong Taihe Dongxin Co., Ltd., et al*<br>Case No. 12-cv-0498 (E.D. La.)<br><br>*Amato, et al. v. Liberty Mutual Insurance Company*, Case No. 2:10-cv-00932 (E.D. La.)<br><br>*Germano et al. v. Taishan Gypsum Co., Ltd. et al.*<br>Case No. 2:09-cv-06687 (E.D. La.)<br><br>*Gross, et al. v. Knauf Gips, KG, et al*<br>Case No. 09-cv-6690 (E.D. La.)<br><br>*Haya, et al. v. Taishan Gypsum Co., Ltd f/k/a Shandong Taihe Dongxin Co., Ltd, et al*<br>Case No. 11-cv-1077 (E.D. La.)<br><br>*Wiltz, et al. v. Beijing New Building Materials Public Limited Co., et al*<br>Case No. 10-cv-361 (E.D. La.) | JUDGE FALLON<br>MAG. JUDGE WILKINSON |

AFFIDAVIT OF CATHERINE M. COLINVAUX IN SUPPORT OF THE
NATIONWIDE DEFENDANTS' REPLY MEMORANDUM OF LAW IN SUPPORT OF
APPROVAL OF THE NATIONWIDE VIRGINIA CLASS SETTLEMENT

I, Catherine M. Colinvaux, being of full age and under oath, state as follows:

1. I am counsel of record for Nationwide Mutual Insurance Company, Nationwide Mutual Fire Insurance Company and Nationwide Property & Casualty Company (collectively, "Nationwide") in this matter and in other Chinese Drywall-related matters, including lawsuits,

such as *Nationwide Mutual Insurance Company v. The Overlook, LLC,* Civ. No. 4:10cv69-MSD (E.D. Va., Newport News Division) (the "*Overlook* Litigation"), pending in the federal courts in the Commonwealth of Virginia. I have represented Nationwide in connection with its Chinese Drywall-related claims and potential liabilities since early 2010. I make this affidavit on personal knowledge gained as a result of this representation, except as otherwise stated.

2. As counsel for Nationwide, I was directly, personally involved in all aspects of the negotiation of the Nationwide Virginia Settlement now pending approval before this Court.

3. Negotiations for the Nationwide Virginia Settlement lasted more than six months. The negotiations included an initial full-day settlement meeting in Virginia in March 2012 under the auspices of Richard Kingrea, who was appointed by this Court to assist with negotiations. Negotiations continued over the next three months, including multiple telephone discussions and two additional in person negotiating sessions: one in Washington, D.C. in May 2012 and the other in Philadelphia in June 2012. At the June 2012 meeting, Nationwide and the plaintiffs' counsel, including Settlement Class Counsel, reached an agreement in principle on the major terms. However, negotiations over additional terms continued for four more months before the Nationwide Virginia Settlement agreement was finalized in October 2012.

4. During the course of the negotiations, I had direct discussions with at least six lawyers from multiple law firms representing the plaintiffs. The negotiations also involved senior Nationwide representatives, and at various times, at least six additional lawyers representing different Nationwide insureds.

5. The negotiations were professional, but robust, with each side advocating its positions vigorously.

6. At no time were attorneys fees ever a subject of negotiations, except that, after the other key terms had been agreed, Nationwide and the Nationwide Participating Defendants agreed not to object to fee requests within a certain range and not to appeal from fee determinations.

7. All of the principal negotiations for the Nationwide Virginia Settlement took place after the United States Court of Appeals for the Fourth Circuit certified to the Virginia Supreme Court a question concerning the application of the "pollution exclusion" to Chinese Drywall claims. The Fourth Circuit's certification order was issued on March 1, 2012 and accepted by the Virginia Supreme Court on or about April 19, 2012.

8. On November 1, 2012, the Virginia Supreme Court issued an opinion on the certified question upholding application of the pollution exclusions. The opinion appears at *Travco Ins. Co. v. Ward*, 284 Va. 547 (2012).

9. During this period, a decision enforcing Nationwide pollution exclusions in the *Overlook* Litigation, 785 F. Supp. 2d 502 (E.D. Va. 2011), was on appeal to the Fourth Circuit. The Fourth Circuit stayed consideration of the *Overlook* appeal pending resolution of the certified question in *Travco v. Ward*.

10. To date, I am aware of no notices of intent to opt out of the Nationwide Virginia Settlement.

11. On May 16, 2013, I became aware for the first time of the Ilich and Nguyen Objections. I first became aware of the Roberts/Darst and Roskowski Objections on May 17, 2013. To the best of my knowledge, these four objections are the only objections to the Nationwide Virginia Settlement.

12. The document attached as Tab A hereto is a true and accurate copy of The Overlook, LLC's Initial Rule 26 Disclosures (Aug. 5, 2010).

13. On information and belief, the documents attached as Tabs B, C, D and E, hereto, are true and correct copies of the most recent complaints in the Virginia state court lawsuits filed, respectively, by Richard Ilich (the "Ilich Objector"), Tuan and Colleen Nguyen (the "Nguyen Objectors"), Candi Roberts (f/k/a Candi Darst) (the "Roberts/Darst Objector") and Thomas and Jillann Roskowski (the "Roskowski Objectors").

CATHERINE M. COLINAUX

Signed to before me this
20th day of May, 2014.

My Commission Expires 4/29/2016

LINDA M. WHITTEMORE
Notary Public
Commonwealth of Massachusetts
My Commission Expires
April 29, 2016

## CERTIFICATE OF SERVICE

I hereby certify that the above and foregoing *AFFIDAVIT OF CATHERINE M. COLINVAUX IN SUPPORT OF THE NATIONWIDE DEFENDANTS' REPLY MEMORANDUM OF LAW IN SUPPORT OF APPROVAL OF THE NATIONWIDE VIRGINIA CLASS SETTLEMENT* has been served on Plaintiffs' Liaison Counsel, Russ Herman, and Defendants' Liaison Counsel, Kerry Miller, by U.S. Mail and e-mail or by hand delivery, on Objector, Richard Ilich, by U.S. Mail, postage prepaid, at 3107 Melrose Court, Suffolk, VA 23434, on Objectors Tuan and Colleen Nguyen, by U.S. Mail, postage prepaid, at 4409 Sheffield Drive, Virginia Beach, VA 23455, on Objector, Candi Roberts, by U.S. Mail, postage prepaid, at 21990 Landmark Lane, Waynesville, MO 65583, on Objectors Thomas and Jillann Roskowski, by U.S. Mail, postage prepaid, 701 Blackthorne Drive, Chesapeake, VA 23322, and by e-mail upon all parties by electronically uploading the same to Lexis Nexis File & Serve in accordance with Pretrial Order No. 6, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2047, on this 20th day of May, 2013.

*/s/ Catherine M. Colinvaux*
Catherine M. Colinvaux (Mass. Bar No. 557935)