UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE:  CHINESE-MANUFACTURED DRYWALL PRODUCTS LIABILITY LITIGATION | MDL NO. 2047 SECTION L JUDGE FALLON MAGISTRATE JUDGE WILKINSON |

THIS DOCUMENT RELATES TO:
*Payton, et al. v. Knauf Gips KG, et al.,*
*Case No.: 09-7628 (E.D.La.)*

### MEMORANDUM OF LAW IN SUPPORT OF MOTION TO WITHDRAW AS COUNSEL OF RECORD WITHOUT SUBSTITUTION

COME NOW, Gregory S. Weiss, Esquire and the firm of Leopold Law, P.A., formerly Leopold~Kuvin, P.A., as attorneys of record for Plaintiffs, DAVID LEFONT and MICHELLE GARCIA, and file this Memorandum of Law in Support of the Motion to Withdraw as counsel for the Plaintiffs:

1. Local Civil Rule 83.2.11 of United States District for the Eastern District of Louisiana provides:

> The original counsel of record must represent the party for whom he or she appears unless the court permits him or her to withdraw from the case. Counsel of record may obtain permission only upon joint motion (of current counsel of record and new counsel of record) to substitute counsel or upon written motion served on opposing counsel and the client.  <u>If other counsel is not thereby substituted, the motion to withdraw must contain the present address of the client and the client's telephone number if the client can be reached by telephone.  The motion must be accompanied by a certificate of service, including a statement that the client has been notified of all deadlines and pending court appearances, served on both the client by certified mail and opposing counsel, or an affidavit stating why service has not been made</u> (emphasis added).

2. The Motion to Withdraw filed by the undersigned complies with all of the requirements of the Local Rule and should be granted.  See <u>Bryson v. State Farm and Casualty Insurance Company</u>, 2011 WL 1557949, *4 (2011 E.D.La).

3. In considering a Motion to Withdraw, the Court should consider the prejudice withdrawal could cause to other litigants and the administration of justice, and the degree to which withdrawal would delay the resolution of the case.

4. In present case, the rights of the Plaintiffs are represented by the Plaintiffs' Steering Committee. Therefore the effect of counsel's withdrawal, if any, would be minimal, and should not prevent the granting of the counsel's Motion to Withdraw. Zurich American Insurance Company v. Harken, 1999 WL 307612 (2007 E.D.La.); See also American Economy Insurance Company v. Herrera, 2007 WL 3276326 (2007 S.D.Cal.).

WHEREFORE, the undersigned respectfully requests that the Court grant the Motion to Withdraw as Counsel for Plaintiffs, David Lefont and Michelle Garcia, in the above case.

Respectfully submitted,

Dated:  May 30, 2013

/s/ Gregory S. Weiss
Gregory S. Weiss, Esq.
(Florida Bar No.: 163430)
LEOPOLD LAW, P.A.
2925 PGA Boulevard, Suite 200
Palm Beach Gardens, FL 33410
Telephone:  (561) 515-1400
Facsimile:   (561) 515-1401
gweiss@leopold-law.com