**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| **IN RE: CHINESE-MANUFACTURED DRYWALL PRODUCTS LIABILITY LITIGATION** | **MDL NO. 2047**<br>**SECTION: L** |
| **THIS DOCUMENT RELATES TO:**<br><br>*Wiltz, et al. v. Beijing New Building Materials Public Limited Co., et al.*<br>Case No. 2:10-cv-00361 (E.D.La.)<br><br>*Haya, et al. v. Taishan Gypsum Co., Ltd. f/k/a Shandong Taihe Dongxin Co., Ltd., et al.*<br>Case No. 2:11-cv-01077<br><br>*Almeroth, et al. v. Taishan Gypsum Co., Ltd. f/k/a Shandong Taihe Dongxin Co., Ltd., et al.*<br>Case No. 2:12-cv-00498 | **JUDGE FALLON**<br>**MAG. JUDGE WILKINSON** |

### PLAINTIFFS COUNSELS' SUBSTITUTED MEMORANDUM IN SUPPORT OF MOTION FOR AN ORDER PERMITTING VOLUNTARY DEPOSIT PROCEDURE TO REIMBURSE COMMON BENEFIT COUNSEL FOR WORK IN VIRGINIA STATE COURT ACTION BOLLENBERG V. RAMIREZ

Consistent with state-federal court coordination of Chinese Drywall litigation and the Order dated April 13, 2011 establishing a Court Supervised Account for Voluntary Deposit of Funds to Compensate and Reimburse Common Benefit Counsel issued in MDL 2047 [Rec. Doc. 8545], Counsel for Plaintiffs respectfully request that this Court permit the Fund Administrator of the *Ramirez* Settlement Fund, currently before the Circuit Court for the City of Norfolk in Virginia, to deposit a portion of proceeds into the Court Supervised Account for Voluntary Deposit of Funds to Compensate and Reimburse Common Benefit Counsel.[1]  The parties to the

---

[1] This substituted motion, supporting memorandum, and proposed order supersede and replace the original Motion for an Order Recommending Voluntary Deposit Procedure to Reimburse Common Benefit Counsel by Plaintiff, supporting memorandum, and proposed order filed on May 6, 2013. (Rec. Doc. 16793; 16793-1; 16793-2).

*Ramirez*[2] Settlement Agreement are eleven Plaintiffs and Chinese drywall installer Carlos Ramirez[3] ("Defendant"). The Agreement was secured by several Plaintiffs Steering Committee ("PSC") members and Common Benefit Counsel.

Eleven Plaintiffs filed actions against Chinese drywall installer, Carlos Ramirez, in the Circuit Court for the City of Norfolk in 2010 and 2011 alleging damages relating to Ramirez's installation of Chinese Drywall in their homes (the "state court actions"). Bellwether trials against Ramirez were set to commence on April 22, 2013 before the Honorable Mary Jane Hall of the Circuit Court for the City of Norfolk. The parties engaged in discovery, and Judge Hall issued rulings on multiple motions in the state court actions. After arms-length negotiations with the assistance of a mediator, on April 16, 2013, Defendant Ramirez and insurer Auto-Owners Insurance of Michigan agreed to settle Plaintiffs' claims against Ramirez. Plaintiffs' counsel and the PSC already presented information to Judge Hall to show that the settlement agreement is a fair and reasonable result for Plaintiffs considering Plaintiffs' likelihood of success against Ramirez on the merits, the modest size of Ramirez's installation business, and the commercial liability coverage limits under Ramirez's policy with Auto-Owners Insurance of Michigan.[4] Pursuant to her Order dated May 30, 2013, Judge Hall will manage a Qualified Settlement Fund ("QSF") under Internal Revenue Code § 468B for distribution of the *Ramirez* Settlement payment. *See* Exhibit B.

---

[2] The full *Ramirez* caption is set forth in Exhibit A, Motion to Establish Qualified Settlement Fund before Judge Hall.

[3] Plaintiffs are all represented by counsel that are members of the PSC and subject to this Court's orders including PTO No. 9 and Order of April 13, 2011 [Doc. No. 8545]. The settling plaintiffs in the state court action against Defendant Carlos Ramirez are plaintiffs in various Omni complaints filed in MDL 2047. These plaintiffs are releasing their potential claims against Mr. Ramirez from their Omni complaints, although Mr. Ramirez is not a party thereto.

[4] *See* Motion to Establish Qualified Settlement Fund, Exhibit A at 2.

