# EXHIBIT B

VIRGINIA:    IN THE CIRCUIT COURT FOR THE CITY OF NORFOLK

| | | |
|---|---|---|
| CRAIG  BOLLENBERG and<br>ANGELA  HOLLENBERG, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| v. | ) | Case No: CLI0-8202 |
| | ) | |
| VENTURE  SUPPLY, INC., et al., | ) | |
| | ) | |
| Defendants. | ) | |

| | | |
|---|---|---|
| GENE  R. CABURIAN and, | ) | |
| GENALIN  N. CABURIAN, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| v. | ) | Case No: CL12-0287 |
| | ) | |
| DEAS  CONSTRUCTION  COMPANY, | ) | |
| INC., et al., | ) | |
| | ) | |
| Defendants. | ) | |

| | | |
|---|---|---|
| ROBERT  E. DAWSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | Case No: CLll-2729 |
| | ) | |
| ATLANTIC  HOMES, LLC, et al., | ) | |
| | ) | |
| Defendants. | ) | |

| | | |
|---|---|---|
| VIDA DILLARD, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | Case No: CL09-6726 |
| | ) | |
| HI-IJV, LLC, et al., | ) | |
| | ) | |
| Defendants. | ) | |



BRIAN DUNCAN,                                    )
                                                 )
            Plaintiff,                           )
v.                                               )            Case No: CL12-1875
                                                 )
TOTAL HOME RENOVATION, LLC,                      )
 et al.,                                         )
                                                 )
            Defendants.                          )
_____

                                                 )
PENNY LANE,                                      )
                                                 )
            Plaintiff,                           )
v.                                               )            Case No: CLJ0-1930
                                                 )
VENTURE SUPPLY, INC., et al.,                    )
                                                 )
            Defendants.                          )
_____

                                                 )
JOSEPH MATULENAS and                             )
ELIZABETH MATULENAS,                             )
                                                 )
            Plaintiffs,                           )
v.                                               )            Case No: CL09-6328
                                                 )
VENTURE SUPPLY, INC., et al.,                    )
                                                 )
            Defendants.                          )
_____

                                                 )
ROBERT POPOVITCH,                                )
                                                 )
            Plaintiff,                           )
v.                                               )            Case No: CL09-7322
                                                 )
I-ll-IJV, LLC, et al.,                           )
                                                 )
            Defendants.                          )
_____

2

| | | |
|---|---|---|
| KAREN  REILLY  and | ) | |
| PAUL  REILLY, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| v. | ) | Case No: CLI0-81 96 |
| | ) | |
| THE  CLASSIC  GROUP,  INC. D/B/A | ) | |
| CASE  HANDYMAN  SERVICES, et al., | ) | |
| | ) | |
| Defendants. | ) | |

| | | |
|---|---|---|
| | ) | |
| CARTER  SAVAGE  and | ) | |
| BARBARA  SAVAGE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | Case No: CL12-5992 |
| | ) | |
| TECH  BUILDING  CORP., et al., | ) | |
| | ) | |
| Defendants. | ) | |

| | | |
|---|---|---|
| | ) | |
| CYNTHIA  TALBOT, | ) | |
| | ) | |
| Plaintiff: | ) | |
| v. | ) | Case No: CL09-6328 |
| | ) | |
| OXFORDSHIRE, LLC, et al., | ) | |
| | ) | |
| Defendants. | ) | |

### ORDER  ESTABLISHING  QUA{)FIED  SETTLEI'vlENT FUND
### AND  APPOINTING  FUND  ADMINISTRATOR

Plaintiffs  have  filed  a consent  motion  seeking  the  establishment  of the  Ramirez  Chinese

Drywall  Qualified  Settlement  Trust  (the  "Fund")  and  appointment  of its  administrator.   Upon

consideration  of the  consent  motion  and  the  record  in this  case,  the  Court  hereby  ORDERS  as

follows:

3

1.     The Fund shall be established as a Qualified Settlement Fund within the meaning of Treasury Regulation Section 1.468B-l and as a trust under applicable state law pursuant to this Court's subject-matter jurisdiction under Treasury Regulation Section 1.468B-1(c)(I). The Fund shall be administered in compliance with the Treasury Regulations under Section 468B of the Internal Revenue Code of 1986, as amended. Pursuant to the terms of the Settlement Agreement between Plaintiffs, Defendant Carlos Ramirez ("Defendant"). and Insurer Auto-Owners Insurance of Michigan, Auto-Owners Insurance of Michigan shall promptly pay the gross settlement amounts pursuant to the settlement agreement (the "Total Settlement Proceeds") into the Fund.

2.     The Garretson Firm Resolution Group, Inc. is appointed as Fund Administrator and Trustee to design and administer the fund allocation plan with Court Approval pursuant to the terms, conditions and restrictions of this Order (collectively the "Fund Administrator"). The Fund Administrator is given the authority to conduct any and all activities necessary to administer the Fund consistent with the Motion to Establish Qualified Settlement Fund, settlement agreement, trust agreements, and orders of this Court.

