**Objection in regard to:** Chinese Manufactured Drywall Products Liability Litigation, MDL, No. 2047: relating to Hobbie, et al. v RCR Holdings II, LLC et al,

**Date:** 30th May 2013

**My Name:** Annette Polovin

**Address:** 16112 Villa Vizcaya Place, Delray Beach, Florida, 33446

**E-mail address:** Gordon@ensquared.com

**Telephone number:** 561 573 6218

**Subject of this communication:** Objection to key aspects of the letter of settlement recently received.

I am an owner of a unit with Non-Reactive Drywall (hereon referred to as alternatively as "Unaffected Owner" or "UO" or "UO unit") as per page 10 of the recently received settlement letter inviting comment and objection. I have also been a plaintiff represented by Gary Mason and his team from the beginning of this class action litigation.

I am addressing this to the courts, and copying both the lawyers for the plaintiffs and lawyers for the Defendants (hereon referred to collectively as "Legal Entities").

## Statement of my Objections

After viewing all terms of the settlement as per the latest letter, I put it to the Legal Entities that I have suffered substantial damages for patently inadequate compensation as stated in the most recent settlement. As a Non-Reactive Chinese Drywall owner <u>who depends on renting out my unit</u> I have been dealt with particularly unfairly as the settlement has not recognized my true losses. I state the following for your consideration:

According to the settlement, I as an UO landlord have been excluded both from remediation AND claiming for loss of earnings. My only recourse it

seems is a claim for a share of $150,000 to be split amongst all UO members (estimated according to the plaintiffs' lawyer to be between $2500 and $3000 per unit if split equally). In this regard I underline the following:

The Legal Entities have failed to recognize the unfairness of viewing my UO unit separately from Reactive Chinese Dry Wall units in key respects:

1. Unlike the vast majority of other Chinese Dry Wall cases (namely, single-family homes), my UO unit is in a closely integrated building of condos sharing facilities, accesses, structure <u>and as a result, most importantly, negative market/public/tenant perception.</u>

2. In essence, my UO unit is indistinguishably merged with units containing Reactive Chinese Drywall from so many angles (see below).

3. In my view the Legal Entities have missed/bypassed this non-separation item, resulting in exacerbated costs to me as a UO renter that have been inadequately addressed.

My objection is laid out in more detail below but in essence I am stating that as a UO renter my paltry share of the allotted $150,000, as things now stand, does not come close to meeting my true cost of damage from the actions of the Defendants.

**Detailed reasons for my objection**

a. The Defendants actions (including RCR) have tainted Villa Lago as a building - not each unit separately <u>as would be the case with single-family homes.</u> It should be clear to the Legal Entities that any would-be buyer or prospective tenant for my UO unit was unable to make any distinction between UO units and Reactive units in the building for the last 4 years. Even now, until the building is officially declared free of Reactive Chinese Dry Wall, trying to prove or sufficiently educate prospective tenants or buyers on the difference between units in the same building is virtually impossible.

b. In short: The entire building and each and every unit therein have been perceptively tainted with the same Chinese Dry Wall brush from around 2009 to the present date and ongoing until a clearance certificate is issued.

c. <u>A key fact the Legal Entities will attest to:</u> Owners of units in Villa Lago had no idea if their unit was reactive or not until very recently. Simply, as an UO relying on the renting out of my unit I have been disadvantaged for the last 4 years in no different way to renter-owners of Reactive units.

d. Evidence shows that my UO unit, being open for lease, has suffered the same sub-par rentals as landlord owners of Reactive units (approximately minus $300 per month x 48 months = $14,400). Moreover, when things were uncertain with the emergence of Chinese Dry Wall in the building in general I also lost tenants for months on end. This resulted in completely lost rental of around $5000 including paying agents each time. But for the taint that the Chinese Dry Wall issue put on this building, and subsequently my unit, I would not have suffered these losses.

