# EXHIBIT 2

007028.000004

IN THE CIRCUIT COURT OF THE FIFTEEHTH JUDICIAL CIRCUIT,
IN AND FOR PALM BEACH COUNTY, FLORIDA

CASE NO.: 50 2009CA032471XXXXMB AG

WENDY LEE HOBBIE; LESLIE
KAUFMAN; KHADIJEH GRACE; and
MELISSA MOGOR; LEONARD AXELROD
and RIVKA AXELROD, CO-TRUSTEES OF
THE LEONARD AND RIVKA AXELROD
2007 REVOCABLE TRUST; ARTHUR and
BARBARA BALASSONE; ALLEN BARON;
JOYCE BASHEIN; DAVA BAEZ; PETER
and ROBIN BAST; FRANK and CAROLYN
BRAGOLI; PHILIP BRICE; FRANCESCO
and GEORGINA CAMASTRO; LOUIS and
MICHELE CAMMARATA; JANET OLIVE
CAMPBELL, as TRUSTEE OF THE BRYAN
OLIVE TRUST UIW JULY 12, 2006; DAVID
and RACHAEL CARBONE; ROGER
CASALENGO and BETTY ANN KRAMER;
SHALINI CHANDRA; JAY and SHARI
COHEN; RICHARD COHEN;PATRICK
CONLIN; VICTOR and PAMELA COPELLO;
RENATA SAKANYOS and GYORGY
ANTAL; ARISH PETER DALAL and ALPA
DALAL; ANGELO and DEBORAH
D'AMBROSIO; MARTA DENAVEA;
MARTHA LISA DENAVEA; CARL DILEO;
MARLON DITIANQUIN; TRENICE
EDWARDS; MARK ENGLANDER;
VINCENT ERCOLINO; RICHARD
EUBANK; KATHRYN FIGUEROA; SEAN
FLAHERTY; JOSEPH and CANDACE
GAZZAL; ALAN and TONI ANN GOTTLOB
and JOHN and BARBARA MELCHIORRE;
MICHAEL GRAHAM and GLENN
DAYTON; LETITIA HAHN; HAWORTH
HOLDINGS, LLC; INVESTMENT
LEA II ERS, LLC; TIMOTHY and KAREN
IRVIN; PERRY and ALICE JIOIA; ROBERT
and LORI ROTA; CHARLES and BARBARA
JOLLY; STEVE JOHNSON and MARK
KNOTH; WILLIAM JORDAN; JUAN

CARLOS, JULIA and MARTHA JULIA;
MAMA KALLFELZ; ALAN and IL ANA
KELLNER; TIMOTHY KLEMM; JOHN and
SUSANNA KOLICH; ARTHUR and
MARTHA KOVENS; RONALD and ANITA
KRAMER; HOWARD KRAUSE as
TRUSTEE OF THE NAOMI KRAUSE
REVOCABLE TRUST, DATED MARCH 26,
2001; BRIAN and NAIDA KROLL; LENEVA
JEAN KROPF; ANTHONY and BRIAN
LASALA; FRANK LATTANZIO; MARK and
DIANA LEMBERG; MICHAEL LEONE;
LESLEY LEWIS; BARRY LITWIN and MEL
LITWIN (A/K/A MELVIN LITWIN) as
TRUSTEE OF THE MEL LITWIN (A/K/A
MELVIN LITWIN) DECLARATION OF
TRUST, U/A/D 2/28/06; LLG INVESTMENT
PROPERTIES, LLC; L & L SOUTH
FLORIDA REALTY, LLC; TAREK and
ANDREA LOUTFY; GEORGE and
ADRIENNE LUNTZ; MURPHY
MADIGAN; SHAWN MAESEL; DANIELLE
LEE MANESS; EDWARD MARKS; NANCY
MEINHOLZ; CLAUDE MICHAUD and
MELISSA LAIDLAW ; ROBERT MILLER;
WILLIAM and TERESA MILLER
TMICHASE-MINUTO; CARLOS and
MARGARITA MOLINA; BRIAN MURRAY;
PAUL MURRAY; PAUL and LOIS
MURRAY; ALY and RHODA OKAILY;
JOSEPH and CELINE OVICHER; FRANK
and FAY TELLER PANICO; JOEL PERECA;
JOHN and ANN PICCOLO; GEORGE and
NATHALIE POLYCHRONOPOULOS;
ANNETTE POLOVIN; MAURICE and
HANNA POPLAUSKY; ALLAN and
REBECCA PROSKE; JOSEPH and
MARIANN RAMOS; MANUEL and
LAVINIA RAMOS; BIRGITTA RAYMAN;
NICHOLAS and ADRIENNE RENZETTI;

