UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: CHINESE MANUFACTURED DRYWALL PRODUCTS LIABILITY LITIGATION | ) ) ) ) | MDL NO. 2047 |
| THIS DOCUMENT RELATES TO: | ) ) | SECTION: L |
| *Hobbie, et al. v.* *RCR Holdings II, LLC, et al.*, | ) ) ) | JUDGE FALLON |
| No. 10-1113 | ) ) ) ) | MAG. JUDGE WILKINSON |

**[PROPOSED] FINAL ORDER AND JUDGMENT CERTIFYING THE COASTAL SETTLEMENT CLASS, APPOINTING CLASS COUNSEL, AND GRANTING FINAL APPROVAL OF THE SETTLEMENT REGARDING CLAIMS AGAINST COASTAL CONSTRUCTION OF SOUTH FLORIDA, INC. RELATED TO VILLA LAGO AT RENAISSANCE COMMONS IN MDL 2047**

This matter has come before the Court to determine whether there is any cause why this Court should not approve the settlement regarding claims against Coastal Construction of South Florida, Inc. related to the Villa Lago at Renaissance Commons condominium development located in Boynton Beach, Florida set forth in the Settlement Agreement Regarding Claims Against Coastal Construction of South Florida, Inc. Related to Villa Lago at Renaissance Commons in MDL No. 2047, dated March 28, 2013, relating to the captioned litigation.  The Court, having granted preliminary approval of the Settlement Agreement on April 24, 2013, and after carefully considering all papers filed and proceedings held herein and otherwise being fully informed in the premises, has determined (1) that the Settlement should be approved, and (2) that there is no just reason for delay of the entry of this Final Order and Judgment approving the Settlement.

1

Accordingly, the Court directs entry of this Final Order and Judgment which shall constitute a final adjudication of this case on the merits as to the parties to the Settlement.  Good cause appearing therefore, it is:

ORDERED, ADJUGED AND DECREED that:

1. **Jurisdiction of the Court**.  The Court has personal jurisdiction over all Settlement Class Members because adequate notice has been provided to them and because they have been provided the opportunity to exclude themselves from the Litigation.  The Court has subject matter jurisdiction over this Litigation, including, without limitation, jurisdiction to approve the Settlement Agreement and to dismiss the Litigation on the merits and with prejudice.

2. **Incorporation of Documents**.  This Final Order and Judgment incorporates herein and makes a part hereof (i) the Coastal Settlement Agreement, Doc. # 16741-2,; (ii) the Class Notice and Class Publication Notice (see Declaration of Gary E. Mason, ¶ 11, and Exhibit B); and (iii) the CAFA service list (see Settling Defendant's Notice of Compliance with 28 U.S.C. § 1715(b), July 12, 2013,3, Doc. # 16942.  The capitalization and definitions of terms set forth in the Coastal Settlement Agreement are incorporated hereby as though fully set forth in this Judgment.

3. **Final Certification of the Class for Settlement Purposes**.  A class for settlement purposes is hereby finally certified consisting of all persons and entities who owned, leased or occupied a condominium located at Villa Lago at Renaissance Commons in Boynton Beach, Florida, the Villa Lago Condominium Association at Renaissance Commons, Inc., and all persons and entities who sustained or claim to have sustained damages of any nature or kind as a result of the alleged manufacture, sale, distribution, use, installation or remediation of Chinese Drywall at Villa Lago at Renaissance Commons.  Excluded from the Settlement Class are any

person, firm, trust, corporation, or other entity related or affiliated with the Participating Defendants and Participating Insurers including, without limitation, persons who are officers, directors, employees, associates or partners of the Defendants and Insurers.  Annette Polovin has timely and validly excluded herself from the Settlement Class, and is therefore not bound by this Final Order and Judgment.  Those Settlement Class Members who have not been excluded from the Settlement Class are bound by this Final Order and Judgment and the terms of the Settlement Agreement.

    4.    **<u>Class Findings</u>**.  For the purposes of this litigation (without an adjudication on the merits), the requirements of due process and the Federal Rules of Civil Procedure and the Rules of the Court have been met in that:

    The members of the Settlement Class are so numerous that it is impracticable to bring all members of the Settlement Class before the Court.

    There is a well-defined community of interests among members of the Settlement Class in certain questions of law or fact that are common to the Settlement Class, are substantially similar, and predominate over any individual questions of fact or law.  The Plaintiffs allege, *inter alia*, that Coastal Construction of South Florida, Inc. constructed the Residences and common areas at Villa Lago at Renaissance Commons with Chinese Drywall when it knew, but failed to disclose, any information about unsafe materials used in the construction of the Residences and common areas at Villa Lago.  Thus, common questions include whether: (i) Coastal constructed the Residences and common areas at Villa Lago with Chinese Drywall; (ii) Coastal had knowledge that Chinese Drywall was used to construct the Residences and common areas at Villa Lago; and (iii) Coastal's conduct fell below the duty of care owed by Coastal to the Settlement Class.  These common questions are central to each

Settlement Class Member's claim and predominate over questions affecting only individual members of the Settlement Class.

