**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | | |
|---|---|---|
| IN RE: CHINESE MANUFACTURED DRYWALL PRODUCTS LIABILITY LITIGATION | ) ) ) ) | MDL NO. 2047 |
| THIS DOCUMENT RELATES TO: | ) ) | SECTION: L |
| *Hobbie, et al. v.* *RCR Holdings II, LLC, et al.,* | ) ) ) | JUDGE FALLON |
| No. 10-1113 | ) ) ) | MAG. JUDGE WILKINSON |
| _____ | ) | |

**DECLARATION OF GARY E. MASON**

Gary E. Mason, pursuant to 28 U.S.C. § 1746, based upon his personal knowledge, information, and belief, attests to the following:

1. I am a partner at the law firm of Whitfield Bryson & Mason LLP and I submit this declaration in support of the Joint Motion for an Order: (1) Granting Final Approval to the Settlement Agreement Regarding Claims Against Coastal Construction of South Florida, Inc. ("Coastal") Related to Villa Lago at Renaissance Commons ("Villa Lago") in MDL 2047 ("Motion for Final Approval") pursuant to Federal Rules of Civil Procedure 23(a), 23(b)(3), and 23(e); (2) Certifying the Settlement Class; and (3) Appointing Class Counsel.

2. The Coastal Settlement will provide $7,200,000.00 in order to settle the claims of the owners of 267 condominium units at Villa Lago constructed with allegedly defective drywall imported from China ("Chinese Drywall").

3. The *Hobbie* action was filed on September 21, 2009 in the Circuit Court for Palm Beach County, Florida. It was removed by Defendant Banner Supply Company, Inc. on February 26, 2010, then transferred to this Court pursuant to MDL procedures.

4. On February 15-16, 2011, Settlement Class Counsel participated in a mediation before Richard O. Kingrea in Miami, Florida.  By order of this Court, the mediation was continued in New Orleans, Louisiana on March 22, 2011.  The mediation did not result in the resolution of this matter. Thereafter, the parties attended an informal mediation in Miami, Florida on December 9, 2011; attended Court-ordered mediation before Dan Balhoff, on August 22-23; attended Court-ordered mediation on January 15-16, 2013.  Ultimately, after numerous back and forth discussions – both at the mediations and the days that followed -  the Settling Parties finally reached an agreement memorialized on a Settlement Term Sheet dated January 29, 2013.

5. On April 24, 2013, this Court issued its order preliminarily approving the Coastal Settlement, conditionally certifying the Coastal Settlement Class, approving the form and content of the Class Notice, authorizing the dissemination of the Class Notice, and staying the litigation against Coastal.

6. The Settlement before the Court is the product of protracted arm's-length negotiations between Settlement Class Counsel and Coastal.

7. This Settlement provides for the creation of the Villa Lago Settlement Fund to resolve all claims that arise out of the Chinese Drywall manufacture, sale, distribution, use, installation or remediation of alleged defective Chinese Drywall at Villa Lago.  The Coastal Group Settlement Contribution, along with funds from the Knauf Settlement, the RCR Holdings II, LLC ("RCR")  Settlement, the Banner Settlement, and the Global Settlement with Precision Drywall, Inc., will be used to completely remediate all residences Villa Lago containing Chinese Drywall and certify the Residences as free of Chinese Drywall, regardless of the manufacturer of the Chinese Drywall.

8.     Pursuant to 28 U.S.C. § 1715(b), on July 12, 2013 Coastal's Counsel served a copy of the complaint and the amended complaint in this Action, notice of the hearing on the motion for preliminary approval of the Settlement, Class Notice, the Settlement Agreement, the names of the class members who reside in each state, if known, and a reasonable estimate of the number of class members residing in each state upon the appropriate Federal official and the appropriate State official of each State in which Settlement Class Counsel were aware that a Class Member resides. *See* Settling Defendant's Notice of Compliance with 28 U.S.C. § 1715(b), July 12, 2013, Doc. # 16942.

9.     In conjunction with preliminary approval of the Settlement, this Court ordered that notice be disseminated to the Settlement Class by first class U.S. Mail to their last known addresses.

10.    The Settling Parties have complied with the Court's orders.  Pursuant to Section 7 of the Settlement Agreement, Settlement Class Counsel, with the aid of information provided by Coastal from their files, prepared and assembled a database of addresses of persons and entities to receive first-class mail Notice.  On May 9, 2013, Settlement Class Counsel mailed out the Notice via first class U.S. mail to all Class Members' mailing addresses and their Villa Lago units to be over inclusive in case the Class Member either no longer owns or does not currently reside at the Residence.  For those Class Members who Class Counsel had knowledge of having separate counsel, Class Counsel sent the Class Notice to their counsel instead.

11.    Settlement Class Counsel also caused notice of the Settlement to be published once in the following media: (1) the Miami Herald; (2) the West Palm Beach News; and (3) the South Florida Sun Sentinel.  *See* Tear Sheets attached hereto as Exhibit A.

12. In addition, the Settling Parties had the notice posted on the Court's Chinese Drywall MDL website, http://www.laed.uscourts.gov/drywall/Settlements.htm.

13. The Notice provided clear direction and instructions to Class Members regarding their options under the Settlement.

14. Of the approximately 717 Class Notices that were mailed, 52 notices mailed to Class Members' mailing addresses and 97 notices mailed to Villa Lago units were returned to sender. While a total of 149 notices were returned, only 46 Class Members failed to receive direct mail notice. This is because Settlement Class Counsel strove to be comprehensive in their notice efforts by mailing the Class Notice to multiple addresses for most Class Members, including the known mailing addresses for owners, former mailing addresses for known former tenants, *and* the Villa Lago units for current tenants and owners who reside in them. The deadline to opt out of or object to the Settlement was July 8, 2013.

15. No requests for exclusion from the Settlement were received from any Class Member. Class Counsel have received one objection to the Settlement from Class Member Annette Polovin.  Ms. Polovin is an owner of an Unaffected Unit and, consequently, her unit will not be remediated.  There are a total of 61 Unaffected Units in the Settlement.

16. Experts for the various parties have come forward with a wide range of values for the cost of remediating class members units, ranging from as low as approximately $14 million to as high as $22 million. It is unlikely, however, that a jury would find Coastal 100% responsible for the cost of remediation. There are five defendants in this case all of whom had equal or greater responsibility with respect to the manufacturing of Chinese Drywall and its installation than did Coastal. Under Florida law, a jury making findings of comparative negligence is not likely to find Coastal more than 50% negligent. Thus, the possible range of

recovery from Coastal may be in the range of $7.0 million to $11.0 million.  Thus, the Settlement Amount of $7.2 million represents a recovery of approximately 33-50% of the <u>total</u> recovery and potentially 65% to more than 100% of the amount for which a jury could find Coastal liable.

I declare under penalty of perjury that the foregoing is true and correct.

Executed this 30th day of July, 2013.

*/s/ Gary E. Mason*
Gary E. Mason
