## SETTLEMENT AGREEMENT REGARDING POST-DECEMBER 9, 2011 CLAIMS AGAINST THE KNAUF DEFENDANTS IN MDL NO. 2047

This Agreement is entered into by and between the Plaintiffs' Steering Committee ("PSC") in *In re: Chinese Manufactured Drywall Products Liability Litigation*, MDL No. 2047 ("MDL") and the Knauf Defendants as of August 12, 2013.

**WHEREAS**, on December 20, 2011, the PSC and the Knauf Defendants entered into the Settlement Agreement Regarding Claims Against the Knauf Defendants in MDL No. 2047;

**WHEREAS**, on February 7, 2013, the Court approved the Third Amended Settlement Agreement Regarding Claims Against the Knauf Defendants in MDL No. 2047 (the "Knauf Class Settlement");[1]

**WHEREAS**, the Knauf Class Settlement resolves the claims of property owners and tenants who, as of December 9, 2011, filed a lawsuit in the Litigation as a named plaintiff (*i.e.*, not an absent class member), asserting claims arising from, or otherwise related to, KPT Chinese Drywall, whether or not the Knauf Defendants were named parties to the lawsuit; and

**WHEREAS**, on or about April 3, 2013, the PSC filed an action captioned *Paul Beane, et al. v. Gebrueder Knauf Verwaltungsgesellschaft KG, et al.*, No. 13-609 (E.D. La.), as amended on June 10, 2013, June 12, 2013, July 9, 2013, July 30, 2013 and July 31, 2013 (the "Beane Complaint"), on behalf of certain person who allege that they own Affected Properties with KPT Chinese Drywall but who did not file a lawsuit as a named plaintiff on or before December 9, 2011, which action has not yet been served;

**WHEREAS**, on or about May 8, 2013, the PSC and the Knauf Defendants entered into an agreement to toll the statutes of limitations with respect to claims of certain persons who allege that they own Affected Properties with KPT Chinese Drywall outside Louisiana but who did not file a lawsuit as a named plaintiff on or before December 9, 2011 (the "Tolling Agreement");

**WHEREAS**, all the persons listed on the Tolling Agreement now have asserted claims in the Beane Complaint;

**WHEREAS**, the parties desire to settle the claims of the plaintiffs in the Beane Complaint on behalf of the individual plaintiffs and not as a class action;

**NOW, THEREFORE**, in consideration of the mutual covenants contained herein and intending to be legally bound, the Parties agree as follows:

---

[1] Capitalized terms not otherwise defined have the same meaning given to them in the Knauf Class Settlement.

I.   **Definitions**

   A.   **Exhibit A Claimants.** "Exhibit A Claimants" means those claimants listed on Exhibit A who have supplied indicia satisfactory to the Knauf Defendants to provisionally establish that they own an Affected Property with reactive KPT Chinese Drywall, subject to a confirmatory inspection.

   B.   **Exhibit B Claimants.** "Exhibit B Claimants" means those claimants listed on Exhibit B who allege that they own an Affected Property with KPT Chinese Drywall, but who have yet to supply sufficient indicia to establish that they own an Affected Property with reactive KPT Chinese Drywall. Exhibit B Claimants with an asterisk mean those claimants who the Knauf Defendants have not yet had sufficient time to evaluate and are therefore subject to reclassification by the Knauf Defendants. Unless reclassified, Exhibit B Claimants with an asterisk are subject to the same terms, conditions and deadlines as other Exhibit B Claimants.

   C.   **Exhibit C Claimants.** "Exhibit C Claimants" means those claimants listed on Exhibit C who filed a lawsuit involving KPT Chinese Drywall on or before December 9, 2011 or are participating in the Pilot Program.

   D.   **Exhibit D Claimants.** "Exhibit D Claimants" means those claimants listed on Exhibit D who are parties to a prior settlement with the Knauf Defendants.

   E.   **Opt In Form.** Opt In Form means the appropriate form attached as Exhibit E or Exhibit F. Exhibit E is for represented claimants. Exhibit F is for unrepresented claimants.

II.   **Benefits Available to Exhibit A Claimants**

   A.   All Exhibit A Claimants whose Affected Properties have not already been remediated are entitled to select Remediation Fund Benefits from among the options set forth in Section 4.3 of the Knauf Class Settlement. All such benefits, including any administrative expense associated with providing such benefits, will be paid from the Remediation Fund.

