**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | | |
|---|---|---|
| IN RE: CHINESE-MANUFACTURED DRYWALL PRODUCTS LIABILITY LITIGATION | x x x x x | MDL NO. 2047 |
| | | SECTION: L |
| | | JUDGE FALLON |
| THIS DOCUMENT APPLIES TO ALL CASES | x | MAG. JUDGE WILKINSON |

**MEMORANDUM IN SUPPORT OF**
**MOTION TO ESTABLISH VARIOUS QUALIFIED SETTLEMENT FUNDS**
**AND TO APPOINT FUND ADMINISTRATOR AND DEPOSITORY BANK**

**MAY IT PLEASE THE COURT:**

This memorandum is submitted in support of the Motion to Establish Various Qualified Settlement Funds and to Appoint Fund Administrator and Depository bank filed by Class Counsel/Plaintiffs' Liaison Counsel, Russ M. Herman, and Class Counsel/Plaintiffs' Lead Counsel, Arnold Levin.

On February 7, 2013, this Court entered an Order and Judgment Certifying the INEX, Banner, Knauf, L&W, and Global Settlement Classes; and Granting Final Approval to the INEX, Banner, Knauf, L&W, and Global Settlements [Rec. Doc. 16570]. The settlements provide substantial benefits to the Class Members and together constitute a significant recovery to the Class Members.

The various settlements, except for the L&W Settlement, provide that funds from each of the Settlements shall be allocated in various manners including but not limited to: (1) an Attorney Fee & Cost Set Aside; (2) a Bodily Injury and Other Loss Set Aside; and (3) a Repair and

Relocation Damage Set Aside.  The L&W Settlement provides for an allocation between Knauf for remediation purposes and attorney's fees.

The Settlements, including the component set asides, are inter-related and taken together, will effect the remediation of all structures containing a significant amount of Chinese drywall.

It is in the best interest of all parties, for the Court to authorize the establishment of various Qualified Settlement Funds (the "Funds") in connection with each of the Settlements.  The various Funds will be identified as follows:

a.  Banner Attorney Fee Settlement Fund;

b.  Banner Repair and Relocation Set Aside Settlement Fund;

c.  Banner Bodily Injury and Other Loss Set Aside Settlement Fund;

d.  Builders, Installers, Suppliers and Participating Insurers Bodily Injury and Other Loss Set Aside Fund;

e.  Builders, Installers, Suppliers and Participating Insurers Repair and Relocation Set Aside Fund;

f.  Builders, Installers, Suppliers and Participating Insurers Attorney Fee Settlement Fund;

g.  Interior/Exterior Building Supply, LP Repair and Relocation Set Aside Fund;

h.  Interior/Exterior Building Supply, LP Bodily Injury and Other Loss Set Aside Fund;

i.  Interior/Exterior Building Supply, LP Attorney Fee Settlement Fund;

j.  Knauf Attorney Fee Settlement Fund;

k.  Knauf Other Loss Settlement Fund;

l.  USG and L&W Settlement Fund; and

m.  USG and L&W Attorney Fee Settlement Fund.

Each Fund shall be a Qualified Settlement Fund ("QSF") as described in Treas. Reg. Section 1.468B-1, established by order of this Court, and each Fund shall remain subject to the continuing jurisdiction of this Court. Each Fund will contain separate identifiable accounts. The Funds shall be placed at Esquire Bank[1], a financial institution doing business in New York.[2] Information regarding Esquire Bank and its credentials to act as the Depository Bank are set forth in the attached Exhibit "N". Esquire Bank shall be the Depository Bank for each QSF and will hold and invest the monies in accordance with Orders of the Court. Statements for each account shall be issued and provided on a routine basis to Class Counsel, the Administrator and Philip Garrett, the Court Appointed CPA. BrownGreer, PLC shall be the Administrator of each Fund pursuant to Treas. Reg. Section 1.468B-2.

This Court has jurisdiction over this matter under Treas. Reg. Section 1.468B-1(c)(1), which states in relevant part that a QSF "is established pursuant to an order of, or is approved by, the United States, any state (including the District of Columbia), territory, possession, or political subdivision thereof, or any agency or instrumentality (including a court of law) . . . and is subject to the continuing jurisdiction of that governmental authority."

Until such time that Claimants are entitled to settlement monies under the appropriate Settlement Agreement applicable to their claim, no settlement monies shall be set apart for any Claimant, or otherwise made available so that he or she may draw upon or otherwise control said

---

[1] Class Counsel discloses and informs the Court that members of the Plaintiffs' Steering Committee cumulatively own less than 5% of the issued and outstanding stock in this financial institution. Any member of the Plaintiffs' Steering Committee is available to the Court for further disclosure of information should the Court desire any additional information.

