UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: CHINESE-MANUFACTURED DRYWALL PRODUCTS LIABILITY LITIGATION | MDL NO. 2047<br>SECTION: L<br>JUDGE FALLON<br>MAG. JUDGE WILKINSON |
| THIS DOCUMENT RELATES TO:<br><br>*Sean and Beth Payton, et al. v. Knauf Gips, KG, et al.*, Civ. Action No. 09-7628 (E.D.La) OMNI I, I(A), I(B), I(C) | |

**MEMORANDUM OF LAW IN SUPPORT OF
CLASS COUNSEL'S MOTION FOR RULE TO SHOW
CAUSE WHY SETTLED CLAIMS SHOULD NOT BE DISMISSED**

Pursuant to the February 7, 2013 Order and Judgment: (1) Certifying the InEx, Banner, Knauf, L&W, and Global Settlement Classes; and (2) Granting Final Approval to the InEx, Banner, Knauf, L&W, and Global Settlements ¶¶ 19, 31, 49, 59 and 70 [Rec.Doc. No. 16570], those plaintiffs that are members of the five interrelated class actions involving the InEx, Banner, Knauf, L&W and Global settlements are no longer permitted to maintain their claims against the settling defendants. Similarly, pursuant to the July 9, 2013 Order and Judgment: (1) Certifying Each of Four Chinese Drywall Class Settlements (Nationwide Insureds Settlement Agreement, Porter-Blaine/Venture Supply Settlement Agreement, Tobin Trading and Installers Settlement Agreement, and Builders Mutual Insureds Settlement Agreement) Relating to Virginia and Certain Other Remaining Claims; (2) Granting Final Approval to the Four Chinese Drywall Class Settlements; and (3) Approving an Allocation Plan for the Four Class Settlements [Rec. Doc. No. 16934], those plaintiffs in the four "Virginia" based class actions (and other related settlements) are also required to dismiss their claims against the settling defendants. Both Orders and Judgments are now final. Accordingly, pursuant to Fed.R.Civ.P. 41(a)(2), Class Counsel on

behalf of those class members whose claims are settled by the five interrelated class actions and the four "Virginia" based class actions (and other related settlements) move to dismiss their claims against the settling defendants.

In an effort to efficiently and expeditiously effectuate these dismissals Class Counsel submit that a Rule to Show Cause should issue for anyone challenging why the Court should not dismiss, discontinue and end claims with prejudice of all those plaintiffs identified in the Complaint (including those plaintiffs identified in the Complaint in Intervention I(A), Complaints in Intervention I(B) and Complaint and Intervention I(C)) against all of the settling defendants with the exception of those plaintiffs whose claims against the settling defendants should remain on the docket identified in Schedule I (attached hereto).

Not all defendants on the Complaint or Complaints in Intervention have settled. Attached hereto as Schedule II is a list of all those defendants whose claims have been settled (except for those claims of plaintiffs in Schedule I), and should therefore be dismissed.

The claims of plaintiffs against those defendants not identified on the attached Schedule II, *i.e.*, the "Remaining Defendants," remain in force. The remaining Defendants are identified in Schedule III (attached hereto). A Rule to Show cause should also issue as to why the claims against these Remaining Defendants should be dismissed. Any plaintiff interested in continuing to pursue their claim against a Remaining Defendant should show cause why their claims should not be dismissed against a Remaining Defendant because of their ability and willingness to maintain their claim.

In summary, Movants request:

2

1. that all plaintiffs in the above-referenced matter, with the exception of those plaintiffs identified in Schedule I have their claims dismissed with prejudice against all those defendants identified on Schedule II; and

2. Plaintiffs specifically reserve all claims that may be asserted under law against those Remaining Defendants that are identified in Schedule III.

Accordingly, Class Counsel seek these dismissals as set forth above, with prejudice, each party to bear its own costs.

Respectfully submitted,

Dated: August 19, 2013

/s/ Russ M. Herman
Russ M. Herman, Esquire (Bar No. 6819)
Leonard A. Davis, Esquire (Bar No. 14190)
Stephen J. Herman, Esquire (Bar No. 23129)
HERMAN, HERMAN & KATZ, LLP
820 O'Keefe Avenue
New Orleans, LA 70113
Phone: (504) 581-4892
Fax: (504) 561-6024
Ldavis@hhklawfirm.com
*Plaintiffs' Liaison Counsel in MDL 2047 and Class Counsel*

Arnold Levin (On the Brief)
Fred S. Longer (On the Brief)
LEVIN, FISHBEIN, SEDRAN & BERMAN
510 Walnut Street, Suite 500
Philadelphia, PA 19106
Phone: (215) 592-1500
Fax: (215) 592-4663
Alevin@lfsblaw.com

*Plaintiffs' Lead Counsel in MDL 2047 and Class Counsel*