UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

IN RE: : MDL NO. 2047
:
CHINESE MANUFACTURED DRYWALL : SECTION: L
PRODUCTS LIABILITY LITIGATION :
: JUDGE FALLON
: MAG. JUDGE WILKINSON

.. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. :

## AFFIDAVIT OF DAVID S. MAGLICH IN SUPPORT OF MOTION TO OPT-OUT OF SETTLEMENT AND WITHDRAW NOTICE OF RESCISSION OF OPT-OUT OF SETTLEMENT AGREEMENTS BY INDIVIDUAL CLASS MEMBERS, RAYMOND P. FARLEY AND AMELIA J. FARLEY

Affiant, after being duly sworn, deposes and states as follows:

1. My name is DAVID S. MAGLICH. I am over the age of 18 and have personal knowledge of all facts set forth in this Affidavit.

2. I have been a member of the Florida Bar since October 1984 and am a shareholder with the law firm of Fergeson, Skipper, Shaw, Keyser, Baron and Tirabassi, P.A. I represent RAYMOND P. FARLEY and AMELIA J. FARLEY ("Claimants") with regards to their residence in Bradenton, Florida, constructed by Taylor Morrison of Florida, Inc. ("TM") that contains reactive Chinese drywall.

3. The Fergeson Skipper law firm and I were retained by Claimants in 2010 after they were advised by their builder, TM, that their residence contained reactive Chinese drywall.

4. In or about May 2011, pursuant to the request of TM's attorneys, Sivyer Barlow & Watson, P.A., Claimants allowed TM to conduct another inspection of Claimants' home by TM's expert, Environ, to determine the type and extent of reactive Chinese drywall at Claimants' residence.

5. After conducting the inspection, Affiant spoke with the attorney for TM concerning the results and was told that Environ had confirmed that reactive Knauf Chinese drywall was present in Claimants' home. Affiant then requested a copy of the Environ report. On June 3, 2011, counsel for TM sent an email to Affiant refusing to produce the Environ report but instead offered to Claimants a letter from TM which confirmed the existence of reactive Chinese drywall at their residence and accepted

responsibility for repairing their home. A copy of this email chain between Affiant and attorney Neal Sivyer is attached as Exhibit "A" to this Affidavit.

6. Thereafter, the attorneys for TM continued to represent to Affiant that Claimants' residence contained reactive Chinese drywall, including Knauf drywall. Due to the stay imposed in this MDL, Claimants were precluded from proceeding with their claims against TM. During the course of the MDL, the attorneys for TM provided frequent updates on the status of the MDL. Attorney Sivyer contacted Affiant to advise that settlement had been reached with Knauf and to advise Affiant as to the specific terms of the Knauf global settlement. Attorney Sivyer advised Affiants that Claimants should forego their state court claims against TM and participate in the Knauf global settlement. On or about December 20, 2011, as part of these ongoing discussions, attorney Sivyer sent an email to Affiant reiterating the terms of the Knauf settlement terms and the benefits that attorney Sivyer represented could be obtained by the Farleys if they agreed to accept the settlement terms. A copy of this email is attached as Exhibit "B".

7. Claimants determined to opt out of the Knauf global settlement due to their initial concerns over the terms of the Knauf settlement. On or about April 5, 2013, Affiant and Claimant, Raymond P. Farley, attended the MDL settlement conference in Miami, Florida. During that day, Affiant and Raymond P. Farley attended a private settlement conference with Judge Fallon as well as the attorneys for Knauf to discuss Claimants' potential rescission of their opt- out of the Knauf global settlement. During this private conference, Affiant advised those present that TM, through its attorneys, had represented that reactive Knauf Chinese drywall was present in the Claimants' home.

8. Thereafter, Affiant again had discussions with counsel for TM concerning the potential benefits of the Knauf settlement, and Claimants' potential rescission of their opt-out of the Knauf global settlement. On or about May 9 and 10, 2013, Affiant again specifically sought confirmation that reactive Knauf Chinese drywall was present in the Claimants' home. Counsel for TM confirmed again in writing that Claimants' home contained reactive Knauf Chinese drywall. Attached to this Affidavit as Exhibit

"C" is an email chain between Affiant and the Sivyer Barlow & Watson firm confirming the presence of reactive Knauf Chinese drywall in Claimants' home.

9. Affiant provided Claimants with these emails and verbally confirmed the information provided by counsel for TM. In express reliance upon the written and verbal representation of TM through its counsel, Claimants decided to opt-back into the global settlement, including the Knauf settlement, and accept the terms being offered. As a result, Affiant prepared and filed on behalf of Claimants a Notice rescinding their prior opt-out to participate in the Knauf settlement.

10. Immediately thereafter, Affiant began working with Attorney Steven Glickstein to arrange for an inspection of the Claimants' home by Benchmark and Moss to being the remediation process. In late May 2013, Affiant was advised by Attorney Steven Glickstein that an inspection by Benchmark indicated that no reactive Knauf Chinese drywall was present. Affiant then arranged with attorney Sivyer to have Environ perform a follow-up inspection of the home in July 2013.

11. Attorney Sivyer then advised Affiant that the second Environ inspection failed to identify any Knauf Chinese drywall in their home. As a result, Attorney Sivyer advised that no settlement benefits would be provided pursuant to the Knauf Settlement nor would Taylor Morrison remediate the Claimants' residence.

12. Affiant and Claimants expressly relied upon, and Claimants rescinded their opt-out based upon, the representations of TM and its counsel for the past three years that the home contained reactive Knauf Chinese drywall. Affiant would not have advised the Claimants to rescind their opt-out but for these representations by TM and its counsel. Claimants did not have any independent inspections done of their home due to their reliance upon the representations of TM and its counsel.

FURTHER AFFIANT SAYETH NAUGHT.

BY: _____
DAVID S. MAGLICH

STATE OF FLORIDA     )
                     :
COUNTY OF SARASOTA   )

The foregoing instrument was acknowledged before me on August 27, 2013, by DAVID S. MAGLICH, ☑ who is personally known to me OR ☐ who has produced _____ as identification.

_____
Notary Public

Name: Ellen S. Minix

Serial Number: FF 000911

My Commission Expires: June 9, 2017

ELLEN S. MINIX
Commission # FF 000911
Expires June 9, 2017
Bonded Thru Troy Fain Insurance 800-385-7019

4