UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: | : | MDL NO. 2047 |
| | : | |
| CHINESE MANUFACTURED DRYWALL | : | SECTION: L |
| PRODUCTS LIABILITY LITIGATION | : | |
| | : | JUDGE FALLON |
| | : | MAG. JUDGE WILKINSON |
| .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. | : | |

### MOTION TO OPT-OUT OF SETTLEMENT AND WITHDRAW NOTICE OF RESCISSION OF OPT-OUT OF SETTLEMENT AGREEMENTS REGARDING CLAIMS IN MDL NO. 2047 BY INDIVIDUAL CLASS MEMBERS, RAYMOND P. FARLEY AND AMELIA J. FARLEY

Individual Class Members, RAYMOND P. FARLEY and AMELIA J. FARLEY ("Claimants"), hereby move to opt-out of the Knauf Settlement and withdraw their May 5, 2013, Notice of Rescission of Opt-Out of Settlement Agreements Regarding Claims in MDL No. 2047, and as grounds state:

1. Claimants are the owners of a residence in Bradenton, Florida containing reactive Chinese drywall. Claimants are class members in the instant Chinese drywall litigation.

### FACTUAL BACKGROUND

2. In 2009, Claimants were advised by their builder, Taylor Morrison of Florida, Inc., ("TM") that their residence could contain reactive Chinese drywall and requested that Taylor Morrison have the home inspected.

3. TM then had the home inspected by Environ and advised Claimants that reactive Chinese drywall was present. After failing to resolve the problem through negotiation, Claimants filed suit against Taylor Morrison in state court in April 2011.

4. In or about May 2011, another inspection was conducted by Taylor Morrison and its expert, Environ, to determine the type and extent of reactive Chinese drywall at Claimants' residence.

5. After conducting the inspection, Taylor Morrison, through its attorney, confirmed to Claimants, through their attorney, that reactive Knauf Chinese drywall was present throughout Claimants' home.

6. Claimants' counsel requested a copy of the Environ report. On June 3, 2011, counsel for Taylor Morrison refused to produce the Environ report but instead provided to Claimants a letter from Taylor Morrison which confirmed the existence of reactive Chinese drywall at their residence and accepted responsibility for repairing their home.

7. Thereafter, Taylor Morrison and its counsel continued to represent to Claimants and the undersigned that Claimants' residence contained reactive Chinese drywall, including Knauf drywall.

8. Due to the stay imposed in this MDL, Claimants were precluded from proceeding with their claims against TM. During the course of the MDL, counsel for Taylor Morrison provided frequent updates on the status and specific terms of the Knauf global settlement and advised Claimants to forego their state court action and to participate in the Knauf global settlement.

9. Claimants decided in March 2012 to file a Notice opting-out of the Knauf Settlement Class in MDL No. 2047. Claimants timely filed and served their Notice of Opt-Out on March 30, 2012. Thereafter, on September 5, 2012, Claimants filed and served a Notice of Opt-Out of the Builder, Installer, Supplier and Participating Insurer Settlement Class, the InEx Settlement, the Banner Settlement, the Knauf Settlement, the L&W Settlement and the Global Settlement in the Chinese Drywall Action in MDL No. 2047, so as to pursue their state claims against Taylor Morrison and others.

10. Thereafter, counsel for Taylor Morrison again had discussions with counsel for Claimants concerning the potential benefits of the Knauf settlement, and urged Claimants to rescind their opt-out of the Knauf settlement. Throughout this time, Taylor Morrison and its counsel continued to represent that Knauf Chinese drywall was present in the residence. Counsel for Claimants specifically requested that counsel for Taylor Morrison confirm the presence of Knauf drywall in Claimants' residence. Counsel for Taylor Morrison then confirmed again in writing that Claimants' home contained Knauf drywall.

11. In May 2013, after attending a Knauf settlement conference including an informal conference with Judge Eldon E. Fallon in Miami, Florida, and in express reliance upon the written and verbal representation of Taylor Morrison through its counsel, Claimants decided to opt-back into the

global settlement, including the Knauf settlement, and accept the terms being offered. As a result, Claimants then filed a Notice rescinding their prior opt-out to participate in the Knauf settlement.

