UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: | : | MDL NO. 2047 |
| | : | |
| CHINESE MANUFACTURED DRYWALL | : | SECTION: L |
| PRODUCTS LIABILITY LITIGATION | : | |
| | : | JUDGE FALLON |
| | : | MAG. JUDGE WILKINSON |
| .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. | : | |

**MEMORANDUM OF LAW IN SUPPORT OF MOTION TO OPT-OUT OF SETTLEMENT AND WITHDRAW NOTICE OF RESCISSION OF OPT-OUT OF SETTLEMENT AGREEMENTS REGARDING CLAIMS IN MDL NO. 2047 BY INDIVIDUAL CLASS MEMBERS, RAYMOND P. FARLEY AND AMELIA J. FARLEY**

A. CLAIMANTS ARE ENTITLED TO RESCISSION BASED UPON THE MUTUAL MISTAKE OF THE PARTIES

1.  Since 2010, both Taylor Morrison and Claimants have been negotiating and proceeding with the instant litigation based upon the mutual understanding that prior testing had confirmed the presence of Knauf Chinese drywall in Claimants' home. It was only upon the conclusion of the May 2013 Benchmark inspection and the July 2013 Environ follow-up inspection that the parties learned that they were mistaken regarding the underlying facts of this dispute.

2.  Florida law is clear that an agreement may be reformed or rescinded where it is the result of mutual mistake, or unilateral mistake accompanied by inequitable conduct by the other party. *Department of Transportation v. Ronlee, Inc.*, 518 So.2d 1326 (Fla. 1st DCA 1987); *See also Barber v. Barber*, 878 So.2d 449 (Fla. 3d DCA 2004) ("It is within the purview of a trial court to rescind a contract between parties based upon mutual mistake").

3.  There is no dispute that the parties have been proceeding under the mistaken belief that Knauf Chinese drywall exists in Claimants' home. Since testing was first performed by Taylor Morrison in 2009, the confirmed presence of Knauf Chinese drywall has been the underlying factual basis for the decisions and agreements of the parties. A contract is voidable where a mistake of both parties at the time a contract was made as to a basic assumption on which the contract was made has a material effect

on the agreed exchange of performances. *Rawson v. UMLIC VP, LLC*, 933 So.2d 1206 (Fla. 1st DCA 2006).

4. Further, rescission is appropriate even where the underlying facts are based on mistaken assumptions regarding the condition of real property. *Native Homes, Inc. v. Stamm*, 721 So.2d 809 (Fla. 5th DCA 1998) (emphasis added).

5. Since the parties were mistaken regarding the material facts upon which their agreement was based, i.e. the presence of Knauf Chinese drywall, Claimants should be permitted to opt-out of the Knauf settlement, cancel the May 5, 2013, Notice rescinding their prior opt-out, and proceed with their claims outside of the MDL Chinese Drywall Products Liability Litigation.

B. IN THE ALTERNATIVE, CLAIMANTS ARE ENTITLED TO RESCISSION DUE TO THE FAILURE OF TAYLOR MORRISON TO DISCLOSE MATERIAL FACTS

6. Claimants are also entitled to rescission due to the failure of Taylor Morrison and its counsel to disclose material facts regarding the presence of Knauf Chinese drywall in their home. As set forth above and in the exhibits hereto, counsel for Taylor Morrison refused to produce the initial Environ report but continued to make representations, and induced Claimants to believe, that their residence contained Knauf Chinese drywall.

7. The Florida Supreme Court has expressly held that if equitable relief against mistake will be granted in the absence of inequitable conduct, it should be granted when inequitable conduct contributes to such mistake. *Houd v. Hike*, 56 So.2d 462 (Fla. 1952). Further, cancellation of the May 2013, Notice is justified where Claimants' mistake, ignorance or misapprehension is induced, procured, aided or accompanied by the nondisclosure of material facts by Taylor Morrison. *Id.* at 468-469.

8. Further, rescission is appropriate even when the misrepresentation of fact is an innocent mistake.

> "According to the weight of authority, misrepresentation of material facts, although innocently made, if acted on by the other party to his detriment, will constitute a sufficient ground for rescission and cancellation in equity. The real inquiry is not whether the parting making the representation knew it be false, but whether the other party believed it to be true and was misled by it in making the contract' and,

2

whether the misrepresentation is made innocently or knowingly, the effect is the same. It is as conclusive a ground of relief in equity as a willful and false assertion, for it operates as a surprise and imposition on the other party; and in such case the party must be held to his representations." *Sutton v. Cast Crete Corporation of Florida*, 197 So.2d 556 (Fla. 2d DCA 1967).

