UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

IN RE:                                                             MDL DOCKET: 2047

CHINESE MANUFACTURED DRYWALL                                       SECTION:  L
PRODUCTS LIABILITY LITIGATION
                                                                   JUDGE FALLON
                                                                   MAG. JUDGE WILKINSON

_____/

**TAYLOR MORRISON'S MEMORANDUM OF LAW IN OPPOSITION
TO MOTION TO OPT-OUT OF SETTLEMENT AGREEMENTS
REGARDING CLAIMS IN MDL NO. 2047 BY INDIVIDUAL CLASS
MEMBERS, RAYMOND P. FARLEY AND AMELIA J. FARLEY**

Taylor Morrison of Florida, Inc. ("Taylor Morrison"), through undersigned counsel, hereby files its Memorandum of Law in Opposition to the Motion to Opt-Out of Settlement Agreements Regarding Claims in MDL No. 2047 by Individual Class Members, Raymond P. Farley and Amelia J. Farley filed herein, and states as follows:

1. A Taylor Morrison entity is the builder of the residence owned by the Farleys in Bradenton, Florida.

2. Taylor Morrison provided the Farleys with a warranty at closing relative to the Farleys' home.

**FACTUAL BACKGROUND**

3. In mid 2009, Taylor Morrison provided the Farleys with notice that their home appeared to have defective Chinese drywall and offered to repair the same, pursuant to the warranty. The initial inspection merely identifies the types of drywall from limited areas of the home. There is no identification of which type of drywall is corrosive, nor the amount of said corrosive drywall. Much later, various brands of drywall were specifically identified in the Farleys' home, including Knauf drywall (although not Knauf KPT drywall). Taylor Morrison

offered to make repairs to the Farleys' residence and presented a draft Repair Agreement to the Farleys, outlining the details of the repairs.

4. In a letter dated December 3, 2009, Taylor Morrison, in response to a Chapter 558 notice from the Farleys, repeated its offer to repair the Farleys' residence (in exchange for a release), and also offered to pay the Farleys a per diem relocation and storage allowance. *See* Affidavit of Neal A. Sivyer filed contemporaneously herewith.

5. In a letter dated November 23, 2010, Taylor Morrison responded to a letter from the Farleys' and requested that the Farleys provide access to Taylor Morrison **to determine the type of drywall in their home.** The letter went on to state that the Farleys **"might be eligible to participate in the Knauf pilot program"** if the drywall was manufactured by Knauf**.** Obviously the letter states that counsel is not sure what type of drywall is in the home, let alone the volume or type of Knauf drywall. This letter was omitted from the affidavit of the Farleys' counsel. This letter repeats the offer of Taylor Morrison to make repairs to the Farleys' home.

6. In a letter dated March 15, 2011, Taylor Morrison repeated its offer to repair the Farleys' home (in exchange for a release), and requested that the Farleys allow destructive testing to be performed by Environ International Corp. on March 25, 2011. No such permission was given. Such testing could have identified which drywall was corrosive.

7. The Farleys never accepted the offers to repair and never repaired the residence themselves.

8. Last week, Taylor Morrison reiterated its offer to repair the Farleys' home (in exchange for a release).

9. Two years after being notified of the Chinese drywall, and after no response to the request for further testing by Environ International Corp., on April 13, 2011, the Farleys filed their Complaint in the Twelfth Judicial Circuit in and for Sarasota County, Florida, seeking damages

2

against Taylor Woodrow Homes-Central Florida Division for breach of contract, breach of implied warranty of habitability, breach of implied warranty, and negligent construction. The Complaint alleges personal injury as well as property damage. In response, Taylor Morrison requested an arbitration of the dispute, pursuant to the parties' agreements, but the Farleys refused.

10. On November 20, 2011, after a hearing on Taylor Morrison's Motion to Stay and Compel Arbitration, an Order Granting Defendant's Motion to Stay and Compel Arbitration was entered by the Honorable Diana Moreland, staying the pending circuit court action and ordering the Farleys to submit their claims to arbitration pursuant to the terms of the Limited Warranty incorporated into the Purchase and Sale Agreement between the parties.

