IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| ============================== | x | ============================ |
| | x | |
| IN RE: CHINESE-MANUFACTURED | x | MDL NO. 2047 |
| DRYWALL PRODUCTS LIABILITY | x | |
| LITIGATION | x | SECTION: L |
| | x | |
| THIS DOCUMENT APPLIES TO ALL | x | JUDGE FALLON |
| CASES | | |
| | x | MAG. JUDGE WILKINSON |
| | | |
| ============================== | x | ============================ |

**O R D E R**

Considering the Motion to Establish Qualified Settlement Fund by Class Counsel, Russ M. Herman and Arnold Levin, and further considering that on July 9, 2013, the Court entered an Order (1) Certifying Each of Four Chinese Drywall Class Settlements (Nationwide Insureds Settlement Agreement, Porter-Blaine/Venture Supply Settlement Agreement, Tobin Trading and Installers Settlement Agreement, and Builders Mutual Insureds Settlement Agreement) Relating to Virginia and Certain Other Remaining Claims; (2) Granting Final Approval to the Four Chinese Drywall Class Settlements; and (3) Approving an Allocation Plan for the Four Class Settlements [Rec. Doc. 16934] and that the settlements provide substantial benefits to the Class Members and together constitute a significant recovery to the Class Members;

IT IS ORDERED THAT:

1. The Porter-Blaine/Venture Supply Attorney Fee Settlement Fund ("the Porter-Blaine/Venture Supply Attorney Fee Settlement Fund") shall be established as a Qualified Settlement Fund within the meaning of Treasury Regulation

1

Section 1.468B-1 promulgated under Section 468B of the Internal Revenue Code of 1986, as amended ("IRC") and shall be subject to the MDL Court's continuing jurisdiction under Treas. Reg. Section 1.468B-1(c)(1).

2. Esquire Bank[1], a financial institution doing business in New York, (the "Depository Bank") shall be appointed as the financial institution for the Porter-Blaine/Venture Supply Attorney Fee Settlement Fund.  The Depository Bank shall hold and invest the monies deposited into the Porter-Blaine/Venture Supply Attorney Fee Settlement Fund (the "Porter-Blaine/Venture Supply Attorney Fee Settlement Funds") in accordance with this Order.  Garretson Resolution Group ("GRG") and Class Counsel shall be responsible for establishing the account for the Porter-Blaine/Venture Supply Attorney Fee Settlement Fund with the Depository Bank.

3. GRG shall be the administrator of the Porter-Blaine/Venture Supply Attorney Fee Settlement Fund pursuant to Treasury Regulation Section 1.468B-2.

4. The initial deposit in accordance with the Porter-Blaine/Venture Supply Settlement Class and the Order dated July 9, 2013 and any additional deposits shall be made into the Porter-Blaine/Venture Supply Attorney Fee Settlement Fund with the Depository Bank.  The funds may be allocated to sub accounts. The Depository Bank shall maintain separate accounts for each set aside and shall provide separate and consolidated statements in accordance with Section 6(c) of this Order.

---

[1] Class Counsel has informed the Court that members of the Plaintiffs' Steering Committee cumulatively own less than 5% of the issued and outstanding stock in this financial institution and that adequate disclosures have been made and the Court does not find this to be a conflict of interest.

5. GRG shall issue payment from the Porter-Blaine/Venture Supply Attorney Fee Settlement Funds, solely for the purposes set forth in the Porter-Blaine/Venture Supply Settlement Class and the Order dated July 9, 2013.

6. <u>Investment of Funds.</u>

    (a) The Depository Bank is herein directed and instructed to initially invest and reinvest the Porter-Blaine/Venture Supply Attorney Fee Settlement Funds in the investment indicated on Schedule A hereto. The Depository Bank shall provide GRG and Class Counsel with copies of prospectuses and/or disclosure materials associated with the investment vehicle, either through means of hardcopy or via access to the website associated with the investment selected by GRG and Class Counsel. GRG and Class Counsel may provide the Depository Bank with instructions changing the investment of the Porter-Blaine/Venture Supply Attorney Fee Settlement Fund (subject to applicable minimum investment requirements) by the furnishing of a joint written direction to the Depository Bank, provided, however, that no investment or reinvestment may be made except in direct obligations of, or obligations fully guaranteed by, the United States of America or any agency thereof.

