UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: CHINESE-MANUFACTURED DRYWALL PRODUCTS LIABILITY LITIGATION | : MDL NO. 2047<br>:<br>: SECTION: L<br>:<br>: JUDGE FALLON |
| Sean and Beth Payton, et al. v. Knauf Gips, KG, et al., Civ. Action No. 09-7628 (E.D.La) OMNI I, I(A), I(B), I(C) | :<br>: MAG. JUDGE WILKINSON<br>: |
| Rogers, et al v. Knauf Gips, KG, et al 10-362 (E.D.La) OMNI IV, IV(A), IV(B), IV(C) | : |
| Wiltz, et al v. Beijing New Building Materials Public Limited Co., et al 10-361 (E.D.La) OMNI II, II(A), II(B), II(C) | : |

## CLASS PLAINTIFFS' CONSOLIDATED RESPONSE TO THE COURT'S ORDER TO SHOW CAUSE

Class Plaintiffs Jacob Raburn, Melissa Raburn, Iridio Orovio, Maria Orovio, Christopher Blanco, Cristina Blanco, Valerie Chavin, Rami Shmuely, Carlos del Burgo, Michael Reinstein, Anthony Raso, Steven Smith and 1100 Valencia, LLC, (collectively the "Plaintiffs"), hereby provide this Consolidated Response to the Court's Order to Show Cause entered on August 27, 2013, and, for the reasons stated herein, respectfully request that the Court not dismiss this action.

1. Despite the settlement of Plaintiffs' claims in this action, the ongoing settlement administration, including the procedures for submitting claims and the remediation of the affected homes, has been a lengthy and uncertain process.

2. Attached hereto as Exhibit A, are letters from individual class plaintiffs outlining the difficulties encountered in obtaining adequate relief pursuant the MDL Settlement and their

1

expressed concerns to counsel's notification to the Court's Order to Show Cause as to why their case should be dismissed before the settlement process is further advanced.

3. Undersigned counsel respectfully submits his client's heart-felt statements of concern and hopes the Court will take them into account in ruling on the pending motion.

WHEREFORE, Plaintiffs respectfully request that this action not be dismissed until a fair and adequate resolution of Plaintiffs' claims has been reached.

## CERTIFICATE OF SERVICE

WE HEREBY CERTIFY that a copy of the foregoing was served upon all parties by electronically uploading the same to Lexis Nexis *File & Serve*, which will send a notice of electronic filing to all interested parties on this 11th day of September, 2013.

**VM DIAZ and PARTNERS, LLC**
119 Washington Avenue, Suite 402
Miami Beach, Florida 33139
Tel: 305-704-3200
Fax: 305-538-4928

By: /s/ Victor M. Diaz Jr.
Victor M. Diaz, Jr., Esq.
Florida Bar No. 503800
victor@diazpartners.com
*Counsel for Plaintiffs*

# EXHIBIT A

September 9, 2013

Honorable Judge Fallon:

Thank you for your dedication and support in trying to bring closure to thousands of homeowners - including my wife Cristina and me - who have been impacted by Chinese Drywall. We were ecstatic earlier this year when we heard that the settlement for the KPT Chinese Drywall MDL had been approved – hoping that this very difficult and long chapter in our lives would soon come to a close. However, things have not been moving as smoothly or as quickly as we would have hoped despite having reached such a tremendous milestone. As such, I am requesting that this case not be dismissed until there is full trust and confidence that significant and sustained progress is being made per the settlement agreement – including the adherence to timelines.

This Chinese Drywall ordeal started for us in 2007 when we moved into our newly-built home and became victims of what has now become an immeasurable amount of hardship over the last six plus years - ranging from the health and financial challenges to the time and opportunities lost. From 2007 – 2009, we were primarily dealing with the health issues that we were having as well as the financial hardship that started as we spent thousands of dollars of our own money trying to understand what was happening to our home and why my wife and I as well as our children were getting sick all of the time. In 2009, when we learned of the Chinese Drywall in our home, we moved out of the property and then took legal action. From 2009 – 2012 as the legal proceedings were underway, we continued to carry the financial burden of keeping an unusable home all the while missing opportunities to move elsewhere for better job opportunities due to being stuck and not wanting to walk away from our home.

In June 2012, we finally received some news that we thought was the "light at the end of the tunnel". Our attorney contacted us regarding an inspection of our home in order to begin the process of remediation under an expanded remediation pilot program. With this news, there was a possibility that we could be back in our remediated house by the end of 2012. We couldn't have been more thrilled. Unfortunately, however, this did not materialize.

