CAP 2013-1

| CHINESE DRYWALL SETTLEMENT PROGRAM CLAIMS ADMINISTRATION PROCEDURE | | | |
|---|---|---|---|
| CAP No. | 2013-1 | Effective Date | August 15, 2013 |
| SUBJECT | Establishment of System for Creating and Tracking Chinese Drywall Settlement Program Claims Administration Procedures | | |

    **1.**    *Purpose.* The Settlement Administrator will, from time to time be required to exercise discretion or develop procedures beyond those outlined in the respective Settlement Agreements involved in the Chinese Drywall Settlement Program (the "Program"). The purpose of this Claims Administrator Procedure ("CAP") is to ensure that claimants, Settling Defendants, and other participants in the Settlement Program understand how the Settlement Administrator will exercise this discretion, and to ensure that Claims processing policies are applied consistently to all claimants. Capitalized terms not otherwise defined in this CAP shall have the meanings given them in the Settlement Agreements.

    **2.**    *Promulgation of CAPs.* When a claims processing question arises under the Settlement Agreements that needs clarification or requires the Settlement Administrator's exercise of discretion, the Settlement Administrator may promulgate a CAP. CAPs shall be consistent with the terms of the Settlement Agreements and with the intent of the Parties to the Settlement Agreements and shall be not be interpreted to be inconsistent with the Settlement Agreements. The Court retains the exclusive and continuing jurisdiction to interpret and enforce the terms and conditions of the Settlement Agreements.

    **3.**    *Process for Implementing CAPs.* The Parties to the Settlement Agreements shall designate one liaison ("Settlement Administrator Liaison") to the Settlement Administrator for purposes of reviewing and approving any proposed CAP. Before implementing a CAP, the Settlement Administrator shall seek the advice and comment of all Settlement Administrator Liaisons. Any objection to the Settlement Administrator must be submitted electronically in writing within 10 calendar days after the Settlement Administrator proposes the CAP. Failure to object within 10 calendar days will be treated as approval of the CAP. If all Settlement Administrator Liaisons approve of the CAP, the Settlement Administrator shall circulate the final CAP to each Liaison for signature. If there is not unanimous agreement to the CAP, the Settlement Administrator shall convene a meeting or telephone conference for the Liaisons to meet and confer. If no resolution is reached, the Settlement Administrator shall direct the Liaisons to file an appropriate motion with the Court, seeking a ruling pursuant to the Court's exclusive jurisdiction.

    **4.**    *Discretion of Settlement Administrator.* Nothing in this CAP shall be construed to limit the authority of the Settlement Administrator to exercise the discretion vested in her by the Settlement Agreements.

    **5.**    *Dissemination of CAPs.* The Settlement Administrator shall deliver to the Court and the Settlement Administrator Liaisons a copy of any new CAP as soon as it is adopted. The

CAP 2013-1

Settlement Administrator shall also maintain a compendium of all CAPs and shall publish them on the Chinese Drywall Settlement Program website at https://www3.browngreer.com/drywall. Finally, the Settlement Administrator shall send notice that a new CAP has been adopted by electronic mail to the Pro Se Curator, unrepresented claimants, and to attorneys registered in the Settlement Administrator's database. The Settlement Administrator shall not be required to verify independently the accuracy of the electronic mail addresses for recipients of this notice.

**6.    *Duration of this CAP*.**  This CAP shall apply to all Claims processed or paid after the Effective Date stated above and shall terminate upon the earlier of: (i) cancellation or modification of this CAP by the Settlement Administrator; or (ii) an order of the Court canceling or modifying the terms of this CAP.  This CAP or any subsequent CAP does not impact any claim or part of any claim that has been previously settled under the Pilot Program or Knauf/PSC Settlement Agreement.

**APPROVED:**

By:    /s/ Leonard Davis                           Date:  August 15, 2013
       Plaintiffs' Steering Committee
       Settlement Agreement Liaison


By:     /s/ Kerry Miller                           Date:  August 15, 2013
       Knauf Defendants
       Settlement Agreement Liaison


By:    /s/ Hilarie Bass                            Date:  August 15, 2013
       Builder Class
       Settlement Agreement Liaison


By:    /s/ Lynn Greer                              Date:  August 15, 2013
       Settlement Administrator