UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In re:  CHINESE-MANUFACTURED | * | MDL Docket No. 2047 |
| DRYWALL PRODUCTS | * | |
| LIABILITY LITIGATION | * | SECTION L |
| | * | |
| | * | JUDGE FALLON |
| This document relates to All Cases | * | |
| | * | MAGISTRATE JUDGE WILKINSON |
| | * | |
| | * | |
| | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

**JOINT REPORT NO.  48 OF
<u>PLAINTIFFS' AND DEFENDANTS' LIAISON COUNSEL</u>**

Plaintiffs' Liaison Counsel ("PLC") and Defendants' Liaison Counsel ("DLC")

submit this Joint Report No. 48.  All Pre-Trial Orders are posted on the court's website located at

www.laed.uscourts.gov which has a tab that links directly to "Drywall MDL".  The Court's

website also includes other postings relevant to the litigation.

I.      <u>PRE-TRIAL ORDERS</u>

The Court has issued the following Pre-Trial Orders:

Pre-Trial Order No. 1 entered June 15, 2009 – Initial Case Management

Pre-Trial Order No. 1A entered August 28, 2009 – Counsel must Enter
Appearances for Served Parties or risk Default Judgment

Pre-Trial Order No. 1B entered October 9, 2009 – Amending Pre-Trial Order No.
1 to clarify the preservation of physical evidence during home remediation.

Pre-Trial Order No. 1C entered November 24, 2009 – Lifting the stay on motion
practice, but continuing all motions filed in the MDL without date.  Pursuant to a

1

November 25, 2009 Order, all motion practice in the *Gross* matter (09-6690) is stayed.

Pre-Trial Order No. 1D entered January 8, 2010 – Clarifies Pre-Trial Order 1C and lifts the stay with regard to responsive pleadings.

Pre-Trial Order No. 1E entered February 12, 2010 – Regarding stay of responsive pleadings in *Gross*.

Pre-Trial Order No. 1F entered March 9, 2010-Clarifying the deadline dates for responsive pleadings, notices of appearance, profile forms, and alleviating the need to file motions for extensions in all cases.

Pre-Trial Order No. 1G entered May 27, 2010-Further clarifying deadlines for notices of appearances, profile forms, and responsive pleadings in all cases.

Pre-Trial Order No. 1H entered October 22, 2010-Regarding the PSC's Notice of Completion to the Omni Complaints

Pre-Trial Order No. 1I entered January 24, 2012 – Preservation of Physical Evidence

Pre-Trial Order No. 2 entered June 16, 2009 – Notice to Transferor Court

Pre-Trial Order No. 2A entered September 18, 2009 – Means of Tracking Remands in MDL 2047

Pre-Trial Order No. 3 entered July 6, 2009 – Designation of Plaintiffs' Liaison Counsel

Pre-Trial Order No. 4 entered July 6, 2009 – Designation of Defendants' Liaison Counsel

Pre-Trial Order No. 5 entered July 6, 2009 – Contact Information

Pre-Trial Order No. 5A entered July 9, 2009 – Counsel Contact Information Form

Pre-Trial Order No. 6 entered July 21, 2009 – Electronic Service (LexisNexis)

Pre-Trial Order No. 7 entered July 27, 2009 – Appointment Defendants' Steering Committee

Pre-Trial Order No. 7A entered August 4, 2009 – Amending PTO 7 re: Defendants' Steering Committee

Pre-Trial Order No. 7B entered August 27, 2009 – Amending PTO 7 re: list containing Defendants' Steering Committee and lists responsibilities for same

Pre-Trial Order No. 8 entered July 28, 2009 – Appointing Plaintiffs' Steering Committee

Pre-Trial Order No. 8A entered January 11, 2011 – Appointing Plaintiffs' Steering Committee for a one year term, beginning January 11, 2011.

Pre-Trial Order No. 8B entered March 19, 2012 – Appointing Plaintiffs' Steering Committee for a one year term, beginning March 19, 2012.

Pre-Trial Order No. 8C entered March 12, 2013 – Appointing Plaintiffs' Steering Committee for a one year term, beginning March 12, 2013.

Pre-Trial Order No. 9 entered July 28, 2009 – Time and Billing Guidelines/Submissions

Pre-Trial Order No. 9A entered March 16, 2012 – Reporting of Common Benefit Time by State Court Counsel.

Pre-Trial Order No. 10 entered August 21, 2009 – All parties to provide PLC or DLC with photographic catalog of markings, brands, endtapes and other identifying markers found in affected homes by August 26, 2009.  PSC and DSC to collect and submit data to the Court and inspection company for TIP a joint catalog of data to assist in training of inspections no later than August 28, 2009.

Pre-Trial Order No. 11 entered August 17, 2009 -  Profile forms to be distributed to appropriate parties and filed and returned on or before September 2, 2009

Pre-Trial Order No. 12 entered August 25, 2009 – Court will prepare final version of Distributor Profile Form.

Pre-Trial Order No. 12A entered August 25, 2009 – Court adopted Distributor Profile Form be distributed to appropriate parties and returned to DLC Kerry Miller on or before 9/8/09, either electronically or by hard copy

Pre-Trial Order No. 13 entered August 27, 2009 – Court institutes and will supervise Threshold Inspection Program (TIP).  Court appoints Crawford & Company to carry out the inspections.

Pre-Trial Order No. 13(A) entered November 24, 2009 – Amending the Threshold Inspection Program (TIP).

3

Pre-Trial Order No. 14 entered September 24, 2009 - Court approves Exporter, Importer or Broker Profile Form, and provides requirements for issuance and return of the form.

Pre-Trial Order No. 14(A) entered October 13, 2009 – Court approves a revised Exporter, Importer or Broker Defendant Profile Form.

