UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **IN RE: CHINESE-MANUFACTURED DRYWALL PRODUCTS LIABILITY LITIGATION** | **MDL NO. 2047**<br>**SECTION: L** |
| **THIS DOCUMENT RELATES TO:**<br><br>*Sean and Beth Payton, et al, vs. Knauf Gips KG, et al*, Civil Action No. 09-7628 (EDLA) OMNI I, I(A), I(B) and I(C)<br><br>*Wiltz v. Beijing New Building Materials Public Limited Co., et al,* Civil Action No. 10-361 (EDLA) OMNI II, II(A), II(B) and II(C)<br><br>*Rogers, et al, vs. Knauf Gips, KG, et al* Civil Action No. 10-362 (EDLA) OMNI IV, IV(A), IV(B) and IV(C) | |

**PLAINTIFFS' LIAISON COUNSEL'S RESPONSE TO
CLASS PLAINTIFFS' CONSOLIDATED RESPONSE
TO THE COURT'S ORDER TO SHOW CAUSE**

Now comes, Plaintiffs' Liaison Counsel, Russ M. Herman, who, in accordance with the Court's Order of September 13, 2013 [Rec. Doc. 17104], submits the following response to Class Plaintiffs' Consolidated Response to the Court's Order to Show Cause [Rec. Docs. 17085, 17086, 17087 and 17088].

Various Class Plaintiffs in each of the consolidated responses referenced above to the Court's Order to Show Cause request that the Court NOT dismiss their actions. They purport to be dissatisfied with the course of settlement administration. The administration of these Settlements is proceeding well within the parameters anticipated. Apparently, these various Class Plaintiffs are

1

interested in obtaining the benefits of the Settlements that each voluntarily entered into and agreed to, but are mistaken as to the obligations imposed by these Settlements. Each of the interrelated class action settlements involving InEx, Banner, Knauf, L&W and Global Settlements are FINAL. It would seem that these various Class Plaintiffs were unaware of these facts. However, under the terms of each of the final Settlements that was agreed to by these claimants who are participating in the Settlements, dismissals are required to be filed. The relevant provisions from each Settlement are as follows:

**I.    INEX**

   **10. Dismissals**

   10.1. Within thirty (30) days of the occurrence of the Effective Date:

   10.1.1. The Parties shall jointly submit to the Court a proposed order or orders dismissing with prejudice as to the Settling Defendants (i) *Silva, et al v. Interior Exterior Building Supply, LP et al.*, Civ. Action No. 09-08030 (E.D.La.), *Silva et al v. Arch Insurance Company, et al.*, Civ. Action No. 09-08034 (E.D.La.), (ii) all Omni Complaints filed in MDL No. 2047 but only to the extent that they assert claims against the Settling Defendants, and (iii) all Related Actions pending in the Eastern District of Louisiana and/or MDL No. 2047 but only to the extent that they assert claims against the Settling Defendants;

   10.1.2. The members of the PSC shall file motions to dismiss with prejudice all Related Actions against Settling Defendants by Class Members whom they represent which are pending in any state court and/or in any federal court outside the Eastern District of Louisiana or MDL 2047 but only to the extent that they assert claims against the Settling Defendants;

   10.1.3. The PSC shall use its best efforts to assist the Settling Defendants in obtaining dismissal with prejudice of any other Related Actions maintained by any Class Member whether in state court, federal court or any arbitral forum.

  10.2. The dismissal orders, motions or stipulation to implement Section 10.1. shall seek or provide for a dismissal with prejudice, with each Class Member and Settling Defendant bearing its own attorneys' fees and costs, and waiving any rights of appeal.

## II. KNAUF

### 11. Dismissals

11.1. Within thirty (30) days of the occurrence of the Effective Date:

  11.1.1. The Parties shall jointly submit to the Court a proposed order or orders dismissing with prejudice as to the Knauf Defendants and the Other Releasees (i) all claims of Participating Class Members in Omni Complaints filed in MDL No. 2047 but only to the extent that they assert claims against the Knauf Defendants and the Other Releasees, and (ii) all claims of Participating Class Members in Related Actions pending in the Eastern District of Louisiana and/or MDL No. 2047 but only to the extent that they assert claims against the Knauf Defendants and the Other Releasees;

  11.1.2. The members of the PSC shall file motions to dismiss with prejudice all Related Actions against the Knauf Defendants and the Other Releasees by Participating Class Members whom they represent which are pending in any state court and/or in any federal court outside the Eastern District of Louisiana or MDL 2047 but only to the extent that they assert claims against the Knauf Defendants or Other Releasees;

  11.1.3. The PSC shall use its best efforts to assist the Knauf Defendants in obtaining dismissal with prejudice of any other Related Actions maintained by any Participating Class Member whether in state court, federal court or any arbitral forum.

