UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

---------------------------------------------------------------x
| | | |
|---|---|---|
| IN RE:  CHINESE MANUFACTURED DRYWALL PRODUCTS LIABILITY LITIGATION | : : : | MDL NO. 2047<br><br>SECTION:  L |
---------------------------------------------------------------x
| THIS DOCUMENT RELATES TO: | : : | JUDGE FALLON |
| *Payton, et al. v. Knauf Gips KG, et al.*, No. 09-7628 (E.D. La.) | : : | MAG. JUDGE WILKINSON : |
| *Rogers v. Knauf Gips KG, et al.*, No. 10-362 (E.D. La.) | : : : : | |
| *Wiltz v. Beijing New Materials Public Limited Co.*, No. 10-361 (E.D. La.) | : : | |
---------------------------------------------------------------x

**DEFENDANTS' LIAISON COUNSEL'S RESPONSE TO CLASS PLAINTIFFS' CONSOLIDATED RESPONSE TO THE COURT'S ORDER TO SHOW CAUSE**

Pursuant to this Court's order [Rec. Doc. 17104], Defendants' Liaison Counsel submits this response to Class Plaintiffs' Consolidated Response to The Court's Order to Show Cause ("Consolidated Response") [Rec. Docs. 17085, 17086, 17087] and Class Plaintiff's Response to the Court's Order to Show Cause ("Jaspers' Response") [Rec. Doc. 17088].

1. On February 7, 2013, as amended by order dated February 19, 2013, the Court entered an Order and Judgment:  (1) Certifying the InEx, Banner, Knauf, L&W, and Global Settlement Classes; and (2) Granting Final Approval to the InEx, Banner, Knauf, L&W and Global Settlements ("Final Approval Order").  [Rec. Docs. 16570, 16580].  By virtue of the Final Approval Order, each member of the approved settlement classes released his, her or its claim against the settling defendants.  Final Approval Order ¶¶ 17, 30, 47, 57.  In the Final Approval Order, the Court "enjoined and forever barred" Class Members from maintaining, continuing,

61580206.DOCX

prosecuting, and/or commencing claims against the Settling Defendants that arise from, concern or relate to Chinese Drywall against the Settling Defendants." *Id.* ¶¶ 19, 31, 49, 59, 70.

2.  To effectuate those provisions of the Final Approval Order, the Court issued Orders to Show Cause, requiring "Any party disputing that their claims should not be dismissed against any settling defendant [to] appear before this Court on the 17th day of September, 2013, at 9:00 a.m. to explain why their claims should not be dismissed." [Rec. Docs. 17044, 17046, 17056].

3.  In the Consolidated Response, thirteen (13) plaintiffs[1] who are members of various of the Settlement Classes, contend that the Court should not dismiss their claims against the settling defendants based on their allegation that "the ongoing settlement administration, including the procedures for submitting claims and the remediation of the affected homes, has been a lengthy and uncertain process." Consolidated Response ¶ 1.

4.  Plaintiffs' allegation provides no basis for their request. As the Court is aware, the parties have been working diligently with the Settlement Administrator to establish claims procedures and the claims submission process is ongoing. Each of the plaintiffs is a class member who has released his, her or its claims against all the Settling Defendants. Their claims should be dismissed with prejudice as contemplated by the Final Approval Order.

5.  With respect to Mr. Jaspers, counsel is incorrect that he is not a member of the Knauf Settlement Class. Jasper's Response ¶ 3. While Mr. Jaspers may have had knowledge of the existence of Chinese Drywall when he purchased the condominium units located at 1490 SE 15th Street in Fort Lauderdale, FL, from the developer, Florida Waterfront Holdings, LLC

---

[1] Those plaintiffs are: Jacob Raburn, Melissa Raburn, Iridio Orovio, Maria Orovio, Christopher Blanco, Cristina Blanco, Valerie Chavin, Rami Shmuely, Carlos del Burgo, Michael Reinstein, Anthony Raso, Steven Smith and 1100 Valencia, LLC.

("Florida Waterfront Holdings"), Mr. Jaspers claims to have taken an assignment from the developer in connection with the purchase. *Id.* ¶ 2. Florida Waterfront Holdings is a plaintiff in Omnibus I that is eligible for benefits under the Knauf Class Settlement. Florida Waterfront Holdings did not opt out of the Knauf Class Settlement nor did Mr. Jaspers purport to opt out as assignee of Florida Waterfront Holdings. Mr. Jaspers, as the legal successor to Florida Waterfront Holdings' claim is bound by the settlement. Florida Waterfront Holding's claim should be dismissed with prejudice and Mr. Jaspers should pursue his claim against the Knauf Defendants through the Knauf Settlement.

6. To the extent that Mr. Jaspers opposes dismissal of Florida Waterfront Holdings' claims against any other settling defendants, including Banner or any builder or installer, there is even less merit to those claims. Those settlements do not exclude class members who purchased with knowledge of Chinese Drywall.

    Respectfully submitted,

By: /s/ Kyle A. Spaulding
KERRY J. MILLER (#24562)
KYLE A. SPAULDING (#29000)
FRILOT, L.L.C.
1100 Poydras Street
Suite 3700
New Orleans, LA 70163
Telephone: (504) 599-8194
Facsimile: (504) 599-8145
Email: kmiller@frilot.com

*Defendants' Liaison Counsel*

## **CERTIFICATE OF SERVICE**

I hereby certify that the above and foregoing Defendant Liaison Counsels' Response to Class Plaintiffs' Consolidated Response to the Court's Order to Show Cause has been served on Plaintiffs' Liaison Counsel, Russ Herman and pennyhg@gmail.com, Homebuilders' Liaison Counsel, Phillip Wittman, and Defendants' Liaison Counsel, Kerry Miller, by U.S. Mail and e-mail or by hand delivery and e-mail <u>and</u> upon all parties by electronically uploading the same to Lexis Nexis File & Serve in accordance with Pretrial Order No. 6 on this 16th day of September, 2013.

        /s/ Kyle A. Spaulding
        Kyle A. Spaulding

61580206.DOCX