UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

IN RE: : MDL NO. 2047
:
CHINESE MANUFACTURED DRYWALL : SECTION: L
PRODUCTS LIABILITY LITIGATION :
: JUDGE FALLON
: MAG. JUDGE WILKINSON
.. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. :

**AFFIDAVIT OF RAYMOND P. FARLEY IN SUPPORT OF MOTION TO OPT-OUT OF SETTLEMENT AND WITHDRAW NOTICE OF RESCISSION OF OPT-OUT OF SETTLEMENT AGREEMENTS BY INDIVIDUAL CLASS MEMBERS, RAYMOND P. FARLEY AND AMELIA J. FARLEY**

Affiant, after being duly sworn, deposes and states as follows:

1. My name is RAYMOND P. FARELY. I am over the age of 18 and have personal knowledge of all facts set forth in this Affidavit.

2. My wife, AMELIA J. FARLEY, and I purchased a home in Bradenton, Florida, constructed by Taylor Morrison of Florida, Inc. ("TM"). In 2009 we were advised by TM that our home might contain reactive Chinese drywall, and they requested that they be allowed to inspect the home along with their expert, Environ.

3. After the inspection, we were advised by TM that Environ had confirmed the presence of reactive Chinese drywall, including Knauf Chinese drywall, in our home. Due to my wife's medical condition, we moved out of the home once we learned of the presence of reactive Chinese drywall. We later retained the law firm of Fergeson, Skipper, Shaw, Keyser, Baron & Tirabassi, P.A., and attorney David S. Maglich, to represent us.

4. In or about May 2011, our attorney advised us that TM's attorneys, Sivyer Barlow & Watson, P.A., requested that TM be allowed TM to conduct another inspection of Claimants' home with its expert, Environ, to determine the extent of reactive Chinese drywall at Claimants' residence. We allowed TM and Environ to inspect our home again.

5. After the inspection, our attorney spoke with the attorney for TM concerning the results and was told that Environ had confirmed that reactive Knauf Chinese drywall was present in Claimants' home. Our attorney provided us with a copy of email chain between him and attorney Neal Sivyer regarding the Environ report and the letter TM was to provide to us.

6. Thereafter, our attorney kept us informed as to his contact with the attorneys for TM, and provided us with a copy of an email from Attorney Sivyer dated December 20, 2011, regarding the Knauf settlement terms and the benefits that attorney Sivyer represented could be obtained by us if we agreed to accept the settlement terms.

7. We initially determined to opt out of the Knauf global settlement due to our concerns over the terms of the Knauf settlement. On or about April 5, 2013, Affiant and his attorney, David S. Maglich, attended the MDL settlement conference in Miami, Florida. During that day, Affiant and attorney Maglich attended a private settlement conference with Judge Fallon as well as the attorneys for Knauf to discuss Claimants' potential rescission of their opt- out of the Knauf global settlement. During this private conference, Affiant confirmed to those present that TM, through its attorneys, had represented that reactive Knauf Chinese drywall was present in our home.

8. Thereafter, our attorney had discussions with counsel for TM concerning the potential benefits of the Knauf settlement, and the possible rescission of our opt-out of the Knauf global settlement. On or about May 9 and 10, 2013, our attorney provided us with copies of emails with TM's attorneys where TM's attorneys confirmed again in writing that Claimants' home contained reactive Knauf Chinese drywall.

9. Our attorney also verbally confirmed the information provided by counsel for TM. In express reliance upon the written and verbal representation of TM through its counsel, my wife and I decided to opt-back into the global settlement, including the Knauf settlement, and accept the terms being offered in the Knauf settlement. We signed and filed a Notice rescinding our prior opt-out to participate in the Knauf settlement based solely upon our understanding that we had reactive Knauf Chinese drywall in our home and would not have opted back in had we known this was not true.

10. Immediately thereafter, we arranged to allow Benchmark and Moss to inspect our home to expedite the remediation process pursuant to the Knauf settlement. In late May 2013, my attorney advised us that, contrary to what TM through its attorneys had represented to us, the inspection by Benchmark indicated that no reactive Knauf Chinese drywall was present. We then allowed Environ to perform a follow-up inspection of the home in July 2013.

11. We were later advised that the second Environ inspection failed to identify any Knauf Chinese drywall in their home and that, as a result, no settlement benefits would be provided pursuant to the Knauf Settlement nor would Taylor Morrison remediate the Claimants' residence.

12. My wife and I expressly relied upon, and rescinded our opt-out based upon, the representations of TM and its counsel for the past three years that the home contained reactive Knauf Chinese drywall. My wife and I would never have rescinded our opt-out but for these representations by TM and its counsel. My wife and I did not have any independent inspections done of their home due to the inspections done by TM and our reliance upon the representations of TM and its counsel as to the results of these inspections.

13. My wife and I must now withdraw our decision to opt in to the Knauf global settlement as we would not be able to have our house remediated. We intend to pursue TM and any other responsible parties for our losses and to get our home remediated as we have been unable to live in it for the past 3 ½ years while continuing to pay our mortgage, taxes insurance and maintenance fees.

FURTHER AFFIANT SAYETH NAUGHT.

_____
RAYMOND P. FARLEY

STATE OF <u>New Jersey</u> )
: 
COUNTY OF <u>Essex</u> )

The foregoing instrument was acknowledged before me on <u>~~August~~ September 3</u>, 2013, by RAYMOND P. FARLEY, ☐ who is personally known to me OR ☐ who has produced <u>NJ Driver's License</u> as identification.

_Alex Mejias_
Notary Public

**ALEX MEJIAS**
Notary Public
State of New Jersey
My Commission Expires May 10, 2017
I.D.# 2420696

Name: <u>Alex Mejias</u>

Serial Number <u>2420696</u>

My Commission Expires: <u>May 10, 2017</u>

4