# FOURTH AMENDMENT TO SETTLEMENT AGREEMENT REGARDING CLAIMS AGAINST THE KNAUF DEFENDANTS IN MDL NO. 2047

This Fourth Amendment to the Settlement Agreement Regarding Claims Against The Knauf Defendants in MDL No. 2047 is entered into by and between the Plaintiffs' Steering Committee in *In re: Chinese Manufactured Drywall Products Liability Litigation*, MDL No. 2047 and the Knauf Defendants as of the latest date of a Party's signature below.

**WHEREAS**, on February 7, 2013, the Court approved the Third Amended Settlement Agreement Regarding Claims Against the Knauf Defendants in MDL No. 2047 (the "Knauf Class Settlement");[1]

**WHEREAS**, the Parties desire to further amend the Knauf Class Settlement in ways that do not adversely affect the benefits to which any class member will be entitled; and

**WHEREAS**, in particular, the Parties wish to take account of actual experience in the Pilot Program in connection with the security provisions of the Knauf Class Settlement;

**NOW, THEREFORE**, in consideration of the mutual covenants contained in the Knauf Class Settlement and contained herein and intending to be legally bound, the Parties agree as follows:

1. Section 4.2.2 of the Knauf Class Settlement is amended as follows:

    The Remediation Fund will be established by causing the escrow agent managing the Pilot Program account to transfer all funds in that account to the Remediation Fund. The same escrow agent as for the Pilot Program shall be used unless later replaced by mutual agreement of the Parties or removed for cause by the Court. The Remediation Fund shall be replenished in increments of $25 million as of each time the balance of the Fund and the remainder available under the letter of credit is reduced to $25 million. All funding of the Remediation Fund shall be in US dollars. The Parties may agree, or the Court may order, that there be a lower amount of replenishment upon a showing that the remaining liabilities of the Remediation Fund are less than $50 million, and that there be no replenishment upon a showing that the remaining liabilities of the Remediation Fund are less than $25 million. Any contributions from other settling parties or assignments by claimants to the Knauf Defendants of their recoveries from the Banner, L&W, InEx and Insurer Class Settlements that are required to be deposited in the Remediation Fund shall be transmitted from the Banner, L&W, InEx and Global Class Settlements directly to the Remediation Fund, which funds shall be treated

---

[1] Capitalized terms not otherwise defined have the same meaning given to them in the Knauf Class Settlement.

612770169.DOCX


EXHIBIT 1

in all respects the same as other funds contributed to the Remediation Fund.

2. Section 14.8 shall be amended as follows:

Within 15 days of approval by the Court, the Knauf Defendants shall pay $142.565 million ($142,565,000)[2] into an account as directed by the PSC and approved by the Court to be held pending the Court's determination on any applications for attorneys' fees and costs. The PSC shall be entitled to any interest accruing in the account. The payment of that amount by the Knauf Defendants shall be in full satisfaction of their obligation for any attorneys' fees and costs that the Court might award, including for settlement administration by the PSC. The Knauf Defendants will support the PSC's fee and cost application so long as it does not exceed $160 million. The Knauf Defendants will take no position on the allocation of fees or costs among counsel, except as provided in Paragraph 3 below.

3. Section 14.8.1 shall be added as follows:

From the amount paid pursuant to Section 14.8, subject to the Court's approval, 2% will be held back for payment for post-settlement and administrative matters to counsel who perform work related to the administering the Settlements. This provision will not result in increased payments by the Knauf Defendants. The Knauf Defendants will support the PSC's application for a 2% hold back.

4. Section 17 shall be deleted and replaced as follows:

**17. Security**

17.1. In furtherance of their payment obligations under this Agreement, the Knauf Defendants agree as follows:

17.1.1. Knauf Gips guarantees performance of all obligations by the Knauf Defendants under this Settlement.

17.1.2. To secure the obligations of the Knauf Defendants to make payments under this Agreement, the Knauf Defendants shall deliver an irrevocable standby letter of credit (the "**Letter of Credit**"), substantially in the form of Exhibit K, in the amount of $200 million,

---

[2] The Knauf Defendants previously made two advance payments totaling $17.435 million ($17,435,000). The amount to be deposited equals $160 million less amounts previously advanced.

