IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

=============================== x ============================
                                x
IN RE: CHINESE-MANUFACTURED     x  MDL NO. 2047
DRYWALL PRODUCTS LIABILITY      x
LITIGATION                      x  SECTION: L
                                x
                                x  JUDGE FALLON
THIS DOCUMENT APPLIES TO ALL    x
CASES                              MAG. JUDGE WILKINSON

=============================== x ============================

**MEMORANDUM IN SUPPORT OF
MOTION TO ESTABLISH QUALIFIED SETTLEMENT FUND
AND TO APPOINT FUND ADMINISTRATOR AND DEPOSITORY BANK**

**MAY IT PLEASE THE COURT:**

This memorandum is submitted in support of the Motion to Establish Qualified Settlement Fund and to Appoint Fund Administrator and Depository bank filed by Settlement Class Counsel, Gary E. Mason and Daniel R. Bryson of Whitfield Bryson & Mason, LLP, Joel R. Rhine of Rhine Martin Law Firm, P.C., Adam Linkhorst of Linkhorst & Hockin, P.A., and Gregory S. Weiss of Mrachek, Fitzgerald, Rose Konopka & Dow, P.A., Plaintiffs' Liaison Counsel, Russ M. Herman, and Plaintiffs' Lead Counsel, Arnold Levin.

On November 19, 2012, the Court (the "MDL Court") entered a Final Order and Judgment Approving Class Settlement with Defendant RCR Holdings II, LLC [Rec. No. 398] and on October 21, 2013, this Court entered a Final Order and Judgment Certifying the Coastal Settlement Class, Appointing Class Counsel, and Granting Final Approval of the Settlement Regarding Claims Against Coastal Construction of South Florida, Inc. Related to Villa Lago at Renaissance

Commons in MDL 2047 [Rec. Doc. 17177]. The settlements provide substantial benefits to the Class Members and together constitute a significant recovery to the Class Members.

The Settlements provide that funds from each of the Settlements shall be allocated to a Villa Lago Settlement Fund.

It is in the best interest of all parties, for the Court to authorize the establishment of Qualified Settlement Fund (the "Fund") in connection with the Settlements. The Fund will be identified as the Villa Lago Settlement Fund.

The Fund shall be a Qualified Settlement Fund ("QSF") as described in Treas. Reg. Section 1.468B-1, established by order of this Court, and Fund shall remain subject to the continuing jurisdiction of this Court. The Fund will contain separate identifiable accounts. The Fund shall be placed at Esquire Bank[1], a financial institution doing business in New York. Information regarding Esquire Bank and its credentials to act as the Depository Bank are set forth in the attached Exhibit "A". Esquire Bank shall be the Depository Bank for the QSF and will hold and invest the monies in accordance with Orders of the Court. Statements for each account shall be issued and provided on a routine basis to Class Counsel, Plaintiffs' Lead Counsel, Plaintiffs' Liaison Counsel, the Administrator and Philip Garrett, the Court Appointed CPA. BrownGreer, PLC shall be the Administrator of the Fund pursuant to Treas. Reg. Section 1.468B-2.

This Court has jurisdiction over this matter under Treas. Reg. Section 1.468B-1(c)(1), which states in relevant part that a QSF "is established pursuant to an order of, or is approved by, the United States, any state (including the District of Columbia), territory, possession, or political

---

[1] Class Counsel discloses and informs the Court that members of the Plaintiffs' Steering Committee cumulatively own less than 5% of the issued and outstanding stock in this financial institution. Any member of the Plaintiffs' Steering Committee is available to the Court for further disclosure of information should the Court desire any additional information.

subdivision thereof, or any agency or instrumentality (including a court of law) . . . and is subject to the continuing jurisdiction of that governmental authority."

Until such time that Claimants are entitled to settlement monies under the appropriate Settlement Agreement applicable to their claim, no settlement monies shall be set apart for any Claimant, or otherwise made available so that he or she may draw upon or otherwise control said settlement monies. The Fund, by and through the Administrator, shall only make payments to or for the benefit of Claimants pursuant to the applicable Settlement Agreement(s).

