UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: CHINESE MANUFACTURED ) | | |
| DRYWALL PRODUCTS ) | MDL NO. 2047 | |
| LIABILITY LITIGATION ) | | |
| ) | | |
| THIS DOCUMENT RELATES TO: ) | SECTION: L | |
| ) | | |
| *Hobbie, et al. v.* ) | JUDGE FALLON | |
| *RCR Holdings II, LLC, et al.,* ) | | |
| ) | | |
| No. 10-1113 ) | MAG. JUDGE WILKINSON | |
| ) | | |

**MEMORANDUM OF LAW IN SUPPORT OF
MOTION FOR APPOINTMENT OF RECEIVER**

COME NOW the Class Counsel, Plaintiff Wendy Lee Hobbie, on behalf of herself, the 181 named Plaintiffs on the Second Amended Complaint styled *Hobbie, et al. v. RCR Holdings II, LLC, et al.*, No. 10-1113 (E.D. La.) (Fallon, J.) (the "Hobbie" matter), the other owners of 67 condominium Residences in Villa Lago at Renaissance Commons not owned by RCR Holdings II, LLC ("RCR"), RCR Holdings II, LLC, as owner of 130 condominium Residences in Villa Lago at Renaissance Commons, and Villa Lago Condominium Association at Renaissance Commons, Inc. (the "Association") by and through its undersigned counsel, and file this Memorandum of Law In Support of its Motion for the Appointment of Receiver and state:

Pursuant to this Court's FINAL ORDER AND JUDGMENT CERTIFYING THE COASTAL SETTLEMENT CLASS, APPOINTING CLASS COUNSEL, AND GRANTING FINAL APPROVAL OF THE SETTLEMENT REGARDING CLAIMS AGAINST COASTAL CONSTRUCTION OF SOUTH FLORIDA, INC. RELATED TO VILLA LAGO AT RENAISSANCE COMMONS IN MDL 2047 [DE 17177] ("Final Order"), remediation of units

containing reactive Chinese-manufactured drywall ("CDW") at Villa Lago at Renaissance Commons ("Condominium") will commence in November 2013. Certain units within the Condominium containing CDW owned by non-responsive, absent, or missing unit owners will have to be remediated; however, non-responsive, absent, or missing unit owners cannot deliver the written authorizations and releases, including but not limited to executed Building Permit Applications and Notices of Commencement pursuant to Florida Statute §713.13 required at various times before, during, and after completion of the remediation, or arrange for the delivery of such units in the condition required for remediation. Therefore, Settlement Class Counsel, Plaintiffs and the Association respectfully request the Court appoint a Receiver to review and execute documents required for the timely remediation of all units being remediated at the Condominium.

Pursuant to ¶15 of the Final Order, this court retained jurisdiction over the implementation of the Settlement and "over all parties, including Participating Class members, for the purpose of enforcing and administering the Settlement Agreement and Exhibits thereto and the mutual releases and other documents contemplated by, or executed in connection with the Settlement Agreement." As this motion concerns Participating Class Members' failure to execute documents contemplated by the Settlement Agreement and provides a fair mechanism to enforce the Settlement Agreement, the relief requested is within the Court's retained powers and jurisdiction.

The Association is responsible for the operation and control of the Condominium pursuant to Section 718, Florida Statutes, *et. seq*, and that certain Declaration of Condominium for the Condominium recorded in Official Records Book at Book/Page: 21354/1406 of the Public Records of Palm Beach County, Florida, and as thereafter amended (the "Declaration").

Fla. Stat. 718.111(3) provides that "The association may contract, sue, or be sued with respect to the exercise or nonexercise of its powers. For these purposes, the powers of the association include, but are not limited to, the maintenance, management, and operation of the condominium property." Moreover, Fla. Stat. 718.111(5) provides that "The association has the irrevocable right of access to each unit during reasonable hours, when necessary for the maintenance, repair, or replacement of any common elements or of any portion of a unit to be maintained by the association pursuant to the declaration or as necessary to prevent damage to the common elements or to a unit or units."

The Association and Class Counsel are integrally involved in overseeing the year-long remediation, commencing November 2013, of the Condominium, and particularly ensuring that the remediation occurs on schedule and without cost overruns. The remediation is being performed pursuant to a written contract that requires certain written authorizations and releases from the unit owners at various times before, during, and after completion of the repairs. The individual Residences must be vacated during the remediation, and all personal property be removed from those Residences during the remediation. Any delays in providing the required authorizations and releases by unit owners or in delivering the units in the condition required will create exposure to the Association, with ultimate responsibility to the non-responsive unit owner, for damages.

