UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: CHINESE-MANUFACTURED DRY WALL PRODUCTS LIABILITY LITIGATION | : | MDL NO. 2047 |
| | : | SECTION: L |
| VERSUS | : | JUDGE FALLON |
| | : | MAG. JUDGE WILKINSON |

.. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. ..

## MOTION TO EXTEND DEADLINE FOR CLAIM SUBMISSION

COME NOW, Mr. Jason Huff, individually, and on behalf of his minor children, Brayden Huff, Breanna Huff and Blake Huff, and Mrs. Cammie Huff, who together reside in the Affected Property (CID 104644), and move this Honorable Court for an extension of the claims' filing deadline of October 25, 2013 in MDL 2047 to November 19, 2013, and as the grounds therefore, show the Court as follows:

1. On May 24, 2013, this Court established the claim submission deadline in the Chinese-Manufactured Drywall Products Liability Proceeding ("proceeding") as August 26, 2013 [Doc. 16877]. On July 26, 2013, this Court extended the deadline to September 30, 2013 [Doc. 16961]. On September 27, 2013, this Court issued a second extension to file a claim in this proceeding to October 25, 2013.

2. Mr. Huff is a member of the OMNI XVIII lawsuit [Case 2:13-cv-00609-EEF-JCW Doc. 1-2 Filed 04/03/13 Page 8 of 11], as he only discovered the 100% Knauf drywall in his home in

April, 2012, and consequently did not and could not have joined the litigation prior to the December, 2011 deadline.

3. Mr. Huff was advised, however, that he was a member of the InEx Class, and that he was possibly a member of the Global class.[1]

4. Prior to learning that the what has come to be known as the "second class" of Knauf claimants would be accepted into Knauf's remediation program, there were many uncertainties as to the overlap between remedies being offered between and amongst the Knuaf, INEX and Global settlement funds to which Mr. Huff would possibly eligible. *See* ORDER AND JUDGMENT: (1) CERTIFYING THE INEX, BANNER, KNAUF, L&W, AND GLOBAL SETTLEMENT CLASSES; AND (2) GRANTING FINAL APPROVAL TO THE INEX, BANNER, KNAUF, L&W, AND GLOBAL SETTLEMENTS [Doc. 16570] ("These settlements are all interrelated and interdependent.")

5. Mr. Huff, through undersigned counsel, was notified on July 12, 2013, that Knauf would accept claims from these OMNI XVIII "second class" members for remediation, but that such claimants were NOT eligible for any OTHER LOSSES damages from the Other Loss Fund, to include damages for personal injury and personal property.  [Doc. 16943, Minutes of Status Conference of 7/12/13 with Term Sheet] ("Benefits of Knauf Settlement II are to replicate or mirror those in Knauf Settlement. However, there should be no already remediated homes (unless construction commenced between December 9, 2011 and July 31, 2013) and no Other Loss Benefits.")

6.  Approval of the Global Settlement Agreement provides that the Settlement Agreement is part of the larger series of class settlements … and is designed to operate in conjunction with the Knauf Settlement Agreement." [Doc. 14562 at 8 of 378, ORDER & REASONS

PRELIMINARILY APPROVING THE SETTLEMENT AGREEMENT REGARDING THE CLAIMS INVOLVING BUILDERS, INSTALLERS, SUPPLIERS, AND PARTICIPATING INSURERS, CONDITIONALLY CERTIFYING A SETTLEMENT CLASS, APPROVING THE FORM NOTICE TO CLASS MEMBERS, AND STAYING CLAIMS AGAINST BUILDERS, INSTALLERS, SUPPLIERS, AND PARTICIPATING INSURERS]   Upon information and belief, the InEx Settlement Agreement is similarly part of the larger series of class settlements, and designed to operate in conjunction with the Knauf Settlement Agreement.

7. Provisions of the Knauf agreement mandate that Participating Class Members assign their claims to any net recovery under the InEx, Banner and L&W Settlements to the Knauf Defendants, as follows:

> 4.8.2. Except as provided in Section 4.8.2.2, each Participating Class Member shall assign his/her claims (to the extent that they relate to KPT Chinese Drywall) to any net recovery under the InEx, Banner and L&W Settlements to the Knauf Defendants, if not already assigned. Any Chinese Drywall, only 40% of the recovery under the Insurer Class Settlement will be deposited into the Settlement Funds.

This, along with other settlement agreement provisions making eligibility for personal injury and personal property damages dependent upon Knauf settlement procedures, was collectively interpreted by undersigned to divest Mr. Huff from participation in these settlements.

