UNITED STATES JUDICIAL PANEL
on
MULTIDISTRICT LITIGATION



IN RE: CHINESE-MANUFACTURED DRYWALL
PRODUCTS LIABILITY LITIGATION
Braxton H. Collins, et al. v. Bass Homes, Inc., et al., )
   S.D. Mississippi, C.A. No. 1:13-00297       )
Jason S. Herrington, et al. v. Bass Homes, Inc., et al., )   MDL No. 2047
   S.D. Mississippi, C.A. No. 1:13-00323       )

**TRANSFER ORDER**

**Before the Panel:**[*] Pursuant to Panel Rule 7.1, plaintiffs in these two actions (*Collins* and *Herrington*), as well as Ace Hardware Corporation (Ace), one of the two common defendants, move to vacate our order conditionally transferring the actions to the Eastern District of Louisiana for inclusion in MDL No. 2047. Bass Homes, Inc. (Bass), which is the other common defendant in the actions, opposes the motion.

In opposing transfer, movants argue, *inter alia*, that they would be inconvenienced by transfer, as plaintiffs and many potential witnesses are located in Mississippi, Ace is a Delaware corporation with its principal place of business in Illinois, and Bass is an Alabama corporation with its principal place of business in Alabama. We find this argument unpersuasive. According to the Eastern District of Louisiana's CM/ECF system, both the *Collins* and *Herrington* plaintiffs are litigating in the MDL in *Wiltz, et al. v. Beijing New Bldg. Material Pub. Ltd. Co., et al.*, E.D. La., C.A. No. 2:10-00361, which was commenced in the transferee district in February 2010.[1]

After considering all argument of counsel, we find that *Collins* and *Herrington* involve common questions of fact with actions previously transferred to MDL No. 2047, and that transfer will serve the convenience of the parties and witnesses and promote the just and efficient conduct of the litigation. Moreover, transfer is warranted for the reasons set out in our original order directing centralization. In that order, we held that the Eastern District of Louisiana was an appropriate Section 1407 forum for actions "shar[ing] factual questions concerning drywall manufactured in China, imported to and distributed in the

---

[*]   Judge Marjorie O. Rendell and Judge Lewis A. Kaplan took no part in the decision of this matter.

[1]   In December 2011, the *Collins* and *Herrington* plaintiffs filed, in the *Wiltz* action, notices of voluntary dismissal with respect to defendant Ace, but expressly reserved their rights and claims against all other defendants in *Wiltz* – including Bass.

- 2 -

United States, and used in the construction of houses; plaintiffs in all actions allege that the drywall emits smelly, corrosive gases." *See In re: Chinese-Manufactured Drywall Prods. Liab. Litig.*, 626 F. Supp. 2d 1346, 1347 (J.P.M.L. 2009). Here, the *Collins* and *Herrington* plaintiffs expressly allege that their homes were built using defective Chinese drywall that emits corrosive sulfur fumes.

IT IS THEREFORE ORDERED that pursuant to 28 U.S.C. § 1407, this action is transferred to the Eastern District of Louisiana and, with the consent of that court, assigned to the Honorable Eldon E. Fallon for inclusion in the coordinated or consolidated pretrial proceedings.

PANEL ON MULTIDISTRICT LITIGATION

*[signature]*

John G. Heyburn II
Chairman

Paul J. Barbadoro     Charles R. Breyer
Sarah S. Vance     Ellen Segal Huvelle