UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: CHINESE-MANUFACTURED DRYWALL PRODUCTS LIABILITY LITIGATION | MDL NO. 2047<br>SECTION: L<br>JUDGE FALLON<br>MAG. JUDGE WILKINSON |
| THIS DOCUMENT RELATES TO:<br><br>Amorin, et al. v. Taishan Gypsum Co., Ltd. f/k/a Shandong Taihe Dongxin Co., Ltd., et. al., Case No. 2:11-cv-1395 (E.D.La.)<br><br>Amorin, et al. v. Taishan Gypsum Co., Ltd. f/k/a Shandong Taihe Dongxin Co., Ltd., et. al., Case No. 2:11-cv-1672 (E.D.La.)<br><br>Amorin, et al. v. Taishan Gypsum Co., Ltd. f/k/a Shandong Taihe Dongxin Co., Ltd., et. al., Case No. 2:11-cv-1673 (E.D.La.) | |

PLAINTIFFS' MEMORANDUM OF LAW IN
SUPPORT OF PLAINTIFFS' FOURTH OMNIBUS
MOTION FOR PRELIMINARY DEFAULT JUDGMENT

I. **INTRODUCTION**

As the Court is well aware, the Plaintiffs' Steering Committee ("PSC") has filed numerous class action complaints against the manufacturers and other parties responsible for the defective Chinese manufactured drywall that was installed in the homes of the plaintiffs in this litigation. Shortly after filing each of these complaints, the PSC commenced serving the named defendants with these complaints. Many of the defendants who have been served with the class action complaints have failed to enter an appearance, answer, or otherwise respond to the applicable complaint. For this reason, the PSC has obtained preliminary default judgements with respect to several of its class action complaints. *See* Rec.Doc. Nos. 487, 7302, 7735, 7736, 15687 and 16030. These preliminary default judgements include default judgments against Taishan Gypsum Co., Ltd., f/k/a Shandong Taihe Dongxin Co. Ltd. ("Taishan") in the *Germano*

proceedings, *see* Rec.Doc.No. 887, preliminary default judgments against Beijing New Building Materials Public Limited Co. ("BNBM") in the *Gross* proceedings, *see* Rec.Doc.Nos. 7302, 7736 and 15687, preliminary default judgments against Beijing New Building Materials Group Co., Ltd ("BNBM Group"), China National Building Materials Co., Ltd. ("CNBM") and China National Building Materials Group Corporation ("CNBM Group") in the *Gross* proceedings, *see* Rec.Doc.Nos. 7302 and 15687, and preliminary default judgments against BNBM in the *Wiltz* proceedings. *See* Rec.Doc.Nos. 7735 and 15687.[1] Currently pending before the Court is Plaintiffs' Third Omnibus Motion for Preliminary Default Judgment, *see* Rec.Doc.Nos. 17089 and 17172, which seeks additional preliminary default judgments against Taishan, its wholly-owned subsidiary Taian Taishan Plasterboard Co., Ltd. ("Taian Taishan"), and CNBM in two of the *Amorin* cases that are the subject of the instant motion for preliminary default judgment.[2]

The instant motion for preliminary default judgment is being filed with respect to certain additional defaulting defendants [hereafter the "Defaulting Defendants"]. As to these Defaulting Defendants, Plaintiffs request that the Court enter preliminary default judgment against each of them in favor of the plaintiffs and class members who are aligned with these defendants.

---

[1] BNBM, BNBM Group, CNBM, and CNBM Group, are large state-owned Chinese entities that maintain various subsidiaries who manufacture construction materials. Taishan is one of the primary manufacturing defendants in this litigation. BNBM, BNBM Group, CNBM, and CNBM Group all have ownership interests in Taishan. BNBM also manufactured defective drywall that was exported to the United States.

