UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: CHINESE-MANUFACTURED DRYWALL PRODUCTS LIABILITY LITIGATION<br><br>THIS DOCUMENT RELATES TO:<br><br>*Pate v. American International Specialty Lines Insurance Company, et al.* (09-7791) | MDL NO. 2047<br><br>SECTION: L<br>JUDGE FALLON<br>MAG. JUDGE WILKINSON |

## DECLARATION OF ROBERT M. HORKOVICH IN SUPPORT OF ANDERSON KILL P.C.'S MOTION FOR LEAVE TO SUBMIT TIME UNDER PRE-TRIAL ORDER NOS. 9, 9A, and 28

I, Robert M. Horkovich, declare as follows:

1.  I am the managing shareholder of Anderson Kill P.C. ("AK").

2.  I represent Robert C. Pate, as Trustee for the Chinese Drywall Trust, in *Pate v. American International Specialty Lines Insurance Company, et al.*, No. 09-7791 (the "Pate Action"), a member case of the Chinese Manufactured Drywall Products Liability Multidistrict Litigation (the "MDL").

3.  I make this Declaration in support of AK's Motion for Leave to Submit Time under Pre-Trial Order Nos. 9, 9A, and 28. Specifically, AK seeks to submit its time records for its common benefit work in this litigation from the inception of this matter to the present.

## AK'S INVOLVEMENT IN THE
## CHINESE MANUFACTURED DRYWALL PRODUCTS LIABILITY LITIGATION

4.  A Chapter 11 Plan of Reorganization for WCI Communities, Inc. and a number of its subsidiaries (collectively, "WCI") created the Chinese Drywall Trust (the "Trust"). Generally speaking, the Trust holds the: (i) rights to payment under WCI's

insurance policies; (ii) causes of action that WCI may have against insurers of subcontractors or other entities that installed Chinese drywall in a home WCI built or sold; and (iii) right, title, and interest in pursuing and receiving certain insurance recoveries.

5. On December 23, 2009, I caused to be filed on the Trust's behalf a complaint which, as later amended, named the following twenty-two insurance company defendants: American International Specialty Lines Insurance Company; American Guarantee and Liability Insurance Company; Amerisure Insurance Company; Amerisure Mutual Insurance Company; Auto-Owners Insurance Company; Chartis Claims, Inc.; FCCI Commercial Insurance Company and FCCI Insurance Company (collectively, "FCCI"); Hartford Accident & Indemnity Company ("Hartford"); Hermitage Insurance Company; Illinois Union Insurance Company; Landmark American Insurance Company; Lexington Insurance Company; Mid-Continent Casualty Company ("Mid-Continent"); National Union Fire Insurance Company of Pittsburgh, Pa.; NGM Insurance Company; Ohio Casualty Company; Owners Insurance Company; Old Republic Insurance Company; Scottsdale Insurance Company; Steadfast Insurance Company; and West American Insurance Company. See 09-7791, D.E. 1; D.E. 1732.[1] These insurance companies sold insurance policies to (i) WCI and (ii) WCI's drywall subcontractors.

6. The Pate Action constituted the first and only pure insurance coverage lawsuit brought in this MDL.

7. The Pate Action complaint alleged, among other things, that the insurance company defendants were obligated to indemnify the Trust for losses arising

---

[1] Except where noted otherwise, "D.E." refers to a Docket Entry in Case No. 09-2047.

from claims against WCI for the development and sale of homes allegedly containing defective Chinese manufactured drywall. This action raised fundamental issues regarding the insurance companies' obligations to cover Chinese Drywall losses.

8. In addition to representing the Trust in the Pate Action, I represented the Trust in the following state court litigations that the insurance companies filed in the United States District Court for the Middle District of Florida subsequent to the Pate Action:

(i) *Mid-Continent Casualty Co. v. Pate, as Trustee for the Chinese Drywall Trust, 1st Choice Construction, Inc., Finest Drywall, Inc., Distinctive Finishes, LLC, Swedberg Enterprises, Inc. d/b/a Florida Drywall, and Steven Sweet Drywall*, Civil Action No. 2:10-cv-00121;

(ii) *Chartis Specialty Insurance Company and Lexington Insurance Company v. Pate, in his capacity as Trustee for the Chinese Drywall Trust, WCI Communities, Inc., and WCI Communities, LLC*, Civil Action No. 8:10-cv-01456;

(iii) *National Union Fire Insurance Company of Pittsburgh, PA and Commerce and Industry Insurance Company v. Pate, in his capacity as Trustee for the WCI Chinese Drywall Trust, Beta Construction LLC f/k/a Beta Drywall LLC, and Finest Drywall, Inc.*, Civil Action No. 8:10-cv-01541; and

(iv) *FCCI Commercial Insurance Company and FCCI Insurance Company v. Pate, as Trustee for the Chinese Drywall Trust, and Residential Drywall, Inc.*, Civil Action No. 8:10-cv-01567.

(collectively, the "Florida Actions").

