UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE:  CHINESE MANUFACTURED DRYWALL PRODUCTS LIABILITY LITIGATION | MDL NO. 2047 |
| | SECTION "L", MAGISTRATE 2 |
| | JUDGE FALLON |
| THIS DOCUMENT RELATES TO: | MAGISTRATE JUDGE WILKINSON |
| *Beane, et al v. Knauf Gips, KG, et al* Case No. 13-609 | |

**KNAUF DEFENDANTS' ANSWER TO PLAINTIFFS'
OMNIBUS CLASS ACTION COMPLAINT (XVIII)
AND DEMAND FOR JURY TRIAL**

Pursuant to Rules 8 and 12 of the Federal Rules of Civil Procedure, Defendants Gebrueder Knauf Verwaltungsgesellschaft, KG ("GKV"), Knauf International GmbH, Knauf Insulation GmbH ("KI"), Knauf UK GmbH, Knauf AMF GmbH & Co. KG ("Knauf AMF"), Knauf Do Brasil Ltd. ("Knauf Brasil"), PT Knauf Gypsum Indonesia ("Knauf Indonesia"), and Knauf Gips KG ("Knauf Gips") (collectively, the "Answering Defendants") respond to the corresponding paragraphs of Plaintiffs' Omnibus Class Action Complaint (XVIII) and Demand for Jury Trial ("Complaint")[1] as follows:

**JURISDICTION, PARTIES, AND VENUE**

1-2.   The Answering Defendants admit the allegations of paragraphs 1 and 2 of the Complaint.

**PLAINTIFFS**

---

[1] As amended by Plaintiffs' Fifth Supplemental and Amended Omnibus Class Action Complaint (XVIII) dated July 31, 2013.

1

3. Paragraph 3 of the Complaint contains statements as to which no response is required.

4. The Answering Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 4 of the Complaint.

5-6. Paragraphs 5 through 6 of the Complaint contain statements as to which no response is required.

**DEFENDANTS**

7. To the extent that the allegations of paragraph 7 are not directed to the Answering Defendants, no response is required. To the extent that the allegations of paragraph 7 are directed to the Answering Defendants, the allegations are denied.

8. To the extent that the allegations of paragraph 8 are not directed to the Answering Defendants, no response is required. To the extent that the allegations of paragraph 8 are directed to the Answering Defendants, they are denied, except that the Answering Defendants admit that GKV is owned by members of the Knauf family and is the parent of Knauf International.

9. To the extent that the allegations of paragraph 9 are not directed to the Answering Defendants, no response is required. To the extent that the allegations of paragraph 9 are directed to the Answering Defendants, they are denied, except that the Answering Defendants admit that Knauf International is a foreign corporation and is the parent of Knauf Plasterboard (Tianjin) Co., Ltd. ("KPT"), Knauf Plasterboard (Wuhu) Co., Ltd. ("Wuhu"), and Dongguan Knauf New Building Material Products Co., Ltd. ("Dongguan").

10. To the extent that the allegations of paragraph 10 are not directed to the Answering Defendants, no response is required. To the extent that the allegations of paragraph

10 are directed to the Answering Defendants, they are denied, except that the Answering Defendants admit that KI is a foreign corporation with a principal place of business in Shelbyville, Indiana and that KI is a subsidiary of GKV.

11. To the extent that the allegations of paragraph 11 are not directed to the Answering Defendants, no response is required. To the extent that the allegations of paragraph 11 are directed to the Answering Defendants, they are denied, except that the Answering Defendants admit that Knauf UK is a foreign corporation that is involved in the insulation and building materials industry and aver that products manufactured by Knauf UK are not installed in Plaintiffs' homes.

12. To the extent that the allegations of paragraph 12 are not directed to the Answering Defendants, no response is required. To the extent that the allegations of paragraph 12 are directed to the Answering Defendants, they are denied, except that the Answering Defendants admit that Knauf AMF is a foreign corporation that is involved in the insulation and building materials industry and aver that products manufactured by Knauf AMF are not installed in Plaintiffs' homes.

13. To the extent that the allegations of paragraph 13 are not directed to the Answering Defendants, no response is required. To the extent that the allegations of paragraph 13 are directed to the Answering Defendants, they are denied, except admit that the Answering Defendants admit that Knauf Brasil is a foreign corporation that is involved in the insulation and building materials industry and aver that products manufactured by Knauf Brasil are not installed in Plaintiffs' homes.

