# CHINESE DRYWALL SETTLEMENT PROGRAM
# REMEDIATION CLAIM FORM
# KNAUF SETTLEMENT ONLY

Any Residential Owner or Commercial Owner seeking Remediation under the Knauf Settlement Agreement for a property that currently contains KPT Chinese Drywall must complete and submit this Remediation Claim Form to the Claims Administrator for the Chinese Drywall Settlement Program on or before October 25, 2013. Remediation refers to the process of having all KPT Chinese Drywall removed from your property and replaced with new drywall. KPT Chinese Drywall is drywall manufactured by Knauf Plasterboard (Tianjin) Co., Ltd or any of its subsidiaries ("Knauf"). Claimants seeking Remediation under the Settlement Program may choose among one of three Remediation Options: (1) Program Contractor Remediation; (2) Self Remediation; or (3) Cash Out Option. A detailed description of each Option may be found in the Definitions section of the Appendix to this Claim Form.

You may be eligible for Remediation if: (1) you registered your claim by the Registration deadline; (2) your property contains drywall manufactured by Knauf; (3) you currently own the property; and (4) the property has not been remediated.

When completing this Remediation Claim Form, refer to the Instructions and Definitions in the Appendix. These Instructions and Definitions contain step-by-step instructions for completing this Claim Form, guidance on how to submit it, and helpful definitions for words that appear in this Claim Form or in the Settlement Agreement.

If you have access to a computer with an internet connection and previously registered your claim with the Claims Administrator, submit your Remediation Claim Form online. Online submission will be easier to complete than a hard-copy Claim Form because the online version will guide you through the specific questions you need to answer based on the answers you enter as you go along. Go to https://www3.browngreer.com/drywall to submit your Remediation Claim Form online.

If you are unable to complete the Remediation Claim Form online, you may submit this form by email by sending it to CDWQuestions@browngreer.com, or by Registered U.S. Mail to:

**Chinese Drywall Settlement Administrator**
**P.O. Box 25401**
**Richmond, Virginia 23260**

## A. CLAIM INFORMATION

| 1. Claimant Name: | Last Name/Business Name: *Lenley* | First: *Margie* | M.I. |
| --- | --- | --- | --- |
| | Co-Owner Last Name/Business Name | Co-Owner First | M.I. |
| | DBA or Fictitious Name (if applicable) | | |

| 2. Individual Claimant's Social Security Number (SSN) | 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 | 3. Business Claimant's Employer Identification Number (EIN): | |

**EXHIBIT H**

1

To Submit this Claim Form online visit https://www3.browngreer.com/drywa[ll]

| | | |
|---|---|---|
| 4. Are you pursuing this claim on behalf of a minor, deceased, or incompetent claimant? | ☐ Yes<br>☒ No | |
| 5. Provide your name and SSN if you are pursuing this claim on behalf of a minor, deceased, or incompetent claimant. | Name: N/A<br>SSN: ___-__-____ | |

6. **Attorney Information:**

☐ Check here if you are not represented by an attorney and skip to Question 7. If you are represented by an attorney, complete this section.

Firm Name: The Law Offices of Travis L. Walker, P.A.

Attorney Last Name: Walker

Attorney First Name: Travis

Street: 10380 SW Village Center Dr. #153

City: Port St. Lucie    State: Florida    Zip: 34987

Email: traviswalker@traviswalkerlaw.com    Phone Number: 772-708-0952

7. **Affected Property Address:**

Street: 918 NW Leonardo Circle

City: Port St. Lucie    State: FL    Zip: 34986    County/Parish: St. Lucie

8. **Settlement Agreement under which you are submitting this claim (check all that apply):**

☒ Knauf
☐ Banner.
☐ InEx.
☐ Global.

Participating Supplier Name: _____

Participating Builder Name: _____

Participating Installer Name: _____

☐ L&W.
☐ Unknown.

