UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **IN RE: CHINESE-MANUFACTURED DRYWALL PRODUCTS LIABILITY LITIGATION** | **MDL NO. 2047**<br>**SECTION: L** |
| **THIS DOCUMENT RELATES TO:**<br><br>*Abel, et al. v. Taishan Gypsum Co., Ltd., f/k/a Shandong Taihe Dongxin Co., Ltd., et al*<br>**Case No. 11-cv-080 (E.D. La.)**<br><br>*Almeroth, et al. v. Taishan Gypsum Co., Ltd f/k/a Shandong Taihe Dongxin Co., Ltd., et al*<br>**Case No. 12-cv-0498 (E.D. La.)**<br><br>*Amato, et al. v. Liberty Mutual Insurance Company*, **Case No. 2:10-cv-00932 (E.D.La.)**<br><br>*Germano et al. v. Taishan Gypsum Co., Ltd. et al.*<br>**Case No. 2:09-cv-06687 (E.D. La.)**<br><br>*Gross, et al. v. Knauf Gips, KG, et al*<br>**Case No. 09-cv-6690 (E.D. La.)**<br><br>*Haya, et al. v. Taishan Gypsum Co., Ltd f/k/a Shandong Taihe Dongxin Co., Ltd, et al*<br>**Case No. 11-cv-1077 (E.D. La.)**<br><br>*Wiltz, et al. v. Beijing New Building Materials Public Limited Co., et al*<br>**Case No. 10-cv-361 (E.D. La.)** | **JUDGE FALLON**<br>**MAG. JUDGE WILKINSON** |

## MEMORANDUM OF LAW IN SUPPORT OF CLASS COUNSEL'S MOTION FOR AN ORDER GRANTING INCENTIVE AWARDS

Pursuant to the Allocation Plan approved by this Court on July 9, 2013 (*see* Allocation Plan, Doc. 16800-7; Order Approving Virginia-Based Settlements and Allocation Plan, Doc. 16934), Settlement Class Counsel for the Four Chinese Drywall Class Settlements R*elating to Virginia and Certain Other Remaining Claims* ("Virginia-Based Settlements"), submit this Memorandum of Law in support of their Motion for an Order Granting Incentive Awards to certain Chinese Drywall plaintiffs who provided extraordinary support to this Court during the

1

*Germano* Trial (*see In re Chinese Manufactured Drywall Products Liab. Litig.,* 759 F. Supp. 2d 822 (E.D. La. 2010)) and various proceedings and trials in Virginia state courts that were coordinated with the MDL proceedings. Class Counsel request incentive awards for sixteen households (discussed in more detail below) in the amount of $7,500 per household.

## I.     INTRODUCTION

Potential incentive award plaintiffs sacrificed their homes, time, and convenience to allow for invasive expert sampling of their homes (walls, ceilings, air conditioner parts, pipes, and private possessions) conducted both by plaintiffs', Knauf, and other defense experts. The results obtained from the testing formed a basis for plaintiffs' experts' knowledge of the effects of Chinese drywall ("CDW") which helped develop the damages claims and ultimately the damages findings and remediation protocol in this Court's Findings of Fact and Conclusions of Law ("FOFCOL") in *Germano*. *See In re Chinese Manufactured Drywall Products Liab. Litig.,* 759 F. Supp. 2d 822 (E.D. La. 2010). The *Germano* expert work product and *Germano* FOFCOL was subsequently relied on in every MDL and state court Chinese Drywall trial, and was instrumental in obtaining class-wide settlements. Typical class representatives in the other cases in CDW litigation, such as some of the Omni filings, were not required to undergo this level of repeated, invasive expert sampling of their homes, the inconvenience associated with it, and were not required to travel a great distance to testify, such as the *Germano* Plaintiffs did.

## II.    LEGAL STANDARD

Incentive awards "are intended to compensate class representatives for work done on behalf of the class, to make up for financial or reputational risk undertaken in bringing the action, and sometimes to recognize their willingness to act as private attorney general." *Rodriguez v. West Publishing Corp.*, 563 F.3d 948, 959 (9th Cir. 2009). Federal courts, including courts in

the Fifth Circuit, have approved incentive awards to compensate class representatives for the services they provide and additional burdens they take on, including discovery, substantial time commitment, testimony, etc. *See Humphrey v. United Way of Texas Gulf Coast*, 802 F. Supp. 2d 847, 868-69 (S.D. Tex. 2011); *Braud v. Transport Service Co. of Ill.,* CIV. A. 05–1898 *et al.,* 2010 WL 3283398, *14 (E.D.La. Aug. 17, 2010); *McClain v. Lufkin Industries Inc.,* CIV. A. 9:97CV63, 2010 WL 455351, *25 (E.D.Tex. Jan. 15, 2010). In exercising discretion to determine whether to make an incentive award, Courts generally consider "the actions the plaintiff has taken to protect the interests of the class, the degree to which the class has benefitted from those additions, and the amount of time and effort the plaintiff expended in pursuing the litigation." *Humphrey v. United Way of Texas Gulf Coast*, 802 F. Supp. 2d 847, 868-69 (S.D. Tex. 2011). Additionally, courts may consider "1) the risk to the class representative in commencing suit, both financial and otherwise; 2) the notoriety and personal difficulties encountered by the class representative; 3) the amount of time and effort spent by the class representative; 4) the duration of the litigation; and 5) the personal benefit (or lack thereof) enjoyed by the class representative as a result of the litigation." *Id.* citing *Van Vranken v. Atlantic Richfield Co.,* 901 F.Supp. 294, 299 (N.D.Cal.1995).

