UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: CHINESE-MANUFACTURED DRYWALL PRODUCTS LIABILITY LITIGATION | MDL NO. 2047<br>SECTION: L |
| THIS DOCUMENT RELATES TO:<br><br>*Abel, et al. v. Taishan Gypsum Co., Ltd., f/k/a Shandong Taihe Dongxin Co., Ltd., et al*<br>Case No. 11-cv-080 (E.D. La.)<br><br>*Almeroth, et al. v. Taishan Gypsum Co., Ltd f/k/a Shandong Taihe Dongxin Co., Ltd., et al*<br>Case No. 12-cv-0498 (E.D. La.)<br><br>*Amato, et al. v. Liberty Mutual Insurance Company,* Case No. 2:10-cv-00932 (E.D.La.)<br><br>*Germano et al. v. Taishan Gypsum Co., Ltd. et al.*<br>Case No. 2:09-cv-06687 (E.D. La.)<br><br>*Gross, et al. v. Knauf Gips, KG, et al*<br>Case No. 09-cv-6690 (E.D. La.)<br><br>*Haya, et al. v. Taishan Gypsum Co., Ltd f/k/a Shandong Taihe Dongxin Co., Ltd, et al*<br>Case No. 11-cv-1077 (E.D. La.)<br><br>*Wiltz, et al. v. Beijing New Building Materials Public Limited Co., et al*<br>Case No. 10-cv-361 (E.D. La.) | JUDGE FALLON<br>MAG. JUDGE WILKINSON |

**DECLARATION OF RICHARD J. SERPE IN SUPPORT OF CLASS COUNSEL'S MOTION FOR INCENTIVE AWARDS**

I, Richard J. Serpe, declare as follows:

1. I am an attorney for the Four Chinese Drywall Classes *Relating to Virginia and Certain Other Remaining Claims* and am admitted to practice law in the State of Virginia. I have personal knowledge of the facts set forth herein, and, if called upon to testify, I could and would testify competently there to.

1

2. All of the potential incentive award plaintiffs sacrificed their homes, time and convenience to allow for invasive expert sampling of their homes (walls, ceilings, air conditioner parts, pipes, and private possessions) conducted both by plaintiffs', Knauf, and other defense experts. The results obtained from the testing formed a basis for plaintiffs' experts' knowledge of the effects of Chinese drywall ("CDW") which helped develop the damages claims and ultimately the damages findings and remediation protocol in this Court's Findings of Fact and Conclusions of Law ("FOFCOL") in *Germano*. *See In re Chinese Manufactured Drywall Products Liab. Litig.*, 759 F. Supp. 2d 822 (E.D. La. 2010). The *Germano* expert work product and *Germano* FOFCOL was subsequently relied on in every MDL and state court Chinese Drywall trial. Typical class representatives in other cases in the CDW litigation, such as some of the Omni filings, were not required to undergo this level of repeated, invasive expert sampling of their homes, the inconvenience associated with it, and were not required to travel a great distance to testify, such as the *Germano* plaintiffs did.

3. The Court-approved Revised Allocation Plan for the Virginia-based Settlements contemplates that Class Representatives and other Lead Plaintiffs may receive enhancement awards for the "significant additional time and effort" they devoted to securing these settlements for all Plaintiffs. (*See* Allocation Plan, Doc. 16800-7 at ¶ 4; Order Approving Virginia-Based Settlements and Allocation Plan, Doc. 16934, at ¶ 42).

4. Class Counsel request incentive awards of $7,500 per household for the following groups of Plaintiffs: 1) *Germano* Intervenor Trial Plaintiffs; 2) *Germano* Class Representatives; and 3) certain Virginia State Trial Court Plaintiffs, for their significant contributions to Chinese drywall litigation.

a. *Germano* Intervenor Trial Plaintiffs

5. The *Germano* Intervenor Trial Plaintiffs served as bellwether plaintiffs in the three-day trial that began on February 19, 2010 before this Court in which Knauf was an intervenor, and in which the basic science case for all MDL plaintiffs was established. These bellwether plaintiffs sacrificed their homes and experienced significant personal inconvenience to allow extensive and invasive expert sampling of their homes (including of walls, ceilings, air conditioner parts, private possessions, piping, etc.). Additionally, the *Germano* Intervenor Plaintiffs allowed plaintiffs' experts and Knauf experts to investigate repeatedly in their homes over a period of months leading up to trial. These bellwether trial plaintiffs also traveled from Virginia to New Orleans to testify at trial.

6. The *Germano* Intervenor Trial Plaintiffs are as follows:

   a. Jerry and Inez Baldwin (Venture Supply drywall, Williamsburg, Virginia, purchased November of 2006)
      i. The Baldwins also served as class representatives for the Tobin Trading and Installers Settlement Class.

   b. Steven and Elizabeth Heischober (Venture Supply drywall, Virginia Beach, Virginia, purchased November of 2006)
      i. The Heischobers also served as class representatives for the Nationwide Insureds Settlement Class.

   c. Joseph and Cathy Leach (Venture Supply drywall, Williamsburg, Virginia, purchased July of 2008)

   d. Preston and Rachel McKellar (Venture Supply drywall, Newport News, Virginia, purchased August of 2006)

   e. Fred and Vannessa Michaux (Venture Supply drywall, Newport News, Virginia, purchased November 2007)

   f. William and Deborah Morgan (Venture Supply drywall, Williamsburg, Virginia, purchased July of 2006)
      i. The Morgans also served as class representatives for the Porter-Blaine Venture Supply Settlement Class.

