UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: CHINESE MANUFACTURED DRYWALL PRODUCTS LIABILITY LITIGATION | ) MDL NO. 2047 ) ) ) |
| THIS DOCUMENT RELATES TO: | ) SECTION: L ) ) JUDGE FALLON |
| *Hobbie, et al. v.* *RCR HOLDINGS II, LLC, et al.* | ) ) ) |
| No. 10-1113 | ) ) MAG. JUDGE WILKINSON ) |

## FEBRUARY 20, 2014 VERIFIED MEMORANDUM FOR RECEIVER

Class Counsel and the Villa Lago Condominium Association at Renaissance Commons, Inc. (the "Association") hereby request that Mr. H. Minor Pipes, Esq., as Receiver for non-responsive units within Renaissance Commons at Villa Lago (Renaissance Commons), take action as noted herein, specifically including signing work authorizations for remediation of the Renaissance Commons units noted below:

### Background

1. The Receiver's primary mission is to sign work authorizations and releases on behalf of non-responsive, absent, or missing unit owners who cannot deliver such documents, as required to begin the Remediation of reactive Chinese manufactured drywall ("CDW") pursuant to the Class Action Settlement for the remediation of CDW within Renaissance Commons as approved by the Court in its Order dated October 21, 2013 ("Settlement"). [DE 17177]

2. Pursuant to DE 17177 the Court retained jurisdiction over the implementation of the Settlement and "over all parties, including Participating Class members, for the purpose of enforcing and administering the Settlement Agreement and Exhibits thereto and the mutual

*Leopold Law, P.A.*
*2925 PGA Boulevard, Suite 200, Palm Beach Gardens, FL 33410*
*Telephone: (561) 515-1400 Facsimile: (561) 515-1401*



Hobbie, et al. v. RCR Holdings II, LLC, et al.
Case No.: 10-1113
Page 2

releases and other documents contemplated by, or executed in connection with the Settlement Agreement."

3. On December 20, 2013, the Court appointed H. Minor Pipes, Esq., as Receiver "to execute and deliver certain required written authorizations and releases on behalf of nonresponsive unit owners at various times before, during, and after completion of the remediation and to arrange for the delivery of such units in the condition required by the contract for remediation and the Settlement Agreement." [DE 17370]

4. Further, the Association is responsible for the operation and control of the Condominium pursuant to Section 718, Florida Statutes, *et. seq*, and that certain Declaration of Condominium for the Condominium[1] (the "Declaration"). Fla. Stat. Sec. 718.111(3) provides that "[t]he association may contract, sue, or be sued with respect to the exercise or nonexercise of its powers. For these purposes, the powers of the association include, but are not limited to, the maintenance, management, and operation of the condominium property." Moreover, Fla. Stat. Sec. 718.111(5) provides that "The association has the irrevocable right of access to each unit during reasonable hours, when necessary for the maintenance, repair, or replacement of any common elements or of any portion of a unit to be maintained by the association pursuant to the declaration or as necessary to prevent damage to the common elements or to a unit or units."

5. The Association has determined that the remediation of CDW pursuant to the Settlement involves necessary maintenance, repair or replacement of common elements or a portion of a unit to be maintained by the association, as well as necessary to prevent damage to the common elements or other units within Renaissance Commons.

---

[1] Recorded in Official Records Book at Book/Page: 21354/1406 of the Public Records of Palm Beach County, Florida, and as thereafter amended

Hobbie, et al. v. RCR Holdings II, LLC, et al.
Case No.: 10-1113
Page 3

6. Moss Construction is performing the CDW remediation at Renaissance Commons pursuant to a written contract that requires certain written authorizations and releases unit owners. The individual Residences must be vacated during the remediation, and all personal property be removed from those Residences during the remediation. Any delays in providing the required authorizations and releases by unit owners or in delivering the units in the condition required will create exposure to the Association, with ultimate responsibility to the non-responsive unit owner, for damages.

7. Copies of all return receipts, returned envelopes and any related documents referenced below have been previously provided to the Receiver.

