UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In re:  CHINESE-MANUFACTURED | * | MDL 2047 |
| DRYWALL PRODUCTS | * | |
| LIABILITY LITIGATION | * | SECTION L |
| | * | |
| | * | JUDGE FALLON |
| This document relates to: | * | |
| 10-1113 | * | MAGISTRATE JUDGE WILKINSON |
| | * | |

* * * * * * * * * * * * * * * * *

## KNAUF DEFENDANTS' MEMORANDUM IN SUPPORT OF ITS MOTION TO ENFORCE SETTLEMENT AGREEMENT AND IMMEDIATELY RELEASE RCR UNITS AT THE VILLA LAGO AT RENAISSANCE COMMONS FOR REMEDIATION

Defendants Knauf Plasterboard (Tianjin) Co., Ltd., Knauf Plasterboard (Wuhu) Co., Ltd., Guangdong Knauf New Building Material Products Co., Ltd., Knauf Gips KG, Gebr. Knauf Verwaltungsgesellschaft KG, Knauf International GmbH, Knauf Insulation GmbH, Knauf UK GmbH, Knauf AMF GmbH & Co. KG, Knauf do Brasil Ltda., and PT Knauf Gypsum Indonesia (collectively the "Knauf Defendants") file this Memorandum in Support of its Motion to Enforce Settlement Agreement and Immediately Release RCR Units at the Villa Lago at Renaissance Commons for Remediation.

RCR Holdings II, LLC ("RCR") owns 104 units containing Chinese manufactured drywall at the Villa Lago at Renaissance Commons and was a party to the settlement agreement covering the remediation of those units. However, RCR has repeatedly delayed remediation of those units and interfered with Moss & Associates, LLC's ("Moss") ability to remediate those units in an efficient and cost-effective manner.

For these reasons, as more fully stated below, the Court should enforce the settlement agreement and order RCR to immediately release for remediation 30 units at a time at the Villa Lago at Renaissance Commons.

## I.  BACKGROUND

The Villa Lago at Renaissance Commons is a 328 unit condominium development located in Boynton Beach, Florida that consists of two residential towers, an enclosed parking lot, and common areas.  After Chinese drywall was identified in certain units, multiple parties filed suit against multiple defendants.

RCR is managed by Mr. James Comparato, owns 104 of the units at Renaissance Commons, and brought claims against the Knauf Defendants for the presence of Chinese drywall in those units.

On or about March 25, 2013, RCR, the Knauf Defendants, and multiple other parties entered into a settlement agreement.  Rec. Doc. No. 16741-2.  The settlement agreement provides that the remediation of Chinese drywall affected units at the Villa Lago at Renaissance Commons will be coordinated by the Knauf Defendants and Moss & Associates, LLC ("Moss"). *Id*. at p. 18.  The settlement agreement further provides that "[t]he United States District Court for the Eastern District of Louisiana shall retain jurisdiction over any suit, action, proceeding or dispute arising out of or relating to this Settlement or the applicability of this Settlement that cannot be resolved by negotiation and agreement by Class Members and the Released Parties." *Id*. at p. 55.

On April 24, 2013, the Court preliminarily approved the settlement agreement, and on September 9, 2013, the Court granted final approval of the settlement agreement.  Rec. Doc. Nos. 16777 & 17063.  In its Final Approval Order and Judgment, the Court retained continuing

2

and exclusive jurisdiction over the settlement agreement. Rec. Doc. No. 17063 at p. 9. RCR did not opt-out of the settlement agreement and the deadline to opt out of the settlement agreement has passed.

Between August and October, 2013, RCR executed binding Work Authorizations for all of its units containing Chinese manufactured drywall. Beginning in December 2013, representatives of RCR, the Knauf Defendants, and Moss attended multiple teleconference calls to discuss the timing of remediations. The parties agreed that RCR would release 30 units at a time for remediation. Thereafter, Mr. Comparato postponed the commencement of remediating any RCR units.

On January 20, 2014, Mr. Comparato agreed to release just 5 RCR units for remediation. On January 22, 2014, Mr. Comparato again reversed course and refused to allow for the remediation of any units. On February 11, 2014, Mr. Comparato agreed to release units, but then again reversed course and canceled those units for remediation. On February 14, 2014, Mr. Comparato agreed to release units containing non-KPT drywall, but only at a rate equal to the privately owned units (four non-KPT units per week). All RCR owned KPT units remain on hold.

## II. LAW AND ANALYSIS

It is well settled that a court retains jurisdiction to enforce a settlement agreement when the court expressly retains jurisdiction over the settlement agreement in its final approval order or judgment. *Hospitality House, Inc. v. Gilbert*, 298 F.3d 424, 430 (5th Cir. 2002) (citing *Kokkonen v. Guardian Life Insurance Co.*, 511 U.S. 375, 378-81 (1994)). This court expressly retained jurisdiction to enforce the settlement agreement in its September 9, 2013 Final Approval

Order and Judgment. Rec. Doc. No. 17063 at p. 9. Therefore, the Court has jurisdiction to enforce the settlement agreement.

As noted above, the settlement agreement covering remediation of Chinese drywall affected units at the Villa Lago at Renaissance Commons states that remediation of units would be coordinated by the Knauf Defendants and Moss. Despite executing Work Authorizations that authorize the remediation of all RCR owned Chinese drywall affected units, Mr. Comparato has since repeatedly impeded Moss' ability to remediate those units and has now limited Moss' remediation schedule to four non-KPT units per week, considerably less than the 30 units it previously agreed to release. Moss' inability to remediate 30 units at a time has hindered its ability to remediate units in an efficient and cost-effective manner.

Moreover, the Work Authorizations are legally binding agreements to remediate the units. Because RCR signed all Work Authorizations and now refuses to allow remediation of all RCR units, RCR is in breach of the Work Authorizations.

### III. CONCLUSION

For the foregoing reasons, the Court should enforce the settlement agreement and order RCR to immediately release for remediation 30 units at a time at the Villa Lago at Renaissance Commons.

Respectfully submitted,

BY: /s/ Kerry J. Miller
KERRY J. MILLER (#24562)
KYLE A. SPAULDING (#29000)
**FRILOT L.L.C.**
1100 Poydras Street
Suite 3700
New Orleans, LA 70163

4

>Telephone: (504)599-8194
>Facsimile: (504)599-8145
>Email: kmiller@frilot.com

## **CERTIFICATE**

I hereby certify that the above and foregoing pleading has been served upon Russ Herman, Plaintiffs' Liaison Counsel, by email, and to all parties by electronically uploading the same to LexisNexis File & Serve in accordance with Pre-Trial Order No. 6, and that the foregoing was filed with the Clerk of Court of the United States Court for the Eastern District of Louisiana, on this 11th day of March, 2014.

>/s/ Kerry J. Miller