UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: CHINESE MANUFACTURED   DRYWALL PRODUCTS   LIABILITY LITIGATION | ) ) ) ) | MDL NO. 2047 |
| THIS DOCUMENT RELATES TO: | ) ) | SECTION: L |
| *Hobbie, et al. v.* *RCR Holdings II, LLC, et al.,* | ) ) ) | JUDGE FALLON |
| No. 10-1113 | ) ) | MAG. JUDGE WILKINSON |

**RCR HOLDINGS II, LLC'S RESPONSE TO
KNAUF DEFENDANTS' MOTION TO ENFORCE SETTLEMENT AGREEMENT
AND IMMEDIATELY RELEASE RCR UNITS AT THE VILLA LAGO
AT RENAISSANCE COMMONS FOR REMEDIATION [DE 17507]**

COMES NOW RCR Holdings II, LLC, by and through its undersigned counsel, and hereby responds to Knauf Defendants' Motion to Enforce Settlement Agreement and Immediately Release RCR Units at the Villa Lago At Renaissance Commons for Remediation [DE 17507] as follows.

RCR Holdings II, LLC ("RCR") is the original developer of Renaissance Commons at Villa Lago ("Villa Lago"), the owner of greater than 130 units at Villa Lago since 2005, and the owner/operator of the Villa Lago Condominium Association at Renaissance Commons, Inc. ("Association") since 2005. RCR's Villa Lago units are subject to a third party mortgage for which RCR faces a dire cash flow issue as described herein. RCR has been able to avoid default on the mortgage to date, despite the presence of reactive Chinese-manufactured drywall ("CDW") throughout Villa Lago, by operating its own full-time property management business at Villa Lago to rent its units.

1

Villa Lago's 328 units have at least two types of reactive CDW, and the remediation of Villa Lago is funded by multiple settlements approved by this Court [DE 17177].  RCR, both as the owner of more than 130 units and the manager of the Association, has been significantly involved in assisting and overseeing the remediation of Villa Lago.  Moreover, RCR has spent significant funds to maintain the Association since 2005 despite significant failure of payment of assessments due primarily to issues related to CDW.

RCR has been able to remain solvent since 2005 solely by renting out all of its Villa Lago units, which units were at 98% occupancy prior to signing the subject Settlement Agreements and Work Authorizations. RCR entered into the subject Settlement Agreements/Work Authorizations with the understanding that it would be compensated for lost rent for units being remediated *at the time* of evicting tenants from the to be remediated unit, such that the lost rent payment would compensate RCR for the actual lost rent during the remediation of the actual unit.  RCR could remain solvent during the remediation process in this manner; therefore, prior to the start of the Villa Lago remediation RCR filed well documented lost rent claims with the Other Loss Fund for all of its applicable Villa Lago CDW units.

To date, RCR has vacated or agreed to vacate at least 47 of its CDW units for remediation, of which 18 have KPT CDW and 29 have non-KPT CDW.  RCR continues to turn over units for remediation to Moss, but RCR will be forced to default on its mortgage if neither provided relief by: (1) turning over (and thereby evicting tenants who currently pay monthly rent) fewer than 30 units at a time; or, (2) being compensated at least some portion of its lost rent claims from the Other Loss Fund at or before the time of evicting tenants.

WHEREFORE, RCR respectfully requests the Court to deny the Knauf Defendants' Motion to Enforce Settlement Agreement and Immediately Release RCR Units at the Villa Lago

At Renaissance Commons for Remediation, or provide alternate relief in the form of expedited payment of at least some portion of RCR's claims for the Other Loss Fund, or any other relief deemed appropriate.

Respectfully submitted,

/s/ GREGORY S. WEISS
Gregory S. Weiss (Fla. Bar No. 163430)
Mrachek, Fitzgerald, Rose,
Konopka, Thomas & Weiss, P.A.
505 S. Flagler Drive, Suite 600
West Palm Beach, FL 33401
Tel.: (561) 655-2250
Fax: (561) 655-5537
gweiss@mrachek-law.com

*Counsel for RCR Holdings II, LLC*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that the above and foregoing has been served upon Plaintiffs' Liaison Counsel, Russ Herman, and Defendants' Liaison Counsel, Kerry Miller, by email transmission, and upon all parties by electronically uploading the same to Lexis Nexis File and Serve in accordance with Pre-Trial Order No. 6, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF system, which will send a notice of electronic filing in accordance with procedures established in MDL 2047, on this 18th day of March, 2014.

/s/ GREGORY S. WEISS
Gregory S. Weiss (Fla. Bar No. 163430)