IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: CHINESE-MANUFACTURED DRYWALL PRODUCTS LIABILITY LITIGATION | MDL No. 2:09-md-2047<br>SECTION: L<br>JUDGE FALLON<br>MAG. JUDGE WILKINSON |

## VISTA ROYALE ASSOCIATION, INC.'S REPLY TO PLAINTIFF'S RESPONSE TO VISTA ROYALE'S MOTION TO BE ADMITTED INTO THE SETTLEMENT CLASS

**COMES NOW**, Claimant, **VISTA ROYALE ASSOCIATION, INC**, ("VISTA") by and through its undersigned counsel, and files this *Reply to Plaintiff's Response to Vista Royale's Motion to be Admitted into the Settlement Class* and in support thereof states as follows:

1. VISTA has demonstrated excusable neglect to justify late entry into the claims Administration Process.

2. Plaintiff's Response contains several inaccuracies: First, VISTA is not a "Builder with multiple properties." It is a condominium in Vero Beach, Florida that was destroyed by Hurricane Jeanne and Hurricane Francis in 2004.

3. By way of background, the builders, Fireline, installed defective Chinese Drywall in 2005. However, the defect did not manifest until 2009.

4. VISTA pursued claims against its property insurer, Fireline, and the supplier, Banner.

5. The insurer denied the claims based on the "Pollution Exclusion." The builder, Fireline, is bankrupt. The supplier, Banner, is now part of the present class.

6. VISTA timely registered for the Class Settlement on March 5, 2013, and supplemented same with a spreadsheet and other forms as there were multiple affected units, specifically 22 individual units.

7. On October 29, 2013 the undersigned sent a routine email to "CDWQuestions@browngeer.com" asking is there "was a website that has information about the progress of making distributions to the claimants?" The undersigned then unfortunately learned that the registration was not considered a "claim" and the deadline to file "claims" was October 25, 2013.

8. The reasons for VISTA's excusable neglect are set forth in great detail in the original motion. In addition, the undersigned counsel and his support staff when submitting the registration were unfamiliar with the complexities of the website and navigation process. This office did not receive any form of notice relating to the deadline from any of the sources identified in Plaintiff's response. The expectation was that VISTA would be included by virtue of the timely registration and subsequent amendment but did not receive any such notice through email blasts, ECF nor Lexis Nexis concerning the class action deadline at issue. This office attempted to comply with all the requirements and thought that they were on the mailing list/service list but as events have unfolded it appears that this is not the case despite the documented communication in VISTA's original motion.

9. The standard of Excusable Neglect is discussed in <u>Carter v. Lake County, etc., Et al.</u>, 840 So.2d 1153 (5th DCA 2003) citing <u>Pioneer Investment Services, Co. v. Brunswick Associates Ltd. Partnership</u>, 507 U.S. 380, 113 S.Ct.1489, 123 L.Ed.2d 74 (1993):

> *"wherein the Court was confronted with the issue of whether an attorney's inadvertent failure to file a proof of claim in a bankruptcy proceeding could constitute "excusable neglect" within the meaning of*

- 2 -

LAW OFFICES
BECKER & POLIAKOFF, P.A.
BANK OF AMERICA CENTRE • 625 N. FLAGLER DRIVE, 7TH FLOOR • WEST PALM BEACH, FL 33401
TELEPHONE (561) 655-5444

ACTIVE: V11424/309828:5574837_6

> *Federal Rule of Bankruptcy Procedure 9006(b)(1). The Court, noting that the term "excusable neglect" appears in Federal Rules of Civil Procedure Rules 6(b) and 60(b), analyzed how the term "excusable neglect" was interpreted by the courts when applying those rules and gave a similar liberal interpretation to the bankruptcy rule under consideration. Specifically, the Court held that the determination of whether the failure to abide by a specified time limit constitutes excusable neglect is in essence an equitable one which should take into account all of the relevant circumstances, including prejudice to the other party, the reason for the delay, the duration of the delay, and whether the movant acted in good faith. Id. at 395, 113 S.Ct. 1489. The Court concluded that excusable neglect "contemplate[s] that the courts would be permitted, where appropriate, to accept late filings caused by inadvertence, mistake, or carelessness, as well as by intervening circumstances beyond the party's control." Id. at 388-89, 113 S.Ct. 1489."*

Of further note the Pioneer standard for excusable neglect was extended and not limited to bankruptcy context:

