UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: CHINESE-MANUFACTURED DRYWALL PRODUCTS LIABILITY LITIGATION | MDL No. 2047<br>SECTION "L" |
| THIS DOCUMENT RELATES TO: | JUDGE FALLON |
| Arndt, et. al. v. Gebrueder Knauf Verwaltungsgesellschaft, KG, et al. Case No. 11-2349 | MAG. JUDGE WILKINSON |
| Gross, et. al. v. Knauf Gips, KG, et. al. Case No. 09-6690 | |
| Payton, et. al. v. Knauf Gips, KG, Case No. 2:09-cv-0768 (E.D.La.) | |
| Rodgers, et. al. v. Knauf Gips, KG, et. al., Case No. 2:10-cv-00362 (E.D.La.) | |

**MEMORANDUM IN SUPPORT OF VERIFIED UNOPPOSED MOTION TO EXTEND OTHER LOSS FUND CLAIM SUBMISSION DEADLINE FOR CLAIMANTS DIANA POHNER AND BARRY LABELL**

Plaintiffs Diana Pohner and Barry Labell, by and through undersigned counsel, hereby file their Memorandum in Support of Verified Unopposed Motion to Extend Other Loss Fund Claim Submission Deadline for Diana Pohner and Barry Labell requesting an extension of the claims filing deadline of January 15, 2014 in CAP No. 2013-6 for MDL 2047. In support thereof Plaintiffs state as follows:

1. Ms. Pohner and Mr. Labell's claims were timely registered on June 18, 2013, well before the July 8, 2013 registration deadline and Claimants were eligible to make claims in the Other Loss Fund.

2. On May 24, 2013, this Court established the claim submission deadline in the Chinese-Manufactured Drywall Products Liability Proceeding ("proceeding") as August 26, 2013 [Doc. 16877].

3. On July 26, 2013, this Court extended the deadline to September 30, 2013 [Doc. 16961]. On September 27, 2013, this Court issued a second extension to file a claim in this proceeding to October 25, 2013 [Doc. 17157].

4. The undersigned counsel's law firm ("the firm") worked diligently to complete and submit all claim forms by the October 25, 2013 deadline.

5. CAP No. 2013-6 was issued on January 2, 2014, and allowed claimants who filed at least one claim by the October 25, 2013 deadline or have a claim "in progress" to submit completed claims by January 15, 2014. Claimants Diana Pohner and Barry Labell had Remediation Fund claims "in progress" as a result of the June 18, 2013 registration.

6. On March 18, 2014, the firm discovered Mr. Labell and Ms. Pohner's Other Loss Fund claims were inadvertently not submitted and contacted the Settlement Administrator immediately and were advised to file the instant motion.

7. Claimant Diana Pohner participated in the Remediation Fund of the Knauf Settlement and would have qualified for the filing of her Other Loss Fund claim under CAP No. 2013-6; however, the firm's inadvertent failure to file her Other Loss Fund Claim was not known at that time.

8. Claimant Barry Labell filed a Repair & Relocation claim in the Global and Banner Settlements and would have qualified for the filing of his Other Loss Fund claim under CAP No. 2013-6; however, the firm's inadvertent failure to file his Other Loss Fund Claim was not known at that time.

9. The reason the claims were not submitted by the deadline is due to mistake, inadvertent error, and/or excusable neglect on behalf of undersigned counsel and is in no way the fault of the Claimants themselves.

10. Local Rule 7.8 allows for the Court's discretion in extending deadlines upon motion and for good cause shown. Under Fed. R. Civ. P. 6(b)(2), where the deadline has passed, a district court may enlarge the period and permit the tardy act where the omission is the result of excusable neglect. Specifically, the United States Supreme Court identified a nonexclusive list of factors the district court should consider when determining excusable neglect: (1) the danger of the prejudice to the nonmovant, (2) the length of the delay and its potential impact on judicial proceedings, (3) the reason for the delay, including whether it was within the reasonable control of the movant, and (4) whether the movant acted in good faith. *Pioneer Inv. Servs. v. Brunswick Assocs.*, 507 US 380, 391 (1993).

11. No prejudice will result from permitting two late filed Other Loss Fund claims because no determinations have been made in any claims.

12. Furthermore, as stated above, CAP No. 2013-6 was recently issued and allows claimants who filed at least one claim by the deadline or have a claim "in progress" to submit completed claims by January 15, 2014.

13. No prejudice will result from the extension of Claimants' filing deadline. No action has been taken in the proceeding which could cause prejudice to any other party in the proceeding.

14. Claimants make this request not for purposes of delay or harassment but rather to expeditiously complete her filings in the settlement process.

15. The reason for the delay was in control of undersigned counsel, however; that should not prejudice Ms. Pohner and Mr. Labell as they did no wrong.

16. Undersigned counsel has conferred with the Knauf Defendants' counsel and Mr. Leonard Davis on behalf of the PSC and neither have an objection to the relief requested herein.

17. Given that the claims were timely registered, undersigned counsel moves that the Court invoke its equitable powers to permit Claimants to late file their Other Loss Fund claims. Furthermore, participation in the Settlement Agreement will work to conserve judicial resources, as well as permit the parties to resolve this litigation without further expenditure of attorneys' fees and costs.

WHEREFORE, for the above reasons, Claimant respectfully requests this Honorable Court to grant Plaintiffs' Motion and to enter an order permitting Diana Pohner and Barry Labell to submit their Other Loss Fund Claims and deem them timely filed.

>Respectfully Submitted,
>
>/s/ Patrick S. Montoya
>PATRICK S. MONTOYA, ESQ. (#524441)
>COLSON HICKS EIDSON
>COLSON MATTHEWS MARTINEZ
>GONZALEZ KALBAC & KANE
>255 Alhambra Circle, Penthouse
>Coral Gables, FL 33134
>Phone: (305) 476-7400
>Fax:    (305) 476-7444
>*Counsel for Claimants*

**CERTIFICATE OF SERVICE**

I hereby certify that the above and foregoing MEMORANDUM IN SUPPORT OF VERIFIED UNOPPOSED MOTION TO EXTEND OTHER LOSS FUND SUBMISSION DEADLINE FOR CLAIMANTS DIANA POHNER AND BARRY LABELL has been served on Plaintiffs' Liaison Counsel, Russ Herman, and Defendants' Liaison Counsel, Kerry Miller, by U.S. Mail and e-mail, or by hand delivery and e-mail and upon all parties by electronically uploading the same to LexisNexis File & Serve in accordance with Pretrial Order No. 6, and that the foregoing was filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2047, on this 20th day of March, 2014.

>/s/ Patrick S. Montoya