UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: CHINESE-MANUFACTURED DRYWALL PRODUCTS LIABILITY LITIGATION | ) ) ) | MDL No. 2047 SECTION "L" |
| THIS DOCUMENT RELATES TO: | ) ) ) | JUDGE FALLON |
| Wiltz, et. al. v. Beijing New Building Materials Public Limited Co., et al., Case No. 10-361 | ) ) ) ) | MAG. JUDGE WILKINSON |
| Payton, et. al. v. Knauf Gips, KG, et. al., Case No. 2:09-cv-07628 (E.D.La.) | ) ) ) | |
| Haya, et. al. v. Taishan Gypsum Co., Ltd., f/k/a Shangdong Taihe Dongxin Co., Ltd., et. al., Case No. 11-1077 | ) ) ) ) ) | |

**MEMORANDUM IN SUPPORT OF VERIFIED UNOPPOSED MOTION TO EXTEND BODILY INJURY CLAIM SUBMISSION DEADLINE FOR CLAIMANTS CHARLES YELTON, ALINE NOEL JOACHIM, ANDY JOACHIM, & DEBORAH RANDAZZO**

Plaintiffs Charles Yelton, Aline Noel Joachim, Andy Joachim & Deborah Randazzo ("Claimants"), by and through undersigned counsel, hereby file their Memorandum in Support of Verified Unopposed Motion to Extend Personal Injury Claim Submission Deadline, requesting an extension of the claims filing deadline of January 15, 2014 in CAP No. 2013-6 for MDL 2047. In support thereof Claimants state as follows:

1. Claimants claims were timely registered in the Brown Greer portal for settlement claims in this litigation and Claimants were eligible to make a Bodily Injury claims in the Other Loss Fund.

2. On May 24, 2013, this Court established the claim submission deadline in the Chinese-Manufactured Drywall Products Liability Proceeding ("proceeding") as August 26, 2013 [Doc. 16877].

3. On July 26, 2013, this Court extended the claims submission deadline to September 30, 2013 [Doc. 16961]. On September 27, 2013, this Court issued a second extension to file a claim in this proceeding to October 25, 2013 [Doc. 17157].

4. CAP No. 2013-6 was issued on January 2, 2014, and allowed claimants who filed at least one claim by the October 25, 2013 deadline or have a claim "in progress" to submit completed claims by January 15, 2014.

5. Claimants all had claims "in progress" as a result of the claims filed for them as detailed in footnote 1.[1]

6. On March 27, 2014, the firm discovered that Claimants' Bodily Injury claims were inadvertently not submitted and contacted the Settlement Administrator and were advised to file the instant motion.

7. Claimants all had filed claims in the settlement and would have qualified for the filing of their Bodily Injury claim under CAP No. 2013-6; however, the firm's inadvertent failure to file the Bodily Injury claims was not known at that time.

8. The reason the claims were not submitted by the deadline is due to mistake, inadvertent error, and/or excusable neglect on behalf of undersigned counsel and is in no way the fault of the Claimants themselves.

9. Local Rule 7.8 allows for the Court's discretion in extending deadlines upon motion and for good cause shown. Under Fed. R. Civ. P. 6(b)(2), where the deadline has passed, a district court may enlarge the period and permit the tardy act where the omission is the result of excusable neglect. Specifically, the United States Supreme Court identified a nonexclusive list of factors the district court should consider when determining excusable neglect: (1) the danger of the prejudice to the non-movant, (2) the length of the delay and its potential impact on judicial proceedings, (3) the reason for the delay, including whether it was within

---

[1] Mr. Yelton's Repair & Relocation claim was timely submitted on September 25, 2013. The Joachim's Pre-Remediation Alternative Living Expenses Claim was timely submitted on October 17, 2013. Deborah Randazzo's Foreclosure and Short Sale Claim was timely submitted on September 24, 2013.

the reasonable control of the movant, and (4) whether the movant acted in good faith. *Pioneer Inv. Servs. v. Brunswick Assocs.*, 507 US 380, 391 (1993).

10. No prejudice will result from permitting late filed Bodily Injury claims because no determinations have been made in any claims.

11. Furthermore, as stated above, CAP No. 2013-6 was recently issued and allows claimants who filed at least one claim by the deadline or have a claim "in progress" to submit completed claims by January 15, 2014.

12. No prejudice will result from the extension of Claimant's filing deadline. No action has been taken in the proceeding which could cause prejudice to any other party in the proceeding.

13. Undersigned Counsel makes this request not for purposes of delay or harassment but rather to expeditiously complete their filings in the settlement process.

14. The reason for the delay was in control of Undersigned Counsel, however; that should not prejudice Claimants, as they did no wrong.

15. Undersigned counsel has conferred with the Knauf Defendants' counsel and they have no objection to the relief requested herein.

16. The PSC takes no position on the instant motion.

17. Given that the claims were timely registered and active claims are already being processed for the Claimants, Undersigned Counsel moves that the Court invoke its equitable powers to permit Claimants to late file their Bodily Injury claims. Furthermore, participation in the Settlement will work to conserve judicial resources, as well as permit the parties to resolve this litigation without further expenditure of attorneys' fees and costs.

WHEREFORE, for the above reasons, Claimants respectfully requests this Honorable Court enter an Order permitting Charles Yelton, Aline Noel Joachim, Andy Joachim and Deborah Randazzo to submit their Bodily Injury Claims and deem them timely filed.

Respectfully Submitted,

/s/ Patrick S. Montoya

        PATRICK S. MONTOYA, ESQ. (#524441)
        COLSON HICKS EIDSON
        COLSON MATTHEWS MARTINEZ
        GONZALEZ KALBAC & KANE
        255 Alhambra Circle, Penthouse
        Coral Gables, FL 33134
        Phone: (305) 476-7400
        Fax:    (305) 476-7444
        *Counsel for Claimants*

## CERTIFICATE OF SERVICE

I hereby certify that the above and foregoing VERIFIED UNOPPOSED MOTION TO EXTEND BODILY INJURY CLAIM SUBMISSION DEADLINE FOR CLAIMANTS CHARLES YELTON, ALINE NOEL JOACHIM, ANDY JOACHIM, & DEBORAH RANDAZZO has been served on Plaintiffs' Liaison Counsel, Russ Herman, and Defendants' Liaison Counsel, Kerry Miller, by U.S. Mail and e-mail, or by hand delivery and e-mail and upon all parties by electronically uploading the same to LexisNexis File & Serve in accordance with Pretrial Order No. 6, and that the foregoing was filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2047, on this 27th day of March, 2014.

        /s/ Patrick S. Montoya