UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: CHINESE-MANUFACTURED DRYWALL PRODUCTS LIABILITY LITIGATION | ) ) ) ) | MDL No. 2047 SECTION "L" |
| THIS DOCUMENT RELATES TO: | ) ) ) | JUDGE FALLON MAG. JUDGE WILKINSON |
| Abreu, et. al. v. Gebrueder Knauf Verwaltungsgesellschaft, KG, et. al., Case No. 11-252 _____ | ) ) ) ) ) | |

## MEMORANDUM IN SUPPORT OF VERIFIED UNOPPOSED MOTION TO EXTEND OTHER LOSS FUND CLAIM SUBMISSION DEADLINE FOR CLAIMANT FRED McNABB

Plaintiff Fred McNabb ("Claimant"), by and through undersigned counsel, hereby files his Verified Unopposed Memorandum in Support of Verified Unopposed Motion to Extend Other Loss Fund Claim Submission Deadline, requesting an extension of the claims filing deadline of January 15, 2014 in CAP No. 2013-6 for MDL 2047.  In support thereof Claimant states as follows:

1. Claimant was timely registered in the Brown Greer portal for settlement claims in this litigation and Claimant was eligible to make a Pre-Remediation Alternative Living Expense Claim in the Other Loss Fund portion of the settlements.

2. On May 24, 2013, this Court established the claim submission deadline in the Chinese-Manufactured Drywall Products Liability Proceeding ("proceeding") as August 26, 2013 [Doc. 16877].

3. On July 26, 2013, this Court extended the claims submission deadline to September 30, 2013 [Doc. 16961]. On September 27, 2013, this Court issued a second extension to file a claim in this proceeding to October 25, 2013 [Doc. 17157].

4. The undersigned counsel's law firm ("the firm") worked diligently to complete and submit all claim forms by the October 25, 2013 deadline.

5. CAP No. 2013-6 was issued on January 2, 2014, and allowed claimants who filed at least one claim by the October 25, 2013 deadline or have a claim "in progress" to submit completed claims by January 15, 2014.

6. Claimant registered on the Brown Greer web portal on June 10, 2013.

7. On March 27, 2014, the firm discovered that Claimant's Pre-Remediation Alternative Living Expense Claim was inadvertently not submitted and contacted the Settlement Administrator and were advised to file the instant motion.

8. Claimant registered in the settlement and would have qualified for the filing of his Pre-Remediation Alternative Living Expense Claim under CAP No. 2013-6; however, the firm's inadvertent failure to file the Pre-Remediation Alternative Living Expense Claim was not known at that time.

9. The reason the claim was not submitted by the deadline is due to mistake, inadvertent error, and/or excusable neglect on behalf of undersigned counsel and is in no way the fault of the Claimant himself.

10. Local Rule 7.8 allows for the Court's discretion in extending deadlines upon motion and for good cause shown. Under Fed. R. Civ. P. 6(b)(2), where the deadline has passed, a district court may enlarge the period and permit the tardy act where the omission is the result of excusable neglect. Specifically, the United States Supreme Court identified a nonexclusive list of factors the district court should consider when determining excusable neglect: (1) the danger of the prejudice to the non-movant, (2) the length of the delay and its potential impact on judicial proceedings, (3) the reason for the delay, including whether it was within the reasonable control of the movant, and (4) whether the movant acted in good faith. *Pioneer Inv. Servs. v. Brunswick Assocs.*, 507 US 380, 391 (1993).

11. No prejudice will result from permitting late filed Pre-Remediation Alternative Living Expense Claim in the Other Loss Fund portion of the Knauf Settlement because no determinations have been made in any claims.

12. CAP No. 2013-6 was recently issued and allows claimants who filed at least one claim by the deadline or have a claim "in progress" to submit completed claims by January 15, 2014.

13. No prejudice will result from the extension of Claimant's filing deadline. No action has been taken in the proceeding which could cause prejudice to any other party in the proceeding.

14. Undersigned Counsel makes this request not for purposes of delay or harassment but rather to expeditiously complete their filings in the settlement process.

15. The reason for the delay was in control of undersigned counsel, however; that should not prejudice Claimants, as they did no wrong.

16. Undersigned counsel has conferred with the Knauf Defendants' counsel and they have no objection to the relief requested herein.

17. The PSC takes no position on the instant motion.

18. Given that Claimant was timely registered, undersigned counsel moves that the Court invoke its equitable powers to permit Claimant to late file his Pre-Remediation Alternative Living Expense Claim.  Furthermore, participation in the Settlement will work to conserve judicial resources, as well as permit the parties to resolve this litigation without further expenditure of attorneys' fees and costs.

WHEREFORE, for the above reasons, Claimant respectfully requests this Honorable Court enter an Order permitting Fred McNabb to submit his Pre-Remediation Alternative Living Expense Claim in the Other Loss Fund and deem it timely filed.

Respectfully Submitted,

/s/ Patrick S. Montoya
PATRICK S. MONTOYA, ESQ. (#524441)
COLSON HICKS EIDSON
COLSON MATTHEWS MARTINEZ
GONZALEZ KALBAC & KANE
255 Alhambra Circle, Penthouse
Coral Gables, FL 33134
Phone: (305) 476-7400
Fax:    (305) 476-7444
*Counsel for Claimant*

3

## **CERTIFICATE OF SERVICE**

      I hereby certify that the above and foregoing VERIFIED UNOPPOSED MOTION TO EXTEND OTHER LOSS FUND CLAIM SUBMISSION DEADLINE FOR CLAIMANT FRED McNABB has been served on Plaintiffs' Liaison Counsel, Russ Herman, and Defendants' Liaison Counsel, Kerry Miller, by U.S. Mail and e-mail, or by hand delivery and e-mail and upon all parties by electronically uploading the same to LexisNexis File & Serve in accordance with Pretrial Order No. 6, and that the foregoing was filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2047, on this 27th day of March, 2014.

      /s/ Patrick S. Montoya