UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **IN RE: CHINESE-MANUFACTURED DRYWALL PRODUCTS LIABILITY LITIGATION** | **MDL NO. 2047**<br>**SECTION: L**<br>**JUDGE FALLON**<br>**MAG. JUDGE WILKINSON** |
| **THIS DOCUMENT RELATES TO:**<br><br>**Amorin, et al. v. Taishan Gypsum Co., Ltd. f/k/a Shandong Taihe Dongxin Co., Ltd., et. al., Case No. 2:11-cv-1395 (E.D.La.)**<br><br>**Amorin, et al. v. Taishan Gypsum Co., Ltd. f/k/a Shandong Taihe Dongxin Co., Ltd., et. al., Case No. 2:11-cv-1672 (E.D.La.)**<br><br>**Amorin, et al. v. Taishan Gypsum Co., Ltd. f/k/a Shandong Taihe Dongxin Co., Ltd., et. al., Case No. 2:11-cv-1673 (E.D.La.)** | |

**THE PLAINTIFFS' STEERING COMMITTEE'S OPPOSITION
TO AMENDED MOTIONS TO WITHDRAW THE LAW OFFICE OF HONGWEI
SHANG, LLC AS COUNSEL FOR ZHEJIANG PROVINCIAL SECOND LIGHT
INDUSTRY GROUP IMP. & EXP. CO., LTD.**

The Plaintiffs' Steering Committee ("PSC") hereby opposes the Law Office of Hongwei Shang, LLC's efforts to withdraw as counsel for Zhejiang Provincial Second Light Industry Enterprises Group Imp. & Exp. Co., Ltd. ("Zhejiang"). These efforts to withdraw as counsel are being sought even though no substituted counsel is being offered to continue the representation and Zhejiang is in noncompliance with its obligation to submit a defendant profile form ("DPF"). The failure to offer substitute counsel is especially troubling since Zhejiang is a corporate entity located in China. Not only is it impermissible for Zhejiang to proceed in this litigation pro se but it is also obvious that the instant motion appears designed to permit the company avoid the instant proceedings all together. That is, if counsel is permitted to withdraw at this stage

in the proceedings, Zhejiang will not have complied with the Court's mandates regarding discovery and other obligations. Counsel should not be permitted to withdraw under these circumstances.

## I.   RELEVANT FACTS

Zhejiang was served with instant complaints on April 27, 2013, July 25, 2013, and October 31, 2013.  *See* Rec.Doc. #s 16954 and 17485; *see also* Proof of Service attached hereto as Exhibit "A".  Shortly thereafter the law office of Hongwei Shang, LLC entered its appearance and filed answers to the complaints.  *See* Rec.Doc. #s 16909, 16910, 16914 and 16915.  Zhejiang has not complied with its obligation to submit a DPF as required by PTO No. 1G.

For unknown reasons the Law Office of Hongwei Shang, LLC filed three motions to withdraw as counsel on February 28, 2014.  *See* Rec.Doc.#s 17491, 17492, 17493.  These motions to withdraw were promptly denied by the Court on March 14, 2014 for failure to comply with Local Rule 83.2.11.  *See* Rec.Doc.# 17517.  Thereafter, the Law Office of Hongwei Shang, LLC filed three amended motions to withdraw as counsel on March 21, 2014.  *See* Rec.Doc.#s 17552, 17553, and 17554.  These amended motions broadly allege that, "[t]here have arisen irreconcilable differences between the Defendant and the undersigned attorney in that Defendant no longer requests the undersigned's representation in the above matter." *Id.*  The amended motions not only make no effort to explain the basis for these alleged irreconcilable differences but, more importantly, they also fail to offer any substituted counsel who will provide representation to Zhejiang if the Law Office of Hongwei Shang, LLC is permitted to withdraw as counsel.

## II.   ARGUMENT

Local Rule 83.2.11 governs withdrawals and substitutions of counsel.  This rules provides in pertinent part:

> The original counsel of record must represent the party for whom he or she appears unless the court permits him or her to withdraw from the case. Counsel of record may obtain permission only upon a joint motion (of current counsel of record and new counsel of record) to substitute counsel or upon a written motion served on opposing counsel and the client.

