UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| IN RE: CHINESE-MANUFACTURED DRYWALL PRODUCTS LIABILITY LITIGATION | MDL NO. 2047<br>SECTION: L<br>JUDGE FALLON<br>MAG. JUDGE WILKINSON | This document relates to:<br>09-7628 |
|---|---|---|

## TAYLOR MARTINO'S MOTION FOR COURT APPROVAL OF LATE SUBMISSION OF TIME

The law firm of Taylor Martino moves the Court for approval to submit time and expenses outside the requirements of Pretrial Order No. 9 ("PTO No. 9") and in support of same shows unto the Court as follows:

1. Taylor Martino is a small law firm in Mobile, Alabama that got involved in the Chinese Drywall litigation when it filed a complaint in the Circuit Court of Mobile, Alabama on June 17, 2009 on behalf of the Prichard Housing Authority ("PHA") for 29 properties.

2. Taylor Martino was not involved in the MDL at that time and was litigating its Chinese Drywall cases in a state court action in Alabama. Taylor Martino spent an extensive amount of time, money and resources litigating the 29 PHA properties in state court.

3. On or about December 2009, members of the PSC came to Taylor Martino's office in Mobile, Alabama and explained the advantages of being involved in the MDL. Taylor Martino decided to file cases in the MDL.

4. Taylor Martino filed the PHA case and additional cases in the MDL. However, Taylor Martino continued to vigorously litigate the PHA case in state court, not the MDL. (The PHA case was filed in both state court and the MDL without objection.)

5. The PSC and co-lead counsel of the MDL began asking Taylor Martino to assist with common benefit work, such as conducting legal research, issuing subpoenas and answering questions about Alabama law that may impact the MDL litigation. Taylor Martino also participated in deposition preparation and depositions common to the MDL and the PHA case. In fact, PHA depositions were deposited in the MDL deposition bank.

6. The PHA litigation involved defendants common to the MDL such as the Mitchell Company, Interior Exterior and Knauf USA. Thus, work performed in the Alabama state court action against the common defendants was beneficial to the MDL litigation.

7. PHA could not obtain service on Knauf Plasterboard Taijin (KPT) in the state court litigation. Eventually, the PSC arranged a mediation of the PHA litigation and the PSC brought the KPT representatives to the mediation. Co-lead counsel Arnold Levin attended the mediation, as well as PSC members.

8. A settlement agreement was eventually reached in the PHA litigation with all defendants in late 2011, but a motion to enforce the settlement had to be filed by PHA and KPT. The settlement agreement states KPT would pay attorney fees and expenses associated with the PHA litigation.

9. Taylor Martino takes the position that it had a private agreement with KPT for payment of attorney fees and expenses associated with the PHA litigation. However, KPT would not pay Taylor Martino's attorney fees and expenses after the remediation of the PHA properties was completed on July 25, 2012. Thus, Taylor Martino filed a Motion for Payment of Attorney Fees and Expenses on September 12, 2012 in the

MDL. The supportive memorandum is attached hereto as Exhibit 1. The motion has not been heard by the Court.

10. Taylor Martino will not repeat all the recitations contained in the attached Motion for Payment of Attorney Fees and Expenses, but points out that Taylor Martino sent a letter to co-lead counsel Arnold Levin confirming what they believed was an agreement with the PSC that all the time spent in the PHA state court litigation could be submitted as common benefit time and expenses. (Exhibit I to the aforementioned Motion for Payment of Attorney Fees and Expenses.)

11. The primary purpose of the agreement was to off-set any payment to the PSC from the PHA settlement money. That is, Taylor Martino did not believe the PHA case should be "taxed" by the PSC due to the volume of time and expense Taylor Martino spend on the PHA case in state court. The motion states: "However, based on subsequent communications with the PSC, and based on a review of this Court's order concerning [common] benefit fee and expenses, counsel for PHA is uncertain and concerned." Taylor Martino's uncertainty and concern was based on its interpretation of PTO Nos. 9 and 9A and Mr. Levin's letter in response. This motion was never ruled upon by the Court.

12. Taylor Martino is a contingency fee law firm which does not keep contemporaneous time records in most cases. Time was not recorded contemporaneously with the work performed so Taylor Martino began reconstructing time based on Mr. Levin's statement that time spent in the PHA litigation would be considered common benefit time.

