UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In re:  CHINESE-MANUFACTURED | * | MDL 2047 |
| DRYWALL PRODUCTS | * | |
| LIABILITY LITIGATION | * | SECTION L |
| | * | |
| | * | JUDGE FALLON |
| This document relates to:   *All Cases* | * | |
| | * | MAGISTRATE JUDGE WILKINSON |
| | * | |

* * * * * * * * * * * * * * * * *

## MOTION TO CONSTRUE SETTLEMENT AGREEMENT

Defendants Knauf Plasterboard (Tianjin) Co., Ltd., Knauf Plasterboard (Wuhu) Co., Ltd., Guangdong Knauf New Building Material Products Co., Ltd., Knauf Gips KG, Gebr. Knauf Verwaltungsgesellschaft KG, Knauf International GmbH, Knauf Insulation GmbH, Knauf UK GmbH, Knauf AMF GmbH & Co. KG, Knauf do Brasil Ltda., and PT Knauf Gypsum Indonesia ("Knauf Defendants") move this Court to construe the "Settlement Agreement Regarding Claims Against the Knauf Defendants in MDL No. 2047" ("Settlement Agreement") to deny lump sum payments to Option 1, 2, and 3 claimants and Mixed Property Owners selecting Options 2 or 3 whose affected property at all relevant times has been vacant, a secondary residence, or a vacation property.  In the alternative, the Knauf Defendants move this Court to construe the Settlement Agreement to provide for 70% of the normal lump sum payment to Option 1 and 2 claimants and 70 % of the lump sum payment provided to Mixed Property Owners selecting Options 2 or 3 whose affected property has been at all relevant times vacant, a secondary residence, or a vacation property.

The Settlement Agreement provides for a lump sum payment to claimants who are "Residential Owners."  To be a Residential Owner, a claimant's affected property must be his or her permanent home and the claimant must dwell permanently or continuously at the affected

property. Therefore, Option 1, 2, and 3 claimants and Mixed Property Owners selecting Options 2 or 3 whose affected property at all relevant times has been vacant, a secondary residence, or a vacation property are not Residential Owners under the Settlement Agreement and should not be entitled to a lump sum payment.

Alternatively, Option 1 and 2 claimants and Mixed Property Owners selecting Options 2 or 3 whose affected property has been at all relevant times vacant, a secondary residence, or a vacation property should not be entitled to the complete lump sum payment. The lump sum payment includes, among other things, compensation for alternative living expenses during the remediation of the affected property. However, if the affected property is not the claimant's primary residence, then the claimant does not incur any alternative living expenses and should not be entitled to the portion of the lump sum payment designed to compensate claimants for those expenses.

WHEREFORE, for these reasons, as more fully explained in the accompanying memorandum, the Knauf Defendants move this Court to construe the Settlement Agreement to deny lump sum payments to Option 1, 2, and 3 claimants and Mixed Property Owners selecting Options 2 or 3 whose affected property at all relevant times has been vacant, a secondary residence, or a vacation property. In the alternative, the Knauf Defendants move this Court to construe the Settlement Agreement to provide for 70% of the normal lump sum payment to Option 1 and 2 claimants and 70% of the lump sum payment provided to Mixed Property Owners Selecting Options 2 or 3 whose affected property has been at all relevant times vacant, a secondary residence, or a vacation property.

        Respectfully submitted,

        BY: /s/ Kerry J. Miller
        KERRY J. MILLER (#24562)

KYLE A. SPAULDING (#29000)
**FRILOT L.L.C.**
1100 Poydras Street
Suite 3700
New Orleans, LA 70163
Telephone: (504)599-8194
Facsimile: (504)599-8145
Email: kmiller@frilot.com

## CERTIFICATE

I hereby certify that the above and foregoing pleading has been served upon Russ Herman, Plaintiffs' Liaison Counsel, by email, and to all parties by electronically uploading the same to LexisNexis File & Serve in accordance with Pre-Trial Order No. 6, and that the foregoing was filed with the Clerk of Court of the United States Court for the Eastern District of Louisiana, on this 4th day of April, 2014.

/s/ Kerry J. Miller