IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: CHINESE-MANUFACTURED DRYWALL PRODUCTS LIABILITY LITIGATION | : MDL No. 2047 :<br>: Section L :<br>: JUDGE FALLON |
| This Document Relates to:<br>ALL ACTIONS | : MAG. JUDGE WILKINSON :<br>: |

THE PLAINTIFFS' STEERING COMMITTEE'S RESPONSE
IN OPPOSITION TO PRICHARD HOUSING AUTHORITY'S
MOTION FOR PAYMENT OF ATTORNEY FEES AND EXPENSES

**I.      INTRODUCTION**

The Plaintiffs' Steering Committee ("PSC") hereby responds to the Prichard Housing Authority's ("PHA") motion for payment of attorney fees and expenses [Rec. Doc. No. 17581]. The PHA seeks a specific award of fees and expenses from a fund that has not yet been approved by the Court to pay for such awards. The PHA's motion is patently premature. The PHA's request is based upon a mistaken understanding of the terms of documents incorporated into its settlement agreement with the Knauf defendants. In addition, the PSC opposes the requested award because under the terms of this Court's Order, PTO 28A, the time has not yet arrived to seek such compensation.

**II.     FACTUAL BACKGROUND**

At the outset of this litigation, the Court appointed individual plaintiffs' counsel to the Plaintiffs' Steering Committee ("PSC") which committee was authorized to manage the affairs of prosecuting the claims of all plaintiffs participating in this MDL.[1]   Amongst the many

---

[1] The PSC is currently comprised of the following counsel: Russ M. Herman (ex-officio member of the Committee), Dawn M. Barrios, Daniel E. Becnel, Jr., Daniel K. Bryson, Ervin

1

responsibilities assigned to the PSC was the obligation to "explore, develop and pursue all settlement options" in the MDL. *In re Chinese Manufactured Drywall Products Liability Litigation*, MDL 2047, PTO No. 8 at 4 (E.D.La. July 27, 2009).

To this end, the PSC through efforts principally by Lead Counsel Arnold Levin and Liaison Counsel Russ Herman, engaged in extensive efforts to resolve this litigation. Over the past five years the PSC made tremendous efforts to achieve a global resolution of the Chinese Drywall Litigation. As a result of protracted and arm's-length negotiations with hundreds of builders, installers, suppliers and manufacturer Defendants and their insurers, the PSC reached a series of five separate, but inter-related and inter-dependent class settlements with: (1) supplier Interior Exterior Building Supply, LP ("InEx") and its insurers[2] (the "InEx Settlement"); (2) the Banner entities[3] and their insurers[4] (the "Banner Settlement"); (3) L&W Supply Corporation ("L&W") and USG Corporation (the "L&W Settlement"); (4) the Knauf Defendants[5] (the "Knauf Settlement"); and (5) more than

---

Amanda Gonzalez, Ben Gordon, Robert C. Josefsberg, Hugh P. Lambert, Arnold Levin, Gerald E. Meunier, Jerrold Seth Parker, James Robert Reeves, Christopher Seeger, Richard J. Serpe, Bruce William Steckler, Scott Weinstein, and Victor M. Diaz, Jr. *In re Chinese Manufactured Drywall Products Liability Litigation*, MDL 2047, PTO No. 8B (E.D.La. March 19, 2012).

[2]InEx's Insurers that have entered into a class settlement include Arch Insurance Company ("Arch") and Liberty Mutual Fire Insurance Company ("Liberty").

[3]The Banner entities include: Banner Supply Co., Banner Supply Co. Pompano, LLC, Banner Supply Co. Port St. Lucie, LLC, Banner Supply Co. Ft. Myers, LLC, Banner Supply Co. Tampa, LLC, Banner Supply International, LLC, and any other entity insured under the Banner Insurance Policies (collectively, "Banner").

[4]Banner's Insurers include: Chartis, FCCI, Hanover, and Maryland Casualty.

[5]The Knauf Defendants include: Knauf Plasterboard (Tianjin) Co., Ltd. ("KPT"), Knauf Plasterboard (Wuhu) Co., Ltd., Guangdong Knauf New Building Material Products Co., Ltd., Knauf Gips KG, Gebr. Knauf Verwaltungsgesellschaft KG, Knauf International GmbH, Knauf Insulation GmbH ("KI"), Knauf UK GmbH, Knauf AMF GmbH & Co. KG, Knauf do Brasil Ltda. and PT Knauf Gypsum Indonesia.

