UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: CHINESE-MANUFACTURED DRYWALL PRODUCTS LIABILITY LITIGATION | ) ) ) ) | MDL No. 2047 SECTION "L" |
| THIS DOCUMENT RELATES TO: | ) ) ) ) | JUDGE FALLON MAG. JUDGE WILKINSON |
| Payton, et. al. v. Knauf Gips, KG, et. al., Case No. 2:09-cv-07628 _____ | ) ) ) ) | |

## JESSE DAVIS AND KATIE DAVIS'S MOTION TO COMPEL THE KNAUF DEFENDANTS CASH-OUT OPTION PAYMENT

Plaintiff Jesse Davis and Katie Davis (hereinafter "Claimants" or "Davises"), by and through undersigned counsel, hereby file their Motion to Compel the Knauf Defendants Cash-Out Option Payment. As grounds, Claimants state as follows:

For the reasons set forth fully in Claimants' Memorandum of Law in support of this Motion, Claimants request that the Knauf Defendants fulfill their promise to pay Claimants' Cash-Out claim that they agreed to pay, in writing, on three separate occasions. The Knauf Defendants agreed to pay the Davises' Cash-Out payment twice in July 2013 and for a third time in August 2013, but now refuse to honor their agreement. The Davises justifiably relied to their detriment on the Knauf Defendants' promises to pay the Cash-Out payment. The doctrines of promissory estoppel, the inherent equitable powers of this Court and/or the Court's ability to interpret the Knauf Settlement[1] prevent the Knauf Defendants from reneging on their promise to pay the Davises' Cash-Out claim. The Court has the equitable power to require the Knauf Defendants to pay the Davises' Cash-Out claim. The legal doctrines of detrimental reliance, promissory estoppel and equitable estoppel were met by the Davises so that the Court should require the Knauf Defendants to live up to their promises.

---

[1] Third Amended Settlement Agreement Regarding Claims Against the Knauf Defendants in MDL No. 2047. [Doc. 16407-3].

WHEREFORE, for the reasons set forth in the instant Motion and Supporting Memorandum of Law, Claimants respectfully request this Honorable Court enter an Order: a) requiring the Knauf Defendants to pay the Davises' Cash-Out claim in the amount of $88,811.65 to the Davises; and b) approving the form of the Release attached Claimants' Memorandum of Law as Ex. 8 and requiring the Knauf Defendants to accept it and the Davises to execute it. In the alternative, if the Court denies the instant motion, the Davises request that the Court enter an order allowing the Davises' currently filed Other Loss Fund Claim to be included in the Other Loss Fund and processed by Brown Greer as timely filed.

Respectfully Submitted,

/s/ Patrick S. Montoya
ERVIN A. GONZALEZ, ESQ. (#500720)
PATRICK S. MONTOYA, ESQ. (#524441)
COLSON HICKS EIDSON
COLSON MATTHEWS MARTINEZ
GONZALEZ KALBAC & KANE
255 Alhambra Circle, Penthouse
Coral Gables, FL 33134
Phone: (305) 476-7400
Fax:    (305) 476-7444
*Counsel for Claimants*

## CERTIFICATE OF SERVICE

I hereby certify that the above and foregoing has been served on Plaintiffs' Liaison Counsel, Russ Herman, and Defendants' Liaison Counsel, Kerry Miller, by U.S. Mail and e-mail, or by hand delivery and e-mail and upon all parties by electronically uploading the same to LexisNexis File & Serve in accordance with Pretrial Order No. 6, and that the foregoing was filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2047, on this 29th day of April, 2014.

/s/ Patrick S. Montoya