# EXHIBIT 13


Colson
Hicks
Eidson

ERVIN A. GONZALEZ
Board Certified Civil &
Business Trial Attorney

*Via Federal Express*

June 11, 2013

Kyle A. Spaulding, Esq.
Frilot LLC
1100 Poydras Street, Suite 3700
New Orleans, LA 70163

Re:    *Jesse Davis – Cash Out Option*
       *8626 104th Avenue, Vero Beach, FL 32967*

Dear Kyle:

   We write to you at Steven Glickstein's request after we discussed this claim of our client and class member Jesse Davis, who is in a unique situation. We discussed Mr. Davis's claim with Steven and he asked that we write to you to confirm that Mr. Davis will receive his payout as a class member for the cash-out option given his circumstances.

   The referring attorney, a prominent City of Miami Commissioner, worked out a deal with the Mortgagee/Lienholder where the Mortgagee/Lienholder entered into a consent judgment on the foreclosure case and agreed to accept $50,000 of the cash out payment and the client would receive $30,000.  See Lienholder Release attached hereto. The referring attorney requested that we modify the Lienholder Release to reflect the split of the settlement proceeds. We forwarded the request to Garrett Thalgott on the Lienholder Release changes and they were approved by your client. The Mortgagee/Lienholder has signed off on the Lienholder Release, attached; however, we were recently advised that the property was sold at a judicial sale as part of the consent judgment entered into by our client with the Mortgagee/Lienholder, but the home was bought at the judicial sale by the Mortgagee/Lienholder. In summary, our sole issue is that the client cannot truthfully sign the homeowner release saying that he is currently "owner" of the property, as the current owner is the Mortgagee/Lienholder who signed off on the attached Lienholder Release. The relevant chronology of the case is as follows:

-   3/15/12 – Moss Walk Through;

-   12/10/12 – E-mail from Marc Sarnoff (referral lawyer) advising us that he represents Mr. Davis in foreclosure case and confirming Cash Out Amounts;

-   01/9/13 – Consent to Final Judgment on foreclosure case entered;

| THE LAW FIRM OF COLSON, HICKS, EIDSON, COLSON, MATTHEWS, MARTINEZ, GONZALEZ, KALBAC & KANE
\ 255 ALHAMBRA CIRCLE, PENTHOUSE | CORAL GABLES, FLORIDA | 33134
| T: 305.476.7400 | F: 305.476.7444 | W: COLSON.COM
| 2101 L STREET, N.W. | 10TH FLOOR | WASHINGTON, DC | 20037
| T: 202.386.6706 | F: 202.386.6706
| 600 CARONDELET STREET, ROOMS 810 & 812 | NEW ORLEANS, LA | 70130
| T: 305.476.7400 | F: 305.476.7444



Colson
Hicks
Eidson

- 1/11/13 – E-mail providing client with Cash Out Documents;

- 2/15/13 – E-mail from U.S. Bank National requesting change with Lienholder Release;

- 2/18/2013 – Notice of Sale published;

- 2/25/13 – Certificate of Sale to U.S. Bank National entered;

- 3/9/13 – Certificate of Title for property issued to U.S. Bank;

- 4/1/13 – Sarnoff sends Colson Hicks the cash out release with requested changes;

- 4/1/13 – E-mail to Knauf requesting approval of changes to Lienholder Release;

- 6/3/13 – Bank provided Executed Lienholder Release; and

- 6/5/13 – E-mail from Sarnoff providing the Executed Lienholder Release and advising that the property had been sold in a judicial sale.

We would like to make a full recovery for Mr. Davis client based on the cash-out option. Steven did not believe this would be a problem when we presented it to him over the phone, but asked that we put the chronology and our request to you in writing. If we need to make modifications to the homeowner release and have Mr. Davis sign off on it, we will do so, we just need to know what edits you request. But for the homeowner release, Mr. Davis has complied with all other aspects of the cash-out option, including recording the affidavit of Chinese drywall contamination, attached.

