# EXHIBIT 20

## Montoya, Patrick

| | |
|---|---|
| **From:** | Montoya, Patrick |
| **Sent:** | Friday, March 14, 2014 2:09 PM |
| **To:** | kspaulding@frilot.com |
| **Cc:** | 'Miller, Kerry J.'; Ervin@colson.com |
| **Subject:** | FW: Drywall--Jessie Davis and Already Remediated Homes |
| **Attachments:** | Re: Knauf Settlement--Cash out question; J. Davis release edits 3.11.14 exhs A-E.pdf |

Kyle,

Please consider this before you discuss this claim with your client on Tuesday. We ask that you recommend payment of the lump sum for the reasons set forth below.

At the time your client agreed to pay the Cash-Out, the bank *was* the owner of the home. See your email below of July 18, 2013. You confirmed your client would pay the lump sum on July 18, 2013. On the same day, you asked me to confirm ownership of the home by the bank. I confirmed ownership of the home by the bank to you the same day, July 18, 2013. See below. The bank sold the property on July 26, 2013. See the Release I sent you at Ex. E, Warranty Deed, attached. Your email of July 18, before July 26, confirms the claim should be paid at the time the bank owned the home.

We prefer not to raise these issues with Judge Fallon, but we advised the client last July when payment was confirmed that he would be receiving his portion. He is irate at not having received payment. The referring lawyer is a City of Miami Commissioner, who is also irate. They will likely force us to bring it before J. Fallon if we are unable to resolve it. What precipitated all of this was an email of June 6, 2013, attached, making your client aware of the issues.

Since August 2013 when we inquired of Brown Greer for payment when you instructed us to, and Brown Greer wanted Mr. Davis's release, we have been working mutually to find release language for Mr. Davis that your client would accept as a former owner. I believe my last proposed release, attached, accomplishes all of those goals. The bank's release contains all of the Knauf language so it cannot assert a claim. The only issue has been the form of the release for Mr. Davis, and he is certainly ready to sign the attached proposed release. He just could not sign the standard release that said he was the owner when he is not. In sum, we believe your client agreed to fund the claim as a lump sum claim at the time the bank owned the property. To take a contrary position now would be inequitable to Mr. Davis. Please let us know your thoughts and comments, as we would like to bring this to a close.

Thank you.

Warmest regards,

Patrick S. Montoya
Partner
Colson Hicks Eidson
255 Alhambra Circle, Penthouse
Coral Gables, FL 33134
Office:  305.476.7400
Fax:      305.476.7444
email: Patrick@colson.com

---

**From:** Spaulding, Kyle [mailto:kspaulding@frilot.com]
**Sent:** Thursday, July 25, 2013 1:19 PM
**To:** Montoya, Patrick; Miller, Kerry J.
**Cc:** Gonzalez, Ervin
**Subject:** RE: Drywall--Jessie Davis and Already Remediated Homes

1

Patrick-I can confirm that Knauf will pay the cash out amount.  I've not actually determined the amount payable to Davis/US Bank.  I'll let Knauf and Brown Greer handle that.

Kyle A. Spaulding
FRILOT L.L.C.
1100 Poydras Street, Suite 3700
New Orleans, LA 70163
Telephone: 504.599.8249
Facsimile: 504.599.8137

---

**From:** Montoya, Patrick [mailto:patrick@colson.com]
**Sent:** Monday, July 22, 2013 6:31 PM
**To:** Spaulding, Kyle; Miller, Kerry J.
**Cc:** Gonzalez, Ervin
**Subject:** RE: Drywall--Jessie Davis and Already Remediated Homes

Gentlemen,
Regarding the Davis claim below, can you confirm?


Patrick S. Montoya
Partner
Colson Hicks Eidson
255 Alhambra Circle, Penthouse
Coral Gables, FL 33134
Office:  305.476.7400
Fax:     305.476.7444
email: Patrick@colson.com

---

**From:** Montoya, Patrick
**Sent:** Friday, July 19, 2013 8:33 PM
**To:** 'Spaulding, Kyle'; 'Miller, Kerry J.'
**Cc:** Gonzalez, Ervin
**Subject:** RE: Drywall--Jessie Davis and Already Remediated Homes

Gentlemen,
Can you let us know about Davis below?
Second, I haven't heard from Garrett yet, so I left him a message just now.

