# EXHIBIT 18

**Montoya, Patrick**

**From:** Spaulding, Kyle <kspaulding@frilot.com>
**Sent:** Tuesday, February 18, 2014 1:14 PM
**To:** Montoya, Patrick
**Cc:** Miller, Kerry J.
**Subject:** RE: Jesse Davis release

Patrick–I'm pretty tied up the rest of the afternoon, but my responses are in red below.

Kyle A. Spaulding
FRILOT L.L.C.
1100 Poydras Street, Suite 3700
New Orleans, LA 70163
Telephone: 504.599.8249
Facsimile: 504.599.8137

**From:** Montoya, Patrick [mailto:patrick@colson.com]
**Sent:** Tuesday, February 18, 2014 11:50 AM
**To:** Spaulding, Kyle
**Cc:** Miller, Kerry J.
**Subject:** RE: Jesse Davis release

Kyle,

1. The major issue we are having is Knauf already confirmed it would pay this claim and we have advised the client the same and it has been over nine months since that confirmation and my client wants us to raise this issue with Judge Fallon. [There was an 6 month gap between our last correspondence in August 2013 stating that the concept was reasonable to us, but that we wanted the bank to sign the owner release, and when we heard back in early February 2014. If your client wants to raise the issue with Judge Fallon, we have no problem with that. All of the paperwork has to be in order before Knauf will pay the claim.]

2. I think we have a fundamental misunderstanding and some confusion. The bank no longer owns the property. The bank (mortgagee) has already provided a signed release that releases Knauf with Knauf's standard release language, which I've quoted below and attached. The bank will not sign an additional release. They've already released all claims with Knauf's release language against Knauf. [When we were corresponding in August 2013, the bank owned the property. Who owns the property now? Because the bank no longer owns the property, this could cause issues with this settlement, and I need to speak with my group about it.]

3. The foreclosure history is public record and we have sent you the consent judgment. [I'm ok with it, and I think I can get the client to agree to forego the language.]

4. I've also previously provided you with the recorded affidavit, attached. It was included in an earlier letter to you. If you look in the left hand corner of pg. 9 of the attached pdf you will see it was recorded by Jesse Davis again at page 10 of the pdf and his receipt at pages 11-12 of the pdf. [We assumed that the bank still owned the property, that's why we wanted them to record. I think that if Davis recorded, that will end up being ok.]

5. The only issue should be the form of Jesse Davis's release. But what you've suggested below, I cannot have him sign: he cannot say he is the homeowner, because he no longer owns the home. That is why I modified the release in the manner I did. [We're ok with the concept of him signing as former owner.]

6. I will check and see about Katie Davis. [Ok.]

1

7. I don't have a problem updating the language as you suggest. Please send me the language you want to add in word format. [I can update pretty easily while these issues are being worked out.]

8. I don't know what a Former Owner release is you reference below, can you send it to me? [I think they were referring to the release Davis signed.]

9. Please see Paragraph 2 of the attached release, signed by the bank with the following language:

   "In exchange for good and valuable consideration, the Mortgagee unconditionally releases and relinquishes all rights it has or may have against the Released Parties arising out of relating to claims asserted in the action and/or to any Chinese drywall, including, but not limited to KPT Chinese Drywall, in this Property, including without limitation, nay actual or potential defendants, including but not limited to, contractors, builders, suppliers, designers, real estate agents, hangers, and/or consultants, and their respective insurance carriers, and all of their past, present, and future parents, subsidiaries, affiliates, controlling persons, officers, directors, employees, shareholders, suppliers, distributors, contractors, agents, servants, counsel, and insurers; and all predecessors, successors, assigns, heirs, executors, estate administrators, any person who may have a claim of indemnity or contribution against Released Parties, and personal representatives of each of the foregoing, separately or collectively." [Again, we assumed that the bank still owned the property and needed to sign as Owner. We'll discuss internally how to handle from here.]

We really want to work this out. I will call you later this afternoon to discuss these issues further to see if we can clear up some of the confusion.

Very truly yours,

Patrick S. Montoya
Partner
Colson Hicks Eidson
255 Alhambra Circle, Penthouse
Coral Gables, FL 33134
Office: 305.476.7400
Fax:    305.476.7444
email: Patrick@colson.com


**From:** Spaulding, Kyle [mailto:kspaulding@frilot.com]
**Sent:** Tuesday, February 18, 2014 10:50 AM
**To:** Montoya, Patrick
**Cc:** Miller, Kerry J.
**Subject:** RE: Jesse Davis release

Patrick- I heard back from the client about this release. They have some concerns which I believe are reasonable and are set forth below. I do think they can be resolved in short order.

For the bank:

   a. An Owner Option 3 release as well similar to the Former Owner release setting out the foreclosure history; and
   b. The Affidavit regarding the recording of CDW.

With regard to the Davis release Option 3 we have the following points:

   a. Would it not be best to include Katie Davis as she was listed as a homeowner too?

2

   b. That if the above release is executed by the bank, that point 3 regarding the lienholder release below should be deleted from the release or becomes obsolete;
   c. It may be a good opportunity to update the release as we have done recently to include the recitals with the 3rd and 4th Amended Class Settlement Agreement and delete the Demonstration Remediation Program references which no longer apply.
   d. The referencing will need to be adjusted with the new paragraph numbering, and
   e. If Katie is included it might be best to change it back to "Claimants"

Kyle A. Spaulding
FRILOT L.L.C.
1100 Poydras Street, Suite 3700
New Orleans, LA 70163
Telephone: 504.599.8249
Facsimile: 504.599.8137

**From:** Montoya, Patrick [mailto:patrick@colson.com]
**Sent:** Friday, February 14, 2014 12:25 PM
**To:** Spaulding, Kyle
**Subject:** RE: Jesse Davis release

Dear Kyle,
Please let me know the update on the below. Thanks.

Patrick S. Montoya
Partner
Colson Hicks Eidson
255 Alhambra Circle, Penthouse
Coral Gables, FL 33134
Office: 305.476.7400
Fax:    305.476.7444
email: Patrick@colson.com


**From:** Montoya, Patrick
**Sent:** Thursday, February 13, 2014 2:33 PM
**To:** kspaulding@frilot.com
**Subject:** Jesse Davis release

Dear Kyle,
I'm following up on the Davis release. Has your client approved it so we can get it signed by our client and resolve this matter?

Very truly yours,

Patrick S. Montoya
Partner
Colson Hicks Eidson
255 Alhambra Circle, Penthouse
Coral Gables, FL 33134
Office: 305.476.7400
Fax:    305.476.7444
email: Patrick@colson.com

3