UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: CHINESE MANUFACTURED | * | CIVIL ACTION |
| DRYWALL PRODUCTS LIABILITY | * | 2:09-md-2047 EEF-JCW |
| LITIGATION | * | JUDGE: ELDON FALLON |
| | * | MAGISTRATE: JUDGE |
| ****************************************** | | WILKINSON |

### MEMOMORANDUM IN SUPPORT OF MOTION FOR EXTENSION OF DEADLINES; MOTION FOR LEAVE TO FILE LATE CLAIM; MOTION FOR EXTENSION OF TIME TO FILE DOCUMENTS

NOW INTO COURT, through undersigned counsel, come Plaintiffs, Crescent City Property Redevelopment Association, et al., Claimant ID Number 114365, who hereby file this memorandum in support of their Motions for Extension of Deadlines, For Leave to File Late Claim and For Extension of Time to File Documents for the following reasons to wit:

### FACTS

Plaintiffs purchased and installed Chinese Drywall in numerous properties during the rebuilding effort in the aftermath of Hurricane Katrina.

Plaintiffs sustained significant losses and damages from the defective & hazardous drywall.

Plaintiffs filed claims for the aforementioned properties via the webportal established by Brown Greer, the settlement administrator, on October 24, 2013.

Plaintiffs received their first reply communication from Brown Greer on April 25, 2014 requesting additional claim and W-9 information. Plaintiff was then told that the claims were not

1

Scanned by CamScanner

timely filed and that he would have to seek permission from the court to participate in the class action lawsuit.

Undersigned counsel was contacted on April 27, 2014 about possibly representing Plaintiffs in this matter. Counsel proceeded to review notices and realized there was an April 30, 2014 deadline to submit documentation supporting losses. Counsel was then informed by Plaintiff that he may need more time was required to finish said documentation. Counsel contacted the settlement administrator on April 29, 2014, requesting an extension of the deadline imposed in Claims Administration Procedure 2014-7. Counsel was informed on April 30, 2014 that Plaintiffs had missed an October 25, 2013 deadline to "register and file" the claims and that the settlement administrator could not further process the claims without a court order allowing the claims to be "registered and filed" late (**Exhibit 1 = 4/29/14 Letter to Brown Greer & Exhibit 2 = 4/30/14 E-Mail from Brown Greer**).

Crescent City Property Redevelopment Association, LLC is a for-profit limited liability company that does the renovation work for Side-By-Side Redevelopment, Inc., Crescent City Property Redevelopment Services, Inc., and Private Connection Property which are all non-profit organizations devoted to redeveloping defunct properties across the City of New Orleans, taking those restored properties and providing employment and housing opportunities to the community. The ownership of the various properties for which claims have been filed is attached as an exhibit (**Exhibit 3 = Property Ownership List**). William Alden MD is the director/member of the non-profits and for-profit limited liability company; however, he also has a full time medical practice. Dr. Alden did not receive notice that there was any deficiency with his October 24, 2013 submission and did not receive notice that he missed an October 25, 2013 deadline at any time prior to the notice given to undersigned counsel on April 27, 2014. Dr.

2

Scanned by CamScanner

Alden would have taken immediate corrective action (as he is attempting to do herein) had he known about the possible deficiency or untimeliness of his submitted claims. In fact, Dr. Alden immediately forwarded information to undersigned counsel upon learning of the April 30, 2014 deadline (**Exhibit 4 = Affidavit**).

Plaintiffs retained the services of a construction expert and have prepared the documentation necessary to support their claims as were required by the April 30 deadline. Said documentation is attached hereto as an exhibit (**Exhibit 5 = Jim Williams Report & Lost Rental Amounts**).

Plaintiffs did not intentionally miss any deadlines. Plaintiff takes this matter seriously and has retained undersigned counsel to ensure that no future deadlines are missed.

**ARGUMENT**

This Honorable Court has the discretion to grant the instant Motions for Extension of Deadlines, For Leave to File Late Claim and For Extension of Time to File Documents and should grant same.

Federal Rule of Civil Procedure 6(b)(1)(B) gives this court broad discretion to grant requests for extensions of time such as the instant one. *Fed. R. Civ. Pro. 6(b)(1)(B)*. The court may grant the motion "for good cause . . . if the party failed to act because of excusable neglect." *Id.*

A treatise on this issue elaborates that, "the district judge enjoys broad discretion to grant or deny an extension" and that the "excusable neglect" standard is "intended and has proven to be quite elastic in its application." *Wright & Miller, Federal Practice and Procedure § 1165*; *see Salts v. Epps*, 676 F.3d 468 (5th Cir., 2012). The treatise then goes on to list a number of factors helpful in the determination of whether or not "excusable neglect" has occurred:

Scanned by CamScanner

1) The possibility of prejudice to the other parties;
2) The length of the applicant's delay and its impact on the proceeding;
3) The reason for the delay and whether it was within the control of the movant and
4) Whether the movant has acted in good faith
*Id.*

"Excusable neglect" has occurred herein and Crescent City Properties Redevelopment Association, LLC should be granted its extension of time because this is a class action lawsuit with thousands of plaintiffs. As such, the other parties will not be significantly prejudiced if the instant request is granted.

Crescent City input its claims into the online webportal program on October 24, 2013 and was not notified that it had missed any deadlines or that any of its documentation was lacking (**Exhibit 4 = Affidavit**). Furthermore, Crescent City timely requested an extension of time regarding the April 30, 2014 deadline (**Exhibit 1 = 4/29/14 Letter to Brown Greer**). Finally, Crescent City now submits its supporting documentation along with the instant filing and will upload same to the webportal as soon as practically possible if given permission to by this Honorable Court (**Exhibit 5 = Jim Williams Report & Lost Rental Amounts**). Therefore, the facts that Crescent City did not intentionally delay its submission, can submit supporting documentation into the webportal as soon as permission to do so is given and the class action nature of this proceeding mitigate any negative impact that the delay will have on the proceeding.

Plaintiffs have acted in good faith as described in the preceding paragraphs. Crescent City Property Redevelopment Association, LLC has made an honest attempt to comply with the court ordered deadlines herein. Undersigned counsel submits that Crescent City will do a better job adhering to any future deadlines with assistance of counsel.

4

Scanned by CamScanner

What has happened with Crescent City's claims herein amounts to "excusable neglect" under *Fed. R. Civ. Pro. 6(b)(1)(B)*. As such, granting the instant requests for extension of delay, extension of time and request for leave is appropriate.

## CONCLUSION

For the aforementioned reasons, Crescent City Property Redevelopment Association, LLC's committed "excusable neglect" under *Fed. R. Civ. Pro. 6(b)(1)(B)* and the instant Motions for Extension of Deadlines, For Leave to File Late Claim and For Extension of Time to File Documents should be granted.

WHEREFORE, Plaintiffs pray that their Motions for Extension of Deadlines, For Leave to File Late Claim and For Extension of Time to File Documents be granted herein.

Respectfully submitted,

/s/ JULIUS C. FORD /s/
J. CHRISTOPHER FORD, LA Bar No. 32456
1748 Benefit Street
New Orleans, LA 70122
(504) 223-8953
Email: j.chris.ford1983@gmail.com

## CERTIFICATE

I do hereby certify that I have on this 13th day of May, 2014, served a copy of the foregoing Memorandum in Support and Exhibit thereto to all counsel of record through the court's electronic filing system.

/s/ JULIUS C. FORD /s/

Scanned by CamScanner