**Spaulding, Kyle**

| | |
|---|---|
| **From:** | Rico, Natalie <natalie@colson.com> |
| **Sent:** | Monday, August 19, 2013 3:06 PM |
| **To:** | Spaulding, Kyle; Miller, Kerry J. |
| **Cc:** | Gonzalez, Ervin; Montoya, Patrick |
| **Subject:** | RE: Drywall--Jessie Davis and Already Remediated Homes |
| **Attachments:** | Davis - Cash Out Release.pdf |

Dear Kerry & Kyle,

Please see attached Release for the Davis Cash Out. Please advise if the attached release is acceptable or if we should simply add a signature line for the bank on the initial release. Thanks in advance.

Very truly yours,

Natalie M. Rico
Attorney
Colson Hicks Eidson
255 Alhambra Circle, Penthouse
Coral Gables, FL 33134-5008
Office: 305 476-7400
Fax: 305 476-7444
e-mail: Natalie@colson.com

**From:** Spaulding, Kyle [mailto:kspaulding@frilot.com]
**Sent:** Wednesday, August 14, 2013 9:16 PM
**To:** Montoya, Patrick; Miller, Kerry J.
**Cc:** Gonzalez, Ervin; Rico, Natalie
**Subject:** Re: Drywall--Jessie Davis and Already Remediated Homes

Seems that the bank would sign as owner, but to cover all bases, it may be best for both to sign.


Kyle A. Spaulding
Frilot L.L.C.
1100 Poydras Street, Suite 3700
New Orleans, LA 70163
(T) 504.599.8249
(F) 504.599.8137

**From:** Montoya, Patrick [mailto:patrick@colson.com]
**Sent:** Wednesday, August 14, 2013 10:14 AM
**To:** Spaulding, Kyle; Miller, Kerry J.
**Cc:** Gonzalez, Ervin <Ervin@colson.com>; Rico, Natalie <natalie@colson.com>
**Subject:** RE: Drywall--Jessie Davis and Already Remediated Homes

Kerry & Kyle,
On your instruction we reached out to Brown Greer about the scheduling. They replied they need the homeowner affidavit signed. As you recall, this was provided, but I don't have an answer from you if



EXHIBIT C

Cash-Out Option Release

# PROPERTY OWNER RELEASE
# AND ASSIGNMENT OF CLAIMS

This RELEASE ("Release"), dated this _____ day of _____, 201__ is entered into by Jesse Davis, SS# 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, and U.S. Bank National Association, Tax I.D. # , (hereinafter "Claimants"), ~~SS#/Tax I.D.#~~ _____, ~~owner(s)~~ of the property located at 8626 104th Avenue, Vero Beach, FL 32967 ("Property"), which Claimants acquired title to on ~~[date]~~ _____February 23, 2007.

WHEREAS, on or about December 9, 2009, Claimants commenced a lawsuit on Claimants's own behalf against one or more of Knauf Plasterboard (Tianjin) Co., Ltd. ("KPT"), Knauf Plasterboard (Wuhu) Co., Ltd., Guangdong Knauf New Building Material Products Co., Ltd., Knauf International GmbH, Knauf Insulation GmbH (referred to in MDL 2047 as Knauf Insulation USA), Knauf AMF GmbH & Co. KG, Knauf UK GmbH, Knauf do Brasil Ltda., Gebr. Knauf Verwaltungsgesellschaft KG, PT, Knauf Gypsum Indonesia, or Knauf Gips KG (collectively "Knauf Defendants"), and the builder, supplier, installer, and insurer defendants (collectively "the Supply Chain Defendants"). Claimants's action was filed as: *Payton, et. al. v. Knauf Gips, KG, et. al.*, Case No. 09-7628 in the United States District Court for the Eastern District of Louisiana (hereinafter "Action"); and

WHEREAS, on October 14, 2010, the Knauf Defendants and the MDL Plaintiffs' Steering Committee (the "PSC") in *In re: Chinese Manufactured Drywall Products Liability Litigation*, MDL No. 2047 (the "MDL") entered into a Settlement Agreement for the Demonstration Remediation of Homes with KPT Drywall (the "Demonstration Remediation

