VIRGINIA: *IN THE CIRCUIT COURT FOR THE CITY OF NORFOLK*

In re: All Chinese Drywall Cases

## ORDERS INDEX

| | | |
|---|---|---|
| 1. | Order re: assignment of pretrial matters | 11.09.09 |
| 2. | Order re: conference | 11.30.09 |
| 3. | Order re: Motions to Disqualify + Change of Venue | 01.22.10 |
| 4. | Order re: Motions Craving Oyer | 02.08.10 |
| 5. | Order re: Motion to Quash Notices of Hearing | 03.10.10 |
| 6. | Order re: Demurrers | 03.29.10 |
| 7. | Order re: April status conference | 04.02.10 |
| 8. | Order re: trial consolidation | 06.23.10 |
| 9. | Order re: reconsideration | 08.03.10 |
| 10. | Order re: Wellington Special Pleas in Bar on implied warranties | 08.09.10 |
| 11. | Order re: discovery | 09.26.11 |
| 12. | Order re: Wermers demurrers, discovery and Choice MTC | 09.27.11 |
| 13. | Order re: Plaintiffs MTC insurance policies | 11.18.11 |
| 14. | Order re: correction of discovery order | 12.01.11 |
| 15. | Order granting default against Taishan-Venture & PB | 12.01.11 |
| 16. | Order granting default against Taishan-Atlantic | 12.01.11 |
| 17. | Order re: stay of Venture, PB and Tobin | 11.20.12 |
| 18. | Order re: Motion in Limine and Demurrer | 12.03.12 |
| 19. | Order staying pattern discovery responses by Plaintiffs | 12.14.12 |
| 20. | Amended Order re: global stay of settling defendants | 12.14.12 |
| 21. | Order on MIL to exclude mortgage payments as damages | 03.18.13 |
| 22. | Order re: Motion to Strike (Pl) & Motion Lv Amd Answer (Def) | 03.22.13 |
| 23. | Order Denying Motion to Reconsider | 04.03.13 |
| 24. | Order Granting Default Judgment | 10.28.13 |

**EXHIBIT 7 to Declaration of Russ M. Herman and Arnold Levin**

**1**

EXHIBIT 7 to Declaration of Russ M. Herman and Arnold Levin

**VIRGINIA:   IN THE CIRCUIT COURT OF THE CITY OF NORFOLK**

**TUAN NGUYEN,** *et ux.*

v.                                                    CIVIL NO.:  CL09-3105

**VENTURE SUPPLY,** *et al.*


**VINCENT SAKONY,** *et ux.*

v.                                                    CIVIL NO.:  CL09-5127

**WELLINGTON, LLC,** *et al.*


**WILLIAM MORGAN, JR.,** *et ux.*

v.                                                    CIVIL NO.:  CL09-5133

**WELLINGTON, LLC,** *et al.*


**JERRY BALDWIN,** *et ux.*

v.                                                    CIVIL NO.:  CL09-5135

**WELLINGTON, LLC,** *et al.*


**BARBARA GALGANO,** *et vir.*

v.                                                    CIVIL NO.:  CL09-5137

**WELLINGTON, LLC,** *et al.*

Office of
GEORGE E. SCHAEFER
Clerk of the
Circuit Court
Norfolk, Virginia

S
C

**EXHIBIT 7 to Declaration of Russ M. Herman and Arnold Levin**

**LARRY WARD**

v.                                        CIVIL NO.:  CL09-5167

**STONE DEVELOPMENT, LLC,** *et al.*


**STEVEN HEISHOBER,** *et ux.*

v.                                        CIVIL NO.:  CL09-5168

**STONE DEVELOPMENT, LLC,** *et al.*


**RICKY L. EDMONDS**

v.                                        CIVIL NO.:  CL09-5697

**PARRALLEL DESIGN AND DEVELOPMENT, LLC,** *et al.*


**ROBERT ORLANDO,** *et ux.*

v.                                        CIVIL NO.:  CL09-5722

**WELLINGTON, LLC,** *et al.*


**ROY GULLEDGE,** *et ux.*

v.                                        CIVIL NO.:  CL09-5763

**WOODALL, LLC,** *et al.*


Office of
GEORGE E. SCHAEFER
Clerk of the
Circuit Court
Norfolk, Virginia

**MARK SAKOWSKI**

v.                                        CIVIL NO.:  CL09-5795

**WYNDWIL, LLC,** *et al.*


2

**EXHIBIT 7 to Declaration of Russ M. Herman and Arnold Levin**

**CATHERINE SIMPSON**

v.                                             CIVIL NO.:  CL09-5822

**WYNDWIL, LLC,** *et al.*


**TAPPAN GANDY**

v.                                             CIVIL NO.:  CL09-5891

**HHJV, LLC,** *et al.*


**ERIC BAILEY**

v.                                             CIVIL NO.:  CL09-5892

**HHJV, LLC,** *et al.*


**JOHN HAVRILLA**

v.                                             CIVIL NO.:  CL09-5893

**HHJV, LLC,** *et al.*


**AMANDA FOWLE**

v.                                             CIVIL NO.:  CL09-5894

**HHJV, LLC,** *et al.*


**PERRY FONTENOT,** *et ux.*

v.                                             CIVIL NO.:  CL09-5895

**HHJV, LLC,** *et al.*

Office of
GEORGE E. SCHAEFER
Clerk of the
Circuit Court
Norfolk, Virginia

3

**EXHIBIT 7 to Declaration of Russ M. Herman and Arnold Levin**

JUANITA SMITH

v.                                          CIVIL NO.: CL09-5901

HHJV, LLC, *et al.*


PRESTON MCKELLAR, *et ux.*

v.                                          CIVIL NO.: CL09-5903

HHJV, LLC, *et al.*


JOSEPH E. LEACH, *et ux.*

v.                                          CIVIL NO.: CL09-5932

WELLINGTON, LLC, *et al.*


ANTON RIEDL, *et ux.*

v.                                          CIVIL NO.: CL09-5946

HHJV, LLC, *et al.*


JOSEPH MATULENAS, *et ux.*

v.                                          CIVIL NO.: CL09-6328

VENTURE SUPPLY, INC., *et al.*

Office of
GEORGE E. SCHAEFER
Clerk of the
Circuit Court
Norfolk, Virginia

RICHARD JONES, *et ux.*

v.                                          CIVIL NO.: CL09-6329

HHJV, LLC, *et al.*

4

**EXHIBIT 7 to Declaration of Russ M. Herman and Arnold Levin**

DAN DAY, *et ux.*

v.                                                    CIVIL NO.:  CL09-6330

VENTURE SUPPLY, INC., *et al.*


CRAIG BROWN, *et ux.*

v.                                                    CIVIL NO.:  CL09-6331

HHJV, LLC, *et al.*


JON LENANDER, *et ux.*

v.                                                    CIVIL NO.:  CL09-6332

WELLINGTON, LLC, *et al.*


DEMETROUS BLOUNT

v.                                                    CIVIL NO.:  CL09-6333

HHJV, LLC, *et al.*


JOSEPH MICHAUX, *et ux.*

v.                                                    CIVIL NO.:  CL09-6334

HHJV, LLC, *et al.*

Office of
GEORGE E. SCHAEFER
Clerk of the
Circuit Court
Norfolk, Virginia

CHRISTOPHER LEVY, *et ux.*

v.                                                    CIVIL NO.:  CL09-6365

VENTURE SUPPLY, INC., *et al.*


5

EXHIBIT 7 to Declaration of Russ M. Herman and Arnold Levin

**MICHELLE GERMANO**

v.                                        CIVIL NO.:  CL09-6366

**HARBOR WALK DEVELOPMENT,** *et al.*


**JEFFREY DUNN**

v.                                        CIVIL NO.:  CL09-6367

**HARBOR WALK DEVELOPMENT,** *et al.*


**TADARREIO ATKINS,** *et ux.*

v.                                        CIVIL NO.:  CL09-6487

**HHJV, LLC,** *et al.*


**TURNER MACKALL,** *et ux.*

v.                                        CIVIL NO.:  CL09-6629

**HHJV, LLC,** *et al.*


**MICHAEL HOLLINGSWORTH**

v.                                        CIVIL NO.:  CL09-6630

**HHJV, LLC,** *et al.*

Office of
GEORGE E. SCHAEFER
Clerk of the
Circuit Court
Norfolk, Virginia

**JACQUELINE PHILLIPS,** *et vir.*

v.                                        CIVIL NO.:  CL09-6631

**HHJV, LLC,** *et al.*

6

**EXHIBIT 7 to Declaration of Russ M. Herman and Arnold Levin**

## ORDER

It appearing to the Court that common questions of law and fact may be present in these cases and that it would be beneficial to the Court, counsel, and the parties to have consistent ruling on pre-trial matters, it is therefore **ORDERED** that all pre-trial matters in these cases are assigned to Judge Mary Jane Hall.

The trials of these cases will be distributed among all the judges.

Enter: Nov. 10, 2009

Chief Judge

**Everett A. Martin, Jr., Judge**

Office of
GEORGE E. SCHAEFER
Clerk of the
Circuit Court
Norfolk, Virginia

7

**EXHIBIT 7 to Declaration of Russ M. Herman and Arnold Levin**

**2**

EXHIBIT 7 to Declaration of Russ M. Herman and Arnold Levin



# FOURTH JUDICIAL CIRCUIT OF VIRGINIA
## CIRCUIT COURT OF THE CITY OF NORFOLK

November 30, 2009

**MARY JANE HALL**
JUDGE

100 ST. PAUL'S BOULEVARD
NORFOLK, VIRGINIA 23510

Richard J. Serpe, Esq.
Law Offices of Richard Serpe, P.C.
580 E. Main Street, Suite 310
Norfolk, VA 23510

Kenneth F. Hardt, Esq.
Sinnott Nuckols & Logan, P.C.
1381 Village Mill Drive
Midlothian, VA 23114

Theodore I. Brenner, Esq.
Brenner, Evans & Millman
P.O. Box 470
Richmond, VA 23218

John Franklin, III, Esq.
Taylor & Walker, P.C.
P.O. Box 3490
Norfolk, VA 23513

George J. Dancigers, Esq.
McKenry, Dancigers, Dawson & Lake
192 Ballard Court, Suite 400
Virginia Beach, VA 23462

William C. Bischoff, Esq.
Stallings & Bischoff, P.C.
P.O. Box 168
Virginia Beach, VA 23451

Richard K. Bennett, Esq.
Harman, Claytor, Corrigan & Wellman
P.O. Box 70280
Richmond, VA 23255

M. Scott Stein, Esq.
Stein & Stein, P.C.
P.O. Box 12265
Newport News, VA 23612

RE:   **Chinese Drywall Cases**
      **Civil Docket Nos.: CL09-3105; CL09-5127; CL09-5133; CL09-5135; CL09-5137; CL09-5167; CL09-5168; CL09-5697; CL09-5722; CL09-5763; CL09-5795; CL09-5822; CL09-5891; CL09-5892; CL09-5893; CL09-5894; CL09-5895; CL09-5901; CL09-5903; CL09-5932; CL09-5946; CL09-6328; CL09-6329; CL09-6330; CL09-6331; CL09-6332; CL09-6333; CL09-6334; CL09-6365; CL09-6366; CL09-6397; CL09-6367; CL09-6487; CL09-6629; CL09-6630; CL09-6631**

Dear Counsel:

As you know, Chief Judge Everett Martin has assigned the pending Chinese drywall cases to me for all pretrial matters. I would like to have a conference with all

**EXHIBIT 7 to Declaration of Russ M. Herman and Arnold Levin**

Page 2
RE:    Chinese Drywall Case

counsel to review the anticipated schedule for these matters and discuss the extent to
which the pretrial orders that have been entered in the Multi-District Litigation regarding
discovery and inspection protocols should likewise be implemented by this Court.
Counsel should also be in a position to advise the court about the anticipated length of
each trial and a proposed trial schedule for these matters.

Please coordinate with Ms. Wendy Spivey, the court's Judicial Docket
Administrator, at 757-664-4594, to set up this conference.

Sincerely,

*Mary Jane Hall*

Mary Jane Hall
Judge

MJH/nm

**EXHIBIT 7 to Declaration of Russ M. Herman and Arnold Levin**

**3**

EXHIBIT 7 to Declaration of Russ M. Herman and Arnold Levin



**FOURTH JUDICIAL CIRCUIT OF VIRGINIA**
**CIRCUIT COURT OF THE CITY OF NORFOLK**

**MARY JANE HALL**
JUDGE

January 22, 2010

100 ST. PAUL'S BOULEVARD
NORFOLK, VIRGINIA 23510

Richard J. Serpe, Esq.
Law Offices of Richard Serpe, P.C.
580 E. Main Street,  Suite 310
Norfolk, VA  23510

Theodore I. Brenner, Esq.
Brenner, Evans & Millman
P.O. Box 470
Richmond, VA  23218

George J. Dancigers, Esq.
McKenry, Dancigers, Dawson &
Lake
192 Ballard Court, Suite 400
Virginia Beach, VA  23462

Richard K. Bennett, Esq.
Harman, Claytor, Corrigan &
Wellman
P.O. Box 70280
Richmond, VA  23255

M. Scott Stein, Esq.
Stein & Stein, P.C.
P.O. Box 12265
Newport News, VA  23612

E. D. David, Esq.
David, Kamp & Frank, LLC
739 Thimble Shoals Boulevard
Suite 105
Newport News, VA  23606

Kenneth F. Hardt, Esq.
Sinnott Nuckols & Logan, P.C.
1381 Village Mill Drive
Midlothian, VA  23114



John Franklin, III, Esq.
Taylor & Walker, P.C.
P.O. Box 3490
Norfolk, VA  23513

William C. Bischoff, Esq.
Stallings & Bischoff, P.C.
P.O. Box 168
Virginia Beach, VA  23451

W. F. Drewry Gallalee, Esq.
Williams Mullen
James Center Two
1021 East Cary Street
Richmond, VA 23219

RE:   Chinese Drywall Cases



FILED
JAN 25 2010
NORFOLK CIRCUIT COURT CLERK
BY                          D.C.

**EXHIBIT 7 to Declaration of Russ M. Herman and Arnold Levin**

RE:   Chinese Drywall Case
January 22, 2010
Page 2

Civil Docket Nos.: CL09-3105; CL09-5127; CL09-5133; CL09-5135;
CL09-5137; CL09-5167; CL09-5168; CL09-5697;
CL09-5722; CL09-5763; CL09-5795; CL09-5822;
CL09-5891; CL09-5892; CL09-5893; CL09-5894;
CL09-5895; CL09-5901; CL09-5903; CL09-5932;
CL09-5946; CL09-6328; CL09-6329; CL09-6330;
CL09-6331; CL09-6332; CL09-6333; CL09-6334;
CL09-6365; CL09-6366; CL09-6367; CL09-6487;
CL09-6629; CL09-6630; CL09-6631; CL09-6720;
CL09-6721; CL09-6725; CL09-6726; CL09-6784;
CL09-6785; CL09-6820; CL09-6875; CL09-6876;
CL09-6878; CL09-6879; CL09-6880; CL09-6952;
CL09-7024; CL09-7078; CL09-7079; CL09-7320;
CL09-7321; CL09-7322; CL09-7556; CL09-7751;
CL09-7768; CL09-7769; CL09-7802; CL09-7803;
CL09-7859; CL09-7880; CL09-7977; CL10-0035;
CL10-0037

Dear Counsel:

Following the telephone conference on January 6, 2010 and an extensive review of all briefs and documents submitted by counsel, the Court has determined that it does not need to hear oral argument on Defendants' pending Motions to Disqualify Plaintiffs' Counsel and Motions to Transfer Venue. Those motions are denied for the reasons stated herein. [1]

The motions to disqualify filed by Venture Supply, Inc. ("Venture") and The Porter-Blaine Corporation ("Porter-Blaine") assert, *inter alia*, that Plaintiffs' counsel should be disqualified because of a conflict of interest in representing class action and individual plaintiffs seeking a limited fund, in violation of Rule 1:7 of the Virginia Rules of Professional

---

[1] The Court recognizes that some of the files do not contain a Motion to Transfer Venue, and that aspect of this letter stating the Court's ruling on transfer is not relevant to such cases. The letter will be filed in all pending Chinese Drywall cases listed above to facilitate the administration of these cases.

**EXHIBIT 7 to Declaration of Russ M. Herman and Arnold Levin**

RE:   Chinese Drywall Case
January 22, 2010
Page 3

Conduct.   Counsel provided comprehensive briefs in support and in opposition to these motions.

The Court notes that this identical motion was also submitted to the United States District Court for the Eastern District of Louisiana in the multi-district litigation *In re Chinese -Manufactured Drywall Products Liability Litigation*, MDL No. 2047, in which Plaintiffs' counsel herein represents the members of a plaintiff class of Virginia residents against a number of defendants including Venture and Porter-Blaine.   This Court has worked cooperatively with the Honorable Eldon E. Fallon, presiding judge over the multi-district litigation, and has had the benefit of reviewing the transcript of the oral argument on that same motion to disqualify that he heard on December 4, 2009.  Given the similarity of the motions before him and before this Court, the Court expects that the oral arguments offered would be similar.   The Court concurs with Judge Fallon's ruling and denies the motions.  A copy of the transcript of the December 4, 2009 hearing will be filed as an exhibit to this Court's Order.

Specifically, the Court does not find an inherent conflict between representation of a class and representation of individual claimants. Indeed, lawyers who represented only entire classes with no responsibility to individual class members would in effect have no clients and no one with whom to consult – a result described by Judge Fallon as "unworkable."   The Court agrees.

Further, the Court is unable to conclude at this juncture that there is a limited fund, which was the primary basis for the motion to disqualify. Questions remain about the total number of defendants and their identities, their available insurance, their available assets, and the total damages involved for each plaintiff.   There is no basis on the present record to conclude that a limited fund exists, so the motion must be denied for that purpose.

**EXHIBIT 7 to Declaration of Russ M. Herman and Arnold Levin**

RE:   Chinese Drywall Case
January 22, 2010
Page 4

The Court has also considered the various motions to transfer venue. As of January 6, 2010, this Court has approximately sixty-five cases filed by the same counsel team alleging homeowner problems with imported Chinese drywall. All cases were consolidated for pretrial purposes by Order of the Court on November 10, 2009. The cases involve houses located in cities and counties of Southeastern Virginia, including James City County, York County, Newport News, Richmond, Virginia Beach, and Norfolk. A number of defendants in these cases filed motions to transfer venue to the jurisdiction where the house in that particular case is located. They argue that the only basis for venue in Norfolk relates to the business locations for Defendants Venture and Porter-Blaine, two affiliated companies that imported and installed Chinese drywall. Both companies have their principal offices in Norfolk, although the moving parties allege that the two companies have closed and conducted no business since June 30, 2009.[2] To the extent that Norfolk arguably represents a permissible venue, some of the moving parties argue that good cause exists to transfer the actions to a more fair and convenient forum, *i.e.*, the city or county where each plaintiff's house is located.

While it is true that the houses and, in some cases, the builders and developers are in the requested venues, the Court finds that Porter-Blaine and Venture, both of which are defendants in all cases, maintained offices and conducted substantial business in the City of Norfolk. Therefore, venue for all cases is proper in Norfolk. Va. Code § 8.01-262(3).

---

[2]   Counsel for Venture and Porter-Blaine indicated his intent to present testimony from the president of the two companies that would establish the cessation of business of those parties. For purposes of this motion, the Court accepts that proffer and assumes that the evidence would establish that neither Venture nor Porter-Blaine have conducted business or owned any but insignificant assets in Norfolk since June 30, 2009.

**EXHIBIT 7 to Declaration of Russ M. Herman and Arnold Levin**

RE:   Chinese Drywall Case
January 22, 2010
Page 5

The Court does not attribute significance to the current out-of-business status of those two defendants or conclude that such status diminishes the basis by which their presence may support a venue determination. The statute includes no requirement that the defendant whose location supports venue must maintain operations in order to satisfy the standard. To the contrary, under subsections (2) and (3) of Va. Code § 8.01-262, permissible forums in the case of a defendant who has withdrawn from the Commonwealth include the jurisdiction where the defendant had its registered office or regularly conducted substantial business activity "at the time of such withdrawal." If venue remains proper in that last location following a defendant's withdrawal, it follows that venue remains equally proper in the case of a defendant that discontinued its business operations altogether.

Defendants rely on the holding from the Circuit Court of the City of Richmond in *Jones v. Rusteau*, 43 Va. Cir. 311 (1997), which determined that venue must be determined as of the time of suit and not when the cause of action arose. *Jones*, however, involved an individual defendant who conducted business in Richmond at the time the cause of action arose but who had left that job and become employed in Fredericksburg by the time suit was filed. *Jones* would be helpful if Venture and Porter-Blaine had moved their offices and businesses out of Norfolk and to some different location between the installation of the Chinese drywall and the date of suit, but the facts are distinguishable in the case of a corporation that has altogether discontinued its business operations.

Venture and Porter-Blaine do not base their motion under § 8.01-265, which would require a showing of good cause to transfer. Rather, they base it on § 8.01-264 and their claim that venue is improperly laid in Norfolk. As noted above, the Court determines venue to be proper in Norfolk.

**EXHIBIT 7 to Declaration of Russ M. Herman and Arnold Levin**

RE:   Chinese Drywall Case
January 22, 2010
Page 6

Other defendants, including builders and developers who do not conduct business in Norfolk, do move to transfer under § 8.01-265. They argue that it would be significantly more convenient to the parties to try the cases where the homes are located.

Obviously convenience is enhanced to some degree when parties and witnesses have shorter distances to travel between their homes or workplaces and the court where their case is pending.   The unusual feature presented in the instant group of motions, however, is the volume of cases pending in this Court containing so many common issues of fact and law.  All sixty-five of these cases, filed by the same team of lawyers, include similar or identical allegations of liability and legal theories and many of the same defendants.  The Court does not consider that spreading these cases from this jurisdiction where they have already been consolidated for pretrial purposes to one half-dozen different jurisdictions, would promote "the avoidance of substantial inconvenience" addressed in Va. Code § 8.01-265.[3]

A party seeking transfer of venue under the forum non conveniens statute, Va. Code § 8.01-265, must show good cause for the transfer. Good cause under the statute "shall be deemed to include, but not to be limited to, the agreement of the parties or the avoidance of substantial inconvenience to the parties or witnesses." *Id.*  The decision to grant a motion pursuant to this statute is within the discretion of the trial court. *See, e.g., Norfolk & W. Ry. v. Williams*, 239 Va. 390, 392, 389 S.E.2d 714

---

[3] Counsel for Venture and Porter-Blaine do not contest that proceeding on a consolidated basis for pre-trial matters "may very well be the best way to handle these cases" (Memo. at 4) but argue that the Court should first transfer the cases and permit the parties to achieve consolidation by a petition to the Supreme Court of Virginia pursuant to Va. Code § 8.01-27.4 – a process that would undoubtedly introduce considerable delay to the progress of these cases without a corresponding benefit.

**EXHIBIT 7 to Declaration of Russ M. Herman and Arnold Levin**

RE:   Chinese Drywall Case
January 22, 2010
Page 7

(1990).   While the plaintiff's choice of forum is not entitled to absolute deference, *Piper Aircraft v. Reyno,* 454 U.S. 235 (1981), it "should not be lightly defeated." *Williams,* 239 Va. at 395.

All of the jurisdictions to which transfer is proposed are within easy commuting distances from Norfolk.   Although certain jurisdictions may be more convenient for certain purposes than this one, there has been no suggestion that trials in Norfolk present a "substantial inconvenience." The efficiencies that may be realized by keeping the cases together for pretrial purposes weigh against transfer in this case.

Counsel are directed to submit their written exceptions to this Court's Order on or before February 2, 2010.   The Court presently intends to hear argument on February 2, 2010 on Defendants' Motions Craving Oyer.   Counsel should please advise the Court of additional matters that should be taken up at that hearing, including whether this Court should adopt any of the Pretrial Orders in place in the multi-district litigation regarding inspection and discovery.

Sincerely,

Mary Jane Hall

Mary Jane Hall
Judge

MJH/nm
Enc.

**EXHIBIT 7 to Declaration of Russ M. Herman and Arnold Levin**

DISQUALIFICATION

MINUTE ENTRY
FALLON, J.
DECEMBER 4, 2009

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

IN RE: CHINESE-MANUFACTURED        MDL NO. 2047
      DRYWALL PRODUCTS
      LIABILITY LITIGATION        SECTION: L

                        JUDGE FALLON

              MAGISTRATE WILKINSON

THIS DOCUMENT RELATES TO 09-6687
Germano v. Taishan Gypsum Co., Ltd.

BEFORE JUDGE ELDON E. FALLON
Case Manager: Gaylyn Lambert
Court Reporter: Cathy Pepper

Appearances: Leonard Davis, Esq. and Fred Longer, Esq. For PSC
            Kenneth Hardt, Esq. For Venture Supply, Inc. and Porter-Blaine Corp.

---

1. Motion of Plaintiffs' Steering Committee to Compel Discovery from defendants, Venture-Supply, Inc. And Porter-Blaine Corp. (432)

2. Motion of defendants, Venture-Supply, Inc. And Porter-Blaine Corp., to Disqualify Counsel for Plaintiffs (346 and 514)

1. Argument - DENIED as MOOT reserving the right to re-file, if necessary.

2. Argument - DENIED with oral reasons given.

JS10:   1:15

EXHIBIT 7 to Declaration of Russ M. Herman and Arnold Levin

1

1                 UNITED STATES DISTRICT COURT
                EASTERN DISTRICT OF LOUISIANA

2

3    ******************************************************

4    IN RE: CHINESE-MANUFACTURED
     DRYWALL PRODUCTS LIABILITY

5    LITIGATION
                         CIVIL DOCKET NO. MDL 2047 "L"

6                         NEW ORLEANS, LOUISIANA
                         FRIDAY, DECEMBER 4, 2009, 9:00 A.M.

7    THIS DOCUMENT RELATES TO
     09-6687, GERMANO V TAISHAN

8    GYPSUM CO., LTD.

9    ******************************************************

10            TRANSCRIPT OF ORAL ARGUMENT PROCEEDINGS
        HEARD BEFORE THE HONORABLE ELDON E. FALLON

11              UNITED STATES DISTRICT JUDGE

12

13    APPEARANCES:

14    FOR THE PLAINTIFF:     HERMAN HERMAN KATZ & COTLAR
                     BY:  LEONARD A. DAVIS, ESQUIRE

15                   820 O'KEEFE AVENUE
                   NEW ORLEANS LA  70113

16                   LEVIN, FISHBEIN, SEDRAN & BERMAN

17                   BY:  FRED S. LONGER, ESQUIRE
                   510 WALNUT STREET, SUITE 500

18                   PHILADELPHIA, PENNSYLVANIA 19106-3697

19

20    FOR THE DEFENDANT:     SINNOT NUCKLOS & LOGAN
                     BY:  KENNETH F. HARDT, ESQUIRE

21                   MARK C. NANAVATI, ESQUIRE
                   13811 VILLAGE MILL DRIVE

22                   MIDLOTHIAN VA  23114

23    OFFICIAL COURT REPORTER:   CATHY PEPPER, CRR, RMR, CCR
                     500 POYDRAS STREET, ROOM B406

24                   NEW ORLEANS LA  70130
                   (504) 589-7779

25    PROCEEDINGS RECORDED BY MECHANICAL STENOGRAPHY.  TRANSCRIPT
    PRODUCED BY COMPUTER.

EXHIBIT 7 to Declaration of Russ M. Herman and Arnold Levin

2

**I N D E X**

SPEAKERS                                                        PAGE

MOTION TO DISQUALIFY PLAINTIFFS' COUNSEL.............    3
MR. HARDT............................................    4
THE COURT............................................    9
MR. HARDT............................................    9
THE COURT............................................   11
MR. HARDT............................................   12
MR. LONGER...........................................   15
MR. HARDT............................................   22
THE COURT............................................   26
PLAINTIFF'S MOTION TO COMPEL DISCOVERY...............   30
MR. DAVIS............................................   30
MR. HARDT............................................   32
MR. DAVIS............................................   32
MR. HARDT............................................   32
MR. DAVIS............................................   33
THE COURT............................................   33
ELECTRONICALLY STORIED INFORMATION...................   33
MR. DAVIS............................................   33
MR. HARDT............................................   33
MR. DAVIS............................................   37
THE COURT............................................   37
MR. DAVIS............................................   38
THE COURT............................................   38
MR. HARDT............................................   38
THE COURT............................................   39
JURISDICTIONAL ISSUE.................................   40
THE COURT............................................   40
MR. HARDT............................................   41
THE COURT............................................   42
MR. HARDT............................................   43
THE COURT............................................   44
MR. HARDT............................................   44
THE COURT............................................   45
MR. HARDT............................................   45
THE COURT............................................   47
MR. DAVIS............................................   47
THE COURT............................................   48
MR. HARDT............................................   48
THE COURT............................................   49
MR. HARDT............................................   49
THE COURT............................................   50
MR. DAVIS............................................   50

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25

**EXHIBIT 7 to Declaration of Russ M. Herman and Arnold Levin**

3

```
 1                    P-R-O-C-E-E-D-I-N-G-S

 2              M O R N I N G   S E S S I O N

 3                  FRIDAY, DECEMBER 4, 2009

 4                  (COURT CALLED TO ORDER)

 5

 6

 7         THE DEPUTY CLERK:  All rise.

 8         THE COURT:  Be seated, please.  Good morning.  Call the

 9   case, please.

10         THE DEPUTY CLERK:  MDL 2047, In Re: Chinese Drywall.

11         THE COURT:  Would counsel make their appearance for the

12   record, please.

13         MR. DAVIS:  Good morning, Your Honor.  On behalf of the

14   Plaintiffs Steering Committee, Leonard Davis and Fred Longer.

15         THE COURT:  Okay.

16         MR. HARDT:  Good morning, Your Honor.  On behalf of

17   Venture Supply, Inc., and the Porter-Blaine Corporation, my name

18   is Kenneth Hardt.

19         THE COURT:  Welcome to the Court, sir.

20         MR. HARDT:  Thank you.  It's a pleasure to be here.

21         THE COURT:  I have a number of people on the phone and,

22   of course, in the audience.  I have before me three motions that

23   I'll take up, and also there was an objection filed on another

24   matter, and I'll discuss that with counsel, too.

25              First, the Motion to Disqualify Plaintiffs'
```

EXHIBIT 7 to Declaration of Russ M. Herman and Arnold Levin

4

1   Counsel.  I have received the briefings on that.  The defendant

2   takes the position that there is an innate conflict between and

3   among plaintiffs' counsel because there is a defined fund and

4   that this presents a conflict for plaintiffs' counsel to

5   represent individual claimants as well as the class.  I'll hear

6   from the moving party.

7            MR. HARDT:  Yes, Your Honor.  If it please the Court, I

8   understand Your Honor is going to take up our objection to this

9   hearing.

10           THE COURT:  At least I'll discuss them with you, sure.

11           MR. HARDT:  Thank you, Your Honor.  Just for the record

12  I wanted to note that.

13           On the Motion to Disqualify, Your Honor, this is

14  not something that I'm comfortable bringing up.  It's not

15  something that I do in my practice.  I don't make it a practice

16  to move to disqualify counsel.  I truly believe that's a matter

17  between counsel and the bar association.

18           In fact, I've talked with my colleagues.  It's one

19  of those situations where you might not like what you ask for.

20  Right now I'm dealing with one counsel on 50, 60 some odd cases.

21  If my Motion to Disqualify is successful, I may have to deal with

22  50 or 60 individual counsel, and I'm not sure that's something I

23  want either.

24           We're dealing with ethics, Your Honor, and as the

25  *Tessier* decision, which has been cited by both parties, says,

**EXHIBIT 7 to Declaration of Russ M. Herman and Arnold Levin**

1    It's really the duty of counsel, lawyers that practice before the

2    Court and actually the Court itself to look into ethical matters

3    that have been raised, and that's really the only reason we're

4    here.

5            Your Honor is aware of the background that's in our

6    briefs, but the plaintiffs' counsel filed the *Germano* class

7    action, which was an action on behalf of all citizens of the

8    Commonwealth of Virginia.  They then filed the *Hinkley* class

9    action, which was a class action on behalf of all the citizens in

10   North Carolina, in the state of North Carolina.

11           Then they filed an individual state court action,

12   the *Colleen Nguyen* action, in the state court in Norfolk,

13   Virginia.  When they did that, I kind of scratched my head.  I

14   said, Well, we've got a situation where you're representing

15   everybody on behalf of everybody supposedly affected by the

16   drywall in Virginia, and you're representing everybody in

17   North Carolina too, but now you've got an individual state court

18   plaintiff that is suing us for $2 million.  Is she not part of

19   the class action?  Why is she just separate from the class

20   action?  It just kind of -- just conceptually I didn't understand

21   how you could file a suit on behalf of everybody in Virginia and

22   then just file a separate individual state court action suit.  So

23   that popped into my head.

24           Then in discussing with my co-counsel and counsel

25   for Tobin Trading we thought, Well, wait a minute, they are all

**EXHIBIT 7 to Declaration of Russ M. Herman and Arnold Levin**

6

1  seeking whatever funds are available from Venture and

2  Porter-Blaine, and can they do this?  And the Virginia State Bar

3  has this wonderful program.  It's an informal ethics opinion

4  program.  If you're a member of the bar of Virginia, you can call

5  this.  You can call and ask for advice and say, you know, Here is

6  the situation.  Here is the facts as I know them.  Is there a

7  situation here?

8          So we called them up and we presented a question to

9  them.  We said, Can counsel represent members of the class action

10  and individual state court plaintiffs when there may just be a

11  limited fund available?  The response was -- and, again, this is

12  an informal opinion.  It's not formal.  It's not binding.  It's

13  not really a statement of the bar of Virginia that this is what's

14  going on, but their informal opinion was, yeah, there is a

15  conflict here, and it's not one that can be resolved by consent.

16          So the response was, Is this a reportable thing?

17  Do we need to report this?  Because, you know, again, we're just

18  doing this to satisfy whatever ethical obligations we have with

19  the State bar.  They said, No, that the proper course would be to

20  file a motion to disqualify the cases in which counsel are

21  counsel of record.

22          So we took that information and we provided it to

23  the plaintiffs.  We said, Look, Counsel, this is what we asked

24  the Bar.  This is the response we got.  Why don't you seek, you

25  know, seek advice from the Bar?  The response we got was, No,

**EXHIBIT 7 to Declaration of Russ M. Herman and Arnold Levin**

1  we're comfortable ourselves.  We're not going to seek advice from

2  the Bar.  We think we're okay, which placed us in a position

3  where we had sought an informal opinion.  I'm certainly not an

4  expert on ethics, but, you know, I seek informal opinions, they

5  tell us there is an situation here.  They tell us what the

6  solution is.  The plaintiff's counsel is telling us they are not

7  going to do anything further; therefore, we filed the Motion to

8  Disqualify, and that's kind of how we got here procedurally.

9  Again, it's not something that I'm comfortable with proceeding

10 with.

11          The issues have been briefed, Your Honor.  All of

12 the case law that's been cited.  And, frankly, the cases really

13 don't disagree that have been cited by counsel for the plaintiffs

14 or counsel for defendants.

15          The real question is under Rule 1.7 of the rules of

16 the Virginia State Supreme Court, and the interpretation of that

17 rule under Comment 19.  Rule 1.7 says, "If there is a significant

18 risk that the representation of one or more clients might be

19 materially limited by responsibility to other clients, that

20 presents a conflict situation; however, under 1.7, that can be

21 waived by getting written consent of clients."

22          First of all, I don't believe there is any

23 suggestion here that there has been written consent obtained by

24 any of the plaintiffs.  But to go on, Comment 19 kind of

25 interprets that and says, "If an independent counsel looking

**EXHIBIT 7 to Declaration of Russ M. Herman and Arnold Levin**

8

1    objectively at the situation would advise your client, no, that
2    this isn't a good idea, then you can't go and ask your client for
3    that written consent for the waiver." That's the process you
4    need to look to.

5          So in determining whether representing more than
6    one clients, where there may be a problem between representing
7    them all, the issue is whether you can go to your client and seek
8    consent for that, to waive that apparent conflict, and if an
9    independent, objective attorney looking at the situation would
10   say, No, that's not a good idea, I don't think that's a good
11   idea, then you can't go ask your client for the consent. There
12   is -- it can't be waived by consent, so actually, the rule and
13   the case law that we've cited supports the informal opinion that
14   we got from the state bar. But again, the briefs cover the
15   issue.

16         We don't believe, frankly, that an independent,
17   objective lawyer looking at the situation could say, Yes, it's
18   okay for these counsel to represent the numerous individual state
19   court plaintiffs that they have in what are now three class
20   actions. We've got the *Germano* class action, which I'm really
21   not sure the status of it. It's either on behalf of everybody in
22   Virginia -- well, as far as my client, it's on behalf of
23   everybody in Virginia. We've got the *Hinkley* class action, which
24   is on behalf of everybody in North Carolina. Now we've got the
25   *Gross* class action, which is apparently on behalf of everybody in

**EXHIBIT 7 to Declaration of Russ M. Herman and Arnold Levin**

1  the world or everybody in the United States -- I'll put it that

2  way -- against my client.

3          So we've got three separate class actions, and

4  we've got -- I'll show the Court in a minute.  I'm going to

5  supplement the record as far as the number of the state court

6  actions, but we have 54 individual state court actions that are

7  pending in Virginia.  They are all seeking whatever pile of money

8  there is available to satisfy everybody.

9          THE COURT:  How does that work from the standpoint of

10  the MDL?  Because in addition to what you have, I have least a

11  thousand, if not more cases.  It looks like I have 18 states

12  involved, I have maybe 32 class actions involved, and yet, I have

13  the same people on the committee who either represent all of

14  those individuals or some of those individual class actions.  How

15  do you square your argument with the MDL process?

16          MR. HARDT:  Well, Your Honor, frankly, the MDL process

17  is something new.  I'm a construction lawyer from Virginia, and I

18  don't envy what Your Honor has in front of you and is faced with.

19  I am not moving to disqualify the plaintiff steering committee.

20          This is solely related to the *Germano* class-action

21  suit as far as it concerns this Court, and the Hinkley

22  class-action suit also.  Those two class-action suits.  It only

23  relates to their representation of those folks.

24          In the *Germano* action, their Motion to Disqualify,

25  we filed it based on Virginia -- the Rules of Professional

**EXHIBIT 7 to Declaration of Russ M. Herman and Arnold Levin**

10

1   Conduct in Virginia because that was a Virginia action.   These

2   attorneys represented the plaintiffs in the *Germano* class action

3   and some 54 individual state court plaintiffs.

4           So the Motion to Disqualify is not directed at the

5   plaintiff steering committee.   It's not directed at the whole

6   slew of attorneys that represent the plaintiffs before the MDL.

7   It's just can these counsel represent the individuals that are

8   represented in the *Germano* class action?   That's it.   It has

9   nothing to do with the PSC.   It has nothing to do with their

10  representation of the thousands of other cases that are pending

11  in 18 other states.   It the only has to do with *Germano*.

12          THE COURT:   Of course, they are on the steering

13  committee, though.

14          MR. HARDT:   But again, this only relates to the *Germano*

15  class action, Your Honor.   If they are disqualified from

16  representing the members of the *Germano* class action, that has

17  nothing to do with whether they represent other plaintiffs that

18  may satisfy this Court.   They are -- they should be -- and

19  members of the PSC.   It's not directed at that.

