UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE:  CHINESE-MANUFACTURED DRYWALL PRODUCTS LIABILITY LITIGATION | MDL NO. 2047<br>SECTION: L<br>JUDGE FALLON<br>MAG. JUDGE WILKINSON |
| THIS DOCUMENT RELATES TO:<br><br>ALL ACTIONS | |

**PROPOSED ORDER**

This multidistrict litigation began upon the June 15, 2009 Transfer Order of the Judicial Panel on Multidistrict Litigation.  After years of protracted litigation and much effort, on February 7, 2013, the Court issued its judgement and order certifying classes and granting final approval to five pending class action settlements involving the Knauf entities, several downstream entities, and their insurers.[1]  Later, on July 9, 2013, the Court issued an Order and Judgment certifying settlement classes and granting final approval to four pending settlements (the "Virginia Settlements") involving claims brought by certain homeowners located primarily in Virginia against several downstream entities and their insurers.[2]  Since the issuance of these

---

[1]These settlements included:  (1) Interior Exterior Building Supply, LP ("InEx") and its insurers (the "InEx Settlement"); (2) the Banner entities and their insurers (the "Banner Settlement"); (3) L&W Supply Corporation ("L&W") and USG Corporation (the "L&W Settlement"); (4) the Knauf Defendants (the "Knauf Settlement"); (5) the Participating Builders, Suppliers, and Installers ("Participating Defendants"), and their Participating Insurers ("Participating Insurers") (together the "Global Settlement")[Rec. Doc. 16570].

[2]These settlements included: (1) Non-Manufacturing Defendants insured by Nationwide (the "Nationwide Settlement"); (2) Porter-Blaine Corp. and Venture Supply, Inc., and Certain of Their Insurers (the "Porter-Blaine Settlement"); (3) Defendants Insured by Builders Mutual Insurance Company (the"Builders Mutual Settlement"); and (9) Tobin Trading, Inc., Builders Plaster & Drywall, L.L.C., JMM Drywall Co., LLC and Participating Insurers (the "Tobin Trading Settlement"), approved on July 9, 2013 [Rec. Doc. 16934].

orders significant efforts have been made to oversee and administer these complex, inter-related and unique settlements.

As the administration of these settlements progressed, on January 10, 2014, this Court issued Pretrial Order No. 28 which provided direction and established guidelines for the efficient presentation to this Court to allow for the determination of making an award of attorneys' fees and reimbursement of litigation expenses, and subsequently an allocation from such an award. The order established a Fee Committee ("FC") and sequenced the timing of submissions to the FC (Initial Affidavits and Second Affidavits) to allow it to prepare and submit a joint fee petition. On May 16, 2014, the Fee Committee along with the Plaintiffs' Steering Committee presented their Consolidated Joint Petition for a Global Award of Attorneys' Fees and Reimbursement of Expenses along with supporting material, including the Declaration of Russ M. Herman and Arnold Levin, and the Affidavit of Philip A. Garrett, C.P.A.

Pretrial Order 28 also permits any of the joint applicants to submit their own petition if they want to receive an award of attorneys' fees or reimbursement of expenses for common benefit based on time or expense which is not present in the Joint Fee Petition. From these submissions, this Court has determined the global amount of funds available to compensate common benefit counsel and individually retained counsel. Consistent with Pretrial 28's schedule, and, in particular, Para. 10, this Court will subsequently allocate the global fee and cost award to determine 1) the total common benefit fund and 2) the amount of funds for individual counsel for claimants.[3] Thereafter, consistent with Pretrial Order No. 28, the Court will

---

[3]The Court intends to entertain in a separate filing by the PSC a motion to obtain a common benefit assessment for any Chinese Drywall case or claim not participating as a Class Member or claimant in any of the various Class Action Settlement Agreements addressed herein.

undertake the task of allocating the common benefit fund following recommendations by the FC. Given this preamble, the Court is now prepared to rule.

It is hereby ORDERED that the request in the Joint Petitioners for a global award of attorneys' fees totaling $193,552,383.14, plus an amount to be determined for the L&W Settlement, and reimbursement of costs totaling $5,547,011.68[4] is GRANTED. This global award of fees and costs has been calculated as follows:

(i)  $142,565,000 for attorneys' fees and costs, including Held Costs,[5] Shared Costs[6] and Individual Participating Class Members' reasonable inspection costs, from the Knauf

---

See Pretrial Order No. 28, ¶ 9; see also Amended Global Settlement, Sections 4.2.2 & 16.6. The Court recognizes that in some cases, agreements have been reached with regard to common benefit fees. See, e.g., Villa Lago class settlement Letter Agreement (2014 Herman-Levin Decl. Ex. 5). In other cases claims have been assigned to the PSC. E.g., Shoma Homes Splendido, Inc. [Rec. Doc. #15695-6].

