UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In re: CHINESE-MANUFACTURED DRYWALL PRODUCTS LIABILITY LITIGATION | * * * * | MDL Docket No. 2047 SECTION L |
| This document relates to All Cases | * * * * * * | JUDGE FALLON MAGISTRATE JUDGE WILKINSON |

* * * * * * * * * * * * * * * * *

### AFFIDAVIT OF PHILIP A. GARRETT, C.P.A.

STATE OF LOUISIANA   :
                     :
PARISH OF ORLEANS    :

Philip A. Garrett, being duly sworn according to law deposes and says:

1. I am a certified public accountant. For over 35 years I was associated with the public accounting firm of Wegman Dazet & Company and I am now associated with the firm of Philip A. Garrett, CPA. A copy of my curriculum vitae summarizing my training and experience in the field of public accounting is attached to this report and affidavit as Exhibit "1."

2. Pretrial Order No. 9 approved my retention to assist and provide accounting services to the Plaintiffs' Liaison Counsel, the PSC and the Court in MDL No. 2047, as follows:

> Plaintiffs' Liaison Counsel has retained and the Court approves the retention of Philip Garrett, CPA ("PG"), to assist and provide accounting services to Plaintiffs' Liaison Counsel, the Plaintiff's Steering Committee, and the Court in MDL 2047. PG will be assisting in compiling submissions and will provide reports to Plaintiff's Liaison Counsel who shall submit them with the Court on a monthly basis.

**EXHIBIT 4 to Declaration of Russ M. Herman and Arnold Levin**

> These reports will include both time and expenses and will summarize, with back-up detail, the submissions of all firms. Submission of time and expense records to PG and the Court shall be considered as if submitted under seal.

3. Pretrial Order No. 9A (PTO 9A) supplemented Pretrial Order No. 9 by setting forth the time and expense reporting procedures for submission of plaintiffs' counsel's time and expense submissions relating to matter common to all claimants in State Court Chinese Drywall litigation matters.

4. Pretrial Order No. 9 requires that all time and expenses submitted must be incurred only for work authorized in advance by the Plaintiffs' Steering Committee (PSC) and that the time and expense guidelines are intended for all activities performed and expenses incurred by counsel that relates to matters common to all claimants in MDL 2047. PTO 9A extended these procedures as referenced above.

5. In connection with this assignment I reviewed the time and expense records of those counsel in MDL 2047 who submitted such records and who, I am advised, will petition the Court for an award of fees and costs for "common benefit" services in the Chinese Drywall Litigation.

6. During the period from July 2009 through today, my work as the Court- appointed "accountant" primarily involved a review of these time and expense reports to determine whether they complied with the dictates of PTO No. 9. Where it was determined that a submission of common benefit time and expense was not in compliance with PTO No. 9, or the procedures established by Plaintiffs' Liaison Counsel, the submitting law firm was advised of this determination and given an opportunity to correct it. Further, Pretrial Order No. 28 (PTO 28) provided an opportunity for counsel to request that I modify certain time or expenses to amend or correct any

2

**EXHIBIT 4 to Declaration of Russ M. Herman and Arnold Levin**

submissions to disallow any submissions. I routinely kept the Court advised of my ongoing activities.

7. On January 10, 2014, the Court entered PTO 28. This order provided direction and established guidelines for the efficient presentation to the Court to allow for the determination of making an award of attorney's fees and disbursement of litigation expenses, and subsequently an allocation from such an award. It also directed the members of the Fee Committee (FC) to file a Joint Fee Petition for an award of attorney's fees and reimbursement of expenses.

8. Collectively these orders established a procedure for reviewing all submissions of time and expense. As part of my duties to assist in compiling submissions and making reports, among other things, I disallowed from inclusion in these submissions the following items:

   a. Any submission or report of professional time and expense in which the hours of service were not properly coded in accordance with Pretrial Order No. 9;

   b. Any item of expense for which proper receipts or other proof of payment has not been submitted;

   c. Any item of time or expense which was incurred in connection with the litigation of any individual case or group of individual cases involving a person or persons who made a claim for a Chinese drywall affected property, unless counsel was authorized by a member of the PSC or FC to perform such work primarily for the common benefit of Chinese drywall litigants in MDL No. 2047 and the state litigation with which it is coordinated.

