UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: CHINESE-MANUFACTURED DRYWALL PRODUCTS LIABILITY LITIGATION | ) ) ) ) | MDL No. 2047<br><br>SECTION "L" |
| THIS DOCUMENT RELATES TO: | ) ) ) | JUDGE FALLON<br><br>MAG. JUDGE WILKINSON |
| Payton, et. al. v. Knauf Gips, KG, et. al., Case No. 2:09-cv-07628 | ) ) ) ) | |
| _____ | ) | |

**JASON SANTIAGO'S MOTION TO COMPEL KNAUF TO PAY HIS SELF-REMEDIATION CLAIM IN FULL PER SETTLEMENT AGREEMENT**

Plaintiff Santiago (hereinafter "Claimant" or "Santiago"), by and through undersigned counsel, hereby files his Motion to Compel the Knauf to Pay His Self-Remediation Claim in Full Per Settlement Agreement. As grounds, Claimant states as follows:

For the reasons set forth fully in Claimant's Memorandum of Law in support of this Motion, Knauf has breached the Settlement Agreement by failing to pay Santiago's Self-Remediation Claim in full. Santiago submitted his Contractor's bid of $95,111 to Knauf. Knauf accepted Santiago's bid. Because Santiago was a class member in a related settlement, the Harrell Class Action, some of Santiago's recovery from Knauf had to be assigned to third parties, setoff and subject to a reduction.

After Knauf accepted the $95,111 bid, Undersigned Counsel was advised through Brown Greer that Santiago's Contractor's bid needed to be <u>increased</u> to $125,690.42. Accordingly, Santiago relied on Knauf and had his Contractor's bid <u>increased from $95,111 to $125,690.42</u> and entered into a binding contract with his Contractor in the amount of <u>$125,690.42</u>. The increased bid of <u>$125,690.42</u> was submitted to Knauf and accepted by Knauf. Even after the increase to $125,690.42, Undersigned Counsel advised Knauf of the need to <u>reduce</u> the $125,690.42 due to the Harrell Class Action. Nonetheless, Knauf had Brown Greer issue the first installment of the $125,690.42 to Santiago's contractor. After the payment of the first installment, Knauf realized its

error and unilaterally reduced the second installment due to Santiago's Contractor. Understandably, Santiago's Contractor refused to do any further work because of the underpayment.

It was only <u>after</u> Mr. Santiago had his Contractor's bid increased, entered into a higher binding contract with his Contractor that he was personally liable for, and his Contractor received the first installment payment that Knauf realized its error. Now, Knauf refuses to pay Santiago's full Self-Remediation Claim amount of $125,690.42, despite it having made Santiago increase his Contractor's bid amount from $95,111 to $125,690.42. Knauf only wants to pay $87,806.86; therefore, Knauf is in breach of the Settlement Agreement.

Santiago reasonably and justifiably relied on Knauf's express promises to pay the Self-Remediation Claim as detailed in the Knauf Settlement Agreement and the Release and Rider signed by Santiago, to Santiago's detriment. Knauf's breach of contract and the doctrines of detrimental reliance, promissory estoppel and equitable estoppel also apply for the Court to require Knauf to live up to its promises and pay the Claim in full. The Court has the equitable power to require Knauf to pay Santiago's Self-Remediation Claim in full, and should use that power to compel Knauf to pay the Claim in full.

WHEREFORE, for the reasons set forth in the instant Motion and Supporting Memorandum of Law, Claimant respectfully requests this Honorable Court enter an Order requiring the Knauf Defendants to pay Santiago's Self-Remediation Claim in full.

Respectfully Submitted,

<u>/s/ Patrick S. Montoya</u>
ERVIN A. GONZALEZ, ESQ. (#500720)
PATRICK S. MONTOYA, ESQ. (#524441)
COLSON HICKS EIDSON
COLSON MATTHEWS MARTINEZ
GONZALEZ KALBAC & KANE
255 Alhambra Circle, Penthouse
Coral Gables, FL 33134
Phone: (305) 476-7400

Fax:    (305) 476-7444
*Counsel for Claimant*

## CERTIFICATE OF SERVICE

I hereby certify that the above and foregoing has been served on Plaintiffs' Liaison Counsel, Russ Herman, and Defendants' Liaison Counsel, Kerry Miller, by U.S. Mail and e-mail, or by hand delivery and e-mail and upon all parties by electronically uploading the same to LexisNexis File & Serve in accordance with Pretrial Order No. 6, and that the foregoing was filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2047, on this 30th day of May, 2014.

/s/ Patrick S. Montoya