UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE:  CHINESE-MANUFACTURED DRYWALL PRODUCTS LIABILITY LITIGATION | MDL NO. 2047<br>SECTION: L<br>JUDGE FALLON<br>MAG. JUDGE WILKINSON |
| THIS DOCUMENT RELATES TO:<br><br>*Germano, et al. v. Taishan Gypsum Co., Ltd., f/k/a Shandong Taihe Dongxin Co., Ltd., et al.*, Case No. 2:09-cv-6687 (E.D.La.) | |

**MEMORANDUM OF LAW IN SUPPORT OF
PLAINTIFFS' STEERING COMMITTEE'S MOTION
TO PRECLUDE DISPOSAL OF PHYSICAL EVIDENCE**

**I.      INTRODUCTION**

The Plaintiffs' Steering Committee ("PSC") moves the Court to preclude the disposal of physical evidence by Venture Supply Inc. ("Venture") and the Porter-Blaine Corporation ("PB"). The PSC submits that a hearing should be held to determine whether Venture and PB should be permitted to dispose of Venture drywall manufactured by Taishan Gypsum Co., Ltd. ("TG"), and until such time Venture and PB should refrain from destroying physical evidence.  The motion should be granted for the reasons set forth below.

**II.     FACTUAL BACKGROUND**

Venture and its sibling PB purchased drywall manufactured by Taishan.  Venture entered into two contracts with Taishan to purchase over 200,000 sheets of TG drywall. *See In re: Chinese-Manufactured Drywall Products Liability Litigation*, 2014 WL 321844 (5th Cir. Jan. 28, 2014)("Germano").  Venture in turn through PB had the TG drywall installed in plaintiff's homes throughout Virginia and other locations.  After the reactive drywall damaged plaintiff's homes,

1

litigation ensued.

In February 2010, this Court held a two day hearing on damages suffered by the plaintiff intervenors. Following the hearing, this Court entered extensive findings of fact and conclusions of law regarding the defective nature of the TG drywall purchased by Ventre. *See In re Chinese-Manufactured Drywall Products Liability Litigation*, 706 F.Supp. 2d 655 (E.D.La. 2010). After the entry of the default judgment against TG, on May 2010, TG sought to open the default judgment based on lack of personal jurisdiction and ineffective service of process. The Fifth Circuit remanded TG's appeal to the district court to address TG's motion to vacate the default judgment. Thereafter, extensive discovery of TG took place, including, depositions in Hong Kong. Venture and TG participated in that discovery in the course of pursuing their counter-claims against TG.

On January 28, 2014, the United States Court of Appeals for the Fifth Circuit definitely ruled that this Court's assertion of jurisdiction upon TG was appropriate and affirmed the Court's entry of default judgment against TG. *See Germano, supra*. TG failed to appeal that ruling to the United States Supreme Court. Thus, this Court has jurisdiction over TG.[1]

Accordingly, future proceedings against TG are now in order.

### A. Venture and PB's Notice of Disposal of Physical Evidence

Now that jurisdiction over TG has been established, activities in the district court against TG and TTP are about to commence once again. Yet, in an ill-timed filing, Venture and PB have given notice of disposal of physical evidence. On May 22, 2014, Venture and PB filed their notice on the

---

[1] The Fifth Circuit recently affirmed this Court's September 4, 2012 Order as it relates to the *Gross*, *Wiltz* and *Mitchell Company* actions. *See In re: Chinese-Manufactured Drywall Products Liability Litigation*, ____ F.3d ____, 2014 WL 2111672 (5th Cir. May 20, 2014). The likelihood of TG obtaining reversal of the panel's decision through an *en banc* proceeding or at the United States Supreme Court are remote at best.

MDL docket [Rec.Doc.No. 17706], and have advised that they have been storing approximately 20 sheets of TG's drywall in a storage unit in the City of Virginia Beach, Virginia. Their notice suggests that they intend to dispose of this drywall within 30 days of May 22, 2014. Since further litigation against TG and TTP is anticipated, permitting the destruction of TG drywall by Venture and PB at this time is not warranted.

