# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **IN RE: CHINESE-MANUFACTURED DRYWALL PRODUCTS LIABILITY LITIGATION** | **MDL DOCKET: 2047** |
| | **SECTION:  L** |
| **THIS DOCUMENT RELATES TO:** | **JUDGE FALLON** |
| | **MAG. JUDGE WILKINSON** |
| ALL CASES | |

_____/

**VARIOUS HOMEBUILDERS' OBJECTION TO CONSOLIDATED JOINT PETITION OF THE FEE COMMITTEE AND THE PLAINTIFFS' STEERING COMMITTEE FOR A GLOBAL AWARD OF ATTORNEYS' FEES AND REIMBURSEMENT OF EXPENSES, FILED PURSUANT TO PRETRIAL ORDER NO. 28**

Various Homebuilders[1] respectfully submit their objection to the Consolidated Joint Petition of the Fee Committee and the Plaintiffs' Steering Committee for a Global Award of Attorneys' Fees and Reimbursement of Expenses, Filed Pursuant to Pretrial Order No. 28 ("Global Fee Petition") [DE 17687], and as grounds therefor states:

1.     On July 28, 2009, this Court entered Pretrial Order No. ("PTO") 9 [DE 147], which set forth the obligations for counsel for various plaintiff homeowners to submit their time and expense records to Philip Garrett, a C.P.A. retained by Plaintiffs'

---

[1] The homebuilders specifically joining in this objection include Lennar Corporation; Lennar Homes, LLC f/k/a Lennar Homes, Inc.; U.S. Home Corporation; Meritage Homes Corporation; Meritage Homes of Florida, Inc.; Meritage Homes of Texas, LLC; G.L. Homes of Florida Corporation; Miramar Associates IV, LLLP; Hillsborough County Associates II, LLLP; G.L. Homes of Sunset Lakes Associates, Ltd.; G.L. Homes of Davie Associates II, Ltd.; G.L. Homes of Davie Associates III, Ltd.; Boynton Beach Associates XVI, LLLP; Toll Estero Limited Partnership; Toll Bros., Inc.; GH Vero Beach Development, LLC; Taylor Morrison, Inc.; Taylor Morrison of Florida, Inc.; Taylor Morrison Services, Inc.; Taylor Woodrow Communities at Vasari, L.L.C.; The Ryland Group, Inc.; KB HOME Tampa LLC; KB HOME Florida LLC; KB HOME Treasure Coast LLC; KB HOME Jacksonville LLC; KB HOME Orlando LLC; KB HOME Fort Myers LLC; KB HOME/Shaw Louisiana LLC; Standard Pacific of South Florida; Standard Pacific of South Florida GP, Inc.; Standard Pacific of Tampa GP, Inc.; HWB Construction, Inc.; Standard Pacific Homes d/b/a Standard Pacific of Colorado, Inc.; Standard Pacific of Southwest Florida GP, Inc.; M/I Homes, Inc. and its subsidiaries and affiliates, including without limitation, M/I Homes of Tampa, LLC; and Florida Home Partnership, Inc.

Liaison Counsel, Russ Herman, and approved by the Court.  On its face, PTO 9 made clear that it only applied to "work authorized in advance by the Plaintiffs' Steering Committee."  PTO 9 at p.1.  On March 16, 2012, the Court entered PTO 9A [DE 12961], which supplemented PTO 9 to set forth the procedure for counsel for plaintiff homeowners in various state court litigation to submit their time and expense records "consistent with" PTO 9.

2.      On January 10, 2014, this Court entered PTO 28 [DE 17379], pursuant to which the Court set forth certain procedures for counsel for plaintiff homeowners, who had previously been required to comply with PTO 9 and 9A, to seek an award of their fees and costs.   PTO 28 at p. 2 fn. 3 ("The guidelines set forth in this Order are addressed specifically to common benefit attorneys' fees, as well as expenses, which shall be evaluated by the [Fee Committee] in a manner consistent with the standards already employed by the accounting firm of Philip A. Garrett, CPA pursuant to PTO No. 9 and PTO No. 9A."); Id. at p. 3 ("Counsel and their respective law firm which seeks compensation for common benefit time and reimbursement of expenses shall review their submissions made pursuant to Pre-Trial Order Nos. 9 and 9A which have been submitted to Philip Garrett, CPA….Only time and expense records submitted pursuant to Pre-Trial Order Nos. 9 and 9A shall be considered by the Court."); Id. at p. 5 ("Only time and expenses that are accurate and solely related to approved and assigned common benefit work shall be eligible for consideration of reimbursement for common benefit time and expenses.  Counsel shall only include in its claim for consideration of reimbursement for common benefit time and expenses only time or expenses

