UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: CHINESE-MANUFACTURED DRYWALL PRODUCTS LIABILITY LITIGATION | MDL NO. 2047 |
| | SECTION: L |
| | JUDGE FALLON |
| THIS DOCUMENT RELATES TO ALL CASES | |
| | MAG. JUDGE WILKINSON |

**PETITION OF ALTERS LAW FIRM, P.A. FOR REIMBURSEMENT OF COMMON BENEFIT FEES, ASSESSMENTS AND EXPENSES NOT INCLUDED IN THE PSC'S GLOBAL JOINT FEE PETITION, PURSUANT TO PRETRIAL ORDER NOS. 28 & 28(C) AND FOR LEAVE TO FILE SUPPORTING DOCUMENTATION UNDER SEAL; OR IN THE ALTERNATIVE, FOR LEAVE TO FILE AFFIDAVITS AND SUPPORTING DOCUMENTATION OUT OF TIME PURSUANT TO PRETRIAL ORDER NO. 28**

PURSUANT TO Paragraph 7 of Pre-trial Order ("PTO") 28 (as modified by PTO 28(C)), Jeremy W. Alters, Esq. and Alters Law Firm, P.A., through undersigned counsel, ("Petitioner"), files this Petition for reimbursement of common benefit fees, assessments, and expenses not included in the Plaintiffs' Steering Committee's Global Joint Fee Petition, [Dkt. Ent. 17687], and for leave to supplementally file the required affidavits and supporting documentation under seal; or in the alternative, respectfully moves this Court for leave to file the required affidavits and supporting documentation under seal and out of time should the Court not agree that Paragraph 7 of PTO 28 applies to the Alters Law Firm's request for reimbursement and that such request was instead subject to Paragraph 6 of PTO 28 (as modified by PTO 28(C)).; and in support thereof, respectfully states the following:

1. Jeremy Alters, Esq, partner and shareholder of Alters Law Firm, P.A. (formerly known as Alters, Bold, Brown, Rash & Culmo, P.A.),[1] was at the forefront of the Chinese Drywall litigation, filing some of the first cases in the country on this subject and having hundreds of affected clients (and approximately 150 filed cases) at the time the MDL was created by the Judicial Panel on Multidistrict Litigation in June 2009.

2. Mr. Alters was selected by the PSC to be "of counsel" to the PSC after its formation; was appointed by this Court to the Plaintiffs' State/Federal Coordination Committee by PTO 19; and was active in the PSC's other sub-committees.

3. Mr. Alters' then partner, Robert B. Brown, III, was also part of various PSC sub-committees, and the firm's Chinese Drywall litigation division coordinated certain discovery aspects of the litigation at the request of the PSC.[2]

4. The firm's time and expenses from the inception of this litigation through June 2010 were timely and contemporaneously submitted to the Philip Garrett Case Cost Management System, and then audited and accepted at the time of submission.

5. In June 2010, Mr. Brown left Mr. Alters' firm and became a partner at Baron & Budd, opening a Miami, Florida office for that firm with a specific emphasis on the Chinese Drywall litigation.[3]  At the same time, Mr. Alters transferred day to day work on the drywall cases, and Alters' Chinese Drywall litigation division, to Baron & Budd under a co-counsel agreement.

---

[1] Alters, Boldt, Brown, Rash & Culmo, P.A. became known as Alters Law Firm, P.A. in July 2010.
[2] Further detail of Mr. Alters' and the firm's specific work for the PSC and common benefit is detailed in the required affidavits and supporting memorandum and documentation to be filed under seal.
[3] Mr. Brown has since left Baron & Budd, as well.

6.	Thus, the people at the Alters Law Firm charged with the day to day monitoring of this litigation were no longer with the firm, and Mr. Alters and the firm ceased to be involved with the PSC on a day to day basis as of July 2010.  Although, Mr. Alters and the firm ceased their routine involvement and work with the PSC following the transition of Mr. Brown to Baron & Budd, Mr. Alters and the firm made substantial contributions to the PSC and the litigation in general from the inception of these cases through June 2010, as will be detailed in the accompanying affidavits and supporting documentation.

7.	The PSC's Fee Committee was instructed to file a Joint Fee Petition, pursuant to the Court's PTO 28 of January 10, 2014, to include requests for reimbursement of assessments, common benefit fees and expenses.  [Dkt. Ent. 17379].  The deadline for filing this Petition was initially set for April 8, 2014; but was extended to May 16, 2014 through PTO 28(C). [Dkt. Ent. 17639, ¶ 1].

8.	Moreover, Paragraph 7 of PTO 28 authorized an applicant to seek a separate award of reimbursement for common benefit fees and expenses "provided the applicant has: (1) complied fully with Pre-Trial Order No. 9, (2) met and conferred in advance of filing a separate fee petition with Philip Garrett and the [Fee Committee]; and (3) seeks common benefit attorneys' fees or reimbursement for items not covered by the Joint Fee Petition."  [Dkt. Ent. 17379], ¶ 7].  The deadline for such requests was extended to June 6, 2014 by PTO 28(C).  [Dkt. Ent. 17639, ¶ 2].

