**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | | |
|---|---|---|
| IN RE: CHINESE-MANUFACTURED | ) | MDL NO. 2047 |
| DRYWALL PRODUCTS LIABILITY | ) | SECTION: L |
| LITIGATION | ) | (2:10-cv-00340) |
| ——————————————————— | ) | |
| | ) | |
| THIS DOCUMENT RELATES TO: | ) | JUDGE FALLON |
| ALL CASES | ) | MAG. JUDGE WILKINSON |
| ——————————————————— | ) | |

**THE STATE OF LOUISIANA'S MEMORANDUM IN SUPPORT OF MOTION TO
PROHIBIT DISPOSAL OF PHYSICAL EVIDENCE BY THE KNAUF DEFENDANTS**

The State of Louisiana ("Louisiana"), through the Honorable James D. ("Buddy") Caldwell, Attorney General of Louisiana, reserving all of Louisiana's rights pursuant to its pending Motion for Remand (Rec. Doc. No. 1636), respectfully submits this Memorandum in Support of Motion to Prohibit Disposal of Physical Evidence by the Knauf Defendants.

**I.     INTRODUCTION**

On April 25, 2014, the Knauf Defendants notified Louisiana that they intend to dispose of physical evidence – namely, 50,000-60,000 boards of never-used, Chinese-manufactured Knauf drywall which Knauf is currently storing at a warehouse in Florida. (Exhibit 1 – Notice of Disposal.) In alleged support of their evidence-disposal plan, the Knauf Defendants cite this Court's Pretrial Order No. 1(I), dated January 24, 2012 [Rec. Doc. 12257]. (*Id.*)

No Court order permits disposal of this valuable evidence. The Order the Knauf Defendants cite applies only to parties seeking damages in connection with defective drywall; it expressly does not apply to the Knauf Defendants' duty to preserve relevant evidence.

Louisiana opposes disposal of this drywall because it is both unique and highly relevant to Louisiana's claims. It is the only known Chinese-manufactured Knauf drywall in existence that was never installed in a building.  As such, it is uniquely well-suited for tests to identify the

source and extent of defects, because it is as close as currently possible to its immediate post-manufacture condition. Moreover, this collection of drywall may permit valuable comparisons between drywall manufactured at different times and factories, helping isolate the defects' causes, identify culpable parties, and determine when those parties knew of defects. Accordingly, this Court should prohibit the Knauf Defendants from carrying out their evidence-disposal plan.

## II.   ARGUMENT

**A.    The Knauf Defendants have a duty – which no Court order absolves – to preserve physical evidence relevant to Louisiana's claims.**

The Knauf Defendants have a duty to preserve evidence that they have "notice . . . is relevant to litigation." *Collongues v. State Farm Auto. Ins. Co.*, CIV.A. 09-3202, 2010 WL 103878 at *2 (E.D. La. Jan. 7, 2010); *see also Robertson v. Frank's Super Value Foods, Inc.*, 7 So. 3d 669, 675 n. 3 (La. App. 5 Cir. 1/13/09) ("The duty to preserve evidence arises from the foreseeability of the need for the evidence."). Louisiana has informed the Knauf Defendants that the drywall they plan to dispose of is relevant to Louisiana's claims, for the obvious reasons discussed below. Accordingly, the Knauf Defendants have a duty to preserve the drywall.

Nevertheless, the Knauf Defendants claim that this Court's Pretrial Order No. 1(I), dated January 24, 2012 [Rec. Doc. 12257] somehow absolves them of their preservation duties, giving them the right to dispose of this drywall following 30 days' notice to Louisiana. (*See* Exhibit 1 – Notice of Disposal.) They are wrong. By its express terms, Pretrial Order No. 1(I) does not apply either to the Knauf Defendants or to the unused drywall they intend to dispose of:

> D.    This [Order] *only applies to those Preserving Parties that intend to seek recovery for damages in connection with repairs to properties that contain allegedly defectively Chinese-manufactured drywall*, or recovery for damages to personal property contained in such a property, or personal injury from allegedly defective Chinese-manufactured drywall.

E.      Consistent with Pre-Trial Order No. 1(B), this Order *pertains only to preservation of physical evidence in properties with allegedly defective Chinese-manufactured drywall that have been or will be repaired* . . . .

