IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: CHINESE MANUFACTURED DRYWALL PRODUCTS LIABILITY LITIGATION | * * * * | MDL NO. 2047<br><br>Section L |
| This Document Relates to<br>Germano, et al. v. Taishan Gypsum Co., Ltd. f/k/a Shandong Taihe Dongxin Co. Ltd., et al. Case No. 2:09-cv-6687 (E.D. La.) | * * * | JUDGE: FALLON<br>MAGISTRATE JUDGE WILKINSON |

### VENTURE SUPPLY, INC. AND THE PORTER-BLAINE CORPORATIONS' MEMORANDUM IN OPPOSITION TO PSC'S MOTION RELATING TO DESTRUCTION OF PHYSICAL EVIDENCE

Venture Supply, Inc. ("Venture") and The Porter-Blaine Corporation ("PB"), by counsel, submit the following memorandum in opposition to the PSC's motion relating to the destruction of physical evidence. (Docket No. 17723)

### BACKGROUND

Venture and PB, through their insurer, have been paying rental fees for a number of years on a storage unit in Virginia Beach to store approximately twenty sheets of drywall imported from Taishan. The PSC, including its local representative, Richard Serpe, Esquire, along with Taishan's counsel and other counsel have long been aware of this storage. The PSC has accessed the facility a number of times to photograph and take samples of the drywall. (E.g., Exhibit A).

In October, 2012, around the time of their settlement with the PSC, Venture and PB notified the PSC, Taishan's counsel and local Virginia counsel of their desire to dispose of these

drywall sheets.  (Exhibit B).  As noted above, all parties had been aware of and had access to these sheets and maintaining them was an unnecessary burden and cost for Venture and PB.

The PSC's initial response through Virginia counsel was that it would take control of the sheets and Venture and PB notified Taishan's counsel of this.  (Exhibit C).  Thereafter, in December, 2012, the PSC advised that it no longer wanted all of the sheets, but requested four sheets for testing.  (Exhibit D).  As a result, Venture and PB then filed its first Notice of Disposal of these drywall sheets in this Court on December 20, 2012 (Docket No. 16455).[1]  The only objection Venture and PB received was from the PSC (Exhibit E).  Counsel exchanged further communications on this. (Exhibit F).  Basically, the PSC wanted to wait until the settlements had been approved by this Court.

Long after settlement approval, Venture and PB again contacted the PSC about the sheets.  The PSC's response was that Venture and PB, or its insurers, had a subrogation action against Taishan and, contrary to the earlier offer, the PSC said that Venture and PB should continue to store the sheets at their own expense.  (Exhibit G).  Venture and PB then informed the PSC that there were no subrogation actions being pursued and again requested that either the PSC take the sheets or allow Venture and PB to dispose of the sheets.[2]  (Exhibit H).

---

[1] It is not exactly clear if the preservation order actually applies to Venture and PB, as noted in the State of Louisiana's recent filing. However, out of an abundance of caution and with due respect to this Court, Venture and PB attempted to follow the Court's guidelines.

[2] The PSC's reference in its motion that counsel for Venture and PB was active in the pursuit of then pending claims against Taishan, including attending the depositions in Hong Kong, is a red herring.  At the time of that discovery, Venture and PB had active third-party claims against Taishan and were pursuing two default judgments, which were obtained after service under the Hague Convention.  As part of the settlements with the PSC, Venture and PB assigned their interests in these defaults to the PSC's clients.  Orders reflecting these are being forwarded to the relevant courts for entry.  (See for example attached Exhibit I).

Having heard no response, Venture and PB filed its current Notice of Disposal. (Docket No. 17706). The PSC and counsel for Venture and PB have exchanged emails on this Notice (Exhibit J). Apparently, as a result of these communications the PSC filed the instant motion.

## ARGUMENT

The PSC may have the drywall, as long as this Court's preservation Order is followed. Taishan may have the drywall under the same condition. Any party may have the drywall. It is not necessary that the storage unit be turned over to the PSC or Taishan – either one can simply take possession of the sheets.[3]

Forcing Venture and PB, through their insurer, to continue to be responsible for storing these sheets in a storage facility is simply unfair. The settlement involving Venture, PB and its insurers was approved by this Court over one year and four months ago (January 17, 2013) and all further proceedings against Venture and PB with respect to Chinese Drywall have been stayed and enjoined since that time. (Docket No. 16516). Venture and PB have been actively seeking to dismiss all remaining pending claims against them even though the PSC was to have this done over one year ago. As a result of the effort by Venture and PB to secure these dismissals despite the PSC's clear obligations to do so, only a few state cases remain pending, subject to the circulation of dismissal orders.

Venture, PB and their insurer wish to close this matter and have no interest in the sheets, other than complying with this Court' preservation order. The PSC, through its almost two hundred clients in Virginia, have an ample trove of Taishan's Chinese drywall should it desire

---

[3] It is not clear to Venture and PB why anyone would still want the sheets. The PSC has done all the testing it presumably needs and submitted results of that testing to the Court in the *Germano* default judgment hearing. It also did further testing in preparation for state court Virginia actions. It is assumed that Taishan has all the access it needs to its drywall.

more sheets.  However, the plain fact is that the PSC can have the twenty odd sheets that are currently in the storage facility.

The PSC initially said that it would take the sheets.  Then it declined to do so, although it has taken a number of sheets already.  Its offer to have Venture, PB and their insurer to continue to remain responsible for a storage facility and perhaps be reimbursed by the PSC for those costs interjects Venture, PB and their insurer into a needless administrative task and burden.  The PSC has not and cannot answer the question of why it will not just take the sheets if it thinks they are needed for further proceedings with Taishan.  There will be no further actions between the PSC and Venture and PB and these parties should be relieved of the burden of preserving evidence for the pursuit by PSC of its actions against Taishan (or against any of the other Chinese companies that it has sued).

WHEREFORE, Venture and PB request that the Court deny the PSC's motion.

Respectfully submitted,

_____/s/ Kenneth F. Hardt_____

Mark C. Nanavati (VSB #38709)
mnanavati@snllaw.com
Kenneth F. Hardt (VSB #23966)
khardt@snllaw.com
SINNOTT NUCKOLS & LOGAN, P.C.
13811 Village Mill Drive
Midlothian, Virginia 23114
PH:    (804) 378-7600
FAX:   (804) 378-2610
*Counsel for Venture Supply Inc. and The Porter-Blaine Corporation*
*MDL 2047*

## **CERTIFICATE OF SERVICE**

  I hereby certify that the above and foregoing has been served on Plaintiffs' Liaison Counsel, Leonard A. Davis and Defendants' Liaison Counsel, Kerry Miller, by U.S. Mail and e-mail or by hand delivery and e-mail and upon all parties by electronically uploading the same to LexisNexis File & Serve in accordance with Pre-Trial Order No. 6, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2047, on this 10th day of June, 2014.

         /s/ Kenneth F. Hardt
        Kenneth F. Hardt (VSB #23966)
        SINNOTT NUCKOLS & LOGAN, P.C.
        13811 Village Mill Drive
        Midlothian, Virginia 23114
        PH: (804) 378-7600
        FAX: (804) 378-2610
        khardt@snllaw.com