# EXHIBIT F

# Sinnott Nuckols & Logan, PC

### ATTORNEYS AT LAW

(804) 378-7600 Ext. 3311                                                                      khardt@snllaw.com

January 4, 2013

VIA EMAIL
Leonard A. Davis, Esquire
Herman, Herman, Katz & Cotlar, LLP
820 O'Keefe Avenue
New Orleans, LA 70113

**RE:   Chinese Drywall MDL 2047 – Germano action – Disposal of Drywall**

Dear Lenny:

Happy New Year to you and thank you for your letter of January 3rd relating to the Notice of Disposal. However, I believe that the right hand has not been made aware of what the left hand is doing.

Given the proposed settlement of claims against my client by its insurance carrier, which has been submitted for approval, my client and its carrier no longer wish to incur the storage charges associated with the approximate 40 sheets of drywall imported from Taishan. Therefore, in October I contacted Richard Serpe, a member of the PSC, and suggested our desire to do something with the drywall. In late November we were told that the PSC was interested in taking over the storage unit. We sent the storage information to the PSC and also contacted Taishan's counsel and the Consumer Product Safety Commission ("CPSC") to inform them of our plans to either dispose of the drywall or turn over control of the drywall to the PSC. Taishan's counsel thanked us for this advance notice and we have heard no response from the CPSC.

In early December, however, we were told that the PSC decided not to take over responsibility for the storage unit. Instead, the PSC requested four sheets of drywall for testing and then one additional sheet. We complied with these requests and we understand that the requested drywall was retrieved from the storage unit by the PSC in early December. In addition, we informed the PSC that counsel representing non-settling defendants in the Virginia actions had requested samples. We believe that those counsel have taken a few sheets for their use in defending their clients.

Leonard A. Davis, Esquire
January 4, 2013
Page 2


Finally, the PSC requested that when we actually take steps to physically remove the drywall from the storage unit that we provide to it notice as it may take control of the sheets themselves and store them at another location. We will be happy to comply with that request.

In any event, my client's carrier is still incurring storage charges. Accordingly, we filed the Notice of Disposal addressed by your letter to give notice to all other interested parties. We also filed a similar notice of disposal in the other Virginia state court actions in which my clients are named as defendants and gave separate notice to all defense counsel in those actions. In addition, we understand that local counsel for my clients in other states have sent similar notices to other counsel in those actions.

The questions raised in your letter, therefore, are somewhat confusing. From the outset of this litigation in Virginia we provided to the PSC access to the drywall and all samples requested. The PSC has been well aware of the samples retained by my client and their location. For example, as early as May, 2010, the DSC coordinated an inspection requested by the PSC of the samples in the storage facility at 3212 Dam Neck Road, Va. Beach, Virginia. That inspection took place with a number of representatives of the PSC in attendance. Needless to say, numerous photographs were taken. The drywall has always been available at that same location for inspection or for samples since that time.

Thereafter, as noted above, given the impending settlement the PSC was recently given advance notice of our desire to dispose of the drywall and representatives from the PSC visited the storage facility twice within the last month to inspect the drywall and obtain samples. If the PSC has changed its mind again and now wishes to take charge of the storage unit, we have no problem with this as long as it is consistent with any applicable preservation requirements of the MDL court or applicable state law. Mr. Serpe's office already has the information on the storage unit and the associated costs, but I enclose another copy of an invoice from the storage company which reflects the location of the drywall and the costs of storage. But as noted above, we are agreeable to the PSC's request of merely turning over the sheets when we physically remove them from the storage unit.

I am happy that our respective clients have entered into a settlement agreement and am sincerely hopeful that it will receive ultimate approval. In the meantime, I request a response as soon as possible as to the PSC's intentions with respect to the stored drywall.

Leonard A. Davis, Esquire
January 4, 2013
Page 3

Please let me know if you have any questions or need further information.

Sincerely,

Kenneth F. Hardt

Enclosure

Cc:    Honorable Eldon E. Fallon
        Russ Herman, Esq.
        Arnold Levin, Esq.
        Fred Longer, Esq.
        Plaintiffs' Steering Committee
        Joe Cyr, Esquire

MAKE CHECK PAYABLE TO
AAAA Self Storage Damneck
3212 Damneck Road
Virginia Beach, VA 23456

(757) 368-4504
www.aaaaselfstorage.com

*Venture Supply Inc,
c/o: C/O: Sam D *Porter
13811 Village Mill Dr
Midothian VA 23114

# INVOICE

Unit     K012
Tenant   102242
Invoice  DN 14393

Invoice Date     November 12, 2012
Due Date         December 19, 2012

Amount Due       208.00

☐ Please check box if address is incorrect
and indicate change. Signature is required
to authorize address changes.

