Knauf Settlement

Claim of William Ritter

## Opinion and Decree

The undersigned conducted a mediation/binding mediation (by telephone conference) among the parties on April 11, 2014. Jim Reeves appeared on behalf of plaintiff William Ritter and Garrett Thalgott appeared on behalf of the Knauf defendants. The undersigned followed up in the weeks after the telephone conference in an attempt to amicably settle the matter. Settlement efforts have failed; therefore the undersigned will make his decision now.

At all pertinent times, William Ritter owned a home in Birmingham, Alabama. When he discovered that his home contained Chinese drywall, he remediated it. He removed and replaced both the kitchen cabinets and wood flooring. Later, on December 20, 2011, the Knauf defendants and the Plaintiffs Steering Committee entered into a class settlement. Mr. Ritter, a member of the Knauf Settlement class, did not opt out. Therefore, he is bound by the terms of the settlement and his recovery is controlled by those terms.

Among other things, the Knauf Settlement defined the protocol for recovery, and the elements of recovery, in a very specific way. The protocol stated that cabinets must be removed, stored, and reinstalled during remediation if possible; cabinets would only be replaced as a last resort. Wood flooring was to remain in place and be protected during remediation.

Mr. Ritter asks to be compensated for cabinets and wood flooring, but he has failed to show that he observed the terms of the Knauf Settlement protocol. Mr. Ritter argues that he was not aware of the protocol when he remediated the home; indeed, the settlement had not yet been finalized. Furthermore, he cites Judge Fallon's opinion in the *Hernandez* case which, if it controlled, might support recovery for the items at issue. However, as stated above, Mr. Ritter's recovery is controlled

EXHIBIT

4

by the Knauf Settlement protocol.  The undersigned is constrained to implement the protocol as written.  Mr. Ritter may not recover for the cabinets and wood flooring.

Based upon the evidence presented by the parties, Mr. Ritter is entitled to $130,567.50.

IT IS HEREBY DECREED that the Knauf defendants pay William Ritter the sum of $130,567.50.

The undersigned's fees and costs will be the subject of a separate decree.


Baton Rouge, Louisiana this 26th day of May

/s Daniel J. Balhoff
Daniel J. Balhoff