UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In re:  CHINESE-MANUFACTURED | * | MDL 2047 |
| DRYWALL PRODUCTS | * | |
| LIABILITY LITIGATION | * | SECTION L |
| | * | |
| | * | JUDGE FALLON |
| This document relates to All Cases | * | |
| | * | MAGISTRATE JUDGE WILKINSON |
| | * | |
| * * * * * * * * * * * * * * * * * * | | |

### BANNER SUPPLY COMPANY POMPANO LLC'S MEMORANDUM IN SUPPORT OF ITS MOTION TO ENFORCE INJUNCTION REGARDING CLAIMS BROUGHT BY PLAINTIFF RALPH MANGIARELLI, JR.

Defendant Banner Supply Company Pompano LLC ("Banner Pompano") files this Memorandum in Support of its Motion to Enforce Injunction Regarding Claims Brought by Plaintiff Ralph Mangiarelli, Jr. ("Plaintiff").

This Court has barred all class members who have not opted out of the Banner entities' class action settlement agreement from prosecuting claims against Banner Pompano. Despite this order from the Court, Plaintiff, who is a class member of the Banner entities' class action settlement agreement and has never opted out of the Banner entities' class action settlement agreement, continues to prosecute his claims arising from or otherwise related to the presence of Chinese drywall against Banner Pompano in the 17th Judicial Circuit of Broward County, Florida in the case captioned Hamburg v. Sixty Fifth and One LLC, Case No. 10-11665. For these reasons, as more fully stated below, the Court should enforce its injunction barring claims by non-opt out plaintiffs against Banner entities and further enjoin Plaintiff from continuing to prosecute his claims against Banner Pompano. Additionally, Banner Pompano should be awarded the fees and costs incurred to prepare this motion.

## I. Background

On March 11, 2010, Plaintiff and others filed a class action complaint in the Circuit Court of the 17th Judicial Circuit of Broward County, Florida against Banner Pompano and others arising out of or otherwise relating to the alleged presence of Chinese drywall at 2421 NE 65th St., Ft. Lauderdale, FL 33308. The class action complaint's caption is abbreviated as "Richard A. Hamburg v. Sixty Fifth and One LLC, Case No. 10-11665." Plaintiff is named as a class representative in the class action complaint. The class action complaint was amended three times, and all three amended complaints contain claims by Plaintiff against Banner Pompano for the presence of Chinese drywall.

Plaintiff purports to represent a class of all condominium owners located at 2401 NE 65th St., Ft. Lauderdale, FL 33308 "who have suffered loss of market value to the discovery of defective Chinese drywall in the sister building, located at 2421 NE 65th Street, Ft. Lauderdale, Florida."[1]

In the summer of 2011, the Banner entities entered into a class action settlement agreement covering a nationwide class. On July 14, 2011, the Court granted preliminary approval of the Banner entities' class action settlement agreement and to amendments of that agreement on August 11, 2011.[2]

On February 7, 2013, the Court issued an Order and Judgment that certified and granted approval of the Banner entities class action settlement agreement[3] with a nationwide class pursuant to Federal Rule of Civil Procedure 23(a), (b)(3) & (e).[4] Consistent with the Banner entities' class action settlement agreement, the Court found that the "Banner Settlement Class consists of: All

---

[1] Exhibit A at p. 5.
[2] Rec. Docs. 9839 & 10064.
[3] Rec. Doc. 10033-3.
[4] Rec. Doc. 16570 at p. 24.

persons or entities with claims, known and unknown, against the Settling Defendants arising from, or otherwise related to, Chinese Drywall purchased from, supplied, distributed, marketed, used, sold and/or delivered by Banner."[5] The Banner entities' class action settlement agreement defines the settlement class as "all persons or entities with claims, known and unknown, against the Settling Defendants arising from, or otherwise related to, Chinese Drywall purchased from, supplied, distributed, marketed, used, sold and/or delivered by Banner."[6]

The Court further found that "[n]otice was disseminated to the Banner Class pursuant to this Court's Order dated August 11, 2011 [Rec. Doc. No. 10064]. All Banner Class Members who did not opt out of the Banner Settlement, or who rescinded their opt-out from the Banner Settlement, in accordance with this Court's previous orders on or before the date of this Order shall be bound by this Judgment."[7]

The Court ordered that "[a]ny and all Banner Class Members, including, but not limited to, those who have not properly opted out of the Banner Class, are enjoined and forever barred from maintaining, continuing, prosecuting, and/or commencing Litigation, Related Actions,[8] Related Claims, or any action, pending or future, against the Banner Settling Defendants that arises from, concerns, or otherwise relates, indirectly or indirectly, to Chinese Drywall."[9]

The deadline to opt out of the Banner entities' class action settlement agreement has passed, and Plaintiff has never opted out.

