UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: CHINESE-MANUFACTURED DRYWALL PRODUCTS LIABILITY LITIGATION | ) ) ) ) | MDL No. 2047 SECTION: L |
| THIS DOCUMENT RELATES TO: | ) ) | JUDGE FALLON |
| Payton, et.al. v. Knauf Gips, KG, et.al., Case No. 2:09-cv-07628 | ) | MAG. JUDGE WILKINSON |

### RESPONSE OF THE KNAUF DEFENDANTS IN OPPOSITION TO JASON SANTIAGO'S MOTION TO COMPEL KNAUF TO PAY HIS SELF-REMEDIATION CLAIMS IN FULL PER SETTLEMENT AGREEMENT

The Knauf Defendants,[1] by and through undersigned counsel, submit this response in opposition to Jason Santiago's Motion to Compel Knauf to Pay His Self-Remediation Claims in Full Per Settlement Agreement ("Motion to Compel"). As set forth below, Santiago's contentions are unfounded.

**A. Pursuant to the terms of the Harrell Class Settlement Agreement, Santiago is required to deposit his contribution from the Harrell Class Settlement into the Remediation Fund.**

On or about October 30, 2012, Class Counsel for the Plaintiffs in the Harrell class action entered into a settlement agreement with Knauf Defendants for certain homes located in Homestead, Florida ("Harrell Class Settlement Agreement").[2] Pursuant to the terms of the Harrell Class Settlement Agreement:

---

[1] The Knauf Defendants are: Knauf Plasterboard (Tianjin) Co, Ltd.; Knauf Plasterboard (Wuhu) Co., Ltd.; Guandong Knauf New Building Material Products Co., Ltd.; Knauf Gips KG; Gebrueder Verwaltungsgesellschaft KG; Knauf International GmbH; Knauf Insulation GmbH; Knauf UK GmbH; Knauf AMF GmbH & Co.; Knauf do Brasil Ltda.; and PT Knauf Gypsum Indonesia.

[2] The Harrell Class Settlement Agreement will be made available for in camera review should the court deem it necessary.

> [H]omeowners will assign the following amounts of their contribution from third parties to the Remediation Fund: $12 psf if the homeowner selects the Cash Option, and $12 psf if the homeowner selects the Remediation or Self Remediation Option.

Harrell Class Settlement Agreement, at (A)(3).  As acknowledged by Santiago's counsel, Santiago's property covered by the Harrell Class Settlement Agreement.[3]  Since Santiago chose the Self-Remediation Option in the Knauf Class Settlement Agreement, he is required to pay $12 per square foot of his contribution from third parties to the Remediation Fund established by the Knauf Class Settlement Agreement.[4]  Additionally, Santiago's counsel acknowledged that Santiago is required to pay attorneys' fees under the Harrell Class Settlement Agreement.[5]

Despite Santiago's persistent pointing of the finger at Knauf Defendants and Brown Greer and allegations that those parties made a mistake in calculating the settlement amount, it is actually Santiago that made a mistake by failing to deposit the funds he received from third parties into the Remediation Fund.  It was Santiago who was tasked with ensuring that the amounts were actually correct and that Santiago escrowed the correct amount of money rather than any other party.

**B. Santiago requested and agreed to reduce the second and third milestone payments to account for the discrepancy.**

After Santiago or his counsel realized that the deductions were not made and notified Brown Greer (with copy to Knauf Defendants' counsel) that, under the Harrell Class Settlement Agreement, Santiago's settlement funds should be reduced to account for (1) "an assignment of third party contribution … "in the amount of $28,404.00" and (2) attorney fees to Harrell Class

---

[3] *See* Exhibit F to Santiago's Motion to Compel (Rec. Doc. 17714-8) ("Please note that this claimant is part of the Harrell Class Settlement.").
[4] The third parties that contributed in the original Harrell settlement were Keys Gate, Banner, and South Kendall Construction Company.
[5] *See* Exhibit F to Santiago's Motion to Compel (Rec. Doc. 17714-8)  ("Further, the client  is required to pay attorneys' fees to Class Counsel."); *see also* Exhibit H to Santiago's Motion to Compel (Rec. Doc. 17714-10) ("Mr. Santiago is obligated to pay attorneys' fees and costs to Class Counsel for their work in the Harrell Class.).

