

June 11, 2014



**Located at:**
636 Cedar Road
Chesapeake, Virginia 23322

**Mailing Address:**
P.O. Box 16635
Chesapeake, Virginia 23328-6635

T 757.802.3732
F 866.945.9636

info@hartleylawgroup.com
www.hartleylawgroup.com

Honorable Judge Eldon E. Fallon
United States District Court
Eastern District of Louisiana
500 Poydras Street
Room C456
New Orleans, Louisiana 70130

    RE:   Chinese-Manufactured Drywall Products
            Liability Litigation

To the Honorable Judge Eldon E. Fallon

    The following letter is being submitted on behalf of Daniel and Lillian Nolan pursuant to the Court's Order to Show Cause issued on May 20, 2014. Due to the difficulty of travel and financial cost to the Nolans, this letter will serve as the Nolans' appearance for the hearing currently set for June 17, 2014.

    My clients were provided the "Notice of Real Property Claim Form Deficiency: Proof of Ownership" dated April 15, 2014. The Nolans cured the deficiency by providing a copy of their deed and settlement statement proving their ownership in the real property located at 216 Wildlife Trace, Chesapeake, Virginia 23320. The Nolans also submitted Chinese Drywall Settlement Program Affidavits showing that their property was developed and constructed by participating Defendants in the subject litigation. Copies have been enclosed for the Court's record.

    According to Garretson Resolution Group's letters to the Claimants, the issue before the Court is the application of Section 10 of the Allocation Plan which would permit Class Members who have failed to file and serve a lawsuit within the Statute of Limitations under Virginia law would still be able to recover but their recovery would be reduced by 60%. The Nolans object to the application of this rule on two grounds. First, the application of this would treat claimants in the class action suit inconsistently. As a claimant, the Nolans have the same standing as others in the suit but if the rule is applied then claimants located in certain jurisdictions cannot be treated like claimants in other jurisdictions solely based on geography not on the merits. Second, if the Court allows this rule to be applied then the Claimants would be essentially punished, penalized or prejudiced because they did not





**Located at:**
636 Cedar Road
Chesapeake, Virginia  23322

**Mailing Address:**
P.O. Box 16635
Chesapeake, Virginia  23328-6635

T 757.802.3732
F 866.945.9636

info@hartleylawgroup.com
www.hartleylawgroup.com

file the same lawsuit at the State/Commonwealth level. The reduction is not based on the failure to cooperate as claimants nor is it based on deficiencies in proof requirements. This reduction would only be based on procedural idiosyncrasies that violate the claimant's standing in the action through no fault of the claimant.

       The Nolans respectfully request that this Court deny the application of this rule to Virginia-based settlements. They request this Court declare their proportional share be the same as other claimants in other jurisdictions and their recovery not be reduced by 60% for failing to file a separate lawsuit.

Sincerely,

Albert Hartley
On Behalf of Claimants
Daniel A. Nolan & Lillian A. Nolan.

ARH/lap
Enclosure

