

# MISHKIND LAW FIRM
## CO., L.P.A.

ATTORNEYS
Howard D. Mishkind, J.D.
David A. Kulwicki, J.D.

NURSE LEGAL ASSISTANT
Leslie A. Klausner, R.N., B.S.N.

23240 Chagrin Blvd., Suite 101
Commerce Park IV
Cleveland, OH 44122
216-595-1900
Fax 216-595-1633
Toll Free 1-866-463-3625
www.mishkindlaw.com

Direct E-mail: hmishkind@mishkindlaw.com

June 3, 2014

**The Honorable Judge Eldon E. Fallon**
U.S. District Court for the Eastern District of Louisiana
500 Poydras Street, Room C546
New Orleans, LA 70130

      Re: *Chinese Drywall Four Virginia-Based Settlements*
*Allocation Plan Provisions Regarding Statute of Limitations*
*MDL No. 2047 Section L*

Dear Judge Fallon:

      The undersigned is a claimant in the litigation referenced above. On behalf of myself and my wife Jane Mishkind, I am responding to the Order to Show Cause issued May 20, 2014. My claim was timely submitted by my attorney, Richard Serpe, in connection with the Chinese Drywall product liability litigation. My claim was filed within the applicable statute of limitations under the laws of the State of Virginia. It is my opinion and desire that Section 10 Statute of Limitations **should not be applied**. The statute of limitations in all cases, including, but not limited to, this claim is intended to provide parties with a deadline within which litigation needs to be commenced. In Virginia, there was a specific statute of limitations with regard to filing of the claim.

      Upon discovery of the injuries caused by the Chinese Drywall, the undersigned and my wife, as owners of the property, timely contacted Richard Serpe and made sure that a claim was filed within the applicable statute of limitations. If we had not, our claim would have been subject to dismissal on the basis of an affirmative defense. I do not believe that those individuals who failed to file and serve their claims within the applicable statute of limitations, should be entitled to partial recovery under the settlements that would impact the amounts to be paid to those that complied with the procedural requirements. There, in my opinion, is no basis for disregarding the applicable statute of limitations and allowing individuals who for

The Honorable Judge Eldon E. Fallon
June 3, 2014
Page 2 of 2

whatever reason failed to file and serve their claims within the applicable statute of limitations, to share in the funding under this or any other settlement.

In conclusion, it is my opinion, as a claimant and also as an attorney licensed to practice in the State of Ohio, that those individuals who complied with the requirements and filed their claims and served their claims within the applicable statute of limitations, should not be receiving a proportionally smaller share reduced by 60% because those individuals that did not comply with the procedural statute of limitations failed to file their claims timely.

Thank you for allowing me to be heard on this matter on my behalf and on behalf of my wife.

Very truly yours,

Howard D. Mishkind, Co-Trustee of the Jane Mishkind Trust

HDM:kp

xc:    **Richard Serpe, Esq.**