Richard D. Ilich
3107 Melrose Court
Suffolk, VA 23434

RECEIVED
JUN 10 2014
CHAMBERS OF
U.S. DISTRICT JUDGE
ELDON E. FALLON

June 5, 2014

The Honorable Judge Eldon E. Fallon
U.S. District Court for the Eastern District of Louisiana
500 Poydras Street, Room C546
New Orleans, LA 70130

RE: Case 2:09-md-02047-EEF-JCW, Document 17703,
    MDL No. 2047, Section L
    Response to the order for Show Cause

Your Honorable Judge Eldon Fallon:

I am a class action member responding to the Order of Show Cause to be heard on our opinions on the Court's ruling on the application of Section 10 of the Allocation Plan for the Four Virginia Based Settlements. I appreciate the opportunity to be heard and I thank you for your oversight and efforts thus far in this case.

I believe Section 10 of the Allocation plan should be upheld as originally ordered and limit the recovery for those who failed to file and serve their claims within the applicable statute of limitations. As class member I empathize with the 44 claimants who failed to submit completed claims within the allocated time; however my rationale for holding them to the 60% recovery is as follows:

1. The claimants who missed the deadline breached the allocation plan deadlines which were spelled out and numerous reminders were sent by counsel reminding them of the approaching deadlines and its importance. Timely notice was given, there has been no prejudice to any claimants, and the conduct has been in good faith without any wrongful conduct that would warrant a good cause to extend discovery.

2. Section 13 of the Allocation plan does not eliminate nor void their claim or prevent them from recovering; it reduces the amount they can recover which seems fair. I am assuming the deadline was set as it was to ensure justice was done for all the plaintiffs and that the case would not be prolonged.

3. The documents required to be filed were very simple in nature, requiring simple information like, names, addresses, phone numbers, etc… and many if not all the documents required to be submitted would have been previously submitted for the

The Honorable Judge Eldon E. Fallon
MDL No. 2047
June 5, 2014
Page 2

>   claimant to be in the lawsuit in the first place and were provided to the claimants by counsel to lessen their burden and help ensure timely claims. The claimants merely had to verify information, sign the forms, get them notarized, and turn them in by a specific date. Counsel was very fair and diligent in assisting claimants in their recovery efforts.

4. To my knowledge no claimants requested an extension or actively pursued judicial remedies until after the deadline. Additionally, 4 months after the deadline, the Claims Administrator sent those 44 claimants a deficiency notice and gave them an additional 30 days. All the claimants were given notice that the allocation plan was approved on or around October 25th by Richard Serpe so the claimants had close to six months to verify and/or gather the appropriate information.

5. All the claimants were given the same fair treatment and the deadline could have been reasonably met by all parties. Allowing the claimants whom failed to meet the deadline to claim more than the Plan's outlined 60% share would be prejudice against the claimants whom met the deadlines.

I ask that the courts uphold Section 10 of the allocation plan and limit the recovery of the 44 claimants to 60%. I appreciate your consideration.

Sincerely,

_____          6/5/14
Rick Ilich                          Date
Class Action Member from Virginia

Case 2:09-md-02047-EEF-MBN Document 17752-10 Filed 06/13/14 Page 1 of 4
Case 2:09-md-02047-EEF-JCW Document 17703 Filed 05/21/14 U.S. DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA
FILED MAY 21 2014
WILLIAM W. BLEVINS
CLERK

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: CHINESE-MANUFACTURED DRYWALL PRODUCTS LIABILITY LITIGATION | MDL NO. 2047<br>SECTION: L |
| THIS DOCUMENT RELATES TO:<br><br>*Abel, et al. v. Taishan Gypsum Co., Ltd., f/k/a Shandong Taihe Dongxin Co., Ltd., et al*<br>Case No. 11-cv-080 (E.D. La.)<br><br>*Almeroth, et al. v. Taishan Gypsum Co., Ltd f/k/a Shandong Taihe Dongxin Co., Ltd., et al*<br>Case No. 12-cv-0498 (E.D. La.)<br><br>*Amato, et al. v. Liberty Mutual Insurance Company*, Case No. 2:10-cv-00932 (E.D.La.)<br><br>*Germano et al. v. Taishan Gypsum Co., Ltd. et al.*<br>Case No. 2:09-cv-06687 (E.D. La.)<br><br>*Gross, et al. v. Knauf Gips, KG, et al*<br>Case No. 09-cv-6690 (E.D. La.)<br><br>*Haya, et al. v. Taishan Gypsum Co., Ltd f/k/a Shandong Taihe Dongxin Co., Ltd, et al*<br>Case No. 11-cv-1077 (E.D. La.)<br><br>*Wiltz, et al. v. Beijing New Building Materials Public Limited Co., et al*<br>Case No. 10-cv-361 (E.D. La.) | JUDGE FALLON<br>MAG. JUDGE WILKINSON |

## ORDER TO SHOW CAUSE

AND, NOW, this 20 day of May, 2014, upon consideration of the DATE Letter of Matthew Garretson, Claims Administrator for the Four Virginia-based Settlements, regarding the Statute of Limitations criteria under Section 10 of the Four Virginia-based Settlements Allocation Plan (Doc. 16800-7), it is hereby ORDERED, ADJUDGED AND DECREED, that:

1. Any party to the above referenced case who wishes to be heard regarding the applicability of Section 10 of the Allocation Plan shall either submit a letter to the Court by June 13, 2014 and/or appear and show cause on June 17, 2014, at 9 o'clock in the A.M. to explain their position.

BY THE COURT:

ELDON E. FALLON
UNITED STATES DISTRICT JUDGE