UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In re:  CHINESE-MANUFACTURED | * | MDL 2047 |
| DRYWALL PRODUCTS | * | |
| LIABILITY LITIGATION | * | SECTION L |
| | * | |
| | * | JUDGE FALLON |
| This document relates to: ALL CASES | * | |
| | * | MAGISTRATE JUDGE WILKINSON |
| | * | |

* * * * * * * * * * * * * * * * * *

### THE KNAUF DEFENDANTS' OPPOSITION TO THE STATE OF LOUISIANA'S MOTION TO PROHIBIT DISPOSAL OF PHYSICAL EVIDENCE

The Knauf Defendants ("Knauf"),[1] by and through undersigned counsel, submit this response in opposition to the State of Louisiana's Motion to Prohibit Disposal of Physical Evidence by the Knauf Defendants. (Rec. Doc. 17730).  Following five years of extensive MDL discovery and trials on Chinese-manufactured drywall ("CDW"), which the State of Louisiana actively monitored, the Louisiana Attorney General ("AG") now engages in a purely academic exercise, at the expense of Louisiana taxpayers, by opposing Knauf's requested disposal of CDW (and any other drywall, if any) stored in a warehouse in Ft. Lauderdale, Florida (the "stored CDW") and by seeking to inspect, sample, and test it.  In light of Knauf's right to seek relief from preservation orders[2] and its previous Notice of Disposal,[3] Knauf should be permitted to

---

[1] The Knauf Defendants are: Knauf Plasterboard (Tianjin) Co., Ltd. ("KPT"), Knauf Plasterboard (Wuhu) Co., Ltd., Guangdong Knauf New Building Material Products Co., Ltd., Knauf Gips KG, Gebr. Knauf Verwaltungsgesellschaft KG, Knauf International GmbH, Knauf Insulation GmbH, Knauf UK GmbH, Knauf AMF GmbH & Co. KG, Knauf do Brasil Ltda., and PT Knauf Gypsum Indonesia.

[2] Pretrial Order #1 explicitly states that any MDL party may apply to this Court for relief from a preservation order. (Rec. Doc. 2).

[3] *See* Rec. Doc. 17681, Exhibit 1.  While Pretrial Order #1(I) is applicable to Preserving Parties, it sets forth specifically the manner in which a party may notify other parties of an intent to dispose of physical evidence.  (Rec.

1

dispose of the stored CDW because: (1) it has no relevance to the AG's remaining claims, and (2) any alleged relevance is greatly outweighed by the burden on Knauf to continue to preserve it. In the alternative, if Knauf is ordered not to dispose of the stored CDW, Knauf requests that the AG incur all additional costs for storing, maintaining, inspecting, and disposing of the stored CDW.

### I.     Knauf Should Be Permitted to Dispose of the Stored CDW because it is Irrelevant to the AG's Claims.

It is well established that "the scope of discovery is within the sound discretion of the trial court." *Dollar v. Long Mfg., N.C., Inc.*, 561 F.2d 613, 618 (5th Cir. 1977). Federal Rule of Civil Procedure 26(b)(1) limits discovery to non-privileged matters that are relevant to a party's claim or defense. Fed. R. Civ. P. 26(b)(1). Rule 26 specifies that relevant information must appear reasonably calculated to lead to the discovery of admissible evidence. *Id.* Here, Knauf should be permitted to dispose of the stored CDW because it provides no relevance to the AG's remaining claims.

*First*, the AG asserts that the stored CDW is "unique and highly relevant" to Louisiana's claims, because under the Louisiana Products Liability Act ("LPLA") the AG is required to "demonstrate that the 'characteristic of the product that renders it unreasonably dangerous … existed at the time the product left control of its manufacturer or resulted from a reasonably anticipated alteration or modification of the product.'" (Rec. Doc. 117730-1 at 4). No such demonstration is required as KPT has stipulated that uppercase KPT CDW was defective in manufacture under the LPLA.[4] (Rec. Doc. 3831-1 at 1) (Campbell/Knauf Joint Stipulation).

---

Doc. 12257 at 5). Pursuant to this protocol, Knauf noticed all parties of its intention to dispose of the stored CDW and provided all parties thirty (30) days to notify Knauf of any intention to inspect the stored CDW.

[4] Further, KPT has stipulated under La. Civ. Code art. 2524 that uppercase KPT CDW was not fit for its ordinary and/or intended purpose. (Rec. Doc. 1438 at 3) (Hernandez/Knauf Joint Stipulation).

2

*Second*, the stored CDW was never shipped to Louisiana and was never intended to be delivered to Louisiana. The AG asserts that these facts do not vitiate the stored CDW's relevance because "it is still the same type of drywall that was used in Louisiana." However, the AG has previously admitted that to the current date, it has not identified a single state-owned building in Louisiana that was constructed with a single piece of KPT CDW.

*Third*, sampling and testing of the stored CDW would provide no relevant information regarding Louisiana's remaining claims. The AG has described its remaining claims as (1) loss tax revenue claims and (2) claims under the Louisiana Unfair Trade Practices Act ("LUTPA").[5] Sampling and testing of the stored CDW would serve no relevance in proving that the AG's alleged damages were caused by CDW under either its tax loss or LUTPA claims.

## II.   Knauf Should Be Permitted to Dispose of the Stored CDW because of the Substantial Burden Imposed on Knauf in Continuing to Preserve It.

