# EXHIBIT A

## UNITED STATES DISTRICT COURT
### EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE:  CHINESE-MANUFACTURED DRYWALL PRODUCTS LIABILITY LITIGATION | MDL NO. 2047 SECTION: L JUDGE FALLON MAG. JUDGE WILKINSON |
| THIS DOCUMENT RELATES TO:  ALL ACTIONS | |

## O R D E R

AND NOW, on this _____ Day of _____, 2014, upon consideration of the

Plaintiffs' Steering Committee's Motion to Approve Alternative Service of Process Pursuant to

Fed.R.Civ.P. 4(f)(3) , it is hereby ORDERED, ADJUDGED AND DECREED that said motion is

GRANTED.

New Orleans, Louisiana, this _____ day of _____, 2014.


_____
Eldon E. Fallon
United States District Court Judge

## UNITED STATES DISTRICT COURT
### EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE:  CHINESE-MANUFACTURED DRYWALL PRODUCTS LIABILITY LITIGATION | MDL NO. 2047 SECTION: L JUDGE FALLON MAG. JUDGE WILKINSON |
| THIS DOCUMENT RELATES TO: ALL CASES | |

### THE PLAINTIFFS' STEERING COMMITTEE'S MOTION TO APPROVE ALTERNATIVE SERVICE OF PROCESS PURSUANT TO FED.R.CIV.P. 4(f)(3)

The Plaintiffs' Steering Committee ("PSC") hereby moves for an order approving

alternative service of process pursuant to Fed.R.Civ.P. 4(f)(3) with respect to the Taishan

Defendants.  For the reasons set forth in the memorandum of law submitted in conjunction

herewith, the PSC respectfully requests that the instant motion be granted by the Court.

Respectfully submitted,

Dated: June      , 2014

/s/ Russ M. Herman
Russ M. Herman, Esquire (LA Bar No. 6819)
Leonard A. Davis, Esquire (LA Bar No. 14190)
Stephen J. Herman, Esquire (LA Bar No. 23129)
HERMAN, HERMAN & KATZ, LLC
820 O'Keefe Avenue
New Orleans, Louisiana 70113
Phone: (504) 581-4892
Fax: (504) 561-6024
LDavis@hhkc.com
*Plaintiffs' Liaison Counsel*
*MDL 2047*

Arnold Levin (On the Brief)
Fred S. Longer (On the Brief)
Matthew C. Gaughan (On the Brief)
Levin, Fishbein, Sedran & Berman
510 Walnut Street, Suite 500
Philadelphia, PA 19106
215-592-1500 (phone)
215-592-4663 (fax)
Alevin@lfsblaw.com
*Plaintiffs' Lead Counsel*
*MDL 2047*

## PLAINTIFFS' STEERING COMMITTEE

Dawn M. Barrios
Barrios, Kingsdorf & Casteix, LLP
701 Poydras Street, Suite 3650
New Orleans, LA 70139
Phone: (504) 524-3300
Fax: (504) 524-3313
Barrios@bkc-law.com

Daniel E. Becnel, Jr.
Becnel Law Firm. LLC
425 W. Airline Highway, Suite B
Laplace, LA 70068
Phone: (985) 536-1186
Fax: (985) 536-6445
dbecnel@becnellaw.com

Peter Prieto
Podhurst Orseck, P.A.
25 Flagler Street, 8th Floor
Miami, FL 33130
Phone: (305) 358-2800
Fax: (305) 358-2382
pprieto@podhurst.com

Bruce William Steckler
The Steckler Law Firm
12700 Park Central Drive, Ste 1900
Dallas, TX 75251
Phone: (972) 387-4040
Fax: (972) 387-4041
bruce@stecklerlaw.com

Ervin A. Gonzalez
Colson, Hicks, Eidson, Colson
   Matthews, Martinez, Gonzales,
   Kalbac & Kane
255 Alhambra Circle, Penthouse
Cora Gables, FL 33134
Phone: (305) 476-7400
Fax: (305) 476-7444

Ben W. Gordon, Jr.
Levin, Papantonio, Thomas, Mitchell
 Echsner & Proctor, P.A.
316 S. Baylen Street, Suite 600
Pensacola, FL 32502
Phone: (850) 435-7000
Fax: (850) 435-7020
bgordon@levinlaw.com

Hugh P. Lambert
The Lambert Firm
701 Magazine Street
New Orleans, LA 70130
Phone: (504) 581-1750
Fax: (504) 529-2931
hlambert@thelambertfirm.com

Gerald E. Meunier
Gainsburgh, Benjamin, David, Meunier
 & Warshauer, LLC
2800 Energy Centre, 1100 Poydras Street
New Orleans, LA 70163-2800
Phone: (504) 522-2304
Fax: (504) 528-9973
gmeunier@gainsben.com

Jerrold Seth Parker
Parker, Waichman, Alonso LLP
3301 Bonita Beach Road
Bonita Springs, FL 34134
Phone: (239) 390-1000
Fax: (239) 390-0055
Jerry@yourlawyer.com

Scott Wm. Weinstein
Morgan & Morgan
12800 University Drive, Suite 600
Ft. Meyers, FL 33907
Phone: (239) 433-6880
Fax: (239) 433-6836
sweinstein@forthepeople.com

James Robert Reeves
Lumpkin & Reeves
160 Main Street
Biloxi, MS 39530
Phone: (228) 374-5151
Fax: (228) 374-6630
jrr@lumpkinreeves.com

Christopher Seeger
Seeger Weiss, LLP
77 Water Street
New York, NY 10005
Phone: (212) 584-0700
Fax: (212) 584-0799
cseeger@seegerweiss.com

Daniel K. Bryson
Whitfield, Bryson & Mason
900 W. Morgan Street
Raleigh, NC 27603
Phone: (919) 600-5000
Fax: (919) 600-5002
dan@wbmllp.com

Richard J. Serpe, Esquire
Law Offices of Richard J. Serpe
Crown Center, Ste. 310
580 East Main Street
Norfolk, VA 23510-2322
Phone: (757) 233-0009
Fax: (757) 233-0455
rserpe@serpefirm.com

Victor M. Diaz, Jr., Esquire
V.M. Diaz and Partners, LLC
119 Washington Ave, Suite 402
Miami Beach, FL 33139
Phone: (305) 704-3200
Fax: (305) 538-4928
victor@diazpartners.com

## OF COUNSEL TO PLAINTIFFS' STEERING COMMITTEE

Richard S. Lewis
HAUSFELD LLP
1700 K Street, N.W
Suite 650
Washington, DC 20006
Phone: (202) 540-7200
Fax: (202) 540-7201
rlewis@hausfeldllp.com

Andrew A. Lemmon
Lemmon Law Firm, LLC
P.O. Box 904
15058 River Road
Hahnville, LA 70057
Phone: (985) 783-6789
Fax: (985) 783-1333
andrew@lemmonlawfirm.com

Anthony D. Irpino
IRPINO LAW FIRM
2216 Magazine Street
New Orleans, LA 70130
Phone: (504) 525-1500
Fax: (504) 525-1501
airpino@irpinolaw.com

## CERTIFICATE OF SERVICE

I hereby certify that the above and foregoing The Plaintiffs' Steering Committee's Motion to Approve Alternative Service of Process Pursuant to Fed.R.Civ.P. 4(f)(3) and memorandum of law in support thereof has been served on Defendants' Liaison Counsel, Kerry Miller, by e-mail and upon all parties by electronically uploading the same to LexisNexis File & Serve in accordance with Pre-Trial Order No. 6, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2047 on this      day of June, 2014.

/s/ Leonard A. Davis
Leonard A. Davis, Esquire
HERMAN, HERMAN & KATZ, LLP
820 O'Keefe Avenue
New Orleans, Louisiana 70113
Phone: (504) 581-4892
Fax: (504) 561-6024
Ldavis@hhkc.com
Plaintiffs' Liaison Counsel
MDL 2047

*Co-counsel for Plaintiffs*

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE:  CHINESE-MANUFACTURED DRYWALL PRODUCTS LIABILITY LITIGATION | MDL NO. 2047 SECTION: L JUDGE FALLON MAG. JUDGE WILKINSON |
| THIS DOCUMENT RELATES TO: ALL CASES | |

THE PLAINTIFFS' STEERING COMMITTEE'S MEMORANDUM OF
LAW IN SUPPORT OF MOTION TO APPROVE ALTERNATIVE
SERVICE OF PROCESS PURSUANT TO FED.R.CIV.P. 4(f)(3)

The Plaintiffs' Steering Committee ("PSC") has been embroiled in efforts to serve

Taishan and its subsidiary, Tai'an Taishan, as well as the Chinese parent corporations of these

entities (collectively the "Taishan Defendants"), since the outset of this litigation.  Despite these

efforts, there is an enormous backlog of complaints that still need to be served on the Taishan

Defendants in accordance with the onerous requirements of the Hague Convention.  The service

of these complaints under the Hague Convention is fraught with delays especially since the

PSC's process server, APS International ("APS"), has advised that service of complaints must be

staggered so as to avoid any confusion of the Chinese central authority responsible for serving

the complaints on the Taishan Defendants.[1]  At the current pace of service it will take several

years to successfully serve the Taishan Defendants with the outstanding complaints in the

absence of an order from this Court authorizing alternative service of process pursuant to Rule

---

[1] For this reason, just one complaint is in the process of being served on the Taishan Defendants while eleven complaints are backlogged and will be served on the Taishan Defendants at a future date.  The PSC has obtained extensions of time to serve the defendants with each of the eleven complaints that are to be served on the Taishan Defendants at a future date.  *See* Rec.Doc.#s 7138, 8325, 9681, 13733, and 16356.

4(f)(3).

Notwithstanding the enormous backlog of complaints that need to be served on the Taishan Defendants, these defendants have been extremely active in this litigation, yet they continuously refuse to accept service of process.  Through their United States lawyers the Taishan Defendants have been engaged in these proceedings since June 10, 2010, *see* Rec.Doc.# 3668, and have completed full discovery with respect to their jurisdictional challenges.  The Taishan Defendants have also participated in lengthy appeals of this Court's jurisdictional finding to the Fifth Circuit Court of Appeals.  Thus, it is evident that the Taishan Defendants have been extremely active in this litigation and that they have been working closely with their counsel.

While the Taishan Defendants remain steadfast in their refusal to accept service of process, the enormous expense and delay attributable to this refusal warrants that the Court authorize alternative service of process pursuant to Fed.R.Civ.P. 4(f)(3).  The PSC proposes that such service be accomplished by serving the complaints on the Taishan Defendants' United States lawyers.  Given the level of participation by the Taishan Defendants in this litigation, it is respectfully submitted that service on their United States lawyers will comport with Due Process.

