# EXHIBIT B

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE:  CHINESE-MANUFACTURED DRYWALL PRODUCTS LIABILITY LITIGATION | MDL NO. 2047 SECTION: L JUDGE FALLON MAG. JUDGE WILKINSON |

THIS DOCUMENT RELATES TO:
ALL CASES AND

*Amorin, et al. v. Taishan Gypsum Co., Ltd. f/k/a Shandong Taihe Dongxin Co., Ltd., et. al.,*  Case No. 2:11-cv-1395 (E.D.La.)

*Amorin, et al. v. Taishan Gypsum Co., Ltd. f/k/a Shandong Taihe Dongxin Co., Ltd., et. al.,*  Case No. 2:11-cv-1672 (E.D.La.)

*Amorin, et al. v. Taishan Gypsum Co., Ltd. f/k/a Shandong Taihe Dongxin Co., Ltd., et. al.,*  Case No. 2:11-cv-1673 (E.D.La.)

## <u>NOTICE OF HEARING</u>

Please take notice that, upon the pleading and other matters of record, the undersigned has moved the Court before the Honorable Judge Eldon E. Fallon, United States District Court for the Eastern District of Louisiana, Room C456, United States Courthouse, 500 Poydras Street, New Orleans, Louisiana, 70130, following the Court's next monthly status conference, or as soon thereafter as counsel can be heard, for an order on the Plaintiffs' fifth omnibus motion for preliminary default judgment, and for such other and further relief as the Court may deem just and appropriate.

Dated:   June     , 2014

Respectfully submitted,

/s/ Russ M. Herman
Russ M. Herman, Esquire (LA Bar No. 6819)
Leonard A. Davis, Esquire (LA Bar No. 14190)
Stephen J. Herman, Esquire (LA Bar No. 23129)
HERMAN, HERMAN & KATZ, LLC
820 O'Keefe Avenue
New Orleans, Louisiana 70113
Phone: (504) 581-4892
Fax: (504) 561-6024
LDavis@hhkc.com
*Plaintiffs' Liaison Counsel*
*MDL 2047*

Arnold Levin (On the Brief)
Fred S. Longer (On the Brief)
Matthew C. Gaughan (On the Brief)
Levin, Fishbein, Sedran & Berman
510 Walnut Street, Suite 500
Philadelphia, PA 19106
215-592-1500 (phone)
215-592-4663 (fax)
Alevin@lfsblaw.com
*Plaintiffs' Lead Counsel*
*MDL 2047*

## PLAINTIFFS' STEERING COMMITTEE

Dawn M. Barrios
Barrios, Kingsdorf & Casteix, LLP
701 Poydras Street, Suite 3650
New Orleans, LA 70139
Phone: (504) 524-3300
Fax: (504) 524-3313
Barrios@bkc-law.com

Daniel E. Becnel, Jr.
Becnel Law Firm. LLC
425 W. Airline Highway, Suite B
Laplace, LA 70068
Phone: (985) 536-1186
Fax: (985) 536-6445
dbecnel@becnellaw.com

2

Peter Prieto
Podhurst Orseck, P.A.
25 Flagler Street, 8th Floor
Miami, FL 33130
Phone: (305) 358-2800
Fax: (305) 358-2382
pprieto@podhurst.com

Bruce William Steckler
The Steckler Law Firm
12700 Park Central Drive, Ste 1900
Dallas, TX 75251
Phone: (972) 387-4040
Fax: (972) 387-4041
bruce@stecklerlaw.com

Ervin A. Gonzalez
Colson, Hicks, Eidson, Colson
 Matthews, Martinez, Gonzales,
 Kalbac & Kane
255 Alhambra Circle, Penthouse
Cora Gables, FL 33134
Phone: (305) 476-7400
Fax: (305) 476-7444

Ben W. Gordon, Jr.
Levin, Papantonio, Thomas, Mitchell
 Echsner & Proctor, P.A.
316 S. Baylen Street, Suite 600
Pensacola, FL 32502
Phone: (850) 435-7000
Fax: (850) 435-7020
bgordon@levinlaw.com

Hugh P. Lambert
The Lambert Firm
701 Magazine Street
New Orleans, LA 70130
Phone: (504) 581-1750
Fax: (504) 529-2931
hlambert@thelambertfirm.com

Gerald E. Meunier
Gainsburgh, Benjamin, David, Meunier
 & Warshauer, LLC
2800 Energy Centre, 1100 Poydras Street
New Orleans, LA 70163-2800
Phone: (504) 522-2304
Fax: (504) 528-9973
gmeunier@gainsben.com

Jerrold Seth Parker
Parker, Waichman, Alonso LLP
3301 Bonita Beach Road
Bonita Springs, FL 34134
Phone: (239) 390-1000
Fax: (239) 390-0055
Jerry@yourlawyer.com

Scott Wm. Weinstein
Morgan & Morgan
12800 University Drive, Suite 600
Ft. Meyers, FL 33907
Phone: (239) 433-6880
Fax: (239) 433-6836
sweinstein@forthepeople.com

James Robert Reeves
Lumpkin & Reeves
160 Main Street
Biloxi, MS 39530
Phone: (228) 374-5151
Fax: (228) 374-6630
jrr@lumpkinreeves.com

Christopher Seeger
Seeger Weiss, LLP
77 Water Street
New York, NY 10005
Phone: (212) 584-0700
Fax: (212) 584-0799
cseeger@seegerweiss.com

Daniel K. Bryson
Whitfield, Bryson & Mason
900 W. Morgan Street
Raleigh, NC 27603
Phone: (919) 600-5000
Fax: (919) 600-5002
dan@wbmllp.com

Richard J. Serpe, Esquire
Law Offices of Richard J. Serpe
Crown Center, Ste. 310
580 East Main Street
Norfolk, VA 23510-2322
Phone: (757) 233-0009
Fax: (757) 233-0455
rserpe@serpefirm.com

Victor M. Diaz, Jr., Esquire
V.M. Diaz and Partners, LLC
119 Washington Ave, Suite 402
Miami Beach, FL 33139
Phone: (305) 704-3200
Fax: (305) 538-4928
victor@diazpartners.com

## OF COUNSEL TO PLAINTIFFS' STEERING COMMITTEE

Richard S. Lewis
HAUSFELD LLP
1700 K Street, N.W
Suite  650
Washington, DC 20006
Phone: (202) 540-7200
Fax:  (202) 540-7201
rlewis@hausfeldllp.com

Andrew A. Lemmon
Lemmon Law Firm, LLC
P.O. Box 904
15058 River Road
Hahnville, LA 70057
Phone: (985) 783-6789
Fax: (985) 783-1333
andrew@lemmonlawfirm.com

Anthony D. Irpino
IRPINO LAW FIRM
2216 Magazine Street
New Orleans, LA 70130
Phone: (504) 525-1500
Fax: (504) 525-1501
airpino@irpinolaw.com

## CERTIFICATE OF SERVICE

I hereby certify that the above and foregoing Notice of Hearing has been served on Defendants' Liaison Counsel, Kerry Miller, and Home Builders and Installers Liaison Counsel, Phillip Wittmann, via email and United States first class mail, and upon all represented parties by electronically uploading the same to Lexis Nexis File & Serve in accordance with Pre-Trial Order No. 6, and that the foregoing was electronically filed with the Clerk of the Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2047 on this on this      day of June, 2014.

