## UNITED STATES DISTRICT COURT
### EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE:  CHINESE-MANUFACTURED DRYWALL PRODUCTS LIABILITY LITIGATION | MDL NO. 2047<br><br>SECTION: L |
| THIS DOCUMENT RELATES TO ALL CASES | JUDGE FALLON<br>MAG. JUDGE WILKINSON |

**THE FEE COMMITTEE AND PLAINTIFFS' STEERING COMMITTEE'S JOINT RESPONSE TO VARIOUS HOMEBUILDERS OBJECTION TO CONSOLIDATED JOINT PETITION OF THE FEE COMMITTEE AND PLAINTIFFS' STEERING  COMMITTEE FOR A GLOBAL AWARD OF ATTORNEYS' FEES AND REIMBURSEMENT OF EXPENSES, FILED PURSUANT TO PRETRIAL ORDER NO. 28**

## I.   INTRODUCTION

Since the issuance of Pretrial Order No. 28 certain homebuilders, led by the Lennar Corporation, have sought to preclude the Joint Petitioners from obtaining common benefit fees. Additionally, they have sought to interpose themselves by creating an ancillary process by which they too could recover from the same common benefit funds that were designed for the homeowners in this litigation and negotiated by court-appointed counsel – the Plaintiffs' Steering Committee ("PSC").  The tension between these competing factions created by the homebuilders' attempt to interpose themselves into the  process has until now been placated by both factions recognizing that this Court will be the ultimate arbiter of all counsel's entitlement to such fees.  The so-called "Various Homebuilders,"[1] the 36 homebuilders that have objected to the Consolidated Joint Petition

---

[1] The Various Homebuilders are: (1) Lennar Corporation; (2) Lennar Homes, LLC f/k/a Lennar Homes, Inc.; (3) U.S. Home Corporation; (4) Meritage Homes Corporation; (5) Meritage Homes of Florida, Inc.; (6) Meritage Homes of Texas, LLC; (7) G.L. Homes of Florida Corporation; (8) Miramar Associates IV, LLLP; (9) Hillsborough County Associates II, LLLP; (10) G.L. Homes of Sunset Lakes Associates, Ltd.; (11) G.L. Homes of Davie Associates, II, Ltd.; (12) G.L. Homes of Davie Associates III, Ltd.; (13) Boynton Beach Associates XVI,

of the Fee Committee ("FC") and Plaintiffs' Steering Committee ("PSC")[Rec.Doc.No. 17727], reprise their arguments that the schedule and protocol established by Pretrial Order No. 28, as amended, are either premature or ill-founded as they do not take into consideration these homebuilders' interests in common benefit fees. The Joint Petitioners disagree and submit this response thereto.

## II.   ARGUMENT

At the dawn of this litigation, this Court entered various orders providing guidelines for all common benefit counsel to submit their time records and expense report for purposes of future fee petitions seeking common benefit work. *See* PTO Nos. 9 and 9(A). These orders were intended to provide the Court with sufficient information to make an appropriate award of fees and reimbursement of costs. *See generally* Leonard A. Davis & Philip A. Garrett, *Case Time and Cost Management for Plaintiffs in Multidistrict Litigation*, 74 Louisiana La.L.Rev. 483 (2014). All counsel that intended to recover common benefit work were to comply with these Pretrial Orders.[2]

The Various Homebuilders now seek common benefit fees and reimbursement of costs without having complied with this Court's Pretrial Orders Nos. 9 and 9(A). To overcome this acknowledged non-compliance, the Various Homebuilders contend that Pretrial Orders Nos. 9 and

LLLP; (14) Toll Estero Limited Partnership; (15) Toll Bros., Inc.; (16) GH Vero Beach Development, LLC; (17) Taylor Morrison, Inc.; (18) Taylor Morrison of Florida, Inc.; (19) Taylor Morrison Services, Inc.; (20) Taylor Woodrow Communities at Vasari, L.L.C.; (21) The Ryland Group, Inc.; (22) KB Home Tampa LLC; (23) KB Home Florida, LLC; (24) KB Home Treasure Coast, LLC; (25) KB Home Jacksonville LLC; (26) KB Home Orlando, LLC; (27)KB Home Fort Myers, LLC; (28) KB Home/Shaw Louisiana LLC; (29) Standard Pacific of South Florida; (30) Standard Pacific of South Florida GP, Inc.; (31) Standard Pacific of Tampa GP, Inc.; (32) HWB Construction, Inc.; (33) Standard Pacific Homes d/b/a Standard Pacific of Colorado, Inc.; (34) Standard Pacific of Southwest Florida, GP, Inc.; (35) M/I Homes, Inc. and its subsidiaries and affiliates, including without limitation, M/I Homes of Tampa, LLC; and (36) Florida Home Partnership, Inc.

