UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: CHINESE-MANUFACTURED | ) | MDL NO. 2047 |
| DRYWALL PRODUCTS LIABILITY | ) | SECTION: L |
| LITIGATION | ) | (2:10-cv-00340) |
| | ) | |
| | ) | |
| THIS DOCUMENT RELATES TO: | ) | JUDGE FALLON |
| ALL CASES | ) | MAG. JUDGE WILKINSON |
| | ) | |

**THE STATE OF LOUISIANA'S REPLY IN SUPPORT OF MOTION TO PROHIBIT
DISPOSAL OF PHYSICAL EVIDENCE BY THE KNAUF DEFENDANTS**

The State of Louisiana agrees with Knauf that the unused drywall held at Knauf's Ft. Lauderdale warehouse must be destroyed. But the State disagrees with Knauf's refusal to provide certain basic information about the drywall before the disposal. That information includes all documents concerning the drywall stored there, such as the identity of the manufacturer(s) of the boards in the warehouse; the manufacturing date for such drywall; when and how the drywall was sold and shipped to the U.S.; and whether the unused drywall in the warehouse has remained in the warehouse untouched for the past many years. Specifically, the State has asked Knauf whether this drywall is the subject of the Settlement Agreement between Knauf and Banner entered into in late 2006 and executed in January 2007. Knauf refuses to answer or, incredibly, claims that it does not know.

As to the other information sought, Knauf has taken two positions. First, it refuses to provide any of the above information claiming that it will be available in discovery. But it has not offered to delay its disposal of the drywall pending the completion of the State's discovery. Second, Knauf claims that the information is not available because it has not examined the board in the warehouse. It is in that context that the State has filed its motion papers and – taking Knauf at its word that the above information does not exist – sought leave to inspect the board as

it leaves the warehouse for disposal and obtain samples of some of it for its possible future use.

There can be no dispute that the drywall in the warehouse is currently "organized" in crowded, floor-to-ceiling, mostly inaccessible stacks of up to eight pallets in each stack and that the end tape visible is the same end tape used by all three Knauf Chinese manufacturing entities. The only way for an inspector to discern whose drywall each board is and the date of manufacture is by taking each sheet and unfolding it to reveal the information in the inside of the folded board. The State proposes that only a subset of the pallets be inspected and sampled and further proposes to work with Knauf on a sampling process, which could be more easily arrived at if Knauf would produce whatever information it (or its customer) has about the drywall.

The samples that the State seeks to obtain are intended to provide information relevant to central issues in the States' LPLA and LUTPA claims: what is the nature of the defect in the drywall and when did Knauf Entities know about that defect? Much of the recent discovery conducted in the *Robin* case tried in Florida state court last October and November has focused on these issues and occurred in the context of KPT's stipulation for purposes of that case that the KPT drywall used in the Robin home was defective. In *Robin*, the jury concluded that:

> [T]he unreasonably dangerous nature of the conduct, together with the high likelihood of damages resulting from the conduct, [was] ***actually known*** by [a] managing agent director, officer or other person responsible for making policy decisions on behalf of KPT [and] Knauf Gips.

*See* Exhibit 4 – Verdict Form, *Robin v. Knauf Plasterboard (Tianjin) Co., Ltd., et al.*, No. 2010CA059323, 2013 WL 6921984 (Fla. Cir. Ct. Nov. 25, 2013) (emphasis added). The penalties available as remedies for the State under the LUTPA statute are available upon proof of the defendants' "intent to defraud." The *Robin* verdict described above finds "actual knowledge" but the State also needs to prove when the Knauf Defendants had that knowledge.

