# EXHIBIT 4

Case 2:09-md-02047-EEF-MBN Document 17761-2 Filed 06/16/14 Page 2 of 9

Jeffrey ROBIN and OF Elisa Robin, Plaintiffs, v. KNAUF..., 2013 WL 6921984...

2013 WL 6921984 (Fla.Cir.Ct.) (Verdict, Agreement and Settlement)
Circuit Court of Florida,
Eleventh Judicial Circuit.
Miami-dade County

Jeffrey ROBIN and OF Elisa Robin, Plaintiffs,

v.

KNAUF PLASTERBOARD (TIANJIN) CO., LTD., a foreign corporation; Knauf Gips KG, a
foreign corporation; Banner Supply Company, a Florida corporation; Sunshine Drywall, Inc., a
Florida corporation; F & L Developers, Inc., a Florida corporation; LA Suprema Trading, Inc.,
a Florida corporation; and LA Suprema Enterprise, Inc., a Florida corporation, Defendants.

No. 2010CA059323.
November 25, 2013.

**Chinese Drywall**

*VERDICT FORM*

What is the total amount of punitive damages, if any, which you find, by the greater weight of the evidence, should be assessed
against Defendant KNAUF PLASTERBOARD (TIANJIN) ("KPT") and Defendant KNAUF GIPS KG ("Knauf Gips")?

| | |
|---|---|
| Defendant KPT | $ 1,000,000 |
| Defendant Knauf Gips | $ 5,000,000 |

If you elect not to assess punitive damages against either of the two Defendants, you should enter a zero (0) as the amount of
damages for each, skip the questions below, and sign and date the verdict form.

If, however, you elect to assess punitive damages against one or both Defendants, the law requires you to answer the following
questions below:

*As to Defendant KPT:*

*Question:* Was the wrongful conduct of any managing agent, director, officer, or other person responsible for making policy
decisions on behalf of KPT motivated solely by unreasonable financial gain and was the unreasonably dangerous nature of
the conduct, together with the high likelihood of damages resulting from the conduct, actually known by any managing agent,
director, officer, or other person responsible for making policy decisions on behalf of KPT?

Yes X                                             No____

*As to Defendant KNAUF GIPS:*

*Question:* Was the wrongful conduct of any managing agent, director, officer, or other person responsible for making policy decisions on behalf of Knauf Gips motivated solely by unreasonable financial gain, and was the unreasonably dangerous nature of the conduct, together with the high likelihood of damages resulting from the conduct, actually known by any managing agent, director, officer, or other person responsible for making policy decisions on behalf of Knauf Gips?

Yes X                                   No___

SO SAY WE ALL, this 22 day of November, 2013.

<<signature>>

FOREPERSON

---

**End of Document**                                   © 2014 Thomson Reuters. No claim to original U.S. Government Works.

# EXHIBIT 5

```
                    IN THE CIRCUIT COURT OF THE 11TH
                    JUDICIAL CIRCUIT IN AND FOR
                    MIAMI-DADE COUNTY, FLORIDA

                    CASE NO.:  10-59323 CA 42

                    CHINESE DRYWALL
```

JEFFREY ROBIN and
ELISA ROBIN,

     Plaintiffs,
vs.

KNAUF PLASTERBOARD (TIANJIN) CO.,
LTD., a foreign corporation; KNAUF
GIPS KG, a foreign corporation;
BANNER SUPPLY COMPANY, a Florida
corporation; SUNSHINE DRYWALL, INC.,
a Florida corporation; F&L DEVELOPERS,
INC., a Florida corporation; LA SUPREMA
TRADING, INC., a Florida corporation;
and LA SUPREMA ENTERPRISE, INC., a
Florida corporation,

     Defendants.
_____/

```
                    Dade County Courthouse,
                    73 West Flagler Street,
                    Miami, Florida,
                    Tuesday, 10:00 a.m.
                    September 10, 2013.
```

    The above-entitled cause came on for a hearing

before The Honorable Beatrice Butchko, Circuit Court

Judge, pursuant to notice.

APPEARANCES:

  VM DIAZ AND PARTNERS, LLC, by
  VICTOR M. DIAZ, JR., Esquire, and
  JORGE LORENZO, Esquire,
  Attorneys for Plaintiffs.

