UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: CHINESE MANUFACTURED DRYWALL | : | MDL NO. 2047 |
| PRODUCTS LIABILITY LITIGATION | : | SECTION: L |
| | : | |
| THIS DOCUMENT RELATES TO | : | JUDGE FALLON |
| ALL ACTIONS | : | MAG. JUDGE WILKINSON |
| .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. | : | |

## ORDER

Before the Court are two motions regarding the disposal of physical evidence. First, the Plaintiffs' Steering Committee filed a motion asking the Court to preclude the disposal of physical evidence by Venture Supply Inc. and the Porter-Blaine Corporation. (Rec. Doc. 17723). Second, the Louisiana Attorney General filed a motion asking the Court to prohibit Knauf from disposing of physical evidence. (Rec. Doc. 17730).

The Court set both motions for oral argument following the June monthly status conference.

**Rec. Doc. 17723 - PSC's Motion to Preclude Disposal of Physical Evidence**

This motion involves the storage of approximately 20 sheets of Taishan drywall that are being stored in Virginia Beach, Virginia. For the reasons explained more fully at the hearing, the Court finds that it is no longer appropriate to require Venture Supply and Porter-Blaine to remain responsible for the cost for the storage of this evidence. These two Defendants have settled this matter and their role in the litigation is coming to an end. Accordingly,

**IT IS ORDERED** that if the PSC finds it necessary to preserve the 20 sheets of Taishan drywall in question, the PSC must take over all responsibility for the preservation. Beginning on

July 1, 2014, the PSC should either take physical possession of the boards or it should have the storage lease transferred from the Defendants to the PSC so that the PSC will be legally and financially responsible for the boards from that date forward.  The PSC shall have no residual responsibility or liability for anything occurring prior to their taking possession of this material.

### Rec. Doc. 17730 - Louisiana Attorney General's Motion to Prohibit Disposal of Phsycial Evidence by the Knauf Defendants

This motion pertains to 50,000-60,000 sheets of Knauf drywall that are being stored in a warehouse in Florida.  For the reasons explained more fully at the hearing, the Court finds that as long as the evidence is being preserved pursuant to Judge Butchko's order in a Florida state court proceeding, the Louisiana Attorney General should have access to the boards.  Accordingly,

**IT IS ORDERED** that Knauf should make the boards available for inspection and/or testing by the Louisiana Attorney General.  The Louisiana Attorney General shall bear all costs connected or incurred in connection with this inspection and/or testing.

**IT IS FURTHER ORDERED** that if Knauf incurs any additional costs associated with moving or testing the boards, as a result of the Louisiana Attorney General's actions, Knauf should save all receipts and records of these expenses.  If this matter proceeds to trial and the Court determines that the evidence recovered is not relevant to the issues at trial, the Louisiana Attorney General will have to reimburse Knauf for these expenses.

New Orleans, Louisiana this 18th day of June, 2014.

_____
UNITED STATES DISTRICT COURT JUDGE