UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: CHINESE MANUFACTURED DRYWALL PRODUCTS LIABILITY LITIGATION | : : : : : | MDL NO. 2047<br><br>SECTION:  L<br><br>JUDGE FALLON |
| This Document Relates to: | : : | MAG. JUDGE WILKINSON |
| *Abel, et al. v. Taishan Gypsum Co., Ltd., f/k/a Shandong Taihe Dongxin Co., Ltd., et al.* Case No. 11-cv-080 (E.D. La.) | : : : : | |
| *Almeroth, et al. v. Taishan Gypsum Co., Ltd. f/k/a Shandong Taihe Dongxin Co., Ltd., et al.* Case No. 12-cv-0498 (E.D. La.) | : : : : | |
| *Amato, et al. v. Liberty Mutual Insurance Company* Case No. 2:10-cv-00932 (E.D. La.) | : : : | |
| *Germano et al. v. Taishan Gypsum Co., Ltd. et al.* Case No. 2:09-cv-06687 (E.D. La.) | : : : | |
| *Gross, et al. v. Knauf Gips, KG, et al* Case No. 09-cv-6690 (E.D. La.) | : : : | |
| *Haya, et al. v. Taishan Gypsum Co., Ltd f/k/a Shandong Taihe Dongxin Co., Ltd, et al.* Case No. 11-cv-1077 (E.D. La.) | : : : : | |
| *Wiltz, et al. v. Beijing New Building Materials Public Limited Co., et al.* Case No. 10-cv-361 (E.D. La.) | : : : : : : | |
| . .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. | : | |

# **ORDER**

On May 13, 2014, the Court received a letter from Matthew Garretson of the Garretson Resolution Group, the Claims Administrator for the Four Virginia-based Settlements.  Garretson asked the Court for guidance in applying Section 10 of the Allocation plan.  The Allocation Plan

was approved by this Court on July 9, 2013. At that time, the Court gave the class an opportunity to review and comment on the plan, just as it did with the Settlement Agreement. No class members objected to Section 10.

Section 10 states: "Class Members who failed to file and serve their Claims within the Applicable Statute of Limitations shall be entitled to partial recovery under the Settlements. Those Class Members who meet the other proof requirements may recover a proportional share of both the Real Property Funds and Other Loss Funds reduced by sixty percent (60%)." Footnote 4 of the Allocation Plan states "The Applicable Statute of Limitations refers to the time within which a Class Member has to file and serve his or her claims arising from CDW under the laws of the state in which his or her Affected Property is located." (Rec. Doc. 16800-7 at 4).

Garretson explains that after an initial review of Real Property claim forms, they determined that 44 claims were deficient. The states in which the Affected Properties are located are: 33 in Virginia, 5 in Alabama, 5 in Georgia, and 1 in North Carolina. According to Garretson, a strict interpretation of Section 10 will result in inconsistent treatment among claimants because of the different state laws regarding statute of limitations, class actions and cross-jurisdictional tolling.

At the suggestion of Garretson, this Court issued an order to show cause to allow claimants to comment on Section 10 of the Allocation Plan. The Court received eleven letters from interested parties. The Court also held a show cause hearing and heard arguments regarding this section of the Allocation Plan. For the reasons stated more fully in court,

**IT IS ORDERED** that Garretson Resolution Group should enforce Section 10 of the Allocation Plan as it is written. If an individual claimant has experienced exceptional circumstances, such as misleading advice or deceit, that claimant can petition the Court to

-2-

investigate his or her individual situation. Unless such exceptional circumstances can be shown, the Allocation Plan must be implemented as written, with the presumption that the litigants know the law in their respective states.

With respect to Georgia, the law in that state is unclear on whether cross-jurisdictional tolling is permitted. The leading case in Georgia on this issue is *State v. Private Truck Council of America*, 258 Ga. 531 (Ga. 1988). In that case, the Supreme Court of Georgia stated that "[t]he doctrine of equitable tolling provides that when a class action is filed, the statute of limitations for the action is tolled for all asserted members of the class during pendency of the action. . . . The tolling of the statute of limitations permits class members to rely on the class action to protect their rights without concern that the statue of limitations on their individual claims will have run should class certification ultimately be denied. . . . The doctrine of equitable tolling protects only those claims asserted in the lawsuit from being barred by the applicable statute of limitations." *Id.* at 533-34 (citations omitted). In describing the doctrine of equitable tolling, the Georgia court does not exclude the possibility of cross-jurisdictional tolling. Therefore, the claimants in Georgia, who are presumed to know the law in their state, could have fairly concluded that the statute of limitations was tolled by the Omni complaints that were filed in the Eastern District of Louisiana. Accordingly,

**IT IS ORDERED** that when applying Section 10 of the allocation plan, the Garretson Resolution Group should interpret the law in Georgia as allowing cross-jurisdictional tolling.

The Court recognizes that this decision may result in inconsistent treatment of claimants from different states. However, these inconsistencies are a result of the law in those states. For any legal regime to function effectively and efficiently, citizens who rely on that regime must be presumed to know the law. Applying this time-honored principle to this case, one must conclude

that those who seek an allocation pursuant to the terms of the Settlement Agreement, had full knowledge of the law of their respective states and had ample opportunity to opt out of the agreement or register an objection to its terms before it was approved by the Court.  No objections to Section 10 were raised.  For this Court to disregard the clear wording of the Allocation Plan would place the entire Settlement Agreement in jeopardy and would be inconsistent with its duty and responsibility.

New Orleans, Louisiana, this 23rd day of June, 2014.

_____
ELDON E. FALLON
UNITED STATES DISTRICT JUDGE