UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE:  CHINESE-MANUFACTURED DRYWALL PRODUCTS LIABILITY LITIGATION | MDL NO. 2047<br>SECTION: L<br>JUDGE FALLON<br>MAG. JUDGE WILKINSON |
| THIS DOCUMENT RELATES TO:<br><br>ALL CASES | |

**THE PLAINTIFFS' STEERING COMMITTEE'S MEMORANDUM OF
LAW IN SUPPORT OF MOTION TO APPROVE ALTERNATIVE
SERVICE OF PROCESS PURSUANT TO FED.R.CIV.P. 4(f)(3)**

The Plaintiffs' Steering Committee ("PSC") has been embroiled in efforts to serve Taishan and its subsidiary, Tai'an Taishan, as well as the Chinese parent corporations of these entities (collectively the "Taishan Defendants"), since the outset of this litigation.  Despite these efforts, there is an enormous backlog of complaints that still need to be served on the Taishan Defendants in accordance with the onerous requirements of the Hague Convention.  The service of these complaints under the Hague Convention is fraught with delays especially since the PSC's process server, APS International ("APS"), has advised that service of complaints must be staggered so as to avoid any confusion of the Chinese central authority responsible for serving the complaints on the Taishan Defendants.[1]  At the current pace of service it will take several years to successfully serve the Taishan Defendants with the outstanding complaints in the absence of an order from this Court authorizing alternative service of process pursuant to Rule

---

[1] For this reason, just one complaint is in the process of being served on the Taishan Defendants while eleven complaints are backlogged and will be served on the Taishan Defendants at a future date.  The PSC has obtained extensions of time to serve the defendants with each of the eleven complaints that are to be served on the Taishan Defendants at a future date.  *See* Rec.Doc.#s 7138, 8325, 9681, 13733, and 16356.

4(f)(3).

Notwithstanding the enormous backlog of complaints that need to be served on the Taishan Defendants, these defendants have been extremely active in this litigation, yet they continuously refuse to accept service of process. Through their United States lawyers the Taishan Defendants have been engaged in these proceedings since June 10, 2010, *see* Rec.Doc.# 3668, and have completed full discovery with respect to their jurisdictional challenges. The Taishan Defendants have also participated in lengthy appeals of this Court's jurisdictional finding to the Fifth Circuit Court of Appeals. Thus, it is evident that the Taishan Defendants have been extremely active in this litigation and that they have been working closely with their counsel.

While the Taishan Defendants remain steadfast in their refusal to accept service of process, the enormous expense and delay attributable to this refusal warrants that the Court authorize alternative service of process pursuant to Fed.R.Civ.P. 4(f)(3). The PSC proposes that such service be accomplished by serving the complaints on the Taishan Defendants' United States lawyers. Given the level of participation by the Taishan Defendants in this litigation, it is respectfully submitted that service on their United States lawyers will comport with Due Process.

    I.    **RELEVANT FACTS**

The Taishan Defendants have been the subject of numerous complaints that have been filed of record in these proceedings. In addition to the *Germano* complaint that was served on Taishan and resulted in extensive default judgement proceedings, the PSC has served the Taishan Defendants with six additional omnibus complaints. *See* The PSC's Fortieth Status Report on

Service of Omnibus Complaints, attached hereto as Exhibit 1.[2] Taishan and/or Tai'an Taishan have been held in default with respect to two of these complaints. *See* Rec.Doc. #s 487 (holding Taishan in default in *Germano*);[3] 12599 and 15687 (holding Tai'an Taishan in default in *Gross*). The Taishan Defendants are also subject to two additional motions for preliminary default judgment that are currently pending before the Court. *See* Rec.Docs. # 17089 and 17172 (Plaintiffs' third omnibus motion for preliminary default judgment and errata thereto); # 17378 (Plaintiffs' fourth omnibus motion for preliminary default judgement).

