## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: CHINESE-MANUFACTURED DRYWALL PRODUCTS LIABILITY LITIGATION | * * * | MDL NO.: 2047  SECTION: L |
| | * | JUDGE FALLON |
| THIS DOCUMENT RELATES TO ALL CASES | * * * | MAG. JUDGE WILKINSON |

**PETITION OF JONATHAN B. ANDRY AND THE ANDRY LAW FIRM FOR REIMBURSEMENT OF ASSESSMENT FOR COMMON BENEFIT NOT INCLUDED IN THE JOINT FEE PETITION FILED BY THE FEE COMMITTEE AND PLAINTIFFS' STEERING COMMITTEE PURSUANT TO PRETRIAL ORDER NO. 28; AND COMBINED MOTION FOR AUTHORITY TO FILE UNDER SEAL AFFIDAVITS AND DOCUMENTATION REQUIRED UNDER PARAGRPAH 7 OF PRETRIAL ORDER NO. 28**

The undersigned, Jonathan B. Andry and the Andry Law Firm, LLC ("Petitioners"), respectfully submit this Petition for reimbursement of a cash contribution to the Chinese Drywall Litigation Committee for common benefit not included in the Joint Petition filed by the Fee Committee ("FC") and Plaintiffs' Steering Committee ("PSC") and for leave for authority to file the required affidavits and other documentation under seal pursuant to Pretrial Order No. 28 ("PTO 28"). Specifically, Petitioners would respectfully show unto this Honorable Court the following, to wit:

1

1.      Paragraph 7 of PTO 28 authorizes individual counsel to seek a separate award for reimbursement for common benefit expenses not included in the Joint Fee Petition where the applicant has: (1) complied fully with Pre-Trial Order No. 9, (2) met and conferred in advance of filing a separate fee petition with Philip Garrett and the FC; and (3) seeks common benefit attorneys' fees or reimbursement for items not covered by the Joint Fee Petition. *See*, Doc. No. 17379.

2.      The deadline for filing this Petition was initially set for April 28, 2014, but was extended until June 6, 2014, by PTO 28(C).  See, Doc. No. 17567 and 17639.

3.      On September 9, 2009, Petitioners contributed funds directly to the Chinese Drywall Litigation Committee.

4.      Petitioners did represent individual clients in this matter; however, Petitioners performed no common benefit work.

5.      Although Petitioners did timely submit the information required by PTO 28 for recovery of Petitioners' attorneys' fees associated with the representation of their individual clients, Petitioners did not realize until recently that PTO 28 also governed reimbursement of the common benefit contribution described herein.  Therefore, Petitioners' contribution was not included in the Joint Fee Petition.

6.      Accordingly, Petitioners seek reimbursement for this common benefit assessment/expense pursuant to PTO 28.

7.      Prior to filing this Petition, Petitioners contacted Paul Garrett, CPA, and Leonard A. Davis of the PSC and FC and informed them of Petitioners' intent to file this Petition.  Mr. Garrett confirmed that because Petitioners' contribution was made directly to the Chinese Drywall Litigation Committee, the contribution would already be reflected in his records;

therefore, no submission of those expenses in the Philip Garrett Case Cost Management System is due. Mr. Davis indicated that he would not oppose Petitioners' request to the extent it applies only to reimbursement of a common benefit assessment.

8. PTO 28 requires Petitioners to submit with this Petition all supporting common benefit records and expenses with back-up invoices and bills.

9. The Fee Committee's Motion to File All Affidavits (Initial and Second Affidavits) received Pursuant to Pre-Trial Order No. 28 Under Seal [Doc. No. 17685] was granted by this Court through an Order entered on May 16, 2014 [Doc. No. 17690]. For the reasons set forth in the Fee Committee's Motion, including accompanying pleadings, Petitioners request authority to file the affidavits and other documentation required by PTO 28 under seal. Additionally, if the Proposed Order, attached hereto as Exhibit "A," is approved and entered, Petitioners respectfully request they be allowed three (3) days after entry of said Order to file all affidavits and supporting documentation required by PTO 28.

Wherefore, Petitioners pray that this Petition is deemed sufficient and that, upon review, this Honorable Court enters the Proposed Order attached hereto as Exhibit "A," allowing Petitioners to file the affidavits and other documentation required under PTO 28 within three (3) days after entry of said Order so that they may be considered by the Fee Committee and this Court for the reimbursement of Petitioners' unreimbursed common benefit assessment, pursuant to PTO 28, and/or for such other relief the Court deems appropriate.

Respectfully submitted:

  /s/ Jonathan B. Andry
Jonathan B. Andry (La. Bar Roll No. 20081)
jandry@andrylawgroup.com
The Andry Law Group, L.L.C.
610 Baronne Street

```
                              New Orleans, Louisiana 70113
                              Telephone:    504-525-5535
                              Facsimile:    504-586-8933
```

## CERTIFICATE OF SERVICE

    I hereby certify that the above and foregoing Petition has been served on Plaintiffs' Liaison Counsel, Russ Herman, and Defendants' Liaison Counsel, Kerry Miller, by U.S. Mail and e-mail or by hand delivery and e-mail and upon all parties by electronically uploading the same to Lexis Nexis File & Serve in accordance with Pretrial Order No. 6, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2047, on this 25th day of June, 2014.

                                                            /s/ Jonathan B. Andry