## UNITED STATES DISTRICT COURT
### EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In re:  **CHINESE-MANUFACTURED** | * | **MDL 2047** |
| **DRYWALL PRODUCTS** | * | |
| **LIABILITY LITIGATION** | * | **SECTION L** |
| | * | |
| | * | **JUDGE FALLON** |
| **This document relates to:** | * | |
| ***Payton, et al. v. Knauf Gips KG, et al.*** | * | **MAGISTRATE JUDGE** |
| | * | **WILKINSON** |
| **Case No. 2:09-cv-07628 (E.D. La.)** | * | |
| | * | |
| ***Claimants: Bill and Elizabeth Ritter*** | * | |
| | * | |
| * * * * * * * * * * * * * * * * * | * | |

## KNAUF DEFENDANTS' RESPONSE
## TO BILL AND ELIZABETH RITTER'S MOTION
## FOR RECONSIDERATION OF MEDIATION OPINION AND DECREE

The Knauf Defendants[1] submit this memorandum in response to Bill and Elizabeth Ritter's Motion for Reconsideration of Mediation Opinion and Decree.

### Introduction

The Ritter property, located at 2267 Abbeyglen Circle in Birmingham, Alabama, is an Already Remediated Property being settled pursuant to the Already Remediated Properties Protocol[2] of the Knauf Class Settlement Agreement Regarding Claims Against the Knauf Defendants in MDL No. 2047 ("Knauf Class Settlement Agreement").

---

[1] The Knauf Defendants include Knauf Plasterboard (Tianjin) Co., Ltd. ("KPT"), Knauf Plasterboard (Wuhu) Co., Ltd., Guangdong Knauf New Building Material Products Co., Ltd., Knauf International GmbH, Knauf Insulation GmbH, Knauf AMF GmbH & Co. KG, Knauf UK GmbH, Knauf do Brasil Ltda., Gebr. Knauf Verwaltungsgesellschaft KG, PT Knauf Gypsum Indonesia, or Knauf Gips KG.
[2] Attached as Exhibit A.

The parties attempted to negotiate a settlement for the reimbursement of eligible ARH expenses, but those negotiations proved fruitless. The parties subsequently mediated the claims as set forth in Paragraph IV(B) of the Already Remediated Properties Protocol.

After hearing all of the evidence, the Special Master issued an Opinion and Decree which awarded Claimants reimbursable costs of $130,567.50, which did not include reimbursement for cabinets or wood flooring.[3] Claimants now ask that the Court augment the award of the Special Master to include non-reimbursable expenses for cabinets and flooring. The Knauf Defendants oppose Claimants' motion because the Special Master's opinion was correctly based on the Knauf Class Settlement Agreement.

<u>Argument</u>

**I.   The Special Master's opinion should not be modified.**

**A. The *Hernandez* decision does not dictate reimbursable costs in this case.**

Claimants' reliance on the *Hernandez* decision for replacement of cabinets and flooring is misplaced. On December 20, 2011, the Knauf Defendants and the PSC entered into the Knauf Class Settlement Agreement to settle claims related to the installation of KPT Chinese drywall. The Knauf Class Settlement Agreement provides for reasonable reimbursement to Claimants, like Bill and Elizabeth Ritter, who remediated their property prior to the Execution Date of the Knauf Class Settlement Agreement.[4] The Already

---

[3] Special Master's Opinion and Decree (attached as Exhibit B).
[4] Knauf Class Settlement Agreement, Section 4.3.7.1 [Rec. Doc. 16407-3].

Remediated Properties Protocol defines the scope of reimbursable costs for an Already
Remediated Property:

> The Knauf Defendants will reimburse the Owner only for reasonable costs
> that the Owner incurred in remediating the Affected Property
> ("Reimbursable Costs"). In determining Reimbursable Costs, the Knauf
> Defendants and Owner, Special Master (where necessary) and Court (where
> necessary), shall employ the following criteria: a. only remediation work
> reasonably consistent with the Remediation Protocol shall be eligible for
> reimbursement.[5]

These claims must be resolved pursuant to the terms of the Knauf Class Settlement
Agreement, not the *Hernandez* bellwether decision. Claimants opted into the Knauf Class
Settlement Agreement, agreeing to be reimbursed based on the Agreement's Remediation
Protocol. The Special Master correctly based his opinion on the Knauf Class Settlement
Agreement, and his Opinion and Decree should therefore be affirmed.

