## UNSWORN DECLARATION UNDER PENALTY OF PERJURY
## OF BILL RITTER
## PURSUANT TO 28 U.S.C. § 1746

Bill Ritter, being duly sworn, deposes and says:

1. My name is Bill Ritter. I am over twenty-one years of age and of sound mind.

2. This Declaration is upon my personal knowledge.

3. I am employed at Compass Bank as a foreign exchange derivative salesperson and have been with the bank for over 10 years. My wife Elizabeth, my son Henry, and I lived at 2267 Abbeyglen Circle, Birmingham, Alabama, 35226, from March 2008 to June 2013. During that time we moved out of the house for approximately 1 year, 4 months while we waited for some court resolution to our drywall issues and then eventually chose to self-remediate. The decision to self-remediate came almost a full year of waiting to see if there was going to be a resolution.

4. Upon purchase of the house, we recognized a distinct smell but thought little of it since it was a fairly new house and had been vacant for some time. Over time, we continued to notice emissions of smelly gases, problems with appliances and electrical devices in our home. I and my family also began to have various physical inflictions including headaches and other problems. We subsequently had our home inspected and it was confirmed that it contained Knauf defective Chinese drywall. We retained the firm of Reeves & Mestayer to represent us in our claim.

5. I became aware that in April, 2010 Judge Eldon Fallon provided Findings of Fact and Conclusions of Law in the case of *Hernandez v. Knauf Gips*. Shortly after

Exhibit C

that time, my wife and I concluded that we could not continue to live in the home given the uncertainty as to whether it was causing my child permanent physical harm and because of the noxious odor and the physical symptoms that we were suffering. As such, we decided to self-remediate the home.

6. We began the remediation process on or about July 4, 2011. We attempted to follow the guidance set forth by Judge Fallon in *Hernandez* and the Court's preservation protocol. Consistent with the directives of Judge Fallon, we replaced our cabinets as Judge Fallon had found that attempting to preserve these types of builder-grade cabinets was not worth the cost to attempt to remove, store and replace the items and it was likely they would be damaged if such attempts were made. As such, we removed and replaced the cabinets.

7. With regard to the wood flooring in the home, we attempted but were unable to avoid having them damaged during the remediation process. Consistent with Judge Fallon's pronouncement in *Hernandez* and Knauf's remediation protocol at the time, we replaced the wooden floors.

8. I only seek reimbursable costs that I have incurred in replacement of these items. I am not seeking upgrades of any kind.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge.

Executed on April 3, 2014.

_____
BILL RITTER