UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In re:  CHINESE-MANUFACTURED | * | MDL 2047 |
| DRYWALL PRODUCTS | * | |
| LIABILITY LITIGATION | * | SECTION L |
| | * | |
| | * | JUDGE FALLON |
| This document relates to All Cases | * | |
| | * | MAGISTRATE JUDGE WILKINSON |
| | * | |

* * * * * * * * * * * * * * * * * *

### KNAUF DEFENDANTS OPPOSITION TO MOTION FOR AUTHORITY TO FILE CLAIM AND MOTION OF CURATOR FOR PRO SE PLAINTIFFS REGARDING LATE KNAUF CLAIMS

Defendants Knauf Plasterboard (Tianjin) Co., Ltd., Knauf Plasterboard (Wuhu) Co., Ltd., Guangdong Knauf New Building Material Products Co., Ltd., Knauf Gips KG, Gebr. Knauf Verwaltungsgesellschaft KG, Knauf International GmbH, Knauf Insulation GmbH, Knauf UK GmbH, Knauf AMF GmbH & Co. KG, Knauf do Brasil Ltda., and PT Knauf Gypsum Indonesia (collectively the "Knauf Defendants") file this opposition to Pro Se movers Peter S. Thriffiley and Jeanette N. Thriffiley's "Motion for Authority to File Claim" (Rec. Doc. No. 17834) and to the Curator's "Motion of Curator for Pro Se Plaintiffs Regarding Late Knauf Claims" (Rec. Doc. No. 17837).[1]

The Thriffileys' and Curator's motions request that the Court allow property owners who did not discover that their properties contained Chinese drywall until after October 25, 2013 to participate in the "Settlement Agreement Regarding Claims Against the Knauf Defendants in MDL No. 2047".[2] As the Court is well aware, a settlement agreement is a private contract that

---

[1] The Knauf Defendants note that the Thriffileys and the Curator (and/or those property owners the Curator represents) lack standing to bring these motions before the Court as neither has filed an operative complaint.

cannot be changed through court intervention.  *See, e.g.*, *Evans v. Jeff D.*, 475 U.S. 717, 727 (1986); *Klier v. Elf Atochem North America, Inc.*, 658 F.3d 468, 476 (5th Cir. 2011); *Holmes v. Continental Can Co.*, 706 F.2d 1144, 1160 (11th Cir. 1983).

The Knauf Class Settlement Agreement Regarding Pre-December 9, 2011 Lawsuits defines the class as "all members . . . who, as of December 9, 2011, filed a lawsuit in the Litigation as a named plaintiff (*i.e.*, not an absent class member) asserting claims arising from, or otherwise related to, KPT Chinese Drywall, whether or not the Knauf Defendants are named parties to the lawsuit."[3]  Rec. Doc. No. 12061-5 at p. 4.  Because the Knauf Class Settlement Agreement Regarding Pre-December 9, 2011 Lawsuits unequivocally defines the class as those that had filed lawsuits related to KPT Chinese Drywall as of December 9, 2011, and the Thriffileys and those identified by the Curator did not file lawsuits related to KPT Chinese Drywall on or before December 9, 2011, they are not entitled to participate as class members in the Knauf Class Settlement Agreement Regarding Pre-December 9, 2011 Lawsuits.

The Knauf Settlement Agreement Regarding Post-December 9, 2011 Claims lists in Exhibits A through D each and every person entitled to participate in that Settlement Agreement if they opt in to the Agreement.  Rec. Doc. No. 16978-1 at p. 2.  In addition, Knauf allowed those who did not file suit to participate in the post-December 9, 2011 settlement if they put the Knauf Defendants on notice no later than October 25, 2013.  Because the Thriffileys and those identified by the Curator are not listed in Exhibits A through D and did not put the Knauf

---

[2] The original Knauf Class Settlement Agreement Regarding Pre-December 9, 2011 Lawsuits was granted preliminary approval by the Court on January 10, 2012 (Rec. Doc. No. 12138) and final approval by the Court on February 7, 2013 (Rec. Doc. 16570).  The Knauf Settlement Agreement Regarding Post-December 9, 2011 Claims was entered into in August 2013.  Rec. Doc. No. 2013.

[3] "Litigation" is defined as "all Class Action Omnibus Complaints . . . filed in MDL No. 2047, and all Related Actions."  Rec. Doc. No. 12061-5 at p. 9.  "Related Actions" is defined as "any and all state court, federal court, foreign court, international tribunal or arbitration claims against the Knauf Defendants arising out of, or related to KPT Chinese Drywall . . . ."  *Id*. at p. 12.

Defendants on notice of their claims by October 25, 2013, they are not entitled to participate as claimants in the Knauf Settlement Agreement Regarding Post-December 9, 2011 Claims.

The Thriffileys and those identified by the Curator are not without recourse against the Knauf Defendants. They may sue the Knauf Defendants and pursue their claims in new cases if they so choose. They may not, however, under basic contract law participate in either of the aforementioned settlement agreements. While the equities may sway in Thriffiley's and those in a similar situation's favor, this is not an equitable issue, but an issue of basic contract law. If the Knauf Defendants change their position with regard to inclusion of the Thriffileys or others identified by the Curator, the Knauf Defendants will immediately notify the Court and the Curator.

Respectfully submitted,

BY: /s/ Kerry J. Miller
KERRY J. MILLER (#24562)
KYLE A. SPAULDING (#29000)
**FRILOT L.L.C.**
1100 Poydras Street, Suite 3700
New Orleans, LA 70163
Telephone: (504) 599-8194
Facsimile: (504) 599-8145
Email: kmiller@frilot.com

## CERTIFICATE

I hereby certify that the above and foregoing pleading has been served upon Russ Herman, Plaintiffs' Liaison Counsel, by email, and to all parties by electronically uploading the same to LexisNexis File & Serve in accordance with Pre-Trial Order No. 6, and that the foregoing was filed with the Clerk of Court of the United States Court for the Eastern District of Louisiana, on this 14th day of July, 2014.

/s/ Kerry J. Miller

3