# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

IN RE: CHINESE-MANUFACTURED
DRYWALL PRODUCTS LIABILITY
LITIGATION                                           MDL NO. 2047

                                                     SECTION: L

                                                     JUDGE FALLON
                                                     MAG. JUDGE WILKINSON

**THIS DOCUMENT RELATES TO:**
*Germano, et al v. Taishan Gypsum Co., Ltd., et al., No. 09-6687*
*The Mitchell Co., Inc. v. Knauf Gips KG, et al.*, Case No. 09-4115 ("*Mitchell*")
*Gross*, et al. v. Knauf Gips KG, et al.*, Case No. 09-6690 ("*Gross*")
*Wiltz, et al. v. Beijing New Building Materials Public Ltd. Co. et al.*, Case No. 10-361("*Wiltz*")
*State of Louisiana , ex. rel. James D. ("Buddy") Caldwell, the Attorney General of Louisiana*
*v. Knauf Gips KG, et al.*, Case No. 10-340
*Steiner, et al. v. BNBM, et al.*, Case No. 09-6545
*Abel, et al. v. Taishan Gypsum Co., Ltd.*, Case No. 11-080
*Haya et al. v. Taishan Gypsum Co., Ltd., et al.*, Case No. 11-1077
*Almeroth, et al. v. Taishan Gypsum Co., Ltd., et al.*, Case No. 12-0498
*Amorin, et al. v. Taishan Gypsum Co., Ltd., et al.*, Case Nos. 11-1395, 11-1672, 11-1673
* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

## THE PLAINTIFFS' STEERING COMMITTEE'S CONSOLIDATED
## OPPOSITION TO MOTIONS TO WITHDRAW
## AS COUNSEL OF RECORD

**MAY IT PLEASE THE COURT:**

The law firms of Hogan Lovells and Stanley, Reuter have filed two motions to withdraw as

counsel of record for the defendants Taishan Gypsum and Tai'an Taishan Plasterboard.  The first

motion (Doc. 17846) seeks withdrawal as counsel for Taishan Gypsum only, and is limited to the

*Germano* case; the second (Doc. 17858) seeks withdrawal for both defendants and relates to the

other eleven (11) above referenced actions in these consolidated proceedings.  Since the motions

otherwise are identical in stating the grounds and authority for the requested withdrawals, the PSC

submits this consolidated opposition to both.

In order for the Court to give full and proper consideration to these motions, however, it is important at the outset to put them in historical and procedural context:

Through great effort and significant cost, the Plaintiffs' Steering Committee ("PSC") was able to effect proper legal service on the defendant Taishan Gypsum Co., Ltd., f/k/a Shandong Taihe Dongxin Co. Ltd. ("TG") in the *Germano* class action case that forms part of this MDL.  This was more than justified, since thousands of plaintiff homeowners in *Germano* seek compensation from this manufacturer for the extensive damages caused by its defective product.  Plaintiffs continue to rely upon the processes and authority of this Court to pursue and achieve a just outcome in the litigation.

TG, however, chose to ignore the action despite proper service, and initially failed to appear in these proceedings to defend itself and allow adjudication of the many claims placed at issue.  It was only after the expenditure of further, and significant, litigation costs and judicial resources to conduct a default trial on the merits, that TG elected to appear through counsel.  It then took steps not only to set aside the default judgments in favor of the *Germano* plaintiff-intervenors, but also to challenge the Court's exercise of personal jurisdiction over it.  These efforts necessitated the further expenditure of costs and judicial resources, culminating in dispositive rulings for plaintiffs both in this Court and in the Fifth Circuit Court of Appeals.

Upon the failure of TG to satisfy the resulting final judgments against it, the *Germano* plaintiff-intervenors filed a motion to examine the defendant as a judgment debtor pursuant to Fed.R.Civ.P. 69(a) and La. C.C.P. Art. 2456 (Doc. 17760); and this Court entered an order requiring TG to (1) appear in Court on Thursday, July 17, 2014 at 10:00 a.m. to respond to questioning by plaintiff-intervenors, and (2) produce at that time the documents specified in the judgment debtor

motion (Doc. 17774).

