**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

**IN RE: CHINESE-MANUFACTURED DRYWALL PRODUCTS LIABILITY LITIGATION**

**MDL NO. 2047**

**SECTION: L**

**JUDGE FALLON**
**MAG. JUDGE WILKINSON**

**THIS DOCUMENT RELATES TO:**
***Germano, et al v. Taishan Gypsum Co., Ltd., et al., No. 09-6687***
***The Mitchell Co., Inc. v. Knauf Gips KG, et al.*, Case No. 09-4115 ("*Mitchell*")**
***Gross, et al. v. Knauf Gips KG, et al.*, Case No. 09-6690 ("*Gross*")**
***Wiltz, et al. v. Beijing New Building Materials Public Ltd. Co. et al.*, Case No. 10-361("*Wiltz*")**
***State of Louisiana , ex. rel. James D. ("Buddy") Caldwell, the Attorney General of Louisiana v. Knauf Gips KG, et al.*, Case No. 10-340**
***Steiner, et al. v. BNBM, et al.*, Case No. 09-6545**
***Abel, et al. v. Taishan Gypsum Co., Ltd.*, Case No. 11-080**
***Haya et al. v. Taishan Gypsum Co., Ltd., et al.*, Case No. 11-1077**
***Almeroth, et al. v. Taishan Gypsum Co., Ltd., et al.*, Case No. 12-0498**
***Amorin, et al. v. Taishan Gypsum Co., Ltd., et al.*, Case Nos. 11-1395, 11-1672, 11-1673**
*** * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * ***

**SUPPLEMENTAL MEMORANDUM IN SUPPORT OF PSC'S CONSOLIDATED OPPOSITION TO MOTIONS TO WITHDRAW AS COUNSEL OF RECORD**

**MAY IT PLEASE THE COURT:**

In its Consolidated Opposition to the Motions to Withdraw filed by the law firms of Hogan Lovells and Stanley, Reuter as counsel of record for defendants Taishan Gypsum and Tai'an Taishan Plasterboard, the PSC argued, with supporting jurisprudential authority, that additional information should be obtained through these counsel as a predicate to the Court's consideration of their motions. In this supplemental memorandum, the PSC proposes with more specificity the information which it believes the Court should require in this regard, in addition to any other information or conditions which Your Honor may consider appropriate under the circumstances.

**1. Movants should be obligated to determine and confirm whether the Taishan entities which allegedly have discharged them presently intend to engage and substitute new counsel in this litigation.**

These defendants should be given a deadline by which to make this substitution. If the response is that no substitution of counsel is intended, then Taishan should be advised through movants that this decision will be interpreted by the Court as a further effort to avoid compliance with both the J.D. Examination Order of June 19, 2014 (Doc. 17774) and the sanctions Order of July 17, 2014 (Doc. 17869).[1] Plaintiffs are concerned that if movants discharge their counsel and no counsel is substituted, there will be an ethical issue because a corporation is not authorized to practice law and an individual who is not an attorney cannot represent a corporation. *See Rowland v. California Men's Colony*, 506 U.S. 194, 202 (1993) ("a corporation may appear in federal courts only through licensed counsel") *See also Meznarich v. Morgan Waldron Ins. Mgmt., L.L.C.*, 2012 WL 487963, *4 (N.D. Ohio February 14, 2012) (denying motion to withdraw by counsel in part because corporate parties cannot proceed pro se); *Miller v. Dunn & Phillips, P.C.*, 839 F. Supp. 2nd 383, 386 (D. Mass. 2011) (denying motion to withdraw, without substituted counsel, in part because it could force the corporate defendant into default inasmuch as corporations cannot proceed in a case pro se); *U.S. v. Brown*, 197 F.Supp.2d 574 (2002) ("corporations must be represented by licensed counsel"); and *Southwest Exp. Co., Inc. v. I.C.C.*, 670 F.2d 53 (1982) ("The rule is well established that a corporation can appear in a court of record only by an

[1] If no response of any kind is made to this inquiry by movants, Taishan should understand that the Court will construe this lack of response as equivalent to a declaration that new counsel will not be substituted.

attorney at law.").

