UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: CHINESE-MANUFACTURED DRYWALL PRODUCTS LIABILITY LITIGATION | MDL NO. 2047<br>SECTION: L<br>JUDGE FALLON<br>MAG. JUDGE WILKINSON |
| THIS DOCUMENT RELATES TO:<br><br>*Germano, et al. v. Taishan Gypsum Co., Ltd., f/k/a Shandong Taihe Dongxin Co. Ltd., et al.*, Case No. 09-6687 (E.D.La.);<br><br>*Gross, et al. v. Knauf Gips, KG, et al.*, Case No. 09-6690 (E.D.La.);<br><br>*Wiltz, et al. v. Beijing New Building Materials Public Limited Co., et al.*, Case No 10-361 (E.D.La.);<br><br>*Amorin, et al. v. Taishan Gypsum Co., Ltd. f/k/a Shandong Taihe Dongxin Co., Ltd., et al.*, Civ. Action No. 11-1672 (E.D.La.);<br><br>*Amorin, et al. v. Taishan Gypsum Co., Ltd. f/k/a Shandong Taihe Dongxin Co., Ltd., et al.*, Civ. Action No. 11-1395 (E.D.La.);<br><br>*Amorin, et al. v. Taishan Gypsum Co., Ltd. f/k/a Shandong Taihe Dongxin Co., Ltd., et al.*, Civ. Action No. 11-1673 (E.D.La.) | |

**PROPOSED ORDER GRANTING OMNIBUS**
<u>**MOTION FOR CLASS CERTIFICATION**</u>

This matter having come before this Court upon motion by Plaintiffs in the above-

captioned cases for class certification as to damages claims, and after having considered the

1

briefs filed and arguments made by counsel, IT IS HEREBY ORDERED:

Plaintiffs' Omnibus Motion for Class Certification is GRANTED pursuant to Rule Fed.R.Civ.P. 23(a)(1)-(4) and 23(b)(3). The class is certified with respect to the Taishan Defendants[1] and shall be defined as:

> All owners of real properties in the United States, who are a named Plaintiff on the complaint in *Amorin*, *Germano*, *Gross*, *Wiltz*[2] (*i.e.*, not an absent class member), asserting claims arising from, or otherwise related to Chinese Drywall manufactured, sold, distributed, supplied, marketed, inspected, imported or delivered by the Taishan Defendants.

Certification of the above class is appropriate because:

1. The class is so numerous that joinder of all members is impracticable, satisfying the requirement of Rule 23(a)(1);

2. There are questions of law or fact common to the class, satisfying the requirements of Rule 23(a)(2);

3. The claims of the representative parties are typical of the claims of the class, satisfying the requirements of Rule 23(a)(3);

4. The representative plaintiffs will fairly and adequately protect the interests of the class, satisfying the requirements of Rule 23(a)(4);

5. Questions of law and fact common to the members of the class predominate over questions affecting only individual members and a class action is superior to other methods available for the fair and efficient adjudication of the controversy, satisfying the requirements of

---

[1] The Taishan Defendants are comprised of the following entities: Taishan Gypsum Co. Ltd.; Beijing New Building Materials Limited Co.; Beijing New Building Materials Group Co., Ltd.; China National Building Materials Co., Ltd.; China National Building Materials Group Corporation; and Tain'an Taishan Plasterboard Co., Ltd.

[2] As set forth in the above caption.

Rule 23(b)(3);

6. Counsel Russ Herman of Herman, Herman & Katz, LLC; and Arnold Levin of Levin, Fishbein, Sedran & Berman will fairly and adequately represent the interests of the class as Class Counsel, satisfying the requirements of Rule 23(g)(1);

IT IS FURTHER ORDERED THAT Plaintiffs Eduardo and Carmen Amorin, Albert and Betsy Butzer, Jack and Anna McGinn, Thomas and Virginia Spencer, and Elliot and Angelina Everard shall serve as class representatives for the class certified herein.

IT IS FURTHER ORDERED THAT Russ Herman of Herman, Herman & Katz, LLC; and Arnold Levin of Levin, Fishbein, Sedran & Berman are appointed Class Counsel for the class certified herein.

IT IS FURTHER ORDERED THAT no later than 14 days after the date of this Order, Class Counsel shall submit a proposed form of notice to the Court for approval.

IT IS SO ORDERED


Dated: _____
Honorable Eldon E. Fallon