UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

IN RE: CHINESE-MANUFACTURED
DRYWALL PRODUCTS LIABILITY
LITIGATION

MDL NO. 2047

SECTION: L

JUDGE FALLON
MAG. JUDGE WILKINSON

THIS DOCUMENT RELATES TO:
*Germano, et al v. Taishan Gypsum Co., Ltd., et al., No. 09-6687*
* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

MEMORANDUM IN SUPPORT OF
MOTION FOR CONTEMPT

**MAY IT PLEASE THE COURT:**

On July 17, 2014, this Court scheduled a Judgment Debtor Examination requiring Taishan Gypsum Co., Ltd. f/k/a Shandong Taihe Dongxin Co., Ltd. ("Taishan") to participate. Taishan refused to participate and, as a result, the Court entered an Order holding Taishan in Contempt of Court, both criminally and civilly, as a result of its willful violation of the Court's June 20, 2014, Order (the "Contempt Order") [Rec. Doc. 17869]. The Court ordered Taishan to pay $15,000.00 in attorney's fees to Plaintiffs' counsel, that Taishan pay $40,000.00 as a penalty for contempt, and further, that Taishan, and any of its affiliates and subsidiaries be enjoined from conducting any business in the United States until or unless it participates in this judicial process. Further, the Court ordered that if Taishan violates the injunction, it must pay an additional penalty of 25% of the profits earned by Taishan or its affiliates who violate the Contempt Order for the year of the violation. The Court also directed that the Contempt Order be forwarded to the U.S. Secretary of Commerce, the Chair of the U.S. Senate Committee on Commerce, Science

and Transportation, and the U.S. Attorney General, so that these officials are aware of the seriousness of the situation, and for any appropriate action they may see fit.

On July 14, 2014 and on July 15, 2014, the law firms Hogan Lovells U.S. LLP and Stanley, Reuter, Ross, Thornton & Alford, LLC and their respective individual counsel filed Motions to Withdraw as Counsel of Record [Rec. Doc. Nos. 17846 and 17859]. The law firms have represented Defendants Taishan Gypsum Co., Ltd. ("TG") and Tai'an Taishan Plasterboard Co., Ltd. ("TTP"), together known as the "Taishan Defendants."  In the Memorandum in Support of the Motions to Withdraw, the law firms advised that on July 13, 2014, they received from each of the Taishan Defendants a letter notifying counsel that they were immediately terminating the engagement agreement and representation relationship with respect to all of the Chinese Drywall cases filed against the Taishan Defendants in all of the U.S. Courts, whatever stages such cases are in at present.  In connection with the Motions, there was a letter dated July 15, 2014, to the attention of Jia Tongchun at Taishan Gypsum Co., Ltd. and Peng Shiliang at Tai'an Taishan Plasterboard Co., Ltd., both of whom are chairmen of their respective companies.  The July 15, 2014, letter advised the Chairmen of certain deadlines in these proceedings.

Chairmen Jia Tongchun and Peng Shiliang have acted for the Taishan Defendants and have disrespected the Orders of this Court.  As corporate officers, they are responsible for the actions and failure of Taishan to adhere to Court Orders.

As acknowledged in *Elec. Workers Pension Trust Fund of Local Union #58, IBEW v. Gary's Elec. Srvc. Co.,* 340 F.3d 373, 379-80 (6th Cir. 2003), "whether an unnamed party can be subject to a court order, i.e. whether a court's order directed to a corporation ever could reach out to bind a non-litigant, such as a corporate officer … is clearly established in both [the Sixth]

circuit and the Supreme Court." (citing *Wilson v. U.S.*, 221 U.S. 361, 380-81 (1911)(noting that the corporation can be proceeded against in its corporate capacity at the same time that "[officers] are punished in their natural capacities for failure to do what the law requires of them as the representatives of the corporation."). Accordingly, the omission of any reference to the corporate agents, officer, or owners in the district court's order "is not controlling." *Id.* at 382.

