UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: CHINESE MANUFACTURED | * | MDL No. 2047 |
| DRYWALL PRODUCTS LIABILITY | * | |
| LITIGATION | * | SECTION L |
| | * | |
| | * | JUDGE ELDON E. FALLON |
| | * | |
| | * | MAGISTRATE JUDGE |
| | * | JOSEPH C. WILKINSON, JR. |
| | * | |

* * * * * * * * * * * * * * * * * * * * * * * * * * * *

**THIS DOCUMENT RELATES TO:**
*Germano, et al. v. Taishan Gypsum Co., Ltd., et al.,* **Case No. 09-6687**
*The Mitchell Co., Inc. v. Knauf Gips KG, et al.,* **Case No. 09-4115 (“*Mitchell*”)**
*Gross, et al. v. Knauf Gips KG, et al.,* **Case No. 09-6690 (“*Gross*”)**
*Wiltz, et al. v. Beijing New Building Materials Public Ltd. Co. et al.,* **Case No. 10-361 (“*Wiltz*”)**
*State of Louisiana, ex. rel. James D. (“Buddy”) Caldwell, the Attorney General of Louisiana v. Knauf Gips KG, et al.,* **Case No. 10-340**
*Steiner, et al. v. BNBM, et al.,* **Case No. 09-6545**
*Abel, et al. v. Taishan Gypsum Co., Ltd.,* **Case No. 11-080**
*Haya et al. v. Taishan Gypsum Co., Ltd., et al.,* **Case No. 11-1077**
*Almeroth, et al. v. Taishan Gypsum Co., Ltd., et al.,* **Case No. 12-0498**
*Amorin, et al. v. Taishan Gypsum Co., Ltd., et al.,* **Case Nos. 11-1395, 11-1672, 11-1673**

**REPLY MEMORANDUM IN SUPPORT OF MOTION TO WITHDRAW
AS COUNSEL OF RECORD**

The undersigned law firms Hogan Lovells US LLP and Stanley, Reuter, Ross, Thornton

& Alford, LLC, and their respective individual counsel who have represented Defendants

Taishan Gypsum Co. Ltd. (“TG”) and Tai’an Taishan Plasterboard Co., Ltd. (“TTP”)(together,

the “Taishan Defendants”) in the above-captioned matters (collectively “Counsel”), respectfully

submit this reply memorandum in support of their two motions to withdraw as counsel of record

filed in the above matters (Rec. Doc. Nos. 17846 & 17858)(collectively “Motion to Withdraw”)

and in response to The Plaintiff Steering Committee's Consolidated Opposition to Motions to Withdraw as Counsel of Record (Rec. Doc. No. 17863)("Original Opposition") and Supplemental Memorandum in Support of PSC's Consolidated Opposition to Motions to Withdraw as Counsel of Record (Rec. Doc. No. 17881)("Supplemental Opposition")(collectively, with the Original Opposition, the "Opposition").

A.  **This Motion concerns whether there is good cause for withdrawal or if third parties will be severely prejudiced by the withdrawal, not on the Taishan Defendants' conduct or intentions.**

The PSC's Opposition to the Motion to Withdraw seems to focus primarily on the PSC's issues with the Taishan Defendants in this MDL and determining the Taishan Defendants' intent in deciding to discharge Counsel.  And while the Court may address such issues in other contexts (as it already has through its July 17, 2014 contempt order because of TG's failure to participate in the judgment debtor exam (Rec. Doc. No. 17869)), this is not the proper focus of the pending Motion to Withdraw filed by Counsel.  Rather, with respect to this Motion to Withdraw, the query is twofold:  (1) whether there is good cause for the withdrawal and (2) whether the withdrawal will cause any severe prejudice to third parties.  *Fidelity Nat. Title Ins. Co. of New York v. Intercounty Nat. Title Ins. Co*., 310 F.3d 537, 540-41 (7th Cir. 2002)(stating that "[s]evere prejudice to third parties … is another potential ground for denying a motion to withdraw," even where counsel established good cause for withdrawal under Rule 1.16(b)); *see also Brandon v. Blech*, 560 F.3d 536, 538-39 (6th Cir. 2009)(same).  Further, while those cases discuss consideration of notice or strategic conduct by the lawyer against the client in timing a motion to withdraw, this is not an issue in this situation as it was the Taishan Defendants who triggered this Motion through their discharge notice.  *Fidelity Nat. Title*, 310 F.3d at 540-41; *Brandon*, 560 F.3d at 538.

