UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In re:  CHINESE-MANUFACTURED | * | MDL 2047 |
| DRYWALL PRODUCTS | * | |
| LIABILITY LITIGATION | * | SECTION L |
| | * | |
| | * | JUDGE FALLON |
| This document relates to:  ALL CASES | * | |
| | * | MAGISTRATE JUDGE WILKINSON |
| | * | |

**DEFENDANT, SIXTY FIFTH AND ONE'S, REPLY TO PLAINTIFFS' RESPONSE TO MOTION TO ENFORCE INJUNCTION REGARDING STATE COURT CLAIMS BROUGHT BY PUTATIVE CLASS REPRESENTATIVE, RALPH MANGIARELLI, JR.**

Defendant, Sixty Fifth and One, LLC ("Sixty Fifth"), by and through undersigned counsel, submits this Reply in support of its Motion and Memorandum of Law to Enforce Injunction Regarding State Court Claims Brought by Putative Class Representative, Ralph Mangiarelli, Jr. (Rec. Docs. 17897 and 17898, respectively, hereinafter collectively "Motion"), responding specifically to arguments raised in Plaintiffs' Response to Sixty Fifth's Motion (Rec. Doc. 17933, hereinafter "Response"), filed August 4, 2014.

**Plaintiffs' Response cites and applies the Knauf Settlement and Class Member Definition, which are inapplicable to Sixty Fifth's Motion under the Global Settlement Agreement.**

At paragraph 7 of Plaintiffs' Response, Plaintiffs incorrectly claim that Sixty Fifth seeks to enforce the Knauf Settlement and the bar order which precludes claims by Knauf Class Members that failed to "opt out" of the Knauf Settlement.  Building upon this inaccuracy, Plaintiffs argue that the Knauf Settlement does not encompass their claims and, therefore, Plaintiffs cannot be barred from pursuing the Hamburg Action against Sixty Fifth

in state court. However, as is plain from Sixty Fifth's Motion, Sixty Fifth does not seek to enforce the Knauf Settlement, but rather, the Global Settlement, the Global Settlement "Class" definition, and the injunction and bar order provision entered by this Court in its Order and Judgment approving the Global Settlement. Therefore, Plaintiffs' Response fails to address the applicable settlement agreement that controls the issues presented to this Court in Sixty Fifth's Motion.

Plaintiffs' misapprehension, or perhaps insistence, that the Knauf Settlement controls the fate of their claims is belied by a simple reading of the Knauf Settlement Agreement and Global Settlement Agreement's terms. The Knauf Settlement Agreement settled claims between the "Knauf Defendants" and the individuals that qualified as "Class Members" under the Knauf Settlement's Class Member definition. Sixty Fifth was not a party or signatory to the Knauf Settlement and is not considered a "Knauf Defendant" under the agreement's terms. By contrast, it is undisputed that Sixty Fifth was a signatory to and Participating Defendant under the Global Settlement Agreement. Likewise, Plaintiffs do not appear to dispute they are encompassed within the broad "Class Member" definition included in the Global Settlement – Plaintiffs certainly advance no argument to the contrary in their Response. In any event, based on the plain wording of the agreements themselves, it is clear the Global Settlement Agreement controls Plaintiffs' claims. Further, as set forth in Sixty Fifth's Motion, because the Plaintiffs are part of the Global Settlement Class and did not opt out, they are bound by the Court's Order and Judgment certifying the class and approving the settlement's terms, including the injunction and bar order.

**Sixty Fifth has never agreed or acknowledged that Plaintiffs claims would fall outside of the Global Settlement or Global Settlement "Class" definition, or any other settlement for that matter.**

Though Plaintiffs' Response is not entirely clear, at paragraphs 4 and 5 Plaintiffs appear to argue there was some agreement amongst "all parties" that Plaintiffs' claims would fall outside of the Knauf Settlement Agreement and the separate settlement agreement which governed remediation of the Lauderdale One property under the Pilot Remediation Program. Sixty Fifth never made such an agreement with Plaintiffs, or any other party, and no evidence of such an agreement has been submitted to the Court. More importantly, however, even if Sixty Fifth and other parties had agreed Plaintiff's claims would fall outside the Knauf Settlement and remediation agreements, such an agreement would not alter the clear terms and effect of the Global Settlement Agreement, which bars Plaintiffs' claims against Sixty Fifth since they were not opted out. In other words, the fate of Plaintiffs' claims is governed exclusively by the Global Settlement Agreement, and no purported agreement concerning remediation under the Knauf Agreement saves them from being barred against Sixty Fifth under the Global Settlement Agreement.[1]

## CONCLUSION

For the foregoing reasons, and for the reasons raised in Sixty Fifth's Motion, Sixty Fifth requests this Court to enter an order confirming that the Hamburg Action is enjoined by its Order and Judgment approving the Global Settlement Agreement, or for such alternative relief as the Court deems just and proper.

---

[1] Though Plaintiffs' argument merits no further attention, it should be noted that Sixty Fifth is not a party or signatory to the "confidential" remediation agreement Plaintiffs attach to their Response. Further, to clarify any misperceptions that Plaintiffs' Response may have created, Sixty Fifth had no part in negotiating the confidential remediation agreement or the decision made by Plaintiffs or their homeowners association to participate in the Pilot Remediation Program.

Date: August 8, 2014.                                    Respectfully submitted,

                                              /s/ Jeffrey M. Paskert
Jeffrey M. Paskert
Florida Bar No. 846041
Email:  jpaskert@mpdlegal.com
Secondary:  jegusquiza@mpdlegal.com
Ryan E. Baya
Florida Bar No. 0052610
Email:  rbaya@mpdlegal.com
Secondary:  dhutchins@mpdlegal.com
MILLS PASKERT DIVERS
100 N. Tampa St., Ste. 3700
Tampa, FL 33602
Telephone:  (813) 229-3500
*Attorneys for Sixty-Fifth and One LLC*

**CERTIFICATE OF SERVICE**

    I hereby certify that the above and foregoing pleading has been served upon Russ Herman, Plaintiffs' Liaison Counsel, by email, and to all parties by electronically uploading the same to LexisNexis File & Serve in accordance with Pre-Trial Order No. 6, and that the foregoing was electronically filed with the Clerk of Court of the United States Court for the Eastern District of Louisiana by using CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2047, on this 8th day of August, 2014.

                                            By: /s/ Jeffrey M. Paskert