**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF LOUISIANA**

|   |   |
|---|---|
| IN RE: CHINESE-MANUFACTURED PRODUCTS LIABILITY LITIGATION | * * * * * * * MDL No. 02047<br>SECTION L<br>JUDGE FALLON<br>MAG. JUDGE WILKINSON |

\* \* \* \* \* \* \* \* \* \* \* \* \*

**THIS DOCUMENT RELATES TO ALL CASES**

**MEMORANDUM IN SUPPORT OF MOTION TO QUASH SUBPOENA**
**ISSUED TO T. ROWE PRICE GROUP, INC.**

**MAY IT PLEASE THE COURT:**

Plaintiffs' Steering Committee ("PSC") caused a subpoena to be issued to T. Rowe Price Group, Inc. ("T. Rowe"), a non-party to this litigation, on July 24, 2014. A copy of the subpoena is attached as Exhibit 1. The subpoena commands T. Rowe's corporate designee to testify at a deposition in Baltimore, Maryland on August 11, 2014.

Counsel for PSC and T. Rowe conferred and agreed to postpone the deposition until a mutually agreeable date after the court resolves this Motion to Quash. Counsel for PSC and T. Rowe also agreed that T. Rowe would file its Motion prior to the litigation parties' August 13, 2014 status conference with the Court.

For the reasons set forth below, and pursuant to Federal Rule of Civil Procedure 45(d), T. Rowe moves to quash the subpoena.[1]

---

[1] Although PSC's subpoena was issued out of the District of Maryland, 28 U.S.C. §1407 provides this Court with jurisdiction to hear T. Rowe's Motion. *U.S. ex rel. Pogue v. Diabetes Treatment Centers of Am., Inc.*, 238 F. Supp. 2d 270, 275 (D.D.C. 2002).

## ARGUMENT

### The Federal Rules of Civil Procedure Dictate that the Court Quash PSC's Subpoena.

"A party issuing a subpoena has the burden to ensure that the subpoena does not impose undue burden or expense, and that is especially so where the subpoena is issued to a non-party." *Methodist Health Servs. Corp. v. OSF Healthcare Sys.*, 2014 WL 1612838, at *5 (C.D. Ill. Apr. 22, 2014) (citations omitted). Federal Rule of Civil Procedure 45(d)(1) expressly provides that a court "must enforce this duty and impose an appropriate sanction" on a party or attorney who does not meet this responsibility. Additionally, a court "must" quash or modify a subpoena if it subjects a person to undue burden. Fed. R. Civ. P. 45(d)(3).

PSC's subpoena subjects T. Rowe to undue burden and seeks testimony that T. Rowe, a non-party and holding company located in Baltimore, Maryland, does not possess. The subpoena should be quashed.

### 1.     The subpoena is facially burdensome.

Factors considered by a court to determine whether a subpoena imposes an undue burden include the breadth of the request, the particularity with which the party describes the requested information, the relevance of the information requested, and the burden imposed. *Wiwa v. Royal Dutch Petroleum Co.*, 392 F.3d 812, 818 (5th Cir. 2004) (citation omitted). "A facially overbroad subpoena is unduly burdensome." *Cmedia, LLC v. LifeKey Healthcare, LLC*, 216 F.R.D. 387, 389 (N.D. Tex. 2003) (citation omitted).

PSC's subpoena is facially overbroad. It commands T. Rowe to produce a Rule 30(b)(6) corporate representative to testify "in furtherance of discovery related to collection of a judgment," with the unlimited qualification that "all matters may be discovered in the deposition." Ex. 1 at 6. The deposition is to continue from day to day until complete. *Id.*

There also are 4 categories of inquiry outlined in Schedule A of the subpoena's notice of deposition. The first category of Schedule A has 12 subparts and encompasses "any dealings and communications" with a variety of foreign entities (including their unnamed parents, related entities, subsidiaries, agents and assigns) "between January 1, 2001 and the current date." Ex. 1 at 10. The other categories of Schedule A are similarly expansive, seeking testimony about interactions with a foreign entity since 2001 and/or about interactions with the entity's unnamed "subsidiaries or affiliates." *Id.* at 11.

