UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: CHINESE MANUFACTURED<br>      DRYWALL PRODUCTS<br>      LIABILITY LITIGATION | )<br>)<br>)<br>) | MDL NO. 2047 |
| THIS DOCUMENT RELATES TO: | )<br>) | SECTION: L |
| *Hobbie, et al.  v.*<br>*RCR Holdings II, LLC, et al.*,<br>No. 10-1113<br>_____ | )<br>)<br>)<br>) | JUDGE FALLON<br><br>MAG. JUDGE WILKINSON |

## MEMORANDUM IN SUPPORT OF MOTION
## FOR SPECIFIC ENFORCEMENT OF  SETTLEMENT AGREEMENT

      Plaintiff Shalini Chandra, on behalf of herself and other similarly situated Class Members ("Plaintiffs"), moves this Court to specifically enforce  ¶ 4.3.5.1 of the Settlement Agreement Regarding Claims Against the Knauf Defendants in MDL No. 2047, December 20, 2012, Doc. No. 12061-5 ("Settlement Agreement").  The Plaintiffs are prior Owners of a Foreclosed Property and have applied for a Lump Sum Payment ("LSP").  Knauf has refused to provide the LSP  to Ms. Chandra (or any of the similarly situated Plaintiffs), and has instead elected to provide a LSP to the current owners of the Foreclosed Properties, even though the current owners are not Settlement Class Members.  Plaintiffs request that the Court compel Knauf to comply with the unambiguous terms of the Settlement Agreement and pay each of the Plaintiffs the requested LSP**.**

**I.**      **Background**

    Paragraph 4.3.5.1 of the Settlement Agreement relates to Lump Sum Payments payable in connection with Foreclosed Properties.  It provides as follows:

> 4.3.5.1 For those Foreclosed Properties foreclosed upon prior to the Execution Date, (a) the Mortgagee shall be entitled to the benefits under Sections 4.3.1, 4.3.2 or 4.3.3, except

> for the Other Covered Expenses, but 0nly if the Mortgagee became the Owner of the Affected Property and the Mortgagee is a Class Member which filed a lawsuit by December 9, 2011; **and (b) the Owner prior to the foreclosure shall be entitled to the Lump Sum Payment under Section 4.3.1.1, but not the delay Period Payment under Section 4.3.1.2.**

Settlement Agreement, ¶ 4.3.5.1 (emphasis added). The Plaintiffs are prior Owners of an Affected property which has been foreclosed. *See Declaration of Gary E. Mason, ¶ __.* The Plaintiffs have applied for a LSP. *Id.* Knauf has refused to provide them with an LSP. *Id.*

At the same time, the Foreclosed Property at issue has a current owner. *Id.* at *, ¶ __.* The current owner has received or will receive a LSP from Knauf even though, upon information or belief, the current owner 1) purchased the Affected Properties with knowledge that the properties contained KPT Chinese Drywall and/or 2) had not filed a lawsuit in the Litigation as a named plaintiff. *Id.*

## II.     Argument

Section 15 of the Settlement Agreement provides that "the Court shall retain (a) continuing jurisdiction over the Litigation, the Class, the Participating Class Members, the Knauf Defendants and the Settlement for the purpose of administering, supervising, construing and enforcing the settlement; and (b) continuing and exclusive jurisdiction over (i) the Settlement Funds and (ii) the distribution of same to Participating Class members." Settlement Agreement, p. 66. The Settlement Agreement further provides that it should be "construed and enforced in accordance with [] the substantive laws of the State of Louisiana." *Id.*, p. 74.

Louisiana law provides that a settlement agreement is governed by the same general rules of construction that are applicable to contracts. *Delesdernier v Delesdeernier*, 12-38 (La. App. 5 Cir. 5/31/12), 95 So. 3d 588, 599-600. Courts have held that when a settlement agreement is reached, it serves as law between the parties and must be interpreted according to their intent and

governed as a contract. *White v. Gen. Motors Corp.,* 1999-2585 (La. App. 1 Cir. 11/3/00); 775 So. 2d 494, 499)) (citing *Smith v. Walker,* 96-2813 (La. App. 1 Cir. 2/20/98); 708 So.2d 797, 802)). Furthermore, "[w]hen the words of a contract are clear and explicit and lead to no absurd consequences, no further interpretation may be made in search of the parties' intent." La. Civ. Code Ann. Art. 2046.

