UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

IN RE: CHINESE MANUFACTURED DRYWALL : MDL NO. 2047
PRODUCTS LIABILITY LITIGATION : SECTION: L
: JUDGE FALLON
: MAG. JUDGE WILKINSON

**THIS DOCUMENT RELATES TO ALL CASES.**

### ORDER

Before the Court are two motions: Plaintiffs' Motion to reconsider late filed claims, (Rec. Doc. 17929); and Defendant Sixty Fifth and One's Motion to enforce injunction regarding claims brought by Plaintiff Ralph Mangiarelli, Jr. (Rec. Doc. 17897). The Court addresses each in turn.

**I.    Motion to Reconsider Late-Filed Claims**

On August 1, 2014, Plaintiffs VIT, Inc., Eloise Thomley, and Thomas Thomley filed a motion to reconsider the Court's July 21, 2014 denial of their late-filed claims. (Rec. Docs. 17929, 17872). The Plaintiffs' Steering Committee ("PSC") opposes the motion to reconsider, as it opposed Plaintiffs VIT and Thomleys' initial motion to submit late-filed claims. The PSC emphasizes that the October 25, 2013 deadline for submitting claims is now eight months past. The PSC also notes that the Court expressly stated that it may allow some future "exceptional circumstances" late-filed claims, but found that Plaintiffs VIT and Thomleys' cases did not constitute exceptional circumstances.

Notwithstanding the Court's initial ruling, the motion to reconsider explains in more detail why Plaintiffs VIT and Thomleys should be allowed to file late-filed claims. Plaintiffs VIT and Thomleys filed timely claims to Brown Greer prior to the October 25, 2013 deadline;

however they inadvertently submitted the wrong, or incomplete claims, and only recently discovered the error. VIT, for instance, timely submitted a claim for "Lost Rent, Use, or Sales," and now seeks to also file a "Miscellaneous" claim. The Thomleys timely submitted a claim for "Lost Rent, Use, or Sales," when they needed to instead file "Miscellaneous" claim**.** Plaintiffs note that all the supporting documents remain the same, and only the Brown Greer cover sheet would be different, thus there would be no prejudice in allowing such late-filed claims. In light of this new information of the mislabeled claims, the Court finds that the Plaintiffs VIT and Thomleys' cases indeed present exceptional circumstances. There is no hardship in allowing these claims – which were substantively complete when filed. Therefore, the Court will allow Plaintiffs VIT and Thomleys to make their late-filed claims.

## II.     Motion to Enforce Injunction

On July 25, 2014, Defendant Sixty Fifth and One ("Sixty Fifth") filed a motion to enforce injunction against state claims brought by putative class member Ralph Mangiarelli. (Rec. Doc. 17897).  Sixty Fifth argues that the Global Settlement enjoins Mr. Mangiarelli's class action suit brought in Florida state court because he never "opted-out" from the Global Settlement. Sixty Fifth also notes that the Court recently granted a similar motion from Defendant Banner Supply Company Pompano LLC enjoining Mr. Mangiarelli's suit (that motion was unopposed whereas Mr. Mangiarelli opposes the instant motion).

Mr. Mangiarelli responds, arguing that he was not covered by the Global Settlement, thus did not have a duty to opt-out. Mr. Mangiarelli explains that his condo (in Building Two in his complex) does not, and never did, contain Chinese Drywall. Mr. Mangiarelli's claims are based in a "loss of market value" theory due to the fact that Building One in the complex contains Chinese Drywall.

Defendant Sixty Fifth and One is correct that the Global Settlement, not the Knauf Settlement, is the governing document here: Sixty Fifth was a participating defendant in the Global Settlement Agreement. (Rec. Doc. 15695-3 at 17). Even so, Mr. Mangiarelli does not fall within the meaning of "Class Members" under the Global Settlement because his claim is not "arising from or related to" Chinese Drywall. (Rec. Doc. 15695). Rather, his "lost of market value" claim is based in the fact that a neighbor had Chinese Drywall. Mr. Mangiarelli's condo, in fact, did not even contain Chinese Drywall. These facts likewise indicate that Mr. Mangiarelli's condo is not an "Affected Property" because it was not "actually or allegedly containing or exposed to Chinese Drywall." The Court cannot permit such "stigma" claims to fall within this litigation. To do so would have the potential to greatly expand the scope of this already massive litigation. The Court therefore declines to enjoin Mr. Mangiarelli's state court proceedings against Sixty Fifth and One.

In light of Mr. Mangiarelli's instant opposition and the Court's reasoning herein, the Court also reconsiders its prior grant of Banner Supply Company Pompano LLC's ("Banner") Motion to enforce the injunction against state claims brought by putative class member Ralph Mangiarelli. (Rec. Docs. 17744, 17867). The Court granted that motion based on Mr. Mangiarelli's unopposition. Banner and Sixty Fifth and One are defendants in the same state suit brought by Mr. Mangiarelli and were both participating members in settlements before this Court, thus the reasoning explained herein applies with equal force to both Banner and Sixty Fifth and One. (*See* Rec. Doc. 17744-2). Indeed, the language in the Banner Settlement is even more restrictive than that the Global Settlement in defining "Affected Properties," which must *actually* contain Chinese Drywall. (Rec. Doc. 10064). For the reasons explained herein, the Court therefore now declines to enjoin Mangiarelli's state court proceedings against Banner

Supply Company Pompano LLC, as well.

### III.     Conclusion

Accordingly,

**IT IS ORDERED** that the Motion to Reconsider Plaintiffs VIT and Thomleys' Late-Filed Claims is **GRANTED**;

**IT IS FURTHER ORDERED** that Plaintiffs VIT and Thomleys are permitted to submit late claims;

**IT IS FURTHER ORDERED** Defendant Sixty Fifth and One's Motion to enforce injunction is **DENIED**;

**IT IS FURTHER ORDERED** that the Court's prior opinion, (Rec. Doc. 17867), insofar as it relates to Banner Supply Company Pompano LLC's Motion to enforce the injunction, (Rec. Doc. 17744), is **VACATED** and Banner's Motion is hereby **DENIED**.

New Orleans, Louisiana, this 18th day of August, 2014.

_____
United States District Judge