## IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

IN RE: CHINESE-MANUFACTURED     :
DRYWALL PRODUCTS LIABILITY     :    MDL NO.: 2047
LITIGATION     :
    :    SECTION: L
**This Document Relates To:**     :    JUDGE FALLON
    :    MAG. JUDGE WILKINSON
**Braxton H. Collins, et al. vs. Bass Homes, Inc.,**     :
**et al.; S.D. Mississippi, C.A. No. 1:13-00297**     :    **Case No.: 13-6652**

---

## ANSWER AND THIRD-PARTY COMPLAINT

---

COMES NOW, ACE HOME CENTER, INC. ("AHC"), a Defendant/Third-Party Plaintiff in the above-styled cause, and hereby answers the plaintiffs' Amended Complaint and asserts its own THIRD-PARTY COMPLAINT against PATE STEVEDORE COMPANY, INC., PENSACOLA STEVEDORE COMPANY, INC., FIREMAN'S FUND INSURANCE COMPANY and fictitious Third-Party Defendants A through E, as follows:

### FIRST DEFENSE

The plaintiffs' Amended Complaint fails to state a claim against the defendant upon which relief can be granted.

### SECOND DEFENSE

The defendant pleads the general issue.

### THIRD DEFENSE

The defendant responds to the specific allegations within plaintiffs' Amended Complaint, as follows:

### Parties

1.     The defendant is without sufficient information to admit or deny Paragraph 1;

therefore, denied.

2.      The defendant is without sufficient information to admit or deny Paragraph 2; therefore, denied.

3.      The defendant is without sufficient information to admit or deny Paragraph 3; therefore, denied.

4.      The defendant admits it is an Alabama corporation located at 21090 Highway 59 South, Robertsdale, Alabama 36567.

5.      No response required.

## Jurisdiction and Venue

6.      Denied.

7.      Denied.

## Facts

8.      Upon information and belief, admitted.

9.-14.   The defendant is without sufficient information to admit or deny; therefore, denied.

15.      Denied.

16.-20. The defendant is without sufficient information to admit or deny; therefore, denied.

21.      Denied.

## COUNT I

## BREACH OF CONTRACT

22.      AHC adopts as if set forth fully herein its responses to Paragraphs 1-21 above.

23.-34. The defendant admits purchasing drywall from Pensacola Stevedore Company, Inc., and Pate Stevedore Company, Inc. The defendant denies all allegations of wrongdoing and/or liability and demands strict proof thereof.

WHEREFORE, PREMISES CONSIDERED, Ace Home Center, Inc., respectfully requests that judgment be entered in its favor and against the plaintiffs, and requests such other and further relief as the Court may deem just and proper.

## COUNT II

### NEGLIGENCE AND GROSS-NEGLIGENCE

35.     AHC adopts as if set forth fully herein its responses to Paragraphs 1-34 above.

36.-41. The defendant denies all allegations of wrongdoing and/or liability and demands strict proof thereof.

WHEREFORE, PREMISES CONSIDERED, Ace Home Center, Inc., respectfully requests that judgment be entered in its favor and against the plaintiffs, and requests such other and further relief as the Court may deem just and proper.

## COUNT III

### BREACH OF IMPLIED WARRANTY AND OTHER WARRANTIES

42.     AHC adopts as if set forth fully herein its responses to Paragraphs 1-41 above.

43.-58. The defendant denies all allegations of wrongdoing and/or liability and demands strict proof thereof.

WHEREFORE, PREMISES CONSIDERED, Ace Home Center, Inc., respectfully requests that judgment be entered in its favor and against the plaintiffs, and requests such other and further relief as the Court may deem just and proper.

## COUNT IV

## NEW HOME WARRANTY ACT

59.     AHC adopts as if set forth fully herein its responses to Paragraphs 1-58 above.

60.-61. The defendant denies all allegations of wrongdoing and/or liability and demands strict proof thereof.

WHEREFORE, PREMISES CONSIDERED, Ace Home Center, Inc., respectfully requests that judgment be entered in its favor and against the plaintiffs, and requests such other and further relief as the Court may deem just and proper.

## COUNT V

## FAILURE TO PROCURE A WARRANTY

62.     AHC adopts as if set forth fully herein its responses to Paragraphs 1-61 above.

63.     The defendant denies all allegations of wrongdoing and/or liability and demands strict proof thereof.

WHEREFORE, PREMISES CONSIDERED, Ace Home Center, Inc., respectfully requests that judgment be entered in its favor and against the plaintiffs, and request such other and further relief as the Court may deem just and proper.

## COUNT VI

## CLAIM FOR DECLARATORY RELIEF

64.     AHC adopts as if set forth fully herein its responses to Paragraphs 1-63 above.

65.     Denied.

WHEREFORE, PREMISES CONSIDERED, Ace Home Center, Inc., respectfully requests that judgment be entered in its favor and against the plaintiffs, and requests such other and further relief as the Court may deem just and proper.

## COUNT VI (sic)

## FAILURE TO WARN

66.     AHC adopts as if set forth fully herein its responses to Paragraphs 1-65 above.

67.-76. The defendant denies all allegations of wrongdoing and/or liability and demands strict proof thereof.

