**MINUTE ENTRY**
**FALLON, J.**
**AUGUST 13, 2014**

### UNITED STATES DISTRICT COURT
### EASTERN DISTRICT OF LOUISIANA

|  |  |  |
|---|---|---|
| IN RE: CHINESE-MANUFACTURED DRY WALL PRODUCTS LIABILITY LITIGATION | : : : : : : : | MDL NO. 2047<br><br>SECTION: L<br><br>JUDGE FALLON<br>MAG. JUDGE WILKINSON |

**THIS DOCUMENT RELATES TO ALL CASES**

A status conference was held on this date with District Judge Eldon E. Fallon. David Maglich and Raymond Farley participated on behalf of Plaintiffs Raymond P. Farley and Amelia J. Farley. Neal Sivyer participated on behalf of Taylor Morrison. Kerry Miller participated on behalf of Defendant Knauf.

These parties met with the Court in October 2013 to discuss the Farleys' situation. At that time, the Farleys had recently discovered that their home does not contain Knauf KPT drywall and that they would, therefore, be unable to recover under the Knauf settlement. For that reason, the Farleys wanted to opt out of the settlement and pursue a claim against Taylor Morrison, their builder. At that conference with the Court, the parties indicated that they would be able to resolve the matter informally.

After eight months of negotiating, the parties contacted the Court in June 2014, explaining that Taylor Morrison and the Farleys have been unable to reach an agreement in this

1

JS10(00:14)

matter. The parties asked if they could meet with the Court to discuss the remaining details of the remediation agreement that they have been unable to work out. Most notably, the Farleys believe that they are entitled to a lump sum payment of $8.50 per square foot, similar to the lump sum payment that homeowners receive under the Knauf settlement. The Knauf settlement provides that homeowners will receive the $8.50 lump sum payment *in addition* to getting their home remediated. (*See* Knauf Settlement Section 4.3.1.1). The Farleys argue that this lump sum is necessary to put them in the same position as a homeowner who is able to recover under the Knauf settlement.

In order to more fully understand the disagreement, the Court has reviewed the correspondence between the parties. In a letter dated September 6, 2013, approximately one month before the parties met with the Court, Taylor Morrison's counsel stated:

> As we previously offered in 2009 and 2011, Taylor Morrison will remediate your clients' home at our expense (in accordance with the MDL protocol), in exchange for your clients signing a remediation agreement (which would include a complete release). Taylor Morrison is no longer willing to pay your clients' relocation expenses, since they moved out four years ago after refusing our repair offer.
> Alternatively, my client is willing to pay your clients the same $8.50 per square foot that Knauf would have paid under the Knauf settlement fund, as if your clients had KTP [sic] board and were paid out of the global settlement.

The use of the word "alternatively" indicates that Taylor Morrison was offering to remediate the Farleys home *or* pay the lump sum payment, notwithstanding the Knauf settlement. Although the Farleys believed that they could receive both remediation and a lump sum payment, the Farleys do not have defective Knauf drywall in their home. Therefore, they are not eligible to receive all of the benefits that Knauf provides under the settlement agreement. Taylor Morrison

2

has offered to pay for and perform the remediation of the Farleys' home.  Furthermore, because of the considerable length of time that has passed since these parties first started communicating, the Farleys no longer have a viable claim against Banner.  Accordingly, if Taylor Morrison were forced to pay a lump sum to the Farleys, it would be unable to recoup any of these expenses.

The most disturbing thing about the present disagreement is that it has lasted almost one year, only further delaying the remediation of the Farleys' home as well as the Farleys' ability to move back into the home.  The Farleys have been unable to live in their home for several years now.  The Court understands how important it is for the Farleys to move back into their home as soon as possible.  With this in mind,

**IT IS ORDERED** that Taylor Morrison remediate the Farleys' home as soon as feasible. As explained previously, the Court does not find that the Farleys are entitled to the lump sum payment from Taylor Morrison.  However, the Court is explicitly reserving the Farleys' right to, at a later date, make claims against the manufacturer of their drywall for the additional losses that they have incurred.

The second unresolved issue involved the collection of drywall samples.  The Farleys asked Taylor Morrison to collected samples of the defective drywall so that, at a later date, such samples can be used against the manufacturer of the defective drywall.

After discussing the situation with the parties, the Court believes that the Farleys are in the best position to collect and retain samples of the drywall in their home at their expense. Accordingly, before Taylor Morrison removes the drywall from the home, the Farleys should take pictures and collect samples as they see fit and retain these samples for future use in Court proceedings.

New Orleans, Louisiana, this 13th day of August, 2014.

_____
UNITED STATES DISTRICT JUDGE