UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In re:  CHINESE-MANUFACTURED | * | MDL 2047 |
| DRYWALL PRODUCTS | * | |
| LIABILITY LITIGATION | * | SECTION L |
| | * | |
| | * | JUDGE FALLON |
| This document relates to:   No. 10-1113 | * | |
| | * | MAGISTRATE JUDGE WILKINSON |
| | * | |
| * * * * * * * * * * * * * * * * * * | | |

**KNAUF DEFENDANTS' OPPOSITION TO PLAINTIFF SHALINI CHANDRA'S MOTION FOR SPECIFIC ENFORCEMENT OF SETTLEMENT AGREEMENT**

The Knauf Defendants[1] file this opposition to Plaintiff Shalini Chandra's Motion for Specific Enforcement of Settlement Agreement (Rec. Doc. No. 17965).  For the following reasons, Plaintiff's motion should be denied.

Plaintiff's interpretation of the Knauf Settlement Agreement turns logic on its head with respect to the Lump Sum Payment.  The purpose of the Lump Sum Payment is to compensate owner-occupants of units who incur rent, relocation, and related expenses while their unit is being remediated.  The purpose was never to compensate former owners of units who sold or otherwise no longer own their units at the time of the remediation and who therefore did not incur rent, relocation, and related expenses.

The Lump Sum Payment is defined in Section 4.3.1.1 of the Knauf Settlement Agreement as follows:

> 4.3.1.1.1.   For KPT Properties that are less than or equal to 3,500 square feet "under air," as determined by the Lead Contractor or Other Approved Contractor and as set forth in the Sample Contractor-KPT Property Owner Agreement

---

[1] The Knauf Defendants collectively include Knauf Plasterboard (Tianjin) Co., Ltd., Knauf Plasterboard (Wuhu) Co., Ltd., Guangdong Knauf New Building Material Products Co., Ltd., Knauf Gips KG, Gebr. Knauf Verwaltungsgesellschaft KG, Knauf International GmbH, Knauf Insulation GmbH, Knauf UK GmbH, Knauf AMF GmbH & Co. KG, Knauf do Brasil Ltda., and PT Knauf Gypsum Indonesia.

> attached as an exhibit to the Remediation Protocol ("Under Air Area"), a single payment ("Lump Sum Payment") of $8.50 per square foot of the Under Air Area.
>
> . . .
>
> 4.3.1.1.3.   The Lump Sum Payment will be paid to the KPT Property Owner as soon as practicable, but not more than fifteen (15) days, after the KPT Property Owner executes an agreement substantially in the form of the Sample Contractor-KPT Property Owner Agreement.

Rec. Doc. No. 16407-3, at pp. 14-15.  The purpose and intent of the Lump Sum Payment is described in Section 1.47 of the Knauf Settlement Agreement to include:

> [r]eimbursement for all alternative living expenses, personal property damage, maintenance of the KPT Property during remediation, including, but not limited to, payment of all utility bills, insurance, property taxes and maintenance of landscaping, and moving and storage expenses, incurred as a result of the remediation of the KPT Property, pursuant to Section 4.3.1.1 through 4.3.1.3.

*Id.* at p. 8 (definition of "Other Covered Expenses"[2] in Section 1.47 of the Knauf Settlement Agreement).

In Plaintiff's case regarding condominium units in the Villa Lago at Renaissance Commons, the parties actually entered into a more specific settlement agreement with the Knauf Defendants and other parties titled "Settlement Agreement Regarding Claims Against Coastal Construction of South Florida, Inc. Related to Villa Lago at Renaissance Commons in MDL No. 2047" ("RCR Settlement Agreement").  Rec. Doc. No. 16741.  Nothing in the RCR Settlement Agreement contradicts the intent and purpose of the Lump Sum Payment.  In fact, the term sheet to the RCR Settlement Agreement makes clear that the intent and purpose of the Lump Sum Payment is to compensate owner-occupants for rent, relocation, and related expenses:  "For

