**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| IN RE: CHINESE-MANUFACTURED DRYWALL PRODUCTS LIABILITY LITIGATION | * MDL NO. 2047 <br> * <br> * SECTION: L <br> * <br> * JUDGE FALLON <br> * |
| THIS DOCUMENT RELATES TO: ALL CASES | * MAG. JUDGE WILKINSON <br> * <br> * |

**\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\***

## MEMORANDUM IN SUPPORT OF MOTION TO QUASH SUBPOENA ISSUED TO MORGAN STANLEY

The Plaintiffs' Steering Committee ("PSC") has directed to non-party Morgan Stanley a Notice of Oral and Videotaped Deposition Pursuant to Fed. R. Civ. P. 30(b)(6) and accompanying Subpoena (collectively the "Subpoena") requesting Morgan Stanley produce an individual or individuals to testify as to several broad topics in "furtherance of discovery related to collection of the judgment" that the PSC has obtained against the Defendant, Taishan Gypsum Co., Ltd., f/k/a Shandong Taihe Dongxin Co., Ltd. ("Taishan"), a Chinese entity. *See* Subpoena, attached as Exhibit "A." Pursuant to the Federal Rules of Civil Procedure, Morgan Stanley moves this Court to quash the Subpoena as overly broad, irrelevant, and unduly burdensome.

## BACKGROUND

The PSC has directed a Subpoena to Morgan Stanley requesting that it designate and produce a representative or representatives to testify as to "any dealings and communications" between Morgan Stanley and Tai'an Taishan Plasterboard Co., Ltd., Taishan Gypsum Co., Ltd., any of its parents, related entities, subsidiaries, agents and assigns, as well as ten other foreign

entities, and an agency of the Chinese government.[1] The requests span over fourteen years from January 2001 to present. The Subpoena was issued solely to Morgan Stanley, a holding company with no employees. Nonetheless, Morgan Stanley is defined in the Subpoena as "any of [Morgan Stanley's] domestic or international predecessors in interest, successors in interest, subsidiaries, divisions, subdivisions, affiliates, officers, directors, employees, representatives, independent contractors, consultants, or agents, whether present of former, including but not limited to their attorneys and accountants." *See* Ex. A. The Subpoena also seeks the information regarding:

- "any ownership or financial interest by you in Taishan and any of its subsidiaries or affiliates between January 1, 2001 and the current date;"

- "any loans or investments by you in Taishan and any of its subsidiaries or affiliates between January 1, 2001 and the current date;" and

- "the attached Order entered by the Court on July 17, 2014 [Rec. Doc. 17869], including your awareness, understanding, and/or implementation of the provision for enjoining Taishan and 'any of its affiliates or subsidiaries' from conducting business in the United States."

The stated reason for the issuance of the Subpoena is in "furtherance of discovery related to collection of a judgment" against Taishan.

The Subpoena must be quashed for several reasons. First, the information sought is not relevant to the PSC's ability to collect a judgment against Taishan, and the PSC makes no showing of any relationship between Morgan Stanley and any of the foreign entities. Further, the Subpoena is overly broad on its face and thus is unduly burdensome on non-party Morgan Stanley. Finally, the information sought can and should be obtained from Taishan, the judgment debtor and defendant in this litigation. Should Morgan Stanley be required to respond to the

---

[1] *See* News Update on State-owned Assets Supervision and Administration Commission of the State Counsel (SASAC), the People's Republic of China, http://www.sasac.gov.cn/n2963340/n2964712/3049579.html, last visited on September 7, 2014.

Subpoena, however, it requests the attorney's fees and costs it will incur in attempting to identify the information requested.

## LAW AND ARGUMENT

**I. The information sought in the Subpoena is not relevant to the PSC's attempt to collect a judgment against Taishan.**

Rule 69 of the Federal Rules of Civil Procedure allows a judgment creditor to conduct discovery in aid of the execution of a judgment against a judgment debtor. *See also Burak v. Scott*, 29 F.Supp. 775, 776 (D.C. 1939). The information sought must be relevant to the subject matter of the action and "when the relevancy of a discovery request is not readily apparent on its face, the party seeking the discovery has the burden to show the relevancy of the request." *McBride v. Medicalodges, Inc.* 250 F.R.D. 581, 586 (D. Kansas 2008).

Well-settled law across the United States holds that third parties not subject to a judgment and not involved in the litigation can "only be examined about assets of the judgment debtor and cannot be required to disclose their own assets." *Caisson Corp. v. County West Bldg. Corp.*, 62 F.R.D. 331, 334 (E.D. Pa. 1974); *see Burak*, 29 F.Supp. at 776; *see also Mastro v. Grimado*, 2006 WL 1161477, p. 4 (N.J. Sup. Ct. 2006); *Davis Accoustical Corp. v. Skulnik*, 131 N.J.Super. 87, 92 (App. Div. 1974); *Alpern v. Frishman*, 465 A.2d 828, 829 (D.C. Cir. 1983) ("Generally speaking, creditors may inquire into the third party's knowledge of the debtor's finances, but may not delve into the third party's personal finances.").

