UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: CHINESE-MANUFACTURED DRYWALL PRODUCTS LIABILITY LITIGATION | MDL NO. 2047<br>SECTION: L<br>JUDGE FALLON<br>MAG. JUDGE WILKINSON |
| THIS DOCUMENT RELATES TO:<br>ALL CASES AND<br><br>*Amorin, et. al. v. The State-Owned Assets Supervision and Administration Commission of the State Counsel*, 2:14-cv-01727 (E.D.La.) | |

THE PLAINTIFFS' STEERING COMMITTEE'S MEMORANDUM OF
LAW IN SUPPORT OF ITS RULE 6(b) MOTION FOR EXTENSION
OF TIME FOR SERVICE OF PROCESS UNDER RULE 4(m)

I.  INTRODUCTION

The Plaintiffs' Steering Committee ("PSC") hereby requests a stay and/or an extension of the 120 day period for service of the complaint in *Amorin, et. al. v. The State-Owned Assets Supervision and Administration Commission of the State Counsel*, 2:14-cv-01727 (E.D.La.)(Omni XIX) on the State-Owned Assets Supervision and Administration Commission of the State Council ("SASAC"); Beijing New Building Materials Public Limited Co. ("BNBM"); China National Building Material Co., Ltd. ("CNBM"); Beijing New Building Materials (Group) Co., Ltd. ("BNBM Group"); and China National Building Materials Group Corporation ("CNBM Group") (hereafter collectively the "Taishan Affiliates").  The 120 day period for service of the Omni XIX complaint on these defendants is set to expire on November 26, 2014.  Plaintiffs do not believe they will be successful in serving the Taishan Affiliates before the 120 day period for service expires in light of their past difficulties in serving class

1

action complaints.

Given the hardships that Plaintiffs anticipate in seeking to accomplish effective service of the Omni XIX complaint, the PSC requests that the Court stay and/or extend the 120 day period for service of process, as it has for other similar complaints. For the reasons set forth in detail below, there is good cause for an extension of time and/or a stay of the 120 day period for service of process.

## II.     FACTS AND PROCEDURAL HISTORY

The PSC has filed omnibus class action complaints during the course of this litigation in order to streamline plaintiffs onto consolidated complaints that are organized by the manufacturing defendants responsible for the defective drywall in the plaintiffs' homes. The majority of the omnibus complaints involve claims against all known parties in the stream of distribution of the defective drywall installed in the plaintiffs' homes. The Omni XIX complaint is somewhat unique from other omnibus complaints since the plaintiffs participating in the Omni XIX complaint are concentrating their claims exclusively against Taishan and the Taishan Affiliates. The Taishan Affiliates are foreign corporate entities located in the People's Republic of China.

As the Court is well aware based on earlier motions to extend time for service, the PSC has experienced tremendous difficulties in serving foreign defendants since many of these defendants have taken deliberate measures to evade service of process. The PSC has also experienced delays in serving Chinese defendants due to the Hague Convention's service requirements. Although some of the problems associated with serving foreign defendants have been resolved since the Court has entered an order allowing alternative service of process on

Taishan Gypsum Co., Ltd. f/k/a Shandong Taihe Dongxin Co., Ltd. ("Taishan") and Taian Taishan Plasterboard Co., Ltd. ("TTP")[1], the Taishan Affiliates have refused to participate in this litigation even after being served with many of the PSC's earlier omnibus complaints. Therefore, these defendants have not agreed to accept service of process and must be served with the Omni XIX complaint in accordance with the Hague Convention.

As a direct result of the difficulties in perfecting service of process in this litigation, the PSC has filed several motions to extend the 120 day period for service of process. *See* document #s 340 (motion to extend time for service on foreign defendants); 1098 (motion for extension of time to serve defendants in *Gross*); 2175 (motion for extension of time to serve defendants in *Payton*); 4385 (motion for extension of time to serve defendants in *Wiltz*); 4387 (motion for extension of time to serve defendants in *Rogers*); 4388 (motion for extension of time to serve defendants in *Gross* (*i.e.*, Omni III); 4443 (motion for extension of time to serve defendants in *Amato*); 6493 (motion for extension of time to serve defendants in Omni I(A), II(A), III(A), and IV(A)); 7750 (motion for extension of time to serve defendants in Omni I(B), Omni I(C), Omni II(B), Omni II(C), Omni IV(B), Omni IV(C), Omni VII, and Omni VIII); 9620 (motion for extension of time to serve defendants in Omni IX, Omni X, and the directly filed version of the *Amorin* complaint); and 10744 (motion for extension of time to serve defendants in Omni XI, Omni XII, and the transferred *Amorin* complaints).

