UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: CHINESE-MANUFACTURED DRYWALL PRODUCTS LIABILITY LITIGATION | ) ) ) ) | MDL NO. 2047<br>SECTION: L |
| THIS DOCUMENT RELATES TO:<br>(2:10-cv-00340) | ) ) ) ) ) | JUDGE FALLON<br><br>MAG. JUDGE WILKINSON |

**MEMORANDUM IN SUPPORT OF THE
<u>STATE OF LOUISIANA'S MOTION TO AMEND PETITION</u>**

On June 27, 2014, the State of Louisiana filed its First Amended and Restated Petition in compliance with the Court's Joint Scheduling Order (Doc. No. 17697) dated May 20, 2014 and the Court's Order (Doc No. 17621) dated April 17, 2014.  The State now seeks to amend this petition by changing the caption (to identify this Court as opposed to a Louisiana state court), by removing Interior Exterior Building Supply, L.P. ("INEX") as a defendant, and by adding additional Taishan-related entities as defendants (specifically, Beijing New Building Materials Public Limited Co.; China National Building Material Co., Ltd.; Beijing New Building Materials (Group) Co., Ltd.; and China National Building Materials Group Corporation).

On August 11, 2014, the State filed a notice of intent to withdraw its motion to remand, to move to amend its petition to add additional Taishan defendants, and to amend the petition's caption ("Notice of Intent").  On August 27, 2014 the Court ordered that any party that wished to respond to the Notice of Intent to do so no later than September 8, 2014.  No party has responded to the Notice of Intent.

A.   **Legal Standard**

Federal Rule of Civil Procedure 15(a) provides that leave to amend pleadings "shall be freely given when justice so requires." Fed. R. Civ. P. 15(a)(2).  Rule 15(a) requires a trial court

- 2 -

"to grant leave to amend 'freely,' and the language of this rule 'evinces a bias in favor of granting leave to amend.'" *Lyn–Lea Travel Corp. v. Am. Airlines,* 283 F.3d 282, 286 (5th Cir. 2002) (quoting *Chitimacha Tribe of La. v. Harry L. Laws Co., Inc.,* 690 F.2d 1157, 1162 (5th Cir. 1982)).

This, and other federal rules, "reject the approach that pleading is a game of skill in which one misstep by counsel may be decisive to the outcome and accept the principle that the purpose of pleading is to facilitate a proper decision on the merits." *Conley v. Gibson,* 355 U.S. 41, 48 (1957). Instead, the Rules provide for a liberal amendment policy, and a "district court must possess a 'substantial reason' to deny a request for leave to amend." *Smith v. EMC Corp.*, 393 F.3d 590, 595 (5th Cir. 2004) (quoting *Jacobsen v. Osborne,* 133 F.3d 315, 318 (5th Cir.1998)).

The decision to grant or deny a motion for leave to amend lies within the discretion of the trial court. *Addington v. Farmer's Elevator Mut. Ins. Co.*, 650 F.2d 663, 666 (5th Cir.1981). The Court should consider five factors in determining whether to grant a party leave to amend a complaint: (1) undue delay; (2) bad faith, or dilatory motive on the part of the movant; (3) repeated failure to cure deficiencies by amendments previously allowed; (4) undue prejudice to the opposing party by virtue of allowance of the amendment; and (5) futility of the amendment. *Rosenzweig v. Azurix Corp.,* 332 F.3d 854, 864 (5th Cir.2003) (citing *Forman v. Davis,* 371 U.S. 178, 182 (1962)). "Absent any of these factors, the leave sought should be 'freely given.'" *EMC Corp.*, 393 F.3d at 595 (quoting *Forman,* 371 U.S. at182).

**B.     The Court Should Allow the State to Amend Its Petition**

Each of the five factors the Court should consider weigh in favor of allowing the State to amend its petition. First, there has not been "undue delay" in seeking leave to amend. *Rosenzweig*, 332 F.3d at 864. The State made its first amendment to the petition (in accordance

- 2 -

with this Court's orders) less than three months ago (on June 27, 2014). Moreover, the State is filing its motion to withdraw its motion to remand simultaneously with this motion. As such, there has been *no delay*, let alone *undue delay*, from the time the State abandoned its remand motion and the time it sought to amend the petition's caption and to add additional defendants.

Second, there is no evidence of "bad faith, or dilatory motive" on the part of the State. *Id.* Having waited more than four years for a ruling on its motion to remand, the State now believes its finite resources will be best served in prosecuting this action in this Court – where significant discovery has already taken place and with a judge intimately familiar with the complex facts surrounding the manufacturing, distribution, installation, and remediation of defective Chinese drywall.

Third, there has not been a "repeated failure to cure deficiencies by amendments previously allowed" on the part of the State. *Id.* This case has been pending for more than four and a half years. During that time, the State has made a single amendment to its petition – done less than three months ago. As such, there have not been repeated failures to cure any deficiencies by prior amendments.

Fourth, at this point, there does not appear to be any parties that oppose the State's motion to amend, let alone an opposing party that can demonstrate "undue prejudice." The added parties will not be able to demonstrate "undue prejudice" because the State's action is still in its early stages and not even set for trial. *Contrast, e.g., EMC Corp.*, 393 F.3d at 596 (Defendant would be prejudiced by amendment to complaint sought on the second to last day of trial).

Fifth, the amendment is not futile. The amendment is sought merely to change the caption, remove INEX as a defendant, and to add additional Taishan-related defendants that have

been identified during discovery in this case. This is not the case where, for example, a movant files a proposed amended petition that, like the original petition, is still subject to dismissal. *See, e.g., Addington*, 650 F.2d at 667 (plaintiff's proposed amended complaint, if allowed, would still not have defeated defendants' motion for summary judgment; as such, leave to amend is properly denied as futile).

Because none of the five factors counseling against amendment are present in this case, leave to amend should be "freely given." *EMC Corp.*, 393 F.3d at 595

**C. Conclusion**

For the aforementioned reasons, the Court should grant the State's motion to amend and accept for filing the attached Second Amended and Restated Petition.

Respectfully submitted,

**JAMES D. "BUDDY" CALDWELL**
**LOUISIANA ATTORNEY GENERAL**

James Trey Phillips, BarRoll# 19978
Sanettria Glasper Pleasant, BarRoll# 25396
L. Christopher Styron, BarRoll# 30747
Assistant Attorneys General
**LOUISIANA DEPARTMENT OF JUSTICE**
1885 North Third Street
Post Office Box 94005
Baton Rouge, Louisiana 70804-9005
Telephone: (225) 326-6000
Facsimile: (225) 326-6499

**Usry, Weeks & Matthews, APLC**
T. Allen Usry, BarRoll# 12988
Trial Attorney
1615 Poydras St., Ste. 1250
New Orleans, LA 70112
(504) 592-4600

- 5 -

**Shows, Cali & Walsh, LLP**
E. Wade Shows, BarRoll# 7637
Trial Attorney
John C. Walsh, BarRoll# 24903
628 St. Louis St.
P. O. Drawer 4425
Baton Rouge, LA 70821
(225) 346-1461


   s/ David L. Black
**Perkins Coie, LLP**
David L. Black
Craig M. J. Allely
1900 Sixteenth Street, Suite 1400
Denver, CO 80202
(303) 291-2300
COUNSEL FOR THE STATE OF LOUISIANA