UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **IN RE: CHINESE-MANUFACTURED DRYWALL PRODUCTS LIABILITY LITIGATION**<br><br>**THIS DOCUMENT RELATES TO:**<br><br>*Abel, et al v. Taishan Gypsum Co., Ltd., f/k/a Shandong Taihe Dongxin Co., Ltd., et al.*<br>Case No. 11-cv-080 (E.D.La.)<br><br>*Almeroth, et al, v. Taishan Gypsum Co., Ltd., f/k/a Shandong Taihe Dongxin Co., Ltd., et al.*<br>Case No. 12-cv-0498 (E.D. La.)<br><br>*Amato, et al., v. Liberty Mutual Insurance Company,*<br>Case No. 2:10-cv-00932 (E.D. La.)<br><br>*Germano, et al. v. Taishan Gypsum Co., Ltd., et al.*<br>Case No. 2:09-cv-06687 (E.D. La.)<br><br>*Gross, et al v. Knauf Gips, KG, et al*<br>Case No. 09-cv-6690 (E.D. La.)<br><br>*Haya, et al. V. Taishan Gypsum Co., Ltd., f/k/a Shandong Taihe Dongxin Co., Ltd., et al.*<br>Case No. 11-cv-1077 (E.D. La.)<br><br>*Wiltz, et al. v. Beijing New Building Materials Public Limited Co., et al.*<br>Case No. 10-cv-361 (E.D. La.) | **MDL NO. 2047**<br>**SECTION: L**<br>**JUDGE FALLON**<br>**MAG. JUDGE WILKINSON** |

1

## NOTICE OF APPEAL

Comes now Pearl Farmer and gives notice of her appeal of the Special Master's decision dated August 27, 2014, to the Honorable Eldon E. Fallon.

This appeal is from the Special Master's decision, denying the Pearl Farmer's (hereinafter referred to as "Farmer") request for reconsideration of the decision to reduce her claim by 60%, as there was no prior lawsuit filed on her behalf against the Venture Supply, Inc., (hereinafter referred to as "Venture") defendants.

## FACTS

Farmer was not a named party to the Venture action. She was a class member of the Venture Settlement approved by this Honorable Court.

Farmer filed a timely claim for settlement benefits and provided the necessary indicia and documentation to Garretson Resolution Group. Her claim was approved to be paid. The determination that Farmer had not met her burden to qualify for payment is not challenged in this appeal.

This appeal only questions the determination that Farmer's claim is due to be reduced, as she had not filed a separate action.

Counsel understands that this matter of allocation has been addressed by this Court, due to perceived inequities relating to payment of some claims where there was a potential defense to the claim, based on certain statutes of limitation. Counsel understands these issues and why a decision was made to reduce certain claims where these claims may have been barred by state law on the limitations of actions.

## GEORGIA SUB-CLASS

Farmer is a member of the Georgia subclass, whose property is located at 521 Triumph Way, Winder, Georgia. There are two neighbors in her subdivision that counsel represents and their award was not reduced. Farmer contends that due to the class actions pending before this Honorable Court, she was a class member as defined both before the Settlement and after the Settlement. The Settlement approved by this Court on the Venture matter did not provide any provision pertaining to an allocation of the award based on suit having been filed on a claimant's behalf.

It is Farmer's position that in Georgia, the statute of limitations is tolled during the pendency of a class action, and as such, Farmer would not have been barred or had any impediment to pursuing her claims.

## ARGUMENT

Farmer's claim is due to be paid at 100% and should not be subject to the reduction, other claimants from Virginia or other states where there is no tolling of the statute of limitations during a class action.

It would be inequitable to reduce Farmer's claim due to her not filing an individual claim. She was clearly defined as a class member in an action which was publicized nationally. She filed a timely claim in the Settlement and was never advised that she should also file a separate lawsuit to perfect her claim. Unlike the Knauf Settlement, approved by this Court, the terms of the Settlement did not have a similar provision that prohibited claims, if suit had not been filed by a certain date.

In Georgia, where a class member knows about and relies on their rights being

protected by a class action, the statute of limitations is tolled. *Crown Cork and Seal Co., Inc., v. Parker*, 462 U.S. 345, 103 S.Ct. 2392, 76 L.Ed.2d 628 (1983); *Griffen v. Singletary*, 17 f.3d 356 (11th Cir. 1994)

## CONCLUSION

Farmer's award should be remanded to Special Master, Garretson Resolution Group, with instructions that her award be modified to provide a 100% benefit, which is not subject to reduction. Absent the pending class action, which was settled and through which Farmer's claim was approved, Farmer would have likely filed a separate action. It would result in an inequitable result to penalize Farmer for simply relying on the class representations to protect her interest. The goals and purpose of Fed.R.Civ.Proc. §23 would be frustrated if putative class members such as Farmer, were also required to file a separate action resulting in numerous actions and an inefficient use of judicial resources.

Respectfully submitted this the 12th day of September 2014.

K. Edward Sexton, II
Attorney for Pearl Farmer

**OF COUNSEL:**

Gentle, Turner, Sexton, Debrosse & Harbison
501 Riverchase Parkway East, Suite 100
Hoover, Alabama 35244
(205) 716-3000
(205) 716-3010
esexton@gtandslaw.com

## CERTIFICATE OF SERVICE

I hereby certify that the above and foregoing Notice of Appeal, has been served on all parties of record by electronically uploading the same to LexisNexis File & Serve and the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana, by using the CM/ECF system, which will send out notice of the electronic filing, in accordance with the procedures established in MDL 2047, on this the 12th day of September, 2014.

/s/ K. Edward Sexton, II
K. Edward Sexton, II
Attorney for Pearl Farmer