IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: CHINESE-MANUFACTURED DRYWALL PRODUCTS LIABILITY LITIGATION | MDL NO.: 2047 |
| | SECTION: L |
| **This Document Relates To:** | JUDGE FALLON |
| | MAG. JUDGE WILKINSON |
| Jason S. Herrington, et al. vs. Bass Homes, Inc., et al.; S.D. Mississippi, C.A. No. 1:13-00297 | Case No.: 13-6653 |

_____

### FIRST AMENDED THIRD-PARTY COMPLAINT
_____

COMES NOW, ACE HOME CENTER, INC., Defendant and Third-Party Plaintiff, and hereby files this First Amended Third-Party Complaint adding DEVON INTERNATIONAL INDUSTRIES, INC., f/k/a DEVON INTERNATIONAL TRADING, INC., a/k/a DEVON BUILDING PRODUCTS, TAISHAN GYPSUM CO. LTD., and fictitious Third-Party Defendants F through O, as follows:

### PARTIES

1.      Defendant/Third-Party Plaintiff Ace Home Center, Inc. ("AHC"), is a corporation organized and existing under the laws of the State of Alabama.

2.      Third-Party Defendant Pate Stevedore Company, Inc. ("Pate"), is a corporation organized and existing under the laws of the State of Florida. Upon information and belief, Pate offloaded, stored, delivered, imported, shipped, purchased, sold, marketed, warranted, tested, inspected, advertised, surveyed and/or supplied the Chinese drywall at issue herein.

3.      Third-Party Defendant Pensacola Stevedore Company, Inc. ("PSC"), is a corporation organized and existing under the laws of the State of Florida. Upon information and belief, PSC offloaded, stored, delivered, imported, shipped, purchased, sold, marketed,

warranted, tested, inspected, advertised, surveyed and/or supplied the Chinese drywall at issue herein.

4.     Third-Party Defendant Fireman's Fund Insurance Company ("FFIC") is a corporation organized and existing under the laws of the State of California.  Upon information and belief, FFIC controlled, took possession of and/or title to, offloaded, stored, delivered, imported, shipped, purchased, sold, marketed, warranted, tested, inspected, advertised, surveyed, and/or supplied the Chinese drywall at issue herein; and/or acted as agent or fiduciary for its insured, Devon International Industries, Inc. f/k/a Devon International Trading, Inc., a/k/a Devon Building Products concerning the Chinese drywall at issue herein.

5.     Third-Party Defendant Devon International Industries, Inc., f/k/a Devon International Trading, Inc., a/k/a Devon Building Products ("Devon") is a corporation organized and existing under the laws of the State of Pennsylvania. Upon information and belief, Devon specified, ordered, shipped, imported, controlled, took possession of and/or title to, offloaded, stored, delivered, purchased, sold, marketed, warranted, tested, inspected, advertised, surveyed, and/or supplied the Chinese drywall at issue herein.

6.     Third-Party Defendant Taishan Gypsum Co. Ltd. ("Taishan") is a Chinese corporation organized and existing under the laws of the People's Republic of China. Upon information and belief, Taishan designed, processed, produced, manufactured, fabricated, exported, shipped, distributed, delivered, supplied, inspected, tested, warranted, marketed, sold and/or placed within the stream of commerce the Chinese drywall at issue herein.

7.     Fictitious Third-Party Defendants A, B, C, D and E, whose identities and true names are unknown and who will be identified through discovery, controlled, took possession of and/or title to, offloaded, stored, delivered, imported, shipped, purchased, sold, marketed,

warranted, tested, inspected, advertised, surveyed, and/or supplied the Chinese drywall at issue herein.

8. Fictitious Third-Party Defendants F, G, H, I and J, whose identities and true names are unknown and who will be identified through discovery, specified, ordered, shipped, imported, controlled, took possession of and/or title to, offloaded, stored, delivered, purchased, sold, marketed, warranted, tested, inspected, advertised, surveyed, and/or supplied the Chinese drywall at issue herein.

