UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE:  CHINESE-MANUFACTURED  DRYWALL PRODUCTS LIABILITY  LITIGATION | * * * | MDL 2047  SECTION: "L" |
| * * * * * * * * * * * * * * * * * * * * * * * * * * | | |
| This document relates to ALL CASES | * * | JUDGE: FALLON |
| * * * * * * * * * * * * * * * * * * * * * * * * * * | | MAG. JUDGE:  WILKINSON |

**PRE-TRIAL ORDER NO. 28(E)**

On January 10, 2014, this Court entered Pretrial Order 28 regarding attorney fee and cost reimbursement guidelines [Rec. Doc. 17379].  On January 27, 2014, this Court entered Pretrial Order 28(A) clarifying that the time and expense records to be considered pursuant to PTO 28 shall reflect work performed up to and including December 31, 2013 [Rec. Doc. 17402]. On March 25, 2014, this Court entered Pretrial Order 28(B) [Rec. Doc. 17567] extending certain deadlines contained in PTO 28. On April 28, 2014, this Court entered Pretrial Order 28(C) [Rec. Doc. 17639] further extending some of the deadlines set forth, in Step Three of PTO 28.  On July 9, 2014, this Court entered Pretrial Order 28(D) [Rec. Doc. 17832] which appointed Leonard A. Davis as Assistant Secretary to the Fee Committee.

This Court shall address the allocation of common benefit fees and individual counsels' fees as follows:

1. The Court appointed CPA, Philip A. Garrett, has advised that various counsel submitting monthly time and expense records pursuant to Step One of Pretrial Order 28 have requested that certain time or expense submissions be amended.  Pretrial Order 9, General Standards (5), provides in part "Any time or expense records submitted more than 6 months in arrears may not be considered or included in any

...

compilation of time or expense calculation and shall be disallowed, except for good cause shown and with Court approval." Sufficient time has been given to counsel to request amendment of time and/or expenses and, therefore, <u>as of October 21, 2014, no further amendments or submissions shall be allowed regarding time or expenses incurred prior to January 1, 2014</u>. Time and expense submissions on or after January 1, 2014 shall be governed by the 6-month limitations set forth in Pretrial Order 9, <u>General Standards (5)</u>.

2. At a later date, the Court shall set a time and briefing schedule for the PSC to file a motion to determine whether a common benefit assessment upon the claims of opt-outs represented by attorneys seeking a common benefit fee and/or reimbursement of expenses pursuant to PTO 28 is warranted.

3. At a later date, the Court shall schedule discovery and, if necessary, set a briefing schedule in connection with the Motion of the Plaintiffs' Steering Committee ("PSC") for Additional Common Benefit Assessments [Rec. Doc. 17831].

4. By no later than October 27, 2014, the FC shall file a motion to determine the amount of reimbursement that a claimant should recover for costs, including the expenses for inspection of each property containing Knauf Plasterboard Tianjin Chinese drywall, in addition to any amount that should be withheld from the Attorney's Fee Funds held in Qualified Settlement Funds for use in connection with ongoing remaining litigation (the "Inspection Cost and Hold Back Motion"). Oppositions to this motion shall be filed within fifteen (15) days of the filing of the motion, and any reply to any opposition shall be filed within twenty-five (25) days of the filing of the original motion.

5. By no later than November 4, 2014, Philip A. Garrett shall file with the Court a revised Affidavit setting forth the updated total time and expenses submitted to and accepted by Philip A. Garrett for the firms that seek compensation for common benefit attorneys' fees and reimbursement of expenses pursuant to PTO 9 and PTO 28.

6. After the Court rules upon the Consolidated Joint Petition of the Fee Committee and the Plaintiffs' Steering Committee for a Global Award of Attorneys' Fees and Reimbursement of Expenses, filed pursuant to Pretrial Order No. 28 ("Global Fee Petition") [Rec. Doc. 17700], and the Inspection Cost and Hold Back Motion, the Court shall set a date for the Fee Committee ("FC") to file a motion to determine the allocation of the global fee award as between common benefit fees and individual counsels' fees. Opposition to the motion shall be filed no later than twenty (20) days after the filing of the motion, and any reply shall be filed within thirty-five (35) days after the filing of the motion.

7. After the Court rules upon the Inspection Cost and Hold Back Motion, the Court shall set a date for the FC to file a motion recommending reimbursement for and disbursement of individual counsels' expenses, including inspection costs of individual claimants' properties containing Knauf Plasterboard Tianjin Chinese drywall. Opposition to the motion shall be filed no later than twenty (20) days after the filing of the motion, and any reply shall be filed within thirty-five (35) days after the filing of the motion.

8. After the Court rules upon the Global Fee Petition and the Inspection Cost and Hold Back Motion, the Court shall set a date for the FC to file a motion recommending

disbursement of held expenses to the various firms seeking reimbursement of held expenses pursuant to PTO 9 and PTO 28. Oppositions to this motion shall be filed within fifteen (15) days of the filing of the motion, and any response to any opposition shall be filed within twenty-five (25) days of the filing of the original motion.

9. Paragraph 18 of PTO 28 is hereby amended to read as follows:

> At a later date, the Court shall set the time for the Fee Committee to make a separate recommendation of fee allocation for each participating attorney or law firm which has submitted a Second Affidavit. The FC shall provide to each participating attorney or law firm notice of the Committee's recommendation as it pertains to the participating attorney or law firm.

10. The Court may, if necessary, appoint a Special Master to consider any objections.

New Orleans, Louisiana, this 6th day of October, 2014.

_____
ELDON E. FALLON
UNITED STATES DISTRICT JUDGE