UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: CHINESE-MANUFACTURED | * | MDL No.  2047 |
| DRYWALL PRODUCTS LIABILITY | * | |
| LITIGATION | * | |
| | * | SECTION L |
| THIS DOCUMENT RELATES TO | * | JUDGE FALLON |
| | * | MAG. JUDGE WILKINSON |
| Braxton H. Collins, et al., vs. Bass Homes, Inc., | * | |
| Et al.; S.D. Mississippi, C.A. No. 1:13-00297 | * | **Case No.:  13-6652** |

## ANSWER TO FIRST AMENDED THIRD PARTY COMPLAINT

Come now the Third-Party Defendants identified in Ace Home Center, Inc.'s ("AHC") Third Party Complaint as Pensacola Stevedore Company, Inc. ("Pensacola Stevedore") and Pate Stevedore Company, Inc. ("Pate Stevedore") and, without waiving their right to object to this Court's personal jurisdiction over them, and expressly reserving the right to move to dismiss AHC's Third Party Complaint on that basis, answers the allegations contained in AHC's First Amended Third Party Complaint as follows:

1.      Third-Party Defendants are without sufficient information to respond to the allegations contained in this paragraph and therefore they are denied.

2.      Denied.

3.      Third-Party Defendants admit that Pensacola Stevedore is a corporation organized and existing under the laws of the State of Florida.  All other allegations contained in this paragraph are denied.

4.      Third-Party Defendants admit the allegations of Paragraph 4 except that they lack knowledge and information sufficient to form a belief as to whether any Chinese drywall "at issue" in this litigation originated from the shipment of drywall aboard the M/V SANKO RALLY, and on that basis deny those allegations.

5.      Third-Party Defendants admit the allegations of Paragraph 5 except that they lack knowledge and information sufficient to form a belief as to whether any Chinese drywall "at issue" in this litigation originated from the shipment of drywall aboard the M/V SANKO RALLY, and on that basis deny those allegations.

6.      Third-Party Defendants admit the allegations of Paragraph 6 except that they lack knowledge and information sufficient to form a belief as to whether any Chinese drywall "at issue" in this litigation originated from the shipment of drywall aboard the M/V SANKO RALLY, and on that basis deny those allegations.

7.      There is no fictitious party practice in the United States District Courts and as such no response is required to the allegations contained in this paragraph.

8.      There is no fictitious party practice in the United States District Courts and as such no response is required to the allegations contained in this paragraph.

9.      There is no fictitious party practice in the United States District Courts and as such no response is required to the allegations contained in this paragraph.

10.     Third-Party Defendants admit the allegations of Paragraph 10 except that they lack knowledge and information sufficient to form a belief as to whether any Chinese drywall "at issue" in this litigation originated from the shipment of drywall aboard the M/V SANKO RALLY, and on that basis deny those allegations.

11.     Third-Party Defendants admit the allegations of Paragraph 11 except that they lack knowledge and information sufficient to form a belief as to whether any Chinese drywall "at issue" in this litigation originated from the shipment of drywall aboard the M/V SANKO RALLY, and on that basis deny those allegations.

12.     Admitted.

13.     Admitted.

14.     Denied.

15.     Denied.

16.     Defendants admit that Pensacola Stevedore sold some CDW originating from the vessel *Sanko Rally* to AHC.  All other allegations, including the allegation that any of this particular CDW is incorporated into Plaintiffs' home is denied.

17.     No response is required to the allegations contained in this paragraph.  The Complaint speaks for itself.

18.     No response is required to the allegations contained in this paragraph.  The Complaint speaks for itself.

19.     No response is required to the allegations contained in this paragraph.  The Complaint speaks for itself.

20.     Denied.

## COUNT I

## COMMON LAW OR EQUITABLE INDEMNITY

21.     Third-Party Defendants adopt their responses to all preceding paragraphs as if fully set forth herein.

22.     Denied.

23.     Third-Party Defendants admit that Taishan designed, manufactured, fabricated, marketed, sold, and placed into the stream of commerce Chinese drywall.  The plaintiffs' Complaint speaks for itself with respect to the remaining allegations of Paragraph 23.

