**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

IN RE:      CHINESE-MANUFACTURED DRYWALL
            PRODUCTS LIABILITY LITIGATION          **MDL No.** 2047
                                                   SECTION: L
_____

THIS DOCUMENT RELATES TO:                          JUDGE FALLON
                                                   MAG. JUDGE WILKINSON
2:13-cv-06653-EEF-JCW
Jason S. Herrington, et al. v. Bass Homes, Inc., et al.

_____

---

**FIRST AMENDED ANSWER OF DEFENDANT ACE HARDWARE CORPORATION**
**TO PLAINTIFFS' AMENDED COMPLAINT**

---

COMES NOW, Ace Hardware Corporation (hereinafter "Defendant" or "Ace Hardware") and

for its First Amended Answer to Plaintiffs' Amended Complaint states as follows:


**<u>PARTIES</u>**

1.      Admitted upon information and belief that Plaintiffs are residents of Mississippi.  The

remaining allegations of this paragraph are denied and Defendant demands strict proof thereof.

2.      Defendant believes Bass Homes, Inc. to be an Alabama corporation with its principal

place of business located in Alabama.  The remaining allegations of this paragraph are denied and

Defendant demands strict proof thereof.

3.      Admitted only that Defendant's principal place of business is located in Illinois.  The

remaining allegations contained in this paragraph are denied and this Defendant demands strict

proof thereof.

4.      Defendant believes Ace Home Center, Inc. to be an Alabama corporation with its

principal place of business located in Alabama.  The remaining allegations of this paragraph are

denied and Defendant demands strict proof thereof.

5.      This Defendant is without sufficient information or knowledge to form a belief as to the truth or accuracy of the allegations of this paragraph of the Amended Complaint.  Hence, said allegations are denied and this Defendant demands strict proof thereof.

## JURISDICTION AND VENUE

6.      This Defendant is without sufficient information or knowledge to form a belief as to the truth or accuracy of the allegations of this paragraph of the Amended Complaint.  Hence, said allegations are denied and this Defendant demands strict proof thereof.

7.      This Defendant is without sufficient information or knowledge to form a belief as to the truth or accuracy of the allegations of this paragraph of the Amended Complaint.  Hence, said allegations are denied and this Defendant demands strict proof thereof.

## FACTS

8.      This Defendant is without sufficient information or knowledge to form a belief as to the truth or accuracy of the allegations of this paragraph of the Amended Complaint.  Hence, said allegations are denied and this Defendant demands strict proof thereof.

9.      This Defendant is without sufficient information or knowledge to form a belief as to the truth or accuracy of the allegations of this paragraph of the Amended Complaint.  Hence, said allegations are denied and this Defendant demands strict proof thereof.

10.      This Defendant is without sufficient information or knowledge to form a belief as to the truth or accuracy of this paragraph of this Amended Complaint as it pertains to whether Defendant Bass Homes was the General Contractor and built the subject residence.   The remaining allegations contained in this Amended Complaint are denied.

11.      This Defendant is without sufficient information or knowledge to form a belief as to the truth or accuracy of the allegations of this paragraph of the Amended Complaint.  Hence, said allegations are denied and this Defendant demands strict proof thereof.

12.     Denied.

13.     This Defendant is without sufficient information or knowledge to form a belief as to the truth or accuracy of the allegations of this paragraph of the Amended Complaint.  Hence, said allegations are denied and this Defendant demands strict proof thereof.

14.     Denied.

15.     Denied as to this Defendant.

16.     Denied.

17.     Denied.

18.     Denied.

19.     Denied.

20.     Denied as to this Defendant.

21.     Denied as to this Defendant.

## COUNT I
## BREACH OF CONTRACT

22.     This Defendant reasserts and realleges all of its responses asserted herein as if set out in full.

23.     This paragraph does not contain allegations against this Defendant.  To the extent that such allegations are intended, same are denied and this Defendant demands strict proof thereof.

24.     This paragraph does not contain allegations against this Defendant.  To the extent that such allegations are intended, same are denied and this Defendant demands strict proof thereof.

25.     Denied.

26.     Denied.

27.     Denied as to this Defendant.

28.     Denied.

29.     Denied.

30.     This paragraph does not contain allegations against this Defendant.  To the extent that such allegations are intended, same are denied and this Defendant demands strict proof thereof.

