UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In re: CHINESE-MANUFACTURED DRYWALL PRODUCTS LIABILTY LITIGATION | * * * * | MDL 2047 SECTION L |
| This document relates to: ALL CASES | * * * * | JUDGE FALLON MAGISTRATE JUDGE WILKINSON |

### PLAINTIFF'S RESPONSE TO DEFENDANTS, "BANNER" and SIXTY FIFTH AND ONE'S, MOTION TO RECONSIDER ORDER DENYING INJUNCTION FOR CLAIMS BROUGHT BY PLAINTIFF RALPH MANGIARELLI, JR.,

COMES NOW Plaintiff, Ralph Mangiarelli, Jr., by and through undersigned counsel, hereby files Response to Defendants, "Banner" and Sixty Fifth and One's Motion to Reconsider Order Denying Injunction for Claims Brought by Plaintiff, Ralph Mangiarelli, Jr., and as grounds for this response states:

1. On August 18, 2014, this Court entered an Order Denying the Defendant's Motion to Enforce Injunction. Within that order, the Court correctly found that the Plaintiff's "condo (in Building Two of his complex) does not, and never did, contain Chinese drywall." Further, the Court correctly noted that his claims were based on a ""loss of market value" theory due to the fact that Building One in the Apartment Complex contains Chinese drywall."

2. Based on these facts as alleged in the Florida state court case, the Court correctly concluded that "Mr. Mangiarelli does not fall within the meaning of "class members" under the Global Settlement [Or the "Banner" settlement] because his claim is not "arising from or related to" Chinese drywall. Further, the Court ruled that Mr. Mangiarelli condo is not an "affected property" because it is not actually or allegedly containing or exposed to Chinese drywall.

3. Based on these rulings, the Court found that it could not permit such "stigma"

ROBERTS & DURKEE, P.A.
Alhambra Towers Penthouse I, 121 Alhambra Plaza, Suite 1603, Coral Gables, Florida 33134 (305) 442-1700 FAX: (305) 442-2559

1

claims to fall within this litigation because it would "greatly expand the scope of this already massive litigation." (The Court went on to explain that this rationale was also applicable to the "Banner" settlement). As a result, the Motion for an Injunction was denied.

4. The Defendants now attempt to take a second bite from the same apple. The Defendant really does nothing but restate, for a second time, the specific language of the Settlement Agreements [Both the Global Settlement Agreement and the "Banner" Settlement Agreement].

5. The Defendants' approach is in derogation of the prevailing case law. In *Athletic Training Innovations v. Etagz*, Civil Action No. 12-2540 Section "G" (E.D. La. 6-24-2013), Judge Brown of this Court discussed the applicable standards regarding motions for reconsideration.[1] While the Fifth Circuit Court of Appeals does not recognize motions for reconsideration, it has, however, recognized that such a motion may challenge a judgment or order under Federal Rules of Civil Procedure 54(b), 59(e), or 60(b). *Id.* at 10. Courts in this district have generally considered four factors in deciding motions for reconsideration, which are typically decided under the standard set forth pursuant to Rule 59(e). *Id.*

1) the motion is necessary to correct a manifest error of law or fact upon which the judgment is based;

2) the movant presents newly discovered or previously unavailable evidence;

3) the motion is necessary in order to prevent manifest injustice; or

4) the motion is justified by an intervening change in controlling law.

The Court further held that motions for reconsideration were not the proper vehicle for

---

[1] Rule 28.7 of the Rules and Internal Operating Procedures of the United States Court of Appeals for the Fifth Circuit states that FED. R. APP. P. 32.1(a) permits citation to unpublished judicial dispositions.

ROBERTS & DURKEE, P.A.
Alhambra Towers Penthouse I, 121 Alhambra Plaza, Suite 1603, Coral Gables, Florida 33134 (305) 442-1700 FAX: (305) 442-2559

2

rehashing evidence, legal theories or arguments. *Id.* Instead, the Court held, that such motions serve a much more narrow purpose such as correcting manifest errors of law, or to present newly discovered evidence. *Id.* at pp. 10-11. Further, it is well settled that motions for reconsideration should not be used to re-urge matters that have already been advanced by a party. *Id.* at p. 11. As a result, reconsideration, the Court held, is not to be lightly granted as "reconsideration of a judgment after its entry is an extraordinary remedy that should be used sparingly and the motion must 'clearly establish' that reconsideration is warranted. *Id.* When there exists no independent reason for reconsideration other than mere disagreement with a prior order, reconsideration is a waste of judicial time and resources and should not be granted." *Id.* In the case at bar, the Defendants simply reargue their previous position before the Court. The case law specifically prohibits the use of a motion for reconsideration in this manner.

