UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

```
-----------------------------------------------------------------x
IN RE:  CHINESE-MANUFACTURED          :       MDL NO. 2047
DRYWALL PRODUCTS LIABILITY            :         SECTION:  L
LITIGATION                            :
-----------------------------------------------------------------x
THIS DOCUMENT RELATES TO:             :
                                      :       JUDGE FALLON
ALL CASES                             :
                                      :       MAG. JUDGE WILKINSON
                                      :
                                      :
-----------------------------------------------------------------x
```

## MEMORANDUM IN SUPPORT OF THE
## MOTION FOR AN ORDER EXTINGUISHING
## THE KNAUF DEFENDANTS' SETTLEMENT OBLIGATIONS
## FOR CERTAIN CLAIMS

NOW COME the Knauf Defendants, through undersigned counsel, who submit this memorandum in support of their Motion for an Order extinguishing the Knauf Defendants' settlement obligations for certain claimants who failed to return documentation required to be completed and submitted in a timely manner pursuant to Claims Administration Procedure No. 2014-7 ("CAP 7"), as set forth in further detail below:

On or about April 21, 2014, the Court approved CAP 7, which among other things, provides deadlines for return of certain documentation required by the Knauf Class Settlement Agreement and/or the Settlement Agreement Regarding Post-December 9, 2011 Claims ("New Claims Agreement").  CAP 7 states, in relevant part:

> For all Knauf Class Members participating in the Knauf Class Settlement Agreement and those claimants participating in the Settlement Agreement Regarding Post-December 9, 2011 Claims, all Work Authorization Packets for an Option 1 remediation or all documentation required to be returned for Option 2 or Option 3 shall be returned to the Settlement Administrator or to Moss & Associates LLC by the later of (i) April 30, 2014 or (ii) within thirty (30) days of the claimant's receipt of the Work Authorization Packets for Option 1 or the documentation required to be returned for Option 2 or Option 3 pursuant to the Knauf Class Settlement, unless (i) a written request for an extension of the deadline detailing the reason(s) for the

1

      extension is received by the Settlement Administrator before the deadline or (ii) an objection to the Remediation Protocol is lodged with the Special Master pursuant to section 4.5.1.2.1 of the Knauf Class Settlement Agreement.  A claimant's receipt of the documentation for Option 1, 2, or 3 is deemed to have occurred upon the date of receipt by the claimant's counsel of such documentation. [Rec. Doc. 17624-1].

    The following homeowners were mailed Work Authorization Packets under Option 1 of the remediation program on the dates indicated in the far right column:

| Homeowner (Counsel) | Address | City | State | Zip | Date WA sent to homeowner |
|---|---|---|---|---|---|
| Grove, Edwin (Millstein Adelman/Durkee & Roberts) | 20307 SW 324th Street | Homestead | FL | 33030 | January 1, 2014 |
| Martinez, Jessica (Parker Waichman) | 8202 SW 189 Terrace | Miami | FL | 33157 | May 21, 2014 |
| McIntyre, John (Rapp, Cheri – daughter) (Reeves & Mestayer) | 2107 Nicholson Avenue | Waveland | MS | 39576 | May 21, 2014 |
| Reid, Renella Miller (Pro Se) | 2109 Unity Village Drive | Ruskin | FL | 35570 | June 2, 2014 |
| Novoa, Margarita (Whitfield, Bryson, Mason) | 3712 NE 11th Place | Cape Coral | FL | 33909 | July 21, 2014 |

To date, neither the Settlement Administrator nor Moss have received the required documentation required to be returned by either April 30, 2014 or within thirty (30) days of the claimant's receipt of the Work Authorization Packets for Option 1.[1]  Accordingly, the Knauf Defendants have no further obligation to move these homes forward in the settlement program.

    Notwithstanding the expiration of the CAP 7 deadline, undersigned counsel mailed default letters via certified mail setting final deadlines to return the required documentation.  A copy of each letter with the final deadline identified, the attachments to each letter (minus CAP 7 which was included in each letter), and the return receipt certifying delivery of each letter is attached hereto *in globo* as Exhibit "A."  Despite another chance to move the homes forward in the settlement program, the homeowners identified above failed to return the documentation required in the Knauf Class Settlement and/or the New Claims Agreement.  Accordingly, the Knauf Defendants have no further obligation to move these claims forward in the settlement

---

[1] The Settlement Administrator, Moss, and the Knauf Defendants have received no indication from any of these claimants that they intend to choose Option 2 (self-remediation) or Option 3 (cash-out), as described in the Knauf Class Settlement Agreement.

program, and request an Order from the Court confirming the extinguishment of the Knauf Defendants' settlement obligations for these claims.

Respectfully submitted,

/s/   Kyle A. Spaulding
Kerry Miller (LA Bar No. 24562)
Kyle A. Spaulding (LA Bar No. 29000)
**FRILOT L.L.C.**
1100 Poydras Street, #3700
New Orleans, LA 70162
Phone: (504)599-8194
Fax: (504)599-8145
kmiller@frilot.com

*Counsel for the Knauf Defendants*

**CERTIFICATE OF SERVICE**

I hereby certify that the above and foregoing pleading has been served on all parties by electronically uploading the same to LexisNexis File & Serve in accordance with Pre-Trial Order No. 6, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2047 on this 10th day of October 2014

/s/   Kyle A. Spaulding