UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: CHINESE-MANUFACTURED DRYWALL PRODUCTS LIABILITY LITIGATION | MDL NO. 2047 <br> SECTION L <br> JUDGE ELDON E. FALLON <br> MAG. JUDGE JOSEPH WILKINSON |
| THIS DOCUMENT RELATES TO: <br> *Little, et al. v. Taishan Gypsum, et al.* <br> (Case No. 2:14-cv-00587) | |

**DEFENDANT TROUT CREEK PROPERTIES, LLC'S MOTION TO DISMISS CLASS ACTION COMPLAINT FOR LACK OF PERSONAL JURISDICTION AND SUPPORTING MEMORANDUM OF LAW**

Defendant TROUT CREEK PROPERTIES, LLC ("Trout Creek"), by and through undersigned counsel, hereby moves to dismiss pursuant to Fed. R. Civ. P. 12(b) the Class Action Complaint ("Complaint") for lack of personal jurisdiction, and in support thereof would show as follows:

## I. STATEMENT OF THE CASE AND FACTS

On December 13, 2013, an action styled *Little v. Taishan Gypsum Co., Ltd., et al.*, Case No. 1:13-cv-00612-CG-M, was filed in the United States District Court **for the Southern District of Alabama**. (ECF No. 417-3, Case MDL No. 2047). The *Little* action purports to be a class action against the manufacturers of Chinese drywall, with subclasses asserting claims against distributors, builders, contractors and other defendants. Pursuant to Exhibit B to the Complaint, Trout Creek, allegedly a "builder/developer," is linked to a single claim by David Jarrett to a house at 1323 Lyonshire Drive, Wesley Chapel, Florida. (Doc. 417-3-55; Exhibit 1 hereto). On June 15, 2009, this Court was designated as the transferee court for all federal cases involving Chinese-manufactured

drywall, creating Multi-District Litigation 2047 (the "MDL"). *In re Chinese Manufactured Drywall Prods. Liab. Litig.*, 894 F. Supp. 2d 819, 830 (E.D. La. 2012). The *Little* Class Action was transferred to MDL 2047 for consolidated and coordinated pretrial proceedings.

Trout Creek is a Delaware limited liability company that does not conduct (and did not) any business in Alabama. (Exhibit 2, Declaration of Brian P. Burns, ¶¶4-6). Trout Creek does not (and did not) develop any land or build homes in Alabama. (*Id.*, ¶¶6-7). Trout Creek does not (and did not) perform any services in Alabama. (*Id.*, ¶8). Trout Creek is not registered to do business in Alabama. (*Id.*, ¶4). Trout Creek does not (and did not) own land or property or have offices or bank accounts in Alabama. (*Id.*, ¶ 9-10). Trout Creek does not (and did not) lease real or personal property in Alabama. (*Id.*, ¶ 9). Trout Creek has never appointed an agent to accept service of process in Alabama. (*Id.*, ¶ 11). Trout Creek has not paid taxes or incurred tax liability in Alabama. (*Id.*, ¶ 12). Trout Creek does not have a street or mailing address or telephone number in Alabama. (*Id.*, ¶13). Trout Creek does not have officers, directors, employees or agents in Alabama. (*Id.*, ¶ 14).

The home of David Jarrett is in Wesley County, *Florida* – not Alabama. Trout Creek did not build the Jarrett house. (ECF No. 417-33-55, Case MDL No. 2047; Ex. 2, ¶ 16 and Composite Ex. A to Ex. 2, building permit information). The house was built by Premier Design Homes of Fl., Inc. (Comp. Ex. A to Ex. 2). Trout Creek only platted the land, developed the infrastructure, and offered *empty lots* for sale at the Meadows Point development in Florida where Premier Design Homes of Fla., Inc. built the Jarrett home. (Ex. 2, ¶ 15). Trout Creek did not supply any drywall to, or install any drywall at, the Jarrett house. (Ex. 2, ¶¶ 17-19).

Based upon the foregoing record evidence, the claim against Trout Creek should be dismissed for lack of personal jurisdiction. Trout Creek was not amenable to suit in Alabama, where the action was originally filed.

