UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: CHINESE-MANUFACTURED | * | MDL No. 2047 |
| DRYWALL PRODUCTS LIABILITY | * | |
| LITIGATION | * | |
| | * | SECTION L |
| THIS DOCUMENT RELATES TO | * | JUDGE FALLON |
| | * | MAG. JUDGE WILKINSON |
| Braxton H. Collins, et al. v. Bass Homes, Inc., | * | |
| et al.; S.D. Mississippi, C.A. No. 1:13-00297 | * | **Case no. 13-6652** |

## FIREMAN'S FUND INSURANCE COMPANY'S ANSWER TO FIRST AMENDED THIRD PARTY COMPLAINT

Comes now Fireman's Fund Insurance Company (hereinafter "FFIC") one of the Third Party Defendants in the above-styled cause and, without waiving their right to object to this Court's personal jurisdiction over them, and expressly reserving the right to move to dismiss Ace Home Center, Inc.'s ("AHC") Third Party Complaint on that basis; answers the allegations contained in AHC's First Amended Third Party Complaint as follows:

### PARTIES

1.     FFIC is without sufficient information or knowledge to form a belief as to the truth and accuracy to the allegations of this paragraph. Hence, said allegations are denied and FFIC demands strict proof thereof.

2.     FFIC is without sufficient information or knowledge to form a belief as to the truth and accuracy to the allegations of this paragraph. Hence, said allegations are denied and FFIC demands strict proof thereof.

3.      FFIC is without sufficient information or knowledge to form a belief as to the truth and accuracy to the allegations of this paragraph. Hence, said allegations are denied and FFIC demands strict proof thereof.

4.      FFIC admits that it is a corporation organized and existing of the laws of the State of California. FFIC denies the remaining allegations contained in this paragraph and demands strict proof thereof.

5.      FFIC is without sufficient information or knowledge to form a belief as to the truth and accuracy to the allegations of this paragraph. Hence, said allegations are denied and FFIC demands strict proof thereof.

6.      FFIC is without sufficient information or knowledge to form a belief as to the truth and accuracy to the allegations of this paragraph. Hence, said allegations are denied and FFIC demands strict proof thereof.

7.      FFIC is without sufficient information or knowledge to form a belief as to the truth or accuracy to the allegations of this paragraph. Hence, the said allegations are denied and FFIC demands strict proof thereof.

8.      FFIC is without sufficient information or knowledge to form a belief as to the truth and accuracy to the allegations of this paragraph. Hence, said allegations are denied and FFIC demands strict proof thereof.

9.      FFIC is without sufficient information or knowledge to form a belief as to the truth and accuracy to the allegations of this paragraph. Hence, said allegations are denied and FFIC demands strict proof thereof.

## FACTUAL ALLEGATIONS

10.    FFIC is without sufficient information or knowledge to form a belief as to the truth and accuracy to the allegations of this paragraph. Hence, said allegations are denied and FFIC demands strict proof thereof.

11.    FFIC is without sufficient information or knowledge to form a belief as to the truth and accuracy to the allegations of this paragraph. Hence, said allegations are denied and FFIC demands strict proof thereof.

12.    FFIC admits that Devon made a claim for damages to CDW but FFIC is without sufficient information or knowledge to form a belief as to the truth and accuracy to the allegations of this paragraph. Hence, said allegations are denied and FFIC demands strict proof thereof.

13.    FFIC denies the allegations contained in this paragraph and demands strict proof thereof.

14.    The allegations regarding FFIC contained in this paragraph are denied and FFIC demands strict proof thereof.

15.    The allegations regarding FFIC contained in this paragraph are denied and FFIC demands strict proof thereof.

16.    FFIC is without sufficient information or knowledge to form a belief as to the truth and accuracy to the allegations of this paragraph. Hence, said allegations are denied and FFIC demands strict proof thereof.

17.    Admitted.

18.     The allegations contained in paragraph 18 are denied for lack of sufficient information on which to justify a belief.

19.     The allegations contained in paragraph 19 are denied for lack of sufficient information on which to justify a belief.

20.     The allegations regarding FFIC contained in this paragraph are denied and FFIC demands strict proof thereof.

## COUNT I

## COMMON LAW OR EQUITABLE INDEMNITY

21.     FFIC adopts and incorporates by reference its responses to the allegations in paragraphs 1-20 as if fully set forth herein.

