## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

In re:  CHINESE-MANUFACTURED        *        MDL 2047
        DRYWALL PRODUCTS            *
        LIABILITY LITIGATION        *        SECTION L
                                    *
                                    *        JUDGE FALLON
This document relates to:  ALL CASES *
                                    *        MAGISTRATE JUDGE WILKINSON
                                    *

---

### SIXTY FIFTH AND ONE'S AND BANNER'S REPLY TO PLAINTIFF'S RESPONSE TO MOTION TO RECONSIDER ORDER DENYING INJUNCTION FOR CLAIMS BROUGHT BY PLAINTIFF RALPH MANGIARELLI, JR.

---

Defendants, Sixty Fifth and One, LLC ("Sixty Fifth") and Banner Supply Company Pompano, LLC ("Banner"), by and through undersigned counsel, submit this Reply in support of their Motion to Reconsider Order Denying Injunction (Rec. Doc. 17981, hereinafter "Motion"), and respond specifically to the arguments Plaintiff raises in his Response (Rec. Doc. 18010, hereinafter "Response"), and state as follows:

I.    **Background**

1.    On August 18, 2014, this Court entered an Order (Rec. Doc. 17967, hereinafter "Order") denying Sixty Fifth's and Banner's motions to enjoin Plaintiff from prosecuting his Chinese Drywall-related claims in Florida state court in the action captioned *Hamburg v. Sixty-Fifth and One, et al.,* Broward County, Florida, Case No.: 10-11665 11.  In denying Sixty Fifth's and Banner's motions, the Court interpreted the Global and Banner Settlement "Class" definitions to require a person to own "Affected Property" (i.e., property that contains Chinese Drywall), to be considered a member of the Class.

2. Sixty Fifth and Banner filed a joint Motion to Reconsider the Court's Order on August 28, 2014, which the Knauf defendants, INEX, and L&W joined because their respective settlement agreements also contain similar "Class" definitions. The Defendants' Steering Committee, Homebuilders' Steering Committee, and Insurance Steering Committee also joined in Sixty Fifth's and Banner's Motion because of the importance the interpretation of the settlement agreements has on the settlements negotiated in this MDL.[1]

3. On September 17, 2014, Plaintiff filed a Motion to Allow Late Filed Response to Sixty Fifth's and Banner's Motion (Rec. Doc. No. 18010), which this Court granted on Sept. 18, 2014 (*see* Rec. Doc. 18015).

4. Sixty Fifth and Banner now file this Reply in support of their Motion and to respond to the arguments Plaintiff raises in the Response.

## II.   <u>Law and Analysis</u>

### A. Owning or residing in "Affected Property" is not required to be a Class member in the Global and Banner Class Settlements.

To determine whether Plaintiff's claim is governed by the Global and Banner Settlement Agreements, the Court need only consider whether Plaintiff is included in the "Class" definitions present in those agreements. The Class definitions are broadly worded, as the Plaintiff concedes at page 3 of his Response, and cover every conceivable claim that could arise from the use of Chinese Drywall.[2]  In short, the Global and Banner Classes include persons with any claim, of whatever description, that arises out of, in any manner relates to, or results from Chinese Drywall.  Based upon the broad "arising out of," "relating

---

[1] *See* Rec. Doc. 17981 at footnote 1.

[2] The complete Global and Banner Class definitions are found in the settlement agreements at paragraphs 1.1.1 and 1.1.3, respectively, and are cited at page 5 of Sixty Fifth's and Banner's Motion.

to," or "resulting from" language, Plaintiff's claim easily falls within the Class definitions; Plaintiff's claim – that his condominium unit suffered loss of market value *because of Chinese Drywall* in the neighboring condo tower – is, without question, a claim that arises out of, relates to, or results from Chinese drywall.[3]   Plaintiff has failed to advance any argument to the contrary, but instead has relied upon other provisions of the agreements which he claims contradict the Class definitions.   The other provisions, however, are irrelevant to and do not impact whether Plaintiff's claim, as a threshold matter, falls within the Class definitions.[4]

Contrary to Plaintiff's arguments, the broadly defined Class definitions do not contain a requirement that a Class member own or reside in property which contains Chinese Drywall (i.e., an "Affected Property") to fall under the Class definition.   Rather, the Class definitions state in clear and unequivocal terms that the claim must only "arise out of," "relate to," or "result from" Chinese Drywall to be included in the Class.   Therefore, whether a person's property actually contains Chinese Drywall is wholly irrelevant to the determination of

---

[3]   The phrase "arising out of or relating to" has been interpreted broadly to encompass virtually all disputes between contracting parties.  *See Southland Corp. v. Keating,* 465 U.S. 1, 15 n. 7, 104 S.Ct. 852, 79 L.Ed.2d 1 (1984) (arising out of and relating to included claims for fraud, misrepresentation, breach of contract, breach of fiduciary duty, and violation of state franchise investment law); *Prima Paint Corp. v. Flood & Conklin Mfg. Co.,* 388 U.S. 395, 406, 87 S.Ct. 1801, 18 L.Ed.2d 1270 (1967) ("[a]ny controversy or claims arising out of or relating to this agreement, or breach thereof" is "easily broad enough to encompass" a claim for fraud in inducement of contract). The addition of the phrase "relating to" to the phrases "arising out of" or "under," has been construed as broadening the scope of a contractual provision. *See American Recovery Corp. v. Computerized Thermal Imaging, Inc.,* 96 F.3d 88, 93 (4th Cir.1996) (characterizing phrase "arise out of or related to" as broadening arbitration clause and characterized as "capable of an expansive reach").

[4]   Plaintiff argues that the definitions of "Class Members" and "Affected Properties" conflict.  While Sixty Fifth and Banner strongly disagree, Florida courts addressing such claims hold that where, as here, the definition of "Class Members" which specifically defines the class that Plaintiff is clearly within will control and take precedence over the definition of "Affected Properties" which describes in general terms the type of property that is the subject to the MDL Settlements.  *Idearc Media Corp. v. M.R. Friedman and G.A. Friedman, P.A.,* 985 So. 2d 1159, 1161 (Fla. 3d DCA 2008) (finding when certain provisions of a contract conflict, as a general principle of contract construction, the more specific provision dealing with the particular subject will control over a different provision dealing only generally with the same subject) (citing *Kel Homes, LLC v. Burris,* 933 So. 2d 699, 703 (Fla. 2d DCA 2006)).

3

whether the person falls within the Class.  Any other interpretation would re-write the clear and unambiguous language used to define the Class in the Global and Banner settlements.

