UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: CHINESE MANUFACTURED DRYWALL PRODUCTS LIABILITY LITIGATION | * | MDL NO. 2047 |
| | * | |
| | * | SECTION: L |
| | * | |
| | * | JUDGE FALLON |
| | * | |
| | * | MAG. |
| | * | JUDGE WILKINSON |

**THIS DOCUMENT RELATES TO ALL CASES.**

## CURATOR'S STATUS REPORT NO. 32

Curator, Robert M. Johnston, submits this Status Report in accordance with the Court's Order dated November 21, 2011.

**I.  CURRENT STATUS**

Following appointment by the Court, Curator, Robert M. Johnston, established procedures to provide *Pro Se* plaintiffs who contact the Curator's office with important information concerning the status of settlement agreements, their options regarding prosecution of their claims, including whether to participate in class settlements or not. Procedures have also been established to assist *Pro Se* plaintiffs by making available important documents, including class settlement agreements and related information. Additional procedures were also established concerning informing *pro se* plaintiffs of their right to retain separate counsel, and, where appropriate, providing the name and contact information concerning counsel with experience handling MDL matters in the jurisdiction in which the claimant resides, including providing the names of attorneys who are

1

members of the Plaintiff's Steering Committee. When a *Pro Se* plaintiff seeks to participate in class settlement agreements, the Curator's office will assist that plaintiff in doing so.

Since being appointed Curator, Robert M. Johnston, has engaged support and administrative personnel to assist in the discharge of the Curator's duties, particularly, Jeannette McCurnin, a paralegal with extensive experience in the Vioxx Products Liability Litigation in which Robert M. Johnston was appointed, and remains, the Curator for *Pro Se* plaintiffs in that litigation.

## II.    CURATOR ACTIVITY

Since being retained as Curator, the Curator's office has been contacted by many *Pro Se* plaintiffs. In accordance with the agreement reached by Leonard Davis and Arnold Levin, members of the Plaintiff's Steering Committee, and by Kerry Miller, counsel for Knauf, the names and addresses of those *Pro Se* plaintiffs with evidence of having Knauf Chinese Drywall in their property have been forwarded to Leonard Davis and Garrett Thalgott of the Frilot firm, who have also been sent relevant information as to whether the individual *Pro Se* plaintiffs filed suit before December 9, 2011, and the status of whether their property has or has not already been remediated. We have assisted *Pro se* plaintiffs in obtaining inspection reports from qualified inspectors.

Specifically, after initial discussions with Leonard Davis of the Plaintiff's Steering Committee, *Pro Se* plaintiffs contacting the Curator's office have been requested to send documentary evidence, including photographs and inspection reports, proving that the property owned by the *Pro Se* claimant contained Knauf drywall. This documentary evidence has been forwarded to Leonard Davis and Garrett Thalgott, and additional

2

documentary evidence when received will continue to be forwarded. Since the date of the last Status Report filed, an additional 30 *Pro Se* plaintiffs have contacted the Curator's office, increasing the number of such plaintiffs to approximately 630. The Curator's office continues to receive calls from established Pro Se Plaintiffs regarding the status of their claims. My staff and I have continued to assist the *Pro Se* plaintiffs and respond to their inquiries.

On February 22, 2013 and February 25, 2013, I sent correspondence to each of the *Pro Se* plaintiffs informing them of the Court's Order and Judgment certifying several settlement classes, and recommended that the *Pro Se* plaintiffs monitor the Court's website regarding procedures for asserting claims against the settling defendants, other than Knauf, whose settlements have been approved by the Court. On April 11, 2013, I sent correspondence to *Pro Se* plaintiffs notifying them of the Court's March 27, 2013 Order establishing registration requirements and a deadline for registering, and provided the registration form and related documents. I also sent a letter to *Pro Se* Plaintiffs on May 24, 2013 informing them of the Court's extension of the registration deadline to June 24, 2013. On June 24, 2013, I sent an additional letter to *Pro Se* Plaintiffs informing them of the Court's extension of the registration deadline to July 8, 2013. On July 30, 2013, I sent an additional letter to *Pro Se* Plaintiffs informing them of the Court's extension of the claim forms deadline to September 30, 2013. The letter further explained that the Claims Program consists of a two-step process: (1) submitting of the registration form and (2) submitting of the claim forms and all required supporting documentation. Several *Pro Se* Plaintiffs stated their erroneous belief that completing the registration form was sufficient to preserve their claims. We have stressed the importance of the timely

