UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In re:  CHINESE-MANUFACTURED | * | MDL 2047 |
| DRYWALL PRODUCTS | * | |
| LIABILITY LITIGATION | * | SECTION L |
| | * | |
| | * | JUDGE FALLON |
| This document relates to: All Cases | * | |
| | * | MAGISTRATE JUDGE WILKINSON |
| | * | |

* * * * * * * * * * * * * * * * *

### MEMORANDUM IN SUPPORT OF THE MOTION TO EXTINGUISH THE KNAUF DEFENDANTS' SETTLEMENT OBLIGATIONS  FOR CERTAIN ALREADY REMEDIATED HOME CLAIMS

The Knauf Defendants[1] file this Memorandum in Support of their Motion to Extinguish the Knauf Defendants' Settlement Obligations for Certain Already Remediated Home Claims.

The Court should extinguish the Knauf Defendants' settlement obligations for the Already Remediated Home ("ARH") claimants identified in Exhibits A, B, and C because those claimants have failed to comply with Pre-Trial Order 1(B) ("PTO 1(B)") and/or Pre-Trial Order 26 ("PTO 26").  Additionally, the Court should affirm that the Knauf Defendants have no obligation to settle with the ARH claimants identified in Exhibit D because those claimants purchased their properties with knowledge that the properties contained KPT Chinese Drywall or Non-KPT Chinese Drywall and are not eligible for settlement benefits.

---

[1] The Knauf Defendants include Knauf Plasterboard (Tianjin) Co., Ltd., Knauf Plasterboard (Wuhu) Co., Ltd., Guangdong Knauf New Building Material Products Co., Ltd., Knauf Gips KG, Gebr. Knauf Verwaltungsgesellschaft KG, Knauf International GmbH, Knauf Insulation GmbH, Knauf UK GmbH, Knauf AMF GmbH & Co. KG, Knauf do Brasil Ltda., and PT Knauf Gypsum Indonesia.

**I.     BACKGROUND**

On October 9, 2009, the Court issued PTO 1(B).  Doc. No. 337.  PTO 1(B) establishes the Court's requirements "with respect to the preservation of physical evidence from properties that may be repaired by the parties during the course of this litigation."  *Id*. at p. 1.  PTO 1(B) states, "[f]rom this date forward, all persons or entities who have or who intend to pursue a claim relating to allegedly defective Chinese-manufactured drywall . . . shall preserve . . . physical evidence at their own expense."  *Id*. at p. 2.

The Court made it clear that all parties were and are required to preserve physical evidence by following a few basic procedures, including but not limited to the following:

> The parties shall photograph the backside of each Chinese drywall board immediately after it is removed on-site, and, document on a floor plan, building diagram, or other similar form of documentation, the location of each full or partial Chinese drywall board removed from the property and its photograph.  Photographs of the wall sections should be taken so that any markings on the backside of the drywall sections are most clearly visible in the photographs.

*Id*. at p. 3.  The party responsible for failing to preserve evidence may be subject to the claim or defense of spoliation.  *Id*. at p. 7.

On March 29, 2012, the Court issued PTO 26.  Doc. No. 13382.  PTO 26 set set forth the process for the reimbursement of claimants with ARHs originally containing drywall manufactured by Knauf Plasterboard (Tianjin) Co., Ltd.  *Id*.  Specifically, PTO 26 ordered all owners of ARHs to submit the following documentation related to their claim(s) for reimbursement to the Settlement Administrator:

- A completed Owner Disclosure Affidavit;
- Before and after photographs of the home interior, including photographs of moldings, cabinets, appliances, etc.;

- A remediation contract or itemized scope of work document from the contractor who performed all remediation work;
- Proof of payment for all remediation expenses; and
- A floor plan of the affected property with dimensions.

*Id.* at pp. 3-4.

On February 7, 2013, the Court granted final approval to the Settlement Agreement Regarding Claims Against the Knauf Defendants in MDL No. 2047 ("Knauf MDL Settlement Agreement"). Doc. No. 16570. Since that time, the Knauf Defendants have reviewed the submissions for ARH claims and worked with ARH claimants and/or their attorneys to obtain the documentation required by PTO 1(B) and PTO 26 so their claims could be adequately analyzed and settled.

Exhibit A is a list of 48 ARH claimants that registered with the Settlement Administrator, but failed to submit Owner Disclosure Affidavits to the Settlement Administrator. Because these Owner Disclosure Affidavits have not been submitted, the Knauf Defendants have been unable to analyze and settle these claims.

Exhibit B is an additional list of 20 ARH claimants that registered with the Settlement Administrator, submitted Owner Disclosure Affidavits, but received notifications for various document deficiencies. *See* Exhibit B-1. These notifications for various document deficiencies were sent to ARH claimants in February and March of 2013 and again in March of 2014. The Knauf Defendants (in conjunction with Class Counsel) scheduled meetings with these claimants and/or their counsel in an attempt to resolve these deficiencies. *See* Exhibit B-2 (Declaration of Garrett Thalgott). To date, no additional documentation has been provided to resolve these

deficiencies. Because the additional documentation has not been provided, the Knauf Defendants have been unable to analyze and settle these claims.

Exhibit C is an additional list of 8 ARH claimants that allege that they have provided all documentation in their possession. Some of these claimants failed to obtain and/or preserve proof of payment of construction expenses. Others submitted board composition evidence that is utterly lacking. A schedule of the 8 ARH claimants' deficiencies is attached as Exhibit C-1. Because of the lack of documentation that has been provided, the Knauf Defendants have been unable to analyze and settle these claims.

