# EXHIBIT

# B-2

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: CHINESE MANUFACTURED DRYWALL PRODUCTS LIABILITY LITIGATION | MDL NO. 2047 |
| | SECTION "L"(2) |
| THIS DOCUMENT RELATES TO: | JUDGE ELDON FALLON |
| ALL CASES | MAG. JUDGE JOHN WILKINSON |

**UNSWORN DECLARATION OF GARRETT W. THALGOTT UNDER PENALTY OF PERJURY PURSUANT TO 28 U.S.C. § 1746**

Pursuant to 28 U.S.C. § 1746, I, Garrett W. Thalgott, declare under penalty of perjury that:

1. I am making this declaration from my own personal knowledge. All of these statements are the same ones that I would make if I were called to testify at a hearing or at the trial of this matter.

2. I am currently employed by the law firm of Frilot L.L.C. and have been since 2006. One of my responsibilities in the Chinese Drywall litigation is to review and settle Already Remediated Properties claims pursuant to Exhibit "A" of the Knauf Class Settlement Agreement.

3. According to the Knauf Class Settlement Agreement and Pre-Trial Order 26, owners of already remediated properties must submit drywall board composition evidence, proof of payment for all remediation expenses, an itemized scope of all remediation work, and a floor plan with exterior dimensions, among other things. Without that information, I am unable to perform a complete analysis of the claim to determine reasonable reimbursable expenses pursuant to Exhibit A of the Knauf Class Settlement Agreement.

4. I provided a list of properties that were missing necessary information that prevented Knauf from analyzing the claims to Class Counsel, Leonard A. Davis. On Monday, March 17, 2014 and Tuesday, March 18, 2014, notices were sent on behalf of Mr. Davis to counsel for those deficient property owners. Those notices specified deficiencies, and, in conjunction with counsel for Knauf, offered to schedule and participate in conferences to explain and assist in the resolution of the stated deficiencies.

5. Conferences were scheduled on April 14, 15 and 16, 2014, wherein counsel for any deficient property owner had the opportunity to meet with me and with Mr. Davis, on behalf of the PSC, to discuss resolution of the deficiencies.

6. Upon receipt of sufficient information to cure all material deficiencies, claims are processed and offers are generated.

7. If deficiencies are not cured, it is impossible to analyze cost information or generate settlement offers that are based on reasonable reimbursement expenses.

I certify under penalty of perjury that the foregoing is true and correct.

Executed October 20, 2014.

_____
GARRETT W. THALGOTT