**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| IN RE:  CHINESE-MANUFACTURED DRYWALL PRODUCTS LIABILITY LITIGATION | MDL NO. 2047 SECTION: L JUDGE FALLON MAG. JUDGE WILKINSON |
| THIS DOCUMENT RELATES TO: ALL CASES | |

**THE FEE COMMITTEE'S MEMORANDUM IN SUPPORT OF INSPECTION COSTS**
**AND HOLD BACK MOTION PURSUANT TO PRETRIAL ORDER NO. 28(E)**

## I.  INTRODUCTION

The Fee Committee ("FC") respectfully submits this memorandum in support of its motion to determine reimbursement of reasonable inspection costs and a hold back pursuant to Pretrial Order No. 28(E).[1]

## II.  FACTUAL BACKGROUND

On February 7, 2013, this Court issued its Order and Judgment finally approving the five interrelated settlements involving the INEX, Banner, Knauf, L&W, and Global settlement classes. [Rec.Doc. 16570].   Under the terms of these settlements KPT Property Owners will receive complete Remediation Benefits under the Knauf Settlement.   Mixed Property Owners with KPT Chinese drywall and non-KPT Chinese drywall (material predominately manufactured by Taishan Gypsum Co. Ltd. and its affiliated companies) will be eligible to partake from either the Self-

---

[1]PTO 28(E) ¶4 requires that the FC submit the instant, "Inspection Cost and Hold Back Motion."  While denominated as such, as described herein, the reimbursement of costs sought includes all reasonable costs, including the costs of inspection, in individual cases.

1

Remediation Option or the Cash-Out Option of the Knauf Settlement in order to receive their proportionate share of Remediation Benefits related to their KPT Percentage.[2]  Property owners with only non-KPT Chinese drywall may seek benefits from the Banner, INEX, and/or Global Settlements, but not the Knauf Settlement.

A significant benefit provided by the Knauf Settlement is that Class Members are not responsible for any attorneys' fees or costs because the Knauf Defendants have agreed to pay, subject to Court approval, $160 million in attorneys' fees and reasonable costs, including reasonable inspection costs for individual Plaintiffs.  *See* February 7, 2013 Judgment at 8 ("The Knauf Settlement further provides for a separate fund for attorney fees, thus ensuring that any attorney fees approved by this Court will not diminish any plaintiff's recovery or cause a structure to receive only partial remediation.").  *See also* Amended Knauf Settlement, Section 14.2.

After the judgment became final, the Court authorized the funding of various Qualified Settlement Funds.  *See* Order dated January 7, 2014 [Rec.Doc. 17938].  Appropriate funds were deposited into the Attorney Fee QSF in the amount of $192,861,988.65, with a set-aside for costs in the amount of $5,547,011.68.  *Id*.  The set-aside for fees and costs is presently available for distribution.

In contemplation of awarding attorneys' fees and costs, this Court issued Pretrial Order No. 28 on January 10, 2014 [Rec.Doc. 17379].  Therein, the FC was appointed, comprised of Russ Herman, Arnold Levin, Gerald Meunier, Christopher Seeger, Dawn Barrios, Richard Serpe and

---

[2]In addition, the Knauf Settlement provides Other Loss Benefits which are intended to compensate for alternative living expenses, personal property damage, property maintenance costs (including utility bills, insurance, property taxes and maintenance of landscaping), moving and storage expenses, losses resulting from lost use, sales and rentals, sales in mitigation or foreclosures, and/or bodily injuries.

Michael Ryan.[3]  The FC is actively engaged in review of common benefit work performed by attorneys to make a recommendation to this Court in due course regarding the allocation of fees and costs.

On October 6, 2014, this Court issued Pretrial Order No. 28(E) [Rec.Doc. 18037] directing the FC to address costs and hold back.  Specifically, this Court ordered:

> By no later than October 27, 2014, the FC shall file a motion to determine the amount of reimbursement that a claimant should recover for costs, including the expenses for inspection of each property containing Knauf Plasterboard Tianjin Chinese drywall, in addition to any amount that should be withheld from the Attorney's Fee Funds held in Qualified Settlement Funds for use in connection with ongoing remaining litigation (The "Inspection Cost and Hold Back Motion").

