## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: CHINESE MANUFACTURED ) | |
|     DRYWALL PRODUCTS ) | MDL NO. 2047 |
|       LIABILITY LITIGATION ) | |
| ) | |
| THIS DOCUMENT RELATES TO: ) | SECTION: L |
| ) | |
| *Hobbie, et al. v.* ) | JUDGE FALLON |
| *RCR Holdings II, LLC, et al.*, ) | |
| ) | |
| No. 10-1113 ) | |
| ) | MAG. JUDGE WILKINSON |
| _____) | |

## **PLAN OF DISTRIBUTION**

WHEREAS, certain units at Villa Lago at Renaissance Commons were sold via a foreclosure proceeding by prior owners (the "Prior Owners") and are now owned by persons who may be Class Members under the Knauf Class Settlement Agreement and the Coastal Settlement Class (the "Current Owner"); and

WHEREAS, a dispute has risen as to whether the Prior Owners or the Current Owners are entitled to any of the available cash proceeds from the Coastal Settlement or the Lump Sum Payment ("LSP") from the Knauf Class Settlement; and

WHEREAS, Knauf will tender $57,735.40 to the Court in lieu of paying any LSP's to which a unit owner containing all KPT Chinese Drywall or KPT Chinese Drywall and non-KPT Chinese Drywall may be entitled, such sums representing the amount potentially payable as a LSP on each of the all KPT Chinese Drywall or KPT Chinese Drywall and non-KPT Chinese Drywall units identified on Exhibit "A"; and

WHEREAS, those unit owners identified on Exhibit "B" which contain all KPT Chinese Drywall or KPT Chinese Drywall and non-KPT Chinese Drywall which were previously foreclosed upon are potentially eligible for LSP's contingent upon the Knauf Defendants' receipt of certain documentation and confirmation that the units are determined to be Residential Properties.

WHEREAS, the funds available for payment to the all KPT Chinese Drywall or KPT Chinese Drywall and non-KPT Chinese Drywall units are held in trust by Brown Greer, the Claims Administrator; and

WHEREAS, Class Counsel would like to direct the Claims Administrator to distribute the available funds as directed by the Court,

NOW THEREFORE, Class Counsel propose to distribute the available funds as follows:

1. With respect to Non-Knauf and Non-Knauf Mixed units, payments calculated at $8.50 square foot shall be distributed pro rata to Coastal Settlement Class members who owned units at Villa Lago as of the execution date of the Coastal Settlement (March 28, 2013), as listed on Exhibit "C". *See* Settlement Agreement Regarding Claims Against Coastal Construction of South Florida, Inc. Related to Villa Lago at Renaissance Commons in MDL. No. 2047, § 2.5, April 8, 2013 (Doc. 16741-2) ("Coastal Settlement") (providing that cash component of settlement shall be used "to compensate owners and former owners of units containing Chinese Drywall that was not manufactured by Knauf.").

2. With respect to the all KPT Chinese Drywall or KPT Chinese Drywall and non-KPT Chinese Drywall units, the LSP's held in escrow shall be distributed to Knauf Class Settlement Class Members on Exhibit "A." *See* Third Amended Settlement Agreement Regarding Claims Against Knauf Defendants, ¶ 1.1.2.1, Dec. 11, 2012 (Doc. 16407-3) ("The

Residential Owner Subclass shall not include Owners, other than Mortgagees, who purchased Affected Properties with knowledge that the properties contained KPT Chinese Drywall and/or Non-KPT Chinese Drywall. The Residential Owner Subclass also shall not include Owners who sold or otherwise disposed of Affected Properties except for former owners who lost Affected Properties due to foreclosure").

3. Further, all KPT Chinese Drywall or KPT Chinese Drywall and non-KPT Chinese Drywall units listed on Exhibit "B" are potentially eligible for LSP's contingent upon the Knauf Defendants' receipt of certain documentation and confirmation that the units are determined to be Residential Properties under the Knauf Class Settlement Agreement.  Upon confirmation that any unit is eligible for the LSP, the Knauf Defendants shall deposit the LSP into the same escrow account previously set forth herein.  Renaissance Commons Class Counsel shall distribute any of the potential payments in accordance with the Knauf Class Settlement Agreement, the Renaissance Commons Settlement Agreement, and any other Orders by the Court.  Upon payment by the Knauf Defendants of any potential payments under this section, the Knauf Defendants shall have no further obligation to fund any additional Lump Sum Payments for the units on Exhibit "B".

4. The current owners who bought properties at Villas Lago at Renaissance Commons from a foreclosure sale are deemed to have bought those units with knowledge that they contained Chinese manufactured drywall, and are therefore not eligible to receive LSP benefits.

# EXHIBIT A

| AGREED LUMP SUM PAYMENTS |
|---|
| 1626 - Charles & Barbara Jolly |
| 2122 - Dominic Bellitti |
| 2218 - Thad Wiley |
| 2420 - Melissa Mogor |
| 2428 - Cynthia Farber |
| 2507 - Bruna Bronder |

# EXHIBIT A

# EXHIBIT B

| POTENTIAL LUMP SUM PAYMENTS |
|---|
| 1125 - Santos & Barbara Rodriquez |
| 1126 - Howard & Ana Walters |
| 1304 - Lucille and Angeline Liem |
| 2108 - Christina, Anna and Girolamo Orlando |
| 2225 - Jerry Feldman |
| 2324 - Peter & Rose Riccardi |
| 2411 - Roberto Vieira & Rosangelo DeOliveira |
| 2416 - Zhongmin Zhou & Qinxi Huang |
| 2418 - James & Narcissa Rovezzi |
| 2627 - Yoel Perez |

# EXHIBIT C

| NON-KNAUF LUMP SUM PAYMENTS |
| --- |
| 1228 - Mario Dobric |
| 1321 - Nicholas Renzetti |
| 1329 - Jorge & Lorena Ceballos |
| 1426 - Laurence Cohen |
| 1521 - Juan & Martha Julia |
| 1529 - Maurice & Hanna Poplausky |
| 2111 - Thad Wiley |
| 2210 - Nathalie & George Polychronopoulos |
| 2305 - Angelo & Deborah D'Ambrosio |
| 2423 - Bill & Konstantina Polychronopoulos |