# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **IN RE:  CHINESE-MANUFACTURED DRYWALL PRODUCTS LIABILITY LITIGATION** | **MDL NO. 2047**<br>**SECTION: L**<br>**JUDGE FALLON**<br>**MAG. JUDGE WILKINSON** |

**THIS DOCUMENT RELATES TO:**

*Germano, et al. v. Taishan Gypsum Co., Ltd., f/k/a Shandong Taihe Dongxin Co. Ltd., et al.*, **Case No. 09-6687 (E.D.La.);**

*Gross, et al. v. Knauf Gips, KG, et al.*, **Case No. 09-6690 (E.D.La.);**

*Wiltz, et al. v. Beijing New Building Materials Public Limited Co., et al.*, **Case No 10-361 (E.D.La.);**

*Amorin, et al. v. Taishan Gypsum Co., Ltd. f/k/a Shandong Taihe Dongxin Co., Ltd., et al.*, **Civ. Action No. 11-1672 (E.D.La.);**

*Amorin, et al. v. Taishan Gypsum Co., Ltd. f/k/a Shandong Taihe Dongxin Co., Ltd., et al.*, **Civ. Action No. 11-1395 (E.D.La.);**

*Amorin, et al. v. Taishan Gypsum Co., Ltd. f/k/a Shandong Taihe Dongxin Co., Ltd., et al.*, **Civ. Action No. 11-1673 (E.D.La.))**

## PLAINTIFFS' MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR ASSESSMENT OF CLASS DAMAGES PURSUANT TO RULE 55(b)(2)(B) AND <u>REQUEST FOR APPROVAL OF SUPPLEMENTAL NOTICE</u>

## I.      **INTRODUCTION**

On July 22, 2014, Plaintiffs filed a motion for class certification seeking to certify a class of existing class members[1] with claims against the Taishan Defendants.[2]  *See* Rec.Doc. # 17877. The Taishan Defendants failed to respond to Plaintiffs' motion for class certification.  Thereafter, on September 26, 2014, the Court granted the motion and entered findings of fact and conclusions of law (hereafter "CLASS FOFCOL").  *See* Rec.Doc. # 18028.   In its CLASS FOFCOL the Court certified a class defined as follows:

> All owners of real properties in the United States, who are named Plaintiffs on the complaints in *Amorin*, *Germano*, *Gross*, and/or *Wiltz* (*i.e.*, not an absent class member), asserting claims for remediated damages arising from, or otherwise related to Chinese Drywall manufactured, sold, distributed, supplied, marketed, inspected, imported or delivered by the Taishan Defendants.

---

[1] The class is comprised of active litigants (either in the original action or in complaints in intervention) who are participants in *Germano, et al. v. Taishan Gypsum Co., Ltd., f/k/a Shandong Taihe Dongxin Co. Ltd., et al.*, Case No. 09-6687 (E.D.La.) ("*Germano*"); *Gross, et al. v. Knauf Gips, KG, et al.*, Case No. 09-6690 (E.D.La.) ("*Gross*"); *Wiltz, et al. v. Beijing New Building Materials Public Limited Co., et al.*, Civ. Action No. 10-361 (E.D.La) ("*Wiltz*"); *Abel, et al. v. Taishan Gypsum Co., Ltd., f/k/a Shandong Taihe Dongxin Co., Ltd., et al.*, Civ. Action No. 11-080 (E.D.La); *Haya, et al. v. Taishan Gypsum Corp. Ltd., et al.*, Civ. Action No. 11-1077 (E.D.La.); *Almeroth, et al. v. Taishan Gypsum Co., Ltd., et al.*, Civ. Action. 12-0498 (E.D.La.); and/or *Amorin, et al. v. Taishan Gypsum Co., Ltd. f/k/a Shandong Taihe Dongxin Co., Ltd., et al.*, Civ. Action No. 11-1672 (E.D.La.); *Amorin, et al. v. Taishan Gypsum Co., Ltd. f/k/a Shandong Taihe Dongxin Co., Ltd., et al.*, Civ. Action No. 11-1395 (E.D.La.); *Amorin, et al. v. Taishan Gypsum Co., Ltd. f/k/a Shandong Taihe Dongxin Co., Ltd., et al.*, Civ. Action No. 11-1673 (E.D.La.) (collectively, "*Amorin*").   For administrative reasons the class definition is limited to the actions in *Amorin*, *Germano*, *Gross* and *Wiltz*.  All class members are named plaintiffs in the *Amorin* actions.

