# EXHIBIT 5

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| **IN RE: CHINESE MANUFACTURED DRYWALL PRODUCTS LIABILITY LITIGATION** | **:MDL NO. 2047** **:Section L** **:** |
| **This Document Relates to ALL CASES** | **:JUDGE FALLON** **:MAG. JUDGE WILKINSON** |

**EXPORTER, IMPORTER, OR BROKER DEFENDANT PROFILE FORM**
**FILED ON BEHALF OF VENTURE SUPPLY, INC.**

## I. IDENTIFICATION AND CONTACT INFORMATION

A. Defendant's Name: Venture Supply, Inc.

B. Defendant's U.S. Address: No longer in business. Formerly, 1140 Azalea Garden Rd., Norfolk, VA 23502.

C. Phone Number: No longer in business. Formerly, (757) 855-5433.

D. Email address: No longer in business. Formerly, c/o porterblaine1@aol.com

E. Web site: No longer in business. Formerly, www.venturesupply.com

F. Name of supervisor at U.S. Address: No longer in business – formerly Samuel G. Porter, President.

G. Principal Place of Business in the U.S.: See above.

H. Address of Headquarters if Foreign: N/A

I. Has Defendant operated under any other names from 2001 to 2009? If so, please list and explain for each different locale. N/A.

J. Describe your involvement in the exportation/importation of Chinese drywall into the Unites States:

Exporter:_________ Importer:____X____ Broker:__________ Other:________

## II. COUNSEL INFORMATION OF DEFENDANT EXPORTER, IMPORTER OR BROKER

A. Name: Mark C. Nanavati and Kenneth F. Hardt

B. Address: Sinnott, Nuckols & Logan, P.C., 13811 Village Mill Dr., Midlothian, VA 23114-4365

C. Phone Number: (804) 378-7600 (MCN ext. 3316, KFH ext. 3311)

D. Fax Number: (804) 378-2610

E. E-Mail: MCN: mnanavati@snllaw.com

KFH: khardt@snllaw.com

## III. EXPORTER/IMPORTER/BROKER'S TRANSACTION INVOLVING DRYWALL

1. Type of transaction (e.g., purchase, sale, delivery)

   First purchase and second purchase

2. Date of transaction: First purchase on or about December 16, 2005

   Second purchase on or about May 1, 2006

3. Volume of Chinese Drywall involved in this transaction:

   First purchase 100,000 (many boards damaged in transit)

   Second purchase 53,000 sheets of gypsum board, 10% more or less.

4. Name of Drywall Product: N/A

5. During the course of this transaction, did you receive, store, or handle the Chinese Drywall?

   Yes:____X_____ No:_________

   Explain your role in the transaction: Venture shipped the drywall from China and stored it in its warehouse for sale.

6. Identify any markings on the Chinese Drywall product (e.g., lot number, batch number, serial number, color markings, UPC codes, etc.) involved in this transaction:

   The wallboards were marked "VENTURE SUPPLY INC. MFG TAIHE CHINA". The edge tape was green in color and contained the following: "4' x 12' x ½" GYPSUM BOARD DISTRIBUTED BY VENTURE SUPPLY INC. 757-855-5433 VENTURESUPPLY.COM" Each board has what appears to be manufacturing dates/times stamped on them, although it is not certain if this is correct.

7. List all trademarks of the product: N/A

8. Identify all means of identification employed by you to track or identify the Chinese Drywall.

   All of the wallboards were stamped with either of the above.

9. Name and Address of Entity that supplied you with Chinese Drywall:

   Shandong Taihe Dongxin Co. Ltd.
   Dawenkou, Daiyue District
   Tai'an City, Shandong Province
   China 271026

   a. Type of Entity (e.g. manufacturer, exporter, broker)

      Manufacturer

   b. Did the supplier provide you with any warranties, product specifications, or instructions for use or storage of the Chinese Drywall?

      Yes:__X__ No:________

      If so, please describe: The drywall was produced to meet or exceed China GB/79775-I999. Each sheet was to be 12.7x1220x3660 mm.

10. The name and address of any other entity, including manufacturers, importers, exporters, purchasing agents, distributors, or sales brokers involved in any way with supplying you the Chinese Drywall involved in this transaction:

    The sale was brokered by Tobin Trading, Inc., 5800 Gatehouse Way, Virginia Beach, Virginia, 23455.

