UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: CHINESE-MANUFACTURED DRYWALL PRODUCTS LIABILITY LITIGATION<br><br>THIS DOCUMENT RELATES TO:<br><br>*Abel, et al. v. Taishan Gypsum Co., Ltd., f/k/a Shandong Taihe Dongxin Co., Ltd., et al.*<br>Case No. 11-cv-080 (E.D. La.)<br><br>*Almeroth, et al., v. Taishan Gypsum Co., Ltd., f/k/a Shandong Taihe Dongxin Co., Ltd., et al.*<br>Case No. 12-cv-0498 (E.D. La.)<br><br>*Amato, et al. v. Liberty Mutual Insurance Company,*<br>Case No. 2:10-cv-00932 (E.D. La.)<br><br>*Germano, et al. v. Taishan Gypsum Co., Ltd., et al.*<br>Case No. 2:09-cv-06687 (E.D. La.)<br><br>*Gross, et al. v. Knauf Gips, KG, et al.*<br>Case No. 09-cv-6690 (E.D. La.)<br><br>*Haya, et al. v. Taishan Gypsum Co., Ltd., f/k/a Shandong Taihe Dongxin Co., Ltd., et al.*<br>Case No. 11-cv-1077 (E.D. La.)<br><br>*Wiltz, et al. v. Beijing New Building Materials Public Limited Co., et al.*<br>Case No. 10-cv-361 (E.D. La.) | MDL NO. 2047<br>SECTION: L<br>JUDGE FALLON<br>MAG. JUDGE WILKINSON |

## MEMORANDUM IN SUPPORT OF MOTION FOR RECONSIDERATION OF SPECIAL MASTER'S DECISION

In support of its motion for reconsideration, pursuant to the Global Allocation Plan for the Global Settlement, Preservation Alliance of New Orleans, Inc. ("Preservation") appeals the Special Master's decision and order entered on October 24, 2014.

## BACKGROUND

Preservation is a participant in the Global Settlement by virtue of the fact that it received contaminated Chinese drywall ("CDW") from a participating defendant, New Orleans Area Habitat for Humanity, Inc. ("NOAHH"). (See Preservation Crossclaim, Document No. 9069.) As shown by evidence submitted to the Settlement Administrator in support of its claim, NOAHH was only a supplier of CDW to Preservation; it did not act as a builder in any manner. (Affidavit of John Skvarka, attached hereto as Exhibit A.) This fact is undisputed and was accepted as undisputed by the Special Master.

Nonetheless, Preservation's claims were paid out of the Builder Settlement Fund rather than out of the Supplier Settlement Fund. The amount paid out of the Builder Settlement Fund was approximately one-third less than the amount paid out of the Supplier Settlement Fund. The reason given for paying Preservation's claim out of the Builder Settlement Fund was that 100% of NOAHH's funds were placed in the Builder Settlement Fund. Preservation appealed the payment of its claims out of the Builder Settlement Fund, but it was upheld by the Special Master. (Special Master's Decision, attached hereto as Exhibit B.)

## ARGUMENT

It is undisputed that NOAHH qualified as a Builder, but also acted solely as a Supplier to certain claimants, such as Preservation. No explanation has been given as to why NOAHH's

2

funds were not divided between the Builder and Supplier Settlement Funds in proportion to the claimants claiming against NOAHH in its role as Builder and in its role as Supplier. Preservation assumes that this was done as a matter of convenience since the claimants claiming against NOAHH solely as a Supplier was likely relatively small, probably less than 10%. Nonetheless, the math is easy enough to do and the proper ratio can be determined relatively easily based on claims submitted. Preservation should not be forced to accept less than it is due for the sake of administrative convenience. Preservation signed up as a victim of a CDW Supplier and should not now be treated as the victim of a CDW Builder because its Supplier acted in a dual role.

## CONCLUSION

For the foregoing reasons, the Special Master's decision should be reversed and the payments to Preservation be calculated and taken out of the Supplier's Settlement Fund. If necessary to accomplish this, the Settlement Administrator should be required to reallocate a proportionate amount of the NOAHH funds from the Builder Settlement Fund into the Supplier Settlement Fund based on the percentage of claimants for whom NOAHH was a Supplier.

Preservation prays that it be granted this relief and all other relief to which it is justly entitled.

Respectfully submitted,

/s/ Robert L. Redfearn, Jr.
Robert L. Redfearn, Jr. (La. Bar No. 17106)
Simon, Peragine, Smith & Redfearn, LLP
30th Floor, Energy Centre
1100 Poydras Street
New Orleans, LA  70163-3000
Telephone:  (504) 569-2030
Facsimile:   (504) 569-2990
redfearnjr@spsr-law.com

Attorney for Preservation Alliance of New Orleans, Inc.

## CERTIFICATE OF SERVICE

I hereby certify that the above and foregoing Memorandum in support of motion for reconsideration of Special Master's Decision has been served on all parties of record by electronically uploading the same to LexisNexis File & Serve and the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana, by using the CM/ECF system, which will send out notice of the electronic filing, in accordance with the procedures established in MDL 2047, on this 29th day of October, 2014.

/s/ Robert L. Redfearn, Jr.
Robert L. Redfearn, Jr.