PRESERVATION ALLIANCE  IN RE: CHINESE-MANUFACTURED
OF NEW ORLEANS   DRYWALL PRODUCTS LIABILITY
 LITIGATION
 MDL NO. 2047
 SECTION: L

## Special Master's Decision and Order

On February 7, 2013, the Court entered an order and judgment approving five separate settlements arising out of the Chinese-manufactured drywall litigation.[1] Among the settlements was one with builders, installers, and suppliers (along with their insurers). This settlement is more commonly known as the Global Settlement.

Preservation Alliance of New Orleans alleges that New Orleans Habitat for Humanity, Inc. supplied Chinese-manufactured drywall to it; therefore, Preservation Alliance seeks to participate in the Global Settlement. Noting that New Orleans Habitat for Humanity participated as a builder in the Global Settlement (by contributing to the Participating Builders Fund) rather than as a supplier, the Claims Administrator concluded that Preservation Alliance must recover from the Participating Builders Fund.

Preservation Alliance disputes this. It contends that New Orleans Habitat for Humanity did not *build* anything for Preservation Alliance. It *supplied* Chinese-manufactured drywall. Therefore, Preservation Alliance contends that New Orleans Habitat for Humanity should be treated as a supplier for Preservation Alliance's allocation purposes, resulting in a larger allocation.

The Special Master's determination is governed by the Second Amended Allocation Plan for Settlement Involving Builders, Installers, Suppliers and Participating Insurers.[2] In pertinent part, the

---

[1] Rec. Doc. 16570.

[2] Rec. Doc. 16528-1 ("Allocation Plan"). The Court approved the Allocation Plan on April 25, 2013. Rec. Doc. 16782 ¶ 10.



EXHIBIT B

Allocation Plan states:

> The Gross Settlement Amount was created from settlement contributions from various Participating Defendants, which include participating builders, installers, and suppliers, along with their respective Participating Insurers. Settlement contributions from participating builders and any of their respective Participating Insurers shall be referred to as the "Participating Builders Fund." Settlement contributions from participating installers and any of their respective Participating Insurers shall be referred to as the "Participating Installers Fund." Settlement contributions from participating suppliers and any of their respective Participating Insurers shall be referred to as the "Participating Installers Fund." The Participating Builders Fund, the Participating Installers Fund, and the Participating Suppliers Fund shall be collectively referred to as the "Participating Defendant Funds."
>
> \* \* \* \* \*
>
> *Class Members shall be entitled to recover their Repair and Relocation Payments from only those Participating Defendant Funds to which their respective builder, installer, and/or supplier contributed.*[3]

The Allocation Plan is unambiguous. Preservation Alliance's "respective builder, installer, and/or supplier" was New Orleans Habitat for Humanity. New Orleans Habitat for Humanity contributed to the Participating Builders Fund, not the Participating Suppliers Fund. Therefore, Preservation Alliance must recover from the Participating Builders Fund, not the Participating Suppliers Fund.

Baton Rouge, Louisiana,
this 24th day of October, 2014

/s Daniel J. Balhoff
Daniel J. Balhoff

---

[3] Allocation Plan ¶¶ 3 and 5 (emphasis added).