## UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In re: **CHINESE-MANUFACTURED DRYWALL PRODUCTS LIABILITY LITIGATION** | * * * * * * * * * | MDL 2047 <br><br> SECTION L <br><br> JUDGE FALLON <br><br> MAGISTRATE JUDGE WILKINSON |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

### MEMORANDUM IN OPPOSTION TO KNAUF DEFENDANTS' MOTION TO EXTINGUISH THE KNAUF DEFENDANTS' SETTLEMENT OBLIGATIONS FOR CERTAIN ALREADY REMEDIATED HOME CLAIMS

**MAY IT PLEASE THE COURT:** Michael Domingue/Brothers Properties, LLC ("Brothers"), through undersigned counsel submits this Memorandum in Opposition to Knauf Defendants' Motion to Extinguish the Knauf Defendants' Settlement Obligations for Certain Already Remediated Home Claims for the reasons set forth below:

Defendant Knauf has suggested that plaintiff has no evidence of KPT Drywall, but Brothers had an inspection completed by a well established and respected company known as Driskill Environmental Consultants, LLC who did in fact inspect the property at 2521 Judy Drive, Meraux, Louisiana on May 19, 2009. This inspection was prior to the issuance of Pre-Trial Order 1(B), dated October 9, 2009 and prior to Pre-Trial Order 26, dated March 29, 2012.

During that inspection, it was documented that this property had Knauf sheetrock. Additionally, pictures and samples were taken; however, as per Mr. Driskill's letter of May 22, 2014 to the undersigned, those pictures were lost due to their computer archive backup drive that crashed in October 2011 ( please see repair invoice and letter of explanation attached hereto as Exhibit "A").

Knauf Defendants have stated that although they have settled their lawsuit with the Steering Committee and the Plaintiffs, they would rather not pay this particular claim because "no evidence of KPT drywall". This is clearly not the case as Plaintiff has submitted all evidence requested, including a 13 page professional inspection report which is attached hereto as Exhibit "B".

This particular Plaintiff did what any of us would have done upon discovering Chinese drywall in their premises. They contacted and engaged a well respected professional inspection company to document the presence of Knauf Chinese drywall. What is missing from this report are pictures of the Knauf drywall; however, due to reasons <u>well</u> <u>beyond</u> the control of the homeowner, the inspection company had a catastrophic loss of the hard drive that contained these pictures. Undersigned feels comfortable that the Court does not wish to excuse the liability of Knauf for the costs of remediating a property simply because the inspection company's computer crashed and the <u>only</u> pictures were lost. It would be unfair, and in fact a windfall, on behalf of the Defendant, if Knauf were not held to their settlement. Further, it is particular unfair to those Plaintiffs who took it upon themselves to remediate their own properties, to be penalized by loss of a minor portion of proof. The owners and the witness in question still has personal knowledge and his report to substantiate a claim against Knauf because Plaintiff posses all the indicia and evidence necessary to convince the trier of fact by preponderance of the evidence that this house in deed was damaged by Knauf Chinese drywall. The fact is that available proof is more than sufficient to substantiate the claim under the terms of the settlement. This Court is certainly possessed of the evidence necessary to enforce the settlement upon a Defendant who appears to be inclined to suggest the contrary. It is certainly not the fact that Plaintiff does not possess sufficient information to prove its claim even

though it does not have, through no fault of its own, the pictures that Defendant would insist be present.

Loss of the pictures alone should not excuse Knauf from its obligation under the settlement. Further, since the report was created prior to Pre-Trial Orders 1(B) and 26, Plaintiff's attorney did not yes possess a copy of the pictures in his own file that would have made this Motion moot and Knauf Defendants should reimburse Brothers for their renovation costs for this property as per the settlement.

**THEREFORE,** Michael Domingue/Brothers Properties, LLC respectfully requests that this Motion to Extinguish the Knauf Defendants' Settlement Obligations for Certain Already Remediated Home Claims be denied.

Respectfully submitted:

/s/Paul A. Lea, Jr.
PAUL A. LEA, JR., La. Bar #18637
724 E. Boston Street
Covington, LA 70433-2910
E-Mail: paul@paullea.com
Telephone: (985) 292-2300
Telecopy: (985) 249-6006
**Counsel for Plaintiff**

## CERTIFICATE OF SERVICE

I certify that on this 3rd day of November 2014, the undersigned electronically filed the foregoing with the Clerk of Court by using the CM/ECF system which will send notice of electronic filing to all counsel of record.

/s/Paul A. Lea, Jr.
Paul A. Lea, Jr.