UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In re: CHINESE-MANUFACTURED DRYWALL PRODUCTS LIABILITY LITIGATION | * * * * * * * * | MDL 2047 SECTION L JUDGE FALLON MAGISTRATE JUDGE WILKINSON |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

### MEMORANDUM IN OPPOSITION TO KNAUF DEFENDANTS' MOTION TO EXTINGUISH THE KNAUF DEFENDANTS' SETTLEMENT OBLIGATIONS FOR CERTAIN ALREADY REMEDIATED HOME CLAIMS

**MAY IT PLEASE THE COURT:** Sidney Stanfield ("Stanfield"), through undersigned counsel submits this Memorandum in Opposition to Knauf Defendants' Motion to Extinguish the Knauf Defendants' Settlement Obligations for Certain Already Remediated Home Claims for the reasons set forth below:

The subject property is located at 1059 Linda Lou Lane, Abita Springs, Louisiana. In 2009, the original owner lost the property due to foreclosure. Within the mortgage documents, the original owner, Kyle Krieger, assigned all of his rights to the bank/government.[1] (See mortgage documents, Exhibit 1). Stanfield subsequently purchased the property from Fannie Mae a/k/a Federal National Mortgage Association on November 12, 2010 with a complete transfer and subrogation of <u>all</u> rights and actions in warranty against former proprietors of the property. (See Special Warranty Deed, attached hereto as Exhibit 2). The property was subsequently remediated following the remediation protocol.

---

[1] The mortgage document conveys "all of the rights" in the Property and further conveys the following: (a) The proceeds of any award or claim for damages that are attributable to the impairment of Lender's interest in the Property are hereby assigned and shall be paid to Lender. Exhibit 1, Section 11 (p. 10 of 16). Additionally, Section 32 defines "Lender" to include any successor and assigns of the Lender named in the mortgage documents, as well as any subsequent holder or holders of the Note, or of any indebtedness secured by the interest.

Defendants have moved to exclude Stanfield from the settlement class on the basis that Stanfield purchased the property with knowledge that it contained KPT Chinese Drywall or Non-KPT Chinese Drywall and is therefore not eligible for settlement benefits. (See Rec. Doc. 18066). In doing so, it is apparent defendants do not understand the posture of Stanfield's cause of action.

Stanfield joined the subject litigation as an *owner of the rights* of the prior homeowner, who falls under the definition of Residential Owner Subclass contained in the Settlement Agreement, (Rec. Doc. 12061-28 filed 12/20/11, page 2 of 23, also, Rec. Doc. 12138-1 filed 1/10/12, page 2 of 23) as follows:

(1) **The Residential Owner Subclass** consists of:
All members of the Class who are owners of and reside or have resided in Affected Property ("Residential Owners"). The Residential Owner Subclass shall not include Owners, other than Mortgagees, who purchased Affected Properties with knowledge that the properties contained KPT Chinese Drywall. The Residential Owner Subclass also shall not include Owners who sold or otherwise disposed of Affected Properties **except for former owners who lost Affected Properties due to foreclosure or sold Affected Properties in a Short Sale to avoid foreclosure.** (emphasis added).

The home was lost due to foreclosure, which places the prior owner squarely under the exception of the Residential Owner Subclass definition and which allows Stanfield, by virtue of assignment, to stand in the shoes of the original owner and maintain a claim for settlement benefits against defendants.

As stated above, Stanfield purchased the property with a complete transfer and subrogation of all rights and actions in warranty. (Exhibit 2). Therefore, Stanfield stands in the shoes of the original homeowner – who lost his home due to foreclosure – by virtue of assignment. Stanfield maintains the prior owner's assigned rights and asserts those rights in his name.

Finally, the settlement documents specifically contemplate the fact that homeowners – such as the prior owner of the subject property – lost homes due to foreclosure which was caused and/or

contributed to by Chinese drywall. Because the settlement contemplates an avenue of recourse for these homeowners, and because of the assignment of rights established in connection with Stanfield's purchase of the property, Stanfield is entitled to settlement benefits of the original homeowner. Accordingly, Defendants' Motion should be denied.

**THEREFORE,** Sidney Stanfield respectfully requests that this Motion to Extinguish the Knauf Defendants' Settlement Obligations for Certain Already Remediated Home Claims be denied for Sidney Stanfield.

Respectfully submitted:

/s/Paul A. Lea, Jr.
PAUL A. LEA, JR., La. Bar #18637
724 E. Boston Street
Covington, LA 70433-2910
E-Mail: paul@paullea.com
Telephone: (985) 292-2300
Telecopy: (985) 249-6006
**Counsel for Plaintiff**

## CERTIFICATE OF SERVICE

I certify that on this 4th day of November, the undersigned electronically filed the foregoing with the Clerk of Court by using the CM/ECF system which will send notice of electronic filing to all counsel of record.

/s/Paul A. Lea, Jr.
Paul A. Lea, Jr.