IN RE: CHINESE-MANUFACTURED DRYWALL PRODUCTS LIABILITY LITIGATION

## EXHIBIT B - SECOND AFFIDAVIT OF BERRIGAN, LITCHFIELD, SCHONEKAS, MANN & TRAINA, LLC IN CONNECTION WITH REQUEST FOR ALLOCATION OF COMMON BENEFIT FEE AND COST AWARD

STATE OF LOUISIANA

COUNTY/PARISH OF ORLEANS

BEFORE ME, the undersigned authority;

PERSONALLY CAME AND APPEARED:

E. JOHN LITCHFIELD

who, after being first duly sworn, under penalty of perjury, did depose and declare that the following

are true and correct:

1.  I am a partner in the law firm of Berrigan, Litchfield, Schonekas, Mann & Traina, LLC.

2.  The address of the law firm identified in number 1 above is 201 St. Charles Avenue, Suite 4204, New Orleans, LA 70170.

3.  I have complied with Pre-Trial Order No. 9 or 9A in all material aspects and the law firm identified herein has submitted true and correct time and expense submissions pursuant to the Court's Pre-Trial Orders.  The Affidavit is submitted on behalf of all the members of the law firm of which I am a partner.

4.  The Court may rely on the information submitted by my law firm to Philip Garrett, the court appointed Certified Public Accountant which is contained in his Case Cost Management System in this litigation.

5.  The extent to which the law firm identified in paragraph no. 1 above made a substantial common benefit contribution to the outcome of the litigation is described as follows:

    a.  The consistency quantum, duration, and intensity of the firm's commitment to the litigation is as follows:

**The firm's quantum, duration and intensity consisted of 17.25 hours of legal services in August, 2009 and April, 2010, all of which were timely submitted and accepted into the Garret Case Cost Management System.**

b.      The level of partner participation by the firm is as follows:

**There were two hours of billable direct participation by Partner, E. John Litchfield, in addition to his direction and supervision of associate counsel and staff.**

c.      The firm's membership and leadership on the Plaintiffs' Steering Committee ("PSC) is as follows:

**E. John Litchfield was named to the Discovery Written Committee. (See Notice of September 18, 2009).**

d.      The firm's participation and leadership in discovery (motions, depositions) is as follows:

**Although the firm indicated its intent in participating in discovery and were ready to assist, no assignments followed.**

e.      The firm's participation and leadership in law and briefing matters is as follows:

**Although the firm indicated its intent in participating in discovery and were ready to assist, no assignments followed.**

f.      The firm's participation and leadership in science and experts matters is as follows:

**Although the firm indicated its intent in participating in discovery and were ready to assist, no assignments followed.**

g.      The firm's participation and leadership in document review is as follows:

**Although the firm indicated its intent in participating in discovery and were ready to assist, no assignments followed.**

h.      The firm's activities in support or conduct trials of individual Chinese Drywall claimants, including bellwether trial and non-MDL trials which impacted proceedings on a common benefit level (identify the claimant, docket number and venue of each trial and outcome) is as follows:

N/A

i.    The firm's participation and leadership in settlement negotiations, drafting of settlement documentation and closing papers, and administration of settlement agreements (excluding individual representations) is as follows:

      N/A

j.    The firm's activities of common benefit work in the following non-MDL jurisdictions:

      N/A

k.    The following members of the firm held leadership positions on the regular committees engaged in common benefit work (state position and committee):

      N/A

l.    The firm's participation in ongoing activities, such as the Fee Committee, Settlement Claims Administration, Court Appointed Committees (e.g Settlement Allocation Committees, Claims Administration Committee, Fee Committee, etc.) that is intended to provide common benefit including the following:

      N/A

m.    Counsel in the firm were or were not involved in the Chinese Drywall litigation prior to the JPMDL and the time and expense incurred during such time period outlined below was for common benefit:

      N/A

n.    The firm made the following significant contributions to the funding of the litigation (include all assessments made to the MDL) and the amount of any sums reimbursed and date(s) of reimbursement

      **A contribution of $10,000.00 was made on September 3, 2009 towards the funding of the litigation. The firm has received a reimbursement of $8000.00 on June 3, 2013.**

o.    The members of the firm who were PSC members or committee members whose commitment to the litigation did not ebb included

      **Matthew Chenevert**

p.   A complete and accurate listing of all sources and amounts of prior payments received from a Chinese Drywall claimant or other sources (identify amounts paid for fees and amounts paid for costs) to the firm:

N/A

q.   The other relevant factors which applicant requests be considered by the Court.

**The firm was instrumental in having a series of articles published in *The Gambit* newspaper on Chinese Drywall.**

E. JOHN LITCHFIELD

SWORN TO AND SUBSCRIBED
BEFORE ME THIS 6ᵗʰ DAY OF
*November* , 2014.

NOTARY PUBLIC
Print Name: Karen Shor
MY COMMISSION EXPIRES: is for life
BAR ROLL # 12013