### IN THE UNITED STATES DISTRICT COURT
### EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: CHINESE-MANUFACTURED | : | |
| DRYWALL PRODUCTS LIABILITY | : | MDL NO.: 2047 |
| LITIGATION | : | |
| | : | SECTION: L |
| **This Document Relates To:** | : | JUDGE FALLON |
| | : | MAG. JUDGE WILKINSON |
| **Jason S. Herrington, et al. vs. Bass Homes, Inc.,** | : | |
| **et al.; S.D. Mississippi, C.A. No. 1:13-00297** | : | **Case No.: 13-6653** |

_____

## MOTION TO SEVER
_____

COMES NOW, ACE HOME CENTER, INC., Defendant and Third-Party Plaintiff, and hereby respectfully moves this Honorable Court to enter an Order severing this Defendant's third-party claims against DEVON INTERNATIONAL INDUSTRIES, INC., f/k/a DEVON INTERNATIONAL TRADING, INC., a/k/a DEVON BUILDING PRODUCTS and TAISHAN GYPSUM CO. LTD., and shows unto the Court as follows:

1.      Defendant/Third-Party Plaintiff Ace Home Center, Inc. ("AHC"), alleges third-party claims against five (5) named Third-Party Defendants as well as fictitious parties A through O.  The third-party claims alleged against Devon International Industries, Inc., f/k/a Devon International Trading, Inc., a/k/a Devon Building Products ("Devon") and Taishan Gypsum Co. Ltd. ("Taishan") are due to be severed.

2.      Rule 21 of the Federal Rules of Civil Procedure provides that a court may sever any claim against a party at any time on just terms. A court has discretion to sever an action if the failure to do so "might otherwise cause delay or prejudice." *Applewhite v. Reichhold Chemicals*, 67 F.3d 571, 574 (5th Cir. 1995).

3.      Third-Party Defendant Devon filed for bankruptcy on April 23, 2013 in the United States Bankruptcy Court for the Eastern District of Pennsylvania (Case No. 13-13552 (SR)). The present third-party claims conflict with the automatic stay imposed by 11 U.S.C. § 363. Prosecution of the third-party action against Devon requires relief from the Bankruptcy Court for the Eastern District of Pennsylvania to lift the automatic stay. AHC intends to pursue such relief. However, the present stay and the anticipated relief will cause delay and prejudice in the prosecution of the present action.

4.      Also, AHC served Third-Party Defendant Taishan through its U.S. counsel of record. Taishan's U.S. counsel has recently moved to withdraw from representation of Taishan in the present Multi-District Litigation. Taishan appears to have retreated into a Chinese bunker. Taishan's actions are likely to cause delay and prejudice in the prosecution of AHC's claims against the remaining Third-Party Defendants.

5.      Severing the claims against Devon and Taishan will prevent delay and prejudice to the parties in this action.

WHEREFORE, PREMISES CONSIDERED, Ace Home Center, Inc., respectfully moves the Court to enter an Order severing its third-party claims against Devon International Industries, Inc., and Taishan Gypsum Co. Ltd. from the present action.  Ace Home Center, Inc., prays for such other and further relief that this Honorable Court deems just and proper.

Respectfully submitted,

/ s / *Danny J. Collier, Jr.*

Danny J. Collier, Jr., Esq.
Attorney for Ace Home Center, Inc.

OF COUNSEL:

LUTHER, COLLIER, HODGES & CASH LLP
Post Office Box 1002
Mobile, Alabama 36633
(251) 694-9393 Office
(251) 694-9392 Fax
dcollier@lchclaw.com

**SERVE BY CERTIFIED MAIL:**

Devon International Industries, Inc.
1100 First Avenue
Suite 100
King of Prussia, PA 19406

Taishan Gypsum Co. Ltd.
c/o Richard C. Stanley, Esq.
Thomas P. Owen, Jr., Esq.
Stanley, Reuter, Ross, Thornton & Alford, LLC
909 Poydras Street
Suite 2500
New Orleans, Louisiana 70112

## CERTIFICATE OF SERVICE

I hereby certify that the above and foregoing Motion to Sever has been served on Plaintiffs' Liaison Counsel, Russ Herman and Defendants' Liaison Counsel, Kerry Miller, by U.S. Mail and e-mail or by hand-delivery upon all parties by electronically uploading the same to Lexis Nexis File & Serve in accordance with Pretrial Order No. 6, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2047, on this 13th day of November, 2014.

Stephen W. Mullins, Esq.
Luckey & Mullins, PLLC
Post Office Box 990
Ocean Springs, MS 39566
smullins@luckeyandmullins.com

David C. Coons, Esq.
Christopher A. D'Amour, Esq.
Adams and Reese LLP
4500 One Shell Square
New Orleans, LA 70139
david.coons@arlaw.com
chris.damour@arlaw.com

Heather M. Houston, Esq.
Caroline Pryor, Esq.
Carr Allison
6251 Monroe Street
Suite 200
Daphne, Alabama 36526
hhouston@carrallison.com
cpryor@carrallison.com

S. Wesley Pipes, Esq.
Pipes Hudson & Watts, LLP
Post Office Box 989
Mobile, Alabama 36601
wesley@pipeshudsonwatts.com

Gary J. Russo, Esq.
Jones Walker LLP
600 Jefferson Street
Suite 1600
Lafayette, LA 70501
grusso@joneswalker.com


Joe Cyr, Esq.
Frank T. Spano, Esq.
Courtney L. Colligan, Esq.
Hogan Lovells US LLP
875 Third Avenue
New York, New York 10022
Joe.cyr@hoganlovells.com
Frank.spano@hoganlovells.com
Courtney.colligan@hoganlovells.com

Richard C. Stanley, Esq.
Thomas P. Owen, Jr., Esq.
Stanley, Reuter, Ross, Thornton & Alford, LLC
909 Poydras Street
Suite 2500
New Orleans, Louisiana 70112
rcs@stanleyreuter.com
tpo@stanleyreuter.com


**/ s / *Danny J. Collier, Jr.***

_____
OF COUNSEL