UNITED STATES DISTRICT COURT EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: CHINESE-MANUFACTURED DRYWALL PRODUCTS LIABILITY LITIGATION | * * * * | MDL 2047 SECTION: "L" |
| This document relates to ALL CASES | * * | JUDGE FALLON |
| *** * * * * * * * * * * * * * * * * * * * * * * * * * | | MAG. JUDGE WILKINSON |

## *EX PARTE* MOTION FOR LEAVE TO FILE LATE COMMON BENEFIT COUNSEL PTO 28 DOCUMENTATION BY THE BURDMAN LAW GROUP

COMES NOW, Movant, the Burdman Law Group as common benefit counsel, in the above-referenced MDL Chinese Drywall case, and avers the following:

1. It is one of the ten firms that did not comply with PTO 28's requirement to submit affidavits in support of a common benefit fee request. The failure to comply with PTO 28's requirement was due to a misunderstanding by undersigned counsel that prior timely submission of expenses and billable hours under PTO 9 to Philip A. Garrett sufficed, and that Movant was not required to comply with the additional requirements provided in PTO 28.

2. Upon receipt of a recent email from Philip A. Garrett stating that Movant was not in compliance with PTO 28, the necessary documentation was immediately prepared, and is now attached to Movant's Motion for Leave to File Late Common Benefit Counsel PTO 28 Documentation. The documentation consists of the affidavits and memorandum set forth in PTO 28's requirements. Those affidavits are labeled Exhibit A and Exhibit B. Attached to Exhibit A is Exhibit A-1 which is the memorandum describing professional services performed by lawyers at the Burdman Law Group.

1

3. Between September 2011 and February 2012, time records and expense records of Movant's attorneys were submitted in accordance with PTO 9, said services being for legal work that provided common benefit to all claimants of MDL 2047 and were accepted by Philip A. Garrett as indicated. The attorney who provided common benefit services was associate, Pieter M. O'Leary. A copy of Philip A Garrett's Case Cost Management System is attached hereto showing time and expense submissions made and accepted between September 2011 and February 2012.

4. Movant respectfully requests its non-compliance be considered excusable neglect inasmuch as it was the result of a sincere and honest misunderstanding by counsel of the applicability of the requirements of PTO 28 to the movant law firm.

WHEREFORE, Movant prays that the *ex parte* motion for leave to file, belatedly, attached PTO 28 documentation, be granted.

Respectfully Submitted,

/s/ Pieter M. O'Leary
Pieter M. O'Leary, Esq. (CA Bar. No. 242846)
**Burdman Law Group**
12555 High Bluff Drive, Suite 380
San Diego, CA 92130
Tel. (858-350-4040)
Fax. (858-350-4041)
Email poleary@burdmanlaw.com
Attorneys for Plaintiffs, Rochelle and Jose Abner, et al.

## CERTIFICATE OF SERVICE

I hereby certify that the above and foregoing Ex Parte Motion for Leave to File Late Common Benefit Counsel PTO Documentation by the Burdman Law Group has been served on all parties of record by electronically uploading the same to LexisNexis File & Serve and the foregoing was electronically filed with the Clerk of the Court of the United States District Court for the Eastern District of Louisiana, by using the CM/ECF system, which will send out notice of the electronic filing, in accordance with the procedures established in MDL 2047, on this 14th day of November 2014.

/s/ Pieter M. O'Leary
Pieter M. O'Leary, Esq. (CA Bar. No. 242846)

UNITED STATES DISTRICT COURT EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: CHINESE-MANUFACTURED DRYWALL PRODUCTS LIABILITY LITIGATION | * * * * | MDL 2047 SECTION: "L" |
| This document relates to ALL CASES | * * | JUDGE FALLON |
| *** * * * * * * * * * * * * * * * * * * * * * * * * * | * | MAG. JUDGE WILKINSON |

**MEMORANDUM IN SUPPORT OF *EX PARTE* MOTION FOR LEAVE TO FILE LATE COMMON BENEFIT COUNSEL PTO 28 DOCUMENTATION BY THE BURDMAN LAW GROUP**

COMES NOW Movant, the Burdman Law Group, common benefit counsel, who submits this memorandum in support of its Motion for an Order allowing it to submit late its PTO 28 documentation to prove its entitlement to common benefit expenses of $1,561.73 and common benefit fees totaling $10,100.00 for a total of $11,661.73 in common benefit expenses and fees.

**FACTUAL AND PROCEDURAL BACKGROUND**

On or about January 3, 2011, Movant, the Burdman Law Group (aka Burdman & Ward), filed a Complaint in Orange County Superior Court (Case No. 30-2011-00437959) related to the construction of a custom built home in Orange County, California using drywall imported from China and that was later determined to be "Chinese drywall." As Movant learned more about the Chinese drywall issue, it learned of the Multi-District Litigation venued in the U.S. District Court – Eastern District of Louisiana. As the California state litigation continued, Movant conferred with counsel, Dawn Barrios, about the MDL and evidence gathered in the California state case.

