UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

IN RE:CHINESE-MANUFACTURED   *   MDL NO. 2047
DRYWALL PRODUCT LIABILITY    *   SECTION: L
LITIGATION                   *   JUDGE FALLON
                             *   MAG. JUDGE WILKINSON
**************************************
THIS DOCUMENT RELATES TO:    *
Matthew Torrance, Nikolas Toras,   *
Michael and Lisa Calico, Joshua Heck *
And Edmund Winston:          *
**************************************

### OBJECTION TO MOTION TO EXTINGUISH THE KNAUF DEFENDANTS' SETTLEMENT OBLIGATIONS FOR CERTAIN ALREADY REMEDIATED HOME CLAIMS

NOW INTO COURT, through undersigned counsel comes Plaintiffs' Matthew Torrance, Nikolas Toras, Joshua Heck, Michael and Lisa Calico, and Edmund Winston, who object to Motion to Extinguish the Knauf Defendants' Settlement Obligations for Certain Already Remediated Home Claims for the reason set forth below.

Defendants are asking this Honorable Court to extinguish a multitude of claims regarding homes that were remediated by the homeowner for Chinese Drywall. The claims of the above referenced Plaintiff should not be extinguished for the reasons that the Defendants have set forth. Undersigned Counsel will address each plaintiff's fact pattern and history of their home with Chinese drywall individually for the Court.

Matthew Torrance discovered his home had Chinese drywall July 2009 and thought this could explain the respiratory issues his young son was experiencing. Further complicating this issue was the fact that his wife was pregnant with their second child. Mr. Torrance works for a construction company and with the

1

knowledge at hand in early October 2009, Mr. Torrance started the remediation process of his home. Mr. Torrance has turned over all his costs documents and photographs that were taken before, during and after remediation of the home. (See Exhibit A)

Knauf contends that Mr. Torrance's claims should be dismissed because his drywall contained the marks "KNAUF Tianjin, China" and had the blue/yellow banded end-tape around his drywall. His home also contained drywall from Pro-Roc. Defendants are claiming that his drywall was non-reactive and are asking the Court to extinguish their obligation.

Even if one agrees the drywall in Mr. Torrance's house was non-reactive, he still had no choice to remove and replace it if he was to have any hope of selling his home in the future. As the Chinese Drywall epidemic spread through Louisiana, no new homebuyer would be willing to pay market rate for a home that contained "Chinese Drywall". Mr. Torrance's claim should not be extinguished just on this fact.

Mr. Nikolas Toras owned a double rental property in Metairie, LA on Hudson Street. Mr. Toras is included in Exhibit A. Defendants ask that these claims be dismissed because the settlement affidavit was not submitted. Mr. Toras has completed and submitted his affidavit as well as pictures and other documentation regarding the repair of his rental duplex. A copy of these documents was emailed to Defendants on this afternoon. Undersigned counsel has also contacted the general contractor on this home to ensure that all photographs have been received and are awaiting his response to confirm all photographs have been turned over. Undersigned counsel believed these documents have been previously turned in to the defendants in a timely manner although Defendants claim not to have received

2

them.  Mr. Toras' claim should not be dismissed for this reason.  Mr. Toras' documents are attached as Exhibit "B".

Mr. Joshua Heck is included on Exhibit B-1.  Defendants ask that his claim be dismissed for lack of additional photos of removed drywall; completed owner affidavit, proof of payment, itemization/ledger to know what payments are for; and post-remediation photos.  A copy of what Mr. Heck submitted is attached as Exhibit "C".  Mr. Heck discovered that he had Chinese drywall in May 2009.  At the time, Mr. Heck had a two-year-old child and a two-month-old infant.  Due to health concerns and the unknown nature at the time of the affects of the contaminated drywall, Mr. Heck started to remediate the home himself in May 2009.  As Mr. Heck has indicated on his Disclosure Affidavit, the home to date is not complete, as he still has to finish his fireplace.  Mr. Heck has secured an estimate for this work but has not submitted it to the Defendants as of this date.  Mr. Heck has turned over all the photographs that he possesses in regards to the remediation of his home and submitted copies of the checking account he opened for this project with cancelled checks and debit receipts for proof of payment.  Mr. Heck does not possess an itemized ledger.  He has turned in all receipts in his possession from the stores where items were purchased and has submitted copies of his bank statements as proof of payment.

Mr. and Mrs. Calico are also included in Defendants' Exhibit B-1.  Defendants are asking for the Calicos to submit floor plan with dimensions, all photos of removed drywall; pre and post remediation photos; ledger/itemization; proof of payment for invoices and an environmental certificate.  Mr. Calico lives on Orleans Ave in one-half of a double.  Mr. Calico rents the other half out.  As he was repairing the rental side from the damages suffered in Hurricane Katrina, he

3

discovered that Chinese drywall has been installed. The rental side was 90% complete with just some of the finishing touches (kitchen cabinets and such) missing from the home. Mr. Calico is employed by Mascari Construction and would take holiday leave on certain days to work on remediating the rental side of his house. Mr. Calico has turned over all photographs that he possesses of each stage of the remediation, a floor plan with dimensions and copies of his receipts from the stores where items were purchased. He also included his ledger of the days he took off from work and the hours that he missed due to remediating his property. Mr. Calico did not obtain an environmental certificate and therefore cannot submit this document to the Defendants. Mr. Calico's documents are attached hereto as Exhibit "D".

Mr. Edmund Winston is also included on Defendants' Exhibit B-1 and has deficiencies listed as Floor Plan, additional photos of removed drywall, larger copies of receipts and proof of payment. Mr. Winston documents are attached as Exhibit "E-1" and "E-2". Mr. Winston has turned in copies of all receipts, his bank statements as proof of payments and all photographs he possesses. Not all of his photographs have been reproduced in this exhibit as Defendants have only indicated that ones of him removing the drywall are requested.

As the Court will see from the exhibits, the Plaintiffs have made every good faith effort to comply with the Defendants' requests for documents and in just about all instances have submitted all the documents they possess, Plaintiffs respectfully pray that this Honorable Court will deny the Defendants' Motion to Extinguish their Settlement Obligations for Certain Already Remediated Home Claims.

Respectfully submitted,

*By /s/ DANIEL E. BECNEL, JR.*
Daniel E. Becnel, Jr. (2926)
Salvadore Christina, Jr. (27198)
P.O. Drawer H
Reserve, LA. 70084
Telephone:     (985) 536-1186
Telefax:        (985) 536-6445
Email: dbecnel@becnellaw.com

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing has been served on all counsel of record, via the Court's CM/ECF system and Lexis Nexis File/Serve, this 17th day of November 2014.

/s/ Daniel E. Becnel, Jr.
Daniel E. Becnel, Jr.