UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: CHINESE-MANUFACTURED | * | MDL NO. 2047 |
| DRYWALL PRODUCTS | * | |
| LIABILITY LITIGATION | * | SECTION: L |
| | * | |
| | * | JUDGE FALLON |
| **This document relates to all cases** | * | |
| | * | MAG. JUDGE WILKINSON |

* * * * * * * * * * * * * * * * * * * * * * *

### COLSON HICKS EIDSON'S RESPONSE[1] TO MOTION TO EXTINGUISH THE KNAUF DEFENDANTS' SETTLEMENT OBLIGATIONS FOR CERTAIN ALREADY REMEDIATED HOMES

Extinguishing the Colson, Hicks Eidson ("CHE") Claimants identified by the Knauf Defendants' Motion is drastic, unnecessary, premature and violates the terms of the Settlement Agreement. The Knauf Defendants' Motion should be denied. Over four years ago the CHE Claimants spent substantial funds out of their own pockets to repair and remediate their homes because of the Knauf Defendants' defective product and now, Knauf wants to pay nothing. The CHE Claimants request that the Court deny the Knauf Defendants' Motion to Extinguish their claims so that the Knauf Defendants may review the additional information provided to them since the Knauf Defendants filed their motion on October 17, 2014.

Since October 17, the CHE Claimants listed below, have fully complied with the Knauf Defendants' perceived deficiencies in their documentation to the extent the documents exist and cured any outstanding individualized issues. The CHE Claimants at issue in the Knauf Defendants' Motion are as follows:

---

[1] Based upon recent correspondence with the Knauf Defendants, the Knauf Defendants are not likely to seek dismissal of the CHE Claimants' claims because of CHE's compliance with the Knauf Defendants request for further information. The CHE Claimants file this Response in an abundance of caution in order not to waive the arguments set forth herein.

1

| 1. | Georgescu Bogdan; Georgescu Narcisa (Ex. D to Knauf Defendants' Motion) | 318 Holiday Drive Hallandale Beach FL 33009 |
|---|---|---|
| 2. | Mizne Michael; Mizne Jeannine (Ex. B-1 to Knauf Defendants' Motion) | 9621 Cobblestone Creek Drive Boyton Beach, Florida 33472 |
| 3. | Onstott Margaret (Ex. B-1 to Knauf Defendants' Motion) | 1948 Coco Palm Place Lauderdale by the Sea, Florida 33062 |
| 4. | Wahlgren Henry; Wahlgren Joan (Ex. B-1 to Knauf Defendants' Motion) | 4615 SE Pilot Avenue Stuart, Florida 34497 |
| 5. | Walker Todd; Walker Rod (Ex. B-1 to Knauf Defendants' Motion) | 1998 SE Pilot Avenue Stuart, Florida 34497 |

The CHE Claimants are committed to remedy any and all perceived deficiencies in their claims in order to have it considered by the Knauf Defendants. Since October 17, as detailed below, the CHE Claimants have provided available documentation where the Knauf Defendants noted deficiencies. The CHE Claimants simply seek to have their claims processed within the Already Remediated Homes ("ARH") program.  In response to the Knauf Defendants' Motion, the CHE Claimants have prepared and delivered binders of information and documents responsive to the Knauf Defendants' requests.  Each of these will be discussed below on a per Claimant basis:

1) **Claimants Bogdan & Narcissa Georgescu (318 Holiday Drive, Hallandale Beach FL 33009).** Exhibit D to the Knauf Defendants' Motion argues that the Georgescu Claim should be dismissed because the Knauf Defendants claim that the Claimants purchased the home with knowledge of the presence of Chinese Drywall.

    **RESPONSE:**   Knauf is correct in asserting that the Georgescu Owner Disclosure Affidavit (ODA) previously submitted does indicate that they purchased the home with knowledge of the Chinese drywall; however, this was nothing more than a language barrier.  The Georgescus recently emigrated from Romania and their English language skills were not sufficient at the time to accurately complete the ODA.  In response,

2

undersigned Counsel has had the ODA translated into Romanian and then had the Georgescu's Romanian answers translated back into English to remedy the language barrier. The Georgescus did not buy their home with knowledge that it contained Chinese drywall. The translation of the ODA and the Georgescus' translated response have been submitted to the Knauf Defendants for processing and replacement of the previously submitted ODA.

2) **Claimants Michael & Jeannine Mizne (9621 Cobblestone Creek Drive, Boyton Beach, Florida 33472).** According to Exhibit B-1 to the Knauf Defendants' Motion, the Mizne Claim is missing: 1) photos of all removed drywall; 2) proof of payment; 3) signed contract with scope of work/ledger; 4) pre- and post-remediation photos; and, 5) inspection report.

    **RESPONSE:** On November 11, 2014, a binder of responsive documents was submitted to the Knauf Defendants. The requested photographs can be located at Tab 2 (A-D). Proof of Payment can be located at Tabs 3-4. Regarding the requested Contract/Scope of Work, this Claimant never had a formal Contract prepared. Instead, Claimant hired Paul Talley to supervise the work and their Agreement was submitted in lieu. The rest of the remediation was done through the Claimant's father-in-law and various subcontractors. Paul Talley's Agreement is bates labeled at MIZNE, M (ARH) – 000416 and is included in the most recent binder submission. Lastly, the requested Yanes Inspection Report can be located in Tab 2(A) of the binder. This binder included all the requested materials set forth above.

3) **Claimant Margaret Onstott (1948 Coco Palm Place, Lauderdale by the Sea, Florida 33062).** According to Exhibit B-1 to Knaufs' Motion, the Onstott Claim is missing: 1)

videos of removed drywall; 2) photos of removed drywall; 3) proof of payment; and 4) post-remediation photos.

