UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: CHINESE MANUFACTURED DRYWALL | : | MDL NO. 2047 |
| PRODUCTS LIABILITY LITIGATION | : | |
| | : | |
| | : | SECTION: L |
| This Document Relates to All Cases | : | |
| | : | JUDGE FALLON |
| . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . | : | MAG. JUDGE WILKINSON |

**STATEMENT OF FACTS BY THE SETTLEMENT ADMINISTRATOR FOR THE CHINESE DRYWALL SETTLEMENT PROGRAM AS RELATED TO PRESERVATION ALLIANCE OF NEW ORLEAN'S INC.'S MOTION FOR RECONSIDERATION**

The Settlement Administrator for the Chinese Drywall Settlement Program respectfully provides this Statement of Facts to the Court related to the *Motion for Reconsideration of Special Master's Decision by Defendant* (Rec. Doc. 18087).

1. The Preservation Alliance of New Orleans ("Preservation") filed claims for 27 properties with the Chinese Drywall Settlement Program seeking Repair and Relocation benefits from the Global Settlement Fund. *See* Rec. Doc. 18087-1.

2. The Settlement Administrator reviewed the claims submitted by Preservation and determined that Preservation was eligible for compensation from the Global Settlement Fund for all 27 claims. *Id*. Preservation's affected properties contained a total of 31,437 compensable square feet.

3. The Settlement Administrator determined that Preservation received Chinese Drywall from New Orleans Habitat for Humanity ("NOAHH"), which is a participating defendant in the Global Settlement. *Id*.

4. The *Second Amended Settlement Allocation Plan For Settlement Involving Builders, Installers, Suppliers and Participating Insurers* ("the Global Allocation Plan")

1

contemplates pro-rata payments from three separate settlement pools: the Global Builder pool, the Global Supplier pool, and the Global Installer pool. See *Global Allocation Plan,* Paragraph 3 (attached as Exhibit 1).

5. Each settlement pool is subject to a separate pro-rata calculation based on the amount of money contributed to each settlement pool and the total square footage of the properties eligible for payment from each settlement pool. *Id*. Paragraph 3.1.

6. To determine the pro-rata amounts for each settlement pool, the Settlement Administrator divided the total amount available for each settlement pool by the total eligible square footage of the properties eligible for payment and multiplied the product by 97%. *See* Claims Administrator Procedure 2014-9 (attached as Exhibit 2). The pro-rata calculations for the three Global settlement pools are as follows:

| | | TABLE 1. CHINESE DRYWALL SETTLEMENT PROGRAM GLOBAL PRO-RATA AMOUNTS | | |
|---|---|---|---|---|
| **Row** | **Settlement** | **Amount Available for Distribution** | **Total Under Air Square Footage** | **Per Square Foot Payment Amount** |
| **1.** | **Global Builder** | $18,779,229.25 | 8,974,310 | $2.03 |
| **2.** | **Global Supplier** | $13,980,092.89 | 4,041,779 | $3.36 |
| **3.** | **Global Installer** | $8,972,298.42 | 9,170,409 | $0.95 |

7. The Global Allocation Agreement provides that "Class Members shall be entitled to recover their Repair and Relocation Payments from only those Participating Defendant Funds to which their respective builder, installer, and/or supplier contributed." *See* Exhibit 1, Paragraph 5.

8. NOAHH contributed to the Global Builder Fund. *See* Special Master's Written Opinion, p. 2 (attached as Exhibit 3).

9. Accordingly, the Settlement Administrator issued payment to Preservation based on the Global Builder pro-rata amount ($2.03 per square foot) for 31,437 square feet.

10. Preservation appealed the Settlement Administrator's determination to the Special Master. The Special Master issued a written opinion denying Preservation's request on October 24, 2014. Preservation has exhausted all administrative appeals available in the Settlement Program and now appeals the Special Master's determination to the MDL Court.

11. Preservation contends that it should be paid from the Global Supplier fund, not the Global Builder fund. The pro-rata amount for the Global Supplier fund is $3.36 per square foot, which is $1.03 more than the Global Builder fund. The amount sought by Preservation is therefore $41,811.21 (31,437 square feet multiplied by $1.33). Preservation suggests that money be re-allocated from the Global Builder fund to the Global Supplier fund and paid to Preservation.

12. A re-allocation of any portion of the amount contributed by NOAHH to the Global Supplier pool from the Global Builder pool would reduce the amount of money available for the Global Builder fund and increase the amount in the Global Supplier fund. In addition, the square footage associated with Preservation's affected properties would need to be reduced from the Global Builder pro-rata calculation and added to the Global Supplier calculation. These changes would result in revised pro-rata calculations for both settlement funds.

13. Revising the pro-rata calculation at this juncture would require the Settlement Administrator to adjust every payment made from the Global Builder and Global Supplier fund. For example, adding Preservation's 31,437 square feet to the Global

Supplier pro-rata calculation would reduce the Global Supplier pro-rata amount by $0.03 per square foot and would cause a shortfall of $88,813 in the Global Supplier fund. Likewise, removing Preservation's 31,437 square feet from the Global Builder fund would increase the Global Builder pro-rata amount by $0.01 per square feet and would require allocation of a an additional $56,571 to claimants already paid based on the Global Builder pro-rata amount in Claims Administrator Procedure 2014-9. Transferring funds between the Global Builder and Global Supplier funds would have a similar effect on the pro-rata amounts.

14. The Settlement Administrator will be present at the oral argument of this matter and will be available to provide additional information as requested by the Court.

>Respectfully submitted,
>
>__/s/ Jacob Woody_____
>Lynn Greer, Esquire (Va. Bar No. 29211)
>Jacob S. Woody, Esquire (Va. Bar No. 77485)
>BrownGreer, PLC
>250 Rocketts Way
>Richmond, VA 23231
>Telephone: (804) 521-7234
>Facsimile: (804) 521-7299
>lgreer@browngreer.com
>jswoody@browngreer.com
>
>*Settlement Administrator for the Chinese Drywall Settlement Program*

**CERTIFICATE OF SERVICE**

I hereby certify that the above pleading will be served on by electronically uploading the same to LexisNexis File & Serve in accordance with Pretrial Order No. 6, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/EDF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2047, on this 17th day of November, 2014.

   /s/Jacob Woody_____
Lynn Greer, Esquire (Va. Bar No. 29211)
Jacob S. Woody, Esquire (Va. Bar No. 77485)
BrownGreer, PLC
250 Rockets Way
Richmond, VA 23231
Telephone:  (804) 521-7200
Facsimile:  (804) 521-7299
lgreer@browngreer.com
jswoody@browngreer.com

*Settlement Administrator for the Chinese Drywall Settlement Program*