# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In re:  **CHINESE-MANUFACTURED** | * | **MDL 2047** |
| **DRYWALL PRODUCTS** | * | |
| **LIABILITY LITIGATION** | * | **SECTION L** |
| | * | |
| | * | **JUDGE FALLON** |
| **This document relates to: All Cases** | * | |
| | * | **MAGISTRATE JUDGE WILKINSON** |
| | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

### REPLY IN SUPPORT OF KNAUF'S MOTION TO EXTINGUISH THE KNAUF DEFENDANTS' SETTLEMENT OBLIGATIONS FOR CERTAIN ALREADY REMEDIATED HOME CLAIMS

The Knauf Defendants[1] file this Reply Memorandum in Support of their Motion to Extinguish the Knauf Defendants' Settlement Obligations for Certain Already Remediated Home Claims.

## I.      Knauf has complied with Due Process requirements to provide notice to all property owners subject to its motion.

Knauf has worked in concert with class counsel and the Pro Se Curator to communicate and resolve documentation deficiencies for Already Remediated Homes claims ("ARH"). Once the requisite documentation is provided, Knauf works to resolve the ARH claims. *See* Exhibit B-1. In the instances where efforts to resolve deficiencies have proved fruitless, Knauf's motion now seeks to extinguish or otherwise dismiss those claims.

---

[1] The Knauf Defendants include Knauf Plasterboard (Tianjin) Co., Ltd., Knauf Plasterboard (Wuhu) Co., Ltd., Guangdong Knauf New Building Material Products Co., Ltd., Knauf Gips KG, Gebr. Knauf Verwaltungsgesellschaft KG, Knauf International GmbH, Knauf Insulation GmbH, Knauf UK GmbH, Knauf AMF GmbH & Co. KG, Knauf do Brasil Ltda., and PT Knauf Gypsum Indonesia.

Knauf's Motion to Extinguish was served all counsel of record. The four *pro se* plaintiffs against whom Knauf is seeking claim extinguishment were served with a copy of the Motion to Extinguish via email and/or certified mail, and all four *pro se* plaintiffs have confirmed receipt.

Knauf's efforts to resolve deficiencies and to distribute the Motion to extinguish comply with procedural due process requirements. "The essence of due process is the requirement that "a person in jeopardy of serious loss (be given) notice of the case against him and opportunity to meet it." All that is necessary is that the procedures be tailored, in light of the decision to be made, to "the capacities and circumstances of those who are to be heard," to insure that they are given a meaningful opportunity to present their case." *Mathews v. Eldridge*, 424 U.S. 319, 348-49, 96 S.Ct. 893, 909, 47 L.Ed.2d 18 (1976) (citation omitted). Knauf has provided sufficient notice to all affected Plaintiffs of their intent and desire to move ARH claims towards resolution by extinguishing the claims of non-responsive plaintiffs. Because Knauf has complied with Due Process requirements, the Court can be confident that judicially extinguishing Knauf's settlement obligations for non-responsive plaintiffs is both reasonable and necessary.

II.   **Knauf's settlement obligations should be extinguished as to Plaintiffs who failed to respond to the motion.**

   a.   **Thirty-six claims listed on Exhibit A to Knauf's motion should be extinguished.**

Exhibit A to Knauf's motion was originally comprised of 47 properties who had been identified as Already Remediated, but for which a Homeowner Disclosure Affidavit had not been provided as required by Pre-Trial Order 26 and the Settlement Agreement Regarding Claims Against The Knauf Defendants in MDL No. 2047 (hereinafter referred to as the "Knauf Settlement Agreement").

- 6 Homeowner Disclosure Affidavits were submitted, and Knauf is no longer seeking to extinguish those claims at this time, despite the untimeliness of the submission of their disclosure affidavits.

- Counsel has withdrawn or is currently seeking to withdraw from representation for 3 of the properties on Exhibit A. Knauf is not seeking to extinguish the claims of those property owners at this time, but will seek dismissal of those claims after sufficient notice of Knauf's intent has been provided to those plaintiffs who now appear to be *pro se*.

