## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: CHINESE MANUFACTURED | ) | |
|     DRYWALL PRODUCTS | ) | MDL NO. 2047 |
|     LIABILITY LITIGATION | ) | |
| | ) | |
| THIS DOCUMENT RELATES TO: | ) | SECTION: L |
| | ) | |
| *Hobbie, et al. v.* | ) | JUDGE FALLON |
| *RCR Holdings II, LLC, et al.*, | ) | |
| | ) | |
| No. 10-1113 | ) | |
| | ) | MAG. JUDGE WILKINSON |
| _____ | ) | |

## MEMORANDUM OF LAW IN SUPPORT OF MOTION
## FOR FINAL APPROVAL OF PLAN OF DISTRIBUTION

Pursuant to the Court's Consent Order dated October 23, 2014 (Doc. No. 18080)

("Consent Order"), Settlement Class Counsel ("Class Counsel") hereby submit this

memorandum in support of their Motion for Final Approval of the plan of distribution of certain

Settlement funds (the "Plan of Distribution" or "POD").[1]

## BACKGROUND

Pursuant to the Consent Order, ¶ 1, Class Counsel caused the Proposed Plan of

Distribution to be served on all affected Coastal Settlement Class Members on October 27, 2014

by First Class Mail at the last known address for each party and by electronic mail for persons

with valid email addresses.  *See* Declaration of Monica DiCocco in Support of Motion for Final

Approval of Plan of Distribution, ¶ 3, November 21, 2014 (" DiCocco Dec.") (Ex. 1, hereto).

---

[1] See Notice of Plan of Distribution, Dkt. No. 18082, filed Oct. 27, 2014.

Five of the mailed Notices of were returned as undeliverable. Two of the five notices were sent to alternate addresses on November 7, 2014. Three of the notices could not be forwarded as no alternate address was available. All five notices were also sent by email to the recipients. *Id.,* ¶ 4.

Class Counsel has received three letters in support of the Plan of Distribution. *See id.*, ¶ 5, Attachment A. Class Counsel also received three objections to the Plan of Distribution: (1) an objection from Murat Ocalan,  Attachment B,  (2) an objection from Ahmed Mahallawy, Attachment C, and (3) an objection from Rizwan Ahmad, Attachment D.   *See id*

## ARGUMENT

The Plan of Distribution pays LSP to Settlement Class Members consistent with both the Global Class Settlement Agreement and the Coastal Settlement Agreement.

Paragraph 4.3.5.1 of the Global Settlement Agreement relates to Lump Sum Payments payable in connection with Foreclosed Properties.  It provides as follows:

> 4.3.5.1 For those Foreclosed Properties foreclosed upon prior to the Execution Date, (a) the Mortgagee shall be entitled to the benefits under Sections 4.3.1, 4.3.2 or 4.3.3, except for the Other Covered Expenses, but only if the Mortgagee became the Owner of the Affected Property and the Mortgagee is a Class Member which filed a lawsuit by December 9, 2011; **and (b) the Owner prior to the foreclosure shall be entitled to the Lump Sum Payment under Section 4.3.1.1, but not the delay Period Payment under Section 4.3.1.2.**

Settlement Agreement, ¶ 4.3.5.1 (emphasis added).  The proposed recipients of the Knauf LSP are all prior Owners of Affected property which have been foreclosed.  At the same time, the Foreclosed Properties at issue have a current owner. The current owners 1) purchased the Affected Properties with knowledge that the properties contained KPT Chinese Drywall and/or, 2) had not filed a lawsuit in the Litigation as a named plaintiff. Accordingly, the current owners are not eligible for the LSP.

With respect to the owners of Non-KPT properties, the proposed Plan of Distribution provides the LSP to the persons who owned the units at the time of the Coastal Settlement Agreement. [Doc. No. 16741-2].[2]  This position is well supported by the Coastal Settlement Agreements.

Prior owners who lost their Non-KPT Affected Property due to foreclosure are entitled to the Lump Sum Payment.  The express and unambiguous language  of the Coastal Settlement Agreement provides that LSPs are to be paid from the Villa Lago Settlement Fund to compensate "owners and former owners of units containing Chinese Drywall that was not manufactured by Knauf."  *See* Coastal Settlement Agreement, ¶ 2.5.  It is implicit that these owners are persons who owned the units at the time the Coastal Settlement was executed. Limiting the Non-KPT LSPs to former owners "who filed a Lawsuit in the Litigation as a Named Plaintiff" is also consistent with the Global Settlement.

Class Counsel have received three objections to the POD. The first objector, Murat Ocalan ("Ocalan') is a current owner of a Non-KPT unit.  Ocalan purchased his property as a "short sale."  The Poplauskys, the prior owners, "filed a Lawsuit in the Litigation as a Named Plaintiff" and Ocalan purchased the unit with knowledge that the unit had CDW. Ocalan is subsequently not entitled to a LSP.  The second objector, Ahmed Mahallawy, is a current owner of a KPT unit. Mahallawy did not "file[] a Lawsuit in the Litigation as a Named Plaintiff." Mahallawy is subsequently not entitled to a LSP.

The third objector, Rizwan Ahmad ("Ahmad"), was a renter of a Non-KPT unit who purchased the unit from the original owners in April or May of 2011.  Ahmad was an Owner at

---

[2] Settlement Agreement Regarding Claims Against Coastal Construction of South Florida, Inc. Related to Villa Lago at Renaissance Commons in MDL No. 2047, April 8, 2013, Doc. No. 16741-2.

the time of the Coastal Settlement who purchased the unit from Wachovia Bank with knowledge

that the unit had CDW. Juan Carlos and Martha Julia ("Julia") were the prior owners of the unit

who lost their unit to foreclosure prior to the time of the Coastal Settlement.  As Ahmad did not

have the funds to relocate during the remediation of his unit, Class Counsel advanced him 50%

of the LSP payment ($3,937.71) from the $75,000 portion of the Coastal Settlement Fund

allocated to Nuisance and Inconvenience.  Class Counsel request the Court to approve payment

of the remaining 50% of the LSP to Julia.

## <u>CONCLUSION</u>

For the forgoing reasons, the Court should approve the Plan of Distribution, deny the

objections of Ocalan and Mahallawy to the Plan of Distribution, and grant, in part, and deny,

inpart,  Ahmad's objection to the Plan of Distribution. A proposed order has been filed with the

Court.

DATED:  November 21, 2014   Respectfully submitted,

             */s/ Gary E. Mason*
             Gary E. Mason
             Daniel K. Bryson
             WHITFIELD BRYSON & MASON LLP
             1625 Massachusetts Ave., NW, Suite 605
             Washington, D.C.  20036
             Telephone:  (202) 429-2290
             Facsimile:  (202) 429-2294
             gmason@wbmllp.com

             Joel R. Rhine
             RHINE MARTIN LAW FIRM
             1612 Military Cutoff Rd
             Suite 300
             Wilmington, NC 28403
             Telephone:  (910) 772-9960
             Facsimile:  (910) 772-9062
             jrr@rhinelawfirm.com

             *Counsel for Plaintiffs*