**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | | |
|---|---|---|
| IN RE: CHINESE-MANUFACTURED | : | |
| DRYWALL PRODUCTS LIABILITY | : | MDL NO.: 2047 |
| LITIGATION | : | |
| | : | SECTION: L |
| **This Document Relates To:** | : | JUDGE FALLON |
| | : | MAG. JUDGE WILKINSON |
| **Braxton H. Collins, et al. vs. Bass Homes, Inc.,** | : | |
| **et al.; S.D. Mississippi, C.A. No. 1:13-00297** | : | **Case No.: 13-6652** |

_____

**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | | |
|---|---|---|
| IN RE: CHINESE-MANUFACTURED | : | |
| DRYWALL PRODUCTS LIABILITY | : | MDL NO.: 2047 |
| LITIGATION | : | |
| | : | SECTION: L |
| **This Document Relates To:** | : | JUDGE FALLON |
| | : | MAG. JUDGE WILKINSON |
| **Jason S. Herrington, et al. vs. Bass Homes, Inc.,** | : | |
| **et al.; S.D. Mississippi, C.A. No. 1:13-00297** | : | **Case No.: 13-6653** |

_____

## MOTION TO CONTINUE

COMES NOW, Ace Home Center, Inc. ("AHC"), a defendant and third-party plaintiff in the above-styled actions, and hereby moves this Honorable Court to continue the December 3, 2014 hearing on Third-Party Defendants Pensacola Stevedore Company, Inc., and Pate Stevedore Company, Inc.'s (the "Stevedore Third-Party Defendants") Motion To Dismiss For Lack of Personal Jurisdiction. As grounds for the requested continuance, AHC sets down and assigns the following, to-wit:

*Discovery Needed Concerning Minimum Contacts*

This case involves Chinese drywall that came into the Port of Pensacola aboard the M/V SANKO RALLY in June 2006. The tanker saw rough seas that caused much of the drywall to be broken. Much of the drywall, however, remained good and fit for sale. Stevedore Third-Party Defendants acquired 3,622 bundles of the drywall that came off the M/V SANKO RALLY. Each bundle contained 68 sheets, so Stevedore Third-Party Defendants purchased 246,296 sheets of drywall for resale. Third-Party Defendants' resale of drywall, of course, was in the context of an acute need for drywall all along the Gulf Coast following a residential construction boom coupled with Hurricanes Ivan (in 2004) and Katrina (in 2005).

Of those 246,296 sheets of drywall, Stevedore Third-Party Defendants sold 4,968 sheets to AHC.  Some drywall in each bundle was broken and some good.  Those 4,968 sheets came from a total of 154 bundles.  After delivering 154 bundles to AHC, Stevedore Third-Party Defendants had 3,468 bundles remaining, or 235,824 sheets.

Following the hurricanes of 2004 and 2005, we know there was a great need for drywall in Alabama, Mississippi and Louisiana.  We do not know how much of Stevedore Third-Party Defendants' remaining 3,468 bundles (or 235,824 sheets) ended up in the hands of Mississippi residents or businesses.  We do not know what Stevedore Third-Party Defendants' activities, relationships and transactions led to those bundles and sheets coming to rest in Mississippi.  Written discovery, a full accounting of the drywall transactions, and deposition testimony on the subject are needed.

We know of certain business Stevedore Third-Party Defendants conducted in the state of Mississippi in 2002.  We know nothing of that business, what preceded it and what followed it.  We know nothing of the activities of Stevedore Third-Party Defendants to secure the 2002 business, or to attempt to secure other Mississippi work thereafter. Written discovery and deposition testimony are needed to explore these issues, and the declarations made in Stevedore Third-Party Defendants' affidavit.  However, as explained below, such discovery on the issue of personal jurisdiction may be an expensive, time-consuming and unnecessary academic exercise.

### Plaintiffs Asserted Claims Against Stevedore Third-Party Defendants

On November 20, 2014, original plaintiffs, the Collins and Herringtons, filed Notices of Substitution with proposed Orders seeking to substitute Stevedore Third-Party Defendants for fictitious parties within the plaintiffs' complaints.  Plaintiffs Collins and Plaintiffs Herringtons seek to make Stevedore Third-Party Defendants direct defendants in their actions.  If allowed, AHC will assert cross-claims against Stevedore Third-Party Defendants, rendering the personal jurisdiction attack against AHC moot.

