**Greco Properties, Inc.**
4970 SW 72 Avenue.  Suite 102
Miami, Florida. 33150

Honorable Judge. Eldon E. Fallon
U.S. District Court.
Eastern District of Louisiana
500 Poydras Street.
New Orleans, Louisiana. 70130

Re: CDW Settlement Program. Claimant No. 104883   Claim No.7098

Dear Honorable Judge Fallon.

Please forgive us for having taken the liberty of writing directly but being out of options and in difficult financial position, we decided that making you aware of what has happened was our best hope to ever be reimbursed from our lost rent loss. We have also taken the liberty of copying all the parties involved, for them to be aware of where Greco stands in the actions and decisions they have made.

Our sister company, Gregan Construction was hired as the general contractor for this small development and just as it was being finish, the developer ran into financial problems, forcing Gregan to accept payment in kind (one of the units built) in lieu of payment. This was done through the present and only owner of this property Greco Properties, Inc, our sister company. A few months later the Chinese drywall problem surface and Gregan was sued by all the development units owners except us, our lawyers at the time instructed us to not file any action on behalf of Greco to prevent a conflict of interest.

After the settlement agreement was signed by all parties, including Gregan, we, Greco was told by our lawyers, that we could register, and on May 8, 2013 we received from CDW/Brown Greer confirmation of registration. (#1). Enclosures #2,# 3 and # 4 occurs during the month of December 2013 and are that we inform CDW/ Brown Greer that we have completed the refurbishing of the town house unit and ask for reimbursement of the cost (#2). CDW/Brown Greer Administrator tells us that they only dealt with affected properties that have not been remediated and that the claims from remediated properties were being handled by Frilot L.L.C. of New Orleans (#3). This they should have advice un of when Greco made the claim applications, since in it, it had informed CDW/Brown Greer that we were in the process of refurbishing the unit with completion estimated for November 2013. At this point, we contact Frilot (#4) and started the process again. Neither of the two law firms, Brown Greer or Frilot, advice Greco that this course of action would or could result in Greco losing its claim rights for lost rent.

Page 2

On August 18, 2014 Frilot informs us that Knauf was offering $60,335.00 to settle the claims from this property. (#5). It never crossed our mind that this meant not only the refurbishing cost, but also the loss rent claim, that was being handled by Brown Greer. Frilot never identified in their letter which claims they were referring to, as they should. Not only this, but the amount they offered in settlement was the same amount we were claiming for the refurbishing alone.

On August 20, 2014, Frilot sends us the Settlement Agreement for our signature (#6 & #7), but just over an hour later, they send us an e-mail asking us to disregard the document sent and that they would be sending us the corrected copy (#8). Finally, on August 29, 2014 they sent the new copy (#9 & #10) in which they only change Clause II and those changes strip Greco of all its rights to any other claim in perpetuity. On September 10, 2014(#11 & #12) Greco exchanges communications with Frilot in which we explain our position and they, Frilot, answers that after reviewing the matter with colleagues, and that since we had not asserted our claims within the deadline of the original Knauf Class Settlement Agreement, the provisions of the agreement were not applicable to this property.

Finally, in attachment #13 dated October 3, 2014; we inform Brown Greer of the agreement reached with Frilot and send them a copy of the document. They respond November 17, 2014 (#14) saying that they were not aware that we were participating the Already Remediated Homes Program; this of course is an error on their part since a year earlier they had instructed us to follow that avenue with our refurbishing claim in e-mail dated December 17, 2013 (#3).and that in the agreement signed in the Frilot case we had relinquish all our rights to further claims.

As it can be seen, Greco has been trying to navigate this ordeal to the best of its ability, but we have to rely, on the entities administrating the programs to inform the claimants on the best course of action and any pitfall that that course might entail, in this case, they did not. We are perplex with Knauf Class Settlement acceptance that they owed Greco $60,335.00 for the refurbishing and pray on our financial condition and a technicality to deny Greco's lost rents claim, knowing full well that they were as responsible to pay for the refurbishing as they are to pay for the lost rent. Both, these claims are for actual damages sustained by Greco and the reason Knauf was forced to enter the settlement agreement. This action defeats the spirit and the purpose of the settlement negotiated and approved.

The U.S. justice system is fair and logical; we hope that in this case both logic and fairness prevails. We are sorry for taken your time and if there is any other information that might be needed by your people, please contact us.

Sincerely,

Greco Properties, Inc.

12/2/14

Eduardo G. Goudie
Manager

Page 3

<u>Copies to:</u>

Lynn C, Greer. Esq.
Settlement Administrator.
Brown Greer PLC.
250 Rocketts Way.
Richmond, Virginia. 23231

John W. Perry. Esq.
Special Master
Perry, Atkinson, Balhoff, Mengis & Burns. LLC
2141 Quail Run drive.
Baton Rouge. Louisiana.70808

Garrett W. Thalgott. Esq.
Frilot. L.L.C.
1100 Poydras Street.  Suite 3700
New Orleans. Louisiana

<u>Inclusions:</u>

Timeline of Communications.

Copies of Communications

# Communications Timeline.

| Id. | Date | Type of Doc | Sender |
|---|---|---|---|

**#1**   May 08, 2013 5:12 PM  E-Mail Received.       Chinese Dry Wall Settlement Administrator.
Doc. Subject: Brown Greer Settlement Administrator registration confirmation.

**#2**   Dec 17, 2013 8:22 AM  E-Mail Sent          Greco Properties, Inc.
Doc. Subject: Greco Properties informs CDW/Brown Greer that the refurbishing of the property is finish.

**#3**   Dec 17, 2013 11.17AM E-Mail Received     Chinese Dry Wall Settlement Administrator.
Doc Subject: CDW informs Greco Properties that their program is for properties that have not been remediated and referred us to Frilot L.L.C. in New Orleans, La.

**#4**   Dec 18, 2013 11.27AM  E-Mail Sent          Greco Properties, Inc.
Doc. Subject: Greco Properties contacts Frilot L.L.C to start the registration process for the second time.

**#5**   Aug 18, 2014            Regular Mail      Frilot L.L.C.
Doc Subject: Frilot in behalf of Knauf defendants offers $60,335.00 to fully settle the claims related to this property.

**#6**   Aug 20, 2014 3.22 PM    E-Mail w/ Attachment Received.   Frilot L.L.C.
Doc Subject: Settlement agreement with clause protecting claimant rights to loss profits.

**#7**   **Settlement Contract (Version #1). Page 4, Clause II. Release and Indemnification. Paragraph B 1 Reserved Claims. Clearly identifies claims for "Other loss Fund" i.e. Loss Rental Income.**

**#8**   Aug. 20, 2014 3:27PM    E-Mail Received.   Frilot L.L.C.
Doc Subject: They inform us that by mistake they had sent the wrong settlement agreement.

**#9**   Aug. 29, 2014 3.17PM     E-Mail Received    Frilot L.L.C.
Doc. Subject: Attached to the e-mail, a new settlement Agreement w/o protection clause

Page 2..

#10 Version II of the Settlement Agreement. Clause II,
   Totally change from that of Version #1
    *This version re-enforces all the releases that Greco has to gives to "the Knauf
    defendants, by specifically forcing Greco "to assign, transfer and otherwise
    relinquishes any and all of Claimants claims and/or causes of actions claimant
    has or may have". In essence it strips Greco from any rights to claims in
    perpetuity.

#11 Sept 10, 2014 10.46AM E-Mail Sent.
   Doc. Subject: Greco sends Frilot an e-mail explaining that if we accept the new
   Agreement, Greco would lose all rights for the loss income claim being handled by
   Brown Greer PLC.

