UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: CHINESE-MANUFACTURED DRYWALL PRODUCTS LIABILITY LITIGATION | * * * | MDL No. 2047 |
| | * | SECTION L |
| THIS DOCUMENT RELATES TO | * | JUDGE FALLON |
| | * | MAG. JUDGE WILKINSON |
| Braxton H. Collins, et al., vs. Bass Homes, Inc., Et al.; S.D. Mississippi, C.A. No. 1:13-00297 | * * | **Case No.: 13-6652** |

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: CHINESE-MANUFACTURED DRYWALL PRODUCTS LIABILITY LITIGATION | * * * | MDL No. 2047 |
| | * | SECTION L |
| THIS DOCUMENT RELATES TO | * | JUDGE FALLON |
| | * | MAG. JUDGE WILKINSON |
| Jason S. Herrington, et al., vs. Bass Homes, Inc., Et al.; S.D. Mississippi, C.A. No. 1:13-00297 | * * | **Case No.: 13-6653** |

## **MOTION TO RECONSIDER**

Come now the Third-Party Defendants Pensacola Stevedore Company, Inc. and Pate Stevedore Company, Inc. (the "Stevedore Third-Party Defendants") and request this Court to reconsider its orders dated December 8, 2014, in the Herrington and Collins actions, granting Plaintiffs' Motion to Substitute Pate Stevedore and Pensacola Stevedore for fictitious defendants 2 and 3. As and for grounds, the Stevedore Third-Party Defendants would state as follows:

1. On December 4, 2014, Plaintiffs e-filed Motions for Substitution of Pensacola Stevedore and Pate Stevedore for fictitious defendants 2 and 3 and Proposed Orders with the Court. (Docs. 18177/18178). However, Plaintiffs did not submit said motions for service through Lexis/Nexis and Stevedore Third-Party Defendants were never otherwise served with the motions. A copy of the case history search from November 20, 2014 to December 8, 2014,

of documents uploaded on Lexis/Nexis in the Herrington and Collins actions are attached as Exhibit "A" and "B" to the Brief filed in Support of the motion herewith.[1]

2. On December 8, 2014, the Court entered Orders granting these Motions to Substitute. (Docs. 18184/18185).

3. Until this Court's orders were received through Lexis/Lexis, Third-Party Stevedore Defendants were unaware of said motions having been filed and, therefore, had no opportunity to file a response.

4. Had Third-Party Stevedore Defendants been aware of these motions, they would have filed their opposition to said motions on the following grounds:

    a. The attempted substitution of Stevedore Third-Party Defendants for certain fictitious defendants in these two actions is a futile act because this Court lacks personal jurisdiction over the Stevedore Third-Party Defendants;

    b. The attempted "substitution" of the Stevedore Third-Party Defendants for fictitious defendants 2 and 3 is a futile act because the plaintiffs' complaints fail to state a claim for relief against any fictitious defendant upon which relief can be granted;

    c. The attempted substitution of the Stevedore Third-Party Defendants for fictitious defendants is improper because plaintiffs were not ignorant of the identity of Stevedore Third-Party Defendants at the time they filed their actions, and any fictitious defendants were due to be dismissed after 120 days from the removal of these actions to federal district court;

---

[1] Earlier, on November 20, 2014 and November 24, 2014, respectively, Plaintiffs Herrington and Collins served copies of "Notices of Substitution" and Proposed Orders through Lexis/Nexis (Transaction ID Nos. 56369630/56382503). The Stevedore Third-Party Defendants filed no response to these Notices because (a) Plaintiffs had not filed any motion seeking leave to file any amendments or substitutions to the Complaint and (b) the Notices of Substitution themselves were never filed with the Court.

  d. Any attempted substitution of the Stevedore Third-Party Defendants for fictitious defendants 2 and 3 is a futile act because any claims against Pensacola Stevedore/Pate Stevedore are now barred by the applicable statute of limitations.

 5. Stevedore Third-Party Defendants file concurrently herewith a Brief in Support of this Motion for Reconsideration.

 **WHEREFORE**, the premises considered, Stevedore Third-Party Defendants would request this Court reconsider its Order dated December 8, 2014, and upon reconsideration deny said motions.

       Respectfully submitted,

       s/s  William W. Watts, III
       S. WELSEY PIPES, V.
       Alabama Bar No. ASB6226-P71S
       WILLIAM W. WATTS, III
       Alabama Bar No. ASB5095-S67W
       ATTORNEYS FOR STEVEDORE THIRD-
       PARTY DEFENDANTS

**OF COUNSEL:**
PIPES, HUDSON & WATTS, L.L.P.
P.O. Box 989
Mobile, AL  36601-0989
PH: 251-432-7200
FX: 251-432-0073
bill@pipeshudsonwatts.com
wesley@pipeshudsonwatts.com

## **CERTIFICATE OF SERVICE**

 I HEREBY CERTIFY that on the 11th day of December 2014, the foregoing has been electronically filed with the Clerk of the Court of the United States District Court for the Eastern District of Louisiana by using the EM/ECF System which will send a notice of electronic filing in accordance with the procedures established in MDL 09-2047 and upon all parties by electronically uploading the same to Lexis/Nexis File & Serve in accordance with Pretrial Order No. 6, to the following:

Case 2:09-md-02047-EEF-MBN   Document 18194   Filed 12/11/14   Page 4 of 4


| | |
|---|---|
| Danny J. Collier, Jr., Esq. | Lewis Robert Shreve, Esq. |
| Stephen W. Mullins, Esq. | Heather M. Houston, Esq. |
| Caroline Pryor, Esq. | David C. Coons, Esq. |
| Christopher A. D'Amour, Esq. | Gary J. Russo, Esq. |

                                  s/s  William W. Watts, III
                                  WILLIAM W. WATTS, III