UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: CHINESE-MANUFACTURED DRYWALL PRODUCTS LIABILITY LITIGATION | * * * * | MDL No. 2047 |
| THIS DOCUMENT RELATES TO | * * | SECTION L JUDGE FALLON MAG. JUDGE WILKINSON |
| Braxton H. Collins, et al., vs. Bass Homes, Inc., Et al.; S.D. Mississippi, C.A. No. 1:13-00297 | * * | **Case No.: 13-6652** |

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: CHINESE-MANUFACTURED DRYWALL PRODUCTS LIABILITY LITIGATION | * * * * | MDL No. 2047 |
| THIS DOCUMENT RELATES TO | * * | SECTION L JUDGE FALLON MAG. JUDGE WILKINSON |
| Jason S. Herrington, et al., vs. Bass Homes, Inc., Et al.; S.D. Mississippi, C.A. No. 1:13-00297 | * * | **Case No.: 13-6653** |

## BRIEF IN SUPPORT OF MOTION TO RECONSIDER

Comes now the Third-Party Defendants Pensacola Stevedore Company, Inc. ("Pensacola Stevedore") and Pate Stevedore Company, Inc. ("Pate Stevedore") (collectively the "Stevedore Third-Party Defendants") and file the following Brief in Support of their Motion for Reconsideration of this Court's Orders of December 8, 2014, granting Plaintiffs' Motions to Substitute Pensacola Stevedore and Pate Stevedore for fictitious parties, as alleged in their respective complaints.

The Stevedore Third-Party Defendants' never received notice of the plaintiffs' Motions because they were never uploaded to the Lexis/Nexis server, as reflected on the case history search forms attached as Exhibits "A" and "B" hereto. Therefore, Stevedore Third-Party Defendants had no opportunity to respond to these motions prior to this Court's granting of the

motions. Had the Stevedore Third-Party Defendants had such an opportunity they would have opposed said motions on the grounds that they are futile acts because: (a) no personal jurisdiction exists over Pensacola Stevedore and Pate Stevedore; (b) the Complaints fail to state a claim for relief against any fictitious defendant; (c) substitution for fictitious parties is not available under the circumstances and (d) on their face, the plaintiffs' claims against Stevedore Third-Party Defendants are now barred by the applicable statute of limitations.

If a complaint, as amended, will be subject to dismissal, leave to amend need not be granted. Pan Islamic Trade Corp. v. Exxon Corp., 632 F.2d 539, 546 (5th Cir. 1980); Deloach v. Woodlea, 405 F.2d 496 (5th Cir. 1969); Macklin-Ducre v. Reynolds Service Corp., 2005 WL 711594, *1 (E.D.La. March 15, 2005). For reasons identified below, the complaints, as amended by the substitution of Pensacola Stevedore or Pate Stevedore for fictitious defendants 2 or 3, will be subject to dismissal. Therefore, the motion to allow these substitutions should be denied.

**I.**

**NO PERSONAL JURISDICTION EXISTS OVER PENSACOLA STEVEDORE AND PATE STEVEDORE**

Pensacola Stevedore and Pate Stevedore have previously filed a Motion to Dismiss the third-party claims of Ace Home Center on the grounds of lack of personal jurisdiction over them. The same due process limits preclude the assertion of personal jurisdiction over Pensacola Stevedore and Pate Stevedore on any claims filed by the plaintiffs. The Stevedore Third-Party Defendants refer to and by this reference adopt herein the brief and evidentiary materials filed in support of their motion to dismiss the third-party claims of Ace Home Center for lack of personal jurisdiction over them. Neither general nor specific jurisdiction exists over the Stevedore Third-Party Defendants in Mississippi for any claims arising out of its sale of drywall in Pensacola, Florida to Ace Home Center, a hardware store in Robertsdale, Alabama.

## II.

## THE COMPLAINTS CONTAIN NO DESCRIPTION OF ANY WRONGDOING BY ANY FICTITIOUS DEFENDANT AND FAIL TO STATE A CLAIM FOR RELIEF AGAINST ANY SUCH FICTITIOUS DEFENDANT

The proposed "substitution" of any named party for any fictitious party alleged in the plaintiffs' complaints will be a futile act because those complaints fail to describe any wrongdoing by any fictitious defendant and fail to state any claim of relief against any fictitious defendant. Even under liberal rules of notice pleading, a defendant is entitled to know the nature of the claims a plaintiff is asserting against him.

