UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: CHINESE-MANUFACTURED DRYWALL PRODUCTS LIABILITY LITIGATION | ) ) ) ) | MDL NO. 2047 SECTION: L |
| THIS DOCUMENT RELATES TO: (2:10-cv-00340) | ) ) ) ) ) | JUDGE FALLON MAG. JUDGE WILKINSON |

### MEMORANDUM IN SUPPORT OF STATE OF LOUISIANA'S MOTION TO APPROVE ALTERNATIVE SERVICE OF PROCESS

Given the Taishan Defendants'[1] well-documented and repeated efforts to evade service of process, the State of Louisiana hereby requests an order approving alternative service of process on these entities pursuant to Fed. R. Civ. P. 4(f). Specifically, the State requests that service be permitted upon United States' counsel for the Taishan Defendants.

### A.  FACTS

The State of Louisiana filed its original petition in state court on January 4, 2010. The petition was successfully served (via the Hague Convention) on each of the named Knauf Defendants and each of the named Taishan Defendants, except for BNBM. BNBM repeatedly refused to accept service of the State's petition. *See* Ex. A.

The State's petition was removed to this Court on February 8, 2010, and, on March 8, 2010, the State filed a motion for remand. In early 2014, the Court set up a schedule to address the remand motion, and on September 17, 2014, the State moved to withdraw its motion for remand and to file a second amended petition. The Court granted the motion to withdraw and to

---

[1] The "Taishan Defendants" include: Taishan Gypsum Co. Ltd. ("TG"); Taian Taishan Plasterboard Co. Ltd. ("TTP"); Beijing New Building Materials Public Limited Co. ("BMBN"); Beijing New Building Materials (Group) Co. Ltd ("BNBM Group"); China National Building Material Co. Ltd ("CNBM"); and China National Building Materials Group Corporation. ("CNBM Group").

- 2 -

amend the petition, and the State is now attempting to serve its Second Amended and Restated Petition ("Amended Petition").

The State has already served a copy of the Amended Petition on the defendants that were served with a summons and the original petition. This was done by serving counsel pursuant to Fed. R. Civ. P. 5(b)(1). The State's Amended Petition, however, also names four foreign defendants that were either not served with the original petition (BNBM), or were not named in the original petition (BMBM Group, CNBM, CNBM Group, and Gerbruder Knauf Verwaltungsgesellschalft, KG ("GKV")). Counsel for the State has (repeatedly) requested that these entities waive formal service of process by accepting service upon their counsel. *See* Fed. R. Civ. P. 4(d) ("An individual, corporation, or association that is subject to service . . . *has a duty to avoid unnecessary expenses of serving the summons.*) (emphasis added). These entities, however, have refused to waive service.

As such, the State has translated its Amended Petition into German and Simplified Chinese, and is in the process of serving GKV through the Hague Convention. The State is also prepared to attempt service on the unserved Taishan Defendants through the Hague Convention. However, given the refusal by these entities to accept service of process through the Hague Convention of similar complaints (including the State's original petition naming BNBM as a defendant), the State respectfully moves this Court for an order approving alternative service of process.

There can be little doubt that the Taishan Defendants have attempted to avoid service of process. BNBM has twice refused to accept service (under the Hague Convention) of the State's original petition, and each of the remaining Taishan Defendants have refused to accept service of complaints similar to the State's. *See, e.g.,* Ex. B. Moreover, given the Taishan Defendants'

- 2 -

efforts at evading service, on June 24th of this year, the Plaintiff's Steering Committee ("PSC") moved this Court for an order approving alternative service on these same Taishan Defendants. [Dkt. 17782]. Given the Taishan Defendants' well-documented efforts to avoid service, the Court granted the motion the day after it was filed. [Dkt. 17790]. Because neither the PSC's motion nor the order granting it specifically apply to the State's Amended Petition, the State makes this motion seeking the same relief previously granted by this Court.

### B. ARGUMENT

#### 1. The Federal Rules of Civil Procedure Apply to the State's Amended Petition.

Once a case has been removed to federal court, the Federal Rules of Civil Procedure govern. See Fed. R. Civ. Pro. 81(c)(1); *Bush v. Allstate Ins. Co.*, 425 F.2d 393 (5th Cir. 1970) *certiorari denied* 400 U.S. 833 *reh'g denied* 400 U.S. 985; *Texas Employers Ins. Ass'n v. Felt*, 150 F.2d 227, 231 (5th Cir. 1945) ('Therefore, we do not need to distinguish between state and federal procedural law except to say that removal procedure is governed by federal statutes and that after the cause has been removed the procedure is governed by the federal rules."); *Grivas v. Parmelee Transp. Co.*, 207 F.2d 334, 337 (7th Cir. 1953) (a removed case is "subject to the same rules of procedure as if it had been originally sued in that court."). As such, service of the State's summons and Amended Petition is governed by the Federal Rules of Civil Procedure.

