**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

```
---------------------------------------------------------------     :
IN RE:  CHINESE-MANUFACTURED                         :        MDL NO. 2047
DRYWALL PRODUCTS LIABILITY                           :
LITIGATION                                           :        SECTION:  L
---------------------------------------------------------------     :
THIS DOCUMENT RELATES TO:                            :        JUDGE FALLON
                                                     :
ALL CASES                                            :        MAG. JUDGE WILKINSON
                                                     :
                                                     :
                                                     :
                                                     :
---------------------------------------------------------------     :
```

**DEFENDANTS' LIAISON COUNSEL'S RESPONSE TO GRECO PROPERTIES, INC.'S**
**LETTER BRIEF REQUESTING REIMBURSEMENT FOR LOST RENTS**

NOW COMES Defendants' Liaison Counsel, who submits this memorandum in response to the letter brief filed by Eduard Goudie on behalf of Greco Properties, Inc. (Rec. Doc. 18190-1).

## BACKGROUND

Greco Properties, Inc. (hereinafter referred to as "Greco") submitted claims to Brown Greer related to property located at 3924 SW 52nd Avenue, Building 2, Unit C, Pembroke Park, FL 33023 prior to the claim submission deadline of October 25, 2013. The property had been previously remediated by Greco and therefore qualified as an Already Remediated Property pursuant to the terms of the Settlement Agreement Regarding Post-December 9, 2011 Claims Against the Knauf Defendants in MDL-2047 (Rec. Doc. 16978-1) (hereinafter referred to as the "Beane Settlement").

Greco and Knauf reached an amicable settlement of the Already Remediated Property claim pursuant to the procedures outlined in the Already Remediated Properties Protocol. Knauf

tendered a settlement check to Greco. Greco accepted the check and subsequently acknowledged receipt of the settlement proceeds in writing on September 30, 2014.

<strong><u>ARGUMENT</u></strong>

**I.      Greco is not entitled to reimbursement for lost rents.**

**a.      Greco is not a member of the settlement class of the Knauf Class Settlement.**

The Other Loss Fund of the Knauf Class Settlement compensates Commercial Owners for "economic loss for a period not to exceed three months, arising from the inability to use or rent Affected Property during remediation…" *See* Third Amended Settlement Agreement Regarding Claims Against the Knauf Defendants in MDL No. 2047 (hereinafter referred to as the "Knauf Class Settlement"), section 4.7.1.2, Rec. Doc. 16407-3. However, Greco does not meet the definition of a Class Member of the Knauf Class Settlement because Greco never filed a lawsuit as a named Plaintiff in any action to assert claims related to KPT Chinese Drywall.[1] Because Greco is not a member of the settlement class of the Knauf Class Settlement, Brown Greer correctly denied Greco's claim for Other Loss Fund Benefits.

**b.      The Beane settlement specifically excluded Other Loss Fund claims.**

Greco submitted its claim for reimbursement of remediation expenses to Brown Greer after December 9, 2011 but prior to October 25, 2013. Therefore, the terms of the Beane Settlement apply to Greco's claims. The Beane Settlement explicitly specifies that the provisions of Section 4.7 of the Knauf Class Settlement shall not apply to Claimants who participate in the Settlement. Beane Settlement Agreement, Sec. II.F., pg. 3 (Rec. Doc. 16978-1). Greco

---

1 *See* section 1.1.2 of the Knauf Class Settlement, pg. 1.

participated in the Beane Settlement, and is therefore not entitled to reimbursement for lost rent claims because the terms of the Beane Settlement preclude reimbursement for such claims.

      **c.    Greco agreed to release all claims related to KPT Chinese Drywall when it settled its Already Remediated Property claim with Knauf.**

Greco settled its Already Remediated Properties claim with Knauf. Both Greco and Knauf signed confidential settlement documents, Knauf tendered payment of the full settlement amount, and Greco accepted Knauf's tender as full and final resolution of all of its KPT claims. The terms of the Bean Settlement Agreement are unequivocal: Claimants that receive benefits under the agreement release the Knauf Defendants from any claims arising from the presence of KPT Chines Drywall in the Claimant's Affected Property, including claims for lost rents. Beane Settlement Agreement, Sec. V.A., pg. 5. Greco participated in the Beane Settlement and received settlement benefits, and has therefore released all of its claims related to KPT Chinese Drywall, including claims for lost rents.

## CONCLUSION

Brown Greer correctly denied Greco's lost rent claims because the Beane settlement, in which Greco participated, specifically excludes lost rents claims. Greco is not and has never been a class member in the Knauf Class Settlement. Moreover, Greco has now settled its claims with Knauf by participating in the Beane Settlement and receiving benefits as an owner of Already Remediated Property. By so doing, Greco has released all claims related to KPT Chinese Drywall, including those for reimbursement of lost rents.

      Respectfully submitted,

      /s/  Kerry J. Miller
      Kerry J. Miller (LA Bar No. 24562)
      Kyle A. Spaulding (LA Bar No. 29000)

3

**FRILOT L.L.C.**
1100 Poydras Street, #3800
New Orleans, LA 70162
Phone: (504)599-8000
Fax: (504)599-8100
kmiller@frilot.com

*Defendants' Liaison Counsel*

## CERTIFICATE OF SERVICE

I hereby certify that the above and foregoing pleading has been served on all parties by electronically uploading the same to LexisNexis File & Serve in accordance with Pre-Trial Order No. 6, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2047 on this 5th day of January, 2015.

/s/  Kerry J. Miller