# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF LOUISIANA

-----------------------------------------------------------------x

IN RE:

CHINESE MANUFACTURED DRYWALL PRODUCTS LIABILITY LITIGATION

MDL NO. 2047
SECTION: L

Case 2:09-md-02047-EEF-JCW

JUDGE FALLON

MAG. JUDGE WILKINSON

-----------------------------------------------------------------x

THIS DOCUMENT RELATES TO:
ALL CASES AND

*Payton, et al. v. Knauf Gips KG, et al.*
Case No. 2:09-cv-07628 (E.D. La.)

*Gross, et al. v. Knauf Gips KG, et al.*
Case No. 2:09-cv-06690 (E.D. La.)

*Rogers, et al. v. Knauf Gips KG, et al.*
Case No. 2:10-cv-00362 (E.D. La.)

*Abreu, et al. v. Gebrueder Knauf
Verwaltungsgesellschaft KG, et al.*
Case No. 2:11-cv-00252 (E.D. La.)

*Block, et al. v. Gebrueder Knauf
Verwaltungsgesellschaft KG, et al.*
Case No. 2:11-cv-2349 (E.D. La.)

*Arndt, et al. v. Gebrueder Knauf
Verwaltungsgesellschaft KG, et al.*
Case No. 2:11-cv-2349 (E.D. La.)

*Cassidy, et al. v. Gebrueder Knauf
Verwaltungsgesellschaft KG, et al.*
Case No. 2:11-cv-3023 (E.D. La.)

*Vickers, et al. v. Knauf Gips KG, et al.*
Case No. 2:09-cv-04117

-----------------------------------------------------------------x

## FIRST AMENDED MOTION FOR RELIEF FROM ORDER RELATED TO DEADLINE FOR FILING PROOF OF DAMAGES

Claimant, ZHI XIONG CHEN, by and through his undersigned counsel and Pursuant to Rule 60, Federal Rules of Civil Procedure, hereby files his First Amended Motion for Relief from Order and moves this Court to enter an Order Granting him Relief from the Prior Order of this Court which set a deadline for filing a damage claim and in support would say the following:

1. Claimant timely filed (On or before October 25, 2013) his registration form, his verification form and his W-9 and submitted them to the Claims Administrator; this is an undisputed fact.

2. Claimant also pursued a Florida State Law Claim against his builder, RJM Builders, Inc., for breach of contract; this claim is still pending in the state court in Florida.

3. Additionally Claimant made a claim to his homeowner's insurance company, Olympus, which claim was denied based on lack of coverage.

4. Claimant was unaware due to mistake, inadvertence, surprise, or excusable neglect, that the Court had entered an Order establishing a deadline for submitting proof of his **damages**; as previously stated, it is undisputed that Claimant filed his registration form and his W-9 in a timely manner; Claimant saw nothing in the order requiring him to file his damages by a time certain.  Claimant was in possession of the relevant documents (contract with RJM Builders, Inc. showing square footage of his home), report of expert related to presence of Chinese drywall, photographs depicting damage and estimate of cost to repair at the time he submitted his initial filings and could have submitted them at that time, but had seen nothing in the Court file requiring him to do so by a time certain. What

Claimant never had was information that RJM Builders, Inc., had filed claims in this litigation because RJM Builders, Inc. never notified Chen of its activity in this litigation even after it was served with the state law suit which clearly claimed damage due to defective Chinese drywall. Claimant was simply not aware that any order had been entered requiring him to submit his proof of damages. Only after inquiry to the Claims Administrator did undersigned counsel learn that an order requiring damage information by a date certain had been entered.

5. When Claimant learned the he had missed this deadline, he filed his original motion for Relief from said Order with supporting Memorandum of Law.

6. Since filing his Motion for Relief, Claimant has determined that his builder, RJM Builders, Inc. had submitted other claims for Chinese drywall which became a part of the Global Settlement (see spread sheet attached).

7. Since filing his Motion for Relief, Claimant has submitted additional materials to the Claims Administrator in support of his claim including the following:

   a. His contract with RJM Builders, Inc. showing the layout of his property and the square footage of the structure built by RJM Builders, Inc.

   b. Report from Foreman with estimate for repair related to its opinion that Chinese Drywall exists in movant's home.

   c. Photos of damage to interior of the home

   d. Proof of service in the State Court proceeding on RJM Builders, Inc., showing service on it in December, 2011.

8. RJM Builders, Inc. was represented in these proceedings, based on information received by movant, by Attorney Ryan K. Hilton, Tampa, FL. Claimant's counsel has attempted to contact Attorney Hilton, but has not been successful in speaking with him and has left voice mail and e mail messages but has not yet received a response. It is unknown if RJM Builders, Inc. notified Attorney Hilton when it was served with Movant's state court lawsuit.

9. RJM Builders, Inc. failed to notify this Court of the claim of Mr. Chen even though it had actual knowledge of the claim based upon the allegations of the state court proceedings in Florida and Claimant's service of process on it in December, 2011, long before the cut off order was entered by this Court.

10. The claims administrator has confirmed with movant's counsel that RJM Builders, Inc. is a part of the Global Settlement in this multi district litigation.

11. A Memorandum of Law in Support of this Motion is being filed.

                Respectfully submitted:

                /S/Kerry E. Mack, Esq.
                Kerry E. Mack
                FBN 337897
                Attorney for Claimant
                MACK LAW FIRM, CHARTERED
                2022 Placida Road
                Englewood, FL 34224 5104
                941 475 7966
                941 475 0729 fax
                Eservice1@macklawfirm.org
                Eservice2@macklawfirm.org

**CERTIFICATE OF SERVICE**

  I HEREBY CERTIFY that on January 7, 2015, I electronically filed the foregoing with the Clerk of the Court via the CM/ECF system, who will provide electronic notification to all counsel of record.

                /S/Kerry E. Mack, Esq.
                Kerry E. Mack