**Daniel H. Skerritt**, OSB #681519
  Direct Dial:  503.802.2024
  Direct Fax:  503.972.3724
  Email:  jon.stride@tonkon.com
**TONKON TORP LLP**
1600 Pioneer Tower
888 SW Fifth Avenue
Portland, OR  97204-2099

    Attorneys for Intervenors Eduardo and Carmen Amorin, Albert and Betsy Butzer, Jack and Anna McGinn, Thomas and Virginia Spencer, and Elliot and Angelina Everard

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

(PORTLAND DIVISION)

| | |
|---|---|
| **CHINA NATIONAL BUILDING MATERIALS IMPORT AND EXPORT CORPORATION,** a People's Republic of China corporation, and **CMBM FOREST PRODUCTS (CANADA) LTD.**, a Canadian corporation<br><br>              Plaintiff,<br><br>   v.<br><br>**MURPHY OVERSEAS USA ASTORIA FOREST PRODUCTS, LLC**, an Oregon limited liability company; **MURPHY OVERSEAS U.S.A. TIMBER AND LAND DEVELOPMENT, LLC**, an Oregon limited liability company; and **MURPHY OVERSEAS U.S.A. HOLDINGS, LLC**,<br><br>              Defendants. | Civil No. 3:14-cv-00746-ST<br><br>**MOTION TO INTERVENE OF EDUARDO AND CARMEN AMORIN, ALBERT AND BETSY BUTZER, JACK AND ANNA McGINN, THOMAS AND VIRGINIA SPENCER, AND ELLIOT AND ANGELINA EVERARD**<br><br>*ORAL ARGUMENT REQUESTED*<br><br>*EXPEDITED HEARING REQUESTED* |

Page 1 -    MOTION TO INTERVENE OF EDUARDO AND CARMEN AMORIN, ALBERT AND BETSY BUTZER, JACK AND ANNA McGINN, THOMAS AND VIRGINIA SPENCER, AND ELLIOT AND ANGELINA EVERARD

**LR 7-1(a) CERTIFICATION**

Pursuant to LR 7 1(a), counsel for the moving parties certifies that he conferred with counsel for plaintiffs and defendants. Plaintiffs and Defendants oppose the motion.

**I.     MOTION**

Pursuant to Fed. R. Civ. P. 24(b), Intervenors Eduardo and Carmen Amorin, Albert and Betsy Butzer, Jack and Anna McGinn, Thomas and Virginia Spencer, and Elliot and Angelina Everard move tor permission to intervene in this case. The movants are plaintiffs in the proceedings in *In re: Chinese-Manufactured Drywall Products Liability Litigation*, MDL 2047 (E.D. La.), now pending before the Honorable Eldon E. Fallon in the United States District Court for the Eastern District of Louisiana. Intervenors have asserted claims against the "Taishan Defendants," the manufacturers of defective drywall that is installed in Intervenors' homes.[1] Intervenors have been appointed by Judge Fallon to serve as class representatives with respect to a class that has been certified against the Taishan Defendants. *See In re Chinese Manufactured Drywall Products Liability Litig.*, 2014 WL 4809520 (E.D. La. September 26, 2014).

Intervenors are seeking to intervene into the litigation *sub judice* for purposes of advising the Court of recent events in the MDL proceedings, and enforcing a civil and criminal contempt order that enjoins the Taishan Defendants (and any of their affiliates or subsidiaries) from conducting business in the United States until or unless Taishan participates in the MDL proceedings. *See* July 17, 2014 Contempt Order (Rec. Doc. 17869) ("Contempt Order"),

---

[1] The "Taishan Defendants" are comprised of the following entities: Taishan Gypsum Co. Ltd. (hereafter "Taishan"); Beijing New Building Materials Limited Co. (hereafter "BNBM"); Beijing New Building Materials Group Co., Ltd. (hereafter "BNBM Group"); China National Building Materials Co., Ltd. (hereafter "CNBM"); China National Building Materials Group Corporation (hereafter "CNBM Group"); and Tai'an Taishan Plasterboard Co., Ltd (hereafter "TTP").

