# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF LOUISIANA

----------------------------------------------------------------x

IN RE:

CHINESE MANUFACTURED DRYWALL PRODUCTS LIABILITY LITIGATION

: MDL NO. 2047
: SECTION: L
:
:                                                   Case 2:09-md-02047-EEF-JCW
:
: JUDGE FALLON
:
: MAG. JUDGE WILKINSON

----------------------------------------------------------------x

| | |
|---|---|
| THIS DOCUMENT RELATES TO: ALL CASES AND | : |
| | : |
| *Payton, et al. v. Knauf Gips KG, et al.* Case No. 2:09-cv-07628 (E.D. La.) | : |
| | : |
| *Gross, et al. v. Knauf Gips KG, et al.* Case No. 2:09-cv-06690 (E.D. La.) | : |
| | : |
| *Rogers, et al. v. Knauf Gips KG, et al.* Case No. 2:10-cv-00362 (E.D. La.) | : |
| | : |
| *Abreu, et al. v. Gebrueder Knauf Verwaltungsgesellschaft KG, et al.* Case No. 2:11-cv-00252 (E.D. La.) | : |
| | : |
| *Block, et al. v. Gebrueder Knauf Verwaltungsgesellschaft KG, et al.* Case No. 2:11-cv-2349 (E.D. La.) | : |
| | : |
| *Arndt, et al. v. Gebrueder Knauf Verwaltungsgesellschaft KG, et al.* Case No. 2:11-cv-2349 (E.D. La.) | : |
| | : |
| *Cassidy, et al. v. Gebrueder Knauf Verwaltungsgesellschaft KG, et al.* Case No. 2:11-cv-3023 (E.D. La.) | : |
| | : |
| *Vickers, et al. v. Knauf Gips KG, et al.* Case No. 2:09-cv-04117 | : |

----------------------------------------------------------------x

**MEMORANNDUM IN SUPPORT OF**
**FIRST AMENDED MOTION FOR RELIEF FROM ORDER**
**RELATED TO DEADLINE FOR FILING PROOF OF DAMAGES**

**MAY IT PLEASE THE COURT:**

Please take notice that Claimant, ZHI XIONG CHEN, SSN -----4019, related to his property located at 3528 Woodbridge Avenue, North Port, Sarasota County, Florida, 34287, by and through his undersigned counsel and pursuant to Rule 60, *Federal Rules of Civil Procedure*, hereby moves this Honorable Court to grant him relief from the previous order of this Court relating to the date certain for filing his claim for damage.

The Claimant timely and previously filed his registration of claim, his verification form and his W-9 but failed to timely file his proof of damages as he was unaware of the deadline and received no Orders from the Court or the Claims Administrator or any other entity about the damage deadline. Although Chen and his counsel have been told such an Order does exist, neither of them has seen the Order. Chen is requesting that this Honorable Court consider this motion as his deadline waiver request.

Since filing his initial Motion for Relief, Chen has submitted the following additional documents to the Settlement Administrator:

> a) Report of Forman Associates comprising Chen's proof of Chinese drywall per its opinion based upon its inspection report and the side effects of drywall on the HVAC system, the plumbing fixtures, the electrical fixtures, and the appliances. Photos were taken by Forman, and it also rendered a damage estimate to repair the home. These have all been submitted to the Claims Administrator.

      b) Proof of under square footage: Chen's contract with his builder, RJM Builders, Inc., showing layout and square footage of house.

      c) Supply Chain Evidence: RJM Builders, Inc. has been confirmed with the Settlement Administrator as a member of the Global Settlement (spread sheet is attached to Amended Motion for Relief and has been sent to the Court via FedEx, and the contract with RJM Builders, Inc. was also provided).

Claimant failure to timely file his damages was due to his mistake, inadvertence, surprise, or excusable neglect. In *Cheney v. Anchor Glass Container Corp.,* 71 F.3d 848 (llthCir.1996), the Court applied the meaning of excusable neglect as used in Federal Rule of Civil Procedure 60(b) based upon the ruling in *Pioneer Inv Servs Co. v. Brunswick Assocs. Ltd.Partnership,* 507 U.S. 380, 113 S.Sct. 1489, 123 Led.2nd 74(1993). "In *Pioneer,* the Supreme Court held that when analyzing a claim of excusable neglect, courts should "take account of all relevant circumstances surrounding the party's omission" including "the danger of prejudice to the nonmovant, the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith" *ID* at 395, 113 S.Ct. at 1498. Primary importance should be accorded to the absence of prejudice to the nonmoving party and to the interest of efficient judicial administration. *Cheney*, 71 F.3d at 850. To the extent that our past decisions interpreting excusable neglect apply an unduly strict standard in conflict with *Pioneer*, they are no longer controlling precedent."

