UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

IN RE: CHINESE MANUFACTURED DRYWALL : MDL NO. 2047
PRODUCTS LIABILITY LITIGATION : SECTION L
: JUDGE FALLON
: MAGISTRATE JUDGE WILKINSON

THIS DOCUMENT RELATES TO ALL CASES

**ORDER AND REASONS**

Before the Court is counsel's response to the Court's *in camera* Order and Reasons (hereinafter "Order and Reasons") relating to the privilege log of counsel of record for Taishan Gypsum Co. Ltd. ("TG") and Tai'an Taishan Plasterboard Co. Ltd. ("TTP"), (collectively the "Taishan Entities" or "Taishan"). (Rec. Doc. 18196). The *in camera* review stems from a discovery dispute between the Plaintiffs' Steering Committee ("PSC") and counsel for Taishan. Having considered the parties' memoranda and the applicable law, the Court issues this order.

**I.    BACKGROUND**

From 2005 to 2008, a housing boom coincided with the destruction caused by Hurricanes Katrina and Rita to sharply increase the demand for construction materials in the Gulf South and East Coast. In response, Chinese companies manufactured, and sold to homeowners throughout the United States, considerable quantities of gypsum wallboard which came to be known as "Chinese drywall." Homeowners experienced problems with the drywall. Specifically, the drywall emits various sulfide gases, damages structural mechanical and plumbing systems of the home, and damages other appliances in the home. The affected parties sued the entities involved in the manufacturing, importing, and installing the Chinese drywall. The cases multiplied and the

Judicial Panel on Multidistrict Litigation ("MDL"), declared the matter an MDL and transferred the cases to this Court. After a period of discovery, it became clear that there were two principal manufacturers, (1) the Knauf Entities, and (2) the Taishan Entities.

Taishan initially refused to participate in this litigation, and default judgments were entered in four cases: *Germano*, *Mitchell*, *Gross*, and *Wiltz*. The day before the expiration of the window for appeal, Taishan appeared and appealed to the Fifth Circuit Court of Appeals, arguing – for the first time – that this Court lacked personal jurisdiction. The matters were remanded to this Court for further discovery on the jurisdictional issue. After a period of discovery, this issue was briefed and argued. In due course, this Court rendered an opinion finding it had jurisdiction over the Defendant Taishan. The Defendant appealed the Court's judgment. Ultimately, two separate Fifth Circuit panels affirmed this Court's exercise of jurisdiction over Taishan. The time for seeking writs to the Supreme Court has passed, so such judgment became final and enforceable. In order to execute the judgment, Plaintiffs moved for a Judgment Debtor Examination. The Court ordered Taishan to appear in open court on the morning of July 17, 2014 for a Judgment Debtor Examination (Rec. Doc. 17774). Taishan failed to appear for the July 17, 2014 Judgment Debtor Examination and the Court held Taishan in contempt of court, both criminally and civilly. (Rec. Doc. 17869).

Just prior to the Judgment Debtor Examination, counsel for Taishan filed motions to withdraw as counsel of record, reporting that Taishan had decided to no longer participate in proceedings before this Court and had terminated counsel. (Rec Docs. 17846, 17858). Thereafter, the PSC issued a request for document production from Taishan's counsel regarding its communications with Taishan. The PSC seeks, for example, "all communication regarding retention as counsel for any of the Taishan affiliated companies . . ." and "all documents and

2

information regarding the decision to discharge the Taishan Defendants' counsel," among other requests. Counsel for Taishan responded, objecting to document production on the basis of attorney-client and work product privilege. The PSC thereafter moved to compel documents, and counsel for Taishan objected, *inter alia*, on the grounds of privilege and irrelevance. The Court thus conducted an *in camera* review and subsequently issued its Order and Reasons. (Rec. Doc. 18196). The Court ruled that some of the allegedly privileged documents were subject to disclosure under the crime fraud exception, yet gave counsel an opportunity to further respond and submit to the Court proposed redactions before disclosure.

## II.     PRESENT MOTION

Counsel for Taishan now responds. (*See* Rec. Doc. 18233). First, counsel again argue that none of the privilege log Items are relevant to counsel's motion to withdraw. Second, counsel again argue that none of the privilege log Items fall within the crime-fraud exception. Third, counsel argue that the PSC's document requests in its supplemental memorandum are not subject to production.[1] Fourth, counsel submit their proposed redactions to the Court to review. Counsel ask for at least fourteen days before production to consider a stay or any other relief.

