UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE:  CHINESE MANUFACTURED DRYWALL PRODUCT LIABILITY LITIGATION | : : : : : : : | MDL NO. 2047  SECTION: L  JUDGE FALLON MAG. JUDGE WILKINSON |

**THIS DOCUMENT RELATES TO:**
*AMATO*, Case No. 10-932 (E.D. La.)

### PLAINTIFFS' MEMORANDUM IN SUPPORT
### OF MOTION TO AMEND COMPLAINT BY INTERLINEATION

Plaintiffs, pursuant to rules 7, 15, 23, and all other applicable Federal Rules of Civil Procedure, and E.D. La. Local Rule 7, file this Memorandum of Law in Support of Motion to Amend Complaint by Interlineation, and move the Court for an Order amending the Amended Class Action Complaint by interlineation, dismissing Defendant American Home Assurance Company and substituting Westchester Fire Insurance Company as a defendant in its place.  As grounds for the requested relief, Plaintiffs state:

### FACTS

Because his new-construction home was infested with defective and unreasonably dangerous Chinese-manufactured drywall that rendered the home uninhabitable, Plaintiff, Damien Querol (affected property: 3301 NE 183 Street, Unit 1207, Aventura, Florida 33160), by way of the *Amato* Omnibus Complaint V, sued, among other parties, American Home Assurance Company.  Querol also sued the developer of his home, Peninsula II Developers, and the general contractor, Gryphon Construction.

1

The commercial liability insurance program on the relevant condo project was an Owner Controlled Insurance Program (OCIP).  Both Peninsula II and Gryphon were enrolled in the OCIP and insured under the three American Home policies.  These policies provide by endorsement that Completed Operations Coverage is extended for the project for a period of five years, and that the policy limit is $4 million per project and in the aggregate for the term of the project, including the Extended Completed Operations Period.  This limit was litigated before Judge Seitz in the United States District Court for the Southern District of Florida, and Judge Seitz, in an Order Granting in Part and Denying in Part the Parties' Motions for Summary Judgment, Staying and Closing Case, Doc. 352 (8/22/12) (attached as **Exhibit A**), issued a ruling adverse to the excess carrier, Westchester Fire Insurance Company. The Westchester excess policy provides coverage to Peninsula II and Gryphon Construction in excess of the limits of the American Home policies.

The Order issued by Judge Seitz in the coverage litigation involving Peninsula II, Gryphon Construction, and Westchester Fire, addresses multiple issues.  The discussion of the American Home policies, including the $4 million limit and exhaustion of that limit, and the attachment of the Westchester excess policies, is set forth at pages 3-5, and 17-19.  In short, the court held that the clear and unambiguous language of the American Home policies provides that there is one $4 million products-completed operations aggregate for the project, not three (as was argued by Westchester).  American Home paid the $4 million limit in a settlement with Peninsula II and Gryphon, and thereby exhausted its coverage.

The *Amato* Amended Complaint references American Home Assurance Company as follows:

- Paragraph 434
- Paragraph 647 – subclass #7
- Exhibit B, page 1
- Exhibit B, page 2
- Schedule 1, page 105 (two references)
- Schedule 2, page 24 (three references)

### LEAVE TO AMEND SHOULD BE FREELY GRANTED

A district court has discretion to grant a motion to amend, and leave to amend should be freely granted when justice so requires. Fed. R. Civ. P. 15(a)(2); *Jamieson By and Through Jamieson v. Shaw,* 772 F.2d 1205, 1208 (5th Cir. 1985); *Ross v. Hanover Ins. Co.*, 2009 WL 2762713 (E.D. La. 2009).

### CONCLUSION

In light of the ruling by Judge Seitz in the Southern District of Florida, plaintiffs respectfully request that this Court amend the Amended Complaint by interlineation, substituting Westchester Fire Insurance Company as a defendant in every instance American Home Assurance Company is named. As a consequence, plaintiffs also request that the Court dismiss American Home Assurance Company from this action.

WHEREFORE, the plaintiffs request that the Court grant leave to amend the Amended Complaint as set forth in this motion. Plaintiffs have attached a proposed Order in accordance with this motion.

## LOCAL RULE 7.6 CERTIFICATION

Pursuant to E.D. La. Local Rule 7.6, undersigned counsel certifies that he has conferred with all parties having an interest to oppose, and has obtained consent for the amendment sought by this motion. A proposed order is attached for the Court's consideration.

Dated: January 14, 2015               Respectfully Submitted,

`
                                      BY:  /s/  *Leonard A. Davis*
                                      Russ M. Herman, Esquire
                                      Leonard A. Davis, Esquire
                                      Stephen J. Herman, Esquire
                                      Herman, Herman & Katz, LLC
                                      820 O'Keefe Avenue
                                      New Orleans, Louisiana 70113
                                      Phone: (504) 581-4892
                                      Fax: (504) 561-6024
                                      ldavis@hhklawfirm.com
                                      *Plaintiffs' Liaison Counsel and Ex-Officio*
                                      *Member of the PSC*
                                      *MDL 2047*

                                      Arnold Levin, Esquire
                                      Fred S. Longer, Esquire
                                      Levin, Fishbein, Sedran & Berman
                                      510 Walnut Street, Suite 500
                                      Philadelphia, PA 19106
                                      215-592-1500 (phone)
                                      215-592-4663 (fax)
                                      Alevin@lfsblaw.com
                                      *Plaintiffs' Lead Counsel and Member of the PSC*
                                      *MDL 2047*

                                      Peter Prieto
                                      Florida Bar No.: 501492
                                      PODHURST ORSECK P.A.
                                      City National Bank Bldg., #800
                                      25 West Flagler Street
                                      Miami, Florida 33130
                                      Tel: 305/358-2800 - Fax: 305/358-2382
                                      *Counsel for Plaintiff Damien Querol*
                                      *Member of Plaintiffs Steering Committee*

4

**CERTIFICATE OF SERVICE**

I hereby certify that the above and foregoing pleading has been served upon Warren Lutz, counsel for American Home Assurance Company, by email, on this 14th day of January 2015.

By: s/ Peter Prieto
Peter Prieto

I hereby certify that the above and foregoing has been served on Defendants' Liaison Counsel, Kerry Miller, by e-mail and upon all parties by electronically uploading the same to LexisNexis File & Serve in accordance with Pre-Trial Order No. 6, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2047 on this 14th day of January, 2015.

/s/ Leonard A. Davis
Leonard A. Davis, Esquire
Herman, Herman & Katz, LLC
820 O'Keefe Avenue
New Orleans, Louisiana 70113
Phone: (504) 581-4892
Fax: (504) 561-6024
ldavis@hhklawfirm.com

*Plaintiffs' Liaison Counsel and Ex-Officio*
*Member of the PSC*
*MDL 2047*