UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

IN RE:  CHINESE MANUFACTURED DRYWALL     :     MDL NO. 2047
        PRODUCTS LIABILITY LITIGATION            :
                                                                                 :     SECTION: L
                                                                                 :
                                                                                 :     JUDGE FALLON
                                                                                 :     MAG. JUDGE WILKINSON
.. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. :

**THIS DOCUMENT RELATES TO ALL CASES.**

**PRE-TRIAL ORDER NO. 29**

**(Order Approving Procedure for Payment of Other Loss Claims)**

       The Settlement Administrator, the Special Master, the Knauf Defendants, and the Plaintiff's Steering Committee have reported to the Court that they have agreed to procedures for payment of Other Loss Claims.  The Homebuilders' Steering Committee does not oppose these procedures.  The proposed procedures are as follows:

       1.     ***Consolidation of Qualified Settlement Funds***.  The Settlement Administrator is authorized to consolidate the Knauf Other Loss Settlement Fund, the Banner Bodily Injury and Other Loss Set Aside Settlement Fund, the Builders, Installers, Suppliers, Participating Insurers Bodily Injury and Other Loss Set Aside Settlement Fund, and the Interior/Exterior Building Supply, LP Bodily Injury and Other Loss Set Aside Settlement Fund into a single Qualified Settlement Fund ("the Other Loss QSF").  The Other Loss QSF shall be established and maintained in accordance with the Orders authorizing the creation of the initial Other Loss Qualified Settlement Funds.

       2.     ***Other Loss Claim Offers***.  The Settlement Administrator shall be authorized to make Resolution Offers to Claimants from the Other Loss QSF as set forth below:

a. ***Pre-Remediation Alternative Living Expenses Claims***. The Settlement Administrator is authorized to make a Resolution Offer of up to $14,400 or the Claimant's verified losses for each eligible Pre-Remediation Alternative Living Expenses claim.

b. ***Lost Rent Claims***. The Settlement Administrator is authorized to make a Resolution Offer payment equal to up to three full months of the verified monthly rental amount for each eligible Lost Rent claim.

c. ***Lost Use Claims***. The Settlement Administrator is authorized to make a Resolution Offer up to $10,000 for each eligible Lost Use claim.

d. ***Lost Sale Claims***. The Settlement Administrator is authorized to make a Resolution Offer up to $10,000 for each eligible Lost Sale claim.

e. ***Foreclosure Claims***. The Settlement Administrator is authorized to make a Resolution Offer up to $10,000 for each eligible Foreclosure claim.

f. ***Short Sale Claims***. The Settlement Administrator is authorized to make a Resolution Offer up to $10,000 for each eligible Short Sale claim.

g. ***Tenant Loss Claims***. The Settlement Administrator is authorized to make a Resolution Offer up to $2,500 or the Claimant's verified losses, whichever is smaller, for each eligible Tenant Loss claim.

h. ***Miscellaneous Claims***. The Settlement Administrator is authorized to make a Resolution Offer up to $2,500 or the Claimant's total verified losses, whichever is smaller, for each eligible Miscellaneous claim.

     i.  ***Bodily Injury Claims***.  The Settlement Administrator is authorized to make a Resolution Offer up to $1,000 for each eligible Bodily Injury claim, subject to any liens that may apply.

  3.  ***Procedure When a Claimant Accepts a Resolution Offer***.  If a Claimant accepts the Settlement Administrator's Resolution Offer with respect to any of the above categories (2(a) through 2(i)), the Settlement Administrator will pay the Claimant the amount of the offer out of the Other Loss QSF.  If a Claimant accepts a Resolution Offer with respect to a category (i.e., 2(a) through 2(i)), the Claimant will be precluded from receiving any further recovery with respect to that category.

  If a Claimant receives two Resolution Offers with respect to separate claims in two categories (i.e., 2(a) through 2(i)), the Claimant may accept a Resolution Offer with respect to one category, and reject a separate Resolution Offer with respect to another category.  In such a case, the Claimant will be precluded from receiving any further recovery with respect to the category for which the Claimant accepted the Resolution Offer, but the Claimant will not be precluded from further recovery with respect to the category for which the Claimant rejected the Resolution Offer (assuming the Claimant satisfies the procedures outlined below).  The same principle applies to Claimants with three or more claims.

  4.  ***Procedure When a Claimant Rejects a Resolution Offer (for all claims except a Bodily Injury Claim)***.  For all claims except for a Bodily Injury Claim, if a Claimant rejects the Settlement Administrator's Resolution Offer with respect to any of the categories set forth in 2(a) through 2(h) above, the Claimant may nevertheless request an award different from the Resolution Offer made with respect to that category ("Special Master Award").  The deadline for a Claimant to submit a renewed claim for a Special Master Award shall be 30 days from the date

3

that the Settlement Administrator makes the Resolution Offer. ***The failure by a Claimant to take action on a Resolution Offer, including the failure to timely submit a renewed claim for a Special Master Award, within 30 days of the date the Settlement Administrator makes the Resolution Offer shall be deemed an acceptance of the Resolution Offer.*** A Claimant that submits a renewed claim for a Special Master Award shall produce the following to the Settlement Administrator at the time of submitting a renewed claim for a Special Master Award:

    a. A statement detailing why the Resolution Offer is not sufficient to fully compensate the Claimant, and

    b. An itemized list of damages clearly demonstrating and supporting the actual losses claimed.

