**Daniel H. Skerritt**, OSB No. 681519
  Direct Dial:  503.802.2024
  Direct Fax:  503.972.3724
  Email:  jon.stride@tonkon.com
**TONKON TORP LLP**
1600 Pioneer Tower
888 SW Fifth Avenue
Portland, OR  97204-2099

      Attorneys for Intervenors Eduardo and Carmen Amorin, Albert and Betsy Butzer, Jack and Anna McGinn, Thomas and Virginia Spencer, and Elliot and Angelina Everard

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

(PORTLAND DIVISION)

| | |
|---|---|
| **CHINA NATIONAL BUILDING MATERIALS IMPORT AND EXPORT CORPORATION,** a People's Republic of China corporation, and **CMBM FOREST PRODUCTS (CANADA) LTD.**, a Canadian corporation<br><br>              Plaintiff,<br><br>  v.<br><br>**MURPHY OVERSEAS USA ASTORIA FOREST PRODUCTS, LLC**, an Oregon limited liability company; **MURPHY OVERSEAS U.S.A. TIMBER AND LAND DEVELOPMENT, LLC**, an Oregon limited liability company; and **MURPHY OVERSEAS U.S.A. HOLDINGS, LLC**,<br><br>              Defendants. | Civil No. 3:14-cv-00746-ST<br><br>**EDUARDO AND CARMEN AMORIN, ALBERT AND BETSY BUTZER, JACK AND ANNA MCGINN, THOMAS AND VIRGINIA SPENCER, AND ELLIOT AND ANGELINA EVERARD'S REPLY  BRIEF IN SUPPORT OF MOTION TO INTERVENE** |

## I. INTRODUCTION

Proposed Intervenors, Eduardo and Carmen Amorin, Albert and Betsy Butzer, Jack and Anna McGinn, Thomas and Virginia Spencer, and Elliot and Angelina Everard, respectfully submit this Reply Memorandum in support of their Motion to Intervene.

Both plaintiffs, Murphy Overseas USA Astoria Forest Products, LLC, et al. ("Murphy"), and defendants, China National Building Materials Import and Export Corporation, et al. ("CNBM Trading") responded to Intervenors' motion by (1) challenging this Court's jurisdiction over the matter following the filing of their Rule 41(a)(1)(A)(ii) stipulation of dismissal, and (2) the timeliness of the motion to intervene.[1] Because this Court has the inherent authority to police contemptuous acts that occur before it, there is no doubt as to the Court's jurisdiction to address the matters raised in the motion to intervene. In addition, because Intervenors moved to intervene in this action promptly upon becoming aware of CNBM Trading conducting business in the United States (an action in violation of the Honorable Eldon E. Fallon's Contempt Order of July 17, 2014), the parties' arguments regarding timeliness are without merit.

As discussed below, the Motion to Intervene should be granted.

## II. ARGUMENT

### A. JURISDICTION PERSISTS TO POLICE THE CONTEMPT PERPETRATED BY CNBM TRADING

On December 24, 2014, the Parties filed a Stipulated Motion to Disburse Registry Funds and Dismiss Case (Dkt. No. 56). This Motion was DENIED as moot by Order dated January 5, 2015 (Dkt. No. 60). In between these two events, Intervenors filed their motion to

---

[1] Hereafter, Plaintiffs and Defendants shall collectively be referred to as the "Parties."

Page 2 -   EDUARDO AND CARMEN AMORIN, ALBERT AND BETSY BUTZER, JACK AND ANNA MCGINN, THOMAS AND VIRGINIA SPENCER, AND ELLIOT AND ANGELINA EVERARD'S REPLY BRIEF IN SUPPORT OF MOTION TO INTERVENE

Intervene (Dkt. No. 58). Thereafter, on January 13, 2015, in a belated effort to avoid the Motion to Intervene, the Parties filed a Stipulation of Dismissal pursuant to Fed.R. Civ. P. 41(a)(1)(A)(ii). The parties now contend that their post-hoc stipulation terminated this litigation, which stipulation deprives this Court of jurisdiction to act on the instant motion. The Parties are wrong.

To begin, the Parties recognize that even if their belated stipulation was effective at terminating the litigation, finality applies only to the Court's ability to address the merits of the underlying litigation. *See* Murphy Brf. at 6 ("dismissal by stipulation ends this action and immediately strips this Court of jurisdiction to decide the *merits* of this action"); CNBM Trading Brf. at 6-7, citing *De Leon v. Marcos*, 659 F.3d 1276, 1283 (10th Cir. 2011) (noting Rule 41(a)(1)(A)(ii) stipulation "strips the district court of jurisdiction over the merits."). The instant motion of the Intervenors is not attempting to re-litigate any of the merits of the underlying litigation. The disputed rights of CNBM Trading to logs moved or disposed of by the Murphy Defendants is mere happenstance to our purpose. Instead, it is the fact that CNBM Trading was conducting business in this district, a fact judicially admitted by CNBM Trading in its brief at 3-5 (discussing CNBM Trading's loan to Westerlund Log Handlers, purchasing logs here, and submitting itself to the jurisdiction of this Court to prosecute an interference with contract claim against Murphy), that is a material fact pertinent to our efforts to enforce the July 17, 2014 Contempt Order of Judge Fallon.

