UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: CHINESE MANUFACTURED | * | MDL No. 2047 |
| DRYWALL PRODUCTS LIABILITY | * | |
| LITIGATION | * | SECTION L |
| | * | |
| | * | JUDGE ELDON E. FALLON |
| | * | |
| | * | MAGISTRATE JUDGE |
| | * | JOSEPH C. WILKINSON, JR. |
| | * | |

* * * * * * * * * * * * * * * * * * * * * * * * * *

THIS DOCUMENT RELATES TO: ALL CASES

**COUNSEL'S MEMORANDUM IN SUPPORT OF EXPEDITED MOTION TO STAY THE COURT'S JANUARY 13, 2015 ORDER PENDING PETITION FOR A WRIT OF MANDAMUS**

The undersigned law firms, Hogan Lovells US LLP and Stanley, Reuter, Ross, Thornton & Alford, LLC, who have represented Defendants Taishan Gypsum Co. Ltd. ("TG") and Tai'an Taishan Plasterboard Co., Ltd. ("TTP") (together, the "Taishan Defendants") in the above-captioned litigation (collectively "Counsel"), submit this memorandum on their own behalf in response to this Court's January 13, 2015 Order to request an additional thirty (30) days, up to and including February 26, 2015, to comply with that Order.

Counsel respectfully move that the Court stay its order requiring Counsel to produce to Plaintiffs by January 27, 2015, the documents identified on Counsel's Privilege Log that the Court has designated for production (the "Designated Privilege Log Items") in order to allow Counsel to seek review of the Court's Order in the Fifth Circuit. For the reasons explained below the Court should grant the motion and stay production for an additional thirty (30) days until and including February 26, 2015.

1

**ARGUMENT**

**THE COURT SHOULD STAY ITS PRODUCTION ORDER PENDING THE COMPLETION OF APPELLATE REVIEW.**

In deciding whether to grant a stay of proceedings pending appellate review, this Court considers "(1) whether the movant has made a showing of likelihood of success on the merits, (2) whether the movant has made a showing of irreparable injury if the stay is not granted, (3) whether the granting of the stay would substantially harm the other parties, and (4) whether the granting of the stay would serve the public interest." *United States v. Baylor Univ. Med. Ctr.*, 711 F.2d 38, 39 (5th Cir. 1983). "[N]one of the four prerequisites has a fixed quantitative value," *Texas v. Seatrain International, S.A.*, 518 F.2d 175, 181 (5th Cir. 1975), and the Fifth Circuit "employs a sliding scale involving the balancing the hardships associated with the issuance or denial of a preliminary injunction with the degree of likelihood of success on the merits." *McWaters v. Federal Emergency Management Agency*, 408 F. Supp. 2d 221, 288 (E.D. La. 2005).

All four factors favor review here. Counsel is likely to prevail in the Fifth Circuit because the documents that are the subject of the production order are not covered by the crime-fraud exception. The Taishan Defendants will suffer severe, irreparable legal harm—the loss of the attorney-client privilege—if a stay is not granted; the privileged documents, once revealed, will be impossible to reclaim. Plaintiffs will not be harmed by any delay in producing the documents. And a stay would serve the public interest underlying the attorney-client privilege by permitting Counsel to pursue all available appellate relief before the privilege is destroyed.

### A. The Privileged Documents Subject To The Production Order Do Not Fall Within The Crime-Fraud Exception To The Attorney-Client Privilege.

We understand that the Court has considered and rejected Counsel's merits arguments previously. But " '[t]he likelihood of success standard does not mean that [the Court] needs to change its mind or develop serious doubts concerning the correctness of its decision in order to grant a stay pending appeal.'" *In re West of England Ship Owners Mut. Ins. Ass'n (Luxembourg) and Am. Marine Corp.*, 1992 WL 91969, at *4 (E.D. La. 1992) (quoting *Goldstein v. Miller*, 488 F. Supp. 156, 172 (D. Md. 198)). All the movant need do is "'ma[k]e a substantial case on the merits,'" *id,* and, when—as here—"the other factors weigh in favor of an injunction, a showing of *some* likelihood of success on the merits will justify temporary injunctive relief." *McWaters*, 408 F. Supp. 2d at 228. Counsel respectfully submit that they have made that showing here.

