EXHIBIT A

ASSIGNMENT OF PROCEEDS FORM

ASSIGNMENT OF PROCEEDS

This Assignment of Proceeds (the "Assignment") is entered into by and between IberiaBank, a Louisiana state bank, as the successor in interest to certain assets and liabilities of Orion Bank through purchase and assumption from the Federal Deposit Insurance Corporation, as Receiver for Orion Bank, Naples, Florida ("Bank") and Bluewater of Cape Coral, Inc., a Florida corporation ("Bluewater"), and Carlton Fields ("Escrow Agent"), on April 27|10, 2010. Bank and Bluewater are collectively referred to, where appropriate, as the "Parties".

RECITALS

WHEREAS, Bluewater is a member in a class action involving Chinese Drywall lawsuit presently pending in the United States District Court Eastern District of Louisiana styled as *In Re: Chinese-Manufactured Drywall Products Liability Litigation*, MDL No. 2047 (the "Chinese Drywall Federal Lawsuit");

WHEREAS, Bluewater may now or hereafter also be a party to a class action or other litigation proceedings involving Chinese Drywall lawsuit in state or federal court (the "Additional Chinese Drywall Lawsuits");

WHEREAS, Bluewater owns certain rights to recovery in the Lawsuit and has not previously assigned such rights;

WHEREAS, Bluewater is indebted to Bank by virtue of that certain loan made by Bank to Bluewater ("Loan"), as evidenced by that certain Renewal Promissory Note dated January 5, 2009 in the original principal amount of $3,048,538.20 and secured by that certain Mortgage Deed recorded in Official Records Book 4549, Page 3817, as modified by that certain Mortgage

16727888.4

Modification Agreement recorded November 17, 2006 under Official Records Instrument ("ORI") 2006000433987, as further modified by that certain Mortgage Modification Agreement recorded June 1, 2007 under ORI 2007000175140, as further modified by that certain Mortgage Modification and Spreader Agreement recorded May 22, 2008 under ORI 200800013805, as further modified by that certain Mortgage Modification Agreement recorded July 13, 2008 under ORI 2008000206094, as further modified by that certain Mortgage Spreader Agreement recorded January 7, 2009 under ORI 2009000003907 and re-recorded January 9, 2009 under ORI 2009000006125, as further modified by that certain Mortgage Modification Agreement recorded on February 5, 2009 under ORI 2009000029807, all of the Public Records of Lee County, Florida, and all other documents evidencing and/or securing the Loan (collectively, the "Loan Documents"), all now held by IBERIABANK, as the successor in interest to certain assets and liabilities of Orion Bank through purchase and assumption from the Federal Deposit Insurance Corporation, as receiver.

**WHEREAS**, Bluewater reaffirms its obligation under the Loan and waives any and all defenses or claims in connection therewith, and acknowledges that the full amount of the debt plus additional per diem interest, attorney's fees, and costs, is due and owning to Bank; and

**WHEREAS**, Bluewater wishes to assign, convey, transfer and set over to Bank a portion of the funds received or that may be received by Bluewater, from the Chinese Drywall Lawsuit in order to reduce or, if sufficient in amount, to satisfy the debt owed to Bank by Bluewater.

WHEREAS, IBERIABANK, acknowledges that the Chinese Drywall Federal Lawsuit and Additional Chinese Drywall Lawsuits are being conducted by attorneys for Bluewater on a contingency fee basis which will permit such attorneys to retain a portion of all monies, funds, sums and amounts now due, or hereinafter to become due, to Bluewater (the "Proceeds") from

16727888.4

(a) the Chinese Drywall Federal Lawsuit, (b) the Additional Chinese Drywall Lawsuits.

## TERMS

**NOW THEREFORE**, in consideration of the promises contained herein, and for other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, the Parties do hereby agree as follows:

1. <u>Recitals</u>. The above recitals are true and correct, and are incorporated herein by reference.

