UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: CHINESE-MANUFACTURED DRYWALL | MDL No. 2047 |
| | SECTION: L |
| THIS DOCUMENT RELATES TO: ALL CASES | JUDGE FALLON |
| | MAG. JUDGE WILKINSON |

PLAINTIFFS' MOTION TO SUBMIT LATE-FILED CLAIM INTO
THE GLOBAL BANNER INEX SETTLEMENT AGREEMENTS

COMES NOW the Plaintiffs, Ramiro Torres-Barajas and Noel Torres (CDW claimant ID 112565) ("Plaintiffs"), by and through undersigned counsel, and requests this Court for an order allowing them to submit their foreclosure claim into the Global, Banner, InEx Settlement (GBI) and would show the Court that:

1. Plaintiffs, through their counsel, were timely registered on the Brown Greer portal.

2. Plaintiffs, through their counsel, prepared Global, Banner, InEx Pre-remediation Alternative Living Expenses Claim form, a Foreclosure and Lost Equity Claim form and a Miscellaneous Claim form on September 24, 2013.

3. Plaintiffs are eligible class members, having owned and/or resided in an Affected Property.

4. This firm, which collectively filed approximately 6,000 claims on behalf of their clients, recently discovered that the Plaintiffs' claim form for Foreclosure and Lost Equity was inadvertently not uploaded to the portal

5. The reason that Plaintiffs' claim for Foreclosure and Lost Equity was not filed timely is due to an inadvertent error, mistake and/or excusable neglect on behalf of undersigned counsel and is in no way the fault of the Plaintiffs themselves.

6. No prejudice will result from the inclusion of the Plaintiffs' Foreclosure and Lost Equity Claim.  No action has been taken in the proceeding which could cause prejudice to any other party in the proceeding.

7. Given that Plaintiffs were timely registered and have other claims filed, undersigned counsel moves that the Court invoke its equitable powers to permit Plaintiffs Foreclosure and Lost Equity Claim to be included in the Settlement process.

8. Pursuant to CAP 2013-6, paragraph 3, upon a showing of good cause the Court

may allow the Settlement Administrator to accept claims after the January 15, 2014, deadline.

9. Plaintiffs were declared ELIGIBLE and received payment on their GBI Repair and Relocation Expenses Claim that was submitted on September 24, 2013.

10. Because all of the documents were attained but inadvertently not submitted for the Foreclosure and Lost Equity Claim as part of the submission process to the claims portal, counsel can expeditiously submit the documentation to the Claims Administrator to file this claim. Therefore, undersigned counsel seeks, on behalf of Plaintiffs, an order granting this motion to file their Foreclosure and Lost Equity claim into the GBI fund.

WHEREFORE, for the above reasons, RAMIRO TORRES-BARAJAS and NOEL TORRES respectfully request this Honorable Court enter an order permitting them, through counsel, to submit their Foreclosure and Lost Equity Claim form and to deem it timely filed.

DATED: January 30, 2015

Respectfully submitted,
*/s/ Gary E. Mason*
Gary E. Mason
Daniel K. Bryson
WHITFIELD BRYSON & MASON LLP
1625 Massachusetts Ave., NW, Suite 605
Washington, D.C. 20036
Telephone: (202) 429-2290
Facsimile: (202) 429-2294
gmason@wbmllp.com
dan@wbmllp.com

Joel R. Rhine
RHINE MARTIN LAW FIRM
1612 Military Cutoff Rd
Suite 300
Wilmington, NC 28403
Telephone:  (910) 772-9960
Facsimile:   (910) 772-9062
jrr@rhinelawfirm.com


*Counsel for Plaintiffs*

CERTIFICATE OF SERVICE

      I hereby certify that a copy of the foregoing Motion to Submit Late-Field Claim has been served by U.S. Mail and email to Russ Herman, Esq., Plaintiffs' Liaison Counsel, and Kerry Miller, Esq., Defendants' Liaison Counsel, and upon all parties by electronically uploading the same to File and ServeXpress f/k/a Lexis Nexis File and Serve in Accordance with Pretrial Order No. 6, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF system, which will send a notice of electronic filing in accordance with the procedures established in MDL 2047, on this ____ day of January, 2015.

                                            /s/ Gary E. Mason
                                            Gary E. Mason