UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: CHINESE-MANUFACTURED DRYWALL PRODUCTS LIABILITY LITIGATION | ) ) ) ) ) ) ) ) ) | CASE NO. 2:09-MD-02047 SECTION L JUDGE FALLON MAG. JUDGE WILKINSON |
| (Relates to *Amato v. Liberty Mutual Ins.*, No. 2:10-cv-00932) | | |

### JOINDER OF DEFENDANT AMERICAN HOME ASSURANCE COMPANY IN PLAINTIFFS' MOTION TO AMEND COMPLAINT BY INTERLINEATION

Defendant American Home Assurance Company (American Home) joins in plaintiffs' motion to amend their complaint by interlineation (Motion) [Rec. Doc. 18263], filed on January 14, 2015. Plaintiffs seek to dismiss primary insurer American Home, which exhausted its policy limits in connection with remediation of Chinese-manufactured drywall, and substitute excess insurer, Westchester Fire Insurance Company (Westchester) as a party in *Amato*. American Home adopts plaintiffs' Motion and memorandum, and in further support, states as follows:

### FACTS

In the *Amato* Omnibus Complaint V, plaintiff Damien Querol sues for personal injuries and property damages allegedly caused by defective Chinese-manufactured drywall installed in his condominium unit in the Peninsula II Condominium located in Aventura, Florida (the Project). Defendant Gryphon Construction, LLC (Gryphon) was the general contractor for the Project, and along with other construction parties, was insured by co-defendant American Home under three commercial general liability policies as part of an Owner Controlled Insurance Program.

These American Home primary policies provided a single four million dollar completed operations limit for the Project, including a five-year period after the Project was completed.

Westchester issued one or more policies providing coverage to Gryphon excess of the American Home policy limits.

Gryphon and other insureds under the American Home and Westchester policies remediated the Chinese-manufactured drywall from the Project. They sought recovery of their remediation costs from the American Home and Westchester policies.

On December 11, 2009, American Home commenced coverage litigation against Gryphon and other insureds, which added Westchester as a third-party defendant, in the matter of *American Home Assurance Company v. Peninsula II Developers, Inc., et al.,* (S.D. Fla. No. 1:09-cv-23691), before the Honorable Patricia A. Seitz. On June 2, 2011, American Home reached a settlement with Gryphon and other insureds whereby American Home paid its four million dollar completed operations limit, thereby exhausting that limit under its policies.

After American Home was dismissed from the coverage litigation, the insureds, including Gryphon, continued to litigate coverage against Westchester, which argued that that it had no obligation to pay the insureds' costs to remove the Chinese drywall. Westchester claimed that each American Home each policy has a separate four million dollar completed operations limit, and American Home had paid only one of those limits. Peninsula II moved for summary judgment against Westchester arguing that the American Home policies had a single four million dollar limit that was exhausted. Gryphon moved for summary judgment on this issue as well, asserting that "because American Home has indisputably paid in excess of $4,000,000, American Home exhausted its Primary Policies." Westchester opposed both motions arguing against exhaustion of the American Home policies.

Rejecting Westchester's position, Judge Seitz held the plain language of the American Home policies provided a single completed operations limit for all three policies. Judge Seitz observed that the "language is so straight forward and clear that the Court is at a loss to

understand how the parties could disagree so vehemently over its interpretation." *Id.* at 19. On this basis, the court granted Peninsula's motion for summary judgment on the issue of American Home's four million dollar policy limit.

## ARGUMENT

Because the applicable limit under American Home policies is exhausted, American Home should be dismissed from this case. Notably, the *Amato* plaintiffs and co-defendant, Gryphon, agree. American Home has no obligation to provide further coverage to Gryphon for allegedly defective Chinese-manufactured drywall installed in plaintiffs' condominium units. Further, American Home has no liability to plaintiffs under the Louisiana Direct Action Statute for any damages they seek to recover from Gryphon for Chinese-manufactured drywall in their units.

All parties with an interest in the American Home coverage for plaintiffs' claims agree that American Home exhausted the applicable limit and has no coverage obligations. Plaintiffs have moved to dismiss American Home on the grounds that the policies are exhausted. Motion at 2 ("American Home paid the $4 million limit in a settlement with Peninsula II and Gryphon, and thereby exhausted its coverage."). In the Florida coverage litigation, Gryphon admitted that the American Home policies were exhausted, and thereafter, sought coverage under the Westchester policies on that basis. Gryphon Motion at 10.

American Home should be dismissed from this action. American Home does not need to be a party in the case for Westchester to resolve its coverage obligations to plaintiffs. Those obligations, whatever they may be, will not impact American Home, which plaintiffs in *Amato* and Gryphon agree has no obligation to pay.

WHEREFORE, defendant American Home Assurance Company joins in plaintiffs' motion to amend complaint by interlineation, and requests that the Court grant leave to amend the complaint and dismiss American Home as set forth in the Motion and this joinder.

Dated: February 4, 2015

Respectfully submitted,

s/Erin Fury Parkinson
ERIN FURY PARKINSON, T.A. (# 22549)
JOSE L. BARRO, III (# 30857)
McGLINCHEY STAFFORD, PLLC
601 Poydras Street, 12th Floor
New Orleans, Louisiana 70130
Telephone: (504) 586-1200
Facsimile: (504) 910-9539
E-mail: eparkinson@mcglinchey.com
         jbarro@mcglinchey.com

WARREN LUTZ
PAUL D. SMOLINSKY
JACKSON & CAMPBELL, P.C.
1120 20th Street, N.W., Suite 300 South
Washington, D. C. 20036
Phone: (202) 457-1600
Facsimile: (202) 457-1678
E-mail: wlutz@jackscamp.com
         psmolinsky@jackscamp.com

## CERTIFICATE OF SERVICE

I hereby certify that the above and foregoing Joinder of Defendant American Home Assurance Company in Plaintiffs' Motion to Amend Complaint by Interlineation has been served on Plaintiffs' Liaison Counsel, Russ Herman; Defendants' Liaison Counsel, Kerry Miller; Homebuilders' Liaison Counsel, Dorothy Wimberly; Insurance Liaison Counsel, Judy Y. Barrasso; counsel for Westchester Fire Insurance Company, Joseph A. Ziemianski, Esq., Cozen O'Connor, 1221 McKinney Street, Suite 2900, Houston, TX, 77010; by e-mail and upon all parties by electronically uploading the same to LexisNexis File & Serve in accordance with Pre-Trial Order No. 6, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2047 on this 4th day of February, 2015.

                                                                   s/Erin Fury Parkinson
                                                                   ERIN FURY PARKINSON, T.A. (# 22549)
                                                                   JOSE L. BARRO, III (# 30857)
                                                                   McGLINCHEY STAFFORD, PLLC
                                                                   601 Poydras Street, 12th Floor
                                                                   New Orleans, Louisiana 70130
                                                                   Telephone: (504) 586-1200
                                                                   Facsimile: (504) 910-9539
                                                                   E-mail:eparkinson@mcglinchey.com
                                                                             jbarro@mcglinchey.com