AUNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: CHINESE-MANUFACTURED DRYWALL PRODUCTS LIABILITY LITIGATION | ) ) ) ) ) ) ) ) | CASE NO. 2:09-MD-02047 SECTION L JUDGE FALLON |
| (Relates to *Amato v. Liberty Mutual Ins.*, No. 2:10-cv-00932) | | MAG. JUDGE WILKINSON |

### WESTCHESTER FIRE INSURANCE COMPANY'S OPPOSITION TO PLAINTIFFS' MOTION TO AMEND COMPLAINT BY INTERLINEATION

Westchester Fire Insurance Company ("Westchester"), pursuant to the applicable Federal Rules of Civil Procedure and E.D. La. Local Rule 7, oppose Plaintiffs' Motion to Amend Complaint by Interlineation ("motion") and Defendant American Home Assurance Company's ("American Home") joinder in Plaintiffs' motion. A first-filed action in another district court substantially overlaps with the controversy raised by Plaintiffs here. Westchester therefore respectfully requests that this Honorable Court deny Plaintiffs' motion, and refuse to allow Plaintiffs to substitute Westchester in place of American Home as a defendant in the action styled as *Amato, et al. v. Liberty Mutual Ins., et al.*, No. 2:10-cv-00932 (E.D. La.).

### I. FACTS

**A.     The *Pen II* Action**

On December 11, 2009, American Home filed a declaratory judgment action styled as *Am. Home Assur. Co. v. Pen. II Dev., Inc.,* No. 1:09-cv-23691, against its insureds, Gryphon Construction, LLC ("Gryphon") and Peninsula II Developers, Inc. ("Peninsula II"), in the United States District Court for the Southern District of Florida (the "*Pen II* action").[1] American Home, in the *Pen II* action, sought a declaration as to its coverage obligations to Gryphon and Peninsula

---

[1]     A true and correct copy of American Home's complaint in the *Pen II* action is attached hereto as Exhibit 1.

II, if any, under three primary insurance policies (the "American Home policies"), stemming from numerous claims arising from allegedly defective drywall installed at the Peninsula II Condominium located at 3301 NE 183rd Street, Aventura, Florida (the "Pen II defective drywall claims").[2]

On January 29, 2010, Peninsula II filed a third-party complaint against Westchester in the *Pen II* action, seeking a declaration as to Westchester's coverage obligations, if any, under excess policies issued by Westchester which sit above the American Home policies (the "Westchester policies"), stemming from the Pen II defective drywall claims.[3]

American Home, Westchester, Gryphon and Peninsula II, among others, litigated the *Pen II* action until August 22, 2012, when Judge Seitz of the United States District Court for the Southern District of Florida stayed the *Pen II* action until the court in the underlying state court lawsuit determined the nature and extent of Gryphon, Peninsula II and the other insureds' liability.[4] Judge Seitz "administratively closed" the *Pen II* action, ordering that the parties shall move to reopen the case once the underlying case has been resolved.[5]

Just a few months ago, on October 24, 2014, Judge Seitz issued an Order in which she held that the coverage issues are not ripe for determination, as the state court proceedings are still

---

[2] *See* Exhibit 1.

[3] A true and correct copy of Peninsula II's third-party complaint in the *Pen II* action is attached hereto as Exhibit 2.

[4] A true and correct copy of Judge Seitz's August 22, 2012 Order in the *Pen II* action was attached to Plaintiffs' motion as Exhibit A. *See* Dkt. No. 18263-2.

[5] *See* Dkt. No. 18263-2.

pending.⁶  On November 13, 2014, Judge Seitz issued another Order in which she confirmed that the underlying state court proceedings are still pending and progressing.⁷

Less than one month ago, on January 14, 2015, Gryphon, Peninsula II and Westchester filed a joint status report, advising that there have been no significant developments in the state court proceedings since the Court's November 13, 2014 Order.⁸  Once the underlying state court proceedings are resolved, the parties may move to reopen *Pen II* and litigate coverage issues.

