IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

**09-CV-23691-Seitz-O'Sullivan**

**AMERICAN HOME ASSURANCE COMPANY**, a New York Corporation,

    **Plaintiff**,

v.

**PENINSULA II DEVELOPERS, INC.**, a Florida corporation, **GRYPHON CONSTRUCTION, LLC**, a Florida limited liability company and **SKYLINE SYSTEMS, INC.**, a Florida corporation,

    **Defendants**.



FILED by VT D.C.
ELECTRONIC

**Dec. 11, 2009**

STEVEN M. LARIMORE
CLERK U.S. DIST. CT.
S.D. OF FLA. - MIAMI

## COMPLAINT FOR DECLARATORY JUDGMENT

American Home Assurance Company (American Home) sues defendants Peninsula II Developers, Inc. (Peninsula), Gryphon Construction, LLC (Gryphon) and Skyline Systems, Inc. (Skyline) and alleges as follows:

### INTRODUCTION

1. American Home seeks a declaration that it owes no duty to defend or indemnify defendants Peninsula, Gryphon, and Skyline under three liability insurance policies issued by American Home with respect to claims related to allegedly defective drywall installed in the Peninsula II Condominium.

2. There is an actual, present and bona fide controversy between the parties concerning the alleged coverage obligations of American Home to defend and indemnify the defendants with respect to the claims involving allegedly defective drywall.

## PARTIES

3. American Home is a New York corporation with its principal place of business in New York, New York.

4. Upon information and belief, Peninsula is a Florida corporation with its principal place of business in North Miami, Florida. Peninsula is the developer of a 220 unit condominium project located at 3301 NE 183rd Street, Aventura, Florida, that is known as the Peninsula II Condominium.

5. Upon information and belief, Gryphon is a Florida limited liability company with its principal place of business in North Miami, Florida. Peninsula contracted with Gryphon to serve as the general contractor for the construction of the Peninsula II Condominium.

6. Upon information and belief, Skyline is a Florida corporation with its principal place of business in Miami, Florida. Gryphon contracted with Skyline to serve as the drywall subcontractor for the Peninsula II Condominium.

## JURISDICTION AND VENUE

7. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 2201 and 1332, as amended. This matter involves a dispute between citizens of different states and the value in controversy exceeds $75,000, exclusive of interest and costs.

8. Venue is proper in this district pursuant to 28 U.S.C. § 1391(a) and (c) because one or more of the defendants resides and conducts business in this district, and a substantial part of the events giving rise to this claim occurred in this district.

9. American Home is entitled to declaratory relief under 28 U.S.C. §§ 2201-2202 in accordance with Florida law.

2

## GENERAL ALLEGATIONS

### The Defective Drywall Claims

10. On or about February 9, 2009, Gryphon notified Skyline by letter that Gryphon had received a complaint "concerning possible property damage and bodily injury resulting from fumes or other gaseous discharges from drywall provided by [Skyline] at the Project." The letter indicates that a condominium unit owner at the Peninsula II Condominium claims that he and his family members have "experienced damaged property and health issues as a result of alleged sulfur gas discharge from the drywall in their unit." A copy of the letter is attached as **Exhibit A**.

11. On or about February 19, 2009, Gryphon notified American Home by letter that Gryphon had received notice of a claim from a unit owner at the Peninsula II Condominium. According to the letter, the unit owner claimed that he and his family have "experienced damaged property and health issues as a result of claimed sulfur emissions from somewhere in the unit." A copy of the letter is attached as **Exhibit B**.

12. On or about February 23, 2009, the owner of Peninsula II Condominium Unit 2005 notified Peninsula by letter, pursuant to Fl. Stat. § 558.004(3), of alleged property damage to walls, ceilings, fixtures, electrical systems and the HVAC system. The unit owner further reported that its tenant vacated the unit due to health concerns. The letter states that Chinese-sourced drywall has been found in units in the Peninsula II Condominium, and that the drywall has been associated with the type of property damage found in the unit. A copy of the letter is attached as **Exhibit C**.

13. On or about February 23, 2009, Peninsula notified Gryphon by letter that testing at the Peninsula II Condominium confirmed that drywall installed by Gryphon or a subcontractor came from China, and that such drywall may be "defective due to the off-

3

gassing of certain chemicals." Peninsula asserts that the "off-gassing may have a corrosive effect on certain wiring, plumbing fixtures, electronics and the like." Peninsula demanded that Gryphon correct all deficiencies and defend and indemnify Peninsula with respect to all claims. A copy of the letter is attached as **Exhibit D**.

