IN THE UNITED STATE DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 09-CIV-23691-SEITZ / O'SULLIVAN

AMERICAN HOME ASSURANCE COMPANY,
a New York Corporation

    Plaintiff / Counterclaim Defendant,

v.

PENINSULA II DEVELOPERS, INC., a Florida
Corporation, GRYPHON CONSTRUCTION, LLC,
a Florida limited liability company, and SKYLINE
SYSTEMS, a Florida corporation,

    Defendants / Counter-Plaintiff /
    Third-Party Plaintiff,

WESTCHESTER FIRE INSURANCE COMPANY, a
New York corporation, and LANDMARK AMERICAN
INSURANCE COMPANY, an Oklahoma corporation,

    Third-Party Defendants.
_____/



## PENINSULA II DEVELOPERS INC.'s ANSWER, COUNTERCLAIM & THIRD-PARTY COMPLAINT

Defendant Peninsula II Developers, Inc. ("Peninsula II") hereby responds to the Complaint for Declaratory Judgment (the "complaint") of American Home Assurance Company ("American Home") as follows:

### INTRODUCTION

1.     Paragraph 1 of the complaint contains characterizations of American Home's claims to which no response is required.

2.     Paragraph 2 of the complaint sets forth legal conclusions to which no response is

required.

## PARTIES

3. Peninsula II admits the allegations set forth in paragraph 3 of the complaint.

4. Peninsula II admits the allegations set forth in paragraph 4 of the complaint.

5. Peninsula II admits the allegations set forth in paragraph 5 of the complaint.

6. Peninsula II admits the allegations set forth in paragraph 6 of the complaint.

## JURISDICTION AND VENUE

7. Paragraph 7 of the complaint sets forth legal conclusions to which no response is required.

8. Paragraph 8 of the complaint sets forth legal conclusions to which no response is required.

9. Peninsula II denies the allegations set forth in paragraph 9 of the complaint.

## GENERAL ALLEGATIONS

### The Defective Drywall Claims

10. Peninsula II neither admits nor denies the allegations set forth in paragraph 10 of the complaint. The referenced document speaks for itself.

11. Peninsula II neither admits nor denies the allegations set forth in paragraph 11 of the complaint. The referenced document speaks for itself.

12. Peninsula II admits that it received the letter attached as Exhibit C to the complaint, and neither admits nor denies the remaining allegations set forth in paragraph 12 of the complaint. The referenced document speaks for itself.

13. Peninsula II admits that it sent the letter attached as Exhibit D to the complaint,

2

and neither admits nor denies the remaining allegations set forth in paragraph 13 of the complaint. The referenced document speaks for itself.

14. Peninsula II neither admits nor denies the allegations set forth in paragraph 14 of the complaint. The referenced document speaks for itself.

15. Peninsula II neither admits nor denies the allegations set forth in paragraph 15 of the complaint. The referenced document speaks for itself.

16. Peninsula II admits that it received the letter attached as Exhibit G to the complaint, and neither admits nor denies the remaining allegations set forth in paragraph 16 of the complaint. The referenced document speaks for itself.

17. Peninsula II admits that it sent the letter attached as Exhibit H to the complaint, and neither admits nor denies the remaining allegations set forth in paragraph 17 of the complaint. The referenced document speaks for itself.

18. Peninsula II neither admits nor denies the allegations set forth in paragraph 18 of the complaint. The referenced document speaks for itself.

19. Peninsula II admits the allegations set forth in paragraph 19 of the complaint.

20. Peninsula II lacks knowledge or information sufficient to admit or deny the allegations set forth in paragraph 20 of the complaint.

21. Peninsula II lacks knowledge or information sufficient to admit or deny the allegations set forth in paragraph 21 of the complaint.

22. Peninsula II lacks knowledge or information sufficient to admit or deny the allegations set forth in paragraph 22 of the complaint.

23. Peninsula II admits that it has confirmed that Chinese drywall was installed in the Peninsula II Condominium and that the drywall has caused damage to building components and

personal property. Peninsula II denies the remaining allegations set forth in paragraph 23 of the complaint.

## The American Home Policies

24. Peninsula II admits the allegations set forth in paragraph 24 of the complaint. The referenced documents speak for themselves.

25. Paragraph 25 of the complaint sets forth legal conclusions to which no response is required.

26. Peninsula II admits that American Home has agreed to provide a defense under a reservation of rights to Peninsula II under one or more of the primary commercial general liability policies it issued to Peninsula II (the "Primary Policies"). The remainder of paragraph 26 of the complaint sets forth legal conclusions to which no response is required. The referenced documents speak for themselves.

