UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: CHINESE MANUFACTURED ) | | |
| DRYWALL PRODUCTS ) | MDL NO. 2047 | |
| LIABILITY LITIGATION ) | | |
| ) | | |
| THIS DOCUMENT RELATES TO: ) | SECTION: L | |
| ) | | |
| *Hobbie, et al. v.* ) | JUDGE FALLON | |
| *RCR Holdings II, LLC, et al.,* ) | | |
| ) | | |
| No. 10-1113 ) | MAG. JUDGE WILKINSON | |
| ) | | |

**VILLA LAGO PLAINTIFFS' MOTION FOR PAYMENT OF COSTS
PURSUANT TO COASTAL SETTLEMENT AGREEMENT [D.E. 17177],
AND ALTERNATIVE RESPONSE TO FEE COMMITTEE'S
INSPECTION COSTS AND HOLD BACK MOTION [D.E. 18081]**

COMES NOW the Certified Class of Plaintiffs known as the "Coastal Settlement Class", by and though Class Counsel, and hereby moves for payment of costs pursuant to the Coastal Settlement Agreement [D.E. 17177], and responds to The Fee Committee's Inspection Costs and Hold Back Motion Pursuant to Pretrial Order No. 28(E) [D.E. 18081] ("FC Cost Motion"), and states as follows:

1. The Villa Lago litigation is described in detail in the Motions for Preliminary and Final Approval of the Coastal Settlement Agreement [D.E. 16741 and D.E. 16964], this Court's Order Granting Preliminary of the Coastal Settlement [D.E. 16777] and this Court's Final Order and Judgment Certifying the Coastal Settlement Class, Appointing Class Counsel, and Granting Final Approval of the Settlement Regarding Claim Against Coastal Construction of South Florida, Inc. Related to Villa Lago at Renaissance Commons in MDL 2047 [D.E. 17177].

2. The Coastal Settlement allocates funds from Coastal Construction of South Florida, Inc. ("Coastal Construction") (and its sub-contractors, suppliers and insurers) and other settlements within MDL 2047.

3. Knauf and Banner Supply directly participated in all settlement discussions, were signors to the Coastal Settlement Term Sheet, and were signors to the Coastal Settlement Agreement itself.

4. The Plaintiffs' Steering Committee participated in all mediations, approved the Coastal Settlement Term Sheet, and approved the Coastal Settlement Agreement.

5. RCR directly spent $634,892 for self-remediation and testing, and separately, Settlement Class Counsel spent $127,000; therefore, the Coastal Settlement Agreement expressly provides that 50% of that amount, or $380,946, is payable from the Villa Lago Settlement Fund with the balance to be paid from the other settlement funds in CDW.

6. On September 10, 2013, this Court granted final approval of the Coastal Settlement Agreement [D.E. 17063], upon Joint Motion [D.E. 16964].

7. On October 25, 2013, this Court established the Villa Lago Qualified Settlement Fund ("QSF") [D.E. 17210], into which the Coastal Defendants deposited $7,200,000, and into which $4,800,000 was transferred from the RCR Settlement Fund [D.E. 17369], totaling $12,000,000.

8. Of the $12,000,000, $8,729,189.80 was transferred from the QSF to the Knauf Remediation Fund, leaving a balance of $3,270,810.20 available to pay Plaintiffs' "soft costs", partial attorneys' fees and PSC holdback, and one-half of the expenses at issue here ($380,946).

9. Coastal Settlement Class Counsel moved for distribution of these amounts [D.E. 17320], and after notice and hearing, this Court ordered the distribution [D.E. 17368].

10. The repayment of the <u>full</u> amount of costs, of which $380,946 remains outstanding, was a material inducement and negotiated term of the Coastal Settlement Agreement.

11. If the full repayment of costs called for under the Coastal Settlement Agreement is not now made, Plaintiffs, and especially RCR, would be deprived of a material inducement to entering into the Coastal Settlement Agreement, effectively re-writing the Coastal Settlement Agreement after the Coastal Settlement Agreement Plaintiffs have discharged all obligations thereunder.

WHEREFORE, the Certified Class of Plaintiffs known as the "Coastal Settlement Class" respectfully request that the Court order payment of $380,964 in costs and expenses, as set forth in the approved aforementioned settlement agreements.

Respectfully submitted,

  *s/* GREGORY S. WEISS
GREGORY S. WEISS (Fla. Bar No. 163430)
Mrachek, Fitzgerald, Rose, Konopka, Thomas & Weiss
505 S. Flagler Drive, Suite 600
West Palm Beach, FL 33401
Tel.: (561) 655-2250
Fax: (561) 655-5537
gweiss@mrachek-law.com
psymons@mrachek-law.com

Gary E. Mason
WHITFIELD BRYSON & MASON LLP
1625 Massachusetts Ave., NW, Suite 605
Washington, D.C.  20036
Telephone:  (202) 429-2290
Facsimile:  (202) 429-2294
gmason@wbmllp.com

Joel R. Rhine
RHINE MARTIN LAW FIRM
1612 Military Cutoff Rd, Suite 300
Wilmington, NC 28403
Telephone:  (910) 772-9960
Facsimile:  (910) 772-9062
jrr@rhinelawfirm.com

Adam C. Linkhorst, Esq.
Linkhorst & Hockin, P.A.
515 North Flagler Drive, 20th Floor
West Palm Beach, Florida 33401
Telephone:  (561) 832-5900
Facsimile:   (954) 562-9199
alinkhorst@acllaw.com

## CERTIFICATE OF SERVICE

    I HEREBY CERTIFY that the above and foregoing has been served upon Plaintiffs' Liaison Counsel, Russ Herman, and Defendants' Liaison Counsel, Kerry Miller, by email transmission, and upon all parties by electronically uploading the same to Lexis Nexis File and Serve in accordance with Pre-Trial Order No. 6, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF system, which will send a notice of electronic filing in accordance with procedures established in MDL 2047, on this 10th day of February, 2014.

                                                                *s/* GREGORY S. WEISS  
                                                               GREGORY S. WEISS (Fla. Bar No. 163430)