UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: CHINESE MANUFACTURED | ) | |
| DRYWALL PRODUCTS | ) | MDL NO. 2047 |
| LIABILITY LITIGATION | ) | |
| | ) | |
| THIS DOCUMENT RELATES TO: | ) | SECTION: L |
| | ) | |
| *Hobbie, et al. v.* | ) | JUDGE FALLON |
| *RCR Holdings II, LLC, et al.,* | ) | |
| | ) | |
| No. 10-1113 | ) | MAG. JUDGE WILKINSON |
| | ) | |

**MEMORANDUM OF LAW IN SUPPORT OF VILLA LAGO PLAINTIFFS' MOTION FOR PAYMENT OF COSTS PURSUANT TO COASTAL SETTLEMENT AGREEMENT [D.E. 17177], AND ALTERNATIVE RESPONSE TO FEE COMMITTEE'S INSPECTION COSTS AND HOLD BACK MOTION [D.E. 18081]**

COMES NOW the Certified Class of Plaintiffs known as the "Coastal Settlement Class", by and though Class Counsel, and hereby submits the following Memorandum of Law in Support of Villa Lago Plaintiffs' Motion for Payment of Costs Pursuant to Coastal Settlement Agreement [D.E. 17177], and Alternative Response to Fee Committee's Inspection Costs and Hold Back Motion Pursuant to Pretrial Order No. 28(E) [D.E. 18081].

**Summary of Argument**

This Petition is very limited. The Coastal Settlement Class Plaintiffs do not dispute the FC Cost Motion in concept, or as applied to all claimants other than members of the Coastal Settlement Class; however, the Coastal Settlement Class Plaintiffs entered into a separate settlement agreement, *inter alia*, in material reliance upon repayment of specific costs totaling $761,892, which were disclosed prior to settlement agreement, incorporated into the settlement

agreement, and approved by this Court. Therefore, the Coastal Settlement Class Plaintiffs request payment of the full balance of their Court-approved costs in the amount of $380,946.

## Argument

Prior to the settlement being reached in the Wendy Hobbie/Villa Lago litigation on March 28, 2013 ("Coastal Settlement Agreement"), Villa Lago litigation was mediated multiple times, in Florida and Louisiana. The prior litigation that resulted in the Coastal Settlement Agreement is described in detail in the Motions for Preliminary and Final Approval of the Coastal Settlement Agreement [D.E. 16741 and D.E. 16964], this Court's Order Granting Preliminary of the Coastal Settlement [D.E. 16777] and this Court's Final Order and Judgment Certifying the Coastal Settlement Class, Appointing Class Counsel, and Granting Final Approval of the Settlement Regarding Claim Against Coastal Construction of South Florida, Inc. Related to Villa Lago at Renaissance Commons in MDL 2047 [D.E. 17177]. The Coastal Settlement contemplates and allocates funds not only from Coastal Construction of South Florida, Inc. ("Coastal Construction") and its sub-contractors, suppliers and insurers, but also funds from other settlements within MDL 2047.

Knauf and Banner Supply both directly participated in all settlement discussions, were signors to the Coastal Settlement Term Sheet, and were signors to the Coastal Settlement Agreement itself. The Plaintiffs' Steering Committee also participated in all mediations, approved the Coastal Settlement Term Sheet, and approved the Coastal Settlement Agreement. A major issue during the negotiations of the Coastal Settlement Agreement was plaintiffs' independent requirement of payment of certain expenses to achieve a settlement. Specifically, RCR Holdings II, LLC ("RCR"), is the owner of almost half of the units at Villa Lago affected

with CDW, and the "owner" of the Villa Lago Condominium Association. As such, RCR had a significant voice in the negotiation of the Coastal Settlement Agreement.

RCR directly spent $634,892 for self-remediation (to make its units temporarily habitable and thereby rentable for more than three years) and testing.[1] Separately, Settlement Class Counsel had expenses of $127,000, including costs of inspection and travel[2]. Thus, the Coastal Settlement Class plaintiffs collectively incurred costs of $761,892, and payment of that amount was negotiated and became a material term to the Coastal Settlement Agreement. In fact, that specific amount of costs and expenses was incorporated into the Coastal Settlement Agreement, and the Coastal Settlement Agreement expressly provides that 50% of that amount, or $380,946, is payable from the Villa Lago Settlement Fund with the balance to be paid from the other settlement funds in CDW.

On April 24, 2013, this Court granted preliminary approval of the Coastal Settlement Agreement [D.E. 16777] upon Joint Motion [D.E. 16741] and subsequent to a properly noticed hearing. On September 10, 2013, this Court granted final approval of the Coastal Settlement Agreement [D.E. 17063] also upon Joint Motion [D.E. 16964], and subsequent to robust notice and a Final Hearing. On October 25, 2013, this Court entered an Order establishing the Villa Lago Qualified Settlement Fund ("QSF"). [D.E. 17210] Pursuant to the Coastal Settlement Agreement, the Coastal Defendants deposited $7,200,000 into the QSF. Another $4,800,000 was transferred into the Villa Lago QSF from the RCR Settlement Fund [D.E. 17369], totaling $12,000,000. Of that amount, $8,729,189.80 was transferred from the QSF to the Knauf Remediation Fund, leaving a balance of $3,270,810.20 available to pay Plaintiffs' "soft costs",

---

[1] *See* Villa Lago Plaintiffs' Memorandum of Law in Support of Partial Award of Attorneys' Fees and Partial Reimbursement of Costs, and this Court's Order granting same [D.E. 17368].
[2] Note that Settlement Class Counsel have continued to incur expenses in the administration of the Settlement Agreement.

partial attorneys' fees and PSC holdback, and one-half of the expenses at issue here ($380,946). Coastal Settlement Class Counsel moved for distribution of these amounts [D.E. 17320], and after notice and hearing, this Court ordered the distribution as requested [D.E. 17368], in expectation of payment of the remaining balance of the costs ($380,946) through the other settlement funds.

