**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | | |
|---|---|---|
| THE STATE OF LOUISIANA, | ) | |
| | ) | |
| Plaintiff | ) | |
| | ) | |
| vs. | ) | |
| | ) | 2:10-cv-00340-EEF-JCW |
| KNAUF GIPS KG; KNAUF | ) | |
| INTERNATIONAL GMBH; KNAUF | ) | MDL 2047 |
| PLASTERBOARD (TIANJIN) CO. LTD.; | ) | Section L |
| KNAUF PLASTERBOARD (WUHU) CO. | ) | |
| LTD.; GUANDONG KNAUF NEW | ) | |
| BUILDING MATERIAL PRODUCTS CO., | ) | |
| LTD.; KNAUF INSULATION, GMBH; | ) | |
| GEBRUEDER KNAUF | ) | |
| VERWALTUNGSGESELLSCHAFT, KG; | ) | |
| TAIAN TAISHAN PLASTERBOARD CO. | ) | |
| LTD.; BEIJING NEW BUILDING | ) | |
| MATERIALS PLC; CHINA NATIONAL | ) | |
| BUILDING MATERIALS CO. LTD.; USG | ) | |
| CORPORATION; UNITED STATES | ) | |
| GYPSUM COMPANY; USG INTERIORS, | ) | |
| INC.; L&W SUPPLY CORPORATION D/B/A | ) | |
| SEACOAST SUPPLY, | ) | |
| | ) | |
| Defendants | ) | |
| | ) | |

## ANSWER, EXCEPTIONS AND AFFIRMATIVE DEFENSES
## OF DEFENDANT KNAUF INTERNATIONAL GMBH.

Defendant, Knauf International GmbH ("Defendant"), by and through its undersigned

attorneys, hereby files its Answer, Exceptions and Affirmative Defenses in response to Plaintiff's

Second Amended and Restated Petition ("Petition") regarding allegedly defective Chinese

wallboard distributed, sold, and/or installed in homes and other buildings in the State of

Louisiana, and says:

1.      Defendant denies the allegations of Paragraph 1 except to the extent that the

Petition purports to assert claims related to drywall from China installed in homes in Louisiana

following Hurricanes Katrina and Rita.  The remaining allegations of Paragraph 1 contain legal conclusions and/or factual allegations regarding other defendants that require no response.  To the extent a response is required to the remaining allegations of Paragraph 1, Defendant denies the same.

2.      In response to Paragraph 2, Defendant admits that in August 2005 and September 2005, Hurricanes Katrina and Rita struck Louisiana.  Defendant further admits that buildings in Louisiana were destroyed or damaged by the hurricanes.  Defendant lacks information sufficient to admit or deny the remaining allegations of Paragraph 2 and, therefore, denies same.

3.      Defendant lacks information sufficient to admit or deny the allegations of Paragraph 3 and, therefore, denies the same.

4.      In response to Paragraph 4, Defendant admits that drywall was used in construction projects undertaken as a result of the damage caused by Hurricane Katrina and Hurricane Rita.

5.      Defendant denies the allegations of Paragraph 5 to the extent that they apply to it.

6.      Defendant denies the allegations of Paragraph 6 to the extent that they apply to it. The remaining allegations are directed at other defendants that require no response.

7.      Defendant denies the allegations of Paragraph 7.

8.      Defendant denies the allegations of Paragraph 8.

9.      Defendant denies the allegations of Paragraph 9 to the extent that they apply to it. All other allegations of Paragraph 9 contain legal conclusions and/or factual allegations regarding other defendants that require no response.

10.     Defendant denies the allegations of Paragraph 10 for lack of sufficient information to form a belief therein.

11.     Defendant denies the allegations of Paragraph 11.

12.     Defendant denies the allegations of Paragraph 12.

13.     Defendant denies the allegations of Paragraph 13.

14.     Defendant denies the allegations of Paragraph 14.

15.     The allegations of Paragraph 15 contain legal conclusions that require no response.

16.     The allegations of Paragraph 16 contain legal conclusions that require no response.  To the extent a response is required to the allegations of Paragraph 16, Defendant denies the same.

17.     Defendant denies the allegations of Paragraph 17 to the extent that it contains any factual allegations directed at it.  The remaining allegations of Paragraph 17 contain legal conclusions that require no response.  To the extent a response is required to the remaining allegations of Paragraph 17, Defendant denies the same.

18.     In response to Paragraph 18, Defendant admits that GKV is a corporate entity headquartered in Germany with its principal place of business located at Am Bahnoff 7, 97346 Iphofen, Germany, and with General Partners which include members of the Knauf family.  Defendant denies the remaining allegations contained in Paragraph 18.

19.     In response to Paragraph 19, Defendant admits that Knauf Gips is a corporate entity headquartered in Germany with its principal place of business located at Am Bahnhof 7, 97346 Iphofen, Germany.  Defendant denies the remaining allegations contained in Paragraph 19.

20.     In response to Paragraph 20, Defendant admits that it is a corporate entity headquartered in Germany with its principal place of business located at Am Bahnhof 7, 97346 Iphofen, Germany.  Defendant denies the remaining allegations contained in Paragraph 20.

