## IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| THE STATE OF LOUISIANA, | ) | |
| | ) | |
| Plaintiff | ) | |
| | ) | |
| vs. | ) | |
| | ) | 2:10-cv-00340-EEF-JCW |
| KNAUF GIPS KG; KNAUF | ) | |
| INTERNATIONAL GMBH; KNAUF | ) | MDL 2047 |
| PLASTERBOARD (TIANJIN) CO. LTD.; | ) | Section L |
| KNAUF PLASTERBOARD (WUHU) CO. | ) | |
| LTD.; GUANDONG KNAUF NEW | ) | |
| BUILDING MATERIAL PRODUCTS CO., | ) | |
| LTD.; KNAUF INSULATION, GMBH; | ) | |
| GEBRUEDER KNAUF | ) | |
| VERWALTUNGSGESELLSCHAFT, KG; | ) | |
| TAIAN TAISHAN PLASTERBOARD CO. | ) | |
| LTD.; BEIJING NEW BUILDING | ) | |
| MATERIALS PLC; CHINA NATIONAL | ) | |
| BUILDING MATERIALS CO. LTD.; USG | ) | |
| CORPORATION; UNITED STATES | ) | |
| GYPSUM COMPANY; USG INTERIORS, | ) | |
| INC.; L&W SUPPLY CORPORATION D/B/A | ) | |
| SEACOAST SUPPLY, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

## ANSWER, EXCEPTIONS AND AFFIRMATIVE DEFENSES
## OF DEFENDANT USG INTERIORS, LLC

USG INTERIORS, LLC ("USG Interiors") by and through its undersigned attorneys, hereby files its Answer, Exceptions and Affirmative Defenses in response to Plaintiff's Second Amended and Restated Petition ("Petition") and says:

1.      USG Interiors denies the allegations of Paragraph 1 to the extent that they apply to it.  USG Interiors lacks knowledge or information sufficient to admit or deny the remaining allegations of Paragraph 1 and, therefore, denies the same.

1

2.      USG Interiors admits that in August 2005 and September 2005, Hurricanes Katrina and Rita struck Louisiana.  USG Interiors admits that buildings in Louisiana were destroyed or damaged by the hurricanes.  USG Interiors lacks knowledge or information sufficient to admit or deny the remaining allegations of Paragraph 2 and, therefore, denies same.

3.      USG Interiors lacks knowledge or information sufficient to admit or deny the allegations of Paragraph 3 and, therefore, denies the same.

4.      USG Interiors admits that drywall was used in construction projects undertaken as a result of the damage caused by Hurricane Katrina and Hurricane Rita.  USG Interiors denies all allegations of Paragraph 4 not explicitly admitted herein.

5.      USG Interiors denies the allegations of Paragraph 5 to the extent that they are directed at it and states that it never manufactured, distributed, imported, or sold any Chinese drywall.  USG Interiors lacks information sufficient to admit or deny the remaining allegations of Paragraph 5 and, therefore, denies the same.

6.      USG Interiors denies the allegations of Paragraph 6 to the extent that they apply to it.   USG Interiors affirmatively denies that it gave Knauf "permission" to sell drywall to Interior Exterior or that USG Interiors was in any way involved in Knauf's sale of drywall to Interior Exterior.  USG Interiors lacks knowledge or information sufficient to admit or deny the remaining allegations of Paragraph 6 and, therefore, denies the same.

7.      USG Interiors denies the allegations of Paragraph 7 to the extent that they apply to it, and specifically denies that it manufactured or sold any Chinese drywall.  USG Interiors lacks knowledge or information as to the allegations concerning drywall distributed or sold in Louisiana by any other defendant and, therefore, denies those allegations.

8.      USG Interiors denies the allegations of Paragraph 8 to the extent that they apply to it, and specifically denies that it manufactured or sold any Chinese drywall.  USG Interiors lacks knowledge or information as to the allegations concerning drywall distributed or sold in Louisiana by any other defendant and, therefore, denies those allegations.

9.      USG Interiors denies the allegations of Paragraph 9 to the extent that they apply to it, and specifically denies that it manufactured or sold any Chinese drywall.  USG Interiors lacks knowledge or information as to the allegations concerning drywall distributed or sold in Louisiana by any other defendant and, therefore, denies those allegations.

10.      USG Interiors denies the allegations of Paragraph 10 to the extent that they apply to it, and specifically denies that it manufactured or sold any Chinese drywall.  USG Interiors lacks knowledge or information as to the allegations concerning drywall distributed or sold in Louisiana by any other defendant and, therefore, denies those allegations.

11.      USG Interiors denies the allegations of Paragraph 11 to the extent that they apply to it, and specifically denies that it manufactured or sold any Chinese drywall.  USG Interiors lacks knowledge or information as to the allegations concerning drywall distributed or sold in Louisiana by any other defendant and, therefore, denies those allegations.

12.      USG Interiors denies the allegations of Paragraph 12 to the extent that they apply to it, and specifically denies that it manufactured or sold any Chinese drywall.  USG Interiors lacks knowledge or information as to the allegations concerning drywall distributed or sold in Louisiana by any other defendant and, therefore, denies those allegations.

13.      USG Interiors denies the allegations of Paragraph 13 to the extent that they apply to it, and specifically denies that it manufactured or sold any Chinese drywall.  USG Interiors

lacks knowledge or information as to the allegations concerning drywall distributed or sold in Louisiana by any other defendant and, therefore, denies those allegations.

14.     USG Interiors denies the allegations of Paragraph 14 to the extent that they apply to it, and specifically denies that it manufactured or sold any Chinese drywall.  USG Interiors lacks knowledge or information as to the allegations concerning drywall distributed or sold in Louisiana by any other defendant and, therefore, denies those allegations.

15.     The allegations of Paragraph 15 contain legal conclusions that require no response.

16.     USG Interiors denies the allegation in Paragraph 16 that it manufactured, distributed, supplied, installed, marketed, sold, or otherwise provided any Chinese drywall.  The remaining allegations of Paragraph 16 contain legal conclusions that require no response.  To the extent a response is required to the remaining allegations of Paragraph 16, USG Interiors denies the same.

17.     USG Interiors denies the allegations of Paragraph 17 to the extent that it contains any factual allegations directed at it.  The remaining allegations of Paragraph 17 contain legal conclusions that require no response.  To the extent a response is required to the remaining allegations of Paragraph 17, USG Interiors denies the same.

18.     USG Interiors admits, on information and belief, that GKV is a corporate entity headquartered in Germany.  USG Interiors lacks knowledge or information sufficient to admit or deny the remaining allegations of Paragraph 18 and, therefore, denies the same.

19.     USG Interiors admits, on information and belief, that Knauf Gips is a corporate entity headquartered in Germany.  USG Interiors lacks knowledge or information sufficient to admit or deny the remaining allegations of Paragraph 19 and, therefore, denies the same.

