UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: CHINESE-MANUFACTURED DRYWALL | MDL No. 2047<br>SECTION L<br>JUDGE FALLON |
| THIS DOCUMENT RELATES TO:<br>ALL CASES | MAG. JUDGE<br>WILKINSON |

PLAINTIFFS RAMIRO TORRES-BARAJAS AND NOEL TORRES'
REPLY TO THE PLAINTIFFS' STEERING COMMITTEE'S RESPONSE
TO PLAINTIFFS' MOTION TO SUBMIT LATE-FILED CLAIM INTO
THE GLOBAL, BANNER, INEX SETTLEMENT AGREEMENTS

COMES NOW the Plaintiffs, RAMIRO TORRES-BARAJAS and NOEL TORRES ("Plaintiffs") (CDW claimant ID 112565), by and through undersigned counsel, and file this reply, and in further support of their Motion plaintiff states:

1. Before filing this motion, Plaintiffs, through counsel, called Jacob Woody, the Claims Administrator. Counsel explained to Mr. Woody that Plaintiff had correctly filed a claim for Pre-Remediation Alternative Living Expenses but recently discovered that their claim for Foreclosure and Lost Equity had not been filed. Mr. Woody stated that he could process this claim and, given the small amount at issue, it would not disrupt the administration of the settlement. However, Mr. Woody also stated that he would not process the claim without an order of the Court.

2. Consequently, Plaintiffs filed a motion to submit a late-filed claim to the Other Loss Qualified Settlement Fund. In response to the motion, Counsel for Knauf indicated that it had no objection to processing the claim. *See* Email dated January 9, 2015, from James Parrish to Gary E. Mason, attached hereto as Exhibit 1.

3. In further response, the PSC opposed Plaintiffs' motion on the grounds that "inclusion of such late file claims would disrupt and disturb the efficient administration of these class action settlements." (The Plaintiffs' Steering Committee's Response to Plantiffs'

1

Motion to Submit Late-Filed Claim Into the Global, Banner, Inex Settlement Agreements, February 11, 2015, Doc. #18319). This argument directly contradicts the Claims Administrator's statement to Plaintiffs' Counsel. Upon information and belief, the Claims Administrator has held back some portion of the distribution to resolve exigencies such as those presented here.

    4. The Plaintiffs' situation here is not the same as other movants who have argued for extensions. Other requests were from persons who only recently discovered they had Chinese Drywall and had not previously made a claim. The Plaintiffs here timely filed a claim, but only belatedly discovered they had not filed <u>all</u> the claims they intended to file.

WHEREFORE, for the above reasons, RAMIRO TORRES-BARAJAS and NOEL TORRES respectfully request this Honorable Court enter an order permitting them, through counsel, to submit their Foreclosure and Lost Equity Claim Form and to deem it timely filed.

DATED: February 13, 2015        Respectfully submitted,

        */s/ Gary E. Mason*
Gary E. Mason
Daniel K. Bryson
WHITFIELD BRYSON & MASON LLP
1625 Massachusetts Ave., NW, Suite 605
Washington, D.C. 20036
Telephone: (202) 429-2290
Facsimile: (202) 429-2294
gmason@wbmllp.com
dan@wbmllp.com

Joel R. Rhine
RHINE MARTIN LAW FIRM
1612 Military Cutoff Rd
Suite 300
Wilmington, NC 28403
Telephone: (910) 772-9960
Facsimile: (910) 772-9062
jrr@rhinelawfirm.com

*Counsel for Plaintiffs*

## CERTIFICATE OF SERVICE

      I hereby certify that a copy of the foregoing Motion to Submit Late-Field Claim has been served by U.S. Mail and email to Russ Herman, Esq., Plaintiffs' Liaison Counsel, and Kerry Miller, Esq., Defendants' Liaison Counsel, and upon all parties by electronically uploading the same to File and ServeXpress f/k/a Lexis Nexis File and Serve in Accordance with Pretrial Order No. 6, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF system, which will send a notice of electronic filing in accordance with the procedures established in MDL 2047, on this 13th day of February, 2015.

                                              /s/ Gary E. Mason
                                              Gary E. Mason