UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

IN RE: CHINESE MANUFACTURED DRYWALL            MDL NO. 2047
PRODUCTS LIABILITY LITIGATION

                                               SECTION: L

                                               JUDGE FALLON
                                               MAG. JUDGE WILKINSON

## MOTION TO SUBMIT REGISTRATION OF CLAIMS OUT OF TIME

Plaintiffs, Anita Sanderford, James Sanderford, Wes Sanderford, Marilyn Clark, and Shea Ladner, file this their Motion to Submit Registration of Claims Out of Time and in support thereof, would show unto the Court the following:

1.  Plaintiffs all have separate causes of action which were filed in Circuit Court in Mississippi. The causes of action are styled as follows:

*Anita, James and Wes Sandeford v. Knauf Gips KG, et al.;* In the Circuit Court of the First Judicial District of Harrison County, Mississippi; Civil Action No. A2401-11-225;

*Marilyn Clark and Fracis Parlow v. Knauf Gips KG, et al.;* In the Circuit Court of the First Judicial District of Harrison County, Mississippi; Civil Action No. A2401-10-418;

*Shea Ladner, et al. v. Knauf Gips KG, et al.;* In the Circuit Court of the First Judicial District of Harrison County, Mississippi; Civil Action No. A2401-11-128

2.  Each of these claimants possessed Chinese manufactured drywall in their homes and the Plaintiffs were extended a settlement offer from some of the existing Defendants, including but not limited to (Bailey Lumber Company and Knauf). They each elected to accept the settlement offer. However, as part of the terms of the settlement, the Plaintiffs were required to "opt in" and participate in the above styled Multi District Litigation (MDL) which was established to handle these claims.

3.      Plaintiffs' attorney was assured[1] that his clients' claims were preserved and that they were included in the MDL listing of claimants participating in the settlement. Plaintiffs' attorney timely secured the claims forms from each of the claimants[2] and had numerous conversations[3] and contact with Brown Greer, the firm conducting the administration of the MDL claims well before the expiration date for filing claims. Plaintiffs' counsel's office, on numerous attempts, filed (or was under the impression) that the claimants' registration of claims were filed with the MDL administrator utilizing the portal website provided in the Court's order dated March 27, 2013, which provided the instructions for filing the registration of claims. Plaintiffs' counsel was confident that his clients' claims were timely submitted.

4.      Plaintiffs' counsel was assured by the attorneys for the Defendants that the claims had been timely registered and otherwise entered[4] before the deadline for submission of claims passed. Once certain claims were being paid and settlements reached, Plaintiffs' counsel as well as some of the Plaintiffs inquired into the status of their claims. Brown Greer then sent an email to at least one Plaintiff (Sanderfords) stating that no claim had ever been received by Brown Greer.[5] Plaintiffs' counsel contacted Brown Greer to inquire into the status of his clients' claims. It was then that

---

[1] This assurance came from the attorney for the settling Defendants (Robert Redfearn) via electronic mail dated April 1, 2013, which is attached hereto as Exhibit "A" and incorporated herein by reference.

[2] The registration of claims form for each of the claimants are attached collectively hereto as Exhibit "B" and incorporated herein by reference.

[3] See emails between Plaintiff's counsel's office (Jeri Ausbon) and Brown Greer, wherein Plaintiff's counsel repeatedly requested assistance with filing the registration and repeatedly requesting for confirmation of their clients registration which are collectively attached hereto as Exhibit "C" and incorporated herein by reference.

[4] See emails from Brown Greer to Plaintiffs' counsel confirming registration and that Plaintiffs' counsel was then listed as an "authorized user" for the claims portal which are attached hereto as Exhibit "D" and incorporated herein by reference.

[5] See email from Brown Greer to Anita Sandeford which is attached hereto as Exhibit "E" and incorporated herein by reference.

Plaintiffs' counsel was advised that no record of his clients' claims had been entered into the registration portal.

5. Prior to the confirmation from Brown Greer, Plaintiffs' counsel had received conflicting information from multiple parties and genuinely was under the impression that his clients' claims were preserved in the MDL.[6]

6. Because Plaintiffs' timely attempted to register their claims with the MDL administrator and only recently became aware that the claims were not submitted or improperly submitted, Plaintiffs are requesting leave of Court for good cause shown in which to properly submit their claims into the claims registration portal with the MDL claims administrator.

WHEREFORE, PREMISES CONSIDERED, Plaintiffs respectfully request that they be permitted to property submit their claims out of time for good cause shown.

Respectfully submitted, this the 13th day of February, 2015.

PLAINTIFFS

BY: /S/Wayne E. Ferrell, Jr.

WAYNE E. FERRELL, JR.

OF COUNSEL:

WAYNE E. FERRELL, JR.
Mississippi Bar No. 5182
Post Office Box 24448
Jackson, Mississippi 39225
(601) 969-4700
wferrell@airlawonline.com

---

[6] See Affidavit of Plaintiffs' counsel, Wayne E. Ferrell, Jr., which is attached hereto as Exhibit "F" and incorporated herein by reference. This Affidavit was also filed in the local action.

CERTIFICATE OF SERVICE

I, WAYNE E. FERRELL, JR., do hereby certify that I have this day electronically filed the foregoing document with the Clerk of the Court utilizing the ECF system which sent notification of such filing to all counsel of record.

This the 13th day of February, 2015.

By: /s/ Wayne E. Ferrell, Jr.
WAYNE E. FERRELL, JR.