UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

IN RE: CHINESE MANUFACTURED DRYWALL　　　　MDL NO. 2047
PRODUCTS LIABILITY LITIGATION

　　　　　　　　　　　　　　　　　　　　　　　　　　SECTION: L

　　　　　　　　　　　　　　　　　　　　　　　　　　JUDGE FALLON
　　　　　　　　　　　　　　　　　　　　　　　　　　MAG. JUDGE WILKINSON

**MEMORANDUM BRIEF IN SUPPORT OF
MOTION TO SUBMIT REGISTRATION OF CLAIMS OUT OF TIME**

Plaintiffs, Anita Sanderford, James Sanderford, Wes Sanderford, Marilyn Clark, Francis Parlow, and Shea Ladner, submit this their Memorandum Brief In Support of Motion to Submit Registration of Claims Out of Time [Document No. 18295 and refiled as No. 18347] and in support thereof, would show unto the Court the following:

**I. FACTS**

Plaintiffs all have separate causes of action, which were filed in Circuit Court in Mississippi. The causes of action are styled as follows:

> *Anita, James and Wes Sanderford v. Knauf Gips KG, et al.;* In the Circuit Court of the First Judicial District of Harrison County, Mississippi; Civil Action No. A2401-11-225;

> *Marilyn Clark and Francis Parlow v. Knauf Gips KG, et al.;* In the Circuit Court of the First Judicial District of Harrison County, Mississippi; Civil Action No. A2401-10-418;

> *Shea Ladner, et al. v. Knauf Gips KG, et al.;* In the Circuit Court of the First Judicial District of Harrison County, Mississippi; Civil Action No. A2401-11-128

Each of these claimants had Chinese manufactured drywall installed in their homes, and the Plaintiffs were extended settlement offers from some of the Defendants, including but not limited to (Bailey Lumber Company and Knauf). The Plaintiffs elected to accept the settlement offers extended to them

by Bailey and Knauf and others, and the terms of the settlement subsequently required the Plaintiffs to "opt in" and participate in the settlement negotiated and approved by the Court in the Multi District Litigation (MDL), which was established to handle these claims. Plaintiffs were told that their claims were not timely submitted in the MDL and had to resort to filing Motions to Enforce Settlement, since the parties' settlement was viewed as a contract. Defendants, Bailey and Knauf, represented to the Circuit Courts that Plaintiffs' claims were indeed registered, and the Defendants succeeded in having the Court dismiss two of the cases filed in Circuit Court. The status of Plaintiffs' cases pending in the MDL with the administrator has been the source of much confusion and conflicting information provided to counsel. Plaintiffs' counsel was genuinely under the impression that these claims were timely submitted, since the attorney for the Defendants in the State Court continued to assure them that the claims were accepted and would be paid. Plaintiffs request leave of Court for good cause shown (in the form of their exhibits attached to their Motion to Submit Claims Out of Time), which evidences their attempts to be timely entered into the MDL.

Plaintiffs' attorney was assured[1] that his clients' claims were preserved and that they were included in the MDL listing of claimants participating in the settlement. Plaintiffs' attorney timely assisted their clients in completing the claims forms and the claims forms from each of the claimants[2]

---

[1]This assurance came from the attorney for the settling Defendants (Robert Redfearn) via electronic mail dated April 1, 2013, which is attached as Exhibit "A" to Plaintiffs' Motion and incorporated herein by reference. Robert Redfearn continues to represent to the Circuit Court Judge having Jurisdiction over the Plaintiffs' Chinese Drywall claims. Copies of pleadings and e-mails from Robert Redfearn are attached collectively hereto as Exhibit "1" and incorporated herein by reference. Robert Redfearn, attorney for Bailey, represented to the Circuit Court Judge, as late as December 11, 2014, that Plaintiffs' cases were in the MDL. In fact, two of the cases have been dismissed based on Bailey's representations that the claims are included in the MDL. Copies of the Orders of Dismissal are attached collectively hereto as Exhibit "2" and incorporated herein by reference.

