**From:** Robert L. Readfearn, Jr. [mailto:robertjr@spsr-law.com]
**Sent:** Monday, April 01, 2013 4:23 PM
**To:** Wayne Ferrell
**Cc:** jlh@cchmlawyers.com; Reba Parsley; Dawn Crosby; Jeri Ausbon
**Subject:** RE: Sand & Newman Chinese Drywall Complaints

Wayne:

Take a lot at this and see if it helps you.

INEX and Knauf Settlements

Clark/Parlow, Ladner, Sanderford -- Opt outs withdrawn -- See Doc. 15916-12, p. 19; and Doc. # 16373-1, pp.14-15

Newman --Opt out withdrawn --See Doc. # 15916, p.38;  Doc.# 16191-1, p. 43,  and Doc. # 16191-5, p. 9

Sand -- No Opt out ever filed

Robert

**From:** Wayne Ferrell [mailto:WFerrell@airlawonline.com]
**Sent:** Monday, April 01, 2013 3:18 PM
**To:** Robert L. Readfearn, Jr.
**Cc:** jlh@cchmlawyers.com; Reba Parsley; Dawn Crosby; Jeri Ausbon
**Subject:** RE: Sand & Newman Chinese Drywall Complaints

My clients originally opted out. When we discovered there was going to be a limited amount of money we agreed to opt back in. The only confirmation that I have been able to get is that we should be all right.



EXHIBIT

**From:** Robert L. Readfearn, Jr. [mailto:robertjr@spsr-law.com]
**Sent:** Monday, April 01, 2013 3:11 PM
**To:** Wayne Ferrell
**Cc:** jlh@cchmlawyers.com; Reba Parsley; Dawn Crosby; Jeri Ausbon
**Subject:** RE: Sand & Newman Chinese Drywall Complaints

Wayne:

If your clients didn't opt-out (which they didn't), they are in. Your clients' names are never going to appear as being in. Do you have something showing that they opted out?

Robert

**From:** Wayne Ferrell [mailto:WFerrell@airlawonline.com]
**Sent:** Monday, April 01, 2013 3:08 PM
**To:** Robert L. Readfearn, Jr.
**Cc:** jlh@cchmlawyers.com; Reba Parsley; Dawn Crosby; Jeri Ausbon
**Subject:** RE: Sand & Newman Chinese Drywall Complaints

Maybe I am missing something or a document but my clients names do not appear in the documents that you sent me and no one has confirmed that my clients are in the settlement class.



**From:** Robert L. Readfearn, Jr. [mailto:robertjr@spsr-law.com]
**Sent:** Monday, April 01, 2013 12:56 PM
**To:** Wayne Ferrell
**Subject:** RE: Sand & Newman Chinese Drywall Complaints

Here it is. Now, I really insist that you dismissal the suits against Bailey so we can close our file or explain to me exactly why you refuse to do so.

**From:** Wayne Ferrell [mailto:WFerrell@airlawonline.com]
**Sent:** Monday, April 01, 2013 10:32 AM
**To:** Robert L. Readfearn, Jr.
**Cc:** jlh@cchmlawyers.com; Jeri Ausbon; Dawn Crosby
**Subject:** RE: Sand & Newman Chinese Drywall Complaints

Robert Can you send that to me?



**From:** Robert L. Readfearn, Jr. [mailto:robertjr@spsr-law.com]
**Sent:** Monday, April 01, 2013 9:39 AM
**To:** Wayne Ferrell
**Subject:** RE: Sand & Newman Chinese Drywall Complaints

Wayne:

The judge issued an order on 3/27/13 regarding registration of claims for the various Chinese drywall settlements, which should be posted on the Court's website by now.

The settlement is final and your clients are in the settlement. At this point, we must insist that you dismiss your client's claims against Bailey.

Robert

**From:** Robert L. Readfearn, Jr.
**Sent:** Monday, March 18, 2013 10:49 AM
**To:** 'Wayne Ferrell'
**Cc:** jlh@cchmlawyers.com; Reba Parsley; Dawn Crosby
**Subject:** RE: Sand & Newman Chinese Drywall Complaints

I'm not really sure what you are looking for. If you are in the class definition, you are in.

