**Daniel H. Skerritt**, OSB No. 681519
  Direct Dial:  503.802.2024
  Direct Fax:  503.972.3724
  Email:  dan.skerritt@tonkon.com
**TONKON TORP LLP**
1600 Pioneer Tower
888 SW Fifth Avenue
Portland, OR  97204-2099

    Attorneys for Intervenors Eduardo and Carmen Amorin, Albert and Betsy Butzer, Jack and Anna McGinn, Thomas and Virginia Spencer, and Elliot and Angelina Everard

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

(PORTLAND DIVISION)

| | |
|---|---|
| **CHINA NATIONAL BUILDING MATERIALS IMPORT AND EXPORT CORPORATION,** a People's Republic of China corporation, and **CMBM FOREST PRODUCTS (CANADA) LTD.**, a Canadian corporation<br><br>            Plaintiff,<br><br>  v.<br><br>**MURPHY OVERSEAS USA ASTORIA FOREST PRODUCTS, LLC**, an Oregon limited liability company; **MURPHY OVERSEAS U.S.A. TIMBER AND LAND DEVELOPMENT, LLC**, an Oregon limited liability company; and **MURPHY OVERSEAS U.S.A. HOLDINGS, LLC**,<br><br>            Defendants. | Civil No. 3:14-cv-00746-ST<br><br>**REPLY BRIEF IN SUPPORT OF OBJECTION TO MINUTE ENTRY DENYING MOTION TO INTERVENE OF EDUARDO AND CARMEN AMORIN, ALBERT AND BETSY BUTZER, JACK AND ANNA McGINN, THOMAS AND VIRGINIA SPENCER, AND ELLIOT AND ANGELINA EBERHARD**<br><br>*ORAL ARGUMENT REQUESTED*<br><br>*EXPEDITED HEARING REQUESTED* |

Page 1 -  REPLY BRIEF IN SUPPORT OF OBJECTION TO MINUTE ENTRY DENYING MOTION TO INTERVENE OF EDUARDO AND CARMEN AMORIN, ALBERT AND BETSY BUTZER, JACK AND ANNA McGINN, THOMAS AND VIRGINIA SPENCER, AND ELLIOT AND ANGELINA EBERHARD

## I. INTRODUCTION

Intervenors Eduardo and Carmen Amorin, Albert and Betsy Butzer, Jack and Anna McGinn, Thomas and Virginia Spencer, and Elliot and Angelina Everard, pursuant to Fed. R. Civ. P. 72(a), respectfully submit this reply brief in support of their Objection to The Honorable Magistrate Judge Janice M. Stewart's January 20, 2015 minute entry denying Intevenors' motion to intervene in the instant proceedings.

Both Parties, Plaintiffs China National Building Materials Export and Import Corporation (hereafter "CNBM Trading") and CNBM Forest Products (Canada) Ltd. (hereafter "CNBM Canada") and Defendants Murphy Overseas USA Astoria Forest Products, LLC, Murphy Overseas U.S.A. Timber and Land Development, LLC, and Murphy Overseas U.S.A. Holdings, LLC, contend that the Magistrate Judge's Minute Entry was correct for essentially three reasons: (1) the motion to intervene was untimely as the parties had already resolved their dispute; (2) the Parties would be prejudiced if the motion was granted; and (3) no common question of law or fact is present between the matters at issue in the underlying dispute and the proposed intervenors. None of these assertions can withstand scrutiny.

## II. ARGUMENT

### A. THE MOTION TO INTERVENE WAS TIMELY AS THE UNDERLYING LITIGATION HAS NOT CONCLUDED; AND, IN FACT, IT IS STILL PROCEEDING

The Parties' December 24, 2014 Stipulated Motion to Disburse Registry Funds and Dismiss Case [ECF No. 56] was denied by Order dated January 5, 2015. It stands to reason that the litigation had not been concluded at that time since the Parties were requesting that this Court permit the disbursement from the registry of the Court to Plaintiffs' Counsel of $50,000 held to secure an earlier injunction. In light of the Proposed Intervenors' motion, that

disbursement did not occur. Rather, following the January 20, 2015 hearing on the motion to intervene, Magistrate Judge Stewart issued a Show Cause Order to Proposed Intervenors as to why the funds should not be disbursed. *See* January 26, 2015 Order [ECF No. 84]. When Proposed Intervenors informed Magistrate Judge Stewart of the significance of the funds held in this Court's registry, including the MDL Court's interest in seizing any assets in the United States held by any affiliate of the contemnors acting before the MDL Court[1], Magistrate Judge Stewart maintained the stay on the disbursement of the funds held in this Court's registry. *See* ORDER by Magistrate Judge Janice M. Stewart CONTINUING the STAY of the Order for Distribution of Funds [84] pending further Order of this Court. [ECF No. 91].

