UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: CHINESE-MANUFACTURED DRYWALL PRODUCTS LIABILITY LITIGATION | MDL NO: 2047<br>SECTION: L<br>JUDGE FALLON<br>MAG. JUDGE WILKINSON |
| THIS DOCUMENT RELATES TO:<br><br>*Payton, et al v. Knauf Gips, KG, et al.*<br>*Case No. 2:09-cv-07628 (E.D. La.)* | |

## OBJECTION TO /MOTION TO APPEAL SPECIAL MASTER DENIAL NOTICE AND FOR REINSTATEMENT OF CLAIM

NOW INTO COURT, through undersigned counsel, come claimants William Wayne and Kelly Wayne, individually and on behalf of their minor children, who move this Court for an order appealing the decision of the Special Master, dated February 10, 2015 and for reinstatement of their claim, and represent as follows:

1.

On February 10, 2015, the Special Master denied the Waynes' claim based on the failure to submit a report from an expert providing that the foreclosure was substantially caused by the Chinese Drywall (Ex. 1).

### FACTUAL AND PROCEDURAL SUMMARY

2.

In April 2009, the claimants were advised by Mrs. Wayne's obstetrician to vacate their home at 576 Huseman Lane, Covington, Louisiana, due to the presence of defective

Knauf "Chinese drywall" (Ex. 2). The presence of the defective drywall was confirmed in June 2009 by industrial hygienist Urbain Breaud of U.A. Breaud & Associates, LLC (Ex. 3). On June 15, 2009, the Waynes commenced a lawsuit in the 22nd Judicial District Court for the Parish of St. Tammany for damages against the Knauf manufacturer defendants, Interior/Exterior Building Supply and the contractor Sunrise Homes. After litigating that 22nd JDC lawsuit for a few months, the plaintiffs learned of this multi-district litigation ("MDL") and filed their claim in the MDL on November 23, 2009. They have participated fully in this litigation made numerous submissions of documents and information as the litigation progressed over the last five years. These included questionnaires, photographs, Mr. Breaud's reports, their closing documents, foreclosure documents and numerous other items.

3.

After receiving an incomplete notice from the Settlement Administrator, claimants submitted additional requested documents, including documents evidencing mortgage payments and past due notices and documents evidencing the appraised value of the property at the time of purchase. For the requested expert report, claimants re-submitted the notes from Mrs. Wayne's obstetrician to vacate the home for health risks to Mrs. Wayne, who was pregnant at the time, and possible risks to her unborn child. Claimants also submitted a supplemental affidavit from Mr. Wayne explaining how they were unable to afford both the mortgage for an uninhabitable home and for the alternate living arrangements that they were forced to procure (Ex. 4).

4.

Apparently, the physician's notes were not sufficient, and the Settlement Administrator denied the claim for lack of an expert report. Leaving aside the fact that claimants have foregone their rights to litigate by participating in this settlement and are nonetheless subject to the unorthodox requirement to prove causation on a settled claim, claimants immediately set to work on obtaining the necessary expert report.

5.

Annexed hereto as Exhibit 5 is the expert report of Vincent Liuzza, III, a licensed realtor. Mr. Liuzza provided his opinion based on his review of relevant documents and communications with the claimants and concluded that the foreclosure on the Waynes' home was substantially caused by the presence of Chinese drywall in the home. The Special Master has apparently accepted the claims of others with submitted expert reports of this nature from realtors.

6.

None of the settling parties would be prejudiced in any way by the delayed submission to the Settlement Administrator of Mr. Liuzza's expert report on behalf of claimants who have been active participants in this litigation for five years. Claimants respectfully request that the Court reverse the Special Master's denial of their claim, with leave to submit Mr. Liuzza's expert report.

WHEREFORE, it is respectfully requested that claimants William and Kelly Wayne's motion to appeal Special Master's denial of claim be reversed and the claim be reinstated with leave to submit expert report, together with such other and further relief that the Court deems just and proper.

Dated:      Mandeville, Louisiana         Respectfully submitted,
            February 18, 2015

                                          **DAVIS & DUNCAN, LLC**

                                          _____
                                          **MARK G. DUNCAN (Bar No. 29161)**
                                          **MICHELLE MAYNE DAVIS (Bar No. 23027)**
                                          849 Galvez Street
                                          Mandeville, Louisiana 70448
                                          Telephone: (985) 626-5770
                                          Facsimile:  (985) 626-5771


## CERTIFICATE OF SERVICE

I hereby certify that the above and foregoing Objection to/Motion to Appeal Special Master Denial Notice and for Reinstatement of Claim has this date been served upon Plaintiffs' Liaison Counsel, Russ Herman, and Defendants' Liaison Counsel, Kerry Miller by U.S. Mail and email, and upon all parties by electronically uploading the same to Lexis Nexis File & Serve in accordance with Pre-trial Order no. 6 and that the foregoing will also be served via the Court's electronic filing system, on this 18th day of February 2015.

                                          _____
                                          **MARK G. DUNCAN**

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: CHINESE-MANUFACTURED DRYWALL PRODUCTS LIABILITY LITIGATION | MDL NO: 2047 SECTION: L JUDGE FALLON MAG. JUDGE WILKINSON |
| THIS DOCUMENT RELATES TO: *Payton, et al v. Knauf Gips, KG, et al.* Case No. 2:09-cv-07628 (E.D. La.) | |

## ORDER

Considering the foregoing Motion by plaintiffs William Wayne and Kelly Wayne to appeal the Special Master's denial of their claim and to reinstate their claim;

**IT IS HEREBY ORDERED** that the motion is granted and claimants shall submit an expert report to the Special Master within _____ days of this Order.

New Orleans Louisiana this _____ day of _____, 2015.

_____
JUDGE