IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: CHINESE-MANUFACTURED DRYWALL PRODUCTS LIABILITY LITIGATION | MDL NO. 2047<br>SECTION: L<br>JUDGE FALLON<br>MAG. JUDGE WILKINSON |
| THIS DOCUMENT RELATES TO:<br><br>ALL ACTIONS | |

THE PLAINTIFFS' STEERING COMMITTEE'S MEMORANDUM
OF LAW IN SUPPORT OF MOTION TO PRECLUDE TAISHAN
OR ANY OF ITS AFFILIATES FROM PARTICIPATING IN
PROCEEDINGS INVOLVING PLAINTIFFS' MOTION FOR
ASSESSMENT OF CLASS DAMAGES PURSUANT TO RULE 55(B)(2)(B)
UNLESS AND UNTIL TAISHAN PURGES ITSELF OF CONTEMPT AND
REQUEST TO REINSTATE JUDGMENT DEBTOR EXAMINATION

I.   INTRODUCTION

Taishan Gypsum Co. Ltd.'s ("Taishan") efforts to evade personal jurisdiction, disrespect this Court and abuse the federal judiciary are well known and well documented in these MDL proceedings. After the Taishan Defendants[1] ignored properly served complaints and were defaulted; after Taishan was found liable for $2.7 million on behalf of seven Intervenor-Plaintiffs; after Taishan and TTP entered appearances solely to contest jurisdiction over them and vacate the default judgments; after they lost two motions to vacate and four motions to dismiss for lack of personal jurisdiction; and after they exhausted all appeals, and

---

[1] The "Taishan Defendants" include: Taishan; TTP; BNBM; BNBM Group; CNBM; and CNBM Group. The BNBM and CNBM entities are Taishan's parents. These Defendants have been defaulted for refusing to answer the complaints against them in these proceedings, despite proper service of process pursuant to the Hague Convention.

1

Plaintiffs finally had an opportunity to collect on their judgments against these Defendants, Taishan and TTP fired their counsel of record, Hogan Lovells US LLP and Stanley, Reuter, Ross, Thornton & Alford, LLC, and deliberately refused to appear for a judgment debtor examination in open court and refused to otherwise participate further in these proceedings. As this Court aptly pointed out: "They lost the appeal, and then they decided that they were going to walk away from the court because they didn't get their way.  They're going to take their ball and go home, so to speak." Transcript of Status Conference Proceedings at p. 20 (E.D.La. Jan. 22, 2015).[2]

      Taishan's current departure from the litigation lasted until recently.  At the February 12, 2015 monthly status conference, Taishan's parent and affiliate, Beijing New Building Materials Public Limited Co. (BNBM), through counsel, Aaron K. Block of the law firm of Alston & Bird, entered its appearance on the record.  *See* Minute Entry (E.D.La. Feb. 12, 2015)[Rec.Doc. No. 18331].  BNBM orally moved to continue the hearing on Plaintiffs' Motion for Assessment of Class Damages Pursuant to Rule 55(b)(2)(B), which motion had been set  for hearing by Order dated December 17, 2014 [Rec.Doc. 18222].  This Court granted BNBM the requested

---

[2]Taishan's affiliates are continuing the custom of concealment of their business activities directed to the United States through revisionist history.  On July 29, 2014, the same day that the Plaintiffs' Steering Committee ("PSC") filed its latest Omni Complaint (Omni XIX) against the State-Owned Asset Supervision and Administration Commission of the State Council (SASAC), SASAC removed from its website in English the identities of its State-Owned Entities or SOEs. *Compare* Archived list of SASAC's SOEs (attached hereto as Exhibit "A") *with* http://www.sasac.gov.cn/n86114/n86137/c1725422/content.html. (last visited Feb. 20, 2015) (attached hereto as Exhibit "B").  Now, the identities of these SOEs are available on SASAC's website only in Chinese.  *Id*. Such subterfuge is reminiscent of Taishan's altering its website to remove from the global map demonstrating the reach of its international sales, the red arrow connecting Taishan in China to the United States, during Taishan's personal jurisdiction challenge.  *Compare* Herman Aff. Ex. 5 at 15 [manually filed on May 8, 2012] (attached hereto as Exhibit "C") *with* http://www.taihegroup.com/english/channels/64.html (attached hereto as Exhibit "D").

continuance and rescheduled the hearing for Tuesday, March 17, 2015. The Minute Entry also allowed BNBM or any other party the right to respond to the pending motion by filing a response by March 9, 2015.

