IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE:  CHINESE-MANUFACTURED DRYWALL PRODUCTS LIABILITY LITIGATION | MDL NO. 2047 |
| This Document Relates to: | SECTION L JUDGE FALLON |
| Braxton H. Collins, et ux. v. Bass Homes, Inc., et al. So. Dist. Mississippi, C.A. No. 13-cv-6652 | MAG. JUDGE WILKINSON |

**MEMORANDUM BRIEF IN SUPPORT OF PLAINTIFFS'
RESPONSE IN OPPOSITION TO DEFENDANTS' MOTION TO DISMISS FOR
LACK OF PERSONAL JURISDICTION**

COME NOW the Plaintiffs, BRAXTON COLLINS and KERRIE COLLINS, and file this, their Memorandum Brief in Support of Plaintiffs' Response in Opposition to Defendants, PATE STEVEDORE and PENSACOLA STEVEDOR's, Motion to Dismiss for Lack of Personal Jurisdiction, and would show unto the Court as follows, to-wit:

### I.  Introduction

Defendants (Facts here)   Plaintiffs assert claims of negligence, defective design, and failure to warn pursuant to the Mississippi Product Liability Act as set forth at Miss. Code Ann. §11-1-63, as well as claims of Negligence under the New Home Warranty Act.

Pate Stevedore and Pensacola Stevedore have filed a Motion to Dismiss asserting that this Court does not have personal jurisdiction over them.  As set forth below, the tort prong of the Mississippi long arm statute has been satisfied as the injury occurred in Mississippi.  Further, the Due Process Clause of the 14th Amendment has been satisfied as their placement of the product into the stream of commerce satisfied the jurisdictional prerequisite of "minimum contacts."  Lastly,

maintenance of this suit in Mississippi does not offend traditional notions of fair play and substantial justice. Therefore, the Defendants' Motion to Dismiss should be denied.

## II. Facts

This product liability lawsuit arises out of the construction of the Plaintiffs' home in 2008 and the beginning of 2009 by Defendant, Bass Homes, with defective Chinese drywall in Jackson County, MS, less than 20 miles from Pensacola where the Defendants are located. The Second Amended Complaint seeks damages from the Defendants pursuant to the Mississippi Product Liability Act as set forth at Mississippi Code Annotated §11-1-63. More specifically, Plaintiffs assert that the Defendants were negligent in the sale of the salvage product as new.

On August 22, 2008, Braxton H. Collins and Kerrie F. Collins entered into a Building Agreement with Bass Homes, Inc. for the construction of a residence on real property located at 10720 Hwy 614 Moss Point, MS 39562. They had a family with small children and wanted to build a nice home for them off the Escawapta River on family land. In about September, 2008, Bass Homes, Inc. applied for a building permit for the Collins Residence. Defendant Bass Homes was the general contractor and built the Collins Residence. Ace Hardware supplied the drywall installed in the Collins Residence which they purchased from Pensacola Stevedore. The drywall was salvage drywall from the wreck of the M/V Sanko Ralley ship. It was procured by the insurance carrier for the M/V Sanko Rally, FFIC, and resold to PSC and/or Pate who then placed the product into the "stream of commerce" and sold it as to Ace Hardware.

A certificate of occupancy for the Collins Residence located at 10720 Hwy 614 Moss Point, MS 39562 was issued on or about February 5, 2009. Thereafter, the

Collins family occupied the residence. In or about November 2009, Plaintiffs determined that their Residence was built with drywall manufactured in China ("Defective Chinese Drywall").

The material composition and offensive smell of the Defective Chinese Drywall in the Residences renders it inferior to American-made drywall and unfit for ordinary use in residential construction and emits a corrosive sulfur fume that places the home at great risk for fire and damages all electrical and, therefore, structural components., and placed their home and the lives of their children at risk.

Despite admitting that it sold products directly to the  in addition to the enormous volume of business with Mississippi residents, Southern Snow claims it should not be subject to jurisdiction in Mississippi.  For the reasons below, Southern Snow's Motion should be denied as this Court has jurisdiction over Southern Snow.

