UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: CHINESE-MANUFACTURED<br>DRYWALL PRODUCTS LIABILITY<br>LITIGATION | * MDL NO. 2047<br>*<br>* SECTION: L<br>*<br>* JUDGE FALLON<br>* |
| THIS DOCUMENT RELATES TO:<br>ALL CASES | * MAG. JUDGE WILKINSON<br>*<br>* |

**\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\***

**OBJECTIONS TO AMENDED NOTICE OF ORAL AND VIDEOTAPED DEPOSITION
PURSUANT TO FED. R. CIV. P. 30(b)(6) OF NONPARTY MORGAN STANLEY
AND ACCOMPANYING REQUEST FOR DOCUMENTS**

In accordance with Rule 45(d)(2)(B) of the Federal Rules of Civil Procedure, non-party Morgan Stanley hereby submits its Objections to the Amended Notice of Oral and Videotaped Deposition Pursuant to Fed. R. Civ. P. 30(b)(6) (the "Notice of Deposition") and accompanying subpoena for testimony and production of documents (the "Request for Documents") served upon it by plaintiffs through the Plaintiffs Steering Committee ("PSC"). The Notice of Deposition and accompanying Request for Documents is attached hereto as Exhibit "A."

These objections are submitted solely on behalf of Morgan Stanley, the entity to which the subpoena was issued, and not on behalf of its subsidiaries, divisions, subdivisions, affiliates, independent contractors, consultants or agents, which are included in the definitions of the Notice of Deposition and Request for Documents, as requests to entities other than Morgan Stanley are improper.

**General Objections to Notice of Deposition and Request for Documents**

Morgan Stanley submits the following general objections to the Notice of Deposition and Request for Documents as follows:

1. Morgan Stanley objects to the definition of "you" and "your" in the Notice and Request for Documents because it seeks information that is outside of its possession, custody, and control requesting information from Morgan Stanley subsidiaries, divisions, subdivisions, affiliates, officers, representatives, independent contractors, and other entities.

2. Morgan Stanley also objects to the definition of "you" and "your because it is overly broad and unduly burdensome requesting information from Morgan Stanley subsidiaries, divisions, subdivisions, affiliates, officers, representatives, independent contractors, and other entities and individuals.  Morgan Stanley has hundreds of wholly separate subsidiaries in the United States alone from which the Notice of Deposition and Request for Documents seek information.  Requests for information from all of these entities and individuals, over which Morgan Stanley does not concede it has control, is extremely burdensome and time-consuming for a non-party to this litigation.

3. Additionally, Morgan Stanley objects to the definition of "you" and "your" because it includes the attorneys of Morgan Stanley and its subsidiaries, divisions, affiliates, officers, directors, employees, representatives, independent contractors, consultants, or agents.  This definition improperly implicates information that may be protected by the attorney/client privilege as well as the work product doctrine.

4. Morgan Stanley also objects because the Notice of Deposition and Request for Documents are overly broad and unduly burdensome.  *See*, *e.g.*, *Wiwa v. Royal Dutch Petroleum Co*., 392 F.3d 812, 818 (5th Cir. 2004).  On its face, the Notice of Deposition requests that Morgan Stanley, a non-party, identify one or more representatives knowledgeable on ten deposition topics regarding any transactions or commercial interactions with 223 international entities spanning a fifteen year period, in a matter of

2

two months. Even if the subpoena were properly limited to the single Morgan Stanley parent company, this Notice of Deposition would require Morgan Stanley to engage in an extensive investigation of, first, whether any personnel in Morgan Stanley's United States office are knowledgeable about the deposition topics, and, second, determine which personnel to designate as representatives for the deposition. Two months is insufficient time within which to respond to such an extensive request.

5. Morgan Stanley objects to the definitions of "computer, "electronically stored information" or "ESI," and "electronic media" are also unduly burdensome. These definitions ask that Morgan Stanley search every computer, laptop, palmtop computer (or PDA's), minicomputers, portable computers, notebook computers seeking over thirty-six forms of ESI from each device as well as external storage media, including computer memories, hard disks, floppy disks, CD-ROM and other removable media. On the face of the Notice of Deposition and Request for Documents, the PSC asks that Morgan Stanley search these numerous devices and files regarding any transactions with over 223 entities for a fifteen year period.

