**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| IN RE:  CHINESE-MANUFACTURED DRYWALL PRODUCTS LIABILITY LITIGATION | MDL NO. 2047 SECTION: L JUDGE FALLON MAG. JUDGE WILKINSON |

**THIS DOCUMENT RELATES TO:**

*Germano, et al. v. Taishan Gypsum Co., Ltd., f/k/a Shandong Taihe Dongxin Co. Ltd., et al.*, **Case No. 09-6687 (E.D.La.);**

*Gross, et al. v. Knauf Gips, KG, et al.*, **Case No. 09-6690 (E.D.La.);**

*Wiltz, et al. v. Beijing New Building Materials Public Limited Co., et al.*, **Case No 10-361 (E.D.La.);**

*Amorin, et al. v. Taishan Gypsum Co., Ltd. f/k/a Shandong Taihe Dongxin Co., Ltd., et al.*, **Civ. Action No. 11-1672 (E.D.La.);**

*Amorin, et al. v. Taishan Gypsum Co., Ltd. f/k/a Shandong Taihe Dongxin Co., Ltd., et al.*, **Civ. Action No. 11-1395 (E.D.La.);**

*Amorin, et al. v. Taishan Gypsum Co., Ltd. f/k/a Shandong Taihe Dongxin Co., Ltd., et al.*, **Civ. Action No. 11-1673 (E.D.La.))**

**PLAINTIFFS' PROPOSED FINDINGS OF FACT AND CONCLUSIONS OF LAW WITH RESPECT TO PLAINTIFFS' MOTION FOR ASSESSMENT OF CLASS DAMAGES PURSUANT TO RULE 55(b)(2)(B)**

Based on the evidence of record in this matter, Plaintiffs request that this Court enter the

1

following Findings of Fact and Conclusions of Law, at the conclusion of the previously scheduled hearing on March 26, 2015.

## I.      INTRODUCTION

1.      This matter involves the claims of thousands of class members who have suffered property damages arising from defective Chinese-manufactured drywall ("CDW" or "Chinese Drywall") manufactured, sold, distributed, supplied, marketed, inspected, imported or delivered by the Taishan Defendants and used in plaintiffs' properties.

2.      The plaintiffs are active litigants (either in the original action or in complaints in intervention) named in *Germano, et al. v. Taishan Gypsum Co., Ltd., f/k/a Shandong Taihe Dongxin Co. Ltd., et al.*, Case No. 09-6687 (E.D.La.); *Gross, et al. v. Knauf Gips, KG, et al.*, Case No. 09-6690 (E.D.La.); *Wiltz, et al. v. Beijing New Building Materials Public Limited Co., et al.*, Civ. Action No. 10-361 (E.D.La); *Abel, et al. v. Taishan Gypsum Co., Ltd., f/k/a Shandong Taihe Dongxin Co., Ltd., et al.*, Civ. Action No. 11-080 (E.D.La); *Haya, et al. v. Taishan Gypsum Corp. Ltd., et al.*, Civ. Action No. 11-1077 (E.D.La.); *Almeroth, et al. v. Taishan Gypsum Co., Ltd., et al.*, Civ. Action. 12-0498 (E.D.La.); *Amorin, et al. v. Taishan Gypsum Co., Ltd. f/k/a Shandong Taihe Dongxin Co., Ltd., et al.*, Civ. Action No. 11-1672 (E.D.La.); *Amorin, et al. v. Taishan Gypsum Co., Ltd. f/k/a Shandong Taihe Dongxin Co., Ltd., et al.*, Civ. Action No. 11-1395 (E.D.La.); and/or *Amorin, et al. v. Taishan Gypsum Co., Ltd. f/k/a Shandong Taihe Dongxin Co., Ltd., et al.*, Civ. Action No. 11-1673 (E.D.La.).

3.      The "Taishan Defendants" are comprised of the following entities: Taishan Gypsum Co. Ltd. (hereafter "Taishan"); Beijing New Building Materials Public Limited Company (hereafter "BNBM"); Beijing New Building Materials Group Co., Ltd. (hereafter

"BNBM Group"); China National Building Materials Co., Ltd. (hereafter "CNBM"); China National Building Materials Group Co., Ltd. (hereafter "CNBM Group"); and Tai'an Taishan Plasterboard Co., Ltd. (hereafter "TTP").

