# EXHIBIT C

### ANDERTON, GLORIA (No. 100241) APPEAL OF DECISION TO DETERMINE BANNER SETTLEMENT PAYMENT, FOR WHICH CLAIMANT HAS ALREADY BEEN DETERMINED TO BE ELIGIBLE, SOLELY ON BASIS OF UNDER-AIR SQUARE FOOTAGE AS OPPOSED TO TAKING INTO ACCOUNT FACTORS RECOGNIZING THE HOME IS A LUXURY HOME WITH HIGH CEILINGS AND LUXURY APPOINTMENTS

While Claimant obviously does not appeal the eligibility determination as a whole, Claimant hereby appeals the decision to determine the payment she is to receive based solely on a mathematical calculation that uses the under-air square footage multiplied by a set dollar amount to be determined later. Claimant's home is a luxury home with high ceilings and other features that, simply put, caused Claimant's actual remediation expense to be $194,033.99.

These actual costs, which were actually expended by the Claimant to remediate the home, were reasonable and necessary to remediate in accordance with the Court-ordered remediation protocol that has been approved in MDL 2047 by Judge Fallon. Claimant appeals on the basis of the reasons stated in the two expert reports uploaded to the portal, document IDs 287507 and 288390, and hereby incorporates those statements by reference herein. Claimant has also uploaded document ID 287509, which are the blue prints of the home.

For example, the Claimant's luxury home contains complex coffered ceilings, expansive ceiling heights, multiple arched soffits, and many alcoves, closets and framed openings. As stated by Anne Jackaway, AIA, in her expert report dated August 1, 2014, because of the complex nature of the residence, the use of floor level areas to provide square footage drywall calculations is not appropriate. According to her expert calculations, when taking into account vertical surfaces, it is clear there was much more drywall to replace in this Claimant's home than a typical home with eight-feet ceilings. Specifically, Ms. Jackaway calculated that there is 289% more drywall in Claimant's home than in a typical home that would be reflected by calculating the payment only using floor-level square footage.

As stated in the August 1, 2014 expert report, there are other factors, which we will abstain from reprinting here, but we incorporate the entire report herein by reference. For example, the drywall in the garage had to be replaced too, in accordance with the Court-ordered remediation protocol. Additionally, the complex nature of the home and the complexities of installation required greater use of materials and labor than would a typical home.

In summary, determining this Claimant's payment from the Banner settlement using only floor-level under-air square footage is not reasonable given the luxury nature of this home. Claimant respectfully appeals the decision to determine payment based on floor-level under-air square footage and respectfully requests that the payment take into account the factors identified in the two reports filed in this case, prepared by Anne Jackaway, AIA.

BrownGreer statement on appeal procedure in this case:

We can withdraw the acceptance to flag the claim for Appeal. However, once we mark that the claim has been appealed, it is immediately routed to review. The specific basis of the appeal and supporting documentation should be on file at the time of review.

If you have already prepared your formal appeal comment and supporting documentation, please upload to the Portal and notify us. Once the documentation is uploaded, we will work on withdrawing the acceptance and notify you once the claim is marked as appealed. If the documentation is already on file, please provide the Doc IDs.

If you need more time to prepare the appeal, please contact us after everything is uploaded. We will work on withdrawing the acceptance and flagging the claim for appeal at that time.


Thank you,

Chinese Drywall Settlement Administrator
**BROWNGREER PLC**
P.O. Box 25401
Richmond, Virginia  23260
Telephone:  (804) 521-7200
Facsimile:  (804) 521-7299
www.browngreer.com

*This electronic mail is intended to be received and read only by certain individuals. It may contain information that is privileged or protected from disclosure by law. If it has been misdirected, or if you suspect you received this in error, please notify me by replying and then delete this message and your reply. These restrictions apply to any attachment to this email.*

**From:** Jeffrey T. Donner [mailto:JDonner@podhurst.com]
**Sent:** Friday, July 11, 2014 2:20 PM
**To:** CDWQuestions; Katie Sanderson
**Subject:** CDW - Anderton (100241)
**Importance:** High

As discussed below, we hereby withdraw the "acceptance" of the eligibility determination shown below (Global/Banner).  We intend to appeal the determination to calculate the payment to the claimant based only on horizontal square footage, which does not take into account the high ceilings present in this claimant's home.

