UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: CHINESE-MANUFACTURED DRYWALL PRODUCTS LIABILITY LITIGATION | MDL NO. 2047<br>SECTION: L<br>JUDGE FALLON<br>MAG. JUDGE WILKINSON |
| THIS DOCUMENT RELATES TO:<br><br>*Germano, et al. v. Taishan Gypsum Co., Ltd., f/k/a Shandong Taihe Dongxin Co. Ltd., et al.*,<br>Case No. 2:09-cv-6687 (E.D.La.) | |

### AMENDED REVISED ORDER SCHEDULING EXPEDITED HEARING TO ENFORCE THE COURT'S JULY 17, 2014 CONTEMPT ORDER AND JUDGMENT

On July 17, 2014, this Court entered an Order holding Defendant-Judgment Debtor, Taishan Gypsum Co., Ltd., f/k/a Shandong Taihe Dongxin Co. Ltd. (hereinafter "Taishan" or "Defendant-Judgment Debtor") in contempt of court, both criminally and civilly, for its refusal to appear in open court for a judgment debtor examination [Rec. Doc. No. 17869] ("Contempt Order and Injunction") (attached hereto as Attachment "1").  Taishan's Counsel confirmed in open court on July 17, 2014, and through prior pleadings, that Taishan had received actual notice of the Court's June 20, 2014 Order requiring Taishan to appear for this examination pursuant to Fed. R. Civ. P. 69(a) and La. C.C.P. Art. 2451 [Rec. Doc. No. 17846], and that the Defendant-Judgment Debtor nonetheless *refused* to appear and further participate in these proceedings. Contempt Order and Injunction, at 2 (emphasis in original).  The implications of Taishan's actions extend beyond the individual Plaintiffs seeking to discover Defendant-Judgment Debtor's assets, and even beyond the multidistrict litigation itself.  Such flagrant "[d]isobedience of the Court's order harms both the many other parties in this case and the decorum of the Court." *Id*. at 2.

The Court has imposed both monetary and injunctive sanctions for this contempt of judicial authority: Taishan was ordered to pay **$15,000** in attorneys' fees to Plaintiffs' Counsel and **$40,000** as a penalty, and, in addition, Taishan *and any of its affiliates or subsidiaries* are enjoined from "conducting any business in the United States until or unless it participates in this judicial process." *Id*. Under the terms of the Contempt Order, any violation of the injunction will trigger "a further penalty of **25%** of the profits earned by the company or its affiliates who violate the order, for the year of the violation." *Id*. Since Taishan now has resumed participation in these proceedings through newly-retained counsel, the Court hereby defines the actionable period for this injunction to be July 17, 2014 (the date of Taishan Gypsum's disobedience of the Judgment Debtor Examination Order) and February 17, 2015 (the date of newly-retained counsel's appearance in these proceedings on behalf of Taishan Gypsum).

Based on certain e-mails produced by the law firm of Hogan Lovells, and attached to the Supplemental Memorandum in support of the instant Motion as Exhibits 4, 5, and 10, the Court finds that Taishan affiliates CNBM, CNBM Group, and BNBM acted in privity with their subsidiary Taishan Gypsum in the decision to deliberately disobey the Court's June 20, 2014 Judgment Debtor Examination Order. This finding is legally sufficient to extend the Court's prior holding of civil and criminal contempt, and resulting sanctions, to include and apply to CNBM, CNBM Group, and BNBM.

Upon consideration of the Motion of the Plaintiffs' Steering Committee ("PSC") and the Plaintiff-Intervenors in *Germano, et al. v. Taishan Gypsum Co., Ltd., f/k/a Shandong Taihe Dongxin Co. Ltd., et al.*, Case No. 2:09-cv-6687 (E.D. La.), for an Expedited Hearing to Enforce the Court's July 17, 2014 Contempt Order and Injunction ("Motion to Enforce"), said Motion is GRANTED.

IT IS HEREBY ORDERED THAT:

1.      The Court finds that Taishan has continued to refuse to comply with the Court's June 20, 2014 Order [Rec. Doc. No. 17846] requiring that Taishan appear in open court for a judgment debtor examination in connection with the judgment entered against Taishan in the *Germano* action.  The Court also finds that Taishan has refused to pay the attorneys' fees sanctions and the penalty ordered by the Court in its July 17, 2014 Contempt Order and Injunction.

