

ATTORNEYS AT LAW

CALIFORNIA FLORIDA LOUISIANA MISSISSIPPI NEW YORK OHIO TEXAS

GABRIEL A. CROWSON
(504) 596-2839
eFax (504) 910-8465
gcrowson@mcglinchey.com

February 27, 2015

**VIA U.S. MAIL AND E-MAIL**

Russ M. Herman
Leonard A. Davis
Stephen J. Herman
Herman, Herman & Katz, LLC
820 O'Keefe Avenue
New Orleans, LA 70113

Kerry J. Miller
Baker Donelson
201 St. Charles Avenue
Suite 3600
New Orleans, LA 70170

Arnold Levin
Fred S. Longer
Matthew C. Gaughan
Levin, Fishbein, Sedran & Berman
510 Walnut Street, Suite 500
Philadelphia, PA 19106

Re: *In Re: Chinese Drywall Products Liability Litigation*
U.S.D.C. District of Delaware
Civil Action No. MDL 2047 (EDLA)

Dear Counsel:

Please find enclosed JPMorgan Chase & Co.'s Objections to Subpoena to Testify at a Deposition in a Civil Action.

Sincerely,

**McGlinchey Stafford, PLLC**

Gabriel A. Crowson

GAC
Encl.

**EXHIBIT**
**A**

UNITED STATES DISTRICT COURT
DISTRICT OF DELAWARE

| | | |
|---|---|---|
| IN RE: CHINESE DRYWALL PRODUCTS LIABILITY LITIGATION | * * * * | Civil Action No. MDL 2047 (EDLA) |

****************************************

**NON-PARTY JPMORGAN CHASE & CO.'S OBJECTIONS TO SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION**

Non-Party, JPMorgan Chase & Co. respectfully submits these objections to the Subpoena to Testify At A Deposition In A Civil Action, dated February 10, 2015, (the "Subpoena") issued by the Plaintiffs' Steering Committee (the "PSC"). Pursuant to Fed. R. Civ. P. 45(d)(2)(B), these timely objections excuse compliance unless, and to the extent, permitted by court order.

JPMorgan Chase & Co's objections and responses are based upon information presently available to JPMorgan Chase & Co. As such, JPMorgan Chase & Co. reserves its right to amend, modify, or supplement these responses during the course of additional investigation and discovery, as permitted by the Federal Rules of Civil Procedure.

**GENERAL OBJECTIONS AND RESPONSES**

1. JPMorgan Chase & Co. objects to the Subpoena on the grounds that it was not issued from the district court where the underlying litigation is pending. *See* Fed. R. Civ. P. 45(a)(2) ("A subpoena *must* issue from the court where the action is pending.") (emphasis added). The Subpoena was issued by the United States District Court for the District of Delaware; however, the *Chinese Manufactured Drywall Products Liability Litigation* (the "Litigation") is pending in the United States District Court the Eastern District of Louisiana.

2. JPMorgan Chase & Co. is a financial holding company and thus does not have possession, custody, or control of the documents requested by the Subpoena.

3. JPMorgan Chase & Co. objects to the Subpoena's definition of "You" or "your"

at Definition 1(j), particularly the Subpoena's inclusion of all of JPMorgan Chase & Co.'s "domestic or international predecessors in interest, successors in interest, subsidiaries, divisions, subdivisions, affiliates, officers, directors, employees, representatives, independent contractors, consultants, or agents, whether present or former, including but not limited to their attorneys and accountants." Accordingly, these Responses and Objections are submitted solely with respect to JPMorgan Chase & Co. In that regard, as noted above, JPMorgan Chase & Co. is a financial holding company and does not have possession, custody, or control of the documents requested by the Subpoena.

4. JPMorgan Chase & Co. objects on the grounds that the Subpoena's definition of "Entities related to Taishan" and "Chinese State Owned Entities" are vastly overbroad and impose an undue burden on JPMorgan Chase & Co. Moreover, the PSC has not offered to reimburse JPMorgan Chase & Co. the cost and expense that would be incurred to comply with the Subpoena.

5. JPMorgan Chase & Co. objects to the Subpoena because contrary to the Court's October 25, 2011 Order & Reasons (Rec. Doc. 10854) in the Litigation, the Subpoena improperly requires JPMorgan Chase & Co. to search for and produce documents that may be possessed by an affiliate or subsidiary of JPMorgan Chase & Co. when the PSC has not established that JPMorgan Chase & Co. has custody or control with respect to those documents. JPMorgan Chase & Co. further states that the Court's October 25, 2011 Order and Reasons afforded the PSC the "right to conduct discovery on the 'control' factors, and if appropriate, refile its subpoenas and/or motions to compel." (Rec. Doc. 10854, at 15.) The PSC, however, did not comply with the Court's order by conducting discovery on the "control" factor prior to issuing the current Subpoena.

