**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA**

| | | |
|---|---|---|
| ================================ | x | ============================ |
| | x | |
| IN RE: CHINESE-MANUFACTURED | x | MDL NO. 2047 |
| DRYWALL PRODUCTS LIABILITY | x | |
| LITIGATION | x | SECTION: L |
| | x | |
| THIS DOCUMENT APPLIES TO ALL | x | JUDGE FALLON |
| CASES | x | |
| | x | MAG. JUDGE WILKINSON |
| | x | |
| ================================ | x | ============================ |

**<u>NOTICE OF ORAL AND VIDEOTAPED DEPOSITION
PURSUANT TO FED. R. CIV. P. 30(b)(6)</u>**


TO:    China National Building Materials Company Limited
       **Through its Counsel**
       L. Christopher Vejnoska
       Orrick, Herrington & Sutcliffe LLP
       The Orrick Building
       405 Howard Street
       San Francisco, CA  94105

**PLEASE TAKE NOTICE** that pursuant to Rule 26 and 30(b)(6) of the Federal

Rules of Civil Procedure, plaintiffs, by and through their undersigned attorneys, the

Plaintiffs Steering Committee in the MDL, will take the deposition of **China National**

**Building Materials Company Limited,** on **April 14, 2015** at **9:00 o'clock a.m.**

**(Central),** at the Herman, Herman & Katz, LLC, 820 O'Keefe Avenue, New Orleans,

LA 70113, Ph: (504) 581-4892**,** or at another location mutually agreed upon by the

parties.  Pursuant to Fed. R. Civ. P. 30(b)(6), **China National Building Materials**

**Company Limited** shall designate and produce a designated representative or

representatives, as may be required, to testify on behalf of **China National Building**

1

**Materials Company Limited** concerning the topics identified in Schedule A attached hereto.  Further, the deponent is requested to produce the documents identified in the attached Schedule "A" to which deposition questions will be asked.

**If you are an attorney of record, please email cdw@golkow.com 48 hours prior to the deposition should you desire to participate by stream to view video/text so you may receive a username and password.**

Primary Examiners:     A Member of the PSC, or its designee
Videotaped Deposition: Yes
Call-In Number:        **888-337-8218**
                       **Participant Code:  769758**

The deposition will be taken before a person authorized by law to administer oaths, pursuant to Fed. R. Civ. P. 28, and will continue from day-to-day, excluding Sundays and court-recognized holidays, until the examination is completed.

Pursuant to directives provided at the status conference on May 27, 2010, a brief explanation of the subject matter expected at this deposition is as follows:  The deposition will be conducted in furtherance of discovery related to collection of a judgment.  This brief explanation is with full reservation of all rights by the noticing party and is not intended to limit in any way the scope of the deposition noticed herein.  Counsel should be aware that all matters may be discovered in the deposition and that the above explanation is made solely in accordance with the directives provided at the status conference.  This is an MDL "common" fact witness deposition.

Respectfully submitted,

/s/ Russ M. Herman_____
**Russ M. Herman** (Bar No. 6819)
Leonard A. Davis (Bar No. 14190)
Stephen J. Herman (Bar No. 23129)
*HERMAN, HERMAN & KATZ, LLC*
820 O'Keefe Avenue
New Orleans, LA  70113
PH:  (504) 581-4892
FAX:  (504) 561-6024
ldavis@hhkc.com
***Plaintiffs' Liaison Counsel***
***MDL 2047***

Arnold Levin
Fred S. Longer
Matthew C. Gaughan
Levin, Fishbein, Sedran & Berman
510 Walnut Street, Suite 500
Philadelphia, PA 19106
PH:  (215) 592-1500
FAX:  (215) 592-4663
Alevin@lfsblaw.com
***Plaintiffs' Lead Counsel***
***MDL 2047***

## PLAINTIFFS' STEERING COMMITTEE

Dawn M. Barrios
Barrios, Kingsdorf & Casteix, LLP
701 Poydras Street, Suite 3650
New Orleans, LA 70139
Phone: (504) 524-3300
Fax: (504) 524-3313
Barrios@bkc-law.com

Jerrold Seth Parker
Parker Waichman, LLP
3301 Bonita Beach Road
Bonita Springs, FL 34134
Phone: (239) 390-1000
Fax: (239) 390-0055
Jerry@yourlawyer.com

Daniel E. Becnel, Jr.
Becnel Law Firm, LLC
425 W. Airline Highway, Suite B
Laplace, LA 70068
Phone: (985) 536-1186
Fax: (985) 536-6445
dbecnel@becnellaw.com

Scott Wm. Weinstein
Morgan & Morgan
12800 University Drive, Suite 600
Ft. Meyers, FL 33907
Phone: (239) 433-6880
Fax: (239) 433-6836
sweinstein@forthepeople.com

3

Peter Prieto
Podhurst Orseck, P.A.
25 Flagler Street, 8th Floor
Miami, FL 33130
Phone: (305) 358-2800
Fax: (305) 358-2382
pprieto@podhurst.com

Bruce William Steckler
Steckler, LLP
12720 Hillcrest Road, Ste 1045
Dallas, TX 75230
Phone: (972) 387-4040
Fax: (972) 387-404
mailto:bsteckler@baronbudd.com
bruce@stecklerlaw.com

Ervin A. Gonzalez
Colson, Hicks, Eidson
255 Alhambra Circle, Penthouse
Cora Gables, FL 33134
Phone: (305) 476-7400
Fax: (305) 476-7444
ervin@colson.com

Ben W. Gordon, Jr.
Levin, Papantonio, Thomas, Mitchell
 Echsner & Proctor, P.A.
316 S. Baylen Street, Suite 600
Pensacola, FL 32502
Phone: (850) 435-7000
Fax: (850) 435-7020
bgordon@levinlaw.com

Hugh P. Lambert
The Lambert Firm
701 Magazine Street
New Orleans, LA 70130
Phone: (504) 581-1750
Fax: (504) 529-2931
hlambert@thelambertfirm.com

James Robert Reeves
Reeves & Mestayer, PLLC
160 Main Street
Biloxi, MS 39530
Phone: (228) 374-5151
Fax: (228) 374-6630
jrr@attorneys4people.com

Christopher Seeger
Seeger Weiss, LLP
77 Water Street
New York, NY 10005
Phone: (212) 584-0700
Fax: (212) 584-0799
cseeger@seegerweiss.com

Daniel K. Bryson
Whitfield, Bryson & Mason, LLP
900 W. Morgan Street
Raleigh, NC 27603
Phone: (919) 600-5000
Fax: (919) 600-5002
dan@wbmllp.com

Richard J. Serpe, Esquire
Law Offices of Richard J. Serpe
Crown Center, Ste. 310
580 East Main Street
Norfolk, VA 23510-2322
Phone: (757) 233-0009
Fax: (757) 233-0455
rserpe@serpefirm.com

