UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE:<br>CHINESE MANUFACTURED DRYWALL<br>PRODUCTS LIABILITY LITIGATION | MDL No. 2047<br>Section:  L<br><br>**JUDGE FALLON**<br>**MAG. JUDGE WILKINSON** |

THIS DOCUMENT RELATES TO:
LEWIS, ETHEL AND LEWIS-PIERRE, LATOYA
(Claimant No. 100241)

and

*Payton, et al. v. Knauf Gips KG, et al.*
Case No. 2:09-cv-07628 (E.D. La.)
*Gross, et al. v. Knauf Gips KG, et al.*
Case No. 2:09-cv-06690 (E.D. La.)
*Rogers, et al. v. Knauf Gips KG, et al.*
Case No. 2:10-cv-00362 (E.D. La.)
*Abreu, et al. v. Gebrueder Knauf*
*Verwaltungsgesellschaft KG, et al.*
Case No. 2:11-cv-00252 (E.D. La.)
*Block, et al. v. Gebrueder Knauf*
*Verwaltungsgesellschaft KG, et al.*
Case No. 2:11-cv-2349 (E.D. La.)
*Arndt, et al. v. Gebrueder Knauf*
*Verwaltungsgesellschaft KG, et al.*
Case No. 2:11-cv-2349 (E.D. La.)
*Cassidy, et al. v. Gebrueder Knauf*
*Verwaltungsgesellschaft KG, et al.*
Case No. 2:11-cv-3023 (E.D. La.)
*Vickers, et al. v. Knauf Gips KG, et al.*
Case No. 2:09-cv-04117
_____/

**MEMORANDUM OF LAW IN SUPPORT OF MOTION OF LEWIS, ETHEL AND LEWIS-PIERRE, LATOYA (Claimant No. 101369) TO COMPEL SETTLEMENT ADMINISTRATOR TO RECLASSIFY ERRONEOUSLY FILED GBI CLAIM AS SHORT SALE CLAIM AND ISSUE APPROPRIATE PAYMENT**

**MAY IT PLEASE THE COURT:**

1

Pursuant to Paragraph 7 of the Global Allocation Plan, paragraph 4 of CAP No. 2013-6 ("CAP 6"), and the Local Rules of this Court, Claimants Ethel Lewis and Latoya Lewis-Pierre (Claimant No. 101369) ("the Lewis Family") respectfully file this Memorandum of Law in Support of their Motion to Compel Settlement Administrator to Reclassify Erroneously Filed GBI Claim as Short Sale Claim and Issue Appropriate Payment.

## SUMMARY OF ARGUMENT AND RELIEF REQUESTED

Paragraph 4 of CAP 6 provides:

> ***4. Claims filed in Error***.  If the Settlement Administrator determines that a claimant *may* have a valid claim but erroneously filed an incorrect claim form, ***the Settlement Administrator will notify the claimant of the filing error.***  After notification, the claimant will have 30 days from the date the Settlement Administrator notifies the claimant of the error to file a proper claim using the correct claim form.

(emphasis added).

The Lewis Family respectfully moves the Court for an Order compelling the Settlement Administrator to do whatever is necessary to convert or reclassify their claim to a "short sale," "other losses," or "miscellaneous" claim and otherwise do whatever is necessary (such as using reserve funds for late-filed and miscellaneous claims) to issue an appropriate payment.  Despite receiving abundant evidence that this claim was erroneously classified as a GBI claim, as well as direct questioning by undersigned counsel regarding whether the claim was properly classified, the Settlement Administrator violated her duty under paragraph 4 of CAP 6 to "notify the claimant of the filing error."  The Court has the discretion and the authority to craft a remedy that will properly compensate the Lewis Family for their valid short-sale "other losses" claim, and it would be a miscarriage of justice if they are not justly compensated because of a scrivenor's error and the Settlement Administrator's failure to comply with paragraph 4 of CAP 6.

