# EXHIBIT G

# Jeffrey T. Donner

**From:** Katie Sanderson <ksanderson@browngreer.com>
**Sent:** Friday, January 23, 2015 1:01 PM
**To:** Jeffrey T. Donner
**Subject:** Lewis (101369) - Reclassification of GBI to FCLR

Jeff,

We cannot reclassify Ms. Lewis' GBI claim to a FCLR claim at this time because the pro-rata calculation is already in place and adding new/late claims at this time would affect the pro-rata calculation approved in PTO 29. We may be able to accept them at a later time based on available funds after we've paid eligible Other Loss claims and after the Special Master reviews Requests for Special Master Award. I cannot speculate on when this may be or the likelihood of our ability to reclassify this claim. In the meantime, you are free to file a Motion with the Court requesting the Settlement Administrator reclassify Ms. Lewis' GBI to a FCLR claim.

Thank you,
Katie

---

**From:** Jeffrey T. Donner [mailto:JDonner@podhurst.com]
**Sent:** Wednesday, January 21, 2015 4:27 PM
**To:** Katie Sanderson
**Subject:** RE: Lewis denial (101369)

Thank you. At this point we hereby request reclassifaction to short sale claim. And we reserve the right to make future arguments and appeals as you noted.

Jeffrey T. Donner
**PodhurstOrseck**
25 W. Flagler Street, Suite 800
Miami, FL 33130
Tel: 305.358.2800
Fax: 305.358.2382
E-mail: jdonner@podhurst.com

---

**From:** Katie Sanderson [mailto:ksanderson@browngreer.com]
**Sent:** Wednesday, January 21, 2015 4:23 PM
**To:** Jeffrey T. Donner
**Subject:** RE: Lewis denial (101369)

I think the only option would be for the claimant to file a Short Sale claim but I don't know if that's possible now that we are issuing Eligibility Notices on that claim type and the payments are pro-rata.

County Records show that Ethel Lewis –Pierre and Devon Pierre and Latoya Lewis sold the home to Andres Dalgis in 2011 (prior to submitting the GBI claim to the Settlement Program). See the attached deed I obtained from Miami Dade property records. Andre Dalgis released his rights to Lennar when they remediated the home.

1

We have not denied the GBI claim but will need to do so at some point in the near future. Per the global allocation plan, *"sellers of Affected Properties who sold un-remediated Affected Properties at a diminished value after disclosure of the existence of CDW to the buyer and retained, in writing, the exclusive right to assert all claims associated therewith against the builder, installer or supplier of the Affected Property, shall be entitled to make a claim for their damages under the distribution terms of this "Repair and Relocation Payment" section."* I am not sure there is a way around this for Ms. Lewis regarding the GBI claim. She will have option to appeal directly to the judge in the end and also the option to request Special Master review before that.

I think your only option at this point is to request a reclassification of the GBI claim to a Short Sale claim and see if it gets approved. I have no idea if we would be able to accept it at this point. Also, the document requirements are kind of extensive for Short Sale which I think is worth sharing with your client:

---

**(b) Short Sale.** If you sold your property at a loss, you must submit all docum

1. Photographs or Inspection Reports demonstrating evidence of corrosive,
2. Proof of purchase of the Affected Property;
3. Closing documents, such as proof of sales price of the Affected Property the Affected Property, down payment on the purchase price and mortga purchase of the Affected Property;
4. Short Sale price, appraised value at Short Sale and tax assessed value a Property;
5. For Residential Owners, all documents evidencing alternative living expe
6. For Commercial Owners, all documents evidencing the occupancy arranç as a lease;
7. Loan documents, such as the mortgage;
8. Documents relating to mortgage payments, such as cancelled checks an
9. Documents evidencing attempts to sell or rent the Affected Property;
10. Signed Affidavits from the Owner supporting the claim and explaining th to other factors;
11. Report from an expert providing that the Short Sale was substantially ca
12. The Chinese Drywall Settlement Program Verification of Claims form; an
13. Any other document that you believe supports your claim.

---

**From:** Jeffrey T. Donner [mailto:JDonner@podhurst.com]
**Sent:** Wednesday, January 21, 2015 1:44 PM
**To:** Katie Sanderson
**Subject:** Lewis denial (101369)

2

Please advise how I can appeal this one? The client is extremely upset and I actually think she has a point. What I need to do is convert this into a short sale claim. The problem is it was not short sold at the time we did the registration.

As you may recall or can see in the file, the property was sold with express CDW disclaimer and corresponding price reduction. So this claimant should be approved for a short sale claim.

The settlement administrator has denied the Banner and Knauf claims (what we registered for) apparently, as I understand it, because the subsequent buyer entered into an agreement with Lennar for remediation and assigned the claim. You asked me if my client got a document at closing retaining the right to the claim.

We respectfully argue that doing that was unnecessary, because we had filed this claim before the sale. It's the Lewis family's claim, and if we have to make it a short sale claim, we should have to do that.

Alternatively, it is Lennar's competing claim that should be denied.

Please advise with your response to this argument. Thank you for your attention to this matter.

s/ Jeff Donner

3



Affected Property Details ×

https://www3.browngreer.com/Drywall/Secure/Shared/ClaimDetails.aspx

CHINESE DRYWALL SET

MDL 2047

Home

News and Developments

Claims Administrator Procedures

Online Filing Tools

Settlement Agreements

Firm Administration

Claimant Management

Reporting

FAQ

Notices

Change Password / Email

Log Off

Get ADOBE® Reader

You will need to have Adobe® 7.0 or higher to view Printed Documents. To get the latest Version of Adobe Reader, click the icon above.

