UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE:  CHINESE-MANUFACTURED DRYWALL PRODUCTS LIABILITY LITIGATION | MDL NO. 2047<br>SECTION: L<br>JUDGE FALLON<br>MAG. JUDGE WILKINSON |
| THIS DOCUMENT RELATES TO:<br><br>*Germano, et al. v. Taishan Gypsum Co., Ltd., f/k/a Shandong Taihe Dongxin Co., Ltd., et al.,*<br>**Case No. 2:09-cv-6687 (E.D. La.)** | |

**TAISHAN GYPSUM LTD., CO.'S MEMORANDUM OF LAW
IN SUPPORT OF ITS MOTION TO LIFT
<u>ORDER OF CONTEMPT BY SHOWING COMPLIANCE</u>**

Taishan Gypsum Ltd., Co. ("Taishan") is participating in this judicial process and has complied with the two other conditions of the Court's July 17, 2014 Contempt Order (Dkt. No. 17869) by paying the criminal penalty and the compensatory attorneys' fees before March 17, 2015.  Taishan has purged itself of contempt, and thus respectfully requests that the Court lift the Contempt Order.  *See Skinner v. White*, 505 F.2d 685 (5th Cir. 1974).  Taishan also stands ready, willing and able to satisfy fully the Default Judgment entered in *Germano, et al. v. Taishan Gypsum Co., Ltd., f/k/a Shandong Taihe Dongxin Co., Ltd., et al.,* Case No. 2:09-cv-6687 ("*Germano*") (Dkt. No. 3013).

**Relevant Factual and Procedural Background**

*Germano* is one of many cases transferred to this Court as part of the Chinese-Manufactured Drywall Products Liability Litigation Multi-District Litigation ("MDL").  On November 20, 2009, the Court ordered preliminary default against Taishan in *Germano*, in which a Virginia class was alleged, but not yet certified.  (Dkt. No. 487).  The Court then permitted the intervention of 14 individual plaintiffs ("Plaintiff-Intervenors"), and held an evidentiary hearing

on the Plaintiff-Intervenors' claimed damages (without Taishan's participation). Following the hearing, this Court issued Findings of Fact and Conclusions of Law as to the Plaintiff-Intervenors. (Dkt. No. 2380.) The Court entered Default Judgment for the Plaintiff-Intervenors on May 10, 2010 (Dkt. No. 3013) ("Final Default Judgment"), awarding seven judgments in the following amounts, plus undetermined post-judgment interest and costs:

| Plaintiff-Intervenor | Damages | Pre-Judgment Interest |
| --- | --- | --- |
| William and Deborah Morgan | $481,613.29 | $27,550.92 |
| Jerry and Inez Baldwin | $441,669.11 | $25,267.61 |
| Joseph and Kathy Leach | $89,676.86 | $5,130.01 |
| Bob and Lisa Orlando | $407,905.44 | $23,334.43 |
| J. Frederick and Vanessa Michaux | $355,607.80 | $20,342.71 |
| Preston and Rachel McKellar | $351,741.22 | $20,121.52 |
| Steven and Elizabeth Heischober | $480,886.27 | $27,509.33 |
| **Total** | **$2,609,099.99** | **$149,256.53** |

Following entry of the Final Default Judgment, Taishan appeared and appealed the entry of default to the Fifth Circuit Court of Appeals on the grounds that this Court lacked personal jurisdiction over Taishan. The Fifth Circuit remanded for jurisdictional discovery, but ultimately affirmed this Court's personal jurisdiction over Taishan and the *Germano* Default Judgment. *In re Chinese-Manufactured Drywall Prods. Liab. Litig.*, 742 F.3d 576 (5th Cir. 2014). In 2014, counsel for Plaintiff-Intervenors commenced post-judgment discovery pursuant to Federal Rule of Civil Procedure 69(a).

