UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: CHINESE MANUFACTURED DRYWALL PRODUCTS LIABILITY LITIGATION<br><br>**THIS DOCUMENT RELATES TO:**<br>*Gross v. Knauf Gips KG*, 2:09-cv-6690<br>*Amorin v. Taishan Gypsum*, 2:11-cv-1672<br>*Amorin v. Taishan Gypsum*, 2:11-cv-1395<br>*Amorin v. Taishan Gypsum*, 2:11-cv-1673<br>*State of Louisiana v. Knauf*, 2:10-cv-340<br>*Abner v. Taishan Gypsum*, 2:11-cv-3094<br>*Posey v. BNBM Co.*, 2:09-cv-6531<br>*Morris v. BNBM Co.*, 2:09-cv-6530<br>*Amorin v. SASAC*, 2:14-cv-1727<br>*Germano v. Taishan Gypsum*, 2:09-cv-6687 | MDL No. 2:09-md-2047<br><br>SECTION L<br><br>JUDGE ELDON E. FALLON<br><br>MAGISTRATE JUDGE<br>JOSEPH C. WILKINSON, JR. |

**OPPOSITION OF CNBM GROUP AND CNBM TO THE PSC'S MOTION
TO PRECLUDE TAISHAN OR ANY OF ITS AFFILIATES FROM
PARTICIPATING IN PROCEEDINGS**

**PRESERVATION OF RIGHTS**

This brief is submitted reserving all defenses, including but not limited to service of process, venue, personal jurisdiction, subject matter jurisdiction, sovereign immunity, incorrect party identification, and failure to state a claim upon which relief can be granted.  CNBM Group and CNBM have previously notified the Court and all parties, and hereby reaffirm, that they intend to assert jurisdictional defenses, both subject matter and personal, and in no way intend to or do waive or otherwise limit their ability to raise those defenses, whether by this brief or any other act, filing, appearance, or contention, either before or after this Motion, in this or any other litigation.

## I.    INTRODUCTION

The Court issued an order on July 14, 2014 (the "Order") [Rec. Doc. No. 17869] holding one party, and one party alone – Taishan Gypsum Ltd. ("Taishan") – in contempt.  The basis for that order was Taishan's failure to appear for a debtor's examination concerning a default judgment of approximately $2.6 million in *Germano*.  That judgment, and examination on it, are one small part of these MDL proceedings – they pale in comparison, for instance, to the more than $1.2 billion that Plaintiffs now seek by their motion to assess class damages [Rec. Doc. No. 18086].  And the issue of contempt effectively is moot; recent filings reflect

that Taishan has taken steps to comply with this Court's orders and to purge itself of contempt [Rec. Doc. No. 18448].

Plaintiffs, however, now seek to use the entry of contempt against that one party as a lever to gain massive, substantive relief, including against entirely separate corporate entities. In doing so, Plaintiffs seek to expand the Order beyond all reasonable bounds. They have, for example, propounded sweeping third-party discovery on seemingly every American financial institution that might do business, not just with Taishan, but also with any of more than 220 Chinese companies and state-owned enterprises, for very few of which there is anything save for Plaintiffs' contentions to suggest any relationship to Taishan [Rec. Doc. Nos. 18303-18312].[1] And, even more egregious, and of more immediate concern to the undersigned entities, Plaintiffs have filed a motion that seeks to expand the Order's finding of civil and criminal contempt beyond Taishan itself – now,

---

[1] This third-party discovery makes explicit that it seeks information related to the Order and is not solely directed at locating assets for satisfaction of the *Germano* judgment. A deposition notice targeted at CitiGroup, Inc., for example, attaches the Order as Exhibit B and lists among the deposition topics: "The Order entered by the Court on July 17, 2014 . . . including your awareness, understanding, and/or implementation of the provision enjoining Taishan and 'any of its affiliates or subsidiaries' from conducting business in the United States"; and "Your knowledge regarding whether Taishan, any Entities related to Taishan, and/or SOEs have conducted any business in the United States and the profits earned by such entities during the Relevant Time Period." [Rec. Doc. No. 18303].

