UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE:  CHINESE MANUFACTURED DRYWALL PRODUCTS LIABILITY LITIGATION | MDL No. 2:09-md-2047 |
| | SECTION L |
| **THIS DOCUMENT RELATES TO:** | JUDGE ELDON E. FALLON |
| ***Gross v. Knauf Gips KG, 2:09-cv-6690*** | |
| ***Amorin v. Taishan Gypsum, 2:11-cv-1672*** | MAGISTRATE JUDGE |
| ***Amorin v. Taishan Gypsum, 2:11-cv-1395*** | JOSEPH C. WILKINSON, JR. |
| ***Amorin v. Taishan Gypsum, 2:11-cv-1673*** | |
| ***State of Louisiana v. Knauf, 2:10-cv-340*** | |
| ***Abner v. Taishan Gypsum, 2:11-cv-3094*** | |
| ***Posey v. BNBM Co., 2:09-cv-6531*** | |
| ***Morris v. BNBM Co., 2:09-cv-6530*** | |
| ***Amorin v. SASAC, 2:14-cv-1727*** | |
| ***Germano v. Taishan Gypsum, 2:09-cv-6687*** | |

**MEMORANDUM OF LAW IN SUPPORT OF MOTION OF CNBM GROUP AND CNBM FOR CONTINUANCE OF HEARING DATE ON MOTION OF PLAINTIFF-INTERVENORS AND THE PSC FOR AN EXPEDITED HEARING TO ENFORCE THE COURT'S JULY 17, 2014 CONTEMPT ORDER AND INJUNCTION**

## PRESERVATION OF RIGHTS

This brief is submitted reserving all defenses, including but not limited to service of process, venue, personal jurisdiction, subject matter jurisdiction, sovereign immunity, incorrect party identification, and failure to state a claim upon which relief can be granted.  CNBM Group and CNBM have previously notified the Court and all parties, and hereby reaffirm, that they intend to assert jurisdictional defenses, both subject matter and personal, and in no way intend to or do waive or otherwise limit their ability to raise those defenses, whether by this brief or any other act, filing, appearance, or contention, either before or after this Motion, in this or any other litigation.

## I.    INTRODUCTION

Certain Plaintiff-Intervenors and the PSC (collectively, "Plaintiffs") brought a motion on March 2, 2015 asking the Court to hold China National Building Materials Group Corporation ("CNBM Group") and China National Building Materials Company Limited ("CNBM") in civil and criminal contempt.  The motion is defective in a number of ways.  Among other things, it is brought in an action ("*Germano*" [1]) to which CNBM Group and CNBM are not party; is based on arguments and evidence filed under seal in that action (and thus not available to

---

[1] *Germano et al. v. Taishan Gypsum Co., Ltd. et al.* Case No. 2:09-cv-06687 (E.D. La.)

CNBM Group and CNBM on the MDL Docket); and is an improper *post hoc*
attempt to hold CNBM Group and CNBM in contempt under a prior contempt
order (the Court's July 17, 2014 Order; [Rec. Doc. No. 17869]) directed only at a
different party – Taishan Gypsum Ltd. ("Taishan") – in *Germano*.  These defects
are exacerbated by yet another one:  Plaintiffs have sought this relief as part of an
existing motion with an already-established briefing schedule, leaving these
putative defendants, who have begun appearing in the litigation this week, only
two weeks to respond to this extraordinary motion.

These procedural defects would deprive CNBM Group and CNBM of
fundamental due process rights, including the right to fair notice and the right to
rebut Plaintiffs' allegations and evidence.  CNBM Group and CNBM therefore
move the Court to continue the hearing on the motion, currently scheduled for
March 26, 2015, and instead, during the Monthly Status Conference currently set
for that same date, set an orderly briefing schedule and a new hearing date.

Moreover, and more fundamentally, the Court should reject Plaintiffs'
persistent efforts to expand the Court's July 17, 2014 contempt order against
Taishan (the "July 17 Order") beyond all sense and reason.  The July 17 Order
sought to bring Taishan back to the table and to reengage with these MDL
proceedings, and the Order had its intended effect:  Taishan filed a Notice of
Appearance in MDL Case No. 2:14-cv-1727 on March 2, 2015 [Rec. Doc. No.

