UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: CHINESE MANUFACTURED | * | MDL No. 2047 |
| DRYWALL PRODUCTS LIABILITY | * | |
| LITIGATION | * | SECTION L |
| | * | |
| | * | JUDGE ELDON E. FALLON |
| | * | |
| | * | MAGISTRATE JUDGE |
| | * | JOSEPH C. WILKINSON, JR. |
| | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

**THIS DOCUMENT RELATES TO:  ALL CASES**

### MEMORANDUM IN SUPPORT OF MOTION TO SET MOTIONS TO WITHDRAW AS COUNSEL OF RECORD FOR HEARING

The undersigned law firms Hogan Lovells US LLP and Stanley, Reuter, Ross, Thornton & Alford, LLC (collectively, "Counsel"), and their respective individual counsel who have represented Defendants Taishan Gypsum Co. Ltd. ("TG") and Tai'an Taishan Plasterboard Co., Ltd. ("TTP")(together, the "Taishan Defendants") in this MDL, submit this memorandum in support of their motion to set their Motions to Withdraw as Counsel of Record for the Taishan Defendants for hearing on March 26, 2015, which is the date of the next status conference.

On July 14 and 15, 2014, Counsel filed two Motions to Withdraw as Counsel of Record one in *Germano* and another in other cases in the MDL (Rec. Doc. Nos. 17846 & 17858)("Motions to Withdraw"). On July 16, 2014, the PSC filed a Consolidated Opposition to Motions to Withdraw as Counsel of Record (Rec. Doc. No.17863) and on July 23, 2014, a Supplemental Memorandum in Support of PSC's Consolidated Opposition to Motions to Withdraw as Counsel of Record was filed (Rec. Doc. No. 17881). On August 6, 2014, Counsel

filed a Reply Memorandum in Support of Motion to Withdraw as Counsel of Record. (Rec. Doc. 17938). On September 3, 2014, the Court issued an Order allowing the PSC thirty (30) days after the Taishan Defendants provide discovery responses for the PSC to file a surreply to the Motions to Withdraw (Rec. Doc. No. 17989).

Subsequently, Counsel provided on their own behalf written responses and a privilege log to the PSC's discovery requests. On October 10, 2014, the PSC filed a Motion to Compel Document Production for *In Camera* Inspection, and on January 13, 2015, the Court issued an Order & Reasons (Rec. Doc. No. 18256) regarding the discovery to be produced to the PSC. On February 26, 2015, Counsel provided the PSC with the documents the Court ordered produced.

Further, on February 17, 2015, Bernard Taylor, Michael P. Kenny, and Cari K. Dawson of Alston & Bird LLP entered an appearance of record for TG in all cases in this MDL (Rec. Doc. No. 18352). In addition, on March 5, 2015, Louisiana-licensed attorney Alan Dean Weinberger of Hangartner, Rydberg & Terrell entered a Notice of Appearance on behalf of TG and TTP in the *Amorin*, *Germano*, *Wiltz* and *Gross* cases (Rec. Doc. No. 18430). Finally, other counsel have also entered appearances for BNBM and CNBM entities in the past few weeks. (Rec. Doc. Nos. 18397, 8411, 18427 & 18428).

In light of these developments, Counsel does not believe that there any reasonable basis to delay a decision on the Motions to Withdraw. Counsel has been discharged by TG and TTP, TG and TTP have retained new counsel, and that new counsel has entered appearances on behalf of TG and TTP in this MDL. Moreover, to the extent that communication between the Court and TG and TTP is an issue, it is obvious new counsel is in a far superior position to communicate with TG and TTP than their discharged Counsel.

As noted in Counsel's previous briefs, the Court in deciding a motion to withdraw must determine whether there is good cause for the withdrawal and whether the withdrawal will result in severe prejudice to the other party. Because Counsel has been discharged by their client, there has never been any dispute that there is good cause for the withdrawal. And now that new counsel are representing TG and TTP, communicating with them, and are present before this Court, there is no prejudice to the Plaintiffs in allowing discharged Counsel to withdraw. Accordingly, Counsel is not aware of any arguable basis to deny the Motions to Withdraw.

Counsel has attempted to contact the PSC on multiple occasions to determine whether it still maintains any objection to the withdrawal, but has not received a definitive answer. If the PSC no longer objects, then the Motions to Withdraw should be granted without the need for a hearing. If the PSC still objects, Counsel respectfully requests that this Court order the PSC to explain its continuing objection by March 19, 2015, and schedule a hearing on the Motions to Withdraw after the MDL status conference currently set for March 26, 2015.

Respectfully submitted,

*/s/ Thomas P. Owen Jr.*
Joe Cyr
Frank T. Spano
Courtney L. Colligan
HOGAN LOVELLS US LLP
875 Third Avenue
New York, New York 10022
Telephone: 212-918-3000
Facsimile: 212-918-3100
Joe.cyr@hoganlovells.com
Frank.spano@hoganlovells.com
Courtney.colligan@hoganlovells.com

-and-

Richard C. Stanley (La. Bar No. 8487)
Thomas P. Owen, Jr. (La. Bar No. 28181)
STANLEY, REUTER, ROSS, THORNTON & ALFORD, LLC
909 Poydras Street, Suite 2500
New Orleans, Louisiana 70112
Telephone: 504-523-1580
Facsimile: 504-524-0069
rcs@stanleyreuter.com
tpo@stanleyreuter.com

**Counsel of Record for Taishan Gypsum Co. Ltd. and Tai'an Taishan Plasterboard Co.**

## CERTIFICATE OF SERVICE

I hereby certify that the above and foregoing Memorandum in Support of Motion to Set Motions to Withdraw as Counsel of Record for Hearing has been served on Plaintiffs' Liaison Counsel, Russ Herman, and Defendants' Liaison Counsel, Kerry Miller, by U.S. Mail and e-mail and upon all parties by electronically uploading the same to Lexis Nexis File & Serve in accordance with the Pretrial Order No. 6, and that the foregoing was electronically filed with the Clerk of the Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2047, on this 10th day of March, 2015.

/s/ Thomas P. Owen, Jr.