# EXHIBIT "A"

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: CHINESE MANUFACTURED ) | | |
| DRYWALL PRODUCTS ) | MDL NO. 2047 | |
| LIABILITY LITIGATION ) | | |
| ) | | |
| THIS DOCUMENT RELATES TO: ) | SECTION: L | |
| ) | | |
| *Hobbie, et al. v.* ) | JUDGE FALLON | |
| *RCR Holdings II, LLC, et al.,* ) | | |
| ) | | |
| No. 10-1113 ) | MAG. JUDGE WILKINSON | |
| ) | | |

**VILLA LAGO PLAINTIFFS' REPLY TO THE FEE COMMITTEE'S RESPONSE TO THE VILLA LAGO PLAINTIFFS' MOTION FOR PAYMENT OF COSTS PURSUANT TO COASTAL SETTLEMENT AGREEMENT [D.E. 18423]**

COMES NOW the Certified Class of Plaintiffs known as the "Coastal Settlement Class", by and though Class Counsel, and replies to the Fee Committee's Response to the Villa Lago Plaintiffs' Motion for Payment of Costs Pursuant to Coastal Settlement Agreement [D.E. 18423], and state as follows:

The relief sought in the Motion neither questions any Order of this Court nor the efforts of the PSC, but rather simply seeks to enforce what this Court ordered in granting Preliminary and Final Approval of the Coastal Settlement Agreement.[1] The Motion was filed in an abundance of caution only after the PSC declined to agree to Settlement Class Counsel's proposal that RCR and the Claimants' rights under the Settlement Agreement be preserved, and

---

[1] / Order (1) Preliminarily Approving Settlement Agreement Regarding Claims Against Coastal Construction of South Florida, Inc. Related to Villa Lago at Renaissance Commons in MDL 2027; (2) Conditionally Certifying a Settlement Class; (3) Approving the Form of Notice and Authorizing the Dissemination of the Notice; (4) Scheduling a Fairness Hearing; and (5) Staying the Litigation Against Coastal Construction of South Florida, Inc. [D.E. 16777]; and Final Order and Judgment Certifying the Coastal Settlement Class, Appointing Class Counsel, and Granting Final Approval of the Settlement Regarding Claim Against Coastal Construction of South Florida, Inc. Related to Villa Lago at Renaissance Commons in MDL 2047 [D.E. 17177].

that there would be no waiver of any claim or argument to collect the full amounts owed over and above the stipend amount. RCR and the Claimants seek no relief beyond what was negotiated, offered, accepted and approved in the Coastal Settlement Agreement.

RCR specifically seeks no preferential treatment, but rather simply what it bargained for: the balance of $380,964 it is owed as repayment for pre-settlement expenditures to keep its property habitable. RCR's claim is not for *litigation* expenses, but for out-of-pocket *operational costs* it disclosed prior to the mediation(s), and for which it required repayment as a part of any settlement agreement. Repayment of these costs was a material inducement for RCR to enter into the Coastal Settlement Agreement (and not opt out of the other Settlement Agreements). RCR materially changed its position and compromised its claims at a significant discount in reliance upon the exact terms of the Coastal Settlement Agreement, and RCR required that the specific amount of its out of pocket pre-suit expenses be included for that very purpose.

Moreover, half of the stipulated agreed costs were payable from the Coastal Settlement, and have already been distributed to RCR and the Class. The agreement clearly provides that the other half of the stipulated agreed costs payment was to come from Knauf/the Knauf Fund. In this manner the parties negotiated an allocation that avoided any conflicts over the timing of the distributions. While convenient to argue now that enforcement the settlement agreement is an attempt to gain funds at the expense of other non-Villa Lago claimants, the reality is that repayment of this specific amount of costs was disclosed during the mediations attended by the PSC, and specifically incorporated as a line item in the Term Sheet and Settlement Agreement approved by (and not objected to by) the PSC. Therefore, RCR respectfully requests the Court grant the Motion and enforce the specific term of repayment of expenses.

WHEREFORE, the Certified Class of Plaintiffs known as the "Coastal Settlement Class" respectfully request that the Court order payment of $380,964 in costs and expenses, as set forth in the approved aforementioned settlement agreements.

                Respectfully submitted,

                 *s/* GREGORY S. WEISS
                GREGORY S. WEISS (Fla. Bar No. 163430)
                Mrachek, Fitzgerald, Rose, Konopka, Thomas & Weiss
                505 S. Flagler Drive, Suite 600
                West Palm Beach, FL 33401
                Tel.: (561) 655-2250
                Fax: (561) 655-5537
                gweiss@mrachek-law.com
                psymons@mrachek-law.com

                Gary E. Mason
                WHITFIELD BRYSON & MASON LLP
                1625 Massachusetts Ave., NW, Suite 605
                Washington, D.C.  20036
                Telephone:  (202) 429-2290
                Facsimile:  (202) 429-2294
                gmason@wbmllp.com

                Joel R. Rhine
                RHINE MARTIN LAW FIRM
                1612 Military Cutoff Rd, Suite 300
                Wilmington, NC 28403
                Telephone:  (910) 772-9960
                Facsimile:   (910) 772-9062
                jrr@rhinelawfirm.com

                Adam C. Linkhorst, Esq.
                Linkhorst & Hockin, P.A.
                515 North Flagler Drive, 20th Floor
                West Palm Beach, Florida 33401
                Telephone:  (561) 832-5900
                Facsimile:   (954) 562-9199
                alinkhorst@acllaw.com

## CERTIFICATE OF SERVICE

  I HEREBY CERTIFY that the above and foregoing has been served upon Plaintiffs' Liaison Counsel, Russ Herman, and Defendants' Liaison Counsel, Kerry Miller, by email transmission, and upon all parties by electronically uploading the same to Lexis Nexis File and Serve in accordance with Pre-Trial Order No. 6, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF system, which will send a notice of electronic filing in accordance with procedures established in MDL 2047, on this _____ day of March, 2015.

                *s/* GREGORY S. WEISS
                GREGORY S. WEISS (Fla. Bar No. 163430)