UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In re:  CHINESE-MANUFACTURED | * | MDL 2047 |
| DRYWALL PRODUCTS | * | |
| LIABILITY LITIGATION | * | SECTION L |
| | * | |
| | * | JUDGE FALLON |
| This document relates to All Cases | * | |
| | * | MAGISTRATE JUDGE WILKINSON |
| | * | |
| * * * * * * * * * * * * * * * * * | | |

### KNAUF DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION TO SUBMIT REGISTRATION OF CLAIMS OUT OF TIME

Defendants Knauf Plasterboard (Tianjin) Co., Ltd., Knauf Plasterboard (Wuhu) Co., Ltd., Guangdong Knauf New Building Material Products Co., Ltd., Knauf Gips KG, Gebr. Knauf Verwaltungsgesellschaft KG, Knauf International GmbH, Knauf Insulation GmbH, Knauf UK GmbH, Knauf AMF GmbH & Co. KG, Knauf do Brasil Ltda., and PT Knauf Gypsum Indonesia (collectively the "Knauf Defendants") file this Opposition to Plaintiffs Anita Sanderford, James Sanderford, Wes Sanderford, Marilyn Clark, Francis Parlow, and Shea Ladner's Motion to Submit Registration of Claims Out of Time (Doc. Nos. 18347 & 18348).

Plaintiffs' Motion should be denied because, (1) without good cause, Plaintiffs failed to abide by the Court's June, 2013 Order requiring that claim forms and documentation be submitted to Brown Greer on or before July, 2013 or the Knauf Defendants' voluntary acceptance of claim forms and documentation submitted on or before October 25, 2013, and (2) the Knauf Defendants did not "assure[] that his clients' claims were persevered and that they were included in the MDL listing of claimants participating in the settlement." Doc. No. 18348, at p. 2.

The Knauf Defendants note that Plaintiffs were provided substantial time to submit claim forms and documentation to Brown Greer. Specifically, on March 27, 2013, the Court issued an

Order setting the deadline for submission of claims to May 25, 2013.  Doc. No. 16642.  On May 23, 2013, this deadline was extended to June 24, 2013.  Doc. No. 16877.  On June 24, 2013, this deadline was extended to July 8, 2013.  Doc. No. 16928.  Despite the July 8, 2013 deadline, the Knauf Defendants voluntarily agreed to accept late filed claims and documentation submitted to Brown Greer on or before October 25, 2013.  It is undisputed that Plaintiffs' claim forms and documentation were not submitted on or before October 25, 2013.

Plaintiffs attempt to get around this deadline by claiming good cause shown—that Plaintiffs' counsel was "genuinely under the impression that these claims were timely submitted, since the attorney for the Defendants in the State Court continued to assure them that the claims were accepted and would be paid."  Doc. No. 18348, at p. 2.  First, counsel for the Knauf Defendants did not assure Plaintiffs' counsel that the claims were accepted and would be paid. Plaintiffs' cite a chain of emails between a Robert Redfearn, Jr., counsel for Bailey Lumber and Supply" and Plaintiffs' counsel.  Counsel for the Knauf Defendants was not part of those communications and cannot be bound by the statements of Mr. Redfearn.

Second, the communications from Mr. Redfearn and Plaintiffs' counsel do not assure Plaintiffs' counsel that the claims were accepted and would be paid.  On March 18, 2013, Plaintiff's counsel emailed a PSC member and stated:  "As soon as I can get someone with the proper authority to acknowledge that our claims are firmly in the class, I will agree to the Dismissals." Doc. No. 18347-1, at p. 1. That same day, a PSC member replies that:  "If you are in the class definition you are in." *Id.*  This conversation is clearly referring to whether Plaintiffs meet the class definition, not whether they are entitled to settlement benefits.

Furthermore, on April 1, 2013, Mr. Redfearn follows up with Plaintiffs' counsel and notifies him that "The Judge issued an order on 3/27/13 regarding registration of claims for the

2

various Chinese drywall settlements, which should be posted on the Court's website by now." *Id*. That same day, Plaintiffs' counsel replied, "Can you send that to me?" *Id*. at p. 2. After receiving the Order, Plaintiffs' counsel emailed his paralegal and stated, "we need to complete these forms." Doc. No. 18347-6, at p. 27. These communications demonstrate that Plaintiffs' counsel knew of, but failed to complete the claims submission process by the Court's (or even Knauf's voluntary) deadline.[1]

Thus, any deadlines that were missed were not caused by an action, inaction, or representation made by or on behalf of the Knauf Defendants. Plaintiffs have no one but themselves to blame for failing to submit the required claims information and documentation to Brown Greer despite the many instructions to do so from the Court and the PSC.

For these reasons, Plaintiffs Anita Sanderford, James Sanderford, Wes Sanderford, Marilyn Clark, Francis Parlow, and Shea Ladner's Motion to Submit Registration of Claims Out of Time (Doc. Nos. 18347 & 18348) should be denied.

        Respectfully submitted,

        /s/ Kerry J. Miller
        KERRY J. MILLER (#24562)
        JAMES R. PARISH (#34017)
        **Baker, Donelson, Bearman, Caldwell & Berkowitz, PC**
        201 St. Charles Avenue, Suite 3600
        New Orleans, LA 70170
        Phone: 504.566.8646
        Fax: 504.585.6946
        Email: kjmiller@bakerdonelson.com

        ***Counsel for the Knauf Defendants***

---

[1] Plaintiffs' attempt to invoke promissory estoppel and equitable estoppel based on Mississippi law should also be denied. First, the settlement agreements are governed by Louisiana law. *See, e.g.,* Doc. No. 16407-3, at p. 77 (Section 18.10 of the Knauf MDL Settlement Agreement). Second, it is clear from the communications between Mr. Redfearn and Plaintiffs' counsel that Plaintiffs' counsel knew he was required to submit claim forms and documentation to Brown Greer, but failed to do so.

**CERTIFICATE**

I hereby certify that the above and foregoing pleading has been served upon Russ Herman, Plaintiffs' Liaison Counsel, by email, and to all parties by electronically uploading the same to LexisNexis File & Serve in accordance with Pre-Trial Order No. 6, and that the foregoing was filed with the Clerk of Court of the United States Court for the Eastern District of Louisiana, on this 17th day of March, 2015.

/s/ Kerry J. Miller