UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE:  CHINESE MANUFACTURED DRYWALL | : | MDL NO. 2047 |
| PRODUCTS LIABILITY LITIGATION | : | |
| | : | |
| | : | SECTION: L |
| This Document Relates to All Cases | : | |
| | : | JUDGE FALLON |
| .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. | : | MAG. JUDGE WILKINSON |

**STATEMENT OF FACTS BY THE SETTLEMENT ADMINISTRATOR AS RELATED TO THE APPEAL OF GLORIA ANDERTON**

The Settlement Administrator for the Chinese Drywall Settlement Program respectfully provides this Statement of Facts to the Court related to the *Appeal of Gloria Anderton's Under Air Square Footage for the Global, Banner, InEx Repair and Relocation Expense claim,* filed as Rec. Doc. 18414.

1. This appeal relates to a Global, Banner, InEx Repair and Relocation Expenses claim submitted by claimant Gloria Anderton.

2. Ms. Anderton submitted an eligible Global, Banner, InEx Repair and Relocation Expenses claim against the Banner Settlement Fund.

3. The Settlement Administrator confirmed that the Under Air Square Footage of the Affected Property was 2,626 square feet, which is the amount listed by the claimant on her claim form.

4. Paragraph 6 of the Banner Allocation Agreement provides that:

> In order to allocate the Repair and Relocation Damage Set Aside among the Banner Class Members, the Special Master or Claims Administrator shall first compile claims information from the Banner Class Members by a date certain to determine: (i) the total number of Banner-supplied Affected Properties that are entitled to an allocation of Banner Settlement Funds; and (ii) the total combined square footage under air of all such Affected Properties. The Special Master or Claims Administrator shall

1

      then divide the total amount of Repair and Relocation Damage Set Aside by the total combined square footage under air of all Banner-supplied Affected Properties to determine the amount per square foot under air to allocate to each Affected Property ("Affected Property Allocation Per Square Foot").

5. The Affected Property Allocation Per Square Foot for the Banner Settlement is $2.97. *See* Claims Administrator Procedure 2014-9. The Settlement Administrator multiplied $2.97 by 2,626 (the Under Air Square Footage of the property) and determined that the claimant was eligible for a payment of $7,799.22.

6. Claimant's counsel appealed to the Special Master based on the method in which the payment amount was determined. Claimant's counsel requested the Settlement Administrator award actual out of pocket expenses of $194,033.99.

7. The Special Master upheld the Settlement Administrator's determination that the claimant was entitled to $7,799.22. The Settlement Administrator served notice of the Special Master's determination on January 28, 2015.

8. There is no provision in the Banner Allocation Agreement or the Banner Settlement Agreement allowing for an appeal of an individual claim determination to this Court To the extent the procedure of the Knauf Settlement Agreement apply to claims made against the Banner Settlement, section 4.6.8 of the Knauf Agreement provides in relevant part that:

> [D]ecisions of the Special Master with respect to the Other Loss Fund may be appealed by Settlement Class Counsel, the Knauf Defendants or an affected Class Member within 15 days of service of the Special Master's decision by filing an objection with the Court, but only after Settlement Class Counsel, the Knauf Defendants, and, if applicable, an affected Class Member's counsel meet and confer in attempt to resolve such issue.

9. The claimant appealed the Special Master Denial Notice on March 3, 2015, which is more than 15 days after service of the Special Master Denial Notice. There is no

indication that counsel attempted to meet and confer with any party before filing this appeal.

10. The basis for this appeal is that "[d]etermining the Andertons' payment from the GBI settlement using only floor-level under-air square footage is not reasonable given the luxury nature of this home and the actual costs incurred by the Andertons." Rec. Doc. 18414-2, p. 6.

11. The Settlement Administrator is required to calculate compensation amounts by using the method set forth in the Banner Allocation Agreement, which does not provide for different calculation methods based on the luxury nature of properties or by considering actual costs incurred. No other claimant has received an award based on actual out of pocket costs.

12. The Settlement Administrator will be present at the oral argument of this matter and will be available to provide additional information as requested by the Court.

Respectfully submitted,

  /s/ Jacob Woody                 
Lynn Greer, Esquire (Va. Bar No. 29211)
Jacob S. Woody, Esquire (Va. Bar No. 77485)
BrownGreer, PLC
250 Rocketts Way
Richmond, VA 23231
Telephone: (804) 521-7234
Facsimile: (804) 521-7299
lgreer@browngreer.com
jswoody@browngreer.com

*Settlement Administrator for the Chinese Drywall Settlement Program*

**CERTIFICATE OF SERVICE**

    I hereby certify that the above pleading will be served on by electronically uploading the same to LexisNexis File & Serve in accordance with Pretrial Order No. 6, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/EDF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2047, on this 17th day of March, 2015.

       /s/Jacob Woody
Lynn Greer, Esquire (Va. Bar No. 29211)
Jacob S. Woody, Esquire (Va. Bar No. 77485)
BrownGreer, PLC
250 Rockets Way
Richmond, VA 23231
Telephone:  (804) 521-7200
Facsimile:  (804) 521-7299
lgreer@browngreer.com
jswoody@browngreer.com

*Settlement Administrator for the Chinese Drywall Settlement Program*