UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE:  CHINESE MANUFACTURED DRYWALL | : | MDL NO. 2047 |
| PRODUCTS LIABILITY LITIGATION | : | |
| | : | |
| | : | SECTION: L |
| This Document Relates to All Cases | : | |
| | : | JUDGE FALLON |
| .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. | : | MAG. JUDGE WILKINSON |

**STATEMENT OF FACTS BY THE SETTLEMENT ADMINISTRATOR AS RELATED TO THE MOTION ETHEL LEWIS AND LATOYA LEWIS-PIERRE TO RECLASSIFY ERRONEOUSLY FILED GBI CLAIM AS SHORT SALE CLAIM**

The Settlement Administrator for the Chinese Drywall Settlement Program respectfully provides this Statement of Facts to the Court related to the *Motion of Lewis, Ethel and Lewis-Pierre, Latoya,* filed with the Court as Rec. Doc. 18429.

**I. Facts Regarding Claimant's Global, Banner InEx Repair and Relocation Expenses Claim.**

1. This appeal relates to a Global, Banner, InEx Repair and Relocation Expenses claim filed on September 26, 2013 by claimant Ethel Lewis.

2. Ms. Lewis did not own the Affected Property at the time she submitted the Global, Banner, InEx Repair and Relocation claim. Ms. Lewis sold the property on or about June 27, 2011.  *See* Rec. Doc. 18429-10, p. 3.

3. In some cases, a seller of an Affected Property can retain the right to assert claims in the Chinese Drywall Settlement Program.  Paragraph 3, Footnote 2 of the Banner Allocation Agreement provides that:

> [S]ellers of Affected Properties who sold un-remediated Affected Properties at a diminished value after disclosure of the existence of CDW to the buyer and retained, in writing, the exclusive right to assert all claims associated therewith against Banner shall be entitled to make a claim for

1

>   their damages under the distribution terms of this "Repair and Relocation Damage Set Aside" section.

4. The Settlement Administrator reviewed the claimants' Global, Banner, InEx Repair and Relocation claim and determined that Ms. Lewis had not retained the right to assert claims related to the property and denied her Global, Banner, InEx Repair and Relocation claim. The Settlement Administrator issued a Denial Notice on February 2, 2015.

5. This claimant appealed the Settlement Administrator's denial to the Special Master on March 5, 2015. This claimant therefore has two pending appeals for the same claim – one to the Special Master, and one to this Court. The Special Master has not yet ruled on the appeal, and therefore this appeal of the Claimants' Global, Banner, InEx Repair and Relocation claim to this Court is not yet ripe.

II. **Facts Regarding Claimant's Request for Reclassification**.

6. On January 23, 2015 after learning that the claim would be denied because Ms. Lewis had not retained the right to assert a Global, Banner, or InEx Repair and Relocation Expenses claim, counsel requested that the Settlement Administrator re-classify the claimants' Global, Banner, InEx Repair and Relocation Expenses claim to a Short Sale claim.

7. Claimant's counsel based his request for reclassification on Claims Administrator Procedure 2013-6, which provides in part that:

>   If the Settlement Administrator determines that a claimant may have a valid claim but erroneously filed an incorrect claim form, the Settlement Administrator will notify the claimant of the filing error.

8. However, on March 6, 2014, nearly a year before filing this appeal and 10 months before requesting reclassification, Claimant's counsel wrote that "we flat out admit that the property was short sold, so the claimant no longer owns the property…" Rec. Doc.

18429-7.  Despite knowing of the short sale on March 6, 2014, Claimant's counsel did not request that the claim be reclassified as a Short Sale claim until January 23, 2015.

9. The Settlement Administrator denied counsel's January 23rd, 2015 request to reclassify the denied Global, Banner, InEx Repair and Relocation claim to a Short Sale claim because the pro-rata calculations for Short Sale claims had already been calculated as outlined in Pre-Trial Order 29.

10. In addition, Claims Administrator Procedure 2013-6 does not apply to this situation because Claimant's counsel knew on March 6, 2014 that the property had been sold in a short sale, and therefore knew or should have known that Ms. Lewis may have a short sale claim without any input from the Settlement Administrator.

11. The requests lodged by Claimant's counsel in his Motion to Reclassify are in reality requests to submit late filed claims.  The Court has indicated it will address late filed claims at the March 2015 Status Conference.

12. The Settlement Administrator will be present at the oral argument of this matter and will be available to provide additional information as requested by the Court.

Respectfully submitted,

  /s/ Jacob Woody
Lynn Greer, Esquire (Va. Bar No. 29211)
Jacob S. Woody, Esquire (Va. Bar No. 77485)
BrownGreer, PLC
250 Rocketts Way
Richmond, VA 23231
Telephone:  (804) 521-7234
Facsimile:  (804) 521-7299
lgreer@browngreer.com
jswoody@browngreer.com

*Settlement Administrator for the Chinese Drywall Settlement Program*

## **CERTIFICATE OF SERVICE**

I hereby certify that the above pleading will be served on by electronically uploading the same to LexisNexis File & Serve in accordance with Pretrial Order No. 6, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/EDF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2047, on this 17th day of March, 2015.

    /s/Jacob Woody
Lynn Greer, Esquire (Va. Bar No. 29211)
Jacob S. Woody, Esquire (Va. Bar No. 77485)
BrownGreer, PLC
250 Rockets Way
Richmond, VA 23231
Telephone:  (804) 521-7200
Facsimile:  (804) 521-7299
lgreer@browngreer.com
jswoody@browngreer.com

*Settlement Administrator for the Chinese Drywall Settlement Program*