UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO. 10-23091-CIV-SEITZ/O'SULLIVAN

COLONY INSURANCE
COMPANY,

       Plaintiff,

vs.

TOTAL CONTRACTING & ROOFING,
INC.,

       Defendants, et al.

_____/

## ORDER GRANTING MOTION TO DISMISS COUNTERCLAIMS AND GRANTING MOTION TO STRIKE ANSWER

THIS MATTER is before the Court on the Plaintiff's Motion To Dismiss Counterclaim [DE-32] and Motion To Strike Answer [DE-36]. Plaintiff Colony Insurance Company ("Colony") seeks a judgment declaring that it has no obligation to defend or indemnify Defendant Total Contracting & Roofing, Inc. ("Total Contracting") with respect to claims Defendants David and Wendy Smith (collectively "Smiths") assert against Total Contracting as part of the Chinese-Manufactured Drywall Products Liability Litigation currently pending in the Eastern District of Louisiana (*Payton v. Knauf Gips*, MDL No. 2047). Because Florida's "Non-Joinder" statute requires dismissal of Smiths' Counterclaims and Defendant Total Contracting is impermissibly proceeding *pro se*, the Court will grant both Motions. The Court will grant Total Contracting a limited amount of time to obtain counsel before it will entertain a motion for default judgment.

1. **Background Facts**

This action is related to the Chinese-Manufactured Drywall Products Liability Litigation (MDL No. 2047) currently pending in the Eastern District of Louisiana. In that litigation, the

1

Smiths claim that Total Contracting is liable to the Smiths for damages and injuries arising of Total Contracting's installation of defective drywall during its renovation work on the Smiths' Miami Beach home. (DE-1, Complaint at ¶¶ 8-9). Colony issued four Commercial General Liability Insurance Policies to Total Contracting that were collectively in effect from July 30, 2005 through July 30, 2009 ("the Policies"), and Colony alleges that Total Contracting seeks liability coverage under the Policies arising from the Smiths' lawsuit. (*Id.* at ¶¶ 10-11). Colony has afforded Total Contracting a defense against the Smiths' claims, but has done so under a reservation of rights. (*Id.* at ¶ 11; DE-28-1, June 2, 2010 Reservation of Rights).

On August 27, 2010 Colony filed its Complaint For Declaratory Relief in this Court. Therein, Colony asserts nine separate Counts, each seeking a declaration concerning Colony's obligations (or lack thereof) under the Policies. On September 21, 2010, the Smiths filed an Answer and three Counterclaims [DE-31] against Colony. The Counterclaims seek declarations that Total Contracting's claimed damages are covered damages under the Policies and, for a number of reasons, are not subject to exclusions in the Policies. Total Contracting filed its own Answer on September 24, 2010, but did so *pro se*.

Colony moves to dismiss the Smiths' Counterclaims and to strike Total Contracting's Answer. With respect to the Smiths' Counterclaims, Colony argues that Florida's "Non-Joinder" statute, Fla. Stat. § 627.4136(1), prohibits the Smiths' Counterclaims at this time because the Smiths have not yet obtained a settlement or verdict against Total Contracting. Colony further argues that Total Contracting's Answer must be stricken on the grounds that a corporation cannot represent itself. For the reasons stated below, both Motions will be granted.

2

2.  Analysis

    a.  The Smiths' Counterclaims

First, Colony moves to dismiss the Smiths' Counterclaims on the ground that those claims are presently barred by Fla. Stat. § 627.4136(1), which provides,

> It shall be a condition precedent to the accrual or maintenance of a cause of action against a liability insurer by a person not an insured under the terms of the liability insurance contract that such person shall first obtain a settlement or verdict against a person who is an insured under the terms of such policy for a cause of action which is covered by such policy.

Thus, this statute requires the Smiths to obtain a settlement or verdict against Total Contracting before they can bring an action against Colony. *See Allstate Ins. Co. v. Stanley*, 282 F. Supp. 2d 1342, 1344 (M.D. Fla. 2003) (dismissing non-insured defendants' counterclaim when those defendants had not obtained a settlement or judgment in underlying actions against insureds); *see also Clarendon Am. Ins. Co. v. Bayside Rest., LLC*, 2006 WL 449247, at *1 (M.D. Fla. Feb. 23, 2006) ("the statute is clear on its face that a person not insured under the contract may not bring action against the liability insurer ... until they attain a verdict against the insured").

