UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

Case No. 10-21041-CIV-GRAHAM/TORRES

MID-CONTINENT CASUALTY, CO.,

Plaintiff,

vs.

EASTERN CONSTRUCTION GROUP, INC.,
a Florida corporation, and EMILIO J.
ALVAREZ and MARTHA L. ALVAREZ,
citizens of Florida,

Defendants.
_____/

### ORDER

**THIS CAUSE** comes before the Court upon Mid-Continent Casualty Company's Motion to Dismiss Alvarez's Counterclaim and Strike Affirmative Defenses [D.E. 45].

**THE COURT** has considered the Motions, the pertinent portions of the record, and is otherwise fully advised in the premises.

### I. BACKGROUND

Plaintiff, Mid-Continent Casualty Company ("Mid-Continent") filed this action against Defendant Eastern Construction Group, Inc. ("Eastern") and Emilio and Martha Alvarez ("Alvarez"), as third party claimants, for declaratory relief pursuant to 28 U.S.C. § 2201. Mid-Continent seeks a declaration regarding the scope of its duty to indemnify under its contract of insurance with Eastern.

This action stems from a lawsuit filed by Alvarez against Mid-Continent's insured, Eastern, in the Circuit Court of the Eleventh

Judicial Circuit in and for Miami-Dade County, Florida. The Alvarez suit contains a product liability claim for property damage that Alvarez alleges was caused by Mid-Continent's insured's acts and omissions in the installation of defective Chinese manufactured drywall in the Alvarez's home.

In the instant case, Mid-Continent seeks a declaration that: 1) under its policies, Mid-Continent's obligation is limited to indemnifying Eastern for property damage, as defined in the policies, that took place during the policy period (Count I); 2) under its policies, Mid-Continent's obligation is limited to indemnifying Eastern for damages not excluded by the policies (Count II); and 3) under its policies, Mid-Continent is not obligated to pay for the costs to initiate and pay for medical/environmental monitoring or for any other equitable relief (Count III). Defendant Alvarez filed an Answer to the Amended Complaint that included Affirmative Defenses and a Counterclaim for Declaratory Relief [D.E. 24].

Mid-Continent now moves the Court to dismiss Alvarez's Counterclaim without prejudice and strike Alvarez's affirmative defenses. Specifically, Mid-Continent moves to strike Alvarez's Second, Third, Fourth, and Sixth affirmative defenses in which Alvarez asserts that Mid-Continent "waited too long" to bring this action [D.E. 24]. Mid-Continent also moves to dismiss Alvarez's Counterclaim for declaratory relief. Mid-Continent argues that

2

Alvarez's claims are premature because there has not been an adjudication on the determination of rights under the insurance policy.

## II. LAW AND DISCUSSION

### A. Standard of Review

#### 1. Motions to Dismiss

In examining a motion to dismiss, a court accepts the plaintiff's allegations as true and construes the complaint in the plaintiff's favor. See, generally, Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 127 S.Ct. 1955, 1965, 167 L.Ed.2d 929 (2007)(noting that on a motion to dismiss there is an assumption that all allegations in the complaint are true). To survive a motion to dismiss, a complaint need not contain "detailed factual allegations." Id. (citations omitted). Rather, the complaint must contain "only enough facts to state a claim to relief that is plausible on its face." Id. at 1974. The factual allegations "must be enough to raise a right to relief above the speculative level." Id. at 1965. "[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Id. at 1964-65.

#### 2. Motions to Strike

According to Rule 12(f) of the Federal Rules of Civil Procedure, "upon motion made by a party … the court may order

3

stricken from any pleading … any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). Although these motions are not favored, they may be granted when it is clear that the matter has no bearing on the subject matter of the litigation. Craig Funeral Home, Inc. v. State Farm Mutual Automobile Insurance Co., 254 F.2d 569, 562 (5th Cir. 1958). Whether a matter is considered "redundant, immaterial, impertinent, or scandalous" is an issue left to the discretion of the trial court. Breckenridge Pharmaceutical, Inc. v. Metabolite Laboratories, Inc., No. 04-80090-CIV-COHN, 2007 WL 201261, at *2 (S.D.Fla. Jan. 24, 2007). If an affirmative defense "comprises no more than 'bare bones' conclusory allegations, it must be stricken." Microsoft Corp. v. Jesse's Computers & Repair, Inc., 211 F.R.D. 681, 684 (M.D. Fla. 2002) (citations omitted).

