UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: CHINESE-MANUFACTURED DRYWALL PRODUCTS LIABILITY LITIGATION | ) ) ) ) ) ) ) ) | CASE NO. 2:09-MD-02047 SECTION L JUDGE FALLON MAG. JUDGE WILKINSON |
| (Relates to *Amato v. Liberty Mutual Ins.*, No. 2:10-cv-00932) | | |

**REPLY OF AMERICAN HOME ASSURANCE COMPANY IN SUPPORT OF
PLAINTIFFS' MOTION TO AMEND COMPLAINT BY INTERLINEATION**

Defendant American Home Assurance Company (American Home) submits this reply in further support of its joinder (Joinder) (Rec. Doc. 18291) in plaintiffs' motion to amend their complaint by interlineation.

**Introduction**

American Home should be dismissed from *Amato v. Liberty Mutual Ins.*, No. 2:10-cv-000932 (E.D. La.) (*Amato* action), and Westchester Fire Insurance Company (Westchester) substituted as a defendant. On January 14, 2015, plaintiffs moved for leave to amend the *Amato* complaint by interlineation (Motion) (Rec. Doc. 18263). Plaintiffs seek to dismiss primary insurer American Home, which exhausted its policy limits paying claims for remediation of Chinese-manufactured drywall at the Peninsula II Condominium in Florida, and substitute excess insurer Westchester as a defendant. American Home joined in that motion.

On February 9, 2015, Westchester requested leave to file a belated opposition arguing that "Plaintiffs' Liaison Counsel did not notify Westchester's counsel, in writing, or otherwise" of the Court's Order of January 15, 2015 (Order)(Rec. Doc. 18266),

which directed plaintiffs' counsel to notify Westchester of the motion to amend.[1] Thereafter, the Court granted Westchester leave to file its opposition (Opposition) (Rec. Do. 18301), reset plaintiffs' Motion for hearing on March 26, 2015, and permitted any party to file supplemental briefing by March 17, 2015 (Rec. Doc. 18317).

In its Opposition, Westchester argues that the Court should neither dismiss American Home nor permit plaintiffs to amend their complaint to add Westchester as a defendant in *Amato*. On the contrary, this Court should dismiss American Home and grant plaintiffs' Motion. Plaintiffs are entitled as a matter of right to dismiss American Home under Fed. R. Civ. P. 41(a)(1) because American Home has not filed an answer. Further, plaintiffs are entitled to dismiss American Home under Fed. R. Civ. P. 41(a)(2) with leave of court because American Home does not claim that it will be prejudiced by the dismissal. In fact, it joins in the request that it be dismissed.

Plaintiffs are also entitled to amend their complaint to add Westchester as a defendant. Leave to amend under Rule 15(a) should be freely given absent a substantial reason to deny the request. Westchester does not assert any one of the five reasons courts have recognized as a substantial reason for denying leave to amend. Instead, it invokes the "first-to-file" rule, claiming that rule requires that a Florida federal court determine whether Westchester provides coverage for plaintiffs' claims. The "first-to-

---

[1] Plaintiffs did provide the requisite notice to Westchester. In compliance with the Court's Order, plaintiffs' counsel provided written notice and a copy of their Motion and the Court's Order to counsel for Westchester, a partner at Cozen O'Connor, fourteen days before the deadline to respond to the motion to amend. *See* Letter from Leonard A. Davis, Esq. to Anaysa Gallardo Stutzman, Esq., dated January 21, 2015 (attached as Exhibit 1). Ms. Stutzman is identified as counsel for Westchester in *Peninsula II Developers, et al. v. Westchester Fire Ins. Co.*, S.D. Fla. No. 1:09-cv-23691 (Exhibit 2)

file" rule, however, does not require this Court to deny the motion for leave to amend, and the Court may determine if the rule applies once Westchester is added as a party.

## Argument

I. **Dismissal of American Home is effective and appropriate under Fed. R. Civ. P. 41(a).**

   A. **Plaintiffs have effectively exercised their "absolute right" to dismiss American Home under Rule 41(a)(1).**

Plaintiffs have effectively exercised their right to dismiss American Home from this action. Under Rule 41(a)(1), a plaintiff may dismiss an action without court order by filing a notice of dismissal "before the opposing party serves either an answer or a motion for summary judgment . . . ."[2] A plaintiff has an "absolute right" to dismiss a defendant under the rule.[3] A court has no discretion to deny dismissal or attach any conditions or burdens so long as the conditions for dismissal are satisfied.[4] A dismissal under the rule requires no judicial action or approval; it is effective automatically when a notice is filed.[5]

Here, plaintiffs' Motion is an effective exercise of their absolute right to dismiss American Home. Plaintiffs may dismiss American Home by notice under Rule 41(a)(1) because American Home has not filed an answer or motion for summary judgment in

---

[2] Fed. R. Civ. P. 41(a)(1)(i).

