UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: CHINESE-MANUFACTURED DRYWALL ) <br> PRODUCTS LIABILITY LITIGATION ) <br> ) <br> ) <br> -------------------------------- ) <br> ) <br> THIS DOCUMENT RELATES TO: ) <br> ) <br> ALL CASES ) <br> ) <br> ) | MDL NO. 2047 <br><br> SECTION: L <br><br> JUDGE FALLON <br> MAG. JUDGE WILKINSON |

### CLAIMANTS' MEMORANDUM IN SUPPORT OF MOTION TO SUBMIT LATE FILED CLAIMS INTO THE KNAUF AND GLOBAL SETTLEMENT AGREEMENTS

COME NOW the Claimants, LUIS CAMEJO and EVA CAMEJO who now file this Memorandum in Support of Their Motion to Submit Their "Late" Filed Claim under the terms of the Knauf and Global Settlement Agreement, and as grounds for this Motion states:

1. Claimants, LUIS CAMEJO and EVA CAMEJO, currently own a home located at, 16850 SW 164th Street, Miami, FL 33187, which has been identified as containing defective Chinese drywall. The Claimants purchased the land on which their home is located in March of 2004, and moved into their home following the completion of construction in November of 2006.

2. It was not until the Claimants tried to sell their house, in June of 2014, that the presence of Chinese Drywall was discovered, during a routine inspection by the proposed buyers. Since that time, and due to the health risks and deteriorating nature of the living conditions inside the Affected Property, the Claimants and their children have been forced to abandon the house, and currently reside in a trailer located on the same parcel as the Affected Property.

3. The Claimants visited their physician, who found various symptoms present that are commonly associated with Chinese drywall, including allergies and respiratory issues, as well as a nodule on the lung of Claimant Luis Camejo (attached as Exhibit "J" are the Claimants' medical records from their visit shortly after the discovery of the Chinese drywall). Based on the presence of Chinese drywall, as well the Claimants' medical history of allergies and respiratory issues while living in the home, the Claimants' physician instructed them to move out of the home.

4. The initial inspections (attached as Exhibits "A" and "B") performed on the home were inconclusive as to the manufacturer of the subject Chinese drywall.

5. The most recent inspection (attached as Exhibit "C") of the home found Chinese drywall originating from Taishan Gypsum, as well as another type of defective drywall in the home, which on information and belief, is defective Knauf drywall.

6. The Claimants' home was built by Freeland Millworks, Inc., and on information and belief, the defective drywall was supplied to the Property by G & G Drywall Enterprise, Inc.

7. Claimants with homes containing defective Knauf drywall were required to register claims by October 25, 2013. It was only after the claim submission deadline (in June of 2014) that the Claimants learned that their home contained defective drywall.

8. Attached hereto is the inspection report by Rimkus Consulting Group, Inc., performed in July of 2014, which evidences the presence of Chinese drywall, and which also identified the presence of harmful gases and chemicals in the home, due to the defective drywall. Also attached are the inspection reports by Dade Home Inspections, and by Chinese Drywall Screening LLC, which both found the presence of Chinese drywall and the latter specifically found Taishan manufactured drywall in the home.

9. Had Claimants been put on notice that their home contained defective drywall prior to the submission deadline, they would have submitted claims for the Knauf and Global settlement.

10. Since the Claimants were unaware that their home contained defective Taishan drywall, as well as other Chinese drywall, which on information and belief, is defective Knauf drywall, until after the claims submission deadline, the undersigned respectfully requests that this Court invoke its equitable powers and allow these Claimants to participate in the Knauf and Global Settlement program.

11. Upon information and belief, Claimants aver they are also eligible to submit a claim, even though Taishan did not contribute to this settlement program.

12. Claimants and undersigned counsel for movers have been in contact with Brown Greer, the Claims Administrator for this settlement program. Its position is that a claim cannot be submitted without a court order because the deadline has passed. Therefore, Claimants hereby seeks a court order directing Brown Greer to accept the claim.

13. In support of their Motion, the Claimants have submitted the documents and required affidavits supporting their claim. Those supporting documents include:

    **Exhibit "A"** – Inspection Report from Dade Home Inspections

    **Exhibit "B"** - Inspection Report from Rimkus Consulting Group, Inc.

    **Exhibit "C"** - Inspection Report from Chinese Drywall Screening, LLC

    **Composite Exhibit "D"** - Remediation Claim Form (for Knauf Settlement)

    **Composite Exhibit "E"** - Chinese Drywall Settlement Program Verification of Claims form from Luis Camejo and Eva Camejo.

    **Composite Exhibit "F"** - Pre-Remediation Alternative Living Expenses Affidavits from Luis Camejo and Eva Camejo.

**Composite Exhibit "G"** - Documents evidencing the cancellation of the pending sale of the Claimants' home, and documents evidencing the cancelled contract on the new home Claimants intended to purchase.

**Exhibit "H"** - Trailer Payment Agreement, evidencing where the Claimants currently reside.

**Exhibit "I"** - Copy of Warranty Deed, indicating that Claimants are owners of the Affected Property.

**Exhibit "J"** – Medical Records of Claimants

**WHEREFORE**, in view of the foregoing, the above Claimants requests this Court enter an Order allowing these Claimants to participate in the Knauf and Global Settlement program, and that the Court grant any further relief this Court deems just and appropriate.

## CERTIFICATE OF SERVICE

I hereby certify that on March 17, 2015, a copy of the foregoing was filed electronically with the Clerk of Court using the CM/ECF system. Notice of this filing has been forwarded to all counsel of record by operation of the Court's electronic filing system.

LAW OFFICES OF LEON A. BRUNET, P.A.
*Attorneys for Luis Camejo and Eva Camejo*
150 Alhambra Circle
Suite 950
Coral Gables, Florida 33134
Telephone: (305) 774-0991
Facsimile : (305) 476-8721
lbrunet@brunetlaw.com

LEON A. BRUNET, ESQ.
Florida Bar No. 0363390