**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA**

| | | |
|---|---|---|
| =============================== | x | =========================== |
| | x | |
| IN RE: CHINESE-MANUFACTURED | x | MDL NO. 2047 |
| DRYWALL PRODUCTS LIABILITY | x | |
| LITIGATION | x | SECTION: L |
| | x | |
| THIS DOCUMENT APPLIES TO ALL | x | JUDGE FALLON |
| CASES | x | |
| | x | MAG. JUDGE WILKINSON |
| | x | |
| =============================== | x | =========================== |

<u>NOTICE OF EXPEDITED ORAL AND VIDEOTAPED DEPOSITION
PURSUANT TO THE COURT'S DIRECTIVE DURING
THE MARCH 17, 2015 SPECIAL HEARING AND MINUTE ENTRY
AND ORDER [REC.DOC. 18493]</u>

TO:    CNBM (USA) Corp.
       **Through its Registered Agent**:
       Jinhui Liu
       20651 Golden Springs Dr. # 361
       Diamond Bar, CA 91789

**PLEASE TAKE NOTICE** that pursuant to Rules 26 and 30(b)(6) of the Federal

Rules of Civil Procedure, and the Court's Minute Entry and Order dated March 17, 2015

[Rec. Doc. No. 18493] (attached hereto as Exhibit "1") authorizing expedited discovery

of Taishan and BNBM/CNBM regarding (i) the injunction prong of the Court's July 17,

2014 Order holding Taishan in contempt of court, criminally and civilly [Rec. Doc. No.

17869], and (ii) whether there exist alter ego relationships between and among these

entitites, to be completed no later than April 28, 2015, plaintiffs, by and through their

undersigned attorneys, the Plaintiffs' Steering Committee in the MDL, will take the

1

deposition of **CNBM USA Corp.** on April 16, 2015 at 9:00 a.m. (pacific) at the offices of Girardi Keese Law Firm, 1126 Wilshire Boulevard, Los Angeles, CA 90017 Ph (213) 977-0211 at 10:00 (a.m) (pacific) or at another location mutually agreed upon by the parties. The instant notice of oral and videotaped deposition is in addition to the previously noticed deposition and is in no way intended to supplant the prior noticed deposition. Pursuant to Fed. R. Civ. P. 30(b)(6), **CNBM USA Corp.** shall designate and produce a designated representative or representatives, as may be required, to testify on behalf of **CNBM USA Corp.** concerning the topics identified in Schedule "A" attached hereto. Further, the deponent is requested to produce the documents identified in the attached Schedule "A" to which deposition questions will be asked. Also attached hereto as Exhibit "A" is a subpoena with respect to the instant discovery requests and deposition

**If you are an attorney of record, please email [cdw@golkow.com](mailto:cdw@golkow.com) 48 hours prior to the deposition should you desire to participate by stream to view video/text so you may receive a username and password.**

Primary Examiners:      A Member of the PSC, or its designee
Videotaped Deposition:  Yes
Call-In Number:         **888-337-8218**
                        **Participant Code:  769758**

The deposition will be taken before a person authorized by law to administer oaths, pursuant to Fed. R. Civ. P. 28, and will continue from day-to-day, upon an expedited basis, until the examination is completed.

Pursuant to directives provided at the status conference on May 27, 2010, a brief explanation of the subject matter expected at this deposition is as follows: The deposition will be conducted in furtherance of discovery related to the topics identified at the

hearing before the Honorable Eldon E. Fallon on March 17, 2015 and in the Court's Minute Entry and Order dated March 17, 2015.  This brief explanation is with full reservation of all rights by the noticing party and is not intended to limit in any way the scope of the deposition noticed herein.  Counsel should be aware that all matters may be discovered in the deposition and that the above explanation is made solely in accordance with the directives provided at the status conference.  This is an MDL "common" fact witness deposition.

Respectfully submitted,

/s/ Russ M. Herman
**Russ M. Herman** (Bar No. 6819)
Leonard A. Davis (Bar No. 14190)
Stephen J. Herman (Bar No. 23129)
*HERMAN, HERMAN & KATZ, LLC*
820 O'Keefe Avenue
New Orleans, LA  70113
PH:  (504) 581-4892
FAX:  (504) 561-6024
ldavis@hhkc.com
*Plaintiffs' Liaison Counsel*
*MDL 2047*

Arnold Levin
Fred S. Longer
Sandra L. Duggan
Matthew C. Gaughan
Levin, Fishbein, Sedran & Berman
510 Walnut Street, Suite 500
Philadelphia, PA 19106
PH:  (215) 592-1500
FAX:  (215) 592-4663
Alevin@lfsblaw.com
*Plaintiffs' Lead Counsel*
*MDL 2047*

3

## PLAINTIFFS' STEERING COMMITTEE

Dawn M. Barrios
Barrios, Kingsdorf & Casteix, LLP
701 Poydras Street, Suite 3650
New Orleans, LA 70139
Phone: (504) 524-3300
Fax: (504) 524-3313
Barrios@bkc-law.com

Daniel E. Becnel, Jr.
Becnel Law Firm, LLC
425 W. Airline Highway, Suite B
Laplace, LA 70068
Phone: (985) 536-1186
Fax: (985) 536-6445
dbecnel@becnellaw.com

Peter Prieto
Podhurst Orseck, P.A.
25 Flagler Street, 8th Floor
Miami, FL 33130
Phone: (305) 358-2800
Fax: (305) 358-2382
pprieto@podhurst.com

