# EXHIBIT "A"

1/31/2014 11:11:59 AM
14CV00618

IN THE CIRCUIT COURT OF THE STATE OF OREGON

FOR THE COUNTY OF CLATSOP

| | |
|---|---|
| WESTERLUND LOG HANDLERS, LLC, a Washington limited liability company, DAVID WESTERLUND, an individual, and ROGER NANCE, an individual,<br><br>Plaintiffs,<br><br>v.<br><br>CHINA NATIONAL BUILDING MATERIALS IMPORT AND EXPORT CORPORATION, a foreign corporation, CNBM FOREST PRODUCTS CANADA, LTD, a foreign entity, and ALAN K. BRUNSTAD, an individual,<br><br>Defendants. | Case No.<br><br>COMPLAINT<br><br>Action for Breach of Contract, Reformation, Rescission, Declaratory Relief, Tortious Interference, Business Libel and Misappropriation<br><br>DEMAND FOR JURY TRIAL<br><br>(Not Subject to Mandatory Arbitration) |

**FIRST CLAIM FOR RELIEF**

(Breach of Contract)

1.

Plaintiff WESTERLUND LOG HANDLERS, LLC (hereinafter "WLH") is a Washington limited liability company, authorized to do, and regularly doing business, in Clatsop County, Oregon. Plaintiff WLH is in the business of transporting, preparing, handling and loading logs for export from ports of the United States, including the Port of Astoria.

2.

Plaintiff DAVID WESTERLUND is an individual, and is the managing

PAGE 1 - COMPLAINT

member of WLH. Plaintiff ROGER NANCE is an individual, and a member of WLH. Plaintiff Westerlund and plaintiff Nance are indemnitors under the prepay agreement referred to herein.

3.

Defendant CHINA NATIONAL BUILDING MATERIALS IMPORT AND EXPORT CORPORATION is a foreign corporation organized under the laws of the People's Republic of China, regularly doing business in Clatsop County, Oregon. Defendant CNBM FOREST PRODUCTS CANADA, Ltd., is a foreign corporation organized under the laws of Canada, regularly doing business in Clatsop County, Oregon. Unless separately stated, the foregoing shall be referred to as "CNBM". CNBM is in the business of purchasing and shipping logs from the United States and Canada to customers in China and other countries. The claims alleged herein arise from the parties' business activities in Clatsop County.

4.

Defendant ALAN K. BRUNSTAD is an individual residing in Thurston County, Washington. Defendant Brunstad was employed by plaintiff WLH, but is now working for CNBM. The claims against defendant Brunstad arise, at least in part, from his activities in Clatsop County, Oregon.

5.

In 2012, plaintiffs and defendant CNBM entered into negotiations to conduct an enterprise whereby defendant CNBM would purchase logs in the United States and Canada, and plaintiff WLH would transport the logs purchased by CNBM, prepare and debarking same, and load the logs aboard ships for transportation overseas for rates ranging from $143.00 to $162.00 per 1,000 board feet. In addition, defendant CNBM agreed, for valuable consideration, *inter alia*, to extend a prepayment of

PAGE 2 - COMPLAINT

$3,550,000, to enable WLH to acquire equipment to use in its operations, a part of which was for the benefit of CNBM, and to credit plaintiffs $60,000 against said prepayment per ship loaded. Defendant CNBM further agreed to share the profits of the enterprise, and negotiate in good faith an operating agreement dividing the profits.

6.

Pursuant to the agreement of the parties, WLH shipped 18 loads of logs at the direction of CNBM in 2012 and 2013 from the Port of Astoria, Clatsop County, and have stockpiled an additional approximate 4.5 million board feed of logs in Clatsop County, Oregon.

7.

Plaintiffs have performed or are prepared to perform all conditions precedent on their part to be performed.

8.

Defendant CNBM has breached the agreement in that:

(a) Defendant CNBM failed to credit plaintiffs with $60,000 per ship, or $1,080,000 and, instead, required WLH to pay $751,000, all to plaintiffs' damage;

(b) Failed to negotiate in good faith an operating agreement, and failed to pay WLH its share of the profits of the enterprise.

