UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: CHINESE-MANUFACTURED DRYWALL PRODUCTS LIABILITY LITIGATION  )<br>)<br>)<br>)<br>)<br>This Document Relates to ALL CASES  )<br>) | MDL No. 2047<br><br>SECTION: L<br><br>Judge Fallon<br>Mag. Judge Wilkinson |

<u>**PRE-TRIAL ORDER NO. 1(J)**</u>
<u>**(Preservation and Disposal of Physical Evidence)**</u>

Pursuant to the Court's inherent power and duty to supervise pretrial proceedings in this case, and in light of the Court's final approval of multiple "Class Action Settlements"[1] and the recent partial payment of claims submitted in connection with one or more of those Class Action Settlements, the Court hereby modifies Pre-Trial Order ("PTO") No. 1(I) to relieve certain parties from their obligation to continue preserving physical evidence and to clarify those parties' right to dispose of physical evidence in and/or from certain properties that have or had defective Chinese-manufactured drywall ("Affected Properties").

PTO 1(I), as well as PTO 1 and PTO 1(B) before it, set forth the preservation requirements for those property owners and homebuilders that were seeking recovery of damages associated with the Affected Properties they own(ed) and/or repaired. In light of the Class Action Settlements, which resolved the vast majority of claims arising out of or related in any way to Chinese-manufactured drywall found in Affected Properties against the settling parties

---

[1] "Class Action Settlements" means all settlements listed on the "Settlements" page of this Court's website, http://www.laed.uscourts.gov/Drywall/Settlements.htm, including but not limited to: (1) the Builder, Installer, Supplier & Insurer Settlement, (2) the Banner Settlement, (3) the Interior Exterior Settlement, (4) the L&W Settlement, (5) the Knauf Settlement; and (6) the Virginia Settlements.

(except only those claims (i) belonging to those persons or entities that specifically opted out of the Class Action Settlements; or (ii) not included in the Knauf Settlement), the Court finds it appropriate to reduce, if not entirely eliminate, the burden placed on certain parties to preserve physical evidence from Affected Properties, as set forth below.

1. This PTO 1(J) modifies the requirements to preserve physical evidence set forth in Paragraphs A and B of PTO 1(I), but does not supersede PTO 1(I) in any other respect.

2. Except as provided in Paragraph 3 and 4 below, all property owners and homebuilders that no longer intend to pursue recovery for damages associated with defective Chinese-manufactured drywall in an Affected Property outside of the Class Action Settlements are hereby permitted to dispose of all remaining physical evidence in and/or from that Affected Property.

3. Property owners and homebuilders must continue to preserve physical evidence in and/or from an Affected Property in accordance with Paragraphs A and B of PTO 1(I) only if they: (i) intend to pursue recovery for that Affected Property or remain a party to a lawsuit for damages associated with defective Chinese-manufactured drywall in that Affected Property outside of the Class Action Settlements (including, without limitation, if they opted out of one or more of the Class Action Settlements); or (ii) have submitted a claim in one or more of the Class Action Settlements that has yet to be deemed eligible, but only until all appeals set forth in Claims Administration Procedure ("CAP") No. 2013-5 have been exhausted. Preservation requirements under this paragraph are as follows:

(a) **Defective Drywall in Affected Property is All KPT Chinese Drywall.**[2] If a property owner or homebuilder has claims associated with an Affected Property in which all of the defective drywall was KPT Chinese Drywall, and that property owner or homebuilder has not yet resolved all of their claims relating to that Affected Property against the Knauf Defendants or other parties in the supply chain of the defective drywall (*e.g.*, manufacturers, suppliers, distributors, installers, and homebuilders) (collectively, "Supply Chain Parties"; individually, "Supply Chain Party"), that property owner or homebuilder shall continue to preserve all physical evidence in accordance with PTO 1(I).

(b) **Defective Drywall in Affected Property is "Mixed".**[3] If a property owner or homebuilder has claims associated with an Affected Property in which the defective drywall was Mixed, and they have not yet resolved all of their claims relating to that Affected Property against the Knauf Defendants or other Supply Chain Parties, that property owner or homebuilder shall continue to preserve physical evidence in accordance with PTO 1(I). If a property owner or homebuilder has claims associated with an Affected Property in which the defective drywall is Mixed, and they have resolved all of their

---

[2] "KPT Chinese Drywall" shall mean any and all drywall products manufactured, sold, marketed, distributed, and/or supplied by Knauf Plasterboard (Tianjin) Co., Ltd. ("KPT") and which are alleged to be defective. "KPT Chinese Drywall" shall not include drywall products, manufactured, sold, marketed, distributed, and /or supplied by any Knauf Defendant other than KPT.

