UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: CHINESE MANUFACTURED DRYWALL PRODUCTS LIABILITY LITIGATION | * * * * * * * * | MDL NO. 2047<br><br>SECTION: L<br><br>JUDGE FALLON<br><br>MAG.<br>JUDGE WILKINSON |

**THIS DOCUMENT RELATES TO ALL CASES.**

## CURATOR'S STATUS REPORT NO. 37

Curator, Robert M. Johnston, submits this Status Report in accordance with the Court's Order dated November 21, 2011.

**I.   CURRENT STATUS**

Following appointment by the Court, Curator, Robert M. Johnston, established procedures to provide *Pro Se* plaintiffs who contact the Curator's office with important information concerning the status of settlement agreements, their options regarding prosecution of their claims, including whether to participate in class settlements or not. Procedures were also established to assist *Pro Se* plaintiffs by making available important documents, including class settlement agreements and related information. Additional procedures were also established concerning informing *pro se* plaintiffs of their right to retain separate counsel, and, where appropriate, providing the name and contact information concerning counsel with experience handling MDL matters in the jurisdiction in which the claimant resides, including providing the names of attorneys who are

1

members of the Plaintiff's Steering Committee. A significant portion of work by the Curator's office has involved assisting pro se plaintiffs in providing documentary evidence and information to counsel for Knauf, the Plaintiff's Steering Committee and the claims administrator, BrownGreer, in order to be considered for acceptance into several Chinese drywall settlements.

## II. CURATOR ACTIVITY

Since being retained as Curator, the Curator's office has been contacted by many *Pro Se* plaintiffs. In accordance with the agreement reached by Leonard Davis and Arnold Levin, members of the Plaintiff's Steering Committee, and by Kerry Miller, counsel for Knauf, the names and addresses of those *Pro Se* plaintiffs with evidence of having Knauf Chinese drywall in their property were forwarded to the Plaintiff Steering Committee and Knauf counsel. Assistance was also provided to *Pro se* plaintiffs in obtaining inspection reports from qualified inspectors.

Specifically, after initial discussions with Leonard Davis of the Plaintiff's Steering Committee, *Pro Se* plaintiffs contacting the Curator's office were requested to send documentary evidence, including photographs and inspection reports, proving that the property owned by the P*ro Se* claimant contained Knauf drywall.

On February 22, 2013 and February 25, 2013, I sent correspondence to each of the *Pro Se* plaintiffs informing them of the Court's Order and Judgment certifying several settlement classes, and recommended that the *Pro Se* plaintiffs monitor the Court's website regarding procedures for asserting claims against the settling defendants, other than Knauf, whose settlements have been approved by the Court. On April 11, 2013, I sent correspondence to *Pro Se* plaintiffs notifying them of the Court's March 27, 2013

Order establishing registration requirements and a deadline for registering, and provided the registration form and related documents. I also sent a letter to *Pro Se* Plaintiffs on May 24, 2013 informing them of the Court's extension of the registration deadline to June 24, 2013. On June 24, 2013, I sent an additional letter to *Pro Se* Plaintiffs informing them of the Court's extension of the registration deadline to July 8, 2013. On July 30, 2013, I sent an additional letter to *Pro Se* Plaintiffs informing them of the Court's extension of the claim forms deadline to September 30, 2013. The letter further explained that the Claims Program consists of a two-step process: (1) submitting of the registration form and (2) submitting of the claim forms and all required supporting documentation. Several *Pro Se* Plaintiffs stated their erroneous belief that completing the registration form was sufficient to preserve their claims. We have stressed the importance of the timely completion of and transmittal of the claim forms and supporting documentation to the Claim Administrator. On August 29, 2013, I sent out a letter to *Pro Se* Plaintiffs listed on Exhibit A and B of the Settlement Agreement Regarding Post December 9, 2011 Claims Against the Knauf Defendants in MDL 2047 [*Paul Beane, et al v. Gebrueder Knauf Verwaltungegesellschaft*, et al, No. 13-39 (ED,.La)] informing these *Pro Se* Plaintiffs of the Opt-In process and the importance of submitting the Opt-In forms prior to the deadline of September 12, 2013. On September 6, 2013, I sent out a letter to 887 *Pro Se* Plaintiffs who have registered in the Claims Settlement Program based on information provided by the Claims Administrator. The letter again stated the importance of filing claims by the deadline of September 30, 2013 and enclosed in the letter were the Claim Type Document Requirements and photographs showing the types of documentary evidence required by the Claims Administrator. On October 9, 2013, my office sent an additional

