**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| **IN RE:  CHINESE-MANUFACTURED DRYWALL PRODUCTS LIABILITY LITIGATION** | **MDL NO. 2047 SECTION: L JUDGE FALLON MAG. JUDGE WILKINSON** |
| **THIS DOCUMENT RELATES TO:** **ALL ACTIONS** | |

**THE PLAINTIFFS' STEERING COMMITTEE'S
MEMORANDUM OF LAW IN SUPPORT OF
MOTION TO STRIKE HOGAN LOVELLS' DESIGNATION
OF DOCUMENTS AS HIGHLY CONFIDENTIAL**

**I.  INTRODUCTION**

After years of delaying the instant proceedings and after deliberately deciding to disregard this Court's authority by failing to appear at the July 17, 2014 Judgment Debtor Examination, Taishan absented itself from these proceedings, leaving its terminated counsel, Hogan Lovells, LLP and Stanley, Reuter, Ross, Thornton & Alford, L.L.C., to clean up the proverbial spilled milk. Taishan's disregard of this Court's lawful authority ultimately resulted in the issuance of this Court's July 17, 2014 Contempt Order.  *See* Rec.Doc.No. 17869.

During Taishan's willful absence from these proceedings, the Plaintiffs' Steering Committee (the "PSC") served requests for production of documents on Hogan Lovells inquiring about various matters including its decision to terminate its counsel and its failure to appear at the Judgment Debtor Examination.  In response to this inquiry, Taishan's counsel refused to produce any materials under the banner of the attorney-client and work-product privileges.  The PSC thereafter filed a motion to compel document production for *in camera* inspection under seal.  *See* Rec.Doc.No. 18047.  On December 12, 2014 and January 13, 2015, this Court issued orders requiring the production of many

of the documents withheld under the attorney-client privilege as the Court determined such documents were subject to production under the crime-fraud exception. *See* Rec.Doc.Nos. 18196 and 18256. Following the issuance of these orders, Taishan's counsel pursued an unsuccessful mandamus petition to the Fifth Circuit Court of Appeals. *See In re: Hogan Lovells US, LLP*, No. 15-30114 (5th Cir. February 20, 2015). On February 26, 2015, Taishan's counsel finally produced the client communications in question. When doing so, however, Hogan Lovells improperly designated all 493 pages of the documents as "highly confidential" pursuant to PTO No. 16.

Notwithstanding the production designation of "highly confidential", there is no basis to sustain the assertion that these materials are, in fact, confidential in light of this Court's determination that such materials are subject to production under the crime-fraud exception to the attorney-client privilege. While making these documents available for all to see may result in some minor embarrassment for Taishan, PTO No. 16 is not designed to allow parties to shield themselves from such minor embarrassment. Having failed to establish that the attorney-client privilege applies to its communications addressing future contemptuous activities, Taishan and its terminated counsel should not be allowed to prevent the ordinary use of such materials by improperly utilizing confidential designations.

## II. <u>ARGUMENT</u>

Pursuant to PTO No. 16, a party may produce materials with a designation of "highly confidential-restricted information" where the "Producing Party believes in good faith [the item being produced] constitutes, reflects, discloses, or contains information subject to protection under

Fed.R.Civ.P. 26© or other applicable law,[1] and that contain highly sensitive and competitive information, the disclosure of which to persons other than those designated in this Protective Order would pose a substantial risk of serious harm, economic or otherwise, to the Producing Party." *See* PTO No. 16 at ¶8.

The materials in question clearly do not fall within the definition of "highly confidential-restricted information" for purposes of PTO NO. 16.  For starters, the materials are no longer subject to any claim that they are protected from disclosure under the attorney-client privilege. *See* Order & Reasons, Rec.Doc. 18196, at pg. 7 ("Taishan's communications with counsel revolved around Taishan's intent to commit criminal contempt.").  Both this Court as well as the Fifth Circuit Court of Appeals have refused to shield the materials from disclosure under the attorney-client privilege.

