AO 133   (Rev. 12/09)  Bill of Costs

# UNITED STATES DISTRICT COURT

for the

Eastern District of Louisiana

| | | |
|---|---|---|
| Germano, et al | ) | 09md2047 "L" |
| | ) | this document relates to: |
| v. | ) | Case No 09-6687 |
| Taishan Gypsum Co., Ltd., et al | ) | |
| | ) | |

## BILL OF COSTS

Judgment having been entered in the above entitled action on _____02/19/2014_____ against ___Taishan Gypsum Company___ ,
                                                                                 Date

the Clerk is requested to tax the following as costs:

| | |
|---|---:|
| Fees of the Clerk . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . $ | 1,069.00 |
| Fees for service of summons and subpoena . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . | 223,001.74 |
| Fees for printed or electronically recorded transcripts necessarily obtained for use in the case . . . . . . | 79,087.25 |
| Fees and disbursements for printing . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . | 36,793.72 |
| Fees for witnesses *(itemize on page two)* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . | 9,655.46 |
| Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . | 59,967.72 |
| Docket fees under 28 U.S.C. 1923 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . | 37.50 |
| Costs as shown on Mandate of Court of Appeals . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . | 370.95 |
| Compensation of court-appointed experts . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . | 0.00 |
| Compensation of interpreters and costs of special interpretation services under 28 U.S.C. 1828 . . . . . | 0.00 |
| Other costs *(please itemize)* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . | ~~9,655.46~~ |

*Please see attached Order and Reasons issued by the Court on August 5, 2010 [Rec. Doc. 4872] attached
as Exhibit A and Intervening Plaintiffs' Counsel's Petition for Fees and Costs [Rec. Doc. 3248] attached    TOTAL   $   409,983.34
as Exhibit B to be incorporated herein.

*SPECIAL NOTE:*  Attach to your bill an itemization and documentation for requested costs in all categories.

---

### Declaration

I declare under penalty of perjury that the foregoing costs are correct and were necessarily incurred in this action and that the services for which fees have been charged were actually and necessarily performed.  A copy of this bill has been served on all parties in the following manner:

[✓] Electronic service          [ ] First class mail, postage prepaid

[ ] Other: _____

s/ Attorney: _____/s/ Leonard A. Davis_____

Name of Attorney: __Leonard A. Davis__

For: _____          Date: __07/01/2014__
       *Name of Claiming Party*

---

### Taxation of Costs

Costs are taxed in the amount of _____$409, 983.34_____ .     and included in the judgment.

__William W. Blevins__          By: _Carol L. Michel_          __March 23, 2015__
   *Clerk of Court*                    *Chief Deputy Clerk*              *Date*

**UNITED STATES  DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

In re:  **CHINESE-MANUFACTURED**                    **MDL 2047**
            **DRYWALL PRODUCTS**
            **LIABILITY LITIGATION**                          **SEC. L**

**This document relates to Civil Action**                    **Mag. 2**
            **09-6687**

**REASONS FOR TAXATION OF COSTS**

This matter is before the clerk for taxation of costs under Rule 54(d)(1) of the Federal

Rules of Civil Procedure.  Upon review of this voluminous Multi-District Litigation record in

relation to the Bill of Costs submitted by the Plaintiffs' Steering Committee ("PSC") in *Germano,*

*et al, v. Taishan Gypsum Co., Ltd., et al*, Civil Action No. 09-6687, the supporting documents

and memoranda in support of the Bill of Costs filed by the PSC, the discussion of counsel at the

Bill of Costs status conference held on September 18, 2014, and noting particularly the lack of

any opposition to the Bill of Costs filed on July 2, 2014 (Doc. 17825), and the law, for the

reasons stated herein, the Clerk of Court, through the undersigned Chief Deputy Clerk, taxes

costs in the amount of $409,983.34.

*Background of Relevant Proceedings*

*Germano v. Taishan Gypsum Co., Ltd., f/k/a Shandon Taihe Dongzin Co., Ltd.*,  is a class

action complaint initially filed in the Eastern District of Virginia, and then transferred to this

Court as part of MDL 2047.  *See In re Chinese-Manufactured Drywall Prod. Liab. Litig.*, 626 F.

