UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: CHINESE MANUFACTURED | * | MDL No. 2047 |
| DRYWALL PRODUCTS LIABILITY | * | |
| LITIGATION | * | SECTION L |
| | * | |
| | * | JUDGE ELDON E. FALLON |
| | * | |
| | * | MAGISTRATE JUDGE |
| | * | JOSEPH C. WILKINSON, JR. |
| | * | |

* * * * * * * * * * * * * * * * * * * * * * * * * * *

**THIS DOCUMENT RELATES TO: ALL CASES**

**COUNSEL'S REPLY TO OMNIBUS RESPONSE/REPLY OF THE PSC TO MOTION
TO WITHDRAW AS COUNSEL FOR TAISHAN GYPSUM CO. LTD.
AND TAI'AN TAISHAN PLASTERBOARD CO., LTD.**

The undersigned law firms Hogan Lovells US LLP and Stanley, Reuter, Ross, Thornton & Alford, LLC (collectively, "Counsel"), and their respective individual counsel who have represented Defendants Taishan Gypsum Co. Ltd. ("TG") and Tai'an Taishan Plasterboard Co., Ltd. ("TTP")(together, the "Taishan Defendants") in this MDL, submit this reply to the Omnibus Response/Reply of the Plaintiffs' Steering Committee to Motions Regarding Contempt, Enforcement of Contempt Order, Class Damages Hearing, and Motion to Withdraw as Counsel for Taishan Gypsum Co. Ltd. ("TG") and Tai'an Taishan Plasterboard Co., Ltd. (Rec. Doc. No. 18520) ("PSC Response"), submitted on March 13, 2015.[1]

---

[1] While the PSC's Omnibus Reply/Response also concerns the PSC's response to a Motion to Lift Order of Contempt, Motion for a Continuance of Hearing Date on the Motion to Enforce the Court's July 17, 2014 Contempt Order and Injunction, and a challenge to the Findings of Fact and Conclusions of Law in *Germano* and *Amorin*, this Reply is limited to the Motions to Withdraw as Counsel of Record as these other motions are more properly addressed by the

Despite the fact that: (1) Counsel was discharged by the Taishan Defendants last July; (2) Counsel's Motions to Withdraw as Counsel of Record (Rec. Doc. Nos. 17846 & 17858)("Motions to Withdraw") have been pending for over eight months; (3) the PSC has already received from Counsel the discovery to which this Court has determined they are entitled; and (4) the Taishan Defendants have new counsel who are currently before this Court actively representing them, the PSC still contends that withdrawal is not appropriate at this time. Rather, the PSC asserts that this Court should deny the Motions to Withdraw because: (1) "[t]he Court must have the ability to call on [Counsel] from time to time to uncover the relationships between and among the Defendants and counsel's knowledge of Defendants' efforts to evade these proceedings and mock the Court's authority and jurisdiction"; and (2) "retention of new counsel provides little assurance that continued engagement in these proceedings will occur."[2]

The PSC's position: (1) is inconsistent with the law concerning the discharge of counsel, which requires the PSC to establish severe prejudice to challenge withdrawal; (2) ignores this Court's prior decisions finding that Counsel's communications with its clients other than those already produced are privileged; (3) fails to explain why Counsel has to be counsel of record for the PSC to obtain information that they can pursue through discovery; and (4) unconvincingly relies on Counsel's nonexistent ability to influence the Taishan Defendants as a basis to deny the Motions to Withdraw. Despite the PSC's objections, there is no reasonable basis to deny the Motions to Withdraw as whether Counsel remains counsel of record will not impact this litigation or severely prejudice the PSC. Accordingly, the Motions to Withdraw should be

---

counsel who are currently retained by the parties involved in those motions, rather than Counsel, who have no authority to act on behalf of any party to this MDL.

[2] PSC Response, at 44.

granted so that Counsel no longer is required to serve as counsel of record for the Taishan Defendants.

### A. Once an attorney has been discharged by its client, the attorney shall be permitted to withdraw unless a third party establishes that it will suffer severe prejudice by the withdrawal.

