UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: CHINESE-MANUFACTURED DRYWALL PRODUCTS LIABILITY LITIGATION | ) ) ) ) ) ) ) ) | CASE NO. 2:09-MD-02047 SECTION L JUDGE FALLON |
| (Relates to *Amato v. Liberty Mutual Ins.*, No. 2:10-cv-00932) | | MAG. JUDGE WILKINSON |

**WESTCHESTER FIRE INSURANCE COMPANY'S SUR-REPLY TO AMERICAN HOME ASSURANCE COMPANY'S REPLY IN SUPPORT OF PLAINTIFFS' MOTION TO AMEND COMPLAINT BY INTERLINEATION**

American Home Assurance Company ("American Home") admits in its reply (Rec. Doc. 18488) that "futility" – that is, the inability of a claim to withstand a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6)[1] – is a proper ground for denial of a motion to amend.[2] Westchester Fire Insurance Company ("Westchester") established futility in its Supplemental Memorandum (Rec. Doc. 18487) when it showed, among other things, that a direct action is not available to plaintiff Damien Querol, who is the only plaintiff referenced in Plaintiffs' motion and American Home's joinder.[3]

Indeed, two of the Florida Chinese-drywall cases that Westchester cited in its Supplemental Memorandum were federal court dismissals of purported direct actions against insurers,[4] and there is a third case like them that Westchester now cites for good measure.[5] One of the California cases

---

[1]     Rec. Doc. 18488 at 6-7 and n.18 (citing *Marucci Sports, LLC v. NCAA*, 751 F.3d 368, 378 (5th Cir. 2014) and *Stripling v. Jordon Prod. Co.*, 234 F.3d 863, 873 (5th Cir. 2000)).

[2]     Rec. Doc. 18488 at 6 and n.17 (citing *Wimm v. Jack Eckerd Corp.*, 3 F.3d 137, 139 (5th Cir. 1993) and *Dussouy v. Gulf Coast Inv. Corp.*, 660 F.2d 594, 598 (5th Cir. 1981)).

[3]     Rec Doc. 18487 at 3-7.

[4]     *See* Rec. Doc. 18487 at 5-6 and n.16 (citing Order Granting Motion to Dismiss Counterclaims, Dkt. No. 40, *Colony Ins. Co. v. Total Contracting & Roofing, Inc., et al.*, No. Civ. A. 10-23091 (S.D. Fla. Dec. 8, 2010), a copy of which was attached to the Supplemental Memorandum as Exhibit B, and Order, Dkt. No. 50, *Mid-Continent Cas. Co. v. Eastern Constr. Group, Inc., et al.*, No. Civ. A. 10-21041 (S.D. Fla. Oct. 13, 2010), a copy of which was attached to the Supplemental Memorandum as Exhibit C).

[5]     *See American Home Assur. Co. v. Arrow Terminals, Inc.*, No. 8:11-CV-1278-T-33AEP, 2011 WL 6098011 (M.D. Fla., Dec. 7, 2011).

Westchester cited was a federal court's *sua sponte* dismissal of a purported direct action.[6] To that, Westchester now adds an additional California federal court dismissal of a purported direct action.[7]

While these cases did not directly involve the question of futility relative to a motion to amend, they plainly did involve futility as a factual matter, because, as stated, futility is the inability of a claim to withstand a motion to dismiss. Thus, the cases support the proposition that the amended complaint proposed by the plaintiffs is futile. Moreover, in an analogous situation, a court denied leave to amend to some mutual fund shareholders who impermissibly asserted direct claims instead of derivative claims under the Investment Company Act.[8]

Finally, American Home and Plaintiffs argue that Plaintiffs properly notified Westchester of Plaintiffs' motion to amend, and in support, rely on a letter from Mr. Leonard A. Davis, counsel for Plaintiffs in this matter, to Ms. Anaysa Gallardo Stutzman, an attorney with Cozen O'Connor who represents Westchester in the *Pen II* action.[9] As discussed in greater detail in the Affidavit attached hereto, Ms. Stutzman did not receive this letter.[10] Furthermore, as American Home itself acknowledges, four Cozen O'Connor attorneys represent Westchester in the *Pen II* action: (1) Anaysa Gallardo Stutzman; (2) Joseph A. Ziemianski; (3) Bryan P. Vezey; and (4) Peter B. Magnuson.[11] As American Home also acknowledges, all four of these attorneys are identified on the PACER docket for the *Pen II* action as "attorney to be noticed" for Westchester.[12]

---

[6] *See* Rec. Doc. 18487 at 6 (citing *Laguna Publishing Co. v. Employers Reinsurance Corp.*, 617 F. Supp. 271, 272 (C.D. Cal. 1985)).

