# EXHIBIT A



**STOEL RIVES LLP**
ATTORNEYS AT LAW

600 University Street, Suite 3600
Seattle, Washington 98101
main 206.624.0900
fax 206.386.7500
www.stoel.com

March 10, 2015

VANESSA SORIANO POWER
*Direct (206) 386-7553*
vanessa.power@stoel.com

**VIA E-MAIL LDAVIS@HHKLAWFIRM.COM**
**VIA OVERNIGHT COURIER**

Leonard A. Davis
Russ M. Herman
Herman, Herman & Katz, LLC
820 O'Keefe Avenue
New Orleans, LA 70113

Re:  *In re Chinese-Manufactured Drywall Products Liability Litigation*
E.D.La. MDL Case No. 09-2047
Subpoena to Amazon.com, Inc.

Dear Mr. Davis and Mr. Herman:

I am counsel for Amazon.com, Inc. ("Amazon") in responding to the subpoena ("Subpoena") served by Plaintiffs in this case. Please direct future correspondence, except original process, to my attention.

Enclosed please find Amazon's objections to the Subpoena. Given the breadth and scope of the requests, as well as what I understand about the procedural status of the case, it would be helpful to schedule a call to discuss at your convenience. Please let me know your availability.

In the meantime, please let me know if you will agree to stay the note date on the deposition pending further discussions, as it is unclear whether any deposition may be needed in this case.

I look forward to speaking with you.

Very truly yours,

*/s/ Vanessa Soriano Power*

Vanessa Soriano Power

Enclosure

cc:   Amazon.com, Inc.

78441156.1 0053837-00609

Alaska   California   Idaho
Minnesota   Oregon   Utah   Washington
and  Washington, D.C.

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| In Re: Chinese-Manufactured Drywall Products Liability Litigation, | No. MDL 09-2047<br><br>Pending in Eastern District of Louisiana<br><br>AMAZON.COM, INC.'S OBJECTIONS TO SUBPOENA |

Non-party Amazon.com, Inc. ("Amazon") objects and responds to the subpoena ("Subpoena") issued by Plaintiffs as follows:

**GENERAL OBJECTIONS**

1. Amazon objects to the Subpoena on the grounds that the requests are overly broad and unduly burdensome, particularly in light of Amazon's status as a non-party to the above-captioned matter. Plaintiffs did not take reasonable steps to avoid imposing undue burden or expense on Amazon, and thus failed to comply with the requirements of Fed. R. Civ. P. 45(c).

2. To the extent that Plaintiffs seek documents that are not within Amazon's possession, custody, or control, Amazon objects to the Subpoena.

3. Amazon objects to the Subpoena on the ground and to the extent that Plaintiffs seek documents that are obtainable from other sources that are more convenient, less burdensome, or less expensive, including, without limitation, documents that are available via party discovery.

4. Amazon objects to the definition of "Entities related to Taishan" as overbroad and

AMAZON.COM, INC.'S OBJECTIONS TO
PLAINTIFFS' SUBPOENA (EDLA MDL No. 09-2047) - 1

78416852.1 0053837-00003

STOEL RIVES LLP
ATTORNEYS
600 University Street, Suite 3600, Seattle, WA 98101
Telephone (206) 624-0900

unduly burdensome. The definition includes a list of 45 different entities as well as "any of their parents, related entities, subsidiaries, agents and assigns." It is unduly burdensome to expect Amazon, a non-party, to search for and determine whether responsive information exists for 45 different entities, let alone to expect Amazon to have knowledge of or to search for and determine whether responsive information exists for any of the parents, related entities, subsidiaries, agents or assigns of each of the 45 entities.

5. Amazon objects to the definition of "SOEs" as overbroad and unduly burdensome. The definition includes a list of 185 Chinese state-owned entities, as well as "any of their parents, related entities, subsidiaries, agents and assigns." It is unduly burdensome to expect Amazon, a non-party, to search for and determine whether responsive information exists for 1855 different entities, let alone to expect Amazon to have knowledge of or to search for and determine whether responsive information exists for any of the parents, related entities, subsidiaries, agents or assigns of each of the 185 entities.

