# EXHIBIT "C"

**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF VIRGINIA**

**CIVIL ACTION NO. MDL 2047 (E.D. LA.)**

IN RE: CHINESE-MANUFACTURED
DRYWALL PRODUCTS LIABILITY
LITIGATION
_____/

**OBJECTIONS OF NON-PARTY AES CORPORATION TO NOTICE OF ORAL AND
VIDEOTAPED DEPOSITION PURSUANT TO FED. R. CIV. P. 30(B)(6) AND
ACCOMPANYING SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR
TANGIBLE THINGS SERVED BY PLAINTIFFS' LIAISON COUNSEL FOR IN RE:
CHINESE MANUFACTURED DRYWALL PRODUCTS LIABILITY LITIGATION.**

Pursuant to Federal Rule of Civil Procedure 45, non-party The AES Corporation ("AES")

hereby serves the following objections to the Notice of Oral and Videotaped Deposition Pursuant

to Fed. R. Civ. P. 30(b)(6) and accompanying Subpoena To Produce Documents, Information, or

Tangible Things ("Subpoena") served by Plaintiffs' Liaison Counsel for *In Re: Chinese*

*Manufactured Drywall Products Liability Litigation* ("Plaintiffs") in the above-styled litigation.

AES makes these objections subject to the Reservation of Rights and General Objections below.

**RESERVATION OF RIGHTS**

1.      As to all matters referred to in these objections to the Subpoena, AES's

investigation is ongoing.  The specific objections set forth below are based upon, and necessarily

limited by, information now available to AES, after a reasonable inquiry.  AES reserves the right

to modify and supplement its objections.

2.      No statement made in connection with the Subpoena is intended to mean that any

such information or documents responsive to a given request actually exists or can be obtained

without undue burden.

3.      These objections are made without in any way waiving or intending to waive any objections as to the competency, relevancy, materiality, privilege, or admissibility as evidence of documents or information sought by the Subpoena.

## GENERAL OBJECTIONS

1.      AES objects to the Subpoena, including the Instructions and Requests therein, generally as purporting to impose obligations or responsibilities different from or in excess of those imposed by the Federal Rules of Civil Procedure and the applicable local rules (collectively, "Rules").  Subject to this objection, AES will interpret and respond to the Subpoena in good faith in accordance with the Rules.

2.      AES objects because the Subpoena is invalid.  Rule 45(a)(2) of the Federal Rules of Civil Procedure requires that a non-party subpoena be issued under the caption of the court where the action is pending, not the court where compliance is sought.

3.      AES objects to the Subpoena to the extent it calls for the production of information or documents that are privileged or otherwise protected from discovery pursuant to the attorney-client privilege, the accountant-client privilege, the work product doctrine, the consulting expert rule, the common interest doctrine, and any other applicable privilege, protection, or immunity.  AES does not agree to produce such information or documents protected from discovery.  Where a Request asks for "non-privileged documents," AES interprets that request to exclude all documents covered by any of the foregoing protections, and objects to any broader reading of the request.

4.      AES objects to the Subpoena to the extent it calls for the production of trade secret, proprietary, personal, commercially sensitive, or other confidential information. AES

objects to the Subpoena to the extent it seeks the production or disclosure of documents that may violate a legal or contractual obligation of non-disclosure to a third party.

5.      AES objects to the Subpoena on the ground that it seeks the production of information or documents without advancing or reimbursing AES, a non-party, the reasonable costs of producing the information and documents sought.

6.      AES objects to the Subpoena on the ground that it requires an unreasonably short compliance period.

7.      AES objects to the use of the term "all" in the Requests. AES objects to each Request that assumes or appears to assume that any fact, event, or legal conclusion is true or that any characterization is accurate.  No Response is an admission of any factual characterization or legal contention contained in any individual Request.

8.      The foregoing General Objections and the Objections to the Definitions and Instructions are incorporated into each of the following specific responses.  Any specific objections are in addition to these General Objections and failure to reiterate a General Objection does not constitute a waiver of that or any other objection.

## OBJECTIONS TO DEFINITIONS AND INSTRUCTIONS

1.      AES objects to the definition of "You" and "Your" on the grounds that it purports to impose obligations or responsibilities different from or in excess of those imposed by the Rules, namely the obligation to produce documents outside of AES's possession, custody, or control.  AES objects to searching for or producing documents in the possession of any predecessors in interest, successors in interest, subsidiaries, divisions, subdivisions, affiliates, officers, directors, employees, representatives, independent contractors, consultants, agents, or

any associated entity or such entity's directors, officers, agents, servants, employees, consultants, or professionals.

   2.  AES objects to the definition of "Electronically Stored Information" and "Electronic Media" to the extent that it includes documents or information that is not reasonably accessible and thus collecting and searching that information would be unduly burdensome. Specifically, AES objects to this definition to the extent it seeks information or data that resides on back-up media, storage media from legacy systems, audio recordings, and phone records, or to the extent it calls for AES to produce documents in native format, or any other particular format.  AES further objects to the Subpoena to the extent that it calls for AES to produce any proprietary software, data, programs, or databases in violation of any licensing agreement or copyright.

   3.  AES objects to the definition of "Relevant Time Period" on the grounds that it is over broad.

   4.  AES objects to the definitions of "Entities related to Taishan" and "SOEs" on the grounds that these definitions unduly expand the scope of the Subpoena to seek financial and other information about dozens of Chinese entities whose only ostensible connection to Taishan or to the underlying litigation is that they are incorporated in China or are owned, at least in part, by the Chinese government.

