**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | | |
|---|---|---|
| =============================== | x | =========================== |
| | x | |
| IN RE: CHINESE-MANUFACTURED | x | MDL NO. 2047 |
| DRYWALL PRODUCTS LIABILITY | x | |
| LITIGATION | x | SECTION: L |
| | x | |
| THIS DOCUMENT APPLIES TO ALL | x | JUDGE FALLON |
| CASES | x | MAG. JUDGE WILKINSON |
| | x | |
| =============================== | x | =========================== |

<u>NOTICE OF EXPEDITED ORAL AND VIDEOTAPED DEPOSITION</u>
<u>PURSUANT TO THE COURT'S DIRECTIVE DURING</u>
<u>THE MARCH 17, 2015 SPECIAL HEARING AND MINUTE</u>
<u>ENTRY AND ORDER [REC.DOC. 18493]</u>

TO:     Michelle H. Browdy
        Senior Vice President
        Legal and Regulatory Affairs, and General Counsel
        International Business Machines Corporation
        New Orchard Road
        Armonk, New York, 10504

**PLEASE TAKE NOTICE** that pursuant to Rules 26 and 30(b)(6) of the Federal

Rules of Civil Procedure, and the Court's Minute Entry and Order dated March 17, 2015

[Rec. Doc. No. 18493] (attached hereto as Exhibit "1") authorizing expedited discovery

of Taishan and BNBM/CNBM regarding (i) the injunction prong of the Court's July 17,

2014 Order holding Taishan in contempt of court, criminally and civilly [Rec. Doc. No.

17869], and (ii) whether there exist alter ego relationships between and among these

entities, to be completed no later than April 28, 2015, plaintiffs, by and through their

undersigned attorneys, the Plaintiffs' Steering Committee in the MDL, will take the

1

deposition of **International Business Machines Corporation (hereafter "IBM"),** on April 14, 2015 at 10:00 (a.m.) (Eastern), at the offices of **Seeger Weiss, 77 Water Street, New York, NY 10005,  Ph:  (212) 584-0700,** or at another location mutually agreed upon by the parties.  The instant notice of oral and videotaped deposition is in addition to the previously noticed deposition and is in no way intended to supplant the prior noticed deposition.  Pursuant to Fed. R. Civ. P. 30(b)(6), **IBM** shall designate and produce a designated representative or representatives, as may be required, to testify on behalf of **IBM** concerning the topics identified in Schedule "A" attached hereto.  Further, the deponent is requested to produce the documents identified in the attached Schedule "A" to which deposition questions will be asked.  Also attached hereto as Exhibit "A" is a subpoena with respect to the instant discovery requests and deposition.

**If you are an attorney of record, please email [cdw@golkow.com](mailto:cdw@golkow.com) 48 hours prior to the deposition should you desire to participate by stream to view video/text so you may receive a username and password.**

Primary Examiners:      A Member of the PSC, or its designee
Videotaped Deposition:  Yes
Call-In Number:         **888-337-8218**
                        **Participant Code:  769758**

The deposition will be taken before a person authorized by law to administer oaths, pursuant to Fed. R. Civ. P. 28, and will continue from day-to-day, upon and expedited basis, until the examination is completed.

Pursuant to directives provided at the status conference on May 27, 2010, a brief explanation of the subject matter expected at this deposition is as follows:  The deposition will be conducted in furtherance of discovery related to the topics identified at the

hearing before the Honorable Eldon E. Fallon on March 17, 2015 and in the Court's Minute Entry and Orders dated March 17, 2015.  This brief explanation is with full reservation of all rights by the noticing party and is not intended to limit in any way the scope of the deposition noticed herein.  Counsel should be aware that all matters may be discovered in the deposition and that the above explanation is made solely in accordance with the directives provided at the status conference.  This is an MDL "common" fact witness deposition.

Respectfully submitted,

/s/ Leonard A. Davis
**Russ M. Herman** (Bar No. 6819)
Leonard A. Davis (Bar No. 14190)
Stephen J. Herman (Bar No. 23129)
***HERMAN, HERMAN & KATZ, LLC***
820 O'Keefe Avenue
New Orleans, LA  70113
PH:  (504) 581-4892
FAX:  (504) 561-6024
ldavis@hhkc.com
***Plaintiffs' Liaison Counsel***
***MDL 2047***

Arnold Levin
Fred S. Longer
Sandra L. Duggan
Matthew C. Gaughan
Levin, Fishbein, Sedran & Berman
510 Walnut Street, Suite 500
Philadelphia, PA 19106
PH:  (215) 592-1500
FAX:  (215) 592-4663
Alevin@lfsblaw.com
***Plaintiffs' Lead Counsel***
***MDL 2047***

## PLAINTIFFS' STEERING COMMITTEE

Dawn M. Barrios
Barrios, Kingsdorf & Casteix, LLP
701 Poydras Street, Suite 3650
New Orleans, LA 70139
Phone: (504) 524-3300
Fax: (504) 524-3313
Barrios@bkc-law.com

Daniel E. Becnel, Jr.
Becnel Law Firm, LLC
425 W. Airline Highway, Suite B
Laplace, LA 70068
Phone: (985) 536-1186
Fax: (985) 536-6445
dbecnel@becnellaw.com

