UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: CHINESE-MANUFACTURED DRYWALL PRODUCTS LIABILITY LITIGATION | * * * * | MDL No. 2047 |
| | * | SECTION L |
| | * * | JUDGE FALLON |
| **THIS DOCUMENT APPLIES TO ALL CASES** | * * * * | MAGISTRATE JUDGE WILKINSON |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

**MEMORANDUM IN SUPPORT OF
MOTION TO QUASH SUBPOENA AND
AMENDED NOTICE OF ORAL AND VIDEOTAPED DEPOSITION
PURSUANT TO FED. R. CIV. P. 30(b)(6)
ISSUED TO T. ROWE PRICE GROUP, INC.**

**MAY IT PLEASE THE COURT:**

Plaintiffs' Steering Committee ("PSC") caused a subpoena to be issued to T. Rowe Price Group, Inc. ("T. Rowe"), a non-party to this litigation. A copy of the subpoena (and its attachments) is attached as **Exhibit 1**. The subpoena commands T. Rowe's corporate designee to testify at a deposition in Baltimore, Maryland on April 8, 2015.

Counsel for PSC and T. Rowe conferred and agreed to postpone the deposition until a mutually agreeable date after the court resolves this Motion to Quash. Counsel for PSC and T. Rowe also agreed that T. Rowe would file its Motion on or before March 27, 2015.

#504210

For the reasons set forth below, and pursuant to Federal Rule of Civil Procedure 45(d), T. Rowe moves to quash the subpoena.

## INTRODUCTION

This is the third subpoena and deposition notice served on T. Rowe, a non-party, the putative purpose of which is to assist in collecting a judgment against Taishan. T. Rowe has repeatedly demonstrated that it has no information to assist the Plaintiffs' Steering Committee ("PSC") in that effort, and does so again. For that reason and the additional reason that Taishan has now appeared in the litigation, the subpoena and notice should be quashed.

## ARGUMENT

### I.  The Federal Rules of Civil Procedure Dictate that the Court Quash PSC's Subpoena.

"A party issuing a subpoena has the burden to ensure that the subpoena does not impose undue burden or expense, and that is especially so where the subpoena is issued to a non-party." *Methodist Health Servs. Corp. v. OSF Healthcare Sys.*, 2014 WL 1612838, at *5 (C.D. Ill. Apr. 22, 2014) (citations omitted). Federal Rule of Civil Procedure 45(d)(1) expressly provides that a court "must enforce this duty and impose an appropriate sanction" on a party or attorney who does not meet this responsibility. Additionally, a court "must" quash or modify a subpoena if it subjects a person to undue burden. Fed. R. Civ. P. 45(d)(3).

PSC's subpoena seeks information readily available from a party to the litigation, subjects non-party T. Rowe to undue burden, and seeks testimony that T. Rowe, a

#504210                                                 2

holding company located in Baltimore, Maryland, does not possess. The subpoena should be quashed.

### A. The subpoena is defective because it seeks testimony that can be obtained from the Judgment Debtor itself.

The subpoena commands T. Rowe to produce a Rule 30(b)(6) corporate representative to testify "in furtherance of discovery related to collection of a judgment." Before attempting to burden and harass a non-party, the PSC should pursue discovery from the judgment debtor Taishan Gypsum Co., Ltd. On March 9, 2015, the judgment debtor, through its counsel, represented to the Court that it is "participating in this judicial process" and "prepared to satisfy the Default Judgment entered" against it. Taishan's Response in Opposition to PSC's Motion for Expedited Hearing to Enforce the Court's July 17, 2014 Contempt Order (Rec. Doc. 18451) at 1, 6. The PSC itself acknowledged Taishan's representation that it is "ready, willing and able to pay the entire judgment" against it. PSC's Responsive Memorandum to Objections of Third Party Subpoenaed Witnesses (Rec. Doc. 18476) at 4. Because Taishan is available and prepared to satisfy the judgment against it, PSC's subpoena is an unnecessary waste of time and resources.

### B. The subpoena is facially unreasonable and overbroad.

Even if Taishan were not participating in the litigation and not prepared to satisfy the judgment against it, the subpoena should be quashed as facially unreasonable and overbroad. Factors considered by a court to determine whether a subpoena imposes an undue burden include the breadth of the request, the particularity with which the party describes the requested information, the relevance of the information requested, and the

#504210    3

burden imposed. *Wiwa v. Royal Dutch Petroleum Co.*, 392 F.3d 812, 818 (5th Cir. 2004) (citation omitted). "A facially overbroad subpoena is unduly burdensome." *Cmedia, LLC v. LifeKey Healthcare, LLC*, 216 F.R.D. 387, 389 (N.D. Tex. 2003) (citation omitted).

PSC's subpoena is facially unreasonable and overbroad. It commands T. Rowe to produce a Rule 30(b)(6) corporate representative to testify "in furtherance of discovery related to collection of a judgment," with the unlimited qualification that "all matters may be discovered in the deposition." Ex. 1 at 5. The deposition is to continue from day to day until complete. *Id.*

The subpoena's impermissible breadth and lack of relevance is exemplified in the ten categories of inquiry outlined in Schedule A of the Notice of Deposition. The areas of inquiry include, but are not limited to, "every transaction," "[a]ny commercial interactions or commercial relationships," every communication, and any document from January 1, 2001 to the present relating not just to Taishan but also to 222 other entities and their parents, related entities, subsidiaries, agents, and assigns. *Id.* at Schedule A.

Schedule A also requires T. Rowe to provide testimony on behalf of itself and "any of its domestic or international predecessors in interest, successors in interest, subsidiaries, divisions, subdivisions, affiliates, officers, directors, employees, representatives, independent contractors, consultants, or agents, whether present or former, including but not limited to their attorneys and accountants." *Id.* at Schedule A, § (j) (definition of "you" and "yours"). Deposition testimony under Rule 30(b)(6) is

expressly limited to "information known or reasonably available to the organization"—"known or reasonably available" cannot mean that non-party T. Rowe must seek out and interview any entity or person tangentially associated with the T. Rowe Price name (including independent contractors) and offer binding testimony concerning all those entities' and persons' communications, relationships, and transactions with hundreds of foreign entities over the past 14 years.  *See, e.g., In re Ski Train Fire of November 11, 2000 Kaprun Austria*, 2006 WL 1328259 (S.D.N.Y. May 16, 2006) (denying motion to compel Rule 30(b)(6) deposition testimony from a defendant corporation about topics which the defendant's foreign subsidiary likely would have been most knowledgeable, and holding that Rule 30(b)(6) does not require even a <u>defendant</u> corporation "to acquire all of the knowledge of the subsidiary on matters in which the parent was not involved, and to testify to those matters in a manner which binds the parent, a separate legal entity"); *Power Integrations, Inc. v. Fairchild Semiconductor Int'l, Inc.*, 233 F.R.D. 143, 145-47 (D. De. 2005) (non-party domestic subsidiary not obligated to produce documents of parent corporation).

      There is no reasonable explanation as to how the broad deposition notice issued to T. Rowe is relevant to the collection of a judgment against a Chinese entity wholly unrelated to T. Rowe, and PSC does not even attempt to offer one in its deposition notice. *McBride v. Medicalodges, Inc.*, 250 F.R.D. 581, 586 (D. Kan. 2008) (citation omitted) ("[W]hen the relevancy of the discovery request is not readily apparent on its face, the party seeking the discovery has the burden to show the relevancy of the request."); *Micro*

#504210                                                    5

*Motion, Inc. v. Kane Steel Co., Inc.*, 894 F.2d 1318, 1328 (Fed. Cir. 1990) (A "litigant may not engage in merely speculative inquiries in the guise of relevant discovery."). There is no basis for inquiry into every transaction, communication, or interaction with anyone, let alone with hundreds of entities who are not the judgment debtor. Discovery issued to a non-party in furtherance of collecting a judgment should be limited to whether that non-party alone is in possession of the judgment debtor's property. *See YCB Int'l, Inc. v. UCF Trading Co., Ltd.*, 2014 WL 117353, at * 2 (N.D. Ill. Jan. 13, 2014) ("Ordinarily, post judgment discovery sought from third parties is limited to information about the assets of the judgment debtor and must be balanced against the privacy interests of third party.") (citations omitted); *Cassion Corp. v. County West Bldg. Corp.*, 62 F.R.D. 331, 334 (E.D. Pa. 1974).

"To allow Rule 30(b)(6) to effectively function, the requesting party must take care to designate, with painstaking specificity, the particular subject areas that are intended to be questioned, and that are relevant to the issues in dispute." *McBride*, 250 F.R.D. at 584 (citations omitted). PSC's subpoena seeks neither particularized nor relevant testimony. PSC's subpoena violates Federal Rule of Civil Procedure 45(d) and should be quashed. *E.g.*, *Reed v. Bennett*, 193 F.R.D. 689, 692 (D. Kan. 2000) (describing that "[a]n overbroad Rule 30(b)(6) notice subjects the noticed party to an impossible task" and quashing a Rule 30(b)(6) deposition notice as overly broad where, although specific topics of inquiry were listed, the topics were qualified by the phrase "including but not limited to").

### C. The subpoena is defective because it seeks testimony that T. Rowe does not possess.

T. Rowe has no knowledge of the topics listed in the subpoena's deposition notice which are related to Taishan.  Affidavit of John Gilner, attached hereto as **Exhibit 2**, at ¶¶ 2, 6.  T. Rowe is not a shareholder of record of any of the companies identified in the subpoena's deposition notice.  *Id.* at ¶ 5.

Although the Deposition Topics attached to the subpoena are facially unreasonable and overbroad (*see supra*), T. Rowe has affirmed in the affidavit attached as Ex. 2 that it:

(a) has not been involved in the design, development, manufacture, promotion, export, import, brokerage, distribution, shipment, storage, sale, purchase and/or installation of Chinese drywall during the Relevant Time Period;

(b) has not engaged in transactions involving Chinese drywall or with entities that sell Chinese drywall during the Relevant Time Period;

(c) has not engaged in transactions with Taishan Gypsum Co., Ltd. ("Taishan") during the Relevant Time Period;

(d) has not engaged in commercial interactions or commercial relationships with Taishan during the Relevant Time Period;

(e) has not had an ownership or financial interest in Taishan during the Relevant Time Period;

(f) has not made any loans or investments in Taishan during the Relevant Time Period;

(g) is not aware of any loans or investments by Taishan in T. Rowe during the Relevant Time Period;

(h) is not aware of the court order dated July 17, 2014 other than through its attorneys; and

(i) is not aware of whether Taishan conducted business in the United States during the Relevant Time Period.

The PSC is attempting to shift the cost and inconvenience of collecting its judgment onto T. Rowe, a non-party.  Because the subject matter is not limited to whether T. Rowe is in possession of the judgment debtor's property, it also is clear that the discovery is being sought for some other purpose other than the one stated.  As a

#504210                                     7

non-party to this litigation, T. Rowe should not be forced to endure such an undue burden.

## II. If the Subpoena is not Quashed, the Federal Rules of Civil Procedure Require that PSC Compensate T. Rowe for its Expenses in Complying with the Subpoena.

"Courts addressing the issue of how the costs of subpoena compliance should be allocated have consistently emphasized that non-parties who have no interest in particular litigation should not be required to subsidize the costs of that litigation." *Broussard v. Lemons*, 186 F.R.D. 396, 398 (W.D. La. 1999) (internal citations omitted); *see also Linder v. Calero-Portocarrero*, 183 F.R.D. 314, 322 (D.D.C. 1998) ("In addition to keeping nonparties from being forced to subsidize an unreasonable share of the costs of litigation to which they were not a party, Rule 45's mandatory cost-shifting provisions promote the most efficient use of resources in the discovery process.") (internal quotation and citation omitted).

Here, if the Court denies T. Rowe's Motion, T. Rowe will be forced to spend significant time and money in an attempt to comply with the subpoena. Accordingly, pursuant to Federal Rule of Civil Procedure 45(d)(3)(C)(ii), if T. Rowe is required by the Court to comply with the subpoena, the Court should order that PSC compensate T. Rowe for any costs associated with such compliance—including all employee time, travel costs, and attorneys' fees. *See Broussard*, 186 F.R.D. at 398 (ordering subpoenaing party to pay reasonable costs and expenses of complying with a subpoena even though compliance would not likely pose an undue burden).

#504210  8

## **CONCLUSION**

For the foregoing reasons, T. Rowe requests that the Court quash the subpoena issued to it by PSC and for such other relief as may be equitable and just.

                                            /s/  Rebecca L. Caldwell
                                    Ward B. Coe, III
                                    MD. Fed. Bar. No. 00282
                                    wcoe@gejlaw.com
                                    Rebecca L. Caldwell
                                    MD. Fed. Bar No. 28957
                                    rcaldwell@gejlaw.com
                                    GALLAGHER EVELIUS & JONES LLP
                                    218 North Charles Street, Suite 400
                                    Baltimore, Maryland  21201
                                    (410) 727-7702
                                    *Attorneys for T. Rowe Price Group, Inc.*

Dated:  March 26, 2015

#504210                                                    9