UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: CHINESE-MANUFACTURED DRYWALL PRODUCTS LIABILITY LITIGATION | MDL NO. 2047<br>SECTION: L<br>JUDGE FALLON<br>MAG. JUDGE WILKINSON |
| THIS DOCUMENT RELATES TO:<br><br>ALL ACTIONS | |

### TAISHAN GYPSUM CO., LTD.'S RESPONSE IN OPPOSITION TO THE PSC'S MOTION TO STRIKE HOGAN LOVELLS' DESIGNATION OF DOCUMENTS AS HIGHLY CONFIDENTIAL

The Court should deny the PSC's motion to strike Hogan Lovells' designation of documents as highly confidential, which properly prevents public disclosure of the documents. Although the Court ruled that attorney-client privilege was lost, these are still confidential and sensitive documents. Thus, good cause exists for the designation under Pretrial Order (PTO) 16, and the PSC is not prejudiced by the designation. Maintaining the highly confidential designation and requiring the documents to be filed under seal is the only technologically feasible way to permit their use in this litigation while preventing their uncontrolled dissemination outside this litigation.

Taishan's former counsel, Hogan Lovells, designated certain attorney-client communications as highly confidential under PTO 16, which defines "Highly Confidential-Restricted Information" as:

> . . . any information that the Producing Party believes in good faith constitutes, reflects, discloses, or contains information subject to protection under Fed. R. Civ. P. 26(c) or other applicable law, and that contain highly sensitive and competitive information, the disclosure of which to persons other than those designated in this Protective Order would pose a substantial risk of serious harm, economic or otherwise, to the Producing Party.

Rec. Doc. No. 288 at ¶ 8.  Federal Rule of Civil Procedure 26(c) protects material that would subject the disclosing party to "annoyance, embarrassment, oppression, or undue burden or expense."

As the Court recognized, these documents "involve confidential communications made from Taishan to its counsel." (Rec. Doc. No. 18196 at 7).  They contain attorney work product that this Court has reviewed and permitted to be redacted.

The PSC's motion confuses two distinct concepts: privilege and confidentiality.  *See In re Grand Jury Subpoena Dated Dec. 17, 1996*, 148 F.3d 487, 492 (5th Cir. 1998) (holding that "'confidential' does not necessarily mean 'privileged'").  A privilege is an evidentiary protection from disclosure, but confidentiality is in the nature of the communication, and does not change simply because the communication has lost its privileged status and has been produced.  Thus, the attorney-client communications at issue maintained their highly confidential character even after production.  Communications rendered in confidence between counsel and client are, by their very nature, sensitive and confidential.  The public disclosure of attorney-client communications also would regularly lead to embarrassment under Rule 26(c) because it opens to scrutiny private conversations without the benefit of context or explanation.

Plaintiffs' attempt to conflate privilege and confidentiality also finds no support in the Court's Protective Order, which protects a range of information that extends beyond privileged communications.  *See* Protective Order at ¶ 8 (protecting as highly confidential information that reflects "information subject to protection under Fed. R. Civ. P. 26(c) or other applicable law").

The Court recognized at last week's status conference that the documents should only be used for this litigation.  However, removing the highly confidential designation and permitting the documents to be filed without seal on CM/ECF will enable anyone who has access to the

internet—including those who are not bound by the protective order—to download and use the documents for any purpose.  The only technologically feasible way to prevent uncontrolled use of the documents is to maintain the highly confidential designation and require them to be filed under seal.  That will not limit the PSC's use of the documents, but will prevent their dissemination outside this litigation.

Because good cause exists to prevent the public disclosure of these highly confidential documents, Taishan respectfully requests that the Court deny the PSC's motion to strike Hogan Lovells' designation under PTO 16.

### Conclusion

For the foregoing reasons, the Motion to Strike should be DENIED.

Respectfully submitted,

Dated:  March 31, 2015

/s Michael P. Kenny
Bernard Taylor, Esq.
Georgia Bar No. 669625
Michael P. Kenny, Esq.
Georgia Bar No. 415064
Cari K. Dawson, Esq.
Georgia Bar No. 213490
ALSTON & BIRD LLP
1201 West Peachtree Street
Atlanta, Georgia 30309
Phone: (404) 881-7000
Fax: (404) 881-7777
michael.kenny@alston.com
*Counsel for Taishan Gypsum Co., Ltd. and Tai'an Taishan Plasterboard Co., Ltd.*

Alan Dean Weinberger
LA Bar No. 13331
HANGARTNER, RYDBERG & TERRELL, LLC
One Shell Square

>701 Poydras St., Suite 310
>New Orleans, Louisiana  70179
>Phone:  (504) 434-6815
>Fax: (504) 522-5689
>aweinberger@hanrylaw.com
>*Local Counsel for Taishan Gypsum Co., Ltd. and Tai'an Taishan Plasterboard Co., Ltd.*

**CERTIFICATE OF SERVICE**

I hereby certify that the above and foregoing **TAISHAN GYPSUM CO., LTD.'S RESPONSE IN OPPOSITION TO THE PSC'S MOTION TO STRIKE HOGAN LOVELLS' DESIGNATION OF DOCUMENTS AS HIGHLY CONFIDENTIAL** has been served on Plaintiffs' Liaison Counsel, Russ Herman, and Defendants' Liaison Counsel, Kerry Miller, by U.S. mail and e-mail and upon all parties by electronically uploading the same to LexisNexis File & Serve in accordance with Pre-Trial Order No. 6, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2047 on this 31st day of March, 2015.

/s Michael P. Kenny
Michael P. Kenny, Esq.
Georgia Bar No. 415064
ALSTON & BIRD LLP
1201 West Peachtree Street NW
Atlanta, Georgia 30309
Phone: (404) 881-7000
Fax: (404) 881-7777
michael.kenny@alston.com
*Counsel for Taishan*