UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

|  |  |  |
|---|---|---|
| IN RE: CHINESE MANUFACTURED DRYWALL PRODUCTS LIABILITY LITIGATION | : : : : : : : | MDL NO. 2047<br>SECTION L<br><br>JUDGE FALLON<br>MAGISTRATE JUDGE WILKINSON |

**THIS DOCUMENT RELATES TO:** ALL CASES

## ORDER AND REASONS

Before the Court are various motions to accept late-filed claims. (Rec. Docs. 17834, 17837, 18077, 18085, 18094, 18121, 18245, 18285, 18286, 18347, 18382, 18490). The Court has discussed the issue of late-filed claims at some length and has explained the need to bring finality to this issue. (*See, e.g.*, Rec. Docs. 17872, 17967, 18356).

The deadline to submit claims was October 25, 2013. For many months thereafter, a number of plaintiffs sought to file late claims, and the Court accepted a number of late-filed claims. In July 2014, however, the Court explained that it could "no longer allow such late-filed claims, without the presence of exceptional circumstances." (Rec. Doc. 17872). Notably, at that time, Brown Greer had not yet made payments out of various settlement funds. Since that time, the Court has continued to receive motions to accept late-filed claims. At the November 2014 status conference, the Knauf Defendants and the Pro Se Curator (with assistance from the Plaintiffs' Steering Committee) announced that they reached an agreement ("the Agreement") to resolve a number of the late-filed claims that had been marshalled by the Pro Se Curator. (*See* Rec. Doc. 18113). According to the parties, this Agreement does not include already-remediated homes. The Court will not disturb the Agreement between the Knauf Defendants and the Pro Se Curator.

Except for claims covered under this Agreement, however, the time to accept late-filed claims has passed. The deadline to make a claim was October 25, 2013 – almost a year and a half ago. Brown Greer has now all but finished making payments under a number of the settlements, including the Banner, InEx, and Global Settlements. *See generally* http://www.laed.uscourts.gov/Drywall/Drywall.htm. Particularly considering that (1) payments have been made and (2) the deadline to submit claims was over seventeen months ago, the cost of allowing additional late-filed claims continues to grow. Considering the growing cost, the passage of such time, and fairness to all parties, the Court concludes that it can no longer allow such late-filed claims, regardless of exceptional circumstances. Although this ruling does not necessarily mean that a late-filer has no claim, it does mean that such a late-filer cannot make a claim in the litigation before this MDL Court. Rather, the late-filer will have to seek another means by which to pursue the claim. Accordingly,

**IT IS ORDERED** that the motions to accept late-filed claims are **DENIED** except to the extent that a claim is covered under the above-mentioned Agreement between Knauf and the Pro Se Curator.

New Orleans, Louisiana, this 1st day of April, 2015.

_____
UNITED STATES DISTRICT JUDGE

2