UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

|  |  |  |
|---|---|---|
| IN RE: CHINESE MANUFACTURED DRYWALL PRODUCTS LIABILITY LITIGATION | : : : : : : : | MDL NO. 2047<br>SECTION L<br><br>JUDGE FALLON<br>MAGISTRATE JUDGE WILKINSON |

**THIS DOCUMENT RELATES TO:** *Amato*, Case No. 10-932 (E.D. La.)


# ORDER AND REASONS

Before the Court is Plaintiffs' motion to amend the *Amato* class action complaint (No. 10-932) by interlineation to substitute Westchester Fire Insurance Company for American Home Insurance. (Rec. Doc. 18263). Damien Querol, one of the Plaintiffs in the *Amato* complaint, sued American Home Insurance, the primary insurer of his developer and general contractor. American Home Insurance issued three applicable policies of $4 million limit per project and in the aggregate for the project, over which there was excess coverage from Westchester. Westchester brought a declaratory judgment action ("the *Pen* action") in federal district court in Florida, before Judge Seitz, regarding policy limits. Judge Seitz ruled that the $4 million limit was aggregate for the whole project. As American Home Insurance has paid $4 million already, the primary insurance has exhausted. Thus, Plaintiffs argue, there is need to substitute Westchester Fire for American Home Insurance.

Westchester opposes. (Rec. Docs. 18487, 18497). First, Westchester argues that Judge Seitz's ruling is not a final judgment, thus remains appealable. Westchester notes that if the issue reaches the Eleventh Circuit on appeal, and the Circuit rules differently, the Plaintiffs would be forced to bring American Home Insurance back into this MDL litigation. Second, Westchester

1

argues that the "first-filed doctrine" precludes the Plaintiffs from litigating coverage obligations here. Third, Westchester argues that the Louisiana Direct Action Statute does not apply to Mr. Querol, and that there is no right to direct action under any potentially applicable state law. Westchester notes that American Home Insurance is in the "other insured defendants" subcategory of defendants, in contrast to the "Direct Action Defendant" category. Westchester notes that Mr. Querol's home is in Aventura, Florida. Westchester states that its policy is governed by Florida or California law, neither of which permits direct action. Fourth, Westchester argues that the JPML refused to transfer the *Pen* action to this MDL because "insurance coverage questions in these cases are likely to be decided by the applicable state law." Fifth, Westchester argues that substitution by interlineation is improper because Mr. Querol assigned his right to bring a claim for drywall property damage.

American Home Insurance replies in support of the Plaintiffs' motion to amend by interlineation. (Rec. Doc. 18488). American Home Insurance argues that under Rule 15(a) leave to amend should be freely given unless there is a substantial reason for denial. American Home also notes that under Rule 41(a), plaintiffs have an absolute right to dismiss American Home Insurance from the litigation. Moreover, it asserts that there would be no prejudice, even if Judge Seitz's ruling were to be reversed on appeal.

As the Court explained at oral argument on March 26, 2015, there is no substantial reason to deny Plaintiff's requested amendment, thus the Court will allow the amendment. Under Rule 15(a), a party may amend a pleading with the Court's discretion. As the Fifth Circuit has explained:

> The district court's discretion is limited, however, by Rule 15(a), which states that leave to amend must be "freely given when justice so requires." In the context of motions to amend pleadings, 'discretion' may be misleading, because Fed.R.Civ. P. 15(a) 'evinces a bias in favor of granting leave to amend.' Unless there is a

>substantial reason to deny leave to amend, the discretion of the district court is not broad enough to permit denial.

*Stripling v. Jordan Prod. Co., LLC*, 234 F.3d 863, 872 (5th Cir. 2000) (internal citations and quotation marks omitted). Here, none of Westchester's objections justify denial of the motion for leave to amend. Notably, the Court is not persuaded that principles of comity justify denial. Under the "first filed doctrine" cited by Westchester – which intends to avoid duplicative litigation – principles of comity provide that where substantially related questions are pending in two federal district courts, the court presiding over the later-filed case generally should let the first court decide the issue. *See West Gulf Maritime Assoc. v. ILA Deep Sea Local 24, et al.*, 751 F.2d 721, 728-731 (5th Cir. 1985). Here, however, there is no disharmony or duplicativity in permitting the amendment. This Court's decision to permit the amendment in no way interferes with Judge Seitz's ruling in the declaratory judgment action, which, in pertinent part, simply determined that the $4 million limit was aggregate for the project. Under Judge Seitz's ruling, the underlying insurance is exhausted. This Court need not decide the issue of the appropriate policy limit; Judge Seitz has already decided that issue. Thus, there is no substantially related question that would guide this Court to deny the motion to amend on grounds of comity.

As to Westchester's other arguments, the Court need not consider the substantive arguments regarding coverage, other issues of policy interpretation, or the applicability of certain substantive provisions of state law. Those arguments are premature, as Plaintiffs only need to make a prima facie case in their pleadings, and Westchester acknowledged at oral argument that it is indeed the excess insurer here. The Court acknowledges that Westchester reserves the right to put forth its substantive arguments at a later, more appropriate time. However, there is no substantial reason to deny the proposed amendment.

Accordingly, **IT IS ORDERED** that Plaintiffs' motion to amend is **GRANTED**.

4

New Orleans, Louisiana, this 2nd day of April, 2015.

_____
UNITED STATES DISTRICT JUDGE

4