UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: CHINESE MANUFACTURED DRYWALL PRODUCTS LIABILITY LITIGATION<br><br>**THIS DOCUMENT RELATES TO:**<br>*Amorin, et al. v. State-owned Assets Supervision and Administrative Commission, et al., Case No. 2:14-cv-1727* | MDL No. 2:09-md-2047<br><br>SECTION L<br><br>JUDGE ELDON E. FALLON<br><br>MAGISTRATE JUDGE JOSEPH C. WILKINSON, JR. |

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT CNBM GROUP'S EX PARTE MOTION FOR RECONSIDERATION OF THE ORDER GRANTING THE PSC'S MOTION TO SERVE SASAC <u>THROUGH CNBM GROUP</u>**

OHSUSA:761612122.2

**PRESERVATION OF RIGHTS**

In filing this Ex Parte Motion for Reconsideration, and contesting whether counsel for CNBM Group is a proper vehicle for service upon another party under Rule 4(f)(3), CNBM Group does not otherwise accede to this Court's jurisdiction, and it specifically preserves its right to assert any right, privilege, immunity, or defense related to the claims in this action, including but not limited to foreign sovereign immunity, subject matter jurisdiction, personal jurisdiction, service of process, venue, incorrect party identification, and failure to state a claim upon which relief can be granted.  CNBM Group has previously notified the Court and all parties, and hereby reaffirms, that it intends to assert jurisdictional defenses, both subject matter and personal, and in no way intends to or does waive or otherwise limits its ability to raise those defenses, whether by this brief or any other act, filing, appearance, or contention, either before or after this Response, in this or any other litigation.  *See* Order Preserving Defenses [Rec Doc. 18583].

**I.     INTRODUCTION**

Plaintiffs filed a motion for alternative service on Defendant State-owned Assets Supervision and Administration Commission of the State Council of the People's Republic of China ("SASAC") [Rec. Doc. 18549], requesting, among other things, permission to serve SASAC through counsel for CNBM Group pursuant to Federal Rule of Civil Procedure 4(f)(3).  The Court issued an Order

granting the PSC's motion in full just eight days later [Rec. Doc. 18592], even though the motion was not titled an ex parte motion and did not demonstrate good cause that opposing parties should not be given the opportunity to respond.

CNBM Group seeks emergency[1] reconsideration of the Court's Order to correct a manifest error of law. Plaintiffs' request to serve SASAC through counsel for CNBM Group suffers from a basic legal defect, and relies upon a vital factual misstatement, both of which are critical to the future course of this litigation.

The PSC's request is mistaken as a matter of law under clear legal rules established by the Foreign Sovereign Immunities Act ("FSIA"), 28 U.S.C. § 1608 *et seq.* The PSC seeks to effectuate "alternative service" under Rule 4(f)(3), but that rule is simply inapplicable when the party to be served is a foreign sovereign entity like SASAC. In such circumstances, Rule 4(j)(1) provides that service of process "must" be in accordance with the service provisions of the FSIA.

In addition, the PSC's request is premised on an erroneous and unsupported factual assertion—that CNBM Group is "SASAC's wholly-owned subsidiary, agent, and alter ego." Rec. Doc. 18549-1 at 5. The PSC repeats this statement, or

---

[1] To avoid compounding the error of authorizing alternative service on a foreign sovereign by validating any service that Plaintiffs may attempt, the Court should modify its Order as requested herein, or in the alternative, stay the Order pending resolution of hearings and/or briefing on this matter.

OHSUSA:761612122.2

a variant on it, in nearly everything it files with the Court, but saying this does not make it true, and it is not. At an appropriate time, CNBM Group will demonstrate that it is directly and wholly owned by the People's Republic of China, not SASAC. And the PSC has no evidentiary support for its assertions to the contrary.

The Court should therefore reconsider and modify its Order to deny Plaintiffs' request to serve SASAC through CNBM Group's counsel pursuant to Rule 4(f)(3).

## II. ARGUMENT

The Court "possesses the inherent procedural power to reconsider, rescind, or modify an interlocutory order for cause seen by it to be sufficient." *Melancon v. Texaco, Inc.*, 659 F.2d 551, 553 (5th Cir. 1981); *see also Saqui v. Pride Cent. America, LLC*, 595 F.3d 206, 210 (5th Cir. 2010); Fed. R. Civ. P. 54(b). Reconsideration is especially warranted where it is necessary "to correct manifest errors of law or fact." *Waltman v. Int'l Paper Co.*, 875 F.2d 468, 473 (5th Cir. 1989). For the reasons explained below, Plaintiffs' request to serve SASAC through counsel for CNBM Group suffers from a manifest error of law and relies on an erroneous and unsupported factual assertion.

### A. A Foreign Sovereign Entity Like SASAC Must Be Served in Accordance with Section 1608 of the FSIA.

The Federal Rules do not permit alternative service of a foreign sovereign entity like SASAC. The PSC seeks to serve SASAC through counsel for CNBM

- 4 -

Group pursuant to Rule 4(f)(3). That rule, however, applies only where the party to be served is an individual, corporation, partnership, or association in a foreign country. *See* Fed. R. Civ. P. 4(f), (h)(2). SASAC is a government commission, not an individual, corporation, or other business entity.

As the PSC itself recognizes, SASAC is a "political subdivision, agency, or instrumentality" of a foreign state. *See* Fed. R. Civ. P. 4(j)(1). The Court's Findings of Fact and Conclusions of Law with Respect to Plaintiffs' Omnibus Motion for Class Certification ("FOFCOL") [Rec. Doc. 18028] refer to "SASAC (Government of China)," FOFCOL ¶ 25, and the PSC's motion effectively concedes SASAC's sovereign status by initially seeking service pursuant to the FSIA, *see* Rec. Doc. 18549-1 at 14-17; *see also* Return of Request for Service, attached as Exhibit "C" to PSC's Motion to Serve SASAC [Rec. Doc. 18549-4] (SASAC "is the Chinese central government agency which shall enjoy foreign sovereign immunity"). The rule governing service of process here, therefore, is Rule 4(j)(1), which provides that any such entity "*must* be served in accordance with 28 U.S.C. § 1608," the service provisions of the FSIA. (Emphasis added); *see also Angellino v. Al-Saud*, 688 F.3d 771, 773 (D.C. Cir. 2012); *Doe v. Holy See*, 2014 WL 1329985, at *4 (E.D. La. Apr. 2, 2014); 4B Wright & Miller, Federal Practice & Procedure § 1111 (4th ed) ("Section 1608 of the FSIA provides the exclusive procedure for service of process on a foreign state or its political

subdivisions, agencies, or instrumentalities, and that proposition is reinforced in Rule 4(j)(1).").

Consistent with Rule 4(j)(1)'s plain text, courts do not permit alternative service pursuant to Rule 4(f)(3) where the party to be served is a foreign sovereign entity.  *See Zhang v. Baidu.com Inc.*, 293 F.R.D. 508, 516 (S.D.N.Y. 2013) ("Plaintiffs wisely do not seek authorization for alternative service on China, as Rule 4(f)(3) does not apply to service on a foreign state."); *Davoyan v. Republic of Turkey*, 2011 WL 1789983, at *2 (C.D. Cal. May 5, 2011) ("Nor can the Court authorize service by alternative methods under Rule 4(f)(3) [because a] foreign state '*must* be served in accordance with 28 U.S.C. § 1608.'" (quoting Fed. R. Civ. P. 4(j)(1)) (emphasis in *Davoyan*)).[2]  As a result, because it is "plain and indisputable" that Rule 4(f)(3) does not apply to a foreign sovereign entity like SASAC, allowing alternative service through counsel to CNBM Group constitutes "manifest error" warranting reconsideration.  *Guy v. Crown Equipment Corp.*, 394 F.3d 320, 325 (5th Cir. 2004) (internal quotation marks omitted).

---

[2] *See also Angellino*, 688 F.3d at 776 (plaintiff "was required to serve process on the Kingdom of Saudi Arabia under section 1608(a)," even though plaintiff could serve individual Royal Family members under Rule 4(f)(3)).

## B. Contrary to the PSC's Unsupported Assertions, CNBM Group and SASAC Are Not One and the Same.

Moreover, because CNBM Group and SASAC are separate and distinct entities, and counsel for the former does not represent the latter, the PSC has no basis for its unusual request. This Court's previous rulings permitting alternative service of process on a defendant's counsel of record in the United States [Rec. Doc. 17790, 18228], and other cases permitting service on a foreign party's domestic counsel pursuant to Rule 4(f)(3), *see* Rec. Doc. 18549-1 at 22-23, are entirely inapposite.

The PSC attempts to circumvent this fundamental distinction by conflating CNBM Group and SASAC, and suggesting that CNBMG Group is a "wholly-owned subsidiary" and "alter ego" of SASAC. Rec. Doc. 18549-1 at 5, 23. But CNBM Group and SASAC are not one and the same. The Court has instructed the parties to limit the filing of substantive motions, but at an appropriate time, CNBM Group will demonstrate that it is directly and wholly owned by the People's Republic of China, not SASAC. And the PSC has no evidentiary support for its assertions to the contrary. The sole support even offered by the PSC for its most recent assertion—that "SASAC owns 100% of CNBM Group," Rec. Doc. 18549-1 at 10—appears in footnote 25 of its brief. The reference cited in that footnote,

OHSUSA:761612122.2

however, provides no identifiable basis for the claim.[3]  The Court may, and will, search in vain for a factual statement in the cited document that supports the PSC's claim: it nowhere says that SASAC owns CNBM Group, and it frankly is remarkable that the PSC keeps recycling this clearly inapposite citation.

The PSC also relies heavily on the FOFCOL.  Those findings, however, were predicated <u>exclusively</u> on Rule 36 "deemed admissions" by Taishan, which therefore can bind only Taishan – not CNBM Group or SASAC.  *See* FOFCOL ¶ 28 n.5 ("the PSC served <u>Taishan and TPP</u> with a Request for Admissions" and "neither <u>Taishan nor TPP</u> timely responded" (emphasis added)).  Admissions made by a defendant are not binding against co-defendants.  *See, e.g.*, *Becerra v. Asher*, 921 F. Supp. 1538, 1544 (S.D. Tex. 1996) *aff'd*, 105 F.3d 1042 (5th Cir. 1997) ("deemed admissions are binding only on the non-responding party, not on co-parties"); *Riberglass, Inc. v. Techni-Glass Indus., Inc.*, 811 F.2d 565, 566 (11th Cir. 1987) (same); *see also* 4B Wright & Miller, Federal Practice & Procedure § 2264 (3rd ed).  As a result, the Court cannot rely on these FOFCOL or on Taishan's deemed admissions to justify serving SASAC through CNBM Group.

---

[3] The page of the CNBM 2006 Global Offering Prospectus that the PSC cites does not even mention SASAC, much less say anything about SASAC's alleged ownership of CNBM Group.  *See* Excerpts of CNBM 2006 Global Offering Prospectus Filing, attached to the affidavit of Yan Gao as Exhibit "Y" [Rec. Doc. 18433-27] at p. 27.  In any event, the nearly decade-old prospectus could not establish that SASAC currently owns CNBM Group or, for that matter, that it owned CNBM Group at any time since this litigation was filed.

Nor, similarly, does the PSC provide any support for its assertion that CNBM Group is SASAC's "alter ego." Rec. Doc. 18549-1 at 5; *see also id.* at 21. The FOFCOL, even if it could bind other parties, made no such statement. The FOFCOL stated that SASAC "oversees and controls 150 large central [state-owned enterprises], including CNBM Group," and—as mentioned above, incorrectly—that "SASAC owns 100% of the CNBM Group." FOFCOL ¶ 26. But nowhere did it find, nor could it have done so, that CNBM Group is SASAC's alter ego. While the FOFCOL stated that "CNBM, CNBM Group, BNBM and BNBM Group are affiliates of Taishan," FOFCOL ¶ 28, and concluded that these entities were liable for Taishan's conduct under an alter ego theory, FOFCOL ¶¶ 48-51, nowhere did the FOFCOL make any conclusion of law or finding of fact, implied or explicit, that CNBM Group was SASAC's alter ego. The PSC has provided no support, either through the FOFCOL or any other filing, sufficient to overcome CNBM Group's and SASAC's well-recognized "presumption of independent status." *First National City Bank v. Banco para el Comercio Exterior de Cuba* ("*Bancec*"), 462 U.S. 611, 627-28 (1983).

### C. Because the PSC's Motion Did Not Indicate It Was Anything Other Than a Noticed Motion, CNBM Group Was Denied a Proper Opportunity to Respond.

Plaintiffs did not indicate anywhere in the title or body of their motion that they were moving ex parte [Rec. Doc. 18549], nor does the substance of the

motion or memorandum require an expedited ruling [Rec. Doc. 18549-1].[4] Moreover, PTO-6 recognizes the File and Serve system as the means by which parties may be served in this litigation. The notice provided by File and Serve did not identify the Plaintiff's request as seeking relief on an ex parte or otherwise expedited basis.

Therefore, both the Federal Rules of Civil Procedure and the Eastern District of Louisiana's Local Rules require that the Plaintiffs notice the motion for hearing, and provide opposing parties with an opportunity to file responses. *See* Fed. R. Civ. P. 6(c); Local Rules 7.2, 7.5. The Federal Rules "contemplate that *noticed* motions should be the rule and not the exception." *In re Intermagnetics Am., Inc.*, 101 B.R. 191, 193 (C.D. Cal. 1989) ("Timetables for the submission of responding papers and for the setting of hearings are intended to provide a framework for the fair, orderly, and efficient resolution of disputes."). "By allowing both sides to have their say, the adversary system promotes accuracy, fairness, and consistency—the hallmarks of our system of justice." *Id.* at 192; *cf. Granny Goose*

---

[4] The PSC's assertions that it desired to serve SASAC "as soon as possible" and that this litigation is "nearly concluded" [Rec. Doc. 18549-1, at 6]—which it surely is not for parties that have not even been served properly—do not support a motion for emergency relief. *See* Prac. Guide Fed. Civ. Proc. Before Trial (5th Cir.) Ch. 12-F ("ex parte orders are proper only in limited situations, such as . . . *emergencies* in which . . . delay . . . may itself defeat the purpose of the motion" (emphasis in original)).

*Foods, Inc. v. Brotherhood of Teamsters, Local No. 70*, 415 U.S. 423, 438-39 (1974) ("our entire jurisprudence runs counter to the notion of court action taken before reasonable notice and an opportunity to be heard has been granted both sides of a dispute").  The Court erred in granting the Plaintiffs' motion without providing parties the requisite time to respond.

### III. CONCLUSION

For the foregoing reasons, CNBM Group's motion for reconsideration should be GRANTED and the PSC's request to serve SASAC through counsel for CNBM Group should be DENIED.

Respectfully submitted,

/s/ L. Christopher Vejnoska

L. Christopher Vejnoska (CA Bar No. 96082)
Ian Johnson (CA Bar No. 208713)
Andrew Davidson (CA Bar No. 266506)
Jason Wu (CA Bar No. 279118)
ORRICK, HERRINGTON & SUTCLIFFE LLP
The Orrick Building
405 Howard Street
San Francisco, CA  94105
Tel.:  415-773-5700
Fax.: 415-773-5759
E-mail:     cvejnoska@orrick.com
            ijohnson@orrick.com
            adavidson@orrick.com
            jmwu@orrick.com

        James L. Stengel (NY Bar No. 1800556)
        Xiang Wang (NY Bar No. 4311114)
        ORRICK, HERRINGTON & SUTCLIFFE LLP
        51 West 52nd Street
        New York, NY, 10019
        Tel:  212-506-5000
        Fax:   212-506-5151
        Email:        jstengel@orrick.com
                         xiangwang@orrick.com

        Eric A. Shumsky (D.C. Bar No. 477926)
        ORRICK, HERRINGTON & SUTCLIFFE LLP
        Columbia Center
        1152 15th Street NW
        Washington, D.C. 20005
        Tel: 202-339-8400
        Fax:   202-339-8500
        Email:        eshumsky@orrick.com

        *Attorneys for China National Building Materials Group Corporation*

Dated**:** April 3, 2015

## CERTIFICATE OF SERVICE

I hereby certify that the above and foregoing MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT CNBM GROUP'S EX PARTE MOTION FOR RECONSIDERATION OF THE ORDER GRANTING THE PSC'S MOTION TO SERVE SASAC THROUGH CNBM GROUP has been served on Plaintiffs' Liaison Counsel, Russ Herman, and Defendants' Liaison Counsel, Kerry Miller, by U.S. mail and e-mail and upon all parties by electronically uploading the same to LexisNexis File & Serve in accordance with Pre-Trial Order No. 6, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2047 on this 3rd day of April, 2015.

/s/ L. Christopher Vejnoska

L. Christopher Vejnoska (CA Bar No. 96082)
ORRICK, HERRINGTON & SUTCLIFFE LLP
The Orrick Building
405 Howard Street
San Francisco, CA  94105
Tel.:  415-773-5700
Fax.: 415-773-5759
E-mail:     cvejnoska@orrick.com
*Counsel for CNBM Group*