UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: CHINESE-MANUFACTURED DRYWALL PRODUCTS LIABILITY LITIGATION<br><br>THIS DOCUMENT RELATES TO:<br><br>ALL ACTIONS | MDL NO. 2047<br>SECTION: L<br>JUDGE FALLON<br>MAG. JUDGE WILKINSON |

**TAISHAN GYPSUM CO., LTD.'S RESPONSE IN OPPOSITION TO THE PSC'S MOTION TO STAY AND DEFER PRE-MARCH 17, 2015 DISCOVERY AND TO PRIORITIZE EXPEDITED DISCOVERY**

Taishan Gypsum Co. Ltd. ("Taishan") opposes the PSC's motion to stay, defer and prioritize certain discovery (Rec. Doc. 18578). The asset discovery at issue is fundamentally ***improper*** and ***should not be had.*** The reasons for this position are threefold. First, the PSC impermissibly seeks Rule 69(a) post-judgment discovery where the basis for that discovery—an unpaid judgment—no longer exists. The *Germano* judgment has been paid. Thus, there is no need for any discovery in aid of execution of an existing judgment. Second, it is premature and impermissible to seek asset discovery for non-*Germano* plaintiffs whose cases have not reached a judgment. Third, the motion improperly requests an expedited timetable of already expedited discovery requests on Taishan.

1. *Impermissibility of Asset Discovery without a Judgment under Rule 69*

In the discovery requests in question, the PSC seeks 30(b)(6) depositions and a wide range of documents from at least 17 third-parties, ranging from national retailers like Target and Amazon to financial firms like JP Morgan Chase and Morgan Stanley. The PSC's stated goal is "to locate the whereabouts of seizable assets of the Taishan Defendants in the United States."

18578-1 at 2.  Given Taishan's payment in full of the *Germano* judgment, these discovery requests are impermissible under the Federal Rules.  The PSC is not a "judgment creditor" under Rule 69(a)(2), and thus, the PSC cannot pursue discovery "[i]n aid of the judgment or execution."  Fed. R. Civ. P. 69(a)(2).

    *2*.  *It is Premature and Impermissible to Seek Asset Discovery for Non-Germano Plaintiffs*

The PSC improperly argues that it is seeking to identify assets in anticipation of collecting on a final judgment in the current *Amorin* class action pending in this MDL.  "[T]here is no right to discovery of assets until judgment is obtained."  *Sanderson v. Winner*, 507 F.2d 477, 480 (10th Cir. 1974) (citations omitted).  Accordingly, the PSC "may not discover [Taishan's] assets until after a judgment has been rendered."  *Turner*, 609 F.2d at 745 (citing *Sanderson*).  Without a judgment, Taishan's "financial status, like the financial status of most putative defendants, is not relevant to any issue that will be raised in the [] lawsuit." *Id*.

The PSC's request to move forward with this asset discovery without a judgment is not just contrary to Fifth Circuit law, but also to practice around the country.  *See, e.g*., *Sierrapine v. Refiner Prods. Mfg*., 275 F.R.D. 604, 609 (E.D. Cal. 2011) (rejecting pre-judgment collectability discovery and citing to other district court cases around the country reaching the same result).  Federal Rule of Civil Procedure 69, not the general relevance standard of Rule 26, governs judgment-collectability discovery.  *See* James Wm. Moore, 6 Moore's Federal Practice § 26.41[8][a] (Matthew Bender 3d ed. 2011) ("[t]he relevancy requirement is not met when a party wants to know the opposing party's assets prejudgment to determine what assets are available for attachment should that party succeed in obtaining a favorable judgment").  The federal rules clearly show that the Rule 69 discovery that the PSC wishes to stay is premature and irrelevant until there is a new judgment in this case and a need to enforce it.

3. *Expedited Production of Expedited Discovery*

The PSC also requests "expedited" production of documents from Taishan that are already on an expedited five-week timetable. Specifically, the PSC states:

> This includes requiring expedited responses to the PSC's interrogatory and request for production of documents propounded upon the Taishan defendants on March 20, 2015, which were designed to elicit the source of the funds used by Taishan to pay the several components of the Court's July 17, 2015 Contempt Order and the *Germano* Judgement and costs.

Rec. Doc. 18578.

Taishan continues to meet and confer with the PSC and is working diligently to meet the expedited schedule that the court has already set. Expediting an already expedited production schedule is both redundant and unnecessary given the Court's clear message that Taishan is expected to "participate fully" in this five-week discovery period. Accordingly, the PSC's request should be denied.

**Conclusion**

For the foregoing reasons, Taishan respectfully requests that the PSC's Motion be DENIED, with a legal finding that such discovery is improper and should not be had.

Dated: April 5, 2015

Respectfully submitted,

/s Michael P. Kenny
Bernard Taylor, Esq.
Georgia Bar No. 669625
Michael P. Kenny, Esq.
Georgia Bar No. 415064
Cari K. Dawson, Esq.
Georgia Bar No. 213490
ALSTON & BIRD LLP
1201 West Peachtree Street
Atlanta, Georgia 30309

3

Phone: (404) 881-7000
Fax: (404) 881-7777
michael.kenny@alston.com
*Counsel for Taishan Gypsum Co., Ltd. and Tai'an Taishan Plasterboard Co., Ltd.*

Alan Dean Weinberger
LA Bar No. 13331
HANGARTNER, RYDBERG & TERRELL, LLC
One Shell Square
701 Poydras St., Suite 310
New Orleans, Louisiana  70179
Phone:  (504) 434-6815
Fax: (504) 522-5689
aweinberger@hanrylaw.com
*Local Counsel for Taishan Gypsum Co., Ltd. and Tai'an Taishan Plasterboard Co., Ltd.*

**CERTIFICATE OF SERVICE**

I hereby certify that the above and foregoing **TAISHAN GYPSUM CO., LTD.'S RESPONSE IN OPPOSITION TO THE PSC'S MOTION TO STAY AND DEFER PRE-MARCH 17, 2015 DISCOVERY AND TO PRIORITIZE EXPEDITED DISCOVERY** has been served on Plaintiffs' Liaison Counsel, Russ Herman, and Defendants' Liaison Counsel, Kerry Miller, by U.S. mail and e-mail and upon all parties by electronically uploading the same to LexisNexis File & Serve in accordance with Pre-Trial Order No. 6, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2047 on this 5th day of April, 2015.

    /s Michael P. Kenny
Michael P. Kenny, Esq.
Georgia Bar No. 415064
ALSTON & BIRD LLP
1201 West Peachtree Street NW
Atlanta, Georgia 30309
Phone: (404) 881-7000
Fax: (404) 881-7777
michael.kenny@alston.com
*Counsel for Taishan*