UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: CHINESE-MANUFACTURED DRYWALL PRODUCTS LIABILITY LITIGATION | MDL NO. 2047<br>SECTION: L |
| THIS DOCUMENT RELATES TO:<br><br>All Cases | JUDGE FALLON<br>MAG. JUDGE WILKINSON |

**THE PLAINTIFFS' STEERING COMMITTEE'S OBJECTIONS TO NOTICE OF DEPOSITION OF RONALD WRIGHT, P.E.**

The Plaintiffs' Steering Committee ("PSC") hereby serves the following objections to the Notice of Videotaped Deposition of Ronald Wright, P.E. served by Taishan Gypsum Co., Ltd. ("Taishan") and Tai'an Taishan Plasterboard Co., Ltd. ("TTP") in the above-styled litigation. The PSC makes these objections subject to the Reservation of Rights and General Objections below.

**RESERVATION OF RIGHTS**

1. As to all matters referred to in the instant objection, the PSC's investigation is ongoing. The PSC reserves the right to modify and supplement its objections.

2. No statement made in connection with the notice of deposition is intended to mean that any such information or documents responsive to a given request actually exists or can be obtained without undue burden.

3. These objections are made without in any way waiving or intending to waive any objections as to the competency, relevancy, materiality, privilege, or admissibility as evidence of documents or information sought by the notice of deposition.

1

**GENERAL OBJECTIONS**

1. The PSC objects to the notice of deposition on the ground that it requires an unreasonably short compliance period. The notice of deposition includes voluminous document requests and it will be impossible and/or unduly burdensome for Ronald Wright to gather and submit the documents being requested by Taishan and TTP on or before the April 8, 2015 deposition.

2. The PSC objects to the notice of deposition, including the Instructions, Definitions, and Documents Requested, generally as purporting to impose obligations or responsibilities different from or in excess of those imposed by the Federal Rules of Civil Procedure and the applicable local rules (collectively, "Rules"). Subject to this objection, the PSC will interpret and respond to the notice of deposition in accordance with the Rules.

3. The PSC objects to the notice of deposition to the extent it calls for the production of information or documents that are privileged or otherwise protected from discovery pursuant to the attorney-client privilege, the accountant-client privilege, the work product doctrine, the consulting expert rule, the common interest doctrine, and any other applicable privilege, protection, or immunity. The PSC does not agree to produce such information or documents protected from discovery. Where a Request asks for "non-privileged documents," the PSC interprets that request to exclude all documents covered by any of the foregoing protections, and objects to any broader reading of the request.

4. The PSC objects to the notice of deposition to the extent it calls for the production of trade secret, proprietary, personal, commercially sensitive, or other confidential information. The PSC objects to the notice of deposition to the extent it seeks the

production or disclosure of documents that may violate a legal or contractual obligation of non-disclosure to a third party.

5. The PSC objects to the Document Requests as overly broad and unduly burdensome to the extent defendants seek documents that are not in the possession, custody or control of Ronald Wright, or to the extent they would require Ronald Wright to spend an unreasonable amount of time, effort and resources in order to respond.

6. The PSC objects to the Document Requests to the extent defendants call for the production of documents the discovery of which is cumulative, duplicative, or which may be obtained by Taishan and TTP from some other source that is more convenient, less burdensome, or less expensive.

7. The PSC objects to the Document Requests to the extent defendants seek documents that are publicly available or otherwise accessible to or in the possession, custody or control of Taishan and TPP, their attorneys, or their agents (*e.g.*, through the Freedom of Information Act).

8. The PSC objects to each Document Request that assumes or appears to assume that any fact, event, or legal conclusion is true or that any characterization is accurate. No Response is an admission of any factual characterization or legal contention contained in any individual Request.

9. The PSC objects to the Document Requests to the extent defendants call for information "referring to" and "relating to" a particular topic on the ground that gathering all documents containing any reference or relationship to a particular topic is unduly burdensome and out of proportion to the documents' potential relevance to the discovery of admissible evidence.

10. The foregoing General Objections and the Objections to the Definitions and Instructions are incorporated into each of the following specific responses. Any specific objections are in addition to these General Objections and failure to reiterate a General Objection does not constitute a waiver of that or any other objection.

## OBJECTIONS TO DEFINITIONS AND INSTRUCTIONS

1. The PSC objects to the instructions to the extent defendants seek to impose upon Ronald Wright an obligation to produce documents outside of his possession, custody, or control.

2. The PSC objects to the instructions and definitions to the extent defendants seek disclosure of draft expert reports in violation of the Federal Rules of Civil Procedure.  *See* Fed.R.Civ.P. 26(b)(4)(B).

## OBJECTIONS TO SPECIFIC DOCUMENTS REQUESTED

**Request No. 4:**  A current curriculum vitae, including a list of all publications that you have authored or co-authored in the previous ten years.

**Objections to Request No. 4:**  The PSC does not object to Request No. 4 and will be producing responsive documents.

**Request No. 5:**  A list of all other cases in which you testified as an expert at trial or by deposition during the previous four years.

**Objections to Request No. 5:**  The PSC does not object to Request No. 5 and will be producing responsive documents.

**Request No. 6:**  All facts and data you considered in forming your opinions in this matter.

**Objections to Request No. 6:**  In addition to its General Objections, the PSC objects to this Request on the grounds that it is overly broad and unduly burdensome.  Subject to the foregoing

objections, these documents will be produced to the extent they are in the possession of Ronald Wright.

**Request No. 7:** The "electronic data for [a] full listing of the class members' information" which you refer to and say is "available upon request" in paragraph 2 of your October 22, 2014 affidavit in this matter.

**Objections to Request No. 7:** The PSC does not object to Request No. 7 and will be producing responsive documents.

**Request No. 8:** All documents and data regarding class properties' square footage you considered in forming your opinions in this matter.

**Objections to Request No. 8:** In addition to its General Objections, the PSC objects to this Request on the grounds that it is overly broad and unduly burdensome. Subject to the foregoing objections, these documents will be produced to the extent they are in the possession of Ronald Wright.

**Request No. 9:** All documents and data related to on-site inspections of the "3,852 residential properties in the Taishan Chinese Drywall class" that you performed or relied upon in forming your opinions in this matter.

**Objections to Request No. 9:** In addition to its General Objections, the PSC objects to this Request on the grounds that it is overly broad and unduly burdensome. Subject to the foregoing objections, these documents will be produced to the extent they are in the possession of Ronald Wright.

**Request No. 10:** All class-property-specific data you considered in forming your opinions in this matter.

**Objections to Request No. 10:** In addition to its General Objections, the PSC objects to this Request on the grounds that it is overly broad and unduly burdensome. Subject to the foregoing objections, these documents will be produced to the extent they are in the possession of Ronald Wright.

**Request No. 11:** All documents and data, including but not limited to calculations and analysis performed by you or at your direction, you relied upon in determining that "[t]he residential units of the class representatives and class members are of a similar type of construction, similar size, and similar time period of construction as the cross-section of residential units studied in the *Germano* Remediation Proceeding and my work in numerous other states," as stated in paragraph 5 of your October 22, 2014 affidavit.

**Objections to Request No. 11:** In addition to its General Objections, the PSC objects to this Request on the grounds that it is overly broad and unduly burdensome. The PSC also objects to this Request to the extent it calls for draft expert reports in violation of Fed.R.Civ.P. 26(b)(4)(B). Subject to the foregoing objections, these documents will be produced to the extent they are in the possession of Ronald Wright.

**Request No. 12:** All documents and data, including but not limited to calculations and analysis performed by you or at your direction, you relied upon in determining the "Estimated Square Footage" of the 1,317 class properties with "Unverified Square Footage" listed in line 5 of your "Comp. Ex. 2."

**Objections to Request No. 12:** In addition to its General Objections, the PSC objects to this Request on the grounds that it is overly broad and unduly burdensome. The PSC also objects to this Request to the extent it calls for draft expert reports in violation of Fed.R.Civ.P. 26(b)(4)(B).

Subject to the foregoing objections, these documents will be produced to the extent they are in the possession of Ronald Wright.

**Request No. 13:** All documents and data, including but not limited to calculations and analysis performed by you or at your direction, you relied upon in determining the "Taishan Class Square Footage Summary" in your "Comp. Ex. 2."

**Objections to Request No. 13:** In addition to its General Objections, the PSC objects to this Request on the grounds that it is overly broad and unduly burdensome. The PSC also objects to this Request to the extent it calls for draft expert reports in violation of Fed.R.Civ.P. 26(b)(4)(B). Subject to the foregoing objections, these documents will be produced to the extent they are in the possession of Ronald Wright.

**Request No. 14:** The "database of the 3,852 residential properties in the Taishan Chinese Drywall class" you reference in paragraph 4 of your October 22, 2014 affidavit.

**Objections to Request No. 14:** In addition to its General Objections, the PSC objects to this Request on the grounds that it is overly broad and unduly burdensome. Subject to the foregoing objections, these documents will be produced to the extent they are in the possession of Ronald Wright.

**Request No. 15:** All documents and data, including but not limited to calculations and analysis performed by you or at your direction, you relied upon in determining the "Taishan Class Updating Cost per Square Foot and Clearance Testing Calculated in 2010 for Germano Trial" in your "Comp. Ex. 7."

**Objections to Request No. 15:** In addition to its General Objections, the PSC objects to this Request on the grounds that it is overly broad and unduly burdensome. The PSC also objects to this Request to the extent it calls for draft expert reports in violation of Fed.R.Civ.P. 26(b)(4)(B).

Subject to the foregoing objections, these documents will be produced to the extent they are in the possession of Ronald Wright.

**Request No. 16:**  The Plaintiff Profile Forms you reviewed and discuss in paragraph 4 of your October 22, 2014 affidavit.

**Objections to Request No. 16:** The PSC does not object to Request No. 16 and will be producing responsive documents to the extent they are in the possession of Ronald Wright.

**Request No. 17:** The "scope of work and damages estimates" you "performed" in "projects in Louisiana, Florida, Virginia, North Carolina, and New Jersey," which you identify in paragraph 3 of your October 22, 2014 affidavit.

**Objections to Request No. 17:** In addition to its General Objections, the PSC objects to this Request on the grounds that it is overly broad and unduly burdensome.  Subject to the foregoing objections, these documents will be produced to the extent they are in the possession of Ronald Wright.

**Request No. 18:** All estimates, invoices, receipts, and any other documentation related to the "Chinese Drywall property remediation costs from Louisiana, Florida, Virginia, North Carolina, and New Jersey" referenced in paragraph 4 of your October 22, 2014 affidavit.

**Objections to Request No. 18:** In addition to its General Objections, the PSC objects to this Request on the grounds that it is overly broad and unduly burdensome.  Subject to the foregoing objections, these documents will be produced to the extent they are in the possession of Ronald Wright.

**Request No. 19:**  The "standard references" you say you "considered" in paragraph 3 of your October 22, 2014 affidavit, including but not limited to RS Means.

**Objections to Request No. 19:**  The PSC does not object to Request No. 19 and will be producing responsive documents to the extent they are in the possession of Ronald Wright.

**Request No. 20:**  The "RS Means data on local, regional, and national pricing for materials and labor" referenced in paragraph 4 of your October 22, 2014 affidavit.

**Objections to Request No. 20:**  The PSC does not object to Request No. 20 and will be producing responsive documents to the extent they are in the possession of Ronald Wright.

**Request No. 21:** All documents and data, including but not limited to calculations and analysis performed by you or at your direction, you relied upon in determining the "Taishan Class Alternative Living and Personal Property Damage Costs Calculated in 2010 for Villa Lago Condominiums" in your "Comp. Ex. 10."

**Objections to Request No. 21:** In addition to its General Objections, the PSC objects to this Request on the grounds that it is overly broad and unduly burdensome.  The PSC also objects to this Request to the extent it calls for draft expert reports in violation of Fed.R.Civ.P. 26(b)(4)(B).  Subject to the foregoing objections, these documents will be produced to the extent they are in the possession of Ronald Wright.

**Request No. 22:** Your entire file relating to the Villa Lago Condominiums, any other data underlying your "Comp. Ex. 10," and any report or affidavit you submitted with respect to those properties.

**Objections to Request No. 22:** In addition to its General Objections, the PSC objects to this Request on the grounds that it is overly broad and unduly burdensome.  Subject to the foregoing objections, these documents will be produced to the extent they are in the possession of Ronald Wright.

**Request No. 23:** Any other reports, affidavits, or exhibits you submitted with respect to Chinese Drywall.

**Objections to Request No. 23:** In addition to its General Objections, the PSC objects to this Request on the grounds that it is vague, overly broad, and unduly burdensome.

Dated: April 6, 2015                                       Respectfully Submitted,

BY: /s/ Leonard A. Davis
    Russ M. Herman (LA Bar No. 6819)
    Leonard A. Davis (LA Bar No. 14190)
    Stephen J. Herman (LA Bar No. 23129)
    Herman, Herman & Katz, LLC
    820 O'Keefe Avenue
    New Orleans, LA 70113
    Phone: (504) 581-4892
    Fax: (504) 561-6024
    ldavis@hhklawfirm.com
    *Plaintiffs' Liaison Counsel*
    *MDL 2047*


    Arnold Levin
    Fred S. Longer
    Sandra L. Duggan
    Matthew Gaughan
    Levin, Fishbein, Sedran & Berman
    510 Walnut Street, Suite 500
    Philadelphia, PA 19106
    Phone: (215) 592-1500
    Fax: (215) 592-4663
    alevin@lfsblaw.com
    *Plaintiffs' Lead Counsel*
    *MDL 2047*

Gerald E. Meunier (LA Bar No. 9471)
Rachel A. Sternlieb (LA Bar No. 35338)
Gainsburgh, Benjamin, David,
 Meunier & Warshauer, LLC
2800 Energy Centre
1100 Poydras Street
New Orleans, LA 70163-2800
Phone:  (504) 522-2304
Fax:  (504) 528-9973
gmeunier@gainsben.com
*Co-Counsel for Plaintiffs and PSC Member*

**PLAINTIFFS' STEERING COMMITTEE**

Dawn M. Barrios
Barrios, Kingsdorf & Casteix, LLP
701 Poydras Street, Suite 3650
New Orleans, LA 70139
Phone: (504) 524-3300
Fax: (504) 524-3313
Barrios@bkc-law.com

Daniel E. Becnel, Jr.
Becnel Law Firm, LLC
425 W. Airline Highway, Suite B
Laplace, LA 70068
Phone: (985) 536-1186
Fax: (985) 536-6445
dbecnel@becnellaw.com

Peter Prieto
Podhurst Orseck, PA
25 Flagler Street, 8th Floor
Miami, FL 33130
Phone: (305) 358-2800
Fax: (305) 358-2382
pprieto@podhurst.com

Bruce William Steckler
Steckler LLP
12720 Hillcrest Road, Suite 1045
Dallas, TX 75230
Phone: (972) 387-4040
Fax: (972) 387-4041
bruce@stecklerlaw.com

Ervin A. Gonzalez
Colson, Hicks, Eidson
255 Alhambra Circle, Penthouse
Coral Gables, FL 33134
Phone: (305) 476-7400
Fax: (305) 476-7444
ervin@colson.com

Ben W. Gordon, Jr.
Levin, Papantonio, Thomas, Mitchell
 Echsner & Proctor, PA
316 S. Baylen Street, Suite 600
Pensacola, FL 32502
Phone: (850) 435-7000
Fax: (850) 435-7020
bgordon@levinlaw.com

Hugh P. Lambert
The Lambert Firm
701 Magazine Street
New Orleans, LA 70130
Phone: (504) 581-1750
Fax: (504) 529-2931
hlambert@thelambertfirm.com

Jerrold Seth Parker
Parker Waichman, LLP
3301 Bonita Beach Road
Bonita Springs, FL 34134
Phone: (239) 390-1000
Fax: (239) 390-0055
Jerry@yourlawyer.com

Scott Wm. Weinstein
Morgan & Morgan
12800 University Drive, Suite 600
Ft. Myers, FL 33907
Phone: (239) 433-6880
Fax: (239) 433-6836
sweinstein@forthepeople.com

James Robert Reeves
Reeves & Mestayer, PLLC
160 Main Street
Biloxi, MS 39530
Phone: (228) 374-5151
Fax: (228) 374-6630
jrr@attorneys4people.com

| | |
|---|---|
| Christopher Seeger<br>Scott Alan George<br>Dion Kekatos<br>Seeger Weiss, LLP<br>77 Water Street<br>New York, NY 10005<br>Phone: (212) 584-0700<br>Fax: (212) 584-0799<br>cseeger@seegerweiss.com | Richard J. Serpe<br>Law Offices of Richard J. Serpe<br>Crown Center, Suite 310<br>580 East Main Street<br>Norfolk, VA 23510-2322<br>Phone: (757) 233-0009<br>Fax: (757) 233-0455<br>rserpe@serpefirm.com |
| Daniel K. Bryson<br>Whitfield, Bryson & Mason, LLP<br>900 W. Morgan Street<br>Raleigh, NC 27603<br>Phone: (919) 600-5000<br>Fax: (919) 600-5002<br>dan@wbmllp.com | Victor M. Diaz, Jr.<br>V.M. Diaz and Partners, LLC<br>119 Washington Ave., Suite 402<br>Miami Beach, FL 33139<br>Phone: (305) 704-3200<br>Fax: (305) 538-4928<br>victor@diazpartners.com |

### OF COUNSEL TO PLAINTIFFS' STEERING COMMITTEE

Richard S. Lewis
HAUSFELD LLP
1700 K Street, N.W., Suite 650
Washington, DC 20006
Phone: (202) 540-7200
Fax: (202) 540-7201
rlewis@hausfeldllp.com

Anthony D. Irpino
Pearl Robertson
IRPINO LAW FIRM
2216 Magazine Street
New Orleans, LA 70130
Phone: (504) 525-1500
Fax: (504) 525-1501
airpino@irpinolaw.com

Andrew A. Lemmon
Lemmon Law Firm, LLC
P.O. Box 904
15058 River Road
Hahnville, LA 70057
Phone: (985) 783-6789
Fax: (985) 783-1333
andrew@lemmonlawfirm.com

### CERTIFICATE OF SERVICE

I hereby certify that the above and foregoing has been served on Defendants' Liaison Counsel, Kerry Miller, by e-mail and upon all parties by electronically uploading the same to LexisNexis File & Serve in accordance with Pre-Trial Order No. 6, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2047 on this 6th day of April, 2015.

Respectfully Submitted,

BY: /s/ Leonard A. Davis
Leonard A. Davis
Herman, Herman & Katz, LLC
820 O'Keefe Avenue
New Orleans, LA 70113
Phone: (504) 581-4892
Fax: (504) 561-6024
ldavis@hhklawfirm.com

*Plaintiffs' Liaison Counsel*
*MDL 2047*