# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: CHINESE-MANUFACTURED DRYWALL PRODUCTS LIABILITY LITIGATION | MDL NO. 2047<br>SECTION: L<br>JUDGE FALLON<br>MAG. JUDGE WILKINSON |
| THIS DOCUMENT RELATES TO:<br><br>*Germano v. Taishan Gypsum Co., Ltd., f/k/a Shandong Taihe Dongxin Co., Ltd.*, Case No. 09-6687 (E.D. La.);<br><br>*Gross v. Knauf Gips, KG*, Case No. 09-6690 (E.D. La.);<br><br>*Wiltz v. Beijing New Building Materials Public Limited Co.,* Case No. 10-361 (E.D. La.);<br><br>*Amorin v. Taishan Gypsum Co., Ltd., f/k/a Shandong Taihe Dongxin Co., Ltd.*, Case No. 11-1672 (E.D. La.);<br><br>*Amorin v. Taishan Gypsum Co., Ltd., f/k/a Shandong Taihe Dongxin Co., Ltd.*, Case No. 11-1395 (E.D. La.); and<br><br>*Amorin v. Taishan Gypsum Co., Ltd., f/k/a Shandong Taihe Dongxin Co., Ltd.*, Case No. 11-1673 (E.D. La.). | |

**TAISHAN'S MEMORANDUM OF LAW IN SUPPORT OF EMERGENCY MOTION TO COMPEL PRODUCTION OF INFORMATION RELEVANT TO PLAINTIFFS' MOTION FOR ASSESSMENT OF CLASS DAMAGES**

## INTRODUCTION

Plaintiffs have filed a motion arguing that, collectively, they are entitled to approximately $1.3 billion, yet they refuse to produce (or consent to the production of) the following documents that are directly relevant to the determination of class membership and assessment of damages:

(1) Plaintiff profile forms updated with information current in 2015;

(2) All information regarding each class member in the custody of both BrownGreer PLC and Garretson Resolution Group (collectively, the "Settlement Administrators"), including but not limited to the percentage of Taishan drywall contained in each class member's property and any compensation or remediation already received from other sources related to Chinese drywall; and

(3) All information in the custody of the Settlement Administrators regarding the actual cost of remediating properties as part of the various drywall settlements over the last five years.

Taishan and the Court cannot determine class membership and an accurate assessment of damages without the above-listed information that Plaintiffs refuse to provide, even though the data from the Settlement Administrators is readily available.[1] In light of the April 28, 2015 hearing on Plaintiffs' Motion for Assessment of Class Damages and the April 20, 2015 briefing

---

[1] After a meet and confer between Taishan's counsel and the PSC on April 1, 2015, it appeared that an agreement had been reached to jointly request and authorize the Settlement Administrators for documents at least in category 2. By April 3, unfortunately, those discussions had broken down, and the PSC withheld its consent for the Settlement Administrators to provide Taishan with *any* information or documents other than the original plaintiff profile forms, and – apparently from the Virginia Settlement only – a listing of class member's names, addresses and square footage.

deadline, the Court should grant Taishan's motion and order Plaintiffs to produce this relevant information.

## ARGUMENT

### A. Taishan Is Entitled to Updated Plaintiff Profile Forms

The Court has long recognized that profile forms are "vital" and "necessary" in this litigation. *See* December 10, 2009 Status Conference Transcript (Doc. 690), at p. 8. Pretrial Order No. 11 (Doc. 168-1) required Plaintiffs to submit profile forms to liaison counsel on or before September 2, 2009. As a result of a number of parties' failure to provide profile forms, the Court subsequently entered Pretrial Order No. 25 (Doc. 11151) requiring every party in this litigation to submit profile forms on or before November 15, 2011. Thus, the information in most plaintiff profile forms is more than 5 years old (and in no case less than 3 years old). That information is stale and in many cases likely no longer accurate.

To determine class membership and accurately assess damages in this case, Plaintiffs should produce complete and updated plaintiff profile forms for each class member. Although some class members may have previously submitted one or more profile forms in connection with claims and/or settlements related to the MDL, plaintiff profile forms previously submitted by class members are outdated, incomplete with respect to information necessary to determine class membership and damages in this action, and, with the passage of time, many are likely inaccurate. In fact, the PSC apparently does not even have square footage information for 34% of the class. *See* Plaintiff's Mem. of Law in Supp. of Mot. for Assessment of Class Damages

(Doc. 18086-1) at 6 n.7 (explaining that the "area of each house is unknown" for 1,317 of the 3,852 class properties).[2]

A preliminary analysis of class members and their respective properties[3] reveals a number of errors that are likely attributable to outdated, inaccurate or incomplete plaintiff profile forms.[4] For example,

- Class members who have dismissed their claims or opted out of the class;[5]

- Class members who have filed notices of remediation, and therefore, have likely remediated their properties and incurred *actual* remediation costs;[6]

- Seven class members who were part of the *Germano* case and have already received judgments;[7]

- Class properties that *only* contained Knauf drywall as demonstrated by their eligibility for the Settlement Agreement For The Demonstration Remediation

---

[2] Recent statements to the press by the PSC confirm that there is a lack of sufficient information at this time to determine class membership and accurately assess class damages, "Herman said he doesn't know how many houses will be part of the next decision. 'At this juncture, some people have been foreclosed upon, some evicted, some have had short sales. But it's going to be between 2,500 and 4,000 homes. And the minimum amount would be in the range of $90 per square foot.'" Janet McConnaughey, *Hearing About Chinese Drywall Damage Scheduled for April 28*, State (Columbia, S.C.), Mar. 30, 2015, http://www.thestate.com/news/business/national-business/article16941221.html#/tabPane=tabs-b0710947-1-1.

[3] *See* Plaintiffs' Mem. of Law in Supp. of Mot. for Assessment of Class Damages, Exhibit C (Docs. 18086-14, 15 and 16).

[4] These class members and properties are highlighted in the class list used by Plaintiffs and their expert Ronald E. Wright. *See* **Exhibit A**.

[5] Five examples of class members who have filed motions to dismiss their claims because the "drywall in their home is not defective and/or was manufactured domestically," as well as documentation of two families who have opted out of the class, are attached in **Exhibit B**.

[6] Five examples of notices of remediation filed by class members are attached as **Exhibit C**.

[7] *See* rows A1, A1044, A1602, A1737, A1844, A1942 and A2068 of **Exhibit A**.

Of Homes With KPT Drywall, or by their previously submitted plaintiff profile forms which only allege the presence of Knauf drywall;[8]

- Multiple class members who assert claims for the same property;[9] and

- No fewer than fifty (50) class members who no longer own the property on which they assert a claim according to public records.[10]

Accordingly, Taishan requests that each class member submit the plaintiff profile form attached as **Exhibit F** (the "Taishan PPF"). The Taishan PPF seeks the same information as plaintiff profile forms previously approved by this Court. *See e.g.*, Docs. 168-2; 17170-1 and 17170-2. In light of settlements and remediations that have occurred since the Court first required plaintiffs to submit profile forms in September 2009, the Taishan PPF also seeks additional information directly relevant to the determination of class membership and assessment of damages in this action (*e.g.*, whether a class member has fully or partially remediated his property; whether a class member has received any settlement funds).

Because of the fast-approaching April 28, 2015 hearing on class damages, Taishan requests that the Court require Plaintiffs to submit a complete set of Taishan PPFs for each class member no later than April 15, 2015. Given the impending hearing date on a pending motion

---

[8] Class properties that were part of this Demonstration Remediation Of Homes With KPT Drywall are highlighted in **Exhibit D**. Two examples of previously submitted plaintiff profile forms which only allege the presence of Knauff drywall in two class properties are attached as **Exhibit G**. These two previously submitted plaintiff profile forms are the first such examples that Taishan identified after beginning its review after receiving the forms from BrownGreer on Saturday, April 4, 2015.

[9] Examples include rows A917 and A1746 (11106 Kiskadee Circle New Port Richey, FL 34654), rows A1441 and A1452 (2561 52nd Avenue NE Naples, FL 34120), rows A1792 and B645 (3142 SW Martin Street Port Saint Lucie, FL 34988), rows A1870 and B1105 (9596 Cobblestone Creek Drive Boynton Beach, FL 33472), and rows A2216 and B335 (17181 Morris Bridge Road Thonotossa, FL 33592) of Mr. Wright's list of class members. *See* **Exhibit A**.

[10] *See* **Exhibit E**.

seeking $1.3 billion in damages on behalf of these identified individuals, Taishan's request is reasonable. The Court previously required plaintiffs to file profile forms within twelve (12) calendar days. *See* Pretrial Order No. 25 (Doc. 11151). To the extent that Plaintiffs are concerned about expense or delay, Taishan is willing to work with the PSC to create an online option for submitting information, which Taishan understands BrownGreer PLC has used in another MDL.

Finally, Taishan requests that the Court hold that any class member who fails to submit a Taishan PPF on or before April 15, 2015 is precluded from recovery in this action. The Court has previously held that dismissal with prejudice is appropriate for a plaintiff's failure to timely submit a profile form. *See* December 10, 2009 Status Conference Transcript (Doc. 690), at p. 9 ("[I]f they resist and do not file the profile forms, I will assume that they are not interested in proceeding with the litigation and dismiss their case with prejudice."); March 23, 2011 Status Conference Transcript, at pp. 5-6 ("From plaintiffs' standpoint, if they don't do it and the meet and confer is arranged and done and there's no question that a certain amount had not been filled in, there's no reason for it, then I'm going to set a rule to show cause why those cases should not be dismissed for failure to comply with the Court's orders.").

### B. *Taishan Is Entitled to All Information Related to Class Members in the Custody of the Settlement Administrators*

The PSC is required to utilize actual remediation cost data when available, and Taishan is entitled to discovery of that information. Under the governing law of Louisiana and certain other class states, "[d]amages may be predicated on estimation only when the loss has not been repaired." *Volkswagen of America, Inc. v. Robertson*, 713 F.2d 1151, 1169 (quoting *Lambert v. Allstate Ins. Co.*, 195 So. 2d 698, 700 (La. Ct. App. 1967)). For homes that have been

6

remediated, Plaintiffs "must produce the best evidence available"—"repair bills," not estimates. *Id*.

The Settlement Administrators are in a unique position of maintaining more information than anyone else, including the Court and the PSC, about the class members and their respective properties, claims filed by each class member, settlement funds received by each class member, and remediation costs of class properties that have already been fully or partially remediated. This information, as well as any other information that the Settlement Administrators have about the class members or the class properties, is directly relevant to and necessary for determination of class membership and an accurate assessment of damages.

In particular, because the PSC's pending motion for class damages is based on a purportedly formulaic cost per square foot *estimate* for remediation, it is critically important for the determination of damages to know whether the identifiable class members have in fact already had their homes remediated, and if so, the actual cost of such remediation and any other compensation already received by the claimant.

There is no dispute that a substantial number of properties contained mixed drywall. In fact, the Knauf Settlement distributed settlement funds based on the percentage of Knauf drywall contained in a property with mixed drywall. Therefore, in order to properly assess damages, information regarding the percentage of Taishan drywall in each class member's property is directly relevant to and necessary for a proper assessment of damages. This information is in the hands of the able Settlement Administrators in this MDL, and could be provided to Taishan and the PSC with the push of a button.

7

In light of the April 28, 2015 hearing on class damages, Taishan requests that the Court require Plaintiffs to allow the Class Administrators to produce all information in their custody related to any class member or class property no later than April 15, 2015.

### C. Taishan Is Entitled to All Information in the Custody of the Settlement Administrators Regarding the Actual Remediation Costs

In granting the PSC's motion for class certification, the Court expressly pointed to the vast amount of empirical remediation cost data maintained by the Settlement Administrators:

> The Court can likewise determine the cost of remediation, through the submission of affidavits, expert evidence and from data gathered by Moss & Associates (subject to appropriate cost adjustments), for remediation costs generally (*i.e.*, empirical evidence concerning the cost or remediation performed by Moss & Associates under the Knauf settlement program). For purposes of calculating class-wide damages, data concerning class members currently before the Court (*i.e.*, data from BrownGreer PLC concerning the square footage of class members' homes) can be used to estimate the size of the class so that damages can be calculated on an aggregate basis.

Doc. 18028 at pp. 32-33.  Other Eastern District of Louisiana decisions have also recognized the importance of actual remediation cost data in evaluating property repair damages.  *See Williams v. Allstate Insurance Co.*, No. 08-62, 2008 WL 5110604 at *3 (E.D. La. Nov. 26, 2008) (excluding expert testimony on repair costs that were not based on the actual repair data); *accord Tardo v. State Farm Fire & Cas. Co.*, No. 08-1165 (E.D. La. June 22, 2009 (Doc.63)); (Africk, J.) (same); *Lightell v. State Farm Fire & Cas. Co.*, No. 08-4393 (E.D. La. Dec. 31, 2009 (Doc. 66)) (Barbier, J.) (same).  *See also Lacroix v. State Farm Fire & Cas. Co.*, Court No. 9-0609, 2010 WL 2265577, at *4 (E.D. La. June 2, 2010) (holding that remediation estimates are irrelevant as a matter of law under *Daubert* where actual repair cost data is available).

In this case, actual remediation cost data exists.  It is true that for the *Germano* Plaintiff-Intervenors, the Court necessarily had to rely on estimates and predictions of the recommended remediation effort.  But that was then; from the perspective of now, there is an entire body of

8

actual remediation cost data from thousands of properties subject to the same claims of defective drywall as the current class.  Such information, which is readily available through the Settlement Administrators, would be highly relevant to Taishan, its experts, and this Court to determine whether the PSC's proposed estimate should be revised to reflect the remediation reality over the course of several years.

Based on the foregoing, it is clear that Taishan is entitled to all information and back-up documentation related to remediation costs in the custody of the Settlement Administrators. In light of the April 28, 2015 hearing on class damages, Taishan requests that the Court require Plaintiffs to allow the Class Administrators to produce all information regarding the actual cost of remediating properties as part of the various drywall settlements over the last five years no later than April 15, 2015.

## CONCLUSION

For the reasons set forth above, Taishan respectfully requests that the Court grant its Emergency Motion to Compel Production of Information Relevant to Plaintiffs' Motion for Assessment of Class Damages.

Dated:  April 6, 2015

Respectfully submitted,

/s Michael P. Kenny
Bernard Taylor, Esq.
Georgia Bar No. 669625
Michael P. Kenny, Esq.
Georgia Bar No. 415064
Cari K. Dawson, Esq.
Georgia Bar No. 213490
ALSTON & BIRD LLP
1201 West Peachtree Street

Atlanta, Georgia 30309
Phone: (404) 881-7000
Fax: (404) 881-7777
michael.kenny@alston.com
*Counsel for Taishan Gypsum Co., Ltd. and Tai'an Taishan Plasterboard Co., Ltd.*

Alan Dean Weinberger
LA Bar No. 13331
HANGARTNER, RYDBERG & TERRELL, LLC
One Shell Square
701 Poydras St., Suite 310
New Orleans, Louisiana  70179
Phone:  (504) 434-6815
Fax: (504) 522-5689
aweinberger@hanrylaw.com
*Local Counsel for Taishan Gypsum Co., Ltd. and Tai'an Taishan Plasterboard Co., Ltd.*

CERTIFICATE OF SERVICE

I hereby certify that the above and foregoing **MEMORANDUM OF LAW IN SUPPORT OF EMERGENCY MOTION TO COMPEL PRODUCTION OF INFORMATION RELEVANT TO PLAINTIFFS' MOTION FOR ASSESSMENT OF CLASS DAMAGES** has been served on Plaintiffs' Liaison Counsel, Russ Herman, and Defendants' Liaison Counsel, Kerry Miller, by U.S. mail and e-mail and upon all parties by electronically uploading the same to LexisNexis File & Serve in accordance with Pre-Trial Order No. 6, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2047 on this 6th day of April, 2015.

    /s Michael P. Kenny
Michael P. Kenny, Esq.
Georgia Bar No. 415064
ALSTON & BIRD LLP
1201 West Peachtree Street NW
Atlanta, Georgia 30309
Phone: (404) 881-7000
Fax: (404) 881-7777
michael.kenny@alston.com
*Counsel for Taishan*