UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE:  CHINESE-MANUFACTURED DRYWALL PRODUCTS LIABILITY LITIGATION<br><br>THIS DOCUMENT RELATES TO:<br><br>ALL ACTIONS | MDL NO. 2047<br>SECTION: L<br>JUDGE FALLON<br>MAG. JUDGE WILKINSON |

**TAISHAN GYPSUM CO., LTD.'S RESPONSE IN OPPOSITION TO
THE PSC'S EMERGENCY MOTION TO COMPEL DISCOVERY
AGAINST TAISHAN GYPSUM CO., LTD**

Taishan Gypsum Co. Ltd. ("Taishan") opposes the Plaintiff's Steering Committee's Emergency Motion to Compel Discovery Against Taishan Gypsum Co., Ltd. (Rec. Doc. 18596) ("Motion to Compel") because it is unwarranted and unnecessary.  Notwithstanding Taishan's tireless efforts to meet and confer to resolve discovery issues, the PSC escalated three main (non)issues to the attention of this Court, demanding on an "emergency" basis an order (1) that Taishan "produce a representative witness pursuant to Fed. R. Civ. P. 30(b)(6) to appear and provide testimony in New Orleans, Louisiana"; (2) that Taishan make an "expedited production of documents requested . . . in both original format and English translations" of all documents requested by the PSC, specifically arguing in its brief[1] that Taishan must respond in full to the PSC's onerous Request No. 23 (which has 79 subparts calling for attorney-client communications); and (3) that Taishan "produce its Privilege Log on an expedited basis." (Rec. Doc. 18596 at 1.)

---

[1] Although the PSC presents argument about Request No. 23 in its Memorandum of Law in Support of its Motion to Compel, it does not refer to it specifically in its actual Motion, instead, seeking the Court to grant a blanket order compelling production of every single request the PSC has propounded, notwithstanding the objections that Taishan has served.

But as the PSC would learn in the scheduled "meet and confer" call 45 minutes after it filed its Motion to Compel, Taishan has already agreed to, and is actively working on fulfilling, each of these three objectives, subject to its written objections which the PSC did not show the Court. Taishan therefore objects to the PSC's Motion to Compel, and submits that it was improperly and prematurely filed.

**Recent and Relevant Events and Communications**

The day after this Court's Special Hearing on March 17, 2015, counsel for Taishan emailed a letter to the PSC's lead counsel seeking the "abbreviated" list of discovery requests that the PSC had promised during the March 17 hearing. (*See* Rec. Doc. 18494 at 40-41; **Exh. A**.) Between March 18 and March 19, Taishan's counsel sent additional inquiries as to the status of the discovery requests that were expected. On the afternoon of March 19, the PSC served its Notice of Expedited Oral and Videotaped Deposition Pursuant to the Court's Directive During the March 17, 2015 Special Hearing and Minute Entry and Orders ("PSC Discovery Requests"). A "meet and confer" conference was scheduled and held on March 20, 2015, among the PSC and counsel for Taishan. In that conference, Taishan's counsel noted that the formal PSC Discovery Requests did not comport with the description of the "abbreviated list" of essential documents that the PSC had described on March 17. Taishan's counsel also assured the PSC that, although the requests were very broad, Taishan would apply its best efforts to overcome logistical obstacles and fulfill the requests.

A Status Conference was held on March 26. Taishan reported to the Court what it had already reported to the PSC directly—that it was working diligently to fulfill the requests, even though the requests were very broad and challenging, and some were objectionable. Taishan also reported to the Court that it was locating and identifying appropriate deponents in China.

After further correspondence regarding scheduling, Taishan and the PSC arranged for a conference call on April 1, 2015. During that call, Taishan informed the PSC, among other things, that it had identified previously produced Taishan documents that were responsive to the current PSC Discovery Requests, and would identify those documents by Bates number along with its written objections and responses. Taishan further identified to the PSC that it would designate Chairman Jia—who has previously been deposed in this MDL—as its 30(b)(6) corporate representative and in satisfaction of his individual Deposition Notice, but that Chairman Jia's medical condition prevents overseas travel. Taishan proposed that Chairman Jia be deposed in Hong Kong, with all expenses to be paid by Taishan, including for a judicial monitor if requested, and/or to arrange for videoconferencing of the deposition. The PSC took those proposals under advisement.

In that same April 1, 2015 call, Taishan's counsel told the PSC that it objected to Request No. 23, which has 79 subparts calling for attorney-client communications from 69 individual attorneys and 9 law firms, including several who are current counsel of record for other defendants. The PSC made clear that it would not alter or limit Request No. 23 in any way. Other topics were discussed, and the call concluded with plans to speak again within the next day or two.

The afternoon of April 2, the PSC sent Taishan's counsel an email with the following text: "Attached is a motion to compel that we will file on Monday, April 6, 2015. I wanted to give you a heads-up." (*See* **Exh. B**.) In response, Taishan's counsel sent a letter expressing surprise at the threatened Motion to Compel, and inviting further discussions, including in relation to previously scheduled calls the next day with the court-appointed settlement administrators ("Settlement Administrators"). (*See* **Exh. C**.)

On April 3, 2015, the PSC and Taishan's counsel participated in two conference calls with the Settlement Administrators to discuss the availability of relevant documents and data from those sources.[2] Before the calls ended on Friday, Taishan's counsel requested a conference for Monday morning (April 6) to further discuss the issues raised in the PSC's draft Motion to Compel. Taishan also served the PSC with its written responses and objection to the PSC Discovery Requests. (*See* **Exh. D**.)

Another "meet and confer" call was ultimately scheduled for 11:30 a.m. Central on April 6, and was confirmed beforehand that morning. However, at 10:44 a.m., counsel for Taishan received electronic notice that the PSC had filed its Motion to Compel. (Rec. Doc. 18596.)

On the April 6, 2015 conference call, Taishan's counsel explained that a first wave of documents would be produced within a day, and identified its alternate 30(b)(6) witness, who would be made available in New Orleans as soon as logistically possible, given that the witness does not have a current passport or U.S. entry visa. (*See* **Exh. E** (recapping conference).) In fact, Taishan produced a first wave of documents via UPS overnight delivery on April 6, 2015.

## Argument

As set forth above, the PSC's Motion to Compel is unnecessary and premature. It was filed before the parties had completed their good-faith discussions to resolve or narrow the discovery disputes that had emerged. To be clear, an order compelling Taishan to produce a 30(b)(6) witness in the United States is not necessary, because Taishan has already agreed to do that. (*See* **Exh. E**.) Additionally, it is not necessary to compel Taishan to produce documents on an "expedited" basis because Taishan is already doing that as well, having already specifically

---

[2]  The PSC's withdrawal of its consent to previously agreed-upon discovery from the Settlement Administrators is the subject of Taishan's Emergency Motion to Compel Production of Information Relevant to Plaintiffs' Motion for Assessment of Class Damages (Rec. Doc. 18598), filed last night.

4

identified previously produced responsive documents and having made a first wave of document production by overnight delivery on April 6, 2015.

With respect to Request No. 23, the PSC failed to provide the Court with Taishan's formal written objections to that Request, which can be found at page 15 of **Exhibit D**. As stated therein,

> Taishan objects to Request No. 23 as overly broad and unduly burdensome in many respects, including (but not limited to) duplicating prior discovery, repeating a request previously adjudicated as overbroad, and attempting to infringe on the attorney-client privilege.

(**Exh. D** at 15.) As already explained to the PSC verbally and in writing, Request No. 23 has 79 sub-parts seeking attorney-client communications, including between and among some of the current counsel of record for defendants in this case. Given the outsized scope of the request, the urgency of the discovery at hand, the facial concerns of directly requesting attorney-client communications, and the burden of necessarily involving the Court in the adjudication of inevitable privilege issues, this request is facially unreasonable and not permitted under the Federal Rules of Civil Procedure.

Request No. 23, moreover, is nearly identical to those requests already propounded on Taishan on September 2, 2014, which—as this Court is well-aware—became the subject of extensive motions, briefing, *in camera* reviews, and multiple Court orders, culminating in the Fifth Circuit's denial of mandamus on February 20, 2015. In fact, the first part of the PSC's request, seeking "All documents and communications involving: (1) the retention of legal counsel related to litigation or claims in the United States involving Chinese drywall," has already been directly ruled upon by this Court as overbroad and unenforceable. (*See* Rec. Doc. 18196 at 6.)

The second part of the PSC's request, seeking "All documents and communications involving: . . . (2) the decision for Taishan to not appear at the July 17, 2014 Judgment Debtor Examination," has already been propounded and responsive documents were already produced by Taishan's former counsel, in redacted form, on February 26, 2015.  No further discovery on this topic is necessary or reasonable, and if allowed, would convert this current expedited discovery period into a broad and sweeping fishing expedition into the attorney-client files of the 69 individual attorneys from 9 firms leading to certain additional privilege disputes, analysis, and adjudication.  Such an exercise does not comport with the Court's goal of moving these cases to final judgment.

**Conclusion**

For the foregoing reasons, Taishan respectfully requests that the Plaintiff's Steering Committee's Emergency Motion to Compel Discovery Against Taishan Gypsum Co., Ltd. (Rec. Doc. 18596) be DENIED.

Dated:  April 7, 2015

Respectfully submitted,

/s Michael P. Kenny
Bernard Taylor, Esq.
Georgia Bar No. 669625
Michael P. Kenny, Esq.
Georgia Bar No. 415064
Christy Hull Eikhoff, Esq.
Georgia Bar No. 242539
ALSTON & BIRD LLP
1201 West Peachtree Street
Atlanta, Georgia 30309
Phone: (404) 881-7000
Fax: (404) 881-7777

michael.kenny@alston.com
*Counsel for Taishan Gypsum Co., Ltd. and Tai'an Taishan Plasterboard Co., Ltd.*

Alan Dean Weinberger
LA Bar No. 13331
HANGARTNER, RYDBERG & TERRELL, LLC
One Shell Square
701 Poydras St., Suite 310
New Orleans, Louisiana  70179
Phone:  (504) 434-6815
Fax: (504) 522-5689
aweinberger@hanrylaw.com
*Local Counsel for Taishan Gypsum Co., Ltd. and Tai'an Taishan Plasterboard Co., Ltd.*

## CERTIFICATE OF SERVICE

I hereby certify that the above and foregoing **TAISHAN GYPSUM CO., LTD.'S RESPONSE IN OPPOSITION TO THE PSC'S EMERGENCY MOTION TO COMPEL DISCOVERY AGAINST TAISHAN GYPSUM CO., LTD** has been served on Plaintiffs' Liaison Counsel, Russ Herman, and Defendants' Liaison Counsel, Kerry Miller, by U.S. mail and e-mail and upon all parties by electronically uploading the same to LexisNexis File & Serve in accordance with Pre-Trial Order No. 6, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2047 on this 7th day of April, 2015.

    /s Michael P. Kenny
Michael P. Kenny, Esq.
Georgia Bar No. 415064
ALSTON & BIRD LLP
1201 West Peachtree Street NW
Atlanta, Georgia 30309
Phone: (404) 881-7000
Fax: (404) 881-7777
michael.kenny@alston.com
*Counsel for Taishan*