# EXHIBIT C

# ALSTON&BIRD LLP

One Atlantic Center
1201 West Peachtree Street
Atlanta, GA  30309-3424

404-881-7000
Fax: 404-253-8869
www.alston.com

Bernard Taylor, Sr.        Direct Dial: 404-881-7288        Email: bernard.taylor@alston.com

April 2, 2015

VIA EMAIL

Russ M. Herman, Esq.
Herman, Herman & Katz, LLC
820 O'Keefe Ave.
New Orleans, LA  70113
RHERMAN@hhklawfirm.com

Arnold Levin, Esq.
Levin, Fishbein, Sedran & Berman
510 Walnut St, Ste 500
Philadelphia, PA 19106
ALevin@LFSBLaw.com

Re:     *In re: Chinese-Manufactured Drywall Products Liability Litigation*, MDL No. 2047, Case No. 2:09-md-02047-EEF-JCW

Dear Russ and Arnie:

       Having spoken with you both by phone yesterday for more than an hour, and given our plans to speak again tomorrow morning, I was surprised to receive your email this afternoon stating (in full): "*Attached is a motion to compel that we will file on Monday, April 6, 2015. I wanted to give you a heads-up.*" In our meet-and-confer yesterday, we explained our diligent, round-the-clock efforts to respond to your extensive discovery requests on an expedited basis, and assured you that we would provide you this week with a list of previously produced responsive documents identified by Bates number, and will produce next week a wave of new responsive documents. In good faith, we also explained to you some of the obstacles and challenges that we have faced, and offered proposals to overcome them. When you said that you would get back to us before the weekend with your response to our suggestions, we were not envisioning a one-line email attaching a Motion to Compel.

       With respect to collecting, reviewing, processing and translating documents from our client's offices in a remote province of China, I assure you that there has been no delay on the part of client or counsel. An order compelling production is not necessary;

Russ M. Herman, Esq.
Arnold Levin, Esq.
April 2, 2015
Page 2

within a matter of days, you will receive the beginning of our expedited production of responsive documents.

As I noted both to the Court at the March 26, 2015 Status Conference, and to you in our meet-and-confer discussions, Taishan will object to some of the twenty-four (24) document requests (not counting subparts), twenty-three (23) of which begin with the words "All documents . . . ." In particular, we discussed yesterday that we would object to your Request No. 23, which has seventy-nine (79) sub-parts seeking attorney-client communications, including between and among some of the current counsel of record for defendants in this case. Given the outsized scope of the request, the urgency of the discovery at hand, the facial concerns of directly requesting attorney-client communications, and the burden of necessarily involving Judge Fallon in the adjudication of inevitable privilege issues (*see* ¶ 4 of your Definitions & Instructions, directing Taishan to "submit to the Court, under seal, unredacted copies of all documents for which it asserts a privilege"), we suggested that this request is not the sort of discovery on which the parties should spend our limited time. Your declaration that "we'll be the judge of what we spend our time on," let us know where you stand, but did not help to solve the problems posed by this onerous, problematic request.

Although we did not specifically mention it yesterday, the unreasonableness of Request No. 23 is exacerbated given that it is nearly identical to those requests already propounded by you on Taishan on September 2, 2014, which became the subject of extensive motions, briefing, *in camera* reviews, and multiple Court orders, culminating in the 5th Circuit's denial of Mandamus on February 20, 2015. At the end of that lengthy process, you received a set of redacted documents from Hogan Lovells that you deemed "important" and are certain to be the subject of deposition examinations you have noticed. It does not follow, however, that you should turn this current expedited discovery period into a broad and sweeping fishing expedition into the attorney-client files of the sixty-nine (69) individual attorneys you have identified from nine firms in the hopes of finding a "bone" after months of additional privilege disputes, analysis, and adjudication. Respectfully, we thought that the PSC shared the Court's goal of moving these cases to final judgment, not to mire down the entire process with overreaching, backward-looking, speculative and judicially taxing discovery requests.

As discussed at length yesterday, Chairman Jia is the only current Taishan witness that you have noticed individually for deposition. He has been at Taishan for many years, and is the witness in the very best position to testify with firsthand knowledge of the topics of the Taishan 30(b)(6) notices. As we explained, his documented heart condition precludes him from traveling to the United States, and we offered suggestions as to an alternative venue in Hong Kong (or by videoconference) with all expenses to be paid by Taishan. Your Motion to Compel demands attendance in the United States of another corporate representative. We are concerned that the proposal of preparing a less knowledgeable and experienced witness in lieu of deposing the most knowledgeable and experienced witness, does not strike us as the most sensible approach. That said, the

Russ M. Herman, Esq.
Arnold Levin, Esq.
April 2, 2015
Page 3

matter should be discussed in good faith before invoking the Court. Only if we cannot mutually find a solution would a Motion to Compel need to be filed and argued.

We look forward to our continued discussions.

Sincerely,

Bernard Taylor, Sr.

cc:  Michael P. Kenny – Mike.Kenny@alston.com
Christy Hull Eikhoff – Christy.Eikhoff@alston.com
Gerald E. Meunier – gmeunier@gainsben.com
Lenny Davis – Ldavis@hhklawfirm.com
Christopher Seeger – cseeger@seegerweiss.com
Sandy Duggan – sduggan@lfsblaw.com
Fred Longer  - FLonger@lfsblaw.com