# EXHIBIT E

# Eikhoff, Christy Hull

| | |
|---|---|
| **From:** | Eikhoff, Christy Hull |
| **Sent:** | Monday, April 06, 2015 1:51 PM |
| **To:** | alevin@lfsblaw.com; RHERMAN@hhklawfirm.com |
| **Cc:** | Taylor, Bernard |
| **Subject:** | Meet and Confer Call this morning |

Arnie & Russ:

We are glad that we could arrange another meet and confer call this morning to further update you on the status of Taishan's discovery efforts.  This email recaps what was discussed:

**Depositions**:  As you have demanded in your Motion to Compel filed earlier today (and previewed to us last week), we have identified a 30(b)(6) witness who will come to the U.S. to be deposed in New Orleans, as an alternative to Chairman Jia, who cannot travel to the U.S. as previously discussed.  The new corporate rep will be Mr. Che Gang, who has been a Taishan employee for approx. 15 years and has worked in the Foreign Trade Group.  Mr. Che does not have a valid passport or U.S. entry visa, but we are doing all we can to expedite those processes to make him available in the U.S. as soon as possible.

You are demanding hospital and medical records for Chairman Jia.  We told you that we have medical certificates already explaining his travel restrictions, but you are asking for his entire medical records, which we are working to obtain.  Because they are sensitive personal medical records, we will need to determine confidentiality limitations on providing to you and/or the Court, and Judge Fallon will probably need to be involved in the analysis as well.  Thank you for offering in advance that you would treat such documents as Highly Confidential under the protective order, and requiring HC treatment of any expert that you engage to examine his medical records.  That said, the broader issue of the necessity and efficiency of this line of inquiry and investigation may also be something to discuss with the Court.

**Documents:**  As you know, we have been working very diligently to provide you with responsive documents.  We have had attorneys on the ground in China since March 17, and Bernard is there now.  We provided you with written responses and objections last week that identified documents previously produced that are responsive to some of your current requests.  We also have a first wave of documents ready to produce later today or early tomorrow.  The documents we will produce immediately are identified categorically in English, but the contents have not yet been translated into English.  We are working on translations and will provide them to you on a rolling basis, with to goal of "catching up" our translations to our productions so that they are simultaneous in later waves.

We are also working with an e-Discovery vendor to help cull responsive electronically stored documents.  This is a challenge at Taishan because Taishan has no central server, and relies heavily on storage on individual hard drives and computers.  Nevertheless, we will try to come up with reasonable searches and will discuss those with you as they progress.  Mr. Che and Chairman Jia are among the key witnesses whose electronic files will be searched.   We will look into the status of Mr. Peng's files and what information we can provide to you about his current whereabouts.

**Privilege Issues**:  Because of our efforts to expedite production of documents, we may find that we inadvertently produce documents that we later determine are subject to a claim of attorney-client privilege or other protection.  You assured us that the E.D. La. routinely allows parties to "claw back" inadvertently produced privileged documents without waiver of the claim of privilege.  Thank you for your agreement to this protection.

We note that you have filed a Motion to Compel that focuses, *inter alia*, your Request No. 23, which calls for 79 sub-categories of privileged attorney-client communications.  We have objected to that requests in our written responses, and will file our response to your Motion to Compel shorty.  However, we noted on the call that Judge Fallon has already

addressed very similar requests and made rulings with respect to them that we believe render Request No. 23 duplicative and improper.  We will address this further in our written papers.

We will continue to work tirelessly on this discovery, and, as we have been doing, will reach out again to you for conferences as we progress.

Christy Hull Eikhoff
Alston & Bird, LLP
404-881-4496 direct
404-881-7000 main
Christy.eikhoff@alston.com