**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| IN RE:  CHINESE-MANUFACTURED DRYWALL PRODUCTS LIABILITY LITIGATION | MDL NO. 2047<br>SECTION: L |
| THIS DOCUMENT RELATES TO:<br><br>ALL CASES | JUDGE FALLON<br>MAG. JUDGE WILKINSON |

**RESPONSE OF THE PLAINTIFFS' STEERING COMMITTEE TO TAISHAN'S EMERGENCY MOTION TO COMPEL PRODUCTION OF INFORMATION RELEVANT TO PLAINTIFFS' MOTION FOR ASSESSMENT OF CLASS DAMAGES**

**I.    INTRODUCTION**

In advance of the hearing to assess class damages, Taishan Gypsum Co., Ltd. ("Taishan") has filed an emergency motion to obtain (1) updated Plaintiff Profile Forms ("PPFs") current to 2015; (2) all information in the custody of the Settlement Administrators BrownGreer PLC ("Brown Greer") and Garretson Resolution Group ("Garretson") regarding the percentage of Taishan drywall in each class member's property and the amount of compensation received by each class member from the class settlements approved by the Court; and (3) all information from Brown Greer and Garretson regarding the actual cost of remediation conducted as part of the Knauf Settlement for the last five years [Rec. Doc. No. 18598].  BNBM has joined in the motion [Rec. Doc. No. 18610].  The Plaintiffs' Steering Committee ("PSC") opposes Taishan's motion on the grounds it seeks information that is not relevant to the hearing to assess class damages, overly broad, and/or unnecessary.

1

II.    **ARGUMENT**

    A.    **Plaintiff Profile Forms**

On April 3, 2015, Brown Greer transmitted to Taishan an encrypted flash drive containing all PPFs in its possession, with instructions on how to access the data. *See* attached cover letter from Brown Greer to Taishan's counsel (attached hereto as Exhibit "A"). This drive contains the sworn PPFs of 23,071 Plaintiffs in this litigation. Each form provides the square footage of the Plaintiffs' affected properties and in many cases floor plans, insurance declarations, and the results of any inspections. In addition, Garretson has provided a summary spreadsheet for all Virginia claimants alleging damages from Taishan's drywall, which includes the names of these claimants, their addresses, and the square footage of their properties. *See* Chart of Virginia Claimants (attached hereto as Exhibit "B"). The PSC is in the process of seeking on an expedited basis (by April 15, 2015) updated relevant ownership information from all claimants alleging damages caused by Taishan's drywall. *See* Important Taishan Notice (attached hereto as Exhibit "C").

    B.    **The Percentage of Taishan Drywall and the Amount of Compensation from the Knauf, Banner, InEx and Global Settlements Are Not Relevant to Determine Taishan Class Damages**

This Court has already found that where Taishan Chinese Drywall has been installed in a home, the proper scope of remediation requires that all drywall – "both Chinese and other" – be removed. *In re Chinese-Manufactured Drywall Prods. Liab. Litig.*, 706 F. Supp. 2d 655, 671-72 (E.D. La. 2010). Accordingly, it is irrelevant for purposes of assessing Taishan class damages whether the home is a pure Taishan home or a mixed home. In either case, all drywall must be removed and the costs for same must be borne by the Taishan Defendants. Any percentages of KPT Chinese Drywall calculated under the Knauf Settlement are not relevant to the Taishan

2

class proceedings.  These figures were derived pursuant to a negotiated agreement among the settling parties.  In any event, Taishan already has all of PPFs for all Plaintiffs in this litigation, as provided by Brown Greer on April 3, 2015.

With regard to settlement payments, <u>after classwide damages are determined</u>, if Taishan is entitled to a credit or set-off in cases where a Plaintiff has received monies in this litigation from the Knauf, Banner, InEx and/or Global Settlements, so as to avoid any windfall to the Plaintiff, those calculations can easily be made by the Court, with an opportunity for briefing by all interested parties.  If credits are appropriate, those amounts can revert to Taishan.  There is no need for Taishan to possess this information to defend against Plaintiffs' entitlement to the full amount of their damages resulting from Taishan's defective Chinese Drywall.  <u>These non-settling Taishan Defendants are entitled to verdict reduction in an ancillary proceeding pursuant to the release provided by class plaintiffs to Knauf in the Knauf Settlement proceedings</u>.

### C. **The Actual Costs of Remediation Performed Pursuant to the Knauf Settlement Are Not Relevant to Determine Taishan Class Damages**

The actual costs of remediation that were performed by Moss pursuant to the Knauf Settlement are not relevant to assess class damages for the Taishan Plaintiffs.  First, these costs are confidential.  Knauf's counsel Kerry Miller has already asserted a privilege with respect to that information.  *See* 3/17/2015 Transcript of Proceedings, at 39-40 (attached hereto as Exhibit "D").  Second, Knauf contracted with Moss to provide remediation benefits to class members as part of a <u>negotiated settlement</u> of their claims.  Moss' remediation costs do not represent the actual damages incurred by the Taishan Plaintiffs, who are entitled to be made whole.  The benefits provided under the Knauf Settlement do not reflect a number of costs, for example, the overhead costs and profit of Moss and the limited the amount of recoverable damages that were

the result of a quid pro quo negotiation, and, as such, Moss' remediation costs do not have relevance here.  Moreover, the Knauf Settlement benefits were provided to the Knauf Plaintiffs at a discounted rate due to the economies of scale, which is not the case with respect to the Taishan properties.  Third, the Settlement Administrators do not have access to Knauf's costs of remediation.

### III.  CONCLUSION

The Taishan Plaintiffs have been waiting almost six years for their day in Court.  The hearing to assess class damages has been scheduled, and the PSC is prepared to go forward.  Taishan has all PPFs completed by any Plaintiff in the litigation, which includes Taishan Plaintiffs, Knauf Plaintiffs, and others.  The information that Taishan seeks concerning monies expended by the Knauf Defendants to remediate KPT Properties is irrelevant to the hearing on Taishan damages.  The motion to compel should be denied.

Dated: April 7, 2015               Respectfully Submitted,

BY:      /s/ Russ M. Herman
Russ M. Herman (LA Bar No. 6819) (On the Brief)
Leonard A. Davis (LA Bar No. 14190) (On the Brief)
Stephen J. Herman (LA Bar No. 23129)
Herman, Herman & Katz, LLC
820 O'Keefe Avenue
New Orleans, LA 70113
Phone: (504) 581-4892
Fax: (504) 561-6024
ldavis@hhklawfirm.com
*Plaintiffs' Liaison Counsel*
*MDL 2047*

Arnold Levin (On the Brief)
Fred S. Longer (On the Brief)
Sandra L. Duggan (On the Brief)
Matthew Gaughan (On the Brief)
Levin, Fishbein, Sedran & Berman
510 Walnut Street, Suite 500
Philadelphia, PA 19106
Phone: (215) 592-1500
Fax: (215) 592-4663
alevin@lfsblaw.com
*Plaintiffs' Lead Counsel*
*MDL 2047*

Gerald E. Meunier (LA Bar No. 9471)
Gainsburgh, Benjamin, David,
 Meunier & Warshauer, LLC
2800 Energy Centre
1100 Poydras Street
New Orleans, LA 70163-2800
Phone:  (504) 522-2304
Fax:  (504) 528-9973
gmeunier@gainsben.com
*Co-Counsel for Plaintiffs and PSC Member*

## PLAINTIFFS' STEERING COMMITTEE

Dawn M. Barrios
Barrios, Kingsdorf & Casteix, LLP
701 Poydras Street, Suite 3650
New Orleans, LA 70139
Phone: (504) 524-3300
Fax: (504) 524-3313
Barrios@bkc-law.com

Daniel E. Becnel, Jr.
Becnel Law Firm, LLC
425 W. Airline Highway, Suite B
Laplace, LA 70068
Phone: (985) 536-1186
Fax: (985) 536-6445
dbecnel@becnellaw.com

Peter Prieto
Podhurst Orseck, PA
25 Flagler Street, 8th Floor
Miami, FL 33130
Phone: (305) 358-2800
Fax: (305) 358-2382
pprieto@podhurst.com

Bruce William Steckler
Steckler LLP
12720 Hillcrest Road, Suite 1045
Dallas, TX 75230
Phone: (972) 387-4040
Fax: (972) 387-4041
bruce@stecklerlaw.com

Ervin A. Gonzalez
Colson, Hicks, Eidson
255 Alhambra Circle, Penthouse
Coral Gables, FL 33134
Phone: (305) 476-7400
Fax: (305) 476-7444
ervin@colson.com

Ben W. Gordon, Jr.
Levin, Papantonio, Thomas, Mitchell
  Echsner & Proctor, PA
316 S. Baylen Street, Suite 600
Pensacola, FL 32502
Phone: (850) 435-7000
Fax: (850) 435-7020
bgordon@levinlaw.com

Hugh P. Lambert
The Lambert Firm
701 Magazine Street
New Orleans, LA 70130
Phone: (504) 581-1750
Fax: (504) 529-2931
hlambert@thelambertfirm.com

Jerrold Seth Parker
Parker Waichman, LLP
3301 Bonita Beach Road
Bonita Springs, FL 34134
Phone: (239) 390-1000
Fax: (239) 390-0055
Jerry@yourlawyer.com

Scott Wm. Weinstein
Morgan & Morgan
12800 University Drive, Suite 600
Ft. Myers, FL 33907
Phone: (239) 433-6880
Fax: (239) 433-6836
sweinstein@forthepeople.com

James Robert Reeves
Reeves & Mestayer, PLLC
160 Main Street
Biloxi, MS 39530
Phone: (228) 374-5151
Fax: (228) 374-6630
jrr@attorneys4people.com

Christopher Seeger
Seeger Weiss, LLP
77 Water Street
New York, NY 10005
Phone: (212) 584-0700
Fax: (212) 584-0799
cseeger@seegerweiss.com

Daniel K. Bryson
Whitfield, Bryson & Mason, LLP
900 W. Morgan Street
Raleigh, NC 27603
Phone: (919) 600-5000
Fax: (919) 600-5002
dan@wbmllp.com

Richard J. Serpe
Law Offices of Richard J. Serpe
Crown Center, Suite 310
580 East Main Street
Norfolk, VA 23510-2322
Phone: (757) 233-0009
Fax: (757) 233-0455
rserpe@serpefirm.com

Victor M. Diaz, Jr.
V.M. Diaz and Partners, LLC
119 Washington Ave., Suite 402
Miami Beach, FL 33139
Phone: (305) 704-3200
Fax: (305) 538-4928
victor@diazpartners.com

**OF COUNSEL TO PLAINTIFFS' STEERING COMMITTEE**

Richard S. Lewis
HAUSFELD LLP
1700 K Street, N.W., Suite 650
Washington, DC 20006
Phone: (202) 540-7200
Fax: (202) 540-7201
rlewis@hausfeldllp.com

Anthony D. Irpino
IRPINO LAW FIRM
2216 Magazine Street
New Orleans, LA 70130
Phone: (504) 525-1500
Fax: (504) 525-1501
airpino@irpinolaw.com

Andrew A. Lemmon
Lemmon Law Firm, LLC
P.O. Box 904
15058 River Road
Hahnville, LA 70057
Phone: (985) 783-6789
Fax: (985) 783-1333
andrew@lemmonlawfirm.com

**CERTIFICATE OF SERVICE**

   I hereby certify that the above and foregoing has been served on Defendants' Liaison Counsel, Kerry Miller, by e-mail and upon all parties by electronically uploading the same to LexisNexis File & Serve in accordance with Pre-Trial Order No. 6, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2047 on this 7th day of April, 2015.

              Respectfully Submitted,

              BY: */s/ Leonard A. Davis*
                 Russ M. Herman
                 Leonard A. Davis
                 Stephen J. Herman
                 Herman, Herman & Katz, LLC
                 820 O'Keefe Avenue
                 New Orleans, LA 70113
                 Phone: (504) 581-4892
                 Fax: (504) 561-6024
                 ldavis@hhklawfirm.com

                 *Plaintiffs' Liaison Counsel*
                 *MDL 2047*