## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **IN RE: CHINESE-MANUFACTURED DRYWALL PRODUCTS LIABILITY LITIGATION** | **MDL NO. 2047** |
| | **SECTION "L" MAGISTRATE 2** |
| | **JUDGE ELDON FALLON** |
| | **MAGISTRATE JOHN WILKINSON** |
| **THIS DOCUMENT RELATES TO:** | |
| *Germano v. Taishan Gypsum Co., Ltd., f/k/a Shandong Taihe Dongxin Co., Ltd.* **Case No. 09-6687 (E.D. La.);** | |
| *Gross v. Knauf Gips, KG* **Case No. 09-6690 (E.D. La.);** | |
| *Wiltz v. Beijing New Building Materials Public Limited Co.* **Case No. 10-361 (E.D. La.);** | |
| *Amorin v. Taishan Gypsum Co., Ltd., f/k/a Shandong Taihe Dongxin Co., Ltd.* **Case No. 11-1672 (E.D. La.);** | |
| *Amorin v. Taishan Gypsum Co., Ltd., f/k/a Shandong Taihe Dongxin Co., Ltd.* **Case No. 11-1395 (E.D. La.); and** | |
| *Amorin v. Taishan Gypsum Co., Ltd., f/k/a/ Shandong Taihe Dongxin Co., Ltd.* **Case No. 11-1673 (E.D. La.).** | |

## THE KNAUF ENTITIES' OPPOSITION TO TAISHAN'S MOTION TO COMPEL PRODUCTION OF INFORMATION RELEVANT TO PLAINTIFFS' MOTION FOR ASSESSMENT OF CLASS DAMAGES

Gebrueder Knauf Verwaltungsgesellschaft, KG, Knauf Gips KG, Knauf International

GmbH, Knauf Plasterboard (Tianjin) Co. Ltd. ("KPT"), Knauf Plasterboard (Wuhu) Co. Ltd.,

Guangdong Knauf New Building Material Co. Ltd., Knauf Insulation GmbH, Knauf UK GmbH, Knauf AMF GmbH & Co. KG, Knauf do Brasil Ltda., and PT Knauf Gypsum Indonesia (collectively, "Knauf Entities") file this Opposition to Taishan's Motion[1] to Compel Production of Information Relevant to Plaintiffs' Motion for Assessment of Class Damages (Doc. No. 18598) and opposes the Motion as Taishan's second and third requests for information in the custody of Brown Greer.[2]

At the outset, it should be noted that the Knauf Entities have incurred millions of dollars of damages resulting from Taishan's failure to fairly engage in this litigation.  These damages include, but are not limited to, remediation of homes and payments related to problems caused by Taishan manufactured drywall, increased inspection costs, and increased internal and external administrative costs.

The Knauf Entities have further spent millions of dollars and thousands of hours of labor to create this work product and are the only companies that have paid Brown Greer to assist them in the creation of this work product.  *See* Doc. No. 16407-3 at §§ 4.2 & 4.6.  Taishan could have created similar information or shared the Knauf Entities' substantial costs and labor to create this work product.  Instead and as the Court is well aware, Taishan yo-yoed in and out of this litigation for years and chose not to participate in this process.  Taishan's audacious request for this work product is consistent with Taishan's conduct over the last 6 years, attempt to benefit from other responsible parties' blood and sweat while completely ignoring its obligations to thousands of homeowners and to the Court.

---

[1] Taishan's Motion was submitted as an ex parte/consent motion.  The Knauf Entities did not and do not consent to the relief requested in Taishan's Motion.

[2] Knauf does not object to Taishan's request as it relates solely to information in the custody of Garretson Resolution Group.

KPT and Taishan are competitors in China.  In fact, Taishan has used the Knauf Entities' Class Settlement against certain Knauf Entities with Chinese customers.  It is patently unfair for Taishan to use this work product paid for by the Knauf Entities to assist Taishan in its strategy in the U.S. to minimize class wide damages against it.

Furthermore, Taishan waived any alleged right it thinks it had to this work product.  The PSC's Motion was filed on October 29, 2014, and Taishan chose not to respond to the motion or seek the work product until over five months had passed.  Taishan further failed to appear at the February 2015 status conference and planned motion hearing on the PSC's Motion for Assessment of Class Damages.  These actions and/or inactions on behalf of Taishan demonstrate that it has waived any alleged right it might have had to this work product.[3]

For the foregoing reasons, Taishan's Motion to Compel Production of Information Relevant to Plaintiffs' Motion for Assessment of Class Damages (Doc. No. 18598) should be denied as to Taishan's second and third requests for information in the custody of Brown Greer.

Respectfully Submitted,

/s/ *Kerry J. Miller*
KERRY J. MILLER (LA Bar No. 24562)
JAMES R. PARISH (LA Bar No. 34017)
**Baker, Donelson, Bearman,**
**Caldwell & Berkowitz, PC**
201 St. Charles Avenue
Suite 3600
New Orleans, LA 70170
Phone: 504.566.8646
Fax: 504.585.6946
kjmiller@bakerdonelson.com
jparish@bakerdonelson.com

***Counsel for the Knauf Entities***

---

[3] The Knauf Entities join the PSC's Response to Taishan's Motion and hereby incorporate the arguments contained therein into this Opposition.  See Doc. No. 18612.

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that the above and foregoing pleading has been served upon Russ Herman, Plaintiffs' Liaison Counsel, by email, to all parties by electronically uploading the same to LexisNexis File & Serve in accordance with Pre-Trial Order No. 6 and that the foregoing was filed with the Clerk of Court of the United States Court for the Eastern District of Louisiana, on this 7th day of April, 2015.

<u>/s/ *Kerry J. Miller*</u>