# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE:  CHINESE-MANUFACTURED DRYWALL PRODUCTS LIABILITY LITIGATION | MDL NO. 2047<br>SECTION: L<br>JUDGE FALLON<br>MAG. JUDGE WILKINSON |
| THIS DOCUMENT RELATES TO:<br><br>*Germano v. Taishan Gypsum Co., Ltd., f/k/a Shandong Taihe Dongxin Co., Ltd.*, Case No. 09-6687 (E.D. La.);<br><br>*Gross v. Knauf Gips, KG*, Case No. 09-6690 (E.D. La.);<br><br>*Wiltz v. Beijing New Building Materials Public Limited Co.,* Case No. 10-361 (E.D. La.);<br><br>*Amorin v. Taishan Gypsum Co., Ltd., f/k/a Shandong Taihe Dongxin Co., Ltd.*, Case No. 11-1672 (E.D. La.);<br><br>*Amorin v. Taishan Gypsum Co., Ltd., f/k/a Shandong Taihe Dongxin Co., Ltd.*, Case No. 11-1395 (E.D. La.); and<br><br>*Amorin v. Taishan Gypsum Co., Ltd., f/k/a Shandong Taihe Dongxin Co., Ltd.*, Case No. 11-1673 (E.D. La.). | |

### TAISHAN'S REPLY TO THE KNAUF ENTITIES' OPPOSITION TO TAISHAN'S MOTION TO COMPEL PRODUCTION OF INFORMATION RELEVANT TO PLAINTIFFS' MOTION FOR ASSESSMENT OF CLASS DAMAGES

Taishan Gypsum Co., Ltd. and Tai'an Taishan Plasterboard Co., Ltd. ("Taishan") reply to the Knauf Entities' opposition to Taishan's discovery requests related to  actual Chinese drywall remediation costs and putative class member information in the possession of  the Settlement Administrators, BrownGreer and Garretson Resolution Group.

As the Court ruled yesterday, such factual information is discoverable, subject to the resolution of specific concerns that Knauf may have.  According to Knauf's brief, "Knauf does not object to Taishan's request as it relates solely to information in the custody of Garretson Resolution Group," but Knauf does object, purportedly on work product grounds, to the production of such information from BrownGreer.  (Rec. Doc. 18617 at 2.)

Knauf's work product argument is without merit.  Taishan does not seek the mental impressions of Knauf's counsel.  Instead, Taishan seeks purely factual information regarding putative class members in the custody of BrownGreer, as well as purely factual information regarding the actual cost to remediate thousands of homes in different states—the "empirical evidence concerning the cost [of] remediation performed by Moss & Associates under the Knauf settlement program" that the Court referenced in granting the PSC's motion for class certification.  (Rec. Doc. 18028 at 32.)

The information Taishan seeks is not Rule 26 work product, inasmuch as it was largely generated collaboratively with plaintiffs and multiple independent third parties, under close Court supervision, following settlement of litigation.  But even if the factual information were work product, Taishan, the PSC, and the Court all have a "substantial need for the materials" to evaluate class members' damages claims and their hypothesized remediation costs in comparison to that vast body of real-world data.  Fed. R. Civ. P. 26(b)(3)(A).  Likewise, Taishan, the PSC, and the Court cannot "obtain their equivalent by other means" without "undue hardship" given the imminent briefing and hearing deadline.  Some raw data may be available from individual plaintiffs (which the PSC has resisted producing), but only BrownGreer and possibly Knauf have a global, easily accessible data set.

Knauf also appears concerned with business competition issues, but the solution there is in Pretrial Order 16 (Rec. Doc. 288). To the extent any of the factual data raises trade secret or other competitive concerns, it should be given the appropriate confidentiality designation so that the "flow of discovery material" can continue. PTO 16 at 1.

By letter yesterday evening, Taishan offered to meet and confer with Knauf after the requested transcript from yesterday's conference becomes available and Knauf has an opportunity to review the Court's reasoning. (*See* **Ex. A**.) Taishan respectfully suggests that the parties follow that course of action, and then speak with the Court by conference call by the end of this week if necessary to resolve any outstanding issues, with the goal of beginning production from BrownGreer no later than April 13, 2015—one week before Taishan's opposition to the PSC's class damages request is due.

Respectfully submitted this 8th day of April, 2015.

/s Michael P. Kenny
Bernard Taylor, Esq.
Georgia Bar No. 669625
Michael P. Kenny, Esq.
Georgia Bar No. 415064
Christina Hull Eikhoff
Georgia Bar No. 242539
ALSTON & BIRD LLP
1201 West Peachtree Street
Atlanta, Georgia 30309
Phone: (404) 881-7000
Fax: (404) 881-7777
michael.kenny@alston.com
christy.eikhoff@alston.com
*Counsel for Taishan Gypsum Co., Ltd. and Tai'an Taishan Plasterboard Co., Ltd.*

Alan Dean Weinberger
LA Bar No. 13331
HANGARTNER, RYDBERG & TERRELL, LLC

            One Shell Square
            701 Poydras St., Suite 310
            New Orleans, Louisiana 70179
            Phone: (504) 434-6815
            Fax: (504) 522-5689
            aweinberger@hanrylaw.com
            *Local Counsel for Taishan Gypsum Co., Ltd. and*
            *Tai'an Taishan Plasterboard Co., Ltd.*

## CERTIFICATE OF SERVICE

I hereby certify that the above and foregoing **TAISHAN'S REPLY TO THE KNAUF ENTITIES' OPPOSITION TO TAISHAN'S MOTION TO COMPEL PRODUCTION OF INFORMATION RELEVANT TO PLAINTIFFS' MOTION FOR ASSESSMENT OF CLASS DAMAGES** has been served on Plaintiffs' Liaison Counsel, Russ Herman, and Defendants' Liaison Counsel, Kerry Miller, by U.S. mail and e-mail and upon all parties by electronically uploading the same to LexisNexis File & Serve in accordance with Pre-Trial Order No. 6, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2047 on this 6th day of April, 2015.

    /s Michael P. Kenny
Michael P. Kenny, Esq.
Georgia Bar No. 415064
ALSTON & BIRD LLP
1201 West Peachtree Street NW
Atlanta, Georgia 30309
Phone: (404) 881-7000
Fax: (404) 881-7777
michael.kenny@alston.com
*Counsel for Taishan*