# EXHIBIT A

# ALSTON&BIRD LLP

One Atlantic Center
1201 West Peachtree Street
Atlanta, GA 30309-3424

404-881-7000
Fax: 404-881-7777
www.alston.com

Christina Hull Eikhoff                Direct Dial: 404-881-4496                E-mail: christy.eikhoff@alston.com

April 7, 2015

VIA ELECTRONIC MAIL

Kerry Miller, Esq.
Baker, Donelson, Bearman,
   Caldwell & Berkowitz, PC
201 St. Charles Avenue
Suite 3600
New Orleans, LA 70170
kjmiller@bakerdonelson.com

      Re:   *In re: Chinese-Manufactured Drywall Products Liability Litigation*,
            MDL No. 2047, Case No. 2:09-md-02047-EEF-JCW

Dear Kerry:

      We have received the Knauf Entities' Opposition to Taishan's Motion to Compel Production of Information Relevant to Plaintiffs' Motion for Assessment of Class Damages filed by you this afternoon. At the outset, I note that your brief refers to Taishan seeking Knauf's "work product." For clarification, Taishan is not seeking any attorney work product *i.e.,* counsel's thoughts or mental impressions; rather, Taishan is seeking simply documents and data regarding actual remediation that has occurred under the auspices of this MDL. We are seeking the raw data that support the presentations and analysis that the Settlement Administrators have provided to the Court about remediation and settlement programs.

      I am not sure if you are aware, but Judge Fallon convened a teleconference this afternoon at 2:00 CDT to address Taishan's Motion to Compel (Dkt. No. 18598), the PSC's Motion to Compel (Dkt. No. 18596), and the PSC's objections to the deposition notice for Ronald Wright (Dkt. No. 18597). With respect to our request for remediation data, Taishan called the Court's attention to its prior ruling that:

> The Court can likewise determine the cost of remediation, through the submission of affidavits, expert evidence and from data gathered by Moss & Associates (subject to appropriate cost adjustments), for remediation costs generally (i.e., ***empirical evidence concerning the cost or***

> *remediation performed by Moss & Associates under the Knauf settlement program*)."

(FOFCOL with Respect to Plaintiffs' Omnibus Motion for Class Certification (Doc. 18028) at 32 (emphasis added).)  The Court agreed that such evidence is discoverable.  It was noted, however, that Knauf may have concerns about providing this data to Taishan, and the Court advised that we try to work things out with you to avoid further Court intervention if possible.

     I suggest that the next step would be to await our receipt of the transcript of today's proceeding so that you may get up to speed on the Court's remarks and decisions.  After we have both had a chance to digest it, perhaps we could arrange for a call to see if we could arrive at a mutually agreeable solution.  I will follow up with you to set up our next discussion.

Sincerely yours,

Christina Hull Eikhoff

cc:  Russ M. Herman – RHERMAN@hhklawfirm.com
Arnold Levin – Alevin@LFSBLaw.com
Gerald Meunier – gmeunier@gainsben.com
Alan Weinberger – aweinberger@hanrylaw.com
Harry Rosenberg – harry.rosenberg@phelps.com
C. Michael Moore – mike.moore@dentons.com
Richard L. Fenton – richard.fenton@dentons.com
Michael H. Barr – michael.barr@dentons.com
L. Christopher Vejnoska – cvejnoska@orrick.com
James L. Stengel – jstengel@orrick.com