**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| **IN RE: CHINESE-MANUFACTURED DRYWALL PRODUCTS LIABILITY LITIGATION** | **MDL NO. 2047<br>SECTION: L<br>JUDGE FALLON<br>MAG. JUDGE WILKINSON** |
| **THIS DOCUMENT RELATES TO:<br><br>ALL ACTIONS** | |

**THE PLAINTIFFS' STEERING COMMITTEE'S REPLY
BRIEF IN SUPPORT OF MOTION TO STRIKE HOGAN LOVELLS'
DESIGNATION OF DOCUMENTS AS HIGHLY CONFIDENTIAL**

## I. INTRODUCTION

The Plaintiffs' Steering Committee ("PSC") respectfully submits this reply brief in support of its motion to strike Hogan Lovells' designation of documents as highly confidential.

## II. ARGUMENT

By Order dated March 30, 2015 (Rec.Doc. 17846), this Court permitted Hogan Lovells to withdraw from representing Taishan Gypsum Co., Ltd. ("Taishan") in this litigation. Taishan advocates to maintain the confidential status of attorney-client communications that this Court previously ruled were not entitled to any privilege. Taishan's arguments fail for at least two reasons. First, every attorney-client privileged communication is by its nature confidential, but by ruling that the attorney-client privilege does not apply to the documents at issue because they are subject to the crime-fraud exception of the attorney-client privilege, this Court impliedly found that confidentiality no longer is justified. Second, Taishan has failed to meet its burden of maintaining confidentiality under PTO No. 16 by proving on a document-by-document basis the

potential disclosure of any "highly sensitive and competitive information" in the communications at issue.

In Pretrial Order No. 16, this Court permitted persons to designate as “highly confidential” information that was “highly sensitive” and contained “competitive information,” where the disclosure of the information would "pose a substantial risk of serious harm, economic or otherwise." Taishan attempts to bootstrap the provisions of PTO 16 into a blanket means to maintain the designation of confidentiality upon its former counsels’ communications that this Court justifiably found to have demonstrated the attempted commission of a crime or fraud upon this tribunal. Although Taishan may subjectively believe these communications to have been confidential when they were initially conducted with its former counsel, *see generally, In re Vioxx Products Liability Litig*., 2007 WL 854251, *3 (E.D.La. Mar. 6, 2007) (“the attorney-client privilege protects only confidential communications”), the confidences intended by Taishan were never justified, and, hence, the confidences were lost as a result of the illegality of the communications. *See In re: Chinese-Manufactured Drywall Prod. Liab. Litig*., MDL 2047, Order & Reasons (Jan. 13, 2015)(Rec.Doc. 18256), *pet. for writ of mandamus denied*, No. 15-30114 (5th Cir. Feb. 20, 2015)(Doc: 00512943262).

Taishan nevertheless contends that the PSC has lost sight of the distinction between privilege and confidentiality. To the contrary, the Court has already ruled on privilege and

dismissed same.[1] *Id.* The PSC submits that same ruling should be understood to reject confidentiality as well.

To the extent that confidentiality may arguably be maintained under the definition provided by PTO 16, that order narrows the scope of confidentiality to those documents whose revelation could impose some sort of economic harm to the producing party. Apart from arguing the revelation of the documents at issue would "open to scrutiny private conversations without the benefit of context or explanation", Taishan Brf. at 2, the defendant offers no support to the notion that economic harm would befall it. Since there is no trade secret in committing fraud on this Court, any such argument by Taishan would be unfounded.

Further, Taishan's defense is made blanketly. Taishan, however, has the obligation and burden to prove for each and every document at issue that confidentiality is appropriately applied. *See Holland v. Summit Autonomous, Inc*., 2001 WL 930879, *5 (E.D.La. Aug. 14, 2001). This burden is defendant's alone. *See Holland v. Summit Technology, Inc.*, 2001 WL 1132030, *3 (E.D.La. Sept. 21, 2001)("the burden for justifying confidentiality rests with the Defendant."). Taishan has failed to meet its burden. Defendant's response never addresses a single, unique document. It only refers to the Hogan Lovells' documents collectively. Accordingly, defendant has failed to meet its burden of maintaining confidentiality.

Finally, there are public policy reasons for making the Hogan Lovells documents accessible. "Public access serves to enhance the transparency and trustworthiness of the judicial

---

[1]To the extent that any of the defendant's documents contain work-product information, this information was redacted from the documents produced pursuant to this Court's Order of January 13, 2015, and only the redacted versions of the documents produced to the PSC are at issue.

process, to curb judicial abuses, and to allow the public to understand the judicial system better." *Weiss v. Allstate Ins. Co.*, 2007 WL 2377119, *4 (E.D.La. Aug. 16, 2007). Since Taishan has been unable to identify any specific economic or competitive harm that it would incur by the production of the Hogan Lovells documents, there is no justification for maintaining them under seal.

## III. CONCLUSION

Wherefore, for the reasons set forth above, the defendant has failed to meet its burden of maintaining confidentiality under PTO No. 16 and Fed.R.Civ.P. 26. Therefore, and for good cause, the PSC's motion should be granted.

Respectfully submitted,

Dated: April 7, 2015

/s/ Russ M. Herman
Russ M. Herman (LA Bar No. 6819)
Leonard A. Davis (LA Bar No. 14190)
Stephen J. Herman (LA Bar No. 23129)
HERMAN, HERMAN & KATZ, LLC
820 O'Keefe Avenue
New Orleans, Louisiana 70113
Phone: (504) 581-4892
Fax: (504) 561-6024
Ldavis@hhkc.com
*Plaintiffs' Liaison Counsel*
*MDL 2047*

Arnold Levin (On the Brief)
Fred S. Longer (On the Brief)
Sandra L. Duggan
Matthew C. Gaughan
Levin, Fishbein, Sedran & Berman
510 Walnut Street, Suite 500
Philadelphia, PA 19106
215-592-1500 (phone)
215-592-4663 (fax)
Alevin@lfsblaw.com
*Plaintiffs' Lead Counsel*
*MDL 2047*

**PLAINTIFFS' STEERING COMMITTEE**

Dawn M. Barrios
Barrios, Kingsdorf & Casteix, LLP
701 Poydras Street, Suite 3650
New Orleans, LA 70139
Phone: (504) 524-3300
Fax: (504) 524-3313
Barrios@bkc-law.com

Bruce William Steckler
Steckler, LLP
12720 Hillcrest Road, Ste 1045
Dallas, TX 75230
Phone: (972) 387-4040
Fax: (972) 387-4041
bruce@stecklerlaw.com

Daniel E. Becnel, Jr.
Becnel Law Firm, LLC
425 W. Airline Highway, Suite B
Laplace, LA 70068
Phone: (985) 536-1186
Fax: (985) 536-6445
dbecnel@becnellaw.com

Ervin A. Gonzalez
Colson, Hicks, Eidson
255 Alhambra Circle, Penthouse
Cora Gables, FL 33134
Phone: (305) 476-7400
Fax: (305) 476-7444
ervin@colson.com

Peter Prieto
Podhurst Orseck, P.A.
25 Flagler Street, 8th Floor
Miami, FL 33130
Phone: (305) 358-2800
Fax: (305) 358-2382
pprieto@podhurst.com

Ben W. Gordon, Jr.
Levin, Papantonio, Thomas, Mitchell
Echsner & Proctor, P.A.
316 S. Baylen Street, Suite 600
Pensacola, FL 32502
Phone: (850) 435-7000
Fax: (850) 435-7020
bgordon@levinlaw.com

Hugh P. Lambert
The Lambert Firm
701 Magazine Street
New Orleans, LA 70130
Phone: (504) 581-1750
Fax: (504) 529-2931
hlambert@thelambertfirm.com

Gerald E. Meunier
Gainsburgh, Benjamin, David, Meunier
& Warshauer, LLC
2800 Energy Centre, 1100 Poydras Street
New Orleans, LA 70163-2800
Phone: (504) 522-2304
Fax: (504) 528-9973
gmeunier@gainsben.com

Jerrold Seth Parker
Parker Waichman, LLP
3301 Bonita Beach Road
Bonita Springs, FL 34134
Phone: (239) 390-1000
Fax: (239) 390-0055
Jerry@yourlawyer.com

Scott Wm. Weinstein
Morgan & Morgan
12800 University Drive, Suite 600
Ft. Meyers, FL 33907
Phone: (239) 433-6880
Fax: (239) 433-6836
sweinstein@forthepeople.com

James Robert Reeves
Reeves & Mestayer, PLLC
160 Main Street
Biloxi, MS 39530
Phone: (228) 374-5151
Fax: (228) 374-6630
jrr@attorneys4people.com

Christopher Seeger
Seeger Weiss, LLP
77 Water Street
New York, NY 10005
Phone: (212) 584-0700
Fax: (212) 584-0799
cseeger@seegerweiss.com

Daniel K. Bryson
Whitfield, Bryson & Mason, LLP
900 W. Morgan Street
Raleigh, NC 27603
Phone: (919) 600-5000
Fax: (919) 600-5002
dan@wbmllp.com

Richard J. Serpe
Law Offices of Richard J. Serpe
Crown Center, Ste. 310
580 East Main Street
Norfolk, VA 23510-2322
Phone: (757) 233-0009
Fax: (757) 233-0455
rserpe@serpefirm.com

Victor M. Diaz, Jr.
V.M. Diaz and Partners, LLC
119 Washington Ave, Suite 402
Miami Beach, FL 33139
Phone: (305) 704-3200
Fax: (305) 538-4928
victor@diazpartners.com

**OF COUNSEL TO PLAINTIFFS' STEERING COMMITTEE**

Richard S. Lewis
HAUSFELD LLP
1700 K Street, N.W
Suite 650
Washington, DC 20006
Phone: (202) 540-7200
Fax: (202) 540-7201
rlewis@hausfeldllp.com

Andrew A. Lemmon
Lemmon Law Firm, LLC
P.O. Box 904
15058 River Road
Hahnville, LA 70057
Phone: (985) 783-6789
Fax: (985) 783-1333
andrew@lemmonlawfirm.com

Anthony D. Irpino
IRPINO LAW FIRM
2216 Magazine Street
New Orleans, LA 70130
Phone: (504) 525-1500
Fax: (504) 525-1501
airpino@irpinolaw.com

**CERTIFICATE OF SERVICE**

I hereby certify that the above and foregoing has been served on Defendants' Liaison Counsel, Kerry Miller, by U.S. Mail and e-mail or by hand delivery and e-mail and upon all parties by electronically uploading the same to LexisNexis File & Serve in accordance with Pre-Trial Order No. 6, which will serve a notice of the uploading in accordance with the procedures established in MDL 2047, on this 7th day of April, 2015.

/s/ Leonard A. Davis
Leonard A. Davis
HERMAN, HERMAN & KATZ, LLC
820 O'Keefe Avenue
New Orleans, Louisiana 70113
Phone: (504) 581-4892
Fax: (504) 561-6024
Ldavis@hhkc.com
Plaintiffs' Liaison Counsel
MDL 2047

*Co-counsel for Plaintiffs*