UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In re:  CHINESE-MANUFACTURED | * | MDL 2047 |
| DRYWALL PRODUCTS | * | |
| LIABILITY LITIGATION | * | SECTION L |
| | * | |
| | * | JUDGE FALLON |
| This document relates to:   11-1363 | * | |
| | * | MAGISTRATE JUDGE WILKINSON |
| | * | |
| * * * * * * * * * * * * * * * * * | | |

### KNAUF DEFENDANTS' OPPOSITION TO PRIME HOMES AT PORTOFINO FALLS, LTD.'S MOTION FOR RECALCULATION OF SELF-REMEDIATION ESTIMATES TO REFLECT CURRENT MARKET RATES

Defendants Knauf Plasterboard (Tianjin) Co., Ltd., Knauf Plasterboard (Wuhu) Co., Ltd., Guangdong Knauf New Building Material Products Co., Ltd., Knauf Gips KG, Gebr. Knauf Verwaltungsgesellschaft KG, Knauf International GmbH, Knauf Insulation GmbH, Knauf UK GmbH, Knauf AMF GmbH & Co. KG, Knauf do Brasil Ltda., and PT Knauf Gypsum Indonesia (collectively the "Knauf Defendants") file this Opposition to Prime Homes at Portofino Falls, Ltd.'s ("Prime Homes") Motion for Recalculation of Self-Remediation Estimates to Reflect Current Market Rates (Doc. No. 18576).  Prime Homes' Motion should be denied because the delays since Moss & Associates ("Moss") issued the Final Cost Estimates were caused solely by Prime Homes.

The only delays relevant to an increase in the remediation cost of any particular property are those delays occurring after Moss issued the Final Cost Estimates.  Any alleged delays prior to Moss issuing the Final Cost Estimates are irrelevant to a motion seeking a recalculation of costs.  The processing of the Prime Homes' claims suffered two delays after Moss issued the Final Cost Estimates, and both delays were caused solely by Prime Homes.

The first delay was caused by Prime Homes' failure to submit to Brown Greer binding contracts with the Self-Remediation Option contractors within 45 days of the Prime Homes' receipt of the Final Cost Estimates (as is required by Sections 4.3.8.2 and 4.3.8.2.1 of the Knauf Class Settlement Agreement).  Doc. No. 16407-3, at p. 26 (page 29 of the entire document).  Prime Homes did not provide any of the binding contracts within 45 days of receiving the Final Cost Estimates.  Instead, Prime Homes took an average of 270 days to provide binding contracts to Brown Greer.  See Exhibit A.

The second delay was caused by Prime Homes' failure to correct the errors and deficiencies in Prime Homes' releases.  Prime Homes took an average of 270 days to provide the releases, and only two of the releases did not contain errors and deficiencies.  Brown Greer notified Primes Homes' counsel of these deficiencies and attempted to work with Prime Homes' counsel for the last year.  Specifically, Brown Greer has requested that Prime Homes' counsel correct these deficiencies on at least 11 occasions:  April 6, 2014; May 12, 2014; July 2, 2014; October 2, 2014; November 5, 2014; November 25, 2014; December 5, 2014; December 17, 2014; January 19, 2015; January 27, 2015; and February 10, 2015.  See Exhibit B.  In fact, on February 16, 2015, counsel for the Knauf Defendants received an email from Brown Greer stating that Brown Greer "ha[d] sent multiple emails to [Prime Homes' counsel] regarding these properties and have not received any response."  See Exhibit C.

The two delays by Prime Homes are contiguous.  The first delay occurred between the time Moss issued the Final Cost Estimates and the time Prime Homes submitted binding contracts and releases.  The second delay, occurred immediately after the first delay and was caused by Prime Homes' failure to remedy the errors and deficiencies in the releases.

Unfortunately, 27 of the 29 claims continue to be delayed by the failure of Prime Homes to remedy the errors and deficiencies in the releases.

Prime Homes downplays these errors and deficiencies as minor and irrelevant. Six of the claims are using incorrect releases, and curing these deficiencies could be done in a few hours. See Exhibit B. Likewise, the other deficiencies are curable in just a few hours.

The Knauf Defendants have not caused these delays and should not be required to pay for these delays caused by Prime Homes. For the foregoing reasons, Prime Homes' Motion for Recalculation of Self-Remediation Estimates to Reflect Current Market Rates (Doc. No. 18576) should be denied.

Respectfully Submitted,

*/s/ Kerry J. Miller*
KERRY J. MILLER (LA Bar No. 24562)
kjmiller@bakerdonelson.com
JAMES R. PARISH (Bar No. 34017)
jparish@bakerdonelson.com
Baker, Donelson, Bearman,
Caldwell & Berkowitz, P.C.
201 St. Charles Ave.
Suite 3600
New Orleans, LA 70170
Phone: 504.566.5200
Fax:   504.636.4000
kjmiller@bakerdonelson.com
jparish@bakerdonelson.com

*Counsel for the Knauf Defendants*

## **CERTIFICATE**

I hereby certify that the above and foregoing pleading has been served upon Russ Herman, Plaintiffs' Liaison Counsel, by email, and to all parties by electronically uploading the same to LexisNexis File & Serve in accordance with Pre-Trial Order No. 6, and that the foregoing was filed with the Clerk of Court of the United States Court for the Eastern District of Louisiana, on this 9th day of April, 2015.

*/s/ Kerry J. Miller*