**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | | |
|---|---|---|
| =============================== | x | ============================ |
| | x | |
| IN RE: CHINESE-MANUFACTURED | x | MDL NO. 2047 |
| DRYWALL PRODUCTS LIABILITY | x | |
| LITIGATION | x | SECTION: L |
| | x | |
| THIS DOCUMENT APPLIES TO ALL | x | JUDGE FALLON |
| CASES | x | |
| | x | MAG. JUDGE WILKINSON |
| | x | |
| =============================== | x | ============================ |

**AMENDED AND SUPPLEMENTAL NOTICE OF EXPEDITED ORAL AND
VIDEOTAPED DEPOSITIONPURSUANT TO THE COURT'S DIRECTIVE
DURING THE MARCH 17, 2015 SPECIAL HEARING AND MINUTE ENTRY
AND ORDERS [REC.DOC. 18493]**

TO:    Beijing New Building Material (Group) Co., Ltd.
       **Through its Counsel**
       Michael H. Barr
       DENTONS US LLP
       1221 Avenue of the Americas
       New York, NY 10020-1089

**PLEASE TAKE NOTICE** that pursuant to Rules 26 and 30(b)(6) of the Federal

Rules of Civil Procedure, and the Court's Minute Entry and Orders dated March 17, 2015

[Rec. Doc. No. 18493] (provided previously with the 3/19/15 Notice) authorizing

expedited discovery of Taishan and BNBM/CNBM regarding (i) the injunction prong of

the Court's July 17, 2014 Order holding Taishan in contempt of court, criminally and

civilly [Rec. Doc. No. 17869], and (ii) whether there exist alter ego relationships between

and among these entities, to be completed no later than April 28, 2015, plaintiffs, by and

through their undersigned attorneys, the Plaintiffs' Steering Committee in the MDL, will

1

take the deposition of **Beijing New Building Material (Group) Co., Ltd. at a mutually agreed-upon date, time, and place in New Orleans, Louisiana pursuant to the Court's March 17, 2015 Minute Entry and Order**.  The instant notice of oral and videotaped deposition is in addition to the previously noticed deposition and is in no way intended to supplant the prior noticed deposition.  In an effort to streamline and further expedite the depositions and discovery responses required by the Court's March 17, 2015 directive, this amended and supplemental notice is hereby propounded and served as an update to the previous notice served on March 19, 2015.  The amended and supplemental requests for production and deposition topics contained herein have been updated in reply to Defendant's responses and objections to the original notice, however, these amended and supplemental requests and deposition topics are hereby propounded and served without any concession regarding the merits of defendant's objections, and without any extension for responding to the March 19, 2015 notice and requests for production – within the deadlines already set by the Court.  Pursuant to Fed. R. Civ. P. 30(b)(6), **Beijing New Building Material (Group) Co., Ltd.** shall designate and produce a designated representative or representatives, as may be required, to testify on behalf of **Beijing New Building Material (Group) Co., Ltd.** concerning the topics identified in Schedule "A" attached hereto.  Further, the deponent is requested to produce the documents identified in the attached Schedule "A" to which deposition questions will be asked.

**If you are an attorney of record, please email cdw@golkow.com 48 hours prior to the deposition should you desire to participate by stream to view video/text so you may receive a username and password.**

2

Primary Examiners:      A Member of the PSC, or its designee
Videotaped Deposition: Yes
Call-In Number:         **888-337-8218**
                        **Participant Code:  769758**

The deposition will be taken before a person authorized by law to administer oaths, pursuant to Fed. R. Civ. P. 28, and will continue from day-to-day, upon an expedited basis, until the examination is completed.

Pursuant to directives provided at the status conference on May 27, 2010, a brief explanation of the subject matter expected at this deposition is as follows:  The deposition will be conducted in furtherance of discovery related to the topics identified at the hearing before the Honorable Eldon E. Fallon on March 17, 2015 and in the Court's Minute Entry and Orders dated March 17, 2015.  This brief explanation is with full reservation of all rights by the noticing party and is not intended to limit in any way the scope of the deposition noticed herein.  Counsel should be aware that all matters may be discovered in the deposition and that the above explanation is made solely in accordance with the directives provided at the status conference.  This is an MDL "common" fact witness deposition.

Respectfully submitted,

/s/ Russ M. Herman_____
**Russ M. Herman** (Bar No. 6819)
Leonard A. Davis (Bar No. 14190)
Stephen J. Herman (Bar No. 23129)
***HERMAN, HERMAN & KATZ, LLC***
820 O'Keefe Avenue
New Orleans, LA  70113
PH:  (504) 581-4892
FAX:  (504) 561-6024
ldavis@hhkc.com
***Plaintiffs' Liaison Counsel***
***MDL 2047***

3

Arnold Levin
Fred S. Longer
Sandra L. Duggan
Matthew C. Gaughan
Levin, Fishbein, Sedran & Berman
510 Walnut Street, Suite 500
Philadelphia, PA 19106
PH:  (215) 592-1500
FAX:  (215) 592-4663
Alevin@lfsblaw.com
***Plaintiffs' Lead Counsel***
***MDL 2047***

## PLAINTIFFS' STEERING COMMITTEE

Dawn M. Barrios
Barrios, Kingsdorf & Casteix, LLP
701 Poydras Street, Suite 3650
New Orleans, LA 70139
Phone: (504) 524-3300
Fax: (504) 524-3313
Barrios@bkc-law.com

Jerrold Seth Parker
Parker Waichman, LLP
3301 Bonita Beach Road
Bonita Springs, FL 34134
Phone: (239) 390-1000
Fax: (239) 390-0055
Jerry@yourlawyer.com

Daniel E. Becnel, Jr.
Becnel Law Firm, LLC
425 W. Airline Highway, Suite B
Laplace, LA 70068
Phone: (985) 536-1186
Fax: (985) 536-6445
dbecnel@becnellaw.com

Scott Wm. Weinstein
Morgan & Morgan
12800 University Drive, Suite 600
Ft. Meyers, FL 33907
Phone: (239) 433-6880
Fax: (239) 433-6836
sweinstein@forthepeople.com

Peter Prieto
Podhurst Orseck, P.A.
25 Flagler Street, 8th Floor
Miami, FL 33130
Phone: (305) 358-2800
Fax: (305) 358-2382
pprieto@podhurst.com

James Robert Reeves
Reeves & Mestayer, PLLC
160 Main Street
Biloxi, MS 39530
Phone: (228) 374-5151
Fax: (228) 374-6630
jrr@attorneys4people.com

Bruce William Steckler
Steckler, LLP
12720 Hillcrest Road, Ste 1045
Dallas, TX 75230
Phone: (972) 387-4040
Fax: (972) 387-404
mailto:bsteckler@baronbudd.com
bruce@stecklerlaw.com

Christopher Seeger
Seeger Weiss, LLP
77 Water Street
New York, NY 10005
Phone: (212) 584-0700
Fax: (212) 584-0799
cseeger@seegerweiss.com

Ervin A. Gonzalez
Colson, Hicks, Eidson
255 Alhambra Circle, Penthouse
Cora Gables, FL 33134
Phone: (305) 476-7400
Fax: (305) 476-7444
ervin@colson.com

Daniel K. Bryson
Whitfield, Bryson & Mason, LLP
900 W. Morgan Street
Raleigh, NC 27603
Phone: (919) 600-5000
Fax: (919) 600-5002
dan@wbmllp.com

5

Ben W. Gordon, Jr.
Levin, Papantonio, Thomas, Mitchell
 Echsner & Proctor, P.A.
316 S. Baylen Street, Suite 600
Pensacola, FL 32502
Phone: (850) 435-7000
Fax: (850) 435-7020
bgordon@levinlaw.com

Richard J. Serpe, Esquire
Law Offices of Richard J. Serpe
Crown Center, Ste. 310
580 East Main Street
Norfolk, VA 23510-2322
Phone: (757) 233-0009
Fax: (757) 233-0455
rserpe@serpefirm.com

Hugh P. Lambert
The Lambert Firm
701 Magazine Street
New Orleans, LA 70130
Phone: (504) 581-1750
Fax: (504) 529-2931
hlambert@thelambertfirm.com

Victor M. Diaz, Jr., Esquire
V.M. Diaz and Partners, LLC
119 Washington Ave, Suite 402
Miami Beach, FL 33139
Phone: (305) 704-3200
Fax: (305) 538-4928
victor@diazpartners.com

Gerald E. Meunier
Gainsburgh, Benjamin, David, Meunier
 & Warshauer, LLC
2800 Energy Centre, 1100 Poydras Street
New Orleans, LA 70163-2800
Phone: (504) 522-2304
Fax: (504) 528-9973
gmeunier@gainsben.com

## OF COUNSEL TO PLAINTIFFS' STEERING COMMITTEE

Richard S. Lewis
HAUSFELD LLP
1700 K Street, N.W Suite  650
Washington, DC 20006
Phone: (202) 540-7200
Fax:  (202) 540-7201
rlewis@hausfeldllp.com

Anthony D. Irpino
IRPINO LAW FIRM
2216 Magazine Street
New Orleans, LA 70130
Phone: (504) 525-1500
Fax: (504) 525-1501
airpino@irpinolaw.com

Andrew A. Lemmon
Lemmon Law Firm, LLC
P.O. Box 904
15058 River Road
Hahnville, LA 70057
Phone: (985) 783-6789
Fax: (985) 783-1333
andrew@lemmonlawfirm.com

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that the above and foregoing Notice of Expedited Oral and Videotaped Deposition Pursuant to the Court's Directive During the March 17, 2015 Special Hearing has been served on Defendants' Liaison Counsel, Kerry Miller, by U.S. Mail and e-mail <u>or</u> by hand delivery and e-mail <u>and</u> upon all parties by electronically uploading the same to LexisNexis File & Serve in accordance with Pre-Trial Order No. 6, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2047, on this 9th day of April, 2015.

  /s/ Leonard A. Davis
Leonard A. Davis
Herman, Herman & Katz, LLC
820 O'Keefe Ave.
New Orleans, LA  70113
PH:  (504) 581-4892
Fax:  (504) 561-6024
ldavis@hhklawfirm.com

# SCHEDULE A

### DEFINITIONS & INSTRUCTIONS

1.      Responses to this Request shall be in English.

2.      Whenever used in this Request, the following terms shall have the following meanings:

(a)      "Communication" means the transmittal of information (in the form of facts, ideas, inquiries, or otherwise).

(b)      "Computer" means all devices utilizing microchips to facilitate processing, analysis, or storage of data, including microcomputers (also known as personal computers), laptop computers, portable computers, notebook computers, palmtop computers (also known as personal digital assistants or PDA's), minicomputers and mainframe computers.

(c)      "Concerning" means relating to, referring to, describing, evidencing, embodying, or constituting.

(d)      "Document" is defined to be synonymous in meaning and equal in scope to the usage of this term in Federal Rule of Civil Procedure 34(a), including, without limitation, electronic or computerized data compilations.  Documents shall include all drafts, including drafts with "track changes," and shall be deemed to be separate documents within the meaning of this term.

(e)      "Electronically stored information" or "ESI" means the original (or identical duplicate when the original is not available), and any non-identical copies

(whether non-identical because of notes made on copies or attached comments, annotations, marks, transmission notations, or highlighting of any kind) of writings and data compilations in any form, and of every kind and description whether inscribed by mechanical, facsimile, electronic, magnetic, digital, or other means.  ESI includes, by way of example only, computer programs (whether private, commercial, or work-in-progress), programming notes or instructions, activity listings of electronic mail receipts and transmittals, output resulting from the use of any software program, including word processing documents, spreadsheets, database files, charts, graphs and outlines, electronic mail displaying full e-mail alias's (not merely "display names), electronic calendars, I'm logs, PBX logs, document management system data, operating systems, all metadata, source code of all types, peripheral drivers, PIF files, batch files, ASCII files, and any and all miscellaneous files and file fragments, regardless of the media on which they reside and regardless of whether said ESI consists in an active file, deleted file or file fragment. Electronically stored information includes any and all items stored on computer memories, hard disks, floppy disks, CD-ROMs, removable media such as Zip disks, Jaz cartridges, Bernoulli Boxes and their equivalent, magnetic tapes of all types, microfiche, punched cards, punched tape, computer chips, including,  EPROM, PROM, RAM and ROM, on or in any other vehicle for digital data storage and transmittal.  The term ESI also includes the file, folder tabs and containers and labels appended to, or associated with, any physical storage device associated with each original and copy.

(f)     "Electronic media" means any magnetic or other storage media device used to record electronically stored information.  Electronic media devices may include computer memories, hard disks, floppy disks, CD-ROM, removable media such

as Bernoulli Boxes and their equivalent, magnetic tapes of all types, microfiche, punched cards, punched tape, computer chips, including,  EPROM, PROM, RAM and ROM, or on or in any other vehicle for digital data storage and transmittal.

(g)      "Identify" with respect to persons, means to give, to the extent known, the person's full name, present or last known address, and when referring to a natural person, additionally, the present or last known place of employment.  Once a person has been identified in accordance with this subparagraph, only the name of that person need be listed in response to subsequent discovery requesting the identification of that person.

(h)      "Identify" with respect to documents, means to give, to extent known, the (i) type of document; (ii) general subject matter; (iii) date of the document; and (iv) author(s), addressee(s) and recipient(s).

(i)      "Including" or "includes" means including, without limitation.

(j)      "You," or "your" means each of the individual named entities to whom this set of discovery is directed, and any of its domestic or international predecessors in interest, successors in interest, subsidiaries, divisions, subdivisions, affiliates, officers, directors, employees, representatives, independent contractors, consultants, or agents, whether present or former, including but not limited to their attorneys and accountants.

(k)      "Taishan" means Taishan Gypsum Co., Ltd. f/k/a Shandong Taihe Dongxin Co., Ltd.; "BNBM" means Beijing New Building Material Public Limited Company; "BNBM Group" means Beijing New Building Material Group Co., Ltd.;

"CNBM" means China National Building Material Company Limited; and "CNBM Group" means China National Building Material Group Corporation.

(l)     "Chinese drywall" relates to drywall, plasterboard, or wallboard manufactured in China.

(m)     "Person" means any natural person or any business, legal, or governmental entity or association.

"Taishan Affiliates and Subsidiaries" shall include those identified in Exhibit "A" attached hereto. 3.     The following rules of construction apply to all discovery requests:

(a)     The terms "all" and "each" shall be construed as all and each;

(b)     The connectives "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside of its scope;

(c)     The use of the singular form of any word includes the plural and vice versa; and

(d)     Requests that are stated in the present tense include the past tense and those in the past tense include the present tense.

4.     Unless otherwise specifically stated, this Request encompasses documents, which were created, received, or generated or otherwise entered into your possession, custody, or control between January 1, 2001 and the current date (the "Relevant Time Period").

5.     Any document falling within the scope of this Request that is withheld on the basis of a claim of privilege, work product, or any other ground is to be identified in a

privilege log, produced in an electronic format that allows text searching and organization of data.  You shall produce a privilege log within 5 days after the production of documents for which privilege is asserted to apply.  For each document for which You assert a privilege applies, you must provide in the privilege log: (a) a statement of the ground alleged for withholding such document; (b) the date of the document; (c) the location of any attachments associated with the document and whether the asserted privilege also applies to such attachments; (d) the identity of its author and signatories; (e) the type of document (*e.g.*, letter); (f) a summary of its content; (g) its present location and custodian; and (h) a listing of all persons to whom the contents of such documents have been disclosed and all persons who have or have had possession, custody, or control of the documents (or any portions thereof), pursuant to Federal Rule of Civil Procedure 45(d)(2).  Notwithstanding the assertion of an objection, any purportedly privileged document containing non-privileged matter must be disclosed with the purportedly privileged portion redacted, with the redacted portion indicated on the document itself and listed on the privilege log to be provided pursuant to this paragraph.

To assist in the prompt resolution of disputed claims of privilege, You shall submit to the Court under seal, unredacted copies of all documents for which it asserts a privilege.

6.     If you are unable to comply fully with any of the specific requests, you shall comply to the extent possible and provide an explanation as to why full compliance is not possible.  In the event that any documents called for by this Request were formerly in your possession, custody or control, or have been lost or destroyed, those documents are to be identified in writing as follows:  persons who prepared or authorized the

documents indicated or blind copies; dates of preparation or transmittal; subject matter; number of pages, attachments or appendices; all persons to whom distributed, shown or explained; date or dates of loss or destruction; and if destroyed, the manner of destruction, reason for destruction, persons authorizing destruction and persons destroying the documents.

7.      This Request is directed to all documents within your possession, custody or control, or within the possession of any of your agents, or within the possession of any entity associated with you, or within the possession, custody, or control of such entity's directors, officers, agents, servants, employees, consultants, and professionals.

8.      Documents are to be produced in full and in their unexpurgated form. Redacted documents shall not constitute compliance with this Request, unless such documents are redacted pursuant to any claim of privilege as set forth in paragraph 4 above.

9.      Documents shall be produced in their original language (*e.g.*, Mandarin), and, if the original documents are in any language other than English, you shall include translations of such documents into English.

10.     This Request is intended to be consistent with the Federal Rules of Civil Procedure 26 and 34.  This Request is a continuing one and requires further and supplemental production by you as and whenever you acquire or create additional responsive documents after the time of the initial production hereunder.

11.     All hard copy documents and electronically stored information (ESI) produced in response to this Request shall be organized and labeled either to correspond with the number of the specific request to which the documents are responsive or shall be

produced in the order, format, and manner in which they are kept in the usual course of business.  With respect to the production of electronically stored information, all ESI that is demanded is to be produced in its native usable format, as maintained on the computer storage systems, regardless of whether such ESI exists (and/or may have been copied and/or otherwise converted) in more than one electronic format.

## **DOCUMENTS TO BE PRODUCED**

1.      All documents and communications related to the conduct of any business in the United States by you or any company listed in Exhibit A since July 17, 2014. Please include in your response documents which evidence, describe, explain or relate to any such business, including: trademark applications and/or registrations, patent applications and/or registrations, invoices, contracts, leases, certifications, warranties, receipts, bills of lading, shipping records, sales records, purchase records, storage records, letters of credit, payment records, import documentation, and export documentation.  Please also include in your response to this request all communications and correspondence (including e-mails, faxes, letters and memos) to, from or between: a) you and any of the companies identified in Exhibit A, and b) any of the persons identified in Exhibit B, related to any business conducted in the United States by you or any company listed in Exhibit A since July 17, 2014.

2.      All documents and communications related to the status and nature of the business relationship between you and any of the companies listed in Exhibit A during the time period of January 1, 2005 to present. Please include in your response any documents which evidence, describe or explain: a) the ownership interest which you had and/or have in any company identified in Exhibit A, b) the ownership interest which any company identified in Exhibit A had and/or has in you, c) the identities and titles of any of your past or current chairman, officers, directors, supervisors, executives, committee members or legal representatives who (at any time from January 1, 2005 to present) also worked with or for any of the companies identified in Exhibit A, d) the identities of any of your past or current accountants, accounting firms, auditors or auditing firms

who/which (at any time from January 1, 2005 to present) also worked or provided services for any of the companies identified in Exhibit A, e) any policies, procedures, rules or guidelines which you followed and/or implemented (at any time from January 1, 2005 to present) due to any directive and/or requirement of any company identified in Exhibit A, f) any joint or shared banking, checking or other accounts which (at any time from January 1, 2005 to present) you had or have with any company identified in Exhibit A, and g) any joint, shared or coordinated purchase of raw materials, advertisements or public relation campaigns which (at any time from January 1, 2005 to present) you had, have, engaged in, or are engaged in with any company identified in Exhibit A.

3.     All documents evidencing, describing, governing, relating to, and/or identifying any service vendors, inter-company departments, and/or personnel shared by you (or performing services for you) and any company identified in Exhibit A (at the same time or at different times but still during the time period) between January 1, 2005 and present, including but not limited to: a) any such service vendors and/or inter-company departments handling: accounting, finance, human resources, auditing, payroll departments, "IT" and/or technology, customer service, sales, international sales, marketing, advertising, import and/or export, recruiting, engineering, production, manufacturing, maintenance, or janitorial, and b) any individual identified in Exhibit B.

4.     All documents identifying any loans, pledges, stock transfers, supply of assets, guarantees, warranties and/or financing of whatever nature between you and any company listed in Exhibit A during the time period of January 1, 2005 to present.

5.     All documents identifying capitalization of you and/or any company or companies listed in Exhibit A during the time period of January 1, 2005 to present. Your

response to this request should include annual reports, quarterly reports, profit and loss statements, balance sheets, bank accounts, banking records, capital verification reports, any documents submitted or provided by you or to you for purposes of any capital verification reports, general public offerings, interim reports, prospectus materials and/or any reported or unreported financial statements or reports and drafts thereof which show your capitalization and/or the capitalization of any company listed in Exhibit A during the time period of January 1, 2005 to present.

6.      All documents related to the vertical and horizontal corporate organizational structure, relationship and/or hierarchy between you and any company listed in Exhibit A during the time period of January 1, 2005 to present.

7.      All documents evidencing, explaining, describing or related to identifying the source(s) and amount(s) of payment of salaries, wages, bonuses, remuneration, expense reimbursement, and/or any other payments: a) from you to any person listed in Exhibit B, and b) from any company list in Exhibit A to any person listed in Exhibit C, during the time period of January 1, 2005 to present.

8.      All documents evidencing, explaining, describing or related to any investments or financial dealings with United States Banks, namely USB, JP Morgan Chase or Morgan Stanley, which: a) you, b) any person listed in Exhibit B, or c) any company listed in Exhibit A, made and/or conducted during the time period of January 1, 2005 to present.

9.      All documents related to the sharing, co-leasing and/or co-ownership of property, equipment, or machinery and/or the exchange of property, equipment, or

machinery between: a) you and any of the companies listed in Exhibit A, and b) any of the companies listed in Exhibit A, during the time period of January 1, 2005 to present.

10.     All documents which, from January 1, 2005 to present, you have provided to or have received from any of the Companies identified in Exhibit A, in connection with any internal or external corporate or company requirement(s) (i.e., from within your company or from an affiliated company), as well as copies of any said written internal or external rules, guidelines, directives and/or requirements (i.e., from within your company or from an affiliated company) which govern the production or receipt of said documents.

11.     All personnel records and/or company records from January 1, 2005 to present, which you have relative to and/or from any person listed in Exhibit A.  Please also include in your response: a) copies of the hard drives of the computers utilized by these persons; b) any and all emails sent by, to or between these persons which describe, explain or address any sales, purchases, shipments, income, profits, trademarks, patents or complaints related to any of your drywall, BNBM's drywall, TTP's drywall, or any of Taishan's drywall which was sold or delivered to any person or entity in the United States; and c) any and all documents which evidence, describe or explain the job title, responsibilities, supervisor(s), direct report(s), any aliases, and dates of service or employment (including but not limited personnel records and employment files) of any individual listed in Exhibit B for each of the years from January 1, 2005 to present. Please also produce any documents which evidence and/or identify the names, aliases, current job titles, prior job titles, supervisors, direct reports and/or dates of employment of all people who have worked for or been employed by you from January 1, 2005 to present.

12.     All documents evidencing the rendition of services performed by employees of other corporate entities and/or any person listed in Exhibit B for both you and/or any company listed in Exhibit A during the time period of January 1, 2005 to present.

13.     All documents identifying any offices, buildings, facilities and/or other physical locations utilized by both you and any company listed in Exhibit A during the time period of January 1, 2005 to present, including any documents regarding arrangements or agreements relative to same (e.g., leases, contracts, and payment).

14.     All documents identifying the department providing accounting services (and the employees thereof, including, but not limited to, the persons listed in Exhibit B) for you and/or any company listed in Exhibit A during the time period of January 1, 2005 to present.

15.     All documents identifying any sales, transfers, or exchanges of any assets (including but not limited to real estate, equipment, trademarks, licenses, leases, productions lines, raw materials, or goodwill) between you and any company listed in Exhibit A during the time period of January 1, 2005 to present.

16.     All documents evidencing, describing or relating to any profits and/or losses which you shared with any company listed in Exhibit A during the time period of January 1, 2005 to present.

17.     All documents regarding joint or cooperative projects, ventures or other business opportunity undertaken by both you and any company listed in Exhibit A during the time period of January 1, 2005 to present.

18.     All documents and communications regarding the identity, selection, sale, purchase, ownership, licensing, permitting and/or leasing of any mine, including but not limited to the Luneng mine, used to procure raw materials for drywall produced by you or any company listed in Exhibit A during the time period of January 1, 2005 to present.

19.     All documents and communications regarding whether you, any company listed in Exhibit A and/or any person listed in Exhibit B have participated in any legal proceedings (other than the instant litigation), including litigation or appeals in any court or alternative dispute resolution processes, such as mediation and arbitration, in the United States at any time from July 17, 2014 to the present. Please include in your response documents which evidence, describe, explain or relate to any such participation in legal proceedings, including pleadings, discovery, correspondence, court filings, judgments, and orders.   Please also include in your response to this request all communications and correspondence (including e-mails, faxes, letters and memos) to, from or between: a) you and any of the companies identified in Exhibit A, and b) any of the persons identified in Exhibit B, related to any such legal proceedings in the United States by you or any company listed in Exhibit A since July 17, 2014.  If you or any company identified in Exhibit A have participated in any such legal proceedings in the United States since July 17, 2014, please also produce, all documents related to the profits (by month and/or year) earned by such entities since July 17, 2014, including: balance sheets, profit and loss statements, accounting reports, financial reports, and other income-related documentation

20.     All documents or communications regarding whether you, any company listed in Exhibit A, and/or any person listed in Exhibit B have participated in any legal

proceedings outside the United States (including litigation or appeals in any court or alternative dispute resolution processes, such as mediation and arbitration, including but not limited to proceedings before the China International Economic & Trade Arbitration Commission) involving any American corporate entities during the time period of January 1, 2005 to present.  Please include in your response documents which evidence, describe, explain or relate to any such participation in legal proceedings outside the United States, including pleadings, discovery, correspondence, court filings, judgments, and orders.  Please also include in your response to this request all communications and correspondence (including e-mails, faxes, letters and memos) to, from or between: a) you and any of the companies identified in Exhibit A, and b) any of the persons identified in Exhibit B, related to any such legal proceedings outside of the United States by you or any company listed in Exhibit A from January 1, 2005 to present.

21.    All documents and communications regarding any commercial dealings with Alibaba.com (including any contracts or agreements with Alibaba and all efforts to use Alibaba.com) to procure customers for the sale of and/or sell products to be delivered to an address in the United States by you, any company listed in Exhibit A, and/or any person listed in Exhibit B from July 17, 2014 to the present.

22.    All resumes and Curriculums Vitae of each chairman, officer and director, including, but not limited to, all persons listed in Exhibit B, of yours and/or of any company listed in Exhibit A during the time period of January 1, 2005 to present.

23.    All documents and communications involving: (1) the retention of legal counsel by you or any company listed in Exhibit A, related to litigation or claims in the United States involving Chinese drywall, and (2) the decision for Taishan not to appear at

the July 17, 2014 Judgment Debtor Examination, including but not limited to any communications with or involving: a) any person listed in Exhibit B, and b) the below referenced individuals, and/or others employed by the listed law firms:

(a)  Lovells LLP (Prior to May 2010)
1. Ina Brock;
2. Eugene Chen;
3. Joe Cyr;
4. Renee Driver;
5. Robert Lewis;
6. Thomas Man;
7. Peter McGowan;
8. John Meltzer;
9. Brad Ockene;
10. Eric Statman;
11. Christina Taber-Kewene;
12. Karen Xu;
13. Stacey Yuan.

(b)  Hogan Lovells US LLP
1. Patricia Brannan;
2. James Clare;
3. Courtney Colligan;
4. William Collins;
5. Lauren Colton;
6. Joe Cyr;
7. Natoya Duncan;
8. Ira Feinberg;
9. Matthew Galvin;
10. Renee Garcia;
11. Mark Gately;
12. Jose Irias;
13. Carol Kooshian;
14. Alvin Lindsay;
15. Shawn MacLeod;
16. Dominic Perella;
17. Arona Samb;
18. Frank Spano;

19. Eric Statman;
20. Jon Talotta;
21. Naomi Tanaka;
22. Thomas Truckess;
23. Albert Turnbull;
24. Gib Walton;
25. Joanna Wasick.

(c)  Hogan Lovells International
1.  Eugene Chen;
2.  Macey Chung;
3.  Nicole Gao;
4.  Jieni Ji;
5.  Lesley Jiang;
6.  Eileen Liu;
7.  John Meltzer;
8.  Phoebe Yan;
9.  Wei-Ning Yang;
10.  Stacey Yuan;
11.  Roy Zou.

(d)  Stanley, Reuter, Ross, Thornton & Alford, LLC
1.  Richard Stanley;
2.  Tom Owen.

(e)  Jingtian & Gongcheng
1.  Chungang Dong;
2.  Fang Ye;
3.  Hang Zhao.

(f)  Orrick
1.  Thomas Harvey;
2.  Katherine Ikeda;
3.  James Stengel;
4.  Christopher Vejnoska;
5.  Xiang Wang;
6.  Carol Yan;
7.  Shelley Zhang.

(g)  Schonekas, Evans, McGoey & McEachin, LLC

       1. Thomas McEachin;
       2. Kyle Schonekas;
       3. Joelle Evans;
       4. Jennifer Rabalais;

(h) Bezeale, Sachse & Wilson, LLP
       1. Scott Hensgens;
       2. David Kelly.

(i) Phelps Dunbar LLP
       1. Chris Ralson;
       2. Harry Rosenberg.

24. Documents relating to any data, information or documentation you compiled, drafted, edited, provided, submitted to or received from any entity identified in Exhibit A regarding any Annual Report, Interim Annual Report, or Public Offering (including but not limited to initial and global public offerings) of Taishan, CNBM, CNBM Group, BNBM or BNBM Group, between January 1, 2005 and the present date. Specifically, please provide any documents which:

       a.     evidence, describe, explain and/or formed the basis, protocol and/or procedure for how, when, in what format, and to which entity you would compile, draft, provide, submit and/or receive the data, information and/or documentation;

       b.     evidence, describe, explain and/or formed the basis for which individuals were responsible for compiling, drafting, editing, providing, submitting and/or receiving the data, information and/or documentation you provided or received;

       c.     constitute and/or evidence any communications (including faxes, letters, memos and e-mails) relating to you compiling, drafting, editing, providing, submitting or receiving any such data, information and/documentation;

d.      constitute and/or evidence any communications (including faxes, letters, memos and e-mails) to, from or between any of the entities and/or individuals listed in Exhibit A and/or B, which communications discuss and/or address any such Annual Report, Interim Annual Report, or Public Offering or the subject matter of any such Annual Report, Interim Annual Report, or Public Offering.

e.      constitute and/or evidence any drafts, and any final versions of the data, information and/or documentation you provided or received.

25.     Documents relating to any data, information or documentation you compiled, drafted, edited, provided, submitted to or received from any entity identified in Exhibit A regarding any public announcement, voluntary announcement or press release of Taishan, CNBM, CNBM Group, BNBM or BNBM Group, between January 1, 2005 and the present date.  Specifically, please provide any documents which:

a.      evidence, describe, explain and/or formed the basis, protocol and/or procedure for how, when, in what format, and to which entity you would compile, draft, provide, submit and/or receive the data, information and/or documentation;

b.      evidence, describe, explain and/or formed the basis for which individuals were responsible for compiling, drafting, editing, providing, submitting and/or receiving the data, information and/or documentation you provided;

c.      constitute and/or evidence any communications (including faxes, letters, memos and e-mails) relating to you compiling, drafting, editing, providing, submitting and/or receiving any such data, information and/documentation;

d.      constitute and/or evidence any communications (including faxes, letters, memos and e-mails) to, from or between any of the entities and/or

individuals listed in Exhibit A and/or B, which communications discuss and/or address: any such announcement or the subject matter of any such announcement;

e.      constitute and/or evidence any drafts, and any final versions of the data, information and/or documentation you provided and/or received.

26.     Documents evidencing, describing, explaining, governing and/or outlining which entities listed in Exhibit A and/or which individuals listed in Exhibit B had, from January 1, 2005 to present, any communication, input, guidance, control, supervision or authority relative to Taishan's, TTP's, BNBM's, BNBM Group's, CNBM's and/or CNBM Group's strategy, participation, withdrawal and/or decision-making regarding the instant litigation.

27.     Documents which constitute, evidence, describe or explain your by-laws, company laws, articles of incorporation, articles of association, as well as the minutes from any of your shareholder, board, supervisor or committee meetings from January 1, 2005 to present.

28.     Documents which constitute, evidence, describe, or explain any procedure, policy, plan, method, process, criteria or management style which you have: a) used, implemented or followed based upon the request, direction and/or requirement of any company listed in Exhibit A, or b) suggested, directed and/or required to be implemented or followed by any company listed in Exhibit A.  Please also produce any communication (including faxes, letters, memos and e-mails) to, from or between you and any company in Exhibit A, or any individual in Exhibit B, regarding any such procedure, policy, plan, criteria or management style which you have: a) used, implemented or followed, or b) suggested, directed and/or required to be implemented or followed.

29.     All documents responsive to the deposition topics listed below.

## DEPOSITION TOPICS

Pursuant to Rule 30(b)(6), you shall designate and produce for deposition one or more of your officers, directors, managing agents, or other persons who consent to testify on your behalf concerning the following subject matters:

1.      The conduct of any business in the United States by you or any company listed in Exhibit A since July 17, 2014, including facts and documents relative to same, as well as all communications and correspondence (including e-mails, faxes, letters and memos) to, from or between: a) you and any of the companies identified in Exhibit A, and b) any of the persons identified in Exhibit B, related to any business conducted in the United States by you or any company listed in Exhibit A since July 17, 2014.  This topic includes the substance of the items sought in Request No. 1 above.

2.      The status and nature of the business relationship between you and the companies listed in Exhibit A during the time period of January 1, 2005 to present, including the information outlined/sought in Request No. 2 above.  This topic includes the substance of the items requested in Request No. 2 above.

3.      Any and all service vendors, inter-company departments, and/or personnel shared by you (or performing services for you) and any company identified in Exhibit A (at the same time or at different times but still during the time period) between January 1, 2005 and present.  This topic includes the substance of the items sought in Request No. 3 above.

4.      Any and all loans, pledges, stock transfers, supply of assets, guarantees, warranties and/or financing of whatever nature between you and any company listed in

Exhibit A during the time period of January 1, 2005 to present.  This topic includes the substance of the items sought in Request No. 4 above.

5.    Capitalization of you and/or any company or companies listed in Exhibit A during the time period of January 1, 2005 to present, including any relevant annual reports, quarterly reports, interim reports, profit and loss statements, balance sheets, bank accounts, banking records, capital verification reports, prospectus materials, general public offerings, any documents submitted or provided by you or to you for purposes of any capital verification reports and/or any reported or unreported financial statements or reports and drafts thereof which show your capitalization and/or the capitalization of any company listed in Exhibit A during the time period of January 1, 2005 to present.  This topic includes the substance of the items sought in Request No. 5 above.

6.    The vertical and horizontal corporate organizational structure, relationship and/or hierarchy between you and any company listed in Exhibit A during the time period of January 1, 2005 to present.

7.    The source(s) and amount(s) of payment of salaries, wages, bonuses, remuneration, expense reimbursement, and/or any other payments: a) from you to any person listed in Exhibit B, and b) from any company list in Exhibit A to any person listed in Exhibit C, during the time period of January 1, 2005 to present.  This topic includes the substance of the items sought in Request No. 7 above.

8.    Any and all investments or financial dealings with United States Banks, namely USB, JP Morgan Chase or Morgan Stanley, which: a) you, b) any person listed in Exhibit B, or c) any company listed in Exhibit A, conducted during the time period of

January 1, 2005 to present.  This topic includes the substance of the items sought in Request No. 8 above.

9.     The sharing, co-leasing and/or co-ownership of property, equipment, or machinery and/or the exchange of property, equipment, or machinery between: a) you and any of the companies listed in Exhibit A, and b) any of the companies listed in Exhibit A, during the time period of January 1, 2005 to present.  This topic includes the substance of the items sought in Request No. 9 above.

10.    All documents which, from January 1, 2005 to present, you have provided to or have received from any of the Companies identified in Exhibit A, in connection with any internal or external corporate or company requirement, including the substance of the internal or external corporate or company requirement governing the production and/or receipt of same.  This topic includes the substance of the items sought in Request No. 10 above.

11.    All personnel records from January 1, 2005 to present, which you have relative to any person listed in Exhibit C, including the job title, responsibilities, supervisor(s), direct report(s), any aliases, and dates of service or employment of any individual listed in Exhibit C for each of the years from January 1, 2005 to present.  Please produce the person or persons knowledgeable of the location and state of the hard drives of the computers utilized by these persons and their respective electronic mail accounts. This topic includes the substance of the items sought in Request No. 11 above.

12.    The rendition of services performed by employees of other corporate entities and/or any person listed in Exhibit B for both you and/or any company listed in

Exhibit A during the time period of January 1, 2005 to present.  This topic includes the substance of the items sought in Request No. 12 above.

13.     Any and all offices, buildings, facilities and/or other physical locations utilized by both you and any company listed in Exhibit A during the time period of January 1, 2005 to present, including any arrangements or agreements relative to same (e.g., leases, payment, and scheduling of joint use).  This topic includes the substance of the items sought in Request No. 13 above.

14.     The department providing accounting services (and the employees thereof, including, but not limited to, the persons listed in Exhibit B) for you and/or any company listed in Exhibit A during the time period of January 1, 2005 to present.  This topic includes the substance of the items sought in Request No. 14 above.

15.     Any and all sales, transfers, or exchanges of any assets (including but not limited to real estate, equipment, trademarks, licenses, leases, productions lines, raw materials, or goodwill) between you and any company listed in Exhibit A during the time period of January 1, 2005 to present.  This topic includes the substance of the items sought in Request No. 15 above.

16.     Any and all profits and/or losses which you shared with any company listed in Exhibit A during the time period of January 1, 2005 to present.  This topic includes the substance of the items sought in Request No. 16 above.

17.     Any and all joint or cooperative projects, ventures or other business opportunity undertaken by both you and any company listed in Exhibit A during the time period of January 1, 2005 to present.  This topic includes the substance of the items sought in Request No. 17 above.

18.     The identity, selection, sale, purchase, ownership, licensing, permitting and/or leasing of any mine, including but not limited to the Luneng mine, used to procure raw materials for drywall produced by you or any company listed in Exhibit A during the time period of January 1, 2005 to present.  This topic includes the substance of the items sought in Request No. 18 above.

19.     Participation by you, any company listed in Exhibit A and/or any person listed in Exhibit B in any legal proceedings (including litigation or appeals in any court and alternative dispute resolution processes, such as mediation and arbitration) in the United States on or after July 17, 2014 (and if so, what the profits of these entities were for 2014 and 2015 to date).  This topic includes the substance of the items sought in Request No. 19 above.

20.     Participation by you, any company listed in Exhibit A and/or any person listed in Exhibit B in any legal proceedings outside the United States on or after January 1, 205 (including litigation or appeals in any court and alternative dispute resolution processes, such as mediation and arbitration, including but not limited to proceedings before the China International Economic & Trade Arbitration Commission) involving any American corporate entities.  This topic includes the substance of the items sought in Request No. 20 above.

21.     Any and all commercial dealings with Alibaba.com (including any contracts or agreements with Alibaba and all efforts to use Alibaba.com) to procure customers for the sale of and/or to sell products to be delivered to an address in the United States by you, any company listed in Exhibit A, and/or any person listed in

Exhibit B from July 17, 2014 to the present.  This topic includes the substance of the items sought in Request No. 21 above.

22.    The experience, work history, present (or last known) whereabouts, and present (or last known) contact information for: a) each person who served as a chairman, officer or director of your company during the time period of January 1, 2005 to present, b) each person who served as a chairman, officer or director any company listed in Exhibit A during the time period of January 1, 2005 to present., and c) each person listed in Exhibit B.  This topic includes the substance of the items sought in Request No. 22 above.

23.    The retention of legal counsel by you or any company listed in Exhibit A, related to litigation or claims in the United States involving Chinese drywall.  Also, the decision for Taishan not to appear at the July 17, 2014 Judgment Debtor Examination, including but not limited to any communications with or involving: a) any person listed in Exhibit B, and b) the above referenced individuals, and/or others employed by the listed law firms (listed in Request 23.b. above).  This topic includes the substance of the items sought in Request No. 23 above.

24.    Any data, information or documentation you compiled, drafted, edited, provided or submitted to any entity identified in Exhibit A regarding any Annual Report, Interim Annual Report, or Public Offering (including but not limited to initial and global public offerings) of Taishan, CNBM, CNBM Group, BNBM or BNBM Group, between January 1, 2005 and the present date. This topic includes the substance of the items sought in Request No. 24 above.  Additionally, the meaning, accuracy and/or truthfulness

of the statements: a) contained within any such Annual Reports, Interim Annual Reports or Public Offerings, and b) in Exhibit D - from CNBM's various annual reports.

25.     Any data, information or documentation you compiled, drafted, edited, provided or submitted to any entity identified in Exhibit A regarding any public announcement, voluntary announcement or press release of Taishan, CNBM, CNBM Group, BNBM or BNBM Group, between January 1, 2005 and the present date.  This topic includes the substance of the items sought in Request No. 25 above.  Additionally, the meaning, accuracy and/or truthfulness of the final version of any such announcement, voluntary announcement or press release that included data, information or documentation compiled, drafted, edited, provided or submitted by you.

26.     Which entities listed in Exhibit A and/or which individuals listed in Exhibit B had, from January 1, 2005 to present, any communication, input, guidance, control, supervision or authority relative to Taishan's, TTP's, BNBM's, BNBM Group's, CNBM's and/or CNBM Group's strategy, participation, withdrawal and/or decision-making regarding the instant litigation.  This topic includes the role played by any said entities and/or individuals, as well as the substance of the items sought in Request No. 26 above.

27.     Your by-laws, company laws, articles of incorporation, articles of association, as well as any of your shareholder, board, supervisor or committee meetings from January 1, 2005 to present, including any minutes of said meetings. This topic includes the substance of the items sought in Request No. 27 above.

28.     Any procedure, policy, plan, method, process, criteria or management style which you have: a) used, implemented or followed based upon the request, direction

and/or requirement of any company identified in Exhibit A, or b) suggested, directed and/or required to be implemented or followed by any company identified in Exhibit A. Please also produce any communication (including faxes, letters, memos and e-mails) to, from or between you and any company in Exhibit A, or any individual in Exhibit B, regarding any such procedure, policy, plan, criteria or management style which you have: a) used, implemented or followed, or b) suggested, directed and/or required to be implemented or followed.    This topic includes the substance of the items sought in Request No. 28 above.

29.    The nature, substance and current status of each business transaction between you and any company listed in Exhibit A from January 1, 2005 to present.