## IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| =============================== | x | =========================== |
| | x | |
| IN RE: CHINESE-MANUFACTURED | x | MDL NO. 2047 |
| DRYWALL PRODUCTS LIABILITY | x | |
| LITIGATION | x | SECTION: L |
| | x | |
| THIS DOCUMENT APPLIES TO ALL | x | JUDGE FALLON |
| CASES | x | MAG. JUDGE WILKINSON |
| | x | |
| =============================== | x | =========================== |

### AMENDED NOTICE OF EXPEDITED ORAL AND VIDEOTAPED DEPOSITION PURSUANT TO THE COURT'S DIRECTIVE DURING THE MARCH 17, 2015 SPECIAL HEARING AND THE COURT'S MINUTE ENTRY AND ORDERS [REC.DOC. 18493]

TO:   Tommy Li, President
      Sunpin Solar Development LLC a/k/a Sunpin Solar, LLC
      1 North LaSalle St., Suite 1515
      Chicago, IL 60602

**PLEASE TAKE NOTICE** that pursuant to Rules 26 and 30 of the Federal Rules of Civil Procedure, and the Court's Minute Entry and Orders dated March 17, 2015 [Rec. Doc. No. 18493] (attached hereto as Exhibit "1") authorizing expedited discovery of Taishan and BNBM/CNBM regarding (i) the injunction prong of the Court's July 17, 2014 Order holding Taishan in contempt of court, criminally and civilly [Rec. Doc. No. 17869], and (ii) whether there exist alter ego relationships between and among these entities, to be completed no later than April 28, 2015, plaintiffs, by and through their undersigned attorneys, the Plaintiffs' Steering Committee in the MDL, will take the deposition of **Tommy Li on April 17, 2015 at 2:00 p.m. (central) at Freed, Kanner,**

1

**London & Millen, LLC; 2201 Waukegan Road, Ste. 130, Bannockburn, IL 60015 pursuant to the Court's March 17, 2015 Minute Entry and Order**.  Further, the deponent is requested to produce the documents identified in the attached Schedule "A" to which deposition questions will be asked. Also attached hereto as Exhibit "A" is a subpoena with respect to the instant discovery requests and deposition.

**If you are an attorney of record, please email cdw@golkow.com 48 hours prior to the deposition should you desire to participate by stream to view video/text so you may receive a username and password.**

Primary Examiners:      A Member of the PSC, or its designee
Videotaped Deposition: Yes
Call-In Number:          **888-337-8218**
                         **Participant Code:  769758**

The deposition will be taken before a person authorized by law to administer oaths, pursuant to Fed. R. Civ. P. 28 and 30, and will continue from day-to-day, upon expedited basis, excluding Sundays and court-recognized holidays, until the examination is completed.

Pursuant to directives provided at the status conference on May 27, 2010, a brief explanation of the subject matter expected at this deposition is as follows:  The deposition will be conducted in furtherance of discovery related to the topics identified at the hearing before the Honorable Eldon E. Fallon on March 17, 2015 and in the Court's Minute Entry and Orders dated March 17, 2015.  This brief explanation is with full reservation of all rights by the noticing party and is not intended to limit in any way the scope of the deposition noticed herein.  Counsel should be aware that all matters may be discovered in the deposition and that the above explanation is made solely in accordance

2

with the directives provided at the status conference.  This is an MDL "common" fact witness deposition.

Respectfully submitted,

/s/ Russ M. Herman
**Russ M. Herman** (Bar No. 6819)
Leonard A. Davis (Bar No. 14190)
Stephen J. Herman (Bar No. 23129)
*HERMAN, HERMAN & KATZ, LLC*
820 O'Keefe Avenue
New Orleans, LA  70113
PH:  (504) 581-4892
FAX:  (504) 561-6024
ldavis@hhkc.com
***Plaintiffs' Liaison Counsel***
***MDL 2047***

Arnold Levin
Fred S. Longer
Sandra L. Duggan
Matthew C. Gaughan
Levin, Fishbein, Sedran & Berman
510 Walnut Street, Suite 500
Philadelphia, PA 19106
PH:  (215) 592-1500
FAX:  (215) 592-4663
Alevin@lfsblaw.com
***Plaintiffs' Lead Counsel***
***MDL 2047***

## PLAINTIFFS' STEERING COMMITTEE

Dawn M. Barrios
Barrios, Kingsdorf & Casteix, LLP
701 Poydras Street, Suite 3650
New Orleans, LA 70139
Phone: (504) 524-3300
Fax: (504) 524-3313
Barrios@bkc-law.com

Daniel E. Becnel, Jr.
Becnel Law Firm, LLC
425 W. Airline Highway, Suite B
Laplace, LA 70068
Phone: (985) 536-1186
Fax: (985) 536-6445
dbecnel@becnellaw.com

Peter Prieto
Podhurst Orseck, P.A.
25 Flagler Street, 8th Floor
Miami, FL 33130
Phone: (305) 358-2800
Fax: (305) 358-2382
pprieto@podhurst.com

Bruce William Steckler
Steckler, LLP
12720 Hillcrest Road, Ste 1045
Dallas, TX 75230
Phone: (972) 387-4040
Fax: (972) 387-404
mailto:bsteckler@baronbudd.com
bruce@stecklerlaw.com

Ervin A. Gonzalez
Colson, Hicks, Eidson
255 Alhambra Circle, Penthouse
Cora Gables, FL 33134
Phone: (305) 476-7400
Fax: (305) 476-7444
ervin@colson.com

Jerrold Seth Parker
Parker Waichman, LLP
3301 Bonita Beach Road
Bonita Springs, FL 34134
Phone: (239) 390-1000
Fax: (239) 390-0055
Jerry@yourlawyer.com

Scott Wm. Weinstein
Morgan & Morgan
12800 University Drive, Suite 600
Ft. Meyers, FL 33907
Phone: (239) 433-6880
Fax: (239) 433-6836
sweinstein@forthepeople.com

James Robert Reeves
Reeves & Mestayer, PLLC
160 Main Street
Biloxi, MS 39530
Phone: (228) 374-5151
Fax: (228) 374-6630
jrr@attorneys4people.com

Christopher Seeger
Seeger Weiss, LLP
77 Water Street
New York, NY 10005
Phone: (212) 584-0700
Fax: (212) 584-0799
cseeger@seegerweiss.com

Daniel K. Bryson
Whitfield, Bryson & Mason, LLP
900 W. Morgan Street
Raleigh, NC 27603
Phone: (919) 600-5000
Fax: (919) 600-5002
dan@wbmllp.com

4

Ben W. Gordon, Jr.
Levin, Papantonio, Thomas, Mitchell
 Echsner & Proctor, P.A.
316 S. Baylen Street, Suite 600
Pensacola, FL 32502
Phone: (850) 435-7000
Fax: (850) 435-7020
bgordon@levinlaw.com

Hugh P. Lambert
The Lambert Firm
701 Magazine Street
New Orleans, LA 70130
Phone: (504) 581-1750
Fax: (504) 529-2931
hlambert@thelambertfirm.com

Gerald E. Meunier
Gainsburgh, Benjamin, David, Meunier
 & Warshauer, LLC
2800 Energy Centre, 1100 Poydras Street
New Orleans, LA 70163-2800
Phone: (504) 522-2304
Fax: (504) 528-9973
gmeunier@gainsben.com

Richard J. Serpe, Esquire
Law Offices of Richard J. Serpe
Crown Center, Ste. 310
580 East Main Street
Norfolk, VA 23510-2322
Phone: (757) 233-0009
Fax: (757) 233-0455
rserpe@serpefirm.com

Victor M. Diaz, Jr., Esquire
V.M. Diaz and Partners, LLC
119 Washington Ave, Suite 402
Miami Beach, FL 33139
Phone: (305) 704-3200
Fax: (305) 538-4928
victor@diazpartners.com

## OF COUNSEL TO PLAINTIFFS' STEERING COMMITTEE

Richard S. Lewis
HAUSFELD LLP
1700 K Street, N.W Suite  650
Washington, DC 20006
Phone: (202) 540-7200
Fax:  (202) 540-7201
rlewis@hausfeldllp.com

Andrew A. Lemmon
Lemmon Law Firm, LLC
P.O. Box 904
15058 River Road
Hahnville, LA 70057
Phone: (985) 783-6789
Fax: (985) 783-1333
andrew@lemmonlawfirm.com

Anthony D. Irpino
IRPINO LAW FIRM
2216 Magazine Street
New Orleans, LA 70130
Phone: (504) 525-1500
Fax: (504) 525-1501
airpino@irpinolaw.com

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that the above and foregoing Notice of Expedited Oral and Videotaped Deposition Pursuant to the Court's Directive During the March 17, 2015 Special Hearing and the Court's Minute Entry and Orders has been served on Defendants' Liaison Counsel, Kerry Miller, by U.S. Mail and e-mail <u>or</u> by hand delivery and e-mail <u>and</u> upon all parties by electronically uploading the same to LexisNexis File & Serve in accordance with Pre-Trial Order No. 6, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2047, on this 10th day of April, 2015.

  /s/ Leonard A. Davis

Leonard A. Davis
Herman, Herman & Katz, LLC
820 O'Keefe Ave.
New Orleans, LA  70113
PH:  (504) 581-4892
Fax:  (504) 561-6024
ldavis@hhklawfirm.com

6

# SCHEDULE A

## <u>DEFINITIONS & INSTRUCTIONS</u>

1.      Whenever used in this Request, the following terms shall have the following meanings:

(a)      "Communication" means the transmittal of information (in the form of facts, ideas, inquiries, or otherwise).

(b)      "Computer" means all devices utilizing microchips to facilitate processing, analysis, or storage of data, including microcomputers (also known as personal computers), laptop computers, portable computers, notebook computers, palmtop computers (also known as personal digital assistants or PDA's), minicomputers and mainframe computers.

(c)      "Concerning" means relating to, referring to, describing, evidencing, embodying, or constituting.

(d)      "Document" is defined to be synonymous in meaning and equal in scope to the usage of this term in Federal Rule of Civil Procedure 34(a), including, without limitation, electronic or computerized data compilations.  Documents shall include all drafts, including drafts with "track changes," and shall be deemed to be separate documents within the meaning of this term.

(e)      "Electronically stored information" or "ESI" means the original (or identical duplicate when the original is not available), and any non-identical copies (whether non-identical because of notes made on copies or attached comments,

annotations, marks, transmission notations, or highlighting of any kind) of writings and data compilations in any form, and of every kind and description whether inscribed by mechanical, facsimile, electronic, magnetic, digital, or other means.  ESI includes, by way of example only, computer programs (whether private, commercial, or work-in-progress), programming notes or instructions, activity listings of electronic mail receipts and transmittals, output resulting from the use of any software program, including word processing documents, spreadsheets, database files, charts, graphs and outlines, electronic mail displaying full e-mail alias's (not merely "display names), electronic calendars, I'm logs, PBX logs, document management system data, operating systems, all metadata, source code of all types, peripheral drivers, PIF files, batch files, ASCII files, and any and all miscellaneous files and file fragments, regardless of the media on which they reside and regardless of whether said ESI consists in an active file, deleted file or file fragment. Electronically stored information includes any and all items stored on computer memories, hard disks, floppy disks, CD-ROMs, removable media such as Zip disks, Jaz cartridges, Bernoulli Boxes and their equivalent, magnetic tapes of all types, microfiche, punched cards, punched tape, computer chips, including,  EPROM, PROM, RAM and ROM, on or in any other vehicle for digital data storage and transmittal.  The term ESI also includes the file, folder tabs and containers and labels appended to, or associated with, any physical storage device associated with each original and copy.

(f)      "Electronic media" means any magnetic or other storage media device used to record electronically stored information.  Electronic media devices may include computer memories, hard disks, floppy disks, CD-ROM, removable media such as Bernoulli Boxes and their equivalent, magnetic tapes of all types, microfiche, punched

cards, punched tape, computer chips, including,  EPROM, PROM, RAM and ROM, or on or in any other vehicle for digital data storage and transmittal.

(g)      "Identify" with respect to persons, means to give, to the extent known, the person's full name, present or last known address, and when referring to a natural person, additionally, the present or last known place of employment.  Once a person has been identified in accordance with this subparagraph, only the name of that person need be listed in response to subsequent discovery requesting the identification of that person.

(h)      "Identify" with respect to documents, means to give, to extent known, the (i) type of document; (ii) general subject matter; (iii) date of the document; and (iv) author(s), addressee(s) and recipient(s).

(i)      "Including" or "includes" means including, without limitation.

(j)      "You," or "your" means the individual to whom this set of discovery is directed.

(k)      "Taishan" means Taishan Gypsum Co., Ltd. f/k/a Shandong Taihe Dongxin Co., Ltd.

(l)       "Chinese drywall" relates to drywall, plasterboard, or wallboard manufactured in China.

(m)      "Person" means any natural person or any business, legal, or governmental entity or association.

(n)      "Taishan Affiliates and Subsidiaries" shall include the below listed entities and any of their parents, related entities, subsidiaries, agents and assigns:

i.  State-owned Assets Supervision and Administration Commission of the State Counsel ("SASAC");

ii.  China National Building Materials Group, Co., Inc. Ltd. ("CNBM Group");

iii.  China Cinda Asset Management Co., Ltd. ("Cinda");

iv.  China Building Materials Academy;

v.  Beijing New Building Material Group Co., Ltd. ("BNBM Group");

vi.  China National Building Material Import and Export Company ("CNBM Trading");

vii.  CNBM Forest Products, Ltd.;

viii.  CNBM Forest Products (Canada) Ltd.;

ix.  China National Building Material Co., Ltd. a/k/a China Nation Building Material Company, Ltd. ("CNBM");

x.  China United Cement Co., Ltd. ("China United");

xi.  China United Cement Huaihai Co., Ltd. f/k/a China United Julong Huaihai Cement Co., Ltd.;

xii.  Qingzhou China United Cement Company Limited f/k/a China United Qingzhou Luhong Cement Co., Ltd.;

xiii.  China United Cement Zaozhuang Company, Limited f/k/a Zaozhuang China United Luhong Cement Co., Ltd.;

xiv.  China Composites Group Corp., Ltd. ("China Composites");

xv.  Lianyungang Zhongfu Lianzhong Composite Material Group Co., Ltd.;

xvi.   Shanghai Yaohua Pilkington Glass Co., Ltd.;

xvii.   Changzhou China Composites Liberty Co., Ltd. ("Zhongfu Liberty');

xviii.   Changzhou China Composites Tianma Fiberglass Products Co., Ltd. ("Zhongxin Tianma");

xix.   Changzhou Liberty TOLI Building Material Co., Ltd.;

xx.   China Fiberglass Co., Ltd. ("China Fiberglass");

xxi.   Jushi Group Co., Ltd.;

xxii.   China Triumph International Engineering Co., Ltd. ("CTIEC");

xxiii.   Nanjing Triumph International Engineering Company Limited f/k/a China Triumph International Engineering Company Limited f/k/a China Triumph Nanjing Cement Technological Engineering Co., Ltd.;

xxiv.   CTIEC Shenzhen Scieno-tech Engineering Co., Ltd.;

xxv.   China Triumph Bengbu Engineering and Technology Co., Ltd.;

xxvi.   CNBM Investment Company Limited (f/k/a BND Co., Ltd.):

xxvii.   Beijing New Building Material Public Limited Company;

xxviii.   Beijing New Building Materials Homes Co., Ltd.;

xxix.   BNBM Suzhou Mineral Fiber Ceiling Company, Limited (f/k/a "Suzhou Tianfeng New Building Material Co., Ltd.");

xxx.   Taishan Gypsum Co., Ltd. f/k/a Shandong Taihe Dongxin Co., Ltd.;

xxxi.   Qinhuangdao Taishan Building Materials Co., Ltd. a/k/a Qinhuang

Dao Taishan Building Materials Co., Ltd.;

xxxii.   Tai'an Taishan Plasterboard Co., Ltd.;

xxxiii.   China United Luhong Cement Co., Ltd.;

xxxiv.   China United Nanyang Co.;

xxxv.   Xingtai China United Ziyan Co., Ltd.;

xxxvi.   China National Building Material and Equipment Import and

Export Company ("China Equipment");

xxxvii.   Shenzhen B&Q Decoration & Building Materials Co., Ltd.

("Shenzhen B&Q");

xxxviii.   Tai'an Taishan Plasterboard Co., Ltd. ("TPP").

2.     The following rules of construction apply to all discovery requests:

(a)     The terms "all" and "each" shall be construed as all and each;

(b)     The connectives "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside of its scope;

(c)     The use of the singular form of any word includes the plural and vice versa; and

(d)     Requests that are stated in the present tense include the past tense and those in the past tense include the present tense.

3.     Unless otherwise specifically stated, this Request encompasses documents, which were created, received, or generated or otherwise entered into your

possession, custody, or control between January 1, 2012 and the current date (the "Relevant Time Period").

4.      Any document falling within the scope of this Request that is withheld on the basis of a claim of privilege, work product, or any other ground is to be identified in a privilege log, produced in an electronic format that allows text searching and organization of data.  You shall produce a privilege log within 5 days after the production of documents for which privilege is asserted to apply.  For each document for which You assert a privilege applies, you must provide in the privilege log: (a) a statement of the ground alleged for withholding such document; (b) the date of the document; (c) the location of any attachments associated with the document and whether the asserted privilege also applies to such attachments; (d) the identity of its author and signatories; (e) the type of document (*e.g.*, letter); (f) a summary of its content; (g) its present location and custodian; and (h) a listing of all persons to whom the contents of such documents have been disclosed and all persons who have or have had possession, custody, or control of the documents (or any portions thereof), pursuant to Federal Rule of Civil Procedure 45(d)(2).  Notwithstanding the assertion of an objection, any purportedly privileged document containing non-privileged matter must be disclosed with the purportedly privileged portion redacted, with the redacted portion indicated on the document itself and listed on the privilege log to be provided pursuant to this paragraph.

To assist in the prompt resolution of disputed claims of privilege, You shall submit to the Court under seal, unredacted copies of all documents for which it asserts a privilege.

5.      If you are unable to comply fully with any of the specific requests, you shall comply to the extent possible and provide an explanation as to why full compliance is not possible.  In the event that any documents called for by this Request were formerly in your possession, custody or control, or have been lost or destroyed, those documents are to be identified in writing as follows:  persons who prepared or authorized the documents indicated or blind copies; dates of preparation or transmittal; subject matter; number of pages, attachments or appendices; all persons to whom distributed, shown or explained; date or dates of loss or destruction; and if destroyed, the manner of destruction, reason for destruction, persons authorizing destruction and persons destroying the documents.

6.      This Request is directed to all documents within your possession, custody or control, or within the possession of any of your agents, or within the possession of any entity associated with you, or within the possession, custody, or control of such entity's directors, officers, agents, servants, employees, consultants, and professionals.

7.      Documents are to be produced in full and in their unexpurgated form. Redacted documents shall not constitute compliance with this Request, unless such documents are redacted pursuant to any claim of privilege as set forth in paragraph 4 above.

8.      Documents shall be produced in their original language (*e.g.*, Mandarin) and, if the original documents are in any language other than English, you shall include translations of such documents into English.

9.      This Request is intended to be consistent with the Federal Rules of Civil Procedure 26 and 34.

10.     All hard copy documents and electronically stored information (ESI) produced in response to this Request shall be organized and labeled either to correspond with the number of the specific request to which the documents are responsive or shall be produced in the order, format, and manner in which they are kept in the usual course of business. With respect to the production of electronically stored information, all ESI that is demanded is to be produced in its native usable format, as maintained on the computer storage systems, regardless of whether such ESI exists (and/or may have been copied and/or otherwise converted) in more than one electronic format. Plaintiffs have filed an emergency motion before the Honorable Eldon E. Fallon in the United States District Court for the Eastern District of Louisiana requesting that you be ordered to provide full and complete responses, including the document requests within ten (10) days of your receipt of the instant discovery.

## DOCUMENTS TO BE PRODUCED

1.      All documents and communications between or among you, Sunpin Solar Development LLC a/k/a Sunpin Solar, LLC, China Triumph International Engineering Group Co., Ltd. ("CTIEC"), China National Building Material Co., Ltd. ("CNBM"), China National Building Materials Group Co., Ltd. ("CNBM Group") and/or Wal-Mart Stores, Inc. with respect to the contract or "cooperation contract" for the Wal-Mart roof power plant project and the construction of roof solar power plants for Wal-Mart or Wal-Mart Stores, Inc.'s supermarkets in North America, and any sales or transfer of monies or assets therefrom, as set forth in additional detail in the March 2, 2015 announcement on CNBM's website, attached hereto as Exhibit "2."

2.      All documents and communications between or among you, Sunpin Solar Development LLC a/k/a Sunpin Solar, LLC and Taishan and/or the Taishan Affiliates and Subsidiaries with respect to the conduct of any business in the United States by such entities, since July 17, 2014.

## DEPOSITION TOPICS

1.      Your knowledge regarding the contract for the Wal-Mart roof power plant project and the construction of roof solar power plants by you, Sunpin Solar Development LLC a/k/a Sunpin Solar, LLC, Wal-Mart Stores, Inc., CTIEC, CNBM and/or CNBM Group for Wal-Mart or Wal-Mart Stores, Inc.'s supermarkets in North America, as set forth in additional detail in the March 2, 2015 announcement on CBNM's website, attached hereto as Exhibit "2."

2.      Your knowledge regarding the conduct of any business in the United States by Taishan and/or the Taishan Affiliates and Subsidiaries, since July 17, 2014.

# EXHIBIT "1"



E-SERVICE
56940008
Mar 18 2015
03:28PM
File & ServeXpress

**MINUTE ENTRY**
**FALLON, J.**
**MARCH 18, 2015**

## UNITED STATES DISTRICT COURT
### EASTERN DISTRICT OF LOUISIANA

IN RE: CHINESE MANUFACTURED DRYWALL
PRODUCTS LIABILITY LITIGATION

MDL NO. 2047

SECTION "L"

**THIS DOCUMENT RELATES TO: ALL CASES**

### MINUTE ENTRY AND ORDERS

On this date, the Court heard oral arguments regarding the Plaintiffs' Steering

Committee's motion to preclude Taishan and its affiliates from participating in class damages

proceedings unless and until Taishan purges itself of contempt. (Rec. Doc. 18367). Russ Herman

and Arnold Levin participated on behalf of the Plaintiffs' Steering Committee. Bernard Taylor,

Alan Weinberger, Michael Kenny, and Christina Eikhoff participated on behalf of Taishan

Gypsum Co., Ltd. ("TG") and Tai-an Taishan Plasterboard Co. Ltd. ("TTP"), (TG and TTP

collectively, "Taishan"). James Stengel participated on behalf of China National Building

Materials Group Corporation and China National Building Materials Company Limited

(collectively, "CNBM"). Michael Barr, Michael Moore, Richard Fenton, and Harry Rosenberg

participated on behalf of Beijing New Building Materials Public Limited Company and Beijing

New Building Material (Group) Company Limited (collectively, "BNBM"). The hearing was

transcribed by Ms. Toni Tusa, Official Court Reporter.  Counsel may contact Ms. Tusa at (504)

589-7778 to request a copy of the transcript.

JS10(00:82)

After reviewing the parties' memoranda, reviewing the applicable law, and hearing oral argument from all parties, the Court took the motion to preclude under advisement, subject to the conditions ordered by the Court:

1)  **IT IS ORDERED THAT** Taishan must purge itself of contempt of court within two weeks of today's date, that is **March 31, 2015**, before the Court will determine the nature, and extent, of Taishan's participation in these proceedings. To purge itself of contempt, Taishan must (a) pay the $15,000 in attorneys' fees to the PSC; (b) pay the *Germano* judgment that formed the basis of the judgment debtor proceedings, amounting to $2,609,099.99 plus pre-judgment interest of $149,256.53 plus post-judgment interest at the judicial rate under 28 U.S.C. § 1961, as of the date of payment, (Rec. Doc. 3013); and (c) pay the associated bill of costs, (*see* Rec. Docs. 17825, 18034). The Court notes that Taishan has paid the $40,000 contempt penalty. (*See* Rec. Doc. 18448).

2)  As neither Taishan nor BNBM/CNBM have demonstrated compliance with the injunction prong of the contempt order, (Rec. Doc. 17869), and the Court cannot yet assess whether there is need to enforce the associated penalty of 25% of profits, **IT IS FURTHER ORDERED THAT** the parties shall immediately commence discovery related to the relationship between Taishan and BNBM/CNBM, including whether affiliate and/or alter ego status exists. Discovery shall conclude no later than **April 28, 2015**, at 9:00 a.m. at which time the Court will hear oral argument on the motion for class damages. **IT IS FURTHER ORDERED** that the previously set March 18, 2015 deadline for responses for the motion for class damages is **CONTINUED** and any responses to the motion for class damages now shall be due on **April 20, 2015**.

3) **IT IS FURTHER ORDERED THAT** Taishan and BNBM/CNBM **SHALL** participate in alter ego discovery. If Taishan and/or BNBM/CNBM do not participate in discovery, the Court will act accordingly to ensure compliance with this and any Court order. The Court may, for example, strike defenses asserted by Taishan and BNBM/CNBM.

4) **IT IS FURTHER ORDERED THAT** that the Plaintiffs' Steering Committee, Taishan, and BNBM/CNBM **SHALL meet and confer** to discuss a discovery plan. Any deposition shall occur in New Orleans, Louisiana, unless all parties agree – with consent of the Court – that the deposition may occur elsewhere.

The Court retains jurisdiction to take any action necessary to enforce its contempt order, and any other order discussed herein. If any party violates any of the Court's orders, the Court "has broad discretion in assessing sanctions to protect the sanctity of its decrees and the legal process." *Test Masters Educational Servs. v. Singh*, 428 F.3d 559 (5th Cir. 2005). This Court "possess[es] the inherent authority to enforce [its] own injunctive decrees," an authority that "runs nationwide." *Waffenschmidt v. MacKay*, 763 F.2d 711, 716 (5th Cir. 1985); *see also United States v. Fisher,* 864 F.2d 434, 436 (7th Cir.1988) ("[W]hen a court issues an injunction, it automatically retains jurisdiction to enforce it."). The Court reserves its right to determine whether Taishan and/or BNBM/CNBM must post a bond under Rule 64. The Court further notes that Taishan and BNBM/CNBM's willingness to participate in discovery process will guide the Court's determination of the circumstances under which Taishan and BNBM/CNBM may participate in these proceedings. To allow a party to continue to participate in a proceeding while the party is in contempt for actions taken in those same proceedings would be, in effect,

rewarding the party for its contemptuous conduct. The Court will take any necessary action to

ensure the sanctity of its decrees and the legal process.

UNITED STATES DISTRICT JUDGE

4

# EXHIBIT "2"



# CTIEC signs Wal-Mart roof power plant project

Source: CTIEC

Date: March 2, 2015

On February 26, the signing ceremony of the coopera ive contract for the Wal-Mart roof power plant project of China Triumph International Engineering Group Co., Ltd. (CTIEC) was held in New York. On behalf of CTIEC, Peng Shou, chairman of CTIEC signed the relevant contract and agreement with Tom Li, president of Sunpin Solar LLC (Sunpin). The project marks new major coopera ion between the two sides after he initial cooperation in November 2014 and CTIEC's milestone in in-depth development of he US PV power station market, laying a solid foundation for Triumph's new energy brand to develop in the US and radiate he North American and South American PV power plant markets.

According to data of Fortune Global 500 released in 2014, Wal-Mart wi h 11,000 chained supermarkets in 27 countries and regions registered he largest operating revenues in he world. Under the cooperative agreement, CTIEC will work with Sunpin to construct roof solar power plants for Wal-Mart's some 1,000 supermarkets in North America, wi h a total installed capacity of some 500MW. Located in Massachusetts, the first two power plants involved in the project will commence in April 2015.

Copyright©2003China National Building Material Group Corporation

# EXHIBIT "A"

AO 88A  (Rev. 12/13) Subpoena to Testify at a Deposition in a Civil Action

# UNITED STATES DISTRICT COURT

for the

Eastern District of Louisiana

| | |
|---|---|
| In re:  Chinese-Manuf. Drywall Products Liab. Lit. ) | |
| *Plaintiff* ) | |
| v. ) | Civil Action No.   MDL 2047 |
| ) | |
| ) | |
| *Defendant* ) | |

## SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION

To:    Tommy Li, President, Sunpin Solar Development LLC a/k/a Sunpin Solar, LLC,
1 North LaSalle St., Suite 1515, Chicago, IL 60602
*(Name of person to whom this subpoena is directed)*

☑ *Testimony:*  **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at a deposition to be taken in this civil action.  If you are an organization, you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about the following matters, or those set forth in an attachment:

| | |
|---|---|
| Place: Freed, Kanner, London & Millen LLC,<br>2201 Waukegan Road, suite 130<br>Bannockburn, IL 60016 | Date and Time:<br><br>04/17/2015 2:00 pm |

The deposition will be recorded by this method:    Oral and Videotaped (See attached Notice)

☑ *Production:*  You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material:

See attached Amended Notice of Expedited Oral and Videotaped Deposition Pursuant to the Court's Directive During the March 17, 2015 Special Hearing and Minute Entry and Order [Rec. Doc. 18493]

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:    04/10/2015

          *CLERK OF COURT*

                                     OR

_____      _____
    *Signature of Clerk or Deputy Clerk*              *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)*    Plaintiffs
_____ , who issues or requests this subpoena, are:

Plaintiffs' Liaison Counsel, Russ M. Herman/Leonard A. Davis, Herman, Herman & Katz, LLC, 820 O'Keefe Avenue, New Orleans, LA  70113, (504) 581-4892; email:  ldavis@hhklawfirm.com

### Notice to the person who issues or requests this subpoena
If this subpoena commands the production of documents, electronically stored information, or tangible things, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed.  Fed. R. Civ. P. 45(a)(4).

AO 88A  (Rev.  12/13) Subpoena to Testify at a Deposition in a Civil Action (Page 2)

Civil Action No.   MDL 2047

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❒ I served the subpoena by delivering a copy to the named individual as follows: _____

_____ on *(date)* _____ ; or

❒ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $   0.00   .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.: