UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: CHINESE-MANUFACTURED DRYWALL PRODUCTS LIABILITY LITIGATION | MDL NO. 2047<br>SECTION: L<br>JUDGE FALLON<br>MAG. JUDGE WILKINSON |
| THIS DOCUMENT RELATES TO:<br><br>ALL ACTIONS | |

**MEMORANDUM OF BEIJING NEW BUILDING MATERIALS PUBLIC LIMITED COMPANY AND BEIJING NEW BUILDING MATERIAL (GROUP) CO., LTD. IN OPPOSITION TO THE "EMERGENCY" MOTION OF THE PLAINTIFF'S STEERING COMMITTEE TO COMPEL COMPLETE PROFILE FORMS**

Defendants Beijing New Building Materials Public Limited Company ("BNBM PLC") and Beijing New Building Material (Group) Co., Ltd. ("BNBM Group") respectfully submit this memorandum in opposition to the latest emergency motion improperly filed by the Plaintiffs' Steering Committee ("PSC"). As with prior motions filed by the PSC, the current emergency motion was not preceded by any attempt to confer with counsel for BNBM PLC or BNBM Group. Rule 37(a)(1), Fed.R.Civ.P., requires that any motion to compel must include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action. The motion does not include this certification, and no attempt was made to meet and confer with us. On that alone, the motion should be denied.

Be that as it may, PSC's latest emergency motion seeks to compel BNBM PLC and BNBM Group to complete Defendant Affiliate/Subsidiary/Parent Manufacturers' Profile Forms, which they already have completed. According to the PSC, BNBM PLC and BNBM Group should have answered questions the form does not ask and should have produced

1

documents that the form does not request.  Either the PSC has misread the form, or it is attempting to use this motion to compel to circumvent the ordinary rules of discovery.  In either event, the relief sought by the PSC is unwarranted.

On March 25, 2015, the PSC sent a Defendant Affiliate/Subsidiary/Parent Manufacturers' Profile Form to counsel for BNBM PLC and BNBM Group.  (*See* exhibit 1). The cover letter instructed that the attached form be completed, and advised that the plaintiffs would propose to the Court at a status conference the next day that BNBM PLC and BNBM Group complete the form within ten days.[1]

That form is precisely what BNBM PLC and BNBM Group completed and served on PSC counsel on April 6, 2015.   Although the PSC complains that the responses were deficient in two respects, those complaints are ill-founded.

*First*, the PSC complains that BNBM PLC and BNBM Group did not identify "all of their affiliates" in response to item III(A) on the form.  (PSC Mem., p. 1.)  But the form did not ask BNBM PLC or BNBM Group to identify "all their affiliates." It requested that they "name of every subsidiary or affiliate *that transacts business in the United States or within its jurisdiction*." Without conceding that any contacts with the United States were relevant for jurisdictional or any other purpose, BNBM PLC and BNBM Group provided the names of their direct subsidiaries and affiliates that did any business connected to the United States (in accordance with the discussion of these issues in the Court's Chambers, with all liason counsel present, prior to the March 26, 2015 status conference). (*See* Rec. Doc. 18628-2 at pages 11, 14, 26 & 29-30).  That was more than what was required, and PSC's accusation that BNBM

---

[1] This is not the first dubious "emergency" motion filed by the PSC in connection with the profile forms.  On March 31, 2015, again without conferring and notwithstanding that counsel for BNBM PLC and BNBM Group had already advised the Court that they could complete their forms by April 6, the PSC filed an earlier "Emergency Motion" to require that the forms be completed by April 6.  (Rec. Doc. 18575).  The Court immediately granted the motion, observing that "BNBM has advised that it can comply with the April 6, 2015 deadline." (Rec. Doc. 18585).

PLC and BNBM Group have "not complied with the spirit nor the purpose of the defendant profile form" is unfair and unfounded. (Rec. Doc. 18628-1). BNBM PLC and BNBM Group not only have fully responded to all the information specified to be provided on the form, but have erred on the side of providing information germane to plaintiffs' requests even when not strictly called for. For instance, BNBM PLC and BNBM Group voluntarily disclosed on Tables B and C of the submissions the specific sales of drywall that BNBM PLC made. (Rec. Doc. 18628-2 at 17, 31). In addition, BNBM Group voluntarily disclosed the specific sales for which it was the export agent. (*Id.* at 31).

*Second*, the PSC asserts that BNBM PLC and BNBM Group did not disclose the brand involved in the drywall sales in which they were involved. That is incorrect. Table A of BNBM Group's form, 4th column, item F,[2] discloses that BNBM PLC sold Dragon brand. PSC also complains that neither BNBM PLC "nor BNBM Group have provided descriptions and photographs of the labeling, endtapes and other indicia of the product sold in the United States." (Rec. Doc. 18628-1 at 2). But the profile forms do not call for such descriptions or photographs.

It may well be that the PSC would like additional information that was not called for by the Profile Form, and they are free to seek it with appropriate Rule 34 requests. But seeking to compel production of information or documents that have NOT been requested is an inappropriate use of a motion under Rule 37, and the motion should be denied. In addition, BNBM PLC and BNBM Group request that the PLC be directed to confer with defense counsel in the future prior to bringing discovery-related motions, so that misunderstandings such as those evident here can be addressed without Court intervention.

---

[2] (Rec. Doc. 18628-2 at page 29). The answer to this question is the only place in the PSC's profile form where this information could be provided.

Wherefore, BNBM PLC and BNBM Group respectfully request that PSC's emergency motion to compel be denied, and that the PSC be ordered to comply with Rule 37(a)(1) before filing further discovery motions.

Dated:  April 10, 2015

                                             Respectfully submitted,

**DENTONS US LLP**

By: */s/ Michael H. Barr*
Michael H. Barr
New York Bar No. 1744242
Justin N. Kattan
New York Bar No. 3983905
1221 Avenue of the Americas
New York, NY 10020-1089
Telephone:  (212) 768-6700
Facsimile:  (212) 768-6800
michael.barr@dentons.com
justin.kattan@dentons.com

- AND -

Richard L. Fenton
Illinois Bar No. 3121699
Leah R. Bruno
Illinois Bar No. 6269469
233 South Wacker Drive
Suite 7800
Chicago, IL  60606-6306
Telephone:  (312) 876-8000
Facsimile:  (312) 876-7934
richard.fenton@dentons.com
leah.bruno@dentons.com

- AND -

C. Michael Moore
Texas Bar No. 14323600
Gene R. Besen
Texas Bar No. 24045491
2000 McKinney Ave, Suite 1900
Dallas, TX  75201
Telephone:  (214) 259-0900
Facsimile:  (214) 259-0910
mike.moore@dentons.com
gene.besen@dentons.com

- AND -

**PHELPS DUNBAR LLP**

Harry Rosenberg
Florida Bar No. 11465
365 Canal Street, Suite 2000
New Orleans, Florida 70130-6534
Telephone:  (504) 566-1311
Facsimile:  (504) 568-9130
harry.rosenberg@phelps.com

*Attorneys for Beijing New Building Material (Group) Co., Ltd. and Beijing New Building Materials Public Limited Company*

## CERTIFICATE OF SERVICE

I hereby certify that the above and foregoing **Memorandum of Defendants Beijing New Building Materials Public Limited Company and Beijing New Building Material (Group) Co., Ltd. In Opposition to the Plaintiff Steering Committee's "Emergency" Motion to Compel Complete Defendant Affiliate/Subsidiary/Parent Manufacturers' Profile Forms**, together with the exhibits thereto, have been served on Plaintiffs' Liaison Counsel, Leonard Davis and Defendants' Liaison Counsel, Kerry Miller, by U.S. Mail and e-mail and upon all parties by electronically uploading the same to Lexis Nexis File & Serve in accordance with the Pretrial Order No. 6, and that the foregoing was also electronically filed with the Clerk of the Court of the United States District Court for the Eastern District of Florida by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2047, on this April 10, 2015.

*/s/ Michael H. Barr*
Michael H. Barr