# EXHIBIT "G"

LAW OFFICES OF

# MARSHALL & MELHORN, LLC

FOUR SEAGATE
EIGHTH FLOOR
TOLEDO, OHIO 43604

(419) 249-7100
FACSIMILE: (419) 249-7151
www.marshall-melhorn.com

MARSHALL & MELHORN, LLC
220 W. HARDIN STREET
FINDLAY, OHIO 45840
(419) 424-9857

MARSHALL & MELHORN, PLLC
300 GALLERIA OFFICENTRE, SUITE 318
SOUTHFIELD, MICHIGAN 48034
(248) 457-2444

MARSHALL A. BENNETT, JR
Toledo Office
Direct Dial (419) 249-7127
bennett@marshallmelhorn.com

March 27, 2015

Arnold Levin, Esq.
Levin, Fishbein, Sedran & Berman
510 Walnut Street
Suite 500
Philadelphia, PA 19106

Re: *In re Chinese Manufactured Drywall Products Liability Litigation*
MDL No. 2014

Dear Mr. Levin:

I am corresponding with you today because I received your letter dated March 23, 2015, transmitting case related documents. We also received the second subpoena on Wednesday, March 25, 2015.

On Monday I sent an email to Russ Herman and Leonard Davis requesting a conference so we could meet and confer regarding the objections asserted by CTIEC/TECO American Technology, Inc. ("ATI") in connection with the initial subpoena. A copy of those objections is attached hereto. The objections set forth therein also apply to the second subpoena, hence I incorporate them herein by reference.

I have not heard back from either Mr. Herman or Mr. Davis, so I am reaching out to you instead.

As indicated in the objections, ATI is an Ohio corporation. It was formed in 2005 by China Triumph International Engineering Co., Ltd. (CTIEC") and Toledo Engineering Co., Inc. ("TECO") in order to market and sell the technology and services of CTIEC, and TECO in Chinese and other markets. TECO and CTIEC each own 50% of the stock in ATI, and each contributed $250,000 at the time of its formation.

Since its formation, the scope of ATI's business activity has been very limited. It issued one bid for a project that was to be performed in Ohio. That bid, which was issued before July 2014, was not successful. Its only other business activity was the loan of $250,000 to CTIEC, the proceeds of which were paid to the New Jersey Institute of Technology in March of 2013, and subsequently repaid by NJIT in June 2014.

Arnold Levin, Esq.
March 27, 2015
Page No. 2

The primary matter that I wish to discuss with you is the potential scope of the burden imposed by both subpoenas, and how ATI proposes to proceed in light thereof.

One of the objection asserted by ATI is to the demand that it produce documents possessed by its "affiliates," a term that is not defined in the subpoena. More specifically, ATI objects to any demand that it produce TECO or CTIEC documents that are unrelated to the business of ATI.

As indicated above, ATI is an Ohio corporation that is owned equally by CTIEC and TECO. ATI has no ownership interest in CTIEC or TECO, and it exercises no control over them. ATI is controlled by a board consisting to two representatives of TECO, Mr. Fred Paulsen and Mr. Todd Seifried, and two representatives of CTIEC. (TECO's representatives to ATI have taken the lead in responding to the subpoena, and the documents that ATI will be producing come primarily from their files.)

You are undoubtedly familiar with CTIEC as a result of the pending litigation. I expect the same may not be true of TECO.

TECO is an employee-owned, American company based in Toledo, Ohio. It traces its roots back to 1915. It is in the business of designing and building glass-making furnaces, float bath lines, and other glass manufacturing equipment. TECO does business throughout the world. (You will find additional information about TECO on its web site at www.teco.com.)

CTIEC and the other companies listed in the subpoenas have no ownership interest in TECO, and they do not exercise any control over TECO.

TECO has done a substantial amount of business in Asia. On some of these foreign projects TECO was a subcontractor to CTIEC. On most of them TECO and CTIEC separately provided services to the customer. TECO and CTIEC have also considered collaborating on a number of opportunities for other foreign projects that did not result in an award for any actual work.

TECO and CTIEC have never collaborated on any actual projects in the United States. Since 2005, TECO and CTIEC have considered two business opportunities in the United States that did not mature into actual projects. The first was explored in 2005. The second in December 2014. The latter involved a preliminary budget estimate issued by TECO to CTIEC on a project for a customer in South Carolina. (Originally CTIEC suggested the possibility of ATI pursuing the project. TECO did not feel that this would be feasible, hence it issued a preliminary budget estimate as a subcontractor to CTIEC.)

I provide this information to you as background for the following elaboration on ATI's objections.

ATI objects to any construction of the subpoena that requires TECO to produce records concerning to its dealings with CTIEC that are unrelated to ATI. As you might expect, the

Arnold Levin, Esq.
March 27, 2015
Page No. 3

complexity of TECO's projects are such that the production of documents relating thereto would be a massive undertaking that ATI believes would be both unnecessary and wholly unjustified. This being so, to the extent the PSC takes the position that the subpoena served upon ATI requires the production by TECO of documents, emails, and ESI relating to its dealings with CTIEC that are unrelated to ATI, ATI objects to this construction and it hereby advises you that no such production will be made.

Having said this, and without waiving any objections asserted by ATI, please be advised that TECO's estimating file relating to the South Carolina project for which TECO issued the preliminary budget estimate in December 2014 will be produced. The TECO pricing data disclosed on the documents produced will be redacted.

Also, while ATI objects to any demand that TECO produce documents in its possession that might be responsive to the subpoena, it is willing to produce responsive documents in the possession of its TECO appointed directors, Mr. Paulsen and Mr. Seifried. Both maintain folders for significant emails relating to ATI that they have kept in the course of their ATI related activities. They have agreed to produce emails that are responsive to the subpoena contained in these folders.

As indicated above, it was the practice of both Mr. Paulsen and Mr. Seifried to keep copies of significant ATI related emails in their ATI related folder. They did not keep ATI related emails that they did not believe, at that time, to be significant. These insignificant emails cannot be produced in response to the subpoena without undue burden.

The "undue burden" objection flows from the fact that even though Mr. Paulsen and Mr. Seifried may not have kept copies of all ATI related emails, copies thereof are contained in special email archives maintained by TECO that capture all of its internal, inbound, and outbound emails. The problem with these archives is that they are capture all of TECO's email. Conducting searches on relevant terms like "joint w/1 venture" or "loan" will result in a very large number of hits, particularly if the searches are conducted all the way back to 2000. The hits would need to be reviewed, and the vast majority would have nothing whatsoever to do with plaintiffs' issues. The cost of such a search and review would be very substantial, and ATI, as a third party, does not believe that it would be reasonable to require it to incur this expense without compensation.

To that end, ATI proposes to proceed as follows.

1. Mr. Paulsen and Mr. Seifried will produce all emails responsive to the subpoena that are contained in their ATI related email folders.

2. Mr. Paulsen and Mr. Seifried will arrange for TECO to produce the file relating to the South Carolina project for which TECO issued the preliminary budget estimate in December 2014.

3. Mr. Paulsen and Mr. Seifried will arrange for TECO to produce the documents that

Arnold Levin, Esq.
March 27, 2015
Page No. 4

      ATI committed to produce, subject to a protective order, in its March 12, 2015, objections.

      ATI believes that this strikes a reasonable balance between plaintiffs' need for information, and the burden imposed upon ATI and TECO if required to recover additional emails from the archives. Accordingly, this is how they propose and intend to proceed.

      I look forward to speaking with you regarding the foregoing and ATI's other objections at your earliest convenience.

                                    Very truly yours,

                                    Marshall A. Bennett, Jr.

Enclosure
cc by email:   Russ M. Herman, Esq.
                  Leonard A. Davis, Esq.

LAW OFFICES OF

# MARSHALL & MELHORN, LLC

MARSHALL & MELHORN, LLC
220 W. HARDIN STREET
FINDLAY, OHIO 45840
(419) 424-9857

FOUR SEAGATE
EIGHTH FLOOR
TOLEDO, OHIO 43604

(419) 249-7100
FACSIMILE: (419) 249-7151
www.marshall-melhorn.com

MARSHALL & MELHORN, PLLC
300 GALLERIA OFFICENTRE, SUITE 318
SOUTHFIELD, MICHIGAN 48034
(248) 457-2444

MARSHALL A. BENNETT, JR
Toledo Office
Direct Dial (419) 249-7127
bennett@marshallmelhorn.com

March 12, 2015

Russ M. Herman, Esq.
Leonard A. Davis, Esq.
Herman, Herman & Katz, LLC
820 O'Keefe Avenue
New Orleans, LA 70113

Re:  In re: Chinese-Manuf. Drywall Products Liab. Lit.
     Subpoena Served Upon CTIEC-TECO American Technology Inc.

Gentlemen:

Please be advised that we represent CTIEC-TECO American Technology Inc. ("ATI"), which was served on February 27, 2015, with a forty-three page subpoena issued in connection with the above referenced action (the "Subpoena").

ATI is a joint venture between China Triumph International Engineering Co., Ltd. (CTIEC") and Toledo Engineering Co., Inc. ("TECO"). It was formed in 2005 to market, sell, and develop the technology and services of ATI, CTIEC, and TECO in Chinese markets and other markets as CTIEC and TECO may determine. TECO and CTIEC each own 50% of ATI.

Since its formation, ATI has issued one bid for a project that was to be performed in Ohio: the bid was not successful. Except as noted below, ATI has conducted no other business.

When TECO and CTIEC formed ATI they each made an initial investment of $250,000.00. That money was deposited into an ATI bank account, where it remained until March 2013, at which time CTIEC requested that it be loaned $250,000.00, and that the amount loaned be paid to New Jersey Institute of Technology. This loan was made and repaid, with interest, by the New Jersey Institute of Technology in June 2014. No other payments have been made from the account. The balance of the account currently stands at $559,181.40.

ATI was never intended to be and it has never been involved in any way with the design, production, or sale of drywall products. ATI has no direct relationship with Taishan Gypsum Co., Ltd., f/k/a Shandong Taihe Dongxin Co., Ltd., any of the Entities related to Taishan listed in the Subpoena other than CTIEC, or any of the SOE's listed in the Subpoena.

In light of the foregoing, ATI, in accordance with Rule 45(d)(2)(B), Fed. R. Civ. Pro.,

Russ M. Herman, Esq.
Leonard A. Davis, Esq.
March 12, 2015
Page No. 2

hereby serves the following objections to the Subpoena.

1. ATI is not a party to the above-referenced action and has no direct relationship with the defendants therein.

2. The subpoena imposes undue burden upon ATI.

3. Compliance with this subpoena will result in significant, unjustified expense to ATI.

4. None of the documents or information sought by the subpoena are relevant to the matters at issue in the above-referenced action.

5. This subpoena seeks the production of documents containing and testimony regarding confidential and secret commercial information that is not generally known to the public and the disclosure of which could cause ATI, CTIEC, and TECO substantial competitive injury.

6. ATI objects to the requests for production insofar as they seek to require ATI to produce documents that are not in ATI's possession or custody, or in the possession or custody of those who are under ATI's control.

7. ATI objects to Definition and Instruction 1.(e) and (f) insofar as they require the recovery of ESI from backup or other media.

8. ATI objects to Definition and Instruction 1.(g) insofar as it requires the provision of information concerning documents that are the subject of requests for production.

9. ATI objects to Definition and Instruction 1.(j) insofar as it refers to affiliates, representatives, independent contractors, consultants, and agents because these terms are not clearly defined in a meaningful manner so as to permit ATI to make an appropriate production. Furthermore the definition for the term appears to be overbroad in light of the matters that are relevant to the above referenced action.

10. ATI objects to Definition and Instruction 4 on the ground that it seeks to impose a duty that exceeds that imposed by the Federal Rules of Civil Procedure.

11. ATI objects to Definition and Instruction 5 on the ground that it seeks to require ATI to supply information in response to a request for production. This exceeds the duties imposed by the Federal Rules of Civil Procedure.

12. ATI objects to Definition and Instruction 6 insofar as it seeks to require the production of documents by persons other than ATI or persons subject to ATI's

Russ M. Herman, Esq.
Leonard A. Davis, Esq.
March 12, 2015
Page No. 3

        control.

13. ATI objects to Definition and Instruction 9 on the ground that it seeks to impose a duty that exceeds that imposed by the Federal Rules of Civil Procedure.

14. To the extent paragraph 1 of the Documents to be Produced seek the production of communications between TECO and CTIEC that are unrelated to ATI, it seeks the production of documents that are not in ATI's possession, custody, or control, that are not relevant to the matters at issue in the above-referenced action, and that contain confidential and secret commercial information which, if disclosed, could cause CTIEC and TECO substantial competitive injury.

15. To the extent paragraph 1 of the Documents to be Produced seek the production of communications between TECO and CTIEC that are related to ATI, it seeks the production of documents that are not relevant to the matters at issue in the above-referenced action, and that contain confidential and secret commercial information which, if disclosed, could cause ATI, CTIEC, and TECO substantial competitive injury. ATI will produce the requested documents upon the entry of an appropriate protective order.

16. To the extent paragraph 2 of the Documents to be Produced seek the production of agreements between TECO and CTIEC relating to ATI, it seeks the production of documents that are not in ATI's possession, custody, or control, that are not relevant to the matters at issue in the above-referenced action, and that contain confidential and secret commercial information which, if disclosed, could cause CTIEC and TECO substantial competitive injury. ATI will produce the requested documents upon the entry of an appropriate protective order.

17. To the extent paragraph 3.b) of the Documents to be Produced seeks the production of ATI's tax returns it seeks the production of documents that are not relevant to the matters at issue in the above-referenced action and that contain confidential and secret commercial information that, if disclosed, could cause ATI, CTIEC, and TECO substantial competitive injury. ATI will produce the requested documents upon the entry of an appropriate protective order.

18. To the extent paragraph 3.c) of the Documents to be Produced seek the production of the stock certificates of CTIEC in ATI, it seeks the production of documents that are not relevant to the matters at issue in the above-referenced action, and that contain confidential and secret commercial information which, if disclosed, could cause CTIEC and TECO substantial competitive injury. ATI will produce the requested documents upon the entry of an appropriate protective order.

19. To the extent paragraph 3.d), 3.k), 3.l), 3.m), or 3.n) of the Documents to be Produced seek the production of financial statements or financial information

Russ M. Herman, Esq.
Leonard A. Davis, Esq.
March 12, 2015
Page No. 4

       relating to ATI it seeks documents that are not relevant to the matters at issue in the above-referenced action and that are confidential and secret commercial information that, if disclosed, could cause ATI, CTIEC, and TECO substantial competitive injury. ATI will produce the requested documents upon the entry of an appropriate protective order.

20.     To the extent paragraphs 3.i), 3.q), or 3.t) of the Documents to be Produced seek the production of documents relating to ATI's bank or brokerage accounts or relationships it seeks documents that are not relevant to the matters at issue in the above-referenced action and that are confidential and secret commercial information that, if disclosed, could cause ATI, CTIEC, and TECO substantial competitive injury. ATI will produce the requested documents upon the entry of an appropriate protective order.

21.     To the extent paragraph 3.v) of the Documents to be Produced seeks the production of documents identifying all C.P.A.'s hired or used by CTIEC or TECO, the request seeks documents that is not relevant to any matter at issue in the above-referenced action, and that are not in the possession, custody, or control of ATI.

22.     To the extent paragraph 3.z) of the Documents to be Produced seeks documents relating to the ownership interest of CTIEC and TECO in ATI it seeks confidential and secret commercial information that, if disclosed, could cause ATI, CTIEC, and TECO substantial competitive injury. ATI will produce the requested documents upon the entry of an appropriate protective order.

23.     To the extent paragraph 6 of the Documents to be Produced seeks the production of the unsuccessful bids submitted by ATI, it seeks documents that are not relevant to any matter at issue in the above-referenced action, and that contain confidential and secret commercial information that, if disclosed, could cause ATI, CTIEC, and TECO substantial competitive injury.

24.     Paragraph 7 of the Documents to be Produced fails to describe the documents to be produced with sufficient certainty to allow ATI to identify and produce them.

Without waiving any objections and reserving the same, ATI states that it has no documents that are responsive to the following paragraphs in the Documents to be Produced: 3.a), 3.e), 3.f), 3.g), 3.h), 3.j), 3.o), 3.p), 3.r), 3.s), 3.u), 3.w), 3.x), 3.y), 3.aa), 3.bb), 3.cc), 3.dd), 3.ee), 3.ff), 3.gg), 3.hh), 4, or 5.

Russ M. Herman, Esq.
Leonard A. Davis, Esq.
March 12, 2015
Page No. 5

      I look forward to speaking with your regarding the form of an appropriate protective order.

      Very truly yours,

      Marshall A. Bennett, Jr.