# EXHIBIT "H"

LAW OFFICES OF

# Marshall & Melhorn, llc

MARSHALL & MELHORN, LLC
220 W. HARDIN STREET
FINDLAY, OHIO 45840
(419) 424-9857

FOUR SEAGATE
EIGHTH FLOOR
TOLEDO, OHIO 43604

(419) 249-7100
FACSIMILE: (419) 249-7151
www.marshall-melhorn.com

MARSHALL & MELHORN, PLLC
300 GALLERIA OFFICENTRE, SUITE 318
SOUTHFIELD, MICHIGAN 48034
(248) 457-2444

MARSHALL A. BENNETT, JR
Toledo Office
Direct Dial (419) 249-7127
bennett@marshallmelhorn.com

March 12, 2015

Russ M. Herman, Esq.
Leonard A. Davis, Esq.
Herman, Herman & Katz, LLC
820 O'Keefe Avenue
New Orleans, LA 70113

Re:   In re: Chinese-Manuf. Drywall Products Liab. Lit.
      Subpoena Served Upon CTIEC-TECO American Technology Inc.

Gentlemen:

Please be advised that we represent CTIEC-TECO American Technology Inc. ("ATI"), which was served on February 27, 2015, with a forty-three page subpoena issued in connection with the above referenced action (the "Subpoena").

ATI is a joint venture between China Triumph International Engineering Co., Ltd. (CTIEC") and Toledo Engineering Co., Inc. ("TECO"). It was formed in 2005 to market, sell, and develop the technology and services of ATI, CTIEC, and TECO in Chinese markets and other markets as CTIEC and TECO may determine. TECO and CTIEC each own 50% of ATI.

Since its formation, ATI has issued one bid for a project that was to be performed in Ohio: the bid was not successful. Except as noted below, ATI has conducted no other business.

When TECO and CTIEC formed ATI they each made an initial investment of $250,000.00. That money was deposited into an ATI bank account, where it remained until March 2013, at which time CTIEC requested that it be loaned $250,000.00, and that the amount loaned be paid to New Jersey Institute of Technology. This loan was made and repaid, with interest, by the New Jersey Institute of Technology in June 2014. No other payments have been made from the account. The balance of the account currently stands at $559,181.40.

ATI was never intended to be and it has never been involved in any way with the design, production, or sale of drywall products. ATI has no direct relationship with Taishan Gypsum Co., Ltd., f/k/a Shandong Taihe Dongxin Co., Ltd., any of the Entities related to Taishan listed in the Subpoena other than CTIEC, or any of the SOE's listed in the Subpoena.

In light of the foregoing, ATI, in accordance with Rule 45(d)(2)(B), Fed. R. Civ. Pro.,

Russ M. Herman, Esq.
Leonard A. Davis, Esq.
March 12, 2015
Page No. 2

hereby serves the following objections to the Subpoena.

1. ATI is not a party to the above-referenced action and has no direct relationship with the defendants therein.

2. The subpoena imposes undue burden upon ATI.

3. Compliance with this subpoena will result in significant, unjustified expense to ATI.

4. None of the documents or information sought by the subpoena are relevant to the matters at issue in the above-referenced action.

5. This subpoena seeks the production of documents containing and testimony regarding confidential and secret commercial information that is not generally known to the public and the disclosure of which could cause ATI, CTIEC, and TECO substantial competitive injury.

6. ATI objects to the requests for production insofar as they seek to require ATI to produce documents that are not in ATI's possession or custody, or in the possession or custody of those who are under ATI's control.

7. ATI objects to Definition and Instruction 1.(e) and (f) insofar as they require the recovery of ESI from backup or other media.

8. ATI objects to Definition and Instruction 1.(g) insofar as it requires the provision of information concerning documents that are the subject of requests for production.

9. ATI objects to Definition and Instruction 1.(j) insofar as it refers to affiliates, representatives, independent contractors, consultants, and agents because these terms are not clearly defined in a meaningful manner so as to permit ATI to make an appropriate production. Furthermore the definition for the term appears to be overbroad in light of the matters that are relevant to the above referenced action.

10. ATI objects to Definition and Instruction 4 on the ground that it seeks to impose a duty that exceeds that imposed by the Federal Rules of Civil Procedure.

11. ATI objects to Definition and Instruction 5 on the ground that it seeks to require ATI to supply information in response to a request for production. This exceeds the duties imposed by the Federal Rules of Civil Procedure.

12. ATI objects to Definition and Instruction 6 insofar as it seeks to require the production of documents by persons other than ATI or persons subject to ATI's

Russ M. Herman, Esq.
Leonard A. Davis, Esq.
March 12, 2015
Page No. 3

        control.

13. ATI objects to Definition and Instruction 9 on the ground that it seeks to impose a duty that exceeds that imposed by the Federal Rules of Civil Procedure.

14. To the extent paragraph 1 of the Documents to be Produced seek the production of communications between TECO and CTIEC that are unrelated to ATI, it seeks the production of documents that are not in ATI's possession, custody, or control, that are not relevant to the matters at issue in the above-referenced action, and that contain confidential and secret commercial information which, if disclosed, could cause CTIEC and TECO substantial competitive injury.

15. To the extent paragraph 1 of the Documents to be Produced seek the production of communications between TECO and CTIEC that are related to ATI, it seeks the production of documents that are not relevant to the matters at issue in the above-referenced action, and that contain confidential and secret commercial information which, if disclosed, could cause ATI, CTIEC, and TECO substantial competitive injury. ATI will produce the requested documents upon the entry of an appropriate protective order.

16. To the extent paragraph 2 of the Documents to be Produced seek the production of agreements between TECO and CTIEC relating to ATI, it seeks the production of documents that are not in ATI's possession, custody, or control, that are not relevant to the matters at issue in the above-referenced action, and that contain confidential and secret commercial information which, if disclosed, could cause CTIEC and TECO substantial competitive injury. ATI will produce the requested documents upon the entry of an appropriate protective order.

17. To the extent paragraph 3.b) of the Documents to be Produced seeks the production of ATI's tax returns it seeks the production of documents that are not relevant to the matters at issue in the above-referenced action and that contain confidential and secret commercial information that, if disclosed, could cause ATI, CTIEC, and TECO substantial competitive injury. ATI will produce the requested documents upon the entry of an appropriate protective order.

18. To the extent paragraph 3.c) of the Documents to be Produced seek the production of the stock certificates of CTIEC in ATI, it seeks the production of documents that are not relevant to the matters at issue in the above-referenced action, and that contain confidential and secret commercial information which, if disclosed, could cause CTIEC and TECO substantial competitive injury. ATI will produce the requested documents upon the entry of an appropriate protective order.

19. To the extent paragraph 3.d), 3.k), 3.l), 3.m), or 3.n) of the Documents to be Produced seek the production of financial statements or financial information

Russ M. Herman, Esq.
Leonard A. Davis, Esq.
March 12, 2015
Page No. 4

        relating to ATI it seeks documents that are not relevant to the matters at issue in the above-referenced action and that are confidential and secret commercial information that, if disclosed, could cause ATI, CTIEC, and TECO substantial competitive injury. ATI will produce the requested documents upon the entry of an appropriate protective order.

20.     To the extent paragraphs 3.i), 3.q), or 3.t) of the Documents to be Produced seek the production of documents relating to ATI's bank or brokerage accounts or relationships it seeks documents that are not relevant to the matters at issue in the above-referenced action and that are confidential and secret commercial information that, if disclosed, could cause ATI, CTIEC, and TECO substantial competitive injury. ATI will produce the requested documents upon the entry of an appropriate protective order.

21.     To the extent paragraph 3.v) of the Documents to be Produced seeks the production of documents identifying all C.P.A.'s hired or used by CTIEC or TECO, the request seeks documents that is not relevant to any matter at issue in the above-referenced action, and that are not in the possession, custody, or control of ATI.

22.     To the extent paragraph 3.z) of the Documents to be Produced seeks documents relating to the ownership interest of CTIEC and TECO in ATI it seeks confidential and secret commercial information that, if disclosed, could cause ATI, CTIEC, and TECO substantial competitive injury. ATI will produce the requested documents upon the entry of an appropriate protective order.

23.     To the extent paragraph 6 of the Documents to be Produced seeks the production of the unsuccessful bids submitted by ATI, it seeks documents that are not relevant to any matter at issue in the above-referenced action, and that contain confidential and secret commercial information that, if disclosed, could cause ATI, CTIEC, and TECO substantial competitive injury.

24.     Paragraph 7 of the Documents to be Produced fails to describe the documents to be produced with sufficient certainty to allow ATI to identify and produce them.

Without waiving any objections and reserving the same, ATI states that it has no documents that are responsive to the following paragraphs in the Documents to be Produced: 3.a), 3.e), 3.f), 3.g), 3.h), 3.j), 3.o), 3.p), 3.r), 3.s), 3.u), 3.w), 3.x), 3.y), 3.aa), 3.bb), 3.cc), 3.dd), 3.ee), 3.ff), 3.gg), 3.hh), 4, or 5.

Russ M. Herman, Esq.
Leonard A. Davis, Esq.
March 12, 2015
Page No. 5

       I look forward to speaking with your regarding the form of an appropriate protective order.

                                                Very truly yours,

                                                Marshall A. Bennett, Jr.