# EXHIBIT "J"

| | |
|---|---|
| **From:** | Jim Enderlen |
| **Sent:** | Tuesday, April 15, 2014 1:16 PM |
| **To:** | Scott Slater; Todd Seifried |
| **Subject:** | FW: Proposed CTIEC/TECO American Technology, Inc./NJIT Subcontract Agreement |
| **Attachments:** | Subcontract CTIEC-TECO American Technology Inc   NJIT.doc |

FYI

**From:** Jim Enderlen
**Sent:** Tuesday, April 15, 2014 1:01 PM
**To:** rubio@njit.edu
**Cc:** Fred Paulsen
**Subject:** FW: Proposed CTIEC/TECO American Technology, Inc./NJIT Subcontract Agreement

Dear Ms. Rubio,

Original email with attachment.

Regards,

James D. Enderlen
V.P. of Business Operations
---------------------------
Toledo Engineering Co., Inc.
3400 Executive Parkway
P.O. Box 2927
Toledo, Ohio 43606-0927  USA
Telephone (419) 537-9711
---------------------------
Website      www.teco.com
E-mail       jime@teco.com
Telephone   (419) 537-9711
Fax      (419) 537-1369
============================
CONFIDENTIALITY NOTICE: The documents accompanying this E-mail transmission contain confidential and privileged information.  This information is intended to be for the use of the individual and/or entity named above.  If you are not the intended recipient, you are hereby notified that any dissemination, distribution, or copying of the contents of this E-mail transmission is strictly prohibited.  If you have received this communication in error, please notify us immediately by telephone, collect.  Thank you.

**From:** Fred Paulsen
**Sent:** Tuesday, April 08, 2014 11:05 AM
**To:** 'rubio@njit.edu'
**Subject:** Proposed CTIEC/TECO American Technology, Inc./NJIT Subcontract Agreement

Dear Ms. Rubio,

I am contacting you on behalf of CTIEC/TECO American Technologies, Inc. ("CTAT").  In light of some recent correspondence and for the avoidance of doubt, I would like to clarify the following points:

- CTAT is a corporation headquartered in the State of Ohio.  It is owned by China Triumph International Engineering Co., Ltd. ("CTIEC") and Toledo Engineering Co., Inc. ("TECO").  CTAT, CTIEC, and TECO are independent of one another.  Prior correspondence from CTIEC appears to suggest that TECO advanced funds to your institution.  That is not correct.  While TECO has a sub-majority ownership stake in CTAT and some of its personnel (such as myself) do work for both companies, TECO has had no involvement with any transaction contemplated herein and is not a party hereto.  It certainly should not receive any payment from your institution.
- In March of 2013 – at CTIEC's behest and on CTIEC's behalf – CTAT wired $250,000 from its account to the New Jersey Institute of Technology ("NJIT").  In exchange for this payment, CTIEC promised CTAT to promptly reimburse it for the original principal amount, plus any interest (accruing at a 3% annual rate).  It is CTAT's understanding that this payment was made in connection with an agreement between CTIEC and NJIT.  CTAT has not, however, been privy to any information about said agreement.
- CTAT has now been told that NJIT will be reimbursing CTAT rather than CTIEC (again, in connection with an agreement that has not been disclosed to CTAT).  In order to complete said payment, CTAT has been asked to complete a subcontract agreement with NJIT (even though no such relationship was contemplated in the original transaction).

CTAT wants to be repaid the money it advanced for CTIEC and it is prepared to execute a Subcontract Agreement to that end.  The form of that subcontract, however, should reflect that CTAT originally wired the funds with the expectation that it would be promptly reimbursed by CTIEC (a private company), not NJIT (a public institution).  Accordingly, we have enclosed a form of the agreement that we are prepared to sign.

I welcome any feedback you might provide.

Regards,

CTIEC/TECO American Technology, Inc.

Fred Paulsen
President
============================
CONFIDENTIALITY NOTICE: The documents accompanying this E-mail transmission contain confidential and privileged information.  This information is intended to be for the use of the individual and/or entity named above.  If you are not the intended recipient, you are hereby notified that any dissemination, distribution, or copying of the contents of this E-mail transmission is strictly prohibited.  If you have received this communication in error, please notify us immediately by telephone, collect.  Thank you.

# NEW JERSEY INSTITUTE OF TECHNOLOGY

## SUBCONTRACT

SUBCONTRACTOR:        CTIEC/TECO AMERICAN TECHNOLOGY, INC.

ADDRESS:        3400  EXECUTIVE  PARKWAY  TOLEDO,  OHIO  43604

PROJECT TITLE:

NJIT Index:

SUBCONTRACT PERIOD:

TOTAL AMOUNT:

ISSUED BY:        **New Jersey Institute of Technology**
**Sponsored Research Administration**
**University Heights**
**Newark, New Jersey  07102-1982**

## PREAMBLE

This Subcontract, entered into April 7, 2014 by **New Jersey Institute of Technology**, a public research university, located at University Heights, Newark, New Jersey 07102 (hereinafter "Institute"), and CTIEC/TECO American Technology, Inc. (hereinafter "SUBCONTRACTOR"), and constituting a Subcontract under Prime Contract No. _____ between the_____ and the INSTITUTE.

## WITNESSETH THAT

On March 12, 2013, SUBCONTRACTOR loaned a sum of money to the Institute (the "Loan"). The Loan was made by SUBCONTRACTOR to the Institute on behalf of China Triumph International Engineering Co., Ltd. ("CTIEC"). The Institute requires this Subcontract be completed in order to process repayment of the Loan to the SUBCONTRACTOR. Accordingly, SUBCONTRACTOR has agreed to execute this Subcontract in order to be repaid the amount set forth in Article 4(B).

## ARTICLE 1.        STATEMENT OF WORK

(A)    The SUBCONTRACTOR has already provided the Loan to the Institute. No additional services or work are contemplated by this Subcontract.

## ARTICLE 2.        KEY PERSONNEL

This Article intentionally omitted.

## ARTICLE 3.        PERFORMANCE SCHEDULE

(A)    The SUBCONTRACTOR has fully performed by advancing the Loan. No further work or performance is contemplated by this Subcontract.

## ARTICLE 4.        ALLOWABLE COSTS AND PAYMENT

(A)    The Loan was made March 12, 2013 in the amount of TWO HUNDRED AND FIFTY THOUSAND DOLLARS ($250,000.00) at a rate of THREE PERCENT (3%).

(B)    In consideration for the Loan, the Institute agrees to reimburse the SUBCONTRACTOR in the amount of TWO HUNDRED FIFTY

SIX THOUSAND TWO HUNDRED AND FIFTY DOLLARS AND NO CENTS ($256,250.00).

## ARTICLE 5.        AUDIT

This Article intentionally omitted.

## ARTICLE 6.        PATENTS, COPYRIGHTS AND INTELLECTUAL PROPERTY

This Article intentionally omitted.

## ARTICLE 7.        REPORTS

This Article intentionally omitted.

## ARTICLE 8.        PUBLICITY

This Article intentionally omitted.

## ARTICLE 9.        DEBARMENT AND SUSPENSION

This Article intentionally omitted.

## ARTICLE 10.        COMPLIANCE WITH LAWS

This Article intentionally omitted.

## ARTICLE 11.        ASSIGNMENT

This Article intentionally omitted.

## ARTICLE 12.        INDEMNIFICATION/INSURANCE

This Article intentionally omitted.

## ARTICLE 13.        REPRESENTATIONS, WARRANTIES AND COVENANTS

This Article intentionally omitted.

## ARTICLE 14.        SITUS

This Article intentionally omitted.

## ARTICLE 15.     NOTIFICATIONS

(A)   Any notices or communication required to be sent to INSTITUTE by SUBCONTRACTOR under this Subcontract shall be in writing and shall be hand delivered or sent by certified or registered mail, return receipt requested, to the below address or such other address as INSTITUTE may in the future specify (notifications as to technical matters should be sent to the NJIT Project Director/Principal Investigator): **Ms. Norma Rubio, Director of Sponsored Research Administration, Office of Research & Development, New Jersey Institute of Technology, Fenster Hall – 3rd Floor, University Heights, Newark, New Jersey 07102-1982.**

## ARTICLE 16. NEW JERSEY BUSINESS REGISTRATION REQUIREMENT

This Article intentionally omitted.

## ARTICLE 17. GENERAL PROVISIONS

(A)   The failure by either party to enforce any provision of this Subcontract or to timely insist on performance shall not constitute or be construed as a waiver of any right to strictly enforce a contractual provision.

(B)   This Subcontract constitutes the entire understanding between the parties regarding this matter and merges any and all prior discussions, representations, promises, and warranties within its scope. There are no representations, warranties or promises not expressly set forth in this Subcontract.

(C)   Except as expressly set forth herein, this Subcontract may not be modified, renewed, or extended, except in writing, signed by both parties.

(D)   SUBCONTRACTOR shall not communicate directly with the prime sponsor regarding the performance of this Subcontract without the prior consent of the INSTITUTE.

(E)   SUBCONTRACTOR shall be deemed to be an independent contractor and, as such, neither SUBCONTRACTOR nor its employees shall be entitled to any benefits applicable to employees of INSTITUTE nor shall INSTITUTE or its

employees be entitled to any benefits applicable to employees of SUBCONTRACTOR.

(F)     Neither party is authorized or empowered to act as agent for the other for any purpose and shall not on behalf of the other enter into any contract, warranty, statement, commitment or representation as to any matter. Neither shall be bound by the acts or conduct of the other.

**IN WITNESS WHEREOF**, the parties have executed this subcontract as of the day and year first above written.

**New Jersey Institute of Technology**


By_____
    Dr. Donald H. Sebastian
    Sr. Vice President for Research& Development


Dated: _____


For the SUBCONTRACTOR:


By_____
Title:

Dated: _____

5