UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: CHINESE MANUFACTURED DRYWALL PRODUCTS LIABILITY LITIGATION<br><br>**THIS DOCUMENT RELATES TO:**<br>*Amorin, et al. v. State-owned Assets Supervision and Administrative Commission, et al., Case No. 2:14-cv-1727* | MDL No. 2:09-md-2047<br><br>SECTION L<br><br>JUDGE ELDON E. FALLON<br><br>MAGISTRATE JUDGE JOSEPH C. WILKINSON, JR. |

**CNBM GROUP'S REPLY TO RESPONSE OF THE PSC TO CNBM GROUP'S MOTION FOR RECONSIDERATION OF THE COURT'S ORDER GRANTING ALTERNATIVE SERVICE ON DEFENDANT SASAC**

In its motion for reconsideration, CNBM Group explained that there are two reasons the PSC cannot serve SASAC through counsel for CNBM Group [Rec. Doc. 18594]. First, the PSC's request to effect this service pursuant to Federal Rule of Civil Procedure 4(f)(3) suffers from manifest legal error because Rule 4(f)(3) is inapplicable when the party to be served is a foreign sovereign entity like SASAC. Second, CNBM Group and SASAC are separate and distinct entities, and the PSC's attempt to conflate the two relied on erroneous and unsupported factual assertions.

Remarkably, the PSC's response to the motion does not contest—or, for that matter, even really address—either argument [Rec. Doc. 18625].

OHSUSA:761717246.5

1. Conspicuously, nowhere does the PSC explain how alternative service pursuant to Rule 4(f)(3) is available where the party to be served is a foreign sovereign. Nor could it, given Rule 4(j)(1)'s unambiguous instruction that "[a] foreign state or its political subdivision, agency, or instrumentality must be served in accordance with 28 U.S.C. § 1608." In fact, the *only* reference to Rule 4(f)(3) in the PSC's entire response is a misleading recharacterization of its initial motion. The response refers to the PSC's initial motion as a request to serve SASAC "via mail pursuant to Fed. R. Civ. P. 4(f)(3) and 28 U.S.C. § 1608(b)(3)(B) and, in addition, through counsel for CNBM Group." Rec. Doc. 18625 at 1. This is simply not so. The motion sought to serve SASAC "via mail pursuant to 28 U.S.C. § 1608(b)(3)(B) and/or *through CNBM Group pursuant to F.R.C.P. 4(f)(3)*." Rec. Doc. 18549 (emphasis added). The PSC's motion made the separate bases for its two requests clear, relying on § 1608(b)(3)(B) in its discussion of service by mail, *see* Rec. Doc. 18549-1 at 14-18, and Rule 4(f)(3) in its discussion of alternative service through counsel for CNBM Group, *see id.* at 18-23. And the Court understandably relied upon the PSC's request in the form it was made, stating that "the PSC may serve SASAC through counsel for CNBM Group in this litigation pursuant to Fed. R. Civ. P. 4(f)." Rec. Doc. 18592.

By effectively disclaiming reliance on Rule 4(f) in their response, Plaintiffs admit that they have (and had) no legal basis for their request to serve SASAC through CNBM Group.

Instead, the PSC cites cases providing that service of process which substantially complies with §1608(b) of the Foreign Sovereign Immunities Act ("FSIA") can be sufficient so long as the defendant receives actual notice of the suit.  *See Harris Corp. v. Nat'l Iranian Radio and Television*, 691 F.2d 1344, 1352 (11th Cir. 1982); *Banco Metropolitano, S.A. v. Desarrollo de Autpostas y Carreteras de Guatemala, S.A.*, 616 F. Supp. 301, 304 (S.D.N.Y. 1985).  But far from suggesting that alternative service is available pursuant to Rule 4(f)(3), these cases "admonish those seeking to invoke the FSIA to follow the service provisions it contains," because "[t]here is no excuse for departure from the dictates of the statute."  *Harris*, 691 F.2d at 1352 n.16; *see also Banco Metropolitano*, 616 F. Supp. at 303 ("Service of process on an agency or instrumentality of a foreign state . . . *must* be made pursuant to §1608(b) of the FSIA." (emphasis added)).[1]  Moreover, none of the cases so much as suggests that serving a sovereign entity through another defendant's counsel would substantially comply with §1608(b) or

---

[1] The third cited case, *International Schools Service v. Government of Iran*, 505 F. Supp. 178, 179 (D.N.J. 1981), did not resolve that service by telex was sufficient because the order at issue "expressly provides that it does not prejudge whatever objections may be advanced by the defendants if they choose to do so."

- 3 -

provide the sovereign with the necessary actual notice of the suit.  Of note, the law firm through which pleadings were served in *Harris* represented the defendant in that litigation, *see* 691 F.2d at 1352 n.15, whereas here, counsel to CNBM Group does not represent SASAC.

In any event, the PSC's cases addressing substantial compliance with § 1608(b) are inapposite because "strict compliance" with §1608(a) is required when serving a foreign state or political subdivision like SASAC.  *Magness v. Russian Fed'n*, 247 F.3d 609, 615-16 (5th Cir. 2001).  Although alternative service through CNBM Group is improper under either subsection, § 1608(a) should govern here because SASAC is a government commission operating under the State Council of the People's Republic of China.  *See id.* at 613 n.7 ("the term 'political subdivision' includes all governmental units beneath the central government"); *see also* Findings of Fact and Conclusions of Law with Respect to Plaintiffs' Omnibus Motion for Class Certification ("FOFCOL") ¶ 25 [Rec. Doc. 18028] (referring to "SASAC (Government of China)").  In addition, SASAC's "core function" of supervising state-owned enterprises on behalf of the central government is predominantly governmental, rather than commercial.  *See Magness*, 247 F.3d at 613 n.7; *see also Kato v. Ishihara*, 360 F.3d 106, 111-12 (2d Cir. 2004) (Tokyo Metropolitan Government performed a "governmental function," rather than a "commercial activity," under the FSIA when it "provided general business

development assistance, including product promotion, to Japanese businesses"). At the very least, the PSC has not explained why it believes the proper subsection for serving SASAC is § 1608(b), rather than § 1608(a), and the PSC's invocation of § 1608(b) is simply an invitation to error.

2.  The PSC also does not defend its earlier, erroneous assertions that CNBM Group is a "wholly-owned subsidiary" and "alter ego" of SASAC. Rec. Doc. 18549-1 at 5, 23. CNBM Group demonstrated in its motion for reconsideration that the PSC had no evidentiary support for these statements and had provided no basis to overcome CNBM Group's and SASAC's well-recognized "presumption of independent status." *First National City Bank v. Banco para el Comercio Exterior de Cuba* ("*Bancec*"), 462 U.S. 611, 627-28 (1983). Rather than dispute CNBM Group's arguments, or provide any support for its earlier assertions, the PSC's response simply notes that CNBM Group has sought to "disclaim any alter ego relationship with SASAC." Rec. Doc. 18625 at 2. Exactly right: CNBM Group disclaims an alter ego relationship because no such relationship exists. CNBM Group and SASAC are separate and distinct entities. Therefore, alternative service of SASAC through counsel for CNBM Group is unfounded.

For the foregoing reasons, as well as those stated in the memorandum supporting CNBM Group's ex parte motion for reconsideration [Rec. Doc. 18594-

1], the motion for reconsideration should be GRANTED and the PSC's request to serve SASAC through counsel for CNBM Group should be DENIED.

Respectfully submitted,

/s/ L. Christopher Vejnoska

L. Christopher Vejnoska (CA Bar No. 96082)
Ian Johnson (CA Bar No. 208713)
Andrew Davidson (CA Bar No. 266506)
Jason Wu (CA Bar No. 279118)
ORRICK, HERRINGTON & SUTCLIFFE LLP
The Orrick Building
405 Howard Street
San Francisco, CA  94105
Tel.:  415-773-5700
Fax.: 415-773-5759
E-mail:    cvejnoska@orrick.com
           ijohnson@orrick.com
           adavidson@orrick.com
           jmwu@orrick.com


James L. Stengel (NY Bar No. 1800556)
Xiang Wang (NY Bar No. 4311114)
ORRICK, HERRINGTON & SUTCLIFFE LLP
51 West 52nd Street
New York, NY, 10019
Tel:  212-506-5000
Fax:   212-506-5151
Email:    jstengel@orrick.com
          xiangwang@orrick.com

Eric A. Shumsky (D.C. Bar No. 477926)
ORRICK, HERRINGTON & SUTCLIFFE LLP
Columbia Center
1152 15th Street NW

- 7 -

        Washington, D.C. 20005
        Tel: 202-339-8400
        Fax:   202-339-8500
        Email:        eshumsky@orrick.com

*Attorneys for China National Building Materials Group Corporation*

Dated**:** April 13, 2015

## CERTIFICATE OF SERVICE

I hereby certify that the above and foregoing REPLY TO RESPONSE OF THE PSC TO CNBM GROUP'S MOTION FOR RECONSIDERATION OF THE COURT'S ORDER GRANTING ALTERNATIVE SERVICE ON DEFENDANT SASAC has been served on Plaintiffs' Liaison Counsel, Russ Herman, and Defendants' Liaison Counsel, Kerry Miller, by U.S. mail and e-mail and upon all parties by electronically uploading the same to File & Serve in accordance with Pre-Trial Order No. 6, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2047 on this 13th day of April, 2015.

/s/ L. Christopher Vejnoska

L. Christopher Vejnoska (CA Bar No. 96082)
ORRICK, HERRINGTON & SUTCLIFFE LLP
The Orrick Building
405 Howard Street
San Francisco, CA  94105
Tel.: 415-773-5700
Fax.: 415-773-5759
E-mail:    cvejnoska@orrick.com
*Counsel for CNBM Group*