UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: CHINESE-MANUFACTURED DRYWALL PRODUCTS LIABILITY LITIGATION | MDL NO. 2047<br>SECTION: L<br>JUDGE FALLON<br>MAG. JUDGE WILKINSON |
| THIS DOCUMENT RELATES TO:<br><br>*ALL CASES* | |

**TAISHAN GYPSUM CO., LTD. AND TAI'AN TAISHAN
PLASTERBOARD CO. LTD's MEMORANDUM IN SUPPORT OF
JOINT EMERGENCY MOTION FOR
<u>PROTECTIVE ORDER AND PROPOSED SOLUTION</u>**

Taishan Gypsum Co., Ltd. and Tai'an Taishan Plasterboard Co., Ltd. ("Taishan") move this court for a protective order under Federal Rule of Civil Procedure 26(c) because the Plaintiffs' Steering Committee's broad and delayed expansion of their discovery requests is impermissible and unnecessary. Taishan has worked diligently since the Court's March 17 Order (Rec. Doc. 18493) to participate fully in the ordered six-week discovery period. The PSC's latest amended requests, however, threaten to derail the focus of this discovery period by bogging it down with document requests that extend far beyond the scope of alter ego discovery.

The onerous requests made by the PSC in their latest amended requests include:

- Requiring production of documents related to ***126 individual persons***;

- Requiring production of documents related to an expanded list of ***66 corporate entities***;

- Requesting copies of the ***entire hard drives*** for every employee of Taishan and other entities;

- Seeking attorney-client communications betwen Taishan and any of a list of **69 different attorneys** and **9 law firms**.

As set forth more specifically below, Taishan respectfully requests a protective order striking the PSC's amended discovery requests, striking Request No. 23 from the PSC's original March 19 discovery requests, and converting certain of the original broad document requests into deposition topics for Taishan's 30(b)(6) witness, and such other relief as the Court deems just and proper to allow the Court's intended discovery to proceed in a reasonable, workable manner.

### Relevant Factual and Procedural Background

On March 17, 2015, the Court entered an order stating that "the parties shall immediately commence discovery related to the relationship between Taishan and BNBM/CNBM, including whether affiliate and/or alter ego status exists." [Rec. Doc. 18493.] This "alter ego" discovery period was ordered to conclude no later than April 28, 2015. At the hearing during which the Court ordered this discovery period, the PSC explained that they required discovery "just as to alter ego," [Transcript, March 17, 2015, 18:9-8] and said that they would provide the defendants an "abbreviated" list of discovery requests to that end [Transcript March 17, 2015, 40:17-22].

On March 19, 2015, the PSC filed Notices of Expedited Oral and Videotaped Deposition Pursuant to the Court's Directive During the March 17, 2015 Special Hearing and Minute Entry and Order [Rec. Docs. 18500, 18501] (the "March 19 Notices") on Taishan Gypsum Co., Ltd. and Tai'an Taishan Plasterboard Co., Ltd., (attached hereto as **Exhibits 1** and **2**). Instead of being "abbreviated" or "just as to alter ego," though, the PSC's March 19 Notices requested the full breadth of hypothetical corporate documents from a 14 year "Relevant Time Period" related to 38 corporate

entities (in addition to attorney-client communications from 69 different attorneys, which will inevitably require analysis for attorney-client privilege and work product protection). Taishan served its Responses and Objections to Requests on the PSC on April 3, 2015[1] (attached as **Exhibit 5**).

Taishan's counsel has been in frequent contact with Taishan to discuss its progress on responding to the Court's March 17 Order of alter ego discovery and the PSC's March 19 discovery requests. Since the discovery period opened, Taishan's counsel has been physically on-site in China to help coordinate the search for documents that are responsive to the PSC's requests and to arrange for 30(b)(6) witnesses to travel to New Orleans to deposed on the topics designated by the PSC's March 19 Notice. Taishan has also engaged an e-discovery vendor to assist in the collection, review and production of electronic documents responsive to the PSC's March 19 Notices. As a result of these efforts, Taishan produced its first wave of documents to the PSC on April 6, 2015 and anticipates further productions as documents are continuously being translated and reviewed for compliance with China's state secrecy laws. In its efforts, Taishan has not only specifically identified to the PSC responsive documents previously produced by Taishan, but also has produced approximately 3325 pages of responsive documents not previously produced, with more document collection, production and translation in process.

On April 6, Taishan engaged one of several "meet and confer" calls with the PSC. In this call, the PSC noted that it intended to file substitute discovery requests to "cure" Taishan's objections. The PSC repeated this intent to the Court during the discovery conference that the Court

---

[1] Taishan previously filed its Responses and Objections to the PSC's March 19 requests as Exhibit D to its Response in Opposition to the PSC's Emergency Motion to Compel Discovery [Rec. Doc. 18606.]

convened on April 7. On April 9, the PSC filed its Amended and Supplemental Notices of Expedited Oral and Videotaped Deposition Pursuant to the Court's Directive During the March 17, 2015 Special Hearing and Minute Entry and Order [Rec. Docs. 18641, 18642] (the "April 9 Notices"), attached hereto as **Exhibits 3** and **4**. Contrary to the representations to Taishan and the Court that the April 9 Notices would "cure" Taishan's objections, it is readily apparent that the Amended Notices are far more extensive and onerous than those that were already objectionable. Moreover, the April 9 Notices were served three weeks after the service of the March 19 Notices, leaving Taishan only 15 days to respond to these requests before the Court's April 28 deadline. As set forth below, this tactic should not be allowed.

## Argument

Federal Rule of Civil Procedure 26(c)(1) authorizes a court to issue a protective order to protect a party from annoyance, oppression, or undue expense in connection with discovery. Specifically, the rule states that "[a] party or any person from whom discovery is sought may move for a protective order in the court . . . The court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense. . . ." Parties are entitled to discovery of information "reasonably calculated to lead to the discovery of admissible evidence," but "[a]ll discovery is subject to the limitations imposed by Rule 26(b)(2)(C)." Fed. R. Civ. P. 26(b)(1). *See also Crosby v. Louisiana Health Serv. & Indem. Co.*, 647 F.3d 258, 264 (5th Cir. 2011) ("Rule 26(b) 'has never been a license to engage in an unwieldy, burdensome, and speculative fishing expedition.'") (internal citation omitted).

*PSC's Vast Expansion of Discovery*

Attached as **Exhibit 6** is a chart showing the changes between the March 19 and April 9 Notices, which demonstrates the staggering expansion of the PSC's scope of inquiry. Rather than "streamlin[ing] and further expedit[ing]" discovery (April 9 Notices at 2) as the PSC claims, the April 9 Notices drastically modify and/or expand **all** of the 24 requests in the March 19 Notices by requesting documents related to *28 additional entities* (for a total of 66) and *126 additional individuals*. The PSC also included *7 entirely new document requests*, *25 new deposition topics* for Taishan's 30(b)(6) witness, and, most tellingly, doubled the size of its Notice *from 28 pages* total on March 19 *to 61 pages* on April 9. The raw numbers of this situation tell the story: the PSC has overstepped the scope of this Court's March 17 Order for limited discovery and a protective order is necessary to move this discovery period forward.

Moreover, the April 9 Notices leave untouched onerous and improper Request No. 23, which has already been brought to this Court's attention in Taishan's Response in Opposition to the PSC's Emergency Motion to Compel Discovery [Rec. Doc. 18606.] As Taishan has already noted, the Court has previously ruled that the PSC's requests for all privileged, attorney-client communications are improper, stating: "As a threshold matter, the Court notes that counsel for Taishan accurately notes the great breadth of the request for discovery. The PSC, for example, sweepingly requests as discovery "all communication regarding retention as counsel for any of the Taishan affiliated companies ..." in order to permit it to properly respond to counsel's motion to withdraw. This request is overbroad." [Rec. Doc. 18196 at p. 6.] The PSC has ignored this Court's ruling, ignored Taishan's

objection, and "doubled-down" on this impermissible request, making no attempt whatsoever to "cure" its impropriety.

Request No. 23 is also nearly identical to those requests already served on Taishan on September 2, 2014, which became the subject of motions, briefing, in camera reviews, and multiple Court orders. The second part of Request No. 23, seeking "All documents and communications involving: . . . (2) the decision for Taishan to not appear at the July 17, 2014 Judgment Debtor Examination," has already been served on Taishan and responsive documents were already produced by Taishan's former counsel, in redacted form, on February 26, 2015. Further discovery on this topic is duplicative, unnecessary and unreasonable, and if allowed, would sidetrack this discovery period into an exploration of the attorney-client files of the 69 individual attorneys from nine different firms. With the previous production already in its hands, the PSC simply cannot justify a broad fishing expedition into attorney-client communications.

The Plaintiffs appear to be intent on portraying Taishan as failing to cooperate and comply with the Court's March 17 Order despite Taishan's continuing and full participation from the outset of this expedited discovery period. The April 9 Notices are a textbook example of why Rule 26 (c) allows for protective orders to prevent "annoyance, embarrassment, oppression, or undue burden or expense."

*Taishan's Proposed Solution*

Taishan's proposed solution to this discovery impasse is to maintain the parties' focus on the PSC's March 19 Notices by striking the April 9 Notices entirely. To move this discovery period forward and to allow for the parties to satisfy the Court's desire for a six-week discovery period,

Taishan also proposes that the PSC's Request No. 23, which asks for attorney-client communications from potentially over a hundred individuals and 69 attorneys, be stricken for the reasons outlined in Taishan's Responses and Objections to Requests (attached as **Exhibit 5**). Finally, to promote the expediency required in this limited discovery period, Taishan requests that the Court change the following discovery requests to deposition topics:

- Request No. 3: All documents identifying common administrative departments and personnel between you, Taishan, and/or any Taishan Affiliates and Subsidiaries.
    - *Proposed Deposition Topic*:  Identify common administrative departments and personnel between Taishan and/or any Taishan Affiliates and Subsidiaries.

- Request No. 7: All documents identifying the source of payment of the salaries and other expenses and losses of you, Taishan, and/or any Taishan Affiliates and Subsidiaries.
    - *Proposed Deposition Topic*:  Identify the source of payment of the salaries and other expenses and losses of you, Taishan, and/or any Taishan Affiliates and Subsidiaries.

- Request No. 11: All documents related to common employees (whether past or present) of you, Taishan, and/or any Affiliates and Subsidiaries.
    - *Proposed Deposition Topic*:  Identify common employees (whether past or present) of you, Taishan, and/or any Affiliates and Subsidiaries.

- Request No. 12: All documents evidencing the rendition of services performed by employees of other corporate entities for you, Taishan, and/or any Affiliates and Subsidiaries.
    - *Proposed Deposition Topic*:  Identify the rendition of services performed by employees of other corporate entities for you, Taishan, and/or any Affiliates and Subsidiaries.

- Request No. 13: All documents identifying any common offices of you, Taishan, and/or any Affiliates and Subsidiaries.
    - *Proposed Deposition Topic*:  Identify any common offices of you, Taishan, and/or any Affiliates and Subsidiaries.

- Request No. 14: All documents identifying the nature of the department providing accounting services (and the employees thereof) for you, Taishan, and/or any Affiliates and Subsidiaries.

- o *Proposed Deposition Topic*: Identify the nature of the department providing accounting services (and the employees thereof) for you, Taishan, and/or any Affiliates and Subsidiaries.

- Request No. 17: All documents regarding joint or cooperative projects and undertakings with respect to you, Taishan, and/or any Affiliates and Subsidiaries.
  - o *Proposed Deposition Topic*: Identify joint or cooperative projects and undertakings with respect to you, Taishan, and/or any Affiliates and Subsidiaries.

- Request No. 18: All documents and communications regarding the identity and selection of all mines used to procure raw materials for Chinese drywall produced by Taishan and/or any Taishan Affiliates or Subsidiaries during the Relevant Time Period.
  - o *Proposed Deposition Topic*: Identify the identity and selection of all mines used to procure raw materials for Chinese drywall produced by Taishan and/or any Taishan Affiliates or Subsidiaries during the Relevant Time Period.

These requests seek information that are broad and cumbersome for purposes of seeking responsive documents, but which could be explained by a properly prepared 30(b)(6) deponent. This solution would allow the PSC to inquire about the information it desires without placing undue burden on Taishan and bogging down this discovery period in a protracted search for documents. Taishan will continue to gather and produce documents responsive to the remaining requests from the March 19 Notices, namely, Requests No. 1, 2, 4, 5, 6, 8, 9, 10, 15, 16, 19, 20, 21, and 22.

**Conclusion**

For the foregoing reasons, Taishan moves this Court for a protective order striking the PSC's April 9 Notices, striking Request No. 23 from the PSC's original March 19 Notices, changing the broad document requests named in Taishan's Motion into deposition topics for Taishan's 30(b)(6) witness, and such other relief as the Court deems just and proper to allow the Court's intended discovery to proceed in a reasonable, workable manner.

                                                                Respectfully submitted,

Dated: April 14, 2015

                                                    <u>/s Michael P. Kenny</u>
Bernard Taylor, Esq.
Georgia Bar No. 669625
Michael P. Kenny, Esq.
Georgia Bar No. 415064
Christina Hull Eikhoff, Esq.
Georgia Bar No. 242539
ALSTON & BIRD LLP
1201 West Peachtree Street
Atlanta, Georgia 30309
Phone: (404) 881-7000
Fax: (404) 881-7777
michael.kenny@alston.com
bernard.taylor@alston.com
christy.eikhoff@alston.com
*Counsel for Taishan Gypsum Co., Ltd. and Tai'an Taishan Plasterboard Co., Ltd.*

Alan Dean Weinberger
LA Bar No. 13331
HANGARTNER, RYDBERG & TERRELL, LLC
One Shell Square
701 Poydras St., Suite 310
New Orleans, Louisiana 70179
Phone: (504) 434-6815
Fax: (504) 522-5689
aweinberger@hanrylaw.com
*Local Counsel for Taishan Gypsum Co., Ltd. and Tai'an Taishan Plasterboard Co., Ltd.*

**CERTIFICATE OF SERVICE**

    I hereby certify that the above and foregoing has been served on Plaintiffs' Liaison Counsel, Russ Herman, and Defendants' Liaison Counsel, Kerry Miller, by U.S. mail and e-mail or by hand delivery and e-mail and upon all parties by electronically uploading the same to LexisNexis File & Serve in accordance with Pre-Trial Order No. 6, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2047, on this 14th day of April, 2015.

    /s Michael P. Kenny
Michael P. Kenny, Esq.
Georgia Bar No. 415064
ALSTON & BIRD LLP
1201 West Peachtree Street NW
Atlanta, Georgia 30309
Phone: (404) 881-7000
Fax: (404) 881-7777
michael.kenny@alston.com
*Counsel for Taishan Gypsum Co., Ltd.
and Tai'an Taishan Plasterboard Co., Ltd*