IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE:  CHINESE-MANUFACTURED DRYWALL PRODUCTS LIABILITY LITIGATION | MDL NO. 2047<br>SECTION: L<br>JUDGE FALLON<br>MAG. JUDGE WILKINSON |
| THIS DOCUMENT RELATES TO:<br><br>ALL ACTIONS | |

**THE PLAINTIFF'S STEERING COMMITTEE'S RESPONSE IN OPPOSITION TO TAISHAN GYPSUM CO., LTD. AND TAI'AN TAISHAN PLASTERBOARD CO. LTD'S JOINT MOTION FOR PROTECTIVE ORDER AND PROPOSED SOLUTION**

**I.    INTRODUCTION**

The Plaintiff's Steering Committee ("PSC"), on behalf of all plaintiffs in the MDL 2047, respectfully submit this Response in opposition to Taishan Gypsum Co., Ltd. ("Taishan") and Tai'an Taishan Plasterboard Co. Ltd's ("TTP") Joint Motion for Protective Order and Proposed (Rec.Doc. No. 18680).

After years of recalcitrant participation in this litigation, Taishan and TTP reprise their hackneyed arguments that they are attempting to comply with this Court's orders.  Their actions – actually inactions – speak louder than their words.  With nary any response to the PSC's expedited discovery, even after this Court's repeated admonitions that it intends to "move this case,"[1] the PSC is still waiting for a meaningful document production from either Taishan or TTP, or a company witness to sit for a deposition.  With the time remaining before the April 28, 2015 Damage Assessment Hearing diminishing day by day, Taishan and TTP's continued practice of providing

---

[1]Transcript of Proceedings at 37 (March 17, 2015).

1

nothing grows tiresome.  Compounding their inactivity, the defendants now move for a protective order to further their efforts of noncompliance.

The motion should be denied.

## II.   ARGUMENT

Taishan and TTP object to this litigation, this court's jurisdiction, the findings that their product is defective, the default judgments entered against them, sitting for a judgment debtor hearing, this Court's contempt of court order entered against Taishan and now, they object to the discovery obligations imposed upon them at the March 17, 2015 Special Hearing.  *See also* March 17, 2015 Minute Entry and Orders (Rec. Doc. No. 18493).  The efforts of the PSC to engage in discovery of Taishan were described in detail in the PSC's Responsive Memorandum to Objections of Third Party Subpoenaed Witnesses Pursuant to Order of March 2, 2015, And, in the Alternative, Motion to Compel Discovery of Third Party Subpoenaed Witnesses [Rec. Doc. 18476]; Omnibus Response/Reply of the Plaintiffs's Steering Committee to Motions Regarding Contempt, Enforcement of Contempt Order, Class Damages Hearing, and Motion to Withdraw as Counsel for Taishan Gypsum Co., Ltd. and Taian Taishan Plasterboard Co., Ltd. [Rec.Doc. 18475-2]; and The Plaintiffs' Steering Committee's Discovery Plan Regarding Future Discovery Against Taishan and Its Affiliates and Status of Discovery Ordered by the Court on March 17, 2015, and the Orders of March 20, 2015 and March 24, 2015 Authorizing Expedited Return on Discovery Requests and Shortened Time to Notice Depositions [Rec.Doc. 18537].

When the Taishan defendants objected to the PSC's Pre-March 17 discovery, in the interest of focusing their discovery on matters addressed at the March 17 Special hearing, the PSC moved to stay that discovery.  This Court agreed to the stay. (Rec.Doc. No. 18640).  The Court's order was

intended to permit the PSC and the defendants to focus on the PSC's post-March 17, 2015 expedited discovery. That discovery was focused and targeted the Taishan affiliates' violation of the July 17, 2015 Contempt Order's injunction on doing business in the United States, and matters pertinent to the relationship between the Taishan Defendants regarding their affiliate and alter ego status. Although the PSC issued its discovery on March 19, 2015 (Rec.Doc. 18680-2 & 18680-3), by April 9, 2015 Taishan had yet to produce a single document to the PSC.

Accordingly, in an effort to simplify matters for Taishan & TPP, the PSC issued Amended and Supplemental discovery to even further target, focus, and narrowly define the documents and issues sought to be obtained. (Rec.Doc. Nos. 18641 & 18642). Despite our best efforts to distill the matters at issue for the defendants, they feign incredulity and contend that the Amended and Supplemental discovery is "far more extensive and onerous than those that were already objectionable." Joint Brf. at 4. Proof that they were avoiding answering the PSC's discovery, Taishan and TTP have moved for a protective order to preclude the new discovery, and avoid the original discovery. This can not stand.

Taishan and TTP have already been found to have engaged in malfeasance and thus subjecting themselves to the crime/fraud exception to the attorney-client privilege. Notwithstanding this stain on their reputations, they maintain that they should not have to produce a privilege log for their communications with counsel other than Hogan Lovells. They further charge that such discovery would be "duplicative, unnecessary and unreasonable" and that it would "sidetrack" the discovery intended by the Court. *Id*. at 6. But the injunction violation prong that is the subject of the PSC's discovery is part and parcel of the Contempt Order which provides the injunction. Discovery on the Defendants' contemptuous behavior and single entity behavior is an essential

component of the PSC's focused discovery requests, including Request No. 23. Plaintiffs should at a minimum be entitled to a privilege log of communications with counsel relating to the decision of Taishan not to appear at the July 17, 2014 Judgment Debtor Hearing.

Defendants further contend that Plaintiffs' carefully crafted document requests targeted on the alter ego/veil piercing criteria create an "undue burden" and are "bogging down" discovery. To avoid producing documents altogether. they instead propose that the document requests should be transformed into deposition topics, "which could be explained by a properly prepared 30(b)(6) deponent." *Id*. at 8. This solution is more emblematic of the problem with Taishan than it is helpful to the litigation. Taishan is not interested in accommodating the PSC, as much as it is in further avoiding its discovery obligations. To date, Taishan has only provided a series of financial reports, all in Chinese! With no meaningful document production to speak of, Taishan is actually trying mightily to avoid the most basic modicum of document production. And, if permitted, Taishan's request would deprive the PSC of the necessary hard evidence to contradict the defendants' "well prepared" witnesses, who, as the PSC long-ago established, are prone to exaggeration and lies.

There is no sound basis for accepting the arguments of Taishan and TTP. Their motion is not well founded and is itself disruptive of the expedited discovery that is ongoing.

### III.  CONCLUSION

For the reasons set forth above, Taishan and TTP's joint emergency motion for protective order should be denied.

Dated: April 15, 2015

Respectfully submitted,

/s/ Russ M. Herman
Russ M. Herman (LA Bar No. 6819)
Leonard A. Davis (LA Bar No. 14190)
Stephen J. Herman (LA Bar No. 23129)
HERMAN, HERMAN & KATZ, LLC
820 O'Keefe Avenue
New Orleans, Louisiana 70113
Phone: (504) 581-4892
Fax: (504) 561-6024
Ldavis@hhklawfirm.com
*Plaintiffs' Liaison Counsel*
*MDL 2047*

Arnold Levin (on the brief)
Fred S. Longer (on the brief)
Sandra L. Duggan
Matthew C. Gaughan
Levin, Fishbein, Sedran & Berman
510 Walnut Street, Suite 500
Philadelphia, PA 19106
215-592-1500 (phone)
215-592-4663 (fax)
Alevin@lfsblaw.com
*Plaintiffs' Lead Counsel*
*MDL 2047*

## PLAINTIFFS' STEERING COMMITTEE

Dawn M. Barrios
Barrios, Kingsdorf & Casteix, LLP
701 Poydras Street, Suite 3650
New Orleans, LA 70139
Phone: (504) 524-3300
Fax: (504) 524-3313
Barrios@bkc-law.com

Daniel E. Becnel, Jr.
Becnel Law Firm, LLC
425 W. Airline Highway, Suite B
Laplace, LA 70068
Phone: (985) 536-1186
Fax: (985) 536-6445
dbecnel@becnellaw.com

Peter Prieto
Podhurst Orseck, P.A.
25 Flagler Street, 8th Floor
Miami, FL 33130
Phone: (305) 358-2800
Fax: (305) 358-2382
pprieto@podhurst.com

Bruce William Steckler
Steckler, LLP
12720 Hillcrest Road, Ste 1045
Dallas, TX 75230
Phone: (972) 387-4040
Fax: (972) 387-4041
bruce@stecklerlaw.com

Ervin A. Gonzalez
Colson, Hicks, Eidson
255 Alhambra Circle, Penthouse
Cora Gables, FL 33134
Phone: (305) 476-7400
Fax: (305) 476-7444
ervin@colson.com

Ben W. Gordon, Jr.
Levin, Papantonio, Thomas, Mitchell
 Echsner & Proctor, P.A.
316 S. Baylen Street, Suite 600
Pensacola, FL 32502
Phone: (850) 435-7000
Fax: (850) 435-7020
bgordon@levinlaw.com

Hugh P. Lambert
The Lambert Firm
701 Magazine Street
New Orleans, LA 70130
Phone: (504) 581-1750
Fax: (504) 529-2931
hlambert@thelambertfirm.com

Gerald E. Meunier
Gainsburgh, Benjamin, David, Meunier
 & Warshauer, LLC
2800 Energy Centre, 1100 Poydras Street
New Orleans, LA 70163-2800
Phone: (504) 522-2304
Fax: (504) 528-9973
gmeunier@gainsben.com

Jerrold Seth Parker
Parker Waichman, LLP
3301 Bonita Beach Road
Bonita Springs, FL 34134
Phone: (239) 390-1000
Fax: (239) 390-0055
Jerry@yourlawyer.com

Scott Wm. Weinstein
Morgan & Morgan
12800 University Drive, Suite 600
Ft. Meyers, FL 33907
Phone: (239) 433-6880
Fax: (239) 433-6836
sweinstein@forthepeople.com

James Robert Reeves
Reeves & Mestayer, PLLC
160 Main Street
Biloxi, MS 39530
Phone: (228) 374-5151
Fax: (228) 374-6630
jrr@attorneys4people.com

Christopher Seeger
Seeger Weiss, LLP
77 Water Street
New York, NY 10005
Phone: (212) 584-0700
Fax: (212) 584-0799
cseeger@seegerweiss.com

Victor M. Diaz, Jr.
V.M. Diaz and Partners, LLC
119 Washington Ave, Suite 402
Miami Beach, FL 33139
Phone: (305) 704-3200
Fax: (305) 538-4928
victor@diazpartners.com

Daniel K. Bryson
Whitfield, Bryson & Mason, LLP
900 W. Morgan Street
Raleigh, NC 27603
Phone: (919) 600-5000
Fax: (919) 600-5002
dan@wbmllp.com

Richard J. Serpe
Law Offices of Richard J. Serpe
Crown Center, Ste. 310
580 East Main Street
Norfolk, VA 23510-2322
Phone: (757) 233-0009
Fax: (757) 233-0455
rserpe@serpefirm.com

**OF COUNSEL TO PLAINTIFFS' STEERING COMMITTEE**

Richard S. Lewis
HAUSFELD LLP
1700 K Street, N.W
Suite  650
Washington, DC 20006
Phone: (202) 540-7200
Fax:  (202) 540-7201
rlewis@hausfeldllp.com

Andrew A. Lemmon
Lemmon Law Firm, LLC
P.O. Box 904
15058 River Road
Hahnville, LA 70057
Phone: (985) 783-6789
Fax: (985) 783-1333
andrew@lemmonlawfirm.com

Anthony D. Irpino
IRPINO LAW FIRM
2216 Magazine Street
New Orleans, LA 70130
Phone: (504) 525-1500
Fax: (504) 525-1501
airpino@irpinolaw.com

## CERTIFICATE OF SERVICE

      I hereby certify that the above and foregoing has been served on Defendants' Liaison Counsel, Kerry Miller, by e-mail and upon all parties by electronically uploading the same to LexisNexis File & Serve in accordance with Pre-Trial Order No. 6, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2047 on this 15th day of April, 2015.

/s/ Leonard A. Davis
Leonard A. Davis
HERMAN, HERMAN & KATZ, LLC
820 O'Keefe Avenue
New Orleans, Louisiana 70113
Phone: (504) 581-4892
Fax: (504) 561-6024
Ldavis@hhklawfirm.com
Plaintiffs' Liaison Counsel
MDL 2047

*Co-counsel for Plaintiffs*