UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE:  CHINESE-MANUFACTURED DRYWALL PRODUCTS LIABILITY LITIGATION | MDL NO. 2047<br>SECTION: L<br>JUDGE FALLON<br>MAG. JUDGE WILKINSON |
| THIS DOCUMENT RELATES TO:<br><br>ALL CASES | |

### AMENDED NOTICE OF VIDEOTAPED DEPOSITION OF GEORGE INGLIS, P.E.

To:   George Inglis, P.E.
      Through the Plaintiffs' Steering Committee
      Russ M. Herman
      Herman, Herman & Katz, LLC
      820 O'Keefe Avenue
      New Orleans, Louisiana 70113
      Phone: (504) 581-4892
      Fax: (504) 561-6024
      rherman@hhklawfirm.com
      Plaintiffs' Liaison Counsel

      Arnold Levin
      Levin, Fishbein, Sedran & Berman
      510 Walnut Street, Suite 500
      Philadelphia, Pennsylvania 19106
      Phone: (215) 592-1500
      Fax (215) 592-4663
      alevin@lfsblaw.com
      Plaintiffs' Lead Counsel

PLEASE TAKE NOTICE that, pursuant to Rule 26 of the Federal Rules of Civil Procedure, Defendants Taishan Gypsum Co., Ltd. and Tai'an Taishan Plasterboard Co., Ltd., by and through their attorneys, will take the videotaped deposition of GEORGE INGLIS, P.E., on April 21, 2015 at Alston & Bird LLP, 101 South Tryon Street, Suite 4000, Charlotte, North Carolina 28280.  The deposition will begin at 9:00 AM Eastern, and will continue from day-to-day, excluding Sundays and court-recognized holidays, until the examination is completed.  The

deponent is requested to produce the documents identified in Exhibit A attached hereto.

**If you are an attorney of record, please email cdw@golkow.com 48 hours prior to the deposition should you desire to participate by stream to view video/text so you may receive a username and password.**

| | |
|---|---|
| Primary Examiners: | Counsel for Taishan Gypsum Co., Ltd. and Tai'an Taishan Plasterboard Co., Ltd. |
| Videotaped Deposition: | Yes |
| Call-in Number: | TO BE PROVIDED |

This videotaped deposition shall be taken before a person authorized by law to administer oaths and will be taken for the purposes of cross examination, discovery, and for all other purposes permitted under the Federal Rules of Civil Procedure.

Pursuant to directives provided at the status conference on May 27, 2010, a brief explanation of the subject matter expected at this deposition is as follows: The deposition will be conducted in furtherance of discovery related to class damages. This brief explanation is with full reservation of rights by the noticing parties and is not intended to limit in any way the scope of the deposition noticed herein. Counsel should be aware that all matters may be discovered in the deposition and that the above explanation is made solely in accordance with the directives provided at the status conference.

Dated: April 16, 2015

Respectfully submitted,

/s Michael P. Kenny
Bernard Taylor, Esq.
Georgia Bar No. 669625
Michael P. Kenny, Esq.
Georgia Bar No. 415064
Christina Hull Eikhoff, Esq.
Georgia Bar No. 242539
ALSTON & BIRD LLP
1201 West Peachtree Street

Atlanta, Georgia 30309
Phone: (404) 881-7000
Fax: (404) 881-7777
michael.kenny@alston.com
bernard.taylor@alston.com
christy.eikhoff@alston.com
*Counsel for Taishan Gypsum Co., Ltd. and Tai'an Taishan Plasterboard Co., Ltd.*

Alan Dean Weinberger
LA Bar No. 13331
HANGARTNER, RYDBERG & TERRELL, LLC
One Shell Square
701 Poydras St., Suite 310
New Orleans, Louisiana  70179
Phone:  (504) 434-6815
Fax: (504) 522-5689
aweinberger@hanrylaw.com
*Local Counsel for Taishan Gypsum Co., Ltd. and Tai'an Taishan Plasterboard Co., Ltd*

**EXHIBIT A – List of Requested Documents**

**INSTRUCTIONS**

1. Each request extends to all documents in your possession, custody, or control or in the possession, custody, or control of anyone acting on your behalf.  A document is to be deemed in your possession, custody, or control of it is in your physical custody, or if it is in the physical custody of any person and you (a) own such document in whole or in part; (b) have a right, by contract, statute, or otherwise to use, inspect, examine, or copy such document on any terms; (c) have an understanding, express or implied, that you may use, inspect, examine, or copy such document on any terms; or (d) have, as a practical matter, been able to use, inspect, examine, or copy such document when you sought to do so.

2. If you know the location of any requested document and do not produce the document on the ground that the document is not in your possession, custody, or control, you shall identify the document and identify the person who you believe does have possession, custody, or control of the document.

3. The original of each document requested herein shall be produced together with any drafts, revisions, or copies of the same that bear any mark or notation not present in the original or that otherwise differ from the original.

4. These requests call for the production of each requested document in its entirety.

5. If you intend to withhold documents or information otherwise discoverable by claiming that the document or information is privileged or subject to protection, you must expressly make the claim and describe the nature of the documents, communications, or tangible things not produced or disclosed—and do so in a manner that, without revealing information itself privileged or protected, will enable other parties to assess the claim.

6. You should resolve any doubts about whether a document is responsive to this notice in favor of production.

**DEFINITIONS**

1. "Document" has the broadest meaning permitted under the Federal Rules of Civil Procedure and means all electronic and non-electronic originals, drafts, and non-identical copies (whether different from the original because of notations, underlining, or otherwise) of written materials of any kind, including but not limited to notes, reports, outlines, letters, correspondence, emails, publications, memoranda, spreadsheets, computer data, bulletins and fact sheets, records, contracts, agreements, advertising, packaging, and promotional materials, pamphlets, manuals, statements, invoices, bills and billing sheets, as well as blog posts and social media updates, messages, tweets, posts, photographs, etc.

2. The terms "referring to" and "relating to" shall be construed to bring within the scope of the request all documents that comprise, evidence, constitute, describe, explicitly or implicitly refer to, were reviewed in conjunction with or were generated as a result of the subject matter of the request, including but not limited to all information that reflects, records, memorializes, discusses, shows, deals with, responds to, comments on, involves, pertains to, evaluates, considers, reviews, or reports the subject matter of the request.

3. The definitions, instructions, and requests contained herein are meant to be understood broadly and inclusively. Accordingly, the words "and" or "or" are conjunctive and disjunctive, the singular of any word includes the plural and vice versa, the past tense of any verb includes the present and future tense, the masculine of any word includes the feminine and neuter, the words "all" or "any" mean "any and all," and the word "including" means "including without limitation."

## DOCUMENTS REQUESTED

Please produce the following materials by email by 5:00 PM Central on Friday, April 17, 2015.

1. A current curriculum vitae, including a list of all publications that you have authored or co-authored in the previous ten years.

2. A list of all other cases in which you testified as an expert at trial or by deposition during the previous four years.

3. All facts and data your partner Ronald Wright, P.E. considered in forming his opinions in this matter.

4. All facts and data you considered in forming your opinions in this matter.

5. The "electronic data for [a] full listing of the class members' information" which Mr. Wright refers to and says is "available upon request" in paragraph 2 of Mr. Wright's October 22, 2014 affidavit in this matter.

6. All documents and data regarding class properties' square footage Mr. Wright considered in forming his opinions in this matter.

7. All documents and data regarding class properties' square footage you considered in forming your opinions in this matter.

8. All correspondence between you and Mr. Wright related to this matter, including but not limited to Mr. Wright's October 22, 2014 affidavit and the written testimony you will be submitting on April 17, 2015.

9. All documents and data related to on-site inspections of the "3,852 residential properties in the Taishan Chinese Drywall class" that Mr. Wright performed or relied upon in forming his opinions in this matter.

10. All documents and data related to on-site inspections of class member properties that you performed or relied upon in forming his opinions in this matter.

11. All class-property-specific data Mr. Wright considered in forming his opinions in this matter.

12. All class-property-specific data you considered in forming your opinions in this matter.

13. All documents and data, including but not limited to calculations and analysis performed by Mr. Wright or at Mr. Wright's direction, Mr. Wright relied upon in determining that "[t]he residential units of the class representatives and class members are of a similar type of construction, similar size, and similar time period of construction as the cross-section of residential units studied in the *Germano* Remediation Proceeding and my work in numerous other states," as stated in paragraph 5 of Mr. Wright's October 22, 2014 affidavit.

14. All documents and data, including but not limited to calculations and analysis performed by Mr. Wright or at Mr. Wright's direction, Mr. Wright relied upon in determining the "Estimated Square Footage" of the 1,317 class properties with "Unverified Square Footage" listed in line 5 of "Comp. Ex. 2" to Mr. Wright's October 22, 2014 affidavit.

15. All documents and data, including but not limited to calculations and analysis performed by Mr. Wright or at Mr. Wright's direction, Mr. Wright relied upon in determining the "Taishan Class Square Footage Summary" in "Comp. Ex. 2" to Mr. Wright's October 22, 2014 affidavit.

16. The "database of the 3,852 residential properties in the Taishan Chinese Drywall class" Mr. Wright references in paragraph 4 of his October 22, 2014 affidavit.

17. All database(s) of residential properties in the purported Taishan Chinese Drywall class that you reviewed or relied upon or will review or rely upon in providing testimony in this matter.

18. All documents and data, including but not limited to calculations and analysis performed by Mr. Wright or at Mr. Wright's direction, Mr. Wright relied upon in determining the "Taishan Class Updating Cost per Square Foot and Clearance Testing Calculated in 2010 for Germano Trial" in "Comp. Ex. 7" to Mr. Wright's October 22, 2014 affidavit.

19. The Plaintiff Profile Forms Mr. Wright reviewed and discusses in paragraph 4 of his October 22, 2014 affidavit.

20. The Plaintiff Profile Forms you have reviewed.

21. The "scope of work and damages estimates" Mr. Wright "performed" in "projects in Louisiana, Florida, Virginia, North Carolina, and New Jersey," which Mr. Wright identifies in paragraph 3 of his October 22, 2014 affidavit.

22. All Chinese Drywall-related remediation estimates you have performed in Louisiana, Florida, Virginia, North Carolina, Mississippi, and any other states.

23. All estimates, invoices, receipts, and any other documentation related to the "Chinese Drywall property remediation costs from Louisiana, Florida, Virginia, North Carolina, and New Jersey" referenced in paragraph 4 of Mr. Wright's October 22, 2014 affidavit.

24. All estimates, invoices, receipts, and any other documentation related to the Chinese Drywall property remediation you reviewed and relied upon or will review and rely upon in forming opinions in this matter.

25. The "standard references" Mr. Wright says he "considered" in paragraph 3 of his October 22, 2014 affidavit, including but not limited to RSMeans.

26. The "RS Means data on local, regional, and national pricing for materials and labor" referenced in paragraph 4 of Mr. Wright's October 22, 2014 affidavit.

27. The RSMean data you reviewed and relied upon or will review and rely upon in forming opinions in this matter.

28. All documents and data, including but not limited to calculations and analysis performed by Mr. Wright or at Mr. Wright's direction, Mr. Wright relied upon in determining the "Taishan Class Alternative Living and Personal Property Damage Costs Calculated in 2010 for Villa Lago Condominiums" in "Comp. Ex. 10" to Mr. Wright's October 22, 2014 affidavit.

29. Mr. Wright's entire file relating to the Villa Lago Condominiums, any other data underlying "Comp. Ex. 10" to Mr. Wright's October 22, 2014 affidavit and any report or affidavit Mr. Wright submitted with respect to those properties.

30. All documents and data you reviewed or relied upon in forming opinions related to alternative living expenses with respect to this matter.

31. Any other reports, affidavits, or exhibits you or Mr. Wright submitted with respect to Chinese Drywall.

32. All documents and data you relied upon in preparing the revised affidavit that you plan to submit on April 17, 2015.

33. All of Mr. Wright's correspondence with BrownGreer PLC.

34. All of your correspondence with BrownGreer PLC.

35. All of Mr. Wright's correspondence with Garretson Resolution Group.

36. All of your correspondence with Garretson Resolution Group.

37. All of Mr. Wright's correspondence with Moss & Associates and any subcontractor working with Moss & Associates.

38. All of your correspondence with Moss & Associates and any subcontractor working with Moss & Associates.

39. All updated Plaintiff Profile Forms you have reviewed since October 22, 2014.

40. All expert reports or affidavits you submitted in connection with the matters listed on the Testimony Experience page of your CV, and any other matters in which you have served as an expert witness.

41. All expert reports or affidavits you submitted with respect to Chinese Drywall.

## CERTIFICATE OF SERVICE

I hereby certify that the above and foregoing **AMENDED NOTICE OF VIDEOTAPED DEPOSITION OF GEORGE INGLIS, P.E.** has been served on Plaintiffs' Liaison Counsel, Russ Herman, and Defendants' Liaison Counsel, Kerry Miller, by U.S. mail and e-mail <u>or</u> by hand delivery and e-mail <u>and</u> upon all parties by electronically uploading the same to LexisNexis File & Serve in accordance with Pre-Trial Order No. 6, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2047, on this 16th day of April, 2015.

/s Michael P. Kenny