**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| IN RE:  CHINESE-MANUFACTURED DRYWALL PRODUCTS LIABILITY LITIGATION | MDL NO. 2047 SECTION: L JUDGE FALLON MAG. JUDGE WILKINSON |
| THIS DOCUMENT RELATES TO: *Amorin, et al. v. State-owned Assets Supervision and Administration Commission, et al.*, Case No. 2:14-cv-1727 (E.D. La.) | |

**SUR-REPLY OF THE PLAINTIFFS' STEERING COMMITTEE TO CNBM GROUP'S MOTION FOR RECONSIDERATION OF THE COURT'S ORDER GRANTING ALTERNATIVE SERVICE ON DEFENDANT STATE-OWNED <u>ASSETS SUPERVISION AND ADMINISTRATION COMMISSION</u>**

The Ministry of Justice for the People's Republic of China (the "Ministry") refused to serve Defendant State-owned Assets Supervision and Administration Commission ("SASAC") pursuant to the Hague Convention on the grounds that SASAC "is the Chinese central government *agency* which shall enjoy sovereign immunity and not be subject to foreign jurisdiction."  Rec. Doc. No. 18549-4].  Based on that impasse in service, and based on the Ministry's claim that SASAC is an agency of the People's Republic of China, the PSC sought alternative service on SASAC, as dispatched by the Clerk of the Court, in "any form of mail requiring a signed receipt," in strict compliance with 28 U.S.C. § 1608(b)(3)(B).  In addition, the PSC sought to serve SASAC through CNBM's counsel.

CNBM has objected to service on SASAC through its counsel, but agrees with the PSC that service on SASAC pursuant to the Foreign Sovereign Immunities Act ("FSIA") is appropriate (and, indeed, CNBM claims it is the exclusive means of service on SASAC under the

circumstances).[1]  It is interesting that the CNBM entities sat on the sidelines of this litigation for almost six years, allowing numerous default judgments to be entered against them despite proper service on them under the Hague Convention.  Even after entering their appearance late in the game, CNBM continues to sit on the sidelines for the most part, in the back of the court room, except when it comes to challenging service of Omni XIX on SASAC.  These Defendants have stepped forward to contest service on SASAC, and have even argued over which subsection of the statute applies (*i.e.* whether the clerk of the court should dispatch the complaint by mail to SASAC or the Ministry itself), all the while disputing their close relationship with this Defendant.  As they admit, the purpose of their motion for reconsideration was to "contest an alter ego relationship" with SASAC [Rec. Doc. No. 18674-1 at 5].  In the meantime, CNBM has produced no documents to the Plaintiffs pursuant to the Court's directive that discovery regarding the alter ego relationships among the Defendants and their violations of the Court's injunction proceed on an expedited basis and that this discovery be completed no later than April 28, 2015 [Rec. Doc. No. 18493].  Likewise, no depositions of any of CNBM's witnesses have been scheduled, due to claims that there are issues in obtaining visas that out of counsel's

---

[1] For the first time in its Reply, CNBM argues that § 1608(a) (applicable to a foreign state or political subdivision of a foreign state) rather than § 1608(b) (applicable to an agency or instrumentality of a foreign state) governs service on SASAC.  In seeking alternative service on SASAC under subsection (b) of Section 1608 of the FSIA, the PSC relied upon the Ministry's assertion that SASAC is an *agency* of China.  While questioning CNBM's standing in the first place to challenge service on SASAC under the FSIA, the PSC suggests that if the Court deems that subsection (a) governs service on SASAC (on in case of any doubt), that provision of the statute allows service "by any form of mail requiring a signed receipt, to be addressed and dispatched by the clerk of the court to the head of the ministry of foreign affairs of the foreign state," in cases where service under the Hague Convention has failed.  28 U.S.C. § 1608(a)(3).  In order to avoid of improper service on SASAC and further gamesmanship of the Defendants, the PSC would urge the Court to authorize the Clerk of the Court to dispatch service of the summons and the Omni XIX Complaint (in English and Chinese) to both SASAC and the Ministry of Foreign Affairs, in accordance with subsections (a) and (b) of Section 1608.

control.  Query, did CNBM's employees have any visa problems when they brought suit in the United States, in Oregon seeking monies owed in a dispute over lumber and logging equipment, and in Texas seeking monies owed for business dealings with Lumber Liquidators?  *See* Status Report of the Plaintiffs' Steering Committee Regarding Discovery Related to Violations of the Injunction Prong of the Court's July 17, 2014 Contempt Order and Alter Ego Relationships by Plaintiffs' Steering Committee [Rec. Doc. No. 18671].

Given the importance of effectuating service on SASAC in this important piece of the litigation seeking redress for more than 4,000 families with Taishan Chinese Drywall in their properties, given the significant costs, difficulties, and delays (almost 9 months thus far) in serving this Defendant, given the history of the Chinese Defendants' attempts to avoid service, and given CNBM's objection to service on SASAC through its counsel, the PSC proposes to withdraw the aspect of its motion regarding service on counsel, without prejudice, at this time.

The PSC hereby revises its motion [Rec. Doc. No. 18549] to seek service on SASAC, as dispatched by the Clerk of the Court, in "any form of mail requiring a signed receipt," to SASAC and the Ministry of Foreign Affairs for China pursuant to 28 U.S.C. § 1608(a)(3) and (b)(3)(B). In this way, the Court will not be burdened with additional controversy on this matter at this time.

Dated: April 14, 2015                Respectfully Submitted,


BY: */s/ Russ M. Herman*
      Russ M. Herman (LA Bar No. 6819) (on the Brief)
      Leonard A. Davis (LA Bar No. 14190) (on the Brief)
      Stephen J. Herman (LA Bar No. 23129)
      Herman, Herman & Katz, LLC
      820 O'Keefe Avenue
      New Orleans, LA 70113
      Phone: (504) 581-4892
      Fax: (504) 561-6024
      ldavis@hhklawfirm.com

      *Plaintiffs' Liaison Counsel*
      *MDL 2047*

      Arnold Levin (on the Brief)
      Fred S. Longer (on the Brief)
      Sandra L. Duggan (on the Brief)
      Matthew Gaughan (on the Brief)
      Levin, Fishbein, Sedran & Berman
      510 Walnut Street, Suite 500
      Philadelphia, PA 19106
      Phone: (215) 592-1500
      Fax: (215) 592-4663
      alevin@lfsblaw.com

      *Plaintiffs' Lead Counsel*
      *MDL 2047*

Gerald E. Meunier
Gainsburgh, Benjamin, David,
  Meunier & Warshauer, LLC
2800 Energy Centre
1100 Poydras Street
New Orleans, LA 70163-2800
Phone:  (504) 522-2304
Fax:  (504) 528-9973
gmeunier@gainsben.com

*Co-Counsel for Plaintiffs and PSC Member*

## PLAINTIFFS' STEERING COMMITTEE

Dawn M. Barrios
Barrios, Kingsdorf & Casteix, LLP
701 Poydras Street, Suite 3650
New Orleans, LA 70139
Phone: (504) 524-3300
Fax: (504) 524-3313
Barrios@bkc-law.com

Daniel E. Becnel, Jr.
Becnel Law Firm, LLC
425 W. Airline Highway, Suite B
Laplace, LA 70068
Phone: (985) 536-1186
Fax: (985) 536-6445
dbecnel@becnellaw.com

Peter Prieto
Podhurst Orseck, PA
25 Flagler Street, 8th Floor
Miami, FL 33130
Phone: (305) 358-2800
Fax: (305) 358-2382
pprieto@podhurst.com

Bruce William Steckler
Steckler LLP
12720 Hillcrest Road, Suite 1045
Dallas, TX 75230
Phone: (972) 387-4040
Fax: (972) 387-4041
bruce@stecklerlaw.com

Ervin A. Gonzalez
Colson, Hicks, Eidson
255 Alhambra Circle, Penthouse
Coral Gables, FL 33134
Phone: (305) 476-7400
Fax: (305) 476-7444
ervin@colson.com

Ben W. Gordon, Jr.
Levin, Papantonio, Thomas, Mitchell
  Echsner & Proctor, PA
316 S. Baylen Street, Suite 600
Pensacola, FL 32502
Phone: (850) 435-7000
Fax: (850) 435-7020
bgordon@levinlaw.com

Hugh P. Lambert
The Lambert Firm
701 Magazine Street
New Orleans, LA 70130
Phone: (504) 581-1750
Fax: (504) 529-2931
hlambert@thelambertfirm.com

Jerrold Seth Parker
Parker Waichman, LLP
3301 Bonita Beach Road
Bonita Springs, FL 34134
Phone: (239) 390-1000
Fax: (239) 390-0055
Jerry@yourlawyer.com

Scott Wm. Weinstein
Morgan & Morgan
12800 University Drive, Suite 600
Ft. Myers, FL 33907
Phone: (239) 433-6880
Fax: (239) 433-6836
sweinstein@forthepeople.com

James Robert Reeves
Reeves & Mestayer, PLLC
160 Main Street
Biloxi, MS 39530
Phone: (228) 374-5151
Fax: (228) 374-6630
jrr@attorneys4people.com

Christopher Seeger
Seeger Weiss, LLP
77 Water Street
New York, NY 10005
Phone: (212) 584-0700
Fax: (212) 584-0799
cseeger@seegerweiss.com

Daniel K. Bryson
Whitfield, Bryson & Mason, LLP
900 W. Morgan Street
Raleigh, NC 27603
Phone: (919) 600-5000
Fax: (919) 600-5002
dan@wbmllp.com

Richard J. Serpe
Law Offices of Richard J. Serpe
Crown Center, Suite 310
580 East Main Street
Norfolk, VA 23510-2322
Phone: (757) 233-0009
Fax: (757) 233-0455
rserpe@serpefirm.com

Victor M. Diaz, Jr.
V.M. Diaz and Partners, LLC
119 Washington Ave., Suite 402
Miami Beach, FL 33139
Phone: (305) 704-3200
Fax: (305) 538-4928
victor@diazpartners.com

## OF COUNSEL TO PLAINTIFFS' STEERING COMMITTEE

Richard S. Lewis
HAUSFELD LLP
1700 K Street, N.W., Suite  650
Washington, DC 20006
Phone: (202) 540-7200
Fax:  (202) 540-7201
rlewis@hausfeldllp.com

Andrew A. Lemmon
Lemmon Law Firm, LLC
P.O. Box 904
15058 River Road
Hahnville, LA 70057
Phone: (985) 783-6789
Fax: (985) 783-1333
andrew@lemmonlawfirm.com

Anthony D. Irpino
IRPINO LAW FIRM
2216 Magazine Street
New Orleans, LA 70130
Phone: (504) 525-1500
Fax: (504) 525-1501
airpino@irpinolaw.com

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that the above and foregoing has been served on Defendants' Liaison Counsel, Kerry Miller, by e-mail and upon all parties by electronically uploading the same to LexisNexis File & Serve in accordance with Pre-Trial Order No. 6, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2047 on this 14th day of April, 2015.

Respectfully Submitted,

BY:  */s/ Leonard A. Davis*
 Leonard A. Davis
 Herman, Herman & Katz, LLC
 820 O'Keefe Avenue
 New Orleans, LA 70113
 Phone: (504) 581-4892
 Fax: (504) 561-6024
 ldavis@hhklawfirm.com

 *Plaintiffs' Liaison Counsel*
 *MDL 2047*

8