# COFFEY | BURLINGTON
## ATTORNEYS AT LAW

**DANIEL F. BLONSKY**
dblonsky@coffeyburlington.com

2601 South Bayshore Drive, Penthouse
Miami, Florida 33133
T.305·858·2900  F.305·858·5261
www.coffeyburlington.com

April 6, 2015

VIA FACSIMILE (504-589-6966)

The Honorable Eldon E. Fallon
United States District Court for the Eastern District of Louisiana
500 Poydras Street
Room C456
New Orleans, LA 70130

    Re:    In re Chinese Manufactured Drywall Products Liability Litigation
            MDL No. 2047

Dear Judge Fallon:

      I discovered on April 3 that I am the subject of Banner Supply Co.'s Motion to Enforce Injunction Regarding Claims Brought by Plaintiffs Daniel and Shonna [sic] Blonsky ("Banner Motion") (Rec. Doc. 18495) in the above-referenced matter. The Banner Motion and supporting memorandum were filed on March 18 and both certify that they were served by email on me and others at my office on that day. Those certifications are false. Banner has not served the Banner Motion and supporting memorandum on me or anyone else at my office. I have asked its MDL counsel to correct these false certifications, but they have refused to do so.

      Apparently, by Order dated March 30 (Rec. Doc. 18584), Your Honor has set the Banner Motion for hearing on April 17. Please be advised that I am unavailable at the noticed time, as I will be on a flight to Chicago then. I request that the Banner Motion be removed from the hearing calendar. Because I have not appeared in the MDL, I can receive correspondence or pleadings at my email address (dblonsky@coffeyburlington.com) or by fax at 305-858-5261.

      Please also allow this letter to serve as a response to the Banner Motion. For the reasons set forth herein, in addition to removing the Banner Motion from the hearing calendar, it should be denied outright. The facts regarding my pending state court action in Florida initiated on July 16, 2014 (my Amended Complaint is Exhibit A to the Banner Motion) and brought against Banner, homebuilder GC3 Development, LLC and installer Campos Metal Framing, Inc. (against whom I have obtained a judgment) are as follows:

The Honorable Eldon E. Fallon
United States District Court for the Eastern District of Louisiana
April 6, 2015
Page 2

My wife and I purchased our home from the builder as substantially completed new construction in 2009. *See* Am. Compl. at ¶ 6. Banner was the supplier of corrosive and defective Chinese Drywall installed in the house. *Id.* at ¶ 7. We did not know or have reason to know that there was corrosive and defective Chinese Drywall installed in the house until early 2014, when a repairman working on an air conditioning failure raised concerns about corrosion and suspected the drywall. *Id.* at ¶ 8. The presence of the defective drywall was shortly thereafter confirmed. *Id.* at ¶ 9. Banner's role as the supplier of the corrosive and defective Chinese Drywall was uncovered in September 2014, *id.* at ¶ 12, and the Amended Complaint was then filed on December 2, 2014, adding Banner as a party to counts for negligence, breach of implied warranties of merchantability and fitness for a particular purpose, breach of express warranty, strict products liability, and violation of the Florida Deceptive and Unfair Trade Practices Act. *Id.*

Banner filed a motion to dismiss the Amended Complaint on December 11, 2014 and, after two postponements of the hearing on that motion, Banner withdrew its motion on March 24. The only cited basis for Banner's withdrawn motion to dismiss in Florida is the same as the grounds for the Banner Motion pending before Your Honor – that my claims against it are barred by the class action settlement entered on February 7, 2013 – nearly a year **before** my wife and I knew or had reason to know that there was any corrosive and defective Chinese Drywall present in our home, let alone that it was supplied by Banner.

Banner's Motion should be denied because it misinterprets the permissible reach of the class action bar order issued in February 2013. As the allegations of the Amended Complaint make clear, my wife and I are not class members because we did not have "claims" against Banner as of the date of the bar order. "Class Members" are defined as those "with **claims**, known or unknown, against" Banner related to Chinese Drywall that it supplied.

"Claims" is not defined in the class action settlement agreement or bar order,[1] but it is a defined term under controlling law. Under Florida law, a claim or cause of action "accrues when the last element constituting the cause of action occurs." Fla. Stat. § 95.031(1). The claims against Banner sound in negligence and breach of warranty and, as such, did not accrue until I reasonably should have known of their existence. *See, e.g., Peat, Marwick, Mitchell & Co. v. Lane*, 565 So. 2d 1323, 1325 (Fla. 1990) ("a cause of action for negligence does not accrue until the existence of a redressable harm or injury has been established and the injured party knows or should know of either the injury or the negligent act"); *Dublin v. Dow Corning Corp.*, 478 So. 2d 71, 73 (Fla. 2d DCA 1985) ("[t]he statute of limitations begins to run on a warranty when the contract is breached, and the breach occurs when the defect is or should be discovered"). The allegations of the Amended Complaint reflect that my wife and I had no reason to know of the existence of our claims until early 2014. That was well after entry of the class action bar order, thus establishing that we are not class members, as that term is defined.

---

[1] "Released Claims" is defined in the class action settlement agreement, but the term used in the definition of "Class Members" is the undefined and uncapitalized "claims," not the defined and capitalized "Released Claims."

The Honorable Eldon E. Fallon
United States District Court for the Eastern District of Louisiana
April 6, 2015
Page 3

This conclusion is not only mandated by Florida law, but it is consistent with class action jurisprudence. A Florida federal court decision that is in a practically identical posture is *Haddad v. Arnold*, 784 F. Supp.2d 1284 (M.D. Fla. 2010). In *Haddad*, there was a prior class action – the *Dubois* litigation – that settled the claims of a class encompassing "all individuals with traumatic brain or spinal cord injuries who the state has already determined or will determine to be eligible to receive services from Florida's Medicaid Waiver Program for persons with traumatic brain and spinal cord injuries and have not yet received such services." *Id.* at 1298. The defendant challenged the plaintiff's standing to bring a subsequently accrued action, asserting collateral estoppel arising from the class action settlement. The court rejected that contention, which is akin to that presented by Banner here, holding that "where a particular claim has not accrued at the time of the earlier proceeding, litigants cannot be said to have a full and fair opportunity to litigate the issues," a requirement for collateral estoppel resulting from a class action settlement. *Id.* at 1299. The court found that the plaintiff was not a member of the settling class and would not have had an opportunity to object to the settlement because her claims had not accrued at the time that the class action settlement was approved. *Id.*

There is no difference here. Banner relies on publication in newspapers of the class action settlement as something that should have triggered my obligation to opt out of the settlement. However, those publications preceded by years my wife and I having any reason to know that there was corrosive and defective Chinese Drywall installed in our house, or that it had been supplied by Banner (Banner makes no assertion that it made any effort to inform purchasers of its corrosive and defective Chinese Drywall about the class action settlement or even to investigate whether the product had been installed in their homes and caused damage). Without an accrued claim, we were not class members at the time of the Banner settlement, had no actual or constructive notice of the Banner settlement, and had no opportunity to opt out or litigate the issues. Additionally, to the extent that the Banner settlement is interpreted to bar claims that were both unknown and not reasonably knowable, our interests were not being represented or protected in the class action.[2]

It bears further noting that the injunction sought in the Banner Motion would violate the terms of the Anti-Injunction Act, 28 U.S.C. § 2283, whose limited exceptions will not be "enlarged by loose statutory construction" and "[a]ny doubts as to the propriety of a federal injunction against state court proceedings [will] be resolved in favor of permitting the state courts to proceed." *Atlantic Coast Line R.R. Co. v. Brotherhood of Locomotive Eng'rs*, 398 U.S. 281, 287, 297 (1970).

---

[2] An interpretation of the class action settlement to preclude claims that had not yet accrued would raise serious fairness concerns that should render it unenforceable against those in my situation in any event. *See, e.g., Shults v. Champion Int'l Corp.*, 821 F. Supp. 520, 524 (E.D. Tenn. 1993) ("[n]o settlement that precludes future, unknown causes of action can be considered fair, reasonable, or in the best interests of the class as a whole"); *Georgine v. Amchem Products, Inc.*, 83 F.3d 610, 634 (3d Cir. 1996) (rejecting approval of class action settlement on fairness grounds because it would bind those with "a complete lack of knowledge of the existence or terms of the class action"), *aff'd*, 521 U.S. 591 (1997).

The Honorable Eldon E. Fallon
United States District Court for the Eastern District of Louisiana
April 6, 2015
Page 4

A particularly instruction decision is *Sandpiper Village Condominium Ass'n, Inc. v. Louisiana-Pacific Corp.*, 428 F.3d 831 (9th Cir. 2005), in which a district court injunction against enforcement of a state court judgment allegedly inconsistent with a federal class action settlement bar order was reversed, with the Ninth Circuit emphasizing that "an injunction is justified only where a parallel state action threatens to render the exercise of the federal court's jurisdiction nugatory." *Id.* at 843-44 (quotation marks and citations omitted). "Where a suit is strictly *in personam* ... there is no objection to a subsequent action in another jurisdiction, either before or after judgment, although the same issues are to be tried and determined[,] ... because [the subsequent action] neither ousts the jurisdiction of the court in which the first suit was brought, nor does it delay or obstruct the exercise of that jurisdiction, nor lead to a conflict of authority where each court acts in accordance with the law." *Id.* at 844, *quoting Kline v. Burke Constr. Co.*, 260 U.S. 226, 232 (1922).

In *Sandpiper*, the injunction was reversed, with the Ninth Circuit emphasizing that the class action settlement had been approved before the state court action was commenced, and it could not have interfered with disposition of the class claims or with the district court's continuing jurisdiction over the class settlement, where the state court plaintiff was making no claims against the defendant's settlement funds. *Id.* "Although the state court litigation arose from the same facts as the class action, an 'injunction cannot issue to restrain a state court action' simply because it involves 'the same subject matter at issue before the federal court.'" *Id.* (quotation omitted).

For all these reasons, the Banner Motion should be denied and I should be permitted to proceed against Banner, the homebuilder and the installer in Florida, where I reside and where I have been litigating for nearly a year.

Sincerely,

Daniel Blonsky

cc: Kerry J. Miller, Esq. (via email at kjmiller@bakerdonelson.com)
    Robert M. Johnston, Esq. (via email at rmj@ahhelaw.com)