**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | | |
|---|---|---|
| ============================== | x | ============================ |
| | x | |
| IN RE: CHINESE-MANUFACTURED | x | MDL NO. 2047 |
| DRYWALL PRODUCTS LIABILITY | x | |
| LITIGATION | x | SECTION: L |
| | x | |
| THIS DOCUMENT APPLIES TO ALL | x | JUDGE FALLON |
| CASES | x | |
| | x | MAG. JUDGE WILKINSON |
| | x | |
| ============================== | x | ============================ |

**NOTICE OF EXPEDITED ORAL AND VIDEOTAPED DEPOSITION PURSUANT TO**
**THE COURT'S DIRECTIVE DURING**
**THE MARCH 17, 2015 SPECIAL HEARING AND MINUTE**
**ENTRY AND ORDER [REC.DOC. 18493]**

TO:   Hull Forest Products, Inc.
       101 Hampton Road
       Pomfret Center, CT 06259

**PLEASE TAKE NOTICE** that pursuant to Rules 26 and 30(b)(6) of the Federal Rules of

Civil Procedure, and the Court's Minute Entry and Order dated March 17, 2015 [Rec. Doc. No.

18493] (attached hereto as Exhibit "1") authorizing expedited discovery of Taishan and

BNBM/CNBM regarding (i) the injunction prong of the Court's July 17, 2014 Order holding

Taishan in contempt of court, criminally and civilly [Rec. Doc. No. 17869], and (ii) whether there

exist alter ego relationships between and among these entities, plaintiffs, by and through their

undersigned attorneys, the Plaintiffs' Steering Committee in the MDL, will take the deposition of

**Hull Forest Products, Inc.,** on May 6, 2015 at 10:00 a.m. (eastern) at the offices of Koskoff,

Koskoff & Bieder, PC Office: 350 Fairfield Avenue, 5th Floor, Bridgeport, CT 06510 Ph: (203)

583-8634  or at another location mutually agreed upon by the parties.  Pursuant to Fed. R. Civ. P.

30(b)(6), **Hull Forest Products, Inc.** shall designate and produce a designated representative or

representatives, as may be required, to testify on behalf of **Hull Forest Products, Inc.** concerning the topics identified in Schedule "A" attached hereto.  Further, the deponent is requested to produce the documents identified in the attached Schedule "A" to which deposition questions will be asked.  Also attached hereto as Exhibit "A" is a subpoena with respect to the instant discovery requests and deposition.

**If you are an attorney of record, please email <cdw@golkow.com> 48 hours prior to the deposition should you desire to participate by stream to view video/text so you may receive a username and password.**

    Primary Examiners:      A Member of the PSC, or its designee
    Videotaped Deposition:  Yes
    Call-In Number:         **888-337-8218**
                            **Participant Code:  769758**

The deposition will be taken before a person authorized by law to administer oaths, pursuant to Fed. R. Civ. P. 28, and will continue from day-to-day, upon an expedited basis, until the examination is completed.

Pursuant to directives provided at the status conference on May 27, 2010, a brief explanation of the subject matter expected at this deposition is as follows:  The deposition will be conducted in furtherance of discovery related to the topics identified at the hearings before the Honorable Eldon E. Fallon on March 17, 2015 and April 17, 2015 and in the Court's Minute Entry and Order dated March 17, 2015.  This brief explanation is with full reservation of all rights by the noticing party and is not intended to limit in any way the scope of the deposition noticed herein.  Counsel should be aware that all matters may be discovered in the deposition and that the above explanation is made solely in accordance with the directives provided at the status conference.  This is an MDL "common" fact witness deposition.

Respectfully submitted,

/s/ Russ M. Herman_____
**Russ M. Herman** (Bar No. 6819)
Leonard A. Davis (Bar No. 14190)
Stephen J. Herman (Bar No. 23129)
***HERMAN, HERMAN & KATZ, LLC***
820 O'Keefe Avenue
New Orleans, LA  70113
PH:  (504) 581-4892
FAX:  (504) 561-6024
ldavis@hhkc.com
***Plaintiffs' Liaison Counsel***
***MDL 2047***

Arnold Levin
Fred S. Longer
Sandra L. Duggan
Matthew C. Gaughan
Levin, Fishbein, Sedran & Berman
510 Walnut Street, Suite 500
Philadelphia, PA 19106
PH:  (215) 592-1500
FAX:  (215) 592-4663
Alevin@lfsblaw.com
***Plaintiffs' Lead Counsel***
***MDL 2047***

## PLAINTIFFS' STEERING COMMITTEE

Dawn M. Barrios
Barrios, Kingsdorf & Casteix, LLP
701 Poydras Street, Suite 3650
New Orleans, LA 70139
Phone: (504) 524-3300
Fax: (504) 524-3313
Barrios@bkc-law.com

Daniel E. Becnel, Jr.
Becnel Law Firm, LLC
425 W. Airline Highway, Suite B
Laplace, LA 70068
Phone: (985) 536-1186
Fax: (985) 536-6445
dbecnel@becnellaw.com

Peter Prieto
Podhurst Orseck, P.A.
25 Flagler Street, 8th Floor
Miami, FL 33130
Phone: (305) 358-2800
Fax: (305) 358-2382
pprieto@podhurst.com

Bruce William Steckler
Steckler, LLP
12720 Hillcrest Road, Ste 1045
Dallas, TX 75230
Phone: (972) 387-4040
Fax: (972) 387-404
mailto:bsteckler@baronbudd.com
bruce@stecklerlaw.com

Ervin A. Gonzalez
Colson, Hicks, Eidson
255 Alhambra Circle, Penthouse
Cora Gables, FL 33134
Phone: (305) 476-7400
Fax: (305) 476-7444
ervin@colson.com

Ben W. Gordon, Jr.
Levin, Papantonio, Thomas, Mitchell
 Echsner & Proctor, P.A.
316 S. Baylen Street, Suite 600
Pensacola, FL 32502
Phone: (850) 435-7000
Fax: (850) 435-7020
bgordon@levinlaw.com

Hugh P. Lambert

Jerrold Seth Parker
Parker Waichman, LLP
27300 Riverview Center Blvd.
Suite 103
Bonita Springs, FL 34134
Phone: (239) 390-1000
Fax: (239) 390-0055
Jerry@yourlawyer.com

Scott Wm. Weinstein
Morgan & Morgan
12800 University Drive, Suite 600
Ft. Meyers, FL 33907
Phone: (239) 433-6880
Fax: (239) 433-6836
sweinstein@forthepeople.com

James Robert Reeves
Reeves & Mestayer, PLLC
160 Main Street
Biloxi, MS 39530
Phone: (228) 374-5151
Fax: (228) 374-6630
jrr@attorneys4people.com

Christopher Seeger
Seeger Weiss, LLP
77 Water Street
New York, NY 10005
Phone: (212) 584-0700
Fax: (212) 584-0799
cseeger@seegerweiss.com

Daniel K. Bryson
Whitfield, Bryson & Mason, LLP
900 W. Morgan Street
Raleigh, NC 27603
Phone: (919) 600-5000
Fax: (919) 600-5002
dan@wbmllp.com

Richard J. Serpe, Esquire
Law Offices of Richard J. Serpe
Crown Center, Ste. 310
580 East Main Street
Norfolk, VA 23510-2322
Phone: (757) 233-0009
Fax: (757) 233-0455
rserpe@serpefirm.com

Victor M. Diaz, Jr., Esquire

The Lambert Firm
701 Magazine Street
New Orleans, LA 70130
Phone: (504) 581-1750
Fax: (504) 529-2931
hlambert@thelambertfirm.com

V.M. Diaz and Partners, LLC
119 Washington Ave, Suite 402
Miami Beach, FL 33139
Phone: (305) 704-3200
Fax: (305) 538-4928
victor@diazpartners.com

Gerald E. Meunier
Gainsburgh, Benjamin, David, Meunier
 & Warshauer, LLC
2800 Energy Centre, 1100 Poydras Street
New Orleans, LA 70163-2800
Phone: (504) 522-2304
Fax: (504) 528-9973
gmeunier@gainsben.com

## OF COUNSEL TO PLAINTIFFS' STEERING COMMITTEE

Richard S. Lewis
HAUSFELD LLP
1700 K Street, N.W Suite  650
Washington, DC 20006
Phone: (202) 540-7200
Fax:  (202) 540-7201
rlewis@hausfeldllp.com

Anthony D. Irpino
IRPINO LAW FIRM
2216 Magazine Street
New Orleans, LA 70130
Phone: (504) 525-1500
Fax: (504) 525-1501
airpino@irpinolaw.com

Andrew A. Lemmon
Lemmon Law Firm, LLC
P.O. Box 904
15058 River Road
Hahnville, LA 70057
Phone: (985) 783-6789
Fax: (985) 783-1333
andrew@lemmonlawfirm.com

<u>**CERTIFICATE OF SERVICE**</u>

  I hereby certify that the above and foregoing Notice of Expedited Oral and Videotaped Deposition Pursuant to the Court's Directive During the March 17, 2015 Special Hearing and Minute Entry and Order [Rec.Doc. 18493] has been served on Defendants' Liaison Counsel, Kerry Miller, by U.S. Mail and e-mail <u>or</u> by hand delivery and e-mail <u>and</u> upon all parties by electronically uploading the same to LexisNexis File & Serve in accordance with Pre-Trial Order No. 6, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2047, on this 23rd day of April, 2015.

        _/s/ Leonard A. Davis_____
        Leonard A. Davis
        Herman, Herman & Katz, LLC
        820 O'Keefe Ave.
        New Orleans, LA  70113
        PH:  (504) 581-4892
        Fax:  (504) 561-6024
        ldavis@hhklawfirm.com

# SCHEDULE A

## DEFINITIONS & INSTRUCTIONS

1.      Whenever used in this Request, the following terms shall have the following meanings:

(a)      "Communication" means the transmittal of information (in the form of facts, ideas, inquiries, or otherwise).

(b)      "Computer" means all devices utilizing microchips to facilitate processing, analysis, or storage of data, including microcomputers (also known as personal computers), laptop computers, portable computers, notebook computers, palmtop computers (also known as personal digital assistants or PDA's), minicomputers and mainframe computers.

(c)      "Concerning" means relating to, referring to, describing, evidencing, embodying, or constituting.

(d)      "Document" is defined to be synonymous in meaning and equal in scope to the usage of this term in Federal Rule of Civil Procedure 34(a), including, without limitation, electronic or computerized data compilations.  Documents shall include all drafts, including drafts with "track changes," and shall be deemed to be    separate documents within the meaning of this term.

(e)      "Electronically stored information" or "ESI" means the original (or identical duplicate when the original is not available), and any non-identical copies (whether non-identical because of notes made on copies or attached comments,

annotations, marks, transmission notations, or highlighting of any kind) of writings and data compilations in any form, and of every kind and description whether inscribed by mechanical, facsimile, electronic, magnetic, digital, or other means.  ESI includes, by way of example only, computer programs (whether private, commercial, or work-in-progress), programming notes or instructions, activity listings of electronic mail receipts and transmittals, output resulting from the use of any software program, including word processing documents, spreadsheets, database files, charts, graphs and outlines, electronic mail displaying full e-mail alias's (not merely "display names), electronic calendars, I'm logs, PBX logs, document management system data, operating systems, all metadata, source code of all types, peripheral drivers, PIF files, batch files, ASCII files, and any and all miscellaneous files and file fragments, regardless of the media on which they reside and regardless of whether said ESI consists in an active file, deleted file or file fragment. Electronically stored information includes any and all items stored on computer memories, hard disks, floppy disks, CD-ROMs, removable media such as Zip disks, Jaz cartridges, Bernoulli Boxes and their equivalent, magnetic tapes of all types, microfiche, punched cards, punched tape, computer chips, including,  EPROM, PROM, RAM and ROM, on or in any other vehicle for digital data storage and transmittal.  The term ESI also includes the file, folder tabs and containers and labels appended to, or associated with, any physical storage device associated with each original and copy.

(f)    "Electronic media" means any magnetic or other storage media device used to record electronically stored information.  Electronic media devices may include computer memories, hard disks, floppy disks, CD-ROM, removable media such as Bernoulli Boxes and their equivalent, magnetic tapes of all types, microfiche, punched

cards, punched tape, computer chips, including,  EPROM, PROM, RAM and ROM, or on or in any other vehicle for digital data storage and transmittal.

(g)     "Identify" with respect to persons, means to give, to the extent known, the person's full name, present or last known address, and when referring to a natural person, additionally, the present or last known place of employment.  Once a person has been identified in accordance with this subparagraph, only the name of that person need be listed in response to subsequent discovery requesting the identification of that person.

(h)     "Identify" with respect to documents, means to give, to extent known, the (i) type of document; (ii) general subject matter; (iii) date of the document; and (iv) author(s), addressee(s) and recipient(s).

(i)     "Including" or "includes" means including, without limitation.

(j)     "You," or "your" means each of the individual named entities to whom this set of discovery is directed, and any of its domestic or international predecessors in interest, successors in interest, subsidiaries, divisions, subdivisions, affiliates, officers, directors, employees, representatives, independent contractors, consultants, or agents, whether present or former, including but not limited to their attorneys and accountants.

(k)     "Taishan" means Taishan Gypsum Co., Ltd. f/k/a Shandong Taihe Dongxin Co., Ltd.

(l)      "Chinese drywall" relates to drywall, plasterboard, or wallboard manufactured in China.

(m)     "Person" means any natural person or any business, legal, or governmental entity or association.

(n)     "Taishan Affiliates and Subsidiaries" shall include the below listed entities and any of their parents, related entities, subsidiaries, agents and assigns:

(a) State-owned Assets Supervision and Administration Commission of the State Counsel ("SASAC");

(b) China National Building Materials Group Co., Ltd. ("CNBM Group");

(c) China Cinda Asset Management Co., Ltd. ("Cinda");

(d) China Building Materials Academy;

(e) Beijing New Building Material Group Co., Ltd. ("BNBM Group");

(f) China National Building Material Import and Export Company ("CNBM Trading");

(g) CNBM Forest Products, Ltd.;

(h) CNBM Forest Products (Canada), Ltd.;

(i) China National Building Material Co., Ltd. ("CNBM");

(j) China United Cement Corporation (f/k/a China United Cement Group Corporation, Ltd.) (f/k/a China United Cement Co., Ltd.) ("China United");

(k) China United Cement Huaihai Co., Ltd. (f/k/a China United Julong Huaihai Cement Co., Ltd.);

(l) Qingzhou China United Cement Company Limited (f/k/a China United Qingzhou Luhong Cement Co., Ltd.);

(m) China United Cement Zaozhuang Company, Limited (f/k/a Zaozhuang China United Luhong Cement Co., Ltd.);

(n)  China Composites Group Corp., Ltd. ("China Composites");

(o)  Lianyungang Zhongfu Lianzhong Composite Material Group Co., Ltd. ("Zhongfu Lianzhong");

(p)  Shanghai Yaohua Pilkington Glass Co., Ltd.;

(q)  Changzhou China Composites Liberty Co., Ltd. ("Zhongfu Liberty");

(r)  Changzhou China Composites Tianma Fiberglass Products Co., Ltd. ("Zhongxin Tianma");

(s)  Changzhou Liberty TOLI Building Material Co., Ltd. ("Liberty TOLI");

(t)  China Fiberglass Co., Ltd. ("China Fiberglass");

(u)  Jushi Group Co., Ltd. ("Jushi Group");

(v)  China Triumph International Engineering Co., Ltd. ("CTIEC");

(w)  Nanjing Triumph International Engineering Company Limited (f/k/a China Triumph International Engineering Company Limited) (f/k/a China Triumph Nanjing Cement Technological Engineering Co., Ltd.);

(x)  CTIEC Shenzhen Scieno-tech Engineering Co., Ltd.;

(y)  China Triumph Bengbu Engineering and Technology Co., Ltd. ("Bengbu Triumph");

(z)  CNBM Investment Company Limited (f/k/a BND Co., Ltd.);

(aa)  Beijing New Building Material Public Limited Company ("BNBM")

(bb)   Beijing New Building Materials Homes Co., Ltd.

(cc)   BNBM Suzhou Mineral Fiber Ceiling Company, Limited (f/k/a "Suzhou Tianfeng New Building Material Co., Ltd.")

(dd)   Taishan Gypsum Co., Ltd. (f/k/a Shandong Taihe Dongxin Co., Ltd.) ("Taishan");

(ee)   Qinhuangdao Taishan Building Materials Co., Ltd. (a/k/a Qinhuang Dao Taishan Building Materials Co., Ltd.);

(ff)   Tai'an Taishan Plasterboard Co., Ltd. ("TTP");

(gg)   China United Luhong Cement Co., Ltd.;

(hh)   China United Nanyang Co.;

(ii)    Xingtai China United Ziyan Co., Ltd.;

(jj)    China National Building Materials and Equipment Import and Export Corporation ("China Equipment");

(kk)   Shenzhen B&Q Decoration & Building Materials Co., Ltd. ("Shenzhen B&Q");

(ll)    Beijing Incubator New Material Company Limited;

(mm)  Ningbo Beijing New Construction Materials Company Limited;

(nn)   Shenzhen Beijing New Real Estate Company Limited

(oo)   United Suntech Craft,Inc. a/k/a United Suntech Craft,Inc., 2006 LIMITED;

(pp)   Jiangjin Taishan Gypsum Construction Material Company Limited;

(qq)     Hengshui Taishan Gypsum Construction Material Company
         Limited;

(rr)      Dongguan BNBM Housing Design and Engineering
         Company Limited;

(ss)      Beijing Jieruixin Door & Window Company Limited;

(tt)      Chengdu Beijing New Construction Materials Company
         Limited;

(uu)     Taicang Beijing New Construction Materials Company
         Limited;

(vv)     Taian Donglian Investment Trading Company Limited;

(ww)    Fuxin Taishan Gypsum Construction Material Company
         Limited;

(xx)      Zhejiang Wenzhou Taishan Gypsum Construction Material
         Company Limited;

(yy)     Hebei Taishan Huaao Construction Material Company
         Limited;

(zz)     CNBM Energy Co., Ltd. ("CNBM Energy");

(aaa)    CNBM Forest Products New Zeland Limited ("Forest
         Products NZ");

(bbb)    CNBM Forest Products Trading, Ltd.;

(ccc)    CNBM International Corporation;

(ddd)    CNBM International Engineering Co. Ltd;

(eee)    CNBM Technology Co., Ltd.;

(fff)       CNBM International Equipment, Co.;

(ggg)      CNBM USA, Corp.;

(hhh)      CTIEC-TECO;

(iii)        CNBM – CMAX;

(jjj)        CNBM- Parts;

(kkk)      CNBM Solar;

(lll)        BNBM of America, Inc.;

(mmm)    BNBMG Metal; and

(nnn)      INTECH Building Co., Ltd.;

2.      The following rules of construction apply to all discovery requests:

(a)      The terms "all" and "each" shall be construed as all and each;

(b)      The connectives "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside of its scope;

(c)      The use of the singular form of any word includes the plural and vice versa; and

(d)      Requests that are stated in the present tense include the past tense and those in the past tense include the present tense.

3.      Unless otherwise specifically stated, this Request encompasses documents, which were created, received, or generated or otherwise entered into your possession, custody, or control between January 1, 2012 and the current date (the "Relevant Time Period").

4.      Any document falling within the scope of this Request that is withheld on the basis of a claim of privilege, work product, or any other ground is to be identified in a privilege log, produced in an electronic format that allows text searching and organization of data.  You shall produce a privilege log within 5 days after the production of documents for which privilege is asserted to apply.  For each document for which You assert a privilege applies, you must provide in the privilege log: (a) a statement of the ground alleged for withholding such document; (b) the date of the document; (c) the location of any attachments associated with the document and whether the asserted privilege also applies to such attachments; (d) the identity of its author and signatories; (e) the type of document (*e.g.*, letter); (f) a summary of its content; (g) its present location and custodian; and (h) a listing of all persons to whom the contents of such documents have been disclosed and all persons who have or have had possession, custody, or control of the documents (or any portions thereof), pursuant to Federal Rule of Civil Procedure 45(d)(2). Notwithstanding the assertion of an objection, any purportedly privileged document containing non-privileged matter must be disclosed with the purportedly privileged portion redacted, with the redacted portion indicated on the document itself and listed on the privilege log to be provided pursuant to this paragraph.

To assist in the prompt resolution of disputed claims of privilege, You shall submit to the Court under seal, unredacted copies of all documents for which it asserts a privilege.

5.      If you are unable to comply fully with any of the specific requests, you shall comply to the extent possible and provide an explanation as to why full compliance is not possible.  In the event that any documents called for by this Request were formerly in your possession, custody or control, or have been lost or destroyed, those documents are

to be identified in writing as follows:  persons who prepared or authorized the documents indicated or blind copies; dates of preparation or transmittal; subject matter; number of pages, attachments or appendices; all persons to whom distributed, shown or explained; date or dates of loss or destruction; and if destroyed, the manner of destruction, reason for destruction, persons authorizing destruction and persons destroying the documents.

6.     This Request is directed to all documents within your possession, custody or control, or within the possession of any of your agents, or within the possession of any entity associated with you, or within the possession, custody, or control of such entity's directors, officers, agents, servants, employees, consultants, and professionals.

7.     Documents are to be produced in full and in their unexpurgated form. Redacted documents shall not constitute compliance with this Request, unless such documents are redacted pursuant to any claim of privilege as set forth in paragraph 4 above.

8.     Documents shall be produced in their original language (*e.g.*, Mandarin) and, if the original documents are in any language other than English, you shall include translations of such documents into English.

9.     This Request is intended to be consistent with the Federal Rules of Civil Procedure 26 and 34.

10.    All hard copy documents and electronically stored information (ESI) produced in response to this Request shall be organized and labeled either to correspond with the number of the specific request to which the documents are responsive or shall be produced in the order, format, and manner in which they are kept in the usual course of business.  With respect to the production of electronically stored information, all ESI that is demanded is to be produced in its native usable format, as maintained on the computer

storage systems, regardless of whether such ESI exists (and/or may have been copied and/or otherwise converted) in more than one electronic format.  Plaintiffs have filed an emergency motion before the Honorable Eldon E. Fallon in the United States District Court for the Eastern District of Louisiana requesting that you be ordered to provide full and complete responses, including the document requests within ten (10) days of your receipt of the instant discovery.

## DOCUMENTS TO BE PRODUCED

1.      For the period July 17, 2014 to March 31, 2015, all documents and communications involving your business dealings with Taishan, CNBM Group, CNBM, BNBM Group, BNBM and/or any Taishan Affiliates and Subsidiaries with respect to the conduct of business in the United States, including but not limited to:

(a)      All written documents or instruments pertaining to agreements for the purchase and sale of lumber as well as all documents evidencing business activities undertaken pursuant to such agreements;

(b)      All documents evidencing the purchase or sale of lumber;

(c)      Any current dealings and commercial activities involving you, Taishan, CNBM Group, CNBM, BNBM Group, BNBM and/or any Taishan Affiliates and Subsidiaries;

2.      All documents or communications regarding whether Taishan, CNBM Group, CNBM, BNBM Group, BNBM and/or any of the Taishan Affiliates and Subsidiaries have conducted any commercial business or judicial business (litigation, mediation, arbitration, settlement) in the United States from July 17, 2014 through March 31, 2015.

3.      All documents and communications regarding the profits earned by Taishan, CNBM Group, CNBM, BNBM Group, BNBM and/or any of the Taishan Affiliates and Subsidiaries (by quarter and calendar year) with respect to their conduct of any business in the United States for the period July 17, 2014 to March 31, 2015.

4.     All documents and communications regarding the profits earned by Taishan, CNBM Group, CNBM, BNBM Group, BNBM and/or any of the Taishan Affiliates and Subsidiaries (by quarter and calendar year).

5.     All documents or communications reflecting any loans or investments by You in Taishan, CNBM Group, CNBM, BNBM Group, BNBM, and/or any of the Taishan Affiliates and Subsidiaries from July 17, 2014 through March 31, 2015.

6.     All documents pertaining to any and all agreements and/or memorandums of understanding between You and/or any of Your subsidiaries and/or affiliates and Taishan, CNBM Group, CNBM, BNBM Group, BNBM and/or any of the Taishan Affiliates and Subsidiaries, including but not limited to the following:

(a)     All written documents or instruments pertaining to the agreement itself as well as all documents evidencing business activities undertaken pursuant to the agreement;

(b)     All documents evidencing the location of projects undertaken pursuant to the agreement;

(c)     All documents pertaining to the shipment of materials or payment of consideration for such materials under the terms of the parties' agreement;

(d)     All documents sufficient to identify all joint ventures between the parties to the agreement;

(e)     All communications between the parties to the agreement.

8.     All documents sufficient to identify the deposition topics listed below.

## DEPOSITION TOPICS

Pursuant to Rule 30(b)(6), you shall designate and produce for deposition one or more of your officers, directors, managing agents, or other persons who consent to testify on your behalf concerning the following subject matters:

1.      For the period July 17, 2014 to March 31, 2015, your knowledge regarding your business dealings with Taishan, CNBM Group, CNBM, BNBM Group, BNBM and/or any of the Taishan Affiliates and Subsidiaries, including but not limited to:

(a)      Agreements for the purchase and sale of lumber as well as all business activities undertaken pursuant to such agreements;

(b)      All purchases or sales of lumber;

(c)      Any current dealings and commercial activities involving you, Taishan, CNBM Group, CNBM, BNBM Group, BNBM and/or any of the Taishan Affiliates and Subsidiaries;

2.      Your knowledge regarding whether Taishan, CNBM Group, CNBM, BNBM Group, BNBM and/or any of the Taishan Affiliates and Subsidiaries have conducted any commercial business or judicial business (litigation, mediation, arbitration, settlement) in the United States from July 17, 2014 through March 31, 2015.

3.      Your knowledge regarding the profits earned by Taishan, CNBM Group, CNBM, BNBM Group, BNBM, and/or any of the Taishan Affiliates and Subsidiaries (by quarter and calendar year) with respect to their conduct of any business in the United States between July 17, 2014 and March 31, 2015.

4.      Your knowledge regarding the profits earned by Taishan, CNBM Group, CNBM, BNBM Group, BNBM and/or any of the Taishan Affiliates and Subsidiaries (by quarter and calendar year).

5.      Your knowledge regarding any loans or investments by You in Taishan, CNBM Group, CNBM, BNBM Group, BNBM and/or any of the Taishan Affiliates and Subsidiaries from July 17, 2014 through March 31, 2015.

6.      All documents produced in response to the subpoena and document request attached hereto as Exhibit "A."

7.      The Order entered by the Court on July 17, 2014 [Rec. Doc. 17869](attached hereto as Exhibit "2"), including your awareness, understanding, and/or implementation of the provision enjoining Taishan, CNBM Group, CNBM, BNBM Group, BNBM and "any of its affiliates or subsidiaries" from conducting business in the United States.

# EXHIBIT "1"

**MINUTE ENTRY**
**FALLON, J.**
**MARCH 18, 2015**

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

|  |  |
|---|---|
| IN RE: CHINESE MANUFACTURED DRYWALL PRODUCTS LIABILITY LITIGATION | MDL NO. 2047 |
|  | SECTION "L" |

**THIS DOCUMENT RELATES TO: ALL CASES**

### MINUTE ENTRY AND ORDERS

On this date, the Court heard oral arguments regarding the Plaintiffs' Steering Committee's motion to preclude Taishan and its affiliates from participating in class damages proceedings unless and until Taishan purges itself of contempt. (Rec. Doc. 18367). Russ Herman and Arnold Levin participated on behalf of the Plaintiffs' Steering Committee. Bernard Taylor, Alan Weinberger, Michael Kenny, and Christina Eikhoff participated on behalf of Taishan Gypsum Co., Ltd. ("TG") and Tai-an Taishan Plasterboard Co. Ltd. ("TTP"), (TG and TTP collectively, "Taishan"). James Stengel participated on behalf of China National Building Materials Group Corporation and China National Building Materials Company Limited (collectively, "CNBM"). Michael Barr, Michael Moore, Richard Fenton, and Harry Rosenberg participated on behalf of Beijing New Building Materials Public Limited Company and Beijing New Building Material (Group) Company Limited (collectively, "BNBM"). The hearing was transcribed by Ms. Toni Tusa, Official Court Reporter.  Counsel may contact Ms. Tusa at (504) 589-7778 to request a copy of the transcript.

JS10(00:82)

After reviewing the parties' memoranda, reviewing the applicable law, and hearing oral argument from all parties, the Court took the motion to preclude under advisement, subject to the conditions ordered by the Court:

1) **IT IS ORDERED THAT** Taishan must purge itself of contempt of court within two weeks of today's date, that is **March 31, 2015**, before the Court will determine the nature, and extent, of Taishan's participation in these proceedings. To purge itself of contempt, Taishan must (a) pay the $15,000 in attorneys' fees to the PSC; (b) pay the *Germano* judgment that formed the basis of the judgment debtor proceedings, amounting to $2,609,099.99 plus pre-judgment interest of $149,256.53 plus post-judgment interest at the judicial rate under 28 U.S.C. § 1961, as of the date of payment, (Rec. Doc. 3013); and (c) pay the associated bill of costs, (*see* Rec. Docs. 17825, 18034). The Court notes that Taishan has paid the $40,000 contempt penalty. (*See* Rec. Doc. 18448).

2) As neither Taishan nor BNBM/CNBM have demonstrated compliance with the injunction prong of the contempt order, (Rec. Doc. 17869), and the Court cannot yet assess whether there is need to enforce the associated penalty of 25% of profits, **IT IS FURTHER ORDERED THAT** the parties shall immediately commence discovery related to the relationship between Taishan and BNBM/CNBM, including whether affiliate and/or alter ego status exists. Discovery shall conclude no later than **April 28, 2015**, at 9:00 a.m. at which time the Court will hear oral argument on the motion for class damages. **IT IS FURTHER ORDERED** that the previously set March 18, 2015 deadline for responses for the motion for class damages is **CONTINUED** and any responses to the motion for class damages now shall be due on **April 20, 2015**.

3) **IT IS FURTHER ORDERED THAT** Taishan and BNBM/CNBM **SHALL**
participate in alter ego discovery. If Taishan and/or BNBM/CNBM do not participate
in discovery, the Court will act accordingly to ensure compliance with this and any
Court order. The Court may, for example, strike defenses asserted by Taishan and
BNBM/CNBM.

4) **IT IS FURTHER ORDERED THAT** that the Plaintiffs' Steering Committee,
Taishan, and BNBM/CNBM **SHALL meet and confer** to discuss a discovery plan.
Any deposition shall occur in New Orleans, Louisiana, unless all parties agree – with
consent of the Court – that the deposition may occur elsewhere.

The Court retains jurisdiction to take any action necessary to enforce its contempt order,
and any other order discussed herein. If any party violates any of the Court's orders, the Court
"has broad discretion in assessing sanctions to protect the sanctity of its decrees and the legal
process." *Test Masters Educational Servs. v. Singh*, 428 F.3d 559 (5th Cir. 2005). This Court
"possess[es] the inherent authority to enforce [its] own injunctive decrees," an authority that
"runs nationwide." *Waffenschmidt v. MacKay*, 763 F.2d 711, 716 (5th Cir. 1985); *see also
United States v. Fisher,* 864 F.2d 434, 436 (7th Cir.1988) ("[W]hen a court issues an injunction,
it automatically retains jurisdiction to enforce it."). The Court reserves its right to determine
whether Taishan and/or BNBM/CNBM must post a bond under Rule 64. The Court further notes
that Taishan and BNBM/CNBM's willingness to participate in discovery process will guide the
Court's determination of the circumstances under which Taishan and BNBM/CNBM may
participate in these proceedings. To allow a party to continue to participate in a proceeding while
the party is in contempt for actions taken in those same proceedings would be, in effect,

rewarding the party for its contemptuous conduct. The Court will take any necessary action to

ensure the sanctity of its decrees and the legal process.

UNITED STATES DISTRICT JUDGE

4

# EXHIBIT "2"

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| | : | MDL NO. 2047 |
| IN RE: CHINESE MANUFACTURED DRYWALL | : | |
| PRODUCTS LIABILITY LITIGATION | : | SECTION:  L |
| | : | |
| | : | JUDGE FALLON |
| | : | MAG. JUDGE WILKINSON |
| .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. | : | |

**THIS DOCUMENT RELATES TO:** *Germano, et al. v. Taishan Gypsum Co., Ltd., f/k/a Shandong Taihe Dongxin Co., Ltd., et al.,* **Case No. 2:09-cv-6687 (E.D. La.)**

## <u>ORDER</u>

From 2005 to 2008, a housing boom coincided with the destruction caused by Hurricanes Katrina and Rita to sharply increase the demand for construction materials in the Gulf South and East Coast. In response, Chinese companies manufactured, and sold to homeowners throughout the United States, considerable quantities of gypsum wallboard which came to be known as "Chinese drywall." Homeowners experienced problems with the drywall. Specifically, the drywall emits various sulfide gases, damages structural mechanical and plumbing systems of the home, and damages other appliances in the home. The affected parties sued the entities involved in the manufacturing, importing, and installing the Chinese drywall. The cases multiplied and the Judicial Panel on Multidistrict Litigation ("MDL"), declared the matter an MDL and transferred the cases to this Court. After a period of discovery, it became clear that there were two principal manufacturers, (1) the Knauf Entities, and (2) the Taishan Entities. There are four cases in particular in which Taishan Entities have been served (via international means at the Hague, costing at least $100,000 per service of process). These four cases are *Germano*, *Mitchel*, *Gross*, and *Wiltz*. The matters were set to trial and default judgments were entered. In the instant case, *Germano*, Taishan Gypsum Co., Ltd., f/k/a Shandong Taihe Dongxin Co., Ltd ("Taishan") is the

Defendant. Taishan refused to participate in any of these proceedings.

The day before the expiration of the window for appeal, Taishan appeared and appealed to the Fifth Circuit Court of Appeals, arguing – for the first time – that this Court lacked personal jurisdiction. The matters were remanded to this Court for further discovery on the jurisdictional issue. After a period of discovery, this issue was briefed and argued. In due course, this Court rendered an opinion finding it had jurisdiction over the Defendant Taishan. The Defendant appealed the Court's judgment. Ultimately, two separate Fifth Circuit panels affirmed this Court's exercise of jurisdiction over Taishan. In *Germano*, the time for seeking writs to the Supreme Court has passed, so such judgment has become final and enforceable. In order to execute the judgment, Plaintiffs moved for a Judgment Debtor Examination. The Court ordered Taishan to appear in open court on the morning of July 17, 2014 for a Judgment Debtor Examination (Rec. Doc. 17774).

Taishan failed to appear for the July 17, 2014 Judgment Debtor Examination. Taishan, in fact, has *refused* to appear in open court for the Examination. As stated by counsel for Taishan, both in open court and in a brief (Rec. Doc. 17846), Taishan has received notice of the Examination and has refused to appear or otherwise participate in the proceedings.

As a consequence of Taishan's refusal to appear at this Judgement Debtor Examination, in direct, willful violation of this Court's June 20, 2014 order, the Court holds Taishan in contempt of court, both criminally and civilly. This refusal to appear is a direct contemptuous act occurring in open court after actual notice of the proceedings. Such disobedience of the Court's order harms both the many other parties in this case and the decorum of the Court. Due to the "affront to the Court's dignity [that] is [] widely observed," it is necessary to summarily punish

Taishan's contempt. *Pounders v. Watson*, 521 (U.S. 982, 988-89) (1997); Fed. Rule Crim. Pro. 42(b).

In punishing Taishan's contempt, the Court "has broad discretion in assessing sanctions to protect the sanctity of its decrees and the legal process." *Test Masters Educational Servs. v. Singh*, 428 F.3d 559 (5th Cir. 2005). In this massive suit, the harm from Taishan's noncompliance is high and requires strong sanctions to coerce compliance and restore integrity to these proceedings. *Lamar Financial Corp. v. Adams*, 918 F.2d 564, 567 (5th Cir. 1990) (setting forth four factors by which the Court assesses an appropriate contempt sanction); *see Manhattan Industries v. Sweater Bee, Ltd.*, 885 F.2d 1, 6 (2d Cir. 1989) (affirming the propriety of an award of unjust enrichment contempt sanctions aligned with the contemptor's profits to punish the wrongdoing). Accordingly,

**IT IS ORDERED** that Taishan pay **$15,000** in attorneys' fees to Plaintiffs' counsel.

**IT IS FURTHER ORDERED** that Taishan pay **$40,000** as a penalty for contempt.

**IT IS FURTHER ORDERED** that Taishan, and any of its affiliates or subsidiaries, is hereby **ENJOINED** from conducting any business in the United States until or unless it participates in this judicial process. If Taishan violates this injunction, it must pay a further penalty of **25%** of the profits earned by the company or its affiliates who violate the order, for the year of the violation.

**IT IS FURTHER ORDERED** that the clerk of court forward this contempt order to the U.S. Secretary of Commerce, the Chair of the U.S. Senate Committee on Commerce**,** Science, and Transportation, and the U.S. Attorney General, so that these officials are aware of the seriousness of the situation, and for any appropriate action they may see fit.

New Orleans, Louisiana this 17th day of July, 2014.

UNITED STATES DISTRICT JUDGE

CC:    Secretary Penny Pritzker
U.S. Department of Commerce
1401 Constitution Ave., NW
Washington, DC 20230

U.S. Senator Jay Rockefeller
Chair of U.S. Senate Committee on Commerce, Science, and Transportation
Russell Senate Building, Room 254
2 Constitution Ave., NE
Washington, DC 20002

U.S. Attorney General Eric Holder
U.S. Department of Justice
950 Pennsylvania Ave., NW
Washington, DC 20530-0001

# EXHIBIT "A"

AO 88A  (Rev. 12/13) Subpoena to Testify at a Deposition in a Civil Action

# UNITED STATES DISTRICT COURT

for the

Eastern District of Louisiana

| | |
|---|---|
| In re:  Chinese-Manuf. Drywall Products Liab. Lit. | ) |
| _____*Plaintiff*_____ | ) |
| v. | )   Civil Action No.   MDL 2047 |
| | ) |
| | ) |
| _____*Defendant*_____ | ) |

## SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION

To:
Hull Forest Products, Inc., 101 Hampton Road,
Pomfret Center, CT 06259

*(Name of person to whom this subpoena is directed)*

☑ *Testimony:*  **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at a deposition to be taken in this civil action.  If you are an organization, you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about the following matters, or those set forth in an attachment:

| Place:  Koskoff, Koskoff & Bieder, PC Office: 350 Fairfield Avenue, 5th Floor, Bridgeport, CT 06510 | Date and Time:<br><br>05/06/2015 10:00 am |
|---|---|

The deposition will be recorded by this method:   Oral and Videotaped

☑ *Production:*  You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material:

See attached Notice of Expedited Oral and Videotaped Deposition Pursuant to May 17, 2015 Minute Entry [Rec. Doc. 18493].

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:   04/23/2015

CLERK OF COURT

OR

_____          _____
*Signature of Clerk or Deputy Clerk*                          *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)*   Plaintiffs
_____ , who issues or requests this subpoena, are:

Plaintiffs' Liaison Counsel, Russ M. Herman/Leonard A. Davis, Herman, Herman & Katz, LLC, 820 O'Keefe Avenue, New Orleans, LA  70113, (504) 581-4892; email:  ldavis@hhklawfirm.com

## Notice to the person who issues or requests this subpoena

If this subpoena commands the production of documents, electronically stored information, or tangible things, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed.  Fed. R. Civ. P. 45(a)(4).

AO 88A  (Rev.  12/13) Subpoena to Testify at a Deposition in a Civil Action (Page 2)

Civil Action No.   MDL 2047

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❒ I served the subpoena by delivering a copy to the named individual as follows: _____

_____ on *(date)* _____ ; or

❒ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $   0.00   .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88A  (Rev.  12/13) Subpoena to Testify at a Deposition in a Civil Action (Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

 **(1) *For a Trial, Hearing, or Deposition.*** A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
    **(i)** is a party or a party's officer; or
    **(ii)** is commanded to attend a trial and would not incur substantial expense.

 **(2) *For Other Discovery.*** A subpoena may command:
  **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

 **(1) *Avoiding Undue Burden or Expense; Sanctions.*** A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

 **(2) *Command to Produce Materials or Permit Inspection.***
  **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

 **(3) *Quashing or Modifying a Subpoena.***

  **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:

    **(i)** fails to allow a reasonable time to comply;
    **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
    **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    **(iv)** subjects a person to undue burden.
  **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:

    **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or
    **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

 **(1) *Producing Documents or Electronically Stored Information.*** These procedures apply to producing documents or electronically stored information:
  **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
  **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

 **(2) *Claiming Privilege or Protection.***
  **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    **(i)** expressly make the claim; and
    **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).