UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: CHINESE-MANUFACTURED DRYWALL PRODUCTS LIABILITY LITIGATION | MDL NO. 2047<br>SECTION: L |
| THIS DOCUMENT RELATES TO:<br><br>ALL CASES | JUDGE FALLON<br>MAG. JUDGE WILKINSON |

**SECOND UPDATED STATUS REPORT OF THE PLAINTIFFS'
STEERING COMMITTEE REGARDING DISCOVERY RELATED TO
VIOLATIONS OF THE INJUNCTION PRONG OF THE COURT'S
JULY 17, 2014 CONTEMPT ORDER AND ALTER EGO RELATIONSHIPS[1]**

**I.    INTRODUCTION**

The Court made clear at the status conference on April 17, 2015, that in conformance with the Court's Minute Entry and Orders dated March 17, 2015,[2] the Taishan Defendants (*i.e.*, the Taishan, BNBM, and CNBM entities) must participate in and fully comply with expedited discovery requests related to (i) the identities of the affiliates and subsidiaries of Taishan Gypsum Co., Ltd. ("Taishan") and (ii) whether any of these Taishan affiliates violated the injunction prong of the Court's July 17, 2014 ("Contempt Order").[3] The Court set a deadline of June 9, 2015, for the completion of this discovery.

---

[1] This Second Updated Status Report supplements the Updated Status Report filed on April 14, 2015 [Rec. Doc. No. 18684], by providing additional information regarding documents produced by the Taishan Defendants and violations by the Taishan Affiliates of the Court's injunction.

[2] Rec. Doc. No. 18493.

[3] Rec. Doc. No. 17869; *see also* Transcript of Proceedings, 7/17/2014, at p. 30 [Rec. Doc. No. 18302-3].

1

The Court previously held that that "Taishan Affiliates" are comprised of Taishan, Beijing New Building Materials Limited Co. ("BNBM"), Beijing New Building Materials Group Co., Ltd. ("BNBM Group"), China National Building Material Co., Ltd. ("CNBM"), China National Building Materials Group Corporation ("CNBM Group"), and Tai'an Taishan Plasterboard Co., Ltd. ("TTP").[4]

This Second Updated Status Report outlines the lack of discovery from the Defendants to date, as well as the PSC's independent efforts to uncover violations of the Contempt Order.

## II. STATUS REPORT OF DISCOVERY REGARDING VIOLATIONS OF CONTEMPT ORDER AND ALTER EGO RELATIONSHIPS

### A. Lack of Discovery from the Taishan Defendants

Pursuant to the Court's orders, the PSC served Defendants with expedited requests for documents and notices of deposition.[5] The PSC also requested the depositions of certain officers and directors of Taishan, BNBM, and CNBM.[6]

---

[4] *In re Chinese-Manufactured Drywall Prods. Liab. Litig.*, 2014 WL 4809520, *1 (E.D. La. Sept. 26, 2014) (Findings of Fact and Conclusions of Law regarding class certification and damages for Plaintiffs with Taishan drywall in their properties).

[5] *See* Rec. Doc. No. 18377 (CNBM (USA) Corp.); Rec. Doc. No. 18379 (United Suntech Craft, Inc.); Rec. Doc. No. 18498 (Beijing New Building Material (Group) Co. Ltd.); Rec. Doc. No. 18499 (Beijing New Building Materials Public Limited Co.); Rec. Doc. No. 18500 (Taishan Gypsum Co. Ltd., f/k/a Shandong Taihe Dongxin Co., Ltd.); Rec. Doc. No. 18501 (Tai'an Taishan Plasterboard Co., Ltd. ("TPP"); Rec. Doc. No. 18503 (China National Building Materials Import and Export Corporation); Rec. Doc. No. 18504 (China National Building Materials Group Corporation); Rec. Doc. No. 18505 (CNBM Forest Products (Canada) Ltd.); Rec. Doc. No. 18506 (China National Building Materials Company Limited).

[6] *See* Rec. Doc. No. 18502 (Wang Bing (BNBM & CNBM); Peng Wenlong (Taishan's Chief of Foreign Trade Department; Chang Zhangli (BNBM & CNBM); Chungang Dong (foreign attorney at Jingtian & Gongcheng); Cui Xingtai (BNBM & CNBM); JinYu Hu (BNBM & CNBM); Song Xhiping a/k/a Sonz Zhiping (CNBM and CNBM Group); Cao Jianglin (BNBM, BNBM Group, CNBM & CNBM Group); Peng Shou (Chairman of China Triumph, Executive

2

In response to this discovery, Taishan agreed to produce its Manager of International Trading Mr. Che Gang for deposition in New Orleans (as a replacement for Chairman Jia Tongchun, who is represented to be unable to travel for health related reasons). BNBM indicated it intends to produce Yu Chen as BNBMPLC's 30(b)(6) witness and Yanming Zhao as BNMB Group's designate.[7] CNBM has identified the following witnesses for depositions: Guoping Zhou (CNBM Group designee); Zhangli Chang (CNBM Co. designee); Lihe Wang (CNBM Trading designee); Shaojun Zhang (CNBM USA designee); Jianjun Deng (CNBM Forest (Canada) designee); Peng Shou; Cao Jianlin; Zhangli Chang; Jin Yu Hu; and Cui Xingtai.[8] However, to date these depositions have not been scheduled due to apparent issues in obtaining passports and/or visas for the witnesses. Defense counsel have indicated that perhaps the depositions can go forward beginning on May 11, 2015.

With regard to documents, Taishan has represented to the PSC that documents will be produced on a rolling basis, however, to date, no documents have been provided in English. Late Friday, April 10, 2015, BNBM produced documents to the PSC amounting to Annual Reports for 2004-2008, in Chinese and English, and since then has made four additional productions. CNBM thus far has produced only a handful of publicly available documents to the Plaintiffs in English.

---

Director of CNBM and VP of CNBM); Jia Tongchun (Chairman of Taishan and Board Member of BNBM)).

[7] *See* Excerpts from BNBM 2014 Annual Report regarding these witnesses [Rec. Doc. No. 18671-18].

[8] *See* Excerpts from CNBM 2014 Annual Report regarding these witnesses [Rec. Doc. No. 18671-19].

On March 24, 2015, the PSC submitted its Discovery Plan Regarding Future Discovery Against Taishan and its Affiliates and Status of Discovery Ordered by the Court On March 17, 2015, and the Orders of March 20, 2015 and March 24, 2015 Authorizing Expedited Return on Discovery Requests and Shortened Time to Notice Depositions (Rec.Doc. 18537).  Therein we noted that 30(b)(6) depositions had been noticed for all of the Taishan Defendants.  Even then, the PSC requested expedited document production (in English) in order to prepare for each witness's deposition.  In addition, the PSC requested dates for the depositions.  This was not some abstract request.  Because the witnesses are Chinese, advance time is necessary to retain and schedule appropriate translators to staff the depositions.  Given the experience with translators in these MDL proceedings, this is no mean feat, nor is it one capable of being done spontaneously.  Nevertheless, to date, we still have not received a firm date for scheduling a single witness of any Taishan Defendant.  The PSC is only capable of advising our translators of a range of possible dates for depositions, which has been done.

The production of documents from the Taishan is trivial at best, and not useful since they are written in Chinese.  As to all of the defendants, the PSC has not received any documents typically used to prepare for depositions of individual witnesses, or even 30(b)(6) witnesses.  To date, none of the following pertinent types of documents have been produced: 1) a privilege log; 2) a single custodial file; 3) no emails; 4) no correspondence; 5) no memoranda. Instead, these defendants have produced publicly available documents for certain time periods, such as:

1. TG (115 documents dated between 2010 -2015)

    a. Annual Reports

    b. Financial Statements of Wholly Owned Subsidiaries

    c. Multiple Loan Agreements with/from various Banks

        d.        Loan Agreement Lists

        e.        Shareholder meeting resolutions

        f.        AIC Registration Information

        g.        2014 Reproduced Annual Report

2.       BNBM Group (151 documents dated between 2001 -2015)

        a.        Auditors Reports

        b.        Annual Balance Sheets

        c.        Board Resolutions

        d.        Articles of Association

        e.        Organizational Charts

        f.        BNBMG and TTP Purchase Contracts

        g.        BNBMG & Alibaba Contracts

        h.        Description of Financial Department

        i.        CVs of Officers

        j.        Invoices and Contracts with U.S. Companies

        k.        Tax Documents

3.       BNBM (274 documents dated between 2001 - 2015)

        a.        Annual Reports

        b.        Articles of Association

        c.        Revisions to Articles of Association

        d.        BNBM Stock Transfer

        e.        BNBM Announcements form the Board of Directors

        f.        BNBM Meeting Announcement and Resolution Results

        g.        BNBM Meeting Minutes

4. CNBM Group

   a. NOTHING PRODUCED

5. CNBM (34 documents dated between July 17, 2014 - present)

   a. Voluntary Announcements

   b. Monthly End Reports related to Equity Movement

   c. CNBM Meeting Notices

   d. CNBM Resolutions re: Board of Directors

   e. CNBM Annual Reports and Interim Reports

   f. Financial Related Documents

   h. Letters to Shareholders and non-registered holders

The PSC is prejudiced by this failure to launch. There is no justification for delaying production of relevant documents. To expedite matters, following the April 17, 2015 Status Conference, the PSC issued its Statement Regarding Outstanding Expedited Discovery Requests (Rec.Doc. 18724). Pursuant to the Court's directives the PSC sought to focus the Taishan Defendants on immediate discovery needs. In response, CNBM sought to relieve itself of all discovery obligations outside of the statement, which the PSC immediately clarified. Although counsel for CNBM promised to get back to the PSC on its client's response on this request, to date, no information or response has been provided. *See* email chain of Christopher Vejnoska and Arnold Levin (April 20-23, 2015)(attached hereto as Exhibit "A").

The PSC is, as a result, working independently to prepare as best as possible for the anticipated but not confirmed depositions that were noticed in March 2015 and are anticipated to

begin for the CNBM/BNBM defendants on May 11, 2013, and Taishan only depositions to begin on May 13, 2015.

B. **Third-Party Discovery Initiated by the PSC**

Independent of the Defendants' responses to discovery, the PSC has served a number of expedited third-party notices of depositions and requests for production of documents, based on substantial evidence indicating that CNBM and its related entities have ignored – and are continuing to ignore – the Court's injunction prohibiting these companies from doing business in the United States while the Contempt Order is in effect. The PSC has sought discovery from: Wal-Mart Stores, Inc. ("Wal-Mart"); Sunpin Solar Development LLC a/k/a Sunpin Solar, LLC ("Sunpin"); Tommy Li; Plum Creek Timber Co. ("Plum Creek"); New Jersey Institute of Technology ("NJIT"); CTIEC-TECO American Technology, Inc. ("ATI" or "CTAT"); Westerlund Log Handlers, LLC ("Westerlund"); Murphy Overseas USA Astoria Forest Products, LLC ("Murphy/Astoria"); Hampton Affiliates and Hampton Investment Co. (together "Hampton"); Steven J. Zika; International Business Machines Corp. ("IBM"); BNK International, LLC ("BNK") and Jeffrey J. Chang.[9] The PSC has taken the depositions of Plum Creek, Sunpin, and NJIT. The PSC will depose ATI on April 24, 2015. Even though CNBM has failed to produce any evidence of its violations of the Contempt Order, and has failed to

---

[9] *See* Chart of Expedited Third-Party Depositions [Rec. Doc. No. 18671-1]; *see also* Rec. Doc. Nos. 18523, 18535, 18570 (orders approving expedited discovery); Rec. Doc. Nos. 18660, 18663, 18665, 18729 (pending Emergency Motions for Expedited Discovery of Hampton, Steven Zika and BNK).

produce evidence of its dealings with NJIT, Plum Creek, ATI, BNK, and others, these Defendants nevertheless appear for the depositions of the third-parties and even have "privileged" communications with the witnesses prior to their depositions.[10]

Without any assistance from the Taishan Defendants, the PSC has shown that <u>CNBM and its related subsidiaries have not only been doing in this country since July 17, 2014, but they are using our courts in an effort to collect monies they claim they are owed from the business they do here</u>.[11]

In addition, recent document productions from BNBM Group show that <u>the BNBM entities have been doing business in the United States during the period Taishan was in civil and criminal contempt of court</u>. The PSC has just learned that BNBM and/or BNBM Group have purchased large quantities of lumber from Baillie Lumber Co. ("Baillie"), Hull Forest Products, Inc. ("Hull"), Western Wood, LLC ("Western"), and W.H. International, Inc. ("W.H.") in contravention of this Court's Contempt Order. Therefore, the PSC is filing an Emergency Motion for Expedited Discovery of Baillie, Hull, Western, and W.H. No other defendant (CNBM Group, CNBM, BNBM or Taishan) has provided documents specific to the operation of business in the United States following the entry of contempt on July 17, 2014.

BNBM and/or BNBM Group have purchased: (1) approximately $40,000 of lumber (by four separate purchases) from Baillie during the contempt period; (2) approximately $23,000 of lumber from Hull during the contempt period; (3) approximately $2 million of lumber (by four

---

[10] The PSC will file a Third Updated Status Report shortly, providing further evidence of Defendants' violations of the Contempt Order, as uncovered by the PSC from third-party discovery.

[11] *See* Updated Status Report, with Exhibits [Rec. Doc. No. 18684] and Exhibits to Status Report [Rec. Doc. No. 18671].

separate purchases) from Western during the contempt period; and (4) approximately $1 million of lumber (by five separate purchases) from W.H. during the contempt period.

### III. CONCLUSION

Independent of discovery from the Defendants, the PSC has uncovered substantial evidence that the Taishan Affiliates have done business, and are continuing to do business in the United States in direct violation of the Court's injunction. Unfortunately, the paltry document productions from the Defendants themselves have not assisted the PSC in its efforts to conduct alter ego and contempt discovery. Moreover, the lack of documents from the Defendants will render it very difficult to take the Defendants' depositions if and when the witnesses are made available.

Dated: April 23, 2015        Respectfully Submitted,

BY:      /s/ Russ M. Herman
Russ M. Herman (LA Bar No. 6819) (On the Brief)
Leonard A. Davis (LA Bar No. 14190) (On the Brief)
Stephen J. Herman (LA Bar No. 23129) (On the Brief)
Herman, Herman & Katz, LLC
820 O'Keefe Avenue
New Orleans, LA 70113
Phone: (504) 581-4892
Fax: (504) 561-6024
ldavis@hhklawfirm.com
*Plaintiffs' Liaison Counsel*
*MDL 2047*

Arnold Levin (On the Brief)
Fred S. Longer (On the Brief)
Sandra L. Duggan (On the Brief)
Matthew Gaughan (On the Brief)
Levin, Fishbein, Sedran & Berman
510 Walnut Street, Suite 500
Philadelphia, PA 19106
Phone: (215) 592-1500
Fax: (215) 592-4663
alevin@lfsblaw.com
*Plaintiffs' Lead Counsel*
*MDL 2047*

Gerald E. Meunier (LA Bar No. 9471)
Rachel A. Sternlieb (LA Bar No. 35338)
Gainsburgh, Benjamin, David,
 Meunier & Warshauer, LLC
2800 Energy Centre
1100 Poydras Street
New Orleans, LA 70163-2800
Phone: (504) 522-2304
Fax: (504) 528-9973
gmeunier@gainsben.com
*Co-Counsel for Plaintiffs and PSC Member*

**PLAINTIFFS' STEERING COMMITTEE**

Dawn M. Barrios
Barrios, Kingsdorf & Casteix, LLP
701 Poydras Street, Suite 3650
New Orleans, LA 70139
Phone: (504) 524-3300
Fax: (504) 524-3313
Barrios@bkc-law.com

Daniel E. Becnel, Jr.
Becnel Law Firm, LLC
425 W. Airline Highway, Suite B
Laplace, LA 70068
Phone: (985) 536-1186
Fax: (985) 536-6445
dbecnel@becnellaw.com

Peter Prieto
Podhurst Orseck, PA
25 Flagler Street, 8th Floor
Miami, FL 33130
Phone: (305) 358-2800
Fax: (305) 358-2382
pprieto@podhurst.com

Bruce William Steckler
Steckler LLP
12720 Hillcrest Road, Suite 1045
Dallas, TX 75230
Phone: (972) 387-4040
Fax: (972) 387-4041
bruce@stecklerlaw.com

Ervin A. Gonzalez
Colson, Hicks, Eidson
255 Alhambra Circle, Penthouse
Coral Gables, FL 33134
Phone: (305) 476-7400
Fax: (305) 476-7444
ervin@colson.com

Ben W. Gordon, Jr.
Levin, Papantonio, Thomas, Mitchell
  Echsner & Proctor, PA
316 S. Baylen Street, Suite 600
Pensacola, FL 32502
Phone: (850) 435-7000
Fax: (850) 435-7020
bgordon@levinlaw.com

Hugh P. Lambert
The Lambert Firm
701 Magazine Street
New Orleans, LA 70130
Phone: (504) 581-1750
Fax: (504) 529-2931
hlambert@thelambertfirm.com

Jerrold Seth Parker
Parker Waichman, LLP
3301 Bonita Beach Road
Bonita Springs, FL 34134
Phone: (239) 390-1000
Fax: (239) 390-0055
Jerry@yourlawyer.com

Scott Wm. Weinstein
Morgan & Morgan
12800 University Drive, Suite 600
Ft. Myers, FL 33907
Phone: (239) 433-6880
Fax: (239) 433-6836
sweinstein@forthepeople.com

James Robert Reeves
Reeves & Mestayer, PLLC
160 Main Street
Biloxi, MS 39530
Phone: (228) 374-5151
Fax: (228) 374-6630
jrr@attorneys4people.com

Christopher Seeger
Scott Alan George
Seeger Weiss, LLP
77 Water Street
New York, NY 10005
Phone: (212) 584-0700
Fax: (212) 584-0799
cseeger@seegerweiss.com

Daniel K. Bryson
Whitfield, Bryson & Mason, LLP
900 W. Morgan Street
Raleigh, NC 27603
Phone: (919) 600-5000
Fax: (919) 600-5002
dan@wbmllp.com

Richard J. Serpe
Law Offices of Richard J. Serpe
Crown Center, Suite 310
580 East Main Street
Norfolk, VA 23510-2322
Phone: (757) 233-0009
Fax: (757) 233-0455
rserpe@serpefirm.com

Victor M. Diaz, Jr.
V.M. Diaz and Partners, LLC
119 Washington Ave., Suite 402
Miami Beach, FL 33139
Phone: (305) 704-3200
Fax: (305) 538-4928
victor@diazpartners.com

**OF COUNSEL TO PLAINTIFFS' STEERING COMMITTEE**

Richard S. Lewis
HAUSFELD LLP
1700 K Street, N.W., Suite 650
Washington, DC 20006
Phone: (202) 540-7200
Fax: (202) 540-7201
rlewis@hausfeldllp.com

Anthony D. Irpino (On the Brief)
Pearl Robertson (On the Brief)
IRPINO LAW FIRM
2216 Magazine Street
New Orleans, LA 70130
Phone: (504) 525-1500
Fax: (504) 525-1501
airpino@irpinolaw.com

Andrew A. Lemmon
Lemmon Law Firm, LLC
P.O. Box 904
15058 River Road
Hahnville, LA 70057
Phone: (985) 783-6789
Fax: (985) 783-1333
andrew@lemmonlawfirm.com

**CERTIFICATE OF SERVICE**

     I hereby certify that the above and foregoing has been served on Defendants' Liaison Counsel, Kerry Miller, by e-mail and upon all parties by electronically uploading the same to LexisNexis File & Serve in accordance with Pre-Trial Order No. 6, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2047 on this 23rd day of April, 2015.

          Respectfully Submitted,

          BY: /s/ Leonard A. Davis
              Leonard A. Davis
              Herman, Herman & Katz, LLC
              820 O'Keefe Avenue
              New Orleans, LA 70113
              Phone: (504) 581-4892
              Fax: (504) 561-6024
              ldavis@hhklawfirm.com

              *Plaintiffs' Liaison Counsel*
              *MDL 2047*