**MINUTE ENTRY**
**FALLON, J.**
**APRIL 24, 2015**

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

|  |  |
|---|---|
| IN RE: CHINESE MANUFACTURED DRYWALL PRODUCTS LIABILITY LITIGATION | MDL NO. 2047 |
|  | SECTION "L" |

**THIS DOCUMENT RELATES TO: ALL CASES**

**MINUTE ENTRY**

On this date, the Court held a telephone status conference regarding issues of class discovery. The hearing was transcribed by Ms. Toni Tusa, Official Court Reporter.  Counsel may contact Ms. Tusa at (504) 589-7778 to request a copy of the transcript.

Russ Herman, Arnold Levin, Lenny Davis, Jerry Meunier, Fred Longer, Sandy Dugan and Madelyn O'Brien participated on behalf of the Plaintiffs' Steering Committee. Bernard Taylor, Michael Kenny, Sean Simmons, and Christina Eikhoff participated on behalf of Taishan. Michael Moore, Harry Rosenberg, and Richard Fenton participated on behalf of BNBM. Chris Vejnoska, Andrew Davidson, and Donna Currault participated on behalf of CNBM. Kerry Miller participated on behalf of Knauf. The parties discussed the status of discovery.

The Court gave the parties cut-off dates for the June 9, 2015 damages hearing. Accordingly, **IT IS ORDERED** that any witness testifying at the June 9, 2015 hearing may be deposed no later than **fourteen days prior** to June 9, 2015.

JS10(00:55)

**IT IS FURTHER ORDERED** that any document to be relied upon at the June 9, 2015 hearing must be exchanged with opposing counsel no later than **eighteen days prior** to June 9, 2015.

**IT IS FURTHER ORDERED** that witness lists for the June 9 hearing must be submitted no later than **twenty-one days prior** to June 9, 2015.

As explained in the telephone status conference, there are two tracks of these proceedings regarding which the Court has ordered the parties to focus discovery: (1) the Court's July 17, 2015 contempt order; and (2) class damages. For the former, the parties must focus the present discovery on (a) which, if any, entities constitute "affiliates," and (b) whether any such affiliate(s) conducted any business in the United States subsequent to the Court's July 17, 2015 order. For the latter, the parties must focus discovery on class damages. As the Court has required the parties to limit discovery accordingly, as explained during the telephone status conference, **IT IS ORDERED** that the motions for protective orders, (Rec. Docs. 18680, 18681), are **DENIED AS MOOT**.

**IT IS FURTHER ORDERED** that the PSC's motion to compel, (Rec. Doc. 18609), is **DENIED AS MOOT**. The parties are working together to coordinate the discovery at the center of the PSC's motion.

BNBM explained that it may soon file several motions regarding defenses. If BNBM files any such motion, the Court will consider it while maintaining the present two-track proceedings. In the event additional discovery is needed to assess any such motion filed by BNBM, the Court may find reason to authorize additional discovery.

**IT IS FURTHER ORDERED** that the parties must meet and confer to discuss a trial plan, (*See* Rec. Doc. 18753 – the PSC's Second Revised Trial Plan).

