UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **IN RE: CHINESE-MANUFACTURED DRYWALL PRODUCTS LIABILITY LITIGATION** | **MDL NO. 2047**<br>**SECTION: L**<br>**JUDGE FALLON**<br>**MAG. JUDGE WILKINSON** |
| **THIS DOCUMENT RELATES TO: ALL CASES** | |

PEOPLE'S REPUBLIC OF CHINA
CITY OF BEIJING

<u>DECLARATION OF XIANFENG YU</u>

This declaration is made in accordance with and pursuant to 28 U.S.C. § 1746.

I, XIANFENG YU, declare under penalty of perjury under the laws of the United States of America that the following statements are true and correct:

1.  I am over eighteen (18) years of age, am competent to testify to the matters contained herein, and have personal knowledge of these facts.  My native language is Chinese.  While I can use some English, my English level, especially my listening and speaking English, is quite low as it is a foreign language to me.  I signed a Chinese version of this Declaration as well as the English version of this Declaration after it was translated for me by a translator with the law firm of Dentons U.S. LLP.

2.  I am the Deputy General Manager in charge of international business for Beijing New Building Material (Group) Co., Ltd. ("BNBM Group").  I have held this position at BNBM Group since 2000.  I am responsible for BNBM Group's international business, including the import and export business.

3.  BNBM Group has not manufactured any drywall since 1997.

EXHIBIT 2

4.  As a building material supply company, BNBM Group sells drywall manufactured by other companies including Beijing New Building Materials Public Limited Company ("BNBMPLC") and Taishan Gypsum Co., Ltd. ("Taishan").  However, BNBM Group has not sold any Taishan drywall to customers in the United States.  Moreover, other than a potential delivery of a trial sample of drywall to the United States in 2004, BNBM Group has not sold any drywall to customers in the United States since 2001.

5.  BNBM Group has also served as an export agent for drywall manufacturers selling their products outside of China, but, with the three limited exceptions discussed below, it has not served as an export agent for drywall exports to the United States since 2001.

6.  BNBM Group has never had any office in the United States.

7.  BNBM Group has never been incorporated in any state in the United States.

8.  BNBM Group has never registered to do business in the United States.

9.  BNBM Group has never owned or leased any property in the United States.

10. BNBM Group has never paid taxes in the United States.

11. BNBM Group has never solicited drywall sales or business in the United States.

12. In 2005 and 2006, BNBM Group entered into three separate agreements with BNBMPLC to serve as an export agent for BNBMPLC regarding drywall sales by BNBMPLC to customers located in the United States.

13. In 2005 and 2006, BNBMPLC had been contacted by three different Unites States customers about purchasing drywall.  Based on my understanding at that time, BNBMPLC did not have sufficient qualifications to export to the United States and, therefore, BNBMPLC entered into a contract with BNBM Group to provide export agency services on the transactions.

14. An export agent does not negotiate contracts for sale.  It completes the customs declaration formalities in its own name and collects the payment on behalf of the seller. Because the export agent has the qualifications to export the goods, pursuant to China's export regulations it executes the sale contract on behalf of the seller.  This is the common practice in the import and export business in China.

15. For each of the three export transactions in 2005 and 2006, BNBM Group charged BNBMPLC its normal agency fees for providing such export agency services.  Each of the three export agency agreements was an arms length transaction.

16. BNBM Group never took physical possession of the drywall for these exports.

17. Other than to inspect for damage occurring during transportation to the shipping port, BNBM Group never physically inspected the drywall for these exports.  The drywall was packaged by the seller.

18. Two of the customers designated the shipments to be made to Florida and one customer designated the shipment be made to California.  The sales contracts indicated the customers resided in Florida and California.

19. No BNBM Group employee ever traveled to the United States relating to these transactions.

20. BNBM Group has never served as an export agent for any sales of Taishan drywall to the United States.

21. BNBM Group has never made any sales of drywall or any other products, nor served as an export agent for any sales of drywall or any other products, to customers in the states of Virginia or Louisiana.

22. BNBM Group has never imported any product, nor served as an import agent for any product, from suppliers in the states of Virginia, Louisiana or Florida.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on April _____, 2015

XIANFENG YU

美国路易斯安那州东区联邦地区法院

| | |
|---|---|
| 关于：中国制造石膏板产品责任诉讼 | 案件编号：**MDL NO. 2047**<br>第**L**部分<br>**FALLON**法官<br>**WILKINSON**治安法官 |
| 该文件涉及：所有案件 | |

中华人民共和国
北京市

于险峰声明

本声明系根据《美国法典》第 28 编第 1746 节作出。

本人，于险峰，根据美利坚合众国法律项下的伪证处罚规定作出声明，以下陈述真实、正确：

1. 我已年满十八（18）周岁，有能力证明本声明所述事项，且本人知晓本声明中所列明的事实。我的母语为中文。我能够使用一些英语，但我的英语水平比较低，尤其是听力和口语，因为英语对于我而言是一门外语。我签署了本声明的中文版本以及经 Dentons U.S. LLP 律师事务所的翻译人员为我进行翻译后的英文版本。

2. 我现任北新建材集团有限公司（"北新集团"）的副总经理，负责国际业务。我自 2000 年起在北新集团担任该职务。我负责北新集团的国际业务，包括进出口业务。

3. 北新集团自 1997 年起不再生产任何石膏板。

4. 作为一家建筑材料供应商，北新集团出售包括北新集团建材股份有限公司（"北新建材"）及泰山石膏股份有限公司（"泰山石膏"）在内的其他公司生产的石膏板。然而，北新集团从未向美国的客户销售过任何泰山石膏的石膏板。此外，除 2004 年可能向美国装运过一批试用样品外，自 2001 年起，北新集团未再向美国的客户销售过任何石膏板。

1

5. 北新集团也作为向中国境外出售产品的石膏板生产商的出口代理商，但是，除下文讨论的三个有限的例外之外，北新集团自 2001 年起未作为出口代理商向美国出口过石膏板。

6. 北新集团从未在美国拥有过任何办公场所。

7. 北新集团从未在美国任何州注册成立过。

8. 北新集团从未在美国登记开展业务。

9. 北新集团从未在美国拥有或租赁过任何物业。

10. 北新集团从未在美国纳税。

11. 北新集团从未在美国招揽过石膏板销售或业务。

12. 在 2005 年和 2006 年，北新集团与北新建材签署了三份单独的协议，由北新集团作为北新建材的出口代理商，为北新建材就其向位于美国的客户销售石膏板提供出口代理服务。

13. 在 2005 年和 2006 年，北新建材被三个不同的美国客户联系购买石膏板事宜。根据我当时的理解，北新建材并不具备向美国进行出口的充分资质，因此，北新建材与北新集团签署协议，由北新集团为该等交易提供出口代理服务。

14. 出口代理商无需洽谈销售合同。其以自己的名义履行报关手续并代表卖方收取货款。因为出口代理商有资质出口货物，根据中国的出口规定，其代表卖方签署销售合同。这在中国的进出口业务中是常规作法。

15. 就在前述 2005 年和 2006 年的三笔出口交易中提供的出口代理服务，北新集团向北新建材收取正常的代理费用。三份出口代理协议均为公允交易。

16. 就该等出口交易，北新集团从未实际占有过相关石膏板。

2

17. 就该等出口交易，除了检查运往装运港途中产生的损坏之外，北新集团未实际对相关石膏板进行检查。石膏板均由卖方进行包装。

18. 其中，两名客户指定将石膏板运送至佛罗里达州，一名客户指定将石膏板运送至加利福尼亚州。销售合同显示该等客户位于佛罗里达州和加利福尼亚州。

19. 北新集团的员工未就该等交易前往过美国。

20. 北新集团从未就任何销往美国的泰山石膏的石膏板担任出口代理商。

21. 北新集团从未向位于弗吉尼亚州或路易斯安那州的客户出售过任何石膏板或任何其他产品，也从未作为出口代理商向位于弗吉尼亚州或路易斯安那州的客户出售过任何石膏板或任何其他产品。

22. 北新集团从未向位于弗吉尼亚州、路易斯安那州或佛罗里达州的供应商进口过任何产品，也从未作为进口代理商向位于弗吉尼亚州、路易斯安那州或佛罗里达州的供应商进口过任何产品。


本人根据美利坚合众国法律项下的伪证处罚规定作出声明，上述内容真实、正确。

于 2015 年 4 月 ＿20＿ 日签署

于险峰

3