UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: CHINESE-MANUFACTURED DRYWALL PRODUCTS LIABILITY LITIGATION | * * * * | MDL No. 2047  SECTION L |
| THIS DOCUMENT APPLIES TO ALL CASES | * * * | JUDGE FALLON  MAGISTRATE JUDGE WILKINSON |

******************************************

**NON-PARTY JPMORGAN CHASE & CO.'S MEMORANDUM
IN RESPONSE TO THE PLAINTIFFS' STEERING COMMITTEE'S EMERGENCY
MOTION FOR EXPEDITED RETURN ON DISCOVERY REQUESTS AND
SHORTENED TIME TO NOTICE DEPOSITIONS**

Non-Party, JPMorgan Chase & Co., respectfully submits this Memorandum in Response to the Emergency Motion for Expedited Return on Discovery Requests and Shortened Time to Notice Depositions filed by the Plaintiffs' Steering Committee (the "PSC"). (Rec. Doc. No. 18768.)

Even though JPMorgan Chase & Co. has previously appeared in this proceeding through counsel in connection with other third-party discovery requests by the PSC, the PSC neglected to provide any advance notice to counsel for JPMorgan Chase & Co. that the PSC intended to resume third-party discovery against JPMorgan Chase & Co. Indeed, only through monitoring the ECF filings on this matter did counsel learn that the PSC had issued another Notice of Deposition and Subpoena to JPMorgan Chase & Co. and that the PSC was moving for expedited discovery.

In any event, JPMorgan Chase & Co. suggests that a briefing schedule – rather than an *ex parte* order – is particularly appropriate given that the PSC is well aware of counsel's representation of JPMorgan Chase & Co. and given that the PSC did not provide any notice to

1

counsel for JPMorgan Chase & Co. of its desire to take expedited discovery of JPMorgan Chase & Co.

JPMorgan Chase & Co. fully acknowledges and appreciates the Court's desire to expeditiously advance this litigation and that the Court has previously allowed certain expedited discovery. That said, JPMorgan Chase & Co. has a number of objections that it would raise in response to the PSC's discovery and/or grounds for a motion to quash. Because counsel for JPMorgan Chase & Co. only learned this morning of the requested discovery and the motion to expedite, JPMorgan Chase & Co. has not had sufficient time to fully prepare its objections or a motion for protective order. Accordingly, JPMorgan Chase & Co. submits this brief response to apprise the Court of JPMorgan Chase & Co.'s objections to the third-party discovery requests and the PSC's motion for expedited discovery.

Among other things, JPMorgan Chase & Co. believes that the PSC's discovery is contrary to the Court's prior ruling in which the Court held that the PSC cannot proceed with third-party discovery against JPMorgan Chase & Co. without adequately demonstrating that JPMorgan Chase & Co. has custody or control over documents and information that might be possessed by a JPMorgan Chase & Co. subsidiary. (Rec. Doc. 10854, at 15.)

In addition, although the PSC claims in its motion that it has information that "the Taishan Affiliates and Subsidiaries held investments and ownership interests in JPMorgan Chase & Co. and Morgan Stanley," the PSC does not provide any evidence or information to support this assertion. Nor does the PSC provide any specifics as to which Taishan Affiliate supposedly has an ownership interest in which JPMorgan Chase & Co. entity. And the discovery requests issued by the PSC require JPMorgan Chase & Co. to produce documents and a corporate representative to testify about potential investments and ownership interests by 66 separate

entities allegedly related to Taishan. Further, the Subpoena requires JPMorgan Chase & Co. to search for and produce all of these documents for all of these entities throughout the entire JPMorgan Chase & Co. corporate family, which itself includes scores of separate and distinct legal entities. Under these circumstances, the Subpoena is overbroad and unduly burdensome, particularly when the PSC has not offered to reimburse JPMorgan Chase & Co. the cost and expense that would be incurred to comply with the Subpoena.

Finally, JPMorgan Chase & Co. believes that it is improper to seek this third-party discovery when the Defendants have appeared in this proceeding and are engaging in discovery with the PSC. All of the documents and information sought by the PSC in its third-party subpoena should be obtained from the Defendants.

For the foregoing reasons, JPMorgan Chase & Co. respectfully requests that the Court issue a briefing schedule and/or set a hearing with respect to the PSC's request for expedited discovery from JPMorgan Chase & Co.

        Respectfully submitted,

        /s/ Gabriel A. Crowson
        Michael D. Ferachi (#19566)
        Gabriel A. Crowson (#28009)
        **McGlinchey Stafford, PLLC**
        601 Poydras Street, 12th Floor
        New Orleans, Louisiana 70130
        Telephone: (504) 586-1200
        Fax: (504) 596-2800

        *Counsel for Non-Party, JPMorgan Chase & Co.*

## **CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing was served on all counsel of record, via the Court's ECF system, this 29th day of April, 2015.

/s/ Gabriel A. Crowson
Gabriel A. Crowson
