UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: CHINESE-MANUFACTURED DRYWALL PRODUCTS LIABILITY LITIGATION | ) | MDL NO. 2047 |
| | ) | SECTION: L |
| | ) | JUDGE FALLON<br>MAG. JUDGE WILKINSON |

**THIS DOCUMENT RELATES TO ALL CASES**

**THE PLAINTIFFS' STEERING COMMITTEE'S REQUEST IN LIGHT OF RECENT FILINGS TO ADDRESS THE SCOPE OF DISCOVERY FROM THE TAISHAN DEFENDANTS, BNBM DEFENDANTS, AND CNBM DEFENDANTS DURING THE TELEPHONE CONFERENCE WITH THE COURT ON APRIL 30, 2015**

**MAY IT PLEASE THE COURT:**

The Plaintiffs' Steering Committee ("PSC") requests in light of recent filings that the Court address the production of certain witnesses at depositions and the scope of examination of: Taishan Gypsum Co., Ltd. ("Taishan") and Tai'an Gypsum Plasterboard Company, Ltd. ("TTP") (together, the "Taishan Defendants"); Beijing New Building Materials Public Limited Company ("BNBM") and Beijing New Building Material (Group) Co., Ltd. ("BNBM Group") (together, the "BNBM Defendants"); and China National Building Materials Group Corporation ("CNBM Group"), China National Building Materials Company Limited ("CNBM"), China National Building Materials & Equipment Import & Export Corporation ("CNBM Trading"), China National Building Materials (USA) ("CNBM (USA)"), China National Building Materials Forest Products (Canada) ("CNBM Forest (Canada)"), and United Suntech Craft, Inc. ("Suntech") (together the "CNBM Defendants").

At the telephone status conference on April 24, 2015, the Court advised all parties that:

"All the depositions, from any witness that anybody plans to put on, must be taken no later than fourteen (14) days prior to the hearing. That's May 26. If they aren't made available for depositions, they can't testify at the hearing." April 24, 2015 Hearing Transcript at p. 6, lines 4-8. Furthermore, the Court advised all parties that: "Any document to be used at the hearing must be exchanged no later than eighteen (18) days before the hearing. If that's not done, then clearly they are not going to be used. The list of witnesses to be used and documents to be used at the hearing must be produced twenty-one (21) days before the hearing or at least May 19." *Id.* at p. 6, lines 9-13. The Court suggested that the documents be produced on a rolling basis and that the parties: "don't wait [un]til the last moment to give everybody the documents." *Id.* at p. 6, lines 14-16.

Counsel for Taishan and the other Defendants have advised that various witnesses have begun the process of obtaining visas and passports so that witnesses can travel to the United States and have their depositions taken in New Orleans, Louisiana. Unfortunately, however, to date, not one of the Defendants has provided a date certain for the taking of any deposition of any of their witnesses. Based on the Defendants' representations to the PSC that they intend to offer their witnesses for deposition beginning on or about May 11, 2015, the PSC has arranged for court reporters and translators to stand by.[1] On April 23, 2015 at 11:35 a.m., Arnold Levin, Lead Counsel for Plaintiffs, advised Counsel for the Taishan, BNBM, and CNBM Defendants that based on their representations, the PSC was in the process of ordering translators for witnesses' depositions commencing May 11, 2015, with the intention they would proceed on two tracks

---

[1] Arrangements have been made with the same court reporters and translators who previously participated in the Taishan depositions in Hong Kong, which were overseen by the Honorable Eldon E. Fallon.

contemporaneously, and, further, that if the depositions did not proceed, the cost of the translators would be Defendants' responsibility [*see* attached Exhibit "A"].

The PSC does not want unnecessary delay and expense to occur in connection with the taking of these depositions. In order to streamline this process, the PSC has identified a number of witnesses and focused areas of examination (*see*, *e.g.*, Amended Notices of Deposition [Rec. Doc. Nos. 18641, 18642, 18643, 18644, 18645, 1864, 18649, 18650, 18651, 18652 & 18654] and The Plaintiffs' Steering Committee's Statement Regarding Outstanding Expedited Discovery Requests [Rec. Doc. No. 18724]). During the telephone status conference on April 24, 2015, Counsel for the Taishan Defendants, Mr. Taylor, stated:

> **MR. TAYLOR:** It's our understanding, Your Honor, that the testimony the witness will be given will be narrowed in scope to the testimony regarding our affiliates and whether or not we were doing business in the US between July 17, 2014, and the time when we paid the judgment. That's what we are preparing the witness on.

April 24, 2015 Hearing Transcript p. 22, lines 15-20.

The PSC has repeatedly expressed concern regarding Defendants' assertions that they intend to challenge the Court's Findings of Fact and Conclusions of Law regarding alter ego, as well as their defenses of personal jurisdiction and sovereign immunity. Further, the PSC has repeatedly expressed concern that the documents requested of Defendants in advance of the depositions have not been timely produced despite numerous requests by the PSC (*see* April 24, 2015 Hearing Transcript and status reports filed with the Court). Most importantly, the Defendants have yet to produce any custodial files or emails of the witnesses requested by Plaintiffs, and no Defendant has produced a Privilege Log, as required.

The Court expressed its intention regarding the June 9, 2015 hearing on the class damages aspect of the case during the April 24, 2015 status conference as follows:

> **THE COURT:** I have got two tracks that I told you all about. The first track, Bernard, you are right, the only thing I want this guy to be talking about is who the affiliates are, whether the affiliates did business in the United States between those particular dates. That's what it is.
>
> Now, at the same time, we have also a hearing set in the damage aspect of the case. My understanding of that hearing, at least at this time, is that that's what we will be dealing with, the damage aspect of the case. Now, if other issues are raised during that particular time, then I'm going to have to reevaluate the discovery aspect of those matters. Right now all I'm hearing is the damage aspect of the case. If you want to find out what the plaintiffs' expert is going to say about the damage aspect of the case, take his deposition. If you have an expert regarding the damage aspect of the case, they can take the deposition of your expert. If you are going to raise issues that are outside the damage aspect of the case, that may open a whole new area of discovery for everybody. I'm not dealing with that at this time. If it is going to be an issue, then depositions have to be taken regarding what position you're taking and why you're taking it and that the plaintiffs have an opportunity to examine and cross-examine the witnesses who will support that particular position. Just your saying it is not going to do anything. You are going to have to prove it. In order to prove it, you have to show documents, you have to show witnesses or produce witnesses, and they have a right to examine the witnesses. Presently, I'm not at that part. What I'm at now is the trial of the damage aspect of the case. Now, when that's packaged and it's issued, you can take another position as to whether or not to appeal whatever - I don't know how you can appeal certification of the class because it's too late to do that. The deadline has passed. You can appeal the damage aspect of the case. That, I guess, is appealable. I'm not at this stage where we are opening the whole proceeding up again. I tried my best to get Taishan and BNBM and CNBM involved in the case long before this. It's been about five or six years. Almost every time I have done my best to keep them advised of it. When they walk away from me, I even after that tried to keep them advised of it through their counsel. They fire their counsel; I don't let their counsel go. I tell their counsel, "Stay in the case because I want you to continue to advise Taishan, BNBM, CNBM about the information." So notwithstanding that, they let the dates go for appeal, they let the dates go, and then at the last moment, the last minute of the hearing, somebody shows up out of breath saying they have just entered the case and need some additional time. I understand the problem, but somewhere along the line Taishan and CNBM and BNBM have to

> understand that they have created this problem. I'm trying to deal with what we have before us. That's what I see before us. I see the damage aspect of the case proceeding on June 9.

April 24, 2015 Hearing Transcript p. 23, line 20, through p. 25, line 23.

The CNBM Defendants, despite comments from the Court, have not as of this date filed any dispositive motions regarding sovereign immunity, alter ego, or jurisdiction. The BNBM Defendants, however, filed early this morning – less than six weeks before the class damages hearing – motions to dismiss for lack of personal jurisdiction and lack of service [*see* Rec. Doc. Nos. 18774, 18775, 18776] and a joint motion to vacate entries of preliminary default [Rec. Doc. No. 18777]. Glaringly absent from BNBM's motions is any reference to this Court's findings, in its 142-page opinion on personal jurisdiction and alter ego, regarding BNBM USA's successful efforts to procure sales of Taishan's drywall to Wood Nation, Inc. in Tampa, Florida. *See In re Chinese-Manufactured Drywall Prods. Liab. Litig.*, 894 F. Supp. 2d 829, 878-79 (E.D. La. 2012), *aff'd*, 742 F.3d 576 (5th Cir. 2014) and 753 F.3d 521 (5th Cir. 2014).

In their motions to dismiss, the BNBM Defendants claim they were never served with the Chinese Drywall Omnibus Complaints, which is outrageous given the fact that James Stengel, from the Orrick law firm that now represents the CNBM Defendants in these proceedings, wrote to Arnold Levin on October 13, 2010 to inform the PSC that BNBM had retained Mr. Stengel as their national counsel to represent them in this litigation and he was aware of and inquired about a conference before Judge Fallon [*see* Rec. Doc. No. 18475-4 (Herman Aff. Ex. 144) (attached as Exhibit "B")]. Moreover, the Defendants' public announcements to their shareholders regarding the Chinese Drywall litigation in the United States and the sums expended by the BNBM Defendants on attorneys' fees for this litigation belie their claims of ignorance of these

proceedings.[2] Furthermore, Taishan's Chairman Jia Tongchun wears several hats, including as a Board Member of BNBM, giving BNBM imputed if not actual knowledge of this litigation since its inception.[3] It is clear from the Privilege Log of Taishan's former Counsel Hogan Lovells that as early as 2009, BNBM was speaking with lawyers in the U.S. regarding these proceedings.[4] Despite BNBM's allegations of improper service, the PSC did in fact make numerous attempts to serve both BNBM Group and BNBM with the various Omnibus complaints through the Hague Convention, and each and every time, these Defendants thwarted service. For this reason, the PSC also sent all relevant pleadings, as well as the orders of default judgment, to the Defendants via Federal Express.[5]

With regard to jurisdiction, the Plaintiffs previously were stymied in their efforts to obtain discovery regarding the BNBM and CNBM Defendants [*see* Rec. Doc. No. 14215 (PSC Global Statement of Facts at 88-89)]. Even now, the BNBM Defendants have submitted affidavits of new witnesses in support of their motions to dismiss and motion to vacate, whom they did not

---

[2] *See* Chart summarizing Payments of Attorneys' Fees for "US Litigation on Use of Chinese Drywall" paid by BNBM for 2010-2014 [attached as Exhibit "C"].

[3] *See* BNBM Board of First Extraordinary General Meeting of Shareholders for the Year 2007 of Shandong Taihe Dongxin Co., Ltd. (TG0020715) (Herman Aff. Ex. 135); *see also* Order & Reasons, at 22-25 (attached as Exhibit "D") and Rec. Doc. Nos. 8685, 8695, 8755, 8765, 8758, 8792, 10174.

[4] In fact, the Privilege Log and the documents produced by Hogan Lovells in connection with the law firm's motion to withdraw reveal multiple communications between the law firm, Taishan, and Taishan's parent BNBM (Zhucai Chen, Bian Ziqiang & Tao Zheng), only five days after Taishan was served with process on August 8, 2009. These early communications specifically addressed, "case status, litigation assessment, and/or recommendations for possible retention of counsel for BNBM and/or CNBM." *See*, *e.g.*, Privilege Log at No. 10, p. 3.

[5] At such time as the PSC has an opportunity to respond to BNBM's motions, the tortured history of the PSC's attempts to serve not only the BNBM Defendants, but also the CNBM Defendants, with Plaintiffs' complaints through the prolix process of the Hague Convention will be laid out in detail.

previously offer as witnesses for deposition in connection with the alter ego and contempt discovery [*see* Affidavits of Kai Cai (former Assistant General Manager for International Business of BNBM PLC) [Rec. Doc. Nos. 18774-7, 18776-8, 18777-7], Yanjung Yang (Deputy General Manager & Chief Financial Officer of BNBM PLC) [Rec. Doc. Nos. 18774-8, 18776-9, 18777-14], and Xianfeng Yu [Rec. Doc. No. 18777-8].

Because the scope of interrogation of Defendants' witnesses is limited at this time, as stated at the April 24, 2015 status conference, to affiliate activity in the United States during an eight-month period beginning July 17, 2014, the PSC advises that it intends to take additional depositions on the following issues in order to respond to the dispositive motions of the BNBM Defendants (and any similar motions of the CNBM Defendants, when filed) regarding alter ego, service, and jurisdiction. The PSC is mindful that a number of witnesses will be traveling to the United States and, therefore, the PSC advises that Defendants will need to produce these and other fact witnesses at their own expense for interrogation, after a complete document production by the Defendants, on the following areas, in New Orleans, Louisiana, after the June 9, 2015 trial, in order for the PSC to have an opportunity to properly address the motion to vacate the default judgments, personal jurisdiction and service issues, and possibly sovereign immunity:

1. Notice of, communications about and/or involvement with the Chinese Drywall litigation;

2. Alter ego relationships and single business enterprise;

3. The relationship between each company and the government of China;

4. Targeting the relevant jurisdictions for sales of Defendants' products;

5. Minimum contacts;

6. Personal jurisdiction; and

7. Due process.

Further, BNBM PLC contends in its motion to dismiss that "Taishan is not undercapitalized." [Rec. Doc. No. 18774-3 at 8]. However, as recently as July 13, 2014, Taishan represented to its then-Counsel, Hogan Lovells, that it could not afford Hogan Lovells' services [*see* July 13, 2014 Memo to Joe Cyr from Taishan Gypsum Co., Ltd. [Chop] (HL00000220) (attached as Exhibit "E") (filed under seal)]. Query: Which of these two contentions is the lie? Finally, the PSC submits that it may be appropriate to consider having the Defendants post a bond.

Dated: April 29, 2015

Respectfully Submitted,

/s/ Russ M. Herman
Russ M. Herman, Esquire (on the brief)
Leonard A. Davis, Esquire (on the brief)
Stephen J. Herman, Esquire
HERMAN, HERMAN & KATZ, LLC
820 O'Keefe Avenue
New Orleans, LA 70113
Phone: (504) 581-4892
Fax: (504) 561-6024
Ldavis@hhklawfirm.com
*Plaintiffs' Liaison Counsel*
*MDL 2047*

Arnold Levin, Esquire (on the brief)
Fred S. Longer, Esquire (on the brief)
Sandra L. Duggan, Esquire (on the brief)
Matthew Gaughan, Esquire (on the brief)
Levin, Fishbein, Sedran & Berman
510 Walnut Street, Suite 500
Philadelphia, PA 19106
215-592-1500 (phone)
215-592-4663 (fax)
Alevin@lfsblaw.com
*Plaintiffs' Lead Counsel*
*MDL 2047*

**PLAINTIFFS' STEERING COMMITTEE**

Dawn M. Barrios
Barrios, Kingsdorf & Casteix, LLP
701 Poydras Street, Suite 3650
New Orleans, LA 70139
Phone: (504) 524-3300
Fax: (504) 524-3313
Barrios@bkc-law.com

Daniel E. Becnel, Jr.
Becnel Law Firm, LLC
425 W. Airline Highway, Suite B
Laplace, LA 70068
Phone: (985) 536-1186
Fax: (985) 536-6445
dbecnel@becnellaw.com
Peter Prieto
Podhurst Orseck, P.A.
25 Flagler Street, 8th Floor
Miami, FL 33130
Phone: (305) 358-2800
Fax: (305) 358-2382
pprieto@podhurst.com

Bruce William Steckler
Steckler, LLP
12720 Hillcrest Road, Ste 1045
Dallas, TX 75230
Phone: (972) 387-4040
Fax: (972) 387-4041
bruce@stecklerlaw.com

Ervin A. Gonzalez
Colson, Hicks, Eidson
255 Alhambra Circle, Penthouse
Cora Gables, FL 33134
Phone: (305) 476-7400
Fax: (305) 476-7444
ervin@colson.com

Ben W. Gordon, Jr.
Levin, Papantonio, Thomas, Mitchell
Echsner & Proctor, P.A.
316 S. Baylen Street, Suite 600
Pensacola, FL 32502
Phone: (850) 435-7000
Fax: (850) 435-7020
bgordon@levinlaw.com

Hugh P. Lambert
The Lambert Firm
701 Magazine Street
New Orleans, LA 70130
Phone: (504) 581-1750
Fax: (504) 529-2931
hlambert@thelambertfirm.com

Gerald E. Meunier
Gainsburgh, Benjamin, David, Meunier
& Warshauer, LLC
2800 Energy Centre, 1100 Poydras Street
New Orleans, LA 70163-2800
Phone: (504) 522-2304
Fax: (504) 528-9973
gmeunier@gainsben.com

Jerrold Seth Parker
Parker Waichman, LLP
3301 Bonita Beach Road
Bonita Springs, FL 34134
Phone: (239) 390-1000
Fax: (239) 390-0055
Jerry@yourlawyer.com

Scott Wm. Weinstein
Morgan & Morgan
12800 University Drive, Suite 600
Ft. Meyers, FL 33907
Phone: (239) 433-6880
Fax: (239) 433-6836
sweinstein@forthepeople.com

James Robert Reeves
Reeves & Mestayer, PLLC
160 Main Street
Biloxi, MS 39530
Phone: (228) 374-5151
Fax: (228) 374-6630
jrr@attorneys4people.com

Christopher Seeger
Seeger Weiss, LLP
77 Water Street
New York, NY 10005
Phone: (212) 584-0700
Fax: (212) 584-0799
cseeger@seegerweiss.com

Daniel K. Bryson
Whitfield, Bryson & Mason, LLP
900 W. Morgan Street
Raleigh, NC 27603
Phone: (919) 600-5000
Fax: (919) 600-5002
dan@wbmllp.com

Richard J. Serpe
Law Offices of Richard J. Serpe
Crown Center, Ste. 310
580 East Main Street
Norfolk, VA 23510-2322
Phone: (757) 233-0009
Fax: (757) 233-0455
rserpe@serpefirm.com

Victor M. Diaz, Jr.
V.M. Diaz and Partners, LLC
119 Washington Ave, Suite 402
Miami Beach, FL 33139
Phone: (305) 704-3200
Fax: (305) 538-4928
victor@diazpartners.com

**OF COUNSEL TO PLAINTIFFS' STEERING COMMITTEE**

Richard S. Lewis
HAUSFELD LLP
1700 K Street, N.WSuite 650
Washington, DC 20006
Phone: (202) 540-7200
Fax: (202) 540-7201
rlewis@hausfeldllp.com

Anthony D. Irpino
IRPINO LAW FIRM
2216 Magazine Street
New Orleans, LA 70130
Phone: (504) 525-1500
Fax: (504) 525-1501
airpino@irpinolaw.com

Andrew A. Lemmon
Lemmon Law Firm, LLC
P.O. Box 904
15058 River Road
Hahnville, LA 70057
Phone: (985) 783-6789
Fax: (985) 783-1333
andrew@lemmonlawfirm.com

**CERTIFICATE OF SERVICE**

I hereby certify that the above and foregoing pleading has been served on Defendants' Liaison Counsel, Kerry Miller, by U.S. Mail and e-mail or by hand delivery and e-mail and upon all parties by electronically uploading the same to LexisNexis File & Serve in accordance with Pre-Trial Order No. 6, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2047, on this 29th day of April, 2015.

/s/ Leonard A. Davis
Leonard A. Davis
Herman, Herman & Katz, LLC
820 O'Keefe Ave.
New Orleans, LA 70113
PH: (504) 581-4892
Fax: (504) 561-6024
ldavis@hhklawfirm.com