**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF LOUISIANA**

| | | |
|---|---|---|
| In re:  CHINESE-MANUFACTURED | * | MDL 2047 |
| DRYWALL PRODUCTS | * | |
| LIABILITY LITIGATION | * | SECTION L |
| | * | |
| | * | JUDGE FALLON |
| This document relates to All Cases | * | |
| | * | MAGISTRATE JUDGE WILKINSON |
| | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

**BANNER SUPPLY CO.'S MEMORANDUM IN SUPPORT OF ITS MOTION TO ENFORCE INJUNCTION REGARDING CLAIMS BROUGHT BY PLAINTIFFS LORENZO ALVAREZ AND FRANSISCA SALAS**

Defendant Banner Supply Co. ("Banner") files this Memorandum in Support of its Motion to Enforce Injunction Regarding Claims Brought by Plaintiffs Lorenzo Alvarez and Fransisca Salas.

This Court has barred all class members who have not opted out of the Banner entities' class action settlement agreement from prosecuting claims against Banner.  In violation of the Court's order, Plaintiffs, who are class members of the Banner entities' class action settlement agreement, are prosecuting claims arising from, or otherwise related to, the presence of Chinese drywall against Banner in the 11th Judicial Circuit in Miami-Dade County, Florida in the case captioned *Lorenzo Alvarez, et al. v. Mandy's Drywall & Stucco Corporation, et al.*, Case No. 12-35021 CA 20.

For these reasons, as more fully stated below, the Court should enforce its injunction barring claims by Plaintiffs against Banner and further enjoin Plaintiffs from continuing to prosecute their claims against Banner.

**I.     Background**

In the summer of 2011, the Banner entities entered into a class action settlement agreement covering a nationwide class. Doc. No. 10033-3. On July 14, 2011, the Court granted preliminary approval of the Banner entities' class action settlement agreement and to amendments of that agreement on August 11, 2011. Doc. Nos. 9839 & 10064.

In 2012, Plaintiffs filed a Complaint and Action for Damage in the 11th Judicial Circuit in Miami-Dade County Florida in the case captioned *Lorenzo Alvarez, et al. v. Mandy's Drywall & Stucco Corporation, et al.*, Case No. 12-35021 CA 20. Exhibit A (Plaintiffs' Complaint).

On February 7, 2013, the Court issued an Order and Judgment that certified and granted approval of the Banner entities class action settlement agreement with a nationwide class pursuant to Federal Rule of Civil Procedure 23(a), (b)(3) & (e). Doc. No. 16570 at p. 24. Consistent with the Banner entities' class action settlement agreement, the Court found that the "Banner Settlement Class consists of: All persons or entities with claims, known and unknown, against the Settling Defendants arising from, or otherwise related to, Chinese Drywall purchased from, supplied, distributed, marketed, used, sold and/or delivered by Banner." *Id.* The Banner entities' class action settlement agreement defines the settlement class as "all persons or entities with claims, known and unknown, against the Settling Defendants arising from, or otherwise related to, Chinese Drywall purchased from, supplied, distributed, marketed, used, sold and/or delivered by Banner." Doc. No. 10033-3 at p. 2.

The Court further found that "[n]otice was disseminated to the Banner Class pursuant to this Court's Order dated August 11, 2011 [Doc. No. 10064]. All Banner Class Members who did not opt out of the Banner Settlement, or who rescinded their opt-out from the Banner Settlement,

in accordance with this Court's previous orders on or before the date of this Order shall be bound by this Judgment." Doc. No. 16570 at p. 26.

The Court ordered that "[a]ny and all Banner Class Members, including, but not limited to, those who have not properly opted out of the Banner Class, are enjoined and forever barred from maintaining, continuing, prosecuting, and/or commencing [] Litigation, Related Actions, Related Claims, or any action, pending or future, against the Banner Settling Defendants that arises from, concerns, or otherwise relates, indirectly or indirectly, to Chinese Drywall." Doc. No. 16570 at p. 25.

The deadline to opt out of the Banner entities' class action settlement agreement has passed, and Plaintiffs did not opt-out.

Plaintiffs' claims remain pending against Banner in the 11th Judicial Circuit in Miami-Dade County, Florida in the case captioned *Lorenzo Alvarez, et al. v. Mandy's Drywall & Stucco Corporation, et al.*, Case No. 12-35021 CA 20.

## II.     Law and Analysis

It is well settled that a Rule 23(b)(3) class action "bind[s] all class members save those who opt out." *Amchem Prods., Inc. v. Windsor*, 521 U.S. 591, 592 (1997); *Cooper v. Fed. Reserve Bank of Richmond*, 467 U.S. 867, 874 (1984) ("There is of course no dispute that under elementary principles of prior adjudication a judgment in a properly entertained class action is binding on class members in any subsequent litigation."). Similarly, if a class member "fails to opt out by the deadline, he is bound by the court's actions concerning the class, including settlement and judgment." *Klein v. O'Neil, Inc.*, 3-CV-102, 2009 WL 1174638, at *2 (N.D. Tex. April 29, 2009) (citing *Amchem Prods., Inc. v. Windsor*, 521 U.S. at 592-93 and *Reppert v. Marvin Lumber & Cedar Co.*, 359 F.3d 53, 56-57 (1st Cir. 2004)). Therefore, all class members

3

who did not opt-out of the Banner entities' settlement agreement are bound by the settlement agreement's terms and the Court's actions concerning the settlement class.

Plaintiffs are unequivocally members of the Banner class action settlement agreement because their claims "aris[e] from, or [are] otherwise related to, Chinese Drywall purchased from, supplied, distributed, marketed, used, sold and/or delivered by Banner." Doc. No. 10033-3 at p. 2; Exhibit A. The Court's February 7, 2013 Order and Judgment barred plaintiffs who did not opt out of the Banner entities' class action settlement agreement from prosecuting any claim that "arises from, concerns, or otherwise relates, indirectly or indirectly, to Chinese Drywall" against Banner. Doc. No. 16570 at p. 25. Because Plaintiffs did not opt-out of the Banner class action settlement agreement, their claims "arising from, or otherwise related to[] Chinese Drywall" against Banner are barred.

### III. Conclusion

For the foregoing reasons, Banner moves the Court to enforce its injunction barring claims by Plaintiffs against Banner and further enjoin Plaintiffs from continuing to prosecute their claims against Banner.

Respectfully submitted,

**BAKER, DONELSON, BEARMAN,
CALDWELL & BERKOWITZ, PC**

/s/ *Kerry J. Miller*
**KERRY J. MILLER (#24562)
JAMES R. PARISH (#34017)**
201 St. Charles Avenue, Suite 3600
New Orleans, LA 70170
Telephone:    504.566.8646
Facsimile:    504.585.6946
Email:        kjmiller@bakerdonelson.com

**Counsel for Defendant
Banner Supply Co.**

4

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that the above and foregoing pleading has been served upon Russ Herman, Plaintiffs' Liaison Counsel, by email, and to all parties by electronically uploading the same to LexisNexis File & Serve in accordance with Pre-Trial Order No. 6, and that the foregoing was filed with the Clerk of Court of the United States Court for the Eastern District of Louisiana, on this 30th day of April, 2015.

**I ALSO CERTIFY** that this document is being served this day on counsel for Plaintiffs, John R. Sutton, 7721 S.W. 62nd Avenue, Suite 101, South Miami, FL 33143 (jrsuttonlaw@yahoo.com), via email transmission.

/s/ *Kerry J. Miller*
KERRY J. MILLER