## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: CHINESE-MANUFACTURED DRYWALL PRODUCTS LIABILITY LITIGATION | * MDL NO. 2047<br>*<br>* SECTION: L<br>*<br>* JUDGE FALLON<br>* |
| THIS DOCUMENT RELATES TO:<br>ALL CASES | * MAG. JUDGE WILKINSON<br>*<br>* |

**\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \***

### RESPONSE TO EMERGENCY MOTION OF THE PLAINTIFFS' STEERING COMMITTEE FOR EXPEDITED RETURN ON DISCOVERY REQUESTS AND SHORTENED TIME TO NOTICE DEPOSITIONS [REC. DOC. 18768] REGARDING AMENDED NOTICE OF EXPEDITED ORAL AND VIDEOTAPED DEPOSITION PURSUANT TO THE COURT'S DIRECTIVE DURING THE MARCH 17, 2015 SPECIAL HEARING AND MINUTE ENTRY AND ORDER [REC. DOC. 18493]

Non-Party Morgan Stanley submits this Response to the Emergency Motion of the Plaintiffs' Steering Committee for Expedited Oral and Videotaped Deposition Pursuant to the Court's Directive During the March 17, 2015 Special Hearing and Minute Entry and Order [Rec. Doc. 18496] (the "Expedited Motion") seeking expedited discovery from Morgan Stanley, including a document production and deposition on May 18, 2015 [Rec. Doc. 18767] ("the Expedited Notice").[1]

The PSC is well aware that Morgan Stanley has previously objected to its discovery on several bases yet has filed the instant *ex parte* motion asking the Court to permit to go forward without consideration of Morgan Stanley's position.  Morgan Stanley asks that this Court set a

---

[1] This response is submitted solely on behalf of Morgan Stanley, the entity to which Expedited Notice is addressed, and not on behalf of its subsidiaries, divisions, subdivisions, affiliates, independent contractors, consultants or agents, which are included in the definitions of the Expedited Notice.  Morgan Stanley also notes that the Expedited Motion also requests expedited discovery from JP Morgan Chase & Co., which is filing a separate response to the motion.

briefing schedule and/or a telephone conference so that Morgan Stanley may have its objections to the Expedited Notice considered by this Court.

First, Morgan Stanley notes that it has not been served with a copy of the Expedited Motion or the Expedited Notice, yet the PSC has filed an *ex parte* motion seeking expedited discovery from a non-party without any opportunity for hearing.  It is only by chance that the undersigned became aware of the Expedited Motion and Expedited Notice filed by the PSC. This fact is all the more egregious in that the PSC is fully aware that non-party Morgan Stanley has retained counsel in this matter, but failed to provide a courtesy copy of any of these filings. Indeed, at the March 26, 2015 status conference, counsel for the PSC specifically identified counsel for the "Morgan Brothers" in the courtroom (although there is no corporate affiliation between Morgan Stanley and JP Morgan Chase & Co.).  Despite being aware of Morgan Stanley's representation, the PSC failed to communicate with its counsel.[2]

Second, the topics identified for deposition and the documents requested seek information that should be obtained from Taishan and/or its affiliates and subsidiaries.  In the Expedited Motion, the PSC asserts that it has learned that "the Taishan Affiliates and Subsidiaries held investments and ownership interests in JP Morgan Chase & Co. and Morgan Stanley."  *See* Expedited Motion at p. 2.  Taishan and several affiliates and/or subsidiaries have now appeared in this matter, and the PSC can and should obtain the requested information from those entities that are parties to this litigation.  Taishan has represented to this Court that it is "willingly, actively and diligently participating in discovery as the Court directed."  [Rec. Doc. 18765].  Accordingly, if the PSC seeks information regarding investments by Taishan, it should

---

[2] Although Morgan Stanley is appearing for purposes of filing this response memorandum, Morgan Stanley has not agreed to waive service of process (nor has it been asked to do so).  Further, Morgan Stanley reserves it right to object to service of process, if necessary.

endeavor to obtain that information from Taishan and the other defendants in this action.  If the PSC contends that the defendants have failed to produce sufficient information, they may seek recourse through this Court instead of issuing burdensome discovery requests to a non-party.

Third, the PSC have failed to demonstrate that its need to obtain the information outweighs the burden and prejudice to Morgan Stanley.  *See*, *e.g.*, *Anker v. G.D. Searle & Co.*, 126 F.R.D. 515, 521 (M.D.N.C. 1989) (to obtain documents from a third party, plaintiff must show more than just that the documents sought fall within the general scope of discovery; he must show a need for the evidence that outweighs the burden and prejudice to the non-party).

Fourth, the fact that this Court has previously granted similar Expedited Motions does not mean that this Court should grant the instant motion.  Many of the depositions and requests for documents that have been sought in this expedited discovery appear to be more narrowly tailored than the current request to Morgan Stanley.  For example, in its motion to compel filed against Walmart, the PSC specifically identified the information it was seeking, namely:

> [I]nformation pertaining to China Triumph International Engineering Group Co. Ltd.'s (a 91% controlled subsidiary of CNBM) contract or agreement with Sunpin Solar Development, LLC for a roof power plant project and the construction of roof solar power plants for Wal-Mart North American stores.

Rec. Doc. 18627-2 at p. 2.  Unlike that inquiry, the PSC's Expedited Notice provides no guidance as to any specific information sought.  The only indication is the PSC's vague statement that they have learned that "the Taishan Affiliates and Subsidiaries [66 entities] held investments and ownership interests in JP Morgan Chase & Co. and Morgan Stanley."  Rec. Doc. 18768 at p. 2.   The PSC does not substantiate that claim with any documents or

information, including which Taishan entity held the alleged and unsubstantiated ownership interest in Morgan Stanley.[3]

Fifth, the discovery requested in the Expedited Notice is overly broad and unduly burdensome. *See*, *e.g.*, *Wiwa v. Royal Dutch Petroleum Co.*, 392 F.3d 812, 818 (5th Cir. 2004). The discovery would require Morgan Stanley to search its records on a daily basis over approximately 300 days for documents, communications, accounts, stocks, bonds, notes, securities, investments, loans, letters of credit, ownership, or security interests, property interests (real or personal property), and any other assets of 66 different companies. *See*, *e.g.*, Expedited Notice at Nos. 1 – 5 of Documents to be Produced.

Sixth, Morgan Stanley objects to the Expedited Notice to the extent that it seeks information that is confidential/proprietary information or private financial information of non-parties to this litigation. *See* Fed. R. Civ. P. 45(d)(3)(B)(i).

Seventh, Morgan Stanley objects to the Expedited Notice because the PSC has failed to comply with Rule 45(d)(1) of the Federal Rules of Civil Procedure, in that the PSC has not taken reasonable steps to avoid imposing an undue burden or expense on Morgan Stanley and has not offered to reimburse Morgan Stanley.

The objections listed herein are not meant to be exhaustive of the objections to the Expedited Notice. Morgan Stanley is filing this response to the Expedited Motion in an expedited manner to avoid adverse action against it in response to the PSC's *ex parte* motion.

---

[3] The Expedited Notice also seeks documents from "representatives, independent contractors, consultants, or agents, whether present or former, including but not limited to their attorneys and accountants." Morgan Stanley has previously lodged objections to multiple parts of the definition of "you" and "your" asserted in a prior Notice of Deposition in its Objections to Amended Notice of Oral and Videotaped Deposition Pursuant to Fed.R.Civ.P. 30(b)(6) of Nonparty Morgan Stanley filed February 27, 2015 [Rec. Doc. 18398] and incorporates those objections herein to the extent applicable.

Morgan Stanley reserves its right to submit additional objections to the Expedited Notice upon formal service of the document.

Morgan Stanley is willing to have a meet and confer with the PSC at a mutually convenient and reasonable time to discuss the discovery in the Expedited Notice.   Morgan Stanley respectfully requests that the Court order that such a meet and confer occur.    If the parties are unable to arrive at a resolution, Morgan Stanley will request that the Court issue a briefing schedule and/or set a telephone conference with respect to the PSC's request for expedited discovery.

Respectfully Submitted,

/s/ *James M. Garner*
JAMES M. GARNER, LA BAR #19589
ASHLEY G. COKER, LA BAR # 30446
EMILY E. ROSS, LA BAR # 34739
**SHER GARNER CAHILL RICHTER
KLEIN & HILBERT, L.L.C.**
909 Poydras Street, Twenty-eighth Floor
New Orleans, Louisiana 70112
Phone: (504) 299-2100
Facsimile: (504) 299-2300
**COUNSEL FOR MORGAN STANLEY**

## CERTIFICATE OF SERVICE

I hereby certify that the above and foregoing Objections to Amended Notice of Oral and Videotaped Deposition Pursuant to Fed. R. Civ. P. 30(b)(6) of Nonparty Morgan Stanley and Accompanying Request for Documents has been served on counsel for the Plaintiffs' Steering Committee, Leonard A. Davis, and Defendants' Liaison Counsel, Kerry Miller, by e-mail and on all parties by electronically filing via CM/ECF, which will send a notice of electronic filing in accordance with the procedures established in MDL 2047, on this 30th day of April, 2015.

/s/ *James M. Garner*
JAMES M. GARNER
