UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In re:  CHINESE-MANUFACTURED | * | MDL 2047 |
| DRYWALL PRODUCTS | * | |
| LIABILITY LITIGATION | * | SECTION L |
| | * | |
| | * | JUDGE FALLON |
| This document relates to All Cases | * | |
| | * | MAGISTRATE JUDGE WILKINSON |
| | * | |

* * * * * * * * * * * * * * * * * *

**INTERIOR/EXTERIOR BUILDING SUPPLY'S MEMORANDUM IN SUPPORT OF ITS
MOTION TO ENFORCE INJUNCTION REGARDING CLAIMS BROUGHT BY
PLAINTIFFS WILLIAM AND LUCINDA DAVIS AND GREGORY AND JOAN SCOTT**

Defendant Interior/Exterior Building Supply ("INEX") files this Memorandum in Support of its Motion to Enforce Injunction Regarding Claims Brought by Plaintiffs William and Lucinda Davis and Gregory and Joan Scott.

This Court has barred all class members who have not opted out of INEX's class action settlement agreement from prosecuting claims against INEX.  In violation of the Court's order, Plaintiffs, who are class members of the INEX class action settlement agreement, are prosecuting claims arising from, or otherwise related to, the presence of Chinese drywall against INEX in the Circuit Court of Jefferson County, Alabama in the cases captioned *Davis, et al. v. Interior/Exterior Building Supply, et al.*, Case No. CV-10-903185.00, and *Scott, et al. v. Interior/Exterior Building Supply, et al.*, Case No. CV-10-902555.00.

For these reasons, as more fully explained below, INEX respectfully requests that the Court enforce its injunction barring claims by Plaintiffs against INEX and further enjoin Plaintiffs from continuing to prosecute their claims against INEX.

## I.      Background

In 2010, Plaintiffs filed complaints against INEX in the Circuit Court of Jefferson County, Alabama in the cases captioned *Davis, et al. v. Interior/Exterior Building Supply, et al.*, Case No. CV-10-903185.00, and *Scott, et al. v. Interior/Exterior Building Supply, et al.*, Case No. CV-10-902555.00.  Exhibits A & B.

In the spring of 2011, INEX entered into a class action settlement agreement covering a nationwide class, and the Court preliminary approved that settlement on May 13, 2011, and amendments to that agreement on February 23, 2012.  Doc. Nos. 8818 & 12587.  The Court further granted preliminary approval to the second amended INEX class action settlement agreement on November 19, 2012.  Doc. No. 16266.

On February 7, 2013, the Court issued an Order and Judgment that certified and granted approval of INEX's class action settlement agreement with a nationwide class pursuant to Federal Rule of Civil Procedure 23(a), (b)(3) & (e).  Doc. No. 16570 at p. 22.  Consistent with INEX's class action settlement agreement, the Court found that the "INEX Settlement Class consists of:  All persons or entities with claims, known and unknown, against the Settling Defendants arising from, or otherwise related in any way to Chinese Drywall sold, marketed, distributed, and/or supplied by InEx."  *Id*. at pp. 21-22.  The INEX class action settlement agreement defines the settlement class as "all persons or entities with claims, known and unknown, against the Settling Defendants arising from, or otherwise related in any way to Chinese Drywall sold, marketed, distributed, and/or supplied by InEx."  Doc. No. 8628-3 at p. 2.

The Court further found that "[n]otice was disseminated to the InEx Class pursuant to this Court's Order dated May 13, 2011 [Rec. Doc. No. 8818].  All InEx Class Members who did not opt out of the InEx Settlement, or who rescinded their opt-out from the InEx Settlement, in

accordance with this Court's previous orders on or before the date of this Order shall be bound by this Judgment." Doc. No. 16570 at p. 22.

The Court ordered that "[a]ny and all InEx Class Members, including, but not limited to, those who have not properly opted out of the InEx Class, are enjoined and forever barred from maintaining, continuing, prosecuting, and/or commencing [] Litigation, Related Actions, Related Claims, or any action, pending or future, against the InEx Settling Defendants that arises from, concerns, or otherwise relates, indirectly or indirectly, to Chinese Drywall." Doc. No. 16570 at p. 23.

The deadline to opt out of InEx's class action settlement agreement has passed, and Plaintiffs did not opt-out.

Plaintiffs' claims remain pending against INEX in the Circuit Court of Jefferson County, Alabama in the cases captioned *Davis, et al. v. Interior/Exterior Building Supply, et al.*, Case No. CV-10-903185.00, and *Scott, et al. v. Interior/Exterior Building Supply, et al.*, Case No. CV-10-902555.00.

## II.   Law and Analysis

It is well settled that a Rule 23(b)(3) class action "bind[s] all class members save those who opt out." *Amchem Prods., Inc. v. Windsor*, 521 U.S. 591, 592 (1997); *Cooper v. Fed. Reserve Bank of Richmond*, 467 U.S. 867, 874 (1984) ("There is of course no dispute that under elementary principles of prior adjudication a judgment in a properly entertained class action is binding on class members in any subsequent litigation."). Similarly, if a class member "fails to opt out by the deadline, he is bound by the court's actions concerning the class, including settlement and judgment." *Klein v. O'Neil, Inc.*, 3-CV-102, 2009 WL 1174638, at *2 (N.D. Tex. April 29, 2009) (citing *Amchem Prods., Inc. v. Windsor*, 521 U.S. at 592-93 and *Reppert v.*

*Marvin Lumber & Cedar Co.*, 359 F.3d 53, 56-57 (1st Cir. 2004)).  Therefore, all class members who did not opt-out of INEX's settlement agreement are bound by the settlement agreement's terms and the Court's actions concerning the settlement class.

Plaintiffs are unequivocally members of INEX's class action settlement agreement because their claims "aris[e] from, or [are] otherwise related in any way to Chinese Drywall sold, marketed, distributed, and/or supplied by InEx."  Doc. No. 8628-3 at p. 2; Exhibit A.  The Court's February 7, 2013 Order and Judgment barred plaintiffs who did not opt out of the INEX's class action settlement agreement from prosecuting any claim that "arises from, concerns, or otherwise relates, indirectly or indirectly, to Chinese Drywall" against INEX.  Doc. No. 16570 at p. 23.  Because Plaintiffs did not opt-out of the Banner class action settlement agreement, their claims "arising from, or otherwise related to[] Chinese Drywall" against INEX are barred.

## III.    Conclusion

For the foregoing reasons, INEX respectfully requests that the Court enforce its injunction barring claims by Plaintiffs against INEX and further enjoin Plaintiffs from continuing to prosecute their claims against INEX.

Respectfully submitted,

**BAKER, DONELSON, BEARMAN,
CALDWELL & BERKOWITZ, PC**

/s/ *Kerry J. Miller* _
**KERRY J. MILLER (#24562)**
**JAMES R. PARISH (#34017)**
201 St. Charles Avenue, Suite 3600
New Orleans, LA 70170
Telephone:     504.566.8646
Facsimile:      504.585.6946
Email:           kjmiller@bakerdonelson.com

**Counsel for Defendant,
Interior/Exterior Building Supply**

<u>**CERTIFICATE OF SERVICE**</u>

    **I HEREBY CERTIFY** that the above and foregoing pleading has been served upon Russ Herman, Plaintiffs' Liaison Counsel, by email, and to all parties by electronically uploading the same to LexisNexis File & Serve in accordance with Pre-Trial Order No. 6, and that the foregoing was filed with the Clerk of Court of the United States Court for the Eastern District of Louisiana, on this 30th day of April, 2015.

    **I ALSO CERTIFY** that this document is being served this day on counsel for Plaintiffs, Booth Samuels, 2001 Park Place North Suite 1100, Birmingham, AL 35203 (booths@pittmandutton.com), via email transmission.

/s/ *Kerry J. Miller* _
KERRY J. MILLER