ELECTRONICALLY FILED
7/16/2010 4:54 PM
CV-2010-902555.00
CIRCUIT COURT OF
JEFFERSON COUNTY, ALABAMA
ANNE-MARIE ADAMS, CLERK

IN THE CIRCUIT COURT FOR JEFFERSON COUNTY, ALABAMA

CIVIL ACTION NO. _____

GREGORY AND JOAN SCOTT,

        Plaintiffs,

vs.

INTERIOR/EXTERIOR SUPPLY, L.P.; LIFESCAPE BUILDERS, LLC; **Fictitious Defendant No. 1**, that corporation, partnership, firm, or other entity which imported the defective drywall; **No. 2**, that corporation, partnership, firm, and/or its agents, subsidiaries, and/or affiliates which imported the defective drywall; **No. 3**, that domestic corporation, partnership, firm, or other entity which distributed the defective drywall; **No. 4**, that domestic corporation, partnership, firm, and/or its agents, subsidiaries, and/or affiliates which distributed the defective drywall; **No. 5**, that foreign corporation, partnership, firm, or other entity which distributed the defective drywall; **No. 6**, that foreign corporation, partnership, firm, and/or its agents, subsidiaries, and/or affiliates which distributed the defective drywall; **No. 7**, that corporation, partnership, firm, or other entity which delivered the defective drywall; **No. 8**, that corporation, partnership, firm, and/or its agents, subsidiaries, and/or affiliates which delivered the defective drywall; **No. 9**, that corporation, partnership, firm, or other entity which supplied the defective drywall; **No. 10**, that corporation, partnership, firm, and/or its agents, subsidiaries, and/or affiliates which supplied the defective drywall; **No. 11**, that corporation, partnership, firm, or other entity which inspected the defective drywall; **No. 12**, that corporation, partnership, firm, and/or its agents, subsidiaries, and/or affiliates which inspected the defective drywall; **No. 13**, that corporation, partnership, firm, or other entity which issued any warranty, express or implied, for the defective drywall; **No. 14**, that corporation, partnership, firm, and/or its agents, subsidiaries, and/or affiliates which issued any warranty, express or implied, for the defective drywall; **No. 15**, that corporation, partnership, firm, or other entity which marketed the defective drywall; **No. 16**, that corporation, partnership, firm, and/or its agents, subsidiaries, and/or affiliates which marketed the defective drywall; **No. 17**, that corporation, partnership, firm, or other entity which sold and placed within the stream of commerce the defective drywall; **No. 18**, that corporation, partnership, firm, and/or its agents, subsidiaries, and/or affiliates which sold and placed within the stream of commerce the defective drywall; **No. 19**, , that corporation, partnership, firm, or other entity which installed the defective drywall; **No. 20**, that corporation, partnership, firm, and/or its agents, subsidiaries, and/or affiliates which installed the defective drywall; **No. 21**, that corporation, partnership, firm, or other entity which manufactured the defective drywall; **No. 22**, that corporation, partnership, firm, and/or its agents, subsidiaries, and/or affiliates which manufactured the defective drywall; **No. 23**, that corporation, partnership, firm, or other entity which designed the defective drywall; **No. 24**, that corporation, partnership, firm, and/or its agents, subsidiaries, and/or affiliates which designed the defective drywall; **No. 25**, that corporation, partnership, firm, and/or its agents, subsidiaries, and/or affiliates which developed and/or constructed Plaintiff's home; **No. 26**, that corporation, partnership, firm, or other entity which brokered the defective drywall; **No. 27**, that corporation, partnership, firm, and/or its agents, subsidiaries, and/or affiliates which brokered the defective drywall; **No. 28**, those corporations,

partnerships, firms, or other entities who are the successors in interest to any named or fictitious defendant; **No. 29**, those corporations, partnerships, firms, or other entities who are the predecessors in interest to any named or fictitious defendant.

Plaintiffs aver that the identities of the fictitious party Defendants are otherwise unknown to Plaintiffs at this time, or, if their names are known to Plaintiffs at this time, their identities as proper party Defendants are not known to Plaintiffs at this time; but their true names will be substituted by amendment when the aforesaid lacking knowledge is ascertained.

Defendants.

## COMPLAINT

COMES NOW the Plaintiffs, GREGORY AND JOAN SCOTT, by and through their attorney, and files herewith the complaint as follows:

## PARTIES

1. Plaintiff, Gregory Scott, is an individual over the age of nineteen years and resides in Jefferson County, Alabama.

2. Plaintiff, Joan Scott, is an individual over the age of nineteen years and resides in Jefferson County, Alabama.

3. Upon information and belief, Defendant INTERIOR/EXTERIOR BUILDING SUPPLY, L.P., (hereinafter referred to as "INEX"), is a foreign corporation doing business in the State of Alabama.

4. Upon information and belief, Defendant LIFESCAPE BUILDERS, LLC, (hereinafter referred to as "LifeScape"), is a domestic limited liability company doing business in the State of Alabama.

## JURISDICTION AND VENUE

5. Jurisdiction is proper in this County as the wrongful acts and omissions took place in Jefferson County, Alabama.

6. Venue is proper in Jefferson County, Alabama as Plaintiffs Gregory and Joan Scott reside in Jefferson County, Alabama, and the wrongs complained of occurred in Jefferson County, Alabama.

## FACTS

7. Plaintiffs purchased a new home located at 4386 Boulder Lake Circle, Birmingham, from the Defendant LifeScape on or about July 16, 2008.

8. Plaintiffs are the first owner of the home.

9. In or about July 2008, Plaintiffs moved into said home in Jefferson County, Alabama.

10. Upon information and belief, Defendant LifeScape contracted with Defendant INEX to provide all of the drywall to be used in the construction of the Plaintiff's home.

11. The Plaintiffs are intended third party beneficiaries to the contract between Defendants LifeScape and INEX. As third party beneficiaries, Plaintiffs relied upon Defendant INEX to provide drywall that was not defective, functioned as intended and did not create a high risk of unreasonable, dangerous side effects, including damage to electrical systems and appliances.

12. Upon information and belief, the drywall installed by Defendant LifeScape is defective because it contains and/or emits toxins, gases and fumes, including sulfur and sulfur compounds, which damaged Plaintiffs' home, fixtures, and personal property contained therein.

## COUNT I
## BREACH OF CONTRACT AS TO
## DEFENDANT LIFESCAPE BUILDERS, LLC,

13. Plaintiffs adopt and reallege all prior paragraphs of this complaint.

14. As set forth in greater detail above, Defendant LifeScape is liable for their breach of contract in construction of the Plaintiff's home.

15. As a direct and proximate result of Defendant's breach, the Plaintiffs have been caused to suffer substantial losses, which are ongoing and continue to date.

WHEREFORE, premises considered, Plaintiffs request compensatory and punitive damages, plus interest and costs of this action.

## COUNT II
## BREACH OF CONTRACT AS TO
## DEFENDANT INTERIOR/EXTERIOR SUPPLY, LP

16. Defendant INEX had a contractual duty to Defendants, as well as to the Plaintiffs as an intended third party beneficiary, to supply drywall that was not defective and/or unreasonably dangerous to homeowners.

17. At all times herein mentioned, Defendant INEX processed, distributed, delivered, supplied, inspected, marketed, brokered and/or sold all the drywall used in the construction of the Plaintiffs' home.

18. That drywall was expected to, and did, reach Defendants and the Plaintiffs without substantial change in the condition in which it was processed, distributed, delivered, supplied, inspected, brokered and/or sold by Defendant INEX.

19. Defendant INEX breached its contract because the drywall was in an unsafe, defective, and inherently dangerous condition when it was delivered to Defendants and subsequently installed in Plaintiffs' residence.

20. As a direct, proximate and foreseeable result of Defendant INEX's breach of contract, Plaintiffs demand judgment against Defendant INEX for damages related to said breach in the sum that will fully compensate Plaintiffs for the damages sustained.

WHEREFORE, premises considered, Plaintiffs request that the trier of fact render a verdict for the Plaintiffs and against the Defendants, jointly and severally, for compensatory damages in an amount which will adequately compensate Plaintiffs for the injuries and damages sustained by them due to the Defendants' conduct; and for exemplary damages in an

amount which will adequately reflect the wrongfulness of Defendants' conduct. Further, Plaintiffs request that the Court enter judgment consistent with said verdict, and that it also award Plaintiffs interest from the date of judgment and the costs incurred by the Court in managing this lawsuit.

## COUNT III
## NEGLIGENCE AND/OR WANTONNESS

21. Plaintiffs adopt and reallege all prior paragraphs of this complaint.

22. The Defendants, both named and unnamed, negligently or wantonly imported, distributed, delivered, supplied, inspected, warranted, marketed, sold, installed, manufactured and/or designed the defective drywall installed in Plaintiffs' home.

23. Said negligent or wanton conduct was a proximate cause of injuries and damages to the Plaintiff.

WHEREFORE, premises considered, Plaintiffs request that the trier of fact render a verdict for the Plaintiffs and against the Defendants, jointly and severally, for compensatory damages in an amount which will adequately compensate Plaintiffs for the injuries and damages sustained by them due to the Defendants' conduct; and for exemplary damages in an amount which will adequately reflect the wrongfulness of Defendants' conduct. Further, Plaintiffs request that the Court enter judgment consistent with said verdict, and that it also award Plaintiffs interest from the date of judgment and the costs incurred by the Court in managing this lawsuit.

## COUNT IV
## FAILURE TO WARN

24. Plaintiffs adopt and reallege all prior paragraphs of this complaint.

25. The Defendants, both named and fictitious, negligently or wantonly failed to warn Plaintiffs of the dangers associated with the exposure to the defective drywall, including dangerous side effects such as respiratory disease and coughs. Said negligence or wanton conduct proximately caused injuries and damages to the Plaintiffs.

WHEREFORE, premises considered, Plaintiffs request that the trier of fact render a verdict for the Plaintiffs and against the Defendants, jointly and severally, for compensatory damages in an amount which will adequately compensate Plaintiffs for the injuries and damages sustained by them due to the Defendants' conduct; and for exemplary damages in an amount which will adequately reflect the wrongfulness of Defendants' conduct.  Further, Plaintiffs requests that the Court enter judgment consistent with said verdict, and that it also award Plaintiffs interest from the date of judgment and the costs incurred by the Court in managing this lawsuit.

## COUNT V
## WARRANTY

26. Plaintiffs adopt and reallege all prior paragraphs of this complaint.

27. The Defendants, both named and fictitious, expressly and/or impliedly warranted that the drywall sold by the Defendant INEX and installed in the Plaintiffs' home was reasonably fit and suitable for the purpose for which it was intended to be used.

28. The Defendants, both named and fictitious, expressly and/or impliedly warranted that the drywall purchased by the Plaintiffs and installed in the Plaintiffs' home was merchantable.

29. Plaintiffs aver that said Defendants, both named and fictitious, breached all expressed and/or implied warranties.  Said drywall was not reasonably fit and suitable for the purpose for which it was reasonably foreseeable to be used, but, to the contrary, was in a dangerously

defective and unsafe condition and was not merchantable. Plaintiffs further aver that as a proximate result of the aforesaid breach of warranties by said Defendants, both named and fictitious, Plaintiffs were injured and damaged.

30. Plaintiffs allege that their injuries and damages were caused as a proximate consequence of the breach of warranties, violation of the Alabama Extended Manufacturer's and/or Strict Liability Doctrines, and other wrongful conduct of the Defendants, both named and fictitious.

31. The aforesaid wrongful, negligent, willful and/or wanton conduct of the named and fictitious Defendant importers, distributors, deliverers, suppliers, inspectors, warrantors, marketers, sellers, installers, manufacturers, brokers and/or designers, combined and concurred and as a proximate consequence thereof, caused injuries and damages to the Plaintiffs.

WHEREFORE, premises considered, Plaintiffs request that the trier of fact render a verdict for the Plaintiffs and against the Defendants, jointly and severally, for compensatory damages in an amount which will adequately compensate Plaintiffs for the injuries and damages sustained by him due to the Defendants' conduct; and for exemplary damages in an amount which will adequately reflect the wrongfulness of Defendants' conduct. Further, Plaintiffs request that the Court enter judgment consistent with said verdict, and that it also award Plaintiffs interest from the date of judgment and the costs incurred by the Court in managing this lawsuit.

## COUNT VI
## AEMLD

32. The Plaintiffs adopt and reallege all prior paragraphs of this complaint.

33. Upon information and belief the Defendant INEX sold the defective drywall to Defendant LifeScape which was later installed in the home of the Plaintiffs. The drywall was manufactured by fictitious party Defendants. The Defendant LifeScape purchased the drywall and used it in its

intended, foreseeable, usual and customary manner. The Plaintiffs were an intended third party beneficiary of this transaction.

34. As a proximate consequence of using the drywall, Plaintiffs suffered increased exposure to respiratory problems.

35. At said time and place, and for sometime prior thereto, the Defendants, both named and fictitious, were the importers, distributors, deliverers, suppliers, inspectors, warrantors, marketers, sellers, installers, manufacturers, brokers and/or designers of the drywall and were engaged in the business of importing, distributing, delivering, supplying, inspecting, warranting, marketing, selling, installing, manufacturing, brokering and/or designing throughout the United States for use by members of the general public, including the Plaintiffs and all other similarly situated individuals.

36. At said time and place, the drywall that was installed in Plaintiffs' home, was in substantially the same condition as when imported, distributed, delivered, supplied, inspected, warranted, marketed, sold, installed, manufactured, brokered and/or designed, and was being used in a manner that was foreseeable. The drywall imported, distributed, delivered, supplied, inspected, warranted, marketed, sold, installed, manufactured and/or designed by Defendants, both named and fictitious, was not reasonably safe when being used in a foreseeable manner, but, to the contrary, was defective and unreasonably dangerous to the human body when being so used. The Defendants, both named and fictitious, knew or in the exercise of reasonable care should have known, that said drywall was unreasonably dangerous to the human body when being so used in a foreseeable manner.

37. The foregoing wrongful conduct of the Defendants, both named and fictitious, whose correct identity will be identified when ascertained, was a proximate cause of the Plaintiffs'

injuries and damages, and renders said Defendants liable to Plaintiffs pursuant to the Alabama Extended Manufacturer's Liability Doctrine.

WHEREFORE, premises considered, Plaintiffs request that the trier of fact render a verdict for the Plaintiffs and against the Defendants, jointly and severally, for compensatory damages in an amount which will adequately compensate Plaintiffs for the injuries and damages sustained by him due to the Defendants' conduct; and for exemplary damages in an amount which will adequately reflect the wrongfulness of Defendants' conduct. Further, Plaintiffs request that the Court enter judgment consistent with said verdict, and that it also award Plaintiffs interest from the date of judgment and the costs incurred by the Court in managing this lawsuit.

## COUNT VII
## FRAUD

38. The Plaintiffs adopt and reallege all prior paragraphs of this complaint.

39. As set forth in greater detail above, Defendants have defrauded the Plaintiffs with respect to misrepresentations made as to the condition and sale of the new home.

40. As a result of Defendants' misrepresentations and fraudulent conduct, Plaintiffs have been harmed and caused to suffer substantial losses which are ongoing.

WHEREFORE, premises considered, Plaintiffs request that the trier of fact render a verdict for the Plaintiffs and against the Defendants, jointly and severally, for compensatory damages in an amount which will adequately compensate Plaintiffs for the injuries and damages sustained by them due to the Defendants' conduct; and for exemplary damages in an amount which will adequately reflect the wrongfulness of Defendants' conduct. Further, Plaintiffs requests that the Court enter judgment consistent with said verdict, and that it also award Plaintiffs interest from the date of judgment and the costs incurred by the Court in managing this lawsuit.

## COUNT VIII
## NUISANCE

41. The Plaintiffs readopt and reallege all prior paragraphs of this complaint.

42. The Defendants' tortuous or wrongful acts or omissions have caused sulfide gas and/or other chemical leaching into structures owned by the Plaintiffs which has unreasonably interfered, and continues to interfere, with the Plaintiffs' use and enjoyment of their property and caused them harm and damage as discussed herein.

43. Defendants' interference has impaired the rights of Plaintiffs' health, comfort, safety, free use of their property and/or peaceful enjoyment of their property.

44. Defendants' invasions were intentional and unreasonable, and/or unintentional but otherwise negligent and reckless.

45. The interference with Plaintiffs' use of their property caused by the Defendants is substantial and ongoing.

46. Defendants' nuisance was the direct, proximate and foreseeable cause of Plaintiffs' damages, injuries, harm, loss, mental anguish, emotional suffering, annoyances and increased risk of harm, which they suffered and will continue to suffer.

WHEREFORE, premises considered, Plaintiffs request that the trier of fact render a verdict for the Plaintiffs and against the Defendants, jointly and severally, for compensatory damages in an amount which will adequately compensate Plaintiffs for the injuries and damages sustained by them due to the Defendants' conduct; and for exemplary damages in an amount which will adequately reflect the wrongfulness of Defendants' conduct.  Further, Plaintiffs requests that the Court enter judgment consistent with said verdict, and that it also award Plaintiffs interest from the date of judgment and the costs incurred by the Court in managing this lawsuit.

DOCUMENT 2

Case 2:09-md-02047-EEF-MBN   Document 18788-2   Filed 04/30/15   Page 11 of 11

Respectfully submitted,

*/s/Chris T. Hellums*
Of Counsel for Plaintiff
Bar Number: ASB-5583-L73C
*/s/ Booth Samuels*
Bar Number: ASB-3180-O76S
Pittman Dutton & Hellums, P.C.
2001 Park Place North
1100 Park Place Tower
Birmingham, Alabama 35203
(205) 322-8880
(205) 328-2711 facsimile
Email:  PHDKH-efiling@pittmanhooks.com

**JURY TRIAL DEMAND**

Plaintiff hereby demands a trial by struck jury on all issues so triable.

PLEASE SERVE DEFENDANTS VIA CERTIFIED MAIL WITH A COPY OF THE SUMMONS AND COMPLAINT AS FOLLOWS:

INTERIOR/EXTERIOR BUILDING SUPPLY, LP
c/o CT Corporation System
2 North Jackson Street, Suite 605
Montgomery, Alabama 36104

LIFESCAPE BUILDERS, LLC
c/o Bruce C. Webster
100 Urban Center Drive, Ste. 300
Birmingham, Alabama 35242