**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA**

| | | |
|---|---|---|
| =============================== | x | ============================ |
| | x | |
| IN RE: CHINESE-MANUFACTURED | x | MDL NO. 2047 |
| DRYWALL PRODUCTS LIABILITY | x | |
| LITIGATION | x | SECTION: L |
| | x | |
| THIS DOCUMENT APPLIES TO ALL | x | JUDGE FALLON |
| CASES | x | |
| | x | MAG. JUDGE WILKINSON |
| | x | |
| =============================== | x | ============================ |

**SUPPLEMENTAL NOTICE OF EXPEDITED ORAL AND VIDEOTAPED
DEPOSITION PURSUANT TO THE COURT'S DIRECTIVE DURING
THE MARCH 17, 2015 SPECIAL HEARING AND MINUTE
ENTRY AND ORDER [REC.DOC. 18493]**

TO:   Beijing New Building Material (Group) Co., Ltd.
      **Through its Counsel**
      Michael H. Barr
      DENTONS US LLP
      1221 Avenue of the Americas
      New York, NY 10020-1089

**PLEASE TAKE NOTICE** that pursuant to Rules 26 and 30(b)(6) of the Federal

Rules of Civil Procedure, and the Court's Minute Entry and Order dated March 17, 2015

[Rec. Doc. No. 18493] (attached hereto as Exhibit "1") authorizing expedited discovery

of Taishan and BNBM/CNBM regarding (i) the injunction prong of the Court's July 17,

2014 Order holding Taishan in contempt of court, criminally and civilly [Rec. Doc. No.

17869], and (ii) whether there exist alter ego relationships between and among these

entities, plaintiffs, by and through their undersigned attorneys, the Plaintiffs' Steering

Committee in the MDL, will take the deposition of **Beijing New Building Material**

1

**(Group) Co., Ltd., at a mutually agreed-upon date, time, and place in New Orleans, Louisiana pursuant to the Court's March 17, 2015 Minute Entry and Order**.  The instant notice of oral and videotaped deposition is in addition to the previously noticed depositions and is in no way intended to supplant the prior deposition notices or discovery requests.   Pursuant to Fed. R. Civ. P. 30(b)(6), **Beijing New Building Material (Group) Co., Ltd.** shall designate and produce a designated representative or representatives, as may be required, to testify on behalf of **Beijing New Building Material (Group) Co., Ltd.** concerning the topics identified in Schedule "A" attached hereto.   Further, the deponent is requested to produce the documents identified in the attached Schedule "A" to which deposition questions will be asked.

**If you are an attorney of record, please email cdw@golkow.com 48 hours prior to the deposition should you desire to participate by stream to view video/text so you may receive a username and password.**

> Primary Examiners:       A Member of the PSC, or its designee
> Videotaped Deposition:  Yes
> Call-In Number:            **888-337-8218**
>                                      **Participant Code:  769758**

The deposition will be taken before a person authorized by law to administer oaths, pursuant to Fed. R. Civ. P. 28, and will continue from day-to-day, upon an expedited basis, until the examination is completed.

Pursuant to directives provided at the status conference on May 27, 2010, a brief explanation of the subject matter expected at this deposition is as follows:  The deposition will be conducted in furtherance of discovery related to the topics identified at the hearings before the Honorable Eldon E. Fallon on March 17, 2015 and April 17, 2015

2

and in the Court's Minute Entry and Order dated March 17, 2015. This brief explanation is with full reservation of all rights by the noticing party and is not intended to limit in any way the scope of the deposition noticed herein. Counsel should be aware that all matters may be discovered in the deposition and that the above explanation is made solely in accordance with the directives provided at the status conference. This is an MDL "common" fact witness deposition.

Respectfully submitted,

/s/ Russ M. Herman
**Russ M. Herman** (Bar No. 6819)
Leonard A. Davis (Bar No. 14190)
Stephen J. Herman (Bar No. 23129)
*HERMAN, HERMAN & KATZ, LLC*
820 O'Keefe Avenue
New Orleans, LA  70113
PH:  (504) 581-4892
FAX:  (504) 561-6024
ldavis@hhkc.com
*Plaintiffs' Liaison Counsel*
*MDL 2047*

Arnold Levin
Fred S. Longer
Sandra L. Duggan
Matthew C. Gaughan
Levin, Fishbein, Sedran & Berman
510 Walnut Street, Suite 500
Philadelphia, PA 19106
PH:  (215) 592-1500
FAX:  (215) 592-4663
Alevin@lfsblaw.com
*Plaintiffs' Lead Counsel*
*MDL 2047*

## PLAINTIFFS' STEERING COMMITTEE

Dawn M. Barrios
Barrios, Kingsdorf & Casteix, LLP
701 Poydras Street, Suite 3650
New Orleans, LA 70139
Phone: (504) 524-3300
Fax: (504) 524-3313
Barrios@bkc-law.com


Daniel E. Becnel, Jr.
Becnel Law Firm, LLC
425 W. Airline Highway, Suite B
Laplace, LA 70068
Phone: (985) 536-1186
Fax: (985) 536-6445
dbecnel@becnellaw.com


Peter Prieto
Podhurst Orseck, P.A.
25 Flagler Street, 8th Floor
Miami, FL 33130
Phone: (305) 358-2800
Fax: (305) 358-2382
pprieto@podhurst.com


Bruce William Steckler
Steckler, LLP
12720 Hillcrest Road, Ste 1045
Dallas, TX 75230
Phone: (972) 387-4040
Fax: (972) 387-404
mailto:bsteckler@baronbudd.com
bruce@stecklerlaw.com


Ervin A. Gonzalez
Colson, Hicks, Eidson
255 Alhambra Circle, Penthouse
Cora Gables, FL 33134
Phone: (305) 476-7400
Fax: (305) 476-7444
ervin@colson.com


Jerrold Seth Parker
Parker Waichman, LLP
27300 Riverview Center Blvd.
Suite 103
Bonita Springs, FL 34134
Phone: (239) 390-1000
Fax: (239) 390-0055
Jerry@yourlawyer.com


Scott Wm. Weinstein
Morgan & Morgan
12800 University Drive, Suite 600
Ft. Meyers, FL 33907
Phone: (239) 433-6880
Fax: (239) 433-6836
sweinstein@forthepeople.com


James Robert Reeves
Reeves & Mestayer, PLLC
160 Main Street
Biloxi, MS 39530
Phone: (228) 374-5151
Fax: (228) 374-6630
jrr@attorneys4people.com


Christopher Seeger
Seeger Weiss, LLP
77 Water Street
New York, NY 10005
Phone: (212) 584-0700
Fax: (212) 584-0799
cseeger@seegerweiss.com


Daniel K. Bryson
Whitfield, Bryson & Mason, LLP
900 W. Morgan Street
Raleigh, NC 27603
Phone: (919) 600-5000
Fax: (919) 600-5002
dan@wbmllp.com

4

Ben W. Gordon, Jr.
Levin, Papantonio, Thomas, Mitchell
 Echsner & Proctor, P.A.
316 S. Baylen Street, Suite 600
Pensacola, FL 32502
Phone: (850) 435-7000
Fax: (850) 435-7020
bgordon@levinlaw.com

Richard J. Serpe, Esquire
Law Offices of Richard J. Serpe
Crown Center, Ste. 310
580 East Main Street
Norfolk, VA 23510-2322
Phone: (757) 233-0009
Fax: (757) 233-0455
rserpe@serpefirm.com

Hugh P. Lambert
The Lambert Firm
701 Magazine Street
New Orleans, LA 70130
Phone: (504) 581-1750
Fax: (504) 529-2931
hlambert@thelambertfirm.com

Victor M. Diaz, Jr., Esquire
V.M. Diaz and Partners, LLC
119 Washington Ave, Suite 402
Miami Beach, FL 33139
Phone: (305) 704-3200
Fax: (305) 538-4928
victor@diazpartners.com

Gerald E. Meunier
Gainsburgh, Benjamin, David, Meunier
 & Warshauer, LLC
2800 Energy Centre, 1100 Poydras Street
New Orleans, LA 70163-2800
Phone: (504) 522-2304
Fax: (504) 528-9973
gmeunier@gainsben.com

**OF COUNSEL TO PLAINTIFFS' STEERING COMMITTEE**

Richard S. Lewis
HAUSFELD LLP
1700 K Street, N.W Suite  650
Washington, DC 20006
Phone: (202) 540-7200
Fax:  (202) 540-7201
rlewis@hausfeldllp.com

Anthony D. Irpino
IRPINO LAW FIRM
2216 Magazine Street
New Orleans, LA 70130
Phone: (504) 525-1500
Fax: (504) 525-1501
airpino@irpinolaw.com

Andrew A. Lemmon
Lemmon Law Firm, LLC
P.O. Box 904
15058 River Road
Hahnville, LA 70057
Phone: (985) 783-6789
Fax: (985) 783-1333
andrew@lemmonlawfirm.com

## CERTIFICATE OF SERVICE

I hereby certify that the above and foregoing Notice of Expedited Oral and Videotaped Deposition Pursuant to the Court's Directive During the March 17, 2015 Special Hearing and Minute Entry and Order [Rec.Doc. 18493] has been served on Defendants' Liaison Counsel, Kerry Miller, by U.S. Mail and e-mail or by hand delivery and e-mail and upon all parties by electronically uploading the same to LexisNexis File & Serve in accordance with Pre-Trial Order No. 6, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2047, on this 30th day of April, 2015.

　/s/ Leonard A. Davis　　　　　　
Leonard A. Davis
Herman, Herman & Katz, LLC
820 O'Keefe Ave.
New Orleans, LA  70113
PH:  (504) 581-4892
Fax:  (504) 561-6024
ldavis@hhklawfirm.com

# SCHEDULE A

## DEFINITIONS & INSTRUCTIONS

1.      Whenever used in this Request, the following terms shall have the following meanings:

(a)      "Communication" means the transmittal of information (in the form of facts, ideas, inquiries, or otherwise).

(b)      "Computer" means all devices utilizing microchips to facilitate processing, analysis, or storage of data, including microcomputers (also known as personal computers), laptop computers, portable computers, notebook computers, palmtop computers (also known as personal digital assistants or PDA's), minicomputers and mainframe computers.

(c)      "Concerning" means relating to, referring to, describing, evidencing, embodying, or constituting.

(d)      "Document" is defined to be synonymous in meaning and equal in scope to the usage of this term in Federal Rule of Civil Procedure 34(a), including, without limitation, electronic or computerized data compilations.  Documents shall include all drafts, including drafts with "track changes," and shall be deemed to be separate documents within the meaning of this term.

(e)      "Electronically stored information" or "ESI" means the original (or identical duplicate when the original is not available), and any non-identical copies (whether non-identical because of notes made on copies or attached comments,

annotations, marks, transmission notations, or highlighting of any kind) of writings and data compilations in any form, and of every kind and description whether inscribed by mechanical, facsimile, electronic, magnetic, digital, or other means.  ESI includes, by way of example only, computer programs (whether private, commercial, or work-in-progress), programming notes or instructions, activity listings of electronic mail receipts and transmittals, output resulting from the use of any software program, including word processing documents, spreadsheets, database files, charts, graphs and outlines, electronic mail displaying full e-mail alias's (not merely "display names), electronic calendars, I'm logs, PBX logs, document management system data, operating systems, all metadata, source code of all types, peripheral drivers, PIF files, batch files, ASCII files, and any and all miscellaneous files and file fragments, regardless of the media on which they reside and regardless of whether said ESI consists in an active file, deleted file or file fragment. Electronically stored information includes any and all items stored on computer memories, hard disks, floppy disks, CD-ROMs, removable media such as Zip disks, Jaz cartridges, Bernoulli Boxes and their equivalent, magnetic tapes of all types, microfiche, punched cards, punched tape, computer chips, including,  EPROM, PROM, RAM and ROM, on or in any other vehicle for digital data storage and transmittal.  The term ESI also includes the file, folder tabs and containers and labels appended to, or associated with, any physical storage device associated with each original and copy.

(f)     "Electronic media" means any magnetic or other storage media device used to record electronically stored information.  Electronic media devices may include computer memories, hard disks, floppy disks, CD-ROM, removable media such as Bernoulli Boxes and their equivalent, magnetic tapes of all types, microfiche, punched

cards, punched tape, computer chips, including, EPROM, PROM, RAM and ROM, or on or in any other vehicle for digital data storage and transmittal.

(g)    "Identify" with respect to persons, means to give, to the extent known, the person's full name, present or last known address, and when referring to a natural person, additionally, the present or last known place of employment. Once a person has been identified in accordance with this subparagraph, only the name of that person need be listed in response to subsequent discovery requesting the identification of that person.

(h)    "Identify" with respect to documents, means to give, to extent known, the (i) type of document; (ii) general subject matter; (iii) date of the document; and (iv) author(s), addressee(s) and recipient(s).

(i)    "Including" or "includes" means including, without limitation.

(j)    "You," or "your" means each of the individual named entities to whom this set of discovery is directed, and any of its domestic or international predecessors in interest, successors in interest, subsidiaries, divisions, subdivisions, affiliates, officers, directors, employees, representatives, independent contractors, consultants, or agents, whether present or former, including but not limited to their attorneys and accountants.

(k)    "Taishan" means Taishan Gypsum Co., Ltd. f/k/a Shandong Taihe Dongxin Co., Ltd.

(l)    "Chinese drywall" relates to drywall, plasterboard, or wallboard manufactured in China.

(m)    "Person" means any natural person or any business, legal, or governmental entity or association.

(n)    "Taishan Affiliates and Subsidiaries" shall include the below listed entities and any of their parents, related entities, subsidiaries, agents and assigns:

(a) State-owned Assets Supervision and Administration Commission of the State Counsel ("SASAC");

(b) China National Building Materials Group Co., Ltd. ("CNBM Group");

(c) China Cinda Asset Management Co., Ltd. ("Cinda");

(d) China Building Materials Academy;

(e) Beijing New Building Material Group Co., Ltd. ("BNBM Group");

(f) China National Building Material Import and Export Company ("CNBM Trading");

(g) CNBM Forest Products, Ltd.;

(h) CNBM Forest Products (Canada), Ltd.;

(i) China National Building Material Co., Ltd. ("CNBM");

(j) China United Cement Corporation (f/k/a China United Cement Group Corporation, Ltd.) (f/k/a China United Cement Co., Ltd.) ("China United");

(k) China United Cement Huaihai Co., Ltd. (f/k/a China United Julong Huaihai Cement Co., Ltd.);

(l) Qingzhou China United Cement Company Limited (f/k/a China United Qingzhou Luhong Cement Co., Ltd.);

(m) China United Cement Zaozhuang Company, Limited (f/k/a Zaozhuang China United Luhong Cement Co., Ltd.);

(n) China Composites Group Corp., Ltd. ("China Composites");

(o) Lianyungang Zhongfu Lianzhong Composite Material Group Co., Ltd. ("Zhongfu Lianzhong");

(p) Shanghai Yaohua Pilkington Glass Co., Ltd.;

(q) Changzhou China Composites Liberty Co., Ltd. ("Zhongfu Liberty");

(r) Changzhou China Composites Tianma Fiberglass Products Co., Ltd. ("Zhongxin Tianma");

(s) Changzhou Liberty TOLI Building Material Co., Ltd. ("Liberty TOLI");

(t) China Fiberglass Co., Ltd. ("China Fiberglass");

(u) Jushi Group Co., Ltd. ("Jushi Group");

(v) China Triumph International Engineering Co., Ltd. ("CTIEC");

(w) Nanjing Triumph International Engineering Company Limited (f/k/a China Triumph International Engineering Company Limited) (f/k/a China Triumph Nanjing Cement Technological Engineering Co., Ltd.);

(x) CTIEC Shenzhen Scieno-tech Engineering Co., Ltd.;

(y) China Triumph Bengbu Engineering and Technology Co., Ltd. ("Bengbu Triumph");

(z) CNBM Investment Company Limited (f/k/a BND Co., Ltd.);

(aa)   Beijing New Building Material Public Limited Company

("BNBM")

(bb)   Beijing New Building Materials Homes Co., Ltd.

(cc)   BNBM Suzhou Mineral Fiber Ceiling Company, Limited (f/k/a

"Suzhou Tianfeng New Building Material Co., Ltd.")

(dd)   Taishan Gypsum Co., Ltd. (f/k/a Shandong Taihe Dongxin Co.,

Ltd.) ("Taishan");

(ee)   Qinhuangdao Taishan Building Materials Co., Ltd. (a/k/a

Qinhuang Dao Taishan Building Materials Co., Ltd.);

(ff)    Tai'an Taishan Plasterboard Co., Ltd. ("TTP");

(gg)   China United Luhong Cement Co., Ltd.;

(hh)   China United Nanyang Co.;

(ii)    Xingtai China United Ziyan Co., Ltd.;

(jj)    China National Building Materials and Equipment Import and

Export Corporation ("China Equipment");

(kk)   Shenzhen B&Q Decoration & Building Materials Co., Ltd.

("Shenzhen B&Q");

(ll)    Beijing Incubator New Material Company Limited;

(mm)   Ningbo Beijing New Construction Materials Company

Limited;

(nn)   Shenzhen Beijing New Real Estate Company Limited

(oo)   United Suntech Craft,Inc. a/k/a United Suntech Craft,Inc.,

2006 LIMITED;

(pp)    Jiangjin Taishan Gypsum Construction Material Company Limited;

(qq)    Hengshui Taishan Gypsum Construction Material Company Limited;

(rr)    Dongguan BNBM Housing Design and Engineering Company Limited;

(ss)    Beijing Jieruixin Door & Window Company Limited;

(tt)    Chengdu Beijing New Construction Materials Company Limited;

(uu)    Taicang Beijing New Construction Materials Company Limited;

(vv)    Taian Donglian Investment Trading Company Limited;

(ww)    Fuxin Taishan Gypsum Construction Material Company Limited;

(xx)    Zhejiang Wenzhou Taishan Gypsum Construction Material Company Limited;

(yy)    Hebei Taishan Huaao Construction Material Company Limited;

(zz)    CNBM Energy Co., Ltd. ("CNBM Energy");

(aaa)    CNBM Forest Products New Zeland Limited ("Forest Products NZ");

(bbb)    CNBM Forest Products Trading, Ltd.;

(ccc)    CNBM International Corporation;

(ddd)      CNBM International Engineering Co. Ltd;

(eee)      CNBM Technology Co., Ltd.;

(fff)      CNBM International Equipment, Co.;

(ggg)      CNBM USA, Corp.;

(hhh)      CTIEC-TECO;

(iii)      CNBM – CMAX;

(jjj)      CNBM- Parts;

(kkk)      CNBM Solar;

(lll)      BNBM of America, Inc.;

(mmm)      BNBMG Metal; and

(nnn)      INTECH Building Co., Ltd.;

2.      The following rules of construction apply to all discovery requests:

(a)      The terms "all" and "each" shall be construed as all and each;

(b)      The connectives "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside of its scope;

(c)      The use of the singular form of any word includes the plural and vice versa; and

(d)      Requests that are stated in the present tense include the past tense and those in the past tense include the present tense.

3.      Unless otherwise specifically stated, this Request encompasses documents, which were created, received, or generated or otherwise entered into your

possession, custody, or control between January 1, 2015 and the current date (the "Relevant Time Period").

4.     Any document falling within the scope of this Request that is withheld on the basis of a claim of privilege, work product, or any other ground is to be identified in a privilege log, produced in an electronic format that allows text searching and organization of data.  You shall produce a privilege log within 5 days after the production of documents for which privilege is asserted to apply.  For each document for which You assert a privilege applies, you must provide in the privilege log: (a) a statement of the ground alleged for withholding such document; (b) the date of the document; (c) the location of any attachments associated with the document and whether the asserted privilege also applies to such attachments; (d) the identity of its author and signatories; (e) the type of document (*e.g.*, letter); (f) a summary of its content; (g) its present location and custodian; and (h) a listing of all persons to whom the contents of such documents have been disclosed and all persons who have or have had possession, custody, or control of the documents (or any portions thereof), pursuant to Federal Rule of Civil Procedure 45(d)(2).  Notwithstanding the assertion of an objection, any purportedly privileged document containing non-privileged matter must be disclosed with the purportedly privileged portion redacted, with the redacted portion indicated on the document itself and listed on the privilege log to be provided pursuant to this paragraph.

To assist in the prompt resolution of disputed claims of privilege, You shall submit to the Court under seal, unredacted copies of all documents for which it asserts a privilege.

5.      If you are unable to comply fully with any of the specific requests, you shall comply to the extent possible and provide an explanation as to why full compliance is not possible.  In the event that any documents called for by this Request were formerly in your possession, custody or control, or have been lost or destroyed, those documents are to be identified in writing as follows:  persons who prepared or authorized the documents indicated or blind copies; dates of preparation or transmittal; subject matter; number of pages, attachments or appendices; all persons to whom distributed, shown or explained; date or dates of loss or destruction; and if destroyed, the manner of destruction, reason for destruction, persons authorizing destruction and persons destroying the documents.

6.      This Request is directed to all documents within your possession, custody or control, or within the possession of any of your agents, or within the possession of any entity associated with you, or within the possession, custody, or control of such entity's directors, officers, agents, servants, employees, consultants, and professionals.

7.      Documents are to be produced in full and in their unexpurgated form. Redacted documents shall not constitute compliance with this Request, unless such documents are redacted pursuant to any claim of privilege as set forth in paragraph 4 above.

8.      Documents shall be produced in their original language (*e.g.*, Mandarin) and, if the original documents are in any language other than English, you shall include translations of such documents into English.

9.      This Request is intended to be consistent with the Federal Rules of Civil Procedure 26 and 34.

10.     All hard copy documents and electronically stored information (ESI) produced in response to this Request shall be organized and labeled either to correspond with the number of the specific request to which the documents are responsive or shall be produced in the order, format, and manner in which they are kept in the usual course of business.  With respect to the production of electronically stored information, all ESI that is demanded is to be produced in its native usable format, as maintained on the computer storage systems, regardless of whether such ESI exists (and/or may have been copied and/or otherwise converted) in more than one electronic format.  Plaintiffs have filed an emergency motion before the Honorable Eldon E. Fallon in the United States District Court for the Eastern District of Louisiana requesting that you be ordered to provide full and complete responses, including the document requests within ten (10) days of your receipt of the instant discovery.

## DOCUMENTS TO BE PRODUCED

1.      All documents and communications between you and any person or entity that assisted in the preparation of your tax returns, financial statements, and/or any financial audits for the years 2005 through the present, including, but not limited to, documents and communications between you and the Baker Tilly International Accounting Firm.

2.      All documents you furnished to any person or entity, including but not limited to the Baker Tilly International Accounting Firm, for purposes of preparing your tax returns, financial statements, and/or any financial audits for the years 2005 through the present.

3.      All documents prepared by any person or entity, including but not limited to the Baker Tilly International Accounting Firm, that assisted in the preparation of your tax returns, financial statements, and/or any financial audits for the years 2005 through the present.

4.      All documents and communications involving the bank account(s) used to fund the wire transfers set forth in Exhibit "A" hereto, including but not limited to the following information:

        a) The source of all deposits into the account(s) and the source of the initial funding of the account(s),

        b) The purpose of all withdrawals, payments, or transfers from the account(s), and

        c) The identity of all individuals and entities that are authorized to use the account(s).

5.      All documents and communications relevant to the wire transfers that are the subject of the Plaintiffs' Steering Committee's Interrogatory Pursuant to the Court's March 17, 2015 Mintute Entry and Orders [Rec.Doc. 18493] Directed to Taishan Gypsum Co. Ltd., attached hereto as Exhibits "B," including, but not limited to, the following information:

a)  The original source of the funds, including the payor(s) and payee(s), wire transfer instructions, source bank account(s), and owner(s) or beneficial owner(s) of the source bank account(s) and all other financial institutions that processed these funds prior to their reaching Alston & Bird, LLP,

b)  The source of all deposits into the source bank account(s) and the source of the initial funding of the account(s),

c)  The purpose of all withdrawals, payments, or transfers from the source bank account(s), and

d)  The identity of all individuals and entities that are authorized to use the source bank account(s).

6.      All documents and communications regarding any accounts you hold, held or are authorized to use, including, but not limited to, the following information:

e)  The source of all deposits into each such account and the source of the initial funding of each such account,

f)  The purpose of all withdrawals, payments, or transfers from each such account, and

g)  The identity of all individuals and entities that are authorized to use such accounts.

7.      All documents and communications regarding Taishan's contention that it is unable to bear the enormous economic loss from the Chinese drywall litigation.  *See* HL_00000220.

## DEPOSITION TOPICS

Pursuant to Rule 30(b)(6), you shall designate and produce for deposition one or more of your officers, directors, managing agents, or other persons who consent to testify on your behalf concerning the following subject matters:

1.      Your knowledge regarding all documents and communications between you and any person or entity that assisted in the preparation of your tax returns, financial statements, and/or any financial audits for the years 2005 through the present, including, but not limited to, documents and communications between you and the Baker Tilly International Accounting Firm.

2.      Your knowledge regarding all documents prepared by any person or entity, including but not limited to the Baker Tilly International Accounting Firm, that assisted in the preparation of your tax returns, financial statements, and/or any financial audits for the years 2005 through the present.

3.      Your knowledge regarding the bank account(s) used to fund the wire transfers set forth in Exhibit "A" hereto, including, but not limited, to the following information:

   a)   The source of all deposits into the account(s) and the source of the initial funding of the account(s),

   b)   The purpose of all withdrawals, payments, or transfers from the account(s), and

   c)   The identity of all individuals and entities that are authorized to use the account(s).

4.      Your knowledge regarding the wire transfers that are the subject of the Plaintiffs' Steering Committee's Interrogatory Pursuant to the Court's March 17, 2015 Mintute Entry and Orders [Rec.Doc. 18493] Directed to Taishan Gypsum Co. Ltd., attached hereto as Exhibits "B", including, but not limited to, the following information:

   a) The original source of the funds, including the payor(s) and payee(s), wire transfer instructions, source bank account(s), and owner(s) or beneficial owner(s) of the source bank account(s) and all other financial institutions that processed these funds prior to their reaching Alston & Bird, LLP,

   b) The source of all deposits into the source bank account(s) and the source of the initial funding of the account(s),

   c) The purpose of all withdrawals, payments, or transfers from the source bank account(s), and

   d) The identity of all individuals and entities that are authorized to use the source bank account(s).

5.      Your knowledge regarding all accounts you hold, held or are authorized to use, including, but not limited to, the following information:

   a) The source of all deposits into each such account and the source of the initial funding of each such account,

   b) The purpose of all withdrawals, payments, or transfers from each such account, and

   c) The identity of all individuals and entities that are authorized to use such accounts.

6.      Your knowledge regarding Taishan's contention that it is unable to bear the enormous economic loss from the Chinese drywall litigation.  *See* HL_00000220.

7.      All documents produced in response to the above document requests.

# EXHIBIT 1

**MINUTE ENTRY**
**FALLON, J.**
**MARCH 18, 2015**

## UNITED STATES DISTRICT COURT
### EASTERN DISTRICT OF LOUISIANA

IN RE: CHINESE MANUFACTURED DRYWALL
PRODUCTS LIABILITY LITIGATION

MDL NO. 2047

SECTION "L"

**THIS DOCUMENT RELATES TO: ALL CASES**

### MINUTE ENTRY AND ORDERS

On this date, the Court heard oral arguments regarding the Plaintiffs' Steering Committee's motion to preclude Taishan and its affiliates from participating in class damages proceedings unless and until Taishan purges itself of contempt. (Rec. Doc. 18367). Russ Herman and Arnold Levin participated on behalf of the Plaintiffs' Steering Committee. Bernard Taylor, Alan Weinberger, Michael Kenny, and Christina Eikhoff participated on behalf of Taishan Gypsum Co., Ltd. ("TG") and Tai-an Taishan Plasterboard Co. Ltd. ("TTP"), (TG and TTP collectively, "Taishan"). James Stengel participated on behalf of China National Building Materials Group Corporation and China National Building Materials Company Limited (collectively, "CNBM"). Michael Barr, Michael Moore, Richard Fenton, and Harry Rosenberg participated on behalf of Beijing New Building Materials Public Limited Company and Beijing New Building Material (Group) Company Limited (collectively, "BNBM"). The hearing was transcribed by Ms. Toni Tusa, Official Court Reporter.  Counsel may contact Ms. Tusa at (504) 589-7778 to request a copy of the transcript.

JS10(00:82)

After reviewing the parties' memoranda, reviewing the applicable law, and hearing oral argument from all parties, the Court took the motion to preclude under advisement, subject to the conditions ordered by the Court:

1)   **IT IS ORDERED THAT** Taishan must purge itself of contempt of court within two weeks of today's date, that is **March 31, 2015**, before the Court will determine the nature, and extent, of Taishan's participation in these proceedings. To purge itself of contempt, Taishan must (a) pay the $15,000 in attorneys' fees to the PSC; (b) pay the *Germano* judgment that formed the basis of the judgment debtor proceedings, amounting to $2,609,099.99 plus pre-judgment interest of $149,256.53 plus post-judgment interest at the judicial rate under 28 U.S.C. § 1961, as of the date of payment, (Rec. Doc. 3013); and (c) pay the associated bill of costs, (*see* Rec. Docs. 17825, 18034). The Court notes that Taishan has paid the $40,000 contempt penalty. (*See* Rec. Doc. 18448).

2)   As neither Taishan nor BNBM/CNBM have demonstrated compliance with the injunction prong of the contempt order, (Rec. Doc. 17869), and the Court cannot yet assess whether there is need to enforce the associated penalty of 25% of profits, **IT IS FURTHER ORDERED THAT** the parties shall immediately commence discovery related to the relationship between Taishan and BNBM/CNBM, including whether affiliate and/or alter ego status exists. Discovery shall conclude no later than **April 28, 2015**, at 9:00 a.m. at which time the Court will hear oral argument on the motion for class damages. **IT IS FURTHER ORDERED** that the previously set March 18, 2015 deadline for responses for the motion for class damages is **CONTINUED** and any responses to the motion for class damages now shall be due on **April 20, 2015**.

2

3) **IT IS FURTHER ORDERED THAT** Taishan and BNBM/CNBM **SHALL** participate in alter ego discovery. If Taishan and/or BNBM/CNBM do not participate in discovery, the Court will act accordingly to ensure compliance with this and any Court order. The Court may, for example, strike defenses asserted by Taishan and BNBM/CNBM.

4) **IT IS FURTHER ORDERED THAT** that the Plaintiffs' Steering Committee, Taishan, and BNBM/CNBM **SHALL meet and confer** to discuss a discovery plan. Any deposition shall occur in New Orleans, Louisiana, unless all parties agree – with consent of the Court – that the deposition may occur elsewhere.

The Court retains jurisdiction to take any action necessary to enforce its contempt order, and any other order discussed herein. If any party violates any of the Court's orders, the Court "has broad discretion in assessing sanctions to protect the sanctity of its decrees and the legal process." *Test Masters Educational Servs. v. Singh*, 428 F.3d 559 (5th Cir. 2005). This Court "possess[es] the inherent authority to enforce [its] own injunctive decrees," an authority that "runs nationwide." *Waffenschmidt v. MacKay*, 763 F.2d 711, 716 (5th Cir. 1985); *see also United States v. Fisher*, 864 F.2d 434, 436 (7th Cir.1988) ("[W]hen a court issues an injunction, it automatically retains jurisdiction to enforce it."). The Court reserves its right to determine whether Taishan and/or BNBM/CNBM must post a bond under Rule 64. The Court further notes that Taishan and BNBM/CNBM's willingness to participate in discovery process will guide the Court's determination of the circumstances under which Taishan and BNBM/CNBM may participate in these proceedings. To allow a party to continue to participate in a proceeding while the party is in contempt for actions taken in those same proceedings would be, in effect,

3

rewarding the party for its contemptuous conduct. The Court will take any necessary action to

ensure the sanctity of its decrees and the legal process.

UNITED STATES DISTRICT JUDGE

# EXHIBIT A

境 外 汇 款 申 请 书
APPLICATION FOR FUNDS TRANSFER/OVERSEAS

致：中国银行
TO: BANK OF CHINA

汇款申请书编号：0V10074157173920

日期 2015/03/17

| | | | | | |
|---|---|---|---|---|---|

汇款方式 F/X Remittance Type: TT10074150000608

汇款币种及金额 Currency & Amount of Remittance: USD200,000.00

Applicant's Name & Address: TAISHAN GYPSUM COMPANY LTD. EAST NATIONAL ROAD: 104 TAIAN SHANDONG PROVINCE

收款人名称及账号 Beneficiary's Name & A/Nos.

收款人名称及地址 Beneficiary's Name & Address:

收款人开户行名称及地址 Beneficiary's Bank Name & Address:
WELLS FARGO BANK, N.A.
171 17TH STREET 7TH FLOOR ATLANTA GEORGIA 30363

ALSTON AND BIRD LLP
ONE ATLANTIC CENTER 1201 WEST PEACHTREE STREET, ATLANTA GA 30309-3424

汇款附言 Remittance Information:

| 汇款费用 Remittance Charges | 汇款人账号 | | | |
|---|---|---|---|---|
| 626.1500 | | | | |
| CHY3,130,750.00 | | | | |
| 1,000.00 | | | | |
| 150.00 | | | | |
| CHY3,131,900.00 | | | | |

Phone No.: 18263891477

传真 Fax No.: 6563221

USD500000.00

利用日期 2015年3月17日

CONFIDENTIAL- SUBJECT TO PROTECTIVE ORDER

境 外 汇 款 申 请 书
APPLICATION FOR REMITTANCE ABROAD

USD2,729,196.50

-0.00

2,729,196.50

-0.00

TAISHAN GYPSUM COMPANY, LTD
EAST NATIONAL ROAD 104 TAIAN SHANDONG PROVINCE

WELLS FARGO BANK, N.A.
171 17TH STREET 7TH FLOOR ATLANTA GEORGIA 30363
2000016952111

ALSTON AND BIRD LLP
1950 UNIVERSITY AVENUE 5TH FLOOR EAST PALO ALTO CA

USD2729196.50

TG-0421S.00288888

致：中国银行
TO: BANK OF CHINA

APPLICATION FOR FUNDS TRANSFERS (OVERSEAS)

日 期　2015/03/09
Date

☐ 电汇 T/T　☐ 票汇 D/D　☐ 信汇 M/T　发电等级 Priority　☐ 普通 Normal　☐ 加急 Urgent

| 申报号码　BOP Reporting No. | | |
|---|---|---|

**CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER**

银行业务编号　Bank Transac. Ref.No.　|　收电行／付款行　Receiver/Drawn on

汇款币种及金额　Currency & Interbank Settlement Amount　USD49,928.00　|　金额大写 Amount in Words

现汇金额 Amount in FX　0.00　|　账号 Account No./Credit Card No.
购汇金额 Amount of Purchase　49,928.00　|　账号 Account No./Credit Card No.　1179025203436
其他金额 Amount of Others　0.00　|　账号 Account No./Credit Card No.

汇款人名称及地址　Remitter's Name & Address　TAISHAN GYPSUM CO LTD
EAST NATIONAL ROAD 104 TAIAN SHANDONG PROVINCE

☐ 对公 组织机构代码 Unit Code　|　☐ 对私 个人身份证件号码 Individual ID NO.
☐ 中国居民个人 Resident Individual　☐ 中国非居民个人 Non-Resident Individual

收款银行之代理行 名称及地址　Correspondent of Beneficiary's Bank Name & Address

收款人开户银行 名称及地址　Beneficiary's Bank Name & Address　收款人在其代理行账号 Bene's Bank A/C No.　CHF3110509411
WELLS FARGO BANK N.A.
171 17TH STREET 7TH FLOOR ATLANTA GEORGIA 30363

收款人名称及地址　Beneficiary's Name & Address　收款人账号 Bene's A/C No.　2000005493511
ALSTOM AIR FIRED LLS

汇款附言　Remittance Information　只限 140 个字位 Not Exceeding 140 Characters　|　71/A 国内外费用承担 All Bank's Charges If Any Are To Be Borne By　☐ 汇款人 OUR　☐ 收款人 BEN　☐ 共同 SHA

收款人常驻国家（地区）名称及代码　Resident Country/Region Name & Code　美国

请选择：☐ 预付货款 Advance Payment　☐ 货到付款 Payment Against Delivery　☐ 退款 Refund　☐ 其他 Others

交易编码　BOP Transac. Code　|　相应币种及金额 Currency & Amount　|　交易附言 Transac. Remark

本笔款项是否为保税货物项下付款　☐ 是　☐ 否　合同号　|　发票号

外汇局批件号/备案表号/业务编号

| 银行专用栏 For Bank Use Only | | 申请人签章 Applicant's Signature | 银行签章 Bank's Signature |
|---|---|---|---|
| 购汇汇率 Rate @ | 627.5200 | 请按照背页所列条款办以上汇款并进行申报 Please Effect The Upwards Remittance. Subject To The Conditions Overleaf | |
| 等值人民币 RMB Equivalent | CNY313,747.15 | | |
| 手续费 Commission | 515.75 | | |
| 电报费 Cable Charges | 150.00 | | |
| 合计 Total Charges | CNY314,311.00 | 申请人姓名 Name of Applicant 电话 Phone No. | 核准人签字 Authorized Person 日期 Date |
| 支付费用方式 In Payment of the Remittance | ☐ 现金 by Cash ☐ 支票 by Check ☐ 账户 from Account | | |
| 核押 Sig. Ver. | | 经办 Maker | 复核 Checker |

填写前请仔细阅读各联背面条款及填报说明
Please read the conditions and instructions overleaf before filling in this application.

TG-042345-0028886

# EXHIBIT B

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE:  CHINESE-MANUFACTURED DRYWALL PRODUCTS LIABILITY LITIGATION | MDL NO. 2047 SECTION: L JUDGE FALLON MAG. JUDGE WILKINSON |
| THIS DOCUMENT RELATES TO: ALL ACTIONS | |

**THE PLAINTIFF'S STEERING COMMITTEE'S INTERROGATORY
PURSUANT TO THE COURT'S MARCH 17, 2015
MINUTE ENTRY AND ORDERS [REC.DOC. 18493]
DIRECTED TO TAISHAN GYPSUM CO. LTD.**

Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure, plaintiffs hereby

request that defendants, Taishan Gypsum Co., Ltd. and Taian Taishan Plasterboard Co., Ltd.,

respond to each of the following interrogatories pursuant to the March 17, 2015 Minute Entry

and Orders [Rec.Doc. 18493].

**DEFINITIONS**

As used herein, the following terms are defined as follows:

1. "Defendants" means Taishan Gypsum Co., Ltd. and Taian Taishan Plasterboard Co.,

Ltd.

2. "Other Entity" means any subsidiary, affiliate or agent of Pingyi Baier Building

Materials Co., Ltd., Taishan, Beijing New Building Materials Public Limited Co. ("BNBM"),

China National Building Material Co., Ltd., Beijing New Building Materials (Group) Co., Ltd.

("BNBM Group"), China National Building Materials Group Co. ("CNBM Group"), CNBM

1

USA Corp., Chenxiang, Sinkiang Tianshan Building Material and Gypsum Product Co., Ltd.,

Taishan Gypsum Co., Ltd. Lucheng Branch, Ynan Taishan Gypsum and Building Material Co.,

Ltd., Tai'an Jindin Building Material Co., Ltd., Taishan Gypsum (Xiangtan) Co., Ltd., Taishan

Gypsum (Pingshan) Co., Ltd., Taishan Gypsum (Hengshui) Co., Ltd., Taishan Gypsum (Henan)

Co., Ltd., Hubei Taishan Building Material Co., Ltd., Taishan Gypsum (Tongling) Co., Ltd.,

Weifang Aotai Gypsum Co., Ltd., Taishan Gypsum (Pizhou) Co., Ltd., Fuxin Taishan Gypsum

and Building Material Co., Ltd.,  Taishan Gypsum (Wenzhou) Co., Ltd., Taishan Gypsum

(Chongqing) Co., Ltd., Taishan Gypsum (Jaingyin) Co., Ltd., Qinhuangdao Taishan Building

Material Co., Ltd. a/k/a Qinhuang Dao Taishan Building Materials Co., Ltd., Tai'an Tiashan

Gypsum Board Co., Ltd., Taishan Gypsum (Baotou) Co., Ltd., Shaanxi Taishan Gypsum Co.,

Ltd., Pingyi Zhongxing Paper-Faced Plasterboard Co., Ltd. f/k/a Chenxiang Building Materials

Co., Ltd., Shanghai Yu Yuan Imp & Exp Co., Ltd., Prowall Drywall, Inc. a/k/a Prowall,

International Materials Trading a/k/a IMT Gypsum, International Materials Trading, Ltd., IMT,

International Materials Trading IMT Chinese Plasterboard, International Materials Trading (IMT)

Gypsum, Panel Rey a/k/a Panel de Yeso Panel, Shamrock Gold, Gridmarx a/k/a GridmarX, Grid

Marx, GridMarX, Gypsum Board, USB, and Pabco.

3.  "You", "your" or "your company" means Taishan Gypsum Co., Ltd. and Taian

Taishan Plasterboard Co., as applicable, including relevant predecessors, successors, subsidiaries,

departments, divisions and/or affiliates, and including, without limitation, any organization or

entity which it manages or controls, together with all present and former directors, officers,

employees, agents, representatives or any persons acting or purporting to act on its behalf.

2

4.   "Person" means, without limitation, any natural person, corporation, partnership, proprietorship, joint venture, association, government entity, group or other form of legal entity.

5.   "Communication" means, without limitation, oral or written communications of any kind, such as electronic, facsimile, telephone, correspondence, exchanges of written or recorded information, or face-to-face meetings.

6.   "Employee" means, without limitation, any current or former officer, director, executive, manager, secretary, staff member, messenger or other person who is or was employed by a defendants.

7.   "Document" means, without limitation, the original and all non-identical copies of all writings, whether handwritten, typed, printed or otherwise produced.  This definition also includes, without limitation, letters, correspondence, memoranda, legal pleadings, calendars, diaries, travel records, summaries, records of telephone conversations, telegrams, notes, reports, compilations, notebooks, workpapers, graphs, charts, blueprints, books, pamphlets, brochures, circulars, manuals, instructions, ledgers, drawings, sketches, photographs, videotapes, film and sound reproductions, sales, advertising and promotional literature, agreements or minutes of meetings.

8.   "Electronically Stored Information," abbreviated herein as "ESI," has the same meaning and scope in these Interrogatories as it has in the Federal Rules of Civil Procedure.

9.   "Relating to", "referring to", "regarding" or "with respect to" means, without limitation, the following concepts: discussing, describing, reflecting, dealing with, pertaining to, analyzing, evaluating, estimating, constituting, studying, surveying, projecting, assessing,

recording, summarizing, criticizing, reporting, commenting or otherwise involving, in whole or in part.

10. "Or" should be construed so as to require the broadest possible response.  If, for example, a request calls for information about "A" or "B", you should produce all information about A and all information about B, as well as all information about collectively A and B.  In other words, "or" should be read as "and/or".

11. "Including" is used to emphasize the type of information requested and should not be construed as limiting the interrogatory in anyway.

12. "Identify" when used in reference to a person means to state the person's full name, present or last known address, office, home and portable telephone and facsimile numbers, the person's present or last known position, job description and business affiliation at the time in question.

13. "Identify" when used in reference to a document or ESI means to describe the type of document or ESI, its date and author, its present location or custodian, every author, whether or not such person signed the document, and every person to whom such document or ESI, or any copy thereof was given or sent.  If any such document or ESI was, but is no longer, in your possession or subject to your control, state what disposition was made of it.  Documents or ESI prepared prior to or subsequent to the period covered by these interrogatories, but which nonetheless relate or refer thereto, are to be included in your response.

14. "Identify" when used with respect to a communication other than a writing means to identify every person who was a party to the communication, the type of communication, and to

4

identify all persons participating therein, along with the date, duration, location(s) and the substance of the communication.

15. "Identify" when used with respect to a person or entity means state their full name, legal address, phone number, and if an individual person, their employer and job title.

16. "Any" should be construed, when possible, to mean "any and all."

17. "Chinese drywall" refers to drywall, plasterboard or wallboard manufactured in China.

## INSTRUCTIONS

1. Unless otherwise noted, these interrogatories require responses for the time period from July 17, 2014 through the date of these interrogatories (the "relevant time period").

2. Pursuant to Rule 26(e) of the Federal Rules of Civil Procedure, these interrogatories are continuing in nature so that if, after answering, you acquire additional responsive knowledge or information, plaintiffs direct that you serve supplemental answers after acquiring such additional knowledge or information.

3. If at any time after answering these interrogatories you determine that an answer you provided was false, you must immediately notify plaintiffs' counsel and provide amended answers as soon as reasonably possible.

4. If you refuse to respond to any of these interrogatories based on a claim of privilege pursuant to Federal Rule of Civil Procedure 26(b)(5), you must provide a statement of the claim of privilege and all facts relied upon in support of that claim, including the parties involved, any dates involved, the relevant subject matter of the privileged material, any documents or ESI supporting the privileged information, including the dates, authors, recipients, title and subject

matter, and present location of any documents or ESI involved.  In the case of attorney work product privilege, you must also identify the litigation for which the work product was prepared.

5.  If you answer any interrogatory by reference to business records pursuant to Federal Rule of Civil Procedure 33(d), identify such records by Bates number and the name of your employee certifying the documents or ESI as business records for purposes of answering the interrogatory.

6.  Pursuant to the Court's March 17, 2015 Minute Entry and Orders, this discovery is expedited and it is therefore requested that answers to this discovery be provided within ten (10) days of service.

## **INTERROGATORY**

INTERROGATORY: Please identify the information requested in the March 20, 2015 letter of Arnold Levin to Bernard Taylor attached hereto as Exhibit "A".

6

Dated:  March 20, 2015

Respectfully submitted,

/s/ Russ M. Herman
Russ M. Herman (LA Bar No. 6819)
Leonard A. Davis (LA Bar No. 14190)
Stephen J. Herman (LA Bar No. 23129)
HERMAN, HERMAN & KATZ, LLC
820 O'Keefe Avenue
New Orleans, Louisiana 70113
Phone: (504) 581-4892
Fax: (504) 561-6024
Ldavis@hhkc.com
*Plaintiffs' Liaison Counsel*
*MDL 2047*

Arnold Levin
Fred S. Longer
Sandra L. Duggan
Matthew C. Gaughan
Levin, Fishbein, Sedran & Berman
510 Walnut Street, Suite 500
Philadelphia, PA 19106
215-592-1500 (phone)
215-592-4663 (fax)
Alevin@lfsblaw.com
*Plaintiffs' Lead Counsel*
*MDL 2047*

**PLAINTIFFS' STEERING COMMITTEE**

Dawn M. Barrios
Barrios, Kingsdorf & Casteix, LLP
701 Poydras Street, Suite 3650
New Orleans, LA 70139
Phone: (504) 524-3300
Fax: (504) 524-3313
Barrios@bkc-law.com

Daniel E. Becnel, Jr.
Becnel Law Firm, LLC
425 W. Airline Highway, Suite B
Laplace, LA 70068
Phone: (985) 536-1186
Fax: (985) 536-6445
dbecnel@becnellaw.com

7

Peter Prieto
Podhurst Orseck, P.A.
25 Flagler Street, 8th Floor
Miami, FL 33130
Phone: (305) 358-2800
Fax: (305) 358-2382
pprieto@podhurst.com

Bruce William Steckler
Steckler, LLP
12720 Hillcrest Road, Ste 1045
Dallas, TX 75230
Phone: (972) 387-4040
Fax: (972) 387-4041
bruce@stecklerlaw.com

Ervin A. Gonzalez
Colson, Hicks, Eidson
255 Alhambra Circle, Penthouse
Cora Gables, FL 33134
Phone: (305) 476-7400
Fax: (305) 476-7444
ervin@colson.com

Ben W. Gordon, Jr.
Levin, Papantonio, Thomas, Mitchell
 Echsner & Proctor, P.A.
316 S. Baylen Street, Suite 600
Pensacola, FL 32502
Phone: (850) 435-7000
Fax: (850) 435-7020
bgordon@levinlaw.com

Hugh P. Lambert
The Lambert Firm
701 Magazine Street
New Orleans, LA 70130
Phone: (504) 581-1750
Fax: (504) 529-2931
hlambert@thelambertfirm.com

Gerald E. Meunier
Gainsburgh, Benjamin, David, Meunier
 & Warshauer, LLC
2800 Energy Centre, 1100 Poydras Street
New Orleans, LA 70163-2800
Phone: (504) 522-2304
Fax: (504) 528-9973
gmeunier@gainsben.com

Jerrold Seth Parker
Parker Waichman, LLP
3301 Bonita Beach Road
Bonita Springs, FL 34134
Phone: (239) 390-1000
Fax: (239) 390-0055
Jerry@yourlawyer.com

Scott Wm. Weinstein
Morgan & Morgan
12800 University Drive, Suite 600
Ft. Meyers, FL 33907
Phone: (239) 433-6880
Fax: (239) 433-6836
sweinstein@forthepeople.com

James Robert Reeves
Reeves & Mestayer, PLLC
160 Main Street
Biloxi, MS 39530
Phone: (228) 374-5151
Fax: (228) 374-6630
jrr@attorneys4people.com

Christopher Seeger
Seeger Weiss, LLP
77 Water Street
New York, NY 10005
Phone: (212) 584-0700
Fax: (212) 584-0799
cseeger@seegerweiss.com

Daniel K. Bryson
Whitfield, Bryson & Mason, LLP
900 W. Morgan Street
Raleigh, NC 27603
Phone: (919) 600-5000
Fax: (919) 600-5002
dan@wbmllp.com

Richard J. Serpe
Law Offices of Richard J. Serpe
Crown Center, Ste. 310
580 East Main Street
Norfolk, VA 23510-2322
Phone: (757) 233-0009
Fax: (757) 233-0455
rserpe@serpefirm.com

Victor M. Diaz, Jr.
V.M. Diaz and Partners, LLC
119 Washington Ave, Suite 402
Miami Beach, FL 33139
Phone: (305) 704-3200
Fax: (305) 538-4928
victor@diazpartners.com

## OF COUNSEL TO PLAINTIFFS' STEERING COMMITTEE

Richard S. Lewis
HAUSFELD LLP
1700 K Street, N.W
Suite 650
Washington, DC 20006
Phone: (202) 540-7200
Fax: (202) 540-7201
rlewis@hausfeldllp.com

Andrew A. Lemmon
Lemmon Law Firm, LLC
P.O. Box 904
15058 River Road
Hahnville, LA 70057
Phone: (985) 783-6789
Fax: (985) 783-1333
andrew@lemmonlawfirm.com

Anthony D. Irpino
IRPINO LAW FIRM
2216 Magazine Street
New Orleans, LA 70130
Phone: (504) 525-1500
Fax: (504) 525-1501
airpino@irpinolaw.com

9

## CERTIFICATE OF SERVICE

I hereby certify that the above and foregoing discovery has been served on Defendants' Liaison Counsel, Kerry Miller, by U.S. Mail and e-mail <u>or</u> by hand delivery and e-mail <u>and</u> upon all parties by electronically uploading the same to LexisNexis File & Serve in accordance with Pre-Trial Order No. 6, which will serve a notice of the uploading in accordance with the procedures established in MDL 2047, on this 20TH day of March, 2015.

/s/ Leonard A. Davis
Leonard A. Davis
HERMAN, HERMAN & KATZ, LLC
820 O'Keefe Avenue
New Orleans, Louisiana 70113
Phone: (504) 581-4892
Fax: (504) 561-6024
Ldavis@hhkc.com
Plaintiffs' Liaison Counsel
MDL 2047

*Co-counsel for Plaintiffs*

10

# EXHIBIT A

# LEVIN, FISHBEIN, SEDRAN & BERMAN

*Counsellors at Law and Proctors in Admiralty*

ARNOLD LEVIN
MICHAEL D. FISHBEIN
HOWARD J. SEDRAN
LAURENCE S. BERMAN
FRED S. LONGER *
DANIEL C. LEVIN
CHARLES E. SCHAFFER
AUSTIN B. COHEN *
MICHAEL M. WEINKOWITZ * †
CHARLES C. SWEEDLER *
MATTHEW C. GAUGHAN * †
KEITH J. VERRIER *
BRIAN F. FOX

510 WALNUT STREET
SUITE 500
PHILADELPHIA, PA 19106-3697
www.lfsblaw.com

TELEPHONE (215) 592-1500
FACSIMILE (215) 592-4663

OF COUNSEL:
SANDRA L. DUGGAN
STEWART M. WELTMAN **

* also admitted in New Jersey
† also admitted in New York
** admitted in Illinois only

March 20, 2015

**VIA EMAIL**

Bernard Taylor, Esquire
Alston & Bird LLP
1201 West Peachtree Street
Atlanta, Georgia 30309

      **Re:**   *In re: Chinese Drywall Litigation – MDL No. 2047*

Dear Mr. Taylor:

      Pursuant to the Court's Contempt Order of July 17, 2014 and March 17, 2015 Order & Reasons, Alston & Bird LLP has submitted, on behalf of its client, Taishan Gypsum Co., Ltd.'s, two payments: one in the amount of $40,000 to the United States Clerk of Court for the Eastern District of Louisiana [Rec.Doc. 18448], and the second, by Check No. 00280870 from your firm's account at Wells Fargo Bank NA, made payable to Levin, Fishbein, Sedran & Berman, in the amount of $15,000. For both payments, kindly identify the original source of the funds, including the payor and payee, wire transfer instructions, source bank account, and owner of the source bank account and all other financial institutions that processed these funds prior to them reaching Alston & Bird, LLP.

      To the extent Alston & Bird LLP is also in possession of funds intended to pay the Germano judgment plus pre and post judgment interests and bill of costs, please identify the original source of the funds, including the payor and payee, wire transfer instructions, source bank account,

LEVIN, FISHBEIN, SEDRAN & BERMAN

Bernard Taylor, Esquire
March 20, 2015
Page 2

and owner of the source bank account and all other financial institutions handling these funds
prior to them reaching Alston & Bird, LLP.

Thank you for your immediate attention to these matters.

Very truly yours,

ARNOLD LEVIN

/mmh

cc:  Russ M. Herman (via email)
     Gerald E. Meunier (via email)
     Alan Weinberger (via email)
     Harry Rosenberg (via email)
     C. Michael Moore (via email)
     Gene R. Besen (via email)
     Richard L. Fenton (via email)
     Leah R. Bruno (via email)
     Michael H. Barr (via email)
     Justin N. Kattan (via email)
     L. Christopher Vejnoska (via email)
     Ian Johnson (via email)
     Andrew Davidson (via email)
     Jason Wu (via email)
     James L. Stengel (via email)
     Xiang Wang (via email)
     Eric A. Shumsky (via email)

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE:  CHINESE-MANUFACTURED DRYWALL PRODUCTS LIABILITY LITIGATION | MDL NO. 2047 SECTION: L JUDGE FALLON MAG. JUDGE WILKINSON |
| THIS DOCUMENT RELATES TO: ALL ACTIONS | |

## THE PLAINTIFF'S STEERING COMMITTEE'S DOCUMENT REQUEST PURSUANT TO THE COURT'S MARCH 17, 2015 MINUTE ENTRY AND ORDERS [REC.DOC. 18493] <u>DIRECTED TO TAISHAN GYPSUM CO. LTD.</u>

Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure, plaintiffs hereby request that defendants, Taishan Gypsum Co., Ltd. and Taian Taishan Plasterboard Co., Ltd., respond to each of the following document requests pursuant to the March 17, 2015 Minute Entry and Orders [Rec.Doc. 18493].

### DEFINITIONS

As used herein, the following terms are defined as follows:

1. "Defendants" means Taishan Gypsum Co., Ltd. and Taian Taishan Plasterboard Co., Ltd.

2. "Other Entity" means any subsidiary, affiliate or agent of Pingyi Baier Building Materials Co., Ltd., Taishan, Beijing New Building Materials Public Limited Co. ("BNBM"), China National Building Material Co., Ltd., Beijing New Building Materials (Group) Co., Ltd. ("BNBM Group"), China National Building Materials Group Co. ("CNBM Group"), CNBM USA Corp., Chenxiang, Sinkiang Tianshan Building Material and Gypsum Product Co., Ltd.,

1

Taishan Gypsum Co., Ltd. Lucheng Branch, Ynan Taishan Gypsum and Building Material Co., Ltd., Tai'an Jindin Building Material Co., Ltd., Taishan Gypsum (Xiangtan) Co., Ltd., Taishan Gypsum (Pingshan) Co., Ltd., Taishan Gypsum (Hengshui) Co., Ltd., Taishan Gypsum (Henan) Co., Ltd., Hubei Taishan Building Material Co., Ltd., Taishan Gypsum (Tongling) Co., Ltd., Weifang Aotai Gypsum Co., Ltd., Taishan Gypsum (Pizhou) Co., Ltd., Fuxin Taishan Gypsum and Building Material Co., Ltd.,  Taishan Gypsum (Wenzhou) Co., Ltd., Taishan Gypsum (Chongqing) Co., Ltd., Taishan Gypsum (Jaingyin) Co., Ltd., Qinhuangdao Taishan Building Material Co., Ltd. a/k/a Qinhuang Dao Taishan Building Materials Co., Ltd., Tai'an Tiashan Gypsum Board Co., Ltd., Taishan Gypsum (Baotou) Co., Ltd., Shaanxi Taishan Gypsum Co., Ltd., Pingyi Zhongxing Paper-Faced Plasterboard Co., Ltd. f/k/a Chenxiang Building Materials Co., Ltd., Shanghai Yu Yuan Imp & Exp Co., Ltd., Prowall Drywall, Inc. a/k/a Prowall, International Materials Trading a/k/a IMT Gypsum, International Materials Trading, Ltd., IMT, International Materials Trading IMT Chinese Plasterboard, International Materials Trading (IMT) Gypsum, Panel Rey a/k/a Panel de Yeso Panel, Shamrock Gold, Gridmarx a/k/a GridmarX, Grid Marx, GridMarX, Gypsum Board, USB, and Pabco.

3.  "You", "your" or "your company" means Taishan Gypsum Co., Ltd. and Taian Taishan Plasterboard Co., as applicable, including relevant predecessors, successors, subsidiaries, departments, divisions and/or affiliates, and including, without limitation, any organization or entity which it manages or controls, together with all present and former directors, officers, employees, agents, representatives or any persons acting or purporting to act on its behalf.

4.  "Person" means, without limitation, any natural person, corporation, partnership, proprietorship, joint venture, association, government entity, group or other form of legal entity.

2

5. "Communication" means, without limitation, oral or written communications of any kind, such as electronic, facsimile, telephone, correspondence, exchanges of written or recorded information, or face-to-face meetings.

6. "Employee" means, without limitation, any current or former officer, director, executive, manager, secretary, staff member, messenger or other person who is or was employed by a defendants.

7. "Document" means, without limitation, the original and all non-identical copies of all writings, whether handwritten, typed, printed or otherwise produced.  This definition also includes, without limitation, letters, correspondence, memoranda, legal pleadings, calendars, diaries, travel records, summaries, records of telephone conversations, telegrams, notes, reports, compilations, notebooks, workpapers, graphs, charts, blueprints, books, pamphlets, brochures, circulars, manuals, instructions, ledgers, drawings, sketches, photographs, videotapes, film and sound reproductions, sales, advertising and promotional literature, agreements or minutes of meetings.

8. "Electronically Stored Information," abbreviated herein as "ESI," has the same meaning and scope in these Document Requests as it has in the Federal Rules of Civil Procedure.

9. "Relating to", "referring to", "regarding" or "with respect to" means, without limitation, the following concepts: discussing, describing, reflecting, dealing with, pertaining to, analyzing, evaluating, estimating, constituting, studying, surveying, projecting, assessing, recording, summarizing, criticizing, reporting, commenting or otherwise involving, in whole or in part.

3

10. "Or" should be construed so as to require the broadest possible response. If, for example, a request calls for information about "A" or "B", you should produce all information about A and all information about B, as well as all information about collectively A and B. In other words, "or" should be read as "and/or".

11. "Including" is used to emphasize the type of information requested and should not be construed as limiting the document request in anyway.

12. "Identify" when used in reference to a person means to state the person's full name, present or last known address, office, home and portable telephone and facsimile numbers, the person's present or last known position, job description and business affiliation at the time in question.

13. "Identify" when used in reference to a document or ESI means to describe the type of document or ESI, its date and author, its present location or custodian, every author, whether or not such person signed the document, and every person to whom such document or ESI, or any copy thereof was given or sent. If any such document or ESI was, but is no longer, in your possession or subject to your control, state what disposition was made of it. Documents or ESI prepared prior to or subsequent to the period covered by these document requests, but which nonetheless relate or refer thereto, are to be included in your response.

14. "Identify" when used with respect to a communication other than a writing means to identify every person who was a party to the communication, the type of communication, and to identify all persons participating therein, along with the date, duration, location(s) and the substance of the communication.

4

15.  "Identify" when used with respect to a person or entity means state their full name, legal address, phone number, and if an individual person, their employer and job title.

16.  "Any" should be construed, when possible, to mean "any and all."

17.  "Chinese drywall" refers to drywall, plasterboard or wallboard manufactured in China.

## INSTRUCTIONS

1.  Unless otherwise noted, these document requests require responses for the time period from July17, 2014 through the date of these document requests (the "relevant time period").

2.  Pursuant to Rule 26(e) of the Federal Rules of Civil Procedure, these document requests are continuing in nature so that if, after answering, you acquire additional responsive knowledge or information, plaintiffs direct that you serve supplemental answers after acquiring such additional knowledge or information.

3.  If at any time after answering these document requests you determine that an answer you provided was false, you must immediately notify plaintiffs' counsel and provide amended answers as soon as reasonably possible.

4.  If you refuse to respond to any of these document requests based on a claim of privilege pursuant to Federal Rule of Civil Procedure 26(b)(5), you must provide a statement of the claim of privilege and all facts relied upon in support of that claim, including the parties involved, any dates involved, the relevant subject matter of the privileged material, any documents or ESI supporting the privileged information, including the dates, authors, recipients, title and subject matter, and present location of any documents or ESI involved.  In the case of attorney work product privilege, you must also identify the litigation for which the work product was prepared.

5

5. If you answer any document requests by reference to business records pursuant to Federal Rule of Civil Procedure 33(d), identify such records by Bates number and the name of your employee certifying the documents or ESI as business records for purposes of answering the document requests.

6. Pursuant to the Court's March 17, 2015 Minute Entry and Orders, this discovery is expedited and it is therefore requested that answers to this discovery be provided within ten (10) days of service.

## DOCUMENT REQUESTS

DOCUMENT REQUEST: Identify the information sought in the March 20, 2015 letter of Arnold Levin to Bernard Taylor attached hereto as Exhibit "A".

6

Dated:  March 20, 2015

Respectfully submitted,

/s/ Russ M. Herman
Russ M. Herman (LA Bar No. 6819)
Leonard A. Davis (LA Bar No. 14190)
Stephen J. Herman (LA Bar No. 23129)
HERMAN, HERMAN & KATZ, LLC
820 O'Keefe Avenue
New Orleans, Louisiana 70113
Phone: (504) 581-4892
Fax: (504) 561-6024
Ldavis@hhkc.com
*Plaintiffs' Liaison Counsel*
*MDL 2047*

Arnold Levin
Fred S. Longer
Sandra L. Duggan
Matthew C. Gaughan
Levin, Fishbein, Sedran & Berman
510 Walnut Street, Suite 500
Philadelphia, PA 19106
215-592-1500 (phone)
215-592-4663 (fax)
Alevin@lfsblaw.com
*Plaintiffs' Lead Counsel*
*MDL 2047*

## PLAINTIFFS' STEERING COMMITTEE

Dawn M. Barrios
Barrios, Kingsdorf & Casteix, LLP
701 Poydras Street, Suite 3650
New Orleans, LA 70139
Phone: (504) 524-3300
Fax: (504) 524-3313
Barrios@bkc-law.com

Daniel E. Becnel, Jr.
Becnel Law Firm, LLC
425 W. Airline Highway, Suite B
Laplace, LA 70068
Phone: (985) 536-1186
Fax: (985) 536-6445
dbecnel@becnellaw.com

Peter Prieto
Podhurst Orseck, P.A.
25 Flagler Street, 8th Floor
Miami, FL 33130
Phone: (305) 358-2800
Fax: (305) 358-2382
pprieto@podhurst.com

Bruce William Steckler
Steckler, LLP
12720 Hillcrest Road, Ste 1045
Dallas, TX 75230
Phone: (972) 387-4040
Fax: (972) 387-4041
bruce@stecklerlaw.com

Ervin A. Gonzalez
Colson, Hicks, Eidson
255 Alhambra Circle, Penthouse
Cora Gables, FL 33134
Phone: (305) 476-7400
Fax: (305) 476-7444
ervin@colson.com

Ben W. Gordon, Jr.
Levin, Papantonio, Thomas, Mitchell
 Echsner & Proctor, P.A.
316 S. Baylen Street, Suite 600
Pensacola, FL 32502
Phone: (850) 435-7000
Fax: (850) 435-7020
bgordon@levinlaw.com

Hugh P. Lambert
The Lambert Firm
701 Magazine Street
New Orleans, LA 70130
Phone: (504) 581-1750
Fax: (504) 529-2931
hlambert@thelambertfirm.com

Gerald E. Meunier
Gainsburgh, Benjamin, David, Meunier
 & Warshauer, LLC
2800 Energy Centre, 1100 Poydras Street
New Orleans, LA 70163-2800
Phone: (504) 522-2304
Fax: (504) 528-9973
gmeunier@gainsben.com

Jerrold Seth Parker
Parker Waichman, LLP
3301 Bonita Beach Road
Bonita Springs, FL 34134
Phone: (239) 390-1000
Fax: (239) 390-0055
Jerry@yourlawyer.com

Scott Wm. Weinstein
Morgan & Morgan
12800 University Drive, Suite 600
Ft. Meyers, FL 33907
Phone: (239) 433-6880
Fax: (239) 433-6836
sweinstein@forthepeople.com

James Robert Reeves
Reeves & Mestayer, PLLC
160 Main Street
Biloxi, MS 39530
Phone: (228) 374-5151
Fax: (228) 374-6630
jrr@attorneys4people.com

Christopher Seeger
Seeger Weiss, LLP
77 Water Street
New York, NY 10005
Phone: (212) 584-0700
Fax: (212) 584-0799
cseeger@seegerweiss.com

8

Daniel K. Bryson
Whitfield, Bryson & Mason, LLP
900 W. Morgan Street
Raleigh, NC 27603
Phone: (919) 600-5000
Fax: (919) 600-5002
dan@wbmllp.com

Richard J. Serpe
Law Offices of Richard J. Serpe
Crown Center, Ste. 310
580 East Main Street
Norfolk, VA 23510-2322
Phone: (757) 233-0009
Fax: (757) 233-0455
rserpe@serpefirm.com

Victor M. Diaz, Jr.
V.M. Diaz and Partners, LLC
119 Washington Ave, Suite 402
Miami Beach, FL 33139
Phone: (305) 704-3200
Fax: (305) 538-4928
victor@diazpartners.com

## OF COUNSEL TO PLAINTIFFS' STEERING COMMITTEE

Richard S. Lewis
HAUSFELD LLP
1700 K Street, N.W
Suite 650
Washington, DC 20006
Phone: (202) 540-7200
Fax: (202) 540-7201
rlewis@hausfeldllp.com

Andrew A. Lemmon
Lemmon Law Firm, LLC
P.O. Box 904
15058 River Road
Hahnville, LA 70057
Phone: (985) 783-6789
Fax: (985) 783-1333
andrew@lemmonlawfirm.com

Anthony D. Irpino
IRPINO LAW FIRM
2216 Magazine Street
New Orleans, LA 70130
Phone: (504) 525-1500
Fax: (504) 525-1501
airpino@irpinolaw.com

9

## CERTIFICATE OF SERVICE

I hereby certify that the above and foregoing discovery has been served on Defendants' Liaison Counsel, Kerry Miller, by U.S. Mail and e-mail or by hand delivery and e-mail and upon all parties by electronically uploading the same to LexisNexis File & Serve in accordance with Pre-Trial Order No. 6, which will serve a notice of the uploading in accordance with the procedures established in MDL 2047, on this 20TH day of March, 2015.

/s/ Leonard A. Davis
Leonard A. Davis
HERMAN, HERMAN & KATZ, LLC
820 O'Keefe Avenue
New Orleans, Louisiana 70113
Phone: (504) 581-4892
Fax: (504) 561-6024
Ldavis@hhkc.com
Plaintiffs' Liaison Counsel
MDL 2047

*Co-counsel for Plaintiffs*

# EXHIBIT A

# LEVIN, FISHBEIN, SEDRAN & BERMAN

*Counsellors at Law and Proctors in Admiralty*

ARNOLD LEVIN
MICHAEL D. FISHBEIN
HOWARD J. SEDRAN
LAURENCE S. BERMAN
FRED S. LONGER •
DANIEL C. LEVIN
CHARLES E. SCHAFFER
AUSTIN B. COHEN •
MICHAEL M. WEINKOWITZ • †
CHARLES C. SWEEDLER •
MATTHEW C. GAUGHAN • †
KEITH J. VERRIER •
BRIAN F. FOX

510 WALNUT STREET
SUITE 500
PHILADELPHIA, PA 19106-3697
www.lfsblaw.com

TELEPHONE (215) 592-1500
FACSIMILE (215) 592-4663

OF COUNSEL:
SANDRA L. DUGGAN
STEWART M. WELTMAN **

• also admitted in New Jersey
† also admitted in New York
** admitted in Illinois only

March 20, 2015

**VIA EMAIL**

Bernard Taylor, Esquire
Alston & Bird LLP
1201 West Peachtree Street
Atlanta, Georgia 30309

       **Re:**   *In re: Chinese Drywall Litigation – MDL No. 2047*

Dear Mr. Taylor:

       Pursuant to the Court's Contempt Order of July 17, 2014 and March 17, 2015 Order & Reasons, Alston & Bird LLP has submitted, on behalf of its client, Taishan Gypsum Co., Ltd.'s, two payments: one in the amount of $40,000 to the United States Clerk of Court for the Eastern District of Louisiana [Rec.Doc. 18448], and the second, by Check No. 00280870 from your firm's account at Wells Fargo Bank NA, made payable to Levin, Fishbein, Sedran & Berman, in the amount of $15,000. For both payments, kindly identify the original source of the funds, including the payor and payee, wire transfer instructions, source bank account, and owner of the source bank account and all other financial institutions that processed these funds prior to them reaching Alston & Bird, LLP.

       To the extent Alston & Bird LLP is also in possession of funds intended to pay the Germano judgment plus pre and post judgment interests and bill of costs, please identify the original source of the funds, including the payor and payee, wire transfer instructions, source bank account,

LEVIN, FISHBEIN, SEDRAN & BERMAN

Bernard Taylor, Esquire
March 20, 2015
Page 2

and owner of the source bank account and all other financial institutions handling these funds prior to them reaching Alston & Bird, LLP.

Thank you for your immediate attention to these matters.

Very truly yours,

ARNOLD LEVIN

/mmh

cc:  Russ M. Herman (via email)
     Gerald E. Meunier (via email)
     Alan Weinberger (via email)
     Harry Rosenberg (via email)
     C. Michael Moore (via email)
     Gene R. Besen (via email)
     Richard L. Fenton (via email)
     Leah R. Bruno (via email)
     Michael H. Barr (via email)
     Justin N. Kattan (via email)
     L. Christopher Vejnoska (via email)
     Ian Johnson (via email)
     Andrew Davidson (via email)
     Jason Wu (via email)
     James L. Stengel (via email)
     Xiang Wang (via email)
     Eric A. Shumsky (via email)

# EXHIBIT A

# LEVIN, FISHBEIN, SEDRAN & BERMAN

*Counsellors at Law and Proctors in Admiralty*

ARNOLD LEVIN
MICHAEL D. FISHBEIN
HOWARD J. SEDRAN
LAURENCE S. BERMAN
FRED S. LONGER *
DANIEL C. LEVIN
CHARLES E. SCHAFFER
AUSTIN B. COHEN *
MICHAEL M. WEINKOWITZ * †
CHARLES C. SWEEDLER *
MATTHEW C. GAUGHAN * †
KEITH J. VERRIER *
BRIAN F. FOX

510 WALNUT STREET
SUITE 500
PHILADELPHIA, PA 19106-3697
www.lfsblaw.com

TELEPHONE (215) 592-1500
FACSIMILE (215) 592-4663

OF COUNSEL:
SANDRA L. DUGGAN
STEWART M. WELTMAN **

* also admitted in New Jersey
† also admitted in New York
** admitted in Illinois only

March 20, 2015

**VIA EMAIL**

Bernard Taylor, Esquire
Alston & Bird LLP
1201 West Peachtree Street
Atlanta, Georgia 30309

Re:   *In re: Chinese Drywall Litigation – MDL No. 2047*

Dear Mr. Taylor:

Pursuant to the Court's Contempt Order of July 17, 2014 and March 17, 2015 Order & Reasons, Alston & Bird LLP has submitted, on behalf of its client, Taishan Gypsum Co., Ltd.'s, two payments: one in the amount of $40,000 to the United States Clerk of Court for the Eastern District of Louisiana [Rec.Doc. 18448], and the second, by Check No. 00280870 from your firm's account at Wells Fargo Bank NA, made payable to Levin, Fishbein, Sedran & Berman, in the amount of $15,000.  For both payments, kindly identify the original source of the funds, including the payor and payee, wire transfer instructions, source bank account, and owner of the source bank account and all other financial institutions that processed these funds prior to them reaching Alston & Bird, LLP.

To the extent Alston & Bird LLP is also in possession of funds intended to pay the Germano judgment plus pre and post judgment interests and bill of costs, please identify the original source of the funds, including the payor and payee, wire transfer instructions, source bank account,

LEVIN, FISHBEIN, SEDRAN & BERMAN

Bernard Taylor, Esquire
March 20, 2015
Page 2

and owner of the source bank account and all other financial institutions handling these funds
prior to them reaching Alston & Bird, LLP.

Thank you for your immediate attention to these matters.

Very truly yours,

ARNOLD LEVIN

/mmh

cc: Russ M. Herman (via email)
Gerald E. Meunier (via email)
Alan Weinberger (via email)
Harry Rosenberg (via email)
C. Michael Moore (via email)
Gene R. Besen (via email)
Richard L. Fenton (via email)
Leah R. Bruno (via email)
Michael H. Barr (via email)
Justin N. Kattan (via email)
L. Christopher Vejnoska (via email)
Ian Johnson (via email)
Andrew Davidson (via email)
Jason Wu (via email)
James L. Stengel (via email)
Xiang Wang (via email)
Eric A. Shumsky (via email)