UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| IN RE: CHINESE-MANUFACTURED DRYWALL PRODUCTS LIABILITY LITIGATION | MDL NO. 2047<br>SECTION: L<br>JUDGE FALLON<br>MAG. JUDGE WILKINSON |
|---|---|
| THIS DOCUMENT RELATES TO: | |

PEOPLE'S REPUBLIC OF CHINA
CITY OF BEIJING

### DECLARATION OF YANMING ZHAO

This declaration is made in accordance with and pursuant to 28 U.S.C. § 1746.

I, YANMING ZHAO, declare under penalty of perjury under the laws of the United States of America that the following statements are true and correct:

1. I am over eighteen (18) years of age, am competent to testify to the matters contained herein, and have personal knowledge of these facts. My native language is Chinese. While I can use some English, my English level, especially my listening and speaking English, is quite low as it is a foreign language to me. I signed a Chinese version of this Declaration as well as the English version of this Declaration after it was translated for me by a translator with the law firm of Dentons U.S. LLP.

2. I am the Deputy General Manager of Beijing New Building Material (Group) Co., Ltd. ("BNBM Group"). I have held this position at BNBM Group since early 2003. I am responsible for the daily management of corporate internal affairs and legal matters.

1

**EXHIBIT 1**



3. BNBM Group is in the business of manufacturing pre-fabricated houses, domestic sales of building supplies, and exporting and importing goods.

4. BNBM Group is independently incorporated and has its own Articles of Association and an independent Board of Directors and Board of Supervisors.

5. BNBM Group complies with all corporate requirements under Chinese law including shareholders' meetings, board meetings and corporate authorizations for major transactions.

6. In 1997, BNBM Group, as the sole initial shareholder, incorporated Beijing New Building Materials Public Limited Company ("BNBMPLC"), a company listed in Shenzhen Stock Exchange in China. BNBM Group owned equity interests in BNBMPLC until 2005. BNBM Group and BNBMPLC have been managed and operated independently from each other since BNBMPLC was formed in 1997.

7. Since 2005, BNBM Group has had no equity ownership or other financial interest in BNBMPLC.

8. BNBM Group has never had any ownership interest in Taishan Gypsum Co., Ltd. ("Taishan").

9. I am not aware of any employee of BNBM Group that ever worked concurrently for Taishan and BNBM Group or performed any duties for one company while being employed by the other.

10. Since I have held the current position at BNBM Group, BNBM Group has never had any overlapping officers or employees with Taishan.

11. Though BNBMPLC and BNBM Group have one overlapping supervisor, they have no overlapping employees, officers or directors. Since I have held the current position at BNBM Group, BNBMPLC and BNBM Group have never had overlapping employees or officers.

12. BNBM Group has never provided any funding to BNBMPLC or Taishan or paid for any of BNBMPLC's or Taishan's expenses.

13. BNBM Group has never paid for any losses of BNBMPLC or Taishan.

14. BNBM Group has never paid BNBMPLC's or Taishan's employees' salaries.

15. BNBM Group has never made loans to BNBMPLC or Taishan.

16. BNBM Group has never had a joint bank account or checking account with BNBMPLC or Taishan.

17. No officer, director, or employee of BNBM Group controls the finances of BNBMPLC or Taishan.

18. BNBM Group is financially independent and is responsible for its own debts and losses.

19. BNBM Group and BNBMPLC have never had centralized accounting.

20. BNBM Group and Taishan have never had centralized accounting.

21. BNBM Group has not made undocumented transfers of funds to BNBMPLC or Taishan and neither BNBMPLC nor Taishan has made undocumented transfers of funds to BNBM Group.

22. BNBM Group has no authority to withdraw money from BNBMPLC or Taishan's bank accounts and has never done so.

23. Neither BNBMPLC nor Taishan has the authority to withdraw money from BNBM Group's bank accounts and neither has ever done so.

24. BNBM Group does not and has not used or shared the same office spaces, secretarial staff and office supplies as Taishan.

25. BNBM Group does not and has not used or shared the same office spaces, secretarial staff and office supplies as BNBMPLC.

26. BNBM Group has never acted to fulfill BNBMPLC or Taishan's independent contractual obligations, and neither BNBMPLC nor Taishan has never acted to fulfill BNBM Group's independent contractual obligations.

27. BNBM Group maintains its own profit and loss statements and its corporate accounting is separate and independent from either Taishan or BNBMPLC.

28. BNBM Group's management organization is completely separate from either BNBMPLC or Taishan.

29. Neither BNBMPLC nor Taishan has ever been authorized to act as an agent of BNBM Group in entering into contracts or binding BNBM Group.

30. BNBM Group prepares independent financial statements and has its own independent auditor.

31. BNBM Group files its own tax returns.

32. BNBM Group has never paid any debt for BNBMPLC or Taishan.

33. BNBM Group does not exercise control over BNBMPLC or Taishan's management or operation.

34. BNBM Group and BNBMPLC manage their own assets separately.

35. BNBM Group and Taishan manage their own assets separately.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on March _16_, 2015

_/s/ Yanming Zhao_

YANMING ZHAO

**美国路易斯安那州东区联邦地区法院**

| 关于：中国制造石膏板产品责任诉讼 | 案件编号：MDL NO. 2047<br>第L部分<br>FALLON法官<br>WILKINSON治安法官 |
|---|---|
| 该文件涉及： | |

中华人民共和国
北京市

**赵雁鸣声明**

本声明系根据《美国法典》第28编第1746节作出。

本人，赵雁鸣，根据美利坚合众国法律项下的伪证处罚规定作出声明，以下陈述真实、正确：

1. 我已年满十八（18）周岁，有能力证明本声明所述事项，且本人知晓本声明中所列明的事实。我的母语为中文。我能够使用一些英语，但我的英语水平比较低，尤其是听力和口语，因为英语对于我而言是一门外语。我签署了本声明的中文版本以及经 Dentons U.S. LLP 律师事务所的翻译人员为我进行翻译后的英文版本。

2. 我现任北新建材集团有限公司（"北新集团"）的副总经理。我自2003年早期起在北新集团担任该职务。我负责公司内部事务的日常管理和法律事务。

3. 北新集团经营预制房屋生产、国内建材销售业务以及货物进出口。

4. 北新集团独立成立，并拥有其自身的章程以及独立的董事会和监事会。

5. 北新集团全面遵守中国法律项下对公司的法律规定，包括按照法律规定举行股东会会议、董事会会议，并就重要交易取得公司授权。

1

6. 1997年，北新集团作为唯一发起人，发起设立了在中国深圳证券交易所上市的北新集团建材股份有限公司（"北新建材"）。北新集团持有北新建材股份直至2005年。自1997年北新建材成立起，北新集团与北新建材相互独立进行管理和运营。

7. 自2005年起，北新集团在北新建材中不拥有任何股权或其他财务利益。

8. 北新集团从未在泰山石膏股份有限公司（"泰山石膏"）中拥有过任何所有者权益。

9. 我不知道有任何北新集团的员工曾经同时在泰山石膏和北新集团工作，或在任职于其中一方时为另一方履行职责。

10. 自我在北新集团担任现职务起，北新集团与泰山石膏之间没有交叉任职的管理人员或员工。

11. 目前，除北新建材与北新集团之间有一名交叉任职的监事外，两者之间没有交叉任职的员工、管理人员或董事。自我在北新集团担任现职务起，北新建材和北新集团之间从未有过交叉任职的管理人员或员工。

12. 北新集团没有为北新建材或泰山石膏提供过任何资金，也没有为北新建材或泰山石膏支付过任何费用。

13. 北新集团从未为北新建材或泰山石膏承担过任何损失。

14. 北新集团从未向北新建材或泰山石膏的员工支付过工资。

15. 北新集团从未向北新建材或泰山石膏提供过贷款。

16. 北新集团从未与北新建材或泰山石膏拥有过共同的银行账户或支票账户。

17. 北新集团中没有任何管理人员、董事或者员工控制北新建材或泰山石膏的财务。

18. 北新集团财务独立并为自身的债务与亏损负责。

2

19. 北新集团与北新建材之间从不存在会计集中核算。

20. 北新集团与泰山石膏之间从不存在会计集中核算。

21. 北新集团从未向北新建材或泰山石膏进行过未经记录的资金转移，并且北新建材或泰山石膏也从未向北新集团进行过未经记录的资金转移。

22. 北新集团没有权限从北新建材或泰山石膏的银行账户中取款，并且北新集团也从未如此做过。

23. 北新建材及泰山石膏均没有权限从北新集团的银行账户中取款，并且北新建材与泰山石膏也从未如此做过。

24. 北新集团没有也从未与泰山石膏共享过相同的办公场所、秘书人员及办公用品。

25. 北新集团没有也从未与北新建材共享过相同的办公场所、秘书人员及办公用品。

26. 北新集团从未履行过北新建材或泰山石膏独立负担的合同义务，并且北新建材和泰山石膏也从未履行过北新集团独立负担的合同义务。

27. 北新集团维持其独立的损益表，并且其会计核算与泰山石膏的会计核算相互独立，也与北新建材的会计核算相互独立。

28. 北新集团的管理机构与北新建材的管理机构相互独立，也与泰山石膏的管理机构相互独立。

29. 北新建材和泰山石膏均从未被授权担任北新集团的代理人签署合同或约束北新集团。

30. 北新集团准备独立的财务报表并使用独立工作的审计师。

31. 北新集团自行独立报税。

32. 北新集团从未替北新建材或泰山石膏偿还过任何债务。

3

33. 北新建团没有对北新建材或泰山石膏的管理与运营施加控制。

34. 北新集团与北新建材独立管理各自的资产。

35. 北新集团与泰山石膏独立管理各自的资产。

本人根据美利坚合众国法律项下的伪证处罚规定作出声明，上述内容真实、正确。

于 2015 年 3 月 _16_ 日签署

赵雁鸣

4