UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: CHINESE-MANUFACTURED DRYWALL PRODUCTS LIABILITY LITIGATION | MDL NO. 2047<br>SECTION: L<br>JUDGE FALLON<br>MAG. JUDGE WILKINSON |
| THIS DOCUMENT RELATES TO: ALL CASES | |

PEOPLE'S REPUBLIC OF CHINA
CITY OF BEIJING

### DECLARATION OF KAI CAI

This declaration is made in accordance with and pursuant to 28 U.S.C. § 1746.

I, KAI CAI, declare under penalty of perjury under the laws of the United States of America that the following statements are true and correct:

1. I am over eighteen (18) years of age, am competent to testify to the matters contained herein, and have personal knowledge of these facts. My native language is Chinese. While I can use some English, my English level, especially my listening and speaking English, is quite low as it is a foreign language to me. I signed a Chinese version of this Declaration as well as the English version of this Declaration after it was translated for me by a translator with the law firm of Dentons U.S. LLP.

2. From 2005 until 2012, I was employed by Beijing New Building Materials Public Limited Company ("BNBMPLC"). BNBMPLC is a building materials manufacturer based in Beijing China. From 2005 until 2007, I served as the Assistant General Manager for

**EXHIBIT 3**

International Business. From 2007 until 2012, I served as the Deputy General Manager for International Business. From 2010 until 2012, I also served as the acting General Manager of International Business. In these positions, I had responsibility for all sales and marketing of BNBMPLC products (including BNBMPLC drywall products) to overseas customers.

3. To the best of my knowledge, BNBMPLC has not had any offices or employees based in the United States, has not been registered to do business in the United States, has not owned or leased property in the United States and has not paid taxes in the United States.

4. During my tenure at BNBMPLC, to the best of my knowledge, the international business department did not market or advertise its drywall products to the United States. No BNBMPLC sales representative ever visited the United States for the purpose of marketing or selling BNBMPLC drywall and no BNBMPLC employee has visited the states of Florida, Louisiana or Virginia to sell BNBMPLC drywall or any other product on behalf of BNBMPLC.

5. To the best of my knowledge, from November 2005 until July 2006, five customers based in the United States initiated contacts with BNBMPLC in China in connection with the purchase of drywall. BNBMPLC has made no sales of drywall product to any company based in the United States since August 2006.

6. As discussed in more detail below, to the best of my knowledge, each of the drywall purchases by U.S. companies between November 2005 and July 2006 was the result of the U.S. customer initiating contact with BNBMPLC in China. No BNBMPLC employee ever visited the United States to solicit or negotiate any of these sales contracts.

7. To the best of my knowledge, no BNBMPLC employee ever visited Florida, Virginia, Louisiana or anywhere else in the United States in connection with any of the sales of drywall to the U.S. companies.

8. To the best of my knowledge, the contracts relating to these sales were signed by BNBMPLC or BNBMPLC's export agent in China.

9. To the best of my knowledge, for each of the U.S. purchases, BNBMPLC delivered the drywall to the U.S. customer in China.

10. To the best of my knowledge, the following describe the facts surrounding the only sales of drywalls made by BNBMPLC to the United States since 2005:

> (a) In November 2005, EAC & Son's Corp. ("EAC") initiated contact with BNBMPLC about purchasing drywall. EAC was referred to BNBMPLC by one of EAC's contacts in China. A representative from EAC travelled to China and negotiated and signed a contract to purchase BNBMPLC drywall. BNBMPLC delivered the drywall to EAC in China. This was the only drywall purchase made by EAC from BNBMPLC. No BNBMPLC employee ever visited the United States in connection with this sale. For this purchase, BNBMPLC contracted with Beijing New Building Material (Group) Co., Ltd. ("BNBM Group") to serve as the third-party export agent for BNBMPLC and, pursuant to Chinese regulations, sign the sales contract in its capacity as export agent on behalf of BNBMPLC. The destination for shipment of the drywall in the sales contract was designated by the purchaser as Tampa, Florida. EAC never informed BNBMPLC about where it intended to use the purchased drywall. The sales contract identified EAC as residing in Florida.

> (b) In November 2005, Great Western Building Materials ("Great Western") and Baoan International Investment Co., Ltd. ("Baoan") contacted BNBMPLC through one of Baoan's China based partners. Baoan's China based partner negotiated a sales contract with BNBMPLC in China for the purchase of BNBMPLC drywall. BNBMPLC delivered the drywall to Great Western and Baoan in China. For this purchase, BNBM Group served as the third-party export agent for BNBMPLC and, pursuant to Chinese regulations, signed the sales contract in its capacity as export agent on behalf of BNBMPLC. In February 2006, Great Western and Baoan made an additional drywall purchase. BNBMPLC again delivered the drywall to Great Western and Baoan in China. No BNBMPLC employee ever visited the United States in connection with Great Western/Baoan's purchase of drywall. The destination for the shipments of the drywall in the sales contracts was designated by the purchaser as Los Angeles or

Long Beach, California. Baoan never informed BNBMPLC about where it intended to use the purchased drywall. The sales contracts identified both Great Western and Baoan as residing in California.

(c) In November 2005, Wood Nation Inc. ("Wood Nation") initiated contact with BNBMPLC about purchasing drywall. Wood Nation's President contacted a former employee of BNBM Group about purchasing drywall from China. The employee put him in contact with BNBMPLC in China. In connection with its purchases, Wood Nation's President visited BNBMPLC in China. BNBMPLC delivered the drywall to Wood Nation in China. No BNBMPLC employee ever visited the United States in connection with Wood Nation's purchase of drywall. For this purchase, BNBM Group served as the third-party export agent and, pursuant to Chinese regulations, signed the sales contract in its capacity as export agent on behalf of BNBMPLC. Wood Nation designated the destination for the shipments of the drywall in the sales contract as Manatee, Florida. Wood Nation never informed BNBMPLC about where it intended to use the purchased drywall. The sales contract identified Wood Nation as residing in Florida.

(d) In March 2006, Triorient Trading Inc. ("Triorient") contacted BNBMPLC through one of Triorient's trading partners in China to purchase BNBMPLC drywall. Triorient's representative visited BNBMPLC in China, and the parties negotiated over terms. Subsequently, Triorient made two purchase of BNBMPLC drywall by issuing letters of credit payable to BNBMPLC through RZB Finance LLC. BNBMPLC delivered the drywall to Triorient in China. No BNBMPLC employee ever visited the United States in connection with Triorient's two purchases of drywall. Triorient designated the destination for the shipments of the drywall in the bills of lading as Everglades and Cape Canaveral, Florida. Triorient never informed BNBMPLC about where it intended to use the drywall it purchased from BNBMPLC. The letters of credit identified Triorient as residing in Connecticut.

(e) In or around March 2006, EAC referred Davis Construction Supply, LLC ("Davis") to BNBMPLC and the two companies visited BNBMPLC in China. Davis and BNBMPLC negotiated an agreement in China for purchase of BNBMPLC drywall. Subsequently, BNBMPLC signed the agreement in China. Pursuant to the Agreement, Davis made two purchases of drywall between March and July 2006. Since August 2006, Davis made no further purchase of BNBMPLC drywall. For both purchases, BNBMPLC delivered the drywall to Davis in China. Davis designated the destination for the shipments of the drywall in the bills of lading as Tampa, Florida. Davis never informed BNBMPLC about where Davis intended to use the drywall it purchased from BNBMPLC. The Agreement identified Davis as residing in Florida. The July 2006 sale to Davis was the last sale of drywall by BNBMPLC to a customer from the United States. No BNBMPLC employee ever visited the United States in connection with Davis's purchase of drywall.

    (f) At the time that Davis arranged shipment of its July 2006 purchase of drywall, the Chinese cargo company that transported the drywall purchased additional drywall from BNBMPLC to be included in that same shipment. BNBMPLC was not provided with any information regarding to whom the Chinese cargo company delivered that drywall.

11. Other than the purchases described in paragraph 10, to the best of my knowledge, BNBMPLC has made no other drywall sales to customers in the United States since 2005.

12. To the best of my knowledge, BNBMPLC has not made any sales of drywall or any other products to customers in the states of Virginia or Louisiana. And, with the exception of the sales discussed above, I am not aware of any sales of drywall or any other products by BNBMPLC to customers in Florida.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on April __17__, 2015

_____
KAI CAI

5

美国路易斯安那州东区联邦地区法院

| | |
|---|---|
| 关于：中国制造石膏板产品责任诉讼 | 案件编号：MDL NO. 2047<br>第L部分<br>FALLON法官<br>WILKINSON治安法官 |
| 该文件涉及：所有案件 | |

中华人民共和国
北京市

### 蔡凯声明

本声明系根据《美国法典》第 28 编第 1746 节作出。

本人，蔡凯，根据美利坚合众国法律项下的伪证处罚规定作出声明，以下陈述真实、正确：

1. 我已年满十八（18）周岁，有能力证明本声明所述事项，且本人知晓本声明中所列明的事实。我的母语为中文。我能够使用一些英语，但我的英语水平比较低，尤其是听力和口语，因为英语对于我而言是一门外语。我签署了本声明的中文版本以及经 Dentons U.S. LLP 律师事务所的翻译人员为我进行翻译后的英文版本。

2. 自 2005 年起至 2012 年，本人曾于北新集团建材股份有限公司（"北新建材"）任职。北新建材是一家位于中国北京市的建筑材料生产商。自 2005 年至 2007 年，本人担任国际业务部总经理助理。自 2007 年至 2012 年，本人担任国际业务部副总经理。自 2010 年至 2012 年，本人还代行国际业务部总经理之职。在前述职位中，本人

1

负责北新建材产品（包括北新建材石膏板产品）面向海外客户的所有销售及营销工作。

3．据我所知，北新建材从未在美国拥有过任何办公场所或员工，从未在美国登记开展业务，从未在美国拥有或租赁物业，也从未在美国纳税。

4．在本人任职于北新建材期间，据我所知，国际业务部未针对美国进行石膏板产品的营销或广告。没有北新建材的销售代表以营销或销售北新建材石膏板为目的前往美国，并且从未有北新建材的员工前往佛罗里达州、路易斯安那州或弗吉尼亚州代表北新建材销售北新建材的石膏板或任何其他产品。

5．据我所知，自2005年11月起至2006年7月，五名位于美国的客户就购买石膏板事宜主动与位于中国的北新建材联系。北新建材自2006年8月起再未向任何一家在美国的公司销售过任何石膏板产品。

6．正如下文详细描述，据我所知，2005年11月至2006年7月期间，每一笔美国公司购买石膏板的交易均为美国客户主动联系位于中国的北新建材。北新建材的员工从未就前述任何销售合同的招揽或谈判而前往过美国。

7．据我所知，北新建材的员工从未就向美国公司进行的任何石膏板销售而前往过佛罗里达州、弗吉尼亚州、路易斯安那州或美国任何其他地点。

8．据我所知，与前述交易相关的协议均为由北新建材或北新建材的出口代理商在中国签署。

9．据我所知，就前述每一笔美国客户购买石膏板的交易，北新建材在中国境内向美国客户交付了石膏板。

2

10. 据我所知，以下为有关北新建材自 2005 年起向美国进行的仅有的石膏板销售的事实描述：

(a) 2005 年 11 月，EAC & Son's Corp.（"EAC"）就购买石膏板事宜主动联络北新建材。EAC 在中国的联络人向 EAC 介绍了北新建材。一名 EAC 的代表前往中国，并就购买北新建材的石膏板与北新建材进行了谈判并签署了一份协议。北新建材在中国境内向 EAC 交付了石膏板。该笔交易是 EAC 从北新建材购买石膏板的唯一交易。北新建材的员工未就该笔销售前往美国。在该笔销售中，北新建材与北新建材集团有限公司（"北新集团"）签署协议约定由北新集团作为北新建材的第三方出口代理商，并根据中国法规以出口代理商的身份代表北新建材签署销售合同。买方在销售合同中指定的石膏板运输目的地为佛罗里达州坦帕市。EAC 未告知北新建材其拟使用所购买的石膏板的地点。销售合同显示 EAC 位于佛罗里达州。

(b) 2005 年 11 月，Great Western Building Materials（"Great Western"）及 Baoan International Investment Co., Ltd.（"Baoan"）通过 Baoan 在中国的一名合作伙伴联系了北新建材。Baoan 在中国的合作伙伴就关于购买北新建材石膏板的销售协议与北新建材在中国进行了谈判。北新建材在中国境内向 Great Western 与 Baoan 交付了石膏板。在该笔销售中，北新集团作为北新建材的第三方出口代理商并根据中国法规以出口代理商的身份代表北新建材签署了销售合同。2006 年 2 月，Great Western 与 Baoan 再次购买了石膏板。北新建材同样在中国境内向 Great Western 与 Baoan 交付了石膏板。北新建材的员工未就 Great Western/Baoan 的石膏板销售前往美国。买方在销售合同中指定的石膏板运输目的地为加利福尼亚州洛杉矶市或长滩市。Baoan 未告知北新建材其拟使用所购买的石膏板的地点。销售合同显示 Great Western 和 Baoan 均位于加利福尼亚州。

(c) 2005 年 11 月，Wood Nation Inc.（"Wood Nation"）就购买石膏板事宜主动联络北新建材。Wood Nation 的总裁就从中国购买石膏板事宜联系了一名北新集团的前员工。该名员工为他和位于中国的北新建材建立了联系。就其购买石膏板事宜，Wood Nation 的总裁拜访了位于中国的北新建材。北新建材在中国境内向 Wood Nation 交付了石膏板。北新建材的员工未就该笔 Wood Nation 的石膏板销售前往美国。在该笔销售中，北新集团作为第三方出口代理商并根据中国法规以出口代理商的身份代表北新建材签署了销售合同。Wood Nation 在销售合同中指定的石膏板运输目的地为佛罗里达州 Manatee 郡。Wood Nation 未告知北新建材其拟使用所购买的石膏板的地点。销售合同显示 Wood Nation 位于佛罗里达州。

(d) 2006 年 3 月，Triorient Trading Inc.（"Triorient"）通过 Triorient 在中国的一个贸易伙伴就购买北新建材的石膏板事宜联络北新建材。Triorient 的代表在中国访问了北新建材，并且双方就购买条款进行谈判。随后，Triorient 通过

3

  RZB Finance LLC 向北新建材签发信用证向北新建材两次购买北新建材的石膏板。北新建材在中国境内向 Triorient 交付了石膏板。北新建材的员工未就该两笔 Triorient 的石膏板销售前往美国。Triorient 在提单中指定的石膏板运输目的地为佛罗里达州 Everglades 市和 Cape Canaveral 市。Triorient 未告知北新建材其拟使用从北新建材购买的石膏板的地点。信用证显示 Triorient 位于康涅狄格州。

(e) 2006 年 3 月左右，EAC 将 Davis Construction Supply, LLC（"Davis"）推荐给北新建材，并且两家公司拜访了位于中国的北新建材。Davis 与北新建材就购买北新建材的石膏板的协议在中国进行了谈判。随后，北新建材在中国签署了该协议。根据该协议，Davis 在 2006 年 3 月至 7 月间两次购买了石膏板。自 2006 年 8 月起，Davis 未再购买过北新建材的石膏板。在两次石膏板销售中，北新建材在中国境内向 Davis 交付了石膏板。Davis 在提单中指定的石膏板运输目的地为佛罗里达州坦帕市。Davis 未告知北新建材其拟使用从北新建材购买的石膏板的地点。协议显示 Davis 位于佛罗里达州。2006 年 7 月向 Davis 销售石膏板是北新建材向美国客户进行的最后一笔石膏板销售。北新建材的员工未就该笔 Davis 的石膏板销售前往美国。

(f) 当 Davis 安排其在 2006 年 7 月所购买的石膏板的货运之时，负责运输石膏板的中国货运公司向北新建材购买了额外的石膏板，以将其装运在同一批货运之中。北新建材并未被提供任何有关该中国货运公司交付石膏板的对象的信息。

11. 除上述第 10 段中描述的交易以外，据我所知，北新建材自 2005 年起不曾再向在美国的客户出售过石膏板。

12. 据我所知，北新建材未向位于弗吉尼亚州或路易斯安那州的客户出售过任何石膏板或任何其他产品。并且，除上述讨论的例外情况之外，我不知悉北新建材向位于佛罗里达州的客户出售石膏板或任何其他产品的任何情形。

本人根据美利坚合众国法律项下的伪证处罚规定作出声明，上述内容真实、正确。

于 2015 年 4 月 __17__ 日签署

_____

蔡凯

4