UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: CHINESE-MANUFACTURED DRYWALL PRODUCTS LIABILITY LITIGATION<br><br>THIS DOCUMENT RELATES TO:<br><br>ALL ACTIONS | MDL NO. 2047<br>SECTION: L<br>JUDGE FALLON<br>MAG. JUDGE WILKINSON |

**TAISHAN GYPSUM CO., LTD. AND TAI'AN TAISHAN PLASTERBOARD CO., LTD.'S RESPONSE AND OBJECTIONS TO THE PSC'S SUPPLEMENTAL NOTICES OF EXPEDITED ORAL AND VIDEOTAPED DEPOSITIONS**

Taishan Gypsum Co., Ltd. and Tai'an Taishan Plasterboard Co., Ltd. ("Taishan") respond and object as follows to the PSC's Supplemental Notices of Expedited Oral and Videotaped Deposition Pursuant to the Court's Directive During the March 17, 2015 Special Hearing and Minute Entry and Orders (Rec. Doc. 18791 and 18793) directed to Taishan (the "Supplemental Notices").[1]

The Supplemental Notices are irrelevant and outside of the scope of the Court-ordered discovery tracks that the parties are currently engaged in. Instead, the Supplemental Notices are the PSC's impermissible attempt to obtain asset discovery of Taishan and all other Defendants prior to the entry of any judgment. At the April 17 Status Conference, the Court held that asset discovery was outside of the scope of the Court's two discovery tracks, stating:

> I'm not interested in whether Taishan has any money – they've paid their money at this point, their judgment – but I'm interested in knowing whether either they or their affiliates did business in the United States during that period of time,

---

[1] On May 4, 2015, the PSC filed a "Notice of Errata" to all Supplemental Notices filed on April 30, 2015 (Rec. Doc. 18808). This Notice of Errata modifies the Supplemental Notices to expand the Relevant Time Period to January 1, 2005 to Present. The previous Relevant Time Period was from January 1, 2015 to Present.

namely between July 17, 2014, and at least March 9th of 2015. So that's the focus and needs to be the focus of the discovery on the contempt order.

Official Transcript of the April 17, 2015 Status Conference, p. 7. On that day, the Court also told the parties that any discovery into assets of the Defendants would only hypothetically occur after he entered an order on any alleged violations of the Contempt Order.[2]

The PSC's Supplemental Notices are overboard, unduly burdensome and entirely outside of the scope of the Court's discovery tracks. For the reasons and those outlined below, Taishan objects to the PSC's Supplemental Notices.

### RESERVATION OF RIGHTS

1.  In providing responses and objections to the Supplemental Notices, Taishan reserves the right (i) to supplement, clarify, revise, correct, or add to any or all of the responses and objections herein at any time; (ii) to assert any and all objections to the admissibility into evidence of any document produced in response to the Supplemental Notices; and (iii) to object to the use of these responses in any proceeding other than the above-captioned action. Taishan also expressly reserves the right to redact documents produced in response to the Supplemental Notices to remove privileged information.

2.  These responses to the Supplemental Notices are accurate to the best of Taishan's knowledge as of this date. Taishan's investigation, however, is continuing. Taishan expressly reserves the right to rely in this action on subsequently discovered information.

---

[2] The PSC's intent to obtain asset discovery is made plain by the "Relevant Time Period" of the Supplemental Notices. The PSC requests detailed financial information from all Defendants for the past decade. Even if limited to the Contempt Order's injunction period ("between July 17, 2014, and at least March 9th of 2015" as stated by the Court, these Supplemental Notices would be impermissible as they seek asset discovery rather than discovery of profits obtained from doing business in the United States contrary to the Court's contempt order.

## RESPONSES AND OBJECTIONS TO REQUESTS
## FOR PRODUCTION OF DOCUMENTS

**Request No. 1**: All documents and communications between you and any person or entity that assisted in the preparation of your tax returns, financial statements, and/or any financial audits for the years 2005 through the present, including, but not limited to, documents and communications between you and the Baker Tilly International Accounting Firm.

>   **Response to Request No. 1**: Taishan objects to Request No. 1 as being overly broad, unduly burdensome, and entirely outside of the Court-ordered scope of the current discovery period. As this request seeks asset discovery which has been ruled outside of the scope of the discovery period by the Court, Taishan will not produce documents responsive to this request.

**Request No. 2**: All documents you furnished to any person or entity, including but not limited to the Baker Tilly International Accounting Firm, for purposes of preparing your tax returns, financial statements, and/or any financial audits for the years 2005 through the present.

>   **Response to Request No. 2**: Taishan objects to Request No. 2 as being overly broad, unduly burdensome, and entirely outside of the Court-ordered scope of the current discovery period. As this request seeks asset discovery which has been ruled outside of the scope of the discovery period by the Court, Taishan will not produce documents responsive to this request.

**Request No. 3**: All documents prepared by any person or entity, including but not limited to the Baker Tilly International Accounting Firm, that assisted in the preparation of your tax returns, financial statements, and/or any financial audits for the years 2005 through the present.

>   **Response to Request No. 3**: Taishan objects to Request No. 3 as being overly broad, unduly burdensome, and entirely outside of the Court-ordered scope of the current

discovery period. As this request seeks asset discovery which has been ruled outside of the scope of the discovery period by the Court, Taishan will not produce documents responsive to this request.

**Request No. 4**: All documents and communications involving the bank account(s) used to fund the wire transfers set forth in Exhibit "A" hereto, including but not limited to the following information:

    a) The source of all deposits into the account(s) and the source of the initial funding of the account(s),

    b) The purpose of all withdrawals, payments, or transfers from the account(s), and

    c) The identity of all individuals and entities that are authorized to use the account(s).

    **Response to Request No. 4**: Taishan objects to Request No. 4 as being overly broad, unduly burdensome, and entirely outside of the Court-ordered scope of the current discovery period. As this request seeks asset discovery which has been ruled outside of the scope of the discovery period by the Court, Taishan will not produce documents responsive to this request.

**Request No. 5**: All documents and communications relevant to the wire transfers that are the subject of the Plaintiffs' Steering Committee's Interrogatory Pursuant to the Court's March 17, 2015 Mintute Entry and Orders [Rec.Doc. 18493] Directed to Taishan Gypsum Co. Ltd., attached hereto as Exhibits "B," including, but not limited to, the following information:

    a) The original source of the funds, including the payor(s) and payee(s), wire transfer instructions, source bank account(s), and owner(s) or beneficial owner(s) of the source bank account(s) and all other financial institutions that processed these funds prior to their reaching Alston & Bird, LLP,

b) The source of all deposits into the source bank account(s) and the source of the initial funding of the account(s),

c) The purpose of all withdrawals, payments, or transfers from the source bank account(s), and

d) The identity of all individuals and entities that are authorized to use the source bank account(s).

**Response to Request No. 5**: Taishan objects to Request No. 5 as being overly broad, unduly burdensome, and entirely outside of the Court-ordered scope of the current discovery period. As this request seeks asset discovery which has been ruled outside of the scope of the discovery period by the Court, Taishan will not produce documents responsive to this request.

**Request No. 6**: All documents and communications regarding any accounts you hold, held or are authorized to use, including, but not limited to, the following information:

e) The source of all deposits into each such account and the source of the initial funding of each such account,

f) The purpose of all withdrawals, payments, or transfers from each such account, and

g) The identity of all individuals and entities that are authorized to use such accounts.

**Response to Request No. 6**: Taishan objects to Request No. 6 as being overly broad, unduly burdensome, and entirely outside of the Court-ordered scope of the current discovery period. As this request seeks asset discovery which has been ruled outside of the scope of the discovery period by the Court, Taishan will not produce documents responsive to this request.

**Request No. 7**: All documents and communications regarding Taishan's contention that it is unable to bear the enormous economic loss from the Chinese drywall litigation. *See* HL_00000220.

> **Response to Request No. 7**: Taishan objects to Request No. 1 as being overly broad, unduly burdensome, and entirely outside of the Court-ordered scope of the current discovery period. As this request seeks asset discovery which has been ruled outside of the scope of the discovery period by the Court, Taishan will not produce documents responsive to this request.

## RESPONSES AND OBJECTIONS TO 30(B)(6) DEPOSITION TOPICS

**Deposition Topic No. 1**: Your knowledge regarding all documents and communications between you and any person or entity that assisted in the preparation of your tax returns, financial statements, and/or any financial audits for the years 2005 through the present, including, but not limited to, documents and communications between you and the Baker Tilly International Accounting Firm.

> **Response to Deposition Topic No. 1**: Taishan objects to this Deposition Topic as being overly broad, unduly burdensome, and entirely outside of the Court-ordered scope of the current discovery period. As this topic seeks asset discovery which has been ruled outside of the scope of the discovery period by the Court, Taishan will not produce a witness to testify to this topic.

**Deposition Topic No. 2**: Your knowledge regarding all documents prepared by any person or entity, including but not limited to the Baker Tilly International Accounting Firm, that assisted in

the preparation of your tax returns, financial statements, and/or any financial audits for the years 2005 through the present.

> **Response to Deposition Topic No. 2**: Taishan objects to this Deposition Topic as being overly broad, unduly burdensome, and entirely outside of the Court-ordered scope of the current discovery period. As this topic seeks asset discovery which has been ruled outside of the scope of the discovery period by the Court, Taishan will not produce a witness to testify to this topic.

**Deposition Topic No. 3**: Your knowledge regarding the bank account(s) used to fund the wire transfers set forth in Exhibit "A" hereto, including, but not limited, to the following information:

a) The source of all deposits into the account(s) and the source of the initial funding of the account(s),

b) The purpose of all withdrawals, payments, or transfers from the account(s), and

c) The identity of all individuals and entities that are authorized to use the account(s).

> **Response to Deposition Topic No. 3**: Taishan objects to this Deposition Topic as being overly broad, unduly burdensome, and entirely outside of the Court-ordered scope of the current discovery period. As this topic seeks asset discovery which has been ruled outside of the scope of the discovery period by the Court, Taishan will not produce a witness to testify to this topic.

**Deposition Topic No. 4**: Your knowledge regarding the wire transfers that are the subject of the Plaintiffs' Steering Committee's Interrogatory Pursuant to the Court's March 17, 2015 Mintute Entry and Orders [Rec.Doc. 18493] Directed to Taishan Gypsum Co. Ltd., attached hereto as Exhibits "B", including, but not limited to, the following information:

7

a) The original source of the funds, including the payor(s) and payee(s), wire transfer instructions, source bank account(s), and owner(s) or beneficial owner(s) of the source bank account(s) and all other financial institutions that processed these funds prior to their reaching Alston & Bird, LLP,

b) The source of all deposits into the source bank account(s) and the source of the initial funding of the account(s),

c) The purpose of all withdrawals, payments, or transfers from the source bank account(s), and

d) The identity of all individuals and entities that are authorized to use the source bank account(s).

**Response to Deposition Topic No. 4**: Taishan objects to this Deposition Topic as being overly broad, unduly burdensome, and entirely outside of the Court-ordered scope of the current discovery period. As this topic seeks asset discovery which has been ruled outside of the scope of the discovery period by the Court, Taishan will not produce a witness to testify to this topic.

**Deposition Topic No. 5**: Your knowledge regarding all accounts you hold, held or are authorized to use, including, but not limited to, the following information:

a) The source of all deposits into each such account and the source of the initial funding of each such account,

b) The purpose of all withdrawals, payments, or transfers from each such account, and

c) The identity of all individuals and entities that are authorized to use such accounts.

**Response to Deposition Topic No. 5**: Taishan objects to this Deposition Topic as being overly broad, unduly burdensome, and entirely outside of the Court-ordered scope of the

current discovery period. As this topic seeks asset discovery which has been ruled outside of the scope of the discovery period by the Court, Taishan will not produce a witness to testify to this topic.

**Deposition Topic No. 6**: Your knowledge regarding Taishan's contention that it is unable to bear the enormous economic loss from the Chinese drywall litigation. *See* HL_00000220.

> **Response to Deposition Topic No. 6**: Taishan objects to this Deposition Topic as being overly broad, unduly burdensome, and entirely outside of the Court-ordered scope of the current discovery period. As this topic seeks asset discovery which has been ruled outside of the scope of the discovery period by the Court, Taishan will not produce a witness to testify to this topic.

**Deposition Topic No. 7**: All documents produced in response to the above document requests.

> **Response to Deposition Topic No. 7**: Taishan objects to this Deposition Topic as being overly broad, unduly burdensome, and entirely outside of the Court-ordered scope of the current discovery period. As this topic seeks asset discovery which has been ruled outside of the scope of the discovery period by the Court, Taishan will not produce a witness to testify to this topic.

Dated: May 4, 2015

Respectfully submitted,

/s_Christina Hull Eikhoff
Christina Hull Eikhoff
Georgia Bar No. 242539
Bernard Taylor, Esq.
Georgia Bar No. 669625
Michael P. Kenny, Esq.
Georgia Bar No. 415064

9

ALSTON & BIRD LLP
1201 West Peachtree Street
Atlanta, Georgia 30309
Phone: (404) 881-7000
Fax: (404) 881-7777
christy.eikhoff@alston.com
bernard.taylor@alston.com
michael.kenny@alston.com
*Counsel for Taishan Gypsum Co., Ltd. and
Tai'an Taishan Plasterboard Co., Ltd.*

Alan Dean Weinberger
LA Bar No. 13331
HANGARTNER, RYDBERG & TERRELL, LLC
One Shell Square
701 Poydras St., Suite 310
New Orleans, Louisiana 70179
Phone: (504) 434-6815
Fax: (504) 522-5689
aweinberger@hanrylaw.com
*Local Counsel for Taishan Gypsum Co., Ltd. and
Tai'an Taishan Plasterboard Co., Ltd.*

**CERTIFICATE OF SERVICE**

I hereby certify that the above and foregoing **TAISHAN GYPSUM CO., LTD. AND TAI'AN TAISHAN PLASTERBOARD CO., LTD.'S RESPONSE AND OBJECTIONS TO THE PSC'S SUPPLEMENTAL NOTICES OF EXPEDITED ORAL AND VIDEOTAPED DEPOSITIONS** has been served on Plaintiffs' Liaison Counsel, Russ Herman, and Defendants' Liaison Counsel, Kerry Miller, by U.S. mail and e-mail and upon all parties by electronically uploading the same to LexisNexis File & Serve in accordance with Pre-Trial Order No. 6, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2047 on this 4th day of May, 2015.

/s_ Christina Hull Eikhoff
Christina Hull Eikhoff, Esq.
Georgia Bar No. 242539
ALSTON & BIRD LLP
1201 West Peachtree Street NW
Atlanta, Georgia 30309
Phone: (404) 881-7000
Fax: (404) 881-7777
Christy.Eikhoff@alston.com
*Counsel for Taishan Gypsum Co., Ltd. and Tai'an Taishan Plasterboard Co., Ltd.*