UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: CHINESE-MANUFACTURED DRYWALL PRODUCTS LIABILITY LITIGATION | MDL NO. 2047<br>SECTION: L<br>JUDGE FALLON<br>MAG. JUDGE WILKINSON |
| THIS DOCUMENT RELATES TO:<br><br>*ALL CASES* | |

**TAISHAN'S MOTION FOR PROTECTIVE ORDER
LIMITING SCOPE OF 30(B)(6) DEPOSITIONS
AND MEMORANDUM IN SUPPORT**

Taishan Gypsum Co., Ltd. and Tai'an Taishan Plasterboard Co., Ltd. ("Taishan") move this Court to enter a Rule 26 protective order limiting the scope of the 30(b)(6) deposition of Taishan that is expected to occur in the coming weeks. Specifically, Taishan seeks protection from (1) the PSC's recently filed Supplemental Notices of Expedited Oral and Videotaped Depositions against all Defendants (Rec. Docs. Nos. 18791 through 18800; and Notice of Errata (Rec. Doc. No. 18808) (collectively, the "Supplemental Notices")), and (2) communications received from counsel for the State of Louisiana ("Louisiana AG") seeking limitless participation in the deposition and examination by the Louisiana AG. This Court has made clear that the upcoming depositions are not a "free for all," and as such, Taishan seeks an order from this Court prohibiting the PSC's new discovery requests and the proposed participation by the Louisiana AG.

As this Court has repeatedly ordered, the MDL is actively progressing along two parallel "tracks:" (1) discovery related to whether Taishan and "affiliates" have complied with the Court's injunction on doing business in the United States ("Contempt Track"); and (2) discovery

related to the Plaintiff's motion to set classwide damages, which is set for a hearing on June 9, 2015 ("Damages Track"). With respect to the Contempt Track, the Court has made clear that discovery is narrowly tailored to finding out: (a) the identities of the affiliates and subsidiaries of Taishan Gypsum Co., Ltd. and (b) whether any of these alleged affiliates did business in the United States in the approximate eight-month period of contempt. (Transcript of April 17, 2015 Status Conference at 7; Transcript of April 24, 2015 Status Conference at 5.)

With respect to the 30(b)(6) deposition that has been noticed by the PSC in regard to the first track related to contempt, this Court has specifically held that the subject matter of the deposition be limited to the narrow scope of the two sub-topics that this Court has articulated:

> I have got two tracks that I told you all about. The first track, Bernard, you are right, the only thing I want this guy [Taishan's 30(b)(6) deponent] to be talking about is who the affiliates are, whether the affiliates did business in the United States between those particular dates. That's what it is.

(Transcript of April 24, 2015, Status Conference, at 23.) Pursuant to the Court's Order, Taishan will produce a corporate representative in the United States that will be prepared to testify as to those topics. Two recent developments, however, threaten the Court's limited focus for Contempt Track discovery.

*First*, the PSC filed the Supplemental Notices, which far exceed the bounds of discovery for the Contempt Track. Among other things, the Supplemental Notices purport to require production of documents and preparation of a corporate representative on the following sweeping topics:

- All documents and communications related to preparation of tax returns, financial statements or financial audits from 2005 to the present.

- All documents and communications related to any "accounts" Taishan currently or in the past has held or is authorized to use with no limitation on timeframe.

- The "purpose" of every withdrawal, payment or transfer from bank accounts related to Taishan wire transfer with no limitation on timeframe.

- All documents and questions related to whether Taishan can "bear the enormous economic loss from the Chinese Drywall litigation."

The Supplemental Notices extend far beyond the Court-ordered scope of the Contempt Track. In fact, these Supplemental Notices revert back to the selfsame "asset discovery" that the Court prohibited once Taishan had paid the *Germano* judgment, stating:

> I'm not interested in whether Taishan has any money – they've paid their money at this point, their judgment – but I'm interested in knowing whether either they or their affiliates did business in the United States during that period of time, namely between July 17, 2014, and at least March 9th of 2015. So that's the focus and needs to be the focus of the discovery on the contempt order.

(Transcript of April 17, 2015 Status Conference at 7.) Thus, the Supplemental Notices should be struck as not tailored to the Discovery Track issues, overly broad, and unduly burdensome.[1] [2]

*Second*, on April 24, 2015, counsel for Taishan and other defendants received an email from David Black of Perkins Coie LLP, counsel for the Louisiana AG. Through that email, the Louisiana AG announced its intention to "participate in the depositions of the defendants" that have been noticed in the MDL. The Louisiana AG did not limit the scope of its examination in any way – on the contrary, counsel demanded copies of all documents (and translations) that any of the defendants provide in this case, later emphasizing the need for production of documents "*as soon as possible so that we can prepare*" (emphasis in original). *See* emails from David

---

[1] Taishan has filed its Response and Objections to the PSC's Supplemental Deposition Notices (Rec. Doc. No. 18814).
[2] The CNBM Entities have filed their Responses and Objections to the PSC's Supplemental Deposition Notices (Rec. Doc. No. 18807), which also argue that the PSC's Supplemental Notices are overly broad, unduly burdensome and outside of the scope of the discovery tracks.

Black, counsel for the Louisiana AG, to the counsel for Taishan and other defendants (attached hereto as Exhibit A).

As stated above, the discovery in this case is proceeding on two very clear tracks. The Contempt Track is related specifically to this Court's Order of July 17, 2014, which arose from Taishan's failure to appear at a Rule 69 post-judgment debtor examination arising from the *Germano* final judgment. The Louisiana AG was not a party to those civil claims, and should have no standing to participate in the depositions related to the Contempt Track simply because it is a participant in the MDL. This Court has narrowly defined the scope of the upcoming Contempt Track depositions, and that Order should be enforced.

For the reasons stated above, Taishan respectfully moves that this Motion for Protective Order be GRANTED.

Respectfully submitted,

Dated: May 4, 2015

/s Michael P. Kenny
Bernard Taylor, Esq.
Georgia Bar No. 669625
Michael P. Kenny, Esq.
Georgia Bar No. 415064
Christina Hull Eikhoff, Esq.
Georgia Bar No. 242539
ALSTON & BIRD LLP
1201 West Peachtree Street
Atlanta, Georgia 30309
Phone: (404) 881-7000
Fax: (404) 881-7777
michael.kenny@alston.com
bernard.taylor@alston.com
christy.eikhoff@alston.com
*Counsel for Taishan Gypsum Co., Ltd. and Tai'an Taishan Plasterboard Co., Ltd.*

Alan Dean Weinberger

                LA Bar No. 13331
                HANGARTNER, RYDBERG &
                TERRELL, LLC
                One Shell Square
                701 Poydras St., Suite 310
                New Orleans, Louisiana  70179
                Phone:  (504) 434-6815
                Fax: (504) 522-5689
                aweinberger@hanrylaw.com
                *Local Counsel for Taishan Gypsum Co., Ltd.*
                *and Tai'an Taishan Plasterboard Co., Ltd.*

**CERTIFICATE OF SERVICE**

I hereby certify that the above and foregoing **TAISHAN'S MOTION FOR PROTECTIVE ORDER LIMITING SCOPE OF 30(B)(6) DEPOSITIONS AND MEMORANDUM IN SUPPORT** has been served on Plaintiffs' Liaison Counsel, Russ Herman, and Defendants' Liaison Counsel, Kerry Miller, by U.S. mail and e-mail and upon all parties by electronically uploading the same to LexisNexis File & Serve in accordance with Pre-Trial Order No. 6, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2047 on this 4th day of May, 2015.

      /s Michael P. Kenny
      Michael P. Kenny, Esq.
      Georgia Bar No. 415064
      ALSTON & BIRD LLP
      1201 West Peachtree Street NW
      Atlanta, Georgia 30309
      Phone: (404) 881-7000
      Fax: (404) 881-7777
      michael.kenny@alston.com
      *Counsel for Taishan Gypsum Co., Ltd.*
      *and Tai'an Taishan Plasterboard Co., Ltd.*