UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE:  CHINESE-MANUFACTURED DRYWALL PRODUCTS LIABILITY LITIGATION | MDL NO. 2047<br>SECTION: L |
| THIS DOCUMENT APPLIES TO ALL CASES | JUDGE FALLON<br>MAG. JUDGE WILKINSON |

**MEMORANDUM OF LAW IN SUPPORT OF MOTION OF THE PLAINTIFFS' STEERING COMMITTEE TO COMPEL EXPEDITED RESPONSES TO OUTSTANDING DISCOVERY**

**I.   INTRODUCTION**

Although the Plaintiffs' Steering Committee ("PSC") has been actively serving the Taishan defendants and affiliates with notices of deposition and discovery requests beginning back in February, we are now in the month of May, just a mere six weeks before the scheduled June 9, 2015 damages hearing, and these defendants have failed to make a meaningful response to the PSC's outstanding discovery.  The documents that have been produced to date are not only incomplete but have also been produced in a Helter Skelter fashion making it impossible for the PSC to quickly gauge the adequacy of the defendants' document production.  In addition, the Taishan defendants and affiliates have failed to produce any privilege logs, making it impossible for the parties and the Court to evaluate the assertion of any privileges before the June 9, 2015 hearing on class damages.

For the reasons set forth in greater detail below, the PSC respectfully requests that the Taishan defendants and affiliates be compelled to fully and completely respond to all outstanding discovery on or before May 15, 2015, advise which documents are relevant to the various document requests, and immediately produce a privilege log to the extent

1

the Taishan defendants and affiliates intend to assert any privileges and submit withheld documents to the Court for *in camera* review.

## II. RELEVANT FACTS AND PROCEDURAL HISTORY

From February 20, 2015 through March 10, 2015, the PSC served the Taishan defendants and affiliates with deposition notices and document requests as follows:

- Tai'an Taishan Plasterboard Co., Ltd. ("TTP") [Rec.Doc.No. 18522][1],
- CNBM (USA) Corp. ("CNBM USA") [Rec.Doc.Nos. 18377 and 18562][2],
- United Suntech Craft, Inc. ("United Suntech") [Rec.Doc.Nos. 18379],
- Taishan Gypsum Co., Ltd., f/k/a Shandong Taihe Dongxin Co., Ltd. ("Taishan") [Rec.Doc.No. 18369],
- Beijing New Building Material (Group) Co. Ltd. ("BNBM Group") [Rec.Doc.No. 18458],
- China National Building Materials Company Limited ("CNBM") [Rec.Doc.No. 18421],
- China National Building Materials Import and Export Corporation ("CNBM Trading") [Rec.Doc.No. 18460],
- CNBM Forest Products (Canada) Ltd. ("CNBM Forest Canada") [Rec.Doc.No. 18459],
- Beijing New Building Materials Public Limited Co. ("BNBM") [Rec.Doc.No. 18368], and

---

[1] The discovery to TTP was filed on March 20, 2015.

[2] The discovery to CNBM (USA) Corp. was originally filed on February 23, 2015 [Rec.Doc. 18377]. The discovery was later amended on March 27, 2015 [Rec.Doc. 18562].

2

- China National Building Materials Group Corporation ("CNBM Group") [Rec.Doc.No. 18420].

The above discovery requests (hereafter the "pre-March 17th Discovery") were broad in scope and included requests involving some 232 entities.  The discovery seeks documents and testimony regarding communications amongst the various defendants and other affiliated entities, the relationship and ownership interests amongst the various defendants and other affiliated entities, all documents and information pertinent to the location of the various defendants' and affiliates entities' assets in the United States, all documents and information relevant to the transfer of goods into the United States (including information pertinent to the vessels used to transfer such goods), all information concerning the current status of any shipments of goods to the United States (including all bills of lading and individuals/entities involved in such shipments), all information concerning the nature of their agreement with the Alibaba Group (*i.e.*, for sales of goods to customers located in the United States), and information concerning whether the various defendants and affiliated entities conducted any business in the United States in violation of this Court's Contempt Order.

Subsequent to the filing of the pre-March 17th Discovery, the Court conducted a special hearing on March 17, 2015.  Thereafter, the Court entered a Minute Entry and Order dated March 17, 2015 [Rec. Doc. No. 18493] authorizing expedited discovery of Taishan and BNBM/CNBM regarding (i) the injunction prong of the Court's July 17, 2014 Order holding Taishan in contempt of court, criminally and civilly [Rec. Doc. No. 17869], and (ii) whether there exist alter ego relationships between and among these entities.  In light of the Court's directives, on March 19, 2015, the PSC served the

Taishan defendants and affiliates with expedited deposition notices and document requests as follows:

- CNBM USA [Rec.Doc.No. 18513],
- United Suntech [Rec.Doc.No. 18514],
- TTP [Rec.Doc.No. 18501],
- Taishan [Rec.Doc.No. 18500],
- BNBM (Group) [Rec.Doc.No. 18498],
- CNBM [Rec.Doc.No. 18506],
- CNBM Trading [Rec.Doc.No. 18503],
- CNBM Forest Canada [Rec.Doc.No. 18505],
- BNBM [Rec.Doc.No. 18499], and
- CNBM Group [Rec.Doc.No. 18504].

The above discovery (hereafter the "March 19th Discovery") is more narrowly focused than the Pre-March 17th Discovery and seeks information pertinent to just 39 entities.  Consistent with the Court's directives, the March 19th Discovery seeks information regarding whether the Taishan defendants and affiliates conducted any business and/or judicial business in the United States following the issuance of the Court's Contempt Order (and the profits from such ventures), information regarding the relationship and/or ownership interests amongst the Taishan defendants and affiliates, information pertinent to establishing the alter-ego/affiliate factors, the identity and selection of mines for use in the defendants' gypsum board, any foreign litigation involving American companies, information involving the use of Alibaba.com after July 17, 2014 to direct sales to customers located in the United States, curriculum vitae for the

4

chairman as well as the officer and directors of the Taishan defendants and affiliates, and information regarding the retention of counsel in the instant litigation as well as the decision for Taishan not to appear at the Judgment Debtor hearing.[3]

Following the issuance of the March 19th Discovery, the PSC advised the Taishan defendants and affiliates that it would agree to prioritize the March 19th Discovery so as the parties could complete the March 19th Discovery before the class damages hearing scheduled for April 28, 2015.[4]

On April 7, 2015, the CNBM defendants served Objections to the above Expedited Discovery. On April 9, 2015, the BNBM defendants likewise served Objections to the PSC's Expedited Discovery. These objections have been mooted in light of the fact that the PSC subsequently amended the March 19th Discovery.

On April 9 and 10, 2015, the PSC filed Amended and Supplemental Notices of Expedited Oral and Videotaped Depositions Pursuant to the Court's Directive During the March 17, 2015 Special Hearing and Minute Entry and Orders [Rec. Doc. No. 18493] as follows:

- CNBM USA [Rec.Doc.No. 18646],
- TTP [Rec.Doc.No. 18641],
- Taishan Gypsum [Rec.Doc.No. 18642],
- BNBM Group [Rec.Doc.No. 18643],
- CNBM [Rec.Doc.No. 18650],

---

[3] For certain Taishan defendants and affiliates this discovery also includes requests related to the roof solar panel project involving Sunpin/Wal-Mart, purchases of lumber from Plum Creek, and any interactions/business dealings with the parties to the proceedings in the United States District Court for the District of Oregon.

[4] The Court has since moved the damages hearing to June 9, 2015.

- CNBM Trading [Rec.Doc.No. 18651],

- CNBM Forest Canada [Rec.Doc.No. 18645],

- BNBM [Rec.Doc.No. 18644], and

- CNBM Group [Rec.Doc.No. 18649].

The above discovery (hereafter the "Amended Expedited Discovery") is very similar to the March 19th Discovery and simply makes certain discovery more specific. The Amended Expedited Discovery seeks documents and testimony regarding whether the Taishan defendants and affiliates conducted any business and/or judicial business in the United States following the issuance of the Court's Contempt Order (and the profits from such ventures), information regarding the relationship and/or ownership interests amongst the Taishan defendants and affiliates, information pertinent to establishing the alter-ego/affiliate factors, the identity and selection of mines for use in the defendants' gypsum board, any foreign litigation involving American companies, information involving the use of Alibaba.com after July 17, 2014 to direct sales to customers located in the United States, investments and financial dealings with American financial institutions, personnel records and custodial documents for various officers and directors of the Taishan defendants and affiliates, information regarding the retention of counsel in the instant litigation as well as the decision for Taishan not to appear at the Judgment Debtor hearing, documents and information pertinent to annual reports/public offerings/public announcements/voluntary announcements/press releases, information relevant to the Hogan Lovells production, information relevant for purposes of

identifying decision makers concerning the instant legal proceedings, corporate governance documents, and any shareholder minutes.[5]

Following the issuance of the Amended Expedited Discovery, on April 14, 2015, Taishan and TTP filed a Joint Emergency Motion for Protective Order and Proposed Solution [Rec.Doc. 18680]. On the same date, BNBM and BNBM Group also filed a Joint Emergency Motion for Protective Order [Rec.Doc. 18681]. On April 15, 2015, the CNBM defendants filed a Joinder in the Motions for Protective Orders [Rec.Doc.18693]. The PSC has responded to these motions for protective orders, *see* Rec.Doc.Nos. 18690 and 18699, and these motions are now ripe for determination by the Court.

Because the Taishan defendants and affiliates have been reluctant to produce responsive documents to date, on April 20, 2015 the PSC filed a Statement Regarding Outstanding Expedited Discovery Requests [Rec.Doc. 18724], and made it crystal clear what the PSC wanted. The Statement Regarding Outstanding Expedited Discovery Requests pointedly asked the defendants to identity:

* any commercial activities engaged in the United States, setting forth the nature of the business and any persons or legal entities with which they are engaged in these activities,

* the name of the persons or legal entities with whom you engaged in commercial activity;

---

[5] For certain Taishan defendants and affiliates this discovery also includes requests related to the roof solar panel project involving Sunpin/Wal-Mart, purchases of lumber from Plum Creek, interactions/business dealings with the parties to the proceedings in the United States District Court for the District of Oregon, interactions/business dealings with CTIEC-Teco American Technology Inc., and interactions/business dealings with New Jersey Institute of Technology.

7

* the state of incorporation for each person or legal entity with whom you engaged in commercial activity;

* the address of each person or legal entity with whom you engaged in commercial activity;

* the identity of persons most knowledgeable of these activities,

* the fixed and variable costs of this commercial activity,

* the profits derived from this activity (by quarter and calendar year), and the profits of the subjects of the PSC's expedited discovery (by quarter and calendar year),

* documents related to these activities, and

* the names of the persons who provided the answer to their submission.

More recently, the PSC served additional discovery on these same defendants for purposes of uncovering accounting and banking information. More specifically, the PSC served the below Supplemental Notices of Expedited Oral and Videotaped Depositions Pursuant to the Court's Directive During the March 17, 2015 Special Hearing and Minute Entry and Orders [Rec. Doc. No. 18493] on April 30, 2015:

- CNBM USA [Rec.Doc.No. 18796],

- United Suntech [Rec.Doc.No. 18795],

- TTP [Rec.Doc.No. 18791],

- Taishan [Rec.Doc.No. 18793],

- BNBM Group [Rec.Doc.No. 18792],

- CNBM [Rec.Doc.No. 18798],

- CNBM Trading [Rec.Doc.No. 18800],

- CNBM Forest Canada [Rec.Doc.No. 18797],

8

- BNBM [Rec.Doc.No. 18794], and

- CNBM Group [Rec.Doc.No. 18799].

The above discovery (hereafter the "Accountant and Banking Discovery") seeks all information and documents relevant to tax returns, financial statements, and audits as well as all information and documents relevant to bank accounts held or used by the Taishan defendants and affiliates.[6]

On May 4, 2015, the CNBM defendants filed objections to the Accountant and Banking Discovery. *See* Rec.Doc.No. 18807. In their objections the CNBM defendants take the position that the Accountant and Banking Discovery will interfere with their efforts to respond to earlier discovery and that the discovery is irrelevant and does not appear likely to generate evidence regarding the court-ordered discovery for the contempt track or the damages or jurisdictional defenses tracks.

Also on May 4, 2015, the Taishan defendants filed objections to the Accountant and Banking Discovery, *see* Rec.Doc.No. 18814, and moved for a protective order regarding the same discovery requests. *See* Rec.Doc.No. 18815. Like the CNBM defendants, the Taishan defendants take the position that the Accountant and Banking Discovery is overly broad and unduly burdensome and that it seeks information that is irrelevant to the contempt track and damages hearing.

### III.  ARGUMENT

Notwithstanding that the PSC began serving discovery and document requests on the Taishan defendants and affiliates back on February 23, 2015, these defendants have

---

[6] On May 4, 2015, the PSC filed a notice of errata correcting a typographical error in the definition of the Relevant Time Period. *See* Rec.Doc.No. 18808 (clarifying that the Relevant Time Period is January 1, 2005 to the present).

failed to adequately respond to any of the PSC's discovery to date. For instance, although much of this discovery focuses on whether the Taishan defendants and affiliates have violated the Court's July 17, 2014 Contempt Order, only BNBM Group has produced any documents with respect to its violation of the Contempt Order. Additionally, defendants such as CNBM USA, United Suntech, TTP, CNBM Trading, and CNBM Forest Canada have failed to produce any responsive documents. For those defendants that have managed to produce responsive documents it is clear that such defendants have failed to fully respond to the discovery. For instance, while BNBM has produced certain tax forms, it is evident from a review of these forms that schedules to the forms are missing. Similarly, while BNBM has also produced an agreement referencing business dealings with Davis Construction Supply, BNBM has failed to produce the underlying contract.

Because it is evident the Taishan defendants and affiliates are engaged in wide spread efforts to delay these proceedings by failing to promptly respond to discovery in advance of the June 9, 2014 class damages hearing, Plaintiffs respectfully request that the Court order them to fully respond to all outstanding discovery (including the Pre-March 17th Discovery) on or before May 15, 2015. While the PSC generously offered to delay the Pre-March 17th Discovery until after the completion of the expedited discovery, it is evident the Taishan defendants and affiliates are taking advantage of this generosity in a further effort to delay justice to the thousands of consumers injured by their defective drywall. Therefore, the Taishan defendants and affiliates should be ordered to

10

immediately respond to all outstanding discovery.[7] This is especially true in light of the Court's directive during the April 24, 2015 telephonic hearing that all documents to be relied upon at the damages hearing must be exchanged no later than eighteen (18) days before the June 9, 2015 hearing date.

In addition, since the Taishan defendants and affiliates seem to be producing documents in a manner that effectively amounts to a document dump, the PSC respectfully requests that these defendants be ordered to advise the PSC which documents are relevant to each specific request. These defendants should also be ordered to produce a privilege log so as any disputes regarding privilege can be promptly resolved in advance of the June 9th trial date.

While the Taishan defendants and affiliates may contend that ordering them to respond to the PSC's discovery by May 15, 2015 is unduly burdensome, it should be noted that these defendants have chosen to delay their responses to the PSC's discovery until very recently notwithstanding that the PSC first served them with discovery back on February 23, 2015. In addition, given the short period of time for completing discovery related to the June 9, 2015 damages hearing, any increased burden on the defendants is justified.[8]

---

[7] In addition, as was noted above, the motions for protective orders by the Taishan defendants and affiliates have been fully briefed and are ready for determination by the Court.

[8] Given the short window for the completion of discovery before the June 9, 2015 damages hearing, it should come as no surprise that the Court has granted seven motions requesting expedited return of discovery requests and shortening of time to notice depositions with respect to various third-party witnesses. *See* Rec.Doc.Nos. 18523 (New Jersey Institute of Technology and CTIEC-TECO American Technology, Inc.); 18535 (Sunpin Solar Development a/k/a Sunpin Solar LLC, Tommy Li, Wal-Mart Stores, Inc., Westerlund Log Handlers LLC and Murphy Overseas USA Astoria Forest Products LLC); 18756 (Hampton Affiliates, Steven J. Zika, Hampton Investment Company, Baillie

Further, with respect to the Accountant and Banking Discovery, the defendants' contentions that this discovery will interfere with their efforts to respond to other outstanding discovery and/or that the discovery seeks irrelevant information should be rejected by the Court. Contrary to the arguments of the CNBM and Taishan defendants, the Accountant and Banking Discovery is not only limited in scope but is also clearly designed to uncover evidence regarding the contempt track as well as the alter-ego and other jurisdictional defenses being asserted by the defendants. For instance, by seeking evidence submitted to accountants such discovery is designed to uncover transactions involving American corporate entities in violation of the Court's Contempt Order.[9] Additional, this discovery will also uncover evidence on the profits of the defendants – another issue central to the contempt track. Further, the Accountant and Banking Discovery is clearly aimed at the defendants' challenges to the Court's finding on alter-ego and personal jurisdiction. That is, such discovery is likely to demonstrate that banking accounts held by upstream entities were used to make payments for downstream entities and vice versa. Such activity will go to the issue of control for purposes of establishing alter-ego and that the jurisdictional contacts of the downstream entities can be attributed to the upstream entities.

---

Lumber Co., Hull Forest Products, Inc., Western Wood, LLC, and W.H. International, Inc.), and 18781 (BNK International, LLC, and Jeffery J. Chang). Given the Court's determination that expedited discovery of third parties is justified, the Taishan defendants and affiliates are in no position to argue that they are entitled to additional time for purposes of responding to discovery.

[9] The PSC also recently issued deposition notices and discovery requests to JP Morgan Chase & Co. ("JP Morgan") and Morgan Stanley, *see* Rec.Doc.Nos. 18766, 18767, 18801, and 18802, for purposes of exploring additional violations of the Court's Contempt Order. This discovery of JP Morgan and Morgan Stanley is focused on any violations of the Court's Contempt Order and is distinguishable from the PSC's earlier asset discovery involving these same entities, *see* Rec.Doc.Nos. 18304 and 18305, which has been stayed pending the completion of the expedited discovery. *See* Rec.Doc.No. 18640.

In light of the unquestionable relevance of the Accountant and Banking Discovery, the defendants should be ordered to produce documents responsive to such discovery on or before May 15, 2015.

### IV. CONCLUSION

WHEREFORE, the PSC prays that this motion be granted and that the Taishan defendants and affiliates be Ordered to produce to the PSC full and complete responses to their discovery, including all documents requested (in their original language and, if the original documents are in any language other than English, with accurate English translations), on or before May 15, 2015.

Respectfully submitted,

Dated: May 5, 2015

/s/ Russ M. Herman_____
**Russ M. Herman** (Bar No. 6819)
Leonard A. Davis (Bar No. 14190)
Stephen J. Herman (Bar No. 23129)
*HERMAN, HERMAN & KATZ, LLC*
820 O'Keefe Avenue
New Orleans, LA 70113
PH: (504) 581-4892
FAX: (504) 561-6024
ldavis@hhkc.com
*Plaintiffs' Liaison Counsel*
*MDL 2047*

Arnold Levin (on the brief)
Fred S. Longer (on the brief)
Sandra L. Duggan (on the brief)
Matthew C. Gaughan (on the brief)
Levin, Fishbein, Sedran & Berman
510 Walnut Street, Suite 500
Philadelphia, PA 19106
PH: (215) 592-1500
FAX: (215) 592-4663
Alevin@lfsblaw.com
*Plaintiffs' Lead Counsel*
*MDL 2047*

## PLAINTIFFS' STEERING COMMITTEE

Dawn M. Barrios
Barrios, Kingsdorf & Casteix, LLP
701 Poydras Street, Suite 3650
New Orleans, LA 70139
Phone: (504) 524-3300
Fax: (504) 524-3313
Barrios@bkc-law.com

Daniel E. Becnel, Jr.
Becnel Law Firm, LLC
425 W. Airline Highway, Suite B
Laplace, LA 70068
Phone: (985) 536-1186
Fax: (985) 536-6445
dbecnel@becnellaw.com

Peter Prieto
Podhurst Orseck, P.A.
25 Flagler Street, 8th Floor
Miami, FL 33130
Phone: (305) 358-2800
Fax: (305) 358-2382
pprieto@podhurst.com

Jerrold Seth Parker
Parker Waichman, LLP
27300 Riverview Center Blvd.
Suite 103
Bonita Springs, FL 34134
Phone: (239) 390-1000
Fax: (239) 390-0055
Jerry@yourlawyer.com

Scott Wm. Weinstein
Morgan & Morgan
12800 University Drive, Suite 600
Ft. Meyers, FL 33907
Phone: (239) 433-6880
Fax: (239) 433-6836
sweinstein@forthepeople.com

James Robert Reeves
Reeves & Mestayer, PLLC
160 Main Street
Biloxi, MS 39530
Phone: (228) 374-5151
Fax: (228) 374-6630
jrr@attorneys4people.com

Christopher Seeger
Seeger Weiss, LLP
77 Water Street
New York, NY 10005
Phone: (212) 584-0700
Fax: (212) 584-0799
cseeger@seegerweiss.com

Bruce William Steckler
Steckler, LLP
12720 Hillcrest Road, Ste 1045
Dallas, TX 75230
Phone: (972) 387-4040
Fax: (972) 387-404
bruce@stecklerlaw.com

Ervin A. Gonzalez
Colson, Hicks, Eidson
255 Alhambra Circle, Penthouse
Cora Gables, FL 33134
Phone: (305) 476-7400
Fax: (305) 476-7444
ervin@colson.com

Daniel K. Bryson
Whitfield, Bryson & Mason, LLP
900 W. Morgan Street
Raleigh, NC 27603
Phone: (919) 600-5000
Fax: (919) 600-5002
dan@wbmllp.com

Ben W. Gordon, Jr.
Levin, Papantonio, Thomas, Mitchell
 Echsner & Proctor, P.A.
316 S. Baylen Street, Suite 600
Pensacola, FL 32502
Phone: (850) 435-7000
Fax: (850) 435-7020
bgordon@levinlaw.com

Richard J. Serpe, Esquire
Law Offices of Richard J. Serpe
Crown Center, Ste. 310
580 East Main Street
Norfolk, VA 23510-2322
Phone: (757) 233-0009
Fax: (757) 233-0455
rserpe@serpefirm.com

Hugh P. Lambert
The Lambert Firm
701 Magazine Street
New Orleans, LA 70130
Phone: (504) 581-1750
Fax: (504) 529-2931
hlambert@thelambertfirm.com

Victor M. Diaz, Jr., Esquire
V.M. Diaz and Partners, LLC
119 Washington Ave, Suite 402
Miami Beach, FL 33139
Phone: (305) 704-3200
Fax: (305) 538-4928
victor@diazpartners.com

Gerald E. Meunier
Gainsburgh, Benjamin, David, Meunier
 & Warshauer, LLC
2800 Energy Centre, 1100 Poydras Street
New Orleans, LA 70163-2800
Phone: (504) 522-2304
Fax: (504) 528-9973
gmeunier@gainsben.com

## OF COUNSEL TO PLAINTIFFS' STEERING COMMITTEE

Richard S. Lewis
HAUSFELD LLP
1700 K Street, N.W Suite 650
Washington, DC 20006
Phone: (202) 540-7200
Fax:  (202) 540-7201
rlewis@hausfeldllp.com

Anthony D. Irpino
IRPINO LAW FIRM
2216 Magazine Street
New Orleans, LA 70130
Phone: (504) 525-1500
Fax: (504) 525-1501
airpino@irpinolaw.com

Andrew A. Lemmon
Lemmon Law Firm, LLC
P.O. Box 904
15058 River Road
Hahnville, LA 70057
Phone: (985) 783-6789
Fax: (985) 783-1333
andrew@lemmonlawfirm.com

**CERTIFICATE OF SERVICE**

      I hereby certify that the above and foregoing has been served on Defendants' Liaison Counsel, Kerry Miller, by e-mail and upon all parties by electronically uploading the same to LexisNexis File & Serve in accordance with Pre-Trial Order No. 6, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2047 on this 5th day of May, 2015.

                      Respectfully Submitted,

                BY:  */s/ Leonard A. Davis*
                      Leonard A. Davis
                      Herman, Herman & Katz, LLC
                      820 O'Keefe Avenue
                      New Orleans, LA 70113
                      Phone: (504) 581-4892
                      Fax: (504) 561-6024
                      ldavis@hhklawfirm.com

                      *Plaintiffs' Liaison Counsel*
                      *MDL 2047*