UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: CHINESE-MANUFACTURED DRYWALL PRODUCTS LIABILITY LITIGATION | MDL NO. 2047<br>SECTION: L |
| THIS DOCUMENT APPLIES TO ALL CASES | JUDGE FALLON<br>MAG. JUDGE WILKINSON |

**THE PLAINTIFFS' STEERING COMMITTEE'S
OPPOSITION TO THE MOTION FOR PROTECTIVE
ORDER BY THE CNBM AND TAISHAN DEFENDANTS AND SUPPORT AND
JUSTIFICATION FOR DISCOVERY FROM THIRD PARTIES JP MORGAN CHASE &
CO. AND MORGAN STANLEY**

The Plaintiffs' Steering Committee ("PSC") hereby opposes the motion of the CNBM and Taishan defendants for protective order (*see* Rec. Doc. No. 18815), and also provides support and justification for the need to take discovery from third parties, JP Morgan Chase & Co. ("JP Morgan") and Morgan Stanley.

On April 30, 2015, the PSC served Supplemental Notices of Expedited Oral and Videotaped Depositions Pursuant to the Court's Directive During the March 17, 2015 Special Hearing and Minute Entry and Orders [Rec. Doc. No. 18493] on the Taishan defendants and affiliates as follows:

- CNBM (USA) Corp. [Rec.Doc.No. 18796],
- United Suntech Craft, Inc. [Rec.Doc.No. 18795],
- Tai'an Taishan Plasterboard Co., Ltd. [Rec.Doc.No. 18791],
- Taishan Gypsum Co., Ltd., f/k/a Shandong Taihe Dongxin Co., Ltd. [Rec.Doc.No. 18793],
- Beijing New Building Material (Group) Co. Ltd. [Rec.Doc.No. 18792],
- China National Building Materials Company Limited [Rec.Doc.No. 18798],
- China National Building Materials Import and Export Corporation [Rec.Doc.No. 18800],
- CNBM Forest Products (Canada) Ltd. [Rec.Doc.No. 18797],
- Beijing New Building Materials Public Limited Co. [Rec.Doc.No. 18794], and
- China National Building Materials Group Corporation [Rec.Doc.No. 18799].

1

The above discovery (hereafter the "Accountant and Banking Discovery") seeks all information and documents relevant to tax returns, financial statements, and audits, as well as all information and documents relevant to bank accounts held or used by the Taishan defendants and affiliates.[1]

On May 4, 2015, the CNBM defendants filed objections to the Accountant and Banking Discovery.  *See* Rec.Doc.No. 18807.  In their objections, the CNBM defendants take the position that the Accountant and Banking Discovery will interfere with their efforts to respond to earlier discovery and that the discovery is irrelevant and does not appear likely to generate evidence regarding the court-ordered discovery for the contempt track or the damages or jurisdictional defenses tracks, even though accounting and banking transactions occurred during the contempt period.

Also on May 4, 2015, the Taishan defendants filed objections to the Accountant and Banking Discovery (*see* Rec.Doc.No. 18814), and moved for a protective order regarding these discovery requests (*see* Rec.Doc.No. 18815).  Like the CNBM defendants, the Taishan defendants take the position that the Accountant and Banking Discovery is overly broad and unduly burdensome and that it seeks information that is irrelevant to the contempt track and damages hearing.

It is respectfully submitted that the CNBM and Taishan defendants' contentions that this discovery will interfere with their efforts to respond to other outstanding discovery and/or that the discovery seeks irrelevant information should be rejected by the Court.  Contrary to the arguments of the CNBM and Taishan defendants, the Accountant and Banking Discovery is

---

[1] On May 4, 2015, the PSC filed a notice of errata correcting a typographical error in the definition of the Relevant Time Period.  *See* Rec.Doc.No. 18808 (clarifying that the Relevant Time Period is January 1, 2005 to the present).

2

clearly designed to uncover evidence regarding the contempt track.[2]  For instance, by seeking evidence submitted to accountants such discovery is designed to uncover transactions by the Taishan defendants and affiliates involving American corporate entities in violation of the Court's Contempt Order.  Additionally, this discovery will also uncover evidence on the profits of the defendants – another issue central to the contempt track.

By way of further explanation, the PSC has established evidence of a relationship between the CNBM defendants and JP Morgan and Morgan Stanley.[3]  Because the Accountant and Banking Discovery seeks information regarding the Taishan defendants' and affiliates' banking accounts, such discovery is designed to uncover additional data regarding this relationship.  To the extent the Taishan defendants and affiliates collected dividends from American financial institutions after July 17, 2014, such as from Morgan Stanley and JP Morgan,

---

[2] The fact that this discovery also seeks evidence that is relevant to the defendants' challenges to the Court's findings on alter-ego and personal jurisdiction is no reason to preclude the same with reference to the contempt.  That is, in addition to the contempt track discovery, such discovery is likely to demonstrate that banking accounts held by upstream entities were used to make payments for downstream entities and vice versa.  Such activity will go to the issue of control for purposes of establishing alter-ego and that the jurisdictional contacts of the downstream entities can be attributed to the upstream entities.  For instance, the discovery seeks information regarding a bank account at the Bank of China that was used to satisfy the judgment in *Germano*.  To the extent a bank account held by one of the upstream entities was used to satisfy the judgment against Taishan, this fact will support the Court's earlier determinations on alter-ego and is relevant to the contempt discovery.

[3] The PSC also recently issued deposition notices and discovery requests to JP Morgan and Morgan Stanley (*see* Rec.Doc.Nos. 18766, 18767, 18801, and 18802), for purposes of exploring violations of the Court's Contempt Order.  The discovery from JP Morgan and Morgan Stanley is necessary in light of the refusal by the Taishan defendants and affiliates to produce documents involving transactions with these entities.  Given the sizable investments by JP Morgan and Morgan Stanley in CNBM (*see* foonote 4, *infra*), CNBM's failure to produce any evidence regarding their relationship with these entities is remarkable.

This discovery of JP Morgan and Morgan Stanley is focused on any violations of the Court's Contempt Order only and is distinguishable from the PSC's earlier asset discovery involving these same entities (*see* Rec.Doc.Nos. 18304 and 18305), which has been stayed pending the completion of the expedited discovery.  *See* Rec.Doc.No. 18640.

such activities will establish clear violations of this Court's Contempt Order. Likewise, to the extent the Taishan defendants and affiliates held a large ownership interest in JP Morgan and/or Morgan Stanley (or vice versa) and this interest appreciated or was transferred after July 17, 2014, such evidence will also support a determination that the Taishan defendants and affiliates violated this Court's Contempt Order. Indeed, publicly available evidence reveals that both JP Morgan and Morgan Stanley hold sizable investments in CNBM.[4] It is beyond peradventure that there could be no banking or investment transactions during the contempt period. Given the magnitude of these investments by JP Morgan and Morgan Stanley in CNBM, it is highly probable that CNBM and/or one of the other Taishan defendants and affiliates violated the Contempt Order with respect to their dealings with JP Morgan or Morgan Stanley (for instance by evidence of any sales, purchases, loans, guarantees, payables, receipts, or other financial

---

[4] In 2009, JP Morgan owned "H" shares of CNBM. It was reported in 2009 to own 25.19% of CNBM Ltd. In January 2009, Zhiping Song, CNBM Chairman called JP Morgan an "active supporter of CNBM." JP Morgan noted that CDW had little influence on CNBM and recommended that it be bought when the price was low. Its holdings increased in 2010. JPMorgan reduced its long position in China National Building Material Co. Ltd. (CNBM)(03323) from 18.2% to 17.8% on 28 August 2012 by disposing of 11.554 million H shares at HK$7.6 per share on average on the Stock Exchange, the Stock Exchange's Disclosure of Interests information shows. But, they have not divested completely.

On the website quam.net, which provides stock quotes, the site indicates that the last "insider trades were made in 2013 by both JP Morgan and Morgan Stanley and do not indicate that they divested their interests. [ET Net News Agency, 27 August 2014] JP Morgan cut its target price for China National Building Material (CNBM)(03323) to HK$9.75 from HK$12, and maintained its "overweight" rating. The research house said CNBM's 1H results (net profit up 33%) remain on track to meet Street estimates. Disappointingly, its deleveraging progress stalled in the period but the seasonally stronger 2H should help CNBM toward its leverage targets."

On February 11 and March 11 2015, JP Morgan had warrants that matured and could be issued via a call on those dates of maturity. In the 2014 CNBM Annual Report issued on March 15, 2015, JP Morgan was listed as holding H shares (Long) whereby they are Beneficial owners of 53,286,037; Investment manager 17,528,000; and Custodian $159,874,794 shares held. The JP Morgan related entities that hold an interest are: JP Morgan Securities LLC; JP Morgan Clearing Corp; JFK Asset Management Limited; JP Morgan Asset Management Ltd ; JP Morgan Investment Management Inc.; JP Morgan Whitfriars Inc.; JP Morgan Securities plc; JP Morgan Chase Bank NA; JP Morgan Asset management. Attached hereto as Exhibit "A" is a compendium of exhibits involving the financial relationship between the Taishan defendants and Affiliates and JP Morgan and Morgan Stanley.

transactions during the contempt period). For instance, to the extent CNBM paid any dividends to JP Morgan or Morgan Stanley after July 17, 2014, such payments would constitute further violations of the Court's Contempt Order, and make necessary an accounting of all receipts and payables during the period to establish any profits.

In light of the unquestionable relevance of the Accountant and Banking Discovery, the defendants should be ordered to produce documents responsive to such discovery on or before May 15, 2015,[5] and JP Morgan and Morgan Stanley must produce the same in response to the Third Party Subpoenas.

W H E R E F O R E, the PSC prays that the CNBM and Taishan defendants' motion for protective order be denied by the Court.

Respectfully submitted,

Dated: May 5, 2015

/s/ Russ M. Herman
**Russ M. Herman** (Bar No. 6819)
Leonard A. Davis (Bar No. 14190)
Stephen J. Herman (Bar No. 23129)
***HERMAN, HERMAN & KATZ, LLC***
820 O'Keefe Avenue
New Orleans, LA  70113
PH:  (504) 581-4892
FAX:  (504) 561-6024
ldavis@hhklawfirm.com
***Plaintiffs' Liaison Counsel***
***MDL 2047***

---

[5] The PSC has filed a motion to compel in conjunction herewith with respect to the failure of the Taishan defendants and affiliates to respond to the Accountant and Banking Discovery as well as their failure to fully respond to all other outstanding discovery.

        Arnold Levin (on the brief)
        Fred S. Longer (on the brief)
        Sandra L. Duggan (on the brief)
        Matthew C. Gaughan (on the brief)
        Levin, Fishbein, Sedran & Berman
        510 Walnut Street, Suite 500
        Philadelphia, PA 19106
        PH:  (215) 592-1500
        FAX:  (215) 592-4663
        Alevin@lfsblaw.com
        *Plaintiffs' Lead Counsel*
        *MDL 2047*

## PLAINTIFFS' STEERING COMMITTEE

Dawn M. Barrios
Barrios, Kingsdorf & Casteix, LLP
701 Poydras Street, Suite 3650
New Orleans, LA 70139
Phone: (504) 524-3300
Fax: (504) 524-3313
Barrios@bkc-law.com

Jerrold Seth Parker
Parker Waichman, LLP
27300 Riverview Center Blvd.
Suite 103
Bonita Springs, FL 34134
Phone: (239) 390-1000
Fax: (239) 390-0055
Jerry@yourlawyer.com

Daniel E. Becnel, Jr.
Becnel Law Firm, LLC
425 W. Airline Highway, Suite B
Laplace, LA 70068
Phone: (985) 536-1186
Fax: (985) 536-6445
dbecnel@becnellaw.com

Scott Wm. Weinstein
Morgan & Morgan
12800 University Drive, Suite 600
Ft. Meyers, FL 33907
Phone: (239) 433-6880
Fax: (239) 433-6836
sweinstein@forthepeople.com

Peter Prieto
Podhurst Orseck, P.A.
25 Flagler Street, 8th Floor
Miami, FL 33130
Phone: (305) 358-2800
Fax: (305) 358-2382
pprieto@podhurst.com

James Robert Reeves
Reeves & Mestayer, PLLC
160 Main Street
Biloxi, MS 39530
Phone: (228) 374-5151
Fax: (228) 374-6630
jrr@attorneys4people.com

Bruce William Steckler
Steckler, LLP
12720 Hillcrest Road, Ste 1045
Dallas, TX 75230
Phone: (972) 387-4040
Fax: (972) 387-404
bruce@stecklerlaw.com

Christopher Seeger
Seeger Weiss, LLP
77 Water Street
New York, NY 10005
Phone: (212) 584-0700
Fax: (212) 584-0799
cseeger@seegerweiss.com

Ervin A. Gonzalez
Colson, Hicks, Eidson
255 Alhambra Circle, Penthouse
Cora Gables, FL 33134
Phone: (305) 476-7400
Fax: (305) 476-7444
ervin@colson.com

Ben W. Gordon, Jr.
Levin, Papantonio, Thomas, Mitchell
 Echsner & Proctor, P.A.
316 S. Baylen Street, Suite 600
Pensacola, FL 32502
Phone: (850) 435-7000
Fax: (850) 435-7020
bgordon@levinlaw.com

Hugh P. Lambert
The Lambert Firm
701 Magazine Street
New Orleans, LA 70130
Phone: (504) 581-1750
Fax: (504) 529-2931
hlambert@thelambertfirm.com

Gerald E. Meunier
Gainsburgh, Benjamin, David, Meunier
 & Warshauer, LLC
2800 Energy Centre, 1100 Poydras Street
New Orleans, LA 70163-2800
Phone: (504) 522-2304
Fax: (504) 528-9973
gmeunier@gainsben.com

Daniel K. Bryson
Whitfield, Bryson & Mason, LLP
900 W. Morgan Street
Raleigh, NC 27603
Phone: (919) 600-5000
Fax: (919) 600-5002
dan@wbmllp.com

Richard J. Serpe, Esquire
Law Offices of Richard J. Serpe
Crown Center, Ste. 310
580 East Main Street
Norfolk, VA 23510-2322
Phone: (757) 233-0009
Fax: (757) 233-0455
rserpe@serpefirm.com

Victor M. Diaz, Jr., Esquire
V.M. Diaz and Partners, LLC
119 Washington Ave, Suite 402
Miami Beach, FL 33139
Phone: (305) 704-3200
Fax: (305) 538-4928
victor@diazpartners.com

**OF COUNSEL TO PLAINTIFFS' STEERING COMMITTEE**

| | |
|---|---|
| Richard S. Lewis<br>HAUSFELD LLP<br>1700 K Street, N.W Suite 650<br>Washington, DC 20006<br>Phone: (202) 540-7200<br>Fax: (202) 540-7201<br>rlewis@hausfeldllp.com | Anthony D. Irpino<br>IRPINO LAW FIRM<br>2216 Magazine Street<br>New Orleans, LA 70130<br>Phone: (504) 525-1500<br>Fax: (504) 525-1501<br>airpino@irpinolaw.com |

Andrew A. Lemmon
Lemmon Law Firm, LLC
P.O. Box 904
15058 River Road
Hahnville, LA 70057
Phone: (985) 783-6789
Fax: (985) 783-1333
andrew@lemmonlawfirm.com

**CERTIFICATE OF SERVICE**

    I hereby certify that the above and foregoing has been served on Defendants' Liaison Counsel, Kerry Miller, by e-mail and upon all parties by electronically uploading the same to LexisNexis File & Serve in accordance with Pre-Trial Order No. 6, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2047 on this 5th day of May, 2015.

    Respectfully Submitted,

    BY: */s/ Leonard A. Davis*
        Leonard A. Davis
        Herman, Herman & Katz, LLC
        820 O'Keefe Avenue
        New Orleans, LA 70113
        Phone: (504) 581-4892
        Fax: (504) 561-6024
        ldavis@hhklawfirm.com

        *Plaintiffs' Liaison Counsel*
        *MDL 2047*