UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

|  |  |  |
|---|---|---|
| IN RE: CHINESE MANUFACTURED DRYWALL | : | MDL NO. 2047 |
| PRODUCTS LIABILITY LITIGATION | : | SECTION L |
|  | : |  |
|  | : | JUDGE FALLON |
|  | : | MAGISTRATE JUDGE |
| .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. | : | WILKINSON |

**THIS DOCUMENT RELATES TO:** ALL CASES

### ORDER AND REASONS

Before the Court is the Plaintiffs' Steering Committee's motion to strike Hogan Lovells' designation of documents as highly confidential. (Rec. Doc. 18530). Taishan opposes. Having considered the motion, responses, replies, and a sur-reply, along with the applicable law, the Court now issues this order denying the PSC's motion.

Although the Court indeed has ruled that a number of communications between Hogan Lovells and the Taishan Entities were outside the scope of attorney-client privilege, Taishan is correct that these documents are still subject to protection under the "highly confidential" designation of PTO 16. In pertinent part, PTO 16 protects as highly confidential:

> any information that the Producing Party believes in good faith constitutes, reflects, discloses, or contains information subject to protection under Fed. R. Civ. P. 26(c) or other applicable law, and that contain highly sensitive and competitive information, the disclosure of which to persons other than those designated in this Protective Order would pose a substantial risk of serious harm, economic or otherwise, to the Producing Party.

The designation that the PSC seeks to have stricken meets this standard for classification as "highly confidential." It is well-established law that the concept of confidentially is distinct and separate from that of privilege. *See e,g., In re Grand Jury Subpoena*, 148 F.3d 487, 492 (5th Cir. 1998). Even though the documents are not privileged, they still are protected by the highly

1

confidential designation. The Court has previously ordered that the documents at issue may not be used outside this litigation. Retaining the highly confidential designation is the best way to maintain this protection. Otherwise, the documents would be available without seal on PACER, available for use by anyone (party and non-party alike) for any purpose. For these reasons, therefore,

**IT IS ORDERED** that the PSC's motion is **DENIED**.

New Orleans, Louisiana, this 4th day of May, 2015.

_____
UNITED STATES DISTRICT JUDGE