UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: CHINESE-MANUFACTURED DRYWALL PRODUCTS LIABILITY LITIGATION | MDL NO. 2047<br>SECTION: L<br>JUDGE FALLON<br>MAG. JUDGE WILKINSON |
| THIS DOCUMENT RELATES TO: ALL CASES | |

PEOPLE'S REPUBLIC OF CHINA
CITY OF BEIJING

## DECLARATION OF YU CHEN

This declaration is made in accordance with and pursuant to 28 U.S.C. § 1746.

I, YU CHEN, declare under penalty of perjury under the laws of the United States of America that the following statements are true and correct:

1. I am over eighteen (18) years of age, am competent to testify to the matters contained herein, and have personal knowledge of these facts. My native language is Chinese. While I can use some English, I am not fluent and English is a foreign language to me. I signed a Chinese version of this Declaration as well as the English version of this Declaration after it was translated for me by a translator with the law firm of Dentons U.S. LLP.

2. I am the General Manager of Beijing New Building Materials Public Limited Company ("BNBMPLC"). I have held this position at BNBMPLC since August 2009. I am responsible for daily operation and management matters for BNBMPLC.

3. I report to the board of directors of BNBMPLC.

4. All three deputy general managers of BNBMPLC report to me directly.

5. BNBMPLC complies with all corporate requirements under Chinese law including shareholders' meetings, board meetings and corporate authorizations for major transactions.

1

EXHIBIT 3

6. I hold no position with Beijing New Building Material (Group) Co., Ltd. ("BNBM Group").

7. Since November 2014, I have served on the board of directors of Taishan Gypsum Co., Ltd. ("Taishan").

8. In my capacity as a director on Taishan's board of directors, I act in the best interest of Taishan.

9. BNBMPLC does not exercise management or operational control over Taishan.

10. With the exception of Tongchun Jia who held an honorary title of "deputy general manager" at BNBMPLC from August 2005 to September 2012, Taishan and BNBMPLC have never had overlapping officers or employees. Mr. Jia had no actual duties or responsibilities at BNBMPLC and performed no management functions at BNBMPLC.

11. Since BNBMPLC's acquisition of its interest in Taishan, Taishan has complied with all corporate legal requirements under Chinese law including shareholders' meetings, board meetings and corporate authorizations for major transactions.

12. BNBMPLC has never paid for Taishan's expenses.

13. BNBMPLC has never paid Taishan's employees salaries nor paid for Taishan's losses.

14. BNBMPLC has never used the same office spaces, secretarial staff and office supplies as Taishan.

15. Taishan has never acted to fulfill BNBMPLC's independent contractual obligations, and BNBMPLC has never acted to fulfill Taishan's independent contractual obligations.

16. BNBMPLC and Taishan maintain separate production facilities.

17. BNBMPLC and Taishan have manufactured products under their respective own brands.

18. Taishan has never been authorized to act as an agent of BNBMPLC in entering into contracts or binding BNBMPLC.

19. BNBMPLC has never been authorized to act as an agent of Taishan in entering into contracts or binding Taishan.

20. BNBMPLC and Taishan have their own procurement team, sign procurement contract separately and carry out procurement activities independently.

21. BNBMPLC and Taishan each have their own sales and marketing forces. There is no overlap of BNBMPLC's and Taishan's sales and marketing forces.

22. No person at BNBMPLC controls the finances of Taishan. Taishan is financially independent and is responsible for its own debt and loss.

23. BNBMPLC and Taishan have their own separate management.

24. BNBMPLC did not create or incorporate Taishan, but rather acquired an ownership interest in Taishan through BNBMPLC's subscription of the new shares issued by Taishan in 2005.

25. BNBMPLC and Taishan manage and use their own assets separately.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on April 16, 2015

YU CHEN

3

美国路易斯安那州东区联邦地区法院

| 关于：中国制造石膏板产品责任诉讼 | 案件编号：MDL NO. 2047<br>第L部分<br>**FALLON**法官<br>**WILKINSON**治安法官 |
|---|---|
| 该文件涉及：所有案件 | |

中华人民共和国
北京市

陈雨声明

本声明系根据《美国法典》第 28 编第 1746 节作出。

本人，陈雨，根据美利坚合众国法律项下的伪证处罚规定作出声明，以下陈述真实、正确：

1. 我已年满十八（18）周岁，有能力证明本声明所述事项，且本人知晓本声明中所列明的事实。我的母语为中文。我能够使用一些英语，但我的英语不流利，英语对于我而言是一门外语。我签署了本声明的中文版本以及经 Dentons U.S. LLP 律师事务所的翻译人员为我进行翻译后的英文版本。

2. 我现任北新集团建材股份有限公司（"北新建材"）总经理。我自 2009 年 8 月起在北新建材担任该等职务。我负责北新建材的日常经营和管理工作。

3. 我向北新建材的董事会报告工作。

4. 北新建材的全部三名副总经理直接向我报告工作。

5. 北新建材全面遵守中国法律项下对公司的法律规定，包括按照法律规定举行股东会会议、董事会会议，并就重要交易取得公司授权。

6. 我在北新建材集团有限公司（"北新集团"）中不任职。

7. 自 2014 年 11 月起，我担任泰山石膏股份有限公司（"泰山石膏"）的董事。

1

8. 作为泰山石膏的董事，我基于泰山石膏的最佳利益行事。

9. 北新建材没有在管理或经营上对泰山石膏施加控制。

10. 除了贾同春曾于 2005 年 8 月至 2012 年 9 月期间在北新建材担任荣誉性的"副总经理"职位，泰山石膏与北新建材之间从未有交叉任职的管理人员或员工。贾先生在北新建材不承担实际的义务和责任，并且不参与北新建材的管理。

11. 自北新建材取得其在泰山石膏的权益后，泰山石膏全面遵守中国法律项下对公司的法律规定，包括按照法律规定举行股东会会议、董事会会议，并就重要交易取得公司授权。

12. 北新建材从未为泰山石膏支付过费用。

13. 北新建材从未为泰山石膏的员工支付过工资，也从未为泰山石膏承担过损失。

14. 北新建材从未与泰山石膏共享过相同的办公场所、秘书人员及办公用品。

15. 泰山石膏从未履行过北新建材独立负担的合同义务，并且北新建材也从未履行过泰山石膏独立负担的合同义务。

16. 北新建材与泰山石膏各自拥有独立的生产基地。

17. 北新建材和泰山石膏以各自自有品牌生产产品。

18. 泰山石膏从未被授权担任北新建材的代理人签署合同或约束北新建材。

19. 北新建材从未被授权担任泰山石膏的代理人签署合同或约束泰山石膏。

20. 北新建材与泰山石膏各自拥有单独的采购团队，单独签订采购合同并独立开展采购活动。

21. 北新建材与泰山石膏各自拥有单独的销售和市场营销团队。北新建材与泰山石膏的销售团队和市场营销团队之间没有交叉任职的人员。

22. 北新建材中没有人控制泰山石膏的财务。泰山石膏财务独立，并为其自身的债务与亏损负责。

23. 北新建材与泰山石膏拥有各自独立的管理团队。

24. 北新建材并未创立或设立泰山石膏，北新建材于2005年通过认购泰山石膏发行的新股而取得泰山石膏的所有者权益。

25. 北新建材与泰山石膏分别独立管理并使用各自的资产。

本人根据美利坚合众国法律项下的伪证处罚规定作出声明，上述内容真实、正确。

于 2015 年 4 月 ___16___ 日签署

陈雨

3