UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: CHINESE-MANUFACTURED DRYWALL PRODUCTS LIABILITY LITIGATION | MDL NO. 2047<br>SECTION: L |
| THIS DOCUMENT RELATES TO:<br>All Cases | JUDGE FALLON<br>MAG. JUDGE WILKINSON |

## THE PLAINTIFFS' STEERING COMMITTEE'S OBJECTION TO NOTICE OF DEPOSITION OF JAKE WOODY AND BROWN GREER PLC

The Plaintiffs' Steering Committee ("PSC") hereby serves the following objections to the Notice of Videotaped Deposition of Jake Woody and BrownGreer PLC served by Taishan Gypsum Co., Ltd. ("Taishan") and Tai'an Taishan Plasterboard Co., Ltd. ("TTP") in the above styled litigation. The PSC makes these objections subject to the Reservation of Rights and General Objections below.

## RESERVATION OF RIGHTS

1. As to all matters referred to in the instant objection, the PSC's investigation is ongoing. The PSC reserves the right to modify and supplement its objections.

2. No statement made in connection with the notice of deposition is intended to mean that any such information or documents responsive to a given request actually exists or can be obtained without undue burden.

3. These objections are made without in any way waiving or intending to waive any objections as to the competency, relevancy, materiality, privilege, or admissibility as evidence of documents or information sought by the notice of deposition.

1

## GENERAL OBJECTIONS

1. The PSC objects to the Notice of Deposition on the ground that it requires an unreasonably short compliance period. The notice of deposition includes voluminous document requests and it will be impossible for Brown Greer PLC or Jake Woody to gather and submit the documents being requested by Taishan and TTP on or before the May 12, 2015 deadline, whereas the depositions are not scheduled until May 26, 2015.

2. The PSC objects to the Notice of Deposition, including the Instructions, Definitions, and Documents Requested, generally as purporting to impose obligations or responsibilities different from or in excess of those imposed by the Federal Rules of Civil Procedure and the applicable local rules (collectively, "Rules"). Subject to this objection, the PSC will interpret and respond to the Notice of Deposition in accordance with the Rules.

3. The PSC objects to the Notice of Deposition to the extent it calls for the production of information or documents that are privileged or otherwise protected from discovery pursuant to the attorney-client privilege, the accountant-client privilege, the work product doctrine, the consulting expert rule, the common interest doctrine, and any other applicable privilege, protection, or immunity. The PSC does not agree that the deponents should produce such information or documents protected from discovery. The PSC interprets each request to exclude all documents covered by any of the foregoing protections, and objects to any broader reading of the request.

4. The PSC objects to the Notice of Deposition to the extent it calls for the production of trade secret, proprietary, personal, commercially sensitive, or other confidential information. The PSC objects to the Notice of Deposition to the extent it seeks the production or disclosure of documents that may violate a legal or contractual obligation of non-disclosure to a third party.

5. The PSC objects to the Notice of Deposition to the extent it purports to be issued upon

Brown Greer PLC but does not identify a single subject with any particularity describing the matters for examination. This omission renders the notice fatally defective as it inhibits and prohibits Brown Greer PLC from designating any officer, director or managing agent, or other person to testify on its behalf.

      6. The PSC objects to the Documents Requested as overly broad and unduly burdensome to the extent they seek documents that are not in the possession, custody or control of Jake Woody or Brown Greer PLC, or to the extent they would require the deponents to spend an unreasonable amount of time, effort and resources in order to respond. The PSC further objects to the scope and breadth of the Notice of Deposition. Since December 27, 2010, BrownGreer has participated in all manner of capacities in this MDL. *See, e.g.*, Supplemental Order of December 27, 2010 (Rec.Doc. 6967). Taishan's demand that BrownGreer comply with Request No. 4 in one week's time is beyond cavil. The request encompasses matters including Lynn Greer's appointment as a Special Master, id., to the most recent report of BrownGreer regarding the status of settlement administration and rendering assistance to the Fee Committee. None of this material is likely to lead to admissible evidence in connection with the upcoming hearing on class damages. The request is clearly overbroad as it seeks confidential, privileged and irrelevant material.

      7. The PSC objects to the Documents Requested to the extent they call for the production of documents the discovery of which is cumulative, duplicative, or which may be obtained by Taishan and TTP from some other source that is more convenient, less burdensome, or less expensive.

      8. The PSC objects to the Documents Requested to the extent they seek documents that are publicly available or otherwise accessible to or in the possession, custody or control of Taishan and TPP, their attorneys, or their agents (e.g., through the Freedom of Information Act).

9. The PSC objects to each Document Request that assumes or appears to assume that any fact, event, or legal conclusion is true or that any characterization is accurate. No Response is an admission of any factual characterization or legal contention contained in any individual Request.

10. The PSC objects to the Documents Requested to the extent they call for information "referring to" and "relating to" a particular topic on the ground that gathering "all" documents containing any reference or relationship to a particular topic is unduly burdensome and out of proportion to the documents' potential relevance to the discovery of admissible evidence.

11. The foregoing General Objections and the Objections to the Definitions and Instructions are incorporated into each of the following specific responses. Any specific objections are in addition to these General Objections and failure to reiterate a General Objection does not constitute a waiver of that or any other objection.

## OBJECTIONS TO DEFINITIONS AND INSTRUCTIONS

1. The PSC objects to the instructions to the extent they seek to impose upon Jake Woody and Brown Greer PLC an obligation to produce documents outside of their possession, custody, or control.

2. The PSC objects to the instructions and definitions to the extent they seek disclosure of draft expert reports in violation of the Federal Rules of Civil Procedure.

3. The PSC objects to the instructions and definitions to the extent they demand production by email by 5:00 p.m. central on Tuesday, May 12, 2015. In addition to the abbreviated time frame being unreasonable, given the volume and breadth of "all" documents in every request, irrespective of relevance, the requirement that documents be produced by email is unduly burdensome, costly and harassing. Alternative means of production of voluminous documents should be accommodated, *e.g.*, DVDs, etc.

4. The PSC objects as the definitions do not define the relevant time period and each request could be understood to seek documents from the inception of the litigation until the present, such over- breadth renders the requests for documents burdensome, unduly time consuming, and too costly in proportion to the matters at issue.

5. The PSC objects that "you" and "your" are undefined and in the context of a joint notice of deposition including a Rule 30(b)(6) designee of Brown Greer PLC and Mr. Woody individually, it is confusing, overbroad and vague.

### OBJECTIONS TO SPECIFIC DOCUMENTS REQUESTED

**Request No. 1:** All of your correspondence with and all documents exchanged with Ronald Wright, P.E.

**Objections to Request No. 1:** Subject to the foregoing objections, these documents may be produced to the extent that they are in the possession of either Brown Greer PLC or Jacob Woody. However, no drafts of expert reports should be produced pursuant to Rule 26(b)(4)(B).

**Request No. 2:** All of your correspondence with and all documents exchanged with George Inglis.

**Objections to Request No. 2:** Subject to the foregoing objections, these documents may be produced to the extent that they are in the possession of either Brown Greer PLC or Jacob Woody. However, no drafts of expert reports should be produced pursuant to Rule 26(b)(4)(B).

**Request No. 3**: All of your correspondence with and all documents exchanged with Tracy Randazzo.

**Objections to Request No. 3:** Subject to the foregoing objections, these documents may be produced to the extent that they are in the possession of either Brown Greer PLC or Jacob Woody. However, no drafts of expert reports should be produced pursuant to Rule 26(b)(4)(B).

**Request No. 4**: All of your correspondence with and documents exchanged with the Plaintiffs' Steering Committee.

**Objections to Request No. 4:** In addition to the general objections, the PSC objects to this request on the grounds that the term "Plaintiff Steering Committee" is undefined. The deponents are unlikely to have had any direct communications with the Plaintiff Steering Committee as a whole, but to the extent that communications between Plaintiffs Liaison Counsel or individual members of the Plaintiffs Steering Committee exist, they may be produced provided that they bear some relevance to the matters at issue for the class June 9, 2015 class damages assessment hearing. All other communications are irrelevant and should not be produced.

**Request No. 5**: All documents, data and information in your custody regarding the Virginia settlements.

**Objections to Request No. 5:** In addition to the general objections, the PSC objects to the request for settlement documents which are publicly available and online on the District Court's website. Further, the terms "data and information" are undefined and vague, and therefore objectionable. Subject to the foregoing objections, responsive documents may be produced to the extent they there they are in the possession of the deponents.

**Request No. 6**: All updated plaintiff profile forms or "Taishan Supplemental Evidence forms," including documents and information as received by Brown Greer, as well as information regarding the timing, authorship, and transmittal of same.

**Objections to Request No. 6:** Subject to the foregoing objections, Brown Greer PLC and Jake Woody previously produced this material on May 5, 2015.

**Request No. 7**: All documents, data and information in your custody regarding the putative Taishan class claimants.

**Objections to Request No. 7:** In addition to the general objections, the PSC objects to this request on the grounds that it is overly broad and unduly burdensome. The materials

6

requested include materials subject to objections previously presented by Knauf. Also, PSC objects to the documents requested to the extent they include privileged and confidential information subject to The Health Insurance Portability and Accountability Act (HIPPA), or are confidential, including medical records and tax returns.

**Request No. 8**: With respect to all claimants in the MDL (regardless of whether they are putative Taishan class members), the following information:

* Overall average remediation cost on a per-square-foot basis

* Overall average remediation cost on a per-property basis

* Total number of properties

* Average remediation cost by ZIP code on a per-square foot basis

* Median remediation cost by ZIP code on a per-square foot basis

* Highest remediation cost by ZIP code on a per-square foot basis

* Lowest remediation cost by ZIP code on aper-square foot basis

* Average remediation cost by ZIP code on a per-property basis

*Median remediation cost by ZIP code on a per-property basis

* Highest remediation cost by ZIP code on a per-property basis

* Lowest remediation cost by ZIP code on a per-property basis

* Number of properties per ZIP code

* Overall average remediation duration on a per-property basis

* Median remediation duration on a per-property basis

* Shortest remediation duration on a per-property basis

* Longest remediation duration on a per-property basis

**Objections to Request No. 8:** In addition to the general objections, the PSC objects to

this request on the grounds that it is unduly burdensome as being duplicative of prior requests that have already been responded to by the deponents.

     **Request No. 9:** All Plaintiff Profile Forms in your custody.

     **Objections to Request No. 9:** In addition to the general objections, the PSC objects to this request on the grounds that it is unduly burdensome as being duplicative of prior requests that have already been responded to by the deponents.

Dated: May 6, 2015

Respectfully submitted,

/s/ Russ M. Herman
Russ M. Herman (LA Bar No. 6819)
Leonard A. Davis (LA Bar No. 14190)
Stephen J. Herman (LA Bar No. 23129)
HERMAN, HERMAN & KATZ, LLC
820 O'Keefe Avenue
New Orleans, Louisiana 70113
Phone: (504) 581-4892
Fax: (504) 561-6024
Ldavis@hhklawfirm.com
*Plaintiffs' Liaison Counsel*
*MDL 2047*

Arnold Levin (on the brief)
Fred S. Longer (on the brief)
Sandra L. Duggan
Matthew C. Gaughan
Levin, Fishbein, Sedran & Berman
510 Walnut Street, Suite 500
Philadelphia, PA 19106
215-592-1500 (phone)
215-592-4663 (fax)
Alevin@lfsblaw.com
*Plaintiffs' Lead Counsel*
*MDL 2047*

**PLAINTIFFS' STEERING COMMITTEE**

Dawn M. Barrios
Barrios, Kingsdorf & Casteix, LLP
701 Poydras Street, Suite 3650
New Orleans, LA 70139
Phone: (504) 524-3300
Fax: (504) 524-3313
Barrios@bkc-law.com

Daniel E. Becnel, Jr.
Becnel Law Firm, LLC
425 W. Airline Highway, Suite B
Laplace, LA 70068
Phone: (985) 536-1186
Fax: (985) 536-6445
dbecnel@becnellaw.com

Peter Prieto
Podhurst Orseck, P.A.
25 Flagler Street, 8th Floor
Miami, FL 33130
Phone: (305) 358-2800
Fax: (305) 358-2382
pprieto@podhurst.com

Bruce William Steckler
Steckler, LLP
12720 Hillcrest Road, Ste 1045
Dallas, TX 75230
Phone: (972) 387-4040
Fax: (972) 387-4041
bruce@stecklerlaw.com

Ervin A. Gonzalez
Colson, Hicks, Eidson
255 Alhambra Circle, Penthouse
Cora Gables, FL 33134
Phone: (305) 476-7400
Fax: (305) 476-7444
ervin@colson.com

Ben W. Gordon, Jr.
Levin, Papantonio, Thomas, Mitchell
 Echsner & Proctor, P.A.
316 S. Baylen Street, Suite 600
Pensacola, FL 32502
Phone: (850) 435-7000
Fax: (850) 435-7020
bgordon@levinlaw.com

Hugh P. Lambert
The Lambert Firm
701 Magazine Street
New Orleans, LA 70130
Phone: (504) 581-1750
Fax: (504) 529-2931
hlambert@thelambertfirm.com

Gerald E. Meunier
Gainsburgh, Benjamin, David, Meunier
 & Warshauer, LLC
2800 Energy Centre, 1100 Poydras Street
New Orleans, LA 70163-2800
Phone: (504) 522-2304
Fax: (504) 528-9973
gmeunier@gainsben.com

Jerrold Seth Parker
Parker Waichman, LLP
3301 Bonita Beach Road
Bonita Springs, FL 34134
Phone: (239) 390-1000
Fax: (239) 390-0055
Jerry@yourlawyer.com

Scott Wm. Weinstein
Morgan & Morgan
12800 University Drive, Suite 600
Ft. Meyers, FL 33907
Phone: (239) 433-6880
Fax: (239) 433-6836
sweinstein@forthepeople.com

James Robert Reeves
Reeves & Mestayer, PLLC
160 Main Street
Biloxi, MS 39530
Phone: (228) 374-5151
Fax: (228) 374-6630
jrr@attorneys4people.com

Christopher Seeger
Seeger Weiss, LLP
77 Water Street
New York, NY 10005
Phone: (212) 584-0700
Fax: (212) 584-0799
cseeger@seegerweiss.com

Victor M. Diaz, Jr.
V.M. Diaz and Partners, LLC
119 Washington Ave, Suite 402
Miami Beach, FL 33139
Phone: (305) 704-3200
Fax: (305) 538-4928
victor@diazpartners.com

Daniel K. Bryson
Whitfield, Bryson & Mason, LLP
900 W. Morgan Street
Raleigh, NC 27603
Phone: (919) 600-5000
Fax: (919) 600-5002
dan@wbmllp.com

Richard J. Serpe
Law Offices of Richard J. Serpe
Crown Center, Ste. 310
580 East Main Street
Norfolk, VA 23510-2322
Phone: (757) 233-0009
Fax: (757) 233-0455
rserpe@serpefirm.com

**OF COUNSEL TO PLAINTIFFS' STEERING COMMITTEE**

Richard S. Lewis
HAUSFELD LLP
1700 K Street, N.W Suite 650
Washington, DC 20006
Phone: (202) 540-7200
Fax: (202) 540-7201
rlewis@hausfeldllp.com

Andrew A. Lemmon
Lemmon Law Firm, LLC
P.O. Box 904
15058 River Road
Hahnville, LA 70057
Phone: (985) 783-6789
Fax: (985) 783-1333
andrew@lemmonlawfirm.com

Anthony D. Irpino
IRPINO LAW FIRM
2216 Magazine Street
New Orleans, LA 70130
Phone: (504) 525-1500
Fax: (504) 525-1501
airpino@irpinolaw.com

## **CERTIFICATE OF SERVICE**

  I hereby certify that the above and foregoing has been served on Defendants' Liaison Counsel, Kerry Miller, by e-mail and upon all parties by electronically uploading the same to LexisNexis File & Serve in accordance with Pre-Trial Order No. 6, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2047 on this 6th day of May, 2015.

            /s/ Leonard A. Davis
            Leonard A. Davis
            HERMAN, HERMAN & KATZ, LLP
            820 O'Keefe Avenue
            New Orleans, Louisiana 70113
            Phone: (504) 581-4892
            Fax: (504) 561-6024
            Ldavis@hhklawfirm.com
            Plaintiffs' Liaison Counsel
            MDL 2047

            *Co-counsel for Plaintiffs*