IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE:  CHINESE-MANUFACTURED DRYWALL PRODUCTS LIABILITY LITIGATION | MDL NO. 2047 SECTION: L JUDGE FALLON MAG. JUDGE WILKINSON |
| THIS DOCUMENT RELATES TO: ALL ACTIONS | |

MEMORANDUM OF LAW IN SUPPORT OF THE PLAINTIFF'S
STEERING COMMITTEE'S EMERGENCY MOTION FOR A PROTECTIVE ORDER
REGARDING THE DEPOSITIONS OF BROWNGREER PLC AND JAKE WOODY

## I.    INTRODUCTION

The Plaintiff's Steering Committee ("PSC"), on behalf of all plaintiffs in the MDL 2047,

have moved against Taishan Gypsum Co., Ltd. ("Taishan") and Tia'an Taishan Plasterboard Co.,

Ltd. ("TTP") on an emergent basis for a protective order from their confusing, overreaching and

unduly burdensome Notice of Videotaped Deposition of Jake Woody and BrownGreer PLC

(Rec.Doc. 18816).  This notice purports to have been issued pursuant to both Rules 26 and

30(b)(6).  To the extent the notice is intended to alert BrownGreer of the need to designate a

witness to testify on its behalf, the notice fails to provide any "reasonable particularity" of the

"matters for examination" demanded by rule.  On the other end of the spectrum, the notice is

unduly broad going so far as to request all communications between BrownGreer and the PSC

from the beginning of dawn until the present.  The lack of restraint demonstrated by Taishan's

notice of deposition must be reigned in.  For the reasons set forth below, the motion should be

granted.

1

## II.   **ARGUMENT**

The Taishan Defendants issued their Notice of Deposition on May 4, 2015.  For convenience, the Notice of Deposition is attached hereto as Exhibit "A".  The Notice of Deposition is objectionable for a number of reasons, and the PSC has separately served objections to the Notice of Depositions, which are attached hereto as Exhibit "B."  This motion addresses two overarching concerns regarding the absence of Rule 30(b)(6) designations and overbreadth.  Each concern will be addressed briefly.

First, the Notice instructs BrownGreer to designate a witness to testify on its behalf "concerning the topics identified in Exhibit A."  However, no exhibit was attached, leaving the PSC and BrownGreer to speculate as to the subjects of interrogation.  Rule 30(b)(6) requires more specificity.  In fact, the Rule demands that such a notice "must describe with reasonable particularity the matters for examination." Fed.R.Civ.P. 30(b)(6).  Here, no particularity whatsoever was provided by Taishan.  This oversight makes the notice fatally defective as to BrownGreer PLC.[1]

Second, the Notice instructs that both BrownGreer and Jake Woody are to produce documents by "5:00 PM Central on Tuesday, May 12, 2015," although the depositions themselves are to take place on May 26, 2015.  Compounding the difficulties presented by the incredibly compressed time frame (8 days) in which to respond to the requests, the Notice of

---

[1]In addition, neither BrownGreer nor Jake Woody are parties to this litigation.  Some of the documents requested by Taishan touch upon highly confidential and work-product protected materials that may not disclosed without authority of the Court.  It is highly irregular that BrownGreer is not being subpoenaed, or that leave of court is not being requested by Taishan to obtain the mass of protected documents sought by their requests.  Unless and until relief from this Court is obtained, the material requested should not be produced.

Deposition seeks the full gamut of whole categories of documents, whether relevant to the June 9, 2015 Damages Hearing or not.

For example, Request No. 4 seeks: "All of your correspondence with and documents exchanged with the Plaintiffs' Steering Committee." This request is incredible in both its scope and breadth. Since December 27, 2010, BrownGreer has participated in all manner of capacities in this MDL. *See, e.g.,* Supplemental Order of December 27, 2010 (Rec.Doc. 6967). Taishan's demand that BrownGreer comply with Request No. 4 beyond cavil. The request encompasses matters including Lynn Greer's appointment as a Special Master, *id.,* to the most recent report of BrownGreer regarding the status of settlement administration, and assisting the PSC Fee Committee in its on-going efforts. The efforts of BrownGreer to support the Fee Committee involves highly confidential and work-product material that is completely separate from the merits of this litigation, and, frankly is none of the Taishan Defendants' business. None of this material is likely to lead to admissible evidence in connection with the upcoming hearing on class damages. The request is therefore clearly overbroad as it seeks confidential, privileged and irrelevant material. It should be stricken, or constrained in time and scope to the matters at issue on June 9, 2015.

And Request No. 4 is but one example. Six other requests similarly seek "all" documents. Consider:

Request No. 1 seeks, "All of your correspondence with and all documents exchanged with Ronald Wright."

3

Request No. 2 seeks: "All of your correspondence with and all documents exchanged with George Inglis, P.E."[2]

Request No. 3 seeks: "All of your correspondence with and all documents exchanged with Tracy Randazzo."

Request No. 5 seeks: "All documents, data and information in your custody regarding the Virginia settlements."

Request No. 7 seeks: "All documents, data and information in your custody regarding the putative Taishan class claimants."

The Notice of Deposition is plainly overbroad for seeking "all" such documents.

---

[2]To the extent Defendants contend that communications between BrownGreer and Inglis are not protected because BrownGreer is a non-party, that argument cannot extend to Inglis' draft work product attached to those communications. *Whole Women's Health v. Lakey*, 301 F.R.D. 266, 271 (W.D. Tex. 2014), is particularly on point. In that case, the Western District of Texas considered a motion to compel discovery of documents concerning communications between an expert and a non-party consultant whose relationship to the defendants and defense expert was unclear. Although the court concluded that communications between the defense expert and the non-party consultant must be produced, the court "permitted State Defendants to withhold from discovery communications related to any draft reports or disclosures of its testifying experts as well as any communications between the States' counsel and the testifying experts." *Id.* at 271 (holding that "communications between State Defendants' testifying experts and [the non-party] are discoverable, except as provided in Rules 26(b)(4)(B)-(C)."). Under the holding and reasoning of *Whole Women's Health*, defendants are not entitled to draft expert reports included in communications between Inglis and BrownGreer, but withheld because they are protected under Rule 26.

4

### III.  **CONCLUSION**

For the reasons set forth above, the PSC's Emergency Motion for a Protective Order

should be granted.

Dated: May 6, 2015

Respectfully submitted,

/s/ Russ M. Herman
Russ M. Herman (LA Bar No. 6819)
Leonard A. Davis (LA Bar No. 14190)
Stephen J. Herman (LA Bar No. 23129)
HERMAN, HERMAN & KATZ, LLC
820 O'Keefe Avenue
New Orleans, Louisiana 70113
Phone: (504) 581-4892
Fax: (504) 561-6024
Ldavis@hhkc.com
*Plaintiffs' Liaison Counsel*
*MDL 2047*

Arnold Levin (on the brief)
Fred S. Longer (on the brief)
Sandra L. Duggan
Matthew C. Gaughan
Levin, Fishbein, Sedran & Berman
510 Walnut Street, Suite 500
Philadelphia, PA 19106
215-592-1500 (phone)
215-592-4663 (fax)
Alevin@lfsblaw.com
*Plaintiffs' Lead Counsel*
*MDL 2047*

## PLAINTIFFS' STEERING COMMITTEE

Dawn M. Barrios
Barrios, Kingsdorf & Casteix, LLP
701 Poydras Street, Suite 3650
New Orleans, LA 70139
Phone: (504) 524-3300
Fax: (504) 524-3313
Barrios@bkc-law.com

Daniel E. Becnel, Jr.
Becnel Law Firm, LLC
425 W. Airline Highway, Suite B
Laplace, LA 70068
Phone: (985) 536-1186
Fax: (985) 536-6445
dbecnel@becnellaw.com

Peter Prieto
Podhurst Orseck, P.A.
25 Flagler Street, 8th Floor
Miami, FL 33130
Phone: (305) 358-2800
Fax: (305) 358-2382
pprieto@podhurst.com

Bruce William Steckler
Steckler, LLP
12720 Hillcrest Road, Ste 1045
Dallas, TX 75230
Phone: (972) 387-4040
Fax: (972) 387-4041
bruce@stecklerlaw.com

Scott Wm. Weinstein
Morgan & Morgan
12800 University Drive, Suite 600
Ft. Meyers, FL 33907
Phone: (239) 433-6880
Fax: (239) 433-6836
sweinstein@forthepeople.com

Ervin A. Gonzalez
Colson, Hicks, Eidson
255 Alhambra Circle, Penthouse
Cora Gables, FL 33134
Phone: (305) 476-7400
Fax: (305) 476-7444
ervin@colson.com

Ben W. Gordon, Jr.
Levin, Papantonio, Thomas, Mitchell
 Echsner & Proctor, P.A.
316 S. Baylen Street, Suite 600
Pensacola, FL 32502
Phone: (850) 435-7000
Fax: (850) 435-7020
bgordon@levinlaw.com

Hugh P. Lambert
The Lambert Firm
701 Magazine Street
New Orleans, LA 70130
Phone: (504) 581-1750
Fax: (504) 529-2931
hlambert@thelambertfirm.com

Gerald E. Meunier
Gainsburgh, Benjamin, David, Meunier
 & Warshauer, LLC
2800 Energy Centre, 1100 Poydras Street
New Orleans, LA 70163-2800
Phone: (504) 522-2304
Fax: (504) 528-9973
gmeunier@gainsben.com

Jerrold Seth Parker
Parker Waichman, LLP
3301 Bonita Beach Road
Bonita Springs, FL 34134
Phone: (239) 390-1000
Fax: (239) 390-0055
Jerry@yourlawyer.com

James Robert Reeves
Reeves & Mestayer, PLLC
160 Main Street
Biloxi, MS 39530
Phone: (228) 374-5151
Fax: (228) 374-6630
jrr@attorneys4people.com

Christopher Seeger
Seeger Weiss, LLP
77 Water Street
New York, NY 10005
Phone: (212) 584-0700
Fax: (212) 584-0799
cseeger@seegerweiss.com

Daniel K. Bryson
Whitfield, Bryson & Mason, LLP
900 W. Morgan Street
Raleigh, NC 27603
Phone: (919) 600-5000
Fax: (919) 600-5002
dan@wbmllp.com

Richard J. Serpe
Law Offices of Richard J. Serpe
Crown Center, Ste. 310
580 East Main Street
Norfolk, VA 23510-2322
Phone: (757) 233-0009
Fax: (757) 233-0455
rserpe@serpefirm.com

Victor M. Diaz, Jr.
V.M. Diaz and Partners, LLC
119 Washington Ave, Suite 402
Miami Beach, FL 33139
Phone: (305) 704-3200
Fax: (305) 538-4928
victor@diazpartners.com

## OF COUNSEL TO PLAINTIFFS' STEERING COMMITTEE

Richard S. Lewis
HAUSFELD LLP
1700 K Street, N.W
Suite 650
Washington, DC 20006
Phone: (202) 540-7200
Fax: (202) 540-7201
rlewis@hausfeldllp.com

Anthony D. Irpino
IRPINO LAW FIRM
2216 Magazine Street
New Orleans, LA 70130
Phone: (504) 525-1500
Fax: (504) 525-1501
airpino@irpinolaw.com

Andrew A. Lemmon
Lemmon Law Firm, LLC
P.O. Box 904
15058 River Road
Hahnville, LA 70057
Phone: (985) 783-6789
Fax: (985) 783-1333
andrew@lemmonlawfirm.com

## CERTIFICATE OF SERVICE

I hereby certify that the above and foregoing has been served on Defendants' Liaison Counsel, Kerry Miller, by e-mail and upon all parties by electronically uploading the same to LexisNexis File & Serve in accordance with Pre-Trial Order No. 6, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2047 on this 6th day of May, 2015.

/s/ Leonard A. Davis
Leonard A. Davis
HERMAN, HERMAN & KATZ, LLP
820 O'Keefe Avenue
New Orleans, Louisiana 70113
Phone: (504) 581-4892
Fax: (504) 561-6024
Ldavis@hhkc.com
Plaintiffs' Liaison Counsel
MDL 2047

*Co-counsel for Plaintiffs*

9