# 路易斯安那州东区
# 美国地区法院

| | |
|---|---|
| EDUARDO 和 CARMEN AMORIN，个人，并且代表类似情形的所有其他人， | 案件编号 2:14-cv-1727 |
| 原告 | 第 L 节 Mag 2 |
| 起诉 | 集体诉讼起诉书 |
| 国务院国有资产监督管理委员会； 泰山石膏股份有限公司，原名山东泰和东新股份有限公司；泰安市泰山纸面石膏板有限公司；北新集团建材股份有限公司；中国建材股份有限公司； 北新（集团）建材股份有限公司； 中国建筑材料集团公司， 被告。 | 要求陪审团审案 |

## 综合合并集体诉讼起诉书（十九）

本起诉书中的中国被告，国务院国有资产监督管理委员会（"SASAC"）、泰山石膏股份有限公司、原名山东泰和东新股份有限公司（"泰山"）、北新集团建材股份有限公司（"BNBM"）、中国建材股份有限公司（"CNBM"）、北新（集团）建材股份有限公司（"BNBM 集团"）、中国建筑材料集团公司（CNBM 集团）、以及泰安市泰山纸面石膏板有限公司（"TTP"），充分利用美国市场，向在全美销售有缺陷的石膏板，却在被要求对他们给成千上万的美国物业业主造成的伤害负责时躲避对他们的产品所负的责任。这些被告在该市场向原告营销和销售有缺陷的石膏板获利后懦弱和无耻地躲避他们

1

的义务。为了使被告负起责任，原告获得了针对泰山石膏的缺席判决以及针对其附属公司和子公司、BNBM、CNBM、BNBM 集团、CNBM 集团以及 TTP 的初步缺席判决。控制性和相关的中国被告准许泰山和 TTP 参与了仅对联邦司法部门的权力和司法管辖权提出质疑和争论的诉讼。然而，这些附属公司和子公司甚至拒绝承认对他们提出的法律诉讼，拒绝接受针对他们的缺席判决。泰山和 TTP 对地区法院具有属人司法管辖权的裁决提出上诉之后，这些公司向美国第五巡回区上诉法院提出了四项上诉，对地区法院的判令提出质疑。泰山和 TTP 的每一项上诉都败诉了。然后，在地区法院命令他们出席关于缺席判决的判定债务人讯问时，泰山解雇了律师，并且故意不服从法院命令。这种对联邦司法部门权力的不尊重立即遭来泰山及其相关公司藐视法院的命令。

2014 年 7 月 17 日，地区法院严厉处理了泰山的拒绝出庭。法院裁定泰山在民事上和刑事上均藐视法院。"这种不服从法院命令的行为伤害了本案的许多其他当事人以及法院的体面，"地区法院裁定。地区法院接着处罚了泰山，命令该公司向原告的律师支付 15,000 美元的律师费，支付 40,000 美元的藐视罚金，禁止泰山及其任何附属公司或子公司在参与司法诉讼之前在美国从事任何商务，并且如果违反该禁制令，则对违反该命令的该公司或其相关公司在违反命令的年份赚取的利润处以 25% 的罚款。

这项诉讼寻求使子公司和附属公司、缺席的泰山被告的母公司、SASAC 负责任。SASAC 监督从事石膏板生产的企业的国有资产，包括泰山。SASAC 监督 150 家大型国有资产和企业，包括 CNBM 集团。SASAC 拥有 CNBM 集团的 100%。CNBM 集团拥有 CNBM 的 56.4%和 BNBM 的 75%。依次，BNBM 拥有泰山的 65%。因为其控制权益，SASAC 控制了被地区法院裁决貌视法院的所有泰山附属公司和子公司。以上所列的每一个相关的被告貌视法院。

因为所有的被告彼此教唆并且一致行动，每一个被告貌视地区法院 2014 年 7 月 17 日的命令。此外，由于这种一致行动，所有这些被告集体（连带）负责赔偿原告超过 15 亿美元的损害赔偿金。

根据《联邦民事诉讼规则》第 23 条的规定，Eduardo 和 Carmen Amorin 是本诉讼中约 3,700 名代表原告中的指定集体诉讼代表，他们提出诉讼是代表自己和其房屋包含有问题的中国制造石膏板的所有其他类似情形的业主和居民，这些石膏板是被告或他们的相关公司设计、制造、进口、经销、交付、供应、营销、检验或出售的。每一名集体诉讼代表追求针对泰山、TTP、BNBM、BNBM（集团）、CNBM 以及 CNBM（集团）和 SASAC（统称"泰山附属被告"）的全国性集体诉讼。

## 司法管辖权、当事人和诉讼地点

1. 根据《美国法典》第 28 卷 1332(d)(2)款和《集体诉讼公平法》（"CAFA"）的规定，本法院具有原始司法管辖权。参阅《美国法典》都 28 卷 1711 等节。原告和这些诉讼中的一些被告是不同州的公民，并且争议金额超过五百万美元（5,000,000.00 美元），不包括利息和规费。

2. 本地区的诉讼地点符合《美国法典》第 28 卷 1391(b)(1)-(2)和(c)款的要求，因为原告和大量的缺席集体成员住在本司法管辖区，并且造成这些索赔的大量事件和事故发生在本区，或者作为这项诉讼标的的大部分房屋位于本区。根据《美国法典》第 28 卷 1407 节的规定以及 2009 年 6 月 15 日多地区诉讼司法小组（"JPML"）的转移令，本地区也是适当的诉讼地点。参阅《关于：中国制造石膏板产品赔偿责任诉讼》，626 F. Supp. 2d 1346（J.P.M.L. 2009 年 6 月 15 日）。

## 原告

3. 原告 Eduardo 和 Carmen Amorin 是佛罗里达州居民，他们共同拥有房屋，位于 240 West End Drive, Bldg. 7, Unit 721, Punta Gorda, Florida 33950。原告遭受了被告经销的石膏板造成的损害，并且作为相似情形的个人的集体诉讼代表参与。

4. 为了清楚起见，原告代表所有标的房屋的业主和居民提出索赔，包括但不限于没有作为列名原告出现在本案中的标的房屋的未成年人和其他居民。

5. 本案原告也代表涉及泰山被告的以前的起诉书中的所有原告提出索赔。这些原告包括

但不限于在下列案件中对泰山被告提出索赔的原告：Kenneth 和 Barbara Wiltz 等起诉北新集团建材股份有限公司等，民事案件号码 10-361；Gross 等起诉 Knauf Gips, KG, d 等，民事案件号码 09-6690；Kenneth Abel 等起诉泰山石膏股份有限公司，原名山东泰和东新股份有限公司等，民事案件号码 11-080；Laura, Daniel 和 Irene Haya 等起诉泰山石膏股份有限公司，原名山东泰和东新股份有限公司等，民事案件号码 11-1077；以及 Germano 等起诉泰山石膏股份有限公司，原名山东泰和东新股份有限公司等，民事案件号码 9-6687。特别是，原告通过提及完整纳入（包括各原告）Amorin 起诉泰山石膏股份有限公司，原名山东泰和东新股份有限公司等，民事案件号码 2:11-cv-1395(E.D.La.)的起诉书和干预起诉书[以下简称"Amorin MDL 2047 起诉书"]和第十六综合合并参与起诉书（档案文件号码 16227）中的指控。

被告

6. Amorin MDL 2047 起诉书关于被告泰山、TTP、BNBM、BNBM 集团、CNBM、CNBM 集团和 SASAC 的指控，即 20-22 段、26-30 段，在此纳入本节，并且被明确采纳。

7. SASAC 是一家在多州经商的外国公司，包括但不限于路易斯安那州、阿拉巴马州、佛罗里达州、密西西比州、德克萨斯州、北卡罗莱纳州和弗吉尼亚州。根据信息并且相信，被告 SASAC 连同相关公司及（或）实际或显然的代理制造、销售、经销、营销了石膏板，把该产品投入商业流通中，预期石膏板会被各州成千上万的消费者购买，包括但不限于路易斯安那州、阿拉巴马州、佛罗里达州、密西西比州、德克萨斯州、

北卡罗莱纳州和弗吉尼亚州。根据信息并相信，被告持续和系统地把石膏板经销和销售给美国的众多购买者，并且他们的石膏板安装在美国的众多房屋中。

8. 在外国被告被视为外国主权实体的情况下，包括但不限于泰山、TTP、BNBM、BNBM 集团、CNBM、CNBM 集团和 SASAC，原告根据《美国法典》第 28 卷 1605(a)(2)款《外国主权豁免法》的商业活动例外或第 1605(a)(5)款的侵权行为例外的规定针对这些实体提出了他们的索赔。原告声称，针对外国被告的索赔是基于与 CNBM USA Corp，BNBM American 和 United Suntech 等实体在美国从事的商业活动。索赔还寻求外国赔偿在美国发生的财产损害的金钱损害赔偿，这类损害是该外国或该外国的任何官员或雇员在行使职权时的侵权行为或不作为所造成的。

关于被告行为的事实

9. SASAC 鉴于其监督和控制的权力，通过其他泰山附属公司和子公司过失地造成了本诉讼中争议的有问题的石膏板的设计、制造、进口、经销、交付、供应、营销、检验或销售，Amorin MDL 2047 起诉书 86-118 段对此作了更详细的说明。

集体诉讼指控

10. 根据《联邦民事诉讼规则》第 23(a)、(b)(1)、(b)(2)、(b)(3)及（或）23(c)(4)款的规定，

所有的原告代表自己和下列集体提出这项集体诉讼：

> 位于美国的含有被告制造、销售、经销及（或）供应的有问题的中国石膏板的房屋的所有业主和居民（过去的和现在的）。

11. 下列人员排除在集体之外：（1）被告以及他们的子公司、附属公司、管理人员和雇员；（2）所有及时选择排除在提议集体之外的人员；（3）政府实体；以及（4）被分配负责本案的法官及其直系亲属。

12. 根据信息并且相信，被告的有问题和具有不合理危险性的石膏板被安装在原告和集体成员拥有的至少 3,700 个住房、居所或其他结构中。因此，该集体的数量十分庞大，因此把该集体的所有成员结合到单一诉讼中成为不切实际。

13. 有很多法律和事实的共同问题支配仅影响集体中的单个成员的问题。这些共同的法律和事实问题包括：

   a. 被告是否在聘请和解雇泰山的律师、藐视地区法院的出席判定债务人讯问命令的决策中彼此教唆或一致行动；

   b. 被告的石膏板是否有问题及（或）不适合预定用途；

   c. 被告是否对侵权制造、出口、进口、经销、交付、供应、检验、营销及（或）销售有问题的石膏板产品负有连带责任，除了须对聘请和解雇泰山的律师及（或）藐视地区法院的出席判定债务人讯问命令负责任外；

  d. 由于被告的非法和侵权行为，原告是否有权获得赔偿性、惩罚性、附带性、间接性损害赔偿及（或）其他损害赔偿；以及

  e. 由于被告的非法和侵权行为，原告是否有权获得禁令及（或）衡平法上的救济。

14. 列名原告的诉因与其他集体成员的诉因相同。列名原告与其他集体成员享有同意的合法权益和合法救济需要。

15. 列名原告是该集团的充分代表。与他们的律师一起，每一名列名原告将公平和充分波爱好集体成员的权益。列名原告与集体没有已知的冲突，并且致力于在本案中大力起诉。

16. 本起诉书的签名律师是合格的律师，具有涉及伤害性产品的集体诉讼、大规模侵权和复杂诉讼的经验。律师将公平和充分保护集体的权益。

17. 这项诉讼声称的各种索赔根据《联邦民事诉讼规则》第 23(b)(1)款的规定是可以证明的，因为由单个集体成员或者针对单个集体成员起诉单独案件会带来对单个集体成员

的不一致的或各种各样的判决，这会建立对集体的对造方的不兼容的行为标准；或者作为一个实际万台，对于单个集体成员的判决将会处置被单个判决当事人的其他集体成员的权益，或者会实质上损害或阻碍他们保护自己权益的能力。

18. 根据《联邦民事诉讼规则》第 23(b)(2)款的规定，本案的禁令救济索赔是可以证明的。被告基于普遍适用集体的理由有所作为或者拒绝作为，因素最终禁令救济对整个集体是适当的。

19. 在本案中，集体诉讼优于其他的解决争议方法。集体成员因为他们重叠的权利具有集体裁决权益，而不是单个裁决权益。把这些索赔的解决集中在这个单一诉讼地非常可取，因为如果没有这些其他诉讼案件，受影响的集体成员将非常困难并且极为不可能保护他们自己的权利。对集体诉讼的关联比对单个诉讼的关联更有效并且优越得多。因此，原告合法索赔是根据《规则》第 23(b)(3)款是可以证明的。

20. 集体成员的索赔的特别共同的问题，其中一些在上文已经确定，也可以根据《联邦民事诉讼规则》第 23(c)(4)款进行证明，因为这些问题的解决会实质性推进该诉讼，并且这些问题的集体解决优于在单独审案中这些问题的重复诉讼。

## 第一至十项诉因

21. 原告采用和重申 Amorin MDL 2047 起诉书 130-220 段第一至十项诉因表达的法律理论，陈述基于下列的索赔：本身过失、严格责任、违反明示及（或）默示担保、买卖

无效、路易斯安那州产品责任法、私人滋扰、违反消费者保护法、公平和禁令救济。

### 要求陪审团审案

原告个人并且代表集体成员在此要求对本案所有的有权可深了事项由陪审团审理。

### 请求救济

因此，原告代表自己和所有相似情形的其他人要求连带地针对被告获取：

a. 一项证明本诉讼为集体诉讼的命令；

b. 一项证明集体的命令；

c. 一项指定原告为该集体的集体代表的命令；

d. 一项指定下述签名律师及其律师事务所为该诉讼集体的律师的命令；

e. 赔偿性和法定损害赔偿；

f. 法律允许的惩罚性损害赔偿；

g. 法律允许的判决前后的利息；

h. 禁令救济；

i. 法律允许的律师费裁决；

j. 应纳税成本裁决；及

k. 本法院认定正当和适当的任何和所有其他救济。

敬呈，

日期：2014 年 7 月 29 日

/s/ Leonard A. Davis
Russ M. Herman 律师（路易斯安那州律师协会号码 6819）
Leonard A. Davis 律师（路易斯安那州律师协会号码 14190）
Stephen J. Herman 律师（路易斯安那州律师协会号码 23129）
HERMAN, HERMAN & KATZ, LLC
820 O'Keefe Avenue
New Orleans, Louisiana 70113
电话：(504) 581-4892
传真：(504) 561-6024
LDavis@hhklawfirm.com
原告的联络律师
MDL 2047

Arnold Levin
Fred S. Longer
Matthew C. Gaughan
Levin, Fishbein, Sedran & Berman
510 Walnut Street, Suite 500
Philadelphia, PA 19106
215-592-1500（电话）
215-592-4663（传真）
Alevin@lfsblaw.com
原告的首席律师
MDL 2047

原告指导委员会

| | |
|---|---|
| Dawn M. Barrios<br>Barrios, Kingsdorf & Casteix, LLP<br>701 Poydras Street, Suite 3650<br>New Orleans, LA 70139<br>电话：(504) 524-3300<br>传真：(504) 524-3313<br>Barrios@bkc-law.com | Daniel E. Becnel, Jr.<br>Becnel Law Firm, LLC<br>425 W. Airline Highway, Suite B<br>Laplace, LA 70068<br>电话：(985) 536-1186<br>传真：(985) 536-6445<br>dbecnel@becnellaw.com |

Peter Prieto
Podhurst Orseck, P.A.
25 Flagler Street, 8th Floor
Miami, FL 33130
电话：(305) 358-2800
传真：(305) 358-2382
pprieto@podhurst.com

Bruce William Steckler
Steckler, LLP
12720 Hillcrest Road, Ste 1045
Dallas, TX 75230
电话：(972) 387-4040
传真：(972) 387-4041
bruce@stecklerlaw.com

Ervin A. Gonzalez
Colson, Hicks, Eidson
255 Alhambra Circle, Penthouse
Cora Gables, FL 33134
电话：(305) 476-7400
传真：(305) 476-7444

Ben W. Gordon, Jr.
Levin, Papantonio, Thomas, Mitchell
Echsner & Proctor, P.A.
316 S. Baylen Street, Suite 600
Pensacola, FL 32502
电话：(850) 435-7000
传真：(850) 435-7020
bgordon@levinlaw.com

Hugh P. Lambert
Lambert and Nelson
701 Magazine Street
New Orleans, LA 70130
电话：(504) 581-1750
传真：(504) 529-2931
hlambert@lambertandnelson.com

Gerald E. Meunier
Gainsburgh, Benjamin, David, Meunier
& Warshauer, LLC
2800 Energy Centre, 1100 Poydras Street
New Orleans, LA 70163-2800
电话：(504) 522-2304
传真：(504) 528-9973
gmeunier@gainsben.com

Jerrold Seth Parker
Parker Waichman, LLP
3301 Bonita Beach Road,
Bonita Springs, FL 34134
电话：(239) 390-1000
传真：(239) 390-0055
Jerry@yourlawyer.com

Scott Wm. Weinstein
Morgan & Morgan
12800 University Drive, Suite 600
Ft. Meyers, FL 33907
电话：(239) 433-6880
传真：(239) 433-6836
sweinstein@forthepeople.com

James Robert Reeves
Reeves & Mestayer, PLLC
160 Main Street
Biloxi, MS 39530
电话：(228) 374-5151
传真：(228) 374-6630
jrr@attorneys4people.com

Christopher Seeger
Seeger Weiss, LLP
77 Water Street
New York, NY 10005
电话：(212) 584-0700
传真：(212) 584-0799
cseeger@seegerweiss.com

Daniel K. Bryson
Whitfield, Bryson & Mason. LLP
900 W. Morgan Street
Raleigh, NC 27603
电话：(919) 600-5000
传真：(919) 600-5002
dan@wbmllp.com

Richard J. Serpe, Esquire
Law Offices of Richard J. Serpe
Crown Center, Ste. 310
580 East Main Street
Norfolk, VA 23510-2322
电话：(757) 233-0009
传真：(757) 233-0455
rserpe@serpefirm.com

Victor M. Diaz, Jr., Esquire
V.M. Diaz and Partners, LLC
119 Washington Ave, Suite 402
Miami Beach, FL 33139
电话：(305) 704-3200
传真：(305) 538-4928
victor@diazpartners.com

原告的指导委员会的律师

Richard S. Lewis
HAUSFELD LLP
1700 K Street, N.W.
Suite 650
Washington. DC 20006
电话：(202) 540-7200
传真：(202) 540-7201
rlewis@hausfeldllp.com

Andrew A. Lemmon
Lemmon Law Firm, LLC
P.O. Box 904
15058 River Road
Hahnville, LA 70057
电话：(985) 783-6789
传真：(985) 783-1333
andrew@lemmonlawfirm.com

Anthony D. Irpino
IRPINO LAW FIRM
2216 Magazine Street
New Orleans, LA 70130
电话：(504) 525-1500
传真：(504) 525-1501
airpino@irpinolaw.com