# ［美国］1976年外国主权豁免法
# （公法 94—583，1976年10月21日）

为了规定美国法院对外国的诉讼管辖和在何种情况下可对外国免予起诉或不扣押其财产，以及为其他目的而制定的法律。

美利坚合众国参议院和众议院在国会集会，规定本法称为《1976年外国主权豁免法》。

第2条 1．修正美国法典第28编第85章，在第1331条之前增订下列新条款：
**第1330条 对外国的诉讼**
"1．对本编第1603条第1款所指的外国进行非陪审的民事诉讼，不论争议的数额大小，只要按照本编第1605条至第1607条或者任何可以适用的国际协定的规定，在对人诉讼中的求偿问题上该外国不能享受豁免的，地区法院对它既具有初审管辖权。
"2．凡按照第1款规定属地区法院管辖的每项赔偿要求，如已经按照本编第1608条规定送达传票的，地区法院对外国本身的管辖权（指要求被告人出庭）应继续存在。
"3．在第2款的适用上，某外国的出庭，对于不是由于本编第1605条至第1607条所列举的交易活动或事件所引起的任何求偿问题，并未授予地区法院对该外国本身的管辖权。"
2．在本章的"章的分析"中，在"第1331条 联邦问题；争议数额；诉讼费"之前，增订下述新项目："第1330条 对外国的诉讼"。

第3条 修正美国法典第28编第1332条。删去该条第1款（2）和（3），并用下列各项代替之：
"（2）某州的公民及某外国的公民或属民；
"（3）不同州的公民和成为追加当事人的某外国公民或属民；

"（4）本编第1603条第1款所规定的外国作为原告人，以及某州的公民或不同州的公民。"

第4条 1. 修正美国法典第28编。在第95章之后增订新的一章如下：
"第97章 在管辖上的外国的豁免权
"第1602条 查明事实和宣布宗旨
"第1603条 定义
"第1604条 关于外国不受（美国）管辖的豁免
"第1605条 对于外国享有管辖豁免权的一般例外
"第1606条 责任的范围
"第1607条 反诉
"第1608条 送达；答辩时间；缺席判决
"第1609条 对外国财产扣押和执行的豁免
"第1610条 对于扣押豁免和执行豁免的例外
"第1611条 对某类财产的执行豁免

"第1602条 查明事实和宣布宗旨
国会认为，美国法院就外国要求从该法院取得管辖豁免权一事所作的决定应有利于公平正义并保护外国和在美国法院诉讼的当事人的权益。按照国际法，各国就其商业活动而言，是不能在外国法院里取得管辖豁免的，而且为执行与它们的商业活动有关的判决，可以扣押外国的商业财产。今后，凡外国提出豁免权的要求，应当由联邦法院及各州法院按本章规定的原则决定之。

"第1603条 定义
"在本章的适用上，
"1. 除本编第1608条所使用者外，'外国'包括外国的政治分机构或者第2款所规定的某外国的代理机构或媒介。
"2. '外国的代理机构或媒介'是指下列任何一个实体：
"（1）独立的社团法人或非社团法人。

2

"（2）外国机关或该机关的政治分机构，或其大多数股份或其他所有权属于外国或其政治分机构的。

"（3）既非本编第1332条第3款和第4款所规定的美国某州公民，亦非依照任何第三国法律设立的实体。

"3.'合众国'包括受美国管辖的全部领土、水域、大陆或岛屿。

"4.'商业活动'，是指某种正常做法的商业行为，或是指某种特殊的商业交易或行动。是否是商业性的活动，应当根据行为的做法的性质，或特殊的交易和行动的性质决定，而不是根据其目的。

"5.'外国在美国进行的商业活动'是指该国所进行的与美国有实质交往的商业活动。

## "第1604条 关于外国不受（美国）管辖的豁免

"如在本法制定时，美国是某些现行国际协定的缔约国之一，则这些国际协定中的外国应当不受联邦法院和各州法院的管辖，但本章第1605条至第1607条所规定的除外。

## "第1605条 对于外国享有管辖豁免权的一般例外

"1．如有下列任何一项情况，外国不能免于联邦法院或各州法院的管辖：

"（1）该外国已明确地或默示地放弃其豁免权。关于此项弃权，除根据弃权的条件予以撤回者外，该外国可能声称的任何撤回均属无效；

"（2）该诉讼是基于该外国在美国进行的商业活动而提出的；或者基于与该外国在别处的商业活动有关而在美国完成的行为提出的；或者基于与该外国在别处的商业活动有关，而且在美国领土以外进行但在美国引起直接影响的行为提出的；

"（3）违反国际法取得的财产，其财产权利尚有争议并且该项财产或者用该项财产换得的任何财产现在美国境内且与该外国在美国进行的商业活动有关的；或者该项财产或者用该项财产换得的任何财产是属于该外国在美国从事商业活动的某一代理机构或媒介所有或者属于该代理机构或媒介所经营的；

"（4）由于继承或馈赠而取得的在美国的财产权利，或者尚有争议的坐落在

3

美国的不动产权利；

"（5）上述第（2）项所未包括的其他情况，即某外国或者该外国任何官员或雇员在职务或雇佣范围内的行动中发生侵权行为或过失，从而在美国境内造成人身伤害、死亡或者财产损害或丧失，（受害一方）为此向该外国追索损害赔偿金的；但本项规定不适用于下列情况：

"（甲）基于行使和履行或者不行使和履行自由裁量权能而提起的任何权利要求，不管此项自由裁量是否被滥用。

"（乙）由于诬告、滥用程序、文字诽谤、口头诽谤、歪曲、欺骗或者干涉契约权利而引起的任何权利要求。

"2．为了对某外国的船只或货物行使海上留置权提起海事诉讼，而此项权利要求是基于该外国的商业活动的，在下述情况下，该外国不得在联邦法院享受管辖豁免：

"（1）诉讼通知是用传票和原告起诉书的副本寄给要求对之行使留置权的船只或货物的所有人或其代理人的；但是如果该船只或货物是按照以提起诉讼一方当事人的名义所取得的通令而被扣押的，则可认为无须投递通知，也不必在以后投递——除非该当事人不知道该外国的船只和货物包括在内，在这种情况下，扣押通令的送达即成为有效交付此项通知。

"（2）本编第1608条所规定的对外国开始诉讼的通知是按本条第2款（1）项所规定的方式于十天内发出的，或者，在当事人不知道该外国的船只或货物是包括在内的情况下，即于该当事人确定该外国的权益存在之日起十天内发出。按照本条第2款（1）项的规定，无论通知系于何时交付，此后该海上留置权即被视为对当时拥有有关船只或货物的外国的一种对人的求偿权。如果法院判决该外国赔偿总额不大于对之行使海上留置权的船只和货物的价值，此价值应在按照本条第2款（1）项的规定送达通知的同时决定之。

"**第1606条 责任的范围**

"对于任何赔偿要求，如某外国按本章第1605条或第1607条规定无权享受豁免，则该外国应按一个私人在类似情况下适用的方式和范围负责。但一个外国除了其代理人或媒介之外，对于惩罚性的损害赔偿不负责任。但如引起死亡，

4

而行为或者不行为所在地的法律规定，或在解释上规定，损害赔偿只是惩罚性质的，则该外国对实际损害或者补偿性损害应负赔偿责任，其数额按照为其利益提起诉讼的人们由于此项死亡所引起的金钱损失计算。

**"第1607条 反诉**
"如某外国在联邦法院或州法院提起诉讼或参加诉讼，则该外国对下述任何一项反诉不得享受豁免：
"1．如果此项反诉已在控诉该外国的另一诉讼中提出，而按照本章第1605条的规定该外国对于此项反诉是无权享受豁免的；
"2．反诉系由该外国所提出的作为权利要求主体部分的交易活动或事件所引起的；
"3．反诉索赔的范围在数额上不超过该外国索赔额，或在种类上和该外国索赔也无不同。

**"第1608条 送达；答辩时间；缺席判决**
"1．联邦法院和各州法院应向外国或外国的政治分机构送达传票：
"（1）按照原告与外国或外国的政治分机构之间关于送达传票所作的特别协议，投送传票和原告起诉书的副本；
"（2）如果没有特别协议，则按照可以适用的关于司法文件送达的国际公约，投送传票和原告起诉书副本；
"（3）如无法按照第（1）或第（2）项规定送达，则应当将传票和原告起诉书的副本以及诉讼通知书，连同上述各件的该外国官方文字的译文，由法院书记员通过签收邮件的方式，寄交该有关外国的外交部长。
"（4）如果按照第（3）项规定，无法在三十天之内送达，则应将传票和原告起诉书的副本各两份以及诉讼通知书一份，连同该外国官方文字的每个文件译文，由法院书记员通过签收邮件的方式，寄交在华盛顿哥伦比亚特区的国务卿，促请专门的领事部主任注意。而国务卿应当通过外交途径将上述文件的副本一份转送给该外国，并且应当寄给法院书记员一份业经认证的外交照会副本，指明各该文件已于何时发出。

5

本项规定所称"诉讼通知书"是指依照国务卿以规章规定的方式寄给外国的通知书。

"2．联邦法院和各州法院应采用以下方法向外国的代理机构或媒介送达文件：

"（1）按照原告与该代理机构或媒介之间所作的关于送达的专门协议，投寄传票和原告起诉书的副本；

"（2）如果没有专门协议，则或把传票和原告起诉书的副本寄给主管职员、代理人或者总代理人，或者寄给其他被指定的或依法律授权在美国接受诉讼文件送达的任何其他代理人；或者按照可以适用的关于司法文件送达的国际公约办理。

"（3）如无法按照第（1）项或第（2）项规定送达文件，又如有理由预计能实际送达通知，即可将该传票和原告起诉的副本，连同该外国官方文字的每个文件的译文一并交邮寄出：

"（甲）依该外国或政治分机构的当局在答复函询或请求时所示的地址；

"（乙）通过必须签收的邮递方式，由法院书记员寄交负责接收文件的代理机构或媒介；

"（丙）依照法院所作的与文件送达地区法律规定相一致的命令的指示。

"3．在下列情况下即认为文件已经送达：

"（1）按第1款第（4）项规定送达的，送达时间从经过认证的外交照会副本注明的发出日期起算；

"（2）按本条其他各款规定送达的，送达时间从证明文件，邮件回执或可以作为送达方法使用的其他送达证件上注明的收到日期起算。

"4．在联邦法院或者州法院起诉的任何诉讼中，外国及其政治分机构或者外国的代理机构或媒介，应当在按照本条规定送达文件后六十天内，对原告起诉书作出答辩或者其他表示答复的抗辩。

"5．联邦法院或者州法院不得对外国及其政治分机构或者外国的代理机构或者媒介作缺席判决，除非原告能够提出令法院满意的证据使其要求或权利得到确认。任何这类缺席判决书的副本应当以本条所规定的送达方式送交该外国或政治分机构。

6

#### "第1609条 对外国财产扣押和执行的豁免

基于在本法制定时美国为其缔约国之一的某些现行国际协定，某一外国在美国的财产应当免于扣押和执行，但本章第1610条和第1611条所规定的除外。

#### "第1610条 对于扣押豁免或执行豁免的例外

"1．本章第1603条第1款中所规定的外国在美国的财产用来在美国进行商业活动的，不得就本法生效以后联邦法院或者州法院所作的判决而在辅助执行的扣押问题上或者在执行问题上，在下列情况下，享受豁免：

"（1）该外国在辅助执行的扣押问题上或执行问题上已明确地或默示放弃其豁免权。关于此项弃权，除根据弃权的条件予以撤回者外，该外国可能声称的任何撤回均属无效。

"（2）此项（诉讼）请求所根据的财产是现在用于或者过去用于商业活动的财产。

"（3）此项执行是关于某项确认下述财产权的判决的：此项财产权是违反国际法取得，或者已经同违反国际法而取得的财产进行了交换的。

"（4）此项执行是关于确认下述财产权的判决的：

"（甲）此项财产权是通过继承或者赠与取得的；

"（乙）此项财产权为不动产并坐落在美国：如果它不是用作某外交或领事使团的用房或者该使团团长的住宅。

"（5）此项财产包括某项契约义务或由此而生的任何收益，它们是按照汽车保险、其他责任保险或者意外保险等保险单赔偿外国及其雇员或者使其不受损害并且用来满足判决书中所载的权利要求的。

"2．除第1款规定外，凡外国代理机构或媒介在美国的财产用来在美国进行商业活动的，不得就本法生效以后联邦法院或州法院所作的判决而在辅助执行的扣押问题上或者在执行问题上，在下列情况下，享受豁免：

"（1）该代理机构或媒介在辅助执行的扣押问题上或执行问题上已明确地或默示放弃其豁免权。关于此项弃权，除根据弃权的条件予以撤回者外，该外国可能声称的任何撤回均属无效。

"（2）该判决有关的（诉讼）请求权是该代理机构或媒介根据本章第1605条第1款第（2）项、第（3）项或第（5）项或第1605条第2款规定不得享受豁免的。至于此项（诉讼）请求所根据的财产究系现在或过去用于商业活动则在所不问。

"3．在判决书正式作成和按照本章第1608条第5款规定发出法定通知书后，如法院断定已过合理期限，即可作出本条第1款和第2款所提及的扣押和执行的命令，在此以前，不许扣押或执行。

"4．凡本章第1603条第1款所规定的在美国用于商业活动的外国财产，在联邦法院或州法院提起的任何诉讼中，如遇下述情况，即不得在作成正式判决书之前，或者在本条第3款所规定的期限届满之前享受扣押豁免：

"（1）该外国在判决前已明确放弃其扣押豁免权。对此项弃权，除根据弃权的条件予以撤回者外，该外国可能声称的任何撤回均属无效。

"（2）该项扣押的目的在于保证履行某项已经作出或最终可能作出的对该外国的判决，而不是为了取得管辖权的。

### "第1611条 对某类财产的执行豁免

"1．尽管有本章第1610条的规定，但总统指定可以享受《国际组织豁免法》所规定的特权，免除（如免除捐税）和豁免权的那些机构的财产，则不应当由于在联邦法院或各州法院提起诉讼而遭扣押或受任何其他阻止向该外国付款或者阻止按该外国的付款通知付款等司法程序的管辖。

"2．尽管有本章第1610条的各项规定，如有下述情况，某外国的财产仍应享受扣押和执行豁免：

"（1）此项财产是某外国中央银行或者金融机关自己所有的，除非该银行、金融机关或者它们的政府已经在辅助执行的扣押问题上或者在执行问题上明确放弃其豁免权。对此项弃权，除根据弃权的条件予以撤回者外，该银行、金融机关或政府可能声称的任何撤回均属无效。

"（2）此项财产现在使用上或者打算在使用上与军事活动有关，并且

"（甲）属于军事性质的，或者

"（乙）在军事当局或国防机构控制之下的。"

8

2．对美国法典第28编《第四部分——管辖权与审判管辖区》的分析予以修正，在"95．海关法院"之后增订下列新项目："97．外国享有的管辖豁免权"。

第5条 修正美国法典第28编第1391条，在其结尾部分增加下述新款项：
"（f）按照本编第1603条第1款的规定，可以分别在下述司法管辖区对外国提起民事诉讼：
"（1）在引起（诉讼）请求权的事件或不作为的实质部分或者成为本诉讼主体的财产的实质部分所在地的司法管辖区；
"（2）如根据本编第1605条第2款规定提出请求时，在某外国的船只和货物所在地的司法管辖区；
"（3）如果按照本编第1603条第2款的规定对某外国的代理机构或媒介提起诉讼时，在该代理机构或媒介获准在该地经营业务或者正在该地经营业务的司法管辖区；
"（4）如对外国或其政治分机构提起诉讼的，在哥伦比亚特区美国地区法院。"

第6条 修正美国法典第28编第1441条，在其结尾部分增加下述新款项：
"（4）对于本编第1603条第1款所指的外国，在州法院提起的任何民事诉讼案件，可以由该外国提请转移至主管的地区和分区（包括此项案件系属中的地方在内）的美国地区法院审理。案件转移后，该诉讼应当由该法院审理，不需要陪审员参加。如果根据本款规定转移案件时，则本章第1446条第2款所规定的期限可随时因故延长。"

第7条 如果本法的任何一项规定或者对任一外国的适用失去效力，此种失效并不能影响本法的其他规定或适用。除此项条款无效或不适用外，其他规定或适用照样有效。为此，本法的各项规定是可分的。

第8条 本法自制定之日起算，经过九十天生效。

1976年10月21日批准。