# ALSTON&BIRD LLP

One Atlantic Center
1201 West Peachtree Street
Atlanta, GA 30309-3424

404-881-7000
Fax: 404-253-8869
www.alston.com

Michael P. Kenny         Direct Dial: 404-881-7179         Email: mike.kenny@alston.com

May 6, 2015

VIA HAND DELIVERY
AND ECF

Hon. Eldon E. Fallon
United States Courthouse
500 Poydras Street
Room C456
New Orleans, LA 70130

    Re:    *In re: Chinese-Manufactured Drywall Products Liability Litigation*, MDL No. 2047, Case No. 2:09-md-02047-EEF-JCW

Dear Judge Fallon:

On behalf of Taishan Gypsum Ltd., Co. and Tai'an Taishan Plasterboard Co., Ltd. ("Taishan"), I write in connection to my May 4 letter to (1) update the Court on significant relevant events over the last two days concerning damages discovery and (2) reply to the PSC's responsive May 5 letter.

### A.    63,000+ Class Member Documents

At the close of business yesterday, BrownGreer informed us by email that they were prepared to produce "63,000+ documents" responsive to Taishan's request for all data and supporting documentation in BrownGreer's custody for 3,852 putative class members. BrownGreer listed those highly relevant documents by category in a spreadsheet attached to the email, and I attach that spreadsheet here as Exhibit A. According to the spreadsheet, the production will include, *inter alia*, 10,297 plaintiff profile forms (line 118), 2,630 "Floor Plan or Other Document demonstrating Square Footage" (line 2,630), and 1,978 inspection reports (line 81). BrownGreer cc'd the PSC and Knauf on the email and asked them whether they have any objections to production. BrownGreer has not yet produced those documents to us.

Based on the spreadsheet categories, the promised production contains critical information that goes directly to the core damages questions of who is owed and how much each property owner is owed. The late and voluminous production of that information endangers the timing of expert submissions and briefing on Friday, May 8,

May 6, 2015
Page 2

and the expert depositions thereafter. Indeed, Taishan and its expert witnesses likely will not even have the information by this Friday, and obviously will not have time to digest it. Even after the 63,000+ documents are received, the ability to analyze all of those documents relevant to the class members claims will adversely affect the Defendants' ability to depose Plaintiffs' expert witness and Jake Woody from BrownGreer, whom Plaintiffs have designated as a witness and whose deposition had previously been scheduled by agreement.

According to an unsworn "Memorandum" that Mr. Woody produced last night at the PSC's request, he used some of the information to decide who were class members, whether they had Taishan drywall, and what was the square footage of their respective properties. That document is attached as Exhibit B. Ultimately, Mr. Woody provided some of those assumptions to the PSC's experts, Mr. Wright and Mr. Inglis, who made them the basis of their class damages calculations. Taishan and its experts need to digest the large amount of information behind these last-minute revelations.

Given these circumstances, and those addressed below, Taishan submits that the May 8 deadline should be extended until some reasonable period of time after receipt of the documents, and the parties will also need to discuss the potential impact on the June 9 hearing.

### B. Supplemental Plaintiff Profile Forms (PPFs)

BrownGreer also informed us yesterday that they had created an FTP site containing "all of the Taishan Supplemental Evidence forms from our database to that site." Unfortunately, technical problems prevented us from accessing all of those documents. We are in the process of working through the technical limitations, and at the very least BrownGreer will overnight the documents on CDs for delivery to us on May 7. Based on the review that we have been able to do on the FTP site, we believe that the BrownGreer FTP production contains updated PPFs requested in Item 1 of my May 4 letter. We hope to have that PPF production fully available to us by tomorrow.

Related to the topic of PPFs, Plaintiffs' May 5 letter footnote 1 shows a misunderstanding of the due process problems with their reliance on updated PPFs to establish class membership and damages. Plaintiffs must use admissible evidence to prove those facts, and Taishan has a "due process right to challenge the proof used." *Carrera v. Bayer Corp.*, 727 F.3d 300, 307 (3d Cir. 2013). Nothing in *Byrd v. Aaron's Inc.*, 2015 WL 1727613 (3d Cir. April 16, 2015), changes that. Quite the opposite.

*Byrd* confirmed that "the only proof of class membership" cannot be "unverified affidavits" or "the say-so of putative class members." *Id.* at *11 (quoting *Carrera* and *Hayes v. Wal–Mart Stores, Inc.*, 725 F.3d 349, 355 (3d Cir.2013)). *Byrd* explicitly holds—as a matter of due process rights—that "Defendants are not foreclosed from challenging the evidence [plaintiffs] propose to use [to prove class membership]." *Id*. Plaintiffs here must use admissible evidence to prove both class membership and

May 6, 2015
Page 3

damages; Defendants are entitled to challenge that evidence.  The updated PPFs, funneled through Mr. Woody, then Mr. Wright, and finally Mr. Inglis, will not do.

### C.  Remediation and Settlement Information Related to Class Members

This information has yet to be produced.  Taishan does not yet know the extent to which all responsive information will be produced in the 63,000+ BrownGreer documents.  Taishan requests that the Court confirm that class member remediation and settlement information should be produced immediately.[1]

### D.  Substantive Attachments to Email Correspondence Between Plaintiffs' Experts and BrownGreer

Taishan is entitled to substantive attachments to emails between the PSC's designated experts and BrownGreer.  The PSC's designated expert, Mr. Inglis, expressly considered and relied on information that was "presented to [him] by BrownGreer PLC."  Inglis Aff. ¶ 2, attached as Exhibit C.  Mr. Woody's after-the-fact unsworn memo to file (Exhibit B) describes how BrownGreer gathered, analyzed, and prepared class member data at the PSC's request, and then presented that material to the PSC's experts.  All of that reliance information is discoverable and should be produced immediately.

Moreover, Taishan is entitled to understand issues like the "edited spreadsheet" that Mr. Inglis's associate sent BrownGreer, and the "changes in th[e] file from the raw data provided."  April 8, 2015 Email from Randazzo to Woody, attached as Exhibit D.  Even if any attachment prepared by Mr. Inglis's associate were subject to Rule 26(b)(4)(B) protection, the PSC waived that protection by sharing the documents with BrownGreer, a third party.

The PSC's May 5 letter ignores Taishan's expert-reliance and waiver arguments, but simply repeats their summary objection that the attachments are protected drafts.  Their own authorities show that Rule 26(b)(4)(B) draft protection relates to an expert's interactions with "counsel," not unrelated third-parties like BrownGreer.  The PSC appears to base their objection on the implicit—and profound—misconception that the Court's third-party settlement administrator is somehow the PSC's agent or consultant.  BrownGreer obviously is not.

---

[1] We anticipate that the BrownGreer 63,000+ production will not include the Knauf inspection reports listed in item 3 of my May 4 letter.  According to Knauf counsel, the requested inspection reports are in Knauf's possession, not BrownGreer's.  Knauf still has not provided to Taishan the dollar amounts that Knauf remarkably wants to impose for conducting basic fact discovery.  Taishan requests that the Court order Knauf to produce the previously requested inspection reports for Taishan claimants in their custody.

May 6, 2015
Page 4

Thus, the attachments prepared by BrownGreer cannot be drafts of *Mr. Inglis's* reports. The BrownGreer attachments are material given to the PSC's experts that they considered and relied on to form their opinions, and thus must be produced. The attachments prepared by Mr. Inglis's associate were disclosed to a third party, which waived any work product protection. The Court should order all email attachments produced immediately.

                                                   Sincerely,

                                                   /s Michael P. Kenny

cc:   Gerald E. Meunier – gmeunier@gainsben.com
       Arnold Levin – ALevin@LFSBLaw.com
       Russ M. Herman – RHERMAN@hhklawfirm.com
       Kerry Miller - kjmiller@bakerdonelson.com
       Alan Weinberger – aweinberger@hanrylaw.com
       Harry Rosenberg – harry.rosenberg@phelps.com
       C. Michael Moore – mike.moore@dentons.com
       Gene R. Besen – gene.besen@dentons.com
       Richard L. Fenton – richard.fenton@dentons.com
       Leah R. Bruno – leah.bruno@dentons.com
       Michael H. Barr – michael.barr@dentons.com
       Justin N. Kattan – justin.kattan@dentons.com
       L. Christopher Vejnoska – cvejnoska@orrick.com
       Ian Johnson – ijohnson@orrick.com
       Andrew Davidson – adavidson@orrick.com
       Jason Wu – jmwu@orrick.com
       James L. Stengel – jstengel@orrick.com
       Xiang Wang – xiangwang@orrick.com
       Eric A. Shumsky – eshumsky@orrick.com