UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: CHINESE-MANUFACTURED DRYWALL PRODUCTS LIABILITY LITIGATION | ) ) ) ) | MDL NO. 2047<br>SECTION: L |
| THIS DOCUMENT RELATES TO: (2:10-cv-00340) | ) ) ) ) ) | JUDGE FALLON<br><br>MAG. JUDGE WILKINSON |

### STATE OF LOUISIANA'S OPPOSITION TO TAISHAN'S MOTION FOR PROTECTIVE ORDER LIMITING SCOPE OF 30(B)(6) DEPOSITIONS

Taishan has moved for a protective order seeking to prohibit the State of Louisiana ("the State") from participating in document discovery and upcoming depositions about Taishan's affiliates, their potential status as alter egos of Taishan, and the business they have conducted in the United States. But each of those topics is directly relevant to the State's claims[1] and the Taishan Defendants' defenses. Although the Taishan Defendants have not answered or otherwise responded to the State's Petition, their purported jurisdictional and alter-ego defenses apparently will be asserted in all cases – as evidenced by the BNBM Defendants' recently filed Rule 12 Motions to Dismiss, which they filed in all cases,[2] as well as other filings by BNBM and CNBM.[3] The State, therefore, is entitled to participate in the pending discovery to protect its positions relative to issues of common interest. Taishan's motion should be denied, and the Court should order Defendants to produce to the State copies of (1) all documents produced to

---

[1] *See* the State's Second Amended and Restated Petition (Rec. Doc. No.18011-2), served on the Taishan Defendants per this Court's Order providing for Alternative Service (Rec. Doc. No. 18228)

[2] *See* Rec. Doc. Nos. 18772, 18774 and 18809.

[3] The State joins the PSC in asserting (*see* Rec. Doc. 18694 at pp. 11-15) that these jurisdiction and alter-ego issues were already decided in the Court's Order dated September 4, 2012 (Rec. Doc. 15755), and the Fifth Circuit's affirmance of that Order. See *Chinese Drywall*, 742 F.3d 576 & 753 F.3d 521 (5th Cir. 2014). But BNBM and CNBM do not agree. Hence, the need for this discovery to provide the Court with a more complete record on these issues for all cases.

the PSC in connection with the depositions, and (2) the "Hogan Lovells" documents that were designated Highly Confidential.

## ARGUMENT

1. **The State is entitled to participate in the upcoming depositions and receive copies of relevant documents.**

Pursuant to the Court's recent discovery orders, the PSC has noticed corporate representative depositions of the Taishan defendants and affiliates, as well as depositions of various "independent witnesses."[4] In connection with those depositions, the PSC has also served document requests. In general, the depositions and document requests seek

> information regarding the relationship and/or ownership interests amongst the Taishan defendants and affiliates, information pertinent to establishing the alter-ego/affiliate factors, the identity and selection of mines for use in the defendants' gypsum board, any foreign litigation involving American companies, information involving the use of Alibaba.com after July 17, 2014 to direct sales to customers located in the United States, investments and financial dealings with American financial institutions, personnel records and custodial documents for various officers and directors of the Taishan defendants and affiliates, information regarding the retention of counsel in the instant litigation as well as the decision for Taishan not to appear at the Judgment Debtor hearing, documents and information pertinent to annual reports/public offerings/public announcements/voluntary announcements/press releases, information relevant to the Hogan Lovells production, information relevant for purposes of identifying decision makers concerning the instant legal proceedings, corporate governance documents, and any shareholder minutes.[5]

By their terms, the deposition notices and document requests apply to "all cases" in the MDL, including the State's case.[6] Accordingly, and to ensure that it is prepared for these depositions,

---

[4] *See* PSC's Sixth Updated Status Report Regarding Discovery (Rec. Doc. 18833).

[5] PSC's Memo. in Support of Mot. to Compel Expedited Responses to Outstanding Discovery (Rec. Doc. 18818-1).

[6] *See, e.g.*, Notice to Take Deposition of Tai'an Taishan Plasterboard Co., Ltd. (Rec. Doc. 18522).

- 2 -

the State informed Defendants and the PSC of its intent to participate in the depositions and requested copies of any documents produced to the PSC.[7]

Taishan (and presumably the Taishan Defendants) have refused and claim that the State is not entitled to participate in this discovery because it was not a party to the civil claims that gave rise to the contempt order that is part of the basis for some of the discovery requests.[8]

But that position ignores the State's substantial interest in the subject matter of the depositions and document requests. Two of the main subjects of the requested discovery are (1) the relationships among Taishan and its affiliates, and (2) business conducted by Taishan and its affiliates in the United States. Both subjects are obviously relevant to Defendants' apparent alter-ego and jurisdictional challenges to the State's claims. If discovery is to be taken on those topics, the State must be allowed to participate to ensure its interests are fairly represented.

That the State was not party to the civil proceedings that produced the contempt order does not, as Defendants suggest, render the requested discovery irrelevant to the State. In the first place, although the contempt proceeding arose from the *Germano* judgment (which involved the owners of only seven Virginia homes), the Court in its July 17, 2014 contempt order emphasized the wide-ranging impact of the Taishan Defendants' contumacious conduct: "Such disobedience of the Court's order harms both the *many other parties* on this case and the decorum of the Court. . . . In this *massive* suit, the harm from Taishan's noncompliance is high and requires strong sanctions to coerce compliance and restore integrity to these proceedings."[9]

---

[7]  *See* Exhibit A to Taishan's Mot. for Protective Order.

[8]  *See* Taishan's Mot. for Protective Order (Rec. Doc. 18815) at pp. 3-4.

[9]  *See* Contempt Order, dated July 17, 2013 (Rec. Doc. 17869) at pp. 2-3 (emphasis added).

LEGAL125907908.1

The State is party to this "massive" MDL, and is both affected by the Taishan Defendants' contempt and invested in ensuring future compliance with the Court's orders.[10]

Second, as already noted, the relevance of the requested discovery crosses many borders: what is relevant to the contempt order is equally relevant to and inextricably intertwined with Defendants' alter-ego and jurisdictional defenses – a point the PSC also recently made.[11] Moreover, there is no guarantee that these witnesses will appear a second time in the future to provide the State discovery on these critical topics.  Accordingly, the State must be allowed to participate now – and there is simply no legal basis for prohibiting the State from participating in (1) relevant discovery, (2) in this MDL, (3) to which the State is a party.  Indeed, when jurisdictional and alter ego issues arose in the past regarding Taishan and TTP, the State received documents from Taishan and TTP and participated in the Hong Kong depositions.  The State should be allowed to participate now just as it did then.

 Defendants also complain that the State, in stating its intent to participate in this discovery, did not say it would "limit the scope of its examination in any way."[12]  But the State does not seek limitless discovery – it will of course confine its deposition questions to the topics approved by the Court.  The State's participation will not require Defendants to prepare any additional witness to testify about any additional topics.  Moreover, allowing the State to participate in this discovery now may prevent costly duplicative discovery in the future.

---

[10] Even beyond its interest in this MDL, the State of Louisiana and its Attorney General's Office have an inherent interest in protecting the authority of state and federal courts in Louisiana.

[11] *See, e.g.*, PSC's Memo. in Support of Mot. to Compel Expedited Responses to Outstanding Discovery (Rec. Doc. 18818-1) at p. 12 (observing that the requested discovery "is not only limited in scope but is also clearly designed to uncover evidence regarding the contempt track as well as the alter-ego and other jurisdictional defenses being asserted by defendants.").

[12] *See* Taishan's Mot. for Protective Order (Rec. Doc. 18815) at p. 3.

In sum, the pending depositions and document requests – which by their terms apply to "all cases" in this MDL, the State's case not excepted – concern topics that are directly relevant to the State's claims and Defendants' defenses. As such, the State should be allowed to participate in the discovery. To be able to participate in a meaningful manner, the State must have the documents produced to date in advance of the depositions. The State, therefore, respectfully requests that the Court deny Defendants' motion and order Defendants to immediately produce to the State copies of all documents (and translations) already or hereafter produced to the PSC in connection with the pending deposition notices and document requests.[13]

**2.   The State is entitled to copies of the Hogan Lovells Highly Confidential Documents.**

In addition to trying to deny the State its right to participate in the currently pending deposition and document discovery, Defendants also refuse to provide the State copies of the Hogan Lovells documents designated as Highly Confidential.[14]

In the Court's May 4, 2015 Order and Reasons regarding those documents, the Court confirmed his earlier order that the documents may be used in this litigation and held that they remain Highly Confidential.[15] The State is a party to this litigation and intends to use the documents only in this litigation. The documents should be made available to the State. Indeed, in their recent Reply in Continued Opposition to the PSC's Motion to Strike, the Taishan Defendants represented to the Court that the "documents at issue are already available to all counsel of record."[16] In fact, that is not true – the documents have never been made available to

---

[13]   The burden to do this should be minimal – to date, Defendants have produced very few documents to the PSC (so it will be easy to duplicate that effort for the State), and any future productions will require only that Defendants either provide the State access to electronic documents produced to the PSC (via Dropbox, for example), or, for hard documents, prepare a second copy for the State.

[14]   *See* Rec. Doc. 18530.

[15]   Rec. Doc. 18836.

[16]   *See* Rec. Doc. 18741 at p. 3.

the State or its counsel, despite the State's requests to Defendants and the PSC.[17] These documents, which concern the Taishan Defendants' willful defiance of the Court's orders in this MDL (to which the State is a party), are relevant to the State's claims and Defendants' alter-ego and other jurisdictional defenses. That much is made very clear by the context of excerpts from the documents included in redacted form in the PSC's Omnibus Reply to Motions Regarding Contempt, Enforcement of Contempt Order, Class Damages Hearing, and Motion to Withdraw as Counsel for Taishan Gypsum Co., Ltd. and Taian Taishan Plasterboard Co., Ltd.[18] and in other recent filings.

In short, to the State's knowledge, it may be the only party to the MDL that has not had access to the "Hogan Lovells" documents. The State is entitled to evaluate the Taishan Defendants' fraud on the Court in the specific context of the State's claims in this MDL. Accordingly, the State respectfully requests that the Court order the Taishan Defendants and/or the PSC to produce copies of the "Hogan Lovells" documents to the State.

## CONCLUSION

The State of Louisiana is a party to this MDL and is entitled to participate in discovery conducted in the case. It has asserted claims against Taishan and its affiliates mirroring those asserted by the PSC, including claims that this Court has jurisdiction and that the Taishan and its affiliates are essentially one business entity. The PSC's currently pending deposition and document requests are relevant to the State's claims. Accordingly, the State should be allowed to participate in the depositions and receive the documents. Moreover, the "Hogan Lovells"

---

[17]  *See, e.g.*, Exhibit A to Taishan's Mot. for Protective Order.

[18]  *See, e.g.*, Rec. Doc. 18475-2 at pp. 19-20, 27-28.

LEGAL125907908.1

documents made available to other MDL parties should also be made available to the State, as they appear to relate to the State's claims and the Defendants' defenses thereto.[19]

        Respectfully submitted,

        **JAMES D. "BUDDY" CALDWELL**
        **LOUISIANA ATTORNEY GENERAL**

        James Trey Phillips, BarRoll# 19978
        Sanettria Glasper Pleasant, BarRoll# 25396
        L. Christopher Styron, BarRoll# 30747
        Assistant Attorneys General
        **LOUISIANA DEPARTMENT OF JUSTICE**
        1885 North Third Street
        Post Office Box 94005
        Baton Rouge, Louisiana 70804-9005
        Telephone: (225) 326-6000

        **Shows, Cali & Walsh, LLP**
        E. Wade Shows, BarRoll# 7637
        Trial Attorney
        John C. Walsh, BarRoll# 24903
        628 St. Louis St.
        P. O. Drawer 4425
        Baton Rouge, LA  70821
        Telephone: (225) 346-1461

          s/  David L. Black
        **Perkins Coie, LLP**
        David L. Black
        Craig M. J. Allely
        Duston K. Barton
        1900 Sixteenth Street, Suite 1400
        Denver, CO  80202
        (303) 291-2300
        COUNSEL FOR THE STATE OF LOUISIANA

---

[19] The State will of course treat those documents as highly confidential.

## CERTIFICATE OF SERVICE

I hereby certify that the above and foregoing Combined (1) Response to Taishan's Motion for Protective Order Limiting Scope of 30(B)(6) Depositions and (2) Motion to Compel and Memorandum in Support, and proposed order, have been served on Plaintiffs' Liaison Counsel, Russ Herman; Defendants' Liaison Counsel, Kerry Miller; Homebuilders' Liaison Counsel, Dorothy Wimberly; and Insurance Liaison Counsel, Judy Y. Barrasso, all by e-mail <u>and</u> upon all parties by electronically uploading the same to Lexis Nexis File & Serve in accordance with Pretrial Order No. 6, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2047, on this 5th day of May, 2015.

                                                                                                                 s/ David L. Black
                                                                                                    (Signature of Filing Attorney)