UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE:  CHINESE-MANUFACTURED DRYWALL PRODUCTS LIABILITY LITIGATION | MDL NO. 2047<br>SECTION: L |
| THIS DOCUMENT RELATES TO:<br><br>ALL CASES | JUDGE FALLON<br>MAG. JUDGE WILKINSON |

**REPLY OF THE PLAINTIFFS' STEERING COMMITTEE TO BNBM'S FILING REGARDING THE STATUS OF DISCOVERY ON CLASS DAMAGES, VIOLATIONS OF THE CONTEMPT ORDER, AND TAISHAN'S AFFILIATES [REC. DOC. 18847]**

I.      **INTRODUCTION**

The Defendants have been ordered to produce, on an expedited basis, documents (with translations in English where necessary and appropriate) related to (1) the identity of Taishan's affiliates and (2) whether Taishan or any of its affiliates violated the Court's Contempt Order prohibiting these entities from doing business in the United States from July 17, 2014 through at least March, 2015 ("the contempt period").  In conjunction with this discovery, the Defendants have been ordered to produce witnesses in New Orleans, Louisiana, who can testify on these subjects.  All of this discovery must be completed by June 9, 2015, which is the date of the hearing on class damages (adjourned at the request of Taishan when it re-entered the litigation and when CNBM and BNBM entered the litigation for the first time since defaulted).

Despite numerous conferences before the Court and among counsel on the telephone, in emails, and in person after the April 17, 2015 status conference, Defendants have yet to produce significant relevant materials needed for the upcoming depositions ordered by the Court (or explain their lack of production), including: (a) custodial files for the witnesses offered by

1

Defendants (including, Yanming Zhao (BNBM Group), Guoping Zhou (CNBM Group), Zhangli Chang (CNBM), Che Gang (Taishan), Jianjun Deng (CNBM Forest Products (Canada)), Peng Shou (CNBM), Cao Jianlin (CNBM), Jin Yu Hu (CNBM), Lihe Wang (CNBM Import and Export), Yu Chen (BNBM), Cui Xingtai (CNBM), Shaojun Zhang (CNBM USA), and Wang Bing (BNBM), and/or the witnesses requested by the PSC (including, Jia Tongchun (Taishan), Peng Wenlong (Taishan), and Song Xhiping a/k/a Sonz Zhiping (CNBM)[1]); (b) privilege logs, with a submission of withheld documents to the Court for *in camera* inspection; (c) a key that ties the documents Defendants have produced to the specific discovery requests of the Plaintiffs; (d) proper English translations of the documents produced, which would enable the PSC to ascertain the quality of the responses to date; and (e) documents evidencing business conducted by Taishan's affiliates in the United States during the contempt period, save for a few American lumber companies with whom BNBM did business in violation of the Contempt Order.

No amount of smoke and mirrors can cloud the fact that the Defendants have not complied with this Court's orders. CNBM's "text" translations are a disgrace – they are unintelligible, inaccurate, and incomplete [*see* Rec. Doc. No. 18835], and to date, the CNBM entities have produced only 349 documents. Taishan's English translations are incomplete, and in many instances consist of partial translations or summaries only [*see* Affidavit of Yan Gao at ¶¶ 4-6, Rec. Doc. No. 18835]. As it is, of the 118 documents that Taishan has produced, only 49 translations have been received. BNBM has produced the largest number of documents, but has failed to provide complete documents, omitting appendices to sales agreements with Davis Construction Supply Co., LLC (BNBMPLC0007486-0007493) and schedules to tax returns

---

[1] CNBM has not explained why this individual deponent is not being produced for deposition as requested by the PSC [Rec. Doc. No. 18502 at 3].

(BNBMPLC0006429-6460), for example. In the end, it is the Defendants' burden to properly and timely respond to outstanding discovery requests and comply with the Court's orders. Plaintiffs are in no position to police these productions, much less understand the gibberish sent in machine-generated "text" translations.[2]

## II. REPLY TO SPECIFIC COMPLAINTS RAISED BY BNBM

### A. The PSC's Discovery Production Regarding Class Damages

The PSC has fully complied with discovery related to class damages and provided Defendants with updated Plaintiff Profile Forms ("PPFs"), spreadsheets of Brown Greer containing data from PPFs, documents of Plaintiffs' expert George Inglis, a privilege log of correspondence that was withheld on grounds of work product, correspondence between Plaintiffs' former expert Ronald Wright and Brown Greer, correspondence between Mr. Inglis and Brown Greer, correspondence between Messrs. Wright and Inglis, and correspondence between Berman & Wright employees and Brown Greer [*see* Rec. Doc. No. 18821]. By letter dated May 1, 2015, the PSC provided the Defendants with a link to the updated Plaintiff Profile Forms received by Herman, Herman & Katz, which information was incorporated into Brown Greer's Excel spreadsheet. In addition, the PSC requested that Brown Greer immediately make available the updated Plaintiff Profile Forms that it received in hard copy, which information was then transferred into the Excel spreadsheet that had been provided to the Defendants on April 30, 2015.

---

[2] *E.g.*, "During training, the administrative human resources department arranged the new staff northern in the new gypsum lumber yard and Lianyungang the compound switching audiences, the duplicate condor and megalith group to carry on the scene visit to a Xuzhou Zhonglian cement ten thousand tons production line and Zhuozhou, in addition also the organization new and old staff altogether went to the yellow Huacheng water Great Wall 'entered Xianyang first are king' subject development training." CNBMCO00000333 at 4.

Apparently, BNBM claims it is having some difficulties accessing Brown Greer's FTP site; however, the PSC has made every attempt humanly possible to give Defendants the materials requested in order for them to be able to prepare for the class damages hearing, and Brown Greer is assisting Defendants with their access to these materials from the FTP site [*see* Exhibit "A" attached hereto]. In fact, at 3:15 pm (EDT) today, counsel for Taishan informed Brown Greer that they were able to access the materials requested, but that they were not sure that everything was on the site [*id*.]. Taishan asked Brown Greer to copy all data and materials onto a DVD and overnight it to them, which Brown Greer promptly did. Brown Greer also sent a copy of these materials on a DVD to counsel for BNBM for delivery tomorrow. In no instance has the PSC acted with impropriety by withholding responsive documents. In any event, the PSC is prepared to address the issue of Plaintiffs' production with the Court during the conference scheduled for May 7, 2015.

BNBM complains that the PSC failed to mention its own compliance with discovery within the content of the Fourth Corrected, Fifth, and Sixth Updated Status Reports [Rec. Doc. Nos. 18806, 18820, 18883]. This is true. The purpose of the PSC's Status Reports to the Court is to show the woeful productions by the Defendants, which hinder Plaintiffs' ability to take meaningful discovery on affiliates and contempt violations.

### B. **Multi-Tracking Depositions**

The PSC informed Defendants that Plaintiffs are willing to multi-track depositions of Defendants' witnesses. In the PSC's Sixth (most recent) Updated Status Report, the PSC explained that while multiple depositions for the same Defendant group could go forward simultaneously (*i.e.*, 2 witnesses for CNBM could be deposed on the same date), the PSC was unwilling to schedule depositions for multiple Defendant groups at the same time (*i.e.*, CNBM

4

witnesses would not be taken on the same day as BNBM witnesses). As soon as BNBM provided dates for its witnesses on May 4, 2015, which coincided with dates for CNBM's witnesses, the PSC promptly informed Defendants of its position on multi-tracking. *See* Email from Lead and Liaison Counsel to Defendants dated May 5, 2015 [Exhibit "B" attached hereto]. It is reasonable to limit the number and type of depositions occurring each day. The PSC will coordinate with Defendants to schedule the witnesses' depositions appropriately, as soon as it is confirmed that visas have been obtained for them, in order to accommodate travel plans.

### C. Banking and Accountant Information

Defendants' banking transactions and accounting materials are plainly relevant to the question whether they conducted business in the United States during the contempt period and to their profits. Plaintiffs are entitled to know the source of the funds Taishan used to satisfy the *Germano* judgment and to pay the fines and attorneys' fees imposed by the Court in its Contempt Order. Taishan has not been forthcoming in providing this information.

### D. BNBM PLC's and BNBM's Document Production

There is no denying that BNBM PLC and BNBM Group have produced a greater quantity of documents than either the Taishan or CNBM Defendants. However, this is not a balance of comparisons. The fact of the matter is that BNBM PLC has produced limited documents that address the conducting of business in the United States or with United States companies during the contempt period. In fact, it is only through the BNBM Group production that the PSC was able to obtain BNBM PLC invoices [BNBM (Group) 0002843-0002872]. Oddly, these same invoices were not included in the BNBM PLC production. Also, even though nine separate productions have been made by BNBM, the PSC has discovered that important

5

appendices to sales agreements or schedules to tax returns, which should have been produced, were omitted from production.

Instead of producing documents in accord with the Orders of this Court, BNBM PLC and BNBM Group explain away the Contempt Order and assert that the order is inapplicable because they are not in contempt and the Court has no jurisdiction over the entities. A reply to this argument is reserved for a different day as it is not instantly before the Court. However, to the extent any documents are produced relative to personal jurisdiction and/or alter ego, the PSC will question the witnesses on these subjects during this round of discovery in accordance with the Court's directives, reserving Plaintiffs' right to keep the depositions open and have the witnesses return to New Orleans after June 9, 2015, after further discovery of third parties, as was done when Taishan contested personal jurisdiction [*see* Rec. Doc. No. 18844].

The Defendants' failure to comply with discovery is most evident when considering that the PSC alone has uncovered substantial evidence of Defendants' violations of the Contempt Order, with no help from the Defendants themselves. In fact, the PSC has been engaged in third-party discovery all over the country (New Jersey Institute of Technology, CTIEC-TECO American Technology, Inc., Sunpin Solar, Plum Creek), resulting in evidence showing violations of the injunction, but Defendants have not produced any evidence of same, except for BNBM's production showing business with some lumber companies (that are scheduled for deposition). It is disingenuous for Defendants not to provide the information and documents unearthed independently by the PSC.

### III.     CONCLUSION

Bottom line: Defendants have failed to adequately and completely produce materials in Chinese and English, as requested by Plaintiffs, regarding Taishan's affiliates and their violations of the Court's injunction during the contempt period, so that meaningful depositions ordered by the Court can be taken by June 9, 2015.  No privilege logs have been served.  No custodial files have been provided.  And, their translations are non-existent, unintelligible, incomplete, and/or not useful.  BNBM's filing does not negate these facts.

Dated: May 6, 2015                                      Respectfully Submitted,

BY:     /s/ Russ M. Herman
Russ M. Herman (LA Bar No. 6819) (on the brief)
Leonard A. Davis (LA Bar No. 14190) (on the brief)
Stephen J. Herman (LA Bar No. 23129)
Herman, Herman & Katz, LLC
820 O'Keefe Avenue
New Orleans, LA 70113
Phone: (504) 581-4892
Fax: (504) 561-6024
ldavis@hhklawfirm.com
*Plaintiffs' Liaison Counsel*
*MDL 2047*

Arnold Levin (on the brief)
Fred S. Longer (on the brief)
Sandra L. Duggan (on the brief)
Matthew Gaughan (on the brief)
Levin, Fishbein, Sedran & Berman
510 Walnut Street, Suite 500
Philadelphia, PA 19106
Phone: (215) 592-1500
Fax: (215) 592-4663
alevin@lfsblaw.com
*Plaintiffs' Lead Counsel*
*MDL 2047*

**PLAINTIFFS' STEERING COMMITTEE**

Dawn M. Barrios
Barrios, Kingsdorf & Casteix, LLP
701 Poydras Street, Suite 3650
New Orleans, LA 70139
Phone: (504) 524-3300
Fax: (504) 524-3313
Barrios@bkc-law.com

Daniel E. Becnel, Jr.
Becnel Law Firm, LLC
425 W. Airline Highway, Suite B
Laplace, LA 70068
Phone: (985) 536-1186
Fax: (985) 536-6445
dbecnel@becnellaw.com

Peter Prieto
Podhurst Orseck, PA
25 Flagler Street, 8th Floor
Miami, FL 33130
Phone: (305) 358-2800
Fax: (305) 358-2382
pprieto@podhurst.com

Bruce William Steckler
Steckler LLP
12720 Hillcrest Road, Suite 1045
Dallas, TX 75230
Phone: (972) 387-4040
Fax: (972) 387-4041
bruce@stecklerlaw.com

Ervin A. Gonzalez
Colson, Hicks, Eidson
255 Alhambra Circle, Penthouse
Coral Gables, FL 33134
Phone: (305) 476-7400
Fax: (305) 476-7444
ervin@colson.com

Ben W. Gordon, Jr.
Levin, Papantonio, Thomas, Mitchell
 Echsner & Proctor, PA
316 S. Baylen Street, Suite 600
Pensacola, FL 32502
Phone: (850) 435-7000
Fax: (850) 435-7020
bgordon@levinlaw.com

Hugh P. Lambert
The Lambert Firm
701 Magazine Street
New Orleans, LA 70130
Phone: (504) 581-1750
Fax: (504) 529-2931
hlambert@thelambertfirm.com

Jerrold Seth Parker
Parker Waichman, LLP
3301 Bonita Beach Road
Bonita Springs, FL 34134
Phone: (239) 390-1000
Fax: (239) 390-0055
Jerry@yourlawyer.com

Scott Wm. Weinstein
Morgan & Morgan
12800 University Drive, Suite 600
Ft. Myers, FL 33907
Phone: (239) 433-6880
Fax: (239) 433-6836
sweinstein@forthepeople.com

James Robert Reeves
Reeves & Mestayer, PLLC
160 Main Street
Biloxi, MS 39530
Phone: (228) 374-5151
Fax: (228) 374-6630
jrr@attorneys4people.com

Gerald E. Meunier
Gainsburgh, Benjamin, David,
  Meunier & Warshauer, LLC
2800 Energy Centre
1100 Poydras Street
New Orleans, LA 70163-2800
Phone:  (504) 522-2304
Fax: (504) 528-9973
gmeunier@gainsben.com

Christopher Seeger
Seeger Weiss, LLP
77 Water Street
New York, NY 10005
Phone: (212) 584-0700
Fax: (212) 584-0799
cseeger@seegerweiss.com

Daniel K. Bryson
Whitfield, Bryson & Mason, LLP
900 W. Morgan Street
Raleigh, NC 27603
Phone: (919) 600-5000
Fax: (919) 600-5002
dan@wbmllp.com

Richard J. Serpe
Law Offices of Richard J. Serpe
Crown Center, Suite 310
580 East Main Street
Norfolk, VA 23510-2322
Phone: (757) 233-0009
Fax: (757) 233-0455
rserpe@serpefirm.com

Victor M. Diaz, Jr.
V.M. Diaz and Partners, LLC
119 Washington Ave., Suite 402
Miami Beach, FL 33139
Phone: (305) 704-3200
Fax: (305) 538-4928
victor@diazpartners.com

**OF COUNSEL TO PLAINTIFFS' STEERING COMMITTEE**

Richard S. Lewis
HAUSFELD LLP
1700 K Street, N.W., Suite 650
Washington, DC 20006
Phone: (202) 540-7200
Fax: (202) 540-7201
rlewis@hausfeldllp.com

Anthony D. Irpino
Pearl Robertson (on the brief)
IRPINO LAW FIRM
2216 Magazine Street
New Orleans, LA 70130
Phone: (504) 525-1500
Fax: (504) 525-1501
airpino@irpinolaw.com

Andrew A. Lemmon
Lemmon Law Firm, LLC
P.O. Box 904
15058 River Road
Hahnville, LA 70057
Phone: (985) 783-6789
Fax: (985) 783-1333
andrew@lemmonlawfirm.com

**CERTIFICATE OF SERVICE**

      I hereby certify that the above and foregoing has been served on Defendants' Liaison Counsel, Kerry Miller, by e-mail and upon all parties by electronically uploading the same to LexisNexis File & Serve in accordance with Pre-Trial Order No. 6, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2047 on this 6th day of May, 2015.

                              Respectfully Submitted,

                    BY: */s/ Leonard A. Davis*
                           Leonard A. Davis
                           Herman, Herman & Katz, LLC
                           820 O'Keefe Avenue
                           New Orleans, LA 70113
                           Phone: (504) 581-4892
                           Fax: (504) 561-6024
                           ldavis@hhklawfirm.com

                           *Plaintiffs' Liaison Counsel*
                           *MDL 2047*