UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: CHINESE-MANUFACTURED DRYWALL PRODUCTS LIABILITY LITIGATION | MDL NO. 2047<br>SECTION: L |
| THIS DOCUMENT RELATES TO:<br><br>ALL CASES | JUDGE FALLON<br>MAG. JUDGE WILKINSON |

**REPLY OF THE PLAINTIFFS' STEERING COMMITTEE TO CNBM'S FILING REGARDING ITS OBLIGATION TO PROVIDE COMPLETE AND ACCURATE ENGLISH TRANSLATIONS OF ITS DOCUMENTS [REC. DOC. NO. 18862]**

There is no doubt that an excess amount of paper has been generated for the Court. However, CNBM's lack of respect for the Court's Orders and this judicial process, as shown in its filing after close of business on May 6, 2015, requires a short reply in advance of the telephone conference scheduled for May 7, 2015 at 2:30 pm.

1. Defendants portray themselves as victims of Plaintiffs' discovery. Yet, they are the parties who ignored this litigation for five years, and then came in literally at the moment the class damages hearing was about to begin and requested a continuance. Truly, the 4,000 Plaintiffs with Taishan's Chinese Drywall in their homes are the ones who have been abused, and they and this Court have been victimized by Defendants' conduct.

2. CNBM treats this Court's Orders as mere "suggestions" to be followed in their sole discretion. At the March 17, 2015 conference, the Court made clear its intention that Defendants "willingly" participate in alter ego and contempt discovery prior to the class damages hearing so that the Court can determine who Taishan's affiliates are and whether Taishan or any of its affiliates violated the Court's injunction prohibiting them from doing business in the

1

United States during the contempt period. *See*, *e.g.*, Transcript from 3/17/2015 hearing at pp. 35-36 & 44 ("I'm going to instruct Taishan to willingly participate in the discovery of this matter. If they don't participate in the discovery, I'm going to strike their defenses and rule accordingly…. I'm going to look to BNBM and CNBM to willingly participate in that discovery. If they don't, that to me means that they should not participate in this litigation and I will act accordingly. \*\*\* If you don't participate, I'm just going to strike your pleadings. You have to participate in discovery. If not, then I have a duty and responsibility just to strike it. You can't participate and not participate.") [Rec. Doc. No. 18509-3]; *see also* Minute Entry and Orders at 3 ("Taishan and BNBM/CNBM **SHALL** participate in alter ego discovery. If Taishan and/or BNBM/CNBM do not participate in discovery, the Court will act accordingly to ensure compliance with this and any Court order. The Court may, for example, strike defenses asserted by Taishan and BNBM/CNBM.") [Rec. Doc. No. 18493]. When Defendants asked the Court whether Plaintiffs would be required to share the cost of translating Defendants' documents into English, the Court instructed Defendants to arrange for the translations first, and the Court would address the costs for same at a later time. *E.g.*, 3/17/2015 Transcript at pp. 42-43. In fact, the Court pointed out to Defendants that the Plaintiffs have already incurred significant costs, hundreds of thousands of dollars, to translate Omnibus Complaints and serve Defendants through the Hague Convention. A deadline of April 28, 2015 was imposed, which was later extended to June 9, 2015.

3. The Defendants' document productions have been pitiful. Almost seven weeks passed since the Court ordered Defendants to participate in this discovery before CNBM Group produced a single document. And, yesterday, for the first time, CNBM declared that it is not the Defendants' responsibility to provide any translations of non-English documents, much less complete and accurate ones. In making this astounding claim, CNBM relies on the absence of a

2

specific Court Order requiring English translations, even though this specific issue was addressed by the Court on multiple occasions in conferences with the parties, and the Court's intent was clear. According to CNBM, gibberish generated by a machine without a brain is sufficient "to allow the PSC to identify those documents that they wish to review in more detail or use as evidence, and the PSC may arrange for its own, additional translation from the native language documents if it wants."! Similarly, Taishan has unilaterally translated by machine the documents, or portions of documents, it deems necessary, and in many instances provided "summaries" only rather than complete and accurate translations of all of its non-English documents. This is a sham and contrary to the Court's clear instructions and directives notwithstanding a specific Court Order on this subject.

4.  Defendants have failed to provide any documents or other evidence of affiliates doing business in the United States during the contempt period (except for BNBM – although incomplete productions have been made because relevant appendices were omitted from sales contracts and also BNBM has yet to acknowledge who its affiliates are and whether they did business in the U.S. during the contempt period). Instead, the PSC on its own has engaged in expedited third-party discovery revealing that <u>during the contempt period</u>, CNBM entities have been doing business, for example, with the New Jersey Institute of Technology and the CNBM New Energy Materials Research Center funded by CNBM at the University to acquire all the intellectual property being created by that center; with Sunpin Solar to acquire and install roof solar panels for Walmart stores in Massachusetts; with lumber companies in Oregon, accepting millions of dollars in payments to settle disputes over lumber and lumber equipment; with agents in Texas, suing them to recover millions of dollars in a dispute over hardwood flooring products, to name a few. CNBM's response is that lumber has nothing to do with drywall and these

entities are not affiliates or parties to this litigation! Again, it is not CNBM's role to determine which companies operating under the CNBM Group umbrella are Taishan affiliates. That is the sole province of this Court. This issue will be adjudicated by the Court after proper discovery has been completed, not by the *ipsi dixit* comments of defense counsel. CNBM was ordered to participate in this discovery, and has shown its disrespect for the Plaintiffs and the Court by its conduct.

5. The anticipated motions of CNBM and the motions of BNBM regarding personal jurisdiction, service, sovereign immunity, and default judgments can only be addressed after proper and complete discovery of Defendants and third parties on these issues, which is exactly what Taishan was exposed to when it filed four separate 12(b)(2) motions to dismiss and two motions to vacate default judgments, resulting in the Court's Order, *In re Chinese-Manufactured Drywall Prods. Liab. Litig.*, 894 F. Supp.2d 819 (E.D. La. 2012), upheld by two Panels of the Fifth Circuit.

6. The PSC has met its discovery obligations with respect to class damages. Brown Greer has fully complied with its obligations, and Defendants admit they have access to Brown Greer's FTP site containing Plaintiffs' damage evidence [*see* Rec. Doc. No. 18866]. However, Brown Greer is not a party to this litigation, and, as such, requires a subpoena for its deposition. Brown Greer was appointed by the Court to serve as the administrator for the Knauf Settlement. Knauf spent millions of dollars to establish and administer the KPT Pilot Program and other settlements. Moreover, Brown Greer has been privy to numerous confidential matters unrelated to the class damages hearing.

7. This case will never move forward in accordance with United States jurisprudence if the rules are written by the Chinese Defendants. After five years of waiting,

4,000 Plaintiffs, whose lives have been destroyed by Taishan's Chinese Drywall, now are made to further suffer the abuse of a cabal of intransigent Defendants. Rather than willingly participate in discovery, Defendants have been reluctant to say the least.

Dated: May 7, 2015

Respectfully Submitted,

BY:   /s/ Russ M. Herman
Russ M. Herman (LA Bar No. 6819)
Leonard A. Davis (LA Bar No. 14190)
Stephen J. Herman (LA Bar No. 23129)
Herman, Herman & Katz, LLC
820 O'Keefe Avenue
New Orleans, LA 70113
Phone: (504) 581-4892
Fax: (504) 561-6024
ldavis@hhklawfirm.com
*Plaintiffs' Liaison Counsel*
*MDL 2047*

Arnold Levin (on the brief)
Fred S. Longer (on the brief)
Sandra L. Duggan (on the brief)
Matthew Gaughan
Levin, Fishbein, Sedran & Berman
510 Walnut Street, Suite 500
Philadelphia, PA 19106
Phone: (215) 592-1500
Fax: (215) 592-4663
alevin@lfsblaw.com
*Plaintiffs' Lead Counsel*
*MDL 2047*

**PLAINTIFFS' STEERING COMMITTEE**

Dawn M. Barrios
Barrios, Kingsdorf & Casteix, LLP
701 Poydras Street, Suite 3650
New Orleans, LA 70139
Phone: (504) 524-3300
Fax: (504) 524-3313
Barrios@bkc-law.com

Daniel E. Becnel, Jr.
Becnel Law Firm, LLC
425 W. Airline Highway, Suite B
Laplace, LA 70068
Phone: (985) 536-1186
Fax: (985) 536-6445
dbecnel@becnellaw.com

Peter Prieto
Podhurst Orseck, PA
25 Flagler Street, 8th Floor
Miami, FL 33130
Phone: (305) 358-2800
Fax: (305) 358-2382
pprieto@podhurst.com

Bruce William Steckler
Steckler LLP
12720 Hillcrest Road, Suite 1045
Dallas, TX 75230
Phone: (972) 387-4040
Fax: (972) 387-4041
bruce@stecklerlaw.com

Ervin A. Gonzalez
Colson, Hicks, Eidson
255 Alhambra Circle, Penthouse
Coral Gables, FL 33134
Phone: (305) 476-7400
Fax: (305) 476-7444
ervin@colson.com

Ben W. Gordon, Jr.
Levin, Papantonio, Thomas, Mitchell
 Echsner & Proctor, PA
316 S. Baylen Street, Suite 600
Pensacola, FL 32502
Phone: (850) 435-7000
Fax: (850) 435-7020
bgordon@levinlaw.com

Hugh P. Lambert
The Lambert Firm
701 Magazine Street
New Orleans, LA 70130
Phone: (504) 581-1750
Fax: (504) 529-2931
hlambert@thelambertfirm.com

Jerrold Seth Parker
Parker Waichman, LLP
3301 Bonita Beach Road
Bonita Springs, FL 34134
Phone: (239) 390-1000
Fax: (239) 390-0055
Jerry@yourlawyer.com

Scott Wm. Weinstein
Morgan & Morgan
12800 University Drive, Suite 600
Ft. Myers, FL 33907
Phone: (239) 433-6880
Fax: (239) 433-6836
sweinstein@forthepeople.com

James Robert Reeves
Reeves & Mestayer, PLLC
160 Main Street
Biloxi, MS 39530
Phone: (228) 374-5151
Fax: (228) 374-6630
jrr@attorneys4people.com

Gerald E. Meunier
Gainsburgh, Benjamin, David,
 Meunier & Warshauer, LLC
2800 Energy Centre
1100 Poydras Street
New Orleans, LA 70163-2800
Phone:  (504) 522-2304
Fax: (504) 528-9973
gmeunier@gainsben.com

Christopher Seeger
Seeger Weiss, LLP
77 Water Street
New York, NY 10005
Phone: (212) 584-0700
Fax: (212) 584-0799
cseeger@seegerweiss.com

Daniel K. Bryson
Whitfield, Bryson & Mason, LLP
900 W. Morgan Street
Raleigh, NC 27603
Phone: (919) 600-5000
Fax: (919) 600-5002
dan@wbmllp.com

Richard J. Serpe
Law Offices of Richard J. Serpe
Crown Center, Suite 310
580 East Main Street
Norfolk, VA 23510-2322
Phone: (757) 233-0009
Fax: (757) 233-0455
rserpe@serpefirm.com

Victor M. Diaz, Jr.
V.M. Diaz and Partners, LLC
119 Washington Ave., Suite 402
Miami Beach, FL 33139
Phone: (305) 704-3200
Fax: (305) 538-4928
victor@diazpartners.com

**OF COUNSEL TO PLAINTIFFS' STEERING COMMITTEE**

Richard S. Lewis
HAUSFELD LLP
1700 K Street, N.W., Suite 650
Washington, DC 20006
Phone: (202) 540-7200
Fax: (202) 540-7201
rlewis@hausfeldllp.com

Anthony D. Irpino
Pearl Robertson (on the brief)
IRPINO LAW FIRM
2216 Magazine Street
New Orleans, LA 70130
Phone: (504) 525-1500
Fax: (504) 525-1501
airpino@irpinolaw.com

Andrew A. Lemmon
Lemmon Law Firm, LLC
P.O. Box 904
15058 River Road
Hahnville, LA 70057
Phone: (985) 783-6789
Fax: (985) 783-1333
andrew@lemmonlawfirm.com

**CERTIFICATE OF SERVICE**

  I hereby certify that the above and foregoing has been served on Defendants' Liaison Counsel, Kerry Miller, by e-mail and upon all parties by electronically uploading the same to LexisNexis File & Serve in accordance with Pre-Trial Order No. 6, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2047 on this 7th day of May, 2015.

            Respectfully Submitted,

           BY: */s/ Leonard A. Davis*
             Leonard A. Davis
             Herman, Herman & Katz, LLC
             820 O'Keefe Avenue
             New Orleans, LA 70113
             Phone: (504) 581-4892
             Fax: (504) 561-6024
             ldavis@hhklawfirm.com

             *Plaintiffs' Liaison Counsel*
             *MDL 2047*