UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE:  CHINESE-MANUFACTURED DRYWALL PRODUCTS LIABILITY LITIGATION | MDL NO. 2047<br>SECTION: L<br>JUDGE FALLON<br>MAG. JUDGE WILKINSON |
| THIS DOCUMENT RELATES TO:<br><br>*Germano v. Taishan Gypsum Co., Ltd., f/k/a Shandong Taihe Dongxin Co., Ltd.*, Case No. 09-6687 (E.D. La.);<br><br>*Gross v. Knauf Gips, KG*, Case No. 09-6690 (E.D. La.);<br><br>*Wiltz v. Beijing New Building Materials Public Limited Co.,* Case No. 10-361 (E.D. La.);<br><br>*Amorin v. Taishan Gypsum Co., Ltd., f/k/a Shandong Taihe Dongxin Co., Ltd.*, Case No. 11-1672 (E.D. La.);<br><br>*Amorin v. Taishan Gypsum Co., Ltd., f/k/a Shandong Taihe Dongxin Co., Ltd.*, Case No. 11-1395 (E.D. La.); and<br><br>*Amorin v. Taishan Gypsum Co., Ltd., f/k/a Shandong Taihe Dongxin Co., Ltd.*, Case No. 11-1673 (E.D. La.). | |

**MEMORANDUM OF LAW OF BEIJING NEW BUILDING MATERIALS PUBLIC LIMITED COMPANY AND BEIJING NEW BUILDING MATERIAL (GROUP) CO., LTD IN SUPPORT OF THEIR MOTION TO VACATE PORTIONS OF THE CLASS CERTIFICATION ORDER ADDRESSING THEIR LIABILITY TO THE CLASS UNDER THE THEORIES OF SINGLE BUSINESS ENTERPRISE, ALTER EGO, OR <u>PIERCING THE CORPORATE VEIL</u>**

Beijing New Building Materials Public Limited Company ("BNBM PLC") and Beijing New Building Material (Group) Co., Ltd. ("BNBM Group") respectfully submit this Memorandum of Law in Support of their Motion to Vacate Portions of the Class Certification

Order Addressing Their Liability to the Class Under the Theories of Single Business Enterprise, Alter Ego or Piercing The Corporate Veil.  *See* September 26, 2014 Findings of Fact and Conclusions of Law With Respect to Plaintiffs' Omnibus Motion for Class Certification Pursuant to Rules 23(a)(1)-(4) and 23(b)(3) ("Class FOFCOL," Doc No. 18028, at 12-21).

## PRELIMINARY STATEMENT

BNBM PLC and BNBM Group respectfully submit that the Court's alter ego findings in the Class FOFCOL should be vacated because they are unsupported by law or competent evidence.

The Court applied Louisiana law to the alter ego determination, when Chinese law should have been applied.  MDL choice of law rules direct the Court to apply the choice of law principles of the transferor forum or the MDL forum, depending on where the action was filed.  The Class FOFCOL was entered in cases filed in Louisiana, Florida, and Virginia.  The choice of law principles of Louisiana, Florida, and Virginia all mandate that Chinese law—the law of the state of incorporation—governs the alter ego determinations here.

Under Chinese Company Law, BNBM PLC and BNBM Group cannot be considered alter egos of Taishan.  In China, a company's separate legal personality may be disregarded where a shareholder of a company "evades the payment of its debts by abusing the independent status of juridical person or the shareholder's limited liabilities, and thus seriously damages the interest of any creditor."[1]  There is simply no evidence that BNBM PLC or BNBM Group have ever

---

[1] Declaration of Zhu Yan, dated March 30, 2012, at paragraph 47 (Rec. Doc. 14572-1, hereinafter "Yang Decl.") (quoting Article 20 of the Company Law).  Mr. Yan was the expert witness for Taishan and Taian Taishan Plasterboard Co., Ltd.  He is a professor of law at the Renmin University of China Law School in Beijing, and his background and extensive qualifications are described in his declaration.  Yan Decl. ¶¶ 1, 5-11.  The test under Chinese law for piercing the corporate veil is more fully discussed in the Memorandum of Beijing New Building Materials Public Limited Company In Support of its Motion to Dismiss the Complaints Pursuant to Rules

2

committed such an abuse here.  There is no evidence that BNBM PLC and BNBM Group have acted to evade debts or defraud creditors, either theirs or Taishan's.  As such, the law of their incorporation determines that they are properly deemed separate corporate entities for liability purposes.

Even if the legal standards for one of the three forum states were properly applied, the same result would be reached.  Under the law of Louisiana, Virginia, and Florida, the Court must assess whether there is any comingling of funds, failure to follow statutory formalities for incorporating corporate affairs, undercapitalization, failure to maintain separate bank accounts and bookkeeping records, and failure to hold regular shareholder and director meetings.[2]  Not one of these considerations is present with respect to Taishan, BNBM PLC, and BNBM Group, which are wholly independent in finances, operations, management and books and records, and which observe all corporate requirements and formalities.

Instead of applying the principles of Chinese Company law or assessing the range of factors required by the forum states, the Court focused on a single factor, the perceived control by BNBM Group and BNBM PLC of Taishan, while applying a "single-business enterprise" test advocated by the plaintiffs.  The single-business enterprise test focuses disproportionately on an investor's control of a corporation, but as the Court has recognized elsewhere, this test relies on atypical considerations and has not been adopted by Louisiana's highest court.  Instead, the Louisiana Supreme Court continues to adhere to its traditional veil piercing analysis, focusing on control *and* an abuse of the corporate structure.  *Morales v. Bayou Concessions Salvage, Inc.*, No. Civ.A. 03-657, 2004 WL 2381525, at *3-4 (E.D. La. Oct. 22, 2004).

---

12(b)(2) and 12(b)(5) (hereinafter "BNBM PLC 12(b)(2) Memorandum"), Rec. Doc. 18841-1, at 25.

[2] *See, e.g., Riggins v. Dixie Shoring Co.,* 590 So. 2d 1164, 1168-69 (La. 1991); *Long v. Chevron Corp.*, No. 4:11-CV-47, 2011 WL 3903066, at *7 (E.D. Va. Sept. 2, 2011).

In reaching its alter ego findings in the Class FOFCOL, the Court also relied solely on deemed admissions by Taishan, which are not competent evidence against BNBM PLC or BNBM Group. Requests for admission served only on a separate co-defendant cannot serve as a basis to find that facts have been admitted by BNBM Group or BNBM PLC. *Becerra v. Asher*, 921 F. Supp. 1538, 1544 (S.D. Tex. 1996), *aff'd* 105 F.3d 1042, 1048 (5th Cir. 1997). Nor could these admissions have been made by BNBM PLC or BNBM Group, because the competent evidence in these cases contradicts the deemed admissions. BNBM PLC and BNBM Group have proffered declarations and exhibits that demonstrate the deemed admissions are incorrect, and discovery to date corroborates the declarations and exhibits. Contrary to the deemed admissions, the evidence shows that BNBM Group does not have an ownership interest in Taishan, and never has; BNBM Group has not had an ownership interest in public company BNBM PLC since it first acquired its shares of Taishan; and while BNBM PLC has acquired stockholdings in Taishan that now aggregate 65%, stock ownership alone is insufficient to permit BNBM PLC to control Taishan, and no facts show that BNBM PLC in fact controls Taishan. The evidence shows that Taishan is not undercapitalized. The evidence shows that BNBM PLC, while a partial owner of Taishan, maintains separate finances, management, employees, offices, account books, manufacturing facilities, brands, bank accounts, and sales and procurement operations. Every aspect of their businesses are separately owned, operated, and managed. The evidence shows that BNBM PLC has not abused the corporate structure or used Taishan as a mere instrumentality. There is no basis to impute Taishan's acts to BNBM PLC or BNBM Group.

Accordingly, BNBM Group and BNBM PLC respectfully request the Court to vacate those portions of the Class FOFCOL that address their liability to the class under the theories of alter ego, single business enterprise, or piercing the corporate veil.

## FACTUAL AND PROCEDURAL BACKGROUND

On July 17, 2014, the Court entered its contempt order. (Rec. Doc. 17869). Three days later, the plaintiffs served on Taishan 123 requests for admissions relating to its alleged alter ego relationship with BNBM Group, BNBM PLC, and others. (Rec. Doc. 17993). The plaintiffs never directed these or similar requests for admission to BNBM Group or BNBM PLC. *Id.*

Taishan did not respond to the requests for admissions, resulting in the admissions being deemed admitted pursuant to Rule 36(a)(3). (Rec. Doc. 18028 at 14 n.5).

Subsequently, on September 26, 2014, this Court entered the Class FOFCOL, which certified the classes in the above-referenced cases. (Rec. Doc. No. 18028). The Court's findings in the Class FOFCOL relating to single business enterprise, alter ego, and piercing the corporate veil were based solely on Taishan's deemed admissions. (Rec. Doc. No. 18028 at 12-20).

Since the Court entered the Class FOFCOL, BNBM Group and BNBM PLC have proffered evidence squarely contradicting the deemed admissions. To avoid burdening the Court with duplicative briefing, BNBM Group and BNBM PLC direct the Court to the relevant portions of their briefs and referenced exhibits setting forth the factual record on these issues, which are incorporated by reference as if fully set forth herein. These briefs include the BNBM PLC 12(b)(2) Memorandum, Rec. Doc. 18849-1, at 6-10; the Memorandum of Beijing New Building Material (Group) Co., Ltd. In Support of Its Motion to Dismiss the Complaints Pursuant to Rules 12(b)(2) and 12(b)(5) (hereinafter "BNBM Group 12(b)(2) Memorandum"), Rec. Doc. 18841-1, at 6-10; and the Memorandum of Law In Support of the Motion of Beijing New Building Materials Public Limited Company Beijing New Building Material (Group) Co., Ltd. to Vacate Entries of Preliminary Default (hereinafter the "Motion to Vacate Memorandum"), Rec. Doc. 18851-1, at 9-12.

**ARGUMENT**

I.  **BNBM PLC, BNBM GROUP, AND TAISHAN ARE NOT ALTER EGOS UNDER CHINESE LAW, WHICH APPLIES IN THIS CASE**

MDL Courts apply the choice-of-law rules of the state in which the action was filed. *In re Vioxx Product Liability Litigation*, 478 F. Supp. 2d 897, 903 (E.D. La. 2007). The Class FOFCOL was entered in cases filed in Louisiana, Florida, and Virginia. The choice of law principles of Louisiana, Florida, and Virginia all direct that the law of the state of incorporation governs the alter ego determinations here.[3] Accordingly, any veil piercing or alter ego analysis related to BNBM PLC or BNBM Group must be conducted pursuant to the laws of China.[4]

Under Chinese Company Law, a parent and subsidiary keep their status as separate legal entities, even where (1) they share common officers, managers, and directors; and (2) the parent corporation exerts some level of control over the subsidiary as an owner or majority shareholder.[5] The only arguably[6] applicable basis to disregard a Chinese company's separate legal personality is where a shareholder of a company "evades the payment of its debts by abusing the independent status of juridical person or the shareholder's limited liabilities, and thus seriously damages the interest of any creditor." Yan Decl. ¶ 47; *see also* BNBM PLC 12(b)(2) Mem. at 25-28. There is

---

[3] *See* Fla. Stat. § 607.1505(3); Ala. Code § 10A-1-1.03(46); *Mukamal v. Bakes*, 378 F. App'x 890, 897 (11th Cir. 2010) (Florida); *Patin v. Thoroughbred Power Boats, Inc.,* 294 F.3d 640, 646-47 (5th Cir. 2002) (Louisiana); *McCarthy v. Giron,* No. 1:13-CV-01559-GBL, 2014 WL 2696660, at *11 (E.D. Va. June 6, 2014).

[4] *See also* the discussion in Argument Section I(D)(2)(a) of the BNBM PLC 12(b)(2) Memorandum.

[5] Yan Decl. ¶¶ 38-42; *see also* the discussion in BNBM PLC 12(b)(2) Memorandum at 25-26.

[6] Although the Plaintiffs' previously-filed expert declarations focused on Article 34 of Chinese Company Law, Article 34 is expressly limited to "one-person limited liability companies." BNBM PLC 12(b)(2) Memorandum at 25 n.35. Taishan is not a one-person limited liability company. BNBM PLC only owns sixty-five percent of Taishan, with the remainder composed of independent, non-public stockholders. *Id*. at 9-11. BNBM Group has had no ownership interest in BNBM PLC since 2005 and has never had any ownership interest in Taishan. *Id*. at 6.

*no* evidence that BNBM Group or BNBM PLC are evading their debts or abusing their limited liability status to the detriment of their creditors. Rather, the evidence reflects that there is complete corporate separateness between BNBM Group, BNBM PLC, and Taishan.[7]

## II. BNBM PLC, BNBM GROUP, AND TAISHAN ARE NOT ALTER EGOS UNDER THE LAWS OF THE FORUM STATES

BNBM PLC, BNBM Group, and Taishan cannot be found to be alter egos even if Chinese law is not applied as required. The proper application of Louisiana, Florida, or Virginia law would find that the companies are not alter egos and their liabilities cannot be imputed to one another, as there is no evidence of comingling funds, failure to follow statutory formalities for incorporating corporate affairs, undercapitalization, failure to maintain separate bank accounts and bookkeeping records, failure to hold regular shareholder and director meetings, or actual control and dominance.[8] Not one of these considerations is present with respect to Taishan, BNBM PLC, and BNBM Group, which are independent in finances, operations, management and books and records, and which observe all corporate requirements and formalities.

### A. The "Single-Business Enterprise" Rule Is Not The Correct Legal Standard

This Court's prior finding that BNBM PLC, BNBM Group, and Taishan constitute a "single business enterprise" respectfully should not stand. As the Court has previously recognized, it must follow the Louisiana Supreme Court's veil piercing analysis, which focuses on control *and* an abuse of the corporate structure. *Morales v. Bayou Concessions Salvage, Inc.*, No. Civ.A. 03-657, 2004 WL 2381525, at *1-3 (E.D. La. Oct. 22, 2004). At the plaintiffs' urging,

---

[7] *See* the analysis and cited exhibits discussed in BNBM PLC's 12(b)(2) Memorandum, Rec. Doc. 18849-1, at 26-28; BNBM Group's 12(b)(2) Memorandum, Rec. Doc. 18841-1, at 17-18; and Motion to Vacate Memorandum, Rec. Doc. 18851-1, at 9-12. The analysis and exhibits in these filings are incorporated by reference as if fully set forth herein.

[8] *See Riggins v. Dixie Shoring Co.,* 590 So. 2d 1164, 1168 (La. 1991); *Long v. Chevron Corp.*, No. 4:11-CV-47, 2011 WL 3903066, at *7 (E.D. Va. Sept. 2, 2011).

in the Class FOFCOL the Court utilized a "single business enterprise" test, first articulated in *Green v. Champion Ins. Co.*, 577 So. 2d 249, 256-60 (La. Ct. App. 1991).  This standard focuses inordinately on the question of an investor's "control" of the corporation.  "There is simply no persuasive evidence," the Court has previously explained, "that the Louisiana Supreme Court would abandon" the traditional veil-piercing test "and adopt the more expansive single business enterprise theory articulated in *Green*."  *Morales*, 2004 WL 2381525, at *3; *see also Town of Haynesville, Inc. v. Entergy Corp.*, 956 So. 2d 192, 197 (La. Ct. App. 2007).

      B.      **Application of the Forum States' Correct Legal Standards**

The law of the applicable forum states provides that a corporation is deemed a distinct legal entity, separate from its shareholders and subsidiaries.  *See Riggins v. Dixie Shoring Co.*, 590 So. 2d 1164, 1167 (La. 1991); *Saudi v. Northrop Grumman Corp.*, 427 F.3d 271, 276 (4th Cir. 2005); *Long v. Chevron Corp.*, No. 4:11-CV-47, 2011 WL 3903066, at *7 (E.D. Va. Sept. 2, 2011).  Courts are permitted to disregard this corporate distinction only under "exceptional circumstances," such as remedying a fraud to achieve equity.  *Riggins*, 590 So. 2d at 1168.  "In order properly to disregard the corporate entity, one of the primary components which justifies piercing the veil is often present: to prevent the use of the corporate form in the defrauding of creditors."  *Id*. at 1169.  Simply alleging that a parent controls the actions of its subsidiary does not rise to the level of "exceptional circumstance" required to disregard the corporate form.  *See Bujol v. Entergy Sys., Inc.*, 922 So. 2d 1113, 1127-28 (La. 2004).  "[C]ontrol alone is not sufficient to warrant piercing the corporate veil."  *Town of Haynesville, Inc. v. Entergy Corp.*, 956 So. 2d 192, 197 (La. Ct. App. 2007).  Rather, the Court must assess whether there is any comingling of funds, failure to follow statutory formalities for incorporating corporate affairs, undercapitalization, failure to maintain separate bank accounts and bookkeeping records, and

failure to hold regular shareholder and director meetings. *Riggins*, 590 S.2d at 1168; *Long*, 2011 WL 3903066, at *7. When fraud is not alleged, as here, a plaintiff seeking to pierce the corporate veil "bears a heavy burden of proof in demonstrating that the corporate form has been disregarded." *Hollowell v. Orleans Reg'l Hosp., LLC,* 217 F.3d 379, 386 (5th Cir. 2000) (quoting *Huard v. Shreveport Pirates, Inc.,* 147 F.3d 406, 410 (5th Cir. 1998).

BNBM PLC, BNBM Group, and Taishan cannot be alter egos, because there is no commingling of funds, statutory formalities for incorporating corporate affairs are followed, they are not undercapitalized, the bank accounts are separate, bookkeeping records are separate, and regular shareholder and director meetings are held.[9] Under any of the forum state's legal standards, BNBM PLC's and BNBM Group's corporate separateness should be recognized, and this Court's alter ego finding should be set aside.

### III. THE COURT'S ALTER EGO FINDING IS NOT BASED ON COMPETENT EVIDENCE

The Court's finding that Taishan, BNBM PLC, BNBM Group and others constitute "a single business enterprise" rests, erroneously and entirely, upon Taishan's deemed admissions rather than a developed factual record. (Rec Doc. 18028, at 12-20). Controlling precedent prevents those deemed admissions from being used against co-defendants BNBM PLC or BNBM Group. *Becerra v. Asher*, 105 F.3d 1042, 1048 (5th Cir. 1997); *see also, e.g.*, *Riberglass, Inc. v. Techni-Glass Indus., Inc.*, 811 F.2d 565, 566-67 (11th Cir. 1987) (deemed admissions of co-defendants could not bind defendant who did respond to requests); *Earl Realty, Inc. v. Leonetti* (*In re Leonetti*), 28 B.R. 1003, 1009 (E.D. Pa. 1983) (admission of one defendant not admissible

---

[9] *See* the analysis, arguments and cited exhibits discussed in the BNBM PLC 12(b)(2) Memorandum, Rec. Doc. 18849-1, at 29-30; the BNBM Group 12(b)(2) Memorandum, Rec. Doc. 18841-1, at 17-18; and the Motion to Vacate Memorandum, Rec. Doc. 18851-1, at 9-12. These analyses, arguments, and exhibits are incorporated by reference as if fully set forth herein.

against co-defendant).  The requests for admissions were not made to or served on BNBM PLC or BNBM Group, and therefore cannot be used to impose liability against them.

The virtue of the principle that admissions by one co-defendant cannot bind another is confirmed here because, in fact, the deemed admissions have been shown to be wrong. Declarations and exhibits that BNBM PLC and BNBM Group have submitted to the Court, and discovery in the case, show that BNBM PLC and BNBM Group did not sell Taishan drywall to the United States and do not meet the standard for piercing the corporate veil.  For starters, Taishan is not a "one-person limited liability company."  Instead, BNBM PLC owns 65% of Taishan; the other 35% is owned by other investors.[10]  BNBM PLC acquired its position in Taishan in two separate transactions by paying fair value in arms-length transactions, as determined by third-party appraisers.[11]  Taishan bargained for BNBM PLC to have less than a two-thirds ownership interest, so that PLC "would not have the right to make decisions on important matters."[12]  BNBM Group, meanwhile, has never had an ownership interest in Taishan.[13]  BNBM Group formed BNBM PLC in 1997, but has had no equity ownership or other financial interest in BNBM PLC since 2005.  *Id.*  BNBM PLC acquired its first equity interest in Taishan after BNBM Group divested itself of BNBM PLC, which is a publicly-traded company. *Id.*

---

[10] *See* Declaration of Yanjun Yang, dated April 16, 2015, at paragraph 8 (Rec. Doc. 18851-11) (hereinafter the "Yang Decl.").

[11] *See id.*; Declaration of Yu Chen, dated April 16, 2015, at paragraph 24 (Rec. Doc. 18851-12) (hereinafter the "Chen Decl.").

[12] Transcript of the deposition of Tongchun Jia, taken on January 9, 2012, at 595:17-597:16 (Rec. Doc. 18851-16).

[13] Declaration of Yanming Zhao, dated March 16, 2015, at paragraphs 6 and 7 (Rec. Doc. 18851-26) (hereinafter "Zhao Decl.").

BNBM PLC, BNBM Group, and Taishan are not integrated in any way, operationally or otherwise. (Chen Decl. ¶¶ 9-23, 25; Yang Decl. ¶¶ 10-18). They have never commingled funds. They have separate management, officers, directors, employees, staff, offices, supplies, manufacturing facilities, brands of drywall, sales teams, procurement teams, bank accounts, accounting books and records, and accounting staff. (Yang Decl. ¶¶ 10-18; Chen Decl. ¶¶ 12-22). Taishan is not undercapitalized. (Yang Decl. ¶¶ 9, 10, 18; Chen Decl. ¶¶ 12-15). Taishan had net profits of RMB 1,020,505,550 in 2014 and RMB 978,569,269 in 2013. (*See* BNBM PLC 12(b)(2) Memorandum at page 8 and footnote 8). BNBM PLC and BNBM Group have never financed Taishan's operations (or each other's operations), whether by providing non-repayable funds or otherwise, and have never paid Taishan's debts, bankrolled Taishan's expenses, made Taishan's payroll or fulfilled Taishan's contractual obligations. (Yang Decl. ¶¶ 10, 18; Chen Decl. ¶¶ 12-15; Zhao Decl. ¶¶ 12-25). Taishan's finances, financial controls, and accounting functions operate independently of BNBM PLC and BNBM Group. (Yang Decl. ¶¶ 12-17). Each company is responsible for its own debts, liabilities, and losses. (Yang Decl. ¶¶ 10, 18; Chen Decl. ¶¶ 12, 13, 15; Zhao Decl. ¶¶ 12-15). Each company is managed and operated independently. (Chen Decl. ¶¶ 9-23, 25; Yang Decl. ¶¶ 10-18; Zhao Decl. ¶ 6). There are no common finances, bank accounts, financial controls or accounting functions. (Yang Decl. ¶¶ 11-17; Chen Decl. ¶ 22; Zhao Decl. ¶¶ 16-23, 27, 30). Nobody controls or can access the other's accounts and assets. (Yang Decl. ¶¶ 11, 14-15; Zhao Decl. ¶¶ 16-23, 27, 30).

## CONCLUSION

WHEREFORE, for all the foregoing reasons, and the reasons set forth in their other papers in these actions including the BNBM PLC 12(b)(2) Memorandum, the BNBM Group 12(b)(2) Memorandum, and the Motion to Vacate Memorandum, and the declarations and exhibits submitted therewith, BNBM Group and BNBM PLC respectfully request the Court to

vacate those portions of its Class FOFCOL holding BNBM Group and BNBM PLC liable for Taishan's conduct under "single business enterprise," alter ego, or piercing the corporate veil theories.

Dated:  May 8, 2015                                         Respectfully submitted,

**DENTONS US LLP**

By: */s/ Michael H. Barr*
Michael H. Barr
New York Bar No. 1744242
Justin N. Kattan
New York Bar No. 3983905
1221 Avenue of the Americas
New York, NY 10020-1089
Telephone:  (212) 768-6700
Facsimile:  (212) 768-6800
michael.barr@dentons.com
justin.kattan@dentons.com

- AND -

Richard L. Fenton
Illinois Bar No. 3121699
Leah R. Bruno
Illinois Bar No. 6269469
233 South Wacker Drive
Suite 5900
Chicago, IL  60606-6306
Telephone:  (312) 876-8000
Facsimile:  (312) 876-7934
richard.fenton@dentons.com
leah.bruno@dentons.com

- AND -

C. Michael Moore
Texas Bar No. 14323600
Gene R. Besen
Texas Bar No. 24045491
2000 McKinney Ave, Suite 1900
Dallas, TX  75201
Telephone:  (214) 259-0900
Facsimile:  (214) 259-0910
mike.moore@dentons.com
gene.besen@dentons.com

- AND -

**PHELPS DUNBAR LLP**

Harry Rosenberg
Louisiana Bar No. 11465
365 Canal Street, Suite 2000
New Orleans, Louisiana 70130-6534
Telephone:  (504) 566-1311
Facsimile:  (504) 568-9130
harry.rosenberg@phelps.com

*Attorneys for Beijing New Building Material (Group) Co., Ltd. and Beijing New Building Materials Public Limited Company*

**CERTIFICATE OF SERVICE**

I hereby certify that the above and foregoing Beijing New Building Materials Public Limited Company's and Beijing New Building Material (Group) Co., Ltd.'s Motion to Vacate Portion of the Class Certification Order Addressing Their Liability to The Class Under the Theories of Single Business Enterprise, Alter Ego, or Piecing the Corporate Veil has been served on Plaintiffs' Liaison Counsel, Leonard Davis, and Defendants' Liaison Counsel, Kerry Miller, by U.S. mail and e-mail or by hand delivery and e-mail and upon all parties by electronically uploading the same to LexisNexis File & Serve in accordance with Pre-Trial Order No. 6, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2047, on this 8th day of May, 2015.

                                                                               */s/*   *Michael H. Barr*