# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE:  CHINESE-MANUFACTURED DRYWALL PRODUCTS LIABILITY LITIGATION | MDL NO. 2047 SECTION: L JUDGE FALLON MAG. JUDGE WILKINSON |
| **THIS DOCUMENT RELATES TO:** *Germano v. Taishan Gypsum Co., Ltd., f/k/a Shandong Taihe Dongxin Co., Ltd.*, Case No. 09-6687 (E.D. Va.); *Gross v. Knauf Gips, KG*, Case No. 09-6690 (E.D. La.); *Wiltz v. Beijing New Building Materials Public Limited Co.,* Case No. 10-361 (E.D. La.); *Amorin v. Taishan Gypsum Co., Ltd., f/k/a Shandong Taihe Dongxin Co., Ltd.*, Case No. 11-1672 (S.D. Fl.); *Amorin v. Taishan Gypsum Co., Ltd., f/k/a Shandong Taihe Dongxin Co., Ltd.*, Case No. 11-1395 (E.D. La.); and *Amorin v. Taishan Gypsum Co., Ltd., f/k/a Shandong Taihe Dongxin Co., Ltd.*, Case No. 11-1673 (E.D. Va.). | |

## TAISHAN'S MEMORANDUM OF LAW IN SUPPORT OF THE MOTION TO DECERTIFY THE CLASS

# INTRODUCTION

Taishan's request to decertify the *Amorin* class is timely and appropriate under Rule 23(c)(1)(C), which permits the Court to alter or amend a class certification order any time "before final judgment." The Court should decertify the class because it violates directly relevant Supreme Court and Fifth Circuit law in several different ways.

***First***, Plaintiffs cannot satisfy Rule 23(b)(3)'s superiority requirement because liability was determined before certification, and the subsequent class consists entirely of individuals who were already named parties to the suit. *See Robertson v. Monsanto Co.*, 287 F. App'x 354, 363 (5th Cir. 2008).

***Second***, Plaintiffs have not established the predominance requirement because they made no attempt to analyze or account for variations in the 19 different states' laws applicable here. *See Castano v. Am. Tobacco Co.*, 84 F.3d 734, 741 (5th Cir. 1996).

***Third***, Plaintiffs also cannot satisfy predominance because these property damages are not susceptible to mechanical calculation, and the proposed formula does not accurately calculate class members' varying individual real property and related damages. *See Corley v. Orangefield Indep. Sch. Dist.*, 152 F. App'x 350, 355 (5th Cir. 2005).

***Fourth***, this class violates Fifth Circuit law requiring individualized treatment of mass tort damages—even if other issues are susceptible to certification. *See In re Fibreboard Corp.*, 893 F.2d 706, 712 (5th Cir. 1990); *Cimino v. Raymark Indus., Inc.*, 151 F.3d 297, 316-20 (5th Cir. 1997); *Steering Committee v. Exxon Mobile Corp.*, 461 F.3d 598, 603 (5th Cir. 2006).

***Fifth***, Plaintiffs failed to submit evidence sufficient to meet their burden of proof and for the Court to perform the "rigorous analysis" demanded by Rule 23. *See M.D. ex rel. Stukenberg v. Perry*, 675 F.3d 832, 837 (5th Cir. 2012).

***Finally***, Plaintiffs' "Trial by Formula," which extrapolates class-wide damages based on the average damages of a limited subset of class members, violates the Rules Enabling Act and Taishan's due process rights.  *See Wal-Mart Stores, Inc. v. Dukes*, 131 S. Ct. 2541, 2561 (2011).

## BACKGROUND

The Court has certified a class of more than 3,500 property owners located in 19 different states.  Class members seek damages allegedly caused by drywall manufactured or sold by Taishan during the construction boom that followed Hurricanes Katrina and Rita.  *See* September 26, 2014 Findings of Fact and Conclusions of Law With Respect to Plaintiffs' Omnibus Motion for Class Certification Pursuant to Rules 23(a)(1)-(4) and 23(b)(3) (Dkt. No. 18028) ("Class Cert. Order") at ¶¶ 1, 55.  Certifying the class, the Court observed that Plaintiffs could establish classwide damages using a "mathematical formula . . . (*i.e.*, price per square foot to remediate X number of square feet in class members' homes = damages)."  *Id.* at ¶ 75.

The Court's legally incorrect observation was based primarily on findings of facts and conclusions of law ("FOFCOL") made in *Germano* and, to a lesser extent, in *Hernandez*.[1]  In *Germano*, which alleged a Virginia class that was never certified, the Court ordered preliminary default against Taishan on November 20, 2009.  *(*Dkt. No. 487).  The Court then permitted the intervention of 14 individual plaintiffs ("Plaintiff-Intervenors"), and held an evidentiary hearing on the Plaintiff-Intervenors' claimed damages (without Taishan's participation) in 2010.  In advance of the evidentiary hearing, the Court issued an order to "clarify that the result of the hearing will only have a preclusive effect on those properties which are the subject of the hearing."  (Dkt. No. 576).  After the hearing, the Court issued its *Germano* FOFCOL, and then

---

[1] *See Germano v. Taishan Gypsum Co., Ltd., f/k/a Shandong Taihe Dongxin Co., Ltd.*, Case No. 2:09-cv-6687 (E.D. La.) ("*Germano*") (Dkt. No. 2380); *Hernandez v. Knauf Gips KG*, Case No. 09-6050 (E.D. La.) ("*Hernandez*") (Dkt. No. 2713).

entered final judgment for the Plaintiff-Intervenors.   (Dkt. Nos. 2380 (FOFCOL) and 3013 (Judgment)).   The final judgment awarded specific dollar amounts to each set of plaintiffs based on the property-specific proof presented at the hearing.   But the Court went on to observe that remediation costs could be calculated—for "the *Germano* homes" only—using a single rate of $86 per square foot.  (Dkt. No. 2380) at 57.

*Hernandez* involved a single Louisiana property owner whose damages claim was litigated in an adversarial proceeding the month following the *Germano* evidentiary hearing. The evidence at the *Hernandez* hearing was almost entirely claimant-specific and resulted in a damages award of approximately $164,000.  The Court made no square footage cost finding in *Hernandez*, but then observed in its Class Certification Order that the *Hernandez* remediation costs could be calculated at a rate of $81 per square foot.  *See* Class Cert. Order at ¶ 74.  No issues of class damages were litigated, much less resolved, in either *Germano* or *Hernandez*.

In Taishan's absence, Plaintiffs filed their Omnibus Motion for Class Certification Pursuant to Rules 23(a)(1)-(4) and 23(b)(3) ("Class Certification Motion") (Dkt. No. 17883) on July 23, 2014.  Plaintiffs, who bear the burden of proof under Rule 23, grounded their Class Certification Motion on the Court's prior rulings in *Germano* and *Hernandez*.  Notwithstanding Rule 23(b)(3)'s strict requirements, and notwithstanding the Fifth Circuit's prohibition on aggregate damages in mass tort cases, Plaintiffs filed a perfunctory motion with no additional evidence—expert or otherwise.   The Court accepted Plaintiffs' approach—much of the Class Certification Order is a verbatim recitation of the Plaintiffs' Motion.  *See generally* Class Cert. Order.  The Court held that the class certification analysis was simplified because "[l]iability is conceded by default."  *Id.* at ¶ 71.

Notwithstanding its prior ruling to the contrary, the Court held that *Germano* had preclusive effect through non-mutual, offensive collateral estoppel.  *Id.* at ¶ 61.  Plaintiffs submitted no expert testimony to support a methodology for calculating class-wide tort damages. Yet the Court relied upon the preclusive effect of *Germano* to find that "Plaintiffs have demonstrated a methodology to calculate class-wide damages in compliance with" a Fifth Circuit civil rights case (decided under Rule 23(b)(2), not Rule 23(b)(3)).  *Id.* at ¶ 72.

With no proper guidance from the Plaintiffs, the Court went on to note that "Plaintiffs can establish a formulaic method to determine class-wide property damages as required by the Rule 23(b)(3) predominance requirement. . . . Indeed, damages are simply calculated by using a [per square foot] formula similar to what the Court utilized in *Germano* and *Hernandez*."  *Id.* at ¶ 75. The Court certified a class for more than 3,500 claimants with properties in 19 states, but neither Plaintiffs nor the Court addressed the potential for state law variations as required by Fifth Circuit law.  The Court defined the certified class as "[a]ll owners of real properties in the United States, who are named Plaintiffs [in the various MDL complaints] asserting claims for remediated damages arising from, or otherwise related to" Taishan drywall.  *Id.* at ¶ 79.

In their subsequent Motion for Class Damages, Plaintiffs proposed a mechanical formula: (1) remediation costs calculated at single cost per square foot; (2) alternative living expenses calculated at a single cost per square foot; and (3) $100,000 for each class member for loss of use and enjoyment of their property.  *See* Plaintiffs' Motion for Assessment of Class Damages Pursuant to Rule 55(b)(2)(B) and Request for Approval of Supplemental Notice (Dkt. No. 18086-1) ("Motion for Class Damages") at 5-7.  Plaintiffs' evidence for items 1 and 2 was solely a designated expert witness.  Plaintiffs submitted no evidence in support of item 3.

Plaintiffs' Motion failed to bring to the Court's attention the legion of Fifth Circuit cases that have rejected mechanical formulas and aggregate damages in mass tort cases.

## LEGAL STANDARD

Taishan brings this Motion under Federal Rule of Civil Procedure 23(c)(1)(C), which provides that "[a]n order that grants or denies class certification may be altered or amended before final judgment." Given the practical flexibility of that Rule, the Supreme Court instructs that class "certifications are not frozen once made." *Amgen Inc. v. Conn. Ret. Plans & Trust Funds*, 133 S. Ct. 1184, 1201 n.9 (2013). Indeed, because class certification orders are "inherently tentative," a trial "judge remains free to modify it in light of subsequent developments in the litigation." *Gen. Tel. Co. of Sw. v. Falcon*, 457 U.S. 147, 160 (1982).

The Fifth Circuit requires a district court to reassess a class certification ruling throughout the proceedings. *See Richardson v. Byrd*, 709 F.2d 1016, 1019 (5th Cir. 1983). Where it "becomes clear that the district court needs to alter, amend, or even decertify the class, the district court can and should do so under Rule 23(c)(1)(C)." *Gene & Gene, L.L.C. v. BioPay, L.L.C.*, 624 F.3d 698, 703 (5th Cir. 2010) (citing *Prado-Steiman v. Bush*, 221 F.3d 1266, 1273 (11th Cir. 2000)). On a motion for decertification, the burden remains on the party seeking certification to demonstrate "that the requirements of Rules 23(a) and (b) are met." *Marlo v. United Parcel Service, Inc.*, 639 F.3d 942, 947 (9th Cir. 2011) (internal quotation marks and citations omitted); *Ezell v. Mobile Housing Bd.*, 709 F.2d 1376, 1380 (11th Cir. 1983) (affirming a district court's decertification ruling because the plaintiffs had "failed to satisfy their burden of proof that class certification was proper").

As the Supreme Court has made clear, "Rule 23 does not set forth a mere pleading standard. A party seeking class certification must affirmatively demonstrate his compliance with

the Rule . . . ." *Dukes*, 131 S. Ct. at 2551.  Plaintiffs must establish all of the requirements of Rule 23(a) and "at least one of the three requirements listed in Rule 23(b)" for a class to be certified.  *Id.* at 2548-49.  Plaintiffs traveling under Rule 23(b)(3) must show that "questions of law or fact common to the members of the class 'predominate over any questions affecting only individual members.'"  *Steering Committee*, 461 F.3d at 601 (quoting *Unger v. Amedisys Inc.*, 401 F.3d 316, 320 (5th Cir. 2005)).  The predominance requirement is "far more demanding" than the commonality requirement.  *Id.* at 601-02.  Rule 23(b)(3) also requires Plaintiffs to prove that a "class action is superior to other available methods for fairly and efficiently adjudicating the controversy."  *Dukes*, 131 S. Ct. at 2558 (internal quotations and citations omitted).  Before certifying a class, a court must perform a "rigorous analysis" to satisfy itself that the requirements of Rule 23 have been met.  *Id.* at 2551 (internal citations omitted).[2]

---

[2] Defendants may challenge expert damages testimony on both procedural admissibility grounds and substantive grounds of whether damages can be measured on a classwide basis.  *Comcast Corp. v. Behrend*, 133 S.Ct. 1426, 1431 n.4 (2013).  On the substantive ground, the Court must "[r]esolv[e] expert disputes in order to determine whether [the] class certification requirement" of a common damages model "has been met . . . no matter whether a dispute might appear to implicate the 'credibility' of one or more experts."  *In re Hydrogen Peroxide Antitrust Litig.*, 552 F.3d 305, 324 (3d Cir. 2008); *Ellis v. Costco Wholesale Corp.*, 657 F.3d 970, 982 (9th Cir. 2011) (Rule 23 scrutiny of expert testimony does not "end . . . after determining such evidence [is] merely admissible").  The Rule 23 rigorous analysis requires "judging the persuasiveness of the evidence presented."  *Ellis*, 657 F.3d at 982.  After deposing Plaintiffs' newly designated damages expert, George Inglis, Taishan will file a Rule 702 motion to exclude his irrelevant, unqualified and unreliable affidavit and testimony that is inadmissible and insufficient to prove a methodology for class treatment of mass tort damages here.

**ARGUMENT AND CITATION TO AUTHORITIES**

**I.    THE COURT SHOULD DECERTIFY THE CLASS BECAUSE PLAINTIFFS HAVE NOT ESTABLISHED SUPERIORITY OR PREDOMINANCE**

**A.    Plaintiffs Cannot Prove That Class Treatment Is Superior**

District courts in this Circuit may not maintain a mass tort class where, as here, liability has already been adjudicated "*before* the class was certified" and "the class . . . is defined to include only individuals . . . who were already named as plaintiffs."  *Robertson*, 287 F. App'x at 361-62 (emphasis in original).  Faced with that exact situation, the Fifth Circuit reversed the class certification because it had "no doubt that the superiority requirement has not been, *and cannot be*, satisfied, and that the district court abused its discretion in concluding otherwise."  *Id.* at 363 (emphasis added).

The Fifth Circuit held that superiority could not be met based on two facts.  First, the *Robertson* court held that "since the issue of liability has already been resolved for every class member, there is no need for a class action here."  *Id.* at 363.  Second, as in this case, the class in *Robertson* was "defined to include only individuals . . . who were already named as plaintiffs in the Robertsons' action."  *Id.* at 361.  The class was certified only "after several years of litigation," which showed "that the case can be adjudicated fairly and efficiently by means other than a class action."  *Id.* at 363.  Because "the entire class consists of individuals who [were] already parties to the suit against [the defendant]," the court found that class treatment had no advantage because "a binding final judgment will be rendered, one way or the other."  *Id.*

This case has functionally equivalent "facts and circumstances unique to [the *Robertson*] case that make it clear that the superiority requirement has not been met."  *See id.* at 361.  As in *Robertson*, the potentially common liability issues were adjudicated before the class was certified when the Court entered preliminary default.  Also, the class is defined as the individuals

who were already named plaintiffs in the various class complaints.  Thus here, as in *Robertson*, "there simply is no gain to be had from using the class action form."  *Id.* at 362.

This class is also not superior given the high value of each individual's claim.  *See Bevrotte v. Caesars Entm't Corp.*, 2011 WL 4634174 (E.D. La. Oct. 4, 2011) (striking class allegations because plaintiffs "who allege serious injuries stand to recover substantial amounts. This provides ample incentive for them to proceed on an individual basis." (citations omitted)).

Plaintiffs cannot invoke alleged expediency to argue that maintaining the class is superior by making the award of aggregate damages easier.  That shortcut damages scheme is impermissible under plain Fifth Circuit law, as explained in Taishan's Opposition to Plaintiffs' Motion for Assessment of Class Damages.[3]  The Court should decertify the class because class-wide treatment of damages is neither superior nor legally permissible.

### B.   Predominance is not Met Because Plaintiffs' Formula Fails To Account For Variations In State Law

Fifth Circuit law teaches that individual state law on mass tort damages must be honored and applied.  *In re Fibreboard Corp.*, 893 at 709.  The state law applicable to drywall claims is the state in which the claimant's real property is "situated" and the claimants' "losses . . . occurred."  *Germano* FOFCOL at 64 (Dkt. No. 2380).

Plaintiffs invited reversible error at class certification when they "failed to adequately address . . . variations in" the 19 different states' laws at issue here.  *See Cole v. Gen. Motors Corp.*, 484 F.3d 717, 730 (5th Cir. 2007) (reversing class certification because plaintiffs and court failed to address variations in state law); *Madison*, 637 F.3d at 557 (reversing certification

---

[3] Plaintiffs' proposal actually provides no shortcut but makes the process more complicated.  As outlined in Plaintiffs proposed "trial plan" (Dkt No. 18753), all of the individual issues would remain to be addressed in "Phase II," even if the Court started with a lump sum.

because "[t]he [district court's] opinion is also silent as to the relevant state law that applies to Plaintiffs' claims . . .").  This Court has recognized the mandatory nature of the state law assessment in any Rule 23 analysis:

> Before determining whether a nationwide class action may be certified under Rule 23 of the Federal Rules of Civil Procedure, the Court must first determine which state's or states' substantive law will govern the class.  *See Spence v. Glock*, 227 F.3d 308, 311 (5th Cir.2000); *Castano v. Am. Tobacco Co.*, 84 F.3d 734, 741-42 (5th Cir.1996).  To make this determination, the Court must conduct a choice-of-law analysis. . . .  Only then can the Court determine whether or not the putative nationwide class . . . satisfies the requirements of Rule 23.

*In re Vioxx Prod. Liab. Litig.*, 239 F.R.D. 450, 454 (E.D. La. 2006).  The "vacuum created by plaintiffs' omission" made it impossible for the Court to assess Rule 23 properly, including the typicality and predominance requirements.  *Cole*, 484 F.3d at 730.  This is especially true in mass torts where class members reside in multiple states because there are subtle—but often critical or even dispositive—distinctions between each state's law.  These "[v]ariations in state law may swamp any common issues and defeat predominance."  *Castano*, 84 F.3d at 741 (citations omitted).  The Court should decertify the class because neither Plaintiffs' Motion for Class Certification nor the Court's Class Certification Order mentions, much less resolves, state law differences.

Here, critical state law distinctions exist.  Below are just a few of the many potential differences in state law affecting the scope, amount, and proof of damages recoverable here:

- ***Recovery of Repair Costs in Excess of Fair Market Value ("FMV")***:  In Florida, Mississippi, and Virginia, a plaintiff may not recover damages for repair costs in excess of the FMV of the property.  *See Grossman Holdings Ltd. v. Hourihan*, 414 So. 2d 1037, 1039-40 (Fla. 1982); *7-Eleven, Inc. v. Dep't of Envtl. Quality*, 590 S.E.2d 84, 101 (Va. Ct. App. 2003); *Gerodetti v. Broadacres, Inc.*, 363 So. 2d 265, 267-68 (Miss. 1978).  But

Louisiana recognizes exceptions to the economic waste doctrine. *See Roman Catholic Church of Archdiocese of New Orleans v. Louisiana Gas Serv. Co.*, 618 So. 2d 874, 879-80 (La. 1993).

- ***Proof of Damages***: In Louisiana "[d]amages may be predicated on the basis of estimates only when the loss has not been repaired." *Volkswagen of Am., Inc. v. Robertson*, 713 F.2d. 1151, 1169 (5th Cir. 1983) (quoting *Lambert v. Allstate Ins. Co.*, 195 So. 2d 698, 700-701 (La. App. 1st Cir. 1967) (internal citations omitted)). In Alabama, however, a plaintiff is entitled to recover the *lesser* of the estimated or actual repair cost. *See State Farm & Cas. Co. v. Ponder*, 469 So. 2d 1262, 1269 (Ala. 1985). And Virginia courts reject use of repair costs because "[d]iminution in market value is the proper measure of damages for real property . . . ." *MFC P'ship v. Foster*, 1986 WL 740398, *6 (Va. Circ. Ct., July 16, 1986) (citing *Younger v. APCO*, 202 S.E.2d 866 (1974) ("When diminution in market value can be reasonably ascertained, that is the appropriate measure of damages.").

Plaintiffs want to apply to a single class their formula that ignores varying states' laws directly controlling the categories and amounts of damages that class members are entitled to recover. That approach contravenes binding Fifth Circuit law and provides another independent basis for decertifying the class.

### C. Plaintiffs' Formula Fails To Satisfy The Predominance Requirement Because It Cannot Accurately Calculate Class Members' Individualized Property Damages.

The Court should decertify also because Plaintiffs' damages formula based on averages is "clearly inadequate" and does not accurately calculate each class member's varying damages. *See Bell Atlantic Corp.*, 339 F.3d at 307 (no predominance where formula relied on "averages" and made "no effort to adjust for the variegated nature" of each class member's damages). As

10

discussed more fully in Taishan's Opposition to Plaintiffs' Motion for Assessment of Class Damages, the Fifth Circuit has held that predominance is not satisfied in a proposed class of property owners where "the most important factor is the necessity of individualized damage calculation." *Corley*, 152 F. App'x at 355.  In *Corley*, the Fifth Circuit rejected the notion that an inadequate "per-foot extrapolation" formula like the one Plaintiffs propose can establish predominance.  *Id.*  Such simplistic formulas fail because "the injury to the landowners varies in substantial ways, depending on the value, character and location of the property . . . ."  *Id.*

*Corley*'s rejection of a single class-wide formula is not the exception, but the rule. Residential structures have "differing values based upon construction materials, architectural style, neighborhood location, size, age, and condition of property."  *In re Katrina Canal Breaches Consol. Litig.*, 258 F.R.D. 128, 135 (E.D. La. 2009).  Putative class members' claim of injuries from a common source does not produce a different result or otherwise save Plaintiffs' formula approach.  Courts in the Fifth Circuit have recognized that "no two property owners will have experienced the same losses."  *Comer v. Nationwide Mut. Ins.*, No. 1:05 CV 436, 2006 WL 1066645, at *2 (S.D. Miss. Feb. 23, 2006) (noting that "[t]he nature and extent of the property damage the owners sustain from the common cause, Hurricane Katrina, will vary greatly in its particulars . . .").

In addition to masking the claimant-specific characteristics of real property damages, Plaintiffs' one-size-fits-all formula fails to account for other key variables unique to each class member.  Plaintiffs' formula wrongly assumes all class members (1) will incur alternative housing costs perfectly commensurate with the square footage of their houses, and (2) should receive loss of use and enjoyment compensation in identical amounts.  *See* Motion for Class

Damages at 5-7.[4]  But whether a class member required alternative housing and, if so, for how long and at what cost; and the extent of each homeowner's loss of use and enjoyment turns on particular circumstances unique to each of the roughly 4,000 class members.[5]  Those variables, along with the inherently individual nature of real property damages, are not "identifiable on a classwide basis," as they might be in other types of cases.  *Monumental Life Ins. Co.*, 365 F.3d 408, 419 (5th Cir. 2004).  In tort cases (and many other types of cases), individualized damages preclude a finding of predominance.  *See Steering Committee*, 461 F.3d at 602-03 (affirming denial of class certification because individualized tort damages issues precluded predominance); *MP Vista, Inc. v. Motiva Enters., LLC*, 286 F.R.D. 299, 312 (E.D. La. 2012) (declining to certify a class of gas station owners and operators because determining damages awards "would require assessing each gas station's individual circumstances '[d]ay by day and station by station.'").  Here, Plaintiffs do not seek merely to defer the difficult individualized damages questions, they propose a class-wide formula that ignores them altogether.

The sole Fifth Circuit case permitting formula calculation cited in the class certification Order (*Monumental Life*) cannot justify a finding of predominance here for several reasons.  Applicable here is the long line of authority cited in *Monumental Life* that class certification is not permitted in cases that "entail complex individualized determinations."  365 F.3d at 419.  *Monumental Life* did not involve such determinations.  Individual damages did not predominate in that civil rights case involving discriminatory life insurance practices because "none of the

---

[4] Plaintiffs' formula also wrongly assumes that each claimant is entitled to full remediation recovery from Taishan.  It is likely, however, that many claimants' have received money from other drywall settlements, thus requiring an individualized offset inquiry under the various applicable state laws.  *See, e.g.*, Fla. Stat. Ann. § 46.015(2).

[5] The Court need look no further than *Germano* in which the Leaches received a smaller award for loss of use and enjoyment because they would be excluded from only a portion of their house during remediation.

variables [for calculating damages] is unique to particular plaintiffs"; rather, damages could be measured by simply calculating the "difference between what [an African-American] and a [Caucasian] paid for the same policy." *Id.* Also critical to the Court's analysis was the fact that the discriminatory "practices . . . [were] memorialized in the insurer's rate books and records, which explicitly distinguish dual rate and dual plan policies by race." *Id.* at 412. Unlike the property-by-property determination required here, in that case assessing damages did "not require the manipulation of data kept outside defendants' normal course of business," which made it a "virtually mechanical task." *Id.* at 419-20. *Monumental Life* also does not apply because that case involved a putative Rule 23(b)(2) class, not a putative Rule 23(b)(3), and "examine[d] whether the [equitable monetary relief] claim predominates over the request for injunctive relief." *Id.* 418. Moreover, the viability of *Monumental Life* is doubtful given the Supreme Court's subsequent holding that Rule 23(b)(2) "does not authorize class certification when each class member would be entitled to an individualized award of monetary damages." *Wal-Mart Stores*, 131 S.Ct. at 2557.

This litigation involving claims of tort damage to remediate thousands of parcels of real property is very different from *Monumental Life* and other cases that have permitted class certification based on the availability of simple formulas applied mechanically using a single defendant's own records to calculate each class member's damages. *See, e.g.*, *Clark v. State Farm Mut. Auto. Ins. Co.*, 245 F.R.D. 478, 488 (D. Colo. 2007), *aff'd* 590 F.3d 1134 (10th Cir. 2009) (finding that the calculation of "damages here would not be so onerous as to preclude predominance" because "once liability is determined, the amount of damages can be mechanically calculated using a mathematical formula that subtracts the amount of benefits paid from the amount of benefits paid from the amount due under a full extended PIP benefits plan");

*Ward v. Dixie Nat'l Life Ins. Co.*, 595 F.3d 164, 180 (4th Cir. 2010) (predominance requirement satisfied because "the formula for damages was identical for all class members, awarding them the difference between the amount defendants should have paid . . . and the amount defendants actually paid").

Because Plaintiffs have "failed to demonstrate that the calculation of individualized actual economic damages . . . suffered by the class members can be performed in accordance with the predominance requirement," the Court should decertify the class. *Bell Atlantic Corp.*, 339 F.3d at 308.

## II. MASS TORT DAMAGES MUST BE ASSESSED ON AN INDIVIDUALIZED BASIS

Plaintiffs have not satisfied Rule 23(b)(3)'s predominance requirement because damages in this mass torts case can be established only on an individual basis. As explained in Taishan's Opposition to Plaintiffs' Motion for Assessment of Class Damages ("Damages Opposition"), Fifth Circuit law flatly prohibits an aggregated, lump-sum damage award based on averages as proposed here—whether as part of a class proceeding or otherwise. *See In re Fibreboard Corp.*, 893 F.2d at 712; *Cimino*, 151 F.3d at 316-20. The improper damages class should be decertified on that basis alone.

Turning specifically to Fifth Circuit class action law, the need to calculate damages on an individualized basis requires decertification of this class. The Fifth Circuit has a "general rule" against treating mass torts as class actions. *Steering Committee*, 461 F.3d at 604; *accord Castano*, 84 F.3d at 746 (noting that "historically, certification of mass tort litigation classes has been disfavored").[6] As cited frequently in decisions from the Fifth Circuit and many other

---

[6] The Fifth Circuit's general rule against mass tort class actions sits on top of the general presumption against class actions as an "exception to the usual rule that litigation is conducted

courts, the Rule 23 advisory committee notes that a mass tort "'resulting in injuries to numerous persons is ordinarily not appropriate for a class action.'"  *Steering Committee*, 461 F.3d at 604 (quoting advisory committee notes and citing similar circuit court cases); *accord In re Katrina Canal Breaches Consol. Litig.*, 258 F.R.D. at 141 (highlighting Rule 23 advisory committee notes, which "forewarn courts of the problems with mass tort class actions").  As in other mass tort cases, "the certification in this case does not follow the counsel of caution."  *Amchem Prods., Inc. v. Windsor*, 521 U.S. 591, 624 (1997).

The Court should decertify this class because Plaintiffs "have not demonstrated that this mass tort has any exceptional features that warrant departing from the general rule and treating it as a class action."  *Steering Committee*, 461 F.3d at 604.   Although it is true that "the necessity of calculating damages on an individual basis will not necessarily preclude class certification . . . the damages issue may predominate over any common issues shared by the class."  *Id.* at 602 (citing *Bell Atl. Corp. v. AT&T Corp.*, 339 F.3d 294, 306, 308 (5th Cir. 2003)); *see also Piggly Wiggly Clarksville, Inc. v. Interstate Brands Corp.*, 100 F. App'x 296, 297 (5th Cir. 2004) ("The necessity of calculating damages on an individual basis, by itself, can be grounds for not certifying a class.") (citing *Bell*).   Cases in which individualized damages did not prevent certification based on other issues do not apply here.   Where, as here, the *only* issue for class treatment is damages, the individualized nature of mass tort damages prevents class certification.  *See Robertson*, 287 F. App'x at 361-62 (reversing certification of class *after* the court granted plaintiffs summary judgment on liability because "[t]he question of damages is . . .  ill-suited for class-wide adjudication").

---

by and on behalf of the individual named parties only."  *Comcast Corp. v. Behrend*, 133 S. Ct. 1426, 1432 (2013) (internal quotation marks omitted).

But even in those few exceptional (and much older) mass tort cases in which class treatment of liability issues may have been appropriate, the certifying courts held that "[i]ndividualized damages issues . . . [must] be determined on an individualized basis." *Steering Committee*, 461 F.3d at 603 (quoting *Sala v. Nat'l R.R. Passenger Corp.*, 120 F.R.D. 494 (E.D. Pa. 1988)) (internal quotation marks omitted).  This action is no different because calculating damages accurately will require "focus[ing] almost entirely on facts and issues specific to individual[]" homeowners, not "the class as a whole."  *Allison v. Citgo Petroleum Corp.*, 151 F.3d 402, 419 (5th Cir. 1998).  Plaintiffs have acknowledged the need for individualized inquiry in their proposed Phase II.  (Dkt. No. 18753) at 3 (proposing "verdict reduction as to certain individual claims").  Even where other issues are certified, a district court must still bifurcate and resolve all damages individually.  *See Mullen v. Treasure Chest Casino, LLC*, 186 F.3d 620, 623 (5th Cir. 1999) (approving bifurcated trial plan resolving common liability issues on a class-wide basis with damages to be resolved on an individual basis); *Watson v. Shell Oil Co.*, 979 F.2d 1014, 1017 (5th Cir. 1992) (approving a four-phase trial plan whereby individual compensatory damages were to be addressed individually).[7]

This Court's decision in *Turner v. Murphy Oil USA, Inc.*, 234 F.R.D. 597 (E.D. La. 2006), does not support a contrary conclusion, but is actually consistent with the Fifth Circuit's emphasis on the need for individualized damage analysis in mass tort cases.  The Court certified a class of owners for property damage caused by an oil release arising from Hurricane Katrina. The Court addressed the defendant's concerns about individualized damages by adopting the plaintiffs' plan in which damages "may be dealt with individually in a bifurcated proceeding if

---

[7] The Fifth Circuit has questioned the continuing precedential value of *Watson's* certification of *any* issues.  *See Madison v. Chalmette Refining L.L.C.*, 637 F.3d 551, 556 (5th Cir. 2011).

necessary." *Id*. at 607.  The case ultimately settled and was not appealed.  The Fifth Circuit later

cited the "detailed trial plan[]" and quoted this Court's description of the plan's "bifurcation of

the issues of liability and damages [that] will address the Defendant's concern that individualized

inquiries will be needed to determine damage amounts in these cases."  *See Madison v.*

*Chalmette Ref., L.L.C.*, 637 F.3d 551, 556 (5th Cir. 2011) (reversing certification of mass tort

case).  Likewise, the Supreme Court's observation almost 20 years ago that Rule 23 does not

"categorically exclude mass tort cases from class certification" does not support certification

here.  *Amchem Prods., Inc.*, 521 U.S. at 625.  Although the Supreme Court acknowledged that

Rule 23 does not absolutely prohibit certification of mass torts, it did echo the Advisory

Committee's observation that mass tort cases are "ordinarily not appropriate for class treatment."

*Id.*  And by no means did the Supreme Court even hint that a case like this one was a proper

candidate for certification, much less  address the damages-only class at issue here, and in the

years since *Amchem*, there has been no trend in certifying such classes.  Rather, in the

exceptional circumstances where class certification has been granted, the certification has been

limited to issues of liability—damages must continue to be resolved on an individual basis.

The fact that Plaintiffs seek, in part, economic property damages—as opposed to personal

injury damages—is not a relevant distinction for class certification.[8]  The Supreme Court has

explained that in the products liability context property damage "is considered so akin to

personal injury that the two are treated alike."  *East River S.S. Corp. v. Transamerica Delaval,*

*Inc.*, 476 U.S. 858, 866-67 (1986).  No Fifth Circuit case draws a distinction between the two for

---

[8] Under the law of many class states, loss of enjoyment is non-pecuniary damage that is
inherently individualized.  *See Hernandez* FOFCOL at 46 (identifying loss of use and enjoyment
as a form of "non-pecuniary loss"); *see also* May 16, 2011 Deposition of Ronald Wright
at 130:22-131:23 (identifying loss of enjoyment as "dependent upon each person, so it would not
been [sic] a classwide cost") (excerpts attached as **Exhibit 1**).

aggregated formulaic damages or for class certification.  *Corley* disproves that distinction. Moreover, the Fifth Circuit recently recognized, when approving a settlement class for economic losses arising from the BP oil spill, that damages "would have to be decided on an individual basis" if the cases had not settled.  *In re Deepwater Horizon*, 739 F.3d 790, 816 (5th Cir. 2014); *see also Bell Atlantic Corp.*, 339 F.3d at 307 (no predominance because of individualized antitrust damages).  In short, failure to treat mass tort damages individually is reversible error. *See Robertson*, 287 F. App'x at 361-62 (reversing class certification because damages must be established on an individualized basis even where liability had already been decided).

## III.   PLAINTIFFS FAILED TO INTRODUCE SUFFICIENT EVIDENCE TO MEET THEIR BURDEN OF PROOF AND PERMIT THE COURT TO PERFORM THE REQUIRED RIGOROUS ANALYSIS

The Court should also decertify the class because Plaintiffs failed to introduce sufficient evidence for the Court to conduct a "rigorous" Rule 23 general analysis, including the "demanding" Rule 23(b)(3) predominance assessment.  *See Comcast Corp.*, 133 S. Ct. at 1432-33; *Steering Committee*, 461 F.3d at 601 ("The [predominance] requirement, although similar to the commonality requirement of Rule 23(a), is far more demanding . . .") (internal quotation marks and citations omitted).

Rule 23 "does not set forth a mere pleading standard.  A party seeking class certification must affirmatively demonstrate his compliance with the Rule . . . ."  *Dukes*, 131 S. Ct. at 2551. Here, Plaintiffs offered no evidence to meet their "burden of proof to establish" that they satisfy the predominance requirement.  *M.D. ex rel. Stukenberg*, 675 F.3d at 837 (citing *Dukes*).  Rather, Plaintiffs merely recited the *Germano* and *Hernandez* findings and asked the Court to assume that, based on the specific circumstances of seven Virginia homeowners and a single Louisiana homeowner, Plaintiffs "can establish a formulaic method to determine class-wide property damages" for thousands of homes located in 19 states.  Motion for Class Certification at 26.

Assumptions, and faulty inductive logic, however, are not sufficient to meet Rule 23's requirement. Plaintiffs must "produce actual evidence that they are entitled to class status." *In re Kosmos Energy Ltd. Sec. Litig.*, 299 F.R.D. 133, 138 (N.D. Tex. 2014). "Given the plaintiffs' burden, a court cannot rely on assurances of counsel that any problems with predominance or superiority can be overcome." *Castano*, 84 F.3d at 742 (citing *Windham v. American Brands, Inc.*, 565 F.2d 59, 70 (4th Cir.1977)).

Plaintiffs also failed to introduce any expert evidence in support of their Motion for Class Certification, and thus failed in their affirmative burden to "to establish that damages could be measured on a classwide basis." *Behrend*, 133 S.Ct. at 1431 n.4. Plaintiffs have to do more than simply ask the Court to take their word for it. That haphazard approach deprived the Court of the ability to perform any "rigorous consideration of expert evidence," which these Plaintiffs only subsequently attempted to offer in their Motion for Class Damages.[9] *In re Deepwater Horizon*, 739 at 814.

## IV.   PLAINTIFFS' DAMAGES FORMULA OFFENDS THE RULES ENABLING ACT AND DUE PROCESS

The Court should also decertify the damages class because Plaintiffs' formula violates the Rules Enabling Act and infringes on Taishan's due process rights. *See In re Fibreboard Corp.*, 893 F.2d at 712; *Cimino*, 151 F.3d 316-20. First, Plaintiffs' formula runs headlong into the Rules Enabling Act because it "abridge[s], enlarge[s], [and] modif[ies]" substantive rights by grossly overcompensating some class members, while grossly undercompensating others, as explained in more detail in Taishan's Damages Opposition. 28 U.S.C. § 2072(b) (Federal Rules

---

[9] After deposition, Taishan will file a Rule 702 motion to exclude the irrelevant, unqualified and unreliable affidavit and testimony of Plaintiffs' newly designated expert, George Inglis, submitted in connection with Plaintiffs' Motion for Assessment of Class Damages.

of Civil Procedure cannot "abridge, enlarge, or modify any substantive right").[10]  For Louisiana residents, it even creates rights that did not previously exist by allowing class members to recover for loss of enjoyment.  *See* Section I.B., *supra*.  This type of "Trial by Formula," whereby damages are assessed for a limited number of class members, averaged, and then applied to the rest of the class, was expressly rejected by the Supreme Court in *Dukes*.  *Dukes*, 131 S. Ct. at 2561 (rejecting "Trial by Formula" as contravening the Rules Enabling Act because it would award the "entire class recovery" by multiplying the "average" backpay by the number of valid claims); *McLaughlin v. Am. Tobacco Co.*, 522 F.3d 215, 231 (2d Cir. 2008) (finding the "disconnect" between recovery under a damages formula and the "economic harm" actually suffered "offends the Rules Enabling Act").  The Fifth Circuit has likewise spoken with clarity on numerous occasions that, in the context of tort damages, aggregation and extrapolation calculations are "fatally defective." *Cimino*, 151 F.3d at 319; *see In re Fibreboard Corp.*, 893 F.2d at 711 (courts must assess tort damages suffered by "individuals, not groups").  Second, Plaintiffs' formula also violates Taishan's due process rights by attempting to use *Germano* as a "bellwether."  *See In re Chevron U.S.A., Inc.*, 109 F.3d 1016, 1020 (5th Cir. 1997); *Cimino*, 151 F.3d at 318 (casting doubt as to whether extrapolation is *ever* permissible and noting that any suggestion to the contrary *In re Chevron U.S.A.* is dicta).

---

[10]  This disparity between economic harm and recovery also highlights the intense and fundamental conflict that exists between class members, especially considering the aggregated nature of the damages and the fact that the recovery by one class member will reduce the recovery of another class member.  That is contrary to *In re Deepwater Horizon*, where the Fifth Circuit held that intra-class conflict did not preclude class certification because the settlement fund was not limited and all class members' claims arose under federal law, as opposed to a hodgepodge of various states' laws, each with its own remedial scheme.  739 F.3d at 813-14.

## CONCLUSION

For the reasons set forth above, Taishan respectfully requests that the Court decertify the

class certified in its September 26, 2014 Order.


Respectfully submitted,

Dated:  May 8, 2015


/s Michael P. Kenny
Bernard Taylor, Esq.
  Georgia Bar No. 669625
Michael P. Kenny, Esq.
  Georgia Bar No. 415064
Christy Hull Eikhoff, Esq.
 Georgia Bar No. 242539
David Venderbush, Esq.
  New York Bar No. 2920817
ALSTON & BIRD LLP
1201 West Peachtree Street
Atlanta, Georgia 30309
Phone: (404) 881-7000
Fax: (404) 881-7777
mike.kenny@alston.com
bernard.taylor@alston.com
christy.eikhoff@alston.com
david.venderbush@alston.com
*Counsel for Taishan Gypsum Co., Ltd. and Tai'an
Taishan Plasterboard Co., Ltd.*

Alan Dean Weinberger
  LA Bar No. 13331
HANGARTNER, RYDBERG & TERRELL, LLC
One Shell Square
701 Poydras St., Suite 310
New Orleans, Louisiana  70179
Phone:  (504) 434-6815
Fax: (504) 522-5689
aweinberger@hanrylaw.com
*Local Counsel for Taishan Gypsum Co., Ltd. and
Tai'an Taishan Plasterboard Co., Ltd.*

21

## CERTIFICATE OF SERVICE

I hereby certify that the above and foregoing **MEMORANDUM OF LAW IN SUPPORT OF THE MOTION TO DECERTIFY THE CLASS** has been served on Plaintiffs' Liaison Counsel, Russ Herman, and Defendants' Liaison Counsel, Kerry Miller, by U.S. mail and e-mail and upon all parties by electronically uploading the same to LexisNexis File & Serve in accordance with Pre-Trial Order No. 6, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2047 on this 8th day of May, 2015.

 /s Michael P. Kenny
Michael P. Kenny, Esq.
Georgia Bar No. 415064
ALSTON & BIRD LLP
1201 West Peachtree Street NW
Atlanta, Georgia 30309
Phone: (404) 881-7000
Fax: (404) 881-7777
mike.kenny@alston.com
*Counsel for Taishan*