# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: CHINESE-MANUFACTURED DRYWALL PRODUCTS LIABILITY LITIGATION | MDL NO. 2047<br>SECTION: L<br>JUDGE FALLON<br>MAG. JUDGE WILKINSON |
| THIS DOCUMENT RELATES TO:<br><br>*Germano v. Taishan Gypsum Co., Ltd., f/k/a Shandong Taihe Dongxin Co., Ltd.*, Case No. 09-6687 (E.D. Va.);<br><br>*Gross v. Knauf Gips, KG*, Case No. 09-6690 (E.D. La.);<br><br>*Wiltz v. Beijing New Building Materials Public Limited Co.*, Case No. 10-361 (E.D. La.);<br><br>*Amorin v. Taishan Gypsum Co., Ltd., f/k/a Shandong Taihe Dongxin Co., Ltd.*, Case No. 11-1672 (S.D. Fl.);<br><br>*Amorin v. Taishan Gypsum Co., Ltd., f/k/a Shandong Taihe Dongxin Co., Ltd.*, Case No. 11-1395 (E.D. La.); and<br><br>*Amorin v. Taishan Gypsum Co., Ltd., f/k/a Shandong Taihe Dongxin Co., Ltd.*, Case No. 11-1673 (E.D. Va.). | |

## TAISHAN'S PROPOSED HEARING PLAN AND RESPONSE TO THE PSC'S SECOND REVISED TRIAL PLAN FOR THE ASSESSMENT OF CLASS DAMAGES

Taishan submits this Proposed Hearing Plan for the June 9, 2015 proceedings, and opposes Plaintiffs' Second Revised Trial Plan for the Assessment of Class Damages (Dkt. No. 18753 at 2), which proposes a multi-phase process in which the June 9 hearing would serve as a "Phase I" "trial" for the aggregated "assessment/quantification of class-wide damages." The Plaintiffs' plan is unconstitutional and unlawful under Fifth Circuit controlling precedent and

other persuasive authorities. The Court should dedicate the June 9 hearing solely to oral argument on fundamental legal issues that necessarily frame any determination of damages and entry of final judgments in these cases.

## I.     TAISHAN'S PROPOSED PLAN FOR THE JUNE 9, 2015 HEARING

By June 9, 2015, three substantive and critical motions will be fully briefed and ripe for oral argument:

1. The Plaintiffs' Motion for Assessment of Class Damages Pursuant to Rule 55(b)(2)(B) and Request for Approval of Supplemental Notice (Rec. Doc. No. 18086) (the "Plaintiffs' Damages Motion");

2. Taishan's Motion to Decertify the Class ("Class Decertification Motion") (filed contemporaneously herewith); and

3. The Defendants' motion to exclude the testimony of Plaintiffs' proposed expert ("*Daubert* Motion") (to be filed on or before May 29, 2015).[1]

Those papers call for the Court to make fundamental, threshold legal determinations that will define the course of the litigation going forward—including the legally permissible framework for considering damages evidence and arriving at final judgments. Defendants rely on Fifth Circuit precedent that unequivocally precludes Plaintiffs' proposed class damages framework. *See In re Fibreboard Corp.*, 893 F.2d 706 (5th Cir. 1990); *Cimino v. Raymark Indus., Inc.*, 151 F.3d 297 (5th Cir. 1998); *Corley v. Orangefield Indep. School Dist.*, 152 F. App'x 350 (5th Cir. 2005); *Robertson v. Monsanto Co.*, 287 F. App'x 354, 361-62 (5th Cir. 2008). The strength of those authorities warrants full consideration of the legality of Plaintiffs' damages scheme *before* engaging in an erroneous evidentiary hearing.

---

[1] In addition, on April 15, 2015, the Plaintiffs filed an advisory memorandum to argue their position on the legal effects and application of default and issue preclusion (Rec. Doc. No. 18694), to which Defendants have responded with memoranda filed contemporaneously herewith (collectively, the "Issue Preclusion Memoranda").

Taishan thus proposes that the hearing on June 9, 2015, be dedicated only to oral argument on the legal merits of the Damages Motion, the Class Decertification Motion, the *Daubert* Motion, and the Issue Preclusion Memoranda. Simply launching into an evidentiary hearing (which Plaintiffs erroneously characterize as "a trial"[2]) on June 9, 2015, without first resolving the profound legal challenges to the overarching class damages structure would create a huge potential for reversible error and obvious judicial inefficiency.

Taishan's proposal and underlying legal arguments relate solely to damages—an issue separate from and unaffected by any preliminary defaults and admission of any well-pleaded facts on liability. The Fifth Circuit draws a sharp distinction between liability default and damages: "A default judgment is a judgment on the merits that conclusively establishes the defendant's liability. But it does not establish the amount of damages. After a default judgment, the plaintiff's well-pleaded factual allegations are taken as true, except regarding damages." *U.S. For Use of M-Co Const., Inc. v. Shipco General, Inc*., 814 F.2d 1011, 1014 (5th Cir. 1987) (citations omitted). Liability default does not strip Taishan of a fair and legal hearing on the assessment of damages—especially where, as here, Plaintiffs' lump-sum request violates plain Fifth Circuit law and, based on empirical evidence and Plaintiff's damages calculation methodology, is unreliable and staggeringly over-inflated. Indeed, it is nothing more than an arbitrary sum. *See* Taishan's Opposition to Plaintiffs' Damages Motion.[3]

The Plaintiffs' misnamed Second Revised Trial Plan describes a rushed and evidence-deficient hypothetical "trial" that violates the law of this Circuit. On June 9, 2015, the Court

---

[2] The proceeding to assess damages after a default is not a "trial"; it is an evidentiary hearing under Federal Rule of Civil Procedure 55(b).

[3] Taishan requested that the briefing schedule be extended based on the last-minute production of a voluminous amount of directly relevant evidence, including 63,000+ documents from the settlement administrator. Taishan reserves the right to supplement after further review.

should hear only oral argument on the Plaintiffs' Damages Motion, the Class Decertification Motion, the *Daubert* Motion, and the Issue Preclusion Memoranda to make sure that it is proceeding in a lawful manner. Once the Court has established a legally permissible damages framework, it can establish appropriate next steps towards final judgments.

## II. OPPOSITION TO THE PSC'S SECOND REVISED TRIAL PLAN FOR THE ASSESSMENT OF CLASS DAMAGES

### A. Plaintiffs' Plan Violates Fifth Circuit Law and the Due Process Clause

The Court should reject Plaintiffs' proposed multi-phase "trial" plan that includes a class-wide "Phase I" assessment of a lump sum of estimated formulaic damages, followed by a "Phase II" for "verdict reduction as to certain individual claims" based on later-introduced evidence of individualized factors. As explained in Taishan's Opposition to Plaintiffs' Damages Motion, any plan involving a formulaic assessment of aggregated tort damages directly violates Fifth Circuit law. But the Second Circuit—based on reasoning that is entirely consistent with Fifth Circuit precedent that forbids lump-sum awards in mass tort cases—has specifically rejected an essentially identical "fluid recovery" plan "because it offends both the Rules Enabling Act and the Due Process Clause." *McLaughlin v. Am. Tobacco Co.*, 522 F.3d 215, 231 (2d Cir. 2008), *abrogated on other grounds by Bridge v. Phoenix Bond & Indem. Co.*, 553 U.S. 639 (2008). In *McLaughlin*, the district court approved class plaintiffs' proposal for a damages "distribution method" under which first, "[t]he total amount of damages suffered would . . . be calculated . . . on an estimate of the average loss for each plaintiff." *Id.* That was to be followed by a second phase in which "individual class members are afforded an opportunity to collect their individual shares." *Id.* The appellate court vacated that plan, recognizing as to the first phase that "such an aggregate determination is *likely to result in an astronomical damages figure* that does not accurately reflect the number of plaintiffs actually injured by defendants and

4

*that bears little or no relationship to the amount of economic harm actually caused* by defendants." *Id.* (emphasis added).[4] "Roughly estimating the gross damages to the class as a whole and only subsequently allowing for the processing of individual claims would inevitably alter defendants' substantive right to pay damages reflective of their actual liability." *Id.* Specifically, the federal circuit court held that "[w]hen fluid recovery is used to permit the mass aggregation of claims, the right of defendants to challenge the allegations of individual plaintiffs is lost, *resulting in a due process violation*." *Id.* at 232 (emphasis added); *see also Hickory Sec. Ltd., v. Republic of Argentina*, 493 F. App'x 156, 159, 160 n.2 (2d Cir. 2012) (reversing aggregate class-wide judgments and cautioning against large damages award with subsequent claims process for individual allocations); McLaughlin on Class Actions, § 8:16 ("[C]ourts have repeatedly rejected the use of fluid recovery or its equivalent as a substitute for individualized proof when the class pursues claims that seek redress for individualized injuries."). Plaintiffs' plan here fails for all the same reasons.

      B.      **Plaintiffs' Plan Is Wasteful and Contrary to Judicial Economy.**

Plaintiffs' multi-step damages process is not only illegal, it is wildly inefficient. It makes no sense to waste the time and resources of the Court, counsel and parties with an elaborate faux adjudication of an initial inflated aggregate-damages number, only to later chip away at that imaginary number with the "real" proceedings in which the parties establish how much each claimant is actually owed.

---

[4] That is precisely the situation here: Plaintiffs have presented an arbitrary, astronomical damages figure that is contrary to the empirical evidence and is the product of a methodology that flunks Fed. R. Evid. 702 and *Daubert*. The requested arbitrary sum bears no relationship to the actual amount that is owed.

5

### C. Plaintiffs' Plan Involves Improper "Evidence"

In addition to those legal and practical infirmities, Plaintiffs' Second Revised Trial Plan is procedurally deficient because it calls for Plaintiffs to submit into "evidence" the entire records of other proceedings in the MDL that are not evidence and that are ultimately irrelevant. For example, Plaintiffs propose to submit the entirety of the "trial transcripts in both *Germano* and *Hernandez*." (Doc. 18753 at 2.) Plaintiffs also propose entering into the record the *Germano* Findings of Fact and Conclusions of Law ("FOFCOL"), the *Hernandez* FOFCOL, and the class certification decision, "including all referenced reliance documents." *Id*.

A party cannot just dump into evidence wholesale the entire transcript of a prior trial. Some items may be admissible; others clearly are not. Nor is it proper for a Court to treat its prior findings of fact and conclusions of law from a different case involving different parties as *evidence* in another case. Those court documents are part of the Court's own records; they are not *evidence*.

Moreover, regardless of the form of consideration of this Court's prior findings and rulings in other cases, Fifth Circuit law prevents Plaintiffs in this class from trying to prove entitlement to damages based on the damages of other plaintiffs. In *Cimino*, the Fifth Circuit rejected the argument that "bellwether verdicts could properly be used to determine *individual* . . . damages for other plaintiffs." 151 F.3d at 318. The court could not find "any legally valid ground on which the . . . damages suffered by one person may be determined, without any evidence, solely on the basis of the average of awards made to other persons in similar cases." *Id.* at 321 n.51. Applying due process principles, *Cimino* rejected "*any* preclusive use" of prior trial results. *Id.* at 318. Appropriately, this Court directed in its November 9, 2009 Order "that the result of the [*Germano*] hearing will only have a preclusive effect on those properties which are

6

the subject of the hearing . . . ."  (Dkt. No. 576).  The PSC itself has previously taken the position in this Court that "[T]he Court's findings as a result of the [*Germano*] hearing shall have no preclusive effect save as to the seven Virginia homes at issue…. [T]he Court already has declared that its findings will have no preclusive effect on Knauf or any other parties, besides those of the intervenor plaintiffs."  (Dkt. No. 1089-1).  The PSC should be estopped from now attempting to use the *Germano* proceedings as a substitute for presenting admissible evidence as to new and different claims.

Likewise, the PSC cannot be heard to argue that the *Hernandez* proceedings establish facts or evidence for the current class damages claim.  Because Taishan was not a party to *Hernandez*, it would be "a violation of due process for a judgment to be binding on a litigant who was not a party or a privy and therefore has never had an opportunity to be heard." *Parklane Hosiery Co. v. Shore*, 439 U.S. 322, 327 n. 7 (1979) (citing *Blonder-Tongue Laboratories, Inc. v. University of Ill. Found.*, 402 U.S. 313, 329 (1971)).

The PSC's proposed "trial" plan appears to be just an illegitimate shortcut to achieve some illusory declaration of a grossly exaggerated "class-wide damages" figure, to then be revealed as inflated and inaccurate when the parties later present actual evidence of actual damages for individual claimants.  That plan turns the legal process on its head, and violates constitutional and common law principles of due process and fair judgment.  It should be rejected in favor of the Defendants' proposed plan for the June 9 hearing to be dedicated to critical, threshold legal determinations.

Respectfully submitted this 8th day of May, 2015.

/s Michael P. Kenny
Bernard Taylor, Esq.
  Georgia Bar No. 669625
Michael P. Kenny, Esq.
  Georgia Bar No. 415064
Christina Hull Eikhoff
  Georgia Bar No. 242539
David Venderbush, Esq.
  New York Bar No. 2920817
ALSTON & BIRD LLP
1201 West Peachtree Street
Atlanta, Georgia 30309
Phone: (404) 881-7000
Fax: (404) 881-7777
mike.kenny@alston.com
bernard.taylor@alston.com
christy.eikhoff@alston.com
david.venderbush@alston.com
*Counsel for Taishan Gypsum Co., Ltd. and*
*Tai'an Taishan Plasterboard Co., Ltd.*

Alan Dean Weinberger
  LA Bar No. 13331
HANGARTNER, RYDBERG & TERRELL, LLC
One Shell Square
701 Poydras St., Suite 310
New Orleans, Louisiana 70179
Phone: (504) 434-6815
Fax: (504) 522-5689
aweinberger@hanrylaw.com
*Local Counsel for Taishan Gypsum Co., Ltd. and*
*Tai'an Taishan Plasterboard Co., Ltd.*

**CERTIFICATE OF SERVICE**

I hereby certify that the above and foregoing has been served on Plaintiffs' Liaison Counsel, Russ Herman, and Defendants' Liaison Counsel, Kerry Miller, by U.S. mail and e-mail and upon all parties by electronically uploading the same to LexisNexis File & Serve in accordance with Pre-Trial Order No. 6, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2047 on this 8th day of May, 2015.

    /s Michael P. Kenny
Michael P. Kenny, Esq.
Georgia Bar No. 415064
ALSTON & BIRD LLP
1201 West Peachtree Street NW
Atlanta, Georgia 30309
Phone: (404) 881-7000
Fax: (404) 881-7777
mike.kenny@alston.com
*Counsel for Taishan Gypsum Co., Ltd. and Tai'an Taishan Plasterboard Co., Ltd.*