## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: CHINESE-MANUFACTURED DRYWALL PRODUCTS LIABILITY LITIGATION | MDL NO. 2047<br>SECTION: L<br>JUDGE FALLON<br>MAG. JUDGE WILKINSON |

**THIS DOCUMENT RELATES TO:**

*Amorin et al. v. Taishan Gypsum Co. Ltd. et al.,* **Case No. 2:11-cv-01673**

*Amorin et al. v. Taishan Gypsum Co. Ltd. et al.,* **Case No. 2:11-cv-01395**

*Amorin et al. v. Taishan Gypsum Co. Ltd. et al.,* **Case No. 2:11-cv-01672**

*Wiltz et al. v. Beijing New Building Material Public Limited Company et al.,* **Case No. 2:10-cv-00361**

*Gross et al. v. Knauf Gips KG et al.,* **Case No. 2:09-cv-06690**

*Germano et al. v. Taishan Gypsum Co. Ltd. et al.,* **Case No. 2:09-cv-06687**

## BEIJING NEW BUILDING MATERIALS PUBLIC LIMITED COMPANY'S AND BEIJING NEW BUILDING MATERIAL (GROUP) CO., LTD.'S NOTICE OF JOINDER IN TAISHAN GYPSUM LTD., CO. AND TAI'AN TAISHAN PLASTERBOARD CO., LTD.'S MOTION TO ALTER OR AMEND THE CLASS CERTIFICATION ORDER AND ADDITIONAL BASES IN SUPPORT OF DECERTIFICATION AS TO BNBM PLC AND BNBM GROUP

Subject to and without waiver of their motions to dismiss for lack of jurisdiction and failure of service, Defendants Beijing New Building Materials Public Limited Company's ("BNBM PLC") and Beijing New Building Material (Group) Co., Ltd.'s ("BNBM Group") hereby join in and adopt the concerns and positions set forth in Taishan Gypsum Ltd., Co. and Tai'an Taishan Plasterboard Co., Ltd.'s Motion To Alter or Amend the Class Certification Order. As discussed in Taishan's Motion, the Court should decertify the *Amorin* damages class,

1

because—among other things—it fails to meet the predominance requirements of Federal Rule of Civil Procedure 23(b)(3).  This Court should also decertify the class for reasons specific to BNBM PLC and BNBM Group, as set forth below.

> **I.     The Court Should Decertify The Class Because It Does Not Have Personal Jurisdiction Over BNBM PLC Or BNBM Group.**

In addition to the positions set forth in Taishan's Motion, the Court should decertify the class because it does not have jurisdiction over BNBM PLC and BNBM Group.  As explained in prior briefing, BNBM PLC and BNBM Group do not do business in the forum states, have offices in the forum states, or manufacture in the forum states.[1]  BNBM PLC only made eight or nine sales of its own manufactured and branded drywall to five American customers, each of whom initiated contact with BNBM PLC and took title in China.  BNBM Group only acted as export agent for BNBM PLC drywall sold to two Florida companies.  As a result, there are not sufficient minimum contacts with Louisiana, Florida, or Virginia to permit the Court to exercise jurisdiction.

There is also no evidence that would permit the Court to impute Taishan's forum contacts to BNBM PLC or BNBM Group.  BNBM PLC only has a 65% interest in Taishan, which does not give it unilateral control over Taishan.  BNBM Group, which has had no ownership interest in BNBM PLC since 2005, has never had any investment in Taishan.  Taishan operates independently and with separate management.  Each company has separate finances, assets, and liabilities. As explained in greater detail in the previously submitted memoranda in support of their motions to dismiss, there are no facts indicating BNBM PLC, BNBM Group, or Taishan are alter egos of each other.  (Rec. Doc. 18849-1, at 6-10; Rec. Doc. 18841-1, at 6-10).

---

[1] The lack of personal jurisdiction for this Court over either BNBM PLC or BNBM Group is explained in greater detail in BNBM PLC's Memorandum in Support of its Motion to Dismiss, (Rec. Doc. 18849-1), and BNBM Group's Memorandum in Support of its Motion to Dismiss, (Rec. Doc. 18841-1).

The Court also does not have jurisdiction over BNBM PLC and BNBM Group because the plaintiffs have not served either with process.  Proofs of service submitted by the plaintiffs in the three cases where default was entered demonstrate that they unsuccessfully attempted service on BNBM PLC and BNBM Group, and in some instances even attempted service on the wrong entities.  A plaintiff that is unable to serve an international defendant with process is not excused from the service requirement simply because he or she fails to make service on the first attempt.  (*See* Rec. Doc. 18851-1, at 28-29).  For this additional reason, the Court lacks jurisdiction over the BNBM PLC and BNBM Group, and the class should be decertified.

## II.   The Court Should Decertify The Class Because Plaintiffs Cannot Demonstrate BNBM PLC Or BNBM Group Harmed Any Class Member's Property.

Plaintiffs have not and cannot connect the actions of either BNBM Group or BNBM PLC to the damages sought by each class member.  Plaintiffs have not and cannot show that BNBM Group or BNBM PLC manufactured and sold defective drywall to the class members and that said drywall caused the alleged harm.  Instead, the current factual record shows just the opposite.  BNBM Group does not manufacture drywall at all and has not done so since 1997.  (Yu. Decl. ¶ 3, Rec. Doc. 18851-5).  As for BNBM PLC, the only testing of a sample of BNBM PLC manufactured drywall found in the United States showed that the sample was not defective.  Working at the direction of the Consumer Products Safety Commission (the "CPSC"), the Lawrence Berkley National Laboratory tested 30 brands of imported drywall used in the American market for reactive sulfur gas emissions, and determined that BNBM PLC drywall showed hydrogen sulfide emissions on par with North American drywall.  The testing also showed that the BNBM PLC drywall had sulfur dioxide emissions consistent with North American drywall.  The CPSC specifically noted that certain "Chinese drywall samples had low or no detectable emissions of hydrogen sulfide [including] Dragon Brand, Beijing New Building

Materials Co. Ltd.: (2006) China."

Based on this testing, there is no basis to believe the class members were damaged by BNBM PLC drywall. Even more striking is the negligible number of class members that even identified BNBM PLC drywall in their homes. A review of the approximately 3800 class member profile forms produced revealed that fewer than 70 property owners identified drywall marked "BNBM" or "Dragon Brand" drywall in their homes, defective or otherwise. Stated another way, the Plaintiffs' Steering Committee is seeking over $1.2 billion from two companies that supplied drywall to under 2% of the certified class, none of which has been shown to be defective.

### III.   The Court Should Decertify The Class Because Plaintiffs Cannot Satisfy The Numerosity Requirement Of Rule 23.

The *Amorin* damages class should also be decertified because it fails to meet the numerosity requirement of Federal Rule of Civil Procedure Rule 23(a). Under Rule 23(a)(1), the purported class must be "so numerous that joinder of all members is impracticable." To make that determination, courts look to a number of factors, including the estimated number of purported class members, "the geographical dispersion of the class, the ease with which class members may be identified, . . . and the size of each plaintiff's claim." *In re TWL Corp.*, 712 F.3d 886, 894 (5th Cir. 2013); *see also Mullen v. Treasure Chest Casino, LLC*, 186 F.3d 620, 624-25 (5th Cir. 1999). Each of these factors weigh in favor of decertification.

Fewer than 70 total property owners have identified "BNBM" or "Dragon Brand" drywall in their home. Although courts within the Fifth Circuit have found that a class of 150 may be sufficiently numerous, a class of less than 70 is not. *Compare Mullen v. Treasure Chest Casino, LLC*, 186 F.3d 620, 624 (5th Cir. 1999) (affirming certification of class comprising of potentially 150 members), *with Baroni v. BellSouth Telecomm., Inc*., No. 02-cv-009, 2004 WL

4

1687434, at *3-4 (E.D. La. Jul. 27, 2004) (holding proposed class of "sixty persons" insufficient to make joinder impracticable), *and John Doe I v. Meese*, 690 F. Supp. 1572, 1574 (S.D. Tex. 1988) ("[S]ince only 59 to 62 EAR's have been denied, . . . the Court concluded that the numerosity prerequisite has not been satisfied."); *see also Uniondale Beer Co., Inc. v. Anheuser-Busch, Inc*., 117 F.R.D. 340, 345 (E.D.N.Y 1987) (finding proposed class of "approximately 100 members" insufficient); *Kohntopp v. Butcher*, 98 F.R.D. 551, 553 (E.D. Tenn. 1983) ("In many cases, courts have found joinder of groups composed of more than sixty-three members to be practical").

Only 63 property owners of the alleged members of the class identify "BNBM" or "Dragon Brand" drywall in their home.  But far fewer than 63 owners have actually come forth with evidence that they have "*remediated damages*" from that "BNBM" or "Dragon Brand" drywall.  Both are required to fall within this Court's class definition.  (Rec. Doc. 18028, Class FOFCOL[2] ¶ 79 (limiting class to only plaintiffs "asserting claims for remediated damages arising from . . . Chinese Drywall").

Additionally, the geographical dispersion of these class members is extremely limited: all but two are located in Florida.  Moreover, each class member is easily identifiable.  By definition, the class includes only "named Plaintiffs" (Rec. Doc. 18028, Class FOFCOL ¶ 79), and the specific addresses for each class member is included in an exhibit to the affidavit for Plaintiffs' purported expert, George J. Inglis.  Finally, the size of each Plaintiff's claim—as alleged by the Plaintiffs' Steering Committee's Motion for Assessment of Class Damages (Rec. Doc. 18086)—is large enough to favor against certification.  In fact, the PSC seeks a blanket $100,000 in damages for each class member simply for alleged "loss of use and enjoyment."  *Id.*

---

[2] "Class FOFCOL" refers to the Court's September 26, 2014 Findings of Fact and Conclusions of Law With Respect to Plaintiffs' Omnibus Motion for Class Certification Pursuant to Rules 23(a)(1)-(4) and 23(b)(3).

at 7.  The purported class is thus not so numerous that "joinder of all members is impracticable,"

Fed. R. Civ. P. 23(a)(1), and this Court should decertify the class.

**CONCLUSION**

WHEREFORE, for all the reasons set froth in Taishan's Motion, and for all the reasons

set forth above, BNBM PLC and BNBM Group respectfully request that the Court grant Taishan

Gypsum Ltd., Co. and Tai'an Taishan Plasterboard Co., Ltd.'s Motion To Alter or Amend the

Class Certification Order.

Dated:  May 8, 2015                                   Respectfully submitted,


                                                     **DENTONS US LLP**

                                                     By: */s/ Michael H. Barr*
                                                     Michael H. Barr
                                                     New York Bar No. 1744242
                                                     Justin N. Kattan
                                                     New York Bar No. 3983905
                                                     1221 Avenue of the Americas
                                                     New York, NY 10020-1089
                                                     Telephone:  (212) 768-6700
                                                     Facsimile:  (212) 768-6800
                                                     michael.barr@dentons.com
                                                     justin.kattan@dentons.com

                                                              - AND -

                                                     Richard L. Fenton
                                                     Illinois Bar No. 3121699
                                                     Leah R. Bruno
                                                     Illinois Bar No. 6269469
                                                     233 South Wacker Drive
                                                     Suite 5900
                                                     Chicago, IL  60606-6306
                                                     Telephone:  (312) 876-8000
                                                     Facsimile:  (312) 876-7934
                                                     richard.fenton@dentons.com
                                                     leah.bruno@dentons.com

- AND -

C. Michael Moore
Texas Bar No. 14323600
Gene R. Besen
Texas Bar No. 24045491
2000 McKinney Ave, Suite 1900
Dallas, TX  75201
Telephone:  (214) 259-0900
Facsimile:  (214) 259-0910
mike.moore@dentons.com
gene.besen@dentons.com

**- AND -**

**PHELPS DUNBAR LLP**

Harry Rosenberg
Louisiana Bar No. 11465
365 Canal Street, Suite 2000
New Orleans, Louisiana 70130-6534
Telephone:  (504) 566-1311
Facsimile:  (504) 568-9130
harry.rosenberg@phelps.com

***Attorneys for Beijing New Building
Material (Group) Co., Ltd. and Beijing
New Building Materials Public Limited
Company***

## CERTIFICATE OF SERVICE

I hereby certify that the above and foregoing **Beijing New Building Materials Public Limited Company's and Beijing New Building Material (Group) Co., Ltd.'s Notice of Joinder in Taishan Gypsum Ltd., Co. and Tai'an Taishan Plasterboard Co., Ltd.'s Motion to Alter or Amend the Class Certification Order** has been served on Plaintiffs' Liaison Counsel, Leonard Davis, and Defendants' Liaison Counsel, Kerry Miller, by U.S. mail and e-mail or by hand delivery and e-mail and upon all parties by electronically uploading the same to LexisNexis File & Serve in accordance with Pre-Trial Order No. 6, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2047, on this 8th day of May, 2015.

*/s/     Michael H. Barr*

83958530