**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| **IN RE: CHINESE-MANUFACTURED DRYWALL PRODUCTS LIABILITY LITIGATION** | **MDL NO. 2047**<br>**SECTION: L**<br>**JUDGE FALLON**<br>**MAG. JUDGE WILKINSON** |
|---|---|
| **THIS DOCUMENT RELATES TO:**<br><br>***Germano v. Taishan Gypsum Co., Ltd., f/k/a Shandong Taihe Dongxin Co., Ltd.*, Case No. 09-6687 (E.D. Va.);**<br><br>***Gross v. Knauf Gips, KG*, Case No. 09-6690 (E.D. La.);**<br><br>***Wiltz v. Beijing New Building Materials Public Limited Co.*, Case No. 10-361 (E.D. La.);**<br><br>***Amorin v. Taishan Gypsum Co., Ltd., f/k/a Shandong Taihe Dongxin Co., Ltd.*, Case No. 11-1672 (E.D. La.);**<br><br>***Amorin v. Taishan Gypsum Co., Ltd., f/k/a Shandong Taihe Dongxin Co., Ltd.*, Case No. 11-1395 (E.D. La.); and**<br><br>***Amorin v. Taishan Gypsum Co., Ltd., f/k/a Shandong Taihe Dongxin Co., Ltd.*, Case No. 11-1673 (E.D. La.).** | |

**BEIJING NEW BUILDING MATERIALS PUBLIC LIMITED COMPANY'S AND BEIJING NEW BUILDING MATERIAL (GROUP) CO., LTD.'S NOTICE OF JOINDER IN TAISHAN'S PROPOSED HEARING PLAN AND RESPONSE TO THE PSC'S SECOND REVISED TRIAL PLAN FOR THE ASSESSMENT OF CLASS DAMAGES AND ADDITIONAL REQUEST WITH RESPECT TO ADDITIONAL PENDING MOTIONS**

Subject to and without waiver of their motions to dismiss for lack of jurisdiction and failure of service, Defendants Beijing New Building Materials Public Limited Company ("BNBM PLC") and Beijing New Building Material (Group) Co., Ltd. ("BNBM Group") hereby

join in and adopt the arguments and positions set forth in Taishan's Proposed Hearing Plan and Response to the PSC's Second Revised Trial Plan for the Assessment of Class Damages (hereinafter "Taishan's Hearing Submission"). As discussed in Taishan's Hearing Submission, the "Trial Plan" proposed by the PSC is contrary to controlling law and violates due process. BNBM PLC and BNBM Group agree with Taishan, in order to ensure that the Court properly undertakes the appropriate analysis on damages, the hearing scheduled for June 9, 2015 be dedicated to oral argument on the threshold legal issues presented by the damages motions and the defendants' oppositions. In addition, and as set forth further below, BNBM PLC and BNBM Group request the Court to resolve their challenges to the entries of default and to personal jurisdiction after the damages hearing has been completed.

## I. BNBM PLC AND BNBM GROUP JOIN TAISHAN'S PROPOSED HEARING PLAN

Along with Taishan, BNBM PLC and BNBM Group request the Court to dedicate the hearing currently set for June 9 solely to oral argument on the fundamental legal issues that necessarily frame any determination of damages. As discussed in full in the accompanying filing by BNBM PLC and BNBM Group, Response In Opposition to Plaintiffs' Request for Damages ("BNBM Damages Opposition"), the PSC's request for class wide aggregate damages is contrary to law. The weight of authority requires the Court to address the legality of Plaintiffs' damages scheme *before* engaging in a potentially complex evidentiary hearing. (BNBM Damages Opposition, at I.A.) Accordingly, the BNBM parties join in Taishan's request that the hearing on June 9, 2015, be dedicated only to oral argument on the legal merits of the PSC's damages Motion, the Class Decertification Motions filed by Taishan and the BNBM parties, the *Daubert* Motion, and the Issue Preclusion Memoranda in order to ensure that a legally permissible damages framework is established and followed.

## II. BNBM PLC AND BNBM GROUP ALSO OPPOSE THE PSC'S SECOND REVISED TRIAL PLAN FOR THE ASSESSMENT OF CLASS DAMAGES.

As set forth in Taishan's Hearing Submission, the Plaintiffs' proposed multi-phase "trial" plan that includes a class-wide "Phase I" assessment of a lump sum of estimated formulaic damages, followed by a "Phase II" for "verdict reduction as to certain individual claims" based on later-introduced evidence is contrary to law and should not be permitted. *See McLaughlin v. Am. Tobacco Co.*, 522 F.3d 215, 231 (2d Cir. 2008) (noting that a "fluid recovery" plan similar to Plaintiffs' proposal "offends both the Rules Enabling Act and the Due Process Clause"), *abrogated on other grounds by Bridge v. Phoenix Bond & Indem. Co.*, 553 U.S. 639 (2008); *see also Hickory Sec. Ltd., v. Republic of Argentina*, 493 F. App'x 156, 159, 160 n.2 (2d Cir. 2012) (reversing aggregate class-wide judgments and cautioning against large damages award with subsequent claims process for individual allocations). The BNBM parties object to proceeding with a "trial" on damages as the PSC proposes.[1]

## III. THIS COURT SHOULD RESOLVE CHALLENGES TO DEFAULT JUDGMENTS AND PERSONAL JURISDICTION AFTER THE DAMAGES HEARING.

BNBM Group and BNBM PLC have filed motions to dismiss for lack of personal jurisdiction, motions to vacate default judgments, and motions to vacate certain findings in this Court's September 26, 2014's Findings of Fact and Conclusions of Law with Respect to Plaintiffs' Omnibus Motion for Class Certification. (Rec. Docs. 18841, 18849, 18851). BNBM

[1] BNBM PLC and BNBM Group also join Taishan's objections to the PSC's plan to enter into evidence the entire trial transcripts of the *Germano* and *Hernandez* trials. Not only would such transcripts contain inadmissible colloquy by the Court and lawyers, the transcripts of these proceedings cannot establish facts or evidence for the current class damages claim. BNBM PLC and BNBM Group were not parties to *Germano* nor *Hernandez* and it would be "a violation of due process for a judgment to be binding on a litigant who was not a party or a privy and therefore has never had an opportunity to be heard." *Parklane Hosiery Co. v. Shore*, 439 U.S. 322, 327 n.7 (1979) (citing *Blonder-Tongue Labs., Inc. v. Univ. of Ill. Found.*, 402 U.S. 313, 329 (1971)).

PLC and BNBM Group have asserted those matters as defenses to Plaintiffs' Motion for Assessment of Class Damages. The June 9 hearing, however, will deal only with the amount of damages. Any hearing plan should therefore expressly provide that the Court will consider and rule on the issues raised in the motions filed by BNBM PLC and BNBM Group at a later date.

Dated: May 8, 2015

Respectfully submitted,

**DENTONS US LLP**

By: */s/ Michael H. Barr*

Michael H. Barr
New York Bar No. 1744242
Justin N. Kattan
New York Bar No. 3983905
1221 Avenue of the Americas
New York, NY 10020-1089
Telephone: (212) 768-6700
Facsimile: (212) 768-6800
michael.barr@dentons.com
justin.kattan@dentons.com

- AND -

Richard L. Fenton
Illinois Bar No. 3121699
Leah R. Bruno
Illinois Bar No. 6269469
233 South Wacker Drive
Suite 5900
Chicago, IL 60606-6306
Telephone: (312) 876-8000
Facsimile: (312) 876-7934
richard.fenton@dentons.com
leah.bruno@dentons.com

- AND -

C. Michael Moore
Texas Bar No. 14323600
Gene R. Besen
Texas Bar No. 24045491
2000 McKinney Ave, Suite 1900
Dallas, TX 75201
Telephone: (214) 259-0900
Facsimile: (214) 259-0910
mike.moore@dentons.com
gene.besen@dentons.com

- AND -

**PHELPS DUNBAR LLP**

Harry Rosenberg
Louisiana Bar No. 11465
365 Canal Street, Suite 2000
New Orleans, Louisiana 70130-6534
Telephone: (504) 566-1311
Facsimile: (504) 568-9130
harry.rosenberg@phelps.com

***Attorneys for Beijing New Building Material (Group) Co., Ltd. and Beijing New Building Materials Public Limited Company***

**CERTIFICATE OF SERVICE**

I hereby certify that the above and foregoing Beijing New Building Materials Public Limited Company's and Beijing New Building Material (Group) Co., Ltd.'s Notice of Joinder in Taishan's Proposed Hearing Plan and Response to the PSC's Second Revised Trial Plan has been served on Plaintiffs' Liaison Counsel, Leonard Davis, and Defendants' Liaison Counsel, Kerry Miller, by U.S. mail and e-mail or by hand delivery and e-mail and upon all parties by electronically uploading the same to LexisNexis File & Serve in accordance with Pre-Trial Order No. 6, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2047, on this 8th day of May, 2015.

*/s/ Michael H. Barr*