# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE:  CHINESE-MANUFACTURED DRYWALL PRODUCTS LIABILITY LITIGATION<br><br>THIS DOCUMENT RELATES TO:<br><br>*Germano v. Taishan Gypsum Co., Ltd., f/k/a Shandong Taihe Dongxin Co., Ltd.*, Case No. 09-6687 (E.D. Va.);<br><br>*Gross v. Knauf Gips, KG*, Case No. 09-6690 (E.D. La.);<br><br>*Wiltz v. Beijing New Building Materials Public Limited Co.,* Case No. 10-361 (E.D. La.);<br><br>*Amorin v. Taishan Gypsum Co., Ltd., f/k/a Shandong Taihe Dongxin Co., Ltd.*, Case No. 11-1672 (S.D. Fl.);<br><br>*Amorin v. Taishan Gypsum Co., Ltd., f/k/a Shandong Taihe Dongxin Co., Ltd.*, Case No. 11-1395 (E.D. La.); and<br><br>*Amorin v. Taishan Gypsum Co., Ltd., f/k/a Shandong Taihe Dongxin Co., Ltd.*, Case No. 11-1673 (E.D. Va.). | MDL NO. 2047<br>SECTION: L<br>JUDGE FALLON<br>MAG. JUDGE WILKINSON |

## MEMORANDUM IN SUPPORT OF TAISHAN'S MOTION TO COMPEL OUTSTANDING DISCOVERY OF INFORMATION <u>RELIED ON BY PLAINTIFFS' DAMAGES EXPERT</u>

Taishan requests an order compelling Plaintiffs to produce various versions of the putative "facts" that are being relied on by Mr. Inglis, Plaintiffs' designated expert, in support of his damages calculations.  Plaintiffs refuse to produce the materials based on a bogus claim of that they are "draft reports."  They are not.  Instead, they are facts and data considered by the

expert and they are communications between the expert and anyone other than the party's attorney. Thus, they are subject to discovery under Rule 26. *See Republic of Ecuador v. Hinchee*, 741 F.3d 1185, 1191-92 (11th Cir. 2013). Taishan requests these materials as soon as possible because Mr. Inglis's deposition is scheduled for May 19, 2015.

Mr. Inglis expressly considered and relied on information that was "presented to [him] by BrownGreer PLC." Inglis Aff. ¶ 2, attached as **Exhibit A**. In response to Taishan's deposition notice for Mr. Inglis, Plaintiffs produced emails among Mr. Inglis, his associate Tracy Randazzo, and Jake Woody of BrownGreer PLC. Those emails, and a May 5, 2015 "Memorandum" to "File" that Mr. Woody prepared at the PSC's request, show that Mr. Inglis's opinions depend on documents that Mr. Woody gathered and data that Mr. Woody prepared. Those spreadsheets and documents contain the putative "data" underlying Mr. Inglis's opinions about the identity of the class members, the square footage of their properties, the presence of Taishan drywall, and the alleged damages. Those issues are directly relevant to Plaintiffs' damages claims and, given Mr. Inglis' reliance on them in forming his opinions, discoverable.

BrownGreer, not Mr. Inglis (or Ms. Randazzo), authored many of the attachments. Throughout the correspondence, Mr. Woody refers to the attachment as "our revised spreadsheet." In other emails, Ms. Randazzo asks Mr. Woody "to put your additional data in," and Ms. Randazzo asks Mr. Woody to determine which properties should be included and excluded from the spreadsheet of class properties. April 20 & 22, 2015 Emails between Randazzo and Woody, attached as **Exhibit B**. Mr. Inglis's office, however, "edited" certain spreadsheets and made "changes in the[e] file from the raw data provided." April 8, 2015 Email from Randazzo to Woody, attached as **Exhibit C**.

All of those materials are the putative "facts or data considered by" Mr. Inglis in "forming" his opinions, to which Taishan is entitled as a matter of law under Rule 26. Fed. R. Civ. P. 26 Adv. Comm. Notes, 2010 amendments (parties are entitled to discover "any material considered by the expert, from whatever source, that contains factual ingredients)." The Advisory Committee Notes make crystal clear that Taishan has a right to discover how class membership and square footage developed as Mr. Woody gathered data and then communicated with Mr. Inglis's office to test "alternative analyses" and "approaches" to the class data:

- "Rules 26(b)(4)(B) and (C) do not impede discovery about the opinions to be offered by the expert or the development, foundation, or basis of those opinions."

- "For example, the expert's testing of material involved in litigation, and notes of any such testing, would not be exempted from discovery by this rule."

- "Similarly, inquiry about communications the expert had with anyone other than the party's counsel about the opinions expressed is unaffected by the rule."

- "Counsel are also free to question expert witnesses about alternative analyses, testing methods, or approaches to the issues on which they are testifying, whether or not the expert considered them in forming the opinions expressed."[1]

*Id.*; *see also Hinchee*, 741 F.3d at 1191-92 (interpreting advisory committee notes on Rule 26(b)(3) and (4)); *Republic of Ecaudor v. Mackay*, 742 F.3d 860, 870 (9th Cir. 2014) (same).[2] "The notes indicate that the requirements should 'be interpreted broadly' to encompass 'any material considered by the expert, from whatever source, that contains factual ingredients." *Mackay*, 742 F.3d at 869.

Plaintiffs refuse to produce the email attachments with the implausible claim that the materials are "draft reports." The draft report protection of Rule 26(b)(4)(B) "was intended to

---

[1] Although the advisory committee notes sometimes speak in terms of deposition, the notes explain that "Rules 26(b)(4)(B) and (C) apply to all forms of discovery."

[2] The Fifth Circuit has not yet definitely opined on the Rule 26(b) 2010 amendments.

protect the opinion work-product of attorneys in the context of expert discovery." *Hinchee*, 741 F.3d at 1195. Plaintiffs have suggested no attorney work-product in the email attachments. *See Hinchee*, 741 F.3d at 1195 (highlighting that resisting party did "not argue that the discovery material at issue in this case contain the core opinion work-product of [party's] attorneys"). Nor have they submitted any factual support for their "draft report" characterization, which is gutted by the emails showing that the attachments are spreadsheets and data files largely generated by Mr. Woody, not written expert reports by Mr. Inglis in consultation with Plaintiffs' counsel. Plaintiffs have apparently failed to submit the materials *in camera* as the Court directed last week.

The refusal to produce communications here is not an attempt to protect attorney mental impressions. Instead, as in *Hinchee*, Plaintiffs "attempt to shield the mental impressions" of Mr. Inglis, Ms. Randazzo and Jake Woody, which is not allowed. *Id.* at 1195 (affirming order to compel expert's personal notes and communications with other experts).

In any event, Plaintiffs waived any arguable protection by sharing the materials with Mr. Woody, who is a third party unrelated to Plaintiffs' counsel. As Plaintiffs recently confirmed Brown Greer's status: "Brown Greer is not a party to this litigation," and "was appointed by the Court to serve as the administrator for the Knauf Settlement." (Dkt. No. 18868 at 4, ¶ 6).[3] Moreover, Plaintiffs have designated Brown Greer's Jake Woody as a fact witness, providing yet another basis for discovery of his communications with Plaintiffs' expert witness.

---

[3] Plaintiffs' citation to *Whole Women's Health v. Lakey*, 301 F.R.D. 266 (W.D. Tex. 2014), does not assist them, but actually confirms the persuasive authority of *Hinchee* and *Mackay* as well as the advisory committee notes. *Women's Health* held that discovery is appropriate about the extent to which someone other than the party's counsel "has influenced the testimony" of the testifying expert. *Id.* at 271. That court did not analyze which materials may have been "draft

4

For the foregoing reasons, the Court should order Plaintiffs to produce all information exchanged between BrownGreer and Mr. Inglis, including the attachments to emails between Mr. Woody and Mr. Inglis's office.

Respectfully submitted this 8th day of May, 2015.

/s Michael P. Kenny
Bernard Taylor, Esq.
Georgia Bar No. 669625
Michael P. Kenny, Esq.
Georgia Bar No. 415064
Christina Hull Eikhoff, Esq.
Georgia Bar No. 242539
ALSTON & BIRD LLP
1201 West Peachtree Street
Atlanta, Georgia 30309
Phone: (404) 881-7000
Fax: (404) 881-7777
mike.kenny@alston.com
bernard.taylor@alston.com
christy.eikhoff@alston.com
*Counsel for Taishan Gypsum Co., Ltd. and Tai'an Taishan Plasterboard Co., Ltd.*

Alan Dean Weinberger
LA Bar No. 13331
HANGARTNER, RYDBERG &
TERRELL, LLC
One Shell Square
701 Poydras St., Suite 310
New Orleans, Louisiana  70179
Phone:  (504) 434-6815
Fax: (504) 522-5689
aweinberger@hanrylaw.com
*Local Counsel for Taishan Gypsum Co., Ltd. and Tai'an Taishan Plasterboard Co., Ltd*

---

reports." Here, as discussed above, the materials shared between Mr. Woody and Ms. Randazzo are not "draft reports," but materials with factual ingredients discoverable under Rule 26.

5

## CERTIFICATE OF SERVICE

I hereby certify that the above and foregoing has been served on Plaintiffs' Liaison Counsel, Russ Herman, and Defendants' Liaison Counsel, Kerry Miller, by U.S. mail and e-mail and upon all parties by electronically uploading the same to LexisNexis File & Serve in accordance with Pre-Trial Order No. 6, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2047 on this 8th day of May, 2015.

    /s Michael P. Kenny
Michael P. Kenny, Esq.
Georgia Bar No. 415064
ALSTON & BIRD LLP
1201 West Peachtree Street NW
Atlanta, Georgia 30309
Phone: (404) 881-7000
Fax: (404) 881-7777
mike.kenny@alston.com
*Counsel for Taishan Gypsum Co., Ltd. and Tai'an Taishan Plasterboard Co., Ltd.*