UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: CHINESE MANUFACTURED DRYWALL PRODUCTS LIABILITY LITIGATION | MDL 2047<br><br>SECTION L |
| This document related to:<br>09-07628 | JUDGE FALLON<br>MAG. JUDGE WILKINSON |

## APPEAL OF SPECIAL MASTER'S DETERMINATION DENYING CLAIMANT, DAVID S. SMITH'S GLOBAL, BANNER, IN-EX REPAIR AND RELOCATION EXPENSES CLAIM

**Factual and Procedural History:**

Claimant, David S. Smith (ID No. 101118), purchased the home located at 6655 Martinique Way, Vero Beach, Florida 32967, in January 2007 for $539,000.00, as a newly constructed home. At the time of the purchase, Mr. Smith was unaware that the home was contaminated with Chinese Drywall. In June 2009, Mr. Smith discovered that the home was contaminated with Chinese Drywall and in November 2009, Mr. Smith and his wife, Ellen, moved out of the home due to health issues. Unable to continue making the mortgage payments on the home, while also paying for alternate housing, Mr. Smith sold the home "AS IS" through a short sale in June of 2011. The home was sold to the new owner (Suzanne W. Feeney) for a significantly reduced price of $135,000.00. The home was marketed and sold as a Chinese Drywall contaminated home and the purchaser clearly knew of the existence of the CDW at the time she purchased the home.

At the time of the short sale, no notice, guidelines or documentation had been disclosed of the GBI Settlement to the Claimant. No protocols or guidelines had been issued concerning the GBI Settlement. As such, Claimant was not aware that he would be required to retain, in writing, the exclusive right to assert all claims against the builder, installer or supplier of the property in order to collect on the Global, Banner, In-Ex Repair and Relocation Expenses Claim.

Once the GBI Settlement protocols permitted Claimant to apply for benefits, the Claimant filed for the settlement proceeds. Unbeknownst to the Claimant, the subsequent purchaser (Ms. Susanne Fenney) also filed a claim for the same GBI settlement benefits. The Claims Administrator, knowing of the competing claims, none-the-less granted the Claim of Ms. Feeney, solely on the basis that she possessed ownership of the property at the time of the application for settlement benefits.

Once the Claimant received the denial of his claim, Claimant filed his Objection to the Claims Administrator's decision on March 5, 2015, succinctly stating the facts set forth herein. Without hearing, notice or further inquiry the Objection was denied by the Special Master on April 27, 2015, again solely upon the basis that Ms. Feeney possessed ownership of the property at the time of the decision.

WHEREFORE, the Claimant would respectfully ask this Court to overrule the denial of the Claimant's application for the GBI Settlement Benefits for the following reasons:

A. The GBI Settlement Allocation Plan Guidelines for both Banner and builders and installers state in part in section 5, "Repair and Relocation payments shall be paid to the person or entity that retains the right to recover for such claims against the Participating Defendant(s) for CDW claims."[1]

B. Prior to distribution of monies, the Claimant placed the Claims Administrator on notice as the former owner of an affected CDW property of his claim for the settlement proceeds.

C. The Claims Administrator was clearly aware of the competing claims between the Claimant and the subsequent purchaser before any monies were distributed.

D. The Claims Administrator clearly understood the there *was a issue of material fact* as to who was entitled to the settlement benefits for the subject property, before any monies were distributed.

E. The Claims Administrator was on clear notice that the Claimant never relinquished his rights to damages because of the CDW when he was forced to sell his home via a Short Sale as a vastly reduced value.

F. The Claims Administrator clearly knew that at the time that the Claimant sold the affected CDW home there was NO written guideline, rule or requirement that the former owner secure in writing a document claiming a reservation of all rights to CDW settlement benefits.

G. Likewise, there exists no documentation by the subsequent purchaser that she purchased for consideration any right to make such a claim. Faced with a material dispute on the critical issue, with no documentation, the decision was reached in error to award the settlement monies to the subsequent purchaser. At a minimum, fact finding inquiry should have been instituted by the Claims Administrator to allow a fair and equitable result.

---

[1] The undersigned recognizes that the guidelines also state the requirement that the former property owners retain the exclusive right in writing. As already noted, this requirement did not exist at the time Claimant sold the property.

H.	The subsequent purchaser suffered no harm.  She bought the home at a drastically reduced value because of the Chinese drywall contamination.  To the contrary, she gained a windfall to which she is not entitled.

I.	To penalize the Claimant by relying upon a requirement that did not exist at the time the property was sold results in a clear inequitable hardship to the Claimant.

J.	The Claimant should be awarded the full measure of the settlement benefits, even if this results in the GBI defendants paying twice upon the same property.  The burden of any such result should not rest upon the Claimant.  Any such payment provides only a sliver of compensation to the Claimant, as his losses far exceed the small amount of compensation that he would be afforded upon the requested reversal by this Court.

Respectfully submitted this 12th day of May 2015.

/s/ Brian J. Connelly
BRIAN J. CONNELLY
Florida Bar No. 0058815
Gould Cooksey Fennell, P.A.
979 Beachland Boulevard
Vero Beach, FL 32963
Email: bconnelly@gouldcooksey.com
Eservice: bjc-eservice@gouldcooksey.com
(772) 231-1100 Telephone
(772) 231-2020 Facsimile
Attorney for David S. Smith

**CERTIFICATE OF SERVICE**

      I hereby certify that the above and foregoing Appeal of Special Master's Determination Denying Claimant, David S. Smith's Global, Banner, In-Ex repair and Relocation Expenses Claim has been served on Plaintiffs' Liaison Counsel, Russ Herman, and Defendants' Liaison Counsel, Kerry Miller, by U.S. Mail and e-mail and upon all parties by electronically uploading the same to LexisNexis File & Serve in accordance with Pretrial Order No. 6, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2047, on this 12th day of May, 2015.

                                                /s/ Brian J. Connelly_____  
                                                BRIAN J. CONNELLY  
                                                Attorney for David S. Smith