UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In re:  CHINESE-MANUFACTURED DRYWALL PRODUCTS LIABILITY LITIGATION | * * * * | MDL 2047 SECTION L |
| | * | JUDGE FALLON |
| This document relates to All Cases | * * * | MAGISTRATE JUDGE WILKINSON |

* * * * * * * * * * * * * * * * *

## BAILEY LUMBER & SUPPLY CO.'S MEMORANDUM IN SUPPORT OF ITS MOTION TO ENFORCE INJUNCTION REGARDING CLAIMS BROUGHT BY PLAINTIFFS KYLE AND DENISE NEWMAN

Bailey Lumber & Supply Company ("Bailey"), as a downstream supplier of Interior/Exterior Building Supply ("InEx") and a Downstream InEx Releasee under the InEx Settlement Agreement approved by this Court, files this Memorandum in Support of its Motion to Enforce Injunction Regarding Claims Brought by Plaintiffs Kyle and Denise Newman.

This Court has barred all class members who have not opted out of the InEx entities' class action settlement agreement from prosecuting claims against InEx and the Downstream InEx Releasee. In violation of the Court's order, Plaintiffs, who are class members of the InEx entities' class action settlement agreement, are prosecuting claims arising from, or otherwise related to, the presence of Chinese drywall against Bailey (and InEx) in the Circuit Court of the First Judicial District of Harrison County, Mississippi in two cases, captioned *Kyle and Denise Newman v. Knauf GIPS et al.*, Case No. A2401-2010-00419 and *Kyle and Denise Newman v. USG Corp. et al.*, Case No. A2401-2012-244.

For these reasons, as more fully stated below, the Court should enforce its injunction barring claims by Plaintiffs against Bailey and further enjoin Plaintiffs, and their attorneys, from continuing to prosecute their claims against Bailey.

I.      **Background**

In the summer of 2011, the InEx entities entered into a class action settlement agreement covering a nationwide class, which agreement was subsequently amended. Doc. Nos. 8628, 12258-3 & 15948-2. On May 13, 2011, the Court granted preliminary approval of the InEx entities' class action settlement agreement. Doc. No. 8818. On February 7, 2013, the Court issued an Order and Judgment that certified and granted approval of the InEx entities' class action settlement agreement, as amended, with a nationwide class pursuant to Federal Rule of Civil Procedure 23(a), (b)(3) & (e). Doc. No. 16570.

Consistent with the InEx entities' class action settlement agreement, the Court defined the Settlement Class as: "all persons or entities with claims, known and unknown, against the Settling Defendants arising out of, or otherwise related in any way to Chinese drywall, marketed, distributed and/or supplied by InEx." Doc. No. 16570, ¶11, pp. 21-2. The Court found that the InEx settlement was fair, reasonable and adequate. Doc. No. 16570, ¶14, p. 22. The Court specifically approved the Class Release in section 4.3 of the INEX settlement, Doc. No. 16570, ¶17, p. 23, and found that the Released Claims, as defined in Section 4.1 of the InEx settlement agreement, were released as of the effective date of the settlement. Doc. No. 16570, ¶18, p. 23. The Court further found that notice was disseminated to the InEx Class pursuant to the Court's Order dated August 11, 2011 and that: "All InEx Class Members who did not opt out of the InEx Settlement, or who rescinded their opt-out from the InEx Settlement, in accordance with this Court's previous orders on or before the date of this Order shall be bound by this Judgment." Doc. No. 16570, ¶15, p. 22.

The Amended InEx Settlement Agreement defines "Released Claims", in short, as any and all claims against any Settling Defendants whatsoever arising out of, in any manner related to, or connected in any way with Chinese drywall. Doc. 12258-3, Art. 4.1, p. 11. The term "Settling Defendants" is defined to include InEx and "Downstream InEx Releasees." Doc. 12258-3, Art. 1.3, p. 8. "Downstream InEx Releasees" is defined in pertinent part as "Subsuppliers, General Contractors, Subcontractors, Installers, Developers, and Realtors who purchased or received Chinese drywall from InEx, used Chinese drywall supplied by InEx in the construction of Affected Property, or sold or marketed Affected Property containing Chinese drywall sold, market, distributed and/or supplied by InEx... ." Doc. 12258-3, Art. 1.10, p. 4.

"Subsupplier" is defined as "any person or entity to which InEx sold, marketed, distributed, or supplied Chinese Drywall, directly, or indirectly, to be provided to another for use or installation, in any property." Doc. 12258-3, Art. 1.32, p. 9. "Chinese Drywall" is defined to include "all drywall products sold, marketed, distributed and/or supplied by InEx and which are alleged to be defective, and which were manufactured, in whole or in part, in China, or that include components manufactured, in whole or in part, in China, including, but not limited to, any and all drywall manufactured by" either the Knauf or Taishan entities. Doc. 12258-3, Art. 1.7, p. 4.

Pursuant to these definitions, Bailey is a Downstream InEx Releasee and plaintiffs' claims against Bailey are Released Claims within the meaning of the InEx settlement agreement approved by the MDL Court.

The Court also noted that "comprehensive lists of opt-outs and rescissions of opt-outs from the InEx settlement as of November 9, 2012 were filed on the docket by Class Counsel." Doc. No. 16570, ¶16, p. 22. Plaintiffs apparently initially opted out of the InEx Settlement, but

3

rescinded their opt-out on or before October 10, 2012. Doc. 15916. Accordingly, they are bound by the InEx settlement agreement releasing their claim against Baily as a "Downstream InEx Releasee" and by the MDL Court's order barring them from proceeding with this litigation.

Plaintiffs have filed, and continue to prosecute, two suits against Bailey (and InEx) for claims arising from or otherwise related to the presence of Chinese drywall in a residence Plaintiffs allegedly purchased; the suits were filed in the Circuit Court of the First Judicial District of Harrison County, Mississippi and are captioned *Kyle and Denise Newman v. Knauf GIPS et al.*, Case No. A2401-2010-00419 and *Kyle and Denise Newman v. USG Corp. et al.*, Case No. A2401-2012-244. Exhibits A & B.

**II.    Law and Analysis**

It is well settled that a Rule 23(b)(3) class action "bind[s] all class members save those who opt out." *Amchem Prods., Inc. v. Windsor*, 521 U.S. 591, 592 (1997); *Cooper v. Fed. Reserve Bank of Richmond*, 467 U.S. 867, 874 (1984) ("There is of course no dispute that under elementary principles of prior adjudication a judgment in a properly entertained class action is binding on class members in any subsequent litigation."). Similarly, if a class member "fails to opt out by the deadline, he is bound by the court's actions concerning the class, including settlement and judgment." *Klein v. O'Neil, Inc.*, 3-CV-102, 2009 WL 1174638, at *2 (N.D. Tex. April 29, 2009) (citing *Amchem Prods., Inc. v. Windsor*, 521 U.S. at 592-93 and *Reppert v. Marvin Lumber & Cedar Co.*, 359 F.3d 53, 56-57 (1st Cir. 2004)). Therefore, all class members who did not opt-out of the InEx entities' settlement agreement are bound by the settlement agreement's terms and the Court's actions concerning the settlement class.

Plaintiffs are unequivocally members of the InEx class action settlement agreement because their claims "aris[e] from, or [are] otherwise related to, Chinese Drywall purchased

4

from, supplied, distributed, marketed, used, sold and/or delivered by InEx." The Court's February 7, 2013 Order and Judgment barred plaintiffs who did not opt out of the InEx entities' class action settlement agreement from prosecuting any claim that "arises from, concerns, or otherwise relates, indirectly or indirectly, to Chinese Drywall" against InEx. Doc. No. 16570, ¶19, p. 23. Because Plaintiffs did not opt-out of the InEx class action settlement agreement, their claims "arising from, or otherwise related to[] Chinese Drywall" against Bailey (and InEx) are barred.

By continuing to prosecute their case against Bailey (and InEx) in Mississippi state court, Plaintiffs have refused to comply with the Court's February 7, 2013 Order.

### III.  Conclusion

For the foregoing reasons, the Court should enforce its injunction barring claims by Plaintiffs Kyle and Denise Newman against Bailey and further enjoin Plaintiffs Kyle and Denise Newman, and their attorneys, from continuing to prosecute their claims against Bailey.

Respectfully submitted,

BAILEY LUMBER & SUPPLY COMPANY

_/s/ Robert L. Redfearn, Jr._
Robert L. Redfearn, Jr. (# 17106)

**OF COUNSEL:**

**SIMON, PERAGINE, SMITH & REDFEARN, L.L.P.**
1100 Poydras Street, 30th Floor
New Orleans, Louisiana 70163-3000
Phone: (504) 569-2030
Fax: (504) 569-2999
E-mail: redfearnjr@spsr-law.com

R. Ryan Daugherty (MB #102275)
Sirote & Permutt, P.C.
2311 Highland Avenue South
Birmingham, Alabama 35205
Telephone: (205) 930-5279
Facsimile: (205) 212-3816

## **CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that the above and foregoing pleading has been served upon Russ Herman, Plaintiffs' Liaison Counsel, by email, and to all parties by electronically uploading the same to LexisNexis File & Serve in accordance with Pre-Trial Order No. 6, and that the foregoing was filed with the Clerk of Court of the United States Court for the Eastern District of Louisiana, on this 12th day of May, 2015.

**I ALSO CERTIFY** that this document is being served this day on counsel for Plaintiffs, Wayne E. Ferrell, Jr., 405 Tombigee St., Jackson, Mississippi 39201 (Wayne Ferrell (WFerrell@airlawonline.com), via email transmission.

/s/ *Robert L. Redfearn, Jr.*