# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE:   CHINESE-MANUFACTURED DRYWALL PRODUCTS LIABILITY LITIGATION | MDL NO. 2047 SECTION: L JUDGE FALLON MAG. JUDGE WILKINSON |

**THIS DOCUMENT RELATES TO:**

*Germano, et al. v. Taishan Gypsum Co., Ltd., f/k/a Shandong Taihe Dongxin Co. Ltd., et al., Case No. 2:09-cv-6687 (E.D.La.)*

*Gross, et al. v. Knauf Gips KG, et. al., Case No. 2:09-cv-6690 (E.D.La.)*

*Wiltz, et al. v. Beijing New Building Materials Public Limited Co., et. al., Case No. 2:10-cv-00361 (E.D.La.)*

*Amorin, et al. v. Taishan Gypsum Co., Ltd. f/k/a Shandong Taihe Dongxin Co., Ltd., et al., Case No.: 2:11-cv-1395 (E.D.La.)*

*Amorin, et al. v. Taishan Gypsum Co., Ltd. f/k/a Shandong Taihe Dongxin Co., Ltd., et al., Case No.: 2:11-cv-1672 (E.D.La.)*

*Amorin, et al. v. Taishan Gypsum Co., Ltd. f/k/a Shandong Taihe Dongxin Co., Ltd., et al., Case No.: 2:11-cv-1673 (E.D.La.)*

## THE PLAINTIFFS' STEERING COMMITTEE'S RESPONSE IN OPPOSITION TO TAISHAN'S MOTION TO COMPEL OUTSTANDING DISCOVERY OF INFORMATION RELIED ON BY PLAINTIFFS' DAMAGES EXPERT

The Plaintiffs' Steering Committee ("PSC") hereby responds to Taishan's Motion to Compel Outstanding Discovery of Information Relied on By Plaintiffs' Damages Expert. (Rec. Doc. 18889).

## I.    INTRODUCTION

Taishan seeks to discover the protected draft reports of Plaintiffs' expert, George Inglis, by mischaracterizing those drafts as mere "versions" of "facts." (Rec. Doc. 18889). Taishan requests that this Court ignore Fed. R. Civ. P. 26(b)(4)(B), which protects such work product, and find that limited communications between BrownGreer and Mr. Inglis' firm, Berman&Wright (which *have been* produced) waived the PSC's draft report protection. This position is inconsistent with both the Federal Rules and case law in this circuit.

## II.    FACTUAL BACKGROUND

On May 1, 2015, Plaintiffs produced to Defendants (among other documents) correspondence between: 1) Ronald Wright and BrownGreer; 2) George Inglis and BrownGreer; 3) Wright and Inglis; and 4) Berman&Wright employees and BrownGreer. Plaintiffs withheld, however, several attachments to the correspondence that were drafts of either the text of Inglis' affidavit or drafts of Exhibit 10 to that affidavit that are protected by Fed. R. Civ. P. 26(b)(4)(B). Specifically, there were multiple versions of the draft Ex. 10 that were attached to emails between Tracy Randazzo of Berman&Wright and Jake Woody of BrownGreer. These drafts included the process of removing duplicate data and Mr. Inglis' notes regarding calculations.

On May 4, 2015, Defendants filed with the court a status report claiming that the PSC's position regarding the email attachments is "baseless" because "[a]ny document generated by BrownGreer—a third party administrator—cannot be a draft report within the protection of Rule 26." (Doc. 18817 at p. 8).   Defendants further contended that none of the attachments to the emails "appear to be draft reports" and that, even if they were, "we believe that the Plaintiffs' testifying expert waived any protection by providing the documents to a third-party."   *Id.*   On May 8, 2015, Taishan filed a motion to compel Plaintiffs' production of the withheld draft reports.

(Rec. Doc. 18889). In that motion, Taishan argues that all of the withheld materials are the "putative 'facts or data considered by' Mr. Inglis in forming his opinions, to which Taishan is entitled as a matter of law…" *Id.* at p. 3. For the reasons set forth below, Taishan's motion to compel should be denied.

### III.   ARGUMENT

#### A.   Draft Exhibit 10 and the Draft Inglis Affidavit Are Protected Under Rule 26 And Defendants Cannot Show a "Substantial Need" to Discover Them

The draft versions of Exhibit 10 to the Inglis Affidavit are protected expert drafts that cannot be discovered by Defendants.   Fed. R. Civ. P 26(b)(4)(B) "protect[s] drafts of any report or disclosure required under Rule 26(a)(2), regardless of the form in which the draft is recorded." Draft worksheets created by an expert and his staff for use in his expert reports are protected disclosures under Rule 26. *See In re Application of Republic of Ecuador*, 280 F.R.D. 506, 512-13 (N.D. Cal. 2012) *aff'd sub nom. Republic of Ecuador v. Mackay*, 742 F.3d 860 (9th Cir. 2014) (finding that Republic had not made showing of "substantial need" and thus expert's draft worksheets were protected from discovery under Rule 26).

Exhibit 10 to Inglis' expert report is a significant part of his report and Inglis' final work product.   As discussed in the Inglis Affidavit, Exhibit 10 includes the estimated cumulative total square footage for all claimant properties, a full listing of buildings, addresses, and square footage information and local remediation cost factors. Significantly, Exhibit 10 also includes damages amounts for remediation and alternative living.   Courts interpret the Rule 26 protection for "draft" expert reports to include worksheets that are attached as exhibits to the final expert report.   *See In re Application of Republic of Ecuador*, 280 F.R.D. at 512-13.   Thus, the PSC may withhold drafts of Exhibit 10 from production under Rule 26.

3

Moreover, Defendants have not and cannot demonstrate the requisite "substantial need" to overcome the expert draft report protection.   Discovery of information protected by Rule 26 is "permitted only in the "rare" case where a party establishes it has a substantial need…" *Innovative Sonic Ltd. v. Research in Motion, Ltd.,* No. 3:11-CV-0706-K, 2013 WL 775349, at *2 (N.D. Tex. Mar. 1, 2013).   A party seeking disclosure must demonstrate both substantial need and that it cannot "without undue hardship" obtain the substantial equivalent by other means. Fed. R. Civ. P. 26(b)(3)(A)(ii).

All of the "facts and data" that are in the draft version of Exhibit 10 have *already been produced* to Defendants.   Not only have Plaintiffs produced this data in the Inglis Expert Report and attachments thereto, but also, Plaintiffs have produced this information in final native form to Defendants, per their request.   The only information Defendants would obtain from discovering draft versions of Exhibit 10 would be entirely duplicative of what has already been produced to Defendants, except it would show the drafting process.   *See Innovative Sonic,* 2013 WL 775349, at *2.

Further, to the extent Defendants argue that communications between BrownGreer and Inglis are not protected because BrownGreer is a non-party, that argument cannot extend to Inglis' draft work product attached to those communications.   *Whole Women's Health v. Lakey*, is particularly on point. 301 F.R.D. 266, 271 (W.D. Tex. 2014).   In that case, the Western District of Texas considered a motion to compel discovery of documents concerning communications between an expert and a non-party consultant whose relationship to the defendants and defense expert was unclear.[1]   Although the court concluded that *communications* between the defense

---

[1] Although *Whole Women* presents similar facts to those presented here, Plaintiffs note that the relationship between BrownGreer and Inglis is much more clearly defined than the

expert and the non-party consultant must be produced, the court "permitted State Defendants to withhold from discovery communications related to any draft reports or disclosures of its testifying experts as well as any communications between the States' counsel and the testifying experts." *Id*. at 271 (holding that "communications between State Defendants' testifying experts and [the non-party] are discoverable, except as provided in Rules 26(b)(4)(B)-(C)."). Plaintiffs, here, have followed precisely the holding and reasoning of *Whole Women's Health*. The PSC complied with Defendants' document requests, including by producing communications between Inglis and BrownGreer, but withheld a narrow category of draft reports which are protected under Rule 26.

### B. Defendants' Argument that the Attachments-at-Issue Were "Generated" by BrownGreer Is Factually Inaccurate

Defendants argue that the withheld attachments were "generated" by BrownGreer and, thus, cannot be considered draft expert work product. (Doc. 18817 at p. 8). This is inaccurate as a matter of fact – for the simple reason that the draft versions of Exhibit 10 were <u>not</u> "generated" by BrownGreer. Instead, Tracy Randazzo of Berman&Wright and Jake Woody of BrownGreer exchanged emails in which draft versions of Exhibit 10, *which was generated by Berman&Wright*, were attached. Jake Woody then checked that the square footage data used by Inglis were accurately inputted into Exhibit 10. *BrownGreer did not generate Exhibit 10* nor did BrownGreer add any "facts or data" to draft versions of Exhibit 10 that have not already been produced to Defendants in the final version of Exhibit 10.

---

expert/non-party relationship was in *Whole Women*. BG was retained by the PSC to provide square footage data to Berman&Wright.

C. __Inglis' Correspondence With BrownGreer Does Not Constitute Waiver of Work Product Protection__

Taishan further argues that Inglis' correspondence with BrownGreer constituted "waiver" of work product protection.   Assuming that work-product protection of draft expert reports can even be subject to waiver, the facts here fall short of those required to demonstrate that an expert willingly waived his Rule 26 protections.

Courts that have considered waiver in the context of expert work product protection have applied the same wavier analysis as is applied in the context of attorney work product.   *See, e.g., In re Agriprocessors, Inc.*, No. 08-2751, 2012 WL 2974896, at *5 (Bankr. N.D. Iowa July 20, 2012).   Waiver may be either express or implied.   *Schwegmann Westside Expressway, Inc. v. Kmart Corp.,* No. CIV. A. 94-2095, 1995 WL 510071, at *3 (E.D. La. Aug. 25, 1995).   The moving party must demonstrate: that (1) privileged or confidential communications were actually disclosed; (2) that the opposing party intended to waive privilege; and (3) it would be unfair and inconsistent with the privilege for the party to invoke the privilege.   *Nat'l W. Life Ins. Co. v. W. Nat. Life Ins. Co.,* No. A-09-CA-711 LY, 2010 WL 5174366, at *6 (W.D. Tex. Dec. 13, 2010); *see also Pamida, Inc. v. E.S. Originals, Inc.,* 281 F.3d 726, 732 (8th Cir. 2002) ("With respect to the issue of implied waiver, the Court must not only look at whether [a party] intended to waive the privilege, but also at whether the interests [of] fairness and consistency mandate a finding of waiver.").

As a preliminary matter, there are no facts to support a finding of express waiver.   Thus, any potential waiver must be analyzed under the implied waiver framework.   Under this framework, Taishan has not demonstrated that Inglis waived draft work product protection.

6

      **i.**    *There was no intent to waive work product protection*

      The limited correspondence between Inglis/other Berman&Wright employees and BrownGreer regarding the draft expert report does not waive work product protection because Inglis did not intend to waive privilege.   BrownGreer is neither "an adversary nor a conduit to an adversary." *See United States v. Veolia Environnement N. Am. Operations, Inc.,* No. CV 13-MC-03-LPS, 2014 WL 5511398, at *5 (D. Del. Oct. 31, 2014) *amended*, No. CV 13-MC-03-LPS, 2014 WL 6449973 (D. Del. Nov. 17, 2014) (finding that sharing expert reports with outside tax advisors did not constitute waiver of expert work product privilege because the tax advisors were not adversaries, not conduits for adversaries, and were regularly consulted as non-testifying experts).   Rather, BrownGreer provided limited services to Plaintiffs (for which BrownGreer was compensated, by Plaintiffs), for the purpose of providing claimant square footage data to Inglis for use in his expert report.   In corresponding with BrownGreer, Inglis and other Berman&Wright employees did not intend to waive expert work product privilege because BrownGreer and Berman&Wright had "common interests" such that waiver was not implied.   *Id.* ("[T]he Court is persuaded that 'Taxpayer ... had common interests with its parent and other affiliated entities' and there was no waiver of protection by virtue of these documents being shared among members of the VE corporate family.").

      **ii.**    *Fairness considerations do not mandate a finding of waiver*

      Additionally, fairness considerations do not mandate a finding of waiver.   As noted above, Defendants have in their possession all of the relevant "facts and data" that Inglis considered in arriving at his conclusions.   The only information Defendants could hope to gather from draft versions of Inglis' report would be the details of the drafting process and mental impressions of

counsel who reviewed the draft.   Production of these drafts would be prejudicial to Plaintiffs'

position at trial and would not actually provide Defendants with any factual material they do not

already have.   Thus, the equities do not support a finding of waiver.   *See Nat'l W. Life Ins. Co. v.*

*W. Nat. Life Ins. Co.,* No. A-09-CA-711 LY, 2010 WL 5174366, at *6 (W.D. Tex. Dec. 13, 2010).

### IV.   <u>CONCLUSION</u>

The PSC complied with Defendants' document requests in a manner that was efficient,

thorough, and reasonable.   The only documents withheld from Defendants were selected

attachments to email correspondence (which was produced) that are indisputably draft expert

reports protected from discovery under Rule 26.   Limited communication with BrownGreer was

necessary to obtain square footage data for use in the Inglis report.   Defendants' attempt to

discover drafts is not only inconsistent with the Federal Rules but is inconsistent with precedent in

this circuit.   Thus, Defendants' Motion to Compel should be denied.

Respectfully submitted,

Dated: May 13,  2015

/s/ Russ M. Herman
Russ M. Herman (LA Bar No. 6819)
Leonard A. Davis (LA Bar No. 14190)
Stephen J. Herman (LA Bar No. 23129)
HERMAN, HERMAN & KATZ, LLC
820 O'Keefe Avenue
New Orleans, Louisiana 70113
Phone: (504) 581-4892
Fax: (504) 561-6024
Ldavis@hhklawfirm.com
*Plaintiffs' Liaison Counsel*
*MDL 2047*

Arnold Levin (on the brief)
Fred S. Longer (on the brief)
Sandra L. Duggan
Matthew C. Gaughan
Levin, Fishbein, Sedran & Berman
510 Walnut Street, Suite 500
Philadelphia, PA 19106
215-592-1500 (phone)
215-592-4663 (fax)
Alevin@lfsblaw.com
*Plaintiffs' Lead Counsel*
*MDL 2047*

## PLAINTIFFS' STEERING COMMITTEE

Dawn M. Barrios
Barrios, Kingsdorf & Casteix, LLP
701 Poydras Street, Suite 3650
New Orleans, LA 70139
Phone: (504) 524-3300
Fax: (504) 524-3313
Barrios@bkc-law.com

Bruce William Steckler
Steckler, LLP
12720 Hillcrest Road, Ste 1045
Dallas, TX 75230
Phone: (972) 387-4040
Fax: (972) 387-4041
bruce@stecklerlaw.com

Daniel E. Becnel, Jr.
Becnel Law Firm, LLC
425 W. Airline Highway, Suite B
Laplace, LA 70068
Phone: (985) 536-1186
Fax: (985) 536-6445
dbecnel@becnellaw.com

Ervin A. Gonzalez
Colson, Hicks, Eidson
255 Alhambra Circle, Penthouse
Cora Gables, FL 33134
Phone: (305) 476-7400
Fax: (305) 476-7444
ervin@colson.com

Peter Prieto
Podhurst Orseck, P.A.
25 Flagler Street, 8th Floor
Miami, FL 33130
Phone: (305) 358-2800
Fax: (305) 358-2382
pprieto@podhurst.com

Ben W. Gordon, Jr.
Levin, Papantonio, Thomas, Mitchell
 Echsner & Proctor, P.A.
316 S. Baylen Street, Suite 600
Pensacola, FL 32502
Phone: (850) 435-7000
Fax: (850) 435-7020
bgordon@levinlaw.com

9

Hugh P. Lambert
The Lambert Firm
701 Magazine Street
New Orleans, LA 70130
Phone: (504) 581-1750
Fax: (504) 529-2931
hlambert@thelambertfirm.com

Gerald E. Meunier
Gainsburgh, Benjamin, David, Meunier
 & Warshauer, LLC
2800 Energy Centre, 1100 Poydras Street
New Orleans, LA 70163-2800
Phone: (504) 522-2304
Fax: (504) 528-9973
gmeunier@gainsben.com

James Robert Reeves
Reeves & Mestayer, PLLC
160 Main Street
Biloxi, MS 39530
Phone: (228) 374-5151
Fax: (228) 374-6630
jrr@attorneys4people.com

Christopher Seeger
Seeger Weiss, LLP
77 Water Street
New York, NY 10005
Phone: (212) 584-0700
Fax: (212) 584-0799
cseeger@seegerweiss.com

Victor M. Diaz, Jr.
V.M. Diaz and Partners, LLC
119 Washington Ave, Suite 402
Miami Beach, FL 33139
Phone: (305) 704-3200
Fax: (305) 538-4928
victor@diazpartners.com

Jerrold Seth Parker
Parker Waichman, LLP
3301 Bonita Beach Road
Bonita Springs, FL 34134
Phone: (239) 390-1000
Fax: (239) 390-0055
Jerry@yourlawyer.com

Scott Wm. Weinstein
Morgan & Morgan
12800 University Drive, Suite 600
Ft. Meyers, FL 33907
Phone: (239) 433-6880
Fax: (239) 433-6836
sweinstein@forthepeople.com

Daniel K. Bryson
Whitfield, Bryson & Mason, LLP
900 W. Morgan Street
Raleigh, NC 27603
Phone: (919) 600-5000
Fax: (919) 600-5002
dan@wbmllp.com

Richard J. Serpe
Law Offices of Richard J. Serpe
Crown Center, Ste. 310
580 East Main Street
Norfolk, VA 23510-2322
Phone: (757) 233-0009
Fax: (757) 233-0455
rserpe@serpefirm.com

**OF COUNSEL TO PLAINTIFFS' STEERING COMMITTEE**

Richard S. Lewis
HAUSFELD LLP
1700 K Street, N.W
Suite   650
Washington, DC 20006
Phone: (202) 540-7200
Fax:   (202) 540-7201
rlewis@hausfeldllp.com

Andrew A. Lemmon
Lemmon Law Firm, LLC
P.O. Box 904
15058 River Road
Hahnville, LA 70057
Phone: (985) 783-6789
Fax: (985) 783-1333
andrew@lemmonlawfirm.com

Anthony D. Irpino
IRPINO LAW FIRM
2216 Magazine Street
New Orleans, LA 70130
Phone: (504) 525-1500
Fax: (504) 525-1501
airpino@irpinolaw.com

**CERTIFICATE OF SERVICE**

I hereby certify that the above and foregoing has been served on Defendants' Liaison Counsel, Kerry Miller, by e-mail and upon all parties by electronically uploading the same to LexisNexis File & Serve in accordance with Pre-Trial Order No. 6, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2047 on this 13th   day of May, 2015.

/s/ Leonard A. Davis
Leonard A. Davis
HERMAN, HERMAN & KATZ, LLP
820 O'Keefe Avenue
New Orleans, Louisiana 70113
Phone: (504) 581-4892
Fax: (504) 561-6024
Ldavis@hhklawfirm.com
Plaintiffs' Liaison Counsel
MDL 2047
*Co-counsel for Plaintiffs*

11