MINUTE ENTRY
FALLON, J.
MAY 7, 2015

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: CHINESE MANUFACTURED DRYWALL PRODUCTS LIABILITY LITIGATION | MDL NO. 2047<br><br>SECTION "L" |

THIS DOCUMENT RELATES TO: ALL CASES

## MINUTE ENTRY

On this date, the Court held a telephone status conference regarding issues of discovery. The hearing was transcribed by Ms. Terri Hourigan, Official Court Reporter. Counsel may contact Ms. Hourigan at (504) 589-7775 to request a copy of the transcript.

A number of parties and interested entities participated: the Plaintiffs' Steering Committee ("PSC"); Taishan; BNBM; CNBM; Knauf; the Louisiana Attorney General, JP Morgan Chase, Morgan Stanley, and Brown Greer. The parties discussed the status of discovery relating to contempt and damages.

The Court discussed a number of issues and discovery motions filed by the parties. Generally, the Court explained that the parties needed to communicate with each other and attempt to work out issues together before bringing them to the attention of the Court.

The Court discussed the PSC's motion for expedited discovery of JP Morgan Chase and Morgan Stanley. (Rec. Doc. 18768). The Court explained that the information sought was

JS10(00:70)

discoverable, but directed the parties to work together to narrow the scope of the request before seeking Court intervention. Therefore, the motion is **DENIED WITHOUT PREJUDICE**.

The Court discussed Taishan's motion for a protective order (Rec. Doc. 18815). First, Taishan argues that the PSC's supplemental deposition notices are overbroad. The Court directed the parties to work together on the proper scope of discovery. The Court emphasized that the scope of discovery should be restricted to the tracks it has authorized. Therefore, the first portion of Taishan's motion for a protective order is **DENIED WITHOUT PREJUDICE**. Second, Taishan seeks to exclude the Louisiana Attorney General ("A.G.") from the authorized depositions, arguing that the A.G.'s presence is outside the scope of the depositions authorized by the Court. The Court explained that it would permit the A.G. to be present for the depositions, but if the A.G. wanted to ask questions of the deponent, the A.G. would need Court authorization. The Court also explained that the parties should coordinate the A.G.'s access to the pertinent discovery, and that at a future date the Court would assess the costs associated with the A.G.'s participation. Therefore, the second portion of Taishan's motion for a protective order is **GRANTED IN PART AND DENIED IN PART**.

The Court discussed the PSC's motion to compel all outstanding discovery. (Rec. Doc. 18818). The Court directed the parties to work together to narrow the scope of the request before seeking Court intervention. Therefore, the motion is **DENIED WITHOUT PREJUDICE**.

The Court discussed the PSC's motion to set a briefing schedule related to BNBM's recently filed substantive motions (Rec. Doc. 18831). The Court explained that the Court will not resolve the "third track" motions filed by BNBM until after the June 9, 2015 damages hearing, thus there is no need to set a briefing schedule until after the damages hearing. Therefore, the motion is **DENIED WITHOUT PREJUDICE**.

The Court discussed the PSC's motion for complete and accurate English translations (Rec. Doc. 18906). The Court explained that the Defendant producing a document must pay the cost of translating the document into English. The Court further explained that such documents may be translated by machine, unless the Court approves an alternate method of translation. The recipient may wish to translate, by person, a particular document and move to shift cost. Therefore, the motion for complete and accurate translations is **GRANTED IN PART AND DENIED IN PART**.

The Court discussed the PSC's motion to compel complete BNBM profile forms. (Rec. Doc. 18628). The Court directed the parties to work together to narrow the scope of the request before seeking Court intervention. Therefore, the motion is **DENIED WITHOUT PREJUDICE**.

**IT IS FURTHER ORDERED** that the Court will not set any other future telephone status conferences relating to discovery matters. Rather, when a party files a discovery motion, any response must be filed no later than the next business day after the motion is filed ("the second day"). The Court will assess the motion on the day after responses are due ("the third day") and will conduct oral argument, if necessary, and if appropriately requested by the movant or nonmovant.