AO 88A (Rev. 12/13) Subpoena to Testify at a Deposition in a Civil Action

# UNITED STATES DISTRICT COURT

for the

Eastern District of Louisiana

| | |
|---|---|
| In re: Chinese-Manufactured Drywall | ) |
| _____ | ) |
| *Plaintiff* | ) |
| v. | ) Civil Action No.  2:09-md-2047 |
| | ) |
| _____ | ) |
| *Defendant* | ) |

## SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION

To:        BrownGreer PLC, 250 Rocketts Way Richmond, Virginia 23231

_____
*(Name of person to whom this subpoena is directed)*

☑ *Testimony:* **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at a deposition to be taken in this civil action. If you are an organization, you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about the following matters, or those set forth in an attachment:

| Place: Gainsburgh, Benjamin, David, Meunier + Warshauer LLC, 2800 Energy Centre, 1100 Poydras Street, New Orleans, LA 70163 | Date and Time: May 26, 2015 1:00 PM Central |
|---|---|

     The deposition will be recorded by this method:    Videotaped

☑ *Production:* You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material:

See Exhibit A . Please produce the requested materials by email by 5:00 PM Eastern on May 16, 2015.

     The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:   05/14/2015

| | |
|---|---|
| *CLERK OF COURT* | |
| | OR |
| _____ | /s/ Michael Kenny |
| _____ | _____ |
| *Signature of Clerk or Deputy Clerk* | *Attorney's signature* |

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* _____
Taishan Gypsum Co., Ltd. and Tai'an Taishan Plasterboard Co., Ltd. _____ , who issues or requests this subpoena, are:

Michael Kenny, Alston & Bird LLP 1201 W. Peachtree St. Atlanta, GA 30309, mike.kenny@alston.com, (404) 881-7179

**Notice to the person who issues or requests this subpoena**

If this subpoena commands the production of documents, electronically stored information, or tangible things, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88A  (Rev.  12/13) Subpoena to Testify at a Deposition in a Civil Action (Page 2)

Civil Action No. 2:09-md-2047

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❏  I served the subpoena by delivering a copy to the named individual as follows: _____

_____ on *(date)* _____ ; or

❏  I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $    0.00    .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88A  (Rev.  12/13) Subpoena to Testify at a Deposition in a Civil Action (Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1) *For a Trial, Hearing, or Deposition.*** A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
    **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
    **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
        **(i)** is a party or a party's officer; or
        **(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2) *For Other Discovery.*** A subpoena may command:
    **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
    **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1) *Avoiding Undue Burden or Expense; Sanctions.*** A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2) *Command to Produce Materials or Permit Inspection.***
    **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
    **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
        **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
        **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3) *Quashing or Modifying a Subpoena.***

    **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:

        **(i)** fails to allow a reasonable time to comply;
        **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
        **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
        **(iv)** subjects a person to undue burden.
    **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:

        **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or
        **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
    **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
        **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
        **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1) *Producing Documents or Electronically Stored Information.*** These procedures apply to producing documents or electronically stored information:
    **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
    **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
    **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
    **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2) *Claiming Privilege or Protection.***
    **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
        **(i)** expressly make the claim; and
        **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
    **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

# EXHIBIT A

## DEFINITIONS

The definitions listed below apply to both the Documents Requested and the Topics.

1. "BrownGreer," "you," and "your" refer to BrownGreer, PLC, located at 250 Rocketts Way Richmond, Virginia 23231, its predecessors in interest, and the principals, directors, officers, owners, members, representatives, employees, agents, consultants, accountants, and attorneys of these same entities.

2. "MDL" means and refers to the case *In Re: Chinese-Manufactured Drywall Products Liability Litigation*, civil case no. 2:09-md-2047 (E.D. La.).

3. "Taishan" refers to Taishan Gypsum Co., Ltd. and Tai'an Taishan Plasterboard Co., Ltd., defendants in the case *In Re: Chinese-Manufactured Drywall Products Liability Litigation*, civil case no. 2:09-md-2047 (E.D. La.).

4. "Document" has the broadest meaning permitted under the Federal Rules of Civil Procedure and means all electronic and non-electronic originals, drafts, and non-identical copies (whether different from the original because of notations, underlining, or otherwise) of written materials of any kind, including but not limited to notes, reports, outlines, letters, correspondence, emails, publications, memoranda, spreadsheets, computer data, bulletins and fact sheets, records, contracts, agreements, advertising, packaging, and promotional materials, pamphlets, manuals, statements, invoices, bills and billing sheets, as well as blog posts and social media updates, messages, tweets, posts, photographs, etc.

5. The terms "referring to" and "relating to" shall be construed to bring within the scope of the request all documents that comprise, evidence, constitute, describe, explicitly or implicitly refer to, were reviewed in conjunction with or were generated as a result of the subject matter of the request, including but not limited to all information that reflects, records, memorializes, discusses, shows, deals with, responds to, comments on, involves, pertains to, evaluates, considers, reviews, or reports the subject matter of the request.

6. The definitions, instructions, and requests contained herein are meant to be understood broadly and inclusively. Accordingly, the words "and" or "or" are conjunctive and disjunctive, the singular of any word includes the plural and vice versa, the past tense of any verb includes the present and future tense, the masculine of any word includes the feminine and neuter, the words "all" or "any" mean "any and all," and the word "including" means "including without limitation."

7. "Jake Woody Memo" refers to Jake Woody's memorandum dated May 5, 2015, regarding "Chinese Drywall Square Footage project" that Gerald Meunier emailed to counsel for defendants on May 5, 2015 at 5:06 p.m. Eastern. The Jake Woody Memo is attached as Attachment 1.

# INSTRUCTIONS

The instructions listed below apply to both the Documents Requested and the Topics.

1. Each request extends to all documents in your possession, custody, or control or in the possession, custody, or control of anyone acting on your behalf.  A document is to be deemed in your possession, custody, or control of it is in your physical custody, or if it is in the physical custody of any person and you (a) own such document in whole or in part; (b) have a right, by contract, statute, or otherwise to use, inspect, examine, or copy such document on any terms; (c) have an understanding, express or implied, that you may use, inspect, examine, or copy such document on any terms; or (d) have, as a practical matter, been able to use, inspect, examine, or copy such document when you sought to do so.

2. If you know the location of any requested document and do not produce the document on the ground that the document is not in your possession, custody, or control, you shall identify the document and identify the person who you believe does have possession, custody, or control of the document.

3. The original of each document requested herein shall be produced together with any drafts, revisions, or copies of the same that bear any mark or notation not present in the original or that otherwise differ from the original.

4. These requests call for the production of each requested document in its entirety.

5. If you intend to withhold documents or information otherwise discoverable by claiming that the document or information is privileged or subject to protection, you must expressly make the claim and describe the nature of the documents, communications, or tangible things not produced or disclosed—and do so in a manner that, without revealing information itself privileged or protected, will enable other parties to assess the claim.

6. You should resolve any doubts about whether a document is responsive to this subpoena in favor of production.

# **<u>DEPOSITION TOPICS</u>**

Pursuant to Rules 30(b)(6) and 45 of the Federal Rules of Civil Procedure, you are required to designate one or more officers, directors, managing agents, or other knowledgeable persons to testify on your behalf regarding the subjects detailed below:

1. All of your correspondence with and all documents exchanged with Ronald Wright, P.E. since September 1, 2014.

2. All of your correspondence with and all documents exchanged with George Inglis,

P.E. since September 1, 2014.

3.   All of your correspondence with and all documents exchanged with Tracy Randazzo since September 1, 2014.

4.   All of your correspondence and documents related to the October 2014 request from the Plaintiffs' Steering Committee in MDL 2047 for information for properties as described in the Jake Woody Memo.

5.   All information related to payments BrownGreer has received from the PSC for any work related to the MDL.

6.   All updated plaintiff profile forms or "Taishan Supplemental Evidence Forms," including documents and information as received by BrownGreer, as well as information regarding the timing, authorship, and transmittal of same.

7.   All documents, data, and information in your custody that you reviewed or relied upon in preparing, reviewing or revising any list, chart, spreadsheet, or other document at the request of the Plaintiffs' Steering Committee, George Inglis, Ronald Wright, or Tracy Randazzo since September 1, 2014.

8.   With respect to all claimants in the MDL (regardless of whether they are putative Taishan class members), the following information:

- Overall average remediation cost on a per-square-foot basis
- Overall average remediation cost on a per-property basis
- Total number of properties
- Average remediation cost by ZIP code on a per-square-foot basis
- Median remediation cost by ZIP code on a per-square-foot basis
- Highest remediation cost by ZIP code on a per-square-foot basis
- Lowest remediation cost by ZIP code on a per-square-foot basis
- Average remediation cost by ZIP code on a per-property basis
- Median remediation cost by ZIP code on a per-property basis
- Highest remediation cost by ZIP code on a per-property basis
- Lowest remediation cost by ZIP code on a per-property basis
- Number of properties per ZIP code
- Overall average remediation duration on a per-property basis
- Median remediation duration on a per-property basis
- Shortest remediation duration on a per-property basis
- Longest remediation duration on a per-property basis

9.   All Plaintiff Profile Forms in your custody.

## <u>DOCUMENTS REQUESTED</u>

Please produce the following materials by email by 5:00 PM Eastern on Saturday, May 16, 2015.

1. All of your correspondence with and all documents exchanged with Ronald Wright, P.E. since September 1, 2014.

2. All of your correspondence with and all documents exchanged with George Inglis, P.E. since September 1, 2014.

3. All of your correspondence with and all documents exchanged with Tracy Randazzo since September 1, 2014..

4. All of your correspondence and documents related to the October 2014 request from the Plaintiffs' Steering Committee in MDL 2047 for information for properties as described in the Jake Woody Memo.

5. All information related to payments BrownGreer has received from the PSC for any work related to the MDL.

6. All updated plaintiff profile forms or "Taishan Supplemental Evidence Forms," including documents and information as received by BrownGreer, as well as information regarding the timing, authorship, and transmittal of same.

7. All that you reviewed or relied upon in preparing, reviewing or revising any list, chart, spreadsheet, or other document at the request of the Plaintiffs' Steering Committee, George Inglis, Ronald Wright, or Tracy Randazzo since September 1, 2014.

8. With respect to all claimants in the MDL (regardless of whether they are putative Taishan class members), the following information:

   - Overall average remediation cost on a per-square-foot basis
   - Overall average remediation cost on a per-property basis
   - Total number of properties
   - Average remediation cost by ZIP code on a per-square-foot basis
   - Median remediation cost by ZIP code on a per-square-foot basis
   - Highest remediation cost by ZIP code on a per-square-foot basis
   - Lowest remediation cost by ZIP code on a per-square-foot basis
   - Average remediation cost by ZIP code on a per-property basis
   - Median remediation cost by ZIP code on a per-property basis
   - Highest remediation cost by ZIP code on a per-property basis
   - Lowest remediation cost by ZIP code on a per-property basis
   - Number of properties per ZIP code

- Overall average remediation duration on a per-property basis
- Median remediation duration on a per-property basis
- Shortest remediation duration on a per-property basis
- Longest remediation duration on a per-property basis

9. All Plaintiff Profile Forms in your custody.

**ATTACHMENT 1**

## MEMORANDUM

**TO:**       **FILE**

**FROM:**     **Jake Woody**

**DATE:**     **May 5, 2015**

**RE:**       **Chinese Drywall Square Footage project**

---

In October 2014 I was asked by the Plaintiff Steering Committee ("PSC") in MDL 2047 to compile square footage information for properties that were the subject of claims made by named Plaintiffs from the Complaints in Amorin, Germano, Gross, and/or Wiltz for claims arising from Taishan Chinese Drywall (hereinafter "Taishan claims").

I received from the PSC a spreadsheet ("the Taishan Class List") that contained plaintiff names and street addresses for properties owned by Taishan class members. The list contained 3,709 property addresses. We cross referenced the list of properties on the Taishan Class List against the list of properties for which we had previously verified square footage for during our review of Global, Banner, InEx ("GBI") claims submitted to the Chinese Drywall Settlement Program. We were able to verify square footage information for 2,343 properties of the 3,709 properties on the Taishan Class List. We verified "Under Air Square Footage", which is the livable area of the property. Under Air Square Footage does not include unfinished parts of a house, such as garages, attics, and basements.

During our review of GBI claims, we verified square footage through a number of methods. Most commonly, claimants submitted a floor plan with measurements of the property, a tax record, or other document that included a measurement of the under air square footage in the property (or allowed us to calculate the same). In some cases, when those documents were not available, we verified square footage by accessing property information on local city or county property appraisal websites.

Since October 2014, I have added square footage data for an additional 899 Taishan claims, which brings the total number of properties with Under Air Square Footage information to 3,242. I obtained square footage data for the 899 additional properties from three sources:

> 1) Under Air Square Footage Data collected during our GBI review process (we continued to review Global Banner InEx claims after October 2014 and in some cases added additional square footage information for properties on the Taishan Class list;
>
> 2) Under Air Square Footage data from local property appraisal websites outside of a GBI review; and
>
> 3) Square Footage data from Plaintiff Profile Forms submitted for properties on the Taishan Class list.

I added new square footage information for the 899 to a revised version of the Taishan Class List.  The final number of properties on the revised list was 3,739; the number of properties on the list changed because we removed several duplicates, and also because we separated multi-unit properties so that they displayed as separate properties.  This added to the total number of properties on the list.  I have provided the square footage information I added to the Taishan Class List both in October 2014 and continuing through today to Ron Wright and George Inglis's office.

We also endeavored to determine the total number of properties on the Taishan Class List for which we had verified the presence of Taishan drywall.  We considered Taishan drywall to be:

1) Drywall with markings consistent with Items 3 (Taihe drywall), 4 (Taishan drywall), 5 (Venture Supply drywall), and 6 (Beijing New Building Materials Co. Ltd. ("BNBM")), of the Indicia guide contained in the Knauf Settlement Agreement (attached); or

2) Drywall with markings consistent to those identified by Taishan in a Defendant Profile Form(s).

The Taishan Defendants include Taishan Gypsum Co. Ltd., BNBM, and China New Building Materials ("CNBM").

We were able to verify that 1,285 of the properties on the Taishan Class List had submitted proof that the property contained drywall related to a Taishan Defendant.  To make this determination, we reviewed the data regarding drywall manufacturer collected during Global, Banner, InEx reviews.  We were able to determine drywall manufacturer by reviewing photographs of drywall markings submitted in support of a Global, Banner, InEx claim.  Drywall manufacturer was a key component of our GBI reviews because claimants were required to submit proof of the presence of Chinese Drywall in order to receive compensation from the Global, Banner, or InEx settlement funds.

We reviewed the Plaintiff Profile form data available for properties on the Taishan Class List where we did not have proof of Taishan drywall available through our GBI reviews.  We were able to determine that 2,449 of these properties had alleged on a Plaintiff Profile Form that the drywall in the property had been manufactured by a Taishan defendant.  Of the remaining 5 properties, we verified that 4 were plaintiffs in an Omnibus complaint that named one of the Taishan Defendants.  The remaining plaintiff appears to be a plaintiff in Omnibus Complaint I.

# Drywall

# Indicia

# Guide

**KPT CHINESE Drywall**

# 1    Knauf Plasterboard (Tianjin) Ltd.    page  3 - 4

**NON-KPT CHINESE DRYWALL**

# 2    Crescent City    page  5

# 3    Taihe    page  6

# 4    Taishan    page  7 - 8

# 5    Venture Supply    page  9

# 6    BNBM    page  10

# 7    C&K    page  11

# 8    Dragon Brand    page  12

# 9    IMG    page  13

# 10    Bedrock Gypsum    page  14

# 11    IMT    page  15

# 12    ProWall Inc.    page  16

# 13    KNAUF MADE IN GERMANY – Counterfeit Board    page  17

# 14    LAFARGE MADE IN GERMANY – Counterfeit Board    page  18

# 15    Unknown Chinese Manufacturer 1    page  19

# 16    Unknown Chinese Manufacturer 2    page  20

# 17    Unknown Chinese Manufacturer 3    page  21

**NON-REACTIVE DRYWALL**

# 18    National Gypsum    page  22

# 19    American Gypsum    page  23 - 25

# 20    CertainTeed/ProRoc    page  26 - 27

# 21    Georgia Pacific    page  28 - 29

# 22    Lafarge    page  30 - 31

# 23    NORGIPS USA Inc.    page  32

# 24    Panel Rey    page  33

# 25    USG    page  34 - 35

# 26    PT Knauf Gypsum Indonesia Ltd.    page  36

# 27    Guangdong Knauf New Building Material Products Co. Ltd.    page  37

# 28    Knauf Plasterboard (Wuhu) Co. Ltd.    page  38

# 29    Knauf do Brasil Ltd.    page  39

# 30    Knauf Gips KG    page  40

# 31    James Hardie    page  41

# 32    Federal Gypsum Company    page  42

# 33    Temple Inland    page  43

# 34    Flintcote Company    page  44

## Reactive KPT Chinese Drywall

**M1:**

Label:



Marking:        **KNAUF – TIANJIN CHINA – ASTM C36**

Printing Type:  BLUE – DOUBLE – DOT

Requirements:   Indicia photos must clearly indicate the presence of KPT drywall by displaying the full marking or distinctive parts such as "KNAUF-" and/or "TIANJIN CHINA" in blue-double-dot printing.

Please note that photos only displaying "KNAUF", "ASTM C36" or parts of it are not a unique indicia for KPT and therefore insufficient.

## Non - reactive KPT Chinese Drywall (subject to Section 4.9 of the Settlement Agreement)

**M 2:**

Label:



Marking:        **KNAUF – TianJin, China – ASTM C36 -  [DATE]  [TIME]**

Printing Type:  BLUE – DOUBLE – DOT

Requirements:   Photo must allow unique identification of KPT drywall by displaying the full marking or distinctive parts such as "KNAUF-" and/or "TianJin, CHINA" in blue-double-dot printing.

Please note that photos only displaying "KNAUF", "ASTM C36" or parts of it are not a unique indicia for KPT and therefore insufficient.

**KPT CHINESE DRYWALL**

**# 1    Knauf Plasterboard (Tianjin) Ltd.**                    2 of 2

## Insufficient Indicia for KPT

Edge Tape:       Blue – Yellow

Label:



Marking:       " KNAUF    CERTIFIED TO ISO 9001    KNAUF    STANDARD BOARD "

Note:          The blue-yellow edge tape is also used by other Knauf companies, see
               Guangdong Knauf New Building Material Products Co. Ltd (# 27, p. 36),
               and therefore an insufficient indicia for KPT. Please provide a photo
               either of the marking M1 or M2 as stated above.

Front marking:  " K "

Label:



Note:          The label "K" on the front side of the drywall sheet is used by most Knauf
               companies and therefore insufficient indicia for KPT. Please provide a
               photo either of the marking M1 or M2 of the back side of the board as
               stated above.

**NON – KPT CHINESE DRYWALL**

# 2    Crescent City

**Marking:**

Label:



Marking:  **Made in China Crescent City Gypsum**

Printing Type:  black letters

NON – KPT
CHINESE
DRYWALL

# 3    Taihe

**Marking:**

Label:





Marking:        **MADE IN CHINA, MEETS OR EXCEEDS ASTM C1396 04 STANDARD**

Printing Type:  black letters

---

Edge Tape:      White – Blue – Green

Label





Marking:        " Taihe "   +   white triangle in red circle   +   [chinese symbols]



**NON – KPT CHINESE DRYWALL**

**# 4   Taishan**

**M 1:**

Label:



| Marking: | **4feetX12feetX1/2inch** | **DrYwall** | **[DATE] [TIME]** |
|---|---|---|---|

Printing Type:   black letters

**M 2:**

Label:



Marking:   **TAIAN  TAISHAN**

Printing Type:   black letters

**M 3:**   **Drywall  4feetx12feetx1/2inch**

Label:



Marking:   **Drywall  4feetx12feetx1/2inch**

Printing Type:   black letters

**NON – KPT CHINESE DRYWALL**

**# 4     Taishan**

2 of 2

**M 4:**

Label:



Marking:          **DRYWALL   4feet*12feet*1/2inch**

Printing Type:   black letters

Edge Tape:      White – Glossy   (<u>Material:</u> plastic)

Label:



Marking:          no marking on edge tape

**NON – KPT CHINESE DRYWALL**

# # 5   Venture Supply

---

**M 1:**

Label:



Marking:       **VENTURE SUPPLY INC.**   MFG TAJHE CHINA

Printing Type:   black letters

---

**M 2:**

Label:



Marking:       **VENTURE SUPPLY INC.**   MFG TAIHE CHINA

Printing Type:   black letters

**NON – KPT CHINESE DRYWALL**

# 6   BNBM

**M 1:**

Label:



Marking:          **BEIJING NEW BUILDING MATERIALS CO LTD.**

Printing Type:   Blue letters,  framed

**M 2:**

Label:



Marking:          **BEIJING NEW BUILDING MATERIALS PUBLIC LIMITED COMPANY Beijing, China ASTM 1396-04  [DATE]  [TIME]**

Printing Type:   black letters

p. 10

**NON – KPT CHINESE DRYWALL**

# 7   C & K

**Marking:**

Label



Marking:          **C&K GYPSUM BOARD ASTM C 1396 MADE IN CHINA**

Printing Type:   black letters

Edge Tape:      Blue – Grey – White

Label:





Marking:          " C&K"   +   [Chinese symbol]

NON – KPT CHINESE DRYWALL

## # 8    Dragon Brand

**Marking:**

Label:



Marking:    **DRAGON BRAND DRYWALL PER ½" 4`X12`ASTM C 1396  MADE IN CHINA    [TIME] [DATE]**

Printing Type:    black letters

Edge Tape:    Light – Dark Blue – White

Label:



Marking:    " DRYWALL "

## NON – KPT CHINESE DRYWALL

### # 9   IMG

**Marking:**

Label:



Marking:        **IMG ASTM C 1396** Made in CHINA [DATE]

Printing Type:  black letters

---

Edge Tape:      Blue – White

Label:



Marking:        n/a

NON – KPT CHINESE DRYWALL

# # 10   Bedrock Gypsum

| | |
|---|---|
| Edge Tape: | Yellow – Black – White |
| Label: |  |
| Marking: | Bedrock Gypsum<sup>TM</sup> Manufactured to ASTM C 1396 388 Market Street 4th Floor, San Francisco CA 94111 Made in China |

**NON – KPT CHINESE DRYWALL**

## # 11   IMT

**Marking:**

Label:



Marking:     **MADE IN CHINA IMTGYPSUM.COM ASTM C 1396**

Printing Type:   black letters

NON – KPT CHINESE DRYWALL

## # 12   Pro Wall Inc.

Marking:

Label:



Marking:        **MADE IN CHINA MEETS ASTM C36/C1396 STANDARD**

Printing Type:   black letters

Edge Tape:      White – Blue – Yellow

Label:



Marking:        " ½" x 12`TE     ProWall "

**NON – KPT CHINESE DRYWALL**

## # 13  KNAUF MADE IN GERMANY

### COUNTERFEIT BOARD

**M 1:**

Label:



Marking:  GYPSUM WALLBOARD [DATE] [TIME] -96-  MADE IN   GERMANY BY   **KNAUF**
MADE TO ASTM C36        ½" THICK      FDG GYPSUM

Printing Type:  blue – single – dot   **and**   blue – double – dot

Note:  This marking is apparently a counterfeit board and has not been produced by any Knauf company

" FDG " is the wrong shortcut of flue gas desulflurization

**Correct:  FGD**

---

**M 2:**

Label:

Marking:  **[DATE]    MADE IN GERMANY**

Printing Type:  black letters

Note:  Printing " MADE IN GERMANY "  **and**  [DATE] (Month/Day/Year) is no typical marking for any German company

**NON – KPT CHINESE DRYWALL**

## # 14   LAFARGE MADE IN GERMANY

**Marking:**

Label:



Marking:        **LAFARGE    [DATE]  [TIME]                    GER 1     ASTM C36**

**MADE IN GERMANY**

Printing Type:   black letters

Note:             This is assumingly a counterfeit board produced in China

Printing " MADE IN GERMANY "  **and**  [DATE] (Month/Day/Year) is no typical marking for any German company

**NON – KPT CHINESE DRYWALL**

# # 15   Unknown Chinese Manufacturer 1

**Marking:**

Label:



Marking:        **[DATE]  J  [TIME]  1  MEETS ASTM C36**

Printing Type:   black letters

Note:            Unknown Chinese Manufacturer

**NON – KPT CHINESE DRYWALL**

## # 16   Unknown Chinese Manufacturer 2

**Marking:**

Label:





Marking:    **Manufactured to Conform to ASTM Standard C36**

**4 x 12 x 1/2         MADE IN CHINA**

Printing Type:   black letters

Note:          Unknown Chinese Manufacturer

**NON – KPT CHINESE DRYWALL**

# # 17   Unknown Chinese Manufacturer 3

**Marking:**

Label:



Marking:        **MADE IN CHINA ASTM C 1396**

Printing Type:   black letters

Note:            Unknown Chinese Manufacturer

NON
REACTIVE
DRYWALL

# # 18   National Gypsum

**M 1:**

Label:



Marking:        **National Gypsum company**

Printing Type:  black letters

**M 2:**

Label:



Marking:        **GridMarX $^{TM}$ Patent Product**
**National Gypsum Properties**
**PRODUCT  INFO  @  www.gridmarx.com**

Printing Type:  black letters

Edge Tape:      White – Black – Yellow

Label:



Marking:        (12,7 x 3658mm)        National Gypsum Company  Charlotte, NC 28211

**NON REACTIVE DRYWALL**

# 19 American Gypsum                                    1 of 3

**M 1:**

Label:



Marking:        **ARMENDARTZ  [TIME]**

Printing Type:  black letters

**M 2:**

Label:



Marking:        **UNDERWRITER LABORATORIES INC.  [DATE]**
                **[NAME, eg. C. Stone]**

Printing Type:  black letters

Note:           There are different varieties of the marking behind [DATE]

NON REACTIVE DRYWALL

**# 19 American Gypsum**

2 of 3

**M 3:**

Label:



Marking: **Gypsum Board F-3724 FIRE RESISTANCE CLASSIFICATION SEE UL FIRE RESISTANCE DIRECTORY R14169**

Printing Type: blue – single – dot

---

Edge Tape: Blue – White – Red

Label:



**M 1:** AMERICAN GYPSUM, ALBUQUERQUE, NM

Label:



**M 2:** MANUFACTURED TO MEET ASTM C1396 AND C36

**NON REACTIVE DRYWALL**

**# 19   American Gypsum**

| | |
|---|---|
| Edge Tape: | White – Purple |

Label:



**M 1:**   AMERICAN GYPSUM, INTERIOR CEILING BOARD  Panel de techo para interiors

Label:



**M 2:**   MANUFACTURED BY AMERICAN GYPSUM, DALLAS, TX

**NON REACTIVE DRYWALL**

**# 20   CertainTeed / ProRoc**                    1 of 2

---

**Marking:**

Label:





Marking:   **GYPSUM BOARD ISSUE NO. F-3600 FIRE RESISTANCE CLASSIFICATION SEE UL PRODUCTS CERTIFIED FOR CANADA DIRECTORY AND FIRE RESISTANCE DIRECTORY R3660**

**MADE IN USA ASTM 1396 & C36  CAN/CSA**

Printing Type:   black letters

---

Edge Tape:   Black – Blue

Label:



Marking:       CertainTeed     ProRoc      REGULAR GYPSUM BOARD

NON REACTIVE DRYWALL

# # 20   CertainTeed / ProRoc

| Edge Tape: | White with Red letters |
| --- | --- |
| Label: |  |
| Marking: | ProRoc   PANEL DE YESO TIPO X |

**NON REACTIVE DRYWALL**

# # 21   Georgia Pacific

## M 1:

Label:



Marking: **GP DENSGLASS ULTRA**

Printing Type: black letters

## M 2:

Label:



Marking: **[DATE]   IN1B   [TIME]   GP TR: CERTIFIED 96% RECYCLED**

Printing Type: black letters

## M 3:

Label:



Marking: **DENS SHIELD TILE BACKER  [DATE]**

Printing Type: black letters

**NON REACTIVE DRYWALL**

## # 21  Georgia Pacific

2 of 2

**M 4:**

Label:



Marking:        **[DATE]  /  TX1   08**

Printing Type:  black letters

Edge Tape:    Black – White – Red

Label:

Marking:        TOUGHROCK

**NON REACTIVE DRYWALL**

**# 22  Lafarge**

**M 1:**

Label:



Marking:  LABORATORIES INC. GYPSUM BOARD FIRE RESISTANCE
DIRECTORY IN WIDE TYPE LGC6A

Printing Type:  black letters

**M 2:**

Label:



Marking:  [DATE]      PALATKA, FL          [TIME]

Printing Type:  black letters

NON
REACTIVE
DRYWALL

**# 22   Lafarge**

**M 3:**

Label:



Marking:        [TIME]  [COLOUR]   TEAM

Printing Type:  black letters

Note:           [Colour] could be WHITE, YELLOW, BLUE or RED

Edge Tape:      white

Label:



Marking:        LAFARGE    Manufactured by Lafarge North America Inc.

                Fabricado por Lafarge North America Inc.

NON REACTIVE DRYWALL

# # 23   NORGIPS Inc.

**M 1:**

Label:





Marking:       NORGIPS USA INC. GYPSUM WALLBOARD THICKNESS ½"

Printing Type:  blue letters

**M 2:**

Label:



Marking:       MADE IN POLAND OPOLEN

Printing Type:  blue letters

**NON REACTIVE DRYWALL**

### # 24   Panel Rey

**M 1:**

Label:



Marking:        PANEL REY 2

Printing Type:  black letters

**M 2:**

Label:

Marking:        ½"X12´ REG   [TIME]   [DATE]

Printing Type:  black letters

Edge Tape:      White - Blue

Label:



Marking:        Hecho en Mèxico por PANEL REY S.A., Hidalgo

# # 25   USG

**M 1:**

Label:



Marking:     100 % RECYCLED PAPER SINCE 1967

Printing Type:   black letters

**M 2:**

Label:



Marking:      GYPSUM BOARD

Printing Type:   black letters,  framed

**NON REACTIVE DRYWALL**

**# 25   USG**

2 of 2

| | |
|---|---|
| Edge Tape: | White – Blue |
| Label: |  |
| **M 1:** | USG SHEETROCK  Brand    Interior Ceiling Panel  Sag-Resistant |
| Label: |  |
| **M 2:** | United States Gypsum Company<br>125 South Franklin Street, Chicago, IL 60606<br>A Subsidiary of USG Corporation |

| | |
|---|---|
| Edge Tape: | White – Yellow – Green |
| Label: |  |
| **Marking:** | United States Gypsum Company<br>125 South Franklin Street, Chicago, IL 60606<br>A Subsidiary of USG Corporation |

NON REACTIVE DRYWALL

# # 26   PT Knauf Gypsum Indonesia Ltd.

**M 1:**

Label:





Marking:     **KNAUF –**     PLASTERBOARD 48  STD  12,5x1220x3660 mm TE
NATURAL  GYPSUM     [DATE] ASTM C36

Printing Type:   blue letters

Note:       plant number:  48

Edge Tape:   Grey – Blue

Label:



Marking:     STANDARD BOARD       KNAUF

**NON REACTIVE DRYWALL**

# # 27  Guangdong Knauf New Building Material Products Co. Ltd.

**M 1:**

Label:



Marking:           Dongguan China ASTM C 36

Printing Type:    blue – single – dot

**M 2:**

Label:



Marking:           plant number:  38

Printing Type:    blue – single – dot

Edge Tape:        Blue – Yellow

Label:



Marking:           " KNAUF    CERTIFIED TO ISO 9001    KNAUF    STANDARD BOARD "

# 28   Knauf Plasterboard (Wuhu) Co. Ltd.

**NON REACTIVE DRYWALL**

**M 1:**

Label:



 

Marking:        KNAUF – WuHu,   China – ASTM C36 – [DATE]  [TIME]

Printing Type:  blue letters

**M 2:**

Label:



Marking:        KNAUF  [Chinese symbols]  18  (plant number)

Printing Type:  blue letters

Edge Tape:      Blue – Yellow - White

Label:



Marking:        " KNAUF "

**NON REACTIVE DRYWALL**

# # 29  Knauf do Brasil Ltda.

**Marking:**

Label:







Marking:        KNAUF ST – 12,5mm – ARMAZENAR EM LOCAL SECO - OO

Printing Type:  blue – double – dot            blue – single – dot

Edge Tape:    Blue - Yellow

Label:



Marking:        " KNAUF "

**NON REACTIVE DRYWALL**

## # 30  Knauf Gips KG

**Marking:**

Label:





| | | |
|---|---|---|
| Marking: | CE KNAUF | AUSBAUPLATTE |
| Printing Type: | blue – or – red – double dot | blue – single - dot |

**NON REACTIVE DRYWALL**

# # 31   James Hardie

**Marking:**

Label:



Marking:          HARDIEBACKER

NON REACTIVE DRYWALL

# # 32  Federal Gypsum Company

Edge Tape: White - Green

Label:



Marking: Federal Gypsum Company

**NON REACTIVE DRYWALL**

## # 33  Temple Inland

**Marking:**

Label:



Marking:       A071806 01144

Printing Type:  black letters

---

Edge Tape:     White – Blue – Pink

Label:







Marking:       Temple Inland      ½" X 12            54

**NON REACTIVE DRYWALL**

# 34   Flintcote Company

**Marking:**

Label:



Marking:          THE FLINTCOTE COMPANY