UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE:  CHINESE-MANUFACTURED DRYWALL PRODUCTS LIABILITY LITIGATION | MDL NO. 2047<br>SECTION: L<br>JUDGE FALLON<br>MAG. JUDGE WILKINSON |
| **THIS DOCUMENT RELATES TO:**<br><br>*Germano v. Taishan Gypsum Co., Ltd., f/k/a Shandong Taihe Dongxin Co., Ltd.*, **Case No. 09-6687 (E.D. Va.)**;<br><br>*Gross v. Knauf Gips, KG*, **Case No. 09-6690 (E.D. La.)**;<br><br>*Wiltz v. Beijing New Building Materials Public Limited Co.,* **Case No. 10-361 (E.D. La.)**;<br><br>*Amorin v. Taishan Gypsum Co., Ltd., f/k/a Shandong Taihe Dongxin Co., Ltd.*, **Case No. 11-1672 (S.D. Fl.)**;<br><br>*Amorin v. Taishan Gypsum Co., Ltd., f/k/a Shandong Taihe Dongxin Co., Ltd.*, **Case No. 11-1395 (E.D. La.); and**<br><br>*Amorin v. Taishan Gypsum Co., Ltd., f/k/a Shandong Taihe Dongxin Co., Ltd.*, **Case No. 11-1673 (E.D. Va.).** | |

**TAISHAN'S REPLY BRIEF IN SUPPORT OF MOTION TO COMPEL
OUTSTANDING DISCOVERY OF INFORMATION RELIED
ON BY PLAINTIFFS' DAMAGES EXPERT
AND REQUEST FOR EXPEDITED RULING**

**I.     INTRODUCTION**

In this reply, Taishan focuses its arguments on three narrow categories of withheld documents on which the Court should compel production: (1) Mr. Inglis' notes; (2) email attachments with information or data generated by non-party BrownGreer; and (3) an

October 8, 2014 list of class members created by the PSC and given to BrownGreer. Federal Rule of Civil Procedure 26(b)(3) and (4) and interpreting case law make clear that those materials are discoverable.

Taishan respectfully requests expedited consideration of its motion to compel as narrowed in this reply. Under the Court's damages schedule, the deposition of Mr. Inglis will take place on Tuesday, May 19—five days from today. The Court should order production of the three narrow categories of documents, and it should order those documents be produced immediately. The immediate production of this information is further necessary in light of the PSC's decision to submit yet another revised expert report.[1]

## II. ARGUMENT

### A. Taishan Is Entitled To Expert "Notes"

The PSC's Response to Taishan's Motion to Compel revealed that the withheld email attachments "included . . . Mr. Inglis' notes regarding calculations." (Dkt. No. 18910 at 2). Circuit-level case law has held that "the notes of a testifying expert" are discoverable and not protected by Rule 26(b)(3) or (4). *See Republic of Ecuador v. Hinchee*, 741 F.3d 1185, 1194-95 (11th Cir. 2013) ("None of this suggests the [Rule 26 amendment] drafters' intent to confer work-product status on the notes of a testifying expert or on a testifying expert's communications with other experts."). The Tenth Circuit relied on the Rule 26 advisory committee's notes which explain that "Rules 26(b)(4)(B) and (C) do not impede discovery about the opinions to be offered by the expert or the development, foundation, or basis of those opinions," giving the specific "example" that an expert's "notes . . . would not be exempted from discovery by this rule."

---

[1] On May 12, the PSC informed Taishan that they were again revising their damages expert's opinion and that Mr. Inglis would be submitting a new expert affidavit that dropped more than 1000 claimed class members and also dropped any opinion as to alternative living expenses.

2

Here, "by withholding [Mr. Inglis'] personal notes," the PSC lawyers "attempt to shield the theories and mental impressions" of Mr. Inglis, but "Rule 26 provides no basis for this." *Id.* at 1195. Accordingly, the PSC should produce immediately Mr. Inglis' notes on this case (and those of his associates at Berman & Wright).

### B. Taishan Is Entitled To Email Attachments Generated By BrownGreer

Plaintiffs wrongly assert that they have withheld only draft versions of Exhibit 10 to Mr. Inglis' affidavit, and that all draft versions were generated by Mr. Inglis' firm, Berman & Wright.

First, the emails that the PSC have produced indicate that they have withheld much more than attachments to emails between Mr. Inglis' associate Ms. Randazzo and Mr. Woody. For example, Plaintiffs have not produced (and are not allowing BrownGreer to produce) lists of information that BrownGreer was asked to compile so Mr. Inglis could prepare Plaintiffs' first revised expert report:

- "[A] list of properties where we have law firm information but not square footage."

- "[A] list of properties that are on the [T]aishan list but we do not have law firm information (because the owner never filed a claim or completed a Fact Sheet)."

*See* Jake Woody email to PSC and Inglis on April 17, 2015 at 4:40 pm attached as **Exhibit A**. Those two lists of information compiled by BrownGreer to assist Mr. Inglis to prepare a revised report are not draft versions of an exhibit to that report. Rather, they contain the underlying facts upon which Plaintiffs' expert relied to prepare his revised report. Therefore, the two lists, and any other compilation or summary of facts prepared by BrownGreer, are the very essence of factual information that is discoverable under Rule 26. *See Hinchee*, 741 F.3d at 1195 (holding that "the term 'facts or data' should 'be interpreted broadly to require disclosure of any material

3

considered by the expert, from whatever source, that contains factual ingredients'") (quoting Rule 26 advisory committee notes to 2010 amendments).

Second, not all of the attachments to emails between Ms. Randazzo and Mr. Woody were generated by Berman & Wright. For example, on April 23, 2015 at 3:56 p.m. Mr. Woody sent an email to Ms. Randazzo attaching a spreadsheet labeled "Taishan SQF." See **Exhibit B**. The PSC appears not to dispute that materials generated by BrownGreer are discoverable. *See* Opposition Brief at 4 ("Further, to the extent Defendants argue that communications between BrownGreer and Inglis are not protected because BrownGreer is a non-party, that argument cannot extend to Inglis' draft work product attached to those communications.").

As an even more important example, Exhibit 10 to Mr. Inglis' affidavit appears to have originated from a spreadsheet BrownGreer prepared on October 14, 2014. *See* **Exhibit C**. If Plaintiffs contend that BrownGreer's October 14, 2014 spreadsheet is not a draft version of Exhibit 10, then Plaintiffs have no valid basis for withholding this spreadsheet. If this spreadsheet is the first draft of Exhibit 10 to Mr. Inglis' Affidavit, which seems impossible since Plaintiffs had not yet designated Mr. Inglis as their expert, then Plaintiffs must produce all versions of this spreadsheet (or, at least the versions BrownGreer drafted).

C. **Taishan Is Entitled To The PSC List Of Class Members**

On October 8, 2014, the Plaintiffs' counsel Matthew Gaughan emailed Mr. Woody a document containing "the list of property addresses for each of the class members." *See* **Exhibit C** at 3. Mr. Gaughan asked Mr. Woody to prepare a spreadsheet "with the square footage of each of the properties" in the attached document and to "flag instances where you do not have the square footage." *Id.* The spreadsheet that Mr. Woody created was then forwarded to Mr. Inglis on October 15, 2014. *Id.* at 1. Taishan is entitled to the original list of properties that form the basis of Mr. Woody's October 2014 spreadsheet.

4

Rule 26(b)(4)(C) specifically exempts from protection communications between counsel and a testifying expert witness that "identify facts or data that the party's attorney provided and that the expert considered in forming the opinions to be expressed" and communications that "identify assumptions that the party's attorney provided and that the expert relied on in forming the opinions to be expressed."  That original list of class members is discoverable as both facts and data and assumptions provided by the PSC for Mr. Inglis (through Jake Woody) to consider in forming his opinion.  Mr. Inglis relied on the list and its assumptions about class membership to generate opinions regarding aggregate class damages.  That list has become even more important given the PSC's decision this week to eliminate approximately 1000 class members.

### III.     CONCLUSION

Taishan respectfully requests that the Court order the PSC to produce Mr. Inglis' notes (and those of his associates at Berman and Wright); email attachments generated by BrownGreer; and the October 2014 list sent by the PSC to BrownGreer.

Dated May 14, 2015

Respectfully submitted,

/s Michael P. Kenny
Bernard Taylor, Esq.
Georgia Bar No. 669625
Michael P. Kenny, Esq.
Georgia Bar No. 415064
Christina Hull Eikhoff, Esq.
Georgia Bar No. 242539
ALSTON & BIRD LLP
1201 West Peachtree Street
Atlanta, Georgia 30309
Phone: (404) 881-7000
Fax: (404) 881-7777
mike.kenny@alston.com
*Counsel for Taishan Gypsum Co., Ltd. And Tai'an*

5

*Taishan Plasterboard Co., Ltd.*

Alan Dean Weinberger
LA Bar No. 13331
HANGARTNER, RYDBERG & TERRELL, LLC
One Shell Square
701 Poydras St., Suite 310
New Orleans, Louisiana  70179
Phone:  (504) 434-6815
Fax: (504) 522-5689
aweinberger@hanrylaw.com
*Local Counsel for Taishan Gypsum Co., Ltd. And Tai'an Taishan Plasterboard Co., Ltd.*

**CERTIFICATE OF SERVICE**

I hereby certify that the above and foregoing has been served on Plaintiffs' Liaison Counsel, Russ Herman, and Defendants' Liaison Counsel, Kerry Miller, by U.S. mail and e-mail and upon all parties by electronically uploading the same to LexisNexis File & Serve in accordance with Pre-Trial Order No. 6, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2047 on this 14th day of May, 2015.

/s Michael P. Kenny
Michael P. Kenny, Esq.
Georgia Bar No. 415064
ALSTON & BIRD LLP
1201 West Peachtree Street NW
Atlanta, Georgia 30309
Phone: (404) 881-7000
Fax: (404) 881-7777
mike.kenny@alston.com
*Counsel for Taishan*