UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: CHINESE-MANUFACTURED | * | MDL No. 2047 |
| DRYWALL PRODUCTS LIABILITY | * | |
| LITIGATION | * | SECTION L |
| | * | |
| | * | JUDGE FALLON |
| THIS DOCUMENT APPLIES TO | * | |
| ALL CASES | * | MAGISTRATE JUDGE |
| | * | WILKINSON |

***********************************************

### NON-PARTY JPMORGAN CHASE & CO.'S OBJECTIONS TO SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION

Non-Party, JPMorgan Chase & Co. respectfully submits these objections to the following subpoenas and document requests issued by the Plaintiff Steering Committee (the "PSC"):

(1)     April 28, 2015 Subpoena to Testify at a Deposition in a Civil Action and the Notice of Expedited Oral and Videotaped Deposition Pursuant to the Court's Directive During the March 17, 2015 Special Hearing and Minute Entry and Order (the " April 28, 2105 Subpoena");

(2)     May 1, 2015 Subpoena to Testify at a Deposition in a Civil Action and the Amended Notice of Expedited Oral and Videotaped Deposition Pursuant to the Court's Directive During the March 17, 2015 Special Hearing and Minute Entry and Order (Rec. Doc. 18801) (the "May 1, 2015 Subpoena"); and

(3)     May 8, 2015 email attaching JPMorgan Document Requests (the "May 8, 2015 Email Requests").

The April 28, 2015 Subpoena, the May 1, 2015 Subpoena, and the May 8, 2015 Email Requests are collectively referenced as the "Requests."  Pursuant to Fed. R. Civ. P. 45(d)(2)(B), these timely objections excuse compliance unless, and to the extent, permitted by court order.[1]

JPMorgan Chase & Co's objections and responses are based upon information presently available to JPMorgan Chase & Co.  As such, JPMorgan Chase & Co. reserves its right to

---

[1] In accordance with Rule 45, these objections are served within 14 days of service of the April 28, 2015 Subpoena, which was served on April 30, 2015.  JPMorgan Chase & Co. was served with the May 1, 2015 Subpoena on May 5, 2015.  The May 8, 2015 Email Requests were only issued to undersigned counsel by email, not through a subpoena issued in accordance with Rule 45.

amend, modify, or supplement these responses during the course of additional investigation and discovery, as permitted by the Federal Rules of Civil Procedure.

## GENERAL OBJECTIONS AND RESPONSES

1. JPMorgan Chase & Co. is a financial holding company and thus does not have possession, custody, or control of the documents requested by the Subpoena.

2. JPMorgan Chase & Co. objects to the Request's definition of "You" or "your" at Definition 1(j), particularly the Request's inclusion of all of JPMorgan Chase & Co.'s "domestic or international predecessors in interest, successors in interest, subsidiaries, divisions, subdivisions, affiliates, officers, directors, employees, representatives, independent contractors, consultants, or agents, whether present or former, including but not limited to their attorneys and accountants." Accordingly, these Responses and Objections are submitted solely with respect to JPMorgan Chase & Co. In that regard, as noted above, JPMorgan Chase & Co. is a financial holding company and does not have possession, custody, or control of the documents requested by the Subpoena.

3. JPMorgan Chase & Co. objects on the grounds that the Request's definition of "Taishan Affiliates and Subsidiaries" is vastly overbroad and imposes an undue burden on JPMorgan Chase & Co. Moreover, the PSC has not offered to reimburse JPMorgan Chase & Co. the cost and expense that would be incurred to comply with the Subpoena.

4. JPMorgan Chase & Co. objects to the Requests because contrary to the Court's October 25, 2011 Order & Reasons (Rec. Doc. 10854) in the Litigation, the Requests improperly require JPMorgan Chase & Co. to search for and produce documents that may be possessed by an affiliate or subsidiary of JPMorgan Chase & Co. when the PSC has not established that JPMorgan Chase & Co. has custody or control with respect to those documents. JPMorgan Chase & Co. further states that the Court's October 25, 2011 Order and Reasons afforded the

2

PSC the "right to conduct discovery on the 'control' factors, and if appropriate, refile its subpoenas and/or motions to compel." (Rec. Doc. 10854, at 15.)  The PSC, however, did not comply with the Court's order by conducting discovery on the "control" factor prior to issuing the current Subpoena.

5.     JPMorgan Chase & Co. objects on the grounds that the Requests are overbroad and impose an undue burden on JPMorgan Chase & Co.  The Requests seek documents regarding 83 separate entities allegedly related to Taishan Gypsum Co., Ltd. f/k/a Shandong Taihe Dongxin Co., Ltd. ("Taishan"), as well as the "parents, related entities, subsidiaries, agents and assigns" of those 83 separate entities.  Further, the Requests require JPMorgan Chase & Co. to search for and produce all of these documents for all of these entities throughout the entire JPMorgan Chase & Co. corporate family, which itself includes scores of separate and distinct legal entities.  Under these circumstances, the Requests are overbroad and unduly burdensome, particularly when the PSC has not offered to reimburse JPMorgan Chase & Co. the cost and expense that would be incurred to comply with the Requests.

6.     According to the Notice of Expedited Oral and Videotaped Deposition that was included with the Subpoena, the PSC contends that the deposition and document discovery is being conducted in accordance regarding the injunction prong of the Court's July 17, 2014 contempt order and regarding whether there exists alter ego relationships between and among the Taishan and BNBM/CNBM entities.  Also, in their Emergency Motion for Expedited Return on Discovery Requests and Shortened Time to Notice Depositions, the PSC contends that it has learned that "the Taishan Affiliates and Subsidiaries held investments and ownership interests in JPMorgan Chase & Co. and Morgan Stanley." (Rec. Doc. 18768 at 2.)  The PSC, however, did not provide any information or evidence to support this assertion, nor did they identify which

Taishan affiliate supposedly has an investment or ownership interest in JPMorgan Chase & Co. or any affiliate or subsidiary of JPMorgan Chase & Co.  Accordingly, JPMorgan Chase & Co. objects to the Requests as overly broad and unduly burdensome.

7.      JPMorgan Chase & Co. objects to the Requests because they improperly seek documents from a non-party to the litigation when the documents and information can be obtained from parties to the litigation who have appeared in the proceedings.

8.      JPMorgan Chase & Co. objects to the Requests on the ground that the PSC failed to comply with Rule 45(d)(1) of the Federal Rules of Civil Procedure, in that the PSC did not take reasonable steps to avoid imposing an undue burden or expense on JPMorgan Chase & Co. In light of the definitions and instructions set forth in the Requests, the Requests require JPMorgan Chase & Co. to incur substantial expense to search for, review, and produce the litany of documents requested by the PSC.  The PSC, however, has not offered to reimburse JPMorgan Chase & Co. the costs of complying with the Requests.  Accordingly, the Requests improperly subjects JPMorgan Chase & Co., a non-party to this action, to undue burden and expense, contrary to Fed. R. Civ. P. 45(d)(1).

9.      JPMorgan Chase & Co. objects to the Requests on the ground that the Requests do not afford JPMorgan Chase & Co. reasonable time to comply with the document demands, particularly given the breadth and scope of the document requests.  In addition, the Requests are objectionable because they do not provide a reasonable time in advance of the date specified for compliance.  *See* Fed. R. Civ. P. 45(d)(3)(A)(i).

10.      JPMorgan Chase & Co. objects to the Requests on the ground that the requests are overbroad, seek a large volume of information, and are thus burdensome and harassing.

11.      JPMorgan Chase & Co. objects to the Requests because the PSC has not

demonstrated that its purported need to obtain the information outweighs the burden and prejudice to JPMorgan Chase & Co. from complying with the Requests.  *See, e.g.*, *Anker v. G.D. Searle & Co.*, 126 F.R.D. 515, 521 (M.D.N.C. 1989) (to obtain documents from third party, plaintiff must show more than just that the documents sought fall within the general scope of discovery; he must show a need for the evidence that outweighs the burden and prejudice to the non-party).

12.     JPMorgan Chase & Co. objects to the Requests to the extent that they seek confidential/proprietary information or private financial information of non-parties to this litigation.  *See* Fed. R. Civ. P. 45(d)(3)(B)(i).

13.     Pursuant to the Federal Rules of Civil Procedure, JPMorgan Chase & Co. objects to any request in the Requests that seeks: (a) information not within the scope of permissible discovery authorized by the Federal Rules or applicable statutes; (b) information that is/are subject to the attorney-client privilege; or (c) the disclosure of the fruits of activities undertaken in anticipation of litigation or in preparation for trial by any of JPMorgan Chase & Co.'s employees, attorneys, experts, or agents, including, but not limited to, the mental impressions, conclusions, opinions, or theories of JPMorgan Chase & Co.'s attorneys.  JPMorgan Chase & Co. also states that an objection to a particular request does not indicate, expressly or impliedly, the existence of any source of information in its possession, custody or control that is responsive to that request.

14.     The responses set forth below are made without, in any manner, waiving or affecting: (a) the right to object to the use of any response for any purpose in this action, or any other action or proceeding, on the grounds of privilege, relevance, materiality or any other appropriate grounds; (b) the right to object to any other interrogatories, requests for production,

or requests for admissions involving or relative to the subject matter of the responses; (c) the right to revise, correct, supplement or clarify any of the responses provided below at any time; or (d) any of JPMorgan Chase & Co.'s rights or remedies.

15.     JPMorgan Chase & Co.'s responses are made solely for the purpose of this action and not for the purpose of any other action.  The continuing and specific objections of JPMorgan Chase & Co. to the discovery requests responded to herein are subject to all objections as to competence, relevance, materiality, propriety, admissibility, and any and all other objections and grounds which would require the exclusion of any evidence disclosed herein if the evidence were produced and sought to be introduced into evidence in Court.  All objections and grounds are reserved and may be interposed at the time of trial or other attempt to utilize these responses.

16.     JPMorgan Chase & Co. objects to the instructions and definitions set forth in the Requests to the extent that they are inconsistent with the Federal Rules.  By submitting these responses, JPMorgan Chase & Co. does not in any way adopt the PSC's purported definition of words and phrases contained in the Requests.   JPMorgan Chase & Co. objects to those definitions to the extent that they are inconsistent with the ordinary and customary meaning of such words or phrases or with the rules governing the permissible scope of discovery.

17.     JPMorgan Chase & Co. objects to the requests to the extent that they are vague, overly broad, unduly burdensome, harassing and not calculated to the lead to the discovery of admissible evidence.

18.     JPMorgan Chase & Co. objects to the production of any documents that are protected from disclosure under any state and federal financial privacy laws.

19.     These general objections are applicable to each and every one of the following responses and objections, and the failure to repeat an objection in response to a specific request

6

shall not be deemed a waiver of the objection.

## OBJECTIONS AND RESPONSES TO DEPOSITION TOPICS

JPMorgan Chase & Co. objects to each and every one of the Deposition Topics set forth in the Requests for the reasons set forth above in the Preliminary Statement and the General Objections.

## SPECIFIC OBJECTIONS AND RESPONSES TO DOCUMENT REQUESTS

**Document Request No. 1:**

All documents and communications between or among you and Taishan and/or the Taishan Affiliates and Subsidiaries with respect to the conduct of any business in the United States by such entities, since July 17, 2014.

**Objection and Response to Request No. 1:**

JPMorgan Chase & Co. objects to this request for the reasons set forth in the General Objections.  JPMorgan Chase & Co. further objects to this request on the grounds that it is overbroad, unduly burdensome, and seeks documents that are not relevant nor reasonably calculated to lead to the discovery of admissible evidence.  The request seeks documents covering 83 separate entities allegedly related to Taishan.  Further, this request requires JPMorgan Chase & Co. to search for and produce all of these documents for all of these entities throughout the entire JPMorgan Chase & Co. corporate family, which itself includes scores of separate and distinct legal entities.  Under these circumstances, this request is overbroad and unduly burdensome, particularly when the PSC has not offered to reimburse JPMorgan Chase & Co. the cost and expense that would be incurred to comply with the request.

JPMorgan Chase & Co. also objects to this request on the ground that the PSC has not complied with the Court's October 25, 2011 Order & Reasons (Rec. Doc. 10854).  Contrary to that order, however, the PSC did not conduct any discovery on the "control" issue prior to re-issuing the current Requests.

Subject to and without waiving its objections, JPMorgan Chase & Co. states that, as a financial holding company, it does not have possession, custody, or control of any requested documents.

**Document Request No. 2:**

All documents concerning investments by Taishan and/or the Taishan Affiliates and Subsidiaries in the United States since July 17, 2014, including but not limited to, the following:

(a)     All accounts, stocks, bonds, notes, and other securities of Taishan and/or the Taishan Affiliates and Subsidiaries located in the United States (including any profits or appreciation of such investments):

(b)     Investments, loans, letters of credit, ownership or security interests of Taishan and/or the Taishan Affiliates and Subsidiaries in any corporate entities, joint ventures or partnerships located in the United States (including any profits or appreciation of such investments);

(c)     All personal or real property interests of Taishan and/or the Taishan Affiliates and Subsidiaries located in the United States (including any profits or appreciation of such investments); and

(d)     All assets in the United States of any kind whatsoever which Taishan, any Entities related to Taishan and/or the Taishan Affiliates and Subsidiaries own or owned directly or indirectly, in whole or in part, as sole owner or jointly with others, either of record or beneficially, including without limitation as a partner, general or limited, limited liability member, fiduciary, and as equity or debt holder, or demand deposit holder (including any profits or appreciation of such investments).

**Objection and Response to Request No. 2:**

JPMorgan Chase & Co. objects to this request for the reasons set forth in the General Objections.  JPMorgan Chase & Co. further objects to this request on the grounds that it is overbroad, unduly burdensome, and seeks documents that are not relevant nor reasonably calculated to lead to the discovery of admissible evidence.  The request seeks documents covering 83 separate entities allegedly related to Taishan.  Further, this request requires JPMorgan Chase & Co. to search for and produce all of these documents for all of these entities throughout the entire JPMorgan Chase & Co. corporate family, which itself includes scores of separate and distinct legal entities.  Under these circumstances, this request is overbroad and unduly burdensome, particularly when the PSC has not offered to reimburse JPMorgan Chase & Co. the cost and expense that would be incurred to comply with the request.

JPMorgan Chase & Co. also objects to this request on the ground that the PSC has not complied with the Court's October 25, 2011 Order & Reasons (Rec. Doc. 10854).  Contrary to that order, however, the PSC did not conduct any discovery on the "control" issue prior to re-issuing the current Requests.

Subject to and without waiving its objections, JPMorgan Chase & Co. states that, as a financial holding company, it does not have possession, custody, or control of any requested documents.

**Document Request No. 3:**

All documents and communications reflecting preexisting loans or investments by Taishan and/or the Taishan Affiliates and Subsidiaries in you (including any profits, appreciation, payments, or transfers of such loans or investments since July 17, 2014).

**Objection and Response to Request No. 3:**

JPMorgan Chase & Co. objects to this request for the reasons set forth in the General Objections.  JPMorgan Chase & Co. further objects to this request on the grounds that it is overbroad, unduly burdensome, and seeks documents that are not relevant nor reasonably calculated to lead to the discovery of admissible evidence.  The request seeks documents covering 83 separate entities allegedly related to Taishan.  Further, this request requires JPMorgan Chase & Co. to search for and produce all of these documents for all of these entities throughout the entire JPMorgan Chase & Co. corporate family, which itself includes scores of separate and distinct legal entities.  Under these circumstances, this request is overbroad and unduly burdensome, particularly when the PSC has not offered to reimburse JPMorgan Chase & Co. the cost and expense that would be incurred to comply with the request.

JPMorgan Chase & Co. also objects to this request on the ground that the PSC has not complied with the Court's October 25, 2011 Order & Reasons (Rec. Doc. 10854).  Contrary to

that order, however, the PSC did not conduct any discovery on the "control" issue prior to re-issuing the current Requests.

Subject to and without waiving its objections, JPMorgan Chase & Co. states that, as a financial holding company, it does not have possession, custody, or control of any requested documents.

**Document Request No. 4:**

All documents or communications reflecting any loans or investments by Taishan and/or the Taishan Affiliates and Subsidiaries in you since July 17, 2014 (including any profits, appreciation, payments, or transfers of such loans or investments).

**Objection and Response to Request No. 4:**

JPMorgan Chase & Co. objects to this request for the reasons set forth in the General Objections. JPMorgan Chase & Co. further objects to this request on the grounds that it is overbroad, unduly burdensome, and seeks documents that are not relevant nor reasonably calculated to lead to the discovery of admissible evidence. The request seeks documents covering 83 separate entities allegedly related to Taishan. Further, this request requires JPMorgan Chase & Co. to search for and produce all of these documents for all of these entities throughout the entire JPMorgan Chase & Co. corporate family, which itself includes scores of separate and distinct legal entities. Under these circumstances, this request is overbroad and unduly burdensome, particularly when the PSC has not offered to reimburse JPMorgan Chase & Co. the cost and expense that would be incurred to comply with the request.

JPMorgan Chase & Co. also objects to this request on the ground that the PSC has not complied with the Court's October 25, 2011 Order & Reasons (Rec. Doc. 10854). Contrary to that order, however, the PSC did not conduct any discovery on the "control" issue prior to re-issuing the current Requests.

Subject to and without waiving its objections, JPMorgan Chase & Co. states that, as a financial holding company, it does not have possession, custody, or control of any requested documents.

**Document Request No. 5:**

All documents or communications regarding the profits earned by Taishan and/or the Taishan Affiliates and Subsidiaries (by quarter and calendar year) with respect to the conduct of any business in the United States since July 17, 2014.

**Objection and Response to Request No. 5:**

JPMorgan Chase & Co. objects to this request for the reasons set forth in the General Objections.  JPMorgan Chase & Co. further objects to this request on the grounds that it is overbroad, unduly burdensome, and seeks documents that are not relevant nor reasonably calculated to lead to the discovery of admissible evidence.  The request seeks documents covering 83 separate entities allegedly related to Taishan.  Further, this request requires JPMorgan Chase & Co. to search for and produce all of these documents for all of these entities throughout the entire JPMorgan Chase & Co. corporate family, which itself includes scores of separate and distinct legal entities.  Under these circumstances, this request is overbroad and unduly burdensome, particularly when the PSC has not offered to reimburse JPMorgan Chase & Co. the cost and expense that would be incurred to comply with the request.

JPMorgan Chase & Co. objects to this request because it seeks information and documents that can be more reasonably obtained from the defendants in the underlying litigation, rather than from a non-party.

JPMorgan Chase & Co. also objects to this request on the ground that the PSC has not complied with the Court's October 25, 2011 Order & Reasons (Rec. Doc. 10854).  Contrary to

that order, however, the PSC did not conduct any discovery on the "control" issue prior to re-issuing the current Requests.

Subject to and without waiving its objections, JPMorgan Chase & Co. states that, as a financial holding company, it does not have possession, custody, or control of any requested documents.

**Document Request No. 6:**

All documents or communications regarding the profits earned by Taishan and/or the Taishan Affiliates and Subsidiaries (by quarter and calendar year).

**Objection and Response to Request No. 6:**

JPMorgan Chase & Co. objects to this request for the reasons set forth in the General Objections. JPMorgan Chase & Co. further objects to this request on the grounds that it is overbroad, unduly burdensome, and seeks documents that are not relevant nor reasonably calculated to lead to the discovery of admissible evidence. The request seeks documents covering 83 separate entities allegedly related to Taishan. Further, this request requires JPMorgan Chase & Co. to search for and produce all of these documents for all of these entities throughout the entire JPMorgan Chase & Co. corporate family, which itself includes scores of separate and distinct legal entities. Under these circumstances, this request is overbroad and unduly burdensome, particularly when the PSC has not offered to reimburse JPMorgan Chase & Co. the cost and expense that would be incurred to comply with the request.

JPMorgan Chase & Co. objects to this request because it seeks information and documents that can be more reasonably obtained from the defendants in the underlying litigation, rather than from a non-party.

JPMorgan Chase & Co. also objects to this request on the ground that the PSC has not complied with the Court's October 25, 2011 Order & Reasons (Rec. Doc. 10854). Contrary to

that order, however, the PSC did not conduct any discovery on the "control" issue prior to re-issuing the current Requests.

Subject to and without waiving its objections, JPMorgan Chase & Co. states that, as a financial holding company, it does not have possession, custody, or control of any requested documents.

**Document Request No. 7 (May 8, 2015 Email Request):**

All documents and communications reflecting stockholdings that existed on or after July 17, 2014 in the Taishan Affiliates and Subsidiaries by the following entities:

(a)     J.P. Morgan Securities, LLC

(b)     J.P. Morgan Clearing Corp.

(c)     JF Asset Management Limited

(d)     JPMorgan Asset Management (Taiwan) Limited

(e)     J.P. Morgan Investment Management, Inc.

(f)     J.P. Morgan Whitefriars, Inc.

(g)     J.P. Morgan Securities plc

(h)     JPMorgan Chase Bank, N.A.

(i)     JPMorgan Asset Management (UK) Limited

(j)     JPMorgan Chase & Co.

**Objection and Response to Request No. 7:**

JPMorgan Chase & Co. objects to this request for the reasons set forth in the General Objections.  JPMorgan Chase & Co. further objects to this request on the grounds that it is overbroad, unduly burdensome, and seeks documents that are not relevant nor reasonably calculated to lead to the discovery of admissible evidence.  The request seeks documents covering 83 separate entities allegedly related to Taishan.  Under these circumstances, this request is overbroad and unduly burdensome, particularly when the PSC has not offered to

14

reimburse JPMorgan Chase & Co. the cost and expense that would be incurred to comply with the request.

JPMorgan Chase & Co. also objects to this request on the ground that the PSC has not complied with the Court's October 25, 2011 Order & Reasons (Rec. Doc. 10854).  Contrary to that order, however, the PSC did not conduct any discovery on the "control" issue prior to re-issuing the current Requests.

Subject to and without waiving its objections, JPMorgan Chase & Co. states that, as a financial holding company, it does not have possession, custody, or control of any requested documents.

**Document Request No. 8 (May 8, 2015 Email Request):**

Any and all communications with any officers and directors of the Taishan Affiliates and Subsidiaries on or after July 17, 2014.

**Objection and Response to Request No. 8:**

JPMorgan Chase & Co. objects to this request for the reasons set forth in the General Objections.  JPMorgan Chase & Co. further objects to this request on the grounds that it is overbroad, unduly burdensome, and seeks documents that are not relevant nor reasonably calculated to lead to the discovery of admissible evidence.  The request seeks documents covering 83 separate entities allegedly related to Taishan.  Further, this request requires JPMorgan Chase & Co. to search for and produce all of these documents for all of these entities throughout the entire JPMorgan Chase & Co. corporate family, which itself includes scores of separate and distinct legal entities.  Under these circumstances, this request is overbroad and unduly burdensome, particularly when the PSC has not offered to reimburse JPMorgan Chase & Co. the cost and expense that would be incurred to comply with the request.

JPMorgan Chase & Co. objects to this request because it seeks information and documents that can be more reasonably obtained from the defendants in the underlying litigation, rather than from a non-party.

JPMorgan Chase & Co. also objects to this request on the ground that the PSC has not complied with the Court's October 25, 2011 Order & Reasons (Rec. Doc. 10854).  Contrary to that order, however, the PSC did not conduct any discovery on the "control" issue prior to re-issuing the current Requests.

Subject to and without waiving its objections, JPMorgan Chase & Co. states that, as a financial holding company, it does not have possession, custody, or control of any requested documents.

**Document Request No. 9 (May 8, 2015 Email Request):**

Any and all communications with brokers and traders regarding the sponsorship or private placement of shares of the Taishan Affiliates and Subsidiaries on or after July 17, 2014.

**Objection and Response to Request No. 9:**

JPMorgan Chase & Co. objects to this request for the reasons set forth in the General Objections.  JPMorgan Chase & Co. further objects to this request on the grounds that it is overbroad, unduly burdensome, and seeks documents that are not relevant nor reasonably calculated to lead to the discovery of admissible evidence.  The request seeks documents covering 83 separate entities allegedly related to Taishan.  Further, this request requires JPMorgan Chase & Co. to search for and produce all of these documents for all of these entities throughout the entire JPMorgan Chase & Co. corporate family, which itself includes scores of separate and distinct legal entities.  Under these circumstances, this request is overbroad and unduly burdensome, particularly when the PSC has not offered to reimburse JPMorgan Chase & Co. the cost and expense that would be incurred to comply with the request.

16

JPMorgan Chase & Co. objects to this request because it seeks information and documents that can be more reasonably obtained from the defendants in the underlying litigation, rather than from a non-party.

JPMorgan Chase & Co. also objects to this request on the ground that the PSC has not complied with the Court's October 25, 2011 Order & Reasons (Rec. Doc. 10854).  Contrary to that order, however, the PSC did not conduct any discovery on the "control" issue prior to re-issuing the current Requests.

Subject to and without waiving its objections, JPMorgan Chase & Co. states that, as a financial holding company, it does not have possession, custody, or control of any requested documents.

**Document Request No. 10 (May 8, 2015 Email Request):**

Any prospectuses and financial reports received from the Taishan Affiliates and Subsidiaries regarding Your holdings in those companies to the extent such holdings existed on or after July 17, 2014.

**Objection and Response to Request No. 10:**

JPMorgan Chase & Co. objects to this request for the reasons set forth in the General Objections.  JPMorgan Chase & Co. further objects to this request on the grounds that it is overbroad, unduly burdensome, and seeks documents that are not relevant nor reasonably calculated to lead to the discovery of admissible evidence.  The request seeks documents covering 83 separate entities allegedly related to Taishan.  Further, this request requires JPMorgan Chase & Co. to search for and produce all of these documents for all of these entities throughout the entire JPMorgan Chase & Co. corporate family, which itself includes scores of separate and distinct legal entities.  Under these circumstances, this request is overbroad and unduly burdensome, particularly when the PSC has not offered to reimburse JPMorgan Chase & Co. the cost and expense that would be incurred to comply with the request.

JPMorgan Chase & Co. objects to this request because it seeks information and documents that can be more reasonably obtained from the defendants in the underlying litigation, rather than from a non-party.

JPMorgan Chase & Co. also objects to this request on the ground that the PSC has not complied with the Court's October 25, 2011 Order & Reasons (Rec. Doc. 10854).  Contrary to that order, however, the PSC did not conduct any discovery on the "control" issue prior to re-issuing the current Requests.

Subject to and without waiving its objections, JPMorgan Chase & Co. states that, as a financial holding company, it does not have possession, custody, or control of any requested documents.

**Document Request No. 11 (May 8, 2015 Email Request):**

Any and all documents and/or communications by, between, or with the Taishan Affiliates and Subsidiaries regarding and/or involving the Industrial and Commercial Bank of China – China International Domestic Demand Dynamic Stock fund since July 17, 2014.

**Objection and Response to Request No. 11:**

JPMorgan Chase & Co. objects to this request for the reasons set forth in the General Objections.  JPMorgan Chase & Co. further objects to this request on the grounds that it is overbroad, unduly burdensome, and seeks documents that are not relevant nor reasonably calculated to lead to the discovery of admissible evidence.  The request seeks documents covering 83 separate entities allegedly related to Taishan.  Further, this request requires JPMorgan Chase & Co. to search for and produce all of these documents for all of these entities throughout the entire JPMorgan Chase & Co. corporate family, which itself includes scores of separate and distinct legal entities.  Under these circumstances, this request is overbroad and unduly burdensome, particularly when the PSC has not offered to reimburse JPMorgan Chase & Co. the cost and expense that would be incurred to comply with the request.

JPMorgan Chase & Co. objects to this request because it seeks information and documents that can be more reasonably obtained from the defendants in the underlying litigation, rather than from a non-party.

JPMorgan Chase & Co. also objects to this request on the ground that the PSC has not complied with the Court's October 25, 2011 Order & Reasons (Rec. Doc. 10854).  Contrary to that order, however, the PSC did not conduct any discovery on the "control" issue prior to re-issuing the current Requests.

Subject to and without waiving its objections, JPMorgan Chase & Co. states that, as a financial holding company, it does not have possession, custody, or control of any requested documents.

**Document Request No. 12 (May 8, 2015 Email Request):**

Any and all documents regarding Warrants of the Taishan Affiliates and Subsidiaries held by You on or after July 17, 2014.

**Objection and Response to Request No. 12:**

JPMorgan Chase & Co. objects to this request for the reasons set forth in the General Objections.  JPMorgan Chase & Co. further objects to this request on the grounds that it is overbroad, unduly burdensome, and seeks documents that are not relevant nor reasonably calculated to lead to the discovery of admissible evidence.  The request seeks documents covering 83 separate entities allegedly related to Taishan.  Further, this request requires JPMorgan Chase & Co. to search for and produce all of these documents for all of these entities throughout the entire JPMorgan Chase & Co. corporate family, which itself includes scores of separate and distinct legal entities.  Under these circumstances, this request is overbroad and unduly burdensome, particularly when the PSC has not offered to reimburse JPMorgan Chase & Co. the cost and expense that would be incurred to comply with the request.

JPMorgan Chase & Co. objects to this request because it seeks information and documents that can be more reasonably obtained from the defendants in the underlying litigation, rather than from a non-party.

JPMorgan Chase & Co. also objects to this request on the ground that the PSC has not complied with the Court's October 25, 2011 Order & Reasons (Rec. Doc. 10854).  Contrary to that order, however, the PSC did not conduct any discovery on the "control" issue prior to re-issuing the current Requests.

Subject to and without waiving its objections, JPMorgan Chase & Co. states that, as a financial holding company, it does not have possession, custody, or control of any requested documents.

**Document Request No. 13 (May 8, 2015 Email Request):**

Any and all documents and or communications by and between Zhiping Song and You since July 17, 2014.

**Objection and Response to Request No. 13:**

JPMorgan Chase & Co. objects to this request for the reasons set forth in the General Objections.  JPMorgan Chase & Co. further objects to this request on the grounds that it is overbroad, unduly burdensome, and seeks documents that are not relevant nor reasonably calculated to lead to the discovery of admissible evidence.  This request requires JPMorgan Chase & Co. to search for and produce all of these documents for all of these entities throughout the entire JPMorgan Chase & Co. corporate family, which itself includes scores of  separate and distinct legal entities.   Under these circumstances, this request is overbroad and unduly burdensome, particularly when the PSC has not offered to reimburse JPMorgan Chase & Co. the cost and expense that would be incurred to comply with the request.

JPMorgan Chase & Co. objects to this request because it seeks information and documents that can be more reasonably obtained from the defendants in the underlying litigation, rather than from a non-party.

JPMorgan Chase & Co. also objects to this request on the ground that the PSC has not complied with the Court's October 25, 2011 Order & Reasons (Rec. Doc. 10854).  Contrary to that order, however, the PSC did not conduct any discovery on the "control" issue prior to re-issuing the current Requests.

Subject to and without waiving its objections, JPMorgan Chase & Co. states that, as a financial holding company, it does not have possession, custody, or control of any requested documents.

**Document Request No. 14 (May 8, 2015 Email Request):**

Any and all documents regarding Your active holdings in the Taishan Affiliates and Subsidiaries, including but not limited to insider filings, warrants, and callable bull or bear contracts ("CBBC") and any other options or trades, that existed on or after July 17, 2014.

**Objection and Response to Request No. 14:**

JPMorgan Chase & Co. objects to this request for the reasons set forth in the General Objections.  JPMorgan Chase & Co. further objects to this request on the grounds that it is overbroad, unduly burdensome, and seeks documents that are not relevant nor reasonably calculated to lead to the discovery of admissible evidence.  The request seeks documents covering 83 separate entities allegedly related to Taishan.  Further, this request requires JPMorgan Chase & Co. to search for and produce all of these documents for all of these entities throughout the entire JPMorgan Chase & Co. corporate family, which itself includes scores of separate and distinct legal entities.  Under these circumstances, this request is overbroad and unduly burdensome, particularly when the PSC has not offered to reimburse JPMorgan Chase & Co. the cost and expense that would be incurred to comply with the request.

JPMorgan Chase & Co. objects to this request because it seeks information and documents that can be more reasonably obtained from the defendants in the underlying litigation, rather than from a non-party.

JPMorgan Chase & Co. also objects to this request on the ground that the PSC has not complied with the Court's October 25, 2011 Order & Reasons (Rec. Doc. 10854).  Contrary to that order, however, the PSC did not conduct any discovery on the "control" issue prior to re-issuing the current Requests.

Subject to and without waiving its objections, JPMorgan Chase & Co. states that, as a financial holding company, it does not have possession, custody, or control of any requested documents.

Respectfully submitted,


/s/ Gabriel A. Crowson
Michael D. Ferachi (#19566)
Gabriel A. Crowson (#28009)
**McGlinchey Stafford, PLLC**
601 Poydras Street, 12th Floor
New Orleans, Louisiana 70130
Telephone: (504) 586-1200
Fax: (504) 596-2800

*Counsel for Non-Party, JPMorgan Chase & Co.*

## **CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing was served on counsel of record, via the Court's ECF system, this 14th day of May, 2015:

/s/ Gabriel A.Crowson
Gabriel A. Crowson