UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE:  CHINESE-MANUFACTURED DRYWALL PRODUCTS LIABILITY LITIGATION | MDL NO. 2047<br>SECTION: L<br>JUDGE FALLON<br>MAG. JUDGE WILKINSON |
| THIS DOCUMENT RELATES TO:<br><br>*Germano v. Taishan Gypsum Co., Ltd., f/k/a Shandong Taihe Dongxin Co., Ltd.*, Case No. 09-6687 (E.D. Va.);<br><br>*Gross v. Knauf Gips, KG*, Case No. 09-6690 (E.D. La.);<br><br>*Wiltz v. Beijing New Building Materials Public Limited Co.,* Case No. 10-361 (E.D. La.);<br><br>*Amorin v. Taishan Gypsum Co., Ltd., f/k/a Shandong Taihe Dongxin Co., Ltd.*, Case No. 11-1672 (S.D. Fl.);<br><br>*Amorin v. Taishan Gypsum Co., Ltd., f/k/a Shandong Taihe Dongxin Co., Ltd.*, Case No. 11-1395 (E.D. La.); and<br><br>*Amorin v. Taishan Gypsum Co., Ltd., f/k/a Shandong Taihe Dongxin Co., Ltd.*, Case No. 11-1673 (E.D. Va.). | |

**TAISHAN'S REPLY BRIEF IN SUPPORT OF MOTION TO EXCLUDE AFFIDAVIT OF PLAINTIFFS' WITHDRAWN DESIGNATED EXPERT RONALD E. WRIGHT, P.E.**

On October 29, 2014, Plaintiffs filed their Motion for the Assessment of Class Damages and submitted the Affidavit of Ronald E. Wright, P.E. (the "Wright Affidavit") (Rec. Doc. 18086; 18086-3). Subsequently, Plaintiffs withdrew Mr. Wright as their designated expert, did not make him available for deposition, replaced him with another designated expert (Mr. George

Inglis, P.E.), and submitted a new Affidavit from Mr. Inglis. Taishan Gypsum Co., Ltd. and Tai'an Taishan Plasterboard Co., Ltd. ("Taishan") accordingly moved to strike the Wright Affidavit and bar any reliance on it by the Plaintiffs (Rec. Doc. 18882). In response, Plaintiffs have conceded that the Wright Affidavit should not be introduced into evidence because they have withdrawn it (Rec. Doc. 18908 at 2). With this concession, the Wright Affidavit should be stricken in its entirety from the evidentiary record.

Although Plaintiffs concede that the Wright Affidavit cannot be admitted into evidence, they nonetheless want to hedge their bet by arguing that their new expert, Mr. Inglis, should be allowed to use or reference the Wright Affidavit "in some fashion." (Rec. Doc. 18908 at 2). This statement is preceded by Plaintiffs' representation that they "ha[ve] no expectation or intention of using Mr. Wright's Affidavit at the June 9, 2015 Assessment of Damages Hearing." Id. To be clear, the Wright Affidavit is inadmissible hearsay and Taishan will have no opportunity to depose Mr. Wright.

Federal Rule of Evidence 703 *does* allow for an expert to "base an opinion on **facts or data** in the case that the expert has been made aware of or personally observed. If experts in the particular field would reasonably rely on those kinds of **facts or data** informing an opinion on the subject, they need not be admissible for the opinion to be admitted." Fed. R. Evid. 703 (emphasis added). The Wright Affidavit, however, represents no more than Mr. Wright's **opinions** based, presumably, on his review of some facts or data.

Plaintiffs' vague representation about using Mr. Wright's affidavit "in some fashion" is outside the permissible scope of Federal Rule of Evidence 703, which does not allow one designated expert witness to simply restate or adopt the conclusions of a former designated expert without having an independent, admissible basis for those conclusions. *See Factory Mut.*

2

*Ins. Co. v. Alon USA L.P.*, 705 F.3d 518, 524 (5th Cir. 2013) ("Courts nevertheless must serve a gate-keeping function with respect to Rule 703 opinions to ensure 'the expert isn't being used as a vehicle for circumventing the rules of evidence.' Rule 703 'was not intended to abolish the hearsay rule and to allow a witness, under the guise of giving expert testimony, to in effect become the mouthpiece of the witnesses on whose statements or opinions the expert purports to base his opinion.'") (internal citations omitted).

As stated in Taishan's prior Memorandum in Support, without an opportunity to depose Mr. Wright, the conclusions and opinions of the Wright Affidavit should be barred from the evidentiary record and the affidavit as a whole must be stricken.

For the reasons, Taishan respectfully requests that the Court grant its motion.

Dated May 12, 2015

Respectfully submitted,

/s Michael P. Kenny
Bernard Taylor, Esq.
Georgia Bar No. 669625
Michael P. Kenny, Esq.
Georgia Bar No. 415064
Christina Hull Eikhoff, Esq.
Georgia Bar No. 242539
ALSTON & BIRD LLP
1201 West Peachtree Street
Atlanta, Georgia 30309
Phone: (404) 881-7000
Fax: (404) 881-7777
mike.kenny@alston.com
*Counsel for Taishan Gypsum Co., Ltd. And Tai'an Taishan Plasterboard Co., Ltd.*

Alan Dean Weinberger
LA Bar No. 13331
HANGARTNER, RYDBERG & TERRELL, LLC
One Shell Square
701 Poydras St., Suite 310

3

                New Orleans, Louisiana  70179
                Phone:  (504) 434-6815
                Fax: (504) 522-5689
                aweinberger@hanrylaw.com
                *Local Counsel for Taishan Gypsum Co., Ltd. And*
                *Tai'an Taishan Plasterboard Co., Ltd.*

**CERTIFICATE OF SERVICE**

I hereby certify that the above and foregoing has been served on Plaintiffs' Liaison Counsel, Russ Herman, and Defendants' Liaison Counsel, Kerry Miller, by U.S. mail and e-mail and upon all parties by electronically uploading the same to LexisNexis File & Serve in accordance with Pre-Trial Order No. 6, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2047 on this 12th day of May, 2015.

/s Michael P. Kenny
Michael P. Kenny, Esq.
Georgia Bar No. 415064
ALSTON & BIRD LLP
1201 West Peachtree Street NW
Atlanta, Georgia 30309
Phone: (404) 881-7000
Fax: (404) 881-7777
mike.kenny@alston.com
*Counsel for Taishan*