# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE:  CHINESE-MANUFACTURED DRYWALL PRODUCTS LIABILITY LITIGATION | MDL NO. 2047<br>SECTION: L<br>JUDGE FALLON<br>MAG. JUDGE WILKINSON |
| **THIS DOCUMENT RELATES TO:**<br><br>*Germano v. Taishan Gypsum Co., Ltd., f/k/a Shandong Taihe Dongxin Co., Ltd.*, Case No. 09-6687 (E.D. Va.);<br><br>*Gross v. Knauf Gips, KG*, Case No. 09-6690 (E.D. La.);<br><br>*Wiltz v. Beijing New Building Materials Public Limited Co.*, Case No. 10-361 (E.D. La.);<br><br>*Amorin v. Taishan Gypsum Co., Ltd., f/k/a Shandong Taihe Dongxin Co., Ltd.*, Case No. 11-1672 (S.D. Fl.);<br><br>*Amorin v. Taishan Gypsum Co., Ltd., f/k/a Shandong Taihe Dongxin Co., Ltd.*, Case No. 11-1395 (E.D. La.); and<br><br>*Amorin v. Taishan Gypsum Co., Ltd., f/k/a Shandong Taihe Dongxin Co., Ltd.*, Case No. 11-1673 (E.D. Va.). | |

## TAISHAN'S RESPONSES AND OBJECTIONS TO PLAINTIFFS' STEERING COMMITTEE'S REQUESTS FOR PRODUCTION OF DOCUMENTS RELATING TO M. LAURENTIUS MARAIS

Defendants Taishan Gypsum Co., Ltd. and Tai'an Taishan Plasterboard Co., Ltd. ("Taishan" or "Defendants"), by their attorneys, Alston & Bird LLP, make the following objections and responses to Plaintiffs' Steering Committee's ("Plaintiffs") requests for the production of documents (the "Requests") set forth in Schedule A of their Notice of Oral and

Videotaped Deposition and Request for Production of Documents addressed to M. Laurentius Marais [Rec. Doc. 18916]:

## GENERAL OBJECTIONS

These General Objections apply to each of Plaintiffs' Requests, and are deemed incorporated into each of Defendants' Responses set forth below. The assertion of the same, similar, or additional objections in response to specific Requests does not waive any of Defendants' General Objections as set forth below:

1. Defendants object to each Request to the extent it seeks discovery of documents or information protected by the attorney-client privilege or which otherwise constitute attorney or party work product or material prepared in anticipation of litigation. The inadvertent disclosure of any privileged information shall not constitute a waiver of any privilege or any other ground for the objection to discovery at any time.

2. Defendants object to each Request to the extent it seeks discovery of communications, documents or information protected by Fed. R. Civ. P. 26(b)(3)(A)-(B) and 26(b)(4)(B)-(C). The inadvertent disclosure of any such privileged information shall not constitute a waiver of any privilege or any other ground for the objection to discovery at any time.

2. Defendants object to each Request to the extent it seeks to impose obligations that are inconsistent with or greater than the obligations imposed by the Federal Rules of Civil Procedure, the Local Rules of the United States District Court for the Eastern District of Louisiana, or any court order that may be entered that governs discovery.

3. Defendants object to each Request to the extent that it requires Defendants to search for and produce documents, the disclosure of which is prohibited by Chinese privacy laws and/or regulations.

4. Defendants object to each Request to the extent that it is vague, unduly burdensome, overly broad, repetitive, harassing in nature, or directed to any information which is not reasonably calculated to lead to the discovery of admissible or relevant evidence.

5. Defendants object to each Request to the extent it seeks documents or information not within Mr. Marais' possession, custody, or control.

6. Defendants object to each Request to the extent it seeks documents or information to which Plaintiffs have equal access or which can be more easily obtained from another source.

7. Defendants reserve the right to challenge the relevance or materiality of its responses to the Requests in any subsequent proceeding or trial of this or any other action.

8. With respect to any documents that Defendants may produce in response to the Requests, Defendants do not waive, and specifically preserve, their right to object to the authenticity and/or the admissibility of any such documents in any subsequent proceeding, including the trial of this or any other action.

9. The response to any Request is not and shall not be construed to be an acceptance of, or concession to, any characterization made in any Request.

10. Defendants object to the definition of "you" and "your" set forth in the Requests to the extent the definition requests that Mr. Marais search for documents on behalf of entities or individuals not within his control, and as overly broad and exceeds the scope of discovery. Taishan will produce documents in the possession of Mr. Marais.

11. Defendants object to the definition of "Taishan Affiliates and Subsidiaries" set forth in Plaintiffs' requests as overly broad, unduly burdensome, not reasonably calculated to lead to the discovery of admissible evidence, and exceeding the scope of discovery set forth in the Court's Scheduling Order [Rec. Doc. 18921].

12. Defendants object to Instruction No. 6 of the Requests to the extent the Request is directed to all documents "within the possession of any of your agents, or within the possession of any entity associated with you, or within the possession, custody, or control of such entity's directors, officers, agents, servants, employees, consultants, and professionals," as overly broad and vague, unduly burdensome, not reasonably calculated to lead to the discovery of admissible evidence, exceeding the scope of discovery, and because it instructs Mr. Marais to search for documents not within his possession, custody, or control.

14. Defendants reserve the right to amend and/or supplement their objections and responses as new or additional documents are discovered and/or become available.

## RESPONSES TO REQUESTS

**Request No. 1:**

*Your Curriculum Vitae and a list of all testimony given within the last four years.*

**Response:** Subject to and without waiving the General Objections, documents responsive to this request are attached to the Declaration of M. Laurentius Marais, Ph.D. [Rec. Doc. 18877-5].

**Request No. 2:**

*All reports or affidavits you have done on remediation damage or property damage associated with Chinese drywall.*

**Response:** Defendants object to this Request to the extent that it seeks discovery of material protected under Fed. R. Civ. P. 26(b)(3)(A)-(B) and 26(b)(4)(B)-(C). Subject to and without

4

waiving the foregoing or General Objections, Defendants refer Plaintiffs to the Declaration of M. Laurentius Marais, Ph.D. [Rec. Doc. 18877-5].

**Request No. 3:**

*All publications including, but not limited to, scientific articles, trade publications, newsletters, costs projections, and budgets you have authored, co-authored or contributed to on remediation damage or property damage associated with Chinese drywall.*

**Response:** Subject to and without waiving the General Objections, Defendants refer Plaintiffs to the publications and working papers listed in Exhibit A to the Declaration of M. Laurentius Marais, Ph.D. [Rec. Doc. 18877-5].

**Request No. 4:**

*All reports or affidavits you have done on the cost of remediation, property damage, construction costs, budgeting, or projections associated with Chinese drywall.*

**Response:** Defendants object to this Request to the extent that it seeks discovery of material protected under Fed. R. Civ. P. 26(b)(3)(A)-(B) and 26(b)(4)(B)-(C). Subject to and without waiving the foregoing or the General Objections, Defendants will produce non-privileged documents, if any exist, in Mr. Marais's possession, custody, or control responsive to this request.

**Request No. 5:**

*All publications including, but not limited to, scientific articles, trade publications, newsletters, costs projections, and budgets you have authored, co-authored or contributed to on the cost of remediation, property damage, construction costs, budgeting, or projections associated with Chinese drywall.*

**Response:** Subject to and without waiving the General Objections, Defendants refer Plaintiffs to the publications and working papers listed in Exhibit A to the Declaration of M. Laurentius Marais, Ph.D. [Rec. Doc. 18877-5].

**Request No. 6:**

*All reports or affidavits you have done on the available methodologies for estimating cost of remediation or property damage associated with Chinese drywall.*

**Response:** Defendants object to this Request to the extent that it seeks discovery of material protected under Fed. R. Civ. P. 26(b)(3)(A)-(B) and 26(b)(4)(B)-(C). Subject to and without waiving the foregoing or the General Objections, Defendants will produce non-privileged documents, if any exist, in Mr. Marais's possession, custody, or control responsive to this request.

**Request No. 7:**

*All publications including, but not limited to, scientific articles, trade publications, newsletters, costs projections, and budgets you have authored, co-authored or contributed to on the available methodologies for estimating cost of remediation or property damage associated with Chinese drywall.*

**Response:** Subject to and without waiving the General Objections, Defendants refer Plaintiffs to the publications and working papers listed in Exhibit A to the Declaration of M. Laurentius Marais, Ph.D. [Rec. Doc. 18877-5].

**Request No. 8:**

*All documents you relied upon in evaluating the scope of work identified in the Inglis affidavit dated April 27, 2015, at ¶4.*

**Response:** Subject to and without waiving the General Objections, Defendants will produce the documents, if any exist, in Mr. Marais's possession, custody, or control responsive to this request.

**Request No. 9:**

*All documents you relied upon in evaluating the unit pricing of Chinese drywall remediation identified in ¶¶4 and 9 and Exhibit 10 of the April 27, 2015 Inglis affidavit.*

**Response:**   Subject to and without waiving the General Objections, Defendants will produce the documents, if any exist, in Mr. Marais's possession, custody, or control responsive to this request.

**Request No. 10:**

*All documents you relied upon in evaluating the use of dollars per square footage pricing of Chinese drywall remediation identified in the April 27, 2015 Inglis affidavit and Exhibit 10.*

**Response:**   Subject to and without waiving the General Objections, Defendants will produce the documents, if any exist, in Mr. Marais's possession, custody, or control responsive to this request.

**Request No. 11:**

*All documents you relied upon in evaluating the use of local/zip code building and labor cost adjustment factors identified in ¶9 and Exhibit 10 of the April 27, 2015 Inglis affidavit.*

**Response:**   Subject to and without waiving the General Objections, Defendants will produce the documents, if any exist, in Mr. Marais's possession, custody, or control responsive to this request.

**Request No. 12:**

*All reports or affidavits you have done regarding an in-person inspection of a Chinese drywall home.*

**Response:**   Defendants object to this Request to the extent that it seeks discovery of material protected under Fed. R. Civ. P. 26(b)(3)(A)-(B) and 26(b)(4)(B)-(C).  Subject to and without waiving the foregoing or the General Objections, Defendants will produce non-privileged documents, if any exist, in Mr. Marais's possession, custody, or control responsive to this request.

**Request No. 13:**

*All reports or affidavits you have done of a remediation cost damages estimate of a Chinese drywall home.*

**Response:**   Defendants object to this Request to the extent that it seeks discovery of material protected under Fed. R. Civ. P. 26(b)(3)(A)-(B) and 26(b)(4)(B)-(C).  Subject to and without waiving the foregoing or the General Objections, Defendants will produce non-privileged documents, if any exist, in Mr. Marais's possession, custody, or control responsive to this request.

**Request No. 14:**

*All documents you reviewed in considering the corrosive nature of a Chinese drywall home.*

**Response:**   Defendants object to this Request to the extent that it seeks discovery of material protected under Fed. R. Civ. P. 26(b)(3)(A)-(B) and 26(b)(4)(B)-(C).  Subject to and without waiving the foregoing or the General Objections, Defendants will produce non-privileged documents, if any exist, in Mr. Marais's possession, custody, or control responsive to this request.

**Request No. 15:**

*All correspondence, including emails, between you and any employee of your company related to work on this case.*

**Response:**   Defendants object to this Request to the extent that it seeks discovery of material protected under Fed. R. Civ. P. 26(b)(3)(A)-(B) and 26(b)(4)(B)-(C).  Subject to and without waiving the foregoing or the General Objections, Defendants will produce non-privileged documents, if any exist, in Mr. Marais's possession, custody, or control responsive to this request.

**Request No. 16:**

*All correspondence, including emails, between you and any third party other than counsel related to work on this case.*

**Response:**   Defendants object to this Request to the extent that it seeks discovery of material protected under Fed. R. Civ. P. 26(b)(3)(A)-(B) and 26(b)(4)(B)-(C).  Subject to and without waiving the foregoing or the General Objections, Defendants will produce non-privileged documents, if any exist, in Mr. Marais's possession, custody, or control responsive to this request.

**Request No. 17:**

*All reports or affidavits you have authored that utilize dollars per square foot pricing, unit pricing including RSMeans, Exactimate, or any other form of unit pricing.*

**Response:**   Defendants object to this Request to the extent that it seeks discovery of material protected under Fed. R. Civ. P. 26(b)(3)(A)-(B) and 26(b)(4)(B)-(C).  Defendants further object to this request as vague and ambiguous.  Subject to and without waiving the foregoing or the General Objections, Defendants will produce non-privileged documents, if any exist, in Mr. Marais's possession, custody, or control responsive to this request.

**Request No. 18:**

*Sample cost projections and budgets pertaining to Chinese drywall.*

**Response:**   Defendants object to this Request to the extent that it seeks discovery of material protected under Fed. R. Civ. P. 26(b)(3)(A)-(B) and 26(b)(4)(B)-(C).  Defendants further object to this request as vague and ambiguous.  Subject to and without waiving the foregoing or the General Objections, Defendants will produce non-privileged documents, if any exist, in Mr. Marais's possession, custody, or control responsive to this request.

Respectfully submitted,

Dated: May 18, 2015

/s Michael P. Kenny
Bernard Taylor, Esq.
Georgia Bar No. 669625
Michael P. Kenny, Esq.
Georgia Bar No. 415064
Christina Hull Eikhoff, Esq.
Georgia Bar No. 242539
ALSTON & BIRD LLP
1201 West Peachtree Street
Atlanta, Georgia 30309
Phone: (404) 881-7000
Fax: (404) 881-7777
mike.kenny@alston.com
*Counsel for Taishan Gypsum Co., Ltd. And Tai'an Taishan Plasterboard Co., Ltd.*

Alan Dean Weinberger
LA Bar No. 13331
HANGARTNER, RYDBERG & TERRELL, LLC
One Shell Square
701 Poydras St., Suite 310
New Orleans, Louisiana 70179
Phone: (504) 434-6815
Fax: (504) 522-5689
aweinberger@hanrylaw.com
*Local Counsel for Taishan Gypsum Co., Ltd. And Tai'an Taishan Plasterboard Co., Ltd*

## CERTIFICATE OF SERVICE

I hereby certify that the above and foregoing TAISHAN'S RESPONSES AND OBJECTIONS TO PLAINTIFFS' STEERING COMMITTEE'S REQUESTS FOR PRODUCTION OF DOCUMENTS RELATING TO M. LAURENTIUS MARAIS has been served on Plaintiffs' Liaison Counsel, Leonard Davis, and Defendants' Liaison Counsel, Kerry Miller, by U.S. mail and e-mail and upon all parties by electronically uploading the same to LexisNexis File & Serve in accordance with Pre-Trial Order No. 6, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2047 on this 18th day of May, 2015.

/s/ Michael P. Kenny
Michael P. Kenny, Esq.
Georgia Bar No. 415064
ALSTON & BIRD LLP
1201 West Peachtree Street NW
Atlanta, Georgia 30309
Phone: (404) 881-7000
Fax: (404) 881-7777
mike.kenny@alston.com
*Counsel for Taishan*