UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In re:  CHINESE-MANUFACTURED | * | MDL Docket No. 2047 |
| DRYWALL PRODUCTS | * | |
| LIABILITY LITIGATION | * | SECTION L |
| | * | |
| | * | JUDGE FALLON |
| This document relates to All Cases | * | |
| | * | MAGISTRATE JUDGE WILKINSON |
| | * | |
| | * | |
| | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

## JOINT REPORT NO.  68 OF
## PLAINTIFFS' AND DEFENDANTS' LIAISON COUNSEL

Plaintiffs' Liaison Counsel ("PLC") and Defendants' Liaison Counsel ("DLC")
submit this Joint Report No. 68.  All Pre-Trial Orders are posted on the court's website located at
www.laed.uscourts.gov which has a tab that links directly to "Drywall MDL."  The Court's
website also includes other postings relevant to the litigation.

I.      PRE-TRIAL ORDERS

The Court has issued the following Pre-Trial Orders:

Pre-Trial Order No. 1 entered June 15, 2009 – Initial Case Management

Pre-Trial Order No. 1A entered August 28, 2009 – Counsel must Enter
Appearances for Served Parties or risk Default Judgment

Pre-Trial Order No. 1B entered October 9, 2009 – Amending Pre-Trial Order No.
1 to clarify the preservation of physical evidence during home remediation.

Pre-Trial Order No. 1C entered November 24, 2009 – Lifting the stay on motion
practice, but continuing all motions filed in the MDL without date.  Pursuant to a

1

November 25, 2009 Order, all motion practice in the *Gross* matter (09-6690) is stayed.

Pre-Trial Order No. 1D entered January 8, 2010 – Clarifies Pre-Trial Order 1C and lifts the stay with regard to responsive pleadings.

Pre-Trial Order No. 1E entered February 12, 2010 – Regarding stay of responsive pleadings in *Gross*.

Pre-Trial Order No. 1F entered March 9, 2010-Clarifying the deadline dates for responsive pleadings, notices of appearance, profile forms, and alleviating the need to file motions for extensions in all cases.

Pre-Trial Order No. 1G entered May 27, 2010-Further clarifying deadlines for notices of appearances, profile forms, and responsive pleadings in all cases.

Pre-Trial Order No. 1H entered October 22, 2010-Regarding the PSC's Notice of Completion to the Omni Complaints

Pre-Trial Order No. 1I entered January 24, 2012 – Preservation of Physical Evidence

Pre-Trial Order No. 1J entered March 20, 2015 – Preservation and Disposal of Physical Evidence

Pre-Trial Order No. 2 entered June 16, 2009 – Notice to Transferor Court

Pre-Trial Order No. 2A entered September 18, 2009 – Means of Tracking Remands in MDL 2047

Pre-Trial Order No. 3 entered July 6, 2009 – Designation of Plaintiffs' Liaison Counsel

Pre-Trial Order No. 4 entered July 6, 2009 – Designation of Defendants' Liaison Counsel

Pre-Trial Order No. 5 entered July 6, 2009 – Contact Information

Pre-Trial Order No. 5A entered July 9, 2009 – Counsel Contact Information Form

Pre-Trial Order No. 6 entered July 21, 2009 – Electronic Service (LexisNexis)

Pre-Trial Order No. 7 entered July 27, 2009 – Appointment Defendants' Steering Committee

Pre-Trial Order No. 7A entered August 4, 2009 – Amending PTO 7 re: Defendants' Steering Committee

Pre-Trial Order No. 7B entered August 27, 2009 – Amending PTO 7 re: list containing Defendants' Steering Committee and lists responsibilities for same

Pre-Trial Order No. 8 entered July 28, 2009 – Appointing Plaintiffs' Steering Committee

Pre-Trial Order No. 8A entered January 11, 2011 – Appointing Plaintiffs' Steering Committee for a one year term, beginning January 11, 2011.

Pre-Trial Order No. 8B entered March 19, 2012 – Appointing Plaintiffs' Steering Committee for a one year term, beginning March 19, 2012.

Pre-Trial Order No. 8C entered March 12, 2013 – Appointing Plaintiffs' Steering Committee for a one year term, beginning March 12, 2013.

Pre-Trial Order No. 8D entered April 7, 2014 – Appointing Plaintiffs' Steering Committee for a one year term, beginning April 7, 2014.

Pre-Trial Order No. 8E entered April 28, 2015 – Appointing Plaintiffs' Steering Committee for a one year term, beginning April 28, 2015.

Pre-Trial Order No. 9 entered July 28, 2009 – Time and Billing Guidelines/Submissions

Pre-Trial Order No. 9A entered March 16, 2012 – Reporting of Common Benefit Time by State Court Counsel.

Pre-Trial Order No. 10 entered August 21, 2009 – All parties to provide PLC or DLC with photographic catalog of markings, brands, endtapes and other identifying markers found in affected homes by August 26, 2009.  PSC and DSC to collect and submit data to the Court and inspection company for TIP a joint catalog of data to assist in training of inspections no later than August 28, 2009.

Pre-Trial Order No. 11 entered August 17, 2009 -  Profile forms to be distributed to appropriate parties and filed and returned on or before September 2, 2009

Pre-Trial Order No. 12 entered August 25, 2009 – Court will prepare final version of Distributor Profile Form.

Pre-Trial Order No. 12A entered August 25, 2009 – Court adopted Distributor Profile Form be distributed to appropriate parties and returned to DLC Kerry Miller on or before 9/8/09, either electronically or by hard copy

Pre-Trial Order No. 13 entered August 27, 2009 – Court institutes and will supervise Threshold Inspection Program (TIP).  Court appoints Crawford & Company to carry out the inspections.

Pre-Trial Order No. 13(A) entered November 24, 2009 – Amending the Threshold Inspection Program (TIP).

Pre-Trial Order No. 14 entered September 24, 2009 - Court approves Exporter, Importer or Broker Profile Form, and provides requirements for issuance and return of the form.

Pre-Trial Order No. 14(A) entered October 13, 2009 – Court approves a revised Exporter, Importer or Broker Defendant Profile Form.

Pre-Trial Order No. 15 entered September 25, 2009 – Counsel must provide privilege log for documents withheld in response to discovery requests.  Also, the accidental production of privileged information does not constitute a waiver of the privilege.

Pre-Trial Order No. 16 entered September 25, 2009 – Pertains to the disclosure, use and protection of confidential information produced during the course of this MDL.

Pre-Trial Order No. 17 entered November 2, 2009 – Recognizing and Confirming KPT's Agreement to Accept Service of PSC's Omnibus Class Action Complaint.

Pre-Trial Order No. 18 entered November 5, 2009 – Appointing Phillip A. Wittmann to be the Homebuilders and Installers Liaison Counsel.

Pre-Trial Order No. 19 entered March 18, 2010—Appointing a State and Federal Coordination Committee.

Pre-Trial Order No. 20 entered April 6, 2010 – Appointment of Insurer Steering Committee.

Pre-Trial Order No. 21 entered April 6, 2010 – Retailer Profile Form.

Pre-Trial Order No. 22 entered April 27, 2010 – Privileged communications relating to PTO 20.

Pre-Trial Order No. 23 entered April 27, 2010 – Insurer Profile Form.

Pre-Trial Order No. 24 entered April 27, 2010 – Subpoenas/30(b)(6) depositions issued re insurance.

Pre-Trial Order No. 25 entered November 3, 2011 – Setting November 15, 2011 deadline for submission of profile forms.

Pre-Trial Order No. 26 entered March 29, 2012 – Appointing a self-remediated homes committee, creating a self-remediated homes pilot program, and setting April 28, 2012 deadline for submission of documentation for self-remediated homes.

Pre-Trial Order No. 27 entered September 10, 2013 – Establishment of System for Creating and Tracking Chinese Drywall Settlement Program Claims Administration Procedures.

Pre-Trial Order No. 28 entered January 10, 2014 – Attorney Fee and Cost Reimbursement Guidelines (with Exhibits A, B and C)

Pre-Trial Order No. 28(A) entered January 27, 2014 – Clarification of Pre-Trial Order No. 28 (Attorney Fee and Cost Reimbursement Guidelines)

Pre-Trial Order No. 28(B) entered March 25, 2014 – Extending some deadlines outlined in Pre-Trial Order No. 28.

Pre-Trial Order No. 28(C) entered April 28, 2014 – Extending some deadlines outlined in Pre-Trial Order No. 28 and extended in Pre-Trial No. 28(B).

Pre-Trial Order No. 28(D) entered July 9, 2014 – Appointing Leonard A. Davis of Herman Herman & Katz, LLC as the Assistant Secretary of the Fee Committee.

Pre-Trial Order No. 28(E) entered October 6, 2014 – Extending and modifying deadlines outlined in Pre-Trial Order Nos. 28, 28(A), 28(B) and/or 28(C).

Pre-Trial Order No. 29 entered December 23, 2014 – Order approving procedure for payment of Other Loss Claims.

II.     STATE COURT TRIAL SETTINGS

 None.


III.     STATE/FEDERAL COORDINATION

On March 18, 2010, the Court entered Pre-Trial Order No. 19 appointing State and Federal Coordination Committees.  The parties will be prepared to discuss State/Federal coordination at the monthly status conference on May 20, 2015.

IV.   OMNIBUS CLASS ACTION COMPLAINTS

The following is a list of filed Omni Complaints and Complaints in intervention:

Omni I:  *Sean and Beth Payton, et al v. Knauf Gips KG, et al,* Case No. 2:09-cv-07628 (E.D.La.).  Omni IA, IB and IC have been filed.  Numerous Motions to Dismiss have been filed.

Omni II: *Kenneth and Barbara Wiltz, et al. v. Beijing New Building Materials Public Limited Co., et al.*, Civil Action No.10-361(E.D.La.).  Omni IIA, IIB and IIC have been filed.  Numerous Motions to Dismiss have been filed.;

Omni III: *Gross, et al. v. Knauf Gips, K.G., et al.*, Case No. 09-6690 (E.D.La.), the PSC filed a Motion in Intervention (attaching a proposed Complaint in Intervention, *Mary Anne Benes, et al. v. Knauf Gips, K.G., et al.,* (E.D.La.) (Omni III).  Omni IIIA has been filed.  Numerous Motions to Dismiss have been filed.

Omni IV: *Joyce W. Rogers, et al. v. Knauf Gips, K.G., et al.*, Case No. 10-362 (E.D.La.)  (Omni IV).   Omni IVA, IVB and IVC have been filed. Numerous Motions to Dismiss have been filed.

Omni V: *Amato v. Liberty Mutual Ins. Co., et al*., Case No. 10-932.  Numerous Motions to Dismiss have been filed. On January 14, 2015, Plaintiffs filed a Motion to Amend Complaint by Interlineation [Rec. Doc. 18263].  On March 26 2015, the Court granted the Motion to Amend Complaint by Interlineation [Rec. Docs. 18551 & 18590].

Omni VI: *Charlene and Tatum Hernandez v. AAA Insurance*, Case No. 10-3070. This Omni VI Complaint has been dismissed;

Omni VII: *Kenneth Abel v. Taishan Gypsum Co., Ltd., et al,* No. 11-080. Numerous Motions to Dismiss have been filed.

Omni VIII: *Daniel Abreu v. Gerbrueder Knauf, et al,* No. 11-252.  Numerous Motions to Dismiss have been filed.

Omni IX:  *Laura Haya, et al, v. Taishan Gypsum Co., Ltd., et al,* No. 11-1077. Numerous Motions to Dismiss have been filed.

Omni X:  *Block v. Gebrueder Knauf Verwaltungsgesellschaft KG, et al*, No. 11-1363.  Numerous Motions to Dismiss have been filed.

Omni XI: *Benoit, et al v. Lafarge, S.A., et al*, No. 11-1893.  Numerous Motions to Dismiss have been filed.

Omni XII:    *Arndt, et al v. Gebrueder Knauf Verwaltungsgesellschaft, KG, et al,* No. 11-2349.  Numerous Motions to Dismiss have been filed.

Omni XIII:    *Richard and Constance Almeroth, et al, v. Taishan Gypsum Co., Ltd., et al,* No. 12-0498.  Numerous Motions to Dismiss have been filed.

Omni XIV:    *Jessica Cassidy, et al v. Gebrueder Knauf Verwaltungsgesellschaft, KG, et al,* No. 11-3023.  Numerous Motions to Dismiss have been filed.

Omni XV:    *Eduardo and Carmen Amorin, et al v. Taishan Gypsum Co., Ltd. f/k/a Shandong Taihe Dongxin Co., Ltd., et al*, No. 11-1672.

Omni XVI:    *Eduardo and Carmen Amorin, et al v. Taishan Gypsum Co., Ltd. f/k/a Shandong Taihe Dongxin Co., Ltd., et al*, No. 11-1395.

Omni XVII:    *Eduardo and Carmen Amorin, et al v. Taishan Gypsum Co., Ltd. f/k/a Shandong Taihe Dongxin Co., Ltd., et al*, No. 11-1673.

Omni XVIII:    *Paul Beane, et al v. Gebrueder Knauf Verwaltungsgesellschaft, KG, et al,* No. 13-609.  On June 6, 2013, the PSC filed a Motion for Leave to File Plaintiffs' First Supplemental and Amended Omnibus Class Action Complaint (XVIII) [Rec. Doc. 16892], which was granted on June 10, 2013 [Rec. Doc. 16896].  On June 10, 2013, the PSC filed a Motion for Leave to File Plaintiffs' Second Supplemental and Amended Omnibus Class Action Complaint (XVIII) [Rec. Doc. 16895], which was granted on June 11, 2013 [Rec. Doc. 16906].  On July 8, 2013, the PSC filed a Motion for Leave to File Plaintiffs' Third Supplemental and Amended Omnibus Class Action Complaint (XVIII) [Rec. Doc. 16933], which was granted on July 9, 2013 [Rec. Doc. 16935].  On July 30, 2013, the PSC filed a Motion for Leave to File Plaintiffs' Fourth Supplemental and Amended Omnibus Class Action Complaint (XVIII) [Rec. Doc. 16965], which was granted on July 31, 2013 [Rec. Doc. 16970].  On July 31, 2013, the PSC filed a Motion for Leave to File Plaintiffs' Fifth Supplemental and Amended Omnibus Class Action Complaint (XVIII) [Rec. Doc. 16967], which was granted on August 13, 2013 [Rec. Doc. 17004].

Omni XIX:    *Eduardo and Carmen Amorin, et al v. The State-Owned Assets Supervision and Administration Commission of the State Council, Taishan Gypsum Co., Ltd. f/k/a Shandong Taihe Dongxin Co., Ltd., et al*, No. 14-1727.  On March 25, 2015, the PSC filed a Motion to Serve Defendant SASAC Via Mail and/or Through CNBM Group [Rec. Doc. 18549], which the Court granted on April 2, 2015 [Rec. Doc.

18592].  On April 3, 2015, CNBM Group filed a Motion to Reconsider [Rec. Doc. 18594].  Thereafter, on April 7, 2015, the Court set a briefing schedule on the issue and stayed service by mail until the Court resolved the Motion to Reconsider [Rec. Doc. 18629].  On April 8, 2015, the PSC filed a response to the Motion to Reconsider [Rec. Doc. 18625; on April 13, 2015, CNBM Group filed a Reply to Response [Rec. Doc. 18713]; and on April 14, 2015, the PSC filed a Sur-reply [Rec. Doc. 18712].  On April 17, 2015, after argument, the Court issued an Order [Rec. Doc. 18733] regarding service on SASAC.  On April 29, 2015, the Court filed a Minute Entry [Rec. Doc. 18857] indicating that the Clerk of Court served the SASAC per the Court's Order.

On April 5, 2013, the PSC filed a Rule 6(b) Motion for Extension of Time for Service of Process Under Rule 4(m) [Rec. Doc. 13567].

On July 23, 2014, an Plaintiffs' Omnibus Motion for Class Certification Pursuant to Rules 23(a)(1)-(4) and 23(b)(3) was filed [Rec. Doc. 17883] and the Court issued an Order [Rec. Doc. 17882].  A hearing took place on September 18, 2014 and on September 26, 2014, the Court issued Findings of Fact and Conclusions of Law With Respect to Plaintiffs' Omnibus Motion for Class Certification Pursuant to Rules 23(a)(1)-(4) and 23(b)(3) [Rec. Doc. 18028], which also issued Legal Notice [Rec. Doc. 18028-1]. Notices were sent in accordance with the Court's Order.

## V.    CLASS ACTION COMPLAINT

On November 13, 2014, a Class Action Complaint entitled *Bennett, et. al v. Gebrueder Knauf Verwaltungsgesellschaft, KG, et. al,* case number 5:14-cv-2204,  was filed in the United States District Court for the Northern District of Alabama, naming certain Knauf entities as defendants.  The Complaint seeks alleged damages for "[A]ll owners and residents (past and present) of real property located in the United States containing problematic/defective Chinese drywall manufactured, sold, distributed, and/or supplied by Knauf."  The action has been transferred to the assigned MDL Court.  Counsel for the Knauf entities has reviewed the

8

Complaint and note that some putative class representatives are currently undergoing remediation pursuant to Option 1 or Option 2 of the Knauf Class Settlement Agreement.

### VI.   PLAINTIFFS' MOTIONS TO ESTABLISH A PLAINTIFFS' LITIGATION FEE AND EXPENSE FUND

On March 22, 2011, the PSC filed a Motion to Establish a Court Supervised Account for Voluntary Deposit of Funds to Compensate and Reimburse Common Benefit Counsel [Rec. Doc. 8308].   The PSC filed the motion because many of the settling parties have approached the PSC about the prospect of setting aside a portion of the settlement proceeds to preserve a *res* to compensate and reimburse common benefit counsel.  On April 13, 2011, the Court entered an Order directing that any party may voluntarily deposit seventeen percent (17%) of settlement proceeds for comment benefit fees (12%) and costs (5%) into the registry of the Court [Rec. Doc. 8545.]   A number of voluntary deposits have been made to the Clerk of Court pursuant to the motion.

### VII.   REMEDIATION PROGRAM

The Lead Contractor in the Knauf settlements, Moss & Associates, continues to estimate the cost of remediation for homes.   Remediation is complete on 2,598 homes and condominiums, work has begun on 38 homes and condominiums, and 2 more remediations are set to begin soon.   Homeowners and/or counsel with questions about remediations are encouraged to call the helpline created by Moss & Associates at 1-888-91 MOSSUSA (1-888-916-6778).

To date, Moss has mailed out 2,668 Work Authorization packets to homeowners in the various states.  Moss has received 2,646 executed Work Authorization packets, and 20 Work Authorization packets are outstanding.

The parties will be prepared to discuss this further at the monthly status conference on May 20, 2015.

### VIII.   INEX, BANNER, KNAUF, L&W and GLOBAL SETTLEMENTS

On February 7, 2013, the Court entered an Order and Judgment:  (1) Certifying the INEX, Banner, Knauf, L&W, and Global Settlement Classes, and (2) Granting Final Approval to the INEX, Banner, Knauf, L&W, and Global Settlements [Rec. Doc. 16570].  On February 19, 2013, the Court issued an Order Correcting Clerical Error [Rec. Doc. 16580] in the February 7, 2013 Order [16570].

On March 13, 2013, the PSC and Settlement Class Counsel filed a Motion for an Order:  (1) Appointing Allocation Committees for the INEX and Global Settlements; and (2) Approving Allocation Plans for the INEX, Banner and Global Settlements [Rec. Doc. 16609].  On March 15, 2013, the Court entered an Order and Judgment:  (1) Appointing Allocation Committees for the INEX and Global Settlements; and (2) Approving Allocation Plans for the INEX, Banner and Global Settlements [Rec. Doc. 16616].   On April 24, 2013, the Court entered an Order and Judgment (1) Appointing Allocation Committees for the INEX and Global Settlements; and (2) Approving Allocation Plans for the INEX, Banner and Global Settlements [Rec. Doc. 16782].

The registration period for the Knauf, Banner, INEX, Global, and/or L&W Class Settlements expired on July 8, 2013.  On May 23, 2013, the Court issued an Order [Rec. Doc. 16877] outlining the process for submission of claims, which process began on May 27, 2013.On September 27, 2013, the Court issued an Order extending the Claims Submission period up until and through October 25, 2013 [Rec. Doc. 17157].   On February 18, 2015, the Court issued an

Order [Rec. Doc. 18356] stating "the Court will make a final ruling regarding the status of any late-filed claims at the March status conference."

BrownGreer, the court appointed Settlement Administrator, has had several telephone and in-person meetings with various counsel to address issues regarding the claims process. A representative from BrownGreer will be present at the status conference to address settlement claims issues. BrownGreer filed Notices of Approved Claims Administrator Procedures [Rec. Doc. 17090 and 17160], which included:

1. CAP 2013-1(September 12, 2013) – Establishes a CAP process and sets out the procedures for issuing CAPs.

2. CAP 2013-2 (September 12, 2013) - Sets out a detailed explanation of how the Settlement Administrator will review claims for indicia of Chinese Drywall and other facts related to builder, supplier and installer information for an Affected Property and adopts an Affected Property Information Affidavit for use by Claimants who do not have documentary evidence of their builder, supplier or installer.

3. CAP 2013-3 (September 12, 2013) -  Sets out a detailed explanation of the procedure that the Settlement Administrator will follow in processing incomplete claims, including establishment of time frames to cure deficiencies.

4. CAP 2013-4 (October 1, 2013) – Sets forth the timing by which claimants, the Knauf Defendants or the Lead Contractor may request mediation with the Special Master pursuant to Knauf Settlement Agreement.

5. CAP 2013-5 (October 1, 2013) – Sets out a detailed explanation of the appellate procedure available to claimants after the Settlement Administrator issues an Eligibility, Denial, or Incompleteness Denial for a claim.

6. CAP 2013-6 (January 2, 2014) – Sets forth the timing by which claimants may supplement claims made after the October 25, 2013 deadline.

7. CAP 2014-7 (April 21, 2014) – Deadline for return of Work Authorization Packets for Option 1 remediation and all documentation for Option 2 or 3 pursuant to the Knauf Class Settlement.

8. CAP 2014-8 (July 15, 2014) – Sets forth the proof requirements for the claims submitted by the Knauf Defendants for payment out of the Global, Banner, and INEX settlements.

9. CAP 2014-9 (September 11, 2014) – Distribution of funds from the Global, Banner, and Inex Repair and Relocation Qualified Settlement Funds.

On August 12, 2013, a Joint Notice of Filing of Settlement Documents was filed by PLC and DLC [Rec. Doc. 16978] attaching the Settlement Agreement Regarding Post-December 9, 2011 Claims Against the Knauf Defendants in MDL No. 2047, with attached exhibits. On October 3, 2013, a Joint Motion and Incorporated Memorandum to Substitute Fourth Amendment to Settlement Agreement Regarding Claims Against the Knauf Defendants in MDL No. 2047 was filed with the Court [Rec. Doc. 17165]. On November 1, 2013, the Court issued an Order approving the Motion to Substitute the Fourth Amendment [Rec. Doc. 17220].

On August 19, 2013, Class Counsel filed a Motion to Establish Various Qualified Settlement Funds (QSFs) and to Appoint Fund Administrator and Depository Bank relating to the Global, Knauf, Banner, InEx and L&W Settlements [Rec. Doc. 17009]. On September 9, 2013, the Court issued various Orders approving the QSFs [Rec. Docs. 17064 thru 17076].

On October 31, 2013, the Court issued an Order in connection with the Knauf Settlement substituting the Whitney National Bank as Escrow Agent in place of U.S. Bank in connection with the depository bank for the Remediation Fund [Rec. Doc. 17219].

On September 25, 2013, Class Counsel and Insurance Liaison Counsel filed a Joint Motion to Disburse Settlement Funds [Rec. Doc. 17152] in connection with the Global Settlement, and on October 21, 2013, the Court issued an Order [Rec. Doc. 17178].

On October 23, 2013, Class Counsel and counsel for InEx filed a Joint Motion to Disburse Settlement Funds [Rec. Doc. 17185] in connection with the InEx settlement. On November 5, 2013, the Court issued an Order granting the Motion [Rec. Doc. 17228].

On November 7, 2013, the Court issued an Order requiring all settling defendants in the various settlements to deposit their settlement proceeds into the Court registry [Rec. Doc. 17236].  Philip Garrett has performed an analysis of the various settlements and the funding, and Class Counsel filed a Motion to Authorize Deposit of Settlement Funds on December 12, 2013 [Rec. Doc. 17321].  On January 17, 2014, the Court issued an Order authorizing the deposit of the settlement funds into the various QSFs [Rec. Doc. 17398] and on February 11, 2014 the Court issued an Amended Order [Rec. Doc. 17426].

On April 3, 2014, an Order was issued [Rec. Doc. 17590] directing all Class Members who are participating in the Various Settlements to administratively dismiss all state court cases.

On October 23, 2014, The Fee Committee's Inspection Costs and Hold Back Motion Pursuant to Pre-Trial Order No. 28(E) was filed with the Court [Rec. Doc. 18081].  An Order was issued on November 18, 2014 setting the motion for hearing, with oral argument, following the December 17, 2014 status conference [Rec. Doc. 18141].  On December 18, 2014, the Court entered an Order granting the Fee Committee's Inspection Cost and Hold Back Motion [Rec. Doc. 18215].

The parties will be prepared to discuss these matters further at the status conference on May 20, 2015.

IX.     SHARED COSTS FUND

On December 28, 2011, the Plaintiffs' Steering Committee filed a Motion to Establish a Shared Costs Fund [Rec. Doc. 12086] in compliance with the Knauf Settlement.  On December 29, 2011, the Court entered an Order [Rec. Doc. 12102] authorizing Russ M. Herman, Plaintiffs' Liaison Counsel, and Arnold Levin, Plaintiff's Lead Counsel, to establish a Shared

Costs Fund with Esquire Bank.  The Shared Costs Fund has been established.  On July 3, 2012, the PSC filed a Second Motion for Disbursement of Funds From the MDL 2047 PSC Shared Costs Fund (For Expenses) [Rec. Doc. 15209].  On July 9, 2012, the Court entered an Order granting the motion [Rec. Doc. 15231].  On November 9, 2012, the PSC filed a Third Motion for Disbursement of Funds From the MDL 2047 PSC Shared Costs Fund [Rec. Doc. 16145].  On November 29, 2012, the Court entered an Order granting the motion [Rec. Doc. 16329].  On January 16, 2013, the PSC filed a Fourth Motion for Disbursement of Funds From the MDL 2047 Costs Fund [Rec. Doc. 16506].  On February 4, 2013, the Court entered an Order granting the motion [Rec. Doc. 16555].

The parties will be prepared to discuss this further at the monthly status conference on May 20, 2015.

## X.    TAISHAN DEFENDANTS

On September 4, 2012, the Court issued an Order & Reasons [Rec. Doc. 15755] denying Defendant Taishan Gypsum Co., Ltd.'s Renewed Motion to Vacate the Default Judgment and Dismiss the Complaint [Rec. Doc. 13490] relating to *Germano, et al vs. Taishan Gypsum Co., Ltd., et al* (EDLA No. 09-6687), Renewed Motion Pursuant to Rules 55(c) and 12(b)(2) to Vacate Entry of Default and Dismiss This Action [Rec. Doc. 13566] relating to *The Mitchell Co., Inc. vs. Knauf Gips KG, et al* (EDLA No. 09-4115), and Motion Pursuant to Rule 12(b)(2) to Dismiss the Complaint relating to *Gross vs. Knauf Gips KG, et al* (EDLA No. 09-6690) [Rec. Doc. 13590] and *Wiltz vs. Beijing New Building Materials Public, Ltd. Co., et al* (EDLA No. 10-361) [Rec. Doc. 13591].   In addition, Judge Farina issued an Order on August 31, 2012 denying Taishan Gypsum Co., Ltd.'s Motion to Vacate the Entry of Default and to Dismiss the Complaint, in the matter of *Lennar Homes, LLC, et al vs. Knauf Gips KG, et al*, In

14

the Circuit Court of the Eleventh Judicial Circuit in and for Miami-Dade County, Florida, Chinese Drywall Division, Case No.:  09-07901 CA 42.

On September 14, 2012, Taishan Gypsum Co., Ltd. filed a Motion Pursuant to 28 U.S.C. § 1292(b) to Certify the Court's Order & Reasons for Interlocutory Appeal and Stay Further Proceedings Pending the Appeal in the *The Mitchell Co., Inc. vs. Knauf Gips KG, et al* (EDLA No. 09-4115) matter [Rec. Doc. 15812].  On September 14, 2012, Taishan Gypsum Co., Ltd. and Tai'an Taishan Plasterboard Co., Ltd. filed a Motion Pursuant to 28 U.S.C. § 1292(b) to Certify the Court's Order & Reasons for Interlocutory Appeal and Stay Further Proceedings Pending the Appeal in the *Gross vs. Knauf Gips KG, et al* (EDLA No. 09-6690) and *Wiltz vs. Beijing New Building Materials Public, Ltd. Co., et al* (EDLA No. 10-361) matters [Rec. Doc. 15813].  On October 16, 2012, the Court issued an Order & Reasons granting these Motions [Rec. Doc. 15952].

On October 24, 2012, Taishan Gypsum Co. Ltd. and Tai'an Taishan Plasterboard Co., Ltd. filed a Petition for Permission to Appeal Pursuant to 28 U.S.C. § 1292(b) with the United States Court of Appeals, Fifth Circuit, in the *Gross vs. Knauf Gips KG, et al* matter.  On October 25, 2012, Taishan Gypsum Co. Ltd. and Tai'an Taishan Plasterboard Co., Ltd. filed a Petition for Permission to Appeal Pursuant to 28 U.S.C. § 1292(b) with the United States Court of Appeals, Fifth Circuit, in the *Wiltz vs. Beijing New Building Materials Public, Ltd. Co., et al* matter. On October 26, 2012, Taishan Gypsum Co. Ltd. filed a Petition for Permission to Appeal Pursuant to 28 U.S.C. § 1292(B) with the United States Court of Appeals, Fifth Circuit, in *The Mitchell Co., Inc. vs. Knauf Gips KG, et al* matter.  On December 4, 2012, the Fifth Circuit granted Taishan's Motion for Leave to Appeal. The case number for the Fifth Circuit Court of Appeals regarding the *Gross, Mitchell* and *Wiltz* matters is No. 12-31213. These three (3)

15

consolidated appeals were argued in Houston, Texas, on February 5, 2014.  On May 20, 2014, the Fifth Circuit issued an opinion affirming the District Court [Document: 00512636188].  On June 11, 2014, a mandate was issued affirming the Judgment of the District Court and filed with the United States District Court, Eastern District of Louisiana [Rec. Doc. 17756].

On October 2, 2012, Taishan Gypsum Co., Ltd. f/k/a Shandong Taihe Dongxin Co., Ltd. filed a Notice of Appeal in the *Germano, et al vs. Taishan Gypsum Co., Ltd., et al* (EDLA No. 09-6687) [Rec. Doc. 15871].  On October 16, 2012, this appeal (5th Cir. Case No. 12-31017) was consolidated with the previous appeal in *Germano* (5th Cir. Case No. 10-30568).  This appeal was heard, with oral argument, before the Fifth Circuit Court of Appeals on Wednesday, October 9, 2013.  On January 28, 2014, the Fifth Circuit issued an opinion affirming the District Court [Document: 00512513792].   On February 19, 2014, a mandate was issued affirming the Judgment of the District Court and filed with the United States District Court, Eastern District of Louisiana [Rec. Doc. 17458].  On July 2, 2014, a Bill of Costs was filed with the Court by Plaintiffs [Rec. Doc. 17825], a conference was held on September 18, 2014, the Chief Deputy Clerk issued an Order [Rec. Doc. 18014] allowing the filing of a supplemental memorandum to the Bill of Costs, and on October 3, 2014, the PSC filed a Supplemental Memorandum of Law in Support of Bill of Costs [Rec. Doc. 18034].  On March 23, 2015, the Clerk's Office filed its Bill of Costs and Reason's for Taxation of Costs [Rec. Doc. 18531].  On June 16, 2014, the PSC filed a Motion to Examine Judgment Debtor of Taishan Gypsum Co., Ltd. f/k/a Shandong Taihe Dongxin Co., Ltd. [Rec. Doc. 17760].  On June 20, 2014, the Court ordered Taishan Gypsum Co., Ltd. f/k/a Shandong Taihe Dongxin Co., Ltd. to appear in open court on July 17, 2014 to be examined as a judgment debtor [Rec. Doc. 17774].  Taishan failed to appear for the July 17, 2014 Judgment Debtor Examination and the Court issued an Order

16

[Rec. Doc. 17869] ordering that Taishan pay $15,000.00 in attorney's fees to Plaintiffs' counsel; that Taishan pay $40,000.00 as a penalty for contempt; that Taishan, and any of its affiliates or subsidiaries be enjoined from conducting any business in the United States until or unless it participates in this judicial process, and if Taishan violates the injunction, it must pay a further penalty of 25% of the profits earned by the Company or its affiliate who violate the Order for the year of the violation; and that the Clerk of Court forward the Contempt Order to the U.S. Secretary of Commerce, the Chair of the U.S. Senate Committee on Commerce, Science and Transportation and the U.S. Attorney General so that these officials are aware of the seriousness of the situation, and for any appropriate action they may see fit.  On July 28, 2014, Senator Nelson appeared on the floor of the United States Senate and issued a statement regarding Chinese drywall and the Chinese Government and its companies' moral and legal obligations. (*See* Congressional Record Vol. 160, No. 119, July 28, 2014, at page S4977.  Additionally, *see* Senator Vitter's comments of July 29, 2014, at page S5044.)  The *Germano* Judgment was paid, therefore, on April 20, 2015, the Court issued Order & Reasons (Awarding Disbursement of the Germano Intervenors' Judgment) [Rec. Doc. 18725].

On July 14 and 15, 2014, counsel for Taishan Gypsum Co. Ltd. filed two Motions to Withdraw as Counsel of Record, one in *Germano* and another in eleven other listed cases [Rec. Doc. 17846 and Rec. Doc. 17858].  On July 16, 2014, the PSC filed a Consolidated Opposition to Motions to Withdraw as Counsel of Record [Rec. Doc. 17863] and on July 23, 2014, a Supplemental Memorandum in Support of PSC's Consolidated Opposition to Motions to Withdraw as Counsel of Record was filed [Rec. Doc. 17881].  On August 6, 2014, a Reply Memorandum in Support of Motion to Withdraw as Counsel of Record was filed by Hogan Lovells LLP and Stanley, Reuter, Ross, Thornton & Alford LLC [Rec. Doc. 17938].  On

September 2, 2014, the PSC filed a Motion for Extension to File Sur-Reply [Rec. Doc. 17984] and on September 3, 2014, the Court issued an Order [17989] granting the motion giving the PSC up until and through thirty (30) days after the Taishan Defendants provide responses to the PSC of discovery propounded to the Taishan Defendants by the PSC.  On October 10, 2014, the PSC filed a Motion to Compel Document Production for *In Camera* Inspection, which was filed UNDER SEAL.  An Order & Reasons was issued by the Court on December 11, 2014, granting in part and denying in part the Motion to Compel [Rec. Doc. 18196].  On December 22, 2014, the PSC filed a Supplemental Memorandum Pursuant to Order & Reasons Dated December 12, 2014 UNDER SEAL.  On December 29, 2014, Hogan Lovells LLP and Stanley, Reuter, Ross, Thornton & Alford LLC filed a Response to the Court's Order & Reasons Concerning *In Camera* Review of Privilege Log Items UNDER SEAL.  On January 13, 2015, the Court issued an additional Order & Reasons [Rec. Doc. 18256] after conducting an *in camera* review of documents. On January 22, 2015, Hogan Lovells LLP and Stanley, Reuter, Ross, Thornton & Alford LLC filed an Expedited Motion to Stay the Court's January 13, 2015 Order Pending Petition for a Writ of Mandamus [Rec. Doc. 18272].  On January 22, 2015, the Court issued an Order [Rec. Doc. 18275] granting the motion.  On February 16, 2015, Plaintiffs and the PSC filed an Answer to the Petition for Writ of Mandamus with the Fifth Circuit Court of Appeal [Document: 00512938024], and on February 20, 2015, the Fifth Circuit issued an Order denying the Petition for Writ of Mandamus [Document: 00512943262].   On March 10, 2015, Hogan Lovells US LLP and Stanley, Reuter, Ross, Thornton & Alford LLC filed a Motion to Set Motions to Withdraw As Counsel of Record For Hearing [Rec. Doc. 18456] and  the Court issued an Order [Rec. Doc. 18469] stating the Court would consider the Motion to Withdraw

immediately following the March 26, 2015 status conference. On March 26, 2015, the Court granted the Motions to Withdraw as Counsel of Record [Rec. Docs. 18551 & 18566].

On March 23, 2015, the PSC filed a Motion to Strike Hogan Lovells' Designation of Documents as Highly Confidential [Rec. Doc. 18530]. On March 31, 2015, Taishan Gypsum Co., Ltd. filed an Opposition to the motion [Rec. Doc. 18574]. On April 8, 2015, the PSC filed a Reply to the Opposition [Rec. Doc. 18631]. The matter was heard on April 17, 2015. On April 22, 2015, Taishan filed a Reply in Continued Opposition to the PSC's Motion to Strike Hogan Lovells' Designation of Documents as Highly Confidential [Rec. Doc. 18741]. On April 24, 2015, the PSC filed a Sur-Reply Brief in Support of its motion [Rec. Doc. 18789]. The Court issued Order & Reasons on May 4, 2015 [Rec. Doc. 18836].

On February 10, 2015, Plaintiff-Intervenors and the PSC filed a Motion for an Expedited Hearing to Enforce the Court's July 17, 2014 Contempt Order and Injunction [Rec. Doc. 18302]. On March 2, 2015, Plaintiff-Intervenors and the PSC filed a Supplemental Memorandum of Law in Support of the motion [Rec. Doc.18433] and on March 9, 2015, filed a Motion to Substitute a Corrected Supplemental Memorandum in Support of the motion [Rec. Doc. 18447] (Note: redacted versions were filed publicly and unredacted versions were filed UNDER SEAL). On March 9, 2015, Taishan Gypsum Ltd. Co. filed a Response in Opposition to the motion [Rec. Doc. 18451]. On March 11, 2015, the Court issued an Order [Rec. Doc. 18468] that it would establish a briefing schedule on the Motion to Enforce at the March 26, 2015 status conference. On May 8, 2015, BNBM Entities filed a Memorandum in Opposition to Motion of Plaintiff-Intervenors and the Plaintiffs' Steering Committee for an Expedited Hearing to Enforce the Court's July 17, 2014 Contempt Order and Injunction [Rec. Doc. 18872]. On May 8, 2015, the PSC filed a Motion for Leave to File Reply Brief Following Discovery [Rec.

Doc. 18875] and on May 12, 2015, the Court entered an Order granting the Motion for Leave [Rec. Doc. 18922].

On September 4, 2014, the Plaintiffs-Intervenors/Judgment Creditors and Putative Plaintiff Class Members filed a Notice of Filing (Admission of Fact by Taishan Gypsum Co., Ltd. f/k/a Shandong Taihe Dongxin Co., Ltd. to Request for Admissions dated July 21, 2014) [Rec. Doc. 17993].

On September 2, 2014, the Plaintiffs' Steering Committee propounded Request for Production of Documents on Taishan Gypsum Co., Ltd. f/k/a Shandong Taihe Dongxin Co., Ltd. and Taihe Tai'an Plasterboard Co., Ltd. and filed a Motion for Expedited Return on Discovery and to File Discovery Under Seal [Rec. Doc. 17983].  On September 3, 2014, the Court issued an Order [Rec. Doc. 17988] granting the motion and ordering the Taishan Defendants to respond to the Request for Production of Documents issued to it by the PSC no later than 15 days from the issuance and ordering the discovery filed under seal.

In connection with enforcement and collection of the Court's Judgment in the *Germano* matter, the PSC issued a number of Notices of Depositions including issuing notices to:

1. Beijing New Building Material (Group) Co. Ltd. [Rec. Docs. 18458 and 18498];
2. Beijing New Building Materials Public Limited Co.[Rec. Docs. 18368 and 18499];
3. China National Building Materials Company Limited [Rec. Docs. 18421 and 18506];
4. China National Building Materials Group Corporation [Rec. Docs. 18420 and 18504];
5. China National Building Materials Import and Export Corporation [Rec. Docs. 18460 and 18503];
6. CNBM (USA) Corp. [Rec. Docs. 18377 and 18513];
7. CNBM Forest Products (Canada) Ltd. [Rec. Docs. 18459 and 18505];
8. CTIEC-TECO American Technology, Inc. [Rec. Docs. 18378 and 18517];
9. New Jersey Institute of Technology [Rec.Doc. 18516];

20

10. Sunpin Solar Development LLC a/k/a Sunpin Solar LLC [Rec.Doc. 18510];
11. Tai'an Taishan Plasterboard Co., Ltd. ("TPP") [Rec.Doc. 18501 and Rec. Doc. 18522];
12. Taishan Gypsum Co. Ltd., f/k/a Shandong Taihe Dongxin Co., Ltd. [Rec. Docs. 18369 and 18500];
13. United Suntech Craft, Inc. [Rec. Docs. 18379 and 18514];
14. Wal-Mart Stores, Inc. [Rec. Docs. 18363 and 18511];
15. Tommy Li, President Sunpin [Rec. Doc. 18512];
16. Jia Tongchun (chairman of Taishan and board member of BNBM) [Rec.Doc. 18502];
17. Peng Wenlong (Taishan's Chief of Foreign Trade Department) [Rec.Doc. 18502];
18. Chungang Dong (foreign attorney at Jingtian & Gongcheng) [Rec.Doc. 18502];
19. Peng Shou (Chairman of China Triumph, executive director of CNBM and VP of CNBM) [Rec.Doc. 18502];
20. Cao Jianglin (BNBM, BNBM Group, CNBM & CNBM Group) [Rec.Doc. 18502];
21. Song Xhiping a/k/a Sonz Zhiping (CNBM and CNBM Group) [Rec.Doc. 18502];
22. Chang Zhangli (BNBM & CNBM)[Rec.Doc. 18502];
23. Wang Bing (BNBM & CNBM) [Rec.Doc. 18502];
24. JinYu Hu (BNBM & CNBM) [Rec.Doc. 18502];
25. Cui Xingtai (BNBM & CNBM) [Rec.Doc. 18502];
26. JP Morgan Chase & Co. [Rec.Doc. 18304];
27. Morgan Stanley [Rec.Doc. 18305];
28. The AES Corporation [Rec.Doc. 18312];
29. T. Rowe Price Group, Inc. [Rec.Doc. 18309];
30. Lowe's Companies, Inc. [Rec.Doc. 18361];
31. The Bank of New York Mellon Corporation [Rec.Doc. 18311];
32. Citigroup, Inc. [Rec.Doc. 18303];
33. State Street Corporation [Rec.Doc. 18308];
34. General Growth Properties, Inc. [Rec.Doc. 18310];
35. Costco Wholesale Corporation [Rec.Doc. 18359];
36. Northern Trust Corporation [Rec.Doc. 18306];
37. Amazon.com [Rec.Doc. 18358];
38. Plum Creek Timber Company, Inc. [Rec.Doc. 18307];
39. The Home Depot [Rec.Doc. 18360];
40. Target Corporation [Rec.Doc. 18362];
41. Westerlund Log Handlers, LLC [Rec. Doc. 18525]; and
42. Murphy Overseas USA Astoria Forest Products, LLC [Rec. Doc. 18527].

Several of the depositions were set on an expedited basis and the PSC was and is in the process of scheduling and setting up the depositions. On March 24, 2015, the PSC filed a

Discovery Plan Regarding Future Discovery Against Taishan and its Affiliates and Status of Discovery Ordered by the Court on March 17, 2015, and the Orders of March 20, 2015 and March 24, 2015 Authorizing Expedited Return on Discovery Requests and Shortened Time to Notice Depositions [Rec. Doc. 18537].   On April 1, 2015, the PSC filed a Motion to Stay Pre-March 17, 2015 Third-Party Discovery Related to the Taishan Defendants and to Defer Similarly Dated Discovery Served Upon the Taishan Defendants to Prioritize Expedited Discovery Served on or After March 17, 2015 [Rec. Docs. 18578 & 18639].  On April 5, 2015, Taishan Gypsum Ltd. Co. filed a Response in Opposition to the motion [Rec. Doc. 18595].  On April 8, 2015, the Court granted the motion as set forth in its Order [Rec. Doc. 18640].

On July 31, 2014, the PSC filed a Motion for Contempt against corporate officers of Taishan Gypsum Co., Ltd. and Tai'an Taishan Plasterboard Co., Ltd., Chairmen Jia Tonchun and Peng Shiliang [Rec. Doc. 17920].  On September 18, 2014, the Court heard the Motion for Contempt and took the matter under advisement.   The parties await a ruling.

On July 29, 2014, the *Eduardo and Carmen Amorin, et al v. The State-Owned Assets Supervision and Administration Commission of the State Council, Taishan Gypsum Co., Ltd. f/k/a Shandong Taihe Dongxin Co., Ltd., et al*, No. 14-1727, Omni XIX Complaint was filed which names as Defendants the State-Owned Assets Supervision and Administration Commission of the State Council, Taishan Gypsum Co., Ltd. f/k/a Shandong Taihe Dongxin Co., Ltd., Tai'an Taishan Plasterboard Co., Ltd., Beijing New Building Materials Public Limited Co., China National Building Material Co., Ltd., Beijing New Building Materials (Group) Co., Ltd., China National Building Materials Group Corporation. The Court has ruled that several of these Defendants are subsidiaries and affiliates of the Judgment Debtor, Taishan Gypsum Co., Ltd.

The PSC has filed three complaints, (1) *Eduardo and Carmen Amorin, et al v. Taishan Gypsum Co., Ltd., f/k/a Shandong Taihe Dongxin Co., Ltd., et al,* No. 2:11-cv-377, United States District Court, Eastern District of Virginia; (2) *Eduardo and Carmen Amorin, et al v. Taishan Gypsum Co., Ltd., f/k/a Shandong Taihe Dongxin Co., Ltd., et al,* No. 1:11-cv-22408-MGC, United States District Court, Southern District of Florida; and (3) *Eduardo and Carmen Amorin, et al v. Taishan Gypsum Co., Ltd., f/k/a Shandong Taihe Dongxin Co., Ltd., et al,* No. 2:11-cv-1395, United States District Court, Eastern District of Louisiana, against Taishan and allegedly related companies that the PSC claims reinforces the purposeful availment of these companies to federal jurisdiction by marketing their products to the United States. These cases will be served pursuant to the Hague Convention in due course. The *Amorin* complaints filed in Florida and Virginia were transferred to the MDL on July 19, 2011, and all three have been filed into the record as Omnibus Class Action Complaints in Intervention (see Section VI above).

On September 27, 2012, Plaintiffs filed a Motion for Preliminary Default Judgment against CNBM USA Corp. and BNBM of America, Inc. in the matter of *Eduardo and Carmen Amorin, et al v. Taishan Gypsum Co., Ltd., f/k/a Shandong Taihe Dongxin Co., Ltd., et al,* No. 2:11-cv-1395 [Rec. Doc. 15847]. The matter is not yet set for hearing.

On September 11, 2013, the appeal filed with the Third District Court of Appeal, State of Florida, in the *Taishan Gypsum Co., Ltd. v. Lennar Homes, LLC,* No. 3D12-2591, Lower Tribunal No. 09-7901, matter was AFFIRMED.

On June 13, 2014, the Plaintiffs' Steering Committee filed a Motion to Lift Stay to Permit Further Proceedings Against Taishan Gypsum Co., Ltd. and Tai'an Taishan Plasterboard Co., Ltd. and Begin Proceedings Against Remaining Defendants [Rec. Doc. 17754]. On June 23, 2014, the Court issued an Order granting the motion [Rec. Doc. 17777].

23

On June 24, 2014, the Plaintiffs' Steering Committee filed a Motion to Approve Alternative Service of Process Pursuant to Fed.R.Civ.P. 4(f)(3) [Rec. Doc. 17782] with respect to the Taishan Defendants.  On June 25, 2014, the Court issued an Order granting the motion [Rec. Doc. 17790].

On October 29, 2014, Plaintiffs filed a Motion for Assessment of Class Damages Pursuant to Rule 55(b)(2)(B) and Request for Approval of Supplemental Notice [Rec. Doc. 18086].  An Order was issued on October 30, 2014 [Rec. Doc. 18097] setting the matter for hearing, with oral argument, following the December 17, 2014 status conference.  On December 18, 2014, the Court entered an Order granting the "notice" portion of the Motion for Assessment of Class Damages Pursuant to Rule 55(b)(2)(B) [Rec. Doc. 18216] and a separate Order approving the supplemental notice [Rec. Doc. 18217].  On February 5, 2015, Declaration of Arnold Levin in Support of Plaintiffs' Motion for Assessment of Class Damages Pursuant to Rule 55(b)(2)(B) was filed with the Court [Rec. Doc. 18294].  On March 2, 2015, Plaintiffs filed a Proposed Findings of Fact and Conclusions of Law [Rec. Doc. 18405] with respect to the Motion for Assessment of Class Damages.  On April 13, 2015, the PSC filed a Revised Trial Plan for the Assessment of Class Damages [Rec. Doc. 18673].  On April 15, 2015, the PSC filed a Memorandum Regarding Effects of Default and Issue Preclusion in April 28, 2015 Class-Wide Damages Trial (REDACTED)[Rec. Doc. 18694].  The PSC also filed a Motion for Leave to File Unredacted/Full Version of the Memorandum [Rec. Doc. 18696].  On April 24, 2015, the PSC filed a Second Revised Trial Plan for the Assessment of Class Damages [Rec. Doc. 18753].  A Minute Entry was filed on April 17, 2015 [Rec. Doc. 18722] setting the motion for hearing, with oral argument, on June 9, 2015, at 9:00 a.m.

On April 28, 2015, the PSC filed a Stipulated and Agreed Scheduling Order for June 9, 2015 Class Damages Hearing [Rec. Doc. 18771-1].  On May 8, 2015, the BNBM Entities filed a Response to the PSC Memorandum Regarding Effects of Default and Issue Preclusion in April 28, 2015 Class-Wide Damages Trial [Rec. Doc. 18874].  On May 8, 2015, Taishan filed a Response in Opposition to Plaintiffs' Motions for Class Damages [Rec. Doc. 18877], a Response to the PSC Memorandum Regarding Effects of Default and Issue Preclusion in April 28, 2015 Class-Wide Damages Trial [Rec. Doc. 18880], and a Proposed Hearing Plan and Response to the PSC's Second Revised Trial Plan for the Assessment of Class Damages [Rec. Doc. 18881].  On May 8, 2015, the CNBM Entities filed a Joinder in Taishan's Proposed Hearing Plan and Response to the PSC's Second Revised Trial Plan for the Assessment of Class Damages [Rec. Doc. 18884], Procedural Objections and Limited Response to PSC Memorandum Regarding Effects of Default and Issue Preclusion [Rec. Doc. 18886], Objections and Limited Responses to Plaintiffs' Motion for Assessment of Class Damages Pursuant to Rule 55(b)(2)(B) [Rec. Doc. 18887], the BNBM Entities filed a Notice of Joinder in Taishan's Proposed Hearing Plan and Response to the PSC's Second Revised Trial Plan for the Assessment of Class Damages and Additional Request With Respect to Additional Pending Motions [Rec. Doc. 18888] and Opposition to Plaintiffs' Motion for Assessment of Class Damages [Rec. Doc. 18903].  On May 12, 2015, the Court issued a Scheduling Order [Rec. Doc. 18921].  On May 15, 2015, the PSC filed Plaintiffs' Reply Brief in Support of Motion for Assessment of Class Damages Pursuant to Rule 55(b)(2)(B) UNDER SEAL [Rec. Doc. 18958].  On May 18, 2015, Taishan filed a Motion to Modify the Scheduling Order [Rec. Doc. 18957].  The parties will be prepared to discuss this further at the status conference on May 20, 2015.

On February 20, 2015, the PSC filed a Motion to Preclude Taishan or Any of Its Affiliates from Participating in Proceedings Involving Plaintiffs' Motion for Assessment of Class Damages [Rec. Doc. 18367].  On March 9, 2015, Taishan Gypsum Ltd. Co. filed a Response in Opposition to the motion [Rec. Doc. 18450]; CNBM Group and CNBM filed an Opposition to the motion [Rec. Doc. 18453]; and Beijing New Building Material (Group) Co., Ltd. filed an Opposition to the motion [Rec. Doc. 18454].  On March 13, 2015, the PSC filed an Omnibus Response/Reply to Motions Regarding Contempt, Enforcement of Contempt Order, Class Damages Hearing, and Motion to Withdraw as Counsel for Taishan Gypsum Co., Ltd. and Tai'an Taishan Plasterboard Co., Ltd. [Rec. Doc. 18520].  On March 24, 2015, a Motion for Leave to File Counsel's Reply to Omnibus/Reply to Motions Regarding Contempt, Enforcement of Contempt Order, Class Damages Hearing, and Motion to Withdraw as Counsel for Tai'shan Gypsum Co., Ltd. and Tai'an Taishan Plasterboard Co., Ltd. was filed with the Court [Rec. Doc. 18532].

A special hearing was conducted on March 17, 2015, and the Court issued a Minute Entry [Rec. Doc. 18493].  In complying with deadlines established in the Minute Entry, the PSC issued/served numerous discovery requests and filed motions to expedite on March 19, 2015.  As noted above, on April 1, 2015, the PSC filed a Motion to Stay Pre-March 17, 2015 Third-Party Discovery Related to the Taishan Defendants and to Defer Similarly Dated Discovery Served Upon the Taishan Defendants to Prioritize Expedited Discovery Served on or After March 17, 2015 [Rec. Doc. 18578 & 18639], which the Court granted as set forth in its Order on April 8, 2015 [Rec. Doc. 18640].

On April 1, 2015, CNBM and CNBM Group filed a Motion for Order Preserving Defenses [Rec. Doc. 18581].  On April 2, 2015, the Court granted the motion [Rec. Doc. 18583].

26

On April 6, 2015, the PSC filed a Motion to Compel Discovery Against Taishan Gypsum Co., Ltd. [Rec. Doc. 18596].  On April 7, 2015, Taishan Gypsum Co., Ltd. filed an Opposition to the motion [Rec. Doc. 18606].  The Court conducted a telephone status conference on April 7, 2015, and issued a Minute Entry [Rec. Doc. 18688].

On April 13, 2015, the PSC filed a Status Report Regarding Discovery Related to Violations of the Injunction Prong of the Court's July 17, 2014 Contempt Order and Alter Ego Relationships [Rec. Doc. 18671].  Additional updated status reports have been filed by the PSC on April 23, 24, 27 and 28, 2015, and May 1 and May 5, 2015 [Rec. Doc. Nos. 18750, 18751, 18761, 18763, 18773, 18805, 18806, 18820 and 18833].  On April 27, 2015, the BNBM Entities filed a Discovery Status Report [Rec. Doc. 18755], and on May 6, 2015, filed a Response to the PSC's Corrected Fourth, Fifth and Sixth Updated Status Reports, Responses and Objections to the PSC's Supplemental Deposition Notice, and Response to PSC's Motion to Compel Expedited Responses to Outstanding Discovery [Rec. Doc. 18847].  On May 6, 2015, the PSC filed a Reply to BNBM's Filing Regarding the Status of Discovery on Class Damages, Violations of the Contempt Order and Taishan's Affiliates [Rec. Doc. 18866].

On April 20, 2015, the PSC filed a Statement Regarding Outstanding Expedited Discovery Requests [Rec. Doc. 18724].  On April 24, 2015, the Court conducted a telephone status conference regarding issues of class discovery and filed a Minute Entry [Rec. Doc. 18757].  On April 28, 2015, Taishan filed a Discovery Status Report [Rec. Doc. 18765] and the CNBM Entities' filed a Joint Statement on Discovery [Rec. Doc. 18770].  On April 28, 2015, the PSC filed a Status Report Regarding Discovery Related to the Taishan Affiliates and Subsidiaries and their Violations of the Court's Injunction [Rec. Doc. 18772].  On April 29, 2015, the PSC filed a Request in Light of Recent Filings to Address the Scope of Discovery

27

From the Taishan Defendants, BNBM Defendants, and CNBM Defendants During the Telephone Conference with the Court on April 30, 2015 [Rec. Doc. 18783].  The court held a telephone status conference on April 30, 2015 and issued a Minute Entry [Rec. Doc. 18844].On April 6, 2015, Taishan Gypsum Co., Ltd. filed a Motion to Compel Production of Information Relevant to Plaintiffs' Motion for Assessment of Class Damages [Rec. Docs. 18598].  BNBM and BNBM Group joined the motion [Rec. Doc. 18610].  On April 7, 2015, the PSC and the Knauf Defendants filed Oppositions and Supplemental Oppositions to the motion [Rec. Docs. 18612, 18617, & 18623].  The Court conducted a telephone status conference on April 7, 2015, and issued a Minute Entry [Rec. Doc. 18688].  On April 8, 2015, Taishan filed a Motion for Leave to File a Reply Brief [Rec. Doc. 18626] and on April 16, 2015, the BNBM Entities' filed a Joinder on the Motion for Leave to File Reply Brief [Rec. Doc. 18705].

On April 7, 2015, the PSC filed a Motion to Compel Discovery Against CNBM, CNBM Group, BNBM, and BNBM Group [Rec. Doc. 18609].  On April 14, 2015, Beijing New Building Materials Public Limited Company (BNBM PLC) and Beijing New Building Material (Group) Co., Ltd. (BNBM Group) filed an opposition to the motion [Rec. Doc. 18683].  On April 15, 2015, the CNBM Entities filed an opposition to the motion and joined the BNBM Entities' opposition to the motion [Rec. Doc. 18695].

On April 14, 2015, Taishan Gypsum Co., Ltd. and Tai'an Taishan Plasterboard Co., Ltd., and Beijing New Building Materials Public Limited Company and Beijing New Building Materials (Group) Co., Ltd., filed Joint Emergency Motions for Protective Orders [Rec. Docs. 18680 and 18681].  On April 15, 2015, the PSC filed a Response in Opposition to Taishan Gypsum Co., Ltd. and Tai'an Taishan Plasterboard Co., Ltd.'s Joint Motion for Protective Order and Proposed Solution [Rec. Doc. 18690].  On April 15, 2015, the CNBM Entities joined the

motion [Rec. Doc. 18693].  On April 15, 2015, the PSC filed a Response in Opposition to the BNBM Entities' Joint Emergency Motion for Protective Order and the CNBM Entities' Joinder Emergency Motions for Protective Order [Rec. Doc. 18699].  On April 20, 2015, the PSC filed a Supplemental Response in Opposition to Taishan Gypsum Co., Ltd. and Tai'an Taishan Plasterboard Co., Ltd.'s Joint Motion for Protective Order and Proposed Solution and to File Exhibit "A" Under Seal [Rec. Doc. 18907].

On May 4, 2015, Taishan filed a Motion for Protective Order Limiting Scope of 30(b)(6) Depositions and Memorandum in Support [Rec. Doc. 18815].  On May 5, 2015, the PSC filed an Opposition to the Motions for Protective Orders by the CNBM and Taishan Defendants and Support and Justification for Discovery From Third Parties JP Morgan Chase & Co. and Morgan Stanley [Rec. Doc. 18834].  On May 6, 2015, the State of Louisiana filed an Opposition to Taishan's Motion for Protective Order Limiting Scope of 30(b)(6) Depositions [Rec. Doc. 18859].  This was discussed during the May 7, 2015 telephone status conference.  See Minute Entry [Rec. Doc. 18925].

On May 4, 2015, Taishan provided a letter to the Court regarding damages discovery issues [Rec. Doc. 18817].  On May 5, 2015, the PSC responded with a letter to the Court address Taishan's correspondence [Rec. Doc. 18821].  On May 6, 2015, Taishan provided another letter to the Court [Rec. Doc. 18858].

On May 5, 2015, the PSC filed a Motion to Compel Expedited Responses to Outstanding Discovery [Rec. Doc. 18818], with a Motion for Expedited Hearing [Rec. Doc. 18819].  On May 6, 2016, the CNBM Entities filed a Response to the PSC's Motion to Compel Production and Discovery Status Report [Rec. Doc. 18862].  On May 7, 2015, the PSC filed a Reply to CNBM's Filing Regarding Its Obligation to Provide Complete and Accurate English

Translations of Its Documents [Rec. Doc. 18868].  This was discussed on the May 7, 2015 telephone status conference. See Minute Entry [Rec. Doc. 18925].

On May 5, 2015, the PSC filed a Motion to Set Briefing Schedule [Rec. Doc. 18831].  This was discussed on the May 7, 2015 telephone status conference.  See Minute Entry [Rec. Doc. 18925].

On May 5, 2015, the PSC filed an Expedited Motion for an Order Requiring the CNBM, BNBM and Taishan Defendants to Provide Complete and Accurate English Translations of Documents Produced in Response to Discovery Ordered by the Court [Rec. Doc. 18906 UNDER SEAL].  This was discussed at the May 7, 2015 telephone status conference.  See Minute Entry [Rec. Doc. 18925].

On May 6, 2015, the PSC filed an Emergency Motion for a Protective Order Regarding the Depositions of BrownGreer, PLC and Jake Woody [Rec. Doc. 18856].  On May 12, 2015, the Court issued an Order [Rec. Doc. 18924]. Taishan advised that it planned to file an Emergency Motion to Compel BrownGreer PLC's Production of Subpoenaed Documents on May 18, 2015.

On May 6, 2015, the PSC filed an Emergency Motion to Compel Discovery Against Wal-Mart Stores, Inc. and Sunpin Solar Development, LLC [Rec. Doc. 18863], with a Motion for Expedited Hearing [Rec. Doc. 18865].  On May 12, 2015, the Court issued an Order [Rec. Doc. 18926].

On May 7, 2015, the Court held a telephone status conference regarding discovery issues and filed a Minute Entry on May 7, 2015 [Rec. Doc. 18925].

30

On May 8, 2015, the BNBM Entities filed a Motion to Vacate Portions of the Class Certification Order Addressing Their Liability to the Class Under the Theories of Single Business Enterprise, Alter Ego, or Piercing of the Corporate Veil [Rec. Doc. 18876].

On May 8, 2015, Taishan filed a Motion to Decertify the Class [Rec. Doc. 18879] and the CNBM Entities filed a Joinder in Taishan's motion [Rec. Doc. 18885].

On May 8, 2015, Taishan filed a Motion to Exclude Affidavit of Plaintiffs' Withdrawn Expert Ronald E. Wright, P.E. [Rec. Doc. 18882].  On May 11, 2015, the PSC filed a Response in Opposition [Rec. Doc. 18908].  On May 11, 2015, the BNBM Entities filed a Notice of Joinder in Taishan's motion [Rec. Doc. 18895].  On May 12, 2015, Taishan filed a Reply Brief in Support [Rec. Doc. 18938].  On May 14, 2015, the Court issued Orders & Reasons [Rec. Doc. 18935].

On May 8, 2015, Taishan filed a Motion to Compel Outstanding Discovery of Information Relief on by Plaintiffs' Damages Expert [Rec. Doc. 18889].  On May 11, 2015, the BNBM Entities filed a Notice of Joinder in Taishan's motion [Rec. Doc. 18896].  On May 13, 2015, the PSC filed a Response in Opposition to Taishan's motion [Rec. Doc. 18919].  On May 14, 2015, Taishan filed a Motion for Leave to File Reply Brief in Support of its motion [Rec. Doc. 18931].  On May 14, 2015, the Court issued Order & Reasons [Rec. Doc. 18934].

On January 8, 2015, the PSC filed a Notice of Filing of Motion to Intervene in Oregon Litigation [Rec. Doc. 18251].  The motion to intervene was filed in the matter of *China National Building Materials Import and Export Corporation, et al v. Murphy Overseas USA Astoria Forest Products, LLC, et al,* Civil No. 3:14-cv-00746-ST, United States District Court, District of Oregon (Portland Division).   On January 20, 2015, the Honorable Magistrate Judge Janice M. Stewart issued a minute entry denying the motion to intervene.  On January 22, 2015,

the PSC filed objections to the Magistrate's minute entry requesting that the district court overrule the minute entry.

On February 2, 2015, certain plaintiffs appointed by this Court as class representatives in the matter of *Eduardo and Carmen Amorin, et al v. Taishan Gypsum Co., Ltd., f/k/a Shandong Taihe Dongxin Co., Ltd., et al,* No. 2:11-cv-1395, filed a Complaint for Declaratory Judgment and Other Relief in the United States District Court for the District of Oregon against China National Building Materials Import and Export Corporation and CNBM Forest Products (Canada) Ltd.  On February 3, 2015, the PSC filed a Notice of Potential Tag-Along Action with regard to the aforementioned case with the Judicial Panel on Multidistrict Litigation.

On April 29, 2015, BNBM PLC filed a Motion to Dismiss the Complaints Pursuant to Rules 12(B)(2) and 12(B)(5) [Rec. Doc. 18841] and a Motion to Dismiss for Lack of Personal Jurisdiction [Rec. Doc. 18849].

On April 29, 2015, the BNBM Entities filed a Motion to Vacate Entries of Preliminary Default [Rec. Doc. 18851].

On May 14, 2015, the PSC and BNBM participated in a face-to-face meet and confer.  BNBM requested that the PSC agree to a Rule 502(d) Order, and the parties will be prepared to discuss this at the status conference on May 20, 2015.   Further, the PSC had a face-to-face meet and confer with JP Morgan Chase and Morgan Stanley on May 15, 2015.  A face-to-face meet and confer is scheduled with the PSC, Taishan and CNBM on May 19, 2015.

XI.   VENTURE SUPPLY & PORTER BLAINE DEFENDANTS

On January 15, 2013, the Court entered a Minute Entry [Rec. Doc. 16505] granting (1) Preliminarily Approving Each of Four Chinese Drywall Class Settlements

(Nationwide Insureds Settlement Agreement, Porter-Blaine/Venture Supply Settlement Agreement, Tobin Trading and Installers Settlement Agreement, and Builders Mutual Insureds Agreement) Relating to Virginia and Certain Other Remain Claims; Conditionally Certifying the Settlement Classes and Approving the Form Notice to Class Members.

On May 8, 2013, the Plaintiffs filed a Motion for an Order (1) Certifying Each of Four Chinese Drywall Class Settlements (Nationwide Insureds Settlement Agreement, Porter-Blaine/Venture Supply Settlement Agreement, Tobin Trading and Installers Settlement Agreement, and Builders Mutual Insureds Settlement Agreement) Relating to Virginia and Certain Other Remaining Claims; (2) Granting Final Approval to the Four Chinese Drywall Class Settlements; and (3) Approving an Allocation Plan for the Four Class Settlements [Rec. Doc. 16806].  On July 9, 2013, the Court entered an Order (1) Certifying Each of Four Chinese Drywall Class Settlements (Nationwide Insureds Settlement Agreement, Porter-Blaine/Venture Supply Settlement Agreement, Tobin Trading and Installers Settlement Agreement, and Builders Mutual Insureds Settlement Agreement) Relating to Virginia and Certain Other Remaining Claims; (2) Granting Final Approval to the Four Chinese Drywall Class Settlements; and (3) Approving an Allocation Plan for the Four Class Settlements [Rec. Doc. 16934].  On July 12, 2013, Class Counsel filed a Motion to Approve Funding, Administration and Special Master Services [Rec. Doc. 16939] and the Court entered an Order granting the motion on July 19, 2013 [Rec. Doc. 16956].

The Claims process for the Four Virginia-based Settlements is structured to take place in two phases: Real Property Claims and Other Loss Claims.  On October 14, 2013, Class Counsel filed a Motion for an Order (1) Approving the Real Property Claim Form and (2) Setting a Deadline of December 16, 2013 for Filing Real Property Claims in each of the Four Virginia-

Based Chinese Drywall Class Settlements [Rec. Doc. 17170]. On October 24, 2013, the Court entered an Order approving the Real Property Claim Form and setting a claim filing deadline of December 16, 2013 [Rec. Doc. 17208]. On November 11, 2014, Class Counsel filed a Motion for Authority to Disburse Funds From the Virginia Settlements for Real Property Loss [Rec. Doc. 18117]. Pursuant to an Order that was issued on November 13, 2014 [Rec. Doc. 18129], Class Counsel, Phil Garrett and the Settlement Administrator appeared before the Court to address open issues regarding distribution from the Four Virginia-Based Settlements.

On November 20, 2014 the Court entered and Order approving the Proposed Real Property Allocation and directing distribution of funds accordingly [Rec. Doc. 18145]. In accordance with the Court's Order, the Garretson Resolution Group (the Claims Administrator for the Four Virginia-based Settlements) has issued all Real Property Payments.

On December 6, 2013, Class Counsel filed a Motion for an Order (1) Approving the Other Loss Claim Form and (2) Setting a Deadline of March 17, 2014 for Filing Other Loss Claims in Each of the Four Virginia-Based Chinese Drywall Class Settlements [Rec. Doc. 17308]. On December 9, 2013, the Court issued an Order (1) Approving the Other Loss Claim Form and (2) Setting a Deadline of March 17, 2014 for Filing Other Loss Claims in Each of the Four Virginia-Based Chinese Drywall Class Settlements [Rec. Doc. 17319]. Review of all Other Loss claims is now complete, and Garretson Resolution Group issued Other Loss Determination Notices on April 1, 2015, which claimants have the opportunity to appeal. Upon completion of the appeals process, the Other Loss funds will be allocated among the claimants, and the allocation will be submitted to the Court for review, in preparation for issuing Other Loss payments.

On August 19, 2013, Class Counsel filed a Motion to Establish Various Qualified Settlement Funds (QSFs) and to Appoint Fund Administrator and Depository Bank (Virginia Settlements) [Rec. Doc. 17010].    On September 9, 2013, the Court issued various Orders approving the QSFs [Rec. Docs. 17077 thru 17084].

On February 25, 2014, Class Counsel filed a Motion for an Order Granting Incentive Awards [Rec. Doc. 17460] seeking to award sixteen households for their extraordinary support to the Court during the *Germano* trial and various Virginia state court trial settings.  On May 5, 2014, the Court issued an Order granting the Motion for Order Granting Incentive Awards [Rec. Doc. 17663].

On May 21, 2014, Matthew Garretson, Claims Administrator for the Four Virginia-based Settlements, wrote the Court regarding the Statue of Limitations criteria under Section 10 of the Four Virginia-based Settlements Allocation Plan, document [16800 -7]**,** and the Court issued a Show Cause Order [Rec. Doc. 17703].   On June 23, 2014, the Court issued an Order [Rec. Doc. 17778].

On May 22, 2014, Venture Supply, Inc. and the Porter-Blaine Corporation filed a Notice of Disposal of Physical Evidence [Rec. Doc. 17706].  On June 6, 2014, the PSC filed a Motion to Preclude Disposal of Physical Evidence [Rec. Doc. 17723].   On June 10, 2014, Venture Supply, Inc. and the Porter-Blaine Corporation filed a Memorandum in Opposition to the motion [Rec. Doc. 17733].  On June 18, 2014, the Court entered an Order which states that if the Plaintiffs' Steering Committee finds it necessary to preserve the 20 sheet of Taishan drywall in questions, then they must take over all responsibility for the preservation [Rec. Doc. 17769]. On June 24, 2014, the Plaintiffs' Steering Committee filed a Motion Regarding Disposal of Physical Evidence (Venture Supply, Inc. and Porter-Blaine Corporation) and for Expedited

Consideration [Rec. Doc. 17779]. On July 1, 2014, the Court issued an Order [Rec. Doc. 17813] granting the motion and approving the protocol outlined by the Plaintiffs' Steering Committee. The Plaintiffs' Steering Committee has preserved the drywall in accordance with the protocol.

On November 19, 2014, Class Counsel filed a Motion for Distribution of Settlement Funds relating to the Four Virginia-Based Settlements [Rec. Doc. 18139]. An Order was issued on December 17, 2014 granting the motion [Rec. Doc. 18221] and Garretson Resolution Group has distributed the settlement funds accordingly.

## XII.  PLAINTIFF AND DEFENDANT PROFILE FORMS

On November 3, 2011, the Court entered Pre-Trial Order No. 25 [Rec. Doc. 11151] setting a deadline of November 15, 2011 for the completion and submission of profile forms. On February 6, 2012, the PSC filed a Motion to Compel or Alternatively For Sanctions in Accordance With Pre Trial Order No. 25 for Certain Defendants to Produce Completed Profile Forms [Rec. Doc. 12435]. On February 22, 2012, the PSC filed a First Notice of Errata to the Motion to Compel or Alternatively For Sanctions in Accordance with Pre Trial Order No. 25 for Certain Defendants to Produce Completed Profile Forms [Rec. Doc. 12548].

On March 31, 2015, the PSC filed a Motion for an Order Requiring the BNBM and CNBM Entities to Submit Profile Forms on or Before April 6, 2015 [Rec. Doc. 18575]. On April 1, 2015, the Court granted the motion [Rec. Doc. 18585]. On April 8, 2015, the PSC filed a Motion to Compel Complete Defendant Affilliate/Subsidiary/Parent Manufacturers' Profile Forms from BNBM and BNBM Group [Rec. Doc. 18628]. On April 10, 2015, BNBM and BNBM Group filed an Opposition to the motion.  [Rec. Doc. 18667]. On April 14, 2015, the PSC filed a Reply Brief in Support of Motion to Compel Complete Profile Forms [Rec. Doc.

18709].  This matter was discussed on the May 7, 2015 telephone status conference.  See Minute

Entry [Rec. Doc. 18925].

XIII.  FREQUENTLY ASKED QUESTIONS

The "MDL FAQs" may be found at www.laed.uscourts.gov/Drywall/FAQ.htm.

Liaison counsel reminds the parties to review the FAQs before contacting Liaison Counsel.  The

parties will be prepared to discuss this issue at the monthly status conference on May 20, 2015.

XIV.  MATTERS SET FOR HEARING FOLLOWING THE CURRENT
STATUS CONFERENCE

(1)  Motion to Enforce Injunction Regarding Claims Brought by Daniel and
Shonna Blonsky Against Banner Supply Co. [Rec. Doc. 18495].

XV.  *PRO SE* CLAIMANTS

On November 8, 2011, the Court issued an Order [Rec. Doc. 11327] appointing

Robert M. Johnston of Johnston as the *pro se* curator to assist *pro se* claimants in the MDL

litigation who were seeking information and/or representation.

On March 27, 2015, Plaintiffs' Liaison Counsel and Defendants' Liaison Counsel

filed a Joint Motion to Relieve the Pro Se Curator of his duties [Rec. Doc. 18563].  On April 2,

2015, the Court granted the motion and thanked Mr. Johnston for his excellent service [Rec.

Doc. 18587].

XVI.  PHYSICAL EVIDENCE PRESERVATION ORDER

On October 9, 2009, the Court issued Pre-Trial Order 1(B) relating to the

preservation of physical evidence from properties that may be repaired during the course of these

MDL proceedings.  The PSC, HSC and Knauf have agreed on a revised evidence preservation

order, proposed Pre-Trial Order No. 1(I), that reduces the amount of physical evidence required

to be preserved from a repaired home.  Pre-Trial Order 1I was entered by the Court on January

37

24, 2012 [Rec. Doc. 12257].  The Homebuilders' Steering Committee and the PSC proposed a revised Pre-Trial Order that would amend and modify the preservation and disposal requirements in certain circumstances, and on March 20, 2015 the Court entered Pre-Trial Order 1(J) [Rec. Doc. 18528].  The parties will be prepared to address this matter at the status conference on May 20, 2015.

XVII.  ENTRY OF PRELIMINARY DEFAULT

Pursuant to Minute Entry dated February 23, 2012 [Rec Doc. 12687], the Plaintiffs' Omnibus Motion for Preliminary Default Judgment [Rec. Doc. 11234] and errata thereto [Rec. Doc. 11773, 12265, 12551] was granted.  On February 24, 2012, the Court signed an Entry of Preliminary Default [Rec. Doc. 12599] of defendants listed on Exhibit A attached to the Entry of Preliminary Default.

On July 18, 2012, Plaintiffs filed a Second Omnibus Motion for Preliminary Default Judgment [Rec. Doc. 15412].  An Errata to Plaintiffs' Second Omnibus Motion for Preliminary Default was filed on October 8, 2012 [Rec. Doc. 15898].  On October 10, 2012, the Court granted the motion, but excluded Cornerstone Construction and Distinctive Drywall.  On October 19, 2012, Plaintiffs filed a Third Amended Errata to Plaintiffs' Second Omnibus Motion for Preliminary Default Judgment as to the Defaulting Defendants [Rec. 15972].  On October 26, 2012, the Court granted an Order clarifying which entities were in default [Rec. Doc. 16030]. Homebuilders' Liaison Counsel has received requests from several builders, asking that the Court address personal jurisdiction over the entities identified in the motion for entry of preliminary default prior to the entry of any final default judgment.  On September 12, 2013, Plaintiffs' third Omnibus Motion for Preliminary Default was filed with the Court [Rec. Doc. 17089].  On October 15, 2013, Errata to Plaintiffs' Third Omnibus Motion for Preliminary Default Judgment

was filed with the Court [Rec. Doc. 17172].  On June 5, 2014, an Amended Errata to Plaintiffs' Third Omnibus Motion for Preliminary Default Judgment was filed with the Court [Rec. Doc. 17722].  On January 10, 2014, Plaintiffs' Fourth Omnibus Motion for Preliminary Default Judgment was filed with the Court [Rec. Doc. 17378].  On June 24, 2014, the Plaintiffs' Steering Committee filed the Fifth Omnibus Motion for Preliminary Default [Rec. Doc. 17781].  On June 25, 2014, the Court granted Plaintiffs' Third Omnibus Motion for Preliminary Default [Rec. Doc. 17792], Fourth Omnibus Motion for Preliminary Default [Rec. Doc. 17793], and Plaintiffs' Fifth Omnibus Motion for Preliminary Default [Rec. Doc. 17791].  On June 30, 2014, the Plaintiffs' Steering Committee filed a Motion to Amend/Correct Order Granting Plaintiffs' Third Omnibus Motion for Preliminary Default [Rec. Doc. 17800], which was granted by the Court on July 1, 2014 [Rec. Doc. 17814].  On July 1, 2014, the Plaintiffs' Steering Committee filed a Motion to Amend/Correct Order Granting Plaintiffs' Fourth Omnibus Preliminary Default [Rec. Doc. 17802], which was granted by the Court on July 1, 2014 [Rec. Doc. 17815], and Motion to Amend/Correct Order Granting Plaintiffs Fifth Omnibus Motion for Preliminary Default [Rec. Doc. 17803], which was granted on July 1, 2014 [Rec. Doc. 17816].  The parties will be prepared to discuss this further at the monthly status conference on May 20, 2015.

XVIII.  ALREADY REMEDIATED HOMES

The Already Remediated Homes Committee has met on several occasions to discuss properties that have not yet been resolved.  Plaintiffs' Liaison Counsel and Knauf scheduled meetings in April and May 2014 with various counsel to address deficiencies and resolution of claims for Already Remediated Properties. The parties will be prepared to discuss this further at monthly status conference on May 20, 2015.

XIX.   LOUISIANA ATTORNEY GENERAL

On April 7, 2014, a joint letter submission concerning the Louisiana Attorney General was submitted to the Court.  On April 29, 2014, the parties filed a Joint Scheduling Order concerning amendments to the pleadings and removal from Louisiana state court [Rec. Doc. 17641].  On May 20, 2014, the Court issued a Joint Scheduling Order outlining specific deadline dates [Rec. Doc. 17697].  On June 27, 2014, the State of Louisiana filed a Notice of Compliance with Court Orders [Rec. Doc. 17796].   On September 17, 2014, the State of Louisiana filed a Motion to Amend/Correct Petition [Rec. Doc. 18011] and a Motion to Withdraw Remand [Rec. Doc. 18012].  On September 26, 2014, the Court issued an Order [Rec. Doc. 18027] withdrawing the State of Louisiana's Motion to Remand and an Order [Rec. Doc. 18029] filing the State of Louisiana's Second Amended and Restated Petition.

On June 9, 2014, the State of Louisiana filed a Motion to Prohibit Disposal of Physical Evidence by the Knauf Defendants [Rec. Doc. 17730] and Request for Oral Argument [Rec. Doc. 17732].  On June 18, 2014, the Court entered an Order setting forth that if Knauf incurs additional costs associated with moving or testing the boards, as a result of the Louisiana Attorney General's actions, Knauf should save all receipts and records of these expenses.  If the matter proceeds to trial and the Court determines that the evidence recovered is not relevant to the issues at trial, the Louisiana Attorney General will have to reimburse Knauf for these expenses [Rec. Doc. 17769].  Disposal of the drywall has been completed.  The parties will be prepared to discuss this matter at the monthly status conference on May 20, 2015.

XX.   NEXT STATUS CONFERENCE

The Court has scheduled the next monthly status conference on June 23, 2015 at 9:00 am.

Respectfully submitted,

| | |
|---|---|
| */s/ Leonard A. Davis* | */s/ Kerry Miller* |
| Russ M. Herman (Bar No. 6819) | Kerry Miller (Bar No. 24562) |
| Leonard A. Davis (Bar No. 14190) | James Parish (Bar No. 34017) |
| **Herman, Herman & Katz, LLC** | **Baker, Donelson, Bearman, Caldwell & Berkowitz** |
| 820 O'Keefe Avenue | |
| New Orleans, LA  70113 | 201 St. Charles Ave. |
| PH:  (504) 581-4892 | Suite 3600 |
| FAX:  (504) 561-6024 | New Orleans, LA  70170 |
| **Plaintiffs' Liaison Counsel** | PH:     (504) 566-8646 |
| | FAX:   (504) 585-69468100 |
| | **Defendants' Liaison Counsel** |

## **CERTIFICATE**

I hereby certify that the above and foregoing Joint Status Report No. 68 of Plaintiffs' and Defendants' Liaison Counsel has been served upon all parties by electronically uploading the same to LexisNexis File & Serve Advanced in accordance with Pre-Trial Order No. 6, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF system which will send a Notice of Electronic Filing in accordance with the procedures established in MDL 2047, on this 18th day of May, 2015.

/s/  Leonard A. Davis