UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE:  CHINESE-MANUFACTURED DRYWALL PRODUCTS LIABILITY LITIGATION<br><br>THIS DOCUMENT RELATES TO:<br><br>*Germano v. Taishan Gypsum Co., Ltd., f/k/a Shandong Taihe Dongxin Co., Ltd.*, Case No. 09-6687 (E.D. Va.);<br><br>*Gross v. Knauf Gips, KG*, Case No. 09-6690 (E.D. La.);<br><br>*Wiltz v. Beijing New Building Materials Public Limited Co.*, Case No. 10-361 (E.D. La.);<br><br>*Amorin v. Taishan Gypsum Co., Ltd., f/k/a Shandong Taihe Dongxin Co., Ltd.*, Case No. 11-1672 (S.D. Fl.);<br><br>*Amorin v. Taishan Gypsum Co., Ltd., f/k/a Shandong Taihe Dongxin Co., Ltd.*, Case No. 11-1395 (E.D. La.); and<br><br>*Amorin v. Taishan Gypsum Co., Ltd., f/k/a Shandong Taihe Dongxin Co., Ltd.*, Case No. 11-1673 (E.D. Va.). | MDL NO. 2047<br>SECTION: L<br>JUDGE FALLON<br>MAG. JUDGE WILKINSON |

**MEMORANDUM IN SUPPORT OF TAISHAN'S EMERGENCY MOTION TO COMPEL BROWNGREER PLC'S PRODUCTION OF DOCUMENTS IN COMPLIANCE WITH COURT ORDER**

Nearly six weeks after Taishan first brought its request to the Court's attention, and after weeks of seemingly fruitful communications and exchanges between and among Taishan, the Plaintiffs' Steering Committee ("PSC") and BrownGreer regarding production of these critical documents, BrownGreer has blindsided Taishan with a sudden refusal to produce more than

63,000 documents that had been previously promised. This about-face, just days before the depositions of the PSC's proposed expert and of BrownGreer's own witness, is extremely prejudicial to Taishan's ability to participate in damages discovery and prepare its defense. Immediate production of the requested documents must be compelled.

Plaintiffs now claim they are entitled to $607 million[1] based on the multiplication of two numbers: (a cost per square foot estimate based on the average of two local contractor bids for six single-family houses and a wine cellar in Virginia) x (the estimated total square feet of all purported class buildings). (Inglis May 15, 2015 Declaration at ¶ 8). For the square footage component of the calculation, Plaintiffs' proposed expert George J. Inglis relies solely on BrownGreer. Mr. Inglis also relies on BrownGreer to determine which properties make up the purported class. In his May 15, 2015 declaration, Mr. Inglis explains,

> I have reduced the number of buildings in my damages estimate due to a number of buildings being deleted by BrownGreer. BrownGreer has provided a revised spreadsheet with addresses, names and square footage…. The square footage data was presented to Berman & Wright Architecture, Engineering & Planning, LLC ("Berman & Wright") by BrownGreer PLC.

(Inglis Declaration at ¶ 2). A summary spreadsheet that BrownGreer prepared is the cornerstone of Mr. Inglis' and Plaintiffs' damages calculations. Plaintiffs have committed to calling Jacob Woody of BrownGreer as a witness in their proposed "trial" on class damages on June 9, 2015.[2]

Thus, BrownGreer has played a unique role with respect to the Plaintiffs' class damages claims and calculations. For example, BrownGreer has information regarding remediation of

---

[1] Plaintiffs revised their class damages assessment on Friday, May 15, by submitting a new expert declaration that wipes out approximately one-third of the class and removes from the class damages calculation the Alternative Living Expenses ("ALE") element. [Rec. Doc. 18957]

[2] For reasons set forth in Taishan's Proposed Hearing Plan and Response to the PSC's Second Revised Trial Plan for the Assessment of Class Damages [Rec. Doc. 18881] and Taishan's Motion to Modify Scheduling Order [Rec. Doc. 18957] filed earlier today, Taishan objects to the presentation of any testimony or evidence on June 9.

class properties, as well as the back-up documentation related to property square footage and ownership. BrownGreer is also the exclusive custodian of information about the presence or absence of Taishan drywall in the properties claiming damages. On May 5, 2015, BrownGreer, at the request of the PSC, notified Taishan that it had also "endeavored to determine the total number of properties on the Taishan Class List for which [BrownGreer] had verified the presence of Taishan drywall." (Rec. Doc. 18858-2 at 3).

### A. This Court's Previous Ruling

The importance of information in BrownGreer's custody with respect to assessment of class damages cannot be overstated. Since early March, Taishan has attempted to obtain this critical information. On April 6, 2015, Taishan filed an emergency motion seeking, among other things, "*All information regarding each class member in the custody of…BrownGreer PLC….*" (Rec. Doc. 18598-1 at 2 (emphasis added)). During a telephonic hearing the next day, the Court ruled that this information is discoverable subject only to Knauf's concerns about proprietary data. The Court's ruling was further memorialized in its Minute Entry, which read: "**IT IS FURTHER ORDERED** that Taishan's motion to compel is **GRANTED IN PART AND DENIED IN PART** as explained during the telephone status conference. Although most of discovery that Taishan seeks is relevant for the purposes of discovery, the Settlement Administrator need not turn over any Knauf proprietary information at this time."

### B. Subsequent Agreements and Promises to Produce

In light of this Court's ruling and following oral argument at the April 17 Status Conference, Taishan and Knauf promptly met and conferred, and reached an agreement as to the vast majority of requested documents, as reflected in the April 23 letter to BrownGreer, which is attached as Exhibit A.

On April 23, 2015, Taishan sent a letter to BrownGreer requesting four categories of documents. Request No. 3 stated,

> With respect to the putative 3,852 Taishan class claimants, all data and supporting documentation in BrownGreer's custody, including specific including specific remediation and settlement amounts. For your reference, I have enclosed a spreadsheet copy of Record Document 18086-14, which the PSC previously filed as a list of Taishan class claimants. There is one exception to this request: do not produce any inspection reports conducted by MZA or Benchmark and paid for by Knauf. Knauf objects to the production of those, which will need to be addressed later. In the meantime, it will help Taishan and Knauf work through that issue if you.

Exhibit A at 1. The next day Taishan's counsel spoke with BrownGreer to discuss production logisitics. During that call, BrownGreer stated that it would produce all of the documents requested in Taishan's April 23 letter. On April 29, BrownGreer produced information related to Request No. 4 in the April 23 letter. On or about May 1, BrownGreer told Taishan's counsel that it would begin producing a subset of documents responsive to Request No. 3 – remediation and settlement information related to class members – during the week of May 4. On May 4, Taishan issued a notice for BrownGreer's deposition and requesting documents related to BrownGreer's role in providing materials to the expert. (Rec. Doc. 18816 at 5). On May 5, 2015, the PSC stated in a letter to the Court, "Knauf and BrownGreer have reached an accommodation to produce this information to Taishan only with respect to Taishan class members. This matter is known to BrownGreer and the PSC has no doubt that BrownGreer is promptly acting upon the request." (Rec. Doc. 18821 at 3). That same day, BrownGreer informed Taishan by email that they were prepared to produce "63,000+ documents" responsive to Taishan's request for all data and supporting documentation in BrownGreer's custody for 3,852 putative class members. BrownGreer listed those highly relevant documents by category in a spreadsheet attached to the email. (Rec. Doc. 18858-1 at 2-6). BrownGreer copied the PSC

and Knauf on the email and asked them whether they have any objections to production.  Neither Knauf nor the PSC objected.

On May 6, 2015, the PSC filed an emergency motion for a protective order regarding Taishan's deposition notice to BrownGreer arguing, among other things, that Request No. 7 is "plainly overbroad for seeking 'all' such documents." (Rec. Doc. 18856-1 at 4).  Request No. 7 originally requested "All documents, data and information in your custody regarding the putative Taishan class claimants." (Rec. Doc. 18816 at 5).  On May 11, 2015, BrownGreer and counsel for Taishan conducted a meet and confer.  During this conference BrownGreer confirmed that they were in the process of burning the 63,000+ documents to a disk and would produce those documents as soon as they had been burned to a disk.  BrownGreer stated that they would not be able to produce any *other* documents that were in dispute until after the Court had ruled.  On May 13, 2015, the Court issued an Order striking Request No. 7 based on the PSC's argument that the request is overbroad. (Rec. Doc. 18924).  However, the Court reserved Taishan's right to submit an amended document request and extended the production deadline to May 16, 2015. *Id.*  Taishan exercised its right to amend Request No. 7 and addressed the PSC's concern by limiting the open-ended "all" to: documents, data, and information BrownGreer reviewed or relied upon in preparing, reviewing or revising any list, chart, spreadsheet, or other document at the request of the Plaintiffs' Steering Committee, George Inglis, Ronald Wright, or Tracy Randazzo *since September 1, 2014*.

The PSC has not and cannot object to Taishan's amended request as overbroad.  In fact, last week the PSC requested Taishan's experts to produce documents "which were created, received, or generated or otherwise entered into your possession, custody, or control between *January 1, 2001* and the current date" (Rec. Doc. 18917 at 12 (emphasis added)).  Accordingly,

5

the Court should order BrownGreer to immediately produce all "63,000+ documents" referenced in BrownGreer's May 5, 2015 email, and any additional documents, data or information responsive to amended Request No. 7, including but not limited to, all settlement and remediation information for each class member.

### C. Urgent Need for Documents and Information

Taishan and the Court cannot determine class membership and an accurate assessment of damages without the above-listed information, even though the information is readily available and ready to be produced. There is no authority, in the Federal Rules of Civil Procedure or otherwise, that would allow the Plaintiffs to base a 9-figure damages claim only on a summary of the identities of the class claimants and damages, while denying defendants all access to the available underlying documentation and data. This is not even permissible under Federal Rule of Evidence 1006, which requires production and identification of the underlying documents. In light of BrownGreer's May 26, 2015 deposition, and the approaching damages hearing on June 9, 2015, the Court should grant Taishan's motion and order BrownGreer to produce this relevant information immediately. Accordingly, the Court should grant this motion.

### CONCLUSION

For the reasons set forth above, Taishan respectfully requests that the Court grant its Emergency Motion to Compel BrownGreer's Production of Documents In Compliance With Court Order.

Respectfully submitted this 18th day of May, 2015.

/s Christina Hull Eikhoff
Christina Hull Eikhoff, Esq.
Georgia Bar No. 242539
Bernard Taylor, Esq.
Georgia Bar No. 669625

Michael P. Kenny, Esq.
Georgia Bar No. 415064
ALSTON & BIRD LLP
1201 West Peachtree Street
Atlanta, Georgia 30309
Phone: (404) 881-7000
Fax: (404) 881-7777
christy.eikhoff@alston.com
mike.kenny@alston.com
bernard.taylor@alston.com
*Counsel for Taishan Gypsum Co., Ltd. and Tai'an Taishan Plasterboard Co., Ltd.*

Alan Dean Weinberger
LA Bar No. 13331
HANGARTNER, RYDBERG &
TERRELL, LLC
One Shell Square
701 Poydras St., Suite 310
New Orleans, Louisiana  70179
Phone:  (504) 434-6815
Fax: (504) 522-5689
aweinberger@hanrylaw.com
*Local Counsel for Taishan Gypsum Co., Ltd.
  and Tai'an Taishan Plasterboard Co., Ltd*

## CERTIFICATE OF SERVICE

I hereby certify that the above and foregoing has been served on Plaintiffs' Liaison Counsel, Russ Herman, and Defendants' Liaison Counsel, Kerry Miller, by U.S. mail and e-mail and upon all parties by electronically uploading the same to LexisNexis File & Serve in accordance with Pre-Trial Order No. 6, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2047 on this 18th day of May, 2015.

/s Christina Hull Eikhoff
Christina Hull Eikhoff, Esq.
Georgia Bar No. 242539
ALSTON & BIRD LLP
1201 West Peachtree Street NW
Atlanta, Georgia 30309
Phone: (404) 881-7000
Fax: (404) 881-7777
christy.eikhoff@alston.com
*Counsel for Taishan Gypsum Co., Ltd. and Tai'an Taishan Plasterboard Co., Ltd.*