UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: CHINESE-MANUFACTURED DRYWALL PRODUCTS LIABILITY LITIGATION | MDL NO. 2047<br>SECTION: L |
| THIS DOCUMENT RELATES TO:<br><br>*Germano v. Taishan Gypsum Co., Ltd., f/k/a Shandong Taihe Dongxin Co., Ltd.*, Case No. 09-6687 (E.D. Va.);<br><br>*Gross v. Knauf Gips, KG*, Case No. 09-6690 (E.D. La.);<br><br>*Wiltz v. Beijing New Building Materials Public Limited Co.*, Case No. 10-361 (E.D. La.);<br><br>*Amorin v. Taishan Gypsum Co., Ltd., f/k/a Shandong Taihe Dongxin Co., Ltd.*, Case No. 11-1672 (S.D. Fl.);<br><br>*Amorin v. Taishan Gypsum Co., Ltd., f/k/a Shandong Taihe Dongxin Co., Ltd.*, Case No. 11-1395 (E.D. La.); and<br><br>*Amorin v. Taishan Gypsum Co., Ltd., f/k/a Shandong Taihe Dongxin Co., Ltd.*, Case No. 11-1673 (E.D. Va.) | JUDGE FALLON<br>MAG. JUDGE WILKINSON |

**OPPOSITION OF THE PLAINTIFFS' STEERING COMMITTEE
TO TAISHAN'S MOTION TO MODIFY SCHEDULING ORDER**

Enough is enough. The victims of Taishan's Chinese Drywall have been waiting six years to have their claims for damages heard. Many of these Plaintiffs have been displaced from their homes without redress. The hearing to assess class damages has been postponed twice already in order to allow the defaulted Defendants, who originally opted to sit out of the litigation rather than come in to defend the claims against them, an opportunity to contest

1

Case 2:09-md-02047-EEF-MBN   Document 18963   Filed 05/19/15   Page 2 of 7


Plaintiffs' proofs. That hearing is scheduled to go forward on June 9, 2015, and the Plaintiffs' Steering Committee ("PSC") has been working diligently around-the-clock to meet all deadlines to keep the damages hearing on track.

A detailed stipulated and agreed scheduling order was entered by the Court, providing specific dates for the exchange of expert reports and documents, depositions of experts, an exchange of witness lists and exhibits, briefing on Plaintiffs' proposed hearing plan and quantification of damages, *Daubert* motions, motions *in limine*, and responses thereto [Rec. Doc. No. 18771]. This orderly process was designed so that the hearing on class damages could commence on June 9th. Despite Defendants' delays, the parties are capable of proceeding. From Plaintiffs' perspective, there is nothing that warrants any further postponement of the hearing to assess class damages.

Defendants, on the other hand, continue to make every effort to derail this hearing. At the 11th hour, they have filed a motion seeking to "put off the evidentiary hearing" for some later unspecified date [Rec. Doc. No. 18957]. Incredibly, their stated reasons for further delay include the need to disseminate a supplemental notice to Plaintiffs in order to provide class members with an additional opportunity to opt out – all with the purported claimed aim of giving Plaintiffs the due process they deserve. Defendants also insist they need more time to analyze 64,000 documents in Brown Greer's possession, which allegedly should have been produced to them earlier and are the subject of another Emergency Motion to Compel by Defendants [*see* Rec. Doc. No. 18962].[1] Apparently, these documents consist of every piece of paper ever sent to Brown Greer in this litigation. Brown Greer has already produced to Defendants all Plaintiff Profile Forms and all Taishan Supplemental Evidence Forms in its possession, as well as a

---

[11] This motion was filed late last night. The PSC will respond to this motion separately.

spreadsheet that contains every answer provided in the electronic version of the Taishan Supplemental Evidence Form on Brown Greer's Chinese Drywall Portal.

Defendants' motives for filing this motion are clear. They simply do "not believe there should be any evidentiary hearing for class damages." Taishan Mot. at 3. After Plaintiffs streamlined their damages report to subtract from the formula items of damage the Defendants contended were too individualized, *i.e.*, Alternative Living Expenses ("ALE") and loss of use, and after Plaintiffs eliminated former owners from their calculations based on updated Plaintiff Profile Forms, Defendants crafted a new argument. They now complain that "Plaintiffs have derailed from the damages track that they themselves laid down." *Id*. at 2. On the contrary, Plaintiffs have worked hard to ensure their damages calculations are sound, based on current information, and supported by admissible evidence, because Plaintiffs are interested in recovering for their losses.

No Plaintiff is prejudiced by the revisions and refinements to Plaintiffs' expert report. Although former owners are not included in the class as defined by the Court, they retain their claims for damages against Defendants. These claims will be presented to the Court in due course. Similarly, the PSC has not jettisoned Plaintiffs' claims for loss of use and ALE. Rather, these individual claims will be adjudicated in subsequent phases of the damages hearing, after class damages are quantified. There is no reason to provide an additional opt-out opportunity to Plaintiffs. All of their rights are being protected. It ill behooves Defendants to make feigned efforts to protect the class Plaintiffs. *See Umbriac v. American Snack Food*, 388 F.Supp. 265, 275 (E.D. Pa. 1977) ("It is in the nature of the motion practice on class determination issues that defendants, who naturally have no interest in the successful prosecution of the class suit against them, are called upon to interpose arguments in opposition to class determination motions

3

verbally grounded upon a concern for the 'best' representation for the class while the implicit, but nonetheless real, objective of their vigorous legal assaults is to insure 'no' representation for the class."); *Sley v. Jamaica Water and Utilities, Inc.*, 77 F.R.D. 391, 394 (E.D. Pa. 1977) ("defendants who take such a position on class certification or decertification motions are realistically not concerned with the 'best' representation for the plaintiff class but rather their goal is to ensure 'no' representation").

Defendants seem to be in the issue-creating and problem-generating business. They allege the sky is falling, but on close examination of their motion, Defendants have merely repeated the arguments they already made in their plethora of motions to decertify the class, alter the class certification order, and otherwise challenge Plaintiffs' class damages formula and hearing plan. Their current motion presents nothing new.

The damages hearing is very much on track. The deadline for the filing of witness lists is today, May 19, 2015, even though the parties already have made mutual disclosures of all witnesses in order to schedule and notice their depositions before the deadline of May 26, 2015. The deposition of Plaintiffs' expert George Inglis is going forward today as scheduled. Plaintiffs are taking the depositions of Defendants' experts later this week. Defendants' concern that the parties and the Court are somehow "rush[ing] headlong into a damages assessment hearing" should be seen for what it is – an effort to avoid further, and perhaps forever, a determination of Plaintiffs' claims for damages against defaulted Defendants, who for years deliberately sat on their rights to come into the litigation and defend themselves. Plaintiffs have waited long enough. The Court has expended years of judicial resources overseeing this litigation. Nothing here has been rushed. The time has come to resolve Plaintiffs' claims.

Taishan's Motion to Modify Scheduling Order should be denied.

Dated: May 19, 2015	Respectfully Submitted,

BY:   /s/ Russ M. Herman
Russ M. Herman (LA Bar No. 6819)
Leonard A. Davis (LA Bar No. 14190)
Stephen J. Herman (LA Bar No. 23129)
Herman, Herman & Katz, LLC
820 O'Keefe Avenue
New Orleans, LA 70113
Phone: (504) 581-4892
Fax: (504) 561-6024
ldavis@hhklawfirm.com
*Plaintiffs' Liaison Counsel*
*MDL 2047*

Arnold Levin (on the brief)
Fred S. Longer (on the brief)
Sandra L. Duggan (on the brief)
Matthew Gaughan
Levin, Fishbein, Sedran & Berman
510 Walnut Street, Suite 500
Philadelphia, PA 19106
Phone: (215) 592-1500
Fax: (215) 592-4663
alevin@lfsblaw.com
*Plaintiffs' Lead Counsel*
*MDL 2047*

### PLAINTIFFS' STEERING COMMITTEE

| | |
|---|---|
| Dawn M. Barrios | Peter Prieto |
| Barrios, Kingsdorf & Casteix, LLP | Podhurst Orseck, PA |
| 701 Poydras Street, Suite 3650 | 25 Flagler Street, 8th Floor |
| New Orleans, LA 70139 | Miami, FL 33130 |
| Phone: (504) 524-3300 | Phone: (305) 358-2800 |
| Fax: (504) 524-3313 | Fax: (305) 358-2382 |
| Barrios@bkc-law.com | pprieto@podhurst.com |
| | |
| Daniel E. Becnel, Jr. | Bruce William Steckler |
| Becnel Law Firm, LLC | Steckler LLP |
| 425 W. Airline Highway, Suite B | 12720 Hillcrest Road, Suite 1045 |
| Laplace, LA 70068 | Dallas, TX 75230 |
| Phone: (985) 536-1186 | Phone: (972) 387-4040 |
| Fax: (985) 536-6445 | Fax: (972) 387-4041 |
| dbecnel@becnellaw.com | bruce@stecklerlaw.com |

5

Ervin A. Gonzalez
Colson, Hicks, Eidson
255 Alhambra Circle, Penthouse
Coral Gables, FL 33134
Phone: (305) 476-7400
Fax: (305) 476-7444
ervin@colson.com

Ben W. Gordon, Jr.
Levin, Papantonio, Thomas, Mitchell
  Echsner & Proctor, PA
316 S. Baylen Street, Suite 600
Pensacola, FL 32502
Phone: (850) 435-7000
Fax: (850) 435-7020
bgordon@levinlaw.com

Hugh P. Lambert
The Lambert Firm
701 Magazine Street
New Orleans, LA 70130
Phone: (504) 581-1750
Fax: (504) 529-2931
hlambert@thelambertfirm.com

Jerrold Seth Parker
Parker Waichman, LLP
3301 Bonita Beach Road
Bonita Springs, FL 34134
Phone: (239) 390-1000
Fax: (239) 390-0055
Jerry@yourlawyer.com

Scott Wm. Weinstein
Morgan & Morgan
12800 University Drive, Suite 600
Ft. Myers, FL 33907
Phone: (239) 433-6880
Fax: (239) 433-6836
sweinstein@forthepeople.com

James Robert Reeves
Reeves & Mestayer, PLLC
160 Main Street
Biloxi, MS 39530
Phone: (228) 374-5151
Fax: (228) 374-6630
jrr@attorneys4people.com

Gerald E. Meunier
Gainsburgh, Benjamin, David,
  Meunier & Warshauer, LLC
2800 Energy Centre
1100 Poydras Street
New Orleans, LA 70163-2800
Phone:  (504) 522-2304
Fax: (504) 528-9973
gmeunier@gainsben.com

Christopher Seeger
Seeger Weiss, LLP
77 Water Street
New York, NY 10005
Phone: (212) 584-0700
Fax: (212) 584-0799
cseeger@seegerweiss.com

Daniel K. Bryson
Whitfield, Bryson & Mason, LLP
900 W. Morgan Street
Raleigh, NC 27603
Phone: (919) 600-5000
Fax: (919) 600-5002
dan@wbmllp.com

Richard J. Serpe
Law Offices of Richard J. Serpe
Crown Center, Suite 310
580 East Main Street
Norfolk, VA 23510-2322
Phone: (757) 233-0009
Fax: (757) 233-0455
rserpe@serpefirm.com

Victor M. Diaz, Jr.
V.M. Diaz and Partners, LLC
119 Washington Ave., Suite 402
Miami Beach, FL 33139
Phone: (305) 704-3200
Fax: (305) 538-4928
victor@diazpartners.com

**OF COUNSEL TO PLAINTIFFS' STEERING COMMITTEE**

Richard S. Lewis
HAUSFELD LLP
1700 K Street, N.W., Suite 650
Washington, DC 20006
Phone: (202) 540-7200
Fax: (202) 540-7201
rlewis@hausfeldllp.com

Anthony D. Irpino
IRPINO LAW FIRM
2216 Magazine Street
New Orleans, LA 70130
Phone: (504) 525-1500
Fax: (504) 525-1501
airpino@irpinolaw.com

Andrew A. Lemmon
Lemmon Law Firm, LLC
P.O. Box 904
15058 River Road
Hahnville, LA 70057
Phone: (985) 783-6789
Fax: (985) 783-1333
andrew@lemmonlawfirm.com

## CERTIFICATE OF SERVICE

I hereby certify that the above and foregoing has been served on Defendants' Liaison Counsel, Kerry Miller, by e-mail and upon all parties by electronically uploading the same to LexisNexis File & Serve in accordance with Pre-Trial Order No. 6, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2047 on this 19th day of May, 2015.

Respectfully Submitted,

BY: */s/ Leonard A. Davis*
Leonard A. Davis
Herman, Herman & Katz, LLC
820 O'Keefe Avenue
New Orleans, LA 70113
Phone: (504) 581-4892
Fax: (504) 561-6024
ldavis@hhklawfirm.com

*Plaintiffs' Liaison Counsel*
*MDL 2047*