**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA**

| | | |
|---|---|---|
| ============================= | x | ========================== |
| | x | |
| IN RE: CHINESE-MANUFACTURED | x | MDL NO. 2047 |
| DRYWALL PRODUCTS LIABILITY | x | |
| LITIGATION | x | SECTION: L |
| | x | |
| THIS DOCUMENT APPLIES TO ALL | x | JUDGE FALLON |
| CASES | x | |
| | x | MAG. JUDGE WILKINSON |
| | x | |
| ============================= | x | ========================== |

**MAY 20, 2015 AMENDED AND SUPPLEMENTAL NOTICE OF EXPEDITED
ORAL AND VIDEOTAPED DEPOSITION PURSUANT TO THE COURT'S
DIRECTIVE DURING THE MARCH 17, 2015 SPECIAL HEARING AND
MINUTE ENTRY AND ORDERS [REC.DOC. 18493]**

TO:     Taishan Gypsum Co., Ltd.
          f/k/a Shandong Taihe Dongxin Co., Ltd
          **Through its Counsel**
          Bernard Taylor
          Alston & Bird, LLP (Atlanta)
          One Atlantic Center
          1201 W. Peachtree St.
          Atlanta, GA 30309-3424

**PLEASE TAKE NOTICE** that pursuant to Rules 26 and 30(b)(6) of the Federal

Rules of Civil Procedure, and the Court's Minute Entry and Orders dated March 17, 2015

[Rec. Doc. No. 18493] (provided previously with the 3/19/15 Notice) authorizing

expedited discovery of Taishan and BNBM/CNBM regarding (i) the injunction prong of

the Court's July 17, 2014 Order holding Taishan in contempt of court, criminally and

civilly [Rec. Doc. No. 17869], and (ii) whether there exist alter ego relationships between

and among these entities, to be completed no later than April 28, 2015, plaintiffs, by and

through their undersigned attorneys, the Plaintiffs' Steering Committee in the MDL, will

1

take the deposition of **Taishan Gypsum Co., Ltd. f/k/a Shandong Taihe Dongxin Co., Ltd., starting on June 2, 2015 and continuing thereafter in New Orleans, Louisiana** pursuant to the Court's March 17, 2015 Minute Entry and Order.  The instant notice of oral and videotaped deposition is in addition to the previously noticed depositions and is in no way intended to supplant the prior deposition notices or discovery requests. Pursuant to Fed. R. Civ. P. 30(b)(6), **Taishan Gypsum Co., Ltd. f/k/a Shandong Taihe Dongxin Co., Ltd.** shall designate and produce a designated representative or representatives, as may be required, to testify on behalf of **Taishan Gypsum Co., Ltd. f/k/a Shandong Taihe Dongxin Co., Ltd.** concerning the topics identified in Schedule "A" attached hereto.  Further, the deponent is requested to produce the documents identified in the attached Schedule "A" to which deposition questions will be asked.

**If you are an attorney of record, please email cdw@golkow.com 48 hours prior to the deposition should you desire to participate by stream to view video/text so you may receive a username and password.**

Primary Examiners:     A Member of the PSC, or its designee
Videotaped Deposition: Yes
Call-In Number:        **888-337-8218**
                        **Participant Code:  769758**

The deposition will be taken before a person authorized by law to administer oaths, pursuant to Fed. R. Civ. P. 28, and will continue from day-to-day, upon an expedited basis, until the examination is completed.

Pursuant to directives provided at the status conference on May 27, 2010, a brief explanation of the subject matter expected at this deposition is as follows:  The deposition will be conducted in furtherance of discovery related to the topics identified at the

2

hearing before the Honorable Eldon E. Fallon on March 17, 2015 and in the Court's Minute Entry and Orders dated March 17, 2015. This brief explanation is with full reservation of all rights by the noticing party and is not intended to limit in any way the scope of the deposition noticed herein. Counsel should be aware that all matters may be discovered in the deposition and that the above explanation is made solely in accordance with the directives provided at the status conference. This is an MDL "common" fact witness deposition.

Respectfully submitted,

/s/ Russ M. Herman
**Russ M. Herman** (Bar No. 6819)
Leonard A. Davis (Bar No. 14190)
Stephen J. Herman (Bar No. 23129)
*HERMAN, HERMAN & KATZ, LLC*
820 O'Keefe Avenue
New Orleans, LA 70113
PH: (504) 581-4892
FAX: (504) 561-6024
ldavis@hhklawfirm.com
*Plaintiffs' Liaison Counsel*
*MDL 2047*

Arnold Levin
Fred S. Longer
Sandra L. Duggan
Matthew C. Gaughan
Levin, Fishbein, Sedran & Berman
510 Walnut Street, Suite 500
Philadelphia, PA 19106
PH: (215) 592-1500
FAX: (215) 592-4663
Alevin@lfsblaw.com
*Plaintiffs' Lead Counsel*
*MDL 2047*

## PLAINTIFFS' STEERING COMMITTEE

Dawn M. Barrios
Barrios, Kingsdorf & Casteix, LLP
701 Poydras Street, Suite 3650
New Orleans, LA 70139
Phone: (504) 524-3300
Fax: (504) 524-3313
Barrios@bkc-law.com

Jerrold Seth Parker
Parker Waichman, LLP
3301 Bonita Beach Road
Bonita Springs, FL 34134
Phone: (239) 390-1000
Fax: (239) 390-0055
Jerry@yourlawyer.com

Daniel E. Becnel, Jr.
Becnel Law Firm, LLC
425 W. Airline Highway, Suite B
Laplace, LA 70068
Phone: (985) 536-1186
Fax: (985) 536-6445
dbecnel@becnellaw.com

Scott Wm. Weinstein
Morgan & Morgan
12800 University Drive, Suite 600
Ft. Meyers, FL 33907
Phone: (239) 433-6880
Fax: (239) 433-6836
sweinstein@forthepeople.com

Peter Prieto
Podhurst Orseck, P.A.
25 Flagler Street, 8th Floor
Miami, FL 33130
Phone: (305) 358-2800
Fax: (305) 358-2382
pprieto@podhurst.com

James Robert Reeves
Reeves & Mestayer, PLLC
160 Main Street
Biloxi, MS 39530
Phone: (228) 374-5151
Fax: (228) 374-6630
jrr@attorneys4people.com

Bruce William Steckler
Steckler, LLP
12720 Hillcrest Road, Ste 1045
Dallas, TX 75230
Phone: (972) 387-4040
Fax: (972) 387-404
mailto:bsteckler@baronbudd.com
bruce@stecklerlaw.com

Christopher Seeger
Seeger Weiss, LLP
77 Water Street
New York, NY 10005
Phone: (212) 584-0700
Fax: (212) 584-0799
cseeger@seegerweiss.com

Ervin A. Gonzalez
Colson, Hicks, Eidson
255 Alhambra Circle, Penthouse
Cora Gables, FL 33134
Phone: (305) 476-7400
Fax: (305) 476-7444
ervin@colson.com

Daniel K. Bryson
Whitfield, Bryson & Mason, LLP
900 W. Morgan Street
Raleigh, NC 27603
Phone: (919) 600-5000
Fax: (919) 600-5002
dan@wbmllp.com

Ben W. Gordon, Jr.
Levin, Papantonio, Thomas, Mitchell
 Echsner & Proctor, P.A.
316 S. Baylen Street, Suite 600
Pensacola, FL 32502
Phone: (850) 435-7000
Fax: (850) 435-7020
bgordon@levinlaw.com

Hugh P. Lambert
The Lambert Firm
701 Magazine Street
New Orleans, LA 70130
Phone: (504) 581-1750
Fax: (504) 529-2931
hlambert@thelambertfirm.com

Gerald E. Meunier
Gainsburgh, Benjamin, David, Meunier
 & Warshauer, LLC
2800 Energy Centre, 1100 Poydras Street
New Orleans, LA 70163-2800
Phone: (504) 522-2304
Fax: (504) 528-9973
gmeunier@gainsben.com

Richard J. Serpe, Esquire
Law Offices of Richard J. Serpe
Crown Center, Ste. 310
580 East Main Street
Norfolk, VA 23510-2322
Phone: (757) 233-0009
Fax: (757) 233-0455
rserpe@serpefirm.com

Victor M. Diaz, Jr., Esquire
V.M. Diaz and Partners, LLC
119 Washington Ave, Suite 402
Miami Beach, FL 33139
Phone: (305) 704-3200
Fax: (305) 538-4928
victor@diazpartners.com

## OF COUNSEL TO PLAINTIFFS' STEERING COMMITTEE

Richard S. Lewis
HAUSFELD LLP
1700 K Street, N.W Suite  650
Washington, DC 20006
Phone: (202) 540-7200
Fax:  (202) 540-7201
rlewis@hausfeldllp.com

Anthony D. Irpino
IRPINO LAW FIRM
2216 Magazine Street
New Orleans, LA 70130
Phone: (504) 525-1500
Fax: (504) 525-1501
airpino@irpinolaw.com

Andrew A. Lemmon
Lemmon Law Firm, LLC
P.O. Box 904
15058 River Road
Hahnville, LA 70057
Phone: (985) 783-6789
Fax: (985) 783-1333
andrew@lemmonlawfirm.com

## CERTIFICATE OF SERVICE

I hereby certify that the above and foregoing May 20, 2015 Amended and Supplemental Notice of Expedited Oral and Videotaped Deposition Pursuant to the Court's Directive During the March 17, 2015 Special Hearing has been served on Defendants' Liaison Counsel, Kerry Miller, by U.S. Mail and e-mail or by hand delivery and e-mail and upon all parties by electronically uploading the same to LexisNexis File & Serve in accordance with Pre-Trial Order No. 6, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2047, on this 20th day of May, 2015.

  /s/ Leonard A. Davis
Leonard A. Davis
Herman, Herman & Katz, LLC
820 O'Keefe Ave.
New Orleans, LA  70113
PH:  (504) 581-4892
Fax:  (504) 561-6024
ldavis@hhklawfirm.com

# SCHEDULE A

## DEFINITIONS & INSTRUCTIONS

1.      Responses to this Request shall be in English.

2.      Whenever used in this Request, the following terms shall have the following meanings:

(a)      "Communication(s)" mean(s) the transmittal of information (in the form of facts, ideas, inquiries, or otherwise) and includes but is not limited to letters, memos, faxes, instant messages, text messages and e-mails.

(b)      "Computer" means all devices utilizing microchips to facilitate processing, analysis, or storage of data, including microcomputers (also known as personal computers), laptop computers, portable computers, notebook computers, palmtop computers (also known as personal digital assistants or PDA's), minicomputers and mainframe computers.

(c)      "Concerning" means relating to, referring to, describing, evidencing, embodying, or constituting.

(d)      "Document" is defined to be synonymous in meaning and equal in scope to the usage of this term in Federal Rule of Civil Procedure 34(a), including, without limitation, electronic or computerized data compilations.   Documents shall include all drafts, including drafts with "track changes," and shall be deemed to be separate documents within the meaning of this term.

(e)     "Electronically stored information" or "ESI" means the original (or identical duplicate when the original is not available), and any non-identical copies (whether non-identical because of notes made on copies or attached comments, annotations, marks, transmission notations, or highlighting of any kind) of writings and data compilations in any form, and of every kind and description whether inscribed by mechanical, facsimile, electronic, magnetic, digital, or other means.  ESI includes, by way of example only, computer programs (whether private, commercial, or work-in-progress), programming notes or instructions, activity listings of electronic mail receipts and transmittals, output resulting from the use of any software program, including word processing documents, spreadsheets, database files, charts, graphs and outlines, electronic mail displaying full e-mail alias's (not merely "display names"), electronic calendars, I'm logs, PBX logs, document management system data, operating systems, all metadata, source code of all types, peripheral drivers, PIF files, batch files, ASCII files, and any and all miscellaneous files and file fragments, regardless of the media on which they reside and regardless of whether said ESI consists in an active file, deleted file or file fragment. Electronically stored information includes any and all items stored on computer memories, hard disks, floppy disks, CD-ROMs, removable media such as Zip disks, Jaz cartridges, Bernoulli Boxes and their equivalent, magnetic tapes of all types, microfiche, punched cards, punched tape, computer chips, including,  EPROM, PROM, RAM and ROM, on or in any other vehicle for digital data storage and transmittal.  The term ESI also includes the file, folder tabs and containers and labels appended to, or associated with, any physical storage device associated with each original and copy.

(f)     "Electronic media" means any magnetic or other storage media device used to record electronically stored information.  Electronic media devices may include computer memories, hard disks, floppy disks, CD-ROM, removable media such as Bernoulli Boxes and their equivalent, magnetic tapes of all types, microfiche, punched cards, punched tape, computer chips, including,  EPROM, PROM, RAM and ROM, or on or in any other vehicle for digital data storage and transmittal.

(g)     "Identify" with respect to persons, means to give, to the extent known, the person's full name, present or last known address, and when referring to a natural person, additionally, the present or last known place of employment.  Once a person has been identified in accordance with this subparagraph, only the name of that person need be listed in response to subsequent discovery requesting the identification of that person.

(h)     "Identify" with respect to documents, means to give, to extent known, the (i) type of document; (ii) general subject matter; (iii) date of the document; and (iv) author(s), addressee(s) and recipient(s).

(i)     "Including" or "includes" means including, without limitation.

(j)     "You," or "your" means each of the individual named entities to whom this set of discovery is directed, and any of its domestic or international predecessors in interest, successors in interest, subsidiaries, divisions, subdivisions, affiliates, officers, directors, employees, representatives, independent contractors, consultants, or agents, whether present or former, including but not limited to their attorneys and accountants.

(k)      "Taishan" means Taishan Gypsum Co., Ltd. f/k/a Shandong Taihe Dongxin Co., Ltd.; "TTP" means Tai'an Taishan Plasterboard Co., Ltd.; "BNBM" means Beijing New Building Material Public Limited Company; "BNBM Group" means Beijing New Building Material Group Co., Ltd.; "CNBM" means China National Building Material Company Limited; and "CNBM Group" means China National Building Material Group Corporation.

(l)      "Chinese drywall" relates to drywall, plasterboard, or wallboard manufactured in China.

(m)      "Person" means any natural person or any business, legal, or governmental entity or association.

"Taishan Affiliates and Subsidiaries" shall include the following listed entities, and any of their parents, related entities, subsidiaries, agents and assigns:

(a)      State-owned Assets Supervision and Administration Commission of the State Counsel ("SASAC");
(b)      China National Building Materials Group Co., Ltd. ("CNBM Group");
(c)      China Cinda Asset Management Co., Ltd. ("Cinda");
(d)      China Building Materials Academy;
(e)      Beijing New Building Material Group Co., Ltd. ("BNBM Group");
(f)      China National Building Material Import and Export Company ("CNBM Trading");
(g)      CNBM Forest Products, Ltd.;
(h)      CNBM Forest Products (Canada), Ltd.;
(i)      China National Building Material Co., Ltd. ("CNBM");
(j)      China United Cement Corporation (f/k/a China United Cement Group Corporation, Ltd.) (f/k/a China United Cement Co., Ltd.) ("China United");
(k)      China United Cement Huaihai Co., Ltd. (f/k/a China United Julong Huaihai Cement Co., Ltd.);
(l)      Qingzhou China United Cement Company Limited (f/k/a China United Qingzhou Luhong Cement Co., Ltd.);
(m)      China United Cement Zaozhuang Company, Limited (f/k/a Zaozhuang China United Luhong Cement Co., Ltd.);
(n)      China Composites Group Corp., Ltd. ("China Composites");

(o) Lianyungang Zhongfu Lianzhong Composite Material Group Co., Ltd. ("Zhongfu Lianzhong");

(p) Shanghai Yaohua Pilkington Glass Co., Ltd.;

(q) Changzhou China Composites Liberty Co., Ltd. ("Zhongfu Liberty");

(r) Changzhou China Composites Tianma Fiberglass Products Co., Ltd. ("Zhongxin Tianma");

(s) Changzhou Liberty TOLI Building Material Co., Ltd. ("Liberty TOLI");

(t) China Fiberglass Co., Ltd. ("China Fiberglass");

(u) Jushi Group Co., Ltd. ("Jushi Group");

(v) China Triumph International Engineering Co., Ltd. ("CTIEC");

(w) Nanjing Triumph International Engineering Company Limited (f/k/a China Triumph International Engineering Company Limited) (f/k/a China Triumph Nanjing Cement Technological Engineering Co., Ltd.);

(x) CTIEC Shenzhen Scieno-tech Engineering Co., Ltd.;

(y) China Triumph Bengbu Engineering and Technology Co., Ltd. ("Bengbu Triumph");

(z) CNBM Investment Company Limited (f/k/a BND Co., Ltd.);

(aa) Beijing New Building Material Public Limited Company ("BNBM")

(bb) Beijing New Building Materials Homes Co., Ltd.

(cc) BNBM Suzhou Mineral Fiber Ceiling Company, Limited (f/k/a "Suzhou Tianfeng New Building Material Co., Ltd.")

(dd) Taishan Gypsum Co., Ltd. (f/k/a Shandong Taihe Dongxin Co., Ltd.) ("Taishan");

(ee) Qinhuangdao Taishan Building Materials Co., Ltd. (a/k/a Qinhuang Dao Taishan Building Materials Co., Ltd.);

(ff) Tai'an Taishan Plasterboard Co., Ltd. ("TTP");

(gg) China United Luhong Cement Co., Ltd.;

(hh) China United Nanyang Co.;

(ii) Xingtai China United Ziyan Co., Ltd.;

(jj) China National Building Materials and Equipment Import and Export Corporation ("China Equipment");

(kk) Shenzhen B&Q Decoration & Building Materials Co., Ltd. ("Shenzhen B&Q");

(ll) Beijing Incubator New Material Company Limited;

(mm) Ningbo Beijing New Construction Materials Company Limited;

(nn) Shenzhen Beijing New Real Estate Company Limited;

(oo) United Suntech Craft,Inc.;

(pp) Jiangjin Taishan Gypsum Construction Material Company Limited;

(qq) Hengshui Taishan Gypsum Construction Material Company Limited;

(rr) Dongguan BNBM Housing Design and Engineering Company Limited;

(ss) Beijing Jieruixin Door & Window Company Limited;

(tt)    Chengdu Beijing New Construction Materials Company Limited;
(uu)    Taicang Beijing New Construction Materials Company Limited;
(vv)    Taian Donglian Investment Trading Company Limited;
(ww)    Fuxin Taishan Gypsum Construction Material Company Limited;
(xx)    Zhejiang Wenzhou Taishan Gypsum Construction Material Company Limited;
(yy)    Hebei Taishan Huaao Construction Material Company Limited;
(zz)    CNBM Energy Co., Ltd. ("CNBM Energy");
(aaa)   CNBM Forest Products New Zeland Limited ("Forest Products NZ");
(bbb)   CNBM Forest Products Trading, Ltd.;
(ccc)   CNBM International Corporation;
(ddd)   CNBM International Engineering Co. Ltd;
(eee)   CNBM Technology Co., Ltd.;
(fff)   CNBM International Equipment, Co.;
(ggg)   CNBM USA, Corp.;
(hhh)   CTIEC-TECO;
(iii)   CNBM – CMAX;
(jjj)   CNBM- Parts;
(kkk)   CNBM Solar;
(lll)   BNBM of America, Inc.;
(mmm) BNBMG Metal; and
(nnn)   INTECH Building Co., Ltd.;
(ooo)   Beijing New Building Material Co., Ltd.

3.    The following rules of construction apply to all discovery requests:

(a)    The terms "all" and "each" shall be construed as all and each;

(b)    The connectives "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside of its scope;

(c)    The use of the singular form of any word includes the plural and vice versa; and

(d)    Requests that are stated in the present tense include the past tense and those in the past tense include the present tense.

4.    Unless otherwise specifically stated, this Request encompasses documents, which were created, received, or generated or otherwise entered into your

possession, custody, or control between January 1, 2001 and the current date (the "Relevant Time Period").

5.      Any document falling within the scope of this Request that is withheld on the basis of a claim of privilege, work product, or any other ground is to be identified in a privilege log, produced in an electronic format that allows text searching and organization of data.  You shall produce a privilege log within 5 days after the production of documents for which privilege is asserted to apply.  For each document for which You assert a privilege applies, you must provide in the privilege log: (a) a statement of the ground alleged for withholding such document; (b) the date of the document; (c) the location of any attachments associated with the document and whether the asserted privilege also applies to such attachments; (d) the identity of its author and signatories; (e) the type of document (*e.g.*, letter); (f) a summary of its content; (g) its present location and custodian; and (h) a listing of all persons to whom the contents of such documents have been disclosed and all persons who have or have had possession, custody, or control of the documents (or any portions thereof), pursuant to Federal Rule of Civil Procedure 45(d)(2).  Notwithstanding the assertion of an objection, any purportedly privileged document containing non-privileged matter must be disclosed with the purportedly privileged portion redacted, with the redacted portion indicated on the document itself and listed on the privilege log to be provided pursuant to this paragraph.

To assist in the prompt resolution of disputed claims of privilege, You shall submit to the Court under seal, unredacted copies of all documents for which it asserts a privilege.

6.      If you are unable to comply fully with any of the specific requests, you shall comply to the extent possible and provide an explanation as to why full compliance is not possible.  In the event that any documents called for by this Request were formerly in your possession, custody or control, or have been lost or destroyed, those documents are to be identified in writing as follows:  persons who prepared or authorized the documents indicated or blind copies; dates of preparation or transmittal; subject matter; number of pages, attachments or appendices; all persons to whom distributed, shown or explained; date or dates of loss or destruction; and if destroyed, the manner of destruction, reason for destruction, persons authorizing destruction and persons destroying the documents.

7.      This Request is directed to all documents within your possession, custody or control, or within the possession of any of your agents, or within the possession of any entity associated with you, or within the possession, custody, or control of such entity's directors, officers, agents, servants, employees, consultants, and professionals.

8.      Documents are to be produced in full and in their unexpurgated form. Redacted documents shall not constitute compliance with this Request, unless such documents are redacted pursuant to any claim of privilege as set forth in paragraph 4 above.

9.      Documents shall be produced in their original language (*e.g.*, Mandarin), and, if the original documents are in any language other than English, you shall include translations of such documents into English.

10.      This Request is intended to be consistent with the Federal Rules of Civil Procedure 26 and 34.   This Request is a continuing one and requires further and

supplemental production by you as and whenever you acquire or create additional responsive documents after the time of the initial production hereunder.

11.    All hard copy documents and electronically stored information (ESI) produced in response to this Request shall be organized and labeled either to correspond with the number of the specific request to which the documents are responsive or shall be produced in the order, format, and manner in which they are kept in the usual course of business.  With respect to the production of electronically stored information, all ESI that is demanded is to be produced in its native usable format, as maintained on the computer storage systems, regardless of whether such ESI exists (and/or may have been copied and/or otherwise converted) in more than one electronic format.

## DOCUMENTS TO BE PRODUCED

1.       All documents and communications related to the conduct of any business in the United States, at any time from January 1, 2005 to present, by Taishan, TTP, BNBM, BNBM Group, CNBM, CNBM Group, or any other "Taishan Affiliates and Subsidiaries".

2.       All documents and communications related to control, at any time from January 1, 2005 to present, of Taishan, TTP, BNBM, BNBM Group, CNBM, CNBM Group or any other "Taishan Affiliates and Subsidiaries" by or among each other.

3.       All documents and communications related to collateral estoppel and res judicata matters as a result of any default judgment against Taishan, TTP, BNBM, BNBM Group, CNBM and/or CNBM Group including: a) any notice to Taishan, TTP, BNBM, BNBM Group, CNBM and/or CNBM Group of defective Chinese drywall resulting from Gypsum mined from the Luneng mine in China, b) any notice to Taishan, TTP, BNBM, BNBM Group, CNBM and/or CNBM Group of allegations or complaints of defective Chinese drywall resulting from Gypsum mined from the Luneng mine in China, and c) failure or refusal of Taishan, TTP, BNBM, BNBM Group, CNBM and/or CNBM group to appear and defend themselves from any complaint, petition, lawsuit or default judgment related to litigation or claims in the United States involving Chinese drywall, including the instant litigation.

4.       All documents and communications related to the content and/or matters addressed within any exhibits/documents filed under seal in connection with Plaintiffs' Reply Brief in Support of Motion for Assessment of Class Damages Pursuant to Rule 55(b)(2)(B) (Rec. Doc. 18946 and attachments).

5.      All documents and communications related to any CNBM annual reports, interim annual reports, periodic reports, public announcements, voluntary announcements or press releases from 2005 to present, and all matters therein attributed to, referencing, or applying to Taishan, TTP, BNBM, BNBM Group, CNBM, CNBM Group, or any other "Taishan Affiliates and Subsidiaries".

6.      All Taishan annual reports, interim annual reports, periodic reports, public announcements, voluntary announcements or press releases from 2005 to present.

7.      All documents which evidence, describe or provide the identities (as well as any aliases) and/or titles of any of your past or current board members, chairmen, officers, directors, supervisors, executives, committee members, management staff or legal representatives who, at any time from January 1, 2005 to present, served or worked as a board member, chairman, officer, director, supervisor, executive, committee member, manager or legal representative with or for TTP, BNBM, BNBM Group, CNBM, CNBM Group or any of the other "Taishan Affiliates and Subsidiaries".

8.      All organizational charts which evidence, describe, explain or otherwise show the business relationship(s), at any time during the period of January 1, 2005 to present, between you and any of the following companies or entities: TTP, BNBM, BNBM Group, CNBM, CNBM Group or any of the other "Taishan Affiliates and Subsidiaries".

9.      All documents and communications evidencing, describing, explaining or reflecting any legal proceedings, (including complaints, petitions, lawsuits or appeals in any court, or any alternative dispute resolution processes - such as mediation or arbitration), initiated in the United States at any time from January 1, 2005 to the present

by or on behalf of Taishan, TTP, BNBM, BNBM Group, CNBM, CNBM Group or any of the other "Taishan Affiliates and Subsidiaries".

10.     All documents and communications evidencing, describing explaining or otherwise relating to the delivery and/or service of process upon Taishan, TTP, BNBM, BNBM Group, CNBM or CNBM Group of any complaint, petition or lawsuit related to litigation or claims in the United States involving Chinese drywall, including the instant litigation.

11.     All communications to or from any board member, chairman, officer, director, supervisor, executive, committee member, manager, legal representative, employee or agent of your company or of any other "Taishan Affiliates and Subsidiaries" regarding any litigation or claims in the United States involving Chinese drywall, including the instant litigation.

12.     All documents and communications evidencing, describing, explaining or reflecting any sales, shipments or deliveries of drywall or of any other product to any address in the United States by or on behalf of Taishan, TTP, BNBM, BNBM Group, CNBM, CNBM Group or any of the other "Taishan Affiliates and Subsidiaries" at any time from January 1, 2005 to present.  In connection with same, please <u>also</u> include all documents and communications related to Taishan, TTP, BNBM, BNBM Group, CNBM, CNBM Group: a) shipping or delivering samples of drywall or of any other product to any address in the United States, including insurance and costs of freight for the shipments and/or deliveries, b) using the U.S. Postal Service, FedEx, DHL or any other carrier(s) to ship drywall or any other product to any address in the United States, c) customizing drywall or any other product for a customer in the United States, including

but not limited to labeling, marking and/or identification regarding: standards or certification (e.g., ASTM, UL, etc.), customer information (e.g., name, address, telephone number, logo, etc.), specific coloring, and coding (e.g., UPC bar codes), d) traveling to or visiting (by any employee, executive, agent or representative) the United States for purposes of selling or purchasing (including potential sales or purchases) of drywall or any other product, and e) receptions or meetings (by any employee, executive, agent or representative) in China with customers or potential customers from the United States for purposes of selling or purchasing (including potential sales or purchases) of drywall or any other product.

13.    All communications to or from any board member, chairman, officer, director, supervisor, executive, committee member, manager, or legal representative of your company or of any other "Taishan Affiliates and Subsidiaries" evidencing, involving or otherwise relating to any sale, purchase, delivery, shipment, income, profit, loss, damage, problem or complaint regarding any drywall or any other product manufactured by or on behalf of Taishan, TTP, BNBM, BNBM Group, CNBM or CNBM Group which was sold or delivered to any person or entity in the United States at any time from January 1, 2005 to present.

14.    All documents evidencing, explaining, reflecting or otherwise constituting financial guarantees, loans, payments, money transfers, issuing letters of credit, stock transactions, investments, or public offerings which have taken place from January 1, 2005 to present by or among: a) you and TTP, BNBM, BNBM Group, CNBM, CNBM Group or any of the other "Taishan Affiliates and Subsidiaries", and b) you, TTP, BNBM, BNBM Group, CNBM, CNBM Group or any of the other "Taishan Affiliates

and Subsidiaries" and JP Morgan Chase, Morgan Stanley, UBS or CITI (including any of their affiliates, subsidiaries, branches or related banks doing business in China).

15.     All documents and communications which evidence, describe, explain or otherwise relate to the establishment, registration, incorporation, capitalization, operation, business dealings, income, finances, accounting, address(es), lease(es), employees, officers, directors and/or ownership of: a) BNBM of America, Inc., b) Stone Works, c) BNBM of America, Ltd., an Oregon corporation, and d) United Suntech Craft, Inc.

16.     Regarding each and every request for production herein, the custodial files (*i.e.*, files stored on the custodian's laptop, desktop, tablet, and other individually controlled computers including PDAs, smartphones and cellular phones) of any previously identified 30(b)(6) deponent(s) and any of the following individuals, including: a) Cao Jianglin / Jianglin Cao, b) Wang Bing / Bing Wang, c) Yang Yanjun / Yanjun Yang, d) Jia Jianjun / Jianjun Jia, e) Zhang Nailing / Nailing Zhang, f) Jia Tongchun / Tongchun Jia, g) Zhou Changxin / Changxin Zhou, h) Chen Yu / Yu Chen, i) Peng Wenlong / Wenlong Peng, and j) Che Gang / Gang Che.

17.     All documents responsive to the deposition topics listed below.

## DEPOSITION TOPICS

Pursuant to Rule 30(b)(6), you shall designate and produce for deposition one or more of your officers, directors, managing agents, or other persons who consent to testify on your behalf concerning the following subject matters:

1.     The conduct of any business in the United States, at any time from January 1, 2005 to present, by Taishan, TTP, BNBM, BNBM Group, CNBM, CNBM Group, or any other "Taishan Affiliates and Subsidiaries".

2.      Control, at any time from January 1, 2005 to present, of Taishan, TTP, BNBM, BNBM Group, CNBM or CNBM Group by or among each other.

3.      Collateral estoppel and res judicata matters as a result of any default judgment against Taishan, TTP, BNBM, BNBM Group, CNBM and/or CNBM Group, including: a) any notice to Taishan, TTP, BNBM, BNBM Group, CNBM and/or CNBM Group of defective Chinese drywall resulting from Gypsum mined from the Luneng mine in China, b) any notice to Taishan, TTP, BNBM, BNBM Group, CNBM and/or CNBM Group of allegations or complaints of defective Chinese drywall resulting from Gypsum mined from the Luneng mine in China, and c) failure or refusal of Taishan, TTP, BNBM, BNBM Group, CNBM and/or CNBM group to appear and defend themselves from any complaint, petition, lawsuit or default judgment related to litigation or claims in the United States involving Chinese drywall, including the instant litigation.

4.      The content within any exhibits/documents filed under seal in connection with Plaintiffs' Reply Brief in Support of Motion for Assessment of Class Damages Pursuant to Rule 55(b)(2)(B) (Rec. Doc. 18946 and attachments).

5.      All CNBM annual reports, interim annual reports, periodic reports, public announcements, voluntary announcements and press releases from 2005 to present, and all matters therein attributed to, referencing, or applying to Taishan, TTP, BNBM, BNBM Group, CNBM, CNBM Group, or any other "Taishan Affiliates and Subsidiaries".

6.      All Taishan annual reports, interim annual reports, periodic reports, public announcements, voluntary announcements or press releases from 2005 to present.

7.      The identities (as well as any aliases) and/or titles of any of your past or current board members, chairmen, officers, directors, supervisors, executives, committee members, management staff or legal representatives who, at any time from January 1, 2005 to present, served or worked as a board member, chairman, officer, director, supervisor, executive, committee member, manager or legal representative with or for TTP, BNBM, BNBM Group, CNBM, CNBM Group or any of the other "Taishan Affiliates and Subsidiaries".

8.      All organizational charts which evidence, describe, explain or otherwise show the business relationship(s), at any time during the period of January 1, 2005 to present, between you and any of the following companies or entities: TTP, BNBM, BNBM Group, CNBM, CNBM Group or any of the other "Taishan Affiliates and Subsidiaries".

9.      All legal proceedings, (including complaints, petitions, lawsuits or appeals in any court, or any alternative dispute resolution processes - such as mediation or arbitration), initiated in the United States at any time from January 1, 2005 to the present by Taishan, TTP, BNBM, BNBM Group, CNBM, CNBM Group or any of the other "Taishan Affiliates and Subsidiaries".

10.     The delivery and/or service of process upon Taishan, TTP, BNBM, BNBM Group, CNBM or CNBM Group of any complaint, petition or lawsuit related to litigation or claims in the United States involving Chinese drywall, including the instant litigation.

11.     All communications to or from any board member, chairman, officer, director, supervisor, executive, committee member, manager, legal representative,

employee or agent of your company or of any other "Taishan Affiliates and Subsidiaries" regarding any litigation or claims in the United States involving Chinese drywall, including the instant litigation.

12.     Any sales, shipments or deliveries of drywall or of any other product to any address in the United States by or on behalf of Taishan, TTP, BNBM, BNBM Group, CNBM, CNBM Group or any of the other "Taishan Affiliates and Subsidiaries" at any time from January 1, 2005 to present.  Additionally, any Taishan, TTP, BNBM, BNBM Group, CNBM, CNBM Group: a) shipments or deliveries of samples of drywall or of any other product to any address in the United States, including insurance and costs of freight for the shipments and/or deliveries, b) use of the U.S. Postal Service, FedEx, DHL or any other carrier(s) to ship drywall or any other product to any address in the United States, c) customizing drywall or any other product for a customer in the United States, including but not limited to labeling, marking and/or identification regarding: standards or certification (e.g., ASTM, UL, etc.), customer information (e.g., name, address, telephone number, logo, etc.), specific coloring, and coding (e.g., UPC bar codes), d) traveling to or visiting (by any employee, executive, agent or representative) to the United States for purposes of selling or purchasing (including potential sales or purchases) of drywall or any other product, and e) receptions or meetings (by any employee, executive, agent or representative) in China with customers or potential customers from the United States for purposes of selling or purchasing (including potential sales or purchases) of drywall or any other product.

13.     All sales, purchases, deliveries, shipments, income, profits, losses, damages, problems or complaints regarding any drywall or any other product

manufactured by or on behalf of Taishan, TTP, BNBM, BNBM Group, CNBM or CNBM Group which was sold or delivered to any person or entity in the United States at any time from January 1, 2005 to present.

14.     All financial guarantees, loans, payments, money transfers, issuing letters of credit, stock transactions, investments, or public offerings which have taken place from January 1, 2005 to present by or among: a) you and TTP, BNBM, BNBM Group, CNBM, CNBM Group or any of the other "Taishan Affiliates and Subsidiaries", and b) you, TTP, BNBM, BNBM Group, CNBM, CNBM Group or any of the other "Taishan Affiliates and Subsidiaries" and JP Morgan Chase, Morgan Stanley, UBS or CITI (including any of their affiliates, subsidiaries, branches or related banks doing business in China).

15.     The establishment, registration, incorporation, capitalization, operation, business dealings, income, finances, accounting, address(es), lease(es), employees, officers, directors and/or ownership of: a) BNBM of America, Inc., b) Stone Works, c) BNBM of America, Ltd., an Oregon corporation, and d) United Suntech Craft, Inc.

16.     Regarding every request for production herein, the completeness and accuracy of the custodial files (*i.e.*, files stored on the custodian's laptop, desktop, tablet, and other individually controlled computers including PDAs, smartphones and cellular phones) of any previously identified 30(b)(6) deponent(s) and any of the following individuals, including: a) Cao Jianglin / Jianglin Cao, b) Wang Bing / Bing Wang, c) Yang Yanjun / Yanjun Yang, d) Jia Jianjun / Jianjun Jia, e) Zhang Nailing / Nailing Zhang, f) Jia Tongchun / Tongchun Jia, g) Zhou Changxin / Changxin Zhou, h) Chen Yu / Yu Chen, i) Peng Wenlong / Wenlong Peng, and j) Che Gang / Gang Che.