UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

|  |  |  |
|---|---|---|
| IN RE: CHINESE MANUFACTURED DRYWALL PRODUCTS LIABILITY LITIGATION | : : : : : : : | MDL NO. 2047<br><br>SECTION L<br><br>JUDGE FALLON<br>MAGISTRATE JUDGE WILKINSON |

**THIS DOCUMENT RELATES TO:** ALL CASES

## ORDER AND REASONS

Banner Supply moves to enforce the injunction to bar the claims brought in state court by Plaintiffs Daniel and Shonna Blonsky. (Rec. Doc. 18495). Banner argues that the Banner class action settlement, certified by this Court on February 7, 2013, bars the Blonskys' claims sought in state court. Banner cites the Court-certified definition of the Banner settlement class, which consists of "all persons or entities with claims, *known and unknown*, against the Settling Defendants arising from, or otherwise related to, Chinese Drywall purchased from, supplied, distributed, marketed, used, sold and/or delivered by Banner." (Rec. Doc. 10033-3 2) (emphasis added). Banner further cites the injunction provision of the Banner settlement:

> Any and all Banner Class Members, including, but not limited to, those who have not properly opted out of the Banner Class, are enjoined and forever barred from maintaining, continuing, prosecuting, and/or commencing [] Litigation, Related Actions, Related Claims, or any action, pending or future, against the Banner Settling Defendants that arises from, concerns, or otherwise relates, indirectly or indirectly, to Chinese Drywall. Doc. No. 16570 at p. 25.

Banner argues that the deadline to opt out of the settlement passed and that the Blonskys did not opt out. Thus, Banner argues, the Blonskys are bound by the settlement provisions and are barred from pursuing their present state claims against Banner.

1

Daniel Blonsky responds, arguing that he and his wife cannot be bound by the settlement agreement because their claim had not yet accrued. (Rec. Doc. 18734-1). He argues that neither he nor his wife knew, or had reason to know, that his home had Chinese Drywall until nearly one year after the February 2013 class action settlement. Mr. Blonsky notes that under Florida law, a claim or cause of action does not accrue until "the last element constituting the cause of action occurs." Fla. Stat. § 95.031(1).

Mr. Blonksy cites a case out of a federal district court in Florida in support of his argument, *Haddad v. Arnold*, 784 F. Supp.2d 1284 (M.D. Fla. 2010). *Haddad* arose after the *Dubois* class action litigation. The *Dubois* class involved a settlement class consisting of "all individuals with traumatic brain or spinal cord injuries who the state has already determined or will determine to be eligible to receive services from Florida's Medicaid Waiver Program . . ." 784 F. Supp.2d at 1298. In *Haddad*, the defendant argued that collateral estoppel barred the plaintiff from bringing his action. The court rejected that argument and held that "where a particular claim has not accrued at the time of the earlier proceeding, litigants cannot be said to have a full and fair opportunity to litigate the issues," which is a requirement of collateral estoppel. The court thus found that the plaintiff was not a member of the settling class.

Banner replies, by leave of Court. (Rec. Doc. 18734). They emphasize that the settlement class includes claims that are "known or unknown, filed or unfiled, asserted or as yet unasserted, or existing or contingent" along with "any right legally assertable by the Class or any Class Member now or in the future" and includes those that are "past, present, future, known, unknown, foreseen, unforeseen, [and] contingent." Banner also distinguishes *Haddad* by arguing that the language of the *Dubois* Settlement specifically did not include future claims but was

time limited. Banner argues that the *Dubois* settlement class ended at the end of Fiscal Year 2008-2009, that is June 30, 2009:

> DOH shall make it a priority to seek funding that will be sufficient to expand the TBI/SCI Waiver program by a minimum of 50 slots *for FY 2006-07, 75 slots for FY-2007-08 and 75 slots for FY 2008-09*. DOH shall use its best efforts to have its legislative budget request, with each of *these* stated waiver slot increases for each year, included as part of the Governor's recommended budget and to obtain the necessary legislative support and funding for this expansion of waiver slots. DOH shall support this request and shall use its best efforts to obtain legislative approval of the expansion in each of *these* fiscal years

Therefore, Banner argues, the *Haddad* plaintiff's cause of action was after June 30, 2009, which was outside the scope of the *Dubois* settlement. In contrast, here, Banner argues that the settlement agree specifically contemplates including within the settlement class future unknown claims such as the Blonskys'.

To assess Banner's motion, the Court looks to the facts of this case including the circumstances surrounding the Blonkys' ownership of the house and the Banner settlement agreement. At oral argument, Banner emphasized that the Blonskys owned the home at the time that notices went out for the Banner settlement. Banner further explained that the notices were widely disseminated in Florida, where the Blonskys' home is located and were specifically tailored to give notice to owners like the Blonksys, who at that time did not yet actually know that they had defective drywall. Banner further noted that Mr. Blonsky is an attorney who certainly frequented a Florida courthouse where a notice was posted. Banner further noted that the Blonskys were not otherwise barred from pursuing claims to recover damages, but rather the Blonskys have claims against Knauf in this MDL and against other downstream defendants in state court, such as installers or others.

Banner is correct that the Banner Settlement Class is broadly worded. The broad wording of the Settlement must be squared with the concerns explained in *Haddad* regarding a "full a fair

opportunity" to have participated in the earlier litigation and settlement. Under the circumstances of this case, including the Blonskys' situation and the settlement language, the Court is convinced that the Blonskys received a full and fair opportunity to be heard. The Blonskys owned their affected home at the time notices went out. The circumstances here indicate that the Blonskys can be charged with constructive notice and did not opt out. Their claim against Banner, although unknown at the time to them, constitutes a "claim" *as defined in the Banner Settlement*, notwithstanding Mr. Blonsky's arguments about accrual under Florida law. The Court must analyze the language of the settlement. The Blonskys maintain their other claims against other defendants, but they are barred from their present claim against Banner.

Finally, the Court rejects Mr. Blonsky's argument that the Anti-Injunction Act bars the relief sought by Banner. The Court has already issued an injunction regarding the Banner settlement and explained the reasons why the "necessary aid of jurisdiction" exception to the Anti-Injunction Act applies here. (Rec. Doc. 9415). That exception continues to apply, for the same reasons the Court previously explained. (Rec. Doc. 9415).

Accordingly, **IT IS ORDERED** that Banner's motion to enforce is **GRANTED**.

New Orleans, Louisiana, this 21st day of May, 2015.

_____
UNITED STATES DISTRICT JUDGE