UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

|  |  |  |
|---|---|---|
| IN RE: CHINESE MANUFACTURED DRYWALL PRODUCTS LIABILITY LITIGATION | : : : : : : : | MDL NO. 2047 SECTION L JUDGE FALLON MAGISTRATE JUDGE WILKINSON |

**THIS DOCUMENT RELATES TO:** ALL CASES

## ORDER AND REASONS

Before the Court is Taishan's motion to modify the scheduling order. (Rec. Doc. 18957). Taishan argues that "this litigation is not ready for an evidentiary damages assessment on June 9." Effectively, Taishan is seeking a continuance, without date, of the damages hearing and rather asks that the Court only hear oral argument on July 9 regarding various motions that relate to class damages. In seeking this continuance, Taishan argues that due process concerns require delaying the hearing. First, Taishan argues that the Plaintiffs' Steering Committee ("PSC") must send out a new supplemental notice because the damages model has changed substantially since the class notices were sent. Second, Taishan argues that the "drastically changed" damages model prejudices Defendants and their ability to defend against Plaintiffs' claims for class damages. Third, Taishan said it needs more time to obtain and review critical evidence.

The PSC opposes Taishan's motion, arguing that Plaintiffs have waited six years for a damages hearing and that this hearing has already been postponed twice. (Rec. Doc. 18963). The PSC argues that the class damages hearing is on track and ready for trial.

In assessing this motion, it is helpful to review the backdrop of this litigation. This litigation arises from defective Chinese drywall installed in homes through the Gulf South and East Coast as early as 2005. On June 15, 2009, this Court was designated the Chinese Drywall

1

MDL transferee Court. As the MDL proceeded, Taishan was served and failed to appear. In several cases within the MDL, the Court entered preliminary defaults against Taishan for failure to appear. After affording more than a reasonable amount of time for Taishan to answer or enter an appearance, the Court moved forward with an evidentiary hearing in *Germano v. Taishan Gypsum Co., Ltd*, 09-6687. On May 11, 2010, the Court issued a detailed Findings of Fact and Conclusions of Law entering a Default Judgment against Taishan. Finally, on the last day within its window for appeal in June 2010, Taishan entered an appearance and filed a notice of appeal, making both procedural and substantive arguments, including an assertion that this Court lacked personal jurisdiction over Taishan.

Subsequently, the Fifth Circuit stayed the appeal to allow this Court to assess personal jurisdiction. In October 2010, the parties commenced discovery regarding the issue of personal jurisdiction over Taishan. Discovery was lengthy, however, and lasted almost two years. After a hearing when the issue was ripe, in September 2012 this Court denied Taishan's motion to vacate the default judgment and ruled that it had personal jurisdiction over Taishan. In January and May of 2014, two different panels of the Fifth Circuit affirmed this Court's ruling and held that this Court maintained personal jurisdiction over Taishan. The time for writs of certiorari passed and the issue of personal jurisdiction over Taishan became firmly settled. This Court set a judgment debtor examination for July 17, 2014 and ordered Taishan to appear. Instead of appearing, however, Taishan fired its attorneys and indicated that it was again "withdrawing" from the litigation. The Court held Taishan in contempt of court and, *inter alia*, enjoined Taishan and its affiliates from doing business in the United States until it purged itself of contempt. The Court did not immediately permit Taishan's terminated attorneys to withdraw from the litigation, in

order to ensure that Taishan was on notice of the progress of the proceedings, Taishan's contempt and "withdrawal" notwithstanding.

On September 26, 2014, this Court certified a class of Taishan real property owners under Rule 23(b)(3). The Court so ruled following a motion from the PSC. The motion was unopposed by any party. The Court set a class damages hearing for February 12, 2015. At that hearing, BNBM entered an appearance for the first time in this litigation and asked for a continuance to prepare for a class damages hearing. (Rec. Doc. 18331). The Court granted the request for a continuance. Taishan subsequently entered an appearance with new counsel. CNBM also entered an appearance for the first time in this litigation. On March 17, 2015, the Court ordered Taishan to purge itself of contempt and again continued the damages hearing to April 28, 2015. (Rec. Doc. 18831). Thereafter, the Court granted yet another request for a continuance and set the class damages hearing for June 9, 2015.

Significantly, Taishan's latest request for a continuance comes after: (1) almost one year after it acted in contempt of court and "withdrew" from this litigation for almost eight months; (2) almost six years after the commencement of this MDL; (3) almost ten years after defective drywall began appearing in homes across the United States; and (4) months of delays, continuances, and reasonable accommodations made by the Court regarding the class damages hearing.

Strangely, Taishan first argues that *Plaintiffs'* own due process requires yet another continuance. This argument, however, rings hollow. Notably, the PSC – tasked with advocating for the common benefit of Plaintiffs – vigorously argues that the class damages hearing should go forward on June 9. The PSC notes that Plaintiffs have endured years of uncertainly waiting for resolution of their claims. As explained above, Taishan's actions have been the source of the

six-year delay. For Taishan to argue now that Plaintiffs' due process requires another continuance is a non sequitur. As various other courts have noted, it is not in Plaintiffs' interest to seek such a continuance, but rather it is in Defendants' interest. *See Umbriac v. American Snack Food*, 388 F.Supp. 265, 275 (E.D. Pa. 1977) ("It is in the nature of the motion practice on class determination issues that defendants, who naturally have no interest in the successful prosecution of the class suit against them, are called upon to interpose arguments in opposition to class determination motions verbally grounded upon a concern for the 'best' representation for the class while the implicit, but nonetheless real, objective of their vigorous legal assaults is to insure 'no' representation for the class."); *Sley v. Jamaica Water and Utilities, Inc.*, 77 F.R.D. 391, 394 (E.D. Pa. 1977) ("[D]efendants who take such a position on class certification or decertification motions are realistically not concerned with the 'best' representation for the plaintiff class but rather their goal is to ensure 'no' representation."). The Court would be hard-pressed to give Taishan yet another delay of these proceedings.

Even in assessing the merits of Taishan's arguments, the Court finds no due process violation in proceeding as planned on June 9. After the Court certified a class of Taishan homeowners under Rule 23(b)(3), it authorized both a notice and a supplemental notice to class members. After both notices issued and the opt-out periods passed, almost no Plaintiffs opted out. At oral argument, the PSC noted that it had received only one opt-out. The Court is satisfied that these notices were sufficient. Although Taishan argues that the PSC has recently made substantial changes to its damages model, the Court finds that the any recent refinement of the PSC's damages model does not alter the sufficiency of the notice that has gone out. Taishan focuses its argument on two refinements: (1) the PSC's decision to later pursue Alternative Living Expenses ("ALE damages") on an individualized basis instead of pursing ALE damages

now on a classwide basis and (2) updated calculations of expert Mr. George Inglas. As to the first argument, notably the PSC is not abandoning pursuit of ALE damages. Rather, it simply is delaying pursuit of ALE damages to a future individualized phase of this litigation. Plaintiffs with ALE damages claims can still pursue those claims at a later date. As to Taishan's second argument, a refined method of calculating class damages similarly does not require a new notice here, even if the number of buildings included within the damages calculation has changed. The PSC has not changed the class definition. Taishan has not explained how Plaintiffs' legal rights are otherwise being compromised. Taishan has cited to no binding precedent that the PSC's refinement of its damages model requires yet another supplemental class notice here. Just as with ALE damages, the refined method of calculating class damages does not preclude any plaintiffs from pursuing their legal claims or from receiving compensation for their damages. Therefore, the Court holds that the prior class notices remain sufficient under both Rule 23(c)(2) and Rule 23(d)(2) to inform Plaintiffs about the nature of the litigation, the class claims, and their legal rights. *See Turner v. Murphy Oil USA, Inc* 2006 WL 286009, *2 (E.D. La. Feb. 6, 2006).

      The Court similarly rejects Taishan's last argument that it needs more time to obtain and review critical evidence. Aside from Taishan's years of ignoring these proceedings, the Court has given the parties a number of months, and continuances, to prepare for the damages hearing. The Court also notes that at the May Monthly Status Conference it resolved the issue of the Brown Greer documents that Taishan notes it needs. (Rec. Doc. 18980). Therefore, the Court finds that Taishan has had sufficient time to obtain and review evidence.

      In sum, the Court finds that due process does not require another continuance. Rather, the Court gives credence to the PSC's concerns that yet another delay would prejudice Plaintiffs and would not further the interest of justice. Again and again, the Court has afforded Taishan more

than reasonable accommodations, but the damages hearing must now go forward. Taishan cannot ask for another delay on the eve of the damages hearing.

**IT IS ORDERED** that Taishan's motion is **DENIED**.

New Orleans, Louisiana, this 26th day of May, 2015.

_____
UNITED STATES DISTRICT JUDGE