IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: CHINESE-MANUFACTURED DRYWALL PRODUCTS LIABILITY LITIGATION | : : : | MDL NO.: 2047 |
| | : | SECTION: L |
| **This Document Relates To:** | : | JUDGE FALLON |
| | : | MAG. JUDGE |
| | : | WILKINSON |
| **Braxton H. Collins, et al. vs. Bass Homes, Inc., et al.; S.D. Mississippi, C.A. No. 1:13-00297** | : : | **Case No.: 13-6652** |

_____

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: CHINESE-MANUFACTURED DRYWALL PRODUCTS LIABILITY LITIGATION | : : : | MDL NO.: 2047 |
| | : | SECTION: L |
| **This Document Relates To:** | : | JUDGE FALLON |
| | : | MAG. JUDGE |
| | : | WILKINSON |
| **Jason S. Herrington, et al. vs. Bass Homes, Inc., et al.; S.D. Mississippi, C.A. No. 1:13-00297** | : : | **Case No.: 13-6653** |

_____

**THIRD PARTY PLAINTIFF ACE HOME CENTER, INC.'S MEMORANDUM IN SUPPORT OF MOTION FOR DEFAULT JUDGMENT AGAINST TAISHAN GYPSUM CO., LTD. and DEVON INTERNATIONAL INDUSTRIES, INC., f/k/a DEVON INTERNATIONAL TRADING, INC., a/k/a DEVON BUILDING PRODUCTS**

COMES NOW, Ace Home Center, Inc. ("AHC"), a defendant and third-party plaintiff in the above-styled actions, and files its Memorandum in Support of Motion for Default Judgment Against Taishan Gypsum Co., Ltd. ("Taishan") and Devon International Industries, Inc., f/k/a Devon International Trading, Inc., a/k/a Devon Building Products ("Devon"), as follows:

On September 19, 2014, AHC filed its First Amended Third Party Complaint naming Taishan and Devon as third party defendants in this matter. AHC perfected service of the First

Amended Third Party Complaint on Taishan on September 24, 2014.[1] (See Certified Mail receipt and accompanying USPS report, attached hereto as Ex. "A"). AHC perfected service of the First Amended Third Party Complaint on Third Party Defendant Devon on September 28, 2014. (See Certified Mail Receipt, attached hereto as Ex. "B"). To date, Taishan and Devon have both failed to answer or otherwise respond to the Third Party Complaint. Accordingly, and pursuant to Fed. Rule Civ. Proc. 55, AHC requests that this Court enter default and grant default judgment against Taishan and Devon in favor of AHC.

The entry of a default judgment is governed by Fed. R. Civ. Proc. 55, which states in pertinent part:

> When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default. ..
>
> [In cases where the plaintiff's claim is for a sum that is not certain and cannot be made certain by computation], the party must apply to the court for a default judgment. .. If the party against whom a default judgment is sought has appeared personally or by a representative, that party or its representative must be served with written notice of the application at least 3 days before the hearing ...

Fed. Rule. Civ. Proc. 55. Pursuant to Fed. Rule Civ. Proc. 12, a defendant must serve an answer within 20 days after being served with the summons and complaint. Fed. R. Civ. Proc. 12(a)(1)(A)(i).

Taishan and Devon have failed to respond to AHC's third party complaint or otherwise defend this matter. As the Fifth Circuit has explained, mere acceptance of service does not constitute an appearance for purposes of Fed. R. Civ. Proc. 55(b)(2). *Rogers v. Hartford Life and*

---

[1] Service was perfected on Taishan through Taishan's counsel, Richard C. Stanley, Esq. and Thomas P. Owen, Jr., Esq. of Stanley, Reuter, Ross, Thornton & Alford, LLC 909 Poydras Street, Suite 2500, New Orleans, Louisiana 70112, pursuant to this Court's Order of June 25, 2014 [Document 17790] granting Plaintiffs' Steering Committee's Motion to Approve Alternative Service of Process Pursuant to Fed.R.Civ.P. 4(f)(3).

*Ace. Ins. Co.*, 167 F.3d 933, 937 (5th Cir. 1999). Thus, AHC need not notify Taishan or Devon of the present motion for default.

Taishan has proffered no excuse for its failure to respond to the First Amended Third Party Complaint. Accordingly, by the plain language of Fed. Rules Civ. Proc. 12 and 55, AHC is entitled to an entry of default and default judgment against Taishan.

On September 29, 2014, Devon's General Counsel sent correspondence to Counsel for AHC acknowledging receipt of the First Amended Complaint and advising that Devon had filed for bankruptcy in the Eastern District of Pennsylvania. (September 29, 2014 Letter, attached hereto as Ex. "C"). AHC then filed its "Motion For Relief from the Automatic Stay Pursuant to §362 of the Bankruptcy Code to Liquidate a Personal Injury Matter of Ace Home Center, Inc." with the U.S. Bankruptcy Court for the Eastern District of Pennsylvania. (Motion for Relief from Stay, attached hereto as Ex. "D"). On December 17, 2014, the United States Bankruptcy Court for the Eastern District of Pennsylvania executed an Order granting AHC permission to join Devon as a third party defendant in the two above-styled matters, and ruling that "once joined in these two matters, all appropriate parties may pursue claims against Devon International Industries, Inc., and obtain judgment against it, but only up to the amount of all applicable insurance coverage available to Devon International Industries, Inc." (December 17, 2014 Order, attached hereto as Ex. "E").

On February 23, 2015, this Court entered an Order joining Devon as a third-party defendant in the above-styled actions and directing Devon to respond to Ace Home Center's Third Party Complaints within 21 days from entry of the Order. On April 6, 2015, Counsel for AHC sent correspondence to Devon's General Counsel advising that Devon had been re-consolidated as a Third Party Defendant in the above-styled causes and requesting that Devon

proceed with answering AHC's Third Party Complaint. (Correspondence of April 6, 2015, attached hereto as Ex. "F"). To date, Devon has failed to file a responsive pleading to AHC's Amended Third Party Complaint. Accordingly, by the plain language of Fed. Rules Civ. Proc. 12 and 55, AHC is entitled to an entry of default and default judgment against Devon.

### Conclusion

In view of Third Party Defendants Taishan and Devon's failure to file answers or otherwise respond to AHC's Amended Third Party Complaint filed September 19, 2014, AHC respectfully requests that this Court grant default judgment in its favor. AHC respectfully requests leave to prove damages hereafter. AHC requests such other, further relief deemed appropriate by the Court.

Respectfully submitted,

*/ s / Danny J. Collier, Jr.*
_____
Danny J. Collier, Jr., Esq.
Attorney for Ace Home Center, Inc.

**OF COUNSEL:**

LUTHER, COLLIER, HODGES & CASH LLP
Post Office Box 1002
Mobile, Alabama 36633
(251) 694-9393 Office
(251) 694-9392 Fax
dcollier@lchclaw.com

## **CERTIFICATE OF SERVICE**

      I hereby certify that the above and foregoing has been served on Plaintiffs' Liaison Counsel, Russ Herman and Defendants' Liaison Counsel, Kerry Miller, by U.S. Mail and e-mail or by hand-delivery upon all parties by electronically uploading the same to Lexis Nexis File & Serve in accordance with Pretrial Order No. 6, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2047, on this 26th day of May, 2015.

Stephen W. Mullins, Esq.
Luckey & Mullins, PLLC
Post Office Box 990
Ocean Springs, MS 39566
smullins@luckeyandmullins.com

David C. Coons, Esq.
Christopher A. D'Amour, Esq.
Adams and Reese LLP
4500 One Shell Square
New Orleans, LA 70139
david.coons@arlaw.com
chris.damour@arlaw.com

Heather M. Houston, Esq.
Caroline Pryor, Esq.
Carr Allison
6251 Monroe Street
Suite 200
Daphne, Alabama 36526
hhouston@carrallison.com
cpryor@carrallison.com

S. Wesley Pipes, Esq.
Pipes Hudson & Watts, LLP
Post Office Box 989
Mobile, Alabama 36601
wesley@pipeshudsonwatts.com

Gary J. Russo, Esq.
Jones Walker LLP
600 Jefferson Street
Suite 1600
Lafayette, LA 70501
grusso@joneswalker.com

Richard C. Stanley, Esq.
Thomas P. Owen, Jr., Esq.
Stanley, Reuter, Ross, Thornton & Alford, LLC
909 Poydras Street
Suite 2500
New Orleans, Louisiana 70112
rcs@stanleyreuter.com
tpo@stanleyreuter.com

Joe Cyr, Esq.
Frank T. Spano, Esq.
Courtney L. Colligan, Esq.
Hogan Lovells US LLP
875 Third Avenue
New York, New York 10022
Joe.cyr@hoganlovells.com
Frank.spano@hoganlovells.com
Courtney.colligan@hoganlovells.com

---

Case No.: 13-6652/13-6653
Our File No.: 13-053/13-052
Page **5** of **6**

Michael P. Kenny, Esq.
Bernard Taylor, Esq.
Christina Hull Eikhoff, Esq.
David Venderbush, Esq.
ALSTON & BIRD LLP
1201 West Peachtree Street
Atlanta, Georgia 30309
Phone: (404) 881-7000
Fax: (404) 881-7777
mike.kenny@alston.com

Alan Dean Weinberger
HANGARTNER, RYDBERG & TERRELL, LLC
One Shell Square
701 Poydras St., Suite 310
New Orleans, Louisiana 70179
Phone: (504) 434-6815
Fax: (504) 522-5689
aweinberger@hanrylaw.com

/ s / *Danny J. Collier, Jr*
_____
OF COUNSEL

---

Case No.: 13-6652/13-6653
Our File No.: 13-053/13-052
Page **6** of **6**