UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: CHINESE-MANUFACTURED DRYWALL PRODUCTS LIABILITY LITIGATION | MDL NO. 2047<br>SECTION: L<br>JUDGE FALLON<br>MAG. JUDGE WILKINSON |
| THIS DOCUMENT RELATES TO:<br><br>*Germano v. Taishan Gypsum Co., Ltd., f/k/a Shandong Taihe Dongxin Co., Ltd.*, **Case No. 09-6687 (E.D. Va.);**<br><br>*Gross v. Knauf Gips, KG*, **Case No. 09-6690 (E.D. La.);**<br><br>*Wiltz v. Beijing New Building Materials Public Limited Co.,* **Case No. 10-361 (E.D. La.);**<br><br>*Amorin v. Taishan Gypsum Co., Ltd., f/k/a Shandong Taihe Dongxin Co., Ltd.*, **Case No. 11-1672 (S.D. Fl.);**<br><br>*Amorin v. Taishan Gypsum Co., Ltd., f/k/a Shandong Taihe Dongxin Co., Ltd.*, **Case No. 11-1395 (E.D. La.); and**<br><br>*Amorin v. Taishan Gypsum Co., Ltd., f/k/a Shandong Taihe Dongxin Co., Ltd.*, **Case No. 11-1673 (E.D. Va.).** | |

**MEMORANDUM IN SUPPORT OF TAISHAN'S OMNIBUS MOTION TO STRIKE
PLAINTIFFS' PROPOSED EXHIBITS FOR JUNE 9, 2015 HEARING**

On June 9, 2015, the Court has scheduled a one-day hearing (the "June 9 Hearing") on the legal and factual sufficiency of the Plaintiffs' Motion for Assessment of Class Damages. (Rec. Doc. 18086). As revealed by their Reply Brief in Support of Motion for Assessment of Class Damages (Rec. Doc. 18958), the Plaintiffs have shifted the nature of their original class damages request and now intend to seek aggregate damages, on behalf of a modified class of

2,888 property owners, for remediation costs.[1] The Plaintiffs have given notice that they intend to call only two witnesses – Jake Woody of BrownGreer PLC, a designated fact witness who received a collection of hearsay documents and had some input into the preparation of serial summary spreadsheets for the Plaintiffs, and George Inglis, the Plaintiffs' designated expert who bases his opinions on BrownGreer's spreadsheets.

Notwithstanding the very limited evidentiary scope of the June 9 Hearing, the Plaintiffs have submitted a massive exhibit list as well as a list of court records that the Plaintiffs intend to present as the "record" for this hearing, as requested in the Plaintiffs' Declaration of Russ M. Herman (which itself is hearsay) (Rec. Doc. 18988; 18986).[2] As outlined below, virtually all of these exhibits and court records are inadmissible under the Federal Rules of Evidence and should be excluded from introduction at the scheduled June 9 Hearing.

For example, the Plaintiffs have designated more than a thousand documents as potential exhibits or "record" entries for the June 9 Hearing – including hundreds of motions, briefs, exhibits and other court filings from the unrelated *Germano* and *Hernandez* trials. (Rec. Doc. 18988; 18986) (Plaintiffs' "Proposed Exhibits"). Examples of the type of irrelevant exhibits designated by the Plaintiffs include, but are not limited to:

---

[1] Plaintiffs' Motion for Assessment of Class Damages, which Plaintiffs have not amended, requests, on behalf of a class of more than 3,800 property owners, three components of damages: remediation costs, alternative living expenses, and loss of use and enjoyment. However, Plaintiffs latest Reply Brief indicates that they no longer intend to pursue class damages as to alternative living expenses or loss of use and enjoyment and have removed approximately 1000 plaintiffs from the class.

[2] Mr. Herman's Declaration improperly requests the Court to take judicial notice of thousands of pages of unrelated past court filings. Like the documents listed in Plaintiffs' Exhibit List, the Plaintiffs must properly introduce the documents in Mr. Herman's Declaration on June 9 and attempt to lay a foundation for their admissibility. The Plaintiffs give no explanation of why the documents should be part of the June 9 Hearing's record or why they should be allowed to enter these documents into the record outside of the evidentiary hearing.

- Physical samples of wire, piping, refrigerator components, and plumbing from the *Hernandez* trial.

- Scientific studies and government reports related to corrosion and air quality.

- Hundreds of photographs of properties that are not parties to the June 9 Hearing.

- Fur coat cleaning bills, alternative living expense payments, water bills, electric bills and window cleaning invoices of non-party property owners.

- Annual Reports from Defendants and correspondence with prior Taishan counsel which is entirely unrelated to assessment of remediation damages of these 2,888 properties.

The documents listed above as well as hundreds of other potential exhibits listed by the Plaintiffs are irrelevant and therefore inadmissible under the Federal Rules of Evidence. Rule 401 requires admissible evidence to be "of consequence in determining the action." Plaintiffs' indiscriminant designation of all materials ever filed in the *Germano* and *Hernandez* trial is plainly irrelevant to the June 9 Hearing; those exhibits and transcripts are of no consequence to determining the remediation costs for the Plaintiffs' 2,888 defined properties. This is also true of the Plaintiffs' attempt to designate past Annual Reports from the Defendants and email correspondence between counsel and the Defendants as potential exhibits. Those documents and items have "no tendency to make a fact more or less probable" in the June 9 Hearing and they should be excluded as irrelevant under Rule 401.

The Plaintiffs' attempt to designate more than a thousand irrelevant documents from unrelated proceedings as potential exhibits is a textbook example of why Federal Rule of Evidence 403 permits courts to exclude even relevant evidence that threatens to confuse, cause undue delay, or waste the Court's time. This prudent Rule applies with even greater force to

3

evidence that has no bearing whatsoever on the narrow issue presented to the Court for resolution.

Irrelevance and waste are not the only evidentiary flaws in the Plaintiffs' massive exhibit list. The Plaintiffs' proposed exhibit list contains hundreds of inadmissible hearsay documents. Rather than laying foundation for applicable hearsay exceptions under Federal Rule of Evidence 803 and authenticity under Rule 901, it appears that the Plaintiffs intend to introduce these exhibits either through witnesses without knowledge of them or to simply present them to "form the record" as requested in the Plaintiffs' Declaration of Russ M. Herman. (Rec. Doc. 18986). Neither route is permissible.  Rule 801 requires out-of-court statements offered "to prove the truth of the matter asserted" to satisfy one of the exceptions under Rule 803 to be admissible. Fed. R. Evid. 801.  Similarly, Rule 901 requires a party to "produce evidence sufficient to support a finding that the item is what the proponent claims it is", which can be established through the "testimony of a witness with knowledge." Fed. R. Evid. 901.  The Plaintiffs cannot satisfy these evidentiary burdens through Mr. Inglis or Mr. Woody and, therefore, all documents outside of the scope of these witnesses' knowledge and outside of Rule 803's hearsay exceptions must be excluded.

The Plaintiffs have designated a number of spreadsheets, charts, and summaries that were formed using detailed, underlying documentation to form the Plaintiffs' damages calculations. Rule 1006 requires that the proponent of such a "summary, chart, or calculation" provide the originals or duplicates used to form the summary to the opposing party for examination. Fed. R. Evid. 1006. The authenticity of these kinds of summaries cannot be established unless the Plaintiffs satisfy this requirement. To date, the Plaintiffs have failed to produce all of the underlying data that helped form the spreadsheet created by BrownGreer that informs Mr.

4

Inglis's expert opinions and the Plaintiffs' aggregate damages figure. For this reason, any spreadsheets or summaries that Plaintiffs have designated as potential exhibits must be excluded under Rule 1006.

Finally, the Plaintiffs' designation of more than a thousand documents as potential exhibits is fundamentally unfair to Taishan and has left it with a little over two weeks to review all of these irrelevant exhibits. Rather than preparing for the June 9 Hearing, Taishan is left to devote significant resources to determining which, if any, of these exhibits the Plaintiffs will actually present as evidence at trial and how the Plaintiffs will attempt to admit this evidence without any apparent supporting witness to authenticate them. The Plaintiffs' Proposed Exhibits are not a good-faith attempt to designate the documents that they realistically intend to introduce in a one-day proceeding. Instead, the Plaintiffs appear to be flooding the record with thousands of documents and potential exhibits to hide their actual, intended exhibits from the Defendants' scrutiny.

For these reasons, Taishan respectfully requests that the Court grant this Motion to Strike and exclude Plaintiffs' Proposed Exhibits.

Dated:  May 27, 2015

Respectfully submitted,

/s Michael P. Kenny
Bernard Taylor, Esq.
Georgia Bar No. 669625
Michael P. Kenny, Esq.
Georgia Bar No. 415064
Christina Hull Eikhoff, Esq.
Georgia Bar No. 242539
David Venderbush, Esq.
New York Bar No. 2920817
ALSTON & BIRD LLP

5

1201 West Peachtree Street
Atlanta, Georgia 30309
Phone: (404) 881-7000
Fax: (404) 881-7777
mike.kenny@alston.com
*Counsel for Taishan Gypsum Co., Ltd. and Tai'an Taishan Plasterboard Co., Ltd.*

Alan Dean Weinberger
LA Bar No. 13331
HANGARTNER, RYDBERG & TERRELL, LLC
One Shell Square
701 Poydras St., Suite 310
New Orleans, Louisiana  70179
Phone:  (504) 434-6815
Fax: (504) 522-5689
aweinberger@hanrylaw.com
*Local Counsel for Taishan Gypsum Co., Ltd. and Tai'an Taishan Plasterboard Co., Ltd.*

## CERTIFICATE OF SERVICE

I hereby certify that the above and foregoing has been served on Plaintiffs' Liaison Counsel, Russ Herman, and Defendants' Liaison Counsel, Kerry Miller, by U.S. mail and e-mail and upon all parties by electronically uploading the same to LexisNexis File & Serve in accordance with Pre-Trial Order No. 6, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2047 on this 27th day of May, 2015.

    /s Michael P. Kenny
Michael P. Kenny, Esq.
Georgia Bar No. 415064
ALSTON & BIRD LLP
1201 West Peachtree Street NW
Atlanta, Georgia 30309
Phone: (404) 881-7000
Fax: (404) 881-7777
mike.kenny@alston.com
*Counsel for Taishan*