**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| IN RE: CHINESE-MANUFACTURED DRYWALL PRODUCTS LIABILITY LITIGATION | MDL NO. 2047 SECTION: L JUDGE FALLON MAG. JUDGE WILKINSON |
| THIS DOCUMENT RELATES TO: *ALL CASES* | |

**TAISHAN'S MEMORANDUM IN SUPPORT OF ITS MOTION FOR**
**PROTECTIVE ORDER LIMITING SCOPE OF 30(B)(6) DEPOSITION**

Taishan Gypsum Co., Ltd. and Tai'an Taishan Plasterboard Co., Ltd. (collectively, "Taishan") move this Court to enter a Rule 26 protective order limiting the scope of the initial phase of the 30(b)(6) deposition of Taishan that has been noticed for June 2–4, 2015. As this Court has ordered, discovery in the MDL is actively progressing along three parallel "tracks": (1) discovery related to whether Taishan and any of its affiliates or subsidiaries complied with this Court's July 17, 2014 Order [Rec. Doc. No. 17869] ("Contempt Order") enjoining Taishan from doing business in the United States ("Contempt Track"); (2) discovery related to the PSC's motion to set classwide damages, which is scheduled for hearing on June 9, 2015 ("Damages Track"); and (3) discovery related to motions filed by BNBM Group regarding issues such as alter ego, service of process, jurisdiction, and sovereign immunity ("Alter Ego Track"). Taishan requests a protective order limiting the scope of the initial phase of the 30(b)(6) deposition to the Contempt Track, which was narrowly tailored by this Court to include the following topics: (1) the identities of any affiliates or subsidiaries of Taishan Gypsum Co., Ltd., and (2) whether Taishan or any of its affiliates or subsidiaries conducted business in the United States in violation

of the Contempt Order.  Transcript of April 17, 2015 Status Conference [Rec. Doc. No. 18764],

at 7; Transcript of April 24, 2015 Status Conference [Rec. Doc. No. 18754], at 23.

   Taishan has been preparing its witness for the 30(b)(6) deposition noticed for June 2–4,

2015 based on this Court's specific holding during the April 17, 2015 status conference that the

subject matter of the deposition be limited to contempt:

> I'm not interested in whether Taishan has any money – they've
> paid their money at this point, their judgment – but I'm interested
> in knowing whether either they or their affiliates did business in
> the United States during that period of time, namely between July
> 17, 2014, and at least March 9th of 2015. So that's the focus and
> needs to be the focus of the discovery on the contempt order.

Transcript of April 17, 2015 Status Conference [Rec. Doc. No. 18764], at 7.  During another

status conference one week later, this Court reinforced that the initial phase of the 30(b)(6)

deposition of Taishan should be focused solely on the Contempt Track:

> I have got two tracks that I told you all about.  The first track,
> Bernard, you are right, the only thing I want this guy [Taishan's
> 30(b)(6) deponent] to be talking about is who the affiliates are,
> whether the affiliates did business in the United States between
> those particular dates.  That's what it is.

Transcript of April 24, 2015 Status Conference [Rec. Doc. No. 18754], at 23.

   The third discovery track only emerged after BNBM Group filed motions on April 29,

2015 regarding issues such as alter ego, service of process, jurisdiction, and sovereign immunity.

Transcript of May 7, 2015 Status Conference [Rec. Doc. No. 18911], at 21, 30.  It is the PSC's

position that, in light of these motions, the scope of the initial phase of the 30(b)(6) deposition of

Taishan has been expanded, but this Court has held otherwise.  To address the alleged expansion,

at the May 7, 2015 status conference counsel for Taishan asked this Court for clarification of the

issues to be covered during the initial phase of the 30(b)(6) deposition, and indicated Taishan's

understanding that questioning would be limited to "whether or not Taishan and its affiliates were doing business during the contempt period and who the affiliates are." *Id.* at 27.

In response, this Court stated:

> I don't know what you have been asked or what questions or what areas of deposition you have been asked to provide a 30(b)(6) deponent for, but primarily, I would think that it would be on the contempt track dealing with alter ego and dealing with all of the people, the associates, the affiliates, wholly-owned subsidiaries, things of that sort. . . . But that is, I think, **basically you are right**.

*Id.* (emphasis added). While the PSC will likely argue that the first part of the above response indicates that the scope of issues to be addressed during the initial phase of the 30(b)(6) deposition includes issues such as alter ego, service of process, jurisdiction, and sovereign immunity, such an argument ignores this Court's later clarification:

> Once you have come in and opened up the issue of jurisdiction, then we have to have a third track [related to the issues of alter ego]. Now the question with the third track is whether you do it at the same time that you do one and two or you do it at a different time. But it has to be done because BNBM has raised the issue, or CNBM – whoever, raised the issue. Now the problem that you are going to have personally is that I'm going to look to you and your firm to guarantee the production of that person next time, if that's what your decision is, if that's what you are asking the Court. I will go along with that, but I need your firm to guarantee his presence.

*Id.* at 31.

As this Court requested, Taishan will make itself available for questioning on topics in the Alter Ego Track at a later date that is mutually convenient for the parties. Addressing issues in the third track once the Contempt and Damages Tracks have been resolved "makes a lot more sense." *Id.* at 31–32. Furthermore, it would be unduly burdensome to require Taishan to prepare for a deposition regarding the Alter Ego Track at this time. Taishan should not be left with less than one month to prepare to address issues such as alter ego, service of process, jurisdiction, and

sovereign immunity, in addition to those topics in the Contempt Track which it was already preparing to address.

Accordingly, Taishan requests that this Court issue a protective order limiting questioning during the initial phase of the 30(b)(6) deposition of Taishan to (1) the identities of the affiliates or subsidiaries of Taishan Gypsum Co., Ltd., and (2) whether Taishan or any of its affiliates or subsidiaries conducted business in the United States in violation of the Contempt Order.  *See* Fed. R. Civ. P. 26(c) (permitting protective orders to prevent undue burden and expense).  Taishan is currently attempting to resolve this matter with the PSC and will notify the Court if the parties reach a resolution.  However, if the parties cannot reach a resolution, Taishan requests a telephone conference with the Court on June 1, 2015 regarding this motion.

For the reasons stated above, Taishan respectfully moves that this Motion for Protective Order be GRANTED.

Respectfully submitted,

Dated: May 29, 2015

/s Bernard Taylor
Bernard Taylor, Esq.
Georgia Bar No. 669625
Michael P. Kenny, Esq.
Georgia Bar No. 415064
Christina Hull Eikhoff, Esq.
Georgia Bar No. 242539
ALSTON & BIRD LLP
1201 West Peachtree Street
Atlanta, Georgia  30309
Phone: (404) 881-7000
Fax: (404) 881-7777
bernard.taylor@alston.com
mike.kenny@alston.com
christy.eikhoff@alston.com

*Counsel for Taishan Gypsum Co., Ltd. and Tai'an Taishan Plasterboard Co., Ltd.*

Alan Dean Weinberger
Louisiana Bar No. 13331
HANGARTNER, RYDBERG &
TERRELL, LLC
One Shell Square
701 Poydras Street, Suite 310
New Orleans, Louisiana  70179
Phone: (504) 434-6815
Fax: (504) 522-5689
aweinberger@hanrylaw.com

*Local Counsel for Taishan Gypsum Co., Ltd.
and Tai'an Taishan Plasterboard Co., Ltd.*

## CERTIFICATE OF SERVICE

I hereby certify that the above and foregoing **TAISHAN'S MEMORANDUM IN SUPPORT OF ITS MOTION FOR PROTECTIVE ORDER LIMITING SCOPE OF 30(B)(6) DEPOSITION** has been served on Plaintiffs' Liaison Counsel, Russ Herman, and Defendants' Liaison Counsel, Kerry Miller, by U.S. mail and e-mail or by hand delivery and e-mail and upon all parties by electronically uploading the same to LexisNexis File & Serve in accordance with Pre-Trial Order No. 6, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2047, on this 29th day of May, 2015.

/s Bernard Taylor
Bernard Taylor, Esq.
Georgia Bar No. 669625
ALSTON & BIRD LLP
1201 West Peachtree Street
Atlanta, Georgia  30309
Phone: (404) 881-7000
Fax: (404) 881-7777
bernard.taylor@alston.com

*Counsel for Taishan Gypsum Co., Ltd. and Tai'an Taishan Plasterboard Co., Ltd.*