UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: CHINESE-MANUFACTURED DRYWALL PRODUCTS LIABILITY LITIGATION | * * * * * * | MDL NO. 2047<br><br>SECTION: L<br><br>JUDGE FALLON |
| THIS DOCUMENT RELATES TO: ALL CASES | * * * | MAG. JUDGE WILKINSON |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## OPPOSITION TO MOTION TO COMPEL AGAINST MORGAN STANLEY

**May It Please the Court:**

Non-Party Morgan Stanley files this opposition to the Emergency Motion to Compel JP Morgan Chase & Co. and Morgan Stanley to Comply with the PSC's Discovery Requests ("Motion to Compel") [Rec. Doc. 19004] filed by the Plaintiffs' Steering Committee ("PSC"). This Court should deny the PSC's Motion to Compel because the information sought bears no relation to the June 9, 2015 damages hearing and, thus, there is no need for expedited consideration and the PSC's demands are patently unreasonable. The PSC cannot satisfy its burden on the motion against Morgan Stanley to impose unreasonable and harassing discovery based on this record and the efforts undertaken thus far.

## Background Facts

The PSC has now issued three different subpoenae to Morgan Stanley since April 28, 2015, seeking to obtain documentation as well as set a 30(b)(6) deposition, in addition to a fourth separate email request for documents during this same three-week period.[1] The first two

---

[1] The four document requests are: (1) Notice of Expedited Oral and Videotaped Deposition Pursuant to the Court's Directive During the March 17, 2015 Special Hearing and Minute Entry and Order [Rec. Doc. 18767] dated April 28, 2015 (the "April 2015 Subpoena"); (2) Amended Notice of Expedited Oral and Videotaped Deposition Pursuant to the Court's Directive During the March 17, 2015 Special Hearing and

subpoenae, the April 2015 Subpoena and the May 1, 2015 Subpoena, sought various financial information regarding eighty-three (83) Chinese entities and was generally, but not entirely, limited in time to the period after the Court's July 17, 2014 Contempt Order.

When the PSC filed the April 2015 Subpoena, it also requested that the Court order Morgan Stanley to respond to the subpoena on an expedited basis.[2]  Morgan Stanley filed an opposition to the emergency motion on April 30, 2015.  Rec. Doc. 18787.  During a status conference on May 7, 2015, the Court instructed the PSC to "work together [with the non-parties] to narrow the scope of the request before seeking Court intervention" as well as to identify specific transactions involving Morgan Stanley for which the PSC wanted Morgan Stanley to produce documents.  Rec. Doc. 18925.  The Court denied the PSC's request for expedited discovery from Morgan Stanley.  *Id.*  In spite of the Court's clear instruction to work together to narrow the scope of the requests, on May 8, 2015, the PSC sent an email attaching revised requests that did not narrow any of the previously requested documents or deposition topics and, in fact, ***added additional broadly worded requests***.[3]  Despite the fact that the PSC had ignored the Court's instruction, Morgan Stanley immediately began its search for information responsive to the PSC's latest requests.

By the time of the parties' meet and confer on May 15, 2015, Morgan Stanley had preliminary information to share with the PSC regarding its searches as well as continued

---

Minute Entry and Order [Rec. Doc. 18802] dated May 1, 2015 (the "May 1, 2015 Subpoena"); (3) May 8, 2015 email from the PSC attaching Morgan Stanley Document Requests (the "May 8, 2015 Requests"); and (4) Second Amended Notice of Expedited Oral and Videotaped Deposition Pursuant to the Court's Directive During the March 17, 2015 Special Hearing and Minute Entry and Order [Rec. Doc. 18952] dated May 18, 2015 (the "May 15, 2015 Subpoena").

[2] The PSC failed to serve Morgan Stanley with either the April 2015 Subpoena or the Emergency Motion of the Plaintiffs' Steering Committed for Expedited Return on Discovery Requests and Shortened Time to Notice Depositions.  Rec. Doc. 18678.

[3] *See* Ex. A, May 8, 2015 email from B. Steckler to J. Garner and attached requests for documents.

2

concerns regarding the broad scope of the requests. Within a few minutes of the start of the meet and confer, the PSC presented counsel for Morgan Stanley with yet another ***new list*** of document requests. This new list would later form the basis of the May 18, 2015 Subpoena.[4]

During the meet and confer, Morgan Stanley reiterated its request that the PSC identify specific transactions in which it was interested. The PSC stated, in response to this request, that it was providing a list of documents that would serve as a "road map" for Morgan Stanley and identify the specific transactions for which information was being sought.

The listed documents are Bates-labeled and were produced pursuant to a confidential order in this matter, under which Morgan Stanley does not have access to the documents. The PSC did not, however, provide copies of any of the documents that it wanted Morgan Stanley to review to respond to its latest requests. Instead, the PSC stated that Morgan Stanley would need to do the work of the PSC and contact CNBM and BNBM to obtain permission to view the listed documents. The PSC provided a contact list for CNBM's and BNBM's counsel.

On May 18, 2015, the PSC filed and issued the current iteration of the subpoena, attaching the list of "specific documents for reference," which was essentially the same as the list provided on May 15.[5] The subpoena does not include a return date for the production of responsive documents or a deposition. Rather, the subpoena states that the deposition will occur "on a date and at a location mutually agreed upon by the parties."[6] Following service of this subpoena, the parties have not discussed, let alone agreed upon, a mutually acceptable return or deposition date. Moreover, in the May 15, 2015 meet and confer, the PSC represented that, if

---

[4] *See* Ex. B, May 15, 2015 Memorandum Re: Meet and Confer – Documents and Deposition Topics for Morgan Stanley.

[5] *See* Ex. C, May 18, 2015 Supboena.

[6] *See id.*

Morgan Stanley produced documents in response to the subpoena, then no deposition would be required.

On May 19, 2015, counsel for Morgan Stanley contacted the PSC and informed the PSC that they could accept service of the subpoena.[7] Morgan Stanley noted that because it was the PSC that had asked Morgan Stanley to review numerous documents in order to respond to its subpoena, the PSC should bear the burden of obtaining the alleged requisite written consent to share these documents with Morgan Stanley.[8] With regard to publicly available websites, Morgan Stanley sent a follow-up email regarding the various websites referenced in the PSC's subpoena as two of the links were no longer available and two of the links were websites that did not appear to reference Morgan Stanley.[9]

In response to Morgan Stanley's reasonable and specific request for clarification, the PSC brusquely responded:

> As to the websites, do a word search for your client. As to permission to get confidential documents, CNBM and BNBM ARE IN BUSINESS WITH YOUR CLIENT. You need to get their Agreement. We will not do your work. File a motion directed at them releasing their documents to you.[10]

Although Morgan Stanley does not agree that, as a non-party to this litigation, it should bear the onus of obtaining the PCS's "road map" documents referenced in the PSC's subpoena, on May 21, 2015, Morgan Stanley did contact counsel for BNBM and CNBM to request written consent to obtain the documents.[11] Morgan Stanley received verbal consent from CNBM on May 22, 2015 and obtained written consent on May 27, 2015. Morgan Stanley has called and emailed

---

[7] *See* Ex. D, May 19, 2015 email from A. Coker to the PSC.

[8] *See id.* Counsel for Morgan Stanley was served with the subpoena, via Fed Ex, on May 21, 2015.

[9] *See* Ex. E, May 19, 2015 email from A. Coker to the PSC.

[10] Ex. F, May 19, 2015 email from R. Herman to A. Coker (all capital letters original).

[11] *See* Ex. G, May 21, 2015 email from A. Coker to counsel for CNBM and BNBM.

counsel for BNBM several times to obtain its written consent to obtain the PSC's "road map" documents.[12] BNBM's counsel have acknowledged Morgan Stanley's request, but have not yet provided the required consent.[13]

On May 26, 2015, the PSC requested a status update on Morgan Stanley's review for responsive documents.[14] Morgan Stanley responded that afternoon and informed the PSC that it was still awaiting the requisite written consent from CNBM and BNBM but, nevertheless, had begun searching for potentially responsive documents based upon the information that was available to it at that time.[15]

On May 28, 2015, Morgan Stanley advised the PSC that it had received written permission from CNBM to view the referenced CNBM documents and requested the PSC to provide the pertinent documents to Morgan Stanley.[16] Rather than calling to discuss this advice and any questions or concerns it might have, later that day, the PSC filed the instant Motion to Compel, asking the Court to order that Morgan Stanley – and JP Morgan Chase & Co. – produce responsive documents expeditiously by June 3, 2015 and present a 30(b)(6) representative for deposition by June 5, 2015. Rec. Doc. 19004. The PSC's stated reason for its supposed need for the expedited discovery responses from Morgan Stanley is that "it is feared that the PSC will be unable to complete the depositions ahead of the Court's June 9, 2015 damages hearing." Rec. Doc. 19004-1 at p. 3.

---

[12] *See* Ex. H, May 26-27, 2015 emails from A. Coker to H. Rosenberg.

[13] *Id.*

[14] *See* Ex. I, May 26, 2015 email from M. Gaughan to A. Coker, J. Force.

[15] *See* Ex. J, May 26, 2015 email from A. Coker to M. Gaughan.

[16] *See* Ex. K, May 27, 2015 email from CNBM; Ex. L, May 28, 2015 email from AGC to the PSC.

Under the Court's expedited discovery protocol, Morgan Stanley's opposition to the Motion to Compel is due on May 29, 2015. It was not until 5:30pm on May 29, 2015, after it filed its Motion to Compel, the PSC provided a link with the "road map" documents.[17] This late production, which includes some, but not all of the documents referenced on the subpoena, has not afforded Morgan Stanley adequate time to review the documents in response to the subpoena or to respond to the Motion to Compel.[18]

## Legal Argument

The PSC's claimed basis for its Motion to Compel is, at best, disingenuous and, at worst, patently misleading. The Court should deny the Motion to Compel for the following reasons:

- **The PSC's subpoena to Morgan Stanley is unrelated to the damages hearing set on June 9, 2015, and, expedited discovery is not warranted on this basis**.

    o The May 18, 2015 Subpoena specifically states that the discovery to Morgan Stanley pertains to "(i) the injunction prong of the Court's July 17, 2014 Order holding Taishan in contempt of court, criminally and civilly [Rec. Doc. No. 17869], and (ii) whether there exist alter ego relationships between and among these entities." Rec. Doc. 18952. ***When Morgan Stanley met and conferred with the PSC on May 15, 2015, the PSC similarly stated that its newest subpoena was geared to alter ego and jurisdiction issues***, which is entirely inconsistent with its representations to the Court in its Motion to Compel. Thus, the stated purposes of the subpoena are ***wholly separate from, and unrelated to, the damages hearing***. Indeed, the PSC has not provided any explanation as to why the information requested from Morgan Stanley has any bearing on the damages hearing in its Motion to Compel.

    o This Court has issued an order prioritizing the discovery in this litigation and indicated it would set deadlines related to the proceedings for the contempt and jurisdiction tracks after the damages hearing. Rec. Doc. 18921. Although Morgan Stanley believes that the information sought by the PSC is irrelevant to all of the tracks and is, at best, a fishing expedition by the PSC, the requests to Morgan Stanley in the May 18, 2015 Subpoena, both by their terms and

---

[17] *See* Ex. M, May 29, 2015 email from M. Gaughan to A. Coker, J. Force.

[18] The May 29, 2015 document production also includes the referenced pages from the BNBM Annual Report, despite the fact that Morgan Stanley has not yet obtained BNBM's written consent for the PSC to provide these documents and had so informed the PSC.

      through the PSC's representations to counsel, pertain to these other discovery tracks and not the damages track.

- *None* of the documents in the May 18, 2015 Subpoena have any connection to, or information regarding, the damages quantum of the plaintiffs in this litigation due to the presence of Chinese drywall in their homes. Based upon the information that MS has obtained from public sources, these documents concern offerings of CNBM's stock on the Hong Kong Stock Exchange at various times. As such, the PSC's request for expedited responses from Morgan Stanley vis-à-vis the damages hearing is baseless and should not be recognized by this Court as requiring an expedited response from Morgan Stanley.

- **The Motion to Compel is premature**.

  - When it issued the May 18, 2015 Subpoena, the PSC did not include a return date for the documents and indicated that any deposition would occur "on a date and location mutually agreed upon by the parties."[19] Plainly, the PSC did not initially contemplate obtaining any subpoena responses from Morgan Stanley, on an expedited basis, before the damages hearing. The PSC's Motion to Compel does not present any new or changed circumstances that all of the sudden necessitate expedited responses or an expedited deposition.

  - Morgan Stanley is actively working on reviewing its files in response to the PSC's subpoena – even without having received any of the "road map" documents from the PSC. The Court ordered the parties to work together regarding the requested documentation. Morgan Stanley has taken every step, even those steps it believed should be taken by the PSC, to respond to the subpoena and provide updates to the PSC regarding its progress. Yet, the PSC has filed this improper and unnecessary motion to compel documents that are not yet due to the PSC. This Court should, therefore, deny the PSC's Motion to Compel.

- **The PSC's Motion to Compel is unduly burdensome, unfair, and unreasonable**.

  - The PSC has asked Morgan Stanley to respond to a subpoena based upon the PSC's "road map" documents when the PSC had not provided those documents to Morgan Stanley to until after it filed its Motion to Compel at 5:30pm on May 29, 2015. Morgan Stanley made diligent efforts to obtain the written consent from CNBM and BNBM to review the "road map" documents.[20] Immediately after receiving the PSC's list on May 15, 2015, Morgan Stanley commenced searching online to see if it could obtain the

---

[19] Ex. C.

[20] *See* Exs. G, H, K.

7

referenced documents. Morgan Stanley believes it had already found many of these documents, which were publicly available online, and has begun searching for any related and responsive underlying materials. Morgan Stanley is concerned, however, that these online documents are not the same as the PSC's "road map" documents and, regardless, are incomplete.

- o When counsel for Morgan Stanley met with counsel for the PSC, the PSC specifically stated that Morgan Stanley did not have to worry about anything else outside of these documents" and that these documents would make the PSC's requests perfectly clear. Yet, Morgan Stanley's independent document search has revealed that at least one of the listed documents contains ***no reference*** to Morgan Stanley. Accordingly, if Morgan Stanley has located the documents that the PSC referenced, at least one of the documents appears to be irrelevant. Conversely, if the publicly available document is not the same document as appears on the PSC's list, then Morgan Stanley could not properly consider and respond to the subpoena until the PSC provided the correct documentation.

- o Additionally, the PSC had not provided copies of the websites that it referenced that are no longer available online until after it filed its Motion to Compel, so Morgan Stanley has been unable to search for information responsive to these articles. As to those websites that appear to have no relation to Morgan Stanley, Morgan Stanley has run searches for its name on those websites as the PSC suggested. Yet, the website searches did not return any hits that referenced a particular financial transaction in which the PSC might be interested.

- o In particular, Morgan Stanley has not been able to locate the BNBM document online, nor has it obtained written consent for production of the documents from BNBM's counsel. Morgan Stanley could not begin to research its response to this portion of the subpoena without having a chance to review the referenced BNBM document.

- o The May 18, 2015 subpoena has proved unreasonable and unfair given that Morgan Stanley had not received the Bates-labeled copies of the "road map" documents from the PSC until after it filed its Motion to Compel. There are serious questions regarding the substance of these documents and how they pertain to Morgan Stanley. The PSC should not be allowed to "hide the ball" from Morgan Stanley and then ask the Court for expedited compliance.

- **The PSC's Motion to Compel a 30(b)(6) deposition of Morgan Stanley before June 5, 2015 is unreasonable**.

    - o First, the PSC specifically represented to Morgan Stanley on May 15, 2015 that, if it produced documents in response to the subpoena, then ***no deposition would be required of Morgan Stanley***. Second, the document for which the

> PSC has identified the largest number of references relates to a transaction in 2006. Morgan Stanley has not yet identified a 30(b)(6) witness who can speak to this transaction that occurred nine years ago (let alone to the other transactions). Further, any such witness will likely be located in Hong Kong or in China. Noticing an international deposition on such short notice, particularly after the PSC represented that such a deposition might not need to occur, is extremely burdensome on a non-party to the litigation.

- **The PSC's Motion to Compel is harassing**.

    o Morgan Stanley has received four different document requests from the PSC in a three-week period. Each time Morgan Stanley begins its substantive search for information, the PSC jettisons the applicable subpoena and issues a wholly revised document request. Morgan Stanley has, therefore, engaged in countless hours of investigation based on previous document requests for naught. The May 18, 2015 Subpoena, while still somewhat broad, at least purported to identify specific transactions in which the PSC was interested. Now, while it would otherwise have been working on the search for documents, Morgan Stanley has had to divert its attention from its substantive search to respond to the PSC's unfounded motion to compel documents that were not yet due and are not germane to the damages hearing. Indeed, it appears that few, if any, of the documents requested by the PSC in the May 18, 2015 Subpoena have any relation to any of the discovery tracks in this case. The PSC's tactics vis-à-vis Morgan Stanley are little more than harassment.

- **Morgan Stanley should be permitted to assert any substantive objections it has to the May 18, 2015 Subpoena**.

    o Morgan Stanley is still searching for responsive documents and has not yet determined if it has substantive objections that must be asserted regarding and responsive documents. In fact, objections and responses are not due until June 4, 2015. If the Court grants the Motion to Compel, Morgan Stanley will be required to produce documents without an opportunity to be heard on any objections. Accordingly, Morgan Stanley reserves all rights available to it to assert objections to the requests in the subpoena.

For the reasons outlined above, this Court should deny the PSC's Motion to Compel. The PSC should be required to abide by this Court's earlier instruction to cooperate with counsel before involving the Court in these types of disputes.

///

Respectfully Submitted,

/s/ *James M. Garner*_____
JAMES M. GARNER, LA BAR #19589
JOSHUA S. FORCE, LA BAR #21975
ASHLEY G. COKER, LA BAR #30446
**SHER GARNER CAHILL RICHTER KLEIN & HILBERT, L.L.C.**
909 Poydras Street, Twenty-eighth Floor
New Orleans, Louisiana 70112
Phone: (504) 299-2100
Facsimile: (504) 299-2300
**COUNSEL FOR MORGAN STANLEY**

## CERTIFICATE OF SERVICE

I hereby certify that the above and foregoing Opposition to Motion to Compel Against Morgan Stanley has been served on counsel for the Plaintiffs' Steering Committee, Leonard A. Davis, and Defendants' Liaison Counsel, Kerry Miller, by e-mail <u>and</u> on all parties by electronically filing via CM/ECF, which will send a notice of electronic filing in accordance with the procedures established in MDL 2047, on this 29th day of May 2015.

/s/ *James M. Garner*_____
JAMES M. GARNER