# EXHIBIT A

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

IN RE: CHINESE -MANUFACTURED          MDL NO. 2047
DRYWALL PRODUCTS LIABILITY
LITIGATION                             SECTION: L

                                       JUDGE ELDON FALLON
                                       MAGISTRATE WILKINSON

## Opinion and Decree

This matter involves a dispute between Oceanique Development Company[1] and the Knauf Defendants ("Knauf").

Oceanique's allegations are as follows. Oceanique was the developer of new condominiums in Fort Pierce, Florida. During the initial construction from February to September 2006, Oceanique received thousands of sheets of drywall from Banner Supply Company. Oceanique later learned that many if not all of the drywall boards that it had used in construction contained reactive Chinese drywall. In the first half of 2009, Oceanique decided to remediate the condominiums. When it did so, Oceanique (obviously anticipating that it might bring a claim against the suppliers or manufacturers of the drywall) preserved some evidence. For instance, it took photographs of some, but not all, of the drywall at issue.

On December 20, 2011, Knauf filed a Settlement Agreement in the MDL. The Settlement Agreement, which was later approved by the Court, defined a settlement class, and gave the members of the settlement class an opportunity to opt out. Neither Oceanique nor Knauf contends

---

[1] Oceanique's submission refers to the claimant as "Oceanique Development Company." The Knauf Defendants refer to the claimant as "Oceanique Oceanfront Condominium Association, the unit owners, tenants, and Tricon Development Board of Brevard, Inc." This opinion will cumulatively refer to the claimants as "Oceanique."

PLAINTIFF'S EXHIBIT A

that Oceanique was not a member of the settlement class, and neither contends that Oceanique opted out. Therefore, by virtue of Oceanique's own decision to not opt out, Oceanique is bound by the terms of the Settlement Agreement.

The Knauf Settlement Agreement contemplates that the settlement will compensate certain class members who have already remediated their homes. To this end, the Settlement Agreement establishes a protocol which includes a procedure for resolving differences between the Owner and Knauf. For purposes of this matter, the key provision is found at section IV.D.4:

> The Special Master and the Court will take into consideration, in determining whether to allow a claim or the amount of the claim, whether the Owner has complied with MDL Pretrial Order 1B (if the claim is pending in the MDL) or with applicable state law requirements for preservation of evidence (if the claim is pending in state court). Subject to review by the Special Master or the Court, the failure to preserve evidence as required by law will result in disallowance or reduction in the amount of the claim if the failure has been prejudicial to a determination of the claim.

Pretrial Order 1B has several requirements, including the following:

> [T]he Parties shall photograph the backside of each Chinese drywall board immediately after it is removed on-site, and, document on a floor plan, building diagram, or other similar form of documentaion, the location of each full or partial Chinese drywall board removed from the property and its photograph. Photographs of the wall sections should be taken so that any markings on the backside of the drywall sections are most clearly visible in the photographs.

There is no dispute that, of the approximately 6,000 drywall boards that Oceanique removed, it only adhered to this provision of Pretrial Order 1B with respect to one.

Oceanique argues that it remediated the property several months before the Court adopted Pretrial Order 1B; therefore, Pretrial Order 1B cannot possibly apply to the Oceanique remediation. This argument fails for two reasons. First, Pretrial Order 1B was simply a refinement of the

Page 2 of 4

preservation requirement of Pretrial Order 1 (entered in June 2009), which itself was simply a refinement of a potential plaintiff's duty to preserve evidence in the event of litigation. Oceanique did not preserve evidence on a claim it intended to make, and its failure to do so was clearly prejudicial to the process of determining who manufactured the drywall at issue. Second, and more fundamentally, by deciding not to opt out of the Knauf Settlement Agreement, Oceanique agreed that its claims would be subject to the Settlement Agreement's terms. These terms included that any claims not complying with Pretrial Order 1B would be disallowed. Indeed, Knauf only agreed to pay certain claimants in the settlement; these did not include claimants that could not satisfy Pretrial Order 1B.

Oceanique also notes that section IV.D.4 contemplates a "disallowance or reduction in the amount of the claim" if the claimant does not satisfy Pretrial Order 1B. Oceanique then argues that, even if the Special Master does not award 100% of the claim, he should award some lesser amount. Specifically, Oceanique suggests that the Special Master award an amount which is proportionate to Knauf's typical share of drywall supplied by Banner. The Special Master rejects this approach. There is no evidence that the Knauf's share of drywall supplied by Banner is so uniform that it can support a finding of product identification within a single complex. A more natural reading of the provision would support a reduction based upon the proportion of drywall boards in the complex which do not satisfy Pretrial Order 1B. In this case, Oceanique's claim would be reduced by 5,999/6,000.

Oceanique's total claim is $3,180,499.28. Reducing this amount by 5,999/6,000 results in an award of $530.08.

Page 3 of 4

## Decree

In consideration of the briefs submitted and oral argument heard from the parties, the Special Master finds in favor of Oceanique, in the amount of $530.08. The costs of this mediation will be taxed to Knauf.

Dated: May 11, 2015

_____
Daniel J. Balhoff, Special Master