# Exhibit J

Colson
Hicks
Eidson

ERVIN A. GONZALEZ
Board Certified Civil &
Business Trial Attorney

**PRIVILEGED AND CONFIDENTIAL SETTLEMENT COMMUNICATIONS**

March 9, 2015

**Via Email and FedEx: balhoff@pabmb.com**

Mr. Daniel J. Balhoff
Perry, Atkinson, Balhoff, et al.
2141 Quail Run Drive
Baton Rouge, LA 70884-3260

Re: Oceanique Development Company—Confidential Position Paper

Dear Mr. Balhoff,

In response to Knauf's position paper dated March 4, 2015 and in advance of the mediation of this matter, please consider Oceanique Development Company's position paper, set forth below.

## INTRODUCTION

Oceanique Development Company ("Oceanique") was the developer of new condominiums constructed in Fort Pierce, Florida in 2006. During its initial construction from February to September 2006, Oceanique received thousands of sheets of drywall from Banner Supply Company.[1] Banner has admitted to purchasing 14 million sheets of Chinese drywall manufactured primarily by Knauf. After construction, the Chinese drywall phenomenon was made public and residents of Oceanique found vast amounts of Knauf drywall throughout the

---

[1] Oceanique has supplied 52 pages of Banner invoices showing ½ inch drywall. Banner is well known to have distributed tons of Knauf drywall, less so, Taishan.

Colson
Hicks
Eidson

entire complex. Rather than delay remediation, Oceanique did what any responsible developer would do; it fixed its resident's and buyers' problems and remediated the affected units. Oceanique began demolition and remediation before any court approved protocol was either approved or implemented. Oceanique began demolition and remediation before any evidence protocol was entered by Judge Fallon. In fact, Oceanique also began remediating before the formation of MDL 2047. Oceanique took immediate action to right Knauf's wrong, assist its buyers and mitigate its damages.

Pursuant to the Knauf Settlement Agreement and the ARH Protocol,  Oceanique appears at this Non-Binding Mediation in a good faith attempt to resolve its claims against Knauf. Oceanique has supplied to Knauf hundreds of pages from its files, forms, documents and correspondence regarding its efforts to repair the condominium units since the ARH program was instituted, over three large binders full. Contrary to Knauf's disingenous hyperbole that it has uncovered fraud in Oceanique's claim, everything Knauf points to in its position paper as alleged fraud was openly disclosed by Oceanique or undersigned counsel. There is no fraud, just Knauf's unfair and illegitimate posturing. Knauf merely seeks to hide the real problem, that it provided defective drywall that resulted in over $3,000,000.00 of losses to Oceanique, not to mention that it exported to the U.S. approximately 56.9 million square meters of defective drywall that ravaged whole swaths of the Gulf coast region that are now being resolved by this $1 billion settlement.

As to Oceanique's unique claim, Knauf does not dispute the amount of damages claimed by Oceanique. Oceanique, as the developer of the property, meticulously documented its remediation costs. Those remediation costs, which Knauf has not taken any issue with in its position paper, are detailed in the summary attached hereto as Exhibit A. The remediation costs

2

Colson
Hicks
Eidson

total $3,180,499.28, as set forth in Exhibit A. Oceanique's damages are patently reasonable.

Oceanique remediated approximately 100,000 square feet of property, making the per square

foot price $31.80. The per square foot price makes Oceanique's remediation costs well below

Moss's normal prices in this litigation. Accordingly, Oceanique's demand is $3,180,499.28.

## PRODUCT IDENTIFICATION

Of key importance to this dispute is the incontrovertible fact that Oceanique began

remediation well before the October 9, 2009 issuance of PTO 1B (Preservation of Physical

Evidence). Oceanique does not dispute it did not strictly comply with PTO 1B. How could it

have when its remediation efforts started months before the promulgation of the court's order?

Instead, Oceanique made what it considered, at the time, reasonable efforts to preserve evidence

of the presence of Knauf's drywall in its development. After retaining counsel and becoming

aware of the Court's preservation directives, Oceanique did what it could after-the-fact to

comply with the Court's orders.

Demolition for the remediation began in May 2009, one month before the initial transfer

that initiated MDL 2047. See *In re Chinese Manufactured Drywall Prod. Liability Litig.*, 626 F.

Supp. 2d 1346 (J.P.M.L. 2009). In fact, Oceanique began demolition without the required

permits in June 2009. The demolition resulted in fines from Port St. Lucie County that were paid

by Oceanique on September 11, 2009, when Port St. Lucie County inspectors visited the

property for installation of drywall after the demolition. *See* Composite Ex. B, Vendor

QuickReport showing check dated 9/11/2009 to St. Lucie County. Further Demolition

contractors' invoices also predate PTO 1B. *Id.*[2] These facts are significant because it shows the

---

[2] As a sample of Oceanique's having begun demolition in May 2009, please find attached the
following invoices previously produced to Knauf as part of this claim: 1) American Portable
Toilets, 6/2/2009, temporary toilets for workers; 2) Waste Pro, 6/2/2009, disposal fee for drywall

3

Colson
Hicks
Eidson

bulk of the evidence demanded by the preservation order was no longer available by the time

PTO 1B was issued.

Obviously, Oceanique simply could not have been aware of PTO 1B when demolition

began taking place. This is the reason why Oceanique did not strictly comply with PTO 1B. Due

to the circumstances, Oceanique has nothing to hide and it is not hiding anything. There is no

fraud. Knauf fails to acknowledge that for it to prove fraud it must demonstrate intent. Knauf

cannot prove Oceanique intended to commit fraud, because Oceanique had no such intent.

Taking Knauf's position to its logical conclusion, Oceanique would have had to clairvoyantly

anticipate PTO 1B, known its substance and then an formed intent to violate the as yet unwritten

order. Moreover, to commit its alleged fraud, Oceanique would have had to have known in the

summer of 2009 that Taishan would be a non-participant in these cases if it was truly trying to

hide Taishan drywall. To state Knauf's position reveals its absurdity.

Oceanique acknowledges that unit 801B contained Taishan drywall. The PPF that Knauf

uses to make its argument that there was Taishan drywall in 801B was provided to Knauf in

2010 by undersigned counsel and filed with the Court. There was no concealment of these facts.

Knauf had the Yanes Report from unit 801B at least as early as October 13, 2014. Composite Ex.

C, attached hereto. But Knauf never asked for further information on unit 801B. Knauf did not

uncover any fraud. Instead, Knauf failed to follow up on information it was long ago provided

regarding unit 801B. Indeed, the inspections and photographs of unit 801B from the Yanes

Report were performed on August 29, 2009 and September 30, 2009, before PTO 1B was

---

and debris; 3) Workers' Temporary Staffing, 7/29/2009., temporary labor services for cleanup
removal; 4) Mountain-Aire, 7/24/2009, removal of air handlers for some units; 5) Allied Interior
Products, 8/20/2009; American gypsum material for some units; 6) G.C.J. Construction,
8/24/2009, hanging drywall for some units; 7) Sims Crane & Equipment, 8/18/2009, crane rental
for delivery of some drywall.

4

Colson
Hicks
Eidson

entered, on behalf of a unit owner that was individually represented by undersigned counsel. The

August 27, 2009 and September 30, 2009 inspections and photographs are attached hereto as

Exhibit D, electronically.  Unfortunately, because undersigned counsel was not retained until

December 2009 by Oceanique, no further Yanes Reports or inspections were done at Oceanique

because all the demolition had already been completed by that time.

Knauf seeks to ignore the existing evidence of over 100 pages of photographs of KPT

drywall that Oceanique did submit. Numerous photographs of the remediation (including KPT

boards being removed) and various aspects of corrosion found in the properties were provided to

Knauf at the outset of Oceanique's claim. Ample evidence was provided that KPT dryall existed

in the properties to support Oceanique's claim. Non-identical photographs were taken during the

demolition of the units that specifically revealed KPT board. These photographs were submitted

to Knauf and are Bates labeled as OCEANIQUE DEVELOPMENT CO (ARH) - 000305-316.

Moreover, in September 2014, undersigned counsel advised Knauf that samples existed of the

drywall retained by Oceanique, but Knauf never requested to view or test the samples. *See*

Composite Ex. C, emails dated Sept. 12 & 22, 2014, attached hereto. The drywall samples of its

own product remain available for Knauf's review. Further proof has been provided in the form of

sworn affidavits of Oceanique's employees that detail the presence of KPT board in the affected

units.

A few of Knauf's more preposterous allegations of fraud merit a response. First, as to the

September 2009 email from a unit owner showing defective drywall at Oceanique, Oceanique

provided the email to Knauf, it was not hidden. The September 2009 email was provided to

Knauf as early as May of 2014, yet Knauf strategically laid in wait until March 4, 2015, to feign

surprise in its misdirected defense of the claim. In response to Knauf's March 4, 2015 letter,

5

Colson
Hicks
Eidson

undersigned counsel hereby provides the attachments from the September 2009 email of

Oceanique, attached hereto as Composite Ex. E.[3] Had Knauf raised this point earlier, Oceanique

would have responded earlier and provided the photos. For Knauf to cherry pick one email out of

thousands of pages of documentation and raise it on the eve of mediation as existence of fraud

cries out as desperation, not vindication. Such brash tactics in the settlement context where

Knauf as much concedes liability is especially unfair and inappropriate.

Second, the affidavits of Oceanique employees that were provided are true and accurate.

Undersigned counsel inadvertently omitted the photos referenced in the Oceanique affidavits.

The photos intended to be attached to the affidavits were the same photos that were already

produced to Knauf in May 2014, i.e., Oceanique 304-409. Oceanique should not be penalized

due to undersigned counsel's inadvertent, but easily corrected error.

Third, Oceanique does not deny that reactive, non-Knauf board was present in unit 801B.

Nevertheless, Oceanique's employees candidly affided under oath that it was Knauf's board that

they recall present in the bulk of the remediated units. Knauf has no meaningful way to

controvert this testimony other than to accuse Oceanique of fraud.  Coming from a

German/Chinese manufacturer that insisted upon concealing the defective drywall it was

peddling throughout Southern Florida is akin to the "pot calling the kettle black."

Knauf's argument that the failure to strictly comply with PTO 1B merits dismissal of the

claim is without merit, as is apparent from Knauf's partial quotation to the Settlement

Agreement, "Subject to review by the Special Master or the Court, the failure to preserve

evidence as required by law will result in disallowance *or reduction* in the amount of the claim if

the failure has been prejudicial to a determination of the claim." (Emphasis added). By the

---

[3] None of the emails show drywall, only corrosion.

6

Colson
Hicks
Eidson

Settlement Agreement's plain language, failing to comply with PTO 1B does not require

dismissal. A failure of proof may require a limited reduction, which we acknowledge may be

appropriate given the presence of Chinese drywall in unit 801B. But, to the point, in the Banner

Settlement Allocation Plan (Rec. Doc. 16527-1) in which Knauf participated in the drafting it

was recognized that the majority of Chinese drywall sold by Banner belonged to Knauf and

therefore Knauf insisted on recovering a minimum of 60% the Banner monies' allocation. Thus,

the maximum discount that could be applied to Oceanique's claim due to the presence of non-

KPT drywall is 40%, but given the overwhelming and largely uncontroverted evidence provided

by Oceanique, no reduction or only the most modest reductions is appropriate.

## CONCLUSION

Oceanique acknowledges it did not strictly comply with PTO 1B, but it was not for lack

of trying, much less fraud or bad faith. PTO 1B did not exist at the time Oceanique began

demolition. Knauf seeks to penalize Oceanique for this omission and its commendable efforts to

satisfy its buyers and mitigate its damages. That Oceanique did not retain counsel until well after

the issuance of PTO 1B also serves to avoid penalizing Oceanique for the significant damages it

incurred because of Knauf's defective drywall.

There is no dispute in this litigation that Banner supplied 1.4 million sheets of Chinese

drywall, primarily manufactured by KPT. Nor is there any dispute that Banner supplied

Oceanique's drywall. Knauf seeks to wash its unclean hands in this case and accept no

responsibility for providing defective drywall to Oceanique and causing millions of dollars of

damages. Knauf conveniently ignores that it already takes ownership and responsibility for the

majority of Chinese drywall Banner delivered to Oceanique. This tribunal should hold Knauf to

its word. Knauf's seemingly uncompromising hard line position goes against the spirit and letter

7

Colson
Hicks
Eidson

of the mediation and Settlement Agreement. Nonetheless, Oceanique will continue to conduct

itself in good faith and with an open mind to resolving this claim and hopes that Knauf will

modify its position and also act in good faith. Thank you for your time in reviewing this

important case.

Very truly yours,

Ervin A. Gonzalez
Patrick S. Montoya

Enclosures as stated

Cc:    Frederick S. Longer, Esq. (via email)
       Kerry Miller, Esq. (via email)
       Danny Dysart, Esq. (via email)

8

EXHIBIT "A"

| | | |
|---|---|---|
| 1 | PAYROLL | 360,000.00 |
| 2 | MK - SUPERVISION | 120,000.00 |
| 3 | APPLIANCES | 274,000.00 |
| 4 | TRIM/PAINT LABOR - KOBI | 156,580.00 |
| 5 | DW LABOR | 130,746.74 |
| 6 | DW MATERIAL | 85,592.59 |
| 7 | A/C MAT'L & LABOR - MTN AIR | 80,462.41 |
| 8 | TRIM MATERIAL | 70,154.18 |
| 9 | FLOOR COVERING | 61,701.86 |
| 10 | TEMP LABOR | 50,733.38 |
| 11 | GRANITE | 43,432.28 |
| 12 | PAINT MATERIAL-SHERWIN WILLIAMS | 42,807.82 |
| 13 | TRIM/PAINT LABOR - CHARLIE | 38,550.00 |
| 14 | HAULING/REMOVAL COSTS | 32,124.84 |
| 15 | MIRROR | 31,314.25 |
| 16 | STORAGE | 24,000.00 |
| 17 | HOME DEPOT- INSULATION/SHELVING/MISC | 23,637.41 |
| 18 | MOVING/HAULING | 20,000.00 |
| 19 | UTILITIES - FPL | 15,000.00 |
| 20 | ENGINEER LETTERS | 14,523.00 |
| 21 | PERMIT FEES | 13,687.00 |
| 22 | UTILITIES - WATER/SEWER | 12,000.00 |
| 23 | SCRATCHED/DELAMINATE GLASS | 11,308.19 |
| 24 | LOWES- HWH/MISC | 10,894.19 |
| 25 | ASPHALT REPAIR | 7,200.00 |
| 26 | REDO DECKS | 6,716.01 |
| 27 | ENERGY CALCS | 6,660.00 |
| 28 | CRANE - SIMS | 6,075.00 |
| 29 | FIRE SPRINKLER REPAIRS | 5,259.79 |
| 30 | PLUMBING REPAIRS | 3,726.73 |
| 31 | SEA COAST SUPPLY | 2,422.67 |
| 32 | PLUMBING FIXTURES | 2,122.00 |
| 33 | DOOR/LOCKS REPAIR | 1,590.76 |
| 34 | ELECTRICAL - D&E/ADVANCED | 637.63 |
| 35 | MISC - DAYTONA NUT & BOLT/OMEGA | 635.11 |
| 36 | ELEVATOR REPAIR | 550.00 |
| 37 | A/C GRILLS | 326.14 |
| 38 | BLUEPRINTS | 155.97 |
| 39 | PORTALET | 151.27 |
| 40 | EQUIPMENT RENTAL - SUNBELT | 67.62 |
| 41 | TUB REPAIRS- SURFACE APPEAL | 60.00 |
| 42 | NOC FEES | 39.00 |
| | **SUBTOTAL** | *1,767,635.84* |
| 43 | BLDR PROFIT/OVERHEAD/LEGAL/ACCTG -25% | 441,909 |
| 44 | INTEREST ON PROPERTY - 3 mos(1%) x$20M | 200,000 |
| 45 | INTEREST ON CONSTR COSTS ($2,209,544 x 10%) | 220,954 |
| 46 | CONDO FEES & RE TAXES - 3 MOS. X 100 UNITS | 350,000 |
| 47 | PUNCH OUT/ WARRANTY/RESERVE/CONTINGENCY | 200,000 |
| | **TOTAL** | **$ 3,180,499.28** |

EXHIBIT

A

OCEANIQUE DEVELOPMENT CO (ARH) - 000009

11:59 AM
04/18/12

### OCEANIQUE DEVLOPMENT, INC.
### Vendor QuickReport
#### June through December 2009

| Type | Date | Num | Memo | Account | Clr | Split | Amount |
|------|------|-----|------|---------|-----|-------|--------|
| **ST. LUCIE COUNTY** | | | | | | | |
| Check | 9/11/2009 | 1642 | demo permit ... | 1100 · OCEANIQU... | X | 1665 · Permits | -775.00 |
| Check | 9/16/2009 | 1645 | VOID: permit... | 1100 · OCEANIQU... | X | 1665 · Permits | 0.00 |
| Check | 9/16/2009 | 1646 | VOID: permit... | 1100 · OCEANIQU... | X | 1665 · Permits | 0.00 |
| Check | 9/16/2009 | 1650 | VOID: permit... | 1100 · OCEANIQU... | X | 1665 · Permits | 0.00 |
| Check | 9/16/2009 | 1651 | VOID: permit... | 1100 · OCEANIQU... | X | 1665 · Permits | 0.00 |
| Check | 9/16/2009 | 1652 | VOID: permit... | 1100 · OCEANIQU... | X | 1665 · Permits | 0.00 |
| Check | 9/16/2009 | 1653 | VOID: permit... | 1100 · OCEANIQU... | X | 1665 · Permits | 0.00 |
| Check | 9/16/2009 | 1654 | VOID: permit... | 1100 · OCEANIQU... | X | 1665 · Permits | 0.00 |
| Check | 9/16/2009 | 1655 | VOID: permit... | 1100 · OCEANIQU... | X | 1665 · Permits | 0.00 |
| Check | 9/16/2009 | 1657 | VOID: permit... | 1100 · OCEANIQU... | X | 1665 · Permits | 0.00 |
| Check | 9/16/2009 | 1658 | VOID: permit... | 1100 · OCEANIQU... | X | 1665 · Permits | 0.00 |
| Check | 9/16/2009 | 1659 | VOID: permit... | 1100 · OCEANIQU... | X | 1665 · Permits | 0.00 |
| Check | 9/16/2009 | 1660 | VOID: permit... | 1100 · OCEANIQU... | X | 1665 · Permits | 0.00 |
| Check | 9/16/2009 | 1661 | VOID: permit... | 1100 · OCEANIQU... | X | 1665 · Permits | 0.00 |
| Check | 9/16/2009 | 1656 | VOID: permit... | 1100 · OCEANIQU... | X | 1665 · Permits | 0.00 |
| Check | 9/17/2009 | 1668 | plans review ... | 1100 · OCEANIQU... | X | 1665 · Permits | -900.00 |
| Bill | 9/24/2009 | | BEACH DUN | 2050 · ACCOUNTS | | 1665 · Permits | -300.00 |
| Bill Pmt -Check | 9/21/2009 | 1679 | BEACH DUN | 1100 · OCEANIQU... | X | 2050 · ACCO... | -300.00 |
| Check | 9/24/2009 | 1682 | plans review ... | 1100 · OCEANIQU... | X | 1665 · Permits | -525.00 |
| Check | 10/6/2009 | 1697 | plans review ... | 1100 · OCEANIQU... | X | 1665 · Permits | -525.00 |
| Check | 10/6/2009 | 1729 | permit - bldg C | 1100 · OCEANIQU... | X | 1665 · Permits | -267.00 |
| Check | 10/8/2009 | 1735 | permits - 8 | 1100 · OCEANIQU... | X | 1665 · Permits | -3,050.00 |
| Check | 10/22/2009 | 1737 | permits | 1100 · OCEANIQU... | X | 1665 · Permits | -1,365.00 |
| Check | 10/22/2009 | 1736 | permits | 1100 · OCEANIQU... | X | 1665 · Permits | -390.00 |
| Check | 10/28/2009 | 1773 | permits - 10 | 1100 · OCEANIQU... | X | 1665 · Permits | -2,750.00 |
| Check | 11/6/2009 | 1818 | permits - 14 | 1100 · OCEANIQU... | X | 1665 · Permits | -3,140.00 |

*13,687*

*Individual reciepts available upon request*

*13,687.⁰⁰*



Page 1

**EXHIBIT**
**B**

AMERICAN PORTABLE TOILETS, INC.

2195 NORTH KINGS HWY

FORT PIERCE, FL 34951

Ph: (772) 465-1020          Fax: (772) 468-7361

**Service & Rental**

**Invoice**

| Billing Address | Service Address |
|---|---|
| TRICON DEVELOPMENT OF BREVARD, INC.<br>P.O. BOX 320637<br>COCOA BEACH, FL 32932 | (2) OCEANIQUE<br>4160 N HWY A1A, APT #6482<br>FORT PIERCE, FL |

Phone: 321-453-5360

Fax: 321-453-3618 FAX

| CUST # | SLS # | Date | OE | TERMS | P.O. # | Invoice # | Page |
|---|---|---|---|---|---|---|---|
| TRIC002268 | 5137 | 6/2/2009 | SS | ON R | | 63248 | Page 1 / 1 |

| DESCRIPTION | RATE | QTY | TAX% | TAX | AMOUNT |
|---|---|---|---|---|---|
| 5/4/2009- 5/31/2009          PT          SN# 0927 | | | | | |
| WAS UNIT 1244 UNTIL 42105 | | | | | |
| RENTW-REGULAR-Service Interval = 1/WK | 15.00 | 4 | 6.5 | 3.90 | 63.90 |
| DAMGD-REGULAR-Service Interval = 1/WK | 0.05 | 28 | 6.5 | 0.09 | 1.49 |
| 6/2/2009 | | | | | |
| DUE TO RISE IN FUEL COST | 1.84 | 1 | | | 1.84 |
| | | | Total | | 67.23 |
| | | | Total Tax | 3.99 | |

MUST INCLUDE INVOICE NUMBER FOR PAYMENT TO POST CORRECTLY. FOR
BILLING QUESTIONS CALL 772/489-0739 ASK FOR BILLING/THANK YOU FOR
YOUR PATRONAGE



| Statement as of 6/2/2009 | Future: 0.00 | Current: 67.23 | 30 Day: 0.00 | 60 Day: 0.00 | 90 Day: 0.00 | Total Due: 67.23 |
|---|---|---|---|---|---|---|

OCEANIQUE DEVELOPMENT CO (ARH) - 001133

# WASTE PRO

"THE WASTE PROFESSIONALS"

FT. PIERCE
4100 SELVITZ RD
FORT PIERCE FL 34981
PH: (772) 595-9390
FX: (772) 464-6690

TRI CON DEVELOPMENT
PO BOX 320637
COCOA BEACH FL 32932-0637

| INVOICE | DATE | ACCOUNT # |
|---|---|---|
| 0001288513 | 06/08/2009 | 003661 |

Page 1 of 1

| BALANCE FWD | PAYMENTS | ADJUSTMENTS | NEW CHARGES | AMOUNT DUE |
|---|---|---|---|---|
| 743.06 | -190.47 | 0.00 | 188.54 | 741.13 |

THANK YOU FOR YOUR BUSINESS AND PROMPT PAYMENT HAVE A GREAT DAY!

PAYMENT DUE UPON RECEIPT

| | CURRENT | 0-30 DAYS | 31-60 DAYS | 61-90 DAYS | OVER 90 |
|---|---|---|---|---|---|
| | 188.54 | 552.59 | 0.00 | 0.00 | 0.00 |

| SERVICE DATE | QTY | FREQUENCY | DESCRIPTION | CHARGE |
|---|---|---|---|---|
| 06/02/2009 | | | Payment - #001452 | -190.47 |
| 0006610001 - TRI CON DEVELOPMENT 4180 A1A N. ISLAND (DO FIRST THING A.M.) | | | | |
| 06/08/2009 | 1.31 On-Call | | DISPOSAL FEE ROLLOFF | 39.30 |
| | | | ENVIRONMENTAL FEES | 9.86 |
| | | | FUEL SURCHARGE | 14.38 |
| 06/08/2009 | 1.00 On-Call | | 10 YD ROLLOFF HAUL FEE | 125.00 |
| | | | **Site Total:** | 188.54 |
| | | | | 188.54 |

Payment must be received within 30 days of invoice date in order to avoid late charges. Notice: Returned checks are electronically re-presented and charged the State allowed fee.

f10002b        acc1136_103-20090609115943-1-134368813        Tue Jun 9 12:17:49 2009        Page 1 of 1        63

OCEANIQUE DEVELOPMENT CO (ARH) - 001136



WTS Space Coast, LLC
5050 W. Lemon Street
TAMPA, FL 33609
Phone: (772) 465-8550
Fax:



# WORKERS
## TEMPORARY STAFFING, INC.
"Your Skilled Service Provider"

TRI CON DEVELOPMENT
HEATHER
PO BOX 320637
COCOA BEACH, FL 32932

| DATE | INVOICE # |
|------|-----------|
| 08/02/2009 | 82-33352 |

| Terms | Customer # | Amount | Balance Due |
|-------|-----------|--------|-------------|
| NET 14 | 5540 | $392.00 | $392.00 |

OCEANIQUE
4180 N.A1A
FORT PIERCE, FL 34982

| Order # | Date | Name | PO # | WC | Hours REG | OT | DT | Rates REG | OT | DT | OCIP | Amount |
|---------|------|------|------|----|-----------|----|----|-----------|----|----|------|--------|
| 122755 | 07/29/2009 | LOEB, DUSTIN | | 5445 | 8.00 | 0.00 | 0.00 | $12.25 | $18.38 | $24.50 | $0.00 | $98.00 |
| 122755 | 07/29/2009 | SHAVER, EUGENE | | 5445 | 8.00 | 0.00 | 0.00 | $12.25 | $18.38 | $24.50 | $0.00 | $98.00 |
| 122784 | 07/30/2009 | RICE, DAVID | | 5445 | 8.00 | 0.00 | 0.00 | $12.25 | $18.38 | $24.50 | $0.00 | $98.00 |
| 122784 | 07/30/2009 | SHAVER, EUGENE | 299 4331 | 5445 | 8.00 | 0.00 | 0.00 | $12.25 | $18.38 | $24.50 | $0.00 | $98.00 |
| | | Assignment Totals: | | | 32.00 | 0.00 | 0.00 | | | | $0.00 | $392.00 |

OCEANIQUE DEVELOPMENT CO (ARH) - 000776

JUL-28-2009 08:44  FROM:PAK MAIL       (772)770-3699      TO:13214533618        P.1        ④

# JOB INVOICE

### Mountain-Aire, LLC
### 1-866-226-6242
### CAC #1816287

Federal I.d.# – 27-0190230

| DATE ORDERED 7-24-09 | ORDER TAKEN BY |
|---|---|
| PHONE NO. | CUSTOMER ORDER # |

TO Tricon Development of Brevard
ADDRESS 4180 NA1A (Oceanique)
Fort Pierce, Fl. 34949
ATTENTION IAN- Heather

| JOB LOCATION | |
| JOB PHONE 321-453-3618 FAX | STARTING DATE |
| TERMS 321-453-5360 | |

| QTY | MATERIAL | UNIT | AMOUNT | DESCRIPTION OF WORK |
|---|---|---|---|---|
| 6 | Removed air Handler | $75- | $450- | Removed 6 air Handlers. Sealed lines. Also repaired a/c in lobby. Left all equipment at worksite. |
| ✓ | Repaired lobby a/c | $45- | $45- | |

MISCELLANEOUS CHARGES

| | LABOR | HRS. | RATE | AMOUNT |
|---|---|---|---|---|

| WORK ORDERED BY | | TOTAL LABOR | |
| DATE ORDERED | | TOTAL MATERIALS | |
| DATE COMPLETED | | TOTAL MISCELLANEOUS | |
| | | SUBTOTAL | |
| CUSTOMER APPROVAL SIGNATURE | | TAX | |
| AUTHORIZED SIGNATURE | | GRAND TOTAL | $495- |

adams NC2817
MADE IN MEXICO

## JOB INVOICE

OCEANIQUE DEVELOPMENT CO (ARH) - 000636





945 Wagner Place
FORT PIERCE, FL 34982
(772)464-6900 FAX-(772)461-8327

# INVOICE

| TYPE | INVOICE DATE | INVOICE # |
|------|--------------|-----------|
| SO | 08/20/09 | 4083259-00 |

| CUSTOMER ID | PO No. | PAGE # |
|-------------|--------|--------|
| HAYV | | 1 |

SHIP TO:    145091-OCEANQUE
4180 NORTH A1A
OCEANQUE 13 STORY
FORT PIERCE, FL  34945

145091-

REMIT TO:
ATLANTIC BUILDING MATERIALS
PO BOX 277525
ATLANTA GA 30384-7525

BILL TO:

TRICON DEVELOPMENT OF BREVARD

| | INSTRUCTIONS | |
|---|---|---|
| SHIPPED VIA | | SHIP VIA |
| FPII Atlantic Buil | Our Truck | |
| SHIPPED | TERMS | CUST NO |
| 08/20/09 | Net  30th | 145091 |

| LINE NO. | PRODUCT AND DESCRIPTION | QUANTITY ORDERED | QUANTITY B.O. | QTY. SHIPPED | QTY. UM | UNIT PRICE | AMOUNT (NET) |
|---|---|---|---|---|---|---|---|
| | American gypsum | | | | | | |
| | 115 pc unit 1201 | | | | | | |
| | 110 pc unit 1202 | | | | | | |
| | 110 pc unit 1204 | | | | | | |
| 1 | 38100060 | 335 | 0 | 335 | PC | 145.00 | 2331.60 |
| | 1/2IN 4X12 REGULAR GWB | | | 16080 | SQF | MSF | |
| | | | | | | | |
| 1 | Lines Total | Qty Shipped Total | | 335 | Total | | 2331.60 |
| | | | | | Fuel Charge | | 25.00 |
| | | | | | Taxes | | 151.56 |
| | | | | | Amount Due | | 2508.16 |

**********************************************
ALL WALLBOARD ON THIS ORDER WAS MANUFACTURED IN THE U.S
IN ACCORDANCE WITH ASTM C1396 BY A MEMBER OF THE GYPSUM
ASSOCIATION
**********************************************

Last Page

SEE TERMS & CONDITIONS ON THE REVERSE SIDE
Item "*" Net - No Discount

AT  I0822-120-3-6

OCEANIQUE DEVELOPMENT CO (ARH) - 000551

AUG-24-2009 18:15 From:CUST SVC #1102      727 429 5428       To:3214533618       P.1/1      (6)

# Tricon Development

# Invoice

Number: **1001**

Date:      **August 23, 2009**

**Bill To:**
Ian
Tricon  Development
(321) 863-9846
Ft.  Pierce, Fl.

**Ship To:**
Manuel Gamez
G.C.J. Construction

| PO Number | Terms | Project |
|---|---|---|
|  |  | 4180 NA1A F.t Pierce |

| Date | Description | Hours | Rate | Amount |
|---|---|---|---|---|
| 08/24/09 | Drywall hang on unit 1103 | 130.00 | 7.50 | 975.00 |
| 08/24/09 | Drywall hang on unit 1004 | 130.00 | 7.50 | 975.00 |
| 08/24/09 | Drywall hang on unit 1102 | 130.00 | 7.50 | 975.00 |
| 08/24/09 | Drywall finishing on unit 1103 | 130.00 | 7.50 | 975.00 |
| 08/24/09 | Drywall spray texture on unit 1103 | 15.00 | 2.25 | 33.75 |

*Need to review*

|  |  | | Total | $3,933.75 |

*# 1596*
*8/28/09*

| 0 - 30 days | 31 - 60 days | 61 - 90 days | > 90 days | Total |
|---|---|---|---|---|
| $3,933.75 | $0.00 | $0.00 | $0.00 | $3,933.75 |

OCEANIQUE DEVELOPMENT CO (ARH) - 000518





## SIMS
### CRANE & EQUIPMENT CO.
P.O. Box 11825 Tampa, FL 33680-1825
Ph.-(813) 626-8102 Fax (813) 626-6255



121810

TRICON DEVELOPMENT OF BREVARD, INC.
P.O. BOX 320637
COCOA BEACH, FL 32932

| InvoiceID | 189967 |
|---|---|
| Invoice Date: | 08/21/2009 |
| Job No. | 121810 |
| Salesperson | VERO BEACH DISPATCH |
| Yard: | VERO BEACH |

Job Info:
OCEANIQUE
4180 N. A1A
FORT PIERCE , FL

| Customer Phone | (321) 453-5360 |
|---|---|
| Customer Fax | (321) 453-3618 |
| Customer P.O. | HEATHER |
| Terms: | NET DUE ON RECEIPT |

| DATE | DESCRIPTION | UNIT NO | QTY | U/M | RATE | TOTAL |
|---|---|---|---|---|---|---|
| 08/18/2009 | 40 Ton Crane Operated Rental Hourly | TC221 | 9.50 | HOUR | $150.00 | $1,425.00 |
| 08/18/2009 | Operator Overtime | | 1.50 | HOUR | $30.00 | $45.00 |

| | |
|---|---|
| SubTotal: | $1,470.00 |
| Invoice Total: | $1,470.00 |

Page 1 of 1
Due to escalating costs it has become necessary for Sims Crane to attach a 5% Surcharge to all Operated Rentals.
**FT MYERS – MULBERRY – ORLANDO – TAMPA – VERO BEACH – MIAMI – DAYTONA BEACH**
**WE SEND NOTICE TO OWNER ON ALL INVOICES NOT PAID WITHIN 30 DAYS**
produce by LIFTRAC®

OCEANIQUE DEVELOPMENT CO (ARH) - 001481

**From:** Keiser, Jeff [mailto:jeff@colson.com]
**Sent:** Monday, October 13, 2014 5:07 PM
**To:** Thalgott, Garrett
**Cc:** Montoya, Patrick
**Subject:** FW: Oceaneaque

Garrett –

Apologies for the delay in getting back to you. We do understand you have the Yanes Report for one unit of the development. However, we have supplied you with additional evidence including photographic evidence of KPT board and 3 affidavits of people intimately involved in the demolition and construction of the project. If you need us to send the photos again, we are happy to do so. Likewise, the inclusion of Banner as the source of the board indicates that some percentage of the project was built with KPT board.

As such, we are hopeful that your clients will tender an offer before mediation so that we can start a dialogue with our clients and your own. Please advise as to the dates and location needed for the mediation. Thanks in advance.

EXHIBIT
C

Jeff J. Keiser
Colson Hicks Eidson
1100 Poydras Street - Suite 2800
New Orleans, LA 70163
Phone: 504-210-7325
e-mail: jeff@colson.com

**From:** Montoya, Patrick
**Sent:** Monday, September 22, 2014 3:16 PM
**To:** Thalgott, Garrett; Gonzalez, Ervin
**Cc:** Keiser, Jeff
**Subject:** RE: Oceaneaque

Garrett,
Late October looks better for us, but we could accommodate either. Will venue be Miami? I'll see how many samples are on hand and let you know shortly.

Patrick S. Montoya
Partner
Colson Hicks Eidson
255 Alhambra Circle, Penthouse
Coral Gables, FL 33134
Office:  305.476.7400
Fax:      305.476.7444
email:  Patrick@colson.com

**From:** Thalgott, Garrett [mailto:GThalgott@frilot.com]
**Sent:** Monday, September 22, 2014 12:34 PM
**To:** Montoya, Patrick; Gonzalez, Ervin
**Cc:** Keiser, Jeff
**Subject:** RE: Oceaneaque

How does the last week of October or the first week of November look for open dates?

Also, could you tell me what your client has on hand to inspect? Do they have drywall samples? If so, do you know how many they have on hand to inspect?

**From:** Montoya, Patrick [mailto:patrick@colson.com]
**Sent:** Friday, September 12, 2014 2:41 PM
**To:** Thalgott, Garrett; Gonzalez, Ervin
**Cc:** Keiser, Jeff
**Subject:** RE: Oceaneaque

Thank you. Let us know if your client wants to inspect what the client has on hand. We look forward to hearing from you next week with some dates.

Regards,

Patrick S. Montoya
Partner
Colson Hicks Eidson
255 Alhambra Circle, Penthouse

2

Coral Gables, FL 33134
Office:  305.476.7400
Fax:      305.476.7444
email: Patrick@colson.com

**From:** Thalgott, Garrett [mailto:GThalgott@frilot.com]
**Sent:** Friday, September 12, 2014 3:21 PM
**To:** Montoya, Patrick; Gonzalez, Ervin
**Subject:** Oceaneaque

I wanted to let you know that we received your letter. We were thinking late October/early November (Kerry has a full calendar). I will be in touch next week and we can look at pinning down some specific dates. Feel free to contact me if anything comes up.

Garrett

Garrett W. Thalgott
Frilot LLC
1100 Poydras, Ste. 3700
New Orleans, LA 70163
Direct: (504) 599-8247
Fax: (504) 619-4984

# Exhibit D

# Provided Electronically



EXHIBIT

E





















