## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE:  CHINESE-MANUFACTURED DRYWALL PRODUCTS LIABILITY LITIGATION | MDL NO. 2047 SECTION: L |
| THIS DOCUMENT RELATES TO: ALL CASES AND | JUDGE FALLON |
| *Germano, et al. v. Taishan Gypsum Co., Ltd., f/k/a Shandong Taihe Dongxin Co. Ltd., et al.*, Case No. 09-6687 (E.D.La.); | MAG. JUDGE WILKINSON |
| *Gross, et al. v. Knauf Gips, KG, et al.*, Case No. 09-6690 (E.D.La.); | |
| *Wiltz, et al. v. Beijing New Building Materials Public Limited Co., et al.*, Case No 10-361 (E.D.La.); | |
| *Amorin, et al. v. Taishan Gypsum Co., Ltd. f/k/a Shandong Taihe Dongxin Co., Ltd., et al.*, Civ. Action No. 11-1672 (E.D.La.); | |
| *Amorin, et al. v. Taishan Gypsum Co., Ltd. f/k/a Shandong Taihe Dongxin Co., Ltd., et al.*, Civ. Action No. 11-1395 (E.D.La.); | |
| *Amorin, et al. v. Taishan Gypsum Co., Ltd. f/k/a Shandong Taihe Dongxin Co., Ltd., et al.*, Civ. Action No. 11-1673 (E.D.La.) | |

**PLAINTIFFS' RESPONSE IN OPPOSITION TO DEFENDANTS' MOTIONS FOR LEAVE TO FILE SUR-REPLY BRIEFS IN OPPOSITION TO PLAINTIFFS' MOTION FOR ASSESSMENT OF CLASS DAMAGES PURSUANT TO RULE 55(b)(2)(B)**

I.     **INTRODUCTION**

Plaintiffs oppose the motions for leave to submit sur-reply briefs filed by Beijing New Building Material (Group) Co., Ltd. ("BNBM Group") and Beijing New Building Materials Public Limited Company ("BNBM")(Rec.Doc. 19022)[collectively "BNBM"], and Taishan Gypsum Co. Ltd. ("Taishan")(Rec.Doc. 19021).

II.    **ARGUMENT**

The Defendants' proposed submissions offer no new insights.  They repackage arguments already made and extensively briefed in earlier submissions, or repeat the same arguments submitted in their new motions seeking to exclude Plaintiffs' damages expert, Mr. Inglis.  It appears that the proposed sur-reply briefs of the defendants merely reiterate their already worn and rejected arguments that class certification was and remains improper, that aggregated class damages can not be formulaically established at the June 9 trial, and that the defendants' defaults do not constrain their ability to challenge anything other than the quantum of plaintiffs' damages.  This legal terrain has already been traversed.

Notably, these Defendants all but ignore this Court's Order and Reasons of May 26, 2015 (Rec.Doc. 18998), which denied Taishan's motion to modify the scheduling order, in part, on the grounds that class certification was improper and that the class should be decertified.  Therein, this Court rejected analogous arguments to those that these defendants are proposing to submit, *i.e.,* that plaintiffs' refinement of their methods of proving aggregated class damages is not the superior method for proving same and may not be advanced at the June 9 Hearing.  Apart from finding Taishan's request for a continuance "a non sequitur," the Court found "no due process

violation in proceeding as planned on June 9." *Id.* at 4.  The Court specifically recognized that Plaintiffs' refinements to their damages model "does not alter the sufficiency of the notice," *Id.*, which correlates to the class proceeding as contemplated with subsequent Phases to address individualized damages, which the Court also approved.  *Id.* at 5.   It is plain that the Defendants want to avoid the efficiencies of a unified trial where aggregate damages are established. Defendants plainly favor the non-class approach.  But they should be cautioned that getting what they ask for is not likely to provide any different result, with the exception of a multiplicity of litigation that will unnecessary bog down these proceedings that have already been taking far too long to resolve for any of the afflicted plaintiffs.  Similar endeavors to delay these proceedings were rejected.  *Id.* at 4*, citing Umbriac v. American Snack Food*, 388 F.Supp. 265, 275 (E.D.Pa. 1977); *Sley v. Jamaica Water and Utilities, Inc.*, 77 F.R.D. 391, 294 (E.D.Pa. 1977).

   Apparently, the Defendants did not get the message that enough is enough.  They still reflexively attempt to pile on to their already lengthy and discredited arguments.  Sur-reply briefing, often duplicative of previous arguments, is generally unhelpful where the matters were previously addressed or capable of being addressed in earlier papers, as was the case here.  *See Ben–Kotel v. Howard University*, 319 F.3d 532, 536 (D.C. Cir. 2013) (sur-replys are to be afforded where parties are unable to contest matters presented to the court for the first time in the last scheduled pleading); *PHI, Inc. v. Rolls-Royce Corp.*, 2010 WL 883794, *9 (W.D.La. March 9, 2010) (denying motion for leave to submit sur-reply because it was repetitive and unhelpful). Such additional briefing delays proceedings and often begets even *more* additional briefing.

   Plaintiffs submit that the time has plainly come to have the damages hearing, not belabor matters that have already been fully briefed by the Defendants and proven by the Plaintiffs to be

wanting.  Indeed, even a brief perusal of the issues raised by the Defendants' proposed sur-reply briefs demonstrates that their arguments are invalid:

     * Taishan and BNBM's arguments that *Cimino* and *Fibreboard* preclude proving aggregate class damages are unavailing.[1]  Neither of these cases involved defaulted defendants entering their appearances in the ligitation *after* class certification was approved and notice to the class advising of the method of proving damages had already issued.  Further, neither of these personal injury cases address the situation that Plaintiffs previously demonstrated here, *i.e.*, that all of the state laws of the jurisdictions involved uniformly permit plaintiffs to recover damages for property remediation.[2]  And, where damages may be uniformly proven, courts have approved such aggregate proofs in the context of class procedings.  See *Samuel-Bassett v. Kia Motors America, Inc.*, 34 A.3d 1, 39-42 (Pa. 2011) (class action involving faulty automobile brakes); *Meighan v. U.S. Sprint Communications Co.*, 924 S.W. 632, 638 (Tenn. 1996) (trespass and property damage claims).[3]

---

     [1]*See Cimino v. Raymark Industries, Inc.*, 151 F.3d 297 (5th Cir. 1998) and *In re FibreBoard Corp.*, 893 F.3d 76 (5th Cir. 1990).

     [2]*See* Plaintiffs' Reply Brief in Support of Motion for Assessment of Class Damages Pursuant to Rule 55(b)(2)(B), Exhibit 53 (Analysis of Damages Jurisprudence) [Rec.Doc. 18958, filed under seal].

     [3]*Corley v. Orangefield Indep. Sch. Dist.*, 152 F. App'x 350, 354 (5th Cir. 2005) does not demand a different result.  In *Corley*, landowners in Texas, Louisiana and Mississippi contended that Entergy's fiber optic cables installed in its existing network were violating easements and rights-of-way obtained to transmit electricity and internal communications.  In this unpublished, per curiam opinion, the appellate panel concluded that the district court did not abuse its discretion by concluding that individualized damage calculations would defeat certification where the plaintiffs provided "no evidentiary support" to disprove random variation in easement valuation.  *Id*. at 354.  That is not the case here because Plaintiffs have produced evidence of estimates based on contractor bids and RS Means data converted to dollars / sq ft which constitutes a well-established methodology to develop remediation costs.  *See In re*

* Both Taishan and BNBM contend that Plaintiffs support for calculating aggregated class damages on a formulaic basis is derived from antitrust cases, and applicable only to antitrust cases.  This argument is not only incorrect, *see, e.g.*, *Samuel-Bassett, supra; Meighan, supra,* but a misreading of Plaintiffs' Reply Brief.  (Rec.Doc. 18958 at 40-44).  *See also* Memorandum in Support of Plaintiff's Motion to Limit the Testimony of Defendants' Expert Laurentius Marais Pursuant to Fed.R.Evid. 702 and 401 and Motion To Strike the Revised Declaration of Dr. Marais at 12-13 (Rec.Doc. 19014, filed under seal).

* Taishan again revisits and challenges class certification.  Taishan takes issue with Plaintiffs' refinements to class damages calculations due the scrutiny employed by the Taishan Defendants.  The May 26, 2015 Order and Reasons (quoted above) should disabuse Taishan of its argument.  Order & Reasons at 5.  Further, since Taishan is "here to adjudicate who is owed and how much they are owed," Taishan Brf. at 1, its argument complaining that damage calculations have narrowed and aremore precise is as this Court noted a complete "non sequitur."

---

*Chinese-Manufactured Drywall Prods. Liab. Litig.*, 706 F.Supp.2d 655, 688 (E.D.La. 2010) ("Germano FOFCOL") (approving of methodology employing both bids and RS Means to arrive at per square foot pricing of remediation costs); *In re Chinese-Manufactured Drywall Prods. Liab. Litig.*, 2010 WL 1710434, *19 (E.D.La. April 27, 2010) ("Hernandez FOFCOL") (approving of bids and RS Means as an acceptable source for calculating cost estimates for remediation).  Further, Plaintiffs' expert, Mr. Inglis, has opined that aggregated class remediation damages may be calculated through use of his universal scope of work (developed over time and based on repeated continuous observations, expert submissions, federal and state guidelines, and orders of this Court) which was adjusted to present value using RS Means data and even further refined by applying zip code specific RS Means cost data to the available square footage data. (Rec.Doc. 18958-52, ¶52).  In light of the present record of proof of damages employing RS Means, *Corley* would appear to support class certification since a suitable formula for calculation of damages exists.  *Corley*, 152 F. App'x at 355.  The variances of "value, character and location of the property" that gave the *Corley* panel pause, *id.*, are of no moment here since a mechanical formula that provides a reliable estimate of the costs of remediating the interiors of CDW damaged buildings and accounts for such differences can and will be applied.

Finally, this Court has announced that it will deal with Taishan's motion to decertify the class, and BNBM's joinder therein, in due course.[4]  Now is not the time to re-challenge this Court's orders, including any additional Phases of the damage assessment proceedings.[5]

    * Taishan and BNBM contend that Plaintiffs are improperly employing statistical sampling to derive the entirety of class remediation damages.  Defendants' assertions are misplaced.  Mr. Inglis employed a uniform scope of work that has already received the imprimatur of this Court to calculate to a reasonable degree of professional certainty class-wide remediation damages.  Mr. Inglis relied on repeated and consistent scope and cost observations over the 2010 - 2015 period, which was priced using standard square footage pricing methods recognized by RS Means.

    * Both Defendants appear to improperly contend that, despite their defaults, they can relitigate any and all issues (including liability) in the context of challenging damages.  Plaintiffs'

---

[4]The Inglis methodology does not violate the reasoning of *In re Chevron U.S.A., Inc.,* 109 F.3d 1016 (5th Cir.1997), because (as was already explained in Plaintiffs' Reply Brief) the case is distinguishable since it was NOT a class action and the panel's expressed due process concerns for representativeness have been addressed by this Court' rigorous analysis of the Rule 23 standards.  Further distinguishing *Chevron* is the fact that the class Plaintiffs are not employing bellwether or sampling methods, but are instead relying on Mr. Inglis's analysis which estimates damages for each class member based on an accepted and reliable formulaic methodology.

[5]Taishan includes in its argument challenging class certification, the unfounded assertion that Mr. Inglis' remediation estimate exceeds the fair market value of one of the plaintiffs' homes to demonstrate the need for individualized damage assessments.  Taishan Brf. at 7-8.  No fair reading of the portion of Mr. Inglis's deposition cited by Taishan could lead to this conclusion. The fair market value of the Everard's property was never established, and Taishan's counsel conceded that point on record at the deposition.  *See* Inglis Depo. at 295. (Mr. Seeger: "I'm going to object.  You're asking him if the number is higher than the number on that page, right? Because I don't know – none of us know if that's fair market value.  Mr.Block: Yeah."). Taishan's manufactured arguments should not be permitted to interrupt legitimate aggregate class proof of damages, especially when they are patently false.

Reply Brief clearly explicated the applicable law.  Defendants are limited to challenging only the quantum of damages.

* BNBM's challenges to Plaintiffs' estoppel arguments and alter ego arguments are incorrect.  Further, BNBM recognizes these issues are not to be addressed at the June 9 Hearing. Simply because they could not help but raise an admittedly irrelevant argument, is not good grounds for allowing that irrelevant argument. This is a prime example of why the proposed sur-reply brief should not be permitted.

III.    **CONCLUSION**

The proposed sur-reply briefs of the defendants are duplicative, repetitive and unhelpful. For all of the reasons set forth above, Defendants' motion for leave to submit sur-reply briefs should be denied.

Respectfully submitted,

Dated: June 1, 2015

/s/ Russ M. Herman
Russ M. Herman (LA Bar No. 6819)
Leonard A. Davis (LA Bar No. 14190)
Stephen J. Herman (LA Bar No. 23129)
HERMAN, HERMAN & KATZ, LLC
820 O'Keefe Avenue
New Orleans, Louisiana 70113
Phone: (504) 581-4892
Fax: (504) 561-6024
Ldavis@hhklawfirm.com
*Plaintiffs' Liaison Counsel*
*MDL 2047*

Arnold Levin (on the brief)
Fred S. Longer (on the brief)
Sandra L. Duggan (on the brief)
Matthew C. Gaughan (on the brief)
Levin, Fishbein, Sedran & Berman
510 Walnut Street, Suite 500
Philadelphia, PA 19106
215-592-1500 (phone)
215-592-4663 (fax)
Alevin@lfsblaw.com
*Plaintiffs' Lead Counsel*
*MDL 2047*

### PROPOSED CLASS COUNSEL TO CLASS PLAINTIFFS' STEERING COMMITTEE

Dawn M. Barrios
Barrios, Kingsdorf & Casteix, LLP
701 Poydras Street, Suite 3650
New Orleans, LA 70139
Phone: (504) 524-3300
Fax: (504) 524-3313
Barrios@bkc-law.com

Daniel E. Becnel, Jr.
Becnel Law Firm, LLC
425 W. Airline Highway, Suite B
Laplace, LA 70068
Phone: (985) 536-1186
Fax: (985) 536-6445
dbecnel@becnellaw.com

Peter Prieto
Podhurst Orseck, P.A.
25 Flagler Street, 8th Floor
Miami, FL 33130
Phone: (305) 358-2800
Fax: (305) 358-2382
pprieto@podhurst.com

Bruce William Steckler
Steckler, LLP
12720 Hillcrest Road, Ste 1045
Dallas, TX 75230
Phone: (972) 387-4040
Fax: (972) 387-4041
bruce@stecklerlaw.com

Ervin A. Gonzalez
Colson, Hicks, Eidson
255 Alhambra Circle, Penthouse
Cora Gables, FL 33134
Phone: (305) 476-7400
Fax: (305) 476-7444
ervin@colson.com

Ben W. Gordon, Jr.
Levin, Papantonio, Thomas, Mitchell
 Echsner & Proctor, P.A.
316 S. Baylen Street, Suite 600
Pensacola, FL 32502
Phone: (850) 435-7000
Fax: (850) 435-7020
bgordon@levinlaw.com

Hugh P. Lambert
The Lambert Firm
701 Magazine Street
New Orleans, LA 70130
Phone: (504) 581-1750
Fax: (504) 529-2931
hlambert@thelambertfirm.com

Gerald E. Meunier
Rachel Sternlieb
Gainsburgh, Benjamin, David, Meunier
 & Warshauer, LLC
2800 Energy Centre, 1100 Poydras Street
New Orleans, LA 70163-2800
Phone: (504) 522-2304
Fax: (504) 528-9973
gmeunier@gainsben.com

Jerrold Seth Parker
Parker Waichman, LLP
3301 Bonita Beach Road
Bonita Springs, FL 34134
Phone: (239) 390-1000
Fax: (239) 390-0055
Jerry@yourlawyer.com

Scott Wm. Weinstein
Morgan & Morgan
12800 University Drive, Suite 600
Ft. Meyers, FL 33907
Phone: (239) 433-6880
Fax: (239) 433-6836
sweinstein@forthepeople.com

James Robert Reeves
Reeves & Mestayer, PLLC
160 Main Street
Biloxi, MS 39530
Phone: (228) 374-5151
Fax: (228) 374-6630
jrr@attorneys4people.com

Christopher Seeger
Seeger Weiss, LLP
77 Water Street
New York, NY 10005
Phone: (212) 584-0700
Fax: (212) 584-0799
cseeger@seegerweiss.com

Victor M. Diaz, Jr.
V.M. Diaz and Partners, LLC
119 Washington Ave, Suite 402
Miami Beach, FL 33139
Phone: (305) 704-3200
Fax: (305) 538-4928
victor@diazpartners.com

Daniel K. Bryson
Whitfield, Bryson & Mason, LLP
900 W. Morgan Street
Raleigh, NC 27603
Phone: (919) 600-5000
Fax: (919) 600-5002
dan@wbmllp.com

Richard J. Serpe
Law Offices of Richard J. Serpe
Crown Center, Ste. 310
580 East Main Street
Norfolk, VA 23510-2322
Phone: (757) 233-0009
Fax: (757) 233-0455
rserpe@serpefirm.com

**OF COUNSEL TO PLAINTIFFS' STEERING COMMITTEE**

Richard S. Lewis (on the brief)
Kristen Ward Broz (on the brief)
HAUSFELD LLP
1700 K Street, N.W
Suite 650
Washington, DC 20006
Phone: (202) 540-7200
Fax:  (202) 540-7201
rlewis@hausfeldllp.com

Andrew A. Lemmon
Lemmon Law Firm, LLC
P.O. Box 904
15058 River Road
Hahnville, LA 70057
Phone: (985) 783-6789
Fax: (985) 783-1333
andrew@lemmonlawfirm.com

Anthony D. Irpino
IRPINO LAW FIRM
2216 Magazine Street
New Orleans, LA 70130
Phone: (504) 525-1500
Fax: (504) 525-1501
airpino@irpinolaw.com

<u>**CERTIFICATE OF SERVICE**</u>

I hereby certify that the above and foregoing has been served on Defendants' Liaison Counsel, Kerry Miller, by e-mail and upon all parties by electronically uploading the same to LexisNexis File & Serve in accordance with Pre-Trial Order No. 6, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2047 on this 1st day of June, 2015.

/s/ Leonard A. Davis
Leonard A. Davis
HERMAN, HERMAN & KATZ, LLP
820 O'Keefe Avenue
New Orleans, Louisiana 70113
Phone: (504) 581-4892
Fax: (504) 561-6024
Ldavis@hhklawfirm.com
Plaintiffs' Liaison Counsel
MDL 2047

*Co-counsel for Plaintiffs*

11