UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: CHINESE-MANUFACTURED DRYWALL PRODUCTS LIABILITY LITIGATION | MDL NO. 2047<br>SECTION: L |
| THIS DOCUMENT RELATES TO:<br>ALL CASES AND | JUDGE FALLON |
| *Germano, et al. v. Taishan Gypsum Co., Ltd., f/k/a Shandong Taihe Dongxin Co. Ltd., et al.*, Case No. 09-6687 (E.D.La.); | MAG. JUDGE WILKINSON |
| *Gross, et al. v. Knauf Gips, KG, et al.*, Case No. 09-6690 (E.D.La.); | |
| *Wiltz, et al. v. Beijing New Building Materials Public Limited Co., et al.*, Case No 10-361 (E.D.La.); | |
| *Amorin, et al. v. Taishan Gypsum Co., Ltd. f/k/a Shandong Taihe Dongxin Co., Ltd., et al.*, Civ. Action No. 11-1672 (E.D.La.); | |
| *Amorin, et al. v. Taishan Gypsum Co., Ltd. f/k/a Shandong Taihe Dongxin Co., Ltd., et al.*, Civ. Action No. 11-1395 (E.D.La.); | |
| *Amorin, et al. v. Taishan Gypsum Co., Ltd. f/k/a Shandong Taihe Dongxin Co., Ltd., et al.*, Civ. Action No. 11-1673 (E.D.La.) | |

**PLAINTIFFS' MEMORANDUM IN SUPPORT OF *EX PARTE* MOTION TO STRIKE DEFENDANTS' SUPPLEMENTAL EXPERT DECLARATIONS AND TESTIMONY**

In response to the sudden appearance of Defendants in this litigation and repeated requests for continuances, the Court rescheduled the Class Damages Hearing from February 12, 2015 to March 17, 2015, to April 28, 2015 and finally to June 9, 2015. (*see* Rec. Doc. 18331).

1

To facilitate the request by counsel for Taishan and BNBM that they participate in the Class Damages Hearing the parties, under the direction of the Court, negotiated and, on April 28, 2015 submitted to the Court a Stipulated and Agreed Scheduling Order for the June 9, 2015 Class Damages Hearing ("Scheduling Order"). (Rec. Doc. 18771-1). The Scheduling Order provided for an aggressive schedule governing discovery, disclosures and briefing in advance of the June 9th Class Damages Hearing, including:

- April 27, 2015 for service of an amended expert report from George Inglis, P.E. (*id.*, ¶ 1)
- May 8, 2015 for service of Defendants' rebuttal reports (*id.*, ¶ 2(a))
- May 19, 2015 for the completion of the deposition of Plaintiff's expert (*id.*, ¶ 5)
- May 22, 2015 for the completion of the deposition of Defendants' experts (*id.*, ¶ 6)
- May 26, 2015 for the completion of any fact witnesses (*id.*, ¶ 8)
- May 29, 2015 for the filing of any motions *in limine* and/or *Daubert* motions (*id.*, ¶ 9)

In conformity with the Scheduling Order, Plaintiffs served the Affidavit of George J. Inglis, P.E. on April 27, 2015 and Defendants served the declarations of their two experts David A Pogorilich, CGC, MBA and Laurentius Marais, PhD., on May 7, 2015. On May 15, 2015, Plaintiffs served on Defendants a revised Declaration of George J. Inglis, P.E., which Declaration merely reflected a shortened list of properties at issue at the June 9, 2015 Hearing, removed the calculation of Alternate Living Expenses, and modified the average calculation for 7 unverified properties.[1] Shortly thereafter, on May 19, 2015, Mr. Inglis was deposed by Defendants, including on the minimal changes reflected in his Declaration. Mr. Inglis responded to extensive questioning about his revised declaration.

---

[1] In denying Defendant's Motion to Modify Scheduling Order, this Court appreciated that Mr. Inglis' Declaration was offering mere "refinements" on his earlier Affidavit. (Rec. Doc. 18998). For the calculation related to the 7 unverified properties, the revised Declaration of Mr. Inglis also relied on and referred to a memo from a statistician (Mr. Grossman), which memo was produced as reliance material with the Declaration.

Plaintiffs then deposed Defendants' experts, Dr. Marais on May 21, 2015 and Mr. Pogorilich on May 22, 2015. Both defendant experts had received by that time, and were in a position to comment upon, the revised Inglis Declaration of 6 to 7 days earlier. The parties filed their motions related to excluding and/or limiting expert testimony on May 29, 2015.

Now, just over a week before the Class Damages Hearing, on June 1, 2015, Defendants have served supplemental declarations for these same two experts. The purpose of the timing, like the impropriety under the Scheduling Order, is clear: Defendants are seeking to distract Plaintiffs during their final preparations for the Class Damages Hearing and otherwise prejudice Plaintiffs in their efforts to obtain relief for homeowners with Taishan drywall. There is simply no justification for providing new expert reports with only a week to go before the hearing.

Defendants had all the facts they needed from Mr. Inglis through his revised Declaration on May 15th which did nothing to change the substance of his April 27th opinion in that his method of calculating damages remained unchanged. The Scheduling Order makes clear that Defendants' expert reports were not reliant on Mr. Inglis deposition, since it set the deadline for reports *before* the date for completion of expert depositions. Yet Defendants now seek the right to challenge Mr. Inglis opinions more than a week afer the depositions of Defendants' experts and after the date for *Daubert* and related motions has passed. Defendants' attempts to get in the last word are disingenuous. Indeed, the reports themselves were dated last week – the Supplemental and Updated Declaration of M. Laurentius Marais, Ph.D. is dated May 28, 2015

and the Supplemental Declaration of David A Pogorilich, CGC, MBA is dated May 29, 2015 – but were not served until today.[2]

Defendant's eleventh hour service of these late expert declarations is not permitted under the Federal Rules or the Scheduling Order. Rule 26 does not "grant a license to file a supplemental report merely because one wants to. Rather, it imposes specific obligations upon a party to revise or supplement a previous expert report when it learns that in some material respect the expert's report or deposition testimony is 'incomplete or incorrect,' or by order of the court. Fed.R.Civ.P. 26(e)(1)(A)." *U.S. ex rel. McBride v. Halliburton Co.*, 272 F.R.D. 235, 237 (D.D.C. 2011); *see also Diaz v. Con-Way Truckload, Inc.*, 279 F.R.D. 412, 420-21 (S.D. Tex. 2012). No facts had changed between the depositions of their experts and the service of the supplemental reports – nothing to change or correct. Rather, Defendants had already deposed Mr. Inglis about each of his reports long before it sought to add to the testimony of their experts.

Notably, the parties agreed to a scheduling protocol which did not contemplate any post-deposition expert reports. Such reports are especially problematic, after the close of discovery for the June 9th Class Damages Hearing. *See McBride*, 272 F.R.D. at 236-37 ("it is clear that there is no right to file a supplemental expert report. To the contrary, the order accepting the parties' *Joint Motion for Adjustment of Scheduling Order* . . . clearly anticipated the conclusion of the submission of expert reports and rebuttals. . . . It certainly did not contemplate that there

---

[2] In his deposition, Dr .Marais did signal his intention of producing, at some later date, a supplemental report for Dr. Marais. Accordingly, on May 29, 2015, Plaintiffs filed their Motion To Limit The Testimony Of Defendants' Expert Laurentius Marais Pursuant To Fed. R. Evid. 702 And 401 And *Motion To Strike The Revised Declaration Of Dr. Marais*. (Rec. Doc. 19014-1, Exhibit 2). Defendants had never signaled any such intention in regards to Mr. Progorilich even during the course of his May 22, 2015 deposition. Trial by ambush is not proper.

4

would be, in effect, another round of expert reports."); *see also Leviton Mfg. Co. v. Nicor, Inc.*, 245 F.R.D. 524, 529 (D.N.M. 2007) (leave of Court required to file supplemental expert report that was late under governing schedule). Defendants agreed to an orderly presentation of reports *in advance* of the service of taking of expert witness depositions, with no provision for the rendering of reports about which an expert could not be questioned before the hearing.[3]

Even though the parties have agreed to a condensed time frame for expert witness reports and discovery, Rule 26 likewise recognizes that any supplements to the expert report must be disclosed at least thirty days before trial "[u]nless the court orders otherwise." Fed.R.Civ.P. 26(a)(3). Here, the only revised report was offered by Mr. Inglis, before defendants were given the opportunity to depose him.

Accordingly, Plaintiffs request that the Supplemental and Updated Declaration of M. Laurentius Marais, Ph.D. and the Supplemental Declaration of David A Pogorilich, CGC, MBA be stricken and that no testimony related to these Supplemental Declarations be permitted at the June 9th Class Damages Hearing.

---

[3] Regarding the importance of the Supplemental Declarations just served by Defendants, the Scheduling Order required that any expert of Defendants submitting an expert report in connection with the June 9, 2015 hearing must be made available for deposition within this agreed-upon schedule or else will not be allowed to testify at the hearing. (*id.*, ¶ 6). IN fact, this language was proposed by Defendants' counsel. Defendants cannot evade this clear limitation by re-using already disclosed experts to submit new opinions.

Dated: June 1, 2015					Respectfully Submitted,


BY:	  /s/  Russ M. Herman
	Russ M. Herman (LA Bar No. 6819)
	Leonard A. Davis (LA Bar No. 14190)
	Stephen J. Herman (LA Bar No. 23129)
	Herman, Herman & Katz, LLC
	820 O'Keefe Avenue
	New Orleans, LA 70113
	Phone: (504) 581-4892
	Fax: (504) 561-6024
	ldavis@hhklawfirm.com
	*Plaintiffs' Liaison Counsel*
	*MDL 2047*

	Arnold Levin
	Fred S. Longer
	Sandra L. Duggan
	Matthew Gaughan
	Levin, Fishbein, Sedran & Berman
	510 Walnut Street, Suite 500
	Philadelphia, PA 19106
	Phone: (215) 592-1500
	Fax: (215) 592-4663
	alevin@lfsblaw.com
	*Plaintiffs' Lead Counsel*
	*MDL 2047*

## PLAINTIFFS' STEERING COMMITTEE

Dawn M. Barrios
Barrios, Kingsdorf & Casteix, LLP
701 Poydras Street, Suite 3650
New Orleans, LA 70139
Phone: (504) 524-3300
Fax: (504) 524-3313
Barrios@bkc-law.com

Daniel E. Becnel, Jr.
Becnel Law Firm, LLC
425 W. Airline Highway, Suite B
Laplace, LA 70068
Phone: (985) 536-1186
Fax: (985) 536-6445
dbecnel@becnellaw.com

Peter Prieto
Podhurst Orseck, PA
25 Flagler Street, 8th Floor
Miami, FL 33130
Phone: (305) 358-2800
Fax: (305) 358-2382
pprieto@podhurst.com

Bruce William Steckler
Steckler LLP
12720 Hillcrest Road, Suite 1045
Dallas, TX 75230
Phone: (972) 387-4040
Fax: (972) 387-4041
bruce@stecklerlaw.com

Ervin A. Gonzalez
Colson, Hicks, Eidson
255 Alhambra Circle, Penthouse
Coral Gables, FL 33134
Phone: (305) 476-7400
Fax: (305) 476-7444
ervin@colson.com

Ben W. Gordon, Jr.
Levin, Papantonio, Thomas, Mitchell
 Echsner & Proctor, PA
316 S. Baylen Street, Suite 600
Pensacola, FL 32502
Phone: (850) 435-7000
Fax: (850) 435-7020
bgordon@levinlaw.com

Hugh P. Lambert
The Lambert Firm
701 Magazine Street
New Orleans, LA 70130
Phone: (504) 581-1750
Fax: (504) 529-2931
hlambert@thelambertfirm.com

Jerrold Seth Parker
Parker Waichman, LLP
3301 Bonita Beach Road
Bonita Springs, FL 34134
Phone: (239) 390-1000
Fax: (239) 390-0055
Jerry@yourlawyer.com

Scott Wm. Weinstein
Morgan & Morgan
12800 University Drive, Suite 600
Ft. Myers, FL 33907
Phone: (239) 433-6880
Fax: (239) 433-6836
sweinstein@forthepeople.com

James Robert Reeves
Reeves & Mestayer, PLLC
160 Main Street
Biloxi, MS 39530
Phone: (228) 374-5151
Fax: (228) 374-6630
jrr@attorneys4people.com

Gerald E. Meunier
Gainsburgh, Benjamin, David,
  Meunier & Warshauer, LLC
2800 Energy Centre
1100 Poydras Street
New Orleans, LA 70163-2800
Phone:  (504) 522-2304
Fax: (504) 528-9973
gmeunier@gainsben.com

Christopher Seeger
Seeger Weiss, LLP
77 Water Street
New York, NY 10005
Phone: (212) 584-0700
Fax: (212) 584-0799
cseeger@seegerweiss.com

Daniel K. Bryson
Whitfield, Bryson & Mason, LLP
900 W. Morgan Street
Raleigh, NC 27603
Phone: (919) 600-5000
Fax: (919) 600-5002
dan@wbmllp.com

Richard J. Serpe
Law Offices of Richard J. Serpe
Crown Center, Suite 310
580 East Main Street
Norfolk, VA 23510-2322
Phone: (757) 233-0009
Fax: (757) 233-0455
rserpe@serpefirm.com

Victor M. Diaz, Jr.
V.M. Diaz and Partners, LLC
119 Washington Ave., Suite 402
Miami Beach, FL 33139
Phone: (305) 704-3200
Fax: (305) 538-4928
victor@diazpartners.com

**OF COUNSEL TO PLAINTIFFS' STEERING COMMITTEE**

Richard S. Lewis
HAUSFELD LLP
1700 K Street, N.W., Suite 650
Washington, DC 20006
Phone: (202) 540-7200
Fax: (202) 540-7201
rlewis@hausfeldllp.com

Anthony D. Irpino
IRPINO LAW FIRM
2216 Magazine Street
New Orleans, LA 70130
Phone: (504) 525-1500
Fax: (504) 525-1501
airpino@irpinolaw.com

Andrew A. Lemmon
Lemmon Law Firm, LLC
P.O. Box 904
15058 River Road
Hahnville, LA 70057
Phone: (985) 783-6789
Fax: (985) 783-1333
andrew@lemmonlawfirm.com

## CERTIFICATE OF SERVICE

     I hereby certify that the above and foregoing has been served on Defendants' Liaison Counsel, Kerry Miller, by e-mail and upon all parties by electronically uploading the same to LexisNexis File & Serve in accordance with Pre-Trial Order No. 6, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2047 on this 1st day of June, 2015.

                                 Respectfully Submitted,

                                 BY:  */s/ Leonard A. Davis*
                                     Leonard A. Davis
                                     Herman, Herman & Katz, LLC
                                     820 O'Keefe Avenue
                                     New Orleans, LA 70113
                                     Phone: (504) 581-4892
                                     Fax: (504) 561-6024
                                     ldavis@hhklawfirm.com

                                     *Plaintiffs' Liaison Counsel*
                                     *MDL 2047*