UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

|  |  |  |
|---|---|---|
| IN RE: CHINESE MANUFACTURED DRYWALL | : | MDL NO. 2047 |
| PRODUCTS LIABILITY LITIGATION | : | |
| | : | SECTION L |
| | : | |
| | : | JUDGE FALLON |
| | : | MAGISTRATE JUDGE |
| .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. : | | WILKINSON |

**THIS DOCUMENT RELATES TO:**  ALL CASES

**<u>ORDER AND REASONS</u>**

Before the Court is a motion, (Rec. Doc. 18737), from Plaintiffs Ramiro Torres-Barajas

and Noel Torres ("Torres Plaintiffs") to reconsider the Court's denial of their motion to submit

late claims into the Global, Banner, and InEx Settlements, (Rec. Doc. 18586). The PSC opposes

reconsideration, just as it previously opposed the Torres Plaintiffs' late filing of their claims.

(Rec. Docs. 18319, 18954). Having read the parties' briefs and reviewed the applicable law, the

Court issues this Order and Reasons.

**I.      BACKGROUND**

From 2005 to 2008, a housing boom coincided with the destruction caused by Hurricanes

Katrina and Rita to sharply increase the demand for construction materials in the Gulf South and

East Coast.  In response, Chinese companies manufactured and sold to homeowners throughout

the United States considerable quantities of gypsum wallboard which came to be known as

"Chinese drywall."  Homeowners experienced problems with the drywall.  Specifically, the

drywall emits various sulfide gases, damages structural mechanical and plumbing systems of the

home, and damages other appliances in the home.  The affected parties sued the entities involved

in the manufacturing, importing, and installing the Chinese drywall.  The cases multiplied and

the Judicial Panel on Multidistrict Litigation ("MDL") declared the matter an MDL and

1

transferred the cases to this Court.  After a period of discovery, it became clear that there were two principal manufacturers: the Knauf Entities and the Taishan Entities.  The Knauf Entities, along with the related downstream defendants, entered into various settlement agreements, including the Global, Banner, and InEx Settlements. *See generally* http://www.laed.uscourts.gov/Drywall/Drywall.htm. The deadline to file a claim under these settlements was October 25, 2013.

## II.    PRESENT MOTION

The Torres Plaintiffs argue that the Court should reconsider its decision and permit them to file late claims for two reasons. First, they emphasize that the Court incorrectly characterized their claims as one of those marshalled by the Pro Se Curator. Second, the Torres Plaintiffs assert that their claims at issue are distinguishable from other plaintiffs' late-filed claims because the Torres Plainiffs timely filed *some* claims and only overlooked the filing of their claims for Foreclosure and Lost Equity. Additionally, Plaintiffs note for the first time that (1) Brown Greer previously stated that it could accept Plaintiffs' late claim only if the Court permitted it; (2) Knauf stated in January 2015 that it had no objection to the claim being processed.

The PSC opposes reconsideration, just as it previously opposed the Torres Plaintiffs' late filing of their claims. Just as with the other late-filed claims, the PSC argues that in light of the fact that settlement payments have already been made, at this point in the litigation, which is far beyond the deadline for the filing of claims, any further permission to make late-filed claims would be disruptive to settlement administration.

## III.    ANALYSIS

In consideration of these arguments, the Court will deny the motion to reconsider. It is unclear how the Torres Plaintiffs have interpreted the Court's denial of their motion to file a late

claim, (Rec. Doc. 18586), as a characterization of their claim as one of those marshalled by the Pro Se Curator. Although the Court's Order and Reasons discussed the claims marshalled by the Pro Se Curator, it also plainly stated that generally "the time to accept late-filed claims has passed." For that reason, the Court denied a number of motions to accept a late-filed claim that had not been marshaled by the Pro Se Curator. The Court cannot be any clearer: <u>the time to accept late-filed claims has passed</u>. As the Court previously explained, particularly considering that settlement payments have issued, the Court cannot allow the Torres Plaintiffs to make a late claim as it would disrupt effective settlement administration. If the Court were to continue allowing late-filed claims, it would force settlement funds to be re-calculated and re-distributed. Such a re-calculation and re-distribution would be expensive, unfair to all parties, and would contravene the settlement agreements.

**IV.     CONCLUSION**

Accordingly, **IT IS ORDERED** that the motion to reconsider is **DENIED**.

New Orleans, Louisiana, this 1st day of June, 2015.

_____
UNITED STATES DISTRICT JUDGE