Confidential - Subject to Further Confidentiality Review

```
 1        IN THE UNITED STATES DISTRICT COURT
        FOR THE EASTERN DISTRICT OF LOUISIANA
 2                    - - -
 3   IN RE:                    :  MDL NO. 2047
     CHINESE-MANUFACTURED       :
 4   DRYWALL PRODUCTS          :  SECTION:  L
     LIABILITY LITIGATION      :  JUDGE FALLON
 5
     THIS DOCUMENT APPLIES     :
 6   TO ALL CASES              :  MAG. JUDGE
                               :  WILKINSON
 7                    - - -
 8             MAY 19, 2015
 9      CONFIDENTIAL - SUBJECT TO FURTHER
             CONFIDENTIALITY REVIEW
10
11            Videotaped deposition of
12   GEORGE INGLIS, P.E., taken pursuant to
13   notice, was held at the law offices of
14   Seeger Weiss LLP, 77 Water Street
15   26th Floor, New York, New York 10005,
16   commencing at 9:12 a.m., on the above date,
17   before Amanda Dee Maslynsky-Miller, a
18   Certified Realtime Reporter and Notary
19   Public in and for the State of New York.
20
21                    - - -
22         GOLKOW TECHNOLOGIES, INC.
23      877.370.3377 ph | 917.591.5672 fax
24            deps@golkow.com
```

EXHIBIT B

Confidential - Subject to Further Confidentiality Review

```
 1                    - - -
 2              (It is hereby stipulated and
 3        agreed by and among counsel that
 4        sealing, filing and certification
 5        are waived; and that all
 6        objections, except as to the form
 7        of the question, will be reserved
 8        until the time of trial.)
 9                    - - -
10              THE VIDEOGRAPHER:  My name
11        is Henry Marte.  I am a
12        videographer for Golkow
13        Technologies.  Today's date is May
14        19th, 2015, and the time is 9:12
15        a.m.
16              This video deposition is
17        being held at Seeger Weiss, LLP,
18        located at 77 Water Street, New
19        York, New York, in the matter of
20        In Re:  Chinese Manufactured
21        Drywall Products Liability
22        Litigation in the United States
23        District Court Eastern District of
24        Louisiana.  The deponent today is
```

Confidential - Subject to Further Confidentiality Review

| | |
|---|---|
| 1 | Mr. George Inglis. |
| 2 | Counsel will be noted on the |
| 3 | stenographic record. The court |
| 4 | reporter is Amanda Miller and will |
| 5 | now swear in the witness. |
| 6 | - - - |
| 7 | GEORGE INGLIS, P.E., after |
| 8 | having been duly sworn, was |
| 9 | examined and testified as follows: |
| 10 | - - - |
| 11 | EXAMINATION |
| 12 | - - - |
| 13 | BY MR. BLOCK: |
| 14 | Q.   Mr. Inglis, my name is Aaron |
| 15 | Block. I'm a lawyer at Alston and Bird |
| 16 | in Atlanta, and I represent Taishan |
| 17 | Gypsum Company, and I'm going to ask you |
| 18 | a bunch of questions today. |
| 19 | MR. SEEGER: Mr. Block, just |
| 20 | can I just jump in real quick. |
| 21 | Not to spark a debate. |
| 22 | You guys, I just want to |
| 23 | make a note for the record that I |
| 24 | think we got a motion to amend the |

```
 1          answer the question.  He hasn't
 2          even said enough for you to know
 3          if he understood your question so
 4          you can't cut him off at that
 5          point.
 6               MR. BLOCK:  Let me try to
 7          ask a better question.
 8               MR. SEEGER:  So you're
 9          withdrawing it?
10     BY MR. BLOCK:
11          Q.   Back in 2015 --
12               MR. SEEGER:  I've got to
13          have a clean record here.  Are you
14          withdrawing the question?
15               MR. BLOCK:  I'll withdraw
16          and re-ask the question.
17     BY MR. BLOCK:
18          Q.   In 2015, when you gave an
19     opinion in this case on remediation
20     costs, you only used Germano, not
21     Hernandez and Villa Lago, correct?
22          A.   That's not correct.
23          Q.   Show me your --
24               MR. SEEGER:  Let him answer
```

Confidential - Subject to Further Confidentiality Review

| | |
|---|---|
| 1 | you.  We're going to be making a |
| 2 | phone call very soon to Judge |
| 3 | Fallon if we are going to keep |
| 4 | interrupting the witness.  Because |
| 5 | That I can't -- |
| 6 | THE WITNESS:  What we did in |
| 7 | 2009-2010, we took our established |
| 8 | scope to remediate a property, |
| 9 | applied it to Germano to develop a |
| 10 | cost, which was based on the two |
| 11 | contractors' proposals, plus we |
| 12 | added in the cost for a CIH. |
| 13 | We took that cost from |
| 14 | Germano, which was nominally the |
| 15 | $86, we cross-checked it with a |
| 16 | separate RS means |
| 17 | dollar-per-square-foot cost to -- |
| 18 | to validate the $86. |
| 19 | Subsequent to then, we |
| 20 | had -- we had performed numerous |
| 21 | other Chinese drywall inspections, |
| 22 | and in each case, found that our |
| 23 | scope that we had developed was a |
| 24 | sound scope of work as to what |

1    is my standalone estimate for Villa Lago.
2         Q.    Hypothetically, you develop
3    a detailed property-specific estimate
4    based on unit pricing on the one hand.
5    You have $86 a square foot on the other
6    hand.
7              Which number do you use?
8              MR. SEEGER:  Objection.
9              THE WITNESS:  I would look
10        at them both.  I would look at
11        both numbers.
12   BY MR. BLOCK:
13        Q.    But in making an estimate,
14   as in your formula, which number would
15   you use?
16        A.    The -- in our formula, it
17   was based on a dollar per square foot.
18        Q.    What number was that dollar
19   per square foot?
20        A.    It was different for every
21   property.
22        Q.    But it all started with
23   Germano, correct?
24        A.    It started -- the $86 that

```
 1   we had in Germano, that we developed
 2   there, that we cross-checked, goes back
 3   to Germano.  And we used that in 2015.
 4        Q.    And to go back to my
 5   hypothetical.
 6              You have a detailed
 7   property-specific estimate on the one
 8   hand and you have $86 square foot.  You
 9   put one number in your formula, in that
10   hypothetical, as to that property, which
11   number would you use?
12              MR. SEEGER:  Objection.
13        Asked and answered.
14              THE WITNESS:  What I said is
15        we used -- we used both numbers.
16        We used the dollar per square foot
17        and we used the unit -- the unit
18        number.
19   BY MR. BLOCK:
20        Q.    Which dollar per square
21   foot, the one derived from a detailed
22   property-specific estimate or $86 a
23   square foot?
24              MR. SEEGER:  Objection.
```

Confidential - Subject to Further Confidentiality Review

```
 1                    CERTIFICATE

 2

 3

 4              I HEREBY CERTIFY that the

 5   witness was duly sworn by me and that the

 6   deposition is a true record of the

 7   testimony given by the witness.

 8

 9

10

             Amanda Maslynsky-Miller
11           Certified Realtime Reporter
             Dated:  May 20, 2015
12

13

14

15

16

17             (The foregoing certification

18   of this transcript does not apply to any

19   reproduction of the same by any means,

20   unless under the direct control and/or

21   supervision of the certifying reporter.)

22

23

24
```