**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| IN RE:  CHINESE-MANUFACTURED DRYWALL PRODUCTS LIABILITY LITIGATION | MDL NO. 2047 SECTION: L JUDGE FALLON MAG. JUDGE WILKINSON |
| **THIS DOCUMENT RELATES TO:** *Germano v. Taishan Gypsum Co., Ltd., f/k/a Shandong Taihe Dongxin Co., Ltd.*, **Case No. 09-6687 (E.D. Va.);** *Gross v. Knauf Gips, KG*, **Case No. 09-6690 (E.D. La.);** *Wiltz v. Beijing New Building Materials Public Limited Co.,* **Case No. 10-361 (E.D. La.);** *Amorin v. Taishan Gypsum Co., Ltd., f/k/a Shandong Taihe Dongxin Co., Ltd.*, **Case No. 11-1672 (S.D. Fl.);** *Amorin v. Taishan Gypsum Co., Ltd., f/k/a Shandong Taihe Dongxin Co., Ltd.*, **Case No. 11-1395 (E.D. La.); and** *Amorin v. Taishan Gypsum Co., Ltd., f/k/a Shandong Taihe Dongxin Co., Ltd.*, **Case No. 11-1673 (E.D. Va.).** | |

**TAISHAN'S RESPONSE IN OPPOSITION TO PLAINTIFFS' MOTION TO STRIKE DEFENDANTS' SUPPLEMENTAL EXPERT DECLARATIONS AND TESTIMONY**

Defendants Taishan Gypsum Ltd., Co. and Tai'an Taishan Plasterboard Co., Ltd. ("Taishan") respectfully request that the Court deny Plaintiffs' Motion to Strike Defendants' Supplemental Expert Declarations and Testimony.  Those supplemental declarations were necessitated by circumstances dictated by Plaintiffs, specifically the continued changes in Plaintiffs' damages request, the many late changes in their designated damages expert's

testimony, the continued revisions to the Plaintiffs' class list, and by the very recent discovery material produce by Plaintiffs and their designated fact witness BrownGreer.

Moreover, none of the revisions come as any surprise to the Plaintiffs, given that both Dr. Marais and Mr. Pogorilich testified to the anticipated revisions at their depositions and Plaintiffs had a full opportunity to inquire. Given all of Plaintiffs' continued "refinements" to their damages plan in reaction to Defendants' briefing, Plaintiffs have no platform to complain about the updates to Defendants' expert testimony. Indeed, Plaintiffs have failed to specify what additional testimony they believe is unfair or prejudicial. Plaintiffs will have had eleven days[1] before the hearing to consider the limited new material—a relatively long period in the very compressed timeframe of this damages discovery period.

On April 27, 2015, Plaintiffs filed a new Affidavit from their designated damages expert George Inglis. This affidavit identified a new methodology based on a new number of class properties in support of the Plaintiffs' prior Motion for Damages. Despite the significant changes to Plaintiffs' theory and their proposed class, Defendants submitted, as scheduled, rebuttal expert declarations and other opposition papers on May 8, 2015. (Rec. Doc. 18877). The Scheduling Order called for the Plaintiffs to file a reply brief, which they did on May 15, 2015. (Rec. Doc. 18958).

But on May 15, Plaintiffs also filed revised opinions from Mr. Inglis and a significantly altered, new class list. Neither of these events were contemplated or accounted for in the stipulated Scheduling Order. (Rec. Doc. 18771). Throughout this period, Plaintiffs' fact witness

---

[1] Plaintiffs received the supplemental expert reports of both Dr. Marais and Mr. Pogorilich on Friday, May 29, 2015, not Monday, June 1, 2015, as argued in Plaintiffs' Motion.

for the June 9 hearing, Jake Woody from BrownGreer PLC, was creating new evidence and producing additional relevant documents (at times by order of the Court).

Given the fast-changing nature of this litigation, Defendants have made good faith efforts to provide Plaintiffs with notice of any necessary additions or changes to their experts' opinions. Indeed, Defendants' experts testified to these updated opinions during the course of their depositions. Plaintiffs' suggestion that production of the Defendants' Supplemental Declarations runs afoul of Rule 26 is unfounded. Given all of the out-of-schedule developments and the expedited timetable that the Plaintiffs urged the Court to maintain, there can be no surprise that supplemental opinions would be issued. Plaintiffs' complaints are without basis.

***The Supplemental Declarations At Issue***

Mr. Pogorilich's supplemental declaration contains a necessary discussion of the new theories developed by the Plaintiffs and Mr. Inglis after Mr. Pogorilich provided his original opinions on May 8. For example, Mr. Pogorilich's supplemental declaration addresses additional, new errors contained in the Plaintiffs' newest class listing attached as Exhibit 10 to the Revised Inglis' Declaration. (*See* Pogorilich Supp. Dec. ¶¶ 23-29). These opinions could not have been included in Mr. Pogorilich's original declaration nor should he be foreclosed from testifying about these significant issues. The same can be said regarding Mr. Pogorilich's opinions regarding Mr. Inglis' new testimony that his experience supports a universal application of $86 per square foot to all class properties, (*Id.* ¶¶ 7-9), or that variations in specific characteristics of a property do not matter. (*Id.* ¶¶ 2-6). Each of Mr. Pogorilich's opinions with respect to these matters have been properly and timely submitted to Plaintiffs and should not be excluded from consideration. At the same time, these opinions are consistent with the deposition testimony Mr. Pogorilich provided at his May 22 deposition.

Similarly, Dr. Marais' Supplemental and Updated Declaration reacts to the many new developments in the Plaintiffs' theories and Mr. Inglis' testimony since his initial declaration was provided on May 8.  For example, Dr. Marais' Supplemental and Updated Declaration responds to Mr. Inglis' newly identified reliance on input from a "professional statistician."  (Marais Supp. Report ¶¶ 37-41).  Dr. Marais also responds to newly produced Knauf remediation data that undermines Mr. Inglis' formula.  (*Id.* ¶¶ 27-28).  Finally, and most significantly, Dr. Marais' Supplemental and Updated Report was necessary to account for the significant changes in the class list attached to the revised Inglis Declaration that affected several of Dr. Marais' calculations. (*See eg.*,¶ 31 and fig. 4).

As with the supplemental declaration from Mr. Pogolirich, Plaintiffs cannot credibly claim to be surprised or prejudiced by the updated opinions contained in the newest report.  Dr. Marais testified at length about these specific matters during the course of his May 21 deposition. Dr. Marais provided this testimony at that time in order to ensure that Plaintiffs had adequate notice of the subject of his opinions.  Dr. Marais' updated report was provided only a week after his deposition testimony.  Plaintiffs cannot reasonably argue this was unreasonable or prejudicial delay.

Notwithstanding Plaintiffs insistence that going forward on this expedited schedule is necessary, Plaintiffs have repeatedly revised the contours and scope of both their class and damages theories.  This moving target has necessitated the updated responses by the Defendants and their experts.  Ultimately, given the many moving pieces in this accelerated discovery period, the Court should permit Defendants to go forward with the full scope of their experts' opinions at the Rule 55(b) damages hearing.

For these reasons, The Court should deny Plaintiffs' Motion to Strike Defendants' Supplemental Expert Declarations and Testimony should be denied.

Dated:  June 2, 2015

Respectfully submitted,

/s Michael P. Kenny
Bernard Taylor, Esq.
Georgia Bar No. 669625
Michael P. Kenny, Esq.
Georgia Bar No. 415064
Christina Hull Eikhoff, Esq.
Georgia Bar No. 242539
David Venderbush, Esq.
New York Bar No. 2920817
ALSTON & BIRD LLP
1201 West Peachtree Street
Atlanta, Georgia 30309
Phone: (404) 881-7000
Fax: (404) 881-7777
mike.kenny@alston.com
*Counsel for Taishan Gypsum Co., Ltd. and Tai'an Taishan Plasterboard Co., Ltd.*

Alan Dean Weinberger
LA Bar No. 13331
HANGARTNER, RYDBERG & TERRELL, LLC
One Shell Square
701 Poydras St., Suite 310
New Orleans, Louisiana  70179
Phone:  (504) 434-6815
Fax: (504) 522-5689
aweinberger@hanrylaw.com
*Local Counsel for Taishan Gypsum Co., Ltd. and Tai'an Taishan Plasterboard Co., Ltd.*

**CERTIFICATE OF SERVICE**

I hereby certify that the above and foregoing has been served on Plaintiffs' Liaison Counsel, Russ Herman, by U.S. mail and e-mail and upon all parties by electronically uploading the same to LexisNexis File & Serve in accordance with Pre-Trial Order No. 6, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2047 on this 2nd day of June, 2015.

<div style="margin-left:40%">

/s Michael P. Kenny
Michael P. Kenny, Esq.
Georgia Bar No. 415064
ALSTON & BIRD LLP
1201 West Peachtree Street NW
Atlanta, Georgia 30309
Phone: (404) 881-7000
Fax: (404) 881-7777
mike.kenny@alston.com
*Counsel for Taishan*

</div>