UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: CHINESE-MANUFACTURED DRYWALL PRODUCTS LIABILITY LITIGATION | MDL NO. 2047<br>SECTION: L<br>JUDGE FALLON<br>MAG. JUDGE WILKINSON |
| THIS DOCUMENT RELATES TO:<br><br>ALL ACTIONS | |

**BEIJING NEW BUILDING MATERIALS PUBLIC LIMITED CO. AND BEIJING NEW BUILDING MATERIAL (GROUP) CO., LTD.'S MEMORANDUM OF LAW IN SUPPORT OF THEIR EMERGENCY MOTION FOR CLARIFICATION OR <u>MODIFICATION OF THE COURT'S MAY 28, 2015 MINUTE ENTRY</u>**

Subject to and without waiver of their motions to dismiss for lack of jurisdiction and failure of service, defendants Beijing New Building Materials Public Limited Company ("BNBM PLC") and Beijing New Building Material (Group) Co., Ltd. ("BNBM Group") respectfully submit this Memorandum of Law in Support of Their Emergency Motion For Clarification or Modification of The Court's May 28, 2015 Minute Entry (Rec. Doc. 19035) (the "Minute Entry").[1]

From the time BNBM PLC and BNBM Group filed their initial appearances in this case on March 6, 2015, BNBM PLC and BNBM Group have clearly and definitively asserted that the Court lacks personal jurisdiction over both of them. In every single subsequent filing they have made to this Court, BNBM PLC and BNBM Group have preserved their respective jurisdictional defenses. In further exercise of those rights, on April 29, 2015, BNBM PLC and BNBM Group each filed motions to dismiss for lack of personal jurisdiction and failure of service pursuant to Fed. R. Civ. P. 12(b)(2) and 12(b)(5). (Rec. Doc. 18849; Rec. Doc. 18841).

---

[1] Although the Minute Entry is dated May 28, 2015, the order was entered on the docket and received by the parties on June 2.

1

At the Court's direction, briefing and argument of those jurisdictional motions have been set to take place following the conclusion of the damages hearing scheduled for June 9, 2015. The Court's May 13, 2015 scheduling order states:

> [A]fter the damages hearing, the Court will set deadlines, briefing schedules, and hearing dates for the contempt track and the jurisdictional track. Those dates will afford resolution of any pending, and future filed, substantive motions involving those two tracks, including but not limited to BNBM's motions to dismiss and vacate. . . . The parties need not respond to the motions in the latter two tracks until the Court sets dates, after the damages hearing.

(Rec. Doc. 18921, p. 2; *see also* May 7, 2015 Minute Entry (Rec. Doc. 18925)).  The Court reaffirmed this schedule and directive in its May 28 Minute Entry. (Rec. Doc. 19035, p. 1).

In the Court's May 28 Minute Entry, however, the Court also stated that "if a party participates in cross examination at the June 9 hearing, then that party is deemed in the litigation and subject to the Court's authority." (Rec. Doc. 19035, p. 2).  Given the schedule that the Court has consistently directed that the parties must follow, and the Court's express refusal to reschedule the damages hearing, we must presume that the Court could not have intended by that statement to mean that a party, by cross-examining a witness at the damages hearing, would waive its right to assert and maintain its objections to personal jurisdiction.  But the Court's language could be misinterpreted in that manner.

We therefore respectfully ask for clarification or modification of the Minute Entry to reflect that this was not the Court's intention.  As we detail below, any such ruling would be wholly inconsistent with the Federal Rules of Civil Procedure, controlling federal jurisprudence, and Due Process.  Given the critical importance of this issue, we further respectfully request that the Court rule on this motion in an expedited fashion sufficiently in advance of the June 9 damages hearing so that, if necessary, BNBM PLC and BNBM Group can seek appropriate relief

2

and ensure that this issue is fully adjudicated before the damages hearing begins.

## ARGUMENT

BNBM PLC and BNBM Group will not and cannot waive their properly-asserted jurisdictional defenses by participating in the June 9 damages trial.  Rule 12 did away with the special appearance requirement that forced a defendant to choose between challenging jurisdiction and proceeding on the merits. *See Orange Theatre Corp. v. Rayherstz Amusement Corp.,* 139 F.2d 871, 874 (3d Cir. 1944) (a defendant "is no longer required at the door of the federal courthouse to intone that ancient abracadabra of the law, *de bene esse*, in order by its magic power to enable himself to remain outside even while he steps within. He may now enter openly in full confidence that he will not thereby be giving up any keys to the courthouse door which he possessed before he came in").  Since 1937, federal jurisprudence uniformly recognizes that a defendant who timely and properly asserts, and thereafter consistently maintains, its objection to personal jurisdiction, does not waive those defenses by participating in litigation on the merits. *See, e.g.*, *Bayou Steel Corp. v. M/V Amstelvoorn*, 809 F.2d 1147, 1149 (5th Cir. 1987); *U.S. v. Ligas*, 549 F.3d 497, 503 (7th Cir. 2008); *IDS Life Ins. Co. v. SunAmerica, Inc.*, 958 F. Supp. 1258, 1271 (N.D. Ill. 1997) aff'd in part, vacated in part sub nom. *IDS Life Ins. Co. v. SunAmerica Life Ins. Co.*, 136 F.3d 537 (7th Cir. 1998); *Anderson v. GlobalSantaFe Offshore Servs., Inc.*, 924 F. Supp. 2d 738, 749 (E.D. La. 2013); *Toshiba Int'l Corp. v. Fritz*, 993 F. Supp.571, 573-74 (S.D. Tex. 1998); *Matthews v. Brookstone Stores, Inc.*, 431 F. Supp. 2d 1219, 1223 (S.D. Ala. 2006); *In re Asbestos Products Liab. Litig. (No. VI)*, 965 F. Supp. 2d 612, 621-22 (E.D. Pa. 2013); *City of Geneva ex rel. Bostic v. Serenity Manor Apartments*, 578 F. Supp. 2d 476, 481 (W.D.N.Y. 2008).  There is no reason to depart from this bedrock principle here, particularly since the Court has already ruled that jurisdictional and damages discovery can

proceed *seriatim*, and BNBM PLC and BNBM Group have been working cooperatively with the PSC to ensure that all tracks proceed apace.

The absence of a waiver is particularly clear-cut given that BNBM PLC and BNBM Group will be following the court's direction by participating in the damages hearing prior to the resolution of their jurisdictional defenses. *See IDS Life Ins. Co.*, 958 F. Supp. at 1271; *U.S. v. Ligas*, 549 F.3d at 503 ("[A] defendant does not waive a jurisdictional argument when it properly raises the defense but participates in litigation at the district court's direction."). *IDS Life* is directly instructive here. There, a defendant filed a motion to dismiss for lack of personal jurisdiction and thereafter actively litigated the merits of the plaintiff's motion for a preliminary injunction pursuant to the district court's order. 958 F. Supp. at 1262, 1271. As the court stated:

> Rather than entertain the [defendant's jurisdictional] motion at that time, we expressly deferred consideration of that and other simultaneously filed motions until after completion of discovery by the parties on the pending motions. SunAmerica has done nothing more than comply with the directions of the court. Therefore, contrary to plaintiffs' contention, SunAmerica properly has asserted and preserved its personal jurisdiction defense to this action. Having participated in the litigation to date pursuant to this court's explicit instruction and without prejudice to its legal rights, SunAmerica has not waived the right to challenge this court's jurisdiction over its person.

*Id*. at 1271. In addition to finding no waiver, the court granted defendant's motion to dismiss. *Id*. at 1284.

BNBM PLC's and BNBM Group's actions here are no different. BNBM PLC and BNBM Group asserted at the outset that their jurisdictional objections should be resolved prior to any adjudication of plaintiffs' damages claims. *See* Opposition to Plaintiffs' Motion to Preclude (Rec. Doc. 18454). Recognizing, however, that the Court did not wish to delay the damages hearing any longer, BNBM PLC and BNBM Group accepted, and have complied with, the Court's directive to defer jurisdictional-related briefing and discovery until after the June 9

4

hearing (although they have already started to produce documents relevant to jurisdiction to the PSC, and the PSC has commenced third-party depositions addressing this issue), and will participate in the damages hearing prior to their jurisdictional motions being heard. As a matter of law, BNBM PLC and BNBM Group cannot prejudice their legal right to maintain their jurisdictional defenses simply by complying with the Court's express instructions regarding the order of the proceedings.

Deferring BNBM PLC's and BNBM Group's jurisdictional motions and then finding a waiver would likewise contravene Fed. R. Civ. P. 12(i), which requires that 12(b)(2) motions "must be heard and decided" prior to trial, as BNBM PLC and BNBM Group originally requested, unless the Court defers the issue of jurisdiction "until trial." The Rule clearly preserves a defendant's jurisdictional defenses when the court, as here, has exercised its discretion to defer the issue of jurisdiction.

Imposing on BNBM Group and BNBM PLC the choice between exercising their right to challenge witnesses at the damages hearing and maintaining their personal jurisdiction defenses would also threaten their Constitutional Due Process rights. As BNBM PLC and BNBM Group have previously established, they have the right to participate substantively in the upcoming damages hearing, and entering final judgment without allowing them to be heard would violate due process. *See Hovey v. Elliott*, 167 U.S. 409, 417-18 (1897); *In re Fraidin*, 34 F. App'x 932, 933 (4th Cir. 2002). A defendant does not waive the right to defend an action by contesting jurisdiction. *See, e.g.*, *Toshiba Int'l Corp.*, 993 F. Supp. at 573-74.

By raising their personal jurisdiction defenses, BNBM PLC and BNBM Group are not seeking to hedge against participating fully in this litigation—as the Court is aware, both companies have actively participated in the ongoing discovery as instructed by the Court, and

5

both defendants are seeking to be heard in the damages hearing *in full*. However, given that both defendants have meritorious jurisdictional defenses, Rule 12 entitles them to preserve those defenses while litigating the merits so that they can be adjudicated at the appropriate time, as reflected in other orders of the Court. This Court's May 28 Minute Order should not undermine this procedural right.

## CONCLUSION

For all of the foregoing reasons, BNBM PLC and BNBM Group respectfully request that the Court enter an order clarifying or modifying the May 28 Minute Entry to state that full participation, including cross-examination of witnesses, does not waive any jurisdictional defenses BNBM PLC and BNBM Group have raised in their motions to dismiss. We further respectfully request that the Court rule on this motion in an expedited fashion sufficiently in advance of the June 9 damages hearing so that, if necessary, BNBM PLC and BNBM Group can seek appropriate relief and ensure that this issue is fully adjudicated before the damages hearing begins.

Dated: June 3, 2015

    Respectfully submitted,

    **DENTONS US LLP**

    By: */s/ Michael H. Barr*
    Michael H. Barr
    New York Bar No. 1744242
    Justin N. Kattan
    New York Bar No. 3983905
    1221 Avenue of the Americas
    New York, NY 10020-1089
    Telephone: (212) 768-6700
    Facsimile: (212) 768-6800
    michael.barr@dentons.com
    justin.kattan@dentons.com

- AND -

Richard L. Fenton
Illinois Bar No. 3121699
Leah R. Bruno
Illinois Bar No. 6269469
233 South Wacker Drive
Suite 7800
Chicago, IL  60606-6306
Telephone:  (312) 876-8000
Facsimile:  (312) 876-7934
richard.fenton@dentons.com
leah.bruno@dentons.com

- AND -

C. Michael Moore
Texas Bar No. 14323600
Gene R. Besen
Texas Bar No. 24045491
2000 McKinney Ave, Suite 1900
Dallas, TX  75201
Telephone:  (214) 259-0900
Facsimile:  (214) 259-0910
mike.moore@dentons.com
gene.besen@dentons.com

**- AND -**

**PHELPS DUNBAR LLP**

Harry Rosenberg
Louisiana Bar No. 11465
365 Canal Street, Suite 2000
New Orleans, Louisiana 70130-6534
Telephone:  (504) 566-1311
Facsimile:  (504) 568-9130
harry.rosenberg@phelps.com

*Attorneys for Beijing New Building Material (Group) Co., Ltd. and Beijing New Building Materials Public Limited Company*

7

**CERTIFICATE OF SERVICE**

      I hereby certify that the above and foregoing Beijing New Building Materials Public Limited Company's and Beijing New Building Material (Group) Co., Ltd.'s Emergency Motion For Clarification or Modification of The Court's May 28, 2015 Minute Entry has been served on Plaintiffs' Liaison Counsel, Leonard Davis, and Defendants' Liaison Counsel, Kerry Miller, by U.S. mail and e-mail or by hand delivery and e-mail and upon all parties by electronically uploading the same to LexisNexis File & Serve in accordance with Pre-Trial Order No. 6, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2047, on this 3rd day of June, 2015.

                                                                               /s/      Michael H. Barr