# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: CHINESE-MANUFACTURED DRYWALL PRODUCTS LIABILITY LITIGATION | MDL NO. 2047<br>SECTION: L |
| THIS DOCUMENT RELATES TO:<br>ALL CASES AND | JUDGE FALLON |
| *Germano, et al. v. Taishan Gypsum Co., Ltd., f/k/a Shandong Taihe Dongxin Co. Ltd., et al.*, Case No. 09-6687 (E.D.La.); | MAG. JUDGE WILKINSON |
| *Gross, et al. v. Knauf Gips, KG, et al.*, Case No. 09-6690 (E.D.La.); | |
| *Wiltz, et al. v. Beijing New Building Materials Public Limited Co., et al.*, Case No 10-361 (E.D.La.); | |
| *Amorin, et al. v. Taishan Gypsum Co., Ltd. f/k/a Shandong Taihe Dongxin Co., Ltd., et al.*, Civ. Action No. 11-1672 (E.D.La.); | |
| *Amorin, et al. v. Taishan Gypsum Co., Ltd. f/k/a Shandong Taihe Dongxin Co., Ltd., et al.*, Civ. Action No. 11-1395 (E.D.La.); | |
| *Amorin, et al. v. Taishan Gypsum Co., Ltd. f/k/a Shandong Taihe Dongxin Co., Ltd., et al.*, Civ. Action No. 11-1673 (E.D.La.) | |

**PLAINTIFFS' RESPONSE IN OPPOSITION TO
1) TAISHAN'S OMNIBUS MOTION TO STRIKE PLAINTIFFS'
PROPOSED EXHIBITS FOR JUNE 9, 2015 HEARING, AND
2) BEIJING NEW BUILDING MATERIALS PUBLIC LIMITED
COMPANY'S AND BEIJING NEW BUILDING MATERIAL
(GROUP) CO., LTD.'S NOTICE OF JOINDER IN TAISHAN
GYPSUM LTD., CO. AND TAI'AN TAISHAN PLASTERBOARD CO.,
LTD.'S OMNIBUS MOTION TO STRIKE PLAINTIFFS' PROPOSED
<u>EXHIBITS FOR JUNE 9, 2015 HEARING</u>**

1

**I.     INTRODUCTION**

Plaintiffs oppose Taishan's omnibus motion to strike Plaintiffs' proposed exhibits for the June 9, 2015 Hearing (Rec.Doc. 19002) and Beijing New Building Material (Group) Co., Ltd. ("BNBM Group") and Beijing New Building Materials Public Limited Company ("BNBM")[collectively "BNBM"] joinder in Taishan's motion (Rec.Doc. 19003). Taishan and BNBM essentially make three arguments. They contend that the Plaintiffs' Exhibit List is 1) too big for a one-day hearing, 2) it is full of inadmissible and irrelevant documents, and 3) that it would be unfair to require the defendants to digest this material in the time remaining before the hearing. None of these arguments can withstand scrutiny.

**II.    ARGUMENT**

The Taishan Defendants fail to grasp the one fact that brings all of the parties to the June 9, 2015 Assessment of Damages Hearing: the Taishan Defendants are in default. Under Fed.R.Civ.P. 55(b)(2), as defaulted parties, these defendants have admitted liability and are limited to challenging the quantum of plaintiffs' damages, and no more. *See* Plaintiffs' Reply Brief in Support of Motion for Assessment of Class Damages Pursuant to Rule 55(b)(2)(B) at 23-38 (hereafter "Reply Brf.") (Rec.Doc. 18958, filed under seal). Under this Court's discretionary authority provided by Rule 55, "the court may conduct hearings" or not. Fed..R.Civ.P. 55(b)(2). *See James v. Frame*, 6 F.3d 307, 311 (5th Cir. 1993). Obviously, this Court has chosen to proceed with a hearing but, still within its discretion, the entire proceeding could be conducted by affidavits alone. *See, e.g., United Artists Corp. v. Freeman*, 605 F.2d 854, 857 (5th Cir.1979). In fact, when evaluating damages for purposes of Rule 55, "[t]he court may rely on detailed

affidavits or documentary evidence, supplemented by the judge's personal knowledge, to evaluate the proposed sum." *Richardson v. Salvation Army, S. Territory, USA*, 161 F.3d 7 (5th Cir. 1998).

Against this established jurisprudence, both Taishan and BNBM first contend that Plaintiffs' exhibit list is too "massive" for them to examine in the time available to them. Taishan Brf. at 2. BNBM even takes the opportunity to use the size of the Exhibit List to again seek a continuance. BNBM Brf. at 3. These arguments ring hollow. Just as their late entry into this litigation was entirely of their own choosing, so too is their feigned unfamiliarity with the record. The record in this matter began in 2009, and has remained available to the defendants since. The same record they seek to avoid as too burdensome to learn in a short time, actually confirms the fact that the defendants were continuously monitoring this litigation on an on-going basis. *See* Hogan Lovells' Privilege log (attached as Ex. 8 to Reply Brf.) (Rec. Doc. 18958-7).[1] There simply is no veracity to the Defendants' position.

---

[1] *See also* Letter of James Stengel to Arnold Levin stating that BNBM had retained Orrick to represent them in the litigation and was aware of activity on the court's docket, dated 10/13/2010 (Rec.Doc. 18958-32); Letter from David Gregory, Chairman of the Board for Knauf Plasterboard (Tianjin) Co., Ltd. to Song Zhiping, Chairman of the Board for CNBM Group, dated 5/15/2009 (enclosing list of lawsuits against Taishan and BNBM and "relevant litigation documents") (attached as Ex. 48 to Reply Brief) (Rec. Doc. 18958-47); Letter from Mark Norris, Commercial Director for Knauf to Wang Bing, Chairman of the Board for BNBM Group, dated 5/15/2009 (enclosing list of lawsuits against Taishan and BNBM and "relevant litigation documents" and noting that "CNBM also became a target") (attached as Exhibit 49 to Reply Brf.) (Rec. Doc. 18958-48); BNBM Announcement No. 2010-009 dated 5/28/2010 (attached as Exhibit 8 to the 5/13/2015 Yan Gao Declaration, Ex. 7 to Reply Brf.) (Rec. Doc. 18958-58); BNBM 2010 Annual Report at 38 (attached as Ex. 14 to the 5/13/2015 Yan Gao Dec.); BNBM 2011 Annual Report at 39 & 108 (attached as Ex. 22 to the 5/13/2015 Yan Gao Dec.); BNBM 2012 Annual Report at 36 (attached as Ex. 30 to the 5/13/2015 Yan Gao Dec.); BNBM 2013 Annual Report at 35, 95 & 96 (attached as Ex. 38 to the 5/13/2015 Yan Gao Dec.; BNBM 2014 Annual Report at 37 (attached as Ex. 46 to the 5/13/2015 Yan Gao Dec.); BNBMPLC0001578 (attached as Ex. 29 to Reply Brf.) (Rec. Doc. 18958-28; BNBMPLC0001686 (reporting on US Chinese Drywall litigation) (attached as Ex. 30 to Reply Brf.) (Rec. Doc. 18958-29).

Second, most of the documents designated address the underlying record for both the *Germano* trial and the *Hernandez* trial. The *Germano* and *Hernandez* documents are clearly relevant since they support the findings of fact and conclusions of law reached by this Court in the matter *sub judice*. *See In re Chinese Drywall Products Liab. Litig.,* 2014 WL 4809520, *3 n. 2 & 3. As such, this Court may take judicial notice of same. *Castello v. Head*, 14-2025, 2015 WL 269128, *2 (E.D. La. Jan. 21, 2015). Plaintiffs designated these documents simply to insure they were part of the record for purposes of the trial, and were clear on their Exhibit list that these were only documents that "Plaintiffs *may* introduce into evidence". *See* Plaintiffs' Exhibit List for June 9, 2015 Class Damages Hearing Pursuant to FRCP 55(b)(2) (Rec.Doc. 18988) (emphasis added).

The Defendants' arguments addressing irrelevance and hearsay are simply not well-founded. *See United Artists Corp., supra.* First of all, at the Court's request, the PSC now will submit an Amended Exhibit List on June 4, 2015 that will correspond with a bench book of the exhibits that are likely to be offered at the June 9, 2015 Class Damages Hearing. Secondly, the PSC's earlier "may introduce" list identifies a number of relevant documents, most of which already are a matter of record, and which the PSC may simply incorporate by reference into the record of the June 9, 2015 Class Damages Hearing.

This hearing record is being developed even as CNBM and BNBM (the latter a clear participant in the hearing) have challenged *in personam* jurisdiction as well as their alter-ego relationships with Taishan Gypsum. Their jurisdictional arguments to set aside the entries of the defaults in their cases remain pending, even as the Court has established separate discovery tracks through which the issues of alter-ego and, in turn, *in personam* jurisdiction (to the extent

4

Taishan Gypsum's jurisdictional contacts may be imputable to the parent entities) are being further and fully developed separate and apart from the Rule 55(b)(2) hearing record.

If the results of the 55(b)(2) hearing are ultimately appealed, therefore, the discovery record as to alter-ego and *in personam* jurisdiction will be germane in at least two respects: (1) the 55(a) entries of defaults will be maintained on a showing of alter-ego and *in personam* jurisdiction as to CNBM and BNBM, and (2) the applicability of the doctrines of collateral estoppel and *res judicata*, clearly more warranted to the extent it is shown that the CNBM and BNBM defendant deliberately stayed out of the litigation for years prior to their appearance, will support foreclosing on June 9 the re-litigation of issues dealing with the scope of CDW remediation and the price-per-square-foot methodology for determining the cost of remediation.

The PSC therefore will request that the 55(b) to damages hearing record remain open so that it may later move to incorporate the entirety of the record developed through the alter-ego/jurisdiction discovery track into the record of the 55(b)(2) hearing for purposes of any possible appeal. If the Court agrees, there will be no need to formally introduce into evidence and/or incorporate by reference many of the materials identified on the "may introduce" exhibit list (Rec. Doc. 18988).

Finally, Defendants contend that it is unfair to require them to review what they perceive as irrelevant documents. Plaintiffs are not sympathetic to the Defendants' request for fairness. These parties for six years have all but ignored these proceedings or the plight of the plaintiffs. They chose to avoid their responsibility and dishonor this tribunal through knowing commissions of crime/fraud. At the March 17, 2015 Hearing, this Court advised the defendants that it was "going to move this case, folks," March 17, 2015 Hearing Transcript at 37, and that as Taishan

was in contempt it should not be coming to the Court asking for favors, *id*. at 42, so to now hear the Defendants whine about the unfairness of the size of the record, or the pace of these proceedings, is reprehensible. This Court should have none of Defendants' sniveling.

### III.     CONCLUSION

For the reasons set forth above, Defendants' motion to strike Plaintiffs' proposed exhibit list should be denied.

Respectfully submitted,

Dated: June 3, 2015

/s/ Russ M. Herman
Russ M. Herman (LA Bar No. 6819)
Leonard A. Davis (LA Bar No. 14190)
Stephen J. Herman (LA Bar No. 23129)
HERMAN, HERMAN & KATZ, LLC
820 O'Keefe Avenue
New Orleans, Louisiana 70113
Phone: (504) 581-4892
Fax: (504) 561-6024
Ldavis@hhklawfirm.com
*Plaintiffs' Liaison Counsel*
*MDL 2047*

Arnold Levin (on the brief)
Fred S. Longer (on the brief)
Sandra L. Duggan (on the brief)
Matthew C. Gaughan (on the brief)
Levin, Fishbein, Sedran & Berman
510 Walnut Street, Suite 500
Philadelphia, PA 19106
215-592-1500 (phone)
215-592-4663 (fax)
Alevin@lfsblaw.com
*Plaintiffs' Lead Counsel*
*MDL 2047*

## PROPOSED CLASS COUNSEL TO CLASS PLAINTIFFS' STEERING COMMITTEE

Dawn M. Barrios
Barrios, Kingsdorf & Casteix, LLP
701 Poydras Street, Suite 3650
New Orleans, LA 70139
Phone: (504) 524-3300
Fax: (504) 524-3313
Barrios@bkc-law.com

Daniel E. Becnel, Jr.
Becnel Law Firm, LLC
425 W. Airline Highway, Suite B
Laplace, LA 70068
Phone: (985) 536-1186
Fax: (985) 536-6445
dbecnel@becnellaw.com

Peter Prieto
Podhurst Orseck, P.A.
25 Flagler Street, 8th Floor
Miami, FL 33130
Phone: (305) 358-2800
Fax: (305) 358-2382
pprieto@podhurst.com

Bruce William Steckler
Steckler, LLP
12720 Hillcrest Road, Ste 1045
Dallas, TX 75230
Phone: (972) 387-4040
Fax: (972) 387-4041
bruce@stecklerlaw.com

Ervin A. Gonzalez
Colson, Hicks, Eidson
255 Alhambra Circle, Penthouse
Cora Gables, FL 33134
Phone: (305) 476-7400
Fax: (305) 476-7444
ervin@colson.com

Ben W. Gordon, Jr.
Levin, Papantonio, Thomas, Mitchell
 Echsner & Proctor, P.A.
316 S. Baylen Street, Suite 600
Pensacola, FL 32502
Phone: (850) 435-7000
Fax: (850) 435-7020
bgordon@levinlaw.com

Hugh P. Lambert
The Lambert Firm
701 Magazine Street
New Orleans, LA 70130
Phone: (504) 581-1750
Fax: (504) 529-2931
hlambert@thelambertfirm.com

Gerald E. Meunier
Rachel Sternlieb
Gainsburgh, Benjamin, David, Meunier
 & Warshauer, LLC
2800 Energy Centre, 1100 Poydras Street
New Orleans, LA 70163-2800
Phone: (504) 522-2304
Fax: (504) 528-9973
gmeunier@gainsben.com

Jerrold Seth Parker
Parker Waichman, LLP
3301 Bonita Beach Road
Bonita Springs, FL 34134
Phone: (239) 390-1000
Fax: (239) 390-0055
Jerry@yourlawyer.com

Scott Wm. Weinstein
Morgan & Morgan
12800 University Drive, Suite 600
Ft. Meyers, FL 33907
Phone: (239) 433-6880
Fax: (239) 433-6836
sweinstein@forthepeople.com

James Robert Reeves
Reeves & Mestayer, PLLC
160 Main Street
Biloxi, MS 39530
Phone: (228) 374-5151
Fax: (228) 374-6630
jrr@attorneys4people.com

Christopher Seeger
Seeger Weiss, LLP
77 Water Street
New York, NY 10005
Phone: (212) 584-0700
Fax: (212) 584-0799
cseeger@seegerweiss.com

Victor M. Diaz, Jr.
V.M. Diaz and Partners, LLC
119 Washington Ave, Suite 402
Miami Beach, FL 33139
Phone: (305) 704-3200
Fax: (305) 538-4928
victor@diazpartners.com

Daniel K. Bryson
Whitfield, Bryson & Mason, LLP
900 W. Morgan Street
Raleigh, NC 27603
Phone: (919) 600-5000
Fax: (919) 600-5002
dan@wbmllp.com

Richard J. Serpe
Law Offices of Richard J. Serpe
Crown Center, Ste. 310
580 East Main Street
Norfolk, VA 23510-2322
Phone: (757) 233-0009
Fax: (757) 233-0455
rserpe@serpefirm.com

**OF COUNSEL TO PLAINTIFFS' STEERING COMMITTEE**

Richard S. Lewis (on the brief)
Kristen Ward Broz (on the brief)
HAUSFELD LLP
1700 K Street, N.W
Suite 650
Washington, DC 20006
Phone: (202) 540-7200
Fax: (202) 540-7201
rlewis@hausfeldllp.com

Andrew A. Lemmon
Lemmon Law Firm, LLC
P.O. Box 904
15058 River Road
Hahnville, LA 70057
Phone: (985) 783-6789
Fax: (985) 783-1333
andrew@lemmonlawfirm.com

Anthony D. Irpino
IRPINO LAW FIRM
2216 Magazine Street
New Orleans, LA 70130
Phone: (504) 525-1500
Fax: (504) 525-1501
airpino@irpinolaw.com

**CERTIFICATE OF SERVICE**

       I hereby certify that the above and foregoing has been served on Defendants' Liaison Counsel, Kerry Miller, by e-mail and upon all parties by electronically uploading the same to LexisNexis File & Serve in accordance with Pre-Trial Order No. 6, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2047 on this 3rd day of June, 2015.

/s/ Leonard A. Davis
Leonard A. Davis
HERMAN, HERMAN & KATZ, LLP
820 O'Keefe Avenue
New Orleans, Louisiana 70113
Phone: (504) 581-4892
Fax: (504) 561-6024
Ldavis@hhklawfirm.com
Plaintiffs' Liaison Counsel
MDL 2047

*Co-counsel for Plaintiffs*