MINUTE ENTRY
FALLON, J.
JUNE 2, 2015

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

IN RE: CHINESE MANUFACTURED DRYWALL  　　　　MDL NO. 2047
PRODUCTS LIABILITY LITIGATION

　　　　　　　　　　　　　　　　　　　　　　　　SECTION "L"

**THIS DOCUMENT RELATES TO: ALL CASES**

<u>MINUTE ENTRY</u>

　　　On this date, prior to the start of the 30(b)(6) deposition of Taishan in the Courtroom of Judge Eldon E. Fallon, the Court considered Taishan's motion for a protective order limiting the scope of that deposition.(Rec. Doc. 19013). Taishan and the Plaintiffs' Steering Committee ("PSC") both participated in person. Taishan orally clarified that the focus of its motion was to limit the deposition to exclude any questioning on alter ego issues prior to the Court's July 17, 2014 contempt ruling. The PSC opposed the motion for a protective order.

　　　As more fully stated on the record of the deposition, the Court denied the motion for a protective order. The Court clarified that contempt track discovery inherently involves issues of alter ego, thus it would not issue a blanket prohibition on questioning regarding alter ego, regardless of the time period involved. The Court explained that it expected the deponent to answer the questioning and to state both what he knows and what he does not know. The Court further explained that it would expect Taishan to later produce another 30(b)(6) witness if the current witness was unable to answer certain questions that were outside the scope of his

JS10(00:25)

knowledge. Taishan, through counsel, agreed to have the present 30(b)(6) witness return to New Orleans, or to produce another Taishan witness in New Orleans at a later date, regarding alter ego or affiliate status prior to the contempt ruling, to the extent that such testimony is pertinent to the discovery authorized by the Court.

The Court further clarified that if counsel had future objections to specific alter ego questioning during the instant deposition, the Court would be available to rule on such an objection.

For these reasons, the Court **DENIED** the motion for a protective order.