UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: CHINESE-MANUFACTURED DRYWALL PRODUCTS LIABILITY LITIGATION | MDL NO. 2047 SECTION: L |
| THIS DOCUMENT APPLIES TO ALL CASES | JUDGE FALLON MAG. JUDGE WILKINSON |

**THE PLAINTIFFS' STEERING COMMITTEE'S REPLY IN SUPPORT OF THE PLAINTIFFS' STEERING COMMITTEE'S EMERGENCY MOTION TO COMPEL JP MORGAN CHASE & CO. AND MORGAN STANLEY TO COMPLY WITH THE PSC'S DISCOVERY REQUESTS AND OPPOSITION TO JP MORGAN CHASE & CO.'S CROSS-MOTION TO QUASH SUBPOENA**

In its opposition to the Plaintiffs' Steering Committee's ("PSC") Motion to Compel as well as its cross-motion to quash subpoena, JP Morgan Chase & Co. (hereafter "JP Morgan") raises the same specious arguments concerning the relevance of the proposed discovery, the absence of any pressing need for the requested discovery, the alleged failure of the PSC to comply with this Court's Order requiring the PSC to narrow its discovery requests (with resulting undue burden on JP Morgan), and the PSC's purported failure to comply with this Court's Order and Reasons dated October 25, 2011, which requires a showing that a parent corporation has control over its subsidiary before the parent corporation can be required to produce documents in the possession of the subsidiary. Each of the above arguments by JP Morgan are without merit.

The PSC initiated its current discovery efforts involving JP Morgan over three (3) months ago on February 10, 2015. Discovery has not advanced during this time period. Instead, JP Morgan has consistently stonewalled the PSC's efforts to obtain documents and/or deposition testimony. JP Morgan has repeatedly contended that is unable to locate any relevant evidence unless the PSC identifies specific transactions involving the

1

Taishan Defendants and Affiliates. To avoid Court intervention, the PSC tailored its requests to assist JP Morgan, but that apparently was not enough. Then, to further accommodate JP Morgan, the PSC identified specific bates stamped documents that would formulate the basis of the depositions and discovery. But, this was not enough. Despite multiple calls and an in person meet and confer, it seems clear that JP Morgan had no desire to work cooperatively with the PSC.

It is difficult to comprehend JP Morgan's contention that it is unable to gather responsive materials in the absence of more specific information from the PSC. JP Morgan has consistently maintained a large ownership stake in CNBM. *See* Mr. Zhiping Song discussed JP Morgan's stake reduction in CNBM, dated January 16, 2009, ("Mr. Song, Chairman of CNBM, indicates that JP Morgan Chase & Co. holds 21% of outstanding shares."), attached hereto as Exhibit "A"; CNBM's 2014 Annual Report at Pg. 61 (indicating that JP Morgan Chase & Co. holds 4.27% of total share capital of CNBM), attached hereto as Exhibit "B" (filed under seal); *Id.* at p. 63 (discussing various JP Morgan subsidiaries with ownership interests in CNBM); CNBM's 2014 Interim Report at Pg. 43 (indicating that JP Morgan Chase & Co. controls 5.84% of total share capital in CNBM), attached hereto as Exhibit "C" (filed under seal); CNBM 2012 Annual Report at Pg. 61 (indicating that JP Morgan Chase & Co. controls 7.97% of CNBM's share capital), attached hereto as Exhibit "D" (filed under seal); CNBM's 2009 Annual Report at Pg. 55 (indicating that JP Morgan Chase & Co. controls 13.58% of CNBM's total share capital), attached hereto as Exhibit "E" (filed under seal).

Given JP Morgan's significant investment activities involving the Taishan Defendants and Affiliates, it seems clear that JP Morgan has relevant information

concerning CNBM and can easily identify responsive materials. It is just choosing not to do so. This is evidenced by JP Morgan's unmeritorious objections to the PSC's discovery requests.

JP Morgan's challenges to the relevance of the PSC's discovery requests are simply incorrect. Notwithstanding JP Morgan's contentions to the contrary, the PSC's discovery bears directly upon whether the Taishan Defendants and Affiliates violated this Court's Contempt Order. As the PSC's discovery is directed to domestic transactions, such discovery has unquestionable relevance to whether or not the Taishan Defendants and Affiliates violated the Court's Contempt Order. While the PSC's discovery also seeks evidence involving foreign transactions between JP Morgan and the Taishan Defendants and Affiliates, these discovery requests also seek the identity of American executives, directors, and management employees involved in such transactions. The involvement of American executives in such transactions (even transactions that are completed abroad) will most certainly establish violations of this Court's Contempt Order. Additionally, it appears from the documentation and the PSC's research that CNBM had been soliciting and working with JP Morgan in seeking capital and a greater financial stake in its businesses as leverage in securing more relationships in the United States. As a significant shareholder, JP Morgan presumably has access to information regarding CNBM's investments and profits derived from their U.S. operations by the Taishan Defendants and Affiliates.

JP Morgan's contention that there is no pressing need for the proposed discovery is equally without merit. As noted above, the PSC's current discovery efforts involving JP Morgan were first initiated on February 10, 2015. JP Morgan has failed to produce so

3

<mark>Case 2:09-md-02047-EEF-MBN Document 19064-2 Filed 06/03/15 Page 4 of 9</mark>

much as one document in the nearly four months that has elapsed since the PSC's discovery was issued. Instead JP Morgan has raised a host of objections that make it abundantly clear that JP Morgan has no intention of producing responsive documents and/or appearing for a deposition.[1] While JP Morgan is correct in arguing that the proposed discovery is unlikely to have any bearing on the June 9, 2015 damages hearing, the PSC made clear during the May 15, 2015 meet and confer that it is seeking to complete the discovery prior to the June 9, 2015 damages hearing. Accordingly, given the many months that have elapsed since the PSC initially served its discovery requests, the instant motion to compel is entirely appropriate.[2]

JP Morgan also contends that the PSC has failed to comply with the Court's directive that the PSC narrow its discovery requests. This argument is at odds with the PSC's most recent discovery requests and efforts to address JP Morgan's concerns through multiple calls, emails, and its meet and confer. The PSC's discovery requests have gone from a broad series of document requests and deposition topics to just two

---

[1] While JP Morgan and Morgan Stanley have publically represented their intention to assist this Court with rooting out any violations of the July 17, 2015 Contempt Order, their actions clearly indicate otherwise. For instance on the eve of the May 15, 2015 meet and confer, counsel for JP Morgan adamantly informed the PSC that he was unwilling to appear at the meet and confer. *See* May 13, 2015 correspondence from Gabe Crowson to Bruce Steckler et. al., attached hereto as Exhibit "F". In refusing to meet and confer, Mr. Crowson stated he doesn't "see how an in-person meeting would be productive at this point …" since JP Morgan has "yet to receive specifically tailored document requests based on specific predicate information that would justify such discovery from a non-party."

[2] JP Morgan also contends that the instant motion to compel is premature since insufficient time has elapsed since the service of the subpoena. This argument completely disregards the fact that JP Morgan has been served with two prior subpoenas in connection with the instant discovery requests. Similarly, JP Morgan's contention of unfair surprise similarly lacks merit. JP Morgan has been in possession of the instant discovery requests since the parties met and conferred on May 15, 2015.

specific requests identified in the memorandum the PSC provided to JP Morgan during the May 15, 2015 meet and confer. In addition, during the many months in which the PSC and JP Morgan have been in discussion regarding the discovery sought, JP Morgan has consistently complained about the PSC's purported failure to identify specific JP Morgan subsidiaries involved in the transactions with the Taishan Defendants and Affiliates. The PSC's most recent discovery addresses that issue. JP Morgan can now identify specific individuals within its broad corporate web for purposes of uncovering information regarding transactions involving the Taishan Defendants and Affiliates. Thus, contrary to what is stated by JP Morgan, the PSC has narrowed its discovery requests considerably. Therefore, JP Morgan's contention that the PSC's discovery requests are unduly burdensome is patently false and simply appears to be a continued effort to avoid cooperation in this matter.

      Finally, JP Morgan's argument that the PSC has failed to show requisite control over its foreign subsidiaries in light of this Court's October 25, 2011 Order and Reasons also misses the point. Since the PSC's discovery is directed to JP Morgan, JP Morgan must review those records that are within its custody and control as well as those records that are in the custody and control of those subsidiaries it does control. Should JP Morgan's investigation reveal the existence of records within the custody or control of a subsidiary it does not control, the parties will deal with such issues as they arise. If at that time the PSC agrees with JP Morgan's claim that it lacks control over a foreign or domestic subsidiary, the PSC will evaluate the propriety of serving any such subsidiaries with discovery requests.

Wherefore, for the reasons set forth above, the PSC respectfully requests that the Court grant its motion to compel.

Respectfully submitted,

Dated: June 3, 2015

/s/ Russ M. Herman
**Russ M. Herman** (Bar No. 6819)
Leonard A. Davis (Bar No. 14190)
Stephen J. Herman (Bar No. 23129)
**HERMAN, HERMAN & KATZ, LLC**
820 O'Keefe Avenue
New Orleans, LA 70113
PH: (504) 581-4892
FAX: (504) 561-6024
ldavis@hhkc.com
*Plaintiffs' Liaison Counsel*
*MDL 2047*

Arnold Levin (on the brief)
Fred S. Longer (on the brief)
Sandra L. Duggan (on the brief)
Matthew C. Gaughan (on the brief)
Levin, Fishbein, Sedran & Berman
510 Walnut Street, Suite 500
Philadelphia, PA 19106
PH: (215) 592-1500
FAX: (215) 592-4663
Alevin@lfsblaw.com
*Plaintiffs' Lead Counsel*
*MDL 2047*

## PLAINTIFFS' STEERING COMMITTEE

Dawn M. Barrios
Barrios, Kingsdorf & Casteix, LLP
701 Poydras Street, Suite 3650
New Orleans, LA 70139
Phone: (504) 524-3300
Fax: (504) 524-3313
Barrios@bkc-law.com

Daniel E. Becnel, Jr.
Becnel Law Firm, LLC
425 W. Airline Highway, Suite B
Laplace, LA 70068
Phone: (985) 536-1186
Fax: (985) 536-6445
dbecnel@becnellaw.com

Peter Prieto
Podhurst Orseck, P.A.
25 Flagler Street, 8th Floor
Miami, FL 33130
Phone: (305) 358-2800
Fax: (305) 358-2382
pprieto@podhurst.com

Bruce William Steckler (on the brief)
Steckler, LLP
12720 Hillcrest Road, Ste 1045
Dallas, TX 75230
Phone: (972) 387-4040
Fax: (972) 387-404
bruce@stecklerlaw.com

Ervin A. Gonzalez
Colson, Hicks, Eidson
255 Alhambra Circle, Penthouse
Cora Gables, FL 33134
Phone: (305) 476-7400
Fax: (305) 476-7444
ervin@colson.com

Jerrold Seth Parker
Parker Waichman, LLP
27300 Riverview Center Blvd.
Suite 103
Bonita Springs, FL 34134
Phone: (239) 390-1000
Fax: (239) 390-0055
Jerry@yourlawyer.com

Scott Wm. Weinstein
Morgan & Morgan
12800 University Drive, Suite 600
Ft. Meyers, FL 33907
Phone: (239) 433-6880
Fax: (239) 433-6836
sweinstein@forthepeople.com

James Robert Reeves
Reeves & Mestayer, PLLC
160 Main Street
Biloxi, MS 39530
Phone: (228) 374-5151
Fax: (228) 374-6630
jrr@attorneys4people.com

Christopher Seeger
Seeger Weiss, LLP
77 Water Street
New York, NY 10005
Phone: (212) 584-0700
Fax: (212) 584-0799
cseeger@seegerweiss.com

Daniel K. Bryson
Whitfield, Bryson & Mason, LLP
900 W. Morgan Street
Raleigh, NC 27603
Phone: (919) 600-5000
Fax: (919) 600-5002
dan@wbmllp.com

Ben W. Gordon, Jr.
Levin, Papantonio, Thomas, Mitchell
 Echsner & Proctor, P.A.
316 S. Baylen Street, Suite 600
Pensacola, FL 32502
Phone: (850) 435-7000
Fax: (850) 435-7020
bgordon@levinlaw.com

Hugh P. Lambert
The Lambert Firm
701 Magazine Street
New Orleans, LA 70130
Phone: (504) 581-1750
Fax: (504) 529-2931
hlambert@thelambertfirm.com

Gerald E. Meunier
Gainsburgh, Benjamin, David, Meunier
 & Warshauer, LLC
2800 Energy Centre, 1100 Poydras Street
New Orleans, LA 70163-2800
Phone: (504) 522-2304
Fax: (504) 528-9973
gmeunier@gainsben.com

Richard J. Serpe, Esquire
Law Offices of Richard J. Serpe
Crown Center, Ste. 310
580 East Main Street
Norfolk, VA 23510-2322
Phone: (757) 233-0009
Fax: (757) 233-0455
rserpe@serpefirm.com

Victor M. Diaz, Jr., Esquire
V.M. Diaz and Partners, LLC
119 Washington Ave, Suite 402
Miami Beach, FL 33139
Phone: (305) 704-3200
Fax: (305) 538-4928
victor@diazpartners.com

## OF COUNSEL TO PLAINTIFFS' STEERING COMMITTEE

Richard S. Lewis
HAUSFELD LLP
1700 K Street, N.W Suite  650
Washington, DC 20006
Phone: (202) 540-7200
Fax:  (202) 540-7201
rlewis@hausfeldllp.com

Andrew A. Lemmon
Lemmon Law Firm, LLC
P.O. Box 904
15058 River Road
Hahnville, LA 70057
Phone: (985) 783-6789
Fax: (985) 783-1333
andrew@lemmonlawfirm.com

Anthony D. Irpino
IRPINO LAW FIRM
2216 Magazine Street
New Orleans, LA 70130
Phone: (504) 525-1500
Fax: (504) 525-1501
airpino@irpinolaw.com

## CERTIFICATE OF SERVICE

I hereby certify that the above and foregoing has been served on Defendants' Liaison Counsel, Kerry Miller, by e-mail and upon all parties by electronically uploading the same to LexisNexis File & Serve in accordance with Pre-Trial Order No. 6, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2047 on this 3rd day of June, 2015.

Respectfully Submitted,

BY: */s/ Leonard A. Davis*
    Leonard A. Davis
    Herman, Herman & Katz, LLC
    820 O'Keefe Avenue
    New Orleans, LA 70113
    Phone: (504) 581-4892
    Fax: (504) 561-6024
    ldavis@hhklawfirm.com

    *Plaintiffs' Liaison Counsel*
    *MDL 2047*