UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: CHINESE-MANUFACTURED DRYWALL PRODUCTS LIABILITY LITIGATION | MDL NO. 2047<br>SECTION: L |
| THIS DOCUMENT APPLIES TO ALL CASES | JUDGE FALLON<br>MAG. JUDGE WILKINSON |

**THE PLAINTIFFS' STEERING COMMITTEE'S
REPLY IN SUPPORT OF THE PLAINTIFFS' STEERING COMMITTEE'S
EMERGENCY MOTION TO COMPEL JP MORGAN CHASE & CO. AND
MORGAN STANLEY TO COMPLY WITH THE PSC'S DISCOVERY REQUESTS**

In its opposition to the Plaintiffs' Steering Committee's ("PSC") Motion to Compel, Morgan Stanley raises a series of disingenuous arguments concerning the relevance of the proposed discovery, the alleged impropriety of a motion to compel in light of the fact that the PSC's subpoena states that the proposed deposition will be conducted on a date to be agreed upon by the parties, and the fact that the PSC's proposed discovery keeps shifting since the PSC has amended its requests on several occasions.

The PSC initiated its current discovery efforts involving Morgan Stanley over three (3) months ago on February 10, 2015. Discovery has not advanced during this time period. Instead, Morgan Stanley has consistently stonewalled the PSC's efforts to obtain documents and/or deposition testimony. Morgan Stanley has repeatedly contended that is unable to locate any relevant evidence unless the PSC identifies specific transactions involving the Taishan Defendants and Affiliates. To avoid Court intervention, the PSC tailored its requests to assist Morgan Stanley, but that apparently was not enough. Then, to further accommodate Morgan Stanley, the PSC identified specific bates stamped documents that would formulate the basis of the depositions and discovery. But, this was not enough. Despite multiple calls and an in person

1

meet and confer, it seems clear that Morgan Stanley had no desire to work cooperatively with the PSC.

It is difficult to fathom Morgan Stanley's contention that it is unable to gather responsive materials in the absence of more specific information from the PSC. Morgan Stanley has consistently maintained a large ownership stake in CNBM. *See* CNBM's 2009 Annual Report at Pg. 55 (indicating that Morgan Stanley controls 3.99% of CNBM's total share capital), attached hereto as Exhibit "A" (filed under seal). Morgan Stanley has been a public shareholder of CNBM since March 2008 with 81,259,571 long and 72,915,613 short shares. As of today, Morgan Stanley was listed as a CNBM "insider" with an ownership interest of 5.9% of CNBM according to [quam.net](quam.net), which is a Hong Kong registered financial website that provides financial information, economic data, stock analysis, market data, and investor information.

Indeed, while Morgan Stanley has repeatedly taken the position that it requires the PSC's guidance for purposes of identifying specific transactions involving the Taishan Defendants and Affiliates, it is clear that Morgan Stanley's connection to these entities is well-established. *See* Beijing New Building Materials Public Limited Company 2014 Annual Report at Pg. 46 ("During the year, the company engaged the Morgan Stanley Huaxin Securities as a sponsor for private placements of shares."), attached hereto as Exhibit "B" (filed under seal); CNBM 2010 Annual Report at Pg. 73 (indicating that CNBM and Morgan Stanley & Co. International PLC had entered into a placing agreement with respect to the placing of in excess of 238 million H shares), attached hereto as Exhibit "C" (filed under seal); CNBM's 2009 Annual Report at Pg. 77 (indicating that CNBM and Morgan Stanley & Co. International PLC had entered into a placing agreement with respect to the placing of in excess of 298 million H shares); CNBM's 2008 Annual Report at Pg. 64 (indicating that CNBM had entered into a placing agreement with

2

Morgan Stanley & Co. International PLC in relation to the placing of in excess of 298 million H shares), attached hereto as Exhibit "D" (filed under seal); CNBM's 2007 Annual Report at Pg. 66 (indicating that Morgan Stanley & Co. International PLC had entered a placing agreement with CNBM for placing of in excess of 149 million H shares), attached hereto as Exhibit "E" (filed under seal); China National Building Materials Company Limited Global Offering dated March 13, 2006 at Pg. 1 (identifying Morgan Stanley as the sole global coordinator, book runner, sponsor and lead manager with respect to the global offering of in excess of 654 million H shares), attached hereto as Exhibit "F"(filed under seal).

In fact, while Morgan Stanley continues to maintain complete ignorance of the Taishan Defendants and Affiliates, its own Chinese language website advises that China Investment Corporation ("CIC"), an entity that is specifically identified in the PSC's discovery requests, held more than $6.8 billion (a 9.86% equity ratio) worth of Morgan Stanley shares as of 2009. The PSC has furnished all of this information and more to Morgan Stanley, who continues to profess that it requires more information before it can locate responsive materials.  Given the undeniable relationship between Morgan Stanley and the Taishan Defendants and Affiliates, it is respectfully submitted that Morgan Stanley has all of the information it requires for purposes of complying with the PSC's discovery requests.[1]

---

[1] While Morgan Stanley contends that the discovery is irrelevant since it seeks information regarding all transactions involving the Taishan Defendants and Affiliates and Morgan Stanley, Morgan Stanley ignores the fact that the PSC's discovery requests seek the identity of all American executives, directors, and management employees involved in such transactions.  Thus, these discovery requests are likely to lead to discoverable information concerning the Taishan Defendants' and Affiliates' violations of this Court's Contempt Order.  The discovery is also likely to lead to evidence regarding alter ego and personal jurisdiction.

Morgan Stanley contends that the PSC's motion to compel is improper in light of the fact that the subpoena directs the deposition to be conducted on a date to be mutually agreed upon by the parties. This is surprising since the PSC made clear during the May 15, 2015 meet and confer that it is seeking to complete the discovery prior to the June 9, 2015 damages hearing and the decision to find an agreeable deposition date was a courtesy so that the parties could working together cooperatively. It was not as an invitation for Morgan Stanley to indefinitely postpone the deposition by dragging its feet with multiple excuses.[2] Morgan Stanley's conduct since the May 15, 2015 meet and confer makes it crystal clear that the PSC was mistaken it its belief that the parties could work together cooperatively.[3]

Interestingly, Morgan Stanley contends that the PSC's discovery is harassing because it has repeatedly amended its discovery requests. This argument is without merit and demonstrates that Morgan Stanley's conduct has been in bad faith. As they well know, the PSC amended its discovery at their request to assist them and to address the directives of the Court. Contrary to what Morgan Stanley is now arguing to this Court, the amending of the PSC's discovery requests to make them narrower and referencing specific documents was beneficial to Morgan Stanley and done based upon their repeated requests.

---

[2] For instance, Morgan Stanley admits that it took nearly two full weeks for it to obtain CNBM's permission to review documents that CNBM had designated as confidential. Morgan Stanley has yet to obtain permission from BNBM to review documents that BNBM had designated as confidential.

[3] While the PSC did entertain the prospect of avoiding a deposition if Morgan Stanley made a good faith production of responsive documents, Morgan Stanley's reliance on this statement for purposes of arguing the motion to compel is unreasonable lacks any merit. That is, Morgan Stanley has failed to make any good faith production of documents to date. Likewise, Morgan Stanley's arguments based on the potential need for a 30(b)(6) witness in Hong Kong or China is similarly without merit since the PSC has requested the identity of American executives, directors, and management employees involved in all transactions.

Wherefore, for the reasons set forth above, the PSC respectfully requests that the Court grant its motion to compel.

                                                Respectfully submitted,

Dated:  June 1, 2015                       /s/ Russ M. Herman
                                                **Russ M. Herman** (Bar No. 6819)
                                                Leonard A. Davis (Bar No. 14190)
                                                Stephen J. Herman (Bar No. 23129)
                                                ***HERMAN, HERMAN & KATZ, LLC***
                                                820 O'Keefe Avenue
                                                New Orleans, LA  70113
                                                PH:  (504) 581-4892
                                                FAX:  (504) 561-6024
                                                ldavis@hhklawfirm.com
                                                ***Plaintiffs' Liaison Counsel***
                                                ***MDL 2047***

                                                Arnold Levin (on the brief)
                                                Fred S. Longer (on the brief)
                                                Sandra L. Duggan (on the brief)
                                                Matthew C. Gaughan (on the brief)
                                                Levin, Fishbein, Sedran & Berman
                                                510 Walnut Street, Suite 500
                                                Philadelphia, PA 19106
                                                PH:  (215) 592-1500
                                                FAX:  (215) 592-4663
                                                Alevin@lfsblaw.com
                                                ***Plaintiffs' Lead Counsel***
                                                ***MDL 2047***

## PLAINTIFFS' STEERING COMMITTEE

Dawn M. Barrios
Barrios, Kingsdorf & Casteix, LLP
701 Poydras Street, Suite 3650
New Orleans, LA 70139
Phone: (504) 524-3300
Fax: (504) 524-3313
Barrios@bkc-law.com

Daniel E. Becnel, Jr.
Becnel Law Firm, LLC
425 W. Airline Highway, Suite B
Laplace, LA 70068
Phone: (985) 536-1186
Fax: (985) 536-6445
dbecnel@becnellaw.com

Peter Prieto
Podhurst Orseck, P.A.
25 Flagler Street, 8th Floor
Miami, FL 33130
Phone: (305) 358-2800
Fax: (305) 358-2382
pprieto@podhurst.com

Bruce William Steckler
Steckler, LLP
12720 Hillcrest Road, Ste 1045
Dallas, TX 75230
Phone: (972) 387-4040
Fax: (972) 387-404
bruce@stecklerlaw.com

Ervin A. Gonzalez
Colson, Hicks, Eidson
255 Alhambra Circle, Penthouse
Cora Gables, FL 33134
Phone: (305) 476-7400
Fax: (305) 476-7444
ervin@colson.com

Jerrold Seth Parker
Parker Waichman, LLP
27300 Riverview Center Blvd.
Suite 103
Bonita Springs, FL 34134
Phone: (239) 390-1000
Fax: (239) 390-0055
Jerry@yourlawyer.com

Scott Wm. Weinstein
Morgan & Morgan
12800 University Drive, Suite 600
Ft. Meyers, FL 33907
Phone: (239) 433-6880
Fax: (239) 433-6836
sweinstein@forthepeople.com

James Robert Reeves
Reeves & Mestayer, PLLC
160 Main Street
Biloxi, MS 39530
Phone: (228) 374-5151
Fax: (228) 374-6630
jrr@attorneys4people.com

Christopher Seeger
Seeger Weiss, LLP
77 Water Street
New York, NY 10005
Phone: (212) 584-0700
Fax: (212) 584-0799
cseeger@seegerweiss.com

Daniel K. Bryson
Whitfield, Bryson & Mason, LLP
900 W. Morgan Street
Raleigh, NC 27603
Phone: (919) 600-5000
Fax: (919) 600-5002
dan@wbmllp.com

Ben W. Gordon, Jr.
Levin, Papantonio, Thomas, Mitchell
 Echsner & Proctor, P.A.
316 S. Baylen Street, Suite 600
Pensacola, FL 32502
Phone: (850) 435-7000
Fax: (850) 435-7020
bgordon@levinlaw.com

Hugh P. Lambert
The Lambert Firm
701 Magazine Street
New Orleans, LA 70130
Phone: (504) 581-1750
Fax: (504) 529-2931
hlambert@thelambertfirm.com

Gerald E. Meunier
Gainsburgh, Benjamin, David, Meunier
 & Warshauer, LLC
2800 Energy Centre, 1100 Poydras Street
New Orleans, LA 70163-2800
Phone: (504) 522-2304
Fax: (504) 528-9973
gmeunier@gainsben.com

Richard J. Serpe, Esquire
Law Offices of Richard J. Serpe
Crown Center, Ste. 310
580 East Main Street
Norfolk, VA 23510-2322
Phone: (757) 233-0009
Fax: (757) 233-0455
rserpe@serpefirm.com

Victor M. Diaz, Jr., Esquire
V.M. Diaz and Partners, LLC
119 Washington Ave, Suite 402
Miami Beach, FL 33139
Phone: (305) 704-3200
Fax: (305) 538-4928
victor@diazpartners.com

**OF COUNSEL TO PLAINTIFFS' STEERING COMMITTEE**

Richard S. Lewis
HAUSFELD LLP
1700 K Street, N.W Suite 650
Washington, DC 20006
Phone: (202) 540-7200
Fax: (202) 540-7201
rlewis@hausfeldllp.com

Anthony D. Irpino
IRPINO LAW FIRM
2216 Magazine Street
New Orleans, LA 70130
Phone: (504) 525-1500
Fax: (504) 525-1501
airpino@irpinolaw.com

Andrew A. Lemmon
Lemmon Law Firm, LLC
P.O. Box 904
15058 River Road
Hahnville, LA 70057
Phone: (985) 783-6789
Fax: (985) 783-1333
andrew@lemmonlawfirm.com

**CERTIFICATE OF SERVICE**

      I hereby certify that the above and foregoing has been served on Defendants' Liaison Counsel, Kerry Miller, by e-mail and upon all parties by electronically uploading the same to LexisNexis File & Serve in accordance with Pre-Trial Order No. 6, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2047 on this 1st day of June, 2015.

      Respectfully Submitted,

BY: /s/ *Leonard A. Davis*
      Leonard A. Davis
      Herman, Herman & Katz, LLC
      820 O'Keefe Avenue
      New Orleans, LA 70113
      Phone: (504) 581-4892
      Fax: (504) 561-6024
      ldavis@hhklawfirm.com

      *Plaintiffs' Liaison Counsel*
      *MDL 2047*