UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: CHINESE-MANUFACTURED DRYWALL PRODUCTS LIABILITY LITIGATION | MDL NO. 2047<br>SECTION: L<br>JUDGE FALLON<br>MAG. JUDGE WILKINSON |
| THIS DOCUMENT RELATES TO:<br>ALL CASES AND | |

**PLAINTIFFS' RESPONSE IN OPPOSITION TO BEIJING NEW BUILDING MATERIALS PUBLIC LIMITED CO. AND BEIJING NEW BUILDING MATERIAL (GROUP) CO., LTD.'S EMERGENCY MOTION FOR CLARIFICATION OR MODIFICATION OF THE COURT'S MAY 28, 2015 MINUTE ENTRY**

**I.     INTRODUCTION**

Plaintiffs submit this response in opposition to Beijing New Building Materials Public Limited Co. ("BNBM") and Beijing New Building Material (Group) Co., Ltd.'s ("BNBM Group") Emergency Motion for Clarification or Modification of the Court's May 28, 2015 Minute Entry (Rec.Doc. 19053). Therein, the BNBM Defendants seek to extend their reservation of rights to contest personal jurisdiction and service while simultaneously engaging in a defense on the merits at the June 9, 2015 Assessment of Class Damages Hearing. Plaintiffs oppose this motion as the Court has been crystal clear on the matter of waiver from the initial appearance of BNBM in these matters on February 26, 2015, until now.

**II.    FACTUAL BACKGROUND**

Following the entries of default judgments against Taishan, the BNBM Defendants, and the CNBM Defendants, this Court granted Plaintiffs' motion for class certification. *See In re Chinese Manufactured Drywall Products Liab. Litig.*, 2014 WL 4809520 (E.D.La. Sept. 26, 2014) (Rec.Doc. 18028). Thereafter, Plaintiffs filed their motion for assessment of class

damages on October 29, 2014 (Rec.Doc. 18086).  At the time, the motion for class damages was uncontested, and was originally set for hearing on December 17, 2014.[1]  A continuance was requested and the matter was postponed until February 12, 2015, to allow for a supplemental notice and an opportunity for class members to opt-out.[2]

At the February 12, 2015 Hearing, BNBM suddenly appeared for the first time since the litigation began to request a continuance of the hearing to assess class damages.  The Court granted Defendants a five-week extension, until March 17, 2015.  Rec.Doc Nos. 18331, 18400.  During that interim, all the Taishan Defendants appeared *en masse*, including Taishan, TTP, BNBM, BNBM Group, CNBM and CNBM Group.[3]  Recognizing that the Defendants were all in contempt of Court, the PSC filed a motion to preclude Taishan and its affiliates from participating in the class damages proceeding unless and until Taishan purged itself from Contempt.[4]  That motion, not the assessment of damages, was heard on March 17, 2015.  The Court ruled that the Taishan Defendants were still in contempt and to purge itself of contempt, Taishan was required to pay (a) $15,000 in attorneys' fees to the PSC; (b) the *Germano* judgment that formed the basis of the judgment debtor proceedings, amounting to $2,609,099.99, plus prejudgment interest of $149,256.53, plus post-judgment interest at the judicial rate under 28 U.S.C. § 1961 as of the date of payment (Rec. Doc. 3013); and (c) the associated bill of costs

---

[1]*See* Order dated October 30, 2014 (Rec.Doc. 18097)

[2]*See* Minute Entry of December 17, 2014 (Rec.Doc.18214).  *See also* Order of December 17, 2014 (Rec.Doc. 18222).

[3]Rec.Docs. 18352, 18406, 18427, 18428, 18411 & 18444.

[4]Rec.Doc. 18367.

(*see* Rec. Docs. 17825, 18034). The Court noted that Taishan had paid the $40,000 contempt penalty. *See* Rec. Doc. 18448.[5] In addition, the Court ordered the immediate commencement of discovery regarding the violation of the July 17. 2014 Contempt Order's injunction, and permitted discovery regarding whether affiliate and/or alter ego status exists.[6] The Court also continued the motion for class damages until April 28, 2015.

The Defendants were fearful of participating in any activity before the Court out of concern that their actively taking part in the litigation would waive their jurisdictional defenses. On April 1, 2015, CNBM Group and CNBM, the controlling parent entities of BNBM, BNBM Group and Taishan, filed a motion on behalf of all the Defendants to preserve their defenses (Rec.Doc. 18581). The next day, this Court entered the CNBM Defendants' proposed order. *See* Order Preserving Defenses (E.D.La. Apr. 2, 2015) (Rec.Doc. 18583), which states in relevant part:

> It is further ORDERED that no defendant, including CNBM Group and CNBM, will waive any of its defenses, including but not limited to personal jurisdiction and sovereign immunity, <u>by participating in discovery relating to the July 17, 2014 Contempt Order</u>. This participation includes any actions relating to producing documents, providing witnesses for depositions, or through procedural filings <u>relating to the July 17, 2014 Contempt Order.</u>

*Id.* (emphasis added). Notably, this Order only preserves defenses as to participation in matters *relating to the July 17, 2014 Contempt Order,* and nothing further.

Since that Order, this Court has made it abundantly clear that there were initially two,

---

[5]Rec.Doc. 18493.

[6]*Id.*

3

then three, separate areas of activity taking place simultaneously: the contempt track, the damages track, and the jurisdiction track.[7] The Taishan Defendants have been recently producing documents pursuant to the contempt track and the jurisdiction track. Depositions related to these tracks, in which all the Taishan defendants are participating, began in earnest on Tuesday, June 2, 2015, with the deposition of Taishan's Rule 30(b)(6) witness, Gang Che. *See* Deposition Transcripts of Gang Che (June 2 & 3, 2015) [Attached hereto as Exhibits A & B, respectively]. Prior to Mr. Che's deposition, the Court had the opportunity to address these areas of activity in the context of Taishan's motion for a protective order. The Court noted that in the damages track he anticipated the bulk of the defense would be bourne by Taishan:

> I anticipated two tracks at that time.
>
> One, I anticipated the damage track, because we were coming up to the hearing; and with the damage track, <u>I thought that the bulk of the discovery would be conducted by Taishan</u>. I would expect that they would want to know and hear from the plaintiffs' witnesses because the plaintiff has the burden of proving the damages. Taishan would want, and I felt they had a right, to depose the plaintiffs' experts on that issue, or any witnesses that they felt that they needed some information on.

---

[7]On April 24, 2015, the Court conducted a telephonic status conference to address the many outstanding procedural matters. During the conference the Court set an outside date of June 9, 2015 for the assessment of damages hearing. *See* Minute Entry of April 24, 2015 (Rec.Doc. 18757). The Court's Minute Entry from the conference confirmed the two-track approach that the Court had implemented. Although the Defendants were on notice of this dichotomy, they continued to participate in both tracks and addressed matters related to the damages hearing, as well as violations of the Court's Contempt Order by Affiliates of Taishan. On April 29, 2015 the BNBM Defendants filed motions to dismiss for lack of personal jurisdiction and lack of service (Rec.Docs. 18774, 18775, 18776), and a joint motion to vacate entries of preliminary default (Rec.Doc. 18777). These motions opened up yet another track, "the jurisdictional track, at least as to BNBM." *See* Scheduling Order dated May 13, 2015 at 1 (Rec.Doc. 18921)(noting that "after the damages hearing, the Court will set deadlines, briefing schedules, and hearing dates for the contempt track and jurisdiction track.").

> With regard to the other track, namely the contempt track, I anticipated that the plaintiffs would be interested in finding out whether -- first, whether Taishan did any business in the United States, whether any of their affiliates did any business in the United States, whether any of their subsidiaries did any business in the United States.
>
> With regard to whether Taishan did any business in the United States, that's what I anticipated in the plaintiffs' discovery aspect of the case. Shortly -- well, not shortly, but more recently, BNBM filed a motion contesting the Court's jurisdiction over it [the jurisdiction track].

Deposition of Gang Che at 12-13 (emphasis added).

Dashing the Court's expectations, all of the Taishan Defendants have actively engaged in matters related to the Damages Hearing. For example, a Stipulated and Agreed Scheduling Order for June 9, 2015 Class Damages Hearing was jointly submitted by all the parties (Rec.Doc.18771). All of the Defendants participated in discovery <u>not</u> related to the July 17, 2014 Contempt Order, but instead related to the Damages hearing. For example, Taishan, BNBM, BNBM Group, CNBM, and CNBM Group, all have their appearances noted on the record in the depositions of George Inglis, David Pogorilich and M. Laurentius Marais. *See* Deposition Appearances for each deposition [Attached hereto as Exhibits "C," "D," and "E"].

As the June 9 Hearing approached, the parties requested a conference with the Court to address the scope and parameters of the hearing. On May 28, 2015, that conference took place. During that conference, the Court made clear that the Damages Track was separate from matters relating to the July 17, 2014 Contempt Order, and that any Defendant who participated in the damages hearing did so at its peril of waiving its jurisdictional defenses:

> THE COURT: I take it that, then, whoever appears to ask questions is in the case. This is your shot. So, you ask the

5

>question, you're before me. I'll be dealing with it in that fashion. I'll listen. I'm not going to let people do the same questioning over and over and over, but since a person who feels that they are before me in this case and they have to protect their client who is before me, I'll listen to that and I'll deal with it accordingly. I think we can efficiently do it.
>
>All right, folks. Thank you very much.

May 28, 2015 Hearing Transcript at 12-13 [Attached hereto as Exhibit "F"].

After the hearing, this Court followed up with its May 28, 2015 Minute Entry (Rec.Doc. 19035). This Minute Entry repeated the Court's admonition provided to the parties during the telephonic conference. Specifically, the Court "further explained that if a party participates in cross examination at the June 9 hearing, then that party is deemed in the litigation and subject to the Court's authority." *Id.* at 2.

Reacting to this explication of the Court's position on waiver, the BNBM Defendants filed their emergency motion for clarification (Rec.Doc. 19053). Their motion, while threatening again to derail the June 9 proceedings with another mandamus petition, should be denied.

### III.   ARGUMENT

Defendants contend that they should be permitted to participate in the June 9 Hearing without having waived their jurisdictional defenses for three principal reasons: (1) they thought they were correctly following directions of the court; (2) Fed.R.Civ.P. 12(i) requires that Rule 12(b)(2) rulings be performed "prior to trial"; and (3) due process protects them from having to make a choice between participating in the June 9 hearing and preserving their jurisdictional defenses. None of these arguments are correct.

For starters, personal jurisdiction may be waived. *See Burger King Corp. v. Rudzewicz*,

6

471 U.S. 462, 473 n. 14 (1985); *Insurance Corp. of Ireland, Ltd. v. Compagnie des Bauxites de Guinee*, 456 U.S. 694, 703 (1982) ("Because the requirement of personal jurisdiction represents first of all an individual right, it can, like other such rights, be waived."). Whether a party has consented to a particular jurisdiction is a question of federal law. *Haynsworth v. The Corporation*, 121 F.3d 956, 962 (5th Cir.1997). A waiver occurs when a party demonstrates "express or implied consent to the personal jurisdiction to the court," *Burger King*, 471 U.S. at 473 n.14, which can include merely "submit[ting] to the jurisdiction of the court by appearance." *Insurance Corp. of Ireland,*, 456 U.S. at 703.

The BNBM Defendants cite to *Bayou Steel Corp. v. M/V Amstelvoorn*, 809 F.2d 1147, 49 (5th Cir. 1987), for the proposition that a defendant does not waive its defense of personal jurisdiction "by participating in litigation on the merits" if it timely and properly asserts its objections. BNBM Brf. at 3. *Bayou Steel* says nothing of the sort. It holds that "the filing of a counterclaim, cross-claim, or third-party demand does not operate as a waiver of an objection to jurisdiction, whether that objection is raised by motion or answer, provided that the objection is not otherwise waived in the course of the litigation." *Id.*, 809 F.2d at 49. Nothing in the court's holding speaks to waiver in the context of participating in the litigation on the merits.

To be sure, Defendants cite to other more on point cases that find that defendants will not be deemed to have waived their jurisdictional defenses if they are simply complying with court directives. *See*, *e.g.*, *IDS Life Ins. co. v. SunAmerica, Inc.,* 958 F. Supp. 1258, 1271 (N.D. Ill. 1997) ("Having participated in the litigation to date pursuant to this court's explicit instruction and without prejudice to its legal rights, SunAmerica has not waived the right to challenge this court's jurisdiction over its person."); *IDS Life Ins. Co. v. SunAmerica Life Ins. Inc.,* 136 F.3d

537, 540 (7th Cir. 1998) ("There is no merit to the plaintiffs' argument that SunAmerica waived its defense to personal jurisdiction by participating in the litigation on the merits since it did so at the direction of the district judge after having raised the defense in a timely fashion."). *See also Anderson v. GlobalSantaFe Offshore Servs., Inc.*, 924 F.Supp.2d 738, 749 (E.D. La. 2013); *Toshiba Int'l Corp. v. Fritz*, 993 F.Supp. 571, 573-74 (S.D. Tex. 1998); *Matthews v. Brookstone Stores, Inc.*, 431 F.Supp.2d 1219, 1223 (S.D.Ala. 2006); *In re Asbestos Products Liab. Litig. (No. VI)*, 965 F.Supp.2d 612, 621-22 (E.D.Pa. 2013); *City of Geneva ex rel. Bostic v. Serenity Manor Apartments*, 578 F.Supp. 2d 476, 481 (W.D.N.Y. 2008).

However, none of the cases referenced by the Defendants hold that when the court's directives are ignored, can the defendant argue that it has not waived its defenses. This is particularly true here where the Court's Preservation of Defenses order was originally drafted by the Defendants and then adopted by the Court, and that order only preserves the waiver of personal jurisdiction defenses as to one track of multi-track litigation (matters relating to the July 14, 2014 Contempt Order), and the Defendants disregarded the Court's order and engaged in all of the tracks (one of which is specifically not part of the preservation of defenses order).

Under the circumstances presented by the facts in this case, the CNBM and BNBM Defendants have already waived their personal jurisdiction defenses by participating in discovery regarding the damages track. This Court appears to be willing to forbear finding a waiver for now regarding those transgressions, but it has clearly drawn the line on future participation at the June 9 Hearing.

The Defendants' second argument regarding Fed.R.Civ.P. 12(i) is defective. Rule 12(i) states: "If a party so moves, any defense listed in Rule 12(b)(1)-(7) – whether made in a pleading

8

or by motion – and a motion under Rule 12(c) must be heard and decided before trial unless the court orders a deferral until trial." The underlying premise of Defendants' arguments is that the June 9 hearing is a trial, and therefore this Court must address their jurisdictional arguments in advance of the "trial".

However, the premise supporting their argument is unfounded. In *Creedon v. Randolph*, 165 F.2d 918, 919 (5th Cir. 1948), the Fifth Circuit held that a Rule 55(b)(2) hearing is not a trial. "The hearing must be considered not as a trial but as an enquiry before the judge after default under the provision of Federal Rules of Civil Procedure, rule 55(b)(2)." *Id*. As Plaintiffs have repeatedly stated, the Defendants' intentional and volitional acceptance of default judgments has consequences. This Court, not a jury, will determine class damages and, it has broad discretion under Fed.R.Civ.P. 55(b)(2) as to how and when it chooses to go about making that determination. *See James v. Frame*, 6 F.3d 307, 311 (5th Cir. 1993); *United Artists Corp. v. Freeman*, 605 F.2d 854, 857 (5th Cir.1979); *Richardson v. Salvation Army, S. Territory, USA*, 161 F.3d 7 (5th Cir. 1998).

Finally, Defendants' due process rights are not being abridged in any fashion. They were afforded all of the protections of the Federal Rules of Civil Procedure and state substantive laws, yet they dishonorably chose to allow default judgments to be entered against themselves. Their earlier choice has lasting ramifications. In this instance, they can stand on their jurisdictional defenses or participate in the June 9 damage hearing. Once again, it's their choice.

## IV.   CONCLUSION

For the reasons set forth above, Defendants' emergency motion for clarification or modification of the Court's May 28, 2015 Minute Entry should be denied.

Dated: June 4, 2015

Respectfully submitted,

/s/ Russ M. Herman
Russ M. Herman (LA Bar No. 6819)
Leonard A. Davis (LA Bar No. 14190)
Stephen J. Herman (LA Bar No. 23129)
HERMAN, HERMAN & KATZ, LLC
820 O'Keefe Avenue
New Orleans, Louisiana 70113
Phone: (504) 581-4892
Fax: (504) 561-6024
Ldavis@hhklawfirm.com
*Plaintiffs' Liaison Counsel*
*MDL 2047*

Arnold Levin (on the brief)
Fred S. Longer (on the brief)
Sandra L. Duggan (on the brief)
Matthew C. Gaughan (on the brief)
Levin, Fishbein, Sedran & Berman
510 Walnut Street, Suite 500
Philadelphia, PA 19106
215-592-1500 (phone)
215-592-4663 (fax)
Alevin@lfsblaw.com
*Plaintiffs' Lead Counsel*
*MDL 2047*

## PROPOSED CLASS COUNSEL TO CLASS PLAINTIFFS' STEERING COMMITTEE

Dawn M. Barrios
Barrios, Kingsdorf & Casteix, LLP
701 Poydras Street, Suite 3650
New Orleans, LA 70139
Phone: (504) 524-3300
Fax: (504) 524-3313
Barrios@bkc-law.com

Daniel E. Becnel, Jr.
Becnel Law Firm, LLC
425 W. Airline Highway, Suite B
Laplace, LA 70068
Phone: (985) 536-1186
Fax: (985) 536-6445
dbecnel@becnellaw.com

Peter Prieto
Podhurst Orseck, P.A.
25 Flagler Street, 8th Floor
Miami, FL 33130
Phone: (305) 358-2800
Fax: (305) 358-2382
pprieto@podhurst.com

Bruce William Steckler
Steckler, LLP
12720 Hillcrest Road, Ste 1045
Dallas, TX 75230
Phone: (972) 387-4040
Fax: (972) 387-4041
bruce@stecklerlaw.com

Ervin A. Gonzalez
Colson, Hicks, Eidson
255 Alhambra Circle, Penthouse
Cora Gables, FL 33134
Phone: (305) 476-7400
Fax: (305) 476-7444
ervin@colson.com

Ben W. Gordon, Jr.
Levin, Papantonio, Thomas, Mitchell
 Echsner & Proctor, P.A.
316 S. Baylen Street, Suite 600
Pensacola, FL 32502
Phone: (850) 435-7000
Fax: (850) 435-7020
bgordon@levinlaw.com

Hugh P. Lambert
The Lambert Firm
701 Magazine Street
New Orleans, LA 70130
Phone: (504) 581-1750
Fax: (504) 529-2931
hlambert@thelambertfirm.com

Gerald E. Meunier
Rachel Sternlieb
Gainsburgh, Benjamin, David, Meunier
 & Warshauer, LLC
2800 Energy Centre, 1100 Poydras Street
New Orleans, LA 70163-2800
Phone: (504) 522-2304
Fax: (504) 528-9973
gmeunier@gainsben.com

Jerrold Seth Parker
Parker Waichman, LLP
3301 Bonita Beach Road
Bonita Springs, FL 34134
Phone: (239) 390-1000
Fax: (239) 390-0055
Jerry@yourlawyer.com

Scott Wm. Weinstein
Morgan & Morgan
12800 University Drive, Suite 600
Ft. Meyers, FL 33907
Phone: (239) 433-6880
Fax: (239) 433-6836
sweinstein@forthepeople.com

James Robert Reeves
Reeves & Mestayer, PLLC
160 Main Street
Biloxi, MS 39530
Phone: (228) 374-5151
Fax: (228) 374-6630
jrr@attorneys4people.com

Christopher Seeger
Seeger Weiss, LLP
77 Water Street
New York, NY 10005
Phone: (212) 584-0700
Fax: (212) 584-0799
cseeger@seegerweiss.com

Victor M. Diaz, Jr.
V.M. Diaz and Partners, LLC
119 Washington Ave, Suite 402
Miami Beach, FL 33139
Phone: (305) 704-3200
Fax: (305) 538-4928
victor@diazpartners.com

Daniel K. Bryson
Whitfield, Bryson & Mason, LLP
900 W. Morgan Street
Raleigh, NC 27603
Phone: (919) 600-5000
Fax: (919) 600-5002
dan@wbmllp.com

Richard J. Serpe
Law Offices of Richard J. Serpe
Crown Center, Ste. 310
580 East Main Street
Norfolk, VA 23510-2322
Phone: (757) 233-0009
Fax: (757) 233-0455
rserpe@serpefirm.com

## OF COUNSEL TO PLAINTIFFS' STEERING COMMITTEE

Richard S. Lewis
HAUSFELD LLP
1700 K Street, N.W Suite 650
Washington, DC 20006
Phone: (202) 540-7200
Fax:  (202) 540-7201
rlewis@hausfeldllp.com

Andrew A. Lemmon
Lemmon Law Firm, LLC
P.O. Box 904
15058 River Road
Hahnville, LA 70057
Phone: (985) 783-6789
Fax: (985) 783-1333
andrew@lemmonlawfirm.com

Anthony D. Irpino
IRPINO LAW FIRM
2216 Magazine Street
New Orleans, LA 70130
Phone: (504) 525-1500
Fax: (504) 525-1501
airpino@irpinolaw.com

**CERTIFICATE OF SERVICE**

   I hereby certify that the above and foregoing has been served on Defendants' Liaison Counsel, Kerry Miller, by e-mail and upon all parties by electronically uploading the same to LexisNexis File & Serve in accordance with Pre-Trial Order No. 6, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2047 on this 4th day of June, 2015.

              /s/ Leonard A. Davis
              Leonard A. Davis
              HERMAN, HERMAN & KATZ, LLP
              820 O'Keefe Avenue
              New Orleans, Louisiana 70113
              Phone: (504) 581-4892
              Fax: (504) 561-6024
              Ldavis@hhklawfirm.com
              Plaintiffs' Liaison Counsel
              MDL 2047

              *Co-counsel for Plaintiffs*