UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: CHINESE-MANUFACTURED DRYWALL PRODUCTS LIABILITY LITIGATION | MDL NO. 2047 SECTION: L JUDGE FALLON MAG. JUDGE WILKINSON |
| THIS DOCUMENT RELATES TO: ALL ACTIONS | |

**BEIJING NEW BUILDING MATERIALS PUBLIC LIMITED CO. AND BEIJING NEW BUILDING MATERIAL (GROUP) CO., LTD.'S REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF THEIR EMERGENCY MOTION FOR CLARIFICATION OR MODIFICATION OF THE COURT'S MAY 28, 2015 MINUTE ENTRY**

Subject to and without waiver of their motions to dismiss for lack of jurisdiction and failure of service, defendants Beijing New Building Materials Public Limited Company ("BNBM PLC") and Beijing New Building Material (Group) Co., Ltd. ("BNBM Group") respectfully submit this Reply Memorandum of Law in Support of Their Emergency Motion For Clarification or Modification of The Court's May 28, 2015 Minute Entry (Rec. Doc. 19053) (the "Minute Entry").

ARGUMENT

In presuming that the May 28 Minute Entry intended to force BNBM PLC and BNBM Group to choose between participating in the June 9 damages hearing and maintaining their jurisdictional defenses, the PSC ignores that these defendants *cannot* be compelled to make such a one-or-the-other choice.  Plaintiffs have never had any response to the on-point precedent which establishes that a defendant—even one that has defaulted—must be permitted to present evidence at a damages hearing as a matter of constitutional Due Process. *See Hovey v. Elliott*, 167 U.S. 409, 417-18 (1897); *In re Fraidin*, 34 F. App'x 932, 933 (4th Cir. 2002); *In re Briggs*,

1

No. 08-00298, 2008 WL 4817504, at *1 (Bankr. D.D.C. Oct. 28, 2008); *Stookey v. Teller Training Distribs., Inc.*, 9 F.3d 631, 634 (7th Cir. 1993); *Angiodynamics, Inc. v. Biolitec AG*, 991 F. Supp. 2d 283, 298-99 (D. Mass. 2014).[1]  Plaintiffs likewise cannot dispute that a defendant is unequivocally entitled, under both Fed. R. Civ. P. 12 and the jurisprudence applying that Rule, to assert simultaneously its jurisdictional defenses and litigate on the merits. *See Orange Theatre Corp. v. Rayherstz Amusement Corp.,* 139 F.2d 871, 874 (3d Cir. 1944) (a defendant "is no longer required at the door of the federal courthouse to intone that ancient abracadabra of the law, *de bene esse*, in order by its magic power to enable himself to remain outside even while he steps within. He may now enter openly in full confidence that he will not thereby be giving up any keys to the courthouse door which he possessed before he came in"); *Toshiba Int'l Corp. v. Fritz*, 993 F. Supp. 571, 573-74 (S.D. Tex. 1998).  We are aware of no case—and the PSC cites none—where a court has effectively precluded a party from presenting evidence at a damages hearing or other trial because it has objected to personal jurisdiction.

      While the PSC points out that jurisdictional defenses "may be waived," it does not address the more relevant principle that a defendant does not waive those defenses so long as it properly and consistently asserts them prior to engaging on the merits, as BNBM PLC and BNBM Group indisputably have done.  *Bayou Steel Corp. v. M/V Amstelvoorn*, 809 F.2d 1147, 1149 (5th Cir. 1987); *U.S. v. Ligas*, 549 F.3d 497, 503 (7th Cir. 2008); *IDS Life Ins. Co. v. SunAmerica, Inc.*, 958 F. Supp. 1258, 1271 (N.D. Ill. 1997) aff'd in part, vacated in part sub nom. *IDS Life Ins. Co. v. SunAmerica Life Ins. Co.*, 136 F.3d 537 (7th Cir. 1998); *Anderson v. GlobalSantaFe Offshore Servs., Inc.*, 924 F. Supp. 2d 738, 749 (E.D. La. 2013); *Toshiba Int'l Corp.*, 993 F. Supp. at 573-74; *Matthews v. Brookstone Stores, Inc.*, 431 F. Supp. 2d 1219, 1223

---

[1] Plaintiffs also cannot contest that BNBM PLC and BNBM Group are entitled to assert their jurisdictional defenses notwithstanding the preliminary defaults entered against them.  *Jackson v. FIE Corp.*, 302 F.3d 515 (5th Cir. 2002).

2

(S.D. Ala. 2006); *In re Asbestos Products Liab. Litig. (No. VI)*, 965 F. Supp. 2d 612, 621-22 (E.D. Pa. 2013); *City of Geneva ex rel. Bostic v. Serenity Manor Apartments*, 578 F. Supp. 2d 476, 481 (W.D.N.Y. 2008).  As Judge Vance stated in *Anderson v. GlobalSantaFe Offshore Services, Inc.*, a defendant can only waive its jurisdictional objections if "its conduct does not reflect a continuing objection to the power of the court to act over the defendant's person."  924 F. Supp. 2d 738, 749 (E.D. La. 2013) (finding defendant did not waive jurisdictional defense where it participated in litigation for a year and a half, including discovery and a settlement conference).  Here, BNBM PLC and BNBM Group expressly and consistently assert their "continuing objection" to jurisdiction, and they only will be participating in the damages hearing because the Court has directed that jurisdiction be resolved later.  *See, e.g.,* Rec. Doc. 18427 (Notice of Appearance reserving "all defenses, including… defenses relating to service of process [and] personal jurisdiction); Rec. Doc. 18428 (same); Rec. Doc. 18454 (Opposition to PSC's Motion To Preclude including an "Assertion of Personal Jurisdiction Defenses" section); Rec. Doc 18610 (Notice of Joinder made "[s]ubject to the preservation of personal jurisdiction defenses set forth in" BNBM PLC's and BNBM Group's Opposition to PSC's Motion To Preclude); Rec. Doc. 18683 (Response to Motion To Compel including a "Reassertion of Personal Jurisdiction Defense" section); Rec. Doc. 18849 (BNBM PLC 12(b)(2) motion to dismiss); Rec. Doc. 18841 (BNBM Group 12(b)(2) motion to dismiss).

      The PSC's assertion that BNBM PLC and BNBM Group have already waived their jurisdictional defenses by participating in damages-related discovery in "violation" of the Court's orders is equally unavailing.  Prior to the May 28 hearing and Minute Entry, the Court had never given BNBM PLC and BNBM Group any reason to believe that they would risk submitting to the Court's jurisdiction by participating in damages discovery.  On the contrary,

even though BNBM PLC and BNBM Group had been asserting for weeks that they were not subject to the Court's jurisdiction, the Court made clear on April 27, when it set the current discovery and hearing schedule, that it intended for all defendants, not only Taishan, to participate in damages discovery:

> [A]t the same time that we're dealing with [contempt discovery], we're also dealing with a damage trial. From the damage trial standpoint, I would assume that, for the most part, the *defendants* will have an interest in obtaining discovery.
>
> [I] am also looking to Taishan *and its affiliates* to voluntarily participate, because if they don't voluntarily participate, then I'm going to have a hard time allowing them to participate in the damages case.

Hearing Tr., 4/27/2015 (Rec. Doc. 18764, pp. 8-9). While the Court's Order Preserving Defenses does not specifically reference damages discovery, because BNBM PLC and BNBM Group have from the outset asserted and maintained their jurisdictional objections, and they continue to maintain those objections, no additional protection against waiver is required.

Finally, the PSC's semantic argument regarding whether the June 9 hearing is a "trial" or not misses the relevant point. We do not argue that the Court "must address" the jurisdictional motions before trial, as the PSC contends (PSC Response, p. 9); BNBM PLC and BNBM Group have agreed to and accepted the *seriatim* schedule the Court has laid out. Rather, the relevance of Rule 12(i) is that it clearly preserves a defendant's jurisdictional defenses where, as here, the Court exercises its discretion to defer the issue of jurisdiction. Having exercised its discretion to deal with the jurisdictional issues on a separate track in subsequent proceedings, the Court cannot now rule that BNBM PLC or BNBM Group either must be precluded from participating in a damages hearing where plaintiffs seek hundreds of millions of dollars, or be held to have forfeited its jurisdictional defenses.

## CONCLUSION

For all of the foregoing reasons, BNBM PLC and BNBM Group respectfully request that the Court enter an order clarifying or modifying the May 28 Minute Entry to state that full participation, including cross-examination of witnesses, does not waive any jurisdictional defenses BNBM PLC and BNBM Group have raised in their motions to dismiss.  We further respectfully request that the Court rule on this motion in an expedited fashion sufficiently in advance of the June 9 damages hearing so that, if necessary, BNBM PLC and BNBM Group can seek appropriate relief and ensure that this issue is fully adjudicated before the damages hearing begins.

Dated:  June 4, 2015

                                              Respectfully submitted,

                                              **DENTONS US LLP**

                                              By: */s/ Michael H. Barr*
                                              Michael H. Barr
                                              New York Bar No. 1744242
                                              Justin N. Kattan
                                              New York Bar No. 3983905
                                              1221 Avenue of the Americas
                                              New York, NY 10020-1089
                                              Telephone:  (212) 768-6700
                                              Facsimile:  (212) 768-6800
                                              michael.barr@dentons.com
                                              justin.kattan@dentons.com

                                                    - AND -

Richard L. Fenton
Illinois Bar No. 3121699
Leah R. Bruno
Illinois Bar No. 6269469
233 South Wacker Drive
Suite 7800
Chicago, IL  60606-6306
Telephone:  (312) 876-8000
Facsimile:  (312) 876-7934
richard.fenton@dentons.com
leah.bruno@dentons.com

- AND -

C. Michael Moore
Texas Bar No. 14323600
Gene R. Besen
Texas Bar No. 24045491
2000 McKinney Ave, Suite 1900
Dallas, TX  75201
Telephone:  (214) 259-0900
Facsimile:  (214) 259-0910
mike.moore@dentons.com
gene.besen@dentons.com

- AND -

**PHELPS DUNBAR LLP**

Harry Rosenberg
Louisiana Bar No. 11465
365 Canal Street, Suite 2000
New Orleans, Louisiana 70130-6534
Telephone:  (504) 566-1311
Facsimile:  (504) 568-9130
harry.rosenberg@phelps.com

*Attorneys for Beijing New Building Material (Group) Co., Ltd. and Beijing New Building Materials Public Limited Company*

**CERTIFICATE OF SERVICE**

    I hereby certify that the above and foregoing Beijing New Building Materials Public Limited Company's and Beijing New Building Material (Group) Co., Ltd.'s Reply Memorandum of Law In Support Of Their Emergency Motion For Clarification or Modification of The Court's May 28, 2015 Minute Entry has been served on Plaintiffs' Liaison Counsel, Leonard Davis, and Defendants' Liaison Counsel, Kerry Miller, by U.S. mail and e-mail or by hand delivery and e-mail and upon all parties by electronically uploading the same to LexisNexis File & Serve in accordance with Pre-Trial Order No. 6, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2047, on this 4th day of June, 2015.

                                                                           /s/      Michael H. Barr