The PSC and several of its members (including Richard Serpe, Fred Longer, Dawn Barrios, Dan Bryson, and Richard Lewis), with the assistance of Plaintiffs' Lead and Liaison Counsel, have been primarily involved in securing the settlement against Ramirez and have utilized PSC work product to prepare the case for trial.[5]  Pursuant to her approval of the *Ramirez* Settlement and the establishment of the QSF, Judge Hall has found that the PSC and Common Benefit Counsel made substantial contributions to securing this Settlement and, consequently, has ordered an amount equal to twelve percent (12%) of the gross settlement proceeds to reimburse the PSC and Common Benefit Counsel for attorneys' fees.  Exhibit B at ¶ 4-6.  In addition, Judge Hall has ordered a set aside of five percent (5%) of the gross settlement proceeds to reimburse private counsel and Common Benefit counsel for reasonable expenses. *Id.*[6]  This Court maintains control of such funds pursuant to Rec. Doc. 8545 and, in its discretion, may utilize all or any portion of these funds to compensate and reimburse Common Benefit counsel, and may return any unused funds to the Ramirez QSF.[7]

Permitting the *Ramirez* Settlement Fund Administrator to deposit a portion of the Settlement proceeds to compensate and reimburse the PSC and Common Benefit Counsel is consistent with this Court's January 24, 2013 Order (Rec. Doc. 16541) related to a voluntary set aside in the Virginia state court *Torres* action. *See* Exhibit C.  Further, it is the goal of the PSC and Common Benefit Counsel to coordinate all petitions, judicial review, and awards of

---

[5] A description of the assistance provided by the PSC is set forth in Exhibit B, Order of Judge Hall Establishing a Qualified Settlement Fund, at ¶ 4-5.

[6] Per Judge Hall's Order, the Fund Administrator will set aside five percent (5%) of the gross settlement proceeds, which shall be used to reimburse costs for both privately retained attorneys and the PSC. First, the Fund will reimburse privately retained attorneys for their reasonable costs. Second, the Fund Administrator will distribute the remainder of the 5% costs set aside, after reimbursement to privately retained attorneys for their reasonable costs, to this Court's Supervised Account.

[7] The Voluntary Deposit Order specifies that deposits made to the Clerk of Court shall be kept confidential (Rec. Doc. 8545). Currently, the confidences required by this Order (Rec. Doc. 8545) are being maintained as to the dollar amount of the settlement. The percentages of the settlement proceeds reserved for the common benefit fee and costs set asides (not the dollar amounts) are a matter of public record.

Common Benefit fees and costs at a later date, subject to the Court's discretion and approval. In addition to this *Ramirez* Settlement Agreement and the *Torres* Settlement Agreement, this Court is currently considering a Motion for Final Approval of the *Four Virginia-based* Settlements between hundreds of Plaintiffs and Class Members and the designated insureds of Nationwide Insurance Company, Citizens-Hanover Insurance Company, State Farm Insurance Company and Builders Mutual Insurance Company. To ensure consistency, efficiency, and coordination, the PSC and Common Benefit Counsel anticipate petitioning this Court for all PSC and Common Benefit fees and costs at one time related to these funds as well as other funds established in MDL No. 2047 and coordinated state court actions.

For the foregoing reasons, Plaintiffs respectfully request that this Court permit the *Ramirez* Settlement Fund Administrator to deposit a portion of the settlement proceeds to reimburse the PSC and Common Benefit Counsel, as set forth herein.

                                         Respectfully submitted,

Dated: June 3, 2013                    /s/ Russ M. Herman
                                       Russ M. Herman, Esquire (Bar No. 6819)
                                       Leonard A. Davis, Esquire (Bar No. 14190)
                                       Stephen J. Herman, Esquire (Bar No. 23129)
                                       HERMAN, HERMAN &KATZ, LLP
                                       820 O'Keefe Avenue
                                       New Orleans, LA 70113
                                       Phone: (504) 581-4892
                                       Fax: (504) 561-6024
                                       Ldavis@hhklawfirm.com
                                       *Plaintiffs' Liaison Counsel in MDL 2047*

                                       Arnold Levin
                                       Fred S. Longer
                                       Sandra L. Duggan

        Matthew C. Gaughan
LEVIN, FISHBEIN, SEDRAN &BERMAN
510 Walnut Street, Suite 500
Philadelphia, PA 19106
Phone: (215) 592-1500
Fax: (215) 592-4663
Alevin@lfsblaw.com
*Plaintiffs' Lead Counsel in MDL 2047*

Richard Serpe
Law Offices of Richard J. Serpe
Crown Center, Suite 310
580 East Main Street
Norfolk, VA 23510-2322
Phone: (757) 233-0009
Fax: (757) 233-0455
rserpe@serpefirm.com
*Counsel for Plaintiffs*

CERTIFICATE OF SERVICE

I hereby certify that the above and foregoing has been served on Defendants' Liaison Counsel, Kerry Miller, by e-mail and upon all parties by electronically uploading the same to LexisNexis File & Serve in accordance with Pre-Trial Order No. 6, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2047 on this 3rd day of June, 2013.

/s/ Leonard A. Davis
Leonard A. Davis, Esquire
HERMAN, HERMAN & KATZ, L.L.C.
820 O'Keefe Avenue
New Orleans, LA 70113
Phone: (504) 581-4892
Fax: (504) 561-6024
Ldavis@hhklawfirm.com
*Plaintiffs' Liaison Counsel in MDL 2047*