3.     Participating Defendant Ramirez and Participating Insurer Auto-Owners Insurance of Michigan are hereby released from any alleged civil liability or actual civil liability relating to Plaintiffs' claims against Ramirez under the Litigation, and these defendants are dismissed with prejudice;

4.     This Court finds that the Plaintiff.<; Steering Committee ("PSC") and Common Benefit Counsel in MDL 2047 were instrumental in securing this Settlement: with Defendants. This Court finds that the PSC and common benefit counsel have been actively involved in securing the settlement with Defendants in this litigation and have made tremendous efforts over

4

the past few years to resolve Chinese drywall litigation across the country. The PSC has orchestrated and coordinated the prosecution of Chinese Drywall claims on behalf of thousands ofPiaintiffs in .tviDL 2047 which has included: (i) translation and service of process of more than a dozen Omnibus Complaints under the Hague Convention on scores of foreign manufacturing Defendants and their related entities; (ii) pretrial discovery of hundreds of entities in the Chinese Drywall supply chain, including depositions in Hong Kong, as well as in cities throughout the United States, often requiring the use of multiple interpreters; (iii) establishing a document depository that has logged in more than 400,000 pages of documents received pursuant to production requests, many of which required translation into English; (iv) testing and preserving the drywall in Plaintiffs' homes; (v) preparing and serving requests upon the CPSC under the Freedom of Information Act; (vi) retaining experts in a number of fields including those in the f1elds of corrosion, metallurgy, electrical engineering, power electronics, electrical machinery, and failure analysis concerning the effects of having Chinese drywall installed in Plaintiffs' homes; (vii) filing motions for class ce1tification in *Germano;* (viii) filing motions for Florida and Louisiana Homeowners classes for damages and/or declaratory relief[1]; (ix) filing numerous motions to intervene, motions to compel, motions for default judgment, motions for summary judgment, and a motion to establish a Plaintiffs' litigation expense fund; (x) responding to motions to dismiss for lack of personal jurisdiction; and (xi) attendance at every MDL 2047 status conference and hearing held before the Com1.

    5.      In addition, this Court finds that, in the spring of2010, the PSC prepared ten bellwether cases involving Virginia and Louisiana for trial.[2] After considering the testimony of

---

[1]]l;IDL 2047, Rec. Doc. Nos. 3293 *(Germano),* 5567 *(Silva),* 5611 *(Vickers!Pt(Yton),* 5612 *(Payton),* 8125 *(Silva),* 8195 *(Vickers/Payton),* 8197 *(Payton).*

experts in the fields of corrosion, metallurgy; electrical engineering, power electronics, electrical machinery, and failure analysis concerning the effects of having Chinese drywall installed in Plaintiffs' homes, this Court made numerous findings of fact regarding the appropriate scope of remediation. The Court found that Chinese drywall "has to be remediated."[3] These bellwether trials have served as a useful tool for all litigants involved in the Chinese Drywall Litigation, as well as the Court.[4] In addition, the PSC has litigated the issue of jurisdiction against the Taishan defendants in the E.D.La. and the Fifth Circuit. Further, the PSC devoted significant time and resources to litigating Plaintiffs' claims under insurance policies containing pollution exclusion clauses.[5]

6.      The Fund Administrator is authorized to distribute attorneys' fees and litigation expenses to counsel for Plaintiffs in accordance with this Order. The total amount of Attorneys Fees to be paid by Plaintiffs shall be 32% of the gross settlement proceeds. This Comt directs

---

[2] *See Germano, et al. v. Taishan Gypsum Co., Ltd, et al.,* Case No. 2:09-cv-06687 (E.D. Va. May 11, 2010) (Rec. Doc. No. 3013) (seven cases); *Hernandez v. KnaufGips, KG, eta!.,* Case No. 2:09-cv-06050 (E.D. La. May 11, 2010) (Rec. Doc. No. 3012) (one case). Two additional bellwether cases, Campbell v. KPT, et al., Case No. 2:09-cv-7628 (E.D. La.) and *Clement v. KP1: eta!.,* Case No. 2:09-cv-7628 (E.D. La.), were settled on the eve of trial on June 18,2010.

[3] *Germano,* 706 F. Supp. 2d at 671.

[4] *See* Hon. E. Fallon, J. Grabill, R. Wynne, "Bellwether Trials in Multidistrict Litigation," 82 TUL. L. REV. 2323 (June 2008) (concluding that the use of a bellwether trial is "one ofthc most innovative nnclusefill techniques for the resolution ofcomplex cases"); *In re Chevron U.S.A., Inc.,* l09 F.3d 1016, 1019 (5th Cir. 1997) ("The notion that the trial of some members of a large group of claimants may provide a basis for enhancing prospects of settlement or for resolving common issues or claims is a sound one tbat bas nchieved general acceptance by both bench and bar.... The reasons for acceptance by bench and bar are apparent. If a representative group of claimants are tried to verdict, the results of such trials can be beneficial for litigants wbo desire to settle such claims by providing information on the value ofthe cases as retlected by the jury verdicts.").

[5] *See TravCo Ins. Co. v. Ware/,* 120347,2012 WL 5358705 (Va. Nov. l, 2012); *Travco Ins. Co. v. Ward,* 715 F. Supp. 2d 699 (E.D. Va. 2010), *question cert'dto Va. Sup. Ct.,* 468 Fed. Appx. 195 (4th Cir. 2012); *Evanston Ins. Co. v. Harbor Walk Deveiopment, LLC,* 814 F. Supp. 2d 635 (E.D. Va. 2011); *Dragas Management Corp. v. Hanover Ins. Co.,* 798 F. Supp. 2d 766 (E.D. Va. 2011); *Nationwide Mutual Ins. Co. v. Overlook, LLC,* 785 F. Supp. 2d 502 (E.D. Va. 201!); *QBE1n£ C01p. v. Estes Heating & Ah·Conditioning, Inc.,* 2012 WL 413968 (S.D. Ala. Feb. 8, 2012); *Builders Mut.Ins. Co. v. Parallel Design & Development, LLC,* 2010 WL 6573365 (E.D. Va. Oct. 5, 2010).

6

the Fund Administrator to distribute an amount equal to twelve percent (12%) of the gross settlement proceeds to the Plaintiffs Steering Committee ("PSC") and Common Benefit Counsel in MDL 2047 for common benefit fees and directs the Fund Administrator to distribute an amount equal *to* 20% of the gross settlement proceeds to attorneys privately retained by Plaintiffs for private attorneys' fees. Further, the Fund Administrator shall set aside five percent (5%) of the gross settlement proceeds which shall be used to reimburse costs as follows. First, the Fund Administrator will reimburse privately retained attorneys for their reasonable costs. Second, the Fund Administrator shall distribute the remainder of the 5% costs set aside, after reimbursement to privately retained attorneys for their reasonable costs, to the MDL common benefit costs fund which shall be used to reimburse the PSC and common benefit counsel for their common benefit costs.   Richard Serpe will file an affidavit with this Court and Judge Fallon specifying the amount of private costs reimbursement made by the Fund Administrator and the amount of money remaining in the costs fund to be distributed to the MDL common benefit cost Fund. The payments to the PSC for fees and costs will comply with the Order of the Honorable Judge Eldon E. Fallon of the United States District Court for the Eastern District of Louisiana Order dated April 13, 2011 (MDL 2047, Document 8545) creating a Court Supervised Account for Voluntary Deposit of Funds to Compensate and Reimburse Common Benefit Counsel. Distributions from the Court Supervised Account for Voluntary Deposit of Funds will be under the control of Judge Fallon and no release of those funds to counsel will occur without approval of Judge Fallon, who retains authority modify the amount to be paid to the PSC from this fund.

7.      The Fund Administrator shall prepare and deliver monthly Fund Statements to Counsel and this Court. The Fund Statements shall fully identify all deposits and withdrawals from the Fund.

8.      The Fund Administrator is authorized, upon completion of all Fund Agreements and final distribution of all monies paid into the Fund, to take appropriate steps to wind down the Fund.    Thereafter, the Fund Administrator is discharged from any further responsibility with respect to the Fund.

IT IS SO ORDERED.

Norfolk, Virginia, this ___30th___ of ___May___ 2013.

_____
Judge

Mary Jane Hall, Judge

We ask for this:

_____
Richard J. Serpe, Esq. – VA Bar No. 33340
Law Offices of Richard J. Serpe, P.C.
580 East Main Street, Suite 310
Norfolk, VA 23510
Phone : (757) 233-0009
Facsimile: (757) 233-0455
*Counsel for Plaint[!Js*

Richard S. Lewis, Esq.
Kristen M. Ward, Esq.
HAUSFELD, LLP
1700 K Street, N.W., Suite 650
Washington, DC 20006
.Phone: (202) 540-7200
Fax: (202) 540-7201
*Co-counsel for Plaintiffs*

Fred S. Longer, Esq.
Arnold Levin, Esq.

Daniel  Levin,  Esq.
Matthew  C.  Gaughan,  Esq.
LEVIN,  FISHBEIN,  SEDRAN  &  BERJv1AN
510  Walnut  Street,  Suite  500
Philadelphia,  PA  19106
Phone:  (215)  592-1500
Facsimile: (215)  592-4663
*Co-counselfor  Plaintiffs*

Jeffrey  A.  Breit,  Esq.
Michael  F.  Imprevento, Esq.
John  W. Drescher,  Esq.
BREIT,  DRESCHER,  IMPREVENTO  &  WALKER,  P.C.
Towne  Pavilion  Center  II
600  22nd  Street,  Suite  402
Virginia  Beach,  VA  23451
Phone:  (757)  622-6000
Facsimile:  (757)  670-3939
*Co-counsel  for  Plaintiffs*

SEEN  AND  AGREED:

Richard  K. Bennett,  Esq.
Harman,  Claytor,  Corrigan  &  Wellman
P.O.  Box  70280
Richmond,  VA  23255
Phone:  (804)  747-5200
Facsimile: (804)  747-6085
*Counsel  for  Defendant,  Carlos  Ramirez*