e. The market/tenant negative perception plus inability to distinguish between Reactive from non-Reactive units is inescapable. Yet according to the latest letter of settlement I am excluded from claiming loss of earnings because technically my particular UO unit, despite a prolonged and continuing sufferance, has been found not to have Reactive Chinese Dry wall. Not only is this unjust, it is unconscionable. It seems to be convenient to all except me as an UO renting my unit out. I feel like my UO unit is being used as a sacrificial lamb to push this settlement through to satisfy the majority.

f. As a result of the Chinese Dry Wall general taint and inability to know definitively if units were reactive or not, my UO unit was unsellable over the last 4 years along with all Reactive units (unless at a deep loss). Barring going into foreclosure, this forced me to rent it out at sub-par rents and under severe problematic circumstances as pointed out above.

g. What makes this far worse is the fact that once Reactive units are remediated with new appliances, carpets and painting my UO unit will look relatively used, without the benefit of any of this. This means that to sell competitively my UO unit will have to be priced down versus the majority, or similarly upgraded (in most part at my cost). This invidious position is a function of the Legal Entities failing to take non-separation of Reactive and Unreactive units into account, <u>which by contrast isn't an issue in cases of single-family homes in the same situation.</u>

h. While all the Reactive units are being remediated over the next year the taint will not disappear from my renting viewpoint until a clearance certificate is issued. Moreover, my rented UO unit will continue to be under-let (losing at least $300 x 12 months = $3600); will suffer the same inconvenience and dislocation as everyone else (and I may even lose my tenant during the remediation process as a result). Yet again I cannot claim from any fund (to which all Reactive Chinese Drywall owners with same problem can). To reiterate: This is a direct function of failure to recognize non-separation in a condo building (a hugely compelling item) as stated in (g) above.

**Conclusion and a note regarding RCR:**

1. The condos in Villa Lago are not single-family homes; are not separable from their neighbors or even other condos in other wings of the building (see above). The Legal Entities and the Defendants should therefore recognize my stated objections as valid and material.

2. The Legal Entities should adjudicate/negotiate a settlement for my OU unit that goes further than a simple share of $150,000 pool for OU units. This is clearly too low and the stubborn refusal (as I understand it) of Knauf, RCR and other Defendants to put more into this fund has imposed a serious and unfair loss on me.

3. Legally it has been explained to me, as things stand, that RCR-owned Non-Reactive units share in the $150,000 UO pool. The lawyers for the plaintiff have also explained to me that the $150,000 was the maximum they could glean from all the Defendants. Here is my objection to this:

- As a Defendant RCR created damages to UO and non-UO units alike (inseparable as explained at length above). Add to this the fact that RCR directly have not contributed to the UO $150,000, or if so, inadequately.

- Yet as per the settlement letter I as a plaintiff looking for fair compensation from Defendants (including RCR) must now share this inadequate pool with RCR? The proposition, the very notion of it, escapes the test of fair justice. It removes any doubt that my OU unit, a plaintiff in this class action suit from the outset, is effectively a sacrificial lamb to assist the majority. It is indeed unconscionable.

4. Putting point (2) above aside: The court should recognize in any event that UO units rented out have suffered far more than those that were owner occupied. Moreover, non-developer OU units as stated in (3) above, deserve far more than RCR who share in this pool at this juncture. In these respects alone, my tenanted UO should be given a higher weighting in sharing of the $150,000 and RCR (if not eliminated entirely), a lower weighting. There is a clear sense of justice in this particular request.

5. As an UO renter I believe that $10,000 covers my damages, in its entirety, as a reasonable compromise settlement. As suggested throughout it still does not address all my incurred and ongoing losses/damages (not even close) but I would be satisfied. I ask the Legal Entities to give this serious consideration.

6. Whatever allotment emerges for my UO unit taking above into account, there should be clear definition as to WHEN and HOW this will be distributed. At the moment the disbursement is murky at best. I recommend disbursement be made the moment re-mediation begins (or earlier but not later).

Thank you for attention to these matters.

Yours Sincerely,

Annette Polovin

*ASPolovin*