MARTIN RIBACK, as TRUSTEE OF THE
MARTIN RIBACK VOCABLE TRUST
AGREEMENT DATED APRIL 4, 1997;
STEVEN and MARSHA RICHMAN; RMM
INVESTMENTS, L.L.C.; JAMES and
NARCISSA ROVEZZI; DOMINIC
SABATINO and RICHARD HISKEY; KEITH
SANTILLO; DAVID and KAREN SCHMIDT;
STEPHEN SCHOUR and SUSAN
MITCHELL; SAMUEL SHAYA; WESLEY
SHEPERD; SANDRA SIEGEL; KELLY
SMITH; AMIR and BELLA STOCK; LLOYD
TAYLOR and SCOTT HOXTER; HARVEY
and LISA TEMPEL; STACY ANN
TILMANN and KIMBERLY NOAH;
VENESIA THOMPSON and SUSAN
LOGAN; TULLER INVESTMENT, L.L.C.;
TWIN CREST ASSOCIATES, LLC; ODILIO
VARGAS; FRANCES VERDERAME; THAD
WILEY; JOHN and BEATRICE WOOD;
WALTER, JR. and LYDIA WOJCIK;
RAMONA YOUNG and SULUKI ID-DEEN;
YEFIM ZAGALSKY and YELENA
ALEKSEYEVA; ZHONGMIN ZHOU and
QINXI HUANG; and SHELDON ZITNER;
individually and on behalf of all others
similarly situated,

Plaintiffs, et al.,

vs.

RCR HOLDINGS II, LLC; COASTAL
CONSTRUCTION OF SOUTH FLORIDA,
INC., d/b/a COASTAL CONDOMINIUMS;
PRECISION DRYWALL, INC.; LA
SUPREMA ENTERPRISE, INC.; LA
SUPREMA TRADING, INC.; BANNER
SUPPLY COMPANY, INC.; BANNER
SUPPLY COMPANY POMPANO, L.L.C.;

CASE NO.: 50 2009CA032471XXXXMB AG
Page 4 of 14

BANNER SUPPLY COMPANY TAMPA,
L.L.C.; BANNER SUPPLY COMPANY
FORT MYERS, L.L.C.; and BANNER
SUPPLY COMPANY PORT ST. LUCIE,
L.L.C.,

Defendants, et al.

_____/

## DEFENDANT'S, COASTAL CONSTRUCTION OF SOUTH FLORIDA, INC., ANSWER AND AFFIRMATIVE DEFENSES

COMES NOW, the Defendant, Coastal Construction of South Florida, Inc, a Florida Corporation, by and through its undersigned counsel and pursuant to Rules 1.100 and 1.140 of the Florida Rules of Civil Procedure, gives notice to all of its Answer and Affirmatives Defenses to Wendy Lee Hobbie, individually, and on behalf of others similarly situated, and for the Class Representation, et, al, as Plaintiffs and for their Second Amended Complaint against RCR Holdings II, LLC; Coastal Construction of South Florida, INC., d/b/a Coastal Condominiums; Precision Drywall, Inc.; La Suprema Enterprise, Inc.; La Suprema Trading, Inc.; Banner Supply Company, Inc.; Banner Supply Company Pompano, L.L.C.; Banner Supply Company Tampa, L.L.C.; Banner Supply Company Fort Myers, L.L.C.; and Banner Supply Company Port St. Lucie, L.L.C., Defendants, et al and states:

1.      Defendant is without knowledge as to the allegations of paragraphs 1 through 123, 141, 146 through 165 and 167 through 176, including all of their subparts, of Plaintiffs' Second Amended Complaint and neither admits nor denies same, but demands strict proof thereof.

2.      Defendant admits that RCR Holdings II, LLC is a Florida Limited Liability Company, as defined by Florida law and is authorized to conduct business in the State of Florida, but denies all other allegations contained in paragraph 124 of the Plaintiffs' Second Amended Complaint.

3.      Defendant admits that Coastal Construction of South Florida, Inc, is a Florida corporation, as defined by Florida law and is authorized to conduct business in the State of Florida, but denies all other allegations contained in paragraph 125 of the Plaintiffs' Second Amended Complaint.

4.      Defendant admits that Precision Drywall, Inc, is a Florida corporation, as defined by Florida law and is authorized to conduct business in the State of Florida, but denies all other allegations contained in paragraph 126 of the Plaintiffs' Second Amended Complaint.

5.      Defendant admits that La Suprema Enterprise, Inc, is a Florida corporation, as defined by Florida law and is authorized to conduct business in the State of Florida, but denies all other allegations contained in paragraph 127 of the Plaintiffs' Second Amended Complaint.

6.      Defendant admits that La Suprema Trading, Inc, is a Florida corporation, as defined by Florida law and is authorized to conduct business in the State of Florida, but denies all other allegations contained in paragraph 128 of the Plaintiffs' Second Amended Complaint.

7.      Defendant admits that Banner Supply Company, Inc, is a Florida corporation, as defined by Florida law and is authorized to conduct business in the State of Florida, but denies all other allegations contained in paragraph 130 of the Plaintiffs' Second Amended Complaint.

8.      Defendant admits that Banner Supply Company Pompano, LLC is a Florida Limited Liability Company, as defined by Florida law and is authorized to conduct business in the State of Florida, but denies all other allegations contained in paragraph 131 of the Plaintiffs' Second Amended Complaint.

9.      Defendant admits that Banner Supply Company Tampa, LLC is a Florida Limited Liability Company, as defined by Florida law and is authorized to conduct business in the State of Florida, but denies all other allegations contained in paragraph 132 of the Plaintiffs' Second Amended Complaint.

10.     Defendant admits that Banner Supply Company, Fort Myers LLC is a Florida Limited Liability Company, as defined by Florida law and is authorized to conduct business in the State of Florida, but denies all other allegations contained in paragraph 133 of the Plaintiffs' Second Amended Complaint.

11.     Defendant admits that Banner Supply Company, Port St. Lucie LLC is a Florida Limited Liability Company, as defined by Florida law and is authorized to conduct business in the State of Florida, but denies all other allegations contained in paragraph 134 of the Plaintiffs' Second Amended Complaint.

12.     Defendant denies all other allegations contained within the Plaintiffs' Second Amended Complaint, specifically denying all allegations of negligence, proximate cause, and damages.

13.    Defendant affirmatively alleges that venue is not proper before this court, and should be venued in Federal Court because of diversity.

14.    Defendant affirmatively alleges that Plaintiffs' injuries were caused by the negligent actions of one or more third parties not named as Defendants in this case and/or who are not in the employment and/or agency of the Defendants herein and therefore, the Court should apportion a percentage of liability among those non-parties, pursuant to §768.81 of the Florida Statues, Fabre *v. Marin* and *Allied Signal, Inc. v. Fox* and related cases. Defendant specifically asks that these names as identified during the course of discovery be included on the Jury Verdict Form and that a percentage of negligence be attributed to them in the case.

15.    Defendant affirmatively alleges that at all times material to the Plaintiffs' Second Amended Complaint, Wendy Lee Hobbie, individually, and on behalf of others similarly situated, and for the Class Representation, et, al, conducted themselves in a negligent and careless manner, and as a direct and proximate result of this negligence, is barred from recovery in whole or in part against this Defendant on the grounds of comparative negligence.

16.    Defendant affirmatively alleges that it is entitled to a credit and/or set off from any and all personal injury protection benefits paid and/or payable, and any and all other benefits, collateral sources or other sources of setoffs or recoupments and therefore claims said setoffs, credits, and recoupments in accordance with §768.76 of the Florida Statutes.

17.     Defendant affirmatively alleges that it is entitled to an award of reasonable attorney's fees pursuant to Florida Statute §57.105(1), and Rule 11 of the Federal Rules of Civil Procedure, in the event the Court determines that there is a complete absence of a justiciable issue of either law or fact raised by Plaintiff in this action.

18.     Defendant affirmatively alleges that the Plaintiffs' seek damages based on medical treatment and expenses that are not reasonable, related, or necessary and is not entitled to any reimbursement of unreasonable or unnecessary expenses.

19.     Defendant affirmatively alleges that any damages that the Plaintiffs' herein make complaint were caused by the negligence, if negligence there were, of others over whom this Defendant had no dominion, custody or control.

20.     Defendant affirmatively alleges that the incident complained of was totally unforeseeable to this Defendant and, therefore, this Defendant had neither a duty nor the opportunity to take steps to prevent same.

21.     Defendant affirmatively alleges that there was no nexus between the Plaintiffs' damages or injuries and any alleged negligence on the part of this Defendant, and therefore this action should fail due to the absence of proximate cause.

22.     Defendant affirmatively alleges it is not guilty of any negligence and did not cause nor contribute to causing the Plaintiffs' damages or injuries.

23.     Defendant affirmatively alleges that it acted within its contractual and statutory rights, and pursuant to law.

24.     Defendant affirmatively alleges that the matter is preempted by federal law pertaining to the product involved herein.

25.     Defendant affirmatively alleges that at the time this particular product was manufactured and marketed, it was manufactured and marketed in accordance with the then existing state of the relevant technology pertaining to the subject product, and pursuant to State and Federal Law.

26.     Defendant affirmatively alleges that the product had been altered and/or otherwise substantively changed by the Plaintiffs and/or by other third parties after it left the custody and control of this Defendant.

27.     Defendant affirmatively alleges that the Second Amended Complaint fails to state a cause of action against this Defendant as it fails to identify from whom the product was purchased and it fails to set forth ultimate facts, which show that this Defendant actually distributed the drywall that is at issue.

28.     Defendant affirmatively alleges that the cause of action, claim and item of damages in the Plaintiffs' Second Amended Complaint did not accrue within the time prescribed by law for them before this action was brought.  Therefore, this action is barred by the applicable statute of limitations.

29.     Defendant affirmatively alleges that the drywall at issue is not a product upon which a strict liability claim may be based; it is instead a structural improvement to real property and, accordingly, cannot form the basis for a strict liability claim.

30.     Defendant affirmatively alleges that Plaintiffs' tort claims are barred by the products liability economic loss rule to the extent Plaintiffs are seeking damages related to repair or replacement of their homes or individual components thereof. Specifically, Plaintiffs do not allege to have purchased the allegedly defective drywall directly; rather, Plaintiffs allege that they purchased condominiums that were constructed with allegedly defective drywall. See, e.g., Complaint ¶138 ("RCR Holdings H sold the Residences to Plaintiffs and Class Members."). Accordingly, damages related to repair/replacement of Plaintiffs' homes as well as the integral components thereof, are merely economic losses for which recovery in tort is unavailable.

31.     Defendant affirmatively alleges that the character of a loss determines the appropriate remedies, and, to determine the character of a loss, one must look to the product purchased by the plaintiff, not the product sold by the defendant. ... These homeowners bought finished products dwellings not the individual components of those dwellings.

32.     Defendant affirmatively alleges that since the Plaintiffs purchased completed dwellings, the allegedly defective drywall is an integrated component of the product purchased by Plaintiffs. Any claimed damages relating to repair or replacement of the homes or the integral components thereof (such as fixtures, major appliances, HVAC systems, wiring, etc.) are recoverable only via contract remedies against those parties in privity with Plaintiffs.

33.     Defendant affirmatively alleges that the drywall at issue was not inherently dangerous, and therefore, there is no duty to discover, correct or warn of latent defects absent actual or implied knowledge of such defects.

34.     Defendant affirmatively alleges that for a Breach of Warranty or Fitness claim there must be a Privity of contract which is a prerequisite to recovery under a claim for breach of either express or implied warranty and that there is no privity between this Defendant and the Plaintiffs.

35.     Defendant affirmatively alleges that the Plaintiffs are asserting a nuisance claim that fails to demonstrate that the maintenance of the nuisance was the natural and proximate cause of the injury. Plaintiffs have omitted any allegations detailing how the allegedly defective drywall created the alleged nuisance that actually and proximately caused Plaintiff's damages.

36.     Defendant affirmatively alleges that Plaintiffs assert that the alleged nuisance consists of "[t]he odors and effects resulting from the emission of gasses from the Chinese Drywall." (Complaint ¶213). The Second Amended Complaint omits allegations of ultimate fact detailing how Defendant alleged construction of the property created or caused the nuisance of emission of gasses. On the contrary, the alleged nuisance claimed by Plaintiffs suggests a defect in the manufacturing of the drywall rather than issues related to the manner in which it was used.

WHEREFORE, Defendant, Coastal Construction of South Florida, Inc, a Florida Corporation, having fully Answered Plaintiffs' Second Amended Complaint, demands judgment in their favor, and against Plaintiffs, together with all taxable fees and costs, and further demands trial by jury of all issues so triable as of right.

CASE NO.: 50 2009CA032471XXXXMB AG
Page 12 of 14

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was furnished via First

Class Mail to all parties on the attached Service List on March 8, 2010.

MINTZER, SAROWITZ, ZERIS, LEDVA &
MEYERS, LLP
The Waterford at Blue Lagoon
1000 N.W. 57th Court
Suite 300
Miami, Florida 33126
Phone: (305) 774-9966
Fax:     (305) 774-7743
Email: rloredo@defensecounsel.com

By: _____

RAUL R. LOREDO
Florida Bar No.  571342

CASE NO.: 50 2009CA032471XXXXMB AG
Page 13 of 14

## SERVICE LIST

**_Counsel for Plaintiffs WENDY LEE_**
**_HOBBIE, LESLIE KAUFMAN and_**
**_KHADIJEH GRACE, MELISSA MOGOR:_**
Adam C. Linkhorst, Esq.
LINKHOURST & HOCKIN, P.A.
4495 Military Trail, Suite 106
Jupiter, FL 33458
Fax:   (561) 626-8885

**_Counsel for Plaintiffs:_**
Stephen Mullins, Esq.
LUCKEY & MULLINS
2016 Bienville Blvd.
P.O. Box 990
Ocean Springs, MS 39564
Fax:   (228) 872-4719

**_Counsel for Plaintiffs:_**
Daniel K. Bryson, Esq.
LEWIS & ROBERTS
3700 Glenwood Ave., Ste. 410
Raleigh, NC 27612

**_Counsel for Plaintiffs:_**
Joel Rhine, Esq.
LEA, RHINE & ROSBRUGH, PLLC
314 Walnut Street
Wilmington, NC 28401
Fax:   (910) 772-9062

**_Counsel for Plaintiffs:_**
Gary E. Mason, Esq.
MASON, LLP
1625 Massachusetts Ave., NW
Suite 625
Washington, D.C. 20036
Fax:   (202) 429-2294

**_Counsel for:_**
Chris Coffin, Esq.
PENDLEY BAUDIN & COFFIN, LP
P.O. Drawer 71
24110 Eden Street
Plaquemine, Louisiana 70765

**_Counsel for Defendant RCR Holdings, II,_**
**_LLC:_**
Bruce Alexander, Esq.
Casey, Ciklin, Lubitz, Martens & O'Connor
515 North Flagler Drive, Suite 1900
West Palm Beach, FL 33401
Fax:   (561) 833-4209

**_Counsel for Defendant RCR Holdings, II,_**
**_LLC:_**
Richard Chavez, Esq.
Casey, Ciklin, Lubitz, Martens & O'Connor
515 North Flagler Drive, Suite 1900
West Palm Beach, FL 33401
Fax:   (561) 833-4209

**_Counsel for Defendant RCR Holdings, II,_**
**_LLC:_**
Daniel J. Santaniello, Esq.
Luks, Santaniello, Perez, Petrillo, Gold &
Jones
301 Yamato Road, Suite 1234
Boca Raton, FL 33431

CASE NO.: 50 2009CA032471XXXXMB AG
Page 14 of 14

*__Counsel for Defendant RCR Holdings, II,
LLC:__*
Sherri L. Bauer, Esq.
Luks, Santaniello, Perez, Petrillo, Gold &
Jones
Stonegate Bank Plaza
301 Yamato Road,
Suite 1234
Boca Raton, FL 33431
Fax:   (561) 893-9048

*__Counsel for Defendant Precision Drywall,
Inc.:__*
Michele I. Nelson, Esq.
PAXTON & SMITH, P.A.
1615 Forum Place, Suite 500
West Palm Beach, FL 33401
Fax:   (561) 684-6855

*__Counsel for Defendant Precision Drywall,
Inc.:__*
Kieran O'Connor, Esq.
Cooney, Matson, Lance, Blackburn,
Richards & O'Connor, P.A.
AmSouth Bank Center
111 North Orange Avenue
Suite 850
Orlando, FL 32801