The claims of the Class Representative, Wendy Lee Hobbie, are typical of the claims of the Settlement Class, and the Class Representatives will fairly and adequately protect the interests of the Class, in that: (i) the interests of the Class Representative and the nature of her alleged claims are consistent with those of the Settlement Class; (ii) there are no conflicts between or among the Class Representative and Settlement Class Members; (iii) the Class Representative has been and is capable of continuing to be an active participant in both the prosecution of, and the settlement negotiations of, the Litigation; and (iv) the Class Representative and the Settlement Class Members are represented by qualified, reputable counsel who are experienced in preparing and prosecuting class actions, including those involving the sort of practices alleged in the *Hobbie* action and in the Class Action Omnibus Complaints filed in MDL 2047 in which any of the Settlement Class Members brought claims against the settling Defendants and Insurers relating to the manufacture, sale, distribution, use, installation or remediation of Chinese Drywall at Villa Lago at Renaissance Commons.

A resolution of the Litigation in the manner proposed by the Settlement Agreement is superior to other available methods for a fair and efficient adjudication of the Litigation. In making these findings, the Court has considered, among other factors: (i) the interest of Settlement Class Members in individually controlling the prosecution or defense of separate actions; (ii) the impracticability or inefficiency of prosecuting or defending separate actions; (iii) the extent and nature of any litigation concerning these claims already commenced; and (iv) the desirability of concentrating the litigation of the claims in a particular forum.

5. **Satisfaction of Due Process**.  The Court finds that the mailing of the Class Notice and the publishing summary Notice as provided for by, and undertaken pursuant to, the Preliminary Approval Order (i) constituted the best practicable notice to members of the Settlement Class under the circumstances; (ii) constituted notice that was reasonably calculated, under the circumstances, to apprise members of the Settlement Class of the pendency of the Litigation and of the terms of the Settlement Agreement and their rights thereunder, including their rights to object to those terms or to exclude themselves from the proposed Settlement and to appear at the Fairness Hearing; (iii) was reasonable and constituted due, adequate and sufficient notice to all persons entitled to be provided with notice; and (iv) fully complied with the requirements of the United States Constitution, the Federal Rules of Civil Procedure and the Rules of the Court.

6. **CAFA Notice**.  The Court finds that service of the Settlement Agreement together with the materials specified in 28 U.S.C. Sec. 1715(b), upon the entities and individuals listed in Exhibit 3 hereto on July 12, 2013, constituted sufficient and adequate notice to the appropriate federal and state officials as required by the Class Action Fairness Act ("CAFA"), 28 U.S.C. Sec. 1715.

7. **Adequate Representation.**  Settlement Class Counsel and the Class Representative have adequately represented the Settlement Class throughout this Litigation. Therefore, the Court finds that Gary E. Mason and Daniel R. Bryson of Whitfield Bryson & Mason LLP, Joel R. Rhine of Rhine Law Firm, P.C., Adam Linkhorst of Linkhorst & Hockin P.A. and Gregory S. Weiss of Leopold Law, P.A. shall be appointed as Settlement Class Counsel and Wendy Lee Hobbie shall be appointed Settlement Class Representative.

8. **Final Approval**.  The terms and provisions of the Settlement Agreement have been entered into in good faith and are hereby fully and finally approved as fair, reasonable and adequate as to, and in the best interests of, both the Settling Defendants and Insurers and the Participating Class Members and in full compliance with all applicable requirements of law, including constitutional due process.  The Settling Defendants and Insurers and Participating Class Members are hereby directed to implement and consummate the Settlement Agreement according to its terms and provisions.

9. **Claims Released**.  The Releases, Discharges and Covenants Not to Sue set forth in Section 5 of the Settlement Agreement are expressly incorporated in this Final Order and Judgment in all respects) and are effective as of the date of this Final Order and Judgment, such the Released Parties are forever discharged from the claims or liabilities that are the subject of the Release; the Villa Lago Condominium Association at Renaissance Commons, Inc. is forever discharged from the claims or liabilities that are the subject of the Release; each Participating Defendant and any person or entity claiming by, through, and/or on behalf of a Participating Defendant is forever discharged from the claims or liabilities that are the subject of the Release; and each Participating Insurer is forever discharged from the claims or liabilities that are the subject of the Release.  In addition, Arch Insurance Company is forever discharged from the claims or liabilities that are the subject of RCR Holding II, LLC's Third Party Complaint.

The Class Release and indemnity obligations provided in Section 5.2 of the Settlement Agreement are hereby approved and incorporated in this Final Order and Judgment in all respects.

The Defendants' Releases provided in Section 5.3 of the Settlement Agreement are hereby approved and incorporated in this Final Order and Judgment in all respects.

The Participating Insurers' Releases provided in Section 5.4 of the Settlement Agreement are hereby approved and incorporated in this final Order and Judgment in all respects.

The Knauf Release provided in Section 5.5 of the Settlement Agreement is hereby approved and incorporated in this final Order and Judgment in all respects.

The Reserved Claims provided in Section 5.6 of the Settlement Agreement is hereby approved and incorporated in this final Order and Judgment in all respects.

10. **Permanent Injunction**.  All Participating Class Members, any individual or entity who has not properly opted out of this settlement, the Settling Defendants and Insurers, the Participating Insurers, and any other person or entity are hereby permanently and forever barred and enjoined from commencing and/or maintaining the Litigation, the Related Actions, or any other action, legal or otherwise, or asserting any and all claims, known or unknown, which have or could have been brought against the Released Parties arising from or relating to the manufacture, sale, distribution, use, installation or remediation of Chinese Drywall at the Villa Lago and all claims for insurance coverage arising out of Chinese Drywall installed at Villa Lago.

The Court finds that entry of this permanent injunction is necessary and appropriate to aid the Court's jurisdiction over the Litigation and to protect and effectuate the Settlement Agreement and this Final Order and Judgment.

11. **Binding Effect**.   The terms of the Settlement Agreement and of this Final Order and Judgment, including all exhibits thereto, shall be forever binding on the Class

Representative, Participating Class Members, and the Released Parties, as well as their heirs, executors and administrators, successors and assigns, and those terms shall have *res judicata* and other preclusive effect in all pending and future claims, lawsuits or other proceedings that assert claims that are encompassed within the Released Claims set forth in Section 5 of the Settlement Agreement.

12. **No Admissions**. Neither this Final Order and Judgment nor the Settlement Agreement (nor any document referred to herein or any action taken to carry out this Final Order and Judgment) is, may be construed as, or may be used as any evidence, admission or concession by or against the Released Parties of the validity of any claim or any actual or potential fault, wrongdoing or liability whatsoever. Entering into or carrying out the Settlement Agreement, and any negotiations or proceedings related thereto shall not in any event be construed as, or deemed to be evidence of, an admission or concession with regard to the denials or defenses by any of the Released Parties and shall not be offered or received in evidence in any action or proceeding against any of them in any court, administrative agency or other tribunal for any purpose whatsoever other than as evidence of the settlement or to enforce the provisions of this Final Order and Judgment and the Settlement Agreement; provided, however, that this Final Order and Judgment and the Settlement Agreement may be filed in any action against or by any of the Released Parties to support a defense of *res judicata*, collateral estoppel, release, waiver, good faith settlement, covenant not to sue, accord and satisfaction, judgment bar or reduction, full faith and credit, or any theory of claim preclusion or issue preclusion or similar defense or counterclaim.

13. **Enforcement of Settlement Agreement**.  Nothing in this Final Order and Judgment shall preclude any action to enforce its terms or the terms of the Settlement Agreement, including, without limitation, the releases and permanent injunction.

14. **Severability of Attorneys' Fees and Expenses Award**.  Notwithstanding anything herein to the contrary, this Final Order and Judgment shall be entirely severable from, and not subject to appeal on the basis of, any award of attorneys' fees and expenses or costs to be made to Settlement Class Counsel and any such award of attorneys' fees and expenses or costs shall have no effect on the finality or effectiveness of this Final Order and Judgment.

15. **Retention of Jurisdiction**.  The Court has jurisdiction to enter this Final Order and Judgment.  Without affecting the finality of this Judgment in any way, this Court hereby retains continuing and exclusive jurisdiction over: (a) implementation of this Settlement and any distribution to Class Members pursuant to further orders of this Court; (b) disposition of the Settlement Fund pursuant to further orders of this Court; (c) hearing and determining an application for attorneys' fees, costs, expenses and interest; (d) the Settling Parties until the final judgment contemplated herein has become effective and each and every act agreed to be performed by the Settling Parties all have been performed pursuant to the Settlement Agreement; (e) hearing and ruling on any matters relating to the plan of distribution of Settlement proceeds; and (f) all parties, including the Participating Class Members, for the purpose of enforcing and administering the Settlement Agreement and Exhibits thereto and the mutual releases and other documents contemplated by, or executed in connection with, the Settlement Agreement.

16. **Plan of Distribution**.  Settlement Class Counsel shall submit a proposed Plan of Distribution to the Court at the completion of this case so that funds received in this case, whether through settlements or judgment following trial, can be distributed together at one time.

The plan of distribution shall provide for redress of all claims filed by the Class Members which may include remediation, cash compensation or a combination thereof.  In no event shall the Released Parties have any responsibility, financial obligation, or liability whatsoever with respect to the investment, allocation, preservation, distribution, or administration of the Settlement Fund, including, but not limited to, the costs and expenses of such distribution and administration.

17. **Dismissal with Prejudice**.  This Litigation, including all claims and counterclaims asserted in it and/or resolved herein, is hereby dismissed on the merits and with prejudice against the Class Representative and all other Settlement Class Members (with respect to the claims they have asserted) and the Released Parties (with respect to claims made against them, and/or any counterclaims, cross-claims or third-party demand they may have asserted as a Defendant), without fees or costs to any party except as otherwise provided in this Final Order and Judgment or any separate order concerning attorneys' fees and expenses.

IT IS SO ORDERED, this _____ of _____, 2013

_____
ELDON E. FALLON
United States District Judge