   B.   All Exhibit A Claimants who have self-remediated Affected Properties or who have entered into contracts to self-remediate Affected Properties between December 9, 2011 and July 31, 2013 are entitled to Remediation Fund Benefits as set forth in Section 4.3.7 of the Knauf Class Settlement and the Already Remediated Properties Protocol attached as Exhibit A to the Knauf Class Settlement.

   C.   Except for those claimants covered by II.B above, the provisions of Section 4.4 of the Knauf Class Settlement shall apply to the claims of all Exhibit A Claimants with respect to verifying that an Affected Property has reactive KPT Chinese Drywall and determining the KPT Drywall Percentage. The provisions of Section 4.5 shall apply to disputes arising between any Exhibit A Claimant who selects the Program Contractor Remediation Option and the Lead Contractor or Other Approved Contractor.

   D.   To obtain the benefits set forth in Section II.A or II.B, an Exhibit A Claimant or his/her counsel must submit an opt in form within 30 days of the date of this Agreement. Submission of an Opt In Form constitutes an irrevocable Commitment by the Claimant to resolve

any claim relating to KPT Chinese Drywall through this Agreement. The claims of any Exhibit A Claimant who does not submit an Opt In Form within the specified time period shall be dismissed without prejudice from the Beane Complaint.

        1.     An Exhibit A Claimant who timely submits an Opt In Form shall agree to a confirmatory inspection of the Affected Property within 30 days of submitting the Opt In Form. Once a property becomes eligible for inspection, the Knauf Defendants will inspect the property within 45 days. The claims of any Exhibit A Claimant who does not authorize the confirmatory inspection within the specified time shall be dismissed with prejudice from the Beane Complaint.

    E.     Unless otherwise specified, the provisions of the Knauf Class Settlement, including in particular Section 4.8, shall apply to the claims of Exhibit A and Exhibit B Claimants who participate in this Agreement.

    F.     The provisions of Section 4.7 of the Knauf Class Settlement shall not apply to Exhibit A and B Claimants who participate in this Settlement.

### III.    Benefits Available to Exhibit B Claimants

    A.     To be eligible for benefits under this Agreement, an Exhibit B Claimant must submit an Opt In Form and a Plaintiff Profile Form within 30 days of the date of this Agreement. Submission of an Opt In Form constitutes an irrevocable commitment to resolve any claim relating to KPT Chinese Drywall through this Agreement.

        1.     An Exhibit B Claimant who timely submits an Opt In Form must submit physical proof such as photographic evidence or inspection reports satisfactory to the Knauf Defendants that the property has KPT Chinese Drywall within 30 days of submitting the Opt In Form. This time period may be extended for no more than 30 days, but only if the claimant notifies the PSC and the Knauf Defendants in writing before the expiration of the initial 30-day period that they will need more time, and only if the claimant agrees that there will be no further extension requests. A claimant who does not timely submit any such evidence within the specified time shall be dismissed from the Beane complaint with prejudice. A claimant who submits evidence within the specified time, but which the Knauf Defendants deem unsatisfactory for the purpose of proceeding to the confirmatory inspection, shall be notified by the Knauf Defendants in writing as to why the evidence is unsatisfactory, and shall have 30 days from such notification to provide additional evidence. If, after 30 days, the Knauf Defendants still deem the evidence unsatisfactory, the claimant shall be dismissed from the Beane Complaint without prejudice.

        2.     An Exhibit B Claimant who timely submits satisfactory physical evidence to the Knauf Defendants shall agree to a confirmatory inspection of the Affected Property within 30 days after receiving written notice from the Knauf Defendants that the evidence is satisfactory. Once a property becomes eligible for inspection, the Knauf Defendants will inspect the property within 45 days. The claims of any Exhibit B Claimant who does not authorize the confirmatory inspection within the specified time will be dismissed from the Beane Complaint with prejudice.

B.   Any Exhibit B Claimant whose property is confirmed by inspection to contain KPT Chinese Drywall shall be treated as an Exhibit A Claimant and be entitled to the benefits described in Section II.

**IV.   Claimants Not Covered By This Agreement**

A.   Any Exhibit C Claimant who is a class member in the Knauf Class Settlement by virtue of having filed a lawsuit with respect to their Affected Property on or before December 9, 2011 or having participated in the Pilot Program, is covered by the Knauf Class Settlement and not by this Agreement. Any such claimant shall be dismissed from the Beane Complaint without prejudice to participation in the Knauf Class Settlement.

B.   Any Exhibit D Claimant who is a party to a prior settlement with the Knauf Defendants is covered by that prior settlement and not by this Agreement. Any such claimant shall be dismissed from the Beane Complaint without prejudice to his/her rights under the prior settlement.

C.   Any Exhibit A Claimant or Exhibit B Claimant who does not currently own the Affected Property for which a claim is being made is not eligible for benefits under this Agreement. The claims of any such Exhibit A or Exhibit B Claimant shall be dismissed without prejudice from the Beane Complaint.

D.   Any Exhibit A Claimant or Exhibit B Claimant who purchased the Affected Property with knowledge that there was reactive Chinese Drywall in the Affected Property, or who purchased after December 9, 2009 and failed to make reasonable inquiry, is not eligible for benefits under this Agreement absent the Knauf Defendants' consent, unless the Claimant was legally assigned the claim owned by the seller of the Affected Property. The claims of any such Exhibit A or Exhibit B Claimant shall be dismissed without prejudice from the Beane Complaint.

E.   Any Exhibit A Claimant or Exhibit B Claimant with Lower-Case KPT Chinese Drywall is not eligible for benefits under this Agreement. The claims of any such Exhibit A or Exhibit B Claimant shall be dismissed without prejudice from the Beane Complaint.

F.   Any Exhibit A or Exhibit B Claimant with an already remediated home, where remediation commenced before December 9, 2011 or after July 31, 2013, is not eligible for benefits under this Agreement and shall be dismissed from the Beane Complaint without prejudice. This is not intended to preclude any eligible claimant whose home is not yet remediated from selecting the Self-Remediation option under the terms and conditions of Section 4.3.2 of the Knauf Class Settlement.

G.   Only claimants listed on Exhibit A or Exhibit B are eligible for benefits under this Agreement absent the Knauf Defendants' consent.

H.   This Agreement does not affect or amend prior settlements with any claimants not listed on Exhibits A and B.

## V. Releases

A. As consideration for the benefits provided under this Agreement, each Exhibit A and Exhibit B Claimant receiving benefits under this Agreement, shall release the Knauf Defendants, Other Releasees and any other party that supplied, installed or facilitated and/or assisted in such supply or installation of KPT Chinese Drywall in the Affected Property, and without limitation, their successors, predecessors, assigns, affiliates, shareholders, investors, and their past, present, and future officers, directors, partners, attorneys, agents, employees, parent companies, partnerships, subsidiaries, sister corporations and representatives from any claims arising from the presence of KPT Chinese Drywall in that Claimant's Affected Property. The release shall include but not be limited to claims for injury, loss or damage that are not explicitly covered by Remediation Fund Benefits, including bodily injury, emotional distress and economic loss.

B. Except as set forth in Section V(A) above, all of the release and indemnity provisions contained in Sections 5.1 and 5.2 of the Knauf Class Settlement shall be applicable to this Agreement.

C. Upon execution of the Release, each participating Exhibit A and Exhibit B Claimant shall dismiss his/her claims with prejudice from the Beane Complaint.

D. This Agreement shall not release claims of Exhibit A or Exhibit B Claimants who do not receive benefits either because they do not qualify or do not participate and who dismiss their claims without prejudice as required.

## VI. Attorneys' Fees and Costs

A. As used herein, "Attorneys Fees and Costs Amount" shall mean attorneys' fees and costs calculated by the following formula: $y/4255 = x$; then x multiplied by \$160M equal the amount of attorneys' fees and costs where y equals the number of Claimants who both qualify for and participate in this settlement. For example, if 213 claimants qualify and participate in this Settlement, the Attorney's Fees and Costs Amount would equal \$8 million ($213/4255 = 5\%$; 5% of \$160 million = \$8 million). As used herein, "qualified" means a claimant eligible to participate in this Agreement who timely submits an opt in form and whose home is confirmed by inspection to contain KPT Chinese Drywall.

B. Separately and in addition to any consideration received by a participating Exhibit A or Exhibit B Claimant under this Agreement, the Knauf Defendants shall pay a singular attorneys' fee (to be allocated among the PSC and common benefit counsel authorized and working at the direction of the PSC, other common benefit counsel and individual retained counsel) and reasonable and appropriate costs, including but not limited to Held Costs, Shared Costs and costs associated with individual eligible and participating Exhibit A and Exhibit B Claimants limited to reasonable inspection costs.

C. The PSC shall be entitled to petition the Court for an award of attorneys' fees and costs for work associated with the claims of eligible and participating Exhibit A and Exhibit B Claimants. Provided the PSC does not seek an award of attorneys' fees and costs exceeding the Attorneys' Fees and Costs Amount, the Knauf Defendants will support the PSC's application for

fees and costs under this Agreement. All attorneys' fees and costs as well as the allocation of attorneys' fees and costs among the PSC, common benefit counsel authorized and working at the direction of the PSC, other common benefit counsel and individual retained counsel are subject to the approval of the Court and to a determination by the Court that the common benefit counsel work was valid and bona fide. The Court's determination shall be final and not subject to appeal.

  D. The Court's award of attorneys' fees and costs shall settle and finally resolve any claim for attorneys' fees or costs that can be claimed by any counsel representing or working for the benefit of an eligible and participating Exhibit A or Exhibit B Claimant. In no event will the Knauf Defendants' liability for attorneys' fees and costs exceed the Attorneys' Fees and Costs Amount.

## VII. Consent to Jurisdiction, Statute of Limitations

  A. The Knauf Defendants agree to accept service of the Beane Complaint, subject to the terms and conditions of this Agreement. This consent to service shall not apply to any re-filed action on behalf of any Exhibit A or Exhibit B Claimant who is required under this Agreement to dismiss their claims without prejudice. If any Claimant is required under this agreement to dismiss his or her claim in the Beane Complaint without prejudice, and if the claimant files a new complaint, the date of filing of the new complaint will be deemed the date of the claimant's joinder to the Beane Complaint for statute of limitations purposes, so long as the new complaint is filed within 120 days of the dismissal without prejudice. Except as stated above, all tolling agreements with plaintiffs in the Beane Complaint are terminated as of the date of this Agreement.

  B. The Parties and all participating Exhibit A and Exhibit B Claimants and their counsel consent to the exclusive jurisdiction of this Court for the purposes of administering, supervising, construing and enforcing the Agreement.

  C. Notwithstanding any other provision of this Agreement, the Court shall retain jurisdiction over the PSC, the plaintiffs in the Beane Complaint and their counsel, the Knauf Defendants and the Agreement for purposes of administering, supervising, construing, enforcing and payments under the Agreement. Each of the Knauf Defendants consent to the jurisdiction of the Court solely for the purposes of administering, supervising, construing and enforcing the Agreement and for no other purpose. All other jurisdictional defenses arguments and rights are fully reserved by the Knauf Defendants and nothing in this Agreement is intended to prejudice the assertion in any forum against any party of those jurisdictional defenses, arguments and rights.

## VIII. Miscellaneous

  A. Exhibits A, B, C and D are tentative classifications and are subject to review for eligibility and are subject to reclassification after further analysis.

  B. The Knauf Defendants do not admit or concede that they have any liability for, or owe any damages whatsoever relating to, KPT Chinese Drywall.

C. This Agreement is the product of arm's length negotiations between the PSC and the Knauf Defendants. Neither the PSC nor the Knauf Defendants shall be deemed the drafter of this Agreement or any provision thereof. No presumption shall be deemed to exist in favor of or against either the PSC or the Knauf Defendants as a result of the preparation or negotiation of this Agreement.

D. This Agreement shall be governed by, and construed and enforced in accordance with the substantive laws of the State of Louisiana without regard to conflict of laws principles.

E. This Agreement, including its exhibits, constitutes the entire agreement between the Parties. The Parties have not received or relied on any agreements or promises other than as contained in this writing in this Agreement, including its exhibits. Prior drafts shall not be used to construe this Agreement.

F. This Agreement may not be modified or amended unless such modification or amendment is in writing executed by all Parties.

G. This Agreement may be executed in multiple counterparts, all of which taken together shall constitute one and the same Agreement.

H. Any disputes under this Agreement shall be presented for resolution to the MDL Court. The MDL Court's determination shall be final with no appeal.

**IN WITNESS HEREOF**, the Parties have executed this Amendment by their duly authorized representatives on the dates stated below:

Plaintiffs' Steering Committee

By: _[signature]_

Print Name: _Russ M. Herman_

Title: _Liaison Counsel_

Date: _August 12, 2013_

**Knauf Defendants**

By: _____

Print Name: _Kerry J. Miller_

Title: _Attorney in Fact_

Date: _August 12, 2013_

By: _____

Print Name: _____

Title: _____

Date: _____

As Attorneys-in-Fact for each Knauf Defendant Pursuant to Powers of Attorney Dated March 30, 2012