[2] In the interest of record keeping and for consistency in establishing the various Qualified Settlement Fund accounts, it is recommended that the Court allow Esquire Bank to be substituted for United States Bank (U.S. Bank) in both the Banner and InEx Qualified Settlement Funds.

settlement monies. The Fund, by and through the Administrator, shall only make payments to or for the benefit of Claimants pursuant to the applicable Settlement Agreement(s).

The settlement monies will be the sole property of the respective Fund. No portion of such monies shall be made available to Claimants except as specifically set forth in the appropriate Settlement Agreement applicable to a particular Claimant. Until such time as monies are distributed, Claimants shall not possess any rights to demand or receive any portion of the monies or to mortgage, pledge, or encumber the same in any manner. To the extent possible, the terms of the Court's Order shall be construed so as to prevent Claimants from being in constructive receipt, as determined under federal income tax principles, of any amounts held by the Fund.

The monies deposited at the Depository Bank in each Fund are to be invested with third parties in instruments/securities comprised of (a) United States Agency, Government Sponsored Enterprises or Treasury debt securities or obligations (maturities not to exceed five years at time of purchase) or mutual funds invested solely in such instruments (average maturity not to exceed 5 years); and/or (b) cash equivalent securities including SEC registered money market funds and collateralized money market accounts and/or (c) in checking accounts up to current FDIC insurance limits; and/or (d) Certificates of Deposit that are fully insured by the FDIC through use of the Cedars Deposit Placement Agreement with Esquire; and/or (e) insured Cash Sweep Services, all as is more fully set forth in Exhibit "A" attached to each of the proposed Orders attached hereto as Exhibits "A" through "M".

Attached hereto as Exhibits "A" through "M" are proposed Qualified Settlement Fund Orders to establish Funds for each of the following:

       a. Banner Attorney Fee Settlement Fund;

       b. Banner Repair and Relocation Set Aside Settlement Fund;

  c. Banner Bodily Injury and Other Loss Set Aside Settlement Fund;

  d. Builders, Installers, Suppliers and Participating Insurers Bodily Injury and Other Loss Set Aside Fund;

  e. Builders, Installers, Suppliers and Participating Insurers Repair and Relocation Set Aside Fund;

  f. Builders, Installers, Suppliers and Participating Insurers Attorney Fee Settlement Fund;

  g. Interior/Exterior Building Supply, LP Repair and Relocation Set Aside Fund;

  h. Interior/Exterior Building Supply, LP Bodily Injury and Other Loss Set Aside Fund;

  i. Interior/Exterior Building Supply, LP Attorney Fee Settlement Fund;

  j. Knauf Attorney Fee Settlement Fund;

  k. Knauf Other Loss Settlement Fund;

  l. USG and L&W Settlement Fund; and

  m. USG and L&W Attorney Fee Settlement Fund.

Class Counsel requests that the Court issue the appropriate Orders establishing the various Qualified Settlement Funds.

Respectfully submitted,

Dated: August 19, 2013

/s/ Russ M. Herman
Russ M. Herman, Esquire (Bar No. 6819)
Leonard A. Davis, Esquire (Bar No. 14190)
Stephen J. Herman, Esquire (Bar No. 23129)
HERMAN, HERMAN & KATZ, L.L.C.
820 O'Keefe Avenue
New Orleans, LA 70113
Phone: (504) 581-4892
Fax: (504) 561-6024
Ldavis@hhklawfirm.com
*Plaintiffs' Liaison Counsel in MDL 2047 and Class Counsel*

Arnold Levin
Fred S. Longer
Sandra L. Duggan
Matthew C. Gaughan
LEVIN, FISHBEIN, SEDRAN & BERMAN
510 Walnut Street, Suite 500
Philadelphia, PA 19106
Phone: (215) 592-1500
Fax: (215) 592-4663
Alevin@lfsblaw.com
*Plaintiffs' Lead Counsel in MDL 2047 and Class Counsel*

## CERTIFICATE OF SERVICE

I hereby certify that the above and foregoing pleading has been served on Defendants' Liaison Counsel, Kerry Miller, by e-mail and upon all parties by electronically uploading the same to LexisNexis File & Serve in accordance with Pre-Trial Order No. 6, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2047 on this 19th day of August, 2013.

/s/ Leonard A. Davis
Leonard A. Davis, Esquire
Herman, Herman & Katz, L.L.C.
820 O'Keefe Avenue
New Orleans, Louisiana 70113
Phone: (504) 581-4892
Fax: (504) 561-6024
Ldavis@hhklawfrm.com
*Plaintiffs' Liaison Counsel MDL 2047*
*Co-counsel for Plaintiffs*