12. In May 16, 2013, Benchmark inspected the Claimants' residence to identify the extent of the reactive Chinese drywall in advance of remediation by Moss Construction pursuant to the Knauf Settlement. This inspection indicated that no Knauf Chinese drywall was present. A follow-up inspection of the house by Environ was performed in July 2013.

13. Claimants were thereafter advised that the second Environ inspection failed to identify any Knauf Chinese drywall in their home. As a result, Taylor Morrison represented that no settlement benefits would be provided pursuant to the Knauf Settlement nor would Taylor Morrison remediate the Claimants' residence.

14. Given the representations of Taylor Morrison and its counsel for the past three years and the mistaken belief of the parties that the home contains Knauf Chinese drywall, Claimants hereby seek to opt-out of the Knauf and global settlements and withdraw their May 2013 Notice rescinding their prior opt-out.

15. Claimants are also filing affidavits and documents in support of this Motion.

WHEREFORE, Claimants, RAYMOND P. FARLEY and AMELIA J. FARLEY, request entry of an Order authorizing the withdrawal of their May 5, 2013, Notice of Rescission of Opt-Out of Settlement, allowing Claimants to Opt-Out of the settlements in this matter, and for such other and further relief as deemed just and appropriate.

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that the a true and correct copy of the foregoing has been served on counsel of record via regular U.S. Mail and electronic mail, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2047, on this 28 day of August, 2013.

        FERGESON, SKIPPER, SHAW, KEYSER,
        BARON & TIRABASSI, P.A.
        1515 Ringling Boulevard – 10th Floor
        Sarasota, FL  34236
        941-957-1900 / Fax 941-957-1800
        Attorneys for Claimants,
        RAYMOND P. FARLEY and AMELIA J. FARLEY

        BY:_____/s/DAVID S. MAGLICH_____
        DAVID S. MAGLICH
        Florida Bar No. 441708
        dmaglich@fergesonskipper.com

Copies to:

Arnold Levin
Levin, Fishbein, Sedran & Berman
510 Walnut Street – Suite 500
Philadelphia, PA  19106
alevin@lfsblaw.com

Kerry J. Miller
Frilot, L.L.C.
1100 Poydras Street - Suite 3700
New Orleans, LA  70163
kmiller@frilot.com

Michael P. Peterson
Peterson & Espino, P.A.
10631 S.W. 88th Street – Suite 220
Miami, FL  33186
mpeterson@petersonespino.com

Russ M. Herman
Herman, Herman, Katz & Cotlar, LLP
820 O'Keefe Avenue
New Orleans, LA  70113
rherman@hhklawfirm.com

Michael A. Sexton
Weinberg Wheeler Hudgins Gunn & Dial, LLC
3344 Peachtree Road, NE – Suite 2400
Atlanta, GA  30326
msexton@wwhgd.com

Dorothy Wimberly
Stone Pigman Walther Wittman, LLC
546 Carondelet Street
New Orleans, LA  70130
dwimberly@stonepigman.com

W. David Conner
Haynsworth Sinkler Boyd, P.A.
P.O. Box 2048
Greenville, SC  29602
dconner@hsblawfirm.com


H. Minor Pipes, III
Barrasso Usdin Kupperman Freeman
& Sarver, LLC
909 Poydras Street – Suite 2400
New Orleans, LA  70112
mpipes@barrassousdin.com


Neal A. Sivyer
Sivyer Barlow & Watson, P.A.
Suntrust Financial Center
401 E. Jackson Street – Suite 2225
Tampa, FL  33602
NSivyer@sbwlegal.com

Richard Duplantier
Galloway, Johnson, Tompkins, Burr & Smith
One Shell Square
701 Poydras Street – 40th Floor
New Orleans, LA  70139
rduplantier@gjtbs.com

Steven Glickstein
Kaye, Scholer, LLP
425 Park Avenue
New York, NY  10022
sglickstein@kayescholer.com