9. Claimants relied upon the representations of Taylor Morrison and its counsel that Knauf Chinese drywall existed at their residence and specifically opted back into the settlement based upon those very representations. At no point prior to July 2013 were Claimants ever advised that Knauf Chinese drywall was not identified in their home. Claimants, through counsel, specifically contacted counsel for Taylor Morrison to confirm the presence of Knauf Chinese drywall before determining to file and serve Claimants' rescission of their opt-out. As a result, Claimants are entitled to rescission of the opt-in, regardless of whether the aforementioned misrepresentations were knowingly or innocently made. *W.F. Yost v. Rieve Enterprises, Inc.*, 461 So.2d 178 (Fla. 1st DCA 1984).

## CONCLUSION

Based upon the mutual mistake of the parties and/or Taylor Morrison's failure to disclose material facts to Claimants regarding the presence of Knauf drywall in their home, Claimants are entitled to opt-out of the Knauf settlement, cancel the May 5, 2013, Notice rescinding their prior opt-out, proceed directly against Taylor Morrison and other responsible parties, and for all other relief this Court deems fair and just.

CERTIFICATE OF SERVICE

  I HEREBY CERTIFY that the a true and correct copy of the foregoing has been served on counsel of record via regular U.S. Mail and electronic mail, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2047, on this 28 day of August, 2013.

                FERGESON, SKIPPER, SHAW, KEYSER,
                BARON & TIRABASSI, P.A.
                1515 Ringling Boulevard – 10th Floor
                Sarasota, FL  34236
                941-957-1900 / Fax 941-957-1800
                Attorneys for Claimants,
                RAYMOND P. FARLEY and AMELIA J. FARLEY

            BY:_____/s/DAVID S. MAGLICH_____
                DAVID S. MAGLICH
                Florida Bar No. 441708
                dmaglich@fergesonskipper.com

Copies to:

| | |
|---|---|
| Arnold Levin<br>Levin, Fishbein, Sedran & Berman<br>510 Walnut Street – Suite 500<br>Philadelphia, PA  19106<br>alevin@lfsblaw.com | Russ M. Herman<br>Herman, Herman, Katz & Cotlar, LLP<br>820 O'Keefe Avenue<br>New Orleans, LA  70113<br>rherman@hhklawfirm.com |
| Kerry J. Miller<br>Frilot, L.L.C.<br>1100 Poydras Street - Suite 3700<br>New Orleans, LA  70163<br>kmiller@frilot.com | Michael A. Sexton<br>Weinberg Wheeler Hudgins Gunn & Dial, LLC<br>3344 Peachtree Road, NE – Suite 2400<br>Atlanta, GA  30326<br>msexton@wwhgd.com |
| Michael P. Peterson<br>Peterson & Espino, P.A.<br>10631 S.W. 88th Street – Suite 220<br>Miami, FL  33186<br>mpeterson@petersonespino.com | Dorothy Wimberly<br>Stone Pigman Walther Wittman, LLC<br>546 Carondelet Street<br>New Orleans, LA  70130<br>dwimberly@stonepigman.com |
| W. David Conner<br>Haynsworth Sinkler Boyd, P.A.<br>P.O. Box 2048<br>Greenville, SC  29602<br>dconner@hsblawfirm.com | Richard Duplantier<br>Galloway, Johnson, Tompkins, Burr & Smith<br>One Shell Square<br>701 Poydras Street – 40th Floor<br>New Orleans, LA  70139 |

H. Minor Pipes, III
Barrasso Usdin Kupperman Freeman
& Sarver, LLC
909 Poydras Street – Suite 2400
New Orleans, LA 70112
mpipes@barrassousdin.com

Neal A. Sivyer
Sivyer Barlow & Watson, P.A.
Suntrust Financial Center
401 E. Jackson Street – Suite 2225
Tampa, FL 33602
NSivyer@sbwlegal.com

rduplantier@gjtbs.com

Steven Glickstein
Kaye, Scholer, LLP
425 Park Avenue
New York, NY 10022
sglickstein@kayescholer.com