11. As of the present date, two years after the Circuit Court compelled arbitration, and four years after being notified of the problem drywall, the Farleys have yet to file an arbitration, have yet to allow Taylor Morrison to repair their residence, or repair it themselves.

12. Based upon information and belief, in the spring of 2013, the Farleys first had discussions with Knauf about potentially participating in the "pilot program" or qualifying for the Knauf settlement.

13. On May 16, 2013, Benchmark Remediation Group issued its inspection summary confirming corrosion of the copper wiring in the home but failing to detect the existence of KPT drywall in the home. Said another way, Knauf board was identified, but not KPT board. Knauf therefore refused to qualify the Farleys under the pilot program or the Knauf settlement.

14. The Farleys now seek to "opt out" of the global settlement, after the deadline, after Taylor Morrison has relied upon all of its homeowners participating, and has paid the administrator for all of its homes, including the Farleys' home.

15.     The Farleys have confused the pilot program (under which Knauf repairs the homes) and the Knauf settlement, with the global settlement (which pays qualifying homeowners a sum of money yet to be determined).

## MEMORANDUM OF LAW

**A.     The Farleys could not have reasonably relied on communications from the adverse party (Taylor Morrison) to assume that all of the reactive board in their home was Knauf KPT board.  Moreover, the Farleys own the home and could test it at any time.**

16.     Any alleged theory of "mutual mistake" is misplaced.  The initial inspection merely identifies various labels of manufacturers of drywall in the Farleys' home.  It cannot be relied upon as to the type or amount of a manufacturer's drywall to determine whether it would qualify under the Knauf pilot program or settlement (which requires a high percentage of KPT board).

17.     The emails attached to the Farleys' motion (and the Benchmark report which was ultimately provided to the Farleys) show that multiple types of drywall were in the Farleys' home, and correctly identifies Knauf drywall as being present, without specifically identifying Knauf KPT drywall.

18.     It is undisputed that regardless of what type of drywall was present, the Farleys refused to allow Taylor Morrison to do the repairs to their home.

**B.     The Knauf pilot program is not related to the global settlement.  No representations were made by Taylor Morrison about whether the Farleys' home would qualify for the Knauf pilot program or the Knauf settlement.**

19.     The Knauf repair program (which requires a high percentage of KPT board) is separate from the global settlement.  The Farleys could not have been "relying upon" Taylor Morrison when determining whether to opt out.  If the Farleys had qualified under the Knauf pilot program, they would not be receiving the benefits under the global settlement.

20.     Taylor Morrison was not even present at the conference with Judge Fallon on the Farleys' opt-out decision and had no communications with the Farleys at the time.

21.     When counsel for the Farleys called in July 2013, Taylor Morrison's counsel reiterated that Knauf drywall was likely present in the Farleys' home; however, he stated that he was not sure whether KPT board was present.

22.     Counsel for Taylor Morrison is obviously not an engineer and did not inspect the Farleys' residence. The Farleys could not have reasonably relied upon these conversations. Moreover, nothing was said that was false. Finally, the Farleys could have tested their own home at any time.

  C.     **The Farleys should not be rewarded for their complete lack of diligence.**

23.     The Farleys have never hired anyone to inspect or test the drywall in their home, four years after retaining counsel. They also have never repaired the home or allowed Taylor Morrison to do so.

24.     The Farleys took four years after receiving notification from Taylor Morrison of Chinese drywall in their home (including Knauf board) to even contact Knauf.

25.     The Farleys were offered a repair by Taylor Morrison four years before they contacted Knauf. What they claim they wanted from Knauf (repairs) was offered four years ago by their builder.

26.     Paragraph 11 of the affidavit of the Farleys' attorney (Mr. Maglich) filed with the Farleys' motion, is false. Taylor Morrison has not refused to remediate the home. Rather, the Farleys want compensation for personal injury and "other damages" and have refused to allow Taylor Morrison to remediate their home. Taylor Morrison remains willing to fix the Farleys' home today (in exchange for a release).

27.     Paragraph 6 of the Affidavit of David Maglich also falsely states that the Farleys did not pursue the litigation against Taylor Morrison because of "the stay imposed by the MDL." That belies common sense, since the Farleys filed their lawsuit two years after the MDL case was

opened. A state court hearing was conducted several months thereafter. As this Court well knows, the MDL did not act as a stay on any state court litigation, absent a specific order.

28. It took the Farleys two years after notification of Chinese drywall to file a lawsuit. Moreover, the Farleys have yet to file an arbitration against Taylor Morrison, two years after being ordered to do so by the Manatee County Circuit Court Judge.

D. **Taylor Morrison relied upon all of its homeowners being a part of the settlement and paid for all of them. It would be unfair to allow a homeowner to opt out past the deadline**.

29. Taylor Morrison has agreed to participate in the global settlement and has paid for all of its homeowners who have not accepted a repair.

30. Allowing the owners of one of its homes to arbitrate or litigate against Taylor Morrison, particularly owners who have taken no action to protect themselves or actively pursue their claims, would be highly prejudicial to Taylor Morrison. Moreover, it could open the floodgates to other homeowners claiming that they expected to receive more benefits under either the Knauf pilot program or the global settlement, or that they changed their minds.

## CONCLUSION

For the foregoing reasons, the Farleys' motion should be denied. The arguments raised in their motion and supporting memorandum simply do not establish mutual mistake or any failure by Taylor Morrison to disclose material facts.

s/ Neal A. Sivyer
Neal A. Sivyer, Florida Bar No. 373745
nsivyer@sbwlegal.com
nasassistant@sbwlegal.com
**SIVYER BARLOW & WATSON, P.A.**
401 East Jackson Street, Suite 2225
Tampa, Florida 33602
Telephone: (813) 221-4242
Facsimile: (813) 227-8598
*Attorneys for Taylor Morrison*

**CERTIFICATE OF SERVICE**

      I HEREBY CERTIFY that a true and correct copy of the foregoing has been served on counsel of record by electronic mail, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2047, on this 10th day of September, 2013.

                                                  s/ Neal A. Sivyer
                                                  Attorney

Copies to:

Arnold Levin
Levin, Fishbein, Sedran & Berman
510 Walnut Street, Suite 500
Philadelphia, PA 19106
alevin@lfsblaw.com

Kerry J. Miller
Frilot, L.L.C.
1100 Poydras Street, Suite 3700
New Orleans, LA 70163
kmiller@frilot.com

Michael P. Peterson
Peterson & Espino, P.A.
10631 S.W. 88th Street, Suite 220
Miami, FL 33186
mpeterson@petersonespino.com

H. Minor Pipes, III
Barrasso Usdin Kupperman Freeman & Sarver, LLC
909 Poydras Street, Suite 2400
New Orleans, LA 70112
mpipes@barrassousdin.com

David S. Maglich
Fergeson, Skipper, Shaw, Keyser, Baron & Tirabassi, P.A.
1515 Ringling Boulevard – 10th Floor
Sarasota, FL 34236
dmaglich@fergesonskipper.com

Russ M. Herman
Herman, Herman, Katz & Cotlar, LLP
820 O'Keefe Avenue
New Orleans, LA 70113
rherman@hhklawfirm.com

Michael A. Sexton
Weinberg Wheeler Hudgins Gunn & Dial, LLC
3344 Peachtree Road, NE, Suite 2400
Atlanta, GA 30326
msexton@wwhgd.com

Dorothy Wimberly
Stone Pigman Walther Wittman, LLC
546 Carondelet Street
New Orleans, LA 70130
dwimberly@stonepigman.com

Steven Glickstein
Kaye, Scholer, LLP
425 Park Avenue
New York, NY 10022
sglickstein@kayescholer.com