    (b) Each of the foregoing investments shall be made in the name of and for the benefit of the Porter-Blaine/Venture Supply Attorney Fee Settlement Fund. Notwithstanding anything to the contrary contained herein, the Depository Bank, with instruction from GRG and Class Counsel, may sell or liquidate any of the foregoing investments at any time if the proceeds thereof are required for any disbursement of Porter-Blaine/Venture

Supply Attorney Fee Settlement Funds permitted or required hereunder. All investment earnings shall become part of the Porter-Blaine/Venture Supply Attorney Fee Settlement Funds and investment losses shall be charged against the Porter-Blaine/Venture Supply Attorney Fee Settlement Funds. The Depository Bank shall not be liable or responsible for loss in the value of any investment pursuant to this Order, or for any loss, fee, cost, tax or penalty resulting from any investment, reinvestment, or any sale or liquidation of the Porter-Blaine/Venture Supply Attorney Fee Settlement Funds. With respect to any Porter-Blaine/Venture Supply Attorney Fee Settlement Funds received by after ten o'clock, a.m., New York, New York, time, the Depository Bank shall not be required to invest such funds or to effect any investment instruction until the next day upon which banks in New York, New York are open for business.

(c) <u>Statements</u>. The Depository Bank shall, on a monthly basis, furnish to GRG, Class Counsel, and Philip Garrett, CPA a statement of (i) each month's deposits and payments, listed separately, into and from the Porter-Blaine/Venture Supply Attorney Fee Settlement Fund, including any sub accounts (ii) the balance of the amounts on deposit in the Porter-Blaine/Venture Supply Attorney Fee Settlement Fund as of the last business day of each month, (iii) the amount of interest or income that has accrued as of such date; and a consolidated statement if sub accounts are established.

(d) <u>IRS Circular 230 Disclosure</u>.  The Depository Bank, its affiliates, partners and its employees are not in the business of providing tax or legal advice to any taxpayer outside of the Depository Bank and its affiliates. This Order and any amendments or attachments are not intended or written to be used, and cannot be used or relied upon, by any such taxpayer or for the purpose of avoiding tax penalties.  Any such taxpayer should seek advice based on the taxpayer's particular circumstances from an independent tax advisor.

(e) The obligation of Porter-Blaine/Venture Supply and its insurers to the Class shall be satisfied by depositing into the Depository Bank the amount of funds specified in the Porter-Blaine/Venture Supply Class Action Settlement.  Porter-Blaine/Venture Supply and its insurers shall not have any liability (whether indirect, incidental, consequential, punitive or special losses or damages, lost profits or otherwise) for any damage, loss or injury resulting from any action or inaction taken by the Depository Bank, GRG or Class Counsel in respect of the Porter-Blaine/Venture Supply Attorney Fee Settlement Fund or for any losses incurred by the Porter-Blaine/Venture Supply Attorney Fee Settlement Funds whether due to investment losses or losses resulting from the status and condition of the Depository Bank.

7. (a) Class Counsel shall cause GRG, on behalf of the QSF (i) to timely file income tax and other returns and statements required to be filed by, or on behalf of, the QSF and to cause the Depository Bank using the Porter-Blaine/Venture Supply Attorney Fee Settlement Funds to timely pay all taxes

5

required to be paid (provided that all such payments shall be made out of the Porter-Blaine/Venture Supply Attorney Fee Settlement Fund and neither GRG nor the Depository Bank shall have individual responsibility for the payment of such taxes), (ii) to comply with all obligations of the QSF as required under the applicable provisions of the IRC and of any state or local law and the regulations promulgated thereunder, (iii) to meet without limitation all requirements necessary to qualify and maintain qualification of the Porter-Blaine/Venture Supply Attorney Fee Settlement Fund as a qualified settlement fund within the meaning of Section 1.468B-1 et seq. of the Treasury Regulations promulgated under Section 468B of the IRC, and (iv) to take no action that could cause the Porter-Blaine/Venture Supply Attorney Fee Settlement Fund to fail to qualify as a qualified settlement fund within the meaning of Section 1.468B-1 et seq. of the Treasury Regulations promulgated under Section 468B of the IRC.

(b) The parties agree that GRG may hire an unrelated party (which may be the Depository Bank or an accountant) to prepare all the tax returns and statements referred to in Section 7(a) herein. In addition, all reasonable costs, expenses, and fees incurred by GRG and such other party in preparing the tax returns and statements shall be reimbursed from the Porter-Blaine/Venture Supply Attorney Fee Settlement Funds apart from any other fees to which GRG or any such other party is entitled to receive under this Order.

8. <u>Concerning the Depository Bank</u>.

(a) <u>Duties of the Depository Bank</u>.  (i) The duties, responsibilities and obligations of the Depository Bank shall be limited to those expressly set forth in this Order and no duties, responsibilities or obligations shall be inferred or implied and the Depository Bank's sole responsibility shall be for the safekeeping and disbursement of the Porter-Blaine/Venture Supply Attorney Fee Settlement Funds in accordance with the terms of this Order, (ii) the Depository Bank shall not be responsible for determining or compelling compliance by others pursuant to this Order, and shall not otherwise be bound thereby, except to the extent specifically set forth in this Order, (iii) the Depository Bank shall not incur any financial or other liability in the performance of any of its duties hereunder, except to the extent specifically set forth in this Order, and (iv) the Depository Bank shall not be obligated to take any legal or other action hereunder which might in its judgment involve or cause it to incur any expense or liability unless it shall have been furnished with acceptable indemnification.

(b) <u>Standard of Care</u>.  The Depository Bank shall be under no duty to afford the Porter-Blaine/Venture Supply Attorney Fee Settlement Funds any greater degree of care than it gives its own similar property.  The Depository Bank shall not be liable for any damage, loss or injury resulting from any action taken or omitted in the absence of gross negligence or willful misconduct.

(c) <u>Limitation on Liability</u>.  Notwithstanding any other provision of this Order, the Depository Bank shall not be liable (i) for any indirect, incidental,

consequential, punitive or special losses or damages, including, but not limited to, lost profits, regardless of the form of action and whether or not any such losses or damages were foreseeable or contemplated, (ii) for the acts or omissions of any nominees, correspondents, designees, agents, subagents or subcustodians, or (iii) for the investment or reinvestment of any Porter-Blaine/Venture Supply Attorney Fee Settlement Funds, or any liquidation of such investment or reinvestment, executed in accordance with the terms of this Order, including, without limitation, any liability for any delays in the investment or reinvestment of the Porter-Blaine/Venture Supply Attorney Fee Settlement Funds, any loss of interest incident to any such delays, or any loss or penalty as a result of the liquidation of any investment before its stated maturity date (except those resulting from its gross negligence or willful misconduct, as adjudicated by the MDL Court).

(d) <u>Reliance</u>.  The Depository Bank shall be entitled conclusively to rely upon any order, judgment, certification, demand, instruction, notice, instrument, certification, consent, authorization, receipt, power of attorney, e-mail, .pdf or other writing delivered to it without being required to determine the authenticity or validity thereof, or the correctness of any fact stated therein or the propriety or validity or the service thereof or the jurisdiction of the MDL Court issuing any judgment or order.  The Depository Bank may act in reliance upon any signature believed by it to be genuine and may assume that any person purporting to make any statement or execute any document in connection with the provisions hereof has been duly authorized to do so.

(e) <u>Consultation</u>.  The Depository Bank may consult with counsel of its selection, and the opinion or advice of such counsel shall be full and complete authorization and protection in respect of any action taken, suffered or omitted by it in good faith and in accordance with the opinion and advice of such counsel to the extent allowed by applicable law, except for actions constituting gross negligence or willful conduct, as adjudicated by the MDL Court.

9. <u>Compensation, Expense Reimbursement and Indemnification</u>.

(a) <u>The Depository Bank's Expenses and Fees</u>.  The Depository Bank shall be entitled to reasonable fees, expenses and costs for its services performed hereunder, which shall be payable by funds in the Porter-Blaine/Venture Supply Attorney Fee Settlement Fund.

(b) <u>Payment for GRG's Expenses and Fees</u>:  GRG's expenses and fees shall be paid pursuant to an Agreement by and among GRG and the PLC. Payment of any taxes due on any income from the investment of the Porter-Blaine/Venture Supply Attorney Fee Settlement Funds pursuant to Section 6 shall be paid from the Porter-Blaine/Venture Supply Attorney Fee Settlement Funds.

(c) <u>Indemnification</u>:   The Depository Bank, its officers, directors, , employees, and agents (collectively, "Indemnified Parties") shall be indemnified and held harmless out of Porter-Blaine/Venture Supply Attorney Fee Settlement Funds from all losses, costs, damages, expenses, liabilities, judgments, and reasonable attorneys' fees and expenses suffered or incurred

9

by the Indemnified Parties or any of them arising out of or in connection with this Order, except that this indemnity obligation shall not apply in the event of the gross negligence or willful misconduct of the Indemnified Parties, or any of them.  The foregoing indemnification and agreement to hold harmless is limited to the amount of the Porter-Blaine/Venture Supply Attorney Fee Settlement Fund and shall survive the resignation or removal of the Depository Bank.

10. Dispute Resolution.

In the event of any disagreement to this Order, or between any of the parties subject to this Order and any other person, resulting in adverse claims or demands being made with respect to the subject matter of this Order, or in the event that the Depository Bank, in good faith, is in doubt as to any action it should take hereunder, the Depository Bank may, at its option, refuse to comply with any claims or demands and refuse to take any other action, so long as such disagreement continues or such doubt exists, and in any such event, the Depository Bank shall not be liable in any way or to any person for its failure or refusal to act, and the Depository Bank shall be entitled to continue to so refuse to act and refrain from acting until (i) with respect to disputes relating to the Porter-Blaine/Venture Supply Settlement Agreement, the rights of all parties having or claiming an interest have been fully and finally resolved by the Special Master or the MDL Court as set forth in Section 13 of the Porter-Blaine/Venture Supply Settlement Agreement, or (ii) with respect to disputes relating specifically to this Order, the rights of all

parties to this Order have been fully and finally resolved by the MDL Court in accordance with Section 14(b) below. The costs and expenses (including attorneys' fees and expenses) incurred by the Depository Bank in connection with such proceedings shall be paid from the Porter-Blaine/Venture Supply Attorney Fee Settlement Fund.

11. <u>Exclusive Benefit</u>.

    This Order shall not be deemed to give, either expressly or implicitly, any legal or equitable right, remedy, or claim to any other entity or person whatsoever. No party may assign any obligations under this Order without amendment to this Order except that the Depository Bank may resign upon the terms described in this Order.

12. <u>Force Majeure</u>.

    Notwithstanding anything contained in this Order to the contrary, the Depository Bank shall not incur any liability for not performing any act or fulfilling any obligation hereunder by reason of any occurrence beyond its control (including, without limitation, any provision of any present or future law or regulation or any act of any governmental authority, any act of God or war or terrorism, or the unavailability of the Federal Reserve Bank wire services or any electronic communication facility).

13. <u>Resignation and Removal</u>.

    (a) Class Counsel may remove the Depository Bank at any time by giving to the Depository Bank and the MDL Court ninety (90) calendar days' prior written notice of removal signed by Class Counsel. The Depository Bank

may resign at any time by giving to Class Counsel and the MDL Court ninety (90) calendar days' prior written notice of resignation. Upon any such notice of resignation or removal, Class Counsel shall appoint a successor to the Depository Bank and give written notice of such successor to the Depository Bank and the Court.

14. Governing Law; Jurisdiction; Waivers.

(a) The rights and obligations of the parties to this Order shall be governed by, construed in accordance with, and all controversies and disputes arising under, in connection with or in relation to this Order shall be resolved pursuant to, the laws of the State of Louisiana applicable to contracts made and to be wholly performed in the State of Louisiana, provided, however that the rights, privileges, protections and immunities of the Depository Bank shall be governed by the laws of the State of New York, without regard to conflicts of law principles thereof.

(b) This Order shall become effective immediately. Notwithstanding any other provision, the jurisdiction of this MDL Court is exclusive over this litigation, the Porter-Blaine/Venture Supply Class, the Class Members and for the determination of all issues pursuant to this Order and the Porter-Blaine/Venture Supply Attorney Fee Settlement Fund including but not limited to administration, supervision, construction and enforcement of same, and also continuing and exclusive jurisdiction over any distributions. The MDL Court shall mean Judge Eldon E. Fallon presiding over MDL 2047 in re: Chinese-Manufactured Drywall Products Liability Litigation.

(c) If there are any conflicts between this Order and any of the Depository Bank forms required by the Depository Bank to establish any financial accounts, the terms of this Order shall govern and shall supersede and replace any such terms contained in the Depository Bank forms.

15. <u>Instructions, Verification, Communications</u>.

(a) All instructions required under this Order shall be delivered to the Depository Bank in writing, in English (including in facsimile form) and, if so requested by the Depository Bank, an original, executed by an authorized person (as hereinafter defined) or an entity acting on its behalf. All notices and instructions shall be effective upon actual receipt. The identity of such authorized persons, as well as their specimen signatures, title, telephone number and telecopy number, shall be delivered to the Depository Bank in the list of authorized signers form as required by the Depository Bank and shall remain in effect until notice in writing of any change thereto (the person(s) so

designated from time to time, the "Authorized Persons") is provided to the Depository Bank.

(b) To help the U.S. government fight the funding of terrorism and money laundering activities, and because Federal law requires all financial institutions to obtain, verify, and record information that identifies each person who opens an account, when an account is opened, the Depository Bank will ask for information that will allow the Depository Bank to identify relevant parties and GRG and Class Counsel shall disclose and comply with all such information disclosure requests from time to time from the Depository Bank.

16. <u>Notices; Wiring Instructions</u>.

(a) Any notice permitted or required hereunder shall be in writing in English, and shall be sent (i) by personal delivery, overnight delivery by a recognized courier or delivery service, or (ii) mailed by registered or certified mail, return receipt requested, postage prepaid, or (iii) confirmed telecopy accompanied by mailing of the original on the same day by first class mail, postage prepaid, in each case addressed to the address and person(s) designated below their respective signature hereto (or to such other address as any such party may hereafter designate by written notice to the other parties). Notices to the Depository Bank shall only be deemed given upon actual receipt by the Depository Bank.  Whenever under the terms hereof the time for giving a notice or performing an act falls upon a Saturday, Sunday, or a banking

holiday in New York, such time shall be extended to the next day on which the Depository Bank is open for business.

(b) Any funds to be paid to or by the Depository Bank hereunder shall be sent by wire transfer pursuant to the following instructions or by such method of payment and pursuant to such instruction as may have been given in advance and in writing to or by the Depository Bank, as the case may be, in accordance with Section 16(a) above:

If to Porter-Blaine/Venture Supply

> Ken F. Hardt
> Mark C. Nanavati
> Sinnott Nuckols & Logan, PL
> 13811 Village Mill Drive
> Midlothian, VA  231154
> khardt@snllaw.com and mnanavati@snllaw.com

If to Participating Insurers

> John P. Malloy
> Robinson & Cole, LP
> 280 Trumbell St.
> Hartford, CT  06103-3597
> jmalloy@rc.com

If to Class Counsel

> Arnold Levin
> Levin, Fishbein, Sedran & Berman
> 510 Walnut Street, Suite 500
> Philadelphia, PA 19106
> Phone:  (215) 592-1500
>
> and
>
> Russ Herman
> Herman, Herman & Katz, LLC
> 820 O'Keefe Avenue, Suite 100
> New Orleans, LA 70113
> Phone:  (504) 581-4892

and

Richard Serpe
580 East Main Street
Suite 310
Norfolk, VA  23510
Phone:  (757) 233-0009

If to GRG:

Matthew Garretson
Garretson Resolution Group
6281 Tri-Ridge Blvd.
Suite 300
Cincinnati, OH  45140

With a copy to:

Sylvius von Saucken
Garretson Resolution Group
6281 Tri-Ridge Blvd.
Suite 300
Cincinnati, OH  45140

If to Esquire Bank:

Ave Doyle
64 Court Street
Brooklyn, NY  11201

17. <u>Winding down.</u>

GRG and Class Counsel are authorized, upon final distribution of all monies paid from the Porter-Blaine/Venture Supply Attorney Fee Settlement Fund, to take appropriate steps to wind down the Porter-Blaine/Venture Supply Attorney Fee Settlement Fund and thereafter the Depository Bank, GRG and Class Counsel are discharged from any further responsibility with respect to the Porter-Blaine/Venture Supply Attorney Fee Settlement Fund, subject, however, to the survival of obligations specifically contemplated in this Order to survive.

16

**IT IS SO ORDERED.**

New Orleans, Louisiana, this __9th__ day of __September__, 2013.

_____
Eldon E. Fallon
United States District Court Judge