From June 2012 – February 2013 we did not see any further progress on the planned remediation of our home. In February we finally heard something again though it was not what we had hoped. We were told that the inspection that had been done in June of last year had to be done again because the first inspector had not completed the inspection report and he was no longer with the inspection company. We graciously agreed to re-inspection despite knowing that the ball had been dropped somewhere along the way and further time and money had been lost.

Based upon the February re-inspection, we were told that the house was 90% Chinese Drywall. Upon reviewing the inspection report, however, we realized that one of the bedrooms (Bedroom #5) was not counted as part of the drywall boards that were inspected - though it had been classified and noted during the inspection that that room did have KPT Drywall. This seemingly minor oversight impacted the calculation, and as a result, the home was categorized as a "Mixed Property" instead of a "KPT Property". This continues to be a pending item perhaps due to many other homes being in queue, but it is now September 2013 - more than one year after our home was initially inspected – and we still do not have the inspection results finalized.

Given what we have been experiencing over the past year with the remediation process of our home, I request that the KPT Chinese Drywall MDL case not be dismissed until further steps are taken to ensure that the settlement is being executed as called for. Cristina and I would like nothing more than to just start anew and finally being able to move on without this burden that we have been carrying all of these years. We are about to have our fourth child, and I recently lost my job. This is always stressful but even more so as the sole income earner and provider who has just been longing to have a safe and habitable home again for his family. Thank you for your consideration and continued support in this matter.

Respectfully,

Christopher Blanco

September 6, 2013

Hon. Eldon E. Fallon
United States District Court
Eastern District of Louisiana
500 Poydras Street, Room C-456
New Orleans, LA 70130

        *Re:*    *Chinese Drywall Litigation*

Dear Judge Fallon,

      It is with profound respect for the American system of jurisprudence and the authority vested in Your Honor as a life-time appointed federal judge that we write this letter to you following notice by our attorneys that the Court seeks to dismiss our pending Chinese drywall claim.

      To give Your Honor a brief history of our claim, this is a multi-million dollar investment property that we, as the principals of 1100 Valencia, LLC., constructed between 2006 - 2008. In 2009, following an inspection request from a proposed purchaser, we discovered that our property contained defective Chinese drywall manufactured by the Knauf Defendants. As Your Honor is aware, the science of remediation was not well developed in 2009 and it took us quite a while to determine the proper remediation protocol. Finally, in 2010 we began the costly and time consuming task of fully remediating our property. The cost, which we alone were forced to bear, was substantial. Equally substantial were the carrying costs for this property, which exceeded half a million dollars!

      In December of 2011, the Knauf Settlement was announced and the terms of same were provided to us by our counsel along with a detailed explanation and extensive review of the efforts to obtain this compromise. We carefully reviewed the settlement terms and realized that the terms were not favorable for an already remediated homeowner who had substantial costs that the settlement agreement categorized as "other losses". We promptly opted out of the proposed settlement. At the request of our counsel, we met with representatives of the Plaintiffs' Steering Committee and again had a long conversation regarding our concerns – which were unresolved.

      Later, at this Court's request and our counsel's urging, and in good faith, we participated in settlement negotiations and mediations with the Knauf Defendants. Ultimately, in March of

this year, we reached a settlement agreement with the Knauf Defendants under the auspices of the now retired Honorable Judge Joseph Farina. The terms of the settlement, which fall within the parameters of the Knauf MDL Settlement, provided a recovery **fall less** than our actual damages suffered; however, certain assurances were made to us that we would be entitled to apply to "the Other Loss Fund" to recover for the substantial damages we incurred which were not covered by our prior settlement agreement and that the process would be "expedited" through the good offices of Your Honor. Judge Farina can confirm the several promises of expedited processing of our claims that were made to us.

Today, we are six months out from our March settlement agreement, and required opt out rescission, with no timetable on recovery under "the Other Loss Fund". It feels like we have, again, fallen victim to Knauf's fraud. To compound this problem, our attorneys have advised us that Your Honor is entertaining a Motion to dismiss our claims. We implore Your Honor not to dismiss our claims until the claims process is completed and until we have received the just compensation that was promised to us and that, quite frankly, we are due.

We have reached out to Florida Senator Bill Nelson and expressed our utter shock at the glacial pace the Knauf Defendants have taken in advancing this settlement. It is clear from their attitude that they do not understand that the plight they have placed upon us and other members of the American public victimized by their actions and inactions. I trust that Your Honor, as a life-time appointed federal judge, will consider these facts together with the years of litigation property owners like us have been forced to endure in order to achieve some sort of minimal recovery before making your decision to dismiss our claim.

Respectfully submitted

_____
Rodney Barreto

_____
Eliseo "Tito" Riera-Gomez

cc: Honorable Judge Joseph Farina