Pre-Trial Order No. 15 entered September 25, 2009 – Counsel must provide privilege log for documents withheld in response to discovery requests.  Also, the accidental production of privileged information does not constitute a waiver of the privilege.

Pre-Trial Order No. 16 entered September 25, 2009 – Pertains to the disclosure, use and protection of confidential information produced during the course of this MDL.

Pre-Trial Order No. 17 entered November 2, 2009 – Recognizing and Confirming KPT's Agreement to Accept Service of PSC's Omnibus Class Action Complaint.

Pre-Trial Order No. 18 entered November 5, 2009 – Appointing Phillip A. Wittmann to be the Homebuilders and Installers Liaison Counsel.

Pre-Trial Order No. 19 entered March 18, 2010—Appointing a State and Federal Coordination Committee.

Pre-Trial Order No. 20 entered April 6, 2010 – Appointment of Insurer Steering Committee.

Pre-Trial Order No. 21 entered April 6, 2010 – Retailer Profile Form.

Pre-Trial Order No. 22 entered April 27, 2010 – Privileged communications relating to PTO 20.

Pre-Trial Order No. 23 entered April 27, 2010 – Insurer Profile Form.

Pre-Trial Order No. 24 entered April 27, 2010 – Subpoenas/30(b)(6) depositions issued re insurance.

Pre-Trial Order No. 25 entered November 3, 2011 – Setting November 15, 2011 deadline for submission of profile forms.

Pre-Trial Order No. 26 entered March 29, 2012 – Appointing a self-remediated homes committee, creating a self-remediated homes pilot program, and setting April 28, 2012 deadline for submission of documentation for self-remediated homes.

Pre-Trial Order No. 27 entered September 10, 2013 – Establishment of System for Creating and Tracking Chinese Drywall Settlement Program Claims Administration Procedures.

II.      STATE COURT TRIAL SETTINGS

Judge Botchko has the following case set for trial:

1.      *Robin v. Knauf Plasterboard (Tianjin) Co., Ltd., et al.*, case no. 10-59323 CA 42, set for the two week trial period beginning October 21, 2013.

Judge Victoria Sigler has the following case set for trial:

1.      *Echevarria v. Knauf Plasterboard (Tianjin) Co., Ltd., et al.*, case no. 10-64471 CA 42, set for the two week trial period beginning December 2, 2013.

Judge Hall conducted a hearing on August 13, 2013 for the final approval of the Qualified Settlement Fund allocation in the *Ramirez* and *Torres* cases.  Additionally, Judge Hall has set the following trials in Virginia State Court:

1.      *Eugene and Genalin Caburian v. Deas Construction Company, Inc.*, Case No. CL12-0287, set for trial period beginning March 24, 2014, and will last 4 days.

2.      *Patrick and Jennifer Ryan v. East West Realty, LLC*, Case No. CL10-5100, set for trial period beginning February 10, 2014, and will last 3 days.

3.      *Benjamin Walker v. Victor O. Moncada-Reyes*, Case No. CL09-6720, set for trial period beginning March 24, 2014, and will last 3 days.

The parties will be prepared to discuss the foregoing at the monthly status conference on September 17, 2013.

III.      STATE/FEDERAL COORDINATION

On March 18, 2010, the Court entered Pre-Trial Order No. 19 appointing State and Federal Coordination Committees.  The parties will be prepared to discuss State/Federal coordination at the monthly status conference on September 17, 2013.

IV.     OMNIBUS CLASS ACTION COMPLAINTS

The following is a list of filed Omni Complaints and Complaints in intervention:

Omni I:    *Sean and Beth Payton, et al v. Knauf Gips KG, et al,* Case No. 2:09-cv-07628 (E.D.La.).  Omni IA, IB and IC have been filed.  On August 19, 2013, Class Counsel filed a Motion for Rule to Show Cause Why Settled Claims Should Not Be Dismissed [Rec. Doc. 17011].  The Court issued an Order on August 27, 2013 [Rec. Doc. 17044] setting a show cause date following the status conference on September 17, 2013.  On September 12, 2013, Class Counsel filed a Motion to Substitute Schedules [Rec. Doc. 17091];

Omni II:   *Kenneth and Barbara Wiltz, et al. v. Beijing New Building Materials Public Limited Co., et al.*, Civil Action No.10-361(E.D.La.).  Omni IIA, IIB and IIC have been filed.  On August 19, 2013, Class Counsel filed a Motion for Rule to Show Cause Why Settled Claims Should Not Be Dismissed [Rec. Doc. 17012].  The Court issued an Order on August 27, 2013 [Rec. Doc. 17056] setting a show cause date following the status conference on September 17, 2013.  On September 12, 2013, Class Counsel filed a Motion to Substitute Schedules [Rec. Doc. 17092];

Omni III:  *Gross, et al. v. Knauf Gips, K.G., et al.*, Case No. 09-6690 (E.D.La.), the PSC filed a Motion in Intervention (attaching a proposed Complaint in Intervention, *Mary Anne Benes, et al. v. Knauf Gips, K.G., et al.,* (E.D.La.) (Omni III).  Omni IIIA has been filed.  On August 19, 2013, Class Counsel filed a Motion for Rule to Show Cause Why Settled Claims Should Not Be Dismissed [Rec. Doc. 17013].  The Court issued an Order on August 27, 2013 [Rec. Doc. 17045] setting a show cause date following the status conference on September 17, 2013.  On September 12, 2013, Class Counsel filed a Motion to Substitute Schedules [Rec. Doc. 17093];

Omni IV:   *Joyce W. Rogers, et al. v. Knauf Gips, K.G., et al.*, Case No. 10-362 (E.D.La.) (Omni IV).  Omni IVA, IVB and IVC have been filed.  On August 19, 2013, Class Counsel filed a Motion for Rule to Show Cause Why Settled Claims Should Not Be Dismissed [Rec. Doc. 17014]  The Court issued an Order on August 27, 2013 [Rec. Doc. 17046] setting a show cause date following the status conference on September 17, 2013;

Omni V:    *Amato v. Liberty Mutual Ins. Co., et al.*, Case No. 10-932.  On August 19, 2013, Class Counsel filed a Motion for Rule to Show Cause Why Settled Claims Should Not Be Dismissed [Rec. Doc. 17015].  The Court issued an Order on August 27, 2013 [Rec. Doc. 17047] setting a

show cause date following the status conference on September 17, 2013.   On September 12, 2013, Class Counsel filed a Motion to Substitute Schedules [Rec. Doc. 17094];

Omni VI:   *Charlene and Tatum Hernandez v. AAA Insurance*, Case No. 10-3070. This Omni VI Complaint has been dismissed;

Omni VII: *Kenneth Abel v. Taishan Gypsum Co., Ltd., et al,* No. 11-080.   On August 19, 2013, Class Counsel filed a Motion for Rule to Show Cause Why Settled Claims Should Not Be Dismissed [Rec. Doc. 17016].   The Court issued an Order on August 27, 2013 [Rec. Doc. 17048] setting a show cause date following the status conference on September 17, 2013.   On September 12, 2013, Class Counsel filed a Motion to Substitute Schedules [Rec. Doc. 17095];

Omni VIII: *Daniel Abreu v. Gerbrueder Knauf, et al,* No. 11-252.   On August 19, 2013, Class Counsel filed a Motion for Rule to Show Cause Why Settled Claims Should Not Be Dismissed [Rec. Doc. 17017].   The Court issued an Order on August 27, 2013 [Rec. Doc. 17049] setting a show cause date following the status conference on September 17, 2013.   On September 12, 2013, Class Counsel filed a Motion to Substitute Schedules [Rec. Doc. 17096];

Omni IX:   *Laura Haya, et al, v. Taishan Gypsum Co., Ltd., et al,* No. 11-1077. On August 19, 2013, Class Counsel filed a Motion for Rule to Show Cause Why Settled Claims Should Not Be Dismissed [Rec. Doc. 17018].   The Court issued an Order on August 27, 2013 [Rec. Doc. 17050] setting a show cause date following the status conference on September 17, 2013.   On September 12, 2013, Class Counsel filed a Motion to Substitute Schedules [Rec. Doc. 17097];

Omni X:   *Block v. Gebrueder Knauf Verwaltungsgesellschaft KG, et al,* No. 11-1363.   On August 19, 2013, Class Counsel filed a Motion for Rule to Show Cause Why Settled Claims Should Not Be Dismissed [Rec. Doc. 17019].   The Court issued an Order on August 27, 2013 [Rec. Doc. 17051] setting a show cause date following the status conference on September 17, 2013.   On September 12, 2013, Class Counsel filed a Motion to Substitute Schedules [Rec. Doc. 17098];

Omni XI:   *Benoit, et al v. Lafarge, S.A., et al,* No. 11-1893.   On August 19, 2013, Class Counsel filed a Motion for Rule to Show Cause Why Settled Claims Should Not Be Dismissed [Rec. Doc. 17020].   The Court issued an Order on August 27, 2013 [Rec. Doc. 17052] setting a show cause date for Rec. Doc. 17020 following the status conference on September 17, 2013.   On August 29, 2013 the Plaintiffs' Steering Committee filed a Motion for Rule to Show Cause Why the Omni XI

Complaint Should Not Be Dismissed [Rec. Doc. 17043]. The Court issued an Order on September 9, 2013 [Rec. Doc. 17059] setting a show cause date for Rec. Doc. 17043 following the status conference on September 17, 2013;

Omni XII:   *Arndt, et al v. Gebrueder Knauf Verwaltungsgesellschaft, KG, et al,* No. 11-2349. On August 19, 2013, Class Counsel filed a Motion for Rule to Show Cause Why Settled Claims Should Not Be Dismissed [Rec. Doc. 17021]. The Court issued an Order on August 27, 2013 [Rec. Doc. 17053] setting a show cause date following the status conference on September 17, 2013;

Omni XIII:   *Richard and Constance Almeroth, et al, v. Taishan Gypsum Co., Ltd., et al,* No. 12-0498. On August 19, 2013, Class Counsel filed a Motion for Rule to Show Cause Why Settled Claims Should Not Be Dismissed [Rec. Doc. 17022]. The Court issued an Order on August 27, 2013 [Rec. Doc. 17054] setting a show cause date following the status conference on September 17, 2013. On September 12, 2013, Class Counsel filed a Motion to Substitute Schedules [Rec. Doc. 17099];

Omni XIV:   *Jessica Cassidy, et al v. Gebrueder Knauf Verwaltungsgesellschaft, KG, et al,* No. 11-3023. On August 19, 2013, Class Counsel filed a Motion for Rule to Show Cause Why Settled Claims Should Not Be Dismissed [Rec. Doc. 17023]. The Court issued an Order on August 27, 2013 [Rec. Doc. 17055] setting a show cause date following the status conference on September 17, 2013;

Omni XV:   *Eduardo and Carmen Amorin, et al v. Taishan Gypsum Co., Ltd. f/k/a Shandong Taihe Dongxin Co., Ltd., et al,* No. 11-1672.

Omni XVI:   *Eduardo and Carmen Amorin, et al v. Taishan Gypsum Co., Ltd. f/k/a Shandong Taihe Dongxin Co., Ltd., et al,* No. 11-1395.

Omni XVII:   *Eduardo and Carmen Amorin, et al v. Taishan Gypsum Co., Ltd. f/k/a Shandong Taihe Dongxin Co., Ltd., et al,* No. 11-1673.

Omni XVIII:   *Paul Beane, et al v. Gebrueder Knauf Verwaltungsgesellschaft, KG, et al,* No. 13-609. On June 6, 2013, the PSC filed a Motion for Leave to File Plaintiffs' First Supplemental and Amended Omnibus Class Action Complaint (XVIII) [Rec. Doc. 16892], which was granted on June 10, 2013 [Rec. Doc. 16896]. On June 10, 2013, the PSC filed a Motion for Leave to File Plaintiffs' Second Supplemental and Amended Omnibus Class Action Complaint (XVIII) [Rec. Doc. 16895], which was granted on June 11, 2013 [Rec. Doc. 16906]. On July 8, 2013, the PSC filed a Motion for Leave to File Plaintiffs' Third

Supplemental and Amended Omnibus Class Action Complaint (XVIII) [Rec. Doc. 16933], which was granted on July 9, 2013 [Rec. Doc. 16935]. On July 30, 2013, the PSC filed a Motion for Leave to File Plaintiffs' Fourth Supplemental and Amended Omnibus Class Action Complaint (XVIII) [Rec. Doc. 16965], which was granted on July 31, 2013 [Rec. Doc. 16970]. On July 31, 2013, the PSC filed a Motion for Leave to File Plaintiffs' Fifth Supplemental and Amended Omnibus Class Action Complaint (XVIII) [Rec. Doc. 16967], which was granted on August 13, 2013 [Rec. Doc. 17004].

On April 5, 2013, the PSC filed a Rule 6(b) Motion for Extension of Time for Service of Process Under Rule 4(m) [Rec. Doc. 13567].

## V.    PLAINTIFFS' MOTIONS TO ESTABLISH A PLAINTIFFS' LITIGATION FEE AND EXPENSE FUND

On March 22, 2011, the PSC filed a Motion to Establish a Court Supervised Account for Voluntary Deposit of Funds to Compensate and Reimburse Common Benefit Counsel [Rec. Doc. 8308].   The PSC filed the motion because many of the settling parties have approached the PSC about the prospect of setting aside a portion of the settlement proceeds to preserve a *res* to compensate and reimburse common benefit counsel.  On April 13, 2011, the Court entered an Order directing that any party may voluntarily deposit seventeen percent (17%) of settlement proceeds for comment benefit fees (12%) and costs (5%) into the registry of the Court [Rec. Doc. 8545.]   A number of voluntary deposits have been made to the Clerk of Court pursuant to the motion.

## VI.    PILOT PROGRAM

On October 14, 2010, Knauf and the PSC announced the creation of a 300 home remediation pilot program.  The Settlement Agreement for the pilot program can be found on the Court's website at www.laed.uscourts.gov. The agreed contractor, Moss & Associates, has begun estimating the cost of remediation for a number of homes, and continues to do so as Homeowner Affirmations are received from pilot program claimants.  Remediation is complete on 1,645

9

homes and condominiums, work has begun on 218 homes and condominiums, and 86 more remediations are set to begin soon.   Homeowners and/or counsel with questions about remediations are encouraged to call the helpline created by Moss & Associates at 1-888-91 MOSSUSA (1-888-916-6778).

To date, Moss has mailed out 2,776 Work Authorization packets to homeowners in the various states.  Moss has received 2,203 executed Work Authorization packets, and 286 Work Authorization packets are outstanding.  Moss and the PSC have contacted certain lawyers regarding the status of the outstanding Work Authorization packets.  All counsel are requested to return the outstanding Work Authorization packets to Moss as soon as possible, or to provide reasons as to why the packets have not yet been returned to Moss, for example, (1) the home was foreclosed on by a lienholder, (2) the home was sold by the homeowner, (3) the homeowner has not yet chosen a settlement option, or (4) the homeowner doesn't wish to pursue relief under the settlement,

The parties will be prepared to discuss this further at the monthly status conference on September 17, 2013.

VII.   INEX, BANNER, KNAUF, L&W and GLOBAL SETTLEMENTS

On February 7, 2013, the Court entered an Order and Judgment:  (1) Certifying the INEX, Banner, Knauf, L&W, and Global Settlement Classes, and (2) Granting Final Approval to the INEX, Banner, Knauf, L&W, and Global Settlements [Rec. Doc. 16570].  On February 19, 2013, the Court issued an Order Correcting Clerical Error [Rec. Doc. 16580] in the February 7, 2013 Order [16570].

On March 13, 2013, the PSC and Settlement Class Counsel filed a Motion for an Order:  (1) Appointing Allocation Committees for the INEX and Global Settlements; and (2)

10

Approving Allocation Plans for the INEX, Banner and Global Settlements [Rec. Doc. 16609]. On March 15, 2013, the Court entered an Order and Judgment: (1) Appointing Allocation Committees for the INEX and Global Settlements; and (2) Approving Allocation Plans for the INEX, Banner and Global Settlements [Rec. Doc. 16616]. On April 24, 2013, the Court entered an Order and Judgment (1) Appointing Allocation Committees for the INEX and Global Settlements; and (2) Approving Allocation Plans for the INEX, Banner and Global Settlements [Rec. Doc. 16782].

The registration period for the Knauf, Banner, INEX, Global, and/or L&W Class Settlements expired on July 8, 2013. On May 23, 2013, the Court issued an Order [Rec. Doc. 16877] outlining the process for submission of claims, which process began on May 27, 2013 and pursuant to Order issued on July 26, 2013, the submission period will close on September 30, 2013 [Rec. Doc. 16961]. Claims submission can be accomplished through the website located at https://chinesedrywallclass.com or through chinesedrywallregistration@browngreer.com.

BrownGreer, the court appointed Settlement Administrator, has had several telephone and in-person meetings with various counsel to address issues regarding the claims process. A representative from BrownGreer will be present at the status conference to address settlement claims issues. On September 12, 2013, BrownGreer filed a Notice of Approved Claims Administrator Procedures [Rec. Doc. 17090], which included:

1.  CAP 2013-1 – Establishes a CAP process and sets out the procedures for issuing CAPs.

2.  CAP 2013-2 - Sets out a detailed explanation of how the Settlement Administrator will review claims for indicia of Chinese Drywall and other facts related to builder, supplier and installer information for an Affected Property and adopts an Affected Property Information Affidavit for use by

Claimants who do not have documentary evidence of their builder, supplier or installer.

3.  CAP 2013-3 -  Sets out a detailed explanation of the procedure that the Settlement Administrator will follow in processing incomplete claims, including establishment of time frames to cure deficiencies.

Various motions for dismissals of claims brought against settling defendants have been filed with the Court (see Section IV herein).  Parties in state court proceedings are also encouraged to begin the process of dismissing cases.

On August 12, 2013, a Joint Notice of Filing of Settlement Documents was filed by PLC and DLC [Rec. Doc. 16978] attaching the Settlement Agreement Regarding Post-December 9, 2011 Claims Against the Knauf Defendants in MDL No. 2047, with attached exhibits.

On August 19, 2013, Class Counsel filed a Motion to Establish Various Qualified Settlement Funds (QSFs) and to Appoint Fund Administrator and Depository Bank relating to the Global, Knauf, Banner, InEx and L&W Settlements [Rec. Doc. 17009].  On September 9, 2013, the Court issued various Orders approving the QSFs [Rec. Docs. 17064 thru 17076].  A representative of the Depository Bank (Esquire Bank) will be present at the monthly status conference on September 17, 2013.  Further, representatives of Deutsch Bank and U.S. Bank will also be present at the monthly status conference.

The parties will be prepared to discuss these matters further at the status conference on September 17, 2013.

VIII.   SHARED COSTS FUND

On December 28, 2011, the Plaintiffs' Steering Committee filed a Motion to Establish a Shared Costs Fund [Rec. Doc. 12086] in compliance with the Knauf Settlement.  On December 29, 2011, the Court entered an Order [Rec. Doc. 12102] authorizing Russ M. Herman,

Plaintiffs' Liaison Counsel, and Arnold Levin, Plaintiff's Lead Counsel, to establish a Shared Costs Fund with Esquire Bank. The Shared Costs Fund has been established. On July 3, 2012, the PSC filed a Second Motion for Disbursement of Funds From the MDL 2047 PSC Shared Costs Fund (For Expenses) [Rec. Doc. 15209]. On July 9, 2012, the Court entered an Order granting the motion [Rec. Doc. 15231]. On November 9, 2012, the PSC filed a Third Motion for Disbursement of Funds From the MDL 2047 PSC Shared Costs Fund [Rec. Doc. 16145]. On November 29, 2012, the Court entered an Order granting the motion [Rec. Doc. 16329]. On January 16, 2013, the PSC filed a Fourth Motion for Disbursement of Funds From the MDL 2047 Costs Fund [Rec. Doc. 16506]. On February 4, 2013, the Court entered an Order granting the motion [Rec. Doc. 16555].

The parties will be prepared to discuss this further at the monthly status conference on September 17, 2013.

## IX.   TAISHAN DEFENDANTS

On September 4, 2012, the Court issued an Order & Reasons [Rec. Doc. 15755] denying Defendant Taishan Gypsum Co., Ltd.'s Renewed Motion to Vacate the Default Judgment and Dismiss the Complaint [Rec. Doc. 13490] relating to *Germano, et al vs. Taishan Gypsum Co., Ltd., et al* (EDLA No. 09-6687), Renewed Motion Pursuant to Rules 55(C) and 12(B)(2) to Vacate Entry of Default and Dismiss This Action [Rec. Doc. 13566] relating to *The Mitchell Co., Inc. vs. Knauf Gips KG, et al* (EDLA No. 09-4115), and Motion Pursuant to Rule 12(B)(2) to Dismiss the Complaint relating to *Gross vs. Knauf Gips KG, et al* (EDLA No. 09-6690) [Rec. Doc. 13590] and *Wiltz vs. Beijing New Building Materials Public, Ltd. Co., et al* (EDLA No. 10-361) [Rec. Doc. 13591]. In addition, Judge Farina issued an Order on August 31, 2012 denying Taishan Gypsum Co., Ltd.'s Motion to Vacate the Entry of Default and to

Dismiss the Complaint, in the matter of *Lennar Homes, LLC, et al vs. Knauf Gips KG, et al*, In the Circuit Court of the Eleventh Judicial Circuit in and for Miami-Dade County, Florida, Chinese Drywall Division, Case No.:  09-07901 CA 42.  On October 24, 2012, Taishan Gypsum Co. Ltd. and Tai'an Taishan Plasterboard Co., Ltd. filed a Petition for Permission to Appeal Pursuant to 28 U.S.C. § 1292(B) with the United States Court of Appeals, Fifth Circuit, in the *Gross vs. Knauf Gips KG, et al* matter.  On October 25, 2012, Taishan Gypsum Co. Ltd. and Tai'an Taishan Plasterboard Co., Ltd. filed a Petition for Permission to Appeal Pursuant to 28 U.S.C. § 1292(B) with the United States Court of Appeals, Fifth Circuit, in the *Wiltz vs. Beijing New Building Materials Public, Ltd. Co., et al* matter. On October 26, 2012, Taishan Gypsum Co. Ltd. filed a Petition for Permission to Appeal Pursuant to 28 U.S.C. § 1292(B) with the United States Court of Appeals, Fifth Circuit, in *The Mitchell Co., Inc. vs. Knauf Gips KG, et al* matter.

On September 14, 2012, Taishan Gypsum Co., Ltd. filed a Motion Pursuant to 28 U.S.C. § 1292(b) to Certify the Court's Order & Reasons for Interlocutory Appeal and Stay Further Proceedings Pending the Appeal in the *The Mitchell Co., Inc. vs. Knauf Gips KG, et al* (EDLA No. 09-4115) matter [Rec. Doc. 15812].  On September 14, 2012, Taishan Gypsum Co., Ltd. and Tai'an Taishan Plasterboard Co., Ltd. filed a Motion Pursuant to 28 U.S.C. § 1292(b) to Certify the Court's Order & Reasons for Interlocutory Appeal and Stay Further Proceedings Pending the Appeal in the *Gross vs. Knauf Gips KG, et al* (EDLA No. 09-6690) and *Wiltz vs. Beijing New Building Materials Public, Ltd. Co., et al* (EDLA No. 10-361) matters [Rec. Doc. 15813].  On October 16, 2012, the Court issued an Order & Reasons granting these Motions [Rec. Doc. 15952].

On October 24, 2012, Taishan Gypsum Co. Ltd. and Tai'an Taishan Plasterboard Co., Ltd. filed a Petition for Permission to Appeal Pursuant to 28 U.S.C. § 1292(B) with the United States Court of Appeals, Fifth Circuit, in the *Gross vs. Knauf Gips KG, et al* matter.  On October 25, 2012, Taishan Gypsum Co. Ltd. and Tai'an Taishan Plasterboard Co., Ltd. filed a Petition for Permission to Appeal Pursuant to 28 U.S.C. § 1292(B) with the United States Court of Appeals, Fifth Circuit, in the *Wiltz vs. Beijing New Building Materials Public, Ltd. Co., et al* matter. On October 26, 2012, Taishan Gypsum Co. Ltd. filed a Petition for Permission to Appeal Pursuant to 28 U.S.C. § 1292(B) with the United States Court of Appeals, Fifth Circuit, in *The Mitchell Co., Inc. vs. Knauf Gips KG, et al* matter.  On December 4, 2012, the Fifth Circuit granted Taishan's Motion for Leave to Appeal. The case number for the Fifth Circuit Court of Appeals regarding the *Gross, Mitchell* and *Wiltz* matters is No. 12-31213.    The appellant brief in *Gross* was filed on May 17, 2013 [Document: 00512246351], the appellee brief was filed on June 19, 2013 [Document:  00512279836], and the appellant reply brief was filed on July 22, 2013 [Document:  00512316261]; the appellant brief in *Mitchell* was filed on May 30, 2013 [Document:  00512258023], the appellee brief was filed July 2, 2013 [Document: 00512295361], and the appellant reply brief was filed on August 2, 2013 [Document: 00512329973]; and the appellant brief in *Wiltz* was filed on June 13, 2013 [Document: 00512273386], the appellee brief was filed on August 6, 2013 [Document:  00512332769], and the appellant reply brief was filed on September 3, 2013 [Document:  00512360942].  Amicus briefs were filed in the *Mitchell* matter on July 9, 2013 by the PSC [Document:  00512300168], Citizens of Florida [Document:   00512301726], Lennar Homes, LLC and U.S. Home Corporation [Document:  00512301726].

On October 2, 2012, Taishan Gypsum Co., Ltd. f/k/a Shandong Taihe Dongxin Co., Ltd. filed a Notice of Appeal in the *Germano, et al vs. Taishan Gypsum Co., Ltd., et al* (EDLA No. 09-6687) [Rec. Doc. 15871]. On October 16, 2012, this appeal (5th Cir. Case No. 12-31017) was consolidated with the previous appeal in *Germano* (5th Cir. Case No. 10-30568). On March 28, 2013, Taishan filed its Appellant Brief in *Germano* with the Fifth Circuit [Document 00512191168], and on April 30, 2013, the PSC filed their Appellee Brief [Document 00512224614]. On May 7, 2013 the United States Senators and Congressmen, as well as the National Association of Home Builders [Document 00512233922], filed Amicus Curiae Briefs. On May 14, 2013 the United States Senators and Congressmen filed a corrected Amicus Curiae brief [Document 00512240187] after receiving leave of court. Taishan filed its reply brief in *Germano* on May 31, 2013 [Document 00512259626]. On August 21, 2013, the Court set this case for oral argument before the United States Fifth Circuit Court of Appeals on Wednesday, October 9, 2013.

The PSC has recently filed three complaints, (1) *Eduardo and Carmen Amorin, et al v. Taishan Gypsum Co., Ltd., f/k/a Shandong Taihe Dongxin Co., Ltd., et al,* No. 2:11-cv-377, United States District Court, Eastern District of Virginia; (2) *Eduardo and Carmen Amorin, et al v. Taishan Gypsum Co., Ltd., f/k/a Shandong Taihe Dongxin Co., Ltd., et al,* No. 1:11-cv-22408-MGC, United States District Court, Southern District of Florida; and (3) *Eduardo and Carmen Amorin, et al v. Taishan Gypsum Co., Ltd., f/k/a Shandong Taihe Dongxin Co., Ltd., et al,* No. 2:11-cv-1395, United States District Court, Eastern District of Louisiana, against Taishan and allegedly related companies that the PSC claims reinforces the purposeful availment of these companies to federal jurisdiction by marketing their products to the United States. These cases will be served pursuant to the Hague Convention in due course. The *Amorin* complaints filed in

Florida and Virginia were transferred to the MDL on July 19, 2011 and all three have been filed into the record as Omnibus Class Action Complaints in Intervention (see Section VI above).

On September 27, 2012, Plaintiffs filed a Motion for Preliminary Default Judgment against CNBM USA Corp. and BNBM of America, Inc. in the matter of *Eduardo and Carmen Amorin, et al v. Taishan Gypsum Co., Ltd., f/k/a Shandong Taihe Dongxin Co., Ltd., et al,* No. 2:11-cv-1395[Rec. Doc. 15847]. The matter is not yet set for hearing.

On September 11, 2013, the appeal filed with the Third District Court of Appeal, State of Florida, in the *Taishan Gypsum Co., Ltd. v. Lennar Homes, LLC,* No. 3D12-2591, Lower Tribunal No. 09-7901, matter was AFFIRMED.

## X. VENTURE SUPPLY & PORTER BLAINE DEFENDANTS

On January 15, 2013, the Court entered a Minute Entry [Rec. Doc. 16505] granting (1) Preliminarily Approving Each of Four Chinese Drywall Class Settlements (Nationwide Insureds Settlement Agreement, Porter-Blaine/Venture Supply Settlement Agreement, Tobin Trading and Installers Settlement Agreement, and Builders Mutual Insureds Agreement) Relating to Virginia and Certain Other Remain Claims; Conditionally Certifying the Settlement Classes and  Approving the Form Notice to Class Members.

On May 8, 2013, the Plaintiffs filed a Motion for an Order (1) Certifying Each of Four Chinese Drywall Class Settlements (Nationwide Insureds Settlement Agreement, Porter-Blaine/Venture Supply Settlement Agreement, Tobin Trading and Installers Settlement Agreement, and Builders Mutual Insureds Settlement Agreement) Relating to Virginia and Certain Other Remaining Claims; (2) Granting Final Approval to the Four Chinese Drywall Class Settlements; and (3) Approving an Allocation Plan for the Four Class Settlements [Rec. Doc. 16806].  On July 9, 2013, the Court entered an Order (1) Certifying Each of Four Chinese

Drywall Class Settlements (Nationwide Insureds Settlement Agreement, Porter-Blaine/Venture Supply Settlement Agreement, Tobin Trading and Installers Settlement Agreement, and Builders Mutual Insureds Settlement Agreement) Relating to Virginia and Certain Other Remaining Claims; (2) Granting Final Approval to the Four Chinese Drywall Class Settlements; and (3) Approving an Allocation Plan for the Four Class Settlements [Rec. Doc. 16934].  On July 12, 2013, Class Counsel filed a Motion to Approve Funding, Administration and Special Master Services [Rec. Doc. 16939] and the Court entered an Order granting the motion on July 19, 2013 [Rec. Doc. 16956].

On August 19, 2013, Class Counsel filed a Motion to Establish Various Qualified Settlement Funds (QSFs) and to Appoint Fund Administrator and Depository Bank (Virginia Settlements) [Rec. Doc. 17010].   On September 9, 2013, the Court issued various Orders approving the QSFs [Rec. Docs. 17077 thru 17084].  A representative of the Depository Bank (Esquire Bank) will be present at the monthly status conference on September 17, 2013.

XI.   HOBBIE, ET AL V. RCR HOLDINGS, II., LLC, ET AL (SETTLEMENT)

On July 30, 2013, a Joint Motion for an Order (1) Granting Final Approval of the Settlement Agreement Regarding Claims Against Coastal Construction of South Florida, Inc. Related to Villa Lago at Renaissance Commons in MDL 2047; (2) Certifying the Settlement Class; and (3) Appoint Class Counsel [Rec. Doc. 16964] was filed with the Court.  On August 20, 2013, the Court held the Final Fairness Hearing for this settlement..  On September 9, 2013, the Court entered an Order and Judgment Certifying the Coastal Settlement Class, Appointing Class Counsel, and Granting Final Approval of the Settlement Regarding Claims Against Coastal Construction of South Florida, Inc. Related to Villa Lago at Renaissance Commons in MDL No. 2047 [Rec. Doc. 17063].  On September 12, 2013, the Court issued an Order withdrawing the

approval of the settlement pending the completion of the 90 day CAFA time period [Rec. Doc. 17100].

## XII.  PLAINTIFF AND DEFENDANT PROFILE FORMS

On November 3, 2011, the Court entered Pre-Trial Order No. 25 [Rec. Doc. 11151] setting a deadline of November 15, 2011 for the completion and submission of profile forms.  On February 6, 2012, the PSC filed a Motion to Compel or Alternatively For Sanctions in Accordance With PreTrial Order No. 25 for Certain Defendants to Produce Completed Profile Forms [Rec. Doc. 12435].  On February 22, 2012, the PSC filed a First Notice of Errata to the Motion to Compel or Alternatively For Sanctions in Accordance with PreTrial Order No. 25 for Certain Defendants to Produce Completed Profile Forms [Rec. Doc. 12548].

## XIII.  FREQUENTLY ASKED QUESTIONS

The "MDL FAQs" may be found at www.laed.uscourts.gov/Drywall/FAQ.htm. Liaison counsel reminds the parties to review the FAQs before contacting Liaison Counsel.  The parties will be prepared to discuss this issue at the monthly status conference on September 17, 2013.

## XIV.  MATTERS SET FOR HEARING FOLLOWING THE CURRENT STATUS CONFERENCE

1.  Order to Show Cause that: 1. Any party disputing that their claims should not be dismissed against any settling defendant shall appear before this Court on September 17, 2013 at 9:00a.m. to explain why their claims should not be dismissed; 2. Any party intending to pursue their claim against a Remaining Defendant shall appear before this Court on September 17, 2013 at 9:00a.m. to explain their willingness to maintain their claim against any Remaining Defendant relating to Omnis I, II, III, IV, V, VII, VIII, IX, X, XI, XII, XIII and XIV [Rec. Docs. 17044 thru 17056].

2.  Order to Show Cause that any party disputing that their claims should not be dismissed within the Omni XI Complaint shall appear before this Court on September 17, 2013 to explain why their claims should not be dismissed [Rec. Doc. 17059].

XV.   *PRO SE* CLAIMANTS

On November 8, 2011, the Court issued an Order [Rec. Doc. 11327] appointing Robert M. Johnston of Johnston, Hoefer, Holwadel & Eldridge, 400 Poydras Street, Suite 2450, New Orleans, Louisiana  70130, as a *pro se* curator to assist the growing number of *pro se* claimants in the MDL litigation who are seeking information and/or representation.

XVI.   PHYSICAL EVIDENCE PRESERVATION ORDER

On October 9, 2009, the Court issued Pre-Trial Order 1(B) relating to the preservation of physical evidence from properties that may be repaired during the course of these MDL proceedings.  The PSC, HSC and Knauf have agreed on a revised evidence preservation order, proposed Pre-Trial Order No. 1(I), that reduces the amount of physical evidence required to be preserved from a repaired home.  The proposed order was submitted to the Court on January 24, 2012.  Pre-Trial Order 1I was entered by the Court on January 24, 2012 [Rec. Doc. 12257].  The parties will be prepared to address this matter at the status conference on September 17, 2013.

XVII.  ENTRY OF PRELIMINARY DEFAULT

Pursuant to Minute Entry dated February 23, 2012 [Rec Doc. 12687], the Plaintiffs' Omnibus Motion for Preliminary Default Judgment [Rec. Doc. 11234] and errata thereto [Rec. Doc. 11773, 12265, 12551] was granted.  On February 24, 2012, the Court signed an Entry of Preliminary Default [Rec. Doc. 12599] of defendants listed on Exhibit A attached to the Entry of Preliminary Default.

On July 18, 2012, Plaintiffs filed a Second Omnibus Motion for Preliminary Default Judgment [Rec. Doc. 15412].  An Errata to Plaintiffs' Second Omnibus Motion for Preliminary Default was filed on October 8, 2012 [Rec. Doc. 15898].  On October 10, 2012, the Court granted the motion, but excluded Cornerstone Construction and Distinctive Drywall.  On October 19, 2012, Plaintiffs filed a Third Amended Errata to Plaintiffs' Second Omnibus Motion for Preliminary Default Judgment as to the Defaulting Defendants [Rec. 15972].  On October 26, 2012, the Court granted an Order clarifying which entities were in default [Rec. Doc. 16030]. Homebuilders' Liaison Counsel has received requests from several builders, asking that the Court address personal jurisdiction over the entities identified in the motion for entry of preliminary default prior to the entry of any final default judgment.  On September 12, 2013, Plaintiffs' third Omnibus Motion for Preliminary Default was filed with the Court [Rec. Doc. 17089].  The parties will be prepared to discuss this further at the monthly status conference on September 17, 2013.

## XVIII.  ALREADY REMEDIATED HOMES

The Already Remediated Homes Committee has met on several occasions to discuss properties that have not yet been resolved.  Plaintiffs' Liaison Counsel has notified counsel that submitted properties to Knauf for resolution and which have not yet been resolved that meetings will be scheduled between Knauf and claimants to discuss further resolution of particular properties.  The parties will be prepared to discuss this further at monthly status conference on September 17, 2013.

## XIX.  PRE-TRIAL CONFERENCE REGARDING THE LAFARGE ENTITIES

On February 7, 2013, the Plaintiffs' Steering Committee filed a Motion for a Pre-Trial Conference Regarding the Lafarge Entities [Rec. Doc. 16569].  On February 13, 2013, the

Lafarge Entities filed a Response [Rec. Doc. 16575].  The parties have had numerous meets and confers and exchanged information regarding the Lafarge entities and claims asserted against them.  On August 29, 2013 the Plaintiffs' Steering Committee filed a Motion for Rule to Show Cause Why the Omni XI Complaint Should Not Be Dismissed [Rec. Doc. 17043].  The matter is set for hearing following the status conference on September 17, 2013.

XX.   <u>NEXT STATUS CONFERENCE</u>

The Court has scheduled the next monthly status conference on October 24, 2013 at 9:00 am..

Respectfully submitted,

<table>
<tr><td>/s/ Russ M. Herman</td><td>/s/ Kyle A. Spaulding</td></tr>
<tr><td>Russ M. Herman (Bar No. 6819)</td><td>Kerry Miller (Bar No. 24562)</td></tr>
<tr><td>Leonard A. Davis (Bar No. 14190)</td><td>Kyle Spaulding (Bar No. 29000)</td></tr>
<tr><td>**Herman, Herman & Katz, LLC**</td><td>**Frilot L.L.C.**</td></tr>
<tr><td>820 O'Keefe Avenue</td><td>1100 Poydras Street</td></tr>
<tr><td>New Orleans, LA  70113</td><td>Suite 3700</td></tr>
<tr><td>PH:  (504) 581-4892</td><td>New Orleans, LA  70613-3600</td></tr>
<tr><td>FAX:  (504) 561-6024</td><td>PH:    (504) 599-8000</td></tr>
<tr><td></td><td>FAX:   (504) 599-8100</td></tr>
<tr><td>**Plaintiffs' Liaison Counsel**</td><td>**Defendants' Liaison Counsel**</td></tr>
</table>

## **CERTIFICATE**

I hereby certify that the above and foregoing Joint Status Report No. 48 of Plaintiffs' and Defendants' Liaison Counsel has been served upon all parties by electronically uploading the same to LexisNexis File & Serve Advanced in accordance with Pre-Trial Order No. 6, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF system which will send a Notice of Electronic Filing in accordance with the procedures established in MDL 2047, on this 13th day of September, 2013.

/s/ Kyle A. Spaulding