  11.2. The dismissal orders, motions or stipulation to implement Section 11.1. shall seek or provide for a dismissal with prejudice, with each Participating Class Member and Knauf Defendant bearing its own attorneys' fees and costs, and waiving any rights of appeal.

### III. <u>GLOBAL</u>

**11. Dismissals**

11.1. Within thirty (30) days of the Effective Date, the PSC and/or counsel for each Class Member shall file motions to dismiss with prejudice, with each party to bear his, her or its own costs, the Litigation, all CDW-Related Actions by Class Members which are pending in any court, except for Reserved Claims, but only to the extent that they assert claims against the Participating Defendants and their insurers or against Participating Insurers, and the PSC shall use its best efforts to assist the Participating Defendants and their insurers and the Participating Insurers in obtaining the dismissal with prejudice of any other CDW-Related Actions maintained by any Class Member, with each party to bear his, her or its own costs, but only to the extent that they assert claims against the Participating Defendants and their insurers and/or Participating Insurers, whether in state court, federal court or any arbitral forum.

### IV. <u>L&W</u>

**11. Dismissals**

11.1 Within thirty (30) days of the Effective Date:

11.1.1. The Parties shall jointly submit to the Court a proposed order or orders dismissing with prejudice as to the Settling Defendants (i) all Omni Complaints filed in MDL No. 2047, but only to the extent that they assert claims against the Settling Defendants, and (ii) all Related Actions pending in the Eastern District of Louisiana and/or MDL No. 2047, but only to the extent that they assert claims against the Settling Defendants;

11.1.2. The members of the PSC shall file motions to dismiss with prejudice all Related Actions against the Settling Defendants by Participating L&W Class Members whom they represent, which are pending in any state court and/or in any federal court outside the Eastern District of Louisiana or MDL 2047, but only to the extent that they assert claims against the Settling Defendants

11.1.3. The PSC shall use its best efforts to assist the Settling Defendants in obtaining dismissal with prejudice of any other Related Actions maintained by any Participating L&W Class Member, but only to the extent that they assert claims against the Settling Defendants, whether in state court, federal court or any arbitral forum.

11.2 The dismissal orders, motions or stipulation to implement Section 11.1 shall seek or

provide for a dismissal with prejudice, with each Participating L&W Class Member and Settling Defendant bearing its own attorneys' fees and costs, and waiving any rights of appeal.

## V.   BANNER

### 3. Release

3.5.4.   Upon execution of this Settlement, the Parties shall also execute the Releases set forth in Exhibits D, E(1), E(2), E(3), F and G, which Releases shall become effective when the Settlement is Final.

## CONCLUSION

The concerns of the various Class Plaintiffs are matters that are to be addressed within the structure of the Settlements, they are not extrinsic to the Settlements.  Therefore, their objections to dismissals are unfounded.  The motions to show cause should be granted.

Respectfully submitted,

Dated: September 16, 2013

/s/ Russ M. Herman
Russ M. Herman, Esquire (Bar No. 6819)
Leonard A. Davis, Esquire (Bar No. 14190)
Stephen J. Herman, Esquire (Bar No. 23129)
HERMAN, HERMAN & KATZ, LLC
820 O'Keefe Avenue
New Orleans, Louisiana 70113
Phone: (504) 581-4892
Fax: (504) 561-6024
LDavis@hhklawfirm.com
*Plaintiffs' Liaison Counsel MDL 2047*

Arnold Levin, Esquire
Fred S. Longer, Esquire
LEVIN, FISHBEIN, SEDRAN & BERMAN
510 Walnut Street, Suite 500
Philadelphia, PA 19106
Phone: (215) 592-1500
Fax: (215) 592-4663
Alevin@lfsblaw.com
*Plaintiffs' Lead Counsel MDL 2047*

## CERTIFICATE OF SERVICE

I hereby certify that the above and foregoing has been served on Defendants' Liaison Counsel, Kerry Miller, by e-mail and upon all parties by electronically uploading the same to LexisNexis File & Serve in accordance with Pre-Trial Order No. 6, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2047 on this 16th day of September, 2013.

/s/ Leonard A. Davis
Leonard A. Davis, Esquire
HERMAN, HERMAN & KATZ, LLC
820 O'Keefe Avenue
New Orleans, Louisiana 70113
Phone: (504) 581-4892
Fax: (504) 561-6024
Ldavis@hhklawfirm.com
*Plaintiffs' Liaison Counsel in MDL 2047*
*Co-counsel for Plaintiffs*