2

payable to Settlement Class Counsel, issued by (a) Deutsche Bank AG, New York Branch or (b) a commercial bank acceptable to the PSC (i) that is chartered under the laws of the United States, any State thereof or the District of Columbia, and which is insured by the Federal Deposit Insurance Corporation, or (ii) whose long-term, unsecured and unsubordinated debt obligations are rated at least single A by Standard & Poor's Ratings Services (S&P) or an equivalent rating by Fitch Ratings Ltd. (Fitch), Moody's Investors Service, Inc. (Moody's) or DBRS and their respective successors. The Letter of Credit will remain in place until June 30, 2015, provided that the Parties will meet on or before each of December 31, 2013, June 30, 2014 and December 31, 2014 to discuss whether the then-remaining obligations of the Knauf Defendants under this Settlement justify a reduction or termination of the Letter of Credit, with the Court to resolve any disputes, and the Parties will meet on or before May 30, 2015 to discuss whether the Letter of Credit is required beyond that date and, if so, in what amount, with the Court to resolve any such disputes.

17.1.3. Settlement Class Counsel, as collateral agent for the Settlement Class, may only exercise remedies against the Letter of Credit including demanding payment thereunder and/or Knauf Gips, in the event of default by the Knauf Defendants of their obligations to make payments under this Agreement subject to all applicable grace periods, and subject to the entry of an order of the Court authorizing such exercise. Before exercising any remedies, Settlement Class Counsel, as collateral agent for the Settlement Class, shall serve a notice of default on the Knauf Defendants and the Knauf Defendants shall have thirty (30) days to remedy such default. If the Knauf Defendants do not remedy the default within such thirty day period, Settlement Class Counsel, as collateral agent for the Settlement Class, may seek an order from the Court permitting them to exercise remedies against the Letter of Credit including demanding payment thereunder and/or Knauf Gips. Settlement Class Counsel, as collateral agent for the Settlement Class, may only exercise remedies against the Letter of Credit and/or Knauf Gips in the manner authorized by Court order and subject to compliance with such Court order. In no event shall any member of the Settlement Class be permitted to exercise remedies against the Letter of Credit and/or Knauf Gips. Notwithstanding the foregoing or any other provision of the Settlement Agreement, Settlement Class Counsel shall be authorized to draw upon the full outstanding balance of the Letter of Credit without giving notice to any person or receiving any court authorization if (i) the Letter of Credit is going to expire within ninety (90) days or (ii) the credit rating of the issuing letter of credit bank ceases to satisfy the requirements of Section

3

17.1.2 and in either case no extension or acceptable replacement of the Letter of Credit has been received by the Settlement Class Counsel.

17.1.4.  The Letter of Credit and the Knauf Gips' guarantee shall be terminated in all respects after the Knauf Defendants' payment obligations under this Agreement have been satisfied in full.  Upon such termination, Settlement Class Counsel, as collateral agent for the Settlement Class, shall execute, deliver, record and file such documents, instruments and agreements as are necessary, convenient or reasonably requested by the Knauf Defendants to evidence such termination.

17.1.5.  The Letter of Credit and the Knauf Gips' guarantee shall not be available to satisfy the claims of any non-class member or class member who opts out under Section 8.

5.    The injunction set forth in paragraph 51 of the Court's February 7, 2013 Order and Judgment:  (1) Certifying the InEx, Banner, Knauf, L&W, and Global Settlement Classes; and (2) Granting Final Approval to the InEx, Banner, Knauf, L&W, and Global Settlements [No. 16570] shall apply to the funds and security described in paragraphs 1, 2 and 4 above and any reversionary or cy pres interests therein.

**IN WITNESS HEREOF**, the Parties have executed this Amendment by their duly authorized representatives on the dates stated below:

**Plaintiffs' Steering Committee**

By: /s/ Russ M. Herman

Print Name: /s/ Russ M. Herman

Title: Plaintiffs' Liaison Counsel

Date: October 3, 2013

**Knauf Defendants**

By: /s/ Kery J. Miller

Print Name: Kerry J. Miller

Title: Attorney-in-Fact

Date: October 3, 2013

4

By: /s/ Steven Glickstein

Print Name: Steven Glickstein

Title: Attorney-in-Fact

Date: October 3, 2013

As Attorneys-in-Fact for each Knauf Defendant Pursuant to Powers of Attorney Dated March 30, 2012