The settlement monies will be the sole property of the respective Fund. No portion of such monies shall be made available to Claimants except as specifically set forth in the appropriate Settlement Agreement applicable to a particular Claimant. Until such time as monies are distributed, Claimants shall not possess any rights to demand or receive any portion of the monies or to mortgage, pledge, or encumber the same in any manner. To the extent possible, the terms of the Court's Order shall be construed so as to prevent Claimants from being in constructive receipt, as determined under federal income tax principles, of any amounts held by the Fund.

The monies deposited at the Depository Bank in each Fund are to be invested with third parties in instruments/securities comprised of (a) United States Agency, Government Sponsored Enterprises or Treasury debt securities or obligations (maturities not to exceed five years at time of purchase) or mutual funds invested solely in such instruments (average maturity not to exceed 5 years); and/or (b) cash equivalent securities including SEC registered money market funds and collateralized money market accounts and/or (c) in checking accounts up to current FDIC insurance limits; and/or (d) Certificates of Deposit that are fully insured by the FDIC through use of the Cedars Deposit Placement Agreement with Esquire; and/or (e) insured Cash Sweep Services, all as is more fully set forth in Exhibit "A" attached to the proposed Qualified Settlement Fund Order.

Class Counsel, Plaintiffs' Liaison Counsel and Plaintiffs' Lead Counsel request that the Court issue the appropriate Order establishing the Qualified Settlement Fund.

Respectfully submitted,

Dated: October 23, 2013

/s/ Russ M. Herman
Russ M. Herman, Esquire (Bar No. 6819)
Leonard A. Davis, Esquire (Bar No. 14190)
Stephen J. Herman, Esquire (Bar No. 23129)
HERMAN, HERMAN & KATZ, L.L.C.
820 O'Keefe Avenue
New Orleans, LA 70113
Phone: (504) 581-4892
Fax: (504) 561-6024
Ldavis@hhklawfirm.com
*Plaintiffs' Liaison Counsel in MDL 2047
and Class Counsel*

Arnold Levin
Fred S. Longer
Sandra L. Duggan
Matthew C. Gaughan
LEVIN, FISHBEIN, SEDRAN & BERMAN
510 Walnut Street, Suite 500
Philadelphia, PA 19106
Phone: (215) 592-1500
Fax: (215) 592-4663
Alevin@lfsblaw.com
*Plaintiffs' Lead Counsel in MDL 2047 and Class Counsel*

**SETTLEMENT CLASS COUNSEL:**

Gary E. Mason, Esq.
Daniel R. Bryson, Esq.
Whitfield Bryson & Mason, LLP
1625 Massachusetts Ave., NW
Suite 605
Washington, DC 20036

Joel R. Rhine, Esq.
Rhine Martin Law Firm, P.C.
1612 Military Cutoff Road
Suite 300
Wilmington, NC 28403

Adam Linkhorst, Esq.
Linkhorst & Hockin, P.A.
515 North Flagler Drive, 20th Floor
West Palm Beach, Florida 33401

Gregory S. Weiss, Esq.
Mrachek, Fitzgerald, Rose
   Konopka & Dow, P.A.
505 South Flagler Drive
Suite 600
West Palm Beach, FL 33401

## CERTIFICATE OF SERVICE

I hereby certify that the above and foregoing pleading has been served on Defendants' Liaison Counsel, Kerry Miller, by e-mail and upon all parties by electronically uploading the same to LexisNexis File & Serve in accordance with Pre-Trial Order No. 6, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2047 on this 23rd day of October, 2013.

/s/ Leonard A. Davis
Leonard A. Davis, Esquire
Herman, Herman & Katz, L.L.C.
820 O'Keefe Avenue
New Orleans, Louisiana 70113
Phone: (504) 581-4892
Fax: (504) 561-6024
Ldavis@hhklawfrm.com
*Plaintiffs' Liaison Counsel MDL 2047*
*Co-counsel for Plaintiffs*