The Association's ability to properly operate the Condominium is severely jeopardized by non-responsive, absent, or missing unit owners, particularly unit owners who have not responded to reasonable and timely requests for written confirmations in the normal course of the Association's business activities. Other unit owners are simply unable to be located despite commercially reasonable prior best efforts. The Association and Class Counsel are in imminent

need of a Court appointed Receiver to consider and deliver the required written authorizations and releases on behalf of non-responsive unit owners at various times before, during, and after completion of the remediation and to arrange for the delivery of such units in the condition required by the contract for remediation and the settlement agreement.  This Court has the authority to appoint such a Receiver.  "Following a transfer, the transferee judge has all the jurisdiction and powers over pretrial proceedings in the actions transferred to him that the transferor judge would have had in the absence of transfer." *In re FMC Corp. Patent Litig.*, 422 F. Supp. 1163, 1165 (J.P.M.L. 1976).

The Association and Class Counsel have no other adequate remedy available and do not desire to create exposure to damages to the Association and to its participating unit owner constituents due to its or their inability to meets the obligations imposed on all unit owners as a result of the non-responsive unit owners.  Pursuant to the above and Fed.R.Civ.P. 66, Movants hereby request this Court appoint a receiver to consider and deliver certain required written authorizations and releases at various times before, during, and after completion of the remediation and to arrange for the delivery of such units in the condition required by the contract for remediation and the settlement agreement.  To best effectuate the Court-approved Settlement, the appointment of a single receiver to consider and deliver certain required written authorizations and releases at various times before, during, and after completion of the repairs on behalf of those non-responsive unit owners would fulfill the purposes of Fla. Stat. §718.111(3). The appointment of a single receiver would also relieve the Court from making multiple appointments of receivers within the same Condominium, which would burden this Court and inhibit the flow of work at the Condominium.

H. Minor Pipes, Esq. is ready, willing, and able to post sufficient bond (if necessary and ordered by the Court) and take all other actions required by this Court to act as Receiver in this matter.  If appointed, the Receiver should file a monthly report on each unit within the Condominium for which the Receiver has taken any action, with a final report filed within 60 days after completion of the remediation of the Condominium. Mr. Pipes shall be paid $500 per unit for which he takes action as Receiver, up to a total of $25,000.

WHEREFORE, Class Counsel, Class Representative, RCR and Association respectfully request this honorable Court: (i) appoint H. Minor Pipes, Esq. as the Receiver authorized to deliver certain written authorizations and releases on behalf of non-responsive unit owners at various times before, during, and after completion of the remediation and to arrange for the delivery of such units in the condition required by the Settlement; and, (ii) grant such other and further relief as this court may deem just and equitable.

Respectfully submitted,

 /s/ Gary E. Mason
Gary E. Mason
Daniel K. Bryson
WHITFIELD BRYSON & MASON LLP
1625 Massachusetts Ave., NW, Suite 605
Washington, D.C.  20036
Telephone:  (202) 429-2290
Facsimile:  (202) 429-2294
gmason@wbmllp.com
dbryson@wbmllp.com

GREGORY S. WEISS (Fla. Bar No. 163430)
Mracheck, Fitzgerald, Rose, Konopka & Dow, P.A.
505 S. Flagler Drive, Suite 600
West Palm Beach, FL 33401
Tel.: (561) 655-2250
Fax: (561) 655-5537
gweiss@mrachek-law.com

Joel R. Rhine
RHINE MARTIN LAW FIRM
1612 Military Cutoff Rd
Suite 300
Wilmington, NC 28403
Telephone: (910) 772-9960
Facsimile: (910) 772-9062
jrr@rhinelawfirm.com

Adam C. Linkhorst, Esq.
Linkhorst & Hockin, P.A.
515 North Flagler Drive, 20th Floor
West Palm Beach, Florida 33401
Telephone: (561) 832-5900
Facsimile: (954) 562-9199
alinkhorst@ciklinlubitz.com

**CERTIFICATE OF SERVICE**

    I HEREBY CERTIFY that the above and foregoing has been served upon Plaintiffs' Liaison Counsel, Russ Herman, and Defendants' Liaison Counsel, Kerry Miller, by email transmission, and upon all parties by electronically uploading the same to Lexis Nexis File and Serve in accordance with Pre-Trial Order No. 6, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF system, which will send a notice of electronic filing in accordance with procedures established in MDL 2047, on this 9th day of December, 2013.

                                              /s/ Gary E. Mason
                                              Gary E. Mason