8. On June 6, 2013, based upon this analysis, undersigned only registered Mr. Huff with the Brown Greer settlement website, and on August 21, 2013, filed a remediation claim on his behalf for the subject property.  Undersigned regretfully did not register the other Huff household members, and thus did not file any personal property or personal injury claims on their behalf.

9.  On October 16, 2013, prior to the final deadline to submit claims, undersigned made inquiries with Katie Hamilton of Brown Greer to determine as to whether Greer Brown would accept claims from claimants belonging to the "second class" for personal property (other losses)

---

[1] Through pro se Liason Counsel

and bodily injury, and if a claimant is a party to the INEX settlement class, as undersigned believed Mr. Huff to be, would he be able to obtain such damages in that context?

10. In reply consisting of numerous emails and telephone conferences beginning November 11, 2013, Ms. Hamilton explained that each member of the household should be separately registered to file such claims, and that to her knowledge, claims for property damage and personal injuries, which were possible but now late, could be accepted under INEX and Global agreements, but only through consent of the parties or Order of the Court.  Ms. Hamilton further advised that Brown Greer representatives would be attending the status conference on November 21, 2013, and that she was requesting the Brown Greer agent to raise this issue amongst the parties and/or Court so as to request approval to file said claims beyond the submission date.

11.  On November 18, 2013, at the suggestion of Ms. Katie Hamilton of Brown Greer, undersigned registered the other Huff household members who are associated with Mr. Huff's Affected Property (CID 104644), (which apparently is allowed since they are members of a registered claimant's household,) to include his wife, Cammie Huff, and the Huff's three minor children, Brayden Huff, Breanna Huff and Blake Huff.

12.  On November 19, 2013, also at the suggestion of Ms. Katie Hamilton of Brown Greer, undersigned proceeded to file claims for personal property damages on behalf of Mr. Jason Huff, and for personal injury damages on behalf of Mr. Huff, Ms. Cammie Huff, and Mr. Huff on behalf of their three (3) minor said children, which claims have been received by Brown Greer but are marked "untimely" pending further disposition of the parties or the Court.

13.  On or about November 26, 2013, just prior to Thanksgiving holidays and a week of subsequent depositions in another matter, Ms. Hamilton of Brown Greer advised undersigned that the Parties who could consent to such extension did not seem too concerned about "untimely" submissions at present, and that a motion would likely be "the best way to go."

14.  Unrelated but presented for sake of completeness, at some unknown time in the course of this proceeding, Mr. Huff's claim for remediation was transferred to the Knauf Pilot Program. (Undersigned believes this occurred as a result of miscellaneous calls to Knauf counsel in an effort to have the Huff household remediated as soon as possible due to the fact that the Huff family continues to the reside in the defective drywall home, and is suffering adverse health effects along the lines of nose bleeds, headaches, rashes, and respiratory congestion.) Undersigned has since been notified by Brown Greer that Mr. Huff's claim for remediation under the Knauf Settlement Agreement has been denied as a result of his remediation claim being part of the Knauf Pilot Program.

15.  No prejudice will result from the extension of Claimants' filing deadline to November 19, 2013, the date by which the claims have been filed with Brown Greer. No action has been taken in the proceeding which could cause prejudice to any other party in the proceeding. Claimants make this request not for purposes of delay or harassment, but rather to expeditiously complete their filings in the settlement process.

For the above reasons, Claimants respectfully request this Honorable Court to extend the date by which Jason Huff, individually and on behalf of his minor children, Brayden Huff, Breanna Huff and Blake Huff, and Mrs. Cammie Huff, may submit claims to November 19, 2013, which will allow said already filed claims to be considered timely and processed by Brown Greer accordingly.

        Respectfully submitted:

*Karen S. McInnis*

KAREN SARRADET MCINNIS(LSBA#32199)
**MCINNIS LAW FIRM, LLC**

724 E. Boston Street  
Covington, Louisiana 70433  
Telephone: (985) 612-7217  
Facsimile: (985) 590-5008  
E-Mail: ksmcinnis@mcinnislawfirm.com

## **CERTIFICATE OF SERVICE**

I hereby certify that the above and foregoing Motion to Extend Deadline for Claim Submission has been served on Defendants' Liaison Counsel, Kerry Miller, by e-mail and upon all counsel of record via the Court's electronic filing system, this 9th day of December, 2013.

*/s/ Karen S. McInnis*

_____
KAREN SARRADET MCINNIS