[2] This third omnibus motion for preliminary default judgment seeks entry of preliminary default judgment against Taishan, Taian Taishan, and CNBM in *Amorin, et al. v. Taishan Gypsum Co., Ltd. f/k/a Shandong Taihe Dongxin Co., Ltd., et. al.*, Case No. 2:11-cv-1395 (E.D.La.) (originally filed in the Eastern District of Louisiana). This motion also seeks preliminary default judgment against Taishan and Taian Taishan in connection with the proceedings in *Amorin, et al. v. Taishan Gypsum Co., Ltd. f/k/a Shandong Taihe Dongxin Co., Ltd., et. al.*, Case No. 2:11-cv-1672 (E.D.La.) (originally filed in the Southern District of Florida prior to being transferred to this Court).

## II.  FACTS

The PSC has filed class action complaints during the course of this litigation in order to perfect plaintiffs' claims against the manufacturing defendants and other parties responsible for the defective drywall in the plaintiffs' homes. In addition to asserting claims against manufacturing defendants, these complaints are also designed as a vehicle for plaintiffs to bring claims against the non-manufacturing defendants in the stream of distribution of the defective drywall in their homes. The pertinent class action complaints at issue in Plaintiffs' motion for entry of preliminary default judgment are:

1. *Amorin, et al. v. Taishan Gypsum Co., Ltd. f/k/a Shandong Taihe Dongxin Co., Ltd., et. al.*, Case No. 2:11-cv-1395 (E.D.La.) (originally filed in the Eastern District of Louisiana); and

2. *Amorin, et al. v. Taishan Gypsum Co., Ltd. f/k/a Shandong Taihe Dongxin Co., Ltd., et. al.*, Case No. 2:11-cv-1672 (E.D.La.) (originally filed in the Southern District of Florida prior to being transferred to this Court); and

3. *Amorin, et al. v. Taishan Gypsum Co., Ltd. f/k/a Shandong Taihe Dongxin Co., Ltd., et. al.*, Case No. 2:11-cv-1673 (E.D.La.) (originally filed in the Eastern District of Virginia before being transferred to this Court).

As noted above, these actions were originally filed in the Eastern District of Louisiana, the Southern District of Florida, and the Eastern District of Virginia, respectively. All three of these actions are now pending before this Court. The PSC filed these complaints in these three fora since the named defendants are subject to personal jurisdiction in these fora as they targeted the distribution of their defective drywall to plaintiffs located in these states.[3]

---

[3] The PSC has filed motions to intervene additional plaintiffs into each of the *Amorin* cases that are the subject of this motion for preliminary default judgment. The Court has granted these motions and the PSC is in the process of serving the complaints in intervention on the defendants. The PSC has no obligation to serve these intervention complaints on those defendants who are in default in the *Amorin* proceedings as Rule 5(a) provides that "[n]o service need be made on parties in default for failure to appear except that pleadings asserting new or additional claims for relief against them shall be served upon them in the manner provided for service of summons in Rule 4." Therefore, if a complaint contains "no new or additional claims

Since the filing of each of the above class action complaints, Plaintiffs received notice that service of process was perfected on many of the named defendants who are now in default. For each of the class action complaints at issue in the instant motion, the Defaulting Defendants are as follows:

1. With respect to the proceedings in *Amorin, et al. v. Taishan Gypsum Co., Ltd. f/k/a Shandong Taihe Dongxin Co., Ltd., et. al.*, Case No. 2:11-cv-1395 (E.D.La.), the defaulting defendants are set forth in Exhibit "A" to this motion; and

2. With respect to the proceedings in *Amorin, et al. v. Taishan Gypsum Co., Ltd. f/k/a Shandong Taihe Dongxin Co., Ltd., et. al.*, Case No. 2:11-cv-1672 (E.D.La.), the defaulting defendants are set forth in Exhibit "B" to this motion.

3. With respect to the proceedings in *Amorin, et al. v. Taishan Gypsum Co., Ltd. f/k/a Shandong Taihe Dongxin Co., Ltd., et. al.*, Case No. 2:11-cv-1673 (E.D.La.), the defaulting defendants are set forth in Exhibit "C" to this motion.

*See* Levin Declaration, Exhibit "D" attached hereto.

As of the filing of Plaintiffs' motion for entry of preliminary default judgment, none of the Defaulting Defendants have entered an appearance, filed an answer, or otherwise responded to the applicable complaint.

---

for relief, it need not be served on the defaulting defendant." *Combs v. Coal & Mineral Management Services, Inc.*, 105 F.R.D. 472, 474 n.1 (D.D.C.1984). *See also Appleton Electric Co., v. Graves Truck Line, Inc.*, 635 F.2d 603, 610 (7th Cir.1980). Since the plaintiffs in intervention assert identical claims to those being asserted in the original *Amorin* Complaints and since these intervening plaintiffs are already parties to the proceedings as absent class members, the complaints in intervention do not assert any new or additional claims for relief and do not need to be served on those defendants who are currently in default. *Cf. Devlin v. Scardelletti*, 536 U.S. 1, 9-10 (2002) ("Nonnamed class members... may be parties for some purposes and not for others"). The PSC will nevertheless make arrangements to serve the intervention complaints on the Defaulting Defendants.

## III. ARGUMENT

### A. Plaintiffs Are Entitled to Preliminary Default Judgment Against the Defaulting Defendants

The entry of a default judgment is governed by Fed.R.Civ.Proc. 55, which states in pertinent part:

> When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default...
>
> [In cases where the plaintiff's claim is for a sum that is not certain and cannot be made certain by computation], the party must apply to the court for a default judgment...If the party against whom a default judgment is sought has appeared personally or by a representative, that party or its representative must be served with written notice of the application at least 3 days before the hearing...

*See* Fed.Rule.Civ.Proc. 55.

This Court has publically warned defendants that their counsel must enter an appearance on their behalf within twenty (20) days of service of the complaint or risk being held in default:

> IT IS ORDERED that Pretrial Order #1, Paragraph 8 regarding EXTENSION AND STAY be and is hereby MODIFIED to reflect that those who have been served and who have not made an appearance will be subject to default. The Court instructed the parties to file a motion for default in cases involving parties who have been served but who have not made an appearance, before the next status conference.

*See* Minute Entry dated August 11, 2009, p.3 [Document # 165]. *See also* Pretrial Order ("PTO") No. 1G (clarifying that counsel must enter an appearance within twenty (20) days after service of a complaint on their client) [Document # 3348].[4]

---

[4] Pursuant to Fed.Rule Civ. Proc. 12, a defendant must serve an answer within 20 days after being served with the summons and complaint. *See* Fed.R.Civ.Proc. 12(a)(1)(A)(I). PTO No. 1G is designed to relax the burden on defendants by allowing them to avoid default by entering an appearance within 20 days of service of process.

Here, Plaintiffs received documentation reflecting service of process of the applicable pleading on each of the Defaulting Defendants which documentation has been or will be filed with the Court. *See* Levin Declaration, Exhibit "D". As of this date, none of the Defaulting Defendants have entered an appearance or filed a responsive pleading notwithstanding the Court's instruction that they must enter an appearance within 20 days of service of process or risk being held in default. Accordingly, the Defaulting Defendants have failed to respond to Plaintiffs' complaints or otherwise defend themselves as set forth in Exhibits "A" through "C". As the Fifth Circuit has explained, mere acceptance of service does not constitute an appearance for purposes of Fed.R.Civ.Proc. 55(b)(2). *Rogers v. Hartford Life and Acc. Ins. Co.*, 167 F.3d 933, 937 (5th Cir. 1999). Thus, plaintiffs need not notify the Defaulting Defendants of the present motion for entry of preliminary default judgment.

The Defaulting Defendants have proffered no excuse for their failure to respond to Plaintiffs' complaints. Accordingly, by the plain language of Fed.Rules Civ. Proc. 55, Plaintiffs and the class they seek to represent are entitled to the entry of default and preliminary default judgment against the Defaulting Defendants with whom they are aligned.

### B. The BNBM and CNBM Entities Are Attempting to Evade Service of Process

At this stage in the litigation, it is evident that the BNBM and CNBM entities are evading service of process. In *Amorin, et al. v. Taishan Gypsum Co., Ltd. f/k/a Shandong Taihe Dongxin Co., Ltd., et. al.*, Case No. 2:11-cv-1395 (E.D.La.) (the "Louisiana Complaint") and *Amorin, et al. v. Taishan Gypsum Co., Ltd. f/k/a Shandong Taihe Dongxin Co., Ltd., et. al.*, Case No. 2:11-cv-1672 (E.D.La.) (the "Florida Complaint"), Plaintiffs attempted service on these entities at their long standing addresses.[5] Plaintiffs were advised that service of process had been refused

---

[5] As noted above, Plaintiffs have served the BNBM and CNBM entities at these address in the past and have obtained default judgments. *See* Rec.Doc. #s 7302, 7735, 7736 and 15687.

because there were (1) inaccuracies in the defendants' names and (2) because the defendants had purportedly relocated to new addresses. Neither provides a sound basis for avoiding service of process.

First, so far as defendants refused to accept service of process due to minor variations in defendants' names, it should be noted that these defendants are named consistent with their English Language websites. For instance, the Complaint and Summons name, "China National Building Materials Group Co." as a defendant. Service of the Louisiana Complaint was refused however on the purported ground that the legal name for this entity is actually "China National Building Materials Group Company Limited". However, this defendant's English language website identities this entity as "China National Building Materials Group Corporation". *See* http://www.cnbm.com.cn/EN/c_0000001600070001/ attached hereto as Exhibit "D" hereto. Thus, the BNBM and CNBM entities' basis for refusing service of process is confected from an ambiguity created by the company. It should not be permitted to avoid service based upon the confusion in name generated by its own doing.[6]

In addition, a minor difference in how a defendant's name is spelled has consistently been held to be an improper basis for refusing service of process. *See Brackens v. USA Credit*, 233 F.R.D. 613, 614 (D. Kan. 2005); *Scottsdale Ins. Co. v. Littlepage*, 1993 WL 275162, * 4 (E.D.Pa. July 16, 1993) (refusing to overturn default judgment where there was a minor inaccuracy in the defendant's name); *McManus v. Washington Gas Light Co.*, 1991 WL 222345, * 6 (D.D.C., Oct 15, 1991); *Tremps v. Ascot Oils, Inc.*, 561 F.2d 41, 44 (7th Cir.1977); *United States v. A.H. Fischer Co., Inc.*, 162 F.2d 872, 873 (4th Cir.1947) ("A suit at law is not a children's game but a serious effort on the part of adult human beings to administer justice; and the purpose of process

---

[6] As to the BNBM entities, the Chinese process server has advised that the name of the addressee does not match.

7

is to bring parties into court. If it names them in such terms that every intelligent person understands who is meant, as is the case here, it has fulfilled its purpose; and courts should not put themselves in the position of failing to recognize what is apparent to everyone else."). *See also Triangle Distributing, Inc. v. Shafer, Inc.*, 1991 WL 164333, * 3 (6th Cir. Aug. 23, 1991) (overturning lower court's order refusing to grant motion to correct name of party defendant); *Hensgens v. Deere & Co.*, 869 F.2d 879, 884 (5th Cir. 1989) ("Law is not a game of scrabble. The original timely filed petition naming John Deere Corp. as the defendant interrupted prescription against Deere & Company under Louisiana Civil Code article 3462.").

For instance, in *Aerielle Technologies, Inc. v. Procare Int'l Co.*, 2011 WL 767775 (E.D. Tex. Feb. 28, 2011), the court granted the plaintiff's motion for default judgment even though the summons did not correctly identify the defendant. In so ruling, the Court observed that, "[i]t is well established that [t]he fact that the Defendant's name is in some minor respect inaccurate is not necessarily fatal to service. A mere mistake as to a party's name does not defeat the service." *See Aerielle Technologies, Inc.*, 2011 WL 767775, *2 (internal quotations omitted). Critical to the court's determination that default judgment was appropriate in *Aerielle Technologies, Inc.* was the fact that the defaulted defendant had received actual notice of the litigation. *Id.* Likewise, in the instant litigation, minor inaccuracies in the defendants' names, to the extent there are any, should be disregarded as a basis for avoiding service of process so long as such defendants have notice of the instant litigation.

Second, so far as the BNBM and CNBM entities have refused service since they contend they have relocated to new addresses, Plaintiffs have since perfected service of process on these defendants in *Amorin, et al. v. Taishan Gypsum Co., Ltd. f/k/a Shandong Taihe Dongxin Co., Ltd., et. al.*, Case No. 2:11-cv-1673 (E.D.La.) (the "Virginia Complaint") using the original address where service was refused in the earlier Louisiana and Florida Complaints. BNBM and

8

CNBM entities are clearly engaged in efforts to avoid service of process. Such irresponsible behavior delays these proceedings and should not be condoned. While Plaintiffs are reserving the BNBM and CNBM entities at their new addresses consistent with the Hague Convention,[7] they are nevertheless including these entities in their default motion with respect to the Virginia Complaint since service of process has been perfected at the original address.

IV. **CONCLUSION**

WHEREFORE, for the reasons set forth above, Plaintiffs respectfully request that the Court grant Plaintiffs' fourth omnibus motion for preliminary default judgment.

Respectfully submitted,

Dated: January 10, 2014

/s/ Russ M. Herman
Russ M. Herman, Esquire (LA Bar No. 6819)
Leonard A. Davis, Esquire (LA Bar No. 14190)
Stephen J. Herman, Esquire (LA Bar No. 23129)
HERMAN, HERMAN & KATZ, LLC
820 O'Keefe Avenue
New Orleans, Louisiana 70113
Phone: (504) 581-4892
Fax: (504) 561-6024
LDavis@hhkc.com
*Plaintiffs' Liaison Counsel*
*MDL 2047*

---

[7] When a defendant has relocated to a new address, it is common for courts to order service at a defendants' new address. *See Cruse v. Gibson*, 2012 WL 1145861, * 3 (S.D. Ohio Apr. 5, 2012) (directing plaintiff to provide marshal with defendant's new address for purposes of perfecting service of process); *Parker v. Webber*, 2013 WL 2147195, * 4 (M.D. La. Apr. 25, 2013) (excusing untimely service of complaint as court's earlier order directing marshal to re-serve the defendant at a new address effectively extended time period for service of process to be completed), report and recommendation adopted, 2013 WL 2147237 (M.D. La. May 15, 2013). Indeed, Fed. R. Civ. P. 4 (a)(2) provides that a "court may permit a summons to be amended."

Arnold Levin (On the Brief)
Fred S. Longer (On the Brief)
Matthew C. Gaughan (On the Brief)
Levin, Fishbein, Sedran & Berman
510 Walnut Street, Suite 500
Philadelphia, PA 19106
215-592-1500 (phone)
215-592-4663 (fax)
Alevin@lfsblaw.com
*Plaintiffs' Lead Counsel*
*MDL 2047*

## PLAINTIFFS' STEERING COMMITTEE

Dawn M. Barrios
Barrios, Kingsdorf & Casteix, LLP
701 Poydras Street, Suite 3650
New Orleans, LA 70139
Phone: (504) 524-3300
Fax: (504) 524-3313
Barrios@bkc-law.com

Daniel E. Becnel, Jr.
Becnel Law Firm. LLC
425 W. Airline Highway, Suite B
Laplace, LA 70068
Phone: (985) 536-1186
Fax: (985) 536-6445
dbecnel@becnellaw.com

Robert C. Josefsberg
Podhurst Orseck, P.A.
25 Flagler Street, 8th Floor
Miami, FL 33130
Phone: (305) 358-2800
Fax: (305) 358-2382
rjosefsberg@podhurst.com

Bruce William Steckler
The Steckler Law Firm
12700 Park Central Drive, Ste 1900
Dallas, TX 75251
Phone: (972) 387-4040
Fax: (972) 387-4041
bruce@stecklerlaw.com

Ervin A. Gonzalez
Colson, Hicks, Eidson, Colson
 Matthews, Martinez, Gonzales,
 Kalbac & Kane
255 Alhambra Circle, Penthouse
Cora Gables, FL 33134
Phone: (305) 476-7400
Fax: (305) 476-7444

Ben W. Gordon, Jr.
Levin, Papantonio, Thomas, Mitchell
 Echsner & Proctor, P.A.
316 S. Baylen Street, Suite 600
Pensacola, FL 32502
Phone: (850) 435-7000
Fax: (850) 435-7020
bgordon@levinlaw.com

Hugh P. Lambert
The Lambert Firm
701 Magazine Street
New Orleans, LA 70130
Phone: (504) 581-1750
Fax: (504) 529-2931
hlambert@thelambertfirm.com

Gerald E. Meunier
Gainsburgh, Benjamin, David, Meunier
 & Warshauer, LLC
2800 Energy Centre, 1100 Poydras Street

10

New Orleans, LA 70163-2800
Phone: (504) 522-2304
Fax: (504) 528-9973
gmeunier@gainsben.com

Jerrold Seth Parker
Parker, Waichman, Alonso LLP
3301 Bonita Beach Road
Bonita Springs, FL 34134
Phone: (239) 390-1000
Fax: (239) 390-0055
Jerry@yourlawyer.com

Scott Wm. Weinstein
Morgan & Morgan
12800 University Drive, Suite 600
Ft. Meyers, FL 33907
Phone: (239) 433-6880
Fax: (239) 433-6836
sweinstein@forthepeople.com

James Robert Reeves
Lumpkin & Reeves
160 Main Street
Biloxi, MS 39530
Phone: (228) 374-5151
Fax: (228) 374-6630
jrr@lumpkinreeves.com

Christopher Seeger
Seeger Weiss, LLP
77 Water Street
New York, NY 10005
Phone: (212) 584-0700
Fax: (212) 584-0799
cseeger@seegerweiss.com

Daniel K. Bryson
Whitfield, Bryson & Mason
900 W. Morgan Street
Raleigh, NC 27603
Phone: (919) 600-5000
Fax: (919) 600-5002
dan@wbmllp.com

Richard J. Serpe, Esquire
Law Offices of Richard J. Serpe
Crown Center, Ste. 310
580 East Main Street
Norfolk, VA 23510-2322
Phone: (757) 233-0009
Fax: (757) 233-0455
rserpe@serpefirm.com

Victor M. Diaz, Jr., Esquire
V.M. Diaz and Partners, LLC
119 Washington Ave, Suite 402
Miami Beach, FL 33139
Phone: (305) 704-3200
Fax: (305) 538-4928
victor@diazpartners.com

## OF COUNSEL TO PLAINTIFFS' STEERING COMMITTEE

Richard S. Lewis
HAUSFELD LLP
1700 K Street, N.W
Suite 650
Washington, DC 20006
Phone: (202) 540-7200
Fax: (202) 540-7201
rlewis@hausfeldllp.com

Andrew A. Lemmon
Lemmon Law Firm, LLC
P.O. Box 904
15058 River Road
Hahnville, LA 70057
Phone: (985) 783-6789
Fax: (985) 783-1333
andrew@lemmonlawfirm.com