9. Throughout the course of the litigation, AK performed certain common benefit work. By way of example, AK:

(i) Initiated, organized, and hosted the first global mediation in this action on September 20, 2010 at its Philadelphia office. AK invited counsel for the insurance companies as well as certain drywall subcontractors. John W. Perry, the court-appointed mediator; Gregory J. Wallance, counsel for Knauf Plasterboard Tianjin ("KPT"); Bruce Steckler of the Plaintiffs'

        Steering Committee ("PSC"); and Arnold Levin, Plaintiffs' Lead Counsel attended.

(ii) Initiated, organized, and hosted the second global mediation in this case at its New York office on December 6, 2010. The attendees included: Gregory J. Wallance, KPT's counsel; Matthew Gaughan and Bruce Steckler of the PSC; Pedro E. Hernandez, counsel for Mid-Continent; Robert M. Darroch, counsel for FCCI; Steven M. Klepper, counsel for Hartford; Judge Robert C. Pate; Michael Ryan of the Chinese Drywall Trust Advisory Board; David J. Shay from Perry Dampf Dispute Solutions; and Sander L. Esserman, counsel for the Trust.[2]

(iii) In response to the insurance companies' motions to dismiss based on lack of personal jurisdiction, improper venue, and failure to join indispensable parties, drafted written discovery requests concerning the issues of personal jurisdiction and venue, and also proposed areas of testimony for corporate representative depositions of the insurance companies. See D.E. 5293-2, 5293-3, 5293-4. The PSC adopted these discovery requests.

(iv) Assisted the PSC in drafting a "Joint Motion to Compel," addressing deficiencies in the insurance companies' discovery responses. See D.E. 5293.

(v) Argued the motion to compel before this Court on behalf of the Trust and the PSC on September 2, 2010.

(vi) Took depositions, along with the PSC, focused on this Court's personal jurisdiction over the insurance companies.

(vii) Researched and drafted briefs addressing the issues of personal jurisdiction and indispensable parties in response to the insurance companies' motions to dismiss. See D.E. 5980.[3] The PSC joined in this briefing.

(viii) Argued before this Court on November 3, 2010 in opposition to the insurance companies' motions to dismiss based on personal jurisdiction and indispensable parties on behalf of the Trust; the PSC; and Centerline Homes Construction, Inc., Completed Communities II, LLC, Centerline Homes at

---

[2] Attorney Esserman represented the Trust in a related bankruptcy proceeding.
[3] The brief concerning personal jurisdiction was filed under seal. See D.E. 6243 (granting motion to file under seal).

        Georgetown, LLC, and Centerline Homes, Inc. ("Centerline").[4]

(ix)    Researched, drafted, and had filed a "Motion for Partial Summary Judgment On The Pollution Exclusion." See D.E. 7327. The PSC joined in this motion and signed it.

(x)    Researched, drafted, and had filed a "Motion for Summary Judgment Concerning Insurance Coverage Trigger Theory." See D.E. 7776. The PSC joined in this motion and signed it.

## AK'S REQUEST FOR LEAVE

10.    Up until the Court issued Pretrial Order No. 28, I was unaware that recovery of common benefit fees required AK to submit its bills periodically pursuant to Pretrial Orders No. 9 and 9A or of the existence of the Philip Garrett Case Cost Management System.

11.    Although I discussed submitting a fee petition with PSC representatives on several occasions, we did not discuss that bills were to be submitted periodically through any means.

12.    I am now aware that Pretrial Orders No. 9 and 9A were available on the Court website, and that I failed to make myself aware of them.

13.    After discovering this oversight, I had my colleague, Anna M. Piazza, contact Matthew Gaughan of Levin Fishbein, Sedran & Berman to request advice as to how to proceed. Ms. Piazza thereafter discussed this issue with Dawn Barrios of the Fee Committee.

---

[4] In a decision dated February 9, 2011, this Court denied Mid-Continent's and FCCI's motions to dismiss, holding that Mid-Continent and FCCI maintained sufficient contacts with Louisiana to be subject to personal jurisdiction. See D.E. 7356. Furthermore, this Court held that the drywall subcontractors did not constitute "required parties" under Federal Rule of Civil Procedure 19(a) and thus denied the insurance companies' motions to dismiss for failure to join indispensable parties. See D.E. 7357.

14. Based on those conversations, I am submitting this motion for leave.

15. I respectfully request that the Court permit AK to submit its bills to Philip A. Garrett, CPA as well as perform the audit that Pre-Trial Order No. 28 requires by February 14, 2014. We are currently unable to begin submitting our bills as we do not have the requisite username, password, and partner signature.

16. In support of this motion, I respectfully ask the Court to consider the common benefit work that AK performed, as detailed in summary form above.

17. Moreover, I ask the Court to consider that AK performed all work in the Pate Action and the Florida Actions on a contingency basis. AK will not receive any recovery on that basis. AK's recovery, if any, will be limited to attorneys' fees it is permitted to recover through a fee petition for common benefit work.[5]

I declare under penalty of perjury that the foregoing is true and correct.

Dated: January 23, 2014

_____
ROBERT M. HORKOVICH

---

[5] The Trust did reimburse AK for a fraction of its costs.