14. To the extent that the allegations of paragraph 14 are not directed to the Answering Defendants, no response is required. To the extent that the allegations of paragraph

14 are directed to the Answering Defendants, they are denied, except that the Answering Defendants admit that Knauf Indonesia is a foreign corporation that is involved in the insulation and building materials industry and aver that products manufactured by Knauf Indonesia are not installed in Plaintiffs' homes.

15. To the extent that the allegations of paragraph 15 are not directed to the Answering Defendants, no response is required. To the extent that the allegations of paragraph 15 are directed to the Answering Defendants, they are denied, except that the Answering Defendants admit that Knauf Gips is a German manufacturer of building materials and systems and aver that products manufactured by Knauf Gips are not installed in Plaintiffs' homes.

16. To the extent that the allegations of paragraph 16 are not directed to the Answering Defendants, no response is required. To the extent that the allegations of paragraph 16 are directed to the Answering Defendants, they are denied, except that the Answering Defendants admit that KPT, Wuhu and Dongguan sold drywall that was imported by other companies into the United States.

17. To the extent that the allegations of paragraph 17 are not directed to the Answering Defendants, no response is required. To the extent that the allegations of paragraph 17 are directed to the Answering Defendants, they are denied, except that the Answering Defendants admit that KPT is a foreign manufacturer and seller of gypsum drywall, and that KPT sold drywall that was imported by other companies into the United States.

18. To the extent that the allegations of paragraph 18 are not directed to the Answering Defendants, no response is required. To the extent that the allegations of paragraph 18 are directed to the Answering Defendants, they are denied, except that the Answering

Defendants admit that Wuhu is a foreign manufacturer and seller of gypsum drywall, and that Wuhu sold drywall that was imported by other companies into the United States.

19. To the extent that the allegations of paragraph 19 are not directed to the Answering Defendants, no response is required. To the extent that the allegations of paragraph 19 are directed to the Answering Defendants, they are denied, except that the Answering Defendants admit that Dongguan is a foreign manufacturer and seller of gypsum drywall, and that Dongguan sold drywall that was imported by other companies into the United States.

20. The Answering Defendants deny the allegations of paragraph 20 of the Complaint, except to admit that Knauf Gips provides certain services to KPT, Wuhu and Dongguan.

## FACTS REGARDING PROBLEMATIC DRYWALL

21. The Answering Defendants admit the allegations of paragraph 21 of the Complaint with respect to drywall manufactured by Knauf Gips, Knauf UK, Knauf AMF, Knauf Brasil and Knauf Indonesia and aver that none of those Defendants manufactured the drywall that is installed in Plaintiffs' home.

22-24. The Answering Defendants deny the allegations of paragraphs 22 through 24 of the Complaint.

25. The Answering Defendants deny the allegations of paragraph 25 of the Complaint, except to admit that the drywall functions according to its intended purpose as a building component.

26-27. The Answering Defendants deny the allegations of paragraphs 26 through 27 of the Complaint.

28. The Answering Defendants deny the allegations of paragraph 28 of the Complaint, except to admit that Hans-Ulrich Hummel visited and took samples of drywall from Florida homes.

29-32. The Answering Defendants deny the allegations of paragraphs 29 through 32 of the Complaint.

## CLASS ACTION ALLEGATIONS

33-34. The allegations of paragraphs 33 through 34 of the Complaint state legal conclusions to which no response is required. However, to the extent that paragraphs 33 through 34 of the Complaint contain factual allegations, the Answering Defendants deny the allegations, except admit that Plaintiffs purport to bring this suit as a class action pursuant to Rules 23(a), (b)(1), (b)(2), (b)(3) and 23(c)(4) of the Federal Rules of Civil Procedure.

35-38. The allegations of paragraphs 35 through 38 of the Complaint state legal conclusions to which no response is required. However, to the extent that paragraphs 35 through 38 of the Complaint contain factual allegations, the Answering Defendants deny the allegations.

39. The allegations of paragraph 39 of the Complaint state a legal conclusion to which no response is required. However, to the extent that paragraph 39 of the Complaint contains factual allegations, the Answering Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations.

40-43. The allegations of paragraphs 40 through 43 of the Complaint state legal conclusions to which no response is required. However, to the extent that paragraphs 40 through 43 contain factual allegations, the Answering Defendants deny the allegations.

## COUNT I
## NEGLIGENCE

44. The Answering Defendants repeat and reallege their responses to paragraphs 1 through 43 of the Complaint as if fully set forth herein.

45. The allegations of paragraph 45 of the Complaint state a legal conclusion to which no response is required. However, to the extent that paragraph 45 of the Complaint contains factual allegations, the Answering Defendants deny the allegations.

46. The Answering Defendants deny the allegations of paragraph 46 of the Complaint.

47. The Answering Defendants deny the allegations of paragraph 47 of the Complaint.

48. The Answering Defendants deny the allegations of paragraph 48 of the Complaint.

49. The Answering Defendants deny the allegations of paragraph 49 of the Complaint.

50. The Answering Defendants deny the allegations of paragraph 50 of the Complaint.

51. The allegations of paragraph 51 of the Complaint state a legal conclusion to which no response is required. However, to the extent that paragraph 51 of the Complaint contains factual allegations, the Answering Defendants deny the allegations.

## COUNT II
## NEGLIGENCE PER SE

52. The Answering Defendants repeat and reallege their responses to paragraphs 1 through 51 of the Complaint as if fully set forth herein.

53. The allegations of paragraph 53 of the Complaint state a legal conclusion to which no response is required. However, to the extent that paragraph 53 of the Complaint contains factual allegations, the Answering Defendants deny the allegations.

54-58. The Answering Defendants deny the allegations of paragraphs 54 through 58 of the Complaint.

## COUNT III
## STRICT LIABILITY

59. The Answering Defendants repeat and reallege their responses to paragraphs 1 through 58 of the Complaint as if fully set forth herein.

60. The Answering Defendants deny the allegations of Paragraph 60 of the Complaint, except to admit that GKV, Knauf International, KI, Knauf UK, Knauf AMF, Knauf Brasil, Knauf Indonesia, and Knauf Gips sell drywall and aver that the drywall of none of those Defendants is installed in Plaintiffs' homes.

61-63. The Answering Defendants deny the allegations of paragraphs 61 through 63 of the Complaint.

64-66. The Answering Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations of paragraphs 64 through 66 of the Complaint.

67-72. The Answering Defendants deny the allegations of paragraphs 67 through 72 of the Complaint.

73. The Answering Defendants deny the allegations of paragraph 73, except deny knowledge or information sufficient to form a belief as to the truth of the allegations regarding purported Class Members' awareness or perception.

74-76. The Answering Defendants deny the allegations of paragraphs 74 through 76 of the Complaint.

## COUNT IV
## BREACH OF EXPRESS AND/OR IMPLIED WARRANTIES

77. The Answering Defendants repeat and reallege their responses to paragraphs 1 through 76 of the Complaint as if fully set forth herein.

78-80. The Answering Defendants deny the allegations of paragraphs 78 through 80 of the Complaint.

81. The Answering Defendants deny the allegations of paragraph 81 of the Complaint, except admit that their drywall functions according to its intended purpose as a building component.

82-84. The Answering Defendants deny the allegations of paragraphs 82 through 84 of the Complaint.

## COUNT V
## REDHIBITION

85. The Answering Defendants repeat and reallege their responses to paragraphs 1 through 84 of the Complaint as if fully set forth herein.

86-93. The Answering Defendants deny the allegations of paragraphs 86 through 93 of the Complaint.

## COUNT VI
## LOUISIANA PRODUCTS LIABILITY ACT

94. The Answering Defendants repeat and reallege their responses to paragraphs 1 through 93 of the Complaint as if fully set forth herein.

95. The Answering Defendants deny the allegations of paragraph 95 of the Complaint.

96-106. The Answering Defendants deny the allegations of paragraphs 96 through 106 of the Complaint.

## COUNT VII
## PRIVATE NUISANCE

107.   The Answering Defendants repeat and reallege their responses to paragraphs 1 through106 of the Complaint as if fully set forth herein.

108-113. The Answering Defendants deny the allegations of paragraphs 108 through 113 of the Complaint.

## COUNT VIII
## UNJUST ENRICHMENT

114.   The Answering Defendants repeat and reallege their responses to paragraphs 1 through 113 of the Complaint as if fully set forth herein.

115-117. The Answering Defendants deny the allegations of paragraphs 115 through 117 of the Complaint.

## COUNT IX
## VIOLATION OF CONSUMER PROTECTION ACTS

118.   The Answering Defendants repeat and reallege their responses to paragraphs 1 through 117 of the Complaint as if fully set forth herein.

119.   Paragraph 119 of the Complaint contains a statement as to which no response is required.

120-122. The Answering Defendants deny the allegations of paragraphs 120 through 122 of the Complaint.

## COUNT X
## EQUITABLE AND INJUNCTIVE RELIEF AND MEDICAL MONITORING

123.   The Answering Defendants repeat and reallege their responses to paragraphs 1 through 122 of the Complaint as if fully set forth herein.

124-125. The Answering Defendants deny the allegations of paragraphs 124 through 125 of the Complaint.

126. The Answering Defendants deny that Plaintiffs are entitled to any of the relief requested in paragraph 126 of the Complaint.

127-135. The Answering Defendants deny the allegations of paragraphs 127 through 135 of the Complaint.

All allegations not specifically admitted are denied.

## DEFENSES

By alleging the matters set forth below, the Answering Defendants do not admit that they have the burden of proof and/or the burden of persuasion with respect to any of these matters.

### FIRST DEFENSE

The Court lacks personal jurisdiction over the Answering Defendants under Louisiana law and the Due Process Clause of the United States Constitution.

### SECOND DEFENSE

The Complaint fails to state a claim upon which relief can be granted against the Answering Defendants.

### THIRD DEFENSE

Plaintiffs have been misjoined.

### FOURTH DEFENSE

Plaintiffs' claims are barred, in whole or in part, by the applicable statutes of limitation or repose.

### FIFTH DEFENSE

Plaintiffs' claims are barred, in whole or in part, by the doctrine of laches.

### SIXTH DEFENSE

Plaintiffs' claims are barred, in whole or in part, by the doctrines of merger, bar, collateral estoppel, res judicata, discharge, and accord and satisfaction.

### SEVENTH DEFENSE

Plaintiffs' claims against the Answering Defendants are barred because the Answering Defendants did not manufacture or market the drywall installed in Plaintiffs' homes.

### EIGHTH DEFENSE

The Answering Defendants did not make to Plaintiffs, nor did Answering Defendants breach, any express or implied warranties.

### NINTH DEFENSE

Plaintiffs cannot recover on their claims for breach of warranty to the extent that they failed to follow warranty procedures and satisfy conditions precedent, including the failure to provide notice to the Answering Defendants.

### TENTH DEFENSE

To the extent that Plaintiffs allege claims based upon oral warranties or representations, Plaintiffs' claims are barred, in whole or in part, by the applicable statute of frauds.

### ELEVENTH DEFENSE

Plaintiffs cannot recover on their claims for breach of warranty because Plaintiffs lack privity with the Answering Defendants.

### TWELFTH DEFENSE

Plaintiffs cannot recover on their claims under any Consumer Protection Statute based on transactions that occurred outside of the state of such statute on the grounds that, under applicable choice-of-law rules, the law of the state in which the transaction occurred applies.

### THIRTEENTH DEFENSE

Plaintiffs cannot recover on their claims under the Louisiana and Mississippi Consumer Protection Statutes because, under La. Rev. Stat. Ann. § 1409, Plaintiffs may not bring a private action for actual damages in a representative capacity.

### FOURTEENTH DEFENSE

Plaintiffs cannot recover on their claims under the Consumer Protection Statute of Louisiana because Answering Defendants did not use any "unfair or deceptive method, act or practice" as required by La. Rev. Stat. Ann. § 1409.

### FIFTEENTH DEFENSE

Plaintiffs cannot recover on their claims because the methods, standards and techniques used by in designing and formulating the drywall installed in their homes and in issuing warnings and instructions about its use conformed to the generally recognized, reasonably available, and reliable state of knowledge in the field at the time that the drywall was manufactured.

### SIXTEENTH DEFENSE

Plaintiffs cannot recover on their claims because the benefits of the design of the drywall installed in their homes outweigh the risk of danger, if any, inherent in the design, in light of all relevant factors.

### SEVENTEENTH DEFENSE

Plaintiffs cannot recover on their claims because Plaintiffs' alleged damages, if any, were the result of intervening or superseding conduct of Plaintiffs and/or third parties over whom the Answering Defendants had no control.

**EIGHTEENTH DEFENSE**

Plaintiffs' claims are barred, in whole or in part, under the principle of assumption of the risk.

**NINETEENTH DEFENSE**

Plaintiffs failed to mitigate their damages, if any.

**TWENTIETH DEFENSE**

Plaintiffs cannot recover to the extent their damages are covered or reasonably likely to be covered by insurance or other collateral source, or in the alternative their damages should be offset or reduced by insurance or collateral source payments and benefits.

**TWENTY-FIRST DEFENSE**

If Plaintiffs have settled their claims for their alleged injuries with other parties, the Answering Defendants are entitled to credit and set-off in the amount of such settlements.

**TWENTY-SECOND DEFENSE**

The Answering Defendants breached no duty allegedly owed to the Plaintiffs.

**TWENTY-THIRD DEFENSE**

The Answering Defendant denies, to the extent the actions alleged may have occurred, that any entity or individual engaging in the activities alleged was acting as the agent or servant of the Answering Defendants, or at the instruction or subject to the control of the Answering Defendants, and therefore the Answering Defendants are not liable for any acts or omissions of such third parties as a matter of law.

**TWENTY-FOURTH DEFENSE**

The Answering Defendant did not participate in, authorize, ratify or benefit from any alleged wrongful acts that are asserted in the Complaint.

### TWENTY-FIFTH DEFENSE

Plaintiffs' claims are barred to the extent that Plaintiffs rely on evidence obtained contrary to the Hague Convention on the Taking of Evidence Abroad in Civil or Commercial Matters.

### TWENTY-SIXTH DEFENSE

Plaintiffs' claims are barred because class actions are not recognized under the laws of and contrary to the public policy of the Answering Defendants' home jurisdictions.

### TWENTY-SEVENTH DEFENSE

The Answering Defendants' liability, if any, for damages is several rather than joint, and should be prorated.

### TWENTY-EIGHTH DEFENSE

Plaintiffs cannot recover non-economic damages because non-economic damages are not recognized under the laws of and contrary to the public policy of the Answering Defendants' home jurisdictions.

### TWENTY-NINTH DEFENSE

Plaintiffs' claims for punitive damages fail to state a claim for relief.

### THIRTIETH DEFENSE

Plaintiffs cannot recover punitive damages because punitive damages are not recognized under the laws of and contrary to the public policy of the Answering Defendants' home jurisdictions.

### THIRTY-FIRST DEFENSE

Plaintiffs cannot recover punitive damages because such damages would violate the due process clauses of the Fifth and Fourteenth Amendments to the United States Constitution and

similar provisions of the Constitutions, laws, public policies and statutes of each State under whose laws plaintiffs seek relief.

WHEREFORE, the Answering Defendants deny that Plaintiffs are entitled to any of the relief requested in the Complaint.

Accordingly, the Answering Defendants request that the Complaint be dismissed with prejudice, and that the Answering Defendants be awarded costs and fees incurred in this action.

Respectfully submitted,

By: /s/ Kerry J. Miller
KERRY J. MILLER (#24562)
KYLE A. SPAULDING (#29000)
PAUL C. THIBODEAUX (#29446)
**FRILOT L.L.C.**
1100 Poydras Street
Suite 3700
New Orleans, LA 70163
Telephone:     (504) 599-8194
Facsimile:      (504) 599-8145
Email:           kmiller@frilot.com

Counsel for Defendants Gebrueder Knauf Verwaltungsgesellschaft KG, Knauf International GmbH, Knauf Insulation GmbH, Knauf UK GmbH, Knauf AMF GmbH & Co. KG, Knauf Do Brasil Ltd., PT Knauf Gypsum Indonesia and Knauf Gips KG

**CERTIFICATE OF SERVICE**

I hereby certify that the above and foregoing Answer of Gebrueder Knauf Verwaltungsgesellschaft, KG ("GKV"), Knauf International GmbH, Knauf Insulation GmbH ("KI"), Knauf UK GmbH, Knauf AMF GmbH & Co. KG ("Knauf AMF"), Knauf Do Brasil Ltd. ("Knauf Brasil"), PT Knauf Gypsum Indonesia ("Knauf Indonesia"), and Knauf Gips KG

("Knauf Gips") (collectively, the "Answering Defendants") to Plaintiffs' Omnibus Class Action Complaint (XVIII) and Demand for Jury Trial ("Complaint") has been served upon Plaintiffs' Liaison Counsel by email and by electronically uploading the same to LexisNexis file & Serve in accordance with Pre-Trial Order No. 6, on this 10th day of February 2014.

                                            /s/ Kerry J. Miller