2

| | |
|---|---|
| | Additional Comments (attached additional pages if necessary): |
| 9. Lawsuit: | Jurisdiction: _MDL_ <br> Case/Docket Number: _2047_ <br> Date Filed: _12/21/11_ <br> (month/day/year) |
| 10. Drywall Manufacturer: | ☒ Knauf <br> ☐ I am a member of the Knauf Settlement Class <br> ☐ I have Knauf Drywall but I am not a member of the Knauf Settlement Class <br> ☐ Mixed (Knauf and other) <br> ☐ Non-Knauf <br> ☐ Unknown |
| 11. Select the option that best describes your relationship to the Affected Property: | ☒ Residential Owner <br> ☐ Commercial/Rental Property Owner <br> ☐ Tenant <br> ☐ Previous Commercial/Rental Property Owner <br> ☐ Previous Residential Owner <br> ☐ Repairing Builder/Installer/Assignee <br> ☐ Non-Tenant Occupant (e.g. family member) <br> ☐ Condominium Association <br> ☐ Mortgagee (Bank) <br> ☐ Other:_____ |
| 12. Select the option that best describes how you used the Affected Property: | ☒ Primary Residence <br> ☐ Rental/Commercial Property <br> ☐ Secondary Residence <br> ☐ Vacant <br> ☐ Other:_____ |
| 13. Has the Affected Property been remediated? | ☐ Yes <br> ☐ No |

| | | |
|---|---|---|
| 14. Have you filed an Already Remediated Claim for this Affected Property with Knauf? | ☐ Yes<br>☒ No | |
| 15. Date You Acquired the Affected Property: | 5/29/07<br>(Month/Day/Year) | |
| 16. Select Your Anticipated Remediation Option: | ☒ Program Contractor Remediation<br>☐ Self Remediation<br>☐ Cash Out | |
| 17. Comments and additional information about your claim: | | |

## B. REQUIRED DOCUMENTS

Claimants seeking Remediation for Chinese Drywall must submit all documents listed below. Your claim cannot be considered for compensation until you provide all required documentation.

1. Deed or other document demonstrating the ownership of the Affected Property;
2. Photographs, inspection reports or other documents demonstrating the presence of Knauf Chinese Drywall;
3. Proof of lawsuit filing on or before December 9, 2011;
4. The Chinese Drywall Settlement Program Verification of Claims form; and
5. Any other document that you believe supports your claim.

If you are eligible for remediation through Knauf, you will have three remediation options, each of which require additional documents. Please review the Detailed Instructions for Answering Remediation Claim Form Questions for additional information regarding these options.

## C. SIGNATURE

I certify and declare under penalty of perjury pursuant to 28 U.S.C. Section 1746 that the information provided in this Claim Form is true and accurate to the best of my knowledge, and that supporting documents attached to or submitted in connection with this form and the information contained therein are true, accurate, and complete to the best of my knowledge, and I understand that false statements or claims made in connection with this Claim Form may result in fines, imprisonment, and/or any other remedy available by law to the Federal Government, and that suspicious claims will be forwarded to federal, state, and local law enforcement agencies for possible investigation and prosecution.

By submitting this Claim Form, I consent to the use and disclosure by the Claims Administrator and those assisting the Claims Administrator of any information about me that they believe necessary and/or helpful to process my Claim Form.

| Signature of Claimant/Attorney: | [signature] | Date: | 1/15/14 (Month/Day/Year) |
|---|---|---|---|
| Printed Name: | First: Travis   Last: Walker | | M.I.: R |

TO SUBMIT THIS CLAIM FORM ONLINE VISIT HTTPS://WWW3.BROWNGREER.COM/DRYWALL

EDWIN M. FRY, Jr., CLERK OF THE CIRCUIT COURT - SAINT LUCIE COUNTY
FILE # 3063943   OR BOOK 2828   PAGE 707, Recorded 06/05/2007 at 09:37 AM
Doc Tax: $2012.50

This Instrument Prepared by & return to:

Name:    LARRY A. ROTHENBERG, ESQUIRE
Address: RELIANCE TITLE COMPANY
         815 Coral Ridge Drive
         Coral Springs, FL 33071

Parcel Identification Number(s):

WARRANTY DEED

SPACE ABOVE THIS LINE FOR PROCESSING DATA          SPACE ABOVE THIS LINE FOR RECORDING DATA

(Wherever used herein the terms "first party" and "second party" shall include singular and plural, heirs, legal representatives, and assigns of individuals, and the successors and assigns of corporations, wherever the context so admits or requires.)

THIS INDENTURE, Made the 29th day of May, A.D. 2007, Between **CENTERLINE PORT ST. LUCIE, LTD., a Florida limited partnership**, of the County of Broward, in the State of Florida, party of the first part, and **WILLIAM DEWEY LEMLEY and MARGIE R. LEMLEY, husband and wife**, of the **County of ST. LUCIE**, in the **State of Florida**, whose post office address is **918 NW LEONARDO CIRCLE, PORT ST. LUCIE, FLORIDA 34986**, party of the second part:

WITNESSETH, That the said party of the first part, for and in consideration of the sum Ten and 00/100 Dollars ($10.00), and other valuable considerations, receipt whereof is hereby acknowledged, has granted, bargained, and sold to the said party of the second part, his/her/their heirs and assigns forever, the following described land, situate, and being in the County of ST. LUCIE, State of Florida, to-wit:

Lot 89, Block A, VIZCAYA FALLS PLAT 1, according to the map or plat thereof as recorded in Plat Book 46, Page(s) 32, Public Records of St. Lucie County, Florida.

SUBJECT TO: Restrictions, reservations, conditions, declarations, limitations, easements, right-of-way and zoning ordinances, if any, and real estate taxes for the year 2007 and subsequent years. Further subject to that Deed Restriction contained in Exhibit "A" to Warranty Deed attached hereto and made a part hereof.

And the said party of the first part does hereby fully warrant the title to said land, and will defend the same against the lawful claims of all persons whomsoever.

In Witness Whereof, the said party of the first part has hereunto set its hand and seal the day and year first above written.

Signed, sealed and delivered in the presence of:

Witness Signature
Printed Name   LORRAINE FALCONE JONES

Witness Signature
Printed Name   LARRY A. ROTHENBERG

CENTERLINE PORT ST. LUCIE, LTD., a Florida limited partnership
BY: CENTERLINE HOMES AT PORT ST. LUCIE, LLC, a Florida limited liability company, its Sole General Partner
BY: CENTERLINE PORT ST. LUCIE, LLC, a Florida limited liability company, its Member

BY: _____
    CRAIG S. PERRY, President
    825 Coral Ridge Drive
    Coral Springs, Florida 33071

STATE OF FLORIDA
COUNTY OF BROWARD

    I hereby Certify that on this day, before me, an officer duly authorized to administer oaths and take acknowledgments, personally appeared **CRAIG S. PERRY, as the President of CENTERLINE PORT ST. LUCIE, LLC, a Florida limited liability company, a Member of CENTERLINE HOMES AT PORT ST. LUCIE, LLC, a Florida limited liability company, as the sole General Partner of CENTERLINE PORT ST. LUCIE, LTD., a Florida limited partnership,** known to me to be the person described in and who executed the foregoing instrument on behalf of said limited partnership, who acknowledged before me that he executed the same, and that he is **personally known to me** OR that I relied upon the following form of identification of the above-named person: **N/A** and that an oath was not taken.

NOTARY SEAL

My Commission Expires:

Witness my hand and official seal in the County and State last aforesaid this 29th day of May, A.D. 2007.

Notary Signature
LORRAINE FALCONE JONES
Printed Notary Signature





EXHIBIT A TO DEED

DEED RESTRICTION
MINIMUM HOLDING PERIOD

As a material consideration inducing the grantor ("Seller") under the attached deed ("Deed") to sell to the grantee under such Deed ("Buyer") that certain real property described in this Deed (the "Property"), Buyer has represented to Seller that Buyer intends to and will occupy the Property as Buyer's principal or secondary residence for a minimum of one (1) year after Buyer's closing on its acquisition of the Property or upon the sale of the last unit owned by Seller located within the subject community, whichever is later; however, in no event shall a Buyer be restricted under this provision for a period greater than two (2) years from the closing of title to the Property (the "Minimum Holding Period"). Seller and Buyer have entered into a separate unrecorded No Investor Rider (the "Agreement") pursuant to which Buyer has agreed to occupy the Property as provided herein, and Buyer has agreed not to sell the Property for the duration of the Minimum Holding Period. This Deed Restriction is to put third parties on notice of such commitments by Buyer, and Seller's rights upon a breach of such commitments by Buyer, as provided in the Agreement, and nothing contained in this Deed Restriction shall, or shall be deemed to, modify or amend the Agreement in any respect. In the event of any conflict between the provisions of the Agreement and the provisions of this Deed Restriction, the provisions of the Agreement shall prevail. Notwithstanding the foregoing, this Deed Restriction includes certain mortgagee protections which shall be in addition to, and shall not be superseded by, the mortgagee protections in the Agreement.

Buyer acknowledges that Seller, as a developer and builder of single family and multi-family residences, has an interest in ensuring that such residences, and the residences in the communities in which they are built, including the Property and the homeowner's association of which the Property is a part (such homeowner's association being referred to herein as the "Association") are purchased and occupied only by persons who will actually occupy them as a principal or secondary residence and to mitigate shortage of available residences for permanent residents.

1. Occupancy Covenants. Buyer on behalf of itself and its successors and assigns, hereby covenants to and for the benefit of Seller that during the Minimum Holding Period: (a) Buyer will occupy the Property as Buyer's principal or secondary residence after closing, except where Buyer is not prohibited from leasing the residence under the terms and conditions of the Agreement and/or the rules and regulations governing the Association, and (b) Buyer shall not enter into any agreement for the sale or other transfer of the Property which would result in Buyer's failure to hold title thereto in fee simple for the duration of the Minimum Holding Period.

2. Hardship Situations. Seller recognizes that a transfer of the Property in certain circumstances would not be inconsistent with the intent of the Agreement. Seller may, in its sole and absolute discretion decided on a case by case basis, consent to the transfer of the Property during the Minimum Holding Period. Furthermore, Seller shall not unreasonably withhold consent to a transfer in the following instances (each a "Hardship Situation"):

    a. A documented job transfer of the original Purchaser to a location which would make commuting from the Residence an undue hardship; or

    b. Death of the original Purchaser or the Purchaser's spouse; or

    c. Transfer by gift, devise or inheritance to a spouse or child; or

    d. Transfer by operation of law to a surviving joint tenant; or

    e. Transfer to a spouse pursuant to the terms of a final judgment of dissolution of marriage or court-approved property settlement agreement; or

    f. Transfer pursuant to a distributive deed by a grantor into a revocable trust, in which the grantor has not less than the right to reside in the Residence during the grantor's lifetime; or

    g. Transfer by an Purchaser to the Purchaser and the Purchaser's spouse, as tenants by the entirety, or transfer by operation of law to a surviving tenant by the entirety; or

    h. Other documented reason acceptable by Seller in Seller's sole and unbridled judgment.

3. Automatic Termination of Deed Restriction. The covenants set forth above, and the restrictions on the transfer or lease of the Property set forth herein and in the Agreement, shall automatically terminate and be of no further force or effect on the date which is two (2) years from the date of recordation of this Deed.

MRZ WRF

4. **Remedies for Breach.** If Buyer or Buyer's successors or assigns, breaches, violates or fails to perform or satisfy any of the covenants set forth in the Agreement, Seller, and Seller's successors and assigns, may enforce the remedies set forth in the Agreement including, without limitation, the right and option to recover damages (as defined in the Agreement) upon a sale of the Property, and Buyer's obligation to pay such damages shall constitute a lien on the Property which shall run with the land and shall be binding on successors and assigns and may be foreclosed in the same manner as a mortgage or deed of trust.

5. **No Duty to Enforce.** Seller makes no representation or warranty to Buyer that Seller will impose these requirements on other buyers of residences in the Association and/or that, if Seller has imposed or in the future imposes these requirements on another buyer, that Seller will enforce the requirements set forth in this Deed Restriction or in the Agreement against other owners in the Association. Buyer specifically acknowledges and agrees that Seller is not guaranteeing Buyer or assuring Buyer in any way that the Association will now or in the future be occupied only or primarily by owner occupants and/or that there will not be buyers in the Association who are purchasing residences for rentals or as an investment with no intention of living in the residence.

6. **Survival of Covenant on Transfer.** Except as provided in Paragraph 8 below, Buyer's obligations, and Seller's rights hereunder and under the Agreement shall survive transfer of the Property by Buyer.

7. **No Unreasonable Restraint.** Buyer acknowledges that the purpose of this Deed Restriction is (i) to comply with Seller's intention to sell residences only to persons who will actually occupy them as a principal or secondary residence; (ii) to obtain a stabilized Association of owner-occupied residences; and (iii) to prevent a shortage of available residences in the Association for permanent residents. Buyer agrees that the provisions and restrictions set forth in this Deed Restriction do not constitute an unreasonable restraint upon alienation of the Property.

8. **Survival; Severability.** All of the covenants contained herein shall survive the delivery of and recordation of the Deed conveying the Property from Seller to Buyer. The provisions of this Deed Restriction shall be independent and severable, and a determination of invalidity or partial invalidity or enforceability of any one provision or portion hereof shall not affect the validity or enforceability of any other provision of this Deed Restriction or the Agreement.

9. **Mortgagee Protection Provisions.**

    9.1 **Permitted Financing.** Notwithstanding anything to the contrary in this Deed Restriction or in the Agreement, Buyer may encumber the Property as security for a loan made by an institutional lender.

    9.2 **Subordination.** Seller hereby acknowledges and agrees that a violation of this Deed Restriction by Buyer shall not defeat or render invalid the lien of any first or second mortgage or deed or trust in favor of an institutional lender or investor and made in good faith and for value by Buyer, and that the covenants and provisions of this Deed Restriction shall be inferior and subordinate to the lien of any such first or second mortgage or deed of trust made by an institutional lender or investor, whether recorded concurrently with or subsequent to the deed conveying the Property to Buyer.

    9.3 **Termination on Foreclosure.** This Deed Restriction and the Agreement are subject and subordinate to any first or second priority deed or trust or mortgage on the Property made by or held by an institutional lender or investor. Any party and its successors and assigns, receiving title to the Property pursuant to a judicial or non-judicial foreclosure, or by an conveyance in lieu of such foreclosure, under a power of sale contained in such a first or second priority mortgage or deed of trust recorded against the Property in the Public Records of the County in which the Property is located shall take title free and clear of the provisions of this Deed Restriction and the Agreement.

    9.4 **HUD or VA Insured or Guaranteed Mortgages.** If Buyer has acquired the Property by a mortgage insured by the Secretary of the United States Department of Housing and Urban Development, or guaranteed by the United States Department of Veteran's Affairs, then this Deed Restriction and the Agreement shall automatically terminate if title to the Property is transferred by foreclosure or deed-in-lieu of foreclosure, or if the insured or guaranteed mortgage is assigned to the Secretary of the VA.

    9.5 **Insurance Proceeds and Condemnation Award.** In the event the Property is damaged or destroyed, or in the event of condemnation, Seller shall have no claim or right to any proceeds relating to the Property and such proceeds shall be held and distributed in accordance with the terms of any lien on the Property, in their order of priority.

Dated this **29th** day of **May, 2007.**

_[signature]_
**WILLIAM DEWEY LEMLEY**

_[signature]_
**MARGIE R. LEMLEY**

STATE OF FLORIDA    )
COUNTY OF ST. LUCIE )

Sworn to and subscribed before me this 29th day of May, 2007 by **WILLIAM DEWEY LEMLEY and MARGIE R. LEMLEY, husband and wife**, who is/are personally known to me or who has/have produced _____ as identification, and who executed the foregoing instrument and acknowledged to and before me that they executed same for the purposes therein expressed.

_[signature]_
NOTARY PUBLIC
Print Name: JANET E. TORO

My Commission Expires 

JANET E. TORO
Notary Public - State of Florida
My Commission Expires Nov 1, 2009
Commission # DD 485610
Bonded by National Notary Assn.



**CHINESE DRYWALL SCREENING** LLC

Inspections and documentation from leading experts

October 19, 2011

Travis Walker
**Weiss, Handler, Angelos & Cornwell, P.A.**
10521 SW Village Center Drive, Ste. 101A
Port St. Lucie, FL 34987

RE: Chinese Drywall Screening Report: FL14-0227
Community: Vizcaya Falls
  Lemley, William & Margie
  918 NW Leonardo Circle
  Port St. Lucie, FL 34986

Mr. Walker,

At your request, an investigation of the above referenced property was performed on **October 18, 2011**. Chinese Drywall Screening, LLC (CDS) is providing the summary below for your use. This is a professional opinion based on a visual inspection of the accessible materials and not an exhaustive technical evaluation.

Based on our visual observations of blackened A/C coils and electrical wires coupled with known affects from reactive drywall, CDS is of the opinion that reactive drywall is present in the above referenced property. The distinctive odor associated with corrosive drywall was not noticed upon entry or during the inspection. Drywall markings discovered are:

| No. | Drywall Mfg | Markings on Drywall | Location in home |
|---|---|---|---|
| 9 | Knauf Tianjin | "ANJI"… "TM"… "HIN" | See Summary |

Another type of drywall observed was No. 29 National Gypsum Company, which is typically non-corrosive, was observed was on the interior ceiling.

Based on the **2,008 sf** size of the home with **10' average ceiling height**, we estimate that there is **8,434 sf of drywall** in the home.

Pursuant to your agreement with Chinese Drywall Screening, LLC, we cannot guarantee the presence or absence of reactive drywall or the levels in which it may be present without extensive testing and/or laboratory analysis.

Please feel free to contact us should you have any questions regarding our findings or if we may be of further assistance to you.

Sincerely,

*Howard Ehrsam*

Howard Ehrsam, EI, SCDP, LEED AP
CGC 1509717
  on behalf of Chinese Drywall Screening, LLC



# Certification

## Certification of the Inspector

The undersigned do hereby certify that, to the best of our knowledge and belief:

- The statements of fact contained within this report are true and correct.
- The statements of opinions have certain limitations. It is not feasible and is impossible to confirm 100% of corrosive drywall was either removed or is not present. There are several conditions that we have seen that could prevent discovery without a more exhaustive investigation. They include, but are not limited to:
    - Low strontium, corrosive drywall that is domestic and non-homogeneous.
    - Limited amounts of corrosive drywall installed in a way that would seclude it from available receptacles and switches.
    - Variable amounts of low off-gassing drywall or drywall with corrosive recycled gypsum.
- We have no present or prospective interest in the property that is the subject of this report and we have no personal interest with respect to the parties involved. We have no bias with respect to the property that is the subject of this report or to the parties involved with this assignment.
- The information in this report is based on the existing conditions of the structure's materials, documents, and information (written or verbal) supplied by contractor, the owner or their representatives, and our observations during the inspection.
- Our compensation or engagement in this assignment is not contingent upon the development or reporting of a predetermined conclusion that favors the cause of the client, the remediator, the attainment of a stipulated result, or the occurrence of a subsequent event directly related to the intended use of this report.
- Any use of this report by any other parties without our expressed or written consent is prohibited. Should another individual or entity rely on this analysis or its conclusions without our consent, they shall indemnify Chinese Drywall Screening, LLC, its employees, and service providers from all damages, losses or expenses that may occur as a result of its use.
- Our report is based on information made available to us at this time. Should additional information become available, we reserve the right to determine the impact, if any, of the new information on our opinions and conclusions and to revise our opinions and conclusions if necessary and warranted by the discovery of additional information.
- The provided services and documentation been completed to the best of our knowledge and based on current known facts regarding reactive drywall.

*Howard Ehrsam*
Howard Ehrsam, EI, SCDP, LEED AP
CGC 1509717
on behalf of Chinese Drywall Screening, LLC

Chinese Drywall Screening, LLC
411 SW Silver Palm Cove, Port St Lucie, FL 34986
PH: 772-224-8660 ◊ FX: 772-409-5948
www.chinesedrywallscreening.com



**CHINESE DRYWALL SCREENING**
Inspections and documentation from leading experts

## Drywall and Corrosion Summary by Room

**Client:** William & Margie Lemley   **Date:** 10/18/11

| Room | | Wall | Corrosive? | Floor | Description (MDL# - Manufacturer - Markings - Location) |
|---|---|---|---|---|---|
| Master Bed | MB | 1 | Y | 1 | No. 9 Knauf Tianjin; "36" Portion of markings observed on wall at left of window |
|  | MB | 2 | Y | 1 | No. 9 Knauf Tianjin; Paper type & characteristics of KPT on observed wall at left of bathroom door |
| Bed 2 | B2 | 1 | Y | 1 | No. 9 Knauf Tianjin; Portion of KPT markings observed on wall at left of door |
|  | B2 | 2 | Y | 1 | No. 9 Knauf Tianjin; Portion of KPT markings observed on wall at left of closet |
|  | B2 | 3 | Y | 1 | No. 9 Knauf Tianjin; "ANJI" Portion of markings observed on wall common to F-1 |
| Bed 3 | B3 | 1 | Y | 1 | No. 9 Knauf Tianjin; Portion of KPT markings observed on wall at left of window |
|  | B3 | 2 | Y | 1 | No. 9 Knauf Tianjin; Portion of KPT markings observed on wall at right of door |
| Laundry Rm |  | 1 | Y | 1 | No. 9 Knauf Tianjin; "TM" Portion of markings observed from B3-2 |
| Living Rm | L | 1 | Y | 1 | No. 9 Knauf Tianjin; Portion of KPT markings observed on wall at right of front door |
|  | L | 2 | Y | 1 | No. 9 Knauf Tianjin; "IA" Portion of markings observed on wall left of window |
| Family Rm | F | 1 | Y | 1 | No. 9 Knauf Tianjin; "A-" Portion of markings observed on wall at left of sliding glass door |
|  | F | 2 | Y | 1 | No. 9 Knauf Tianjin; Paper type & characteristics of KPT observed on wall at left of window |
|  | F | 3 | Y | 1 | No. 9 Knauf Tianjin; "HINA" Portion of markings observed from B2-2 |
| Kitchen | K | 1 | Y | 1 | No. 9 Knauf Tianjin; "IN" Portion of markings observed from L-2 |
| Ceiling | Gar | 1 |  | 1 | No. 29 National Gypsum Company; 5/8" "GridMarx" Portion of markings observed from attic |
|  | Int | 1 |  |  | No Access |

**Checklist of Corroded items:**
- ■ Photos of coils.
- ■ Photos of refrigerator.
- ☐ Photos of copper water lines.
- ☐ Photos of copper gas lines.
- ■ Photos of plumbing trim.
- ■ Photos of personal items.
- ■ Photos of furnishings.
- ☐ Photos of _____.

MB = Master Bed, B1 = Bedroom 1, F = Family Room, L = Living Room, D = Dining Room, Bns = Bonus Room, Fyr = Foyer, H = Hallway, K = Kitchen, Gar = Garage

* TYPICALLY, MAJOR ROOMS NOT LISTED ABOVE EITHER HAD RESTRICTED ACCESS OR THERE WAS NO EVIDENCE OF SULFUR ATTACK

This form is for use by Chinese Drywall Screening, LLC only. Use of this form is only permitted with the expressed written consent of Chinese Drywall Screening, LLC. Information contained on this form is proprietary and confidential and shall not be disclosed without the expressed written consent of Chinese Drywall Screening, LLC. © 2010  Rev. 10/28/10

Chinese Drywall Screening, LLC
501 Port St. Lucie Blvd., Ste. 101, Port St Lucie, FL 34984
PH: 772-224-8660  ◊  FX: 772-409-5948
www.chinesedrywallscreening.com



# PHOTO EXHIBIT FOR

# WILLIAM & MARGIE LEMLEY



Chinese Drywall Screening, LLC
PH: 772-224-8660  ◊  FX: 772-409-5948
www.chinesedrywallscreening.com



# PHOTO EXHIBIT FOR
# WILLIAM & MARGIE LEMLEY





CHINESE DRYWALL SCREENING LLC
Inspections and documentation from leading experts

# PHOTO EXHIBIT FOR WILLIAM & MARGIE LEMLEY





# PHOTO EXHIBIT FOR
# WILLIAM & MARGIE LEMLEY



Chinese Drywall Screening, LLC
PH: 772-224-8660 ◊ FX: 772-409-5948
www.chinesedrywallscreening.com



**CHINESE DRYWALL SCREENING LLC**

Inspections and documentation from leading experts

# PHOTO EXHIBIT FOR

# WILLIAM & MARGIE LEMLEY









Chinese Drywall Screening, LLC
PH: 772-224-8660 ◊ FX: 772-409-5948
www.chinesedrywallscreening.com

Amended Exhibit "A" – Plaintiffs Named in Plaintiffs' Substituted Amended Omnibus Class Action Complaint (XIV) and their corresponding defendants

| | Plaintiff(s) | Current Address of plaintiff(s) | Property Address if Different from Current Address | Firm(s) representing Plaintiff(s) and Address(es) of Firm(s) | Builder Defendant | Contractor/ Installer Defendant | Distributor / Exporter/ Importer/ Broker Defendants |
|---|---|---|---|---|---|---|---|
| 75. | Nixon, Eduardo and Margan | 435 Sandstone Creek Lane Dickinson, TX 77539 | | Reich & Binstock, LLP | Richmond American Homes of Texas, Inc. (87) | | |
| 76. | Isaza, Octavio and Niyeret | 93 Randolph Avenue Randolph, NJ 07869 | 19015 Telford Way Tomball, TX 77375 | Reich & Binstock, LLP | CastleRock Communities, LP (21) | | |
| 77. | Canales, Jose M. | 236 South West Marathon Avenue Port St. Lucie, FL 34953 | 5933 NW Dowell Ct. Port St. Lucie, FL 34986 | Seeger Weiss, LLP | Diamond Court Homes, Inc. (40) | | |
| | | | | | Diamond Corp. Construction Company (39) | | |
| 78. | Lemley, William and Margie | 918 NW Leonardo Circle Port St. Lucie, FL 34986 | | Weiss, Handler, Angelos & Cornwell, PA | Centerline Homes, Inc. (25) | | |
| 79. | Bruni, Ronald and Mary Lee | 5700 Quincy Avenue Gulfport, MS 39507 | | Whitfield, Bryson & Mason, LLP | | | Bailey Lumber & Supply Company (6) |
| 80. | Canale, Joseph and Robin | 5820 Chicopee Trace Ocean Springs, MS 39564 | | Whitfield, Bryson & Mason, LLP | | | Bailey Lumber & Supply Company (6) |
| 81. | Meyers, Andrew | 6185 Three Notch Road Mobile, AL 36619 | 15106 Deer Creek, Unit A D'Iberville, MS 39540 | Whitfield, Bryson & Mason, LLP | C.A.L. Investments, LLC (17) | | |
| | | | 15106 Deer Creek, Unit B D'Iberville, MS 39540 | | | | |
| 82. | Nieto, Pete | 42773 Snapperway Franklinton, LA 70438 | | Wolfe Law Group | Barney Core (7) | | |
| 83. | Caminita, Jennifer | 21484 Harrison Avenue Abita Springs, LA 70420 | 42787 Snapper Way Franklinton, LA 70438 | Wolfe Law Group | Barney Core (7) | | |