### III. CLASS COUNSEL RECOMMEND THAT THE COURT AWARD INCENTIVE AWARDS TO CLASS REPRESENTATIVES AND OTHER PLAINTIFFS WHO MADE EXTRAORDINARY AND SIGNIFICANT CONTRIBUTIONS

The Court-approved Revised Allocation Plan for the Virginia-based Settlements contemplates that Class Representatives and other Lead Plaintiffs may receive enhancement awards for the "significant additional time and effort" they devoted to securing these settlements for all Plaintiffs. (*See* Allocation Plan, Doc. 16800-7 at ¶ 4; Order Approving Virginia-Based Settlements and Allocation Plan, Doc. 16934, at ¶ 42). Pursuant to the Revised Allocation Plan,

3

and in recognition of their significant contributions to Chinese drywall litigation, Class Counsel request incentive awards of $7,500 per household for the following groups of Plaintiffs: 1) *Germano* Intervenor Trial Plaintiffs; 2) *Germano* Class Representatives; and 3) certain Virginia State Trial Court Plaintiffs. The extraordinary contributions of these potential incentive awards plaintiffs are discussed below and, in more detail, in the attached Declaration of Richard J. Serpe ("Serpe Decl.").

a. *Germano* Intervenor Trial Plaintiffs

The *Germano* Intervenor Trial Plaintiffs are i) Jerry and Inez Baldwin; ii) Steven and Elizabeth Heischober; iii) Joseph and Cathy Leach; iv) Preston and Rachel McKellar; v) Fred and Vanessa Michaux; vi) William and Deborah Morgan; and vii) Robert and Lisa Orlando. Serpe Decl. at 6. These individuals served as bellwether plaintiffs in the three- day trial that began on February 19, 2010 before this Court in which Knauf was an intervenor (during the entire discovery and pretrial process, but not the trial itself), and in which the basic science case for all MDL plaintiffs was established. These bellwether plaintiffs sacrificed their homes and experienced significant personal inconvenience to allow extensive and invasive expert sampling of their homes (including of walls, ceilings, air conditioner parts, private possessions, piping, etc.). Additionally, the *Germano* Intervenor Plaintiffs allowed plaintiffs' experts and Knauf experts to investigate repeatedly in their homes over a period of months leading up to trial. These bellwether trial plaintiffs also traveled from Virginia to New Orleans to testify at trial. Serpe Decl. at 5.

The *Germano* Intervenor Plaintiffs have taken extraordinary action to protect the interests of the class by investing significant time and effort to pursue the litigation – and their efforts have formed the basis of factual findings critical at trial and in achieving multiple class action

4

settlements. Serpe Decl. at 7. Thus, Class Counsel respectfully request that this court award $7,500 per household from the Virginia-Based Settlements to *Germano* Intervenor Plaintiffs. *See Humphrey v. United Way of Texas Gulf Coast*, 802 F. Supp. 2d 847, 868-69 (S.D. Tex. 2011).

    b. *Germano* Class Representatives

The following claimants served as class representatives in the *Germano* class action: i) Michelle Germano; ii) Jason and Lisa Dunaway; and iii) Sharon and Dennis Jackson. Serpe Decl. at 9. Each of the *Germano* Class Representatives had his or her home subjected to invasive expert sampling (as described above) on numerous occasions. The *Germano* Class Representatives granted unlimited access to their homes, including allowing testing of spray foam insulation and adjoining condominium units (to demonstrate no cross contamination between units), which aided key developments in the *Germano* trial and the plaintiff expert science case for all MDL plaintiffs. Their homes were some of the first to be tested by Zed Hejzlar, Ph.D. from Engineering Systems Inc., which enabled him to train Art Greason, plaintiffs' inspector who went on to harvest samples from over 200 homes in Virginia and North Carolina, thus creating scientific evidence for all Venture Supply Chinese Drywall plaintiffs. These representatives also paid close attention to all case developments, provided meaningful information on the nature of the CDW nuisance, and asked numerous questions of counsel. Serpe Decl. at 8.

Like the *Germano* Intervenors, the *Germano* Class Representatives invested substantial amounts of time and effort to pursue this litigation resulting in a significant benefit to the classes in the Virginia-based Settlements as well as to plaintiffs in other state court and MDL trials and settlements. Serpe Decl. at 10. Thus, Class Counsel respectfully request that this court award

$7,500 per household from the Virginia-Based Settlements to *Germano* Class Representatives. *See Humphrey v. United Way of Texas Gulf Coast*, 802 F. Supp. 2d 847, 868-69 (S.D. Tex. 2011).

### c. Virginia State Court Plaintiffs Who Made a Special Contribution to Virginia State Trial Settings

The Virginia State Court Plaintiffs are i) Colleen and Tuan Nguyen; ii) Ed and Kim Schultz; iii) Benjamin and Holly Proto; iv) Keith and Elizabeth Berry; v) Dwight and Psyche Page; and vi) Bryan and Kimberly Wood. As discussed in more detail in the Serpe Decl., the Virginia State Court Plaintiffs contributed to Chinese drywall litigation in various ways, including: advocating for Chinese drywall homeowners, providing information about the building of and nuisance conditions in Chinese drywall homes, expending significant time and money in Virginia State Court litigation, serving as bellwether plaintiffs in state court trials, and allowing invasive sampling of their homes. Serpe Decl. at 11.

The Virginia State Court Plaintiffs have made unique contributions to Chinese drywall litigation and have invested significant time and resources in doing so. Thus, Class Counsel respectfully request that this court award $7,500 per household from the Virginia-Based Settlements to Virginia State Court Plaintiffs. *See Humphrey v. United Way of Texas Gulf Coast*, 802 F. Supp. 2d 847, 868-69 (S.D. Tex. 2011).

### IV. CONCLUSION

All of the recommended incentive award recipients meet the Fifth Circuit standard for incentive awards. *See Humphrey v. United Way of Texas Gulf Coast*, 802 F. Supp. 2d 847, 868-69 (S.D. Tex. 2011); *Braud v. Transport Service Co. of Ill.,* CIV. A. 05–1898 *et al.,* 2010 WL 3283398, *14 (E.D.La. Aug. 17, 2010); *McClain v. Lufkin Industries Inc.,* CIV. A. 9:97CV63, 2010 WL 455351, *25 (E.D.Tex. Jan. 15, 2010). Each proposed incentive award Plaintiff has

invested extraordinary time and effort in pursing the litigation over more than five years, endured considerable personal difficulty by opening his or her home to invasive testing, and has substantially benefited the entire class. If this Court grants the proposed awards, the total amount distributed would be $120,000, or less than one percent of the $17.4 million sum of the Virginia-based Settlement proceeds. Such awards are consistent with the Court approved Revised Allocation Plan, which contemplates such incentive awards. (Doc. 16800-7 at ¶ 4).

For the foregoing reasons, Class Counsel respectfully request that the Court grant Class Counsel's proposed incentive awards and enter the attached Order Granting Incentive Awards.

                                                Respectfully submitted,

Dated: February 25, 2014

                                      /s/ Leonard A. Davis
Russ M. Herman, Esquire (Bar No. 6819)
Leonard A. Davis, Esquire (Bar No. 14190)
Stephen J. Herman, Esquire (Bar No. 23129)
HERMAN, HERMAN &KATZ, LLC
820 O'Keefe Avenue
New Orleans, LA 70113
Phone: (504) 581-4892
Fax: (504) 561-6024
Ldavis@hhklawfirm.com
*Plaintiffs' Liaison Counsel in MDL 2047*
*And Proposed Class Counsel*

Arnold Levin
Fred S. Longer
Sandra L. Duggan
Matthew C. Gaughan
LEVIN, FISHBEIN, SEDRAN &BERMAN
510 Walnut Street, Suite 500
Philadelphia, PA 19106
Phone: (215) 592-1500
Fax: (215) 592-4663
Alevin@lfsblaw.com
*Plaintiffs' Lead Counsel in MDL 2047*
*And Proposed Class Counsel*

7

>Richard Serpe
>Law Offices of Richard J. Serpe
>Crown Center, Suite 310
>580 East Main Street
>Norfolk, VA 23510-2322
>Phone: (757) 233-0009
>Fax: (757) 233-0455
>rserpe@serpefirm.com
>*Proposed Class Counsel*
>
>Richard S. Lewis (On the Brief)
>Kristen M. Ward (On the Brief)
>HAUSFELD LLP
>1700 K St. NW, Suite 650
>Washington, D.C. 20006
>Phone: (202) 540-7200
>Fax: (202) 540-7201
>rlewis@hausfeldllp.com

## CERTIFICATE OF SERVICE

I hereby certify that the above and foregoing MEMORANDUM OF LAW IN SUPPORT OF CLASS COUNSEL'S MOTION FOR AN ORDER GRANTING INCENTIVE AWARDS, and attached Exhibit(s) have been served on Defendants' Liaison Counsel, Kerry Miller, by e-mail and upon all parties by electronically uploading the same to LexisNexis File & Serve in accordance with Pre-Trial Order No. 6, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2047 on this 25th day of February, 2014.

>/s/ Leonard A. Davis
>Leonard A. Davis, Esquire
>Herman, Herman & Katz, LLC
>820 O'Keefe Avenue
>New Orleans, Louisiana 70113
>Phone: (504) 581-4892
>Fax: (504) 561-6024
>Ldavis@hhklawfirm.com
>*Plaintiffs' Liaison Counsel in MDL 2047*
>*Co-counsel for Plaintiffs*