      g. Robert and Lisa Orlando (Venture Supply drywall, Williamsburg, Virginia, purchased June of 2009)

7. The *Germano* Intervenor Plaintiffs have taken extraordinary action to protect the interests of the class by investing significant time and effort to pursue the litigation – and their efforts have formed the basis of factual findings critical at trial and in achieving multiple class action settlements.

b. *Germano* Class Representatives:

8. The *Germano* Class Representatives granted unlimited access to their homes, including allowing testing of spray foam insulation and adjoining condominium units (to demonstrate no cross contamination between units), which aided key developments in the *Germano* trial and the plaintiff expert science case for all MDL plaintiffs. Their homes were some of the first to be tested by Zed Hejzlar, Ph.D. from Engineering Systems Inc., which enabled him to train Art Greason, Plaintiffs' inspector who went on to harvest samples from over 200 homes in Virginia and North Carolina, thus creating scientific evidence for all Venture Supply Chinese Drywall plaintiffs. These representatives also paid close attention to all case developments, provided meaningful information on the nature of the CDW nuisance, and asked numerous questions of counsel.

9. The *Germano* Class Representatives are as follows:

      a. Michelle Germano (Venture Supply drywall, Norfolk, Virginia, purchased June of 2006)
          i. Michelle Germano also served as the class representative for the Builders Mutual Insureds Settlement Class.

      b. Jason and Lisa Dunaway (Venture Supply drywall, Courtland, Virginia, built home in 2006 and moved in February of 2007)

      c. Sharon and Dennis Jackson (Venture Supply drywall, Norfolk, Virginia, purchased October of 2008)

10. *Germano* Class Representatives invested substantial amounts of time and effort to pursue this litigation resulting in a significant benefit to the classes in the Virginia-based Settlements as well as to plaintiffs in other state court and MDL trials and settlements.

c. <u>Virginia State Court Plaintiffs Who Made a Special Contribution to Virginia State Trial Settings</u>

11. The Virginia State Court Plaintiffs contributed to Chinese drywall litigation in various ways and are named as follows:

   a. Colleen and Tuan Nguyen (Venture Supply drywall, Virginia Beach, Virginia, built home in 2006 and moved in early 2007) acted as advocates for Chinese drywall homeowners by attracting the attention of local and state government officials, the Consumer Product Safety Commission (CPSC), among other important venues. Their home was also subjected to extensive invasive expert testing (described above), including by the CPSC.

   b. Ed and Kim Schultz (Venture Supply drywall, Suffolk, Virginia, built in 2006)— Mr. Schultz was the builder of his home and provided detailed insight into the building of homes with Chinese drywall and the role of installers, which assisted Class Counsel in reaching numerous settlements with installer defendants.

   c. Benjamin and Holly Proto (Venture Supply drywall, Virginia Beach, Virginia, entered into New Construction Purchase Agreement in August of 2005) filed an independent action in Virginia Beach Circuit Court, represented by other counsel, and contributed significant expenditures of time and money in both the insurance and substantive litigation.

   d. Keith and Elizabeth Berry (Venture Supply drywall, York County, Virginia, purchased April of 2008) served as bellwether plaintiffs for the *Torres* trial, which included extensive invasive expert testing (described above) of their home and investment of their personal time. The *Torres* case continued until only a few days before trial was set to commence. Settlement of the *Torres* matter, and, the arguments developed in preparing for trial against *Torres,* led to numerous other installer settlements.

   e. Dwight and Psyche Page (Venture Supply drywall, York County, Virginia, purchased February of 2008) also served as bellwether plaintiffs for the *Torres* trial. In addition to allowing our team to visit the home on numerous occasions and take invasive expert samples (described above), the Pages also granted Class Counsel access to personal financial documents which provided insight into how a short sale effects a homeowner.

    f. Bryan and Kimberly Wood (Venture Supply drywall, York County, Virginia, purchased December 2007) served as bellwether plaintiffs for the *Torres* trial, allowing Class Counsel to take extensive invasive expert drywall samples from their walls and ceilings, even while still residing in the home.

12. The Virginia State Court Plaintiffs have made unique contributions to Chinese drywall litigation and have invested significant time and resources in doing so.

13. All of the recommended incentive award recipients meet the Fifth Circuit standard for incentive awards. *See Humphrey v. United Way of Texas Gulf Coast*, 802 F. Supp. 2d 847, 868-69 (S.D. Tex. 2011); *Braud v. Transport Service Co. of Ill.*, CIV. A. 05–1898 et al., 2010 WL 3283398, *14 (E.D.La. Aug. 17, 2010); *McClain v. Lufkin Industries Inc.*, CIV. A. 9:97CV63, 2010 WL 455351, *25 (E.D.Tex. Jan. 15, 2010).

14. Each proposed incentive award Plaintiff has invested considerable time and effort in pursing the litigation over more than five years, endured considerable personal difficulty by opening his or her home to invasive testing, and has substantially benefited the entire class.

15. If this Court grants the proposed awards, the total amount distributed would be $120,000, or less than one percent of the $17.4 million sum of the Virginia-based Settlement proceeds. Such awards are consistent with the Court approved Revised Allocation Plan, which contemplates such incentive awards. (Doc. 16800-7 at ¶ 4).

Executed on February 21, 2014, in Norfolk, Virginia.

_____
Richard J. Serpe