### Specific Requests for Action by the Receiver

**The following vacant units have been determined by commercially reasonable effort of Class counsel to be owned by non-responsive, absent, or missing unit owners in accordance with the Court's December 20, 2013 Order; therefore, Class Counsel and the Association request the Receiver execute Work Authorizations as indicated below:**

8. Unit 1126. This unit has KPT CDW and is currently vacant. The unit is currently owned by Federal Home Loan Mortgage Corp., a request for an executed Work Authorization was mailed via Certified Mail on September 5, 2013, to 5000 Plano Parkway, Carrollton, Texas 75010; however, while the green card was returned, neither the executed work authorization nor any response was received. Recent pictures of the interior of this Unit are attached hereto as Exhibit "A".

9. Unit 1203. This unit has Non-KPT CDW and is currently vacant. The current owners are Claudia Herrera and FriasJesus. A request for an executed Work Authorization was mailed via certified mail on October 17, 2013 to the last known address, and on November 16,

2013 to 1826 Trade Center Way, Unit B, Napes, Florida 34109; however, no green card was returned nor was either the executed Work Authorization or a response received. Recent pictures of the interior of this Unit are attached hereto as Exhibit "B".

10. Unit 2417. This unit has Non-KPT CDW and is currently vacant. The current owner is HSBC Bank c/o Albertelli Law. A request for an executed Work Authorization was mailed via certified mail on October 21, 2013 to 600 North Westshore Blvd., Tampa, Florida; however, neither the executed Work Authorization nor any response was received. Recent pictures of the interior of this Unit are attached hereto as Exhibit "C".

11. Unit 1304. This unit has KPT CDW and is currently vacant. The current owner is Adalgisa Scotuzzi. A request for an executed Work Authorization was mailed via certified mail on November 6, 2013 to 1690 Renaissance Commons Blvd., Unit 1304, Boynton Beach, Florida; however, the mail was returned as Insufficient Address. Further search for a current address revealed no alternate address.

12. Unit 2203. This unit has Non-KPT CDW and is currently vacant. The current owner is US Bank National Association c/o Select Portfolio Servicing, Inc. A request for an executed work authorization was sent to both the original owner's attorney and to the current owner on December 11, 2013 at 3815 South West Temple, Salt Lake City, Utah 84115; however, neither an executed work authorization nor a response was returned.

**The following occupied units have been non-responsive; therefore, Class Counsel and the Association request that the Receiver execute Work Authorizations, and mail the executed work authorization via send certified mail to the unit owners with an enclosure letter informing the owners that the unit will be remediated within 45 days and must be**

Hobbie, et al. v. RCR Holdings II, LLC, et al.<br>
Case No.: 10-1113<br>
Page 5

**vacated prior, as well as having the same served upon the unit occupants by registered process server:**

13. Unit 1426. This unit has Non-KPT CDW and is currently occupied. This Unit is currently owned by Raymond and Rogina Rizk. A request for an executed Work Authorization was mailed to 120 N. Swinton Ave., Delray Beach, Florida on October 21, 2013; however, neither the executed work authorization nor any response was received.

14. Unit 1521. This unit has Non-KPT CDW and is currently occupied by the current owner Ahmad Rizwan. Mr. Rizwan has refused to return documents despite having made contact with him. A request for an executed Work Authorization was mailed to 1690 Renaissance Commons Blvd. #1521 Boynton Beach, Florida; however, neither the executed Work Authorization nor and response was received.

15. Unit 2423. This unit has Non-KPT CDW and is currently occupied. This Unit is currently owned by Raymond and Rogina Rizk. A request for an executed Work Authorization was mailed 120 N. Swinton Ave., Delray Beach, Florida 33444 on October 21, 2013; however, neither the executed work authorization nor any response was received.

**I hereby swear or affirm that the foregoing information contained in this Memorandum is true and correct, and that the best commercial efforts to acquire an executed Work Authorization were used by my office.**

Gary E. Mason, Esq.
WHITFIELD BRYSON & MASON LLP
1625 Massachusetts Ave., NW, Suite 605
Washington, D.C. 20036
Telephone: (202) 429-2290
Facsimile: (202) 429-2294
gmason@wbmllp.com