> *"The Pioneer standard for determining "excusable neglect" has been extended beyond the bankruptcy context by the federal courts that have applied it to other procedural rules when determining whether excusable neglect has been established. See Stutson v. United States, 516 U.S. 193, 116 S.Ct. 600, 133 L.Ed.2d 571 (1996); Graphic Communications Int'l Union, Local 12-N v. Quebecor Printing Providence, Inc., 270 F.3d 1 (1st Cir.2001);Weinstock v. Cleary, Gottlieb, Steen & Hamilton, 16 F.3d 501 (2d Cir.1994); United States v. Hooper, 9 F.3d 257 (2d Cir.1993); Clark v. Runyon, 165 F.Supp.2d 920 (D.Minn.2001); In re Cendant Corp. Prides Litig., 189 F.R.D. 321 (D.N.J.1999), aff'd, 233 F.3d 188 (3d Cir.2000); In re Crazy Eddie Sec. Litig., 906 F.Supp. 840 (E.D.N.Y.1995). Specifically, the federal courts have applied."*

10. When VISTA discovered that it missed the deadline by several days, we contacted Brown Greer, PLC to determine what could be done to remedy the problem.

11. As discussed in Carter, *supra,* VISTA has met the requirements to demonstrate excusable neglect. VISTA's Motion has explained in great detail the reason and timing of the delay, has acted in good faith, made a good faith effort to get on the mailing list and to comply with the requirements and the filing of this motion has not prejudiced any other party.

- 3 -

LAW OFFICES
BECKER & POLIAKOFF, P.A.
BANK OF AMERICA CENTRE • 625 N. FLAGLER DRIVE, 7TH FLOOR • WEST PALM BEACH, FL 33401
TELEPHONE (561) 655-5444

ACTIVE: V11424/309828:5574837_6

12.     Once VISTA became aware of the missed deadline it provided all supporting claim documentation and conferred with Brown Greer to remedy the problem. The actions taken by VISTA would show that this was an excusable neglect.

13.     Brown Greer suggested that we file the instant motion, which was filed immediately. Brown Greer also advised that while they could not submit a response "consenting" to said motion, "there were lots of filings for late entry and that the court was generously granting them routinely."

WHEREFORE, VISA respectfully requests that this Court grant the Motion Permitting Entry into the Settlement Class.

Respectfully Submitted this 20th day of March, 2014.

- 4 -
LAW OFFICES
BECKER & POLIAKOFF, P.A.
BANK OF AMERICA CENTRE • 625 N. FLAGLER DRIVE, 7TH FLOOR • WEST PALM BEACH, FL  33401
TELEPHONE (561) 655-5444

ACTIVE: V11424/309828:5574837_6

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the foregoing Reply to Plaintiff's Response to Vista's Motion to be Admitted into the Settlement Class has been served via electronic mail to the following parties listed on the following Service List, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MLD 2047 on this 20th day of March, 2014.

BECKER & POLIAKOFF, P.A.
*Attorneys for Vista Royale Association, Inc.*
Bank of America Centre
625 N. Flagler Drive, 7th Floor
West Palm Beach, FL  33401
Telephone: (561) 655-5444
Facsimile: (561) 832-8987
rrubin@bplegal.com


By:    /s/Robert Rubin
       Robert I. Rubin, Esq.
       Florida Bar No. 7293

MDL No. 2:09-MD-2047

## SERVICE LIST

| | |
|---|---|
| Chinese Drywall Settlement Administrator<br>BrownGreer PLC<br>P.O. Box 25401<br>Richmond, Virginia 23260<br>Chinesedrywallregistration@browngreer.com | Lynn C. Greer<br>BrownGreer PLC (Richmond)<br>250 Rocketts Way<br>Richmond, VA 23231<br>804-521-7202<br>Fax: 804-521-7299<br>Email: jswoody@browngreer.com |
| Kerry J. Miller<br>Frilot L.L.C.<br>Energy Centre<br>1100 Poydras Street<br>Suite 3700<br>New Orleans, LA 70163<br>504-599-8000<br>kmiller@frilot.com | **Russ M. Herman**<br>**Leonard A. Davis**<br>Herman, Herman & Katz, LLC<br>820 O'Keefe Avenue<br>New Orleans, LA 70113<br>(504) 581-4892<br>Email: rwestenfeld@hhk.com<br>Email: ldavis@hhkc.com |

## PLAINTIFF'S STEERING COMMITTEE

| | |
|---|---|
| Dawn M. Barrios<br>Barrios, Kingsdorf & Casteix, LLP<br>701 Poydras Street, Suite 3650<br>New Orleans, LA 70139<br>Phone: (504) 524-3300<br>Fax: (504) 524-3313<br>Barrios@bkc-law.com | Robert C. Josefsberg<br>Podhurst Orseck, P.A.<br>25 Flagler Street, 8th Floor<br>Miami, FL 33130<br>Phone: (305) 358-2800<br>Fax: (305) 358-2382<br>rjosefsberg@podhurst.com |
| Daniel E. Becnel, Jr.<br>Becnel Law Firm. LLC<br>425 W. Airline Highway, Suite B<br>Laplace, LA 70068<br>Phone: (985) 536-1186<br>Fax: (985) 536-6445<br>dbecnel@becnellaw.com | Bruce William Steckler<br>The Steckler Law Firm<br>12700 Park Central Drive, Ste 1900<br>Dallas, TX 75251<br>Phone: (972) 387-4040<br>Fax: (972) 387-4041<br>bruce@stecklerlaw.com |

LAW OFFICES
BECKER & POLIAKOFF, P.A.
BANK OF AMERICA CENTRE • 625 N. FLAGLER DRIVE, 7TH FLOOR • WEST PALM BEACH, FL 33401
TELEPHONE (561) 655-5444
ACTIVE: V11424/309828:5574837_6

| | |
|---|---|
| Ervin A. Gonzalez<br>Colson, Hicks, Eidson, Colson<br>Matthews, Martinez, Gonzales,<br>Kalbac & Kane<br>255 Alhambra Circle, Penthouse<br>Cora Gables, FL 33134<br>Phone: (305) 476-7400<br>Fax: (305) 476-7444 | Scott Wm. Weinstein<br>Morgan & Morgan<br>12800 University Drive, Suite 600<br>Ft. Meyers, FL 33907<br>Phone: (239) 433-6880<br>Fax: (239) 433-6836<br>sweinstein@forthepeople.com |
| Ben W. Gordon, Jr.<br>Levin, Papantonio, Thomas, Mitchell<br>Echsner & Proctor, P.A.<br>316 S. Baylen Street, Suite 600<br>Pensacola, FL 32502<br>Phone: (850) 435-7000<br>Fax: (850) 435-7020<br>bgordon@levinlaw.com | James Robert Reeves<br>Lumpkin & Reeves<br>160 Main Street<br>Biloxi, MS 39530<br>Phone: (228) 374-5151<br>Fax: (228) 374-6630<br>jrr@lumpkinreeves.com |
| Hugh P. Lambert<br>The Lambert Firm<br>701 Magazine Street<br>New Orleans, LA 70130<br>Phone: (504) 581-1750<br>Fax: (504) 529-2931<br>hlambert@thelambertfirm.com | Christopher Seeger<br>Seeger Weiss, LLP<br>77 Water Street<br>New York, NY 10005<br>Phone: (212) 584-0700<br>Fax: (212) 584-0799<br>cseeger@seegerweiss.com |
| Gerald E. Meunier<br>Gainsburgh, Benjamin, David, Meunier<br>& Warshauer, LLC<br>2800 Energy Centre, 1100 Poydras Street<br>New Orleans, LA 70163-2800<br>Phone: (504) 522-2304<br>Fax: (504) 528-9973<br>gmeunier@gainsben.com | Daniel K. Bryson<br>Whitfield, Bryson & Mason<br>900 W. Morgan Street<br>Raleigh, NC 27603<br>Phone: (919) 600-5000<br>Fax: (919) 600-5002<br>dan@wbmllp.com |
| Jerrold Seth Parker<br>Parker, Waichman, Alonso LLP<br>3301 Bonita Beach Road<br>Bonita Springs, FL 34134<br>Phone: (239) 390-1000<br>Fax: (239) 390-0055<br>Jerry@yourlawyer.com | Richard J. Serpe, Esquire<br>Law Offices of Richard J. Serpe<br>Crown Center, Ste. 310<br>580 East Main Street<br>Norfolk, VA 23510-2322<br>Phone: (757) 233-0009<br>Fax: (757) 233-0455<br>rserpe@serpefirm.com |

MDL No. 2:09-MD-2047

| | |
|---|---|
| Victor M. Diaz, Jr., Esquire<br>V.M. Diaz and Partners, LLC<br>119 Washington Ave, Suite 402<br>Miami Beach, FL 33139<br>Phone: (305) 704-3200<br>Fax: (305) 538-4928<br>victor@diazpartners.com | |

## OF COUNSEL TO PLAINTIFFS' STEERING COMMITTEE

| | |
|---|---|
| Richard S. Lewis<br>HAUSFELD LLP<br>1700 K Street, N.W<br>Suite 650<br>Washington, DC 20006<br>Phone: (202) 540-7200<br>Fax: (202) 540-7201<br>rlewis@hausfeldllp.com | Andrew A. Lemmon<br>Lemmon Law Firm, LLC<br>P.O. Box 904<br>15058 River Road<br>Hahnville, LA 70057<br>Phone: (985) 783-6789<br>Fax: (985) 783-1333<br>andrew@lemmonlawfirm.com |