L.R. 83.2.11. Even where the withdrawal of counsel appears justified, "it is incumbent on the court to assure that the prosecution of the lawsuit before it is not disrupted by the withdrawal of counsel, and that the withdrawal of counsel is for good cause." *Broughten v. Voss*, 634 F.2d 880, 882-83 (5th Cir. 1981). *See also Brandon v. Blech*, 560 F.3d 536, 537 (6th Cir. 2009) (attorney withdrawal issues are committed to the court's discretion); *Whiting v. Lacara*, 187 F.3d 317, 320 (2d Cir. 1999) (courts have considerable discretion in deciding whether to grant or deny a motion for an attorney's withdrawal); *Rusinow v. Kamara*, 920 F.Supp. 69, 71 (D.N.J.1996) ( courts have full discretion over whether to permit an attorney's withdrawal).

There are several reasons why the Law Office of Hongwei Shang, LLC's motion to withdraw as counsel should be denied.

First, it is well established that corporations must be represented by counsel and that this requirement cannot be waived. *See Rowland v. California Men's Colony*, 506 U.S. 194, 202 (1993) ("a corporation may appear in the federal courts only through licensed counsel"). *See also Meznarich v. Morgan Waldron Ins. Mgmt. LLC*, 2012 WL 487963, *4 (N.D. Ohio Feb. 14, 2012) (denying motion to withdraw by counsel in part because corporate parties cannot proceed pro se); *Miller v. Dunn & Phillips, P.C.*, 839 F. Supp. 2d 383, 386 (D. Mass. 2011) (denying motion of counsel to withdraw, without substituted counsel, in part because it could force the corporate defendant into default since corporations cannot proceed in a pro se capacity). For this reason, the Court should deny the Law Office of Hongwei Shang, LLC's request to withdraw as counsel in the

absence of substituted counsel. To allow the withdrawal without such substituted counsel would result in severe prejudice to Zhejiang as it would be unable to put forth a defense and would be at risk of default.

Second, allowing the withdrawal of counsel would result in severe prejudice to the Plaintiffs. *See Fid. Nat. Title Ins. Co. of New York v. Intercounty Nat. Title Ins. Co.*, 310 F.3d 537, 541 (7th Cir. 2002) (stating "severe prejudice to third parties-who might have more to lose than the unpaid lawyer-is another potential ground for denying a motion to withdraw" and that "a judge may insist that counsel resolve differences with clients in a fashion that curtails strangers' avoidable losses."); *Buschmeier v. G&G Investments, Inc.*, 222 F. App'x 160, 164 (3d Cir. 2007) ("the proper withdrawal calculus for a district court to perform when the client is a corporation looks at the burden imposed on all parties and the counsel attempting to withdraw.").

As noted above, Zhejiang has failed to submit a DPF even though it was obligated to do so within forty days of being served with the complaint on April 27, 2013. To understand this situation, the PSC has served a 30(b)(6) notice of oral and videotaped deposition for purposes of deposing Zhejiang. *See* Rec.Doc.# 17568. Given the long history in this litigation of Chinese defendants taking the position that they are not subject to the jurisdiction of this Court, it is highly unlikely that Plaintiffs will be able to complete this discovery in the absence of counsel representing Zhejiang in the United States. Rather it seems the decision to remove counsel as Zhejiang's only connection to this litigation is truly aimed at avoiding Zhejiang's discovery obligations all together. *See Meznarich v. Morgan Waldron Ins. Mgmt. LLC*, 2012 WL 487963 (N.D. Ohio Feb. 14, 2012) (denying counsel's motion to withdraw and observing that, "Counsel's request to withdraw could arguably be viewed as a strategic move, committed on behalf of Morgan Waldron, to specifically

4

coerce the parties into dismissing the lawsuit, or perhaps more generally, to eschew the responsibility of staying actively involved in this litigation."). Since the Chinese defendants in this litigation have contested personal jurisdiction, it is likely Zhejiang will refuse to participate in Plaintiffs' discovery efforts if its counsel is permitted to withdraw without any substitute counsel being offered. Therefore, Plaintiffs will be severely prejudiced and the litigation will be disputed if the instant motions to withdraw are granted.

Third, the Law Office of Hongwei Shang, LLC have provided no real explanation for the basis of the alleged "irreconcilable differences" between itself and Zhejiang. Quite to the contrary, the Law Office of Hongwei Shang, LLC's moving papers are entirely conclusory, and fail to demonstrate good cause for it withdrawing as counsel. Under these circumstances, granting the motion to withdraw is unjustified. *See Miller v. Dunn & Phillips, P.C.*, 839 F. Supp. 2d 383, 387 (D. Mass. 2011) (denying motion to withdraw as counsel where underlying papers provided an "inadequate explanation" for the termination of the attorney-client relationship). Since the Law Office of Hongwei Shang, LLC have actively participated in this litigation by filing answers to the complaints, this Court should deny counsel's efforts to withdraw based on pretextual allegations of irreconcilable differences.

In the alternative, should the Court be inclined to grant the Law Office of Hongwei Shang, LLC's motion to withdraw as counsel, Plaintiffs respectfully request that such withdrawal be conditioned upon the requirement that counsel participate in all outstanding discovery matters involving Zhejiang's (*i.e.*, the submission of a DPF and the completion of 30(b)(6) depositions). Other courts have determined that conditioning withdrawal on such matters is proper. *Emile v. Browner*, 1996 WL 724715, * 2 (S.D.N.Y. Dec. 17, 1996) ("Based upon the chronology set forth

above, the Court has strong reservations about allowing plaintiff's counsel to withdraw before the depositions are completed and the Pretrial Order is submitted. Conditioning counsel's withdrawal on completion of these tasks would be well within the Court's discretion and would serve the Court's interest in advancing this matter to trial."). *See also John Hancock Property and Cas. Ins. Co. v. Universale Reinsurance Co.*, 1993 WL 147560, *2 (S.D.N.Y. Apr. 30, 1993) (counsel's withdrawal permitted provided certain conditions were met); *Oscar de la Renta Ltd. v. Strelitz Ltd.*, 1993 WL 205150, *1 (S.D.N.Y. June 7, 1993) (counsel permitted to withdraw on condition that he submit responsive papers to pending motion to strike the answer); *Beshansky v. First Nat. Entm't Corp.*, 140 F.R.D. 272, 274 (S.D.N.Y. 1990) (counsel's withdrawal conditioned on providing and explaining order of withdrawal to all defendants). Under the circumstances of this case, conditioning the Law Office of Hongwei Shang, LLC's withdrawal on its participation in outstanding discovery matters is appropriate.

## III.   CONCLUSION

Wherefore, the PSC respectfully submits that the instant motions to withdraw should be denied. In the alternative, the PSC respectfully requests that counsel be ordered to participate in the completion of all outstanding discovery matters prior to withdrawing from representing Zhejiang.

Dated: March 31, 2014

Respectfully submitted,

/s/ Leonard A. Davis
Russ M. Herman, Esquire (LA Bar No. 6819)
Leonard A. Davis, Esquire (LA Bar No. 14190)
Stephen J. Herman, Esquire (LA Bar No. 23129)
HERMAN, HERMAN & KATZ, LLC
820 O'Keefe Avenue
New Orleans, Louisiana 70113
Phone: (504) 581-4892
Fax: (504) 561-6024
LDavis@hhklawfirm.com
*Plaintiffs' Liaison Counsel*
*MDL 2047*

Arnold Levin (On the Brief)
Fred S. Longer (On the Brief)
Matthew C. Gaughan (On the Brief)
Levin, Fishbein, Sedran & Berman
510 Walnut Street, Suite 500
Philadelphia, PA 19106
215-592-1500 (phone)
215-592-4663 (fax)
Alevin@lfsblaw.com
*Plaintiffs' Lead Counsel*
*MDL 2047*

**PLAINTIFFS' STEERING COMMITTEE**

| | |
|---|---|
| Dawn M. Barrios | Daniel E. Becnel, Jr. |
| Barrios, Kingsdorf & Casteix, LLP | Becnel Law Firm. LLC |
| 701 Poydras Street, Suite 3650 | 425 W. Airline Highway, Suite B |
| New Orleans, LA 70139 | Laplace, LA 70068 |
| Phone: (504) 524-3300 | Phone: (985) 536-1186 |
| Fax: (504) 524-3313 | Fax: (985) 536-6445 |
| Barrios@bkc-law.com | dbecnel@becnellaw.com |

Robert C. Josefsberg
Podhurst Orseck, P.A.
25 Flagler Street, 8th Floor
Miami, FL 33130
Phone: (305) 358-2800
Fax: (305) 358-2382
rjosefsberg@podhurst.com

Gainsburgh, Benjamin, David, Meunier
 & Warshauer, LLC
2800 Energy Centre, 1100 Poydras Street
New Orleans, LA 70163-2800
Phone: (504) 522-2304
Fax: (504) 528-9973
gmeunier@gainsben.com

Bruce William Steckler
The Steckler Law Firm
12700 Park Central Drive, Ste 1900
Dallas, TX 75251
Phone: (972) 387-4040
Fax: (972) 387-4041
bruce@stecklerlaw.com

Jerrold Seth Parker
Parker, Waichman, Alonso LLP
3301 Bonita Beach Road
Bonita Springs, FL 34134
Phone: (239) 390-1000
Fax: (239) 390-0055
Jerry@yourlawyer.com

Ervin A. Gonzalez
Colson, Hicks, Eidson, Colson
 Matthews, Martinez, Gonzales,
 Kalbac & Kane
255 Alhambra Circle, Penthouse
Cora Gables, FL 33134
Phone: (305) 476-7400
Fax: (305) 476-7444

Scott Wm. Weinstein
Morgan & Morgan
12800 University Drive, Suite 600
Ft. Meyers, FL 33907
Phone: (239) 433-6880
Fax: (239) 433-6836
sweinstein@forthepeople.com

Ben W. Gordon, Jr.
Levin, Papantonio, Thomas, Mitchell
 Echsner & Proctor, P.A.
316 S. Baylen Street, Suite 600
Pensacola, FL 32502
Phone: (850) 435-7000
Fax: (850) 435-7020
bgordon@levinlaw.com

James Robert Reeves
Lumpkin & Reeves
160 Main Street
Biloxi, MS 39530
Phone: (228) 374-5151
Fax: (228) 374-6630
jrr@lumpkinreeves.com

Hugh P. Lambert
The Lambert Firm
701 Magazine Street
New Orleans, LA 70130
Phone: (504) 581-1750
Fax: (504) 529-2931
hlambert@thelambertfirm.com

Christopher Seeger
Seeger Weiss, LLP
77 Water Street
New York, NY 10005
Phone: (212) 584-0700
Fax: (212) 584-0799
cseeger@seegerweiss.com

Gerald E. Meunier

Daniel K. Bryson

Whitfield, Bryson & Mason
900 W. Morgan Street
Raleigh, NC 27603
Phone: (919) 600-5000
Fax: (919) 600-5002
dan@wbmllp.com

Richard J. Serpe, Esquire
Law Offices of Richard J. Serpe
Crown Center, Ste. 310
580 East Main Street
Norfolk, VA 23510-2322
Phone: (757) 233-0009
Fax: (757) 233-0455
rserpe@serpefirm.com

Victor M. Diaz, Jr., Esquire
V.M. Diaz and Partners, LLC
119 Washington Ave, Suite 402
Miami Beach, FL 33139
Phone: (305) 704-3200
Fax: (305) 538-4928
victor@diazpartners.com

**OF COUNSEL TO PLAINTIFFS' STEERING COMMITTEE**

Richard S. Lewis
HAUSFELD LLP
1700 K Street, N.W
Suite 650
Washington, DC 20006
Phone: (202) 540-7200
Fax: (202) 540-7201
rlewis@hausfeldllp.com

Andrew A. Lemmon
Lemmon Law Firm, LLC
P.O. Box 904
15058 River Road
Hahnville, LA 70057
Phone: (985) 783-6789
Fax: (985) 783-1333
andrew@lemmonlawfirm.com

**CERTIFICATE OF SERVICE**

      I hereby certify that the above and foregoing The Plaintiffs' Steering Committee's Opposition to Amended Motions to Withdraw as Counsel has been served on Defendants' Liaison Counsel, Kerry Miller, by e-mail and upon all parties by electronically uploading the same to LexisNexis File & Serve in accordance with Pre-Trial Order No. 6, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2047 on this 31st day of March, 2014.

    /s/ Leonard A. Davis
Leonard A. Davis, Esquire
HERMAN, HERMAN & KATZ, LLC
820 O'Keefe Avenue
New Orleans, Louisiana 70113
Phone: (504) 581-4892
Fax: (504) 561-6024
Ldavis@hhklawfirm.com
Plaintiffs' Liaison Counsel
MDL 2047

*Co-counsel for Plaintiffs*