13. Sometime in 2012 Taylor Martino began reconstructing all of the PHA time and common benefit work assigned to Taylor Martino by the PSC and co-lead counsels. After the time was reconstructed, attorneys at Taylor Martino read the PTO 9 and PTO No. 9A pertaining to fees and expenses and concluded that it could not submit time in the state court PHA litigation even though a lot of the work in the PHA litigation benefitted the MDL. However, as the Motion for Attorney Fees and Expenses states, we were "uncertain and concerned" about submitting the time and expenses.

14. On January 10, 2014 the Court issued Pretrial Order No. 28 ("PTO 28"). PTO 28 time is not allowed for:

> c: any item of time or expense which was incurred in connection with the litigation/ of an individual case or group of individual cases involving a Chinese drywall claimant, and **"unless counsel was authorized by either the lead counsel appointed pursuant to Pretrial Order No. 8 or liaison counsel appointed pursuant to Pretrial Order No. 3 to perform such work primarily for the common benefit of the litigants in MDL 2047 and state litigation with which it is coordinated."** (emphasis added)

15. Richard Taylor, with the law firm of Taylor Martino, called Arnold Levin after receipt of PTO 28 and again expressed concerns about common benefit time and expenses and Mr. Levin suggested that we "file our time and see what happens."

16. When Taylor Martino submitted its hours in February 2014, it realized at this time that it had not submitted its time for work performed at the request of the PSC and co-lead counsel independent of the PHA state court case. That is, Taylor Martino failed to submit 140 hours of time for non-PHA common benefit time. Taylor Martino has only 140 hours of non-PHA time for work performed at the request of the PSC and co-lead counsel. There is little doubt this is common benefit time and no prejudice or harm will occur if the court allows this non-PHA time to be submitted out of time.

17. On February 7, 2014 Taylor Martino submitted the reconstructed time to "Garrett co-ccm.com" totaling 532 hours. One hundred forty hours (140) of the 532 hours represent work done in the MDL at the request of the PSC and co-lead counsel. The remaining 392 hours represent a portion of the time spent in the PHA state court litigation that was beneficial to the MDL. That is, Taylor Martino included only 392 hours of time and work in the state court PHA action that it believes was beneficial to the MDL. A considerable amount of hours associated with non-MDL matters in the PHA case were excluded and not submitted.

18. All of Taylor Martino's time was rejected with the following response: "Time Submission late and requires court approval." Email correspondence between Richard Taylor and Phillip Garrett and Taylor Martino's submission status is attached collectively as Exhibit 2. Taylor Martino takes the position that co-lead counsel Arnold Levin authorized the work.

19. In short, Taylor Martino did not believe the time spent in the state court action could be submitted until PTO No. 28 stated state court time can be submitted if co-lead counsel authorizes it. Prior to PTO No. 28 Taylor Martino was uncertain and chose not to submit time in accordance with PTO 9 and 9A.

20. Taylor Martino has no substantial expenses other than the expenses in the state court PHA action which have been claimed separately. Thus, Taylor Martino is not requesting that it be allowed to submit expenses out of time.

21. Co-lead Counsel/PSC Member Arnold Levin was consulted regarding the instant motion. Mr. Levin advised the undersigned counsel that the PSC will respond to the motion if necessary.

Wherefore, the above premises considered, the law firm of Taylor Martino, moves the Court to enter an order allowing for the late submission of time and expenses.

Respectfully Submitted,

By:   /s/ Richard H. Taylor
RICHARD H. TAYLOR
TAYLOR MARTINO, P.C.
51 St. Joseph Street
Mobile, Alabama 36602
T: (251) 433-3131
F: (251) 433-4207
richardtaylor@taylormartino.com

## CERTIFICATE OF SERVICE

I hereby certify that the above and foregoing Taylor Martino's Motion for Court Approval of Late Submission of Time has been served on Plaintiffs' Liaison Counsel, Russ Herman, and Defendants' Liaison Counsel, Kerry Miller, by U.S. Mail and e-mail and upon all parties by electronically uploading the same to File & ServeXpress in accordance with Pre-Trial Order No. 6 and that the foregoing was electronically filed with the Clerk of the Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2047, on this the 3rd day of April, 2014.

By:   /s/ Richard H. Taylor
RICHARD H. TAYLOR