700 additional Participating Builders, Suppliers, Installers, and their Participating Insurers (the "Global Settlement").  These settlements have all been finally approved by the Court and will provide necessary remediation and monetary relief to the thousands of claimants impacted by Chinese Drywall, many of whom have been displaced from their homes, lost their properties due to foreclosure or sales in mitigation and suffered loss of personal property.

Coincident to these efforts, the PSC has assisted numerous counsel for property owners in their separate efforts to resolve litigation against the Knauf Defendants and others, *e.g.*, the Harrell class[6], the Hobbie class[3], and to the point of the instant motion, the PHA.

Originally, the PHA had instituted litigation in an Alabama Circuit Court naming only its builder, the Mitchell Company, as a defendant.  To take advantage of the services that the PSC was offering at the time to file a complaint against Knauf entities and have it served through the Hague Convention in China, Germany, and elsewhere, the PHA submitted to the PSC the necessary information to be named as a plaintiff in *Payton, et al. v. Knauf Gips, KG, et al.*, Case No. 2:09-cv-07628 (E.D. La.) (Omnibus I).  Thereafter, the PSC remained actively engaged in the ongoing efforts of the PHA to resolve its claims.

On October 18, 2010, Plaintiffs' Lead Counsel, Arnold Levin, participated in the mediation that took place in New Orleans between the PHA, the Mitchell Company, the Knauf defendants and others.  At that time, the PHA acknowledged that Mr. Levin "explained attorneys' fees to [the PHA]." PHA Mtn, Exh I.  "[Mr. Levin] advised that attorneys fees will be negotiated by the PSC."

---

[6]*Harrell v. South Kendall Construction Corp.*, Case No. 09-08401 CA(42) (Miami-Dade County Cir. Ct. 11th Judicial Cir.).

[3]*Hobbie v. RCR Holdings, II, L.L.C, et al.*, Civ.No. 10-1113 (E.D.La.).

*Id.* When a second mediation was ordered to occur on June 24, 2011, another representative of the PSC was present to participate in the proceedings. The upshot of the latter mediation was that a Term Sheet was achieved. *See* Pritchard Mtn, Exb C. That basic agreement outlined the terms by which the parties intended to resolve their disputes, primarily by having Knauf remediate PHA's homes "in accordance with the DRA [the Settlement Agreement for the Demonstration Remediation of Homes with KPT Drywall" or "DRA"](otherwise known as the "Pilot Program")." Exb. C Para 1. Another of the fundamental provisions of the Term Sheet was that "Knauf, at its expense, agrees to pay the costs and reasonable attorneys' fees incurred in connection with this lawsuit in accordance with Paragraphs 9 and 10 of the DRA." *Id.*, Para. 2. Thereafter, PHA entered into a formal settlement agreement which, insofar as attorneys fees and costs are concerned, virtually repeated the same terms as set forth in Paragraph 2 of the Term Sheet. *See* Confidential Settlement Agreement and Limited Release, Exb. D Para. 1.4.[4]

Both the Term Sheet and PHA Settlement Agreement reference specific provisions of the DRA. Those provisions, Paragraphs IX[5] and X[6] of the DRA, provide that only the PSC will make

---

[4]The Term Sheet does provide that "Prichard shall not move the Court for payment of attorneys' fees until at least thirty (30) days after the remediation pursuant to section 1.3 is complete." However, the fact that PHA may petition for an award has no bearing on the untimely nature of this petition as it precedes the establishment of the fund to make that award.

[5]Paragraph IX of the Demonstration Remediation program states:

As consideration for the funding by the Knauf Entities and Other Participating Companies of the Remediation Work for the Remediation Homes in Louisiana, Florida, Alabama and Mississippi and the payment to the homeowner in those states pursuant to Paragraph III (B) and the Guaranty of Warranty pursuant to Paragraph VII (B), the homeowners of the Remediation Homes in those states shall release the Knauf Entities and Other Participating Companies, and any party that supplied, installed or facilitated and/or assisted in such supply or installation of KPT drywall in Remediation homes, and without limitation, their successors, predecessors, assigns, affiliates, shareholders, investors, and their past, present, and future

4

an application to the MDL court for a singular attorneys fee (which was defined to include reasonable expenses) on behalf of all individually retained counsel and common benefit counsel.

Since the Pilot Program was announced on October 14, 2010, the PSC actively sought to expand that demonstration agreement into a comprehensive settlement that addressed the full panoply of KPT cases. As noted above, the KPT settlement was reached in conjunction with other

---

officers, directors, partners, attorneys, agents, employees, parent companies, partnerships, subsidiaries, sister corporations and representatives (collectively, "Released Parties") from and against all claims and future claims relating to his/her home, except for claims (the "Reserved Claims ") against the Knauf Entities by (i) the homeowner for bodily injury, (ii) **a singular attorneys fee (to be allocated between individual retained counsel and common benefit counsel) and reasonable and appropriate expenses (collectively "Attorneys Fees") against the Knauf Entities**, and (iii) claims in connection with the performance of, and any obligations arising under, the Demonstration Remediation Agreement, including, but not limited to, warranty claims and punch list items (the "Release"). The Knauf entities reserve all defenses, including but not limited to jurisdictional defenses, against bodily injury claims. As to Attorneys Fees, the Knauf Entities only reserve the right to dispute the reasonableness of the PSC's's claims, including Harrell Class Counsel.

[6]Paragraph X of the Demonstration Remediation Program states:

Subject to, and consistent with, any order entered by the MDL Court and the 11th Judicial Cirucit of Florida governing Attorneys' Fees, the parties agree that the PSC, including Harrell Class Counsel, common benefit attorneys, and the counsel for the homeowner are entitled to Attorneys' Fees, paid by the Knauf Entities separately and in addition to any consideration received by a homeowner under this Agreement, the calculation and/or amount of which will be determined by a separate agreement(s) between the PSC, including, as to the Harrell Remediation Homes, Harrell class counsel, and the Knauf Entities, which agreement(s) will be submitted to the MDL Court for approval and, in the case of the Harrell Remediation Homes, to the 11th Circuit of Florida, unless these respective courts, **upon application of the PSC**, including Harrell Class Counsel, direct otherwise. In the event the parties are unable to agree on the calculation and/or amount of Attorney's Fees within six months of the execution of this Demonstration Remediation Agreement, then the dispute will be submitted to the MDL Court for resolution, and/or, as to the Harrell Remediation Homes, to the 11th Judicial Circuit of Florida. In either event, (i) no distribution of Attorneys' Fees will take place without the approval of the MDL Court and, as to the Harrell Class Action, the 11th Judicial Circuit Court of Florida; (ii) and the rulings of those courts regarding Attorneys' Fees shall be non-appealable.

inter-related settlements. The KPT Settlement Agreement was finally approved by the Court on January 10, 2012. It provides that the Knauf Defendants will pay separately $160 million in attorneys' fees and costs, to compensate the PSC and valid and bona fide common benefit counsel, proposed Settlement Class Counsel, and individually-retained Plaintiffs' attorneys like counsel for the PHA for: (i) all preparation and litigation work performed on behalf of any Participating Class Member or the Class; (ii) the Knauf Settlement; (iii) the Pilot Program; (iv) the Major Builder Settlement Agreements; (v) any agreement governing homes remediated prior to the Execution Date; and (vi) any other previous settlement between the Knauf Defendants and any other party relating to claims arising from KPT Chinese Drywall, unless attorneys' fees and reasonable costs have already been separately addressed under such settlement.[7] Like the Pilot Program, the KPT Settlement Agreement provides that only the PSC shall be entitled to petition the Court for an award of attorneys fees and costs, which petition can only be submitted after the settlement becomes final.[8] Also, because of the comprehensive nature of the KPT Settlement Agreement and the agreement to pay counsel fees, it was intended to "supercede and replace" the fee provisions of the Pilot Program upon final approval.[9]

As the PHA settlement progessed, the PHA was successful in obtaining a cash settlement from the defendants, but, as noted above, KPT agreed to pay the PHA's attorneys fees and costs. The PHA represents that "Taylor Martino did not take its one-third" attorney fee from the cash settlement," PHA Mtn at Para 10, based upon the understanding that Knauf would pay these

---

[7] Amended Knauf Settlement, Section 14.2.

[8] *Id. See also* Section 14.7.

[9] Amended Knauf Settlement, Section 14.3.

amounts pursuant to the Terms of the Pilot Program.  When the PHA inquired of the PSC of the timing of payment of counsel fees, Mr. Levin reiterated his lessons from the initial mediation:

> As you are aware, we negotiated with regard to the remediation portion counsel fees and costs pursuant to Paragraph X of the Settlement Agreement for the Demonstration Remediation of Homes with KPT Drywall.  This provision covers both common benefit fees and costs and the handling attorney's fees and costs are to be paid by Knauf-subject to negotiation and ultimately, if not successful, by submission to the Honorable Eldon E. Fallon of the MDL Court.

PHA Mtn, Exb. K.[10]   But the timing of counsel fees was fully explicated by Mr. Miller in his letter to PHA's counsel: "it is premature at this time to prioritize for attorney fee purposes any one set of claims over any of the additional claims."  PHA Mtn, Exb H.  The PSC agrees that it is premature to address the PHA's motion at this time.  This is especially so as the Court has promulgated a specific process by which fees are to be addressed in MDL 2047.  *See* PTO 28, as amended.

## III.   ARGUMENT

Before there can be any allocation from a common fund, there must first be an award of the fund.  *Compare In re Vioxx Products Liability Litigation*, 760 F.Supp.2d 640, 642 n.2 (E.D.La. 2010)("The allocation of the common benefit fee amongst the fee applicants, which is the responsibility of this Court pursuant to the Settlement Agreement, will not be addressed at this time.  The Court will merely determine the appropriate total fee amount, leaving allocation for another day.") *with In re Vioxx Products Liability Litigation*, 802 F.Supp.2d 740 (E.D.La. 2011)("The Court has previously determined the value of the common benefit work in the Vioxx MDL and associated state litigations which produced the global settlement of November 9, 2007. . . . Now, the Court

---

[10]Mr. Levin also reinforced that any cash payment would be subject to an assessment of 12% fees and 5% costs, which process has been formalized through this Court's Order of April 13, 2011 [Rec. Doc. No. 8545].

must allocate those common benefit attorneys' fees among the attorneys who did the work which produced this settlement."). Plainly spoken: you can't put the cart before the horse. The PHA's motion seeks to upset this plain logic.

From the onset of the PSC's involvement in the PHA's activities, the payment process for common benefit fees was explained to the PHA by Mr. Levin. The Term Sheet makes clear that only the PSC is entitled to petition the court for the award of the common benefit fund, while giving the PHA the right to petition for its allocative share from that fund. The timing of that petition is scheduled under the terms of PTO 28, as amended but even so the time has not yet arrived for the PSC to do so. (That date is currently May 2, 2014). As such, there has not yet been an award of a common benefit fund. Under these circumstances, where there exists no common benefit fund, it is too early to make any allocation to the PHA. Its motion is premature.

## IV. CONCLUSION

For the reasons set forth above, the Motion of the PHA for payment of attorney fee and expenses should be denied without prejudice.

Dated: April 4, 2014

Respectfully submitted,

/s/ Leonard A. Davis
Russ M. Herman, Esquire (LA Bar No. 6819)
Leonard A. Davis, Esquire (LA Bar No. 14190)
Stephen J. Herman, Esquire (LA Bar No. 23129)
HERMAN, HERMAN & KATZ, LLC
820 O'Keefe Avenue
New Orleans, Louisiana 70113
Phone: (504) 581-4892
Fax: (504) 561-6024
Ldavis@hhklawfirm.com
*Plaintiffs' Liaison Counsel*
*MDL 2047*

8

Arnold Levin (On the Brief)
Fred S. Longer (On the Brief)
Matthew C. Gaughan (On the Brief)
Levin, Fishbein, Sedran & Berman
510 Walnut Street, Suite 500
Philadelphia, PA 19106
215-592-1500 (phone)
215-592-4663 (fax)
Alevin@lfsblaw.com
*Plaintiffs' Lead Counsel*
*MDL 2047*

## PLAINTIFFS' STEERING COMMITTEE

Dawn M. Barrios
Barrios, Kingsdorf & Casteix, LLP
701 Poydras Street, Suite 3650
New Orleans, LA 70139
Phone: (504) 524-3300
Fax: (504) 524-3313
Barrios@bkc-law.com

Daniel E. Becnel, Jr.
Becnel Law Firm. LLC
425 W. Airline Highway, Suite B
Laplace, LA 70068
Phone: (985) 536-1186
Fax: (985) 536-6445
dbecnel@becnellaw.com

Robert C. Josefsberg
Podhurst Orseck, P.A.
25 Flagler Street, 8th Floor
Miami, FL 33130
Phone: (305) 358-2800
Fax: (305) 358-2382
rjosefsberg@podhurst.com

Bruce William Steckler
The Steckler Law Firm
12700 Park Central Drive, Ste 1900
Dallas, TX 75251
Phone: (972) 387-4040
Fax: (972) 387-4041

bruce@stecklerlaw.com

Ervin A. Gonzalez
Colson, Hicks, Eidson, Colson
  Matthews, Martinez, Gonzales,
  Kalbac & Kane
255 Alhambra Circle, Penthouse
Cora Gables, FL 33134
Phone: (305) 476-7400
Fax: (305) 476-7444

Ben W. Gordon, Jr.
Levin, Papantonio, Thomas, Mitchell
 Echsner & Proctor, P.A.
316 S. Baylen Street, Suite 600
Pensacola, FL 32502
Phone: (850) 435-7000
Fax: (850) 435-7020
bgordon@levinlaw.com

Hugh P. Lambert
The Lambert Firm
701 Magazine Street
New Orleans, LA 70130
Phone: (504) 581-1750
Fax: (504) 529-2931
hlambert@thelambertfirm.com

Gerald E. Meunier
Gainsburgh, Benjamin, David, Meunier
 & Warshauer, LLC
2800 Energy Centre, 1100 Poydras Street
New Orleans, LA 70163-2800
Phone: (504) 522-2304
Fax: (504) 528-9973
gmeunier@gainsben.com

Jerrold Seth Parker
Parker, Waichman, Alonso LLP
3301 Bonita Beach Road
Bonita Springs, FL 34134
Phone: (239) 390-1000
Fax: (239) 390-0055
Jerry@yourlawyer.com

Scott Wm. Weinstein
Morgan & Morgan
12800 University Drive, Suite 600
Ft. Meyers, FL 33907
Phone: (239) 433-6880
Fax: (239) 433-6836
sweinstein@forthepeople.com

James Robert Reeves
Lumpkin & Reeves
160 Main Street
Biloxi, MS 39530
Phone: (228) 374-5151
Fax: (228) 374-6630
jrr@lumpkinreeves.com

Christopher Seeger
Seeger Weiss, LLP
77 Water Street
New York, NY 10005
Phone: (212) 584-0700
Fax: (212) 584-0799
cseeger@seegerweiss.com

Daniel K. Bryson
Whitfield, Bryson & Mason
900 W. Morgan Street
Raleigh, NC 27603
Phone: (919) 600-5000
Fax: (919) 600-5002
dan@wbmllp.com

Richard J. Serpe, Esquire
Law Offices of Richard J. Serpe
Crown Center, Ste. 310
580 East Main Street
Norfolk, VA 23510-2322
Phone: (757) 233-0009
Fax: (757) 233-0455
rserpe@serpefirm.com

Victor M. Diaz, Jr., Esquire
V.M. Diaz and Partners, LLC
119 Washington Ave, Suite 402
Miami Beach, FL 33139
Phone: (305) 704-3200
Fax: (305) 538-4928
victor@diazpartners.com

## OF COUNSEL TO PLAINTIFFS' STEERING COMMITTEE

Richard S. Lewis
HAUSFELD LLP
1700 K Street, N.W
Suite 650
Washington, DC 20006
Phone: (202) 540-7200
Fax: (202) 540-7201
rlewis@hausfeldllp.com

Andrew A. Lemmon
Lemmon Law Firm, LLC
P.O. Box 904
15058 River Road
Hahnville, LA 70057
Phone: (985) 783-6789
Fax: (985) 783-1333
andrew@lemmonlawfirm.com

## **CERTIFICATE OF SERVICE**

      I hereby certify that the above and foregoing The Plaintiffs' Steering Committee's Response in Opposition to Prichard Housing Authority's Motion for Payment of Attorney Fees and Expenses has been served on Defendants' Liaison Counsel, Kerry Miller, by e-mail and upon all parties by electronically uploading the same to LexisNexis File & Serve in accordance with Pre-Trial Order No. 6, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2047 on this 4th day of April, 2014.

/s/ Leonard A. Davis
Leonard A. Davis, Esquire
HERMAN, HERMAN & KATZ, LLC
820 O'Keefe Avenue
New Orleans, Louisiana 70113
Phone: (504) 581-4892
Fax: (504) 561-6024
Ldavis@hhklawfirm.com
Plaintiffs' Liaison Counsel
MDL 2047

*Co-counsel for Plaintiffs*