Kindly let us know by Monday, June 17, 2013, if you will be able to accommodate our request that Mr. Davis receive the cash-out payment per the Lienholder Release, as the Lienholder and Mr. Davis are eagerly awaiting an answer. We thank you in advance for your professional courtesies and anticipated cooperation in this matter. We are available to discuss this matter with you at your convenience.

Very truly yours,

ERVIN A. GONZALEZ
PATRICK S. MONTOYA

PSM/NMR/brf
Enclosures: as stated

cc:   Steven Glickstein, Esq.
      Russ Herman, Esq.
      Arnold Levin, Esq.
      Fred Longer, Esq.
      Leonard Davis, Esq.

Lienholder Release

## RELEASE

This Release, dated this _3_ day of June 2013 is entered into by U.S. Bank National Association (the "Mortgagee").

WHEREAS JESSE W DAVIS (the "Property Owner") own the property located at 8626 104TH AVE, VERO BEACH, FLORIDA 32967 (the "Property") pursuant to a mortgage agreement with the Mortgagee;

WHEREAS, on December 9, 2009, the Property Owner commenced a lawsuit on the Property Owner's own behalf against one or more of Knauf Plasterboard (Tianjin) Co., Ltd. ("KPT"), Knauf Plasterboard (Wuhu) Co., Ltd., Guangdong Knauf New Building Material Products Co., Ltd., Knauf International GmbH, Knauf Insulation GmbH (referred to in MDL 2047 as Knauf Insulation USA), Knauf AMF GmbH & Co. KG, Knauf do Brasil Ltda., Gebr. Knauf Verwaltungsgesellschaft, PT Knauf Gypsum Indonesia, or Knauf Gips KG (collectively, the "Knauf Defendants"), and the builder, supplier, installer, and insurer defendants (together with the Knauf Defendants, the "Released Parties"). The Property Owners' action was filed as: Payton, et. al. v. Knauf Gips, KG, et. al., Case No. 09-7628 (hereinafter "Action"); and

WHEREAS, on October 14, 2010, the Knauf Defendants and the MDL Plaintiffs' Steering Committee (the "PSC") in *In re: Chinese Manufactured Drywall Products Liability Litigation*, MDL No. 2047 (the "MDL"), entered into a Settlement Agreement For the Demonstration Remediation of Homes with KPT Drywall (the "Demonstration Remediation Agreement") to create a program (the "Program") to remediate homes that contain all or substantially all KPT drywall board ("KPT Chinese Drywall");

WHEREAS, on December 20, 2011, the Knauf Defendants and the PSC entered into the Settlement Agreement Regarding Claims against the Knauf Defendants in MDL No. 2047 (the "Class Settlement Agreement"), which, based on the Program created by the Demonstration Remediation Agreement, provides property owners whose properties contain KPT Chinese Drywall with the option to remediate their properties, or in lieu of remediation, a cash payment as calculated pursuant to Section 4.3.3 of the Class Settlement Agreement out of which the Property Owner will pay Mortgagee $50,000.00 (Fifty Thousand Dollars);

WHEREAS, on January 10, 2012, the MDL Court preliminarily approved the Class Settlement Agreement;

WHEREAS, pending the MDL Court's final approval of the Class Settlement Agreement, the Knauf Defendants, without waiving any rights under the Demonstration Remediation Agreement, have offered Property Owner the benefits set forth in Sections 4.3.1 through 4.3.3 of the Class Settlement Agreement: (i) the Program Contractor Remediation Option; (ii) the Self-Remediation Option; and (iii) the Cash-Out Option;

WHEREAS, the Property Owner would like to choose the Cash-Out Option, but such option is subject to the Mortgagee providing this Release to the Knauf Defendants;

WHEREAS, the Mortgagee has been given an opportunity to review the Class Settlement Agreement, which is available on the MDL website at http://www.laed.uscourts.gov/drywall/12-21-11.kpt.global.settlement.pdf; and

NOW, THEREFORE, the parties hereto, each and all intending to be legally bound, hereby stipulate and agree as follows:

1.      The Mortgagee acknowledges that the Property Owner has chosen the Cash-Out Option as described in Section 4.3.3 of the Class Settlement Agreement, in lieu of one of the remediation options under Sections 4.3.1 and 4.3.2 of the Class Settlement Agreement.

2.      In exchange for good and valuable consideration, the Mortgagee unconditionally releases and relinquishes all rights it has or may have against the Released Parties arising out of or relating to claims asserted in the Action and/or to any Chinese drywall, including but not limited to KPT Chinese Drywall, in this Property, and any and all persons or entities who furnished services for, or in any way facilitated or assisted in, the installation of any Chinese drywall, including but not limited to KPT Chinese Drywall, in this Property, including without limitation, any actual or potential defendants, including but not limited to, contractors, builders, suppliers, designers, real estate agents, hangers, and/or consultants, and their respective insurance carriers; and all of their past, present, and future parents, subsidiaries, affiliates, controlling persons, officers, directors, employees, shareholders, suppliers, distributors, contractors, agents, servants, counsel, and insurers; and all predecessors, successors, assigns, heirs, executors, estate administrators, any person who may have a claim of indemnity or contribution against Released Parties, and personal representatives of each of the foregoing, separately or collectively.

3.      This Release will be effective immediately.

4.      As provided for in Rule 408 of the Federal Rules of Evidence or its equivalent in state court jurisdictions, the Mortgagee, Property Owner and the Knauf Defendants, and every person employed or retained by them who has any knowledge of any term of this Release or of any settlement, release, or waiver referred to herein will not introduce in evidence this Release, or any portion of the contents thereof, or any amount provided herein, or any amount received by Property Owner, in any proceeding other than a proceeding to consummate or enforce this Release.

5.     The Mortgagee acknowledges that it has not received or relied on any agreements or promises other than as contained in writing in this Release. In executing this Release, the Mortgagee has relied on the Mortgagee's own or the Mortgagee's counsel's analysis of the facts and information of which they are independently aware, and assumes the risk that there may prove to be facts or information different from or in addition to what they now know or believe.

6.     Nothing in this agreement shall constitute any admission of liability or fault of any kind on the part of Knauf Defendants.

Dated: June 3, 2013

Kelly L. Gammon, Vice President

State of Kentucky
County of Daviess

The foregoing instrument was acknowledged, subscribed, and sworn to before me this
_10-3-13_, by Kelly L. Gammon as Vice President of U.S. Bank National Association,
a federally chartered banking association, on behalf of U.S. Bank National Association.

(seal)

(signature of notary)

_____
State at Large

OFFICIAL SEAL
AMY PAYNE
NOTARY PUBLIC – KENTUCKY
STATE-AT-LARGE
My Comm. Expires July 12, 2015
COMM. 6446038

**Property Owner Affidavit**
**Regarding Recording of Presence of Reactive Chinese Drywall in Property**

I, _JESSE DAVIS_, the owner of the property located at

_8626 104th Ave, Vero Beach, FL_ (the "Property"), hereby submit this

Affidavit in support of my selection of the Cash-Out Option pursuant to Section 4.3.3 of the

Settlement Agreement Regarding Claims Against the Knauf Defendants in MDL No. 2047.

I declare, under penalty of perjury, the following (select one):

[X] I have recorded in the local property clerk's office for jurisdiction in which the Property is located that the Property contains reactive Chinese Drywall. Attached hereto is a certified copy of the recording.

[ ] I have consulted with my attorney and the local property clerk's office for the Property, and they have advised me that the local law of the jurisdiction in which the Property is located does not permit me to record the existence of Chinese Drywall in the Property in the local property clerk's office.

_JESSE DAVIS_
Property Owner

_____
Property Owner

_____
Property Owner Social Security #

_____
Property Owner Social Security #

STATE OF _FLORIDA_, COUNTY OF _ST. LUCIE_

I certify that on _JUNE 5th_, 2013 _JESSE DAVIS_ personally came before me and acknowledged under oath, to my satisfaction, that this person (a) is named in and personally signed this document; and (b) signed, sealed and delivered this document by her act and deed. FL DL D120429821420 - AS IDENTIFICATION

KELLY WATKINSON WHITTEN
Notary Public - State of Florida
My Comm. Expires May 17, 2017
Commission # EE 867461

_____
Notary Public

_KELLY WATKINSON WHITTEN_
[Printed Name of Notary]

My Commission Expires: _MAY 17, 2017_

3120130006005
RECORDED IN THE PUBLIC RECORDS OF
JEFFREY R SMITH CLERK OF COURT
INDIAN RIVER COUNTY FL   BK: 2639  PG: 1086 Page 1 of 1
1 24 2013 10:40 AM

## AFFIDAVIT OF CHINESE DRYWALL CONTAMINATION

STATE OF FLORIDA            )
                               ) ss:
COUNTY OF INDIAN RIVER     )

BEFORE ME, the undersigned authority, duly authorized to administer oaths in the State of
Florida, personally appeared, _____, who, after first being duly sworn, states as follows:

1.  My name is _JESSE Davis_

2.  My Property located at _3626 104th Ave_ has the existence of Chinese
    _Vero Beach, FL 32967_
    Drywall.

3.  My Property's Folio Number is _313828 0300 5004 0000 26.0_

4.  I declare under penalty of perjury under the laws of the State of Florida that the
    foregoing is true and correct.

FURTHER AFFIANT SAYETH NAUGHT.

_____

BEFORE ME personally appeared _Jesse Davis_, being duly sworn, and who is
personally known to me or has produced _FL drivers license_ as identification, and
states that the foregoing is true and correct.

SWORN AND SUBSCRIBED before me this _24th_ day of _January_, 2013__.

_Carolyn L Ledford_
NOTARY PUBLIC (Signature)

My commission expires: _11-6-15_

_Carolyn L. Ledford_
Print or Type Name of Notary

CAROLYN L. LEDFORD
Notary Public - State of Florida
My Comm. Expires Nov 6, 2015
Commission # EE 143999

3120130006005 RECORDED IN THE RECORDS OF JEFFREY R SMITH, CLERK OF CIRCUIT COURT INDIAN RIVER CO FL,
BK: 2639 PG: 1086, 1/24/2013 10:40 AM

## AFFIDAVIT OF CHINESE DRYWALL CONTAMINATION

STATE OF FLORIDA           )
                                      ) ss:
COUNTY OF INDIAN RIVER    )

        BEFORE ME, the undersigned authority, duly authorized to administer oaths in the State of

Florida, personally appeared, _____, who, after first being duly sworn, states as follows:

1. My name is JESSE DAVIS

2. My Property located at 8626 104th Ave _____ has the existence of Chinese
   Vero Beach, FL 32967
   Drywall.

3. My Property's Folio Number is 313828000050040000 26.0

4. I declare under penalty of perjury under the laws of the State of Florida that the
   foregoing is true and correct.

FURTHER AFFIANT SAYETH NAUGHT.

        BEFORE ME personally appeared Jesse Davis , being duly sworn, and who is
personally known to me or has produced FL drivers license as identification, and
states that the foregoing is true and correct.

        SWORN AND SUBSCRIBED before me this 24th day of January, 2013 .

                                   Carolyn L. Ledford
                                   NOTARY PUBLIC (Signature)

My commission expires: 11-6-15

                                   Carolyn L. Ledford
                                   Print or Type Name of Notary

              CAROLYN L. LEDFORD
              Notary Public - State of Florida
              My Comm. Expires Nov 6, 2015
              Commission # EE 143999

STATE OF FLORIDA
INDIAN RIVER COUNTY
   THIS IS TO CERTIFY THAT THIS IS A TRUE AND CORRECT
COPY OF THE ORIGINAL ON FILE IN THIS OFFICE. THIS
ORIGINAL MAY HAVE REDACTED INFORMATION AS STATED
IN FLORIDA STATUE 119.07.
                    J.R. SMITH, CLERK
      BY _____
                 DEPUTY CLERK
      DATE 25 Jan 2013



**Indian River County**
**Clerk of the Circuit Court**
**Jeffrey R. Smith**
**Vero Beach FL 32960**
**(772) 770-5185**

| Transaction # | 606967 | Agent # | 0 | Source: | Over the Counter |
|---|---|---|---|---|---|
| Receipt # | 588469 | Name: | JESSE DAVIS | Returned: | Over the Counter |
| Cashier Date | January 24, 2013 | | | | |
| Cashier | SHORTLE | Address: | 8626 104TH AVE VERO BEACH, FL 32967 | | |

| AFFIDAVIT | | CFN: | 3120130006005 | | |
|---|---|---|---|---|---|
| From: | DAVIS, JESSE | To: | PUBLIC | | |

| | | | |
|---|---|---|---|
| | Indexing @ 1st 4 Names Free, Addt'l=$1 ea. | | $0.00 |
| | Recording @ 1st=$10 Addt'l=$8.50 ea. | | $10.00 |

| CASH | Return $10.00 in change | | $10.00 |
|---|---|---|---|

| Total Payments: | $10.00 | Total Fees: | $10.00 | Shortage: | $ 0.00 | Overage: | $ 0.00 |
|---|---|---|---|---|---|---|---|



**Indian River County**
**Clerk of the Circuit Court**
**Jeffrey R. Smith**
**Vero Beach FL 32960**
**(772) 770-5185**

| Transaction # | 606968 | Agent # | 0 | Source: | Over the Counter |
| Receipt # | 588471 | Name: | JESSE DAVIS | Returned: | Over the Counter |
| Cashier Date | January 24, 2013 | | | | |
| Cashier | SHORTLE | Address: | | | |

MISC                    CFN:

| From: | To: | C/C OR BK 2639 PG 1086 |
| --- | --- | --- |
| CERTIFY | $2.00 | |
| CopyFee | $1.00 | |

CASH        Return $7.00 in change        $3.00

| Total Payments: | $3.00 | Total Fees: | $3.00 | Shortage: | $ 0.00 | Overage: | $ 0.00 |
| --- | --- | --- | --- | --- | --- | --- | --- |

## HOMEOWNER WIRE TRANSFER INSTRUCTIONS

All payments issued, pursuant to the terms of the Settlement Agreement for the Demonstration Remediation of Homes with KPT Drywall, to the owner of a Remediation Home ("Homeowner") will be made by the Escrow Agent by wire transfers ("wire"). Wires can be issued to either the Homeowner or to a firm account designated by Primary Counsel. No payments can be issued to a Homeowner or Primary Counsel until this form has been completed and returned to the Remediation Program Administrator.

### A. HOMEOWNER INFORMATION

| Homeowner Name | Jesse Davis | | | | | | |
|---|---|---|---|---|---|---|---|
| Property Address | Street 8626 104th Avenue | | | | | | |
| | City Vero Beach | | | State FL | Zip 32967 | | Country USA |

### B. BANK WIRING INSTRUCTIONS

| Bank Name to Which Wire is to be Sent | Bank Name NORTHERN TRUST BANK | | | | | |
|---|---|---|---|---|---|---|
| | Street 700 Brickell Avenue, 4th Floor | | | | | |
| | City Miami | | State FL | Zip 33131 | | Country USA |
| Bank Telephone Number | 305-789-1143 | | | | | |
| Bank ABA/ Routing Number | | | | | | |
| Account Name | Colson Hicks Eidson Trust Account | | | | | |
| Account Number | | | | | | |

### C. CERTIFICATION BY COUNSEL

IF A WIRE IS BEING ISSUED TO COUNSEL ON BEHALF OF THE HOMEOWNER, COUNSEL MUST COMPLETE THE FOLLOWING:

By my signature below, I represent and warrant, on behalf of the Counsel identified below, that:

(a) Counsel will comply with all laws and ethical rules and obligations under applicable law as to any payment received in the Remediation program, including without limitation those regarding the handling and disposition of client funds;

(b) The account or fund into which the payments will be received by wire is an appropriate escrow, trust or other such account required by applicable law and ethical rules for the receipt of client funds and/or a payment on the settlement of a claim.

| Signature | [signature] | Date | / / (month) (day) (year) |
|---|---|---|---|
| Printed Name | First Natalie | MI M | Last Rico |
| Firm Name | Colson Hicks EIDSON | | |

382080