Regards,

Patrick S. Montoya
Partner
Colson Hicks Eidson
255 Alhambra Circle, Penthouse
Coral Gables, FL 33134
Office:  305.476.7400
Fax:     305.476.7444
email: Patrick@colson.com

**From:** Montoya, Patrick
**Sent:** Thursday, July 18, 2013 7:26 PM
**To:** 'Spaulding, Kyle'; Miller, Kerry J.
**Cc:** Gonzalez, Ervin
**Subject:** RE: Drywall--Jessie Davis and Already Remediated Homes

Kyle,
I've attached U.S. Bank's current proof of ownership for you. You will find the certificate of title for U.S. Bank. Attached you will see printouts from a few minutes ago from the tax assessor's website showing the same property in U.S. Bank's name. May I confirm for my client that Knauf will pay the cash out amount? You can have the full payment sent to us and we will disburse to U.S. Bank and the client per their settlement agreement.

We greatly appreciate your efforts and appreciate your early reply.

Very truly yours,

Patrick S. Montoya
Partner
Colson Hicks Eidson
255 Alhambra Circle, Penthouse
Coral Gables, FL 33134
Office:  305.476.7400
Fax:      305.476.7444
email: Patrick@colson.com

**From:** Spaulding, Kyle [mailto:kspaulding@frilot.com]
**Sent:** Thursday, July 18, 2013 10:19 AM
**To:** Montoya, Patrick; Miller, Kerry J.
**Cc:** Gonzalez, Ervin
**Subject:** RE: Drywall--Jessie Davis and Already Remediated Homes

Patrick-We're ok with how you propose to pay the Davis claim.  We just need to confirm that the bank still owns the home.

Garrett will contact you today about setting up a conference call for your priority already remediated homes.

Kyle A. Spaulding
FRILOT L.L.C.
1100 Poydras Street, Suite 3700
New Orleans, LA 70163
Telephone: 504.599.8249
Facsimile: 504.599.8137

**From:** Montoya, Patrick [mailto:patrick@colson.com]
**Sent:** Tuesday, July 16, 2013 2:09 PM
**To:** Spaulding, Kyle; Miller, Kerry J.
**Cc:** Gonzalez, Ervin
**Subject:** Drywall--Jessie Davis and Already Remediated Homes

Gentlemen,
It's been several weeks and a two unreturned phone calls to you about the Jesse Davis claim. This is the case where the bank took the home back as part of a consent judgment but signed off on the cash-out. Please, please let us know what

position your client is going to take. Will they fund the cash-out? Second, since you met with Natalie several weeks ago, we still haven't received a single offer on any already remediated homes. Could you please help us with this?

Patrick S. Montoya
Partner
Colson Hicks Eidson
255 Alhambra Circle, Penthouse
Coral Gables, FL 33134
Office:  305.476.7400
Fax:      305.476.7444
email: Patrick@colson.com

Release

<h1 style="text-align:center">RELEASE</h1>

This Release, dated this _____ day of _____, 2014 is entered into by Jesse Davis and Katie Davis (the "Former Property Owners[1]") who owned the property located at 8626 104th Ave., Vero Beach, FL 32967 (the "Property") pursuant to a mortgage agreement with the Mortgagee, U.S. Bank National Association;

WHEREAS, on _____, the Former Property Owners commenced a lawsuit on the Former Property Owners' own behalf against one or more of Knauf Plasterboard (Tianjin) Co., Ltd. ("KPT"), Knauf Plasterboard (Wuhu) Co., Ltd., Guangdong Knauf New Building Material Products Co., Ltd., Knauf International GmbH, Knauf Insulation GmbH (referred to in MDL 2047 as Knauf Insulation USA), Knauf AMF GmbH & Co. KG, Knauf do Brasil Ltda., Gebr. Knauf Verwaltungsgesellschaft, PT Knauf Gypsum Indonesia, or Knauf Gips KG (collectively, the "Knauf Defendants"), and the builder, supplier, installer, and insurer defendants (together with the Knauf Defendants, the "Released Parties"). The Former Property Owners' action was filed as: _____ (hereinafter "Action"); and

WHEREAS, on October 14, 2010, the Knauf Defendants and the MDL Plaintiffs' Steering Committee (the "PSC") in *In re: Chinese Manufactured Drywall Products Liability Litigation*, MDL No. 2047 (the "MDL"), entered into a Settlement Agreement For the Demonstration Remediation of Homes with KPT Drywall (the "Demonstration Remediation Agreement") to create a program (the "Program") to remediate homes that contain all or substantially all KPT drywall board ("KPT Chinese Drywall");

---

[1] Jesse Davis and Katie Davis owned the Property from February 23, 2007 until approximately February 25, 2013, see Ex. D, attached hereto.

60262407_2                          Page 1 of 5

WHEREAS, on December 20, 2011, the Knauf Defendants and the PSC entered into the Settlement Agreement Regarding Claims against the Knauf Defendants in MDL No. 2047 (the "Class Settlement Agreement"), which, based on the Program created by the Demonstration Remediation Agreement, provides property owners whose properties contain KPT Chinese Drywall with the option to remediate their properties, or in lieu of remediation, a cash payment as calculated pursuant to Section 4.3.3 of the Class Settlement Agreement out of which the Former Property Owners have agreed to pay the Mortgagee, U.S. Bank, $50,000.00 (Fifty Thousand Dollars), Ex. A, Lienholder Release, attached hereto dated June 3, 2013;

WHEREAS, on January 10, 2012, the MDL Court preliminarily approved the Class Settlement Agreement;

WHEREAS, pending the MDL Court's final approval of the Class Settlement Agreement, the Knauf Defendants, without waiving any rights under the Demonstration Remediation Agreement, have offered the Former Property Owners the benefits set forth in Sections 4.3.1 through 4.3.3 of the Class Settlement Agreement: (i) the Program Contractor Remediation Option; (ii) the Self-Remediation Option; and (iii) the Cash-Out Option;

WHEREAS, the Former Property Owners would like to choose the Cash-Out Option, but such option is subject to the Former Property Owners providing this Release to the Knauf Defendants;

WHEREAS, on January 10, 2013, a Consent to Final Judgment of Mortgage Foreclosure was entered into by the Mortgagee and the Former Property Owners, Ex. B, attached hereto;

WHERAS, on January 24, 2013, the Former Property Owners executed and recorded an Affidavit of Chinese Drywall Contamination with the Clerk of Court in Indian River County; Ex. C, attached hereto;

WHEREAS, on February 25, 2013, a Certificate of Title was entered by the Clerk of Court on the Property, Ex. D, attached hereto

WHEREAS, on June 3, 2013, for valuable consideration, Mortgagee provided a Lienholder Release to the Former Property Owners wherein the Mortgagee provided a release to the Released Parties, including the Knauf Defendants, Ex. A, attached hereto;

WHEREAS, on July 26, 2013, a Special Warranty deed was executed by the Mortgagee to Grantor Kelly Merrill, Ex. E, attached hereto;

WHEREAS, the Mortgagee has been given an opportunity to review the Class Settlement Agreement, which is available on the MDL website at http://www.laed.uscourts.gov/drywall/12-21-11.kpt.global.settlement.pdf; see Lienhholder Release, Ex. A, and

NOW, THEREFORE, the parties hereto, each and all intending to be legally bound, hereby stipulate and agree as follows:

1.      The Mortgagee acknowledged that the Former Property Owner have chosen the Cash-Out Option as described in Section 4.3.3 of the Class Settlement Agreement, in lieu of one of the remediation options under Sections 4.3.1 and 4.3.2 of the Class Settlement Agreement. Ex. A.

2.      In exchange for good and valuable consideration, the Mortgagee unconditionally released and relinquished all rights it has or may have against the Released Parties arising out of or relating to claims asserted in the Action and/or to any Chinese drywall, including but not limited to KPT Chinese Drywall, in  this Property, and any and all persons or entities who furnished services for, or in any way facilitated or assisted in, the installation of any Chinese drywall, including but not limited to KPT Chinese Drywall, in this Property, including without limitation, any actual or potential defendants, including but not limited to, contractors, builders, suppliers, designers, real estate agents, hangers, and/or consultants, and their respective insurance carriers; and all of their past, present, and future parents, subsidiaries, affiliates, controlling persons, officers, directors, employees,

shareholders, suppliers, distributors, contractors, agents, servants, counsel, and insurers; and all predecessors, successors, assigns, heirs, executors, estate administrators, any person who may have a claim of indemnity or contribution against Released Parties, and personal representatives of each of the foregoing, separately or collectively. Ex. A.

     3.     This Release will be effective immediately. See also, Ex. A.

     4.     As provided for in Rule 408 of the Federal Rules of Evidence or its equivalent in state court jurisdictions, the Mortgagee, Former Property Owners and the Knauf Defendants, and every person employed or retained by them who has any knowledge of any term of this Release or of any settlement, release, or waiver referred to herein will not introduce in evidence this Release, or any portion of the contents thereof, or any amount provided herein, or any amount received by Former Property Owners, in any proceeding other than a proceeding to consummate or enforce this Release.  See also, Ex A.

     5.     The Mortgagee acknowledges that it has not received or relied on any agreements or promises other than as contained in writing in this Release. In executing this Release, the Mortgagee has relied on the Mortgagee's own or the Mortgagee's counsel's analysis of the facts and information of which they are independently aware, and assumes the risk that there may prove to be facts or information different from or in addition to what they now know or believe. Ex. A.

     6.     Nothing in this agreement shall constitute any admission of liability or fault of any kind on the part of Knauf Defendants. See also, Ex. A.

Dated: _____, 201_

_____
*Jesse Davis*

_____
*Katie Davis*

                    

STATE OF _____, COUNTY OF _____

     I certify that on , 201__, _____ personally came before me and acknowledged under oath, to my satisfaction, that this person (a) is named in and personally signed this document; and (b) signed, sealed and delivered this document by her act and deed.

_____
Notary Public

_____
[Printed Name of Notary]

My Commission Expires: _____

Lienholder Release

## RELEASE

This Release, dated this __3__ day of June, 2013 is entered into by U.S. Bank National Association (the "Mortgagee").

WHEREAS JESSE W DAVIS (the "Property Owner") own the property located at 8626 104TH AVE, VERO BEACH, FLORIDA 32967 (the "Property") pursuant to a mortgage agreement with the Mortgagee;

WHEREAS, on December 9, 2009, the Property Owner commenced a lawsuit on the Property Owner's own behalf against one or more of Knauf Plasterboard (Tianjin) Co., Ltd. ("KPT"), Knauf Plasterboard (Wuhu) Co., Ltd., Guangdong Knauf New Building Material Products Co., Ltd., Knauf International GmbH, Knauf Insulation GmbH (referred to in MDL 2047 as Knauf Insulation USA), Knauf AMF GmbH & Co. KG, Knauf do Brasil Ltda., Gebr. Knauf Verwaltungsgesellschaft, PT Knauf Gypsum Indonesia, or Knauf Gips KG (collectively, the "Knauf Defendants"), and the builder, supplier, installer, and insurer defendants (together with the Knauf Defendants, the "Released Parties"). The Property Owners' action was filed as: Payton, et. al. v. Knauf Gips, KG, et. al., Case No. 09-7628 (hereinafter "Action"); and

WHEREAS, on October 14, 2010, the Knauf Defendants and the MDL Plaintiffs' Steering Committee (the "PSC") in *In re: Chinese Manufactured Drywall Products Liability Litigation*, MDL No. 2047 (the "MDL"), entered into a Settlement Agreement For the Demonstration Remediation of Homes with KPT Drywall (the "Demonstration Remediation Agreement") to create a program (the "Program") to remediate homes that contain all or substantially all KPT drywall board ("KPT Chinese Drywall");

EXHIBIT
A

WHEREAS, on December 20, 2011, the Knauf Defendants and the PSC entered into the Settlement Agreement Regarding Claims against the Knauf Defendants in MDL No. 2047 (the "Class Settlement Agreement"), which, based on the Program created by the Demonstration Remediation Agreement, provides property owners whose properties contain KPT Chinese Drywall with the option to remediate their properties, or in lieu of remediation, a cash payment as calculated pursuant to Section 4.3.3 of the Class Settlement Agreement out of which the Property Owner will pay Mortgagee $50,000.00 (Fifty Thousand Dollars);

WHEREAS, on January 10, 2012, the MDL Court preliminarily approved the Class Settlement Agreement;

WHEREAS, pending the MDL Court's final approval of the Class Settlement Agreement, the Knauf Defendants, without waiving any rights under the Demonstration Remediation Agreement, have offered Property Owner the benefits set forth in Sections 4.3.1 through 4.3.3 of the Class Settlement Agreement: (i) the Program Contractor Remediation Option; (ii) the Self-Remediation Option; and (iii) the Cash-Out Option;

WHEREAS, the Property Owner would like to choose the Cash-Out Option, but such option is subject to the Mortgagee providing this Release to the Knauf Defendants;

WHEREAS, the Mortgagee has been given an opportunity to review the Class Settlement Agreement, which is available on the MDL website at http://www.laed.uscourts.gov/drywall/12-21-11.kpt.global.settlement.pdf; and

NOW, THEREFORE, the parties hereto, each and all intending to be legally bound, hereby stipulate and agree as follows:

1.     The Mortgagee acknowledges that the Property Owner has chosen the Cash-Out Option as described in Section 4.3.3 of the Class Settlement Agreement, in lieu of one of the remediation options under Sections 4.3.1 and 4.3.2 of the Class Settlement Agreement.

2.      In exchange for good and valuable consideration, the Mortgagee unconditionally releases and relinquishes all rights it has or may have against the Released Parties arising out of or relating to claims asserted in the Action and/or to any Chinese drywall, including but not limited to KPT Chinese Drywall, in this Property, and any and all persons or entities who furnished services for, or in any way facilitated or assisted in, the installation of any Chinese drywall, including but not limited to KPT Chinese Drywall, in this Property, including without limitation, any actual or potential defendants, including but not limited to, contractors, builders, suppliers, designers, real estate agents, hangers, and/or consultants, and their respective insurance carriers; and all of their past, present, and future parents, subsidiaries, affiliates, controlling persons, officers, directors, employees, shareholders, suppliers, distributors, contractors, agents, servants, counsel, and insurers; and all predecessors, successors, assigns, heirs, executors, estate administrators, any person who may have a claim of indemnity or contribution against Released Parties, and personal representatives of each of the foregoing, separately or collectively.

3.      This Release will be effective immediately.

4.      As provided for in Rule 408 of the Federal Rules of Evidence or its equivalent in state court jurisdictions, the Mortgagee, Property Owner and the Knauf Defendants, and every person employed or retained by them who has any knowledge of any term of this Release or of any settlement, release, or waiver referred to herein will not introduce in evidence this Release, or any portion of the contents thereof, or any amount provided herein, or any amount received by Property Owner, in any proceeding other than a proceeding to consummate or enforce this Release.

5.      The Mortgagee acknowledges that it has not received or relied on any agreements or promises other than as contained in writing in this Release. In executing this Release, the Mortgagee has relied on the Mortgagee's own or the Mortgagee's counsel's analysis of the facts and information of which they are independently aware, and assumes the risk that there may prove to be facts or information different from or in addition to what they now know or believe.

6.      Nothing in this agreement shall constitute any admission of liability or fault of any kind on the part of Knauf Defendants.

Dated: June 3, 2013

Kelly L. Gammon, Vice President

State of Kentucky
County of Daviess

The foregoing instrument was acknowledged, subscribed, and sworn to before me this
0-3-13 , by Kelly L. Gammon as Vice President of U.S. Bank National Association,
a federally chartered banking association, on behalf of U.S. Bank National Association.

(seal)

(signature of notary)

State at large

OFFICIAL SEAL
AMY PAYNE
NOTARY PUBLIC - KENTUCKY
STATE-AT-LARGE
My Comm. Expires July 12, 2015
COMM. #445033

IN THE CIRCUIT COURT OF THE NINETEENTH JUDICIAL CIRCUIT
IN AND FOR INDIAN RIVER COUNTY, FLORIDA

CASE NO.: 31-2010-CA-074535

U.S. BANK NATIONAL ASSOCIATION

    Plaintiff,

v.

JESSE W DAVIS, ET AL.

    Defendants.

_____/

## CONSENT TO FINAL JUDGMENT OF MORTGAGE FORCLOSURE

    Plaintiff and Defendants, JESSE W. DAVIS and KATIE DAVIS, by and through their undersigned counsels, hereby consent to Final Judgment of Mortgage Foreclosure and agree as follows:

    1.  Plaintiff owns and holds the Note and Mortgage and related security interests (the "Loan Documents") which are the subject of this action. Defendants JESSE W. DAVIS and KATIE DAVIS are in default under the terms of the Loan Documents, and Plaintiff has fulfilled all conditions precedent to obtaining relief sought herein. Any interest of Defendants JESSE W. DAVIS and KATIE DAVIS in the real and personal property (the "Property") which is the subject of this action is subordinate and inferior to Plaintiff's interest.

    2.  Defendants JESSE W. DAVIS and KATIE DAVIS hereby withdraw any affirmative defenses raised in their answer and acknowledge that they have waived all defenses to the allegations set forth in Plaintiff's Complaint as to Plaintiff.

    3.  Defendants JESSE W. DAVIS and KATIE DAVIS consent to the entry of a final judgment of foreclosure and hereby waive any rights they may have, or later acquire, to object to the foreclosure sale or to otherwise impede or delay the issuance of the Certificate of Title in favor of the purchaser at the sale.

    4.  Plaintiff may continue its foreclosure action and may immediately apply to the court for entry of a final judgment without the necessity of a hearing.

    5.  Plaintiff agrees not to seek a deficiency judgment against Defendants JESSE W.



EXHIBIT
B

DAVIS and KATIE DAVIS in exchange for their consent to judgment.

6.   Defendant JESSE W. DAVIS agrees to pay Plaintiff US BANK $50,000.00 (fifty thousand dollars) out of the Mold Class Action Settlement. The Mold Class Action Case is <u>Sean and Beth Payton v. Knauf GIPS KP</u>, Case No. 09-7628, Sect. L, Mag.2; filed with the United States District Court for the Eastern District of Louisiana. It is Plaintiff's understanding that the Defendant JESSE W. DAVIS will accept the class action settlement of a cash payout in the amount of $88,811.00 and the mold drywall will not be repaired. Upon receipt of the settlement funds from the Mold Class Action Case, the Defendant's undersigned Counsel will distribute from his Trust account a check for $50,000.00 (fifty thousand dollars) payable to the US BANK HOME MORTGAGE and sent to 4801 Frederica Street, Owensboro, KY 42301, Attn: Amy Payne.

6. Parties agree that facsimile signatures shall be binding.

IN WITNESS WHEREOF, the parties have executed this agreement on the date set forth below:

Lyndsey I. Wilde, Esquire
Douglas C. Zahm, P.A.
12425 28th Street North, Suite 200
St. Petersburg, FL 33716

Marc David Sarnoff, Esquire
201 S Biscayne Blvd STE 915
Miami, FL 33131

BY: _____          DATED: 1/10/13
Lyndsey I. Wilde, Esquire
Attorney for Plaintiff
Florida Bar No. 92147

BY: _____          DATED: 1/9/13
Marc D. Sarnoff, Esquire
Attorney for Defendants JESSE W. DAVIS and KATIE DAVIS
Florida Bar No.607924

3120130006005 RECORDED IN THE RECORDS OF JEFFREY R SMITH, CLERK OF CIRCUIT COURT INDIAN RIVER CO FL.
BK: 2639 PG: 1086, 1/24/2013 10:40 AM

## AFFIDAVIT OF CHINESE DRYWALL CONTAMINATION

STATE OF FLORIDA                         )
                                         ) ss:
COUNTY OF INDIAN RIVER                   )

BEFORE ME, the undersigned authority, duly authorized to administer oaths in the State of

Florida, personally appeared, _____, who, after first being duly sworn, states as follows:

1.    My name is __Jesse Davis__

2.    My Property located at __8626 104th Ave__ has the existence of Chinese
      __Vero Beach, FL 32967__
      Drywall.

3.    My Property's Folio Number is __313828 00005009 0000 26.0__

4.    I declare under penalty of perjury under the laws of the State of Florida that the
      foregoing is true and correct.

FURTHER AFFIANT SAYETH NAUGHT.

BEFORE ME personally appeared __Jesse Davis__, being duly sworn, and who is
personally known to me or has produced __FL drivers license__ as identification, and
states that the foregoing is true and correct.

SWORN AND SUBSCRIBED before me this __24th__ day of __January__, 2013__.

My commission expires: __11-6-15__                NOTARY PUBLIC (Signature)

                                                  __Carolyn L. Ledford__
                                                  Print or Type Name of Notary

CAROLYN L. LEDFORD
Notary Public - State of Florida
My Comm. Expires Nov 6, 2015
Commission # EE 143999

EXHIBIT
C

STATE OF FLORIDA
INDIAN RIVER COUNTY
THIS IS TO CERTIFY THAT THIS IS A TRUE AND CORRECT
COPY OF THE ORIGINAL ON FILE IN THIS OFFICE, THIS
ORIGINAL MAY HAVE REDACTED INFORMATION AS STATED
IN FLORIDA STATUE 119.07.

J.R. SMITH, CLERK

BY _____
DEPUTY CLERK

DATE 29 Jan 2013



**Indian River County
Clerk of the Circuit Court
Jeffrey R. Smith
Vero Beach FL 32960
(772) 770-5185**

| | | | | | |
|---|---|---|---|---|---|
| Transaction # | 606967 | Agent # | 0 | Source: | Over the Counter |
| Receipt # | 588469 | Name: | JESSE DAVIS | Returned: | Over the Counter |
| Cashier Date | January 24, 2013 | | | | |
| Cashier | SHORTLE | Address: | 8626 104TH AVE VERO BEACH, FL 32967 | | |

AFFIDAVIT          CFN:   3120130006005

From:   DAVIS, JESSE          To:   PUBLIC

| | | |
|---|---|---|
| Indexing @ 1st 4 Names Free, Addt'l=$1 ea. | $0.00 | |
| Recording @ 1st=$10 Addt'l=$8.50 ea. | $10.00 | |

CASH          Return $10.00 in change          $10.00

| | | | | | | | |
|---|---|---|---|---|---|---|---|
| Total Payments: | $10.00 | Total Fees: | $10.00 | Shortage: | $ 0.00 | Overage: | $ 0.00 |



**Indian River County**
**Clerk of the Circuit Court**
**Jeffrey R. Smith**
**Vero Beach FL 32960**
**(772) 770-5185**

| | | | | | |
|---|---|---|---|---|---|
| Transaction # | 606968 | Agent # | 0 | Source: | Over the Counter |
| Receipt # | 588471 | Name: | JESSE DAVIS | Returned: | Over the Counter |
| Cashier Date | January 24, 2013 | Address: | | | |
| Cashier | SHORTLE | | | | |

MISC                    CFN:

| From: | To: | C/C OR BK 2639 PG 1086 |
|---|---|---|
| CERTIFY | $2.00 | |
| CopyFee | $1.00 | |

CASH              Return $7.00 in change          $3.00

| Total Payments: | $3.00 | Total Fees: | $3.00 | Shortage: | $ 0.00 | Overage: | $ 0.00 |
|---|---|---|---|---|---|---|---|

3120130006005
RECORDED IN THE PUBLIC RECORDS OF
JEFFREY R SMITH, CLERK OF COURT
INDIAN RIVER COUNTY FL BK: 2639 PG: 1086 Page 1 of 1
1/24/2013 10:40 AM

## AFFIDAVIT OF CHINESE DRYWALL CONTAMINATION

STATE OF FLORIDA          )
                                   ) ss:

COUNTY OF INDIAN RIVER      )

BEFORE ME, the undersigned authority, duly authorized to administer oaths in the State of - Florida, personally appeared, _____, who, after first being duly sworn, states as follows:

1. My name is _JESSE DAVIS_

2. My Property located at __8626  104th AVE__ has the existence of Chinese
   __VERO BEACH , FL  32967__
   Drywall.

3. My Property's Folio Number is __3138=8-0000 5004 0000 26.0__

4. I declare under penalty of perjury under the laws of the State of Florida that the foregoing is true and correct.


FURTHER AFFIANT SAYETH NAUGHT.

BEFORE ME personally appeared _Jesse  Davis_, being duly sworn, and who is personally known to me or has produced _FL drivers license_ as identification, and states that the foregoing is true and correct.

SWORN AND SUBSCRIBED before me this _24th_ day of _January_, 2013__.

_Carolyn L Ledford_
NOTARY PUBLIC (Signature)

My commission expires: _11-6-15_

_Carolyn L. Ledford_
Print or Type Name of Notary

CAROLYN L. LEDFORD
Notary Public - State of Florida
My Comm. Expires Nov 6, 2015
Commission # EE 143999

3120130015781 RECORDED IN THE RECORDS OF JEFFREY R SMITH, CLERK OF CIRCUIT COURT INDIAN RIVER CO FL,
BK: 2650 PG: 913, 3/11/2013 8:33 AM D DOCTAX PD $0.70



IN THE CIRCUIT COURT OF THE NINETEENTH
JUDICIAL CIRCUIT IN AND FOR INDIAN RIVER
COUNTY, FLORIDA

CASE NO. 31-2010-CA-074535

U.S. BANK NATIONAL ASSOCIATION

     Plaintiff,

v.

JESSE W DAVIS; UNKNOWN SPOUSE OF
JESSE W DAVIS; JOHN DOE AS UNKNOWN
TENANT IN POSSESSION; JANE DOE AS
UNKNOWN TENANT IN POSSESSION; AND
ALL UNKNOWN PARTIES CLAIMING BY,
THROUGH, UNDER OR AGAINST THE
ABOVE NAMED DEFENDANT(S), WHO
(IS/ARE) NOT KNOWN TO BE DEAD OR
ALIVE, WHETHER SAID UNKNOWN
PARTIES CLAIM AS HEIRS, DEVISEES,
GRANTEES, ASSIGNEES, LIENORS,
CREDITORS, TRUSTEES, SPOUSES, OR
OTHER CLAIMANTS;

     Defendants.

_____/

## CERTIFICATE OF TITLE

    The undersigned Clerk of the Court certifies that said Clerk executed and filed a Certificate of

Sale in this action on February 25, 2013 at 10:00 AM, for the property described herein and that no

objections to the sale have been filed within the time allowed for filing objections.

    The following property in Indian River County, Florida:

**LOT 26, BLOCK D, VERO LAKE ESTATES UNIT N, ACCORDING TO THE PLAT
THEREOF, AS RECORDED IN PLAT BOOK 6, PAGE 19, OF THE PUBLIC RECORDS
OF INDIAN RIVER COUNTY, FLORIDA.**

PARCEL ID # 31382800005004000026O

665102434



BK: 2650 PG: 914

was sold to: U.S. BANK NATIONAL ASSOCIATION

whose address is: 4801 Frederica Street, Owensboro KY 42301.

WITNESS, my hand and seal of the Court on this 9th day of March 2013.

(SEAL)



Jeffrey R. Smith
Clerk of the Circuit Court

By: _Cynthia A.S._
Deputy Clerk

### CERTIFICATE OF SERVICE

I certify that a copy hereof has been furnished by U.S. Mail or Email on this ____ day of
_____, 2013 to:

DOUGLAS C. ZAHM, P.A.
12425 28TH STREET NORTH, SUITE 200
ST. PETERSBURG, FL 33716


MARC DAVID SARNOFF, ESQ. (OPPOSING COUNSEL FOR DAVIS, JESSE W., DAVIS,
UNKNOWN SPOUSE OF JESSE W.)
201 S BISCAYNE BLVD STE 915
MIAMI, FL 33131
MSARNOFF@SALAWMIAMI.COM


OCCUPANT
8626 104TH AVE
VERO BEACH, FL 32967


By: _____
     Deputy Clerk

665102434

3120130050537 RECORDED IN THE RECORDS OF JEFFREY R. SMITH, CLERK OF CIRCUIT COURT INDIAN RIVER CO FL
BK: 2693 PG: 12, 8/6/2013 9:06 AM  D DOCTAX PD $539.00

Return to:
North American Title Company
600 N. Westshore Bvld., Suite 300
Tampa, Florida 33609

This Instrument Prepared
under the supervision of:
Mark J. Lotorstein, Esq.
North American Title Company
600 N. Westshore Bvld., Suite 300
Tampa, Florida 33609
Property Appraisers Folio Number:
31-38-28-00005-0040-00026
File No.: 11607-13-00206H0

SP $ 76,950.⁰⁰

## SPECIAL WARRANTY DEED

This Special Warranty Deed made this 7/26/13 by U.S. Bank National Association, and having its principal place of
business at 4801 Frederica Street, Owensboro, Kentucky 42301, hereinafter called the grantor(s), to Kelly Merrill , a
single woman, whose post office address is PO Box 77, Carmel Valley, California 93924, hereinafter called the
grantee(s):

(Wherever used herein the terms "grantor" and "grantee" include all the parties to this instrument and the heirs, legal representatives
and assigns of individuals, and the successors and assigns of corporations)

WITNESSETH:   That the grantor(s), for and in consideration of the sum of $10.00 (ten) and other valuable
considerations, receipt whereof is hereby acknowledged, hereby grants, bargains, sells, aliens, remises, releases,
conveys and confirms unto the grantee all that certain land situate in Indian River County, State of Florida, viz:

Lot 26, Block D, Vero Lakes Estates Unit N, according to the map or plat thereof, as recorded in Plat
Book 6, Page(s) 19, of the Public Records of Indian River County, Florida.

SUBJECT TO TO:  covenants, conditions, restrictions, reservations, limitations, easements and agreements of record, if
any; taxes and assessments for the year 2013 and subsequent years; and to all applicable zoning ordinances and/or
restrictions and prohibitions imposed by governmental authorities, if any.

TOGETHER,  with all the tenements, hereditaments and appurtenances thereto belonging or in anywise
appertaining.

TO HAVE AND TO HOLD,  the same in fee simple forever.

and Grantor does hereby warrant, and will defend the title to the Property hereby conveyed, subject as aforesaid,
against the lawful claims of all persons claiming by, through or under Grantor, but none other.



EXHIBIT

E

BK: 2693 PG: 13

IN WITNESS WHEREOF,   the said grantor has signed and sealed these presents the day and year first above written.

Signed, sealed and delivered in the presence of:

_Angela Perry_
First Witness Signature

_Angela Perry_
Printed Signature

_Dan Baker_
Second Witness Signature

_Deanna Baker_
Printed Signature

U.S. Bank National Association

BY: _Susan A. Wink_
NAME: _Susan A. Wink_
TITLE: _Asst. Vice Pres._

State of _Kentucky_
County of _Daviess_

On _July 26, 2013_ before me, _Lillian Smith (stofer)_ ___ personally appeared _Susan A. Wink, Assistant Vice President_ who proved to me on the basis of satisfactory evidence to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

I certify under PENALTY OF PERJURY under the laws of the State of _Kentucky_ that the foregoing paragraph is true and correct.

Witness my hand and official seal.

Signature _Lillian Smith (stofer)_ (Seal)

OFFICIAL SEAL
LILLIAN SMITH
NOTARY PUBLIC - KENTUCKY
STATE-AT-LARGE
My Comm. Expires 10-15-2016
ID # 476569