1

Agreement") to create a program (the "Program") to remediate homes that contain all or substantially all KPT drywall board ("KPT Chinese Drywall");

WHEREAS, on December 20, 2011, the Knauf Defendants and the PSC entered into the Settlement Agreement Regarding Claims against the Knauf Defendants in MDL No. 2047 ("Class Settlement Agreement"), which, based on the Program created by the Demonstration Remediation Agreement, provides property owners whose properties contain KPT Chinese Drywall with the option to remediate their properties, or in lieu of remediation, a cash payment as calculated pursuant to Section 4.3.3 of the Class Settlement Agreement;

WHEREAS, on January 10, 2012, the MDL Court preliminarily approved the Class Settlement Agreement;

WHEREAS, pending the MDL Court's final approval of the Class Settlement Agreement, and irrespective of whether the Class Settlement Agreement is finally approved, the Knauf Defendants, without waiving any rights under the Demonstration Remediation Agreement, will offer owners of properties eligible for the Program the following remediation options set forth in Sections 4.3.1 through 4.3.3 of the Class Settlement Agreement: (i) the Program Contractor Remediation Option; (ii) the Self-Remediation Option; and (iii) the Cash-Out Option;

WHEREAS, the Claimants hereby represents that Claimants are is authorized under applicable law to represent and bind all other relevant parties, including any and all representatives, agents, successors, assigns, beneficiaries, heirs, or executors of the Claimants, Claimants's estate, or the estate of any of them, who are not signatories to this Release and by signing this Release does so bind;

WHEREAS, the Claimants haves selected the Cash-Out Option pursuant to Section 4.3.3 of the Class Settlement Agreement;

WHEREAS, Claimants's counsel has explained to Claimants, and Claimants understands, (i) the terms of this Release; (ii) the terms and conditions set forth in the Demonstration Remediation Agreement; and (iii) the terms and conditions set forth in Section 4.3.3 of the Class Settlement Agreement;

NOW, THEREFORE, for other good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged, the parties hereto, each and all intending to be legally bound, hereby stipulate and agree as follows:

1. Claimants represents that Claimants owns and occupyies the above listed property and that no other individual or entity has any direct or indirect ownership interest in the above listed property other than a mortgagee or other lien holder, and further represents that any such mortgagee or lien holder has not commenced foreclosure proceedings or acquired an ownership interest in such property and that Claimants areis not in default on any financial obligations for which the property is security or collateral for repayment of such obligations.

2. Claimants further represents that Claimants haves complied with the requirements of Section 4.3.3 of the Class Settlement Agreement including, if permitted by local law, recording, in the local property clerk's office, the existence of reactive Chinese drywall in the Property.

3. Pursuant to Section 4.3.3 of the Class Settlement Agreement, under penalty of perjury, Claimants covenants that Claimants will inform any subsequent purchaser in writing that there is reactive KPT Chinese Drywall in the Property and that Claimants will defend

and indemnify the Knauf Defendants and any other person or entity released pursuant to Paragraph 6 against claims asserted by subsequent purchasers arising from KPT Chinese Drywall.

4. Claimants agrees that the consideration and actions performed by the Knauf Defendants in satisfying their obligations under the Demonstration Remediation Agreement and the Class Settlement Agreement, will constitute full compensation and settlement arising out of or related to claims asserted in the Action or to the KPT Chinese Drywall in the Property, and that Claimants will not seek anything further, including any other payment, from any other person or entity related to the Action, except as described below.

5. Claimants and the Knauf Defendants further agree that, in exchange for the consideration that is described herein, including but not limited to the cash offer as calculated under Section 4.3.3 of the Class Settlement Agreement (the "Cash Payment"), Claimants will dismiss with prejudice the Action.

6. Claimants unconditionally releases and relinquishes all rights that Claimants haves or may have against the Knauf Defendants and the Supply Chain Defendants arising out of or relating to claims asserted in the Action and/or the KPT Chinese Drywall in the Property, any and all persons or entities who furnished services for, or in any way facilitated or assisted in, the installation of KPT Chinese Drywall in the Property, including without limitation, any actual or potential defendants, including but not limited to, contractors, builders, suppliers, designers, real estate agents, hangers, and/or consultants, and their respective insurance carriers; and all of their past, present, and future parents, subsidiaries, affiliates, controlling persons, officers, directors,

employees, shareholders, suppliers, distributors, contractors, agents, servants, counsel, and insurers; and all predecessors, successors, assigns, heirs, executors, estate administrators, any person who may have a claim of indemnity or contribution against the Knauf Defendants or Supply Chain Defendants, and personal representatives of each of the foregoing, separately or collectively. This general release includes without limitation past, present, and future remediation, construction, reconstruction, repair or claims for any and all damages, compensatory and/or punitive and/or other, penalties, costs, expenses, attorney's fees, and interest, pre-judgment and/or post-judgment, and includes those KPT Chinese Drywall-related damages of Claimants of which Claimants are~~is~~ not aware, and those Claimants does not anticipate, with the sole exception of the Reserved Claims defined in Paragraph 5 below. Other than as to the Reserved Claims, this is a full, final and absolute general release and covenant not to sue.

7. The following claims against the Knauf Defendants are reserved (the "Reserved Claims"):

a.  Claims by Claimants for bodily injury and economic injuries solely to the extent that such claims are covered by the Other Loss Fund created by the Class Settlement Agreement and solely to the extent that Claimants seeks~~s~~ to resolve such claims by participating in the Class Settlement Agreement;

b.  Claims by Claimants'~~s~~ counsel for "Attorneys' Fees" as defined in Paragraph IX of the Demonstration Remediation Agreement and, upon final approval by the MDL Court, if such final approval is granted, pursuant to the terms of the Class Settlement Agreement. In the event that the MDL Court does not grant final approval of the Class Settlement Agreement or in the event that the Knauf

5

Defendants or the PSC exercise their termination rights under the Class Settlement Agreement, claims for Attorneys' Fees shall be resolved pursuant to Paragraph X of the Demonstration Remediation Agreement; and

c. Claims in connection with the performance of, and any obligations arising under, the Class Settlement Agreement upon final approval.

8. Except as to the Reserved Claims, Claimants hereby assigns, transfers and otherwise relinquishes to the Knauf Defendants any and all of Claimants's claims and/or causes of action Claimants haves, or may have, (1) in connection with the KPT Chinese Drywall in the Claimants's Property, against the Supply Chain Defendants and (2) in connection with any non-KPT drywall manufactured in China ("Other Chinese Board") found in the Property, if any, against the manufacturers of the Other Chinese Board (the "Assigned Claims"). The Knauf Defendants shall be permitted to prosecute the Assigned Claims at their own expense, in which case Claimants shall reasonably cooperate in the prosecution of the Assigned Claims. However, if the Knauf Defendants elect not to prosecute the Assigned Claims against one or more of the Supply Chain Defendants, the release in Paragraph 4 above shall be effective as to any or all of the Supply Chain Defendants as against whom the Knauf Defendants decline to bring the Assigned Claims.

9. Subject to Paragraph 8 above, this Release is effective immediately with exception that it shall be effective as to the Knauf Defendants upon the Knauf Defendants' payment of the Cash Payment to Claimants.

10. Claimants understands and acknowledges the significance and consequence of releasing all of Claimants's KPT Chinese Drywall-related causes of action and/or claims

(including presently existing, but unknown, unasserted, unsuspected, or undiscovered KPT Chinese Drywall-related causes of action and/or claims), and hereby assume full risk and responsibility for any and all injuries, losses, damages, assessments, penalties, charges, expenses, costs, and/or liabilities that Claimants may hereinafter incur or discover that in any way arise out of or relate to such causes of action. To the extent that any law, statute, ordinance, rule, regulation, case or other such legal provision or authority may purport to preserve Claimants's right hereafter to assert presently existing but unknown, unasserted, unsuspected, or undiscovered KPT Chinese Drywall-related causes of action and/or claims, which would otherwise be barred by the terms of this Release, Claimants hereby specifically and expressly waives Claimants's rights under such law, statute, ordinance, rule, regulation, case or other such legal provision or authority.

11. As provided for in Rule 408 of the Federal Rules of Evidence or its equivalent in state court jurisdictions, Claimants and the Knauf Defendants, and every person employed or retained by them who has any knowledge of any term of this Release or of any settlement, release, or waiver referred to herein will not introduce in evidence this Release, or any portion of the contents thereof, or any amount provided herein, or any amount received by Claimants, in any proceeding other than a proceeding to consummate or enforce this Release.

12. In further consideration of the foregoing, and with the exception of the Reserved Claims, Claimants and Claimants's undersigned counsel further agree and covenant to forever indemnify, defend and hold harmless the Knauf Defendants, and without limitation, their successors, predecessors, assigns, affiliates, shareholders, investors, and

their past, present and future officers, directors, partners, attorneys, agents, employees, parent companies, partnerships, subsidiaries, sister corporations and representatives from and against all claims and future claims relating to the KPT Chinese Drywall in the Property.

13. Claimants are~~is~~ bound by this Release. Anyone who succeeds to Claimants's rights and responsibilities, including any and all representatives, agents, successors, assigns, beneficiaries, heirs, or executors of Claimants, Claimants's estate, or the estate of any of them is also bound. This Release is made for the benefit of Claimants and the Knauf Defendants.

14. Claimants authorize~~s~~ and instruct~~s~~ Claimants's counsel to deliver to the Knauf Defendants a Notice of Dismissal with prejudice of the Action, which shall be "so ordered" by the Court where the Action is pending, as against all defendants in accordance with the provisions herein and the terms of the Demonstration Remediation Agreement and, in the event the MDL Court grants final approval, the Class Settlement Agreement. Claimants and Claimants's counsel shall cooperate with the Knauf Defendants in any additional way reasonably necessary to obtain such dismissal with prejudice. Such delivery of the Notice of Dismissal shall be made to Kerry J. Miller, Frilot L.L.C., Suite 3700, 1100 Poydras Street, New Orleans, Louisiana 70163.

15. Claimants acknowledge that Claimants have~~s~~ not received or relied on any agreements or promises other than as contained in writing in this Release. In executing this Release Claimants have~~s~~ relied on Claimants's own or Claimants's counsel's analysis of the facts and information of which they are independently aware, and assumes the risk that there may Page

Case 2:09-md-02047-EEF-MBN   Document 17681-3   Filed 05/15/14   Page 10 of 14

prove to be facts or information different from or in addition to what they now know or believe.

16. Nothing in this Release shall constitute (i) any admission of liability or fault of any kind on the part of Knauf Defendants who expressly deny any liability to Claimants and who are entering this agreement to avoid the expense and uncertainty of litigation; (ii) an admission of or consent to jurisdiction or waiver of any jurisdictional defenses, except as provided in the Demonstration Remediation Agreement and, in the event the MDL Court grants final approval, the Class Settlement Agreement; or (iii) consent to service by the Knauf Defendants. Neither this Release nor any Agreement shall be admissible in evidence in any proceedings except in an action to enforce the terms of the Release, the Demonstration Remediation Agreement, or in the event the MDL Court grants final approval, the Class Settlement Agreement.

_____
Jesse Davis


_____
Jesse Davis's SS #


STATE OF _____, COUNTY OF _____

    I certify that on ____, 201__, _____ personally came before me and acknowledged under oath, to my satisfaction, that this person (a) is named in and personally signed this document; and (b) signed, sealed and delivered this document by her act and deed.

_____
Notary Public

_____
[Printed Name of Notary]

My Commission Expires: _____


_____
Counsel

Law Firm: _____

_____
U.S. Bank National Association


_____
U.S. Bank National Association Tax I.D. #


STATE OF _____, COUNTY OF _____

    I certify that on , 201__, _____ personally came before me and acknowledged under oath, to my satisfaction, that this person (a) is named in and personally signed this document; and (b) signed, sealed and delivered this document by her act and deed.


_____
Notary Public

_____
[Printed Name of Notary]

My Commission Expires: _____




_____
Counsel

Law Firm: _____

13