20          THE COURT:   Okay.

21          MR. HARDT:   The question, I guess, it's not just the

22  limited fund -- I'll talk about that in a minute -- but the

23  question is when you represent individual state court plaintiffs

24  and you represent class-action plaintiffs, who goes first?   Do

25  you press forward with your state court action to get the relief

**EXHIBIT 7 to Declaration of Russ M. Herman and Arnold Levin**

1    that those people want immediately, the same as *Nguyen?*

2    *Colleen Nguyen,* she's the first plaintiff who filed an individual

3    state court action.  Do you tell her that you didn't file suit

4    against Taishan because none of the individual state court

5    actions joined the manufacturer as the defendant; although, they

6    tell us in the MDL, Taishan is a very important party who may

7    come in with tons and tons of money.

8              None of the 54 individual state court actions have

9    filed suit against Taishan.  Have you gone to those clients and

10   explained that to them and told them that a viable defendant may

11   not be in?  Have you explained to the class action defendants,

12   look, I can file a state court action and get it resolved

13   probably in six months if I get a bench trial.  Let's get it

14   resolved now.

15             THE COURT:  Some of the areas that you focused on,

16   though, deals with litigation involving one or two cases.  I just

17   got more or less through dealing with the *Vioxx* MDL action.  I

18   had representatives from 50 states in that litigation.  I had

19   cases from all 50 states.  In addition to that, I had

20   50,000 cases in various class actions, 42 class actions that came

21   into that case.  There are multiple roles that the attorneys

22   occupy.  Some of them represented people in state court, and they

23   tried cases in state court.  They also tried cases in the MDL.

24   The courts have to some extent passed on some of the issues you

25   raised in that context.  If you're looking at it in one context,

**EXHIBIT 7 to Declaration of Russ M. Herman and Arnold Levin**

1  it may be different than looking at it in another context.

2          I don't know how you deal with it with the MDL with

3  which I am focused on.  I've got the MDL litigation here

4  involving actions in about 18 states that have been referred to

5  me from various federal courts.  In addition, I have state judge

6  colleagues with whom I'm working in Virginia, in Florida, and in

7  Alabama, and we're trying to coordinate this massive litigation.

8          There are attorneys who are representing people in

9  each of these.  It doesn't work to be disqualifying them in that

10  type situation.  If I did what you ask I would have no lawyers

11  representing anybody.  I would have a group of lawyers who

12  absolutely had no clients.

13          MR. HARDT:  I understand.  Again, I don't envy the

14  position this Court is in.  I understand that this Court has to

15  deal with a number of these issues.  The issues that we have

16  raised in our Motion to Disqualify was actually filed before this

17  case got transferred to the MDL.  It actually was going to be

18  heard in the Eastern District of Virginia, I guess, three days

19  before the transfer order was actually entered.  We had filed

20  similar pending motions in the state court action because

21  basically we were told file it, file the Motion to Disqualify in

22  actions in which these counsel appear of record.

23          The issue that we have to resolve or the issue on

24  behalf of my clients, and really on behalf of my duties -- again,

25  I don't want to be here doing this, but --

**EXHIBIT 7 to Declaration of Russ M. Herman and Arnold Levin**

13

1          THE COURT:  Sure.  No, I understand.

2          MR. HARDT:  -- but the issue that I need to address as

3    far as the Virginia State Bar considerations and my ethical

4    obligations is can an attorney in these situations represent so

5    many multiple people, all seeking whatever funds there are

6    available?  That's the position we were in, Your Honor.

7          THE COURT:  Let me hear from your opponent.  I'll give

8    you an opportunity.  Both of you have written extensive briefs.

9    I've had an opportunity to review the briefs and read the cases

10   that you've cited, so I am familiar with the issue.

11         MR. HARDT:  Your Honor, if I may supplement the record

12   first.

13         THE COURT:  Yes.

14         MR. HARDT:  First of all, Your Honor -- and I've

15   provided these to counsel for the plaintiff -- the first is an

16   updated list of all the individual state court actions.  As I

17   mentioned, it's 54.  If I may approach.

18              The second, this all goes to the limited fund issue

19   as we indicated in our brief.  I'm really not coverage counsel.

20   I don't get involved in coverage counsel whether it's the

21   260 million they say or whether it's the -- I calculated

22   132 million or whether it's what the insurance company says,

23   which is zero, there is still a limited fund no matter what.

24              This is an action in which plaintiff's counsel are

25   not plaintiff's counsel.  It's the *Proto v The Futura Group* case

**EXHIBIT 7 to Declaration of Russ M. Herman and Arnold Levin**

1  pending in the Circuit Court for the City of Virginia Beach.  It

2  seeks 660,000 and plus damages against my clients.  Actually,

3  just against Venture Supply.

4          Then, finally, Porter-Blaine Corporation.

5  Actually, this is another case in which the plaintiffs are not

6  counsel, but, again, it goes to the limited fund issue.  This is

7  the same *James Development Corporation v Long Island Wallpaper*

8  case.  It's pending in the Supreme Court of the State of

9  New York, Nassau County.  It's filed by the builder against

10  Venture Supply and it seeks 250,000 plus damages.

11          THE COURT:  Thank you.

12          MR. HARDT:  Then finally, Your Honor, this is an

13  arbitration proceeding.  This is actually kind of what started

14  the ball rolling against my client, Venture Supply and

15  Porter-Blaine.  This is an arbitration claimed by Dragas

16  Management Corporation against Porter-Blaine Corporation in the

17  amount of $5.5 million.

18          THE COURT:  Okay.

19          MR. HARDT:  Then finally, Your Honor, I've got an

20  affidavit from Mr. Sam Porter.  I've provided this this morning

21  to counsel for the plaintiffs.  I've told them before by phone

22  that this -- we were going to be providing this information.  I

23  didn't get it until fax (sic) yesterday.  I'm providing that.

24  It's an affidavit which basically shows that my client,

25  Venture Supply, Inc., and the Porter-Blaine Corporation have been

**EXHIBIT 7 to Declaration of Russ M. Herman and Arnold Levin**

1  out of business since June of 2009, have no assets, and basically

2  are on the verge of bankruptcy.

3          Thank you, Your Honor.

4      THE COURT:  Thank you very much.

5      MR. LONGER:  Good morning, Your Honor.  Fred Longer on

6  behalf of the plaintiff steering committee, and I guess on behalf

7  of myself, Arnold Levin, Irvin Gonzales, Richard Serpe,

8  Richard Lewis, all members of the plaintiff steering committee

9  that was appointed by Your Honor.  The movants here have moved to

10 disqualify us.  We don't take that lightly, and the case law

11 requires that you not take it lightly either.

12          I would start out just to finish up what just got

13 introduced into the record.  There was a number of papers that

14 were just submitted by counsel opposite.  My position on all of

15 this is that it as the moving parties, they were obliged when

16 filing their motion to actually present evidence to the Court.

17 They failed to do that, and only today, at oral argument, are

18 they now putting into the record evidence which, quite honestly,

19 had they produced long ago, we might have be able to take

20 discovery of, we might have been able to depose Mr. Porter; for

21 example, his affidavit just came in, et cetera.  So I object to

22 the late introduction of evidence trying to backfill a record

23 that should have been created at the onset as opposed to today.

24          Having said that, Your Honor, Your Honor raised

25 some very important points about what has become a modern

**EXHIBIT 7 to Declaration of Russ M. Herman and Arnold Levin**

1  practice of MDL reality within the United States federal courts.

2  The reality that Your Honor faces and that we on the plaintiff

3  side have been facing for a number of years is that we represent

4  both individual clients and we represent class actions.  It has

5  always been the case, as far as I know, that there is nothing

6  unethical or improper about that, and I intend to go through some

7  matters with Your Honor to firm that up.

8        I would tell you something that I know you already

9  know, which is that Arnold Levin and I practice in Philadelphia.

10  The Eastern District of Pennsylvania has been one of the leading

11  districts of class-action litigation over the past quarter

12  century or more.  Some of the finest minds, I believe, have come

13  out of Philadelphia, Herbert Newberg, for example, David Berger.

14        One of the leading jurists in the Eastern District

15  of Pennsylvania was Judge Higginbotham.  Judge Higginbotham was

16  the former chief justice of the Third Circuit Court of Appeals.

17  When he was a district judge, before he was elevated to the Third

18  Circuit, he authored an opinion by the name of *Umbriac v American*

19  *Snacks, Incorporated*.  I have it here.

20        I would like to read into the record what

21  Judge Higginbotham said at the district court level, which is,

22  "It is in the nature of the motion practice on class

23  determination issues that defendants who naturally have no

24  interest in the successful prosecution of the class suit against

25  them are called upon to interpose arguments in opposition to

**EXHIBIT 7 to Declaration of Russ M. Herman and Arnold Levin**

1  class determination motions verbally grounded upon a certain for

2  the best representation for the class while the implicit, but

3  nonetheless real, objective of their vigorous legal assaults is

4  to ensure no representation for the class. "

5          Your Honor, I'm sure that counsel opposite was

6  acting in their best interests and my clients' best interests

7  when they sought an informal legal opinion from the Virginia Bar

8  Association, but the reality is is that motions to disqualify are

9  recognized as rife with abuse, and what we are facing is a motion

10  which is based on pure speculation, pure hypothetical, pure

11  guessing.

12          I counted in the defendant's motion the number of

13  *if's*, the word *if*.  There were ten in the opening motion alone.

14  It's just complete guessing that there is a conflict here.  The

15  standard in this litigation is there has to be an actual

16  conflict, not supposed, not I wish, an actual conflict.  *If*

17  doesn't cut the mustard.  There were ten of them.

18          Having said that, going back to the

19  Eastern District of Pennsylvania, we have been involved in a

20  number of litigations, and one of the leading cases in the Third

21  Circuit now and, frankly, in the United States, on multiple

22  representation is the *Lazy Oil* case, which my partner

23  Howard Sedran was counsel of record.

24          That was a class action where our class

25  representative plaintiff objected to the settlement.  My partner

EXHIBIT 7 to Declaration of Russ M. Herman and Arnold Levin

18

1   was faced with a client who was objecting to him going forward

2   with a settlement which he believed to be perfectly reasonable,

3   fair, and adequate.

4           The Third Circuit said that in circumstances like

5   that the rules of professional obligation, the rules of

6   professional conduct, which we're all obliged to follow -- and we

7   take very seriously -- cannot be applied mechanically, rigidly

8   when you're dealing with class actions because there is a

9   fluidity involved when you have multiple representations in

10  existence.

11          That goes back to what Your Honor was saying with

12  regard to MDL practice.  You can't apply Rule 1.7 mechanically in

13  the fashion that opposing counsel would ask the Court to do it.

14  It doesn't work in the circumstances that are reflected in MDL

15  practice.

16          So what I would like to do, Your Honor, is to just

17  go through quickly what I understand to be the record that is

18  before the Court.  First of all, counsel opposite say that they

19  have produced in discovery all the insurance that's there.  When

20  this motion started in the *Nguyen* case in Norfolk, we were -- the

21  movants originally thought there was only $10 million of

22  insurance.  After we pointed out to the defendants that their

23  discovery production indicated far in excess of $12 million, that

24  you could stack these policies, that there was general liability,

25  excess coverage, umbrella coverage for both companies, today I

**EXHIBIT 7 to Declaration of Russ M. Herman and Arnold Levin**

19

1    just heard that it's 132 million.  By our count, it's almost

2    twice that because there are two policies for both companies.

3    That's not a limited fund as far as I know.

4            One of the other things that I heard, and this was

5    a representation that was made to my co-counsel, Mr. Serpe, is

6    that each of the installers involved -- and we haven't gotten

7    this discovery, and this is an issue that I understand we have

8    been asking for from opposing counsel, and he keeps promising it

9    to us -- is that there will be project files produced, and within

10   each project file, although it hasn't been produced yet, is an

11   insurance certificate for each installer.  Each installer was

12   required to have at a minimum a $1 million policy for each home.

13   It could be up to $3 million per home, we are told.

14           So count however many homes that Porter-Blaine

15   installed drywall in, and we have least another million dollars

16   per home.  If it's a hundred homes, we've got another hundred

17   million added the 230 million already.  330 million.  By their

18   count, we're about already to surpass what they perceive to be

19   the minimum -- or maximum limited fund.

20           Going on, Your Honor, they have calculated the

21   total liability by adding up the *ad damnum* clauses of each of the

22   cases, and they have assumed -- and they say this in their

23   papers; it's an assumption, not actuality, not reality -- that

24   there will be a minimum of $2 million damages per household in

25   the class.  Well, not every home is the same.  Not every home is

**EXHIBIT 7 to Declaration of Russ M. Herman and Arnold Levin**

20

1  going to have $2 million in damages.  Some homes have 1,000

2  square feet; some homes have 10,000 square feet.  Damages will

3  differ per home, and it won't be $2 million.  I'm sure that it

4  will be less in some instances, and I would be surprised if it

5  greatly exceeds $2 million in every instance.

6          So I think the speculation and the hypotheticals

7  that were presented to Your Honor in the motion, as well as to

8  the Virginia State Bar when they sought their informal legal

9  opinion, were incorrect, inaccurate, and, frankly, they were

10  entitled to no weight.  I think that Your Honor should give no

11  weight to the informal opinion which, frankly, isn't written.

12          What we do know is written is that we have a formal

13  legal ethics opinion from the Virginia Bar, which was provided as

14  Exhibit A to our papers, and in the formal legal ethics opinion

15  the Virginia State Bar found it was perfectly permissible to have

16  multiple representations like what we're doing right now.

17          Your Honor, one of the things that I was actually

18  concerned about, which is the *Ortiz* case, because the essence of

19  the defendant's motion is that there is a limited fund here.

20  Limited funds really came to an end, for all practical purposes,

21  in the *Ortiz v Fibreboard* case at the United States Supreme

22  Court.

23          I think our firm had probably one of the last, as I

24  know it, surviving class actions that was based on a limited fund

25  in the bone screw litigation against AcroMed, and interestingly,

**EXHIBIT 7 to Declaration of Russ M. Herman and Arnold Levin**

1    there was never a Motion to Disqualify us in that litigation even

2    though there was a limited fund.  We established a limited fund,

3    we're had individual clients, and we had a class action on a

4    limited fund basis.

5              When I looked at the *Ortiz* case in preparation for

6    today, one of the things that I found most interesting was that

7    the case came up in the Fifth Circuit -- I believe it came up out

8    of Texas -- and when it got to the Fifth Circuit on appeal there

9    were a number of issues from the district court's opinion.  What

10   they found was in the *In re: Asbestos* case at 90 F.3d 963 was

11   that there was a Motion to Disqualify where the same concerns

12   raised about Rule 1.7 were made, and the Fifth Circuit rejected

13   the notion that there was a conflict between current claimants

14   and future asbestos claimants.

15             So I think the case law is very clear, Your Honor.

16   There is no conflict unless there is an actual limited fund

17   proven.  So far we don't even have a class certified.  There

18   cannot be any reason to suggest that there is an actual conflict

19   in existence here, and I suggest without that premise, there is

20   no need for me to even go further.

21             THE COURT:  Thank you, counsel.  Any rebuttal?

22             MR. HARDT:  Briefly, Your Honor.

23             MR. LONGER:  Your Honor, one last thing, I just want to

24   add.

25             THE COURT:  Sure.

**EXHIBIT 7 to Declaration of Russ M. Herman and Arnold Levin**

22

1        MR. LONGER:  I just got this the other day, and I want

2   to put on it the ELMO here.  I thought this was the most

3   interesting thing, that at the end of November, counsel opposite

4   actually referred a client to us even though this Motion to

5   Disqualify was pending.  It strikes me as more than extremely

6   disingenuous for counsel to be moving to disqualify people and

7   saying that we're behaving unethically and, yet, referring

8   clients to us.  So I think that there is a quite a lot of

9   questions that should be raised by this motion, and I think all

10  of the questions are answered in the negative.  Thank you,

11  Your Honor.

12        THE COURT:  Thank you.

13        MR. HARDT:  They're complaining we're referring clients

14  to them.  That wasn't a referral of clients.  That was an inquiry

15  that had been made quite some time ago in the interest of making

16  sure that everybody was on the same page, we referred them to

17  them for comment.  That's just interesting how these things come

18  up.

19        A couple of points.  As far as the

20  class-certification procedure -- and it sounds like these fellows

21  play in a lot rougher playground that I play in, Your Honor --

22  we're not filing this as far as class certification.  We not

23  attacking that aspect of the classification proceedings.

24        I think I told Your Honor why we're here and why we

25  felt compelled to file the motion that we did.  It's not

**EXHIBIT 7 to Declaration of Russ M. Herman and Arnold Levin**

1    something that I relish.  It's not something — and I'm not doing

2    it for strategical reasons.  Again, I'm not sure I really want

3    the outcome of this.  Again, I believe I have an obligation under

4    the Virginia ethical rules to raise this issue, and I think that

5    the Court has a responsibility as well.

6            As far as the *Lazy Oil* case, we distinguished that

7    on a brief and ruled on a brief on that issue.  Actually, I think

8    the *Lazy Oil* case has no application to what's before this Court.

9            As far as the subcontractor — as far as this

10   limited fund issues, we have addressed those.  Let me tell you,

11   though, they say that, you know, we made up this $2 million

12   number.  We didn't make up this $2 million number.  If you would

13   look at the list that we've just provided to the Court, and it

14   actually is — the stages of the filings of these individual

15   state court actions have changed since we originally filed the

16   *Germano* disqualification order.  That's why I provided this list,

17   but of the 54 individual state court actions that they have filed

18   in Norfolk, each one seeks $2 million except, for some reason,

19   after we filed the Motion to Disqualify which suggested that

20   there was a limited fund and suggested that, look, they are suing

21   for $2 million on behalf of every single client, you know, they

22   obviously believe these claims each have $2 million, they are all

23   different homes, they are all seeking personal injuries, now you

24   got a hundred class action members in Virginia, you got a hundred

25   class-action members in the *Hinkley* matter in North Carolina, add

**EXHIBIT 7 to Declaration of Russ M. Herman and Arnold Levin**

24

1   the numbers up and it's almost half a billion dollars.  After we

2   made that argument, one of the very next lawsuits that was filed

3   was for $500,000.

4           It was like, okay, did you talk to these folks who

5   have a home in the same subdivision as four other plaintiffs who

6   you all sued for $2 million and tell them, sorry, your case is

7   only worth half a million dollars?  Did you tell these folks, the

8   $500,000 folks, that the three suits we filed the day before,

9   those suits were each worth $2 million, but this one is only

10  worth $500,000?  Have you gone back and told them that since we

11  filed your $500,000 suit we filed 20 more suits all in the amount

12  of $2 million, but in any event, the $2 million, we didn't make

13  that up.  That's what they are suing for.

14          As far as the formal legal ethics opinion that they

15  refer to, we mentioned in our rebuttal brief that we filed in the

16  Germano action in the Eastern District that that formal opinion

17  from the Virginia State Bar has absolutely, positively no

18  application in this case.  That issue dealt with an attorney in a

19  firm that represented a condominium association, and every once

20  in a while they would sue members of the condominium unit owners

21  for their overdue fees.  Then at one point in time the air

22  conditioning unit, which was a common element and which was also

23  a unit -- part of the units, failed so they wanted to file suit

24  on behalf of all of the condominium folks against the

25  manufacturer of the air-conditioning unit to get the

**EXHIBIT 7 to Declaration of Russ M. Herman and Arnold Levin**

1   air-conditioning unit fixed.

2           The sole issue really before the Bar in that formal

3   legal ethics opinion was -- is the fact that we filed suit

4   against some of these homeowners for the collection -- for

5   collection of their assessments, does that prohibit us from

6   filing this, in effect, class suit on behalf of all these folks

7   to sue a manufacturer of the air-conditioning unit?  How that

8   applies to the present case, I have no idea.  It doesn't apply.

9   Citing it is just kind of one of those scratch-your-head kind of

10  things.

11          Finally the *Ortiz* case, as far as it whether it

12  puts an end to the limited fund or not, we cited a number of

13  cases that deal with the limited fund, but actually if you read

14  the *Ortiz* decision, that decision actually supported the decision

15  that you kind of need to step back and have an independent

16  attorney who is objective take a look at the situation and say to

17  these individual clients, all of these 54 individual state court

18  plaintiffs, the Nguyens, the Herschovers (spelled phonetically),

19  the Morgans, all of these folks, would an objective attorney

20  suggest to you that it's okay for these attorneys to represent

21  three separate class actions and a bunch of other folks in

22  Virginia all seeking whatever fund it is, whether it's 260

23  million or whatever it is, and we believe that the answer is no.

24          I appreciate Your Honor as far as what Your Honor

25  has to deal with the MDL and the fact that the PSC -- again, this

**EXHIBIT 7 to Declaration of Russ M. Herman and Arnold Levin**

1    is not directed to the PSC -- but the PSC has to represent people

2    in a bunch of different states and all of those different types

3    of things, but I believe that if the issue comes up in

4    Judge Hall's court, which is the judge that currently has the

5    matters pending in the Norfolk Circuit Court, that she is not so

6    constrained as this Court may feel it is because of the MDL

7    process to deal with issue as a state court matter.

8           That's our position.  Thank you, Your Honor.

9           THE COURT:  I'm not sure, Judge Hall was going to be on

10   the phone today.  I have discussed the matter with her, but she

11   does have some other commitments, so she has a law clerk that is

12   monitoring this situation, so I appreciate both sides.

13          I have had an opportunity to review the briefs as

14   well as the all of the citations given by the parties, and I'll

15   give you my view of it.

16          First, I recognize that this is a Motion to

17   Disqualify Counsel.  These motions, and I take counsel at his

18   word, they are very reluctant to bring it.  It is an

19   uncomfortable motion for anyone to bring, and I think that

20   counsel is in good faith when he says that.  He also recognizes

21   that if there is a substitution, he may find that he's not able

22   to work with the substitute attorneys, so the devil that he knows

23   is generally better than the devil that he doesn't know, and he's

24   concerned about that also.

25          I do recognize that it is a grave responsibility

**EXHIBIT 7 to Declaration of Russ M. Herman and Arnold Levin**

27

1  for counsel to bring these motions and also a grave

2  responsibility for the Court to consider these motions.  I do so

3  with the following observations:

4          First, all of us recognize that it is a sacred and

5  protected right of an individual to select counsel of his or her

6  choosing.  That is one of the important aspects of not only our

7  law but the law of all civilizations, to give someone an

8  opportunity to pick a lawyer to represent them that they feel

9  most comfortable with.  Back in even Greek and medieval times it

10  was recognized that the right to choose counsel was a sacred and

11  protected right, so to thwart that right takes some extraordinary

12  circumstances.

13          Second, I notice that the cases are legion in both

14  class actions as well as MDL's in which counsel have both the

15  responsibility to represent the class or the group as well as to

16  represent individual claimants.  To thwart that is problematic.

17  You would have individuals who represent the class but had

18  absolutely no responsibility to individual class members.  They

19  would be making decisions more often for themselves without any

20  opportunity to consult with their own clients because they would

21  have no clients except the entire class.  If this class is a

22  100,000 people, they would have to convene a meeting of a 100,000

23  individuals and have them respond.  It's not a workable

24  situation.  In every case, MDL cases, class actions, lawyers have

25  responsibilities to represent the class or group as well as the

**EXHIBIT 7 to Declaration of Russ M. Herman and Arnold Levin**

28

1  individual claimants so that's not unusual.

2          With regard to the limited fund, I am not able to

3  at this time say that there is a limited fund.  To say that

4  because the plaintiffs have asked for $10 million, that's what

5  they feel the case is worth, that's not the real world.  All of

6  us know that.  In fact, many states -- Louisiana being one -- now

7  prohibit plaintiffs from asking for any amount.  They simply have

8  to say a reasonable amount, because it's gotten totally out of

9  hand.  Plaintiffs sued for a million dollars and settle a case

10  for $300 or a thousand dollars.  What they asked for has no

11  relationship to what they expect the case to bring.  So to use

12  that as a guide is not accurate.

13          Secondly, I don't know what the damages are.  Each

14  individual case will be different.  Whether or not there is any

15  damages will be different.  I don't know who the defendants are

16  in this case.  I don't know whether it's several, joint

17  liability, or independent liability.

18          In Louisiana, we have a situation where you're only

19  liable for your own negligence.  So if you had two or three or

20  four defendants and one defendant is is held 10 percent

21  negligent, he just is responsible or that entity is only

22  responsible for paying 10 percent of the total damages.  In other

23  states, if you're liable at all, you're liable for the whole

24  amount, and it's your job as a defendant to go after the other

25  defendants for their amount.

**EXHIBIT 7 to Declaration of Russ M. Herman and Arnold Levin**

29

1    So in summary, I don't know how much is involved at

2  this point.  I don't know which defendants are involved at this

3  point.  I don't know how many defendants are involved at this

4  point, and I don't know whether or not there is any liability,

5  and if so, who is liable, and if so, how much they are liable

6  for.

7    Even with the mover, you're looking at insurance.

8  I don't know what the personal assets of the company's owners

9  are.  I don't know whether or not the insurance policies are

10  going to be interpreted for each instance or for a total

11  liability or responsibility.  I don't know whether the insurance

12  agents are responsible for selling insurance at this limited

13  amount.  I don't know whether the brokers are responsible.  I

14  don't know whether there is any insurance advisors that said to

15  the company, "You only need liability for this amount."  If so,

16  they may be responsible.

17    Lastly, I don't know whether or not there are any

18  additional insurers for additional jobs, and I don't know whether

19  they are primary or secondary.  Oftentimes we see a situation

20  where an installer has to put up a certain amount for the job,

21  and that installer's insurance is primary.  So the other

22  insurance may not even be exhausted before the primary insurer's

23  of the installers.  Occasionally it's not that way, but it may

24  well be.

25    In conclusion, the point is that at this stage of

**EXHIBIT 7 to Declaration of Russ M. Herman and Arnold Levin**

30

1    the litigation I don't know whether there is any conflict at all.

2    If a true conflict does emerge later, rather than a possibility

3    of a conflict, then the plaintiffs are going to have to determine

4    whether or not to waive that conflict, which is possible, the

5    advantage of waiving the conflict or not, which is possible; if

6    not, then I can step in and say that there is a conflict, and you

7    have to get out of one or both of the cases.  At this point it's

8    premature at best and baseless at worst from the standpoint of

9    the moving party, so I'm going to deny the motion.

10           The next motion that I have before me is the

11   Plaintiff's Motion to Compel Discovery.  This focuses primarily

12   on the ESI material, electronically stored information, and also

13   the designation of a 30(b)(6) company representative.  Since it's

14   the plaintiff's motion, I'll hear from the plaintiff.

15           MR. DAVIS:  Good morning, Your Honor.  If I may pass to

16   the Court just a brief timeline.  Leonard Davis on behalf of the

17   PSC.

18           As the Court instructed the PSC early on in this

19   matter, the PSC issued discovery to a number of parties.  I know

20   the Court is very familiar with that, and I don't need to go

21   through all of that.

22           Two of the parties that we sent discovery to were

23   Venture and Porter-Blaine, who were both the subject of this

24   Motion to Compel, Venture being an importer and supplier;

25   Porter-Blaine being an installer, which really is a subsidiary of

**EXHIBIT 7 to Declaration of Russ M. Herman and Arnold Levin**

**4**

EXHIBIT 7 to Declaration of Russ M. Herman and Arnold Levin



**FOURTH JUDICIAL CIRCUIT OF VIRGINIA**
**CIRCUIT COURT OF THE CITY OF NORFOLK**

**MARY JANE HALL**
JUDGE

February 8, 2010

100 ST. PAUL'S BOULEVARD
NORFOLK, VIRGINIA 23510

Kenneth F. Hardt, Esq.
1381 Village Mill Drive
Midlothian, VA 23114

John Franklin, III, Esq.
P.O. Box 3490
Norfolk, VA 23513

William C. Bischoff, Esq.
P.O. Box 168
Virginia Beach, VA 23451

M. Scott Stein, Esq.
P.O. Box 12265
Newport News, VA 23612

Richard Serpe, Esq.
Law Offices of Richard Serpe, P.C.
580 E. Main Street
Suite 310
Norfolk, VA 23510

George J. Dancigers, Esq.
McKenry, Dancigers, Dawson & Lake
192 Ballard Court
Suite 400
Virginia Beach, VA 23462

Richard K. Bennett, Esq.
Harman, Claytor, Corrigan &
Wellman
P.O. Box 70280
Richmond, VA 23255

W. F. Drewry Gallalee, Esq.
Williams Mullen
James Center Two
1021 East Cary Street
Richmond, VA 23219

David L. Dayton, Esq.
Kalbaugh, Pfund & Messersmith, P.C.
555 E. Main Street, Suite 1200
Norfolk, VA 23510

Theodore I. Brenner, Esq.
Brenner, Evans & Millman
P.O. Box 470
Richmond, VA 23218

E. D. David, Esq.
David, Kamp & Frank, LLC
739 Thimble Shoals Boulevard
Suite 105
Newport News, VA 23606

RE:   Chinese Drywall Cases

**EXHIBIT 7 to Declaration of Russ M. Herman and Arnold Levin**

RE:   Chinese Drywall Case
Page 2

Civil Docket Nos.:   CL09-5697; CL09-5167; CL09-5168; CL09-6367;
CL09-6366; CL09-6875; CL09-7977; CL09-6820
CL09-6879; CL09-6952; CL09-5135; CL09-5137
CL09-5932; CL09-6332; CL09-5133; CL09-5722
CL09-5127; CL09-5795; CL09-5822; CL09-6880
CL09-6785; CL09-6487; CL09-7556; CL09-5892
CL09-6876; CL09-6333; CL09-6331; CL09-6721
CL09-6725; CL09-7078; CL09-6726; CL09-5895
CL09-5894; CL09-5891; CL09-5893; CL09-6630
CL09-7320; CL09-6878; CL09-7024; CL09-6629
CL09-5903; CL09-6334; CL09-7321; CL09-6784
CL09-7079; CL09-6631; CL09-7322; CL09-5946
CL09-5901; CL09-6720; CL09-7751

Dear Counsel:

This matter came before the Court for hearing on February 2, 2010, on Defendants' Motions Craving Oyer. Those motions are granted for the reasons stated herein.

The Complaints relating to allegedly defective Chinese drywall pending in this Court (approximately 65 in number at present) are virtually identical in substance. All include as Counts I and II against the "builder-developer defendants" claims for breach of contract and breach of express warranty. In many instances, according to counsel, the builder or developer named in the suit had no written contract with, and/or issued no express warranty to the plaintiffs, contrary to the allegations in the Complaint. Some of the builder-developer defendants have filed demurrers to these claims, and others have indicated their intent to do so after a ruling on their motions craving oyer.

A motion craving oyer is a request to require that a document sued upon be treated as though it were part of the Plaintiff's pleadings. *See, e.g., Ragone v. Waldvogel,* 54 Va. Cir. 581 (Roanoke 2001); 14B Michie's Jurisprudence, *Profert and Oyer,* § 1 – 5. The motion provides a defendant the opportunity to submit to the Court the question of whether a plaintiff suing for breach of contract has stated a claim upon which relief may be granted:

**EXHIBIT 7 to Declaration of Russ M. Herman and Arnold Levin**

Page 3
RE:    Chinese Drywall Cases

> When a demurrant's motion craving oyer has been granted, the court in ruling on the demurrer may properly consider the facts alleged as amplified by any written agreement added to the record on the motion.  Furthermore ⋯ a court considering a demurrer may ignore a party's factual allegations contradicted by the terms of authentic, unambiguous documents that properly are a part of the pleadings.

*Ward's Equipment v. New Holland North America*, 254 Va. 379, 382, 493 S.E.2d 516 (1997).

A defendant who contends that it is not party to any contract with the plaintiff, or that the terms of the particular contract vary from the plaintiff's characterization of those terms, can only submit such issues for consideration on demurrer if the plaintiff is ordered to append the contract itself as part of the pleadings.

A motion craving oyer should be granted as to documents that form the basis of a plaintiff's claim but not as to those that are merely referenced in the plaintiff's pleadings.  *See, e.g., Ragone v. Waldvogel*, 54 Va. Cir. 581 (Roanoke 2001)(denying motion craving oyer as to "merely evidentiary material").  In the instant cases, Plaintiffs' counsel contends that identification and production of contracts, warranties, and other documents germane to this dispute should be permitted to occur through discovery and not at the pleading stage.  As to Counts I and II, the Court disagrees.

The claims for breach of contract and breach of express warranty depend upon the existence of written contracts and warranties.  These written documents are the very basis for these claims and not "merely evidentiary materials."  Defendants, who entered into no contract with any of the homeowners in these cases, should not be required to defend claims that sound in contract.

Accordingly, the motions of those builder/developers will be granted. Plaintiffs hereby are directed to submit a written pleading styled "Supplement to

**EXHIBIT 7 to Declaration of Russ M. Herman and Arnold Levin**

RE:   Chinese Drywall Cases
Page 4

Complaint Pursuant to Court's Order Granting Motion Craving Oyer" that either appends any written contract or warranty referred to in Counts I or II, or that discloses that Plaintiffs are unaware of the existence of such a writing at this time.  Those supplements will be considered in conjunction with the demurrers of those who have filed Motions Craving Oyer.

In light of the pending hearing date of March 17 on all pending demurrers and pleas in bar, the Court proposes that Plaintiffs make the required filing by February 24 (three weeks prior to the hearing); but, the Court will permit the filing to be on such other date to which the parties can agree if the proposed date is unsuitable.

Sincerely,

Mary Jane Hall
Judge

MJH/nm

**EXHIBIT 7 to Declaration of Russ M. Herman and Arnold Levin**

**5**

EXHIBIT 7 to Declaration of Russ M. Herman and Arnold Levin



**FOURTH JUDICIAL CIRCUIT OF VIRGINIA**
**CIRCUIT COURT OF THE CITY OF NORFOLK**

**MARY JANE HALL**
JUDGE

March 10, 2010

100 ST. PAUL'S BOULEVARD
NORFOLK, VIRGINIA 23510

Kenneth F. Hardt, Esq.
1381 Village Mill Drive
Midlothian, VA  23114

John Franklin, III, Esq.
P.O. Box 3490
Norfolk, VA  23513

William C. Bischoff, Esq.
P.O. Box 168
Virginia Beach, VA  23451

M. Scott Stein, Esq.
P.O. Box 12265
Newport News, VA  23612

Richard Serpe, Esq.
Law Offices of Richard Serpe, P.C.
580 E. Main Street
Suite 310
Norfolk, VA  23510

George J. Dancigers, Esq.
McKenry, Dancigers, Dawson & Lake
192 Ballard Court
Suite 400
Virginia Beach, VA  23462

Richard K. Bennett, Esq.
Harman, Claytor, Corrigan &
Wellman
P.O. Box 70280
Richmond, VA  23255

W. F. Drewry Gallalee, Esq.
Williams Mullen
James Center Two
1021 East Cary Street
Richmond, VA 23219

David L. Dayton, Esq.
Kalbaugh, Pfund & Messersmith, P.C.
555 E. Main Street, Suite 1200
Norfolk, VA  23510

Theodore I. Brenner, Esq.
Brenner, Evans & Millman
P.O. Box 470
Richmond, VA  23218

E. D. David, Esq.
David, Kamp & Frank, LLC
739 Thimble Shoals Boulevard
Suite 105
Newport News, VA  23606

RE:   Chinese Drywall Cases

**EXHIBIT 7 to Declaration of Russ M. Herman and Arnold Levin**

RE:   Chinese Drywall Case
Page 2

Civil Docket Nos.:      CL09-3105; CL09-5127; CL09-5133; CL09-5135;
CL09-5137; CL09-5167; CL09-5168; CL09-5697;
CL09-5722; CL09-5763; CL09-5795; CL09-5822;
CL09-5891; CL09-5892; CL09-5893; CL09-5894;
CL09-5895; CL09-5901; CL09-5903; CL09-5932;
CL09-5946; CL09-6328; CL09-6329; CL09-6330;
CL09-6331; CL09-6332; CL09-6333; CL09-6334;
CL09-6365; CL09-6366; CL09-6367; CL09-6487;
CL09-6629; CL09-6630; CL09-6631; CL09-6720;
CL09-6721; CL09-6725; CL09-6726; CL09-6784;
CL09-6785; CL09-6820; CL09-6875; CL09-6876;
CL09-6878; CL09-6879; CL09-6880; CL09-6952;
CL09-7024; CL09-7078; CL09-7079; CL09-7320;
CL09-7321; CL09-7322; CL09-7556; CL09-7751;
CL09-7768; CL09-7769; CL09-7802; CL09-7803;
CL09-7859; CL09-7880; CL09-7977; CL10-0035;
CL10-0037

Dear Counsel:

The Court has received Plaintiffs' Motion to Quash Notices of hearings, which recites that certain defendants intend to present oral argument on motions specific to certain cases or otherwise not addressed within the purview of the Omnibus Response.

The Court directs all parties to confer and attempt to reach agreement on what issues should be argued at the status conference at 10:00 a.m. on March 17, 2010.  Parties should please bear in mind that the Court's time is finite.

Please advise the Court by Friday of any agreement that is reached. If the parties are not able to reach an agreement, each party shall notify the Court of the specific motions and/or issues, by case number, on which each seeks to present oral argument.

Sincerely,

Mary Jane Hall

Mary Jane Hall
Judge

MJH/nm

**EXHIBIT 7 to Declaration of Russ M. Herman and Arnold Levin**

Norfolk Circuit Court
100 St. Paul's Blvd.
Norfolk, Virginia 23510
Phone: (757) 664-4595
Fax: (757) 664-4581

# facsimile transmittal

To _All Counsel_   Fax: _Judge Hall_

From: _____   Date: _3/10/10_

Re: _____   Pages: _____

_Chinese Drywall cases_

☐ Urgent   ☐ For Review   ☐ Please Comment   ☐ **Please Reply**   ☐ Please Recycle

IF THERE ARE ANY PROBLEMS WITH THIS TRANSMISSION PLEASE CONTACT
THE PERSON LISTED ABOVE.

_Please see attached._

**EXHIBIT 7 to Declaration of Russ M. Herman and Arnold Levin**

TRANSMISSION VERIFICATION REPORT

```
                                    TIME  : 03/10/2010 07:41
                                    NAME  : JUDGES_OFFICE
                                    FAX   : 7576644582
                                    TEL   : 7576644595
                                    SER.# : 000H5J663132
```

```
DATE,TIME              03/10  07:40
FAX NO./NAME           94286982
DURATION               00:01:05
PAGE(S)                03
RESULT                 OK
MODE                   STANDARD
                       ECM
```

**EXHIBIT 7 to Declaration of Russ M. Herman and Arnold Levin**

TRANSMISSION VERIFICATION REPORT

```
                                    TIME : 03/10/2010 07:40
                                    NAME : JUDGES_OFFICE
                                    FAX  : 7576644582
                                    TEL  : 7576644595
                                    SER.# : 000H5J663132
```

```
DATE,TIME                 03/10  07:39
FAX NO./NAME              98734449
DURATION                  00:01:08
PAGE(S)                   03
RESULT                    OK
MODE                      STANDARD
                          ECM
```

**EXHIBIT 7 to Declaration of Russ M. Herman and Arnold Levin**

TRANSMISSION VERIFICATION REPORT

```
                                        TIME  : 03/10/2010 07:38
                                        NAME  : JUDGES_OFFICE
                                        FAX   : 7576644582
                                        TEL   : 7576644595
                                        SER.# : 000H5J663132
```

```
    DATE,TIME                       03/10  07:37
    FAX NO./NAME                    96235700
    DURATION                        00:01:03
    PAGE(S)                         03
    RESULT                          OK
    MODE                            STANDARD
                                    ECM
```

**EXHIBIT 7 to Declaration of Russ M. Herman and Arnold Levin**

TRANSMISSION VERIFICATION REPORT

```
                              TIME  : 03/10/2010 07:36
                              NAME  : JUDGES_OFFICE
                              FAX   : 7576644582
                              TEL   : 7576644595
                              SER.# : 000H5J663132
```

```
DATE,TIME              03/10  07:35
FAX NO./NAME           919047036507060115
DURATION               00:01:06
PAGE(S)                03
RESULT                 OK
MODE                   STANDARD
                       ECM
```

**EXHIBIT 7 to Declaration of Russ M. Herman and Arnold Levin**

TRANSMISSION VERIFICATION REPORT

```
                                        TIME  : 03/10/2010 07:34
                                        NAME  : JUDGES_OFFICE
                                        FAX   : 7576644502
                                        TEL   : 7576644595
                                        SER.# : 000H5J663132
```

```
DATE,TIME                    03/10  07:33
FAX NO./NAME                 96251504
DURATION                     00:01:03
PAGE(S)                      03
RESULT                       OK
MODE                         STANDARD
                             ECM
```

**EXHIBIT 7 to Declaration of Russ M. Herman and Arnold Levin**

TRANSMISSION VERIFICATION REPORT

```
                              TIME  : 03/10/2010 07:33
                              NAME  : JUDGES_OFFICE
                              FAX   : 7576644502
                              TEL   : 7576644595
                              SER.# : 000H5J653132
```

```
DATE,TIME                          03/10  07:32
FAX NO./NAME                       95956723
DURATION                           00:01:04
PAGE(S)                            03
RESULT                            OK
MODE                              STANDARD
                                  ECM
```

**EXHIBIT 7 to Declaration of Russ M. Herman and Arnold Levin**

TRANSMISSION VERIFICATION REPORT

```
                              TIME  : 03/10/2010 07:31
                              NAME  : JUDGES_OFFICE
                              FAX   : 7576644582
                              TEL   : 7576644595
                              SER.# : 000H5J663132
```

```
        DATE,TIME              03/10  07:30
        FAX NO./NAME           94612341
        DURATION               00:01:03
        PAGE(S)                03
        RESULT                 OK
        MODE                   STANDARD
                               ECM
```

**EXHIBIT 7 to Declaration of Russ M. Herman and Arnold Levin**

TRANSMISSION VERIFICATION REPORT

```
                              TIME   : 03/10/2010 07:30
                              NAME   : JUDGES_OFFICE
                              FAX    : 7576644582
                              TEL    : 7576644595
                              SER.#  : 000H5J663132
```

```
DATE,TIME                     03/10  07:29
FAX NO./NAME                  918046441354060115
DURATION                      00:01:04
PAGE(S)                       03
RESULT                        OK
MODE                          STANDARD
                              ECM
```

**EXHIBIT 7 to Declaration of Russ M. Herman and Arnold Levin**

TRANSMISSION VERIFICATION REPORT

```
                              TIME  : 03/10/2010 07:28
                              NAME  : JUDGES_OFFICE
                              FAX   : 7576644582
                              TEL   : 7576644595
                              SER.# : 000H5J663132
```

```
   DATE,TIME                    03/10  07:27
   FAX NO./NAME                 918047476085060115
   DURATION                     00:01:03
   PAGE(S)                      03
   RESULT                       OK
   MODE                         STANDARD
```

**EXHIBIT 7 to Declaration of Russ M. Herman and Arnold Levin**

TRANSMISSION VERIFICATION REPORT

```
                                    TIME   : 03/10/2010 07:26
                                    NAME   : JUDGES_OFFICE
                                    FAX    : 7576644582
                                    TEL    : 7576644595
                                    SER.#  : 000H5J663132
```

```
DATE,TIME                    03/10  07:25
FAX NO./NAME                 918043782610060115
DURATION                     00:01:03
PAGE(S)                      03
RESULT                       OK
MODE                         STANDARD
                             ECM
```

**EXHIBIT 7 to Declaration of Russ M. Herman and Arnold Levin**

TRANSMISSION VERIFICATION REPORT

```
                                    TIME  : 03/10/2010 07:24
                                    NAME  : JUDGES_OFFICE
                                    FAX   : 7576644502
                                    TEL   : 7576644595
                                    SER.# : 000H5J663132
```

```
DATE,TIME
FAX NO./NAME          03/10  07:23
DURATION              92330455
PAGE(S)               00:01:04
RESULT                03
MODE                  OK
                      STANDARD
```

**EXHIBIT 7 to Declaration of Russ M. Herman and Arnold Levin**

**6**

EXHIBIT 7 to Declaration of Russ M. Herman and Arnold Levin

VIRGINIA:   IN THE CIRCUIT COURT FOR THE CITY OF NORFOLK

IN RE:   ALL PENDING CHINESE DRYWALL CASES

Civil Docket Nos.: CL09-3105; CL09-5127; CL09-5133; CL09-5135;
CL09-5137; CL09-5167; CL09-5168; CL09-5697;
CL09-5722; CL09-5763; CL09-5795; CL09-5822;
CL09-5891; CL09-5892; CL09-5893; CL09-5894;
CL09-5895; CL09-5901; CL09-5903; CL09-5932;
CL09-5946; CL09-6328; CL09-6329; CL09-6330;
CL09-6331; CL09-6332; CL09-6333; CL09-6334;
CL09-6365; CL09-6366; CL09-6367; CL09-6487;
CL09-6629; CL09-6630; CL09-6631; CL09-6720;
CL09-6721; CL09-6725; CL09-6726; CL09-6784;
CL09-6785; CL09-6820; CL09-6875; CL09-6876;
CL09-6878; CL09-6879; CL09-6880; CL09-6952;
CL09-7024; CL09-7078; CL09-7079; CL09-7320;
CL09-7321; CL09-7322; CL09-7556; CL09-7751;
CL09-7768; CL09-7769; CL09-7802; CL09-7803;
CL09-7859; CL09-7880; CL09-7977; CL10-0035;
CL10-0037

## MEMORANDUM OPINION

The matter comes before the Court on Defendants' demurrers to

Counts III through XI of the Plaintiffs' Complaints.  The Court heard oral

argument on those legal issues raised by demurrer that were common to

all consolidated cases.  The parties have reserved argument as Counts I,

II, and XII, as well as individual legal issues not common to all.  The Court

refers to Defendants in the two groups identified in the Complaint: the

Builder/Developer Defendants and the Manufacturer/Supplier Defendants.

As set forth herein, with respect to those issues submitted, the

Court rules as follows:

**EXHIBIT 7 to Declaration of Russ M. Herman and Arnold Levin**

Count III – demurrers are OVERRULED.

Count IV – demurrers are OVERRULED.

Count V – demurrers are OVERRULED.

Count VI – demurrers are SUSTAINED.

Count VII – demurrers are SUSTAINED.

Count VIII – demurrers are SUSTAINED.

Count IX – demurrers are OVERRULED as to Manufacturer/ Supplier Defendants; and SUSTAINED as to Builder/Developer Defendants.

Count X – demurrers are SUSTAINED.

Count XI – demurrers are SUSTAINED.

## FACTUAL BACKGROUND

The many suits filed herein, which have been consolidated for pretrial purposes, are brought by homeowners seeking damages allegedly resulting from the importation, sale, and installation of defective Chinese drywall. The Complaints allege that the Chinese drywall is inherently defective because it emits various sulfide gases and other toxic chemicals that create noxious odors and cause damage and corrosion to various systems within their homes, as well as personal and other household property items. They also allege that the chemical compounds have caused and are causing personal injury to the occupants of the homes.

2

**EXHIBIT 7 to Declaration of Russ M. Herman and Arnold Levin**

Chinese drywall has triggered a tsunami of cases nationwide, including thousands of federal complaints that have been consolidated into multidistrict litigation in the United States District Court for the Eastern District of Louisiana, with many more hundreds of cases pending in Florida, Louisiana, Alabama, Mississippi, Virginia, and North Carolina.

## COUNT III: IMPLIED WARRANTIES

Plaintiffs include three counts in their Complaints arising out of alleged breaches of implied warranties. With Count III, against all defendants, Plaintiffs assert a general breach of implied warranties; in Count IX, Plaintiffs claim a breach of the implied warranty of merchantability against all defendants; and in Count X, they assert a breach of the implied warranty of fitness for a particular purpose. The Complaint does not identify the source of any of the warranties alleged in these counts, but the parties have acknowledged in their briefs that Counts IX and X asserted warranty claims available only under the Uniform Commercial Code, while Count III addressed common-law warranty claims and/or any other available statutory warranties.

The Builder-Developer Defendants acknowledge that buyers of new homes enjoy a statutory warranty provided in Virginia Code § 55-70.1. They demur on the basis of Plaintiffs' failure to plead the particulars relating each claimed warranty, including the date that it commenced, the

3

**EXHIBIT 7 to Declaration of Russ M. Herman and Arnold Levin**

date of the breach, and the date and substance of any notice of breach.  In some of the cases, they assert that the statutory warranty extends only to the initial vendee of a new home and not a subsequent purchaser.  In addition, *citing Bruce Farms, Inc. v. Coup,* 219 Va. 287, 247 S.E.2d 400 (1976), they also ask the Court to rule that no warranties other than those provided for § 55-70.1 apply to the transactions at issue in this litigation against them.

Section 55-70.1 does not include the pleading requirements cited by the Builder-Developers.  Unless otherwise specified by statute, Rule 1:4(j) authorizes pleadings to include simple statements accompanied by the essential facts alleged.  The Court finds that Count III meets this requirement.  Also, the statute does not expressly limit the benefit of the warranty to the initial transferee as opposed to subsequent vendees, as argued in some of the cases.  The Court declines to issue the requested ruling as to the alleged exclusivity of warranties under § 55-70.1 in the context of a demurrer to the Complaint.

The remaining defendants demur to Count III for reasons that the Court determines to be those more appropriately heard in an evidentiary hearing.  They allege, *inter alia,* that the UCC warranties invoked in Counts IX and X are the only applicable warranties relating to their transactions and there are no other claims that could be the subject of

4

EXHIBIT 7 to Declaration of Russ M. Herman and Arnold Levin

Count III. Tobin Trading alleges that it never sold anything to Plaintiffs, so it may not be held liable in warranty at all. Reference to Plaintiffs' pleadings, however, indicate that the count has been properly pled and is supported by sufficient factual allegations to permit Count III to withstand demurrer.

All demurrers to Count III are overruled.

## COUNT IV: NEGLIGENCE

Count IV alleges that all Defendants were negligent in creating the dangerous condition presented by the Chinese drywall. Defendants' demurrer to this count argues that the economic loss rule (the "ELR") bars Plaintiffs from recovering economic damages such as the cost to repair the drywall and repair the damage to their homes.

In support of their Demurrer, Defendants largely rely upon *Sensenbrenner v. Rust*, 236 Va. 419, 374 S.E.2d 55 (1988), a decision that in turn relied upon the United States Supreme Court decision in *East River S.S. Corp. v. Transamerica Delaval*, 476 U.S. 858 (1986).

In *Sensenbrenner*, homeowners asserted a negligence claim against an architect and a pool subcontractor with whom they were not in privity, alleging that negligence in the design and construction of their swimming pool caused damage to their home. The Supreme Court of Virginia found that the homeowner could not recover in tort because both the pool and

5

**EXHIBIT 7 to Declaration of Russ M. Herman and Arnold Levin**

the home were elements of the "package" that was the subject of the parties' contract with their builder.   In arriving at this conclusion, the Court reasoned that the plaintiffs  alleged nothing more than disappointed economic expectations.   The Court discussed the distinction between tort losses and disappointed economic expectations:

> The law of torts is well equipped to offer redress for losses suffered by reason of a 'breach of some duty imposed by law to protect the broad interests of social policy.'  Tort law is not designed, however, to compensate parties for losses suffered as a result of a breach of duties assumed only by agreement.   That type of compensation necessitates and analysis of the damages which were within the contemplation of the parties when framing their agreement.   It remains the particular province of the law of contract.
>
> The controlling policy consideration underlying tort law is the safety of persons and property—the protection of persons and property from losses resulting from injury.   The controlling policy consideration underlying the law of contracts is the protection of expectations bargained for.

236 Va. at 425, 374 Va. at 58 (citation omitted).   Elsewhere, the Court held that "when a plaintiff alleges and proves nothing more than disappointed economic expectations, the law of contracts, not the law of torts, provides the remedy for such economic losses." *Filak v. George* , 267 Va. 612, 618. 594 S.E.2d 610, 613 (2004).

All parties claim that the ELR bars the negligence cause of action and that Plaintiffs are limited to damages available under the law of contract.   At oral argument, certain Defendants conceded that Plaintiffs

6

**EXHIBIT 7 to Declaration of Russ M. Herman and Arnold Levin**

may sue in negligence for personal injury and for damages to property that was not part of the home itself (e.g., damaged computers but not damaged wiring or HVAC).   They contend that remaining damages claimed, including those associated replacement of the drywall, are barred by the ELR.

These precise issues were addressed at length in an opinion authored by Judge Fallon in the United States District Court for the Eastern District of Louisiana, presiding judge over the Multi-District Litigation involving Chinese Manufactured Drywall (MDL No. 2047, Section L).   In his January 13, 2010 Order and Reasons, Judge Fallon analyzed the ELR under the laws of states that, like Virginia, have followed the precedent of the United States Supreme Court decision in *East River S.S. Corp. v. Transamerica Delaval*, 476 U.S. at 858.  He noted that "from the origin of the ELR in *East River*, through its development in various states, ⋯ it is clear that the ELR targets products which fail to meet a plaintiff's economic expectations, as distinguished from products which pose an unreasonable risk of harm to a plaintiff's property and health, but do not fail to meet their intended purpose.  For this latter group, the ELR has no relevance." Opinion at 15.

Analyzing the facts of *East River*, which involved defectively designed turbine components on supertankers which caused only the

**EXHIBIT 7 to Declaration of Russ M. Herman and Arnold Levin**

turbines to malfunction, Judge Fallon observed that there were few similarities between the facts and rationale of that case and those involving Chinese drywall:

> The instant matter does not involve a non-operational product like the turbines in *East River.* Rather, the Chinese drywall in the instant matter is operating as intended – as an interior wall and/or ceiling, a room divider, a shell for insulation and wiring, and a base for hanging various items, such as lighting fixtures and decorative items.  It is not crumbling, deteriorating, or failing to serve its intended purpose.  The allegations involving the Chinese drywall are that it is contaminating the home by giving off noxious fumes, which are corroding certain metal elements located within the property where the drywall is installed, and is causing health problems to the inhabitants of this property.  Factually, this contrasts with defective turbines which ceased to run.

*Id.* at 19.  Because the Chinese drywall was serving its intended purpose but was also posing an unreasonable risk of harm to property and health, Judge Fallon ruled that the ELR did not apply; and the negligence claims were not barred.

In consolidated Chinese Drywall litigation pending in Miami – Dade County, Florida, a Florida state court has likewise denied motions to dismiss tort claims under the ELR for the same reasons.  In its December 18, 2009 order, the Circuit Court of the Eleventh Judicial Circuit held:

> The purported off-gassing of sulfur-based compounds has not caused the drywall to fail at its general purpose and function.  Instead, the off-gassing places the drywall into a category of products whose failure may have created an unreasonable risk of harm.  As such, the economic loss rule

**EXHIBIT 7 to Declaration of Russ M. Herman and Arnold Levin**

will not be employed to restrict the plaintiffs, and they are permitted to maintain their tort claims as currently alleged.

*In re Chinese Drywall Litig.*, No.09-200,000 (Fla. Cir. Ct. Dec. 18, 2009).

Defendants have cited to the Court a number of Virginia decisions involving negligence claims within the context of building construction litigation, including *Rotunda Condominium Unit Owners Assoc. v. Rotunda Assoc.*, 238 Va. 85, 380 S.E.2d 876 (1989)(alleging structural defects). *Bay Point Condominium Assoc., Inc. v. RML Corp* 52 Va. Cir. 432 (Norfolk 2000)(involving EIFS/synthetic stucco that failed to prevent water intrusion into walls), and *MacConkey v. F.J. Matter Design, Inc.*, 54 Va. Cir. 1 (Va. Beach 2000) (EIFS/water intrusion case). The cases cited each involved a product that failed to meet the bargained-for level of quality, causing a diminution in the value of the plaintiff's property.

More analogous to the facts at bar are decisions relating to tort claims and economic losses involving asbestos fireproofing. Like Chinese drywall, asbestos fireproofing served its intended structural and fire retardant purpose; but it also presented the potential to cause damages and personal injury. As the United States Court of Appeals for the Fourth Circuit ruled, in a case applying South Carolina law:

> In both *East River* and *Watermark [Association v. Celetex Corp.*, 784 F.2d 1183 (4th Cir. 1986)] the defective products injured only themselves. There was no claim of any injury or threat of injury to persons or to other property. By contrast,

9

EXHIBIT 7 to Declaration of Russ M. Herman and Arnold Levin

the injury that resulted from the installation of [asbestos] in this case is the contamination of the Greenville City Hall with asbestos fibers, which endanger the lives and health of the building's occupants. In our opinion, this is not the type of risk that is normally allocated between the parties to a contract by agreement, unlike the risk of malfunctioning turbines at issue in *East River* or the risk of faulty roofing shingles involved in *Watermark*.

*City of Greenville v. W.R. Grace & Co.*, 827 F.2d 975, 977-78 (4th Cir. 1987).

The Court finds no notable differences in the law applied by Judge Fallon in his decision and Virginia ELR law, which also traces its roots to the *East River* decision. For the reasons stated herein, the Court declines to rule that the claims in Count IV are barred by the ELR.

The Builder/Developer Defendants also demur to Count IV on the basis that the only duties owed to Plaintiffs were those imposed by contract. The Court holds that the duty to avoid creating an unsafe condition within Plaintiffs' homes and to avoid injuring Plaintiffs are duties imposed by law and not dependent upon the terms of their contracts with Plaintiffs. As Judge Klein wrote,

Although this court fully agrees with the rationale underlying the Supreme Court of Virginia's decision [*Kamlar Corp. v. Haley*, 224 Va. 699 (1983)] holding that a breach of contract should not inevitably lead to litigation also sounding in tort, the court declines to extend this rationale to preclude a personal injury claim by someone claiming serious injury arising from a contracting party's creation of an unreasonably dangerous condition.

10

**EXHIBIT 7 to Declaration of Russ M. Herman and Arnold Levin**

*Gonella v. Lumbermens Mutual Casualty Co.*, 64 Va. Cir. 229, 235 (Fairfax 2004).  To the same effect, in *Meng v. The Drees Co.*, 77 Va. Cir. 442 (Loudoun 2009), the court ruled that "as a result of negligence on the part of the builder, an unsafe condition was created within the household leading to injury and damages being sustained by the plaintiffs.  The duty to avoid creating such a condition and of injuring the plaintiffs is one imposed by law and not dependent upon the terms of the contract." *Id.* at 444. The *Meng* Court quoted Professor Keeton's treatise:

> Generally speaking, there is a duty to exercise reasonable care in how one acts to avoid physical harm to persons and tangible things.  Entering into a contract with another pursuant to which one party promises to do something does not alter the fact that there was a preexisting obligation or duty to avoid harm when one acts.

W. Page Keeton, *Prosser and Keeton on the Law of Torts* 656–57 (5th ed. West 1984).

Therefore, although the Builder/Developer Defendants may have had contract duties relating to the claims asserting herein, the Court finds that Plaintiffs have properly alleged breach of duties owed by common law as well.

The demurrers to Count IV are OVERRULED.

11

EXHIBIT 7 to Declaration of Russ M. Herman and Arnold Levin

## COUNT V: NEGLIGENCE PER SE

Plaintiffs' negligence per se claims allege that Defendants breached statutory duties to Plaintiff "including but not limited to statutory duties imposed under the Virginia Building Code." The doctrine of negligence per se represents the adoption of "the requirements of a legislative enactment as the standard of conduct of a reasonable man." *Butler v. Frieden*, 208 Va. 352, 353, 158 S.E.2d 121, 122 (1967). The Virginia Supreme Court explained the doctrine:

> A party relying on negligence per se does not need to establish common law negligence provided the proponent produces evidence supporting a determination that the opposing party violated a statute enacted for public safety, that the proponent belongs to the class of persons for whose benefit the statute was enacted and the harm suffered was of the type against which the statute was designed to protect, and that the statutory violation was a proximate cause of the injury.

*McGuire v. Hodges,* 273 Va. 199, 206, 639 S.E.2d 284, 288 (2007),

Defendants rely upon a number of circuit court decisions holding that the Virginia Building Code was not intended to provide the basis of a duty in a negligence claim for damages. Indeed, this Court so held in *Ripley Hetwole Co., Inc. v. Hall Electrical Contractor,* 69 Va. Cir. 69 (Norfolk 2005).

Since the circuit court cases cited by Defendants were decided, the Virginia Supreme Court approved the negligence per se doctrine in a case

12

**EXHIBIT 7 to Declaration of Russ M. Herman and Arnold Levin**

involving the violation of an applicable building code provision. In *McGuire v. Hodges*, 273 Va. at 199, 639 S.E.2d at 284, the Court permitted a building code provision relating to swimming pool enclosures to supply the statutory violation required for negligence per se:

> The evidence was clearly sufficient ⋯ that [the defendant] violated the Building Code because the pool gate latch was not self-latching and the latch itself was substantially lower ⋯ than required. [Plaintiff's decedent] was clearly within the class of individuals meant to be protected because Section 616.9 of the National Building Code specifically required the fence to make the pool entirely inaccessible to small children. The harm suffered here, [the child's] drowning, was the type against which the statute was designed to protect.

*Id*. at 207. Application of the *McGuire* holding confirms that plaintiffs may properly refer to the building code for the required statutory violation.

Defendants additionally argue that Plaintiffs have not suffered the types of harm against which the building code provisions were designed to protect and that alleged building code violations did not proximately cause the claimed injuries. Plaintiffs do have the burden of satisfying those requirements, but whether they have met those burdens present issues that must be determined by the fact-finder at trial.

Plaintiffs' pleadings satisfy the pleading standard for a negligence per se claim, and the Court will permit Count V to go forward on the basis of alleged building code violations.

13

**EXHIBIT 7 to Declaration of Russ M. Herman and Arnold Levin**

## COUNT VI: UNJUST ENRICHMENT

In Count VI, Plaintiffs characterize Defendants' "receipt and retention of the profits gained by sale of the defective drywall" as unjust and inequitable. Plaintiffs do not, however, limit their prayer to the return of profits unjustly retained; they recite that they have "sustained substantial damages as set forth herein. Compl. ¶ 47.

Unjust enrichment provides the basis for implying an equitable contract where there is no express contract. *Raven Red Ash Coal Co. v. Ball*, 185 Va. 534, 542–43, 39 S.E.2d 231, 235 (1946). In order to state a cause of action for unjust enrichment, Plaintiffs must allege (1) they conferred a benefit on Defendants, (2) Defendants were aware of the benefit and should reasonably have expected to pay for it, and (3) Defendants failed to pay for the benefit's value. *Schmidt v. Household Finance Corp.*, 276 Va. 108, 116, 661 S.E.2d 834, 838 (2008).

The Manufacturer/Supplier Defendants argue that they had no contact with any of the Plaintiffs, that they received no benefit from Plaintiffs, and that no facts are alleged to indicate that they should have known that some payment from them to Plaintiffs was expected. The Builder/Developer Defendants argue that a claim for unjust enrichment is a judicially created rationale for implying the existence of a contract where no express contract exists. Because they also face liability for

14

EXHIBIT 7 to Declaration of Russ M. Herman and Arnold Levin

breach of contract and express warranty, they claim that unjust enrichment has no application to them. Additionally, they argue the absence of any facts alleged to indicate that they received a benefit from Plaintiffs for which they should have expected to pay.

Plaintiffs contend that they sufficient pleaded each element of unjust enrichment, but Count VI has no facts to support any allegation that Defendants should have reasonably expected to pay Plaintiffs for something. Plaintiffs have not cited any case in which a defendant who allegedly provided defective goods or services was held liable under this theory. The heart of an unjust enrichment claim is the implied promise that a defendant would pay for a benefit that he received: "One may not recover under a theory of implied contract simply by showing a benefit to the defendant, without adducing other facts to raise an implication that the defendant promised to pay the plaintiff for such benefit." *Nedrich v. Jones*, 245 Va. 465, 476, 429 S.E.2d 201, 207 (1993).

The failure to plead anything about Defendants' reasonable expectation to pay Plaintiffs for some benefit that they received is fatal to this claim. While builders, developers, manufacturers and suppliers all perhaps expect to face a claim for damages in the event of some breach of duty on their part, they have no reason to expect to repay the benefit that they realized from the transaction. Profits realized from business

15

EXHIBIT 7 to Declaration of Russ M. Herman and Arnold Levin

transactions often bear no relationship to reasonably foreseeable damages that might flow from a breach of duty.  Return of profits, as opposed to liability for foreseeable damages, would almost certainly be an inferior remedy to customers adversely affected by defective products.  The bare allegation that a defendant should be expected to repay whatever profits it realized from a sale to an unhappy customer does not state a claim for unjust enrichment.  Thus, the Court SUSTAINS all Defendants' demurrers to Count VI.

COUNT VII: PRIVATE NUISANCE

Count VII alleges that Defendants' acts or omissions created a private nuisance.  Under Virginia law:

> A private nuisance is the using, or authorizing the use of, one's property, or of anything under one's control, so as to injuriously affect an owner or occupier of property (1) by diminishing the value of that property; (2) by continuously interfering with his power of control or enjoyment of that property; (3) by causing material disturbance or annoyance to him in his use or occupation of that property.

*Virginia Railway Company v. London*, 114 Va. 334, 344-45, 76 S.E. 306, 308 (1912).  Defendants demur to Count VII on the grounds that they have no ownership or control over the drywall that is causing the nuisance.  Defendants point out that control is an essential element to a private nuisance cause of action.  Without control over the material, Defendants have no opportunity to abate the nuisance or provide a remedy.

16

**EXHIBIT 7 to Declaration of Russ M. Herman and Arnold Levin**

Plaintiffs concede that the Supreme Court of Virginia has not yet recognized private nuisance as a cause of action against defendants who no longer control the alleged nuisance.  They argue that the Court's broad definition of the realm of private nuisance law indicates that it would accept the application of existing nuisance principles to defective products, citing *City of Virginia Beach v. Murphy*, 239 Va. 353, 389 S.E.2d 462 (1990)(appeal of trial court's dismissal of prosecution of restaurant owner for allowing loud music, reversing lower decision that city noise ordinance was unconstitutional), *National Energy Corp. v. O'Quinn*, 223 Va. 83, 286 S.E.2d 181 (1982)(affirming judgment against operator of coal processing plant in favor of neighbors who alleged nuisance) and *Fairfax County v. Parker*, 186 Va. 675, 44 S.E.2d 9 (1947)(challenge to validity of zoning ordinance).

Plaintiffs cite the Restatement (Second) of Torts as their supporting authority for the principle that a defendant's liability for harmful physical conditions should continue:

> If he creates the condition upon land in his possession and thereafter sells or leases it to another, he is subject to liability for invasions caused by the condition after the sale or lease as well as for those occurring before.

Restatement (Second) of Torts § 834, comment e (1979).  Plaintiffs further cite a Wisconsin asbestos case where the Court held that manufacturers of

17

**EXHIBIT 7 to Declaration of Russ M. Herman and Arnold Levin**

the asbestos may be held responsible for the continuing nuisance despite the fact that they had relinquished ownership. *Northridge Co. v. W.R. Grace & Co.*, 205 Wis.2d 267, 556 N.W.2d 345.

First, the Court is not persuaded that the Virginia decisions cited by Plaintiffs illustrate a "broad definition of the realm of private nuisance law" in Virginia. (Pl. Memo at 31). Two of the cited cases involved challenges to ordinances, and the third applied the 1912 holding in *Virginia Railway Company v. London*, 114 Va. at 334, to a coal operator that was interfering with the neighbors' enjoyment of property by generating loud noise and dust.

In any event, without prognosticating about whether the Virginia Supreme Court would adopt "comment e" to Section 834 of the Restatement, the Court notes that reliance upon that provision to the facts at bar seems misplaced. The comment itself references a condition created "upon land." Cases which have used the theory of liability articulated in "comment e" uniformly involve conditions that a defendant has created on his own land with resultant damage to the plaintiff or the plaintiff's land. *See generally, Keeley v. Manor Park Apartment*, 99 A.2d 248 (Del.Ch. 1953) (defendants had demanded the construction of a concrete conduit and retained a right of usage on land as part of the transfer of the land to a third party); *Walter v. Wagner*, 225 Ky. 255, 8

18

**EXHIBIT 7 to Declaration of Russ M. Herman and Arnold Levin**

S.W.2d 421 (1928) (claim of private nuisance allowed to go forward against defendant who had sold property after raising its surface, causing flooding and mud slides onto plaintiff's property); *Dorman v. Ames*, 12 Minn. 451 (1867) (defendant held liable for nuisance caused by a mill dam that he had constructed despite having sold it to a third party); *Merrick v. Murphy*, 83 Misc.2d 39, 371 N.Y.S.2d 97 (1975) (prior owner of land who had torn down a retaining wall between a public road and a deep excavation on the land could be held liable for nuisance when plaintiff drove off road into excavation area).

The Court finds that these cases are not analogous to the situation at bar. Plaintiffs make no allegation about any condition that Defendants created on land. The Court has not located any Virginia authority extending private nuisance liability to someone who sold, handled, or installed a dangerous product manufactured by another. The Wisconsin decision in *Northridge Co. v. W.R. Grace & Co.*, 205 Wis.2d 267, 556 N.W.2d 345 would arguably support this cause as to the manufacturer if the manufacturer of the Chinese drywall were before the Court; but none of Defendants herein "created" the danger.

The Court declines Plaintiffs' request to extend Virginia private nuisance law to impose liability on defendants who sold or installed a dangerous product but who no longer exercise ownership or control over

19

EXHIBIT 7 to Declaration of Russ M. Herman and Arnold Levin

it.    The Court agrees with the analysis in *City of Manchester v. Nat'l Gypsum Co.*, 637 F. Supp. 646, (D.R.I. 1986) and *Tioga Public School District v. U.S. Gypsum Co.*, 984 F.2d 915 (8th Cir. 1993) where both courts  determined that nuisance is not a viable action against defendants who have no further control of the contaminated materials.

The Court SUSTAINS Defendants' demurrers to Count VII.

COUNT VIII:  EQUITABLE RELIEF AND MEDICAL MONITORING

Plaintiffs request equitable relief in Count VIII, including a request for an order compelling Defendants to initiate a medical monitoring program for those plaintiffs not presently claiming personal injuries, as well as a requirement that Defendants repair their homes and damaged property.

Plaintiffs have also prayed for an award of damages sufficient to cover the cost of repair or replacement of their homes and other damaged property.   As to that aspect of their claims, Plaintiffs have pleaded no facts to suggest that the requested monetary award to cover those costs would be inadequate.   Further, the request for an order requiring Defendants to perform the repairs on Plaintiffs' homes states a request that even a court of chancery would not favor: "[C]ourts of chancery ··· will not entertain a bill for the specific enforcement of contracts for personal services or acts involving skill, labor and judgment." *Campbell v.*

20

**EXHIBIT 7 to Declaration of Russ M. Herman and Arnold Levin**

*Rust*, 85 Va. 653, 667, 8 S.E. 664, 669 (1889). *See also Levisa Coal Company v. Consolidation Coal Co.*, 276 Va. 44,, 61, 662 S.E.2d 44, 53 (2008)("[T]he guiding principle which remains constant is that the granting of an injunction is an extraordinary remedy that rests on the sound judicial discretion to be exercised upon consideration of the nature and circumstances of a particular case").

Plaintiffs appear to have an adequate remedy at law for the repair and replacement costs and are not entitled to the extraordinary remedy of specific enforcement or other equitable relief.

The request for medical monitoring states a claim that has not previously been recognized in Virginia. Plaintiffs contend that the Virginia Supreme Court "is likely to recognize a medical monitoring claim in light of its recognition of a parties' right to recover future medical damages." Pl. Opposition Memo at 39. Plaintiffs cite twelve decisions from other jurisdictions in which courts have recognized the compensability of claims for medical monitoring for individuals at risk of serious disease from exposure to toxic contaminants. Those courts have in some cases fashioned court-supervised funds to administer medical-surveillance payments. *See, e.g., Ayers v. Township of Jackson*, 106 N.J. 557, 525 A.2d 287 (1987), where the Court acknowledged that "there may be administrative and procedural questions in the establishment and operation

21

**EXHIBIT 7 to Declaration of Russ M. Herman and Arnold Levin**

of such a fund" but nonetheless encouraged trial courts to establish such funds in mass-exposure cases. Plaintiffs' counsel clarified at oral argument that Plaintiffs were requesting the establishment of such a fund in those cases before this Court where no personal injury is alleged.

The Court has reviewed a law review article cited by Plaintiffs' counsel in which the author advocates for the recognition of medical monitoring damages and the concomitant establishment of public health funds for victims of toxic exposure. *See* Taylor, *Public Health Funds: The Next Step in the Evolution of Tort Law,* 21 B.C. Envtl. Aff. L. Rev. 753, 777-78 (1994). While she makes a strong case that "public health funds are the essential next step in the evolution of tort law to accommodate toxic torts." *(Id.* at 800), she also characterizes the claim as "novel" and an "innovative damage theory:"

> Whether a public health fund is recognized as a component of medical monitoring damages or as its own cause of action in equity, public health funds must be recognized and fully utilized if our society is to be free of the threat of toxic chemicals.

*Id.*

Circuit courts are not empowered to establish "novel" or "innovative" remedies that depart from Virginia common-law or legislative authority. Even though this Court might recognize the merits of a monitoring program for those who have been exposed to Chinese

**EXHIBIT 7 to Declaration of Russ M. Herman and Arnold Levin**

drywall, the creation of such a program is one for the legislature and not the courts.[1]  As the Virginia Supreme Court reasoned in its refusal to recognize a claim for implied warranty in sales of new homes:

> The issue involves a multitude of competing economic, cultural, and societal values which courts are ill-equipped to balance, a fact best illustrated by the disparate conclusions reached by the several courts which have tinkered with the common law rule.   On the other hand, the legislative machinery is specially geared to the task.   A legislative change in the law is initiated by introduction of a bill which serves as public notice to all concerned. .. The issue is tried and tested in the crucible of public debate.

*Bruce Farms v. Coupe*, 219 Va. 287, 293, 247 S.E.2d 400 (1976).

Therefore, although the claim for medical monitoring may in fact be a claim for which Plaintiffs have no adequate remedy at law, the Court does not find that it has the authority to fashion that remedy without authorization or guidance from the General Assembly.

For these reasons, the demurrers to Count VIII will be sustained.

## COUNT IX – BREACH OF IMPLIED WARRANTY OF MERCHANTABILITY

Count IX asserts a breach of the implied warranty of merchantability, a warranty created in Virginia by the Uniform Commercial

---

[1] The Virginia General Assembly has just enacted the Virginia Defective Drywall Correction and Restoration Assistance Fund, HB 46, which establishes a fund to promote the correction and restoration of residential property affected by Chinese drywall.  Several other bills relating to the Chinese drywall problem were considered in the 2010 session but not passed (e.g. HB44, HB45, SB, 298, SB 471, and SB523.  See http://leg1.stat.va.us).  Obviously the General Assembly recognizes the problem presented by Chinese drywall and has made a legislative decision about remediation that did not include or address medical monitoring costs.

**EXHIBIT 7 to Declaration of Russ M. Herman and Arnold Levin**

Code, Va. Code § 8.2-314. The availability of this remedy first requires consideration of the applicability of the UCC to the transactions that caused the alleged injuries to Plaintiffs in these cases.

Ample case authority has considered this precise issue and come down on different sides of the question. Defendants contend that the UCC has no application to the sale of building material that becomes incorporated into real property, citing cases including *Bay Point Condo Ass'n v. RML Corp.*, 54 Va. Cir. 422, 431 (Norfolk 2001) and *Winchester Homes, Inc. v. Hoover Universal, Inc.*, 30 Va. Cir. 22, 30 (Fairfax 1992).

The Court considers the most persuasive authority on this issue to be the decision in *Stoney v. Franklin*, 54 Va. Cir. 591 (Suff. 2001), which overruled demurrers to implied warranty claims against manufacturers and assemblers of building materials:

> The plaintiffs seek to enforce the implied warranties made by the manufacturers and assemblers of the building products. Those transactions clearly involved sales of goods, not contracts for services or real estate. Under Va. Code Ann. § 8.2-105(1), goods exist if they "are movable at the time of identification to the contract of sale." In context, the "contract of sale" identifying the goods refers to the sale involving the seller that made the implied warranty – not simply the party with whom the claimant contracted.

54 Va. Cir. at 601. The *Stoney* Court was sharply critical of the decision in *Winchester Homes, Inc. v. Hoover Universal, Inc.*, 30 Va. Cir. at 22, which was cited by most of the courts that have upheld the position

24

EXHIBIT 7 to Declaration of Russ M. Herman and Arnold Levin

asserted by Defendants in this case. *Stoney* also noted, however, that the UCC remedy was not available against a builder who sold a completed home that had incorporated defective building materials, because that transaction did not involve "goods."

Therefore, the Court does find that the UCC implied warranties are available against the Manufacturer/Supplier Defendants; but they are not available against the Builder/Developer Defendants who were not parties to any sale of "goods" that are the subject of Plaintiff's claims.

Venture Supply, Inc. also demurs on the basis that its transactions were outside of the UCC because it predominantly provided services with the provision of drywall only incidentally involved. See *Palmetto Linen Service v. U.N.X., Inc.*, 205 F.3d 126, 129 (4th Cir. 2000)(test for inclusion of mixed contract for goods and services is whether their predominant thrust is rendition of service with goods incidentally involved or a transaction of sale, with labor incidentally involved). The Court has no evidence upon which to resolve that issue at the demurrer stage and declines to dismiss the count against Venture Supply. That issue is reserved for trial.

The demurrer to Count IX will be sustained as to the Builder/Developer Defendants and overruled as to the remaining Manufacturer/Supplier Defendants.

25

**EXHIBIT 7 to Declaration of Russ M. Herman and Arnold Levin**

## COUNT X – BREACH OF IMPLIED WARRANTY OF FITNESS FOR PARTICULAR PURPOSE

Count X asserts breaches of the implied warranty of fitness for a particular purpose, another remedy created by the Uniform Commercial Code. For the reasons stated above, this count does not lie against the Builder/Developer defendants.

Remaining Defendants contend that the Complaint fails to allege that the seller knew of any "particular purpose" for which the drywall was required and that the buyer was relying on the seller's skill or judgment to select or furnish suitable goods, as required by Va. Code § 8.2-315.

The Complaint alleges that the "specific purpose" of the drywall was "being installed in the Plaintiff's family home as a building material." (¶ 72). All drywall, however, is intended to be installed and function properly as a building material. The Court does not find that Count X alleges a purpose beyond the ordinary purpose for which all drywall is used. The Official Comment to Section 2-315 of the UCC explains:

> A "particular purpose" differs from the ordinary purpose for which the goods are used in that it envisages a specific use by the buyer which is peculiar to the nature of his business, whereas the ordinary purposes for which goods are used are those envisaged in the concept of merchantability and go to uses which are customarily made of the goods in question. For example, shoes are generally used for the purpose of walking upon ordinary ground, but a seller may know that a particular pair was selected to be used for climbing mountains.

26

**EXHIBIT 7 to Declaration of Russ M. Herman and Arnold Levin**

Official Comment, UCC § 2-315. Nothing in the Complaint describes any specific use of drywall by these dozens of affected plaintiffs that was peculiar to the nature of their residences. To borrow the analogy of the Official Comment, the Court finds that Plaintiffs' Complaint involves walking shoes and not climbing shoes, such that an action for breach of the implied warranty for a particular purpose is not available.

The demurrers of all Defendants to Count X will be sustained.

### COUNT XI – VIRGINIA CONSUMER PROTECTION ACT

In Count XI, Plaintiffs charge Defendants with violations of the Virginia Consumer Protection Act ("VCPA"), Va. Code § 59.1-196 et seq. In support of their VCPA cause of action, Plaintiffs allege Defendants violated the VCPA by misrepresenting the source, affiliation, origin, characteristics, ingredients, standards, and quality of the drywall. Also, Plaintiffs allege that Defendants violated the VCPA by mislabeling the drywall as "Venture Supply, Inc." drywall.

Defendants' demurrer to Plaintiff's VCPA claim argues that, as a matter of law, Plaintiffs cannot state a VCPA claim against Defendants because the transactions on which Plaintiffs premise their misrepresentation allegations were beyond the scope of the VCPA.

27

**EXHIBIT 7 to Declaration of Russ M. Herman and Arnold Levin**

The VCPA makes it unlawful for a supplier to make certain misrepresentations in connection with a consumer transaction. Va. Code § 59.1-200. A "consumer transaction," as applicable to this case, is "the advertisement, sale . . . or offering for sale . . . goods or services to be used primarily for personal family or household purposes." Va. Code § 59.1-198. "Goods" are "all real, personal, or mixed property." Va. Code § 59.1-198. A "supplier" is "[a] seller . . . who advertises, solicits, or engages in consumer transactions, or a manufacturer or distributor who advertises and sells . . . goods or services to be resold . . . by other persons in consumer transactions." Va. Code § 59.1-198.

A sale between commercial parties of a good intended for use as a component part in the construction of a building is not a "consumer transaction" within the meaning of the VCPA. As discussed earlier, Plaintiffs had no direct contact with any of the Manufacturer/ Supplier Defendants. The transactions in Chinese drywall in which those parties participated involved builders, contractors, and developers and fall outside the VCPA definition of "consumer transaction." Plaintiffs have not cited any authority for the proposition that sales of building material to general contractors for use in construction of a residence is a transaction covered by the VCPA. Ample case authority holds that it is not. *See, e.g. Murray v. Dryvit Systems, Inc,* 61 Va. Cir. 643, 648 (Franklin 2002). *Bindra v.*

28

**EXHIBIT 7 to Declaration of Russ M. Herman and Arnold Levin**

**7**

EXHIBIT 7 to Declaration of Russ M. Herman and Arnold Levin



**FOURTH JUDICIAL CIRCUIT OF VIRGINIA**
**CIRCUIT COURT OF THE CITY OF NORFOLK**

April 2, 2010

100 ST. PAUL'S BOULEVARD
NORFOLK, VIRGINIA 23510

Kenneth F. Hardt, Esq.
1381 Village Mill Drive
Midlothian, VA 23114

John Franklin, III, Esq.
P.O. Box 3490
Norfolk, VA 23513

William C. Bischoff, Esq.
P.O. Box 168
Virginia Beach, VA 23451

M. Scott Stein, Esq.
P.O. Box 12265
Newport News, VA 23612

Richard Serpe, Esq.
Law Offices of Richard Serpe, P.C.
580 E. Main Street
Suite 310
Norfolk, VA 23510

George J. Dancigers, Esq.
McKenry, Dancigers, Dawson & Lake
192 Ballard Court
Suite 400
Virginia Beach, VA 23462

Richard K. Bennett, Esq.
Harman, Claytor, Corrigan &
Wellman
P.O. Box 70280
Richmond, VA 23255

W. F. Drewry Gallalee, Esq.
Williams Mullen
James Center Two
1021 East Cary Street
Richmond, VA 23219

David L. Dayton, Esq.
Kalbaugh, Pfund & Messersmith, P.C.
555 E. Main Street, Suite 1200
Norfolk, VA 23510

Theodore I. Brenner, Esq.
Brenner, Evans & Millman
P.O. Box 470
Richmond, VA 23218

E. D. David, Esq.
David, Kamp & Frank, LLC
739 Thimble Shoals Boulevard
Suite 105
Newport News, VA 23606

RE:   Chinese Drywall Cases

**EXHIBIT 7 to Declaration of Russ M. Herman and Arnold Levin**

Page 2
RE:   Chinese Drywall Cases

Civil Docket Nos.:   CL09-3105; CL09-5127; CL09-5133; CL09-5135;
CL09-5137; CL09-5167; CL09-5168; CL09-5697;
CL09-5722; CL09-5763; CL09-5795; CL09-5822;
CL09-5891; CL09-5892; CL09-5893; CL09-5894;
CL09-5895; CL09-5901; CL09-5903; CL09-5932;
CL09-5946; CL09-6328; CL09-6329; CL09-6330;
CL09-6331; CL09-6332; CL09-6333; CL09-6334;
CL09-6365; CL09-6366; CL09-6367; CL09-6487;
CL09-6629; CL09-6630; CL09-6631; CL09-6720;
CL09-6721; CL09-6725; CL09-6726; CL09-6784;
CL09-6785; CL09-6820; CL09-6875; CL09-6876;
CL09-6878; CL09-6879; CL09-6880; CL09-6952;
CL09-7024; CL09-7078; CL09-7079; CL09-7320;
CL09-7321; CL09-7322; CL09-7556; CL09-7751;
CL09-7768; CL09-7769; CL09-7802; CL09-7803;
CL09-7859; CL09-7880; CL09-7977; CL10-0035;
CL10-0037

Dear Counsel:

As was the procedure at the previous hearing, the Court directs all
parties to confer and attempt to reach agreement on what issues should be
argued at the status conference at 10:00 a.m. on April 21, 2010. Parties
should please bear in mind that the Court's time is finite.

Please advise the Court by Friday, April 9, 2010 of any proposed
agenda that is created. If the parties are not able to reach an agreement,
each party shall notify the Court of the specific motions and/or issues, by
case number, on which each seeks to present oral argument.

Sincerely,

Erin L. Bumgarner

Erin L. Bumgarner
Law Clerk to The Honorable
Mary Jane Hall, Judge

ELB/nm

**EXHIBIT 7 to Declaration of Russ M. Herman and Arnold Levin**

```
┌─────────────────────────────────────────┐
│   TRANSMISSION VERIFICATION REPORT       │
└─────────────────────────────────────────┘

                        TIME  : 04/02/2010 03:29
                        NAME  : JUDGES_OFFICE
                        FAX   : 7576644582
                        TEL   : 7576644595
                        SER.# : 000H5J663132

┌─────────────────────────────────────────────────────────┐
│                                                           │
│   DATE,TIME              04/02  03:28                     │
│   FAX NO./NAME           92330455                         │
│   DURATION              00:00:49                          │
│   PAGE(S)                03                               │
│   RESULT                 OK                               │
│   MODE                   STANDARD                         │
│                                                           │
└─────────────────────────────────────────────────────────┘
```

Judges' Office, Room 101
100 St. Paul's Boulevard
Norfolk, Virginia 23510
Phone: (757) 6644595
Fax: (757) 6644581



**Norfolk Circuit Court**
**Judges' Office**

# Fax

| | | | |
|---|---|---|---|
| **To:** | All Counsel | **From:** | Norfolk Circuit Court - Judge Hall |
| **Fax:** | | **Date:** | 4-2-2010 |
| **Phone:** | | **Pages:** | 3 |
| **Re:** | CHINESE DRYWALL APRIL HEARING | | |

☐ Urgent   ☐ For Review   ☐ Please Comment   ☐ Please Reply   ☐ Please Recycle

See Attached

**IF THERE ARE ANY PROBLEMS WITH THIS TRANSMISSION PLEASE CONTACT THE PERSON LISTED ABOVE.**

**EXHIBIT 7 to Declaration of Russ M. Herman and Arnold Levin**

```
TRANSMISSION VERIFICATION REPORT
```

```
TIME : 04/02/2010 03:31
NAME : JUDGES_OFFICE
FAX  : 7576644582
TEL  : 7576644595
SER.# : 000H5J663132
```

```
DATE,TIME         04/02  03:30
FAX NO./NAME      918043782610-032112
DURATION          00:00:43
PAGE(S)           03
RESULT            OK
MODE              STANDARD
                  ECM
```

Judges' Office, Room 101
100 St. Pauls Boulevard
Norfolk, Virginia 23510
Phone: (757) 6644595
Fax (757) 6644581



**Norfolk Circuit Court
Judges' Office**

# Fax

| To: | All Counsel | From: | Norfolk Circuit Court - Judge Hall |
|---|---|---|---|
| Fax: | | Date: | 4-2-2010 |
| Phone: | | Pages: | 3 |
| Re: | CHINESE DRYWALL APRIL HEARING | | |

☐ Urgent   ☐ For Review   ☐ Please Comment   ☐ Please Reply   ☐ Please Recycle

See Attached

## IF THERE ARE ANY PROBLEMS WITH THIS TRANSMISSION PLEASE CONTACT THE PERSON LISTED ABOVE.

**EXHIBIT 7 to Declaration of Russ M. Herman and Arnold Levin**

```
┌─────────────────────────────────────┐
│  TRANSMISSION VERIFICATION REPORT    │
└─────────────────────────────────────┘

                          TIME  : 04/02/2010 03:33
                          NAME  : JUDGES_OFFICE
                          FAX   : 7576644582
                          TEL   : 7576644595
                          SER.# : 000H5J663132
```

| | |
|---|---|
| DATE,TIME | 04/02  03:32 |
| FAX NO./NAME | 918047476085-032112 |
| DURATION | 00:00:48 |
| PAGE(S) | 03 |
| RESULT | OK |
| MODE | STANDARD |

Judges' Office, Room 101
100 St. Paul's Boulevard
Norfolk, Virginia 23510
Phone: (767) 6644595
Fax: (757) 6644581



**Norfolk Circuit Court
Judges' Office**

# Fax

| To: All Counsel | From: Norfolk Circuit Court - Judge Hall |
|---|---|
| Fax: | Date: 4-2-2010 |
| Phone: | Pages: 3 |
| Re: CHINESE DRYWALL APRIL HEARING | |

☐ Urgent    ☐ For Review    ☐ Please Comment    ☐ Please Reply    ☐ Please Recycle

See Attached

## IF THERE ARE ANY PROBLEMS WITH THIS TRANSMISSION PLEASE CONTACT THE PERSON LISTED ABOVE.

**EXHIBIT 7 to Declaration of Russ M. Herman and Arnold Levin**

```
┌──────────────────────────────────────┐
│  TRANSMISSION VERIFICATION REPORT     │
└──────────────────────────────────────┘

                              TIME  : 04/02/2010 03:34
                              NAME  : JUDGES_OFFICE
                              FAX   : 7576644582
                              TEL   : 7576644595
                              SER.# : 000H5J663132
```

```
┌──────────────────────────────────────────────────────────────────┐
│   DATE,TIME              04/02  03:34                               │
│   FAX NO./NAME           918046441354-032112                       │
│   DURATION               00:00:45                                  │
│   PAGE(S)                03                                         │
│   RESULT                 OK                                         │
│   MODE                   STANDARD                                  │
│                          ECM                                       │
└──────────────────────────────────────────────────────────────────┘
```

Judges' Office, Room 101
100 St. Paul's Boulevard
Norfolk, Virginia 23510
Phone: (757) 6644595
Fax: (757) 6644581



**Norfolk Circuit Court
Judges' Office**

# Fax

| To: All Counsel | From: Norfolk Circuit Court – Judge Hall |
|---|---|
| Fax: | Date: 4-2-2010 |
| Phone: | Pages: 3 |
| Re: CHINESE DRYWALL APRIL HEARING | |

☐ Urgent   ☐ For Review   ☐ Please Comment   ☐ Please Reply   ☐ Please Recycle

See Attached

## IF THERE ARE ANY PROBLEMS WITH THIS TRANSMISSION PLEASE CONTACT THE PERSON LISTED ABOVE.

**EXHIBIT 7 to Declaration of Russ M. Herman and Arnold Levin**

```
┌─────────────────────────────────────┐
│  TRANSMISSION VERIFICATION REPORT    │
└─────────────────────────────────────┘
```

```
                          TIME  : 04/02/2010 03:36
                          NAME  : JUDGES_OFFICE
                          FAX   : 7576644582
                          TEL   : 7576644595
                          SER.# : 000H5J663132
```

```
DATE,TIME              04/02  03:35
FAX NO./NAME           94612341
DURATION               00:00:44
PAGE(S)                03
RESULT                 OK
MODE                   STANDARD
                       ECM
```

Judges' Office, Room 101
100 St. Paul's Boulevard
Norfolk, Virginia  23510
Phone: (757) 664-4595
Fax: (757) 664-4581



**Norfolk Circuit Court
Judges' Office**

# Fax

| To: | All Counsel | From: | Norfolk Circuit Court - Judge Hall |
|-----|-------------|-------|-------------------------------------|
| Fax: | | Date: | 4-2-2010 |
| Phone: | | Pages: | 3 |
| Re: | CHINESE  DRYWALL  APRIL  HEARING | | |

☐ Urgent   ☐ For Review   ☐ Please Comment   ☐ Please Reply   ☐ Please Recycle

*See Attached*

**IF THERE ARE ANY PROBLEMS WITH THIS TRANSMISSION PLEASE CONTACT THE PERSON LISTED ABOVE.**

**EXHIBIT 7 to Declaration of Russ M. Herman and Arnold Levin**

```
TRANSMISSION VERIFICATION REPORT
```

```
                              TIME : 04/02/2010 03:37
                              NAME : JUDGES_OFFICE
                              FAX  : 7576644582
                              TEL  : 7576644595
                              SER.# : 000H5J663132
```

```
     DATE,TIME              04/02  03:36
     FAX NO./NAME           95956723
     DURATION               00:00:44
     PAGE(S)                03
     RESULT                 OK
     MODE                   STANDARD
                            ECM
```

Judges' Office, Room 101
100 St. Paul's Boulevard
Norfolk, Virginia  23510
Phone: (757) 664-4595
Fax: (757) 664-4581

**Norfolk Circuit Court
Judges' Office**

# Fax

| To: All Counsel | From: Norfolk Circuit Court - Judge Hall |
|---|---|
| Fax: | Date: 4-2-2010 |
| Phone: | Pages: 3 |
| Re: CHINESE DRYWALL APRIL HEARING | |

☐ Urgent   ☐ For Review   ☐ Please Comment   ☐ Please Reply   ☐ Please Recycle

See Attached

## IF THERE ARE ANY PROBLEMS WITH THIS TRANSMISSION PLEASE CONTACT THE PERSON LISTED ABOVE.

**EXHIBIT 7 to Declaration of Russ M. Herman and Arnold Levin**

```
┌─────────────────────────────────────────┐
│  TRANSMISSION VERIFICATION REPORT        │
└─────────────────────────────────────────┘

                        TIME  : 04/02/2010 03:38
                        NAME  : JUDGES_OFFICE
                        FAX   : 7576644582
                        TEL   : 7576644595
                        SER.# : 000H5J663132


        DATE,TIME           04/02  03:38
        FAX NO./NAME        96251504
        DURATION           00:00:44
        PAGE(S)            03
        RESULT             OK
        MODE               STANDARD
                           ECM
```

Judges' Office, Room 101
100 St. Paul's Boulevard
Norfolk, Virginia 23510
Phone: (757) 664-4595
Fax: (757) 664-4581

**Norfolk Circuit Court
Judges' Office**

# Fax

| | | | |
|---|---|---|---|
| **To:** All Counsel | | **From:** Norfolk Circuit Court - Judge Hall | |
| **Fax:** | | **Date:** 4-2-2010 | |
| **Phone:** | | **Pages:** 3 | |
| **Re:** CHINESE DRYWALL APRIL HEARING | | | |

☐ Urgent   ☐ For Review   ☐ Please Comment   ☐ Please Reply   ☐ Please Recycle

See Attached

## IF THERE ARE ANY PROBLEMS WITH THIS TRANSMISSION PLEASE CONTACT THE PERSON LISTED ABOVE.

**EXHIBIT 7 to Declaration of Russ M. Herman and Arnold Levin**

```
┌─────────────────────────────────────────┐
│   TRANSMISSION VERIFICATION REPORT        │
└─────────────────────────────────────────┘
```

```
                              TIME : 04/02/2010 03:40
                              NAME : JUDGES_OFFICE
                              FAX  : 7576644582
                              TEL  : 7576644595
                              SER.# : 000H5J663132
```

```
┌──────────────────────────────────────────────────────────────┐
│  DATE,TIME          04/02  03:39                               │
│  FAX NO./NAME       918047036507-032112                        │
│  DURATION           00:00:49                                   │
│  PAGE(S)            03                                         │
│  RESULT             OK                                         │
│  MODE               STANDARD                                   │
│                     ECM                                        │
└──────────────────────────────────────────────────────────────┘
```

Judges' Office, Room 101
100 St. Paul's Boulevard
Norfolk, Virginia 23510
Phone: (757) 6644595
Fax: (757) 6644581



**Norfolk Circuit Court Judges' Office**

# Fax

To: All Counsel                  From: Norfolk Circuit Court - Judge Hall

Fax:                             Date: 4-2-2010

Phone:                           Pages: 3

Re: CHINESE DRYWALL APRIL HEARING

☐ Urgent   ☐ For Review   ☐ Please Comment   ☐ Please Reply   ☐ Please Recycle

            See Attached

## IF THERE ARE ANY PROBLEMS WITH THIS TRANSMISSION PLEASE CONTACT THE PERSON LISTED ABOVE.

**EXHIBIT 7 to Declaration of Russ M. Herman and Arnold Levin**

```
┌─────────────────────────────────────┐
│ TRANSMISSION VERIFICATION REPORT     │
└─────────────────────────────────────┘

                              TIME  : 04/02/2010 03:41
                              NAME  : JUDGES_OFFICE
                              FAX   : 7576644582
                              TEL   : 7576644595
                              SER.# : 000H5J663132

┌─────────────────────────────────────────────────────────────┐
│   DATE,TIME              04/02  03:41                         │
│   FAX NO./NAME           96235700                             │
│   DURATION               00:00:44                             │
│   PAGE(S)                03                                   │
│   RESULT                 OK                                   │
│   MODE                   STANDARD                             │
│                          ECM                                  │
└─────────────────────────────────────────────────────────────┘
```

Judges' Office, Room 101
100 St. Paul's Boulevard
Norfolk, Virginia 23510
Phone: (757) 664-4595
Fax: (757) 664-4581

**Norfolk Circuit Court**
**Judges' Office**

# Fax

| To: | All Counsel | From: | Norfolk Circuit Court - Judge Hall |
|-----|-------------|-------|------------------------------------|
| Fax: |            | Date: | 4-2-2010 |
| Phone: |           | Pages: | 3 |

Re: CHINESE DRYWALL APRIL HEARING

☐ Urgent    ☐ For Review    ☐ Please Comment    ☐ Please Reply    ☐ Please Recycle

See Attached

**IF THERE ARE ANY PROBLEMS WITH THIS TRANSMISSION PLEASE CONTACT THE PERSON LISTED ABOVE.**

**EXHIBIT 7 to Declaration of Russ M. Herman and Arnold Levin**

```
┌─────────────────────────────────────────┐
│   TRANSMISSION VERIFICATION REPORT        │
└─────────────────────────────────────────┘
```

```
                              TIME : 04/02/2010 03:43
                              NAME : JUDGES_OFFICE
                              FAX  : 7576644582
                              TEL  : 7576644595
                              SER.# : 000H5J663132
```

```
┌────────────────────────────────────────────────────────────┐
│   DATE,TIME              04/02  03:42                         │
│   FAX NO./NAME           98734449                             │
│   DURATION               00:00:44                            │
│   PAGE(S)                03                                   │
│   RESULT                 OK                                   │
│   MODE                   STANDARD                            │
│                          ECM                                 │
└────────────────────────────────────────────────────────────┘
```

Judges' Office, Room 101
100 St. Paul's Boulevard
Norfolk, Virginia 23510
Phone: (757) 664-4595
Fax: (757) 664-4581

**Norfolk Circuit Court Judges' Office**

# Fax

| To: All Counsel | From: Norfolk Circuit Court - Judge Hall |
|---|---|
| Fax: | Date: 4-2-2010 |
| Phone: | Pages: 3 |
| Re: CHINESE DRYWALL APRIL HEARING | |

☐ Urgent   ☐ For Review   ☐ Please Comment   ☐ Please Reply   ☐ Please Recycle

See Attached

## IF THERE ARE ANY PROBLEMS WITH THIS TRANSMISSION PLEASE CONTACT THE PERSON LISTED ABOVE.

**EXHIBIT 7 to Declaration of Russ M. Herman and Arnold Levin**

```
TRANSMISSION VERIFICATION REPORT
```

```
TIME : 04/02/2010 03:44
NAME : JUDGES_OFFICE
FAX  : 7576644582
TEL  : 7576644595
SER.# : 000H5J663132
```

```
DATE,TIME          04/02  03:43
FAX NO./NAME       94286982
DURATION           00:00:46
PAGE(S)            03
RESULT             OK
MODE               STANDARD
                   ECM
```

Judges' Office, Room 101
100 St. Paul's Boulvard
Norfolk, Virginia 23510
Phone: (757) 664-4595
Fax: (757) 664-4581



Norfolk Circuit Court
Judges' Office

# Fax

| To: | All Counsel | From: | Norfolk Circuit Court – Judge Hall |
| Fax: | | Date: | 4-2-2010 |
| Phone: | | Pages: | 3 |
| Re: | CHINESE DRYWALL APRIL HEARING | | |

☐ Urgent   ☐ For Review   ☐ Please Comment   ☐ Please Reply   ☐ Please Recycle

        See Attached

## IF THERE ARE ANY PROBLEMS WITH THIS TRANSMISSION PLEASE CONTACT THE PERSON LISTED ABOVE.

EXHIBIT 7 to Declaration of Russ M. Herman and Arnold Levin

**8**

EXHIBIT 7 to Declaration of Russ M. Herman and Arnold Levin



**FOURTH JUDICIAL CIRCUIT OF VIRGINIA**
**CIRCUIT COURT OF THE CITY OF NORFOLK**

June 23, 2010

**MARY JANE HALL**
JUDGE

100 ST. PAUL'S BOULEVARD
NORFOLK, VIRGINIA 23510

Kenneth F. Hardt, Esq.
1381 Village Mill Drive
Midlothian, VA 23114

John Franklin, III, Esq.
P.O. Box 3490
Norfolk, VA 23513

William C. Bischoff, Esq.
P.O. Box 168
Virginia Beach, VA 23451

M. Scott Stein, Esq.
P.O. Box 12265
Newport News, VA 23612

Richard Serpe, Esq.
Law Offices of Richard Serpe, P.C.
580 E. Main Street
Suite 310
Norfolk, VA 23510

George J. Dancigers, Esq.
McKenry, Dancigers, Dawson & Lake
192 Ballard Court
Suite 400
Virginia Beach, VA 23462

Richard K. Bennett, Esq.
Harman, Claytor, Corrigan & Wellman
P.O. Box 70280
Richmond, VA 23255

W. F. Drewry Gallalee, Esq.
Williams Mullen
James Center Two
1021 East Cary Street
Richmond, VA 23219

David L. Dayton, Esq.
Kalbaugh, Pfund & Messersmith, P.C.
555 E. Main Street, Suite 1200
Norfolk, VA 23510

Theodore I. Brenner, Esq.
Brenner, Evans & Millman
P.O. Box 470
Richmond, VA 23218

E. D. David, Esq.
David, Kamp & Frank, LLC
739 Thimble Shoals Boulevard
Suite 105
Newport News, VA 23606

Fred S. Longer, Esquire
Levin, Fishbein, Sedran & Berman
510 Walnut Street, Suite 500
Philadelphia, PA 19106

Jeffrey A. Breit, Esquire
Breit, Drescher, Imprevento & Walker, P.C.
1000 Dominion Tower
999 Waterside Drive
Norfolk, VA 23510

Richard A. Saunders, Esquire
Furniss, Davis, Rashkind & Saunders
P.O. Box 12525
Norfolk, VA 23451

Todd M. Fiorella, Esquire
Fraim & Fiorella
Town Point Center, Suite 601
Norfolk, VA 23510

Kevin P. Green, Esquire
Willcox & Savage
One Commercial Place, Suite 1800
Norfolk, VA 23510

**EXHIBIT 7 to Declaration of Russ M. Herman and Arnold Levin**

Page 2
RE:     Chinese Drywall Litigation


**RE:     Chinese Drywall Cases**

**Civil Docket Nos.:**       CL09-3105; CL09-5127; CL09-5133; CL09-5135;
CL09-5137; CL09-5167; CL09-5168; CL09-5697;
CL09-5722; CL09-5763; CL09-5795; CL09-5822;
CL09-5891; CL09-5892; CL09-5893; CL09-5894;
CL09-5895; CL09-5901; CL09-5903; CL09-5932;
CL09-5946; CL09-6328; CL09-6329; CL09-6330;
CL09-6331; CL09-6332; CL09-6333; CL09-6334;
CL09-6365; CL09-6366; CL09-6367; CL09-6487;
CL09-6629; CL09-6630; CL09-6631; CL09-6720;
CL09-6721; CL09-6725; CL09-6726; CL09-6784;
CL09-6785; CL09-6820; CL09-6875; CL09-6876;
CL09-6878; CL09-6879; CL09-6880; CL09-6952;
CL09-7024; CL09-7078; CL09-7079; CL09-7320;
CL09-7321; CL09-7322; CL09-7556; CL09-7751;
CL09-7768; CL09-7769; CL09-7802; CL09-7803;
CL09-7859; CL09-7880; CL09-7977; CL10-0035;
CL10-0036; CL10-0037; CL10-0371; CL10-0372;
CL10-0403; CL10-0404; CL10-0499; CL10-0500;
CL10-0501; CL10-0502; CL10-0508; CL10-0509;
CL10-0510; CL10-0511; CL10-0589; CL10-0818;
CL10-0819; CL10-0820; CL10-0821; CL10-0822;
CL10-0869; CL10-1234; CL10-1235; CL10-1236


Dear Counsel:

The many cases pending in this Court asserted by plaintiffs who seek damages resulting from the importation, sale, and installation of defective Chinese drywall, have previously been consolidated for pretrial purposes.    Plaintiffs have requested consolidation of groups of cases for trial, and Defendants have objected to that proposal. The Court requested the parties to submit memoranda outlining the factual and legal bases for their opposition to, or support for, the consolidation of groups of cases for trial. The parties orally argued their respective positions on June 16, 2010.

Defendants' overriding opposition to trying more than one plaintiff's case at a time relates to the inclusion of personal injury claims by each.  As an interim position, Defendants have proposed that any consolidation be limited to trials of only property damage claims, including cost to remediate affected properties, with personal injury claims being severed for trial at a later time.


**EXHIBIT 7 to Declaration of Russ M. Herman and Arnold Levin**

Page 3
RE:    Chinese Drywall Litigation

The Court is persuaded that these cases satisfy the criteria enumerated in the Multiple Claimant Litigation Act, Va. Code § 8.01-267.1 and that the interests of the parties and the Court will be best served by conducting trials on a consolidated basis of groups that include 5 or 6 similarly-situated plaintiffs against, to the extent possible, common defendants.   Based on the proffer of Plaintiffs' counsel regarding the limited extent of the claimed personal injuries, the Court does not require those claims to be severed and tried separately from the remaining claims.

<u>Consolidation With Regard to Property Damage and Loss of Use</u>

Va. Code §8.01-267.1 authorizes the Court to consolidate cases for trial upon consideration of the required factors.   The first requires that the separate civil actions involve "common questions of law or fact and arise out of the same transaction, occurrence, or series of transactions or occurrences." Va. Code. § 8.01-267.1(1) (2007). In all of the cases at bar, Plaintiffs own homes that were built using Chinese drywall.   All Plaintiffs complain of emissions of smelly gases causing corrosion and breakdown of wiring and other electrical devices and appliances in their home.   Most or all plaintiffs claim some physical affliction allegedly caused by the off gassing from the drywall.   The nature of the product, the aspects in which it is allegedly defective, and the types of property damage that it has caused, are issues common to all plaintiffs.   Although their houses are in different locations with different amounts of drywall, the drywall has caused essentially the same types of problems (albeit in varying degrees) from house to house.   The Court finds that the claims therefore do arise out of the same series of transactions or occurrences.

The second of the standards enumerated in § 8.01-267.1 requires that the common questions of law and fact "predominate and are significant to the actions."       Va. Code § 8.01-276.1(2).   The evidence that Plaintiffs will present to the jury about Chinese drywall, what it is, and what it does, obviously constitute significant common questions of fact.   Expert testimony about the defects of Chinese drywall is expected to be essentially  the same for most of these cases.   When the cases are consolidated so that claims against the same defendants are tried together, the cases should be subject to much of the same proof, by the same witnesses, involving the same defendants.   As such, the common issues of law and fact, arising out of the same series of transactions or occurrences, support the consolidation for trial purposes.   Obviously, each home and each plaintiff has unique attributes, but the common issues predominate.

**EXHIBIT 7 to Declaration of Russ M. Herman and Arnold Levin**

Page 4
RE:     Chinese Drywall Litigation

The third and final standard of §8.01-267.1 concerns judicial economy, due process and undue prejudice. It provides:

> The order will (i) promote the ends of justice and the just
> and efficient conduct and disposition of the actions, and (ii)
> is consistent with each party's right to due process of law,
> and (iii) does not prejudice each individual party's right to
> a fair and impartial resolution of each action.

Va. Code § 8.01-267.1(3).

Consolidation will greatly increase judicial efficiency and permit these many cases to be resolved more expeditiously than if tried separately. The real opposition to this consolidation arises as a result of the third clause of §8.01-267.1(3). Defendants argue that consolidating these cases, especially with respect to the varied and different claims of personal injuries and physical ailments caused by the drywall, unfairly prejudices them. Defendants fail, however, to provide any concrete examples of how they would be unfairly prejudiced in this respect. The mere fact that one plaintiff in a group consolidated for trial experienced symptoms somewhat different from another plaintiff in the group (or perhaps experienced symptoms when others in the group experienced none) does not mandate the conclusion that a jury will be confused. Juries often try automobile accident cases on a consolidated basis and sort out the different injuries claimed by different people involved in the same accident.

The proffer by Plaintiffs' counsel at oral argument that they intended to call no medical witnesses and offer no evidence of any permanent injury or medical expenses associated with drywall exposure, eliminates any lingering concern that might have otherwise supported Defendants' request to separate the personal injury evidence from that involving property damage and costs to remediate. Plaintiffs' counsel proffered that evidence regarding physical symptoms associated with Chinese drywall exposure would be introduced to explain the necessity for vacating the affected homes. The claims will relate to the loss of use of the home and/or additional living expenses incurred by the occupants who vacated. The Court finds that consolidated trials as described herein sufficiently protect the due process rights of all parties, increases judicial economy, and will not prejudice any of the defendants.

**EXHIBIT 7 to Declaration of Russ M. Herman and Arnold Levin**

Page 5
RE:    Chinese Drywall Litigation

The cases previously grouped for trial are consolidated for the trial of all issues as follows:

January 18, 2011 –    Baldwin (CL09-5135); Orlando (CL09-5722)
Leach (CL09-5932); Magnum (CL09-5133)

February 7, 2011 –    McKellar (CL09-5903); Michaux (CL09-6334);
Parker (CL06-6784); Bailey (CL09-5982);
Fowle (CL09-5894)

March 7, 2011 –    Fortenot (CL09-5895); Smith (CL09-5901);
Allen (CL09-6785); Walker (CL09-6720);
Hollingsworth (CL09-6630)

April 11, 2011 -    Heischober (CL09-5168); Ward (CL09-5167);
Matulenas (CL09-6328); Levy (CL09-6365);
Day (CL09-6330)

Counsel are encouraged to work together, as they have done so commendably heretofore, to identify groups of cases best suited for trial together and continuing to schedule these cases for trial.   Objections to the attached Order should be filed within 10 days.

Sincerely,

Mary Jane Hall
Judge

MJH/nm
Enc.

**EXHIBIT 7 to Declaration of Russ M. Herman and Arnold Levin**

VIRGINIA:   IN THE CIRCUIT COURT FOR THE CITY OF NORFOLK

IN RE:  ALL PENDING CHINESE DRYWALL CASES

**Civil Docket Nos.:**   **CL09-3105; CL09-5127; CL09-5133; CL09-5135;**
**CL09-5137; CL09-5167; CL09-5168; CL09-5697;**
**CL09-5722; CL09-5763; CL09-5795; CL09-5822;**
**CL09-5891; CL09-5892; CL09-5893; CL09-5894;**
**CL09-5895; CL09-5901; CL09-5903; CL09-5932;**
**CL09-5946; CL09-6328; CL09-6329; CL09-6330;**
**CL09-6331; CL09-6332; CL09-6333; CL09-6334;**
**CL09-6365; CL09-6366; CL09-6367; CL09-6487;**
**CL09-6629; CL09-6630; CL09-6631; CL09-6720;**
**CL09-6721; CL09-6725; CL09-6726; CL09-6784;**
**CL09-6785; CL09-6820; CL09-6875; CL09-6876;**
**CL09-6878; CL09-6879; CL09-6880; CL09-6952;**
**CL09-7024; CL09-7078; CL09-7079; CL09-7320;**
**CL09-7321; CL09-7322; CL09-7556; CL09-7751;**
**CL09-7768; CL09-7769; CL09-7802; CL09-7803;**
**CL09-7859; CL09-7880; CL09-7977; CL10-0035;**
**CL10-0036; CL10-0037; CL10-0371; CL10-0372;**
**CL10-0403; CL10-0404; CL10-0499; CL10-0500;**
**CL10-0501; CL10-0502; CL10-0508; CL10-0509;**
**CL10-0510; CL10-0511; CL10-0589; CL10-0818;**
**CL10-0819; CL10-0820; CL10-0821; CL10-0822;**
**CL10-0869; CL10-1234; CL10-1235; CL10-1236**

## ORDER

For the reasons stated in the Court's Opinion Letter of June 23, 2010, the plaintiffs' Motions to Consolidate Groups for Trial are granted.

Pursuant to Rule 1:13 endorsements of counsel are waived.  Counsel are directed to submit any written exceptions to this Order within ten days.

Let the Clerk forward certified copies of this Order to counsel for the parties.

Entered this _23rd_ day of June, 2010.

_Mary Jane Hall_
MARY JANE HALL, JUDGE

**EXHIBIT 7 to Declaration of Russ M. Herman and Arnold Levin**

**9**

EXHIBIT 7 to Declaration of Russ M. Herman and Arnold Levin



**FOURTH JUDICIAL CIRCUIT OF VIRGINIA**
**CIRCUIT COURT OF THE CITY OF NORFOLK**

August 3, 2010

MARY JANE HALL
JUDGE

100 ST. PAUL'S BOULEVARD
NORFOLK, VIRGINIA 23510

Kenneth F. Hardt, Esq.
1381 Village Mill Drive
Midlothian, VA 23114

John Franklin, III, Esq.
P.O. Box 3490
Norfolk, VA 23513

William C. Bischoff, Esq.
P.O. Box 168
Virginia Beach, VA 23451

M. Scott Stein, Esq.
P.O. Box 12265
Newport News, VA 23612

Richard Serpe, Esq.
Law Offices of Richard Serpe, P.C.
580 E. Main Street
Suite 310
Norfolk, VA 23510

George J. Dancigers, Esq.
McKenry, Dancigers, Dawson & Lake
192 Ballard Court
Suite 400
Virginia Beach, VA 23462

Richard K. Bennett, Esq.
Harman, Claytor, Corrigan & Wellman
P.O. Box 70280
Richmond, VA 23255

W. F. Drewry Gallalee, Esq.
Williams Mullen
James Center Two
1021 East Cary Street
Richmond, VA 23219

David L. Dayton, Esq.
Kalbaugh, Pfund & Messersmith, P.C.
555 E. Main Street, Suite 1200
Norfolk, VA 23510

Theodore I. Brenner, Esq.
Brenner, Evans & Millman
P.O. Box 470
Richmond, VA 23218

E. D. David, Esq.
David, Kamp & Frank, LLC
739 Thimble Shoals Boulevard
Suite 105
Newport News, VA 23606

Fred S. Longer, Esquire
Levin, Fishbein, Sedran & Berman
510 Walnut Street, Suite 500
Philadelphia, PA 19106

Jeffrey A. Breit, Esquire
Breit, Drescher, Imprevento & Walker, P.C.
1000 Dominion Tower
999 Waterside Drive
Norfolk, VA 23510

Richard A. Saunders, Esquire
Furniss, Davis, Rashkind & Saunders
P.O. Box 12525
Norfolk, VA 23451

Todd M. Fiorella, Esquire
Fraim & Fiorella
Town Point Center, Suite 601
Norfolk, VA 23510

Kevin P. Green, Esquire
Willcox & Savage
One Commercial Place, Suite 1800
Norfolk, VA 23510

**EXHIBIT 7 to Declaration of Russ M. Herman and Arnold Levin**

Page 2
RE:    Chinese Drywall Litigation


RE:    **Chinese Drywall Cases**

**Civil Docket Nos.:**          **CL09-3105; CL09-5127; CL09-5133; CL09-5135;**
                                **CL09-5137; CL09-5167; CL09-5168; CL09-5697;**
                                **CL09-5722; CL09-5763; CL09-5795; CL09-5822;**
                                **CL09-5891; CL09-5892; CL09-5893; CL09-5894;**
                                **CL09-5895; CL09-5901; CL09-5903; CL09-5932;**
                                **CL09-5946; CL09-6328; CL09-6329; CL09-6330;**
                                **CL09-6331; CL09-6332; CL09-6333; CL09-6334;**
                                **CL09-6365; CL09-6366; CL09-6367; CL09-6487;**
                                **CL09-6629; CL09-6630; CL09-6631; CL09-6720;**
                                **CL09-6721; CL09-6725; CL09-6726; CL09-6784;**
                                **CL09-6785; CL09-6820; CL09-6875; CL09-6876;**
                                **CL09-6878; CL09-6879; CL09-6880; CL09-6952;**
                                **CL09-7024; CL09-7078; CL09-7079; CL09-7320;**
                                **CL09-7321; CL09-7322; CL09-7556; CL09-7751;**
                                **CL09-7768; CL09-7769; CL09-7802; CL09-7803;**
                                **CL09-7859; CL09-7880; CL09-7977; CL10-0035;**
                                **CL10-0036; CL10-0037; CL10-0371; CL10-0372;**
                                **CL10-0403; CL10-0404; CL10-0499; CL10-0500;**
                                **CL10-0501; CL10-0502; CL10-0508; CL10-0509;**
                                **CL10-0510; CL10-0511; CL10-0589; CL10-0818;**
                                **CL10-0819; CL10-0820; CL10-0821; CL10-0822;**
                                **CL10-0869; CL10-1234; CL10-1235; CL10-1236**


Dear Counsel:

        Defendants have moved the Court for reconsideration of the Court's June 23 2010 order permitting consolidation of groups of Chinese drywall cases for trial.  Given that the order has been appealed, the Court lacks jurisdiction to modify it.  In the event that the Court had such jurisdiction, in the instant case after careful consideration of Defendants' arguments the Court finds that those arguments do not mandate separate trials for each plaintiff and does not disturb its earlier ruling.

        Counsel have argued that inclusion of personal injury claims is *ipso facto* overly prejudicial to Defendants, but they have cited no authority in support of that proposition; and the Court's search for guiding case law from Virginia and elsewhere did not yield any authority suggesting that personal injury claims must never be consolidated with property damage claims.  To the contrary, courts around the country do consolidate different types of claims when appropriate.  *See, e.g., Pages v. Dominguez,* 652 So.2d 864, 868-69 (Fl. 1995)("The fact that one case is a wrongful death action and one case is a personal injury action, in itself, is not a reason to refuse consolidation, just as the fact

**EXHIBIT 7 to Declaration of Russ M. Herman and Arnold Levin**

that both cases arise out of the same accident, while a relevant consideration, is not per se a reason to mandate consolidation").

The Court acknowledges Defendants' concerns regarding possible jury confusion in a trial involving separate claims for property damage and personal injury, and it must be emphasized that counsel will be expected to try these cases with the utmost effort to alleviate confusion and to promote clarity. As one federal court noted in approving the district court's decision to consolidate four asbestosis cases:

> The court must also bear in mind the extent to which the risks of prejudice and confusion that might attend a consolidated trial can be alleviated by utilizing cautionary instructions to the jury during the trial and controlling the manner in which the plaintiffs' claims (including the defenses thereto) are submitted to the jury for deliberation.

*Hendrix v. Raybestos-Manhattan, Inc.*, 776 F.2d 1492, 1495 (11th Cir. 1985)

Defendants raised matters that have not been briefed and that the Court therefore does not reach, including whether Plaintiffs should be prohibited from introducing evidence of personal injuries caused by the Chinese drywall in the absence of any medical testimony establishing causation. That request should be presented as a motion in limine and briefed by counsel. Defendants also raised whether Plaintiffs should be allowed to introduce evidence of "loss of enjoyment," a species of mental anguish that constitutes personal injury. The Court makes no determination about the compensability of the claimed "loss of enjoyment," but the Court will not prevent Plaintiffs from presenting such claims merely because they fall in the personal injury category. The Court has not limited the plaintiffs from presenting their evidence of personal injury in the consolidated trials.

Sincerely,

Mary Jane Hall
Judge

MJH/nm

**EXHIBIT 7 to Declaration of Russ M. Herman and Arnold Levin**

**10**

EXHIBIT 7 to Declaration of Russ M. Herman and Arnold Levin



**FOURTH JUDICIAL CIRCUIT OF VIRGINIA**
**CIRCUIT COURT OF THE CITY OF NORFOLK**

August 9, 2010

MARY JANE HALL
JUDGE

100 ST. PAUL'S BOULEVARD
NORFOLK, VIRGINIA 23510

Richard J. Serpe, Esq.
Law Offices of Richard Serpe, P.C.
580 E. Main Street, Suite 310
Norfolk, VA 23510

Theodore I. Brenner, Esq.
Brenner, Evans & Millman
P.O. Box 470
Richmond, VA 23218

George J. Dancigers, Esq.
McKenry, Dancigers, Dawson & Lake
192 Ballard Court, Suite 400
Virginia Beach, VA 23462

Kenneth F. Hardt, Esq.
Sinnott Nuckols & Logan, P.C.
1381 Village Mill Drive
Midlothian, VA 23114

M. Scott Stein, Esq.
Stein & Stein, P.C.
P.O. Box 12265
Newport News, VA 23612

RE:  **Orlando v. Wellington, et al**      CL09-5722
     **Leach v. Wellington, et al**        CL09-5932
     **Baldwin v. Wellington, et al**      CL09-5135
     **Morgan v. Wellington, et al**       CL09-5133

Dear Counsel:

Wellington LLC has filed Special Pleas in Bar asking that Count III of the Amended Complaint, alleging breach of implied warranty, be dismissed as untimely. As set forth herein, the Special Pleas are premature at this time and therefore DENIED.

Under Va. Code § 55-70.1, the General Assembly established a warranty that applied in every contract for the sale of a new dwelling that "shall extend for a period of one year from the date of transfer of record title, or the vendee's taking possession, whichever occurs first." The statute provides that "any action for its breach shall be brought within two years after the breach thereof." VA CODE § 55-70.1 (2007).

Plaintiffs pleaded that the allegedly defective drywall was installed during the construction of their homes, that the drywall was inherently defective, and that the defect existed at the time of the installation. Wellington argues that the statute accrued at the time that title was transferred and that the claims expired after two years. Alternately, the statute extinguished the

**EXHIBIT 7 to Declaration of Russ M. Herman and Arnold Levin**

Page 2
RE:  Orlando v. Wellington, et al        CL09-5722
     Leach v. Wellington, et al          CL09-5932
     Baldwin v. Wellington, et al        CL09-5135
     Morgan v. Wellington, et al         CL09-5133

claims, at the very latest, three years after the plaintiffs took title to their homes if they had two years after the termination of the statutory warranty period to bring suit.

Any Complaints filed, therefore, within three years of the conveyance of title to Plaintiffs may not be dismissed at this juncture because they may in fact be timely.  The Baldwin Complaint was filed on August 10, 2009, two years after a date that was within the one-year statutory warranty period.  On the record before the Court at this time, there is no basis to hold as a matter of law that their cause of action had already expired at the time that they filed suit.  That Special Plea is denied.

Three of the four Special Pleas have been filed in response to Complaints filed more than three years after Plaintiffs took title to their property.  As to all Complaints for breach of implied warranty under Va. Code § 55-70.1, it would appear that those claims are barred unless they were tolled.  Plaintiffs do rely upon the equitable tolling defense to the statute of limitations.

The Court recognizes that Chinese drywall has emerged as such a costly and significant problem only very recently.  Virtually nobody had ever heard of Chinese drywall in 2006, when the plaintiffs who are the subject of the special pleas, took title to their homes.  According to Findings of Fact filed in the Multi-District Litigation on April 8, 2010 (In re Chinese Manufactured Drywall: MDL No. 2047), gypsum has been used in interior walls as far back as 3700 BC in ancient Egypt, as well as in interior walls in the Roman Empire.  Gypsum board has been in common use in the United States since the 1950's as a quicker and easier alternative to interior plaster.  Prior to the importation of Chinese drywall in 2005 and 2006 that gave rise to these and so many other claims, gypsum or gypsum board had not been associated with any of the myriad complaints that Chinese drywall allegedly causes.

If the Plaintiffs' homes had all been inspected and passed by the Building Code authorities, as the Court has been advised, the homeowners presumably would have no reason to suspect that their homes had been built with drywall that emits corrosive fumes and gases.  Given the scope of the problem posed by Chinese drywall, denying access to the courts to homeowners who had no idea that the problem existed and thus failed to assert warranty rights timely seems an unfair result.  Nonetheless, in situations presenting equally harsh outcomes, the Virginia Supreme Court has in fact applied statutes of limitation to deny recovery to affected plaintiffs.  *See, e.g., Richmond Redevelopment and Housing Authority v. Laburnum Constr. Corp.,* 195 Va. 827, 838 (1954) (barring suit for defective installation of gas pipe that caused explosion  five years later: "The difficulty of ascertaining the fact that a cause of action exists plays no part in the general rule").

**EXHIBIT 7 to Declaration of Russ M. Herman and Arnold Levin**

Page 3
RE:   Orlando v. Wellington, et al          CL09-5722
      Leach v. Wellington, et al           CL09-5932
      Baldwin v. Wellington, et al         CL09-5135
      Morgan v. Wellington, et al          CL09-5133


The doctrine of equitable tolling works to toll a statute of limitations "if such tolling is necessary to prevent unfairness to a diligent plaintiff." 51 AM. JUR. 2D *Limitation of Actions* § 174 (2010). As the United States Supreme Court held in *Burnett v. N.Y. Cent. R.R. Co.*, 380 U.S. 424, 429 (1965), statutes of limitations have been tolled when the "plaintiff has not slept on his rights but, rather, has been prevented from asserting them." Courts have applied the equitable tolling defense where "the plaintiff, despite all due diligence, is unable to obtain vital information bearing on the existence of his or her claim." *Chao v. Va. Dept. of Transp.*, 157 F. Supp. 2d 681, 698 (4th Cir. 2001). In *Harris v. Hutchinson*, 209 F.3d 325, 330 (4th Cir. 2000), the Fourth Circuit explained "that any resort to equity must be reserved for those rare instances where – due to circumstances external to the party's own conduct – it would be unconscionable to enforce the limitation period against the party and gross injustice would result." The Virginia Supreme Court has approved the doctrine of equitable tolling in *Schmidt v. Household Fin. Corp., II*, 276 Va. 108 (2008).

The record before the Court at present includes no evidence about the diligence of any plaintiff or the circumstances external to the plaintiff that might support application of the doctrine. Given the potential applicability of the equitable tolling to these cases, as asserted by Plaintiffs, it is premature to make a determination that the cases are time-barred. Therefore, the Special Pleas in Bar are denied at this time, without prejudice to Defendants' opportunity to rely upon the defense of the statute of limitations on an appropriate evidentiary record in this matter.

Sincerely,

*Mary Jane Hall*

Mary Jane Hall
Judge


MJH/nm
Enc.


**EXHIBIT 7 to Declaration of Russ M. Herman and Arnold Levin**

**11**

EXHIBIT 7 to Declaration of Russ M. Herman and Arnold Levin

**V I R G I N I A:**

## IN THE CIRCUIT COURT OF THE CITY OF NORFOLK

In Re:  ALL PENDING CHINESE DRYWALL CASES

Civil Docket Nos:     CL09-3105; CL09-5127; CL09-5133; CL09-5135; CL09-5137;
CL09-5167; CL09-5168; CL09-5697; CL09-5722; CL09-5763;
CL09-5795; CL09-5822; CL09-5891; CL09-5892; CL09-5893;
CL09-5894; CL09-5895; CL09-5901; CL09-5903; CL09-5932;
CL09-5946; CL09-6328; CL09-6329; CL09-6330; CL09-6331;
CL09-6332; CL09-6333; CL09-6334; CL09-6365; CL09-6366;
CL09-6367; CL09-6487; CL09-6629; CL09-6630; CL09-6631;
CL09-6720; CL09-6721; CL09-6725; CL09-6726; CL09-6784;
CL09-6785; CL09-6820; CL09-6875; CL09-6876; CL09-6878;
CL09-6879; CL09-6880; CL09-6952; CL09-7024; CL09-7078;
CL09-7079; CL09-7320; CL09-7321; CL09-7322; CL09-7556;
CL09-7751; CL09-7768; CL09-7769; CL09-7802; CL09-7803;
CL09-7859; CL09-7880; CL09-7977; CL10-0035; CL10-0036
CL10-0037; CL10-0371; CL10-0372; CL10-0403; CL10-0404;
CL10-0499; CL10-0500; CL10-0501; CL10-0502; CL10-0508;
CL10-0509; CL10-0510; CL10-0511; CL10-0589; CL10-0818;
CL10-0819; CL10-0820; CL10-0821; CL10-0822; CL10-0869;
CL10-1234; CL10-1235; CL10-1236; CL10-1925; CL10-1929;
CL10-1930; CL10-3498; CL10-3512; CL10-3952; CL10-3953;
CL10-3955; CL10-3956; CL10-5089; CL10-5090; CL10-5094;
CL10-5095; CL10-5097; CL10-5100; CL10-5101; CL10-5105;
CL10-5966; CL10-5966; CL10-5968; CL10-5974; CL10-6140;
CL10-6392.

## DISCOVERY ORDER

This day came the parties, by counsel, upon the Motion of Venture Supply, Inc. and The

Porter-Blaine Corporation for an Order on discovery in these consolidated cases.  Upon

consideration of the Motion and argument of counsel, it is hereby ORDERED that discovery

shall proceed in these consolidated cases in the following manner:

**CASES SET FOR TRIAL**

When a particular action is set for trial:

1

**EXHIBIT 7 to Declaration of Russ M. Herman and Arnold Levin**

1.      To the extent written discovery has been propounded to which responses have not been provided, such responses shall be provided at the latest 6 months prior to the trial date, unless otherwise ordered by the Court or agreed to by the parties.

2.      The parties shall complete discovery, including depositions, by 30 days before trial; however, depositions taken in lieu of live testimony at trial will be permitted until 15 days before trial. "Complete" means that all interrogatories, requests for production, requests for admissions and other discovery must be served sufficiently in advance of trial to allow a timely response at least 30 days before trial. Depositions may be taken after the specified time period by agreement of counsel of record or for good cause shown, provided however, that the taking of a deposition after the deadline established herein shall ordinarily not provide a basis for continuance of the trial date or the scheduling of motions inconsistent with the normal procedures of the court. The parties have a duty to seasonably supplement and amend discovery responses pursuant to Rule 4:1(e) of the Rules of the Supreme Court of Virginia governing discovery. Any discovery motion filed shall contain a certification that counsel has made a good faith effort to resolve the matters set forth in the motion with opposing counsel.

3.      If requested in discovery, plaintiff's, counter-claimant's, third-party plaintiff's, and cross-claimant's experts shall be identified on or before 120 days before trial. If requested in discovery, defendant's and all other opposing experts shall be identified on or before 90 days before trial. If requested in discovery, experts or opinions responsive to new matters raised in the opposing parties' identification of experts shall be designated no later than 60 days before trial. If requested, all information discoverable under Rule 4:1(b)(4)(A)(1) of the Rules of the Supreme Court of Virginia shall be provided or the expert will not ordinarily be permitted to express any non-disclosed opinions at trial. The foregoing deadlines shall not relieve a party of

2

**EXHIBIT 7 to Declaration of Russ M. Herman and Arnold Levin**

the obligation to respond to discovery requests within the time periods set forth in the Rules of the Supreme Court of Virginia, including, in particular, the duty to supplement or amend prior responses pursuant to Rule 4:1(e).

4.      Notwithstanding the foregoing deadlines, given the number of actions consolidated in this matter, the parties shall make all good faith effort to cooperate with each other to conduct any factual depositions, including those of parties, between the time frame 6 months prior to trial and 4 months prior to trial.  The parties are urged to work in good faith on these issues.

**CASES NOT SET FOR TRIAL**

For those cases not yet set for trial:

5.      The parties have agreed upon the attached set of initial "generic" discovery to the Plaintiffs.  Plaintiffs' counsel will provide discovery responses to this generic discovery for two pending cases every week with respect to homes that have been remediated, sold, transferred or foreclosed upon, beginning on __10 | 21 | 2011_____.  Thereafter, for homes not remediated, sold, transferred or foreclosed upon, Plaintiffs' counsel shall provide discovery responses to this generic discovery for two pending cases every two weeks.

6.      To the extent any party has further discovery it wishes to propound to the Plaintiffs, it may do so consistent with the Rules of the Virginia Supreme Court.  However, responses to such other discovery shall be governed by Paragraph 1 above, except for good cause shown.

7.      No depositions shall be taken in a case not yet set for trial absent good cause shown or upon agreement of the parties.  Should a party desire to take such a deposition, the

3

**EXHIBIT 7 to Declaration of Russ M. Herman and Arnold Levin**

parties are encouraged to work in good faith to resolve the issue before presenting the matter to the Court for resolution.

8.       The parties are encouraged to work together on arranging inspections of homes or other relevant evidence.  No destructive testing will be allowed absent agreement of the parties or approval by this Court.  To the extent a home is expected to be placed on the market for sale or rental; remediated or repaired; threatened with foreclosure; transferred; or for whatever reason may become unavailable for inspection, reasonable notice shall be given to all parties involved in that matter and the parties should work in good faith to allow inspections prior to the expected action.

Enter:   9 , 26 , 11

_____
Honorable Mary Jane Hall

4

**EXHIBIT 7 to Declaration of Russ M. Herman and Arnold Levin**

I ask for this:

_____

Mark C. Nanavati, Esq.
mnanavati@snllaw.com
Kenneth F. Hardt, Esq.
khardt@snllaw.com
Jamie Specter, Esquire
jspecter@snllaw.com
SINNOTT, NUCKOLS & LOGAN, P.C.
13811 Village Mill Drive
Midlothian, VA 23114
Phone: (804) 378-7600
Facsimile: (804) 378-2610
*Counsel for Defendants, Venture Supply, Inc., and The Porter Blaine Corp.*


Seen and _____ :


_____

Richard J. Serpe, Esquire
rserpe@serpefirm.com
LAW OFFICES OF RICHARD J. SERPE, P.C.
Crown Center, Suite 310
580 East Main Street
Norfolk, VA 23510-2322
Phone: (757) 233-0009
Facsimile: (757) 233-0455
*Counsel for Plaintiffs*

Jeffrey A. Breit, Esq.
jbreit@bdbmail.com
Michael F. Imprevento, Esq.
mimprevento@breitdrescher.com
John W. Drescher, Esq.
jdrescher@breitdrescher.com
BREIT, DRESCHER, IMPREVENTO & WALKER, P.C.
1000 Dominion Tower
999 Waterside Drive
Norfolk, VA 23510
Phone: (757) 622-6000
Facsimile: (757) 670-3939
*Co-counsel for Plaintiffs*

**EXHIBIT 7 to Declaration of Russ M. Herman and Arnold Levin**

Seen and _____:


Theodore I. Brenner, Esq.
Tbrenner@beylaw.com
Jay O. Millman, Esq.
jmillman@beylaw.com
Alexander S. de Witt, Esq.
adewitt@beylaw.com
BRENNER, EVANS & MILLMAN, P.C.
411 East Franklin Street, Suite 200
Richmond, VA 23219
Phone: (804) 644-1300
Facsimile:  (804) 644-1354
*Counsel for Defendant, Tobin Trading, Inc.*


Seen and _____:


J. Brian Slaughter, Esq.
jbslaughter@va-law.org
George J. Dancigers, Esq.
gjdancigers@va-law.org
MCKENRY, DANCIGERS, DAWSON AND LAKE, P.C.
192 Ballard Court, Suite 400
Virginia Beach, VA 23462
Phone: (757) 461-2500
Facsimile:  (757) 461-2341
*Counsel for Defendants, American Eastern, Inc., Wellington, L.L.C., Wyndwil, L.L.C., Atlantic Homes, L.L.C., HHJV, L.L.C., AHJV, L.L.C, Overlook Point, LLC, Ainslie Group, L.L.C., Clark-Greensprings Plantation, Inc., Residential Concepts, LLC, Area Builders of Tidewater, Inc., DSG Construction, Scott Taylor Plastering and Nicholas & Co.; Next Level Group, LLC and Case Handyman & Remodeling, Inc.*

6

**EXHIBIT 7 to Declaration of Russ M. Herman and Arnold Levin**

Seen and _____:

_____
John Franklin, III, Esq.
jfranklin@taylorwalkerlaw.com
Chris Wiemken, Esq.
cwiemken@taylorwalkerlaw.com
TAYLOR & WALKER, PC
P.O. Box 3490
Norfolk, Virginia 23514-3490
Phone: (757) 625-7300
Facsimile:  (757) 625-1504
*Counsel for Defendants, Parallel Design and Development, L.L.C., Harbor Walk Development, L.L.C., Preserve Development, LLC, Genesis Group, Inc., Wermers Development, Inc., Oxfordshire, LLC, Ralph E. Digges, Rob Lang Builder, Inc., M&M Contracting, Inc., Ralph E. Digges, Rob Lang Builder, Inc., Harbor Walk Development, LLC, Traderscove Corporation d/b/a The Henin Group, Premier International Realty, Inc. d/b/a Henin Realty, International Property Investments of Central Florida, Inc. d/b/a Henin International Services, Jerome Henin and David Daniels*

Seen and _____:

_____
Kevin J. Cosgrove, Esq.
kcosgrove@hunton.com
Hunton & Williams LLP
500 East Main Street, Suite 1000
Norfolk, Virginia 23510
Phone: (757) 640-5300
Fax: (757) 625-7720
*Counsel for Defendant Higgerson-Buchanan, Incorporated*

Seen and _____:

_____
David Dayton, Esq.
david.dayton@kpmlaw.com
Helen Jhun, Esq.
helen.jhun@kpmlaw.com
KALBAUGH PFUND & MESSERSMITH, P.C.

7

**EXHIBIT 7 to Declaration of Russ M. Herman and Arnold Levin**

555 E. Main Street, Suite 1200
Norfolk, VA 23510
Phone: (757) 623-4500
*Counsel for Defendant, Woodall, LLC*

Seen and _____:


_____
Bennett Stein, Esq.
bstein@steinandsteinpc.com

M. Scott Stein, Esq.
sstein@steinandsteinpc.com
STEIN & STEIN, P.C.
740-F Thimble Shoals Boulevard
Newport News, VA 23606
Phone: (757) 873-1221
Facsimile: (757) 873-4449
*Counsel for Defendants, Mike Brazil and Leslie Brazil*

Seen and _____:


_____
Todd M. Fiorella, Esq.
tmfiorella@ff-legal.com
FRAIM & FIORELLA
Town Point Center, Suite 601
150 Boush Street
Norfolk, VA 23510
Phone: (757) 227-5900
Facsimile: (757) 227-5901
*Counsel for Defendants, Greensprings Condominums, LLC, Franciscus Homes, Inc. and Work Company Drywall & Plaster*

Seen and _____:


_____
Jayne A. Pemberton, Esq.
JPemberton@SandsAnderson.com
Kelly B. LaPar, Esq.
KLaPar@SandsAnderson.com
Erin R. McNeill, Esq.
EMcNeill@SandsAnderson.com

8

**EXHIBIT 7 to Declaration of Russ M. Herman and Arnold Levin**

Sands Anderson P.C.
1111 East Main Street
P.O. Box 1998
Richmond, VA 23218-1998
Phone: (804) 783-7242
Fax: (804) 783-2926
*Counsel for Defendants J.M.M., Builders Plaster & Drywall, LLC, and Hood Home & Building Services, Inc.*


Seen and _____ :


_____
Robert G. MacDonald, Esq.
rmacdonald@macplum.com
Stephen J. DeBoer, Esq.
sdeboer@macplum.com
MacDonald, Plumlee & Overton, P.C.
620 Cedar Road
Chesapeake, VA 23322
Phone: (757) 547-8952
Fax: (757) 547-4856
*Counsel for Defendant Carlos Ramirez*


Seen and _____ :


_____
Jesse J. Johnson, Jr., Esq.
jjohnson@johnsongardy.com
Johnson, Gardy & Teumer
3508 Robs Drive
Suffolk, VA 23435
Phone: (757) 539-0350
Fax: (757) 539-1097
*Counsel for Defendant Joseph A. Brooks*


Seen and _____ :


_____
Thomas S. Garrett, Esq.
tgarrett@hccw.com
Richard K. Bennett, Esq.

9

**EXHIBIT 7 to Declaration of Russ M. Herman and Arnold Levin**

rbennett@hccw.com
Harman, Claytor, Corrigan & Wellman
P.O. Box 70280
Richmond, VA 23255
Phone: (804) 747-5200
Fax: (804) 747-6085
*Counsel for Defendants Eagle Harbor, LLC and East West Realty, LLC*

Seen and _____:

_____

C. Jay Robbins, IV
crobbins@midkifflaw.com
Midkiff, Muncie & Ross, P.C.
300 Arboretum Place, Suite 420
Richmond, VA 23236
Tel: (804) 560-9600
Fax: (804) 560-5997
*Counsel for Defendant Antonieta Torres*

Seen and _____:

_____

Henry N. Ware, Jr. (VSB # 22832)
Email: hnware@spottsfain.com
Robert J. Allen (VSB # 65214)
Email: rallen@spottsfain.com
Patricia Bugg Turner (VSB # 72775)
Email: pturner@spottsfain.com
SPOTTS FAIN PC
411 East Franklin Street, Suite 600
P.O. Box 1555
Richmond, Virginia 23218-1555
Telephone: (804) 697-2000
Facsimile: (804) 697-2100
*Counsel for Defendant Victor O. Moncada-Reyes*

**EXHIBIT 7 to Declaration of Russ M. Herman and Arnold Levin**

**12**

EXHIBIT 7 to Declaration of Russ M. Herman and Arnold Levin

VIRGINIA:   IN THE CIRCUIT COURT FOR THE CITY OF NORFOLK

IN RE:   ALL PENDING CHINESE DRYWALL CASES

Civil Docket Nos.: CL09-3105; CL09-5127; CL09-5133; CL09-5135;
CL09-5137; CL09-5167; CL09-5168; CL09-5697;
CL09-5722; CL09-5763; CL09-5795; CL09-5822;
CL09-5891; CL09-5892; CL09-5893; CL09-5894;
CL09-5895; CL09-5901; CL09-5903; CL09-5932;
CL09-5946; CL09-6328; CL09-6329; CL09-6330;
CL09-6331; CL09-6332; CL09-6333; CL09-6334;
CL09-6365; CL09-6366; CL09-6367; CL09-6487;
CL09-6629; CL09-6630; CL09-6631; CL09-6720;
CL09-6721; CL09-6725; CL09-6726; CL09-6784;
CL09-6785; CL09-6820; CL09-6875; CL09-6876;
CL09-6878; CL09-6879; CL09-6880; CL09-6952;
CL09-7024; CL09-7078; CL09-7079; CL09-7320;
CL09-7321; CL09-7322; CL09-7556; CL09-7751;
CL09-7768; CL09-7769; CL09-7802; CL09-7803;
CL09-7859; CL09-7880; CL09-7977; CL10-0035;
CL10-0036; CL10-0037; CL10-0371; CL10-0372;
CL10-0403; CL10-0404; CL10-0499; CL10-0500;
CL10-0501; CL10-0502; CL10-0508; CL10-0509;
CL10-0510; CL10-0511; CL10-0589; CL10-0818;
CL10-0819; CL10-0820; CL10-0821; CL10-0822;
CL10-0869; CL10-1234; CL10-1235; CL10-1236;
CL10-3498; CL10-3512; CL10-3893; CL10-3953;
CL10-3955; CL10-3956; CL10-3952; CL10-5089;
CL10-5090; CL10-5094; CL10-5095; CL10-5097;
CL10-5100; CL10-5101; CL10-5105; CL10-5966;
CL10-5968; CL10-5974; CL10-6140; CL10-6392;
CL10-7123; CL10-7329; CL10-7330; CL10-7351;
CL10-7365; CL10-7366; CL10-7789; CL10-7790;
CL10-7789; CL10-7790; CL10-7955; CL10-7957;
CL10-8196; CL10-8198; CL10-8202

ORDER

**EXHIBIT 7 to Declaration of Russ M. Herman and Arnold Levin**

The matter came before the Court on September 21, 2011 on several pending motions.

I.    Demurrers in: *Darryl Brown and Monique Brown v. Wermers Development, et al.*, CL10-5101; *Robert and Lisa Barrett v. Wermers Development, et al.*, CL10-404; *Vernette Nathan v. Wermers Development, et al.*, CL11-529; *Jeffrey Estes v. Wermers Development, et al.*, CL10-822; and *James Griffin, III and Kristen Griffin v. Wermers Development, et al.*, CL10-403

Defendants Wermers Development, Inc. and Preserve Development, LLC, have demurred to Counts I and II of the 5 Complaints, as supplemented, listed above. The five cases to which Wermers and Preserve are parties have been consolidated for pretrial purposes with the approximately 160 other cases pending in this Court involving Plaintiffs who claim damages relating to the presence of Chinese drywall in their homes. All of these cases have been idling for many months while litigation related to the availability of insurance to cover the claims proceeds in other courts. Additionally, the protracted process of joining a foreign defendant -- Taishan Gypsum Co., the Chinese manufacturer of the drywall at issue -- has contributed to the delay in proceeding to trial with these cases.

Plaintiffs object to the Court's consideration of individual, case-specific, non-dispositive motions as inefficient and unduly burdensome. If the Court sustains the Demurrers at issue in these five cases, both Defendants would remain in the suit as parties defendant to other counts which are not the subject of any demurrer.

As an issue simply relating to the management of these many cases, the Court agrees with Plaintiffs that individual, non-dispositive motions applicable in a small number of cases, should be reserved and addressed when the case has been set for trial. The Court therefore makes no ruling on these demurrers and takes them under advisement. At such time as these cases are docketed for trial, counsel should advise the Court that the parties have previously submitted these demurrers for decision.

II.    Motion for Discovery Order

Counsel for Venture Supply, Inc. has a presented a proposed Discovery Order that was drafted with input from many or most of the counsel in the case.

2

**EXHIBIT 7 to Declaration of Russ M. Herman and Arnold Levin**

The proposed Order establishes timetables for the parties to provide discovery responses. Plaintiffs do not object to the proposed order as it relates to cases that are set for trial, but they do object to the proposed requirement that discovery responses be provided in those cases that are not set for trial. Plaintiffs characterize the discovery obligation that Defendants seek to impose as "busywork," given the current uncertainty about insurance coverage available to pay any of the pending claims. Plaintiffs ask that the Court relieve them of any obligation to furnish discovery responses unless and until a particular case is set for trial, which would happen presumably only as to those cases where insurance or other assets exist to pay any judgment that might be awarded. The Plaintiffs propose that, once a case is set, their discovery obligations will be expedited to assure that Defendants receive complete information sufficiently before the trial.

Defendants seek to require that Plaintiffs respond to a limited set of generic discovery that Plaintiffs worked with Defendants to create. The discovery includes six interrogatories and six requests for production of documents that are the same for each case. Defendants argue that the current "lull" in the progress of these cases is an appropriate time for Plaintiffs to furnish these limited answers, and they complain that they have received no discovery at all with respect to the vast majority of the cases, the oldest of which have been pending for two years.

The continued passage of time does not always facilitate the process of responding to discovery. Documents are lost, and memories fade. The Court acknowledges the realities expressed by Plaintiffs that may lead many of them to abandon efforts to obtain a recovery at all, in light of the unfavorable rulings on insurance coverage that other courts have issued. Plaintiffs are understandably reluctant to invest additional time and resources to respond to discovery in cases where no defendant has liability insurance or assets to pay a judgment. Unfortunately, that issue is not relevant to a defendant's right to learn the particulars of claims that have been asserted in court against it. The unusual situation presented by these many civil actions that are consolidated for pretrial purposes in this court, which are simultaneously the subject of related coverage litigation in federal trial and appellate courts, and that are also part of a federal class action, confirms that Plaintiffs' counsel have more than enough to do. Nonetheless, that situation does not change the fact that Defendants are entitled to enough information about a pending lawsuit to permit them to evaluate their exposure.

**EXHIBIT 7 to Declaration of Russ M. Herman and Arnold Levin**

As with the first issue addressed in this order, the parties have presented a matter dealing with the management of these many cases rather than the controlling law. The tailored discovery and the timetable proposed in the requested order call for responses at the rate of two pending cases per week for the homes that have been remediated or transferred, and thereafter at the rate two cases every two weeks. The Court has modified that order to require that Plaintiffs respond with one set of discovery responses per week. The Court does not find that such an obligation is unmanageable. The first sets of discovery will be due on October 19, 2011 (or such other date as to which the parties may agree).

III.    Motion to Compel by Choice Builders, Inc.

Choice Builders, Inc. has filed a motion to compel in the CL11-2338 matter of *Kenneth Crowder et al. v. Choice Builders*. The Court is unwilling to impose discovery obligations beyond those addressed in the discovery order, at this time. Plaintiffs' counsel have indicated that they are willing to schedule individual, case-specific motions that are dispositive and that would get a defendant out of a case altogether. If Choice Builder's pending Plea in Bar is such a motion, the Court suggests that the parties confer about an agreed exchange of whatever information would permit that hearing to take place. Otherwise, the Court will take Choice Builders' requests under advisement until its case is set for trial. Counsel are requested to advise the Court of their respective positions about the dispositive nature of Choice Builders' pending Plea at the next status conference.

A copy of the Court's Order, with the changes referenced above, is attached. The parties are to submit written objections within 14 days.

Pursuant to Rule 1:13 endorsements of counsel are waived.

Let the Clerk forward certified copies of this Order to counsel for the parties.

Entered this 2⊥ day of September, 2011.

*Mary Jane Hall*

MARY JANE HALL, JUDGE

4

**EXHIBIT 7 to Declaration of Russ M. Herman and Arnold Levin**

**13**

EXHIBIT 7 to Declaration of Russ M. Herman and Arnold Levin

VIRGINIA:   IN THE CIRCUIT COURT FOR THE CITY OF NORFOLK

IN RE:   ALL PENDING CHINESE DRYWALL CASES

Civil Docket Nos.:

      CL09-3105; CL09-5127; CL09-5133; CL09-5135; CL09-5137;
      CL09-5167; CL09-5168; CL09-5697; CL09-5722; CL09-5763;
      CL09-5795; CL09-5822; CL09-5891; CL09-5892; CL09-5893;
      CL09-5894; CL09-5895; CL09-5901; CL09-5903; CL09-5932;
      CL09-5946; CL09-6328; CL09-6329; CL09-6330; CL09-6331;
      CL09-6332; CL09-6333; CL09-6334; CL09-6365; CL09-6366;
      CL09-6367; CL09-6487; CL09-6629; CL09-6630; CL09-6631;
      CL09-6720; CL09-6721; CL09-6725; CL09-6726; CL09-6784;
      CL09-6785; CL09-6820; CL09-6875; CL09-6876;  CL09-6878;
      CL09-6879; CL09-6880; CL09-6952; CL09-7024; CL09-7078;
      CL09-7079; CL09-7320; CL09-7321; CL09-7322; CL09-7556;
      CL09-7751; CL09-7768; CL09-7769; CL09-7802; CL09-7803;
      CL09-7859; CL09-7880; CL09-7977; CL10-0035; CL10-0036;
      CL10-0037; CL10-0371; CL10-0372; CL10-0403; CL10-0404;
      CL10-0499; CL10-0500; CL10-0501; CL10-0502; CL10-0508;
      CL10-0509; CL10-0510; CL10-0511; CL10-0589; CL10-0818;
      CL10-0819; CL10-0820; CL10-0821; CL10-0822; CL10-0869;
      CL10-1234; CL10-1235; CL10-1236; CL10-3498; CL10-3512;
      CL10-3893; CL10-3953; CL10-3955; CL10-3956; CL10-3952;
      CL10-5089; CL10-5090; CL10-5094; CL10-5095; CL10-5097;
      CL10-5100; CL10-5101; CL10-5105; CL10-5966; CL10-5968;
      CL10-5974; CL10-6140; CL10-6392; CL10-7123; CL10-7329;
      CL10-7330; CL10-7351; CL10-7365; CL10-7366; CL10-7789;
      CL10-7790; CL10-7789; CL10-7790; CL10-7955; CL10-7957;
      CL10-8196; CL10-8198; CL10-8202; CL11-0095; CL11-0096;
      CL11-0097; CL11-0210; CL11-0212; CL11-0526; CL11-0527;
      CL11-0529; CL11-0634; CL11-0635; CL11-0639; CL11-0640;
      CL11-0641; CL11-1032; CL11-1033; CL11-1035; CL11-1036;
      CL11-1308; CL11-1310; CL11-1312; CL11-1454; CL11-1455;
      CL11-1515; CL11-1517; CL11-1518; CL11-1519; CL11-1520;
      CL11-1656; CL11-1657; CL11-1845; CL11-1846; CL11-2202;
      CL11-2338; CL11-2727; CL11-2729; CL11-3571; CL11-3572;
      CL11-4626; CL11-6783

**EXHIBIT 7 to Declaration of Russ M. Herman and Arnold Levin**

<u>ORDER REGARDING PLAINTIFFS' MOTION TO COMPEL</u>

The matter comes before the Court on Plaintiffs' motion to compel discovery responses.  The motion is GRANTED as to Interrogatory numbers 1 and 3 and overruled as to Interrogatory number 2.

1)      Interrogatory No. 1

Plaintiffs propounded the following interrogatory:

Identify each and every insurance agreement under which any person (which includes any individual, corporation, partnership or other association) carrying on an insurance business may be liable to satisfy part or all of a judgment which may be entered in the above captioned action or to indemnify or reimburse for payments made to satisfy the judgment.   This request includes but is not limited to all Comprehensive General Liability, Claims made, Product Liability insurance, Excess Liability and Umbrella Liability Insurance.   This  interrogatory  specifically  requests  the identification of any such insurance agreement which may apply to any portion of calendar years 2006, 2007, 2008, 2009, 2010. Include in the description the Insurer, dates the policies were in effect, policy number, type of policy, insurance agent, and policy coverage limits.

Plaintiffs recite in their motion that many Defendants have failed to respond, and they have attached a chart that is likewise attached to this Order, as Exhibit 1.  Defendants did not contest the accuracy of the representations in the chart about the status of their responses.

Interrogatory number 1 and its corresponding document request are proper and must be answered.   Defendants may respond by making the

**EXHIBIT 7 to Declaration of Russ M. Herman and Arnold Levin**

documents available for inspection, as certain Defendants have indicated to the Court they have offered to do.   The responses are to be provided within 21 days.

2)     Interrogatory No. 2

Describe any denial of coverage, or reservation of rights communicated to you by any insurance company to whom any claim was submitted for the allegations against you in the captioned matter.

Defendants object to this interrogatory and its corresponding document request as calling for insurance information beyond that which is expressly permitted by Rule 4:1(b)(2) of the Rules of the Supreme Court of Virginia.  They further argue that coverage information and documents relating to reservations of rights by liability insurers for Defendants, bear neither on liability nor damages.

The significance of such information in these consolidated cases that distinguish the issue from the same discovery request in an ordinary liability action, relates exclusively to pragmatic rather than legal concerns.  Plaintiffs understand that many of the Defendants have no insurance coverage and no means to satisfy a judgment that may ultimately be awarded.  Plaintiffs have a strong interest in trying several of the cases in order to learn their value, with the intent of resolving many or all of the remaining case without trial.  Trying a

3

**EXHIBIT 7 to Declaration of Russ M. Herman and Arnold Levin**

case against Defendants who will never be able to pay a judgment, in contrast, drains resources and potentially wastes time.

Those concerns notwithstanding, Plaintiffs have failed to identify any legal authority establishing their entitlement to the requested insurance information. The Court, therefore, overrules the motion to compel such information and sustains Defendants' objections to providing it.

The Court cautions counsel, however, that the trials of these cases should and will be scheduled according to whether Defendants have available liability insurance to pay a judgment that may be awarded. While the Court does not compel Defendants to provide that information to Plaintiff, the information is relevant to the Court for purposes of docket control and meaningful prioritization and scheduling of trials. The Court will require Defendants to make some representation to the Court in that regard in order to facilitate scheduling. Counsel should be prepared to address the Court as to how that will be accomplished and/or should confer towards identifying an appropriate exchange of information that will allay the Court's scheduling concerns without opening the door into an area of discovery that is not permitted.

3.      Interrogatory Number 3:

Identify any performance bond, payment bond, surety bond or other guarantee instrument that you obtained with respect to the construction of any of the homes which are the subject of this action. For each such surety bond, identify the entity which issued the bond or other guarantee, the date of any such agreement, and

4

**EXHIBIT 7 to Declaration of Russ M. Herman and Arnold Levin**

government or other entity to which such surety or guarantee was provided.

Interrogatory 3 is not the subject of a defense objection, yet Plaintiffs indicate on Exhibit 1 that many Defendants have not responded.   Plaintiffs' motion to compel as to those Defendants is GRANTED.

Counsel are instructed to submit endorsements and objections within 30 days.

Pursuant to Rule 1:13 endorsements of counsel are waived.

Let the Clerk forward certified copies of this Order to counsel for the parties.

Entered this 18th day of November, 2011.


MARY JANE HALL, JUDGE

**EXHIBIT 7 to Declaration of Russ M. Herman and Arnold Levin**

| Defendant | Counsel | Objection to: | Provided All Policies? | Missing Items: |
|---|---|---|---|---|
| A.B.S. Building Corporation | John Franklin, III, Esq.    Chris Wiemken, Esq. | Interrogatories 1 and 2 Request for Production 3 | No policies provided | All |
| AH.VV, LLC | J. Brian Slaughter, Esq. George J. Dancigers, Esq. | | Yes (additional insured on policies issued to Atlantic Homes) | None |
| Ainslie Group, Inc. | J. Brian Slaughter, Esq. George J. Dancigers, Esq. | Request for Production 3 | Yes | None |
| American Better Living, LLC | John Franklin, III, Esq.    Chris Wiemken, Esq. | Interrogatories 1 and 2 Request for Production 1 and 2 | No policies provided | All |
| American Eastern, Inc. | J. Brian Slaughter, Esq. George J. Dancigers, Esq. | Request for Production 3 | Yes | None |
| Antonieta Torres | C. Jay Robbins, IV, Esq. | No answers or responses received. | Yes (2007-2008 and 2008-2009) | None |
| Area Builders of Tidewater, Inc. | J. Brian Slaughter, Esq. George J. Dancigers, Esq. | Request for Production 3 | Yes | None |
| Atlantic Homes, LLC | J. Brian Slaughter, Esq. George J. Dancigers, Esq. | Request for Production 3 | Yes | None |
| Builders Plaster & Drywall, LLC | Jayna A Pemberton, Esq. Kelly B. LaPar, Esq.    Erin R. McNeill, Esq. | None | Yes | None |
| Carlos Ramirez | Richard K. Bennett, Esq. | Interrogatories 1 and 2 Request for Production 1 and 2 | No policies provided | Answers to Interrogatory 3 and Request for Production 3 and all policies |
| Case Handyman and Remodeling Services, LLC | J. Brian Slaughter, Esq. George J. Dancigers, Esq. | Request for Production 3 | No - only 2010-2011 | Need 2005-2006 and 2006-2007 (construction years) |
| Clark-Whitehill Enterprises, Inc. | J. Brian Slaughter, Esq. George J. Dancigers, Esq. | Request for Production 3 | Yes | None |
| Classic Group, Inc. d/b/a Case Handyman Services | Kevin L. Keller, Esq. Gary A. Bryant, Esq. J. Davis Crain, Esq. | | | |
| David Daniels | John Franklin, III, Esq.    Chris Wiemken, Esq. | Interrogatories 1 and 2 Request for Production 1 and 2 | No policies provided | All |
| DSC Construction, Inc. | J. Brian Slaughter, Esq. George J. Dancigers, Esq. | Request for Production 3 | No | Need 2005-2006 and 2006-2007 (construction years) |
| Eagle Harbor | Richard K. Bennett, Esq. | N/A | No policies provided | All |
| East West Realty | Richard K. Bennett, Esq. | N/A | No policies provided | All |
| Fabian Franco Perez | Todd M. Fiorella, Esq.    Allen S. Reynolds, Esq. | N/A | No policies provided | All |
| Genesis Group, Inc. | John Franklin, III, Esq.    Chris Wiemken, Esq. | Interrogatories 1 and 2 Request for Production 1 and 2 | No policies provided | All |
| Harbor Walk Development, LLC | John Franklin, III, Esq.    Chris Wiemken, Esq. | Interrogatories 1 and 2 Request for Production 1 and 2 | No policies provided | All |
| HH.DV, LLC | J. Brian Slaughter, Esq. George J. Dancigers, Esq. | Request for Production 3 | Yes (additional insured on policies issued to Atlantic Homes) | None |
| Javier Adame Saldana d/b/a Adame Brothers Drywall | Kelvin L. Newsome, Esq. Daniel R. Quarles, Esq. | N/A | No policies provided | All |

**EXHIBIT 7 to Declaration of Russ M. Herman and Arnold Levin**

| Entity | Attorneys | Discovery | Policies | |
|---|---|---|---|---|
| Jerome Henin | John Franklin, III, Esq.   Chris Wemken, Esq. | Interrogatories 1 and 2 Request for Production 1 and 2 | No policies provided | All |
| JMM Drywall Co, LLC | Jayne A Pemberton, Esq. Kelly B. LaPar, Esq.   Erin R. McNeill, Esq. | None | Yes | |
| Joseph A. Brooks | | | | None |
| K.L. Parker Construction | Jesse J. Johnson, Jr., Esq. | N/A | No policies provided | All |
| Manuel Development | Jeffrey A. Hunn, Esq. | N/A | No policies provided | All |
| | William A. Lascara, Esq. Jeffrey A. Hunn, Esq. | N/A | No policies provided | All |
| Next Level Group, LLC | J. Brian Slaughter, Esq. George J. Dancigers, Esq. | Request for Production 3 | Yes (claims to be additional insured on policies issued to Area Builders of Tidewater, but not named on | Unknown |
| Nicholas & Co. | J. Brian Slaughter, Esq. George J. Dancigers, Esq. | Request for Production 3 | Yes | None |
| Overlook Point Development, LLC | J. Brian Slaughter, Esq. George J. Dancigers, Esq. | Request for Production 3 | Yes (additional insured on policies issued to Atlantic Homes) | None |
| Overlook, LLC | J. Brian Slaughter, Esq. George J. Dancigers, Esq. | Request for Production 3 | Yes | None |
| Oxfordshire | John Franklin, III, Esq.   Chris Wemken, Esq. | Interrogatories 1 and 2 Request for Production 1 and 2 | No policies provided | All |
| Parallel Design and Development, LLC | John Franklin, III, Esq.   Chris Wemken, Esq. | Interrogatories 1 and 2 Request for Production 1 and 2 | No policies provided | All |
| Peak Building Corp. | J. Brian Slaughter, Esq. George J. Dancigers, Esq. | Request for Production 3 | Yes | None |
| Powell Development | John Franklin, III, Esq.   Chris Wemken, Esq. | Interrogatories 1 and 2 Request for Production 1 and 2 | No policies provided | All |
| Preserve Development, LLC | John Franklin, III, Esq.   Chris Wemken, Esq. | Interrogatories 1 and 2 Request for Production 1 and 2 | No policies provided | All |
| Ralph E. Digges | John Franklin, III, Esq.   Chris Wemken, Esq. | Interrogatories 1 and 2 Request for Production 1 and 2 | No policies provided | All |
| Residential Concepts | J. Brian Slaughter, Esq. George J. Dancigers, Esq. | Request for Production 3 | Yes | None |
| Rob Lang Builder, Inc. | John Franklin, III, Esq.   Chris Wemken, Esq. | Interrogatories 1 and 2 Request for Production 1 and 2 | No policies provided | All |
| Scott Taylor Plastering | J. Brian Slaughter, Esq. George J. Dancigers, Esq. William A. Lascara, Esq. | N/A | No policies provided | All |
| SGJ Properties | Jeffrey A. Hunn, Esq. | N/A | No policies provided | All |
| Total Home Renovation, LLC | John Franklin, III, Esq.   Chris Wemken, Esq. | Interrogatories 1 and 2 Request for Production 1 and 2 | No policies provided | All |
| Traderscove Corporation d/b/a The Henin Group | John Franklin, III, Esq.   Chris Wemken, Esq. | Interrogatories 1 and 2 Request for Production 1 and 2 | No policies provided | All |
| Victor O. Moncada-Reyes | Henry N. Ware, Jr., Esq. Patricia Bugg Turner, Esq. Robert J. Allen, Esq. | All Interrogatories and Requests for Production | Yes (2005-2006 and 2006-2007) | Only received declarations. Need remainder of policies. |

**EXHIBIT 7 to Declaration of Russ M. Herman and Arnold Levin**

| | | | No policies provided | All |
|---|---|---|---|---|
| Villa Chavez Corp | Kelvin L. Newsome, Esq., Daniel R. Quarles, Esq., J. Brian Slaughter, Esq., George J. Dancigers, Esq. | N/A | | |
| Wellington Development | | Request for Production 3 | Yes (additional insured on policies issued to American Eastern) | None |
| Werners Development, Inc. | John Franklin, III, Esq., Chris Wemken, Esq. | Interrogatories 1 and 2 Request for Production 1 and 2 | No policies provided | All |
| Woodall, LLC | David Dayton Esq., Helen Jhun, Esq. | Interrogatories 1 and 2 Request for Production 2 | No - Still looking into possibility of coverage by Builders Insurance, LLC; Only sent partial Builders Insurance Association, Inc. policy | Remainder of Builders Insurance Association, Inc. policy and any other applicable policy years as well as Builders Insurance, LLC coverage if it exists. |
| Work Company Drywall & Plaster | Todd M. Fiorella, Esq., Allen S. Reynolds, Esq. | N/A | No policies provided | All |

**EXHIBIT 7 to Declaration of Russ M. Herman and Arnold Levin**

14

EXHIBIT 7 to Declaration of Russ M. Herman and Arnold Levin

VIRGINIA:   IN THE CIRCUIT COURT FOR THE CITY OF NORFOLK

IN RE:   ALL PENDING CHINESE DRYWALL CASES

Civil Docket Nos.:

CL09-3105; CL09-5127; CL09-5133; CL09-5135; CL09-5137;
CL09-5167; CL09-5168; CL09-5697; CL09-5722; CL09-5763;
CL09-5795; CL09-5822; CL09-5891; CL09-5892; CL09-5893;
CL09-5894; CL09-5895; CL09-5901; CL09-5903; CL09-5932;
CL09-5946; CL09-6328; CL09-6329; CL09-6330;  CL09-6331;
CL09-6332; CL09-6333; CL09-6334; CL09-6365; CL09-6366;
CL09-6367; CL09-6487; CL09-6629; CL09-6630; CL09-6631;
CL09-6720; CL09-6721; CL09-6725; CL09-6726; CL09-6784;
CL09-6785; CL09-6820; CL09-6875; CL09-6876;  CL09-6878;
CL09-6879; CL09-6880; CL09-6952; CL09-7024; CL09-7078;
CL09-7079; CL09-7320; CL09-7321; CL09-7322; CL09-7556;
CL09-7751; CL09-7768; CL09-7769; CL09-7802; CL09-7803;
CL09-7859; CL09-7880; CL09-7977; CL10-0035; CL10-0036;
CL10-0037; CL10-0371; CL10-0372; CL10-0403; CL10-0404;
CL10-0499; CL10-0500; CL10-0501; CL10-0502; CL10-0508;
CL10-0509;CL10-0510; CL10-0511; CL10-0589; CL10-0818;
CL10-0819; CL10-0820; CL10-0821; CL10-0822; CL10-0869;
CL10-1234; CL10-1235; CL10-1236; CL10-3498; CL10-3512;
CL10-3893; CL10-3953; CL10-3955; CL10-3956; CL10-3952;
CL10-5089; CL10-5090; CL10-5094; CL10-5095; CL10-5097;
CL10-5100; CL10-5101; CL10-5105; CL10-5966; CL10-5968;
CL10-5974; CL10-6140; CL10-6392; CL10-7123; CL10-7329;
CL10-7330; CL10-7351; CL10-7365; CL10-7366; CL10-7789;
CL10-7790; CL10-7789; CL10-7790; CL10-7955; CL10-7957;
CL10-8196; CL10-8198; CL10-8202; CL11-0095; CL11-0096;
CL11-0097; CL11-0210; CL11-0212; CL11-0526; CL11-0527;
CL11-0529; CL11-0634; CL11-0635; CL11-0639; CL11-0640;
CL11-0641; CL11-1032; CL11-1033; CL11-1035; CL11-1036;
CL11-1308; CL11-1310; CL11-1312; CL11-1454; CL11-1455;
CL11-1515; CL11-1517; CL11-1518; CL11-1519; CL11-1520;
CL11-1656; CL11-1657; CL11-1845; CL11-1846; CL11-2202;
CL11-2338; CL11-2727; CL11-2729; CL11-3571; CL11-3572;
CL11-4626; CL11-6783



**EXHIBIT 7 to Declaration of Russ M. Herman and Arnold Levin**

<u>ORDER OF CORRECTION</u>

Due to a scrivenor's error in the Orders entered by this Court on September 26, 2011 and September 27, 2011, not all of the consolidated Chinese Drywall cases were listed in the style of the Orders. It was the intent of this Court that the rulings contained in the Orders of September 26, 2011 and September 27, 2011 would apply to all the consolidated Chinese Drywall cases filed in this Court.

Therefore, it is ORDERED that the previously entered Orders of September 26, 2011 and September 27, 2011, shall apply to all consolidated Chinese Drywall cases filed in this Court; copies of said Orders are attached for reference.

Pursuant to Rule 1:13 endorsements of counsel are waived.

Let the Clerk forward certified copies of this Order to counsel for the parties.

Entered this 1st day of December, 2011.

MARY JANE HALL, JUDGE

2

**EXHIBIT 7 to Declaration of Russ M. Herman and Arnold Levin**

VIRGINIA:   IN THE CIRCUIT COURT FOR THE CITY OF NORFOLK

IN RE:   ALL PENDING CHINESE DRYWALL CASES

Civil Docket Nos.: CL09-3105; CL09-5127; CL09-5133; CL09-5135;
CL09-5137; CL09-5167; CL09-5168; CL09-5697;
CL09-5722; CL09-5763; CL09-5795; CL09-5822;
CL09-5891; CL09-5892; CL09-5893; CL09-5894;
CL09-5895; CL09-5901; CL09-5903; CL09-5932;
CL09-5946; CL09-6328; CL09-6329; CL09-6330;
CL09-6331; CL09-6332; CL09-6333; CL09-6334;
CL09-6365; CL09-6366; CL09-6367; CL09-6487;
CL09-6629; CL09-6630; CL09-6631; CL09-6720;
CL09-6721; CL09-6725; CL09-6726; CL09-6784;
CL09-6785; CL09-6820; CL09-6875; CL09-6876;
CL09-6878; CL09-6879; CL09-6880; CL09-6952;
CL09-7024; CL09-7078; CL09-7079; CL09-7320;
CL09-7321; CL09-7322; CL09-7556; CL09-7751;
CL09-7768; CL09-7769; CL09-7802; CL09-7803;
CL09-7859; CL09-7880; CL09-7977; CL10-0035;
CL10-0036; CL10-0037; CL10-0371; CL10-0372;
CL10-0403; CL10-0404; CL10-0499; CL10-0500;
CL10-0501; CL10-0502; CL10-0508; CL10-0509;
CL10-0510; CL10-0511; CL10-0589; CL10-0818;
CL10-0819; CL10-0820; CL10-0821; CL10-0822;
CL10-0869; CL10-1234; CL10-1235; CL10-1236;
CL10-3498; CL10-3512; CL10-3893; CL10-3953;
CL10-3955; CL10-3956; CL10-3952; CL10-5089;
CL10-5090; CL10-5094; CL10-5095; CL10-5097;
CL10-5100; CL10-5101; CL10-5105; CL10-5966;
CL10-5968; CL10-5974; CL10-6140; CL10-6392;
CL10-7123; CL10-7329; CL10-7330; CL10-7351;
CL10-7365; CL10-7366; CL10-7789; CL10-7790;
CL10-7789; CL10-7790; CL10-7955; CL10-7957;
CL10-8196; CL10-8198; CL10-8202

<u>ORDER</u>

**EXHIBIT 7 to Declaration of Russ M. Herman and Arnold Levin**

The matter came before the Court on September 21, 2011 on several pending motions.

I.   Demurrers in: *Darryl Brown and Monique Brown v. Wermers Development, et al.,* CL10-5101; *Robert and Lisa Barrett v. Wermers Development, et al.,* CL10-404; *Vernette Nathan v. Wermers Development, et al.,* CL11-529; *Jeffrey Estes v. Wermers Development, et al.,* CL10-822; and *James Griffin, III and Kristen Griffin v. Wermers Development, et al.,* CL10-403

Defendants Wermers Development, Inc. and Preserve Development, LLC, have demurred to Counts I and II of the 5 Complaints, as supplemented, listed above. The five cases to which Wermers and Preserve are parties have been consolidated for pretrial purposes with the approximately 160 other cases pending in this Court involving Plaintiffs who claim damages relating to the presence of Chinese drywall in their homes. All of these cases have been idling for many months while litigation related to the availability of insurance to cover the claims proceeds in other courts. Additionally, the protracted process of joining a foreign defendant -- Taishan Gypsum Co., the Chinese manufacturer of the drywall at issue -- has contributed to the delay in proceeding to trial with these cases.

Plaintiffs object to the Court's consideration of individual, case-specific, non-dispositive motions as inefficient and unduly burdensome. If the Court sustains the Demurrers at issue in these five cases, both Defendants would remain in the suit as parties defendant to other counts which are not the subject of any demurrer.

As an issue simply relating to the management of these many cases, the Court agrees with Plaintiffs that individual, non-dispositive motions applicable in a small number of cases, should be reserved and addressed when the case has been set for trial. The Court therefore makes no ruling on these demurrers and takes them under advisement. At such time as these cases are docketed for trial, counsel should advise the Court that the parties have previously submitted these demurrers for decision.

II.   Motion for Discovery Order

Counsel for Venture Supply, Inc. has a presented a proposed Discovery Order that was drafted with input from many or most of the counsel in the case.

2

**EXHIBIT 7 to Declaration of Russ M. Herman and Arnold Levin**

The proposed Order establishes timetables for the parties to provide discovery responses. Plaintiffs do not object to the proposed order as it relates to cases that are set for trial, but they do object to the proposed requirement that discovery responses be provided in those cases that are not set for trial. Plaintiffs characterize the discovery obligation that Defendants seek to impose as "busywork," given the current uncertainty about insurance coverage available to pay any of the pending claims. Plaintiffs ask that the Court relieve them of any obligation to furnish discovery responses unless and until a particular case is set for trial, which would happen presumably only as to those cases where insurance or other assets exist to pay any judgment that might be awarded. The Plaintiffs propose that, once a case is set, their discovery obligations will be expedited to assure that Defendants receive complete information sufficiently before the trial.

Defendants seek to require that Plaintiffs respond to a limited set of generic discovery that Plaintiffs worked with Defendants to create. The discovery includes six interrogatories and six requests for production of documents that are the same for each case. Defendants argue that the current "lull" in the progress of these cases is an appropriate time for Plaintiffs to furnish these limited answers, and they complain that they have received no discovery at all with respect to the vast majority of the cases, the oldest of which have been pending for two years.

The continued passage of time does not always facilitate the process of responding to discovery. Documents are lost, and memories fade. The Court acknowledges the realities expressed by Plaintiffs that may lead many of them to abandon efforts to obtain a recovery at all, in light of the unfavorable rulings on insurance coverage that other courts have issued. Plaintiffs are understandably reluctant to invest additional time and resources to respond to discovery in cases where no defendant has liability insurance or assets to pay a judgment. Unfortunately, that issue is not relevant to a defendant's right to learn the particulars of claims that have been asserted in court against it. The unusual situation presented by these many civil actions that are consolidated for pretrial purposes in this court, which are simultaneously the subject of related coverage litigation in federal trial and appellate courts, and that are also part of a federal class action, confirms that Plaintiffs' counsel have more than enough to do. Nonetheless, that situation does not change the fact that Defendants are entitled to enough information about a pending lawsuit to permit them to evaluate their exposure.

3

**EXHIBIT 7 to Declaration of Russ M. Herman and Arnold Levin**

As with the first issue addressed in this order, the parties have presented a matter dealing with the management of these many cases rather than the controlling law.    The tailored discovery and the timetable proposed in the requested order call for responses at the rate of two pending cases per week for the homes that have been remediated or transferred, and thereafter at the rate two cases every two weeks.  The Court has modified that order to require that Plaintiffs respond with one set of discovery responses per week.  The Court does not find that such an obligation is unmanageable.   The first sets of discovery will be due on October 19, 2011 (or such other date as to which the parties may agree).

III.    Motion to Compel by Choice Builders, Inc.

Choice Builders, Inc. has filed a motion to compel in the CL11-2338 matter of *Kenneth Crowder et al. v. Choice Builders*.  The Court is unwilling to impose discovery obligations beyond those addressed in the discovery order, at this time.  Plaintiffs' counsel have indicated that they are willing to schedule individual, case-specific motions that are dispositive and that would get a defendant out of a case altogether.  If Choice Builder's pending Plea in Bar is such a motion, the Court suggests that the parties confer about an agreed exchange of whatever information would permit that hearing to take place. Otherwise, the Court will take Choice Builders' requests under advisement until its case is set for trial.  Counsel are requested to advise the Court of their respective positions about the dispositive nature of Choice Builders' pending Plea at the next status conference.

A copy of the Court's Order, with the changes referenced above, is attached.  The parties are to submit written objections within 14 days.

Pursuant to Rule 1:13 endorsements of counsel are waived.

Let the Clerk forward certified copies of this Order to counsel for the parties.

Entered this 2✝ day of September, 2011.

MARY JANE HALL, JUDGE

4

**EXHIBIT 7 to Declaration of Russ M. Herman and Arnold Levin**

**VIRGINIA:**

## IN THE CIRCUIT COURT OF THE CITY OF NORFOLK

In Re:  ALL PENDING CHINESE DRYWALL CASES

Civil Docket Nos:    CL09-3105; CL09-5127; CL09-5133; CL09-5135; CL09-5137;
CL09-5167; CL09-5168; CL09-5697; CL09-5722; CL09-5763;
CL09-5795; CL09-5822; CL09-5891; CL09-5892; CL09-5893;
CL09-5894; CL09-5895; CL09-5901; CL09-5903; CL09-5932;
CL09-5946; CL09-6328; CL09-6329; CL09-6330; CL09-6331;
CL09-6332; CL09-6333; CL09-6334; CL09-6365; CL09-6366;
CL09-6367; CL09-6487; CL09-6629; CL09-6630; CL09-6631;
CL09-6720; CL09-6721; CL09-6725; CL09-6726; CL09-6784;
CL09-6785; CL09-6820; CL09-6875; CL09-6876; CL09-6878;
CL09-6879; CL09-6880; CL09-6952; CL09-7024; CL09-7078;
CL09-7079; CL09-7320; CL09-7321; CL09-7322; CL09-7556;
CL09-7751; CL09-7768; CL09-7769; CL09-7802; CL09-7803;
CL09-7859; CL09-7880; CL09-7977; CL10-0035; CL10-0036
CL10-0037; CL10-0371; CL10-0372; CL10-0403; CL10-0404;
CL10-0499; CL10-0500; CL10-0501; CL10-0502; CL10-0508;
CL10-0509; CL10-0510; CL10-0511; CL10-0589; CL10-0818;
CL10-0819; CL10-0820; CL10-0821; CL10-0822; CL10-0869;
CL10-1234; CL10-1235; CL10-1236; CL10-1925; CL10-1929;
CL10-1930; CL10-3498; CL10-3512; CL10-3952; CL10-3953;
CL10-3955; CL10-3956; CL10-5089; CL10-5090; CL10-5094;
CL10-5095; CL10-5097; CL10-5100; CL10-5101; CL10-5105;
CL10-5966; CL10-5966; CL10-5968; CL10-5974; CL10-6140;
CL10-6392.

## DISCOVERY ORDER

This day came the parties, by counsel, upon the Motion of Venture Supply, Inc. and The

Porter-Blaine Corporation for an Order on discovery in these consolidated cases.  Upon

consideration of the Motion and argument of counsel, it is hereby ORDERED that discovery

shall proceed in these consolidated cases in the following manner:

## CASES SET FOR TRIAL

When a particular action is set for trial:

1

**EXHIBIT 7 to Declaration of Russ M. Herman and Arnold Levin**

1.      To the extent written discovery has been propounded to which responses have not been provided, such responses shall be provided at the latest 6 months prior to the trial date, unless otherwise ordered by the Court or agreed to by the parties.

2.      The parties shall complete discovery, including depositions, by 30 days before trial; however, depositions taken in lieu of live testimony at trial will be permitted until 15 days before trial.  "Complete" means that all interrogatories, requests for production, requests for admissions and other discovery must be served sufficiently in advance of trial to allow a timely response at least 30 days before trial.  Depositions may be taken after the specified time period by agreement of counsel of record or for good cause shown, provided however, that the taking of a deposition after the deadline established herein shall ordinarily not provide a basis for continuance of the trial date or the scheduling of motions inconsistent with the normal procedures of the court.  The parties have a duty to seasonably supplement and amend discovery responses pursuant to Rule 4:1(e) of the Rules of the Supreme Court of Virginia governing discovery.  Any discovery motion filed shall contain a certification that counsel has made a good faith effort to resolve the matters set forth in the motion with opposing counsel.

3.      If requested in discovery, plaintiff's, counter-claimant's, third-party plaintiff's, and cross-claimant's experts shall be identified on or before 120 days before trial.  If requested in discovery, defendant's and all other opposing experts shall be identified on or before 90 days before trial.  If requested in discovery, experts or opinions responsive to new matters raised in the opposing parties' identification of experts shall be designated no later than 60 days before trial.  If requested, all information discoverable under Rule 4:1(b)(4)(A)(1) of the Rules of the Supreme Court of Virginia shall be provided or the expert will not ordinarily be permitted to express any non-disclosed opinions at trial.  The foregoing deadlines shall not relieve a party of

2

**EXHIBIT 7 to Declaration of Russ M. Herman and Arnold Levin**

the obligation to respond to discovery requests within the time periods set forth in the Rules of the Supreme Court of Virginia, including, in particular, the duty to supplement or amend prior responses pursuant to Rule 4:1(e).

4.      Notwithstanding the foregoing deadlines, given the number of actions consolidated in this matter, the parties shall make all good faith effort to cooperate with each other to conduct any factual depositions, including those of parties, between the time frame 6 months prior to trial and 4 months prior to trial. The parties are urged to work in good faith on these issues.

**CASES NOT SET FOR TRIAL**

For those cases not yet set for trial:

5.      The parties have agreed upon the attached set of initial "generic" discovery to the Plaintiffs. Plaintiffs' counsel will provide discovery responses to this generic discovery for two pending cases every week with respect to homes that have been remediated, sold, transferred or foreclosed upon, beginning on   10|21|2011       . Thereafter, for homes not remediated, sold, transferred or foreclosed upon, Plaintiffs' counsel shall provide discovery responses to this generic discovery for two pending cases every two weeks.

6.      To the extent any party has further discovery it wishes to propound to the Plaintiffs, it may do so consistent with the Rules of the Virginia Supreme Court. However, responses to such other discovery shall be governed by Paragraph 1 above, except for good cause shown.

7.      No depositions shall be taken in a case not yet set for trial absent good cause shown or upon agreement of the parties. Should a party desire to take such a deposition, the

3

**EXHIBIT 7 to Declaration of Russ M. Herman and Arnold Levin**

parties are encouraged to work in good faith to resolve the issue before presenting the matter to the Court for resolution.

8.   The parties are encouraged to work together on arranging inspections of homes or other relevant evidence.  No destructive testing will be allowed absent agreement of the parties or approval by this Court.  To the extent a home is expected to be placed on the market for sale or rental; remediated or repaired; threatened with foreclosure; transferred; or for whatever reason may become unavailable for inspection, reasonable notice shall be given to all parties involved in that matter and the parties should work in good faith to allow inspections prior to the expected action.

Enter: 9 , 26 , 11

Honorable Mary Jane Hall

4

**EXHIBIT 7 to Declaration of Russ M. Herman and Arnold Levin**

I ask for this:

_____
Mark C. Nanavati, Esq.
mnanavati@snllaw.com
Kenneth F. Hardt, Esq.
khardt@snllaw.com
Jamie Specter, Esquire
jspecter@snllaw.com
SINNOTT, NUCKOLS & LOGAN, P.C.
13811 Village Mill Drive
Midlothian, VA 23114
Phone: (804) 378-7600
Facsimile: (804) 378-2610
*Counsel for Defendants, Venture Supply, Inc., and The Porter Blaine Corp.*

Seen and _____:

_____
Richard J. Serpe, Esquire
rserpe@serpefirm.com
LAW OFFICES OF RICHARD J. SERPE, P.C.
Crown Center, Suite 310
580 East Main Street
Norfolk, VA 23510-2322
Phone: (757) 233-0009
Facsimile: (757) 233-0455
*Counsel for Plaintiffs*

Jeffrey A. Breit, Esq.
jbreit@bdbmail.com
Michael F. Imprevento, Esq.
mimprevento@breitdrescher.com
John W. Drescher, Esq.
jdrescher@breitdrescher.com
BREIT, DRESCHER, IMPREVENTO & WALKER, P.C.
1000 Dominion Tower
999 Waterside Drive
Norfolk, VA 23510
Phone: (757) 622-6000
Facsimile: (757) 670-3939
*Co-counsel for Plaintiffs*

5

**EXHIBIT 7 to Declaration of Russ M. Herman and Arnold Levin**

Seen and _____:


_____
Theodore I. Brenner, Esq.
Tbrenner@beylaw.com
Jay O. Millman, Esq.
jmillman@beylaw.com
Alexander S. de Witt, Esq.
adewitt@beylaw.com
BRENNER, EVANS & MILLMAN, P.C.
411 East Franklin Street, Suite 200
Richmond, VA 23219
Phone: (804) 644-1300
Facsimile: (804) 644-1354
*Counsel for Defendant, Tobin Trading, Inc.*


Seen and _____:


_____
J. Brian Slaughter, Esq.
jbslaughter@va-law.org
George J. Dancigers, Esq.
gjdancigers@va-law.org
MCKENRY, DANCIGERS, DAWSON AND LAKE, P.C.
192 Ballard Court, Suite 400
Virginia Beach, VA 23462
Phone: (757) 461-2500
Facsimile: (757) 461-2341
*Counsel for Defendants, American Eastern, Inc., Wellington, L.L.C., Wyndwil, L.L.C., Atlantic Homes, L.I.C., HHJV, L.L.C., AHJV, L.L.C, Overlook Point, LLC, Ainslie Group, L.L.C., Clark-Whitehill Enterprises, Inc., The Overlook, L.L.C., Peak Building Corp., Plantation Group, LLC, Greensprings Plantation, Inc., Residential Concepts, LLC, Area Builders of Tidewater, Inc., DSG Construction, Scott Taylor Plastering and Nicholas & Co.: Next Level Group, LLC and Case Handyman & Remodeling, Inc.*

6

**EXHIBIT 7 to Declaration of Russ M. Herman and Arnold Levin**

Seen and _____ :

_____

John Franklin, III, Esq.
jfranklin@taylorwalkerlaw.com
Chris Wiemken, Esq.
cwiemken@taylorwalkerlaw.com
TAYLOR & WALKER, PC
P.O. Box 3490
Norfolk, Virginia 23514-3490
Phone: (757) 625-7300
Facsimile: (757) 625-1504
*Counsel for Defendants, Parallel Design and Development, L.L.C., Harbor Walk Development, L.L.C., Preserve Development, LLC, Genesis Group, Inc., Wermers Development, Inc., Oxfordshire, LLC, Ralph E. Digges, Rob Lang Builder, Inc., M&M Contracting, Inc., Ralph E. Digges, Rob Lang Builder, Inc., Harbor Walk Development, LLC, Traderscove Corporation d/b/a The Henin Group, Premier International Realty, Inc. d/b/a Henin Realty, International Property Investments of Central Florida, Inc. d/b/a Henin International Services, Jerome Henin and David Daniels*

Seen and _____ :

_____

Kevin J. Cosgrove, Esq.
kcosgrove@hunton.com
Hunton & Williams LLP
500 East Main Street, Suite 1000
Norfolk, Virginia 23510
Phone: (757) 640-5300
Fax: (757) 625-7720
*Counsel for Defendant Higgerson-Buchanan, Incorporated*

Seen and _____ :

_____

David Dayton, Esq.
david.dayton@kpmlaw.com
Helen Jhun, Esq.
helen.jhun@kpmlaw.com
KALBAUGH PFUND & MESSERSMITH, P.C.

7

**EXHIBIT 7 to Declaration of Russ M. Herman and Arnold Levin**

555 E. Main Street, Suite 1200
Norfolk, VA 23510
Phone: (757) 623-4500
*Counsel for Defendant, Woodall, LLC*

Seen and _____:


_____
Bennett Stein, Esq.
bstein@steinandsteinpc.com

M. Scott Stein, Esq.
sstein@steinandsteinpc.com
STEIN & STEIN, P.C.
740-F Thimble Shoals Boulevard
Newport News, VA 23606
Phone: (757) 873-1221
Facsimile: (757) 873-4449
*Counsel for Defendants, Mike Brazil and Leslie Brazil*

Seen and _____:


_____
Todd M. Fiorella, Esq.
tmfiorella@ff-legal.com
FRAIM & FIORELLA
Town Point Center, Suite 601
150 Boush Street
Norfolk, VA 23510
Phone: (757) 227-5900
Facsimile: (757) 227-5901
*Counsel for Defendants, Greensprings Condominums, LLC, Franciscus Homes, Inc. and Work Company Drywall & Plaster*

Seen and _____:


_____
Jayne A. Pemberton, Esq.
JPemberton@SandsAnderson.com
Kelly B. LaPar, Esq.
KLaPar@SandsAnderson.com
Erin R. McNeill, Esq.
EMcNeill@SandsAnderson.com

8

**EXHIBIT 7 to Declaration of Russ M. Herman and Arnold Levin**

Sands Anderson P.C.
1111 East Main Street
P.O. Box 1998
Richmond, VA 23218-1998
Phone: (804) 783-7242
Fax: (804) 783-2926
*Counsel for Defendants J.M.M., Builders Plaster & Drywall, LLC, and Hood Home & Building Services, Inc.*

Seen and _____:


_____
Robert G. MacDonald, Esq.
rmacdonald@macplum.com
Stephen J. DeBoer, Esq.
sdeboer@macplum.com
MacDonald, Plumlee & Overton, P.C.
620 Cedar Road
Chesapeake, VA 23322
Phone: (757) 547-8952
Fax: (757) 547-4856
*Counsel for Defendant Carlos Ramirez*

Seen and _____:


_____
Jesse J. Johnson, Jr., Esq.
jjohnson@johnsongardy.com
Johnson, Gardy & Teumer
3508 Robs Drive
Suffolk, VA 23435
Phone: (757) 539-0350
Fax: (757) 539-1097
*Counsel for Defendant Joseph A. Brooks*

Seen and _____:


_____
Thomas S. Garrett, Esq.
tgarrett@hccw.com
Richard K. Bennett, Esq.

9

**EXHIBIT 7 to Declaration of Russ M. Herman and Arnold Levin**

rbennett@hccw.com
Harman, Claytor, Corrigan & Wellman
P.O. Box 70280
Richmond, VA 23255
Phone: (804) 747-5200
Fax: (804) 747-6085
*Counsel for Defendants Eagle Harbor, LLC and East West Realty, LLC*

Seen and _____:

_____
C. Jay Robbins, IV
crobbins@midkifflaw.com
Midkiff, Muncie & Ross, P.C.
300 Arboretum Place, Suite 420
Richmond, VA 23236
Tel: (804) 560-9600
Fax: (804) 560-5997
*Counsel for Defendant Antonieta Torres*

Seen and _____:

_____
Henry N. Ware, Jr. (VSB # 22832)
Email: hnware@spottsfain.com
Robert J. Allen (VSB # 65214)
Email: rallen@spottsfain.com
Patricia Bugg Turner (VSB # 72775)
Email: pturner@spottsfain.com
SPOTTS FAIN PC
411 East Franklin Street, Suite 600
P.O. Box 1555
Richmond, Virginia 23218-1555
Telephone: (804) 697-2000
Facsimile: (804) 697-2100
*Counsel for Defendant Victor O. Moncada-Reyes*

10

**EXHIBIT 7 to Declaration of Russ M. Herman and Arnold Levin**

*Bowman*, 58 Va. Cir. 47, 50–51 (Fairfax 2001); *Sargeant v. Early Street Properties*, 56 Va. Cir. 168, 170 (Alexandria 2001); *MacConkey v. J.F. Matter Design, Inc.*, 54 Va. Cir. 1.2 (Virginia Beach 2000).

Therefore, as to the Manufacturer/ Supplier Defendants, the demurrer to Count XI will be sustained.

Sales of residences by builders and developers to consumers, in contrast, are covered by the VCPA. The allegations that those defendants misrepresented the source and characteristics of the drywall satisfy the pleading requirements for a claim under the VCPA. The demurrer of the Builder / Developer Defendants to Count XI will be OVERRULED.

CONCLUSION

Counsel are directed to submit any written exceptions to this Order within 10 days.

ENTERED: 3-29-2010

MARY JANE HALL, JUDGE

29

**EXHIBIT 7 to Declaration of Russ M. Herman and Arnold Levin**

**15**

EXHIBIT 7 to Declaration of Russ M. Herman and Arnold Levin

V I R G I N I A:

In the Circuit Court for the City of Norfolk

PHILIP ALLEN and
CLARINE SAINT-AINGE, et al.

Plaintiffs

v.                                                          Case No. CL10-6976

VENTURE SUPPLY, INC., et al.

Defendants

_____

VENTURE SUPPLY, INC.,

Third-Party Plaintiff

v.

TAISHAN GYPSUM CO., LTD., f/k/a
SHANDONG TAIHE DONGXIN CO., LTD.

Third-Party Defendant

## **ORDER**

This 1st day of December, 2011, came the parties, by counsel, upon Third-Party

Defendants Venture Supply, Inc.'s ("Venture") and The Porter-Blaine Corporation's

("PB") Motions for Entry of Default Judgment against Taishan Gypsum Co., Ltd., f/k/a

Shandong Taihe Dongxin Co., Ltd. ("Taishan") on the Third-Party Complaints filed by

Venture and PB against Taishan; and on Taishan's Motion for Relief from Default. Upon

consideration of the pleadings, memoranda, exhibits and argument of counsel, the Court

GRANTS Venture's and PB's Motion for Entry of Default Judgment against Taishan on

the Third-Party Complaint, and DENIES Taishan's Motion for Relief from Default, for

**EXHIBIT 7 to Declaration of Russ M. Herman and Arnold Levin**

the reasons set forth on the record.  Accordingly, it is ORDERED that Taishan is ~~liable~~ to

*[handwritten: ~~and PB~~]*  *[handwritten: ~~rPB~~]*  *[handwritten: amount of liability]*  *[handwritten: MJH]*

Venture for any sums awarded against Venture in this action, and for Venture's

*[handwritten: ~rPB;]*  *[handwritten: to be determined at later hearing]*

attorney's fees and costs in defending the action filed against ~~it, and ORDERED that~~

~~Taishan is liable to PB for any sums awarded against PB in this action, and for PB's~~

~~attorney's fees and costs in defending the action against it.~~

*[signature: Janice J. O'Hern]*

Digitally Signed By: Janice O'Hern, Deputy Clerk
VA Code 17.1-258.3:2
Copy Teste: Authorized to sign on behalf of George E. Schaefer, Clerk, Norfolk Circuit Court
Dec 8 2011 8:28 AM

Enter: *[handwritten: 12 / 1 /2011]*

*[signature: Mary Jane Hall]*
Judge Mary Jane Hall

I ask for this:

*[signature]*  *[handwritten: cm]*

Mark C. Nanavati
Kenneth F. Hardt
SINNOTT, NUCKOLS & LOGAN, P.C.
13811 Village Mill Dr.
Midlothian, VA 23214
(804) 378-7600
Counsel for Venture Supply, Inc.
and The Porter-Blaine Corporation

**EXHIBIT 7 to Declaration of Russ M. Herman and Arnold Levin**

Seen and objected to for the reasons
set forth in the pleadings, memoranda,
exhibits and argument of counsel: *Judge Fallon*

_____

Jon M. Talotta
Michael M. Smith
HOGAN LOVELLS US LLP
Park Place II
7930 Jones Branch Drive, Ninth Floor
McLean, VA 22102
(703) 610-6100
Counsel for Taishan Gypsum Co., Ltd., f/k/a
Shandong Taihe Dongxin Co., Ltd.

Seen:

_____

Richard J. Serpe
LAW OFFICE OF RICHARD J. SERPE, P.C.
Crown Center, Suite 310
580 Main Street
Norfolk, VA 23510

John W. Drescher
BREIT, DRESCHER, IMPREVENTO & WALKER, P.C.
1000 Dominion Tower
999 Waterside Drive
Norfolk, VA 23510
Counsel for Plaintiffs

_____

J. Brian Slaughter
MCKENRY, DANCIGERS, DAWSON & LAKE, P.C.
192 Ballard Court, Suite 400
Virginia Beach, VA 23462

**EXHIBIT 7 to Declaration of Russ M. Herman and Arnold Levin**

E.D. David
DAVID, KAMP & FRANK, LLC
739 Thimble Shoals Boulevard, Suite 105
Newport News, VA 23606
Counsel for Atlantic Homes, LLC

Theodore I. Brenner
BRENNER, EVANS & MILLMAN
411 E. Franklin Street, Ste 200
Richmond, VA 23219
Counsel for Tobin Trading, Inc.

**EXHIBIT 7 to Declaration of Russ M. Herman and Arnold Levin**

**16**

EXHIBIT 7 to Declaration of Russ M. Herman and Arnold Levin

VIRGINIA:

In the Circuit Court for the City of Norfolk

PHILIP ALLEN and
CLARINE SAINT-AINGE, et al.

            Plaintiffs

v.                                                          Case No. CL10-6976

VENTURE SUPPLY, INC., et al.

            Defendants

_____

ATLANTIC HOMES, LLC,

            Third-Party Plaintiff

v.

TAISHAN GYPSUM CO., LTD., f/k/a
SHANDONG TAIHE DONGXIN CO., LTD.

            Third-Party Defendant

## **ORDER**

        This 1st day of December, 2011, came the parties, by counsel, upon Third-Party

Defendant Atlantic Homes, LLC's ("Atlantic") Motion for Entry of Default Judgment

against Taishan Gypsum Co., Ltd., f/k/a Shandong Taihe Dongxin Co., Ltd. ("Taishan")

on the Third-Party Complaints filed by Atlantic against Taishan; and on Taishan's

Motion for Relief from Default.  Upon consideration of the pleadings, memoranda,

exhibits and argument of counsel, the Court GRANTS Atlantic's Motion for Entry of

Default Judgment against Taishan on the Third-Party Complaint, and DENIES Taishan's

Motion for Relief from Default, for the reasons set forth on the record.  Accordingly, it is

**EXHIBIT 7 to Declaration of Russ M. Herman and Arnold Levin**

*amount of*

ORDERED that ~~Taishan is liable~~ *'s liability* to Atlantic for any sums awarded against Atlantic in

this action, and for Atlantic's attorney's fees and costs in defending the action ~~filed~~

~~against it.~~ *to be determined at later hearing.* MJH

*Janice J. O'Hern*

Digitally Signed By: Janice O'Hern, Deputy Clerk
VA Code 17.1-258.3:2
Copy Teste: Authorized to sign on behalf of George E. Schaefer, Clerk, Norfolk Circuit Court
Dec 8 2011 8:31 AM

Enter:   12 / 1 / 2011

*Mary Jane Hall*
Judge Mary Jane Hall

I ask for this:

J. Brian Slaughter
McKENRY, DANCIGERS, DAWSON & LAKE, P.C.
192 Ballard Court, Suite 400
Virginia Beach, VA 23462

E.D. David
DAVID, KAMP & FRANK, LLC
739 Thimble Shoals Boulevard, Suite 105
Newport News, VA 23606
Counsel for Atlantic Homes, LLC

**EXHIBIT 7 to Declaration of Russ M. Herman and Arnold Levin**

Seen and objected to for the reasons
set forth in the pleadings, memoranda,
exhibits and argument of counsel

Jon M. Talotta
Michael M. Smith
HOGAN LOVELLS US LLP
Park Place II
7930 Jones Branch Drive, Ninth Floor
McLean, VA 22102
(703) 610-6100
Counsel for Taishan Gypsum Co., Ltd., f/k/a
Shandong Taihe Dongxin Co., Ltd.


Seen:

Richard J. Serpe
LAW OFFICE OF RICHARD J. SERPE, P.C.
Crown Center, Suite 310
580 Main Street
Norfolk, VA 23510

John W. Drescher
BREIT, DRESCHER, IMPREVENTO & WALKER, P.C.
1000 Dominion Tower
999 Waterside Drive
Norfolk, VA 23510
Counsel for Plaintiffs

Mark C. Nanavati
Kenneth F. Hardt
SINNOTT, NUCKOLS & LOGAN, P.C.
13811 Village Mill Dr.
Midlothian, VA 23214
(804) 378-7600
Counsel for Venture Supply, Inc.
and The Porter-Blaine Corporation


**EXHIBIT 7 to Declaration of Russ M. Herman and Arnold Levin**

Theodore I. Brenner  17815
BRENNER, EVANS & MILLMAN
411 E. Franklin Street, Ste 200
Richmond, VA 23219
Counsel for Tobin Trading, Inc.

**EXHIBIT 7 to Declaration of Russ M. Herman and Arnold Levin**

**17**

EXHIBIT 7 to Declaration of Russ M. Herman and Arnold Levin

**VIRGINIA:**

## IN THE CIRCUIT COURT OF THE CITY OF NORFOLK

**In Re:  ALL PENDING CHINESE DRYWALL CASES**

Civil Docket Nos:    CL09-3105; CL09-5127; CL09-5133; CL09-5135; CL09-5137;
CL09-5167; CL09-5168; CL09-5697; CL09-5722; CL09-5763;
CL09-5795; CL09-5822; CL09-5891; CL09-5892; CL09-5893;
CL09-5894; CL09-5895; CL09-5901; CL09-5903; CL09-5932;
CL09-5946; CL09-6328; CL09-6329; CL09-6330; CL09-6331;
CL09-6332; CL09-6333; CL09-6334; CL09-6365; CL09-6366;
CL09-6367; CL09-6487; CL09-6629; CL09-6630; CL09-6631;
CL09-6720; CL09-6721; CL09-6725; CL09-6726; CL09-6784;
CL09-6785; CL09-6820; CL09-6875; CL09-6876; CL09-6878;
CL09-6879; CL09-6880; CL09-6952; CL09-7024; CL09-7078;
CL09-7079; CL09-7320; CL09-7321; CL09-7322; CL09-7556;
CL09-7751; CL09-7768; CL09-7769; CL09-7802; CL09-7803;
CL09-7859; CL09-7880; CL09-7977; CL10-0035; CL10-0036
CL10-0037; CL10-0371; CL10-0372; CL10-0403; CL10-0404;
CL10-0499; CL10-0500; CL10-0501; CL10-0502; CL10-0508;
CL10-0509; CL10-0510; CL10-0511; CL10-0589; CL10-0818;
CL10-0819; CL10-0820; CL10-0821; CL10-0822; CL10-0869;
CL10-1234; CL10-1235; CL10-1236; CL10-1925; CL10-1929;
CL10-1930; CL 10-3498; CL 10-3512; CL10-3952; CL10-3953;
CL10-3955; CL10-3956; CL10-5089; CL10-5090; CL 10-5094;
CL10-5095; CL10-5097; CL10-5100; CL10-5101; CL10-5105;
CL10-5966; CL10-5966; CL10-5968; CL10-5974; CL10-6140;
CL10-6392.

## ORDER

This day came the defendants, Venture Supply, Inc. ("Venture Supply"), The Porter

Blaine Company ("Porter Blaine") and Tobin Trading Inc. ("Tobin"), upon a Motion by Venture

Supply, Porter Blaine and Tobin that all proceedings and actions pending against them in this

Court should be stayed, and the motion  was argued.

And it appearing to the Court that Class Action Settlement Agreements ("Settlement

Agreements") relating to all actions pending in this Court against Venture Supply, Porter Blaine

and Tobin have been filed in the United States District Court for the Eastern District of Louisiana

1

**EXHIBIT 7 to Declaration of Russ M. Herman and Arnold Levin**

(the "MDL Court") in actions involving Venture Supply, Porter Blaine and Tobin relating to Chinese Manufactured Drywall and which have either been filed in the MDL Court or transferred to the MDL Court ; and it further appearing to the Court that on November 13, 2012 the MDL Court heard argument regarding a Motion for an Order Preliminarily Approving Each of the Three Settlement Agreements (Nationwide Insureds Settlement Agreement, Porter-Blaine/Venture Supply Settlement Agreement, Tobin Trading and Installers Settlement Agreement) Regarding Claims Against Participating Defendants Including Builders, Installers, Suppliers and Participating Insurers relating to Virginia and Certain Other Remaining Claims (the "MDL Settlement Motions"); and it further appearing to the Court that by Minute Entry Order signed by the MDL Court on November 13, 2012 the MDL Settlement Motion was granted; and it further appearing to the Court that the terms of the Settlement Agreements require the entry of an Order staying all claims in the "Litigation" (as that term is defined in the Settlement Agreements) and all "CDW-related actions" (as that term is defined in the Settlement Agreements) with the exception of an action pending in the Circuit Court for the City of Virginia Beach in an action styled State Farm Fire and Casualty Company v. Tobin Trading, Inc., et al, CL 12-2185; and it appearing to the Court that all actions against Venture Supply, Porter Blaine and Tobin pending in this Court are "CDW related actions" (as that term is defined in the Settlement Agreements) and that the Motion to Stay filed by Venture Supply, Porter Blaine and Tobin should be granted, it is therefore

ORDERED that all proceedings and actions pending in this Court against Venture Supply, Porter Blaine and Tobin including but not limited to those actions referenced in the caption herein shall be and the same are hereby stayed until further Order of this Court, and all parties to such proceedings and actions are hereby enjoined from requiring Venture Supply,

**EXHIBIT 7 to Declaration of Russ M. Herman and Arnold Levin**

Porter Blaine and Tobin from participating in any way in such proceedings or actions, other than responding to properly issued subpoenas; and it is further

ORDERED that Venture Supply, Porter Blaine and Tobin shall not be affected in any way by the testimony or results in any such action or proceeding pending in this Court nor shall such actions or proceedings or the incidents thereof have any effect, collateral, direct or otherwise, against Venture Supply, Porter Blaine and Tobin.

11 / 20 / 2012          10:00 a.m.

Judge
Mary Jane Hall, Judge

We ask for this:

Kenneth F. Hardt VSB #23966
SINNOT, NUCKOLS & LOGAN, P.C.
13811 Village Mill Drive
Midlothian, VA  23114
Telephone:  (804) 378-7600
Facsimile:  (804) 378-2610
*Counsel for Venture Supply, Inc. and
    Porter Blaine Company*

COPY TESTE:
GEORGE E. SCHAEFER, CLERK
NORFOLK CIRCUIT COURT
BY
Toni Duquette, Deputy Clerk
Authorized to sign on behalf
of George E. Schaefer
Date:  11/26/12

Theodore I. Brenner VSB #17815
BRENNER, EVANS & MILLMAN, P.C.
411 East Franklin Street, Suite 200
P.O. Box 470
Richmond, VA  23218-0470
Telephone:  (804) 644-1300
Facsimile:  (804) 644-1354
*Counsel for Tobin Trading, Inc.*

3

**EXHIBIT 7 to Declaration of Russ M. Herman and Arnold Levin**

Seen and Agreed:

_____

Richard J. Serpe VSB #33340
LAW OFFICES OF RICHARD J. SERPE, P.C.
Crown Center, Suite 310
580 East Main Street
Norfolk, VA  23510-2322
Telephone:  (757) 233-0009
Facsimile:  (757) 233-0455
*Counsel for Plaintiffs*

_____

John W. Drescher
BREIT, DRESCHER, IMPREVENTO & WALKER, P.C.
1000 Dominion Tower
999 Waterside Drive
Norfolk, VA  23510
Telephone:  (757) 622-6000
Facsimile:  (757) 670-3939
*Counsel for Plaintiffs*

4

**EXHIBIT 7 to Declaration of Russ M. Herman and Arnold Levin**

Seen and objected to for reasons stated by defense counsel in open court and on Due Process grounds.

Robert Allen (VSB 65214)

Spotts Fain, PC

Counsel for Defendant Victor Moncada - Reyes

Seen and objected to:

Brian G. Mee (VSB #47318),
Kevin C. Newsome
LeClairRyan

Counsel for Defendants
Villa Chavez Corp.
and Javier Adame
Saldana a/b/a
Adame Brothers

Seen and objected to for reasons stated by defense counsel in open court

Kevin P. Greene    VSB 48334
Willcox & Savage
Counsel for Defendant Curb Appeal Home Builders, Inc.

Seen & objected to for reasons stated by defense counsel in open court

Joseph P. Moriarty VSB 684605
WILLCOX & SAVAGE
Counsel for The Classic Group & Denos Construction

SEEN AND AGREED AS TO VARIOUS NATIONWIDE INSURANCE COMPANY INSUREDS THAT ARE "SETTLING DEFENDANTS" IN THE NATIONWIDE CLASS ACTION SETTLEMENT IN MDL2047, ALSO PARTIES IN THE NORFOLK CDW LITIGATION;

J. BRIAN SLAUGHTER

SEEN, AS TO DEFENDANT DSG CONSTRUCTION, INC.

J. BRIAN SLAUGHTER

Seen & objected to for reasons stated in argument + for reasons to be briefed + further objection to language objecting selling parties

Helen Thuy
Burk Kavanaugh Pfund + Macksmith
Counsel for   Woodall LLC

Seen & objected to
Richard K. Bennett.
Reasons against cannot
cited at hearing.

**EXHIBIT 7 to Declaration of Russ M. Herman and Arnold Levin**

5

Seen and objected to for
the reasons stated on the
record and also because of
the Lack of opportunity to
brief issue of the stay
as to fewer than all defendants
and the Lack of opportunity to
brief Defendant Torres' rights
under the Contribution Among
Tort feasors Act :

C. Jay Robbins

C. Jay Robbins, IV  #22847
Midkiff, Muncie & Ross, P.C.
300 Arboretum Place
Suite 420
Richmond VA 23226
Counsel for Defendant
Antonieta Torres

6

**EXHIBIT 7 to Declaration of Russ M. Herman and Arnold Levin**

**18**

EXHIBIT 7 to Declaration of Russ M. Herman and Arnold Levin

VIRGINIA:   IN THE CIRCUIT COURT FOR THE CITY OF NORFOLK

IN RE:   THE FOLLOWING PENDING CHINESE DRYWALL CASES

Civil Docket Nos.:   CL10-35; CL10-37; CL09-7751; CL10-8202; CL09-6328

## OPINION AND ORDER ON MOTIONS *IN LIMINE* AND DEMURRER TO COUNT V

Plaintiffs in these consolidated actions are homeowners who seek damages resulting from the importation, sale and installation of defective Chinese drywall.  The Complaints, as amended, allege that the drywall emits sulfide gases that create noxious odors and cause damage and corrosion to wiring and other items within their homes.

Plaintiffs have entered into a number of settlement agreements that are pending approval by the federal court overseeing the multi-district litigation relating to the Chinese drywall.  The claims scheduled for trial in this court are against defendants who allegedly had no involvement in the importation, selection or sale of the defective Chinese drywall but who physically installed the drywall into the homes (herein referred to as the Installer Defendants).

Plaintiffs move *in limine* for (1) an order excluding evidence of negligence by any settling defendant; and (2) an order prohibiting Installer Defendants from arguing that they are not covered by the Building Code.  The Installer Defendants demur to Count V – Negligence *Per Se*, arguing that they are not liable for any Code violations relating to the defective Chinese drywall.

As set forth herein, the Court GRANTS both Motions *in Limine* and OVERRULES the Demurrer to Count V.

**EXHIBIT 7 to Declaration of Russ M. Herman and Arnold Levin**

I.  <u>Motion *In Limine* to Exclude Evidence of Negligence of Settling Defendants</u>

In support of their motion to exclude negligence of other defendants, Plaintiffs rely on *Jenkins v. Payne*, 251 Va. 122, 465 S.E.2d 795 (1996) and *Atkinson v. Scheer,* 256 Va. 448, 508 S.E.2d 68 (1998).  *Jenkins* held that two medical practitioners were not entitled to present opinion evidence that the negligence of a third defendant, against whom claims had been nonsuited following settlement, was the sole proximate cause of the patient's death.  The Court did allow evidence establishing the facts surrounding the treatment of the patient by the nonsuited defendant, but it excluded expert opinion evidence as whether he had breached the standard of care.  In *Atkinson,* the Court reversed a jury verdict for a defendant in a medical malpractice case who had been permitted to ask the plaintiff's expert witness whether another physician who had also treated the plaintiff committed acts of negligence.  The Court found that such evidence could only be admitted if the defendant had proven that the settling doctor's negligence alone, without any contributing negligence in the slightest degree from the defendant, caused the plaintiff's injuries.  Because the defendant had not met that burden, the opinion evidence regarding a breach of the standard of care by the settling doctor could not be admitted.

Evidence about the negligence of a third party is irrelevant unless that negligence constitutes an intervening, superseding cause of Plaintiffs' injuries.  *Jenkins*, 251 Va. at 129.  A defendant in an action for negligent injury "cannot escape liability for his own negligence merely by showing that another was also negligent."  *Appalachian Power Co. v. Mitchell*, 145 Va. 409, 414, 134 S.E.558, 559 (1960).

Neither *Jenkins* nor *Atkinson* requires the Court to reject evidence about the facts and circumstances by which Chinese drywall came to be installed in Plaintiffs' homes.  Those holdings prohibit the introduction of any opinion testimony regarding a breach of the standard of

**EXHIBIT 7 to Declaration of Russ M. Herman and Arnold Levin**

care by a settling defendant, and they speak to the availability of a jury instruction on superseding and intervening cause. No evidence has been presented that would permit the Court to evaluate the applicability of any particular jury instruction, including the one regarding the superseding negligence of a third party that allegedly caused the plaintiffs' damages. Therefore, the Court does not rule on whether a particular jury instruction will be given.

The Motion *in Limine* is granted as to any opinion testimony about the negligence of any other defendant unless the Installer Defendants prove that such other negligence constituted a superseding cause of Plaintiffs' damages.

## II.   Defendants' Demurrers to Negligence *Per Se* / Plaintiffs' Motion to Exclude Argument that Installer Defendants are not Covered by the Virginia Uniform Statewide Building Code

Plaintiffs style their motion as a request for an order prohibiting the Installer Defendants from arguing or contending that they are not covered by the Virginia Uniform Statewide Building Code. Defendants' Demurrer to Count V of the Amended Complaint, which challenges the legal sufficiency of Plaintiffs' negligence *per se* claims, raises the same issue.

Plaintiffs included in their memorandum a factual narrative regarding the actions of the Installer Defendants. Although these facts are not pleaded in their Amended Complaint, the Installer Defendants have not challenged their accuracy or made the Court aware of any differences in their version of those facts. Therefore, for purposes of the motion, the Court will accept that the evidence at trial would show the following:

1. The drywall at issue was purchased by the general contractor from Venture Supply, Inc. Venture Supply had purchased the drywall in 2005 and 2006 from a Chinese company now known as Taishan Gypsum Company.

2. At the time of the sale, Venture asked Taishan to mark the drywall and the shipping documents to indicate that the drywall complied with standards issued by the American Society for Testing and Materials (ASTM). Taishan refused to allow this marking and insisted that the ASTM requirement be removed from the sale.

3

**EXHIBIT 7 to Declaration of Russ M. Herman and Arnold Levin**

3. Venture acceded, and 150,000 sheets of 4 x 12.5 inch drywall were imported into Norfolk for sale and ultimately installation into Plaintiffs' homes.

4. The Chinese drywall installed in Plaintiffs' homes arrived in 2007 at the various work sites on pallets containing stacks of 50 or more sheets.

5. Any markings on the boards would have been almost completely concealed until someone pulled the boards off the pallet to prepare them for installation.

6. No defendant other than the Installer Defendants had the repeated, hands on, up close view of the boards.

7. Once installed, the side of the board where any notation about ASTM compliance would have appeared faced the interior of the wall and could not have been read by any code official.  Thus, once installed, a code official would not have been able to determine that the boards lacked ASTM marking.

The Court has previously ruled, in an order dated March 29, 2010, that Plaintiffs may properly rely upon provisions in the Building Code to supply the statutory violation required for a negligence *per se* claim.   Plaintiffs retain the burden of proving that they have suffered the type of harm against which the Building Code was designed to protect and that the Code violations proximately caused their losses before the jury will be instructed on negligence *per se*.

Both Plaintiffs and Installer Defendants set forth in detail the various provisions of the 2000 and 2003 Uniform Statewide Building Code that relate to this controversy, and the Court does not restate these many and various provisions herein.  For the purposes of this motion, the Court assumes that all parties agree that the Building Code relevant to each home involved in this litigation required the following: "Unless otherwise required by the purchase agreement, each board or package shall have legibly marked thereon the following: the thickness, the name of the producer or supplier, the brand name (if any); and the ASTM designation for the product."

4

**EXHIBIT 7 to Declaration of Russ M. Herman and Arnold Levin**

[1] ASTM Designation C36-97, ¶ 12.1 (Exhibit C to Ramirez Brief in Opposition, filed 11/13/12).

There appears to be no controversy that the Chinese drywall lacked ASTM markings. In *Appeal of Atlantic Homes, LLC* (Appeal No. 10-21, April 22, 2011), the State Building Code Technical Review Board considered an appeal by Atlantic Homes (one of the settling defendants in the instant litigation) of a Building Code violation notice. The Board ruled that the Chinese drywall did not comply with the Building Code because it was neither labeled ASTM compliant nor approved as a reliable and tested equivalent to ASTM labeled drywall. Plaintiffs identify that violation of the USBC as the basis for their negligence *per se* claim against the Installer Defendants.

### 1.  Duty of the Installer Defendants

In support of their Demurrer to this count, and in opposition to Plaintiffs' motion to prevent them from arguing that they are not subject to relevant provisions of the Building Code, the Installer Defendants argue that they contracted only to install drywall that was already present on the construction site when they arrived and that they have no responsibility for any defects in the drywall itself. As they argue:

> A drywall installer is not responsible for the quality of the drywall installed in the home …There is nothing in the Code to indicate that an installer, who does not purchase, import, or manufacture drywall is responsible for its testing and marking.

Torres Memorandum, filed 11/6/12, at 2. Further:

> The standard of care applicable to Defendant's duty of care is limited to the scope of the work Defendant performed on Plaintiffs' homes. The scope of Defendant's work was merely the installation of drywall already purchased and delivered to

---

[1] Defendant Ramirez challenges the applicability of many of the Building Code provisions cited by Plaintiffs, and, in a footnote at page 7 of his Memorandum, does not concede that the standard quoted above applies to homes governed by the 2003 Building Code; but he does not furnish an alternative Code provision that would apply instead. The Court has heard no evidence about any individual home that would permit a determination about what Code version applies to a particular home. If the parties disagree about the applicability of any of the provisions that form the basis for the Court's decision, that must be brought to the attention of the Court to be resolved by an evidentiary hearing.

**EXHIBIT 7 to Declaration of Russ M. Herman and Arnold Levin**

the job site; this was the only task he contracted to perform.  Thus, Defendant's standard of care is measured by the USBC provisions governing installation of drywall.  Therefore, Defendant may violate his duty of care only by improperly installing the drywall.

Ramirez Memorandum, filed 11/13/12, at 5.

The Installer Defendants cite no law that supports the arguments stated above.  Likewise, Plaintiffs cite no law that squarely addresses who must be deemed the "violator" when non-compliant materials are included in new construction.  The State Building Code Technical Review Board apparently did not address whether any other contractor involved with the installation of the drywall could or should be cited with a Building Code violation for his or her actions or inactions; that decision dealt only with the culpability of the builder.

The two applicable versions of the Virginia Uniform Statewide Building Code include broad language requiring compliance.  The 2003 Virginia USBC provides at §112.1: "It shall be the duty of <u>any person</u> performing work covered by this code to comply with all applicable provisions of this code and to perform and complete such work so as to secure the results intended by the USBC." (emphasis added).  The purpose of the USBC, in turn, is "to protect the health, safety and welfare of the residents of the Commonwealth of Virginia, provided that buildings and structures should be permitted to be constructed at the least possible cost consistent with recognized standards of health, safety, energy conservation and water conservation…" *Id.* at § 102.1.

The compliance requirement in the 2000 version states, "It shall be the duty of <u>every person</u> who performs work regulated by the USBC … to comply with the USBC." 2000 Virginia USBC at § 102.2 (emphasis added).  Neither the 2003 nor the 2000 compliance language clarifies, however, which provisions of the USBC must be complied with by whom: are the installers responsible to make sure that they install only code-compliant drywall, whether or

**EXHIBIT 7 to Declaration of Russ M. Herman and Arnold Levin**

not they had anything to do with procuring the drywall?  Or must they only comply with installation procedures required by the Code with no responsibility for the fact that the drywall they are installing does not conform to standards?

With no controlling authority on either side of this question, the Court will "construe the Building Code broadly enough to give substantial effect to [the] manifest legislative purpose" of the Code. *Virginia Electric & Power Co. v. Savoy Constr. Co.*, 224 Va. 36, 44, 294 S.E.2d 811, 817 (1982).  The Court concludes that the interpretation imposing responsibility on all of the contractors directly involved in the process by which defective material makes it into a building better accomplishes the remedial goals of the USBC, specifically, protecting the health, safety and welfare of Virginians.  Even though the Installer Defendants did not bring the offending drywall to the job site, they certainly handled it and had a clear opportunity to apprehend the absence of required ASTM labeling.  Their duty to ensure that their work was completed "so as to secure the results intended by the USBC" should have triggered some action on their part to confirm that the materials complied with the Code or were an approved equivalent.  Their argument that such a responsibility would thwart the USBC's purpose of permitting construction at the least possible cost is not persuasive.  To the contrary, hindsight clearly shows that the goal of containing costs would have been much better served if a knowledgeable contractor had thrown up a red flag before installing unmarked drywall.

2.  Code compliance of unmarked drywall

The Installer Defendants argue that the USBC and the ASTM standard incorporated therein, quoted *infra*, in fact permits unmarked drywall with the "unless" clause: "Unless otherwise required by the purchase agreement, each board or package shall have legibly marked thereon the following: the thickness, the name of the producer or supplier, the brand name (if

**EXHIBIT 7 to Declaration of Russ M. Herman and Arnold Levin**

any); and the ASTM designation for the product." They argue that unmarked drywall would not have aroused any suspicion, because an installer is justified in concluding that the purchase agreement had contracted away that requirement.

Plaintiffs argue that the safety requirements of the Code may not be negotiated away at the whim of the contracting parties and that such an interpretation would fatally undermine those requirements. They contend that the "unless" clause instead recognizes the availability of an approval process for alternative materials or methods of construction not specifically authorized by the Code. Their argument finds support in the decision by the Technical Review Board in Appeal of Atlantic Homes, LLC, which concluded that the unmarked drywall violated the USBC with no discussion of an exception to that requirement if the purchase agreement allows for it to be unmarked.

The Court cannot harmonize the detailed safety requirements in the USBC with the all-consuming exception that Defendants urge. The USBC would be impotent if parties could contractually waive its provisions with impunity – especially where, as here, those waiving the requirements are not the people who have to live in the homes. Plaintiffs' interpretation, that parties may contract around a particular requirement only when the alternative has been approved according to the provisions of the Code, better accomplishes the remedial purposes of the Code. The Court accepts that interpretation and will not allow argument that the Code requirements were or may have been excused.

## CONCLUSION

The Court sustains both Motions *in Limine* and overrules Defendants' Demurrer.

Pursuant to Rule 1:13 endorsements by counsel are waived.

Parties are to submit written objections to this Order within ten days.

8

**EXHIBIT 7 to Declaration of Russ M. Herman and Arnold Levin**

The Clerk is directed to send copies of this Order to all counsel of record.

ENTERED:  3 Dec 2012

MARY JANE HALL, JUDGE

**EXHIBIT 7 to Declaration of Russ M. Herman and Arnold Levin**

**19**

EXHIBIT 7 to Declaration of Russ M. Herman and Arnold Levin

**VIRGINIA:  IN THE CIRCUIT COURT FOR THE CITY OF NORFOLK**

IN RE: ALL PENDING CHINESE DRYWALL CASES

Civil Action Nos:    CL09-3105; CL09-4672; CL09-5127; CL09-5133; CL09-5135;
CL09-5137; CL09-5167; CL09-5168; CL09-5697; CL09-5722;
CL09-5763; CL09-5795; CL09-5822; CL09-5891; CL09-5892;
CL09-5893; CL09-5894; CL09-5895; CL09-5901; CL09-5903;
CL09-5932; CL09-5946; CL09-6328; CL09-6329; CL09-6330;
CL09-6331; CL09-6332; CL09-6333; CL09-6334; CL09-6365;
CL09-6366; CL09-6367; CL09-6487; CL09-6629; CL09-6630;
CL09-6631; CL09-6720; CL09-6721; CL09-6725; CL09-6726;
CL09-6784; CL09-6785; CL09-6820; CL09-6879; CL09-6880;
CL09-6875; CL09-6876; CL09-6878; CL09-6952; CL09-7024;
CL09-7078; CL09-7079; CL09-7320; CL09-7321; CL09-7322;
CL09-7556; CL09-7751; CL09-7768; CL09-7769; CL09-7802;
CL09-7803; CL09-7859; CL09-7880; CL09-7977; CL10-0035;
CL10-0036; CL10-0037; CL10-0371; CL10-0372; CL10-0403;
CL10-0404; CL10-0499; CL10-0500; CL10-0501; CL10-0502;
CL10-0508; CL10-0509; CL10-0510; CL10-0511; CL10-0589;
CL10-0818; CL10-0819; CL10-0820; CL10-0821; CL10-0822;
CL10-0869; CL10-1234; CL10-1235; CL10-1236; CL10-1925;
CL10-1929; CL10-1930; CL10-3498; CL10-3512; CL10-3893;
CL10-3952; CL10-3953; CL10-3955; CL10-3956; CL10-5089;
CL10-5090; CL10-5094; CL10-5095; CL10-5097; CL10-5100;
CL10-5101; CL10-5105; CL10-5966; CL10-5968; CL10-5974;
CL10-6140; CL10-6392; CL10-7123; CL10-7329; CL10-7330;
CL10-7351; CL10-7365; CL10-7366; CL10-7789; CL10-7790;
CL10-7955; CL10-7957; CL10-7959; CL10-8196; CL10-8198;
CL10-8202; CL11-0095; CL11-0096; CL11-0097; CL11-0210;
CL11-0211; CL11-0212; CL11-0526; CL11-0527; CL11-0529;
CL11-0634; CL11-0635; CL11-0639; CL11-0640; CL11-0641;
CL11-1032; CL11-1033; CL11-1035; CL11-1036; CL11-1308;
CL11-1310; CL11-1312; CL11-1454; CL11-1455; CL11-1515;
CL11-1517; CL11-1518; CL11-1519; CL11-1520; CL11-1656;
CL11-1657; CL11-1845; CL11-1846; CL11-2202, CL11-2338;
CL11-2727; CL11-2729; CL11-3571; CL11-3572; CL11-4526;
CL11-5526; CL11-6783; CL11-7170; CL12-0287; CL12-1875;
CL12-5989; CL12-5992; CL12-5298; CL12-5296; CL12-7205.

## <u>ORDER</u>

The Plaintiffs in the consolidated Chinese drywall cases have moved that the

Discovery Order of December 1, 2011 be modified.

**EXHIBIT 7 to Declaration of Russ M. Herman and Arnold Levin**

Having considered argument of counsel the court finds as follows:

"Generic" discovery which is the subject of said Order has been answered in all cases currently set for trial. Orders staying actions against defendants who have entered into settlement agreements have been entered or are in the process of being entered. The Plaintiffs have agreed to answer "generic" discovery in any remaining cases on the court's docket within one (1) week of the day on which a trial date is established.

Accordingly, it is ORDERED that the plaintiffs be and hereby are relieved of filing "generic" discovery responses in accordance with the court's December 1, 2011 order with the exception of any cases set for trial. In those cases the plaintiffs shall file generic discovery responses within one (1) week of the day on which the trial date is established.

Entered 12, 14, 12

_____
Judge          Mary Jane Hall, Judge

We ask for this:

_____
Richard J. Serpe, Esquire
rserpe@serpefirm.com
LAW OFFICES OF RICHARD J. SERPE, P.C.
Crown Center, Suite 310
580 East Main Street
Norfolk, VA 23510-2322
Phone: (757) 233-0009
Facsimile: (757) 233-0455
*Counsel for Plaintiffs*

COPY TESTE:
GEORGE E. SCHAEFER, CLERK
NORFOLK CIRCUIT COURT
BY _____
Toni Duquette, Deputy Clerk
Authorized to sign on behalf
of George E. Schaefer
Date 12 / 14 / 12

2

**EXHIBIT 7 to Declaration of Russ M. Herman and Arnold Levin**

John W. Drescher, Esq.
jdrescher@breitdrescher.com
Michael F. Imprevento, Esq.
mimprevento@breitdrescher.com
Jeffrey A. Breit, Esq.
jbreit@bdbmail.com
BREIT, DRESCHER, IMPREVENTO & WALKER, P.C.
Towne Pavilion Center II
600 22nd Street, Suite 402
Virginia Beach, VA 23451
Phone: (757) 622-6000
Facsimile: (757) 670-3939
*Co-counsel for Plaintiffs*

Court asked for objections in
open court & none were heard
12/14/12    [signature]

**EXHIBIT 7 to Declaration of Russ M. Herman and Arnold Levin**

**20**

EXHIBIT 7 to Declaration of Russ M. Herman and Arnold Levin

**VIRGINIA: IN THE CIRCUIT COURT FOR THE CITY OF NORFOLK**

IN RE: ALL PENDING CHINESE DRYWALL CASES

Civil Action Nos:  CL09-3105; CL09-4672; CL09-5127; CL09-5133; CL09-5135;
CL09-5137; CL09-5167; CL09-5168; CL09-5697; CL09-5722;
CL09-5763; CL09-5795; CL09-5822; CL09-5891; CL09-5892;
CL09-5893; CL09-5894; CL09-5895; CL09-5901; CL09-5903;
CL09-5932; CL09-5946; CL09-6328; CL09-6329; CL09-6330;
CL09-6331; CL09-6332; CL09-6333; CL09-6334; CL09-6365;
CL09-6366; CL09-6367; CL09-6487; CL09-6629; CL09-6630;
CL09-6631; CL09-6720; CL09-6721; CL09-6725; CL09-6726;
CL09-6784; CL09-6785; CL09-6820; CL09-6879; CL09-6880;
CL09-6875; CL09-6876; CL09-6878; CL09-6952; CL09-7024;
CL09-7078; CL09-7079; CL09-7320; CL09-7321; CL09-7322;
CL09-7556; CL09-7751; CL09-7768; CL09-7769; CL09-7802;
CL09-7803; CL09-7859; CL09-7880; CL09-7977; CL10-0035;
CL10-0036; CL10-0037; CL10-0371; CL10-0372; CL10-0403;
CL10-0404; CL10-0499; CL10-0500; CL10-0501; CL10-0502;
CL10-0508; CL10-0509; CL10-0510; CL10-0511; CL10-0589;
CL10-0818; CL10-0819; CL10-0820; CL10-0821; CL10-0822;
CL10-0869; CL10-1234; CL10-1235; CL10-1236; CL10-1925;
CL10-1929; CL10-1930; CL10-3498; CL10-3512; CL10-3893;
CL10-3952; CL10-3953; CL10-3955; CL10-3956; CL10-5089;
CL10-5090; CL10-5094; CL10-5095; CL10-5097; CL10-5100;
CL10-5101; CL10-5105; CL10-5966; CL10-5968; CL10-5974;
CL10-6140; CL10-6392; CL10-7123; CL10-7329; CL10-7330;
CL10-7351; CL10-7365; CL10-7366; CL10-7789; CL10-7790;
CL10-7955; CL10-7957; CL10-7959; CL10-8196; CL10-8198;
CL10-8202; CL11-0095; CL11-0096; CL11-0097; CL11-0210;
CL11-0211; CL11-0212; CL11-0526; CL11-0527; CL11-0529;
CL11-0634; CL11-0635; CL11-0639; CL11-0640; CL11-0641;
CL11-1032; CL11-1033; CL11-1035; CL11-1036; CL11-1308;
CL11-1310; CL11-1312; CL11-1454; CL11-1455; CL11-1515;
CL11-1517; CL11-1518; CL11-1519; CL11-1520; CL11-1656;
CL11-1657; CL11-1845; CL11-1846; CL11-2202; CL11-2338;
CL11-2727; CL11-2729; CL11-3571; CL11-3572; CL11-4526;
CL11-5526; CL11-6783; CL11-7170; CL12-0287; CL12-1875;
CL12-5989; CL12-5992.

**AMENDED ORDER**  FOR STAY

1

**EXHIBIT 7 to Declaration of Russ M. Herman and Arnold Levin**

NOW COME the Settling Defendants as further defined on the attached Exhibit A (the "Settling Defendants"), upon a motion by same that all proceedings and actions pending against them in this Court should be stayed, and the motion was argued.

And it appearing to the Court that Class Action Settlement Agreements ("Settlement Agreements") relating to all actions pending in this Court against the Settling Defendants have been filed in the United States District Court for the Eastern District of Louisiana (the "MDL Court") in actions involving the Settling Defendants relating to Chinese Manufactured Drywall and which have either been filed in the MDL Court or transferred to the MDL Court; and it further appearing to the Court that on November 13, 2012 the MDL Court heard argument regarding a Motion for an Order Preliminarily Approving Each of the Three Settlement Agreements (Nationwide Insureds Settlement Agreement, Porter-Blaine/Venture Supply Settlement Agreement, Tobin Trading and Installers Settlement Agreement); and it further appearing that an additional Motion for an Order Preliminarily Approving the Builders Mutual Insureds' Settlement Agreement, Regarding Claims Against Participating Defendants Including Builders, Installers, Suppliers and Participating Insurers relating to Virginia and Certain Other Remaining Claims will be filed the parties in the near future  (collectively the "MDL Settlement Motions"); and it further appearing to the Court that by Minute Entry Order signed by the MDL Court on November 13, 2012  the MDL Settlement Motion was granted, and it further appearing to the Court that the terms of the Settlement Agreements require the entry of an Order staying all claims in the "Litigation" (as that term is defined in the Settlement Agreements) and all "CDW-related actions" (as that term is defined in the Settlement Agreements) with the exception of an action pending in the Circuit Court for the City of Virginia Beach in an action styled State Farm Fire and

2

**EXHIBIT 7 to Declaration of Russ M. Herman and Arnold Levin**

Casualty Company v. Tobin Trading, Inc., et al., CL12-2185; and it appearing to the Court hat all actions against the Settling Defendants pending in this Court are "CDW related actions" (as that term is defined in the Settlement Agreements) and that the Motion to Stay requested by the Settling Defendants should be granted, it is therefore

ORDERED that all proceedings and actions pending in this Court against the Settling Defendants, including but not limited to those actions referenced in the caption herein shall be and the same are hereby stayed until further Order of this Court, and all parties to such proceedings and actions are hereby enjoined from requiring the Settling Defendants from participating in any way in such proceedings or actions, other than responding to properly issued subpoenas; and it is further

ORDERED that the Settling Defendants shall not be affected in any way by the testimony or results in any such action or proceeding pending in this Court nor shall such actions or proceedings or the incidents thereof have any effect, collateral, direct or otherwise, against the Settling Defendants.

This is an order *nunc pro tunc* correcting the previous order dated November 20, 2012 at 10:00a.m., in order to add additional named Settling Defendants.

12/14/292

_____
Judge

Mary Jane Hall, Judge

We ask for this:

_____
Kenneth F. Hardt, Esq.
khardt@snllaw.com

COPY TESTE:
GEORGE E. SCHAEFER, CLERK
NORFOLK CIRCUIT COURT
BY _____
Teri Duquette, Deputy Clerk
Authorized to sign on behalf
of George E. Schaefer
Date: _____

3

**EXHIBIT 7 to Declaration of Russ M. Herman and Arnold Levin**

Mark C. Nanavati, Esq.
mnanavati@snllaw.com
SINNOTT, NUCKOLS & LOGAN, P.C.
13811 Village Mill Drive
Midlothian, VA 23114
Phone: (804) 378-7600
Facsimile: (804) 378-2610
*Counsel for Defendants, Venture Supply, Inc., and The Porter Blaine Corp.*


Theodore I. Brenner, Esq.  17815
Tbrenner@beylaw.com
Jay O. Millman, Esq.
jmillman@beylaw.com
Alexander S. de Witt, Esq.
adewitt@beylaw.com
BRENNER, EVANS & MILLMAN, P.C.
411 East Franklin Street, Suite 200
Richmond, VA 23219
Phone: (804) 644-1300
Facsimile:  (804) 644-1354
*Counsel for Defendant, Tobin Trading, Inc.*

4

**EXHIBIT 7 to Declaration of Russ M. Herman and Arnold Levin**

Seen and Agreed:


_____
Richard J. Serpe, Esquire
rserpe@serpefirm.com
LAW OFFICES OF RICHARD J. SERPE, P.C.
Crown Center, Suite 310
580 East Main Street
Norfolk, VA 23510-2322
Phone: (757) 233-0009
Facsimile: (757) 233-0455
*Counsel for Plaintiffs*

Seen and Agreed:


_____
John W. Drescher, Esq.
jdrescher@breitdrescher.com
Michael F. Imprevento, Esq.
mimprevento@breitdrescher.com
Jeffrey A. Breit, Esq.
jbreit@bdbmail.com
BREIT, DRESCHER, IMPREVENTO & WALKER, P.C.
Towne Pavilion Center II
600 22nd Street, Suite 402
Virginia Beach, VA 23451
Phone: (757) 622-6000
Facsimile: (757) 670-3939
*Co-counsel for Plaintiffs*

5

**EXHIBIT 7 to Declaration of Russ M. Herman and Arnold Levin**

Seen and Agreed:

J. Brian Slaughter, Esq.
jbslaughter@va-law.org
George J. Dancigers, Esq.
gjdancigers@va-law.org
MCKENRY, DANCIGERS, DAWSON AND LAKE, P.C.
192 Ballard Court, Suite 400
Virginia Beach, VA 23462
Phone: (757) 461-2500
Facsimile:  (757) 461-2341
*Counsel for Defendants, American Eastern, Inc., Wellington, L.L.C., Wyndwil, L.L.C., Atlantic Homes, L.L.C., HHJV, L.L.C., AHJV, L.L.C, Overlook Point, LLC, Ainslie Group, Inc., Clark-Whitehill Enterprises, Inc., The Overlook, L.L.C., Peak Building Corp., Plantation Group, LLC, Greensprings Plantation, Inc., Residential Concepts, Ltd., Area Builders of Tidewater, Inc., Next Level Group, LLC, Nicholas & Co. Construction, LLC, DSG Construction, Inc., Case Handyman and Remodeling Services, LLC, Scott Taylor Plastering, Inc., Rose and Womble Realty Company*

**EXHIBIT 7 to Declaration of Russ M. Herman and Arnold Levin**

Seen and Agreed:

John Franklin, III, Esq.
jfranklin@taylorwalkerlaw.com
Chris Wiemken, Esq.
cwiemken@taylorwalkerlaw.com
TAYLOR & WALKER, PC
P.O. Box 3490
Norfolk, Virginia 23514-3490
Phone: (757) 625-7300
Facsimile:  (757) 625-1504
*Counsel for Defendants, Parallel Design and Development, L.L.C., Harbor Walk Development, L.L.C., Preserve Development, LLC, Genesis Group, Inc., Wermers Development, Inc., Oxfordshire, LLC, Rob Lang Builder, Inc., M&M Contracting, Inc., Ralph E. Digges, Rob Lang and Fiona Lang, Traderscove Corporation d/b/a The Henin Group, Premier International Realty, Inc. d/b/a Henin Realty, International Property Investments of Central Florida, Inc. d/b/a Henin International Services, Jerome Henin and David Daniels, A.B.S. Building Corporation, American Better Living, LLC, Total Home Renovation, LLC and Powell Development, LLC*

**EXHIBIT 7 to Declaration of Russ M. Herman and Arnold Levin**

Seen and Agreed/Objected to:

Jayne A. Pemberton, Esq.          Zachary D. Cohen, Esq.
jpemberton@t-mlaw.com
ThompsonMcMullan, P.C.
100 Shockoe Slip
Richmond, VA 23219-4140
Phone: (804) 649-7545
Fax: (804) 780-1813
Counsel for Defendants J.M.M. Drywall Co., L.L.C., Builders Plaster & Drywall, LLC and
Hood Home & Building Services, Inc.

**EXHIBIT 7 to Declaration of Russ M. Herman and Arnold Levin**

SEEN:

_____

Caroline V. Davis, Esquire (VSB# 48123)
DAVIS LAW FIRM P.C.
10 East Franklin Street
Richmond, Virginia 23219
Telephone:  804-308-8461
Facsimile:  804-308-8471
cdavis@davis-lawpc.com
*Counsel for the Defendant J.M.M. Drywall Co., L.L.C.*

**EXHIBIT 7 to Declaration of Russ M. Herman and Arnold Levin**

Seen and Agreed/Objected to for the reasons argued in open court and which may be set further by brief:

David Dayton, Esq.
david.dayton@kpmlaw.com
Helen Jhun, Esq.
helen.jhun@kpmlaw.com
KALBAUGH PFUND & MESSERSMITH, P.C.
555 E. Main Street, Suite 1200
Norfolk, VA 23510
Phone: (757) 623-4500
*Counsel for Defendant, Woodall, LLC*

10

**EXHIBIT 7 to Declaration of Russ M. Herman and Arnold Levin**

Seen and Agreed/~~Objected~~ to:

_(signature)_

Todd M. Fiorella, Esq.
tmfiorella@ff-legal.com
Allan S. Reynolds, Jr., Esq.
areynolds@ff-legal.com
FRAIM & FIORELLA
Town Point Center, Suite 601
150 Boush Street
Norfolk, VA 23510
Phone: (757) 227-5900
Facsimile: (757) 227-5901
*Counsel for Defendants, Greensprings Condominums, LLC, Franciscus Homes, Inc.,*
*Work Company Drywall & Plaster and Fablan Franco Perez*

**EXHIBIT 7 to Declaration of Russ M. Herman and Arnold Levin**

Seen and ~~Agreed~~/Objected to: *For the reasons stated at the hearing:*

_____

Richard K. Bennett, Esq.
rbennett@hccw.com
Harman, Claytor, Corrigan & Wellman
P.O. Box 70280
Richmond, VA 23255
Phone: (804) 747-5200
Fax: (804) 747-6085
*Counsel for Defendants Eagle Harbor, LLC, East West Realty, LLC and Carlos Ramirez*

**EXHIBIT 7 to Declaration of Russ M. Herman and Arnold Levin**

Seen and objected to for the reasons stated on the record and also because of the lack of opportunity to brief issue of the stay as to fewer than all defendants and the lack of opportunity to brief Defendant Torres' rights under the Contribution Among Tortfeasors Act:

_____
C. Jay Robbins, IV
crobbins@midkifflaw.com
Midkiff, Muncie & Ross, P.C.
300 Arboretum Place, Suite 420
Richmond, VA 23236
Tel: (804) 560-9600
Fax: (804) 560-5997
*Counsel for Defendant Antonieta Torres*

14

**EXHIBIT 7 to Declaration of Russ M. Herman and Arnold Levin**

Seen and objected to for the reasons stated by defense counsel in open court at the November 20, 2012 status conference hearing and for the following additional reasons: (i) allowing the cases to proceed only against Defendant Moncada-Reyes and enjoining him from requiring the participation of co-defendants (except through subpoenas) violates his due process rights because it eliminates his ability to use pre-trial procedures such as interrogatories and requests for admission; (ii) allowing the cases to proceed only against Defendant Moncada-Reyes before settlements are approved and allocated is contrary to the requirements of Va. Code 8.01-35.1; (iii) allowing the "Settling Defendants" not to be affected by testimony or results in the cases creates an unreasonable risk of duplicative trials and inconsistent results; (iv) because each Complaint filed herein against Defendant Moncada-Reyes alleges that he was the agent of Venture Supply, Inc. and Porter Blaine Corp., and at all times was acting within the scope of such agency. See e.g., *Amended Complaint at ¶ 22, McKellar v. HHJV, LLC, et al* (CL09-5903).  The pending Settlement Agreement by Venture Supply, Inc., Porter Blaine Corp. and their insurers defines the term "Porter-Blaine/Venture Participating Defendants Released Parties" to include the agents of Venture Supply, Inc. and Porter Blaine Corp.  Defendant Moncada-Reyes is therefore defined as a "Participating Defendant" and, as such, he is entitled to have all proceedings stayed against him pursuant to the November 13, 2012 ruling by the U.S. District Court for the Eastern District of Louisiana (MDL 2047, Docket No. 16239); and (v) Moncada-Reyes was not afforded an opportunity to brief the issues related to the stay order as the Notice of Stay by Venture Supply, Inc., Porter-Blaine Corp. and Tobin Trading, Inc. was not served until four days before the November 20, 2012 status conference and the order was first presented to counsel for this Defendant at the status conference hearing.

Henry N. Ware, Jr. (VSB # 22832)
hnware@spottsfain.com
Robert J. Allen (VSB # 65214)
rallen@spottsfain.com
SPOTTS FAIN PC
411 East Franklin Street, Suite 600
P.O. Box 1555
Richmond, Virginia 23218-1555
Tel: (804) 697-2000
Fax: (804) 697-2100
*Counsel for Victor Moncada-Reyes*

**EXHIBIT 7 to Declaration of Russ M. Herman and Arnold Levin**

Seen and Agreed/Objected to for the reasons stated in open court:

_____

Kevin L. Keller, Esq.
kkeller@wilsav.com
Gary A. Bryant, Esq.
gbryant@wilsav.com
J. Davis Crain, Esq.
dcrain@wilsav.com
Willcox & Savage, P.C.
Wells Fargo Center
440 Monticello Avenue, Suite 2200
Norfolk, Virginia 23510
Tel: (757) 628-5500
Fax: (757) 628-5566
*Counsel for Defendants, The Classic Group, Inc.*
*d/b/a Case Handyman Services and Deas Construction Company, Inc.*

16

**EXHIBIT 7 to Declaration of Russ M. Herman and Arnold Levin**

Seen and Agreed/Objected to:

Kelvin L. Newsome, Esq.
kelvin.newsome@leclairryan.com
LeClairRyan, A Professional Corporation
999 Waterside Drive, Suite 2525-2 *leer i*
Norfolk, Virginia 23510
Phone: (757) 441-8938
Fax: (757) 441-8968
*Counsel for Defendants Villa Chavez Corporation and Javier Adame Saldana d/b/a Adame Brothers Drywall*

**EXHIBIT 7 to Declaration of Russ M. Herman and Arnold Levin**

Seen and Agreed/Objected to:

*No appearance*
*MJM*

_____

William A. Lascara, Esq.
wlascara@pendercoward.com
Jeffrey A. Hunn, Esq.
jhunn@pendercoward.com
Pender & Coward, P.C.
222 Central Park Avenue, Suite 400
Virginia Beach, Virginia 23462
Phone: (757) 490-6265
Fax: (757) 456-2935
*Co-Counsel for Defendants Manuel Development Corporation, SGJ Properties, LLC and K.L. Parker Construction*

17

**EXHIBIT 7 to Declaration of Russ M. Herman and Arnold Levin**

Seen and ~~Agreed~~/Objected to:


Richard A. Saunders, Esq.
rsaunders@furnissdavis.com
Furniss, Davis, Rashkind and Saunders, P.C.
Smithfield Building, Suite 341B
6160 Kempsville Circle
P.O. Box 12525
Norfolk, Virginia 23541-0525
Phone: (757) 461-7100
Fax: (757) 461-0083
*Counsel for Choice Builders, Inc. and Jay Sprays, Inc.*

**EXHIBIT 7 to Declaration of Russ M. Herman and Arnold Levin**

Seen and Objected to for reasons stated by defense counsel in open court and on due process grounds:


Kevin P. Greene, Esq.
kgreene@wilsav.com
Willcox & Savage
One Commercial Place, Suite 1800
Norfolk, VA 23510
Telephone: (757) 628-5500
Facsimile: (757) 628-5566
*Counsel for Curb Appeal Home Builders, Inc.*

21

**EXHIBIT 7 to Declaration of Russ M. Herman and Arnold Levin**

Seen and ~~approved consented to~~:

Lawrence A. Dunn, Esq.
ldunn@morrismorris.com
Morris and Morris, P.C.
11 South 12th Street, Suite 5000
P.O. Box 30
Richmond, VA 23218-0030
Telephone: (804) 344-6307
Facsimile: (804) 344-8359
*Counsel for Nationwide Mutual Insurance Company, Nationwide Mutual Fire
Insurance Company, and Nationwide Property and Casualty Insurance Company*

**EXHIBIT 7 to Declaration of Russ M. Herman and Arnold Levin**

## EXHIBIT A

Settling Defendants:

Venture Supply, Inc.
The Porter-Blaine Corporation
Tobin Trading, Inc.

Builders Mutual Insureds
     ABS Building Corp.
     American Better Living, LLC
     David Daniels
     Genesis Group, Inc.
     Harbor Walk Development, LLC
     Jerome Henin
     International Property Investments of Central Florida, Inc.,
          d/b/a Henin International Services
     M&M Contracting
     Oxfordshire, LLC
     Parallel Design & Development
     Powell Development
     Premier International Realty, Inc., d/b/a Henin Realty
     Rob Lang Builder
     Rob and Fiona Lang
     The Futura Group
     Total Home Renovation, LLC
     Traderscove Corporation d/b/a Henin Group
     Wermers Development, Inc.

Nationwide Insureds
     AHJV, LLC
     Ainslie Group, Inc.
     Ainslie Widener, Inc.
     American Eastern, Inc.
     Area Builders of Tidewater, Inc. (n/k/a ABT Builders, Inc.)
     Atlantic Homes, LLC
     Case Handyman & Remodeling Services
     CG Stony Point
     Clark-Whitehill Enterprises, Inc.
     DSG Construction, Inc.
     Fabian Perez (a/k/a Fabian Franco Perez)
     Franciscus Homes, Inc.
     Greensprings Condominiums, LLC
     Greensprings Plantation, Inc.
     HHJV, LLC

**EXHIBIT 7 to Declaration of Russ M. Herman and Arnold Levin**

Nationwide Insureds (cont).

Lazaro Miranda dba Work Company, Drywall & Plaster (a/k/a Lazaro Morales
     dba Work Company, Drywall & Plaster)
Nationwide Mutual Fire Insurance Company
Nationwide Mutual Insurance Company
Nationwide Property & Casualty Insurance Company
Next Level Group, LLC
Nicholas Vandargrift, dba Nicholas & Co. Construction, LLC
Overlook Point, LLC
Peak Building Corporation
Plantation Group, LLC
Preserve Development LLC
Residential Concepts, Ltd.
Robert (Scott) Hodgson
Rose & Womble Realty
Scott Taylor Plastering, Inc.
The Classic Group, Inc.
The Overlook LLC
Wellington LLC
Work Company, Drywall & Plaster
Wyndham LLC
Wyndwil LLC

State Farm Insureds
    Builders Plaster & Drywall LLC
    JMM Drywall Co., LLC

EXHIBIT 7 to Declaration of Russ M. Herman and Arnold Levin

**21**

EXHIBIT 7 to Declaration of Russ M. Herman and Arnold Levin

VIRGINIA:

IN THE CIRCUIT COURT FOR THE CITY OF NORFOLK

JOSEPH MATULENAS AND ELIZABETH
MATULENAS,

    Plaintiff,

v.                                                          Case No. CL09-6328

VENTURE SUPPLY, THE PORTER-
BLAINE CORP., TOBIN TRADING, INC.,
CARLOS RAMIREZ AND FABIAN
FRANCO PEREZ,

    Defendant.

CRAIG BOLLENBERG and
ANGELA BOLLENBERG,

    Plaintiffs,

v.                                                          Case No. CL10-8202

VENTURE SUPPLY, INC., TOBIN
TRADING, INC., THE PORTER-BLAINE
CORP., DONALD HOOVER and CARLOS
RAMIREZ,

    Defendants.

## ORDER

    On February 28, 2013, the parties, by counsel, came and argued their Defendant Carlos

Ramirez's Motion in Limine to exclude evidence of mortgage payments as damages. Upon

consideration of the arguments, the briefs submitted, and for good cause, it is hereby ORDERED

that:

    1.    Defendant's Motion in Limine to exclude evidence of mortgage payments as

damages is hereby GRANTED, for the reasons stated in the Court's letter opinion of March 4,



**EXHIBIT 7 to Declaration of Russ M. Herman and Arnold Levin**

2013. No evidence or testimony shall be permitted at trial regarding mortgage payments that

Plaintiffs were required to pay on homes which they abandoned because of Chinese drywall.

Plaintiffs may present evidence and/or testimony only of those costs or expenses they actually

incurred by reason of their inability to occupy the affected properties.

*Janice J. O'Hern*

Digitally Signed By: Janice O'Hern, Deputy Clerk
VaCode:17.1-258.3:2
Copy Teste: Authorized to sign on behalf of George E. Schaefer, Clerk, Norfolk Circuit Court
Mar 19 2013 3:17 PM

ENTER: 3 / 18 / 2013

By: _____
Judge

We ask for this:

Richard K. Bennett (VSB No. 14724)
Benjamin N. Spence (VSB No. 84482)
Harman, Claytor, Corrigan & Wellman
P.O. Box 70280
Richmond, Virginia 23255
(804) 747-5200
(804) 747-6085 – facsimile
rbennett@hccw.com
bspence@hccw.com
*Counsel for Carlos Ramirez*

Seen and OBJECTED TO FOR
CARLOS STATED IN *opposition* &
AT HEARING.

Richard J. Serpe, Esq.
Law Offices of Richard J. Serpe, P.C.
580 East Main Street, Suite 310
Norfolk, VA 23510
757-233-0009
757-233-0455 – facsimile
rserpe@serpefirm.com

**EXHIBIT 7 to Declaration of Russ M. Herman and Arnold Levin**

Michael F. Imprevento, Esq.
Breit, Drescher, Imprevento & Walker, P.C.
Town Pavillion Center II
600 22nd Street, Suite 402
Virginia Beach, VA 23451-4088
757-622-6000
757-670-3939 – facsimile
mimprevento@breitdrescher.com


John W. Drescher, Esq.
Breit Drescher Imprevento & Walker
Towne Pavillion Center II
600 22nd Street, Suite 402
Virginia Beach, VA 23451
757-670-3897
757-299-8031 – facsimile
jdrescher@breitdrescher.com


O. L. Gilbert, Esq.
Gilbert, Albiston and Keller, P.C.
Crown Center
580 E. Main St., Suite 330
Norfolk, VA 23510
757-625-1188
757-625-1051 – facsimile
olg@olgilbertlaw.com
*Counsel for Plaintiffs*

**EXHIBIT 7 to Declaration of Russ M. Herman and Arnold Levin**

**22**

EXHIBIT 7 to Declaration of Russ M. Herman and Arnold Levin



**FOURTH JUDICIAL CIRCUIT OF VIRGINIA**
**CIRCUIT COURT OF THE CITY OF NORFOLK**

**MARY JANE HALL**
JUDGE

100 ST. PAUL'S BOULEVARD
NORFOLK. VIRGINIA 23510

March 22, 2013

Richard J. Serpe, Esq.
Law Office of Richard J. Serpe, P.C.
Crown Center, Suite 310
580 East Main Street
Norfolk, VA 23510

Richard K. Bennett, Esq.
Harman, Claytor, Corrigan, Wellman
P.O. Box 70280
Richmond, VA 23255

Re:   Matulenas v. Venture Supply et al., CL09-6328
      Bollenburg v. Venture Supply et al., CL10-8202

Dear Counsel:

This matter comes before the Court on (i) Plaintiffs' Motion to Strike Defendant Ramirez's Plea in Bar as untimely filed, and (ii) Carlos Ramirez's Motion for Leave to Amend his Answer to assert the defense of release. Ramirez has asserted by Special Plea that he is an employee of Porter-Blaine within the meaning of the Porter-Blaine and Venture Supply Settlement Agreement (pending approval in the Eastern District of Louisiana) and should therefore be released from further liability to Plaintiffs. Plaintiffs assert that Ramirez is not an employee covered by the agreement and has not been released. Plaintiffs move to strike the Plea for being untimely and for lacking merit.

The Court knows of no authority that prohibits a party from asserting release as a defense at any time that the defense becomes available. Whether to allow a late plea appears to lie within the discretion of the Court. *See Vance v. Maytag Sales Corp.*, 159 Va. 373, 381 (1932). For that reason, the Court deems the Plea in Bar timely filed. Ramirez does not need to amend his Answer to assert the defense, inasmuch as he has asserted it in the Special Plea. Therefore, the motion for leave to amend is denied.

The bulk of Plaintiffs' argument as set forth in their brief relating to the Special Plea attacks the merits of that plea. Plaintiffs assert that Ramirez is not covered by the Porter-Blain Settlement Agreement as a matter of law and that the Special Plea should be overruled without an evidentiary hearing. The Court will treat Plaintiffs' Opposition to Defendant's Special Plea of Release and Motion to Strike as a request for summary judgment on that issue.

**EXHIBIT 7 to Declaration of Russ M. Herman and Arnold Levin**

Page 2 of 2
Re:   Matulenas v. Venture Supply et al., CL09-6328
       Bollenburg v. Venture Supply et al., CL10-8202

 

        Defendant's pleadings do not squarely address Plaintiffs' attack on the merits of the plea, nor do they identify for the Court the specific factual issues for the finder of fact to resolve in order to adjudicate the plea.  Therefore, Defendant is directed to file a further memorandum on or before April 1, 2013.

                    Sincerely,

                    Mary Jane Hall
                    Circuit Court Judge

MJH/dyl

**EXHIBIT 7 to Declaration of Russ M. Herman and Arnold Levin**

**23**

EXHIBIT 7 to Declaration of Russ M. Herman and Arnold Levin

VIRGINIA: IN THE CIRCUIT FOR THE CITY OF NORFOLK

JOSEPH MATULENAS AND ELIZABETH MATULENAS,

        Plaintiffs,

v.                                      Case No. CL09-6328

VENTURE SUPPLY, INC., *et al.*

        Defendant.

CRAIG BOLLENBERG AND ANGELA BOLLENBERG,

        Plaintiffs,

v.                                      Case No. CL10-8202

VENTURE SUPPLY, INC., *et al.*

        Defendants.

## <u>ORDER DENYING MOTION TO RECONSIDER</u>

The matter came before the Court on Defendants' Motion for Reconsideration of the Court's Order dated December 3, 2012, in which it (i) sustained Plaintiff's Motion *in Limine* to prohibit Installer Defendants from arguing that they are not covered by the Uniform Statewide Building Code and (ii) overruled Installer Defendants' Demurrer to Count V, alleging negligence *per se* for the installation of drywall that did not conform to the Building Code.

In support of reconsideration, Defendants argue that the Court had assumed for purposes of its ruling certain facts that are in dispute and will not be proven at trial. Counsel for Defendant Ramirez writes: "This decision [that Ramirez was negligent *per se*] must be premised on a factual record to be developed at trial. Otherwise, a key ruling in this case would be based

**EXHIBIT 7 to Declaration of Russ M. Herman and Arnold Levin**

on no factual record, an obvious denial of due process." (Motion to Reconsider at 4[th] unnumbered page).

The factual recitations included in the December 3, 2012, Order were those that the Court accepted as true for purposes of the Demurrer to Count V. The Court has not ruled that Ramirez was negligent *per se*; it has only ruled that Plaintiffs have stated a proper cause of action in negligence *per se* with their allegations that an installer hung drywall that does not conform to the requirements of the USBC. The Court will not permit the drywall installers to argue that the USBC does not "apply" to them or "cover" them or otherwise that they are not subject to its requirements. Neither the USBC nor any controlling case authority supports the conclusion that certain participants in the construction process are responsible for complying with the Code while other smaller or lesser involved participants are not. The Court determined that the breadth of the compliance language in the USBC suggests the broad construction that the Court has given: "It shall be the duty of <u>any person</u> performing work covered by this code to comply with all applicable provisions of this code and to perform and complete such work so as to secure the results intended by the USBC." Virginia Uniform Statewide Building Code (2003), §112.1 (emphasis added).

Defendants ask the Court to limit the scope of the compliance requirement to the general contractor:

> The correct place to assign such broad liability for compliance with the USBC is on the general contractor. The general contractor oversees the entire construction process and may delegate discrete parts of that process to subcontractors of his choosing. Furthermore, the product of the general contractor's work is a completed home. Thus, the general contractor, rather than an installer, should bear responsibility for overall compliance with the Code.

Motion to Reconsider at 3rd unnumbered page.

2

**EXHIBIT 7 to Declaration of Russ M. Herman and Arnold Levin**

The writers of the USBC could have clarified the assignment of responsibility as Defendant proposes, but they did not. They used the term "any person," which supports a result that smaller participants such as installers obviously find unfair. Nonetheless, Defendants have submitted no authority indicating that the term "any person" as used in the USBC should mean the general contractor but not the installer. Plaintiffs propose that "any person" means any contractor involved in the drywall installation process, which would include both the general contractor and the installer. That interpretation better serves the remedial purpose of the USBC to protect the health, safety, and welfare of the citizens of Virginia. The Court rules that an installer who hangs non-compliant drywall may be held liable under the doctrine of negligence *per se*.

Contrary to the statements included in the Defendants' motion, this Court has made no factual findings. Plaintiffs retain the burden of proving the elements of their claims for negligence *per se*.

The motion to reconsider is denied.

Counsel are directed to file any written exceptions hereto within ten days.

The Clerk's Office is directed to forward certified copies to all counsel.

*Janice J. O'Hern*

Digitally Signed By: Janice O'Hern, Deputy Clerk
VaCode:17.1-258.3:2
Copy Teste: Authorized to sign on behalf of George E. Schaefer, Clerk, Norfolk Circuit Court
Apr 5 2013 10:46 AM

Entered this 3rd day of April, 2013

*Mary Jane Hall*

Mary Jane Hall, Judge

3

**EXHIBIT 7 to Declaration of Russ M. Herman and Arnold Levin**

**24**

EXHIBIT 7 to Declaration of Russ M. Herman and Arnold Levin

**VIRGINIA: IN THE CIRCUIT COURT FOR THE CITY OF NORFOLK**

**TADDARREIO ATKINS AND**
**MATTEA ATKINS, et als..**

    **Plaintiffs,**

**v.**

**K&M DRYWALL T/A KATTY MORALES,**   **Case No. CL12-5298**

   **Defendant.**

**ORDER GRANTING DEFAULT JUDGMENT**

THIS DAY CAME PLAINTIFFS, by counsel, on their Motion for Entry of Judgment by Default against Defendant, K&M Drywall t/a Katty Morales (hereinafter "Defendant"), and presented evidence as to the damages sustained by each of them as a result of the installation of defective Chinese Drywall by Defendant in their family homes. After having considered the evidence and arguments presented by Plaintiffs, the Court finds as follows:

1.  That on October 24, 2013, this court entered a default against Defendant due to Defendant's failure to appear or file any pleading within twenty-one (21) days of service of Plaintiffs' Complaint against it as required by Rule 3:19 of the Rules of the Supreme Court of Virginia.

2.  That Plaintiffs allege in their Complaint that the drywall Defendant installed in Plaintiffs' Homes was defective and emitted various compounds that created noxious odors and causes damage to the structural, mechanical and plumbing systems of the Homes such as the framing, heating, air-



**EXHIBIT 7 to Declaration of Russ M. Herman and Arnold Levin**

conditioning and ventilation units, refrigeration coils, copper tubing, faucets, metal surfaces, electrical wiring, and computer wiring, as well as personal and Other Property such as microwaves, utensils, electronic appliances, jewelry, and other household and personal property items.

3.    That the drywall Defendant installed in Plaintiffs' homes was delivered to the building sites without any marking to show compliance with the standards issued by the American Society for Testing and Materials (ASTM) as is required by the Virginia Uniform Statewide Building Code (USBC) and the ICC International Residential Code (IRC), which is incorporated into the USBC by reference.

4.    That Defendant, as an installer of drywall, was governed by the USBC and the IRC, and its installation of drywall in Plaintiffs' homes despite the lack of markings to show compliance with ASTM standards amounted to negligence.

5.    That in their Complaint, Plaintiffs seek, *inter alia*, an Order requiring Defendant to pay to each Plaintiff the amount of at least Two Million Dollars ($2,000,000.00) in compensation for Defendant's installation of defective drywall in each of Plaintiffs' homes, which resulted in damage to Plaintiffs.

6.    in *In re: Chinese Manufactured Drywall Products Liability Litigation*, (*In re: Chinese Manufactured Drywall Products Liability Litigation*, 2:09-md-02047-EEF-JCW, ECF 2380 (April 8, 2010), p. 57), the Honorable Eldon E. Fallon of the United States District Court for the Eastern District of

2

**EXHIBIT 7 to Declaration of Russ M. Herman and Arnold Levin**

Louisiana concluded that the average cost to repair Virginia homes in which Chinese Drywall has been installed is $86 per square foot of living space.   This Court finds that $86 per square foot of living space is a fair and reasonable figure for purposes of determining the total cost to repair Plaintiffs' homes.

7.   That the application of the foregoing multiplier to the square footage of each of the Plaintiffs' homes demonstrates that Plaintiffs have incurred damages resulting from Defendant's installation of defective drywall in the following amounts:

a.  **Taddarreio and Mattea Atkins**
955 Hollymeade Circle
Newport News, Virginia 23602

Square Footage Living Area:  1,797
Damages:  $154,542

b.  **Philip Allen and Clarine Saint-Ange**
907 Eastfield Lane
Newport News, Virginia 23602

Square Footage Living Area:  2,227
Damages:  $191,522

c.  **Roger Atwell**
5516 Brixton Road
Williamsburg, Virginia 23185

Square Footage Living Area:  2,115
Damages:  $181,890

d.  **Christopher Eric Bailey**
958 Hollymeade Circle
Newport News, 23602

Square Footage Living Area:  2,227
Damages:  $191,522

**EXHIBIT 7 to Declaration of Russ M. Herman and Arnold Levin**

**e.  Demetrious Blount and Gonzalo (Brian) Rivera**
963 Hollymeade Circle
Newport News, Virginia 23602

Square Footage Living Area:  1,797
Damages: $154,542

**f.  Demetria Burgohy**
950 Hollymeade Circle
Newport News, Virginia 23602

Square Footage Living Area:  2,227
Damages: $191,522

**g.  Victoria Cain**
1020 Hollymeade Circle
Newport News, Virginia 23602

Square Footage Living Area:  1,797
Damages: $154,542

**h.  Edwin Cousins, III, and Leslie Cousins**
952 Hollymeade Circle
Newport News, Virginia 23602

Square Footage Living Area:  1,797
Damages: $154,542

**i.  Matt and Candi Darst**
1014 Hollymeade Circle
Newport News, Virginia 23602

Square Footage Living Area:  1,897
Damages:  $163,142

**j.  Perry and Cassandra Fontenot**
1016 Hollymeade Circle
Newport News, Virginia 23602

Square Footage Living Area:  2,227
Damages: $191,522

**EXHIBIT 7 to Declaration of Russ M. Herman and Arnold Levin**

**k. Amanda Fowle**
    957 Hollymeade Circle
    Newport News, Virginia 23602

    Square Footage Living Area: 1,797
    Damages: $154,542

**l. Carroll Freeman**
    951 Hollymeade Circle
    Newport News, Virginia 23602

    Square Footage Living Area: 2,227
    Damages: $191,522

**m. Tappan Gandy**
    1215 Avondale Lane
    Newport News, Virginia 23602

    Square Footage Living Area: 1,897
    Damages: $163,142

**n. James and Kristin Griffin**
    311 Preservation Reach
    Chesapeake, Virginia 23320

    Square Footage Living Area: 2,603
    Damages: $223,858

**o. Roy and Juanita Gulledge**
    1772 Carriage Drive
    Hampton, Virginia 23664

    Square Footage Living Area: 2,759
    Damages: $237,274

**p. Joshua and Sharntay Harry**
    903 Eastfield Lane
    Newport News, Virginia 23602

    Square Footage Living Area: 1,797
    Damages: $154,542

**EXHIBIT 7 to Declaration of Russ M. Herman and Arnold Levin**

**q.  John Havrilla**
967 Hollymeade Circle
Newport News, Virginia 23602

Square Footage Living Area:  1,797
Damages:  $154,542

**r.  Michael Hollingsworth**
905 Eastfield Lane
Newport News, Virginia 23602

Square Footage Living Area:  1,797
Damages:  $154,542

**s.  Rajiv and Maria Hrishikesh**
5599 Brixton Road
Williamsburg, Virginia 23185

Square Footage Living Area:  2,406
Damages:  $206,916

**t.  Kenneth and Jeri Johnson and the Johnson Family Living Trust**
609 Mansion Road
Yorktown, Virginia 23693

Square Footage Living Area:  3,330
Damages:  $286,380

**u.  Pryncess Johnson**
959 Hollymeade Circle
Newport News, Virginia 23602

Square Footage Living Area:  2,227
Damages:  $191,522

**v.  Soon Kim**
1022 Hollymeade Circle
Newport News, Virginia 23602

Square Footage Living Area:  1,897
Damages:  $163,142

**EXHIBIT 7 to Declaration of Russ M. Herman and Arnold Levin**

**w.  Hoo Suk Lee and Eun Joo Kim**
    1018 Hollymeade Circle
    Newport News, Virginia 23602

    Square Footage Living Area:  1,797
    Damages:  $154,542

**x.  Michael Levine and Cheryl Mendelsohn**
    5548 Brixton Road
    Williamsburg, Virginia 23185

    Square Footage Living Area:  2,218
    Damages:  $190,748

**y.  Calvin and Tammy Loper**
    321 Croft Crossing
    Chesapeake, Virginia 23320

    Square Footage Living Area:  4,047
    Damages:  $348,042

**z.  Joseph and Vannessa Michaux**
    901 Eastfield Lane
    Newport News, Virginia 23602

    Square Footage Living Area:  2,227
    Damages:  $191,522

**aa. Gunman Oh**
    961 Hollymeade Circle
    Newport News, Virginia 23602

    Square Footage Living Area:  2,227
    Damages:  $191,522

**bb. Marlon and LaTasha Parker**
    954 Hollymeade Circle
    Newport News, Virginia 23602

    Square Footage Living Area:  1,797
    Damages:  $154,542

**EXHIBIT 7 to Declaration of Russ M. Herman and Arnold Levin**

**cc. Zenaida Perez**
965 Hollymeade Circle
Newport News, Virginia 23602

Square Footage Living Area: 1,797
Damages: $154,542

**dd. Anton and Melissa Riedl**
969 Hollymeade Circle
Newport News, Virginia 23602

Square Footage Living Area: 2,227
Damages: $191,522

**ee. Juanita Smith**
956 Hollymeade Circle
Newport News, Virginia 23602

Square Footage Living Area: 1,716
Damages: $147,576

**ff.  Hugh and Tracy Vest**
111 Eston's Run
Yorktown, Virginia 23693

Square Footage Living Area: 3,037
Damages: $261,182

**gg. Roslyn D. Wilson**
830 W. 31st Street
Norfolk, Virginia 23508

Square Footage Living Area: 2,123
Damages: $182,578

8.     That the total cost to repair all of Plaintiffs' homes amounts to $6,179,530.

UPON CONSIDERATION WHEREOF, the Court being of the opinion that the entry of default judgment in the foregoing amount against Defendant is appropriate,

**EXHIBIT 7 to Declaration of Russ M. Herman and Arnold Levin**

IT IS HEREBY ORDERED that judgment is entered against Defendant, K&M Drywall t/a Katty Morales, in the amount of SIX MILLION, ONE HUNDRED SEVENTY-NINE THOUSAND, FIVE HUNDRED THIRTY DOLLARS ($6,179,530), plus Plaintiffs' costs and expenses in this litigation, as well as pre-judgment and post-judgment interest.

ENTERED this 28th day of October, 2013.

_____
Judge
**Mary Jane Hall, Judge**

We ask for this:

_____
Jeffrey A. Breit, Esq. (VSB#18876)
jbreit@bdbmail.com
John W. Drescher, Esq. (VSB#13656)
jdrescher@breitdrescher.com
Michael F. Imprevento, Esq. (VSB#23926)
mimprevento@breitdrescher.com
BREIT, DRESCHER, IMPREVENTO & WALKER, P.C.
Towne Pavilion Center II
600 22nd Street, Suite 402
Virginia Beach, VA 23451
Phone: (757) 622-6000
Facsimile: (757) 670-3939

Richard J. Serpe, Esquire (VSB #33340)
rserpe@serpefirm.com
Law Offices of Richard J. Serpe, P.C.
580 East Main Street, Suite 310
Norfolk, VA 23510-2322
Phone: (757) 233-0009
Fax: (757) 233-0455

*Co-counsel for Plaintiffs*

This resolves all issues pending before this court in Case # CL 12-5298 and this matter may be stricken from the court's docket.

COPY TESTE
GEORGE E. SCHAEFEL, CLERK
NORFOLK CIRCUIT COURT
BY
Yeni Dingabee, Deputy Clerk
Authorized to sign on behalf
of George E. Schaefel
Date: 10/28/13

9

**EXHIBIT 7 to Declaration of Russ M. Herman and Arnold Levin**