The Court will also need to address the Voluntary Common Benefit Payments made or owed pursuant this Court's order at Rec.Doc. #8389. Pursuant this Order, attorneys were to deposit into the registry of the Court an amount equal to 17% of all settlement proceeds from any settlement amount for a particular property, representing 12% for common benefit fees and 5% for common costs. *Id*.

[4]  On January 17, 2014, this Court granted authorization for the funding of set-asides for fees and costs from the Knauf, InEx, Banner, Global, Virginia, and Villa Lago Settlements into Qualified Settlement Funds previously approved by the Court. *See* Order entered 1/21/2014 [Rec. Doc. #17398], as amended and clarified on February 11, 2014 [Rec. Doc. #17426]. The instant global request for attorneys' fees does not seek fees from the Villa Lago Settlement, as a separate agreement has been reached with counsel for Villa Lago regarding common benefit fees. *See* Villa Lago class settlement Letter Agreement, attached to the 2014 Herman-Levin Decl. as Exhibit "5."

[5]  Held Costs are defined by the Court in Pretrial Order No. 9.

[6]  Shared Costs are defined by the Court in Pretrial Order No. 9.

3

Settlement, which the Knauf Defendants agreed to pay[7];

    (ii) $2,560,000 for attorneys' fees from the InEx Settlement (which represents 32% of the InEx Settlement gross value)[8];

    (iii) $16,986,103.14 for attorneys' fees from the Banner Settlement (which represents 32% of the Banner Settlement gross value)[9];

    (iv) $23,473,280 for attorneys' fees from the Global Settlement (which represents

---

[7] The Knauf Defendants agreed as part of the class settlement to pay the Joint Petitioners $160 million in attorneys' fees and costs. Viewed as a percentage award this represents only 14.5% of the estimated $1.1 billion value of the Knauf Settlement and other settlements combined. Knauf already has made advance payments of $17,435,000 towards this obligation, pursuant to Section 14.7 of the Third Amended Knauf Settlement and Order dated 1/17/2014 [Rec. Doc. #17398]. Of these amounts advanced, this Court has authorized the use of approximately $12 million to pay Shared Costs and/or reimburse common benefit assessments. As of March 31, 2014, approximately $5 million remains, which may be used for ongoing Shared Costs in the litigation, subject to Court approval.

A separate fee agreement has been reached with the Knauf Defendants regarding Class Members who filed lawsuits against these Defendants after December 9, 2011. *See* Settlement Agreement Regarding Post-December 9, 2011 Claims Against the Knauf Defendants in MDL 2047 [Rec. Doc. #16978-1]. That agreement is not pertinent to this order and will be addressed by this Court at a later date.

[8] Pursuant to the InEx Settlement Allocation Plan ("InEx Allocation Plan"), this 32% sum has been set aside for attorneys' fees. *See* InEx Allocation Plan, ¶ 3 [Rec. Doc. #16609-2]; The InEx Attorney Fee Settlement Fund [Rec. Doc. #17072]; Amended InEx Settlement, Section 16.7 [Rec. Doc. #12258-3].

[9] Pursuant to the Second Amended Banner Settlement Allocation Plan ("Banner Allocation Plan"), this 32% sum has been set aside for attorneys' fees. *See* Banner Allocation Plan, ¶ 3 [Rec. Doc. #16527-1]; The Banner Attorney Fee Settlement Fund [Rec. Doc. #17064]. The Banner Settlement provides that for certain builders only who have actively pursued this litigation and are seeking payments from the Banner Settlement for Affected Properties they repaired, they will pay 10% attorneys' fees to the PSC and common benefit counsel in those cases. *See Id.*; Amended Banner Settlement, Section 14.7 [Rec. Doc. #10033-3].

32% of the Global Settlement gross value)[10];

   (v) an amount to be determined for attorneys' fees and costs from the L&W Settlement[11];

   (vi) $5,568,000 for attorneys' fees from the four Virginia Settlements (which represents 32% of the aggregate gross value of the four Virginia Settlements)[12];

   (vii) $2,400,000 for attorneys' fees and costs associated with the InEx/North River bellwether trial[13]; and

---

[10] Pursuant to the Second Amended Settlement Allocation Plan for Settlement Involving Builders, Installers, Suppliers, and Participating Insurers ("Global Allocation Plan"), this 32% sum of the gross value of the Global Settlement, less credits provided for in Section 4.2.1, has been set aside for attorneys' fees. *See* Global Allocation Plan, ¶¶ 2 & 4 [Rec. Doc. #16528-1]; The Builders, Installers, Suppliers and Participating Insurers Attorney Fee Settlement Fund [Rec. Doc. #17069]; Amended Global Settlement, Section 16.6 [Rec. Doc. #15695-2]. There remains a dispute as to what amount in fees and costs should be paid for Affected Properties that were repaired by a Defendant who actively pursued this litigation and/or whose homeowner did not actively pursue litigation. The Court will address this dispute at an appropriate time after the parties submit the matter for resolution. *See* Global Allocation Plan, at fn. 1.

[11] *See* L&W Settlement, Section 15.1 [Rec. Doc. #13913-3]. The Court will issue a subsequent order regarding this award in due course.

[12] *See* Virginia Settlements Allocation Plan [Rec. Doc. #16800-7 at ¶ 3]; The Builders Mutual Attorney Fee Settlement Fund [Rec. Doc. #17078]; The Nationwide Attorney Fee Settlement Fund [Rec. Doc. #17080]; The Porter-Blaine/Venture Supply Attorney Fee Settlement Fund [Rec. Doc. #17082]; The Tobin Trading and Installers Attorney Fee Settlement Fund [Rec. Doc. #17084].

[13] The Knauf Defendants agreed to pay $2.4 million in attorneys' fees and costs to the PSC law firms that conducted the bellwether trial seeking excess insurance funds from North River Insurance Company ("North River") in connection with the InEx Settlement. Those monies, intended to pay for InEx/North River fees and costs, are being held in a separate supervised account. *See* Stipulation and Order, 7/31/2013 [Rec. Doc. #16966]. Disbursement and allocation of these funds will be the subject of separate proceedings. To avoid any duplication of recovery, the hours and expenses related to the InEx/North River trial will be removed from the global hours submitted by the law firms involved in that trial to the Court-appointed auditor when this agreement is presented to the Court for an allocation of these funds.

    (viii) $5,547,011.68 for reasonable and appropriate cost reimbursements, including costs of Notice advanced by the PSC, from the InEx, Banner, Global, and Virginia Settlements.[14]

**CONCLUSION**

For the foregoing reasons, IT IS ORDERED that the Consolidated Joint Petition of the Fee Committee and the Plaintiffs' Steering Committee For a Global Award of Attorneys' Fees and Reimbursement of Expenses, Filed Pursuant to Pretrial Order No. 28 is GRANTED. Further determinations contemplated by this Order and consistent with the scheduling provided in PTO 28 (as amended) will be addressed in subsequent proceedings.

        New Orleans, Louisiana, this ___ day of _____., 2014.

                _____
                ELDON E. FALLON
                UNITED STATES DISTRICT JUDGE

---

[14] *See* Rec. Doc. #17398; Banner Allocation Plan, ¶ 3; Global Allocation Plan, ¶ 4; InEx Allocation Plan, ¶ 3; Virginia Settlements Allocation Plan.

With regard to costs for Virginia litigation, counsel for the majority of the Virginia Settlement Class Members incurred significant costs from litigating approximately 200 individual Virginia state court actions. PSC Members and private attorneys brought these actions in Virginia because Virginia law does not provide for class action tolling and Defendants challenged Class Action Fairness Act jurisdiction. *See Casey v. Merck & Co.*, 283 Va. 411, 418-419 (2012) (holding that, under Virginia law, "[a] putative class action cannot toll the running of the statutory period for unnamed putative class members who are not recognized as plaintiffs or represented plaintiffs in the original action."). The PSC takes the position that the efforts undertaken in these actions helped create a common benefit for all CDW victims, as the cases in Virginia helped establish appropriate remediation protocols and drove the KPT Pilot Program that has remediated thousands of homes. The Virginia attorneys have made all Voluntary Common Benefit Payments into the Court's registry, *see* fn. 39, *infra*, and will continue to do so. The Court accepts the PSC's position.