9. Any items of time and expense that were disallowed are reported to the Court in the regular monthly reports provided by me. Under PTO Nos. 9 and 9A, my determination as to whether to disallow any item of time and expense from inclusion in allowed time or expenses was a matter of procedural convenience for the Court and not a determination on the merits. I made no subjective judgment regarding the value of any time allowed and attempted to judge solely upon

**EXHIBIT 4 to Declaration of Russ M. Herman and Arnold Levin**

objective criteria. Both orders made it clear that a disallowance by me was without prejudice to a determination by the Court of the merits of any submission at a time and manner determined by the Court.

10. Ultimately, I reviewed submissions of time and expense from 53 separate law firms who claimed to participate in common benefit time and costs.

11. The review process has been ongoing since time and expense submissions first began being submitted pursuant to PTO No. 9, which was due on September 15, 2009, and required the expenditure of 2,725.25 hours of professional accounting time by myself and the members of my staff through December 31, 2013. Billings for this professional time are $632,546.55, including costs.

12. The protocol which I observed in reviewing the time and expense submissions of the common benefit counsel consisted of four (4) segments.

    a. Initially, we reviewed each submission to determine if it complied with the form requirements of PTO No. 9. Among other things, this examination focused on whether the Fee Applicant reported time according to the guidelines of PTO No.9, whether appropriate time records were included with the submission, whether the position (e.g., partner, associate, paraprofessional or investigator) of each timekeeper was disclosed, whether the reported time was properly categorized in accordance with the requirements of PTO No. 9, and whether the Fee Applicant attached records documenting its claimed expenses. If we discovered deficiencies in compliance with the procedural requirements of PTO No. 9, they were brought to the attention of the common benefit counsel by means of a suitably completed form letter(s).

    b. Once we received a time or expense record that was in proper form, we examined the submission rigorously to determine if there were circumstances present which would require us to disallow items of time and expense from inclusion under the terms of PTO No. 9. If we determined that there were such items, we transmitted a letter to the common benefit counsel conditionally disallowing the inclusion of that counsel's time and expenses.

**EXHIBIT 4 to Declaration of Russ M. Herman and Arnold Levin**

      In the conditional disallowance letters, we clearly advised the applicant of each type of item contained in the submission which was subject to disallowance. Typically, we provided illustrations of each such item from the counsel's time and expense records. The letters provided a period of time for the counsel to correct the deficiencies in its submission insofar as it was able to truthfully do so. In most of these cases, we ultimately issued a letter approving the counsel's revised submission of time and expense. In some of these cases, however, we were required to disallow specific line items of time and/or expense and an appropriate letter issued.

  c. After the above outlined process, we checked the arithmetic accuracy of the summaries of time and expense submitted by each counsel based on the underlying detail records that were supplied to us. This procedure was limited to items of time and expense.

  d. Following the issuance of PTO 28, numerous communications with various counsel took place if a counsel requested that I modify certain time or expenses to amend or correct any submission. We reviewed and amended, as appropriate, revised submissions by counsel so that the Case Cost Management System was updated to reflect time and expenses that were accurate and in accordance with submissions made by counsel who sought compensation for common benefit time and reimbursement of expenses pursuant to PTO Nos. 9 and 9A.

  13. As a consequence of this process of review, Fee Applicants have submitted a significant number of hours of time. This effort has proven itself to be beneficial as common benefit counsel have worked cooperatively, and sometimes eliminated entries that were not directly questioned by me. My analysis of the submissions and reporting of common benefit counsel's time and expenses is an ongoing process. A further and complete analysis will be filed with the Court at the conclusion of my assignment, which will cover any additional submissions made by common benefit counsel.

  14. For purposes of this Report, I performed a mathematical calculation by taking the total amount of common benefit hours as of December 31, 2013 and multiplied that amount by an

**EXHIBIT 4 to Declaration of Russ M. Herman and Arnold Levin**

hourly rate. For this Affidavit, the hourly rate used was counsels' Reported Actual Hourly Rate at Inception.[1]

15. The total number of hours of professional time was reported as 245,871.19.[2]

16. The total computed amount of the common benefit hours multiplied by the Reported Actual Hourly Rate at Inception was calculated as $119,864,907.65.

17. The total amount of "held expenses" as defined by PTO No. 9, incurred by common benefit counsel which has been properly documented as eligible for reimbursement under the terms of the applicable pretrial orders is $4,598,113.97, as of December 31, 2013.

18. In addition to the reimbursable "held expenses" incurred by each common benefit counsel individually, certain reimbursable "shared expenses," as defined by PTO No. 9, were incurred by the PSC.

19. The PSC funded many of its common expenses in this litigation by periodically levying assessments on its members. As of December 31, 2013, PSC members each paid assessments the total of which assessments collected over the course of the litigation was $11,335,000.00. The "shared expenses" incurred for the administration of the MDL from the PSC's account paid from the assessments was then scrutinized. As of December 31, 2013, the PSC incurred $13,590,843.83 in properly documented shared expenses which expenses are properly subject to reimbursement.

---

[1] In those few instances where counsel failed to provide or lacked their billing rates, those employees that did not provide positions or rates received the average rate for the population. Those that provided positions, but no rates received the average rate for that position.

[2] Of those counsel participating in both state and MDL litigations, all time reported was attributed to MDL time. Total time is stated rounded up to the nearest whole number.

**EXHIBIT 4 to Declaration of Russ M. Herman and Arnold Levin**

20.     As a result of the accounting conducted by me pursuant to the terms of the Court's pretrial orders, as of December 31, 2013, I have determined that a total of 245,871.19 hours of professional time, having a value of $119,864,907.65 is properly documented, and that $18,188,957.80 [3] of out-of-pocket expenses have been properly documented.[4]  The PSC previously received $18,115,939.53 in partial reimbursement predominantly from the Knauf Settlement Funds of which $9,148,000.00 was used to partially reimburse assessments leaving a balance of unreimbursed assessments of $2,187,000.00.  The remaining funds are retained by the PSC for ongoing shared expenses.

21.     In summary, the total Held Costs of law firms that made submission pursuant to Pre-Trial Order No. 9 are $4,598,113.97 and cash assessments of common benefit counsel of $2,187,000.00. They have cash balances at December 31,2013 of approximately $5,000,000.00.

22.     Copies of all of the 53 law firm's submissions provided to me are available to the Court through protected access via the Case Cost Management System.

23.     My Affidavit is based upon submissions received from various counsel pursuant to Pre-Trial Order Nos. 9 and 9A.  Because the Court has ordered counsel to make certain modifications to submissions, the amounts calculated herein are based upon hours and expenses

---

[3] This includes Shared Costs of $13,590,843.83 and Held Costs $4,598,113.97.

[4] Additional materials are still being submitted to me by common benefit counsel. Once these materials are analyzed, my findings will become the subject of a final report.

**EXHIBIT 4 to Declaration of Russ M. Herman and Arnold Levin**

reviewed as of May 14, 2014, and include time and expenses through December 31, 2013. Slight variations and changes may occur due to updated reports received from counsel.

PHILIP A. GARRETT, C.P.A.

Sworn & Subscribed
before me this 15th
day of May, 2014.

NOTARY PUBLIC
Attested to signature only

JENNIFER KLEYLE
Notary Public
State of Louisiana
St. Bernard Parish
Notary ID # 92082
My Commission is for Life

8

**EXHIBIT 4 to Declaration of Russ M. Herman and Arnold Levin**

# EXHIBIT 1

**EXHIBIT 4 to Declaration of Russ M. Herman and Arnold Levin**

# PHILIP A. GARRETT, CPA
117 Fairgrounds Blvd
Bush, LA 70431
985-635-1500
pgarrett@garrettco.com

as of 6-30-2013

### Education and Certification

- Bachelor of Science in Accounting, University of New Orleans, December 1972
- Certified Public Accountant

### Significant Career Experience:

Over 35 years of accounting, auditing, and consulting experience in serving clients in a variety of industries. Associated with Wegmann Dazet and Company from staff to managing partner. Retired on December 31,2007 and started Philip A. Garrett, CPA later in 2008.

In addition to accounting and auditing services, Mr. Garrett has provided consulting assistance covering a broad array of matters. The following list highlights selected issues and experience:

- Sale and purchase of business entities ranging in asset values up to $100 million
- Business valuations
- Preparation of financial packages to assist clients in arranging for financing of major projects and acquisitions
- Reconstruction of financial records
- Employee benefits and compensation
- Business plans, budgeting, and financial projections
- Assistance in the acquisition and installation of computer systems
- Financial reorganization
- Tax, financial, and retirement planning
- Representation before tax authorities
- Evaluation of financial and accounting documents of borrowers for banks

### Training and Teaching Experience

Guest lecturer for the University of New Orleans, Louisiana State Society of CPAs and numerous business associations. Topics include:

- Planning for Profits
- Getting Behind the Numbers
- Cash Flow Analysis
- Tax Planning, both corporate and individual
- Valuation of a Closely-Held Corporation
- Pricing Strategies
- Cost Reduction

### Professional Affiliations

- American Institute of Certified Public Accountants
- Society of Louisiana Certified Public Accountants

### Bankruptcy Consulting Experience

Experience in bankruptcy and litigation support consulting and/or expert testimony includes the following issues:

- Examiner for U.S. Bankruptcy Court to report on adherence of debtor to court order
- Use of loan proceeds--real estate project
- Arbitration of fixed asset dispute
- Analysis of construction documents
- Evaluation of profitability plan of debtor in bankruptcy
- Damage calculation
- Assistance to debtors and creditors with bankruptcy process

### Multi-District Litigation

Serve as court appointed accountant to assist and report on plaintiffs' time and costs for litigation. Have worked on the following:

- Propulsid Product Liability MDL 1355
- Vioxx Product Liability MDL 1657
- Chinese Drywall MDL 2047
- BP "Deepwater Horizon" MDL 2179
- TI "Bogalusa Papermill" class action
- Pool Corporation MDL 2328

Philip A. Garrett, CPA -- Resume and Experience
Page 2

**EXHIBIT 4 to Declaration of Russ M. Herman and Arnold Levin**

**Litigation Experience As Consultant Or Expert Witness** -- (All cases where a report and/or expert testimony was completed)

| Type of Client | Client | Attorney or Law Firm | Date | Services |
|---|---|---|---|---|
| Defendant | Robert Grocers | Schonekas, Evans and McGoey | 2013 | Report and deposition |
| Plaintiff | VanHoose Insurance Agency | Joe Ward | 2012 | Consultation and report |
| Defendant | Polyflow, Inc | Nancy Degan | 2011 | Consultation and report |
| Plaintiff | John Davis, CPA | Al Ajubita and Rodney Cashe | 2010 | Consultation and testimony and reports |
| Plaintiff | Concerned Care Home Health | Joe Ward | 2010 | Report and testimony |
| Plaintiff | Hess Construction | Joe Ward | 2009 | Report and testimony |
| Plaintiff | Dr. Hawthorne et al | Nancy Degan | 2009 | Consultation |
| Plaintiff | Action Screen Printers | Stephen Chiccarelli | 2008 | Report |
| Plaintiff | Quality Amusements | Joe Friend Breazeale, Sachee & Wilson | 2008 | Consultation and Report |
| Defendant | Houston National Insurance Co. | Eric Burt Degan, Blanchard & Nash | 2008 | Consultation |
| Defendant | State Farm Insurance | Burt Carnahan | 2008 | Consultation, Report & Deposition |
| Plaintiff | Big River Enterprises, Inc | Steven Griffith | 2008 | Report |
| Plaintiff | Premier Industries | George Pivach | 2007 | Report and Consultation |
| Plaintiff | Robert Grocers et al | Phil Franco | 2007-Present | Testimony, Report and Deposition |
| Plaintiff | Fordoche vs TEPI | Joe Ward | 2007 | Report and Deposition |
| Debtor | Pelts and Skins (alligator farm) | Doug Draper | 2007 | Report and Testimony |
| Plaintiff | The Wood Group | Ben Banta | 2007 | Report and Analysis |
| Defendant | Preston Law Firm vs Cowan Law Firm | Kyle Schonekas | 2007 | Arbitration Testimony and Deposition |

| Type of Client | Client | Attorney or Law Firm | Date | Services |
|---|---|---|---|---|
| Plaintiff | BCM, LLC, et al. v. Copeland of New Orleans | Roy Cheatwood | 2006 | Testimony in State Court in Lafayette, LA |
| Plantiff | Jon Sgular et al vs Emerson Process Mgmt et al | Michael Lehman Couhig Partners | 2006 - 2007 | Report and deposition |
| Defendant | Arr-Maz Products vs. Sonitrol (ADT) Damages calculation after building destroyed by fire | Michael Lehman Couhig Partners | 2005-2006 | Report only |
| Defendant | Jitney Jungle Bankruptcy Valuation of Company as of preference period | Doug Draper | 2005 | Report only |
| Plaintiff | Cross Marine v. Soloman Smith Barney Securities case – Return on Investment | Bruce Schewe | 2004-2005 | Report only |
| Defendant | Bruno, et al. v. Hattier, Sanford and Reynoir, LLP Securities case – Return on Investment | Bruce Schewe | 2005 | Report only |
| Plaintiff | Decorte, et al. v. Eddie Jordan, et al. | Clem Donelon/ Lisa Brener | 2004-2005 | Report, Deposition & Federal Court Testimony |
| Defendant | John B. Steigner v. Elaine D. Scott, et al. | Maurice Mathieu/ Burt Carnahan | 2004 | Report for Mediation |
| Defendant | City of New Orleans v. Municipal Administrative Services, Inc. | Randy Smith | 2004 | Deposition & Federal Court Testimony |
| Plaintiff | JRL Enterprises, Inc. v. Procorp Associates, Inc. et al. | Joseph Ward | 2003/ 2005 | Report, Depositions, and Federal Court Testimony |
| Plaintiff | Evans Industries, Inc. v. J.D. Edwards World Solutions Company et al. | Stone Pigman | 2003-2004 | Report and Testifying at Arbitration |
| Defendant | William B. Allen Supply Co., Inc. v. Betty K. Martin et al. Bank being sued for not detecting embezzlement at company | Phelps Dunbar | 2003 | Deposition |
| Plaintiff | Aucoin v. Trudeau Shareholder dispute | John Robinson | 2001 - 2002 | Deposition |
| Defendant | Positive Black Talk, Inc. v. Cash Money Records, Inc. et al. Copyright infringement | Phelps Dunbar | 2003 | Deposition |

**EXHIBIT 4 to Declaration of Russ M. Herman and Arnold Levin**

| Type of Client | Client | Attorney or Law Firm | Date | Services |
|---|---|---|---|---|
| Plaintiff | David J. L'Hoste v. Andrew J. Lea & William B. Gibbens III, Break Up of Law Firm | Warren Horn | 2001 - 2004 | Deposition & Arbitration Testimony |
| Defendant | Star Enterprise v. Entergy - Damages Calculations on Refinery Incident | Phelps Dunbar | 1999 - 2002 | Deposition |
| Defendant | Gaylord Chemical Co. v. Ingersoll-Rand St. Tammany Parish Court; Damage Calculation on Pump | Phelps Dunbar | 1999 - 2001 | Deposition |
| Defendant | Insurance defense | Degan Blanchard & Nash | 2002 | Report Only - Tax Issue |
| Plaintiff | William C. Bethea v. W&T Offshore, Inc. et al. Analysis of tax consequences and management violations | Phelps Dunbar | 2002 | Deposition |
| Defendant | Menard food distributors Defend against damages for taking customers of Plaintiff | Kyle Schonekas | 2002 | Deposition |
| Creditor | First National Bank of St. Bernard v. Lonnie L. Asevedo, et al. U.S. District Court | Bob Mathis | 2002 | Deposition and State Court Testimony |
| Creditor | ITTCO v. Gulf Coast Bank Cash Flow Analysis | Bob Mathis | 2002 | Deposition & Federal Court Testimony |
| Defendant | Hingle, et al. v. Exxon Frilot, Partridge, Kohnke, & Clements, LC | Robert McNeal | 2001 | Income schedules of multiple plaintiffs |
| Plaintiff | Blue Mill Farms v. Boohaker and Austin | Phelps Dunbar | 2001 | Report Only |
| Plaintiff | John R. Pilgreen v. Donald & Co. Securities, Inc. Arbitration | Phelps Dunbar | 2001 | Deposition & Arbitration Testimony |
| Defendant | Southeast Distribution Discovery Engineering, Inc d/b/a National Coatings Company v. Garco Shellac and Polyurethane Corp. U.S. District Court | Phelps Dunbar | 2001 | Deposition |
| Defendant | Kennedy v. Security National Settled Jefferson Parish, Interest Calculation and Pay Off of Loan | Bob Mathis | 2001 | Deposition & Court Testimony |
| Defendant | Aguilar v. Minnesota Mutual | Warren Horn | 2001 | Deposition |

**EXHIBIT 4 to Declaration of Russ M. Herman and Arnold Levin**

| Type of Client | Client | Attorney or Law Firm | Date | Services |
|---|---|---|---|---|
| Defendant | Minnesota Mutual v. Robert Gavin Baton Rouge Court | Warren Horn | 2001 | Deposition & Court Testimony |
| Defendant | Minnesota Mutual Disability defense | California | 2001 | Report only |
| Plaintiff | Grace Bishop v. CNG Producing Company | Stone Pigman | 2000 | Deposition |
| Plaintiff | Reynold J. Jennins v. Ramsay Health Care, Inc. U.S. District Court Illegal Termination of Contract | Lenny Davis | 2000 | Report only |
| Plaintiff | LeMoyne Riverside:Re M/V Brighton -- Civil District Court; Riverwalk Destruction by ship | Herman Herman Katz & Cotlar | 2000 | Deposition |
| Plaintiff | Virginia Miller v. Bob Cournoyer Terrebonne Parish Court | Herman Herman Katz & Cotlar | 2000 | Deposition & Court Testimony |
| Plaintiff | Multi-Transportation Corporation v. Gulf States Toyota Civil District Court | Robert Kutcher | 2000 | Deposition |
| Defendant | Generation Hall Civil District Court | Herman Herman Katz & Cotlar | 2000 | Consultation |
| Defendant | Eagle Electronics v. Delta Bank Civil District Court | Stone Pigman | 2000 | Deposition & court testimony |
| Defendant | Charles & Gwendlyn Shaw vs. IRS U.S. Tax Court | Al Ajubita | 2000 | Report only |
| Debtor | Medical Heritage, Inc. Bankruptcy Federal Court | Martinez | 1999 | Deposition |
| Plaintiff | T.V. Management, Inc. Civil District Court | Heller Draper | 1999 | Deposition & court testimony |
| Defendant | Hvide Marine- U.S. Offshore v. Seabulk Offshore, LTD | Florida Law Firm | 1999 | Report only |
| Debtor | Wichita River Oil Corporation Federal Court | Doug Draper | 1999 | Report only |
| Plaintiff | Cardio Devices, Inc. et al. v. Sulzer Intermedics, Inc. | Marc Winsberg | 1999 | Report only |
| Plaintiff | Louisiana Stadium and Exposition District Arbitration | Herman Herman Katz & Cotlar | | Report only |
| Defendant | Exxon v. Tri-State Asphalt Baton Rouge Court | Exxon | | Deposition & Court Testimony |

| Type of Client | Client | Attorney or Law Firm | Date | Services |
|---|---|---|---|---|
| Defendant | Delta Petroleum Civil District Court | Herman Herman Katz & Cotlar | | Report only |
| Defendant | Worldwide Gaming of Louisiana in Bankruptcy Federal Court Louisiana Route Operators in Bankruptcy | Stone Pigman | | Deposition & Court Testimony |
| Defendant | Interurban of Cincinnati v. Barclay Bank Federal Court | Heller Draper | | Deposition & Court Testimony |
| Creditor/Court | Pelican Homestead v. Mamahat et al. Federal Court, Court Appointed Examiner | Creditor/Ct | | Deposition & Court Testimony |
| Defendant | Thompson v. Allied Bank-Bank Litigation | Liskow | | Deposition & Court Testimony |

**EXHIBIT 4 to Declaration of Russ M. Herman and Arnold Levin**