### III.  LEGAL ARGUMENT

#### A.  Venture and PB Should not be Permitted to Dispose of Physical Evidence

In PTO 1(I), this Court granted defendants like Venture and PB an exception to its original PTO 1 (regarding the preservation of evidence) under certain circumstances. In particular, this Court permitted certain parties the ability to dispose of physical evidence under specified conditions provided that the preserving party provides written notice "of their intention to dispose of such physical evidence to the parties against whom it is seeking or may seek recovery against relating to Chinese-manufactured drywall." PTO No. 1(I) ¶C.

Venture and PB had maintained counter-claims against TG. Indeed, Venture's counsel traveled to Hong Kong to participate in discovery against TG in pursuit of the counter-claim. Given the presence of a counter-claim, the evidence in the form of TG's drywall that is being stored by Venture should not be disturbed. While understandably Venture (and its insurers) would like to terminate its litigation costs, as a result of Venture settling its litigation with the plaintiffs, *see* Rec.Doc.No. 16934, much litigation against TG still remains. In light of this future litigation, the destruction of physical evidence should not be permitted without judicial scrutiny.

The PSC, submits that Venture and PB should maintain and preserve the drywall in its current location. As Venture no longer wishes to pay for the future costs of storage, Taishan should

3

be required to pay for the preservation of the TG board in Virginia Beach. Should they refuse to pay for this storage, Taishan should be precluded from raising any spoliation or other defenses regarding the corrosive nature of the drywall.

The PSC has previously indicated to counsel for Venture and PB that it would be willing to incur the costs of Venture's TG drywall. However, simply passing over the leasehold of the storage unit to the PSC is inappropriate. The corrosive environment created by Venture's TG drywall presumably has the potential to have caused damage to the public storage unit and neighboring storage units. Accordingly, the PSC is only willing to inherit the ongoing leasehold of Venture and PB subject to full indemnity of past and potential future harms resulting from the existing leasehold.

Unless and until alternative measures are in place for the storage of Venture and PB's TG drywall, the PSC insists that Venture and PB maintain and preserve the drywall *in situ*.

## IV. CONCLUSION

For the reasons set forth above, the PSC's Motion to Preclude Disposal of Physical Evidence should be granted.

Respectfully submitted,

Dated: June 6, 2014

/s/ Leonard A. Davis
Russ M. Herman, Esquire (LA Bar No. 6819)
Leonard A. Davis, Esquire (LA Bar No. 14190)
Stephen J. Herman, Esquire (LA Bar No. 23129)
HERMAN, HERMAN & KATZ, LLC
820 O'Keefe Avenue
New Orleans, Louisiana 70113
Phone: (504) 581-4892
Fax: (504) 561-6024
ldavis@hhklawfirm.com
*Plaintiffs' Liaison Counsel, MDL 2047*

Arnold Levin (On the Brief)
Fred S. Longer (On the Brief)
Matthew C. Gaughan (On the Brief)
Levin, Fishbein, Sedran & Berman
510 Walnut Street, Suite 500
Philadelphia, PA 19106
215-592-1500 (phone)
215-592-4663 (fax)
Alevin@lfsblaw.com
*Plaintiffs' Lead Counsel*
*MDL 2047*

## PLAINTIFFS' STEERING COMMITTEE

Dawn M. Barrios
Barrios, Kingsdorf & Casteix, LLP
701 Poydras Street, Suite 3650
New Orleans, LA 70139
Phone: (504) 524-3300
Fax: (504) 524-3313
Barrios@bkc-law.com

Daniel E. Becnel, Jr.
Becnel Law Firm. LLC
425 W. Airline Highway, Suite B
Laplace, LA 70068
Phone: (985) 536-1186
Fax: (985) 536-6445
dbecnel@becnellaw.com

Robert C. Josefsberg
Podhurst Orseck, P.A.
25 Flagler Street, 8th Floor
Miami, FL 33130
Phone: (305) 358-2800
Fax: (305) 358-2382
rjosefsberg@podhurst.com

Bruce William Steckler
The Steckler Law Firm
12700 Park Central Drive, Ste 1900
Dallas, TX 75251
Phone: (972) 387-4040
Fax: (972) 387-4041
bruce@stecklerlaw.com

Ervin A. Gonzalez
Colson, Hicks, Eidson, Colson
  Matthews, Martinez, Gonzales,
  Kalbac & Kane
255 Alhambra Circle, Penthouse
Cora Gables, FL 33134
Phone: (305) 476-7400
Fax: (305) 476-7444

Ben W. Gordon, Jr.
Levin, Papantonio, Thomas, Mitchell
 Echsner & Proctor, P.A.
316 S. Baylen Street, Suite 600
Pensacola, FL 32502
Phone: (850) 435-7000
Fax: (850) 435-7020
bgordon@levinlaw.com

Hugh P. Lambert
The Lambert Firm
701 Magazine Street
New Orleans, LA 70130
Phone: (504) 581-1750
Fax: (504) 529-2931
hlambert@thelambertfirm.com

Gerald E. Meunier
Gainsburgh, Benjamin, David, Meunier
 & Warshauer, LLC
2800 Energy Centre, 1100 Poydras Street
New Orleans, LA 70163-2800
Phone: (504) 522-2304
Fax: (504) 528-9973
gmeunier@gainsben.com

Jerrold Seth Parker
Parker, Waichman, Alonso LLP
3301 Bonita Beach Road
Bonita Springs, FL 34134
Phone: (239) 390-1000
Fax: (239) 390-0055
Jerry@yourlawyer.com

Scott Wm. Weinstein
Morgan & Morgan
12800 University Drive, Suite 600
Ft. Meyers, FL 33907
Phone: (239) 433-6880
Fax: (239) 433-6836
sweinstein@forthepeople.com

James Robert Reeves
Lumpkin & Reeves
160 Main Street
Biloxi, MS 39530
Phone: (228) 374-5151
Fax: (228) 374-6630
jrr@attorneys4people.com

Christopher Seeger
Seeger Weiss, LLP
77 Water Street
New York, NY 10005
Phone: (212) 584-0700
Fax: (212) 584-0799
cseeger@seegerweiss.com

Daniel K. Bryson
Whitfield, Bryson & Mason
900 W. Morgan Street
Raleigh, NC 27603
Phone: (919) 600-5000
Fax: (919) 600-5002
dan@wbmllp.com

Richard J. Serpe, Esquire
Law Offices of Richard J. Serpe
Crown Center, Ste. 310
580 East Main Street
Norfolk, VA 23510-2322
Phone: (757) 233-0009
Fax: (757) 233-0455
rserpe@serpefirm.com

Victor M. Diaz, Jr., Esquire
V.M. Diaz and Partners, LLC
119 Washington Ave, Suite 402
Miami Beach, FL 33139
Phone: (305) 704-3200
Fax: (305) 538-4928
victor@diazpartners.com

**OF COUNSEL TO PLAINTIFFS' STEERING COMMITTEE**

| | |
|---|---|
| Richard S. Lewis | Andrew A. Lemmon |
| HAUSFELD LLP | Lemmon Law Firm, LLC |
| 1700 K Street, N.W | P.O. Box 904 |
| Suite 650 | 15058 River Road |
| Washington, DC 20006 | Hahnville, LA 70057 |
| Phone: (202) 540-7200 | Phone: (985) 783-6789 |
| Fax: (202) 540-7201 | Fax: (985) 783-1333 |
| rlewis@hausfeldllp.com | andrew@lemmonlawfirm.com |

**CERTIFICATE OF SERVICE**

     I hereby certify that the above and foregoing has been served on Defendants' Liaison Counsel, Kerry Miller, by e-mail and upon all parties by electronically uploading the same to LexisNexis File & Serve in accordance with Pre-Trial Order No. 6, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2047 on this 6th day of June, 2014.

          /s/ Leonard A. Davis
          Leonard A. Davis, Esquire
          HERMAN, HERMAN & KATZ, LLC
          820 O'Keefe Avenue
          New Orleans, Louisiana 70113
          Phone: (504) 581-4892
          Fax: (504) 561-6024
          ldavis@hhklawfirm.com
          Plaintiffs' Liaison Counsel
          MDL 2047

*Co-counsel for Plaintiffs*