2

authorized by Pre-Trial Order Nos. 9, 9A or this Order.").  The Court thereafter extended certain deadlines set forth in PTO 28 in PTO 28(B) and 28(C) [DE 17567, 17639].

3.     In PTO 28(C), the Court established a deadline of June 6, 2014 to file objections to the Global Fee Petition.

4.     The Homebuilders object to the Global Fee Petition as being premature until such time as the Court has established a procedure to determine which homebuilders qualify for the "actively pursued this litigation" category under Section 14.7 of the Banner Settlement and Paragraph 3 of the Second Amended Banner Allocation Plan, which limit the potential award of attorneys' fees attributable to such homebuilders to a maximum of 10%.  In fact, the Homebuilders believe that the common benefit fees and expense percentage for this category of homebuilders should be substantially less than 10%, if not zero.  At most, the common benefit fee percentage should be more in line with what the Court awarded as a common benefit fee percentage in the *Vioxx* litigation.  The Homebuilders believe that the Court should establish a procedure for the parties to brief the issue of an appropriate common benefit fee percentage in due course.

5.     The Homebuilders further object to the extent that the Global Fee Petition seeks more than 15% of the Settlement Funds out of the Global MDL Settlement for "common benefit fees, and reimbursement of reasonable expenses, excluding the cost of notice" in accordance with Paragraph 16.6 of the Global MDL Settlement and Paragraph 4 of the Second Amended Settlement Allocation Plan for Settlement Involving Builders, Installers, Suppliers and Participating Insurers.  In fact, the Homebuilders believe that the common benefit fees and expense percentage should be

3

substantially less than 15%, if not zero percent for actively litigating homebuilders.  At most, the common benefit fee percentage should be more in line with what the Court awarded as common benefit fees in the *Vioxx* litigation.  The Homebuilders believe that the Court should establish a procedure for briefing the issue of an appropriate common benefit fee percentage in due course.

6.     The Homebuilders further object on grounds that the Global Fee Petition is premature until such time as Court considers whether a recovery from the Global MDL Settlement's Attorneys' Fees Set Aside should be precluded or limited to the extent the recovery relates to a home that was repaired by a homebuilder that "actively pursued this Litigation" and/or "whose homeowner did not actively pursue Litigation" in accordance with footnote 1 of the Second Amended Settlement Allocation Plan for Settlement Involving Builders, Installers, Suppliers and Participating Insurers.  The Court should establish a procedure for determining this issue, and for homebuilders to argue whether they qualify under either of these categories, prior to resolving the Global Fee Petition.

7.     The Homebuilders further object on grounds that the Global Fee Petition seeks to recover fees in connection with homes that the Homebuilders already remediated or had agreed to remediate without any involvement by the PSC or other plaintiff homeowners' counsel.  In fact, on multiple occasions early on in this litigation, the PSC sought unsuccessfully to prohibit Homebuilders from remediating these homes.

8.     The Homebuilders further object to the Global Fee Petition on grounds that it is premature until such time as all claimants have received settlement distributions through the various pending MDL settlements.

9.      The Homebuilders further object to the Global Fee Petition as being premature because the Court has yet to establish a procedure for counsel for other claimants (*i.e.*, non-plaintiff homeowners), who were not subject to the requirements of PTO Nos. 9, 9A, 28, 28B and 28C (including counsel for various homebuilders who provided substantial common benefit work leading up to the entry of certain of the MDL settlements), to seek common benefit fees out of the various attorneys' fees funds established by the various MDL settlements.[2]   The Plaintiffs' Steering Committee and Fee Committee concede as much in their brief.   [DE 17687-3 at p. 11] ("The amounts requested herein, which cannot be completely quantified at this point given certain determinations that will be made in the future, will be used to compensate all counsel involved in the Chinese Drywall litigation – the PSC Members, other common benefit attorneys, and individually retained counsel.")

10.     The Homebuilders further object to the Global Fee Petition on grounds that all of the supporting time and expense records have been filed under seal; therefore, the Homebuilders do not have the ability to assess the reasonableness of the time and expense incurred and/or the proposed hourly rates sought.

**WHEREFORE,** for all the foregoing reasons, the Various Homebuilders respectfully object to the Global Fee Petition.

---

[2] The Homebuilders Steering Committee raised this issue with the Court upon receipt of PTO 28.  During a telephone conference with the Court on February 24, 2014 about this issue, the Court advised the PSC and HSC that it did not want to consider anything related to common benefit fees until all claimants had received their MDL settlement distributions.

Dated:     June 6, 2014         Respectfully submitted,

**GREENBERG TRAURIG, P.A.**
*Counsel for Lennar Corporation; Lennar Homes, LLC f/k/a Lennar Homes, Inc.; and U.S. Home Corporation*
333 S.E. 2nd Avenue, Suite 4400
Miami, Florida 33131
Telephone: (305) 579-0500
Facsimile: (305) 579-0717
Email: bassh@gtlaw.com
Email: salkym@gtlaw.com

By:   /s/ Hilarie Bass
      Hilarie Bass
      Florida Bar No. 334323
      Mark A. Salky
      Florida Bar No. 058221
      Adam M. Foslid
      Florida Bar No. 682284

**GREENBERG TRAURIG, P.A.**
*Counsel for Meritage Homes Corporation; Meritage Homes of Florida, Inc. and Meritage Homes of Texas, LLC*
333 S.E. 2nd Avenue, Suite 4400
Miami, Florida 33131
Telephone: (305) 579-0500
Facsimile: (305) 579-0717
Email: bassh@gtlaw.com
Email: salkym@gtlaw.com

By:   /s/ Hilarie Bass
      Hilarie Bass
      Florida Bar No. 334323
      Mark A. Salky
      Florida Bar No. 058221
      Adam M. Foslid
      Florida Bar No. 682284

**GREENBERG TRAURIG, P.A.**
*Counsel for G.L. Homes of Florida Corporation; Miramar Associates IV, LLLP; Hillsborough County Associates II, LLLP; G.L. Homes of Sunset Lakes Associates, Ltd.; G.L. Homes of Davie Associates II, Ltd.; G.L. Homes of Davie Associates III, Ltd.; Boynton Beach Associates XVI, LLLP*
333 S.E. 2nd Avenue, Suite 4400
Miami, Florida 33131
Telephone: (305) 579-0500
Facsimile: (305) 579-0717
Email: bassh@gtlaw.com
Email: salkym@gtlaw.com

By: ___/s/ Hilarie Bass_____
       Hilarie Bass
       Florida Bar No. 334323
       Mark A. Salky
       Florida Bar No. 058221
       Adam M. Foslid
       Florida Bar No. 682284

**GREENBERG TRAURIG, P.A.**
*Counsel for Toll Estero Limited Partnership and Toll Bros., Inc.*
333 S.E. 2nd Avenue, Suite 4400
Miami, Florida 33131
Telephone: (305) 579-0500
Facsimile: (305) 579-0717
Email: bassh@gtlaw.com
Email: salkym@gtlaw.com

By: ___/s/ Hilarie Bass_____
       Hilarie Bass
       Florida Bar No. 334323
       Mark A. Salky
       Florida Bar No. 058221
       Adam M. Foslid
       Florida Bar No. 682284

**GREENBERG TRAURIG, P.A.**
*Counsel for GH Vero Beach Development, LLC*
333 S.E. 2nd Avenue, Suite 4400
Miami, Florida 33131
Telephone: (305) 579-0500
Facsimile: (305) 579-0717
Email: bassh@gtlaw.com
Email: salkym@gtlaw.com

By:   /s/ Hilarie Bass
        Hilarie Bass
        Florida Bar No. 334323
        Mark A. Salky
        Florida Bar No. 058221
        Adam M. Foslid
        Florida Bar No. 682284


**SIVYER BARLOW & WATSON, P.A.**
*Counsel for Taylor Morrison, Inc.; Taylor
Morrison of Florida, Inc.; Taylor Morrison
Services, Inc.; Taylor Woodrow Communities
at Vasari, L.L.C.*
401 E. Jackson Street, Suite 2225
Tampa, Florida  33602
Telephone:  (813) 221-4242
Facsimile:  (813) 227-8598
Email: nsivyer@sbwlegal.com


By:  /s/ Neal A. Sivyer
        Neal A. Sivyer
        Florida Bar No. 373745

**SIVYER BARLOW & WATSON, P.A.**
*Counsel for The Ryland Group, Inc.*
401 E. Jackson Street, Suite 2225
Tampa, Florida  33602
Telephone:  (813) 221-4242
Facsimile:  (813) 227-8598
Email: nsivyer@sbwlegal.com


By:  /s/ Neal A. Sivyer
        Neal A. Sivyer
        Florida Bar No. 373745

8

**CARLTON FIELDS JORDEN BURT, P.A.**
*Counsel for KB HOME Tampa LLC, KB HOME Florida LLC, KB HOME Treasure Coast LLC, KB HOME Jacksonville LLC, KB HOME Orlando LLC, KB HOME Fort Myers LLC, KB HOME/Shaw Louisiana LLC*
Corporate Center Three at International Plaza
4221 West Boy Scout Blvd., Suite 1000
Tampa, Florida  33607-5736
Telephone:     (813) 223-7000
Facsimile:      (813) 229-4133
E-mail:  lhough@cfjblaw.com
E-mail:  msmith@cfjblaw.com
E-mail:  mallen@cfjblaw.com


By:    /s/ Mark A. Smith
         Lannie D. Hough, Jr.
         Florida Bar No.  0149470
         Mark A. Smith
         Florida Bar No:  0022033
         D. Matthew Allen
         Florida Bar No. 866326

**HILL, WARD & HENDERSON, P.A.**
*Counsel for Standard Pacific of South Florida, Standard Pacific of South Florida GP, Inc., Standard Pacific of Tampa GP, Inc., HWB Construction, Inc., Standard Pacific Homes d/b/a Standard Pacific of Colorado, Inc. and Standard Pacific of Southwest Florida GP, Inc.*
101 East Kennedy Boulevard, Suite 3700
Tampa, Florida  33602-2231
Tel: (813) 221-3900
Fax: (813) 221-2900
E-Mail: rcafaro@hwhlaw.com


By:   /s/ Rocco Cafaro
         Rocco Cafaro
         Florida Bar No. 507121

9

**CARLTON FIELDS JORDEN BURT, P.A.**
*Counsel for M/I Homes, Inc. and its*
*subsidiaries and affiliates*
Corporate Center Three at International Plaza
4221 West Boy Scout Blvd., Suite 1000
Tampa, Florida  33607-5736
Telephone:     (813) 223-7000
Facsimile:      (813) 229-4133
E-mail:   jfuente@cfjblaw.com
E-mail:   mallen@cfjblaw.com


By:   */s/ Jaret J. Fuente*
        Jaret J. Fuente
        Florida Bar No. 0146773
        D. Matthew Allen
        Florida Bar No. 866326

**CARLTON FIELDS JORDEN BURT, P.A.**
*Counsel for Florida Home Partnership, Inc. for*
*purposes of this objection*
Corporate Center Three at International Plaza
4221 West Boy Scout Blvd., Suite 1000
Tampa, Florida  33607-5736
Telephone:     (813) 223-7000
Facsimile:      (813) 229-4133
E-mail:   jfuente@cfjblaw.com


By:   */s/ Jaret J. Fuente*
        Jaret J. Fuente
        Florida Bar No. 0146773

10

**<u>CERTIFICATE OF SERVICE</u>**

I HEREBY CERTIFY that on June 6, 2014, this document has been served on Plaintiffs' Liaison Counsel, Russ Herman, Esq., and Defendants' Liaison Counsel, Kerry Miller, Esq., Homebuilders' Liaison Counsel, Dorothy Wimberly, Esq., and Insurer Defendants' Liaison Counsel, Judy Y. Barrasso, Esq., by U.S. mail and/or email or by hand delivery and I electronically filed the foregoing document with the Clerk of the Court using CM/ECF and upon all parties by electronically uploading the same to Lexis/Nexis File & Serve in accordance with Pretrial Order No. 6.

/s/ Hilarie Bass
Hilarie Bass

11