9.	PTO 28 requires the submission of affidavits related to requests for reimbursement/allocation of common benefit fees, assessments and expenses as well as a supporting memorandum, and time records and expenses with backup invoices and bills, with at least the "Initial Affidavit" to be filed under seal.  [Dkt. Ent. 17379, ¶¶ 4–7 & n.5]. Moreover,

the Fee Committee's Motion to File All Affidavits (Initial and Second Affidavits) Received Pursuant to Pre-Trial Order No. 28 Under Seal, [Dkt. Ent. 17685], was granted by this Court through its Order entered on May 16, 2014.  [Dkt. Ent.. 17690].

10. Unfortunately, PTO 28 was not seen by Mr. Alters until Baron & Budd noticed that no request was made by the firm under the PSC's Joint Fee Petition, filed by the May 16, 2014 deadline, and alerted Mr. Alters.  After reviewing PTO 28 and 28(C), it appeared that a proper petition for the reimbursement of assessments, common benefit fees and expenses could still timely be made in accordance with Paragraph 7 of PTO 28 (as modified by PTO 28(C) with a deadline of June 6, 2014), as Mr. Alters and his firm were no longer active in the day to day litigation and matters of the PSC, and the Fee Committee did not account for the firm's time and expenses in the Joint Fee Petition.[4]

11. Alters Law Firm has subsequently re-audited its prior time and expense submissions and, after undersigned spoke with Philip Garrett about this Petition, is/has concurrently re-submitted its prior submissions to the Philip Garrett Case Cost Management System.

12. Furthermore, undersigned conferred with Fee Committee member and Lead Counsel Arnold Levin via email about this Petition, who instructed undersigned to review PTO 28 for the proper protocol and to self-audit the firm's hours and expenses for true common benefit work, and to file an appropriate motion for any late filing.

13. Undersigned and the firm aver that they have complied with the instructions of both Mr. Garrett and Mr. Levin, and although the prior submissions were previously reviewed

---

[4] Alters Law Firm has expended common benefit time and incurred expenses at the direction of the PSC, and also was subject to a partially reimbursed assessment by the PSC.

and accepted, Alters Law Firm further avers its re-audited submissions fully comply with PTO 9. Thus, Petitioner also avers it has complied with the mandates of PTO 28's Paragraph 7.

14. Therefore, Alters Law Firm hereby petitions the Court for reimbursement of its common benefit time, assessments, and expenses pursuant to Paragraph 7 of PTO 28. Furthermore, for the reasons set forth in the Fee Committee's Motion to File All Affidavits (Initial and Second Affidavits) Received Pursuant to Pre-Trial Order No. 28 Under Seal, including accompanying pleadings, Petitioner respectfully requests leave to supplementally file the required affidavits and supporting documentation under seal within three business days of the Court's granting of this request, or within such other time deemed appropriate by the Court.

15. Alters Law Firm in no way wishes to circumvent the Court's orders under PTO 28's Paragraph 6, due to its unintentional oversight of PTO 28, should the Court disagree that Paragraph 7 may apply here. Thus, in the alternative, Alters Law Firm respectfully moves this Court for leave to file the required affidavits and supporting documentation under seal out of time, pursuant to Paragraph 6, so that its reimbursement may still be considered by the Fee Committee and the Court. Should the Court grant this relief, Alters Law Firm shall file such affidavits and supporting documentation under seal within three business days of the Court's Order, or by such other time as may be ordered by the Court.

16. A Proposed Order is attached hereto as Exhibit "A".

WHEREFORE Petitioner respectfully prays that this Petition is granted and that, upon review, this Court enter an Order granting leave to file its supporting affidavits and documentation, as required by PTO 28, under seal within three (3) business days of the Court's Order granting such leave, so that it may use same to approve an award and reimbursement of Petitioner's unreimbursed assessments, common benefit time and expenses pursuant to

Paragraph 7 of PTO 28; or in the alternative that this Court enter an Order allowing Petitioner to file under seal, within three (3) business days, the required affidavits and documentation required by PTO 28 out of time so that they may be considered by the Fee Committee and this Court for the allocation of common benefit fees and reimbursement of common benefit expenses and unreimbursed assessments pursuant to Paragraph 6 of PTO 28; and/or for such other relief the Court deems appropriate.

Dated:  June 6, 2014.

Respectfully Submitted,


By:   */s Matthew T. Moore*
     Matthew T. Moore
     matthew@alterslaw.com
     Florida Bar No.: 70034
     */s Jeremy W. Alters*
     Jeremy W. Alters
     jeremy@alterslaw.com
     Florida Bar No.: 111790


ALTERS LAW FIRM, P.A.
Miami Design District
4141 Northeast 2nd Avenue
Suite 201
Miami, Florida 33137
Telephone:    (305) 571-8550
Facsimile:    (305) 571-8558

## CERTIFICATE OF SERVICE

I hereby certify that on this 6th day of June, 2014 the above and foregoing pleadings has been served upon all counsel of record and all parties by electronically uploading the same to LexisNexis File & Serve in accordance with Pre-Trial Order No. 6, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2047.

By: */s Matthew T. Moore*
Matthew T. Moore
matthew@alterslaw.com
Florida Bar No.: 70034