(*See* Pretrial Order No. 1 (I), dated January 24, 2012 [Rec. Doc. 12257] at ¶¶ D-E.)  The Knauf Defendants are not parties "seek[ing] recovery for damages in connection with repairs to properties that contain allegedly defectively Chinese-manufactured drywall . . . ." They are the opposite. And the drywall they plan to dispose of is not "physical evidence in properties with allegedly defective Chinese-manufactured drywall that have been or will be repaired . . . ." Instead, as explained below, it is drywall that has never been installed in any property, maintained by Knauf in a warehouse in Florida. Thus, this Pretrial Order provides no basis for the Knauf Defendants' plan to dispose of this highly relevant evidence.

In sum, the Knauf Defendants have a legal duty to preserve evidence relevant to Louisiana's claims, including the drywall they plan to dispose of. No Court order absolves them of that duty. Accordingly, this Court should prohibit them from carrying out their plan to dispose of this drywall.

**B.      The drywall at issue is unique and highly relevant to Louisiana's claims.**

As discussed, The Knauf Defendants have a duty to preserve foreseeably relevant evidence. *Collongues*, 2010 WL 103878 at *2; *Robertson*, 7 So. 3d at 675 n. 3. Evidence is relevant if it has any tendency to make a fact of consequence more or less probable than it would be without the evidence. Fed. R. Evid. 401; La. Code Evid. 401.

The drywall the Knauf Defendants intend to dispose of is relevant to Louisiana's claims. It is the only known collection of unused Chinese-manufactured Knauf drywall in existence.[1] As

---

[1]      Counsel for the Knauf Defendants confirmed as much in a phone call with Louisiana's counsel, David Black, and did not refute the fact when Mr. Black sent a follow-up email confirming the phone conversation. (Exhibit 2 – Emails between D. Black and K. Spaulding, dated May 6-28, 2014); *see also* Exhibit  3 – Declaration of J. Chimento ¶ 4.

such, it is uniquely suited for defect testing because any such testing would not be compromised by confounding factors introduced during or after installation. Further, having never been installed (see note 1 *supra*), this drywall is as close to its immediate post-manufacture condition as currently possible.  That is significant because Louisiana's Products Liability Act, on which Louisiana's claims are partly based, requires that parties alleging that a product was "unreasonably dangerous in construction or composition" demonstrate that the "characteristic of the product that renders it unreasonably dangerous . . . exist[ed] at the time the product left the control of its manufacturer or result[ed] from a reasonably anticipated alteration or modification of the product." La. Rev. Stat. Ann. § 9:2800.54. If these never-used boards are defective in the same way as installed boards, that will be important evidence that the defect existed "at the time the product left the control of its manufacturer."

Finally, this collection of drywall potentially provides a unique opportunity to compare defects in Chinese drywall manufactured at different times and in different factories. As explained by Environmental Scientist Jeff Chimento in the attached declaration, the drywall boards in this warehouse are labeled with their date and place of manufacture. (Exhibit 3 – Declaration of J. Chimento ¶¶ 5-6.) A comparison of defects in drywall manufactured at different times and in different factories may provide valuable evidence regarding the source and prevalence of defects, as well the party or parties responsible for them. Of course, given the sheer quantity of the boards in this warehouse and the way they are stored – in floor to ceiling stacks – pulling the boards out to compare their places and dates of manufacture and analyze them for defects will be an enormous task which cannot be completed through a single inspection. (*See* Exhibit 3 – Declaration of J. Chimento ¶¶ 4-6.)

The Knauf Defendants contend that this drywall is irrelevant to Louisiana's claims because it was not shipped to Louisiana or used in Louisiana properties. (Exhibit 2 – Emails between D. Black and K. Spaulding, dated May 6-28, 2014.) But the fact that this drywall is in Florida instead of Louisiana is beside the point; it is still the same type of drywall that was used in Louisiana homes and businesses. As Mr. Chimento has explained, "Chinese drywall sold in Florida by Knauf was manufactured at approximately the same time and by the same manufacturers as drywall sold by Knauf in Louisiana." (Exhibit 3 – Declaration of J. Chimento ¶ 7.) Moreover, the fact that this drywall was never installed does not render it irrelevant – if anything, that characteristic makes this drywall uniquely valuable and relevant, for the reasons explained above.

Accordingly, because this drywall is relevant to Louisiana's claims, this Court should order the Knauf Defendants to continue to preserve it.

**C.    If the Knauf Defendants are allowed to dispose of this drywall, Louisiana must first be allowed to conduct comprehensive discovery regarding this drywall.**

Upon receiving the Knauf Defendants' Notice of Disposal, Louisiana asked them to provide information about the drywall, including a description of what is held in the Florida warehouse; the date and place the drywall was manufactured; the ports from and to which the drywall was shipped; and documents concerning the drywall. (Exhibit 2 – Emails between D. Black and K. Spaulding, dated May 6-28, 2014.) The Knauf Defendants refused to provide anything more than a cursory description of the warehouse and drywall, arguing that Louisiana's requests are more appropriate for the discovery phase of Louisiana's case. (*Id.*) Of course, by the time the case enters the discovery phase, the Knauf Defendants will have already disposed of the drywall if they are allowed to proceed as planned.

LEGAL122271859.1

As explained above, the Knauf Defendants should not be allowed to dispose of this drywall while Louisiana's case is pending. If, however, the Court permits disposal before Louisiana's case resolves, Louisiana must first be allowed to conduct full fact and expert discovery regarding this drywall – including document discovery, interrogatories, depositions, inspections, sampling, testing, expert opinions, and rebuttal expert opinions. In short, the Knauf Defendants must not be allowed to dispose of this drywall until all parties have said their last pretrial word concerning this drywall.

### III.   CONCLUSION

The Knauf Defendants' purported Notice of Disposal of Physical Evidence is improper. The Pretrial Order they cite in support does not apply to them or to the evidence they plan to dispose of. The drywall at issue is uniquely valuable and highly relevant to Louisiana's claims. As such, the Knauf Defendants have a legal duty to preserve it. Therefore, this Court should prohibit the Knauf Defendants from carrying out the threatened evidence disposal.

Respectfully submitted,

**JAMES D. "BUDDY" CALDWELL**
**LOUISIANA ATTORNEY GENERAL**

James Trey Phillips, BarRoll# 19978
Sanettria Glasper Pleasant, BarRoll# 25396
L. Christopher Styron, BarRoll# 30747
Assistant Attorneys General
**LOUISIANA DEPARTMENT OF JUSTICE**
1885 North Third Street
Post Office Box 94005
Baton Rouge, Louisiana 70804-9005
Telephone: (225) 326-6000
Facsimile: (225) 326-6499

**Usry, Weeks & Matthews, APLC**
T. Allen Usry, BarRoll# 12988
Trial Attorney
John F. Weeks, II, BarRoll# 13309

1615 Poydras St., Ste. 1250
New Orleans, LA  70112
(504) 592-4600

**Shows, Cali & Walsh, LLP**
E. Wade Shows, BarRoll# 7637
Trial Attorney
John C. Walsh, BarRoll# 24903
628 St. Louis St.
P. O. Drawer 4425
Baton Rouge, LA  70821
(225) 346-1461

   s/  David L. Black
**Perkins Coie, LLP**
David L. Black
Craig M. J. Allely
1900 Sixteenth Street, Suite 1400
Denver, CO  80202
(303) 291-2300

COUNSEL FOR THE STATE OF LOUISIANA

## CERTIFICATE OF SERVICE

I hereby certify that the above and foregoing State of Louisiana's Memorandum in Support of Motion to Prohibit Disposal of Physical Evidence by the Knauf Defendants has been served on Plaintiffs' Liaison Counsel, Russ Herman; Defendants' Liaison Counsel, Kerry Miller; Homebuilders' Liaison Counsel, Dorothy Wimberly; and Insurance Liaison Counsel, Judy Y. Barrasso, all by e-mail and upon all parties by electronically uploading the same to Lexis Nexis File & Serve in accordance with Pretrial Order No. 6, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2047, on this 9th day of June, 2014.

   s/ David L. Black
(Signature of Filing Attorney)

LEGAL122271859.1