Signature _____
AMOUNT ENCLOSED _____

---

## DETACH AND RETURN TOP PORTION WITH YOUR PAYMENT

| UNIT | DATE | ITEM/SERVICE | AMOUNT | TAX | DUE |
|------|------|--------------|--------|-----|-----|
| K012 | 11/19/2012 | Rent 11/19-12/18 | 104.00 | 0.00 | 104.00 |
| K012 | 12/19/2012 | Rent 12/19-1/18 | 104.00 | 0.00 | 104.00 |
| | | | Subtotal | | 208.00 |
| | | | Taxes | | 0.00 |
| | | | Balance Due | | 208.00 |

Please remit the total due amount of    208.00 to the above address.

## NEW OFFICE HOURS:
### Mon- Fri:  9am - 5:30pm
### Sat: 8am - 4pm
### Sun: 10am-3pm

**Refer your friends and receive $25.00 on your next months rent!*

## "Like" our **DAMNECK-AAAA** page on Facebook
### and receive special coupons and discounts!


received
11/16/12

**From:** Lenny Davis <LDAVIS@hhklawfirm.com>
**Date:** 9 January, 2013 9:56:59 AM EST
**To:** Kenneth Hardt <khardt@snllaw.com>
**Cc:** 'Fred Longer' <FLonger@lfsblaw.com>, "'alevin@lfsblaw.com'" <alevin@lfsblaw.com>, Russ Herman <RHERMAN@hhklawfirm.com>, "Richard J. Serpe" <rserpe@serpefirm.com>
**Subject: RE: Venture drywall**

The PSC would like for venture(and anyone else you are associated with  that has stored materials) to continue to preserve the materials that it has stored during the litigation and pursuant to Judge Fallons preservation orders for some time. We believe that at the present time it is premature for any disposal to occur especially since the proposed settlement has not yet been approved and there are folks that may choose to not participate or may have claims that remain as to the manufacturer of the board (and others) that is presently and has been stored. You have indicated that you have been storing materials and we would expect that you will continue to store all materials on an ongoing basis in the same condition and with no changes whatsoever all in accordance with the courts pretrial orders and so that no alteration of the product occurs. The psc will agree to reimburse you the $110 per month and we will pay that amount to you on an ongoing regular basis as long as the psc desires to have the materials preserved. in addition we will give you at least one month's advance notice should the psc no longer desire to continue paying the monthly cost of $110 before ceasing to pay future months payments. We expect that you will continue to preserve all the materials. Should the psc desire to have access to the materials at any time we will get you advance notice and expect that we will have the ability to have prompt access to the materials. We would be happy to speak to anyone else that desires for you to have the materials preserved and possibly the psc can make accommodations with them to participate with us in reimbursing you for the monthly cost you will be incurring while you continue to preserve.


Leonard A. Davis
Attorney at Law
Herman, Herman & Katz, L.L.C.
Herman  Gerel LLP
820 O'Keefe Avenue
New Orleans, Louisiana 70113
504-581-4892
504-561-6024(fax)

*This e-mail message contains confidential, privileged information intended solely for the addressee. Please do not read, copy, or disseminate it unless you are the addressee. If you have received it in error, please call us (collect) immediately at (504) 581-4892 and ask to speak with the message sender. Also, we would appreciate your forwarding the message back to us and deleting it from your system. Thank you.*

CONFIDENTIAL ATTORNEY WORK PRODUCT


**From:** Kenneth Hardt [mailto:khardt@snllaw.com]
**Sent:** Tuesday, January 08, 2013 7:07 PM
**To:** Lenny Davis
**Cc:** 'Fred Longer'; 'alevin@lfsblaw.com'; Russ Herman
**Subject:** Venture drywall

Lenny....would you let me know what the PSC wants to do with the drywall in storage?  As mentioned in my letter it seems to me that the best options are for either the PSC to take over the $110/month (approximate) cost of the storage unit, or to let us remove it and give the drywall to the PSC to store as it wishes, consistent with any applicable preservation orders or law.  I have heard of no other objection to the disposal, but there may be one defense counsel in Virginia who wishes a couple of sheets for defending their client. Please let me know something as soon as possible.  Thanks...Ken