---

[5] *Id*.
[6] Rec. Doc. No. 10033-3 at p. 2.
[7] Rec. Doc. 16570 at p. 26.
[8] "Related Actions" is defined by the Banner settlement agreement as "state, federal, international tribunal, or arbitration claims against Settling Defendants relating to Chinese Drywall purchased from, supplied, distributed, marketed, used, sold and/or delivered by Banner, including, but not limited to, the matters identified in Exhibit C hereto." Rec. Doc. 10033-3 at p. 5. "Hamburg v. Sixty Fifth & One LLC et. al., Florida Broward County 17th Circuit, 10-11665," the case in which Plaintiff is named as a class representative, is listed on page 11 of Exhibit C to the Banner entities class action settlement agreement.
[9] Rec. Doc. 16570 at p. 25.

On December 3, 2013, Plaintiff's counsel filed and allegedly served Banner Pompano with Plaintiff's Third Amended Class Action Complaint.[10]

## II.  Law and Analysis

It is well settled that a Rule 23(b)(3) class action "bind[s] all class members save those who opt out." *Amchem Prods., Inc. v. Windsor*, 521 U.S. 591, 592 (1997); *Cooper v. Fed. Reserve Bank of Richmond*, 467 U.S. 867, 874 (1984) ("There is of course no dispute that under elementary principles of prior adjudication a judgment in a properly entertained class action is binding on class members in any subsequent litigation."). Similarly, if a class member "fails to opt out by the deadline, he is bound by the court's actions concerning the class, including settlement and judgment." *Klein v. O'Neil, Inc.*, 3-CV-102, 2009 WL 1174638, at *2 (N.D. Tex. April 29, 2009) (citing *Amchem Prods., Inc. v. Windsor*, 521 U.S. at 592-93 and *Reppert v. Marvin Lumber & Cedar Co.*, 359 F.3d 53, 56-57 (1st Cir. 2004)). Therefore, all Banner Class Members who did not opt-out of the Banner entities' settlement agreement are bound by the settlement agreement's terms and the Court's actions concerning the settlement class.

Plaintiff is unequivocally a member of the Banner class action settlement agreement because his claims "aris[e] from, or [are] otherwise related to, Chinese Drywall purchased from, supplied, distributed, marketed, used, sold and/or delivered by Banner."[11] The Court's February 7, 2013 Order and Judgment barred plaintiffs who did not opt out of the Banner entities' class action settlement agreement from prosecuting any claim that "arises from, concerns, or otherwise relates, indirectly or indirectly, to Chinese Drywall"[12] against Banner entities. Because Plaintiff

---

[10] Exhibit A.
[11] Rec. Doc. 10033-3 at p. 2.
[12] Rec. Doc. 16570 at p. 25.

never opted out of the Banner entities' class action settlement agreement, his claims "arising from, or otherwise related to[] Chinese Drywall" against Banner Pompano are barred.

By filing his Third Amended Class Action Complaint against Banner Pompano and continuing to prosecute his case against Banner Pompano in Florida state court, Plaintiff has refused to comply with the Court's February 7, 2013 Order.

### III.     Conclusion

For the foregoing reasons, the Court should enforce its injunction barring claims by non-opt out plaintiffs against Banner entities and further enjoin Plaintiff from continuing to prosecute his claims against Banner Pompano. Additionally, Banner Pompano should be awarded the fees and costs incurred to prepare this motion.

Respectfully submitted,

**PETERSON & ESPINO, P.A.**
*Counsel for Banner Supply Company Pompano, LLC,*
10631 Southwest 88th Street, Suite 220
Miami, Florida  33176
Telephone:  (305) 270-3773
Facsimile:  (305) 275-7410

By:     **/s/  Michael P. Peterson**
Florida Bar No. 982040

### CERTIFICATE OF SERVICE

I hereby certify that the above and foregoing pleading has been served upon Russ Herman, Plaintiffs' Liaison Counsel, by email, and to all parties by electronically uploading the same to LexisNexis File & Serve in accordance with Pre-Trial Order No. 6, and that the foregoing was electronically filed with the Clerk of Court of the United States Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2047, on this 12th day of June, 2014.

By:     **/s/  Michael P. Peterson**