Counsel. Santiago's counsel further asked that Brown Greer "make sure that Mr. Santiago's funds are reduced":

> Please note that this claimant is part of the Harrell Settlement. Because of this, an assignment of third party contribution is required in the amount of **$28,404.00. Please make sure that Mr. Santiago's funds are reduced to reflect the required contribution** prior to the transfer of any funds to his contractor. Further, **the client is required to pay attorneys' fees to Class Counsel**, which may need to be paid from the Self-Remediation value should the Lump Sum be insufficient to cover them.[6]

On February 5, 2014, after payment of the first milestone pursuant to the Self-Remediation Option, Santiago's counsel again notified the interested parties that the second and third milestone payments would have to be decreased.

> Mr. Santiago is a Harrell Class Member and **we need to ensure that the Self-Remediation values have been properly reduced by the required third party assignment amount of $12.00 per square foot**. Additionally, Mr. Santiago is obligated to pay attorneys' fees and costs to Class Counsel for their work in the Harrell Class. **If the reduction was not reflected in the initial Milestone, we may need to alter the distribution amounts for Milestones 2 and 3**.[7]

This is in direct contravention to Santiago's assertion that Knauf Defendants realized the error and "unilaterally" decided to "change the settlement amount." Rather, Knauf Defendants acknowledged and agreed with Santiago's position that the Self-Remediation values should be reduced *by the same amount* stated by Santiago's counsel in all prior communications and confirmed the deductions for the attorneys' fees:

> All-Because the referenced home is a Harrell settlement home, we need to adjust the amounts he will receive in his option 2 milestones. A total of $14,202 will need to be deducted from milestones 2 and 3. You should then credit the next funding request for **$28,404.**
>
> Also, you will need to deduct $9,479.56 from the total … for payment of Harrell class counsel fees and costs.[8]

---

[6] Exhibit F to Santiago's Motion to Compel (Rec. Doc. 17714-8) (emphasis added).
[7] Exhibit H to Santiago's Motion to Compel (Rec. Doc. 17714-10) (emphasis added).
[8] Exhibit I to Santiago's Motion to Compel (Rec. Doc. 17714-11) (emphasis added).

The record clearly shows that Knauf Defendants did not "unilaterally" reduce the settlement amount as Santiago's counsel contends.  Rather:

- Santiago's counsel recognized that the amount of the contract was not discounted by the $12 per square foot nor discounted for Class Counsel Attorney's fees and therefore requested the reductions, and

- Brown Greer and Knauf Defendants agreed that the reductions should be made and adjusted the payments accordingly.

Therefore, even assuming the settlement amount changed, the change was requested by Santiago's counsel and acknowledged and accepted by Brown Greer and the Knauf Defendants. The so-called error in the settlement amount was corrected at Santiago's request.  Apparently, after agreeing to reduce the second and third milestones, Santiago failed to notify his contractor, and work halted on the project after the contractor was paid the reduced milestone.  Knauf Defendants should not be held responsible for this dispute between Santiago and his contractor.

### C. Strictly in the alternative, legal error was committed by parties other than the Knauf Defendants.

Despite Santiago's repeated mischaracterization of the underlying facts, the Knauf Defendants had no involvement in the determination of the final contract amount.  Rather, the final amount that was to be included on the contract was the ultimate determination made between the Settlement Administrator and Santiago's counsel.  For example, Exhibit E to Santiago's Motion to Compel is correspondence between the Settlement Administrator and Santiago's counsel stating the amount of the contract.  Knauf Defendants' counsel is not copied on the email and had no involvement in determining the contract amount.[9]  Allegations in

---

[9] *See* Exhibit E to Santiago's Motion to Compel (Rec. Doc. 17714-7).

-4-

Santiago's Motion to Compel that Knauf Defendants accepted the contract amount are incorrect, and Santiago has provided no evidence of his bald assertions.

## CONCLUSION

For the reasons set forth above, this Santiago's Motion to Compel should be denied.

Respectfully submitted,

By: /s/ Kyle A. Spaulding
KERRY J. MILLER (#24562)
KYLE A. SPAULDING (#29000)
FRILOT L.L.C.
1100 Poydras Street
Suite 3700
New Orleans, LA 70163
Telephone: (504) 599-8194
Facsimile: (504) 599-8145
Email: kmiller@frilot.com

*Counsel for the Knauf Defendants*

## CERTIFICATE OF SERVICE

I hereby certify that the above and foregoing pleading has been served upon Plaintiffs' Liaison Counsel, by email, and to all parties by electronically uploading the same to LexisNexis File & Serve in accordance with Pre-Trial Order No. 6, and that the foregoing was electronically filed with the Clerk of Court of the United States Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2047, on this 12th day of June, 2014.

/s/ Kyle Spaulding