To the extent inspecting, testing, and sampling of the stored CDW is relevant to any of the AG's remaining claims, such relevance is overwhelmingly outweighed by the burden on Knauf in preserving the stored CDW for sampling and testing. Under Rule 26(b)(2)(c), discovery may be limited if: (1) the discovery sought is unreasonably cumulative or duplicative, or is obtainable from another, more convenient, less burdensome, or less expensive source; (2) the party seeking discovery has had ample opportunity to obtain the information sought; or (3) the burden or expense of the proposed discovery outweighs its likely benefit. Fed. R. Civ. P. 26(b)(2)(c).

*First*, additional sampling and testing of the stored CDW is unreasonably cumulative and duplicative, as it is obtainable from other more convenient and less expensive sources. For over five years, MDL parties have conducted extensive inspections, sampling, testing, other discovery, and trials in this complex litigation. *See, e.g.* Findings of Fact and Conclusions of

---

[5] *See* April 7, 2014 Joint Status Report on Louisiana AG case attached hereto as Exhibit 1.

Law in *Hernandez* (Rec. Doc. 2713).  Further, the U.S. Consumer Product Safety Commission has issued findings in connection with its own independent inspection, sampling, and testing which is publicly available.[6]

***Second***, the AG has had sufficient time and opportunity to obtain the CDW sampling and testing information.  For over five years, the AG has monitored this MDL litigation, and has had access to request and/or obtain all sampling and testing completed to date.

***Third***, in stark contrast to the stored CDW's lack of relevance to the AG's claims, the burden on Knauf to preserve the stored CDW is significant.  The approximately 50,000 to 60,000 sheets are being stored and maintained at Knauf's expense for almost $100,000.00 per year.  Any benefit in additional inspecting, sampling, and testing of the stored CDW is overwhelmingly outweighed by the burden it imposes on Knauf to continue to preserve it.  Therefore, Knauf should be permitted to dispose of the stored CDW.

### III.  If Knauf May Not Dispose of the Stored CDW, the AG Should Incur All Additional Costs for Storing, Maintaining, Testing, Inspecting, and Disposing.

In the alternative, if the Court allows the AG to further inspect, sample, and test the stored CDW, the Court should shift all future costs of storing, inspecting, sampling, testing and disposal to the State of Louisiana. The Court may mitigate undue discovery burdens by requiring "payment of the costs of discovery." *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 358 (1978); *see also Murphy Oil USA, Inc. v. Fluor Daniel, Inc*., 52 Fed. R. Serv. 3d 168 (E.D. La.

---

[6] Information regarding the CPSC's Interagency Drywall Investigation can be found at: https://www.cpsc.gov/Safety-Education/Safety-Education-Centers/Drywall-Information-Center/Interagency-Drywall-Investigation/

2002).[7]  Courts have wide discretion to determine an appropriate remedy without engaging in a rigorous analysis.

First, as previously discussed, there is ample availability to previous CDW sampling and testing information, and there is no additional benefit in testing the stored CDW since it is the same as the CDW previously tested.  Further, the AG's request is broad considering it seeks to have Knauf indefinitely store and preserve the stored CDW or conduct a piecemeal disposal so that it may "comprehensively" inspect, sample, and test it. (Rec. Doc. 17730-1 at 5).  Finally, in addition to the cost in preserving the stored CDW ($8,300.00 per month), Knauf would incur exponentially more to delay or piecemeal the disposal in order to allow the AG to inspect, sample, and test the stored CDW with counsel and consultants for all parties present.  Therefore, pursuant to the Federal Rules and the Court's broad discretion to determine an appropriate remedy, if the AG is permitted to further inspect, sample, and test the stored CDW, Knauf requests that the Court shift all future costs to the State of Louisiana.

## IV.    Conclusion

For the foregoing reasons, Knauf requests this Honorable Court to deny the AG's Motion to Prohibit Disposal of Physical Evidence or, in the alternative, requests the Court to enter an order shifting the cost of storing, maintaining, testing, inspecting, and disposing of the stored CDW to the State of Louisiana.

---

[7] For example, courts have the ability to shift the cost of production for documents stored in an electronic medium. *Hagemeyer N. Am. Inc*., 222 F.R.D. 594, 601-03 (E.D. Wis. 2004); *Zubulake v. UBS Warburg LLC*, 217 F.R.D. 309 (S.D.N.Y. 2003); *Rowe Entm't, Inc. v. William Morris Agency, Inc.,* 205 F.R.D. 421 (S.D.N.Y.2002.); *Simon Property Group L.P. v. mySimon, In*c., 194 F.R.D. 639 (S.D. Ind. 2000); *Guy Chem. Co., Inc. v. Romaco AG*, 243 F.R.D. 310, 312 (N.D. Ind. 2007).

Respectfully submitted,

BY: /s/ Kerry J. Miller
KERRY J. MILLER (#24562)
KYLE A. SPAULDING (#29000)
**FRILOT L.L.C.**
1100 Poydras Street, Suite 3700
New Orleans, LA 70163
Telephone: (504) 599-8194
Facsimile: (504) 599-8145
Email: kmiller@frilot.com

## CERTIFICATE

I hereby certify that the above and foregoing pleading has been served upon Russ Herman, Plaintiffs' Liaison Counsel, by email, and to all parties by electronically uploading the same to LexisNexis File & Serve in accordance with Pre-Trial Order No. 6, and that the foregoing was filed with the Clerk of Court of the United States Court for the Eastern District of Louisiana, on this 13th day of June, 2014.

/s/ Kerry J. Miller