## I.    **RELEVANT FACTS**

The Taishan Defendants have been the subject of numerous complaints that have been filed of record in these proceedings.  In addition to the *Germano* complaint that was served on Taishan and resulted in extensive default judgement proceedings, the PSC has served the Taishan Defendants with six additional omnibus complaints.  *See* The PSC's Fortieth Status Report on

2

Service of Omnibus Complaints, attached hereto as Exhibit 1.[2]  Taishan and/or Tai'an Taishan

have been held in default with respect to two of these complaints.  *See* Rec.Doc. #s 487 (holding

Taishan in default in *Germano*);[3] 12599 and 15687 (holding Tai'an Taishan in default in *Gross*).

The Taishan Defendants are also subject to two additional motions for preliminary default

judgment that are currently pending before the Court.  *See* Rec.Docs. # 17089 and 17172

(Plaintiffs' third omnibus motion for preliminary default judgment and errata thereto); # 17378

(Plaintiffs' fourth omnibus motion for preliminary default judgement).

    The PSC is currently in the process of serving the Omnibus XV complaint on the Taishan

Defendants in accordance with the procedures established by the Hague Convention.  *See* The

---

[2] The PSC has served the Taishan Defendants with complaints in: (1) *Wiltz, et al. v. Beijing New Building Materials Public Limited Co., et. al.*, Case No. 2:10-cv-00361 (E.D.La.) (the Taishan Defendants have been served with the Omnibus II complaint); (2) *Gross, et al. v. Knauf Gips KG, et al.*, Case No. 2:09-cv-6690 (E.D.La.) (the Taishan Defendants have been served with the original *Gross* complaint as well as the Omnibus III complaint); (3) *Amorin, et al. v. Taishan Gypsum Co., Ltd. f/k/a Shandong Taihe Dóngxin Co., Ltd., et al.,* Case No.: 2:11-cv-1672 (E.D.La.) (the Taishan Defendants have been served with the original complaint); (4) *Amorin, et al. v. Taishan Gypsum Co., Ltd. f/k/a Shandong Taihe Dongxin Co., Ltd., et al.,* Case No.: 2:11-cv-1395 (E.D.La.) (the Taishan Defendants have been served with the original complaint); and (5) *Amorin, et al. v. Taishan Gypsum Co., Ltd. f/k/a Shandong Taihe Dongxin Co., Ltd., et al.,* Case No.: 2:11-cv-1673 (E.D.La.) (the Taishan Defendants have been served with the original complaint).

[3] With respect to *Germano,* the PSC obtained a default judgment against Taishan in favor of seven Virginia families and successfully opposed Taishan's motion to vacate the default judgment and its jurisdictional challenge not only in *Germano,* but also in *Gross v. Knauf Gips, KG,* No. 09-6690 (E.D. La.) ("*Gross*"), *Wiltz v. Beijing New Building Materials Public Limited Co.,* No. 10-361 (E.D. La.) ("*Wiltz*"), and *Mitchell Co., Inc. v. Taishan Gypsum Co., Ltd.,* 09-4115 (N.D. Fla.) ("*Mitchell*"). Then, the PSC successfully opposed Taishan's appeal of the District Court's jurisdictional ruling in *Germano* to the Fifth Circuit. *See In re Chinese-Manufactured Drywall Prod. Liab. Litig.*, 742 F.3d 576 (5th Cir. Jan. 28, 2014).  Taishan similarly appealed this Court's adverse jurisdictional rulings in *Gross, Wiltz,* and *Mitchell.*  The PSC likewise prevailed in opposing Taishan's appeal of the District Court's jurisdictional rulings in *Gross, Wiltz,* and *Mitchell.  See In re Chinese-Manufactured Drywall Products Liab. Litig.*, 2014 WL 2111672 (5th Cir. May 20, 2014).

PSC's Fortieth Status Report on Service of Omnibus Complaints.  Pursuant to the advice of APS,

eleven of the complaints involving Taishan are currently on hold and will be served at a later

date.[4]  *Id.*  As noted above, APS has advised that Plaintiffs should stagger the service of

complaints so as to avoid confusing the Chinese central authority responsible for serving the

complaints on the Taishan Defendants.  *See* Fn. 1, *supra* (the PSC has obtained extensions of

time for purposes of serving its complaints).  As has been established from the outset of this

litigation, it frequently takes in excess of six months to serve Chinese defendants.  Thus, when it

comes time to serve each of the backlogged complaints, service of each successive complaint can

be anticipated to take six months or longer.

The Taishan Defendants and their United States lawyers have been heavily engaged in

this litigation following this Court's confirmation of the default judgement against Taishan in

*Germano.*  On June 10, 2010, the last day to initiate an appeal of the Court's default judgment in

*Germano,* Taishan's United States lawyers entered an appearance for Taishan and filed a notice

of appeal.  *See* Rec.Doc.#s 3668 and 3670.  Since entering their appearance in the *Germano*

proceedings, the Taishan Defendants have participated in extensive discovery and briefing

involving their challenges to this Court's exercise of personal jurisdiction.  This discovery

---

[4] Service of the following complaints on the Taishan Defendants is currently on hold: (1) *Wiltz* (omnibus II(a)); (2) *Wiltz* (omnibus II(b)); (3) *Wiltz* (omnibus II©); (4) *Gross* (omnibus III(a)); (5) *Abel, et. al. v. Taishan Gypsum Co., Ltd., f/k/a Shandong Taihe Dongxin Co., Ltd., et. al.*, Case No. 2:11-cv-080 (E.D.La.); (6) *Haya, et al v. Taishan Gypsum Co., Ltd. f/k/a Shandong Taihe Dongxin Co., Ltd., et al.,* Case No.: 11-cv-1077 (E.D.La.) (omnibus X); (7) *Haya* (amended omnibus X); (8) *Haya* (second amended omnibus X); (9) *Almeroth, et al v. Taishan Gypsum Co., Ltd. f/k/a Shandong Taihe Dongxin Co., Ltd., et al.,* Case No.: 12-cv-498 (E.D.La.); (10) *Amorin, et al. v. Taishan Gypsum Co., Ltd. f/k/a Shandong Taihe Dongxin Co., Ltd., et al.,* Case No.: 2:11-cv-1395 (E.D.La.) (omnibus XVI); and (11) *Amorin, et al. v. Taishan Gypsum Co., Ltd. f/k/a Shandong Taihe Dongxin Co., Ltd., et al.,* Case No.: 2:11-cv-1673 (E.D.La.) (omnibus XVII).

involved more than two weeks of depositions in Hong Kong.  In addition, the Taishan Defendants drafted numerous briefs and participated in oral argument with respect to their personal jurisdiction challenges.  When these efforts proved unsuccessful, the Taishan Defendants continued to challenge the Court's jurisdiction in a series of appeals to the Fifth Circuit Court of Appeals.  *See* Fn. 3, *supra*.

In sum, the Taishan Defendants substantively participated in this litigation for approximately four years.  Given the scope of the Taishan Defendants' challenges to the Court's exercise of personal jurisdiction, it logically follows that they are in close contact with their United States lawyers who have been continuously representing them since June 10, 2010.

## II.   __ARGUMENT__

The facts of this case clearly warrant that the Court approve alternative service pursuant to Rule 4(f)(3) and allow Plaintiffs to serve the outstanding complaints on the Taishan Defendants through their United States lawyers.  As noted above, if the PSC is forced to serve the Taishan Defendants in accordance with the Hague Convention it will take several years to complete service of the outstanding complaints.  While the PSC is committed to serve its complaints, the Taishan Defendants have been actively engaged in this litigation and have taken full advantage of the American legal system.  Yet the Taishan Defendants stubbornly refuse to accept service of process and remain intent on delaying these proceedings by insisting that Plaintiffs serve each of their complaints consistent with the Hague Convention.  Given the slow rate confronting Plaintiffs to perfected service of their complaints under the Hague Convention, it is clear the Taishan Defendants are taking advantage of this process to further delay justice to impacted homeowners.

### a.      Alternative Service of Process is Permissible Pursuant to Rule 4(f)(3)

Service on the Taishan Defendants, as foreign corporations, is governed by Rule 4(f).  *See*

Fed.R.Civ.P. 4(h) (stating that a foreign corporation must be served "in a judicial district of the

United States ... or at a place not within any judicial district of the United States, **in any manner**

**prescribed by Rule 4(f)** for serving an individual, except personal delivery") (emphasis added).

Rule 4(f)(1) permits service outside the United States "by any internationally agreed means of

service that is reasonably calculated to give notice, such as those authorized by the Hague

Convention."[5]  Subject to enumerated restrictions, Rule 4(f)(2) permits alternative service "if

there is no internationally agreed means, or if an international agreement allows but does not

specify other means, by a method that is reasonably calculated to give notice."  Finally, Rule

4(f)(3) provides that service on a foreign litigant can be effected "by other means not prohibited

by international agreement, as the court orders."  In general, "[t]he decision whether to allow

alternative methods of serving process under Rule 4(f)(3) is committed to the sound discretion of

the district court." *In re GLG Life Tech Corp. Sec. Litig.*, 287 F.R.D. 262, 265 (S.D.N.Y.2012)

(quoting *Madu, Edozie & Madu, P.C. v. Socketworks Ltd. Nigeria*, 265 F.R.D. 106, 115

(S.D.N.Y.2010)) (internal quotation marks omitted).

Courts have long held that there is "no hierarchy among the subsections in Rule 4(f),"

*Advanced Aerofoil Techs., AG v. Todaro*, 2012 WL 299959, at *1 (S.D.N.Y. Jan. 31, 2012), and

that Rule 4(f)(3) "stands independently, on equal footing" with Rule 4(f)(1), *Rio Props., Inc. v.*

---

[5] China is a signatory to the Hague Convention.  *See* Convention done at the Hague Nov.
15, 1965, art. 10(a), 20 U.S.T. 361, 658 U.N.T.S. 163, C.T.S. 1989/2.  China has objected to
Article 10 of the Hague Convention which authorizes service of process by postal channels.  *Id.*
*See also Lexmark Int'l, Inc. v. Ink Technologies Printer Supplies, LLC*, 291 F.R.D. 172, 175
(S.D. Ohio 2013).

*Rio Int'l Interlink*, 284 F.3d 1007, 1014-15 (9th Cir.2002).  As the Ninth Circuit reasoned in *Rio Properties*:

> As obvious from its plain language, service under Rule 4(f)(3) must be (1) directed by the court; and (2) not prohibited by international agreement. No other limitations are evident from the text ....
>
> By all indications, court-directed service under Rule 4(f)(3) is as favored as service available under Rule 4(f)(1) or Rule 4(f)(2)....
> Rule 4(f)(3) is not subsumed within or in any way dominated by Rule 4(f)'s other subsections; it stands independently, on equal footing. Moreover, no language in Rules 4(f)(1) or 4(f) (2) indicates their primacy, and certainly Rule 4(f)(3) includes no qualifiers or limitations which indicate its availability only after attempting service of process by other means.

*Id.*; *accord GLG Life Tech Corp.*, 287 F.R.D. at 265 (following *Rio Properties*); *Advanced Aerofoil Techs.*, 2012 WL 299959, at *1 (same); *FTC v. PCCare247 Inc.*, 2013 WL 841037, at *2 (S.D.N.Y. Mar. 7, 2013) (similar).  In other words, Rule 4(f)(3) is "merely one means among several which enables service of process on an international defendant" and "is neither a 'last resort' nor 'extraordinary relief.' " *Rio Props.*, 284 F.3d at 1015 (quoting *Forum Fin. Grp., LLC v. President & Fellows of Harvard Coll.*, 199 F.R.D. 22, 23 (D.Me.2001)).

Applying these principles, "numerous courts have authorized alternative service under Rule 4(f)(3) even where the Hague Convention applies." *Richmond Techs., Inc. v. Aumtech Bus. Solutions*, 2011 WL 2607158, at *12 (N.D.Cal. July 1, 2011) (citing cases). *See also Lexmark Int'l, Inc.*, 291 F.R.D. at 175; *Jian Zhang v. Baidu.com Inc.*, 293 F.R.D. 508 (S.D.N.Y. 2013); *Russell Brands, LLC v. GVD Int'l Trading, SA*, 282 F.R.D. 21 (D. Mass. 2012).  By its terms, Rule 4(f)(3) requires only that service be authorized by a court and "not prohibited by international agreement."  So long as those conditions are met, it should not, and does not, matter

7

whether service was attempted pursuant to Rule 4(f)(1) or (2) and, if so, whether or why such service was unsuccessful.[6]  Therefore, it is well within this Court's discretion to approve alternative service on the Taishan Defendants through their United States Lawyers.[7]

> **b.    Alternative Service of Process on the Taishan Defendants is Clearly Justified Under the Facts of this Case**

---

[6] Before authorizing service pursuant to Rule 4(f)(3), some district courts have nevertheless required " '(1) a showing that the plaintiff has reasonably attempted to effectuate service on the defendant, and (2) a showing that the circumstances are such that the court's intervention is necessary.' "  *GLG Life Tech Corp.*, 287 F.R.D. at 265–66 (quoting *United States v. Lebanese Canadian Bank SAL*, 285 F.R.D. 262, 267 (S.D.N.Y.2012), and citing cases).  To that end, "in cases involving service on a person residing in a country that is a signatory to the Hague Convention, courts have often imposed a requirement that litigants first attempt service by means of the Hague Convention before seeking court-ordered alternative service under section 4(f)(3)."  *Id.* at 266 (citing *Devi v. Rajapaska*, 2012 WL 309605, *2 (S.D.N.Y. Jan. 31, 2012)).  Such requirements make good sense, if only "to prevent parties from whimsically seeking alternate means of service and thereby increasing the workload of the courts."  *Id.* (quoting *Ryan v. Brunswick Corp.*, 2002 WL 1628933, at *2 (W.D.N.Y. May 31, 2002)) (internal quotation mark omitted).  In this case, however, the Court need not decide whether or when these requirements apply, as Plaintiffs have fulfilled them given their well documented efforts to serve the Taishan Defendants through the Hague Convention.

[7] Since the PSC proposes that service be effectuated via serving the Taishan Defendants' United States lawyers, it is questionable whether the Hague Convention is even applicable.  The purpose of the Hague Convention is " 'to create appropriate means to ensure that judicial and extrajudicial documents to be served abroad shall be brought to the notice of the addressee in sufficient time.' "  *Burda Media, Inc. v. Viertel*, 417 F.3d 292, 300 (2d Cir.2005) (quoting Hague Convention pmbl.); *see also* Hague Convention art. 1 (stating that the Convention applies "in all cases, in civil or commercial matters, where there is occasion to transmit a judicial or extrajudicial document for service abroad").  As the Supreme Court has explained, "[t]he only transmittal to which the Convention applies is a transmittal abroad that is required as a necessary part of service."  *Volkswagenwerk Aktiengesellschaft v. Schlunk*, 486 U.S. 694, 707 (1988) (emphasis added).  The Convention has "no further implications," therefore, "[w]here service on a domestic agent is valid and complete under both state law and the Due Process Clause."  *Id.*; *see also GLG Life Tech Corp.*, 287 F.R.D. at 267 ("[S]ervice on GLG's counsel ... would not run afoul of the Hague Convention since ... no documents would be transmitted abroad."); *RSM Prod. Corp. v. Fridman*, 2007 WL 2295907, at *3 (S.D.N.Y. Aug. 10, 2007) (holding that the plaintiff's request for court-directed service on the defendant through counsel in the United States pursuant to Rule 4(f)(3) did not implicate the Convention because it involved no transmittal of documents abroad).

Alternative service on the Taishan Defendants' United States lawyers is clearly justified in light of the fact that it will take many years to serve the Taishan Defendants with the outstanding complaints. Not only is there a large backlog of complaints but the history of this litigation suggests it will take a considerable amount of time to effectuate service of the complaints once commenced. This expected delay clearly justifies approval of alternative service on the Taishan Defendants' United States lawyers. *See Lexmark Int'l, Inc.*, 291 F.R.D. at 175 ("Plaintiff also has shown that the circumstances of the case warrant alternative service. This case has been pending for approximately three years, and the Court is well aware of the difficulties encountered by Plaintiff attempting to locate all of the Defendants in this matter. Plaintiff has demonstrated that service on the Chinese entities could be further delayed by more than four months if formal service pursuant to the Hague Convention is required."); *Lyman Morse Boatbuilding Co., Inc. v. Lee*, 2011 WL 52509, at *3 (D.Me. Jan. 6, 2011) (granting the plaintiff's motion for alternative service pursuant to Fed.R.Civ.P. 4(f)(3), finding not only that the Convention did not prohibit such alternative service but, as well, that "any attempt at formal service through the Brazilian judicial system will be, if not fruitless, prolonged for such an extensive period of time that evidence and testimony may well be affected.").[8]

---

[8] "Courts have frequently cited delays in service under the Hague Convention as supporting an order of alternative service under Rule 4(f)(3)." *In GLG Life Tech Corp. Sec. Litig.*, 287 F.R.D. at 266-67. *See, e.g., Brown v. China Integrated Energy, Inc.*, 285 F.R.D. 560, 562-66 (C.D.Cal.2012) (ordering alternative service and noting that service of defendant under the Hague Convention would take four to six months); *Ackerman v. Global Vehicles U.S.A., Inc.*, 2011 WL 3847427, at *3-4 (E.D.Mo. Aug. 26, 2011) (authorizing service on defendant's counsel "so as to not further delay" the lawsuit); *The Knit With v. Knitting Fever, Inc.*, 2010 WL 4977944, at *4-5 (E.D.Pa. Dec. 7, 2010) (plaintiff granted leave to serve a defendant via counsel where Hague Convention service would take up to three months and plaintiff sought a waiver of service from the defendant before seeking leave to serve the defendant by alternative means); *LG Elecs., Inc. v. ASKO Appliances, Inc.*, 2009 WL 1811098, at *4 (D.Del. June 23, 2009)

In light of anticipated delays in serving defendants located in China it should come as no surprise that numerous courts have approved alternative service on Chinese defendants. *See In re LDK Solar Sec. Litig.*, 2008 WL 2415186, * 3-4 (N.D. Cal. June 12, 2008) (permitting service of Chinese subsidiary and individual officers by service on parent company in California because such service is not barred by the Hague Convention); *Lexmark Int'l, Inc.*, 291 F.R.D. at 175 (approving alternative service on Chinese defendant by email); *Jian Zhang*, 293 F.R.D. at 510 (approving alternative service on Chinese defendant's American lawyer); *In re Cathode Ray Tube (CRT) Antitrust Litig.*, 2014 WL 1091044, * 4 (N.D. Cal. Mar. 13, 2014) (rejecting Chinese defendant's argument that it had been improperly served after court had approved alternative service under Rule 4(f)(3) on defendant's American lawyers).

The PSC has experienced considerable delay and expense in serving the Taishan Defendants with its complaints. This delay and expense will continue in the absence of relief from the Court. In order to eliminate the backlog of complaints that need to be served on the Taishan Defendants and to accomplish justice for injured homeowners, it is respectfully submitted that the Court should approve alternative service of process pursuant to Rule 4(f)(3).

> **c.     Service on the Taishan Defendants' United States Lawyers is Permissible and Comports with Due Process**

Since ordering alternative service pursuant to Rule 4(f)(3) is within the Court's discretion and is appropriate under the facts of this case, the only remaining question is whether service on the Taishan Defendants' United States lawyers is a permissible procedure. A method of alternate service is acceptable if it "(1) is not prohibited by international agreement; and (2) comports with

---

(authorizing service on defendant's counsel "to prevent further delays in litigation").

constitutional notions of due process." *S.E.C. v. Anticevic*, 2009 WL 361739, * 3 (S.D.N.Y. Feb.

13, 2009) (citation omitted).  For a method of service to satisfy due process requires "notice

reasonably calculated, under all the circumstances, to apprise interested parties of the pendency

of the action and afford them an opportunity to present their objections."  *Mullane v. Cent.*

*Hanover Bank & Trust Co.*, 339 U.S. 306, 314 (1950)).

Service on a party's lawyers "is a common form of service ordered under Rule 4(f)(3)."

*Richmond Techs.*, 2011 WL 2607158, at * 13.  *See also Knit With*, 2010 WL 4977944, at *4

("Repeatedly, courts around the country have found that service upon a foreign defendant

through counsel is appropriate to prevent further delays in litigation."); *Brown*, 285 F.R.D. at

565-66 (same); *GLG Life Tech Corp.*, 287 F.R.D. at 267 (citing cases).  Further, **"[n]othing in**

**the Hague Convention prohibits such service."**  *Richmond Techs.*, 2011 WL 2607158, at *13

(emphasis added).  Indeed, because service on counsel occurs domestically, and does not involve

transmission of documents abroad, it does not even "implicat[e]" the Hague Convention.

*Volkswagenwerk*, 486 U.S. at 707 ("Where service on a domestic agent is valid and complete

under both state law and the Due Process Clause, our inquiry ends and the Convention has no

further implications."); *accord GLG Life Tech Corp.*, 287 F.R.D. at 267; *RSM Prod. Corp.*, 2007

WL 2295907, at * 3.  *See also*, fn. 7, *supra*.

In any event, service on the Taishan Defendants' domestic counsel will clearly satisfy the

requirements of Due Process.  The Taishan Defendants' United States lawyers have been

continuously representing these defendants since June 10, 2010.  These counsel have been

heavily engaged in this litigation and their representation has not only involved matters before

this Court but has also extended to appeals to the Fifth Circuit Court of Appeals.  The facts of

this case suggest there is "adequate communication" between the Taishan Defendants and their counsel and there is no information to suggest otherwise. *GLG Life Tech Corp.*, 287 F.R.D. at 267 (quoting *Volkswagenwerk*, 486 U.S. at 705); *see also Richmond Techs.*, 2011 WL 2607158, at *13. Accordingly, it is respectfully submitted that service on the Taishan Defendants' United States lawyers will comport with Due Process as it is reasonably calculated to apprise the Taishan Defendants of the pendency of the actions against them and will afford them an opportunity to present any objections.

### III.   **CONCLUSION**

Wherefore, the PSC respectfully requests that the Court approve alternative service of process pursuant to Fed.R.Civ.P. 4(f)(3).

Respectfully submitted,

Dated: June      , 2014

/s/ Russ M. Herman
Russ M. Herman, Esquire (LA Bar No. 6819)
Leonard A. Davis, Esquire (LA Bar No. 14190)
Stephen J. Herman, Esquire (LA Bar No. 23129)
HERMAN, HERMAN & KATZ, LLC
820 O'Keefe Avenue
New Orleans, Louisiana 70113
Phone: (504) 581-4892
Fax: (504) 561-6024
LDavis@hhkc.com
*Plaintiffs' Liaison Counsel*
*MDL 2047*

Arnold Levin (On the Brief)
Fred S. Longer (On the Brief)
Matthew C. Gaughan (On the Brief)
Levin, Fishbein, Sedran & Berman
510 Walnut Street, Suite 500
Philadelphia, PA 19106
215-592-1500 (phone)
215-592-4663 (fax)
Alevin@lfsblaw.com
*Plaintiffs' Lead Counsel*
*MDL 2047*

## PLAINTIFFS' STEERING COMMITTEE

Dawn M. Barrios
Barrios, Kingsdorf & Casteix, LLP
701 Poydras Street, Suite 3650
New Orleans, LA 70139
Phone: (504) 524-3300
Fax: (504) 524-3313
Barrios@bkc-law.com

Daniel E. Becnel, Jr.
Becnel Law Firm. LLC
425 W. Airline Highway, Suite B
Laplace, LA 70068
Phone: (985) 536-1186
Fax: (985) 536-6445
dbecnel@becnellaw.com

Peter Prieto
Podhurst Orseck, P.A.
25 Flagler Street, 8th Floor
Miami, FL 33130
Phone: (305) 358-2800
Fax: (305) 358-2382
pprieto@podhurst.com

Bruce William Steckler
The Steckler Law Firm
12700 Park Central Drive, Ste 1900
Dallas, TX 75251
Phone: (972) 387-4040
Fax: (972) 387-4041
bruce@stecklerlaw.com

Ervin A. Gonzalez
Colson, Hicks, Eidson, Colson
  Matthews, Martinez, Gonzales,
  Kalbac & Kane
255 Alhambra Circle, Penthouse
Cora Gables, FL 33134
Phone: (305) 476-7400
Fax: (305) 476-7444

Ben W. Gordon, Jr.
Levin, Papantonio, Thomas, Mitchell
  Echsner & Proctor, P.A.
316 S. Baylen Street, Suite 600
Pensacola, FL 32502
Phone: (850) 435-7000
Fax: (850) 435-7020
bgordon@levinlaw.com

Hugh P. Lambert
The Lambert Firm
701 Magazine Street
New Orleans, LA 70130
Phone: (504) 581-1750
Fax: (504) 529-2931
hlambert@thelambertfirm.com

Gerald E. Meunier
Gainsburgh, Benjamin, David, Meunier
 & Warshauer, LLC
2800 Energy Centre, 1100 Poydras Street
New Orleans, LA 70163-2800
Phone: (504) 522-2304
Fax: (504) 528-9973
gmeunier@gainsben.com

Jerrold Seth Parker
Parker, Waichman, Alonso LLP
3301 Bonita Beach Road
Bonita Springs, FL 34134
Phone: (239) 390-1000
Fax: (239) 390-0055
Jerry@yourlawyer.com

Scott Wm. Weinstein
Morgan & Morgan
12800 University Drive, Suite 600
Ft. Meyers, FL 33907
Phone: (239) 433-6880
Fax: (239) 433-6836
sweinstein@forthepeople.com

James Robert Reeves
Lumpkin & Reeves
160 Main Street
Biloxi, MS 39530
Phone: (228) 374-5151
Fax: (228) 374-6630

jrr@lumpkinreeves.com

Christopher Seeger
Seeger Weiss, LLP
77 Water Street
New York, NY 10005
Phone: (212) 584-0700
Fax: (212) 584-0799
cseeger@seegerweiss.com

Daniel K. Bryson
Whitfield, Bryson & Mason
900 W. Morgan Street
Raleigh, NC 27603
Phone: (919) 600-5000
Fax: (919) 600-5002
dan@wbmllp.com

Richard J. Serpe, Esquire
Law Offices of Richard J. Serpe
Crown Center, Ste. 310
580 East Main Street
Norfolk, VA 23510-2322
Phone: (757) 233-0009
Fax: (757) 233-0455
rserpe@serpefirm.com

Victor M. Diaz, Jr., Esquire
V.M. Diaz and Partners, LLC
119 Washington Ave, Suite 402
Miami Beach, FL 33139
Phone: (305) 704-3200
Fax: (305) 538-4928
victor@diazpartners.com

## OF COUNSEL TO PLAINTIFFS' STEERING COMMITTEE

Richard S. Lewis
HAUSFELD LLP
1700 K Street, N.W
Suite  650
Washington, DC 20006
Phone: (202) 540-7200
Fax:  (202) 540-7201
rlewis@hausfeldllp.com

Andrew A. Lemmon
Lemmon Law Firm, LLC
P.O. Box 904
15058 River Road
Hahnville, LA 70057
Phone: (985) 783-6789
Fax: (985) 783-1333
andrew@lemmonlawfirm.com

Anthony D. Irpino
IRPINO LAW FIRM
2216 Magazine Street
New Orleans, LA 70130
Phone: (504) 525-1500
Fax: (504) 525-1501
airpino@irpinolaw.com

# EXHIBIT 1

# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE:  CHINESE-MANUFACTURED DRYWALL PRODUCTS LIABILITY LITIGATION | MDL NO. 2047<br>SECTION: L<br>JUDGE FALLON<br>MAG. JUDGE WILKINSON |
| THIS DOCUMENT RELATES TO: ALL CASES AND | |

## THE PLAINTIFFS' STEERING COMMITTEE'S FORTIETH STATUS REPORT PURSUANT TO PRE-TRIAL ORDER 1H (POST-NOTICE OF COMPLETION MOTIONS PRACTICE)

In accordance with Pre-Trial Order 1H [doc# 6083], the Plaintiffs' Steering Committee ("PSC") hereby advises the Court regarding the current status of service of the several omnibus class action complaints:

1.   **Preliminary Statement Regarding the BNBM and CNBM Entities Efforts to Evade Service of Process**

At this stage in the litigation, it is evident that the BNBM and CNBM entities are evading service of process.  In *Amorin, et al. v. Taishan Gypsum Co., Ltd. f/k/a Shandong Taihe Dongxin Co., Ltd., et. al.*, Case No. 2:11-cv-1395 (E.D.La.) (the "Louisiana Complaint") and *Amorin, et al. v. Taishan Gypsum Co., Ltd. f/k/a Shandong Taihe Dongxin Co., Ltd., et. al.*, Case No. 2:11-cv-1672 (E.D.La.) (the "Florida Complaint"), Plaintiffs attempted service on these entities at their long standing addresses.[1]  Plaintiffs were advised that service of process had been refused because there were (1) inaccuracies in the defendants' names and (2) because the defendants had purportedly relocated to new addresses.  Neither provides a sound basis for avoiding service of

---

[1] Plaintiffs have served the BNBM and CNBM entities at these address in the past and have obtained default judgments.  *See* Rec.Doc. #s 7302, 7735, 7736 and 15687.

1

process.

First, so far as defendants refused to accept service of process due to minor variations in

defendants' names, it should be noted that these defendants are named consistent with their

English Language websites. For instance, the Complaint and Summons name, "China National

Building Materials Group Co." as a defendant. Service of the Louisiana Complaint was refused

however on the purported ground that the legal name for this entity is actually "China National

Building Materials Group Company Limited". However, this defendant's English language

website identities this entity as "China National Building Materials Group Corporation". *See*

http://www.cnbm.com.cn/EN/c_0000001600070001/ attached hereto as Exhibit "A" hereto.

Thus, the BNBM and CNBM entities' basis for refusing service of process is confected from an

ambiguity created by the company. It should not be permitted to avoid service based upon the

confusion in name generated by its own doing.

In addition, a minor difference in how a defendant's name is spelled has consistently been

held to be an improper basis for refusing service of process. *See Brackens v. USA Credit*, 233

F.R.D. 613, 614 (D. Kan. 2005); *Scottsdale Ins. Co. v. Littlepage*, 1993 WL 275162, * 4 (E.D.Pa.

July 16, 1993) (refusing to overturn default judgment where there was a minor inaccuracy in the

defendant's name); *McManus v. Washington Gas Light Co.*, 1991 WL 222345, * 6 (D.D.C., Oct

15, 1991); *Tremps v. Ascot Oils, Inc.*, 561 F.2d 41, 44 (7th Cir.1977); *United States v. A.H.

Fischer Co., Inc.*, 162 F.2d 872, 873 (4th Cir.1947) ("A suit at law is not a children's game but a

serious effort on the part of adult human beings to administer justice; and the purpose of process

is to bring parties into court. If it names them in such terms that every intelligent person

understands who is meant, as is the case here, it has fulfilled its purpose; and courts should not

2

put themselves in the position of failing to recognize what is apparent to everyone else."). *See also Triangle Distributing, Inc. v. Shafer, Inc.*, 1991 WL 164333, * 3 (6th Cir. Aug. 23, 1991) (overturning lower court's order refusing to grant motion to correct name of party defendant); *Hensgens v. Deere & Co.*, 869 F.2d 879, 884 (5th Cir. 1989) ("Law is not a game of scrabble. The original timely filed petition naming John Deere Corp. as the defendant interrupted prescription against Deere & Company under Louisiana Civil Code article 3462.").

For instance, in *Aerielle Technologies, Inc. v. Procare Int'l Co.*, 2011 WL 767775 (E.D. Tex. Feb. 28, 2011), the court granted the plaintiff's motion for default judgment even though the summons did not correctly identify the defendant. In so ruling, the Court observed that, "[i]t is well established that [t]he fact that the Defendant's name is in some minor respect inaccurate is not necessarily fatal to service. A mere mistake as to a party's name does not defeat the service." *See Aerielle Technologies, Inc.*, 2011 WL 767775, *2 (internal quotations omitted). Critical to the court's determination that default judgment was appropriate in *Aerielle Technologies, Inc.* was the fact that the defaulted defendant had received actual notice of the litigation. *Id.* Likewise, in the instant litigation, minor inaccuracies in the defendants' names, to the extent there are any, should be disregarded as a basis for avoiding service of process so long as such defendants have notice of the instant litigation.

Second, so far as the BNBM and CNBM entities have refused service since they contend they have relocated to new addresses, Plaintiffs have since perfected service of process on these defendants in *Amorin, et al. v. Taishan Gypsum Co., Ltd. f/k/a Shandong Taihe Dongxin Co., Ltd., et. al.*, Case No. 2:11-cv-1673 (E.D.La.) (the "Virginia Complaint") using the original address where service was refused in the earlier Louisiana and Florida Complaints. BNBM and

CNBM entities are clearly engaged in efforts to avoid service of process. Such irresponsible behavior delays these proceedings and should not be condoned.[2]

2.   **Omnibus I and Related Intervention Complaints.**

A.   *Payton, et al. v. Knauf GIPS KG, et. al.*, Case No. 2:09-cv-07628 (E.D.La.) (Original Omnibus I Complaint):

- 410 domestic defendants have been served;

- 73 domestic defendants - service has been attempted but not yet perfected;

- 4 of the 5 foreign defendants (Knauf Gips KG ("Knauf Gips"); Knauf Plasterboard (Tianjin) Co., Ltd. ("Knauf Tianjin"); Knauf Plasterboard (Wuhu) Co., Ltd. ("Knauf Wuhu"); and Guangdong Knauf New Building Materials Products Co., Ltd. ("Guangdong Knauf")) have been served pursuant to the Hague Convention;

- The PSC has suspended its efforts to serve the other foreign defendant, Rothchilt International, Ltd. ("Rothchilt"), since the whereabouts of this defendant are unknown;

- 85 defendants have been dismissed.

B.   **Amended Omnibus I Complaint [document # 3160]:**

- 379 domestic defendants have been served;

- 34 domestic defendants - service has been attempted but not yet perfected;

---

[2] Even though Plaintiffs have managed to serve the BNBM and CNBM entities with the Virginia Complaint at their original addresses, Plaintiffs are nevertheless reserving the BNBM and CNBM entities at their new addresses consistent with the Hague Convention. When a defendant has relocated to a new address, it is common for courts to order service at a defendants' new address. *See Cruse v. Gibson*, 2012 WL 1145861, * 3 (S.D. Ohio Apr. 5, 2012) (directing plaintiff to provide marshal with defendant's new address for purposes of perfecting service of process); *Parker v. Webber*, 2013 WL 2147195, * 4 (M.D. La. Apr. 25, 2013) (excusing untimely service of complaint as court's earlier order directing marshal to re-serve the defendant at a new address effectively extended time period for service of process to be completed), report and recommendation adopted, 2013 WL 2147237 (M.D. La. May 15, 2013). Indeed, Fed. R. Civ. P. 4 (a)(2) provides that a "court may permit a summons to be amended."

- 4 of the 5 foreign defendants (Knauf Gips, Knauf Tianjin, Knauf Wuhu, and Guangdong Knauf) have been served pursuant to the stipulation on service with Knauf;

- The PSC has suspended its efforts to serve Rothchilt since the whereabouts of this defendant are unknown;

- 59 defendants have been dismissed.

**C.**   **Intervention Complaint by Phillip Kennedy and Lyzet Machado-Kennedy (Omnibus I(A)) [document # 5578]:**

- 324 domestic defendants have been served;

- 55 domestic defendants - service has been attempted but not yet perfected;

- 5 of the 6 foreign defendants (Knauf Gips, Knauf Tianjin, Knauf Wuhu, Guangdong Knauf, and Knauf Insulation GmbH ("Knauf Insulation")) have been served pursuant to the stipulation on service with Knauf;

- The PSC has suspended its efforts to serve Rothchilt since the whereabouts of this defendant are unknown.

**D.**   **Intervention Complaint by Benjamin and Jennifer Abt (Omnibus I(B)) [document # 6563]:**

- 323 domestic defendant has been served with the complaint;

- 44 domestic defendants - service has been attempted but not yet perfected;

- 5 of the 6 foreign defendants (Knauf Gips, Knauf Tianjin, Knauf Wuhu, Guangdong Knauf, and Knauf Insulation) have been served pursuant to the stipulation on service with Knauf;

- The PSC has suspended its efforts to serve Rothchilt since the whereabouts of this defendant are unknown.

    E.     **Intervention Complaint by Bonnie and John H. Adams, III**
            **(Omnibus I(C) [document # 7181]:**

- 308 domestic defendant has been served with the complaint;

- 68 domestic defendants - service has been attempted but not yet perfected;

- 8 of the 9 foreign defendants (Gebrueder Knauf Verwaltungsgesellschaft, KG ("GKV"); Knauf International GmbH ("Knauf International"); Knauf UK GMBH ("Knauf UK"); Knauf Gips; Knauf Tianjin; Knauf Wuhu; Guangdong Knauf; and Knauf Insulation GmbH ("Knauf Insulation")) have been served pursuant to the stipulation on service with Knauf;

- The PSC has suspended its efforts to serve Rothchilt since the whereabouts of this defendant are unknown.

3.      **Omnibus II and Related Intervention Complaints.**

    A.     *Wiltz, et al. v. Beijing New Building Materials Public Limited Co., et. al.,*
            *Case No. 2:10-cv-00361 (E.D.La.) (Omnibus II) [document # 1747]:*

- 171 domestic defendants have been served;

- 53 domestic defendants - service has been attempted but not yet perfected;

- All of the foreign defendants have been served with the complaint;

- 4 of the 5 foreign defendants have been served by virtue of leaving rejected legal process with the defendant (Beijing New Building Materials Public Limited Co.; Taishan Gypsum Co., Ltd.; Taian Taishan Plasterboard Co., Ltd.; and Qinhuangdao Taishan Building Materials Co., Ltd.);

- Counsel for Taishan Gypsum Co., Ltd. and Taian Taishan Plasterboard Co., Ltd. have entered their appearance;

- The Court granted Plaintiffs' motion for preliminary default judgment with regard to Beijing New Building Materials Public Limited Co. [document # 7735];

- 9 of the defendants are listed as unascertainable - the PSC is not presently attempting service on these defendants since their identities and whereabouts are unknown;

- 2 defendants have been dismissed.

**B.      Intervention Complaint by Kenneth and Cynthia Burke (Omnibus II(A)) [document # 5579]:**

- 165 domestic defendants have been served;

- 23 domestic  - APS is in the process of serving summonses and complaints;

- The 5 foreign defendants (Beijing New Building Materials Public Limited Co.; Taishan Gypsum Co., Ltd.; Taian Taishan Plasterboard Co., Ltd.; Qinhuangdao Taishan Building Materials Co., Ltd. and Pingyi Zhongxing Paper-Faced Plasterboard Co., Ltd f/k/a Shandong Chenxiang Building Materials Co., Ltd.) will be served with the complaint in accordance with the requirements of the Hague Convention.  Service on these foreign defendants is currently on hold based on the recommendation of the PSC's process server.  The PSC has obtained an extension of time to serve the defendants with the complaint in this matter [document # 7138];

- 9 of the defendants are listed as unascertainable - the PSC is not presently attempting service on these defendants since their identities and whereabouts are unknown.

**C.      Intervention Complaint by Eduardo and Carmen Armorin (Omnibus II(B)) [document # 6567]:**

- 154 domestic defendants have been served;

- 34 domestic - APS is in the process of serving summonses and complaints;

- The 5 foreign defendants (Beijing New Building Materials Public Limited Co.; Taishan Gypsum Co., Ltd.; Taian Taishan

Plasterboard Co., Ltd.; Qinhuangdao Taishan Building Materials Co., Ltd. and Pingyi Zhongxing Paper-Faced Plasterboard Co., Ltd f/k/a Shandong Chenxiang Building Materials Co., Ltd.) will be served with the complaint in accordance with the requirements of the Hague Convention. Service on these foreign defendants is currently on hold based on the recommendation of the PSC's process server. The PSC has obtained an extension of time to serve the defendants with the complaint in this matter [document # 8325];

- 9 of the defendants are listed as unascertainable - the PSC is not presently attempting service on these defendants since their identities and whereabouts are unknown.

**D.    Intervention Complaint by Clifford Abromatts and Janice Worobec (Omnibus II(C)) [document # 7182]:**

- 153 domestic defendants have been served;
- 35 domestic - APS is in the process of serving summonses and complaints;

- The 5 foreign defendants (Beijing New Building Materials Public Limited Co.; Taishan Gypsum Co., Ltd.; Taian Taishan Plasterboard Co., Ltd.; Qinhuangdao Taishan Building Materials Co., Ltd. and Pingyi Zhongxing Paper-Faced Plasterboard Co., Ltd f/k/a Shandong Chenxiang Building Materials Co., Ltd.) will be served with the complaint in accordance with the requirements of the Hague Convention. Service on these foreign defendants is currently on hold based on the recommendation of the PSC's process server. The PSC has obtained an extension of time to serve the defendants with the complaint in this matter [document # 8325];

- 9 of the defendants are listed as unascertainable - the PSC is not presently attempting service on these defendants since their identities and whereabouts are unknown.

**4.    _Gross_ and Related Intervention Complaints:**

**A.    _Gross, et al. v. Knauf Gips KG, et al._, Case No. 2:09-cv-6690 (E.D.La.) [document # 366]:**

- 35 domestic defendants have been served;

- 5 domestic defendants - service has been attempted but not yet perfected for several reasons.  Some defendants may no longer exist and/or may not be present at their listed addresses.  Efforts to perfect service on these defendants are at an impasse for the moment;

- 40 foreign defendants have been served - of these foreign defendants (Guangdong Knauf, Knauf Wuhu, Knauf DO Brasil, Ltd. ("Knauf Brasil"), and Knauf Gips Indonesia ("Knauf Indonesia")) have been served pursuant to the stipulation on service with Knauf;

- 8 foreign defendants are either in the process of being served under the Hague Convention or cannot currently be served since the PSC does not have a current address for purposes of service (King Shing Steel Enterprises Co., Ltd.; Rothchilt International, Ltd.; Shaanxi Taishan Gypsum Co., Ltd.; Shandong Yifang Gypsum Industry Co., Ltd.; Taishan Gypsum (Hengshui) Co., Ltd.; The China Corporation, LTD; Weifang Aotai Gypsum Co., Ltd.; and Wide Strategy Limited);

- The PSC has suspended its efforts to serve Rothchilt since the whereabouts of this defendant are unknown;

- The Court granted the PSC's omnibus motions seeking preliminary default judgment [document #s 5621 and 6970] against thirty-three foreign defendants who have failed to enter an appearance after being served with the complaint [document #s 7302 and 7736];

- 6 defendants have been dismissed;

- The April 8, 2010 Order amending portions of the *Gross* complaint is currently being served on the defendants.

**B.**  **Intervention Complaint by Mary Anne Benes (Omnibus III) [document # 2187]:**

- 286 domestic defendants have been served;

- 111 domestic defendants - service has been attempted but not yet perfected;

- 40 foreign defendants have been served - of these foreign defendants (Knauf Gips, Knauf Tianjin, Knauf Wuhu, Guangdong Knauf, Knauf Insulation, Knauf Brasil, Knauf Indonesia, and Knauf AMF GMBH & Co., KG ("Knauf AMF")) have been served

9

pursuant to the stipulation on service with Knauf;

- 8 foreign defendants are either in the process of being served under the Hague Convention or cannot currently be served since the PSC does not have a current address for purposes of service (Beijing New Building Materials Public Limited Company; Beijing New Building Materials Group Co., Ltd.; Changzhou Yinhe Wood Industry Co., Ltd.; Shandong Yifang Gypsum Industry Co., Ltd.; Shanghai Yu Yuan Imp. & Exp.Co., Ltd; Taishan Gypsum (Pizhou) Co., Ltd.; Taishan Gypsum Co., Ltd. Lucheng Branch and Weifang Aotai Gypsum Co., Ltd.);

- The PSC has suspended its efforts to serve Rothchilt since the whereabouts of this defendant are unknown;

- 18 defendants have been dismissed.

**C.    Intervention Complaint by Ruben Jaen (Omnibus III(A)) [document # 5580]:**

- 252 domestic defendants have been served;

- 79 domestic defendants - APS is in the process of serving summonses and complaints;

- 8 foreign defendants (Knauf Gips, Knauf Tianjin, Knauf Wuhu, Guangdong Knauf, Knauf Insulation, Knauf Brasil, Knauf Indonesia, and Knauf AMF) have been served pursuant to the stipulation on service with Knauf.  The rem aining foreign defendants will be served with the complaint in accordance with the requirements of the Hague Convention.  Service on these foreign defendants is currently on hold based on the recommendation of the PSC's process server.  The PSC has obtained an extension of time to serve the defendants with the complaint in this matter [document # 7138];

- 40 foreign defendants are in the process of being served under the Hague Convention;

- The PSC has suspended its efforts to serve Rothchilt since the whereabouts of this defendant are unknown.

5. **Omnibus IV and Related Intervention Complaints.**

A. *Rogers, et al. v. Knauf GIPS KG, et. al.*, **Case No. 2:10-cv-00362 (E.D.La.) (Omnibus IV) [document # 1749]:**

- 114 domestic defendants have been served;

- 27 domestic defendants - service has been attempted but not yet perfected;

- Each of the foreign defendants (Knauf Gips, Knauf Tianjin, Knauf Wuhu, and Guangdong Knauf) have been served pursuant to the stipulation on service with Knauf;

- 1 defendant has been dismissed.

B. **Intervention Complaint by Kathleen and Mariss Barbee (Omnibus IV(A)) [document 5575]:**

- 106 domestic defendants have been served;

- 9 domestic defendants - service has been attempted but not yet perfected;

- Each of the foreign defendants (Knauf Gips, Knauf Tianjin, Knauf Wuhu, Guangdong Knauf, and Knauf Insulation) have been served pursuant to the stipulation on service with Knauf.

C. **Intervention Complaint by Roxanne Burey (Omnibus IV(B)) [document # 6568]:**

- 108 domestic defendants have been served;

- 4 domestic defendants - service has been attempted but not yet perfected;

- Each of the foreign defendants (Knauf Gips, Knauf Tianjin, Knauf Wuhu, Guangdong Knauf, and Knauf Insulation) have been served pursuant to the stipulation on service with Knauf.

D. **Intervention Complaint by Alfons and Dawn Bucaj (Omnibus IV(C)) [document # 7178]:**

- 102 domestic defendants have been served;

- 22 domestic defendants - service has been attempted but not yet perfected;

- Each of the foreign defendants (GKV, Knauf International, Knauf UK, Knauf Gips, Knauf Tianjin, Knauf Wuhu, Guangdong Knauf, and Knauf Insulation) have been served pursuant to the stipulation on service with Knauf.

**6.** **Omnibus V Complaint.**

    **A.** ***Dean Dawn Amato, et al. v. Liberty Mutual Insurance Company***, **Case No. 2:10-cv-00932 (E.D.La.) (Omnibus V) [document # 3132]:**

- 184 of the 195 defendants have been served;

- 11 defendants - service has been attempted but not yet perfected for several reasons. Some defendants may no longer exist and/or may not be present at their listed addresses. Efforts to perfect service on these defendants are at an impasse for the moment;

- 2 defendants have been dismissed.

**7.** **Omnibus VI Complaint.**

    **A.** ***Charlene and Tatum Hernandez, et al. v. AAA Insurance, et al.***, **Case No. 2:10-cv-3070 (E.D.La.) (Omnibus VI):**

- The Court granted the PSC's motion to dismiss the Omnibus VI complaint by order dated March 17, 2011 [document # 8199].

**8.** **Omnibus VII Complaint.**

    **A.** ***Abel, et. al. v. Taishan Gypsum Co., Ltd.., f/k/a Shandong Taihe Dongxin Co., Ltd., et. al.***, **Case No. 2:11-cv-080 (E.D.La.) (Omnibus VII):**

- 212 of the 290 domestic defendants have been served;

- The 4 foreign defendants (Shanghai Yuyuan Market Import & Export Co., Ltd.; SIIC Shanghai International Trade (Group) CO., Ltd.; Taian Taishan Plasterboard Co., Ltd. and Taishan Gypsum Co., Ltd. f/k/a Shandong Taihe Dongxin Co., Ltd.) will be served with the complaint in accordance with the requirements of the Hague Convention. Service on these foreign defendants is currently on hold based on the recommendation of the PSC's process server. The PSC has obtained an extension of time to serve the defendants with the complaint in this matter [document # 8325].

9.     **Omnibus VIII Complaint.**

    A.    *Abreu, et. al. v. Gebrueder Knauf Verwaltungsgesellschaft, KG,*
          **Case No. 2:11-cv-252 (E.D.La.) (Omnibus VIII):**

- 99 of the 127 domestic defendants have been served;

- Each of the foreign defendants (GKV, Knauf International, Knauf UK, Knauf Gips, Knauf Tianjin, Knauf Wuhu, Guangdong Knauf, and Knauf Insulation) have been served pursuant to the stipulation on service with Knauf.

10.     **Omnibus IX and Related Complaints.**

    A.    *Haya, et al v. Taishan Gypsum Co., Ltd. f/k/a Shandong Taihe Dongxin Co., Ltd., et al.*
          **Case No.: 11-cv-1077 (E.D.La.) (Omnibus IX):**

- 227 of the 301 domestic defendants have been served;

- The 3 foreign defendants (Qinhuangdao Taishan Building Materials Co., Ltd. a/k/a Qinhuang Dao Taishan Building Materials Co., Ltd.; Taian Taishan Plasterboard Co., Ltd. and Taishan Gypsum Co., Ltd. f/k/a Shandong Taihe Dongxin Co., Ltd.) will be served with the complaint in accordance with the requirements of the Hague Convention. Service on these foreign defendants is currently on hold based on the recommendation of the PSC's process server. The PSC has obtained an extension of time to serve the defendants with the complaint in this matter [document # 9681];

    B.    **Amended Omnibus IX Complaint [document # 8781]:**

- 226 of the 301 domestic defendants have been served;

- The 3 foreign defendants (Qinhuangdao Taishan Building Materials Co., Ltd. a/k/a Qinhuang Dao Taishan Building Materials Co., Ltd.; Taian Taishan Plasterboard Co., Ltd. and Taishan Gypsum Co., Ltd. f/k/a Shandong Taihe Dongxin Co., Ltd.) will be served with the complaint in accordance with the requirements of the Hague Convention. Service on these foreign defendants is currently on hold based on the recommendation of the PSC's process server. The PSC has obtained an extension of time to serve the defendants with the complaint in this matter [document # 9681].

C.   **Second Amended Omnibus IX Complaint**:

- 205 of the 300 domestic defendants have been served;

- The 3 foreign defendants (Qinhuangdao Taishan Building Materials Co., Ltd. a/k/a Qinhuang Dao Taishan Building Materials Co., Ltd.; Taian Taishan Plasterboard Co., Ltd. and Taishan Gypsum Co., Ltd. f/k/a Shandong Taihe Dongxin Co., Ltd.) will be served with the complaint in accordance with the requirements of the Hague Convention. Service on these foreign defendants is currently on hold based on the recommendation of the PSC's process server. The PSC has obtained an extension of time to serve the defendants with the complaint in this matter [document # 9681].

11.   **Omnibus X Complaint.**

A.   *Block, et. al. v. Gebrueder Knauf Verwaltungsgesellschaft, KG, et. al.* **Case No.: 11-cv-1363 (E.D.La.) (Omnibus X):**

- 211 of the 289 domestic defendants have been served;

- Each of the foreign defendants (GKV, Knauf International, Knauf UK, Knauf Gips, Knauf Tianjin, Knauf Wuhu, Guangdong Knauf, and Knauf Insulation) have been served pursuant to the stipulation on service with Knauf.

12.   **Omnibus XI Complaint.**

A.   *Benoit, et al v. Lafarge S.A., et al*, **Case No.: 11-cv-1893 (E.D.La.) (Omnibus XI):**

- 29 of the 41 domestic defendants have been served; and

- All of the foreign defendants have been served with the complaint.

13.   **Omnibus XII Complaint.**

A.   *Arndt, et. al. v. Gebrueder Knauf Verwaltungsgesellschaft, KG, et. al.* **Case No.: 11-cv-2349 (E.D.La.) (Omnibus XII):**

- 81 of the 123 domestic defendants have been served;

- Each of the foreign defendants (GKV, Knauf International, Knauf UK, Knauf Gips, Knauf Tianjin, Knauf Wuhu, Guangdong Knauf, Knauf Insulation, Knauf Brasil, Knauf Indonesia, and Knauf AMF) have been served pursuant to the stipulation on service with Knauf.

14.   **Omnibus XIII Complaint.**

    A.   *Almeroth, et al v. Taishan Gypsum Co., Ltd. f/k/a Shandong Taihe Dongxin Co., Ltd., et al.*
        **Case No.: 12-cv-498 (E.D.La.) (Omnibus XIII):**

- 201 of the 293 domestic defendants have been served;

- The 3 foreign (Taian Taishan Plasterboard Co., Ltd.; Taishan Gypsum Co., Ltd. f/k/a Shandong Taihe Dongxin Co., Ltd. and Qinhuangdao Taishan Building Materials Co., Ltd. a/k/a Qinhuang Dao Taishan Building Materials Co., Ltd.) will be served with the complaint in accordance with the requirements of the Hague Convention. Service on these foreign defendants is currently on hold based on the recommendation of the PSC's process server. The PSC has obtained an extension of time to serve the defendants with the complaint in this matter [document # 13733];

15.   **Omnibus XIV Complaint.**

    A.   *Cassidy, et al v. Gebrueder Knauf Verwaltungsgesellschaft, KG, et al.,*
        **Case No.: 11-cv-3023 (E.D.La.) (Omnibus XIV):**

- 79 of the 112 domestic defendants have been served;

- Each of the foreign defendants (GKV, Knauf International, Knauf UK, Knauf Gips, Knauf Tianjin, Knauf Wuhu, Guangdong Knauf, Knauf Insulation, Knauf Brasil, Knauf Indonesia, and Knauf AMF) have been served pursuant to the stipulation on service with Knauf.

    B.   **Amended Omnibus XIV Complaint:**

- 79 of the 112 domestic defendants have been served;

- Each of the foreign defendants (GKV, Knauf International, Knauf UK, Knauf Gips, Knauf Tianjin, Knauf Wuhu, Guangdong Knauf, Knauf Insulation, Knauf Brasil, Knauf Indonesia, and Knauf AMF) have been served pursuant to the stipulation on service with Knauf.

16.   *Amorin, et al. v. Taishan Gypsum Co., Ltd. f/k/a Shandong Taihe Dongxin Co., Ltd., et al.,* **Case No.: 2:11-cv-1672 (E.D.La.) (Transferred from S.D.Fl.) and Omni XV.**

    A.   *Amorin, et al. v. Taishan Gypsum Co., Ltd. f/k/a Shandong Taihe Dongxin Co., Ltd., et al.,* **Case No.: 2:11-cv-1672 (E.D.La.):**

- 4 of the 4 domestic defendants have been served;

- 37 of 57 foreign defendants have been served.

**B.     Intervention Complaint by Charles and Mary Back (Omnibus XV) [document # 16225]:**

- 4 of the 4 domestic defendants have been served;

- 25 of 57 foreign defendants have been served.

17.   *Amorin, et al. v. Taishan Gypsum Co., Ltd. f/k/a Shandong Taihe Dongxin Co., Ltd., et al.,* **Case No.: 2:11-cv-1395 (E.D.La.) (Filed in E.D.La.) and Omni XVI.**

**A.     *Amorin, et al. v. Taishan Gypsum Co., Ltd. f/k/a Shandong Taihe Dongxin Co., Ltd., et al.,* Case No.: 2:11-cv-1395 (E.D.La.):**

- 4 of the 4 domestic defendants have been served;

- 34 of 57 foreign defendants have been served.

**B.     Intervention Complaint by Doug and Joyce Bacon (Omnibus XVI) [document # 16227]:**

- 4 of the 4 domestic defendants have been served;

- The 57 foreign defendants will be served with the complaint in accordance with the requirements of the Hague Convention. Service on these foreign defendants is currently on hold based on the recommendation of the PSC's process server. The PSC has obtained an extension of time to serve the defendants with the complaint in this matter [document # 16356].

18.   *Amorin, et al. v. Taishan Gypsum Co., Ltd. f/k/a Shandong Taihe Dongxin Co., Ltd., et al.,* **Case No.: 2:11-cv-1673 (E.D.La.) (Transferred from E.D.Va.) and Omni XVII.**

**A.     *Amorin, et al. v. Taishan Gypsum Co., Ltd. f/k/a Shandong Taihe Dongxin Co., Ltd., et al.,* Case No.: 2:11-cv-1673 (E.D.La.):**

- 4 of the 4 domestic defendants have been served;

- 35 of 57 foreign defendants have been served.

**B.     Intervention Complaint by Robert and Anne Bailey (Omnibus XVII) [document # 16228]:**

- 4 of the 4 domestic defendants have been served;

- The 57 foreign defendants will be served with the complaint in accordance with the requirements of the Hague Convention. Service on these foreign defendants is currently on hold based on the recommendation of the PSC's process server. The PSC has obtained an extension of time to serve the defendants with the complaint in this matter [document # 16356].

Based on the current status of service and discovery, the PSC is not prepared to file a notice of completion of amendments for any of the omnibus class action complaints. To further inform the Court regarding the status of service of process, the PSC is appending charts hereto that document the current status of service on foreign defendants where complaints are being actively served on foreign defendants. *See* Exhibit "B" through Exhibit "U" hereto.

Respectfully submitted,

Dated: May 30, 2014

/s/ Russ M. Herman
Russ M. Herman, Esquire (LA Bar No. 6819)
Leonard A. Davis, Esquire (LA Bar No. 14190)
Stephen J. Herman, Esquire (LA Bar No. 23129)
HERMAN, HERMAN & KATZ, LLC
820 O'Keefe Avenue
New Orleans, Louisiana 70113
Phone: (504) 581-4892
Fax: (504) 561-6024
LDavis@hhkc.com
*Plaintiffs' Liaison Counsel*
*MDL 2047*

Arnold Levin (On the Brief)
Fred S. Longer (On the Brief)
Matthew C. Gaughan (On the Brief)
Levin, Fishbein, Sedran & Berman
510 Walnut Street, Suite 500
Philadelphia, PA 19106
215-592-1500 (phone)
215-592-4663 (fax)
Alevin@lfsblaw.com
*Plaintiffs' Lead Counsel*
*MDL 2047*

## PLAINTIFFS' STEERING COMMITTEE

Dawn M. Barrios
Barrios, Kingsdorf & Casteix, LLP
701 Poydras Street, Suite 3650
New Orleans, LA 70139
Phone: (504) 524-3300
Fax: (504) 524-3313
Barrios@bkc-law.com

Daniel E. Becnel, Jr.
Becnel Law Firm. LLC
425 W. Airline Highway, Suite B
Laplace, LA 70068
Phone: (985) 536-1186
Fax: (985) 536-6445
dbecnel@becnellaw.com

Robert C. Josefsberg
Podhurst Orseck, P.A.
25 Flagler Street, 8th Floor
Miami, FL 33130
Phone: (305) 358-2800
Fax: (305) 358-2382
rjosefsberg@podhurst.com

Bruce William Steckler
The Steckler Law Firm
12700 Park Central Drive, Ste 1900
Dallas, TX 75251
Phone: (972) 387-4040
Fax: (972) 387-4041
bruce@stecklerlaw.com

Ervin A. Gonzalez
Colson, Hicks, Eidson, Colson
 Matthews, Martinez, Gonzales,
 Kalbac & Kane
255 Alhambra Circle, Penthouse
Cora Gables, FL 33134
Phone: (305) 476-7400
Fax: (305) 476-7444

Ben W. Gordon, Jr.
Levin, Papantonio, Thomas, Mitchell
 Echsner & Proctor, P.A.
316 S. Baylen Street, Suite 600
Pensacola, FL 32502
Phone: (850) 435-7000
Fax: (850) 435-7020
bgordon@levinlaw.com

Hugh P. Lambert
The Lambert Firm
701 Magazine Street
New Orleans, LA 70130
Phone: (504) 581-1750
Fax: (504) 529-2931
hlambert@thelambertfirm.com

Gerald E. Meunier
Gainsburgh, Benjamin, David, Meunier
 & Warshauer, LLC
2800 Energy Centre, 1100 Poydras Street
New Orleans, LA 70163-2800
Phone: (504) 522-2304
Fax: (504) 528-9973
gmeunier@gainsben.com

Jerrold Seth Parker
Parker, Waichman, Alonso LLP
3301 Bonita Beach Road
Bonita Springs, FL 34134
Phone: (239) 390-1000
Fax: (239) 390-0055
Jerry@yourlawyer.com

Scott Wm. Weinstein
Morgan & Morgan
12800 University Drive, Suite 600
Ft. Meyers, FL 33907
Phone: (239) 433-6880
Fax: (239) 433-6836
sweinstein@forthepeople.com

James Robert Reeves
Lumpkin & Reeves
160 Main Street
Biloxi, MS 39530
Phone: (228) 374-5151
Fax: (228) 374-6630
jrr@lumpkinreeves.com

Christopher Seeger
Seeger Weiss, LLP
77 Water Street
New York, NY 10005
Phone: (212) 584-0700
Fax: (212) 584-0799
cseeger@seegerweiss.com

Daniel K. Bryson
Whitfield, Bryson & Mason
900 W. Morgan Street
Raleigh, NC 27603
Phone: (919) 600-5000
Fax: (919) 600-5002
dan@wbmllp.com

Richard J. Serpe, Esquire
Law Offices of Richard J. Serpe
Crown Center, Ste. 310
580 East Main Street
Norfolk, VA 23510-2322
Phone: (757) 233-0009
Fax: (757) 233-0455
rserpe@serpefirm.com

Victor M. Diaz, Jr., Esquire
V.M. Diaz and Partners, LLC
119 Washington Ave, Suite 402
Miami Beach, FL 33139
Phone: (305) 704-3200
Fax: (305) 538-4928
victor@diazpartners.com

## OF COUNSEL TO PLAINTIFFS' STEERING COMMITTEE

Richard S. Lewis
HAUSFELD LLP
1700 K Street, N.W
Suite 650
Washington, DC 20006
Phone: (202) 540-7200
Fax: (202) 540-7201
rlewis@hausfeldllp.com

Andrew A. Lemmon
Lemmon Law Firm, LLC
P.O. Box 904
15058 River Road
Hahnville, LA 70057
Phone: (985) 783-6789
Fax: (985) 783-1333
andrew@lemmonlawfirm.com

## CERTIFICATE OF SERVICE

I hereby certify that the above and foregoing Status Report Pursuant to Pre-Trial Order 1H (Post-Notice of Completion Motions Practice) has been served on Defendants' Liaison Counsel, Kerry Miller, by e-mail and upon all parties by electronically uploading the same to LexisNexis File & Serve in accordance with Pre-Trial Order No. 6, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2047 on this 30th day of May, 2014.

/s/ Leonard A. Davis
Leonard A. Davis, Esquire
HERMAN, HERMAN & KATZ, LLP
820 O'Keefe Avenue
New Orleans, Louisiana 70113
Phone: (504) 581-4892
Fax: (504) 561-6024
Ldavis@hhkc.com
Plaintiffs' Liaison Counsel
MDL 2047

*Co-counsel for Plaintiffs*

# EXHIBIT A

 



About CNBM  |  News Center  |  Business Platform  |  CNBM worldwide  |  Social Responsibility  |  Contact us

Home > About CNBM > CNBM at a glance



About CNBM

CNBM at a glance
Chairman's Address
Board of Directors
Senior Management
Strategy
Achievements and Awards
Management Style

All CNBM Group Websites

— Subsidiaries —



China National Building Materials Group Corporation (CNBM) was established in 1984 with approval from the State Council, and then became a Central Enterprise under direct supervision of State-owned Assets Supervision and Administration Commission of the State Council in 2003.

Upholding the philosophy of "Making Best Use of Resources to Serve Construction", and vigorously carrying out such strategies as "technical innovation", "internationalization of building materials", and "building strength with talents", CNBM is the largest comprehensive building materials industry group in China that integrates scientific research, manufacturing and logistics into one entity, and consists of four business platforms, i.e. industry, technology, complete set of equipment, and trading & logistics. As of the end of 2009, CNBM's total assets exceeded RMB 110 billion, with 100,000 employees, and 20 companies under direct management with 100% share control or majority control, among which 6 were listed companies, including 2 overseas listed.

CNBM practices the parent-subsidiary management system, and is one of those wholly state-owned enterprises carrying out the pilot trial of Board of Directors system and innovation system. As the strategic center, decision center, resources center, and policy & culture center, our Group exercises its right as a contributor. Whereas, our sub-groups functioning as business platforms, are mandated to construct the profit center based on their core competences to enlarge brand awareness and increase market share.

Copyright©2003China National Building Material Group Corporation

# EXHIBIT B

| PAYTON V. KNAUF GIPS, KG, ET AL<br>09-7628<br>OMNIBUS I COMPLAINT | | |
|---|---|---|
| **DEFENDANT** | **ADDRESS FOR SERVICE** | **SERVICE WAS MADE** |
| Knauf Gips KG | Postfach 10, 97343<br>Iphofen, Germany | 7/2/10 |
| Guangdong Knauf New Building Materials Products Co., Ltd. | Ma'er Xinsha Development Zone<br>Mayong County<br>Dongguan City<br>Guangdong, 523147<br>P.R. China | 7/20/10 |
| Knauf Plasterboard (Tianjin) Co., Ltd. | North Yinhe Bridge<br>East Jingjin Road<br>Beichen District<br>Tianjin, 300400 P.R.C. | 7/9/2010 |
| Knauf Plasterboard (Wuhu) Co. Ltd. | No. 2 Gang Wan Road<br>Wuhu Economic & Technological Development Area<br>Aihui, 241009, PR China | 7/8/10 |

# EXHIBIT C

| PAYTON v. KNAUF GIPS, KG, ET AL<br>09-7628<br>AMENDED OMNIBUS I COMPLAINT | | |
|---|---|---|
| DEFENDANT | ADDRESS FOR SERVICE | SERVICE WAS MADE |
| Knauf Gips KG | Kerry J. Miller, Esquire<br>Frilot LLC<br>Suite 3700<br>1100 Poydras Street<br>New Orleans LA 70130 | January 4, 2011 |
| Guangdong Knauf New Building Materials Products Co., Ltd. | Kerry J. Miller, Esquire<br>Frilot LLC<br>Suite 3700<br>1100 Poydras Street<br>New Orleans LA 70130 | January 4, 2011 |
| Knauf Plasterboard (Tianjin) Co., Ltd. | Kerry J. Miller, Esquire<br>Frilot LLC<br>Suite 3700<br>1100 Poydras Street<br>New Orleans LA 70130 | January 4, 2011 |
| Knauf Plasterboard (Wuhu) Co. Ltd. | Kerry J. Miller, Esquire<br>Frilot LLC<br>Suite 3700<br>1100 Poydras Street<br>New Orleans LA 70130 | January 4, 2011 |

# EXHIBIT D

| *PAYTON V. KNAUF GIPS, KG, ET AL*<br>*09-7628*<br>*OMNIBUS I (A) COMPLAINT* | | |
|---|---|---|
| **DEFENDANT** | **ADDRESS FOR SERVICE** | **SERVICE WAS MADE** |
| Knauf Gips KG | Kerry J. Miller, Esquire<br>Frilot LLC<br>Suite 3700<br>1100 Poydras Street<br>New Orleans LA 70130 | December 29, 2010 |
| Knauf Insulation GmbH a/k/a Knauf USA and/or Knuaf Insulation USA | Kerry J. Miller, Esquire<br>Frilot LLC<br>Suite 3700<br>1100 Poydras Street<br>New Orleans LA 70130 | December 29, 2010 |
| Guangdong Knauf New Building Materials Products Co., Ltd. | Kerry J. Miller, Esquire<br>Frilot LLC<br>Suite 3700<br>1100 Poydras Street<br>New Orleans LA 70130 | December 29, 2010 |
| Knauf Plasterboard (Tianjin) Co., Ltd. | Kerry J. Miller, Esquire<br>Frilot LLC<br>Suite 3700<br>1100 Poydras Street<br>New Orleans LA 70130 | December 29, 2010 |
| Knauf Plasterboard (Wuhu) Co. Ltd. | Kerry J. Miller, Esquire<br>Frilot LLC<br>Suite 3700<br>1100 Poydras Street<br>New Orleans LA 70130 | December 29, 2010 |

# EXHIBIT E

| PAYTON v. KNAUF GIPS, KG, ET AL<br>09-7628<br>OMNIBUS I (B) COMPLAINT | | |
|---|---|---|
| DEFENDANT | ADDRESS FOR SERVICE | SERVICE WAS MADE |
| Knauf Gips KG | Kerry J. Miller, Esquire<br>Frilot LLC<br>Suite 3700<br>1100 Poydras Street<br>New Orleans LA 70130 | January 31, 2011 |
| Knauf Insulation GmbH a/k/a Knauf USA and/or Knuaf Insulation USA | Kerry J. Miller, Esquire<br>Frilot LLC<br>Suite 3700<br>1100 Poydras Street<br>New Orleans LA 70130 | January 31, 2011 |
| Guangdong Knauf New Building Materials Products Co., Ltd. | Kerry J. Miller, Esquire<br>Frilot LLC<br>Suite 3700<br>1100 Poydras Street<br>New Orleans LA 70130 | January 31, 2011 |
| Knauf Plasterboard (Tianjin) Co., Ltd. | Kerry J. Miller, Esquire<br>Frilot LLC<br>Suite 3700<br>1100 Poydras Street<br>New Orleans LA 70130 | January 31, 2011 |
| Knauf Plasterboard (Wuhu) Co. Ltd. | Kerry J. Miller, Esquire<br>Frilot LLC<br>Suite 3700<br>1100 Poydras Street<br>New Orleans LA 70130 | January 31, 2011 |

# EXHIBIT F

| *PAYTON V. KNAUF GIPS, KG, ET AL*<br>*09-7628*<br>*OMNIBUS I (C) COMPLAINT* | | |
| --- | --- | --- |
| DEFENDANT | ADDRESS FOR SERVICE | SERVICE WAS MADE |
| Knauf Gips KG | Kerry J. Miller, Esquire<br>Frilot LLC<br>Suite 3700<br>1100 Poydras Street<br>New Orleans LA 70130 | February 4, 2011 |
| Knauf Insulation GmbH a/k/a Knauf USA and/or Knuaf Insulation USA | Kerry J. Miller, Esquire<br>Frilot LLC<br>Suite 3700<br>1100 Poydras Street<br>New Orleans LA 70130 | February 4, 2011 |
| Guangdong Knauf New Building Materials Products Co., Ltd. | Kerry J. Miller, Esquire<br>Frilot LLC<br>Suite 3700<br>1100 Poydras Street<br>New Orleans LA 70130 | February 4, 2011 |
| Knauf Plasterboard (Tianjin) Co., Ltd. | Kerry J. Miller, Esquire<br>Frilot LLC<br>Suite 3700<br>1100 Poydras Street<br>New Orleans LA 70130 | February 4, 2011 |
| Knauf Plasterboard (Wuhu) Co. Ltd. | Kerry J. Miller, Esquire<br>Frilot LLC<br>Suite 3700<br>1100 Poydras Street<br>New Orleans LA 70130 | February 4, 2011 |

# EXHIBIT G

| WILTZ V. BEIJING NEW BUILDING MATERIALS PUBLIC LIMITED CO. 10-361 OMNIBUS II COMPLAINT | | |
|---|---|---|
| **DEFENDANT** | **ADDRESS FOR SERVICE** | **SERVICE WAS MADE** |
| Beijing New Building Materials Public Limited Co. | No. 16 West Road Jiancaicheng Xisanqi Haidian District Beijing China 100096 | 8/25/10 Served with rejected legal process. |
| Pingyi Zhongxing Paper-Faced Plasterboard Co., Ltd f/k/a Shandong Chenxiang Building Materials Co., Ltd. | Dongyang Dianzi Cun (Village), Pingyi Zhen (Town), Pingyi Xian (County), Shandong, China 273300 Contact: Mr. Wang, Kaixue | 10/15/10 |
| Qinhuangdao Taishan Building Material Co. Ltd. a/k/a Qinhuang Dao Taishan Building Material Co., Ltd | Gangcheng Street East No. 69 Haigang District Qinhuangdao 066000 | 7/28/10 Served with rejected legal process. |
| Taian Taishan Plasterboard Co., Ltd. | Beixiyao Village Dawenkou Taian Shandong 271000 China | 9/25/10 Served with rejected legal process. |
| Taishan Gypsum Co., Ltd. f/k/a Shandong Taihe Dongxin Co., Ltd. | Dawenkou Daiyue District East of National Road 104, 25km South Tai'an City 271000 Taian, Shandong, China | 9/25/10 Served with rejected legal process. |