I further certify that service on all Defaulting Defendants who are impacted by the Plaintiffs' Fifth Omnibus Motion for Preliminary Default Judgement was made by United States first class mail.

/s/ Leonard A. Davis
Leonard A. Davis, Esquire
Herman, Herman & Katz, LLP
820 O'Keefe Avenue
New Orleans, Louisiana 70113
Phone: (504) 581-4892
Fax: (504) 561-6024
LDavis@hhkc.com
Plaintiffs' Liaison Counsel
MDL 2047

5

## UNITED STATES DISTRICT COURT
### EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: CHINESE-MANUFACTURED DRYWALL PRODUCTS LIABILITY LITIGATION | MDL NO. 2047<br>SECTION: L<br>JUDGE FALLON<br>MAG. JUDGE WILKINSON |

**THIS DOCUMENT RELATES TO:**

**Amorin, et al. v. Taishan Gypsum Co., Ltd. f/k/a Shandong Taihe Dongxin Co., Ltd., et. al.,  Case No. 2:11-cv-1395 (E.D.La.)**

**Amorin, et al. v. Taishan Gypsum Co., Ltd. f/k/a Shandong Taihe Dongxin Co., Ltd., et. al.,  Case No. 2:11-cv-1672 (E.D.La.)**

**Amorin, et al. v. Taishan Gypsum Co., Ltd. f/k/a Shandong Taihe Dongxin Co., Ltd., et. al.,  Case No. 2:11-cv-1673 (E.D.La.)**

## ORDER

AND NOW, on this _____ Day of _____, 2014, upon consideration of the Plaintiffs' Fifth Omnibus Motion for Preliminary Default Judgement, it is hereby ORDERED, ADJUDGED AND DECREED that said motion is GRANTED.

Plaintiffs are awarded preliminary default judgement against the defendants with whom they are aligned as follows:

1.  With respect to the proceedings in *Amorin, et al. v. Taishan Gypsum Co., Ltd. f/k/a Shandong Taihe Dongxin Co., Ltd., et. al.*, Case No. 2:11-cv-1395 (E.D.La.) (originally filed in the Eastern District of Louisiana), Plaintiffs are awarded default judgment against the defendants identified in Exhibit "A" hereto; and

2.  With respect to the proceedings in *Amorin, et al. v. Taishan Gypsum Co., Ltd. f/k/a Shandong Taihe Dongxin Co., Ltd., et. al.*, Case No. 2:11-cv-1672 (E.D.La.) (originally filed in the Southern District of Florida prior to being transferred to

this Court), Plaintiffs are awarded default judgment against the defendants identified in Exhibit "B" hereto; and

3.    With respect to the proceedings in *Amorin, et al. v. Taishan Gypsum Co., Ltd. f/k/a Shandong Taihe Dongxin Co., Ltd., et. al.*, Case No. 2:11-cv-1673 (E.D.La.) (originally filed in the Eastern District of Virginia before being transferred to this Court), Plaintiffs are awarded default judgment against the defendants identified in Exhibit "C" hereto.

Plaintiffs and the class they seek to represent are entitled to the entry of default and preliminary default judgment against the Defaulting Defendants with whom they are aligned on liability, with damages to be determined on further submission according to proof.

By the Court,

_____
                                                    J.

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE:  CHINESE-MANUFACTURED DRYWALL PRODUCTS LIABILITY LITIGATION | MDL NO. 2047 SECTION: L JUDGE FALLON MAG. JUDGE WILKINSON |

**THIS DOCUMENT RELATES TO:**

Amorin, et al. v. Taishan Gypsum Co., Ltd.
f/k/a Shandong Taihe Dongxin Co., Ltd., et.
al.,  Case No. 2:11-cv-1395 (E.D.La.)

Amorin, et al. v. Taishan Gypsum Co., Ltd.
f/k/a Shandong Taihe Dongxin Co., Ltd., et.
al.,  Case No. 2:11-cv-1672 (E.D.La.)

Amorin, et al. v. Taishan Gypsum Co., Ltd.
f/k/a Shandong Taihe Dongxin Co., Ltd., et.
al.,  Case No. 2:11-cv-1673 (E.D.La.)

## PLAINTIFFS' FIFTH OMNIBUS MOTION
## FOR PRELIMINARY DEFAULT JUDGMENT

Plaintiffs by and through their counsel, respectfully move this Honorable Court for an Order, in the form appended hereto, entering preliminary default judgment against defendants (hereafter the "Defaulting Defendants") who have failed to timely enter an appearance after being served with Plaintiffs' Class Action Complaints.  For each of the class action complaints at issue in this motion, the Defaulting Defendants are as follows:

1.      With respect to the proceedings in *Amorin, et al. v. Taishan Gypsum Co., Ltd. f/k/a Shandong Taihe Dongxin Co., Ltd., et. al.*, Case No. 2:11-cv-1395 (E.D.La.) (originally filed in the Eastern District of Louisiana), the defaulting defendants are set forth in Exhibit "A" to this motion; and

2.      With respect to the proceedings in *Amorin, et al. v. Taishan Gypsum Co., Ltd. f/k/a Shandong Taihe Dongxin Co., Ltd., et. al.*, Case No. 2:11-cv-1672 (E.D.La.)

(originally filed in the Southern District of Florida prior to being transferred to this Court), the defaulting defendants are set forth in Exhibit "B" to this motion; and

3.    With respect to the proceedings in *Amorin, et al. v. Taishan Gypsum Co., Ltd. f/k/a Shandong Taihe Dongxin Co., Ltd., et. al.*, Case No. 2:11-cv-1673 (E.D.La.) (originally filed in the Eastern District of Virginia before being transferred to this Court), the defaulting defendants are set forth in Exhibit "C" to this motion.

Service of process has been perfected on each of the Defaulting Defendants on the dates set forth in Exhibits "A" through "C". Notwithstanding that service of process has been perfected on these defendants, the Defaulting Defendants have failed to enter an appearance despite this Court's instruction that parties failing to do so will be subject to default judgement. *See* Minute Entry dated August 11, 2009 [Document # 165]. *See also* Pretrial Order No. 1G (clarifying that counsel must enter an appearance within twenty (20) days after service of a complaint on their client) [Document # 3348]. Nor have these defendants answered the complaints or otherwise defended themselves within the period contemplated by Fed.Rule Civ. Proc. 12.

Pursuant to Fed.R.Civ. P. 55, preliminary default judgement should be entered against each of the Defaulting Defendants since they have not entered an appearance, answered the applicable complaint, or otherwise offered any defense in the actions where they are currently in default, notwithstanding that service of the complaints was perfected on the Defaulting Defendants as set forth in Exhibits "A" through "C". For this reason, as well as those set forth in the memorandum of law submitted in conjunction herewith, Plaintiffs respectfully request that the Court enter preliminary default judgment against each of the Defaulting Defendants.

Dated: June    , 2014

Respectfully submitted,

/s/ Russ M. Herman
Russ M. Herman, Esquire (LA Bar No. 6819)
Leonard A. Davis, Esquire (LA Bar No. 14190)
Stephen J. Herman, Esquire (LA Bar No. 23129)
HERMAN, HERMAN & KATZ, LLC
820 O'Keefe Avenue
New Orleans, Louisiana 70113
Phone: (504) 581-4892
Fax: (504) 561-6024
LDavis@hhkc.com
*Plaintiffs' Liaison Counsel*
*MDL 2047*

Arnold Levin (On the Brief)
Fred S. Longer (On the Brief)
Matthew C. Gaughan (On the Brief)
Levin, Fishbein, Sedran & Berman
510 Walnut Street, Suite 500
Philadelphia, PA 19106
215-592-1500 (phone)
215-592-4663 (fax)
Alevin@lfsblaw.com
*Plaintiffs' Lead Counsel*
*MDL 2047*

## PLAINTIFFS' STEERING COMMITTEE

Dawn M. Barrios
Barrios, Kingsdorf & Casteix, LLP
701 Poydras Street, Suite 3650
New Orleans, LA 70139
Phone: (504) 524-3300
Fax: (504) 524-3313
Barrios@bkc-law.com

Daniel E. Becnel, Jr.
Becnel Law Firm. LLC
425 W. Airline Highway, Suite B
Laplace, LA 70068
Phone: (985) 536-1186
Fax: (985) 536-6445
dbecnel@becnellaw.com

Peter Prieto
Podhurst Orseck, P.A.
25 Flagler Street, 8th Floor
Miami, FL 33130
Phone: (305) 358-2800
Fax: (305) 358-2382
pprieto@podhurst.com

Bruce William Steckler
The Steckler Law Firm
12700 Park Central Drive, Ste 1900
Dallas, TX 75251
Phone: (972) 387-4040
Fax: (972) 387-4041
bruce@stecklerlaw.com

Ervin A. Gonzalez
Colson, Hicks, Eidson, Colson
  Matthews, Martinez, Gonzales,
  Kalbac & Kane
255 Alhambra Circle, Penthouse
Cora Gables, FL 33134
Phone: (305) 476-7400
Fax: (305) 476-7444

Ben W. Gordon, Jr.
Levin, Papantonio, Thomas, Mitchell
 Echsner & Proctor, P.A.
316 S. Baylen Street, Suite 600
Pensacola, FL 32502
Phone: (850) 435-7000
Fax: (850) 435-7020
bgordon@levinlaw.com

Hugh P. Lambert
The Lambert Firm
701 Magazine Street
New Orleans, LA 70130
Phone: (504) 581-1750
Fax: (504) 529-2931
hlambert@thelambertfirm.com

Gerald E. Meunier
Gainsburgh, Benjamin, David, Meunier
 & Warshauer, LLC
2800 Energy Centre, 1100 Poydras Street
New Orleans, LA 70163-2800
Phone: (504) 522-2304
Fax: (504) 528-9973
gmeunier@gainsben.com

Jerrold Seth Parker
Parker, Waichman, Alonso LLP
3301 Bonita Beach Road
Bonita Springs, FL 34134
Phone: (239) 390-1000
Fax: (239) 390-0055
Jerry@yourlawyer.com

Scott Wm. Weinstein
Morgan & Morgan
12800 University Drive, Suite 600
Ft. Meyers, FL 33907
Phone: (239) 433-6880
Fax: (239) 433-6836
sweinstein@forthepeople.com

James Robert Reeves
Lumpkin & Reeves
160 Main Street
Biloxi, MS 39530
Phone: (228) 374-5151
Fax: (228) 374-6630
jrr@lumpkinreeves.com

Christopher Seeger
Seeger Weiss, LLP
77 Water Street
New York, NY 10005
Phone: (212) 584-0700
Fax: (212) 584-0799
cseeger@seegerweiss.com

Daniel K. Bryson
Whitfield, Bryson & Mason
900 W. Morgan Street
Raleigh, NC 27603
Phone: (919) 600-5000
Fax: (919) 600-5002
dan@wbmllp.com

Richard J. Serpe, Esquire
Law Offices of Richard J. Serpe
Crown Center, Ste. 310
580 East Main Street
Norfolk, VA 23510-2322
Phone: (757) 233-0009
Fax: (757) 233-0455
rserpe@serpefirm.com

Victor M. Diaz, Jr., Esquire
V.M. Diaz and Partners, LLC
119 Washington Ave, Suite 402
Miami Beach, FL 33139
Phone: (305) 704-3200
Fax: (305) 538-4928
victor@diazpartners.com

## OF COUNSEL TO PLAINTIFFS' STEERING COMMITTEE

Richard S. Lewis
HAUSFELD LLP
1700 K Street, N.W
Suite  650
Washington, DC 20006
Phone: (202) 540-7200
Fax:  (202) 540-7201
rlewis@hausfeldllp.com

Andrew A. Lemmon
Lemmon Law Firm, LLC
P.O. Box 904
15058 River Road
Hahnville, LA 70057
Phone: (985) 783-6789
Fax: (985) 783-1333
andrew@lemmonlawfirm.com

Anthony D. Irpino
IRPINO LAW FIRM
2216 Magazine Street
New Orleans, LA 70130
Phone: (504) 525-1500
Fax: (504) 525-1501
airpino@irpinolaw.com

## CERTIFICATE OF SERVICE

I hereby certify that the above and foregoing Plaintiffs' Fifth Omnibus Motion for Preliminary Default Judgment and Memorandum of Law in support thereof was served on Defendants' Liaison Counsel, Kerry Miller, and Home Builders and Installers Liaison Counsel, Phillip Wittmann, via email and United States first class mail, and upon all represented parties by electronically uploading the same to Lexis Nexis File & Serve in accordance with Pre-Trial Order No. 6, and that the foregoing was electronically filed with the Clerk of the Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2047 on this on this       day of June, 2014.

I further certify that service on all Defaulting Defendants who are impacted by the Plaintiffs' Fifth Omnibus Motion for Preliminary Default Judgement was made by United States first class mail.

/s/ Leonard A. Davis
Leonard A. Davis, Esquire
Herman, Herman & Katz, LLP
820 O'Keefe Avenue
New Orleans, Louisiana 70113
Phone: (504) 581-4892
Fax: (504) 561-6024
Ldavis@hhkc.com
Plaintiffs' Liaison Counsel
MDL 2047

*Co-counsel for Plaintiffs*

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE:  CHINESE-MANUFACTURED DRYWALL PRODUCTS LIABILITY LITIGATION | MDL NO. 2047 SECTION: L JUDGE FALLON MAG. JUDGE WILKINSON |

THIS DOCUMENT RELATES TO:

Amorin, et al. v. Taishan Gypsum Co., Ltd. f/k/a Shandong Taihe Dongxin Co., Ltd., et. al.,  Case No. 2:11-cv-1395 (E.D.La.)

Amorin, et al. v. Taishan Gypsum Co., Ltd. f/k/a Shandong Taihe Dongxin Co., Ltd., et. al.,  Case No. 2:11-cv-1672 (E.D.La.)

Amorin, et al. v. Taishan Gypsum Co., Ltd. f/k/a Shandong Taihe Dongxin Co., Ltd., et. al.,  Case No. 2:11-cv-1673 (E.D.La.)

PLAINTIFFS' MEMORANDUM OF LAW IN
SUPPORT OF PLAINTIFFS' FIFTH OMNIBUS
MOTION FOR PRELIMINARY DEFAULT JUDGMENT

## I.    INTRODUCTION

As the Court is well aware, the Plaintiffs' Steering Committee ("PSC") has filed

numerous class action complaints against the manufacturers and other parties responsible for the

defective Chinese manufactured drywall that was installed in the homes of the plaintiffs in this

litigation.  Shortly after filing each of these complaints, the PSC commenced serving the named

defendants with these complaints.  Many of the defendants who have been served with the class

action complaints have failed to enter an appearance, answer, or otherwise respond to the

applicable complaint.  For this reason, the PSC has obtained preliminary default judgements with

respect to several of its class action complaints.  *See* Rec.Doc. Nos. 487, 7302, 7735, 7736,

15687 and 16030.  These preliminary default judgements include default judgments against

Taishan Gypsum Co., Ltd., f/k/a Shandong Taihe Dongxin Co. Ltd. ("Taishan") in the *Germano*

proceedings, *see* Rec.Doc.No. 887, preliminary default judgments against Beijing New Building Materials Public Limited Co. ("BNBM") in the *Gross* proceedings, *see* Rec.Doc.Nos. 7302, 7736 and 15687, preliminary default judgments against Beijing New Building Materials Group Co., Ltd ("BNBM Group"), China National Building Materials Co., Ltd. ("CNBM") and China National Building Materials Group Corporation ("CNBM Group") in the *Gross* proceedings, *see* Rec.Doc.Nos. 7302 and 15687, and preliminary default judgments against BNBM in the *Wiltz* proceedings. *See* Rec.Doc.Nos. 7735 and 15687.[1]  Currently pending before the Court is Plaintiffs' Third Omnibus Motion for Preliminary Default Judgment, *see* Rec.Doc.Nos. 17089, 17172 and 17722, which seeks additional preliminary default judgments against Taishan, its wholly-owned subsidiary Taian Taishan Plasterboard Co., Ltd. ("Taian Taishan"), and CNBM in two of the *Amorin* cases that are the subject of the instant motion for preliminary default judgment.  Also pending before the Court is Plaintiffs' Fourth Omnibus Motion for Preliminary Default Judgment, *see* Rec.Doc.No. 17378, which seeks preliminary default judgment against Taishan, Taian Taishan, BNBM, CNBM, and CNBM Group.[2]

The instant motion for preliminary default judgment is being filed with respect to certain

---

[1] BNBM, BNBM Group, CNBM, and CNBM Group, are large state-owned Chinese entities that maintain various subsidiaries who manufacture construction materials.  Taishan is one of the primary manufacturing defendants in this litigation.  BNBM, BNBM Group, CNBM, and CNBM Group all have ownership interests in Taishan.  BNBM also manufactured defective drywall that was exported to the United States.

[2] The third omnibus motion for preliminary default judgment seeks entry of preliminary default judgment against Taishan, Taian Taishan, and CNBM in *Amorin, et al. v. Taishan Gypsum Co., Ltd. f/k/a Shandong Taihe Dongxin Co., Ltd., et. al.*, Case No. 2:11-cv-1395 (E.D.La.) (originally filed in the Eastern District of Louisiana).  The fourth omnibus motion for preliminary default judgment seeks preliminary default judgment against Taishan, Taian Taishan, BNBM, CNBM, and CNBM Group in connection with the proceedings in *Amorin, et al. v. Taishan Gypsum Co., Ltd. f/k/a Shandong Taihe Dongxin Co., Ltd., et. al.*, Case No. 2:11-cv-1673 (E.D.La.) (originally filed in the Eastern District of Virginia prior to being transferred to this Court).

additional defaulting defendants [hereafter the "Defaulting Defendants"]. As to these Defaulting Defendants, Plaintiffs request that the Court enter preliminary default judgment against each of them in favor of the plaintiffs and class members who are aligned with these defendants.

## II.   FACTS

The PSC has filed class action complaints during the course of this litigation in order to perfect plaintiffs' claims against the manufacturing defendants and other parties responsible for the defective drywall in the plaintiffs' homes. In addition to asserting claims against manufacturing defendants, these complaints are also designed as a vehicle for plaintiffs to bring claims against the non-manufacturing defendants in the stream of distribution of the defective drywall in their homes. The pertinent class action complaints at issue in Plaintiffs' motion for entry of preliminary default judgment are:

1.   *Amorin, et al. v. Taishan Gypsum Co., Ltd. f/k/a Shandong Taihe Dongxin Co., Ltd., et. al.*, Case No. 2:11-cv-1395 (E.D.La.) (originally filed in the Eastern District of Louisiana); and

2.   *Amorin, et al. v. Taishan Gypsum Co., Ltd. f/k/a Shandong Taihe Dongxin Co., Ltd., et. al.*, Case No. 2:11-cv-1672 (E.D.La.) (originally filed in the Southern District of Florida prior to being transferred to this Court); and

3.   *Amorin, et al. v. Taishan Gypsum Co., Ltd. f/k/a Shandong Taihe Dongxin Co., Ltd., et. al.*, Case No. 2:11-cv-1673 (E.D.La.) (originally filed in the Eastern District of Virginia before being transferred to this Court).

As noted above, these actions were originally filed in the Eastern District of Louisiana, the Southern District of Florida, and the Eastern District of Virginia, respectively. All three of these actions are now pending before this Court. The PSC filed these complaints in these three fora since the named defendants are subject to personal jurisdiction in these fora as they targeted the distribution of their defective drywall to plaintiffs located in these states.[3]

---

[3] The PSC has filed motions to intervene additional plaintiffs into each of the *Amorin* cases that are the subject of this motion for preliminary default judgment. The Court has granted

Since the filing of each of the above class action complaints, Plaintiffs received notice that service of process was perfected on many of the named defendants who are now in default. For each of the class action complaints at issue in the instant motion, the Defaulting Defendants are as follows:

1.    With respect to the proceedings in *Amorin, et al. v. Taishan Gypsum Co., Ltd. f/k/a Shandong Taihe Dongxin Co., Ltd., et. al.*, Case No. 2:11-cv-1395 (E.D.La.), the defaulting defendants are set forth in Exhibit "A" to this motion; and

2.    With respect to the proceedings in *Amorin, et al. v. Taishan Gypsum Co., Ltd. f/k/a Shandong Taihe Dongxin Co., Ltd., et. al.*, Case No. 2:11-cv-1672 (E.D.La.), the defaulting defendants are set forth in Exhibit "B" to this motion.

3.    With respect to the proceedings in *Amorin, et al. v. Taishan Gypsum Co., Ltd. f/k/a Shandong Taihe Dongxin Co., Ltd., et. al.*, Case No. 2:11-cv-1673 (E.D.La.), the defaulting defendants are set forth in Exhibit "C" to this motion.

---

these motions and the PSC is in the process of serving the complaints in intervention on the defendants. The PSC has no obligation to serve these intervention complaints on those defendants who are in default in the *Amorin* proceedings as Rule 5(a) provides that "[n]o service need be made on parties in default for failure to appear except that pleadings asserting new or additional claims for relief against them shall be served upon them in the manner provided for service of summons in Rule 4." Therefore, if a complaint contains "no new or additional claims for relief, it need not be served on the defaulting defendant." *Combs v. Coal & Mineral Management Services, Inc.*, 105 F.R.D. 472, 474 n.1 (D.D.C.1984). *See also Appleton Electric Co., v. Graves Truck Line, Inc.*, 635 F.2d 603, 610 (7th Cir.1980). Since the plaintiffs in intervention assert identical claims to those being asserted in the original *Amorin* Complaints and since these intervening plaintiffs are already parties to the proceedings as absent class members, the complaints in intervention do not assert any new or additional claims for relief and do not need to be served on those defendants who are currently in default. *Cf. Devlin v. Scardelletti*, 536 U.S. 1, 9-10 (2002) ("Nonnamed class members... may be parties for some purposes and not for others"). The PSC is nevertheless making arrangements to serve the intervention complaints on the Defaulting Defendants.

4

*See* Levin Declaration, Exhibit "D" attached hereto.

As of the filing of Plaintiffs' motion for entry of preliminary default judgment, none of the Defaulting Defendants have entered an appearance, filed an answer, or otherwise responded to the applicable complaint.

## III.   ARGUMENT

### A.   Plaintiffs Are Entitled to Preliminary Default Judgment Against the Defaulting Defendants

The entry of a default judgment is governed by Fed.R.Civ.Proc. 55, which states in pertinent part:

> When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default...
>
> [In cases where the plaintiff's claim is for a sum that is not certain and cannot be made certain by computation], the party must apply to the court for a default judgment...If the party against whom a default judgment is sought has appeared personally or by a representative, that party or its representative must be served with written notice of the application at least 3 days before the hearing...

*See* Fed.Rule.Civ.Proc. 55.

This Court has publically warned defendants that their counsel must enter an appearance on their behalf within twenty (20) days of service of the complaint or risk being held in default:

> IT IS ORDERED that Pretrial Order #1, Paragraph 8 regarding EXTENSION AND STAY be and is hereby MODIFIED to reflect that those who have been served and who have not made an appearance will be subject to default.  The Court instructed the parties to file a motion for default in cases involving parties who have been served but who have not made an appearance, before the next status conference.

*See* Minute Entry dated August 11, 2009, p.3 [Document # 165].  *See also* Pretrial Order ("PTO") No. 1G (clarifying that counsel must enter an appearance within twenty (20) days after

5

service of a complaint on their client) [Document # 3348].[4]

Here, Plaintiffs received documentation reflecting service of process of the applicable pleading on each of the Defaulting Defendants which documentation has been or will be filed with the Court. *See* Levin Declaration, Exhibit "D". As of this date, none of the Defaulting Defendants have entered an appearance or filed a responsive pleading notwithstanding the Court's instruction that they must enter an appearance within 20 days of service of process or risk being held in default. Accordingly, the Defaulting Defendants have failed to respond to Plaintiffs' complaints or otherwise defend themselves as set forth in Exhibits "A" through "C". As the Fifth Circuit has explained, mere acceptance of service does not constitute an appearance for purposes of Fed.R.Civ.Proc. 55(b)(2). *Rogers v. Hartford Life and Acc. Ins. Co.*, 167 F.3d 933, 937 (5th Cir. 1999). Thus, plaintiffs need not notify the Defaulting Defendants of the present motion for entry of preliminary default judgment.

The Defaulting Defendants have proffered no excuse for their failure to respond to Plaintiffs' complaints. Accordingly, by the plain language of Fed.Rules Civ. Proc. 55, Plaintiffs and the class they seek to represent are entitled to the entry of default and preliminary default judgment against the Defaulting Defendants with whom they are aligned.

**B.     The BNBM and CNBM Entities Are Attempting to Evade Service of Process**

At this stage in the litigation, it is evident that the BNBM and CNBM entities are evading service of process. In *Amorin, et al. v. Taishan Gypsum Co., Ltd. f/k/a Shandong Taihe Dongxin Co., Ltd., et. al.*, Case No. 2:11-cv-1395 (E.D.La.) (the "Louisiana Complaint") and *Amorin, et al. v. Taishan Gypsum Co., Ltd. f/k/a Shandong Taihe Dongxin Co., Ltd., et. al.*, Case No. 2:11-

---

[4] Pursuant to Fed.Rule Civ. Proc. 12, a defendant must serve an answer within 20 days after being served with the summons and complaint. *See* Fed.R.Civ.Proc. 12(a)(1)(A)(I). PTO No. 1G is designed to relax the burden on defendants by allowing them to avoid default by entering an appearance within 20 days of service of process.

cv-1672 (E.D.La.) (the "Florida Complaint"), Plaintiffs attempted service on these entities at their long standing addresses.[5]  Plaintiffs were advised that service of process had been refused because there were (1) inaccuracies in the defendants' names and (2) because the defendants had purportedly relocated to new addresses.  Neither provides a sound basis for avoiding service of process.

First, so far as defendants refused to accept service of process due to minor variations in defendants' names, it should be noted that these defendants are named consistent with their English Language websites.  For instance, the Complaint and Summons name, "China National Building Materials Group Co." as a defendant.  Service of the Louisiana Complaint was refused however on the purported ground that the legal name for this entity is actually "China National Building Materials Group Company Limited".  However, this defendant's English language website identities this entity as "China National Building Materials Group Corporation".  *See* http://www.cnbm.com.cn/EN/c_0000001600070001/ attached hereto as Exhibit "E" hereto. Thus, the BNBM and CNBM entities' basis for refusing service of process is confected from an ambiguity created by the company.  It should not be permitted to avoid service based upon the confusion in name generated by its own doing.[6]

In addition, a minor difference in how a defendant's name is spelled has consistently been held to be an improper basis for refusing service of process.  *See Brackens v. USA Credit*, 233 F.R.D. 613, 614 (D. Kan. 2005); *Scottsdale Ins. Co. v. Littlepage*, 1993 WL 275162, * 4 (E.D.Pa. July 16, 1993) (refusing to overturn default judgment where there was a minor inaccuracy in the

---

[5] As noted above, Plaintiffs have served the BNBM and CNBM entities at these address in the past and have obtained default judgments.  *See* Rec.Doc. #s 7302, 7735, 7736 and 15687.

[6] As to the BNBM entities, the Chinese process server has advised that the name of the addressee does not match.

defendant's name); *McManus v. Washington Gas Light Co.*, 1991 WL 222345, * 6 (D.D.C., Oct 15, 1991); *Tremps v. Ascot Oils, Inc.*, 561 F.2d 41, 44 (7th Cir.1977); *United States v. A.H. Fischer Co., Inc.*, 162 F.2d 872, 873 (4th Cir.1947) ("A suit at law is not a children's game but a serious effort on the part of adult human beings to administer justice; and the purpose of process is to bring parties into court. If it names them in such terms that every intelligent person understands who is meant, as is the case here, it has fulfilled its purpose; and courts should not put themselves in the position of failing to recognize what is apparent to everyone else."). *See also Triangle Distributing, Inc. v. Shafer, Inc.*, 1991 WL 164333, * 3 (6th Cir. Aug. 23, 1991) (overturning lower court's order refusing to grant motion to correct name of party defendant); *Hensgens v. Deere & Co.*, 869 F.2d 879, 884 (5th Cir. 1989) ("Law is not a game of scrabble. The original timely filed petition naming John Deere Corp. as the defendant interrupted prescription against Deere & Company under Louisiana Civil Code article 3462.").

For instance, in *Aerielle Technologies, Inc. v. Procare Int'l Co.*, 2011 WL 767775 (E.D. Tex. Feb. 28, 2011), the court granted the plaintiff's motion for default judgment even though the summons did not correctly identify the defendant. In so ruling, the Court observed that, "[i]t is well established that [t]he fact that the Defendant's name is in some minor respect inaccurate is not necessarily fatal to service. A mere mistake as to a party's name does not defeat the service." *See Aerielle Technologies, Inc.*, 2011 WL 767775, *2 (internal quotations omitted). Critical to the court's determination that default judgment was appropriate in *Aerielle Technologies, Inc.* was the fact that the defaulted defendant had received actual notice of the litigation. *Id.* Likewise, in the instant litigation, minor inaccuracies in the defendants' names, to the extent there are any, should be disregarded as a basis for avoiding service of process so long as such defendants have notice of the instant litigation.

Second, so far as the BNBM and CNBM entities have refused service since they contend

8

they have relocated to new addresses, Plaintiffs have since perfected service of process on these defendants in *Amorin, et al. v. Taishan Gypsum Co., Ltd. f/k/a Shandong Taihe Dongxin Co., Ltd., et. al.*, Case No. 2:11-cv-1673 (E.D.La.) (the "Virginia Complaint") using the original address where service was refused in the earlier Louisiana and Florida Complaints. BNBM and CNBM entities are clearly engaged in efforts to avoid service of process. Such irresponsible behavior delays these proceedings and should not be condoned. Plaintiffs are reserving the BNBM and CNBM entities at their new addresses consistent with the Hague Convention.[7]

## IV.   **CONCLUSION**

WHEREFORE, for the reasons set forth above, Plaintiffs respectfully request that the Court grant Plaintiffs' fourth omnibus motion for preliminary default judgment.

Respectfully submitted,

Dated: June    , 2014

/s/ Russ M. Herman
Russ M. Herman, Esquire (LA Bar No. 6819)
Leonard A. Davis, Esquire (LA Bar No. 14190)
Stephen J. Herman, Esquire (LA Bar No. 23129)
HERMAN, HERMAN & KATZ, LLC
820 O'Keefe Avenue
New Orleans, Louisiana 70113
Phone: (504) 581-4892
Fax: (504) 561-6024
LDavis@hhkc.com
*Plaintiffs' Liaison Counsel*
*MDL 2047*

---

[7] When a defendant has relocated to a new address, it is common for courts to order service at a defendants' new address. *See Cruse v. Gibson*, 2012 WL 1145861, * 3 (S.D. Ohio Apr. 5, 2012) (directing plaintiff to provide marshal with defendant's new address for purposes of perfecting service of process); *Parker v. Webber*, 2013 WL 2147195, * 4 (M.D. La. Apr. 25, 2013) (excusing untimely service of complaint as court's earlier order directing marshal to re-serve the defendant at a new address effectively extended time period for service of process to be completed), report and recommendation adopted, 2013 WL 2147237 (M.D. La. May 15, 2013). Indeed, Fed. R. Civ. P. 4 (a)(2) provides that a "court may permit a summons to be amended."

Arnold Levin (On the Brief)
Fred S. Longer (On the Brief)
Matthew C. Gaughan (On the Brief)
Levin, Fishbein, Sedran & Berman
510 Walnut Street, Suite 500
Philadelphia, PA 19106
215-592-1500 (phone)
215-592-4663 (fax)
Alevin@lfsblaw.com
*Plaintiffs' Lead Counsel*
*MDL 2047*

## PLAINTIFFS' STEERING COMMITTEE

Dawn M. Barrios
Barrios, Kingsdorf & Casteix, LLP
701 Poydras Street, Suite 3650
New Orleans, LA 70139
Phone: (504) 524-3300
Fax: (504) 524-3313
Barrios@bkc-law.com

Daniel E. Becnel, Jr.
Becnel Law Firm. LLC
425 W. Airline Highway, Suite B
Laplace, LA 70068
Phone: (985) 536-1186
Fax: (985) 536-6445
dbecnel@becnellaw.com

Peter Prieto
Podhurst Orseck, P.A.
25 Flagler Street, 8th Floor
Miami, FL 33130
Phone: (305) 358-2800
Fax: (305) 358-2382
pprieto@podhurst.com

Bruce William Steckler
The Steckler Law Firm
12700 Park Central Drive, Ste 1900
Dallas, TX 75251
Phone: (972) 387-4040
Fax: (972) 387-4041
bruce@stecklerlaw.com

Ervin A. Gonzalez
Colson, Hicks, Eidson, Colson
  Matthews, Martinez, Gonzales,
  Kalbac & Kane
255 Alhambra Circle, Penthouse
Cora Gables, FL 33134
Phone: (305) 476-7400
Fax: (305) 476-7444

Ben W. Gordon, Jr.
Levin, Papantonio, Thomas, Mitchell
 Echsner & Proctor, P.A.
316 S. Baylen Street, Suite 600
Pensacola, FL 32502
Phone: (850) 435-7000
Fax: (850) 435-7020
bgordon@levinlaw.com

Hugh P. Lambert
The Lambert Firm
701 Magazine Street
New Orleans, LA 70130
Phone: (504) 581-1750
Fax: (504) 529-2931
hlambert@thelambertfirm.com

Gerald E. Meunier
Gainsburgh, Benjamin, David, Meunier
 & Warshauer, LLC
2800 Energy Centre, 1100 Poydras Street
New Orleans, LA 70163-2800
Phone: (504) 522-2304
Fax: (504) 528-9973
gmeunier@gainsben.com

Jerrold Seth Parker
Parker, Waichman, Alonso LLP
3301 Bonita Beach Road
Bonita Springs, FL 34134
Phone: (239) 390-1000
Fax: (239) 390-0055
Jerry@yourlawyer.com

Scott Wm. Weinstein
Morgan & Morgan
12800 University Drive, Suite 600
Ft. Meyers, FL 33907
Phone: (239) 433-6880
Fax: (239) 433-6836
sweinstein@forthepeople.com

James Robert Reeves
Lumpkin & Reeves
160 Main Street
Biloxi, MS 39530
Phone: (228) 374-5151
Fax: (228) 374-6630
jrr@lumpkinreeves.com

Christopher Seeger
Seeger Weiss, LLP
77 Water Street
New York, NY 10005
Phone: (212) 584-0700
Fax: (212) 584-0799
cseeger@seegerweiss.com

Daniel K. Bryson
Whitfield, Bryson & Mason
900 W. Morgan Street
Raleigh, NC 27603
Phone: (919) 600-5000
Fax: (919) 600-5002
dan@wbmllp.com

Richard J. Serpe, Esquire
Law Offices of Richard J. Serpe
Crown Center, Ste. 310
580 East Main Street
Norfolk, VA 23510-2322
Phone: (757) 233-0009
Fax: (757) 233-0455
rserpe@serpefirm.com

Victor M. Diaz, Jr., Esquire
V.M. Diaz and Partners, LLC
119 Washington Ave, Suite 402
Miami Beach, FL 33139
Phone: (305) 704-3200
Fax: (305) 538-4928
victor@diazpartners.com

## OF COUNSEL TO PLAINTIFFS' STEERING COMMITTEE

Richard S. Lewis
HAUSFELD LLP
1700 K Street, N.W
Suite  650
Washington, DC 20006
Phone: (202) 540-7200
Fax:  (202) 540-7201
rlewis@hausfeldllp.com

Andrew A. Lemmon
Lemmon Law Firm, LLC
P.O. Box 904
15058 River Road
Hahnville, LA 70057
Phone: (985) 783-6789
Fax: (985) 783-1333
andrew@lemmonlawfirm.com

11

Anthony D. Irpino
IRPINO LAW FIRM
2216 Magazine Street
New Orleans, LA 70130
Phone: (504) 525-1500
Fax: (504) 525-1501
airpino@irpinolaw.com

# EXHIBIT A

*AMORIN, ET AL. V. TAISHAN GYPSUM CO., LTD. F/K/A SHANDONG TAIHE DONGXIN CO., LTD., ET AL.*, CASE NO.: 2:11-CV-1395 (E.D.LA.)
DEFENDANTS IN DEFAULT

| DEFENDANT | ADDRESS FOR SERVICE | SERVICE WAS MADE |
|---|---|---|
| Nanhai Silk Imp. & Exp. Corporation | Block 1<br>4 Nangui Road, West<br>Foshan Guangdong<br>China, 528200 | 9/26/13 |
| BNBM of America Inc. | PPB:<br>4900 W. Rio Vista Avenue<br>Tampa, FL 33634<br><br>Service Address:<br><br>Donald H. Wilson, Jr.<br>245 South Central Ave.<br>Bartow, FL 33830 | 11/1/11<br><br>12/18/12 (Omni XVI) |
| BNBM USA | 245 South Central Ave.<br>Bartow, FL 33830 | 12/18/12<br><br>12/18/12 (Omni XVI) |
| United Suntech Craft, Inc. | 7813 NW 67th Street<br>Miami, FL 33166-2703 | 12/20/12<br><br>12/20/12 |
| CNBM USA Corp | 17800 Castleton Street, Ste. 558<br>City of Industry, CA 91748 | 12/17/12 (Omni XVI) |

# EXHIBIT B

*AMORIN, ET AL. V. TAISHAN GYPSUM CO., LTD. F/K/A SHANDONG TAIHE DONGXIN CO., LTD.,
ET AL., CASE NO.: 2:11-CV-1672 (E.D.LA)*

**DEFENDANTS IN DEFAULT**

| DEFENDANT | ADDRESS FOR SERVICE | SERVICE WAS MADE |
|---|---|---|
| Nanhai Silk Imp. & Exp. Corporation | Block 1 4 Nangui Road, West Foshan Guangdong China, 528200 | 4/25/13 8/12/13 (Omni XV) |
| BNBM of America Inc. | PPB: 4900 W. Rio Vista Avenue Tampa, FL 33634 Service Address: Donald H. Wilson, Jr. 245 South Central Ave. Bartow, FL 33830 | 9/27/12 |
| BNBM USA | 245 South Central Ave. Bartow, FL 33830 | 10/22/12 |
| United Suntech Craft, Inc. | 7813 NW 67th Street Miami, FL 33166-2703 | 10/2/12 |
| Qinhuangdao Taishan Building Materials Co., Ltd. a/k/a Qinhuang Dao Taishan Building Materials Co., Ltd. | Gangcheng Street East No. 69 Haigang District Qinhuangdao 066000 | 1/20/14 (Omni XV) |
| CNBM USA Corp | 17800 Castleton Street, Ste. 558 City of Industry, CA 91748 | 12/17/12 (Omni XV) |
| Changzhou Yinhe Wood Industry Co., Ltd. | Qianfeng Industrial Park Henglin Town Changzhou, Jiangsu, China 213 103 | 12/16/13 (Omni XV) |

*AMORIN, ET AL. V. TAISHAN GYPSUM CO., LTD. F/K/A SHANDONG TAIHE DONGXIN CO., LTD.,
ET AL.,* CASE NO.: 2:11-CV-1672 (E.D.LA)

### DEFENDANTS IN DEFAULT

| DEFENDANT | ADDRESS FOR SERVICE | SERVICE WAS MADE |
|---|---|---|
| Fuxin Taishan Gypsum And Building Material Co., Ltd. | Pingxi Industrial Park North Haizhou District Fuxin Liaoning 123000 | 8/5/13 (Omni XV) |
| Hubei Taishan Building Material Co., Ltd. | Jingmen High and New Technology Industrial Park, Hubei 448000 | 10/14/13 (Omni XV) |
| Pingyi Baier Building Materials Co., Ltd. | Baier Industrial Park Ziqiu Town Pingyi County Shandong China 273305 | 8/22/13 (Omni XV) |
| Taishan Gypsum (Henan) Co., Ltd. | Shouyang Industrial Park Beihuan Road North Yanshi Henan 471900 | 8/22/13 (Omni XV) |
| Taishan Gypsum (Pingshan) Co., Ltd. | Dianchang Road Pingshan Township Pingshan County 050400 | 5/28/13 (Omni XV) |
| Taishan Gypsum (Tongling) Co., Ltd. | Jinqiao Industrial Park Tongling Anhui 244000 | 7/26/13 (Omni XV) |
| Taishan Gypsum (Xiangtan) Co., Ltd. | Industrial Park Guoqiang Village Shuangma Township Yuetang District Xiangtan Hunan 411102 | 5/28/13 (Omni XV) |

*AMORIN, ET AL. V. TAISHAN GYPSUM CO., LTD. F/K/A SHANDONG TAIHE DONGXIN CO., LTD., ET AL.*, CASE NO.: 2:11-CV-1672 (E.D.LA)

### DEFENDANTS IN DEFAULT

| DEFENDANT | ADDRESS FOR SERVICE | SERVICE WAS MADE |
|---|---|---|
| Yunan Taishan Gypsum And Building Material Co., Ltd. | Sanjia Village Liujiezhen Factory Yimen County Yunan 651107 | 8/9/13 (Omni XV) |
| Taishan Gypsum (Wenzhou) Co., Ltd. | Yinhui Road No. 76, Panshi Zhen, Leqing, Wenzhen, Zhenjiang, China 325602 | 9/5/13 (Omni XV) |
| Tianjin Tianbao Century Development Co., Ltd. | 3 F, Eastern Exhibition Hall 31 Halbin Fifth Road Tianjin Free Trade Zone Tianjin City, China | 8/28/13 (Omni XV) |
| Orient International Holding Shanghai Foreign Trade Co., Ltd | Suite B, No. 85, Loushan Guan Road, Shanghai, Shanghai, China | 9/3/13 (Omni XV) |
| Nantong Economic and Technological Development Zone Corporation | 9 Waihuan West Rd. Chongchuan Nantong Jiangsu, China | 7/23/13 (Omni XV) |
| Zhejiang Provincial Second Light Industry Enterprises Group Imp. & Exp. Co., Ltd. | 11/F Jiangjiang Mansion, 111 Hushu South Road, Hangzhou, Zhejiang, China, 310005 | 7/31/13 (Omni XV) |
| SIIC Shanghai International Trade Group Pudong Co., Ltd. | SIIC Building 30F., NO.18cao Xi Bei RD. Shanghai 200030, China, Shanghai | 9/3/13 (Omni XV) |

# EXHIBIT C

*AMORIN, ET AL. V. TAISHAN GYPSUM CO., LTD. F/K/A SHANDONG TAIHE DONGXIN CO., LTD., ET AL.,* CASE NO.: 2:11-CV-1673 (E.D.LA.)

### DEFENDANTS IN DEFAULT

| DEFENDANT | ADDRESS FOR SERVICE | SERVICE WAS MADE |
|---|---|---|
| Nanhai Silk Imp. & Exp. Corporation | Block 1<br>4 Nangui Road, West<br>Foshan Guangdong<br>China, 528200 | 9/26/13 |
| Taishan Gypsum (Pingshan) Co., Ltd. | Dianchang Road<br>Pingshan Township<br>Pingshan County<br>050400 | 6/20/13 |
| Taishan Gypsum (Xiangtan) Co., Ltd. | Industrial Park<br>Guoqiang Village<br>Shuangma Township<br>Yuetang District<br>Xiangtan<br>Hunan<br>411102 | 5/23/13 |

# EXHIBIT D

# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE:  CHINESE-MANUFACTURED DRYWALL PRODUCTS LIABILITY LITIGATION | MDL NO. 2047 SECTION: L JUDGE FALLON MAG. JUDGE WILKINSON |

**THIS DOCUMENT RELATES TO:**

**Amorin, et al. v. Taishan Gypsum Co., Ltd. f/k/a Shandong Taihe Dongxin Co., Ltd., et. al.,  Case No. 2:11-cv-1395 (E.D.La.)**

**Amorin, et al. v. Taishan Gypsum Co., Ltd. f/k/a Shandong Taihe Dongxin Co., Ltd., et. al.,  Case No. 2:11-cv-1672 (E.D.La.)**

**Amorin, et al. v. Taishan Gypsum Co., Ltd. f/k/a Shandong Taihe Dongxin Co., Ltd., et. al.,  Case No. 2:11-cv-1673 (E.D.La.)**

## DECLARATION OF ARNOLD LEVIN IN SUPPORT OF PLAINTIFF'S FIFTH OMNIBUS MOTION FOR PRELIMINARY DEFAULT JUDGMENT

I, Arnold Levin, declare as follows:

1.      I am a partner in the law firm of Levin, Fishbein, Sedran & Berman, counsel of record for Plaintiffs in this matter.  I am a member in good standing of the bar of the State of Pennsylvania.  I submit this declaration in support of Plaintiffs' Fifth Omnibus Motion for Preliminary Default Judgment.  I have personal knowledge of the facts set forth in this declaration, and could testify competently to them if called upon to do so.

2.      During the course of this litigation the Plaintiffs' Steering Committee ("PSC") has filed numerous class action complaints against the manufacturers and other parties responsible for the defective Chinese manufactured drywall that is installed in plaintiffs' homes.  The PSC commenced service of its class action complaints promptly after they were filed with the court. Many of the named defendants who have been served with class action complaints are in default

since they have failed to timely enter an appearance and/or otherwise defended themselves after service of the applicable complaint.  These defendants shall be referred to hereafter as the "Defaulting Defendants".

3.      The dates of service on each of the Defaulting Defendants are set forth in Exhibits "A" (*Amorin, et al. v. Taishan Gypsum Co., Ltd. f/k/a Shandong Taihe Dongxin Co., Ltd., et. al.*, Case No. 2:11-cv-1395 (E.D.La.)), "B" (*Amorin, et al. v. Taishan Gypsum Co., Ltd. f/k/a Shandong Taihe Dongxin Co., Ltd., et. al.*,  Case No. 2:11-cv-1672 (E.D.La.)) and "C" (*Amorin, et al. v. Taishan Gypsum Co., Ltd. f/k/a Shandong Taihe Dongxin Co., Ltd., et. al.*,  Case No. 2:11-cv-1673 (E.D.La.)) to Plaintiffs' Fifth motion for entry of preliminary default judgement. The PSC has or will file affidavits of service with the Court evidencing service of these complaints on the Defaulting Defendants as set forth in Exhibits "A" through "C".

4.      To date, the Defaulting Defendants have failed to enter an appearance, answer, or otherwise respond to Plaintiffs' complaints.

I declare under penalty of perjury under the laws of the State of Pennsylvania and the United States that the foregoing is true and correct.

Executed this        6th day of June, 2014, at Philadelphia, Pennsylvania.

_____
ARNOLD LEVIN

2

# EXHIBIT E

CNBM

 

About CNBM  |  News Center  |  Business Platform  |  CNBM worldwide  |  Social Responsibility  |  Contact us



Home > About CNBM >CNBM at a glance



China National Building Materials Group Corporation (CNBM) was established in 1984 with approval from the State Council, and then became a Central Enterprise under direct supervision of State-owned Assets Supervision and Administration Commission of the State Council in 2003.

Upholding the philosophy of "Making Best Use of Resources to Serve Construction", and vigorously carrying out such strategies as "technical innovation", "internationalization of building materials", and "building strength with talents", CNBM is the largest comprehensive building materials industry group in China that integrates scientific research, manufacturing and logistics into one entity, and consists of four business platforms, i.e. industry, technology, complete set of equipment, and trading & logistics. As of the end of 2009, CNBM's total assets exceeded RMB 110 billion, with 100,000 employees, and 20 companies under direct management with 100% share control or majority control, among which 6 were listed companies, including 2 overseas listed.

CNBM practices the parent-subsidiary management system, and is one of those wholly state-owned enterprises carrying out the pilot trial of Board of Directors system and innovation system. As the strategic center, decision center, resources center, and policy & culture center, our Group exercises its right as a contributor. Whereas, our sub-groups functioning as business platforms, are mandated to construct the profit center based on their core competences to enlarge brand awareness and increase market share.

About CNBM

CNBM at a glance
Chairman's Address
Board of Directors
Senior Management
Strategy
Achievements and Awards
Management Style

All CNBM Group Websites



--- Subsidiaries ---



Copyright@2003China National Building Material Group Corporation