[2]Arguably, in not complying with these Pretrial Orders, the Various Homebuilders recognized that the common benefit fees ultimately allocable on the basis of this Court-ordered protocol did not include fees to which they would be entitled. Alternatively, they anticipated a claim against these fees and simply ignored the Court's protocol.

9(A) do not apply to them, and ask this Court to establish a new and separate process whereby their demands for common benefit fees can be made against the same common benefit fees which are governed by the existing and previously established protocol.  Further confounding the procedural logic of the litigation, these Various Homebuilders attempt to comply with Pretrial Order No. 28 in the guise of submitting their so-called objections to the Joint Petition, which primarily include objections to the Joint Petition as being premature *viz.* the Banner and Global settlements because the Court has yet to establish "a procedure to determine which homebuilders qualify for the 'actively pursued this litigation' category" under Section 14.7 of the Banner Settlement, Paragraph 3 of the Second Amended Banner Allocation Plan, and Footnote 1 of the Second Amended Allocation Plan for Settlement involving Builders, Installers, Suppliers and Participating Insurers.  Various Homebuilders Objection, ¶¶4, 5, 6.  They even interpose issues regarding the limits of the percentage award available to common benefit counsel from the settlements, entitlement to any fees on homes that these homebuilders already remediated, and their entitlement "to seek common benefit fees out of the various attorneys' fees funds established by the various MDL settlements."  *Id.* ¶9.

Despite these and other arguments, however, the Various Homebuilders never address the fundamental question of their own standing, *i.e.*, their entitlement to any award of common benefit counsel fees or any reduction applicable to the common benefit fees of the Joint Petitioners.  The allocation of fees at issue is predicated on a Court-ordered process which the Various Homebuilders chose not to engage.  Therefore, because the Various Homebuilders' right to participate in the plaintiff homeowners common benefit fee award process is a threshold matter, the Court first must decide whether these Homebuilders can or should have any entitlement to the set-aside, and, if so,

whether an allocation procedure can or should be established at this juncture in light of Pretrial Orders 9 and 9(A).

The Various Homebuilders' objections to the Joint Petition on the grounds that it is premature are not persuasive. To begin, this Court recognized that the process for the award of common benefit fees and reimbursement of expenses would entail a prolonged process. That is why, at the onset of the litigation, it entered Pretrial Orders Nos. 9 and 9(A) to administratively institute a process by which the records necessary to make any determination of common benefit fees would be accumulated and preliminarily reviewed by Mr. Garrett. The entry of Pretrial Order No. 28 was also consistent with this Court's recognition that the process for determining common benefit fees required management. The road map outlined by the several steps within Pretrial Order No. 28 makes evident this Court's intent to address attorneys' fees in an orderly process. It is specious to suggest that the mere filing of the Joint Fee Petition alone was "premature" given the governing provisions of the Pretrial Orders. The Various Homebuilders' "prematurity" objection is nothing less than an unjustified intervention in a fee allocation process which these parties have heretofore ignored.

Notwithstanding the Various Homebuilders' objections, the Joint Petitioners anticipated and accounted for the Various Homebuilders' concerns. Indeed, the Joint Petition recognized that, "[f]or certain builders only who have actively pursued this litigation and are seeking payments from the Banner Settlement for Affected Properties they repaired, a 22% overage in attorneys' fees will be returned to them, since the Banner Settlement provides for only 10% attorneys' fees to the PSC and common benefit counsel in those cases." Joint Petition at 2, fn. 7. As to the Global Settlement, the Joint Petition also recognized that, "[t]here remains a dispute as to what amount in fees and costs

should be paid for Affected Properties that were repaired by a Defendant who actively pursued this litigation and/or whose homeowner did not actively pursue litigation.  The Parties have agreed to submit this dispute for resolution by the Court." *Id.* at 3,     fn. 8.

The Joint Petitioners therefore suggest that it is time, indeed past the time, for the Various Homebuilders to establish their *bona fides* and demonstrate whether they have any entitlement at all to common benefit fees (rather than the 10% reduction for active homebuilder litigants), and not simply plead for such relief.[3]  In so doing, the Various Homebuilders (and their counsel) should provide *inter alia*: (a) all time records of such counsel for the entirety of any Chinese drywall litigation in order to disclose and enable the ascertainment of potential conflicts; (b) all retainer agreements with their clients and/or their insurance carriers; (c) all statements, billings or invoices of fees and costs pertaining to such representations; (d) documentation or indicia of all payments relative to any statements, billings or invoices; (e) all joint prosecution agreements; and (f) all attorney opinion letters to clients and their carriers, etc.  Alternatively, the Various Homebuilders may submit their motions attempting to prove their entitlement to common benefit fees, after which the Joint Petitioners will seek discovery of the aforesaid materials prior to responding to the Various Homebuilders' motion.  Such an orderly process would be in line with this Court's deliberate methodology for establishing entitlement to and amounts of reasonable attorney fees. *See In re High Sulfur Content Gasoline Products Liab. Litig*., 517 F.3d 220, 227-28 (5th Cir. 2008) (Court has

---

[3]The Various Homebuilders sat back and never sought attorneys' fees from Knauf.  Section 14 of the Knauf Settlement Agreement (regarding attorneys' fees) was negotiated by Lead and Liaison counsel for the PSC based upon the number of plaintiff homeowners properties that were in the class.  The Various Homebuilders were not in that class and never pursued, nor attempted to pursue their confected notion of an entitlement to those attorneys' fees separately.  Instead, they laid back to poach on that settlement.  In addition, the  other settlements involving InEx, Banner and Global were also negotiated by Lead and Liaison counsel for the PSC, with the accommodation only for those homebuilders that were actively litigating, as set forth above.

"independent duty…to ensure that attorneys' fees are reasonable and divided up fairly among plaintiffs' counsel.").

## III.   <u>CONCLUSION</u>

The objections of the Various Homebuilders are ill-founded and baseless.  They are merely posed in order to generate a procedure for determining the Various Homebuilders' standing to obtain common benefit fees.  Since that ancillary proceeding has already been addressed and accounted for within the Joint Petition, the objections of the Various Homebuilders are without merit and should be denied.

Respectfully submitted,

Dated: June 16, 2014                    /s/ Leonard A. Davis
                                        Russ M. Herman, Esquire (Bar No. 6819)
                                        Leonard A. Davis, Esquire (Bar No. 14190)
                                        Stephen J. Herman, Esquire (Bar No. 23129)
                                        HERMAN, HERMAN & KATZ, LLC
                                        820 O'Keefe Avenue
                                        New Orleans, LA 70113
                                        Phone: (504) 581-4892
                                        Fax: (504) 561-6024
                                        Ldavis@hhklawfirm.com
                                        *Plaintiffs' Liaison Counsel in MDL 2047*
                                        *Fee Committee Co-Chair/Secretary*

                                        Arnold Levin (on the brief)
                                        Fred S. Longer (on the brief)
                                        Sandra L. Duggan
                                        Matthew C. Gaughan
                                        LEVIN, FISHBEIN, SEDRAN & BERMAN
                                        510 Walnut Street, Suite 500
                                        Philadelphia, PA 19106
                                        Phone: (215) 592-1500
                                        Fax: (215) 592-4663
                                        Alevin@lfsblaw.com
                                        *Plaintiffs' Lead Counsel in MDL 2047*
                                        *Fee Committee Chair*

6

## PLAINTIFFS' STEERING COMMITTEE

Dawn M. Barrios
BARRIOS, KINGSDORF & CASTEIX, LLP
701 Poydras Street, Suite 3650
New Orleans, LA 70139
Phone: (504) 524-3300
Fax: (504) 524-3313
Barrios@bkc-law.com
*Fee Committee Member*

Daniel E. Becnel, Jr.
BECNEL LAW FIRM, LLC
P.O. Drawer H
106 W. Seventh Street
Reserve, LA 70084
Phone: (985) 536-1186
Fax: (985) 536-6445
dbecnel@becnellaw.com

Peter Prieto
PODHURST ORSECK, P.A.
25 Flagler Street, 8th Floor
Miami, FL 33130
Phone: (305) 358-2800
Fax: (305) 358-2382
pprieto@podhurst.com

Ben W. Gordon, Jr.
LEVIN, PAPANTONIO, THOMAS, MITCHELL
  ECHSNER & PROCTOR, P.A.
316 S. Baylen Street, Suite 600
Pensacola, FL 32502
Phone: (850) 435-7000
Fax: (850) 435-7020
bgordon@levinlaw.com

Bruce William Steckler
STECKLER LLP
12720 Hillcrest Road - Suite 1045
Dallas, TX 75230
Phone: (972) 387-4040
Fax: (972) 387-4041
bruce@stecklerlaw.com

Hugh P. Lambert
LAMBERT AND NELSON
701 Magazine Street
New Orleans, LA 70130
Phone: (504) 581-1750
Fax: (504) 529-2931
hlambert@lambertandnelson.com

Ervin A. Gonzalez
COLSON HICKS EIDSON
255 Alhambra Circle, Penthouse
Coral Gables, FL 33134
Phone: (305) 476-7400
Fax: (305) 476-7444
Ervin@colson.com

Gerald E. Meunier
GAINSBURGH, BENJAMIN, DAVID, MEUNIER
  & WARSHAUER, LLC
2800 Energy Centre, 1100 Poydras Street
New Orleans, LA 70163-2800
Phone: (504) 522-2304
Fax: (504) 528-9973
gmeunier@gainsben.com

Jerrold Seth Parker
PARKER, WAICHMAN, ALONSO, LLP
3301 Bonita Beach Road
Bonita Springs, FL 34134
Phone: (239) 390-1000
Fax: (239) 390-0055
Jerry@yourlawyer.com

Scott Wm. Weinstein
MORGAN & MORGAN
12800 University Drive, Suite 600
Ft. Myers, FL 33907
Phone: (239) 433-6880
Fax: (239) 433-6836
sweinstein@forthepeople.com

James Robert Reeves, Jr.
REEVES & MESTAYER, PLLC
160 Main Street
Biloxi, MS 39530
Phone: (228) 374-5151
Fax: (228) 374-6630
jrr@attorneys4people.com

Christopher A. Seeger
Scott Alan George
SEEGER WEISS, LLP
77 Water Street, 26th Floor
New York, NY 10005
Phone: (212) 584-0700
Fax: (212) 584-0799
cseeger@seegerweiss.com
*Fee Committee Member*

Daniel K. Bryson
WHITFIELD BRYSON & MASON LLP
900 W. Morgan Street
Raleigh, NC 27603
Phone: (919) 600-5000
Fax: (919) 600-5035
dan@wbmllp.com

Richard J. Serpe
LAW OFFICES OF RICHARD J. SERPE
Crown Center, Ste. 310
580 East Main Street
Norfolk, VA 23510-2322
rserpe@serpefirm.com
*Fee Committee Member*

Victor M. Diaz, Jr.
V.M. Diaz and Partners, LLC
119 Washington Ave, Suite 402
Miami Beach, FL 33139
Phone: (305) 704-3200
Fax: (305) 538-4928
victor@diazpartners.com

**OF COUNSEL TO PLAINTIFFS' STEERING COMMITTEE**

Richard S. Lewis
HAUSFELD LLP
1700 K Street, NW, Suite 650
Washington, DC 20006
Phone: (202) 540-7200
Fax: (202) 540-7201
rlewis@hausfeldllp.com

Anthony D. Irpino
IRPINO LAW FIRM
2216 Magazine Street
New Orleans, LA 70130
Phone: (504) 525-1500
Fax: (504) 525-1501
airpino@irpinolaw.com

Andrew A. Lemmon
LEMMON LAW FIRM, LLC
P.O. Box 904
15058 River Road
Hahnville, LA 70057
Phone: (985) 783-6789
Fax: (985) 783-1333
andrew@lemmonlawfirm.com

Michael J. Ryan
KRUPNICK CAMPBELL MALONE
BUSER SLAMA HANCOCK LIBERMAN
12 S.E. Seventh Street, Suite 801
Fort Lauderdale, FL 33301
Phone: (954) 763-8181
Fax: (954) 763-8292
*Fee Committee Member*

**<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that the above and foregoing has been served on Defendants' Liaison Counsel, Kerry Miller, by e-mail and upon all parties by electronically uploading the same to LexisNexis File & Serve in accordance with Pre-Trial Order No. 6, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2047 on this 16th day of June, 2014.

/s/ Leonard A. Davis
Leonard A. Davis, Esquire
Herman, Herman & Katz, LLC
820 O'Keefe Avenue
New Orleans, LA 70113
Phone: (504) 581-4892
Fax: (504) 561-6024
Ldavis@hhklawfirm.com
*Plaintiffs' Liaison Counsel*
*MDL 2047*
*Co-counsel for Plaintiffs*