During *Robin* discovery, KPT corporate designee and Knauf Gips employee Martin

Halbach testified that he directed a change in the recipe and manufacturing process at KPT and the other Knauf Chinese manufacturing entities in mid-October, 2006, well before any Florida odor complaints were received.  In the same deposition, Knauf counsel introduced a document that had no Bates labels, apparently produced for the first time in the litigation, showing day-to-day recipes by manufacturing date for KPT drywall manufactured and sent to the United States.  In the Scherer deposition described in the State's Motion papers, Dr. Scherer testified to testing conducted in Germany well before the November activities of Dr. Hummel in Florida.  This recent discovery and the *Robin* jury finding described above lead the State to conclude that information can be obtained from sampling of the subject drywall from the Ft. Lauderdale warehouse that may bear on when the Knauf Entities knew about the defect in their Chinese manufactured drywall.  That opportunity may be lost if Knauf is allowed to dispose of the drywall in the warehouse without the relief sought in this Motion.

Notably, at least one court has already recognized the importance of preserving this drywall pending resolution of existing claims.  Judge Beatrice Butchko of Florida's Eleventh Judicial Circuit has already ordered the Knauf to preserve this drywall pending resolution of the case *Echevarria v. Knauf Plasterboard (Tianjin) Co. Ltd., et. al.*, case no. 10-64471 CA 42, which is currently set for trial in August 2014:

> I am specifically ordering all parties to keep everything . . . . If you haven't destroyed it yet, you are not destroying it now. . . . Do we really need to spend judicial resources on arguing this issue?  Just maintain the status quo.  It looks really bad that you guys want to destroy evidence that has been sitting in a warehouse for seven years. . . . Let's talk about it after *Robin* and, you know, after *Echeveria* [sic].

Exhibit 5 – Hearing Transcript, *Robin v. Knauf Plasterboard (Tianjin) Co., Ltd., et al.*, (Fla. Cir. Ct. Sep. 10, 2013), at pp. 77-80.  In their Opposition to the State's Motion, Knauf fails to

acknowledge that another court already ordered them to preserve this valuable evidence pending the outcome of other Chinese drywall claims.

For these reasons, the State respectfully requests that its Motion to Prohibit Disposal of Physical Evidence be granted.

          Respectfully submitted,

**JAMES D. "BUDDY" CALDWELL**
**LOUISIANA ATTORNEY GENERAL**

James Trey Phillips, BarRoll# 19978
Sanettria Glasper Pleasant, BarRoll# 25396
L. Christopher Styron, BarRoll# 30747
Assistant Attorneys General
**LOUISIANA DEPARTMENT OF JUSTICE**
1885 North Third Street
Post Office Box 94005
Baton Rouge, Louisiana 70804-9005
Telephone: (225) 326-6000
Facsimile: (225) 326-6499

**Usry, Weeks & Matthews, APLC**
T. Allen Usry, BarRoll# 12988
Trial Attorney
John F. Weeks, II, BarRoll# 13309
1615 Poydras St., Ste. 1250
New Orleans, LA 70112
(504) 592-4600

**Shows, Cali & Walsh, LLP**
E. Wade Shows, BarRoll# 7637
Trial Attorney
John C. Walsh, BarRoll# 24903
628 St. Louis St.
P. O. Drawer 4425
Baton Rouge, LA 70821
(225) 346-1461

   *s/ David L. Black*
**Perkins Coie, LLP**
David L. Black
Craig M. J. Allely
1900 Sixteenth Street, Suite 1400

Denver, CO  80202
(303) 291-2300

COUNSEL FOR THE STATE OF LOUISIANA

## CERTIFICATE OF SERVICE

I hereby certify that the above and foregoing State of Louisiana's Reply in Support of Motion to Prohibit Disposal of Physical Evidence by the Knauf Defendants has been served on Plaintiffs' Liaison Counsel, Russ Herman; Defendants' Liaison Counsel, Kerry Miller; Homebuilders' Liaison Counsel, Dorothy Wimberly; and Insurance Liaison Counsel, Judy Y. Barrasso, all by e-mail <u>and</u> upon all parties by electronically uploading the same to Lexis Nexis File & Serve in accordance with Pretrial Order No. 6, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2047, on this 16th day of June, 2014.

<u>  s/ David L. Black  </u>
(Signature of Filing Attorney)

LEGAL122387898.1