1          MR. DIAZ:  No.  It's a motion that is

2     going to be filed regarding instructions that

3     were made at the deposition that was the

4     Saturday before ---

5          THE COURT:  Let's go off the record.

6          (Discussion off the record.)

7          MR. DIAZ:  They have filed a notice of

8     intent to destroy evidence in the Robin case.

9     We will be filing an objection.  This goes to --

10     they have settled cases.  They want to get rid

11     of all the evidence that they are preserving.

12     We vehemently object to that.

13          THE COURT:  What are you guys doing?

14          MR. DIAZ:  You filed it in Robin and

15     Echeveria.

16          THE COURT:  This is Robin.

17          MR. POLLACK:  In the MDL.

18          MR. DIAZ:  No, you did it here.

19          MR. GLICKSTEIN:  May I address that, Your

20     Honor?

21          THE COURT:  Somebody needs to address it.

22     Mr. Glickstein.

23          MR. GLICKSTEIN:  I need to address it just

24     so you understand what it is.  There is a huge

25     volume of drywall that has been -- that was

1    supplied to Banner and never installed in any
2    home, that was never used, and has been sitting
3    in a warehouse for many, many, many years.
4          THE COURT:  Mr. Glickstein, let me just
5    stop you, please.
6          MR. GLICKSTEIN:  And it has always been
7    available for inspection and there is a
8    procedure in the MDL that says you can provide
9    notice and people can object of -- this was
10   discussed with ---
11         THE COURT:  Let me just stop you because
12   really this is nonsensical at this point.  We
13   are on the eve of trial.  These things have been
14   going on and have been pending for years.  We
15   are going to resolve the Robin case within a
16   month.  We are going to resolve Echeveria in
17   November, no?
18         MR. DIAZ:  December 2nd.
19         THE COURT:  In December.  So I'm not going
20   to rule for Judge Sigler, but as to the Knauf
21   case, I am specifically ordering all parties to
22   keep everything even if the MDL judge allowed
23   you to destroy it.  If you haven't destroyed it
24   yet, you are not destroying it now.
25         The other issue is that Mr. Diaz has

 1     painstakingly investigated this plaintiff's

 2     case probably, my guess would be, in more

 3     detail than others, and I don't know if the

 4     other cases have gone to trial.

 5         MS. LUNDEEN:  That is not the issue,

 6     though.  He has his board.  There is nothing

 7     about the Robin board ---

 8         THE COURT:  It's not worth it.

 9         MS. LUNDEEN:  I understand.

10         MR. DIAZ:  There is a warehouse full of

11     Knauf drywall.

12         MS. LUNDEEN:  Mr. Diaz wants to preface

13     his argument, you have not had the opportunity

14     to hear the background, to see the motion, to

15     understand what we are asking for --

16         MR. DIAZ:  To destroy the warehouse.

17         THE COURT:  Ms. Lundeen, what does it

18     matter?  It has been held for years.  We are on

19     the eve of trial.

20         MR. DIAZ:  Seven years.

21         THE COURT:  Do we really need to spend

22     judicial resources on arguing this issue?  Just

23     maintain the status quo.  It looks really bad

24     that you guys want to destroy evidence that has

25     been sitting in a warehouse for seven years.

1      MR. DIAZ:  Seven years in Fort Lauderdale

2  and they know that I intend to ask the jury to

3  inspect the premises.

4      MS. LUNDEEN:  This is highly prejudicial.

5  We are talking about a board that was delivered

6  to Banner that was never put in a single

7  person's home.  There is thousands of meters of

8  board that has been preserved that nobody seeks

9  to destroy.

10      THE COURT:  Let's talk about it after.

11  After Robin and, you know, after Echeveria.

12      MR. DIAZ:  Absolutely.

13      THE COURT:  Really.  Let's not talk about

14  that now.

15      MS. LUNDEEN:  Well, the pleadings are

16  closed so ---

17      MR. DIAZ:  Your Honor, it's absurd for

18  them to take a warehouse full of drywall that

19  has been sitting for seven years in Fort

20  Lauderdale, that if there is any dispute that

21  arises, they want -- which was the subject of

22  the secret settlement agreement with Banner, and

23  all a sudden they want to make it disappear the

24  month before we go to trail.

25      THE COURT:  No, we don't even have the