The PSC is currently in the process of serving the Omnibus XV complaint on the Taishan Defendants in accordance with the procedures established by the Hague Convention. *See* The

---

[2] The PSC has served the Taishan Defendants with complaints in: (1) *Wiltz, et al. v. Beijing New Building Materials Public Limited Co., et. al.*, Case No. 2:10-cv-00361 (E.D.La.) (the Taishan Defendants have been served with the Omnibus II complaint); (2) *Gross, et al. v. Knauf Gips KG, et al.*, Case No. 2:09-cv-6690 (E.D.La.) (the Taishan Defendants have been served with the original *Gross* complaint as well as the Omnibus III complaint); (3) *Amorin, et al. v. Taishan Gypsum Co., Ltd. f/k/a Shandong Taihe Dongxin Co., Ltd., et al.,* Case No.: 2:11-cv-1672 (E.D.La.) (the Taishan Defendants have been served with the original complaint); (4) *Amorin, et al. v. Taishan Gypsum Co., Ltd. f/k/a Shandong Taihe Dongxin Co., Ltd., et al.,* Case No.: 2:11-cv-1395 (E.D.La.) (the Taishan Defendants have been served with the original complaint); and (5) *Amorin, et al. v. Taishan Gypsum Co., Ltd. f/k/a Shandong Taihe Dongxin Co., Ltd., et al.,* Case No.: 2:11-cv-1673 (E.D.La.) (the Taishan Defendants have been served with the original complaint).

[3] With respect to *Germano,* the PSC obtained a default judgment against Taishan in favor of seven Virginia families and successfully opposed Taishan's motion to vacate the default judgment and its jurisdictional challenge not only in *Germano*, but also in *Gross v. Knauf Gips*, *KG*, No. 09-6690 (E.D. La.) ("*Gross*"), *Wiltz v. Beijing New Building Materials Public Limited Co.*, No. 10-361 (E.D. La.) ("*Wiltz*"), and *Mitchell Co., Inc. v. Taishan Gypsum Co., Ltd.*, 09-4115 (N.D. Fla.) ("*Mitchell*"). Then, the PSC successfully opposed Taishan's appeal of the District Court's jurisdictional ruling in *Germano* to the Fifth Circuit. *See In re Chinese-Manufactured Drywall Prod. Liab. Litig.*, 742 F.3d 576 (5th Cir. Jan. 28, 2014). Taishan similarly appealed this Court's adverse jurisdictional rulings in *Gross*, *Wiltz*, and *Mitchell*. The PSC likewise prevailed in opposing Taishan's appeal of the District Court's jurisdictional rulings in *Gross*, *Wiltz*, and *Mitchell*. *See In re Chinese-Manufactured Drywall Products Liab. Litig.*, 2014 WL 2111672 (5th Cir. May 20, 2014).

PSC's Fortieth Status Report on Service of Omnibus Complaints. Pursuant to the advice of APS, eleven of the complaints involving Taishan are currently on hold and will be served at a later date.[4] *Id*. As noted above, APS has advised that Plaintiffs should stagger the service of complaints so as to avoid confusing the Chinese central authority responsible for serving the complaints on the Taishan Defendants. *See* Fn. 1, *supra* (the PSC has obtained extensions of time for purposes of serving its complaints). As has been established from the outset of this litigation, it frequently takes in excess of six months to serve Chinese defendants. Thus, when it comes time to serve each of the backlogged complaints, service of each successive complaint can be anticipated to take six months or longer.

The Taishan Defendants and their United States lawyers have been heavily engaged in this litigation following this Court's confirmation of the default judgement against Taishan in *Germano*. On June 10, 2010, the last day to initiate an appeal of the Court's default judgment in *Germano*, Taishan's United States lawyers entered an appearance for Taishan and filed a notice of appeal. *See* Rec.Doc.#s 3668 and 3670. Since entering their appearance in the *Germano* proceedings, the Taishan Defendants have participated in extensive discovery and briefing involving their challenges to this Court's exercise of personal jurisdiction. This discovery

---

[4] Service of the following complaints on the Taishan Defendants is currently on hold: (1) *Wiltz* (omnibus II(a)); (2) *Wiltz* (omnibus II(b)); (3) *Wiltz* (omnibus II©); (4) *Gross* (omnibus III(a)); (5) *Abel, et. al. v. Taishan Gypsum Co., Ltd.., f/k/a Shandong Taihe Dongxin Co., Ltd., et. al.*, Case No. 2:11-cv-080 (E.D.La.); (6) *Haya, et al v. Taishan Gypsum Co., Ltd. f/k/a Shandong Taihe Dongxin Co., Ltd., et al.,* Case No.: 11-cv-1077 (E.D.La.) (omnibus X); (7) *Haya* (amended omnibus X); (8) *Haya* (second amended omnibus X); (9) *Almeroth, et al v. Taishan Gypsum Co., Ltd. f/k/a Shandong Taihe Dongxin Co., Ltd., et al.,* Case No.: 12-cv-498 (E.D.La.); (10) *Amorin, et al. v. Taishan Gypsum Co., Ltd. f/k/a Shandong Taihe Dongxin Co., Ltd., et al.,* Case No.: 2:11-cv-1395 (E.D.La.) (omnibus XVI); and (11) *Amorin, et al. v. Taishan Gypsum Co., Ltd. f/k/a Shandong Taihe Dongxin Co., Ltd., et al.,* Case No.: 2:11-cv-1673 (E.D.La.) (omnibus XVII).

involved more than two weeks of depositions in Hong Kong.  In addition, the Taishan Defendants drafted numerous briefs and participated in oral argument with respect to their personal jurisdiction challenges.  When these efforts proved unsuccessful, the Taishan Defendants continued to challenge the Court's jurisdiction in a series of appeals to the Fifth Circuit Court of Appeals.  *See* Fn. 3, *supra*.

In sum, the Taishan Defendants substantively participated in this litigation for approximately four years.  Given the scope of the Taishan Defendants' challenges to the Court's exercise of personal jurisdiction, it logically follows that they are in close contact with their United States lawyers who have been continuously representing them since June 10, 2010.

**II.     ARGUMENT**

The facts of this case clearly warrant that the Court approve alternative service pursuant to Rule 4(f)(3) and allow Plaintiffs to serve the outstanding complaints on the Taishan Defendants through their United States lawyers.  As noted above, if the PSC is forced to serve the Taishan Defendants in accordance with the Hague Convention it will take several years to complete service of the outstanding complaints.  While the PSC is committed to serve its complaints, the Taishan Defendants have been actively engaged in this litigation and have taken full advantage of the American legal system.  Yet the Taishan Defendants stubbornly refuse to accept service of process and remain intent on delaying these proceedings by insisting that Plaintiffs serve each of their complaints consistent with the Hague Convention.  Given the slow rate confronting Plaintiffs to perfected service of their complaints under the Hague Convention, it is clear the Taishan Defendants are taking advantage of this process to further delay justice to impacted homeowners.

      **a.**      **Alternative Service of Process is Permissible Pursuant to Rule 4(f)(3)**

Service on the Taishan Defendants, as foreign corporations, is governed by Rule 4(f). *See* Fed.R.Civ.P. 4(h) (stating that a foreign corporation must be served "in a judicial district of the United States ... or at a place not within any judicial district of the United States, **in any manner prescribed by Rule 4(f)** for serving an individual, except personal delivery") (emphasis added). Rule 4(f)(1) permits service outside the United States "by any internationally agreed means of service that is reasonably calculated to give notice, such as those authorized by the Hague Convention."[5] Subject to enumerated restrictions, Rule 4(f)(2) permits alternative service "if there is no internationally agreed means, or if an international agreement allows but does not specify other means, by a method that is reasonably calculated to give notice." Finally, Rule 4(f)(3) provides that service on a foreign litigant can be effected "by other means not prohibited by international agreement, as the court orders." In general, "[t]he decision whether to allow alternative methods of serving process under Rule 4(f)(3) is committed to the sound discretion of the district court." *In re GLG Life Tech Corp. Sec. Litig.*, 287 F.R.D. 262, 265 (S.D.N.Y.2012) (quoting *Madu, Edozie & Madu, P.C. v. Socketworks Ltd. Nigeria*, 265 F.R.D. 106, 115 (S.D.N.Y.2010)) (internal quotation marks omitted).

Courts have long held that there is "no hierarchy among the subsections in Rule 4(f)," *Advanced Aerofoil Techs., AG v. Todaro*, 2012 WL 299959, at *1 (S.D.N.Y. Jan. 31, 2012), and that Rule 4(f)(3) "stands independently, on equal footing" with Rule 4(f)(1), *Rio Props., Inc. v.*

---

[5] China is a signatory to the Hague Convention. *See* Convention done at the Hague Nov. 15, 1965, art. 10(a), 20 U.S.T. 361, 658 U.N.T.S. 163, C.T.S. 1989/2. China has objected to Article 10 of the Hague Convention which authorizes service of process by postal channels. *Id*. *See also Lexmark Int'l, Inc. v. Ink Technologies Printer Supplies, LLC*, 291 F.R.D. 172, 175 (S.D. Ohio 2013).

*Rio Int'l Interlink*, 284 F.3d 1007, 1014-15 (9th Cir.2002). As the Ninth Circuit reasoned in *Rio Properties*:

> As obvious from its plain language, service under Rule 4(f)(3) must be (1) directed by the court; and (2) not prohibited by international agreement. No other limitations are evident from the text ....
>
> By all indications, court-directed service under Rule 4(f)(3) is as favored as service available under Rule 4(f)(1) or Rule 4(f)(2).... Rule 4(f)(3) is not subsumed within or in any way dominated by Rule 4(f)'s other subsections; it stands independently, on equal footing. Moreover, no language in Rules 4(f)(1) or 4(f)(2) indicates their primacy, and certainly Rule 4(f)(3) includes no qualifiers or limitations which indicate its availability only after attempting service of process by other means.

*Id.*; *accord GLG Life Tech Corp.*, 287 F.R.D. at 265 (following *Rio Properties*); *Advanced Aerofoil Techs.*, 2012 WL 299959, at *1 (same); *FTC v. PCCare247 Inc.*, 2013 WL 841037, at *2 (S.D.N.Y. Mar. 7, 2013) (similar). In other words, Rule 4(f)(3) is "merely one means among several which enables service of process on an international defendant" and "is neither a 'last resort' nor 'extraordinary relief.'" *Rio Props.*, 284 F.3d at 1015 (quoting *Forum Fin. Grp., LLC v. President & Fellows of Harvard Coll.*, 199 F.R.D. 22, 23 (D.Me.2001)).

Applying these principles, "numerous courts have authorized alternative service under Rule 4(f)(3) even where the Hague Convention applies." *Richmond Techs., Inc. v. Aumtech Bus. Solutions*, 2011 WL 2607158, at *12 (N.D.Cal. July 1, 2011) (citing cases). *See also Lexmark Int'l, Inc.*, 291 F.R.D. at 175; *Jian Zhang v. Baidu.com Inc.*, 293 F.R.D. 508 (S.D.N.Y. 2013); *Russell Brands, LLC v. GVD Int'l Trading, SA*, 282 F.R.D. 21 (D. Mass. 2012). By its terms, Rule 4(f)(3) requires only that service be authorized by a court and "not prohibited by international agreement." So long as those conditions are met, it should not, and does not, matter

7

whether service was attempted pursuant to Rule 4(f)(1) or (2) and, if so, whether or why such service was unsuccessful.[6] Therefore, it is well within this Court's discretion to approve alternative service on the Taishan Defendants through their United States Lawyers.[7]

### b. Alternative Service of Process on the Taishan Defendants is Clearly Justified Under the Facts of this Case

---

[6] Before authorizing service pursuant to Rule 4(f)(3), some district courts have nevertheless required " '(1) a showing that the plaintiff has reasonably attempted to effectuate service on the defendant, and (2) a showing that the circumstances are such that the court's intervention is necessary.' " *GLG Life Tech Corp.*, 287 F.R.D. at 265–66 (quoting *United States v. Lebanese Canadian Bank SAL*, 285 F.R.D. 262, 267 (S.D.N.Y.2012), and citing cases). To that end, "in cases involving service on a person residing in a country that is a signatory to the Hague Convention, courts have often imposed a requirement that litigants first attempt service by means of the Hague Convention before seeking court-ordered alternative service under section 4(f)(3)." *Id*. at 266 (citing *Devi v. Rajapaska*, 2012 WL 309605, *2 (S.D.N.Y. Jan. 31, 2012)). Such requirements make good sense, if only "to prevent parties from whimsically seeking alternate means of service and thereby increasing the workload of the courts." *Id*. (quoting *Ryan v. Brunswick Corp.*, 2002 WL 1628933, at *2 (W.D.N.Y. May 31, 2002)) (internal quotation mark omitted). In this case, however, the Court need not decide whether or when these requirements apply, as Plaintiffs have fulfilled them given their well documented efforts to serve the Taishan Defendants through the Hague Convention.

[7] Since the PSC proposes that service be effectuated via serving the Taishan Defendants' United States lawyers, it is questionable whether the Hague Convention is even applicable. The purpose of the Hague Convention is " 'to create appropriate means to ensure that judicial and extrajudicial documents to be served abroad shall be brought to the notice of the addressee in sufficient time.' " *Burda Media, Inc. v. Viertel*, 417 F.3d 292, 300 (2d Cir.2005) (quoting Hague Convention pmbl.); *see also* Hague Convention art. 1 (stating that the Convention applies "in all cases, in civil or commercial matters, where there is occasion to transmit a judicial or extrajudicial document for service abroad"). As the Supreme Court has explained, "[t]he only transmittal to which the Convention applies is a transmittal abroad that is required as a necessary part of service." *Volkswagenwerk Aktiengesellschaft v. Schlunk*, 486 U.S. 694, 707 (1988) (emphasis added). The Convention has "no further implications," therefore, "[w]here service on a domestic agent is valid and complete under both state law and the Due Process Clause." *Id*.; *see also GLG Life Tech Corp.*, 287 F.R.D. at 267 ("[S]ervice on GLG's counsel ... would not run afoul of the Hague Convention since ... no documents would be transmitted abroad."); *RSM Prod. Corp. v. Fridman*, 2007 WL 2295907, at *3 (S.D.N.Y. Aug. 10, 2007) (holding that the plaintiff's request for court-directed service on the defendant through counsel in the United States pursuant to Rule 4(f)(3) did not implicate the Convention because it involved no transmittal of documents abroad).

8

Alternative service on the Taishan Defendants' United States lawyers is clearly justified in light of the fact that it will take many years to serve the Taishan Defendants with the outstanding complaints. Not only is there a large backlog of complaints but the history of this litigation suggests it will take a considerable amount of time to effectuate service of the complaints once commenced. This expected delay clearly justifies approval of alternative service on the Taishan Defendants' United States lawyers. *See Lexmark Int'l, Inc.*, 291 F.R.D. at 175 ("Plaintiff also has shown that the circumstances of the case warrant alternative service. This case has been pending for approximately three years, and the Court is well aware of the difficulties encountered by Plaintiff attempting to locate all of the Defendants in this matter. Plaintiff has demonstrated that service on the Chinese entities could be further delayed by more than four months if formal service pursuant to the Hague Convention is required."); *Lyman Morse Boatbuilding Co., Inc. v. Lee*, 2011 WL 52509, at *3 (D.Me. Jan. 6, 2011) (granting the plaintiff's motion for alternative service pursuant to Fed.R.Civ.P. 4(f)(3), finding not only that the Convention did not prohibit such alternative service but, as well, that "any attempt at formal service through the Brazilian judicial system will be, if not fruitless, prolonged for such an extensive period of time that evidence and testimony may well be affected.").[8]

---

[8] "Courts have frequently cited delays in service under the Hague Convention as supporting an order of alternative service under Rule 4(f)(3)." *In GLG Life Tech Corp. Sec. Litig.*, 287 F.R.D. at 266-67. *See, e.g., Brown v. China Integrated Energy, Inc.*, 285 F.R.D. 560, 562-66 (C.D.Cal.2012) (ordering alternative service and noting that service of defendant under the Hague Convention would take four to six months); *Ackerman v. Global Vehicles U.S.A., Inc.*, 2011 WL 3847427, at *3-4 (E.D.Mo. Aug. 26, 2011) (authorizing service on defendant's counsel "so as to not further delay" the lawsuit); *The Knit With v. Knitting Fever, Inc.*, 2010 WL 4977944, at *4-5 (E.D.Pa. Dec. 7, 2010) (plaintiff granted leave to serve a defendant via counsel where Hague Convention service would take up to three months and plaintiff sought a waiver of service from the defendant before seeking leave to serve the defendant by alternative means); *LG Elecs., Inc. v. ASKO Appliances, Inc.*, 2009 WL 1811098, at *4 (D.Del. June 23, 2009)

In light of anticipated delays in serving defendants located in China it should come as no surprise that numerous courts have approved alternative service on Chinese defendants. *See In re LDK Solar Sec. Litig.*, 2008 WL 2415186, * 3-4 (N.D. Cal. June 12, 2008) (permitting service of Chinese subsidiary and individual officers by service on parent company in California because such service is not barred by the Hague Convention); *Lexmark Int'l, Inc.*, 291 F.R.D. at 175 (approving alternative service on Chinese defendant by email); *Jian Zhang*, 293 F.R.D. at 510 (approving alternative service on Chinese defendant's American lawyer); *In re Cathode Ray Tube (CRT) Antitrust Litig.*, 2014 WL 1091044, * 4 (N.D. Cal. Mar. 13, 2014) (rejecting Chinese defendant's argument that it had been improperly served after court had approved alternative service under Rule 4(f)(3) on defendant's American lawyers).

The PSC has experienced considerable delay and expense in serving the Taishan Defendants with its complaints. This delay and expense will continue in the absence of relief from the Court. In order to eliminate the backlog of complaints that need to be served on the Taishan Defendants and to accomplish justice for injured homeowners, it is respectfully submitted that the Court should approve alternative service of process pursuant to Rule 4(f)(3).

      **c.**      **Service on the Taishan Defendants' United States Lawyers is Permissible and Comports with Due Process**

Since ordering alternative service pursuant to Rule 4(f)(3) is within the Court's discretion and is appropriate under the facts of this case, the only remaining question is whether service on the Taishan Defendants' United States lawyers is a permissible procedure. A method of alternate service is acceptable if it "(1) is not prohibited by international agreement; and (2) comports with

---

(authorizing service on defendant's counsel "to prevent further delays in litigation").

constitutional notions of due process." *S.E.C. v. Anticevic*, 2009 WL 361739, * 3 (S.D.N.Y. Feb. 13, 2009) (citation omitted).  For a method of service to satisfy due process requires "notice reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections."  *Mullane v. Cent. Hanover Bank & Trust Co.*, 339 U.S. 306, 314 (1950)).

Service on a party's lawyers "is a common form of service ordered under Rule 4(f)(3)." *Richmond Techs.*, 2011 WL 2607158, at * 13.  *See also Knit With*, 2010 WL 4977944, at *4 ("Repeatedly, courts around the country have found that service upon a foreign defendant through counsel is appropriate to prevent further delays in litigation."); *Brown*, 285 F.R.D. at 565-66 (same); *GLG Life Tech Corp.*, 287 F.R.D. at 267 (citing cases).  Further, **"[n]othing in the Hague Convention prohibits such service**." *Richmond Techs.*, 2011 WL 2607158, at *13 (emphasis added).  Indeed, because service on counsel occurs domestically, and does not involve transmission of documents abroad, it does not even "implicat[e]" the Hague Convention. *Volkswagenwerk*, 486 U.S. at 707 ("Where service on a domestic agent is valid and complete under both state law and the Due Process Clause, our inquiry ends and the Convention has no further implications."); *accord GLG Life Tech Corp.*, 287 F.R.D. at 267; *RSM Prod. Corp.*, 2007 WL 2295907, at * 3.  *See also*, fn. 7, *supra*.

In any event, service on the Taishan Defendants' domestic counsel will clearly satisfy the requirements of Due Process.  The Taishan Defendants' United States lawyers have been continuously representing these defendants since June 10, 2010.  These counsel have been heavily engaged in this litigation and their representation has not only involved matters before this Court but has also extended to appeals to the Fifth Circuit Court of Appeals.  The facts of

this case suggest there is "adequate communication" between the Taishan Defendants and their counsel and there is no information to suggest otherwise. *GLG Life Tech Corp.*, 287 F.R.D. at 267 (quoting *Volkswagenwerk*, 486 U.S. at 705); *see also Richmond Techs.*, 2011 WL 2607158, at *13. Accordingly, it is respectfully submitted that service on the Taishan Defendants' United States lawyers will comport with Due Process as it is reasonably calculated to apprise the Taishan Defendants of the pendency of the actions against them and will afford them an opportunity to present any objections.

### III. CONCLUSION

Wherefore, the PSC respectfully requests that the Court approve alternative service of process pursuant to Fed.R.Civ.P. 4(f)(3).

Dated: June 24, 2014

Respectfully submitted,

/s/ Russ M. Herman
Russ M. Herman, Esquire (LA Bar No. 6819)
Leonard A. Davis, Esquire (LA Bar No. 14190)
Stephen J. Herman, Esquire (LA Bar No. 23129)
HERMAN, HERMAN & KATZ, LLC
820 O'Keefe Avenue
New Orleans, Louisiana 70113
Phone: (504) 581-4892
Fax: (504) 561-6024
LDavis@hhkc.com
*Plaintiffs' Liaison Counsel*
*MDL 2047*

        Arnold Levin (On the Brief)
        Fred S. Longer (On the Brief)
        Matthew C. Gaughan (On the Brief)
        Levin, Fishbein, Sedran & Berman
        510 Walnut Street, Suite 500
        Philadelphia, PA 19106
        215-592-1500 (phone)
        215-592-4663 (fax)
        Alevin@lfsblaw.com
        *Plaintiffs' Lead Counsel*
        *MDL 2047*

**PLAINTIFFS' STEERING COMMITTEE**

Dawn M. Barrios
Barrios, Kingsdorf & Casteix, LLP
701 Poydras Street, Suite 3650
New Orleans, LA 70139
Phone: (504) 524-3300
Fax: (504) 524-3313
Barrios@bkc-law.com

Daniel E. Becnel, Jr.
Becnel Law Firm. LLC
425 W. Airline Highway, Suite B
Laplace, LA 70068
Phone: (985) 536-1186
Fax: (985) 536-6445
dbecnel@becnellaw.com

Peter Prieto
Podhurst Orseck, P.A.
25 Flagler Street, 8th Floor
Miami, FL 33130
Phone: (305) 358-2800
Fax: (305) 358-2382
pprieto@podhurst.com

Bruce William Steckler
The Steckler Law Firm
12700 Park Central Drive, Ste 1900
Dallas, TX 75251
Phone: (972) 387-4040
Fax: (972) 387-4041
bruce@stecklerlaw.com

Ervin A. Gonzalez
Colson, Hicks, Eidson, Colson
  Matthews, Martinez, Gonzales,
  Kalbac & Kane
255 Alhambra Circle, Penthouse
Cora Gables, FL 33134
Phone: (305) 476-7400
Fax: (305) 476-7444

Ben W. Gordon, Jr.
Levin, Papantonio, Thomas, Mitchell
 Echsner & Proctor, P.A.
316 S. Baylen Street, Suite 600
Pensacola, FL 32502
Phone: (850) 435-7000
Fax: (850) 435-7020
bgordon@levinlaw.com

Hugh P. Lambert
The Lambert Firm
701 Magazine Street
New Orleans, LA 70130
Phone: (504) 581-1750
Fax: (504) 529-2931
hlambert@thelambertfirm.com

Gerald E. Meunier
Gainsburgh, Benjamin, David, Meunier
 & Warshauer, LLC
2800 Energy Centre, 1100 Poydras Street
New Orleans, LA 70163-2800
Phone: (504) 522-2304
Fax: (504) 528-9973
gmeunier@gainsben.com

Jerrold Seth Parker
Parker, Waichman, Alonso LLP
3301 Bonita Beach Road
Bonita Springs, FL 34134
Phone: (239) 390-1000
Fax: (239) 390-0055
Jerry@yourlawyer.com

Scott Wm. Weinstein
Morgan & Morgan
12800 University Drive, Suite 600
Ft. Meyers, FL 33907
Phone: (239) 433-6880
Fax: (239) 433-6836
sweinstein@forthepeople.com

James Robert Reeves
Lumpkin & Reeves
160 Main Street
Biloxi, MS 39530
Phone: (228) 374-5151
Fax: (228) 374-6630
jrr@lumpkinreeves.com

Christopher Seeger
Seeger Weiss, LLP
77 Water Street
New York, NY 10005
Phone: (212) 584-0700
Fax: (212) 584-0799
cseeger@seegerweiss.com

Daniel K. Bryson
Whitfield, Bryson & Mason
900 W. Morgan Street
Raleigh, NC 27603
Phone: (919) 600-5000
Fax: (919) 600-5002
dan@wbmllp.com

Richard J. Serpe, Esquire
Law Offices of Richard J. Serpe
Crown Center, Ste. 310
580 East Main Street
Norfolk, VA 23510-2322
Phone: (757) 233-0009
Fax: (757) 233-0455
rserpe@serpefirm.com

Victor M. Diaz, Jr., Esquire
V.M. Diaz and Partners, LLC
119 Washington Ave, Suite 402
Miami Beach, FL 33139
Phone: (305) 704-3200
Fax: (305) 538-4928
victor@diazpartners.com

**OF COUNSEL TO PLAINTIFFS' STEERING COMMITTEE**

Richard S. Lewis
HAUSFELD LLP
1700 K Street, N.W
Suite 650
Washington, DC 20006
Phone: (202) 540-7200
Fax: (202) 540-7201
rlewis@hausfeldllp.com

Andrew A. Lemmon
Lemmon Law Firm, LLC
P.O. Box 904
15058 River Road
Hahnville, LA 70057
Phone: (985) 783-6789
Fax: (985) 783-1333
andrew@lemmonlawfirm.com

Anthony D. Irpino
IRPINO LAW FIRM
2216 Magazine Street
New Orleans, LA 70130
Phone: (504) 525-1500
Fax: (504) 525-1501
airpino@irpinolaw.com