### B. The cabinets and floors should not have been replaced, and labeling them "damaged" is contrary to the Remediation Protocol.

The Remediation Protocol is unequivocal when it states that wood flooring is to
remain in place and be protected during remediation, and it is unequivocal when it states
that cabinets are removed during the demolition and reset after construction. Claimants
seek to label the floors and cabinets "damaged" in order to trigger the language in the
Remediation Protocol that allows for replacement of damaged items.

Paragraph L of the Remediation Protocol allows for replacement in certain
circumstances:

> **Items not Replaced.** Building materials, building systems, fixtures and
> Appliances that will be removed and reinstalled shall be placed in storage.

---

[5] Ex. A, ¶ IV(D)(1).

> Building materials, building systems, fixtures and Appliances that will be retained in place will be protected during the remediation work. Any Building materials, building systems, fixtures or Appliances that are retained, but damaged during the remediation work, will be restored to the condition that existed prior to the start of the remediation work, and where necessary, replaced.

According to Claimants' contract with Crescent Construction and the declaration of Mr. Ritter,[6] they made no attempt to carefully remove, store, or re-install the cabinets. The damage that Claimants site occurred as a result of the intentional demolition of the cabinets. The Remediation Protocol does not call for the replacement of cabinets that are intentionally damaged.

Likewise, according to Claimants' contract with Crescent Construction, they made no attempt to protect the wood floors. The floors were to be replaced from the outset of remediation work, and the cost of their replacement was included in their contract with Crescent Construction.

Cabinets and wood floors should not be classified as "damaged" under the Remediation Protocol when they are intentionally torn from the building and replaced in accordance with a remediation contract. The claimants' argument – that because these were damaged they become "replace" items – fails to account for Claimants' explicit duty to protect these items.

Furthermore, when a property is remediated by the homeowner, the Knauf Defendants have no control over property, the remediation work, or the manner in which that work is being performed. Even if one were to assume that damage to fixtures during

---

[6] *See* Unsworn Declaration of Bill Ritter, ¶ 6 (attached as Exhibit C).

remediation was accidental, Knauf should not be held responsible for damage that is beyond its control.

The Special Master was correct in his opinion that cabinets and floors torn out of the property with no intention of being re-installed should not later be considered "damaged" under the Remediation Protocol when no effort was made to careful remove, store, and re-install the items.

**II.      Previous negotiations are inadmissible under FRE 408 and are irrelevant to prove the validity or amount of claim.**

In an effort to resolve the Ritter claim, the Knauf Defendants made good faith offers, with deductions for non-protocol items/upgrades. The Knauf Class Settlement Agreement does not limit the Special Master's award to a minimum amount equal to the Knauf Defendants' latest offer or to any amount based on the previous settlement negotiations. Previous settlement discussions between the parties are no longer relevant to this dispute and are inadmissible.

<u>Conclusion</u>

The Knauf Class Settlement Agreement dictates reimbursable remediation expenses. If Claimants disagreed with the remediation protocol contained in the Knauf Class Settlement Agreement, they could have opted out. The *Hernandez* decision was a bellwether trial and using it as a guide-post to determine reimbursable expenses is inappropriate. Claimants' replacement of the cabinets and flooring was unjustified and unnecessary under the Knauf Class Settlement Agreement, and their damage was sustained due to the fact that they were never intended to be saved and re-installed – they

were torn out of the property. The Special Master was correct in his opinion that the Ritter claimants did not follow the Remediation Protocol that is part of the Knauf Class Settlement Agreement. The Knauf Defendants stand ready to issue payment based on the Special Master's opinion.

Respectfully submitted,

BY:  /s/ Kyle A. Spaulding
KERRY J. MILLER (#24562)
KYLE A. SPAULDING (#29000)
**FRILOT L.L.C.**
1100 Poydras Street, Suite 3700
New Orleans, LA 70163
Telephone: (504)599-8194
Facsimile: (504)599-8145
Email: kspaulding@frilot.com

## <u>CERTIFICATE</u>

I hereby certify that the above and foregoing pleading has been served upon Russ Herman, Plaintiffs' Liaison Counsel, by email, and to all parties by electronically uploading the same to LexisNexis File & Serve in accordance with Pre-Trial Order No. 6, and that the foregoing was filed with the Clerk of Court of the United States Court for the Eastern District of Louisiana, on this 1st day of July, 2014.

<u>/s/ Kyle A. Spaulding</u>