Once again, however, TG has responded by abdicating instead of accepting its responsibilities as a litigant subject to the Court's jurisdiction.  Worse, it purports to deliberately violate Your Honor's Order to appear and produce documents as a judgment debtor, by initially instructing its counsel of record to take no appropriate responsive action on its behalf in the further processing of judgment debtor issues, and now by apparently seeking to discharge the same counsel. Such flagrant and contemptuous disregard of judicial authority and process surely adds insult to the injury already endured by plaintiff property owners in this MDL, and visits further prejudice on the seven families who are entitled to enforce valid judgments for the substantial damages inflicted on them by the defendant's defective drywall.  But, in a larger context, TG has publicly flouted a bedrock principle of this country's civil justice system, *i.e.*, that a litigant's accountability for proven wrongdoing is judicially enforceable.[1]

Under these circumstances, Fed.R.Civ.P. 37 empowers the Court to impose severe sanctions for contempt, a matter to be addressed by the PSC in a separate motion being filed herein.  For present purposes, however, the above background is important because it makes clear that counsel's motion to withdraw simply cannot, and should not, be granted at this time.

The Fifth Circuit has made it clear that, even where the withdrawal of counsel appears justified, "it is incumbent on the court to assure that the prosecution of the lawsuit before it is not disrupted by the withdrawal of counsel...." *Broughten v. Voss*, 634 F. 2d. 880, 882-83 (5th Cir. 1981). For this reason, district judges are vested with broad discretion in deciding whether to grant or deny a motion for the withdrawal of counsel, and to decide the appropriate conditions and timing for any

---

[1]  Other examples of the contemptuous actions taken throughout this litigation by Taishan are set forth briefly in the filing made on May 8, 2012 [Rec. Doc. 14215-2], at pp. 80 ff.

such withdrawal.  *See Brandon v. Blech*, 560 F. 3d. 536, 537 (6th Cir. 2009); *Whiting v. Lacara*, 187

F. 3d. 317, 320 (2nd Cir. 1999); *Rusinow v. Kamara*, 920 F. Supp. 69, 71 (D.N.J. 1996).  In this

instance, moving counsel should provide more information to the Court and plaintiffs before the

appropriate conditions and timing of their withdrawal can be determined.

For example, movants cite in their first motion (limited to Taishan Gypsum and the *Germano*

case) that on July 13, 2014 they "received a letter from TG" notifying counsel that they were

immediately terminated.   *See* Rec. Doc. 17846-1, at p. 2.  In their second motion (including both

Taishan Gypsum and TTP in a number of cases other than *Germano*) they apparently cite the same

July 13 letter as having come "from each of the Taishan defendants..."  Rec. Doc. 17858-1, at p. 2.

The letter in question was not produced and should be produced, if only to clarify which entities

participated in the apparent decision to discharge counsel, and perhaps to further inform the Court

as to the presumed relationship between this decision and the decision of "Taishan defendants" to

deliberately ignore the Court's Order pursuant to the Judgment Debtor Examination Motion by

plaintffs.

The date of the actual decision to discharge counsel is also important; for the Court will

recall that, in a conference held in chambers with local counsel for the Taishan defendants on the

morning of July 11, 2014, he reported that his client was both declining to appear at the judgment

debtor examination scheduled for July 17, and failing to give counsel instructions as to how, or

whether, to proceed on its behalf in this matter.  The obvious inference, if not conclusion, is that the

Taishan defendants had decided that Taishan Gypsum would not obey the Court's Order to appear

and produce documents on July 17 prior to the notification to counsel that they were discharged.

The fact that the decision which places Taishan Gypsum in contempt was then followed by a

decision to remove counsel as a link to these proceedings, makes it essential to determine whether TG now intends to substitute new counsel in order to respond to the judgment debtor motion and other issues in the case.  Otherwise, if the Court determines that the Taishan defendants have no intention of retaining new counsel, then the request for counsel's withdrawal — intentionally or otherwise — necessarily furthers a strategy to paralyze further proceedings in this MDL aimed at holding a litigant accountable for final judgments entered against it.

The disclosure of any and all entities or individuals which or who participated in the decision to discharge counsel likewise should be a predicate for the Court's ruling on the instant motions, especially if it is reasonable to infer that the decision to violate the Court's Order and the decision to discharge counsel are related.  The Court's Order, though by its terms applicable only to Taishan Gypsum, fairly may be seen in the circumstances as binding on all those in privity with Taishan Gypsum.  Indeed, there is jurisprudence in this Court to suggest that active concert in a decision to deliberately violate an entered Court decree or order may expose those other than the party named in the decree or order to appropriate sanctions.  *See International Board of Elec. Workers, Local No. 130*, 72 F.R.D. 507, 510-11 (E.D. La. 1976).

The fact that the Taishan defendants may intend not to substitute new counsel is, of course, problematic in more than a procedural sense; this has immediate and practical consequences as far as this MDL's progress is concerned.   It is well-established that corporate entities must be represented by counsel in litigation and that this requirement cannot be waived.  *See Rowland v. California Men's Colony*, 506 U.S. 194, 202 (1993) ("a corporation may appear in federal courts only through licensed counsel") *See also Meznarich v. Morgan Waldron Ins. Mgmt., L.L.C.*, 2012 WL 487963, *4 (N.D. Ohio February 14, 2012) (denying motion to withdraw by counsel in part

because corporate parties cannot proceed pro se); *Miller v. Dunn & Phillips, P.C.*, 839 F. Supp. 2nd 383, 386 (D. Mass. 2011) (denying motion to withdraw, without substituted counsel, in part because it could force the corporate defendant into default inasmuch as corporations cannot proceed in a case pro se). Since the Taishan defendants cannot proceed pro se, therefore, the Court should only grant the motions to withdraw on (a) their substitution of counsel by a date certain, or (b) the Court's own appointment of an ad hoc representative for this defendant so that the MDL may proceed.  In no event should these defendants be allowed to bring the litigation to a virtual halt, even as they stand in flagrant disobedience of a Court Order, by retreating behind the rule that corporations cannot be pro se litigants.

The provision of the Louisiana Rules of Conduct that mandates the withdrawal of counsel from "the representation" of a client in cases where counsel is discharged, is one which the PSC readily acknowledges.  *See* Rule 1.16, La. Rules of Prof. Conduct.  But, notably, the Rule is silent as to the critical issues of what conditions or timing should be associated with the required Court Order effectuating a withdrawal in such matters.  In point of fact, there is jurisprudence to support this Court's authority to control and decide whether and under what circumstances withdrawal should occur, even where counsel is discharged.

Notwithstanding that Hogan Lovells contends that it has been discharged from all further representation of TG in all "Chinese drywall cases filed against TG in all the US courts ...", *see* Memo in Support of Mtn. to Withdraw at 2, it is noteworthy that other courts have denied motions to withdraw under similar circumstances.  For instance, in *Ohntrup v. Firearms Ctr., Inc.*, 802 F.2d 676 (3d Cir. 1986), the Third Circuit affirmed the district court's denial of Morgan Lewis' motion to withdraw as counsel after the law firm had been terminated by a client following an adverse trial

judgment. The district court had denied the motion to withdraw until such time as the client could arrange for substituted counsel. As in the instant proceedings, the defendant in *Ohntrup* was a foreign corporation that the district court had described as an "intractable litigant." *Id*. at 679.

The Third Circuit began by rejecting Morgan Lewis' argument that the Code of Professional Responsibility required an order overturning the district court's denial of its motion to withdraw as counsel. This argument by Morgan Lewis was premised on a disciplinary rule that mirrors Rule 1.16, La. Rules of Prof. Conduct, as it required counsel to withdraw from representation of a client upon termination by the client. The Third Circuit rejected Morgan Lewis' argument that the code of professional responsibility dictated the reversal of the order denying its motion to dismiss since the disciplinary rule was tempered by the requirement that counsel must obtain leave of court before withdrawing from their representation. *Id*. at 679. Likewise, Local Rule 83.2.11 compels counsel seeking to withdraw their appearance to file a motion, served upon all parties, unless new counsel is being substituted contemporaneous with the withdrawal. Thus, as in *Ohntrup,* the ethical rules do not compel an order dismissing Hogan Lovell as these counsel must obtain leave of court to withdraw their appearance.

The Third Circuit also rejected Morgan Lewis' argument that the district court had abused its discretion by denying its motion to withdraw. In analyzing whether the district court had abused its discretion, the Third Circuit stated as follows:

> In the instant case, the Ohntrups have recovered a substantial judgment against Makina and have just begun efforts to collect it. Makina is a Turkish corporation that claims it has done no business in the United States since 1975. It is located in Ankara, Turkey, and is wholly owned by the Turkish government. Many of Makina's officers and agents do not speak or understand English. This communication gap is exacerbated by the lack of modern communication techniques in Turkey. The record also demonstrates

-7-

> that Makina has been an intractible litigant. Under these circumstances, the district court found that permitting Morgan to withdraw would leave the court without the possibility of effective communication with Makina, as well as without a reliable mechanism for responsible supervision of the post-judgment aspects of this litigation. These findings are not clearly erroneous.
>
> In light of the above, this court cannot conclude that the district court abused its discretion in refusing Morgan's request for leave to withdraw at the time the court acted.

*Ohntrup*, 802 F.2d at 679.[2]

Thus, the facts of *Ohntrup* parallel the facts in the instant matter as the *Germano* plaintiffs recovered a substantial judgment against TG, TG is located in a foreign county, many of TG's officers and agents do not speak or understand English, and TG is likewise an intractable litigant. Thus, as in *Ohntrup*, allowing the withdrawal in the absence of substituted counsel would leave the court without the possibility of effective communication with TG, as well as without a reliable mechanism for responsible supervision of post-judgment aspects of the litigation. *See also Towns v. Morris*, 50 F.3d 8 (4th Cir. 1995) (affirming district court's denial of motion for withdrawal until counsel complied with discovery obligations even though both attorney and client wanted to terminate the relationship and counsel ceased to be employed by the plaintiff).

For the purposes of adjudicating a motion to withdraw in an MDL, this discretionary, district court authority is critical in a general sense, but essential in regard to this defendant. Your Honor is statutorily charged with the task of properly managing a complex case involving thousands of claims and billions of dollars in potential damages due to the defective product of the defendant TG; and, TG having already exercised the resources of the Court in extraordinary ways (as discussed

---

[2] The district court ultimately permitted Morgan Lewis' withdrawal from the case approximately thirty years later. *See Ohntrup v. Makina ve Kimya Endustrisi Kurumu*, 2012 WL 6188261 (E.D. Pa. Dec. 12, 2012).

supra), it now must be prevented from ignoring judicial authority with impunity in the same proceedings.   Without substituting new counsel, TG would stand to halt further, important proceedings due to the prohibition against a corporation having pro se capacity in litigation. With sanctions and vital discovery interests pending, such a paralysis would be more than prejudicial at this juncture.  The PSC is moving for appropriate sanctions precisely because TG has chosen to be in deliberate and unjustified disobedience of a Court Order to appear and produce documents as a judgment debtor. The PSC also is proceeding with appropriate written discovery (Requests for Admission) to TG in order to confirm the relationship between TG and its parent or controlling entities.   These efforts are intended not only to enforce the present judgment for the *Germano* plaintiffs, but also to protect the thousands of other plaintiff owners with claims in this MDL against TG. The exercise of Your Honor's discretionary authority to defer, and condition, the requested withdrawal of counsel, even after counsel has been terminated, is surely justified in these extraordinary circumstances.

As noted in the *Meznarich* case, *supra*, there are instances in which the withdrawal of counsel can or should be viewed as a strategic move to defeat further, and important, action in litigation. Since it appears TG was well-aware of the fact that the PSC would seek sanctions and continue to pursue discovery against it prior to the defendant's July 13 letter of discharge, the Court cannot ignore the fact that this decision by TG was strategic, was motivated by the desire to avoid judgment debtor proceedings, and was made in anticipation of, and as an attempt to foreclose, both sanctions for disobeying a Court order, and further discovery essential to plaintiffs with judgments in their favor against TG.

In *Miller v. Dunn & Phillips*, *supra*, the district court denied a motion to withdraw as counsel where the underlying papers provided an "inadequate explanation" for the termination of the

attorney-client relationship. 839 F. Supp. at 387.  Similarly, the instant motion to withdraw should not be granted unless and until present counsel for TG can satisfy the Court whether this defendant was made aware of imminent sanctions, was made aware of intended discovery, and, notwithstanding, has given no indication of an intention to substitute new counsel, but simply wishes to remain unrepresented and, by this tactic, out of the Court's reach.  A discussion and disclosure of these and related matters are essential as a prerequisite to any ruling on the present motion. The PSC suggests, for example, that the Court call for an in camera review of all communications between TG and counsel related to: the judgment debtor motion and Court order, the instructions given to counsel regarding same, and the decision to terminate counsel.

The PSC does not wish to impose a hardship on counsel of record for TG, and neither does it in any way wish to suggest that TG's violation of the Court's order is something which its counsel would ever condone or abet.  There is no question about the fact that its counsel have been unfairly placed in a difficult position by this defendant.  Nonetheless, district courts in determining whether to grant a motion to withdraw as counsel must balance the burden imposed on all parties as well as the burden imposed on counsel who are attempting to withdraw. *See Buschmeier v. G&G Investments, Inc.*, 222 F. Appx. 160, 164 (3rd Cir. 2007).  Indeed, courts have also held that "severe prejudice to third parties who might have more to lose than the unpaid lawyer, is another potential ground for denying a motion to withdraw." *Fid. Nat. Title Ins. Co. of New York v. Intercounty Nat. Title Ins. Co.*, 310 F. 3rd 537, 541 (7th Cir. 2002).  It is precisely this balancing of competing interests that informs district courts in deciding the conditions and timing for the withdrawal of counsel, including where the conditions imposed by the Court require certain actions or tasks to be performed as a predicate to withdrawal. *See Emile v. Browner*, 1996 WL 724715, *2 (S.D.N.Y. December 17, 1996); *John Hancock Property and Cas. Ins. Co. v. Universal Reinsurance Co., Ltd.*, 1993 WL

147560, *2 (S.D.N.Y. Apr. 30, 1993); *Oscar de la Renta, Ltd. v. Streleitz, Ltd.*, 1993 WL 205150, *1 (S.D.N.Y. Jun. 7, 1993); *Beshansky v. First Nat. Entertainment Corp.*, 140 F.R.D. 272, 274 (S.D.N.Y. 1990).

Accordingly, the PSC respectfully submits that the instant motion should not be granted at this time. Counsel for TG instead should be obliged to furnish further information to the Court regarding TG's awareness of the possibility or probability of both the plaintiffs' intended request for sanctions and their intended discovery interests at the time it elected to discharge present counsel. As noted, the Court also should require confirmation whether TG has any intention of substituting new counsel in this litigation. Only when this information is made available will the Court be in a position to fashion appropriate conditions, as well as an appropriate time-table, for the requested withdrawal of counsel. In addition, the Court will be in a better position to decide whether, regardless of how this motion is decided, it remains appropriate in this case to maintain (at least for a time) the force and effect of the previous Order of June 25, 2014 which designated counsel for purposes of service of process herein (Doc. 17790).[3]

---

[3] Should the Court be inclined to grant Hogan Lovells' request to withdraw as counsel, the Court could condition the withdrawal by ordering that Hogan Lovells continue to accept service on behalf of TG until substitute counsel enters their appearance. *See Heroic Era, LTD. v. Evony, LLC*, 2011 WL 5839672, * 2 (N.D. Cal. Nov. 21, 2011) (requiring withdrawing counsel to continue accepting service of papers where no substitute counsel was entering an appearance in place of withdrawing counsel); *j2 Global Commc'ns, Inc. v. Blue Jay, Inc.*, 2009 WL 464768, * 3 (N.D. Cal. Feb. 24, 2009) (same); *Stroud Prods. & Enterprises, Inc. v. Castle Rock Entm't, Inc.*, 2014 WL 1306050, * 4 (N.D. Cal. Mar. 31, 2014) ("On October 31, 2012, the Court granted Methven & Associates' motion to withdraw as counsel upon the condition that Methven & Associates continue to receive service of all documents for ASI and SPE until substitute counsel makes an appearance or until ASI and SPE are terminated as parties.").

Respectfully submitted,

Dated:   July 16, 2014

/s/ Leonard A. Davis
Russ M. Herman, Esquire (LA Bar No. 6819)
Leonard A. Davis, Esquire (LA Bar No. 14190)
Stephen J. Herman, Esquire (LA Bar No. 23129)
HERMAN, HERMAN & KATZ, LLC
820 O'Keefe Avenue
New Orleans, Louisiana 70113
Phone: (504) 581-4892
Fax: (504) 561-6024
Ldavis@hhklawfirm.com
*Plaintiffs' Liaison Counsel*
*MDL 2047*

Arnold Levin (On the Brief)
Fred S. Longer (On the Brief)
Matthew C. Gaughan (On the Brief)
Levin, Fishbein, Sedran & Berman
510 Walnut Street, Suite 500
Philadelphia, PA 19106
215-592-1500 (phone)
215-592-4663 (fax)
Alevin@lfsblaw.com
*Plaintiffs' Lead Counsel*
*MDL 2047*

### PLAINTIFFS' STEERING COMMITTEE

Dawn M. Barrios
Barrios, Kingsdorf & Casteix, LLP
701 Poydras Street, Suite 3650
New Orleans, LA 70139
Phone: (504) 524-3300
Fax: (504) 524-3313
Barrios@bkc-law.com

Daniel E. Becnel, Jr.
Becnel Law Firm. LLC
425 W. Airline Highway, Suite B
Laplace, LA 70068
Phone: (985) 536-1186
Fax: (985) 536-6445
dbecnel@becnellaw.com

Peter Prieto
Podhurst Orseck, P.A.
25 Flagler Street, 8th Floor
Miami, FL 33130
Phone: (305) 358-2800
Fax: (305) 358-2382
pprieto@podhurst.com

Bruce William Steckler
The Steckler Law Firm
12700 Park Central Drive, Ste 1900
Dallas, TX 75251
Phone: (972) 387-4040
Fax: (972) 387-4041
bruce@stecklerlaw.com

Ervin A. Gonzalez
Colson, Hicks, Eidson, Colson
  Matthews, Martinez, Gonzales,
  Kalbac & Kane
255 Alhambra Circle, Penthouse
Cora Gables, FL 33134
Phone: (305) 476-7400
Fax: (305) 476-7444

Ben W. Gordon, Jr.
Levin, Papantonio, Thomas, Mitchell
 Echsner & Proctor, P.A.
316 S. Baylen Street, Suite 600
Pensacola, FL 32502
Phone: (850) 435-7000
Fax: (850) 435-7020
bgordon@levinlaw.com

Hugh P. Lambert
The Lambert Firm
701 Magazine Street
New Orleans, LA 70130
Phone: (504) 581-1750
Fax: (504) 529-2931
hlambert@thelambertfirm.com

Gerald E. Meunier (on the brief)
Rachel A. Sternlieb (on the brief)
Gainsburgh, Benjamin, David, Meunier
 & Warshauer, LLC
2800 Energy Centre, 1100 Poydras Street
New Orleans, LA 70163-2800
Phone: (504) 522-2304
Fax: (504) 528-9973
gmeunier@gainsben.com

Jerrold Seth Parker
Parker, Waichman, LLP
3301 Bonita Beach Road
Bonita Springs, FL 34134
Phone: (239) 390-1000
Fax: (239) 390-0055
Jerry@yourlawyer.com

Scott Wm. Weinstein
Morgan & Morgan
12800 University Drive, Suite 600
Ft. Meyers, FL 33907
Phone: (239) 433-6880
Fax: (239) 433-6836
sweinstein@forthepeople.com

James Robert Reeves
Lumpkin & Reeves
160 Main Street
Biloxi, MS 39530
Phone: (228) 374-5151
Fax: (228) 374-6630
jrr@lumpkinreeves.com

Christopher Seeger
Seeger Weiss, LLP
77 Water Street
New York, NY 10005
Phone: (212) 584-0700
Fax: (212) 584-0799
cseeger@seegerweiss.com

Daniel K. Bryson
Whitfield, Bryson & Mason
900 W. Morgan Street
Raleigh, NC 27603
Phone: (919) 600-5000
Fax: (919) 600-5002
dan@wbmllp.com

Richard J. Serpe, Esquire
Law Offices of Richard J. Serpe
Crown Center, Ste. 310
580 East Main Street
Norfolk, VA 23510-2322
Phone: (757) 233-0009
Fax: (757) 233-0455
rserpe@serpefirm.com

Victor M. Diaz, Jr., Esquire
V.M. Diaz and Partners, LLC
119 Washington Ave, Suite 402
Miami Beach, FL 33139
Phone: (305) 704-3200
Fax: (305) 538-4928
victor@diazpartners.com

## OF COUNSEL TO PLAINTIFFS' STEERING COMMITTEE

Richard S. Lewis
HAUSFELD LLP
1700 K Street, N.W
Suite  650
Washington, DC 20006
Phone: (202) 540-7200
Fax:  (202) 540-7201
rlewis@hausfeldllp.com

Andrew A. Lemmon
Lemmon Law Firm, LLC
P.O. Box 904
15058 River Road
Hahnville, LA 70057
Phone: (985) 783-6789
Fax: (985) 783-1333
andrew@lemmonlawfirm.com

Anthony D. Irpino
IRPINO LAW FIRM
2216 Magazine Street
New Orleans, LA 70130
Phone: (504) 525-1500
Fax: (504) 525-1501
airpino@irpinolaw.com

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that the above and foregoing pleading has been served on Defendants' Liaison Counsel, Kerry Miller, by e-mail and upon all parties by electronically uploading the same to LexisNexis File & Serve in accordance with Pre-Trial Order No. 6, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2047 on this 16th day of July, 2014.

/s/ Leonard A. Davis
Leonard A. Davis, Esquire
Herman, Herman & Katz, L.L.C.
820 O'Keefe Avenue
New Orleans, Louisiana 70113
Phone: (504) 581-4892
Fax: (504) 561-6024
Ldavis@hhklawfirm.com
Plaintiffs' Liaison Counsel
MDL 2047

*Co-counsel for Plaintiffs*