2. **Movants should be obliged to produce and any and all letters reflecting the decision of their clients, and any affiliates or subsidiaries of their clients, to disobey the Court's June 19, 2014 Judgment Debtor Examination Order and/or its sanction Order of July 17, 2014. Movants further should produce any and all letters reflecting the decision or decisions to discharge them as counsel.**[2]

If necessary and deemed appropriate by the Court, any such correspondence or communications between moving counsel and their client(s) may be reviewed *in camera*, and disclosed to the PSC or made public after consideration has been given to the potential issue of privilege. Furthermore, movants should be compelled to produce the original retention agreement/letter setting forth the terms of representation, as this fee agreement presumably confirms the scope of employment, the manner of payment, and grounds for discharge.

3. **Since the attempted discharge of counsel appears linked to the J.D. Examination Order, an important predicate for consideration of the motions to withdraw is confirmation of Taishan's intentions and position, on the record, regarding the sanctions imposed by the Court.**

At the very least, it should be disclosed whether these defendants have any intention of paying the fees and fines specified in that Order. Again, it should be communicated to

[2]As stated in the PSC consolidated opposition memorandum, counsel in their separate motions to withdraw have referred both to a letter dated July 13, 2014 from "TG," and to a letter of the same date "from each of the Taishan defendants." *See* PSC Consolidated Opposition Memo (Doc. 17863) at p. 4.

the Taishan defendants through counsel that the absence of a response to this inquiry will be viewed by the Court as equivalent to the response that defendants have no intention of complying with any provisions of the sanction Order.

**4. A predicate to considering the withdrawal of counsel ought include further disclosure and information through movants about the affiliated entities which have had, or still have, any input into, or which stand in any privity with, the decisions and conduct of the Taishan defendants which have placed them in contempt of Court. Specifically, the Court should require movants to identify any and all individuals, as well as their positions and employers, who participated in the decisions to (a) disobey the June 19, 2014 J.D. Examination Order (Doc. 17774) and not appear in Court and produce documents as ordered on July 17, 2014, and (b) discharge current counsel of record.**

The Court, appropriately in the view of the PSC, has enjoined further business activity in the U.S. not only by Taishan, but by "any of its affiliates or subsidiaries." Taishan Gypsum is a currently-operating, for-profit entity, which should not have a continuing opportunity to benefit commercially through its affiliates or subsidiaries, even as it flouts the authority of the legal system under which such a benefit arises.

The precise dates on which these decisions (to disobey the Court's Judgment Debtor Order and to discharge counsel) were made also should be disclosed, if only to confirm that Taishan was well aware of the Order to appear in Court on July 17, 2014 at the time it chose to discharge it's counsel in this litigation. Moving counsel also should be obliged to provide a full explanation of the reasons and bases for each of these decisions, again through a discussion or document review *in camera* with the Court, if this is deemed necessary for the

purpose of protecting any viable privileges herein.

5. **Movants should disclosed which entity or entities have paid the fees and costs for their representation of the Taishan interests in this litigation, beginning with the date of initial representation and continuing through the dates of the above decisions to disobey the J.D. Examination Order and to discharge counsel as well as through the present time.**

The mechanism of such legal fee/cost payments, the identity of all wiring and receiving financial institutions, and the existence of and account information for any escrow deposits of retainers and advances, all should be part of this disclosed information. This should include the production of all checks and/or wire confirmations disclosing all bank accounts and an ability to track payments.

The motions to withdraw as counsel were filed by Joe Cyr, Frank Spano, and Courtney Colligan of Hogan Lovells, and by Richard Stanley and Thomas Owen of Stanley, Reuter. The determination needs to be made if funds that have not yet been earned by counsel are in the United States.

6. **The Court should oblige all of Taishan's individual counsel of record to be in attendance at the next-scheduled MDL status conference on August 13, 2014, and, most importantly, Mr. Cyr as lead counsel for the Taishan defendants.**

In this way, the Court can conduct (either in chambers or in open court) its own questioning on matters related to the motions to withdraw. The law firms of Hogans Lovells and Stanley Reuter are still counsel of record on the docket of this Court.

7. **It should be made an express condition of considering the pending motions to withdraw**

**that, notwithstanding these motions, written discovery requests to Taishan have full force and effect under the FRCP, including both the deadlines specified for responses and the consequences of non-responsiveness.**

The PSC has propounded to Taishan Gypsum Company through its counsel of record both a Request for Admissions under FRCP 36 and an associated Request for Production under FRCP 34. The referenced Request for Admissions and Request for Production, and forwarding service e-mail on defendants' counsel, are attached hereto as Exhibit I, *in globo*.

The above disclosure requirements and conditions precedent for the Court's consideration of the motions to withdraw are not intended to be all-inclusive. There doubtless are any number of additional conditions, as well as specific information, which Your Honor will or may require in this important and precedential matter. More critical to the PSC is the principle that movants remain, absent an order of withdrawal, both officers of the Court and critical links to foreign entities which, albeit found subject to the Court's jurisdiction, have deliberately defied the authority vested in District Courts such as this by the U.S. Constitution. These entities now must understand, unambiguously, that their continued defiance of the Court will only lead to greater, and more prejudicial, consequences.

Dated: July 22, 2014

Respectfully submitted,

/s/ Leonard A. Davis

Russ M. Herman, Esquire (LA Bar No. 6819)
Leonard A. Davis, Esquire (LA Bar No. 14190)
Stephen J. Herman, Esquire (LA Bar No. 23129)
HERMAN, HERMAN & KATZ, LLC
820 O'Keefe Avenue
New Orleans, Louisiana 70113
Phone: (504) 581-4892
Fax: (504) 561-6024
Ldavis@hhklawfirm.com
*Plaintiffs' Liaison Counsel MDL 2047*

Arnold Levin (On the Brief)
Fred S. Longer (On the Brief)
Matthew C. Gaughan (On the Brief)
Levin, Fishbein, Sedran & Berman
510 Walnut Street, Suite 500
Philadelphia, PA 19106
215-592-1500 (phone)
215-592-4663 (fax)
Alevin@lfsblaw.com
*Plaintiffs' Lead Counsel*
*MDL 2047*

**PLAINTIFFS' STEERING COMMITTEE**

Dawn M. Barrios
Barrios, Kingsdorf & Casteix, LLP
701 Poydras Street, Suite 3650
New Orleans, LA 70139
Phone: (504) 524-3300
Fax: (504) 524-3313
Barrios@bkc-law.com

Daniel E. Becnel, Jr.
Becnel Law Firm. LLC
425 W. Airline Highway, Suite B
Laplace, LA 70068
Phone: (985) 536-1186
Fax: (985) 536-6445
dbecnel@becnellaw.com

Peter Prieto
Podhurst Orseck, P.A.
25 Flagler Street, 8th Floor
Miami, FL 33130
Phone: (305) 358-2800
Fax: (305) 358-2382
pprieto@podhurst.com

Bruce William Steckler
The Steckler Law Firm
12700 Park Central Drive, Ste 1900
Dallas, TX 75251
Phone: (972) 387-4040
Fax: (972) 387-4041
bruce@stecklerlaw.com

Ervin A. Gonzalez
Colson, Hicks, Eidson, Colson
Matthews, Martinez, Gonzales,
Kalbac & Kane
255 Alhambra Circle, Penthouse
Cora Gables, FL 33134
Phone: (305) 476-7400
Fax: (305) 476-7444

Ben W. Gordon, Jr.
Levin, Papantonio, Thomas, Mitchell
Echsner & Proctor, P.A.
316 S. Baylen Street, Suite 600
Pensacola, FL 32502
Phone: (850) 435-7000
Fax: (850) 435-7020
bgordon@levinlaw.com

Hugh P. Lambert
The Lambert Firm
701 Magazine Street
New Orleans, LA 70130
Phone: (504) 581-1750
Fax: (504) 529-2931
hlambert@thelambertfirm.com

Gerald E. Meunier (on the brief)
Gainsburgh, Benjamin, David, Meunier
& Warshauer, LLC
2800 Energy Centre, 1100 Poydras Street
New Orleans, LA 70163-2800
Phone: (504) 522-2304
Fax: (504) 528-9973
gmeunier@gainsben.com

Jerrold Seth Parker
Parker, Waichman, LLP
3301 Bonita Beach Road
Bonita Springs, FL 34134
Phone: (239) 390-1000
Fax: (239) 390-0055
Jerry@yourlawyer.com

Scott Wm. Weinstein
Morgan & Morgan
12800 University Drive, Suite 600
Ft. Meyers, FL 33907
Phone: (239) 433-6880
Fax: (239) 433-6836
sweinstein@forthepeople.com
James Robert Reeves

Lumpkin & Reeves
160 Main Street
Biloxi, MS 39530
Phone: (228) 374-5151
Fax: (228) 374-6630
jrr@lumpkinreeves.com

Christopher Seeger
Seeger Weiss, LLP
77 Water Street
New York, NY 10005
Phone: (212) 584-0700
Fax: (212) 584-0799
cseeger@seegerweiss.com

Daniel K. Bryson
Whitfield, Bryson & Mason
900 W. Morgan Street
Raleigh, NC 27603
Phone: (919) 600-5000
Fax: (919) 600-5002
dan@wbmllp.com

Richard J. Serpe, Esquire
Law Offices of Richard J. Serpe
Crown Center, Ste. 310
580 East Main Street
Norfolk, VA 23510-2322
Phone: (757) 233-0009
Fax: (757) 233-0455
rserpe@serpefirm.com

Victor M. Diaz, Jr., Esquire
V.M. Diaz and Partners, LLC
119 Washington Ave, Suite 402
Miami Beach, FL 33139
Phone: (305) 704-3200
Fax: (305) 538-4928
victor@diazpartners.com

**OF COUNSEL TO PLAINTIFFS' STEERING COMMITTEE**

Richard S. Lewis
HAUSFELD LLP
1700 K Street, N.WSuite 650
Washington, DC 20006
Phone: (202) 540-7200
Fax: (202) 540-7201
rlewis@hausfeldllp.com

Andrew A. Lemmon
Lemmon Law Firm, LLC
P.O. Box 904
15058 River Road
Hahnville, LA 70057
Phone: (985) 783-6789
Fax: (985) 783-1333
andrew@lemmonlawfirm.com

Anthony D. Irpino
IRPINO LAW FIRM
2216 Magazine Street
New Orleans, LA 70130
Phone: (504) 525-1500
Fax: (504) 525-1501
airpino@irpinolaw.com

**CERTIFICATE OF SERVICE**

I hereby certify that the above and foregoing pleading has been served on Defendants' Liaison Counsel, Kerry Miller, by e-mail and upon all parties by electronically uploading the same to LexisNexis File & Serve in accordance with Pre-Trial Order No. 6, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2047 on this 22nd day of July, 2014.

/s/ Leonard A. Davis
Leonard A. Davis, Esquire
Herman, Herman & Katz, L.L.C.
820 O'Keefe Avenue
New Orleans, Louisiana 70113
Phone: (504) 581-4892
Fax: (504) 561-6024
Ldavis@hhklawfirm.com
Plaintiffs' Liaison Counsel
MDL 2047

*Co-counsel for Plaintiffs*