Despite suggestions that "personal jurisdiction over a nonparty for purposes of adjudicating his contempt can be obtained only be service of process 'of the type initially required to obtain jurisdiction over a party,' … courts more often have held that officers or employees of corporate and business entities are subject to *in personam* jurisdiction for purposes of contempt if they have notice of the injunction and its contents." *U.S. v. Hochschild*, 977 F.2d 208, 212 (6th Cir. 1992)(citation omitted).

Moreover, "it is a basic equitable principle that whenever an injunction, whatever its nature may be, is directed to a corporation, it also runs against the corporation's officers, in their corporate capacities." *Hochschild*, 977 F.2d at 211 (quoting *Sec. & Exch. Comm'n v. Coffey*, 493 F.2d 1304, 1310 (6th Cir. 1974)). Likewise, although a court order against a corporation "may or may not be classified as an injunction, it nevertheless can be treated as one when 'it compel[s] … affirmative, prospective obedience with it." *Gary's Elec. Srvc. Co.,* 340 F.3d at 382 (quoting *Chicago Truck Drivers v. Bhd. Labor Leasing*, 207 F.3d 500, 507 (8th Cir. 2000). Thus, Federal Rules of Civil Procedure Rule 65(d)(2)[1] applies "to any 'equitable decree compelling obedience

---

[1] "The [injunction or restraining] order binds only the following who receive actual notice of it by personal service or otherwise:
   (A) the parties;
   (B) the parties' officers, agents, servants, employees, and attorneys; and
   (C) other persons who are in active concert or participation with anyone described in Rule 65(d)(2)(A) or (B)."

under the threat of contempt, including 'not only injunctions … but also enforcement orders and affirmative decrees.'" *Id.* at 381-82 (quoting *Chicago Truck Drivers*, 207 F.3d at 507).

"A command to the corporation is in effect a command to those who are officially responsible for the conduct of its affairs." *NLRB v. Sequoia Dist. Council of Carpenters*, 568 F.2d 628, 634 (9th Cir. 1977), *quoted in Hochschild*, 977 F.2d at 211. Corporate officers, "responsible for the corporation's affairs," are bound by court orders against the corporation because of their "relationship to the corporation." *Gary's Elec. Srvc. Co.*, 340 F.3d at 381-82. Based on "well settled law" that "a person who knowingly assists a defendant in violating an injunction subjects himself to civil as well as criminal proceedings for contempt," *Hochschild*, 977 F.2d at 212 (quoting *Alemite Mfg. Corp. v. Staff*, 42 F.2d 832 (2d Cir. 1930), it is also "well established … that an officer, responsible for the corporation's affairs and for its disobedience, may be held liable for contempt." *Hochschild*, 977 F.2d at 211 (quoting *NLRB v. Maine Caterers, Inc.*, 732 F.2d 689, 691 (1st Cir. 1984). Accordingly, appellate courts and the Supreme Court have long held "that if a corporate officer avoids a court's order to the corporation by failing to take action or attempt compliance, 'they, no less than the corporation itself, are guilty of disobedience, and may be punished for contempt.'" *Gary's Elec. Srvc. Co.*, 340 F.3d at 383 (citing *Wilson* 221 U.S. at 376). District courts have the authority to hold corporate officers in contempt for "'prevent[ing] compliance or fail[ing] to take appropriate action within [their] power for the performance of the corporate duty.'" *Id.* at 382 (quoting *Wilson*, 221 U.S. at 376).

Chairmen Jia Tongchun and Peng Shiliang have participated at various times in numerous activities throughout this litigation. Both were intimately involved in the manufacturing and sale of Chinese drywall to homeowners in the United Sates. Both appeared

during the discovery phase of the litigation and had their depositions taken in China while overseen by the Honorable Eldon Fallon who was presiding over the MDL pending in a United States Federal Court. Thereafter, at the hearing on Taishan's renewed Motions to Vacate the Default Judgments and Dismiss the Complaints in Germano [Rec. Doc. No. 13490] and Mitchell [Rec. Doc. No. 13566] and in Taishan's Motions to Dismiss the Complaints in Gross [Rec. Doc. No. 13590] and Wiltz [Rec. Doc. No. 13591] (collectively, "Taishan's Motions"), Taishan appeared in the Federal Courthouse in the Eastern District of Louisiana and introduced into the record the testimony of Chairmen, Jia Tongchun[2] and Peng Shiliang[3], as well as the Declaration of Jia Tongchun.[4] These appearances by Chairmen, Jia Tongchun and Peng Shiliang, further support this Motion for Contempt. These Chairmen have seen this litigation through appeals to the Fifth Circuit Court of Appeals and, after a determination was made that jurisdiction was proper in the United States, issued the edict that the corporation should not proceed with counsel. Taishan received notice of the Judgment Debtor Rule and this refusal to appear is a direct contemptuous act. The disobedience of the Court's Order is directly attributable to Chairmen Jia Tongchun and Peng Shiliang. Chairmen Jia Tongchun and Peng Shiliang should be held accountable for their directives to the corporation. As such, the Court should issue an Order holding Jia Tongchun and Peng Shiliang in contempt of Court.

---

[2] As an accommodation to the Court and to refresh the Court's memory, a photograph of the deponent was attached to the front page of the respective deponent's deposition, copy attached hereto as Exhibit "A" (photograph of Jia Tongchun).

[3] As an accommodation to the Court and to refresh the Court's memory, a photograph of the deponent was attached to the front page of the respective deponent's deposition, copy attached hereto as Exhibit "B" (photograph of Peng Shiliang).

[4] See transcript of hearing on Taishan's Motions, dated June 29, 2012 and exhibits introduced at the hearing, more specifically 4/4/2011 Deposition Transcript of Jia Tongchun [Rec. Doc. No. 14208-3]; 4/5/2011 Deposition Transcript of Jia Tongchun [Rec. Doc. No. 14208-4]; 1/9-10, 2012 Deposition Transcript of Jia Tongchun [Rec. Doc. No. 14215-3]; 1/11/2012 Deposition Transcript of Peng Shiliang [Rec. Doc. No. 14215-3]; and Declaration of Jia Tongchun dated November 16, 2011 [Rec. Doc. No. 14215-3].

Dated:  July 31, 2014                            Respectfully submitted,

<div style="margin-left: 3em;">

/s/ Leonard A. Davis
Russ M. Herman, Esquire (LA Bar No. 6819)
Leonard A. Davis, Esquire (LA Bar No. 14190)
Stephen J. Herman, Esquire (LA Bar No. 23129)
HERMAN, HERMAN & KATZ, LLC
820 O'Keefe Avenue
New Orleans, Louisiana 70113
Phone: (504) 581-4892
Fax: (504) 561-6024
LDavis@hhklawfirm.com
*Plaintiffs' Liaison Counsel MDL 2047*

Arnold Levin
Fred S. Longer
Sandra L. Duggan
Matthew C. Gaughan
Levin, Fishbein, Sedran & Berman
510 Walnut Street
Suite 500
Philadelphia, PA 19106
Phone: (215) 592-1500
Fax: (215) 592-4663
ALevin@lfsblaw.com
*Plaintiffs' Lead Counsel MDL 2047*

</div>

**PLAINTIFFS' STEERING COMMITTEE**

Dawn M. Barrios
Barrios, Kingsdorf & Casteix, LLP
701 Poydras Street, Suite 3650
New Orleans, LA 70139
Phone: (504) 524-3300
Fax: (504) 524-3313
Barrios@bkc-law.com

Daniel E. Becnel, Jr.
Becnel Law Firm, LLC
425 W. Airline Highway, Suite B
Laplace, LA 70068
Phone: (985) 536-1186
Fax: (985) 536-6445
dbecnel@becnellaw.com

Peter Prieto
Podhurst Orseck, P.A.
25 Flagler Street, 8th Floor
Miami, FL 33130
Phone: (305) 358-2800
Fax: (305) 358-2382
pprieto@podhurst.com

Bruce William Steckler
The Steckler Law Firm
12700 Park Central Drive, Ste. 1900
Dallas, TX 75251
Phone: (972) 387-4040
Fax: (972) 387-4041
bruce@stecklerlaw.com

Ervin A. Gonzalez
Colson Hicks Eidson
255 Alhambra Circle, Penthouse
Coral Gables, FL 33134
Phone: (305) 476-7400
Fax: (305) 476-7444

Ben W. Gordon, Jr.
Levin, Papantonio, Thomas, Mitchell
 Echsner & Proctor, P.A.
316 S. Baylen Street, Suite 600
Pensacola, FL 32502
Phone: (850) 435-7000
Fax: (850) 435-7020
bgordon@levinlaw.com

Hugh P. Lambert
The Lambert Firm
701 Magazine Street
New Orleans, LA 70130
Phone: (504) 581-1750
Fax: (504) 29-2931
hlambert@thelambertfirm.com

Gerald E. Meunier
Gainsburgh, Benjamin, David, Meunier
 & Warshauer, LLC
2800 Energy Centre, 1100 Poydras Street
New Orleans, LA 70163-2800
Phone: (504) 522-2304
Fax: (504) 528-9973
gmeunier@gainsben.com

Jerrold Seth Parker
Parker, Waichman, LLP
3301 Bonita Beach Road
Bonita Springs, FL 34134
Phone: (239) 390-1000
Fax: (239) 390-0055
Jerry@yourlawyer.com

Scott Wm. Weinstein
Morgan & Morgan
12800 University Drive, Suite 600
Ft. Meyers, FL 33907
Phone: (239) 433-6880
Fax: (239) 433-6836
sweinstein@forthepeople.com

James Robert Reeves
Lumpkin & Reeves
160 Main Street
Biloxi, MS 39530
Phone: (228) 374-5151
Fax: (228) 374-6630
jrr@lumpkinreeves.com

Christopher Seeger
Seeger Weiss, LLP
77 Water Street
New York, NY 10005
Phone: (212) 584-0700
Fax: (212) 584-0799
cseeger@seegerweiss.com

Daniel K. Bryson
Whitfield, Bryson & Mason
900 W. Morgan Street
Raleigh, NC 27603
Phone: (919) 600-5000
Fax: (919) 600-5002
dan@wbmllp.com

Richard J. Serpe, Esquire
Law Offices of Richard J. Serpe
Crown Center, Ste. 310
580 East Main Street
Norfolk, VA 23510-2322
Phone: (757) 233-0009
Fax: (757) 233-0455
rserpe@serpefirm.com

Victor M. Diaz, Jr., Esquire
V.M. Diaz and Partners, LLC
119 Washington Ave, Suite 402
Miami Beach, FL 33139
Phone: (305) 704-3200
Fax: (305) 538-4928
victor@diazpartners.com

**OF COUNSEL TO PLAINTIFFS' STEERING COMMITTEE**

Richard S. Lewis
HAUSFELD LLP
1700 K Street, N.W
Suite 650
Washington, DC 20006
Phone: (202) 540-7200
Fax: (202) 540-7201
rlewis@hausfeldllp.com

Andrew A. Lemmon
Lemmon Law Firm, LLC
P.O. Box 904
15058 River Road
Hahnville, LA 70057
Phone: (985) 783-6789
Fax: (985) 783-1333
andrew@lemmonlawfirm.com

Anthony D. Irpino
IRPINO LAW FIRM
2216 Magazine Street
New Orleans, LA 70130
Phone: (504) 525-1500
Fax: (504) 525-1501
airpino@irpinolaw.com

**CERTIFICATE OF SERVICE**

  I hereby certify that the above and foregoing has been served on Defendants' Liaison Counsel, Kerry Miller, by e-mail and upon all parties by electronically uploading the same to LexisNexis File & Serve in accordance with Pre-Trial Order No. 6, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2047 on this 31st day of July, 2014.

                /s/ Leonard A. Davis
                Leonard A. Davis, Esquire
                Herman, Herman & Katz, LLC
                820 O'Keefe Avenue
                New Orleans, LA 70113
                Phone: (504) 581-4892
                Fax: (504) 561-6024
                Ldavis@hhklawfirm.com

                *Plaintiffs' Liaison Counsel MDL 2047*