**B.**      **It is not disputed that there is good cause for the withdrawal.**

The first issue is clear.  A party has the absolute right to discharge its counsel at any time for any reason.  *In re Vioxx Products Liability Litigation*, 2010 WL 724084, at *6 (E.D. La. 2/18/10).  ("The law is clear that 'a client has the absolute right to discharge his or her lawyer' and that he or she may exercise this right at any time, with or without cause." (citing *Farrar v. Kelly*, 440 So.2d 939, 941 (La. App. Ct.1983)).  Regardless of whether the PSC – or even Counsel – agree with that decision, the Taishan Defendants have exercised that right by sending Counsel written notice that Counsel have been discharged and thus are no longer authorized by the Taishan Defendants to act on their behalf.  Upon receipt of that written notice, Counsel is required by Rule 1.16(a) of the Louisiana Rules of Professional Conduct (which has been adopted by this Court) to refrain from representing the Taishan Defendants and to move to withdraw from the representation.  In fact, the PSC has readily acknowledged that Counsel's discharge mandates withdrawal.  Original Opposition, at 6 ("The position of the Louisiana Rules of Conduct that mandates withdrawal of counsel from 'the representation' of a client in cases where counsel is discharged, is one which the PSC readily acknowledges.").  Thus, Counsel's receipt of a written notice of discharge from its clients constitutes good cause to withdraw.[1]

**C.**      **Allowing Counsel to withdraw will not result in severe prejudice to the Plaintiffs or others.**

Therefore, the sole issue regarding this Motion to Withdraw is whether it will result in severe prejudice to the Plaintiffs if the Taishan Defendants were to remain in the litigation

---

[1] The PSC argues that Counsel should be required to produce the written letters provided by the Taishan Defendants that discharged Counsel.  However, as explained *infra* at 7, these letters are attorney-client communications that Counsel cannot ethically provide unless reasonably necessary to meet one of the exceptions listed in Rule 1.6(b) of the Louisiana Rules of Professional Conduct.

without counsel.   There is no issue of notice or strategic conduct by the lawyer in timing the motion to withdraw with respect to the Taishan Defendants as it was the Taishan Defendants who triggered this Motion through their discharge notice.  *Fidelity Nat. Title*, 310 F.3d at 540-41. Absent such severe prejudice, Counsel should be allowed to withdraw, particularly when the continued representation of the client will serve no real meaningful purpose.  *Ohntrup v. Firearms Center, Inc.,* 802 F.2d 676, 679-80 (3d Cir. 1986)("[A] law firm is entitled to withdraw once the firm demonstrates to the satisfaction of the district court that its appearance serves no meaningful purpose.").  Concerning that issue, the PSC raises two points:  (1) unless the Taishan Defendants have counsel, the litigation cannot proceed and (2) Counsel should not be allowed to withdraw because they are needed to allow the Court and the PSC to continue to communicate with the Taishan Defendants.

Neither is a legitimate basis to deny Counsel's Motion to Withdraw.  *First*, while it is true that a corporate entity cannot act in a litigation without counsel, this does not impact the opposing party's ability to proceed against that entity.  In fact, the PSC obtained the default judgment against TG that it is now seeking to enforce before Counsel ever enrolled.  April 8, 2010 Findings of Fact and Conclusions of Law (Rec. Doc. No. 2380).  And the PSC has obtained preliminary defaults against numerous other entities in this MDL without those entities being represented by counsel.  June 25, 2014 Orders (Rec. Doc. No. 17791, 17792 & 17793)(issuing preliminary default judgments against various entities, including China National Building Materials Co., Ltd ("CNBM"), even though these entities were not represented by counsel). Therefore, while the Taishan Defendants' decision to discharge Counsel may hinder their ability to defend against the PSC's claims, the withdrawal of Counsel will not harm the PSC's ability to pursue such claims.   Similarly, the PSC's contention that the discharge was intended to avoid the

consequences of the judgment debtor exam is also a non sequitur as: (1) Counsel was present at the hearing despite the discharge and (2) TG was sanctioned for its non-participation. The discharge thus had no effect on the outcome of that hearing. Rather, this event makes clear that the Taishan Defendants cannot avoid this litigation simply because it has discharged Counsel or because the Court allows Counsel to withdraw.

*Second*, the need to communicate with the Taishan Defendants should also not prevent the Court from granting this Motion. Initially, Counsel has provided with current contact information for the Taishan Defendants and so the Court and the parties are able to communicate directly with them. Further, to the extent that it is implied that Counsel has some greater ability than others to force or persuade the Taishan Defendants to participate in the litigation, recent events have shown this not to be the case. Therefore, even if Counsel were required to continue to communicate with the Taishan Defendants regarding Court proceedings, this will not serve any real purpose.

And finally, even presuming that there might be some theoretical benefit to Counsel's continued communication with the Taishan Defendants, these communications do not need to occur with Counsel remaining as counsel of record. This Court has already appointed Counsel as the agent for service of process for the Taishan Defendants for summons and complaints under Rule 4(f) – a position that pursuant to the cases cited by the PSC in support of its motion for alternative service of process is not tied exclusively to Counsel's status as counsel of record. June 25, 2014 Order (Rec. Doc. No. 17790); PSC's Memorandum of Law in Support of Motion to Approve Alternative Service of Process pursuant to Fed. R. Civ. P. 4(f)(3)(Rec. Doc. No. 17782), 9-10 & n.8 (citing cases in which the Court appointed those with a close relationship to the party other than counsel to accept service on behalf of foreign defendant); *Brown v. China*

*Integrated Energy, Inc.* 285 F.R.D. 560. 565-66 (C.D. Cal. 2012)(cited by PSC in same brief and stating: "Due process does not require that the individuals served on behalf of foreign defendants have represented them or been authorized to accept service on their behalf.").  In fact, as the PSC acknowledges, the Court could still order Counsel to accept service on behalf the Taishan Defendants even if the Motion to Withdraw is granted.  *See* Original Opposition, at 11 n.3 (citing cases in which counsel was allowed to withdraw under condition that it continued to accept service until substitute counsel appears).

**D.    The PSC's requests in their Supplemental Opposition should not delay or result in the denial of the Motion to Withdraw.**

In their Supplemental Opposition, the PSC also present seven (7) requests of Counsel that they believe should be addressed before Counsel's Motion can be granted.  Specifically, the PSC asserts that Counsel should:  (1) confirm whether the Taishan Defendants presently intend to engage and substitute new counsel; (2) provide all letters between Counsel and their clients regarding the judgment debtor exam and the decision to discharge Counsel; (3) provide TG's position regarding the sanctions imposed by the Court by its July 17, 2014 Order; (4) identify all individuals who participated in the decisions regarding the judgment debtor exam and the discharge of Counsel; (5) disclose which entity or entities have paid Counsel's fees and costs; (6) all be present at the August 13, 2014 status conference; and (7) waive any argument regarding the timing, force, and effect of the PSC's written discovery requests if the Motion to Withdraw is granted.

Counsel addresses each in turn:

(1)    **Substitute Counsel**:  Counsel confirm at this time that they are not aware of any plan by the Taishan Defendants to engage or substitute new counsel.

(2)    **Counsel Communications with Clients**:  Communications between Counsel and their clients are attorney-client communications covered by both the attorney-client privilege and Counsel's duty of confidentiality under Rule 1.6 of the Louisiana Rules of Professional Conduct, both of which survive the representation.    Accordingly, Counsel cannot ethically provide such communications unless it is reasonably necessary to meet one of the exceptions listed in Rule 1.6(b).  Even then, such communications would likely need to be limited to in camera inspection, not public disclosure to an opposing party to protect the attorney-client privilege.[2]

(3)    **Client Position on Sanctions**:  While Counsel has been forwarding to the Taishan Defendants the Court activity that has occurred since receiving the discharge notice, Counsel has not received any communications from the Taishan Defendants regarding its position on the sanctions.  Therefore, Counsel has no information to provide with respect to this request.

(4)    **Identification of Decision Makers**:  For the same reasons listed in No. 2 above, communications from the client identifying decision makers of litigation decisions are also protected by Rule 1.6 and the attorney-client privilege.  That being said, Counsel can confirm that they were not participants in any meetings in which the decisions regarding the judgment debtor exam or the discharge of Counsel were made.

---

[2] Moreover, while disclosure of communications related to the discharge might be reasonably necessary to decide this Motion, particularly if ordered by the Court, communications regarding the judgment debtor exam do not seem relevant to deciding this Motion as that exam is not at issue in this Motion to Withdraw.  *See supra* at 4-5.

(5)     **Payment of Fees and Costs**:  While Counsel do not believe that it is relevant to this Motion, Counsel's fees and costs have at all times been paid by TG.

(6)     **Appearance of Counsel**:  To the extent that this Court wants to further discuss items presented by this Motion and the PSC's Opposition, counsel for both firms can be available by phone conference prior to the status conference to discuss any issues to the extent permitted under Rule 1.6.

(7)     **Enforceability of Discovery**:  As Counsel has been discharged and is no longer authorized to act on behalf the Taishan Defendants, Counsel is without authority to waive any arguments that can be made with respect to the timing, force, and effect of the discovery requests as a condition for granting the Motion to Withdraw.

E.     **Conclusion**

In sum, (1) there is good cause for the withdrawal and (2) such withdrawal will not severely prejudice the other parties in this litigation as the PSC can proceed with the litigation and the Court and the PSC can communicate with the Taishan Defendants without Counsel remaining as counsel of record.  Further, while Counsel is willing to provide the Court with information reasonably related to the Motion as the Court requires prior to the hearing, the requests made by the PSC in their Supplemental Opposition should not impact or delay a decision on this Motion to Withdraw.  Accordingly, Counsel respectfully requests that the Court grant this Motion and allow Counsel to withdraw as the Taishan Defendants' counsel of record.

Respectfully submitted,

*/s/ Thomas P. Owen Jr.*
Joe Cyr
Frank T. Spano
Courtney L. Colligan
HOGAN LOVELLS US LLP
875 Third Avenue
New York, New York 10022
Telephone: 212-918-3000
Facsimile: 212-918-3100
Joe.cyr@hoganlovells.com
Frank.spano@hoganlovells.com
Courtney.colligan@hoganlovells.com

Richard C. Stanley (La. Bar No. 8487)
Thomas P. Owen, Jr. (La. Bar No. 28181)
STANLEY, REUTER, ROSS, THORNTON &
ALFORD, LLC
909 Poydras Street, Suite 2500
New Orleans, Louisiana 70112
Telephone: 504-523-1580
Facsimile: 504-524-0069
rcs@stanleyreuter.com
tpo@stanleyreuter.com

**Attorneys for Taishan Gypsum Co. Ltd. and
Tai'an Taishan Plasterboard Co., Ltd.**

9

<u>**CERTIFICATE OF SERVICE**</u>

I hereby certify that the above and foregoing Reply Memorandum in Support of Motion to Withdraw as Counsel of Record has been served on Plaintiffs' Liaison Counsel, Russ Herman, defendants' Liaison Counsel, Kerry Miller, by U.S. Mail and/or e-mail, on the client TG by e-mail and by Express Mail Service, which is the available postal/courier service in China, and upon all parties by electronically uploading the same to Lexis Nexus File & Serve in accordance with the Pretrial Order No. 6, and that the foregoing was also electronically filed with the Clerk of the Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2047, on this 4th day of August, 2014.


<u>*/s/ Thomas P. Owen, Jr.*</u>