PSC's subpoena stretches far beyond its purported purpose of discovery in furtherance of collecting a judgment. PSC only has a judgment against one entity. There is no basis for inquiry into "all matters" and "any dealings and communications" with anyone, let alone with numerous entities who are not the judgment debtor. Discovery issued to a non-party in furtherance of collecting a judgment should be limited to whether the non-party is in possession of the judgment debtor's property. *See YCB Int'l, Inc. v. UCF Trading Co., Ltd.*, 2014 WL 117353, at * 2 (N.D. Ill. Jan. 13, 2014) ("Ordinarily, post judgment discovery sought from third parties is limited to information about the assets of the judgment debtor and must be balanced against the privacy interests of third

3

#504210

party.") (citing Wright & Miller 2d § 3014; *Blaw Knox v. AMR Indus., Inc.*, 130 F.R.D. 400, 403–04 (E.D. Wis. 1990) (denying third-party discovery regarding certain assets because "a judgment creditor must make a threshold showing of necessity and relevance when attempting to obtain discovery of a non judgment debtor pursuant to Rule 69(a)"); *Cassion Corp. v. County West Bldg. Corp.*, 62 F.R.D. 331, 334 (E.D. Pa. 1974) ("the inquiry must be kept pertinent to the goal of discovering concealed assets of the judgment debtor and not be allowed to become a means of harassment of the debtor or third persons.... It has also been said that third persons can only be examined about assets of the judgment debtor and cannot be required to disclose their own assets.").

      There simply is no reasonable explanation as to how the broad deposition notice issued to T. Rowe is relevant to the collection of a judgment against a Chinese entity wholly unrelated to T. Rowe, and PSC does not even attempt to offer one in its deposition notice. "[W]hen the relevancy of the discovery request is not readily apparent on its face, the party seeking the discovery has the burden to show the relevancy of the request." *McBride v. Medicalodges, Inc.*, 250 F.R.D. 581, 586 (D. Kan. 2008) (citation omitted). *See also Micro Motion, Inc. v. Kane Steel Co., Inc.*, 894 F.2d 1318, 1328 (Fed. Cir. 1990) (A "litigant may not engage in merely speculative inquiries in the guise of relevant discovery.").

      Further highlighting the impermissible breadth and lack of relevance of the subpoena's deposition notice, Schedule A also requires T. Rowe to provide testimony on behalf of itself and "any of its domestic or international predecessors in interest,

4

#504210

Case 2:09-md-02047-EEF-MBN   Document 17948-1   Filed 08/11/14   Page 5 of 9

successors in interest, subsidiaries, divisions, subdivisions, affiliates, officers, directors, employees, representatives, independent contractors, consultants, or agents, whether present or former, including but not limited to their attorneys and accountants." Ex. 1 at 10. Deposition testimony under Rule 30(b)(6) is expressly limited to "information known or reasonably available to the organization." "[K]nown or reasonably available" cannot mean that T. Rowe must seek out and interview any entity or person tangentially associated with the T. Rowe Price name (including *independent contractors*) and offer binding testimony concerning "all" those entities' and persons' "dealings and communications" with numerous foreign entities over the past 13 years.

In *In re Ski Train Fire of November 11, 2000 Kaprun Austria*, 2006 WL 1328259 (S.D.N.Y. May 16, 2006), a plaintiff sought Rule 30(b)(6) deposition testimony from a defendant corporation about topics which the defendant's foreign subsidiary likely would have been most knowledgeable. The plaintiff's position was that information known by the foreign subsidiary was "known or reasonably available to" to the defendant parent corporation. 2006 WL 1328259, at * 9. The court disagreed and denied a motion to compel the deposition, holding that Rule 30(b)(6) does not "require a corporate parent to acquire all of the knowledge of the subsidiary on matters in which the parent was not involved, and to testify to those matters in a manner which binds the parent, a separate legal entity." *Id.* This reasoning should apply with greater force where, as here, deposition testimony is sought from a *non-party holding company* on matters about which it has no knowledge.

#504210

"To allow Rule 30(b)(6) to effectively function, the requesting party must take care to designate, with painstaking specificity, the particular subject areas that are intended to be questioned, and that are relevant to the issues in dispute." *McBride v. Medicalodges, Inc.*, 250 F.R.D. 581, 584 (D. Kan. 2008) (citations omitted). PSC's subpoena seeks neither particularized nor relevant testimony. The undue burden of the subpoena is amplified given that T. Rowe is not a party to the litigation. PSC's subpoena violates Federal Rule of Civil Procedure 45(d) and should be quashed. *Reed v. Bennett*, 193 F.R.D. 689, 692 (D. Kan. 2000) (describing that "[a]n overbroad Rule 30(b)(6) notice subjects the noticed party to an impossible task" and quashing a Rule 30(b)(6) deposition notice as overly broad where, although specific topics of inquiry were listed, the topics were qualified by the phrase "including but not limited to").

### 2. The subpoena is defective because it seeks testimony that T. Rowe does not possess.

T. Rowe, a holding company located in Baltimore, Maryland, has no knowledge of any of the topics listed in the subpoena's deposition notice. Affidavit of John Gilner, attached hereto as Exhibit 2, at ¶¶ 2, 5. T. Rowe and its subsidiaries do not own any assets of, and are not shareholders of record of, the companies identified in the subpoena's deposition notice. *Id.* at ¶ 4.

If an entity associated with the T. Rowe Price name might have knowledge of the deposition notice topics, it likely would be T. Rowe Price Hong Kong Limited, a separate corporation and third-tier subsidiary of T. Rowe located in Hong Kong. *Id.* at ¶ 5. Thus, if PSC is interested in the topics listed in the subpoena's deposition notice, it must issue a

#504210

subpoena to T. Rowe Price Hong Kong Limited.  *See In re Ski Train Fire of November 11, 2000 Kaprun Austria*, 2006 WL 1328259, at *9.  *See also, e.g., Power Integrations, Inc. v. Fairchild Semiconductor Int'l, Inc.*, 233 F.R.D. 143, 145-47 (D. De. 2005) (finding non-party domestic subsidiary not obligated to produce documents from foreign parent corporation, in part because subpoenaing party could obtain documents by issuing subpoena to parent corporation who actually possessed documents); *Schaaf v. SmithKline Beecham Corp.*, 233 F.R.D. 451, 454 (E.D.N.C. 2005) (quashing subpoena to non-party entity where party did not seek the requested information from the separate, specific corporate entity most likely to have it).  Even then, PSC would be required to narrow the scope of the subpoena to whether T. Rowe Price Hong Kong Limited was in possession of the judgment debtor's property.

It is clear that PSC is attempting to avoid the cost and inconvenience of subpoenaing a foreign corporation through the correct process, by shifting this burden and cost onto T. Rowe.  Because the subject matter is not limited to whether T. Rowe is in possession of the judgment debtor's property, it also is clear that the deposition is being sought for some other purpose other than the one stated.  As a non-party to this litigation, T. Rowe should not be forced to endure such an undue burden.

> **If the Subpoena is not Quashed, the Federal Rules of Civil Procedure Require that PSC Compensate T. Rowe for its Expenses in Complying with the Subpoena.**

"Courts addressing the issue of how the costs of subpoena compliance should be allocated have consistently emphasized that non-parties who have no interest in particular

7

#504210

litigation should not be required to subsidize the costs of that litigation." *Broussard v. Lemons*, 186 F.R.D. 396, 398 (W.D. La. 1999) (internal citations omitted); *see also Linder v. Calero-Portocarrero*, 183 F.R.D. 314, 322 (D.D.C. 1998) ("In addition to keeping nonparties from being forced to subsidize an unreasonable share of the costs of litigation to which they were not a party, Rule 45's mandatory cost-shifting provisions promote the most efficient use of resources in the discovery process.") (internal quotation and citation omitted).

Here, if the Court denies T. Rowe's Motion, T. Rowe will be forced to spend significant time and money in an attempt to comply with the subpoena. Accordingly, pursuant to Federal Rule of Civil Procedure 45(d)(3)(C)(ii), if T. Rowe is required by the Court to comply with the subpoena, the Court should order that PSC compensate T. Rowe for any costs associated with such compliance—including all employee time, travel costs, and attorneys' fees. *See Broussard*, 186 F.R.D. at 398 (ordering subpoenaing party to pay reasonable costs and expenses of complying with a subpoena even though compliance would not likely pose an undue burden).

For the foregoing reasons, T. Rowe requests that the Court quash the subpoena issued to it by PSC and/or for such other relief as may be equitable and just.

#504210

                                      Respectfully submitted,

                                          /s/  Rebecca L. Caldwell
                                    Ward B. Coe, III
                                    Maryland Fed. Bar. No. 00282
                                    wcoe@gejlaw.com
                                    Rebecca L. Caldwell
                                    Maryland Fed. Bar No. 28957
                                    rcaldwell@gejlaw.com
                                    GALLAGHER EVELIUS & JONES LLP
                                    218 North Charles Street, Suite 400
                                    Baltimore, Maryland  21201
                                    (410) 727-7702
                                    *Attorneys for T. Rowe Price Group, Inc.*

Date:  August 11, 2014

#504210