As noted, the Settlement provides for the payment of a Lump Sum Payment to prior Owners of Foreclosed Properties:

> 4.3.5.1 For those Foreclosed Properties foreclosed upon prior to the Execution Date, (a) the Mortgagee shall be entitled to the benefits under Sections 4.3.1, 4.3.2 or 4.3.3, except for the Other Covered Expenses, but 0nly if the Mortgagee became the Owner of the Affected Property and the Mortgagee is a Class Member which filed a lawsuit by December 9, 2011; **and (b) the Owner prior to the foreclosure shall be entitled to the Lump Sum Payment under Section 4.3.1.1, but not the delay Period Payment under Section 4.3.1.2.**

Settlement Agreement, ¶ 4.3.5.1 (emphasis added).

Knauf does not dispute that the Plaintiffs are Owners of an Affected Property and are members of the Residential Owner Subclass.[1]  Nor does it dispute that Plaintiffs are no longer owners of the Affected Property and that they lost their Affected Property due to foreclosure.[2]

By the express and unambiguous language of the Settlement Agreement, Plaintiffs, as owners who lost their Affected Property due to foreclosure, are entitled to the Lump Sum Payment under Section 4.3.1.1. Nonetheless, Knauf has refused to make LSP payments to Plaintiffs.

---

[1] The residential Owner Subclass is defined as "All members of the Class who are owners of and reside or have resided in Affected Property." Settlement Agreement, Para. 1.1.2.1.

[2] "The Residential Owner Subclass also shall not include Owners who sold or otherwise disposed of Affected Properties **except for former owners who lost Affected Properties due to foreclosure or sold Affected Properties in a Short Sale to avoid foreclosure."** SA, Para. 1.1.2.1 (emphasis added).

At the same time, in clear violation of the express terms of the Settlement Agreement, Knauf has instead paid or will pay the LSP to the current owner of Affected Properties. The current owner is not entitled to an LSP under 4.3.5.1, which fails to mention current owners. Moreover, the current owner here all purchased the property from the Plaintiff at a greatly reduced price and with knowledge that the property contained Chinese Drywall. As such, the current owner is not even a member of the Settlement Class.[3] The current owner is not a Class Member for the additional reason that he had not "filed a lawsuit in the Litigation as a named plaintiff." Settlement Agreement, ¶ 1.1.1 (defining "Class Members").

### III. Conclusion

For the forgoing reasons, the Court should compel Knauf to provide the Plaintiff and all other similarly situated Class Members with the LSP.

| | |
|---|---|
| August 19, 2014 | Respectfully submitted,<br>/s/ Gary E. Mason<br>Gary E. Mason<br>WHITFIELD BRYSON & MASON LLP<br>1625 Massachusetts Ave., NW, Suite 605<br>Washington, D.C. 20036<br>Tel. (202) 429-2290<br>Fax. (202) 429-2294<br><br>Daniel K. Bryson<br>WHITFIELD BRYSON & MASON LLP<br>900 W. Morgan Street<br>Raleigh, NC 27603<br>Tel. (919) 600-5000<br>Fax. (919) 981-0199<br><br>Adam C. Linkhorst<br>LINKHORST & HOCKIN P.A.<br>4495 Military Trail, Suite 106<br>Jupiter, Florida 33458<br>Tel. (561) 626-8880 / (954) 776-5990<br>Fax. (561) 626-8885 |

---

[3] "The residential Owner Subclass shall not include Owners, other than Mortgagees, who purchased Affected Properties with knowledge that the properties contained KPT Chinese Drywall."

Joel R. Rhine
RHINE LAW FIRM, PC
314 Walnut Street, Suite 1000
Wilmington, NC  28401
Tel. (910) 772-9960
Fax. (910) 772-9062

Chris Coffin
PENDLEY BAUDIN & COFFIN, LP
Post Office Drawer 71
24110 Eden Street
Plaquemine, Louisiana 70765
Tel. (225) 687-6396

Stephen Mullins
LUCKEY & MULLINS
2016 Bienville Blvd
P.O. Box 990
Ocean Springs, MS 39564
Tel. (228) 875-3175
Fax. (228) 872-4719

*Attorneys for Plaintiffs*