WHEREFORE, PREMISES CONSIDERED, Ace Home Center, Inc., respectfully requests that judgment be entered in its favor and against the plaintiffs, and requests such other and further relief as the Court may deem just and proper.

## COUNT VII

## FRAUD - BASS HOMES, INC.

77.     AHC adopts as if set forth fully herein its responses to Paragraphs 1-76 above.

78.-82. Plaintiffs' seventh cause of action is not asserted against this defendant. Therefore, no response is required.  To the extent any allegation contained within Count VII could be construed against this defendant, the same is denied.

## COUNT IX

## INTENTIONAL/NEGLIGENT MISREPRESENTATION

83.     AHC adopts as if set forth fully herein its responses to Paragraphs 1-82 above.

84.-87. The defendant denies all allegations of wrongdoing and/or liability and demands strict proof thereof.

WHEREFORE, PREMISES CONSIDERED, Ace Home Center, Inc., respectfully requests that judgment be entered in its favor and against the plaintiffs, and requests such other and further relief as the Court may deem just and proper.

## COUNT X

## ALTERNATIVE PLEADING OF BREACH OF WARRANTY OF FITNESS

88.     AHC adopts as if set forth fully herein its responses to Paragraphs 1-87 above.

89.-92. The defendant denies all allegations of wrongdoing and/or liability and demands strict proof thereof.

WHEREFORE, PREMISES CONSIDERED, Ace Home Center, Inc., respectfully requests that judgment be entered in its favor and against the plaintiffs, and requests such other and further relief as the Court may deem just and proper.

## COUNT XI

## UNJUST ENRICHMENT

93.     AHC adopts as if set forth fully herein its responses to Paragraphs 1-92 above.

94.-98. The defendant denies all allegations of wrongdoing and/or liability and demands strict proof thereof.

WHEREFORE, PREMISES CONSIDERED, Ace Home Center, Inc., respectfully requests that judgment be entered in its favor and against the plaintiffs, and requests such other and further relief as the Court may deem just and proper.

## COUNT XII

## THIRD PARTY BENEFICIARY

99.     AHC adopts as if set forth fully herein its responses to Paragraphs 1-98 above.

100.-104.     The defendant denies all allegations of wrongdoing and/or liability and demands strict proof thereof.

WHEREFORE, PREMISES CONSIDERED, Ace Home Center, Inc., respectfully requests that judgment be entered in its favor and against the plaintiffs, and requests such other

and further relief as the Court may deem just and proper.

## COUNT XIII

### DECEPTIVE TRADE PRACTICES

105.   AHC adopts as if set forth fully herein its responses to Paragraphs 1-104 above.

106.-107.   The defendant denies all allegations of wrongdoing and/or liability and demands strict proof thereof.

WHEREFORE, PREMISES CONSIDERED, Ace Home Center, Inc., respectfully requests that judgment be entered in its favor and against the plaintiffs, and requests such other and further relief as the Court may deem just and proper.

## COUNT XIV

### RESPONDEAT SUPERIOR

108.   AHC adopts as if set forth fully herein its responses to Paragraphs 1-107 above.

109.-112.   Count XIV does not appear to state a cause of action against this defendant.  To the extent it could be construed otherwise, denied.

## COUNT XV

### CONSTRUCTIVE FRAUD

113.   AHC adopts as if set forth fully herein its responses to Paragraphs 1-112 above.

114.-115.   The defendant denies all allegations of wrongdoing and/or liability and demands strict proof thereof.

WHEREFORE, PREMISES CONSIDERED, Ace Home Center, Inc., respectfully requests that judgment be entered in its favor and against the plaintiffs, and requests such other and further relief as the Court may deem just and proper.

## COUNT XVI

## PRIVATE NUISANCE

116.    AHC adopts as if set forth fully herein its responses to Paragraphs 1-115 above.

117.-119.    The defendant denies all allegations of wrongdoing and/or liability and demands strict proof thereof.

WHEREFORE, PREMISES CONSIDERED, Ace Home Center, Inc., respectfully requests that judgment be entered in its favor and against the plaintiffs, and requests such other and further relief as the Court may deem just and proper.

## COUNT XVII

## COMPENSATORY DAMAGES

120.    AHC adopts as if set forth fully herein its responses to Paragraphs 1-119 above.

121.-122.    The defendant denies all allegations of wrongdoing and/or liability and demands strict proof thereof.

WHEREFORE, PREMISES CONSIDERED, Ace Home Center, Inc., respectfully requests that judgment be entered in its favor and against the plaintiffs, and requests such other and further relief as the Court may deem just and proper.

## COUNT XVIII

## PUNITIVE DAMAGES

123.    AHC adopts as if set forth fully herein its responses to Paragraphs 1-122 above.

124.-125.    The defendant denies all allegations of wrongdoing and/or liability and demands strict proof thereof.

WHEREFORE, PREMISES CONSIDERED, Ace Home Center, Inc., respectfully requests that judgment be entered in its favor and against the plaintiffs, and requests such other

and further relief as the Court may deem just and proper.

## COUNT XIX (sic)

## DAMAGES

126.(sic)        AHC adopts as if set forth fully herein its responses to Paragraphs 1-125 above.

127.    The defendant denies all allegations of wrongdoing and/or liability and demands strict proof thereof.

WHEREFORE, PREMISES CONSIDERED, Ace Home Center, Inc., respectfully requests that judgment be entered in its favor and against the plaintiffs, and requests such other and further relief as the Court may deem just and proper.

## DEMAND FOR JURY TRIAL

Defendant likewise demands trial by jury on all issues so triable.

## PRAYER FOR RELIEF

Defendant prays that this Honorable Court will enter judgment in favor of Ace Home Center, Inc., and against the plaintiffs.  The defendant seeks such other and further relief as the court deems just and proper.

## FOURTH DEFENSE

## AFFIRMATIVE DEFENSES

## FIRST DEFENSE

Fault and liability must be apportioned in accordance with Mississippi Code Annotated Section 85-5-7 and 11-7-15.

## SECOND DEFENSE

Plaintiffs' claims are barred by the doctrine of finality.

## THIRD DEFENSE

Defendant pleads set off for any settlement between Plaintiffs and any other party in this matter.

## FOURTH DEFENSE

Any recovery had by Plaintiffs must be reduced or set off by collateral source paid to Plaintiffs.

## FIFTH DEFENSE

Plaintiffs' claims are barred by payment and/or recoupment and/or release.

## SIXTH DEFENSE

Plaintiffs' claims are barred by the doctrine of double recovery.

## SEVENTH DEFENSE

Plaintiffs' claims would violate Defendant's constitutional rights.

## EIGHTH DEFENSE

Defendant is entitled to certain limitations of and protections from liability and damages as provided by law.

## NINTH DEFENSE

Plaintiffs' claims are barred by the applicable statute of limitations.

## TENTH DEFENSE

The Plaintiffs' alleged damages were the proximate result of intervening and superseding causes, and not the proximate result of any acts or omissions on the part of this Defendant.

## ELEVENTH DEFENSE

Defendant pleads Closed Container Doctrine and/or No Causal Relation.

## TWELFTH DEFENSE

Plaintiffs' claims are barred by the doctrine of res judicata and/or by the findings of any other proceedings arising from this same nucleus of operative fact.

## THIRTEENTH DEFENSE

Plaintiffs' claims are barred by the doctrine of accord and satisfaction and collateral source.

## FOURTEENTH DEFENSE

Defendant pleads lack of notice.

## FIFTEENTH DEFENSE

Defendant pleads lack of personal jurisdiction.

## SIXTEENTH DEFENSE

Defendant pleads lack of superior knowledge.

## SEVENTEENTH DEFENSE

The Complaint fails to state a claim against this Defendant upon which relief can be granted.

## EIGHTEENTH DEFENSE

To the extent not otherwise admitted to herein, all allegations in the Complaint as amended are denied.

## NINETEENTH DEFENSE

Defendant pleads lack of privity as a defense.

## TWENTIETH DEFENSE

Defendant has entered into no contract with any Plaintiff in this matter.

### TWENTY-FIRST DEFENSE

Defendant pleads estoppel.

### TWENTY-SECOND DEFENSE

Plaintiffs have failed to mitigate any alleged injuries or damages.

### TWENTY-THIRD DEFENSE

No warranties, either express or implied, were supplied by Defendant to any party to this action.

### TWENTY-FOURTH DEFENSE

Plaintiffs are not entitled to attorney's fees.

### TWENTY-FIFTH DEFENSE

Plaintiffs are not entitled to pre-judgment interest.

### TWENTY-SIXTH DEFENSE

Defendant pleads improper venue.

### TWENTY-SEVENTH DEFENSE

Defendant says that it is not guilty of each and every material averment of the Plaintiffs' Complaint and pleads the general issue.

### TWENTY-EIGHTH DEFENSE

Plaintiffs' Complaint fails to include necessary and indispensable parties.

### TWENTY-NINTH DEFENSE

Defendant pleads the statute of repose as a defense.

### THIRTIETH DEFENSE

Defendant pleads lack of causal connection between this Defendant and the damages alleged by the Plaintiffs.

## THIRTY-FIRST DEFENSE

Defendant pleads misuse of the product.

## THIRTY-SECOND DEFENSE

Defendant pleads substantial alteration of the product.

## THIRTY-THIRD DEFENSE

Defendant pleads the statute of frauds.

## THIRTY-FOURTH DEFENSE

Defendant pleads the lack of consideration.

## THIRTY-FIFTH DEFENSE

Defendant pleads failure of consideration.

## THIRTY-SIXTH DEFENSE

This Defendant asserts all affirmative defenses allowed under Mississippi Rules of Civil Procedure 12(b) and 8(c).

## THIRTY-SEVENTH DEFENSE

Defendant denies that the Plaintiffs have been injured and/or damaged to the nature and extent claimed and contests damages.

## THIRTY-EIGHTH DEFENSE

Defendant pleads waiver.

## THIRTY-NINTH DEFENSE

Defendant pleads contributory negligence.

## FORTIETH DEFENSE

Defendant says that the Plaintiffs' claims are limited and/or precluded by contractual agreement.

## FORTY-FIRST DEFENSE

Plaintiffs' claims are barred, in whole or in part, because the Plaintiffs' injuries were caused, in whole or in part, by negligence, fault, or wrongful conduct of the Plaintiffs or third parties, and any recovery is subject to reduction or offset under the doctrines of comparative fault and/or contributory negligence.

## FORTY-SECOND DEFENSE

Plaintiffs' damages, if any, are subject to an offset in the amount of any reimbursement received as a result of any insurance or other health benefits plan, or any amounts paid for by any insurance or other health benefits plan.

## FORTY-THIRD DEFENSE

Plaintiffs' claims are barred, in whole or in part, because any injuries or damages allegedly sustained were caused by a preexisting or unrelated medical condition, disease, or illness.

## FORTY-FOURTH DEFENSE

Defendant did not breach any implied warranties or any warranties created by law.

## FORTY-FIFTH DEFENSE

Plaintiffs' breach of warranty claim is barred by Plaintiffs' failure to provide Defendant with reasonable or adequate notice of any breach of such alleged warranty.

## FORTY-SIXTH DEFENSE

No act or omission of Defendant was malicious, willful, or reckless and, therefore, any award of punitive damages is barred.

## FORTY-SEVENTH DEFENSE

Plaintiffs' claims are barred to the extent of any settlement(s) they have entered into for

the same claims made the basis of this suit.

## FORTY-EIGHTH DEFENSE

The Plaintiffs have failed to comply with conditions precedent to recovery.

## FORTY-NINTH DEFENSE

This Defendant alleges that the damages suffered by the Plaintiffs, if any, were the result of the acts or omissions of other parties, named or unnamed in this action, for which Defendant bears no responsibility.

## FIFTIETH DEFENSE

This Defendant did not design or manufacture the drywall and had no notice of its allegedly defective condition.

## FIFTY-FIRST DEFENSE

Plaintiffs' claims are barred by the doctrine(s) contained in §§ 402A of the *Restatement (Second) of Torts,* comment k to §§ 402A of the *Restatement (Second) of Torts,* and the *Restatement (Third) of Torts: Products Liability.*

## FIFTY-SECOND DEFENSE

Plaintiffs' claims are barred, in whole or in part, by the ""learned intermediary," "informed intermediary" and/or "sophisticated user" doctrines.

## FIFTY-THIRD DEFENSE

Plaintiffs' claims are barred because the injury complained of was actually or proximately caused, in whole or in part, by the intervening, superseding, or illegal conduct of independent third parties, named or unnamed in this action, or events that were extraordinary under the circumstances, not foreseeable in the normal course of events, or independent of or far removed from defendant's conduct or control.

## FIFTY-FOURTH DEFENSE

Plaintiffs' claims are barred because the Plaintiffs' injuries were actually or proximately caused, in whole or in part, by misuse or unintended use of the product.

## FIFTY-FIFTH DEFENSE

Plaintiffs' claims are barred, in whole or in part, because defendant acted in good faith at all relevant times and gave adequate warnings of all known or reasonably knowable risks associated with the use of the product.

## FIFTY-SIXTH DEFENSE

Plaintiffs' claims are barred, in whole or in part, by the Supremacy Clause of the United States Constitution, Article VI, clause 2, and the laws of the United States because the allegedly defective product is comprehensively regulated by federal law and regulations promulgated thereunder, and plaintiffs' claims conflict with federal law and the regulations promulgated by federal law that allowed importation of the allegedly defective product.

## FIFTY-SEVENTH DEFENSE

Plaintiffs' claims are barred, in whole or in part, by the deference that common law gives to discretionary actions by governmental agencies that approved the importation of the allegedly defective product.

## FIFTY-EIGHTH DEFENSE

Plaintiffs' claims may be barred, in whole or in part, under the doctrine of primary jurisdiction, in that the pertinent conduct of defendant and all its activities with respect to the subject product have been and are conducted under the supervision of a governmental entity.

## FIFTY-NINTH DEFENSE

To the extent this product is, has been, or becomes subject to a recall by the U.S. Consumer

Product Safety Commission, all state and federal legal and equitable defenses arising from said product recall are incorporated herein by reference.

## SIXTIETH DEFENSE

To the extent they claim the drywall in their dwelling is defective and/or a cause of health problems, the Plaintiffs are and have been under an affirmative duty to mitigate their damages and/or to terminate their exposure since the date they first obtained notice of their alleged problems.

## SIXTY-FIRST DEFENSE

Defendant was not in the business of manufacturing drywall; therefore it is not liable for latent defects supplied to it by its suppliers.

## SIXTY-SECOND DEFENSE

Defendant was not in the business of manufacturing drywall; therefore it is not liable for any alleged misrepresentation and/or under any warranty theory regarding drywall.

## SIXTY-THIRD DEFENSE

At the time this drywall was purchased, Defendant had no reason to know or to suspect that there were problems with the drywall it purchased from its suppliers; therefore, it would not have been under any duty to warn of defects now alleged.

## SIXTY-FOURTH DEFENSE

Defendant is entitled to, and claims the benefit of, all defenses and presumptions set forth in or arising from any rule of law or statute in this State and/or any other law or statute that may be applicable.

## SIXTY-FIFTH DEFENSE

This Defendant by specific reference hereto, adopts all applicable affirmative defenses

pled by any other Defendant to this cause in so far as such defenses apply to it and are not contrary to its defenses.

## SIXTY-SIXTH DEFENSE

Defendant asserts and pleads the applicable provisions of Mississippi Code Annotated § 11-1-69, as applicable.

## SIXTY-SEVENTH DEFENSE

Defendant generally pleads the protections, limitations, caps and defenses afforded to it by Mississippi Code Annotated §11-1-65, as amended, including, but not limited to, the right to demand that any claim for punitive damages sought against them be proven by clear and convincing evidence, that the jury be required to make a separate finding in favor of the Plaintiff of liability for compensatory damages in a bifurcated proceeding independently of any consideration of the issue of punitive damages, that the Court act as "gate keeper" and use its discretion as to whether the issue of punitive damages goes before the trier of fact, and that any award of punitive damages made, if any at all, be made subject to, and if necessary, reduced to conform with the limitations provided by Mississippi Code Annotated §11-1-65(3) as amended.

## SIXTY-EIGHTH DEFENSE

Defendant pleads all of the procedural safeguards for which it is entitled as pronounced and provided by the United States Supreme Court in *Cooper Indus., Inc. v. Leatherman Tool Group, Inc.*, 121 S. Ct. 1678 (2001), including (1) the right to have the court, and not the finder of fact, determine whether punitive damages should be awarded and the amount, if any, of such damages to be awarded and (2) the right to have any award of punitive damages which may be made against it, if any at all, be subject to de novo review by either the trial court or an applicable appeals court, including the United States Supreme Court.

## SIXTY-NINTH DEFENSE

Plaintiffs have failed to state a claim upon which punitive damages and/or exemplary damages may be awarded.

## SEVENTIETH DEFENSE

Defendant asserts and pleads the applicable provisions of Mississippi Code Annotated §11-1-63 regarding product liability actions in that this Defendant did not manufacture, modify, or have knowledge of product defects at the time of sale but was rather an innocent seller and mere conduit of the product.

## SEVENTY-FIRST DEFENSE

Defendant asserts that any award of punitive damages to Plaintiffs in this case would be in violation of the constitutional rights and safeguards provided to Defendants under the Constitution of the State of Mississippi and the Constitution of the United States of America including, without limitation, that there are no effective constraining limitations placed upon a jury's discretion in considering the imposition or amount of punitive damages, there are no meaningful trial court and appellate review mechanisms to constitutionally confirm any punitive damage award; imposition would allow a verdict tainted by passion and prejudice; and Plaintiff impermissibly seeks a punitive damage award that bears an unconstitutional relationship to the alleged actual amount in question.

## SEVENTY-SECOND DEFENSE

Imposition of punitive damages in this case would constitute a violation of Defendant's constitutional rights under the Fourth, Fifth, Sixth, Eighth, and Fourteenth Amendments to the United States Constitution.

## SEVENTY-THIRD DEFENSE

Imposition of punitive damages in this case would constitute a violation of due process and/or would be a violation of the statutory law of this state providing for such penalties.

## SEVENTY-FOURTH DEFENSE

Any award for mental pain and suffering, emotional distress, or similar damages including punitive damages in this case would violate the constitutional rights and safeguards provided to Defendant under the Due Process Clause of the Fourteenth Amendment and/or Fifth Amendment to the Constitution of the United States of America and/or under the due process clause of Article III, Section 14 of the Constitution of the State of Mississippi in that punitive damages and any method by which they might be assessed are unconstitutionally vague and not rationally related to legitimate governmental interests.

## SEVENTY-FIFTH DEFENSE

The procedure and/or standards governing imposition of punitive damages are impermissibly vague, arbitrary, improper, and/or violate the Due Process Clause of the fourteenth Amendment and/or the Fifth Amendment of the Constitution of the United States and/or Article III, Section 14 of the Constitution of the State of Mississippi.

## SEVENTY-SIXTH DEFENSE

Any award of punitive damages in this case would violate the procedural and/or substantive safeguards provided to Defendant under the Fifth, Sixth, Eighth and/or Fourteenth Amendments to the Constitution of the United States and/or under Article III, Section 14 and Section 26 of the Constitution of the State of Mississippi, in that punitive damages are penal in nature and, consequently, Defendant is entitled to the same procedural and substantive safeguards accorded to criminal defendants.

### SEVENTY-SEVENTH DEFENSE

Defendant asserts that it would violate the Self-Incrimination Clause of the Fifth Amendment to the United States of America and/or Article III, Section 26 of the Constitution of the State of Mississippi, to impose against Defendant punitive damages, which are penal in nature, yet compel Defendant to disclose potentially incriminating documents and evidence, if any.

### SEVENTY-EIGHTH DEFENSE

Applicable Mississippi punitive damages law violates the rights and safeguards guaranteed by the Constitution of the United States of America and/or the Constitution of the State of Mississippi to impose punitive damages against Defendant which are penal in nature by requiring a burden of proof on Defendant which is less than the "beyond a reasonable doubt" burden of proof required in criminal cases in this state.

### SEVENTY-NINTH DEFENSE

Defendant asserts that any award of punitive damages to Plaintiffs in this case will violate the Eighth Amendment to the Constitution of the United States and/or Article III, Section 28 of the Constitution of the State of Mississippi in that said punitive damages would be an imposition of an excessive fine.

### EIGHTIETH DEFENSE

The imposition of punitive damages in this case, as measured by the wealth of Defendant constitutes an impermissible punishment of status.

### EIGHTY-FIRST DEFENSE

It would be unconstitutional to award any punitive damages as such would violate the Fifth and Fourteenth Amendments to the United States Constitution and Article III, Section 14 of

the Constitution of the State of Mississippi in that:

1.    These damages are intended to punish and deter Defendant and thus this proceeding is essentially criminal in nature;

2.    Defendant is being compelled to be a witness against itself in a proceeding which is essentially and effectively criminal in nature, in violation of Defendant's right to due process;

3.    Plaintiffs' burden of proof to establish punitive damages in this proceeding, which is effectively criminal in nature, is less than the burden of proof required in other criminal proceedings, and thus violates Defendant's right to due process;

4.    Inasmuch as this proceeding is essentially and effectively criminal in nature, Defendant is being denied the requirement of notice of the elements of the offense and the law and authorities authorizing punitive damages, and accordingly the process is sufficiently vague and ambiguous so as to be in violation of the Due Process Clause of the Fifth Amendment and/or the Fourteenth Amendment of the United States Constitution and also in violation of Article III, Section 14 of the Constitution of the State of Mississippi.

## EIGHTY-SECOND DEFENSE

The awarding of disproportionate judgments against defendants such as Defendant, who commit similar offense resulting in similar injury, where the only difference is the material wealth, constitutes an arbitrary and invidious discrimination prohibited by the equal protection clauses and rights of Defendant under the Fourteenth Amendment to the Constitution of the United States of America.

## EIGHTY-THIRD DEFENSE

The imposition of punitive damages in the premises would violate Defendant's rights under the contracts clause of Article I, Section 10 of the Constitution of the United States of

America and Article III, Section 16 of the Constitution of the State of Mississippi.

## EIGHTY-FOURTH DEFENSE

Plaintiffs are not entitled to recover any exemplary or punitive damages in this case and Defendant demands judgment in their favor.

## EIGHTY-FIFTH DEFENSE

Plaintiffs' Complaint fails to state a claim upon which punitive damages may be awarded insofar as Plaintiffs seek punitive damages for breach of contract. These damages are not available for breach of contract, and only may be recoverable where such a breach is accompanied by such gross negligence or willful wrongdoing as to amount to an independent tort. Plaintiffs have failed to state a cause of action, or cannot show proof of such conduct in any manner whatsoever.

## EIGHTY-SIXTH DEFENSE

Defendant reserves the right to amend or supplement its answers hereto, including any and all affirmative defenses.

## THIRD-PARTY COMPLAINT

COMES NOW, ACE HOME CENTER, INC., Defendant and Third-Party Plaintiff, and hereby files this Third-Party Complaint against PATE STEVEDORE COMPANY, INC., PENSACOLA STEVEDORE COMPANY, INC., FIREMAN'S FUND INSURANCE COMPANY and fictitious Third-Party Defendants A through E, as follows:

## PARTIES

1.     Defendant/Third-Party Plaintiff Ace Home Center, Inc. ("AHC"), is a corporation organized and existing under the laws of the State of Alabama.

2.     Third-Party Defendant Pate Stevedore Company, Inc. ("Pate"), is a corporation

organized and existing under the laws of the State of Florida.  Upon information and belief, Pate offloaded, stored, delivered, imported, shipped, purchased, sold, marketed, warranted, tested, inspected, advertised, surveyed and/or supplied the Chinese drywall at issue herein.

3.      Third-Party Defendant Pensacola Stevedore Company, Inc. ("PSC"), is a corporation organized and existing under the laws of the State of Florida.  Upon information and belief, PSC offloaded, stored, delivered, imported, shipped, purchased, sold, marketed, warranted, tested, inspected, advertised, surveyed and/or supplied the Chinese drywall at issue herein.

4.      Third-Party Defendant Fireman's Fund Insurance Company ("FFIC") is a corporation organized and existing under the laws of the State of California.  Upon information and belief, FFIC took possession of and/or title to, offloaded, stored, delivered, imported, shipped, purchased, sold, marketed, warranted, tested, inspected, advertised, surveyed, and/or supplied the Chinese drywall at issue herein.

5.      Fictitious Third-Party Defendants A, B, C, D and E, whose identities and true names are unknown and who will be identified through discovery, took possession of and/or title to, offloaded, stored, delivered, imported, shipped, purchased, sold, marketed, warranted, tested, inspected, advertised, surveyed, and/or supplied the Chinese drywall at issue herein.

## FACTUAL ALLEGATIONS

6.      Devon International Industries, Inc. ("Devon"), ordered, shipped, and/or imported the Chinese drywall ("CDW") at issue herein.

7.      Third-Party Defendant FFIC took title to the CDW following Devon's claim of cargo damage to the CDW; alternately, FFIC exercised control over the CDW.

8.      FFIC sold the CDW to Pate and/or PSC.

9.      FFCI, Pate, PSC and Fictitious Third-Party Defendants A through E supplied, and/or sold the CDW or otherwise put the CDW into the stream of commerce, to be purchased by AHC.

10.      On October 3, 2013, Plaintiffs Braxton and Kerrie Collins filed an Amended Complaint against AHC (attached as Exhibit A).

11.      Plaintiffs, Braxton and Kerrie Collins' claims against AHC arise from the 2008 construction of a house located at 10720 Hwy 614 Moss Point, Mississippi.

12.      The house was allegedly constructed with CDW purchased from AHC.

13.      If true, FFCI, Pate, PSC and/or Fictitious Third-Party Defendants A through E supplied and/or sold the CDW to AHC, or otherwise put the CDW into the stream of commerce.

## COUNT I

## COMMON LAW OR EQUITABLE INDEMNITY

14.      AHC adopts and incorporates the allegations of paragraphs 1 through 13 as though fully set forth herein.

15.      AHC was without fault in the purchase and sale of the CDW and any liability it may incur to the plaintiffs will be merely vicarious, constructive, derivative or technical in nature.

16.      Pate, PSC, FFCI and/or Fictitious Third-Party Defendants A through E knew or should have known of alleged defects in the CDW supplied to AHC at issue herein.

17.      Pate, PSC, FFCI and/or Fictitious Third-Party Defendants A through E failed to warn AHC of the presence of the alleged defects or dangers associated with the CDW.

18.      In the event that AHC is determined to be liable to the plaintiffs, said liability will be a proximate result of the active negligence of Pate, PSC, FFCI and/or Fictitious Third-Party

Defendants A through E, while the negligence of AHC, if any, was at most passive in nature.

WHEREFORE, Ace Home Center, Inc., demands judgment against Pate Stevedore Company, Inc., Pensacola Stevedore Company, Inc., Fireman's Fund Insurance Company and/or Fictitious Third-Party Defendants A through E for any liability it may incur to any plaintiffs herein, for attorney's fees, costs and such other and further relief as the court may deem just and proper.

## COUNT II

## BREACH OF CONTRACT

19.     AHC adopts and incorporates the allegations of paragraphs 1 through 18 as though fully set forth herein.

20.     By virtue of the sale of defective CDW to ACH, Pate, PSC and/or FFCI and/or Fictitious Third-Party Defendants A through E breached contract(s) and caused damages to AHC, directly or as third-party beneficiary, to include attorney's fees, costs and any liability it may incur to the plaintiffs herein.

WHEREFORE, Ace Home Center, Inc., demands judgment against Pate Stevedore Company, Inc., Pensacola Stevedore Company, Inc., Fireman's Fund Insurance Company and/or Fictitious Third-Party Defendants A through E for any liability it may incur to any plaintiffs herein, for attorney's fees, costs and such other and further relief as the court may deem just and proper.

## COUNT III

## NEGLIGENCE AND GROSS NEGLIGENCE

21.     AHC adopts and incorporates the allegations of paragraphs 1 through 20 as though fully set forth herein.

22.    Pate, PSC, FFCI and/or Fictitious Third-Party Defendants A through E owed a duty of reasonable care to AHC in taking possession of, control over and/or title to, offloading, storing, delivering, importing, shipping, purchasing, selling, marketing, warranting, testing, inspecting, advertising, surveying and/or supplying the CDW at issue herein, or otherwise placing the CDW into the stream of commerce.

23.    Third-Party Defendants negligently, recklessly and/or wantonly breached their duty to AHC.

24.    As a proximate result of the Third-Party Defendants' breach of duty to AHC, AHC has suffered and will continue to suffer damages including attorney's fees, costs and any liability it may incur to the plaintiffs herein.

WHEREFORE, Ace Home Center, Inc., demands judgment against Pate Stevedore Company, Inc., Pensacola Stevedore Company, Inc., Fireman's Fund Insurance Company and/or Fictitious Third-Party Defendants A through E for any liability it may incur to any plaintiffs herein, for attorney's fees, costs and such other and further relief as the court may deem just and proper.

## COUNT IV

## BREACH OF IMPLIED WARRANTY OF MERCHANTABILITY

25.    AHC adopts and incorporates the allegations of paragraphs 1 through 24 as though fully set forth herein.

26.    In supplying and/or selling the CDW, the Third-Party Defendants impliedly warranted the merchantability of the product and its fitness for its intended purposes.

27.    To the extent AHC incurs any liability to the plaintiffs such liability will have been a proximate result of the Third-Party Defendants' breach of the implied warranty of

merchantability.

28.    AHC has incurred and will continue to incur attorney's fees and costs and any liability it may incur to the plaintiffs herein.

WHEREFORE, Ace Home Center, Inc., demands judgment against Pate Stevedore Company, Inc., Pensacola Stevedore Company, Inc., Fireman's Fund Insurance Company and/or Fictitious Third-Party Defendants A through E for any liability it may incur to any plaintiffs herein, for attorney's fees, costs and such other and further relief as the court may deem just and proper.

## COUNT V

## BREACH OF IMPLIED WARRANTY OF FITNESS FOR A PARTICULAR PURPOSE

29.    AHC adopts and incorporates the allegations of paragraphs 1 through 28 as though fully set forth herein.

30.    In supplying and/or selling the CDW, the Third-Party Defendants impliedly warranted the fitness for a particular purpose.

31.    To the extent AHC incurs any liability to the plaintiffs such liability will have been a proximate result of the Third-Party Defendants' breach of the implied warranty of fitness for a particular purpose.

32.    AHC has incurred and will continue to incur attorney's fees and costs and any liability it may incur to the plaintiffs herein.

WHEREFORE, Ace Home Center, Inc., demands judgment against Pate Stevedore Company, Inc., Pensacola Stevedore Company, Inc., Fireman's Fund Insurance Company and/or Fictitious Third-Party Defendants A through E for any liability it may incur to any plaintiffs herein, for attorney's fees, costs and such other and further relief as the court may deem just and

proper.

## COUNT VI

## BREACH OF EXPRESS WARRANTY

33.     AHC adopts and incorporates the allegations of paragraphs 1 through 32 as though fully set forth herein.

34.     In supplying and/or selling the CDW, Third-Party Defendants expressly affirmed that the product was Gypsum Drywall with specifications identical to Georgia-Pacific Gypsum Drywall, an express warranty under the law.

35.     In the event AHC is found liable to the plaintiffs, such liability will have been the proximate result of the Third-Party Defendants' breach of express warranty.  The Third-Party Defendants' breach of warranty has damaged and will continue to damage AHC by virtue of attorney's fees, costs and any liability it may incur to the plaintiffs.

WHEREFORE, Ace Home Center, Inc., demands judgment against Pate Stevedore Company, Inc., Pensacola Stevedore Company, Inc., Fireman's Fund Insurance Company and/or Fictitious Third-Party Defendants A through E for any liability it may incur to any plaintiffs herein, for attorney's fees, costs and such other and further relief as the court may deem just and proper.

## PRAYER FOR RELIEF

WHEREFORE, PREMISES CONSIDERED, Ace Home Center, Inc., demands judgment against Pate Stevedore Company, Inc., Pensacola Stevedore Company, Inc., Fireman's Fund Insurance Company, and fictitious Third-Party Defendants A through E in an amount equal to any judgment entered against Ace Home Center, Inc., and/or in the amount of any settlement entered into with the plaintiffs to resolve the subject litigation, plus attorney's fees and costs.

Ace Home Center, Inc., prays for such other and further relief that this Honorable Court deems just and proper.

**THIRD-PARTY PLAINTIFF DEMANDS TRIAL BY STRUCK JURY**

Respectfully submitted,

Danny J. Collier, Jr., Esquire
Lewis Robert Shreve, Esquire
Attorneys for ACE Home Center, Inc.

OF COUNSEL:

LUTHER, COLLIER, HODGES & CASH LLP
Post Office Box 1002
Mobile, Alabama 36633
(251) 694-9393 Office
(251) 694-9392 Fax
dcollier@lchclaw.com
rshreve@lchclaw.com

**SERVE BY CERTIFIED MAIL:**

Pate Stevedore Company, Inc.          Pensacola Stevedore Company, Inc.
One St. Louis Center                  720A Barracks Street
Suite 1000                            Building 2
Mobile, Alabama 36602                 Pensacola, Florida 32502

Fireman's Fund Insurance Company
CT Corporation System
2 North Jackson Street
Suite 605
Montgomery, Alabama 36104

**<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that the above and foregoing Answer and Third-Party Complaint has been served on Plaintiffs' Liaison Counsel, Russ Herman and Defendants' Liaison Counsel, Kerry Miller, by U.S. Mail and e-mail or by hand-delivery upon all parties by electronically uploading the same to Lexis Nexis File & Serve in accordance with Pretrial Order No. 6, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court

for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2047, on this _26 th_ day of ___*August*___, 2014.

Stephen W. Mullins, Esq.
Luckey & Mullins, PLLC
Post Office Box 990
Ocean Springs, MS 39566
smullins@luckeyandmullins.com

David C. Coons, Esq.
Christopher A. D'Amour, Esq.
Adams and Reese LLP
4500 One Shell Square
New Orleans, LA 70139
david.coons@arlaw.com
chris.damour@arlaw.com

Heather M. Houston, Esq.
Caroline Pryor, Esq.
Carr Allison
6251 Monroe Street
Suite 200
Daphne, Alabama 36526
hhouston@carrallison.com
cpryor@carrallison.com

OF COUNSEL