---

[2] The Lump Sum Payment is the Knauf Settlement Agreement's sole means of compensating claimants for these Other Covered Expenses.  *See* Rec. Doc. No. 16407-3, at pp. 14 (Section 4.3.1 states:  "For KPT Property Owners selecting [Option 1 Program Contractor Remediation Option/Property Not Yet Remediated], the Remediation Fund will pay . . . the applicable Other Covered Expenses according to the following criteria:  4.3.1.1. Lump Sum Payment.").

owner-occupied 'all KPT' units, the owners will receive $8.50 per ANSI square foot to cover their soft costs (move in/move out expenses) consistent with the Knauf Class Settlement Agreement." Exhibit A, at ¶ 3 (term sheet to the RCR Settlement Agreement). Owner-occupied by definition means owned and occupied at the time of remediation, not before-hand.

No other claimants who sold or otherwise no longer own their units received the Lump Sum Payment. To the extent Plaintiff has a claim under the Knauf Settlement Agreement, the claim is against the Other Loss Fund. *See* Rec. Doc. No. 16407-3, at pp. 33-42 (Section 4.7.1 of the Knauf Settlement Agreement detailing Other Loss Fund benefits).

The only provision in the Knauf Settlement Agreement cited by Plaintiff is Section 4.3.5.1. However, Plaintiff misapplies the provision which has a narrow and specific application. Section 4.3.5.1 states:

> For Foreclosed Properties, (a) the Mortgagee shall be entitled to the benefits under Sections 4.3.1, 4.3.2 or 4.3.3, except for the Other Covered Expenses, but only if the Mortgagee became the Owner after foreclosure and remains the Owner of the Affected Property and the Mortgagee provides a release to the Knauf Defendants and Other Releasees; and (b) the Owner prior to the foreclosure shall be entitled to the Lump Sum Payment under Section 4.3.1.1, but not the Delay Period Payment under Section 4.3.1.2.

Rec. Doc. No. 16407-3, at p. 20. The provision's purpose is to prevent a windfall to the Knauf Defendants when all of the following conditions apply: (1) the owner-occupant makes a timely application to the Knauf Settlement Agreement to remediate his or her home; (2) prior to the commencement of the home being remediated, the owner-occupant loses ownership of the home due to foreclosure; and (3) the mortgagee/bank accepts remediation of the home as initiated by the prior owner-occupant of the home. Under this scenario, the prior owner receives the Lump Sum Payment because he or she initiated the remediation and the bank followed through with it. By following through with the remediation, the Knauf Defendants' exposure was thus

eliminated.  Class counsel and the Knauf Defendants agreed under this narrow circumstance to allow for a lump sum payment to the prior owner because it prevented a windfall to the Knauf Defendants.  Only under this circumstance does the provision apply.  The provision does not apply here because the new owners (not the prior-owners) are the individuals that incur the expenses the Lump Sum Payment was intended to compensate them for.

    For these reasons, Plaintiff's motion should be denied.

Dated: September 8, 2014

    Respectfully submitted,

    BY:  /s/ Kerry J. Miller_____
    KERRY J. MILLER (#24562)
    KYLE A. SPAULDING (#29000)
    **FRILOT L.L.C.**
    1100 Poydras Street, Suite 3700
    New Orleans, LA 70163
    Telephone: (504) 599-8194
    Facsimile: (504) 599-8145
    Email: kmiller@frilot.com

## **CERTIFICATE**

I hereby certify that the above and foregoing pleading has been served upon Russ Herman, Plaintiffs' Liaison Counsel, by email, and to all parties by electronically uploading the same to LexisNexis File & Serve in accordance with Pre-Trial Order No. 6, and that the foregoing was filed with the Clerk of Court of the United States Court for the Eastern District of Louisiana, on this 8th day of September, 2014.

    /s/ Kerry J. Miller