Allowing a judgment creditor to conduct discovery on third parties relating to the collection of a debt is intended to "assist [the judgment creditor] in locating assets on which execution can issue or assets that have been fraudulently transferred." *Davis Accoustical Corp.*, 131 N.J.Super. at 91-92; *see also Caisson* 62 F.R.D. at 334 (discovery relating to third parties is

3

limited to "discovering concealed assets of the judgment debtor.").[2]  Before discovery of a non-judgment debtor can be obtained, the judgment creditor "must make a threshold showing of necessity and relevance." *Blaw Knox Corp. v. AMR Industries, Inc.*, 130 F.R.D. 400, 403 (E.D. Wis. 1990).  Courts require "some showing of the relationship that exists between the judgment debtor and the third party" from which the court can determine whether the requested examination has merit.  *Caisson*, 62 F.R.D. at 334.  Further, requested information is not relevant to the litigation "if the inquiry is based on ***the party's mere suspicion or speculation***." *Micro Motion, Inc. v. Kane Steel Co., Inc.*, 894 F.2d 1318, 1326 (Fed. Cir. 1990) (emphasis added).

Initially, the Subpoena seeks information regarding Morgan Stanley's assets; specifically, it seeks information regarding Morgan Stanley's ownership interest in Taishan.  *See* Subpoena, Topic Number 2.  Inquiry into Morgan Stanley's assets is expressly prohibited under federal jurisprudence, and any topic in the Subpoena that seeks information regarding Morgan Stanley's assets should be quashed.  *See Caisson Corp.*, 62 F.R.D. at 334; *Burak*, 29 F.Supp. at 776.

Further, the PSC has not demonstrated how non-party Morgan Stanley, a parent holding company based out of the United States, would have any information relating to Chinese entities.  Federal courts have held that parent companies are not responsible for responding to deposition questions in similar circumstances.  For instance, in *In re Ski Train Fire of November 11, 2000 Kaprun Austria*, 2006 WL 1328259 (S.D.N.Y. May 16, 2006), the plaintiff sought information via a Rule 30(b)(6) deposition from a defendant corporation about topics which the defendant's foreign subsidiary would have been most knowledgeable.  The court denied the plaintiff's

---

[2] The only cases recognizing an exception to the rule have found circumstances indicating that the judgment debtor transferred assets to the third party to avoid liability.  *Alpern*, 465 A.2d at 829.  Courts allow inquiry into the third party's assets only when the creditor can demonstrate "that the relationship between the creditor and the debtor was such as to raise reasonable doubts as to the good faith of the transfer." *Id*

request for a deposition, holding that Rule 30(b)(6) does not "require a corporate parent to acquire all of the knowledge of the subsidiary on matters in which the parent was not involved, and to testify to those matters in a manner which binds the parent, a separate legal entity." 2006 WL 1328259, at *9.  Similarly, here, Morgan Stanley, a non-party holding company, should not be required to testify as to matters about which it has no knowledge.  Should the PSC be able to show that any Morgan Stanley affiliate or subsidiary has any information relating to Taishan, the Subpoena should be directed to that specific entity.

The PSC has failed to provide any explanation as to why it is requesting information relating to entities other than Taishan when Taishan is the judgment debtor in this action.  The PSC has similarly offered no evidence that Morgan Stanley holds assets of Taishan or the other eleven entities.  Simply put, the PSC has not demonstrated that deposing Morgan Stanley will assist the PSC in recovering assets of Taishan.  Because the PSC has failed to make any showing of relevance, the Subpoena should be quashed.

**II. The Subpoena is overly broad and unduly burdensome.**

Pursuant to Rule 45(d)(3) of the Federal Rules of Civil Procedure, a motion to quash should be granted when the subpoena subjects a person or entity to an undue burden.  A facially overbroad subpoena is unduly burdensome.  *Wiwa v. Royal Dutch Petroleum Co.*, 392 F.3d 812, 818 (5th Cir. 2004).  Several factors are relevant to determining if a subpoena presents an undue burden, including "(1) relevance of the information requested; (2) the need of the party for the documents; (3) the breadth of the document request; (4) the time period covered by the request; (5) the particularity with which the party describes the requested documents; and (6) the burden imposed."  *Id.*  Further, a court may also consider the expense and inconvenience if the subpoena requests information from a non-party.  *Id.*  The court should balance the need and relevance of

5

the discovery request against the burden the request places on the non-party. *Cmedia, LLC v. Lifekey Healthcare, LLC*, 216 F.R.D. 387, 389 (N.D. Tex. 2003).

These factors weigh in favor of quashing the Subpoena. The PSC has not articulated any showing of relevance or necessity for the Subpoena. The Subpoena vaguely seeks "dealings and communications" between every Morgan Stanley subsidiary, division, affiliate, officer, independent contractor, consultant, or agents, both present and former, and twelve Chinese entities for a fourteen-year period without identifying any particular information sought. Rule 30(b)(6) cannot require that Morgan Stanley locate every entity or person that may have ever worked with or on behalf of any Morgan Stanley entity or affiliate that might have interacted with one of twelve foreign entities on any matter. *See In re Ski Train*, 2006 WL 1328259.

Finally, the burden imposed on Morgan Stanley if this Subpoena were enforced by the Court cannot be overstated. Morgan Stanley is a holding company with many subsidiaries – not to be begin counting Morgan Stanley's consultants, contractor or agents – which engage in numerous transactions each day. To request that Morgan Stanley determine every interaction with twelve entities over fourteen years is a monumental task.[3]

The burden is doubly high because the information sought in the Subpoena can reasonably obtained from Taishan, and thus Morgan Stanley, as a non-party, should not be required to expend considerable time, energy, and resources discovering information that the PSC can and should obtain from the judgment debtor. "An overbroad Rule 30(b)(6) notice subjects the noticed party to an impossible task." *Reed v. Bennett*, 193 F.R.D. 689 (D. Kansas

---

[3] The PSC has not demonstrated, and Morgan Stanley does not concede, that Morgan Stanley has possession, custody or control over any of the information requested from any subsidiary, affiliate, division, officer or other person or entity as defined in the Subpoena.

6

2000). Indeed, the Subpoena in this case subjects Morgan Stanley to an impossible task and it must be quashed.

### III. Morgan Stanley is entitled to fees and costs if forced to respond to the Subpoena.

Should Morgan Stanley be forced to comply with this Subpoena, it respectfully requests the Court order the PSC to narrow the scope of the Subpoena, and further requests all fees and costs associated with such compliance. Rule 45(d)(3)(C)(ii) contemplates that a subpoenaed entity will be reasonably compensated for its compliance with a subpoena. In fact, courts routinely hold that "nonparty witnesses are powerless to control the scope of litigation and discovery, and should not be forced to subsidize an unreasonable share of the costs of a litigation to which they are not a party." *United States v. Columbia Broad. Sys., Inc.,* 666 F.2d 364, 371 (9th Cir. 1982); *see also Broussard v. Lemons*, 186 F.R.D. 396, 398 (W.D. La. 1999); *Linder v. Calero-Portocarrero*, 183 F.R.D. 314, 322 (D.D.C. 1998).

Morgan Stanley should not be forced to carry the burden of the costs of litigation to which it is not even a party. If the court denies this motion, Morgan Stanley requests reasonable fees and costs which it will be forced to spend in its attempt to comply with the Subpoena.

### CONCLUSION

The Subpoena is an irrelevant, unduly burdensome, and overbroad fishing expedition in the PSC's attempt to collect its judgment against Taishan. Taishan is the judgment debtor in this case, not Morgan Stanley. The PSC cannot blindly seek information from Morgan Stanley when doing so would subject Morgan Stanley to the unreasonably high burden of sorting through over fourteen years of information relating to hundreds of subsidiaries to find information that is not relevant to the PSC's attempt to collect this judgment. Morgan Stanley respectfully requests, therefore, that this Court grant its motion and quash the Subpoena.

Respectfully Submitted,

/s/ *James M. Garner*_____
JAMES M. GARNER, LA BAR #19589
ASHLEY G. COKER, LA BAR # 30446
EMILY E. ROSS, LA BAR # 34739
**SHER GARNER CAHILL RICHTER KLEIN & HILBERT, L.L.C.**
909 Poydras Street, Twenty-eighth Floor
New Orleans, Louisiana 70112
Phone: (504) 299-2100
Facsimile: (504) 299-2300
**COUNSEL FOR MORGAN STANLEY**

## CERTIFICATE OF SERVICE

I hereby certify that the above and foregoing Memorandum in Support of Motion to Quash Subpoena Issued to Morgan Stanley has been served on counsel for the Plaintiffs' Steering Committee, Leonard A. Davis, and Defendants' Liaison Counsel, Kerry Miller, by e-mail <u>and</u> on all parties by electronically filing via CM/ECF, which will send a notice of electronic filing in accordance with the procedures established in MDL 2047, on this 12th day of September, 2014.

/s/ *James M. Garner*_____
JAMES M. GARNER