This Court has recognized the difficulties in perfecting service of process in the past by granting each of these motions to extend the 120 day period for service of process. *See* Order

---

[1] The Omni XIX Complaint was served on Taishan and Taian Taishan through counsel on July 30, 2014.

dated October 21, 2009 [document # 379] (granting motion to extend time for service on foreign defendants in all cases); Order dated February 23, 2010 [document # 1285] (granting motion to extend time for service in *Gross*).  Most recently the Court granted the PSC's motions to extend the 120 day period for service of process with respect to each of the then filed omnibus class action complaints.  *See* Order dated March 31, 2010 [document # 2268] (granting motion to extend time for service in *Payton*); Order dated August 12, 2010 [document # 5207] (granting motions to extend time for service in *Rogers*, *Wiltz*, *Gross*, and *Amato*); Order dated January 21, 2011 [document # 7138] (granting motions to extend time to serve the Omni I(A), II(A), III(A), and IV(A) complaints); Minute Entry dated March 23, 2011 [document # 8325] (granting motions to extend time to serve the Omni I(B), Omni I(C), Omni II(B), Omni II(C), Omni IV(B), Omni IV(C), Omni VII, and Omni VIII complaints); Order dated June 29, 2011 [document # 9681] (granting motion to extend time to serve Omni IX, Omni X, and the directly filed version of the *Amorin* complaint); and Order dated September 30, 2011 [document # 10776] (granting motion to extend time to serve defendants in Omni XI, Omni XII, and the transferred *Amorin* complaints).

      The PSC's process server has advised that the Omni XIX complaint was forwarded to the central authority responsible for service in China on August 15, 2014.[2]  The PSC's process server has further advised that they do not expect to hear back from the central authority for at least six months (*i.e.*, well beyond the 120 period allowed for serving a defendant with a complaint).  Thus, despite the PSC's diligence in preparing the Omni XIX complaint for service, the PSC

---

[2] As with the earlier class action complaints, APS International, Ltd. ("APS") has been appointed to handle all matters related to the service of the Omni XIX complaint.

anticipates it will experience many of the same difficulties and delays it has experienced in serving its other class action complaints.  As noted above, the PSC has until November 26, 2014 to serve the Omni XIX complaint consistent with the requirements of Rule 4(m).  Accordingly, the PSC respectfully requests that the Court grant its motion to extend the 120 day period for serving the Omni XIX complaint on the Taishan Affiliates.

### III.   ARGUMENT

As with the PSC's earlier class action complaints, it is unlikely the PSC will be able to serve the instant complaint on the Taishan Affiliates before the 120 day period for service expires.  For starters the PSC's process server has advised that they do not anticipate hearing back from the Chinese central authority responsible for service for at least six months.  The PSC also anticipates that it will experience significant delay in serving the foreign defendants for the same reasons discussed in its earlier motions for extension of time for service which are incorporated herein by reference.  *See* document #s 340; 1098; 2175; 4385; 4387; 4388, 4443, 7750, 9620, and 10744.

Although the Omni XIX complaint has been translated and forwarded to the Chinese central authority responsible for service on the Taishan Affiliates, it is anticipated that the complaint will languish for several months before service is even attempted.  Even after service has been attempted, several months will elapse before the PSC is notified of whether service has been perfected.  This type of delay as well as instances where foreign governments have refused to attempt service is well documented in the PSC's earlier motions to extend time for service.

The PSC has also experienced many instances where foreign defendants have engaged in conduct designed to evade service of process.  For instance, certain defendants have refused to

accept service of process where a complaint contains minor typographical errors in the defendant's name and other defendants have refused to accept service where they have purportedly relocated to new addresses.  Indeed, both BNBM and CNBM, who are defendants that must be served with the Omni XIX complaint,  have refused to accept service in the past because there were (1) inaccuracies in the defendants' names and (2) because the defendants claimed to have relocated to new addresses.  Thus, the PSC anticipates that the Taishan Affiliates will be uncooperative in accepting service of process in a further effort to delay service of the Omni XIX complaint.

In light of the above impediments, there is good cause to extend the 120 day period for service of process and/or to stay the period for service of process.  *See* Rule 6(b)(1) ("[w]hen an act may or must be done within a specified time, the court may, for good cause, extend the time ...").[3]  Just as this Court has allowed for other extensions of time for service of process under Rule 4(m), good cause exists for extensions of time to perfect service of process of the Omni XIX complaint.

## IV.  CONCLUSION

Accordingly, the PSC respectfully requests that the Court grant the relief requested in the instant motion by either extending the period of time for service of process or by staying the 120

---

[3] It is well established that courts have the ability to stay the 120 day period for service of process under Rule 4(m).  *See Snyder v. Hall*, 2008 WL 2838814, * 2 (C.D.Ill. 2008) (complete stay of the litigation operated to stay plaintiff's duty to serve the defendant within 120 days of the filing of the complaint); *Denton v. United States of America*, 2006 WL 3783595, * 1-2 (N.D.Ga. 2006) (ruling that plaintiff's attempt to serve defendants during a stay were invalid, and that the stay tolled the running of the 120 day period for service under Rule 4(m)); *Vitaich v. City of Chicago*, 1995 WL 493468, * 5 (N.D.Ill. 1995) (determining that stay of proceedings operated to toll the running of the 120 day for service under Rule 4(m)).

days for service of process under Rule 4(m) with respect to the service of the Omni XIX complaint on the Taishan Affiliates.

Dated: September 17, 2014

Respectfully submitted,

/s/ Leonard A. Davis
Russ M. Herman, Esquire (LA Bar No. 6819)
Leonard A. Davis, Esquire (LA Bar No. 14190)
Stephen J. Herman, Esquire (LA Bar No. 23129)
HERMAN, HERMAN & KATZ, LLC
820 O'Keefe Avenue
New Orleans, Louisiana 70113
Phone: (504) 581-4892
Fax: (504) 561-6024
Ldavis@hhkc.com
*Plaintiffs' Liaison Counsel*
*MDL 2047*

Arnold Levin (On the Brief)
Fred S. Longer (On the Brief)
Matthew C. Gaughan (On the Brief)
Levin, Fishbein, Sedran & Berman
510 Walnut Street, Suite 500
Philadelphia, PA 19106
215-592-1500 (phone)
215-592-4663 (fax)
Alevin@lfsblaw.com
*Plaintiffs' Lead Counsel*
*MDL 2047*

**PLAINTIFFS' STEERING COMMITTEE**

| | |
|---|---|
| Dawn M. Barrios | Daniel E. Becnel, Jr. |
| Barrios, Kingsdorf & Casteix, LLP | Becnel Law Firm, LLC |
| 701 Poydras Street, Suite 3650 | 425 W. Airline Highway, Suite B |
| New Orleans, LA 70139 | Laplace, LA 70068 |
| Phone: (504) 524-3300 | Phone: (985) 536-1186 |
| Fax: (504) 524-3313 | Fax: (985) 536-6445 |
| Barrios@bkc-law.com | dbecnel@becnellaw.com |

Peter Prieto
Podhurst Orseck, P.A.
25 Flagler Street, 8th Floor
Miami, FL 33130
Phone: (305) 358-2800
Fax: (305) 358-2382
pprieto@podhurst.com

Bruce William Steckler
Steckler, LLP
12720 Hillcrest Road, Ste 1045
Dallas, TX 75230
Phone: (972) 387-4040
Fax: (972) 387-4041
bruce@stecklerlaw.com

Ervin A. Gonzalez
Colson, Hicks, Eidson
255 Alhambra Circle, Penthouse
Cora Gables, FL 33134
Phone: (305) 476-7400
Fax: (305) 476-7444
ervin@colson.com

Ben W. Gordon, Jr.
Levin, Papantonio, Thomas, Mitchell
 Echsner & Proctor, P.A.
316 S. Baylen Street, Suite 600
Pensacola, FL 32502
Phone: (850) 435-7000
Fax: (850) 435-7020
bgordon@levinlaw.com

Hugh P. Lambert
The Lambert Firm
701 Magazine Street
New Orleans, LA 70130
Phone: (504) 581-1750
Fax: (504) 529-2931
hlambert@thelambertfirm.com

Gerald E. Meunier
Gainsburgh, Benjamin, David, Meunier
 & Warshauer, LLC
2800 Energy Centre, 1100 Poydras Street
New Orleans, LA 70163-2800
Phone: (504) 522-2304
Fax: (504) 528-9973
gmeunier@gainsben.com

Jerrold Seth Parker
Parker Waichman, LLP
27300 Riverview Center Blvd.
Suite 103
Bonita Springs, FL 34134
Phone: (239) 390-1000
Fax: (239) 390-0055
Jerry@yourlawyer.com

Scott Wm. Weinstein
Morgan & Morgan
12800 University Drive, Suite 600
Ft. Meyers, FL 33907
Phone: (239) 433-6880
Fax: (239) 433-6836
sweinstein@forthepeople.com

James Robert Reeves
Reeves & Mestayer, PLLC
160 Main Street
Biloxi, MS 39530
Phone: (228) 374-5151
Fax: (228) 374-6630
jrr@attorneys4people.com

Christopher Seeger
Seeger Weiss, LLP
77 Water Street
New York, NY 10005
Phone: (212) 584-0700
Fax: (212) 584-0799
cseeger@seegerweiss.com

Daniel K. Bryson
Whitfield, Bryson & Mason, LLP
900 W. Morgan Street
Raleigh, NC 27603
Phone: (919) 600-5000
Fax: (919) 600-5002
dan@wbmllp.com

Richard J. Serpe, Esquire
Law Offices of Richard J. Serpe
Crown Center, Ste. 310
580 East Main Street
Norfolk, VA 23510-2322
Phone: (757) 233-0009
Fax: (757) 233-0455
rserpe@serpefirm.com

Victor M. Diaz, Jr., Esquire
V.M. Diaz and Partners, LLC
119 Washington Ave, Suite 402
Miami Beach, FL 33139
Phone: (305) 704-3200
Fax: (305) 538-4928
victor@diazpartners.com

## OF COUNSEL TO PLAINTIFFS' STEERING COMMITTEE

Richard S. Lewis
HAUSFELD LLP
1700 K Street, N.W
Suite 650
Washington, DC 20006
Phone: (202) 540-7200
Fax: (202) 540-7201
rlewis@hausfeldllp.com

Andrew A. Lemmon
Lemmon Law Firm, LLC
P.O. Box 904
15058 River Road
Hahnville, LA 70057
Phone: (985) 783-6789
Fax: (985) 783-1333
andrew@lemmonlawfirm.com

Anthony D. Irpino
IRPINO LAW FIRM
2216 Magazine Street
New Orleans, LA 70130
Phone: (504) 525-1500
Fax: (504) 525-1501
airpino@irpinolaw.com

**CERTIFICATE OF SERVICE**

       I hereby certify that the above and foregoing has been served on Defendants' Liaison Counsel, Kerry Miller, by e-mail and upon all parties by electronically uploading the same to LexisNexis File & Serve in accordance with Pre-Trial Order No. 6, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2047 on this 17th day of September, 2014.

       /s/ Leonard A. Davis
Leonard A. Davis, Esquire
HERMAN, HERMAN & KATZ, LLP
820 O'Keefe Avenue
New Orleans, Louisiana 70113
Phone: (504) 581-4892
Fax: (504) 561-6024
Ldavis@hhkc.com
Plaintiffs' Liaison Counsel
MDL 2047

*Co-counsel for Plaintiffs*