9. Fictitious Third-Party Defendants K, L, M, N and O, whose identities and true names are unknown and who will be identified through discovery, designed, processed, produced, manufactured, fabricated, exported, shipped, distributed, delivered, supplied, inspected, tested, warranted, marketed, sold and/or placed within the stream of commerce the Chinese drywall at issue herein.

## FACTUAL ALLEGATIONS

10. Taishan and Fictitious Third-Party Defendants K through O manufactured, produced and placed within the stream of commerce the Chinese drywall ("CDW") at issue herein.

11. Devon and Fictitious Third-Party Defendants F through J specified, ordered, shipped, imported, marketed and/or sold the CDW at issue herein.

12. Devon made a claim against its FFIC insurance policy for physical damage to the CDW cargo during shipment.

13. FFIC took title to the CDW following Devon's cargo damage claim. Alternately, FFIC exercised control over the CDW. Alternately, FFIC acted as agent or fiduciary for Devon to mitigate the cargo damage claim.

14.     Devon and/or FFIC sold the "Devon Building Products" CDW to Pate and/or PSC.

15.     Taishan, Devon, FFIC, Pate, PSC and Fictitious Third-Party Defendants A through O put the CDW into the stream of commerce, to be purchased by AHC and, ultimately, by AHC customers.

16.     AHC purchased some of the CDW from Pate and/or PSC.

17.     On October 2, 2013, Plaintiffs Jason and Cassie Herrington filed an Amended Complaint against AHC (attached as Exhibit A).

18.     Plaintiffs, Jason and Cassie Herrington's claims against AHC arise from the 2008-2009 construction of a house located at 26975 Old Americus Road, Lucedale, Mississippi.

19.     The house was allegedly constructed with CDW purchased from AHC.

20.     If true, Taishan, Devon, FFIC, Pate, PSC and/or Fictitious Third-Party Defendants A through O are liable to AHC for the CDW ultimately used to construct the Herrington's house.

## COUNT I

## COMMON LAW OR EQUITABLE INDEMNITY

21.     AHC adopts and incorporates the allegations of paragraphs 1 through 20 as though fully set forth herein.

22.     AHC was without fault in the purchase and sale of the CDW.  Any liability it may incur to the plaintiffs will be merely vicarious, constructive, derivative or technical in nature.

23.     Taishan and/or Fictitious Third-Party Defendants K through O designed, manufactured, fabricated, marketed, sold and placed into the stream of commerce CDW which the plaintiffs claim was unreasonably dangerous in its normal use in that it emitted noxious gases

and caused damage to person and property.

24. Taishan, Devon, FFIC and/or Fictitious Third-Party Defendants A through O failed to act with due diligence in representing that the CDW met certain ASTM standards; and provided stamping and labeling on the CDW sheets and packaging that falsely represented to the United States purchasers that the CDW met U.S. safety standards, that the CDW was safe and fit for its intended use and that the CDW was equivalent to or exceeded the quality of U.S. drywall.

25. Taishan, Devon, FFIC and/or Fictitious Third-Party Defendants A through O made material misrepresentations relied upon by AHC and which caused AHC damages.

26. Taishan, Devon, FFIC and/or Fictitious Third-Party Defendants A through O failed to act with due diligence or reasonable care in placing the CDW into the stream of commerce by failing to test or otherwise ensure the product would safely perform as represented and intended.

27. Pate, PSC, FFIC, Devon, Taishan and/or Fictitious Third-Party Defendants A through O knew or should have known of alleged defects or dangers in the CDW supplied to AHC at issue herein.

28. Pate, PSC, FFIC, Devon, Taishan and/or Fictitious Third-Party Defendants A through O failed to warn AHC of alleged defects or dangers in the CDW supplied to AHC at issue herein.

29. In the event that AHC is determined to be liable to the plaintiffs, said liability will be a proximate result of the active negligence of Pate, PSC, FFIC, Devon, Taishan and/or Fictitious Third-Party Defendants A through O, while the negligence of AHC, if any, was at most passive in nature.

WHEREFORE, Ace Home Center, Inc., demands judgment against Pate Stevedore Company, Inc., Pensacola Stevedore Company, Inc., Fireman's Fund Insurance Company, Devon International Industries, Inc., Taishan Gypsum Co. Ltd., and/or Fictitious Third-Party Defendants A through O for any liability it may incur to any plaintiffs herein, for attorney's fees, costs and such other and further relief as the court may deem just and proper.

## COUNT II

## BREACH OF CONTRACT

30.   AHC adopts and incorporates the allegations of paragraphs 1 through 29 as though fully set forth herein.

31.   By virtue of the sale of defective CDW to ACH, Pate, PSC, FFIC, Devon, Taishan and/or Fictitious Third-Party Defendants A through O breached contract(s) and caused damages to AHC, directly or as third-party beneficiary, to include damages for attorney's fees, costs and any liability it may incur to the plaintiffs herein.

WHEREFORE, Ace Home Center, Inc., demands judgment against Pate Stevedore Company, Inc., Pensacola Stevedore Company, Inc., Fireman's Fund Insurance Company, Devon International Industries, Inc., Taishan Gypsum Co. Ltd., and/or Fictitious Third-Party Defendants A through O for any liability it may incur to any plaintiffs herein, for attorney's fees, costs and such other and further relief as the court may deem just and proper.

## COUNT III

## NEGLIGENCE AND GROSS NEGLIGENCE

32.   AHC adopts and incorporates the allegations of paragraphs 1 through 31 as though fully set forth herein.

33.   Taishan and/or Fictitious Third-Party Defendants K through O designed,

manufactured, fabricated, marketed, sold and placed into the stream of commerce CDW which the plaintiffs claim was unreasonably dangerous in its normal use in that it emitted noxious gases and caused damage to person and property.

34. Taishan, Devon, FFIC and/or Fictitious Third-Party Defendants A through O failed to act with due diligence in representing that the CDW met certain ASTM standards; and provided stamping and labeling on the CDW sheets and packaging that falsely represented to the United States purchasers that the CDW met U.S. safety standards, that the CDW was safe and fit for its intended use and that the CDW was equivalent to or exceeded the quality of U.S. drywall.

35. Taishan, Devon, FFIC and/or Fictitious Third-Party Defendants A through O made material misrepresentations relied upon by AHC and which caused AHC damages.

36. Taishan, Devon, FFIC and/or Fictitious Third-Party Defendants A through O failed to act with due diligence or reasonable care in placing the CDW into the stream of commerce by failing to test or otherwise ensure the product would safely perform as represented and intended.

37. Pate, PSC, FFIC, Devon, Taishan and/or Fictitious Third-Party Defendants A through O knew or should have known of alleged defects or dangers in the CDW supplied to AHC at issue herein.

38. Pate, PSC, FFIC, Devon, Taishan and/or Fictitious Third-Party Defendants A through O failed to warn AHC of alleged defects or dangers in the CDW supplied to AHC at issue herein.

39. Pate, PSC, FFIC, Devon, Taishan and/or Fictitious Third-Party Defendants A through O owed a duty of reasonable care and due diligence in designing, processing, producing, manufacturing, fabricating, exporting, shipping, distributing, delivering, supplying, inspecting,

testing, warranting, marketing, specifying, taking possession of, control over and/or title to, offloading, storing, importing, purchasing, advertising, surveying, selling and/or placing within the stream of commerce the CDW at issue herein.

40. Third-Party Defendants negligently, recklessly and/or wantonly breached their duty to AHC.

41. As a proximate result of the Third-Party Defendants' breach of duty to AHC, AHC has suffered and will continue to suffer damages including attorney's fees, costs and any liability it may incur to the plaintiffs herein.

WHEREFORE, Ace Home Center, Inc., demands judgment against Pate Stevedore Company, Inc., Pensacola Stevedore Company, Inc., Fireman's Fund Insurance Company, Devon International Industries, Inc., Taishan Gypsum Co. Ltd., and/or Fictitious Third-Party Defendants A through O for any liability it may incur to any plaintiffs herein, for attorney's fees, costs and such other and further relief as the court may deem just and proper.

## COUNT IV

## BREACH OF IMPLIED WARRANTY OF MERCHANTABILITY

42. AHC adopts and incorporates the allegations of paragraphs 1 through 41 as though fully set forth herein.

43. In supplying and/or selling the CDW, the Third-Party Defendants impliedly warranted the merchantability of the product and its fitness for its intended purposes.

44. To the extent AHC incurs any liability to the plaintiffs such liability will have been a proximate result of the Third-Party Defendants' breach of the implied warranty of merchantability.

45. AHC has incurred and will continue to incur attorney's fees and costs and any

liability it may incur to the plaintiffs herein.

WHEREFORE, Ace Home Center, Inc., demands judgment against Pate Stevedore Company, Inc., Pensacola Stevedore Company, Inc., Fireman's Fund Insurance Company, Devon International Industries, Inc., Taishan Gypsum Co. Ltd., and/or Fictitious Third-Party Defendants A through O for any liability it may incur to any plaintiffs herein, for attorney's fees, costs and such other and further relief as the court may deem just and proper.

## COUNT V

## BREACH OF IMPLIED WARRANTY OF FITNESS FOR A PARTICULAR PURPOSE

46. AHC adopts and incorporates the allegations of paragraphs 1 through 45 as though fully set forth herein.

47. In supplying and/or selling the CDW, the Third-Party Defendants impliedly warranted its fitness for a particular purpose.

48. To the extent AHC incurs any liability to the plaintiffs such liability will have been a proximate result of the Third-Party Defendants' breach of the implied warranty of fitness for a particular purpose.

49. AHC has incurred and will continue to incur attorney's fees and costs and any liability it may incur to the plaintiffs herein.

WHEREFORE, Ace Home Center, Inc., demands judgment against Pate Stevedore Company, Inc., Pensacola Stevedore Company, Inc., Fireman's Fund Insurance Company, Devon International Industries, Inc., Taishan Gypsum Co. Ltd., and/or Fictitious Third-Party Defendants A through O for any liability it may incur to any plaintiffs herein, for attorney's fees, costs and such other and further relief as the court may deem just and proper.

## COUNT VI

## BREACH OF EXPRESS WARRANTY

50. AHC adopts and incorporates the allegations of paragraphs 1 through 49 as though fully set forth herein.

51. Third-Party Defendants expressly affirmed that the product was Gypsum Drywall with specifications identical to Georgia-Pacific Gypsum Drywall, an express warranty under the law.  Alternately, Third-Party Defendants expressly affirmed that the CDW met certain ASTM standards.  Alternately, Third-Party Defendants expressly affirmed that the CDW met or exceeded U.S. safety standards and/or that the CDW was equivalent to or exceeded the quality of U.S. drywall.

52. In the event AHC is found liable to the plaintiffs, such liability will have been the proximate result of the Third-Party Defendants' breach of express warranty.  The Third-Party Defendants' breach of warranty has damaged and will continue to damage AHC by virtue of attorney's fees, costs and any liability it may incur to the plaintiffs.

WHEREFORE, Ace Home Center, Inc., demands judgment against Pate Stevedore Company, Inc., Pensacola Stevedore Company, Inc., Fireman's Fund Insurance Company, Devon International Industries, Inc., Taishan Gypsum Co. Ltd., and/or Fictitious Third-Party Defendants A through O for any liability it may incur to any plaintiffs herein, for attorney's fees, costs and such other and further relief as the court may deem just and proper.

## PRAYER FOR RELIEF

WHEREFORE, PREMISES CONSIDERED, Ace Home Center, Inc., demands judgment against Pate Stevedore Company, Inc., Pensacola Stevedore Company, Inc., Fireman's Fund Insurance Company, Devon International Industries, Inc., Taishan Gypsum Co. Ltd., and

fictitious Third-Party Defendants A through O in an amount equal to any judgment entered against Ace Home Center, Inc., and/or in the amount of any settlement entered into with the plaintiffs to resolve the subject litigation, plus attorney's fees and costs.  Ace Home Center, Inc., prays for such other and further relief that this Honorable Court deems just and proper.

### THIRD-PARTY PLAINTIFF DEMANDS TRIAL BY STRUCK JURY

Respectfully submitted,

**/ s / *Danny J. Collier, Jr.***

Danny J. Collier, Jr., Esq.
E. Barrett Hails, Esq.
Attorneys for Ace Home Center, Inc.

OF COUNSEL:

LUTHER, COLLIER, HODGES & CASH LLP
Post Office Box 1002
Mobile, Alabama 36633
(251) 694-9393 Office
(251) 694-9392 Fax
dcollier@lchclaw.com
bhails@lchclaw.com


**SERVE BY CERTIFIED MAIL:**

| | |
|---|---|
| Devon International Industries, Inc.<br>1100 First Avenue<br>Suite 100<br>King of Prussia, PA 19406 | Taishan Gypsum Co. Ltd.<br>c/o Richard C. Stanley, Esq.<br>Thomas P. Owen, Jr., Esq.<br>Stanley, Reuter, Ross, Thornton & Alford, LLC<br>909 Poydras Street<br>Suite 2500<br>New Orleans, Louisiana 70112 |

### <u>CERTIFICATE OF SERVICE</u>

I hereby certify that the above and foregoing First Amended Third-Party Complaint has been served on Plaintiffs' Liaison Counsel, Russ Herman and Defendants' Liaison Counsel, Kerry Miller, by U.S. Mail and e-mail or by hand-delivery upon all parties by electronically uploading the same to Lexis Nexis File & Serve in accordance with Pretrial Order No. 6, and that

---

Case No.: 13-6653
Our File No.: 13-052
Page **11** of **12**

the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2047, on this 19th day of September, 2014.

| | |
|---|---|
| Stephen W. Mullins, Esq.<br>Luckey & Mullins, PLLC<br>Post Office Box 990<br>Ocean Springs, MS 39566<br>smullins@luckeyandmullins.com | David C. Coons, Esq.<br>Christopher A. D'Amour, Esq.<br>Adams and Reese LLP<br>4500 One Shell Square<br>New Orleans, LA 70139<br>david.coons@arlaw.com<br>chris.damour@arlaw.com |
| Heather M. Houston, Esq.<br>Caroline Pryor, Esq.<br>Carr Allison<br>6251 Monroe Street<br>Suite 200<br>Daphne, Alabama 36526<br>hhouston@carrallison.com<br>cpryor@carrallison.com | S. Wesley Pipes, Esq.<br>Pipes Hudson & Watts, LLP<br>Post Office Box 989<br>Mobile, Alabama 36601<br>wesley@pipeshudsonwatts.com |
| Gary J. Russo, Esq.<br>Jones Walker LLP<br>600 Jefferson Street<br>Suite 1600<br>Lafayette, LA 70501<br>grusso@joneswalker.com | Richard C. Stanley, Esq.<br>Thomas P. Owen, Jr., Esq.<br>Stanley, Reuter, Ross, Thornton & Alford, LLC<br>909 Poydras Street<br>Suite 2500<br>New Orleans, Louisiana 70112<br>rcs@stanleyreuter.com<br>tpo@stanleyreuter.com |
| Joe Cyr, Esq.<br>Frank T. Spano, Esq.<br>Courtney L. Colligan, Esq.<br>Hogan Lovells US LLP<br>875 Third Avenue<br>New York, New York 10022<br>Joe.cyr@hoganlovells.com<br>Frank.spano@hoganlovells.com<br>Courtney.colligan@hoganlovells.com | |

                                                                 **/ s /** *Danny J. Collier, Jr.*
                                                             OF COUNSEL