24.     The allegations contained in this paragraph are not directed toward these answering third-party defendants and as such no response is required.  To the extent that the

allegations contained in this paragraph are directed towards these third-party defendants they are denied.

25.     The allegations contained in this paragraph are not directed toward these third-party defendants and as such no response is required.  To the extent that the allegations contained in this paragraph are directed towards these defendants they are denied.

26.     The allegations contained in this paragraph are not directed toward these third-party defendants and as such no response is required.  To the extent that the allegations contained in this paragraph are directed towards these defendants they are denied.

27.     Denied.

28.     Denied.

29.     Denied.

## COUNT II

## BREACH OF CONTRACT

30.     Third-Party Defendants adopt their responses to all preceding paragraphs as is fully set forth herein.

31.     Denied.

## COUNT III

## NEGLIGENCE AND GROSS NEGLIGENCE

32.     Third-Party Defendants adopt their responses to all preceding paragraphs as if fully set forth herein.

33.     Third-Party Defendants admit that Taishan manufactured, fabricated, marketed, sold, and placed into the stream of commerce Chinese drywall.  The plaintiffs' Complaint speaks for itself with respect to the remaining allegations of Paragraph 23.

34.     The allegations contained in this paragraph are not directed toward these third-party defendants and as such no response is required.  To the extent that the allegations contained in this paragraph are directed towards these third-party defendants they are denied.

35.     The allegations contained in this paragraph are not directed toward these third-party defendants and as such no response is required.  To the extent that the allegations contained in this paragraph are directed towards these third-party defendants they are denied.

36.     The allegations contained in this paragraph are not directed toward these third-party defendants and as such no response is required.  To the extent that the allegations contained in this paragraph are directed towards these third-party defendants they are denied.

37.     Denied.

38.     Denied.

39.     Denied.

40.     Denied.

41.     Denied.

## **COUNT IV**

## **BREACH OF IMPLIED WARRANTY OF MERCHANTIBILITY**

42.     Third-Party Defendants adopt their responses to all preceding paragraphs as if fully set forth herein.

43.     Denied.

44.     Denied.

45.     Denied.

## COUNT V

## BREACH OF IMPLIED WARRANTY OF FITNESS FOR A PARTICULAR PURPOSE

46.     Third-Party Defendants adopt their responses to all preceding paragraphs as if fully set forth herein.

47.     Denied.

48.     Denied.

49.     Denied.

## COUNT VI

## BREACH OF EXPRESS WARRANTY

50.     Third-Party Defendants adopt their responses to all preceding paragraphs as if fully set forth herein.

51.     Denied.

52.     Denied.

### FIRST AFFIRMATIVE DEFENSE

Ace Home Center, Inc. fails to state a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

AHC's claims are barred by the applicable statute of limitations.

### THIRD AFFIRMATIVE DEFENSE

Any drywall product that may have been sold to AHC excluded any and all express or implied warranties and was sold as salvage, damaged goods in a discounted and "as is" condition.

FOURTH AFFIRMATIVE DEFENSE

If AHC incurs any liability to plaintiffs, it will be as a result of AHC's own active fault or negligence, its own conduct, or its own breach of warranty, and therefore AHC cannot recover from Pensacola Stevedore or Pate Stevedore on its claims.

FIFTH AFFIRMATIVE DEFENSE

This court lacks personal jurisdiction over Pensacola Stevedore or Pate Stevedore.

SIXTH AFFIRMATIVE DEFENSE

Venue is improper as to Pensacola Stevedore or Pate Stevedore.

SEVENTH AFFIRMATIVE DEFENSE

No causal relation exists between the activities of Pensacola Stevedore or Pate Stevedore, if any, in the alleged handling of the drywall and any defective condition of the drywall, if any.

EIGHTH AFFIRMATIVE DEFENSE

Pensacola Stevedore and Pate Stevedore are not engaged in the business of manufacturing, supplying, selling, marketing, or placing drywall products on the market, and are not merchants with respect to goods of that kind.

NINTH AFFIRMATIVE DEFENSE

Pensacola Stevedore and Pate Stevedore plead lack of pre-suit notice with respect to any alleged breach of warranty.

TENTH AFFIRMATIVE DEFENSE

Pensacola Stevedore and Pate Stevedore plead the closed container doctrine.

ELEVENTH AFFIRMATIVE DEFENSE

AHC and the underlying plaintiffs have failed to mitigate their damages.

TWELFTH AFFIRMATIVE DEFENSE

Any damage claimed by AHC and/or the underlying plaintiffs was caused by a superseding event for which Pensacola Stevedore and Pate Stevedore are not responsible.

THIRTEENTH AFFIRMATIVE DEFENSE

Pensacola Stevedore and Pate Stevedore plead the statute of frauds.

FOURTEENTH AFFIRMATIVE DEFENSE

Any recovery by the plaintiffs against AHC will be due to AHC's own contributory or comparative negligence and on that basis AHC cannot recover against Pensacola Stevedore or Pate Stevedore or its recovery should be reduced proportionately.

FIFTEENTH AFFIRMATIVE DEFENSE

Pensacola Stevedore and Pate Stevedore adopt and incorporate, as if fully set forth herein, any and all affirmative defenses set forth by any other third-party defendant to AHC's claims.

SIXTEENTH AFFIRMATIVE DEFENSE

Pensacola Stevedore and Pate Stevedore adopt and incorporate, as if fully set forth herein, any and all affirmative defenses stated by AHC to the underlying plaintiffs' claims against AHC.

SEVENTEENTH AFFIRMATIVE DEFENSE

Pensacola Stevedore and Pate Stevedore reserve the right to amend and/or state additional affirmative defenses.

WHEREFORE Third-Party Defendants, Pensacola Stevedore and Pate Stevedore pray that the Court will deny Third-Party Plaintiff AHC's claims and its requested relief, and further request attorneys' fees, litigation costs, and all other relief to which they may be entitled.

s/s  S. Wesley Pipes, V.
_____
S. WELSEY PIPES, V.
Alabama Bar No. ASB6226-P71S
WILLIAM W. WATTS, III
Alabama Bar No. ASB5095-S67W


**OF COUNSEL:**

PIPES, HUDSON & WATTS, L.L.P.
P.O. Box 989
Mobile, AL  36601-0989
PH:     251-432-7200
FX:     251-432-0073
bill@pipeshudsonwatts.com
wesley@pipeshudsonwatts.com


## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the 6th day of  October, 2014, the above foregoing Answer has been served on Plaintiffs' Liaison Counsel, Russ Herman, and Defendants' Liaison Counsel, Kerry Miller, by U.S. Mail and e-mail, that the following was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the EM/ECF System which will send a notice of electronic filing in accordance with the procedures established in MDL 09-2047, and served by electronically uploading the same to LexisNexis File & Serve in accordance with Pretrial Order No. 6 on the following:

Danny J. Collier, Jr., Esq.
Lewis Robert Shreve, Esq.
Stephen W. Mullins, Esq.
Stewart Howard, Esq.
Heather M. Houston, Esq. (AH Corp – not appeared in MDL)
Caroline Pryor, Esq.                 "
David C. Coons, Esq.  (AH Corp – not appeared in MDL)
Christopher A. D'Amour, Esq.  (AH Corp. – not appeared in MDL)
Gary J. Russo, Esq.  (FF – not appeared in MDL)


s/s  S. Wesley Pipes, V.
_____
S. WESLEY PIPES, V.