31.     Denied.

32.     Denied as to this Defendant.

33.     Denied as to this Defendant.

34.     Denied as to this Defendant.

WHEREFORE, this Defendant denies it is liable for any type or kind of damages and prays for judgment in its favor with attorney's fees, costs, and such other, further or additional relief to which it might be entitled.

## COUNT II
## NEGLIGENCE AND GROSS NEGLIGENCE

35.     This Defendant reasserts and realleges all of its responses asserted herein as if set out in full.

36.     Denied as to this Defendant.

37.     Denied as to this Defendant.

38.     Denied as to this Defendant.

39.     Denied as to this Defendant.

40.     Denied as to this Defendant.

41.     Denied as to this Defendant.

WHEREFORE, this Defendant denies it is liable for any type or kind of damages and prays for judgment in its favor with attorney's fees, costs, and such other, further or additional relief to which it might be entitled.

## COUNT III
## BREACH OF IMPLIED WARRANTIES AND OTHER WARRANTIES

42.     This Defendant reasserts and realleges all of its responses asserted herein as if set out in full.

43.     This paragraph does not contain allegations against this Defendant.  To the extent that such allegations are intended, same are denied and this Defendant demands strict proof thereof.

44.     Denied as to this Defendant.

45.     Denied as to this Defendant.

46.     Denied.

47.     Denied as to this Defendant.

48.     Denied.

49.     Denied.

50.     Denied.

51.     Denied.

52.     Denied.

53.     Denied.

54.     This paragraph does not contain allegations against this Defendant.  To the extent that such allegations are intended, same are denied and this Defendant demands strict proof thereof.

55.     This paragraph does not contain allegations against this Defendant.  To the extent that such allegations are intended, same are denied and this Defendant demands strict proof thereof.

56.     This paragraph does not contain allegations against this Defendant.  To the extent that such allegations are intended, same are denied and this Defendant demands strict proof

thereof.

57.    Denied as to this Defendant.

58.    Denied as to this Defendant.

WHEREFORE, this Defendant denies it is liable for any type or kind of damages and prays for judgment in its favor with attorney's fees, costs, and such other, further or additional relief to which it might be entitled.

## COUNT IV
## NEW HOME WARRANTY ACT

59.    This Defendant reasserts and realleges all of its responses asserted herein as if set out in full.

60.    Denied as to this Defendant.

61.    Denied as to this Defendant.

WHEREFORE, this Defendant denies it is liable for any type or kind of damages and prays for judgment in its favor with attorney's fees, costs, and such other, further or additional relief to which it might be entitled.

## COUNT V
## FAILURE TO PROCURE A WARRANTY

62.    This Defendant reasserts and realleges all of its responses asserted herein as if set out in full.

63.    Denied as to this Defendant.

## COUNT VI
## CLAIM FOR DECLARATORY RELIEF

64.    This Defendant reasserts and realleges all of its responses asserted herein as if set out in full.

65.    Denied that Plaintiffs are entitled to the relief sought from this Defendant.

## COUNT VI [sic]
## FAILURE TO WARN

66.     This Defendant reasserts and realleges all of its responses asserted herein as if set out in full.

67.     Denied as to this Defendant.

68.     Denied as to this Defendant.

69.     Denied as to this Defendant.

70.     Denied as to this Defendant.

71.     Denied as to this Defendant.

72.     Denied as to this Defendant.

73.     Denied as to this Defendant.

74.     Denied as to this Defendant.

75.     Denied as to this Defendant.

76.     Denied as to this Defendant.

## COUNT VII
## FRAUD-BASS HOMES, INC.

77.     This Defendant reasserts and realleges all of its responses asserted herein as if set out in full.

78.     This paragraph does not contain allegations against this Defendant.  To the extent that such allegations are intended, same are denied and this Defendant demands strict proof thereof.

79.     This paragraph does not contain allegations against this Defendant.  To the extent that such allegations are intended, same are denied and this Defendant demands strict proof thereof.

80.     This paragraph does not contain allegations against this Defendant.  To the extent

that such allegations are intended, same are denied and this Defendant demands strict proof thereof.

81.     This paragraph does not contain allegations against this Defendant.  To the extent that such allegations are intended, same are denied and this Defendant demands strict proof thereof.

82.     This paragraph does not contain allegations against this Defendant.  To the extent that such allegations are intended, same are denied and this Defendant demands strict proof thereof.

## COUNT IX [sic]
## INTENTIONAL/NEGLIGENT MISREPRESENTATION

83.     This Defendant reasserts and realleges all of its responses asserted herein as if set out in full.

84.     Denied as to this Defendant.

85.     Denied as to this Defendant.

86.     Denied as to this Defendant.

87.     Denied as to this Defendant.

## COUNT X
## ALTERNATIVE PLEADING OF BREACH OF
## WARRANTY OF FITNESS

88.     This Defendant reasserts and realleges all of its responses asserted herein as if set out in full.

89.     Denied.

90.     Denied as to this Defendant.

91.     Denied as to this Defendant.

92.     Denied as to this Defendant.

8

## COUNT XI
## UNJUST ENRICHMENT

93.     This Defendant reasserts and realleges all of its responses asserted herein as if set out in full.

94.     Denied as to this Defendant.

95.     Denied as to this Defendant.

96.     Denied as to this Defendant.

97.     Denied as to this Defendant.

98.     Denied as to this Defendant.

## COUNT XII
## THIRD-PARTY BENEFICIARY

99.     This Defendant reasserts and realleges all of its responses asserted herein as if set out in full.

100.    This paragraph does not contain allegations against this Defendant.  To the extent that such allegations are intended, same are denied and this Defendant demands strict proof thereof.

101.    This paragraph does not contain allegations against this Defendant.  To the extent that such allegations are intended, same are denied and this Defendant demands strict proof thereof.

102.    This paragraph does not contain allegations against this Defendant.  To the extent that such allegations are intended, same are denied and this Defendant demands strict proof thereof.

103.    This paragraph does not contain allegations against this Defendant.  To the extent that such allegations are intended, same are denied and this Defendant demands strict proof thereof.

104.     Denied as to this Defendant.

## COUNT XIII
## DECEPTIVE TRADE PRACTICES

105.     This Defendant reasserts and realleges all of its responses asserted herein as if set out in full.

106.     Denied as to this Defendant.

107.     Denied as to this Defendant.

## COUNT XIV
## RESPONDEAT SUPERIOR

108.     This Defendant reasserts and realleges all of its responses asserted herein as if set out in full.

109.     Denied as to this Defendant.

110.     Denied as to this Defendant.

111.     Denied as to this Defendant.

112.     Denied that Plaintiffs are entitled to relief of any type from this Defendant. Defendant reserves the right to respond to the allegations made in Plaintiffs' Complaint, and any amendments thereto, in any manner allowed by applicable law, and accepts no limitations on that right which Plaintiffs may seek to impose with this or any other pleading.

## COUNT XV
## CONSTRUCTIVE FRAUD

113.     This Defendant reasserts and realleges all of its responses asserted herein as if set out in full.

114.     Denied as to this Defendant.

115.     Denied as to this Defendant.

## COUNT XVI
## PRIVATE NUISANCE

116.    This Defendant reasserts and realleges all of its responses asserted herein as if set out in full.

117.    This paragraph does not contain allegations against this Defendant.  To the extent that such allegations are intended, same are denied and this Defendant demands strict proof thereof.

118.    This paragraph does not contain allegations against this Defendant.  To the extent that such allegations are intended, same are denied and this Defendant demands strict proof thereof.

119.    This paragraph does not contain allegations against this Defendant.  To the extent that such allegations are intended, same are denied and this Defendant demands strict proof thereof.

## COUNT XVII
## COMPENSATORY DAMAGES

120.    This Defendant reasserts and realleges all of its responses asserted herein as if set out in full.

121.    Denied as to this Defendant.

122.    Denied as to this Defendant.

## COUNT XVIII
## PUNITIVE DAMAGES

123.    This Defendant reasserts and realleges all of its responses asserted herein as if set out in full.

124.    Denied as to this Defendant.

125.    Denied as to this Defendant.

## COUNT XVIX
## DAMAGES

126.    This Defendant reasserts and realleges all of its responses asserted herein as if set out in full.

127.    a.    Denied as to this Defendant.

b.    Denied as to this Defendant.

c.    Denied as to this Defendant.

d.    Denied as to this Defendant.

e.    Denied as to this Defendant.

f.    Denied as to this Defendant.

g.    Denied as to this Defendant.

## DEMAND FOR JURY TRIAL

This paragraph does not contain allegations against this Defendant.  To the extent that such allegations are intended, same are denied and this Defendant demands strict proof thereof.

## PRAYER FOR RELIEF

a.    Denied that Plaintiffs are entitled to the relief sought from this Defendant.

b.    Denied that Plaintiffs are entitled to the relief sought from this Defendant.

c.    Denied that Plaintiffs are entitled to the relief sought from this Defendant.

d.    Denied that Plaintiffs are entitled to the relief sought from this Defendant.

e.    Denied that Plaintiffs are entitled to the relief sought from this Defendant.

## AFFIRMATIVE DEFENSES

## FIRST DEFENSE

Fault and liability must be apportioned in accordance with Mississippi Code Annotated section 85-5-7 and 11-7-15.

**SECOND DEFENSE**

Plaintiffs' claims are barred by the doctrine of finality.

**THIRD DEFENSE**

Defendant generally pleads the protections, limitations, caps and defenses afforded to it by Mississippi Code Annotated section 11-1-65, as amended, including, but not limited to, the right to demand that any claim for punitive damages sought against them be proven by clear and convincing evidence, that the jury be required to make a separate finding in favor of the Plaintiff of liability for compensatory damages in a bifurcated proceeding independently of any consideration of the issue of punitive damages, that the Court act as "gate keeper" and use its discretion as to whether the issue of punitive damages goes before the trier of fact, and that any award of punitive damages made, if any at all, be made subject to, and if necessary, reduced to conform with the limitations provided by Mississippi Code Annotated section 11-1-65(3) as amended.

**FOURTH DEFENSE**

Defendant pleads all of the procedural safeguards for which they are entitled to as pronounced and provided by the United States Supreme Court in *Cooper Indus., Inc. v. Leatherman Tool Group, Inc.*, 121 S. Ct. 1678 (2001), including (1) the right to have the court, and not the finder of fact, determine whether punitive damages should be awarded and the amount, if any, of such damages to be awarded and (2) the right to have any award of punitive damages which may be made against it, if any at all, be subject to *de novo* review by either the trial court or an applicable appeals court, including the United States Supreme Court.

**FIFTH DEFENSE**

Plaintiffs have failed to state a claim upon which punitive damages and/or exemplary damages may be awarded.

13

**SIXTH DEFENSE**

Defendant asserts and pleads the applicable provisions of Mississippi Code Annotated section 11-1-65, as amended, which pertain to the imposition of punitive damages.

**SEVENTH DEFENSE**

Defendant asserts that any award of punitive damages to Plaintiff in this case would be in violation of the constitutional rights and safeguards provided to Defendants under the Constitution of the State of Mississippi and the Constitution of the United States of America including, without limitation, that there are no effective constraining limitations placed upon a jury's discretion in considering the imposition or amount of punitive damages, there are no meaningful trial court and appellate review mechanisms to constitutionally confirm any punitive damage award; imposition would allow a verdict tainted by passion and prejudice; and Plaintiff impermissibly seeks a punitive damage award that bears an unconstitutional relationship to the alleged actual amount in question.

**EIGHTH DEFENSE**

Imposition of punitive damages in this case would constitute a violation of Plaintiff's constitutional rights under the Fourth, Fifth, Sixth, Eighth, and Fourteenth Amendments to the United States Constitution.

**NINTH DEFENSE**

Imposition of punitive damages in this case would constitute a violation of due process and/or would be a violation of the statutory law of this state providing for such penalties.

**TENTH DEFENSE**

Any award of punitive damages in this case would violate the constitutional rights and safeguards provided to Defendant under the Due Process Clause of the Fourteenth Amendment and/or Fifth Amendment to the Constitution of the United States of America and/or under the due process clause of Article III, Section 14 of the Constitution of the State of Mississippi in that punitive

14

damages and any method to which they might be assessed are unconstitutionally vague and not rationally related to legitimate government interests.

## ELEVENTH DEFENSE

The procedure and/or standards governing imposition of punitive damages are impermissibly vague, arbitrary, improper, and/or violate the Due Process Clause of the Fourteenth Amendment and/or the Fifth Amendment of the Constitution of the United States and/or Article III, Section 14 of the Constitution of the State of Mississippi.

## TWELFTH DEFENSE

Any award of punitive damages in this case would violate the procedural and/or substantive safeguards provided to Defendant under the Fifth, Sixth, Eighth and/or Fourteenth Amendments to the Constitution of the United States and/or under Article III, Section 14 and Section 26 of the Constitution of the State of Mississippi, in that punitive damages are penal in nature and, consequently, Defendant is entitled to the same procedural and substantive safeguards accorded to criminal defendants.

## THIRTEENTH DEFENSE

Defendant asserts that it would violate the Self-Incrimination Clause of the Fifth Amendment to the United States of America and/or Article III, Section 26 of the Constitution of the State of Mississippi, to impose against Defendant punitive damages, which are penal in nature, yet compel Defendant to disclose potentially incriminating documents and evidence, if any.

## FOURTEENTH DEFENSE

Applicable Mississippi punitive damages law violates the rights and safeguards guaranteed by the Constitution of the United States of America and/or the Constitution of the State of Mississippi to impose punitive damages against Defendant which are penal in nature by requiring a burden of proof on Defendant which is less than the "beyond a reasonable doubt" burden of proof

required in criminal cases in this state.

## FIFTEENTH DEFENSE

Defendant asserts that any award of punitive damages to Plaintiff in this case will violate the Eighth Amendment to the Constitution of the United States and/or Article III, Section 28 of the Constitution of the State of Mississippi in that said punitive damages would be an imposition of an excessive fine.

## SIXTEENTH DEFENSE

The imposition of punitive damages in this case, as measured by the wealth of Defendant constitutes an impermissible punishment of status.

## SEVENTEENTH DEFENSE

It would be unconstitutional to award any punitive damages as such would violate the Fifth and Fourteenth Amendments to the United States Constitution and Article III, Section 14 of the Constitution of the State of Mississippi in that:

1.      These damages are intended to punish and deter Defendant and thus this proceeding is essentially criminal in nature;

2.      Defendant is being compelled to be a witness against themselves in a proceeding which is essentially and effectively criminal in nature, in violation of Defendant's right to due process;

3.      Plaintiffs' burden of proof to establish punitive damages in this proceeding, which is effectively criminal in nature, is less than the burden of proof required in other criminal proceedings, and thus violates Defendant's right to due process;

4.      That inasmuch as this proceeding is essentially and effectively criminal in nature, Defendant is being denied the requirement of notice of the elements of the offense and the law and authorities authorizing punitive damages, and accordingly the process is sufficiently vague and

16

ambiguous so as to be in violation of the Due Process Clause of the Fifth Amendment and/or the Fourteenth Amendment of the United States Constitution and also in violation of Article III, Section 14 of the Constitution of the State of Mississippi.

### EIGHTEENTH DEFENSE

The awarding of disproportionate judgments against defendants such as Defendant, who commit similar offense resulting in similar injury, where the only difference is the material wealth, constitutes and arbitrary and invidious discrimination prohibited by the equal protection clauses and rights of Defendant under the Fourteenth Amendment to the Constitution of the United States of America.

### NINETEENTH DEFENSE

The imposition of punitive damages in the premises would violate Defendant's rights under the contracts clause of Article I, Section 10 of the Constitution of the United States of America and Article III, Section 16 of the Constitution of the State of Mississippi.

### TWENTIETH DEFENSE

Plaintiffs are not entitled to recover any exemplary or punitive damages in this case and Defendant demands judgment in their favor.

### TWENTY-FIRST DEFENSE

Plaintiffs' Amended Complaint fails to state a claim upon which punitive damages may be awarded insofar as he seeks punitive damages for breach of contract. These damages are not available for breach of contract, and only may be recoverable where such a breach is accompanied by such gross negligence or willful wrongdoing as to amount to an independent tort. Plaintiffs have failed to state a cause of action, or cannot show proof of such conduct in any manner whatsoever.

### TWENTY-SECOND DEFENSE

Defendant pleads set off for any settlement between Plaintiffs and any other party in this

matter.

## TWENTY-THIRD DEFENSE

Any recovery had by Plaintiffs must be reduced or set off by collateral source paid to Plaintiffs.

## TWENTY-FOURTH DEFENSE

Plaintiffs' claims are barred by payment and/or recoupment.

## TWENTY-FIFTH DEFENSE

Plaintiffs' claims are barred by the doctrine of double recovery.

## TWENTY-SIXTH DEFENSE

Plaintiffs' claims would violate Defendant's constitutional rights.

## TWENTY-SEVENTH DEFENSE

Defendant is entitled to certain limitations of, and protections from liability and damages as provided by law.

## TWENTY- EIGHTH DEFENSE

Plaintiffs' claims are barred by the applicable statutes of limitations.

## TWENTY-NINTH DEFENSE

Defendant's actions were not the actual or proximate cause of the claimed damages and Plaintiffs ought not recover from Defendant.

## THIRTIETH DEFENSE

Defendant pleads Closed Container Doctrine.

## THIRTY-FIRST DEFENSE

Plaintiffs' claims are barred by the doctrine of res judicata.

## THIRTY-SECOND DEFENSE

Plaintiffs' claims are barred by the doctrine of accord and satisfaction.

### THIRTY-THIRD DEFENSE

Defendant pleads lack of notice.

### THIRTY-FOURTH DEFENSE

Defendant pleads release.

### THIRTY-FIFTH DEFENSE

Defendant pleads lack of superior knowledge.

### THIRTY-SIXTH DEFENSE

Defendant was not a seller of the product in question.

### THIRTY-SEVENTH DEFENSE

The Amended Complaint fails to state a claim for relief which can be granted.

### THIRTY-EIGHTH DEFENSE

To the extent not otherwise admitted to herein, all allegations in the Complaint as amended are denied.

### THIRTY-NINTH DEFENSE

Defendant pleads lack of privity of contract.

### FORTIETH DEFENSE

Defendant has entered into no contract with any Plaintiff in this matter.

### FORTY-FIRST DEFENSE

Defendant pleads estoppel.

### FORTY-SECOND DEFENSE

Plaintiffs have failed to mitigate their damages.

### FORTY-THIRD DEFENSE

No warranties, either express or implied were supplied by Defendant to any party to this action.

## FORTY-FOURTH DEFENSE

Plaintiffs are not entitled to attorney's fees.

## FORTY-FIFTH DEFENSE

Plaintiffs are not entitled to pre-judgment interest.

## FORTY-SIXTH DEFENSE

Defendant pleads intervening and superceding cause.

## FORTY-SEVENTH DEFENSE

Defendant says that it is not guilty of each and every material averment of the Plaintiffs'

Amended Complaint and pleads the general issue.

## FORTY-EIGHTH DEFENSE

Plaintiffs' Amended Complaint fails to include necessary and indispensable parties.

## FORTY-NINTH DEFENSE

Defendant pleads the statute of repose.

## FIFTIETH DEFENSE

Defendant pleads lack of causal connection.

## FIFTY-FIRST DEFENSE

Defendant pleads misuse of the product.

## FIFTY-SECOND DEFENSE

Defendant pleads substantial alteration of the product.

## FIFTY-THIRD DEFENSE

Defendant pleads the statute of frauds.

## FIFTY-FOURTH DEFENSE

Defendant pleads the lack of consideration.

### FIFTY-FIFTH DEFENSE

Defendant pleads failure of consideration.

### FIFTY-SIXTH DEFENSE

Defendant says that the Plaintiffs have failed to provide adequate and/or timely notification of any alleged breach of warranty which is condition precedent to recovery.

### FIFTY-SEVENTH DEFENSE

Defendant denies that the Plaintiffs have been injured and/or damaged to the nature and extent claimed and contests damages.

### FIFTY-EIGHTH DEFENSE

Defendant pleads waiver.

### FIFTY-NINTH DEFENSE

Defendant pleads contributory negligence.

### SIXTIETH DEFENSE

Defendant says that the Plaintiffs' claims are limited and/or precluded by contractual agreement.

### SIXTY-FIRST DEFENSE

Plaintiffs' claims are barred, in whole or in part, because the Plaintiffs' injuries were caused, in whole or in part, by negligence, fault, or wrongful conduct of the Plaintiffs or third parties, and any recovery is subject to reduction or offset under the doctrines of comparative fault and/or contributory negligence.

### SIXTY-SECOND DEFENSE

Plaintiffs' damages, if any, are subject to an offset in the amount of any reimbursement received as a result of any insurance or other health benefits plan, or any amounts paid for by any insurance or other health benefits plan.

**SIXTY-THIRD DEFENSE**

Plaintiffs' claims are barred, in whole or in part, because any injuries or damages allegedly sustained were caused by a preexisting or unrelated medical condition, disease, or illness.

**SIXTY-FOURTH DEFENSE**

Defendant did not breach any implied warranties or any warranties created by law.

**SIXTY-FIFTH DEFENSE**

Plaintiffs' breach of warranty claim is barred by Plaintiffs' failure to provide Defendant with reasonable or adequate notice of any breach of such alleged warranty.

**SIXTY-SIXTH DEFENSE**

Plaintiffs impermissibly seek to impose liability on conduct protected from liability by the First Amendment to the United States Constitution and by the Constitution of this State.

**SIXTY-SEVENTH DEFENSE**

No act or omission of Defendant was malicious, willful, or reckless and, therefore, any award of punitive damages is barred.

**SIXTY-EIGHTH DEFENSE**

Plaintiffs' claims are barred by the doctrine of payment.

**SIXTY-NINTH DEFENSE**

Plaintiffs' claims are barred pursuant to the settlement(s) they have entered into for the same claims made the basis of this suit.

**SEVENTIETH DEFENSE**

Ace Hardware Corporation denies that it was in the chain of purchase, sale, manufacture or distribution of the product at issue in this case.  However, to the extent that it is alleged that Ace Hardware was a seller of the drywall at issue, Ace Hardware asserts the innocent seller defense afforded under Mississippi Code Annotated §11-1-63(h).

22

## SEVENTY-FIRST DEFENSE

Defendant reserves the right to amend or supplement its answers hereto, including any and all affirmative defenses.

Respectfully submitted this the 7th day of October, 2014.

_/s/ Caroline T. Pryor_
CAROLINE T. PRYOR (ASB-2802-R67C)
HEATHER M. HOUSTON (MB# 102087)
CARR ALLISON
6251 Monroe Street, Suite 200
Daphne, Alabama 36526
(251) 626-9340
(251) 626-8928 - fax
hhouston@carrallison.com
cpryor@carrallison.com
_Attorneys for Defendant_
_Ace Hardware Corporation_

## CERTIFICATE OF SERVICE

I hereby certify that on the 7th day of October, 2014, the above and foregoing pleading has been served on Plaintiffs' Liaison Counsel, Russ Herman, and Defendants' Liaison Counsel, Kerry Miller, by U.S. Mail and e-mail or by hand delivery and e-mail and upon all parties by electronically uploading the same to Lexis Nexis File & Serve in accordance with Pretrial Order No. 6, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2047 to the following:

Stephen W. Mullins
LUCKEY & MULLINS, PLLC
Post Office Box 990
Ocean Springs, MS 39566
smullins@luckeyandmullins.com
_Attorney for  Plaintiffs_
_Braxton H. Collins & Kerrie F. Collins;_
_Plaintiffs Jason H. Herrington_
_& Cassie D. Herrington_

Danny J. Collier, Jr.
Lewis Robert Shreve
E. Barrett Hails
Luther, Collier, Hodges & Cash, LLP
401 Church Street
Mobile, AL 36602
Dcollier@lchclaw.com
rshreve@lchclaw.com
bhails@lchclaw.com
*Attorney for Defendant Ace Home Center, Inc.*

David C. Coons
Christopher A. D'Amour
Adams and Reese LLP
4500 One Shell Square
New Orleans, LA 70139
david.coons@arlaw.com
chris.damour@arlaw.com
*Attorneys for Defendant Bass Homes, Inc.*

William W. Watts, III
S. Welsey Pipes, V.
Pipes, Hudson & Watts, LLP
P.O. Box 989
Mobile, AL 36601-0989
bill@pipeshudsonwatts.com
wesley@pipeshudsonwatts.com
*Attorney for Pensacola Stevedore Co., Inc. d/b/a Pate Stevedore Co., Inc.*


And a copy will be sent to the following by U.S. mail:

| | |
|---|---|
| Taishan Gypsum Co. Ltd. | Devon International Industries, Inc. |
| c/o Richard C. Stanley, Esq. | 1100 First Avenue |
| Thomas P. Owen, Jr., Esq. | Suite 100 |
| Stanley, Reuter, Ross,Thornton & Alford, LLC | King of Prussia, PA 19406 |
| 909 Poydras Street, Suite 2500 | |


 */s/ Caroline T. Pryor*
CAROLINE T. PRYOR (ASB-2802-R67C)
CARR ALLISON
6251 Monroe Street, Suite 200
Daphne, Alabama 36526
(251) 626-9340
(251) 626-8928 - fax
cpryor@carrallison.com