6. Although this Motion for Reconsideration should be denied solely on these grounds the Plaintiff feels obligated to address the arguments now posed by the Defendants. The provisions of the Settlement Agreements that the Defendants cite to, specifically the definition of the "Class" and "Class Members" and the definition of "Released Claims," are worded broadly, this language is contradicted by the actual nuts and bolts of the agreement. Plaintiffs below demonstrate that both the "Banner" and the Global Settlement Agreement require that the class member prove that they own an affected property, or a property that actually contains defective Chinese drywall, before they are "eligible" for a recovery. Therefore, even if this Court finds that the definition of the "Class" is broad enough to encompass Mr. Mangiarelli's claim, a class action cannot entangle a victim with a broad definition of the class and then make it impossible for him to recover because of its eligibility requirements. A discussion of each class action is outlined below.

**ROBERTS & DURKEE, P.A.**
Alhambra Towers Penthouse I, 121 Alhambra Plaza, Suite 1603, Coral Gables, Florida 33134 (305) 442-1700 FAX: (305) 442-2559

3

## "BANNER SETTLEMENT"

7. As to the "Banner" Settlement the following provisions would disallow a claim made by a person who owned real property which did <u>not</u> contain defective Chinese-manufactured drywall:

a. the "Allocation Plan" that was approved by the Court for the "Banner" Settlement, in order for a victim to be "eligible" for an allocation of Settlement Funds, "an *affected property* of a Banner Class Member must contain or have contained defective Chinese-manufactured drywall." [Affected Property being defined as any real or personal property…containing Chinese drywall.]

b. the claim form that is required to be completed by each victim, require that the victim list the "*Affected Property* Address" and "Indicate the types of claims that relate to this *Affected Property* that you intend to file…" [Affected Property being defined as any real or personal property…containing Chinese drywall.]

c. the computer portal requires victims to upload "evidence of Chinese drywall" within their real property and "photographs" depicting that the property was affected by Chinese drywall in order to be considered for a recovery.

d. Section 3. of the settlement agreement which outlines the release provisions states that a "Released Claim" or "Released Claims" shall mean any and all claims against Banner….(a) arising out of, in any manner related to, or connected in any way with Chinese Drywall, or the collective migration of, response to, and/or recovery from the damage caused by Chinese Drywall and/or any act and/or failure to act related in any way of the foregoing, including but not limited to the ownership, use, rental, occupancy, design, construction, maintenance, and/or inspection of the *Affected Properties*. (b) for

**ROBERTS & DURKEE, P.A.**
Alhambra Towers Penthouse I, 121 Alhambra Plaza, Suite 1603, Coral Gables, Florida 33134 (305) 442-1700 FAX: (305) 442-2559

4

any and all losses, damages, and/or injuries arising from, in any manner related to, or connection in any way with all and/or any of the foregoing (relating to the qualifying language of section (a).

e. Within the section for the "Allocation of Payments" (See Page 22 of the "Banner Settlement Agreement) the settlement agreement states, "an allocation committee will be appointed to make recommendations to the Court as to...(ii) the evidence that class members will need to provide as part of their Proof of Claim to submit a valid claim. The allocation will apportion funds...by each **Affected Property**.

## "GLOBAL SETTLEMENT AGREEMENT"

8. As to the "Global Settlement Agreement" the following provisions would disallow a claim made by a person who owned real property which did not contain defective Chinese-manufactured drywall:

a. the "Allocation Plan" that was that was approved by the Court for the "Global Settlement Agreement", in order for a victim to be "eligible" for an allocation of Settlement Funds, "a class member must own, have owned, reside in...an *affected property* containing defective Chinese drywall..." [Affected Property being defined as any real or personal property...containing Chinese drywall.]

b. the claim form that is required to be completed by each victim, require that the victim list the "*Affected Property* Address" and "Indicate the types of claims that relate to this *Affected Property* that you intend to file..." [Affected Property being defined as any real or personal property...containing Chinese drywall.]

c. the computer portal requires victims to upload "evidence of Chinese drywall" within their real property and "photographs" depicting that the property was affected by

**ROBERTS & DURKEE, P.A.**
Alhambra Towers Penthouse I, 121 Alhambra Plaza, Suite 1603, Coral Gables, Florida 33134 (305) 442-1700 FAX: (305) 442-2559

5

Chinese drywall in order to be considered for a recovery.

d. the GSA Section 4. which addresses, "Payments by Participating Defendants and participating insurers and application of proceeds" states "In consideration for the payments....Class Members agree...to apply the settlement proceeds they receive...to assist in the remediation of their Affected Property."

e. the GSA Section 5. which addresses the class release states, "To the extent that the Class Member is also a Participating Defendant with respect to a particular Affected Property, the total amount of defense and indemnity obligation that will be due under this provision is limited to the amount a Class Member actually receives pursuant to Section 16 for this *Affected Property*."

f. the GSA Section 16. which addresses the allocation of payments states that "The allocation committee...will be appointed to make recommendations to the Court as to...(ii) the evidence that class members will need to provide as part of their proof of claim to submit a valid claim, *including proof of Reactive Chinese Drywall.* Further, it states, "The allocation will apportion funds...by each *affected property*."

## LEGAL ARGUMENT

Reading all of these provisions in concert with each other one must conclude that either Mr. Mangiarelli is not a class member or that both the "Banner" and the "GSA" Settlement Agreements are ambiguous and/or contradictory. Basically, the Defendants requests that this Court find that victims like Mr. Mangiarelli are class members. However, at the same time having the Court approve "Allocation Plans" that make victims like Mr. Mangiarelli ineligible for payments from the settlement. The Defendants wish to create a settlement that casts a large net when it comes to the definition of a class member. However, once these victims are

**ROBERTS & DURKEE, P.A.**
Alhambra Towers Penthouse I, 121 Alhambra Plaza, Suite 1603, Coral Gables, Florida 33134 (305) 442-1700 FAX: (305) 442-2559

6

entangled in this net, they are ineligible for recovery. Therefore, either Mr. Mangiarelli is not a class member or this contradiction within the settlement makes the settlement ambiguous and/or contradictory.

**WHEREFORE**, Plaintiff would request that the Court deny the Defendants, "Banner" and Sixty Fifth and One's Motion to Reconsider Order Denying Injunction for Claims Brought by Plaintiff, Ralph Mangiarelli, Jr.

                Respectfully submitted,

                */s/ C. David Durkee, Esq.*
                ROBERTS & DURKEE, P.A.
                Alhambra Towers
                Penthouse 1 – Suite 1603
                121 Alhambra Plaza
                Coral Gables, FL 33134
                Phone: (305) 442-1700
                Fax: (305) 442-2559
                durkee@rdlawnet.com
                *Counsel for Individual Plaintiffs*

                Mark Milstein, Esq.
                Allison R. Willett, Esq.
                MILSTEIN ADELMAN, LLP
                2800 Donald Douglas Loop North
                Santa Monica, CA 90405
                Phone: (310) 396-9600
                Fax: (310) 396-9635
                *Counsel for Individual Plaintiffs*

Dated: September 17, 2014.

**ROBERTS & DURKEE, P.A.**
Alhambra Towers Penthouse I, 121 Alhambra Plaza, Suite 1603, Coral Gables, Florida 33134 (305) 442-1700 FAX: (305) 442-2559

7

## CERTIFICATE OF SERVICE

I hereby certify that the above and foregoing pleading has been served to all parties by electronically uploading the same to Lexis Nexis File & Serve and was electronically filed with the Clerk of Court of the United Sates Court for the Eastern District on this 17th day of September, 2014.

By: */s/ C. David Durkee*
C. David Durkee

ROBERTS & DURKEE, P.A.
Alhambra Towers Penthouse I, 121 Alhambra Plaza, Suite 1603, Coral Gables, Florida 33134 (305) 442-1700 FAX: (305) 442-2559

8