## II. ARGUMENT

### THERE IS NO PERSONAL JURISDICTION OVER TROUT CREEK, REQUIRING DISMISSAL AS TO THIS DEFENDANT

"Federal Rule of Civil Procedure 12(b)(2) provides a right to dismissal of claims against a defendant when personal jurisdiction is lacking. When a nonresident defendant presents a motion to dismiss for lack of personal jurisdiction, the plaintiff bears the burden of establishing the district court's jurisdiction over the nonresident. The court may determine the jurisdictional issue by receiving affidavits, interrogatories, depositions, oral testimony, or any combination of the recognized methods of discovery. *In re Chinese Manufactured Drywall Prods. Liab. Litig.*, 894 F. Supp. 2d 819, 836 (E.D. La. 2012) (internal quotation marks omitted and citation omitted).

For purposes of determining personal jurisdiction over Trout Creek, the applicable substantive law is the law of Alabama, the law of the transferor court. *See In re Chinese Manufactured Drywall Prods. Liab. Litig.*, 894 F. Supp. 2d at 836. This Court has also ruled that as the MDL transferee court, it is obligated to apply the federal law of its own circuit. *Id.* at 837 (citing *In re Gen. Am. Life Ins. Co. Sales Practices Litig.*, 391 F.3d 907, 911 (8th Cir. 2004); *Murphy v. F.D.I.C.*, 208 F.3d 959, 965 (11th Cir. 2000); *Bradley v. United States*, 161 F.3d 777, 782 n.4 (4th Cir. 1998). Under Alabama law and Fifth Circuit precedent, there is no basis for the exercise of personal jurisdiction over Trout Creek.

a. **Personal Jurisdiction Over a Foreign Defendant**

As this court has noted: "It is axiomatic under Fifth Circuit law that a federal district court sitting in diversity may exercise personal jurisdiction over a foreign defendant if: (1) the long-arm statute of the forum state creates personal jurisdiction over the defendant; and (2) the exercise of personal jurisdiction is consistent with the Due Process Clause of the United States Constitution. *In re Chinese Manufactured Drywall Prods. Liab. Litig.*, 894 F. Supp. 2d 819, 837 (E.D. La. 2012)(citing *Clemens v. McNamee*, 615 F.3d 374, 377 (5th Cir. 2010) and other cases).

b. **The Alabama Long-Arm Statute**

As explained in *Sieber v. Campbell*, 810 So. 2d 641 (Ala. 2001): "The extent of an Alabama court's personal jurisdiction over a person or corporation is governed by Rule 4.2, Ala. R. Civ. P., Alabama's 'long-arm rule," bounded by the limits of due process under the federal and state constitutions." Ala. R. Civ. P. Rule 4.2(b) provides as follows:

> **(b) Basis for out-of-state service.** An appropriate basis exists for service of process outside of this state upon a person or entity in any action in this state when the person or entity has such contacts with this state that the prosecution of the action against the person or entity in this state is not inconsistent with the constitution of this state or the Constitution of the United States; or, the person or entity is sued in the capacity of guardian of a ward, or executor, administrator, or other personal representative of an estate, for the acts or omissions of a decedent or ward, and the person or entity so sued does not otherwise have sufficient contacts with this state in that capacity, but the decedent or ward would have been deemed to have sufficient contacts with this state if the action could have been maintained against the decedent or ward.

The Alabama Supreme Court ruled in *Ex parte DBI, Inc.*, 23 So. 2d 635, 643 (Ala. 2009), that "[i]n accordance with the plain language of Rule 4.2, both before and after the 2004 amendment, Alabama's long-arm rule consistently has been interpreted by this Court to extend the jurisdiction of

Alabama courts to the permissible limits of due process. . . . under the federal and state constitutions."

### c.　　The Due Process Clause

"'The Due Process Clause 'operates to limit the power of a State to assert in personam jurisdiction over a nonresident defendant.' . . . A court's exercise of personal jurisdiction over a foreign defendant is consistent with due process only when: (1) that defendant has purposefully availed himself of the benefits and protections of the forum state by establishing minimum contacts with the forum state; and (2) the exercise of jurisdiction over that defendant does not offend traditional notions of fair play and substantial justice. *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316, 66 S. Ct. 154, 90 L. Ed. 95 (1945). . . ." *In re Chinese Manufactured Drywall Prods. Liab. Litig.*, 894 F. Supp. 2d at 841.

"The 'constitutional touchstone' of the inquiry to determine if personal jurisdiction can be exercised is whether the defendant 'purposefully established minimum contacts in the forum state.' (Citation omitted). There exist two types of minimum contacts: those that give rise to specific personal jurisdiction and those which give rise to general jurisdiction." *In re Chinese Manufactured Drywall Prods. Liab. Litig.*, 894 F. Supp. 2d at 841.

Trout Creek is not subject to jurisdiction under the law of Alabama and Fifth Circuit. First, it is significant that Plaintiffs do not allege *any* basis for the assertion of personal jurisdiction over Trout Creek. That pleading deficiency alone warrants dismissal. Second, there is in fact no basis for the exercise of long-arm jurisdiction over Trout Creek because Trout Creek *has (and had) no contacts whatsoever with Alabama*. According to the Declaration of Brian Burns, the Chairman of Trout Creek, Trout Creek, a Delaware company, has (and had) no physical presence in Alabama;

does not (and did not) conduct any business in Alabama; does not (and did not) develop any land in Alabama; does not (and did not) perform any services in Alabama; is not registered to do business in Alabama; does not (and did not) own and land or property or have offices, employees or bank accounts in Alabama; does not (and did not) lease real or personal property in Alabama; and does not (and did not) have officers, directors, employees or agents in Alabama. (Ex. 2). In sum and in short, Trout Creek has no connection whatsoever to Alabama and thus does not (and did not) avail itself of the privilege and benefits of conducting business in Alabama.

Third, the property at issue -- the home of David Jarrett -- is in Wesley County, *Florida* - not Alabama. (Ex. 2). Thus, there is no possible nexus between Jarrett's cause of action based upon the use of Chinese drywall in his *Florida* home and *Alabama*, where the lawsuit was brought.

Finally, the Building Permit information for Pasco County, Florida indicates that the builder of the house is Premier Design Homes of Fl., Inc. (Ex. A to Ex. 2). Trout Creek only platted the land, developed the infrastructure, and offered *empty lots* for sale at the Meadows Point development in Florida. It *did not build* the Jarrett home, supply Chinese drywall to the Jarrett home, or install Chinese drywall in the Jarrett home. (Ex. 2). Thus, there is no valid basis for the exercise of personal jurisdiction over Trout Creek and no valid basis for assertion of a Chinese drywall claim against Trout Creek.

In sum, the record clearly demonstrates that there is no general or specific jurisdiction over Trout Creek because Trout Creek has (and had) **no contacts whatsoever** with Alabama. The Jarrett house -- that Trout Creek *did not even build* -- is located in Florida, squarely precluding the exercise of specific jurisdiction. Trout Creek is not subject to general jurisdiction because it has (and had) *no contacts* with Alabama, let alone constitutionally-mandated minimum contacts. Given the absence

of any contacts between Trout Creek and Alabama, it is beyond debate that under the law of Alabama and the Fifth Circuit the exercise of jurisdiction over Trout Creek would offend traditional notions of fair play and substantial justice and be wholly improper.

### III. CONCLUSION

Based upon the foregoing evidence, arguments and authorities, Defendant Trout Creek Properties, LLC respectfully submits that the action be dismissed with prejudice for lack of personal jurisdiction, and that the Court grant such other and further relief as deemed necessary and proper.

Respectfully submitted,

*/s/ Edward J. Briscoe*
Edward J. Briscoe
Fla. Bar No. 109691
ebriscoe@fowler-white.com
Helaine S. Goodner
Fla. Bar No. 462111
E-mail: hgoodner@fowler-white.com
FOWLER WHITE BURNETT, P.A.
1395 Brickell Avenue, Fourteenth Floor
Miami, Florida 33131
Telephone:     (305) 789-9200
Facsimile:     (305) 789-9201
*Counsel for Trout Creek Properties, LLC*

### CERTIFICATE OF SERVICE

I hereby certify that the above and foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana using the CM/ECF system on the 13th day of October, 2014.

*/s/ Edward J. Briscoe*
Edward J. Briscoe

4831-9594-7293, v. 1