22.     The allegations regarding FFIC contained in this paragraph are denied and FFIC demands strict proof thereof.

23.     The allegations regarding FFIC contained in this paragraph are denied and FFIC demands strict proof thereof.

24.     The allegations regarding FFIC contained in this paragraph are denied and FFIC demands strict proof thereof.

25.     The allegations regarding FFIC contained in this paragraph are denied and FFIC demands strict proof thereof.

26.     The allegations regarding FFIC contained in this paragraph are denied and FFIC demands strict proof thereof.

27.     The allegations regarding FFIC contained in this paragraph are denied and FFIC demands strict proof thereof.

28.     The allegations regarding FFIC contained in this paragraph are denied and FFIC demands strict proof thereof.

29.     The allegations regarding FFIC contained in this paragraph are denied and FFIC demands strict proof thereof.

## COUNT II

## BREACH OF CONTRACT

30.     FFIC adopts and incorporates by reference its responses to the allegations in paragraphs 1-29 as if fully set forth herein.

31.     The allegations regarding FFIC contained in this paragraph are denied and FFIC demands strict proof thereof.

## COUNT III

## NEGLIGENCE AND GROSS NEGLIGENCE

32.     FFIC adopts and incorporates by reference its responses to the allegations in paragraphs 1-31 as if fully set forth herein.

33.     FFIC is without sufficient information or knowledge to form a belief as to the truth and accuracy to the allegations of this paragraph. Hence, said allegations are denied and FFIC demands strict proof thereof.

34.     The allegations regarding FFIC contained in this paragraph are denied and FFIC demands strict proof thereof.

35.     The allegations regarding FFIC contained in this paragraph are denied and FFIC demands strict proof thereof.

36.     The allegations regarding FFIC contained in this paragraph are denied and FFIC demands strict proof thereof.

37.     The allegations regarding FFIC contained in this paragraph are denied and FFIC demands strict proof thereof.

38.     The allegations regarding FFIC contained in this paragraph are denied and FFIC demands strict proof thereof.

39.     The allegations regarding FFIC contained in this paragraph are denied and FFIC demands strict proof thereof.

40.     The allegations regarding FFIC contained in this paragraph are denied and FFIC demands strict proof thereof.

41.     The allegations regarding FFIC contained in this paragraph are denied and FFIC demands strict proof thereof.

## **COUNT IV**

## **BREACH OF IMPLIED WARRANTY OF MERCHANTABILITY**

42.     FFIC adopts and incorporates by reference its responses to the allegations in paragraphs 1-41 as if fully set forth herein.

43.     The allegations regarding FFIC contained in this paragraph are denied and FFIC demands strict proof thereof.

44.     The allegations regarding FFIC contained in this paragraph are denied and FFIC demands strict proof thereof.

45.     FFIC denies the allegations contained in this paragraph and demands strict proof thereof.

## COUNT V

## BREACH OF IMPLIED WARRANTY OF FITNESS FOR A PARTICULAR PURPOSE

46.     FFIC adopts and incorporates by reference its responses to the allegations in paragraphs 1-45 as if fully set forth herein.

47.     The allegations regarding FFIC contained in this paragraph are denied and FFIC demands strict proof thereof.

48.     The allegations regarding FFIC contained in this paragraph are denied and FFIC demands strict proof thereof.

49.     FFIC denies the allegations contained in this paragraph and demands strict proof thereof.

## COUNT VI

## BREACH OF EXPRESS WARRANTY

50.     FFIC adopts and incorporates by reference its responses to the allegations in paragraphs 1-49 as if fully set forth herein.

51.     The allegations regarding FFIC contained in this paragraph are denied and FFIC demands strict proof thereof.

52.     The allegations regarding FFIC contained in this paragraph are denied and FFIC demands strict proof thereof.

## AFFIRMATIVE DEFENSES

## FIRST DEFENSE

Fault and liability must be apportioned in accordance with Mississippi Code Annotated section 85-5-7 and 11-7-15.

## SECOND DEFENSE

Third Party Plaintiff's claims are barred by the doctrine of finality.

## THIRD DEFENSE

FFIC generally pleads the protections, limitations, caps and defenses afforded to it by Mississippi Code Annotated section 11-1-65, as amended, including, but not limited to, the right to demand that any claim for punitive damages sought against them be proven by clear and convincing evidence, that the jury be required to make a separate finding in favor of the Plaintiff of liability for compensatory damages in a bifurcated proceeding independently of any consideration of the issue of punitive damages, that the Court act as "gate keeper" and use its discretion as to whether the issue of punitive damages goes before the trier of fact, and that any award of punitive damages made, if any at all, be made subject to, and if necessary, reduced to conform with the limitations provided by Mississippi Code Annotated section 11-1-65(3) as amended.

## FOURTH DEFENSE

FFIC pleads all of the procedural safeguards for which they are entitled to as pronounced and provided by the United States Supreme Court in *Cooper Indus., Inc. v. Leatherman Tool Group, Inc.*, 121 S. Ct. 1678 (2001), including (1) the right to have the court, and not the finder of fact, determine whether punitive damages should be awarded and the amount, if any, of such damages to be awarded and (2) the right to have any award of punitive damages which may be made against it, if any at all, be subject to de novo review by either the trial court or an applicable appeals court, including the United States Supreme Court.

## FIFTH DEFENSE

Third Party Plaintiff has failed to state a claim upon which punitive damages and/or exemplary damages may be awarded.

## SIXTH DEFENSE

FFIC asserts and pleads the applicable provisions of Mississippi Code Annotated section 11-1-65, as amended, which pertain to the imposition of punitive damages.

## SEVENTH DEFENSE

FFIC asserts that any award of punitive damages to Plaintiff against Defendant/Third Party Plaintiff in this case would be in violation of the constitutional rights and safeguards provided to FFIC under the Constitution of the State of Mississippi and the Constitution of the United States of America including, without limitation, that there are no effective constraining limitations placed upon a jury's discretion in considering the imposition or amount of punitive damages, there are no meaningful trial court and appellate review mechanisms to constitutionally confirm any punitive damage award; imposition would allow a verdict tainted by passion and prejudice; and Defendant/Third Party Plaintiff impermissibly seeks a punitive damage award that bears an unconstitutional relationship to the alleged actual amount in question.

## EIGHTH DEFENSE

Imposition of punitive damages in this case would constitute a violation of FFIC's constitutional rights under the Fourth, Fifth, Sixth, Eighth, and Fourteenth Amendments to the United States Constitution.

**NINTH DEFENSE**

Imposition of punitive damages in this case would constitute a violation of due process and/or would be a violation of the statutory law of this state providing for such penalties.

**TENTH DEFENSE**

Any award of punitive damages in this case would violate the constitutional rights and safeguards provided to FFIC under the Due Process Clause of the Fourteenth Amendment and/or Fifth Amendment to the Constitution of the United States of America and/or under the due process clause of Article III, Section 14 of the Constitution of the State of Mississippi in that punitive damages and any method to which they might be assessed are unconstitutionally vague and not rationally related to legitimate government interests.

**ELEVENTH DEFENSE**

The procedure and/or standards governing imposition of punitive damages are impermissibly vague, arbitrary, improper, and/or violate the Due Process Clause of the Fourteenth Amendment and/or the Fifth Amendment of the Constitution of the United States and/or Article III, Section 14 of the Constitution of the State of Mississippi.

**TWELFTH DEFENSE**

Any award of punitive damages in this case would violate the procedural and/or substantive safeguards provided to FFIC under the Fifth, Sixth, Eighth and/or Fourteenth Amendments to the Constitution of the United States and/or under Article III, Section 14 and Section 26 of the Constitution of the State of Mississippi, in that punitive damages are penal in nature and, consequently, FFIC is entitled to the same procedural and substantive safeguards accorded to criminal defendants.

## THIRTEENTH DEFENSE

FFIC asserts that it would violate the Self-Incrimination Clause of the Fifth Amendment to the United States of America and/or Article III, Section 26 of the Constitution of the State of Mississippi, to impose against FFIC punitive damages, which are penal in nature, yet compel FFIC to disclose potentially incriminating documents and evidence, if any.

## FOURTEENTH DEFENSE

Applicable Mississippi punitive damages law violates the rights and safeguards guaranteed by the Constitution of the United States of America and/or the Constitution of the State of Mississippi to impose punitive damages against FFIC which are penal in nature by requiring a burden of proof on FFIC which is less than the "beyond a reasonable doubt" burden of proof required in criminal cases in this state.

## FIFTEENTH DEFENSE

FFIC asserts that any award of punitive damages to Defendant/Third Party Plaintiff in this case will violate the Eighth Amendment to the Constitution of the United States and/or Article III, Section 28 of the Constitution of the State of Mississippi in that said punitive damages would be an imposition of an excessive fine.

## SIXTEENTH DEFENSE

The imposition of punitive damages in this case, as measured by the wealth of FFIC constitutes an impermissible punishment of status.

## **SEVENTEENTH DEFENSE**

It would be unconstitutional to award any punitive damages as such would violate the Fifth and Fourteenth Amendments to the United States Constitution and Article III, Section 14 of the Constitution of the State of Mississippi in that:

1. These damages are intended to punish and deter FFIC and thus this proceeding is essentially criminal in nature;

2. FFIC is being compelled to be a witness against themselves in a proceeding which is essentially and effectively criminal in nature, in violation of FFIC's right to due process;

3. Third Party Plaintiff's burden of proof to establish punitive damages in this proceeding, which is effectively criminal in nature, is less than the burden of proof required in other criminal proceedings, and thus violates FFIC's right to due process;

4. That inasmuch as this proceeding is essentially and effectively criminal in nature, FFIC is being denied the requirement of notice of the elements of the offense and the law and authorities authorizing punitive damages, and accordingly the process is sufficiently vague and ambiguous so as to be in violation of the Due Process Clause of the Fifth Amendment and/or the Fourteenth Amendment of the United States Constitution and also in violation of Article III, Section 14 of the Constitution of the State of Mississippi.

## **EIGHTEENTH DEFENSE**

The awarding of disproportionate judgments against defendants such as FFIC, who commit similar offense resulting in similar injury, where the only difference is the material wealth, constitutes and arbitrary and invidious discrimination prohibited by the equal protection

clauses and rights of FFIC under the Fourteenth Amendment to the Constitution of the United States of America.

## NINETEENTH DEFENSE

The imposition of punitive damages in the premises would violate FFIC's rights under the contracts clause of Article I, Section 10 of the Constitution of the United States of America and Article III, Section 16 of the Constitution of the State of Mississippi.

## TWENTIETH DEFENSE

Defendant/Third Party Plaintiffs are not entitled to recover any exemplary or punitive damages in this case and FFIC demands judgment in their favor.

## TWENTY-FIRST DEFENSE

Defendant/Third Party Plaintiff's Amended Complaints fail to state a claim upon which punitive damages may be awarded insofar as they seek punitive damages for breach of contract. These damages are not available for breach of contract, and only may be recoverable where such a breach is accompanied by such gross negligence or willful wrongdoing as to amount to an independent tort. Defendant/Third Party Plaintiffs have failed to state a cause of action, or cannot show proof of such conduct in any manner whatsoever.

## TWENTY-SECOND DEFENSE

FFIC pleads set off for any settlement between Defendant/Third Party Plaintiffs and any other party in this matter.

## TWENTY-THIRD DEFENSE

Any recovery had by Defendant/Third Party Plaintiffs must be reduced or set off by collateral source paid to Defendant/Third Party Plaintiffs.

### TWENTY-FOURTH DEFENSE

Defendant/Third Party Plaintiff's claims are barred by payment and/or recoupment.

### TWENTY-FIFTH DEFENSE

Defendant/Third Party Plaintiff's claims are barred by the doctrine of double recovery.

### TWENTY-SIXTH DEFENSE

Defendant/Third Party Plaintiff's claims would violate FFIC's constitutional rights.

### TWENTY-SEVENTH DEFENSE

FFIC is entitled to certain limitations of, and protections from liability and damages as provided by law.

### TWENTY- EIGHTH DEFENSE

Defendant/Third Party Plaintiff's claims are barred by the applicable statutes of limitations.

### TWENTY-NINTH DEFENSE

FFIC's actions were not the actual or proximate cause of the claimed damages and Defendant/Third Party Plaintiff ought not recover from FFIC.

### THIRTIETH DEFENSE

FFIC pleads Closed Container Doctrine.

### THIRTY-FIRST DEFENSE

Third Party Plaintiff's claims are barred by the doctrine of res judicata.

### THIRTY-SECOND DEFENSE

Defendant/Third Party Plaintiff's claims are barred by the doctrine of accord, satisfaction and collateral source.

### THIRTY-THIRD DEFENSE

FFIC pleads lack of notice.

### THIRTY-FOURTH DEFENSE

FFIC pleads release.

### THIRTY-FIFTH DEFENSE

FFIC pleads lack of superior knowledge.

### THIRTY-SIXTH DEFENSE

FFIC was not a seller of the product in question.

### THIRTY-SEVENTH DEFENSE

The Amended Complaint/First Amended Third Party Complaint fail to state a claim for relief which can be granted.

### THIRTY-EIGHTH DEFENSE

To the extent not otherwise admitted to herein, all allegations in the First Amended Third Party Complaint as amended are denied.

### THIRTY-NINTH DEFENSE

FFIC pleads lack of privity of contract.

### FORTIETH DEFENSE

FFIC has entered into no contract with any Defendant/Third Party Plaintiff in this matter.

### FORTY-FIRST DEFENSE

FFIC pleads estoppel.

### FORTY-SECOND DEFENSE

Defendant/Third Party Plaintiff have failed to mitigate their damages.

## FORTY-THIRD DEFENSE

No warranties, either express or implied were supplied by FFIC to any party to this action.

## FORTY-FOURTH DEFENSE

Defendant/Third Party Plaintiff are not entitled to attorney's fees.

## FORTY-FIFTH DEFENSE

FFIC alleges that the damages suffered by the Defendant/Third Party Plaintiffs, if any, were the result of the acts or omissions of other parties, named or unnamed in this action, for which FFIC bears the responsibility.

## FORTY-SIXTH DEFENSE

FFIC pleads intervening and superseding cause.

## FORTY-SEVENTH DEFENSE

FFIC says that it is not guilty of each and every material averment of the Defendant/Third Party Plaintiff Amended Complaint and pleads the general issue.

## FORTY-EIGHTH DEFENSE

Defendant/Third Party Plaintiff's Amended Complaints fail to include necessary and indispensable parties.

## FORTY-NINTH DEFENSE

FFIC pleads the statute of repose.

## FIFTIETH DEFENSE

FFIC pleads lack of causal connection.

## FIFTY-FIRST DEFENSE

FFIC pleads misuse of the product.

## FIFTY-SECOND DEFENSE

FFIC pleads substantial alteration of the product.

## FIFTY-THIRD DEFENSE

FFIC pleads the statute of frauds.

## FIFTY-FOURTH DEFENSE

FFIC pleads the lack of consideration.

## FIFTY-FIFTH DEFENSE

FFIC pleads failure of consideration.

## FIFTY-SIXTH DEFENSE

FFIC says that the Defendant/Third Party Plaintiffs have failed to provide adequate and/or timely notification of any alleged breach of warranty which is condition precedent to recovery.

## FIFTY-SEVENTH DEFENSE

FFIC denies that the Defendant/Third Party Plaintiff have been injured and/or damaged to the nature and extent claimed and contests damages.

## FIFTY-EIGHTH DEFENSE

FFIC pleads waiver.

## FIFTY-NINTH DEFENSE

FFIC pleads contributory negligence.

## SIXTIETH DEFENSE

FFIC says that the Defendant/Third Party Plaintiff's claims are limited and/or precluded by contractual agreement.

## SIXTY-FIRST DEFENSE

Defendant/Third Party Plaintiff's claims are barred, in whole or in part, because the Defendant/Third Party Plaintiff's injuries were caused, in whole or in part, by negligence, fault, or wrongful conduct of the Defendant/Third Party Plaintiff, and any recovery is subject to reduction or offset under the doctrines of comparative fault and/or contributory negligence.

## SIXTY-SECOND DEFENSE

FFIC did not design or manufacture the drywall and had no notice of its alleged defective condition.

## SIXTY-THIRD DEFENSE

Any drywall product that may have been sold to AHC excluded any and all express or implied warranties and was sold as salvage, damaged goods in a discounted and "as is" condition.

## SIXTY-FOURTH DEFENSE

FFIC did not breach any implied warranties or any warranties created by law.

## SIXTY-FIFTH DEFENSE

Defendant/Third Party Plaintiff's breach of warranty claim is barred by Defendant/Third Party Plaintiff's failure to provide FFIC with reasonable or adequate notice of any breach of such alleged warranty.

### SIXTY-SIXTH DEFENSE

Defendant/Third Party Plaintiff impermissibly seek to impose liability on conduct protected from liability by the First Amendment to the United States Constitution and by the Constitution of this State.

### SIXTY-SEVENTH DEFENSE

No act or omission of FFIC was malicious, willful, or reckless and, therefore, any award of punitive damages is barred.

### SIXTY-EIGHTH DEFENSE

Defendant/Third Party Plaintiff's claims are barred by the doctrine of payment.

### SIXTY-NINTH DEFENSE

Defendant/Third Party Plaintiff's claims are barred pursuant to the settlement(s) they have entered into for the same claims made the basis of this suit.

### SEVENTIETH DEFENSE

FFIC denies that it was in the chain of purchase, sale, manufacture or distribution of the product at issue in this case. However, to the extent that it is alleged that FFIC was a seller of the drywall at issue, FFIC asserts the innocent seller defense afforded under Mississippi Code Annotated §11-1-63(h).

### SEVENTY-FIRST DEFENSE

FFIC reserves the right to amend or supplement its answers hereto, including any and all affirmative defenses.

## SEVENTY-SECOND DEFENSE

FFIC asserts all affirmative defenses allowed under Mississippi Rules of Civil Procedure 12(b) and 8(c).

## SEVENTY-THIRD DEFENSE

Defendant/Third Party Plaintiff's claims are barred, in whole or in part, by the "learn intermediary", "informed intermediary" and/or "sophisticated user" doctrines.

## SEVENTY-FOURTH DEFENSE

Defendant/Third Party Plaintiffs are barred, in whole or in part, because FFIC acted in good faith at all relevant times and gave adequate warnings of all known or reasonably knowable risks associated with the use of the product.

## SEVENTY-FIFTH DEFENSE

Defendant/Third Party Plaintiff's claims are barred, in whole or in part, by the Supremacy Clause of the United States Constitution, Article VI, Clause 2, and the laws of the United States because the allegedly defective product is comprehensively regulated by federal law and regulations promulgated thereunder, and plaintiffs claim conflict with federal law and the regulations promulgated by federal law that allow importation of the allegedly defective product.

## SEVENTY-SIXTH DEFENSE

Defendant/Third Party Plaintiff's claims are barred in whole or in part by the deference that common law gives to discretionary actions by government agencies that approve of the importation of the allegedly defective product.

## SEVENTY-SEVENTH DEFENSE

Defendant/Third Party Plaintiff's claims may be barred, in whole or in part, under the doctrine of primary jurisdiction in that the pertinent conduct of FFIC and all its activities with respect to the subject product have been and are conducted under the supervision of a governmental entity.

## SEVENTY-EIGHTH DEFENSE

To the extent this product is, has been, or becomes subject to a recall by the U.S. Consumer Product Safety Commission all state and federal legal and equitable defenses arising from said product recall are incorporated herein by reference.

## SEVENTY-NINTH DEFENSE

FFIC was not in the business of manufacturing drywall; therefore it is not liable for latent defects.

## EIGHTIETH DEFENSE

FFIC by specific reference hereto, adopts all applicable affirmative defenses pled by any other Defendant to this cause in so far as such defenses apply to it and are not contrary to its defenses.

Respectfully submitted,

*/s/ Gary J. Russo*
Gary J. Russo, Esq. (10828)
JONES WALKER LLP
600 Jefferson Street, Suite 1600
Lafayette, LA 70501
Telephone: (337) 593-7600
Facsimile: (337) 593-7601
Email: grusso@joneswalker.com
**Counsel for  Third-Party Defendant Fireman's Fund Insurance Company**

<u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that the above and foregoing Answer to First Amended Third Party Complaint has been served on Plaintiffs' Liaison Counsel, Russ Herman, and Defendants' Liaison Counsel, Kerry Miller, by e-mail and e-mail <u>and</u> upon all parties electronically uploading the same to LexisNexis File & Serve in accordance with Pretrial Order No. 6, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2047, on this 14th day of October, 2014.

/S/ Gary J. Russo
Gary J. Russo