**B. The Court-approved class action settlements did not "entangle" Class members, leaving them without an opportunity to recover.  If a Class member was not satisfied with the settlements' terms, or the allocation plans which governed Class members' eligibility to recover under the settlements, the Class member could have opted out of the settlements.**

At pages 3 – 6 of Plaintiff's Response, Plaintiff attempts to circumvent the broad application of the Class definitions by arguing that they contradict other terms of the settlements which tie recovery to owning or living in an Affected Property.  Plaintiff argues that the settlements "entangle" him in the Class definition but that the "nuts and bolts" of the agreements leave him without an opportunity to recover.   Plaintiff would present a sympathetic argument were it not for the settlements' opt out provisions.

Section 8 of the Global Settlement, and Section 6 of the Banner Settlement, provided all Class members the opportunity to opt out of the settlements should the Class member prefer to pursue claims outside of the settlements.  Like the Class definitions, the opt out provisions and procedures were written in clear and unambiguous terms.[5]  Likewise, the importance of the opt out provisions, and the effect of failing to opt out, was clearly explained in the settlements.  Notably, the opt out provisions clearly warned Class members that "the Class will be deemed to be bound by the Settlement, and the relief provided by the Settlement will be their sole and exclusive remedy for their claims arising out of, in any manner related to, or in any way connected with Chinese Drywall."  (Global Settlement, ¶ 8.1.1).  The Banner opt out provision contained the same warning in paragraph 6.1.1.

---

[5]   Nonetheless, the Global and Banner Settlements provided Class members the opportunity to object to the settlements or seek clarification of the terms.  (*See* Global Settlement, ¶ 9; Banner Settlement, ¶ 7, respectively).

Furthermore, the subject of opting out, and the procedures for opting out, were routinely addressed by the Court at its Monthly Status Conferences.  Additionally, opting out was addressed in the Global and Banner Class Notices that were distributed across the United States to all potential Class members.[6]  The Court even extended opt out deadlines on numerous occasions.  Ultimately, as opt out notices were submitted under the various settlements, Class Counsel filed the opt out notices in the Court record.  Finally, it cannot be ignored that Plaintiff's counsel was personally aware of the opt out provisions and procedures, as he filed opt out notices, and withdrawals of opt outs, under Global, Banner, and other settlements on behalf of other Lauderdale One residents in the MDL.  *See* Exhibit "A".

In summary, the opt out procedures contained in the Global and Banner settlements were well explained, well known, but simply not followed by the Plaintiff.  Had Plaintiff simply opted out, he could have easily preserved the ability to pursue his loss of market value claim in state court.  Having not opted out, however, Plaintiff is bound by the settlements, and their release provisions, which unequivocally release and bar his claim.  (*See* Global Settlement, ¶ 5.1, releasing "diminution of property value," "stigma," and "economic loss" claims; Banner Settlement, ¶ 3.1, releasing "diminution of property value" and "economic loss" claims).

---

[6]  The effect of failing to opt out was explained in bold and conspicuous type in the Global Class Notice, as follows: **IF YOU WISH TO PURSUE AN INDIVIDUAL CLAIM AGAINST PARTICIPATING DEFENDANTS OR PARTICIPATING INSURERS BY LITIGATION, ARBITRATION, OR OTHERWISE, YOU MUST OPT OUT; OTHERWISE, IF THE GLOBAL SETTLEMENT IS APPROVED, YOU WILL NOT BE ABLE TO PURSUE CLAIMS AGAINST PARTICIPATING DEFENDANTS OR PARTICIPAING INSURERS ARISING OUT OF, IN ANY MANNER RELATED TO, OR CONNECTED IN ANY WAY WITH CHINESE DRYWALL.**

The Banner Class Notice contained the same warning relative to claims against Banner and its insurers.

If Plaintiff's arguments are accepted, they would have the effect of unraveling the settlements and re-writing their terms.  This cannot be allowed at this stage of the MDL, as the settlement agreements have been approved by the Court and implicated parties such as Sixty Fifth, Banner, and their insurers (as well as all Participating Defendants and Participating Insurers), relied upon the broad settlement terms to settle Chinese Drywall-related claims and to buy peace.  Plaintiff should not be able to use his failure to opt out to unravel the essential framework of the MDL settlements and undo years of difficult and complex negotiations and drafting as justification for the Court to disregard and/or re-write the broad Class definitions that clearly encompass his claim.  If the Court were to adopt Plaintiff's position and open the proverbial floodgates to claims such as Plaintiff's that are clearly embodied within and precluded by the release language contained in the MDL Settlement Agreements, new class notice would be necessary to advise all parties that the settlement Classes only include those that own or live in Affected Property, and not those who do not own or live in Affected Property.  The language in the releases is express and clear and evidences an unequivocal intention by the parties to the MDL Settlement Agreements to extinguish and forever bar these types of claims.

**C.  Sixty Fifth's and Banner's Motion is Procedurally Proper.**

Finally, Sixty Fifth and Banner feel obligated to address Plaintiff's argument that Sixty Fifth's and Banner's Motion is somehow procedurally improper.  The Fifth Circuit has long recognized a district court's inherent authority to reconsider and modify its own orders.  *See Melancon v. Texaco, Inc.*, 659 F.2d 551, 553 (5th Cir. 1981) ("As long as a district (or an appellate) court has jurisdiction over the case, then (in absence of prohibition by statute or

rule), it possesses the inherent procedural power to reconsider, rescind, or modify an interlocutory order for cause seen by it to be sufficient.").

Moreover, the Eastern District of Louisiana applies the following standard in determining whether to grant motions to reconsider:

(1) the motion is necessary to correct a manifest error of law or fact upon which the judgment is based;
(2) the movant presents newly discovered or previously unavailable evidence;
(3) the motion is necessary in order to prevent manifest injustice; or
(4) the motion is justified by an intervening change in controlling law.

*See e.g., Athletic Training Innovations, LLC v. eTagz, Inc.*, CIV.A. 12-2540, 2013 WL 3216135 (E.D. La. June 24, 2013).

Simply put, Sixty Fifth's and Banner's Motion requests the Court to reconsider its Order to prevent the manifest injustice that would result if Plaintiff is allowed to re-write settlement terms because he failed to opt out.  As such, the Motion is procedurally proper, and Plaintiff's position is legally untenable.

## III.   Conclusion

For the foregoing reasons, and for the reasons raised in Sixty Fifth's and Banner's Motion, Sixty Fifth and Banner request the Court to grant the Motion to Reconsider and enter an order confirming that Plaintiff is a "Class Member" under the Global and Banner Settlement Agreements, and, therefore, is enjoined from pursuing his claims in Florida state court, and for such alternative relief as the Court deems just and proper.

Date: October 17, 2014.


Respectfully submitted,


 /s/ *Jeffrey M. Paskert*_____
Jeffrey M. Paskert
Florida Bar No. 846041
Email:  jpaskert@mpdlegal.com
Secondary:  jegusquiza@mpdlegal.com
Ryan E. Baya
Florida Bar No. 0052610
Email:  rbaya@mpdlegal.com
Secondary:  dhutchins@mpdlegal.com
MILLS PASKERT DIVERS
100 N. Tampa St., Ste. 3700
Tampa, FL 33602
Telephone:  (813) 229-3500
*Attorneys for Sixty Fifth and One, LLC*

*/s/ Michael P. Peterson (with approval)*
Florida Bar No. 982040
Email:  mpeterson@petersonespino.com
PETERSON & ESPINO, P.A.
10631 Southwest 88th Street, Suite 220
Miami, FL  33176
Telephone:  (813) 270-3773
*Attorneys for Banner Supply Company Pompano, LLC*


## CERTIFICATE OF SERVICE

I hereby certify that the above and foregoing pleading has been served upon Russ Herman, Plaintiffs' Liaison Counsel, by email, and to all parties by electronically uploading the same to LexisNexis File & Serve in accordance with Pre-Trial Order No. 6, and that the foregoing was electronically filed with the Clerk of Court of the United States Court for the Eastern District of Louisiana by using CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2047, on this 17th day of October, 2014.


By: /s/ Jeffrey M. Paskert_____

8

# ROBERTS & DURKEE, P.A.

### ATTORNEYS AT LAW

H. CLAY ROBERTS
ROBERTS@RDLAWNET.COM

C. DAVID DURKEE
DURKEE@RDLAWNET.COM

MORRIS C. PROENZA (1940-1995)

ALHAMBRA TOWERS
PENTHOUSE I - SUITE 1603
121 ALHAMBRA PLAZA
CORAL GABLES, FLORIDA 33134

(305) 442-1700 TELEPHONE
(305) 442-2559 FACSIMILE
www.rdlawnet.com

November 5, 2012

**Via Certified U.S. Mail**

Arnold Levin, Esq.
Levin, Fishbein, Sedran & Berman
510 Walnut Street, Suite 500
Philadelphia, PA 19106

Russ Herman, Esq.
Herman Herman & Katz LLP
820 O'Keefe Avenue
New Orleans, LA 70113

Kerry Miller
Frilot LLC
1100 Poydras Street, Suite 3700
New Orleans, LA 70163

Re:  **CHINESE DRYWALL LITIGATION**
MDL NO. 2047

Dear Sirs:

This letter shall serve as a formal request on behalf of my client, Nino Federico, with property at 2421 NE 65th Street, #602, Fort Lauderdale, FL 33308, to withdraw any prior opt out forms filed on his behalf to the Knauf Settlement, Banner Settlement and Builder, Installer, Supplier and Participating Insurer Settlement.

If you should have any questions regarding the forgoing please do not hesitate to contact me at the office.  Thank you.

Very truly yours,

C. David Durkee

EXHIBIT

A

## REQUEST FOR EXCLUSION ("OPT OUT")
### BUILDER, INSTALLER, SUPPLIER AND PARTICIPATING INSURER
### SETTLEMENT CLASS ACTION
### RE: CHINESE MANUFACTURED DRYWALL LITIGATION

The undersigned hereby opts out from the Builder, Installer, Supplier and Participating Insurer Settlement Class in the Chinese Drywall Action.

Name: _Nino_____ _A_____ _Federico_____
      First               Middle          Last

Name: _Doreen_____ _M_____ _Federico_____
      First               Middle          Last

Current Address: _6 Rome Dr. Braintree, MA 02184_

Property Address: _2421 NE 65th St., #602, Ft. Lauderdale, FL 33308_

Executed by _[signature]_            _9 - 26 - 12_
        Signature                          Date

Executed by _[signature]_            _9-26-12_
        Signature                          Date

To the best of my knowledge, the identities of every supplier, installer, builder, developer and its/their insurers I/we intend to pursue are:

SIXTY FIFTH AND ONE LLC, a Florida Limited Liability Company
BJ&K Condo Construction, Inc., a Florida Corporation

To:    Arnold Levin, Esq.
        LEVIN, FISHBEIN, SEDRAN & BERMAN
        510 Walnut Street, Suite 500
        Philadelphia, PA 19106

        Russ Herman, Esq.
        HERMAN HERMAN & KATZ LLP
        820 O'Keefe Avenue
        New Orleans, LA 70113

## REQUEST FOR EXCLUSION ("OPT OUT")
## BANNER SETTLEMENT CLASS RE: CHINESE MANUFACTURED
## DRYWALL LITIGATION

The undersigned hereby opts out from the Banner Settlement Class in the Chinese Drywall Action.

Name: *Nino*　　*A.*　　*Federico*
First　　　　Middle　　　　Last

Name: *Doreen*　　*M.*　　*Federico*
First　　　　Middle　　　　Last

Address: *2421 NE 65ᵀᴴ St., Unit 602*
Street Address

*Fort Lauderdale, FL 33308*
City, State, Zip

Executed by *[signature]*　　　　*9/30/11*
Signature　　　　　　　　　　　　Date

Executed by *Doreen M. Federico*　　*9/30/11*
Signature　　　　　　　　　　　　Date

To:　Arnold Levin
　　　LEVIN, FISHBEIN, SEDRAN & BERMAN
　　　510 Walnut Street, Suite 500
　　　Philadelphia, PA 19106

　　　Todd R. Ehrenreich
　　　WEINBERG WHEELER HUDGINS GUNN & DIAL
　　　2601 South Bayshore Drive, Suite 1500
　　　Miami, FL 33133

　　　Michael P. Peterson
　　　PETERSON & ESPINO, P.A.
　　　10631 S.W. 88th Street, Suite 220
　　　Miami, FL 33186

# ROBERTS & DURKEE, P.A.
### ATTORNEYS AT LAW

H. CLAY ROBERTS
ROBERTS@RDLAWNET.COM

C. DAVID DURKEE
DURKEE@RDLAWNET.COM

MORRIS C. PROENZA (1940-1995)

ALHAMBRA TOWERS
PENTHOUSE I - SUITE 1603
121 ALHAMBRA PLAZA
CORAL GABLES, FLORIDA 33134

(305) 442-1700 TELEPHONE
(305) 442-2559 FACSIMILE
www.rdlawnet.com

May 9, 2013

**Via FedEx Overnight**

Arnold Levin, Esq.
Levin, Fishbein, Sedran & Berman
510 Walnut Street, Suite 500
Philadelphia, PA 19106

Russ Herman, Esq.
Herman Herman & Katz LLP
820 O'Keefe Avenue
New Orleans, LA 70113

Re:   **CHINESE DRYWALL LITIGATION**
        MDL NO. 2047

To whom it may concern:

    This letter shall serve as a formal request on behalf of the following clients to rescind any prior opt out forms filed on their behalf to the Builder, Installer, Supplier and Participating Insurer Settlement:

1. Singleton, Robert and Krista – 5201 W. Neptune Way, Tampa, FL 33609
2. Hamburg, Richard – 2421 NE 65th Street, #603, Ft. Lauderdale, FL 33308

    If you should have any questions regarding the forgoing please do not hesitate to contact me at the office. Thank you.

Very truly yours,

C. David Durkee, Esq.

# REQUEST FOR EXCLUSION ("OPT OUT")
## BUILDER, INSTALLER, SUPPLIER AND PARTICIPATING INSURER
## SETTLEMENT CLASS ACTION
## RE: CHINESE MANUFACTURED DRYWALL LITIGATION

The undersigned hereby opts out from the Builder, Installer, Supplier and Participating Insurer Settlement Class in the Chinese Drywall Action.

Name: _Richard A. Hamburg_
      First          Middle          Last

Name: _____
      First          Middle          Last

Current Address: _2421 NE 65th St #603 Ft. Lauderdale FL 33308_

Property Address: _2421 NE 65th St #603 Ft. Lauderdale FL 33308_

Executed by _____        _9/21/12_
            Signature                          Date

Executed by _____        _____
            Signature                          Date

To the best of my knowledge, the identities of every supplier, installer, builder, developer and its/their insurers I/we intend to pursue are:

SIXTY FIFTH AND ONE LLC, a Florida Limited Liability Company
BJ&K Condo Construction, Inc., a Florida Corporation

To:   Arnold Levin, Esq.
      LEVIN, FISHBEIN, SEDRAN & BERMAN
      510 Walnut Street, Suite 500
      Philadelphia, PA 19106

      Russ Herman, Esq.
      HERMAN HERMAN & KATZ LLP
      820 O'Keefe Avenue
      New Orleans, LA 70113

## REQUEST FOR EXCLUSION ("OPT OUT")
### BUILDER, INSTALLER, SUPPLIER AND PARTICIPATING INSURER
### SETTLEMENT CLASS ACTION
### RE: CHINESE MANUFACTURED DRYWALL LITIGATION

The undersigned hereby opts out from the Builder, Installer, Supplier and Participating Insurer Settlement Class in the Chinese Drywall Action.

Name: _Evelyn_ _NMI_ _Scrop_
      First          Middle        Last

Name: _____
      First          Middle        Last

Current Address: _2421 NE 65 St. Ft Lauderdale FL 33308_

Property Address: _2421 NE 65 St. Ft Lauderdale FL 33308_

Executed by _Evelyn Scrop_       _9-26-2012_
      Signature                         Date

Executed by _____       _____
      Signature                         Date

To the best of my knowledge, the identities of every supplier, installer, builder, developer and its/their insurers I/we intend to pursue are:

SIXTY FIFTH AND ONE LLC, a Florida Limited Liability Company
BJ&K Condo Construction, Inc., a Florida Corporation

To:    Arnold Levin, Esq.
       LEVIN, FISHBEIN, SEDRAN & BERMAN
       510 Walnut Street, Suite 500
       Philadelphia, PA 19106

       Russ Herman, Esq.
       HERMAN HERMAN & KATZ LLP
       820 O'Keefe Avenue
       New Orleans, LA 70113

# ROBERTS & DURKEE, P.A.

### ATTORNEYS AT LAW

H. CLAY ROBERTS
ROBERTS@RDLAWNET.COM

C. DAVID DURKEE
DURKEE@RDLAWNET.COM

MORRIS C. PROENZA (1940-1995)

ALHAMBRA TOWERS
PENTHOUSE I - SUITE 1603
121 ALHAMBRA PLAZA
CORAL GABLES, FLORIDA 33134

(305) 442-1700 TELEPHONE
(305) 442-2559 FACSIMILE
www.rdlawnet.com

February 26, 2013

*Via US Mail and facsimile to (215) 592-4663*
Arnold Levin, Esq.
Matthew Gaughan, Esq.
510 Walnut Street, Suite 500
Philadelphia, PA 19106

*Via US Mail and facsimile to (504) 561-6024*
Russ Herman, Esq.
820 O'Keefe Avenue
New Orleans, LA 70113

*Via US Mail and facsimile to (504) 599-8145*
Kerry Miller, Esq.
Frilot LLC
1100 Poydras Street, Suite 3700
New Orleans, LA 70163

RE:   **CHINESE DRYWALL LITIGATION**
      **MDL NO. 2047**

Dear Sirs,

This letter shall serve as a formal request on behalf of Richard A. Hamburg to withdraw any prior opt out forms on his behalf to the Knauf, Banner, and Builder, Installer, Supplier and Participating Insurer Settlement, in relation to 2421 NE 65th Street, Unit 603, Fort Lauderdale, FL 33308. This rescission shall *only* apply to Unit 603, and not Unit 217.

Very Truly Yours,

C. David Durkee

CDD:cbs
Enclosure

# ROBERTS & DURKEE, P.A.

### ATTORNEYS AT LAW

H. CLAY ROBERTS
ROBERTS@RDLAWNET.COM

C. DAVID DURKEE
DURKEE@RDLAWNET.COM

MORRIS C. PROENZA (1940-1995)

ALHAMBRA TOWERS
PENTHOUSE I - SUITE 1603
121 ALHAMBRA PLAZA
CORAL GABLES, FLORIDA 33134

(305) 442-1700 TELEPHONE
(305) 442-2559 FACSIMILE
www.rdlawnet.com

January 25, 2013

**Via Certified U.S. Mail**

Arnold Levin, Esq.
Levin, Fishbein, Sedran & Berman
510 Walnut Street, Suite 500
Philadelphia, PA 19106

Russ Herman, Esq.
Herman Herman & Katz LLP
820 O'Keefe Avenue
New Orleans, LA 70113

Todd R. Ehrenreich
Weinberg Wheeler Hudgins Gunn & Dial
2601 South Bayshore Drive, Suite 1500
Miami, FL 33133

Michael P. Peterson
Peterson & Espino, P.A.
10631 S.W. 88th Street, Suite 220
Miami, FL 33186

Re:   **CHINESE DRYWALL LITIGATION**
       MDL NO. 2047

        This letter shall serve as a formal request on behalf of the following clients to rescind any prior opt out forms filed on their behalf to the Banner Settlement:

1. Jill White – 11001 Gulf Reflections Drive, Unit 304, Fort Myers, FL 33908
2. Richard Volion & Ursula Englehardt – 2421 NE 65th Street, Unit 2-301, Fort Lauderdale, FL 33308
3. Groenwold, Doreen & Johnson, Hugh - 11001 Gulf Reflections Drive, Unit A405, Fort Myers, FL 33908
4. Nina Kirby - 11001 Gulf Reflections Drive, Unit A202, Fort Myers, FL 33908
5. Rebecca Katz - 11001 Gulf Reflections Drive, Unit A406, Fort Myers, FL 33908

If you should have any questions regarding the forgoing please do not hesitate to contact me at the office.  Thank you.

Very truly yours,

C. David Durkee, Esq.

## REQUEST FOR EXCLUSION ("OPT OUT")
## BANNER SETTLEMENT CLASS RE: CHINESE MANUFACTURED
## DRYWALL LITIGATION

The undersigned hereby opts out from the Banner Settlement Class in the Chinese Drywall Action.

Name: _Richard  M  Volion_
      First          Middle         Last

Name: _Ursula  Engelhardt - Volion_
      First          Middle         Last

Address: _2421 NE 65th St. Unit 2301_
       Street Address

_Fort Lauderdale, FL 33308_
      City, State, Zip

Executed by _[signature]_        _10/7/11_
      Signature                  Date

Executed by _____      _____
      Signature                  Date

To:    Arnold Levin
       LEVIN, FISHBEIN, SEDRAN & BERMAN
       510 Walnut Street, Suite 500
       Philadelphia, PA 19106

       Todd R. Ehrenreich
       WEINBERG WHEELER HUDGINS GUNN & DIAL
       2601 South Bayshore Drive, Suite 1500
       Miami, FL 33133

       Michael P. Peterson
       PETERSON & ESPINO, P.A.
       10631 S.W. 88th Street, Suite 220
       Miami, FL 33186

## REQUEST FOR EXCLUSION ("OPT OUT")
## BANNER SETTLEMENT CLASS RE: CHINESE MANUFACTURED DRYWALL LITIGATION

The undersigned hereby opts out from the Banner Settlement Class in the Chinese Drywall Action.

Name: _Paul_____ _J_____ _Stratford_____
       First         Middle        Last

Name: _Sharon_____ _A_____ _Stratford_____
       First         Middle        Last

Address: _25 Valleyfield St_____
         Street Address

_Lexington, MA 02421_____
         City, State, Zip

Executed by _Paul J Stratford_____      _10/1/11_____
         Signature                         Date

Executed by _Sharon Stratford_____      _10/1/11_____
         Signature                         Date

To:    Arnold Levin
        LEVIN, FISHBEIN, SEDRAN & BERMAN
        510 Walnut Street, Suite 500
        Philadelphia, PA 19106

        Todd R. Ehrenreich
        WEINBERG WHEELER HUDGINS GUNN & DIAL
        2601 South Bayshore Drive, Suite 1500
        Miami, FL 33133

        Michael P. Peterson
        PETERSON & ESPINO, P.A.
        10631 S.W. 88th Street, Suite 220
        Miami, FL 33186

## REQUEST FOR EXCLUSION ("OPT OUT")
### BANNER SETTLEMENT CLASS RE: CHINESE MANUFACTURED DRYWALL LITIGATION

The undersigned hereby opts out from the Banner Settlement Class in the Chinese Drywall Action.

Name: _Evelyn_ _Scrop_
      First       Middle       Last

Name: _Julius_ _Scrop_
      First       Middle       Last

Address: _2421 N.E. 65th St #410_
       Street Address

       _Ft Lauderdale FL 33308_
       City, State, Zip

Executed by _Evelyn Scrop_    _9/27/11_
       Signature           Date

Executed by _Julius Scrop_    _9/27/11_
       Signature           Date

To:   Arnold Levin
      LEVIN, FISHBEIN, SEDRAN & BERMAN
      510 Walnut Street, Suite 500
      Philadelphia, PA 19106

      Todd R. Ehrenreich
      WEINBERG WHEELER HUDGINS GUNN & DIAL
      2601 South Bayshore Drive, Suite 1500
      Miami, FL 33133

      Michael P. Peterson
      PETERSON & ESPINO, P.A.
      10631 S.W. 88th Street, Suite 220
      Miami, FL 33186

## REQUEST FOR EXCLUSION ("OPT OUT")
## BANNER SETTLEMENT CLASS RE: CHINESE MANUFACTURED DRYWALL LITIGATION

The undersigned hereby opts out from the Banner Settlement Class in the Chinese Drywall Action.

Name: _Richard_   _A._   _Hamburg_

First      Middle      Last

Name: _____

First      Middle      Last

Address: _2721 NE 65th St. #603_

Street Address

_Ft. Lauderdale, Fl 33308_

City, State, Zip

Executed by _____   Date _9/27/11_

Signature

Executed by _____   Date _____

Signature

To:   Arnold Levin
      LEVIN, FISHBEIN, SEDRAN & BERMAN
      510 Walnut Street, Suite 500
      Philadelphia, PA 19106

      Todd R. Ehrenreich
      WEINBERG WHEELER HUDGINS GUNN & DIAL
      2601 South Bayshore Drive, Suite 1500
      Miami, FL 33133

      Michael P. Peterson
      PETERSON & ESPINO, P.A.
      10631 S.W. 88th Street, Suite 220
      Miami, FL 33186

## REQUEST FOR EXCLUSION ("OPT OUT")
### KNAUF SETTLEMENT CLASS RE: CHINESE MANUFACTURED DRYWALL LITIGATION

The undersigned hereby opts out from the Knauf Settlement Class in the Chinese Drywall Action.

Name: _Richard A. Hamburg_

First　　　　　Middle　　　　　Last

Name: _____

First　　　　　Middle　　　　　Last

Property Address: _2421 NE 65th St # 603_

Street Address

_Ft. Lauderdale, Fl 33308_

City, State, Zip

Executed by _____ _4/25/12_

Signature　　　　　　　　　　　　Date

Executed by _____ _____

Signature　　　　　　　　　　　　Date

To:　Arnold Levin, Esq.
　　　LEVIN, FISHBEIN, SEDRAN & BERMAN
　　　510 Walnut Street, Suite 500
　　　Philadelphia, PA 19106

　　　Russ Herman, Esq.
　　　HERMAN, HERMAN, KATZ & COTLAR LLP
　　　820 O'Keefe Avenue
　　　New Orleans, LA 70113

　　　Kerry Miller, Esq.
　　　FRILOT LLC
　　　1100 Paydras Street, Suite 3700
　　　New Orleans, LA 70163

**REQUEST FOR EXCLUSION ("OPT-OUT")**
**KNAUF SETTLEMENT CLASS RE: CHINESE MANUFACTURED**
**DRY WALL LITIGATION**

The undersigned hereby opts out from the Knauf Settlement Class in the Chinese Drywall Action.

Name: RICHARD    M.    VOLION
      First        Middle        Last

Name: URSULA    E.    ENGELHARDT - VOLION
      First        Middle        Last

Address: 2421   NE   65th   St.   2/301
        Street Address

        Fort   LAUDERDALE FL 33308
        City, State, Zip

Executed by _____   26 Sep 2012
        Signature              Date

Executed by _____   26 Sep 2012
        Signature              Date

To:   Arnold Levin
      LEVIN, FISHBEIN, SEDRAN & BERMAN
      510 Walnut Street, Suite 500
      Philadelphia, PA 19106

      Todd R. Ehrenreich
      WEINBERG WHEELER HUDGINS GUNN & DIAL
      2601 South Bayshore Drive, Suite 1500
      Miami, FL 33133

      Michael P. Peterson
      PETERSON & ESPINO, P.A.
      10631 S.W. 88th Street, Suite 220
      Miami, FL 33186

## REQUEST FOR EXCLUSION ("OPT OUT")
### KNAUF SETTLEMENT CLASS RE: CHINESE MANUFACTURED
### DRYWALL LITIGATION

The undersigned hereby opts out from the Knauf Settlement Class in the Chinese Drywall Action.

Name: Evelyn      NMI      Scrop
      First        Middle        Last

Name: _____
      First        Middle        Last

Address: 2421 N.E. 65TH St
         Street Address

Ft. Lauderdale, FL 33308
City, State, Zip

Executed by _Evelyn Scrop_____ 9-26-2012
            Signature                    Date

Executed by _____ _____
            Signature                    Date

To:   Arnold Levin
      LEVIN, FISHBEIN, SEDRAN & BERMAN
      510 Walnut Street, Suite 500
      Philadelphia, PA 19106

      Todd R. Ehrenreich
      WEINBERG WHEELER HUDGINS GUNN & DIAL
      2601 South Bayshore Drive, Suite 1500
      Miami, FL 33133

      Michael P. Peterson
      PETERSON & ESPINO, P.A.
      10631 S.W. 88th Street, Suite 220
      Miami, FL 33186

# ROBERTS & DURKEE, P.A.

### ATTORNEYS AT LAW



**H. CLAY ROBERTS**
ROBERTS@RDLAWNET.COM

**C. DAVID DURKEE**
DURKEE@RDLAWNET.COM

MORRIS C. PROENZA (1940-1995)

ALHAMBRA TOWERS
PENTHOUSE I - SUITE 1603
121 ALHAMBRA PLAZA
CORAL GABLES, FLORIDA 33134

(305) 442-1700 TELEPHONE
(305) 442-2559 FACSIMILE
www.rdlawnet.com

September 28, 2012

*Via Certified U.S. Mail*

Arnold Levin, Esq.
LEVIN, FISHBEIN, SEDRAN &
BERMAN
510 Walnut Street, Suite 500
Philadelphia, PA 19106

Michael P. Peterson
PETERSON & ESPINO, P.A.
10631 S.W. 88th Street, Suite 220
Miami, FL 33186

Dorothy Wimberly
Stone Pigman Walther Wittmann LLC
546 Carondelet Street
New Orleans, LA 70130

Russ Herman, Esq.
HERMAN HERMAN & KATZ LLP
820 O'Keefe Avenue
New Orleans, LA 70113

Michael A. Sexton
Weinberg Wheeler Hudgins Gunn & Dial
LLC
3344 Peachtree Road, NE Suite 2400
Atlanta, GA 30326

Kerry J. Miller
Frilot LLC
1100 Poydras Street
Suite 3700
New Orleans, LA 70163

RE:   **CHINESE DRYWALL LITIGATION**
         **MDL NO. 2047**

To whom it may concern:

Enclosed please find a list with my clients who have accepted the Knauf Settlement. If any opt out form was filed on behalf of any of the clients listed on Exhibit "A" for either the Knauf Settlement, Banner Settlement or Global Settlement Agreement, please withdraw said opt-out, and accept this letter as confirmation that these clients have accepted the Knauf settlement.

Very truly yours,

C. David Durkee, Esq.

CDD:es

## KNAUF ACCEPTED

### KNAUF ACCEPT NO LONGER OWN HOME

| | CLIENT | ADDRESS |
|---|---|---|
| 1 | Acosta | 319 Broward Ave, Lehigh Acres, FL |
| 2 | Arias, Evelyn | 3601 Malagrotta Circle, Cape Coral, FL |
| 3 | Bekirov (3410 Address) | 3410 SE 6th Street, Pompano Beach, FL |
| 4 | Braithwaite | 3513 NW 14th Court, Lauderhill, FL |
| 5 | Carraway | 2091 SW Grant Ave, Port St. Lucie, FL |
| 6 | Corell | 11416 Dutch Iris Drive, Riverview, FL |
| 7 | Crawford | 3609 NW 14th Court, Lauderhille, FL |
| 8 | Cummins and Brown | 1112 Amber Lake Court, Cape Coral, FL |
| 9 | Gonzalez, Roberto | 11281 NW 84th Street, Doral, FL |
| 10 | HO | 362 NE 30th Avenue, Homestead, Florida |
| 11 | Kondeck | 3026 Lake Manatee Court, Cape Coral, FL |
| 12 | McGee | 3590 Lansing Loop, Bldg 40 #104, Estero, Fl |
| 13 | Mullen (property 1132) | 1132 Bari Street, Lehigh Acres, FL |
| 14 | Palmer and Carroll | 8217 Sanctuary Druve, Unit 2, Naples, FL |
| 15 | Panessa | 2672 SW Windship Way , Stuart, FL |
| 16 | Patalano | 11422 Bridge Pine Drive, Riverview, FL |

### KNAUF ACCEPT - INKPP

| | CLIENT | ADDRESS |
|---|---|---|
| 1 | Auerbach | 3598 NW 14th Court, Lauderhill, FL |

| | | ADDRESS |
|---|---|---|
| 2 | Bisoon | 1056 NW Leonardo Circle, Port St. Lucie, FL |
| 3 | Curbelo | 3526 NW 14th Court, Lauderhill, FL |
| 4 | De los Santos | 973 NW Leonardo Circle, Port St. Lucie, FL |
| 5 | Guilhempe | 335 SW 24th Street, Cape Coral, FL |
| 6 | Henry | 5424 SW 16th Place, Cape Coral, FL |
| 7 | Joseph | 3523 NW 14th Court, Lauderhill, FL |
| 8 | Khandwalla | 3534 NW 14th Court, Lauderhill, FL |
| 9 | Lewis | 4110 SW 22nd Court, Cape Coral, FL |
| 10 | Marino | 1418 SE 13th Terr Cape Coral, FL |
| 11 | Mulligan | 3542 NW 14th Court, Lauderhill, FL 954-205-9048 |
| 12 | Reid | 3605 NW 14th Ct. Lauderhill, FL |
| 13 | Rottau & Cloeren | 2607 NW 15th Street, Cape Coral, FL |
| 14 | Rucki | 7584 Caloosa Drive, Bokeelia, FL |
| 15 | Segundo | 2964 NE 3rd Drive, Homestead, FL |
| 16 | St. Cyr | 3535 NW 14th Court, Lauderhill, FL |
| 17 | Taylor | 3517 NW 14th Court, Lauderhill, FL |
| 18 | Torres & Rodriguez | 317 NW 1st Street, Cape Coral, FL |
| 19 | Watson | 978 NW Leonardo Circle, Port St. Lucie, FL |
| 20 | Williams, Angela | 967 NW Leonardo Circle, Port ST. Lucie, FL |
| **KNAUF-ACCEPT - Still own home** | | |
| **CLIENT** | | **ADDRESS** |
| 1 | Albano | 1401 NW 36th Way, Lauderhill, FL |
| 2 | Andrade | 3976 Cherry Brook Loop, Fort Myers, FL |
| 3 | Arbelo | 107 SW Sea Lion Road, Port St. Lucie, FL |
| 4 | Aziz | 12406 SW 230 Street, Miami, FL |
| 5 | Brown, Habdon | 2576 Sawgrass Lake Court, Cape Coral, FL |

| 6 | Calvo | 8220 SW 190th Terr, Cutler Bay, FL |
|---|---|---|
| 7 | Carlo | 22073 SW 88th Path, Cutler Bay, Florida |
| 8 | Carvajalino | 738 SW Estate Ave, Port St. Lucie, FL |
| 9 | Costoya | 8203 SW 190th Terr, Cutler Bay, FL |
| 10 | De Leon | 11291 NW 84th Street, Doral, FL |
| 11 | Decambre & Bell | 5238 NW Jake Court, Port St. Lucie, FL |
| 12 | Depriest | 618 SW 1st Avenue, Pompano Beach, FL |
| 13 | Dolinsky & Wainstein | 39 SE 3rd Avenue, Hallandale Beach, FL |
| 14 | Efries | 1728 SW 2nd Place, Cape Coral, FL |
| 15 | Einhorn | 2401 SE Wishbone Road, Port St. Lucie, FL |
| 16 | Ervin | 2186 SW Devon Ave, Port St. Lucie, FL |
| 17 | Feler | 10150 Bayou Grande Ave, Seminole, FL |
| 18 | Fernandez | 19911 NW 77th Court, Miami, FL |
| 19 | Ferri | 2555 Sawgrass Lake Court, Cape Coral, FL |
| 20 | Gonzalez, Luis | 2944 NE 3rd Drive, Homestead, FL |
| 21 | Graham & Rainner | 3602 NW 14th Court, Lauderhill, FL |
| 22 | Grahm & Russell | 8217 Sanctuary Drive, Unit 1, Naples, FL |
| 23 | Grasmeier | 8635 Pegasus Drive, Lehigh Acres, FL |
| 24 | Grove | 20307 SW 324 Street, Homestead, FL |
| 25 | Gumpert | 2592 Sawgrass Lake Court, Cape Coral, FL |
| 26 | Hafeez | 2542 Sawgrass Lake Court, Cape Coral, FL |
| 27 | Hanzel | 16122 Via Solerna Circle, Unit 105, Ft. Myers, FL |
| 28 | Jackson | 2577 Sawgrass Lake Court, Cape Coral, FL |
| 29 | James | 3606 NW 14th Court, Lauderhill, FL |
| 30 | Jamison | 3318 NE 3rd Drive, Homestead, FL |
| 31 | Kosakowski | 1889 SW Clambake Ave, Pt. St. Lucie, FL |
| 32 | Larssen | 10200 Bayou Grande Ave, Seminole, FL 33772; 727-954-5646 |

| 33 | Laudermilk | 2520 Sawgrass Lake Court, Cape Coral, FL |
| 34 | Leal | 3060 SW 145 Court, Miami, FL |
| 35 | Litus | 2351 SW freeman Street, Port ST. Lucie, FL |
| 36 | MaCallister | 4686 SW Galaxie Street, Port St. Lucie, FL |
| 37 | Marcario | 8186 NW 114 Place, Doral, FL |
| 38 | Marcinkiewics | 2528 Sawgrass Lake Court, Cape Coral, FL |
| 39 | Morales | 32052 SW 204 Court, Homestead, FL |
| 40 | Orcutt | 8224 Sanctuary Drive, unit 2, Naples, FL |
| 41 | Pacheco | 9940 NW 26 Street, Doral, FL |
| 42 | Parker | 2559 Sawgrass Lake Court, Cape Coral, FL |
| 43 | Perez, Jorge | 19941 NW 77th Court, Miami, FL |
| 44 | Persaud, Ken | 601 SW Duval Ave, Port St. Lucie, FL |
| 45 | Persaud, Thakur | 2815 Cabana Drive Lane, Port St. Lucie, FL |
| 46 | Puckett | 32051 SW 204th Court, Homestead, FL |
| 47 | Salerno-Tortura | 1531 SE N Blackwell Drive, Port ST. Lucie, FL |
| 48 | Saroza | 3034 Lake Manatee Court, Cape Coral, FL |
| 49 | Schilcte | 3036 Lake Manatee Court, Cape Coral, FL |
| 50 | Serrano | 3552 SW Savona Blvd, Port St. Lucie, FL |
| 51 | Sica | 2569 Sawgrass Lake Court, Cape Coral, FL |
| 52 | Smith, Mike | 3207 NE 14th Place, Cape Coral, FL |
| 53 | Su | 11503 Centaur Way, Lehigh Acres, FL |
| 54 | Surman 1 | 8221 Sanctuary Drive Unit 1, Naples, FL |
| 55 | Surman 2 | 8221 Sanctuary Drive Unit 2, Naples, FL |
| 56 | Toledo | 3932 SW 52nd Ave, Unit #3, Pembroke Pines, FL 33023 |
| 57 | Ward | 1883 SW Lennox Street, Port St. Lucie, FL |
| 58 | Werner | 2014 NW 11th Court, Cape Coral |
| 59 | Whidden | 102 NW 29th Avenue, Cape Coral, FL |

| | CLIENT | ADDRESS |
|---|---|---|
| 60 | Zheltkov | 25 Essington Lane, Palm Coast, FL |

**KNAUF ACCEPT - Remediated**

| | CLIENT | ADDRESS |
|---|---|---|
| 1 | Albert | 2670 Amber Lake Drive, Cape Coral, FL |
| 2 | Ariola | 3000 SW 145th Court, Miami, FL 33175 |
| 3 | Banks | 8705 Pegasus Drive, Lehigh Acres, FL |
| 4 | Bell, Gerald | 2660 Hackney Road, Weston, FL |
| 5 | Boog | 1844 Atlantic Drive, Ruskin, Florida |
| 6 | Crispino | 3024 Lake Manatee Court, Cape Coral, FL |
| 7 | Cuddapah | 3317 Ceitus Parkway Cape Coral, FL |
| 8 | Cumbie | 703 El Dorado Parkway West, Cape Coral, FL |
| 9 | Milone | 2749 SW Rosser Blvd, Port St. Lucie, FL |
| 10 | Pena | 3740 SW 130 Ave Miami, FL |
| 11 | Pitter | 8052 NW 125h Terr, Parkland, Fl |
| 12 | Silvestri | 1612 NW 5th Street, Cape Coral, FL |
| 13 | Tucker | 1632 SW 19th Terr, Cape Coral, FL |

**KNAUF ACCEPT - MIXED BOARD HOMES**

| | CLIENT | ADDRESS |
|---|---|---|
| 1 | Avello & Basulto | 19871 NW 77th Court, Hialeah, FL |
| 2 | Bailey, Georgia | 314 NE 10th Street, Cape Coral, FL |
| 3 | Daza | 8435 NW 113 Path, Doral, FL |
| 4 | Gillard | 2566 Sawgrass Lake Court, Cape Coral, FL |
| 5 | Gonzalez & Diaz | 10101 SW 68th Street, Miami, FL |
| 6 | Gonzalez, Victor | 19851 NW 77th Court, Miami, FL |
| 7 | Izquierdo | 323 NE 30th Ave, Homestead, FL |
| 8 | Seavers | 11520 Centaur Way, Lehigh Acres, FL |

| | CLIENT | ADDRESS |
|---|---|---|
| 9 | Webster | 20367 SW 87th Place, Cutler Bay, FL |
| **KNAUF ACCEPT - GULF REFLECTIONS** | | |
| | CLIENT | ADDRESS |
| 1 | Conte | 11001 Gulf Reflections Drive, Unit 106 |
| 2 | Cummins, Rolland | 11001 Gulf Reflections Drive, Unit 108 |
| 3 | Gallo | 11001 Gulf Reflections Drive, Unit 101 |
| 4 | Herbert/Castro | 11001 Gulf Reflections Drive, Unit 201 |
| 5 | Kroeger | 11001 Gulf Reflections Drive, Unit 204 |
| 6 | Murphy, Ronald | 11001 Gulf Reflections Drive, Unit 107 |
| 7 | Ramaskeuicius | 11001 Gulf Reflections Drive, Unit 102 |
| 8 | Shabani, Laurent | 11001 Gulf Reflections Drive, Unit 103 |
| **KNAUF ACCEPT - LAUDERDALE ONE** | | |
| | CLIENT | ADDRESS |
| 1 | Caradonna, Joseph | 2421 NE 65th Street, Unit #606, Ft. Lauderdale, Florida |
| 2 | Brown, Trisha | 2421 NE 65th Street, Unit#607, Ft. Lauderdale, Florida |
| 3 | Stratford, Paul | 2421 NE 65th Street, Unit #617, Ft. Lauderdale, Florida |
| 4 | Westbrook, Garrison | 2421 NE 65th Street, Unit #604, Ft. Lauderdale, Florida |
| 5 | Yerg, Martin | 2421 NE 65th Street, Unit #601, Ft. Lauderdale, Florida |

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | | |
|---|---|---|
| In re:  CHINESE-MANUFACTURED | * | MDL 2047 |
| DRYWALL PRODUCTS | * | |
| LIABILITY LITIGATION | * | SECTION L |
| | * | |
| | * | JUDGE FALLON |
| This document relates to:  ALL CASES | * | |
| | * | MAG. JUDGE WILKINSON |
| | * | |
| | * | |

---

**SIXTY FIFTH AND ONE'S AND BANNER'S MOTION FOR LEAVE TO FILE REPLY TO PLAINTIFFS' RESPONSE TO MOTION TO RECONSIDER ORDER DENYING INJUNCTION FOR CLAIMS BROUGHT BY PLAINTIFF RALPH MANGIARELLI, JR.**

---

COME NOW Defendants, Sixty Fifth and One, LLC ("Sixty-Fifth") and Banner Supply Company Pompano, LLC ("Banner"), and move this Court for leave to file a Reply in support of their Motion to Reconsider Order Denying Injunction for Claims Brought by Plaintiff, Ralph Mangiarelli, Jr., and in response to Plaintiff's Response thereto.  The Reply responds directly to the arguments raised by Plaintiff in his Response, and Sixty Fifth and Banner respectfully suggest that the Reply will assist the Court in resolving the Motion to Reconsider.

WHEREFORE, Sixty Fifth and Banner respectfully request that the Court grant this Motion and permit the filing of the attached Reply.

Date: October 17, 2014

Respectfully submitted,

/s/ Jeffrey M. Paskert

Jeffrey M. Paskert
Florida Bar No. 846041
Email:  jpaskert@mpdlegal.com
Secondary:  jegusquiza@mpdlegal.com
Ryan E. Baya
Florida Bar No. 0052610
Email:  rbaya@mpdlegal.com
Secondary:  dhutchins@mpdlegal.com
MILLS PASKERT DIVERS
100 N. Tampa St., Ste. 3700
Tampa, FL 33602
Telephone:  (813) 229-3500
*Attorneys for Sixty Fifth and One, LLC*

/s/ Michael P. Peterson (with approval)

Florida Bar No. 982040
Email:  mpeterson@petersonespino.com
PETERSON & ESPINO, P.A.
10631 Southwest 88th Street, Suite 220
Miami, FL  33176
Telephone:  (813) 270-3773
*Attorneys for Banner Supply Company Pompano, LLC*

## CERTIFICATE OF SERVICE

I hereby certify that the above and foregoing pleading has been served upon Russ Herman, Plaintiffs' Liaison Counsel, by email, and to all parties by electronically uploading the same to LexisNexis File & Serve in accordance with Pre-Trial Order No. 6, and that the foregoing was electronically filed with the Clerk of Court of the United States Court for the Eastern District of Louisiana by using CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2047, on this 17th day of October, 2014.

By: /s/ Jeffrey M. Paskert