completion of and transmittal of the claim forms and supporting documentation to the Claim Administrator. On August 29, 2013, I sent out a letter to *Pro Se* Plaintiffs listed on Exhibit A and B of the Settlement Agreement Regarding Post December 9, 2011 Claims Against the Knauf Defendants in MDL 2047 [*Paul Beane, et al v. Gebrueder Knauf Verwaltungegesellschaft*, et al, No. 13-39 (ED,.La)] informing these *Pro Se* Plaintiffs of the Opt-In process and the importance of submitting the Opt-In forms prior to the deadline of September 12, 2013. On September 6, 2013, I sent out a letter to 887 *Pro Se* Plaintiffs who have registered in the Claims Settlement Program based on information provided by the Claims Administrator. The letter again stated the importance of filing claims by the deadline of September 30, 2013 and enclosed in the letter were the Claim Type Document Requirements and photographs showing the types of documentary evidence required by the Claims Administrator. On October 9, 2013, my office sent an additional communication to 720 *Pro Se* plaintiffs whose names were provided by the Claims Administrator advising them of the Court's extension of the deadline for filing of claim forms with the Claims Administrator's office to October 25, 2013. All of the foregoing resulted in a substantial increase in calls from *Pro Se* Plaintiffs, and I and my office personnel assisted the callers regarding the registration procedure and responded to their questions.

Regarding the *Pro Se* plaintiffs who have claims against Knauf, I informed them I will notify them in the event that the settlement class is expanded to include their claims.

Since the passage of the October 25, 2013 deadline for submitting claims, we have received several additional inquiries from Pro Se Plaintiffs who have stated that they learned of the presence of Knauf drywall in their properties after the deadline for filing

4

such claims. Most of my recent work as *Pro Se* plaintiff Curator recently has involved communications from *Pro Se* plaintiffs as well as attorneys representing individuals who discovered after the Court's October 25, 2013 claim filing deadline that they have Knauf Tianjin drywall in their property. As instructed by the Court, I have sent communications to Russ Herman with the Plaintiffs' Steering Committee and Kerry Miller, counsel for Knauf, and provided them with the names of those individuals who have late Knauf claims based upon the discovery of Knauf after the deadline. My initial letter was dated February 27, 2014, and I subsequently notified them of the names of additional late claimants in letters dated March 20, 2014 and March 31, 2014. I am also sending them another letter providing them with the names of two additional late claimants. The total number of individuals who have contacted my office in the past six months since the passage of the October deadline with essentially the same type late claims is 25. I will continue to provide the Plaintiffs' Steering Committee, counsel for Knauf and the Court with any additional individuals who contact me regarding late Knauf claims.

I have advised Pro Se Plaintiffs with late claims that currently such claims are being rejected, but that discussions are ongoing between the Plaintiff's Steering Committee and counsel for Knauf regarding these claims.

I have sent counsel for Knauf, the Plaintiffs' Steering Committee and the Court correspondence providing the names of *Pro Se* Plaintiffs who did not discover that they have Knauf drywall in their property until after the October 25, 2013 deadline. The current number of these *Pro Se* Plaintiffs is approximately 52. Since the last Status Conference there have been additional *Pro Se* Plaintiffs who have contacted my office with information that they have Knauf drywall in owned property.

I have also had discussions with the PSC and counsel for Knauf about the *Pro Se* Plaintiffs with late Knauf claims. I have as requested provided counsel for Knauf the names of all such Pro Se Plaintiffs and information regarding their property. Considering that fact that the late Knauf *Pro Se* Plaintiffs had no prior way of knowing that their owned property was infested by Knauf Chinese Drywall, I have over the past several months requested that Knauf agree to remediate the properties. I have had no response from Knauf to my communications.

Respectfully Submitted:

JOHNSTON, HOEFER, HOLWADEL

*/s/ Robert N. Johnston*
ROBERT M. JOHNSTON
(Bar No.:7339)
400 Poydras Street, Suite 2450
New Orleans, Louisiana 70130
Telephone: (504) 561-7799
Facsimile: (504) 587-3794
Email: rmj@ahhelaw.com
**Pro Se Curator**

## CERTIFICATE OF SERVICE

I hereby certify that the above and foregoing Curator's Status Report has been electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF system which will send a Notice of Electronic Filing in accord with the procedures established in MDL 2047, on this 20th day of October 2014.

                                                */s/ Robert M. Johnston*
                                        ROBERT M. JOHNSTON (Bar No. 7339)