Exhibit D is an additional list of 19 ARH claimants that purchased their properties with knowledge that the properties contained KPT Chinese Drywall or Non-KPT Chinese Drywall. These claimants are not class members of the Knauf MDL Settlement Agreement because the class definition excludes claimants who purchased their properties with knowledge that the properties contained KPT Chinese Drywall or Non-KPT Chinese Drywall. Therefore, the Knauf Defendants have not and will not settle these claims as part of the Knauf MDL Settlement Agreement.

## II. LAW AND ARGUMENT

### A. *The Court Should Extinguish the Knauf Defendants' Settlement Obligations as to ARH Claimants Identified in Exhibits A, B, and C.*

The Court should extinguish the Knauf Defendants' settlement obligations for the ARH claimants identified in Exhibits A, B, and C because those claimants have failed to comply with PTO 1(B) and/or PTO 26.

By granting final approval to the Knauf MDL Settlement Agreement, the Court retained:

(a) continuing jurisdiction over the Litigation, the Class, the Participating Class Members, the Knauf Defendants and the Settlement for the purposes of administering, supervising, construing and enforcing the Settlement; and (b)

4

>continuing and exclusive jurisdiction over (i) the Settlement Funds and (ii) the distribution of same to Participating Class Members.

Doc. No. 16407-3, at p. 66 (Section 15.1).

More than 170 ARH claims have been settled, and over $27,000,000 in settlement funds have been disbursed for those claims. There are 112 ARH claimant's claims that have yet to be settled and that are not subject to this Motion.[2] Exhibit E. However, there are an additional 76 ARH claimants (identified in Exhibits A, B, and C) that have failed to follow the requirements of PTO 1(B) and/or PTO 26.

The Knauf Defendants and Class Counsel's goal is to wrap up the ARH aspect of the Knauf MDL Settlement Agreement around the same time as the Settlement Administrator finishes dispersing funds for the other aspects of the Settlement Agreement. However, the 76 ARH claimants that have failed to follow the requirements of PTO 1(B) and/or PTO 26 are obstructing this process. It is now the appropriate time to discharge the Knauf Defendants from any further obligations for these claims.

Specifically, ARH claimants identified in Exhibit A failed to submit Owner Disclosure Affidavits to the Settlement Administrator as is required by PTO 26. ARH claimants identified in Exhibit B received notifications for various document deficiencies, and the Knauf Defendants (in conjunction with PSC) scheduled meetings with these claimants and/or their counsel in an attempt to resolve these deficiencies. *See* Exhibit B-2 (Declaration of Garrett Thalgott). Nevertheless, no additional documentation has been provided to resolve these deficiencies as is required by PTO 26. ARH claimants identified in Exhibit C received notifications for various document deficiencies and responded to the notices by alleging that they supplied all

---

[2] Many of these 112 ARH claims have proof deficiencies and may be subject to future motions by the Knauf Defendants. These ARH claims are not included in this motion because the claimants are attempting to cure proof deficiencies and their documentation is still under review.

documentation in their possession.  These ARH claimants have therefore violated PTO 1(B) by failing to preserve this evidence and PTO 26 by failing to submit the proper documentation of their claims.

Therefore, the Court should extinguish the Knauf Defendants' settlement obligations for the ARH claimants identified in Exhibits A, B, and C because those claimants have failed to comply with PTO 1(B) and/or PTO 26.

### B. *The Court Should Affirm that the Knauf Defendants Have No Obligation to Settle with ARH Claimants Identified in Exhibit D.*

The Court should affirm that the Knauf Defendants have no obligation to settle with the 19 ARH claimants identified in Exhibit D because those claimants (who are not Mortgagees) purchased their properties with knowledge that the properties contained KPT Chinese Drywall or Non-KPT Chinese Drywall.

The Knauf MDL Settlement Agreement excludes from the definition of class members "[o]wners, other than Mortgagees, who purchased Affected Properties with knowledge that the properties contained KPT Chinese Drywall and/or Non-KPT Chinese Drywall"  Doc. No. 16407-3, at p. 2 (Sections 1.1.2.1 - 1.1.2.2).

ARH claimants identified in Exhibit D purchased their properties (likely at a large discount) with knowledge that the properties contained KPT Chinese Drywall or Non-KPT Chinese Drywall.  Because these claimants purchased their properties with knowledge that the properties contained KPT Chinese Drywall or Non-KPT Chinese Drywall, they are not class members of the Knauf MDL Settlement Agreement.  Therefore, the Court should affirm that the Knauf Defendants have no obligation to settle with the ARH claimants identified in Exhibit D.

### III. CONCLUSION

For the foregoing reasons, the Court should extinguish the Knauf Defendants' settlement obligations for the ARH claimants identified in Exhibits A, B, and C because those claimants have failed to comply with PTO 1(B) and/or PTO 26. Additionally, the Court should affirm that the Knauf Defendants have no obligation to settle with the ARH claimants identified in Exhibit D because those claimants are not Mortgagees and purchased their properties with knowledge that the properties contained KPT Chinese Drywall or Non-KPT Chinese Drywall.

Respectfully submitted,

*/s/ Kerry J. Miller*_____
Kerry J. Miller (LA Bar No. 24562)
Kyle A. Spaulding (LA Bar No. 29000)
**FRILOT L.L.C.**
1100 Poydras Street, Suite 3700
New Orleans, LA  70163
Telephone:     (504) 599-8194
Facsimile:      (504) 599-8145
Email:            kmiller@frilot.com
*Counsel for the Knauf Defendants*

### CERTIFICATE OF SERVICE

I hereby certify that the above and foregoing pleading has been served on all parties by electronically uploading the same to LexisNexis File & Serve in accordance with Pre-Trial Order No. 6, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2047 on this **20th** day of **October**, **2014**.

*/s/ Kerry J. Miller*___