To comply with this order, the FC has evaluated costs incurred per case, including the costs of inspection, throughout the cohort of attorneys performing common benefit work, as well as individually retained attorneys. These costs have ranged from a few hundred dollars to several thousand dollars.  To arrive at a recommendation for a *reasonable* cost per case that includes the cost of inspections, the FC reviewed this data and conferred on several occasions to arrive at a consensus figure among FC members.   In addition, the FC has considered what would be a reasonable amount of funds to hold back in order to continue the prosecution of litigation against the remaining Taishan defendants and administration of the Knauf and individual class settlements.

The FC has determined that a reasonable cost stipend should be $1000 per property for those properties where KPT Chinese drywall is present, including homes with mixed board that includes KPT Chinese drywall.  For those properties with non-KPT Chinese drywall only, the FC has

---

[3]In PTO 28(D) [Rec.Doc. 17832], Leonard Davis was appointed as Secretary to the FC.

determined that the reasonable stipend should be $150 per property, which reflects the fact that those owners are not eligible to participate in the Knauf Settlement and also reflects the lesser contributions of the Banner, INEX and Global settlements.[4]

In addition, the FC has determined that there should be a reasonable hold back in the amount of $10 million for use in connection with ongoing remaining litigation and settlement administration work.[5]  Any sums remaining from this hold back may be distributed pro rata to fee applicants based on the Court's allocation of fees.

## III.  ARGUMENT

Based upon the terms of the Knauf Settlement and this Court' February 7, 2013 Order and Judgment approving the interrelated settlements, it is appropriate to reimburse counsel their reasonable costs, including their costs for inspections.  Although the range of individual case costs vary, the FC has determined that the reasonable average expense is $1000 per KPT property and $150 for non-KPT properties.  Being an average, the actual costs, including those of inspections, will in some instances have been lower and in other cases higher.  Nevertheless, the FC has determined

---

[4]The plaintiffs in MDL 2047 have been actively pursuing the non-KPT manufacturers, including the Taishan Defendants, *i.e.*, Taishan Gypsum Co. Ltd. (hereafter "Taishan"); Beijing New Building Materials Limited Co.; Beijing New Building Materials Group Co., Ltd.; China National Building Materials Co., Ltd. ; China National Building Materials Group Corporation; and Tai'an Taishan Plasterboard Co., Ltd..  Taishan unsuccessfully challenged this Court's personal jurisdiction.  *See In re Chinese-Manufactured Drywall Prod. Liab. Litig.*, 894 F. Supp. 2d 819 (E.D. La. 2012), *aff'd*, 742 F.3d 576 (5th Cir. 2014) & 753 F.3d 521 (5th Cir. 2014). Thereafter, Taishan and its affiliates were held in civil and criminal contempt for failing to appear at the Judgment Debtor Hearing on July 17, 2014.  The plaintiffs in MDL 2047 are pursuing and will continue to pursue their claims to recover damages for remediation against Taishan and it affiliates.

[5]This hold back will assist with costs exceeding the hold back contemplated in Section 14.8.1 of the Fourth Knauf Settlement Agreement [Rec.Doc. No. 17165-1] for post-settlement and administrative matters.

that awarding a flat $1000 stipend per KPT home is a reasonable means to reimburse counsel their expenses involved in the litigation-wide effort to prosecute these matters. The non-KPT homes' only recovery comes from a portion of the Banner, INEX and Global settlements and, therefore, their lesser stipend reflects the smaller recovery obtained. This Court and others in the Fifth Circuit routinely grant similar expense requests in common fund cases as a matter of course. *See In re Vioxx Products Liab. Litig.*, 802 F.Supp.2d 740, 770 n. 13 (E.D.La. 2011)(trial court "has inherent equitable power" to "allow counsel fees and litigation expenses out of the proceeds of a fund that has been created by successful litigation,"), *quoting, In re Air Crash Disaster at Fla. Everglades on Dec. 29, 1972*, 549 F.2d 1006, 1017 (5th Cir. 1977); *In re Heartland Payment Systems, Inc. Customer Data Security Breach Litig.*, 851 F.Supp.2d 1040, 1088 (S.D. Texas 2012)("class counsel in common fund cases are also entitled to reasonable litigation expenses from that fund.").

District Courts are also empowered to provide for "hold back" funds. Establishing such litigation expense funds is a recognized procedure countenanced by the Fifth Circuit and other courts administering large, complex litigations such as MDL 2047. *See Newby v. Enron Corp.*, 394 F.3d 296, 302-03 (5th Cir. 2004)(court rejected objections to a $15 million fund for future court-approved litigation expenses, and upheld "the district court's approval of the litigation defense fund as a sound exercise of discretion."); *In re Shell Oil Refinery*, 155 F.R.D. 552, 576 (E.D.La. 1993)(establishing a $7 million reserve for litigation costs and expenses); *In re Asbestos School Litig.*, 1988 WL 82853, *2 (E.D.Pa. Aug. 5, 1988)(awarding $1 million to establish a litigation fund to pay for contemplated future expenses).

Accordingly, this Court has within its discretion, inherent authority to determine and award reasonable expenses, including the cost of inspections, and to award from the common fund created by the settlements a corpus to establish a future litigation expense fund.

## IV. <u>CONCLUSION</u>

For the reasons set forth above, the FC respectfully submits that its Inspection Costs and Hold Back Motion Pursuant to Pretrial Order No. 28(E) be granted.

Respectfully submitted,

Dated: October 23, 2014

/s/ Leonard A. Davis
Russ M. Herman, Esquire (Bar No. 6819)
Leonard A. Davis, Esquire (Bar No. 14190)
Stephen J. Herman, Esquire (Bar No. 23129)
HERMAN, HERMAN & KATZ, LLC
820 O'Keefe Avenue
New Orleans, LA 70113
Phone: (504) 581-4892
Fax: (504) 561-6024
Ldavis@hhklawfirm.com
*Plaintiffs' Liaison Counsel in MDL 2047*
*Fee Committee Co-Chair/Secretary*

Arnold Levin (on the brief)
Fred S. Longer (on the brief)
Sandra L. Duggan (on the brief)
Matthew C. Gaughan
LEVIN, FISHBEIN, SEDRAN & BERMAN
510 Walnut Street, Suite 500
Philadelphia, PA 19106
Phone: (215) 592-1500
Fax: (215) 592-4663
Alevin@lfsblaw.com
*Plaintiffs' Lead Counsel in MDL 2047*
*Fee Committee Chair*

Dawn M. Barrios
BARRIOS, KINGSDORF & CASTEIX, LLP
701 Poydras Street, Suite 3650
New Orleans, LA 70139
Phone: (504) 524-3300
Fax: (504) 524-3313
Barrios@bkc-law.com
*Fee Committee Member*

Christopher A. Seeger
SEEGER WEISS, LLP
77 Water Street, 26th Floor
New York, NY 10005
Phone: (212) 584-0700
Fax: (212) 584-0799
cseeger@seegerweiss.com
*Fee Committee Member*

Gerald E. Meunier
GAINSBURGH, BENJAMIN, DAVID, MEUNIER
 & WARSHAUER, LLC
2800 Energy Centre, 1100 Poydras Street
New Orleans, LA 70163-2800
Phone: (504) 522-2304
Fax: (504) 528-9973
gmeunier@gainsben.com
*Fee Committee Member*

Richard J. Serpe
LAW OFFICES OF RICHARD J. SERPE
Crown Center, Ste. 310
580 East Main Street
Norfolk, VA 23510-2322
rserpe@serpefirm.com
*Fee Committee Member*

7

Michael J. Ryan
KRUPNICK CAMPBELL MALONE
BUSER SLAMA HANCOCK LIBERMAN
12 S.E. Seventh Street, Suite 801
Fort Lauderdale, FL 33301
Phone: (954) 763-8181
Fax: (954) 763-8292
*Fee Committee Member*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that the above and foregoing has been served on Defendants' Liaison Counsel, Kerry Miller, by e-mail and upon all parties by electronically uploading the same to LexisNexis File & Serve in accordance with Pre-Trial Order No. 6, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2047 on this 23rd day of October, 2014.

/s/ Leonard A. Davis
Leonard A. Davis, Esquire
HERMAN, HERMAN & KATZ, LLC
820 O'Keefe Avenue
New Orleans, Louisiana 70113
Phone: (504) 581-4892
Fax: (504) 561-6024
Ldavis@hhklawfirm.com
Plaintiffs' Liaison Counsel
MDL 2047

*Co-counsel for Plaintiffs*

9