[2] The "Taishan Defendants" are comprised of the following entities: Taishan Gypsum Co. Ltd.; Beijing New Building Materials Limited Co.; Beijing New Building Materials Group Co., Ltd.; China National Building Materials Co., Ltd.; China National Building Materials Group Corporation; and Tai'an Taishan Plasterboard Co., Ltd..  The "Taishan Affiliates" are comprised of the following entities: Beijing New Building Materials Limited Co.; Beijing New Building Materials Group Co., Ltd.; China National Building Materials Co., Ltd.; China National Building Materials Group Corporation; and Tai'an Taishan Plasterboard Co., Ltd..

In accordance with the Court's CLASS FOFCOL, Plaintiffs issued notice to all class members by first class mail on September 26, 2014.  *See* Notice of Filing Affidavit of Tim Walters, Rec.Doc.No. 18035.  All class members wishing to opt out of the class are required to mail opt out forms to Class Counsel by no later than October 27, 2014.  To date, Class Counsel have received no requests for exclusion.

Based on the current status of the instant class proceedings, Plaintiffs' respectfully request that the Court award damages to the class as set forth in detail below.  Plaintiffs further request that the Court approve supplemental notice to the class and allow an additional opt out period.

## II.   ARGUMENT

### a.   This Court should Award Damages to the Class on an Aggregate Basis

Liability has already been established for the proposed class in light of the various default judgments against the Taishan Defendants.  *See* Memo of Law in Support of Omnibus Motion for Class Certification at pgs. 2-3 and 9-10, Rec.Doc. # 17875-1.  Because liability has already been established and the due process rights of the Taishan Defendants have been honored in the context of class certification,[3] it is now appropriate to assess damages for the class.

As noted in Plaintiffs' moving papers and trial plan, because the Court has already found

---

[3] To respect the Taishan defendant's due process rights, this Court recognized that the defendants' admissions by default were not sufficient for purposes of class certification.  Instead, this Court separately considered the "rigorous analysis" standard set forth in *General Tel. Co. v. Falcon*, 457 U.S. 147, 161 (1982), to find that class certification was appropriate.  *See* Class FOFCOL.  *See also Davis v. Hutchins*, 321 F.3d 641, 648-49 (7th Cir. 2003) (district court's findings of class damages were vacated because class certification had not been determined following entry of default); *Partington v. American Int'l Specialty Lines Ins. Co.*, 443 F.3d 334, 341 (4th Cir. 2006) (notwithstanding the entry of default judgment, courts must formally address whether class certification is appropriate under a rigorous Rule 23 analysis).

that the costs of remediation can be calculated on a dollar/square foot basis and the Court has already determined what other property damages are recoverable, class-wide damages can be established on an aggregate basis.[4]  Proof of damages were previously presented in *Germano* and *Hernandez* which sufficed to allow findings of fact of dollar per square foot damage calculations for all affected plaintiffs.  *See In re Chinese Manufactured Drywall Products Liab. Litig.,* 706 F. Supp. 2d 655, 687-88 (E.D. La. 2010) (awarding $86/square foot for Virginia in *Germano*) [hereafter "*Germano* FOFCOL"]; *see In re Chinese-Manufactured Drywall Products Liab. Litig.,* 2010 WL 1710434, * 19-20 (E.D. La. Apr. 27, 2010) (awarding $81/square foot for Louisiana in *Hernandez*).  Presentation of such aggregate proof is sufficient to meet Plaintiffs' obligations subject to appropriate allocation adjustments.  *See In re Terazosin Hydrochloride*, 220 F.R.D. 672, 699 (S.D. Fla. 2004) ("Assuming the jury renders an aggregate judgment, allocation will become an intra class matter accomplished pursuant to a court approved plan of allocation, and such individual damages allocation issues are insufficient to defeat class certification."); *In re NASDAQ Mkt.-Makers Antitrust Litig.*, 169 F.R.D. 493, 525 (S.D.N.Y. 1996) ("Aggregate computation of class monetary relief is lawful and proper.").

The overwhelming majority of class members reside in Louisiana, Florida, and Virginia. This Court and others, applying the law of these jurisdictions, have determined that impacted homeowners may recover repair and remediation costs with respect to their Chinese drywall claims, *see Germano*, *supra*; *Hernandez*, *supra*; *Seifert v. Banner Supply Co.*, Case No: 09-38887 CA 01 (42) (Cir.Ct., Miami-Dade County) [attached hereto as Exhibit "A"].  Given the

---

[4] There are no individual issues associated with any personal injury claims as those claims are excluded from the class.  *See also* Section II(c), *infra* (discussing other unique forms of damages that are being excluded and requesting an additional opt out period).

4

similar approaches employed in these cases, the remediation protocol established by this Court in *Germano* is the most appropriate measure of repair and remediation damages.

### b. Calculation of Aggregate Damages

The necessary scope of remediation is outlined in this Court's Findings of Fact and Conclusions of Law in *Germano*.  *See Germano* FOFCOL, *supra*.  Therein, the Court determined the appropriate scope of remediation with respect to the *Germano* intervenors.  The Court also determined that the Plaintiff-intervenors' cases provide a representative cross-section of homes contaminated by Chinese drywall.  *Id.*, 706 F.Supp.2d at 689-90.  The same scope of remediation should be adopted for purposes of calculating class-wide damages.[5]

Plaintiffs have retained Ronald Wright, an expert qualified to opine upon construction issues, building problems, and developing the necessary scope of repair and the estimated cost of repairs.  Mr. Wright has opined on the cost of remediation for all class members.[6]  *See* Affidavit of Ronald Wright (hereafter the "Wright Report"), attached hereto as Exhibit "B".  Mr. Wright

---

[5] In the *Germano* FOFCOL the Court adopted the following scope of remediation: (1) removal and replacement of all drywall, (2) replacement of all electrical wiring, (3) replacement of all copper pipes, (4) replacement of all HVAC units, (5) replacement of selective electrical devices and appliances (*i.e.*, refrigerators and items with electrical systems such as televisions and computers), (6) replacement of carpeting, hardwood and vinyl flooring, and the potential need to replace tile flooring, (7) replacement of cabinets, countertops, trim, crown molding, baseboard, and bathroom fixtures, and (8) replacement of insulation.  *Id.* at 671- 684.  The Court also determined that after this remediation is performed each property will need to be cleaned with a HEPA vacuum, wet-wiped, or power-washed and allowed to air-out between 15 and 30 days, that each home owner is entitled to a certificate from an engineer confirming that the remediation was appropriately carried out, and that the remediation of each house will take between 4 and 6 months.  *Id.* at 685-87.

[6] Mr. Wright has a Bachelor of Science in Civil Engineering and Master of Business Administration degrees from the University of Toledo, and is a licensed Professional Engineer in the states of Alabama, Florida, Maryland, Mississippi, New Jersey, North Carolina, Ohio, Pennsylvania, South Carolina, and Virginia.  Mr. Wright has been involved in the construction industry for over 30 years.

was permitted to testify in the *Germano* proceeding and his report and findings concerning repair and remediation costs were adopted by the Court.  *See Germano* FOFCOL, 706 F. Supp. 2d at 687-88.  In his current report, Mr. Wright has determined the cost to remediate the subject properties on a square footage basis.  The cost per square foot figure in the Wright Report report includes remediation consistent with the Courts' *Germano* protocol, and in addition the cost of permits, the cost of cleaning post-remediation, and inspection costs.  Mr. Wright has determined that it will cost $101.83 per square foot to remediate the homes of all class members.  Wright Report at ¶ 4.

In addition, Plaintiffs have prepared a summary listing the property addresses of each impacted property, as well as the square footage of these properties.  *See* Exhibit "C" hereto. This summary discloses that the total square feet for the class properties is 7,688,739.[7] Multiplying the total square footage of class members' homes (7,688,739 square feet) times the cost per square foot to remediate the subject properties ($101.83 per square foot) results in a cost of $782,944,292.37 to remediate class members' homes.  Class members are entitled to the recovery of these damages in the instant proceedings.

In addition to these remediation damages, Mr. Wright has also determined that class members will incur an additional $12.38 per square foot in alternative living expenses during the repair/remediation of the subject properties (this figure also includes the cost of move-in/move-out and storage).  Wright Report at ¶ 7.  Multiplying the total square footage of the subject

---

[7] The chart reflects the square footage of the 3,852 properties that are owned or were owned by class members.  Of these properties, 2,535 have square footage figures that were verified by BrownGreer PLC, the Court appointed settlement administrator.  For the remaining 1,317 properties, where the area of each house is unknown, Plaintiffs have utilized the average square footage of the verified properties (1,996 square feet).

properties (7,688,739 square feet) times Mr. Wright's alternative living calculation of $12.38 per square foot results in an additional $95,186,588.82 in compensation for alternative living damages.

Plaintiffs also request that the Court make an award for loss of use and enjoyment to class members.  An award of $100,000 per property for loss of use and enjoyment is consistent with the *Germano* FOFCOL, 706 F. Supp. 2d at 712.  Plaintiffs submit that this finding should be employed here.  Assuming the Court agrees that such an award should be provided, multiplying the 3,852 properties in the class times $100,000 results in an additional $385,200,000 in compensation for loss of use and enjoyment.

Thus, Plaintiffs are requesting damages of $1,263,330,881.19 for the class.  These damages are comprised as follows:

$782,944,292.37 (for remediation costs)

$95,186,588.82 (for alternative living expenses)

+     $385,200,000.00 (for loss of use and enjoyment)

$1,263,330,881.19 total damages for the class

Thus, the average home of 1,996 square feet would recover $203,252.68 for remediation costs, $24,710.48.70 for alternative living expenses, and $100,000 for loss of use and enjoyment, for a total of $327,963.16 in damages.

### c.  A Second Opt Out Period Should be Allowed so That Class Members can Consider the Proposed Damages Model

Class Counsel are only pursuing damages that are possible to calculate on an aggregate basis.  Class members may be entitled to damages for property taxes, insurance, utilities and other property maintenance, as well as damages for past and future repair costs.  In addition,

class members may also be entitled to damages for financial injuries such as bankruptcies and foreclosures.[8]   These individual damages, however, are not capable of calculation on a class basis.  Therefore, Class Counsel will not be pursuing these types of damages in the instant class proceedings.

Because these class proceedings do not seek recovery of <u>all damages</u> incurred by class members, Class Counsel propose that the Court allow an additional opportunity for class members to opt out in the event that the Court awards class damages as proposed.  This additional opt out period will allow class members to consider whether the proposed class damages model comports with their original decision to remain in the class or opt out.  A similar procedure was utilized in these proceedings after the Court elected to pursue a consolidated fairness hearing with respect to the various settlement agreements that were approved by the Court (*i.e.*, although notice of each settlement had already issued and the opt out periods had expired the Court determined it was appropriate to issue a second round of notice and extend the opt out period as the settlements were being administered collectively).  *See* Order of June 4, 2012 (1) Setting Consolidated Fairness Hearing, (2) Establishing Coordinated Opt out, Objection and Briefing Deadlines, and (3) Entering Litigation Stay in Favor of Settling Parties.  Rec.Doc.# 14566.  A copy of the Court Approved Notice that issued pursuant to this Court's Order of June 4, 2012 is Attached hereto as Exhibit "D".

Plaintiffs have prepared a proposed supplemental notice which describes the proposed damages model in detail.  *See* Exhibit "E" hereto. Plaintiffs respectfully request that the Court approve the supplemental notice and allow for an additional opt out period of forty days to allow

---

[8] Personal Injuries were previously excluded from the class definition.

8

class members to evaluate the proposed damages model therein.

### III.   <u>CONCLUSION</u>

Wherefore, for the reasons set forth in detail above, Plaintiffs respectfully request that the Court award $1,263,330,881.19 in damages to the class.  More specifically, Plaintiffs request damages of $782,944,292.37 for remediation costs, $95,186,588.82 for alternative living expenses, and $385,200,000 for loss of use and enjoyment.  Plaintiffs further request that the Court approve the supplemental notice attached hereto as Exhibit "E" and order an additional opt out period of forty days.

Dated: October 29, 2014               Respectfully submitted,

/s/ Leonard A. Davis
Russ M. Herman, Esquire (LA Bar No. 6819)
Leonard A. Davis, Esquire (LA Bar No. 14190)
Stephen J. Herman, Esquire (LA Bar No. 23129)
HERMAN, HERMAN & KATZ, LLC
820 O'Keefe Avenue
New Orleans, Louisiana 70113
Phone: (504) 581-4892
Fax: (504) 561-6024
LDavis@hhklawfirm.com
*Plaintiffs' Liaison Counsel*
*MDL 2047*

Arnold Levin (on the brief)
Fred S. Longer (on the brief)
Sandra L. Duggan (on the brief)
Matthew C. Gaughan (on the brief)
Levin, Fishbein, Sedran & Berman
510 Walnut Street
Suite 500
Philadelphia, PA 19106
Phone: (215) 592-1500
Fax: (215) 592-4663
ALevin@lfsblaw.com
*Plaintiffs' Lead Counsel MDL 2047*

## PROPOSED OF COUNSEL TO CLASS,
## PLAINTIFFS' STEERING COMMITTEE

Dawn M. Barrios
Barrios, Kingsdorf & Casteix, LLP
701 Poydras Street, Suite 3650
New Orleans, LA 70139
Phone: (504) 524-3300
Fax: (504) 524-3313
Barrios@bkc-law.com

Daniel E. Becnel, Jr.
Becnel Law Firm. LLC
425 W. Airline Highway, Suite B
Laplace, LA 70068
Phone: (985) 536-1186
Fax: (985) 536-6445
dbecnel@becnellaw.com

Peter Prieto
Podhurst Orseck, P.A.
25 Flagler Street, 8th Floor
Miami, FL 33130
Phone: (305) 358-2800
Fax: (305) 358-2382
pprieto@podhurst.com

Bruce William Steckler
The Steckler Law Firm
12700 Park Central Drive, Ste 1900
Dallas, TX 75251
Phone: (972) 387-4040
Fax: (972) 387-4041
bruce@stecklerlaw.com

Ervin A. Gonzalez
Colson Hicks Eidson
255 Alhambra Circle, Penthouse
Coral Gables, FL 33134
Phone: (305) 476-7400
Fax: (305) 476-7444
ervin@colson.com

Ben W. Gordon, Jr.
Levin, Papantonio, Thomas, Mitchell
 Echsner & Proctor, P.A.
316 S. Baylen Street, Suite 600
Pensacola, FL 32502
Phone: (850) 435-7000
Fax: (850) 435-7020
bgordon@levinlaw.com

Hugh P. Lambert
The Lambert Firm
701 Magazine Street
New Orleans, LA 70130
Phone: (504) 581-1750
Fax: (504) 29-2931
hlambert@thelambertfirm.com

Gerald E. Meunier
Gainsburgh, Benjamin, David, Meunier
 & Warshauer, LLC
2800 Energy Centre, 1100 Poydras Street
New Orleans, LA 70163-2800
Phone: (504) 522-2304
Fax: (504) 528-9973
gmeunier@gainsben.com

Jerrold Seth Parker
Parker, Waichman, LLP
3301 Bonita Beach Road
Bonita Springs, FL 34134
Phone: (239) 390-1000
Fax: (239) 390-0055
Jerry@yourlawyer.com

10

Scott Wm. Weinstein
Morgan & Morgan
12800 University Drive, Suite 600
Ft. Myers, FL 33907
Phone: (239) 433-6880
Fax:(239) 433-6836
sweinstein@forthepeople.com

Victor M. Diaz, Jr., Esquire
V.M. Diaz and Partners, LLC
119 Washington Ave, Suite 402
Miami Beach, FL 33139
Phone: (305) 704-3200
Fax: (305) 538-4928
victor@diazpartners.com

James Robert Reeves
Reeves & Mestayer, PLLC
160 Main Street
Biloxi, MS 39530
Phone: (228) 374-5151
Fax:(228) 374-6630
jrr@lumpkinreeves.com

Christopher Seeger
Seeger Weiss, LLP
77 Water Street
New York, NY 10005
Phone: (212) 584-0700
Fax: (212) 584-0799
cseeger@seegerweiss.com

Daniel K. Bryson
Whitfield, Bryson & Mason
900 W. Morgan Street
Raleigh, NC 27603
Phone: (919) 600-5000
Fax: (919) 600-5002
dan@wbmllp.com

Richard J. Serpe, Esquire
Law Offices of Richard J. Serpe
Crown Center, Ste. 310
580 East Main Street
Norfolk, VA 23510-2322
Phone: (757) 233-0009
Fax: (757) 233-0455
rserpe@serpefirm.com

**OF COUNSEL TO PLAINTIFFS' STEERING COMMITTEE**

Richard S. Lewis
HAUSFELD LLP
1700 K Street, N.W
Suite  650
Washington, DC 20006
Phone: (202) 540-7200
Fax:  (202) 540-7201
rlewis@hausfeldllp.com

Andrew A. Lemmon
Lemmon Law Firm, LLC
P.O. Box 904
15058 River Road
Hahnville, LA 70057
Phone: (985) 783-6789
Fax: (985) 783-1333
andrew@lemmonlawfirm.com

Anthony D. Irpino
IRPINO LAW FIRM
2216 Magazine Street
New Orleans, LA 70130
Phone: (504) 525-1500
Fax: (504) 525-1501
airpino@irpinolaw.com

## CERTIFICATE OF SERVICE

I hereby certify that the above and foregoing has been served on Defendants' Liaison Counsel, Kerry Miller, by e-mail and upon all parties by electronically uploading the same to LexisNexis File & Serve in accordance with Pre-Trial Order No. 6, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2047 on this 29th day of October, 2014.

/s/ Leonard A. Davis
Leonard A. Davis, Esquire
Herman, Herman & Katz, LLC
820 O'Keefe Avenue
New Orleans, LA 70113
Phone: (504) 581-4892
Fax: (504) 561-6024
Ldavis@hhklawfirm.com

*Plaintiffs' Liaison Counsel*
*MDL 2047*