11. Upon your receipt of, acceptance, or taking title to the Chinese Drywall involved in this transaction, did you ever store the product:

Yes:______ No:___X*___

*Other than during shipment, the product was stored at Venture's warehouse.

12. Name and Address of Entity to which you sold, transferred, shipped, or distributed the Chinese Drywall involved in this transaction:

On or about June, 2008, Venture disposed of some 50,000 plus sheets of Chinese Drywall in a certified landfill because the product was banned by the Norfolk, Va. City Council. Approximately 60 sheets of the drywall have been retained. Other than sheets damaged in shipment, those disposed of, those retained, and those damaged in the warehouse during the normal course of business, sales of Chinese Drywall are documented on the attached Exhibit 1.

m. Type of Entity (e.g., importer, distributor, retailer, builder).

See attached Exhibit 1.

n. Did you provide any warranties, product specifications, or instructions for use or storage of the Chinese Drywall to the purchaser, transferee, or recipient?

Yes:_______ No:___X___

13. The name and address of any other entity, including manufacturers, importers, exporters, purchasing agent, distributors, or sales brokers involved in any way with your sale, transfer, shipment, delivery, or distribution of Chinese Drywall:

See attached Exhibit 1 for sales to distributors.

14. Did you ever receive any complaints or notice of defect about the Chinese Drywall?

Yes:___X___ No:_______

If yes, please describe:

See attached Exhibit 2.

Please provide the names and address of any entities or persons from whom you received complaints or notice of defects about the Chinese Drywall:

See attached Exhibit 2.

15. Has any testing, inspection, or analysis been performed by you or on your behalf, at any time, to determine whether the Chinese drywall was within product specifications:

Yes:___X___ No:______

a. If yes, please describe the testing, inspection, or analysis performed:

The manufacturer had testing performed as to compliance with specifications. See attached testing documents, Exhibit 3.

b. Identify what ASTM (or other) standards you used in determining the quality and characteristics of the drywall products you used:

See attached testing documents, Exhibit 3.

## IV. EXPORTATER/IMPORTER/BROKER'S ABILITY TO TRACK SHIPMENTS AND/OR RECEIPTS OF CHINESE DRYWALL

Please briefly describe Defendant's ability to track and document shipments and/or receipts into and out of its locations and to/from particular addresses, including a description of database accessibility to this information, if any.

See attached Exhibit 1.

## V. INSURANCE

A. Identify all policies of insurance, including all CGL, Product Liability, Builder's Risk, D&O and Excess policies relating to claims.

1. For each policy identify the following:

See attached Exhibit 4 along with the attached policies.

B. Identify all claims you have made on any insurance policies relating to your sale, transfer, distribution or shipment of products identified herein.

1. For each claim please provide the following:

Hanover has been notified of all the claims and lawsuits on the attached Exhibit 2. Hanover is currently providing a defense to all the lawsuits on the attached Exhibit 2. Fireman's Fund has been notified or is in the process of being notified of all of the claims and lawsuits on the attached Exhibit 2.

Counsel listed above in Section II are involved in all of the lawsuits on the attached Exhibit 2. In addition, the following attorneys are involved in the noted actions.

Thomas M. Buckley, Esquire
Hedrick, Gardner, Kincheloe &
Garofalo, LLC
4011 Westchase Blvd., Ste. 300
Raleigh, NC 27607
Involved in the Hinkley action transferred to this Court.

William Ryan, Esquire
RYAN & CONLON
5 Hanover Square, Suite 1605
New York, NY 10004
Involved in the St. James Development action pending in Nassau County, New York

Brett Bollinger, Esquire
Allen & Gooch
3900 North Causeway, Suite 1450
Metairie, Louisiana 70002
Involved in the Gross class action lawsuit filed in New Orleans, Louisiana

## CERTIFICATION

I declare under penalty of perjury under the laws of the United States of America and pursuant to 28 U.S.C. § 1746 that all information provided in this Distributor Profile Form is true and correct to the best of my knowledge, and that I have supplied all of the documents requested in this declaration, to the extent such documents are in my possession, custody or control.

[signature] Pres — Signature

Samuel Porter Pres — Print Name

10/16/09 — Date