1

Movant subsequently filed a Class Action lawsuit in U.S. District Court – Central District of California (Case No. SACV11-01787) on behalf of various plaintiffs with Chinese drywall related complaints in California. Case No. SACV11-01787 was transferred to the MDL 2047 on or about November 30, 2011 (Document 362).

Movant submitted time and expenses to Philip A. Garrett, the Court appointed CPA and conferred with Mr. Garrett's staff in 2011 and early 2012 about the procedure for submitting time and expenses.

At 1:46 p.m. Pacific Standard Time on November 3, 2014, Movant's attorney, Pieter M. O'Leary, received an email from Mr. Garrett indicting Movant was not compliant with PTO 28. Movant's partner, Scott A. Burdman did not received any email notice. Within 60 seconds, Mr. O'Leary telephoned and spoke to Mr. Garrett and expressed surprise about the apparent lack of compliance. Mr. O'Leary indicated a desire to submit the required affidavits in support of its time and expenses. Mr. Garrett's November 3, 2014 email was the first notice Movant received noting the lack of compliance. Mr. O'Leary also spoke with Dawn Barrios about the issue and followed-up with an email to Mr. Garrett indicating Movant intended to file this Motion.

Movant timely submitted its attorney hours and expenses between September 2011 and July 2012 on the Case Cost Management System in accordance with Pre-Trial Order Nos. 9 and 9A. Due to an erroneous understanding and a misapprehension of PTO 28 by attorney Pieter M. O'Leary, of the Movant law firm, the requirement of affidavits and a memorandum were not timely submitted. The PTO 28 documentation is now prepared and attached to Movant's motion herein.

## **LEGAL ARGUMENT**

Fed. R.Civ. P. 6(b) (2) provides that when an act must be done within a specific time, " . . . the court may, for good cause, extend the time . . . on motion made after the time has expired if

2

the party failed to act because of excusable neglect." The court makes an equitable determination when it determines what constitutes "excusable neglect." *Martikean v. U.S.*, 2014 WL 4631620 at *3 (N.D. Tex. Sept. 16, 2014). There are factors the courts consider when taking into account the relevant circumstances connected to the party's omission, and those include:

> (1) the danger of prejudice to the opposing party;
>
> (2) the length of the delay and its potential impact on the judicial proceedings;
>
> (3) the reason for the delay, including whether it was in the reasonable control of the movant; and
>
> (4) whether the movant acted in good faith. *Id.*

Said failure to timely submit the required PTO 28 documentation was not intentional, but the result of a misunderstanding. Counsel acted in good faith believing that all of the requirements of submission for common benefit counsel had been completed. If this Honorable Court allows a late submission of the documentation, there will be no harm done since Philip A. Garrett, CPA already was aware of the attorney hours, and there is neither surprise nor prejudice.

It was Mr. Garrett who notified the undersigned law firm that it was non-compliant. It would be a harsh penalty for Movant to be denied compensation for common benefit attorney time due to an untimely submission of documentation, and Movant prays that this Honorable Court be lenient with counsel's mistaken belief that all necessary documentation had already been submitted, and allow a belated submission of same.

## **CONCLUSION**

For the foregoing reasons, the Burdman Law Group's inadvertent failure to submit the affidavits required by PTO 28 should be set aside and it should be allowed to submit late its PTO

28 documentation to prove its entitlement to common benefit expenses of $1,561.73 and common benefit fees totaling $10,100.00 for a total of $11,661.73 in common benefit expenses and fees.

Respectfully Submitted,

/s/ Pieter M. O'Leary
Pieter M. O'Leary, Esq. (CA Bar. No. 242846)
**Burdman Law Group**
12555 High Bluff Drive, Suite 380
San Diego, CA 92130
Tel. (858-350-4040)
Fax. (858-350-4041)
Email poleary@burdmanlaw.com
Attorneys for Plaintiffs, Rochelle and Jose Abner, et al.

## CERTIFICATE OF SERVICE

I hereby certify that the above and foregoing Memorandum in Support of *Ex Parte* Motion for Leave to File Late Common Benefit Counsel PTO 28 Documentation by the Burdman Law Group has been served on all parties of record by electronically uploading the same to LexisNexis File & Serve and the foregoing was electronically filed with the Clerk of the Court of the United States District Court for the Eastern District of Louisiana, by using the CM/ECF system, which will send out notice of the electronic filing, in accordance with the procedures established in MDL 2047, on this 14th day of November 2014.

/s/ Pieter M. O'Leary
Pieter M. O'Leary, Esq. (CA Bar. No. 242846)