**RESPONSE:**  On November 14, 2014, a binder of responsive documents was submitted to the Knauf Defendants.  This binder included all the requested materials set forth above.

4) **Claimant Todd Walker (1998 SE Pilot Avenue, Stuart, Florida 34497).**  According to Exhibit B-1 to Knauf Defendants' Motion, Mr. Walker's Claim is missing: 1) Updated affidavit with all costs; 2) proof of payment; 3) list of appliances replaced; 4) photos of all removed drywall; 5) post-remediation photos; and 6) environmental certificate.

**RESPONSE:**  On November 11, 2014, a binder of responsive documents was submitted to the Knauf Defendants. Regarding the request for an Updated Affidavit with Additional Costs, the costs have remained unchanged. Tab 5(B) contains a separate affidavit in response to this request outlining the arrangement between the client and Cali Greens for the remediation.  Regarding the request for Proof of Payment documents, no cancelled checks or credit cards are available for this Claimant due to the arrangement he had with the builder. Tab 5 contains the K and invoices from Cali Greens, an affidavit for the Claimant's work/time spent on remediation, and an affidavit outlining the arrangement with the builder. The list of appliances replaced is now reflected in the submitted ODA (Tab 1).  Requested photographs can be located at Tab 3 (A-D) and Tab 4.  Lastly, the Environmental Certificate can be found at Tab 2.  This binder included all the requested materials set forth above.

5) **Claimants Henry and Joan Wahlgren (4615 SE Pilot Avenue, Stuart, Florida 34497).**  According to Exhibit B-1 to the Knauf Defendants' Motion, the Walhgrens'

Claim is missing: 1) Additional photos of removed drywall; 2) contract; 3) proof of payment; 4) pre- and post-remediation photos; and 5) Yanes inspection report.

**RESPONSE:** On November 11, 2014, a binder of responsive documents was submitted to the Knauf Defendants. The requested photographs can be found in Tab 2 (A-C). Proof of Payment documentation is complete and can be found in Tab 3, including the specifically requested Contract, which can be located at Tab 3, Bates #WAHLGREN, H (ARH) – 000112. Lastly, the Yanes Inspection Report can be found on the CDs including the various photographs and videos. This binder included all the requested materials set forth above.

The Knauf Defendants' Motion is premature and puts the cart before the horse and violates the terms of the Court approved Settlement Agreement in seeking dismissal of the CHE Claimants' claims. Under the terms of the Settlement Agreement, there is a three step procedure for resolution of ARH Claims. First, negotiation amongst the parties is required. Second, if negotiations fail, non-binding mediation is required. If mediation fails the claim is submitted for final determination to this Court. If the Knauf Defendants have decided to end negotiations, the next step is mediation, not dismissal of the claim.

Specifically, Exhibit A to the Settlement Agreement is the ARH Protocol and governs the resolution of the ARH claims. Under Exhibit A to the Settlement Agreement, an ODA is submitted to the Knauf Defendants. Within 25 days of receiving an ODA, an initial negotiation session should be scheduled. A 25 day window of negotiation is contemplated (extendable by mutual agreement), and if no agreement has taken place at this time, the Knauf Defendants and the Claimant shall submit to non-binding mediation. The mediation has a deadline of 25 days from its inception to resolve the claims. If mediation is not successful, the parties are to submit

5

their arguments and relevant documentation to the Court for decision. (*Knauf Settlement Agreement – Exhibit A, Section IV, Paragraphs A-C.*)

If Knauf is taking the position that the negotiation period had ended, then mediation is the next step, not dismissal. Moreover, in order to preserve judicial resources, Knauf should be required to review the CHE Claimants' latest submissions before going to mediation and advising of any potential further deficiencies in order to resolve the claims. If mediation is unsuccessful, then, and only then, should the Court rule on dismissing these claims or extinguishing these Claimants' rights under the settlement.

## CONCLUSION

For the reasons set forth above, the Court should not extinguish the Knauf Defendants' settlement obligations to CHE Claimants and the Knauf Defendants' Motion to Extinguish the claims should be denied. Undersigned Counsel notes that it has worked collaboratively with the Knauf Defendants' counsel to resolve many ARH claims and the collaboration has largely been successful with the majority of the claims being resolved. The same collaborative process should apply to the CHE Claimants' claims. These claims should continue to be processed by the Knauf Defendants for prompt payment and resolution. For reasons of judicial economy and fairness, the CHE Claimants request that the Court deny the Knauf Defendants' Motion and order the Knauf Defendants to make an offer on the CHE Claimants' claims, or advise undersigned Counsel that no offer will be forthcoming so that the CHE Claimants' claims may be submitted for mediation, and if needed, to the Court for resolution.

Respectfully Submitted,

/s/ Ervin A. Gonzalez

                    ERVIN A. GONZALEZ
Fla. Bar No. 500720
Ervin@colson.com
PATRICK S. MONTOYA
Fla. Bar No. 524441
Patrick@colson.com
COLSON HICKS EIDSON COLSON
MATTHEWS MARTINEZ GONZALEZ
KALBAC & KANE
255 Alhambra Circle, PH
Coral Gables, FL   33134
Phone: (305) 476-7400
Fax:    (305) 476-7444
*Counsel for Plaintiffs*

## CERTIFICATE OF SERVICE

I hereby certify that the above and foregoing pleading has been served on all parties by electronically uploading the same to LexisNexis File & Serve in accordance with Pre-Trial Order No. 6, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2047 on this **17th** day of **November**, **2014**.

                    /s/  Ervin Gonzalez