- Counsel for Knauf is doing further investigation into two additional claims and is therefore not seeking to extinguish those claims at this time.

The remaining 36 claims listed on Exhibit A should be extinguished. Many of them are not actually ARH properties and/or contain other non-KPT CDW. Regardless, no substantive response has been filed on behalf of these 36 claims in response to Knauf's motion. A list of these 36 claims that should be dismissed is set forth below.

| Homeowner Name(s) | Affected Property Address | City | State | Zip | Primary Counsel |
|---|---|---|---|---|---|
| Allard, John C; Allard, Julie | 1786 SW Cordova Street | Port St Lucie | FL | 34987 | Reich & Binstock, LLP |
| Allen, Louis Jr. | 14502 Quiet Summer Lane | Houston | TX | 77044 | Baron & Budd, P.C. |
| Andersen, Michael; Campos, Karla | 2105 SW 39th Terrace | Cape Coral | FL | 33914 | Parker Waichman, LLP |
| Avner, Wendy; Avner, Brett | 18020 Via Bellamare Lane | Miromar Lakes | FL | 33913 | Parker Waichman, LLP |
| Baginski, Andrea; Baginski, Tina; Papasodaro, Rosa; Papsodaro, Alessandra | 20095 Larino Loop | Estero | FL | 33928 | Parker Waichman, LLP |
| Barrios, Reggie | 7431 Hwy 90 - Apartment | Bay St. Louis | MS | 39520 | Hawkins Gibson, PLLC |
| Bergus, Boris | 244 Silver Glen Drive | St. Augustine | FL | 32095 | Reich & Binstock, LLP |
| Bienemy, Eric ; Bienemy, Gina | 2823 Daniel Drive | Violet | LA | 70092 | Bencomo & Associates |
| Bradley, Christopher; Bradley, Tatianna | 4420 SW 9th Place | Cape Coral | FL | 33914 | Parker Waichman, LLP |

| Homeowner Name(s) | Affected Property Address | City | State | Zip | Primary Counsel |
|---|---|---|---|---|---|
| Brazon, Kevin; Brazon, Jennifer | 9326 River Rock Lane | Riverview | FL | 33578 | Parker Waichman, LLP |
| Brotbeck, Charles R; Brotbeck, Sandra | 3261 Lee Way Court #8 | North Fort Myers | FL | 33903 | Parker Waichman, LLP |
| Bryant, Robbie; Bryant, Lizabeth; D.R. Horton, Inc. - Gulf Coast; Achord, Brennan | 26083 Big Ben Drive | Denham Springs | LA | 70726 | Whitfield, Bryson & Mason, LLP |
| Cardiello, Fran; Cardiello, Gayle | 1006 NW 38th Place | Cape Coral | FL | 33993 | Parker Waichman, LLP |
| Casey, William; Casey, Pamela | 713 SE 16th Court | Fort Lauderdale | FL | 33316 | Parker Waichman, LLP |
| Conway Centre, LLC | 1629 SE Port St. Lucie Blvd. | Port St. Lucie | FL | 34952 | Allison Grant, P.A. |
| Daly, Patrici ; Schrank, Kimberly | 21597 Baccarat Lane #102 | Estero | FL | 33928 | Parker Waichman, LLP |
| Fairley, Robert; Fairley, Barbara; Fairley, Derek; Fairley, Tad | 21100 Hwy 57 | Vancleave | MS | 39565 | Gentle, Turner & Sexton |
| Frasiolas, Steve; Frasiolas, Harriet | 11436 Mountain Ash Circle | Port St. Lucie | FL | 34987 | Parker Waichman, LLP |
| Gatlin, David; Gatlin, Jodi | 5131 Skiff Lane | Gulf Shores | AL | 36542 | Gentle, Turner & Sexton |
| Hanlon, Patrick L; Hanlon, Ann M. | 3407 W Oakellar Avenue | Tampa | FL | 33611 | Parker Waichman, LLP |
| Hayek, Michael; Hayek, Hensley; D.R. Horton, Inc. - Gulf Coast | 26084 Big Ben Drive | Denham Springs | LA | 70726 | Whitfield, Bryson & Mason, LLP |
| Hoyos, Hernan | 877 SW 146th Terrace | Pembroke Pines | FL | 33027 | Parker Waichman, LLP |
| Kinard, Stella | 9223 Fellowship Rd | Meridian | MS | 39305 | Unknown |
| Lobb, Karol; Lobb, Tatiana | 6907 Julia Gardens Drive | Coconut Creek | FL | 33073 | Parker Waichman, LLP |
| Mitchell, Robert; Mitchell, Bonnie | 1442 El Dorado Parkway West | Cape Coral | FL | 33914 | Parker Waichman, LLP |
| Overbeck, David | 13525 Little Gem Circle | Fort Myers | FL | 33913 | Parker Waichman, LLP |
| PSC Enterprises; Condon, Paul; Condon, Sara | 362 Eisenhower Blvd. | Lehigh Acres | FL | 33974 | Parker Waichman, LLP |
| Saltamacchia, Brian; Saltalamacchia, Misty | 11560 Bayou View Drive | Bay St. Louis | MS | 39520 | Hawkins Gibson, PLLC |
| Saltzman, Scott; Saltzman, Jordana | 8485 Breezy Hill Drive | Boyton Beach | FL | 33437 | Parker Waichman, LLP |
| Savell, Donna | 9720 Robinson Thomas Rd | Meridian | MS | 39305 | Unknown |
| Schatzle, Ralph; Schatzle, Judith | 3445 NW 18th Terrace | Cape Coral | FL | 33993 | Parker Waichman, LLP |
| Slowley, Andre; King, Hanna; Walters, Leonie | 846 SW 146th Terrace | Pembroke Pines | FL | 33027 | Parker Waichman, LLP |
| Stewart, Michael E. | 793 West McHenry Road | McHenery | MS | 39561 | Pro Se |
| Tellez, Luisa; Barrera, Michelle | 818 SW 146th Terrace | Pembroke Pines | FL | 33027 | Parker Waichman, LLP |
| Thomas, Matthew | 10556 Coral Key Avenue | Tampa | FL | 33647 | Pro Se |
| Wilson, Darrell; Wilson, Darlene | 24226 Santa Inez Road | Punta Gorda | FL | 33955 | Parker Waichman, LLP |
| | 346 SW Wellwood Street | Palm Bay | FL | 32908 | Unknown |

**b.  One claim on Exhibit B should be extinguished.**

Exhibit B to Knauf's motion was originally comprised of 20 properties for which substantive documentation deficiencies had not been cured despite multiple attempts by Knauf and class counsel to meet and to resolve those deficiencies. Counsel for Knauf received responses pertaining to all but one of the properties that were listed on Exhibit B. For those that responded, counsel for Knauf will review the documentation provided and will work to resolve those claims via the process outlined in the Knauf Settlement Agreement. With regard to the

property for which no response was received, Knauf's settlement obligations should not be extinguished. The claim that should be dismissed is set forth below.

| Homeowner Name(s) | Affected Property Address | City | State | Zip | Primary Counsel |
|---|---|---|---|---|---|
| Green, Desmond | 3758 Preston Place | New Orleans | LA | 70131 | Baron and Budd, LLC |

### c.   Two claims on Exhibit C should be extinguished.

Exhibit C to Knauf's motion was originally comprised of eight properties for which all documentation had been produced, but for which settlement offers could not be made because documentation was utterly lacking. Knauf received responses for six of the eight properties. Counsel for Knauf will attempt to resolve the claims of the six properties via the process outlined in the Knauf Settlement Agreement. For the remaining two properties, Knauf's settlement obligations should be extinguished. The two claims that should be dismissed are set forth below.

| Homeowner Name(s) | Affected Property Address | City | State | Zip | Primary Counsel |
|---|---|---|---|---|---|
| Magruder, Ann | 2534 Faulkner Court | Ocean Springs | MS | 39564 | Whitfield, Bryson |
| Davis, Walter | 276 Jessie Smith Road | Lucedale | MS | 39452 | Whitfield, Bryson |

### d.   13 claims on Exhibit D should be extinguished.

Exhibit C to Knauf's motion was originally comprised of 19 properties for which Knauf had evidence that indicated those properties had been purchased with knowledge that the properties contained Chinese Drywall. Knauf received responses for six properties disputing the fact that the properties were purchased with knowledge of Chinese Drywall. Knauf will attempt to resolve those claims via the processes outlined in the Knauf Settlement Agreement. The silence from the remaining 13 claimants should be considered a tacit acknowledgement that the properties were purchased with knowledge of CDW, and Knauf's settlement obligations should be extinguished as to those 13 properties. The 13 claims that should be dismissed are set forth below.

| Homeowner Name(s) | Affected Property Address | City | State | Zip | Primary Counsel |
|---|---|---|---|---|---|
| Steiner, Roland; Steiner, Marjorie | 1901 NW 6th Terrace | Cape Coral | FL | 33993 | Baron & Budd, P.C. |
| Ramaskevicius, Gintautas | 11001 Gulf Reflections Drive #A102 | Ft. Myers | FL | 33908 | Roberts & Durkee |
| Atkinson, William; Walsh, Betty | 2512 SE Berkshire Blvd. | Port St. Lucie | FL | 34952 | Colson Hicks Eidson |
| Walker, Stephen | 41 Mark Smith Drive | Mandeville | LA | 70471 | Baron & Budd, P.C. |
| Vo Hiep; Pham Kelly | 8686 Pegasus Drive | Lehigh Acres | FL | 33971 | Parker Waichman, LLP |
| Vo Hiep; Nguyen Dong | 11505 Centaur Way | Lehigh Acres | FL | 33971 | Parker Waichman, LLP |
| Vo Hiep | 8688 Pegasus Drive | Lehigh Acres | FL | 33971 | Parker Waichman, LLP |
| Moses, William (Bill); Moses, Carolyn | 9861 Cobblestone Creek Drive | Boynton Beach | FL | 33472 | Baron & Budd, P.C. |
| Cummings, Mark; Cummings, Nicole | 210 Medici Terrace | N. Venice | FL | 34275 | Baron & Budd, P.C. |
| Rosen, Michael; Rosen, Robyn; Shukow, Allen; Shukow, Donna | 17538 Middlebrook Way | Boca Raton | FL | 33496 | Baron & Budd, P.C./Allison Grant |
| Winslade, Cyril | 215 Everglades Blvd | Stuart | FL | 34994 | Baron & Budd, P.C. |
| Miller, Bill; Miller, Joann; Goodman, Roy; Goodman, Claudi | 9440 Eden Manor | Parkland | FL | 33076 | Allison Grant, P.A. |
| Adaniel / Steiner, Maximilian | 9709 Cobblestone Creek Drive | Boynton Beach | FL | 33472 | Baron & Budd, P.C. |

## III.   CONCLUSION

Due process requirements have been fulfilled and Plaintiffs have been given ample opportunity to resolve claim deficiencies and to move their claims towards settlement. For those who have chosen not to do so, claim extinguishment is appropriate. For the foregoing reasons, the Court should extinguish the Knauf Defendants' settlement obligations for the ARH claimants identified in the sections above.

For the Court's convenience, a proposed order listing out these properties is attached hereto.

Respectfully submitted,

/s/ Kerry J. Miller
Kerry J. Miller (LA Bar No. 24562)
Kyle A. Spaulding (LA Bar No. 29000)
**FRILOT L.L.C.**
1100 Poydras Street, Suite 3700
New Orleans, LA  70163
Telephone:     (504) 599-8194
Facsimile:      (504) 599-8145
Email:          kmiller@frilot.com
*Counsel for the Knauf Defendants*

**<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that the above and foregoing pleading has been served on all parties by electronically uploading the same to LexisNexis File & Serve in accordance with Pre-Trial Order No. 6, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2047 on this **<u>20th</u>** day of **<u>November</u>**, **<u>2014</u>**.

*/s/ Kerry J. Miller*