### Another Reason Personal Jurisdiction Question An Academic Exercise

Stevedore Third-Party Defendants' Motion to Dismiss raises several legal issues that deserve full and fair briefing after discovery noted above.  The issues include both the Mississippi Long-Arm Statute's application and a minimum contacts analysis.  However, should Stevedore Third-Party Defendants ultimately prevail on their Motion to Dismiss, AHC intends to file suit against the Florida Stevedore entity in the United States District Court for the Southern District of Alabama.  AHC would move to transfer the new suit to this MDL forum in the Eastern District of Louisiana and to consolidate the new suit with these same *Collins* and *Herrington* actions before this Honorable Court.  AHC would do so in the footsteps of many such cases from U.S. District Courts in the country (including the Southern District of Alabama) that have been transferred to the docket of this MDL forum.

In summary, AHC seeks a continuance to avoid the time and expense of jurisdictional discovery, briefing, oral arguments and, ultimately, the prospect of a new suit to be transferred back to this MDL forum.  None of that will be necessary if the Collins' and Herringtons' direct actions against Stevedore Third-Party Defendants are allowed.   Alternately, AHC seeks a continuance of the Motion to Dismiss to allow discovery and briefing on the subject of personal jurisdiction.

WHEREFORE, PREMISES CONSIDERED, Ace Home Center, Inc., respectfully moves this Honorable Court to continue the hearing on Third-Party Defendants Pensacola Stevedore Company, Inc., and Pate Stevedore Company, Inc.'s Motion To Dismiss For Lack of Personal Jurisdiction.  AHC seeks such other, further relief that the Court deems appropriate under the circumstances.

Respectfully submitted,

**/ s / *Danny J. Collier, Jr.***

_____

Danny J. Collier, Jr., Esq.
Attorney for Ace Home Center, Inc.

**OF COUNSEL:**

LUTHER, COLLIER, HODGES & CASH LLP
Post Office Box 1002
Mobile, Alabama 36633
(251) 694-9393 Office
(251) 694-9392 Fax
dcollier@lchclaw.com

**CERTIFICATE OF SERVICE**

I hereby certify that the above and foregoing Motion to Continue has been served on Plaintiffs' Liaison Counsel, Russ Herman and Defendants' Liaison Counsel, Kerry Miller, by U.S. Mail and e-mail or by hand-delivery upon all parties by electronically uploading the same to Lexis Nexis File & Serve in accordance with Pretrial Order No. 6, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2047, on this 26th day of November, 2014.

Stephen W. Mullins, Esq.                        David C. Coons, Esq.
Luckey & Mullins, PLLC                         Christopher A. D'Amour, Esq.
Post Office Box 990                                Adams and Reese LLP

_____
Case No.: 13-6652/13-6653
Our File No.: 13-053/13-052
Page **3** of **4**

Ocean Springs, MS 39566
smullins@luckeyandmullins.com

Heather M. Houston, Esq.
Caroline Pryor, Esq.
Carr Allison
6251 Monroe Street
Suite 200
Daphne, Alabama 36526
hhouston@carrallison.com
cpryor@carrallison.com

Gary J. Russo, Esq.
Jones Walker LLP
600 Jefferson Street
Suite 1600
Lafayette, LA 70501
grusso@joneswalker.com

Joe Cyr, Esq.
Frank T. Spano, Esq.
Courtney L. Colligan, Esq.
Hogan Lovells US LLP
875 Third Avenue
New York, New York 10022
Joe.cyr@hoganlovells.com
Frank.spano@hoganlovells.com
Courtney.colligan@hoganlovells.com

4500 One Shell Square
New Orleans, LA 70139
david.coons@arlaw.com
chris.damour@arlaw.com

S. Wesley Pipes, Esq.
Pipes Hudson & Watts, LLP
Post Office Box 989
Mobile, Alabama 36601
wesley@pipeshudsonwatts.com

Richard C. Stanley, Esq.
Thomas P. Owen, Jr., Esq.
Stanley, Reuter, Ross, Thornton & Alford,
LLC
909 Poydras Street
Suite 2500
New Orleans, Louisiana 70112
rcs@stanleyreuter.com
tpo@stanleyreuter.com

**/ s / *Danny J. Collier, Jr***

_____
OF COUNSEL