#12 Sept 10, 2014 1.36PM E-Mail Received Frilot L.L.C.
   Doc Subject:  Frilot asserts that Greco had not asserted their claim to the lost income
   claim against the Knauf Class Settlement Agreement, statement at best a miss-
   representation of the facts.

#13 Oct 3, 2014 8.33Am E-Mail Sent
   Doc Subject: Greco informs CDW/Brown Greer that it has reached a settlement with
   Frilott on the remediation part of our claim and attached copy of the agreement.

#14 Oct 17, 2014 4.35PM E-Mail Received Brown Greer PLC.
   Doc. Subject:  Brown Greer informs us that our claim for lost rent has been denied
   because of the agreement signed for the remediation loss.

**From:** Chinesedrywallregistration [mailto:Chinesedrywallregistration@browngreer.com]
**Sent:** Wednesday, May 08, 2013 5:12 PM
**To:** Federico A. Goudie
**Cc:** 'Eduardo Goudie'
**Subject:** RE: Settlement Registration Confirmation



Good evening,

Thank you for your email.  We can confirm receipt of the Registration Form for Greco Properties for the property located at the following address:

| Taxpayer ID | Street Address | City | State | Zip | Parish / Cou |
|---|---|---|---|---|---|
| 300010493 | 3924 SW 52 Ave. Bldg. 2 Unit C | Pembroke Park | FL | 33023 | Broward County |

Please let us know if you need additional information.

Thank you,

Chinese Drywall Settlement Administrator
**BROWNGREER PLC**
P.O. Box 25401
Richmond, Virginia  23260
Telephone:  (804) 521-7200
Facsimile:  (804) 521-7299
www.browngreer.com

*This electronic mail is intended to be received and read only by certain individuals. It may contain information that is privileged or protected from disclosure by law. If it has been misdirected, or if you suspect you received this in error, please notify me by replying and then delete this message and your reply. These restrictions apply to any attachment to this email.*

---

**From:** Federico A. Goudie [mailto:fgoudie@greganconstruction.com]
**Sent:** Wednesday, May 08, 2013 9:51 AM
**To:** Chinesedrywallregistration
**Cc:** 'Eduardo Goudie'
**Subject:** Settlement Registration Confirmation

Please confirm that Brown & Greer has received the registration form for the following property owner.

Greco Properties, Inc. (EIN No. 300010493)
4970 SW 72 Avenue.  Suite 102  (Miami-Dade County)
Miami, Florida. 33155

Affected property address:

3924 SW 52 Avenue.  Building 2, Unit C  (Broward County)
Pembroke Park, Florida. 33023

Sent the Email confirmation as well as any question regarding this matter to.

> Eduardo G. Goudie
> <egoudie@greganconstruction.com>

**Regards,**

## Federico Goudie

| | |
|---|---|
| **From:** | Federico A. Goudie [fgoudie@greganconstruction.com] |
| **Sent:** | Wednesday, December 18, 2013 11:27 AM |
| **To:** | 'Kyle Spaulding.' |
| **Cc:** | 'Katie i Hamilton.' |
| **Subject:** | FW: Settlement Registration Confirmation |



| | |
|---|---|
| **Follow Up Flag:** | Follow up |
| **Flag Status:** | Completed |

Sir.

As you can see by the e-mails below, Brown Greer has referred us to you, having already remediated the property in question. Please explain what steps have to be taken, to be reimbursed for cost of the work. It seems that we wrongly interpreted that since at the time of submitting our claim, we still had not finish, we sent the billing to Brown Greer.

You can reach me at:

> Fred Goudie
> Greco Properties, Inc
> 4970 SW 72 Ave.  STE 102
> Miami, Fl. 33155
>
> Phone. (305) 663-1122
> e-mail. <fgoudie@greganconstruction.com>

Feel free to contact me.

Regards,

Fred Goudie
Greco Properties, Inc.

---

**From:** CDWQuestions [mailto:CDWQuestions@browngreer.com]
**Sent:** Tuesday, December 17, 2013 11:17 AM
**To:** Federico A. Goudie; CDWQuestions
**Cc:** egoudie@greganconstruction.com
**Subject:** RE: Settlement Registration Confirmation

Dear Federico Goudie,

Records indicate you filed a Knauf Remediation claim and a Lost Rent, Use, or Sales claim.

Claims for Knauf Remediation are for Affected Properties that have not been remediated. Claims for Already Remediated Properties that contained Knauf Drywall are not covered under the Chinese Drywall Settlement Program. We interpret your email below to mean the Affected Property located at 3924 SW 52 Ave. Bldg. 2 Unit C Pembroke Park, FL 33023 was remediated and is therefore not eligible for benefits from the Knauf Remediation claim.

The photos located in Doc ID 151981 indicate the Affected Property contains Knauf Drywall.  Pursuant to Pre Trial Oder 26, claims for already remediated property that contained Knauf Drywall should be negotiated

directly with Knauf through Frilot, LLC, the law firm that represents Knauf in this litigation.  Contact information for Frilot is below.

Kyle A. Spaulding
FRILOT L.L.C.
1100 Poydras Street, Suite 3700
New Orleans, LA 70163
Telephone: 504.599.8249
Facsimile: 504.599.8137
kspaulding@frilot.com

We called your office to discuss other options in the Settlement Program but you were unavailable.   If necessary, please contact us with any additional questions at the number below and request to speak with Katie Hamilton.

Thank you,

Chinese Drywall Settlement Administrator
**BROWNGREER PLC**
P.O. Box 25401
Richmond, Virginia  23260
███████████████████
Facsimile:  (804) 521-7299
www.browngreer.com

*This electronic mail is intended to be received and read only by certain individuals. It may contain information that is privileged or protected from disclosure by law. If it has been misdirected, or if you suspect you received this in error, please notify me by replying and then delete this message and your reply. These restrictions apply to any attachment to this email.*

---

**From:** Federico A. Goudie [mailto:fgoudie@greganconstruction.com]
**Sent:** Tuesday, December 17, 2013 8:22 AM
**To:** CDWQuestions
**Cc:** egoudie@greganconstruction.com
**Subject:** FW: Settlement Registration Confirmation

Dear Sirs,

We, the owners of the below identified property, would like to inform you that the refurbish of that property has been completed and totally paid for by Greco Properties. Accordingly, that part of the settlement that pays for said work should go directly to Greco and not the contractor. Please advise us what documentation , if any, you need.

We'll  like to know when disbursement of damages will begin.

Regards,

Greco Properties, Inc.
c/o <fgoudie@greganconstruction.com>

 LLC

ATTORNEYS AT LAW



Frilot L.L.C.
1100 Poydras Street, Suite 3700
New Orleans, Louisiana 70163
Phone: 504.599.8000
Facsimile: 504.599.8100
www.frilot.com

Garrett W. Thalgott
Phone:    504.599.8247
Fax:        504.619.4984
E-Mail:    gthalgott@frilot.com

August 18, 2014

*Via Mail:  egoudie@greganconstruction.com*

Federico Goudie
Greco Properties
4970 SW 72nd Avenue
Suite 102
Miami, FL  33155

    Re: Greco Properties
       3924 SW 52nd Avenue
       Building C Unit 2
       Pembroke Park, FL  33023

Dear Mr. Goudie:

  We have reviewed the materials that you have provided related to the previously remediated home located at 3924 SW 52nd Avenue, Building C, Unit 2, Pembroke Park, Florida 33023 owned by Greco Properties. After review of the materials that you provided, Knauf hereby offers $60,335.00 to fully settle the claims related to this property. The settlement offered is specified in and fully subject to the release and other applicable provisions in the Settlement Agreement Regarding Post-December 7, 2011 Claims Against the Knauf Defendants in MDL 2047 [Doc. No. 16978-1].

  Please advise as to the acceptance of the offer to Greco Properties.

       Regards,

       Garrett W. Thalgott

GWT/kmg

## Federico Goudie

| | |
|---|---|
| **From:** | Thalgott, Garrett [GThalgott@frilot.com] |
| **Sent:** | Wednesday, August 20, 2014 3:22 PM |
| **To:** | Federico Goudie; Merino, Rene |
| **Cc:** | 'Eduardo Goudie'; Lampard, Peter J. |
| **Subject:** | RE: Chinese Drywall Settlement. |
| **Attachments:** | Greco Properties Inc Settlement Agreement.DOCX |

| | |
|---|---|
| **Follow Up Flag:** | Follow up |
| **Flag Status:** | Completed |

Fred-

I am attaching a settlement agreement for this claim. Please return a signed copy to me. A scanned pdf (please make it a high-quality color scan) is fine.

Please contact me with any questions.

Garrett

Garrett W. Thalgott
Frilot LLC
1100 Poydras, Ste. 3700
New Orleans, LA 70163
Direct: (504) 599-8247
Fax: (504) 619-4984



---

**From:** Federico Goudie [mailto:fgoudie@crawfordresidences.com]
**Sent:** Tuesday, August 19, 2014 9:12 AM
**To:** Merino, Rene
**Cc:** 'Eduardo Goudie'; Thalgott, Garrett
**Subject:** Chinese Drywall Settlement.

Dear Mr. Merino.

We received a settlement offer from Mr. Garret W. Thalgott with your law firm, Greco Properties, Inc. accepts this offer of $60,335.00 to cover the cost of remediating the property at 3924 SW 52 Avenue, Building C, Unit 2. Pembroke Park, Florida. 33023. Please provide us with the release documents and applicable provisions. This release will not cover a claim we have with the Chinese drywall settlement administrator Brown Greer PLC of Richmond, Virginia for lost rental income of said property.

We appreciate all the help your firm and you in particular have given us to reach a satisfactory conclusion to our claim.

Regards,

Fred Goudie



## SETTLEMENT AGREEMENT

This Settlement, Release and Indemnification Agreement ("Agreement") is made and entered into by and among Greco Properties, Inc. ("Claimant"), and Knauf Plasterboard (Tianjin) Co., Ltd. ("KPT"), Knauf Plasterboard (Wuhu) Co. Ltd., Guandong Knauf New Building Material Product Co. Ltd., Knauf International GmbH, Knauf Insulation GmbH (referred to in MDL 2047 as Knauf Insulation USA), Knauf UK GmbH, Knauf AMF GmbH & Co. KG, Knauf do Brasil Ltda., Gebr., Knauf Verwaltungsgesellschaft, PT.Knauf Gypsum Indonesia, and Knauf Gips KG (collectively, the "Knauf Defendants").

WHEREAS, on October 14, 2010, the Knauf Defendants and the MDL Plaintiffs' Steering Committee (the "PSC") in *In re: Chinese Manufactured Drywall Products Liability Litigation*, MDL No. 2047 (the "MDL") entered into a Settlement Agreement for the Demonstration Remediation of Homes with KPT Drywall (the "Demonstration Remediation Agreement") to create a program to remediate homes that contain all or substantially all drywall manufactured by KPT ("KPT Chinese Drywall");

WHEREAS, on December 20, 2011, the Knauf Defendants and the PSC entered into a Settlement Agreement Regarding Claims Against the Knauf Defendants in MDL 2047 [Rec. Doc. 12061-5] in part to resolve claims of property owners who self-remediated their Affected Properties containing KPT Chinese Drywall, or entered into a contract to remediate their Affected Properties prior to the Class Settlement Agreement. Subsequent amendments to the Knauf Class Settlement were filed, with the Fourth Amended Class Settlement Agreement Regarding Claims Against the Knauf Defendants [Rec. Doc. 17165-1] ("Fourth Amended Class Settlement Agreement") being the final and controlling agreement between the Knauf Defendants and the PSC;

WHEREAS, on February 7, 2013, the MDL Court issued an Order granting Final Approval to the  Third Amended Class Settlement Agreement [Rec. Doc. 16570];

WHEREAS, on October 3, 2013, the Knauf Defendants and the PSC filed the Fourth Amended Settlement Agreement Regarding Claims Against the Knauf Defendants in MDL No. 2047, which amends certain sections of the Third Amended Class Settlement Agreement (collectively, the "Knauf Class Settlement Agreement"[1]);

WHEREAS, on November 1, 2013, the MDL Court issued an Order granting Approval of the Fourth Amended Class Settlement Agreement;

WHEREAS, this settlement is pursuant to the Already Remediated Properties Protocol attached as Exhibit A to the Knauf Class Settlement Agreement.

WHEREAS, Claimant has asserted claims against the Knauf Defendants as a result of allegedly reactive KPT Chinese Drywall installed at 3924 SW 52nd Avenue, Building C, Unit 2, Pembroke Park, FL  33023 – Condo Unit (the "Property");

WHEREAS, Claimant represents that Claimant owns the Property and that no other individual or entity has any direct or indirect ownership interest in the Property other than a

---

[1] All capitalized terms have the same definitions as set forth in the Knauf Class Settlement Agreement unless otherwise defined herein.

mortgagee or other lien holder, and Claimant further represents that any such mortgagee or lien holder has not commenced foreclosure proceedings or acquired an ownership interest in such property and that Claimant is not in default on any financial obligations for which the property is security or collateral for repayment of such obligations;

WHEREAS, Claimant represents that reactive KPT Chinese Drywall was found in the Property, and that no Non-KPT Chinese Drywall was installed in the Property;

WHEREAS, Claimant represents that all of the KPT Chinese Drywall has been removed from the Property including all debris and visible dust;

WHEREAS, Claimant represents that all of the information provided in the Owner Disclosure Affidavit and supporting documentation is true and correct to the best of Claimant's knowledge and belief. Claimant further represents that Claimant has supplied all of the documentation requested in the Owner Disclosure Affidavit, to the extent that such documents are in their possession or in the possession of their lawyers;

WHEREAS, Claimant further represents that Claimant is not seeking reimbursement for any upgrades made to the Property during remediation;

WHEREAS, Claimant and the Knauf Defendants have conducted extensive negotiations to settle all claims with respect to the Property;

WHEREAS, the Knauf Defendants, without admitting or conceding any liability or damages whatsoever relating to the KPT Chinese Drywall installed in the Property, have concluded that it is in their best interests to avoid any protracted, time-consuming and costly dispute over the Property;

WHEREAS, Claimant has also concluded that it is in Claimant's best interest to avoid any protracted, time-consuming and costly dispute over the Property;

WHEREAS, the Knauf Defendants and Claimant desire to enter into this Agreement in order to provide certain payment in full and final settlement and discharge of any and all past, present and/or future claims, arising from or related to the installation of allegedly defective plasterboard manufactured by the Knauf Defendants at the Property.

NOW, THEREFORE, in consideration of the foregoing and other good and valuable consideration, the receipt and sufficiency of which each of the undersigned parties acknowledge, the parties hereby agree as follows:

I.    Payment to the Claimant

A.    The Knauf Defendants will pay, within thirty business days of the execution of this Agreement by all parties, the amount of $60,335.00 (the "Knauf Settlement Amount") to Claimant, receipt of said payment in full which is hereby acknowledged and due acquittance and discharge granted.

B.    Claimant agrees and acknowledges that Claimant accepts payment of the Knauf Settlement Amount as a full, complete, final and binding compromise and release of all matters by and between Claimant and the Knauf Defendants.

II.    Release and Indemnification

A.    Claimant unconditionally releases and relinquishes all rights that Claimant has or may have against the Knauf Defendants, the Other Releasees (as that term is defined in Section 1.50 of the Knauf Class Settlement Agreement), and the Supply Chain Defendants arising out of or relating to the claims asserted in the action and/or the KPT Chinese Drywall in the Property, any and all persons or entities who furnished services for, or in any way facilitated or assisted in, the installation of KPT Chinese Drywall in the Property, including without limitation, any actual or potential defendants, including but not limited to importers, contractors, builders, suppliers, designers, real estate agents, hangers, and/or consultants, and their respective insurance carriers; and all of their past, present, and future parents, subsidiaries, affiliates, controlling persons, officers, directors, employees, shareholders, suppliers, distributors, contractors, agents, servants, counsel, and insurers; and all predecessors, successors, assigns, heirs, executors, estate administrators, any person who may have a claim of indemnity or contribution against the Knauf Defendants, Other Releasees, and Supply Chain Defendants and personal representatives of each of the foregoing, separately or collectively. This general release includes without limitation past, present, and future remediation, construction, reconstruction, repair or claims for any and all damages, compensatory and/or punitive and/or other, penalties, costs, expenses, attorney's fees, and interest, pre-judgment and/or post-judgment, and includes those KPT Chinese Drywall-related damages of Claimant of which Claimant is not aware, and those Claimant does not anticipate, with the sole exception of the Reserved Claims defined in Paragraph II (B) below. Other than as to the Reserved Claims, this is a full, final and absolute general release and covenant not to sue.

B.    The following claims are reserved (the "Reserved Claims"):

    1.    **Claims by Claimant for bodily injury and economic injuries solely to the extent that such claims are covered by the Other Loss Fund created by the Knauf Class Settlement Agreement and solely to the extent that Claimant seeks to resolve such claims by participating in the Knauf Class Settlement Agreement;**

    2.    Claims by Claimant's counsel for "Attorneys' Fees" pursuant to section 14 of the Knauf Class Settlement Agreement.

    3.    Claims in connection with the performance of, and any obligations arising under Knauf Class Settlement Agreement.

C.    Except as to the Reserved Claims, Claimant hereby assigns, transfers and otherwise relinquishes to the Knauf Defendants any and all of Claimant's claims and/or causes of action Claimant has, or may have, (1) in connection with the KPT Chinese Drywall in the Claimant's Property, against the Supply Chain

Defendants  and the Other Releasees and (2) in connection with any non-KPT drywall manufactured in China ("Other Chinese Board") found in the Property, if any, against the manufacturers of the Other Chinese Board, Other Releasees, and Supply Chain Defendants (the "Assigned Claims").  The Knauf Defendants shall be permitted to prosecute the Assigned Claims at their own expense, in which case Claimant shall reasonably cooperate in the prosecution of the Assigned Claims.  However, if the Knauf Defendants elect not to prosecute the Assigned Claims, the release in Paragraph II(A) above shall be effective as against whom the Knauf Defendants decline to bring the Assigned Claims.

D.     Except as to the Reserved Claims, as further consideration for the above, Claimant agrees and covenants to forever indemnify, defend and hold harmless the Knauf Defendants, and all of their past, present, and future parents, subsidiaries, affiliates, controlling person, officers, directors, employees, shareholders, suppliers, distributors, contractors, agents, servants, counsel, and insurers from and against all claims and future claims relating to the KPT Chinese Drywall in the Property.

E.     Pursuant to Section 1.1.2 of the Knauf Class Settlement Agreement, Claimant shall be entitled to make a claim for benefits under the Other Loss Fund as defined in Section 1.49 of the Knauf Class Settlement Agreement.

F.     This Agreement shall not prejudice the Claimant or Claimant's counsel with respect to claims for Attorneys' Fees pursuant to section 14 of the Knauf Class Settlement Agreement.

III.     Dismissal of Claims

Counsel for Claimant shall deliver to the Knauf Defendants a Notice of Dismissal with prejudice of any pending actions by Claimant against the parties released herein.  Counsel for Claimant shall take any action necessary to have such dismissal filed and so-ordered by the MDL Court and shall cooperate with the parties released herein in any additional way reasonably necessary to obtain such dismissal with prejudice.  Delivery of the Notice of Dismissal shall be made to Kerry J. Miller, Frilot L.L.C., Suite 3700, 1100 Poydras Street, New Orleans, Louisiana 70163.

IV.     No Admission of Liability

Nothing in this Agreement shall constitute (i) an admission of liability or fault of any kind on the part of the Knauf Defendants, who expressly deny any liability to Claimant and who are entering into this Agreement to avoid the expense and uncertainty of litigation; (ii) an admission of or consent to jurisdiction or waiver of any defenses, jurisdictional or otherwise, except as provided for in the Knauf Class Settlement Agreement; and (iii) consent to service by the Knauf Defendants.  Neither this Agreement nor any agreement shall be admissible in evidence in any proceedings except in an action to enforce the terms of this Agreement.

V.    Consultation With Counsel

Counsel for Claimant represents that, in consultation with counsel, Claimant made Claimant's own independent decision in the exercise of their own free will and judgment to decide to settle Claimant's claims and enter into this Agreement on the terms set forth herein. Through Counsel, Claimant acknowledges that Claimant is familiar with, and received specific legal advice from competent counsel and understands the Agreement, and Claimant intends to hereby fully, finally, and forever settle all past, present, and/or future claims which are the subject of this Agreement.

VI.   Confidentiality

The parties to this Agreement, and every person employed or retained by them who has any knowledge of any term herein, including Claimant on behalf of Claimant, all parents, children, relatives, agents, partners, heirs, administrators, predecessors, successors, affiliates and assigns, shall keep confidential and agree not to disclose to any other party, person, or entity, including, but not limited to, the legal community, the press, or any jury verdict reporter services, the terms of this Agreement, or the details of any settlement negotiations, except as may be required pursuant to a valid subpoena, at the request of a government agency in connection with any investigation it is conducting or as otherwise required by applicable law, and then only to the extent necessary. However, Lead and Liaison Counsel for the PSC will be given an opportunity to review this Agreement.

In addition, Claimant agrees that Claimant will resist all efforts of any person, firm, corporation, or entity who requests information regarding this Agreement or its terms and conditions; and will serve notice to the Knauf Defendants of any attempts by any third party to obtain information regarding this Agreement or its terms and conditions.

The parties agree that the Knauf Defendants will be irreparably harmed and entitled to injunctive relief to enforce the terms of this confidentiality agreement.

VII.  Non-Disparagement

In recognition of the consideration received and receivable pursuant to this Agreement, Claimant agrees that Claimant will not, directly or indirectly, make or cause to be made, any disparaging or derogatory statements which later become public concerning the Knauf Defendants or their affiliates or their respective businesses, products, services, reputations, or prospects, or their respective past or present officers, directors, employees, attorneys and agents.

VIII. Warranty of Capacity to Execute Agreement

Claimant represents and warrants that no other person or entity has or has had any interest in the claims, demands, obligations or causes of action referred to in this Agreement.

IX.   Real Party in Interest – Liens

Claimant represents and warrants that Claimant is the owner, beneficially and of record, of all claims asserted that fall within the scope of the release previously set forth in this

5

Agreement, free and clear of all liens, encumbrances, privileges, security agreements, equities, options, claims, charges, and restrictions.

X.    Jurisdiction and Venue

The Parties expressly agree that the Eastern District of Louisiana, MDL 2047, Judge Eldon E. Fallon, has exclusive personal and subject matter jurisdiction over them to resolve any and all disputes arising from or in connection with this Settlement Agreement. The Parties further agree to the exclusive venue of the Eastern District of Louisiana, MDL 2047, Judge Eldon E. Fallon, for the resolution of any such disputes.

XI.   Governing Law

This Agreement shall be construed and interpreted in accordance with the laws of the State of Florida without regard to its choice or conflicts of law.

XII.  Entire Agreement

This Agreement contains the entire agreement between Claimant and the Knauf Defendants.

XIII. Effectiveness

This Agreement shall become effective immediately following execution by all signatories provided for below.

XIV.  Other Provisions

A.    Claimant understands and acknowledges the significance and consequence of releasing all of Claimant's KPT drywall-related causes of action and/or claims (including presently existing, but unknown, unasserted, unsuspected, or undiscovered KPT drywall-related causes of action and/or claims), and hereby assumes full risk and responsibility for any and all injuries, losses, damages, assessments, penalties, charges, expenses, costs, and/or liabilities that Claimant may hereinafter incur or discover that in any way arise out of or relate to such causes of action. To the extent that any law, statute, ordinance, rule, regulation, case or other such legal provision or authority may purport to preserve Claimant's right hereafter to assert presently existing but unknown, unasserted, unsuspected, or undiscovered KPT drywall-related causes of action and/or claims, which would otherwise be barred by the terms of this Release, Claimant hereby specifically and expressly waives Claimant's rights under such law, statute, ordinance, rule, regulation, case or other such legal provision or authority.

B.    Claimant is bound by this Agreement. Anyone who succeeds to Claimant's rights and responsibilities, including any and all representatives, agents, successors, assigns, beneficiaries, heirs, or executors of Claimant, their estate, or the estate of any of Claimant is also bound. This Agreement is made for the benefit of the Claimant and the parties released herein.

C.  When executed, this Agreement supersedes all prior agreements, negotiations, and discussions between Claimant and the Knauf Defendants and/or their respective counsel with regard to the subject matter of this Agreement.  Any amendment to this Agreement must be in writing, signed by Claimant and the Knauf Defendants, and must specifically state the intent of Claimant and the Knauf Defendants to amend this Agreement.

D.  The provisions of this Agreement are contractual, not mere recitals, and shall be considered severable so if any provision or part thereof shall at any time be held under any law or ruling to be invalid, then such provisions or part thereof shall remain in force to the extent allowed by law, and all other provisions shall remain in full force and effect and enforceable.

XV.  Execution

This Agreement may be executed in multiple counterparts, all of which taken together shall constitute one and the same Agreement. This Agreement shall not be effective until the date that the last party has executed the Agreement.


_____          _____
*On behalf of the Knauf Defendants*           On behalf of Greco Properties, Inc.


Witness: _____              Witness: _____


Print: _____                Print: _____


Dated: _____ _____, 2014            Dated: _____ _____, 2014

7

**Federico Goudie**

| | |
|---|---|
| **From:** | Thalgott, Garrett [GThalgott@frilot.com] |
| **Sent:** | Wednesday, August 20, 2014 3:27 PM |
| **To:** | Federico Goudie; Merino, Rene |
| **Cc:** | 'Eduardo Goudie'; Lampard, Peter J. |
| **Subject:** | RE: Chinese Drywall Settlement. |

| | |
|---|---|
| **Follow Up Flag:** | Follow up |
| **Flag Status:** | Completed |

Fred-

I just realized that I sent you the wrong form. I will send you the correct documents shortly.

Garrett

---

**From:** Thalgott, Garrett
**Sent:** Wednesday, August 20, 2014 2:22 PM
**To:** 'Federico Goudie'; Merino, Rene
**Cc:** 'Eduardo Goudie'; Lampard, Peter J.
**Subject:** RE: Chinese Drywall Settlement.

Fred-

I am attaching a settlement agreement for this claim. Please return a signed copy to me. A scanned pdf (please make it a high-quality color scan) is fine.

Please contact me with any questions.

Garrett

Garrett W. Thalgott
Frilot LLC
1100 Poydras, Ste. 3700
New Orleans, LA 70163
Direct: (504) 599-8247
Fax: (504) 619-4984

---

**From:** Federico Goudie [mailto:fgoudie@crawfordresidences.com]
**Sent:** Tuesday, August 19, 2014 9:12 AM
**To:** Merino, Rene
**Cc:** 'Eduardo Goudie'; Thalgott, Garrett
**Subject:** Chinese Drywall Settlement.

Dear Mr. Merino.

We received a settlement offer from Mr. Garret W. Thalgott with your law firm, Greco Properties, Inc. accepts this offer of $60,335.00 to cover the cost of remediating the property at 3924 SW 52 Avenue, Building C, Unit 2. Pembroke Park, Florida. 33023. Please provide us with the release documents and applicable provisions. This release will not cover a

1

claim we have with the Chinese drywall settlement administrator Brown Greer PLC of Richmond, Virginia for lost rental income of said property.

We appreciate all the help your firm and you in particular have given us to reach a satisfactory conclusion to our claim.

Regards,

Fred Goudie

**Federico Goudie**

| | |
|---|---|
| **From:** | Eduardo Goudie [egoudie@greganconstruction.com] |
| **Sent:** | Monday, November 24, 2014 8:11 AM |
| **To:** | 'Federico Goudie' |
| **Subject:** | FW: Chinese drywall settlement |
| **Attachments:** | Greco Properties, Inc. Settlement Agreement.DOCX |

---

**From:** Thalgott, Garrett [mailto:GThalgott@frilot.com]
**Sent:** Friday, August 29, 2014 3:17 PM
**To:** Federico Goudie
**Cc:** 'Eduardo Goudie'; Lampard, Peter J.
**Subject:** RE: Chinese drywall settlement

Fred-

Sorry for the delay. I am attaching a corrected copy. Please send the signed version to me. Thanks.


Garrett W. Thalgott
Frilot LLC
1100 Poydras, Ste. 3700
New Orleans, LA 70163
Direct: (504) 599-8247
Fax: (504) 619-4984

---

**From:** Federico Goudie [mailto:fgoudie@crawfordresidences.com]
**Sent:** Friday, August 29, 2014 10:18 AM
**To:** Thalgott, Garrett
**Cc:** 'Eduardo Goudie'
**Subject:** RE: Chinese drywall settlement

Dear Mr. Talbot.

Are you going to send the corrected contract today? We will be leaving the office at 2PM, your time. We would like to have this thing signed and return to you today.
Thank You


Fred Goudie

---

**From:** Thalgott, Garrett [mailto:GThalgott@frilot.com]
**Sent:** Monday, August 25, 2014 1:08 PM
**To:** Eduardo Goudie
**Cc:** 'Federico Goudie'
**Subject:** RE: Chinese drywall settlement


Eduardo-

I accidentally sent you the incorrect settlement form. I am working on getting the corrections finished, and should be able to send you a corrected form later this week.

Garrett

Garrett W. Thalgott
Frilot LLC
1100 Poydras, Ste. 3700
New Orleans, LA 70163
Direct: (504) 599-8247
Fax: (504) 619-4984

---

**From:** Eduardo Goudie [mailto:egoudie@greganconstruction.com]
**Sent:** Friday, August 22, 2014 3:20 PM
**To:** Thalgott, Garrett
**Cc:** 'Federico Goudie'; 'Eduardo Goudie'
**Subject:** FW: Chinese drywall settlement

---

**From:** Merino, Rene [mailto:RMerino@frilot.com]
**Sent:** Friday, August 22, 2014 4:08 PM
**To:** Federico Goudie
**Cc:** 'Eduardo Goudie'
**Subject:** RE: Chinese drywall settlement

Hello Mr. Goudie,

Garrett Thalgott will send you the correct release as soon as possible. That is not my department so I could not tell you which release is correct.

Regards,

René

---

**From:** Federico Goudie [mailto:fgoudie@crawfordresidences.com]
**Sent:** Friday, August 22, 2014 6:24 AM
**To:** Merino, Rene
**Cc:** 'Eduardo Goudie'
**Subject:** FW: Chinese drywall settlement

Dear Mr. Merino.

I would like to ask your help finding if the document attached to this e-mail and that we returned signed to Mr. Thalgott is the correct one. Could you please check on this and if it's another one, please send it to us for signing and return to you. Thank you.

Regards,

Fred Goudie

**From:** Federico Goudie [mailto:fgoudie@crawfordresidences.com]
**Sent:** Thursday, August 21, 2014 11:35 AM
**To:** 'GThalgott@frilot.com'
**Cc:** 'Eduardo Goudie'
**Subject:** FW: Chinese drywall settlement

We received an e-mail with an attach settlement agreement and a second one asking us to disregard that e-mail since it had the  wrong agreement, that the correct one would be coming shortly, it has never arrived. I will be leaving the office and on possibility that that second e-mail came to us by mistake, we are sending you the first one duly signed. If you need us to sign a different one please send it and we will get it to you immediately.

Regards,

Fred Goudie

10

## SETTLEMENT AGREEMENT

This Settlement, Release and Indemnification Agreement ("Agreement") is made and entered into by and among Greco Properties, Inc. ("Claimant"), and Knauf Plasterboard (Tianjin) Co., Ltd. ("KPT"), Knauf Plasterboard (Wuhu) Co. Ltd., Guandong Knauf New Building Material Product Co. Ltd., Knauf International GmbH, Knauf Insulation GmbH (referred to in MDL 2047 as Knauf Insulation USA), Knauf UK GmbH, Knauf AMF GmbH & Co. KG, Knauf do Brasil Ltda., Gebr., Knauf Verwaltungsgesellschaft, PT.Knauf Gypsum Indonesia, and Knauf Gips KG (collectively, the "Knauf Defendants").

WHEREAS, on October 14, 2010, the Knauf Defendants and the MDL Plaintiffs' Steering Committee (the "PSC") in *In re: Chinese Manufactured Drywall Products Liability Litigation*, MDL No. 2047 (the "MDL") entered into a Settlement Agreement for the Demonstration Remediation of Homes with KPT Drywall (the "Demonstration Remediation Agreement") to create a program to remediate homes that contain all or substantially all drywall manufactured by KPT ("KPT Chinese Drywall");

WHEREAS, on December 20, 2011, the Knauf Defendants and the PSC entered into a Settlement Agreement Regarding Claims Against the Knauf Defendants in MDL 2047 [Rec. Doc. 12061-5] in part to resolve claims of property owners who self-remediated their Affected Properties containing KPT Chinese Drywall, or entered into a contract to remediate their Affected Properties prior to the Class Settlement Agreement. Subsequent amendments to the Knauf Class Settlement were filed, with the Fourth Amended Class Settlement Agreement Regarding Claims Against the Knauf Defendants [Rec. Doc. 17165-1] ("Fourth Amended Class Settlement Agreement") being the final and controlling agreement between the Knauf Defendants and the PSC;

WHEREAS, on February 7, 2013, the MDL Court issued an Order granting Final Approval to the Third Amended Class Settlement Agreement [Rec. Doc. 16570];

WHEREAS, on August 12, 2013, the Knauf Defendants and the PSC entered into the Settlement Agreement Regarding Post-December 9, 2011 Claims Against the Knauf Defendants in MDL No. 2047 [Rec. Doc. 16978-1] ("New Claims Agreement");

WHEREAS, on October 3, 2013, the Knauf Defendants and the PSC filed the Fourth Amended Settlement Agreement Regarding Claims Against the Knauf Defendants in MDL No. 2047, which amends certain sections of the Third Amended Class Settlement Agreement (collectively, the "Knauf Class Settlement Agreement"[1]);

WHEREAS, on November 1, 2013, the MDL Court issued an Order granting Approval of the Fourth Amended Class Settlement Agreement;

WHEREAS, this settlement is pursuant to paragraph II(B) of the New Claims Agreement and the Already Remediated Properties Protocol attached as Exhibit A to the Knauf Class Settlement Agreement;

---

**1** All capitalized terms have the same definitions as set forth in the Knauf Class Settlement Agreement unless otherwise defined herein.

WHEREAS, Claimant has asserted claims against the Knauf Defendants as a result of allegedly reactive KPT Chinese Drywall installed at 3924 SW 52nd Avenue – Building C, Unit 2, Pembroke Park, FL – Condo Unit (the "Property");

WHEREAS, Claimant represents that Claimant owns the Property and that no other individual or entity has any direct or indirect ownership interest in the Property other than a mortgagee or other lien holder, and Claimant further represents that any such mortgagee or lien holder has not commenced foreclosure proceedings or acquired an ownership interest in such property and that Claimant is not in default on any financial obligations for which the property is security or collateral for repayment of such obligations;

WHEREAS, Claimant represents that reactive KPT Chinese Drywall was found in the Property, and that no Non-KPT Chinese Drywall was installed in the Property;

WHEREAS, Claimant represents that all of the KPT Chinese Drywall has been removed from the Property including all debris and visible dust;

WHEREAS, Claimant represents that all of the information provided in the Owner Disclosure Affidavit and supporting documentation is true and correct to the best of Claimant's knowledge and belief. Claimant further represents that Claimant has supplied all of the documentation requested in the Owner Disclosure Affidavit, to the extent that such documents are in their possession or in the possession of their lawyers;

WHEREAS, Claimant further represents that Claimant is not seeking reimbursement for any upgrades made to the Property during remediation;

WHEREAS, Claimant and the Knauf Defendants have conducted extensive negotiations to settle all claims with respect to the Property;

WHEREAS, the Knauf Defendants, without admitting or conceding any liability or damages whatsoever relating to the KPT Chinese Drywall installed in the Property, have concluded that it is in their best interests to avoid any protracted, time-consuming and costly dispute over the Property;

WHEREAS, Claimant has also concluded that it is in Claimant's best interest to avoid any protracted, time-consuming and costly dispute over the Property;

WHEREAS, the Knauf Defendants and Claimant desire to enter into this Agreement in order to provide certain payment in full and final settlement and discharge of any and all past, present and/or future claims, arising from or related to the installation of allegedly defective plasterboard manufactured by the Knauf Defendants at the Property;

NOW, THEREFORE, in consideration of the foregoing and other good and valuable consideration, the receipt and sufficiency of which each of the undersigned parties acknowledge, the parties hereby agree as follows:

I.    Payment to the Claimant

    A.    The Knauf Defendants will pay, within thirty business days of the execution of this Agreement by all parties, the amount of $60,335.00 (the "Knauf Settlement Amount") to Claimant, receipt of said payment in full which is hereby acknowledged and due acquittance and discharge granted.

    B.    Claimant agrees and acknowledges that Claimant accepts payment of the Knauf Settlement Amount as a full, complete, final and binding compromise and release of all matters by and between Claimant and the Knauf Defendants.

II.   **Release and Indemnification**

    A.    Claimant unconditionally releases and relinquishes all rights that Claimant has or may have against the Knauf Defendants, the Other Releasees (as that term is defined in Section 1.50 of the Knauf Class Settlement Agreement), and the Supply Chain Defendants arising out of or relating to the claims asserted in the action and/or the KPT Chinese Drywall in the Property, any and all persons or entities who furnished services for, or in any way facilitated or assisted in, the installation of KPT Chinese Drywall in the Property, including without limitation, any actual or potential defendants, including but not limited to, importers, contractors, builders, suppliers, designers, real estate agents, hangers, and/or consultants, and their respective insurance carriers; and all of their past, present, and future parents, subsidiaries, affiliates, controlling persons, officers, directors, employees, shareholders, suppliers, distributors, contractors, agents, servants, counsel, and insurers; and all predecessors, successors, assigns, heirs, executors, estate administrators, any person who may have a claim of indemnity or contribution against the Knauf Defendants, the Other Releasees or the Supply Chain Defendants and personal representatives of each of the foregoing, separately or collectively. This general release includes without limitation past, present, and future remediation, construction, reconstruction, repair or claims for any and all damages, compensatory and/or punitive and/or other, penalties, costs, expenses, attorney's fees, and interest, pre-judgment and/or post-judgment, and includes those KPT Chinese Drywall-related damages of Claimant of which Claimant is not aware, and those Claimant does not anticipate. This release shall also include but not be limited to claims for injury, loss or damage that are not explicitly covered by Remediation Fund Benefits, including bodily injury, emotional distress, and economic loss. This is a full, final and absolute general release and covenant not to sue.

    B.    **Claimant hereby assigns, transfers and otherwise relinquishes to the Knauf Defendants any and all of Claimant's claims and/or causes of action Claimant has, or may have,** (1) in connection with the KPT Chinese Drywall in the Claimant's Property, against the Supply Chain Defendants and the Other Releasees and (2) in connection with any non-KPT drywall manufactured in China ("Other Chinese Board") found in the Property, if any, against the manufacturers of the Other Chinese Board, the Other Releasees, and the Supply Chain Defendants (the "Assigned Claims"). The Knauf Defendants shall be permitted to prosecute the Assigned Claims at their own expense, in which case Claimant shall reasonably

cooperate in the prosecution of the Assigned Claims.  However, if the Knauf Defendants elect not to prosecute the Assigned Claims, the release in Paragraph II(A) above shall be effective as against whom the Knauf Defendants decline to bring the Assigned Claims.

C.    As further consideration for the above, Claimant agrees and covenants to forever indemnify, defend and hold harmless the Knauf Defendants, and all of their past, present, and future parents, subsidiaries, affiliates, controlling person, officers, directors, employees, shareholders, suppliers, distributors, contractors, agents, servants, counsel, and insurers from and against all claims and future claims relating to the KPT Chinese Drywall in the Property.

D.    This Agreement shall not prejudice the Claimant or Claimant's counsel with respect to claims for Attorneys' Fees pursuant to section VI of the New Claims Agreement.

III.    Dismissal of Claims

Counsel for Claimant shall deliver to the Knauf Defendants a Notice of Dismissal with prejudice of any pending actions by Claimant against the parties released herein.  Counsel for Claimant shall take any action necessary to have such dismissal filed and so-ordered by the MDL Court and shall cooperate with the parties released herein in any additional way reasonably necessary to obtain such dismissal with prejudice.  Delivery of the Notice of Dismissal shall be made to Kerry J. Miller, Frilot L.L.C., Suite 3700, 1100 Poydras Street, New Orleans, Louisiana 70163.

IV.    No Admission of Liability

Nothing in this Agreement shall constitute (i) an admission of liability or fault of any kind on the part of the Knauf Defendants, who expressly deny any liability to Claimant and who are entering into this Agreement to avoid the expense and uncertainty of litigation; (ii) an admission of or consent to jurisdiction or waiver of any defenses, jurisdictional or otherwise, except as provided for in the New Claims Agreement and the Knauf Class Settlement Agreement; and (iii) consent to service by the Knauf Defendants.  Neither this Agreement nor any agreement shall be admissible in evidence in any proceedings except in an action to enforce the terms of this Agreement.

V.    Consultation With Counsel

Counsel for Claimant represents that, in consultation with counsel, Claimant made Claimant's own independent decision in the exercise of their own free will and judgment to decide to settle Claimant's claims and enter into this Agreement on the terms set forth herein.  Through Counsel, Claimant acknowledges that Claimant is familiar with, and received specific legal advice from competent counsel and understands the Agreement, and Claimant intends to hereby fully, finally, and forever settle all past, present, and/or future claims which are the subject of this Agreement.

VI.    Confidentiality

The parties to this Agreement, and every person employed or retained by them who has any knowledge of any term herein, including Claimant on behalf of Claimant, all parents, children, relatives, agents, partners, heirs, administrators, predecessors, successors, affiliates and assigns, shall keep confidential and agree not to disclose to any other party, person, or entity, including, but not limited to, the legal community, the press, or any jury verdict reporter services, the terms of this Agreement, or the details of any settlement negotiations, except as may be required pursuant to a valid subpoena, at the request of a government agency in connection with any investigation it is conducting or as otherwise required by applicable law, and then only to the extent necessary.  However, Lead and Liaison Counsel for the PSC will be given an opportunity to review this Agreement.

In addition, Claimant agrees that Claimant will resist all efforts of any person, firm, corporation, or entity who requests information regarding this Agreement or its terms and conditions; and will serve notice to the Knauf Defendants of any attempts by any third party to obtain information regarding this Agreement or its terms and conditions.

The parties agree that the Knauf Defendants will be irreparably harmed and entitled to injunctive relief to enforce the terms of this confidentiality agreement.

VII.   Non-Disparagement

In recognition of the consideration received and receivable pursuant to this Agreement, Claimant agrees that Claimant will not, directly or indirectly, make or cause to be made, any disparaging or derogatory statements which later become public concerning the Knauf Defendants or their affiliates or their respective businesses, products, services, reputations, or prospects, or their respective past or present officers, directors, employees, attorneys and agents.

VIII.  Warranty of Capacity to Execute Agreement

Claimant represents and warrants that no other person or entity has or has had any interest in the claims, demands, obligations or causes of action referred to in this Agreement.

IX.    Real Party in Interest – Liens

Claimant represents and warrants that Claimant is the owner, beneficially and of record, of all claims asserted that fall within the scope of the release previously set forth in this Agreement, free and clear of all liens, encumbrances, privileges, security agreements, equities, options, claims, charges, and restrictions.

X.     Jurisdiction and Venue

The Parties expressly agree that the Eastern District of Louisiana, MDL 2047, Judge Eldon E. Fallon, has exclusive personal and subject matter jurisdiction over them to resolve any and all disputes arising from or in connection with this Settlement Agreement. The Parties further agree to the exclusive venue of the Eastern District of Louisiana, MDL 2047, Judge Eldon E. Fallon, for the resolution of any such disputes.

XI.     Governing Law

This Agreement shall be construed and interpreted in accordance with the laws of the State of Florida without regard to its choice or conflicts of law.

XII.    Entire Agreement

This Agreement contains the entire agreement between Claimant and the Knauf Defendants.

XIII.   Effectiveness

This Agreement shall become effective immediately following execution by all signatories provided for below.

XIV.    Other Provisions

A.      Claimant understands and acknowledges the significance and consequence of releasing all of Claimant's KPT drywall-related causes of action and/or claims (including presently existing, but unknown, unasserted, unsuspected, or undiscovered KPT drywall-related causes of action and/or claims), and hereby assumes full risk and responsibility for any and all injuries, losses, damages, assessments, penalties, charges, expenses, costs, and/or liabilities that Claimant may hereinafter incur or discover that in any way arise out of or relate to such causes of action. To the extent that any law, statute, ordinance, rule, regulation, case or other such legal provision or authority may purport to preserve Claimant's right hereafter to assert presently existing but unknown, unasserted, unsuspected, or undiscovered KPT drywall-related causes of action and/or claims, which would otherwise be barred by the terms of this Release, Claimant hereby specifically and expressly waives Claimant's rights under such law, statute, ordinance, rule, regulation, case or other such legal provision or authority.

B.      Claimant is bound by this Agreement. Anyone who succeeds to Claimant's rights and responsibilities, including any and all representatives, agents, successors, assigns, beneficiaries, heirs, or executors of Claimant, their estate, or the estate of any of Claimant is also bound. This Agreement is made for the benefit of the Claimant and the parties released herein.

C.      When executed, this Agreement supersedes all prior agreements, negotiations, and discussions between Claimant and the Knauf Defendants and/or their respective counsel with regard to the subject matter of this Agreement. Any amendment to this Agreement must be in writing, signed by Claimant and the Knauf Defendants, and must specifically state the intent of Claimant and the Knauf Defendants to amend this Agreement.

D.      The provisions of this Agreement are contractual, not mere recitals, and shall be considered severable so if any provision or part thereof shall at any time be held under any law or ruling to be invalid, then such provisions or part thereof shall remain in force to the extent allowed by law, and all other provisions shall remain in full force and effect and enforceable.

6

XV.   Execution

This Agreement may be executed in multiple counterparts, all of which taken together shall constitute one and the same Agreement. This Agreement shall not be effective until the date that the last party has executed the Agreement.

_On behalf of the Knauf Defendants_                  On behalf of Greco Properties, Inc.

Witness: _____                  Witness: _____

Print: _____                    Print: _____

Dated: _____ _____, 2013                  Dated: _____ _____, 2013

**Federico Goudie**

| | |
|---|---|
| **From:** | Thalgott, Garrett [GThalgott@frilot.com] |
| **Sent:** | Wednesday, September 10, 2014 1:36 PM |
| **To:** | Federico Goudie |
| **Cc:** | 'Eduardo Goudie' |
| **Subject:** | RE: Chinese Drywall Settlement. |



| | |
|---|---|
| **Follow Up Flag:** | Follow up |
| **Flag Status:** | Completed |

Fred-

I spoke with my colleagues here, and the issue lies with the definition of a class member of the original Knauf Class Settlement Agreement. Because you did not assert a claim for this properties within the deadlines outlined in the original Knauf Class Settlement, the provisions of that agreement are not now applicable to this property. Therefore, we cannot reserve any Other Loss Fund claims, including those for lost rentals. The claim for this property is governed by the Post-December 2011 Settlement Agreement, which does not contain any provision for lost rentals, and calls for the release of all claims.

In short, we can still consummate the settlement for the remediation costs, but it is too late to submit Other Loss Fund claims because Greco Properties was not a member of the class for the Original Knauf Settlement Agreement.

Garrett

---

**From:** Federico Goudie [mailto:fgoudie@crawfordresidences.com]
**Sent:** Wednesday, September 10, 2014 10:46 AM
**To:** Thalgott, Garrett
**Cc:** 'Eduardo Goudie'
**Subject:** Chinese Drywall Settlement.



Dear Mr. Thalgott,

Last Friday, when we inform you that Greco Properties was claiming lost rental income in a separate claim to the Chinese Drywall Settlement Program being administrated by Brown Greer PLC in Richmond, VA, you were caught by surprise . Be aware, it was they who asked us to contact Frilot LLC to filed our claim for the remediation cost re-imbursement and they (Brown Greer) would handle the lost income part of Greco's claim. As we explain to you, we have been in this back and forth since 2008, during the recession and we are near the end of our financial capabilities.

We need an answer, as we would have to take steps to protect our interest, if Frilot continues to ask for release of all future liabilities under the Chinese Drywall Settlement Program not specifying that the settlement being offered is for the cost of remediating the property and doesn't covers lost rental income. Please, understand although patience is a virtue, we can't survive on virtue alone.

Regards

Fred Goudie

1

**Federico Goudie**

| | |
|---|---|
| **From:** | Federico Goudie [fgoudie@crawfordresidences.com] |
| **Sent:** | Friday, October 03, 2014 8:33 AM |
| **To:** | 'Katie Sanderson' |
| **Cc:** | 'Eduardo Goudie' |
| **Subject:** | RE: Lost Rent Claim.- Chinese Drywall Settlement Program. |
| **Attachments:** | MX-4501N_20141003_114808.pdf |

| | |
|---|---|
| **Follow Up Flag:** | Follow up |
| **Flag Status:** | Completed |

(13)

Dear Mrs. Hamilton-Sanderson.

First, I notice that you have added Sanderson to your name. If you have marry, congratulations.

Second, I am writing to inform you that the law firm that was handling some of the construction refurbish claims, Frilott LLC of New Orleans, just concluded the settlement between the Knauf defendants and Greco Properties.(see attached correspondence) This settlement confirms that the construction company, Gregan, had use Chinese drywall in the construction of the townhouse and the Greco's claim for compensation of the refurbishing was proper, legal and meet and passed all the requirements for their claim to be settle in Greco Properties favor.

Our question is, **How can the Knauf Defendants agree and pay for a refurbishing claim in a property and deny the lost rents claim on that same property?**
We think that the Special Master should be made aware of this development and that this event be taken into consideration before a decision is made in our Appeal of Lost Rents, Use or Sale. Claim ID 9784 for the property below identified.

Sorry to be giving you all this trouble.

Regards,

Fred Goudie

**From:** Katie Sanderson [mailto:khamiltonsanderson@browngreer.com]
**Sent:** Tuesday, August 19, 2014 4:08 PM
**To:** 'Federico Goudie'
**Cc:** 'Eduardo Goudie'
**Subject:** RE: Lost Rent Claim.- Chinese Drywall Settlement Program.

Hi Mr. Goudie,

Records indicate you requested an Appeal of the Lost Rent, Use or Sales claim, claim ID 9784, for property located at 3924 SW 52 Ave. Bldg. 2 unit C. The Appeal is currently awaiting review and should be reviewed soon. After review it will go to the Special Master for final determination. I'm unable to provide a definite timeframe on when the Special Master when make a final determination.

Thank you,
Katie

**From:** Federico Goudie [mailto:fgoudie@crawfordresidences.com]
**Sent:** Tuesday, August 19, 2014 9:09 AM
**To:** Katie Sanderson

1

**Cc:** 'Eduardo Goudie'
**Subject:** Lost Rent Claim.- Chinese Drywall Settlement Program.

Dear Ms. Hamilton.

Could you please update us in our claim for lost rental income, this is Brown Greer  ID. information:

| | | | |
|---|---|---|---|
| Claimant: | Greco Properties, Inc. | | |
| Representative: | Federico A. Goudie | | |
| Claimant ID: | 104883 | Claim ID: | 9784 |
| Claim Type: | Lost Rent, Use or Sales | Affected Property ID: | 7098 |

Affected Property Address:    3924 SW 52 Avenue. Bldg 2, Unit C
Pembroke Pines, Florida. 33023

Regards,

Fred Goudie

**Federico Goudie**

| | |
|---|---|
| **From:** | Katie Sanderson [ksanderson@browngreer.com] |
| **Sent:** | Monday, November 17, 2014 4:35 PM |
| **To:** | Federico Goudie |
| **Subject:** | RE: Chinese drywall lost rent claim.   Claimant No. 104883  Claim No. 7098 |
| **Attachments:** | ARH - Goudie.pdf |

(14)

Mr. Goudie,

The attached Release that we just received 11/5/14 releases your rights to a Lost Rent claim in the Settlement Program.  When I was communicating with you earlier this year I did not know that you would participate in the Already Remediated Homes Program and work out a settlement with Knauf.  Section II A (page 3) of the attached Release relinquishes your rights against the Knauf defendants and any Builder, Supplier and/or Installer.

The Lost Rent claim you filed in the Settlement Program will ultimate be denied because of this Release. Please contact me if you have any questions.

Thank you,
Katie

---

**From:** Federico Goudie [mailto:fgoudie@crawfordresidences.com]
**Sent:** Monday, November 17, 2014 9:41 AM
**To:** Katie Sanderson
**Subject:** Chinese drywall lost rent claim. Claimant No. 104883 Claim No. 7098

Katie.

Any news?. Just checking.

Regards,

Greco Properties, Inc.
Fred Goudie

---

This email is free from viruses and malware because avast! Antivirus protection is active.

1