The only allegation made against any fictitious defendant, in either the Herrington or the Collins complaints, is in the preface to the complaint and in ¶4, which both simply state:

> "Fictitious defendants 1 through 150 are those Producer Defendants, Distributor Defendants, Builder Defendants, and Alter-Ego Defendants whose identities and true names are currently unknown to the Plaintiffs, who therefore sues a Fictitious Defendants 1 through 150 by such fictitious names."

The complaint contains no further description of a "Producer Defendant," "Distributor Defendant," "Builder Defendant," or "Alter-Ego Defendant,." or what any of them did or failed to do. Nor is there even an allegation against any "fictitious" defendant, or any allegation of any wrongdoing by any fictitious defendant. If any of the substitutions were made, as plaintiffs desire, such substitutions would fail to state a claim upon which relief could be granted against any such substituted party, and would be due to be dismissed under Rule 12(b)(6), F.R.C.P.

## III.

## SUBSTITUTION FOR A FICTITIOUS PARTY IS NOT AVAILABLE IN THIS CASE

**A.     Plaintiffs Cannot "Substitute" Pensacola Stevedore Or Pate Stevedore For Fictitious Defendants Because They Were Not Ignorant Of Their Identities At The Time They Filed Their Action**

3

Assuming *arguendo* this court would adopt the provisions of rule 9(h) of the Mississippi Rules of Civil Procedure, permitting fictitious party practice,[1] that provision is not applicable, and cannot serve to justify the plaintiffs' "substitution" of parties whose identities were known to the plaintiffs as of the time their complaints were filed. M.R.C.P., Rule 9(h) provides:

> "When a party is <u>ignorant</u> of the name of an opposing party and so alleges in his pleading, the opposing party may be designated by any name, and when his true name is discovered the process and all pleadings and proceedings in the action may be amended by substituting the true name and giving proper notice of the opposing party." (Emphasis added)

Indeed, to be " ignorant" of the identities of parties, in the sense contemplated by Rule 9(h), the plaintiff must have exercised a "reasonably diligent inquiry" to discover those identities. <u>T. Doe v. Mississippi Blood Services, Inc.</u>, 704 So.2d 1016, 1018-19 (Miss. 1997) (citing <u>Womble v. Singing River Hospital</u>, 618 So.2d 1252, 1266-68 (Miss. 1993)). And, after learning of those identities, the plaintiff must not unreasonably delay in substituting the named defendant for a fictitious one. *See* <u>Anderson v. Alps Automotive, Inc.</u>, 51 So.3d 929 (Miss. 2010) (nine month delay in amending complaint to substitute true name for fictitious party, after learning of defendant's identity, was unreasonable and exhibited lack of due diligence).

The identity and nature of the activities of Pensacola Stevedore d/b/a Pate Stevedore, in connection with its sale of drywall to Ace Home Center, and Ace Home Center's sale of drywall to Bass Homes, has been publicly available information known to the plaintiffs long before the filing of their actions in Mississippi on August 12, 2013 (Herrington) and July 16, 2013 (Collins). Both the Collins and the Herringtons were named plaintiffs in the <u>Wiltz</u> putative class

---

[1] Cases from the Fifth Circuit and federal district courts in Mississippi have held that substituting a defendant for a fictitious party does not fall within the purview of the relation back principles of Rule 15(c)(1)(C) because such a substitution is not a "mistake" but a failure to identify the correct defendant and, therefore, there is no relation back. *See* <u>Jacobsen v. Police Officer Osborne</u>, 133 F.3d 315, 321-22 (5th Cir. 1998); <u>Johnson v. Burnett</u>, 2011 WL 976579 (S.D.Miss. March 17, 2011); <u>Vibrock v. Peerless Conveyor & Mfg. Corp.</u>, 2009 WL 1663437 (N.D.Miss. June 15, 2009).

action complaint filed in this Court in February of 2010. That action named as defendants Bass Homes and Ace Hardware Corporation, among others. Ace Home Center filed its Distributor Profile Form in the MDL proceedings on or about March 18, 2011, identifying Pensacola Stevedore/Pate Stevedore as the source of the drywall it purchased. A copy of that Distributor Profile Form is attached hereto as Exhibit "C". Pensacola Stevedore d/b/a Pate Stevedore, being sued itself in a number of putative class actions filed in this Court, also filed a Distributor Profile Form, available to all plaintiffs in the MDL proceedings, on or about August 5, 2010. This Distributor Profile, attached hereto as Exhibit "D", clearly identifies the sale of drywall to Ace Home Center. (Ex. "D", Addendum IV).

Further evidence that the plaintiffs were not ignorant of the identity of Pensacola Stevedore, and its connection with Ace Home Center and Bass Homes, is revealed by their counsel's responses to discovery in the state court action of Wiggins v. Ace Home Center, CV-13-900145, filed on August 19, 2013 in Escambia County, Alabama. Attached hereto as Exhibit "E" is a true and correct copy of portions of Plaintiff Greg Wiggins' interrogatory responses, served more than seven months ago on May 8, 2014, revealing highly detailed knowledge of the transactions surrounding the drywall purchased by Ace Home Center from Pensacola Stevedore and then sold by Ace Home Center to Bass Homes. This evidence was gleaned from discovery, including the 30(b)(6) depositions of Ace Home Center, Pate Stevedore, and Pensacola Stevedore in several consolidated actions commenced in 2009 in Baldwin County, Alabama against Pensacola Stevedore/Pate Stevedore, Ace Home Center, Bass Homes, Fireman's Fund, and others arising out of the drywall alleged to be at issue in these actions generally known as the Langham litigation. There is no way to read the eighteen-page summary of testimony gleaned from at least nine depositions describing the transactions involving the drywall without

concluding Plaintiffs' counsel knew all of the parties in the chain of custody when the response was filed, and probably long before then.

Given the readily available information as to source of the drywall purchased by the party they sued in these MDL proceedings in 2010, which any reasonably diligent search would have discovered, Plaintiffs were not "ignorant" of the identities of Pensacola Stevedore or Pate Stevedore at the time they filed these actions. Moreover, there has clearly been an unreasonable delay in amending the complaint to substitute Pensacola Stevedore and/or Pate Stevedore because the discovery responses filed by their own counsel some seven months ago demonstrates actual and detailed knowledge of all of the drywall transactions between Pensacola Stevedore, Ace Home Center and Bass Homes.

> B. **Plaintiffs Did Not Move To Amend Their Complaint to Identify And Name Fictitious Defendants Within 120 Days of Removal Thus Requiring The Dismissal Of All Such Claims**

Rule 81(c), F.R.C.P., states that the Federal Rules of Civil Procedure "apply to a civil action after it is removed from a state court." F.R.C.P., Rule 4(m) provides:

> "If a defendant is not served within 120 days after the complaint is filed, the court – on motion or on its own after notice to the plaintiff – must dismiss the action without prejudice against that defendant or order that service be made within a specified time."

Under Rule 15(c)(1)(C), an amendment which changes the party or the naming of the party against whom a claim is asserted must be made within the period provided by Rule 4(m) in order for such a claim to relate back to the date of the original pleading. Under federal practice in Mississippi, where the plaintiff has not, within 120 days of filing, moved to amend a complaint to identify named fictitious defendants, dismissal of those defendants is in order. *See* Clark v. McMillin, 932 F.Supp. 789, 794 (S.D.Miss. 1996) (and cases cited therein); Vibrock v. Peerless Conveyor & Mfg. Corp., 2009 WL 1663437, *3 (N.D.Miss. June 15, 2009). In such

circumstances, the plaintiff cannot meet the requirements under Rule 15(c)(1)(C) for relation back of any such amendments substituting named parties for fictitious ones. Vibrock, 2009 WL 1663437, *3.

The removal of these cases to federal district court occurred on July 16, 2013 (Collins) and August 12, 2013 (Herrington). Plaintiffs' Motions for Substitution were filed on December 4, 2014, more than 120 days after removal of these actions. The fictitious party allegations were due to be dismissed long ago and are no longer available to the plaintiffs for substitution and relation back.

## IV.

### ANY CLAIMS ALLEGED IN THE COMPLAINTS THAT COULD CONCEIVABLY BE CLAIMS AGAINST PENSACOLA STEVEDORE/PATE STEVEDORE ARE BARRED BY THE STATUTE OF LIMITATIONS

As the MDL transferee forum under 28 U.S.C., §1407, this Court must apply the law of the forum of the transferor court, including its choice of law rules. *See* In re Vioxx Prod. Liab. Litigation, 478 F.Supp.2d 897, 903 (E.D.La. 2007); *see* Ferens v. John Deere Co., 494 U.S. 516, 110 S.Ct. 1274 (1990) (under §1404, transferee forum must apply law of transferor court regardless of which party initiates transfer). This includes the statute of limitations to be chosen by the transferor court. In re Zyprexa Prod Liab. Litigation, 277 FRD 243, 249 (E.D.N.Y. 2011). *See* Cowan v. Ford Motor Co., 713 F.2d 100, 104, n.6 (5th Cir. 1983) (dealing with transfer under §1404(a)). Mississippi courts generally treat statutes of limitations as procedural and thus apply domestic limitations periods. Huss v. Gayden, 571 F.3d 442, 450 (5th Cir. 2009); Allison v. IT Imperial Corp., 928 F.2d 137, 144 (5th Cir. 1991).

In the complaints filed by Collins and Herrington, the only claims that could conceivably apply to a remote seller of the drywall used in the construction of their homes, such as Pensacola

7

Stevedore/Pate Stevedore, would be Count II for negligence (assuming *arguendo* such a remote seller would even owe a duty to the purchaser of a residence built with that drywall) and Count III for breach of implied warranties of fitness for a particular purpose and merchantability (assuming *arguendo* a purchaser of a residence has a claim under the UCC for the sale of drywall incorporated into the residence).  Count IV alleges failure to comply with the New Home Warranty Act under Mississippi law.  Count V alleges the failure to procure a warranty in the sale of the home to the plaintiffs.  Count VI is for declaratory relief with respect to the rights and status of the parties under the contract of sale of the residence.  Count VII is failure to warn of hidden hazards in the home.  Count VIII is for fraud against Bass Homes in its sale of the home to Plaintiffs.  Count IX is for intentional or negligent representation in the sale of the home.  Count X is for a breach of the warranty of fitness in the sale of the home.  Count XI is for unjust enrichment due to the failure to disclose to Plaintiffs the use of allegedly defective Chinese drywall in the construction of the home.  Count XII is alleging third-party beneficiary status with respect to the contracts between Bass Homes and its subcontractors.  Count XIII is for deceptive trade practices under Mississippi law.  Count XIV is for respondeat superior of the agents or employees of the defendants involved with the construction or repair of the home.  Count XV is for constructive fraud with respect to the matters alleged.  Count XVI is for a private nuisance created by the condition of their home.  Count XVII seeks "compensatory damages" for all of the above claims.  Count XVIII seeks punitive damages for all of the above claims.  Count XIX alleges various kinds of compensatory damages by reason of the aforesaid conduct.

Tort claims for negligence are governed by a three year statute of limitations under Mississippi law, commencing from the date of discovery of, or the date reasonable diligence should have discovered, any latent injury or disease.  *See* §15-1-49, Miss. Code.  The

Herringtons allege in their complaint that they determined that their residence was built with defective Chinese drywall in January of 2010. (Amended Comp., ¶ 13). The Collins allege that they determined their residence was built with defective Chinese drywall in November of 2009. (Amended Comp., ¶ 13). Both the Collins and the Herringtons in fact brought suit as named plaintiffs in the Wiltz class action complaint filed on February 10, 2010. Thus, any claims against Pensacola Stevedore or Pate Stevedore for negligence are now time barred and, indeed, were time barred even at the time the plaintiffs filed these actions originally in Mississippi on August 12, 2013 (Herrington), and July 16, 2013 (Collins).

An action for the breach of any contract for the sale of goods, including a claim for breach of implied or express warranties, must be commenced within six years "after the cause of action has accrued. Section 75-2-725(1), Miss. Code. " A cause of action accrues when the breach occurs, regardless of the aggrieved party's lack of knowledge of the breach." Section 75-2-725(2). A breach of warranty occurs "when tender of delivery is made."[2] Id.

Any implied warranties flowing out of the sale of the drywall from Pensacola Stevedore to Ace Home Center occurred at the time of delivery of that drywall. Pensacola Stevedore sold drywall to Ace Home Center in September and October of 2006. *See* Affidavit of Mike Pate filed herein on October 30, 2014, as Exhibit "1" to the Brief filed by Stevedore Third-Party Defendants in Support of their Motion to Dismiss for Lack of Personal Jurisdiction. (Doc. 18089-2). Any cause of action on a breach of an implied warranty arising out of a sale by

---

[2] When a warranty "explicitly extends to future performance of the goods and discovery of the breach must await the time of such performance, the cause of action accrues when the breach is or should have been discovered." Section 75-2-725, Code of Miss. To come within this future performance exception, the warranty must explicitly promise or guarantee future performance of the goods in a clear, unambiguous and unequivocal fashion. Crouch v. General Electric Co., 699 F.Supp. 585 (S.D.Miss. 1988). An implied warranty does not meet the requirement of explicitly relating to future performance of goods. Id. *See also* Rutland v. Swift Chemical Co., 351 So.2d 324 (Miss. 1977) ("Explicit" means something express or clearly stated and is more than merely implied, for purposes of §75-2-725(2)).

Pensacola Stevedore to Ace Home Center accrued at the time of the delivery of the drywall to Ace Home Center. Any claim seeking recovery based upon a breach of that warranty must have been filed no later than six years thereafter, i.e., before November of 2012. Even if the claims filed by Plaintiffs against Pensacola Stevedore/Pate Stevedore related back to the date the lawsuits were originally filed, neither of these actions were commenced before November of 2012. Any claims for breach of implied warranty by the plaintiffs are now barred by the statute of limitations.

In summary, considering all of the claims filed by the plaintiffs which could conceivably apply to Pensacola Stevedore/Pate Stevedore, and assuming *arguendo* such theories of liability could even be applied to such remote sellers of drywall incorporated into Plaintiffs' residence, all such claims are now time barred under Mississippi law. Any motion to substitute Pensacola Stevedore or Pate Stevedore for fictitious defendants 2 and 3 would therefore be a futile act because the claims are subject to dismissal as untimely.

        Respectfully submitted,

        s/s  William W. Watts, III
        S. WELSEY PIPES, V.
        Alabama Bar No. ASB6226-P71S
        WILLIAM W. WATTS, III
        Alabama Bar No. ASB5095-S67W
        ATTORNEYS FOR STEVEDORE THIRD-PARTY DEFENDANTS

**OF COUNSEL:**
PIPES, HUDSON & WATTS, L.L.P.
P.O. Box 989
Mobile, AL  36601-0989
PH:    251-432-7200
FX:    251-432-0073
bill@pipeshudsonwatts.com
wesley@pipeshudsonwatts.com

## CERTIFICATE OF SERVICE

I HEREBYCERTIFY that on the 11th day of December 2014, the foregoing has been electronically filed with the Clerk of the Court of the United States District Court for the Eastern District of Louisiana by using the EM/ECF System which will send a notice of electronic filing in accordance with the procedures established in MDL 09-2047 and upon all parties by electronically uploading the same to Lexis Nexis File & Serve in accordance with Pretrial Order No. 6, to the following:

| | |
|---|---|
| Danny J. Collier, Jr., Esq. | Lewis Robert Shreve, Esq. |
| Stephen W. Mullins, Esq. | Heather M. Houston, Esq. |
| Caroline Pryor, Esq. | David C. Coons, Esq. |
| Christopher A. D'Amour, Esq. | Gary J. Russo, Esq. |

                                        s/s  William W. Watts, III
                                        WILLIAM W. WATTS, III