#### 2. Service on Domestic Counsel Is Appropriate and Comports with Due Process.

Rule 4(h) requires that a foreign corporation, if it cannot be served in a judicial district within the United States, be served "in any manner prescribed by Rule 4(f) for serving an individual, except personal delivery." Fed. R. Civ. P. 4(h). Rule 4(f) allow for service "by any internationally agreed means of service . . such as those authorized by the Hague Convention . . ."). *Id.* 4(f)(1). Rule 4(f) also provides for service "by other means not prohibited by

- 3 -

international agreement, as the court orders." *Id.* 4(f)(3).  A court is "afforded wide discretion in ordering service of process under Rule 4(f)(3)." *BP Prods. N. Am., Inc. v. Dagra*, 236 F.R.D. 270, 271 (E.D. Va. 2006).  The Rule "provides the Court with flexibility and discretion empowering courts to fit the manner of service utilized to the facts and circumstances of the particular case." *Id.*

All that is required to issue an alternative service order is that (1) the order must not "be prohibited by international agreement," Fed. R. Civ. P. 4(f)(3), and (2) the order must comport with Due Process, *Volkswagenwerk*, 486 U.S. at 707.  *See also U.S. Commodity Futures Trading Comm'n v. Lake Shore Asset Mgmt. Ltd.*, No. 07 C 3598, 2008 WL 4299771, at *4 (N.D. Ill. Sept. 17, 2008).  Both prerequisites are met in this case.

First, there is no international agreement preventing service on domestic counsel for a foreign entity.  *See, e.g., Richmond Techs., Inc. v. Aumtech Bus. Solutions*, No. 11-CV-02460-LHK, 2011 WL 2607158, at *13 (N.D. Cal. July 1, 2011) ("Nothing in the Hague Convention prohibits [service on a foreign defendant's U.S.-based counsel]."); *RSM Production Corp. v. Fridman*, No. 06 Civ. 11512(DLC), 2007 WL 2295907, at *3 (S.D.N.Y. Aug.10, 2007) ("The Hague Service Convention does not prohibit an order pursuant to Rule 4(f)(3) permitting service through American counsel.").  In fact, service on a foreign entity on its U.S.-based counsel "is a common form of service ordered under Rule 4(f)(3)." *Richmond Techs.*, 2011 WL 2607158, at *13.

Second,  to meet the Due Process standard, the method of service ordered by the district court must be "reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *Mullane v. Cent. Hanover Bank & Trust Co.,* 339 U.S. 306, 314 (1950).  In this case, the Taishan

Defendants' counsel have been representing their clients for more than four years, and have taken an active role in litigating these Chinese drywall cases. There is no doubt that there has been considerable communication between the Taishan Defendants and counsel and that counsel can "apprise [the Taishan Defendants] of the pendency of the action . . ." *Id. See also* Hogan Lovell's Reply Memo. In Support of Mot. to Withdraw as Counsel of Record at pp. 5-7 (acknowledging that Hogan Lovells can be appointed to receive service of process on behalf of Taishan Defendants even if the Court grants its motion to withdraw and affirming that Hogan Lovells "has been forwarding to the Taishan Defendants the Court activity that has occurred since receiving the discharge notice."). Moreover, the State has translated the Amended Petition into Simplified Chinese, making it easier for the Taishan Defendants to "present their objections" to the petition. Thus, the standards of Due Process will be met (and exceeded) by service of a translated Amended Petition on the Taishan Defendant's counsel.

> **3.     An Alternative Service Order Is Appropriate Even if the State Has Not Attempted Service on Each of the Defendants Pursuant to the Hague Convention.**

As noted in the PSC's motion, "there is 'no hierarchy among the subsections in Rule 4(f)'" Mot. at 6 quoting *Advanced Aerofoil Techs., AG v. Todaro*, 2012 WL 299959, at *1 (S.D.N.Y. Jan. 31, 2012), and "numerous courts have authorized alternative service under Rule 4(f)(3) even where the Hague Convention applies" *id.* at 7 quoting *Richmond Techs.,* 2011 WL 2607158, at *12 (citing cases). Thus, this Court can (and should) grant the State's motion, even without a showing that the State has unsuccessfully sought to serve each of the Taishan Defendants via the Hague Convention. This conclusion follows for at least two reasons.

First, it is unclear whether the Hague Convention is even applicable to the State's attempt to effectuate service. "The only transmittal to which the [Hague] Convention applies is a transmittal abroad that is *required as a necessary part of service.*" *Volkswagenwerk*

- 5 -

*Aktiengesellschaft v. Schlunk*, 486 U.S. 694, 707 (1988) (emphasis added). "Where service on a domestic agent is valid and complete under both state law and the Due Process Clause, our inquiry ends and the Convention has no further implications." *Id.* Under Louisiana law, service of process is made upon "any one of [the defendant's] agents." LSA-C.C.P. Art. 1261. And, when a legal proceeding has already commenced, an attorney who has appeared on behalf of the entity is appropriately an agent subject to service of process. *Doe v. Delta Women's Clinic of Baton Rouge*, 37 So. 3d 1076, 1079 (La. Ct. App. 2010) *writ denied,* 45 So. 3d 1055 (La. 2010). As such, service on the Taishan Defendant's domestic counsel is valid under state law. Additionally, "the Due Process Claus does not require an official transmittal of documents abroad every time there is service on a foreign national." *Volkswagenwerk*, 486 U.S. at 707. Instead, service must be "reasonably calculated, under all the circumstances" to give the parties' notice of the suit. *Id.* (quoting *Mullane*, 339 U.S. at 314). As discussed, *supra*, counsel for the Taishan Defendants have communicated and are continuing to communicate with their clients and therefore can apprise them (and likely already have apprised them) of the State's Amended Petition. As such, Due Process is satisfied and service on counsel is appropriate.

Second, although some courts have required that a plaintiff attempt to serve a foreign defendant that resides in a country that is a signatory to the Hague Convention[2] via the Hague Convention before authorizing alternative service of process, *see, e.g., Devi v. Rajapaska,* No. 11 CIV. 6634 NRB, 2012 WL 309605, at *2 (S.D.N.Y. Jan. 31, 2012), both the rule and rationale are inapplicable to this case. The rule is inapplicable because (1) it has not been adopted by this Court or the Fifth Circuit, (2) the rule is a judicial creation not found in the Federal Rules of

---

[2] China is a signatory to the Hague Convention. *See In GLG Life Tech Corp. Sec. Litig.* , 287 F.R.D., 262, 265 (S.D.N.Y. 2012) (citingTreaty Affairs Staff, Office of the Legal Adviser, U.S. Dep't of State, *Treaties in Force: A List of Treaties and Other International Agreements of the United States in Force on January 1, 2011* 394–95).

Civil Procedure, *see, e.g., id.* at *1, and (3) the rule (as most often cited and applied by the district courts) does not actually require attempted service via the Hague Convention, only a showing that (a) plaintiffs have "reasonably attempted to effectuate service on the defendant," and (b) the court's intervention is necessary." *See id.* (citing cases). Thus, even if this latter rule were applicable, it is met in this case.

Moreover, the rationale for the rule is "to prevent parties from whimsically seeking alternate means of service and thereby increasing the workload of the courts." *In GLG Life Tech Corp.*, 287 F.R.D. at 266 (quoting *Ryan v. Brunswick Corp.*, 2002 WL 1628933, at *2 (W.D.N.Y. May 31, 2002)).[3] That rationale is simply inapplicable in this case. The State is already serving GKV pursuant to the Hague Convention, and would be more than willing to do likewise with the Taishan Defendants *if there were reason to believe that service would be effective.* In cases such as this, where (1) one of the Taishan Defendants has already twice rejected service of the original petition, (2) the remaining Taishan Defendants have rejected service of similar complaints seeking damages for defendants' defective drywall, (3) counsel for the Taishan Defendants have actively participated in the drywall litigation in this court and can provide notice of the State's Amended Petition to the Taishan Defendants, and (4) the Amended Petition has been translated into Simplified Chinese to better allow the Taishan Defendants to respond to its allegations, there is no reason to require the State to attempt service on the Taishan Defendants under the Hague Convention before receiving an order granting alternative service of process.

---

[3] Notably, the court in *GLG Life Tech Corp* rejected a hard and fast rule that "a court must always require a litigant to first exhaust the potential for service under the Hague Convention before granting an order permitting alternative service under Rule 4(f)(3)." *Id. see also* Wright & Miller, 4B *Federal Practice & Procedure: Civil* 3d § 1134, at 333 (2002) ("The only proscription on the district court's discretion is that the method not be prohibited by international agreement.")

### C. CONCLUSION

For the aforementioned reasons, the Court should grant the State's motion and enter the attached order providing for service of process of the summons and Amended Petition on the Taishan Defendants via service on their U.S.-based attorneys.

Dated: December 17, 2014

Respectfully submitted,

**JAMES D. "BUDDY" CALDWELL**
**LOUISIANA ATTORNEY GENERAL**

James Trey Phillips, BarRoll# 19978
Sanettria Glasper Pleasant, BarRoll# 25396
L. Christopher Styron, BarRoll# 30747
Assistant Attorneys General
**LOUISIANA DEPARTMENT OF JUSTICE**
1885 North Third Street
Post Office Box 94005
Baton Rouge, Louisiana 70804-9005
Telephone: (225) 326-6000

**Shows, Cali & Walsh, LLP**
E. Wade Shows, BarRoll# 7637
John C. Walsh, BarRoll# 24903
628 St. Louis St.
P. O. Drawer 4425
Baton Rouge, LA 70821
Telephone : (225) 346-1461

    s/ David L. Black
**Perkins Coie, LLP**
David L. Black
Craig M. J. Allely
Duston K. Barton
1900 Sixteenth Street, Suite 1400
Denver, CO 80202
(303) 291-2300
COUNSEL FOR THE STATE OF LOUISIANA