Page 2 -   MOTION TO INTERVENE OF EDUARDO AND CARMEN AMORIN, ALBERT AND BETSY BUTZER, JACK AND ANNA McGINN, THOMAS AND VIRGINIA SPENCER, AND ELLIOT AND ANGELINA EVERARD

Exhibit A to the Declaration of Frederick S. Longer. It is respectfully submitted that the entity appearing in this action, China National Building Materials Import and Export Corporation, is a Taishan affiliate which is subject to Judge Fallon's Contempt Order.[2] Since that Contempt Order further provides that if the Taishan Defendants violate the MDL court's injunction they must pay a further penalty of 25% of the profits earned by the company or its affiliates who violate the order (for the year of the violation), some or all of any proceeds that may ultimately be allocated to China National Building Materials Import and Export Corporation in these proceedings are subject to Judge Fallon's Contempt Order and are subject to being frozen in accordance with this Court's equitable powers to enforce Judge Fallon's Contempt Order.

## II. FACTUAL BACKGROUND

From 2005 to 2008, a housing boom coincided with the destruction caused by Hurricanes Katrina and Rita to dramatically increase demand for drywall in the United States, particularly in the Gulf Coast. As a result, large quantities of drywall were imported into the United States from China. The drywall, however, was defective. Specifically, the drywall emitted various sulfide gases, damaged structural mechanical and plumbing systems of the home, and damaged other appliances in the home. After numerous parties sued the entities involved in the manufacturing, importing, and installing of the Chinese drywall, the Judicial Panel on Multidistrict Litigation ("JPML"), declared the matter an MDL and transferred all federal actions

---

[2] In his ruling on Intervenors' motion for class certification, Judge Fallon made certain key findings with respect to the Taishan Defendants/affiliates. By way of example, Judge Fallon determined that BNBM, BNBM Group, CNBM, CNBM Group, and TTP are Taishan affiliates. *See In re Chinese Manufactured Drywall Products Liability Litig.*, 2014 WL 4809520, *1. As a wholly-owned subsidiary of CNBM Group, China National Building Materials Import and Export Corporation should be considered a Taishan affiliate. See CNBM's 2013 Annual Report at pg. 8 (defining China National Building Materials Import and Export Corporation as "CNBM Trading"), at pg. 10 ( defining CNBM Group as "Parent"), and at pg. 13 (depicting CNBM Trading as a 100% subsidiary of Parent), Exhibit B to the Declaration of Frederick S. Longer.

Page 3 -   MOTION TO INTERVENE OF EDUARDO AND CARMEN AMORIN, ALBERT AND BETSY BUTZER, JACK AND ANNA McGINN, THOMAS AND VIRGINIA SPENCER, AND ELLIOT AND ANGELINA EVERARD

to Judge Fallon in the Eastern District of Louisiana. *See In re Chinese Manufactured Drywall Products Liability Litig.*, 626 F. Supp. 2d 1346 (J.P.M.L. June 15, 2009).

During the course of the MDL litigation, it became evident that the two primary manufacturing defendants were the "Knauf Defendants"[3] and the Taishan Defendants. While the Knauf Defendants have settled the claims against them, the Taishan Defendants have stubbornly refused to participate in the MDL proceedings. On February 7, 2013, Judge Fallon finally approved the Knauf Settlement, as well as four interrelated settlement agreements and certified settlement classes. *See In re Chinese Manufactured Drywall Products Liab. Litig.*, 2013 WL 499474 (E.D. La. Feb. 7, 2013).[4] The settlement with the Knauf Defendants is broad in scope and has led to the resolution of claims involving in excess of 4,000 homeowners for more than $1 billion. To date, more than 2,500 homes have been fully remediated pursuant to the Knauf Settlement Program. Similar to the litigation involving the Knauf Defendants, the litigation involving the Taishan Defendants involves claims stemming from the installation of defective drywall in approximately 4,000 homes.

---

[3] The Knauf Defendants include: Knauf Plasterboard (Tianjin) Co., Ltd. ("KPT"), Knauf Plasterboard (Wuhu) Co., Ltd., Guangdong Knauf New Building Material Products Co., Ltd., Knauf Gips KG, Gebr. Knauf Verwaltungsgesellschaft KG, Knauf International GmbH, Knauf Insulation GmbH ("KI"), Knauf UK GmbH, Knauf AMF GmbH & Co. KG, Knauf do Brasil Ltda. and PT Knauf Gypsum Indonesia.

[4] The settlement involving the Knauf Defendants involves the following interrelated settlement agreements: (1) the Knauf Settlement, (2) the Interior/Exterior Settlement, (3) the L&W Settlement, (4) the Banner Settlement, and (5) the Builder, Installer, Supplier & Insurer Settlement. Interior/Exterior, L&W and Banner are large distributors who were responsible for the distribution and sale of the Knauf Defendants' drywall to the majority of homeowners in the United States. The Builder, Installer, Supplier & Insurer Settlement involves the settlement of claims involves other parties in the chain of distribution, including their insurers. Copies of these settlement agreements are available at http://www.laed.uscourts.gov/Drywall/Settlements.htm.

Page 4 -   MOTION TO INTERVENE OF EDUARDO AND CARMEN AMORIN, ALBERT AND BETSY BUTZER, JACK AND ANNA McGINN, THOMAS AND VIRGINIA SPENCER, AND ELLIOT AND ANGELINA EVERARD

After serving the Taishan Defendants consistent with the requirements of the Hague Convention in four of the MDL cases (*Germano*, *Mitchel*, *Gross*, and *Wiltz*), default judgments were obtained.[5] Following the issuance of the default judgment in *Germano*, the plaintiffs in that matter were awarded $2,609,129.99 in damages against Taishan. *See In re Chinese Manufactured Drywall Products Liability Litig.*, 706 F. Supp. 2d. 655, 713 (E.D. La. 2010).

The day before the expiration of the time to appeal the *Germano* damages award, Taishan appeared and appealed to the Fifth Circuit Court of Appeals. Taishan argued that the transferor court in Virginia lacked personal jurisdiction over Taishan. The parties agreed to stay the appeal and the matter was remanded back to the MDL court for purposes of conducting discovery on the question of personal jurisdiction. After a lengthy period of discovery that involved two sets of depositions in Hong Kong (the latter of which Judge Fallon personally presided over overseas), the matter was briefed and argued. Judge Fallon determined that Taishan was subject to personal jurisdiction in four separate matters filed in Virginia, Louisiana, and Florida.[6] *See In re Chinese Manufactured Drywall Products Liability Litig.*, 894 F. Supp. 2d 819 (E.D. La. 2012). Taishan again appealed these determinations to the Fifth Circuit Court of Appeals. Ultimately, two separate panels affirmed Judge Fallon's exercise of personal jurisdiction over Taishan. *See In re Chinese Manufactured Drywall Prod. Liab. Litig.*, 742 F.3d

---

[5] In addition to the default judgments involving Taishan, plaintiffs have also obtained default judgments against each of the other Taishan Defendants (Rec. Docs. 7302, 7735, 7736 and 15687). These defendants have similarly refused to participate in the MDL proceedings.

[6] These four cases are *Germano, et al. v. Taishan Gypsum Co., Ltd., f/k/a Shandong Taihe Dongxin Co. Ltd., et al.*, Case No. 09 6687 (E.D. La.); *Gross, et al. v. Knauf Gips, KG, et al.*, Case No. 09 6690 (E.D. La.); *Wiltz, et al. v. Beijing New Building Materials Public Limited Co., et al.*, Case No 10 361 (E.D. La.); *The Mitchell Co., Inc., v. Knauf Gips, KG*, Case No. 09 4115 (E.D. La.).

Page 5 -    MOTION TO INTERVENE OF EDUARDO AND CARMEN AMORIN, ALBERT AND BETSY BUTZER, JACK AND ANNA McGINN, THOMAS AND VIRGINIA SPENCER, AND ELLIOT AND ANGELINA EVERARD

576 (5th Cir. 2014) and *In re Chinese Manufactured Drywall Prod. Liab. Litig.*, 753 F.3d 521 (5th Cir. 2014). The time for seeking writs to the Supreme Court has passed and the MDL court's findings on personal jurisdiction became final and enforceable.

Thereafter, to execute on the judgment obtained against Taishan in *Germano*, plaintiffs moved for a Judgment Debtor Examination. Judge Fallon ordered Taishan to appear on July 17, 2014 for a Judgment Debtor Examination (Rec. Doc. 17774). Taishan instead fired its lawyers and failed to appear at the hearing. Judge Fallon determined that Taishan willfully refused to appear at the Judgment Debtor Examination and held Taishan in both criminal and civil contempt (Rec. Doc. 17869).

Key to this motion and these proceedings are the provisions of the Contempt Order that affect Taishan and its affiliates:

> **IT IS ORDERED** that Taishan pay $15,000 in attorneys' fees to Plaintiffs' counsel.
>
> **IT IS FURTHER ORDERED** that Taishan pay $40,000 as a penalty for contempt.
>
> **IT IS FURTHER ORDERED** that Taishan, and any of its affiliates or subsidiaries, is hereby **ENJOINED** from conducting any business in the United States until or unless it participates in this judicial process. If Taishan violates this injunction, it must pay a further penalty of **25%** of the profits earned by the company or its affiliates who violate the order, for the year of the violation.

Contempt Order at 3.

Following the issuance of the July 17, 2014 Contempt Order, Intervenors moved for class certification against the Taishan Defendants. Intervenors sought and were awarded class certification with respect to a class defined as follows:

> All owners of real properties in the United States, who are named Plaintiffs on the complaints in *Amorin*, *Germano*, *Gross*, and/or

Page 6 -   MOTION TO INTERVENE OF EDUARDO AND CARMEN AMORIN, ALBERT AND BETSY BUTZER, JACK AND ANNA McGINN, THOMAS AND VIRGINIA SPENCER, AND ELLIOT AND ANGELINA EVERARD

> *Wiltz* (i.e., not an absent class member), asserting claims for remediated damages arising from, or otherwise related to Chinese Drywall manufactured, sold, distributed, supplied, marketed, inspected, imported or delivered by the Taishan Defendants.

*See In re Chinese Manufactured Drywall Products Liability Litig.*, 2014 WL 4809520, * 16.

After Judge Fallon's certification of the above class, class counsel issued notice to class members[7] and submitted a motion requesting an assessment of class damages in the amount of $1,263,330,881.19. A copy of Plaintiffs' Motion for Assessment of Class Damages Pursuant to Rule 55(b)(2)(B) and Request for Approval of Supplemental Notice is attached to the Declaration of Frederick S. Longer as Exhibit D. The assessment of damages hearing is scheduled for February 12, 2015 (Rec. Doc. 18222).

## III.   POINTS AND AUTHORITIES

### A.   INTERVENTION SHOULD BE GRANTED UNDER FEDERAL RULE OF CIVIL PROCEDURE 24(b)(2)

Federal Rule of Civil Procedure 24(b), which governs permissive intervention, is to be given a liberal construction. The Court, in the sound exercise of its discretion, must make a thoughtful determination and must consider the potential adverse impact on the original parties in its decision to allow or deny intervention. *See West Coast Seafood Processors Ass'n v. Natural Res. Def. Council, Inc.*, 643 F.3d 701, 710 (9th Cir. 2011). Federal Rule of Civil Procedure 24(b)(1)(B) provides that intervention is permissible when an applicant "has a claim or defense that shares with the main action a common question of law or fact." The court must also consider "whether the intervention will unduly delay or prejudice the adjudication of the original parties' rights." Fed. R. Civ. P. 24(b)(3). Stated differently, if there is a common

---

[7] A copy of the notice to class members is attached to the to the Declaration of Frederick S. Longer as Exhibit C.

Page 7 -   MOTION TO INTERVENE OF EDUARDO AND CARMEN AMORIN, ALBERT AND BETSY BUTZER, JACK AND ANNA McGINN, THOMAS AND VIRGINIA SPENCER, AND ELLIOT AND ANGELINA EVERARD

question of law or fact, the requirement of the rule has been met and then it is within the Court's discretion to allow or refuse intervention.

The claims of Intervenors clearly involve common issues of law and fact since a determination that Taishan's affiliate, China National Building Materials Import and Export Corporation, is conducting business in the United States will establish that the affiliated company has violated and are therefore subject to the Contempt Order. Intervenors' participation in these proceedings is necessary to insure that the terms of Judge Fallon's Contempt Order are observed, as the Taishan affiliates have ignored the jurisdiction of United States courts except in instances like this case when it is in their own self-interest. Accordingly, there are common legal and factual questions between the proceedings in this Court and the proceedings in the MDL court. Intervention is appropriate under these circumstances.

In addition, none of the impediments to intervention exists, such as where intervention will "unduly delay or prejudice the adjudication of the rights of the original parties". *In West Coast Seafood Processors Ass'n v. Natural Res. Def. Council, Inc.*, 643 F.3d at 710, the Ninth Circuit instructed that, "[when] determin[ing] whether intervention prejudices the other parties to a case, the court compares the harm from allowing intervention at a later stage of the proceedings with what would have occurred no matter when the applicant was allowed to intervene." No additional harm will result from allowing intervention at this stage of this case since this Court has postponed pretrial deadlines while the parties explore a possible settlement (Rec. Docs. 20-21). Accordingly, since there has been no discovery in the instant proceedings, granting intervention to address the scope and effect of Judge Fallon's Contempt Order will not

Page 8 -    MOTION TO INTERVENE OF EDUARDO AND CARMEN AMORIN, ALBERT AND BETSY BUTZER, JACK AND ANNA McGINN, THOMAS AND VIRGINIA SPENCER, AND ELLIOT AND ANGELINA EVERARD

result in undue delay and/or prejudice to the original parties. The matter must be addressed to assure that the CNBM party in contempt does not escape the rule of law.[8]

### B. ALTERNATIVELY, THE COURT SHOULD IMPOSE A LIEN AND/OR FREEZE ANY ASSETS RECOVERED BY CHINA NATIONAL BUILDING MATERIALS IMPORT AND EXPORT CORPORATION

Should this Court determine not to grant Intervenors' Motion to Intervene, Intervenors submit that this Court may independently take action to enforce Judge Fallon's Contempt Order. It is respectfully submitted that this Court may impose a lien and/or freeze any assets recovered by China National Building Materials Import and Export Corporation during the course of the present litigation. Such authority has been recognized as being well within a district court's equitable powers to enforce contempt orders. *See generally S.E.C. v. Hickey*, 322 F.3d 1123, 1128 (9th Cir.) opinion amended, 335 F.3d 834 (9th Cir. 2003). Given the breadth of Judge Fallon's Contempt Order, irrespective of whether Intervenors are permitted to participate in these proceedings, this Court should exercise authority to enforce the Contempt Order to ensure that the judgment of Judge Fallon is respected and that no Taishan affiliate can avoid such judgment with impunity.

### IV. CONCLUSION

For the reasons set forth above, Intervenors' Motion to Intervene should be granted. In the alternative, Intervenors respectfully request that the Court exercise its equitable powers to enforce Judge Fallon's Contempt Order by imposing a lien and/or freezing any assets

---

[8] Under Rule 24(c), Intervenors are required to submit a motion to intervene accompanied by a pleading setting out the claims or defenses for which intervention is sought. To satisfy the requirements of Fed. R. Civ. P. 24(c), Intervenors are furnishing the Court with a copy of the *Amorin* complaint, which was previously filed in the MDL proceedings before Judge Fallon, and sets forth their claims against the Taishan Defendants. See Exhibit E to the Declaration of Frederick S. Longer.

Page 9 -   MOTION TO INTERVENE OF EDUARDO AND CARMEN AMORIN, ALBERT AND BETSY BUTZER, JACK AND ANNA McGINN, THOMAS AND VIRGINIA SPENCER, AND ELLIOT AND ANGELINA EVERARD

recovered by China National Building Materials Import and Export Corporation during the course of this litigation.

DATED: December 30, 2014.

TONKON TORP LLP


By */s/ Daniel H. Skerritt*
   Daniel H. Skerritt, OSB #681519
    Direct Dial: 503.802.2024
    Direct Fax: 503.972.3724
    Email: dan.skerritt@tonkon.com
   Attorneys for Intervenors Eduardo and Carmen Amorin, Albert and Betsy Butzer, Jack and Anna McGinn, Thomas and Virginia Spencer, and Elliot and Angelina Everard

080000/02024/6115763v2

Page 10 -  MOTION TO INTERVENE OF EDUARDO AND CARMEN AMORIN, ALBERT AND BETSY BUTZER, JACK AND ANNA McGINN, THOMAS AND VIRGINIA SPENCER, AND ELLIOT AND ANGELINA EVERARD