It is undisputed that Chen timely filed all documents pursuant to the orders of this court (except his damage proof). It is also undisputed that Chen filed his Florida State Law Remedy against his builder, RJM Builders, Inc., in the filing of Sarasota County Case Number 2011-CA-

009634NC showing his diligence in pursuing his remedies. RJM Builders, Inc. was served in that state proceeding in December, 2011. Despite the fact that RJM Builders, Inc. had filed other claims in this proceeding, it failed to notify this Court when it was served with Chen's state law claim (which is still pending as to RJM Builders, Inc.) Chen does not know why this failure occurred. Chen asserts it was the duty of RJM Builders, Inc. to do so under the multidistrict litigation procedures as RJM Builders, Inc. was in the best position to determine if the drywall it received was, in fact, foreign or Chinese drywall.

Claimant attempted to discover more information about the kind of drywall that the builder, RJM Builders, Inc., installed in his residence along with the manufacture of the drywall that was installed in his residence. Claimant was unsuccessful as the Florida Corporation was no longer active and it failed to respond to Chen's multiple discovery requests. Since filing his initial Motion for Relief from Order, Chen once again set the deposition of RJM Builders, Inc. principal, Ronald S. Maggio, Sr. Prior to the deposition, Mr. Maggio provided undersigned counsel with additional information related to the Global Settlement. However, Mr. Maggio denied knowing anything about the providers of the drywall used in the Chen home and denied having accessibility to documents that might provide that proof. Mr. Maggio did provide the name and cell phone number of the attorney who submitted the claims to this Court on behalf of RJM Builders, Inc. Although undersigned counsel has emailed that attorney and left phone messages, she has yet to converse with Attorney Ryan K. Hilton, Butler, Pappas firm, Tampa, FL and **cannot and is not** representing to this Court that Attorney Hilton had any knowledge of the claim of Chen. RJM Builders, Inc. has had NO attorney representation in the state law proceedings.

Ironically, Chen is Chinese and has limited ability to read and write the English

language. He has no legal training and no prior experience in multidistrict litigation.

Claimant will be greatly prejudiced if his damage claim is not allowed because RJM Builders, Inc. is an inactive Florida Corporation that is no longer in business and because its insurance carrier has previously denied all Chinese drywall claims based on lack of coverage and because Chen's own homeowners insurance company to whom he also made a claim denied the claim asserting no coverage. (His carrier was Olympus Insurance, and it denied his Chinese drywall claim in 2010 per its records).  Claimant is unable to live in his home, it has virtually no value and he will lose his entire investment in his home unless this Court grants him the requested relief.

Chen relies on his initial motion.  Chen relies on Rule 15(a)(2)*, Federal Rules of Civil Procedure* and its provision that the Court should "freely give leave" to amend (a complaint) "when justice so requires" and *Foman v. Davis*, 371 U.S. 178, 183, 83 S.Ct. 227, 230, 9 L.Ed2d 222(1962) (which applies to amending a complaint but gives general discussion on amendments) in filing this First Amended Motion for Relief.

Chen respectfully requests that this Court consider both of his Motions in making its decision on whether or not to waive the deadline for filing his damages claim.

                                      Respectfully submitted:

                                      /S/Kerry E. Mack, Esq.
                                      Kerry E. Mack
                                      FBN 337897
                                      Attorney for Claimant
                                      MACK LAW FIRM, CHARTERED
                                      2022 Placida Road
                                      Englewood, FL 34224 5104
                                      941 475 7966
                                      941 475 0729 fax

                                        Eservice1@macklawfirm.org
                                        Eservice2@macklawfirm.org

## CERTIFICATE OF SERVICE

      I HEREBY CERTIFY that on January 7, 2015, I electronically filed the foregoing with the Clerk of the Court via the CM/ECF system, who will provide electronic notification to all counsel of record.

                                        /S/Kerry E. Mack, Esq.
                                        Kerry E. Mack