## III.    DISCUSSION

### A. Motion to Reconsider

Counsel begin their response by re-iterating their prior arguments made to this Court regarding relevancy and the crime fraud exception. As such, this portion of counsel's response will be construed as a motion to reconsider. A Federal Rule of Civil Procedure 59(e) motion "is

---

[1] The Court already reviewed the documents and arguments in the PSC's supplemental memorandum, which were analyzed in its prior Order and Reasons. (Rec. Doc. 18193). That Order and Reasons covers these arguments, thus there is no reason to re-address them. Moreover, the Court now has reviewed Privilege Log Item 101, included with counsel's December 29, 2014 binder, and finds no reason to alter its prior Order and Reasons as it relates to Item 101.

not the proper vehicle for rehashing evidence, legal theories, or arguments that could have been offered or raised before the entry of judgment."[2] *Templet v. HydroChem Inc*., 367 F.3d 473, 479 (5th Cir. 2004) (citing *Simon v. United States*, 891 F.2d 1154, 1159 (5th Cir. 1990)). Rather, Rule 59(e) serves the narrow purpose of correcting manifest errors of law or fact, or presenting newly discovered evidence. *Lavespere v. Niagra Mach. & Tool Works, Inc*., 910 F.2d 167, 174 (5th Cir. 1990); *Templet*, 367 F.3d at 479 (quoting *Waltman v. Int'l Paper Co.*, 875 F.2d 468, 473 (5th Cir. 1989)). "'Manifest error' is one that 'is plain and indisputable, and that amounts to a complete disregard of the controlling law.'" *Guy v. Crown Equip. Corp*., 394 F.3d 320, 325 (5th Cir. 2004) (quoting *Venegas-Hernandez v. Sonolux Records*, 370 F.3d 183, 195 (1st Cir. 2004)). The United States Court of Appeals for the Fifth Circuit has noted that altering, amending, or reconsidering a judgment under Rule 59(e) "is an extraordinary remedy that should be used sparingly." *Templet*, 367 F.3d at 479 (citing *Clancy v. Empl'rs Health Ins. Co.*, 101 F. Supp. 2d 463, 465 (E.D. La. 2000)). "A Rule 59(e) motion should not be used to re-litigate prior matters that . . . simply have been resolved to the movant's dissatisfaction." *Voisin v. Tetra Techs., Inc*., 2010 WL 3943522, at *2 (E.D. La. Oct. 6, 2010). District courts have "considerable discretion in deciding whether to grant or deny a motion to alter a judgment." *Hale v. Townley*, 45 F.3d 914, 921 (5th Cir. 1995). Yet at the same time, the Rule 59(e) standard "favors denial of motions to alter or amend." *S. Constructors Grp, Inc. v. Dynalectric Co.*, 2 F.3d 606, 611 (5th Cir. 1993).

     Counsel's motion does not meet this high standard. Notably, the motion does not establish any manifest error of fact or law. Although counsel first endeavors to establish that there is an insufficient nexus between Taishan's actions and counsel's advice, the Court's Order and Reasons plainly demonstrated such a nexus here. As the Court stated, the communications

---

[2] Federal Rule of Civil Procedure 54 defines the term "judgment" as "a decree [or] any order from which an appeal lies."

4

reveal that Taishan specifically sought advice from counsel it its attempt to help facilitate its criminal contempt. (Rec. Doc. 18196 at 7); *In re Grand Jury Proceedings*, 43 F.3d 966, 972 (5th Cir.1994) ("The test is whether the client's purpose is the furtherance of a future fraud or crime."). This finding makes Taishan's communications with counsel during the pertinent time period subject to the crime fraud exception of the attorney-client privilege. Second, counsel point to no manifest error regarding the Court's ruling on relevancy. (Rec. Doc. 18196 at 6). As explained, the Court found reason to grant in part counsel's motion on grounds of relevancy, but a portion of the disputed communications – which discuss the motion to withdraw – are indeed relevant to the motion to withdraw.

### B. Proposed redactions

The Court now turns to counsel's proposed redactions. In the prior Order and Reasons, the Court explained that even where the crime-fraud exception applies to what would otherwise be privileged material, innocent counsel may still assert the work product privilege for their own statements. *See In re Grand Jury Proceedings,* 43 F.3d at 972. When such innocent counsel assert the work product privilege, communications made by the client still are subject to the crime fraud exception. *See id.* As the Supreme Court has made clear, the work product privilege protects tangible materials prepared by a party or agent in anticipation of litigation such as "statements, memoranda, *correspondence*, briefs, mental impressions, [and] personal beliefs . . ." *Hickman v. Taylor*, 329 U.S. 495, 511 (1947) (emphasis added); *see Southern Ry. Co. v. Lanham*, 403 F.2d 119, 134 (5th Cir. 1968).With this backdrop in mind, the Court approves counsel's proposed redactions, which all consist of statements, correspondence, mental impressions, and other tangible materials made by counsel in anticipation of litigation.

## IV. CONCLUSION

In light of the foregoing, **IT IS ORDERED** that **within fourteen days of this order**, counsel for Taishan shall **PRODUCE** to the PSC the following Privilege Log Items, which may be redacted as approved in this order: **143, 144, 148, 149, 153, 154, 158, 159, 161, 165, 167, 169, 170, 171, 175, 176, 182, 183, 188, 190, 197, 199, 201, 202, 204, 205, 206, 212, 215, 217, 219.** Counsel for Taishan shall contact Chambers to coordinate pick-up for the Privilege Log Binders within fourteen days of this order.

New Orleans, Louisiana, this 13th day of January, 2015.

_____
UNITED STATES DISTRICT JUDGE