The itemized list of damages to be provided in 4(b) above shall be cross-referenced and identify specific documents that have previously been submitted by the Claimant to the Settlement Administrator. A Claimant may not submit any additional claim documentation as part of a renewed claim for a Special Master Award unless specifically requested to do so by the Settlement Administrator or Special Master. The Settlement Administrator is authorized, but not required, to make available a form for use by a Claimant to utilize in making a renewed claim for a Special Master Award. After considering the Claimant's renewed claim for a request for a Special Master Award, and after considering any objections as allowed by the Settlements, the Settlement Administrator and/or the Special Master will determine the appropriate Special Master Award for the Claimant. ***The Special Master Award may be more than, less than, or equal to the Resolution Offer.*** If the total amount of all accepted Resolution Offers and Special Master Awards exceeds the amount available for distribution, the Settlement Administrator and Special Master may, at their discretion, reduce all awards on a pro rata basis.

4

5. ***Procedure When a Claimant Rejects a Resolution Offer for a Bodily Injury Claim.*** If a Claimant rejects the Settlement Administrator's Resolution Offer with respect to a Bodily Injury claim (Section 2(i) above), the Claimant may nevertheless request an award different from the Resolution Offer with respect to that category. The deadline to make a renewed claim for a Special Master Award shall be 30 days from the date that the Settlement Administrator makes the Resolution Offer. A Claimant that submits a renewed claim for a Special Master Award on a Bodily Injury claim shall at the time of submitting the renewed claim for a Special Master Award, produce to the Settlement Administrator:

      a. A statement detailing why the Resolution Offer is not sufficient to fully compensate the Claimant, and

      b. An itemized list of damages clearly demonstrating and supporting the actual losses claimed.

If a Claimant submits a renewed claim for a Special Master Award with respect to a Bodily Injury claim, the Settlement Administrator shall provide to the Special Master the treater's or expert's opinion submitted by the Claimant in support of their claim purporting to satisfy Rule 26(a)(2) of the Federal Rules of Civil Procedure ("the Expert Report") and shall further file with the Court a notification identifying all Claimants that have submitted a renewed claim for a Special Master Award that identifies the name of each Claimant and advises all parties to each settlement that they have certain rights pursuant to the Settlement Agreements to challenge the admissibility of the Expert Report for each Claimant that has submitted a renewed claim for a Special Master Award. Within 30 days of the date the notice is filed with the Court, any Party to any Settlement Agreement shall have the right to challenge the admissibility of the Expert Report, including without limitation, under the principles set forth in Federal Rule of

5

Evidence 702 and *Daubert v. Merrell Dow Pharms., Inc.*, 509 U.S. 579 (1993) and its progeny by filing a motion with the Court.

The Court, in its discretion, may permit depositions of the treating physician and/or expert. The Court shall then establish a briefing and hearing schedule on any such challenge. The Court's ruling on any such motion shall be final with no appeals. Each side will bear its own fees and costs with respect to establishing or refuting a claim of bodily injury. Class Members and their counsel may not seek fees or costs in pursuing a bodily injury claim. Any attorneys' fees and costs in connection with a bodily injury claim will come from the award, if any.

The Special Master shall not consider any claims for bodily injury unless the claim satisfies all the requirements of Sections 4.7.2 of the Knauf Settlement Agreement, which has been incorporated by reference into all applicable Settlement Agreements. Furthermore, the Special Master, in making any award shall consider any party's challenge as to the admissibility of an Expert Report. If any claims for bodily injury satisfy these requirements, the Special Master shall determine the validity and amount of such claims.

6. ***Method of Payment***. The Settlement Administrator will distribute funds to eligible Claimants by issuing a check made out to each Claimant and mailed to the Claimant's attorney, or directly to Pro Se Claimants.

7. ***Hold Back of Payment on Certain Eligible Claims***. The Settlement Administrator is authorized to hold back payment if the Settlement Administrator determines that payment is not appropriate or would otherwise prejudice another Claimant.

8. ***Submission of Required Documents***. Claimants must submit certain fully executed and unaltered documents prior to payment. The Settlement Administrator will review

these documents to determine their completeness. Claimants are not eligible to receive payment until the Settlement Administrator determines that the Claimant has submitted all required documents. If the Settlement Administrator determines that a Claimant has not submitted all required documents, the Settlement Administrator will issue a written notice detailing the deficiency and the avenues to cure the deficiency. In addition to the documents required for each claim under the applicable Settlement Agreements, the documents required for payment are:

    a. ***Verification of Claims Form***. Claimants must submit a fully executed and complete Verification of Claims Forms in order to receive payment.

    b. ***IRS Form W-9***. Claimants must submit a fully executed and complete IRS Form W-9 in order to receive payment.

AND NOW, this  23rd  day of December, 2014, this Court having considered the parties' proposed procedures for payment of Other Loss Claims, it is hereby ORDERED that the Other Loss Payment Procedure is APPROVED.

                                              **BY THE COURT:**

                                              ELDON E. FALLON
                                              UNITED STATES DISTRICT JUDGE