By myopically focusing on the merits of this litigation, the Parties overlook this Court's continuing jurisdiction, based upon its inherent authority, to scrutinize acts of contempt that occur ancillary to the merits. *See Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 395-97 (1990). In *Cooter & Gell*, the United States Supreme Court explicitly recognized a district

Page 3 -   EDUARDO AND CARMEN AMORIN, ALBERT AND BETSY BUTZER, JACK
            AND ANNA MCGINN, THOMAS AND VIRGINIA SPENCER, AND ELLIOT
            AND ANGELINA EVERARD'S REPLY  BRIEF IN SUPPORT OF MOTION TO
            INTERVENE

court's continuing jurisdiction over collateral issues, such as contempt charges, even after the principal litigation has been terminated by a Rule 41 stipulation:

> It is well established that a federal court may consider collateral issues after an action is no longer pending. For example, district courts may award costs after an action is dismissed for want of jurisdiction. *See* 28 U.S.C. 1919. This Court has indicated that motions for costs or attorney's fees are "independent proceeding[s] supplemental to the original proceeding and not a request for a modification of the original decree." *Sprague v. Ticonic National Bank*, 307 U.S. 161, 170, 59 S.Ct. 777, 781, 83 L.Ed. 1184 (1939). Thus, even "years after the entry of a judgment on the merits" a federal court could consider an award of counsel fees. *White v. New Hampshire Dept. of Employment Security*, 455 U.S. 445, 451, n. 13, 102 S.Ct. 1162, 1166, n. 13, 71 L.Ed.2d 325 (1982). <u>A criminal contempt charge is likewise "'a separate and independent proceeding at law'" that is not part of the original action</u>. *Bray v. United States*, 423 U.S. 73, 75, 96 S.Ct. 307, 309, 46 L.Ed.2d 215 (1975), quoting *Gompers v. Buck's Stove & Range Co.*, 221 U.S. 418, 445, 31 S.Ct. 492, 499, 55 L.Ed. 797 (1911). <u>A court may make an adjudication of contempt and impose a contempt sanction even after the action in which the contempt arose has been terminated</u>. *See United States v. Mine Workers*, 330 U.S. 258, 294, 67 S.Ct. 677, 696, 91 L.Ed. 884 (1947) ("Violations of an order are punishable as criminal contempt even though . . . the basic action has become moot"); *Gompers v. Buck's Stove & Range Co.*, *supra*, 221 U.S., at 451, 31 S.Ct., at 502 (when main case was settled, action became moot, "of course without prejudice to the power and right of the court to punish for contempt by proper proceedings").

*Id.* at 395-96 (emphasis added).

Accordingly, this Court has supplemental jurisdiction arising under its inherent authority to monitor any contemptuous activity occurring before it. The Parties' arguments to avoid this Court's jurisdiction are without merit.

### B. THE MOTION TO INTERVENE WAS TIMELY FILED

The Parties also contend that Intervenors failed to meet Rule 24(b)'s standard for Intervention. They both have asserted that the instant motion is untimely. Murphy argues that

Page 4 -  EDUARDO AND CARMEN AMORIN, ALBERT AND BETSY BUTZER, JACK AND ANNA MCGINN, THOMAS AND VIRGINIA SPENCER, AND ELLIOT AND ANGELINA EVERARD'S REPLY  BRIEF IN SUPPORT OF MOTION TO INTERVENE

no reason was given for the delay between the July 17 Contempt Order and the instant motion. Murphy Brf. at 7. CNBM Trading makes the same argument and contends the instant litigation was no "secret." CNBM Trading Brf. at 8. Irrespective that the Court's docket is not a secret, it was only well after Judge Fallon's contempt order that the Intervenors became aware of this litigation. We promptly filed the instant motion upon so learning. Further, that funds belonging to CNBM Trading are still present in the registry of the Court and not yet disbursed belies the arguments that the matter is untimely. Finally, because contempt charges can be presented years after their occurrence, *Cooter & Gell*, *supra*, the Parties' arguments about this motion being delayed and untimely are simply not well founded. The instant motion was timely filed.[2]

### III.   CONCLUSION

Intervenors have met all of the requirements of Rule 24(b) and established that intervention is justified in this case. The fact of CNBM Trading doing business in the United States is common to the Parties and the Intervenors; the motion is timely; and the Court has an independent basis for jurisdiction over the matter. CNBM Trading has made judicial admissions of activities comprising business being conducted in the United States. If CNBM Trading insists on denying this fact, or denying that it is an affiliate of Taishan that is subject to Judge Fallon's Contempt Order, then it becomes even more imperative for intervention to be granted to facilitate discovery upon the Plaintiff.

---

[2] CNBM Trading's counsel separately argues that it has a superior lien to that asserted by the Intervenors. Note: the intervenors have separately registered the default judgment entered by Judge Fallon with the Clerk of Court. CNBM Trading's assertion is not ripe for determination at the present moment, as the amount at issue due to the instant motion must be evaluated, but in any event, upon information and belief, far exceeds the $50,000 in the Court's registry.

Page 5 -   EDUARDO AND CARMEN AMORIN, ALBERT AND BETSY BUTZER, JACK AND ANNA MCGINN, THOMAS AND VIRGINIA SPENCER, AND ELLIOT AND ANGELINA EVERARD'S REPLY  BRIEF IN SUPPORT OF MOTION TO INTERVENE

For these reasons, and those presented in our motion and supporting memorandum, the instant motion for intervention should be granted.

DATED: January 20, 2015.

TONKON TORP LLP


By /s/ Daniel H. Skerritt
    Daniel H. Skerritt, OSB #681519
     Direct Dial:  503.802.2024
     Direct Fax:  503.972.3724
     Email:  dan.skerritt@tonkon.com
    Attorneys for Intervenors Eduardo and Carmen Amorin, Albert and Betsy Butzer, Jack and Anna McGinn, Thomas and Virginia Spencer, and Elliot and Angelina Everard

080000/02024/6115763v2