"The attorney-client privilege is the oldest of the privileges for confidential communication known to the common law." *Upjohn Co. v. United States*, 449 U.S. 383, 389 (1981). And though "[a]ttorney/client documents may be quite helpful in making out a claim * * *, this is not a sufficient basis for abrogating the privilege." *In re Burlington Northern, Inc.*, 822 F.2d 518, 533 (5th Cir. 1987). The attorney-client privilege generally applies to communications through which the client solicits legal advice from an attorney. *See* Rec. Doc. 18196 at 4. And this Court has correctly observed that the attorney-client privilege can be vitiated by the crime-fraud exception *only* when "the client's purpose is the furtherance of a future fraud or crime." Order at 5 (quoting *In re Grand Jury Proceedings,* 43 F.3d 966, 972 (5th Cir. 1994)).

The question, then, is whether the Taishan Defendants had the requisite intent when communicating with Counsel regarding the Court's judgment-debtor examination. The Court concluded that the Taishan Defendants had displayed the requisite intent when communicating with Counsel because Privilege Log Item 143 indicated the Taishan Defendants were "discussing

3

how to withdraw from the litigation *internally*" on June 22, 2014.  Rec. Doc. 18196 at 7 (emphasis added).  From these internal discussions, the Court inferred that the Taishan Defendants' *previous* "communications with counsel revolved around Taishan's intent to commit criminal contempt." *Id.*; *see also* Order at 4-5.

Even accepting the Court's characterization of these documents, it was error to conclude that communications "discussing how to withdraw from the litigation internally" suffice to vitiate the attorney-client privilege.  In order to breach the privilege, "it must be shown that the client sought the attorney's advice with the specific intent to further the crime/fraud." *Turner v. Pleasant,* Civil Action No. 10-1823, 2012 WL 3270373, at *2 (E.D. La. Aug. 10, 2012).  In other words, there must be "'probable cause to believe that the communications with counsel were intended *to facilitate or to conceal* the criminal activity.'"  *Id.* (quoting *In re Grand Jury Subpoenas Duces Tecum*, 798 F.2d 32, 34 (2d Cir. 1986)) (emphasis added).

The internal communications the Court cited do not evidence the required intent. "Internal communications" are just that:  internal communications.  They are not a request for legal advice in order to facilitate a crime or fraud.  And it is not enough that the Taishan Defendants communicated with Counsel during the period in which they eventually decided to withdraw from the litigation; "the crime/fraud exception to the attorney-client privilege cannot be successfully invoked merely upon a showing that the client communicated with counsel while the client was engaged in criminal activity." *In re Grand Jury Subpoenas Duces Tecum*, 798 F.2d at 34.  At most, the Designated Privilege Log Items show that Counsel—properly—advised the Taishan Defendants of their obligations under the Court's orders and the consequences of failing to comply with those obligations.  (*See* Items 148, 161, and 165).  But Plaintiffs have not identified—and Counsel are not aware—of any case holding that advising a client of the

4

consequences of a contemplated course of conduct falls within the crime-fraud exception. Imagine the consequences if so: Any client who inquires regarding a course of conduct that a court concludes—with the benefit of hindsight—was criminal or fraudulent will have the privilege that presumptively attaches to those attorney-client communications stripped, even though uncertainty prompted the communication in the first place. As the American Bar Association has observed, "[t]here is a critical distinction between presenting an analysis of legal aspects of questionable conduct and recommending the means by which a crime or fraud might be committed with impunity." Comment [10] to Model Rule of Prof'l Conduct 1.2. A holding that the crime-fraud exception applies to such communications would undermine the salutary role counsel play in advising parties regarding their legal obligations.

> B. **The Taishan Defendants Will Suffer Irreparable Harm Without A Stay And The Balance Of Harms Favors A Stay.**

Time and again, courts have held that "the general injury caused by the breach of the attorney-client privilege and the harm resulting from the disclosure of privileged documents to an adverse party is clear enough." *United States v. Philip Morris Inc.*, 314 F.3d 612, 622 (D.C. Cir. 2003), *abrogated on other grounds by Mohawk Industries, Inc. v. Carpenter*, 558 U.S. 100, 130 (2009); *see also Owens v. Office of District Attorney for Eighteenth Judicial District*, 896 F. Supp. 2d 1003, 1014 (D. Colo. 2012) ("[T]he general injury or harm caused by the improper disclosure of material subject to the attorney-client privilege is irreparable."). This is because "[o]nce lost, confidentiality cannot be restored" and attorneys are left with "no other remedy" to reclaim the confidentiality of their communications with the client. *In re 636 S. 66th Terrace, Kansas City, Kansas*, 835 F. Supp. 1304, 1306 (D. Kan. 1993).

These general observations are full applicable to this case. Once Counsel turn over the Designated Privilege Log Items, even a successful appeal will do little if anything to address the

5

resulting harm. "[T]he cat is already out of the bag." *In re Napster, Inc. Copyright Litigation*, 479 F.3d 1078, 1088 (9th Cir. 2007), *abrogated on other grounds by Mohawk Industries, Inc. v. Carpenter*, 558 U.S. 100, 130 (2009). Only a stay can prevent this irreparable injury pending appellate review.

The balance of harms also favors a stay. The Taishan Defendants will suffer severe, irreparable harm in having their privileged documents revealed to Plaintiffs pending appellate review, whereas Plaintiffs will suffer little-to-no harm if a stay is granted. At worst, Plaintiffs will have to await a decision on Counsel's request for appellate review before obtaining the Taishan Defendants' privileged documents. But there is no credible argument that that modest delay will materially harm Plaintiffs; the documents they seek came at issue in the course of discovery on Counsel's motion to withdraw. The delay, in other words, causes no harm to Plaintiffs because they prefer that the status quo continue. Instead, the harm of delay falls most heavily on the two law firms seeking to withdraw, who are the movants here.

There is an additional interest at stake in this Court's balancing of the harms: Counsel's professional interest in faithfully discharging their ethical obligations to their former clients. As the Court is aware, the Taishan Defendants have discharged Counsel. But Counsel nevertheless have been directed to resist production of the Taishan Defendants' privileged documents. In these circumstances, Counsel are obligated to "raise any reasonably tenable objection to [the Plaintiffs'] attempt to obtain confidential client information." *Restatement (Third) of the Law Governing Lawyers* § 63 cmt.b (2000). Allowing Counsel to withhold the Taishan Defendants' privileged documents until all reasonable appellate options have been exhausted ensures that Counsel may fully carry out their ethical duties to their former clients. *See* La. R. of Prof'l

6

Conduct 1.16(d) (requiring discharged attorneys to "take steps to the extent reasonably practicable to protect a client's interest[s]" after being terminated).

### C. A Stay Pending Appellate Review Furthers The Public Interest Underlying The Attorney-Client Privilege.

Finally, granting a stay pending appellate review would serve the strong public interest underlying the privilege. The privilege "promote[s] broader public interests in the observance of law and administration of justice" by "encourag[ing] full and frank communication between attorneys and their clients." *Upjohn Co.*, 449 U.S. at 389. The privilege is, admittedly, not absolute, as the crime-fraud exception itself demonstrates. *See In re Burlington Northern, Inc.*, 822 F.2d at 524. However, where—as here—there is an ongoing, good-faith dispute over whether documents are subject to an exception, the public interest in promoting attorney-client communication counsels that the documents should not be produced until reasonable appellate review is exhausted. The public interest therefore favors granting a stay.

### CONCLUSION

For the foregoing reasons, the Court should grant the motion and stay its order requiring production to and including February 26, 2015.

Respectfully submitted,

*/s/ Thomas P. Owen Jr.*
Joe Cyr
Frank T. Spano
Courtney Colligan
HOGAN LOVELLS US LLP
875 Third Avenue
New York, New York 10022
Telephone: 212-918-3000
Facsimile: 212-918-3100
Joe.cyr@hoganlovells.com
Frank.spano@hoganlovells.com
Courtney.colligan@hoganlovells.com

Richard C. Stanley (La. Bar No. 8487)
Thomas P. Owen, Jr. (La. Bar No. 28181)
STANLEY, REUTER, ROSS, THORNTON & ALFORD, LLC
909 Poydras Street, Suite 2500
New Orleans, Louisiana 70112
Telephone: 504-523-1580
Facsimile: 504-524-0069
rcs@stanleyreuter.com
tpo@stanleyreuter.com

On Their Own Behalf

**CERTIFICATE OF SERVICE**

     I hereby certify that the above and foregoing Memorandum in Support of Expedited Motion to Stay the Court's January 13, 2015 Order Pending Petition for a Writ of Mandamus has been served on Plaintiffs' Liaison Counsel, Russ Herman, and defendants' Liaison Counsel, Kerry Miller, by U.S. Mail and e-mail and upon all parties by electronically uploading the same to Lexis Nexis File & Serve in accordance with the Pretrial Order No. 6, and that the foregoing was also electronically filed with the Clerk of the Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2047, on this 22nd day of January, 2015.

                                              */s/ Thomas P. Owen Jr.*