2. <u>Assignment of Proceeds</u>. Bluewater hereby assigns, conveys, transfers, and sets over to Bank eighty percent (80%) of all monies, funds, sums and amounts now due, or hereinafter to become due, to Bluewater (the "Proceeds") after payment of contingency fees and expenses from (a) the Chinese Drywall Federal Lawsuit, (b) the Additional Chinese Drywall Lawsuits, and/or (c) any insurance claims related to the presence of Chinese Drywall at the Property, up to the total amount owed by Bluewater to Bank under the Loan immediately after the closing of the short sale transaction described in that certain Forbearance and Loan Modification Agreement by and between Bank and Bluewater dated as of even date herewith ("Debt Obligation") ("Bank's Proceeds"). As of April 30, 2010, the Debt Obligation totaled $1,492,281.19. Bluewater shall retain the remaining twenty percent (20%) of the Proceeds, and one hundred percent (100%) of the Proceeds after the payment in full of the Debt Obligation ("Bluewater's Proceeds"). This assignment shall terminate upon Bank's receipt of Bank's Proceeds as of the date such funds are delivered to Bank.

3. <u>Escrow</u>. Any and all Proceeds received or to be received by Bluewater shall immediately be placed into a separate escrow account with Escrow Agent, 100 S.E. Second Street, Suite 4200, Miami, FL 33131, Phone: (305) 530-0050. Escrow Agent shall immediately

10727888.4

notify Bank and Bluewater upon receipt of the Proceeds. Prior to disbursing any Proceeds to Bank or Bluewater, Escrow Agent shall release to Bluewater the reasonable expenses (determined by Bank in its sole and absolute discretion) incurred by Bluewater in connection with that certain Pre-Trial Order No.1(B) (Preservation of Physical Evidence) in connection with the Chinese Drywall Lawsuit, if applicable. Thereafter, Escrow Agent shall release to Bank all of Bank's Proceeds held in escrow, and release to Bluewater all of Bluewater's Proceeds held in escrow. Bank hereby agrees to apply to the Debt Obligation any and all of Bank's Proceeds released from escrow pursuant to this Assignment until the Debt Obligation is paid in full.

4.  Full Cooperation. Bluewater hereby agrees that it will execute and deliver to Bank any additional documents that may be required by Bank to effectuate the purpose of this Assignment and shall use best efforts in ensuring recovery of all sums recoverable by Bluewater in the Chinese Drywall Lawsuit and preserving all evidence as provided by the Court in its pretrial order in the Chinese Drywall Lawsuit and in assuring that all sums recoverable by Bluewater are paid to the Escrow Agent to be disbursed in accordance with this Agreement.

5.  Ratification of Loan Documents. The Parties acknowledge (except as expressly stated herein and in the Forbearance Agreement of even date herewith) that Loan Documents are unaffected, unchanged, and unimpaired, and all such agreements, documents, and instruments remain enforceable in accordance with their respective terms. Further, Bluewater hereby ratifies and confirms all of its obligations under the Loan Documents. Neither this Assignment nor any earlier waiver or amendment of any of the Loan Documents will constitute a novation or have the effect of discharging any liability or obligation evidenced thereby.

6.  Miscellaneous. This Assignment contains the final, complete, and exclusive expression of the understanding of the Parties with respect to the obligations created under it and

167278SS.4

supersedes any prior or contemporaneous agreement, understanding, or representation, oral or written, by either of them. A waiver or modification of any provision of this Assignment is valid only if the waiver or modification is in writing and signed by each of the Parties. The titles and headings preceding the text of the sections of this Assignment have been inserted solely for convenience of reference and do not affect this Assignment's meaning or effect. This Assignment is binding on each heir, assignee, and personal representative of the Parties, and inures to the benefit of each assignee and successor of Bank. This Assignment is not assignable by Bluewater, and any attempted assignment by Bluewater will not be valid or effective against Bank. Bank may assign this Assignment, and Bank's assignee will succeed to all the rights of Bank under it. If any provision in this Assignment is found by a court of competent jurisdiction to be invalid or unenforceable under applicable law, that provision will be deemed to be separable from the remaining provisions of this Assignment and will not affect the validity, interpretation, or effect of other provisions of this Assignment or the application of that provision to circumstances in which it is valid and enforceable. This Assignment is binding on the Parties and their assignees and designees only as permitted by this Assignment and successors of Bank but to no other party; it being the intent of the Parties that no third-party shall have any rights, claims or benefits arising from or under the terms and provisions of this Assignment.

7. <u>Notices</u>. All notices, demands, requests and other communications required under this Assignment must be in writing and delivered by hand or mail, and shall be conclusively deemed to have been delivered and received when sent by United States certified mail, return receipt requested, addressed to the Party for whom it is intended at the address set forth below. Any of the Parties party may designate a change of address by written notice to the other party, if such written notice is received by such other Party at least 5 days before such change of address

16727888.4

Assignment of Proceeds
Page 18 of 19

is to become effective.

    As to Bank:    Alan M. Grunspan, Esq.
            Carlton Fields, P.A.
            4200 International Place
            100 Southeast Second Street
            Miami, Florida 33131

    As to Bluewater:  Bluewater of Cape Coral, Inc
            11441 Longwater Chase Ct
            Fort Myers, FL 33908

8.  WAIVER OF JURY TRIAL. NO PARTY TO THIS ASSIGNMENT, NOR ANY ASSIGNEE, SUCCESSOR, HEIR, OR PERSONAL REPRESENTATIVE THEREOF OR ANY SUCH OTHER PERSON OR ENTITY, MAY SEEK (AND EACH OF THEM HEREBY IRREVOCABLY WAIVES ITS RIGHT TO SEEK) A JURY TRIAL IN ANY LAWSUIT, PROCEEDING, COUNTERCLAIM, OR ANY OTHER LITIGATION PROCEDURE BASED UPON OR ARISING OUT OF THIS ASSIGNMENT OR ANY RELATED INSTRUMENT OR ASSIGNMENT, ANY COLLATERAL FOR THE PAYMENT HEREOF OR THEREOF, OR THE DEALINGS OR THE RELATIONSHIP BETWEEN OR AMONG SUCH PERSONS OR ENTITIES, OR ANY OF THEM. NO PARTY TO THIS ASSIGNMENT WILL SEEK TO CONSOLIDATE ANY SUCH ACTION, IN WHICH A JURY TRIAL HAS BEEN WAIVED, WITH ANY OTHER ACTION IN WHICH A JURY TRIAL CANNOT BE OR HAS NOT BEEN WAIVED. THE PROVISIONS OF THIS PARAGRAPH HAVE BEEN FULLY DISCUSSED BY THE PARTIES HERETO, AND THE PROVISIONS HEREOF WILL BE SUBJECT TO NO EXCEPTIONS. NO PARTY HAS IN ANY WAY AGREED WITH OR REPRESENTED TO ANY OTHER PARTY THAT THE PROVISIONS OF THIS PARAGRAPH WILL NOT BE FULLY ENFORCED IN ALL INSTANCES.

IBERIABANK:

By:_____
As:_____
Printed Name:_____
Date:_____


BLUEWATER OF CAPE CORAL, INC.:

By: /s/ Don Throgmartin
As: Pres.
Printed Name: DON THROGMARTIN
Date: 4-27-10


ESCROW AGENT

CARLTON FIELDS, P.A.:

By:_____
As:_____
Printed Name:_____
Date:_____


16727888.4

IBERIABANK:

By: *[signature]*
As: VICE PRESIDENT
Printed Name: MATTHEW F. SELUK
Date: 4/29/10

BLUEWATER OF CAPE CORAL, INC.:

By: *[signature]*
As: Pres.
Printed Name: DON THROGMARTIN
Date: 4-27-10

ESCROW AGENT

CARLTON FIELDS, P.A.:

By: *[signature]*
As: AUTHORIZED SIGNATORY
Printed Name: MARTHA G. MONTEN
Date: 4/29/2010

16727888.4