B.     **The *Amato* Action**

On March 19, 2010 – more than three months after American Home filed the *Pen II* action – Plaintiffs filed an Omnibus Class Action Complaint (V) in the action styled as *Amato, et al. v. Liberty Mutual Ins., et al.*, No. 2:10-cv-00932, in the United States District Court for the Eastern District of Louisiana (the "*Amato* action").⁹  As this Honorable Court is aware, the *Amato* action was subsequently consolidated into MDL 2047, and on May 11, 2010, Plaintiffs filed an Amended Omnibus Class Action Complaint (V) related to the *Amato* action.¹⁰

At the time the *Amato* action was initiated in March 2010, American Home had already filed the *Pen II* action against Gryphon and Peninsula II, and Peninsula II had already brought Westchester in to the *Pen II* action as a third-party defendant.  Now, almost five years later,

---

⁶     A true and correct copy of Judge Seitz's October 24, 2014 Order in the *Pen II* action is attached hereto as Exhibit 3.  Since Judge Seitz's August 22, 2012 order, Peninsula II filed a separate state court action, which is why Judge Seitz's October 24, 2014 Order refers to two underlying proceedings, and her August 22, 2012 Order only referred to one underlying proceeding.

⁷     A true and correct copy of Judge Seitz's November 13, 2014 Order in the *Pen II* action is attached hereto as Exhibit 4.

⁸     A true and correct copy of Gryphon, Peninsula II and Westchester's January 14, 2015 Joint Status Report in the *Pen II* action is attached hereto as Exhibit 5.

⁹     A true and correct copy of the first page of Plaintiffs' omnibus class action complaint in the *Amato* action (the "*Amato* complaint") is attached hereto as Exhibit 6.  Because the *Amato* complaint is so voluminous, and because this Honorable Court is familiar with the *Amato* action, Westchester attaches only the first page of the *Amato* complaint.

¹⁰    *See* Dkt. No. 3132 for a true and correct copy of Plaintiffs' amended omnibus class action complaint in the *Amato* action (the "*Amato* amended complaint").

3

Plaintiffs seek to substitute Westchester in place of American Home as a defendant in the *Amato* action,[11] and American Home joins in this request.[12]

## II.   ARGUMENT & AUTHORITIES

### A.   The First-Filed Doctrine Precludes Plaintiffs from Litigating Defective Drywall Claims Arising out of the Peninsula II Condominium against Westchester

As both Plaintiffs and American Home acknowledge, the claims of *Amato* Plaintiff Damien Querol – the only plaintiff referenced in Plaintiffs' motion and American Home's joinder – arise entirely from damages caused by alleged defective drywall in the Peninsula II Condominium.[13]

The *Pen II* action deals with Westchester's coverage obligations, if any, to Gryphon and Peninsula II stemming from damages caused by alleged defective drywall in the Peninsula II Condominium.  That is precisely the controversy Plaintiffs seek to litigate here by substituting Westchester for American Home.  Accordingly, pursuant to the first-filed doctrine – which has been widely upheld by the Fifth Circuit Court of Appeals and numerous courts within this circuit, including this district court – the controversy should be handled by Judge Seitz in the United States District Court for the Southern District of Florida, as the *Pen II* action was filed months before the *Amato* action.

Where there are two separate lawsuits concerning the same core facts pending in two separate district courts, the first-filed doctrine "typically weighs toward resolution of all potential controversies in the first filed forum."[14]

---

[11]   *See* Dkt. No. 18263 (Plaintiffs' motion and related documents).

[12]   *See* Dkt. No. 18291 (American Home's joinder and related documents).

[13]   *See* Dkt. No. 18263 (Plaintiffs' motion and related documents) and Dkt. No. 18291 (American Home's joinder and related documents).

[14]   *Republic Business Credit, LLC v. Greystone & Co., LLC*, No. Civ. A. 13-5535, 2014 WL 122102, *7 (E.D. La. Jan. 10, 2014) (citing *Central Freight Lines Inc. v. APA Transport Corp.*, 322 F.3d 376, 384 (5th Cir. 2003)).  *See also West Gulf Maritime Assoc. v. ILA Deep Sea Local 24, et al.*, 751 F.2d 721, 728-731 (5th Cir. 1985).

4

As the Fifth Circuit Court of Appeals explained:

> The federal courts long have recognized that the principle of comity requires federal district courts -- courts of coordinate jurisdiction and equal rank -- to exercise care to avoid interference with each other's affairs.  As between federal district courts … the general principle is to avoid duplicative litigation.
>
> \*          \*          \*
>
> This circuit has recognized and applied these comity principles that underlie the first-filed rule.  In [a prior decision], we held that the court with prior jurisdiction over the common subject matter should resolve all issues presented in related actions.[15]

Here, there are two separate lawsuits (the *Pen II* action and the *Amato* action) concerning the same core facts (coverage issues related to damages caused by alleged defective drywall in the Peninsula II Condominium) pending in two separate district courts (a district court in the Southern District of Florida and this court).[16]  Accordingly, pursuant to the Fifth Circuit, "the court with prior jurisdiction over the subject matter" – that is, Judge Seitz in the *Pen II* action – "should resolve all issues presented in related actions."[17]  Plaintiffs should not be permitted to substitute Westchester in place of American Home in the *Amato* action and effectively divest Judge Seitz of the discretion to resolve coverage issues related to claims stemming from defective drywall in the Peninsula II Condominium.

Plaintiffs may argue that *Amato* Plaintiff Damien Querol is not a party to the *Pen II* action, and therefore, the first-filed doctrine is inapplicable.  This argument fails.  As the Fifth Circuit explained, the first-filed court should retain jurisdiction "regardless of whether or not the suits …

---

[15]     *West Gulf,* 751 F.2d at 728-30 (internal citations and quotations omitted).

[16]     Westchester understands that the *Amato* action involves many issues and facts other than damages caused by alleged defective drywall in the Peninsula II Condominium.  Plaintiffs' motion, however, pertains only to *Amato* Plaintiff Damien Querol, whose claim stems entirely from damages caused by alleged defective drywall in the Peninsula II Condominium.  Any other issues and facts in the *Amato* action are therefore not relevant to the Plaintiffs' motion.

[17]     *West Gulf,* 751 F.2d at 730.

are identical, if they overlap on the substantive issues[.]"[18]  District courts within the Fifth Circuit, including Louisiana district courts, have clarified that:

> The crucial inquiry … is one of substantial overlap.  This inquiry is satisfied if the two actions involve closely-related questions or common subject matter.  The cases need not be identical, and neither the parties nor the issues presented in the cases need be identical.  Cases substantially overlap if they are closely related, or if they are interrelated because the facts, witnesses and evidence are inextricably intertwined.[19]

Here, the *Pen II* action and *Amato* action (as it pertains to Plaintiff Damien Querol) "substantially overlap."  They both deal with Westchester's coverage obligations, if any, to Gryphon and Peninsula II stemming from damages caused by alleged defective drywall in the Peninsula II Condominium.  The facts and evidence, including the Westchester policies and Gryphon and Peninsula II's liability for the damages caused by defective drywall in the Peninsula II Condominium, are "inextricably intertwined."

The first-filed court should therefore retain jurisdiction.  Here, that is the United States District Court for the Southern District of Florida, where the *Pen II* action was filed months prior to the *Amato* action.

**B.  The *Pen II* Order on Which Plaintiffs Rely in Sole Support of their Motion is Not a Final Judgment and is Subject to Appeal**

Plaintiffs argue in their motion that the coverage provided by American Home to Gryphon and Peninsula II has been exhausted, and therefore, American Home should be dismissed from the *Amato* action and Westchester, which issued policies that sit excess to the American Home policies, should be substituted American Home's place.[20]  Plaintiffs argue that the coverage

---

[18]   *Mann Mfg., Inc. v. Hortex, Inc.*, 439 F.2d 403, 408 n. 6 (5th Cir. 1971).

[19]   *Marks v. Mackey*, No. Civ. A. 6:14-cv-00441, 2014 WL 3530137, *3 (W.D. La. July 15, 2014) (internal citations and quotations omitted).  *See also Needbasedapps, LLC v. Robbins Research Intern., Inc.*, 926 F.Supp.2d 907, 913 (W.D. Tex. 2013) (virtually identical language).

[20]   *See* Dkt. No. 18263 (Plaintiffs' motion and related documents).

6

provided by American Home to Gryphon and Peninsula II has been exhausted because Judge Seitz held, in the *Pen II* action, that there is only one $4 million products-completed operations aggregate limit available under the American Home policies, and American Home has since settled with Gryphon and Peninsula II for $4 million.[21]

This logic is fundamentally flawed.  Importantly, Judge Seitz's August 22, 2014 ruling in *Pen II* – on which Plaintiffs rely in their motion as sole support for their argument that American Home has exhausted its coverage and therefore should be dismissed from the *Amato* action – is subject to appeal once a final judgment is entered.  Final judgment has <u>not</u> been entered in the *Pen II* case.

It is entirely possible that the appellate court will determine that each of the three American Home policies are separate polices with separate products-completed operations aggregate limits, requiring a determination of when the damage occurred to know which policy applies.  If this occurs, it will <u>not</u> necessarily be the case that the coverage provided by American Home has been exhausted by virtue of American Home's $4 million settlement with Gryphon and Peninsula.

If the appellate court renders a holding in *Pen II* which deviates from that of Judge Seitz, and this Court has permitted American Home to be dismissed from the *Amato* action and Westchester to be substituted in its place, the parties here will be forced to bring American Home back into the *Amato* action.  This Honorable Court should therefore abstain from dismissing American Home and substituting Westchester until a final judgment has been entered in the *Pen II* action and any potential appeal has been resolved.

---

[21] *See id.* (citing Judge Seitz's August 22, 2012 Order in the *Pen II* action, which was attached to Plaintiffs' motion as Exhibit A).

### III. CONCLUSION

WHEREFORE, for the reasons discussed above, Westchester respectfully requests that this Honorable Court deny Plaintiffs' motion, and refuse to allow Plaintiffs to substitute Westchester in place of American Home as a defendant in the *Amato* action.

Dated: February 9, 2015                    Respectfully Submitted,

                                           BY:   */s/ John W. Hite*

                                           John W. Hite (T.A. 17611)
                                           Salley, Hite, Mercer & Resor LLC
                                           365 Canal Street
                                           One Canal Place, Suite 1710
                                           New Orleans, LA 70130
                                           Phone: (504) 566-8802
                                           Fax: (504) 566-8828
                                           jhite@shmnola.com

                                           Joseph A. Ziemianski
                                           Cozen O'Connor
                                           1221 McKinney Street, Suite 2900
                                           Houston, Texas 77010
                                           Telephone: (832) 214-3900
                                           Telecopier: (832) 214-3905
                                           jziemianski@cozen.com

                                           *Counsel for Westchester Fire Insurance Company*

## **CERTIFICATE OF SERVICE**

I hereby certify that the above and foregoing Westchester's Opposition to Plaintiffs' Motion to Amend Complaint by Interlineation has been served on Plaintiffs' Liaison Counsel, Russ Herman, and Defendants' Liaison Counsel, Kerry Miller, by U.S. Mail and e-mail or by hand delivery and e-mail and upon all parties by electronically uploading the same to Lexis Nexis File & Serve in accordance with Pretrial Order No. 6, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2047, on this 9th day of February 2015.

                                                        */s/ John W. Hite III*

                                                        John W. Hite (T.A. 17611)
                                                        Salley, Hite, Mercer & Resor LLC
                                                        365 Canal Street
                                                        One Canal Place, Suite 1710
                                                        New Orleans, LA 70130
                                                        Phone: (504) 566-8802
                                                        Fax: (504) 566-8828
                                                        jhite@shmnola.com