14. On or about March 5, 2009, Gryphon notified various firms by letter that the owner of Peninsula II Condominium Unit 2005 "asserts that the drywall in the unit is discharging noxious and/or corrosive gases causing economic damages, possible personal injury, and damage to the fixtures and personal property." A copy of the letter is attached as **Exhibit E**.

15. On or about April 24, 2009, Gryphon provided notice to certain insurers by letter regarding the claims by the owner of Peninsula II Condominium Unit 2005 and Peninsula. The letter states that the drywall subcontractor "furnished drywall which allegedly is off-gassing sulfuric compounds" that allegedly "cause the copper and other soft metals in the condominium unit and common areas to corrode." A copy of the letter is attached as **Exhibit F**.

16. On or about April 29, 2009, the Peninsula II Condominium Association, Inc. (the Association), notified Peninsula, by letter, pursuant to Fl. Stat. § 558.004(3), that "defective drywall" exists at the Peninsula II Condominium. The Association states that its notice letter relates to units and common areas because the "Chinese Drywall and its resulting defects appear throughout the [building]." The Association further states that the observed defects include "corrosion on electrical contacts, air conditioning coils and wiring, electrical wiring, plumbing, and sprinkler system copper fixtures." A copy of the letter is attached as **Exhibit G**.

4

17. On or about April 30, 2009, pursuant to Fl. Stat. § 558.004(3), Peninsula forwarded to Gryphon a copy of the Association letter dated April 29, 2009. Peninsula states in its forwarding letter that it has performed an initial investigation and found units that appear to contain Chinese drywall, and has claims with respect to units it owns that are independent of the Association's claims. A copy of the Peninsula letter is attached as **Exhibit H**.

18. On or about June 3, 2009, Skyline, by letter, made a claim against the American Home policies based on claims forwarded from Gryphon concerning "Chinese drywall" in which "claimants have given notice of physical damage to other components of the building, as well as risk of personal injury." Skyline states that Peninsula and Gryphon "intend to proceed promptly to set a protocol for repairs, and to commence repairs very rapidly." A copy of the letter is attached as **Exhibit I**.

19. Upon information and belief, Peninsula, Gryphon or both have begun to repair and replace drywall, building components and other property in the Peninsula II Condominium. All defendants seek reimbursement or payment from American Home of their repair and defense costs.

**Drywall Studies**

20. Beginning in or about 2009, various Federal and State agencies, as well as private testing firms, analyzed drywall and reported that certain drywall, including drywall manufactured in China, contains and emits sulfur-related chemical compounds that are associated with corrosion of metal, damage to other property and complaints of odors and adverse health effects.

21. In October 2009, the United States Consumer Product Safety Commission (CPSC) released several reports concerning testing upon Chinese and

5

domestically-produced drywall. Those reports conclude that the Chinese drywall contained higher concentrations of elemental sulfur compared to the domestic drywall. Further, the Chinese drywall emitted higher levels of total volatile sulfur compounds than did the domestic drywall.

22. On or about November 23, 2009, the CPSC released reports regarding additional drywall testing. The CPSC reported that in a fifty-one home study, hydrogen sulfide gas was detected in homes with defective drywall in concentrations that were statistically higher than in homes without such drywall. Further, examination of copper wiring in homes containing defective drywall exhibited corrosion.

23. Upon information and belief, a private testing firm retained by one or more defendants inspected various Peninsula II Condominium units and confirmed that drywall installed in the building contains elevated levels of sulfur compounds characteristic of defective drywall, and that there exists within the building evidence of corrosion of building components and personal property characteristic of the effects of defective drywall.

## The American Home Policies

24. American Home issued to Peninsula Commercial General Liability Policy Nos. GL 706-58-30, effective May 15, 2005, to May 15, 2006 (the 2005 policy), GL 178-27-54, effective May 15, 2006, to May 15, 2007 (the 2006 policy), and GL 161-68-52, effective May 15, 2007, to March 30, 2008 (the 2007 policy). A copy of the 2005, 2006 and 2007 policies are attached as **Exhibits J, K and L**.

25. Peninsula, Gryphon or Skyline may be entitled to coverage under each of the American Home policies with respect to claims arising from allegedly defective

6

drywall installed at the Peninsula II Condominium only if they can satisfy all conditions for coverage and coverage is not otherwise excluded.

26. American Home is currently providing a defense under a reservation of rights to Peninsula, Gryphon and Skyline under the policies despite the fact that it has no duty to defend. Each policy provides subject to the policy terms that American Home has a duty to defend only a "suit," as that term is defined in each policy. Upon information and belief, there is no "suit" against Peninsula, Gryphon or Skyline. American Home is entitled to reimbursement of any defense costs and attorney's fees it pays to the extent that it is found that American Home has no obligations under any policy.

27. Coverage is barred as provided in the Total Pollution Exclusion Endorsement attached to each policy for bodily injury and property damage, if any, associated with defective drywall, arising from the actual, allege or threatened discharge, dispersal, seepage, migration, release or escape of "pollutants," as that term is defined in each policy.

28. Coverage may be available only to the extent that a claimant seeks relief from an insured that constitutes "damages," as that term is used in a policy. Equitable relief, including medical monitoring, or economic losses associated with defective drywall do not constitute damages for which coverage is potentially available.

29. Coverage may be available only to the extent that an insured is legally liable for damages because of "bodily injury" or "property damage", as those terms are defined in the policy. The mere presence of defective drywall is not property damage and there is no coverage under the American Home policies for any costs arising out of the process of repairing or replacing the drywall.

7

30. Coverage may be available only to the extent that any bodily injury or property damage associated with defective drywall is the result of an "occurrence", as that term is defined in each American Home policy.

31. Coverage is limited to the extent that any bodily injury or property damage constitutes a single occurrence. Bodily injury or property damage, if any, associated with defective drywall that is continuing or progressive over any length of time is one occurrence that occurs only when the bodily injury, property damage or both first commenced.

32. Coverage is barred to the extent that continuing or progressive bodily injury or property damage associated with defective drywall, if any, first commenced prior to the inception date of the policy.

33. Coverage is barred to the extent that bodily injury or property damage, if any, associated with defective drywall did not occur during the policy period.

34. Coverage is barred for bodily injury or property damage, if any, for which the insured is obligated to pay damages associated with defective drywall by reason of the assumption of liability in a contract or agreement.

35. Coverage may be barred for property damage, if any, associated with defective drywall to property an insured owns, rents or occupies.

36. Coverage may be barred for property damage, if any, associated with defective drywall to an insured's work that is included in the "products completed operations hazard," as defined in the policy.

**American Home Communications with Defendants**

37. American Home issued a reservation of rights letter to each defendant advising each that American Home was reserving its rights to decline coverage. Each

8

letter refers to the policy terms on which American Home may rely to decline coverage, including the terms noted above. American Home has also informed each defendant that it is providing a defense subject to the right to reimbursement of any defense costs and attorney's fees if it is determined that American Home has no coverage obligations.

## COUNT I
## DECLARATORY RELIEF
(All Defendants)

38. American Home incorporates the allegations set forth in paragraphs 1-37.

39. A controversy exists between American Home and the defendants regarding the obligation of American Home to defend and indemnify the defendants under the 2005, 2006 and 2007 policies with respect to claims arising from allegedly defective drywall installed at the Peninsula II Condominium.

40. The interpretation of the applicable terms of each American Home policy at issue is governed by Florida law.

41. Coverage is limited or eliminated by terms of each American Home policy for the alleged damages for which the defendants have or will seek coverage under each policy.

42. American Home is entitled to reimbursement from each defendant for any defense costs and attorney's fees that American Home has incurred or will incur to the extent that American Home has no coverage obligations to defendants under the 2005, 2006 and 2007 policies.

**WHEREFORE**, American Home requests the following declaratory relief:

1. A judgment in favor of American Home declaring that American Home has no duty under the 2005, 2006 and 2007 policies to defend or indemnify Peninsula,

9

Gryphon or Skyline with respect to any claims or damages arising from allegedly defective drywall installed at the Peninsula II Condominium;

2. A judgment in favor of American Home declaring that American Home is entitled to reimbursement of defense costs and attorney's fees that American Home incurs on behalf of each defendant to the extent American Home has no coverage obligations under the 2005, 2006 and 2007 policies; and

3. Such other relief as the Court may deem just and proper.

Respectfully submitted,

*(signature)*

Cindy L. Ebenfeld, Esq.
Ellen Novoseletsky, Esq.
Hicks, Porter, Ebenfeld & Stein, P.A.
11011 Sheridan Street, Suite 104
Cooper City, FL 33026
Tel: (954) 624-8700
Fax: (954) 624-8064
cebenfeld@mhickslaw.com
enovoseletsky@mhickslaw.com
*Co-Counsel*

Warren Lutz, Esq.
Paul D. Smolinsky, Esq.
Jackson & Campbell, P.C.
1120 Twentieth Street, N.W.
Suite 300
Washington, DC 20036
Tel: (202) 457-1600
Fax: (202) 457-1678
wlutz@JacksCamp.com
PSmolinsky@JacksCamp.com
*Counsel for American Home Assurance Company*

1132640v.5

10

JS 44 (Rev. 2/08)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.) **NOTICE: Attorneys MUST Indicate All Re-filed Cases Below.**

**I. (a) PLAINTIFFS**
American Home Assurance Co.

**DEFENDANTS**
Peninsula II Developers, Inc., Gryphon Construction, LLC, and Skyline Systems, Inc.

**(b)** County of Residence of First Listed Plaintiff _____
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant _____
(IN U.S. PLAINTIFF CASES ONLY)

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT LAND INVOLVED.

**(c)** Attorney's (Firm Name, Address, and Telephone Number)
Cindy L. Ebenfeld, Esq., HICKS PORTER EBENFELD & STEIN, P.A., 11011 Sheridan Street, # 104, Hollywood, FL 33026, Tel 954-624-8700 Fax 954-624-8064

Attorneys (If Known)

**(d)** Check County Where Action Arose: ☒ MIAMI-DADE ☐ MONROE ☐ BROWARD ☐ PALM BEACH ☐ MARTIN ☐ ST. LUCIE ☐ INDIAN RIVER ☐ OKEECHOBEE HIGHLANDS

**II. BASIS OF JURISDICTION** (Place an "X" in One Box Only)

☐ 1 U.S. Government Plaintiff
☐ 3 Federal Question (U.S. Government Not a Party)
☐ 2 U.S. Government Defendant
☒ 4 Diversity (Indicate Citizenship of Parties in Item III)

1:09 CV 23691- Seitz - O'Sullivan

**III. CITIZENSHIP OF PRINCIPAL PARTIES** (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☒ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☒ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. NATURE OF SUIT** (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☒ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury - Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | **PERSONAL PROPERTY** | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 370 Other Fraud | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 371 Truth in Lending | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 380 Other Personal Property Damage | ☐ 690 Other | **LABOR** | ☐ 490 Cable/Sat TV |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 385 Property Damage Product Liability | | ☐ 710 Fair Labor Standards Act | ☐ 810 Selective Service |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | | | ☐ 720 Labor/Mgmt. Relations | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 195 Contract Product Liability | | | | **SOCIAL SECURITY** | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 196 Franchise | | | | ☐ 861 HIA (1395ff) | ☐ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 862 Black Lung (923) | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 740 Railway Labor Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | **Habeas Corpus:** | ☐ 790 Other Labor Litigation | ☐ 864 SSID Title XVI | ☐ 893 Environmental Matters |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | ☐ 530 General | ☐ 791 Empl. Ret. Inc. Security Act | ☐ 865 RSI (405(g)) | ☐ 894 Energy Allocation Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | | **FEDERAL TAX SUITS** | ☐ 895 Freedom of Information Act |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 540 Mandamus & Other | **IMMIGRATION** | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | ☐ 550 Civil Rights | ☐ 462 Naturalization Application | ☐ 871 IRS—Third Party 26 USC 7609 | |
| | ☐ 440 Other Civil Rights | ☐ 555 Prison Condition | ☐ 463 Habeas Corpus-Alien Detainee | | ☐ 950 Constitutionality of State Statutes |
| | | | ☐ 465 Other Immigration Actions | | |

**V. ORIGIN** (Place an "X" in One Box Only)
☒ 1 Original Proceeding
☐ 2 Removed from State Court
☐ 3 Re-filed- (see VI below)
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district (specify)
☐ 6 Multidistrict Litigation
☐ 7 Appeal to District Judge from Magistrate Judgment

**VI. RELATED/RE-FILED CASE(S).**
(See instructions second page):
a) Re-filed Case ☐ YES ☒ NO   b) Related Cases ☒ YES ☐ NO
JUDGE Cooper USDC CD Cal (see related case) DOCKET NUMBER 2:09-CV-08651-FMC-PLAx

**VII. CAUSE OF ACTION**
Cite the U.S. Civil Statute under which you are filing and Write a Brief Statement of Cause (Do not cite jurisdictional statutes unless diversity):
28 USC ss 2201-2202 Declatory Judgment

LENGTH OF TRIAL via 10 days estimated (for both sides to try entire case)

**VIII. REQUESTED IN COMPLAINT:**
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $ Declaratory Judgment
CHECK YES only if demanded in complaint:
JURY DEMAND: ☐ Yes ☒ No

ABOVE INFORMATION IS TRUE & CORRECT TO THE BEST OF MY KNOWLEDGE
SIGNATURE OF ATTORNEY OF RECORD
DATE

FOR OFFICE USE ONLY
AMOUNT 350 00 RECEIPT # 548299 IFP