27. Paragraph 27 of the complaint sets forth legal conclusions to which no response is required. The referenced documents speak for themselves.

28. Paragraph 28 of the complaint sets forth legal conclusions to which no response is required. The referenced documents speak for themselves.

29. Paragraph 29 of the complaint sets forth legal conclusions to which no response is required. The referenced documents speak for themselves.

30. Paragraph 30 of the complaint sets forth legal conclusions to which no response is required. The referenced documents speak for themselves.

31. Paragraph 31 of the complaint sets forth legal conclusions to which to response is required.

32. Paragraph 32 of the complaint sets forth legal conclusions to which to response is

4

required.

33. Paragraph 33 of the complaint sets forth legal conclusions to which to response is required.

34. Paragraph 34 of the complaint sets forth legal conclusions to which to response is required.

35. Paragraph 35 of the complaint sets forth legal conclusions to which to response is required.

36. Paragraph 36 of the complaint sets forth legal conclusions to which to response is required. The referenced documents speak for themselves.

### American Home Communications with Defendants

37. Peninsula II admits that it received a reservation of rights letter from American Home. Peninsula II lacks knowledge or information sufficient to admit or deny the remaining allegations set forth in paragraph 37 of the complaint. The referenced documents speak for themselves.

### COUNT I
### DECLARATORY RELIEF
### (All Defendants)

38. Peninsula II repeats and realleges each and every preceding response as if set forth at length herein.

39. Paragraph 39 of the complaint sets forth legal conclusions to which no response is required.

40. Paragraph 40 of the complaint sets forth legal conclusions to which no response is required.

5

41. Paragraph 41 of the complaint sets forth legal conclusions to which no response is required.

42. Paragraph 42 of the complaint sets forth legal conclusions to which no response is required.

## AFFIRMATIVE DEFENSES

## FIRST AFFIRMATIVE DEFENSE

By failing to provide Peninsula II with a final coverage determination, failing to advise Peninsula II of its right to reject the appointment of defense counsel, and failing to advise Peninsula II of American Home's alleged reservation of rights to seek the recovery of defense cost reimbursements paid to Peninsula II prior to filing the complaint, American Home has waived and/or is estopped from denying the Chinese drywall claim and recovering any of the defense costs that have been reimbursement to Peninsula II.

## SECOND AFFIRMATIVE DEFENSE

By failing to provide Peninsula II with a final coverage determination, failing to advise Peninsula II of its right to reject the appointment of defense counsel, and failing to advise Peninsula II of American Home's alleged reservation of rights to seek the recovery of defense cost reimbursements paid to Peninsula II prior to filing the complaint, American Home breached its fiduciary duties and the duty of good faith and fair dealing owed to Peninsula II under the Primary Policies, has acted in bad faith, and is prohibited from denying the Chinese drywall claim and recovering any of the defense costs that have been reimbursement to Peninsula II. American Home is also liable to Peninsula II for any additional damages to Peninsula II resulting from American Home's bad faith.

## THIRD AFFIRMATIVE DEFENSE

Peninsula II reserves the right to supplement its answer with additional defenses that become available or apparent during the course of investigation, preparation or discovery, and to amend its answer accordingly.

## COUNTERCLAIM AND THIRD-PARTY COMPLAINT OF PENINSULA II

1. American Home is a New York corporation with its principal place of business in New York, New York.

2. Westchester Fire Insurance Company ("Westchester Fire") is a New York corporation with its principal place of business in New York, New York.

3. Landmark American Insurance Company ("Landmark") is an Oklahoma corporation with its principal place of business in Atlanta, Georgia.

4. Peninsula II is a Florida corporation with its principal place of business in North Miami, Florida.

5. Peninsula II is the developer of Peninsula II Condominium.

6. Gryphon was the general contractor for the Peninsula II Condominium. Gryphon is a Florida limited liability Company with its principal place of business in North Miami, Florida.

7. Skyline was the drywall subcontractor for the Peninsula II Condominium. Skyline is a Florida Corporation with its principal place of business in Miami, Florida.

8. American Home issued Primary Policies to Peninsula II. Westchester Fire issued first layer excess policies to Peninsula II. Landmark issued second layer excess policies to Peninsula II. American Home, Westchester Fire and Landmark will be collectively referred to herein as the "Insurers" and the policies will be collectively referred to herein as the "Policies."

7

9. All premiums owed to the Insurers for the Policies have been paid.

10. Both Gryphon and Skyline were insured under the Policies.

11. Construction of the Peninsula II Condominium commenced in 2005 and was completed in 2008.

12. Some of the Peninsula II Condominium units have been sold, while others continue to be owned by Peninsula II.

13. Chinese drywall was installed throughout the majority of the Peninsula II Condominium and caused property damage to and within the Peninsula II Condominium.

14. Chinese drywall was installed throughout the majority of the Peninsula II Condominium and allegedly caused bodily injury to third party owners of condominium units within the Peninsula II Condominium.

15. Peninsula II has received notice of claims pursuant to Fl. Stat. § 558 from Peninsula II Condominium unit owners and the Peninsula II Homeowners' Association (the "homeowners' association") for property damage and bodily injury caused by the Chinese drywall.

16. Peninsula II has undertaken a program to replace the Chinese drywall and repair property damage to and within the units in the Peninsula II Condominium, including those owned by Peninsula II and by third parties. The estimated cost of this work exceeds $15 million.

17. In addition to the costs of replacement and repair, Peninsula II has incurred additional damages as a result of the property damage caused by the Chinese drywall in the form of carrying and administrative costs. The estimate of these additional damages exceeds $5 million.

18. This counterclaim is an action for declaratory judgment, breach of contract,

waiver and/or estoppel, and bad faith adjudicating the rights, duties and obligations of Peninsula II and American Home under the Policies.

19. This court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 2201 and 1332. This matter involves a dispute between citizens of different states and the amount in controversy exceeds $75,000, exclusive of interest and costs.

20. Venue is proper in this district pursuant to 28 U.S.C. § 1391(a) and (c), because one or more of the defendants resides and conducts business in this district, and a substantial part of the events giving rise to this claim occurred in this district.

## COUNT I

## BREACH OF CONTRACT - AMERICAN HOME

21. Peninsula II repeats and realleges each and every preceding allegation as if set forth at length herein.

22. Pursuant to the terms of the Primary Policies, American Home has a duty to defend and indemnify Peninsula II against any claim alleging "property damage" or "bodily injury" as defined in the Primary Policies.

23. Individual unit owners and the homeowners' association who have provided notice of potential claims arising from the installation of Chinese drywall in the Peninsula II Condominium have alleged "property damage" and/or "bodily injury" as defined in the Primary Policies.

24. Peninsula II has incurred expenses and costs for "property damage" as defined in the Primary Policies by undertaking repair and replacement efforts in the Peninsula II Condominium.

25. Peninsula II has incurred approximately $1 million in defense costs responding to

Chinese drywall suits relating to the Peninsula II Condominium. The majority of these costs have not been reimbursed by American Home.

26. Peninsula II has satisfied all of its obligations under the Primary Policies including the payment of premiums and provision of timely notice of all claims relating to the Chinese drywall.

27. American Home's refusal to fulfill its duties to defend and indemnify Peninsula II under the Primary Polices has resulted in substantial expenses and costs to Peninsula II, and will continue to result in substantial expenses and costs to Peninsula II.

28. As a result of the aforementioned breaches, American Home is liable to Peninsula II for money damages.

## COUNT II

## DECLARATORY JUDGMENT RE: DUTY TO DEFEND- AMERICAN HOME

29. Peninsula II repeats and realleges each and every preceding allegation as if set forth at length herein.

30. By reason of the foregoing, an actual and justiciable controversy exists between Peninsula II and American Home regarding American Home's obligation to defend suits against Peninsula II relating to Chinese drywall.

31. Peninsula II is entitled to a declaratory judgment that American Home owes it a duty to defend under the Primary Policies with respect to suits and claims related to Chinese drywall installed in the Peninsula II Condominium.

## COUNT III

## DECLARATORY JUDGMENT RE: DUTY TO INDEMNIFY- ALL INSURERS

32. Peninsula II repeats and realleges each and every preceding allegation as if set

10

forth at length herein.

33. By reason of the foregoing, an actual and justiciable controversy exists between Peninsula II and the Insurers regarding the Insurers' obligations to indemnify and reimburse Peninsula II in connection with the Chinese drywall claims.

34. Peninsula II is entitled to a declaratory judgment that each of the Insurers owes it a duty to indemnify under the Policies with respect to suits and claims related to Chinese drywall installed in the Peninsula II Condominium.

## COUNT IV

## WAIVER AND/OR ESTOPPEL - AMERICAN HOME

35. Peninsula II repeats and realleges each and every preceding allegation as if set forth at length herein.

36. In or about May, 2009, American Home appointed counsel to defend Peninsula II against Chinese drywall suits and reserved its rights to make a final coverage determination on the Chinese drywall claim subject to American Home's further investigation. American Home did not advise Peninsula II that it had the right to reject American Home's appointment of defense counsel. American Home did not advise Peninsula II of its alleged reservation of rights to seek the recovery of defense costs reimbursed by American Home in the event that American Home eventually denied Peninsula II's Chinese drywall claim.

37. In the months that followed, American Home never provided a final coverage determination concerning the Chinese drywall claim. American Home did reimburse Peninsula II for $262,000 of defense costs incurred. American Home did not advise Peninsula II that American Home allegedly reserved the right to seek reimbursement of the $262,000 in the event that American Home denied Peninsula II's Chinese drywall claim.

11

38. On December 11, 2009 American Home filed the complaint seeking a determination that the Chinese drywall suits and claims were not covered by the Primary Policies and the return of $262,000 paid by American Home to Peninsula II as reimbursement of defense costs incurred.

39. By failing to provide Peninsula II with a final coverage determination, failing to advise Peninsula II of its right to reject the appointment of defense counsel, and failing to advise Peninsula II of American Home's alleged reservation of rights to seek the recovery of defense cost reimbursements paid to Peninsula II prior to filing the complaint, American Home has waived and/or is estopped from denying the Chinese drywall claim and recovering any of the defense costs that have been reimbursement to Peninsula II.

## COUNT V

## BAD FAITH - AMERICAN HOME

40. Peninsula II repeats and realleges each and every preceding allegation as if set forth at length herein.

41. By failing to provide Peninsula II with a final coverage determination, failing to advise Peninsula II of its right to reject the appointment of defense counsel, and failing to advise Peninsula II of American Home's alleged reservation of rights to seek the recovery of defense cost reimbursements paid to Peninsula II prior to filing the complaint, American Home breached its fiduciary duties and the duty of good faith and fair dealing owed to Peninsula II under the Primary Policies, has acted in bad faith, and should be prohibited from denying the Chinese drywall claim and recovering any of the defense costs that have been reimbursement to Peninsula II. American Home is also liable to Peninsula II for any additional damages to Peninsula II resulting from American Home's bad faith.

**WHEREFORE**, defendant Peninsula II demands judgment against the Insurers to include:

(a) A declaration that Peninsula II's claim for expenses and costs associated with Chinese drywall installed at the Peninsula II Condominium are covered claims under the Policies;

(b) A declaration that American Home is obligated to defend suits, including but not limited to claims pursuant to Fl. Stat. § 558, associated with Chinese drywall installed at the Peninsula II Condominium;

(c) A declaration that American Home has waived its right to deny Peninsula II's claim for defense and indemnity of suits and claims associated with the Chinese drywall installed at the Peninsula II Condominium;

(d) A declaration that American Home is estopped from denying Peninsula II's claim for defense and indemnity of suits and claims associated with the Chinese drywall installed at the Peninsula II Condominium;

(e) A declaration that American Home acted in bad faith and in violation of its duty of good faith and fair dealing by failing to provide Peninsula II with a final coverage determination, failing to advise Peninsula II of its right to reject the appointment of defense counsel, and failing to advise Peninsula II of American Home's alleged reservation of rights to seek the recovery of defense cost reimbursements paid to Peninsula II prior to filing the complaint;

(f) Dismissal of the complaint with prejudice;

(g) Compensatory and consequential damages;

(h) Reasonable attorneys' fees and costs of suit; and

(i) Any other relief that this court deems just and equitable.

## JURY DEMAND

Defendant Peninsula II demands a trial by jury on all issues so triable.

Dated: January 29th, 2010

By: _____
JAMES W. CARPENTER, ESQ.
Florida Bar No.: 654256
Email: jwc@angelolaw.com
ERIC C. EDISON, ESQ.
Florida Bar No. 010379
Email: ece@angelolaw.com

13

ANGELO & BANTA, P.A.
SunTrust Center, Suite 850
515 East Las Olas Blvd.
Fort Lauderdale, FL 33301
Telephone: 954-766-9930
Facsimile: 954-766-9937
Attorneys for Plaintiff – Peninsula II Developers, Inc.

Of Counsel:
Michael David Lichtenstein, Esq.
E-mail: mlichtenstein@lowenstein.com
LOWENSTEIN SANDLER PC
65 Livingston Avenue
Roseland, New Jersey 07068
Telephone: 973-597-2500
Facsimile: 973-597-2409

## CERTIFICATE OF SERVICE

I certify that Defendant / Counter-Plaintiff Peninsula II's Answer, Counterclaim and Third-Party Complaint was filed today electronically with the Clerk of the Court, and served on all counsel of record electronically.

By: _/s/ Eric C. Edison_
JAMES W. CARPENTER, ESQ.
Florida Bar No.: 654256
ERIC C. EDISON, ESQ.
Florida Bar No. 010379

14