The repayment of the full amount of costs, of which $380,946 remains outstanding, was a material inducement and negotiated term of the Coastal Settlement Agreement. The Coastal Settlement Agreement was negotiated with, and approved by, all parties and the PSC. It is important to note that the Coastal Settlement Agreement, in context, was the last piece needed to insure settlement of the Banner, and Global and thus KPT Settlements.

Moreover, the Coastal Settlement Agreement, including the specific cost payment provided therein, was preliminary approved after notice and an opportunity to object, and finally approved after significant class notice and an opportunity to object. Finally, the payment of costs thus far was approved after notice and an opportunity to object. There have been no fewer than three hearings held by this Court wherein any person or entity who took issue with the payment of an exact amount of costs called for by the Coastal Settlement Agreement could have raised the issue, but no such objection was raised[3]. If the full repayment of costs called for under the Coastal Settlement Agreement is not now made, Plaintiffs, and especially RCR, would be deprived of a material inducement to entering into the Coastal Settlement Agreement, effectively

---

[3] Note that the PSC/FC requested that Coastal Settlement Class Counsel remove all submitted costs and time related to Villa Lago from its Common Benefit Submissions, and Coastal Settlement Class Counsel did so.

4

re-writing the Coastal Settlement Agreement after the Coastal Settlement Agreement Plaintiffs have discharged all obligations thereunder[4].

This issue threatens the Coastal Settlement Agreement as no funds other than those from the other CDW settlements are available to make payment of $380,946. All funds paid into the Coastal Settlement Agreement QSF, as contemplated in the Coastal Settlement Agreement and approved by this Court, have been distributed for remediation, payment of claimants' soft costs, and payment of the first installment of costs. If the Court fails to carve out the Coastal Settlement Class from the relief requested in the FC Cost Motion, then the Class will lose a significant bargained for benefit/inducement. In this regard, the Villa Lago claimants/Coastal Settlement Plaintiffs are an outlier for which there are no similarly situated claimants within the settling claimants within MDL 2047. The Coastal Settlement Agreement Plaintiffs should get the benefit of their bargain, and ask this Court to enforce the terms of the Agreement such that they are paid the full balance of costs owed of $380,946.

WHEREFORE, the Certified Class of Plaintiffs known as the "Coastal Settlement Class" respectfully request that the Fee Committee's Inspection Costs and Hold Back Motion Pursuant to Pretrial Order No. 28(E) [D.E. 18081] be denied only as to the Coastal Settlement Class, in anticipation of payment of costs and expenses to the Class, as is set forth in the approved settlement agreements.

---

[4] Any deviation from the content of the Notice of Settlement would also deprive claimants of their opportunity to object.

Respectfully submitted,

*s/* GREGORY S. WEISS
GREGORY S. WEISS (Fla. Bar No. 163430)
Mrachek, Fitzgerald, Rose, Konopka, Thomas & Weiss
505 S. Flagler Drive, Suite 600
West Palm Beach, FL 33401
Tel.: (561) 655-2250
Fax: (561) 655-5537
gweiss@mrachek-law.com
psymons@mrachek-law.com

Gary E. Mason
WHITFIELD BRYSON & MASON LLP
1625 Massachusetts Ave., NW, Suite 605
Washington, D.C.  20036
Telephone:  (202) 429-2290
Facsimile:  (202) 429-2294
gmason@wbmllp.com

Joel R. Rhine
RHINE MARTIN LAW FIRM
1612 Military Cutoff Rd, Suite 300
Wilmington, NC 28403
Telephone:  (910) 772-9960
Facsimile:  (910) 772-9062
jrr@rhinelawfirm.com

Adam C. Linkhorst, Esq.
Linkhorst & Hockin, P.A.
515 North Flagler Drive, 20th Floor
West Palm Beach, Florida 33401
Telephone:  (561) 832-5900
Facsimile:   (954) 562-9199
alinkhorst@acllaw.com

## **CERTIFICATE OF SERVICE**

    I HEREBY CERTIFY that the above and foregoing has been served upon Plaintiffs' Liaison Counsel, Russ Herman, and Defendants' Liaison Counsel, Kerry Miller, by email transmission, and upon all parties by electronically uploading the same to Lexis Nexis File and Serve in accordance with Pre-Trial Order No. 6, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF system, which will send a notice of electronic filing in accordance with procedures established in MDL 2047, on this 10th day of February, 2014.

                                           *s/* GREGORY S. WEISS
                                           GREGORY S. WEISS (Fla. Bar No. 163430)