21.     In response to Paragraph 21, Defendant admits  that GKV, Gips, and Defendant are distinct and separate legal entities that may have common ownership interests with each other.  Defendant denies the remaining allegations contained in Paragraph 21.

22.     In response to Paragraph 22, Defendant admits that KPT is a corporate entity headquartered in China with its principal place of business located at North Yinhe Bridge, East Jingjin Road, RC-300400, Tianjin, P.R. China.   Defendant denies the remaining allegations contained in Paragraph 22.

23.     In response to Paragraph 23, Defendant admits that Knauf Wuhu is a corporate entity headquartered in China with its principal place of business located at No. 2 Gang Wan Road, RC-241009, Wuhu Anhui, P.R. China.   Defendant denies the remaining allegations contained in Paragraph 23.

24.     In response to Paragraph 24, Defendant admits that Knauf Guangdong is a corporate entity headquartered in China with its principal place of business located at No. 2 Xinsha Development Zone, RC-523147, Guangdong, P.R. China.   Defendant denies the remaining allegations contained in Paragraph 24.

25.     In response to Paragraph 25, Defendant admits that Knauf Insulation is a corporate entity organized under the laws of Germany with its principal place of business located in Shelbyville, Indiana.  Defendant further admits that Knauf Insulation has a registered agent in the United States.   Defendant further admits that Knauf Insulation has a Certificate of

Admission.  Defendant further admits that Knauf Insulation conducts business in Louisiana. Defendant denies the remaining allegations contained in Paragraph 25.

26.     In response to Paragraph 26, Defendant admits that Defendant, KPT, Knauf Guangdong, and Knauf Insulation are distinct and separate legal entities that may have common ownership interests with GKV, Gips, and/or Defendant.  Defendant denies that any of the distinct and separate legal entities control each other.  Defendant further denies the remaining allegations in Paragraph 26.

27.     The allegations of Paragraph 27 contain legal conclusions concerning a 2013 jury trial in a Miami-Dade County, Florida state court in which Defendant was not a party; therefore, no response is required from Defendant.  To the extent a response is required, Defendant denies the allegations contained in Paragraph 27.

28.     Defendant lacks information sufficient to admit or deny the allegations of Paragraph 28 and, therefore, denies the same.

29.     Defendant lacks information sufficient to admit or deny the allegations of Paragraph 29 and, therefore, denies the same.

30.     Defendant lacks information sufficient to admit or deny the allegations of Paragraph 30 and, therefore, denies the same.

31.     Defendant lacks information sufficient to admit or deny the allegations of Paragraph 31 and, therefore, denies the same.

32.     Defendant lacks information sufficient to admit or deny the allegations of Paragraph 32 and, therefore, denies the same.

33.     Defendant lacks information sufficient to admit or deny the allegations of Paragraph 33 and, therefore, denies the same.

34.     Defendant lacks information sufficient to admit or deny the allegations of Paragraph 34 and, therefore, denies the same.

35.     In response to Paragraph 35, Defendant admits that USG Corporation is a Delaware corporation with its headquarters located at 550 W. Adams Street, Chicago, Illinois. Defendant further admits that USG Corporation is the parent company of L&W Supply Corporation, United States Gypsum Company, and USG Interiors, Inc. Defendant denies the remaining allegations of Paragraph 35.

36.     In response to Paragraph 36, Defendant admits that United States Gypsum Company is a Delaware corporation, has its headquarters located at 550 W. Adams Street, Chicago, Illinois, and is authorized to and conducts business in Louisiana. Defendant further states that United States Gypsum Company manufactures wallboard in North America and did not manufacture or sell any Chinese drywall.

37.     In response to Paragraph 37, Defendant admits that USG Interiors, Inc. is a Delaware corporation with its headquarters at 550 W. Adams Street, Chicago, Illinois. Defendant further admits that USG Interiors, Inc. conducts business in Louisiana. USG Interiors, Inc. did not manufacture or sell any Chinese drywall. Defendant denies all allegations not explicitly admitted herein.

38.     Paragraph 38 contains a statement regarding the abbreviated form of reference used for certain defendants in the Petition. To the extent Paragraph 38 contains any allegations requiring a response from Defendant, those allegations are denied.

39.     In response to Paragraph 39, Defendant admits that L&W Supply Corporation is a Delaware corporation with its headquarters located at 550 W. Adams Street, Chicago, Illinois.

Defendant denies the remaining allegations contained in Paragraph 39 for lack of sufficient information or belief to form a response.

42.     Defendant denies the allegations of Paragraph 40 to the extent that they apply to it.  All other allegations of Paragraph 40 contain legal conclusions and/or factual allegations regarding other defendants that require no response.

41.     Defendant denies the allegations of Paragraph 41 to the extent that they apply to it.  All other allegations of Paragraph 41 contain legal conclusions and/or factual allegations regarding other defendants that require no response.

42.     Defendant lacks information sufficient to admit or deny the allegations of Paragraph 42 and, therefore, denies the same.

43.     Defendant denies the allegations of Paragraph 43 to the extent that they apply to it.  All other allegations of Paragraph 43 contain factual allegations regarding other defendants that require no response.

44.     Defendant admits that GKV is owned and managed by certain members of the Knauf family.  Defendant denies the remaining allegations of paragraph 44.

45.     Defendant admits that Knauf Wuhu manufactures drywall in Wuhu, China (Anhui province), KPT manufactures drywall in Tianjin, and Knauf Guangdong manufactures drywall in Dongguan (Guangdong province).  Defendant denies the remaining allegations contained in Paragraph 45.

46.     Defendant responds to Paragraph 46 by incorporating herein its response to Paragraph 26.

47.     Defendant denies the allegations contained in Paragraph 47.

48.     Defendant denies the allegations contained in Paragraph 48.

49.     Defendant denies the allegations contained in paragraph 49.

50.     Defendant denies the allegations contained in Paragraph 50.

51.     Defendant denies the allegations contained in Paragraph 51.

52.     Defendant denies the allegations contained in Paragraph 52.

53.     Defendant denies the allegations contained in Paragraph 53.

54.     Defendant denies the allegations contained in Paragraph 54.

55.     Defendant denies the allegations contained in Paragraph 55.

56.     Defendant admits that the cargo ship *Yong An Cheng* transported shipments of Knauf Wuhu's manufactured drywall and Knauf Guangdong's manufactured drywall into the United States.  Defendant further admits that Gebr. Knauf Verwaltungsgesellschaft KG was a shareholder of USG Corporation, but states that in December 2009, the shares owned by Gebr. Knauf Verwaltungsgesellschaft KG were transferred to C&G Verwaltungs GmbH, an indirect subsidiary of Gebr. Knauf Verwaltungsgesellschaft KG.   Defendant denies the remaining allegations contained in Paragraph 56.

57.     Defendant denies the allegations contained in Paragraph 57.

58.     Defendant denies the allegations contained in Paragraph 58.

59.     Defendant denies the allegations contained in Paragraph 59.

60.     Defendant denies the allegations contained in Paragraph 60.

61.     Defendant denies the allegations contained in Paragraph 61.

62.     Defendant denies the allegations contained in Paragraph 62.

63.     Defendant denies the allegations contained in Paragraph 63.

64.     Defendant denies the allegations contained in Paragraph 64.

65.     Defendant denies that it manufactured any drywall that ended up in the United States.  All other allegations of Paragraph 65 contain legal conclusions and/or factual allegations regarding other defendants that require no response.

66.     Paragraph 66 contains legal conclusions and/or factual allegations regarding another defendant that require no response.

67.     Defendant denies the allegations of Paragraph 67 to the extent that they apply to it.  All other allegations of Paragraph 67 contain legal conclusions and/or factual allegations regarding other defendants that require no response.

68.     Defendant denies the allegations of Paragraph 68 to the extent that they apply to it.  All other allegations of Paragraph 68 contain legal conclusions and/or factual allegations regarding other defendants that require no response.

69.     Defendant denies the allegations of Paragraph 69 to the extent that they apply to it.  All other allegations of Paragraph 69 contain legal conclusions and/or factual allegations regarding other defendants that require no response.

70.     The allegations of Paragraph 70 contain legal conclusions and/or factual allegations regarding other defendants that require no response. To the extent a response is required to the allegations of Paragraph 70, Defendant denies the same.

71.     The allegations of Paragraph 71 contain legal conclusions and/or factual allegations regarding other defendants that require no response.

72.     Defendant denies the allegations contained in Paragraph 72.

73.     The allegations of Paragraph 73 contain legal conclusions and/or factual allegations regarding other defendants that require no response.

74.     The allegations of Paragraph 74 contain legal conclusions and/or factual allegations regarding other defendants that require no response.

75.     The allegations of Paragraph 75 contain legal conclusions and/or factual allegations regarding other defendants that require no response.

76.     The allegations of Paragraph 76 contain legal conclusions and/or factual allegations regarding other defendants that require no response.

77.     The allegations of Paragraph 77 contain legal conclusions and/or factual allegations regarding other defendants that require no response.

78.     The allegations of Paragraph 78 contain legal conclusions and/or factual allegations regarding other defendants that require no response.

79.     The allegations contained in Paragraph 79 contain legal conclusions and/or factual allegations regarding other defendants that require no response.

80.     The allegations of Paragraph 80 contain legal conclusions and/or factual allegations regarding other defendants that require no response.

81.     Defendant denies the allegations of Paragraph 81 to the extent that they apply to it.  All other allegations of Paragraph 81 contain legal conclusions and/or factual allegations regarding other defendants that require no response.

82.     Defendant states that the ASTM specifications speak for themselves; thus, the allegations of Paragraph 82 require no response from this Defendant.

83.     Defendant denies the allegations contained in Paragraph 83.

84.     In response to Paragraph 84, Defendant admits that L&W Supply Corporation is a distributor of drywall.  Defendant further admits that L&W Supply Corporation received one shipment of drywall from Knauf Guangdong to the Port of New Orleans, and that this shipment

consisted of approximately 82,500 sheets of drywall, of which only approximately 9,600 sheets were trucked to L&W Supply Corporation's distribution center in Jefferson, Louisiana. Defendant denies the remaining allegations of Paragraph 84.

85.     The allegations of Paragraph 85 contain legal conclusions and/or factual allegations regarding other defendants that require no response.

86.     The allegations of Paragraph 86 contain legal conclusions and/or factual allegations regarding other defendants that require no response.

87.     Defendant lacks information sufficient to admit or deny the allegations of Paragraph 87 and, therefore, denies the same.

88.     Defendant lacks information sufficient to admit or deny the allegations of Paragraph 88 and, therefore, denies the same.

89.     Defendant lacks information sufficient to admit or deny the allegations of Paragraph 89 and, therefore, denies the same.

90.     Defendant lacks information sufficient to admit or deny the allegations of Paragraph 90 and, therefore, denies the same.

91.     Defendant lacks information sufficient to admit or deny the allegations of Paragraph 91 and, therefore, denies the same.

92.     Defendant lacks information sufficient to admit or deny the allegations of Paragraph 92 and, therefore, denies the same.

93.     Defendant lacks information sufficient to admit or deny the allegations of Paragraph 93 and, therefore, denies the same.

94.     Defendant lacks information sufficient to admit or deny the allegations of Paragraph 94 and, therefore, denies the same.

95.     Defendant lacks information sufficient to admit or deny the allegations of Paragraph 95 and, therefore, denies the same.

96.     Defendant lacks information sufficient to admit or deny the allegations of Paragraph 96 and, therefore, denies the same.

97.     Defendant lacks information sufficient to admit or deny the allegations of Paragraph 97 and, therefore, denies the same.

98.     Defendant lacks information sufficient to admit or deny the allegations of Paragraph 98 and, therefore, denies the same.

99.     Defendant lacks information sufficient to admit or deny the allegations of Paragraph 99 and, therefore, denies the same.

100.     Defendant lacks information sufficient to admit or deny the allegations of Paragraph 100 and, therefore, denies the same.

101.     Defendant lacks information sufficient to admit or deny the allegations of Paragraph 101 and, therefore, denies the same.

102.     Defendant lacks information sufficient to admit or deny the allegations of Paragraph 102 and, therefore, denies the same.

103.     Defendant lacks information sufficient to admit or deny the allegations of Paragraph 103 and, therefore, denies the same.

104.     Defendant lacks information sufficient to admit or deny the allegations of Paragraph 104 and, therefore, denies the same.

105.     Defendant lacks information sufficient to admit or deny the allegations of Paragraph 105 and, therefore, denies the same.

106.    Defendant lacks information sufficient to admit or deny the allegations of Paragraph 106 and, therefore, denies the same.

107.    Defendant lacks information sufficient to admit or deny the allegations of Paragraph 107 and, therefore, denies the same.

108.    Defendant lacks information sufficient to admit or deny the allegations of Paragraph 108 and, therefore, denies the same.

109.    Defendant lacks information sufficient to admit or deny the allegations of Paragraph 109 and, therefore, denies the same.

110.    Defendant lacks information sufficient to admit or deny the allegations of Paragraph 110 and, therefore, denies the same.

111.    Defendant lacks information sufficient to admit or deny the allegations of Paragraph 111 and, therefore, denies the same.

112.    Defendant lacks information sufficient to admit or deny the allegations of Paragraph 112 and, therefore, denies the same.

113.    Defendant lacks information sufficient to admit or deny the allegations of Paragraph 113 and, therefore, denies the same.

114.    Defendant lacks information sufficient to admit or deny the allegations of Paragraph 114 and, therefore, denies the same.

115.    Defendant lacks information sufficient to admit or deny the allegations of Paragraph 115 and, therefore, denies the same.

116.    Defendant lacks information sufficient to admit or deny the allegations of Paragraph 116 and, therefore, denies the same.

117.     Defendant lacks information sufficient to admit or deny the allegations of Paragraph 117 and, therefore, denies the same.

118.     Defendant lacks information sufficient to admit or deny the allegations of Paragraph 118 and, therefore, denies the same.

119.     Defendant lacks information sufficient to admit or deny the allegations of Paragraph 119 and, therefore, denies the same.

120.     Paragraph 120 contains legal conclusions and/or factual allegations regarding another defendant that require no response.

121.     Defendant lacks information sufficient to admit or deny the allegations of Paragraph 121 and, therefore, denies the same.

122.     Defendant lacks information sufficient to admit or deny the allegations of Paragraph 122 and, therefore, denies the same.

123.     Paragraph 123 contains legal conclusions and/or factual allegations regarding another defendant that require no response.

124.     Paragraph 124 contains legal conclusions and/or factual allegations regarding another defendant that require no response.

125.     Paragraph 125 contains legal conclusions and/or factual allegations regarding another defendant that require no response.

126.     Paragraph 126 contains legal conclusions and/or factual allegations regarding another defendant that require no response.

127.     Paragraph 127 contains legal conclusions and/or factual allegations regarding another defendant that require no response.

128.    Paragraph 128 contains legal conclusions and/or factual allegations regarding another defendant that require no response.

129.    Paragraph 129 contains legal conclusions and/or factual allegations regarding another defendant that require no response.

130.    Paragraph 130 contains legal conclusions and/or factual allegations regarding another defendant that require no response.

131.    Paragraph 131 contains legal conclusions and/or factual allegations regarding another defendant that require no response.

132.    Paragraph 132 contains legal conclusions and/or factual allegations regarding another defendant that require no response.

133.    Paragraph 133 contains legal conclusions and/or factual allegations regarding another defendant that require no response.

134.    Defendant denies the allegations of Paragraph 134 to the extent that they apply to it.   The remaining allegations of Paragraph 134 contain legal conclusions and/or factual allegations regarding other defendants that require no response.

135.    Defendant denies the allegations of Paragraph 135 to the extent that they apply to it.   The remaining allegations of Paragraph 135 contain legal conclusions and/or factual allegations regarding other defendants that require no response.

136.    Defendant denies the allegations contained in Paragraph 136.

137.    Defendant denies the allegations of Paragraph 137.

138.    Defendant denies the allegations contained in Paragraph 138.

139.    Defendant denies the allegations contained in Paragraph 139.

140.    Defendant denies the allegations contained in Paragraph 140.

141.   Defendant denies the allegations contained in Paragraph 141.

142.   Paragraphs 142 through 145 contain legal conclusions and other statements concerning the proceedings in a 2013 jury trial in a Miami-Dade County, Florida state court in which Defendant was not a party; therefore, no response is required from Defendant.  To the extent a response is required, Defendant denies the allegations of these Paragraphs.

143.   Defendant responds to Paragraph 143 by incorporating herein its response to Paragraph 142.

144.   Defendant responds to Paragraph 144 by incorporating herein its response to Paragraph 142.

145.   Defendant responds to Paragraph 145 by incorporating herein its response to Paragraph 142.

146.   Defendant denies the allegations contained in Paragraph 146.

147.   Defendant denies the allegations contained in Paragraph 147.

148.   Defendant admits that Dr. Hummel inspected homes in South Florida in November 2006 and sent samples to the Fraunhofer Institute.  Defendant denies the remaining allegations contained in Paragraph 148.

149.   Defendant denies the allegations contained in Paragraph 149.

150.   Defendant denies the allegations contained in Paragraph 150.

151.   Defendant denies the allegations contained in Paragraph 151.

152.   Defendant admits that Mr. Norris wrote a letter to Rothchilt International Limited on November 13, 2006, the contents of which speaks for itself.  Defendant denies the remaining allegations contained in Paragraph 152.

153.   Defendant denies the allegations contained in Paragraph 153.

154.    Defendant denies the allegations contained in Paragraph 154.

155.    Defendant denies the allegations contained in Paragraph 155.

156.    Defendant admits that in November 2006, KPT hired CTEH to perform air testing.  Defendant further admits that Dr. Goad worked for CTEH.  Defendant lacks information sufficient to admit or deny the remaining allegations of Paragraph 156 and, therefore, denies the same.

157.    Defendant admits that KPT entered into an agreement with Banner Supply to replace unused drywall.  Defendant denies the remaining allegations of Paragraph 157.

158.    Defendant admits that Dr. Hummel sent William White an email on or about November 30, 2006.  Defendant denies that the contents of the email are accurately described as alleged in Paragraph 158, and otherwise denies the remaining allegations of Paragraph 158.

159.    Defendant denies the allegations of Paragraph 159.

160.    Defendant denies the allegations of Paragraph 160.

161.    Defendant denies the allegations contained in Paragraph 161 for lack of sufficient information or belief.

162.    Defendant admits that the CPSC conducted an investigation from 2009 to 2011, the results of which speaks for itself.  Defendant denies the remaining allegations contained in Paragraph 162.

163.    Defendant admits that certain defendants met with and cooperated with the CPSC. Defendant denies the remaining allegations of Paragraph 163.

164.    Defendant denies the allegations of Paragraph 164.

165.    Defendant denies the allegations of Paragraph 165.

166.    Defendant denies the allegations of Paragraph 166.

167.     Defendant admits that it and certain other defendants cooperated with the CPSC in 2009.  Defendant denies the remaining allegations contained in Paragraph 167.

168.     Defendant denies the allegations contained in Paragraph 168.

169.     Defendant admits that Dr. Goad met with representatives of the State of Louisiana in May 2009.  Defendant denies the remaining allegations contained in Paragraph 169.

170.     Defendant denies the allegations contained in Paragraph 170.

171.     Paragraph 171 contains legal conclusions and/or factual allegations regarding another defendant that require no response.

172.     Paragraph 172 contains legal conclusions and/or factual allegations regarding another defendant that require no response.

173.     Defendant denies the allegations contained in Paragraph 173.

174.     Defendant states that the report referenced in Paragraph 174 speaks for itself; thus, the allegations of Paragraph 174 require no response from this Defendant.

175.     Defendant admits that the effects of alleged emissions from KPT's drywall were and are not a public health concern.  Defendant denies the remaining allegations contained in Paragraph 175.

176.     Defendant lacks information sufficient to admit or deny the allegations of Paragraph 176 and, therefore, denies the same.

177.     Defendant denies the allegations contained in Paragraph 177.

178.     Defendant denies the allegations contained in Paragraph 178.

179.     Defendant denies the allegations of Paragraph 179 to the extent that they apply to it.  The remaining allegations of Paragraph 179 contain legal conclusions and/or factual

allegations regarding other defendants or third parties unrelated to Defendant that require no response.

180.     Defendant denies the allegations contained in Paragraph 180.

181.     Defendant admits the general allegation that it is preferable to have Medicaid and Medicare programs operated in an efficient and cost-effective manner.  Defendant lacks information sufficient to admit or deny the remaining allegations of Paragraph 181 and, therefore, denies the same.

182.     Defendant denies the allegations contained in Paragraph 182.

183.     Defendant denies the allegations contained in Paragraph 183.

184.     Defendant denies the allegations of Paragraph 184 to the extent that they apply to it.  The remaining allegations of Paragraph 184 contain legal conclusions and/or factual allegations regarding other defendants or third parties unrelated to Defendant that require no response.

185.     Defendant denies the allegations contained in Paragraph 185 to the extent that they apply to it.

186.     Defendant denies the allegations contained in Paragraph 186.

187.     Defendant denies the allegations contained in Paragraph 187 for lack of sufficient information or belief.

188.     Defendant lacks information sufficient to admit or deny the allegations of Paragraph 188 and, therefore, denies the same.

189.     Defendant denies the allegations contained in Paragraph 189.

190.     The allegations of Paragraph 190 and its subparts are in the nature of a request for relief and require no response.  To the extent a response is required to any allegations in Paragraph 190, Defendant denies the same.

191.     Defendant denies the allegations of Paragraph 191 to the extent that it contains any factual allegations directed at it.  The remaining allegations of Paragraph 191 contain legal conclusions that require no response.

192.     Paragraph 192 contains legal conclusions that require no response.  To the extent a response is required to the allegations of Paragraph 192, Defendant denies the same.

193.     Paragraph 193 contains legal conclusions that require no response.  To the extent a response is required to the allegations of Paragraph 193, Defendant denies the same.

194.     Defendant denies the allegations of Paragraph 194, including its subparts, to the extent that it contains any factual allegations directed at it.  The remaining allegations of Paragraph 194 and its subparts are in the nature of a request for relief and require no response. To the extent a response is required to any allegations in Paragraph 194, Defendant denies the same.

195.     In response to Paragraph 195, Defendant admits that numerous lawsuits have been filed by plaintiffs claiming that their homes contain defective drywall manufactured in China, and that federal lawsuits asserting such claims have been consolidated in a Multi-District Litigation bearing docket number 2:09-md-02047.  The remaining allegations of Paragraph 195 and its subparts contain legal conclusions that require no response.  To the extent a response is required to the remaining allegations of Paragraph 195 and its subparts, Defendant denies the same.

196.     In response to Paragraph 196, Defendant incorporates by reference its responses set forth in Paragraphs 1 - 195 above.

197.     Paragraph 197 contains a legal conclusion requiring no response.

198.     Defendant denies the allegations of Paragraph 198 to the extent that they apply to it.

199.     Defendant denies the allegations of Paragraph 199 to the extent that they apply to it.

200.     Defendant denies the allegations of Paragraph 200 to the extent that they apply to it.

201.     Defendant denies the allegations of Paragraph 201 to the extent that they apply to it.

202.     Defendant denies the allegations of Paragraph 202 to the extent that they apply to it.

203.     Defendant denies the allegations of Paragraph 203 to the extent that they apply to it.

204.     Defendant denies the allegations of Paragraph 204 to the extent that they apply to it.

205.     Defendant denies the allegations of Paragraph 205 to the extent that they apply to it.

206.     Defendant denies the allegations of Paragraph 206 to the extent that they apply to it.

207.     Paragraph 207 contains a legal conclusion requiring no response.

208.     Paragraph 208 contains a legal conclusion requiring no response.

209.    Paragraph 209 contains a legal conclusion requiring no response.

210.    Paragraph 210 contains a legal conclusion requiring no response.

211.    Defendant denies the allegations of Paragraph 211 to the extent that they apply to it.

212.    Defendant denies the allegations of Paragraph 212 to the extent that they apply to it.

213.    Defendant denies the allegations of Paragraph 213 to the extent that they apply to it.

214.    Defendant denies the allegations of Paragraph 214 to the extent that they apply to it.

215.    Defendant denies the allegations of Paragraph 215 to the extent that they apply to it.

216.    In response to Paragraph 216, Defendant incorporates by reference its responses set forth in Paragraphs 1 - 215 above.

217.    Defendant denies the allegations of Paragraph 217 to the extent that they apply to it.

218.    Defendant denies the allegations of Paragraph 218 to the extent that they apply to it.

219.    Defendant denies the allegations of Paragraph 219 to the extent that they apply to it.

220.    Defendant denies the allegations of Paragraph 220 to the extent that they apply to it.

221.    Defendant denies the allegations of Paragraph 221 to the extent that they apply to it.

222.    In response to Paragraph 222, Defendant incorporates by reference its responses set forth in Paragraphs 1 - 221 above.

223.    Paragraph 223 and its subparts contains legal conclusions that require no response.  To the extent a response is required to the allegations of Paragraph 223 and its subparts, Defendant denies the same.

224.    Defendant denies the allegations of Paragraph 224 to the extent that they apply to it.

225.    Defendant denies the allegations of Paragraph 225 to the extent that they apply to it.

226.    Defendant denies the allegations of Paragraph 226 to the extent that they apply to it.

227.    Defendant denies the allegations of Paragraph 227 to the extent that they apply to it.

228.    In response to Paragraph 228, Defendant incorporates by reference its responses set forth in Paragraphs 1 - 227 above.

229.    Defendant denies the allegations of Paragraph 229 to the extent that they apply to it.

230.    Defendant denies the allegations of Paragraph 230 to the extent that they apply to it.

231.    Defendant denies the allegations of Paragraph 231 to the extent that they apply to it.

232.     Defendant denies the allegations of Paragraph 232 to the extent that they apply to it.

233.     Defendant denies the allegations of Paragraph 233 to the extent that they apply to it.

234.     Defendant denies the allegations of Paragraph 234 to the extent that they apply to it.

235.     Defendant denies the allegations of Paragraph 235 to the extent that they apply to it.

236.     Defendant denies the allegations of Paragraph 236 to the extent that they apply to it.

237.     Defendant denies the allegations of Paragraph 237 to the extent that they apply to it.

238.     Defendant denies the allegations of Paragraph 238 to the extent that they apply to it.

239.     Defendant denies the allegations of Paragraph 239 to the extent that they apply to it.

240.     Defendant denies the allegations of Paragraph 240 to the extent that they apply to it.

241.     Defendant denies the allegations of Paragraph 241 to the extent that they apply to it.

242.     Defendant denies the allegations of Paragraph 242 to the extent that they apply to it.

243.    Defendant denies the allegations of Paragraph 243 to the extent that they apply to it.

244.    Defendant denies the allegations of Paragraph 244 to the extent that they apply to it.

245.    Defendant denies the allegations of Paragraph 245 to the extent that they apply to it.

246.    Defendant denies the allegations of Paragraph 246 to the extent that they apply to it.

247.    In response to Paragraph 247, Defendant incorporates by reference its responses set forth in Paragraphs 1 - 246 above.

248.    Defendant denies the allegations of Paragraph 248 to the extent that they apply to it.

249.    Defendant denies the allegations of Paragraph 249 to the extent that they apply to it.

250.    Defendant denies the allegations of Paragraph 250 to the extent that they apply to it.

251.    Defendant denies the allegations of Paragraph 251 to the extent that they apply to it.

252.    Defendant denies the allegations of Paragraph 252 to the extent that they apply to it.

253.    In response to Paragraph 253, Defendant incorporates by reference its responses set forth in Paragraphs 1 - 252 above.

254.     Defendant denies the allegations of Paragraph 254 to the extent that they apply to it.

255.     Defendant denies the allegations of Paragraph 255 to the extent that they apply to it.

256.     Defendant denies the allegations of Paragraph 256 to the extent that they apply to it.

257.     Defendant denies the allegations of Paragraph 257 to the extent that they apply to it.

258.     Defendant denies the allegations of Paragraph 258 to the extent that they apply to it.

259.     Defendant admits that Dr. Hummel sent samples of drywall taken from South Florida homes, domestically manufactured drywall samples, and ore samples from the Luneng Mine to the Fraunhofer Institute in 2006 for testing.  Defendant denies the remaining allegations contained in Paragraph 259.

260.     Defendant admits that the Fraunhofer Institute issued a report in December 2006, to Dr. Hummel, the contents of which speaks for itself.  Defendant denies the remaining allegations contained in Paragraph 260.

261.     In response to Paragraph 261, Defendant admits that Professor Hummel sent an email in which certain opinions regarding KPT wallboard are expressed. Defendant denies all other allegations of Paragraph 261 to the extent that they apply to it.

262.     Defendant denies the allegations contained in Paragraph 262.

263.     Paragraph 263 contains legal conclusions and/or factual allegations regarding other defendants that require no response.

264.     Paragraph 264 contains legal conclusions and/or factual allegations regarding other defendants that require no response.

265.     Paragraph 265 contains legal conclusions and/or factual allegations regarding other defendants that require no response.

266.     Defendant denies the allegations of Paragraph 266 to the extent that they apply to it.   The remaining allegations of Paragraph 266 contain legal conclusions and/or factual allegations regarding other defendants that require no response.

267.     Defendant denies the allegations of Paragraph 267 to the extent that they apply to it.   The remaining allegations of Paragraph 267 contain legal conclusions and/or factual allegations regarding other defendants that require no response.

268.     To the extent the Prayer for Relief is deemed to contain any allegations against Defendant, Defendant denies the same.

269.     Any and all allegations, claims, contentions, and/or demands contained in Plaintiff's Petition, which are not expressly and specifically admitted, modified, or explained by this Defendant in this Answer, Exceptions, and Affirmative Defenses are hereby expressly denied, including but not limited to the allegations contained in any unnumbered paragraphs at the beginning of Plaintiff's Petition.

## EXCEPTIONS

270.     Defendant excepts to the Petition for Damages on the ground that the Petition fails to state a valid claim against Defendant.

271.     Plaintiff has no right or cause of action against Defendant.

## FIRST DEFENSE

Plaintiff's Petition fails to state a claim upon which relief can be granted against

Defendant.

## SECOND DEFENSE

Any damages alleged to have been sustained by Plaintiff were caused in whole or in part by the acts or omissions of persons other than this Defendant, including but not limited to the manufacturer of any Chinese drywall at issue in this lawsuit, over whom this Defendant had and has no control or by superseding intervening causes outside the control of this Defendant.

## THIRD DEFENSE

Recovery of some or all of the damages alleged to have been sustained by Plaintiff is barred by the economic loss doctrine or its statutory or common law equivalent.

## FOURTH DEFENSE

The terms, provisions, and conditions, including but not limited to any warranty provisions, of any and all contracts entered into between Defendant and any other parties operate as a bar to all or part of Plaintiff's claims.

## FIFTH DEFENSE

Plaintiff's claims are barred, in whole or in part, by their absence of privity with Defendant and lack of standing to pursue a *parens patriae* action, as this action is a disguised class action duplicating claims that have been asserted in numerous lawsuits.

## SIXTH DEFENSE

Plaintiff has failed to mitigate its damages.

## SEVENTH DEFENSE

Plaintiff's claims are barred or have lapsed, in whole or in part, by the applicable statute of limitations, statute of repose, prescription period, or the doctrine of laches.

## EIGHTH DEFENSE

28

Defendant was not aware and could not reasonably have been aware of the existence of any alleged defect, which is expressly denied, at the time that it left Defendant's control.

### NINTH DEFENSE

To the extent that Plaintiff prays for punitive, exemplary, or otherwise enhanced damages, Defendant invokes its right under the due process clause of the Fifth Amendment of the United States Constitution as applied to the states through the Fourteenth Amendment of the United States Constitution.

### TENTH DEFENSE

To the extent that Defendant is found liable to Plaintiff for any damages, Defendant is entitled to setoff, offset, and recoupment.

### ELEVENTH DEFENSE

Defendant pleads all defenses available under the Louisiana Products Liability Act.

### TWELFTH DEFENSE

Plaintiff's claims against Defendant are based on theories of liability not provided for in the Louisiana Products Liability Act are barred.  La. Rev. Stat. § 9:2800.51, et seq.

### THIRTEENTH DEFENSE

To the extent that Plaintiff asserts claims against Defendant based on fraud, these claims are barred by reason of the failure of Plaintiff to allege the circumstances constituting fraud with particularity, as required by Rule 9(b) of the Federal Rules of Civil Procedure.

### FOURTEENTH DEFENSE

Plaintiff's claims are barred, in whole or in part, because Plaintiff is not entitled under the law to the damages that it seeks, the alleged damages sought are too speculative and uncertain, and because of the impossibility of the ascertainment and allocation of such damages.

## FIFTEENTH DEFENSE

Any alleged negligence by Defendant, which Defendant specifically denies, was not the proximate cause or sole proximate cause of Plaintiff's alleged damages and there is no causal connection between the acts complained of and the damages and injuries alleged.

## SIXTEENTH DEFENSE

Defendant incorporates herein by reference each and every affirmative defense pleaded by similarly-situated defendants.

## SEVENTEENTH DEFENSE

Plaintiffs' claims are barred to the extent that Plaintiffs rely on evidence obtained contrary to the Hague Convention on the Taking of Evidence Abroad in Civil or Commercial Matters.

This Defendant reserves the right to amend its Answer, Exceptions and Affirmative Defenses as investigation and discovery may reveal.

**WHEREFORE**, having fully answered the Plaintiff's Petition, Defendant prays the Court that:

a)      Plaintiff recover nothing from Defendant and that judgment be entered in Defendant's favor;

b)      the costs of this action, including attorney's fees and costs that may be allowed by statute, be taxed against Plaintiff; and

c)      Defendant have such other and further relief as the Court may deem just and proper.

Respectfully submitted,

/s/ Kerry J. Miller
Kerry J. Miller (Bar No. 24562)

30

kjmiller@bakerdonelson.com
James R. Parish (Bar No. 34017)
jparish@bakerdonelson.com

**BAKER DONELSON BEARMAN**
**CALDWELL & BERKOWITZ, P.C.**
201 St. Charles Avenue
Suite 3600
New Orleans, LA 70170
Tel: (504) 566-5200
Fax: (504) 636-4000

*Attorneys for Knauf International GmbH*

## <u>CERTIFICATE</u>

I hereby certify that the above and foregoing has been served upon all parties by electronically uploading the same to LexisNexis File & Serve Advanced in accordance with Pre-Trial Order No. 6, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF system which will send a Notice of Electronic Filing in accordance with the procedures established in MDL 2047, on this 11th day of February, 2015.


<u>/s/  Kerry Miller</u>