20.     USG Interiors admits, on information and belief, that Knauf International is a corporate entity headquartered in Germany.  USG Interiors lacks knowledge or information sufficient to admit or deny the remaining allegations of Paragraph 20 and, therefore, denies the same.

21.     USG Interiors lacks knowledge or information sufficient to admit or deny the allegations of Paragraph 21 and, therefore, denies the same.

22.     USG Interiors lacks knowledge or information sufficient to admit or deny the allegations of Paragraph 22 and, therefore, denies the same.

23.     USG Interiors lacks knowledge or information sufficient to admit or deny the allegations of Paragraph 23 and, therefore, denies the same.

24.     USG Interiors lacks knowledge or information sufficient to admit or deny the allegations of Paragraph 24 and, therefore, denies the same.

25.     USG Interiors admits, upon information and belief, that there is a company named Knauf Insulation GmbH, which has facilities in Shelbyville, Indiana.  USG Interiors lacks knowledge or information sufficient to admit or deny the remaining allegations of Paragraph 25 and, therefore, denies the same.

26.     USG Interiors lacks knowledge or information sufficient to admit or deny the allegations of Paragraph 26 and, therefore, denies the same.

27.     The allegations of Paragraph 27 contain legal conclusions concerning a 2013 jury trial in a Miami-Dade County, Florida state court in which USG Interiors was not a party; therefore, no response is required from USG Interiors.  To the extent a response is required, USG Interiors denies the allegations contained in Paragraph 27.

28. USG Interiors lacks knowledge or information sufficient to admit or deny the allegations of Paragraph 28 and, therefore, denies the same.

29. USG Interiors lacks knowledge or information sufficient to admit or deny the allegations of Paragraph 29 and, therefore, denies the same.

30. USG Interiors lacks knowledge or information sufficient to admit or deny the allegations of Paragraph 30 and, therefore, denies the same.

31. USG Interiors lacks knowledge or information sufficient to admit or deny the allegations of Paragraph 31 and, therefore, denies the same.

32. USG Interiors lacks knowledge or information sufficient to admit or deny the allegations of Paragraph 32 and, therefore, denies the same.

33. USG Interiors lacks knowledge or information sufficient to admit or deny the allegations of Paragraph 33 and, therefore, denies the same.

34. USG Interiors lacks knowledge or information sufficient to admit or deny the allegations of Paragraph 34 and, therefore, denies the same.

35. USG Interiors admits that USG Corporation is a Delaware corporation with its headquarters located at 550 W. Adams Street, Chicago, Illinois. USG Interiors denies the remaining allegations of Paragraph 35.

36. USG Interiors admits that United States Gypsum Company is a Delaware corporation, has its headquarters located at 550 W. Adams Street, Chicago, Illinois, and is authorized to and conducts business in Louisiana. USG Interiors further states that United States Gypsum Company manufactures wallboard in North America and did not manufacture or sell any Chinese drywall. USG Interiors denies all allegations of Paragraph 36 not explicitly admitted herein.

37.     USG Interiors admits that it is a Delaware corporation with its headquarters at 550 W. Adams Street, Chicago, Illinois.  USG Interiors admits that it manufactures ceiling tiles and related products that are sold in Louisiana, but denies that it manufactured or sold any Chinese-made drywall.  USG Interiors denies all allegations of Paragraph 37 not explicitly admitted herein.

38.     Paragraph 38 contains a statement regarding the abbreviated form of reference used for certain defendants in the Petition.  To the extent Paragraph 38 contains any allegations requiring a response from USG Interiors, those allegations are denied.

39.     USG Interiors admits that L&W Supply Corporation is a Delaware corporation with its headquarters located at 550 W. Adams Street, Chicago, Illinois.  USG Interiors further admits that L&W Supply Corporation is authorized to and conducts business in Louisiana, and that L&W Supply Corporation conducted business under the name Seacoast Supply in Louisiana.  USG Interiors denies all allegations of Paragraph 39 not explicitly admitted herein.

40.     USG Interiors denies any allegation in Paragraph 40 that it manufactured, imported, or sold any Chinese drywall.  USG Interiors lacks knowledge or information sufficient to admit or deny the remaining allegations of Paragraph 40 and, therefore, denies the same.

41.     USG Interiors lacks knowledge or information sufficient to admit or deny the allegations of Paragraph 41 and, therefore, denies the same.

42.     USG Interiors lacks knowledge or information sufficient to admit or deny the allegations of Paragraph 42 and, therefore, denies the same.

43.     USG Interiors admits that certain Knauf companies manufacture drywall and other building materials, have multiple production facilities in various countries, and sell

building materials in many countries.   USG Interiors lacks knowledge or information sufficient to admit or deny the remaining allegations of Paragraph 43 and, therefore, denies the same.

44.     USG Interiors lacks knowledge or information sufficient to admit or deny the allegations of Paragraph 44 and, therefore, denies the same.

45.     USG Interiors lacks knowledge or information sufficient to admit or deny the allegations of Paragraph 45 and, therefore, denies the same.

46.     USG Interiors lacks knowledge or information sufficient to admit or deny the allegations of Paragraph 46 and, therefore, denies the same.

47.     USG Interiors lacks knowledge or information sufficient to admit or deny the allegations of Paragraph 47 and, therefore, denies the same.

48.     USG Interiors lacks knowledge or information sufficient to admit or deny the allegations of Paragraph 48 and, therefore, denies the same.

49.     USG Interiors lacks knowledge or information sufficient to admit or deny the allegations of Paragraph 49 and, therefore, denies the same.

50.     USG Interiors lacks knowledge or information sufficient to admit or deny the allegations of Paragraph 50 and, therefore, denies the same.

51.     USG Interiors lacks knowledge or information sufficient to admit or deny the allegations of Paragraph 51 and, therefore, denies the same.

52.     USG Interiors lacks knowledge or information sufficient to admit or deny the allegations of Paragraph 52 and, therefore, denies the same.

53.     USG Interiors lacks knowledge or information sufficient to admit or deny the allegations of Paragraph 53 and, therefore, denies the same.

54.     USG Interiors lacks knowledge or information sufficient to admit or deny the allegations of Paragraph 54 and, therefore, denies the same.

55.     USG Interiors lacks knowledge or information sufficient to admit or deny the allegations of Paragraph 55 and, therefore, denies the same.

56.     USG Interiors admits that in the spring of 2006, the ship *Yong an Cheng* delivered shipments of Knauf Wuhu and Knauf Dongguan drywall to the United States, some of which was purchased by L&W Supply Corporation.   USG Interiors denies that any of the Knauf wallboard on the *Yong an Cheng* purchased by L&W Supply Corporation was KPT wallboard. USG Interiors denies that any of the Knauf wallboard purchased by L&W Supply Corporation and shipped on the *Yong an Cheng* was defective.   USG Interiors admits that L&W Supply Corporation is the leading specialty distributor of building products in the United States and that Gebr. Knauf Verwaltungsgesellschaft KG was a shareholder of USG Corporation.   In December 2009, the shares owned by Gebr. Knauf Verwaltungsgesellschaft KG were transferred to C&G Verwaltungs GmbH, an indirect subsidiary of Gebr. Knauf Verwaltungsgesellschaft KG.   USG Interiors denies all allegations of Paragraph 56 not explicitly admitted herein.

57.     USG Interiors lacks knowledge or information sufficient to admit or deny the allegations of Paragraph 57 and, therefore, denies the same.

58.     USG Interiors lacks knowledge or information sufficient to admit or deny the allegations of Paragraph 58 and, therefore, denies the same.

59.     USG Interiors lacks knowledge or information sufficient to admit or deny the allegations of Paragraph 59 and, therefore, denies the same.

60.     USG Interiors denies that it manufactured or sold any Chinese drywall.   USG Interiors lacks knowledge or information sufficient to admit or deny the remaining allegations of Paragraph 60 and, therefore, denies those allegations.

61.     USG Interiors denies that it manufactured or sold any Chinese drywall.   USG Interiors lacks knowledge or information sufficient to admit or deny the remaining allegations of Paragraph 61 and, therefore, denies those allegations.

62.     USG Interiors lacks knowledge or information sufficient to admit or deny the allegations of Paragraph 62 and, therefore, denies the same.

63.     USG Interiors lacks knowledge or information sufficient to admit or deny the allegations of Paragraph 63 and, therefore, denies the same.

64.     USG Interiors lacks knowledge or information sufficient to admit or deny the allegations of Paragraph 64 and, therefore, denies the same.

65.     USG Interiors lacks knowledge or information sufficient to admit or deny the allegations of Paragraph 65 and, therefore, denies the same.

66.     USG Interiors lacks knowledge or information sufficient to admit or deny the allegations of Paragraph 66 and, therefore, denies the same.

67.     USG Interiors lacks knowledge or information sufficient to admit or deny the allegations of Paragraph 67 and, therefore, denies the same.

68.     USG Interiors lacks knowledge or information sufficient to admit or deny the allegations of Paragraph 68 and, therefore, denies the same.

69.     Paragraphs 69 through 78 contain allegations about transactions involving the Knauf entities and Interior Exterior Building Supply, L.P.  USG Interiors lacks knowledge or information sufficient to admit or deny those allegations and, therefore, denies same.

70.     USG Interiors responds to Paragraph 70 by incorporating herein its response to Paragraph 69.

71.     USG Interiors responds to Paragraph 71 by incorporating herein its response to Paragraph 69.

72.     USG Interiors responds to Paragraph 72 by incorporating herein its response to Paragraph 69.

73.     USG Interiors responds to Paragraph 73 by incorporating herein its response to Paragraph 69.

74.     USG Interiors responds to Paragraph 74 by incorporating herein its response to Paragraph 69.

75.     USG Interiors responds to Paragraph 75 by incorporating herein its response to Paragraph 69.

76.     USG Interiors responds to Paragraph 76 by incorporating herein its response to Paragraph 69.

77.     USG Interiors responds to Paragraph 77 by incorporating herein its response to Paragraph 69.

78.     USG Interiors responds to Paragraph 78 by incorporating herein its response to Paragraph 69.

79.     USG Interiors lacks knowledge or information sufficient to admit or deny the allegations of Paragraph 79 and, therefore, denies the same.

80.     USG Interiors lacks knowledge or information sufficient to admit or deny the allegations of Paragraph 80 and, therefore, denies the same.

81.     USG Interiors lacks knowledge or information sufficient to admit or deny the allegations of Paragraph 81 and, therefore, denies the same.

82.     USG Interiors states that the ASTM specifications speak for themselves; thus, the allegations of Paragraph 82 require no response from USG Interiors.

83.     USG Interiors denies that it manufactured or sold any Chinese drywall.   USG Interiors denies the remaining allegations of Paragraph 83.

84.     USG Interiors denies that it is a distributor of drywall.  USG Interiors admits that L&W Supply Corporation received a shipment of drywall from Knauf Dongguan delivered to the Port of New Orleans, and that approximately 9,600 sheets from this shipment were trucked to L&W Supply Corporation's distribution center in Jefferson, Louisiana.   USG Interiors denies the allegations of Paragraph 84 not explicitly admitted herein.

85.     USG Interiors lacks knowledge or information sufficient to admit or deny the allegations of Paragraph 85 and, therefore, denies the same.

86.     USG Interiors lacks knowledge or information sufficient to admit or deny the allegations of Paragraph 86 and, therefore, denies the same.

87.     USG Interiors lacks knowledge or information sufficient to admit or deny the allegations of Paragraph 87 and, therefore, denies the same.

88.     USG Interiors lacks knowledge or information sufficient to admit or deny the allegations of Paragraph 88 and, therefore, denies the same.

89.     USG Interiors lacks knowledge or information sufficient to admit or deny the allegations of Paragraph 89 and, therefore, denies the same.

90.     USG Interiors lacks knowledge or information sufficient to admit or deny the allegations of Paragraph 90 and, therefore, denies the same.

91.     USG Interiors lacks knowledge or information sufficient to admit or deny the allegations of Paragraph 91 and, therefore, denies the same.

92.     USG Interiors lacks knowledge or information sufficient to admit or deny the allegations of Paragraph 92 and, therefore, denies the same.

93.     USG Interiors lacks knowledge or information sufficient to admit or deny the allegations of Paragraph 93 and, therefore, denies the same.

94.     USG Interiors lacks knowledge or information sufficient to admit or deny the allegations of Paragraph 94 and, therefore, denies the same.

95.     USG Interiors lacks knowledge or information sufficient to admit or deny the allegations of Paragraph 95 and, therefore, denies the same.

96.     USG Interiors lacks knowledge or information sufficient to admit or deny the allegations of Paragraph 96 and, therefore, denies the same.

97.     USG Interiors lacks knowledge or information sufficient to admit or deny the allegations of Paragraph 97 and, therefore, denies the same.

98.     USG Interiors lacks knowledge or information sufficient to admit or deny the allegations of Paragraph 98 and, therefore, denies the same.

99.     USG Interiors lacks knowledge or information sufficient to admit or deny the allegations of Paragraph 99 and, therefore, denies the same.

100.    USG Interiors lacks knowledge or information sufficient to admit or deny the allegations of Paragraph 100 and, therefore, denies the same.

101.    USG Interiors lacks knowledge or information sufficient to admit or deny the allegations of Paragraph 101 and, therefore, denies the same.

102.     USG Interiors lacks knowledge or information sufficient to admit or deny the allegations of Paragraph 102 and, therefore, denies the same.

103.     USG Interiors lacks knowledge or information sufficient to admit or deny the allegations of Paragraph 103 and, therefore, denies the same.

104.     USG Interiors lacks knowledge or information sufficient to admit or deny the allegations of Paragraph 104 and, therefore, denies the same.

105.     USG Interiors lacks knowledge or information sufficient to admit or deny the allegations of Paragraph 105 and, therefore, denies the same.

106.     USG Interiors lacks knowledge or information sufficient to admit or deny the allegations of Paragraph 106 and, therefore, denies the same.

107.     USG Interiors lacks knowledge or information sufficient to admit or deny the allegations of Paragraph 107 and, therefore, denies the same.

108.     USG Interiors lacks knowledge or information sufficient to admit or deny the allegations of Paragraph 108 and, therefore, denies the same.

109.     USG Interiors lacks knowledge or information sufficient to admit or deny the allegations of Paragraph 109 and, therefore, denies the same.

110.     USG Interiors lacks knowledge or information sufficient to admit or deny the allegations of Paragraph 110 and, therefore, denies the same.

111.     USG Interiors lacks knowledge or information sufficient to admit or deny the allegations of Paragraph 111 and, therefore, denies the same.

112.     USG Interiors lacks knowledge or information sufficient to admit or deny the allegations of Paragraph 112 and, therefore, denies the same.

113.    USG Interiors lacks knowledge or information sufficient to admit or deny the allegations of Paragraph 113 and, therefore, denies the same.

114.    USG Interiors lacks knowledge or information sufficient to admit or deny the allegations of Paragraph 114 and, therefore, denies the same.

115.    USG Interiors lacks knowledge or information sufficient to admit or deny the allegations of Paragraph 115 and, therefore, denies the same.

116.    USG Interiors lacks knowledge or information sufficient to admit or deny the allegations of Paragraph 116 and, therefore, denies the same.

117.    USG Interiors lacks knowledge or information sufficient to admit or deny the allegations of Paragraph 117 and, therefore, denies the same.

118.    USG Interiors lacks knowledge or information sufficient to admit or deny the allegations of Paragraph 118 and, therefore, denies the same.

119.    USG Interiors lacks knowledge or information sufficient to admit or deny the allegations of Paragraph 119 and, therefore, denies the same.

120.    USG Interiors lacks knowledge or information sufficient to admit or deny the allegations of Paragraph 120 and, therefore, denies the same.

121.    USG Interiors lacks knowledge or information sufficient to admit or deny the allegations of Paragraph 121 and, therefore, denies the same.

122.    USG Interiors lacks knowledge or information sufficient to admit or deny the allegations of Paragraph 122 and, therefore, denies the same.

123.    USG Interiors lacks knowledge or information sufficient to admit or deny the allegations of Paragraph 123 and, therefore, denies the same.

124.    USG Interiors lacks knowledge or information sufficient to admit or deny the allegations of Paragraph 124 and, therefore, denies the same.

125.    USG Interiors lacks knowledge or information sufficient to admit or deny the allegations of Paragraph 125 and, therefore, denies the same.

126.    USG Interiors lacks knowledge or information sufficient to admit or deny the allegations of Paragraph 126 and, therefore, denies the same.

127.    USG Interiors lacks knowledge or information sufficient to admit or deny the allegations of Paragraph 127 and, therefore, denies the same.

128.    USG Interiors lacks knowledge or information sufficient to admit or deny the allegations of Paragraph 128 and, therefore, denies the same.

129.    USG Interiors lacks knowledge or information sufficient to admit or deny the allegations of Paragraph 129 and, therefore, denies the same.

130.    USG Interiors lacks knowledge or information sufficient to admit or deny the allegations of Paragraph 130 and, therefore, denies the same.

131.    USG Interiors lacks knowledge or information sufficient to admit or deny the allegations of Paragraph 131 and, therefore, denies the same.

132.    USG Interiors lacks knowledge or information sufficient to admit or deny the allegations of Paragraph 132 and, therefore, denies the same.

133.    USG Interiors lacks knowledge or information sufficient to admit or deny the allegations of Paragraph 133 and, therefore, denies the same.

134.    USG Interiors denies the allegations of Paragraph 134 to the extent that they apply to it.  USG Interiors lacks knowledge or information sufficient to admit or deny the remaining allegations of Paragraph 134 and, therefore, denies the same.

135.    USG Interiors denies any allegation in Paragraph 135 that it manufactured, imported, or sold any Chinese drywall.  USG Interiors admits that, generally speaking, drywall may be made from mined gypsum, synthetic gypsum, or a combination of both.  USG Interiors lacks knowledge or information to admit or deny the remaining allegations of Paragraph 135 and, therefore, denies same.

136.    USG Interiors denies that it owns or operates any Chinese drywall manufacturing facilities.  USG Interiors denies all other allegations of Paragraph 136 to the extent they apply to it.   USG Interiors lacks knowledge or information regarding each of the Defendants' manufacturing facilities.  USG Interiors denies all allegations of Paragraph 136 not explicitly admitted herein.

137.    USG Interiors lacks knowledge or information sufficient to admit or deny the allegations of Paragraph 137 and, therefore, denies the same.

138.    USG Interiors lacks knowledge or information sufficient to admit or deny the allegations of Paragraph 138 and, therefore, denies the same.

139.    USG Interiors lacks knowledge or information sufficient to admit or deny the allegations of Paragraph 139 and, therefore, denies the same.

140.    USG Interiors lacks knowledge or information sufficient to admit or deny the allegations of Paragraph 140 and, therefore, denies the same.

141.    USG Interiors lacks knowledge or information sufficient to admit or deny the allegations of Paragraph 141 and, therefore, denies the same.

142.    Paragraphs 142 through 145 contain legal conclusions and other statements concerning the proceedings in a 2013 jury trial in a Miami-Dade County, Florida state court in

which USG Interiors was not a party; therefore, no response is required from USG Interiors. To the extent a response is required, USG Interiors denies the allegations of these Paragraphs.

143. USG Interiors responds to Paragraph 143 by incorporating herein its response to Paragraph 142.

144. USG Interiors responds to Paragraph 144 by incorporating herein its response to Paragraph 142.

145. USG Interiors responds to Paragraph 145 by incorporating herein its response to Paragraph 142.

146. USG Interiors lacks knowledge or information sufficient to admit or deny the allegations of Paragraph 146 and, therefore, denies the same.

147. USG Interiors denies Paragraph 147 to the extent that it alleges that it is a distributor of drywall or that it manufactured or sold any Chinese drywall manufactured by a Knauf entity. The remaining allegations of Paragraph 147 are denied.

148. USG Interiors denies the allegations contained in Paragraph 148.

149. USG Interiors lacks knowledge or information sufficient to admit or deny the allegations of Paragraph 149 and, therefore, denies the same.

150. USG Interiors lacks knowledge or information sufficient to admit or deny the allegations of Paragraph 150 and, therefore, denies the same.

151. USG Interiors lacks knowledge or information sufficient to admit or deny the allegations of Paragraph 151 and, therefore, denies the same.

152. USG Interiors lacks knowledge or information sufficient to admit or deny the allegations of Paragraph 152 and, therefore, denies the same.

153.    USG Interiors lacks knowledge or information sufficient to admit or deny the allegations of Paragraph 153 and, therefore, denies the same.

154.    USG Interiors denies the allegations of Paragraph 154.

155.    USG Interiors lacks knowledge or information sufficient to admit or deny the allegations of Paragraph 155 and, therefore, denies the same.

156.    USG Interiors lacks knowledge or information sufficient to admit or deny the allegations of Paragraph 156 and, therefore, denies the same.

157.    USG Interiors denies the allegations of Paragraph 157.

158.    USG Interiors admits that Dr. Hummel sent William White an email on or about November 30, 2006.  USG Interiors denies that the contents of the email are accurately described as alleged in Paragraph 158, and otherwise denies the remaining allegations of Paragraph 158.

159.    USG Interiors affirmatively states that the allegations of Paragraph 159 are vague, confusing and argumentative by, among other things, referencing "information," without any specificity as to what "information" is being referenced.  USG Interiors denies it had any obligation or duty to provide "information" to Interior Exterior.  USG Interiors denies all other allegations of Paragraph 159 not explicitly admitted herein.

160.    USG Interiors lacks knowledge or information sufficient to admit or deny the allegations of Paragraph 160 and, therefore, denies the same.

161.    USG Interiors lacks knowledge or information sufficient to admit or deny the allegations of Paragraph 161 and, therefore, denies the same.

162.    USG Interiors admits that the U.S. Consumer Products Safety Commission conducted an investigation into complaints about Chinese drywall sold in the United States, and as part of that investigation, testing was conducted of Chinese drywall and homes with Chinese

19

drywall.   USG Interiors refers to the testing and investigation reports posted on the CPSC's website for more information.   USG Interiors denies all allegations of Paragraph 162 not explicitly admitted herein.

163.    USG Interiors lacks knowledge or information sufficient to admit or deny the allegations of Paragraph 163 and, therefore, denies the same.

164.    USG Interiors lacks knowledge or information sufficient to admit or deny the allegations of Paragraph 164 and, therefore, denies the same.

165.    USG Interiors lacks knowledge or information sufficient to admit or deny the allegations of Paragraph 165 and, therefore, denies the same.

166.    USG Interiors lacks knowledge or information sufficient to admit or deny the allegations of Paragraph 166 and, therefore, denies the same.

167.    USG Interiors lacks knowledge or information sufficient to admit or deny the allegations of Paragraph 167 and, therefore, denies the same.

168.    USG Interiors lacks knowledge or information sufficient to admit or deny the allegations of Paragraph 168 and, therefore, denies the same.

169.    USG Interiors lacks knowledge or information sufficient to admit or deny the allegations of Paragraph 169 and, therefore, denies the same.

170.    USG Interiors lacks knowledge or information sufficient to admit or deny the allegations of Paragraph 170 and, therefore, denies the same.

171.    USG Interiors lacks knowledge or information sufficient to admit or deny the allegations of Paragraph 171 and, therefore, denies the same.

172.    USG Interiors lacks knowledge or information sufficient to admit or deny the allegations of Paragraph 172 and, therefore, denies the same.

173.     USG Interiors denies the allegations of Paragraph 173 to the extent that they apply to it.   USG Interiors lacks knowledge or information sufficient to admit or deny the remaining allegations of Paragraph 173 and, therefore, denies the same.

174.     USG Interiors admits that the Agency for Toxic Substances and Disease Registry of the U.S. Department of Health and Human Services issued a report dated May 2, 2014, titled "Health Consultation: Possible Health Implications From Exposure to Sulfur Gases Emitted From Chinese-Manufactured Drywall," which contains the language quoted in the second sentence of Paragraph 174 in the "Conclusions" section of the report, along with other conclusions and explanatory information, including a boldfaced "note" that "[b]ecause of the small number of drywall samples tested, these conclusions do not represent the range of all possible sulfur compound concentrations and should not be generalized to all drywall manufactured during the period of concern."   USG Interiors denies all allegations of Paragraph 174 not explicitly admitted herein.

175.     USG Interiors lacks knowledge or information sufficient to admit or deny the allegations of Paragraph 175 and, therefore, denies the same.

176.     USG Interiors lacks knowledge or information sufficient to admit or deny the allegations of Paragraph 176 and, therefore, denies the same.

177.     USG Interiors denies the allegations of Paragraph 177 to the extent that they apply to it.   USG Interiors lacks knowledge or information sufficient to admit or deny the allegations regarding the frequency or substance of complaints regarding Chinese drywall.   USG Interiors denies all allegations of Paragraph 177 not explicitly admitted herein.

178.   USG Interiors denies the allegations of Paragraph 178 to the extent that they apply to it.   USG Interiors lacks knowledge or information sufficient to admit or deny the remaining allegations of Paragraph 178 and, therefore, denies the same.

179.   USG Interiors denies the allegations of Paragraph 179 to the extent that they apply to it.   USG Interiors lacks knowledge or information sufficient to admit or deny the remaining allegations of Paragraph 179 and, therefore, denies the same.

180.   USG Interiors denies the allegations of Paragraph 180 to the extent that they apply to it.   USG Interiors lacks knowledge or information sufficient to admit or deny the remaining allegations of Paragraph 180 and, therefore, denies the same.

181.   USG Interiors admits the general allegation that it is preferable to have Medicaid and Medicare programs operated in an efficient and cost-effective manner.  USG Interiors lacks knowledge or information sufficient to admit or deny the remaining allegations of Paragraph 181 and, therefore, denies the same.

182.   USG Interiors denies the allegations of Paragraph 182 to the extent that they apply to it.   USG Interiors lacks knowledge or information sufficient to admit or deny the remaining allegations of Paragraph 182 and, therefore, denies the same.

183.   USG Interiors denies the allegations of Paragraph 183 to the extent that they apply to it.   USG Interiors lacks knowledge or information sufficient to admit or deny the remaining allegations of Paragraph 183 and, therefore, denies the same.

184.   USG Interiors denies the allegations of Paragraph 184 to the extent that they apply to it.   USG Interiors lacks knowledge or information sufficient to admit or deny the remaining allegations of Paragraph 184 and, therefore, denies the same.

185.    USG Interiors denies the allegations of Paragraph 185 to the extent that they apply to it.  USG Interiors lacks knowledge or information sufficient to admit or deny the remaining allegations of Paragraph 185 and, therefore, denies the same.

186.    USG Interiors denies the allegations of Paragraph 186 to the extent that they apply to it.  USG Interiors lacks knowledge or information sufficient to admit or deny the remaining allegations of Paragraph 186 and, therefore, denies the same.

187.    USG Interiors denies the allegations of Paragraph 187 to the extent that they apply to it.  USG Interiors lacks knowledge or information sufficient to admit or deny the allegations of Paragraph 187 regarding the activities of the State.  USG Interiors denies all allegations of Paragraph 187 not explicitly admitted herein.

188.    USG Interiors lacks knowledge or information sufficient to admit or deny the allegations of Paragraph 188 and, therefore, denies the same.

189.    USG Interiors denies the allegations of Paragraph 189 to the extent that they apply to it.  USG Interiors denies that it manufactured or sold any Chinese drywall.  USG Interiors lacks knowledge or information sufficient to admit or deny the remaining allegations of Paragraph 189 and, therefore, denies the same.

190.    The allegations of Paragraph 190 and its subparts are in the nature of a request for relief and require no response.  To the extent a response is required to any allegations in Paragraph 190, USG Interiors denies the same.

191.    USG Interiors denies the allegations of Paragraph 191 to the extent that it contains any factual allegations directed at it.  The remaining allegations of Paragraph 191 contain legal conclusions that require no response.  To the extent a response is required to any of the remaining allegations in Paragraph 191, USG Interiors denies the same.

192.    Paragraph 192 contains legal conclusions that require no response.  To the extent a response is required to the allegations of Paragraph 192, USG Interiors denies the same.

193.    Paragraph 193 contains legal conclusions that require no response.  USG Interiors denies Paragraph 193 to the extent it contains any allegations directed against USG Interiors.

194.    USG Interiors denies the allegations of Paragraph 194, including its subparts, to the extent that it contains any factual allegations directed at it.  The remaining allegations of Paragraph 194 and its subparts are in the nature of a request for relief and require no response.  To the extent a response is required to any allegations in Paragraph 194, USG Interiors denies the same.

195.    USG Interiors admits that numerous lawsuits have been filed by plaintiffs claiming that their homes contain defective drywall manufactured in China, and that federal lawsuits asserting such claims have been consolidated in a Multi-District Litigation bearing docket number 2:09-md-02047.  The remaining allegations of Paragraph 195 and its subparts contain legal conclusions that require no response.  To the extent a response is required to the remaining allegations of Paragraph 195 and its subparts, USG Interiors denies the same.

196.    In response to Paragraph 196, USG Interiors incorporates by reference its responses set forth in Paragraphs 1 - 195 above.

197.    Paragraph 197 contains a legal conclusion requiring no response.  To the extent a response is required to any allegations in Paragraph 197, USG Interiors denies the same.

198.    USG Interiors denies the allegations of Paragraph 198 to the extent that they apply to it.  USG Interiors lacks knowledge or information sufficient to admit or deny the remaining allegations of Paragraph 198 and, therefore, denies the same.

199.    USG Interiors denies the allegations of Paragraph 199 to the extent that they apply to it.  USG Interiors lacks knowledge or information sufficient to admit or deny the remaining allegations of Paragraph 199 and, therefore, denies the same.

200.    USG Interiors denies the allegations of Paragraph 200 to the extent that they apply to it.  USG Interiors lacks knowledge or information sufficient to admit or deny the remaining allegations of Paragraph 200 and, therefore, denies the same.

201.    USG Interiors denies the allegations of Paragraph 201 to the extent that they apply to it.  USG Interiors lacks knowledge or information sufficient to admit or deny the remaining allegations of Paragraph 201 and, therefore, denies the same.

202.    USG Interiors denies the allegations of Paragraph 202 to the extent that they apply to it.  USG Interiors lacks knowledge or information sufficient to admit or deny the remaining allegations of Paragraph 202 and, therefore, denies the same.

203.    USG Interiors denies the allegations of Paragraph 203 to the extent that they apply to it.  USG Interiors lacks knowledge or information sufficient to admit or deny the remaining allegations of Paragraph 203 and, therefore, denies the same.

204.    USG Interiors denies the allegations of Paragraph 204 to the extent that they apply to it.  USG Interiors lacks knowledge or information sufficient to admit or deny the remaining allegations of Paragraph 204 and, therefore, denies the same.

205.    USG Interiors denies the allegations of Paragraph 205 to the extent that they apply to it.  USG Interiors lacks knowledge or information sufficient to admit or deny the remaining allegations of Paragraph 205 and, therefore, denies the same.

206.    USG Interiors denies the allegations of Paragraph 206 to the extent that they apply to it.   USG Interiors lacks knowledge or information sufficient to admit or deny the remaining allegations of Paragraph 206 and, therefore, denies the same.

207.    Paragraph 207 contains a legal conclusion requiring no response.  To the extent a response is required to any allegations in Paragraph 207, USG Interiors denies the same.

208.    Paragraph 208 contains a legal conclusion requiring no response.  To the extent a response is required to any allegations in Paragraph 208, USG Interiors denies the same.

209.    Paragraph 209 contains a legal conclusion requiring no response.  To the extent a response is required to any allegations in Paragraph 209, USG Interiors denies the same.

210.    Paragraph 210 contains a legal conclusion requiring no response.  To the extent a response is required to any allegations in Paragraph 210, USG Interiors denies the same.

211.    USG Interiors denies the allegations of Paragraph 211 to the extent that they apply to it.   USG Interiors lacks knowledge or information sufficient to admit or deny the remaining allegations of Paragraph 211 and, therefore, denies the same.

212.    USG Interiors denies the allegations of Paragraph 212 to the extent that they apply to it.   USG Interiors lacks knowledge or information sufficient to admit or deny the remaining allegations of Paragraph 212 and, therefore, denies the same.

213.    USG Interiors denies the allegations of Paragraph 213 to the extent that they apply to it.    USG Interiors lacks knowledge or information sufficient to admit or deny the remaining allegations of Paragraph 213 and, therefore, denies the same.

214.    USG Interiors denies the allegations of Paragraph 214 to the extent that they apply to it.   USG Interiors lacks knowledge or information sufficient to admit or deny the remaining allegations of Paragraph 214 and, therefore, denies the same.

215.   USG Interiors denies the allegations of Paragraph 215 to the extent that they apply to it.   USG Interiors lacks knowledge or information sufficient to admit or deny the remaining allegations of Paragraph 215 and, therefore, denies the same.

216.   In response to Paragraph 216, USG Interiors incorporates by reference its responses set forth in Paragraphs 1 - 215 above.

217.   USG Interiors denies the allegations of Paragraph 217 to the extent that they apply to it.   USG Interiors lacks knowledge or information sufficient to admit or deny the remaining allegations of Paragraph 217 and, therefore, denies the same.

218.   USG Interiors denies the allegations of Paragraph 218 to the extent that they apply to it.   USG Interiors lacks knowledge or information sufficient to admit or deny the remaining allegations of Paragraph 218 and, therefore, denies the same.

219.   USG Interiors denies the allegations of Paragraph 219 to the extent that they apply to it.   USG Interiors lacks knowledge or information sufficient to admit or deny the remaining allegations of Paragraph 219 and, therefore, denies the same.

220.   USG Interiors denies the allegations of Paragraph 220 to the extent that they apply to it.   USG Interiors lacks knowledge or information sufficient to admit or deny the remaining allegations of Paragraph 220 and, therefore, denies the same.

221.   USG Interiors denies the allegations of Paragraph 221 to the extent that they apply to it.   USG Interiors lacks knowledge or information sufficient to admit or deny the remaining allegations of Paragraph 221 and, therefore, denies the same.

222.   In response to Paragraph 222, USG Interiors incorporates by reference its responses set forth in Paragraphs 1 - 221 above.

223.    Paragraph 223 and its subparts contains legal conclusions that require no response.   To the extent a response is required to the allegations of Paragraph 223 and its subparts, USG Interiors denies the same.

224.    USG Interiors denies the allegations of Paragraph 224 to the extent that they apply to it.   USG Interiors lacks knowledge or information sufficient to admit or deny the remaining allegations of Paragraph 224 and, therefore, denies the same.

225.    USG Interiors denies the allegations of Paragraph 225 to the extent that they apply to it.   USG Interiors lacks knowledge or information sufficient to admit or deny the remaining allegations of Paragraph 225 and, therefore, denies the same.

226.    USG Interiors denies the allegations of Paragraph 226 to the extent that they apply to it.   USG Interiors lacks knowledge or information sufficient to admit or deny the remaining allegations of Paragraph 226 and, therefore, denies the same.

227.    USG Interiors denies the allegations of Paragraph 227 to the extent that they apply to it.   USG Interiors lacks knowledge or information sufficient to admit or deny the remaining allegations of Paragraph 227 and, therefore, denies the same.

228.    In response to Paragraph 228, USG Interiors incorporates by reference its responses set forth in Paragraphs 1 - 227 above.

229.    USG Interiors denies the allegations of Paragraph 229 to the extent that they apply to it.   USG Interiors lacks knowledge or information sufficient to admit or deny the remaining allegations of Paragraph 229 and, therefore, denies the same.

230.    USG Interiors denies the allegations of Paragraph 230 to the extent that they apply to it.   USG Interiors lacks knowledge or information sufficient to admit or deny the remaining allegations of Paragraph 230 and, therefore, denies the same.

231.    USG Interiors denies the allegations of Paragraph 231 to the extent that they apply to it.   USG Interiors lacks knowledge or information sufficient to admit or deny the remaining allegations of Paragraph 231 and, therefore, denies the same.

232.    USG Interiors denies the allegations of Paragraph 232 to the extent that they apply to it.   USG Interiors lacks knowledge or information sufficient to admit or deny the remaining allegations of Paragraph 232 and, therefore, denies the same.

233.    USG Interiors denies the allegations of Paragraph 233 to the extent that they apply to it.   USG Interiors lacks knowledge or information sufficient to admit or deny the remaining allegations of Paragraph 233 and, therefore, denies the same.

234.    USG Interiors denies the allegations of Paragraph 234 to the extent that they apply to it.   USG Interiors lacks knowledge or information sufficient to admit or deny the remaining allegations of Paragraph 234 and, therefore, denies the same.

235.    USG Interiors denies the allegations of Paragraph 235 to the extent that they apply to it.   USG Interiors lacks knowledge or information sufficient to admit or deny the remaining allegations of Paragraph 235 and, therefore, denies the same.

236.    USG Interiors denies the allegations of Paragraph 236 to the extent that they apply to it.   USG Interiors lacks knowledge or information sufficient to admit or deny the remaining allegations of Paragraph 236 and, therefore, denies the same.

237.    USG Interiors denies the allegations of Paragraph 237 to the extent that they apply to it.   USG Interiors lacks knowledge or information sufficient to admit or deny the remaining allegations of Paragraph 237 and, therefore, denies the same.

238.    USG Interiors denies the allegations of Paragraph 238 to the extent that they apply to it.  USG Interiors lacks knowledge or information sufficient to admit or deny the remaining allegations of Paragraph 238 and, therefore, denies the same.

239.    USG Interiors denies the allegations of Paragraph 239 to the extent that they apply to it.  USG Interiors lacks knowledge or information sufficient to admit or deny the remaining allegations of Paragraph 239 and, therefore, denies the same.

240.    USG Interiors denies the allegations of Paragraph 240 to the extent that they apply to it.  USG Interiors lacks knowledge or information sufficient to admit or deny the remaining allegations of Paragraph 240 and, therefore, denies the same.

241.    USG Interiors denies the allegations of Paragraph 241 to the extent that they apply to it.  USG Interiors lacks knowledge or information sufficient to admit or deny the remaining allegations of Paragraph 241 and, therefore, denies the same.

242.    USG Interiors denies the allegations of Paragraph 242 to the extent that they apply to it.  USG Interiors lacks knowledge or information sufficient to admit or deny the remaining allegations of Paragraph 242 and, therefore, denies the same.

243.    USG Interiors denies the allegations of Paragraph 243 to the extent that they apply to it.  USG Interiors lacks knowledge or information sufficient to admit or deny the remaining allegations of Paragraph 243 and, therefore, denies the same.

244.    USG Interiors denies the allegations of Paragraph 244 to the extent that they apply to it.  USG Interiors lacks knowledge or information sufficient to admit or deny the remaining allegations of Paragraph 244 and, therefore, denies the same.

245.    USG Interiors denies the allegations of Paragraph 245 to the extent that they apply to it.   USG Interiors lacks knowledge or information sufficient to admit or deny the remaining allegations of Paragraph 245 and, therefore, denies the same.

246.    USG Interiors denies the allegations of Paragraph 246 to the extent that they apply to it.   USG Interiors lacks knowledge or information sufficient to admit or deny the remaining allegations of Paragraph 246 and, therefore, denies the same.

247.    In response to Paragraph 247, USG Interiors incorporates by reference its responses set forth in Paragraphs 1 - 246 above.

248.    USG Interiors denies the allegations of Paragraph 248 to the extent that they apply to it.   USG Interiors lacks knowledge or information sufficient to admit or deny the remaining allegations of Paragraph 248 and, therefore, denies the same.

249.    USG Interiors denies the allegations of Paragraph 249 to the extent that they apply to it.   USG Interiors lacks knowledge or information sufficient to admit or deny the remaining allegations of Paragraph 249 and, therefore, denies the same.

250.    USG Interiors denies the allegations of Paragraph 250 to the extent that they apply to it.   USG Interiors lacks knowledge or information sufficient to admit or deny the remaining allegations of Paragraph 250 and, therefore, denies the same.

251.    USG Interiors denies the allegations of Paragraph 251 to the extent that they apply to it.   USG Interiors lacks knowledge or information sufficient to admit or deny the remaining allegations of Paragraph 251 and, therefore, denies the same.

252.    USG Interiors denies the allegations of Paragraph 252 to the extent that they apply to it.   USG Interiors lacks knowledge or information sufficient to admit or deny the remaining allegations of Paragraph 252 and, therefore, denies the same.

253.    In response to Paragraph 253, USG Interiors incorporates by reference its responses set forth in Paragraphs 1 - 252 above.

254.    USG Interiors denies the allegations of Paragraph 254 to the extent that they apply to it.  USG Interiors lacks knowledge or information sufficient to admit or deny the remaining allegations of Paragraph 254 and, therefore, denies the same.

255.    USG Interiors denies the allegations of Paragraph 255 to the extent that they apply to it.  USG Interiors lacks knowledge or information sufficient to admit or deny the remaining allegations of Paragraph 255 and, therefore, denies the same.

256.    USG Interiors denies the allegations of Paragraph 256 to the extent that they apply to it.  USG Interiors lacks knowledge or information sufficient to admit or deny the remaining allegations of Paragraph 256 and, therefore, denies the same.

257.    USG Interiors denies the allegations of Paragraph 257 to the extent that they apply to it.  USG Interiors lacks knowledge or information sufficient to admit or deny the remaining allegations of Paragraph 257 and, therefore, denies the same.

258.    USG Interiors denies the allegations of Paragraph 258 to the extent that they apply to it.  USG Interiors lacks knowledge or information sufficient to admit or deny the remaining allegations of Paragraph 258 and, therefore, denies the same.

259.    USG Interiors lacks knowledge or information sufficient to admit or deny the allegations of Paragraph 259 and, therefore, denies the same.

260.    USG Interiors lacks knowledge or information sufficient to admit or deny the allegations of Paragraph 260 and, therefore, denies the same.

261.    USG Interiors admits that Professor Hummel sent an email on or about November 30, 2006, relating to Knauf wallboard.  USG Interiors denies all other allegations of Paragraph

261 to the extent they are directed to USG Interiors.  USG Interiors otherwise lacks knowledge and information sufficient to admit or deny the remaining allegations of Paragraph 261 and, therefore, denies the same.

262.   USG Interiors lacks knowledge or information sufficient to admit or deny the allegations of Paragraph 262 and, therefore, denies the same.

263.   USG Interiors lacks knowledge or information sufficient to admit or deny the allegations of Paragraph 263 and, therefore, denies the same.

264.   USG Interiors lacks knowledge or information sufficient to admit or deny the allegations of Paragraph 264 and, therefore, denies the same.

265.   USG Interiors lacks knowledge or information sufficient to admit or deny the allegations of Paragraph 265 and, therefore, denies the same.

266.   USG Interiors denies the allegations of Paragraph 266 to the extent that they apply to it.  USG Interiors lacks knowledge or information sufficient to admit or deny the remaining allegations of Paragraph 266 and, therefore, denies the same.

267.   USG Interiors denies the allegations of Paragraph 267 to the extent that they apply to it.  USG Interiors lacks knowledge or information sufficient to admit or deny the remaining allegations of Paragraph 267 and, therefore, denies the same.

268.   To the extent the Prayer for Relief is deemed to contain any allegations against USG Interiors, USG Interiors denies the same.

269.   Any and all allegations, claims, contentions, and/or demands contained in Plaintiff's Petition, which are not expressly and specifically admitted, modified, or explained by USG Interiors in this Answer, Exceptions, and Affirmative Defenses are hereby expressly

denied, including but not limited to the allegations contained in any unnumbered paragraphs at the beginning of Plaintiff's Petition.

## EXCEPTIONS

270.     USG Interiors excepts to the Petition for Damages on the ground that the Petition fails to state a valid claim against USG Interiors.

271.     Plaintiff has no right or cause of action against USG Interiors.

## FIRST DEFENSE

272.     Plaintiff's Petition fails to state a claim against USG Interiors.

## SECOND DEFENSE

273.     Any damages alleged to have been sustained by Plaintiff were caused in whole or in part by the acts or omissions of persons other than USG Interiors, including but not limited to the manufacturer of any Chinese drywall at issue in this lawsuit, over whom USG Interiors had and has no control or by superseding intervening causes outside the control of USG Interiors.

## THIRD DEFENSE

274.     Recovery of some or all of the damages alleged to have been sustained by Plaintiff is barred by the economic loss doctrine or its statutory or common law equivalent.

## FOURTH DEFENSE

275.     The terms, provisions, and conditions, including but not limited to any warranty provisions, of any and all contracts entered into between USG Interiors and any other parties operate as a bar to all or part of Plaintiff's claims.

## FIFTH DEFENSE

276.    Plaintiff's claims are barred, in whole or in part, by their absence of privity with USG Interiors and lack of standing to pursue a *parens patriae* action, as this action is a disguised class action duplicating claims that have been asserted in numerous lawsuits.

## SIXTH DEFENSE

277.    Plaintiff has failed to mitigate its damages.

## SEVENTH DEFENSE

278.    Plaintiff's claims are barred or have lapsed, in whole or in part, by the applicable statute of limitations, statute of repose, prescription period, or the doctrine of laches, because the lawsuit was initiated more than four years after delivery of the wallboard.

## EIGHTH DEFENSE

279.    To the extent that Plaintiff prays for punitive, exemplary, or otherwise enhanced damages, USG Interiors invokes its right under the due process clause of the Fifth Amendment of the United States Constitution as applied to the states through the Fourteenth Amendment of the United States Constitution.

## NINTH DEFENSE

280.    USG Interiors pleads setoff, offset, and recoupment.

## TENTH DEFENSE

281.    USG Interiors pleads all defenses available under the Louisiana Products Liability Act.

## ELEVENTH DEFENSE

282.    USG Interiors incorporates herein by reference each and every affirmative defense pleaded by similarly-situated defendants.

35

283.   This USG Interiors reserves the right to amend its Answer, Exceptions and Affirmative Defenses as investigation and discovery may reveal.

**WHEREFORE**, having fully answered the Plaintiff's Petition, USG Interiors, LLC, prays the Court that:

a)      Plaintiff recover nothing from USG Interiors and that judgment be entered in USG Interiors's favor;

b)      the costs of this action, including attorney's fees and costs that may be allowed by statute, be taxed against Plaintiff; and

c)      USG Interiors have such other and further relief as the Court may deem just and proper.

Respectfully submitted,

/s/ Kerry J. Miller
Kerry J. Miller (Bar No. 24562)
kjmiller@bakerdonelson.com
James R. Parish (Bar No. 34017)
jparish@bakerdonelson.com

**BAKER DONELSON BEARMAN
CALDWELL & BERKOWITZ, P.C.**
201 St. Charles Avenue
Suite 3600
New Orleans, LA 70170
Tel: (504) 566-5200
Fax: (504) 636-4000


W. David Conner (S.C. Bar No. 66358)
dconner@hsblawfirm.com
Moffatt G. McDonald (S.C. Bar No. 3784)
mgmcdonald@hsblawfirm.com
Charles M. Sprinkle (S.C. Bar No. 70630)
csprinkle@hsblawfirm.com

**HAYNSWORTH SINKLER BOYD, P.A.**
One North Main Street, Second Floor
Greenville, SC  29601

Tel: (864) 240-3200
Fax: (864) 240-3300

*Attorneys for Defendant*
*USG Interiors, LLC*

## <u>CERTIFICATE</u>

I hereby certify that the above and foregoing has been served upon all parties by electronically uploading the same to LexisNexis File & Serve Advanced in accordance with Pre-Trial Order No. 6, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF system which will send a Notice of Electronic Filing in accordance with the procedures established in MDL 2047, on this 11th day of February, 2015.

<u>/s/  Kerry Miller</u>