[2]The registration of claim forms for each of the claimants are attached collectively as Exhibit "B" to Plaintiffs' Motion and incorporated herein by reference.

were filed by Plaintiffs' attorneys. Plaintiffs' attorneys had numerous conversations[3] and contact with Brown Greer, the firm conducting the administration of the MDL claims well before the expiration date for filing claims and were assured that Plaintiffs' claims had been filed and accepted. Plaintiffs' counsel's office, on numerous attempts, filed (or was under the impression that the claimants' registration of claims were filed) with the MDL administrator utilizing the portal website provided in the Court's order dated March 27, 2013. Plaintiffs' attorneys were provided the instructions for filing the registration of claims and the procedure for filing claims was followed by Plaintiffs' attorneys. Plaintiffs' attorneys were confident that their clients' claims were timely submitted, filed and accepted after being assured by the attorneys for the Defendants that their claims had been accepted by the MDL.

Plaintiffs' attorneys were assured by the attorneys for the Defendants that the claims had been timely registered and otherwise entered and accepted[4] before the deadline for submission of claims passed. Once the claims of Plaintiffs' neighbors were paid, Plaintiffs' attorneys (as well as some of the Plaintiffs) made numerous inquiries as to why the Plaintiffs claims were not being paid. Brown Greer then sent an email to at least one of the Plaintiffs (Sanderfords) stating that the Sanderfords claim had never been received or filed by Brown Greer.[5] Plaintiffs' attorney then again contacted Brown Greer to inquire about the status of Plaintiffs' claims. It was then that the Plaintiffs' attorney

---

[3]See emails between Plaintiff's counsel's office (Jeri Ausbon) and Brown Greer, wherein Plaintiff's counsel repeatedly requested assistance with filing the registration and repeatedly requesting for confirmation of their clients registration which are collectively as Exhibit "C" to Plaintiffs' Motion and incorporated herein by reference.

[4]See emails from Brown Greer to Plaintiffs' counsel confirming registration and that Plaintiffs' counsel was then listed as an "authorized user" for the claims portal which are attached as Exhibit "D" to Plaintiffs' Motion and incorporated herein by reference.

[5]See email from Brown Greer to Anita Sanderford which is attached as Exhibit "E" to Plaintiffs' Motion and incorporated herein by reference.

3

was advised that there was not any record of his clients' claims being entered or accepted into the registration portal.

Plaintiffs' attorney, (prior to the confirmation from Brown Greer) did not receive any indication that Plaintiffs' claims had not been accepted by the MDL. In fact, to the contrary the Plaintiffs' attorneys were repeatedly assured by Robert Redfearn and others that the Plaintiffs' claims had been filed and accepted by the MDL. Plaintiffs' attorneys were under the impression that their clients' claims had been properly filed with the MDL, had been accepted by the MDL, and were preserved in the MDL.[6]

Plaintiffs' have timely registered Plaintiffs' claims with the MDL administrator but only recently learned that the claims that they filed were not submitted or improperly submitted. Plaintiffs move the Court for an Order granting them leave of Court for good cause shown in which to properly submit their claims into the claims registration portal with the MDL claims administrator.

## II. LAW & ARGUMENT

The settlement agreement reached between the Plaintiffs and the Defendants in these cases constitutes a contract. The Supreme Court of Mississippi has held that settlement agreements are enforceable contracts[7] and the enforceable contracts should be enforced and honored. Since the agreement at issue is a contract, the parties are duty bound to perform their respective obligations pursuant to the terms contained in it. The Court in *Byrd* stated that in order for a settlement to be reached, there must be a meeting of the minds between the parties.[8] A party desiring to enforce a settlement agreement bears the burden of demonstrating by a preponderance of the evidence that a

---

[6] See Affidavit of Plaintiffs' counsel, Wayne E. Ferrell, Jr., which is attached to Plaintiffs' Motion hereto as Exhibit "F" and incorporated herein by reference. This Affidavit was also filed in the local action.

[7] See *Illinois Central Railroad Company v. Byrd*, 44 So.3d 943, 948 (Miss. 2010).

[8] *Id*. citing *Thomas v. Bailey*, 375 So.2d 1049, 1052 (Miss. 1979).

meeting of the minds existed between the parties.[9] If there is a meeting of the minds then the contract will be enforced.

Similar to the instant case, *Byrd* concerned asbestos claims by a great number of railroad workers. There was a settlement meeting whereby over 200 Plaintiffs agreed to a settlement amount for their claims. All but 25 of those Plaintiffs were paid their settlement and after payment they released their claims. When Plaintiffs inquired into the lack of payment for the 25 remaining Plaintiffs, the Defendants recanted the settlement agreement, stating new terms of settlement on a "case by case basis." Plaintiffs moved to enforce the settlement agreement, and the Court granted the Motion, requiring the 25 Plaintiffs to submit some documents[10] and that once those were submitted, Defendants were to required to pay each of the Plaintiffs within a reasonable time. The Defendants failed to perform as required by the Court and again, Plaintiffs sought relief in additional Motions to Enforce Settlement Agreement. The trial court held a second hearing and found that the Plaintiffs had complied with the conditions precedent to payment of settlement.

In this instance, Plaintiffs are producing for the Court all evidence in the form of written correspondence that clearly show Plaintiffs' registered their claims with MDL administrator as part of their settlement terms. There is no doubt that there was indeed a meeting of the minds between the parties and that as a result, a settlement agreement (or contract) existed between the parties.

Despite the contract or settlement and the duties that existed between the parties, the Defendants have moved to have the cases dismissed based on the fact that the Plaintiffs had filed claims with the MDL and that Plaintiffs' claims had been accepted by the MDL. The Court has dismissed two of the cases based on Defendant's representations to the Court. The Plaintiffs, at the

---

[9]*Id*. citing *Hastings v. Guillot*, 825 So.2d 20, 23 (Miss. 2002).

[10]The documents requested by the Court were certain "Bs-read from a competent reader", and it is apparent that it was a medical form or test that was performed in that case.

same time, are being told that their claims have not been timely filed in the MDL. The Defendants cannot have it both ways, and the Plaintiffs are entitled to the benefit of the their settlement in the MDL.

The settlement agreements reached between the parties in this case constitute a contract. The Supreme Court of Mississippi has held that settlement agreements are enforceable contracts[11] and are to be honored. Since the agreement at issue is a contract, the parties are duty bound to perform their respective obligations pursuant to the terms contained in it. The Court in *Byrd* stated that in order for a settlement to be reached, there must be a meeting of the minds between the parties.[12] A party desiring to enforce a settlement agreement bears the burden of demonstrating by a preponderance of the evidence that a meeting of the minds existed between the parties.[13]

Detrimental reliance is an element of both promissory estoppel and equitable estoppel.[14] The Court in *Noble* stated:

> Promissory estoppel legally enforces a promise made without consideration–so no contract was formed –because three things happened: (1) the promise was made with the intent it would be relied upon; (2) the promise was indeed relied upon; and (3) it would be unjust not to enforce the promise. Equitable estoppel enforces an otherwise unenforceable contract because one party has received a benefit under the contract, and it would be unjust to allow that party to avoid the contract's obligations due to some issue with the contract's enforcement.

Here, there are contracts to settle the cases, and it is clear that the elements of detrimental reliance have been met. It is undisputed that: (1) the Defendants offered a settlement, and Plaintiffs

---

[11]See *Illinois Central Railroad Company v. Byrd*, 44 So.3d 943, 948 (Miss. 2010).

[12]*Id.* citing *Thomas v. Bailey*, 375 So.2d 1049, 1052 (Miss. 1979).

[13]*Id.* citing *Hastings v. Guillot*, 825 So.2d 20, 23 (Miss. 2002).

[14]*Noble v. Wellington Associates, Inc., et al.*, 145 So.3d 714 (Miss.Ct.App. 2013)(citing *Weible v. Univ. of S. Miss.*, 89 So.3d 51, 67 (¶ 52)(Miss. Ct.App. 2011).

accepted the offer. It is clear from the e-mails that the Plaintiffs relied on the agreement to settle. (2) Plaintiffs pursued their claims in the State Court and the MDL that was formed to handle Plaintiffs' case along with countless others. The settlement offer and terms were reluctantly agreeable to Plaintiffs, and Plaintiffs elected (and relied upon Defendants' settlement offer) to cease their pursuit of their claims in State Courts and opt in to the MDL. (3) It would be extremely unjust if the Court chose not to enforce the promises and the terms of the settlement, because as has been shown through the written correspondence, there was a meeting of the minds and an agreement reached between the parties. It would be patently unfair for this Court to allow the Defendants to renege and circumvent their duties under the contract that was made and prohibit the Plaintiffs from finalizing their settlements. The State Courts have or have plans to dismiss the causes of action based on Defendants' representations to the Court that the Plaintiffs' claims are firmly entrenched in the MDL and to be paid in the MDL, and it is unfair and unjust to deny Plaintiffs' claims to be allowed and paid in the MDL. It is in the best interest of the parties that the settlement agreement reached between the parties be enforced. Additionally, there will not be anyone prejudiced by the Plaintiffs' addition to this MDL.

Lastly, the Mississippi Court of Appeals has held followed the *Byrd* case in saying that:

> A review of this Court's cases reveals that trial judges presented with motions to enforce settlement agreements customarily make findings of fact related to the existence and/or terms of the settlement agreements as necessary to rule on the motions to enforce settlement. Further, this Court has not found such trial-court action to be improper. *See, e.g., Ill. Cent. R.R. v. McDaniel*, 951 So.2d 523, 525-26 (Miss. 2006)(trial judge made findings of fact in deciding Plaintiffs' motion to enforce settlement agreement); *Howard v. TotalFina E & P USA, Inc.*, 899 So.2d 882, 888-89 (Miss. 2005)(trial judge made findings of fact regarding existence of a settlement agreement in denying Plaintiff's motion to enforce settlement agreement); *Tupelo Redevelopment Agency v. Abernathy*, 913 So.2d 278, 282-85 (Miss. 2005)(trial judge made findings of fact in denying defendant landowners' motion to enforce settlement agreement); *WRH Props., Inc. V. Estate of Johnson*, 759 So.2d 394, 395 (Miss. 2000)(trial judge made findings of fact regarding existence of a settlement

7

agreement in granting defendant's motion to enforce settlement agreement).

This Court should do the same and find that a settlement agreement existed between the Defendants and the Plaintiffs; that Plaintiffs have made numerous attempts to have their claims filed, accepted and paid in the MDL; and have exhibited good faith efforts to have their claims properly registered with the MDL administrator. The Plaintiffs respectfully submit that because of the evidence presented, the Plaintiffs are entitled to submit their claims out of time for good cause shown.

WHEREFORE, PREMISES CONSIDERED, Plaintiffs respectfully request that they be permitted to submit their claims out of time for good cause shown.

Respectfully submitted, this the 13th day of February, 2015.

PLAINTIFFS

BY: /S/Wayne E. Ferrell, Jr.

WAYNE E. FERRELL, JR.

OF COUNSEL:

WAYNE E. FERRELL, JR.
Mississippi Bar No. 5182
Post Office Box 24448
Jackson, Mississippi 39225
(601) 969-4700
wferrell@airlawonline.com

John L. Hunter
Mississippi Bar No. 2913
Cumbest Cumbest Hunter & McCormick
P. O. Drawer 1287
Pascagoula, MS 39568-1287
jlh@cchmlawyers.com

8

CERTIFICATE OF SERVICE

    I, WAYNE E. FERRELL, JR., do hereby certify that I have this day electronically filed the foregoing document with the Clerk of the Court utilizing the ECF system which sent notification of such filing to all counsel of record.

    This the 13th day of February, 2015.

                              By:    /s/ Wayne E. Ferrell, Jr.
                                       WAYNE E. FERRELL, JR.