**From:** Wayne Ferrell [mailto:WFerrell@airlawonline.com]
**Sent:** Monday, March 18, 2013 10:38 AM
**To:** Robert L. Readfearn, Jr.
**Cc:** jlh@cchmlawyers.com; Reba Parsley; Dawn Crosby
**Subject:** RE: Sand & Newman Chinese Drywall Complaints

Robert: As soon as I can get someone with the proper authority to acknowledge that our claims are firmly in the class, I will agree to the Dismissals. So far, I can't seem to get that acknowledgement. Maybe you could help with that process?
Wayne



**From:** Robert L. Readfearn, Jr. [mailto:robertjr@spsr-law.com]
**Sent:** Monday, March 18, 2013 8:33 AM
**To:** Robert L. Readfearn, Jr.; Wayne Ferrell
**Subject:** RE: Sand & Newman Chinese Drywall Complaints

Wayne:

As you probably know, the deadline for appealing the Chinese Drywall settlement has passed.  I understand that the administrative process is being set up and they hope to have people start submitting claims by the end of this month.

In light of this fact and the settlement terms, we would ask that you now dismiss Bailey Lumber from the Sand, Newman, Clark-Parlow, Sanderford & Ladner cases.  If you will not voluntarily dismiss our clients, we will proceed with formal motions to dismiss.

Robert

---

**From:** Robert L. Redfearn, Jr.
**Sent:** Thursday, January 24, 2013 10:03 AM
**To:** 'Wayne Ferrell'
**Subject:** RE: Sand & Newman Chinese Drywall Complaints

I'm not sure what concerns you are referring to, but it is really in the hands of the court which is approving the settlements.

---

**From:** Wayne Ferrell [mailto:WFerrell@airlawonline.com]
**Sent:** Thursday, January 24, 2013 9:56 AM
**To:** Robert L. Redfearn, Jr.
**Cc:** Betty Mullin; jlh@cchmlawyers.com; Dawn Crosby; Jeri Ausbon
**Subject:** RE: Sand & Newman Chinese Drywall Complaints

Can you help us with our concerns?



**From:** Robert L. Redfearn, Jr. [mailto:RobertJr@spsr-law.com]
**Sent:** Thursday, January 24, 2013 9:52 AM
**To:** Wayne Ferrell
**Cc:** Betty Mullin; jlh@cchmlawyers.com; Dawn Crosby; Jeri Ausbon
**Subject:** RE: Sand & Newman Chinese Drywall Complaints

Okay, we'll continue to sit tight for the time being then.

---

**From:** Wayne Ferrell [mailto:WFerrell@airlawonline.com]
**Sent:** Thursday, January 24, 2013 9:47 AM
**To:** Robert L. Redfearn, Jr.

**Cc:** Betty Mullin; jlh@cchmlawyers.com; Dawn Crosby; Jeri Ausbon
**Subject:** RE: Sand & Newman Chinese Drywall Complaints

Hey Robert: Once we find out exactly what that means for our clients and we get some confirmation that the clients will actually get something from opting in then we will consider dismissing them without prejudice.



**From:** Robert L. Redfearn, Jr. [mailto:RobertJr@spsr-law.com]
**Sent:** Thursday, January 24, 2013 9:42 AM
**To:** Wayne Ferrell
**Cc:** Betty Mullin
**Subject:** Sand & Newman Chinese Drywall Complaints

Wayne:

Since your clients have opted-in to the MDL Chinese Drywall Builders, Installers & Suppliers settlement, are you agreeable to dismissing your claims against Bailey in the Mississippi suits?

**Robert L. Redfearn, Jr.**
1100 Poydras St.,30th Floor
New Orleans, LA 70163
http://www.spsr-law.com
Phone: 504-569-2994
Fax: 504-569-2999



CONFIDENTIALITY NOTICE

This email transmission(and/or the documents accompanying it)may contain confidential information belonging to the sender which is protected by the attorney-client privilege.The information is intended only for the use of the individual or the entity named above. If you are not the intended recipient,you are hereby notified that any disclosure, copying, distribution or the taking of any action in reliance on the contents of this information is strictly prohibited. If you have received this e-mail transmission in error, please notify the sender and delete this communication from your computer system.

IN THE CIRCUIT COURT OF THE FIRST JUDICIAL DISTRICT OF

HARRISON COUNTY, MISSISSIPPI

ANITA, JAMES AND                       PLAINTIFFS
WES SANDERFORD

                                     NO.: A2401-11-225
VERSUS
                                       DEFENDANTS
KNAUF GIPS KG, et al.

---

### EX PARTE MOTION TO DISMISS

---

NOW INTO COURT, through undersigned counsel comes Bailey Lumber & Supply Company ("Bailey") and respectfully moves the Court as follows:

1.

Plaintiffs in this action assert that Bailey, Defendant Interior/Exterior Building Supply, L.P. ("INEX") and other defendants supplied defective Chinese drywall which was incorporated into their property and caused them damage.

2.

Bailey together with its upstream supplier INEX were also named as defendants in the class action suits pending in the United States District Court for the Eastern District of Louisiana MDL No. 2047, Section L entitled "In re: Chinese Manufactured Drywall Products Liability Litigation" ("MDL Proceedings").

3.

In the MDL Proceedings, INEX proposed and the Court approved a settlement whereby an $8 million settlement fund was established for the payment of claims such as those asserted by the Plaintiffs.

4.

In due course Plaintiffs were notified of the INEX settlement and thereafter counsel for Plaintiffs advised by letter dated May 3, 2012 that his clients desired to opt in and participate in the settlement. A copy of counsel's May 3, 2012 letter is attached hereto and marked for identification as **Exhibit 1**.

5.

The INEX settlement has been fully funded and at this time a court appointed Settlement Administrator is evaluating claims to make a determination of each claimant's pro rata share in the settlement, a process that may take many more months due to the volume of claims. The complexity of this task is better understood by review of one of the monthly Status Reports by the Settlement Administrator filed in the MDL Proceedings. Attached hereto as **Exhibit 2** is a copy of Status Report No. 9 dated April 16, 2014.

6.

The INEX settlement agreement requires that all claimants who accepted the settlement dismiss any state court action they had filed against INEX or its customers/downstream suppliers including Bailey.

-2-

7.

Although Plaintiffs have accepted the INEX settlement, they have failed to dismiss this action as required.

8.

In the MDL Proceedings, the District Court (Judge Fallon) was notified of the failure of various claimants, including Plaintiffs in this action, to dismiss their state court suits despite their acceptance of the INEX settlement and other court approved settlements. This notification lead the District Court to enter its April 3, 2014 Order whereby the Court directed all claimants participating in the various settlements to dismiss administratively their state court cases, while at the same time asking the respective state courts to retain jurisdiction to enforce the settlement or reinstate the cases for active litigation should circumstances require such action. A copy of the referenced April 3, 2014 Order is attached hereto and marked for identification as **Exhibit 3**.

9.

Counsel for Bailey has asked Plaintiffs to voluntarily abide by Judge Fallon's April 3, 2014 Order, but they have not done so.

10.

Bailey requests that in accordance with the April 3, 2014 Order, this Court administratively dismiss the Plaintiffs' claims against Bailey in this action without prejudice, retaining jurisdiction to reinstate Plaintiffs' claims against Bailey should that later be required to enforce the settlement or to permit litigation of such claims in this Court.

-3-

WHEREFORE, premises considered, Bailey Lumber & Supply Company prays that the Court enter an Order administratively dismissing Plaintiffs' claims against Bailey in this action without prejudice, retaining jurisdiction to reinstate Plaintiffs' claims against Bailey should that later be required to enforce the settlement or to permit litigation of such claims in this Court.

Respectfully submitted,

BAILEY LUMBER & SUPPLY COMPANY

Robert L. Redfearn, Jr. (MB # 4683)

**OF COUNSEL:**

**SIMON, PERAGINE, SMITH & REDFEARN, L.L.P.**
1100 Poydras Street, 30th Floor
New Orleans, Louisiana 70163-3000
Phone: (504) 569-2030
Fax: (504) 569-2999
E-mail: redfearnjr@spsr-law.com

R. Ryan Daugherty (MB #102275)
Sirote & Permutt, P.C.
2311 Highland Avenue South
Birmingham, Alabama 35205
Telephone: (205) 930-5279
Facsimile: (205) 212-3816

-4-

## CERTIFICATE OF SERVICE

I hereby certify that on the ___1___ of May 2014, I served the foregoing pleading by hand delivery, facsimile transmission, electronic or e-mail transmission, overnight delivery, or regular mail on all known counsel of record in this matter

N:\DATA\K03437002\PLEADINGS #2011-225\EX PARTE MOTION TO DISMISS.DOCX

-5-