While the underlying contractual dispute between the Parties may have been resolved, the settlement agreement between the Parties had not yet been fully effectuated when the motion to intervene was filed. Moreover, the contempt proceedings enveloping this matter are far from concluded. Contempt proceedings may be addressed even years after an underlying matter has been resolved. *See, Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 395-97 (1990); *United States v. Mine Workers*, 330 U.S. 258, 294 (1947). Therefore, since both the finalization of the settlement of the contract dispute giving rise to this litigation and the contempt proceedings in the MDL which are the underlying impetus for the interventions had not been concluded when the motion to intervene was filed, the motion was timely, and it was plain error for Magistrate Judge Stewart to find otherwise.

---

[1] *In re Chinese Manufactured Drywall Products Liability Litig.*, MDL No. 2047, Transcript of Status Conference Proceedings at 21 (E.D. La. Jan. 22, 2015) ("Because I do sit, as an MDL judge, I sit as a district judge in every district in the United States. So let me know if there's any assets, and I will seize them.").

Page 3 -  REPLY BRIEF IN SUPPORT OF OBJECTION TO MINUTE ENTRY DENYING MOTION TO INTERVENE OF EDUARDO AND CARMEN AMORIN, ALBERT AND BETSY BUTZER, JACK AND ANNA McGINN, THOMAS AND VIRGINIA SPENCER, AND ELLIOT AND ANGELINA EBERHARD

B.  **NEITHER OF THE ORIGINAL PARTIES ARE PREJUDICED BY GRANTING INTERVENTION**

Magistrate Judge Stewart erroneously found that the Parties would be prejudiced by allowing intervention into an action that was settled. Transcript at 42 ("You've got a settlement that can't be unwound. It's done."). But the Proposed Intervenors are not seeking to "upset the apple cart" of the settlement between the Parties. Rather, Proposed Intervenors are singularly focused on redressing a grievous wrong resulting in a contempt citation against Taishan Gypsum Co., Ltd. and its affiliates, such as CNBM Trading and CNBM Canada, which prohibits them from doing business in the United States. Here, there is no doubt that the underlying contractual dispute involves a business transaction being conducted by the Chinese Plaintiffs in the United States, right here in this District. The Parties' pleadings attest to this Court being the proper venue to their contractual dispute. The fact that CNBM Trading and CNBM Canada have submitted to this Court's jurisdiction makes it all the more vital that intervention be permitted to so as not to allow these contemnors from escaping a tribunal fully vested with both jurisdiction and the authority to enforce sanctions for the civil and criminal contempt of its authority. CNBM Trading and CNBM Canada will not be prejudiced by having to obey federal court orders.

C.  **A COMMON QUESTION OF FACT IS SHARED BETWEEN THE MAIN ACTION AND THE PROPOSED INTERVENORS**

Magistrate Judge Stewart recognized that common claims between the MDL proceedings and the underlying action existed. Transcript at 42 ("I don't have common claims between the MDL proceeding and this case, <u>other than perhaps some affiliate continued litigation after the contempt order was issued</u>.") (emphasis added). At the same time, however, Magistrate

Page 4 -   REPLY BRIEF IN SUPPORT OF OBJECTION TO MINUTE ENTRY DENYING MOTION TO INTERVENE OF EDUARDO AND CARMEN AMORIN, ALBERT AND BETSY BUTZER, JACK AND ANNA McGINN, THOMAS AND VIRGINIA SPENCER, AND ELLIOT AND ANGELINA EBERHARD

Judge Stewart found that no common claims existed between the two actions. This obvious contradiction bespeaks plain error.

The initial contractual agreements regarding timber rights that led to litigation over that lumber, that facilitated business activities after the contempt citation, that led to settlement negotiations, that led to a new and secretive Settlement Agreement endorsed after the Contempt Order and Injunction were issued, all are facts which serve to substantiate the factual predicate that CNBM Trading and CNBM Canada were doing business in the United States both before and after the MDL Court's Contempt Order. It is beyond peradventure that such ongoing activity is the conduct of business sufficient for any foreign corporation to become subject to legal process within the state. *See Eno v. F.C. Russell Co.*, 210 Or. 324, 311 P.2d 737, 742 (Or. 1957); *J. McIntyre Machinery, Ltd. v. Nicastro*, 131 S. Ct. 2780 (U.S. 2011).[2]

Moreover, CNBM Trading and CNBM Canada's contention that they are not affiliates of contemnor Taishan Gypsum are unavailing. Lines of horizontal relationships linking Taishan Gypsum to "sibling" or "cousin" entities sharing a common set of parents are sufficient to bring entities within the law's definition of "affiliates." For example, the Fifth Circuit clearly would characterize these entities as "affiliates." In *Braun v. Insurance Co. of North America*, 488 F.2d 1066, 1067-68 (5th Cir. 1974), the court specifically rejected a "restrictive downstream

---

[2] CNBM Trading and CNBM Canada contend that Oregon's business registration law, O.R.S. § 60.701(2)(a) is determinative of the factual issue of what constitutes "doing business" for purposes of the instant motion. Mistakenly, they overlook that the Oregon Supreme Court has ruled precisely opposite. In *Eno*, the defendant was an Ohio corporation that was not licensed to do business in Oregon. Nevertheless, the Supreme Court of Oregon found the defendant could still be subject to liability in the state while not being subject to its licensing requirements. *See Eno*, 311 P.2d at 742 ("A foreign corporation may be doing business in a state so that it will be subject to the processes of the courts, but the business conducted may not be such as will require its domestication."). *See also Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 478 (1985) (a party's course of dealings regarding a contract may evidence its "deliberate affiliation with the forum state and the reasonable foreseeability of possible litigation there.").

Page 5 -    REPLY BRIEF IN SUPPORT OF OBJECTION TO MINUTE ENTRY DENYING
MOTION TO INTERVENE OF EDUARDO AND CARMEN AMORIN, ALBERT
AND BETSY BUTZER, JACK AND ANNA McGINN, THOMAS AND VIRGINIA
SPENCER, AND ELLIOT AND ANGELINA EBERHARD

definition" of the term "affiliate" as used in an insurance policy provision excluding coverage for incidents in connection with travel in a company airplane, including an airplane owned or leased by or on behalf of any subsidiary or affiliate of the company.  In its holding, the court explained: "[t]he word affiliate was not used grammatically but rather legally in the context of the present day corporation, most spectacularly represented by the conglomerate, in which connections between companies may be vertical, diagonal or horizontal and sometimes all the way around with occasional mixtures of any one or all of the four."  *Braun*, 488 F.2d at 1067.

Application of the jurisprudential principle articulated in Braun to the corporate structure and organization of the family of entities which include Taishan leads to the conclusion that entities not only in a vertical line, but also in horizontal lines of relationship like CNBM Trading and CNBM Canada, should be considered "Taishan Affiliates."

Regardless of how it is ultimately resolved, however, the question of the Plaintiff's affiliation with Taishan Gypsum is a predominating question of law and fact common to both this case and the contempt proceedings in the MDL.  Magistrate Judge Stewart plainly erred in not acknowledging this commonality and, because of this error, her ruling should be reversed.

Page 6 -  REPLY BRIEF IN SUPPORT OF OBJECTION TO MINUTE ENTRY DENYING MOTION TO INTERVENE OF EDUARDO AND CARMEN AMORIN, ALBERT AND BETSY BUTZER, JACK AND ANNA McGINN, THOMAS AND VIRGINIA SPENCER, AND ELLIOT AND ANGELINA EBERHARD

### III. CONCLUSION

Wherefore, for the reasons set forth above, Intervenors respectfully request that the Court reject Magistrate Judge Stewart's order, and GRANT the motion to intervene.

DATED: February 10, 2015.

                TONKON TORP LLP

                By */s/ Daniel H. Skerritt*
                   Daniel H. Skerritt, OSB #681519
                     Direct Dial: 503.802.2024
                     Direct Fax: 503.972.3724
                     Email: dan.skerritt@tonkon.com
                TONKON TORP LLP
                1600 Pioneer Tower
                888 SW Fifth Avenue
                Portland, OR 97204-2099
                Attorneys for Intervenors Eduardo and Carmen Amorin, Albert and Betsy Butzer, Jack and Anna McGinn, Thomas and Virginia Spencer, and Elliot and Angelina Everard

**OF COUNSEL:**

Russ M. Herman, Esquire (Admitted Pro Hac Vice)
Leonard Davis, Esquire
HERMAN, HERMAN & KATZ, LLC
820 O'Keefe Avenue
New Orleans, LA 70113
Phone: (504) 581-4892
Fax: (504) 561-6024
Ldavis@hhkc.com
*Plaintiffs' Liaison Counsel MDL 2047*

Arnold Levin, Esquire
Fred S. Longer, Esquire (Admitted Pro Hac Vice)
Levin, Fishbein, Sedran & Berman
510 Walnut Street, Suite 500
Philadelphia, PA 19106
Phone: 215-592-1500
Fax: 215-592-4663
Alevin@lfsblaw.com
*Plaintiffs' Lead Counsel MDL 2047*

037668/00001/6210183v1

Page 7 -  REPLY BRIEF IN SUPPORT OF OBJECTION TO MINUTE ENTRY DENYING MOTION TO INTERVENE OF EDUARDO AND CARMEN AMORIN, ALBERT AND BETSY BUTZER, JACK AND ANNA McGINN, THOMAS AND VIRGINIA SPENCER, AND ELLIOT AND ANGELINA EBERHARD