That same day, on February 12, 2015, the Court also issued a scheduling Order [Rec.Doc. 18354], which, in relevant part, set the PSC's motion to enforce the contempt order ("Motion to Enforce") [Rec.Doc. 18302] for hearing immediately following the monthly status conference on March 26, 2015, and permitted responses to the motion to be filed by March 17, 2015. To the amazement of all, Taishan, through newly hired counsel, Bernard Taylor, Michael P. Kenny, and Cari K. Dawson of the same firm as BNBM's counsel, Alston & Bird, reappeared to file an Ex Parte Motion to Extend Deadline for Filing Response to the PSC's Motion to Enforce the Contempt Order. [Rec.Doc. 18353]. Taishan's new counsel requested until March 10, 2015 to respond to the PSC's motion to enforce.

Neither Taishan nor BNBM has clean hands justifying their participation in either the assessment of damages hearing or hearing on the motion to enforce.[3] Recall: this Court recognized that Taishan's contemptuous actions relating to its willful failure to appear at the judgment debtor examination, even after notice of same, involved such flagrant "[d]isobedience of the Court's order [that it] harms both the many other parties in this case and the decorum of the Court." July 17, 2014 Contempt Order at 2 [Rec.Doc. 17869]. Accordingly, this Court held Taishan in civil and criminal contempt of court and ordered Taishan to pay $40,000 as a penalty and $15,000 in attorneys' fees to Plaintiffs' Counsel. *Id*. The court also enjoined Taishan, its

---

[3]The affiliates of Taishan include its controlling parent entities BNBM and CNBM, SASAC, and additional entities. *See* Motion to Enforce and *In re Chinese-Manufactured Drywall Prod. Liab. Litig.*, 2014 WL 4809520, *1 ¶ 4 (E.D. La. Sept. 26, 2014).

affiliates and subsidiaries, including BNBM, from "conducting any business in the United States until or unless it participates in this judicial process." *Id*. Taishan remains in contempt of court today.

Although Taishan has retained new counsel to enter their appearances on its behalf, and they have moved for an extension of time to respond to the Motion to Enforce, Taishan has not yet purged itself of contempt. As of today, Taishan has not paid into the Court's registry the $40,000 penalty imposed for its criminal contempt. Nor has it paid the sanction of $15,000 in attorneys' fees to Plaintiffs' Counsel, or provided an accounting of 25% of the profits earned by the company or its affiliates for the year of the violation of the contempt order. More importantly, Taishan has not agreed to produce documents, or appear and give testimony at a renewed Judgment Debtor Examination.[4] Unless and until Taishan purges itself from contempt of court, neither Taishan nor its affiliates, including BNBM, should be permitted to participate in any proceedings occurring before this Court.

**II.     ARGUMENT**

The Taishan Defendants are all in default. In addition, Taishan remains in civil and criminal contempt of court, along with its affiliates. To request extensions of time and continuances, as Taishan and BNBM do, stretches credulity. The well-regarded maxim "he who comes into equity must come with clean hands," must be considered when addressing their requests. *See New York Football Giants, Inc. v. Los Angeles Chargers Football*, 291 F.2d 471,

---

[4]In a similar vein, Taishan has stubbornly refused to pay the Bill of Costs allowed in the Mandate of the Fifth Circuit in *In re: Chinese-Manufactured Drywall Products Liability Litigation*, 12-31213 (5th Cir. June 11, 2014)[Doc.No. 00512660615] for $370.95. It is also due to pay the Bill of Costs submitted to this Court [Rec.Doc. 17825], when and if granted by the Clerk of Court.

473-74 (5th Cir. 1961). The clean hands doctrine is "a self-imposed ordinance that closes the doors of a court of equity to one tainted with inequitableness or bad faith relative to the matter in which he seeks relief." *Id., citing, Bein v. Heath*, 47 U.S. 228, 247 (6 How. 228) (1848). Taishan's contempt of this Court's order taints it with inequitableness. It should receive no succor unless or until it satisfies this Court's contempt order.

Further, the remedy for Taishan to seek to advance these proceeding is to purge itself of contempt "by doing the act commanded and paying costs; or, if his [sic.] disobedience had been the violation of a negative injunction, he could purge himself of contempt by undoing what he had done and paying costs." *United States v. United Mine Workers of America*, 330 U.S. 258, 331 n.2 (1947). A finding of contempt and the imposition of fines or other punishments until compliance is obtained and the contempt is purged is well recognized as part of the process. *See Meredith v. Fair*, 313 F.2d 534, 535-36 (5th Cir. 1962). These principles were well demonstrated in *United States v. Crawford Enterprises, Inc.*, 643 F.Supp. 370 (S.D.Tex. 1986). In that case, Pemex, an instrumentality of the state of Mexico, failed to comply with a subpoena and produce documents. The district court required Pemex to purge itself fully of its contempt by producing documentary evidence and paying the defendant's costs and fees, or face further sanctions including the dismissal of its civil complaint against the defendant. Relevant to the matter at hand, the court reasoned:

> This Court is extremely reluctant to permit Pemex to prosecute its lawsuit when it has so flagrantly disobeyed this Court in the past and so drastically impeded the full defense of the criminal charges against the Crawford defendants. The Court will not permit Pemex to continue to abuse the authority of this Court and deprive the Crawford defendants of the defenses to which they are entitled in order to further Pemex's own financial interests.

*Id.* at 382.

Based on this authority, it is well within this Court's ability to preclude the Taishan Defendants from participating any further in this litigation unless and until Taishan purges itself fully of its contempt.

### III. CONCLUSION

There is no justification for Taishan to openly and continuously defy this Court's contempt order, fail to pay sanctions, and costs, yet still be permitted to participate in proceedings and allowed to promote its defense. So too for BNBM. As Taishan's affiliate, unless and until Taishan purges itself of contempt, BNBM was enjoined from conducting any business in the United States, and because of Taishan's ongoing violation of the contempt order, BNBM was ordered to pay 25% of the profits earned by the company for the year of the violation. Contempt Order at 3.

Wherefore, the PSC requests that Taishan and BNBM be precluded from participating in any proceedings involving plaintiffs' motion for assessment of class damages pursuant to rule 55(b)(2)(b) unless Taishan purges itself of contempt. Further, it is requested that this Court reinstate the judgment debtor examination, and require Taishan to produce documents and provide testimony from company witnesses and counsel at Hogan Lovells (including Mr. Cyr), regarding matters pertinent thereto.

Dated:   February 20, 2015

Respectfully submitted,

/s/ Russ M. Herman
Russ M. Herman (LA Bar No. 6819)
Leonard A. Davis (LA Bar No. 14190)
Stephen J. Herman (LA Bar No. 23129)
HERMAN, HERMAN & KATZ, LLC
820 O'Keefe Avenue
New Orleans, Louisiana 70113
Phone: (504) 581-4892
Fax: (504) 561-6024
Ldavis@hhklawfirm.com
*Plaintiffs' Liaison Counsel*
*MDL 2047*

Arnold Levin (On the Brief)
Fred S. Longer (On the Brief)
Sandra L. Duggan (On the Brief)
Matthew C. Gaughan
Levin, Fishbein, Sedran & Berman
510 Walnut Street, Suite 500
Philadelphia, PA 19106
215-592-1500 (phone)
215-592-4663 (fax)
Alevin@lfsblaw.com
*Plaintiffs' Lead Counsel*
*MDL 2047*

**PLAINTIFFS' STEERING COMMITTEE**

| | |
|---|---|
| Dawn M. Barrios | Daniel E. Becnel, Jr. |
| Barrios, Kingsdorf & Casteix, LLP | Becnel Law Firm, LLC |
| 701 Poydras Street, Suite 3650 | 425 W. Airline Highway, Suite B |
| New Orleans, LA 70139 | Laplace, LA 70068 |
| Phone: (504) 524-3300 | Phone: (985) 536-1186 |
| Fax: (504) 524-3313 | Fax: (985) 536-6445 |
| Barrios@bkc-law.com | dbecnel@becnellaw.com |

Peter Prieto
Podhurst Orseck, P.A.
25 Flagler Street, 8th Floor
Miami, FL 33130
Phone: (305) 358-2800
Fax: (305) 358-2382
pprieto@podhurst.com

Bruce William Steckler
Steckler, LLP
12720 Hillcrest Road, Ste 1045
Dallas, TX 75230
Phone: (972) 387-4040
Fax: (972) 387-4041
bruce@stecklerlaw.com

Ervin A. Gonzalez
Colson, Hicks, Eidson
255 Alhambra Circle, Penthouse
Coral Gables, FL 33134
Phone: (305) 476-7400
Fax: (305) 476-7444
ervin@colson.com

Ben W. Gordon, Jr.
Levin, Papantonio, Thomas, Mitchell
 Echsner & Proctor, P.A.
316 S. Baylen Street, Suite 600
Pensacola, FL 32502
Phone: (850) 435-7000
Fax: (850) 435-7020
bgordon@levinlaw.com

Hugh P. Lambert
The Lambert Firm
701 Magazine Street
New Orleans, LA 70130
Phone: (504) 581-1750
Fax: (504) 529-2931
hlambert@thelambertfirm.com

Gerald E. Meunier
Gainsburgh, Benjamin, David, Meunier
 & Warshauer, LLC
2800 Energy Centre, 1100 Poydras Street
New Orleans, LA 70163-2800
Phone: (504) 522-2304
Fax: (504) 528-9973
gmeunier@gainsben.com

Jerrold Seth Parker
Parker Waichman, LLP
27300 Riverview Center Blvd.
Suite 103
Bonita Springs, FL 34134
Phone: (239) 390-1000
Fax: (239) 390-0055
Jerry@yourlawyer.com

Scott Wm. Weinstein
Morgan & Morgan
12800 University Drive, Suite 600
Ft. Meyers, FL 33907
Phone: (239) 433-6880
Fax: (239) 433-6836
sweinstein@forthepeople.com

James Robert Reeves
Reeves & Mestayer, PLLC
160 Main Street
Biloxi, MS 39530
Phone: (228) 374-5151
Fax: (228) 374-6630
jrr@attorneys4people.com

Christopher Seeger
Seeger Weiss, LLP
77 Water Street
New York, NY 10005
Phone: (212) 584-0700
Fax: (212) 584-0799
cseeger@seegerweiss.com

Daniel K. Bryson
Whitfield, Bryson & Mason, LLP
900 W. Morgan Street
Raleigh, NC 27603
Phone: (919) 600-5000
Fax: (919) 600-5002
dan@wbmllp.com

Richard J. Serpe
Law Offices of Richard J. Serpe
Crown Center, Ste. 310
580 East Main Street
Norfolk, VA 23510-2322
Phone: (757) 233-0009
Fax: (757) 233-0455
rserpe@serpefirm.com

Victor M. Diaz, Jr.
V.M. Diaz and Partners, LLC
119 Washington Ave, Suite 402
Miami Beach, FL 33139
Phone: (305) 704-3200
Fax: (305) 538-4928
victor@diazpartners.com

## OF COUNSEL TO PLAINTIFFS' STEERING COMMITTEE

Richard S. Lewis
HAUSFELD LLP
1700 K Street, N.W
Suite 650
Washington, DC 20006
Phone: (202) 540-7200
Fax: (202) 540-7201
rlewis@hausfeldllp.com

Andrew A. Lemmon
Lemmon Law Firm, LLC
P.O. Box 904
15058 River Road
Hahnville, LA 70057
Phone: (985) 783-6789
Fax: (985) 783-1333
andrew@lemmonlawfirm.com

Anthony D. Irpino
IRPINO LAW FIRM
2216 Magazine Street
New Orleans, LA 70130
Phone: (504) 525-1500
Fax: (504) 525-1501
airpino@irpinolaw.com

**CERTIFICATE OF SERVICE**

      I hereby certify that the above and foregoing has been served on Defendants' Liaison Counsel, Kerry Miller, by e-mail and upon all parties by electronically uploading the same to LexisNexis File & Serve in accordance with Pre-Trial Order No. 6, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2047 on this 20th day of February, 2015.

      /s/ Leonard A. Davis
      Leonard A. Davis
      HERMAN, HERMAN & KATZ, LLC
      820 O'Keefe Avenue
      New Orleans, Louisiana 70113
      Phone: (504) 581-4892
      Fax: (504) 561-6024
      Ldavis@hhklawfirm.com
      Plaintiffs' Liaison Counsel
      MDL 2047

      *Co-counsel for Plaintiffs*