### III.   Procedural History

The Collins Complaint was initially filed in the MDL 2047 on one of the Omni Global Complaints on or about March 15, 2010.  However, they opted out of the National Tashain class settlement and soon after filed a Complaint in State Court. This Complaint was then removed by Defendants to U. S. District Court for the State Of Mississippi, Southern Division, Biloxi District. Then it was transferred back to MDL 2047. Subsequently, Judge Fallon has indicated that it will be returned to Mississippi but are still in MDL 2047 pending the official transfer order.  Ace Hardware filed a Third Party Complaint against Pensacola Stevedore, Pate Stevedore and Fireman's Fund Insurance.  Plaintiffs then filed a Second Amended Complaint adding them as Defendants.

## IV. Argument

### A. Standard of Review

When a non-resident defendant moves to dismiss for lack of personal jurisdiction, plaintiff bears the burden of demonstrating a district court's jurisdiction over the defendant seeking dismissal. *Gardemale v. Westin Hotel Company*, 186 F.3d 588, 592 (5th Cir. 1999). The Plaintiff satisfies this burden by presenting a *prima facie* case that jurisdiction is proper. *Paz v. Brush Engineered Materials, Inc.*, 445 F.3d 809, 812 (5th Cir. 2006). In deciding whether a *prima facie* case has been made, "uncontraverted allegations in the plaintiff's complaint must be taken as true, and conflicts between the facts contained in the parties' affidavits must be resolved in the plaintiff's favor." *Gardemale,* 186 F.3d at 592.

### B. Personal Jurisdiction in Mississippi

"A federal court sitting in diversity may exercise personal jurisdiction only to the extent permitted a state court under state law." *Paz v. Brush Engineered Materials, Inc.*, 445 F.3d 809, 812 (5th Cir. 2006). "The court may only exercise jurisdiction if: '(1) the state's long arm statute applies, as interpreted by the state's courts, and (2) if due process is satisfied under the 14th Amendment to the Federal Constitution.'" *Paz,* 445 F.3d at 812.

Mississippi's long arm statute is set forth at Mississippi Code Annotated §13-3-57. Under the long arm statute, courts of this State may exercise personal jurisdiction over a non-resident defendant if the defendant has committed "a tort in whole or in part in this state against a resident or non-resident of this state." Miss. Code Ann. §13-3-57; and *Falco Lime, Inc. v. Tide Towing Company*, 779 F.Supp. 58, 61 (N.D. Miss. 1991).

The Mississippi Supreme Court holds that a tort is complete when the injury occurs. *Smith v. Temco, Inc.*, 252 So.2d 212, 216 (Miss. 1971) Further, if the injury occurs in Mississippi, then the tort is committed, at least in part, in this State, thereby conferring personal jurisdiction over a non-resident defendant. *Smith*, 252 So.2d at 216; *see also*, *Internet Doorway, Inc. v. Parks*, 138 F.Supp.2d 773, 776 (S.D. Miss. 2001). Put another way, even if the tortious conduct occurs out of state but causes an injury within Mississippi, a non-resident defendant will be subject to personal jurisdiction under the Mississippi long arm statute. *Wilkinson v. Merchantile Nat'l Bank at Dallas*, 529 So.2d 616, 618-19 (Miss. 1988); and *Willow Creek Exploration Ltd. v. Tadlock Pipe and Equip., Inc.*, 186 F.Supp. 2d 675, 683 (S.D. Miss. 2002). It is uncontradicted that Plaintiffs sustained their injuries in Jackson County, Mississippi, when their homes were built with Chinese drywall by Bass Homes an Alabama corporation. Therefore, the tort prong of the Mississippi long arm statute has been satisfied.

In addition to satisfaction of the tort prong within the Mississippi long arm statute, the Due Process Clause of the 14th Amendment must also be satisfied to establish jurisdiction. The Due Process Clause "requires satisfaction of a two prong test in order for a federal court to properly exercise jurisdiction: (1) the non-resident must have minimum contacts within the forum State, and (2) subjecting the non-resident to jurisdiction must be consistent with 'traditional notions of fair play and substantial justice.'" *Freudensprung v. Offshore Technical Servs., Inc.*, 379 F.3d 327, 343 (5th Cir. 2004), citing, *International Shoe Co. v. Washington*, 326 U.S. 310, 66 S. Ct. 154, 90 L.Ed. 95 (1945). The "minimum contacts" prong is further sub-divided into contacts that give rise to specific jurisdiction and those that give rise to general

jurisdiction. Specific jurisdiction arises when "(1) the defendant purposely directed its activities toward the forum State or purposely availed itself of the privileges of conducting activities there; and (2) the controversy arises out of or is related to the defendant's contact with the forum State." *Freudensprung*, 379 F.3d at 343, citin*g, Helicopteros Nacionales Day Colombia, S.A. v. Hall*, 466 U.S. 408, 104 S. Ct. 1868, 80 L.Ed. 2d 404 (1984). "When a cause of action does not arise out a foreign defendant's purposeful contacts with the forum, however, a court may exercise general jurisdiction with the defendant has engaged 'continuous and systematic contacts' in the forum." *Id.* It has been recognized that even though the concepts of specific and general jurisdiction are separate, both concepts "will inevitably borrow from one another in deciphering the intent of the defendant's actions as well as the foreseeability that the defendant might be haled into court in this State". *Tellus Operating Group, LLC v. R&D Pipe Co.*, 377 F. Supp.2d 604, 609 (S.D. Miss. 2005).

"Minimum contacts" is satisfied by actions, or even a single act, by which a non-resident defendant purposely avails itself of the privilege of conducting activities within the forum State, thus invoking the benefits and protections of its laws. *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 475, 105 S.Ct. 2174, 2183 (1985). "The non residents 'purposeful availment' must be such that the defendant "should reasonably anticipate being haled into court' in the forum State." *Ruston Gas Turbines, Inc. v. Donaldson Company, Inc.,* 9 F.3d 415, 419 (5th Cir. 1993).

In this case, application of personal jurisdiction necessitates a "stream of commerce" analysis. "The Supreme Court has stated that a defendant's placing of its product into the stream of commerce with the knowledge that the product will be used in the forum State is enough to constitute minimum contacts." *Ruston*, 9 F.3d at

419, citing, *World-Wide Volkswagen Corp. v. Woodsen*, 444 U.S. 286, 298, 100 S.Ct. 559, 567 (1980). "The Fifth Circuit is among the circuits that have interpreted *World-Wide Volkswagen* to hold that 'mere foreseeability or awareness [is] a constitutionally sufficient basis for personal jurisdiction if the defendant's product made it's way into the forum State while still in the stream of commerce." *Ruston*, 9 F.3d at 419.

Following the United States Supreme Court's pronouncement in *World-Wide Volkswagen*, a plurality of that Court advocated for a "stream of commerce plus" theory. *Asahi Metal Indus. Co. v. Superior Court*, 480 U.S. 102, 112, 107 S. Ct. 1026, 1032 (1987). However, "[i]n the years after *Asahi*, the Fifth Circuit has continued to follow the original (stream of commerce) theory established by the majority opinion of *World-Wide Volkswagen*, and has rejected the (stream of commerce plus) theory advocated by the *Asahi* plurality." *Ruston*, 9 F.3d at 420. As one court held, "until the U.S. Supreme Court speaks with the majority, the law of this Circuit remains that the plaintiff must only make a *prima facie* showing that 'a defendant placed their product into the stream of commerce with the knowledge that the product would be used in the forum State.' *Tellus Operating Group, LLC v. R&D Pipe Co.*, 377 F. Supp.2d 604 at 610; citing, *Ruston Gas Turbines, Inc.,* 9 F.3d at 419.

In *Ruston*, a Texas corporation sued a defendant for breach of contract, breach of warranty, and under strict products liability law in connection with the manufacturing and sale of two gas turbine engine systems. *Ruston*, 9 F.3d at 417. The defendant was a non-resident corporation with its principle place of business in Minnesota. *Ruston*, 9 F.3d at 419. The defendant in *Ruston* filed a Motion to Dismiss for Lack of Personal Jurisdiction and submitted an affidavit of its president

stating that it was a non-resident corporation, did not conduct business in Texas, did not maintain a sales representative or manufacturer representative in Texas, had not recruited employees in Texas, had not designated a registered agent in Texas, and had not contracted by mail with any Texas resident. *Id.* The Fifth Circuit determined that based on 211 shipments to Texas over a course of 15 years and the fact that defendant not only could have foreseen but knew its products would be utilized in Texas, minimum contacts had been satisfied through the stream of commerce theory. *Id* at 420-21.  Here, Pace clearly sold its products to Mississippi for reaping many thousands of dollars in profits.  Pace simply cannot deny that its products were being used in Mississippi.

In the case of *Tellus Operating Group, LLC v. R&D Pipe Co.*, 377 F. Supp.2d 604 (S.D. Miss. 2005), the plaintiffs brought a product liability action against two defendants for a defective casing utilized in an oil well.  *Tellus*, 377 F. Supp.2d at 606. The plaintiff in *Tellus* sued both the manufacturer and the distributor of the defective casing in Mississippi.  *Id.*  Both defendants moved to dismiss for lack of personal jurisdiction asserting that they were Texas corporations who maintained no "offices, employees, agents, sales representatives, telephone listings, or bank accounts in the state of Mississippi." *Id*. In determining that it had jurisdiction in Mississippi, the Court stated that the manufacturer placed its product into the stream of commerce with knowledge that it would wind up in Mississippi. *Id*. In addition, it noted that the manufacturer made absolutely no attempt to limit the resale destination of products placed in the stream of commerce. *Id*. Such is the case here. That is, Southern Snow placed its product into the stream of commerce without limiting any resale and with the knowledge that its products were being utilized in Mississippi as

evidenced by the plethora of product sales to Mississippi.

In rendering its decision, the *Tellus* Court relied in part on the Fifth Circuit's holding regarding the stream of commerce theory in *Oswalt v. Scripto, Inc.*, 616 F.2d 191 (5th Cir. 1980). In *Oswalt*, the defendant was a manufacturer from Japan who sold cigarette lighters to a distributor in the United States, one of which malfunctioned in Texas. *Oswalt*, 616 F.2d at 193. In selling the lighters nationally, and by not limiting its sales to any particular state, the Court concluded that the defendant had every reason to believe that its lighters would be sold in Texas. *Id* at 200. Therefore, the Texas Court had personal jurisdiction over the Japanese corporation pursuant to the stream of commerce theory.

In the case of *Breedlove v. Beech Aircraft Corp.*, a Mississippi District Court found that personal jurisdiction was applicable in a case against an aircraft propeller manufacturer whose propeller malfunctioned in Arkansas. 334 F. Supp. 1361, 1363 (N.D. Miss. 1971). In *Breedlove*, the Court noted that manufacturer did not do business in Mississippi, had no legal or financial relationships in Mississippi, and did not design or manufacture the propeller in Mississippi. *Breedlove*, 334 F. Supp. at 1362-63. Even so, the Court concluded that the manufacturer, by placing its product in the stream of commerce, subjected itself to jurisdiction pursuant to the Mississippi long arm statute. *Id* at 1365. Likewise, in *Jones v. Tread Rubber Corporation*, the District Court found that the manufacturer of a defective product subjected itself to Mississippi jurisdiction by placing that product into the stream of commerce. 199 F.Supp.2d 539 (S.D. Miss. 2002). The *Jones* Court held that knowledge of the use of a product in a particular state constituted the foreseeability or awareness that meets constitutional muster. *Id.* at 547-548. Again, Defendants were well aware of the use

or potential use of the defective product in Mississippi by many residents which include the Plaintiffs.

Other cases are instructive. In *Smith v. Temco, Inc.,* the Mississippi Supreme Court held that a non-resident manufacturer of a defective water heater who placed an unsafe product into the stream of commerce for the purpose of distribution and sale to consumers in other states even if its specific intent was not for sale in Mississippi, may be subject to *in personam* jurisdiction claims brought by consumers injured by the unsafe condition. *Smith v. Temco, Inc.*, 252 So.2d 212, 216 (Miss. 1971). Likewise, the Fifth Circuit held that a non-resident distributor of beryllium may be held liable for damages caused by that beryllium in Mississippi. *Paz*, 445 F.3d at 809, 813. This is so even though the defendant distributor made no sales to anyone in Mississippi. *Id.* at 813. The Fifth Circuit concluded that the defendant knew that its product would ultimately be used in Mississippi. *Id.* Therefore, the plaintiff had met his burden presenting a *prima facie* case for minimum contacts in Mississippi. *Id.* In sum, the Fifth Circuit holds that "the stream of commerce principle is designed to encompass companies that purposely serve markets broader than the states in which its initial or direct sales are made." *Petroleum Helicopters, Inc. v. Avco Corporation*, 804 F. 2d 1367 at 1370 (5th Cir. 1986).

As noted by the Fifth Circuit, when subjecting a defendant to personal jurisdiction under the stream of commerce theory, Justice Brennan's analysis should be considered:

> The stream of commerce refers not to unpredictable currents or eddies, but to the regular and anticipated flow of products from manufacturer to distribution to retail sale. As long as a participant in this process is aware that the final product is being marketed in the forum State, the possibility of a lawsuit there cannot come as a surprise. Nor would the litigation present a burden for which there is not corresponding benefit.

> A defendant who has placed goods in the stream of commerce benefits economically from the retail sale of the final product in the forum State, and indirectly benefits from the State's laws that regulate and facilitate commercial activity. These benefits accrue regardless of whether that participant directly conducts business in the forum State or engages in additional conduct directed toward the State.

*Choice Healthcare, Inc. v. Kaiser Foundation Health Plan of Colo.,* 615 F.3d 364 at 373 (5th Cir. 2010), citing, *Asahi*, 480 U.S. at 117, 107 S.Ct. 1026.

Here, Pace maintains that since it did not sell its product directly to the Plaintiffs, it had no reason to expect to be subjected to jurisdiction in Mississippi. Conversely, Plaintiffs contend that Pace had every reason to expect to be subjected to jurisdiction in Mississippi. Plaintiffs are aware that other sales were made to Mississippi residents. Defendants clearly took no actions to limit the sale or resale of its product in Mississippi and have derived great economic benefit from Mississippi residents for many years and admitted that it had done business in Mississippi. Furthermore, everyone selling drywall during this time period knew if was substantially likely to end up in Mississippi. Hence, jurisdiction is proper.

### C. Fair Play and Substantial Justice

Even if minimum contacts exist, the exercise of personal jurisdiction over a non-resident defendant will fail to satisfy due process requirements if the assertion of jurisdictions offends "traditional notions of fair play and substantial justice." *Ruston,* 9 F.3d at 420; citing, *International Shoe*, 326 U.S. at 316, 66 S.Ct. at 158. However, "[o]nce a plaintiff has established minimum contacts, the burden shifts to the defendant to show the assertion of jurisdiction would be unfair...[, and in order to] show that an exercise of jurisdiction is unreasonable once minimum contacts are established, the defendant must make a 'compelling case against it." *Wien Air Alaska, Inc. v. Brandt*, 195 F.3d 208, 215 (5th Cir. 1999). In determining this fundamental

fairness issue, a court should examine (1) the defendant's burden; (2) the forum State's interest; (3) the plaintiff's interest in convenient and effective relief; (4) the judicial system's interest in efficient resolution of controversy; and (5) the State's shared interest in furthering fundamental social policies. *Id.* Southern Snow has not presented any evidence that maintenance of this suit offends the "traditional notions of fair play and substantial justice," much less made the requisite "compelling case." Realistically, this suit does not offend such traditional notions. Nonetheless, the five factors are discussed below.

There is little burden which would be placed on Defendants by having to defend in Mississippi. That is, the Defendants' place of business is approximately 50 miles from the Mississippi Gulf Coast along I-10. In addition, the Mississippi Supreme Court has stated that subjecting a Louisiana resident to maintain a suit in Mississippi will not create an extreme burden. *Knight v. Woodville*, 50 So.3d 995, 1001 (Miss. 2011). Secondly, "Mississippi has an interest in providing a forum for its residents who are injured by non-resident defendants." *Knight*, 50 So.3d at 1000-1001, citing, *Estate of Jones v. Phillips*, 992 So.2d 1131, 1142 (Miss. 2008). Third, Plaintiffs' interest in convenient and effective relief may only be found in a Mississippi court. This is because they may not bring an action against Defendants in Florida pursuant to the Mississippi Product Liability Act and Mississippi Home Warranty Act. Fourth, this controversy will not be resolved if jurisdiction is not found. Fifth, it is only in Mississippi that the Plaintiffs will be able to seek a jury determination for the severe damages they sustained as a result of the Defendants' defective product. Certainly, the right of a resident to seek redress for an injury implicates Mississippi social policy. In addition, both Mississippi and Florida have a shared interest in furthering

fundamental social policy of preventing their respective citizens from being injured by out of State corporations who inject their defective products into each State. Considering that Defendants purposely availed themselves to the privileges of making a profit on Mississippi residents and even more so, on Plaintiffs in particular, it is fair and reasonable to exercise personal jurisdiction over Defendants by a Mississippi court.

## V.  Conclusion

Based on the foregoing, Plaintiffs have met their burden of establishing a *prima facie* case of personal jurisdiction over Pate Stevedore and Pensacola Stevedore, companies who have for years profited from Mississippi residents by injecting its products into the stream of commerce and through direct sales to Mississippi residents. Both the Mississippi long arm statute and the Due Process Clause of the 14th Amendment of the United States Constitution are satisfied here. Subjecting Southern Snow to defend the Second Amended Complaint does not offend traditional notions of fair play and substantial justice. Therefore, Plaintiffs respectfully request that this Court deny the Defendants' Motion to Dismiss for Lack of Personal Jurisdiction.

RESPECTFULLY SUBMITTED this, the 13th day of February, 2015.

BRAXTON & KERRIE COLLINS, Plaintiffs
By and Through Their Attorneys,
LUCKEY & MULLINS, PLLC

BY: /s/ Steve Mullins
    STEPHEN W. MULLINS

ATTORNEYS FOR PLAINTIFFS:

STEPHEN W. MULLINS   (MS Bar No. 9772)
LUCKEY & MULLINS, PLLC
2016 Bienville Blvd., Suite 102    (39564)
Post Office Box 990
Ocean Springs, MS   39566
Phone:         228.875.3175
Fax:    228.872.4719
smullins@luckeyandmullins.com

Of Counsel:

**Daniel K. Bryson** (*pro hac vice*)
**WHITFIELD BRYSON & MASON LLP**
900 W. Morgan Street
Raleigh, NC 27603
Telephone: (919) 600-5000
Facsimile: (919) 600-5035

## CERTIFICATE OF SERVICE

I, STEPHEN W. MULLINS, do hereby certify that I have on this date electronically filed the above and foregoing Memorandum Brief with this Court using the ECF filing system which has caused notification of such filing to be sent to registered counsel of record.

THIS, the 13th day of February, 2015.

　　　　　　　　　　　　　　　　　　　　　　/s/ Stephen W. Mullins
　　　　　　　　　　　　　　　　　　　　　　STEPHEN W. MULLINS