6. Morgan Stanley objects to Instruction No. 5 because it is overly broad, unduly burdensome and, in some instances, unable to be answered. Instruction No. 5 asks that Morgan Stanley specifically identify all responsive documents that have been destroyed, including the person who prepared the documents, the dates of preparation and transmittal, subject matter, number of pages, attachments or appendices, all persons to whom it was distributed, shown or explained, date(s) of loss or destruction, the reason for the destruction and person who authorized the destruction, among other things. Such a

requests asks Morgan Stanley to provide specific information about documents that no longer exist. Such an instruction is unreasonable and unduly burdensome.

7. Morgan Stanley objects to Instruction No. 6 because it is overly broad, vague and ambiguous. This instruction seeks information within the possession, custody or control of "any entity associated with you." Instruction No. 6 is also improper because it plainly seeks information outside of the possession, custody or control of Morgan Stanley.

8. Morgan Stanley objects to the extent the information sought in the Notice of Deposition and Request for Documents can reasonably obtained from a defendant in this litigation, namely Taishan, or other Taishan related entities. As a non-party, Morgan Stanley should not be required to expend extensive resources to uncover information obtainable from an existing party.

9. Morgan Stanley objects to the Notice of Deposition and Request for Documents because they seek information that is not relevant to the PSC's collection of a judgment against the judgment debtor(s). Particularly, Morgan Stanley objects to any request for information that asks Morgan Stanley to disclose its own assets. *See Caisson Corp. v. County West Bldg., Corp.*, 62 F.D.R. 331, 334 (E.D. Pa. 1974); *Burak v. Scott*, 29 F. Supp. 775, 776 (D.C. 1939); *Davis Accoustical Corp. v. Skulnik*, 131 N.J. Super. 87, 92 (App. Div. 1974). Morgan Stanley also objects to the topics and requests that address entities other than Taishan, Entities related to Taishan and the SOEs as defined in the Notice of Deposition and Request for Documents.

10. Morgan Stanley objects to the definition of "Relevant Time Period," which spans from January 1, 2001 to the current date. As defined, the "Relevant Time Period" is overly broad, unduly burdensome and seeks information that is neither relevant nor reasonably

calculated to lead to the discovery of admissible evidence related to the collection of a judgment against the judgment debtor(s).

## Objections to Request for Documents

In addition to the general objections above, Morgan Stanley specifically objects to the Requests for Documents included with the Notice of Deposition for the following reasons:

1. Morgan Stanley objects to Request for Documents No. 1 because it is overly broad in time and scope, unduly burdensome, and seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence related to the collection of a judgment against the judgment debtor(s). Morgan Stanley also objects to this Request to the extent it seeks documentation that is not within its possession, custody or control.

2. Morgan Stanley objects to Request for Documents No. 2 (a)-(d) because it is overly broad and unduly burdensome. Morgan Stanley also objects to Request No. 2 because it seeks information that Morgan Stanley would not be able to ascertain, namely whether Taishan, any Entities related to Taishan, and/or SOE's indirectly own or owned any assets in the United States. Morgan Stanley objects because this Request seeks information that is not within its possession, custody or control. Morgan Stanley also objects because Request No. 2 seeks information that is privileged or otherwise protected by the attorney/client privilege and/or the work product doctrine.

3. Morgan Stanley objects to Request for Documents No. 3 because it is overly broad, unduly burdensome and seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence related to the collection of a judgment against the judgment debtor(s).

4. Morgan Stanley objects to Request for Documents No. 4 because it is overly broad, unduly burdensome and seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence related to the collection of a judgment against the judgment debtor(s).

5. Morgan Stanley objects to Request for Documents No. 5 because it is overly broad, unduly burdensome.

6. Morgan Stanley objects to Request for Documents No. 6 because it is overly broad, unduly burdensome, vague and ambiguous as to the term "conducted any commercial or judicial business." Morgan Stanley objects to this Request because it seeks information that is not within its possession, custody or control. Morgan Stanley objects because this Request seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence related to the collection of a judgment against the judgment debtor(s). Further, Request for Documents No. 6 seeks information to which the PSC have equal access as far as litigation in the United States in which Taishan, any Entities related to Taishan and/or SOE's may be involved.

7. Morgan Stanley objects to Request for Documents No. 7, which seeks documents sufficient to identify the deposition topics to the extent that the deposition topics are, themselves, objectionable. Morgan Stanley also objects because this Request is vague and ambiguous as to the term "identify."

**Objections to Deposition Topics**

In addition to the general objections above, Morgan Stanley objects to the specific deposition topics as follows:

1. Morgan Stanley objects to Topic No. 1 because it is overly broad and unduly burdensome. Topic No. 1 requires Morgan Stanley to ascertain whether any entity in which it may have invested or otherwise had a financial interest in the last fifteen years may have had any involvement with Chinese drywall, which Morgan Stanley cannot ascertain without significant investigation into thousands of businesses. Topic No. 1 is a monumental undertaking that would require extensive time and research. Morgan Stanley also objects because Topic No. 1 is vague and ambiguous as to the terms "affiliated" and "has a financial interest." Further, Topic No. 1 seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence related to the collection of a judgment against the judgment debtor(s).

2. Morgan Stanley objects to Topic No. 2 because it is overly broad, unduly burdensome and seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence related to the collection of a judgment against the judgment debtor(s). Topic No. 2 also seeks information that Morgan Stanley cannot know without significant investigation to know if it has had any transactions with any entity that may have sold Chinese drywall. Further, Topic No. 2 is vague and ambiguous as to the phrase "transactions involving Chinese drywall."

3. Morgan Stanley objects to Topic No. 3 because it is overly broad, unduly burdensome and seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence related to the collection of a judgment against the judgment debtor(s).

4. Morgan Stanley objects to Topic No. 4 because it is overly broad, unduly burdensome and vague and ambiguous as to the request for "commercial interactions and commercial relationships" as well as the phrase "and all intermediaries."

5. Morgan Stanley objects to Topic No. 5, which seeks a representative to discuss the documents requested, on the grounds that the documents requested are objectionable as stated above.

6. Morgan Stanley objects to Topic No. 6 because it is overly broad, unduly burdensome and because it seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible information related to the collection of a judgment against the judgment debtor(s).

7. Morgan Stanley objects to Topic No. 7 because it is overly broad, unduly burdensome and because it seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible information related to the collection of a judgment against the judgment debtor(s).

8. Morgan Stanley objects to Topic No. 8 because it is overly broad and unduly burdensome.

9. Morgan Stanley objects to Topic No. 9 because it seeks information that is neither relevant nor reasonably calculated to the discovery of admissible evidence related to the collection of a judgment against the judgment debtor(s).

10. Morgan Stanley objects to Topic No. 10 because it is overly broad and unduly burdensome and because it seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence related to the collection of a judgment against the judgment debtor(s).

Morgan Stanley reserves its right to supplement its objections to the Notice of Deposition and Request for Documents.

                        Respectfully Submitted,

                        /s/ *James M. Garner*
                        JAMES M. GARNER, LA BAR #19589
                        ASHLEY G. COKER, LA BAR # 30446
                        EMILY E. ROSS, LA BAR # 34739
                        **SHER GARNER CAHILL RICHTER KLEIN & HILBERT, L.L.C.**
                        909 Poydras Street, Twenty-eighth Floor
                        New Orleans, Louisiana 70112
                        Phone: (504) 299-2100
                        Facsimile: (504) 299-2300
                        **COUNSEL FOR MORGAN STANLEY**

## **CERTIFICATE OF SERVICE**

I hereby certify that the above and foregoing Objections to Amended Notice of Oral and Videotaped Deposition Pursuant to Fed. R. Civ. P. 30(b)(6) of Nonparty Morgan Stanley and Accompanying Request for Documents has been served on counsel for the Plaintiffs' Steering Committee, Leonard A. Davis, and Defendants' Liaison Counsel, Kerry Miller, by e-mail <u>and</u> on all parties by electronically filing via CM/ECF, which will send a notice of electronic filing in accordance with the procedures established in MDL 2047, on this 27th day of February, 2015.

                        /s/ *James M. Garner*
                        JAMES M. GARNER