4.     The "Taishan Affiliates" are comprised of the following entities: BNBM, BNBM Group, CNBM, CNBM Group, and TTP.

5.     On July 22, 2014, Plaintiffs filed a motion for class certification seeking to certify a class of existing class members with claims against the Taishan Defendants.  *See* Rec.Doc. # 17877.  The Taishan Defendants failed to respond to Plaintiffs' motion for class certification. Thereafter, on September 26, 2014, the Court granted the motion and entered findings of fact and conclusions of law (hereafter "CLASS FOFCOL").  *See* Rec.Doc. # 18028; *see also In re Chinese-Manufactured Drywall Products Liab. Litig.*, 2014 WL 4809520 (E.D. La. Sept. 26, 2014).  In its CLASS FOFCOL the Court certified a class defined as follows:

> All owners of real properties in the United States, who are named
> Plaintiffs on the complaints in Amorin, Germano, Gross, and/or
> Wiltz (i.e., not an absent class member), asserting claims for
> remediated damages arising from, or otherwise related to Chinese
> Drywall manufactured, sold, distributed, supplied, marketed,
> inspected, imported or delivered by the Taishan Defendants

6.     Plaintiffs who are no longer in possession of their homes are not dismissed from the case but are not included in the above class definition.  Likewise, personal injury claims are not included in the class definition.

7.     In accordance with the Court's CLASS FOFCOL, Plaintiffs issued notice to all class members by first class mail on September 26, 2014.  *See* Notice of Filing Affidavit of Tim Walters, Rec.Doc.No. 18035.  Following Plaintiffs' request for an assessment of class damages, Plaintiffs issue a supplemental notice to all class members by first class mail on December 29,

3

2014.  *See* Notice of Filing Affidavit of Tim Walters, Rec.Doc.No. 18238.  All class members wishing to opt out of the class were required to mail opt out forms to Class Counsel by no later than January 26, 2015.  Class Counsel have received just two requests for exclusion.  *See* Notice of Filing of Opt Outs, Rec.Doc.No. 18289 (attaching opt out of Daniel and Maura Moon dated January 13, 2015 and opt out of Carlos and Beverly Ward dated January 21, 2015).[1] They are the only requested exclusions in a class in excess of 3,514 litigants.

## II.   **FINDINGS OF FACT**

### A.  **The Representative Plaintiffs**

8.      Eduardo and Carmen Amorin are participants in Wiltz, Gross, Abel, and each of the Amorin complaints.  They own a property located at 240 West End Drive #721, Punta Gorda, FL 33950.  It has been determined, following an inspection, that this property contains defective Taishan Chinese Drywall.

9.      Albert and Betsy Butzer are participants in *Haya* and each of the *Amorin* complaints.  They own a property at 9519 26th Bay Street, Norfolk, VA 23518.  It has been determined, following an inspection, that this property contains defective Taishan Chinese Drywall.

10.      Jack and Anna McGinn are participants in *Wiltz* and each of the *Amorin* complaints.  They own a property located at 4301 Blackthorne Court, Virginia Beach, VA 23455.  It has been determined, following an inspection, that this property contains defective Taishan Chinese Drywall.

11.      Thomas and Virginia Spencer are participants in *Wiltz*, *Almeroth*, and each of the

---

[1] Following the issuance of the initial notice to the class, these same class members had submitted untimely opt outs.  *See* Notice of Filing, Rec.Doc.No. 18152.

*Amorin* complaints.  They own a property located at 2481 Lakewood Manor Drive, Athens, GA 30606.  It has been determined, following an inspection, that this property contains defective Taishan Chinese Drywall.

12.     Elliot and Angelina Everard are participants in *Gross*, *Abel*, and each of the *Amorin* complaints.  They own a property located at 3000 N. Palm Drive, Slidell, LA 70458.  It has been determined, following an inspection, that this property contains defective Taishan Chinese Drywall.

13.     This Court has appointed the representative Plaintiffs to serve as class representatives. *See* CLASS FOFCOL, 2014 WL 4809520, * 17 at ¶ 79(c).

### B.  Procedural History

14.     The *Germano* Plaintiffs (Michelle Germano, Dennis and Sharon Jackson, Jason and Lisa Dunaway), on behalf of themselves and all other similarly situated owners, initiated a class action against Defendant Taishan on May 1, 2009, by filing a complaint in the Eastern District of Virginia. Thereafter, on May 26, 2009, Plaintiffs filed their First Amended Complaint. On August 3, 2009, Plaintiffs received notice that service of process of the First Amended Complaint was perfected on Taishan.  Plaintiffs' case was then transferred to the Eastern District of Louisiana as part of MDL 2047 on October 13, 2009.  Subsequent to transfer, on October 30, 2009, Plaintiffs moved to amend the First Amended Compliant to assert a national class against Taishan.  Plaintiffs' motion to amend was granted on November 18, 2009.  *See* Rec.Doc.# 469.

15.     The *Germano* Plaintiffs obtained a default judgment against Taishan on November 20, 2009 (Rec.Doc. #487); furthermore, seven intervenor Plaintiff families in *Germano* (Robert and Lisa Orlando, William and Deborah Morgan, Joseph and Vannessa

Michaux, Preston and Rachel McKellar, Steven and Elizabeth Heischober, Jerry and Inez Baldwin, and Joseph and Cathy Leach), who are Virginia homeowners with Taishan Chinese Drywall in their properties, obtained a default judgment against Taishan on May 11, 2010 (Rec.Doc. #3013).

16.     The Taishan Affiliates have also been held in default with respect to the proceedings in *Wiltz*, *Gross*, and *Amorin*.  On February 1, 2011, BNBM, BNBM Group, CNBM, and CNBM Group were held in default in the *Gross* proceedings.  *See* Rec.Doc.# 7302.  These same entities were again held in default in *Gross* on August 7, 2012 (*i.e.*, as to the omnibus intervention complaint that was filed in *Gross*).  *See* Rec.Doc.# 15687.  On February 24, 2011, BNBM was held in default in the *Wiltz* proceedings.  *See* Rec.Doc.# 7735.  On July 1, 2014, Taishan, TTP, and CNBM were held in default with respect to the *Amorin* case originally filed in this Court (Case No. 2:11-CV-1395).  *See* Rec.Doc.# 17814.  Pursuant to this same Order, Taishan and TTP were held in default with respect to the *Amorin* complaint originally filed in the Southern District of Florida prior to its transfer to this Court (Case No. 2:11-CV-1672).  *Id*.  Also on July 1, 2014, Taishan, TTP, BNBM, CNBM, and CNBM Group were held in default with respect to the *Amorin* complaint originally filed in the Eastern District of Virginia prior to its transfer to this Court (Case No. 2:11-CV-1673).  *See* Rec.Doc.# 17815.  These default judgments are summarized in the chart below:

**CASES WHERE THE TAISHAN DEFENDANTS HAVE
BEEN HELD IN DEFAULT**

|  | Taishan | TTP | BNBM | BNBM Group | CNBM Group | CNBM |
|---|---|---|---|---|---|---|
| *Germano* | X |  |  |  |  |  |
| *Wiltz* |  |  | X |  |  |  |
| *Gross* |  |  | X | X | X | X |
| *Amorin* (Virginia) | X | X |  | X | X | X |
| *Amorin* (Louisiana) | X | X |  |  |  | X |
| *Amorin* (Florida) | X | X |  |  |  |  |

17.     The Court held an evidentiary hearing in the *Germano* proceedings on February 19 and 22, 2010, and issued Findings of Fact and Conclusions of Law on April 8, 2010.  *See Germano* Findings of Fact and Conclusions of Law, (hereinafter "*Germano* FOFCOL"), Rec.Doc. #2380.[2]  In the *Germano* FOFCOL, the Court made judicial findings regarding the scope of remediation and property damages sustained by the intervenor *Germano* Plaintiffs as a result of defective Taishan Chinese Drywall.  The Court entered a final default judgment with awards to the seven Plaintiff Intervenors on May 10, 2010.  *See* Rec.Doc. #3013.

18.     Following the *Germano* bellwether trial, counsel for Taishan entered a limited appearance, filed a notice of appeal, and contested the Court's exercise of personal jurisdiction over the Defendant.  The parties agreed to stay the appeal for purposes of conducting

---

[2] This Court's *Germano* FOFCOL are supported by the record presented during the evidentiary hearing on confirmation of the default against Taishan, including the Affidavit of Russ M. Herman In Support of the Plaintiffs' Steering Committee's Evidentiary Presentation Regarding Taishan Gypsum Co., Ltd. Dated February 19, 2010, the trial transcripts, the testimony and reports of Plaintiffs' expert witnesses, as well as the exhibits admitted into evidence.  A complete list of all witnesses providing testimony during these proceedings (whether by live testimony or deposition transcript) and all exhibits admitted into evidence is set forth in this Court's minute entries dated February 22, 2010 and February 26, 2010.  *See* Rec.Doc.Nos. 1258 and 1497.

7

jurisdictional discovery.  At the conclusion of the jurisdictional discovery, the parties briefed the issue of whether or not this Court could exercise personal jurisdiction over Taishan.

19.      On September 4, 2012, this Court issued its Order and Reasons denying (1) Taishan's Renewed Motion to Vacate the Default Judgment and Dismiss the Complaint in *Germano v. Taishan Gypsum, Co., Ltd.*, Case No. 09-6687 [Rec.Doc.# 13490]; (2) Taishan's Renewed Motion Pursuant to Rules 55(c) and 12(b)(2) to Vacate the Entry of Default and Dismiss this Action in *The Mitchell Co., Inc., v. Knauf Gips, KG*, Case No. 09-4115 [Rec.Doc.# 13566]; (3) Taishan and TTP's Motion Pursuant to Rule 12(b)(2) to Dismiss the Complaint in *Gross v. Knauf Gips KG*, Case No. 09-6690 [Rec.Doc.# 13590]; and (4) Taishan and TTP's Motion Pursuant to Rule 12(b)(2) to Dismiss the Complaint in *Wiltz v. Beijing New Building Materials Public Ltd., Co.*, Case No. 10-361 [Rec.Doc.# 13591].  *See In re Chinese-Manufactured Drywall Prod. Liab. Litig.*, 894 F. Supp. 2d 819 (E.D. La. 2012) (hereafter the "Jurisdictional Rulings").[3]   On January 28, 2014, the Fifth Circuit affirmed this Court's

---

[3] This Court's Jurisdictional Rulings are supported by the evidentiary record created by the parties and at oral argument.  The evidentiary record submitted by the parties includes:

- The exhibits to Taishan's Renewed Motion to Vacate the Default Judgment and Dismiss the Complaint, *see* Rec.Doc.Nos. 13490-2 to 13490-29;
- The exhibits to Taishan's renewed motion pursuant to rules 55(c) and 12(b)(2) to vacate the entry of default and dismiss this action, *see* Rec.Doc.Nos. 13566-2 to 13566-15;
- The exhibits to Defendants Taishan Gypsum Co. Ltd. and Tai'an Taishan Plasterboard Co., Ltd.'s motion pursuant to Rule 12(b)(2) to Dismiss the Complaint, *see* Rec.Doc.Nos. 13590-2 to 13590-31;
- The exhibits to Defendants Taishan Gypsum Co. Ltd. and Tai'an Taishan Plasterboard Co., Ltd.'s motion pursuant to Rule 12(b)(2) to Dismiss the Complaint, *see* Rec.Doc.Nos. 13591-2 to 13591-31;
- The exhibits appended to the PSC's Response in Opposition to Taishan Gypsum Co., Ltd.'s Renewed Motion to Vacate the Default Judgment and Dismiss the Complaint, *see* Rec.Doc.Nos. 14202-1 and 14202-2;
- Plaintiffs' Expert Declarations of Professor Liu Junhai, Bing Cheng and Professor James

jurisdictional ruling in the *Germano* action.  *See In re Chinese-Manufactured Drywall Prod. Liab. Litig.*, 742 F.3d 576 (5th Cir. 2014).  More recently, the Fifth Circuit affirmed the Court's September 4, 2012 Order as it related to the *Gross*, *Wiltz* and *Mitchell* actions.  *See In re Chinese-Manufactured Drywall Prod. Liab. Litig.*, 753 F.3d 521 (5th Cir. 2014).  The Fifth Circuit's Orders affirming this Court's Jurisdictional Rulings are now final, as no petitions for a writ of certiorari to the United States Supreme Court were filed.  Pursuant to these rulings, jurisdiction over Taishan and TTP has been conclusively established.

20.      Plaintiffs' Motion for Assessment of Class Damages Pursuant to Rule 55(b)(2)(B)

---

V. Feinerman in Support of the PSC's Response in Opposition to: (1) Taishan's Renewed Motions to Vacate the Default Judgments and Dismiss the Complaints in *Germano* and *Mitchell* and (2) Taishan's Motions to Dismiss the Complaints in *Gross* and *Wiltz*, *see* Rec.Doc.# 14203;

- The exhibits to the PSC's Response in Opposition to Taishan's Motions Pursuant to Rule 12(b)(2) to Dismiss Complaints, *see* Rec.Doc.Nos. 14204-1 to 14204-3;
- The PSC's Global Statement of Facts and exhibits thereto, *see* Rec.Doc.# 14215;
- The exhibits to Interior Exterior's Memorandum in Support of the PSC's Response in Opposition to Taishan's Motions Pursuant to Rule 12(b)(2) to Dismiss and to Provide Additional Support in Response Thereto, *see* Rec.Doc.Nos. 14356-1 and 14356-2;
- The exhibits to RESPONSE/MEMORANDUM in Opposition filed by Mitchell Company Inc. re MOTION to Vacate the Default Judgment and Dismiss the Complaint, *see* Rec.Doc.Nos. 14372-1 to 14372-10;
- The exhibit to Certain Florida Homebuilders' Amicus Curiae Response to Taishan Gypsum Co. Ltd.'s Renewed Motion Pursuant to Rules 55(c) and 12(b)(2) to Vacate the Entry of Default and Dismiss this Action, *see* Rec.Doc.Nos. 14390-1 to 14390-26;
- The exhibits to the Memorandum of Taishan Gypsum Co. Ltd. in Reply to Plaintiffs' Opposition to the Renewed Motion to Vacation the Default Judgment and Dismiss the Complaint, *see* Rec.Doc.Nos. 14572-1 to 14572-12;
- The exhibits to the Memorandum of Taishan Gypsum Co. Ltd. in Reply to Plaintiffs' Opposition to the Renewed Motion to Vacation the Default Judgment and Dismiss this Action, *see* Rec.Doc.Nos. 14573-1 to 14573-12;
- The exhibits to the Memorandum of Defendants Taishan Gypsum Co. Ltd. and Tai'an Taishan Plasterboard Co., Ltd. in Reply to Opposition to Their Motion Pursuant to Rule 12(b)(2) to Dismiss the Complaint, *see* Rec.Doc.Nos. 14575-1 to 14575-11; and
- The exhibits to the Memorandum of Defendants Taishan Gypsum Co. Ltd. and Tai'an Taishan Plasterboard Co., Ltd. in Reply to Opposition to Their Motion Pursuant to Rule 12(b)(2) to Dismiss the Complaint.  *See* Rec.Doc.Nos. 14574-1 to 14574-11.

was initially set for hearing following the February 12, 2015 status conference. *See* Order dated December 12, 2014, Rec.Doc.No. 18222. On February 12, 2015, Attorney Aaron Block from Alston & Bird LLP entered his appearance on behalf of Defendant BNBM, which has been defaulted, at the start of the hearing on Plaintiffs' Motion for Assessment of Class Damages and made an oral motion to continue the hearing, which the Court granted until March 26, 2015. *See* Order dated February 26, 2015, Rec.Doc.No. 18400.

### C. Judicial Findings Regarding the Defective Nature of Chinese-Manufactured Drywall and the Need for and Scope of Remediation

21.     In this Court's Class FOFCOL, this Court concluded that the Taishan Defendants' Chinese Drywall is defective. *See* CLASS FOFCOL, 2014 WL 4809520, * 4 at ¶¶ 21-22.

22.     This Court also concluded that the scope of remediation established in *Germano* is appropriate for the class representatives and class members. *See* CLASS FOFCOL, 2014 WL 4809520, * 4 at ¶ 23.

23.     This Court also concluded that the average cost of repairing class members' homes is subject to calculation on a formulaic, square footage basis. *See* CLASS FOFCOL, 2014 WL 4809520, * 4 at ¶ 23.

### D. Alter Ego and/or Piercing the Corporate Veil

24.     In this Court's Class FOFCOL, the Court made a series of findings regarding the nature of the relationship between the Taishan Affiliates and concluded that the Taishan Affiliates are liable to the Class as affiliates of Taishan or under the theory of alter ego/piercing the corporate veil. *See* CLASS FOFCOL, 2014 WL 4809520, * 4-9 at ¶¶ 24-51. *See id.* at ¶ 50 ("Based upon the Court's above findings of fact, the Court concludes that Taishan, TTP, BNBM, BNBM Group, CNBM, and CNBM Group constitute a single business enterprise for purposes of

piercing the corporate veil and holding each of these entities liable for the conduct of their affiliated entities.").

### E. Collateral Estoppel Effect of *Germano* Findings of Fact and Conclusions of Law and Res Judicata Effect of the Court's Jurisdictional Rulings

25.     In this Court's Class FOFCOL, the Court concluded that the *Germano* Findings of Fact and Conclusions of Law are entitled to collateral estoppel effect and that the Court's Jurisdictional Rulings are entitled to res judicata effect.  *See* CLASS FOFCOL, 2014 WL 4809520, * 11-13 at ¶¶ 58-61.

### F. This Court's Determination that Damages Can Be Established on an Aggregate Basis

26.     In this Court's Class FOFCOL, the Court determined that damages can be established on an aggregate basis for purposes of determining that the class representatives had met the predominance requirement of Rule 23(b)(3).  *See* CLASS FOFCOL, 2014 WL 4809520, * 15 at ¶¶ 71-76.  *See id.* at ¶ 74 ("Damages were previously presented in *Germano* and *Hernandez* and sufficed to allow the Court to make per square foot damage calculations for all affected plaintiffs … Such aggregate proof is sufficient to meet Plaintiffs' obligations subject to appropriate cost adjustments.") and ¶ 75 ("Given that the Court has already found that the costs of remediation can be calculated on a square footage basis and the Court has already determined what other property damages are recoverable, class-wide damages can be established in an efficient manner without the need for a trial.").

### III.   CONCLUSIONS OF LAW

### A. It is Appropriate to Award Damages to the Class on an Aggregate Basis

27.     Liability has already been established for the proposed class in light of the various

default judgments against the Taishan Defendants.  *See* Paragraphs 15-16 above.  *See Leedo Cabinetry v. James Sales & Distribution, Inc.*, 157 F.3d 410, 414 (5th Cir.1998); *United States v. Shipco General*, 814 F.2d 1011, 1014 (5th Cir.1987).  Because liability has already been established, it is now appropriate to assess damages for the class.

28.     Because the Court has already found that the costs of remediation can be calculated on a dollar/square foot basis and the Court has already determined what other property damages are recoverable, class-wide damages can be established on an aggregate basis. Proof of damages were previously presented in *Germano* and *Hernandez* which sufficed to allow findings of fact of dollar per square foot damage calculations for all affected plaintiffs.  *See Germano FOFCOL*, 706 F. Supp.2d 655, at 687-88 (E.D.La. 2010) (awarding $86/square foot for Virginia in *Germano*); *see In re Chinese-Manufactured Drywall Products Liab. Litig.*, 2010 WL 1710434, * 19-20 (E.D. La. Apr. 27, 2010) (awarding $81/square foot for Louisiana in *Hernandez*).

29.     Presentation of such aggregate proof is sufficient to meet Plaintiffs' obligations subject to appropriate allocation adjustments.  *See In re Terazosin Hydrochloride*, 220 F.R.D. 672, 699 (S.D. Fla. 2004) ("Assuming the jury renders an aggregate judgment, allocation will become an intra-class matter accomplished pursuant to a court approved plan of allocation, and such individual damages allocation issues are insufficient to defeat class certification."); *In re NASDAQ Mkt.-Makers Antitrust Litig.*, 169 F.R.D. 493, 525 (S.D.N.Y. 1996) ("Aggregate computation of class monetary relief is lawful and proper.").

30.     The overwhelming majority of class members reside in Louisiana, Florida, and Virginia.  This Court and others, applying the law of these jurisdictions, have determined that impacted homeowners may recover repair and remediation costs with respect to their Chinese

drywall claims, *see Germano*, *supra*; *Hernandez*, *supra*; *Seifert v. Banner Supply Co.*, Case No: 09-38887 CA 01 (42) (Cir.Ct., Miami-Dade County) [Exhibit "A" to Plaintiffs' Motion for Assessment of Class Damages (Rec.Doc.No. 18086)]. Given the similar approaches employed in these cases, the remediation protocol established by this Court in *Germano* is the most appropriate measure of repair and remediation damages.

### B.  The Calculation of Aggregate Damages

31.     The necessary scope of remediation is outlined in this Court's Findings of Fact and Conclusions of Law in *Germano*. See *Germano* FOFCOL, *supra*. Therein, the Court determined the appropriate scope of remediation with respect to the *Germano* intervenors. The Court also determined that the Plaintiff-intervenors' cases provide a representative cross-section of homes contaminated by Chinese drywall. *Id.*, 706 F.Supp.2d at 689-90. The Court hereby adopts the same scope of remediation for purposes of calculating class-wide damages.

32.     The *Germano* remediation protocol is as follows: (1) removal and replacement of all drywall, (2) replacement of all electrical wiring, (3) replacement of all copper pipes, (4) replacement of all HVAC units, (5) replacement of selective electrical devices and appliances (i.e., refrigerators and items with electrical systems such as televisions and computers), (6) replacement of carpeting, hardwood and vinyl flooring, and the potential need to replace tile flooring, (7) replacement of cabinets, countertops, trim, crown molding, baseboard, and bathroom fixtures, and (8) replacement of insulation. *Id.* at 671- 684. The Court also determined that after this remediation is performed each property will need to be cleaned with a HEPA vacuum, wet-wiped, or power-washed and allowed to air-out between 15 and 30 days, that each home owner is entitled to a certificate from an engineer confirming that the remediation was

appropriately carried out, and that the remediation of each house will take between 4 and 6 months. *Id*. at 685-87.

33.     To support their requests for an assessment of Class damages, Plaintiffs retained Ronald Wright, an expert qualified to opine upon construction issues, building problems, and developing the necessary scope of repair and the estimated cost of repairs.  Mr. Wright has opined on the cost of remediation for all class members.[4]  *See* Affidavit of Ronald Wright (hereafter the "Wright Report") [Exhibit "B" to Plaintiffs' Motion for Assessment of Class Damages (Rec.Doc.#18086)].  Mr. Wright was permitted to testify in the *Germano* proceeding and his report and findings concerning repair and remediation costs were adopted by the Court. *See Germano* FOFCOL, 706 F. Supp. 2d at 687-88.

34.     The Court has reviewed the Wright Report and hereby adopts the report for purposes of calculating aggregate damages for the class.

35.     In his current report, Mr. Wright has determined the cost to remediate the subject properties on a square footage basis.  The cost per square foot figure in the Wright Report includes remediation consistent with the Courts' *Germano* protocol, and in addition the cost of permits, the cost of cleaning post-remediation, and inspection costs.  Mr. Wright has determined that it will cost $101.83 per square foot to remediate the homes of all class members.  Wright Report at ¶ 4.  The Court finds the $101.83 per square foot to remediate the homes of class members to be credible and adopts this figure for purposes of calculating damages.

---

[4] Mr. Wright has a Bachelor of Science in Civil Engineering and Master of Business Administration degrees from the University of Toledo, and is a licensed Professional Engineer in the states of Alabama, Florida, Maryland, Mississippi, New Jersey, North Carolina, Ohio, Pennsylvania, South Carolina, and Virginia.  Mr. Wright has been involved in the construction industry for over 30 years.

36.     In addition, Plaintiffs prepared a summary listing the property addresses of each impacted property, as well as the square footage of these properties. *See* Exhibit "C" to Plaintiffs' Motion for Assessment of Class Damages (Rec.Doc.#18086). This summary discloses that the total square feet for the class properties is 7,688,739.[5]  The Court hereby adopts the chart appended to Plaintiffs' Motion for Assessment of Class Damages for purposes of assessing damages for the class.

37.     The Court concludes that class members are entitled to recover $782,944,292.37 to remediate their homes (7,688,739 square feet X $101.83 per square foot).

38.     In addition to these remediation damages, Mr. Wright has also determined that class members will incur an additional $12.38 per square foot in alternative living expenses during the repair/remediation of the subject properties (this figure also includes the cost of move-in/move-out and storage).   Wright Report at ¶ 7.   The Court hereby determines that class members are entitled to the recovery of alternative living costs and adopts the $12.38 per square foot figure in Mr. Wright's report.

39.     The Court concludes that class members are entitled to $95,186,588.82 in compensation for alternative living damages (7,688,739 square feet X $12.38 per square foot).

40.     The Court also finds that class members are entitled to the recovery of $100,000 per property for loss of use and enjoyment.  Such an award is consistent with the *Germano FOFCOL*, 706 F. Supp. 2d at 712.

---

[5] The chart reflects the square footage of the 3,852 properties that are owned or were owned by class members.  Of these properties, 2,535 have square footage figures that were verified by BrownGreer PLC, the Court appointed settlement administrator.   For the remaining 1,317 properties, where the area of each house is unknown, the chart utilizes the average square footage of the verified properties (1,996 square feet).

41.     The Court concludes that class members are entitled to $385,200,000 in compensation for loss of use and enjoyment (3,852 properties X $100,000 per property).

42.     Therefore, the Court finds that class members are entitled to an assessment of damages pursuant to Rule 55(b)(2)(B) in the amount of $1,263,330,881.19.  These damages are comprised as follows:

$782,944,292.37 (for remediation costs)

$95,186,588.82 (for alternate living expenses)

+ $285,200,000.00 (for loss of use and enjoyment)

$1,263,330,881.19 total damages for the Class

43.     The above damages to the class do not include compensation for personal injuries, property taxes, insurance, utilities and other property maintenance, or damages for past and future repair costs.  Nor do these damages include any compensation for financial injuries such as bankruptcies and foreclosures.


Dated: March 2, 2015                     Respectfully submitted,

/s/ Leonard A. Davis
Russ M. Herman, Esquire (LA Bar No. 6819)
Leonard A. Davis, Esquire (LA Bar No. 14190)
Stephen J. Herman, Esquire (LA Bar No. 23129)
HERMAN, HERMAN & KATZ, LLC
820 O'Keefe Avenue
New Orleans, Louisiana 70113
Phone: (504) 581-4892
Fax: (504) 561-6024
LDavis@hhklawfirm.com
*Plaintiffs' Liaison Counsel*
*MDL 2047*

Arnold Levin (on the brief)
Fred S. Longer (on the brief)
Sandra L. Duggan (on the brief)
Matthew C. Gaughan (on the brief)
Levin, Fishbein, Sedran & Berman
510 Walnut Street
Suite 500
Philadelphia, PA 19106
Phone: (215) 592-1500
Fax: (215) 592-4663
ALevin@lfsblaw.com
*Plaintiffs' Lead Counsel MDL 2047*

**PROPOSED OF COUNSEL TO CLASS,**
**PLAINTIFFS' STEERING COMMITTEE**

Dawn M. Barrios
Barrios, Kingsdorf & Casteix, LLP
701 Poydras Street, Suite 3650
New Orleans, LA 70139
Phone: (504) 524-3300
Fax: (504) 524-3313
Barrios@bkc-law.com

Daniel E. Becnel, Jr.
Becnel Law Firm. LLC
425 W. Airline Highway, Suite B
Laplace, LA 70068
Phone: (985) 536-1186
Fax: (985) 536-6445
dbecnel@becnellaw.com

Peter Prieto
Podhurst Orseck, P.A.
25 Flagler Street, 8th Floor
Miami, FL 33130
Phone: (305) 358-2800
Fax: (305) 358-2382
pprieto@podhurst.com

Bruce William Steckler
The Steckler Law Firm
12700 Park Central Drive, Ste 1900
Dallas, TX 75251
Phone: (972) 387-4040
Fax: (972) 387-4041
bruce@stecklerlaw.com

Ervin A. Gonzalez
Colson Hicks Eidson
255 Alhambra Circle, Penthouse
Coral Gables, FL 33134
Phone: (305) 476-7400
Fax: (305) 476-7444
ervin@colson.com

Gerald E. Meunier
Gainsburgh, Benjamin, David, Meunier
 & Warshauer, LLC
2800 Energy Centre, 1100 Poydras Street
New Orleans, LA 70163-2800
Phone: (504) 522-2304
Fax: (504) 528-9973
gmeunier@gainsben.com

Jerrold Seth Parker
Parker, Waichman, LLP
3301 Bonita Beach Road
Bonita Springs, FL 34134
Phone: (239) 390-1000
Fax: (239) 390-0055
Jerry@yourlawyer.com

Scott Wm. Weinstein
Morgan & Morgan
12800 University Drive, Suite 600
Ft. Myers, FL 33907
Phone: (239) 433-6880
Fax:(239) 433-6836
sweinstein@forthepeople.com

James Robert Reeves
Reeves & Mestayer, PLLC
160 Main Street
Biloxi, MS 39530
Phone: (228) 374-5151
Fax:(228) 374-6630
jrr@lumpkinreeves.com

Christopher Seeger
Seeger Weiss, LLP
77 Water Street
New York, NY 10005
Phone: (212) 584-0700
Fax: (212) 584-0799
cseeger@seegerweiss.com

18

Ben W. Gordon, Jr.
Levin, Papantonio, Thomas, Mitchell
 Echsner & Proctor, P.A.
316 S. Baylen Street, Suite 600
Pensacola, FL 32502
Phone: (850) 435-7000
Fax: (850) 435-7020
bgordon@levinlaw.com

Hugh P. Lambert
The Lambert Firm
701 Magazine Street
New Orleans, LA 70130
Phone: (504) 581-1750
Fax: (504) 29-2931
hlambert@thelambertfirm.com

Victor M. Diaz, Jr., Esquire
V.M. Diaz and Partners, LLC
119 Washington Ave, Suite 402
Miami Beach, FL 33139
Phone: (305) 704-3200
Fax: (305) 538-4928
victor@diazpartners.com

Daniel K. Bryson
Whitfield, Bryson & Mason
900 W. Morgan Street
Raleigh, NC 27603
Phone: (919) 600-5000
Fax: (919) 600-5002
dan@wbmllp.com

Richard J. Serpe, Esquire
Law Offices of Richard J. Serpe
Crown Center, Ste. 310
580 East Main Street
Norfolk, VA 23510-2322
Phone: (757) 233-0009
Fax: (757) 233-0455
rserpe@serpefirm.com

**OF COUNSEL TO PLAINTIFFS' STEERING COMMITTEE**

Richard S. Lewis
HAUSFELD LLP
1700 K Street, N.W
Suite  650
Washington, DC 20006
Phone: (202) 540-7200
Fax:  (202) 540-7201
rlewis@hausfeldllp.com

Andrew A. Lemmon
Lemmon Law Firm, LLC
P.O. Box 904
15058 River Road
Hahnville, LA 70057
Phone: (985) 783-6789
Fax: (985) 783-1333
andrew@lemmonlawfirm.com

Anthony D. Irpino
IRPINO LAW FIRM
2216 Magazine Street
New Orleans, LA 70130
Phone: (504) 525-1500
Fax: (504) 525-1501
airpino@irpinolaw.com

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that the above and foregoing has been served on Defendants' Liaison Counsel, Kerry Miller, by e-mail and upon all parties by electronically uploading the same to LexisNexis File & Serve in accordance with Pre-Trial Order No. 6, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2047 on this 2nd day of March, 2015.

/s/ Leonard A. Davis
Leonard A. Davis, Esquire
Herman, Herman & Katz, LLC
820 O'Keefe Avenue
New Orleans, LA 70113
Phone: (504) 581-4892
Fax: (504) 561-6024
Ldavis@hhklawfirm.com

*Plaintiffs' Liaison Counsel*
*MDL 2047*