To be clear, we do *not*, of course, intend to withdraw acceptance of the determination that this claimant is eligible to be paid from this settlement. The overall determination that this claimant is eligible to be paid out of this settlement was correct. We simply contend that the payment they receive should be higher than what would be determined only using a horizontal square footage calculation.

Please advise how this will work, mechanically speaking. Will you send me a notice showing that the determination is now open on the portal for us to file an "appeal" through the portal? Thank you for your attention to this matter.

s/ Jeff Donner

# CHINESE DRYWALL SETTLEMENT
## MDL 2047

**Claimant Information**

| | |
|---|---|
| Claimant ID: | 100241 |
| Co-Owner: | Anderton, George; Anderton, George |
| Represented By: | Podhurst Orseck, P.A. |
| Receives Mail: | No |

**Affected Property**

| | |
|---|---|
| Property ID: | 324 |
| Street Address: | 6227 Paradise Pointe DRive Palmetto Bay, Miami-Dade, FL 33157 |

**Claim Information**

| | |
|---|---|
| Claim ID: | 7306 |
| Claim Type: | Global, Banner, InEx Repair and Rel... |

**Claim Event Details**

| Event | Event Date |
|---|---|
| Offer Accepted / Claimant Waives Right to Appeal | 02/10/2014 |
| Eligibility Notice | 01/24/2014 |
| Claim Form Submitted | 09/26/2013 |
| Claim Form Unlocked | 09/26/2013 |
| Claim Form Submitted | 09/26/2013 |

Jeffrey T. Donner
Law Clerk
**PodhurstOrseck**
25 W. Flagler Street, Suite 800
Miami, FL 33130
Tel: 305.358.2800
Fax: 305.358.2382
E-mail: jdonner@podhurst.com

**From:** Katie Sanderson [mailto:khamiltonsanderson@browngreer.com]
**Sent:** Tuesday, July 01, 2014 11:31 AM
**To:** Jeffrey T. Donner
**Subject:** RE: high ceilings

You would need to ask that the "acceptance" be withdrawn and then file the Appeal. We can do that if you email CDWQuestions.

**From:** Jeffrey T. Donner [mailto:JDonner@podhurst.com]
**Sent:** Tuesday, July 01, 2014 11:27 AM
**To:** Katie Sanderson
**Subject:** RE: high ceilings

Thanks. But here's another question: what if I already "accepted" the sq footage determination and didn't "appeal" already, if you know what I mean?

I can later "appeal" the decision when we get told how much money the client is supposed to receive?

Jeffrey T. Donner
Law Clerk
**PodhurstOrseck**
25 W. Flagler Street, Suite 800
Miami, FL 33130
Tel: 305.358.2800
Fax: 305.358.2382
E-mail: jdonner@podhurst.com

**From:** Katie Sanderson [mailto:khamiltonsanderson@browngreer.com]
**Sent:** Tuesday, July 01, 2014 11:26 AM
**To:** Jeffrey T. Donner
**Subject:** RE: high ceilings

Great question and we've received it before. This might be a good argument to pose during an Appeal. We have to stick to Under Air Square Footage as defined by the Settlement Agreement but the Special Master may be able to make another determination if the Eligibility Notice was appealed.

**From:** Jeffrey T. Donner [mailto:JDonner@podhurst.com]
**Sent:** Sunday, June 29, 2014 11:22 AM
**To:** Katie Sanderson
**Subject:** high ceilings

One of our clients asked a decent question. You know how the Banner settlement payment is based on square footage? Is there any way to have the height of the ceilings considered? This client self remediated, doesn't have Knauf, but qualified for the Banner settlement. She is concerned because she replaced a lot of drywall because of the high ceilings. More than regular 10 foot ceiling home would have required.


Jeffrey T. Donner
Law Clerk
**PodhurstOrseck**
25 W. Flagler Street, Suite 800
Miami, FL 33130
Tel:  305.358.2800
Fax:  305.358.2382
E-mail:  jdonner@podhurst.com