2.      Taishan, therefore, remains in contempt of court, civilly and criminally.

3.      The Court finds that, having acted in privity with Taishan in the decision-making and actions which form the basis of holding Taishan in civil and criminal contempt, the defendants CNBM, CNBM Group, and BNBM likewise are held in contempt of court, civilly and criminally, and made subject to the same sanctions specified in the Court's Contempt Order of July 17, 2014.

4.      The entities listed in Attachment 2 are deemed to be affiliates and subsidiaries of Taishan Gypsum, and/or CNBM, CNBM Group, and/or BNBM, and thereby made subject to the Court's Contempt Order enjoining them from conducting business in the United States for the applicable period between the Court's Contempt Order and the resumed participation of Taishan Gypsum in these proceedings, *i.e.*, between July 17, 2014 and February 17, 2015.

5.      The Court hereby authorizes the PSC, as counsel for plaintiffs-intervenors, to conduct under the caption and authority of this MDL any and all discovery allowed by the Federal Rules of Civil Procedure, to determine whether or not there have occurred violations of the injunctive sanctions specified in the Court's Contempt Order of July 17, 2014, with respect to any and all affiliates and subsidiaries listed in Attachment 2, and, if so, to seek a full accounting from the appropriate sources in order to quantify and enforce the percent-of-profits penalty

specified in that Order.

     6.    The Court shall conduct a hearing on the ____ day of _____, 2015, at _____ o'clock a.m./p.m., to determine any and all further and appropriate actions necessary to enforce the Contempt Order against Taishan Gypsum, CNBM, CNBM Group, and BNBM.

     7.    At the hearing, the Court also shall consider the proposals set forth in the initial Motion to Enforce, including (i) registration of the Contempt Order and Judgment and the list of Taishan Affiliates and Subsidiaries in the Clerk's office of every United States District Court throughout the country; (ii) notification of any direct, third-party, or interpleader action either pending or later filed by or against any of the Taishan Affiliates or Subsidiaries; and (iii) authorizing the PSC to pursue enforcement actions, engage in motion practice, and conduct discovery related to any of the Taishan Affiliates or Subsidiaries shown to be conducting judicial or other business in the U.S. in violation of the injunctive sanctions imposed under the Contempt Order.

     New Orleans, Louisiana, this ___ day of _____, 2015

                                              _____
                                              ELDON E. FALLON
                                              UNITED STATES DISTRICT JUDGE

# ATTACHMENT "1"

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

|  |  |  |
|---|---|---|
| IN RE: CHINESE MANUFACTURED DRYWALL PRODUCTS LIABILITY LITIGATION | : : : : : : | MDL NO. 2047<br>SECTION: L<br>JUDGE FALLON<br>MAG. JUDGE WILKINSON |
| .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. | : |  |

**THIS DOCUMENT RELATES TO:** *Germano, et al. v. Taishan Gypsum Co., Ltd., f/k/a Shandong Taihe Dongxin Co., Ltd., et al.,* **Case No. 2:09-cv-6687 (E.D. La.)**

**ORDER**

From 2005 to 2008, a housing boom coincided with the destruction caused by Hurricanes Katrina and Rita to sharply increase the demand for construction materials in the Gulf South and East Coast. In response, Chinese companies manufactured, and sold to homeowners throughout the United States, considerable quantities of gypsum wallboard which came to be known as "Chinese drywall." Homeowners experienced problems with the drywall. Specifically, the drywall emits various sulfide gases, damages structural mechanical and plumbing systems of the home, and damages other appliances in the home. The affected parties sued the entities involved in the manufacturing, importing, and installing the Chinese drywall. The cases multiplied and the Judicial Panel on Multidistrict Litigation ("MDL"), declared the matter an MDL and transferred the cases to this Court. After a period of discovery, it became clear that there were two principal manufacturers, (1) the Knauf Entities, and (2) the Taishan Entities. There are four cases in particular in which Taishan Entities have been served (via international means at the Hague, costing at least $100,000 per service of process). These four cases are *Germano*, *Mitchel*, *Gross*, and *Wiltz*. The matters were set to trial and default judgments were entered. In the instant case, *Germano*, Taishan Gypsum Co., Ltd., f/k/a Shandong Taihe Dongxin Co., Ltd ("Taishan") is the

Defendant. Taishan refused to participate in any of these proceedings.

The day before the expiration of the window for appeal, Taishan appeared and appealed to the Fifth Circuit Court of Appeals, arguing – for the first time – that this Court lacked personal jurisdiction. The matters were remanded to this Court for further discovery on the jurisdictional issue. After a period of discovery, this issue was briefed and argued. In due course, this Court rendered an opinion finding it had jurisdiction over the Defendant Taishan. The Defendant appealed the Court's judgment. Ultimately, two separate Fifth Circuit panels affirmed this Court's exercise of jurisdiction over Taishan. In *Germano*, the time for seeking writs to the Supreme Court has passed, so such judgment has become final and enforceable. In order to execute the judgment, Plaintiffs moved for a Judgment Debtor Examination. The Court ordered Taishan to appear in open court on the morning of July 17, 2014 for a Judgment Debtor Examination (Rec. Doc. 17774).

Taishan failed to appear for the July 17, 2014 Judgment Debtor Examination. Taishan, in fact, has *refused* to appear in open court for the Examination. As stated by counsel for Taishan, both in open court and in a brief (Rec. Doc. 17846), Taishan has received notice of the Examination and has refused to appear or otherwise participate in the proceedings.

As a consequence of Taishan's refusal to appear at this Judgement Debtor Examination, in direct, willful violation of this Court's June 20, 2014 order, the Court holds Taishan in contempt of court, both criminally and civilly. This refusal to appear is a direct contemptuous act occurring in open court after actual notice of the proceedings. Such disobedience of the Court's order harms both the many other parties in this case and the decorum of the Court. Due to the "affront to the Court's dignity [that] is [] widely observed," it is necessary to summarily punish

Taishan's contempt. *Pounders v. Watson*, 521 (U.S. 982, 988-89) (1997); Fed. Rule Crim. Pro. 42(b).

In punishing Taishan's contempt, the Court "has broad discretion in assessing sanctions to protect the sanctity of its decrees and the legal process." *Test Masters Educational Servs. v. Singh*, 428 F.3d 559 (5th Cir. 2005). In this massive suit, the harm from Taishan's noncompliance is high and requires strong sanctions to coerce compliance and restore integrity to these proceedings. *Lamar Financial Corp. v. Adams*, 918 F.2d 564, 567 (5th Cir. 1990) (setting forth four factors by which the Court assesses an appropriate contempt sanction); *see Manhattan Industries v. Sweater Bee, Ltd.*, 885 F.2d 1, 6 (2d Cir. 1989) (affirming the propriety of an award of unjust enrichment contempt sanctions aligned with the contemptor's profits to punish the wrongdoing). Accordingly,

**IT IS ORDERED** that Taishan pay **$15,000** in attorneys' fees to Plaintiffs' counsel.

**IT IS FURTHER ORDERED** that Taishan pay **$40,000** as a penalty for contempt.

**IT IS FURTHER ORDERED** that Taishan, and any of its affiliates or subsidiaries, is hereby **ENJOINED** from conducting any business in the United States until or unless it participates in this judicial process. If Taishan violates this injunction, it must pay a further penalty of **25%** of the profits earned by the company or its affililates who violate the order, for the year of the violation.

**IT IS FURTHER ORDERED** that the clerk of court forward this contempt order to the U.S. Secretary of Commerce, the Chair of the U.S. Senate Committee on Commerce**,** Science, and Transportation, and the U.S. Attorney General, so that these officials are aware of the seriousness of the situation, and for any appropriate action they may see fit.

New Orleans, Louisiana this 17th day of July, 2014.

_____
UNITED STATES DISTRICT JUDGE

CC:     Secretary Penny Pritzker
        U.S. Department of Commerce
        1401 Constitution Ave., NW
        Washington, DC 20230

        U.S. Senator Jay Rockefeller
        Chair of U.S. Senate Committee on Commerce, Science, and Transportation
        Russell Senate Building, Room 254
        2 Constitution Ave., NE
        Washington, DC 20002

        U.S. Attorney General Eric Holder
        U.S. Department of Justice
        950 Pennsylvania Ave., NW
        Washington, DC 20530-0001

# ATTACHMENT "2"

**UPDATED AND AMENDED LIST OF TAISHAN AFFILIATES SUBJECT TO THE COURT'S JULY 17, 2014 CONTEMPT ORDER AND INJUNCTION**

| | |
|---|---|
| 1. | State-owned Assets Supervision and Administration Commission of the State Counsel ("SASAC") |
| 2. | China National Building Materials Group Co., Ltd. ("CNBM Group") |
| 3. | China Cinda Asset Management Co., Ltd. ("Cinda") |
| 4. | China Building Materials Academy |
| 5. | Beijing New Building Material Group Co., Ltd. ("BNBM Group") |
| 6. | China National Building Material Import and Export Company ("CNBM Trading") |
| 7. | CNBM Forest Products, Ltd. |
| 8. | CNBM Forest Products (Canada), Ltd. |
| 9. | China National Building Material Co., Ltd. ("CNBM") |
| 10. | China United Cement Corporation (f/k/a China United Cement Group Corporation, Ltd.) (f/k/a China United Cement Co., Ltd.) ("China United")[1] |
| 11. | China United Cement Huaihai Co., Ltd. (f/k/a China United Julong Huaihai Cement Co., Ltd.)[2] |
| 12. | Qingzhou China United Cement Company Limited (f/k/a China United Qingzhou Luhong Cement Co., Ltd.)[3] |
| 13. | China United Cement Zaozhuang Company, Limited (f/k/a Zaozhuang China United Luhong Cement Co., Ltd.)[4] |
| 14. | China Composites Group Corp., Ltd. ("China Composites") |
| 15. | Lianyungang[5] Zhongfu Lianzhong Composite Material Group Co., Ltd. ("Zhongfu Lianzhong") |
| 16. | Shanghai Yaohua Pilkington Glass Co., Ltd. |
| 17. | Changzhou China Composites Liberty Co., Ltd. ("Zhongfu Liberty") |
| 18. | Changzhou China Composites Tianma Fiberglass Products Co., Ltd. ("Zhongxin Tianma")[6] |
| 19. | Changzhou Liberty TOLI Building Material Co., Ltd. ("Liberty TOLI")[7] |
| 20. | China Fiberglass Co., Ltd. ("China Fiberglass") |
| 21. | Jushi Group Co., Ltd. ("Jushi Group")[8] |
| 22. | China Triumph International Engineering Co., Ltd. ("CTIEC") |
| 23. | Nanjing Triumph International Engineering Company Limited (f/k/a China Triumph International Engineering Company Limited) (f/k/a China Triumph Nanjing Cement Technological Engineering Co., Ltd.)[9] |
| 24. | CTIEC Shenzhen Scieno-tech Engineering Co., Ltd. |

Attachment 2 to Proposed Order in Support of Motion to Enforce [Rec. Doc. No. 18302-14]

| | |
|---|---|
| 25. | China Triumph Bengbu Engineering and Technology Co., Ltd. ("Bengbu Triumph") |
| 26. | CNBM Investment Company Limited (f/k/a BND Co., Ltd.)[10] |
| 27. | Beijing New Building Material Public Limited Company ("BNBM") |
| 28. | Beijing New Building Materials Homes Co., Ltd. |
| 29. | BNBM Suzhou Mineral Fiber Ceiling Company, Limited (f/k/a "Suzhou Tianfeng New Building Material Co., Ltd.")[11] |
| 30. | Taishan Gypsum Co., Ltd. (f/k/a Shandong Taihe Dongxin Co., Ltd.) ("Taishan") |
| 31. | Qinhuangdao Taishan Building Materials Co., Ltd. (a/k/a Qinhuang Dao Taishan Building Materials Co., Ltd.)[12] |
| 32. | Tai'an Taishan Plasterboard Co., Ltd. ("TTP") |
| 33. | China United Luhong Cement Co., Ltd.[13] |
| 34. | China United Nanyang Co.[14] |
| 35. | Xingtai China United Ziyan Co., Ltd.[15] |
| 36. | China National Building Material and Equipment Import and Export Co. ("China Equipment")[16] |
| 37. | Shenzhen B&Q Decoration & Building Materials Co., Ltd. ("Shenzhen B&Q")[17] |

---

[1] As of CNBM's 2007 Annual Report, China United Cement Co., Ltd. began being referred to as "China United Cement Group Corporation, Ltd." *See* Excerpts of CNBM 2007 Annual Report, attached to the Affidavit of Yan Gao as Exhibit "X," pp. 6 & 10, accessed at: http://www.cnbmltd.com/en/tzzgx/xx.jsp?newsId=3364. However, in 2010 through the present, this entity is referred to as "China United Cement Corporation." *See* 2010 CNBM Annual Report, attached to the Affidavit of Yan Gao as Exhibit "U," pp. 7 & 13, accessed at: http://www.cnbmltd.com/en/tzzgx/xx.jsp?newsId=3491; *see also* Excerpts of CNBM 2014 Interim Report, attached to the Affidavit of Yan Gao as Exhibit "Q," pp. 7 & 14.

[2] As of CNBM's 2007 Annual Report, China United Julong Huaihai Cement Co., Ltd. is now referred to as China United Cement Huaihai Co., Ltd. *See* Excerpts of CNBM 2007 Annual Report, attached to the Affidavit of Yan Gao as Exhibit "X," pp. 7 & 10, accessed at: http://www.cnbmltd.com/en/tzzgx/xx.jsp?newsId=3364.

[3] China United Qingzhou Luhong Cement Co., Ltd. is now referred to as Qingzhou China United Cement Company Limited as of CNBM's 2007 Annual Report. *See* Excerpts of 2007 CNBM Annual Report, attached to the Affidavit of Yan Gao as Exhibit "X," pp. 8 & 10, accessed at: http://www.cnbmltd.com/en/tzzgx/xx.jsp?newsId=3364.

---

[4] Zaozhuang China United Luhong Cement Co., Ltd. is now referred to as China United Cement Zaozhuang Co., Limited as of CNBM 2014 Interim Report.  *See* Excerpts of CNBM 2014 Interim Report, attached to the Affidavit of Yan Gao as Exhibit "Q," pp. 12 & 14; *see also* Excerpts of 2007 CNBM Annual Report, attached to the Affidavit of Yan Gao as Exhibit "X," pp. 9 & 10, accessed at: http://www.cnbmltd.com/en/tzzgx/xx.jsp?newsId=3364.

[5] Updated February 26, 2015.

[6] The last time this entity appeared on a Shareholding Structure Chart was in CNBM's 2007 Filing, which indicates that "Changzhou China Composites Tianma Fiberglass Products Co., Ltd" ("Zhongxin Tianma") is a subsidiary of Changzhou China Composites Liberty Co., Ltd ("Zhongfu Liberty"), which held 30% equity interest therein as of 2007.  *See* Excerpts of CNBM 2007 Annual Report, attached to the Affidavit of Yan Gao as Exhibit "X", p. 10, accessed at: http://www.cnbmltd.com/en/tzzgx/xx.jsp?newsId=3364.  In CNBM's 2008 Annual Report, although Zhongxin Tianma no longer appears on the Shareholding Structure chart, it is listed as one of CNBM's subsidiaries, in which it indirectly holds 30% equity interest.  *See* Excerpts of CNBM 2008 Annual Report, attached to the Affidavit of Yan Gao as Exhibit "W," p. 133, accessed at: http://www.cnbmltd.com/en/tzzgx/xx.jsp?newsId=3407

[7] Changzhou Liberty TOLI Building Material Co., Ltd ("Liberty TOLI") is also a subsidiary of Zhonfu Liberty, which held 60% equity interest therein as of CNBM's 2007 Annual Report.  *See* Excerpts of CNBM 2007 Annual Report, attached to the Affidavit of Yan Gao as Exhibit "X," p. 10, accessed at: http://www.cnbmltd.com/en/tzzgx/xx.jsp?newsId=3364.  After the 2007 Annual Report, this entity does not appear in any filings.

[8] Updated February 26, 2015.

[9] *See* 2010 CNBM Annual Report, attached to the Affidavit of Yan Gao as Exhibit "U," pp. 9 & 13, accessed at: http://www.cnbmltd.com/en/tzzgx/xx.jsp?newsId=3491; *see also* 2011 CNBM Annual Report, attached to the Affidavit of Yan Gao as Exhibit "T," pp. 9 & 13, accessed at: http://www.cnbmltd.com/en/tzzgx/xx.jsp?newsId=4734; 2014 CNBM Interim Report, attached to the Affidavit of Yan Gao as Exhibit "Q," pp. 9 & 12, accessed at: http://www.cnbmltd.com/en/tzzgx/xx.jsp?newsId=6488.

[10] Updated February 26, 2015; *see* Excerpts of 2007 CNBM Annual Report, attached to the Affidavit of Yan Gao as Exhibit "X," p. 6, accessed at: http://www.cnbmltd.com/en/tzzgx/xx.jsp?newsId=3364 ("CNBM Investment" is defined as BND Co., Limited, currently known as "CNBM Investment Company Limited").

[11] *See* Excerpts of 2007 CNBM Annual Report, attached to the Affidavit of Yan Gao as Exhibit "X," p. 9 ("Tianfeng" Definition) ("Tianfeng" is defined as "Suzhou Tianfeng Building Material Company Limited" currently known as "BNBM Suzhou Mineral Fiber Ceiling Company Limited").  Although this entity stopped appearing on the Shareholding Structure of the Group chart in CNBM's Annual Filings as of 2010, it continues to be listed as one of CNBM's subsidiaries under "Particulars of Principal Subsidiaries," with CNBM indirectly holding 52.4%

interest therein.  *See* Excerpts of 2013 CNBM Annual Report, attached hereto as Exhibit "R," p. 169, accessed at: http://www.cnbmltd.com/en/tzzgx/xx.jsp?newsId=3364.

[12] Qinhuangdao Taishan Building Material Company Limited ("Qinhuangdao Taishan") is a limited liability company incorporated on April 30, 2002 under the laws of the People's Republic of China and a 70% owned subsidiary of Taishan Gypsum Co., Ltd. f/k/a Shandong Taihe Dongxin Company Limited.  *See* CNBM 2006 Global Offering Prospectus Filing, attached to the Affidavit of Yan Gao as Exhibit "Y," p. 31, accessed at: http://www.cnbmltd.com/news_report/en/369.pdf.

[13] The last time this entity appeared is on the CNBM 2006 Global Offering Prospectus Filing. *See* Excerpts of 2006 CNBM Global Offering Prospectus Filing, attached to the Affidavit of Yan Gao as Exhibit "Y," p. 25, accessed at: http://www.cnbmltd.com/news_report/en/369.pdf.

[14] The last time this entity appeared on an Annual Filing was in 2009.  *See* CNBM 2009 Annual Report, attached to the Affidavit of Yan Gao as Exhibit "V," pp. 10 & 13, accessed at: http://www.cnbmltd.com/en/tzzgx/xx.jsp?newsId=3463.

[15] The last time this entity appeared on an Annual Filing was in 2009. *See* CNBM 2009 Annual Report, attached to the Affidavit of Yan Gao as Exhibit "V," pp. 9 & 13, accessed at: http://www.cnbmltd.com/en/tzzgx/xx.jsp?newsId=3463.

[16] Prior to the reorganization of CNBM in 2006, China National Building Material and Equipment Import and Export Company ("CNBM Equipment") was principally engaged in the import and export business.  However, as a result of the reorganization, CNBM Equipment transferred all of its operations, assets and liabilities to CNBM Trading, a subsidiary of CNBM, by way of allocation at nil consideration and CNBM injected into CNBM Equipment all of its current operations, assets and liabilities.  CNBM underwent a series of asset shareholding restructuring.  *See* Excerpts of 2006 CNBM Global Offering Prospectus Filing Excerpts, attached to the Affidavit of Yan Gao as Exhibit "Y," p. 89, accessed at: http://www.cnbmltd.com/news_report/en/369.pdf.

[17] The last time Shenzhen B&Q Decoration & Building Materials Co., Ltd. appeared in CNBM's Annual Filing was in the 2009 CNBM Annual Report, wherein it is reflected that the entity is a subsidiary of CNBM Investment, which holds 35% interest therein.  *See* Excerpts of 2009 CNBM Annual Report, attached to the Affidavit of Yan Gao as Exhibit "V," p. 13, accessed at: http://www.cnbmltd.com/en/tzzgx/xx.jsp?newsId=3463.