6. JPMorgan Chase & Co. objects on the grounds that the Subpoena is overbroad and imposes an undue burden on JPMorgan Chase & Co. The Subpoena seeks documents covering a 15-year time period regarding Taishan Gypsum Co., Ltd. f/k/a Shandong Taihe Dongxin Co., Ltd. ("Taishan"), 40 separate entities allegedly related to Taishan, and another 182 alleged Chinese state-owned entities. Further, the Subpoena requires JPMorgan Chase & Co. to search for and produce all of these documents for all of these entities throughout the entire JPMorgan Chase & Co. corporate family, which itself includes scores of separate and distinct legal entities. Under these circumstances, the Subpoena is overbroad and unduly burdensome, particularly when the PSC has not offered to reimburse JPMorgan Chase & Co. the cost and expense that would be incurred to comply with the Subpoena.

7. According to the Amended Notice of Oral and Videotaped Deposition Pursuant to Fed. R. Civ. P. 30(b)(6) that was included with the Subpoena, the PSC contends that the "deposition will be conducted in furtherance of discovery related to collection of a judgment." The documents and information sought by the Subpoena, however, exceed the scope of discovery relevant for enforcing a judgment under Rule 69. JPMorgan Chase & Co. therefore objects to the Subpoena on the ground that it exceeds the scope of permissible post-judgment discovery under Rule 69.

8. JPMorgan Chase & Co. objects to the definition of "Relevant Time Period" as overbroad and unduly burdensome.

9. JPMorgan Chase & Co. objects to the Subpoena on the ground that the PSC failed to comply with Rule 45(d)(1) of the Federal Rules of Civil Procedure, in that the PSC did not take reasonable steps to avoid imposing an undue burden or expense on JPMorgan Chase & Co. In light of the definitions and instructions set forth in the Subpoena, the Subpoena requires

JPMorgan Chase & Co. to incur substantial expense to search for, review, and produce the litany of documents requested by the PSC. The PSC, however, has not offered to reimburse JPMorgan Chase & Co. the costs of complying with the Subpoena. Accordingly, the Subpoena improperly subjects JPMorgan Chase & Co., a non-party to this action, to undue burden and expense, contrary to Fed. R. Civ. P. 45(d)(1).

10. JPMorgan Chase & Co. objects to the Subpoena on the ground that the Subpoena does not afford JPMorgan Chase & Co. reasonable time to comply with the document demands, particularly given the breadth and scope of the document requests. In addition, the Subpoena is objectionable because it does not provide a reasonable time in advance of the date specified for compliance. *See* Fed. R. Civ. P. 45(d)(3)(A)(i).

11. JPMorgan Chase & Co. objects to the Subpoena on the ground that the requests are overbroad, seek a large volume of information, and are thus burdensome and harassing.

12. JPMorgan Chase & Co. objects to the Subpoena because the PSC has not demonstrated that its purported need to obtain the information outweighs the burden and prejudice to JPMorgan Chase & Co. from complying with the Subpoena. *See, e.g.*, *Anker v. G.D. Searle & Co.*, 126 F.R.D. 515, 521 (M.D.N.C. 1989) (to obtain documents from third party, plaintiff must show more than just that the documents sought fall within the general scope of discovery; he must show a need for the evidence that outweighs the burden and prejudice to the non-party).

13. JPMorgan Chase & Co. objects to the Subpoena to the extent that it seeks confidential/proprietary information or private financial information of non-parties to this litigation. *See* Fed. R. Civ. P. 45(d)(3)(B)(i).

14. Pursuant to the Federal Rules of Civil Procedure, JPMorgan Chase & Co. objects

to any request in the Subpoena that seeks: (a) information not within the scope of permissible discovery authorized by the Federal Rules or applicable statutes; (b) information that is/are subject to the attorney-client privilege; or (c) the disclosure of the fruits of activities undertaken in anticipation of litigation or in preparation for trial by any of JPMorgan Chase & Co.'s employees, attorneys, experts, or agents, including, but not limited to, the mental impressions, conclusions, opinions, or theories of JPMorgan Chase & Co.'s attorneys. JPMorgan Chase & Co. also states that an objection to a particular request does not indicate, expressly or impliedly, the existence of any source of information in its possession, custody or control that is responsive to that request.

15. The responses set forth below are made without, in any manner, waiving or affecting: (a) the right to object to the use of any response for any purpose in this action, or any other action or proceeding, on the grounds of privilege, relevance, materiality or any other appropriate grounds; (b) the right to object to any other interrogatories, requests for production, or requests for admissions involving or relative to the subject matter of the responses; (c) the right to revise, correct, supplement or clarify any of the responses provided below at any time; or (d) any of JPMorgan Chase & Co.'s rights or remedies.

16. JPMorgan Chase & Co.'s responses are made solely for the purpose of this action and not for the purpose of any other action. The continuing and specific objections of JPMorgan Chase & Co. to the discovery requests responded to herein are subject to all objections as to competence, relevance, materiality, propriety, admissibility, and any and all other objections and grounds which would require the exclusion of any evidence disclosed herein if the evidence were produced and sought to be introduced into evidence in Court. All objections and grounds are reserved and may be interposed at the time of trial or other attempt to utilize these responses.

17. JPMorgan Chase & Co. objects to the instructions and definitions set forth in the Subpoena to the extent that they are inconsistent with the Federal Rules. By submitting these responses, JPMorgan Chase & Co. does not in any way adopt the PSC's purported definition of words and phrases contained in the Subpoena. JPMorgan Chase & Co. objects to those definitions to the extent that they are inconsistent with the ordinary and customary meaning of such words or phrases or with the rules governing the permissible scope of discovery.

18. JPMorgan Chase & Co. objects to the requests to the extent that they are vague, overly broad, unduly burdensome, harassing and not calculated to the lead to the discovery of admissible evidence.

19. JPMorgan Chase & Co. objects to the production of any documents that are protected from disclosure under any state and federal financial privacy laws.

20. These general objections are applicable to each and every one of the following responses and objections, and the failure to repeat an objection in response to a specific request shall not be deemed a waiver of the objection.

**OBJECTIONS AND RESPONSES TO DEPOSITION TOPICS**

JPMorgan Chase & Co. objects to each and every one of the Deposition Topics set forth in the Subpoena for the reasons set forth above in the Preliminary Statement and the General Objections.

## SPECIFIC OBJECTIONS AND RESPONSES TO DOCUMENT REQUESTS

**Document Request No. 1:**

All documents and communications between or among JPMorgan Chase & Co and Taishan, any Entities related to Taishan, and/or SOES during the Relevant Time Period.

**Objection and Response to Request No. 1:**

JPMorgan Chase & Co. objects to this request for the reasons set forth in the General Objections. JPMorgan Chase & Co. further objects to this request on the grounds that it is overbroad, unduly burdensome, and seeks documents that are not relevant nor reasonably calculated to lead to the discovery of admissible evidence. The request seeks documents covering a 15-year time period regarding Taishan, 40 separate entities allegedly related to Taishan, and another 182 alleged Chinese state-owned entities. Further, this request requires JPMorgan Chase & Co. to search for and produce all of these documents for all of these entities throughout the entire JPMorgan Chase & Co. corporate family, which itself includes scores of separate and distinct legal entities. Under these circumstances, this request is overbroad and unduly burdensome, particularly when the PSC has not offered to reimburse JPMorgan Chase & Co. the cost and expense that would be incurred to comply with the request.

JPMorgan Chase & Co. also objects to this request on the ground that it is a repeat of Document Request No. 2 in the Subpoena issued by the PSC on May 25, 2011, which was the subject of the Court's October 25, 2011 Order & Reasons (Rec. Doc. 10854). Contrary to that order, however, the PSC did not conduct any discovery on the "control" issue prior to re-issuing the current Subpoena.

Subject to and without waiving its objections, JPMorgan Chase & Co. states that it does not have possession, custody, or control of any requested documents.

**Document Request No. 2:**

All documents concerning investments by Taishan, any Entities related to Taishan, and/or SOEs in the United States during the Relevant Time Period, including but not limited to, the following:

(a) All accounts, stocks, bonds, notes, and other securities of Taishan, any Entities related to Taishan, and/or SOEs located in the United States:

(b) Investments, loans, letters of credit, ownership or security interests of Taishan, any Entities related to Taishan, and/or SOEs in any corporate entities, joint ventures or partnerships located in the United States;

(c) All personal or real property interests of Taishan, any Entities related to Taishan, and/or SOEs located in the United States; and

(d) All assets in the United States of any kind whatsoever which Taishan, any Entities related to Taishan, and/or SOEs own or owned directly or indirectly, in whole or in part, as sole owner or jointly with others, either of record or beneficially, including without limitation as a partner, general or limited, limited liability member, fiduciary, and as equity or debt holder, or demand deposit holder.

**Objection and Response to Request No. 2:**

JPMorgan Chase & Co. objects to this request for the reasons set forth in the General Objections. JPMorgan Chase & Co. further objects to this request on the grounds that it is overbroad, unduly burdensome, and seeks documents that are not relevant nor reasonably calculated to lead to the discovery of admissible evidence. The request seeks documents covering a 15-year time period regarding Taishan, 40 separate entities allegedly related to Taishan, and another 182 alleged Chinese state-owned entities. Further, this request requires JPMorgan Chase & Co. to search for and produce all of these documents for all of these entities throughout the entire JPMorgan Chase & Co. corporate family, which itself includes scores of separate and distinct legal entities. Under these circumstances, this request is overbroad and unduly burdensome, particularly when the PSC has not offered to reimburse JPMorgan Chase & Co. the cost and expense that would be incurred to comply with the request.

Subject to and without waiving its objections, JPMorgan Chase & Co. states that it does not have possession, custody, or control of any requested documents.

**Document Request No. 3:**

All documents and communications reflecting any ownership or financial interest by you in Taishan, any Entities related to Taishan, and/or SOEs during the Relevant Time Period.

**Objection and Response to Request No. 3:**

JPMorgan Chase & Co. objects to this request for the reasons set forth in the General Objections. JPMorgan Chase & Co. further objects to this request on the grounds that it is overbroad, unduly burdensome, and seeks documents that are not relevant nor reasonably calculated to lead to the discovery of admissible evidence. The request seeks documents covering a 15-year time period regarding Taishan, 40 separate entities allegedly related to Taishan, and another 182 alleged Chinese state-owned entities. Further, this request requires JPMorgan Chase & Co. to search for and produce all of these documents for all of these entities throughout the entire JPMorgan Chase & Co. corporate family, which itself includes scores of separate and distinct legal entities. Under these circumstances, this request is overbroad and unduly burdensome, particularly when the PSC has not offered to reimburse JPMorgan Chase & Co. the cost and expense that would be incurred to comply with the request.

JPMorgan Chase & Co. also objects to this request on the ground that it is a repeat of Document Request No. 16 in the Subpoena issued by the PSC on May 25, 2011, which was the subject of the Court's October 25, 2011 Order & Reasons (Rec. Doc. 10854). Contrary to that order, however, the PSC did not conduct any discovery on the "control" issue prior to re-issuing the current Subpoena.

Subject to and without waiving its objections, JPMorgan Chase & Co. states that it does not have possession, custody, or control of any requested documents.

**Document Request No. 4:**

All documents or communications reflecting any loans or investments by you in Taishan, any Entities related to Taishan, and/or SOEs during the Relevant Time Period.

**Objection and Response to Request No. 4:**

JPMorgan Chase & Co. objects to this request for the reasons set forth in the General Objections. JPMorgan Chase & Co. further objects to this request on the grounds that it is overbroad, unduly burdensome, and seeks documents that are not relevant nor reasonably calculated to lead to the discovery of admissible evidence. The request seeks documents covering a 15-year time period regarding Taishan, 40 separate entities allegedly related to Taishan, and another 182 alleged Chinese state-owned entities. Further, this request requires JPMorgan Chase & Co. to search for and produce all of these documents for all of these entities throughout the entire JPMorgan Chase & Co. corporate family, which itself includes scores of separate and distinct legal entities. Under these circumstances, this request is overbroad and unduly burdensome, particularly when the PSC has not offered to reimburse JPMorgan Chase & Co. the cost and expense that would be incurred to comply with the request.

JPMorgan Chase & Co. also objects to this request on the ground that it is a repeat of Document Request No. 17 in the Subpoena issued by the PSC on May 25, 2011, which was the subject of the Court's October 25, 2011 Order & Reasons (Rec. Doc. 10854). Contrary to that order, however, the PSC did not conduct any discovery on the "control" issue prior to re-issuing the current Subpoena.

Subject to and without waiving its objections, JPMorgan Chase & Co. states that it does not have possession, custody, or control of any requested documents.

**Document Request No. 5:**

All documents or communications reflecting any loans or investments by Taishan, any Entities related to Taishan, and/or SOEs in you during the Relevant Time Period.

**Objection and Response to Request No. 5:**

JPMorgan Chase & Co. objects to this request for the reasons set forth in the General Objections. JPMorgan Chase & Co. further objects to this request on the grounds that it is overbroad, unduly burdensome, and seeks documents that are not relevant nor reasonably calculated to lead to the discovery of admissible evidence. The request seeks documents covering a 15-year time period regarding Taishan, 40 separate entities allegedly related to Taishan, and another 182 alleged Chinese state-owned entities. Further, this request requires JPMorgan Chase & Co. to search for and produce all of these documents for all of these entities throughout the entire JPMorgan Chase & Co. corporate family, which itself includes scores of separate and distinct legal entities. Under these circumstances, this request is overbroad and unduly burdensome, particularly when the PSC has not offered to reimburse JPMorgan Chase & Co. the cost and expense that would be incurred to comply with the request.

Subject to and without waiving its objections, JPMorgan Chase & Co. states that it does not have possession, custody, or control of any requested documents.

**Document Request No. 6:**

All documents or communications regarding whether any Taishan, any Entities related to Taishan, and/or SOEs have conducted any commercial business or judicial business (litigation, mediation, arbitration, settlement) in the United States, and the profits earned by such entities during the Relevant Time Period.

**Objection and Response to Request No. 6:**

JPMorgan Chase & Co. objects to this request for the reasons set forth in the General Objections. JPMorgan Chase & Co. further objects to this request on the grounds that it is overbroad, unduly burdensome, and seeks documents that are not relevant nor reasonably calculated to lead to the discovery of admissible evidence. The request seeks documents covering a 15-year time period regarding Taishan, 40 separate entities allegedly related to Taishan, and another 182 alleged Chinese state-owned entities. Further, this request requires JPMorgan Chase & Co. to search for and produce all of these documents for all of these entities throughout the entire JPMorgan Chase & Co. corporate family, which itself includes scores of separate and distinct legal entities. Under these circumstances, this request is overbroad and unduly burdensome, particularly when the PSC has not offered to reimburse JPMorgan Chase & Co. the cost and expense that would be incurred to comply with the request.

Subject to and without waiving its objections, JPMorgan Chase & Co. states that it does not have possession, custody, or control of any requested documents.

**Document Request No. 7:**

All documents sufficient to identify the deposition topics listed below.

**Objection and Response to Request No. 7:**

JPMorgan Chase & Co. objects to this request for the reasons set forth in the General Objections. JPMorgan also objects to this request on the grounds that it is vague and ambiguous. JPMorgan Chase & Co. further objects to this request on the grounds that it is overbroad, unduly burdensome, and seeks documents that are not relevant nor reasonably calculated to lead to the discovery of admissible evidence. The request seeks documents covering a 15-year time period regarding Taishan, 40 separate entities allegedly related to Taishan, and another 182 alleged Chinese state-owned entities. Further, this request requires JPMorgan Chase & Co. to search for and produce all of these documents for all of these entities throughout the entire JPMorgan Chase & Co. corporate family, which itself includes scores of separate and distinct legal entities. Under these circumstances, this request is overbroad and unduly burdensome, particularly when the PSC has not offered to reimburse JPMorgan Chase & Co. the cost and expense that would be incurred to comply with the request.

Subject to and without waiving its objections, JPMorgan Chase & Co. states that it does not have possession, custody, or control of any requested documents.

Respectfully submitted,

Michael D. Ferachi (#19566)
Gabriel A. Crowson (#28009)
**McGlinchey Stafford, PLLC**
601 Poydras Street, 12th Floor
New Orleans, Louisiana 70130
Telephone: (504) 586-1200
Fax: (504) 596-2800

*Counsel for Non-Party, JPMorgan Chase & Co.*

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing was served on the following counsel of record, via e-mail and U.S. mail, this 27th day of February, 2015:

Russ M. Herman
Leonard A. Davis
Stephen J. Herman
Herman, Herman & Katz, LLC
820 O'Keefe Avenue
New Orleans, LA 70113
*Plaintiffs' Liaison Counsel*

Arnold Levin
Fred S. Longer
Matthew C. Gaughan
Levin, Fishbein, Sedran & Berman
510 Walnut Street, Suite 500
Philadelphia, PA 19106
*Plaintiffs' Lead Counsel*

Kerry J. Miller
Baker Donelson
201 St. Charles Avenue
Suite 3600
New Orleans, LA 70170
*Defendants' Liaison Counsel*

Gabriel A. Crowson