Victor M. Diaz, Jr., Esquire
V.M. Diaz and Partners, LLC
119 Washington Ave, Suite 402
Miami Beach, FL 33139
Phone: (305) 704-3200
Fax: (305) 538-4928
victor@diazpartners.com

Gerald E. Meunier
Gainsburgh, Benjamin, David, Meunier
 & Warshauer, LLC
2800 Energy Centre, 1100 Poydras Street
New Orleans, LA 70163-2800
Phone: (504) 522-2304
Fax: (504) 528-9973
gmeunier@gainsben.com

**OF COUNSEL TO PLAINTIFFS' STEERING COMMITTEE**

Richard S. Lewis
HAUSFELD LLP
1700 K Street, N.W Suite  650
Washington, DC 20006
Phone: (202) 540-7200
Fax:  (202) 540-7201
rlewis@hausfeldllp.com

Anthony D. Irpino
IRPINO LAW FIRM
2216 Magazine Street
New Orleans, LA 70130
Phone: (504) 525-1500
Fax: (504) 525-1501
airpino@irpinolaw.com

Andrew A. Lemmon
Lemmon Law Firm, LLC
P.O. Box 904
15058 River Road
Hahnville, LA 70057
Phone: (985) 783-6789
Fax: (985) 783-1333
andrew@lemmonlawfirm.com

## CERTIFICATE OF SERVICE

I hereby certify that the above and foregoing Notice of Oral and Videotaped Deposition Pursuant to Fed.R.Civ.P. 30(b)(6) has been served on Defendants' Liaison Counsel, Kerry Miller, by U.S. Mail and e-mail or by hand delivery and e-mail and upon all parties by electronically uploading the same to LexisNexis File & Serve in accordance with Pre-Trial Order No. 6, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2047, on this 4th day of March, 2015.


_/s/ Leonard A. Davis_____
Leonard A. Davis
Herman, Herman & Katz, LLC
820 O'Keefe Ave.
New Orleans, LA  70113
PH:  (504) 581-4892
Fax:  (504) 561-6024
ldavis@hhklawfirm.com

# SCHEDULE A

## <u>DEFINITIONS & INSTRUCTIONS</u>

1.      Whenever used in this Request, the following terms shall have the following meanings:

(a)      "Communication" means the transmittal of information (in the form of facts, ideas, inquiries, or otherwise).

(b)      "Computer" means all devices utilizing microchips to facilitate processing, analysis, or storage of data, including microcomputers (also known as personal computers), laptop computers, portable computers, notebook computers, palmtop computers (also known as personal digital assistants or PDA's), minicomputers and mainframe computers.

(c)      "Concerning" means relating to, referring to, describing, evidencing, embodying, or constituting.

(d)      "Document" is defined to be synonymous in meaning and equal in scope to the usage of this term in Federal Rule of Civil Procedure 34(a), including, without limitation, electronic or computerized data compilations.   Documents shall include all drafts, including drafts with "track changes," and shall be deemed to be separate documents within the meaning of this term.

(e)      "Electronically stored information" or "ESI" means the original (or identical duplicate when the original is not available), and any non-identical copies (whether non-identical because of notes made on copies or attached comments,

annotations, marks, transmission notations, or highlighting of any kind) of writings and data compilations in any form, and of every kind and description whether inscribed by mechanical, facsimile, electronic, magnetic, digital, or other means.  ESI includes, by way of example only, computer programs (whether private, commercial, or work-in-progress), programming notes or instructions, activity listings of electronic mail receipts and transmittals, output resulting from the use of any software program, including word processing documents, spreadsheets, database files, charts, graphs and outlines, electronic mail displaying full e-mail alias's (not merely "display names), electronic calendars, I'm logs, PBX logs, document management system data, operating systems, all metadata, source code of all types, peripheral drivers, PIF files, batch files, ASCII files, and any and all miscellaneous files and file fragments, regardless of the media on which they reside and regardless of whether said ESI consists in an active file, deleted file or file fragment. Electronically stored information includes any and all items stored on computer memories, hard disks, floppy disks, CD-ROMs, removable media such as Zip disks, Jaz cartridges, Bernoulli Boxes and their equivalent, magnetic tapes of all types, microfiche, punched cards, punched tape, computer chips, including,  EPROM, PROM, RAM and ROM, on or in any other vehicle for digital data storage and transmittal.  The term ESI also includes the file, folder tabs and containers and labels appended to, or associated with, any physical storage device associated with each original and copy.

       (f)    "Electronic media" means any magnetic or other storage media device used to record electronically stored information.  Electronic media devices may include computer memories, hard disks, floppy disks, CD-ROM, removable media such as Bernoulli Boxes and their equivalent, magnetic tapes of all types, microfiche, punched

cards, punched tape, computer chips, including,  EPROM, PROM, RAM and ROM, or on or in any other vehicle for digital data storage and transmittal.

(g)     "Identify" with respect to persons, means to give, to the extent known, the person's full name, present or last known address, and when referring to a natural person, additionally, the present or last known place of employment.  Once a person has been identified in accordance with this subparagraph, only the name of that person need be listed in response to subsequent discovery requesting the identification of that person.

(h)     "Identify" with respect to documents, means to give, to extent known, the (i) type of document; (ii) general subject matter; (iii) date of the document; and (iv) author(s), addressee(s) and recipient(s).

(i)     "Including" or "includes" means including, without limitation.

(j)     "You," or "your" means each of the individual named entities to whom this set of discovery is directed, and any of its domestic or international predecessors in interest, successors in interest, subsidiaries, divisions, subdivisions, affiliates, officers, directors, employees, representatives, independent contractors, consultants, or agents, whether present or former, including but not limited to their attorneys and accountants.

(k)     "Taishan" means Taishan Gypsum Co., Ltd. f/k/a Shandong Taihe Dongxin Co., Ltd.

(l)     "Chinese drywall" relates to drywall, plasterboard, or wallboard manufactured in China.

(m)    "Person" means any natural person or any business, legal, or governmental entity or association.

(n)    "Entities related to Taishan" shall include the below listed entities and any of their parents, related entities, subsidiaries, agents and assigns:

    i.    Tai'an Taishan Plasterboard Co., Ltd.;

    ii.    Qinhuangdao Taishan Building Materials Co., Ltd. a/k/a Qinhuang Dao Taishan Building Materials Co., Ltd.;

    iii.    China National Building Material and Equipment Import and Export Company;

    iv.    China Building Materials Academy;

    v.    China Cinda Asset Management Co., Ltd.;

    vi.    China National Building Materials Co., Ltd.;

    vii.    China National Building Materials Company, Ltd.;

    viii.    China National Building Materials Import and Export Company;

    ix.    China National Building Materials Import and Export Corporation;

    x.    CNBM Forest Products (Canada) Ltd.;

    xi.    CNBM Forest Products, Ltd.;

    xii.    Beijing New Building Materials Public Limited Co.;

    xiii.    Beijing New Building Materials Homes;

    xiv.    BND Co., Ltd.;

    xv.    Beijing New Building Materials (Group) Co., Ltd.;

    xvi.    Suzhou Tianfeng New Building Material Co., Ltd.;

    xvii.    Shandong Taihe Dongxin Co., Ltd.;

xviii.   China United Cement Co., Ltd.;

xix.   China United Luhong Cement Co., Ltd.;

xx.   China United Julong Huaihai Cement Co., Ltd.;

xxi.   China United Nanyang Co.;

xxii.   China United Qingzhou Luhong Cement Co., Ltd.;

xxiii.   Zaozuhuang China United Luhong Cement Co., Ltd.;

xxiv.   Xingtai China United Ziyan Co., Ltd.;

xxv.   China Fiberglass Co., Ltd.;

xxvi.   Jishi Group Co., Ltd.;

xxvii.   China Composites Group Corp., Ltd.;

xxviii.   Shenzhen B&Q Decoration & Building Materials Co., Ltd.;

xxix.   Lianzhong Zhongfu Lianzhong Composite Material Group Co., Ltd.;

xxx.   Changzhou China Composites Tianma Fiberglass Products Co., Ltd.;

xxxi.   Changzhou China Composites Liberty Co., Ltd.;

xxxii.   Changzhou Liberty TOLI Building Material Co., Ltd.;

xxxiii.   Shanghai Yaohua Pilkington Glass Co., Ltd.;

xxxiv.   China Triumph International Engineering Co., Ltd.;

xxxv.   CTIEC-TECO American Technology Inc. in USA;

xxxvi.   CTIEC-TECO American Technology Inc.;

xxxvii.   CNBM International (USA);

xxxviii.   United States Suntech Craft Inc.;

xxxix. United Suntech Craft, Inc.;

xl. CNBM USA Corporation;

xli. China Triumph Nanjing Cement Technological Engineering Co., Ltd.;

xlii. CTIEC Shenzhen Scieno-tech Engineering Co., Ltd.;

xliii. China Triumph Bengbu Engineering and Technology Co., Ltd.;

xliv. China National Building Materials Group, Co., Ltd.;

xlv. China National Building Materials Group Corporation;

xlvi. The State-owned Assets Supervision and Administration Commission of the State Counsel.

(o)     "SOEs" shall mean all Chinese state-owned entities including but not limited to the following entities and any of their parents, related entities, subsidiaries, agents and assigns:

i. China National Nuclear Corporation;

ii. China Nuclear Engineering Group Corporation;

iii. China Aerospace Science and Technology Corporation;

iv. China Aeospace Science and Industry Corporation;

v. China State Shipbuilding Corporation;

vi. China Shipbuilding Industry Corporation;

vii. China North Industries Group Corporation;

viii. China South Industries Group Corporation;

ix. China Electronics Technology Group Corporation;

x. China National Petroleum Corporation;

xi.   China Petrochemical Corporation;

xii.   China National Offshore Oil Corporation;

xiii.   State Grid Corporation of China;

xiv.   China Southern Power Grid Co., Ltd.;

xv.   China Huaneng Group;

xvi.   China Datang Corporation;

xvii.   China Huadian Corporation;

xviii.   China Guodian Corporation;

xix.   China Power Investment Corporation;

xx.   China Three Gorges Corporation;

xxi.   Shenhua Group Corporation Limited;

xxii.   China Telecommunications Corporation;

xxiii.   China United Network Communication Group Co., Ltd.;

xxiv.   China Mobile Communication Corporation;

xxv.   China Electronics Corporation;

xxvi.   China FAW Group Corportion;

xxvii.   Dongfeng Motor Corporation;

xxviii.   China First Heavy Industries;

xxix.   China Natinal Erzhong Group Co.;

xxx.   Harbin Electric Corporation;

xxxi.   Dongfang Electric Corporation;

xxxii.   Anshan Irion and Steel Group Corporation;

xxxiii.   Baosteel Group Corporation;

xxxiv. Wuhan Iron and Steel (Group) Corporation;

xxxv. Aluminum Corporation of China;

xxxvi. China Ocean Shipping (Group) Company;

xxxvii. China Shipping (Group) Company;

xxxviii. China National Aviation Holding Company;

xxxix. China Eastern Air Holding Company;

xl. China Southern Air Holding Company;

xli. Sinochem Group;

xlii. COFCO Limited;

xliii. China Minmetals Corporation;

xliv. China General Technology (Group) Holding, Limited;

xlv. China State Construction Engineering Corporation;

xlvi. China Grain Reserves Corporation;

xlvii. State Development & Investment Corp.;

xlviii. China Merchants Group;

xlix. China Resources;

l. China National Travel Service (HK) Group Corporation [China Travel Service (Holdings) Hong Kong Limited];

li. State Nuclear Power Technology Corporation Ltd.;

lii. Commercial Aircraft Corporation of China, Ltd.;

liii. China Energy Conservation and Environmental Protection Group;

liv. China Energy Conservation Solar Energy Technologies, Inc.;

lv. Apollo Solar Energy, Inc.;

lvi.   Sichuan Apollo Solar Science & Technology Co., Ltd.;

lvii.   China International Engineering Consulting Corporation;

lviii.   China Huafu Trade & Development Group Corp.;

lix.   China Chengtong Holdings Group Ltd.;

lx.   China National Coal Group Corp.;

lxi.   China Coal Technology & Engineering Group Corp.;

lxii.   China National Machinery Industry Corporation;

lxiii.   China Academy of Machinery Science & Technology;

lxiv.   Sinosteel Corporation;

lxv.   China Metallurgical Group Corporation;

lxvi.   China Iron & Steel Research Institute Group;

lxvii.   China National Chemical Corporation;

lxviii.   China National Chemical Engineering Group Corporation;

lxix.   Sinolight Corporation;

lxx.   China National Arts & Crafts (Group) Corporation;

lxxi.   China National Salt Industry Corporation;

lxxii.   Huacheng Investment & Management Co., Ltd.;

lxxiii.   China Hengtian Group Co., Ltd.;

lxxiv.   China National Materials Group Corporation Ltd.;

lxxv.   China Nonferrous Metal Mining (Group) Co., Ltd.;

lxxvi.   General Research Institute for Nonferrous Metals;

lxxvii.   Beijing General Research Institute of Mining & Metallurgy;

lxxviii.   China International Intellectech Corporation;

lxxix.  China Academy of Building Research;

lxxx.  China North Locomotive and Rolling Stock Industry (Group) Corporation;

lxxxi.  China South Locomotive & Rolling Stock Corporation Limited;

lxxxii.  China Railway Signal & Communication Corporation;

lxxxiii.  China Railway Group Limited;

lxxxiv.  China Railway Construction Corporation Limited;

lxxxv.  China Communications Construction Company Limited;

lxxxvi.  Potevio Company Limited;

lxxxvii.  China Academy of Telecommunication and Technology;

lxxxviii.  China National Agricultural Development Group Co., Ltd.;

lxxxix.  Chinatex Corporation;

xc.  Sinotrans & CSC Holdings Co., Ltd.;

xci.  China National Silk Import & Export Corporation;

xcii.  China Forestry Group Corporation;

xciii.  China National Pharmaceutical Group Corporation;

xciv.  CITS Group Corporation;

xcv.  China Poly Group Corporation;

xcvi.  Zhuhai ZhenRong Company;

xcvii.  China Architecture Design & Research Group;

xcviii.  China Metallurgical Geology Bureau;

xcix.  China National Administration of Coal Geology;

c.  Xinxing Cathay International Group Co., Ltd.;

ci.    China Travelsky Holding Company;

cii.    China National Aviation Fuel Group Corporation;

ciii.    China Aviation Supplies Holding Company;

civ.    Power Construction Corporation of China;

cv.    China Energy Engineering Group Co., Ltd;

cvi.    China National Gold Group Corporation;

cvii.    China National Cotton Reserves Corporation;

cviii.    China Printing (Group) Corporation;

cix.    China Guangdong Nuclear Power Holding Corporation Ltd.;

cx.    China Hualu Group Co., Ltd.;

cxi.    Alcatel-Lucent Shanghai Bell Co., Ltd.;

cxii.    IRICO Group Corporation;

cxiii.    Wuhan Research Institute of Post and Telecommunications;

cxiv.    OCT Group;

cxv.    Nam Kwong (Group) Company Limited;

cxvi.    China XD Group;

cxvii.    China Railway Materials Commercial Corp.;

cxviii.    China Reform Holdings Corporation Ltd.;

cxix.    Overseas Oil & Gas Corporation, Ltd.;

cxx.    CNOOC (BVI) Limited;

cxxi.    CNOOC Ltd.;

cxxii.    CNOOC International Limited;

cxxiii.    China Offshore Oil Corporation;

cxxiv.   Overseas International Industrial Co., Ltd.;

cxxv.   China Huaneng Group Corporation;

cxxvi.   Sinopec International Petroleum Exploration and Production Corporation;

cxxvii.   Sinopec Petroleum Exploration & Production Co., Ltd.;

cxxviii.   Sinopec Group Company;

cxxix.   China Petroleum & Chemical Corporation;

cxxx.   Sinopec Corporation;

cxxxi.   Sinopec Petroleum USA LLC;

cxxxii.   Sinopec Petroleum USA LLP;

cxxxiii.   Sinopec USA, Inc.;

cxxxiv.   Pacific Century Motors;

cxxxv.   Beijing E-Town International Investment & Development Co, Ltd.;

cxxxvi.   Tempo International Group;

cxxxvii.   AVIC Electromechanical Co. Ltd.;

cxxxviii.   Aviation Industry Corporation of China;

cxxxix.   Greenland Group Co.;

cxl.   Technify Motor (USA) Inc.;

cxli.   AVIC International Holding Corporation;

cxlii.   Shanghai Greenland Group Co.;

cxliii.   Industrial and Commercial Bank of China;

cxliv.   CITIC Securities Co Ltd.;

cxlv.   OOGC America, Inc.;

cxlvi.   OOGC America LLC;

cxlvii.   GNOC Ltd;

cxlviii.   Beijing West Industries Co., Ltd.;

cxlix.   Hotel Acquisition Company LLC;

cl.   Shanghai Jin Jiang International Hotel (Group) Co., Ltd.;

cli.   Devon Energy Corp.;

clii.   Nexen Petroleum Offshore U.S.A. Inc.;

cliii.   InterGen Energy Inc.;

cliv.   Chesapeake Energy Corporation;

clv.   Chesapeake Exploration LLC;

clvi.   Pioneer Natural Resources Company;

clvii.   Nexteer Automotive;

clviii.   Hilite International;

clix.   Cirrus Industries, Inc.;

clx.   Forest City Ratner Companies LLC;

clxi.   Teledyne Technologies Incorporated;

clxii.   The Bank of East Asia (USA) NA;

clxiii.   BTIG LLC;

clxiv.   StatoiHydro ASA Assets;

clxv.   Delphi Corporation;

clxvi.   Interstate Hotels & Resorts, Inc.;

clxvii.   People's Bank of China;

clxviii.   China Investment Corporation;

clxix.   China Investment Corporation International Co., Ltd.;

clxx.   Harvest Investment Corporation;

clxxi.   Beijing Wonderful Investment, Ltd.;

clxxii.   Chengdong Investment Corporation;

clxxiii.   Country Forest Ltd.;

clxxiv.   Full Blossom Investment Corporation;

clxxv.   Country Hill, Ltd.;

clxxvi.   Bridge Hill Investment;

clxxvii.   Stable Investment Corporation;

clxxviii.   Land Breeze S.A.R. I;

clxxix.   Land Breeze II;

clxxx.   Fengmao Investment Corporation;

clxxxi.   Terrific Investment Corporation;

clxxxii.   Flourish Investment Corporation;

clxxxiii.   Leader Investment Corporation;

clxxxiv.   Guangli Investment Corporation;

clxxxv.   National Social Security Fund.

2.     The following rules of construction apply to all discovery requests:

(a)     The terms "all" and "each" shall be construed as all and each;

(b)     The connectives "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside of its scope;

(c)     The use of the singular form of any word includes the plural and vice versa; and

(d)     Requests that are stated in the present tense include the past tense and those in the past tense include the present tense.

3.     Unless otherwise specifically stated, this Request encompasses documents, which were created, received, or generated or otherwise entered into your possession, custody, or control between January 1, 2001 and the current date (the "Relevant Time Period").

4.     Any document falling within the scope of this Request that is withheld on the basis of a claim of privilege, work product, or any other ground is to be identified in a privilege log, produced in an electronic format that allows text searching and organization of data.  You shall produce a privilege log within 7 days after the production of documents for which privilege is asserted to apply.  For each document for which You assert a privilege applies, you must provide in the privilege log: (a) a statement of the ground alleged for withholding such document; (b) the date of the document; (c) the location of any attachments associated with the document and whether the asserted privilege also applies to such attachments; (d) the identity of its author and signatories; (e) the type of document (*e.g.*, letter); (f) a summary of its content; (g) its present location and custodian; and (h) a listing of all persons to whom the contents of such documents have been disclosed and all persons who have or have had possession, custody, or control of the documents (or any portions thereof), pursuant to Federal Rule of Civil Procedure 45(d)(2).  Notwithstanding the assertion of an objection, any purportedly privileged document containing non-privileged matter must be disclosed with the purportedly

privileged portion redacted, with the redacted portion indicated on the document itself and listed on the privilege log to be provided pursuant to this paragraph.

To assist in the prompt resolution of disputed claims of privilege, You shall submit to the Court under seal, unredacted copies of all documents for which it asserts a privilege.

5.    If you are unable to comply fully with any of the specific requests, you shall comply to the extent possible and provide an explanation as to why full compliance is not possible.  In the event that any documents called for by this Request were formerly in your possession, custody or control, or have been lost or destroyed, those documents are to be identified in writing as follows:  persons who prepared or authorized the documents indicated or blind copies; dates of preparation or transmittal; subject matter; number of pages, attachments or appendices; all persons to whom distributed, shown or explained; date or dates of loss or destruction; and if destroyed, the manner of destruction, reason for destruction, persons authorizing destruction and persons destroying the documents.

6.    This Request is directed to all documents within your possession, custody or control, or within the possession of any of your agents, or within the possession of any entity associated with you, or within the possession, custody, or control of such entity's directors, officers, agents, servants, employees, consultants, and professionals.

7.    Documents are to be produced in full and in their unexpurgated form. Redacted documents shall not constitute compliance with this Request, unless such documents are redacted pursuant to any claim of privilege as set forth in paragraph 4 above.

8. Documents shall be produced in their original language (*e.g.*, Mandarin, German) and shall include any translations of such documents, whether such translations were performed prior to or subsequent to the date of these requests.

9. This Request is intended to be consistent with the Federal Rules of Civil Procedure 26 and 34. This Request is a continuing one and requires further and supplemental production by you as and whenever you acquire or create additional responsive documents after the time of the initial production hereunder.

10. All hard copy documents and electronically stored information (ESI) produced in response to this Request shall be organized and labeled either to correspond with the number of the specific request to which the documents are responsive or shall be produced in the order, format, and manner in which they are kept in the usual course of business. With respect to the production of electronically stored information, all ESI that is demanded is to be produced in its native usable format, as maintained on the computer storage systems, regardless of whether such ESI exists (and/or may have been copied and/or otherwise converted) in more than one electronic format. Plaintiffs request that the parties meet and confer to discuss the timing and manner of Your production in response to these requests.

## DOCUMENTS TO BE PRODUCED

1.      All documents and communications between or among you and Taishan, any Entities related to Taishan, and/or SOEs (as set forth in the definitions and instructions section of Schedule A) during the Relevant Time Period.

2.      All documents sufficient to identify the relationship between you and Taishan, any Entities related to Taishan and/or the SOEs (as set forth in the definitions and instructions section of Schedule A) including any ownership interests and/or common directors and officers during the Relevant Time Period.

3.      All documents relevant to any assets in the United States of any kind whatsoever which you, Taishan, any Entities related to Taishan, or any SOEs (as set forth in the definitions and instructions section of Schedule A) own or owned directly or indirectly, in whole or in part, as sole owner or jointly with others, either of record or beneficially, including without limitation as a partner, general or limited, limited liability member, fiduciary, and as equity or debt holder, or demand deposit holder including but not limited to:

  a) Any and all titles, deeds, or other documents by which **Taishan, any Entities related to Taishan, or any SOEs** (as set forth in the definitions and instructions section of Schedule A) owns or leases any real estate or other immovable property;

  b) Copies of any and all tax returns, including income, personal, VAT or others, **Taishan, any Entities related to Taishan, or any SOEs** (as set forth in the definitions and instructions section of Schedule A) has filed, individually or jointly with any other  corporation, business entity, agency,

or instrumentality, for the previous four (4) calendar years, including all schedules, attachments, and worksheets, and with the name and current address of any and all persons who assisted in preparing those returns;

c) The original instrument for any and all certificates of stock, bonds, mutual funds, brokerage accounts, or indentures, and other securities titled in the name of, or beneficially held by, or for, **Taishan, any Entities related to Taishan, or any SOEs** (as set forth in the definitions and instructions section of Schedule A), whether alone or jointly with any other person(s); corporation, business entity, agency, or instrumentality in any corporation, limited liability company, any other business organized under the laws of any state, or other entity during the last three (3) years;

d) Copies of any and all financial statements in **your** possession, custody or control, prepared by or for **Taishan, any Entities related to Taishan, or any SOEs** (as set forth in the definitions and instructions section of Schedule A), reflecting **such entities'** financial condition during the past three (3) years, whether prepared for **such entities** individually or jointly with any other person or persons, or for a corporation, firm, or other entity in which **such entities** owned an interest;

e) Any and all documents or title, instruments (negotiable and non-negoitable), chattle paper (tangible or intangible), notes, deeds, conveyances, certificates of title, bills of sale, bills of lading, letters of credit, warehouse receipts, mortgages, and security instruments of any kind showing or tending to show the existence of debts owed to or by

**Taishan, any Entities related to Taishan, or any SOEs** (as set forth in the definitions and instructions section of Schedule A), or property owned by **such entities**, or property in which **such entities** have a mortgage or security interest. This request includes all such items executed or in effect during the last three (3) years;

f) Any and all writings, correspondence, and financial records in **your** possession or custody, or subject to **your** control, showing or tending to show monies owed to **Taishan, any Entities related to Taishan, or any SOEs** (as set forth in the definitions and instructions section of Schedule A) **for outstanding debts in connection with any and all commercial activities of such entities**, and all records **such entities** may have showing or tending to show all the persons, corporations, business entities, agencies, or instrumentalities who owe **such entities** money;

g) Any and all insurance policies insuring loss to any property, real or personal, that **Taishan, any Entities related to Taishan, or any SOEs** (as set forth in the definitions and instructions section of Schedule A) own or have owned in the last three (3 years), individually or jointly with any other person(s), corporation, business entity, agency, or instrumentality, or that **such entities** hold for the benefit of any other person(s), corporation, business entity, or instrumentality, that were in effect during the last three (3) years;

h) Any and all pending and executed acts of sale, deeds, contracts, commercial agreements, and all other documents showing transfer of any

and all property, tangible or intangible, owned (in whole or in part), manufactured, produced, or acquired by **Taishan, any Entities related to Taishan and/or any SOEs** (as set forth in the definitions and instructions section of Schedule A), individually or jointly with any other person, corporation, business entity, agency, or instrumentality, during the previous three (3) years up to and including the date of this request;

i) Any and all bank statements, cancelled checks, check stubs, deposit slips, wire  transfer requests, wire transfer receipts, or other documentation of wire transfers to or from **Taishan, any Entities related to Taishan and/or any SOEs** (as set forth in the definitions and instructions section of Schedule A), and other records in **your** possession, custody, or control, showing or tending to show transactions with a bank or other financial institution with which **Taishan, any Entities related to Taishan and/or any SOEs** (as set forth in the definitions and instructions section of Schedule A) did business, or relating to a deposit account on which **Taishan, any Entities related to Taishan and/or any SOEs** has had signature authority during the previous three (3) years, regardless of whether the accounts were in **Taishan's, any Entities related to Taishan and/or any SOE's** name or that of another person(s) corporation, business entity, agency, or instrumentality;

j) Any and all documents relating to any and all interest(s), whether minority or majority interest(s), that **Taishan, any Entities related to Taishan and/or any SOEs** (as set forth in the definitions and instructions section

of Schedule A) has had during the previous three (3) years through the present date, in any entity, corporation, limited liability company, partnership, joint venture, trust, or other business type organized under the laws of any state;

k)   Any and all documents relating in any way to **Taishan's, any Entities related to Taishan, and/or any SOE's** (as set forth in the definitions and instructions section of Schedule A) business, occupation, employment, livelihood, and any and all other sources of income during the last four (4) years, including sales revenue, salaries, income, bonuses, commissions, pension plan, insurance, and other fringe benefits;

l)   Any and all documents reflecting and identifying any and all assets owned by **Taishan, any Entities related to Taishan and/or any SOEs** (as set forth in the definitions and instructions section of Schedule A**), individually or together with any other person(s), corporation, business entity, agency, or instrumentality; whether Taishan, any Entities related to Taishan and/or any SOEs has a majority or minority ownership interest therein,** during the last three (3) years;

m)   Any and all ledger cards, ledgers, journals, memoranda, books of account, and other documents reflecting and identifying **Taishan's, any Entities related to Taishan and/or any SOE's** (as set forth in the definitions and instructions section of Schedule A) assets, payables and receivables during the last three (3) years through the present date;

n) Any and all documents providing any and all information of all sources of **Taishan's, any Entities related to Taishan and/or any SOE's** (as set forth in the definitions and instructions section of Schedule A) income during the last four (4) years;

o) Any and all trust instruments, agreements, correspondence, and other documents relating to all trusts in which **Taishan, any Entities related to Taishan and/or any SOEs** (as set forth in the definitions and instructions section of Schedule A) is a trustee, beneficiary or has any other kind of interest in, together with all documents identifying the assets of such trusts and the present location of each asset, all transactions by such trusts, all transfers of trust property, and the names and addresses of trustees and beneficiaries; this request includes all such items signed or in effect during the last three (3) years to the present date;

p) Any and all records relating to and identifying all motor vehicles, boats, and all other registered movables owned, rented, leased and otherwise used by **Taishan, any Entities related to Taishan and/or any SOEs** (as set forth in the definitions and instructions section of Schedule A) during the last three (3) years to the present date and, if not owned by **such entities**, records identifying the owner thereof along with his/her/its present address, and detail concerning the arrangement under which you were afforded use of the motor vehicle, boat, or other movable;

q) Any and all records relating to safe deposit boxes and/or the extent and circumstances of any and all financial relationships with any banks or

other depositories for securities, cash, or other valuables, rented or otherwise, used by **Taishan, any Entities related to Taishan and/or any SOEs** (as set forth in the definitions and instructions section of Schedule A) or jointly with any other person(s), corporation, business entity, agency, or other business organized under the laws of any state during the last three (3) years to the present date, together with any and all agreements, writings, or other documents memorializing or detailing to extent and circumstances of such relationships;

r)  Any and all documents reflecting and/or identifying all personal property in which **Taishan, any Entities related to Taishan and/or any SOEs** (as set forth in the definitions and instructions section of Schedule A) has any ownership interest in, either jointly, individually, or otherwise, during the last three (3) years to the present date, together with the location of each item and its present market value;

s)  Any and all mortgages, liens, pledges, promissory notes, security agreements, financing statements and all other documents in any way reflecting any security interest, mortgage, lien, pledge, hypothecation or encumbrance of any kind upon any property, real or personal, tangible or intangible, owned by **Taishan, any Entities related to Taishan and/or any SOEs** (as set forth in the definitions and instructions section of Schedule A), whether individually or jointly with others during the last four (4) years to the present date, and in any way evidencing any debt relating thereto;

t)   Any and all documents (including all monthly, quarterly or annual account statements) identifying every securities brokerage account **Taishan, any Entities related to Taishan and/or any SOEs** (as set forth in the definitions and instructions section of Schedule A) has or has had during the last three (3) years, individually or together with any other person(s), corporation, business entity, agency, or instrumentality, and the name and present address of such other person(s), corporation, business entity, agency, or instrumentality;

u)   Any and all documents relating in any way to and identifying any property for which **Taishan, any Entities related to Taishan and/or any SOEs** (as set forth in the definitions and instructions section of Schedule A) or someone on **Taishan's, any Entities related to Taishan and/or any SOE's** behalf has held for another person or firm during the last three (3) years, and such documents relating in any way to property **such entities** has held for another person or firm during that time;

v)   The identities and current addresses of any and all C.P.A.'s, accountants, that **Taishan, any Entities related to Taishan and/or any SOEs** (as set forth in the definitions and instructions section of Schedule A) have hired or used and those that have been hired or used by each corporation, limited liability company, partnership, joint venture, trust, and any other business entity organized under the laws of a foreign state that is owned partially or wholly by **Taishan, any Entities related to Taishan and/or any SOEs,** or any corporation, limited liability company, partnership, joint venture,

trust, and any other business entity organized under the laws of any state possessing any amount of ownership interest in **Taishan, any Entities related to Taishan and/or any SOEs** (i.e. as a parent company) and those with which **Taishan, any Entities related to Taishan and/or any SOEs** have been associated or affiliated with, directly or indirectly through any subsidiary or parent company, in any way during the last three (3) years to the present date;

w) Any and all judgments which have been entered in **Taishan's, any Entities related to Taishan and/or any SOE's** (as set forth in the definitions and instructions section of Schedule A) favor or against **Taishan, any Entities related to Taishan and/or any SOEs** that have not yet been satisfied in full;

x) Any and all documents in any way relating to any and all insurance claims made by **Taishan, any Entities related to Taishan and/or any SOEs** (as set forth in the definitions and instructions section of Schedule A) or on **Taishan's, any Entities related to Taishan and/or any SOE's** behalf during the last six (6) years to the present date, and reflecting the present status of the claim and any proceeds, whatever amount, that **Taishan, any Entities related to Taishan and/or any SOEs** may have received or is entitled to receive as a result thereof;

y) Any and all appraisal reports, documents, or correspondence prepared during the last three (3) years to the present date regarding any property **Taishan, any Entities related to Taishan and/or any SOEs** (as set forth

in the definitions and instructions section of Schedule A) owned, either individually or jointly with any other person or persons, or upon which **Taishan, any Entities related to Taishan and/or any SOEs** has held a mortgage, security interest, lien, pledge or other encumbrance, either individually or jointly with any other person(s), corporation, business entity, agency, or instrumentality, or in which **Taishan, any Entities related to Taishan and/or any SOEs** has had any other kind of interest during the last three years to the present date, and the status thereof;

z) Any and all documents reflecting each and every corporation, business entity, agency, or instrumentality possessing an ownership interest in **Taishan, any Entities related to Taishan and/or any SOEs** (as set forth in the definitions and instructions section of Schedule A), whether such interest is a majority or minority interest, including but not limited to the full name, address and contact information for such owner during the last four (4) years; and

aa) Any and all documents, correspondence, or other writing, both electronic and tangible, reflecting the location of any and all business dealings, whether directly by **Taishan, any Entities related to Taishan and/or any SOEs** (as set forth in the definitions and instructions section of Schedule A) or on their behalf directly or indirectly, from which **Taishan, any Entities related to Taishan and/or any SOEs** obtained assets or any percent ownership interest in or right to any asset located throughout the world in any place.

bb) The full names, current addresses and contact information for any and all individuals, corporations, agents, brokers, or other business entity employed by **Taishan, any Entities related to Taishan and/or any SOEs** (as set forth in the definitions and instructions section of Schedule A), in any manner, for assistance in loading, unloading, appraising, inspecting, facilitating delivery or transfer, or otherwise providing services in delivery and/or transfer of goods manufactured, produced, sold, traded, or otherwise placed into the United States stream of commerce by **Taishan, any Entities related to Taishan and/or any SOEs** during the last three (3) years to the present date.

cc) Any and all contracts, agreements, correspondence, or other written documents reflecting an agreement between **Taishan, any Entities related to Taishan and/or any SOEs** (as set forth in the definitions and instructions section of Schedule A) and any other person(s), corporation, business entity, agency, or other business organized under the laws of a foreign state for the loading, shipment, unloading, transfer, transport, inspection, appraisal, delivery, or any other service in the sale, trade, or other commercial transaction for the sale, trade, production, manufacture, fabrication, of goods in which **Taishan, any Entities related to Taishan and/or any SOEs** has any ownership interest, individually or with other persons, corporations, business entities, agencies, instrumentalities, or other business organized under the laws of any state.

dd) Any and all documents memorializing payments, credits, or any other form of compensation provided by **Taishan, any Entities related to Taishan and/or any SOEs** (as set forth in the definitions and instructions section of Schedule A) for brokerage services in loading, shipment, unloading, transfer, transport, inspection, appraisal, delivery, or any other service in the sale, trade, or other commercial transaction for the sale, trade, production, manufacture, fabrication, of goods in which **Taishan, any Entities related to Taishan and/or any SOEs** has any ownership interest, individually or with other persons, corporations, business entities, agencies, instrumentalities, or other business organized under the laws of any state.

ee) A list of any and all vessels owned, operated, used or to be used by **Taishan, any Entities related to Taishan and/or any SOEs** (as set forth in the definitions and instructions section of Schedule A) for the shipment of goods in which **such entities** had or has any interest either as seller, broker, agent, consignee, consigner, manufacturer, or producer under any and all contracts, commercial agreements, or other business arrangement for the sale of such goods by **Taishan, any Entities related to Taishan and/or any SOEs**; and a complete listing of the precise U.S. locations and anticipated dates or date ranges each vessel is expected to arrive with said cargo.

ff) A detailed description of, including the quantity and present market value, of any and all goods sold, consigned, manufactured, fabricated, or

otherwise placed into the stream of commerce by **Taishan, any Entities related to Taishan and/or any SOEs** (as set forth in the definitions and instructions section of Schedule A) and to be shipped and delivered anywhere in the United States under a contract, act of sale, consignment, or any other commercial transaction, executing or currently pending, to which **Taishan, any Entities related to Taishan and/or any SOEs** were a party, individually or together with any other person(s), corporation, limited liability company, or any other business organization formed under the laws of any state, in the last four (4) years to present date.

gg) Any and all contracts, agreements, correspondence, or other written documents reflecting any agreement or understanding between **Taishan, any Entities related to Taishan and/or any SOEs** (as set forth in the definitions and instructions section of Schedule A) and Alibaba Group, or any of its subsidiaries, for the sale, resale, consignment, referral, marketing, advertising, or other mechanism whereby **Taishan's, any Entities related to Taishan and/or any SOE's** products are placed into the stream of commerce; and detail concerning the specific facts and circumstances of any arrangement between **such entities** and Alibaba Group Holdings, Ltd. or any of its subsidiaries for such services.

hh) Any and all documents reflecting any sums outstanding or paid within the previous 4 years to the present date, by **Taishan, any Entities related to Taishan and/or any SOEs** (as set forth in the definitions and instructions section of Schedule A) to Alibaba Group Holdings, Ltd. or any of its

subsidiaries for the purpose of advertising, marketing, commissions, fees, or any other purpose which results in placing **Taishan's, any Entities related to Taishan and/or any SOE's** products into the stream of commerce.

4.      All documents of title or bills of lading related to shipments of goods/commodities/merchandise to the United States and all other documents relevant to the carriage of such goods/commodities/merchandise that involve you, Taishan, any Entities related to Taishan, and/or SOEs (as set forth in the definitions and instructions section of Schedule A) during the Relevant Time Period regardless of which party is listed as the purchaser, seller, shipper, consignee, and/or notify party and regardless of whether such documents are negotiable or nonnegotiable and/or whether the risk of loss has shifted (*i.e.*, regardless of whether the documents evidence a transaction that is or was F.O.B., F.A.S., C.I.F., or C. & F. and regardless of the status of delivery and payment for such goods/commodities/merchandise).

5.      All document sufficient to identify the status of any shipments of goods/commodities/merchandise to the United States involving you, Taishan, any Entities related to Taishan, and/or SOEs (as set forth in the definitions and instructions section of Schedule A) during the Relevant Time Period including but not limited to the nature of the goods/commodities/merchandise, the commercial terms for such shipments, the port of shipment, the port of arrival, the carrier, the vessel, any parties providing a letter of credit, the current status of such shipments including the current location of the goods/commodities/merchandise   and   the   status   of   payment   for   the goods/commodities/merchandise.

6.      All documents or communications regarding whether you, Taishan, any Entities related to Taishan and/or SOEs (as set forth in the definitions and instructions section of Schedule A) have conducted any commercial business or judicial business (litigation, mediation, arbitration, settlement) in the United States, and the profits earned by such entities during the Relevant Time Period.

7.      All documents sufficient to identify the deposition topics listed below.

## DEPOSITION TOPICS

Pursuant to Rule 30(b)(6), you shall designate and produce for deposition one or more of your officers, directors, managing agents, or other persons who consent to testify on your behalf concerning the following subject matters:

1.      The nature of every transaction between you and Taishan, any Entities related to Taishan and/or SOEs (as set forth in the definitions and instructions section of Schedule A), including, but not limited to, all face-to-face, telephonic, e-mail, instant message, text message, and/or any other electronically transmitted communications.

2.      Any commercial interactions or commercial relationships you have with Taishan, Entities related to Taishan and/or SOEs (as set forth in the definitions and instructions section of Schedule A), and all intermediaries, during the Relevant Time Period.

3.      Your relationship with Taishan, Entities related to Taishan and/or SOEs including any ownership interests and/or common directors and officers.

4.      All documents produced in response to the document request and any and all commercial transactions evidenced by such documents.

5.      All assets in the United States of any kind whatsoever which you, Taishan, any Entities related to Taishan and/or SOEs (as set forth in the definitions and instructions section of Schedule A) own or owned directly or indirectly, in whole or in part, as sole owner or jointly with others, either of record or beneficially, including without limitation as a partner, general or limited, limited liability member, fiduciary, and as equity or debt holder, or demand deposit holder including but not limited to the types of assets identified in document request no. 3 above.

6.      The Order entered by the Court on July 17, 2014 [Rec. Doc. 17869](attached hereto as Exhibit "A"), including your awareness, understanding, and/or implementation of the provision enjoining you and "any of its affiliates or subsidiaries" of Taishan from conducting business in the United States.

7.      Your knowledge regarding whether you, Taishan, any Entities related to Taishan and/or SOEs (as set forth in the definitions and instructions section of Schedule A) have conducted any business in the United States and the profits earned by such entities during the Relevant Time Period.

# EXHIBIT "A"

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | : | MDL NO. 2047 |
| IN RE: CHINESE MANUFACTURED DRYWALL | : | |
| PRODUCTS LIABILITY LITIGATION | : | SECTION: L |
| | : | |
| | : | JUDGE FALLON |
| | : | MAG. JUDGE WILKINSON |
| . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . | : | |

**THIS DOCUMENT RELATES TO:** *Germano, et al. v. Taishan Gypsum Co., Ltd., f/k/a Shandong Taihe Dongxin Co., Ltd., et al.,* **Case No. 2:09-cv-6687 (E.D. La.)**

<u>ORDER</u>

From 2005 to 2008, a housing boom coincided with the destruction caused by Hurricanes Katrina and Rita to sharply increase the demand for construction materials in the Gulf South and East Coast. In response, Chinese companies manufactured, and sold to homeowners throughout the United States, considerable quantities of gypsum wallboard which came to be known as "Chinese drywall." Homeowners experienced problems with the drywall. Specifically, the drywall emits various sulfide gases, damages structural mechanical and plumbing systems of the home, and damages other appliances in the home. The affected parties sued the entities involved in the manufacturing, importing, and installing the Chinese drywall. The cases multiplied and the Judicial Panel on Multidistrict Litigation ("MDL"), declared the matter an MDL and transferred the cases to this Court. After a period of discovery, it became clear that there were two principal manufacturers, (1) the Knauf Entities, and (2) the Taishan Entities. There are four cases in particular in which Taishan Entities have been served (via international means at the Hague, costing at least $100,000 per service of process). These four cases are *Germano*, *Mitchel*, *Gross*, and *Wiltz*. The matters were set to trial and default judgments were entered. In the instant case, *Germano*, Taishan Gypsum Co., Ltd., f/k/a Shandong Taihe Dongxin Co., Ltd ("Taishan") is the

Defendant. Taishan refused to participate in any of these proceedings.

The day before the expiration of the window for appeal, Taishan appeared and appealed to the Fifth Circuit Court of Appeals, arguing – for the first time – that this Court lacked personal jurisdiction. The matters were remanded to this Court for further discovery on the jurisdictional issue. After a period of discovery, this issue was briefed and argued. In due course, this Court rendered an opinion finding it had jurisdiction over the Defendant Taishan. The Defendant appealed the Court's judgment. Ultimately, two separate Fifth Circuit panels affirmed this Court's exercise of jurisdiction over Taishan. In *Germano*, the time for seeking writs to the Supreme Court has passed, so such judgment has become final and enforceable. In order to execute the judgment, Plaintiffs moved for a Judgment Debtor Examination. The Court ordered Taishan to appear in open court on the morning of July 17, 2014 for a Judgment Debtor Examination (Rec. Doc. 17774).

Taishan failed to appear for the July 17, 2014 Judgment Debtor Examination. Taishan, in fact, has *refused* to appear in open court for the Examination. As stated by counsel for Taishan, both in open court and in a brief (Rec. Doc. 17846), Taishan has received notice of the Examination and has refused to appear or otherwise participate in the proceedings.

As a consequence of Taishan's refusal to appear at this Judgement Debtor Examination, in direct, willful violation of this Court's June 20, 2014 order, the Court holds Taishan in contempt of court, both criminally and civilly. This refusal to appear is a direct contemptuous act occurring in open court after actual notice of the proceedings. Such disobedience of the Court's order harms both the many other parties in this case and the decorum of the Court. Due to the "affront to the Court's dignity [that] is [] widely observed," it is necessary to summarily punish

Taishan's contempt. *Pounders v. Watson*, 521 (U.S. 982, 988-89) (1997); Fed. Rule Crim. Pro. 42(b).

In punishing Taishan's contempt, the Court "has broad discretion in assessing sanctions to protect the sanctity of its decrees and the legal process." *Test Masters Educational Servs. v. Singh*, 428 F.3d 559 (5th Cir. 2005). In this massive suit, the harm from Taishan's noncompliance is high and requires strong sanctions to coerce compliance and restore integrity to these proceedings. *Lamar Financial Corp. v. Adams*, 918 F.2d 564, 567 (5th Cir. 1990) (setting forth four factors by which the Court assesses an appropriate contempt sanction); *see Manhattan Industries v. Sweater Bee, Ltd.*, 885 F.2d 1, 6 (2d Cir. 1989) (affirming the propriety of an award of unjust enrichment contempt sanctions aligned with the contemptor's profits to punish the wrongdoing). Accordingly,

**IT IS ORDERED** that Taishan pay **$15,000** in attorneys' fees to Plaintiffs' counsel.

**IT IS FURTHER ORDERED** that Taishan pay **$40,000** as a penalty for contempt.

**IT IS FURTHER ORDERED** that Taishan, and any of its affiliates or subsidiaries, is hereby **ENJOINED** from conducting any business in the United States until or unless it participates in this judicial process. If Taishan violates this injunction, it must pay a further penalty of **25%** of the profits earned by the company or its affillates who violate the order, for the year of the violation.

**IT IS FURTHER ORDERED** that the clerk of court forward this contempt order to the U.S. Secretary of Commerce, the Chair of the U.S. Senate Committee on Commerce**,** Science, and Transportation, and the U.S. Attorney General, so that these officials are aware of the seriousness of the situation, and for any appropriate action they may see fit.

New Orleans, Louisiana this 17th day of July, 2014.

UNITED STATES DISTRICT JUDGE

CC:  Secretary Penny Pritzker
     U.S. Department of Commerce
     1401 Constitution Ave., NW
     Washington, DC 20230

     U.S. Senator Jay Rockefeller
     Chair of U.S. Senate Committee on Commerce, Science, and Transportation
     Russell Senate Building, Room 254
     2 Constitution Ave., NE
     Washington, DC 20002

     U.S. Attorney General Eric Holder
     U.S. Department of Justice
     950 Pennsylvania Ave., NW
     Washington, DC 20530-0001