2

**BACKGROUND FACTS**

On May 21, 2013, the Lewis Family submitted a Registration Form (Exhibit A) to the BrownGreer settlement portal. On this form, the Lewis Family checked the boxes to register the following claims: "Remediation," "Other Losses," and "Bodily Injury." The "other losses" category, which the Lewis Family checked, describes this type of claim as follows:

> The Other Loss fund is intended to provide compensation for Pre-Remediation Alternative Living Expenses, Lost Use, Sales, and Rentals, Foreclosure losses, and *Short Sale losses*….

(emphasis added). Undersigned counsel believed, therefore, that he had registered a claim on behalf of the Lewis Family for the "short sale" type of claim, as of the filing of the Registration Form on May 21, 2013.

On September 26, 2013, the Lewis Family uploaded, to the BrownGreer portal, claim forms for "Knauf remediation" and "GBI" claims. (Exhibits B and C). This, apparently, was a scrivenor's error, and a claim form for "other losses" should also have been uploaded. At the time, undersigned counsel believed that the prior registration of "other losses" using the Registration Form had placed the Lewis Family into the correct category allowing them to claim a "short sale" loss under the Knauf and/or Banner (aka "GBI") settlements. Under paragraph 4 of CAP 6, the Settlement Administrator had a duty as of September 26, 2013 to notify undersigned counsel of the missing claim form. The Registration Form had identified "other losses" as a claim the Lewis Family intended to pursue, but as of September 26, 2013 the Lewis Family had uploaded claim forms only for the Knauf remediation and GBI types of claims. While the failure to upload an "other losses" form was, in the first instance, a scrivenor's error made by undersigned counsel's law firm, under paragraph 4 of CAP 6, the Settlement

3

Administrator had a duty to notify undersigned counsel of the technicality, which would have easily and immediately been corrected.

On February 25, 2014, while working to get the correct claims deemed eligible and the Lewis Family properly compensated, undersigned counsel's office emailed Katie Hamilton, BrownGreer's agent working on this matter. At the time, the claim being discussed was erroneously classified as a GBI claim, and undersigned counsel's office was working on proving the affected property's square footage. Attorney Jeffrey Donner of undersigned counsel's office wrote, "By the way, the property was sold in a short sale. This shows the current owner. Could that be the problem—that this is under the Banner type of settlement claim?" Responding, Ms. Hamilton wrote, "Eventually yes. We haven't gotten to the point of issuing payments, but we when we (sic) do we will have to research current owner versus previous owner and determine who has rights to the claim per the Settlement Agreement." (See Exhibit D). Mr. Donner replied, "That will be fun." [1] While we do not make any allegations of malfeasance or intent against the Settlement Administrator, we are constrained to note that the Settlement Administrator violated paragraph 4 of CAP 6 when Ms. Hamilton did not advise undersigned counsel that the correct claim form had not been uploaded. Not only had the Lewis Family uploaded evidence showing that they might have a valid short sale claim[2] while erroneously

---

[1] Throughout this process, regarding all of undersigned counsel's claimants, Ms. Hamilton (now Ms. Sanderson) has been extremely helpful, courteous, and knowledgeable. She has provided undersigned counsel's office with advice and assistance in getting the claims of our clients filed properly. The conversational tone displayed in the emails that are attached to this Memorandum as Exhibit D is indicative of the good working relationship Mr. Donner and undersigned counsel's office has with Ms. Sanderson. Without attributing any malice, of course, we respectfully suggest that this is evidence that undersigned counsel felt confident that if a form was missing as this claim was being analyzed, the Settlement Administrator would have so informed counsel. We absolutely do not attribute any bad intention to Ms. Hamilton, who was working extremely hard and also trying to figure out the complicated settlement scheme under which we were both operating.

[2] And the standard is simply "If the Settlement Administrator determines that a claimant *may* have a valid claim…." ¶ 4, CAP 6 (emphasis added). As of February 25, 2014, the Lewis Family had uploaded deeds, closing documents, and Miami-Dade County official records showing that (1) the Lewis Family no longer

filing an incorrect claim form, but undersigned counsel had directly asked whether the problem they were discussing at the moment was caused by the fact that the claim was a misclassified short sale claim.

Additionally, on March 6, 2014, while discussing the fact that the file was missing proof of current ownership, Mr. Donner emailed Ms. Hamilton: "… We flat out admit the property was short sold, so the claimant no longer owns the property. We uploaded the deed from when they did own it, and papers from the sale showing there was a CDW disclosure that lowered the price. So is this notice because for this type of claim (Knauf remediation) the claimant has to be current owner? Can't we select 'cash out' option in this settlement?  Thanks." (Exhibit E).

Again, at this time of this e-mail exchange, Mr. Donner and Ms. Hamilton were discussing how to get a claim for the *Knauf settlement* approved. Mr. Donner specifically noted, for the second time, that it was a short sale property and asked if the "cash out" option would be the solution. Mr. Donner's (mistaken) understanding at that time—and the e-mails themselves show this—was that the "cash out" option was the procedural vehicle for a claimant to be properly compensated when the property was short sold, because the settlement funds were coming from the Knauf settlement. While Mr. Donner's understanding of the complex settlement documents and technical forms was incorrect, it is clear, reading this exchange carefully, that Mr.

---

owned the property and (2) there had been a short sale with an express price reduction caused by the disclosed presence of defective Chinese Drywall.  And undersigned counsel's office had directly questioned the Settlement Administrator regarding whether the claim should have been classified as a short sale claim and was being improperly reviewed.  *See* BrownGreer Portal Doc. Nos. 179491 (Short Sale Deed, uploaded to BrownGreer portal on Nov. 7, 2013 – labeled "Lewis Short Sale" when uploaded); 241710 (Addendum No. 2 to Short Sale Purchase and Sale Contract, noting express price reduction because of Chinese Drywall, uploaded on Feb. 21, 2014 – labeled "short sale CDW disclosure shows price reduced because of CDW"); 227840 (Miami-Dade Official Property Records showing Lewis Family no longer owned the property, uploaded on Feb. 10, 2014 – labeled "Lewis property appraiser doc showing square footage").  This evidence, at that point in time, was easily enough to satisfy the "***may*** have a valid claim" standard, which triggered the Settlement Administrator's duty under paragraph 4 of CAP 6 to notify the Lewis Family of the filing error. The express "filing error" to which paragraph 4 refers is "filing an incorrect claim form," which is the exact minor error that occurred in this case and which would have easily been corrected in a matter of minutes.

Donner thought the "cash out" option would be used to compensate the Lewis Family because the property had been short sold. This was the second time that Mr. Donner directly asked, essentially, whether the short-sale "other losses" claim—which he had registered on May 21, 2013—had been improperly classified.

## ARGUMENT

### A. Paragraph 4 of CAP 6 Requires the Settlement Administrator to Notify a Claimant of a Filing Error

Paragraph 4 of CAP 6 provides:

> *4. Claims filed in Error*.  If the Settlement Administrator determines that a claimant *may* have a valid claim but erroneously filed an incorrect claim form, ***the Settlement Administrator will notify the claimant of the filing error.***  After notification, the claimant will have 30 days from the date the Settlement Administrator notifies the claimant of the error to file a proper claim using the correct claim form.

(emphasis added).

The Lewis Family respectfully suggests that the Settlement Administrator violated paragraph 4 of CAP 6 when, after receiving e-mails from undersigned counsel's office directly asking whether the short sale claim had been misclassified and evidence submitted to the portal showing that a short sale claim was appropriate, she did not notify undersigned counsel that there had been a filing error regarding the claim form. In possession of this evidence and direct questions from the Lewis Family's counsel, the Settlement Administrator should have provided such notice, and undersigned counsel would have filed the correct claim form within the 30 day timeframe.

### B. There Was a Scrivenor's Error and the Settlement Administrator Violated Paragraph 4 of CAP 6

Despite being presented with clear evidence that, due to a scrivenor's error, the Lewis Family's short sale claim had been improperly classified and was being evaluated under the

criteria for GBI and Knauf Remediation claims, as well as direct questioning by undersigned counsel's office regarding a potential mistake and seeking guidance, the Settlement Administrator failed to either provide the notice required by paragraph 4 or reclassify the claim. Because of this violation of paragraph 4 and a technicality, the Lewis Family's short sale claim was improperly denied. Justice requires that the Court order the Settlement Administrator to correct this injustice by reclassifying Lewis Family's claim as a short sale claim, or otherwise doing whatever is necessary to equally compensate the Lewis Family, such as by using "other loss," "miscellaneous," or discretionary funds that have been set aside for late-filed or "miscellaneous" claims.

The record shows that between February of 2014 and January of 2015, undersigned counsel thought his office was working with the Settlement Administrator's office simply to get the appropriate claim(s) approved, submitting the evidence needed, without any hint of an idea that the claim would be denied based on a technicality—the lack of a claim form for "miscellaneous" or "other losses" claims. It was not until December 11, 2014 that undersigned counsel was informed by the Settlement Administrator's office that the Settlement Administrator intended to deny the Lewis Family's GBI claim (which was really a short sale claim) because the subsequent purchaser had assigned the remediation claim to Lennar (the builder). On December 11, 2014, the Settlement Administrator forwarded a spreadsheet that showed pending issues concerning undersigned counsel's clients. Regarding the Lewis Family's claims, the Settlement Administrator wrote:

> Competing claim filed by Lennar Corporation. Co-owner Latoya Lewis-Pierre purchased the property from Lennar in 2006. Latoya Lewis-Pierre sold the property to another claimant who entered into an agreement with Lennar to have the home remediated (confirmed from Miami Ddae property records). The current owner signed a work authorization agreement/assignment and assigned

>this claim to Lennar. Did Latoya Lewis-Pierre retain rights to this claim in writing?

See Exhibit F.  At this point in the timeline, it is clear that even the Settlement Administrator's office was confused about the nature of the claim being pursued—it is as if there was a loss of "institutional knowledge" in the Settlement Administrator's office regarding the prior inquiries from undersigned counsel regarding whether the claim should have been classified as a short sale claim. The reasoning displayed by the Settlement Administrator in the quote above, transmitted on December 11, 2014, indicates as much.

Undersigned counsel did not understand, even as late as January 2015, that the failure to file a "miscellaneous" or "other losses" claim form would cause an issue with the Lewis Family getting appropriately compensated, knowing that the Settlement Administrator knew that they were pursuing a short sale claim.  The Settlement Administrator was in ongoing violation of paragraph 4 of CAP 6 for many months.

Subsequent to December 11, 2014, undersigned counsel's office continued to communicate with the Settlement Administrator's office without receiving any indication that filing the instant motion would be required.  Ms. Sanderson advised Mr. Donner that it was possible that the Settlement Administrator would be able to reclassify the claim as a Short Sale claim, and even stated during a phone conference that occurred on January 22, 2015 that Mr. Donner could expect this reclassification to occur.  During this phone conference, ***Ms. Hamilton admitted that the Settlement Administrator had violated paragraph 4 of CAP 6*** when she did not advise of the scrivenor's error much earlier in this process, after being in receipt of Mr. Donner's e-mails directly asking if the claim had been improperly classified and evidence showing that a short sale with Chinese-drywall disclosure had taken place. Immediately following the conclusion of this phone conference, Mr. Donner, understanding that the

Settlement Administrator would properly reclassify the claim, wrote an e-mail to his supervising attorney memorializing this admission.

It was not until January 23, 2015 that Ms. Hamilton e-mailed Mr. Donner with the surprising message that the Settlement Administrator would not reclassify the Lewis Family's claim. (Exhibit G). Undersigned counsel was surprised to receive this message after Ms. Hamilton had stated during a phone conference the prior day that the Settlement Administrator would reclassify the claim to a Short Sale claim because of her violation of paragraph 4 of CAP 6.

Whether paid under a "GBI claim" or "Other Losses" or "Short Sale" or "Miscellaneous Claim," dollars and damages are fungible. The Lewis Family never sought or expected a windfall or more than their actual damages. It turns out that the appropriate way to categorize the Lewis Family's damages under the complex settlement scheme that has been approved in this case is a "Short Sale" claim that is part of the "Other Losses" category. The Lewis Family should not be punished for a scrivenor's error made by their law firm or the Settlement Administrator's failure to comply with paragraph 4 of CAP 6. They have submitted to the BrownGreer portal all appropriate evidence to be approved for a payment under the Short Sale subcategory of the "Other Losses" claim type, and as of now their claim stands to be denied because of the failure to file an "Other Losses" claim form, even though their Registration Form checked the box to make that type of claim. Denial of payment to the Lewis Family under these circumstances would be a gross miscarriage of justice.

### C. The Lewis Family Qualifies for a Short Sale ("Other Losses") Eligibility Determination

The preceding section explains why the Court should not allow the Lewis Family's claim to be denied on a technicality. Substantively, the Lewis Family meets the requirements for an

Eligibility Determination for the Short Sale ("other losses") type of claim. The Lewis Family has uploaded all necessary evidence to the BrownGreer portal, including an expert affidavit and the affidavit of Latoya Lewis-Pierre. *See* Composite Exhibit H.

In short, the Lewis Family had the ability, desire, and willingness to continue living in the affected property while keeping the mortgage payments current. They stopped making payments and made plans to conduct a short sale because of the presence of defective Chinese Drywall manufactured by Knauf-Tianjin and supplied by Banner Supply Company. The presence of the defective Knauf-Tianjin Chinese Drywall rendered the home uninhabitable and was the actual and proximate cause of the Lewis Family having no choice but to find a buyer and complete a short sale, with proper disclosure of the presence of Chinese drywall. But for the fact that the Lewis Family's home was constructed with an abundance of defective Knauf-Tianjin Chinese drywall, the Lewis Family would not have sold the property in a short sale and would be living in the property today with the mortgage payments current.

The Lewis Family understands that the Settlement Administrator claims that she cannot reclassify their claim into a "short sale"/"other losses" or "miscellaneous" claim at this juncture, because the pro rata distribution for this type of claim has already been calculated. The Lewis Family respectfully suggests that the Court can and should exercise its discretionary power to do justice for the Lewis Family using all tools available to the Court, such as by using the funds set aside for "miscellaneous claims" and any other monies that have been set aside for late-filed claims and contingencies. The Court has such power, and justice demands that the Lewis Family be properly compensated and not punished for a scrivenor's error and the Settlement Administrator's violation of paragraph 4 of CAP 6.

# CONCLUSION

The Lewis Family has a valid claim to participate in the "short sale" subcategory of the "other losses" claim type provided for by the settlements with Banner Supply Company and/or Knauf-Tianjin and Knauf Gips. Because of a technicality, the failure to upload the correct claim form to the settlement portal, and because of her own failure to comply with paragraph 4 of CAP 6, the Settlement Administrator has denied the Lewis Family's short sale "other losses" claim.

As the property was indeed sold, the Lewis Family cannot benefit from the Knauf remediation type of settlement. It would be a manifest insult to justice, and justice cannot be served, unless the Court crafts a remedy that will properly compensate the Lewis Family for their losses, which were actually and proximately caused by defective Knauf-manufactured Chinese Drywall that was supplied by Banner Supply Company. The Court should order the Settlement Administrator to retroactively approve a "short sale"/"other losses" or "miscellaneous" claim—or any other type of claim or remedy that is available to the Settlement Administrator and the Court to award the appropriate settlement dollars to the Lewis Family.

Respectfully submitted on March 4, 2015,

PODHURST ORSECK, P.A.
*Counsel for Claimants George & Gloria Anderton*
25 West Flagler Street, Suite 800
Miami, Florida 33130
Telephone: 305-358-2800
Facsimile: 305-358-2382

By:    s/ John Gravante
      Robert C. Josefsberg
      Florida Bar No. 40856
      rjosefsberg@podhurst.com
      Peter Prieto
      Florida Bar No. 501492
      pprieto@podhurst.com
      John Gravante, III
      Florida Bar No. 617113
      jgravante@podhurst.com

## **CERTIFICATE OF SERVICE**

I hereby certify that the above and foregoing has been served on Defendants' Liaison Counsel, Kerry Miller, by e-mail and upon all parties by electronically uploading the same to LexisNexis File & Serve in accordance with Pre-Trial Order No. 6, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2047 on March 4, 2015.

> s/ John Gravante
> *Counsel for Claimants*
> 25 West Flagler Street, Suite 800
> Miami, Florida 33130
> Telephone: 305-358-2800
> Facsimile: 305-358-2382