Back

Af

**Claimant Information**

**Claimant ID:** 101369

**Co-Owner:** Lewis-Pierre, Latoya

**Represented By:** Podhurst Orseck, P.A.

**Receives Mail:** No

View Claimant Documents

**Affected Property**

**Property ID:** 2789

**Street Address:** 11321 SW 236 Lane Homestead, Miami-Dade, FL 33032

**Claims**

| Claim ID | Claim Type |
|---|---|
| 5476 | Knauf Remediation |
| 5477 | Global, Banner, InEx Repair and Reloc Expenses |

Jeffrey T. Donner

**Podhurst**Orseck
25 W. Flagler Street, Suite 800
Miami, FL 33130
Tel: 305.358.2800
Fax: 305.358.2382
E-mail: jdonner@podhurst.com

---

**From:** Katie Hamilton [mailto:khamilton@browngreer.com]
**Sent:** Wednesday, March 12, 2014 12:34 PM
**To:** Jeffrey T. Donner
**Subject:** RE: Lewis denial??? (101369)

I can see that it was deactivated on my end. I have the claim in my queue and will submit it today.

We don't send anything formal besides email communication which you could of course use against me later if I didn't deactivate the Notice and re-review the claim. I understand the paranoia, so let this email confirm the following:

The Settlement Administrator deactivated the Incompleteness Denial Notice associated with CID 101369 (Ethel Lewis) as it was issued incorrectly because documents on file are sufficient to prove Under Air Square Footage. We will re-review the claim and issue an updated Eligibility Notice.

Hope this helps ☺.

---

**From:** Jeffrey T. Donner [mailto:JDonner@podhurst.com]
**Sent:** Wednesday, March 12, 2014 11:54 AM
**To:** Katie Hamilton
**Subject:** RE: Lewis denial??? (101369)

Katie, will there be some kind of document viewable on the system that shows this denial notice was "deactivated"? Thanks. Just being paranoid here.

Right now it shows the "denial notice" as the last document.

Jeffrey T. Donner
Law Clerk
**Podhurst**Orseck
25 W. Flagler Street, Suite 800
Miami, FL 33130
Tel: 305.358.2800
Fax: 305.358.2382
E-mail: jdonner@podhurst.com

---

**From:** Jeffrey T. Donner
**Sent:** Monday, March 10, 2014 2:14 PM
**To:** 'Katie Hamilton'
**Subject:** RE: Lewis denial??? (101369)

Thank you.

Jeffrey T. Donner
Law Clerk
**Podhurst**Orseck

5

25 W. Flagler Street, Suite 800
Miami, FL 33130
Tel: 305.358.2800
Fax: 305.358.2382
E-mail: jdonner@podhurst.com

---

**From:** Katie Hamilton [mailto:khamilton@browngreer.com]
**Sent:** Monday, March 10, 2014 2:00 PM
**To:** Jeffrey T. Donner
**Subject:** RE: Lewis denial??? (101369)

I'm deactivating the Denial Notice associated with the GBI claim and will re-review the claim myself. We can accept Miami Dade UASF documentation from 2014. Miami Dade confirmed their 2013 records sometimes included porches, garages and other areas that weren't always heated and cooled, however, they added a new field in 2014 which differentiates between "Living Area" and "Adjust Area."

In this case they are the same but many times they are different.

---

**From:** Jeffrey T. Donner [mailto:JDonner@podhurst.com]
**Sent:** Monday, March 10, 2014 11:40 AM
**To:** Katie Hamilton
**Subject:** Lewis denial??? (101369)
**Importance:** High

Katie, Could this **denial** that requires an appeal be right? It seems to be based only on the square footage thing, which we addressed with Doc 243479 (and other documents). It's the Miami-Dade County records.

Please help!

???

Jeff





https://www3.browngreer.com/Drywall/Secure/Shared/ Claimant Details

File Edit View Favorites Tools Help

MDL 2047

Home
News and Developments
Claims Administrator Procedures
Online Filing Tools
Settlement Agreements
Firm Administration
Claimant Management
Reporting
FAQ
Notices
Change Password / Email
Log Off

Get ADOBE® Reader

You will need to have Adobe® 7.0 or higher to view Printed Documents. To get the latest Version of Adobe Reader, click the icon above.

Back

**Claimant Information**

**Claimant ID:** 101369
**Business:**
**Represented By:** Podhurst Orseck, P.A.
**Receives Mail:** No

View Claimant Documents    Request Edits

**View Documents**

| Doc ID | Claimant ID | APID | Document Type |
|---|---|---|---|
| 247812 | 101369 | 2789 | Incompleteness Den Notice |
| 246404 | 101369 | 2789 | Follow-Up Incompleter Notice |
| 243524 | 101369 | 0 | |
| 243479 | 101369 | 2789 | |
| 243478 | 101369 | 2789 | |
| 242782 | 101369 | 2789 | Follow-Up Incompleter Notice |
| 241710 | 101369 | 0 | |
| 227840 | 101369 | 2789 | |
| 217413 | 101369 | 2789 | Incompleteness Noti |

Jeffrey T. Donner

8

Law Clerk

**PodhurstOrseck**
25 W. Flagler Street, Suite 800
Miami, FL 33130
Tel: 305.358.2800
Fax: 305.358.2382
E-mail: jdonner@podhurst.com