On June 20, 2014, the Court ordered a Taishan representative to appear for a judgment debtor examination on July 17, 2014. (Dkt. No. 17774.) On July 15, 2014, Taishan's then counsel—Hogan Lovells—moved to withdraw as Taishan's counsel of record, reporting to the Court that Taishan "has notified Counsel that it does not intend to participate in the judgment debtor exam or any decision on the Bill of Costs." (Dkt. No. 17846-1.) Taishan did not appear

through counsel or a representative at the July 17, 2014 judgment debtor examination. That same day, the Court entered the Contempt Order "[a]s a consequence of Taishan's refusal to appear at the Judgment Debtor Examination, in direct, willful violation of this Court's June 20, 2014 order." (Contempt Order at p. 2.) The Contempt Order (1) directed Taishan to pay $15,000 in attorneys' fees to Plaintiffs' counsel and (2) pay $40,000 as a penalty for contempt. The Contempt Order also (3) enjoined "Taishan, and any of its affiliates or subsidiaries," from conducting any business in the United States "until or unless it participates in this judicial process." (Contempt Order at p. 3.)

The undersigned counsel entered an appearance for Taishan on February 17, 2015. (Dkt. No. 18352.). As Plaintiffs have acknowledged, "Taishan now has resumed participation in these proceedings through newly-retained counsel." ((Plaintiffs' proposed "Revised Order Scheduling Expedited Hearing to Enforce the Court's July 17, 2014 Contempt Order and Judgment," March 2, 2015, Dkt. No. 18404-40 ("Plaintiffs' Proposed Contempt Order"), at p. 2). Further, in the seven months that transpired between July 17, 2014 and February 17, 2015, Taishan did not "conduct[] any business in the United States."[1]

## Law and Argument

Contempt sanctions imposed by a district court must terminate upon the contemnor's compliance with the terms of the decree. *Skinner*, 505 F.2d at 689. The Fifth Circuit has held:

> [S]ince sanctions imposed in civil contempt proceedings must always give to the alleged contemnor the opportunity to bring himself into compliance [with the prior court order], the sanction cannot be one that does not come to an end when he repents his past conduct and purges himself.

---

[1] To the extent that the PSC has filed a motion "to enforce" the Contempt Order on the basis that certain alleged "affiliates" of Taishan have allegedly "conducted business in the U.S.," (Dkt. No. 18302) Taishan responds that actions of "affiliates"—which were not specified in the Contempt Order—cannot serve to prevent Taishan from purging itself of contempt by fulfilling the express conditions of the Contempt Order. Taishan will further set forth law and argument in its response in opposition to Plaintiffs' "Motion to Enforce Contempt Order" filed contemporaneously herewith.

*Lance v. Plummer*, 353 F.2d 585, 592 (5th Cir. 1965).  Taishan has complied with each of the three elements of this Court's Contempt Order.  *United States v. Rizzo*, 539 F.2d 458, 463 (5th Cir. 1976) (finding that contempt is "lifted if the contemnor purges himself of the contempt" through compliance).  Thus, the Contempt Order should be lifted.

### I. Taishan Has Complied With the Court's Contempt Order By Resuming Participation In This Case

First, Taishan has complied with this Court's fundamental directive, which is to "participate in this judicial process." (Contempt Order at p. 3.)  As a coercive measure designed to pressure Taishan to resume participating as an active litigant in *Germano*, the Court banned Taishan from "conducting any business in the United States *until or unless it participates in this judicial process*." (Contempt Order at p. 2 (emphasis added).)  Thus, since the entry of the Contempt Order, Taishan has "carrie[d] the keys of [its] prison in [its] own pocket," and has been able to "end the sentence and discharge [it]self at any moment by doing what [it] had previously refused to do."  *Gompers v. Buck's Stove 7 Range Co.,*, 221 U.S. 418, 442 (1911); *accord Santibanez v. Wier McMahon & Co.,* 105 F. 3d 234, 243 (5th Cir. 1997) (quoting *Gompers*).

Plaintiffs concede that Taishan has resumed participation in *Germano* through the appearance of new legal counsel, effectively ending its period of contempt:

> Since Taishan *now has resumed participation in these proceedings* through newly-retained counsel, . . . the actionable period for this injunction [should be] July 17, 2014 (the date of Taishan Gypsum's disobedience of the Judgment Debtor Examination Order) and *February 17, 2015 (the date of newly-retained counsel's appearance in these proceedings on behalf of Taishan Gypsum)*.

(Plaintiffs' Proposed Contempt Order, at p. 2 (emphasis added).)  But contrary to Plaintiffs'

4

overreaching attempts to expand this Court's own Contempt Order, the satisfaction of the fundamental condition of resumed participation (along with payment of compensation and a fine) purges Taishan of its contempt, and no further sanctions are warranted or permissible.[2] *See Lance*, 353 F.2d at 592; *FTC v. Leshin*, 719 F.3d 1227, 1233-34 (11th Cir. 2013).

Although not required by the Contempt Order, Taishan is in the process of satisfying the *Germano* Default Judgment. Taishan will coordinate with the Plaintiffs' Steering Committee to pay the judgment as soon as possible. This commitment to satisfy the outstanding judgment reflects Taishan's good-faith submission to the authority of the Court, further justifying the lifting of Taishan's prior contempt. *Lance,* 353 F.2d at 592 (holding that contempt is purged where the contemnor "repents his past conduct and purges himself").

Satisfaction of the *Germano* Default Judgment, moreover, eliminates any basis for a Rule 69 judgment debtor examination, which was the sole basis for the Contempt Order. (Contempt Order at p. 2 ("As a consequence of Taishan's refusal to appear at this Judgment Debtor Examination, . . . the Court holds Taishan in contempt of court . . . .").) Federal Rule of Civil Procedure 69(a)(2) provides for post-judgment discovery "from any person—including the judgment debtor" for the purposes of "aid[ing] the judgment or execution." Because Taishan is providing the funds necessary to pay the *Germano* judgment, post-judgment discovery in *Germano* is unnecessary.

With the contempt purged, and the payment of the outstanding judgment in process to be

---

[2] Plaintiffs are misguided in their attempt to invoke the threatened additional penalty of 25% of profits as an additional payment that must be satisfied to lift the contempt. The Contempt Order makes clear that the additional punitive threat was conditional and contingent, and was in fact never triggered by Taishan's conduct during the contempt period. Moreover, even though Taishan never violated the injunction to trigger application of the additional penalty, such a sweeping punishment could not be constitutionally enforced absent due process measures afforded by Rule 42 of the Federal Rules of Criminal Procedure. *See Southern Railway Co. v. Lanham*, 403 F.2d 119, 125 (5th Cir. 1968). *See also* Taishan Gypsum, Ltd., Co.'s Response In Opposition to Motion of Plaintiff-Intervenors and the PSC for an Expedited Hearing to Enforce the Court's July 17, 2014 Contempt Order and Injunction ("Taishan's Response to Motion to Enforce"), filed contemporaneously herewith.

paid, the Court may now proceed with the important tasks of adjudicating the remaining MDL cases to which Taishan is a party—with Taishan's active participation.

## II. Taishan Has Complied With the Contempt Order By Paying Plaintiffs' Attorneys' Fees of $15,000

By the time of the Court's next hearing in this case on March 17, Taishan will have paid the second condition to purge itself of Contempt: $15,000 in attorneys' fees to compensate Plaintiffs' counsel for their expenses associated with Taishan's non-appearance at the July 17, 2014 Judgment Debtor Examination. (Contempt Order at p. 3.) Taishan has wired such funds to its counsel, who will effectuate prompt payment upon receiving payment instructions from the PSC. That payment of compensation to an opposing party for Taishan's violation remediates the harm that Taishan caused by failing to appear as ordered. *See In re Dinnan*, 625 F.2d 1146, 1149 (5th Cir. 1980) (holding that fines in civil contempt proceedings may be levied to either "compensate the complainant, in which case the amount must be limited to actual damages shown, or (2) to compel the contemnor to comply with the court's order . . . ."). Having compensated the Plaintiffs' counsel, Taishan is no longer in contempt. *In re Matter of Rumaker*, 646 F.2d 870, 871 (5th Cir. 1980); *Travelhost, Inc. v. Blandford*, 68 F.3d 958, 961 (5th Cir. 1995).

## III. Taishan Has Complied With the Contempt Order by Paying A Fine of $40,000

This Court held Taishan in contempt both civilly and criminally. In addition to imposing coercive and compensatory conditions for the civil contempt, the Court also imposed a $40,000 "penalty for contempt" payable to the Court. Taishan has paid this penalty into the Registry of the Court pursuant to the Contempt Order. (*See* Notice of Payment of Contempt Penalty, filed contemporaneously herewith.) Unlike this Court's coercive ban on Taishan's conducting of

business in the U.S. and its order to compensate Plaintiffs' counsel, the $40,000 "penalty serves to vindicate the authority of the Court and does not terminate [automatically] upon compliance with the Court order." *In re Matter of Rumaker*, 646 F.2d at 871 (internal citations omitted). Indeed, Taishan's payment of the fine is its "punishment for the completed act of disobedience," here, its failure to appear at the court-ordered Judgment Debtor Examination. *Gompers v. Bucks Stove & R. Co.*, 221 U.S. 418, 442 (1911). By paying this fine, however, Taishan has paid its penalty to the Court, and should be allowed to defend itself against claims going forward.

## Conclusion

For the foregoing reasons, Taishan's Motion to Lift Contempt Order By Showing Compliance should be GRANTED.

Respectfully submitted,

Dated: March 9, 2015

/s Michael P. Kenny
Bernard Taylor, Esq.
Georgia Bar No. 669625
Michael P. Kenny, Esq.
Georgia Bar No. 415064
Cari K. Dawson, Esq.
Georgia Bar No. 213490
ALSTON & BIRD LLP
1201 West Peachtree Street
Atlanta, Georgia 30309
Phone: (404) 881-7000
Fax: (404) 881-7777
michael.kenny@alston.com
*Counsel for Taishan Gypsum Co., Ltd. And Tai'an*

7

*Taishan Plasterboard Co., Ltd.*

Alan Dean Weinberger
LA Bar No. 13331
HANGARTNER, RYDBERG & TERRELL, LLC
One Shell Square
701 Poydras St., Suite 310
New Orleans, Louisiana  70179
Phone:  (504) 434-6815
Fax: (504) 522-5689
aweinberger@hanrylaw.com
*Local Counsel for Taishan Gypsum Co., Ltd. And Tai'an Taishan Plasterboard Co., Ltd.*

**CERTIFICATE OF SERVICE**

I hereby certify that the above and foregoing **MEMORANDUM OF LAW IN SUPPORT OF TAISHAN'S MOTION TO LIFT ORDER OF CONTEMPT BY SHOWING COMPLIANCE** has been served on Plaintiffs' Liaison Counsel, Russ Herman, and Defendants' Liaison Counsel, Kerry Miller, by U.S. mail and e-mail and upon all parties by electronically uploading the same to LexisNexis File & Serve in accordance with Pre-Trial Order No. 6, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2047 on this 9th day of March, 2015.

    /s Michael P. Kenny
Michael P. Kenny, Esq.
Georgia Bar No. 415064
ALSTON & BIRD LLP
1201 West Peachtree Street NW
Atlanta, Georgia 30309
Phone: (404) 881-7000
Fax: (404) 881-7777
michael.kenny@alston.com
*Counsel for Taishan*