contempt would be extended to the separate corporations CNBM Group, CNBM and BNBM. [Rec. Doc. No. 18418-2].[2]

Plaintiffs' latest motion is yet another bid to leverage the Order far beyond its intended effect. Plaintiffs argue that because Taishan has not yet purged itself of contempt, neither Taishan nor any of its so-called "affiliates" should have a voice in the upcoming motion to assess class damages or, indeed, in any of the MDL proceedings. In short, they would have the Court assess and enter massive class-wide damages on the basis of a one-sided presentation of evidence, and they would do so by excluding entities from participating in these proceedings on the basis of a contempt order that was not even entered against them. But the question whether CNBM Group and CNBM might qualify as "affiliates" of Taishan has not even been answered – there has been no determination on the point that might bind them, and these putative defendants will contest that assertion at the appropriate stage. Because, however, Plaintiffs' motion apparently is targeted at least in part at CNBM Group and CNBM, they file this brief in opposition in an abundance of

---

[2] This motion, entitled Motion for an Expedited Hearing to Enforce the Court's July 17, 2014 Contempt Order and Injunction, did not initially seek a finding of contempt. [Rec. Doc. Nos. 18302 and 18302-12]. However, Plaintiffs filed a "supplement" to their motion on March 3, 2015 in which they allege and argue – on the basis of evidence under seal – that CNBM Group, CNBM and BNBM played some role in preventing Taishan from appearing at the debtor's examination and should therefore themselves be held in contempt. [Rec. Doc. No. 18404, 18418 and 18418-2].

caution and for the limited purpose of seeking the Court's approval to participate in this litigation and defend themselves, while reserving all defenses and objections, *see supra* Preservation of Rights.

As an initial matter, and even apart from the numerous substantive defects in Plaintiffs' motion, at its core the motion runs precisely contrary to the intent of this Court's Order. The Order sought to bring parties to the table, not to shove them away. For precisely this reason, the Order stated that the injunction would be lifted as soon as Taishan re-engaged with these MDL proceedings. [Rec. Doc. No. 17869].

The Order achieved its purpose – and then some. Taishan has agreed to "participate in this judicial process" (*i.e.,* in the *Germano* case) and, indeed, has filed a Notice of Appearance in all of the MDL actions in which it has been named. [Doc. Rec. No. 18352]. And CNBM Group and CNBM, although not party to or subject to the contempt order, have done the same.[3] Most importantly, it now appears from recent filings that Taishan has purged itself of contempt by, among

---

[3] CNBM Group and CNBM have filed Notices of Appearance in *Gross v. Knauf Gips KG*, Case No. 2:09-cv-6690; *Amorin v. Taishan Gypsum*, Case No. 2:11-cv-1672, *Amorin v. Taishan Gypsum*, Case No. 2:11-cv-1395; *Amorin v. Taishan Gypsum*, Case No. 2:11-cv-1673; *State of Louisiana v. Knauf*, Case No. 2:10-cv-340; *Abner v. Taishan Gypsum*, Case No. 2:11-cv-3094; *Posey v. BNBM Co.*, Case No. 2:09-cv-6531; *Morris v. BNBM Co.*, Case No. 2:09-cv-6530; and *Amorin v. SASAC*, Case No. 2:14-cv-1727.

other things, paying the fines imposed by the Order and has even offered to satisfy the $2.6 million judgment in *Germano* [Rec. Doc. No. 18448].

Against this backdrop, Plaintiffs' motion is both moot and counterproductive. The Order served its purpose in bringing relevant entities to the table. Plaintiffs' motion, by seeking to exclude participation, would be directly contrary to that goal.

The motion is also legally unfounded. First, controlling Supreme Court authority holds that even Taishan – and even had it not purged itself of contempt – could not be barred from mounting a defense in these proceedings. Second, even if the actual contemnor could be precluded from defending itself, there is certainly no basis to preclude separate entities, CNBM Group and CNBM, from defending themselves – not least when there remain significant unresolved issues concerning foundational questions like adequate service and foreign sovereign immunity. These entities have not been found to have engaged in any wrongful conduct, much less adjudged to be in contempt, and there is no legal basis to exclude them from the litigation.

Plaintiffs' motion should therefore be denied.

## II.   FACTUAL BACKGROUND

A preliminary default was entered against Taishan on November 29, 2009 in the *Germano* class action, an action in which neither CNBM Group nor CNBM is a party [Rec. Doc. No. 17458]. The Court then presided over an evidentiary

damages hearing in February 2010 that related to the claims of 14 of the *Germano* plaintiffs. Taishan did not participate in that hearing. The Court subsequently entered a default judgment in favor of those plaintiffs for approximately $2.6 million [Rec. Doc. No. 3013]. The Fifth Circuit affirmed the default judgment against Taishan on February 19, 2014 [Rec. Doc. No. 17458]. The *Germano* plaintiffs moved on June 16, 2014 for a debtor's examination on the judgment [Docket No. 17760]. The court granted the motion on June 20, ordering Taishan to appear on July 17, 2014 [Docket No. 17774]. When Taishan did not appear, the Court issued the Order by which it held Taishan in contempt. The Order also enjoined Taishan and its "affiliates and subsidiaries" (a term that is not defined in the Order) from doing business in the United States until Taishan once again involved itself in the proceedings, *i.e.*, "until or unless [Taishan] participates in this judicial process" [Rec. Doc. No. 17869].

On September 26, 2014, the Court granted Plaintiffs' Omnibus Motion for Class Certification, which included certification of the *Germano* action [18028]. Plaintiffs then brought a motion on October 29, 2014 in which they ask the Court to award some $1.2 billion in class-wide damages [Rec. Doc. No. 18086]. The Court set hearing on the damages motion for February 12, 2015 [Rec. Doc. No. 18222].

On the day of the hearing, BNBM appeared before the Court to ask for a continuance of the hearing [Rec. Doc. No. 18331]. The Court granted a continuance and set the matter for hearing on March 17, 2015 [Rec. Doc. No. 18331].

Taishan then filed a Notice of Appearance, relevant to all MDL actions, on February 17, 2015 [Rec. Doc. No. 18352]. Plaintiffs responded by filing this motion, in which they ask the Court to reinstate the debtor's examination on the *Germano* judgment and to preclude Taishan and its "affiliates" from participating in the class damages hearing and in any MDL proceeding "unless and until Taishan purges itself of contempt" [Rec. Doc. No. 18367].

The Court subsequently rescheduled the class damages hearing for March 26, 2015 [Rec. Doc. No. 18400].

## III.   ARGUMENT

### A.   The Motion is Moot

Plaintiffs ask the Court to reschedule the debtor's examination and to exclude Taishan and its "affiliates" from the MDL so long as Taishan is in contempt. Recent events render these requests moot. First, Taishan has purged itself of contempt by reappearing in the proceedings and paying the fines imposed by the Order. Second, the debtor's examination is no longer necessary because

Taishan has offered to pay the *Germano* judgment. The motion should therefore be denied for this simple reason alone.

### B. The Extraordinary Relief Sought By Plaintiffs Also Would Violate Basic Due-Process Rights

The motion should also be denied because it violates the foundational principle – established by the Supreme Court more than a century ago, in *Hovey v. Elliott*, 167 U.S. 409 (1897) – that a defendant cannot be prevented from mounting a defense merely because that defendant is in contempt of court.

In *Hovey*, the trial court had issued a decree holding two defendants in contempt for failing to pay some $50,000 into the court and stating that the defendants' answer would be stricken should they fail to comply. *Id*. at 411. When the defendants did not comply, the court struck their answer and entered a default judgment in favor of the plaintiffs. *Id*. at 411-12.

The Supreme Court, in a lengthy and sweeping opinion, condemned the court's actions as violating "the fundamental conception of a court of justice" which "is condemnation only after hearing." *Id*. at 413-414. The Court held unanimously that "the District Court committed a serious error in ordering the claim and answer of the [defendant] to be stricken from the files." *Id*. at 414; *see also Dallas Cabana, Inc. v. Collier*, 469 F.2d 606, 610 (5th Cir. 1972) (citing *Hovey* for the proposition that "a litigant cannot be denied a hearing merely

because he is in contempt"); *Deauville Associates v. Eristavi-Tchitcherine*, 173 F.2d 745, 746 (5th Cir. 1949).

Plaintiffs provide no contrary authority, and of course there is none. Indeed, apart from a generalized reference to the "clean hands" doctrine – which is a substantive defense to suits in equity, not a procedural basis to exclude parties from participating in litigation – Plaintiffs cite only one case, *United States v. Crawford Enterprises, Inc.*, 643 F.Supp. 370 (S.D. Tex. 1986), to support their claim that this Court has the power to preclude the putative defendants from these proceedings. *Crawford Enterprises*, of course, could not change the rule in *Hovey*. As an initial matter, *Crawford Enterprises* did not bar a party in contempt from participating in proceedings; it merely raised the specter of a bar in a collateral proceeding should that party not purge the contempt. *See id*. at 382. More fundamentally, the contemnor in *Crawford Enterprises* was a plaintiff in the collateral proceeding, not a defendant. *See id*. This is a critical distinction because, as *Hovey* noted, it is one thing to deny a contemnor a venue in which to prosecute his or her action, quite another – and a violation of due process – to deprive a contemnor of the right to defend itself. *See Hovey*, 167 U.S. at 430 ("The court will not hear a party in contempt coming himself into court to take any advantage of proceedings in the cause; but such a party is entitled to appear, notwithstanding,

and resist any proceedings taken against him.") (*quoting King v. Bryant*, 3 M. & C. 191, 195 (1838)).

For these fundamental reasons, the Court cannot bar Taishan (or any defendant) from participating in these proceedings on the ground that Taishan is (or was) in contempt.

### C. The Motion Identifies No Basis for Precluding CNBM Group and CNBM

While Plaintiffs' bid to exclude *Taishan* is legally flawed, the request is even more extreme – and even less legally justifiable – as to entities such as CNBM Group and CNBM that were not even subject to the contempt Order, nor even party to the case (*Germano*) in which it was issued.

Plaintiffs seemingly recognize this shortcoming, and seek to elide the distinction among separate corporate entities by claiming that "Taishan *remains* in civil and criminal contempt, *along with its affiliates*" [Rec. Doc. No. 18367]. But no so-called "affiliate" has been found in contempt, whether in the July 17 Order or otherwise. So, even leaving aside the question whether a contempt finding could legitimately form the basis for precluding CNBM Group or CNBM from even attending this litigation – which it could not – no such finding has been made.[4]

---

[4] This critical gap is presumably why Plaintiffs now have moved separately to extend the finding of contempt. [Rec. Doc. Nos. 18302, 18404, 18418 and 18418-

Plaintiffs paint with a similarly broad brush in asserting that "[t]he Taishan Defendants are all in default," seemingly to suggest that Taishan has done something worthy of sanction by defaulting. That too is mistaken; the law is clear that "Defendants are always free to ignore judicial proceedings, risk a default judgment, then challenge that judgment on jurisdictional grounds in a collateral proceeding." *See, e.g., Harper Macleod Solicitors v. Keaty & Keaty*, 260 F.3d 389, 393 (5th Cir. 2001) (internal marks and citations omitted).

In any event, Plaintiffs' reference to defaults works precisely contrary to their effort to preclude the putative defendants from participating in the litigation. Plaintiffs brought their motion first and foremost to prevent Taishan and other defaulted defendants from taking part in the evidentiary hearing on class damages. But this is precisely the sort of hearing in which a defaulted defendant *must* be permitted to participate. *See, e.g., Bonilla v. Trebol Motors Corp.*, 150 F.3d 77, 82 (1st Cir. 1998) ("The ordinary rule is that a defaulting defendant is entitled to contest damages and to participate in a hearing on damages, should one be held.");

---

2]. This motion is a transparent effort to prevent CNBM Group and CNBM from defending themselves if that motion is heard. CNBM Group and CNBM believe that that motion should not be heard, since – most fundamentally – the contempt at the heart of the issue has been purged. And CNBM Group and CNBM will, if necessary, demonstrate why due process alone makes it improper to enter a contempt order against parties who – by everyone's admission – had committed no contumacious acts at the time of the order, and indeed, were not even parties to the case in which the order was sought and entered.

*Frame v. S-H, Inc.,* 967 F.2d 194, 204 (5th Cir. 1992) ("we require the district court to hold an evidentiary hearing on damages, even in the case of default judgments such as this one"); 10-55 Moore's Federal Practice - Civil § 55.32 ("The defaulting party is entitled to contest damages, and to participate in a hearing on damages, should one be held."); *Isenberg v. Chase Bank USA N.A.*, 661 F.Supp.2d 627, 628 (N.D. Tex.) (permitting defaulted party to submit a "brief and evidence to respond and voice any objection" to evidence on damages).

## IV.  CONCLUSION

For the foregoing reasons, Plaintiffs Motion to Preclude should be DENIED.

Respectfully submitted,

/s/ L. Christopher Vejnoska

L. Christopher Vejnoska (CA Bar No. 96082)
Ian Johnson (CA Bar No. 208713)
Andrew Davidson (CA Bar No. 266506)
Jason Wu (CA Bar No. 279118)
ORRICK, HERRINGTON & SUTCLIFFE LLP
The Orrick Building
405 Howard Street
San Francisco, CA  94105
Tel.:  415-773-5700
Fax.: 415-773-5759
E-mail:     cvejnoska@orrick.com
            ijohnson@orrick.com
            adavidson@orrick.com
            jmwu@orrick.com

        James L. Stengel (NY Bar No. 1800556)
        Xiang Wang (NY Bar No. 4311114)
        ORRICK, HERRINGTON & SUTCLIFFE LLP
        51 West 52nd Street
        New York, NY, 10019
        Tel:  212-506-5000
        Fax:   212-506-5151
        Email:        jstengel@orrick.com
                       xiangwang@orrick.com

        Eric A. Shumsky (D.C. Bar No. 477926)
        ORRICK, HERRINGTON & SUTCLIFFE LLP
        Columbia Center
        1152 15th Street NW
        Washington, D.C. 20005
        Tel: 202-339-8400
        Fax:   202-339-8500
        Email:        eshumsky@orrick.com

        *Attorneys for China National Building Materials Group Corporation and China National Building Materials Company Limited*

Dated**:** March 9, 2015

## CERTIFICATE OF SERVICE

I hereby certify that the above and foregoing OPPOSITION OF CNBM GROUP AND CNBM TO THE PSC'S MOTION TO PRECLUDE TAISHAN OR ANY OF ITS AFFILIATES FROM PARTICIPATING IN PROCEEDINGS has been served on Plaintiffs' Liaison Counsel, Russ Herman, and Defendants' Liaison Counsel, Kerry Miller, by U.S. mail and e-mail and upon all parties by electronically uploading the same to LexisNexis File & Serve in accordance with Pre-Trial Order No. 6, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2047 on this 9th day of March, 2015.

/s/ L. Christopher Vejnoska

L. Christopher Vejnoska (CA Bar No. 96082)
ORRICK, HERRINGTON & SUTCLIFFE LLP
The Orrick Building
405 Howard Street
San Francisco, CA  94105
Tel.:  415-773-5700
Fax.: 415-773-5759
E-mail:     cvejnoska@orrick.com
*Counsel for CNBM Group and CNBM*