18406] and, indeed, appears to have taken steps to comply with this Court's orders and to purge itself of contempt [Rec. Doc. No. 18448].  Accordingly, Plaintiffs' motion serves only to waste resources and to divert the Court's and Parties' attention from the core matters at issue.

## II.   STATEMENT OF FACTS

The July 17 Order in *Germano* held Taishan in contempt for failing to appear at a debtor's examination relating to an approximately $2.6 million default judgment entered in that case [Rec. Doc. No. 17869].  The order also enjoined Taishan and its "affiliates and subsidiaries" (a term not defined in the July 17 Order) from doing business in the United States until Taishan once again participated in the proceedings [Rec. Doc. No. 17869].

On February 10, 2015, Plaintiffs filed a motion in *Germano* for an Expedited Hearing to Enforce the July 17, 2014 Contempt Order and Injunction ("Expedited Hearing Motion") [Rec. Doc. No. 18302].  Plaintiffs alleged that Taishan has not yet purged itself of contempt and that certain purported "affiliates" of Taishan (specifically, China National Building Materials Import and Export Corporation and CNBM Forest Products (Canada) Ltd.) have conducted business in the United States in violation of the injunction established by the July 17 Order [Rec. Doc. No. 18302-1].  Plaintiffs thus moved the Court to enter an order stating that Taishan remains in contempt, and which would have the effect of dramatically

expanding the so-called "affiliates" subject to the July 17 Order's injunction [Rec. Doc. No. 18302-12].

The Court scheduled hearing on the Expedited Hearing Motion for March 26, 2015. Briefs in opposition to the motion currently are due to be filed by March 18, 2015 [Rec. Doc. No. 18400].

On March 2, 2015 – more than three weeks after filing the Expedited Hearing Motion – Plaintiffs filed a Motion for Leave to File a Supplemental Memorandum of Law in support of their Expedited Hearing Motion ("Supplemental Motion") [Rec. Doc. No. 18404]. Plaintiffs filed portions of this motion under seal, including an unredacted version of the supporting memorandum ("Supplemental Memorandum") as well as exhibits 4 through 9 to the Supplemental Memorandum [Rec. Doc. No. 18404]. Because CNBM Group and CNBM are not defendants in *Germano*, they do not have access to those documents through the MDL docket. However, it is clear from a proposed order appended to the Supplemental Motion that Plaintiffs ask for CNBM to be held in contempt for some alleged involvement in Taishan's failure to appear for the debtor's examination in *Germano*. For instance, the proposed order reads:

> Based on certain e-mails produced by the law firm of Hogan Lovells, and attached to the Supplemental Memorandum in support of the instant Motion as Exhibits 4, 5, and 10, the Court finds that Taishan affiliates CNBM and BNBM both acted in privity with their subsidiary Taishan Gypsum in the decision to deliberately disobey the Court's June 20, 2014 Judgment Debtor Examination Order. This

finding is legally sufficient to extend the Court's prior holding of civil and criminal contempt, and resulting sanctions, to include and apply to both CNBM and BNBM.

. . .

IT IS HEREBY ORDERED THAT:

. . .

3. The Court finds that, having acted in privity with Taishan in the decision-making and actions which form the basis of holding Taishan in civil and criminal contempt, the defendant CNBM and BNBM likewise are held in contempt of court, civilly and criminally, and made subject to the same sanctions specified in the Court's Contempt Order of July 17, 2014.

[Rec Doc. No. 18404-40, p. 2].

On March 3, in response to a Notice of Appearance filed by CNBM Group and CNBM in a separate MDL action [Rec. Doc. No. 18411][2], Plaintiffs sought to modify their Expedited Hearing Motion yet again, moving the Court for leave to file yet a further revised proposed order that includes CNBM Group among the alleged contemnors [Rec. Doc. No. 18418 and 18418-2].

Plaintiffs' Expedited Hearing Motion has thus undergone a complete transformation. It was originally a motion asking the Court to reaffirm its earlier contempt order against Taishan and to identify the "affiliates" covered by the July 17 Order. It is now a motion asking the Court to hold completely new parties –

---

[2] This Notice of Appearance relates to *Amorin et al. v. SASAC*, E.D. La. Case No. 2:14-cv-1727.

CNBM Group and CNBM – in civil and criminal contempt in a case in which they are not even named defendants.

## III.   ARGUMENT

CNBM Group and CNBM must be allowed to review the allegations and evidence set out against them and defend themselves from the serious sanctions Plaintiffs propose.  As the Fifth Circuit has held, "due process requires that one charged with contempt of court be advised of the charges against him, have a reasonable opportunity to meet them by way of defense or explanation, have the right to be represented by counsel, and have a chance to testify and call other witnesses."  *Waste Mgmt. of Wash. v. Kattler*, 776 F.3d 336, 339-40 (5th Cir. 2015), *quoting In re Oliver*, 333 U.S. 257, 275 (1948).  That means, at a bare minimum, CNBM Group and CNBM have a right to receive real and adequate notice of the allegedly contumacious conduct, to answer whatever evidence Plaintiffs might present, to have adequate time to mount a defense, and to adduce testimonial and other evidence at a hearing.

This is all the more true for Plaintiffs' accusations of *criminal* contempt. Such a charge implicates additional rights, including "a presumption of innocence, the beyond-a-reasonable-doubt burden of proof, the right against self-incrimination, the right to notice, the right to be heard, the right to counsel, the right to call witnesses, the right to an unbiased judge, and the right to a jury trial

where the contempt is serious." *See, e.g., Crowe v. Smith*, 151 F.3d 217, 227-228 (5th Cir. 1998), *citing Young v. United States ex rel. Vuitton Et Fils S. A.*, 481 U.S. 787, 798-99 (1987). It is self-evident that CNBM Group and CNBM cannot secure the benefit of these rights in the abridged motion proceedings initiated by Plaintiffs. And certainly two weeks is an inadequate time period to muster evidence and testimony for presentation at an evidentiary hearing or jury trial.

The absence of constitutional process here is particularly troubling because plaintiffs' bid to wrap CNBM Group and CNBM into the July 17 contempt order is patently defective. Most significantly, neither of those entities is even a party in *Germano*, the only action to which the July 17 Order relates. Plaintiffs point to no legal authority supporting the proposition that these entities could be held in contempt, after the fact, under an order directed only at Taishan in an action to which these defendants are not even party.

Moreover, even if it were somehow permissible to extend a contempt action against a different party in this fashion, and it is not, CNBM Group and CNBM are not being permitted to meaningfully defend themselves. The evidence that supposedly supports Plaintiffs' motion was filed under seal, and thus is not available to CNBM Group and CNBM through the MDL docket. In short, Plaintiffs seek to hold CNBM Group and CNBM in contempt even without access to the accusing documents, much less time to mount a defense. Due process

forbids this.  CNBM Group and CNBM therefore respectfully move this Court to continue the hearing on Plaintiffs' Supplemental Motion until a date that allows CNBM Group and CNBM to defend against these new allegations.

## IV.    CONCLUSION

For the foregoing reasons, CNBM Group and CNBM respectfully ask the Court to enter the Proposed Order accompanying their Motion by which the Court continues the hearing date on Plaintiffs' Expedited Hearing Motion and addresses an appropriate schedule at the March 26, 2015 Monthly Status Conference.

Respectfully submitted,

/s/ L. Christopher Vejnoska

L. Christopher Vejnoska (CA Bar No. 96082)
Ian Johnson (CA Bar No. 208713)
Andrew Davidson (CA Bar No. 266506)
Jason Wu (CA Bar No. 279118)
ORRICK, HERRINGTON & SUTCLIFFE LLP
The Orrick Building
405 Howard Street
San Francisco, CA  94105
Tel.:  415-773-5700
Fax.: 415-773-5759
E-mail:     cvejnoska@orrick.com
            ijohnson@orrick.com
            adavidson@orrick.com
            jmwu@orrick.com

James L. Stengel (NY Bar No. 1800556)
Xiang Wang (NY Bar No. 4311114)

ORRICK, HERRINGTON & SUTCLIFFE LLP
51 West 52nd Street
New York, NY, 10019
Tel:  212-506-5000
Fax:   212-506-5151
Email:       jstengel@orrick.com
                 xiangwang@orrick.com

Eric A. Shumsky (D.C. Bar No. 477926)
ORRICK, HERRINGTON & SUTCLIFFE LLP
Columbia Center
1152 15th Street NW
Washington, D.C. 20005
Tel: 202-339-8400
Fax:   202-339-8500
Email:       eshumsky@orrick.com

**Attorneys for China National Building
Materials Group Corporation and China
National Building Materials Company Limited**

Dated**:** March 9, 2015