Nevertheless, the Smiths argue § 627.4136(1) does not apply for two reasons. First, they argue that they must be permitted to raise their counterclaims under Federal Rule of Civil Procedure 13(a)(1)(A), which requires a defendant to plead any claim that the defendant has against the plaintiff "at the time of ... service" of its answer that "arises out of the transaction or occurrence that is the subject matter of the [plaintiff's] claim." However, under § 627.4136(1), the Smiths did not have a claim against Colony at the time they served their answer – their declaratory judgment claims were premature in the absence of a

3

settlement or judgment against Total Contracting. *See Fabricant v. Sears Roebuck & Co.*, 202 F.R.D. 306, 309 (S.D. Fla. 2001) ("A counterclaim is mandatory only it exists *at the time of serving the pleading.*") (emphasis in original). Accordingly, Smiths' counterclaims were not compulsory under Rule 13 because, under Florida law, they were not ripe at the time the Smiths filed their Answer.

Second, the Smiths claim that § 627.4136(1) should not apply because Colony, the insurer, initiated this action and the Smiths only raise their claims in response. However, nothing about the text of § 627.4136(1) suggests that it is inapplicable with respect to counterclaims, and two courts have already found that counterclaims are not excepted from its application. *Clarendon*, 2006 WL 449247, at *1; *Allstate Ins. Co. v. Stanley*, 282 F. Supp. 2d at 1344. While third-party claimants such as the Smiths can defend a declaratory judgment action against an insured, *see Monticello Ins. Co. v. Dynabilt Mfg. Co.*, 2005 WL 3019241, *3 (M.D. Fla. Nov. 10, 2005), or intervene in a declaratory judgment initiated by an insurer, *In re Haeger*, 221 B.R. 548, 551 (M.D. Fla. 1998), the Smiths have not brought any authority to this Court's attention suggesting that they may raise their own claim against Colony at this time.[1] Accordingly, the Court will grant Colony's Motion To Dismiss.

b.  **Total Contracting's Answer**

Colony also moves to strike Total Contracting's Answer because Total Contracting filed its

---

[1] Additionally, the Smiths fail to acknowledge that the Policies provide that no person has a right to "join [Colony] as a party or otherwise bring [Colony] into a 'suit' asking for damages from an insured," (*See, e.g.*, DE-24-1 at page 34), or that Florida expressly approves of and enforces such provisions against non-insureds. Fla. Stat. § 627.4136(3) (allowing insurers to insert into policies "provisions that preclude persons who are not designated as insureds in such policies from joining a liability insurer as a party defendant with its insured prior to the rendition of a verdict" and providing that such provisions "shall be fully enforceable"). While the Smiths are technically not joining Colony into their action against Total Contracting in Louisiana, allowing them to bring a counterclaim here would have the same practical effect.

4

Answer *pro se*. Colony correctly argues that because Total Contracting is a corporation, it cannot proceed *pro se* and must be represented by legal counsel. *Palazzo v. Gulf Oil Corp.*, 764 F.2d 1381, 1385 (11th Cir. 1985). Accordingly, the Court will grant the Motion To Strike, though it will allow Total Contracting a limited amount of time to obtain counsel and defend this action. It is hereby

ORDERED THAT

(1) Colony's Motion To Dismiss Counterclaim [DE-32] is GRANTED and the Smiths' Counterclaims are DISMISSED without prejudice.

(2) Colony's Motion To Strike Answer [DE-36] is GRANTED.

(3) Colony shall serve a copy of this Order on Total Contracting no later than **December 10, 2010** and shall file a statement certifying that it has done so no later than **December 13, 2010.**

(4) Total Contracting shall obtain counsel, which must file a notice of appearance with this Court no later than **December 22, 2010.** Total Contracting must file a renewed answer to the Complaint no later than **January 11, 2010.** If Total Contracting fails to comply with either of these deadlines, Colony shall file a motion for Clerk's default and a motion for final default judgment within a week after Total Contracting's non-compliance.

DONE and ORDERED in Miami, Florida, this 7th day of December, 2010.

PATRICIA A. SEITZ
UNITED STATES DISTRICT JUDGE

cc:
Magistrate Judge John J. O'Sullivan
All Counsel of Record

5