**B. Motion to Strike Affirmative Defenses**

Mid-Continent seeks to strike Alvarez's Second, Third, Fourth, and Sixth Affirmative Defenses. According to Mid-Continent, Alvarez cannot maintain these defenses because the defenses allege insufficient factual basis and are contrary to Florida law [D.E. 45]. The Court agrees. Alvarez's second, third, fourth and sixth affirmative defenses exemplify the meaning of "conclusory allegations." Defendant makes general assertions that Mid-Continent's claims are barred by the doctrine of laches, the doctrine of waiver and estoppel, and unclean hands. Rule 8 requires

4

only a short and plain statement of the facts in support of the affirmative defenses. However, Alvarez fails to allege any facts in support of these defenses, thus falling short of Rule 8's liberal pleading requirement. See Microsoft, 221 F.R.D. at 684. Moreover, as Alvarez concedes, Florida law prohibits the creation of coverage by waiver, estoppel, laches or unclean hands. Doe v. Allstate Ins. Co., 653 So. 2d 371, 373 (Fla. 1995). Alvarez assertions that their defenses refer to bringing the instant action and not the underlying coverage issue is without merit. Specifically, Alvarez's Third, Fourth and Sixth affirmative defenses include the statement that "[T]he allegations of Defendant's Complaint in the Underlying Action specifically fall within the covered terms of the subject insurance contract." Clearly the affirmative defenses are an attempt to establish coverage. [D.E. 24, ¶¶ 33, 34, and 36]. Therefore, Mid-Continent's motion to strike is granted and Alvarez's affirmative defenses are stricken without prejudice.

C.   **Motion to Dismiss the Counterclaim**

In Count I of the Counterclaim, Alvarez seeks declaration regarding Mid-Continent's duty to indemnify for damages that do not constitute property damage [D.E. 24 at ¶¶ 64-72]. Furthermore, in Count II, Alvarez seeks declaration that Mid-Continent has a duty to indemnify its insured for damages because the policies' exclusions are inapplicable [D.E. 24 at ¶¶ 73-81]. Mid-Continent argues that the Counterclaims for declaratory relief (Count I and

5

II) should be dismissed because there is no final determination on coverage. The Court agrees.

In examining a motion to dismiss the Counterclaim, the Court must accept Defendants allegations as true. The Alvarez counterclaim is contingent upon an adjudication that Mid-Continent's coverage does not extend to the underlying property damage. Therefore, because Alvarez's claim is contingent upon the occurrence of an event that may or may not occur, it is premature. As such, it is appropriate to dismiss Alvarez's Counterclaim without prejudice. Moreover, the Court agrees that Fla. Stat. §627.4136(1) precludes Alvarez's counterclaim until there is a settlement or judgment in the underlying action. See Tomlinson v. State Farm Fire & Cas. Co., 579 So. 2d 211, 212 (Fla. 2d DCA 1991); Gregg v. Metropolitan Prop. and Liab. Ins. Co., 595 F. Supp. 529, 531 (S.D. Fla. 1984). Based on the foregoing, Plaintiff's Motion to Dismiss the Counterclaim is granted. Alvarez's Counterclaim is dismissed without prejudice.

### III. CONCLUSION

Based on the foregoing, it is hereby

**ORDERED AND ADJUDGED** that Mid-Continent Casualty Company's Motion to Dismiss Alvarez's Counterclaim and Strike Affirmative Defenses [D.E. 45] is **GRANTED**.

Accordingly, it is hereby

6

**ORDERED AND ADJUDGED** that Plaintiffs' motion to strike Defendants' Affirmative Defenses is **GRANTED**. Alvarez's Second, Third, Fourth, and Sixth Affirmative Defenses shall be **STRICKEN without prejudice**. It is further

**ORDERED AND ADJUDGED** that Defendant Alvarez's Counterclaim is **DISMISSED without prejudice**. It is further

**DONE AND ORDERED** in Chambers at Miami, Florida, this 10th day of October, 2010.

DONALD L. GRAHAM
UNITED STATES DISTRICT JUDGE

cc: U.S. Magistrate Judge Edwin G. Torres
All Counsel of Record