[3] *Harvey Specialty & Supply, Inc. v. Anson Flowline Equip. Inc.*, 434 F.3d 320, 324 (5th Cir. 2005).

[4] *Thomas v. Phillips*, 83 F. App'x 661, 662 (5th Cir. 2003); *Williams v. Ezell*, 531 F.2d 1261, 1263-64 (5th Cir. 1976).

[5] *Yesh Music v. Lakewood Church*, 727 F.3d 356, 362 (5th Cir. 2013).

*Amato*. The Motion, which expresses plaintiffs' intent to dismiss American Home, has the same effect under Rule 41(a)(1) as a notice of dismissal.[6]

Because plaintiffs have an absolute right to dismiss American Home, no grounds exist for keeping American Home as a party in the case. It does not matter, as Westchester argues, that Judge Seitz's ruling in the Florida coverage action regarding the American Home policies is not a final judgment.[7] As explained in the plaintiffs' Motion, Judge Seitz held that the plain language of the American Home policies provides a single completed operations limit for all three policies.[8] The Court further found no dispute that American Home paid that limit to resolve Chinese-drywall claims.[9] American Home cannot be kept as a defendant in the case because Westchester speculates that an appellate court may overturn Judge Seitz's decision. Whatever hopes Westchester may have as to the outcome of any future appeal, plaintiffs have the right to dismiss American Home, and they have properly exercised that right.

> **B.   Alternatively, the Court should dismiss American Home under Rule 41(a)(2) because American Home will not suffer any prejudice.**

Even if plaintiffs could not dismiss American Home as a matter of right, dismissal is warranted under Rule 41(a)(2). Under that rule, a plaintiff may request dismissal by court order when dismissal under Rule 41(a)(1) is unavailable. A motion

---

[6] *See Taylor v. Tesco Corp. (US)*, 816 F. Supp. 2d 410, 413 (S.D. Tex. 2011) (filing labeled a "motion for dismiss" had the effect of a Rule 41(a)(1) notice of dismissal as to any defendant that had not yet served an answer or motion for summary judgment).

[7] Opposition at 6-7.

[8] Motion, Exhibit A (Rec. Doc. 18263-2) at 18-19.

[9] *Id.* at 8.

- 4 -

for voluntary dismissal should be "freely granted" except when the non-moving defendant will suffer some "plain legal prejudice" other than the mere potential of a second lawsuit. The purpose of the rule is to prevent a dismissal that unfairly affects the non-moving defendant. Absent prejudice to the defendant, a court should grant a plaintiff's motion to dismiss.[10]

Prejudice to American Home is not an issue here. The plaintiffs and American Home agree that American Home should be dismissed from the action because the applicable limit under the American Home policies is exhausted.

Westchester's speculation that Judge Seitz's exhaustion ruling might someday be reversed on appeal does not give rise to any prejudice to American Home warranting denial of the Motion. The rule is meant to guard against prejudice to American Home, the defendant that plaintiffs seek to dismiss. American Home does not claim it will suffer prejudice if it is dismissed and Judge Seitz's decision is later overturned. Not even Westchester, which is not the party the rule is intended to protect, can claim prejudice if American Home is dismissed. Westchester can litigate coverage under its policies without American Home as a party.

---

[10] *Elbaor v. Tripath Imaging, Inc.*, 279 F.3d 314, 317 (5th Cir. 2002).

**II.     No substantial reason exists to deny plaintiffs' motion to amend the complaint to add Westchester as a defendant.**

   **A.     Plaintiffs' motion to amend the complaint to add Westchester as a defendant must be granted absent a "substantial reason" for denying the motion.**

A presumption exists in favor of granting plaintiffs' Motion under Fed. R. Civ. P. 15(a) to amend the complaint to add Westchester as a defendant that may be overcome only for a "substantial reason."  Under Rule 15(a), a court should "freely give leave" for a party to amend where "justice so requires."[11]  Whether to grant leave is left to the court's sound discretion.[12]  But that discretion is limited because the rule has a bias in favor of granting leave to amend.[13]  The purpose of the rule is to allow "liberal amendment" to facilitate deciding cases on the merits rather than technical pleading issues.[14]  It creates a presumption in favor of granting leave to amend.[15]

In light of that presumption, the court's discretion is only broad enough to deny a motion for leave for a "substantial reason,"[16] which includes undue delay, bad faith, repeated failures to cure deficiencies through prior amendments, undue prejudice to an opposing party, or futility.[17]  Futility requires that a claim could not withstand a motion

---

[11] Fed. R. Civ. P. 15(a)(2).

[12] *Wimm v. Jack Eckerd Corp.*, 3 F.3d 137, 139 (5th Cir. 1993).

[13] *Stripling v. Jordan Prod. Co., LLC*, 234 F. 3d 863, 872 (5th Cir. 2000) (noting that Rule 15(a) "evinces a bias in favor of granting leave to amend."); *Dussouy v. Gulf Coast Inv. Corp.*, 660 F.2d 594, 597 (5th Cir. 1981) (same).

[14] *Dussouy*, 660 F.2d at 598.

[15] *Callan v. Deutsche Bank Trust Co. Am.*, 11 F. Supp. 3d 761, 766 (S.D. Tex. 2014).

[16] *Id.*; *Jamieson v. Shaw*, 772 F.2d 1205, 1208 (5th Cir. 1985) ("[I]f the district court lacks a 'substantial reason' to deny leave, its discretion 'is not broad enough to permit denial.'").

[17] *Wimm*, 3 F.3d at 139; *Dussouy*, 660 F.2d at 598.

to dismiss under Fed. R. Civ. P. 12(b)(6).[18] Even then, to avoid a premature determination on the merits, denial of leave to amend based on futility is appropriate only when the amendment is "clearly futile."[19]

### B. The "first-to-file" rule is not a substantial reason to deny plaintiffs' motion to amend their complaint to add Westchester as a defendant.

The sole reason Westchester offers in its Opposition to deny plaintiffs' request to add Westchester as a party is the "first-to-file" rule.[20] That rule, even if it applies, is not a substantial reason justifying denial of plaintiffs' Motion. At most, the first-to-file rule may require that Judge Seitz determine whether plaintiffs may prosecute their claims for coverage against Westchester in this action or the Florida action. But the rule is no barrier to adding Westchester as a party to this action.

The first-to-file rule is not one of the reasons courts have identified as a substantial reason for denying a motion for leave to amend. The rule provides that when related cases are pending in two federal courts, the court in which the second suit was filed may refuse, at its discretion, to hear the case.[21] It is a rule of "comity and sound judicial administration"[22] intended to avoid duplication of effort, interference with the affairs and rulings of other courts, and piecemeal litigation.[23]

---

[18] *Marucci Sports, L.L.C. v. NCAA*, 751 F. 3d 368, 378 (5th Cir. 2014); *Stripling*, 234 F. 3d at 873.

[19] *See Amin-Akbari v. City of Austin, Tex.*, No. 1:13-CV-472-DAE, 2014 WL 4929315 at *3 (W.D. Tex. Oct. 1, 2014); *Moore v. Dallas Indep. Sch. Dist.*, 557 F. Supp. 2d 755, 759 (N.D. Tex. 2008).

[20] Opposition at 4-6.

[21] *Cadle Co. v. Whataburger of Alice, Inc.*, 174 F.3d 599, 603 (5th Cir. 1999).

[22] *See id.* at 603 ("The rule rests on principles of comity and sound judicial administration.").

[23] *W. Gulf Mar. Ass'n v. ILA Deep Sea Local 24*, 751 F.2d 721, 728-29 (5th Cir. 1985).

As a rule of comity, the first-to-file rule is unrelated to the five reasons for denying leave to amend—undue delay, bad faith, repeated amendments, undue prejudice, and futility. Concerned with the relationship between courts, the rule has nothing to do with any delay, bad faith or prior amendments by plaintiffs in this case. And the fact that the rule may apply does not render an amendment futile. Futility is limited to a failure to state a claim that can survive a motion to dismiss.[24] The first-to-file rule addresses what court should adjudicate a claim, not whether a party has stated a proper claim.[25]

Applying the first-to-file rule also does not demonstrate any undue prejudice to Westchester in making it a defendant in this action. Determining whether to allow the amendment and whether to let the case proceed under the first-to-file rule involve independent inquiries. Westchester can be added as a defendant and then assert its claim that the first-to-file rule requires that Judge Seitz determine its coverage obligations.[26] With Westchester as a party, the Court can determine whether plaintiffs'

---

[24] *See Marucci,* 751 F. 3d at 378; *Stripling*, 234 F. 3d at 873.

[25] *See Enter. Rent-A-Car Co. v. U-Haul Int'l, Inc.*, 327 F. Supp. 2d 1032, 1047-48 (E.D. Mo. 2004) (granting plaintiff's motion for leave to amend the complaint to add a party and rejecting the argument that the amendment was futile because adding the defendant would require transfer to another court under the first-to-file rule)

[26] *See Cellectis S.A. v. Precision Biosciences, Inc.*, 881 F. Supp. 2d 609, 610 (D. Del. 2012) (granting leave for multiple amended complaints adding patents and staying the case under the first-to-file rule to allow the other court to determine which case should proceed); *Veritas-Scalable Inv. Prod's. Fund, LLC v. FB Foods, Inc.*, 238 F.R.D. 339, 343 (D. Conn. 2006) (granting leave to add a counterclaim and affirmative defense and holding that the first-to-file rule applied as a result of adding the claims); *Enter. Rent-A-Car*, 327 F. Supp. 2d at 1047-48.

claims in this case substantially overlap with the claims in the Florida action.[27]  If it finds that the cases overlap, its task is done.  The Florida court would then determine whether plaintiffs' claims against Westchester are adjudicated in this action or the Florida action.[28]  If this Court finds no substantial overlap or otherwise declines to exercise its discretion to apply the rule, the issue is at an end.  In either event, the first-to-file rule provides no basis for denying plaintiffs' motion to amend their complaint under Rule 15(a) to add Westchester as a defendant.

WHEREFORE, defendant American Home Assurance Company requests that the Court grant leave to amend the complaint and dismiss American Home as set forth in the Motion, American Home's Joinder and this reply.

Dated:  March 17, 2015				Respectfully submitted,

						s/Erin Fury Parkinson
						ERIN FURY PARKINSON, T.A. (# 22549)
						JOSE L. BARRO, III (# 30857)
						McGLINCHEY STAFFORD, PLLC
						601 Poydras Street, 12th Floor
						New Orleans, Louisiana  70130
						Telephone:  (504) 586-1200
						Facsimile:  (504) 910-9539
						E-mail:  eparkinson@mcglinchey.com
							jbarro@mcglinchey.com

						WARREN LUTZ
						PAUL D. SMOLINSKY
						JACKSON & CAMPBELL, P.C.
						1120 20th Street, N.W., Suite 300 South

---

[27] *See Save Power Ltd. v. Syntek Fin. Corp.*, 121 F.3d 947, 950 (5th Cir. 1997) (noting that the first-to-file rule applies where the two cases substantially overlap).

[28] *Id.* at 605-06.

Washington, D. C.  20036
Phone:  (202) 457-1600
Facsimile:  (202) 457-1678
E-mail:  wlutz@jackscamp.com
psmolinsky@jackscamp.com

### **CERTIFICATE OF SERVICE**

      I hereby certify that the above and foregoing Reply of Defendant American Home Assurance Company in Support of Plaintiffs' Motion to Amend Complaint by Interlineation has been served on Plaintiffs' Liaison Counsel, Russ Herman; Defendants' Liaison Counsel, Kerry Miller; Homebuilders' Liaison Counsel, Dorothy Wimberly; Insurance Liaison Counsel, Judy Y. Barrasso; counsel for Westchester Fire Insurance Company, John W. Hite, Salley, Hite, Mercer & Resor LLC, 365 Canal Street, One Canal Place, Suite 1710, New Orleans, LA 70130, and  Joseph A. Ziemianski, Esq.,  Cozen O'Connor, 1221 McKinney Street, Suite 2900, Houston, TX, 77010; by e-mail and upon all parties by electronically uploading the same to LexisNexis File & Serve in accordance with Pre-Trial Order No. 6, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2047 on this 17th day of March 2015.

    s/Erin Fury Parkinson
ERIN FURY PARKINSON, T.A.  (# 22549)
JOSE L. BARRO, III   (# 30857)
McGlinchey Stafford, PLLC
601 Poydras Street, 12th Floor
New Orleans, Louisiana  70130
Telephone:  (504) 586-1200
Facsimile:  (504) 910-9539
E-mail:	eparkinson@mcglinchey.com
jbarro@mcglinchey.com

- 10 -