Bruce William Steckler
Steckler, LLP
12720 Hillcrest Road, Ste 1045
Dallas, TX 75230
Phone: (972) 387-4040
Fax: (972) 387-404
mailto:bsteckler@baronbudd.com
bruce@stecklerlaw.com

Ervin A. Gonzalez
Colson, Hicks, Eidson
255 Alhambra Circle, Penthouse
Cora Gables, FL 33134
Phone: (305) 476-7400
Fax: (305) 476-7444
ervin@colson.com

Jerrold Seth Parker
Parker Waichman, LLP
3301 Bonita Beach Road
Bonita Springs, FL 34134
Phone: (239) 390-1000
Fax: (239) 390-0055
Jerry@yourlawyer.com

Scott Wm. Weinstein
Morgan & Morgan
12800 University Drive, Suite 600
Ft. Meyers, FL 33907
Phone: (239) 433-6880
Fax: (239) 433-6836
sweinstein@forthepeople.com

James Robert Reeves
Reeves & Mestayer, PLLC
160 Main Street
Biloxi, MS 39530
Phone: (228) 374-5151
Fax: (228) 374-6630
jrr@attorneys4people.com

Christopher Seeger
Seeger Weiss, LLP
77 Water Street
New York, NY 10005
Phone: (212) 584-0700
Fax: (212) 584-0799
cseeger@seegerweiss.com

Daniel K. Bryson
Whitfield, Bryson & Mason, LLP
900 W. Morgan Street
Raleigh, NC 27603
Phone: (919) 600-5000
Fax: (919) 600-5002
dan@wbmllp.com

Ben W. Gordon, Jr.
Levin, Papantonio, Thomas, Mitchell
 Echsner & Proctor, P.A.
316 S. Baylen Street, Suite 600
Pensacola, FL 32502
Phone: (850) 435-7000
Fax: (850) 435-7020
bgordon@levinlaw.com

Hugh P. Lambert
The Lambert Firm
701 Magazine Street
New Orleans, LA 70130
Phone: (504) 581-1750
Fax: (504) 529-2931
hlambert@thelambertfirm.com

Gerald E. Meunier
Gainsburgh, Benjamin, David, Meunier
 & Warshauer, LLC
2800 Energy Centre, 1100 Poydras Street
New Orleans, LA 70163-2800
Phone: (504) 522-2304
Fax: (504) 528-9973
gmeunier@gainsben.com

Richard J. Serpe, Esquire
Law Offices of Richard J. Serpe
Crown Center, Ste. 310
580 East Main Street
Norfolk, VA 23510-2322
Phone: (757) 233-0009
Fax: (757) 233-0455
rserpe@serpefirm.com

Victor M. Diaz, Jr., Esquire
V.M. Diaz and Partners, LLC
119 Washington Ave, Suite 402
Miami Beach, FL 33139
Phone: (305) 704-3200
Fax: (305) 538-4928
victor@diazpartners.com

## OF COUNSEL TO PLAINTIFFS' STEERING COMMITTEE

Richard S. Lewis
HAUSFELD LLP
1700 K Street, N.W Suite  650
Washington, DC 20006
Phone: (202) 540-7200
Fax:  (202) 540-7201
rlewis@hausfeldllp.com

Anthony D. Irpino
IRPINO LAW FIRM
2216 Magazine Street
New Orleans, LA 70130
Phone: (504) 525-1500
Fax: (504) 525-1501
airpino@irpinolaw.com

Andrew A. Lemmon
Lemmon Law Firm, LLC
P.O. Box 904
15058 River Road
Hahnville, LA 70057
Phone: (985) 783-6789
Fax: (985) 783-1333
andrew@lemmonlawfirm.com

**<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that the above and foregoing Notice of Expedited Oral and Videotaped Deposition Pursuant to the Court's Directive During the March 17, 2015 Special Hearing and Minute Entry and Order [Rec.Doc. 18493] has been served on Defendants' Liaison Counsel, Kerry Miller, by U.S. Mail and e-mail <u>or</u> by hand delivery and e-mail <u>and</u> upon all parties by electronically uploading the same to LexisNexis File & Serve in accordance with Pre-Trial Order No. 6, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2047, on this 19th day of March, 2015.

  _/s/ Leonard A. Davis_____
Leonard A. Davis
Herman, Herman & Katz, LLC
820 O'Keefe Ave.
New Orleans, LA  70113
PH:  (504) 581-4892
Fax:  (504) 561-6024
ldavis@hhklawfirm.com

# SCHEDULE A

## DEFINITIONS & INSTRUCTIONS

1.      Responses to this Request shall be in English.

2.      Whenever used in this Request, the following terms shall have the following meanings:

(a)      "Communication" means the transmittal of information (in the form of facts, ideas, inquiries, or otherwise).

(b)      "Computer" means all devices utilizing microchips to facilitate processing, analysis, or storage of data, including microcomputers (also known as personal computers), laptop computers, portable computers, notebook computers, palmtop computers (also known as personal digital assistants or PDA's), minicomputers and mainframe computers.

(c)      "Concerning" means relating to, referring to, describing, evidencing, embodying, or constituting.

(d)      "Document" is defined to be synonymous in meaning and equal in scope to the usage of this term in Federal Rule of Civil Procedure 34(a), including, without limitation, electronic or computerized data compilations.  Documents shall include all drafts, including drafts with "track changes," and shall be deemed to be separate documents within the meaning of this term.

(e)      "Electronically stored information" or "ESI" means the original (or identical duplicate when the original is not available), and any non-identical copies

(whether non-identical because of notes made on copies or attached comments, annotations, marks, transmission notations, or highlighting of any kind) of writings and data compilations in any form, and of every kind and description whether inscribed by mechanical, facsimile, electronic, magnetic, digital, or other means.  ESI includes, by way of example only, computer programs (whether private, commercial, or work-in-progress), programming notes or instructions, activity listings of electronic mail receipts and transmittals, output resulting from the use of any software program, including word processing documents, spreadsheets, database files, charts, graphs and outlines, electronic mail displaying full e-mail alias's (not merely "display names), electronic calendars, I'm logs, PBX logs, document management system data, operating systems, all metadata, source code of all types, peripheral drivers, PIF files, batch files, ASCII files, and any and all miscellaneous files and file fragments, regardless of the media on which they reside and regardless of whether said ESI consists in an active file, deleted file or file fragment. Electronically stored information includes any and all items stored on computer memories, hard disks, floppy disks, CD-ROMs, removable media such as Zip disks, Jaz cartridges, Bernoulli Boxes and their equivalent, magnetic tapes of all types, microfiche, punched cards, punched tape, computer chips, including,  EPROM, PROM, RAM and ROM, on or in any other vehicle for digital data storage and transmittal.  The term ESI also includes the file, folder tabs and containers and labels appended to, or associated with, any physical storage device associated with each original and copy.

(f)     "Electronic media" means any magnetic or other storage media device used to record electronically stored information.  Electronic media devices may include computer memories, hard disks, floppy disks, CD-ROM, removable media such

as Bernoulli Boxes and their equivalent, magnetic tapes of all types, microfiche, punched cards, punched tape, computer chips, including,  EPROM, PROM, RAM and ROM, or on or in any other vehicle for digital data storage and transmittal.

(g)    "Identify" with respect to persons, means to give, to the extent known, the person's full name, present or last known address, and when referring to a natural person, additionally, the present or last known place of employment.  Once a person has been identified in accordance with this subparagraph, only the name of that person need be listed in response to subsequent discovery requesting the identification of that person.

(h)    "Identify" with respect to documents, means to give, to extent known, the (i) type of document; (ii) general subject matter; (iii) date of the document; and (iv) author(s), addressee(s) and recipient(s).

(i)    "Including" or "includes" means including, without limitation.

(j)    "You," or "your" means each of the individual named entities to whom this set of discovery is directed, and any of its domestic or international predecessors in interest, successors in interest, subsidiaries, divisions, subdivisions, affiliates, officers, directors, employees, representatives, independent contractors, consultants, or agents, whether present or former, including but not limited to their attorneys and accountants.

(k)    "Taishan" means Taishan Gypsum Co., Ltd. f/k/a Shandong Taihe Dongxin Co., Ltd.

(l)    "Chinese drywall" relates to drywall, plasterboard, or wallboard manufactured in China.

(m)    "Person" means any natural person or any business, legal, or governmental entity or association.

(n)    "Taishan Affiliates and Subsidiaries" shall include the below listed entities and any of their parents, related entities, subsidiaries, agents and assigns:

     i.  State-owned Assets Supervision and Administration Commission of the State Counsel ("SASAC");

    ii.  China National Building Materials Group, Co., Inc. Ltd. ("CNBM Group");

   iii.  China Cinda Asset Management Co., Ltd. ("Cinda");

   iv.  China Building Materials Academy;

    v.  Beijing New Building Material Group Co., Ltd. ("BNBM Group");

   vi.  China National Building Material Import and Export Company ("CNBM Trading");

  vii.  CNBM Forest Products, Ltd.;

 viii.  CNBM Forest Products (Canada) Ltd.;

   ix.  China National Building Material Co., Ltd. a/k/a China Nation Building Material Company, Ltd. ("CNBM");

    x.  China United Cement Co., Ltd. ("China United");

   xi.  China United Cement Huaihai Co., Ltd. f/k/a China United Julong Huaihai Cement Co., Ltd.;

  xii.  Qingzhou China United Cement Company Limited f/k/a China United Qingzhou Luhong Cement Co., Ltd.;

xiii.  China United Cement Zaozhuang Company, Limited f/k/a Zaozhuang China United Luhong Cement Co., Ltd.;

xiv.  China Composites Group Corp., Ltd. ("China Composites");

xv.  Lianyungang Zhongfu Lianzhong Composite Material Group Co., Ltd.;

xvi.  Shanghai Yaohua Pilkington Glass Co., Ltd.;

xvii.  Changzhou China Composites Liberty Co., Ltd. ("Zhongfu Liberty');

xviii.  Changzhou China Composites Tianma Fiberglass Products Co., Ltd. ("Zhongxin Tianma");

xix.  Changzhou Liberty TOLI Building Material Co., Ltd.;

xx.  China Fiberglass Co., Ltd. ("China Fiberglass");

xxi.  Jushi Group Co., Ltd.;

xxii.  China Triumph International Engineering Co., Ltd. ("CTIEC");

xxiii.  Nanjing Triumph International Engineering Company Limited f/k/a China Triumph International Engineering Company Limited f/k/a China Triumph Nanjing Cement Technological Engineering Co., Ltd.;

xxiv.  CTIEC Shenzhen Scieno-tech Engineering Co., Ltd.;

xxv.  China Triumph Bengbu Engineering and Technology Co., Ltd.;

xxvi.  CNBM Investment Company Limited (f/k/a BND Co., Ltd.):

xxvii.  Beijing New Building Material Public Limited Company;

xxviii.  Beijing New Building Materials Homes Co., Ltd.;

xxix.  BNBM Suzhou Mineral Fiber Ceiling Company, Limited (f/k/a "Suzhou Tianfeng New Building Material Co., Ltd.");

xxx.  Taishan Gypsum Co., Ltd. f/k/a Shandong Taihe Dongxin Co., Ltd.;

xxxi.  Qinhuangdao Taishan Building Materials Co., Ltd. a/k/a Qinhuang Dao Taishan Building Materials Co., Ltd.;

xxxii.  Tai'an Taishan Plasterboard Co., Ltd.;

xxxiii.  China United Luhong Cement Co., Ltd.;

xxxiv.  China United Nanyang Co.;

xxxv.  Xingtai China United Ziyan Co., Ltd.;

xxxvi.  China National Building Material and Equipment Import and Export Company ("China Equipment");

xxxvii.  Shenzhen B&Q Decoration & Building Materials Co., Ltd. ("Shenzhen B&Q");

xxxviii.  Tai'an Taishan Plasterboard Co., Ltd. ("TPP").

2.  The following rules of construction apply to all discovery requests:

(a)  The terms "all" and "each" shall be construed as all and each;

(b)  The connectives "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside of its scope;

(c)  The use of the singular form of any word includes the plural and vice versa; and

(d)     Requests that are stated in the present tense include the past tense and those in the past tense include the present tense.

3.     Unless otherwise specifically stated, this Request encompasses documents, which were created, received, or generated or otherwise entered into your possession, custody, or control between January 1, 2001 and the current date (the "Relevant Time Period").

4.     Any document falling within the scope of this Request that is withheld on the basis of a claim of privilege, work product, or any other ground is to be identified in a privilege log, produced in an electronic format that allows text searching and organization of data.  You shall produce a privilege log within 5 days after the production of documents for which privilege is asserted to apply.  For each document for which You assert a privilege applies, you must provide in the privilege log: (a) a statement of the ground alleged for withholding such document; (b) the date of the document; (c) the location of any attachments associated with the document and whether the asserted privilege also applies to such attachments; (d) the identity of its author and signatories; (e) the type of document (*e.g.*, letter); (f) a summary of its content; (g) its present location and custodian; and (h) a listing of all persons to whom the contents of such documents have been disclosed and all persons who have or have had possession, custody, or control of the documents (or any portions thereof), pursuant to Federal Rule of Civil Procedure 45(d)(2).  Notwithstanding the assertion of an objection, any purportedly privileged document containing non-privileged matter must be disclosed with the purportedly privileged portion redacted, with the redacted portion indicated on the document itself and listed on the privilege log to be provided pursuant to this paragraph.

To assist in the prompt resolution of disputed claims of privilege, You shall submit to the Court under seal, unredacted copies of all documents for which it asserts a privilege.

5.      If you are unable to comply fully with any of the specific requests, you shall comply to the extent possible and provide an explanation as to why full compliance is not possible.  In the event that any documents called for by this Request were formerly in your possession, custody or control, or have been lost or destroyed, those documents are to be identified in writing as follows:  persons who prepared or authorized the documents indicated or blind copies; dates of preparation or transmittal; subject matter; number of pages, attachments or appendices; all persons to whom distributed, shown or explained; date or dates of loss or destruction; and if destroyed, the manner of destruction, reason for destruction, persons authorizing destruction and persons destroying the documents.

6.      This Request is directed to all documents within your possession, custody or control, or within the possession of any of your agents, or within the possession of any entity associated with you, or within the possession, custody, or control of such entity's directors, officers, agents, servants, employees, consultants, and professionals.

7.      Documents are to be produced in full and in their unexpurgated form. Redacted documents shall not constitute compliance with this Request, unless such documents are redacted pursuant to any claim of privilege as set forth in paragraph 4 above.

8.       Documents shall be produced in their original language (*e.g.*, Mandarin), and, if the original documents are in any language other than English, you shall include translations of such documents into English.

9.       This Request is intended to be consistent with the Federal Rules of Civil Procedure 26 and 34.   This Request is a continuing one and requires further and supplemental production by you as and whenever you acquire or create additional responsive documents after the time of the initial production hereunder.

10.       All hard copy documents and electronically stored information (ESI) produced in response to this Request shall be organized and labeled either to correspond with the number of the specific request to which the documents are responsive or shall be produced in the order, format, and manner in which they are kept in the usual course of business.   With respect to the production of electronically stored information, all ESI that is demanded is to be produced in its native usable format, as maintained on the computer storage systems, regardless of whether such ESI exists (and/or may have been copied and/or otherwise converted) in more than one electronic format.

## DOCUMENTS TO BE PRODUCED

1.      All documents and communications related to the conduct of any business in the United States by you, Taishan, and/or any Taishan Affiliates and Subsidiaries since July 17, 2014.

2.      All documents identifying the relationship between you, Taishan, and/or any Taishan Affiliates and Subsidiaries, including any ownership interests and/or common directors and officers during the Relevant Time Period.

3.      All documents identifying common administrative departments and personnel between you, Taishan, and/or any Taishan Affiliates and Subsidiaries.

4.      All documents identifying all loans, pledges, stock transfers, supply of assets, guarantees, warrants and/or financing of whatever nature between you, Taishan, and/or any Taishan Affiliates and Subsidiaries.

5.      All documents identifying your capitalization (including all reported financial documents (including but not limited to annual reports, quarterly reports, profits and loss statements) that are sufficient to show your capitalization) and the capitalization of Taishan and/or any Taishan Affiliates and Subsidiaries.

6.      All documents related to your corporate organization and structure and the organization and structure of Taishan and/or any Taishan Affiliates and Subsidiaries.

7.      All documents identifying the source of payment of the salaries and other expenses and losses of you, Taishan, and/or any Taishan Affiliates and Subsidiaries.

8.      All documents related to any business you, Taishan, and/or any Taishan Affiliates and Subsidiaries conducted in the United States, and the source of that business, from July 17, 2014 to the present.

9.      All documents related to the sharing of property, equipment, or machinery and/or the exchange of property, equipment, or machinery between you, Taishan, and/or any Affiliates and Subsidiaries.

10.     All documents related to compliance with corporate formalities by you, Taishan, and/or any Affiliates and Subsidiaries.

11.     All documents related to common employees (whether past or present) of you, Taishan, and/or any Affiliates and Subsidiaries.

12.     All documents evidencing the rendition of services performed by employees of other corporate entities for you, Taishan, and/or any Affiliates and Subsidiaries.

13.     All documents identifying any common offices of you, Taishan, and/or any Affiliates and Subsidiaries.

14.     All documents identifying the nature of the department providing accounting services (and the employees thereof) for you, Taishan, and/or any Affiliates and Subsidiaries.

15.     All documents identifying any sales, transfers, or exchanges of any assets (including but not limited to real estate, equipment, trademarks, licenses, leases, productions lines, etc.) between you, Taishan, and/or any Affiliates and Subsidiaries.

16.     All documents identifying the allocation of profits and losses between you, Taishan, and/or any Affiliates and Subsidiaries.

17.     All documents regarding joint or cooperative projects and undertakings with respect to you, Taishan, and/or any Affiliates and Subsidiaries.

18.     All documents and communications regarding the identity and selection of all mines used to procure raw materials for Chinese drywall produced by Taishan and/or any Taishan Affiliates or Subsidiaries during the Relevant Time Period.

19.     All documents and communications regarding whether you, Taishan, and/or any Taishan Affiliates and Subsidiaries have conducted any business or participated in any legal proceedings (including litigation or appeals in any court or alternative dispute resolution processes, such as mediation and arbitration) in the United States at any time from July 17, 2014 to the present, and if so, all documents related to the profits (by year) earned by such entities since July 17, 2014.

20.     All documents or communications regarding whether you, Taishan, and/or any Taishan Affiliates and Subsidiaries have participated in any legal proceedings outside the United States (including litigation or appeals in any court or alternative dispute resolution processes, such as mediation and arbitration, including but not limited to proceedings before the China International Economic & Trade Arbitration Commission) involving any American corporate entities.

21.     All documents and communications regarding any commercial dealings with Alibaba.com (including any contracts or agreements with Alibaba and all efforts to use Alibaba.com to procure customers for the sale of and/or sell products to be delivered to an address in the United States) by you, Taishan, and/or any Taishan Affiliates and Subsidiaries from July 17, 2014 to the present.

22.     All resumes and Curriculums Vitae of each chairman, officer and director of you, Taishan, and Taishan Affiliates and Subsidiaries.

23.     All documents and communications involving: (1) the retention of legal counsel related to litigation or claims in the United States involving Chinese drywall, and (2) the decision for Taishan to not appear at the July 17, 2014 Judgment Debtor Examination, including but not limited to communications with or involving the below referenced individuals and others employed by the same law firms:

(a)  Lovells LLP (Prior to May 2010)

1. Ina Brock;

2. Eugene Chen;

3. Joe Cyr;

4. Renee Driver;

5. Robert Lewis;

6. Thomas Man;

7. Peter McGowan;

8. John Meltzer;

9. Brad Ockene;

10.  Eric Statman;

11.  Christina Taber-Kewene;

12.  Karen Xu;

13.  Stacey Yuan.

(b)  Hogan Lovells US LLP

1. Patricia Brannan;

2. James Clare;

3. Courtney Colligan;

4.  William Collins;

5.  Lauren Colton;

6.  Joe Cyr;

7.  Natoya Duncan;

8.  Ira Feinberg;

9.  Matthew Galvin;

10.  Renee Garcia;

11.  Mark Gately;

12.  Jose Irias;

13.  Carol Kooshian;

14.  Alvin Lindsay;

15.  Shawn MacLeod;

16.  Dominic Perella;

17.  Arona Samb;

18.  Frank Spano;

19.  Eric Statman;

20.  Jon Talotta;

21.  Naomi Tanaka;

22.  Thomas Truckess;

23.  Albert Turnbull;

24.  Gib Walton;

25.  Joanna Wasick.

(c)  Hogan Lovells International

    1.  Eugene Chen;

    2.  Macey Chung;

    3.  Nicole Gao;

    4.  Jieni Ji;

    5.  Lesley Jiang;

    6.  Eileen Liu;

    7.  John Meltzer;

    8.  Phoebe Yan;

    9.  Wei-Ning Yang;

    10.  Stacey Yuan;

    11.  Roy Zou.

(d)  Stanley, Reuter, Ross, Thornton & Alford, LLC

    1.  Richard Stanley;

    2.  Tom Owen.

(e)  Jingtian & Gongcheng

    1.  Chungang Dong;

    2.  Fang Ye;

    3.  Hang Zhao.

(f)  Orrick

    1.  Thomas Harvey;

    2.  Katherine Ikeda;

    3.  James Stengel;

    4.  Christopher Vejnoska;

     5. Xiang Wang;

     6. Carol Yan;

     7. Shelley Zhang.

(g) Schonekas, Evans, McGoey & McEachin, LLC

     1. Thomas McEachin;

     2. Kyle Schonekas;

     3. Joelle Evans;

     4. Jennifer Rabalais;

(h) Bezeale, Sachse & Wilson, LLP

     1. Scott Hensgens;

     2. David Kelly.

(i) Phelps Dunbar LLP

     1. Chris Ralson;

     2. Harry Rosenberg.

24.     All documents and communications between or among you, Wal-Mart Stores, Inc., China Triumph International Engineering Group Co., Ltd. ("CTIEC"), China National Building Materials Group Co., Ltd. ("CNBM Group"), China National Building Materials Company Limited ("CNBM"), and/or Sunpin Solar Development LLC, a/k/a Sunpin Solar, LLC ("Sunpin") with respect to the contract or "cooperation contract" for the Wal-Mart roof power plant project and the construction of roof solar power plants for you, CNBM, CNBM Group, CTIEC, Sunpin, or Wal-Mart supermarkets in North America, as set forth in additional detail in the March 2, 2015 announcement on CNBM's website, attached hereto as Exhibit "2."

25.   For the period July 17, 2014 to the present, all documents pertaining to any agreement between or among you, Plum Creek Timber Company, Inc., CNBM, CNBM Group, China National Building Materials Import and Export Company (a/k/a China National Building Materials Import and Export Corporation) ("CNBM Trading"), CNBM Forest Products (Canada), Ltd. ("CNBM Forest (Canada)")) and Sumitomo Forestry Co., Ltd., including but not limited to the following:

(a)   All written documents or instruments comprising the agreement itself as well as all documents relating to or evidencing business activities undertaken pursuant to the agreement;

(b)   All documents evidencing the location of projects undertaken pursuant to the agreement (including projects undertaken in the state of Louisiana);

(c)   All documents pertaining to the shipment of materials or payment of consideration for such materials under the terms of the parties' agreement;

(d)   All documents sufficient to identify all joint or tripartite ventures between the parties to the agreement;

(e)   All communications between the parties to the agreement relating to commercial activities in the United States.

26.   For the period July 17, 2014 to the present, all documents and communications involving your business dealings (including the business dealings of CNBM, CNBM Group, CNBM Trading and/or CNBM Forest (Canada)) with the parties to the proceedings in Clatsop County Circuit Court, *Westerlund Log Handlers, LLC v. China Nat. Bldg. Materials Imp. and Exp. Corp.*, No. 14-CV-00618, and in the United

States District Court for the District of Oregon, *China Nat. Bldg. Materials Imp. and Exp. Corp. v. Murphy Overseas USA Astoria Forest Products, LLC*, No. 14-CV-00746 and *Murphy Overseas USA Astoria Forest Products, LLC v. China Nat. Bldg. Materials Imp. and Exp. Corp.*, No. 14-CV-00752), including but not limited to:

(a)     All written documents or instruments pertaining to agreements for the purchase or sale of timber products or equipment or the transfer of any related security interests, as well as all documents evidencing business activities undertaken pursuant to such agreements;

(b)     All documents evidencing the purchase or sale of timber products or equipment, including the transportation of such products or equipment for shipment to the United States or outside of the United States;

(c)     All documents related to the settlement of the legal dispute with respect to the proceedings in Clatsop County Circuit Court and the United States District Court for the District of Oregon (including the settlement agreement itself as well as any related documents);

(d)     Any current dealings and commercial activities involving you, CNBM, CNBM Group, CNBM Trading, and/or CNBM Forest (Canada), on the one hand, with the parties to the proceedings in Clatsop County Circuit Court and the United States District Court for the District of Oregon, on the other hand;

(e)     All communications between or among you, CNBM, CNBM Group, CNBM Trading, and/or CNBM Forest (Canada) and/or the parties to the agreement relating to commercial activities described above in the United States.

27.     All documents responsive to the deposition topics listed below.

## <u>DEPOSITION TOPICS</u>

Pursuant to Rule 30(b)(6), you shall designate and produce for deposition one or more of your officers, directors, managing agents, or other persons who consent to testify on your behalf concerning the following subject matters:

1.      The nature of every transaction between you, Taishan, and any Taishan Affiliates and Subsidiaries, relating to (a) whether you are a single business enterprise, subject to the alter ego doctrine or the piercing the corporate veil doctrine and (b) whether you, Taishan, and any Taishan Affiliates or Subsidiaries conducted any business or participated in any legal proceedings (including litigation or appeals in any court and alternative dispute resolution processes, such as mediation and arbitrationon) in the United States on or after July 17, 2014 (and if so, what the profits of these entities were for 2014 and 2015 to date).

2.      Your relationship with Taishan and any Taishan Affiliates and Subsidiaries (including whether you or any Taishan Affiliate or Subsidiary are subject to liability or personal jurisdiction under a theory of alter ego, piercing the corporate veil, or a single business enterprise).

3.      Your knowledge regarding whether Taishan and/or any Taishan Affiliates and Subsidiaries do business through Alibaba.com and all of your efforts to use Alibaba.com to sell products to be delivered to an address in the United States.

4.      Your knowledge regarding: (1) the retention of legal counsel related to litigation or claims in the United States involving Chinese drywall, and (2) the decision for Taishan to not appear at the July 17, 2014 Judgment Debtor Examination.

5.      Your knowledge regarding whether you, Taishan, or any Taishan Affiliates and Subsidiaries have participated in any legal proceedings outside the United States  (including litigation or appeals in any court and alternative dispute resolution processes, such as mediation and arbitration, including but not limited to proceedings before the China International Economic & Trade Arbitration Commission) involving any American corporate entities.

6.      Your knowledge regarding the agreement and commercial relationship between  or among you, Plum Creek Timber Company, Inc., CNBM, CNBM Group, CNBM Trading, and/or CNBM Forest (Canada), and Sumitomo Forestry Co., Ltd..

7.      Your knowledge regarding the litigation and the business dealings involving the parties to the proceedings in Clatsop County Circuit Court, *Westerlund Log Handlers, LLC v. China Nat. Bldg. Materials Imp. and Exp. Corp.*, No. 14-CV-00618, and in the United States District Court for the District of Oregon.  *See China Nat. Bldg. Materials Imp. and Exp. Corp. v. Murphy Overseas USA Astoria Forest Products, LLC*, No. 14-CV-00746 and *Murphy Overseas USA Astoria Forest Products, LLC v. China Nat. Bldg. Materials Imp. and Exp. Corp.*, No. 14-CV-00752).

8.      Your knowledge regarding the contract for the Wal-Mart roof power plant project and the construction of roof solar power plants for you or Wal-Mart supermarkets in North America by Wal-Mart, CTIEC, CNBM, CNBM Group, and/or Sunpin, as set

forth in additional detail in the March 2, 2015 announcement on CNBM's website,

attached hereto as Exhibit "2."

# EXHIBIT "A"

AO 88A  (Rev. 12/13) Subpoena to Testify at a Deposition in a Civil Action

# UNITED STATES DISTRICT COURT
### for the

Eastern District of Louisiana

| | | |
|---|---|---|
| In re:  Chinese-Manuf. Drywall Products Liab. Lit. | ) | |
| *Plaintiff* | ) | |
| v. | ) | Civil Action No.   MDL 2047 |
| | ) | |
| | ) | |
| *Defendant* | ) | |

## SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION

To:        CNBM (USA) Corp., Through its Registered Agent: Jinhui Liu,
            20651 Golden Springs Dr. # 361, Diamond Bar, CA 91789
                        *(Name of person to whom this subpoena is directed)*

☑ *Testimony:*  **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at a deposition to be taken in this civil action.  If you are an organization, you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about the following matters, or those set forth in an attachment:

| Place:  Girardi Keese Law Firm, 1126 Wilshire Boulevard,<br>Los Angeles, CA 90017 | Date and Time:<br><br>04/16/2015 9:00 am |
|---|---|

The deposition will be recorded by this method:    Oral and Videotaped

☑ *Production:*  You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material:

        See attached Notice of Expedited Oral and Videotaped Deposition Pursuant to May 17, 2015 Minute
        Entry [Rec. Doc. 18493].

        The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance;
Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to
respond to this subpoena and the potential consequences of not doing so.

Date:        03/19/2015

                    *CLERK OF COURT*
                                                            OR

        _____                    _____
            *Signature of Clerk or Deputy Clerk*                        *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)*        Plaintiffs
_____ , who issues or requests this subpoena, are:

Plaintiffs' Liaison Counsel, Russ M. Herman/Leonard A. Davis, Herman, Herman & Katz, LLC, 820 O'Keefe Avenue,
New Orleans, LA  70113, (504) 581-4892; email:  ldavis@hhklawfirm.com

### Notice to the person who issues or requests this subpoena
If this subpoena commands the production of documents, electronically stored information, or tangible things, a notice
and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is
directed.  Fed. R. Civ. P. 45(a)(4).

AO 88A  (Rev.  12/13) Subpoena to Testify at a Deposition in a Civil Action (Page 2)

Civil Action No.  MDL 2047

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❐ I served the subpoena by delivering a copy to the named individual as follows: _____

_____ on *(date)* _____ ; or

❐ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

# EXHIBIT "1"



**MINUTE ENTRY**
**FALLON, J.**
**MARCH 18, 2015**

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

IN RE: CHINESE MANUFACTURED DRYWALL
PRODUCTS LIABILITY LITIGATION

MDL NO. 2047

SECTION "L"

**THIS DOCUMENT RELATES TO: ALL CASES**

### <u>MINUTE ENTRY AND ORDERS</u>

On this date, the Court heard oral arguments regarding the Plaintiffs' Steering

Committee's motion to preclude Taishan and its affiliates from participating in class damages

proceedings unless and until Taishan purges itself of contempt. (Rec. Doc. 18367). Russ Herman

and Arnold Levin participated on behalf of the Plaintiffs' Steering Committee. Bernard Taylor,

Alan Weinberger, Michael Kenny, and Christina Eikhoff participated on behalf of Taishan

Gypsum Co., Ltd. ("TG") and Tai-an Taishan Plasterboard Co. Ltd. ("TTP"), (TG and TTP

collectively, "Taishan"). James Stengel participated on behalf of China National Building

Materials Group Corporation and China National Building Materials Company Limited

(collectively, "CNBM"). Michael Barr, Michael Moore, Richard Fenton, and Harry Rosenberg

participated on behalf of Beijing New Building Materials Public Limited Company and Beijing

New Building Material (Group) Company Limited (collectively, "BNBM"). The hearing was

transcribed by Ms. Toni Tusa, Official Court Reporter.  Counsel may contact Ms. Tusa at (504)

589-7778 to request a copy of the transcript.

JS10(00:82)

After reviewing the parties' memoranda, reviewing the applicable law, and hearing oral argument from all parties, the Court took the motion to preclude under advisement, subject to the conditions ordered by the Court:

1) **IT IS ORDERED THAT** Taishan must purge itself of contempt of court within two weeks of today's date, that is **March 31, 2015**, before the Court will determine the nature, and extent, of Taishan's participation in these proceedings. To purge itself of contempt, Taishan must (a) pay the $15,000 in attorneys' fees to the PSC; (b) pay the *Germano* judgment that formed the basis of the judgment debtor proceedings, amounting to $2,609,099.99 plus pre-judgment interest of $149,256.53 plus post-judgment interest at the judicial rate under 28 U.S.C. § 1961, as of the date of payment, (Rec. Doc. 3013); and (c) pay the associated bill of costs, (*see* Rec. Docs. 17825, 18034). The Court notes that Taishan has paid the $40,000 contempt penalty. (*See* Rec. Doc. 18448).

2) As neither Taishan nor BNBM/CNBM have demonstrated compliance with the injunction prong of the contempt order, (Rec. Doc. 17869), and the Court cannot yet assess whether there is need to enforce the associated penalty of 25% of profits, **IT IS FURTHER ORDERED THAT** the parties shall immediately commence discovery related to the relationship between Taishan and BNBM/CNBM, including whether affiliate and/or alter ego status exists. Discovery shall conclude no later than **April 28, 2015**, at 9:00 a.m. at which time the Court will hear oral argument on the motion for class damages. **IT IS FURTHER ORDERED** that the previously set March 18, 2015 deadline for responses for the motion for class damages is **CONTINUED** and any responses to the motion for class damages now shall be due on **April 20, 2015**.

3) **IT IS FURTHER ORDERED THAT** Taishan and BNBM/CNBM **SHALL**
participate in alter ego discovery. If Taishan and/or BNBM/CNBM do not participate
in discovery, the Court will act accordingly to ensure compliance with this and any
Court order. The Court may, for example, strike defenses asserted by Taishan and
BNBM/CNBM.

4) **IT IS FURTHER ORDERED THAT** that the Plaintiffs' Steering Committee,
Taishan, and BNBM/CNBM **SHALL meet and confer** to discuss a discovery plan.
Any deposition shall occur in New Orleans, Louisiana, unless all parties agree – with
consent of the Court – that the deposition may occur elsewhere.

The Court retains jurisdiction to take any action necessary to enforce its contempt order,
and any other order discussed herein. If any party violates any of the Court's orders, the Court
"has broad discretion in assessing sanctions to protect the sanctity of its decrees and the legal
process." *Test Masters Educational Servs. v. Singh*, 428 F.3d 559 (5th Cir. 2005). This Court
"possess[es] the inherent authority to enforce [its] own injunctive decrees," an authority that
"runs nationwide." *Waffenschmidt v. MacKay*, 763 F.2d 711, 716 (5th Cir. 1985); *see also
United States v. Fisher,* 864 F.2d 434, 436 (7th Cir.1988) ("[W]hen a court issues an injunction,
it automatically retains jurisdiction to enforce it."). The Court reserves its right to determine
whether Taishan and/or BNBM/CNBM must post a bond under Rule 64. The Court further notes
that Taishan and BNBM/CNBM's willingness to participate in discovery process will guide the
Court's determination of the circumstances under which Taishan and BNBM/CNBM may
participate in these proceedings. To allow a party to continue to participate in a proceeding while
the party is in contempt for actions taken in those same proceedings would be, in effect,

rewarding the party for its contemptuous conduct. The Court will take any necessary action to

ensure the sanctity of its decrees and the legal process.

UNITED STATES DISTRICT JUDGE

4

# EXHIBIT "2"



# CNBM

🏠 Home  中文  🔍  [                    ] 🔍

| About CNBM | News Center | Business Platform | CNBM worldwide | Social Responsibility | Contact us |

Home > News Center

## CTIEC signs Wal-Mart roof power plant project

Source: CTIEC

Date: March 2, 2015

On February 26, the signing ceremony of the cooperative contract for the Wal-Mart roof power plant project of China Triumph International Engineering Group Co., Ltd. (CTIEC) was held in New York. On behalf of CTIEC, Peng Shou, chairman of CTIEC signed the relevant contract and agreement with Tom Li, president of Sunpin Solar LLC (Sunpin). The project marks new major cooperation between the two sides after its initial cooperation in November 2014 and CTIEC's milestone in in-depth development of the US PV power station market, laying a solid foundation for Triumph's new energy brand to develop in the US and radiate the North American and South American PV power plant markets.

According to data of Fortune Global 500 released in 2014, Wal-Mart with 11,000 chained supermarkets in 27 countries and regions registered the largest operating revenues in the world. Under the cooperative agreement, CTIEC will work with Sunpin to construct roof solar power plants for Wal-Mart's some 1,000 supermarkets in North America, with a total installed capacity of some 500MW. Located in Massachusetts, the first two power plants involved in the project will commence in April 2015.

## News Center

### All CNBM Group Websites

[ — Subsidiaries — ▾ ]



Copyright©2003China National Building Material Group Corporation