9.

As a result, plaintiffs have been damaged in the amount of a credit for $1,080,000, $751,000 improperly paid, their share of the profits in an amount to be proven at trial, and such other damages for breach as proved at trial.

SECOND CLAIM FOR RELIEF

(Reformation)

PAGE 3 - COMPLAINT

**10.**

Plaintiffs reallege and incorporate by reference the allegations of paragraphs 1 through 9.

**11.**

Plaintiffs and defendant CNBM, through mutual mistake, or through plaintiffs' unilateral mistake and inequitable conduct on the part of defendant CNBM, entered into a signed prepayment agreement in August, 2012 which did not clearly express that defendant CNBM would credit plaintiffs as was intended. The mistake did not occur as the result of the gross negligence of plaintiffs.

**12.**

This court should reform the agreement to reflect that plaintiffs are entitled to a $60,000 credit for each shipment of logs, against the prepayment of $3,550,000.

**13.**

Plaintiff has no plain, speedy or adequate remedy at law.

**THIRD CLAIM FOR RELIEF**

(Rescission)

**14.**

Plaintiffs reallege and incorporates by reference the allegations of paragraphs 1-9 and 11-13 above.

**15.**

In or about August, 2012, the parties entered into a security agreement and membership pledge agreement whereby plaintiffs granted a security interest in assets of WLH and their membership interest. The parties further entered into an option to purchase agreement whereby plaintiffs granted defendant CNBM the option to

PAGE 4 - COMPLAINT

GORDON T. CAREY, JR., P.C.
1020 SW Taylor Street, Suite 375, Portland, Oregon 97205
(503) 222-1415 ** Fax (503) 222-1923

1 | purchase a 50% interest in plaintiff WLH.

2 | 16.

3 | In entering into said security, pledge and option agreements, plaintiffs relied on, and had the right to rely on, the representations of defendants, and specifically the representations that defendant CNMB would negotiate in good faith and enter into an operating agreement whereby the parties would share the profits of the enterprise, and plaintiffs would receive the credit promised against the prepayment. Plaintiffs believed defendant CNBM's representations to be true, relied thereon and executed the agreements in reliance thereon. Defendant CNBM's representations were a material inducement to plaintiffs, and plaintiffs would not have entered into the agreements in absence of those representations.

17.

Defendant CNBM's representations were at the time made false and untrue, or were made with reckless disregard for whether they were true or false, in that defendant CNBM did not have the authority to enter into an operating agreement sharing the profits, and did not intend to do so. At the time defendant CNBM made the representations, defendant CNBM knew or should have known the representations were false, or made the representations recklessly without regard for whether the representations were true or false.

18.

As a result, plaintiffs hereby elect to rescind the security, pledge and option agreements.

19.

Plaintiffs have no adequate or efficient remedy at law.

PAGE 5 - COMPLAINT

GORDON T. CAREY, JR., P.C.
1020 SW Taylor Street, Suite 375, Portland, Oregon 97205
(503) 222-1415 ** Fax (503) 222-1923

## FOURTH CLAIM FOR RELIEF

### (Declaratory Relief)

**20.**

Plaintiffs reallege and incorporates by reference the allegations of paragraphs 1-9, 11-13, and 15-19 above.

**21.**

There is an actual controversy between plaintiffs and defendant CNBM about the terms and performance of the agreements between parties.

**22.**

Plaintiffs contend that they are entitled to a credit for every ship loaded of $60,000, and defendant CNBM denies same.

**23.**

Plaintiffs further contend that the agreement should be reformed to provide for such credits, and that plaintiff should be repaid $751,000. Defendant CNBM denies same.

**24.**

Finally, plaintiffs contend that the security agreement, membership pledge agreement and option to purchase agreement are void, and defendant CNBM denies same.

## FIFTH CLAIM FOR RELIEF

### (Accounting)

**25.**

Plaintiffs reallege and incorporate by reference the allegations of paragraphs 1-9, 11-13, 15-19 and 21-24 above.

PAGE 6 - COMPLAINT

**26.**

Plaintiffs and defendant CNBM formed a joint venture for purposes of the enterprise.

**27.**

Plaintiffs and defendant CNBM do not have a written joint venture agreement. Because the partnership's principal place of business is in Oregon, Oregon partnership law and ORS Chapter 67 govern their joint venture.

**28.**

Under the terms of their joint venture agreement, plaintiffs conducted the operations of transporting, preparing and loading logs purchased by defendant CNBM, and defendant CNBM purchased the logs and arranged for resale. The parties agreed to divide any profits made by the venture and to account to each other for all costs of the venture.

**29.**

Defendant CNBM has breached its duties, including its fiduciary duties, to the partnership and plaintiffs by, among other things, failing to provide plaintiffs with accounts of the income and expenses of the partnership.

**30.**

Pursuant to ORS Chapter 67, plaintiffs demand an accounting from defendant CNBM for all profits earned during the course of the enterprise, including all benefits received from partnership opportunities.

**31.**

Plaintiffs seek an order from the court compelling defendant CNBM to account to plaintiffs concerning the enterprise, and upon completion of the accounting, to pay to plaintiffs their share of the profits, and damages as a result of diversion of

PAGE 7 - COMPLAINT

GORDON T. CAREY, JR., P.C.
1020 SW Taylor Street, Suite 375, Portland, Oregon 97205
(503) 222-1415 ** Fax (503) 222-1923

partnership opportunities.

## SIXTH CLAIM FOR RELIEF
### (Tortious Interference)

32.

Plaintiffs reallege and incorporate by reference the allegations of paragraphs 1-9, 11-13, 15-19, 21-24 and 26-31 above.

33.

At all material times, plaintiffs were engaged in business relationships with customers, vendors and others, which relationships would continue indefinitely in the future.

34.

Defendants CNBM and Brunstad interfered with plaintiffs' existing business relationships and prospective advantage through improper means by, *inter alia*, disparaging plaintiffs, spreading malicious misinformation, and threatening litigation. As a result, defendants caused plaintiffs' performance of their duties to be so onerous and difficult that defendants frustrated plaintiffs' performance thereof and have caused customers, vendors and others to cease doing business with plaintiffs. In addition, defendants CNBM and Brunstad owed duties of loyalty to plaintiffs and violated those duties.

35.

Defendants interfered with plaintiffs for an improper purpose in that, *inter alia*, defendants intended to prevent plaintiffs from continuing in business, and further intended to appropriate plaintiffs' equipment, operations, customers and opportunities for themselves.

PAGE 8 - COMPLAINT

36.

As a result, plaintiffs have been damaged in the amount of lost past and future profits, the value of their operations, and the value of future opportunities, all in an amount to be proved at trial, but not less than $30,000,000.

37.

Defendants' acts amount to a particularly aggravated disregard of the rights of plaintiffs and society. Following discovery, plaintiffs may seek leave of the court to amend the complaint to seek punitive damages in an amount of not less than $5,000,000.

WHEREFORE, plaintiffs pray for relief as follows:

1. For an accounting and payment of profits and other amounts due;
2. For reformation of the written prepayment agreement to reflect that plaintiffs were entitled to a credit of $60,000 per ship;
3. For rescission of the security, pledge and option agreements;
4. For damages for breach in the amount of $1,831,000 and additional amounts to be proved at trial;
5. For damages for lost profits, the value of plaintiffs' operations and opportunities in an amount to be proved at trial, but not less than $30,000,000;
6. For costs and disbursements incurred herein;

PAGE 9 - COMPLAINT

7. For pre-judgment and post-judgment interest; and

8. For such other and further relief as the court may deem just and equitable.

DATED this 31st day of January, 2014.

GORDON T. CAREY, JR., P.C.

Gordon T. Carey, Jr., OSB No. 77133
Attorney for Plaintiffs

PAGE 10 - COMPLAINT

*GORDON T. CAREY, JR., P.C.*
*1020 SW Taylor Street, Suite 375, Portland, Oregon 97205*
*(503) 222-1415 ** Fax (503) 222-1923*