[3] Defective drywall in the Affected Property is "Mixed" if it contains some KPT Chinese Drywall **and** some defective drywall manufactured by another Chinese manufacturer of drywall other than KPT, including, without limitation, Taishan Gypsum Co., Ltd. and its related entities.

claims relating to the KPT Chinese Drywall (leaving unresolved claims relating to Non-KPT Chinese Drywall,[4] that property owner or homebuilder shall continue to preserve physical evidence in accordance with PTO 1(I); provided, however, the property owner or homebuilder may dispose of all samples of the KPT Chinese Drywall, and the endtape from that KPT Chinese Drywall, so long as the property owner or homebuilder continues to preserve all photographic and other documentary evidence of the Chinese-manufactured drywall in the Affected Property as required by Paragraph A.1. of PTO 1(I).

(c) **Defective Drywall in Affected Property is All Non-KPT Chinese Drywall.** If a property owner or homebuilder has an Affected Property in which all of the defective drywall was Non-KPT Chinese Drywall, that property owner or homebuilder shall continue to preserve all physical evidence in accordance with PTO 1(I).

4. Notwithstanding the obligation to preserve evidence set forth in Paragraph 3(i) above, property owners or homebuilders may dispose of all remaining physical evidence from that Affected Property upon the entry of a dismissal or final judgment in all lawsuits or other proceedings involving that Affected Property.

---

[4] "Non-KPT Chinese Drywall" shall mean any and all reactive drywall products manufactured, sold, marketed, distributed, and/or supplied by a Chinese manufacturer other than KPT, including but not limited to, Taishan Gypsum Co., Ltd. f/k/a Shandong Taihe Dongxin Co., Ltd.; Taian Taishan Plasterboard, Ltd.; Pingyi Zhongxin Paper-Faced Plasterboard Co., Ltd. f/k/a Shandong Chenxiang Building Materials Co., Ltd.; Crescent City Gypsum, Inc.; Beijing New Building Materials Public Ltd. Co., and China National Building Material Co., Ltd., and China National Building Material Group Corporation.

5. In addition, in the event a property owner opted out an Affected Property from one or more of the Class Action Settlements ("Opt-Out Property"), all Supply Chain Parties associated with that Opt-Out Property shall continue to preserve any physical evidence they removed from that Opt-Out Property in accordance with this Court's prior evidence preservation orders; provided, however, that a Supply Chain Party may dispose of this physical evidence if the Opt-Out Property in question is not the subject of a pending lawsuit or arbitration proceeding against that Supply Chain Party, so long as the Supply Chain Party provides the owner of the Opt-Out Property (through their counsel, if known; otherwise, directly to the owner), together with all other known Supply Chain Parties (through their counsel, if known; otherwise, directly to the Supply Chain Parties) for that Opt-Out Property, at least thirty days' written notice (as set forth below) of their intention to dispose of such physical evidence. The written notice must allow: (i) the owner of and all known Supply Chain Parties for that Opt-Out Property an opportunity to inspect the physical evidence upon reasonable notice; and (ii) the owner of that Opt-Out Property the opportunity to take possession of the physical evidence at the owner's expense. For purposes of complying with this written notice requirement, the Supply Chain Party desiring to dispose of physical evidence removed from an Opt-Out Property shall serve the property owner and all other known Supply Chain Parties with a Notice of Disposal of Physical Evidence in the form attached to this Order, and serve the Notice of Disposal of Physical Evidence to the parties in this MDL through File & Serve in the master case number 2:09-md-02047-EEF-JCW.

6. Disposal of any and all physical evidence by a property owner, homebuilder or other Supply Chain Party in accordance with this Order shall not subject that property owner,

homebuilder or other Supply Chain Party to a claim or defense of spoliation with respect to its disposal of such physical evidence.

**NEW ORLEANS, LOUISIANA**, this 20 day of March, 2015.

ELDON E. FALLON
**UNITED STATES DISTRICT JUDGE**

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: CHINESE-MANUFACTURED DRYWALL PRODUCTS LIABILITY LITIGATION | ) ) ) ) ) | MDL No. 2047 SECTION: L |
| **THIS DOCUMENT RELATES TO ALL CASES** | ) ) ) | JUDGE FALLON MAG. JUDGE WILKINSON |

**NOTICE OF DISPOSAL OF PHYSICAL EVIDENCE BY [INSERT PARTY NAME]**

Subject to the requirements of Pretrial Order No. 1(J), dated March __, 2015, [INSERT PARTY NAME] hereby gives notice of its intention to dispose of the physical evidence that [INSERT PARTY NAME] was previously preserving from the following property or properties:

[INSERT PROPERTY ADDRESS(ES)]

Any person or entity wishing to inspect this physical evidence or, in the case of the owner of the property, take possession of this physical evidence at their own expense, must do so within thirty (30) days of the date of this notice upon reasonable notice to [INSERT PARTY NAME] by contacting: _____ by telephone at: (###) ###- #### or by e-mail at _____@_____.com. Upon the expiration of the thirty-day period, [INSERT PARTY NAME] may dispose of such physical evidence.

Dated: _____, 2015

                                                 Respectfully submitted,
                                                 [INSERT SIGNATURE BLOCK OF COUNSEL]