3

communication to 720 *Pro Se* plaintiffs whose names were provided by the Claims Administrator advising them of the Court's extension of the deadline for filing of claim forms with the Claims Administrator's office to October 25, 2013.  All of the foregoing resulted in a substantial increase in calls from *Pro Se* Plaintiffs, and I and my office personnel assisted the callers regarding the registration procedure and responded to their questions.

Since the passage of the October 25, 2013 deadline for submitting claims, we received several additional inquiries from Pro Se Plaintiffs who stated that they learned of the presence of Knauf drywall in their properties after the deadline for filing such claims. I assisted these late Knauf claim *Pro Se* Plaintiffs in obtaining inspections of their properties which resulted in inspection reports verifying that their properties contain Knauf drywall.

I forwarded inspection reports, photographs and other relevant indicia to counsel for Knauf and had discussions with Knauf counsel about these late Knauf claim *Pro Se* Plaintiffs being included in a Knauf settlement of their claims.

At the Court's status conference that occurred on November 25, 2014, counsel for Knauf notified the Court that Knauf agreed to remediate the properties of these *Pro Se* Plaintiffs.  Since then I have worked with counsel for Knauf to assist them regarding indicia confirming that all of the *Pro Se* Plaintiffs have proof that their properties have Knauf drywall.  I have also communicated with the *Pro Se* Plaintiffs, whose current numbers totals 62, that their properties will be remediated by Knauf.  I have been provided with a summary of Knauf's agreement relating to remediating the *Pro Se* Plaintiff properties and have provided this to all of the *Pro Se* Plaintiffs who are on a list that I

compiled since October 25, 2013.  I will continue to work with counsel for Knauf and the *Pro Ses* to facilitate the remediation of their properties.

Here is the current status of discussions that I have had with Kerry Miller regarding three types of claims of pro se plaintiffs who have late Knauf claims and whose numbers totals 62:  (1) Knauf has agreed to remediate the properties of 50 of those pro se plaintiffs if inspections by Knauf retained inspectors verify that the properties have Knauf drywall; (2) Knauf through its counsel has taken the position that loss of sales value claims of two pro se plaintiffs will not be settled; and (3) I am continuing discussions with Kerry Miller about potential settlement of the remaining eight pro se plaintiffs who each self-remediated their property.  I have notified the two pro se plaintiffs whose loss of sales value claims have been denied by Knauf and it is my understanding that they intend to retain counsel to assert their claims against Knauf.

Regarding the unresolved eight self-remediation claims, I continue to be hopeful that their claims can be satisfactorily resolved, and will notify the Court if this occurs.

Respectfully Submitted:

JOHNSTON, HOEFER, HOLWADEL

/s/ *Robert N. Johnston*
ROBERT M. JOHNSTON
(Bar No.:7339)
400 Poydras Street, Suite 2450
New Orleans, Louisiana 70130
Telephone: (504) 561-7799
Facsimile: (504) 587-3794
Email: rmj@ahhelaw.com
**Pro Se Curator**

5

## **CERTIFICATE OF SERVICE**

I hereby certify that the above and foregoing Curator's Status Report has been electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF system which will send a Notice of Electronic Filing in accord with the procedures established in MDL 2047, on this 23rd day of March, 2015.

                                                      */s/ Robert M. Johnston*
                                            ROBERT M. JOHNSTON (Bar No. 7339)