Additionally, these materials do not constitute highly sensitive and competitive information. Rather, these materials evidence that Taishan communicated with its counsel in an effort to commit a crime-fraud by willfully disregarding this Court's lawful mandates. *Id*. ("The criminal nature of Taishan's mental state is further demonstrated by Taishan's blatant denial that the Court had held it in contempt.").  Taishan's efforts to commit criminal contempt are neither highly sensitive, nor are they within the realm of competitive information. *See Ideal Steel Supply Corp. v. Anza*, 2005 WL 1213848, at *3 (S.D.N.Y. May 23, 2005), Report and Recommendation adopted, 2005 WL 1644300 (S.D.N.Y. July 12, 2005) (granting motion to strike confidential designation and rejecting argument that materials in question were properly designated as confidential as they have a tendency to incriminate or embarrass the defendant).  It is respectfully submitted that communications evidencing

---

[1] Fed. R. Civ. P. 26© provides that a court may, for good cause, issue a protective order "to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense ...".

a party's efforts to commit a crime-fraud on a court are entitled to no protection under the law and should not be screened from the public.  Indeed, this very logic undermines the entire basis for recognizing the crime-fraud exception to the attorney client privilege.  "It is the purpose of the crime-fraud exception to the attorney-client privilege to assure that the seal of secrecy, *ibid.*, between lawyer and client does <u>not</u> extend to communications made for the purpose of getting advice for the commission of a fraud or crime."  *See United States v. Zolin*, 491 U.S. 554, 563 (1989) (internal quotations omitted) (emphasis added).  Simply because evidence may be damaging to a defendants because it demonstrates their culpable conduct is not the same as being prejudicial.  "Unfair prejudice is not satisfied by evidence that is merely adverse to the opposing party."  *Baker v. Canadian Nat'l/Illinois Cent. R.R.*, 536 F.3d 357, 369 (5th Cir. 2008) (internal quotations omitted).

Furthermore, allowing Taishan's designation to stand would make little sense under the facts of this case.  Taishan's efforts to commit criminal contempt are widely known as its communications with counsel on this subject matter have been discussed at length during proceedings before this Court.  Thus, the fact that Taishan communicated with its counsel for purposes of its commission of criminal contempt is a fact already known by the public at large.  Therefore, there is no real justification for shielding the documents themselves from public disclosure other than saving Taishan from its contumacious conduct.

While Taishan may wish to shield the actual communications themselves from public disclosure, this desire alone does not elevate the communications to highly confidential status for

purposes of PTO No. 16.  To the contrary, evidence that Taishan sought to utilize its counsel in the commission of criminal contempt is not worthy of protection from public disclosure.  *Zolin*, *supra*.[2]

### III.   CONCLUSION

Wherefore, for the reasons set forth above, it is respectfully submitted that the Court should refuse to extend Hogan Lovells' improper designations of the materials produced following this Court's rulings on the attorney-client privilege as "highly confidential-restricted information."

Respectfully submitted,

Dated:  March 23, 2015

/s/ Leonard A. Davis
Russ M. Herman (LA Bar No. 6819)
Leonard A. Davis (LA Bar No. 14190)
Stephen J. Herman (LA Bar No. 23129)
HERMAN, HERMAN & KATZ, LLC
820 O'Keefe Avenue
New Orleans, Louisiana 70113
Phone: (504) 581-4892
Fax: (504) 561-6024
ldavis@hhklawfirm.com
*Plaintiffs' Liaison Counsel*
*MDL 2047*

---

[2] Based on the improper designation of the instant documents as "highly confidential", the PSC filed recent briefing and/or exhibits to the same under seal.  *See* Omnibus Reply/Response of the Plaintiffs' Steering Committee to Motions Regarding Contempt, Enforcement of Contempt Order, Class Damages Hearing, and Motion to Withdraw as Counsel for Taishan Gypsum Co., Ltd. and Taian Taishan Plasterboard Co., Ltd., Rec.Doc.No. 18472; Omnibus Response/Reply filed by the Plaintiffs' Steering Committee to Motions regarding Contempt, Enforcement of Contempt Order, Class Damages Hearing, and Motion to Withdraw as Counsel for Taishan Gypsum Co., Ltd. and Taian Taishan Plasterboard Co., Ltd., 18520.  The PSC respectfully requests that it be permitted to re-file un-redacted versions of these items if the Court elects to grant the instant motion to strike.

-5-

Arnold Levin
Fred S. Longer
Sandra L. Duggan
Matthew C. Gaughan
Levin, Fishbein, Sedran & Berman
510 Walnut Street, Suite 500
Philadelphia, PA 19106
215-592-1500 (phone)
215-592-4663 (fax)
Alevin@lfsblaw.com
*Plaintiffs' Lead Counsel*
*MDL 2047*

## PLAINTIFFS' STEERING COMMITTEE

Dawn M. Barrios
Barrios, Kingsdorf & Casteix, LLP
701 Poydras Street, Suite 3650
New Orleans, LA 70139
Phone: (504) 524-3300
Fax: (504) 524-3313
Barrios@bkc-law.com

Bruce William Steckler
Steckler, LLP
12720 Hillcrest Road, Ste 1045
Dallas, TX 75230
Phone: (972) 387-4040
Fax: (972) 387-4041
bruce@stecklerlaw.com

Daniel E. Becnel, Jr.
Becnel Law Firm, LLC
425 W. Airline Highway, Suite B
Laplace, LA 70068
Phone: (985) 536-1186
Fax: (985) 536-6445
dbecnel@becnellaw.com

Ervin A. Gonzalez
Colson, Hicks, Eidson
255 Alhambra Circle, Penthouse
Cora Gables, FL 33134
Phone: (305) 476-7400
Fax: (305) 476-7444
ervin@colson.com

Peter Prieto
Podhurst Orseck, P.A.
25 Flagler Street, 8th Floor
Miami, FL 33130
Phone: (305) 358-2800
Fax: (305) 358-2382
pprieto@podhurst.com

Ben W. Gordon, Jr.
Levin, Papantonio, Thomas, Mitchell
 Echsner & Proctor, P.A.
316 S. Baylen Street, Suite 600
Pensacola, FL 32502
Phone: (850) 435-7000
Fax: (850) 435-7020
bgordon@levinlaw.com

Hugh P. Lambert
The Lambert Firm
701 Magazine Street
New Orleans, LA 70130
Phone: (504) 581-1750
Fax: (504) 529-2931
hlambert@thelambertfirm.com

Gerald E. Meunier
Gainsburgh, Benjamin, David, Meunier
 & Warshauer, LLC
2800 Energy Centre, 1100 Poydras Street
New Orleans, LA 70163-2800
Phone: (504) 522-2304
Fax: (504) 528-9973
gmeunier@gainsben.com

Jerrold Seth Parker
Parker Waichman, LLP
3301 Bonita Beach Road
Bonita Springs, FL 34134
Phone: (239) 390-1000
Fax: (239) 390-0055
Jerry@yourlawyer.com

Scott Wm. Weinstein
Morgan & Morgan
12800 University Drive, Suite 600
Ft. Meyers, FL 33907
Phone: (239) 433-6880
Fax: (239) 433-6836
sweinstein@forthepeople.com

James Robert Reeves
Reeves & Mestayer, PLLC
160 Main Street
Biloxi, MS 39530
Phone: (228) 374-5151
Fax: (228) 374-6630

jrr@attorneys4people.com

Christopher Seeger
Seeger Weiss, LLP
77 Water Street
New York, NY 10005
Phone: (212) 584-0700
Fax: (212) 584-0799
cseeger@seegerweiss.com

Daniel K. Bryson
Whitfield, Bryson & Mason, LLP
900 W. Morgan Street
Raleigh, NC 27603
Phone: (919) 600-5000
Fax: (919) 600-5002
dan@wbmllp.com

Richard J. Serpe
Law Offices of Richard J. Serpe
Crown Center, Ste. 310
580 East Main Street
Norfolk, VA 23510-2322
Phone: (757) 233-0009
Fax: (757) 233-0455
rserpe@serpefirm.com

Victor M. Diaz, Jr.
V.M. Diaz and Partners, LLC
119 Washington Ave, Suite 402
Miami Beach, FL 33139
Phone: (305) 704-3200
Fax: (305) 538-4928
victor@diazpartners.com

## OF COUNSEL TO PLAINTIFFS' STEERING COMMITTEE

Richard S. Lewis
HAUSFELD LLP
1700 K Street, N.W
Suite  650
Washington, DC 20006
Phone: (202) 540-7200
Fax:  (202) 540-7201
rlewis@hausfeldllp.com

Anthony D. Irpino
IRPINO LAW FIRM
2216 Magazine Street
New Orleans, LA 70130
Phone: (504) 525-1500
Fax: (504) 525-1501
airpino@irpinolaw.com

Andrew A. Lemmon
Lemmon Law Firm, LLC
P.O. Box 904
15058 River Road
Hahnville, LA 70057
Phone: (985) 783-6789
Fax: (985) 783-1333
andrew@lemmonlawfirm.com

## CERTIFICATE OF SERVICE

I hereby certify that the above and foregoing has been served on Defendants' Liaison Counsel, Kerry Miller, by e-mail and upon all parties by electronically uploading the same to LexisNexis File & Serve in accordance with Pre-Trial Order No. 6, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2047 on this 23rd day of March, 2015.

/s/ Leonard A. Davis
Leonard A. Davis
HERMAN, HERMAN & KATZ, LLC
820 O'Keefe Avenue
New Orleans, Louisiana 70113
Phone: (504) 581-4892
Fax: (504) 561-6024
ldavis@hhklawfirm.com
*Plaintiffs' Liaison Counsel*
*MDL 2047*

*Co-counsel for Plaintiffs*