Supp. 2d 1346 (J.P.M.L. 2009).  After the complaint was amended to assert product defect

claims on behalf of a national class of property owners, on November 20, 2009, the Court

entered a preliminary default against Taishan.  (Doc. 487).  Following an Assessment of

Damages hearing on February 19 to 20, 2010, and an order granting intervention to 14 Virginia homeowners, on May 11, 2010, United States District Judge Eldon E. Fallon ("Judge Fallon" or "the Court") entered a default money judgment against Taishan Gypsum Co., Ltd., f/k/a Shandon Taihe Dongzin Co. Ltd. ("Taishan"), and in favor of intervening plaintiffs William and Deborah Morgan, Jerry and Inez Baldwin, Joseph and Cathy Leach, Bob and Lisa Orlando, J. Frederick and Vanessa Michaux, Preston and Rachel McKellar, and Steven and Elizabeth Heischober. (Doc. 3013). In addition to monetary damages and pre- and post-judgment interest, the Court awarded costs under F.R.Civ. P. 54(d) to plaintiffs as the prevailing parties. (Doc. 3013). On May 24, 2010, subsequent to the entry of the default judgment, but within 35 days of its entry, intervening Plaintiffs' Counsel filed a Petition for Fees and Costs, including court costs taxable under 28 U.S.C. § 1920 in accordance with Rule 54(d). (Doc. 3248). On August 4, 2010, the Court referred the determination of taxable costs to the Clerk of Court in accordance with Local Rules. (Doc. 4872, p. 13).[1]

On June 10, 2010, Taishan appealed the default judgment (Doc. 3670). Service of process having been accomplished through the Hague Convention under Federal Rule of Civil Procedure 4 on these foreign defendants, the foreign defendants have asserted a vigorous challenge to personal jurisdiction. Taishan sought and obtained a stay of the appeal in the Fifth Circuit to allow the district court to consider Taishan's post judgment motions to vacate the default judgment and to reconsider the personal jurisdiction issues. (Doc. 5649).

---

[1]In their initial request for costs, plaintiffs sought $153,423.18 in costs. (Doc. 3248, p. 10; Doc. 3248-3, pp. 2-5). Knauf submitted a memorandum in opposition to plaintiffs' petition for fees and costs (Doc. 4304), to which plaintiffs replied (Doc. 4438). As noted, the Court referred the determination of taxable costs to the Clerk of Court (Doc. 4873, p. 13) on August 4, 2014, prior to substantial litigation occasioned by Taishan's appeal of the default judgment and its strenuous contest of the Court's personal jurisdiction over it. The bill of costs currently submitted to the Clerk of Court for review (Doc. 17825) was not opposed by any defendant or any other party.

On September 4, 2012, Judge Fallon denied a number of motions by Taishan and Taian Taishan Plastboard Co., Ltd. ("Taian") seeking to vacate the entry of default, overturn the default judgment, and dismiss the complaints.  (Doc. 15755).  On September 14, 2012, Taishan and Taian moved for certification for interlocutory appeals pursuant to 28 U.S.C. § 1292(b) of  Judge Fallon's September 4, 2012 order and for stay of all further proceedings pending appeal.  (Docs. 15812-15813) which Judge Fallon granted.  (Doc. 15952).

On February 19, 2014, the United States Court of Appeals for the Fifth Circuit affirmed the district court's determination that it had personal jurisdiction over Taishan and further specifically held that "the district court did not abuse its discretion by refusing the vacate the Default Judgment."  (Doc. 17458, pp. 4, 24, 29).  *See  In re Chinese-Manufactured Drywall Products Liability Litigation*, 742 F.3d 576 (5th Cir. 2014).  On May 20, 2014, in a second appeal encompassing three additional cases in the Chinese Drywall multidistrict litigation (*Mitchell, Gross,* and *Wiltz*) and "[p]icking up where we left off in *Germano v. Taishan Gypsum Company, Ltd.*", the Fifth Circuit held that personal jurisdiction lies over Taishan and Taian in those cases and that the district court did not abuse its discretion in refusing to vacate the preliminary default entered in *Mitchell*.  (Doc. 17756).  *See In re Chinese-Manufactured Drywall Products Liability Litigation*, 753 F.3d 521 (5th Cir. 2014).

Two days following the June 11, 2014, issuance of mandate in the second Fifth Circuit appeal with respect to personal jurisdiction and entry of default in this MDL, on June 13, 2014, the PSC filed a motion to lift the stay to permit further proceedings against Taishan and Taian in the district court.  (Doc. 17754).  On June 24, 2014, Judge Fallon vacated and lifted the stay imposed on October 16, 2014 (Doc. 15942), allowing further proceedings against Taishan and

Taian in this Court.  (Doc. 17777).

On July 2, 2014, the PSC filed the instant Bill of Costs (Doc. 17825) under F.R.Civ.P. 54(b) seeking taxation of the costs awarded in connection with the default money judgment in favor of intervening plaintiffs and against Taishan on May 11, 2010 and in connection with defending the post-judgment motions.  (Doc. 3013).  Although some of the costs were initially sought in plaintiffs' petition for fees and costs filed on May 24, 2010 (Doc. 3248), as discussed below, subsequent extensive litigation relating to post-judgment motions to vacate the entry of default and default judgment and to dismiss for lack of personal jurisdiction resulted in plaintiffs incurring additional costs recoverable under 28 U.S.C. § 1920 which, as prevailing parties, plaintiffs request to be taxed.

With respect to the July 2, 2014, Bill of Costs (Doc. 17825) , the Clerk, through the undersigned Chief Deputy Clerk, notified all parties that any opposition to the Bill of Costs shall be filed on or before August 25, 2014, and that if no opposition was filed, the matter would be submitted on that date.  (Doc. 17871).  No opposition was filed to the Bill of Costs on or before August 25, 2014.  After reviewing the Bill of Costs, a conference to discuss the Bill of Costs was set on September 18, 2014, and an outline of possible issues regarding the taxation of costs to be discussed at the conference was provided.  (Doc. 17992).  On September 18, 2014, a conference was held to discuss the Bill of Costs, at which Plaintiffs' Liaison Counsel and Taishan Defendants' Counsel were present.  (Doc. 18014).   Plaintiffs' Liaison Counsel agreed to file a supplemental memorandum addressing the issues raised at the Bill of Costs' conference.  (Doc. 18014).  On October 3, 2014, the PSC filed a supplemental memorandum in support of the plaintiffs' Bill of Costs.  (Doc. 18034).  The Taishan Defendants have never filed any opposition

to the plaintiffs' Bill of Costs filed on July 2, 2014 (Doc. 17825).

*Discussion*

Pursuant to Rule 54(d)(1) of the Federal Rules of Civil Procedure, "[u]nless a federal statute, these rules, or a court order provides otherwise, costs–other than attorney's fees–should be allowed to the prevailing party. But costs against the United States, its officers, and its agencies may be imposed only to the extent allowed by law. The clerk may tax costs on 14 days' notice. On motion served within the next 7 days, the court may review the clerk's action."[2]

The district court reviews the clerk's award of costs *de novo*. *Reger v. The Nemours Foundation, Inc.*, 599 F.3d 285, 287 (3d Cir. 2010); *McKenna v. City of Phildelphia*, 582 F.3d 447, 454 (3d Cir. 2009); *Frischhertz v. Smithkline Beehan Corp.*, 2013 WL 3894021, *1 (E.D. La. July 26, 2013); *Hassinger v. JP Morgan Chase & Co.*, 2009 WL 2382960, *1 (E.D. La. July 27, 2009) (other citations omitted). "[T]he decision whether to award costs ultimately lies within the sound discretion of the district court." *Marx v. General Revenue Corp.*, 133 S.Ct. 1166, 1173 2013); *Scott v. Schedler*, 2013 WL 5739070, *12 (E.D. La. Sept. 20, 2013). Although the district court has wide discretion in determining whether to award costs, there is a "strong presumption" in favor of awarding costs to the prevailing party. *Energy Management Corp. v. City of*

---

[2]Rule 54.3 of the Local Civil Rules of the United States District Court for the Eastern District of Louisiana ("Local Civil Rules") states that "[w]ithin 35 days of receiving notice of entry of judgment, unless otherwise ordered by the court, the party in whose favor judgment is rendered and who is allowed costs, must serve on the attorney for the adverse party and file with the clerk a motion to tax costs on the forms prescribed by the court, together with a certification that the items are correct and that the costs have been necessarily incurred." Local Civil Rule 54.3.1 requires that the party applying for taxation of costs to serve notice of submission of the request for taxation of costs before the clerk, and allows the clerk "in his or her discretion" to schedule a conference to consider the matter before taxing costs.

*Shreveport*, 467 F.3d 471, 483 (5ᵗʰ Cir. 2006) (*citing Brazos Valley Coal. of Life, Inc., v. City of Bryan, Tex.*, 421 F.3d 314, 327 (5ᵗʰ Cir. 2005) and *Salley v. E.I. DuPont de Nemours & Co.*, 966 F.2d 1011, 1017 (5ᵗʰ Cir. 1992) (other citations omitted)).  Review of the district court's cost decision is for abuse of discretion, but the district court must state its reasons for denying costs to the prevailing party.  *Energy Management Corp.*, 467 F.3d at 483 (*quoting Salley*, 966 F.2d at 1017)).  Only those costs enumerated in 28 U.S.C. § 1920 may be taxed "absent explicit statutory or contractual authorization to the contrary."  *Cook Children's Medical Center v. The New England PPO Plan of General Consolidated Management, Inc.*, 491 F.3d 266, 274 (5ᵗʰ Cir. 2007) (*quoting Mota v. University of Texas Houston Health Science Center*, 261 F.3d 512, 530 (5ᵗʰ Cir. 2001) and *citing Crawford Fitting Co. v. J.T. Gibbons, Inc.*, 482 U.S. 437, 444-45 (1987)).  Although the losing party bears the burden to demonstrate that a cost is not taxable, the burden of submitting a cost motion establishing entitlement to costs under § 1920 is still borne by the prevailing party.  *Joseph v. Nichell's Caribbean Cuisine, Inc.*, 2013 WL 2929464, * 2 (S.D. Fla. June 12, 2013) (other citations omitted).

*Timeliness*

Although no opposition has been filed to the Bill of Costs, the first issue to be addressed is timeliness.  Although the Default Judgment was entered on May 11, 2010 (Doc. 3013), the Bill of Costs under submission seeking costs was filed on July 2, 2014. (Doc. 17825)  As noted in the *PSC's Supplemental Memorandum of Law in Support of Bill of Costs* (Doc. 18034) and as reflected in the procedural discussion above, plaintiffs did file a Petition for Fees and Costs on May 24, 2010, within 35 days of entry of the default judgment on May 11, 2010.  Post-trial motion litigation which took place both within the United States and internationally, and

6

particularly defense challenges to personal jurisdiction and service under the Hague convention

on foreign defendants, engendered substantial additional costs.  District court and appellate stays

acted to extend the time for plaintiffs to file their Bill of Costs, which was in the nature of a *de*

*facto* supplemental Bill of Costs.  The instant Bill of Costs was filed on July 2, 2014 (Doc.

17825), within 35 days of this Court lifting the stay of district court proceedings on June 24,

2014 (Doc. 17777).   Local Rule 54.3 of the United States District court provides that "unless

otherwise ordered by the court," the party in whose favor judgment is rendered and who is

allowed costs shall file a motion to tax costs within 30 days of receiving notice of entry of

judgment.  Considering the record and the procedural history of the *Germano* default judgment,

the instant Bill of Costs filed by plaintiffs is timely.

*Taxable Costs*

Under 28 U.S.C. § 1920, "[a] judge or clerk of any court of the United States may tax as

costs the following:

(1)     Fees of the clerk and marshal;
(2)     Fees for printed or electronically recorded transcripts necessarily obtained for use
        in the case;
(3)     Fees and disbursements for printing and witnesses;
(4)     Fees for exemplification and costs of making copies of any materials where the
        copies are necessarily obtained for use in the case;
(5)     Docket fees under section 1923 of this title; and
(6)     Compensation of court appointed experts, compensation of interpreters, and
        salaries, fees, expenses, and costs of special interpretation services under section
        1828 of this title.

28 U.S.C. § 1920.  Witness costs which are allowed are enumerated in 28 U.S.C. § 1821 and

includes witness attendance fees of $40 per day, the maximum amount for all witnesses except

for *court appointed* experts, actual transportation expenses by common carrier or mileage costs

and tolls, and a subsistence allowance provided for under General Services Administration

regulations for official travel of federal government employees.  *See* 28 U.S.C. § 1821.

*Plaintiffs' Bill of Costs filed on July 2, 2014 (Doc. 17825)*

Intervening plaintiffs William and Deborah Morgan, Jerry and Inez Baldwin, Joseph and Cathy Leach, Bob and Lisa Orlando, J. Frederick and Vanessa Michaux, Preston and Rachel McKellar, and Steven and Elizabeth Heischober seek a total of $409,983.34 in costs relating to the default judgment entered in favor of them and against defendant Taishan Gypsum Co., Ltd., f/k/a Shandon Taihe Dongzin Co., Ltd. (Doc. 3013), as well as costs incurred in defending against defendants' post-trial motions seeking to vacate it and dismiss their complaints and other plaintiffs' complaints for lack of personal jurisdiction.  Attached to the Bill of Costs is (1) Exhibit A, the Court's Order and Reasons denying intervening plaintiffs' petition for attorney's fees under the Virginia Consumer Protection Act and referring the request for taxation of costs awardable under F.R.Civ.P. 54(b) to the Clerk.  (Doc. 4872) (Doc. 17825-1), (2) Exhibit B, Intervening Plaintiffs' Counsel's Petition for Fees and Costs (Doc. 3248) (Doc. 17825-2), and (3) Exhibit C, Documentation offered in support of the Bill of Costs.  (17825-3).

*Jurisdictional Discovery and Litigation in Germano, Mitchell, Gross, and Wiltz*

In addition to seeking the taxation of costs incurred in obtaining the default judgment in *Germano*, plaintiffs are also seeking the costs of obtaining jurisdictional discovery to defend the default judgment and to defend against defense claims of lack of personal jurisdiction in *Germano* as well as in *Mitchell*, *Gross*, and *Wiltz*. As explained by the Fifth Circuit, "*Germano* is a class action originally filed by Virginia homeowners in the United States District Court for the Eastern District of Virginia.  *Mitchell* is a class action originally filed by homebuilders in the United States District Court for the Northern District of Florida.  *Gross* and *Wiltz* are class

8

actions on behalf of property owners and were directly filed in the MDL in the Eastern District of Louisiana." (Doc. 17756-1, p. 3). The issue of personal jurisdiction over Taishan was raised in all four cases which reached the Fifth Circuit, i.e., *Germano*, *Mitchell*, *Gross*, and *Wiltz*. *Id*. Because discovery and motion litigation concerning personal jurisdiction over Taishan and Taian involved all four cases, and Judge Fallon ruled on Taishan's jurisdictional motions in all four cases on September 4, 2012, in a 142-page order (Doc. 1775602, pp. 5-6), plaintiffs are seeking costs incurred in obtaining jurisdictional discovery and in litigating personal jurisdiction issues in *Mitchell, Gross* and *Wiltz*, as well as in *Germano*. No opposition having been filed by any defendant to plaintiffs' Bill of Costs seeking such costs, the Clerk shall tax costs sought by plaintiffs incurred in relation to defending claims of lack of personal jurisdiction over the foreign defendants. However, plaintiffs should not be able to secure a double recovery of these expenses by filing Bills of Costs in *Mitchell, Gross*, and *Wiltz*, and therefore should not seek taxation of these same costs in those actions.

### *Costs to be Awarded*

Plaintiffs seek a total of $409,983.34 in costs for (1) $1,069.00 for fees of the clerk, (2) $223,001.74 for fees for service of summons and complaints, (3) $79,087.25 for fees for printed or electronically recorded transcripts necessarily obtained for use in the case, (4) $36,793.72 for printing fees, (5) $59,967.672 in fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case, (6) $37.50 for docket fees under 28 U.S.C. § 1923, (7) $370.95 in costs shown on the mandate of the Fifth Circuit for *Wiltz, Mitchell,* and *Gross*, and (8) $9,655.46 in travel expenses for witnesses. At the Bill of Costs status conference on September 18, 2014, the Chief Deputy Clerk sought clarification of a

9

number of items, including (1) whether both printed and videotaped depositions were needed

such that the costs were necessarily obtained for use in the case, (2) whether charges for

expedited transcripts were necessarily obtained for use in the case, (3) whether the costs of

Plaintiffs' Liaison Counsel in establishing and maintaining a document depository, real and

virtual, were costs of printing and copying and necessarily obtained for use in the case, (4)

whether the exemplification costs for Venue Docket, LLC, were exemplification fees necessarily

incurred for use in the case, (5) whether the exemplification costs for Visual Sciences, Inc., were

necessarily obtained for use in the case, and (6) whether the actual travel costs incurred by

plaintiffs' expert witnesses to travel to New Orleans to testify at the hearing held on February 19-

20, 2010, are allowable as costs under 28 U.S.C. § 1920.[3]The PSC filed a Supplemental

Memorandum addressing all of these issues.  No opposition or response memoranda was filed by

defendants or any other parties.   Upon review of the entirety of the Bill of Costs and

supplemental documentation and materials relating thereto, the costs sought by plaintiffs to be

taxed are allowable under 28 U.S.C. § 1920 and were necessarily incurred for use in the case.

---

[3]Of particular note is the fact that plaintiffs are only seeking actual travel expenses, and not expert witness fees, for these witnesses.

*Conclusion*

Upon review of the Bill of Costs submitted by plaintiffs (Doc. 17825) and the PSC's supplemental memorandum in support of its Bill of Costs, as well as the record as indicated at the outset, and the taxation of costs being unopposed, for the reasons stated herein, costs in the amount of $409,983.34 shall be taxed in favor of the *Germano* plaintiffs, against the defendant, Taishan Gypsum Co., Ltd., f/k/a Shandon Taihe Dongzin Co. Ltd., and included in the judgment.

March 23, 2015, New Orleans, Louisiana.

Carol L. Michel, Chief Deputy Clerk
for William W. Blevins, Clerk of Court