The law regarding attorney withdrawal challenged by third parties is based on two determinations: (1) whether there is good cause for the withdrawal and (2) whether the withdrawal will cause any severe prejudice to third parties.[3] Here, as the PSC readily acknowledges, there is good cause for the withdrawal because the Taishan Defendants have discharged Counsel.[4]

Therefore, the only issue is whether the withdrawal will result in severe prejudice to the PSC. The circumstances in which courts have determined that withdrawal will severely prejudice third parties are generally limited to situations where: (1) the case will be delayed because there is no substitute counsel available to move the case forward;[5] or (2) there is a foreign defendant and counsel is the only available means to communicate with that defendant.[6] With the active participation of the Taishan Defendants' new counsel in this MDL, neither

---

[3] *Fidelity Nat'l Title Ins. Co. of New York v. Intercounty Nat. Title Ins. Co.*, 310 F.3d 537, 540-41 (7th Cir. 2002)(stating that "[s]evere prejudice to third parties … is another potential ground for denying a motion to withdraw," even where counsel established good cause for withdrawal under Rule 1.16(b)); *see also Brandon v. Blech*, 560 F.3d 536, 538-39 (6th Cir. 2009)(same).

[4] PSC Response, at 46 (acknowledging that Rule 1.16 mandates withdrawal if counsel has been discharged).

[5] *See, e.g., Beshansky v. First Nat'l Entertainment Corp.*, 140 F.R.D. 272, 274 (S.D. N.Y. 1990)(conditioning withdrawal on finding substitute counsel to ensure case moves forward after discovery delays); *John Hancock Property & Cas. Ins. Co. v. Universale Reinsurance Co.*, 1993 WL 147560, at *2 (S.D. N.Y. 4/30/93)(same); *Rusinow v. Kamara*, 920 F.Supp. 69, 72 (D. N.J. 1996)(denying motion to withdraw in the absence of the availability of substitute counsel because trial was scheduled in less than two weeks).

[6] *See, e.g., Ohntrup v. Firearms Ctr., Inc.*, 802 F.2d 676 (3d Cir. 1986).

3

situation is applicable to our circumstances here.[7] In the absence of such severe prejudice, courts have been clear that withdrawal motions must be granted where there is good cause for the withdrawal.[8]

The PSC has not established that they will suffer severe prejudice if the Court grants the Motions to Withdraw. Instead, the PSC speculates that Counsel may be needed to provide unspecified information in the future and to provide unnamed assistance if the Taishan Defendants decide to remove themselves from the litigation at some later point in time. As discussed below, these rationales are insufficient to establish severe prejudice. Accordingly, Counsel should be permitted to withdraw.

> **B.    Either as counsel of record or otherwise, Counsel cannot disclose privileged information.**

The first problem with the PSC's position is their assumption that if Counsel remains counsel of record, Counsel can just provide information about its clients when asked. This view clearly ignores the application of the attorney-client and work-product privileges attendant to such information. Moreover, it also ignores the fact that Counsel has already responded to the PSC's extensive discovery requests about Counsel's interactions with their former clients. This included submitting Counsel's communications with their client for *in camera* review with this Court.

---

[7] Courts have also conditioned the substitution of counsel on payment of outstanding fees or the posting of a bond in situations where the client has discharged the attorney and the attorney objected. *See Broughton v. Voss*, 634 F.2d 880,882-883 (5th Cir. 1981)(citing cases). But in those situations, the attorney is not a third party. And more importantly, Counsel is not seeking such relief from the Court in this case.

[8] *Brandon,* 560 F.3d at 538-39 (finding the district court abused its discretion in denying motion to withdraw in the absence of severe prejudice to a client or third parties); *Fidelity Nat'l*, 310 F.3d at 541 (same); *Buschmeier v. G&G Investments, Inc*., 222 Fed. Appx. 160, 164-65 (3d Cir. 2007)(unpublished)(same).

4

As the Court well knows, the result of this process was an order by the Court determining which communications were protected by privilege and which were not.[9] Those that the Court determined were not protected by privilege have been provided to the PSC. Therefore, the PSC has already received all of the information to which it is entitled. The remainder is protected by privilege and cannot be disclosed regardless of whether Counsel remains counsel of record or not. Accordingly, unspecified requests for additional information provides no basis to deny the Motions to Withdraw and keep Counsel in this litigation.

### C. Even if Counsel has relevant non-privileged information that has not already been provided, it does not require Counsel to remain as counsel of record.

Further, even if Counsel had relevant non-privileged information besides that already disclosed and the PSC were entitled to such information, Counsel does not need to remain as counsel of record to provide such information. If the PSC believes that Counsel is required to provide additional information about its representation of the Taishan Defendants, the PSC can seek such information through discovery.[10] Whether Counsel remains as counsel of record is irrelevant to providing such information as that position will have no impact as to the scope of information to which the PSC is entitled. In sum, the PSC's link between the Motions to

---

[9] Dec. 12, 2014 Order and Reasons (Rec. Doc. No. 18196), at 6-8 (holding that items 1-141 on Counsel's privilege log are not only irrelevant but "covered by attorney-client and/or work product privilege" and holding that with the exception of certain communications subject to the crime-fraud exception and which have been produced, Counsel were not required to produce items 142-227 because of the attorney-client and work-product privileges); Jan. 13, 2015 Order and Reasons (Rec. Doc. No. 18256), at 5 (approving of redactions to communications that have been produced based on the work-product privilege).

[10] Counsel does not concede that the PSC is entitled to more information from Counsel than already provided regarding the Taishan Defendants. But this position is the same regardless of whether Counsel is still enrolled in this MDL and any disagreement between Counsel and the PSC would need to be resolved by this Court whether or not Counsel can withdraw.

Withdraw and their desire to obtain more information from Counsel is a non-sequitur and does not provide any basis to prevent withdrawal.

### D. Discharged Counsel has no ability to influence the Taishan Defendants' decisions regarding this litigation.

Finally, the PSC seems to imply that keeping discharged Counsel in the MDL will somehow benefit them if the Taishan Defendants decide not to continue participating in the litigation. That is not the case. Since being discharged, Counsel have had no ability to influence the decisions of the Taishan Defendants and have not communicated with them other than to pass along information about the MDL proceedings in their role as officers of the Court. Now, the Taishan Defendants' new counsel has taken over the role of advisor, counsel, and advocate for them in these proceedings. And if for some reason the Taishan Defendants seek to remove themselves from these proceedings at some point in the future, that new counsel can fill the role Counsel have filled since being discharged last July. Thus, this also fails to provide any basis to keep Counsel in this litigation.

### E. Conclusion

In sum, Counsel has been discharged by the Taishan Defendant, which constitutes good cause for withdrawal. In addition, neither the PSC nor this MDL will be impacted, let alone severely prejudiced, if the Motions to Withdraw are granted, particularly as new counsel is representing the Taishan Defendants and this case is proceeding forward without Counsel's active involvement. Accordingly, the Court should grant the Motions to Withdraw so that Counsel are terminated as counsel of record for the Taishan Defendants in this MDL.

Respectfully submitted,

*/s/ Thomas P. Owen Jr.*
Joe Cyr
Frank T. Spano
Courtney L. Colligan
HOGAN LOVELLS US LLP
875 Third Avenue
New York, New York 10022
Telephone: 212-918-3000
Facsimile: 212-918-3100
Joe.cyr@hoganlovells.com
Frank.spano@hoganlovells.com
Courtney.colligan@hoganlovells.com

-and-

Richard C. Stanley (La. Bar No. 8487)
Thomas P. Owen, Jr. (La. Bar No. 28181)
STANLEY, REUTER, ROSS, THORNTON & ALFORD, LLC
909 Poydras Street, Suite 2500
New Orleans, Louisiana 70112
Telephone: 504-523-1580
Facsimile: 504-524-0069
rcs@stanleyreuter.com
tpo@stanleyreuter.com

**Counsel of Record for Taishan Gypsum Co. Ltd. and Tai'an Taishan Plasterboard Co.**

**CERTIFICATE OF SERVICE**

I hereby certify that the above and foregoing Counsel's Reply to Omnibus Response/Reply Of The PSC to Motion to Withdraw as Counsel for Taishan Gypsum Co. Ltd. and Tai'an Taishan Plasterboard Co., Ltd. has been served on Plaintiffs' Liaison Counsel, Russ Herman, and Defendants' Liaison Counsel, Kerry Miller, by U.S. Mail and e-mail and upon all parties by electronically uploading the same to Lexis Nexis File & Serve in accordance with the Pretrial Order No. 6, and that the foregoing was electronically filed with the Clerk of the Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2047, on this 23rd day of March, 2015.

*/s/ Thomas P. Owen, Jr.*