[7] *See Brosnan v. Avildsen*, No. C-07-06438-EDL, 2008 WL 2357248, at *4 (N.D. Cal., Jun. 6, 2008) ("Under California law, a plaintiff may not bring a direct action against an insurer under an insurance policy until the plaintiff has a final judgment against the insured.").

[8] *See In re Eaton Vance Mutual Funds Fee Litigation*, 403 F. Supp. 2d 310, 318-20 (S.D.N.Y. 2005).

[9] *See* Dkt. No. 18488-1 (Exhibit 1 to American Home's reply); Dkt. No. 18489-1 (Exhibit 1 to Plaintiffs' joinder in American Home's reply).

[10] An Affidavit of Anaysa Gallardo Stutzman, Esq. is attached hereto as Exhibit A.

[11] *See* Dkt. No. 18488-2 (Exhibit 2 to American Home's reply).

[12] *See id.*

Plaintiffs state that they "used the information provided by PACER to determine that Cozen O'Connor represents Westchester" and further that "Anaysa Gallardo Stutzman in Cozen O'Connor's Miami office is identified as counsel of record for Westchester" in the *Pen II* action.[13] Nonetheless, Mr. Davis addressed his letter solely to Ms. Stutzman, sent it solely by email, and did so almost a week after this Honorable Court ordered Plaintiffs to notify counsel for all parties regarding Plaintiffs' motion to amend and the related briefing deadline and hearing.[14] Finally, an attorney with Cozen O'Connor emailed Mr. Russ Herman – an attorney at Mr. Davis' firm – on February 5, 2015 to inquire whether Plaintiffs had notified Westchester as ordered by this Honorable Court, and Mr. Herman chose not to respond to this inquiry.[15] Plaintiffs and American Home should not now be heard to argue that Plaintiffs properly notified Westchester.

For these reasons, Westchester respectfully reiterates its request that this Honorable Court deny Plaintiffs' motion, and refuse to allow Plaintiffs to substitute Westchester in place of American Home as a defendant in the *Amato* action.

---

[13]     *See* Dkt. No. 18489 (Plaintiffs' joinder in American Home's reply).

[14]     *See* Dkt. No. 18488-1 (Exhibit 1 to American Home's reply); Dkt. No. 18489-1 (Exhibit 1 to Plaintiffs' joinder in American Home's reply).

[15]     *See* Dkt. No. 18301-3 (Exhibit B to Westchester's ex parte motion for leave to file its Opposition to Plaintiffs' motion).

Dated: March 24, 2015        Respectfully Submitted,

BY:     */s/ John W. Hite*

John W. Hite (T.A. 17611)
Salley, Hite, Mercer & Resor LLC
365 Canal Street
One Canal Place, Suite 1710
New Orleans, LA 70130
Phone: (504) 566-8802
Fax: (504) 566-8828
jhite@shmnola.com

Joseph A. Ziemianski
Cozen O'Connor
1221 McKinney Street, Suite 2900
Houston, Texas 77010
Telephone: (832) 214-3900
Telecopier: (832) 214-3905
jziemianski@cozen.com

*Counsel for Westchester Fire Insurance Company*

**CERTIFICATE OF SERVICE**

      I hereby certify that the above and foregoing Sur-Reply has been served on Plaintiffs' Liaison Counsel, Russ Herman, and Defendants' Liaison Counsel, Kerry Miller, by U.S. Mail and e-mail or by hand delivery and e-mail and upon all parties by electronically uploading the same to Lexis Nexis File & Serve in accordance with Pretrial Order No. 6, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2047, on this 24th day of March 2015.

                                                                      */s/ John W. Hite*
                                                         John W. Hite (T.A. 17611)
                                                         Salley, Hite, Mercer & Resor LLC
                                                         365 Canal Street
                                                         One Canal Place, Suite 1710
                                                         New Orleans, LA 70130
                                                         Phone: (504) 566-8802
                                                         Fax: (504) 566-8828
                                                         jhite@shmnola.com