6. Amazon objects to the "Relevant Time Period" as overbroad and unduly burdensome in that it runs from January 1, 2001, to the present, a period of over 14 years.

7. Amazon objects to the definition of "Chinese drywall" as overbroad and unduly burdensome. It is unduly burdensome to expect Amazon, a non-party, to identify the products allegedly at issue for Plaintiffs. To the extent that Plaintiffs allege that "Chinese drywall" was offered for sale via amazon.com, Plaintiffs should help reduce the burden on Amazon by identifying the "Chinese drywall" products at issue by Amazon Standard Identification Number ("ASIN"), to assist Amazon in determining whether responsive information exists.

8. In light of the status of Plaintiffs' claims against Taishan and the Entities Related to Taishan (default judgment and class certification have been granted), Amazon objects to the Subpoena as overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence to the extent that it seeks information that is irrelevant at this stage of the case.

AMAZON.COM, INC.'S OBJECTIONS TO
PLAINTIFFS' SUBPOENA (EDLA MDL No. 09-2047) - 2

78416852.1 0053837-00003

STOEL RIVES LLP
ATTORNEYS
600 University Street, Suite 3600, Seattle, WA 98101
Telephone (206) 624-0900

9. Amazon objects to the Subpoena on the ground and to the extent that Plaintiffs seek trade secret or other confidential research, development, or commercial information. Plaintiffs have not shown any need to obtain Amazon's trade secrets or proprietary information. Amazon's status as a non-party weighs heavily against requiring any disclosure of trade secrets or proprietary information by Amazon.

10. Amazon objects to the Subpoena to the extent that Plaintiffs seek information or documents covered by the attorney client privilege and/or exempt from production under the work product doctrine.

11. Amazon objects to the extent Plaintiffs seek to impose on Amazon any obligations in addition to or different from those required by the Federal Rules of Civil Procedure and/or the Local Rules for the Western District of Washington.

12. Amazon objects to the Subpoena to the extent that Plaintiffs seek private and highly sensitive customer information.

13. Amazon expressly reserves, and this response to the Subpoena shall not constitute a waiver of, Amazon's right (a) to object on any ground to the Subpoena or any other discovery requests that involve or relate to the subject matter of this Subpoena; or (b) to revise, correct, supplement or clarify any of the responses set forth herein at any later date. Amazon does not admit, adopt or acquiesce in any factual or legal contention, assertion or characterization that is contained in the Subpoena (or any particular request therein).

## SPECIFIC OBJECTIONS

**REQUEST NO. 1.** All documents and communications between or among you and Taishan, any Entities related to Taishan, and/or SOEs (as set forth in the definitions and instructions section of Schedule A) during the Relevant Time Period.

**RESPONSE:** In addition to its General Objections, Amazon objects to this Request as overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. The Request seeks all documents and communications over a 14-year

AMAZON.COM, INC.'S OBJECTIONS TO
PLAINTIFFS' SUBPOENA (EDLA MDL No. 09-2047) - 3

STOEL RIVES LLP
ATTORNEYS
600 University Street, Suite 3600, Seattle, WA 98101
Telephone (206) 624-0900

78416852.1 0053837-00003

period with over 226 entities and their parents, related entities, subsidiaries, agents and assigns. Further the Request has no relevancy parameters, and appears to seek all documents and communications with no bearing on whether such documents or communications are relevant to the asserted claims in any way. This Request is unreasonable on its face.

Subject to and without waiving its objections, Amazon states that on information and belief, it has not offered Chinese-manufactured drywall for sale on amazon.com, directly or indirectly, and as a result has no responsive information or documents related to the offering or sale of Chinese-manufactured drywall.

**REQUEST NO. 2.** All documents of title or bills of lading related to shipments of goods/commodities/merchandise that involve you and Taishan, any Entities related to Taishan, and/or SEOs (as set forth in the definitions and instructions section of Schedule A) during the Relevant Time Period regardless of which party is listed as the purchaser, seller, shipper, consignee, and/or notify party and regardless of whether such documents are negotiable or nonnegotiable and/or whether the risk of loss has shifted (i.e., regardless of whether the documents evidence a transaction that is or was F.O.B., F.A.S., C.I.F., or C. & F. and regardless of the status of delivery and payment for such goods/commodities/merchandise).

**RESPONSE:** In addition to its General Objections, Amazon objects to this Request as overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. The Request seeks all documents and related to any shipments over a 14-year period with over 226 entities and their parents, related entities, subsidiaries, agents and assigns. As a threshold matter, this Request presumes, without apparent basis, that such shipments occurred. Further, this Request has no relevancy parameters, and appears to seek all documents related to shipments, regardless of such shipments were shipments of drywall manufactured in China or not.

Subject to and without waiving its objections, Amazon states that on information and belief, it has not offered Chinese-manufactured drywall for sale on amazon.com, directly or indirectly, and as a result has no responsive information or documents related to the offering or sale of

AMAZON.COM, INC.'S OBJECTIONS TO
PLAINTIFFS' SUBPOENA (EDLA MDL No. 09-2047) - 4

STOEL RIVES LLP
ATTORNEYS
600 University Street, Suite 3600, Seattle, WA 98101
Telephone (206) 624-0900

78416852.1 0053837-00003

Chinese-manufactured drywall.

**REQUEST NO. 3.** All documents sufficient to identify the status of any shipments of goods/commodities/merchandise involving you and Taishan, any Entities related to Taishan, and/or SEOs (as set forth in the definitions and instructions section of Schedule A) during the Relevant Time Period including but not limited to the nature of the goods/commodities/merchandise, the commercial terms of such shipments, the port of shipment, the port of arrival, the carrier, the vessel, any parties providing a letter of credit, the current status of such shipments including the current location of the goods/commodities/merchandise and the status of payment for the goods/commodities/merchandise.

**RESPONSE:** In addition to its General Objections, Amazon objects to this Request as overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. The Request seeks all documents and related to any shipments with over 226 entities and their parents, related entities, subsidiaries, agents and assigns. As a threshold matter, this Request presumes, without apparent basis, that such shipments occurred or are occurring. Further, this Request has no relevancy parameters, and appears to seek all documents related to shipments, regardless of such shipments are or were shipments of drywall manufactured in China or not.

Subject to and without waiving its objections, Amazon states that on information and belief, it has not offered Chinese-manufactured drywall for sale on amazon.com, directly or indirectly, and as a result has no responsive information or documents related to the offering or sale of Chinese-manufactured drywall.

**REQUEST NO. 4.** All documents related to any assets in the United State of any kind whatsoever which Taishan, any Entities related to Taishan, and/or SEOs (as set forth in the definitions and instructions section of Schedule A) own or owned directly or indirectly, in whole or in part, as sole owner or jointly with others, either of record or beneficially, including without limitation as a partner, general or limited, limited liability member, fiduciary, and as equity or debt holder, or demand deposit holder.

**RESPONSE:** In addition to its General Objections, Amazon objects to this Request as

AMAZON.COM, INC.'S OBJECTIONS TO
PLAINTIFFS' SUBPOENA (EDLA MDL No. 09-2047) - 5

78416852.1 0053837-00003

STOEL RIVES LLP
ATTORNEYS
600 University Street, Suite 3600, Seattle, WA 98101
Telephone (206) 624-0900

overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. As written, the Request seeks documents related to any assets in the United States of over 226 entities and any of their parents, related entities, subsidiaries, agents and assigns, without any reasonable basis for expecting that Amazon would have such knowledge.

Subject to and without waiving its objections, Amazon has no knowledge of any assets in the United States owned, directly or indirectly, by Taishan, any Entities related to Taishan, or SEOs.

**REQUEST NO. 5.** All documents or communications regarding whether any Taishan, any Entities related to Taishan, and/or SEOs (as set forth in the definitions and instructions section of Schedule A) have conducted any commercial business or judicial business (litigation, mediation, arbitration, settlement) in the United States, and the profits earned by such entities during the Relevant Time Period.

**RESPONSE:** In addition to its General Objections, Amazon objects to this Request as overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. As written, the Request seeks documents or communications related to any assets in the United States of over 226 entities and any of their parents, related entities, subsidiaries, agents and assigns, without any reasonable basis for expecting that Amazon would have such knowledge.

Subject to and without waiving its objections, Amazon has no knowledge of any assets in the United States owned, directly or indirectly, by Taishan, any Entities related to Taishan, and/or SEOs.

**REQUEST NO. 6.** All documents sufficient to identify the deposition topics listed below.

**RESPONSE:** In addition to its General Objections, Amazon objects to this Request by incorporating its responses to Request Nos. 1-5, above.

AMAZON.COM, INC.'S OBJECTIONS TO
PLAINTIFFS' SUBPOENA (EDLA MDL No. 09-2047) - 6

STOEL RIVES LLP
ATTORNEYS
600 University Street, Suite 3600, Seattle, WA 98101
Telephone (206) 624-0900

78416852.1 0053837-00003

1.     1.     The Order entered by the Court on July 17, 2014 [Rec. Doc. 17869](attached hereto as Exhibit "B"), including your awareness, understanding, and/or implementation of the provision enjoining Taishan and "any of its affiliates or subsidiaries" from conducting business in the United States.

2.     2.     Your knowledge regarding whether Taishan, any Entities related to Taishan, and/or SEOs (as set forth in the definitions and instructions section of Schedule A) have conducted any business in the United States and the profits earned by such entities during the Relevant Time Period.

DATED: March 10, 2015.

STOEL RIVES LLP

*/s/ Vanessa Soriano Power*

Vanessa Soriano Power, WSBA No. 030777
vspower@stoel.com

STOEL RIVES LLP
600 University Street, Suite 3600
Seattle, WA 98101
Telephone: (206) 624-0900
Facsimile: (206) 386-7500

Attorneys for Amazon.com, Inc.

AMAZON.COM, INC.'S OBJECTIONS TO
PLAINTIFFS' SUBPOENA (EDLA MDL No. 09-2047) - 7

STOEL RIVES LLP
ATTORNEYS
600 University Street, Suite 3600, Seattle, WA 98101
Telephone (206) 624-0900

78416852.1 0053837-00003

# CERTIFICATE OF SERVICE

I, Leslie Lomax, certify that at all times mentioned herein I was and now am a citizen of the United States of America and a resident of the State of Washington, over the age of eighteen years, not a party to the proceeding or interested therein, and competent to be a witness therein. My business address is: Stoel Rives LLP, 600 University Street, Suite 3600, Seattle, Washington 98101-3197.

On March 10, 2015, I caused a true and correct copy of the *Objections to Subpoena* to be served by Email and overnight delivery on Russ M. Herman/Leonard A. Davis, Herman, Herman & Katz, LLC, 820 O'Keefe Avenue, New Orleans, LA 70113; ldavis@hhklawfirm.com.

*[signature]*
Leslie Lomax, Legal Secretary

CERTIFICATE OF SERVICE
(EDLA MDL No. 09-2047) - 1

STOEL RIVES LLP
ATTORNEYS
600 University Street, Suite 3600, Seattle, WA 98101
Telephone (206) 624-0900

78416852.1 0053837-00003



600 University Street, Suite 3600
Seattle, Washington 98101
main 206.624.0900
fax 206.386.7500
www.stoel.com

VANESSA SORIANO POWER
*Direct (206) 386-7553*
vanessa.power@stoel.com

March 25, 2015

**VIA E-MAIL LDAVIS@HHKLAWFIRM.COM**
**VIA OVERNIGHT COURIER**

Leonard A. Davis
Russ M. Herman
Herman, Herman & Katz, LLC
820 O'Keefe Avenue
New Orleans, LA 70113

      Re:   *In re Chinese-Manufactured Drywall Products Liability Litigation*
            E.D.La. MDL Case No. 09-2047
            Subpoena to Amazon.com, Inc.

Dear Mr. Davis and Mr. Herman:

I am writing regarding Plaintiffs' blatant disregard for the Federal Rules of Civil Procedure and the Local Rules for the Western District of Washington.

As you know, I am counsel for Amazon.com, Inc. ("Amazon") in responding to the subpoena ("Subpoena") served by Plaintiffs in this case. On March 10, 2015, I sent you a letter with a copy of Amazon's objections to the Subpoena. I inquired whether you would agree to stay the note date on the deposition, and invited you to call me so that we could discuss the scope of the requests. The purpose of my letter was to encourage dialogue about the Subpoena so that Amazon could better understand the basis for the requests. You did not respond.

In the meantime, I recently became aware that just three days after Amazon served its objections, on March 13, 2015, Plaintiffs moved to compel discovery of third-party subpoenaed witnesses, including Amazon, in this case. Plaintiffs' motion to compel against Amazon is highly improper for at least the following reasons:

1. **No Notice.** Plaintiffs defied the Federal Rules of Civil Procedure by moving to compel against Amazon without serving a copy of the motion on Amazon. *See* Fed. R. Civ. P. 37(a)(1) ("On notice to other parties and all affected persons, a party may move for an order compelling disclosure or discovery."). Indeed, almost two weeks after filing, Plaintiffs still haven't served Amazon. It was only fortuitous that Amazon became aware that the motion was pending. Amazon is a non-party and, as such, does not receive

78554471.1 0053837-00609

Alaska   California   Idaho
Minnesota   Oregon   Utah   Washington
and Washington, D.C.



Leonard A. Davis
Russ M. Herman
March 25, 2015
Page 2

notice of filings in the underlying case. There is no basis for Plaintiffs' failure to provide notice to Amazon of the motion to compel.

2. **No Meet and Confer**. In further defiance of the Rules, Plaintiffs did not meet and confer with Amazon before filing the motion. *See* Fed. R. Civ. P. 37(a)(1) ("the motion must include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action."). Not surprisingly, no such certification of a conference, or attempt to confer, with Amazon is contained in the motion because Plaintiffs did not respond to Amazon's invitation to confer. Plaintiffs are obviously well aware of their obligation to meet and confer, as they state at p. 22 of their motion that "[t]o the extent any third party fails to comprehend the nature of the information sought, they have an obligation to meet and confer so as to avoid unnecessary motion practice regarding matters that may be able to be accommodated by reasonable counsel." But Amazon, in good faith, attempted to do so; it is Plaintiffs who have utterly failed to comply with their acknowledged obligations under Rule 37.

3. **No Attempt to Avoid Undue Burden.** Without any specific understanding of Amazon's objections to the Subpoena, Plaintiffs represent that they "recognize their obligation to avoid undue burden on the third parties, Fed.R.Civ.P. 45(d), which obligation the PSC takes seriously and has made every effort to conform to the Rule's requirement." (Emphasis added) That is not the case. In fact, Plaintiffs have not engaged in any discussion with Amazon about the nature and scope of the Subpoena, the undue burden it places on Amazon, and how the Subpoena requests could be amended to reduce that burden. Amazon invited Plaintiffs to engage in such a discussion. Plaintiffs' representation to the Court that it has "made every effort" to avoid undue burden on Amazon is thus disingenuous, at the very most.

4. **Incorrect Court**. Under Fed. R. Civ. P. 45(d)(2)(B)(i), "on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection." Further, under Fed. R. Civ. P. 37(a)(2), a "motion for an order to a nonparty must be made in the court where the discovery is or will be taken." Should Plaintiffs seek an order compelling discovery from Amazon, they need to file it in the Western District of Washington. As noted above, no notice of the motion to compel has been provided by Plaintiffs. Further, the motion was filed in the Eastern District of Louisiana. The proper place for filing a motion to compel against Amazon is the Western District of Washington. Plaintiffs cannot deny this, as



they issued the Subpoena to Amazon from the Western District of Washington. As such, enforcement of the Subpoena in the Eastern District of Louisiana, absent transfer by the Western District of Washington, is improper.

<u>Amazon demands that Plaintiffs immediately withdraw the motion to compel</u> with respect to Amazon for obvious failures under the Federal Rules of Civil Procedure and the Local Rules for the Western District of Washington. Should you refuse to withdraw the motion, Amazon reserves all rights, including the right to seek sanctions for Plaintiffs' blatant disregard of the rules.

I look forward to hearing from you.

Very truly yours,

*Vanessa Soriano Power* (signature)

Vanessa Soriano Power

cc:     Amazon.com, Inc.