   5.  AES objects to Instructions 4, 5, and 8 as imposing undue burden or expense, as being not reasonably calculated to lead to the discovery of admissible evidence, and to the extent that they purport to impose obligations or responsibilities different from or in excess of those imposed by the Rules.  Specifically, AES objects to the production of a privilege log at this time, because, to the extent responsive non-privileged documents exist, each request is objectionable

on numerous other grounds, chiefly upon the ground that AES is a non-party that, based on a

reasonable inquiry, has no reason to believe it has had any prior involvement with Taishan or

Chinese-manufactured drywall products.  Accordingly, requiring AES to produce a privilege log

at this point would be unduly burdensome.

## OBJECTIONS TO SPECIFIC REQUESTS

**Request No. 1**:  **All documents and communications between or among The AES
Corporation and Taishan, any Entities related to Taishan, and/or SOEs during the
Relevant Time Period.**

**Objections to Request No. 1**:  In addition to its General Objections, AES objects to this Request

on the grounds that it is overly broad (as to subject-matter and time), unduly burdensome, and

not reasonably calculated to lead to the discovery of admissible evidence.  AES is a non-party,

and, based on a reasonable inquiry, it has no reason to believe it has had any prior involvement

with Taishan or Chinese-manufactured drywall products.  Specifically, based on a reasonable

inquiry, AES believes that it has had no communications during the Relevant Time Period with

Taishan, and requiring AES to identify every document and communication relating to any

Chinese entity with which it has dealt during the Relevant Time Period, if there were any, to

determine whether such entities meet the subpoena's exceedingly broad definitions, including,

but not limited to, "SOEs," would be unduly burdensome and not reasonably calculated to lead

to admissible evidence.  AES further objects to this Request to the extent that it calls for the

production of information or documents that are immune from discovery under the attorney-

client privilege, the work product doctrine, and other applicable privileges, immunities, or laws

that limit discovery and the production of trade secret, proprietary, commercially sensitive, or

other confidential information.

**Request No. 2:  All documents concerning investments by Taishan, any Entities related to Taishan, and/or SOEs in the United States during the Relevant Time Period, including, but not limited, to the following:**

> **(a) All accounts, stocks, bonds, notes, and other securities of Taishan, any Entities related to Taishan, and/or SOEs located in the United States;**
>
> **(b) Investments, loans, letters of credit, ownership or security interests of Taishan, any Entities related to Taishan, and/or SOEs in any corporate entities, joint ventures or partnerships located in the United States;**
>
> **(c) All personal or real property interests of Taishan, any Entities related to Taishan, and/or SOEs located in the United States, and**
>
> **(d) All assets in the United States of any kind whatsoever which Taishan, any Entities related to Taishan, and/or SOEs own or owned directly or indirectly, in whole or in part, as sole owner or jointly with others, either of record or beneficially, including without limitation as a partner, general or limited, limited liability member, fiduciary, and as equity or debt holder, or demand deposit holder.**

**Objections to Request No. 2**:  In addition to its General Objections, AES objects to this Request on the grounds that it is overly broad (as to subject-matter and time), unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence.  AES is a non-party, and, based on a reasonable inquiry, it has no reason to believe it has had any prior involvement with Taishan or Chinese-manufactured drywall products.  In March 2010, Terrific Investment Corporation, a wholly owned subsidiary of China Investment Corporation, purchased shares in AES; the details of that transaction, and a subsequent 2013 transaction in which Terrific Investment Corporation sold some of its shares, are set forth in AES's publicly available securities filings.  AES objects on the grounds of relevance and undue burden to producing additional information about those transactions.  Aside from those transactions, AES has conducted business in China, unrelated to Chinese-manufactured drywall products, with other Chinese entities.  It would be unduly burdensome to require AES, as a non-party, to (1) examine the structure of each of the Chinese entities with which it has dealt to determine whether such

6

entities meet the subpoena's exceedingly broad definitions, including, but not limited to, "SOEs," and (2) determine whether any communications or documents relating to such entities, to the extent they exist, are responsive.  To the extent any responsive documents or communications in AES's possession that relate to China Investment Corporation, Terrific Investment Corporation, SOEs, or other Chinese entities exist, they are unlikely to lead to admissible evidence, and the value of such evidence would not justify the heavy burden the subpoena would impose on AES.  AES further objects to this Request to the extent that it calls for the production of information or documents that are immune from discovery under the attorney-client privilege, the work product doctrine, and other applicable privileges, immunities, or laws that limit discovery and the production of trade secret, proprietary, commercially sensitive, or other confidential information.  AES further objects to this Request on the grounds that the requested documents may be obtained from a party to the litigation, Taishan Gypsum Co., Ltd. f/k/a Shandong Taihe Dongxin Co., Ltd.  AES further objects to this Request on the grounds that it calls for the production of information or documents outside of AES's possession, custody, or control.

**Request No. 3:  All documents and communications reflecting any ownership or financial interest by you in Taishan, any Entities related to Taishan, and/or SOEs during the Relevant Time Period.**

**Objections to Request No. 3**:  In addition to its General Objections, AES objects to this Request on the grounds that it is overly broad (as to subject-matter and time), unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence.  AES is a non-party, and, based on a reasonable inquiry, it has no reason to believe it has had any prior involvement with Taishan or Chinese-manufactured drywall products.  AES has conducted business in China, unrelated to Chinese-manufactured drywall products, with other Chinese entities.  It would be

unduly burdensome to require AES, as a non-party, to (1) examine the structure of each of the Chinese entities with which it has dealt to determine whether such entities meet the subpoena's exceedingly broad definitions, including, but not limited to, "SOEs," and (2) determine whether any communications or documents relating to such entities, to the extent they exist, are responsive.  To the extent any responsive documents or communications in AES's possession that relate to China Investment Corporation, Terrific Investment Corporation, SOEs, or other Chinese entities exist, they are unlikely to lead to admissible evidence, and the value of such evidence would not justify the heavy burden the subpoena would impose on AES.  AES further objects to this Request to the extent that it calls for the production of information or documents that are immune from discovery under the attorney-client privilege, the work product doctrine, and other applicable privileges, immunities, or laws that limit discovery and the production of trade secret, proprietary, commercially sensitive, or other confidential information.

**Request No. 4:  All documents or communications reflecting any loans or investments by you in Taishan, any Entities related to Taishan, and/or SOEs during the Relevant Time Period.**

**Objections to Request No. 4**:  In addition to its General Objections, AES objects to this Request on the grounds that it is overly broad (as to subject-matter and time), unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence.  AES is a non-party, and, based on a reasonable inquiry, it has no reason to believe it has had any prior involvement with Taishan or Chinese-manufactured drywall products.  AES has conducted business in China, unrelated to Chinese-manufactured drywall products, with other Chinese entities.  It would be unduly burdensome to require AES, as a non-party, to (1) examine the structure of each of the Chinese entities with which it has dealt to determine whether such entities meet the subpoena's exceedingly broad definitions, including, but not limited to, "SOEs," and (2) determine whether

any communications or documents relating to such entities, to the extent they exist, are responsive. To the extent any responsive documents or communications in AES's possession that relate to China Investment Corporation, Terrific Investment Corporation, SOEs, or other Chinese entities exist, they are unlikely to lead to admissible evidence, and the value of such evidence would not justify the heavy burden the subpoena would impose on AES. AES further objects to this Request to the extent that it calls for the production of information or documents that are immune from discovery under the attorney-client privilege, the work product doctrine, and other applicable privileges, immunities, or laws that limit discovery and the production of trade secret, proprietary, commercially sensitive, or other confidential information.

**Request No. 5: All documents or communications reflecting any loans or investments by Taishan, any Entities related to Taishan, and/or SOEs in you during the Relevant Time Period.**

**Objections to Request No. 5**: In addition to its General Objections, AES objects to this Request on the grounds that it is overly broad (as to subject-matter and time), unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. AES is a non-party, and, based on a reasonable inquiry, it has no reason to believe it has had any prior involvement with Taishan or Chinese-manufactured drywall products. In March 2010, Terrific Investment Corporation, a wholly owned subsidiary of China Investment Corporation, purchased shares in AES; the details of that transaction, and a subsequent 2013 transaction in which Terrific Investment Corporation sold some of its shares, are set forth in AES's publicly available securities filings. AES objects on the grounds of relevance and undue burden to producing additional information about those transactions. Aside from those transactions, AES has conducted business in China, unrelated to Chinese-manufactured drywall products, with other Chinese entities. It would be unduly burdensome to require AES, as a non-party, to (1) examine

the structure of each of the Chinese entities with which it has dealt to determine whether such

entities meet the subpoena's exceedingly broad definitions, including, but not limited to,

"SOEs," and (2) determine whether any communications or documents relating to such entities,

to the extent they exist, are responsive.  To the extent any responsive documents or

communications in AES's possession that relate to China Investment Corporation, Terrific

Investment Corporation, SOEs, or other Chinese entities exist, they are unlikely to lead to

admissible evidence, and the value of such evidence would not justify the heavy burden the

subpoena would impose on AES.  AES further objects to this Request to the extent that it calls

for the production of information or documents that are immune from discovery under the

attorney-client privilege, the work product doctrine, and other applicable privileges, immunities,

or laws that limit discovery and the production of trade secret, proprietary, commercially

sensitive, or other confidential information.

**Request No. 6**:  **All documents or communications regarding whether any Taishan, any Entities related to Taishan, and/or SOEs have conducted any commercial business or judicial business (litigation, mediation, arbitration, settlement) in the United States, and the profits earned by such entities during the Relevant Time Period.**

**Objections to Request No. 6**:  In addition to its General Objections, AES objects to this Request

on the grounds that it is overly broad (as to subject-matter and time), unduly burdensome, and

not reasonably calculated to lead to the discovery of admissible evidence.  AES is a non-party,

and, based on a reasonable inquiry, it has no reason to believe it has had any prior involvement

with Taishan or Chinese-manufactured drywall products.  In March 2010, Terrific Investment

Corporation, a wholly owned subsidiary of China Investment Corporation, purchased shares in

AES; the details of that transaction, and a subsequent 2013 transaction in which Terrific

Investment Corporation sold some of its shares, are set forth in AES's publicly available

securities filings.  AES objects on the grounds of relevance and undue burden to producing

10

additional information about those transactions.  Aside from those transactions, AES has

conducted business in China, unrelated to Chinese-manufactured drywall products, with other

Chinese entities.  It would be unduly burdensome to require AES, as a non-party, to (1) examine

the structure of each of the Chinese entities with which it has dealt to determine whether such

entities meet the subpoena's exceedingly broad definitions, including, but not limited to,

"SOEs," and (2) determine whether any communications or documents relating to such entities,

to the extent they exist, are responsive.  To the extent any responsive documents or

communications in AES's possession that relate to China Investment Corporation, Terrific

Investment Corporation, SOEs, or other Chinese entities exist, they are unlikely to lead to

admissible evidence, and the value of such evidence would not justify the heavy burden the

subpoena would impose on AES.  AES further objects to this Request to the extent that it calls

for the production of information or documents that are immune from discovery under the

attorney-client privilege, the work product doctrine, and other applicable privileges, immunities,

or laws that limit discovery and the production of trade secret, proprietary, commercially

sensitive, or other confidential information.  AES further objects to this Request on the grounds

that the requested documents may be obtained from a party to the litigation, Taishan Gypsum

Co., Ltd. f/k/a Shandong Taihe Dongxin Co., Ltd.  AES further objects to this Request on the

grounds that it calls for the production of information or documents outside of AES's possession,

custody, or control.

**Request No. 7**:  All documents sufficient to identify the deposition topics.

>    **l. Any entities with which The AES Corporation is affiliated or has a financial
>    interest in that was or is involved in the design, development, manufacture,
>    promotion, export, import, brokerage, distribution, shipment, storage, sale,
>    purchase, and/or installation of Chinese drywall during the Relevant Time Period.**

**Objections to Request No. 7(1)**:   In addition to its General Objections, AES objects to this Request on the grounds that it is overly broad (as to subject-matter and time), unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence.  AES is a non-party, and, based on a reasonable inquiry, it has no reason to believe it has had any prior involvement with Taishan or Chinese-manufactured drywall products.  AES further objects to this Request to the extent that it calls for the production of information or documents that are immune from discovery under the attorney-client privilege, the work product doctrine, and other applicable privileges, immunities, or laws that limit discovery and the production of trade secret, proprietary, commercially sensitive, or other confidential information.  AES further objects to this Request on the grounds that the requested documents may be obtained from a party to the litigation, Taishan Gypsum Co., Ltd. f/k/a Shandong Taihe Dongxin Co., Ltd.  AES further objects to this Request on the grounds that it calls for the production of information or documents outside of AES's possession, custody, or control.

> **2. The nature of any and all of your transactions involving Chinese drywall or with entities that sell Chinese drywall, and the identities of those entities, during the Relevant Time Period.**

**Objections to Request No. 7(2)**:   In addition to its General Objections, AES objects to this Request on the grounds that it is overly broad (as to subject-matter and time), unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence.  AES is a non-party, and, based on a reasonable inquiry, it has no reason to believe it has had any prior involvement with Taishan or Chinese-manufactured drywall products.  AES further objects to this Request to the extent that it calls for the production of information or documents that are immune from discovery under the attorney-client privilege, the work product doctrine, and other applicable privileges, immunities, or laws that limit discovery and the production of trade secret,

proprietary, commercially sensitive, or other confidential information.  AES further objects to

this Request on the grounds that the requested documents may be obtained from a party to the

litigation, Taishan Gypsum Co., Ltd. f/k/a Shandong Taihe Dongxin Co., Ltd.  AES further

objects to this Request on the grounds that it calls for the production of information or

documents outside of AES's possession, custody, or control.

    **3. The nature of every transaction between you and Taishan, any Entities related to Taishan, and/or SOEs, including, but not limited to, all face-to-face, telephonic, e-mail, instant message, text message, and/or any other electronically transmitted communications.**

**Objections to Request No. 7(3)**:   In addition to its General Objections, AES objects to this

Request on the grounds that it is overly broad (as to subject-matter and time), unduly

burdensome, and not reasonably calculated to lead to the discovery of admissible evidence.  AES

is a non-party, and, based on a reasonable inquiry, it has no reason to believe it has had any prior

involvement with Taishan or Chinese-manufactured drywall products.  Specifically, based on a

reasonable inquiry, AES believes that it has had no communications with Taishan during the

Relevant Period, and requiring AES to identify all interactions with any Chinese entity with

which it has dealt during the Relevant Time Period, if there have been any, to determine whether

such entities meet the subpoena's exceedingly broad definitions, including, but not limited to,

"SOEs," would be unduly burdensome and not reasonably calculated to lead to admissible

evidence.  AES further objects to this Request to the extent that it calls for the production of

information or documents that are immune from discovery under the attorney-client privilege,

the work product doctrine, and other applicable privileges, immunities, or laws that limit

discovery and the production of trade secret, proprietary, commercially sensitive, or other

confidential information.  AES further objects to this Request on the grounds that the requested

documents may be obtained from a party to the litigation, Taishan Gypsum Co., Ltd. f/k/a

Shandong Taihe Dongxin Co., Ltd. AES further objects to this Request on the grounds that it

calls for the production of information or documents outside of AES's possession, custody, or

control.

**4. Any commercial interactions or commercial relationships you have with Taishan, Entities related to Taishan, and/or SOEs, and all intermediaries, during the Relevant Time Period.**

**Objections to Request No. 7(4)**: In addition to its General Objections, AES objects to this

Request on the grounds that it is overly broad (as to subject-matter and time), unduly

burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. AES

is a non-party, and, based on a reasonable inquiry, it has no reason to believe it has had any prior

involvement with Taishan or Chinese-manufactured drywall products. Specifically, based on a

reasonable inquiry, AES believes that it has had no commercial interactions or relationships with

Taishan during the Relevant Period, and requiring AES to identify all interactions with Chinese

entity with which it has dealt during the Relevant Time Period, if there have been any, to

determine whether such entities meet the subpoena's exceedingly broad definitions, including,

but not limited to, "SOEs," would be unduly burdensome and not reasonably calculated to lead

to admissible evidence. AES further objects to this Request to the extent that it calls for the

production of information or documents that are immune from discovery under the attorney-

client privilege, the work product doctrine, and other applicable privileges, immunities, or laws

that limit discovery and the production of trade secret, proprietary, commercially sensitive, or

other confidential information. AES further objects to this Request on the grounds that the

requested documents may be obtained from a party to the litigation, Taishan Gypsum Co., Ltd.

f/k/a Shandong Taihe Dongxin Co., Ltd. AES further objects to this Request on the grounds that

it calls for the production of information or documents outside of AES's possession, custody, or control.

**5. All documents produced in response to the subpoena and document request attached hereto as Exhibit "A."**

<u>Objections to Request No. 7(5)</u>:   AES incorporates both its General Objections and its objections to Requests Nos. 1 through 6.

**6. Any ownership or financial interest by you in Taishan, any Entities related to Taishan, and/or SOEs during the Relevant Time Period.**

<u>Objections to Request No. 7(6)</u>:   In addition to its General Objections, AES objects to this Request on the grounds that it is overly broad (as to subject-matter and time), unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence.  AES is a non-party, and, based on a reasonable inquiry, it has no reason to believe it has had any prior involvement with Taishan or Chinese-manufactured drywall products.  AES has conducted business in China, unrelated to Chinese-manufactured drywall products, with other Chinese entities.  It would be unduly burdensome to require AES, as a non-party, to (1) examine the structure of each of the Chinese entities with which it has dealt to determine whether such entities meet the subpoena's exceedingly broad definitions, including, but not limited to, "SOEs," and (2) determine whether any communications or documents relating to such entities, to the extent they exist, are responsive.  To the extent any responsive documents or communications in AES's possession that relate to China Investment Corporation, Terrific Investment Corporation, SOEs, or other Chinese entities exist, they are unlikely to lead to admissible evidence, and the value of such evidence would not justify the heavy burden the subpoena would impose on AES.  AES further objects to this Request to the extent that it calls

for the production of information or documents that are immune from discovery under the

attorney-client privilege, the work product doctrine, and other applicable privileges, immunities,

or laws that limit discovery and the production of trade secret, proprietary, commercially

sensitive, or other confidential information.  AES further objects to this Request on the grounds

that the requested documents may be obtained from a party to the litigation, Taishan Gypsum

Co., Ltd. f/k/a Shandong Taihe Dongxin Co., Ltd.  AES further objects to this Request on the

grounds that it calls for the production of information or documents outside of AES's possession,

custody, or control.

**7. Any loans or investments by you in Taishan, any Entities related to Taishan, and/or SOEs during the Relevant Time Period.**

<u>**Objections to Request No. 7(7)**</u>:  In addition to its General Objections, AES objects to this

Request on the grounds that it is overly broad (as to subject-matter and time), unduly

burdensome, and not reasonably calculated to lead to the discovery of admissible evidence.  AES

is a non-party, and, based on a reasonable inquiry, it has no reason to believe it has had any prior

involvement with Taishan or Chinese-manufactured drywall products.  AES has conducted

business in China, unrelated to Chinese-manufactured drywall products, with other Chinese

entities.  It would be unduly burdensome to require AES, as a non-party, to (1) examine the

structure of each of the Chinese entities with which it has dealt to determine whether such

entities meet the subpoena's exceedingly broad definitions, including, but not limited to,

"SOEs," and (2) determine whether any communications or documents relating to such entities,

to the extent they exist, are responsive.  To the extent any responsive documents or

communications in AES's possession that relate to China Investment Corporation, Terrific

Investment Corporation, SOEs, or other Chinese entities exist, they are unlikely to lead to

16

admissible evidence, and the value of such evidence would not justify the heavy burden the subpoena would impose on AES.  AES further objects to this Request to the extent that it calls for the production of information or documents that are immune from discovery under the attorney-client privilege, the work product doctrine, and other applicable privileges, immunities, or laws that limit discovery and the production of trade secret, proprietary, commercially sensitive, or other confidential information.  AES further objects to this Request on the grounds that the requested documents may be obtained from a party to the litigation, Taishan Gypsum Co., Ltd. f/k/a Shandong Taihe Dongxin Co., Ltd.  AES further objects to this Request on the grounds that it calls for the production of information or documents outside of AES's possession, custody, or control.

**8. Any loans or investments by Taishan, any Entities related to Taishan, and/or SOEs in you during the Relevant Time Period**

**Objections to Request No. 7(8)**:  In addition to its General Objections, AES objects to this Request on the grounds that it is overly broad (as to subject-matter and time), unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence.  AES is a non-party, and, based on a reasonable inquiry, it has no reason to believe it has had any prior involvement with Taishan or Chinese-manufactured drywall products.  In March 2010, Terrific Investment Corporation, a wholly owned subsidiary of China Investment Corporation, purchased shares in AES; the details of that transaction, and a subsequent 2013 transaction in which Terrific Investment Corporation sold some of its shares, are set forth in AES's publicly available securities filings.  AES objects on the grounds of relevance and undue burden to producing additional information about those transactions.  Aside from those transactions, AES has conducted business in China, unrelated to Chinese-manufactured drywall products, with other

17

Chinese entities.  It would be unduly burdensome to require AES, as a non-party, to (1) examine
the structure of each of the Chinese entities with which it has dealt to determine whether such
entities meet the subpoena's exceedingly broad definitions, including, but not limited to,
"SOEs," and (2) determine whether any communications or documents relating to such entities,
to the extent they exist, are responsive.  To the extent any responsive documents or
communications in AES's possession that relate to China Investment Corporation, Terrific
Investment Corporation, SOEs, or other Chinese entities exist, they are unlikely to lead to
admissible evidence, and the value of such evidence would not justify the heavy burden the
subpoena would impose on AES.  AES further objects to this Request to the extent that it calls
for the production of information or documents that are immune from discovery under the
attorney-client privilege, the work product doctrine, and other applicable privileges, immunities,
or laws that limit discovery and the production of trade secret, proprietary, commercially
sensitive, or other confidential information.  AES further objects to this Request on the grounds
that the requested documents may be obtained from a party to the litigation, Taishan Gypsum
Co., Ltd. f/k/a Shandong Taihe Dongxin Co., Ltd.  AES further objects to this Request on the
grounds that it calls for the production of information or documents outside of AES's possession,
custody, or control.

**9. The Order entered by the Court on July 17, 2014 [Rec. Doc. 17869](attached
hereto as Exhibit "B"), including your awareness, understanding, and/or
implementation of the provision enjoining Taishan and "any of its affiliates or
subsidiaries" from conducting business in the United States.**

**Objections to Request No. 7(9)**:  In addition to its General Objections, AES objects to this
Request on the grounds that it is overly broad (as to subject-matter and time), unduly
burdensome, and not reasonably calculated to lead to the discovery of admissible evidence.  AES

18

is a non-party, and, based on a reasonable inquiry, it has no reason to believe it has had any prior

involvement with Taishan or Chinese-manufactured drywall products.

> **10. Your knowledge regarding whether Taishan, any Entities related to Taishan, and/or SOEs have conducted any business in the United States and the profits earned by such entities during the Relevant Time Period.**

**Objections to Request No. 7(10)**:  In addition to its General Objections, AES objects to this

Request on the grounds that it is overly broad (as to subject-matter and time), unduly

burdensome, and not reasonably calculated to lead to the discovery of admissible evidence.  AES

is a non-party, and, based on a reasonable inquiry, it has no reason to believe it has had any prior

involvement with Taishan or Chinese-manufactured drywall products.  AES has conducted

business in China, unrelated to Chinese-manufactured drywall products, with other Chinese

entities.  It would be unduly burdensome to require AES, as a non-party, to (1) examine the

structure of each of the Chinese entities with which it has dealt to determine whether such

entities meet the subpoena's exceedingly broad definitions, including, but not limited to,

"SOEs," and (2) determine whether any communications or documents relating to such entities,

to the extent they exist, are responsive.  To the extent any responsive documents or

communications in AES's possession that relate to China Investment Corporation, Terrific

Investment Corporation, SOEs, or other Chinese entities exist, they are unlikely to lead to

admissible evidence, and the value of such evidence would not justify the heavy burden the

subpoena would impose on AES.  AES further objects to this Request to the extent that it calls

for the production of information or documents that are immune from discovery under the

attorney-client privilege, the work product doctrine, and other applicable privileges, immunities,

or laws that limit discovery and the production of trade secret, proprietary, commercially

sensitive, or other confidential information.  AES further objects to this Request on the grounds

that the requested documents may be obtained from a party to the litigation, Taishan Gypsum

Co., Ltd. f/k/a Shandong Taihe Dongxin Co., Ltd.  AES further objects to this Request on the

grounds that it calls for the production of information or documents outside of AES's possession,

custody, or control.

**OBJECTIONS TO DEPOSITION TOPICS**

The General Objections set forth above apply equally to the Deposition Topics set forth in the

Subpoena.  In addition, AES objects generally to making a deponent available under Rule

30(b)(6).  Given that AES is a non-party, and, based on a reasonable inquiry, has no reason to

believe it has had any prior involvement with Taishan or Chinese-manufactured drywall

products, requiring AES to identify, make available, and prepare a deponent would be unduly

burdensome and is not reasonably calculated to lead to the discovery of admissible evidence.

AES makes the following Topic-specific objections:

**Topic No. 1:  Any entities with which The AES Corporation is affiliated or has a financial
interest in that was or is involved in the design, development, manufacture, promotion,
export, import, brokerage, distribution, shipment, storage, sale, purchase, and/or
installation of Chinese drywall during the Relevant Time Period.**

**Objections to Topic No. 1**:  In addition to its General Objections, AES objects to this Topic on

the grounds that it is overly broad (as to subject-matter and time), unduly burdensome, and not

reasonably calculated to lead to the discovery of admissible evidence.  AES is a non-party, and,

based on a reasonable inquiry, it has no reason to believe it has had any prior involvement with

Taishan or Chinese-manufactured drywall products.  AES further objects to this Topic to the

extent that it calls for information that is immune from discovery under the attorney-client

privilege, the work product doctrine, and other applicable privileges, immunities, or laws that

limit discovery and the production of trade secret, proprietary, commercially sensitive, or other

confidential information.  AES further objects to this Topic on the grounds that the requested

20

information may be obtained from a party to the litigation, Taishan Gypsum Co., Ltd. f/k/a

Shandong Taihe Dongxin Co., Ltd.  AES further objects to this Topic on the grounds that it calls

for the production of information or documents outside of AES's possession, custody, or control.

**Topic No. 2:  The nature of any and all of your transactions involving Chinese drywall or with entities that sell Chinese drywall, and the identities of those entities, during the Relevant Time Period.**

**Objections to Topic No. 2**:  In addition to its General Objections, AES objects to this Topic on

the grounds that it is overly broad (as to subject-matter and time), unduly burdensome, and not

reasonably calculated to lead to the discovery of admissible evidence.  AES is a non-party, and,

based on a reasonable inquiry, it has no reason to believe it has had any prior involvement with

Taishan or Chinese-manufactured drywall products.  AES further objects to this Topic to the

extent that it calls for information that is immune from discovery under the attorney-client

privilege, the work product doctrine, and other applicable privileges, immunities, or laws that

limit discovery and the production of trade secret, proprietary, commercially sensitive, or other

confidential information.  AES further objects to this Topic on the grounds that the requested

information may be obtained from a party to the litigation, Taishan Gypsum Co., Ltd. f/k/a

Shandong Taihe Dongxin Co., Ltd.  AES further objects to this Topic on the grounds that it calls

for the production of information or documents outside of AES's possession, custody, or control.

**Topic No. 3:  The nature of every transaction between you and Taishan, any Entities related to Taishan, and/or SOEs, including, but not limited to, all face-to-face, telephonic, e-mail, instant message, text message, and/or any other electronically transmitted communications.**

**Objections to Topic No. 3**:  In addition to its General Objections, AES objects to this Topic on

the grounds that it is overly broad (as to subject-matter and time), unduly burdensome, and not

reasonably calculated to lead to the discovery of admissible evidence.  AES is a non-party, and,

based on a reasonable inquiry, it has no reason to believe it has had any prior involvement with

Taishan or Chinese-manufactured drywall products.  Specifically, based on a reasonable inquiry, AES believes that it has had no communications with Taishan during the Relevant Period, and requiring AES to identify all interactions with any Chinese entity with which it has dealt during the Relevant Time Period, if there have been any, to determine whether such entities meet the subpoena's exceedingly broad definitions, including, but not limited to, "SOEs," would be unduly burdensome and not reasonably calculated to lead to admissible evidence.  AES further objects to this Topic to the extent that it calls for information that is immune from discovery under the attorney-client privilege, the work product doctrine, and other applicable privileges, immunities, or laws that limit discovery and the production of trade secret, proprietary, commercially sensitive, or other confidential information.  AES further objects to this Topic on the grounds that the requested information may be obtained from a party to the litigation, Taishan Gypsum Co., Ltd. f/k/a Shandong Taihe Dongxin Co., Ltd.  AES further objects to this Topic on the grounds that it calls for the production of information or documents outside of AES's possession, custody, or control.

**Topic No. 4:  Any commercial interactions or commercial relationships you have with Taishan, Entities related to Taishan, and/or SOEs, and all intermediaries, during the Relevant Time Period.**

**Objections to Topic No. 4**:  In addition to its General Objections, AES objects to this Topic on the grounds that it is overly broad (as to subject-matter and time), unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence.  AES is a non-party, and, based on a reasonable inquiry, it has no reason to believe it has had any prior involvement with Taishan or Chinese-manufactured drywall products.  Specifically, based on a reasonable inquiry, AES believes that it has had no commercial interactions or relationships with Taishan during the Relevant Period, and requiring AES to identify all interactions with any Chinese entity with

which it has dealt during the Relevant Time Period, if there have been any, to determine whether such entities meet the subpoena's exceedingly broad definitions, including, but not limited to, "SOEs," would be unduly burdensome and not reasonably calculated to lead to admissible evidence.  AES further objects to this Topic to the extent that it calls for information that is immune from discovery under the attorney-client privilege, the work product doctrine, and other applicable privileges, immunities, or laws that limit discovery and the production of trade secret, proprietary, commercially sensitive, or other confidential information.  AES further objects to this Topic on the grounds that the requested information may be obtained from a party to the litigation, Taishan Gypsum Co., Ltd. f/k/a Shandong Taihe Dongxin Co., Ltd.  AES further objects to this Topic on the grounds that it calls for the production of information or documents outside of AES's possession, custody, or control.

**Topic No. 5:  All documents produced in response to the subpoena and document request attached hereto as Exhibit "A."**

**Objections to Topic No. 5**:  AES incorporates both its General Objections and its objections to Requests Nos. 1 through 6.

**Topic No. 6:  Any ownership or financial interest by you in Taishan, any Entities related to Taishan, and/or SOEs during the Relevant Time Period.**

**Objections to Topic No. 6**:  In addition to its General Objections, AES objects to this Topic on the grounds that it is overly broad (as to subject-matter and time), unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence.  AES is a non-party, and, based on a reasonable inquiry, it has no reason to believe it has had any prior involvement with Taishan or Chinese-manufactured drywall products.  AES has conducted business in China, unrelated to Chinese-manufactured drywall products, with other Chinese entities.  It would be unduly burdensome to require AES, as a non-party, to (1) examine the structure of each of the

Chinese entities with which it has dealt to determine whether such entities meet the subpoena's

exceedingly broad definitions, including, but not limited to, "SOEs," and (2) produce

information on any ownership or financial interests, if there have been any, relating to such

entities during the Relevant Time Period.  Any information would be unlikely to lead to

admissible evidence, and the value of such evidence would not justify the heavy burden the

subpoena would impose on AES.  AES further objects to this Topic to the extent that it calls for

information that is immune from discovery under the attorney-client privilege, the work product

doctrine, and other applicable privileges, immunities, or laws that limit discovery and the

production of trade secret, proprietary, commercially sensitive, or other confidential information.

AES further objects to this Topic on the grounds that the requested information may be obtained

from a party to the litigation, Taishan Gypsum Co., Ltd. f/k/a Shandong Taihe Dongxin Co., Ltd.

AES further objects to this Topic on the grounds that it calls for the production of information or

documents outside of AES's possession, custody, or control.

**Topic No. 7**:  **Any loans or investments by you in Taishan, any Entities related to Taishan, and/or SOEs during the Relevant Time Period.**

**Objections to Topic No. 7**:  In addition to its General Objections, AES objects to this Topic on

the grounds that it is overly broad (as to subject-matter and time), unduly burdensome, and not

reasonably calculated to lead to the discovery of admissible evidence.  AES is a non-party, and,

based on a reasonable inquiry, it has no reason to believe it has had any prior involvement with

Taishan or Chinese-manufactured drywall products.  AES has conducted business in China,

unrelated to Chinese-manufactured drywall products, with other Chinese entities.  It would be

unduly burdensome to require AES, as a non-party, to (1) examine the structure of each of the

Chinese entities with which it has dealt to determine whether such entities meet the subpoena's

exceedingly broad definitions, including, but not limited to, "SOEs," and (2) produce

information on any loans or investments, if there have been any, relating to such entities during

the Relevant Time Period.  Any information would be unlikely to lead to admissible evidence,

and the value of such evidence would not justify the heavy burden the subpoena would impose

on AES.  AES further objects to this Topic to the extent that it calls for information that is

immune from discovery under the attorney-client privilege, the work product doctrine, and other

applicable privileges, immunities, or laws that limit discovery and the production of trade secret,

proprietary, commercially sensitive, or other confidential information.  AES further objects to

this Topic on the grounds that the requested information may be obtained from a party to the

litigation, Taishan Gypsum Co., Ltd. f/k/a Shandong Taihe Dongxin Co., Ltd.  AES further

objects to this Topic on the grounds that it calls for the production of information or documents

outside of AES's possession, custody, or control.

**Topic No. 8**:  **Any loans or investments by Taishan, any Entities related to Taishan, and/or
SOEs in you during the Relevant Time Period.**

**Objections to Topic No. 8**:  In addition to its General Objections, AES objects to this Topic on

the grounds that it is overly broad (as to subject-matter and time), unduly burdensome, and not

reasonably calculated to lead to the discovery of admissible evidence.  AES is a non-party, and,

based on a reasonable inquiry, it has no reason to believe it has had any prior involvement with

Taishan or Chinese-manufactured drywall products.  In March 2010, Terrific Investment

Corporation, a wholly owned subsidiary of China Investment Corporation, purchased shares in

AES; the details of that transaction, and a subsequent 2013 transaction in which Terrific

Investment Corporation sold some of its shares, are set forth in AES's publicly available

securities filings.  AES objects on the grounds of relevance and undue burden to producing

additional information about those transactions.  Aside from those transactions, AES has

conducted business in China, unrelated to Chinese-manufactured drywall products, with other

25

Chinese entities.  It would be unduly burdensome to require AES, as a non-party, to (1) examine

the structure of each of the Chinese entities with which it has dealt to determine whether such

entities meet the subpoena's exceedingly broad definitions, including, but not limited to,

"SOEs," and (2) produce information on any loans or investments, if there have been any,

relating to such entities during the Relevant Time Period.  Any information would be unlikely to

lead to admissible evidence, and the value of such evidence would not justify the heavy burden

the subpoena would impose on AES.  AES further objects to this Topic to the extent that it calls

for information that is immune from discovery under the attorney-client privilege, the work

product doctrine, and other applicable privileges, immunities, or laws that limit discovery and the

production of trade secret, proprietary, commercially sensitive, or other confidential information.

AES further objects to this Topic on the grounds that the requested information may be obtained

from a party to the litigation, Taishan Gypsum Co., Ltd. f/k/a Shandong Taihe Dongxin Co., Ltd.

AES further objects to this Topic on the grounds that it calls for the production of information or

documents outside of AES's possession, custody, or control.

**Topic No. 9:  The Order entered by the Court on July 17, 2014 [Rec. Doc. 17869](attached hereto as Exhibit "B"), including your awareness, understanding, and/or implementation of the provision enjoining Taishan and "any of its affiliates or subsidiaries" from conducting business in the United States.**

**Objections to Topic No. 9**:  In addition to its General Objections, AES objects to this Topic on

the grounds that it is overly broad (as to subject-matter and time), unduly burdensome, and not

reasonably calculated to lead to the discovery of admissible evidence.  AES is a non-party, and,

based on a reasonable inquiry, it has no reason to believe it has had any prior involvement with

Taishan or Chinese-manufactured drywall products.

**Topic No. 10:  Your knowledge regarding whether Taishan, any Entities related to Taishan, and/or SOEs have conducted any business in the United States and the profits earned by such entities during the Relevant Time Period.**

26

**Objections to Topic No. 10**:  In addition to its General Objections, AES objects to this Topic on the grounds that it is overly broad (as to subject-matter and time), unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence.  AES is a non-party, and, based on a reasonable inquiry, it has no reason to believe it has had any prior involvement with Taishan or Chinese-manufactured drywall products.  AES has conducted business in China, unrelated to Chinese-manufactured drywall products, with other Chinese entities.  It would be unduly burdensome to require AES, as a non-party, to (1) examine the structure of each of the Chinese entities with which it has dealt to determine whether such entities meet the subpoena's exceedingly broad definitions, including, but not limited to, "SOEs," and (2) produce information relating to such entities during the Relevant Time Period.  Any information would be unlikely to lead to admissible evidence, and the value of such evidence would not justify the heavy burden the subpoena would impose on AES.  AES further objects to this Topic to the extent that it calls for information that is immune from discovery under the attorney-client privilege, the work product doctrine, and other applicable privileges, immunities, or laws that limit discovery and the production of trade secret, proprietary, commercially sensitive, or other confidential information.  AES further objects to this Topic on the grounds that the requested information may be obtained from a party to the litigation, Taishan Gypsum Co., Ltd. f/k/a Shandong Taihe Dongxin Co., Ltd.  AES further objects to this Topic on the grounds that it calls for the production of information or documents outside of AES's possession, custody, or control.

March 18, 2015                                     Respectfully submitted,

                                         **/s/ R. Kennon Poteat, III**
                                         R. Kennon Poteat III (Va. Bar. No. 73324)
                                         WILLIAMS & CONNOLLY LLP
                                         725 12th Street, N.W.
                                         Washington, DC 20009

Telephone:  (202) 434-5000
Facsimile:  (202) 434-5029
E-mail:  kpoteat@wc.com

*Counsel for The AES Corporation*

28

## CERTIFICATE OF SERVICE

I hereby certify that on March 18, 2015, I served the foregoing document by electronic mail and certified mail, postage prepaid, on the following counsel:

      Russ M. Herman
      Leonard A. Davis
      Herman, Herman & Katz, LLC
      820 O'Keefe Avenue,
      New Orleans, LA 70113
      ldavis@hhklawfirm.com

                          By: /s/  R. Kennon Poteat, III