Peter Prieto
Podhurst Orseck, P.A.
25 Flagler Street, 8th Floor
Miami, FL 33130
Phone: (305) 358-2800
Fax: (305) 358-2382
pprieto@podhurst.com

Bruce William Steckler
Steckler, LLP
12720 Hillcrest Road, Ste 1045
Dallas, TX 75230
Phone: (972) 387-4040
Fax: (972) 387-404
mailto:bsteckler@baronbudd.com
bruce@stecklerlaw.com

Ervin A. Gonzalez
Colson, Hicks, Eidson
255 Alhambra Circle, Penthouse
Cora Gables, FL 33134
Phone: (305) 476-7400
Fax: (305) 476-7444
ervin@colson.com

Jerrold Seth Parker
Parker Waichman, LLP
27300 Riverview Center Blvd.
Suite 103
Bonita Springs, FL 34134
Phone: (239) 390-1000
Fax: (239) 390-0055
Jerry@yourlawyer.com

Scott Wm. Weinstein
Morgan & Morgan
12800 University Drive, Suite 600
Ft. Meyers, FL 33907
Phone: (239) 433-6880
Fax: (239) 433-6836
sweinstein@forthepeople.com

James Robert Reeves
Reeves & Mestayer, PLLC
160 Main Street
Biloxi, MS 39530
Phone: (228) 374-5151
Fax: (228) 374-6630
jrr@attorneys4people.com

Christopher Seeger
Seeger Weiss, LLP
77 Water Street
New York, NY 10005
Phone: (212) 584-0700
Fax: (212) 584-0799
cseeger@seegerweiss.com

Daniel K. Bryson
Whitfield, Bryson & Mason, LLP
900 W. Morgan Street
Raleigh, NC 27603
Phone: (919) 600-5000
Fax: (919) 600-5002
dan@wbmllp.com

Ben W. Gordon, Jr.
Levin, Papantonio, Thomas, Mitchell
 Echsner & Proctor, P.A.
316 S. Baylen Street, Suite 600
Pensacola, FL 32502
Phone: (850) 435-7000
Fax: (850) 435-7020
bgordon@levinlaw.com

Richard J. Serpe, Esquire
Law Offices of Richard J. Serpe
Crown Center, Ste. 310
580 East Main Street
Norfolk, VA 23510-2322
Phone: (757) 233-0009
Fax: (757) 233-0455
rserpe@serpefirm.com

Hugh P. Lambert
The Lambert Firm
701 Magazine Street
New Orleans, LA 70130
Phone: (504) 581-1750
Fax: (504) 529-2931
hlambert@thelambertfirm.com

Victor M. Diaz, Jr., Esquire
V.M. Diaz and Partners, LLC
119 Washington Ave, Suite 402
Miami Beach, FL 33139
Phone: (305) 704-3200
Fax: (305) 538-4928
victor@diazpartners.com

Gerald E. Meunier
Gainsburgh, Benjamin, David, Meunier
 & Warshauer, LLC
2800 Energy Centre, 1100 Poydras Street
New Orleans, LA 70163-2800
Phone: (504) 522-2304
Fax: (504) 528-9973
gmeunier@gainsben.com

**OF COUNSEL TO PLAINTIFFS' STEERING COMMITTEE**

Richard S. Lewis
HAUSFELD LLP
1700 K Street, N.W Suite  650
Washington, DC 20006
Phone: (202) 540-7200
Fax:  (202) 540-7201
rlewis@hausfeldllp.com

Anthony D. Irpino
IRPINO LAW FIRM
2216 Magazine Street
New Orleans, LA 70130
Phone: (504) 525-1500
Fax: (504) 525-1501
airpino@irpinolaw.com

Andrew A. Lemmon
Lemmon Law Firm, LLC
P.O. Box 904
15058 River Road
Hahnville, LA 70057
Phone: (985) 783-6789
Fax: (985) 783-1333
andrew@lemmonlawfirm.com

## CERTIFICATE OF SERVICE

I hereby certify that the above and foregoing Notice of Expedited Oral and Videotaped Deposition Pursuant to the Court's Directive During the March 17, 2015 Special Hearing and Minute Entry and Order [Rec.Doc. 18493] has been served on Defendants' Liaison Counsel, Kerry Miller, by U.S. Mail and e-mail or by hand delivery and e-mail and upon all parties by electronically uploading the same to LexisNexis File & Serve in accordance with Pre-Trial Order No. 6, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2047, on this 25th day of March, 2015.

 /s/ Leonard A. Davis
Leonard A. Davis
Herman, Herman & Katz, LLC
820 O'Keefe Ave.
New Orleans, LA  70113
PH:  (504) 581-4892
Fax:  (504) 561-6024
ldavis@hhklawfirm.com

# SCHEDULE A

## DEFINITIONS & INSTRUCTIONS

1.     Whenever used in this Request, the following terms shall have the following meanings:

(a)     "Communication" means the transmittal of information (in the form of facts, ideas, inquiries, or otherwise).

(b)     "Computer" means all devices utilizing microchips to facilitate processing, analysis, or storage of data, including microcomputers (also known as personal computers), laptop computers, portable computers, notebook computers, palmtop computers (also known as personal digital assistants or PDA's), minicomputers and mainframe computers.

(c)     "Concerning" means relating to, referring to, describing, evidencing, embodying, or constituting.

(d)     "Document" is defined to be synonymous in meaning and equal in scope to the usage of this term in Federal Rule of Civil Procedure 34(a), including, without limitation, electronic or computerized data compilations.   Documents shall include all drafts, including drafts with "track changes," and shall be deemed to be separate documents within the meaning of this term.

(e)     "Electronically stored information" or "ESI" means the original (or identical duplicate when the original is not available), and any non-identical copies (whether non-identical because of notes made on copies or attached comments,

annotations, marks, transmission notations, or highlighting of any kind) of writings and data compilations in any form, and of every kind and description whether inscribed by mechanical, facsimile, electronic, magnetic, digital, or other means.  ESI includes, by way of example only, computer programs (whether private, commercial, or work-in-progress), programming notes or instructions, activity listings of electronic mail receipts and transmittals, output resulting from the use of any software program, including word processing documents, spreadsheets, database files, charts, graphs and outlines, electronic mail displaying full e-mail alias's (not merely "display names), electronic calendars, I'm logs, PBX logs, document management system data, operating systems, all metadata, source code of all types, peripheral drivers, PIF files, batch files, ASCII files, and any and all miscellaneous files and file fragments, regardless of the media on which they reside and regardless of whether said ESI consists in an active file, deleted file or file fragment. Electronically stored information includes any and all items stored on computer memories, hard disks, floppy disks, CD-ROMs, removable media such as Zip disks, Jaz cartridges, Bernoulli Boxes and their equivalent, magnetic tapes of all types, microfiche, punched cards, punched tape, computer chips, including,  EPROM, PROM, RAM and ROM, on or in any other vehicle for digital data storage and transmittal.  The term ESI also includes the file, folder tabs and containers and labels appended to, or associated with, any physical storage device associated with each original and copy.

       (f)    "Electronic media" means any magnetic or other storage media device used to record electronically stored information.  Electronic media devices may include computer memories, hard disks, floppy disks, CD-ROM, removable media such as Bernoulli Boxes and their equivalent, magnetic tapes of all types, microfiche, punched

cards, punched tape, computer chips, including, EPROM, PROM, RAM and ROM, or on or in any other vehicle for digital data storage and transmittal.

(g)     "Identify" with respect to persons, means to give, to the extent known, the person's full name, present or last known address, and when referring to a natural person, additionally, the present or last known place of employment. Once a person has been identified in accordance with this subparagraph, only the name of that person need be listed in response to subsequent discovery requesting the identification of that person.

(h)     "Identify" with respect to documents, means to give, to extent known, the (i) type of document; (ii) general subject matter; (iii) date of the document; and (iv) author(s), addressee(s) and recipient(s).

(i)     "Including" or "includes" means including, without limitation.

(j)     "You," or "your" means each of the individual named entities to whom this set of discovery is directed, and any of its domestic or international predecessors in interest, successors in interest, subsidiaries, divisions, subdivisions, affiliates, officers, directors, employees, representatives, independent contractors, consultants, or agents, whether present or former, including but not limited to their attorneys and accountants.

(k)     "Taishan" means Taishan Gypsum Co., Ltd. f/k/a Shandong Taihe Dongxin Co., Ltd.

(l)     "Chinese drywall" relates to drywall, plasterboard, or wallboard manufactured in China.

(m)   "Person" means any natural person or any business, legal, or governmental entity or association.

(n)   "Taishan Affiliates and Subsidiaries" shall include the below listed entities and any of their parents, related entities, subsidiaries, agents and assigns:

i.   State-owned Assets Supervision and Administration Commission of the State Counsel ("SASAC");

ii.   China National Building Materials Group, Co., Inc. Ltd. ("CNBM Group");

iii.   China Cinda Asset Management Co., Ltd. ("Cinda");

iv.   China Building Materials Academy;

v.   Beijing New Building Material Group Co., Ltd. ("BNBM Group");

vi.   China National Building Material Import and Export Company ("CNBM Trading");

vii.   CNBM Forest Products, Ltd.;

viii.   CNBM Forest Products (Canada) Ltd.;

ix.   China National Building Material Co., Ltd. a/k/a China Nation Building Material Company, Ltd. ("CNBM");

x.   China United Cement Co., Ltd. ("China United");

xi.   China United Cement Huaihai Co., Ltd. f/k/a China United Julong Huaihai Cement Co., Ltd.;

xii.   Qingzhou China United Cement Company Limited f/k/a China United Qingzhou Luhong Cement Co., Ltd.;

xiii.   China United Cement Zaozhuang Company, Limited f/k/a Zaozhuang China United Luhong Cement Co., Ltd.;

xiv.   China Composites Group Corp., Ltd. ("China Composites");

xv.   Lianyungang Zhongfu Lianzhong Composite Material Group Co., Ltd.;

xvi.   Shanghai Yaohua Pilkington Glass Co., Ltd.;

xvii.   Changzhou China Composites Liberty Co., Ltd. ("Zhongfu Liberty');

xviii.   Changzhou China Composites Tianma Fiberglass Products Co., Ltd. ("Zhongxin Tianma");

xix.   Changzhou Liberty TOLI Building Material Co., Ltd.;

xx.   China Fiberglass Co., Ltd. ("China Fiberglass");

xxi.   Jushi Group Co., Ltd.;

xxii.   China Triumph International Engineering Co., Ltd. ("CTIEC");

xxiii.   Nanjing Triumph International Engineering Company Limited f/k/a China Triumph International Engineering Company Limited f/k/a China Triumph Nanjing Cement Technological Engineering Co., Ltd.;

xxiv.   CTIEC Shenzhen Scieno-tech Engineering Co., Ltd.;

xxv.   China Triumph Bengbu Engineering and Technology Co., Ltd.;

xxvi.   CNBM Investment Company Limited (f/k/a BND Co., Ltd.):

xxvii.   Beijing New Building Material Public Limited Company;

xxviii.   Beijing New Building Materials Homes Co., Ltd.;

xxix.   BNBM Suzhou Mineral Fiber Ceiling Company, Limited (f/k/a "Suzhou Tianfeng New Building Material Co., Ltd.");

xxx.   Taishan Gypsum Co., Ltd. f/k/a Shandong Taihe Dongxin Co., Ltd.;

xxxi.   Qinhuangdao Taishan Building Materials Co., Ltd. a/k/a Qinhuang Dao Taishan Building Materials Co., Ltd.;

xxxii.   Tai'an Taishan Plasterboard Co., Ltd.;

xxxiii.   China United Luhong Cement Co., Ltd.;

xxxiv.   China United Nanyang Co.;

xxxv.   Xingtai China United Ziyan Co., Ltd.;

xxxvi.   China National Building Material and Equipment Import and Export Company ("China Equipment");

xxxvii.   Shenzhen B&Q Decoration & Building Materials Co., Ltd. ("Shenzhen B&Q");

xxxviii.   Tai'an Taishan Plasterboard Co., Ltd. ("TPP").

2.   The following rules of construction apply to all discovery requests:

(a)   The terms "all" and "each" shall be construed as all and each;

(b)   The connectives "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside of its scope;

(c)   The use of the singular form of any word includes the plural and vice versa; and

(d)     Requests that are stated in the present tense include the past tense and those in the past tense include the present tense.

3.     Unless otherwise specifically stated, this Request encompasses documents, which were created, received, or generated or otherwise entered into your possession, custody, or control between January 1, 2001 and the current date (the "Relevant Time Period").

4.     Any document falling within the scope of this Request that is withheld on the basis of a claim of privilege, work product, or any other ground is to be identified in a privilege log, produced in an electronic format that allows text searching and organization of data.  You shall produce a privilege log within 5 days after the production of documents for which privilege is asserted to apply.  For each document for which You assert a privilege applies, you must provide in the privilege log: (a) a statement of the ground alleged for withholding such document; (b) the date of the document; (c) the location of any attachments associated with the document and whether the asserted privilege also applies to such attachments; (d) the identity of its author and signatories; (e) the type of document (*e.g.*, letter); (f) a summary of its content; (g) its present location and custodian; and (h) a listing of all persons to whom the contents of such documents have been disclosed and all persons who have or have had possession, custody, or control of the documents (or any portions thereof), pursuant to Federal Rule of Civil Procedure 45(d)(2).  Notwithstanding the assertion of an objection, any purportedly privileged document containing non-privileged matter must be disclosed with the purportedly privileged portion redacted, with the redacted portion indicated on the document itself and listed on the privilege log to be provided pursuant to this paragraph.

To assist in the prompt resolution of disputed claims of privilege, You shall submit to the Court under seal, unredacted copies of all documents for which it asserts a privilege.

5.    If you are unable to comply fully with any of the specific requests, you shall comply to the extent possible and provide an explanation as to why full compliance is not possible.  In the event that any documents called for by this Request were formerly in your possession, custody or control, or have been lost or destroyed, those documents are to be identified in writing as follows:   persons who prepared or authorized the documents indicated or blind copies; dates of preparation or transmittal; subject matter; number of pages, attachments or appendices; all persons to whom distributed, shown or explained; date or dates of loss or destruction; and if destroyed, the manner of destruction, reason for destruction, persons authorizing destruction and persons destroying the documents.

6.    This Request is directed to all documents within your possession, custody or control, or within the possession of any of your agents, or within the possession of any entity associated with you, or within the possession, custody, or control of such entity's directors, officers, agents, servants, employees, consultants, and professionals.

7.    Documents are to be produced in full and in their unexpurgated form. Redacted documents shall not constitute compliance with this Request, unless such documents are redacted pursuant to any claim of privilege as set forth in paragraph 4 above.

8.      Documents shall be produced in their original language (*e.g.*, Mandarin), and, if the original documents are in any language other than English, you shall include translations of such documents into English.

9.      This Request is intended to be consistent with the Federal Rules of Civil Procedure 26 and 34.

10.      All hard copy documents and electronically stored information (ESI) produced in response to this Request shall be organized and labeled either to correspond with the number of the specific request to which the documents are responsive or shall be produced in the order, format, and manner in which they are kept in the usual course of business.  With respect to the production of electronically stored information, all ESI that is demanded is to be produced in its native usable format, as maintained on the computer storage systems, regardless of whether such ESI exists (and/or may have been copied and/or otherwise converted) in more than one electronic format.  Plaintiffs have filed an emergency motion before the Honorable Eldon E. Fallon in the United States District Court for the Eastern District of Louisiana requesting that you be ordered to provide full and complete responses, including the document requests within ten (10) days of your receipt of the instant discovery.

## DOCUMENTS TO BE PRODUCED

1.      All documents and communications between or among you, China National Building Material Co., Ltd. ("CNBM"), China National Building Materials Group Co., Ltd. ("CNBM Group") and/or CNBM International Corporation with respect to your joint declaration with OKOrder.com to provide IBM cloud computing services to start a domestic cross-border e-commerce platform and all services, including but not limited to software, database management and data processing services, you have provided pursuant to this joint declaration, as set forth in additional detail on the attached announcements on the CNBM and OKOrder websites, attached hereto as Exhibit "2."

2.      All documents and communications between or among you, CNBM, CNBM Group, and/or CNBM International Corporation with respect to any overseas branches that OKOrder.com maintains in the United States.

3.      All documents and communications between or among you and Taishan and/or the Taishan Affiliates and Subsidiaries with respect to the conduct of any business in the United States by such entities, since July 17, 2014.

## **DEPOSITION TOPICS**

Pursuant to Rule 30(b)(6), you shall designate and produce for deposition one or more of your officers, directors, managing agents, or other persons who consent to testify on your behalf concerning the following subject matters:

1.      Your knowledge regarding your joint declaration with OKOrder.com to provide IBM cloud computing services to start a domestic cross-border e-commerce platform and all services, including but not limited to software, database management and data processing services, you have provided pursuant to this joint declaration, as set forth in additional detail on the attached announcements from the CNBM and OKOrder websites, attached hereto as Exhibit "2."

2.      Your knowledge regarding any overseas branches that OKOrder.com maintains in the United States.

3.      Your knowledge regarding the conduct of any business in the United States by Taishan and/or the Taishan Affiliates and Subsidiaries, since July 17, 2014.

# EXHIBIT 1

MINUTE ENTRY
FALLON, J.
MARCH 18, 2015

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

IN RE: CHINESE MANUFACTURED DRYWALL
PRODUCTS LIABILITY LITIGATION

MDL NO. 2047

SECTION "L"

THIS DOCUMENT RELATES TO: ALL CASES

## MINUTE ENTRY AND ORDERS

On this date, the Court heard oral arguments regarding the Plaintiffs' Steering

Committee's motion to preclude Taishan and its affiliates from participating in class damages

proceedings unless and until Taishan purges itself of contempt. (Rec. Doc. 18367). Russ Herman

and Arnold Levin participated on behalf of the Plaintiffs' Steering Committee. Bernard Taylor,

Alan Weinberger, Michael Kenny, and Christina Eikhoff participated on behalf of Taishan

Gypsum Co., Ltd. ("TG") and Tai-an Taishan Plasterboard Co. Ltd. ("TTP"), (TG and TTP

collectively, "Taishan"). James Stengel participated on behalf of China National Building

Materials Group Corporation and China National Building Materials Company Limited

(collectively, "CNBM"). Michael Barr, Michael Moore, Richard Fenton, and Harry Rosenberg

participated on behalf of Beijing New Building Materials Public Limited Company and Beijing

New Building Material (Group) Company Limited (collectively, "BNBM"). The hearing was

transcribed by Ms. Toni Tusa, Official Court Reporter.  Counsel may contact Ms. Tusa at (504)

589-7778 to request a copy of the transcript.

JS10(00:82)

After reviewing the parties' memoranda, reviewing the applicable law, and hearing oral argument from all parties, the Court took the motion to preclude under advisement, subject to the conditions ordered by the Court:

1) **IT IS ORDERED THAT** Taishan must purge itself of contempt of court within two weeks of today's date, that is **March 31, 2015**, before the Court will determine the nature, and extent, of Taishan's participation in these proceedings. To purge itself of contempt, Taishan must (a) pay the $15,000 in attorneys' fees to the PSC; (b) pay the *Germano* judgment that formed the basis of the judgment debtor proceedings, amounting to $2,609,099.99 plus pre-judgment interest of $149,256.53 plus post-judgment interest at the judicial rate under 28 U.S.C. § 1961, as of the date of payment, (Rec. Doc. 3013); and (c) pay the associated bill of costs, (*see* Rec. Docs. 17825, 18034). The Court notes that Taishan has paid the $40,000 contempt penalty. (*See* Rec. Doc. 18448).

2) As neither Taishan nor BNBM/CNBM have demonstrated compliance with the injunction prong of the contempt order, (Rec. Doc. 17869), and the Court cannot yet assess whether there is need to enforce the associated penalty of 25% of profits, **IT IS FURTHER ORDERED THAT** the parties shall immediately commence discovery related to the relationship between Taishan and BNBM/CNBM, including whether affiliate and/or alter ego status exists. Discovery shall conclude no later than **April 28, 2015**, at 9:00 a.m. at which time the Court will hear oral argument on the motion for class damages. **IT IS FURTHER ORDERED** that the previously set March 18, 2015 deadline for responses for the motion for class damages is **CONTINUED** and any responses to the motion for class damages now shall be due on **April 20, 2015**.

3) **IT IS FURTHER ORDERED THAT** Taishan and BNBM/CNBM **SHALL** participate in alter ego discovery. If Taishan and/or BNBM/CNBM do not participate in discovery, the Court will act accordingly to ensure compliance with this and any Court order. The Court may, for example, strike defenses asserted by Taishan and BNBM/CNBM.

4) **IT IS FURTHER ORDERED THAT** that the Plaintiffs' Steering Committee, Taishan, and BNBM/CNBM **SHALL meet and confer** to discuss a discovery plan. Any deposition shall occur in New Orleans, Louisiana, unless all parties agree – with consent of the Court – that the deposition may occur elsewhere.

The Court retains jurisdiction to take any action necessary to enforce its contempt order, and any other order discussed herein. If any party violates any of the Court's orders, the Court "has broad discretion in assessing sanctions to protect the sanctity of its decrees and the legal process." *Test Masters Educational Servs. v. Singh*, 428 F.3d 559 (5th Cir. 2005). This Court "possess[es] the inherent authority to enforce [its] own injunctive decrees," an authority that "runs nationwide." *Waffenschmidt v. MacKay*, 763 F.2d 711, 716 (5th Cir. 1985); *see also United States v. Fisher*, 864 F.2d 434, 436 (7th Cir.1988) ("[W]hen a court issues an injunction, it automatically retains jurisdiction to enforce it."). The Court reserves its right to determine whether Taishan and/or BNBM/CNBM must post a bond under Rule 64. The Court further notes that Taishan and BNBM/CNBM's willingness to participate in discovery process will guide the Court's determination of the circumstances under which Taishan and BNBM/CNBM may participate in these proceedings. To allow a party to continue to participate in a proceeding while the party is in contempt for actions taken in those same proceedings would be, in effect,

3

rewarding the party for its contemptuous conduct. The Court will take any necessary action to

ensure the sanctity of its decrees and the legal process.

UNITED STATES DISTRICT JUDGE

# EXHIBIT 2

3/24/2015

OKorder joined hands with IBM to create cross-border e-commerce cloud era

Welcome to OKorder.com!

Sign In | Join Free | My OKorder | My Favorites | Help Center | 供应商加盟



Global Materials & Equipment Supplier

| All Categories ▼ | Please input a keyword | **Search** |

Popular Searches: Steel Coil, Aluminium, Waterproofing, Solar Panel, Ceiling

Advanced Search

Home > news

## OKorder joined hands with IBM to create cross-border e-commerce cloud era

On September 26, 2014, IBM and OKorder declared jointly that OKorder adopted IBM cloud computing service to start the domestic cross-border e-commerce cloud era. With the assistance of IBM, OKorder combined the advanced world cloud computing service to create the online and offline integrated cross-border e-commerce platform that can be better used by the clients based on the innovative commercial mode of "cross-border e-commerce+ overseas warehouse" (The commercial mode of "cross-border e-commerce + overseas warehouse" created initially by OKorder breaks through the traditional mode by information-based means. The overseas buyers can purchase the client's products online in virtue of OKorder's cross-border e-commerce platform and then convey and distribute the products by OKorder's local overseas warehouse and logistics systems within the world range). It could promote the industrial upgrade and transformation from Chinese manufacturing industry to the manufacturing service industry, accelerate the development of overseas market and expand the new online Silk Road.

Deploying cloud service innovatively and expanding online Silk Road
The rapid development in the international market OKorder puts forward higher request to IT. To provide the clients around the world with more efficient service, OKorder intends to expand the radius of management and marketing and improve the efficiency of integral operation and the management of business risk around the world in virtue of the advanced cloud computing platform. Therefore, OKorder selected three more powerful companies in the world to test the performance indexes for 3 months such as the safety, stability, quantity of nodes and evenness efficiency of the world client's visit. Finally, IBM cloud platform Softlayer stood out.

IBM can satisfy the global layout of OKorder in virtue of public cloud platform Softlayer in nearly 40 cloud data centers of five continents. Softlayer naked computer special service provided by OKorder can enable the clients to manage the infrastructures more directly and closely. The special naked computer proves to be more effective in serving the enterprise client. Using the special infrastructure for computing and storage can obtain high performance cloud computing with its extremely flexible and safe cloud service, and thus can help the enterprise to improve the client experience and efficiency, and make rapid development in the world market.

Ensuring the safety of online transaction, and reducing the client's purchase costs

Cloud deployment is set in the front end of OKorder's website in virtue of IBM's global cloud platform. OKorder has promoted the websites in Chinese, English, etc. for the different countries and regions and the cloud node of the websites in all versions is deployed on IBM's global cloud platform. The market promotion and operation can be realized by combining the search engine with promotion channel of different countries and regions.

IBM's cloud computing platform can ensure the safety of online transaction, reduce the costs of all links and improve the efficiency of transaction process. What is more important is that we can provide the clients around the world with better service and maintain our competitiveness. We expect the continuous and further cooperation with IBM and join hands to create the Silk Road in Internet era by the most advanced cloud computing technology to serve the development of China's foreign trade.

In the future, based on IBM's global network, it is expected to develop individually distributive OKorder ETP system (enterprise transaction platform) and build the OKorder global office network. OKorder ETP system has realized data exchange between the systems of the organizations such as bank, insurance, customs, and logistics. We can also open the general module of Chinese business in OKorder ETP system to the foreign small and medium-sized enterprises by cloud platform.

| All Categories | ▼ | Please input a keyword | **Search** |

**About Us**
· About OKorder
· Corporate Culture
· Sales Network
· Certificate
· Contact Us
· OKorder Blog

**Terms & Conditions**
· Membership Agreement
· Privacy Policy
· Terms of Use
· Intellectual Property
  Infringement Policy

**Help Center**
· User Guide
· Site Map

Subscribe to Okorder for latest offerings & news

| Your Email Address | ✉ Subscribe |

Our community:
in LinkedIn  f Facebook  Twitter  Pinterest  google+

Copyright Notice © 2010-2014  www.OKorder.com All rights reserved.


**okorder.com**
Global Materials & Equipment Supplier

| All Categories ▼ | Please input a keyword | Search |

Popular Searches: Steel Coil, Aluminium, Waterproofing, Solar Panel, Ceiling          Advanced Search

Home > About Us

**About Us**
- Corporate Information
- Corporate Culture
- Certificate
- Contact Us
- Site Map

## Corporate Information

OKorder.com is a Global Materials and Equipment Supplier, invested by CNBM International, a Fortune 500 company. CNBM International has more than 20 years in foreign trade experience, and has established lasting business relations with clients in over 160 countries.

CNBM International has established OKorder.com as the destination for "quality products, reasonable prices and all-round services" catering to overseas wholesalers. All products on OKorder.com are carefully selected from China's quality manufacturing enterprises. Through its ISO certifications, OKorder.com adheres to the highest standards and commitment toward supply chain safety and customer satisfaction.

OKorder.com - Global Materials and Equipment Supplier - our mission is making international trade Easier.

| All Categories ▼ | Please input a keyword | Search |

**About Us**
- About OKorder
- Corporate Culture
- Sales Network
- Certificate
- Contact Us
- OKorder Blog

**Terms & Conditions**
- Membership Agreement
- Privacy Policy
- Terms of Use
- Intellectual Property Infringement Policy

**Help Center**
- User Guide
- Site Map

**Subscribe to Okorder for latest offerings & news**

Your Email Address    ✉ Subscribe

Our community:

🔗 LinkedIn  f Facebook  🐦 Twitter  📌 Pinterest  g+ google+  📹

Copyright Notice © 2010-2014   www.OKorder.com All rights reserved.

Welcome to OKorder.com!

Sign In | Join Free | My OKorder | My Favorites | Help Center | 供应商加盟


.com
Global Materials & Equipment Supplier

All Categories ▼ | Please input a keyword    **Search**

Popular Searches: Steel Coil, Aluminium, Waterproofing, Solar Panel, Ceiling    Advanced Search

Home > Service

**Service**

Help Center

Sales Network

My OKorder

## Sales Network

### Oversea Branches

With oversea branches around the world, such as America, UAE, Dubai, Russia, Saudi Arabia, India, Viet Nam, Germany, Indonesia, Ukraine, etc., customer's products are sold worldwide.



### Overseas Logistics Parks

CNBM plans to build five overseas logistics parks, which support OKorder's online trading and is also served as storage、selling, distribution and after-sales center for overseas customers. Dubai Logistics Park has been put into operation in August, 2013.

Dubai Logistics Parks: covers the Middle East, South Asia and North Africa market

South Africa Logistics Parks: covers East African Common Market

Nigeria Logistics Parks: covers West African, Central African Market

Brazil Logistics Parks: covers the Latin American Market



All Categories ▼ | Please input a keyword    **Search**

---

**About Us**
- About OKorder
- Corporate Culture
- Sales Network
- Certificate
- Contact Us
- OKorder Blog

**Terms & Conditions**
- Membership Agreement
- Privacy Policy
- Terms of Use
- Intellectual Property Infringement Policy

**Help Center**
- User Guide
- Site Map

**Subscribe to Okorder for latest offerings & news**

Your Email Address   ✉ Subscribe

Our community:

in LinkedIn   f Facebook   Twitter   Pinterest   g+ google+

Copyright Notice © 2010-2014   www.OKorder.com All rights reserved.



CNBM International

Search: [ ] All ▼ Search

中文 | **English**

| Home | About Us | News | Business | Marketing | Overseas | Careers |

新闻中心
News

**News Center** ⊡

**Company News**

Industry News

okorder.com

Current Location: Home >> News Center >> Company News

### CNBM Group Named to Fortune Global 500 for the Fourth Successive Time, Ranking the 267th

http://www.icnbm.com · Date: 2014-07-10

On July 7th, the US Fortune magazine published the 2014 Ranking List of World Top 500 Enterprises. China National Building Materials Group Corporation (CNBM Group in short) enters into the Fortune Global 500 for the fourth successive time with its operating revenue of 41.03 billion USD, ranking the 267th place, and rising 52 places over last year. Amongst the three building materials enterprises listed in the Fortune Global 500, CNBM ranks the second with promising momentum.

The rapid development of CNBM Group derives from the market-oriented reform of diversified ownership and a series of innovative actions carrying forward the industrial reorganization. Thanks to the exploration into the marketization mode of SOK enterprises (state-owned keyenterprises), CNBM Group reorganized almost a thousand enterprises with limited government capital and hence reactivated a greater amount of social capital, which exerted a positive influence on building material industrial transformation and achieved a win-win situation between China's national assets appreciation and enterprises development. Now CNBM Group has become a remarkable example in SOK enterprises' diversified ownership reformation.

To give a full play in China's economic growth, CNBM Group carried out highly effective works including the innovation, integration, reformation and marketing in its business operation from the year of 2014. Economic indicators of the first half of the year have seen a stable and promising momentum.

OKorder.com is an e-commerce website founded by CNBM Group and now being operated by CNBM International Corporation, an important membership company of CNBM Group's logistic and trade sector. OKorder.com pioneered a brand new business model, the Cross-border E-commerce + Overseas Warehousing, which combines the advantages of traditional international trade company and modern e-commerce company. OKorder.com provides a one-stop international trade service for Chinese manufacturers including Global Marketing, Export Agent, Logistics, Oversea Warehousing and Delivery, Online Supply Chain Financing, and International Trade and E-commerce Training. OKorder.com is dedicated to building up an Online Silk Road and serving to its best for China international trade industry.

next --> CNBM Group Named to Fortune Global 500 for he Four h Successive Time, Ranking he 267th

previous --> SASAC Vice Chairwoman Huang Danhua Inspected CNBM Dubai Logistics Center

Legal Statement | Site Map | Contact us

CNBM International Corpora ion·Webpage All Rights Reserved:(C) 2005-2013 Copyright@2013 京ICP备09078545号





🏠 Home　中文　🔍

About CNBM　|　News Center　|　Business Platform　|　CNBM worldwide　|　Social Responsibility　|　Contact us



Home > News Center

## News Center

### Congratulations on Okorder.com official launch

Source: CLFG 02-18-2011 0:00:00

Feb 10th, 2011, Okorder.com launched its official website successfully. OKORDER is a global direct selling platform for building materials. With the mission of 'making every order easy', OKORDER commits itself to offer a brand-new selling channel for Chinese domestic manufacturers through diverse cooperation forms, and create convenient, rapid, low-cost purchasing platform for overseas customers.



OKORDER is developed and operated by CNBM International Corporation (CNBM International), which is the most important trading platform of CNBM Group. With years of development and accumulation, CNBM International enjoys stable suppliers, abundant customer resources, professional marketing network and modern logistics system. By transforming its traditional trading pattern to an E-commerce platform, Okorder.com will devote itself to enhance the shopping experience of and brings more benefits to its world-wide clients.

**All CNBM Group Websites**

— Subsidiaries —　　▼



Copyright©2003China National Building Material Group Corporation

# EXHIBIT "A"

AO 88A  (Rev. 12/13) Subpoena to Testify at a Deposition in a Civil Action

# UNITED STATES DISTRICT COURT

for the

Eastern District of Louisiana

| | |
|---|---|
| In re:  Chinese-Manuf. Drywall Products Liab. Lit. _____ | ) |
| *Plaintiff* | ) |
| v. | ) Civil Action No.   MDL 2047 |
| _____ | ) |
| | ) |
| *Defendant* | ) |

### SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION

To:       International Business Machines Corporation, through Michelle H. Browdy, Senior Vice President,
          Legal and Regulatory Affairs, and General Counsel, New Orchard Road, Armonk, New York, 10504
*(Name of person to whom this subpoena is directed)*

☑ *Testimony:*  **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at a deposition to be taken in this civil action.  If you are an organization, you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about the following matters, or those set forth in an attachment:

| Place:  Seeger Weiss, 77 Water Street, New York, NY 10005 | Date and Time: |
|---|---|
| | 04/14/2015 10:00 am |

The deposition will be recorded by this method:   Oral and Videotaped

☑ *Production:*  You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material:

See attached Notice of Expedited Oral and Videotaped Deposition Pursuant to May 17, 2015 Minute Entry [Rec. Doc. 18493].

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:       03/25/2015

|  |  |  |
|---|---|---|
| *CLERK OF COURT* | | |
| | OR | |
| _____ | | _____ |
| *Signature of Clerk or Deputy Clerk* | | *Attorney's signature* |

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)*   Plaintiffs
_____ , who issues or requests this subpoena, are:

Plaintiffs' Liaison Counsel, Russ M. Herman/Leonard A. Davis, Herman, Herman & Katz, LLC, 820 O'Keefe Avenue,
New Orleans, LA  70113, (504) 581-4892; email:  ldavis@hhklawfirm.com

### Notice to the person who issues or requests this subpoena
If this subpoena commands the production of documents, electronically stored information, or tangible things, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed.  Fed. R. Civ. P. 45(a)(4).

AO 88A  (Rev.  12/13) Subpoena to Testify at a Deposition in a Civil Action (Page 2)

Civil Action No.   MDL 2047

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❐  I served the subpoena by delivering a copy to the named individual as follows: _____

_____   on *(date)* _____ ; or

❐  I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $   0.00   .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.: