## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: CHINESE-MANUFACTURED | * MDL NO. 2047 |
| DRYWALL PRODUCTS LIABILITY | * |
| LITIGATION | * SECTION: L |
| | * |
| | * JUDGE FALLON |
| | * |
| THIS DOCUMENT RELATES TO: | * MAG. JUDGE WILKINSON |
| ALL CASES | * |
| | * |

**************************************************

### NON-PARTY MORGAN STANLEY'S OBJECTIONS TO REC. DOC. 18952 SECOND AMENDED NOTICE OF EXPEDITED ORAL AND VIDEOTAPED DEPOSITION PURSUANT TO THE COURT'S DIRECTIVE DURING THE MARCH 17, 2015 SPECAIL HEARING AND MINUTE ENTRY AND ORDER [REC. DOC. 18943]

Non-Party Morgan Stanley submits these objections to the subpoena issued to it by the Plaintiffs Steering Committee (the "PSC") on May 18, 2015 and served on May 21, 2015 (the "May 18, 2015 Subpoena"). Pursuant to Rule 45(d)(2)(B), Morgan Stanley submits this filing to preserve its objections regarding the documents sought and the deposition topics requested. Morgan Stanley is searching its files, however, for responsive documentation to comply with the subpoena.[1] The May 18, 2015 Subpoena did not identify a return date for the documents, and any deposition that may occur is to be "on a date and at a location mutually agreed upon by the parties." Rec. Doc. 18952, May 18, 2015 Subpoena at p. 28 of 33. The May 18, 2015 Subpoena was issued expressly and solely in connection with (i) the injunction prong of the Court's July 17, 2014 Order holding Taishan in contempt of court, criminally and civilly and (ii) whether

---

[1] The May 18, 2015 Subpoena is the fourth set of document requests issued to Morgan Stanley by the PSC over a three-week period. Each new document request seeks different information than the previous requests. The May 18, 2015 Subpoena was issued following this Court's order denying the PSC's request for expedited discovery and ordering the parties to work together to narrow the scope of the requests. Rec. Doc. 18925.

there exist alter ego relationships between and among Taishan and BNBM/CNBM.  Rec. Doc. 18952.

## **GENERAL OBJECTIONS**

1.  Morgan Stanley objects to the definition of "you" and "your" in the May 18, 2015 Subpoena because it seeks information that is outside its possession, custody, and control, requesting information from Morgan Stanley subsidiaries, divisions, subdivisions, affiliates, officers, representatives, independent contractors, and other entities.

2.  Morgan Stanley also objects to the definition of "you" and "your" because it is overly broad and unduly burdensome, requesting information from Morgan Stanley subsidiaries, divisions, subdivisions, affiliates, officers, representatives, independent contractors, and other entities and individuals.  Morgan Stanley has hundreds of wholly separate subsidiaries in the United States alone from which the Notice of Deposition and Request for Documents purportedly seek information.

3.  Additionally, Morgan Stanley objects to the definition of "you" and "your" because it includes the attorneys of Morgan Stanley and its subsidiaries, divisions, affiliates, officers, directors, employees, representatives, independent contractors, consultants, or agents.  This definition improperly implicates information that may be protected by the attorney/client privilege as well as the work product doctrine.

4.  Morgan Stanley also objects because the May 18, 2015 Subpoena is overly broad and unduly burdensome as to the number of companies for which information is sought.  *See*, *e.g.*, *Wiwa v. Royal Dutch Petroleum Co.*, 392 F.3d 812, 818 (5th Cir. 2004).  On its face, these requests ask that Morgan Stanley, a non-party, search for transactions or commercial interactions with 83 international entities, over a nine-and-a-half year period,

in a compressed timeframe.  Further, of the 83 entities, the PSC has identified 11 predecessor entities that are encompassed in the request, requiring additional searches by Morgan Stanley.

5. Morgan Stanley also objects because the May 18, 2015 Subpoena seeking information regarding 83 entities and their predecessors is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence because many of these entities have not been identified as related to Taishan by either the Court or the PSC.

6. Morgan Stanley objects because the PSC have failed to demonstrate that its need to obtain the information outweighs the burden and prejudice to Morgan Stanley.  *See*, *e.g.*, *Anker v. G.D. Searle & Co*., 126 F.R.D. 515, 521 (M.D.N.C. 1989) (to obtain documents from a third party, plaintiff must show more than just that the documents sought fall within the general scope of discovery; he must show a need for the evidence that outweighs the burden and prejudice to the non-party).

7. Morgan Stanley objects to the May 18, 2015 Subpoena because it is overly broad and unduly burdensome as to the time period for which documents are sought.  *See*, *e.g.*, *Wiwa v. Royal Dutch Petroleum Co*., 392 F.3d 812, 818 (5th Cir. 2004).  The discovery would require Morgan Stanley to search its records on a daily basis for more than nine years for documents, communications, accounts, stocks, bonds, notes, securities, investments, loans, letters of credit, ownership, or security interests, property interests (real or personal property), and any other assets of 94 different companies.

8. Morgan Stanley objects to the definitions of "computer," "electronically stored information" or "ESI," and "electronic media" are also unduly burdensome.  These definitions ask that Morgan Stanley search every computer, laptop, palmtop computer (or

PDA), minicomputer, portable computer, or notebook computer seeking over thirty-six forms of ESI from each device as well as external storage media, including computer memories, hard disks, floppy disks, CD-ROM and other removable media.  On the face of the subpoena, the PSC asks that Morgan Stanley search 94 entities for information for more than nine years on innumerable electronic devices.

9. Morgan Stanley objects to Instruction No. 5 because it is overly broad, unduly burdensome and, in some instances, incapable of being answered.  Instruction No. 5 asks that Morgan Stanley specifically identify all responsive documents that have been destroyed, including the person who prepared the documents, the dates of preparation and transmittal, subject matter, number of pages, attachments or appendices, all persons to whom they were distributed, showed or explained, date(s) of loss or destruction, the reason for the destruction and person who authorized the destruction, among other things.  Such a request asks Morgan Stanley to provide specific information about documents that no longer exist.  Such an instruction is unreasonable and unduly burdensome.

10. Morgan Stanley objects to the extent that the information sought in the May 18, 2015 Subpoena can be reasonably obtained from a defendant in this litigation, including Taishan, CNBM and/or BNBM.  As a non-party, Morgan Stanley should not be required to expend extensive resources to provide information that is available from a party to the suit.

11. Morgan Stanley objections to Instruction No. 6 because it is overly broad, vague and ambiguous.  This instruction seeks information within the possession, custody or control of "any entity associated with you."  Instruction No. 6 is also improper because it plainly seeks information outside the possession, custody or control of Morgan Stanley.

12. Morgan Stanley objects to the May 18, 2015 Subpoena to the extent that it seeks information that is subject to the attorney-client privilege and/or any other privilege or protection that may apply.

13. Morgan Stanley objects to the May 18, 2015 Subpoena to the extent that it seeks information that is confidential/proprietary information or private financial information of non-parties to this litigation.  *See* Fed. R. Civ. P. 45(d)(3)(B)(i).

14. Morgan Stanley objects to the Expedited Notice because the PSC has failed to comply with Rule 45(d)(1) of the Federal Rules of Civil Procedure, in that the PSC has not taken reasonable steps to avoid imposing an undue burden or expense on Morgan Stanley.  The information requested in the May 18, 2015 Subpoena will require Morgan Stanley to incur substantial expense to search for, review and produce the documentation requested by the PSC.  The PSC has not, however, offered to reimburse Morgan Stanley for its costs in complying with the May 18, 2015 Subpoena although the PSC previously offered to reimburse the non-parties for their costs pursuant to Rule 45(d)(3) of the Federal Rules of Civil Procedure.  *See* Rec. Doc. 18476 at p. 22.

15. Morgan Stanley also objects because when the PSC issued the May 18, 2015 Subpoena, it directed Morgan Stanley to focus its search on certain enumerated documents, attached as Exhibit B.  Yet, the PSC did not obtain the necessary permissions from CNBM and BNBM required under the parties' confidentiality agreement to share the documents with Morgan Stanley.  Morgan Stanley was able to obtain written consent to obtain the documents from CNBM and advised the PSC of that consent on May 28, 2015.  Morgan Stanley was not provided the underlying documents from the PSC until May 28, 2015, and even then, only provided some, not all, of the documents that the PSC have asked

5

Morgan Stanley to review in its search for responsive documents.  Thus, Morgan Stanley has not had sufficient time to review the underlying documents to respond to the document requests or to formulate all of its objections.

Morgan Stanley's objections and responses are based upon the information presently available to it, and, as such, Morgan Stanley reserves its right to amend, modify, or supplement these responses during the course of additional investigation and discovery.

## SPECIFIC OBJECTIONS TO DOCUMENTS TO BE PRODUCED

In addition to the above general objections, which are incorporated and adopted in the objections below, Morgan Stanley asserts the specific objections below in response to the documents requested in the May 18, 2015 Subpoena.  The document request states:

> All documents and communications relevant to the documents requested in the Meet and Confer – Documents and Deposition Topics for Morgan Stanley memorandum dated May 15, 2015.  A copy of the memorandum is attached hereto as Exhibit "B."

Below are the documents requested in Exhibit B and Morgan Stanley's objections to those requests.

### Request No. 1

> All financial transactions by and among any Defendant and/or Defendants' Affiliates or Subsidiaries with the bank and/or the bank's subsidiaries or affiliates in the United States or China.

### Objection to Request No. 1

> Morgan Stanley objects to Request No. 1 because it is overly broad and unduly burdensome, seeking financial transactions between and/or among any Morgan Stanley subsidiary or affiliate in the United States or China and 83 Chinese entities, plus their predecessor entities, over a nine-year period.  Indeed, this request, as drafted, is broader than all of the previously issued subpoena.  Morgan Stanley also objects to No. 1 because the term "all financial transactions" is vague and ambiguous.

Morgan Stanley objects further because the subpoena seeks documentation that can be obtained from a party to the litigation.  Taishan and several affiliates and/or subsidiaries have now appeared in this matter, and the PSC can and should obtain the requested information from those entities that are parties to this litigation.  Taishan has represented to this Court that it is "willingly, actively and diligently participating in discovery as the Court directed."  Rec. Doc. 18765. Accordingly, if the PSC seeks information regarding investments by Taishan, or any other party to the suit, it should obtain that information from Taishan and the other defendants in this action.  If the PSC contends that the defendants have failed or refuse to produce sufficient information, they may seek recourse through this Court instead of issuing burdensome discovery requests to a non-party.

Morgan Stanley also objects to the request because it seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

During the meet and confer held on May 15, 2015, the PSC represented that its requests were limited to documentation associated with the specific documents listed in the chart provided.  The PSC indicated further, in its Motion to Compel, on May 28, 2015, that the documents identified were meant to assist Morgan Stanley in its search for responsive documents by referencing "documents that specifically discuss transactions and asset holdings."  Rec. Doc. 19004-1 at p. 2. If the PSC's representations are, in fact, true and its request is actually limited to the documentation associated with the specific documents listed in the chart, then the breadth of the requests may not be objectionable, but Morgan Stanley objects to the specific documents requested as outlined below.

## Request No. 2

All United States executives, directors, management employees involved in any of the above financial transactions who are citizens of the United States and their full contact information.

## Objection to Request No. 2

Morgan Stanley objects to Request No. 2 because it is overly broad and unduly burdensome on its face in requesting the identity of every United States executive, director or management employee "involved" in any of the financial transactions referenced in No. 1.  Such a request exponentially increases the breadth and burden of Request No. 1.  Morgan Stanley also objects to Request No. 2 because it seeks information that is neither relevant nor reasonably calculated to the lead to the discovery of admissible evidence.  Further, Morgan Stanley objects because Request No. 2 seeks confidential personnel information of Morgan Stanley employees.

As to the specific documents that the PSC has directed Morgan Stanley to review in its search for responsive documents, Morgan Stanley asserts the objections below.  Because Morgan Stanley received the PSC's "road map" documents less than a week ago, it has not been able to gather and/or review all of the underlying files to formulate its objections fully.  Morgan Stanley reserves its right to supplement and/or amend its objections.  Further, several of the documents provided by the PSC, which are supposedly intended for Morgan Stanley to begin its search, are in Chinese.  The PSC should provide these documents in English to expedite this process, particularly when, as here, the PSC has attempted to seek these documents on an expedited basis.

| DOCUMENT | BATES NUMBERS | OBJECTIONS |
|---|---|---|
| BNBM PLC 2014 ANNUAL REPORT | BNBMPLC0003170, 3185, 3209 | Morgan Stanley objects because the document provided by the PSC is incomplete.  Based upon a preliminary review of the BNBM document, the underlying information sought by the PSC does not appear relevant or reasonably calculated to lead to the discovery of admissible evidence. |
| CNBM March 13, 2006 Global Offering (entire report) | ALRMH-CNBM00000001-643, specifically pgs. CNBM00000001, 21, 25, 30, 63, 64, 67, 282, 290, 294, 297, 301, 323, 398, 401, 402, 638. | Morgan Stanley objects because the underlying information sought by the PSC does not appear relevant or reasonably calculated to lead to the discovery of admissible evidence.  Morgan Stanley also objects because the underlying information is confidential. |
| CNBM 2007 Annual Report | ALRMH-CNBM00000790, 849 | Morgan Stanley objects because the document provided by the PSC is incomplete.  Morgan Stanley also objects because the information sought by the PSC does not appear relevant or reasonably calculated to lead to the discovery of admissible evidence.  Morgan Stanley objects further because the underlying information is confidential. |
| CNBM 2008 Annual Report | ALRMH-CNBM00001183, 1315 | Morgan Stanley objects because the document provided by the PSC is incomplete.  Morgan Stanley also objects because the information sought by the PSC does not appear relevant or reasonably calculated to lead to the discovery of admissible evidence.  Morgan Stanley objects further because the underlying information is confidential. |

| | | |
|---|---|---|
| CNBM 2009 Annual Report | ALRMH-CNBM00001570, 1592 | Morgan Stanley objects because the document provided by the PSC is incomplete. Morgan Stanley also objects because the information sought by the PSC does not appear relevant or reasonably calculated to lead to the discovery of admissible evidence. Morgan Stanley objects further because the underlying information is confidential. |
| CNBM 2014 Interim Report | CNBMCO00000080-169 | Morgan Stanley objects because the CNBM 2014 Interim Report is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. In fact, this document does not reference Morgan Stanley. |
| CNBM 2014 Annual Report | ALRMH-CNBM00003747, 3755, 3798 | Morgan Stanley objects because it has not been provided with the Bates-labeled copy of this document from the PSC. Upon its review of the document publically available, Morgan Stanley objects because the information sought by the PSC does not appear relevant or reasonably calculated to lead to the discovery of admissible evidence. In fact, the only reference to Morgan Stanley in the CNBM 2014 Annual Report is to the fact that an independent, non-executive director was appointed to the Board of CNBM, Mr. Sun Yanjun, in October 2014, and Mr. Sun Yanjun's work history included two years at Morgan Stanley from 2004 – 2006. |
| CNBM Co. 8/22/14 Voluntary Announcement re: Resignation and Proposed Appointment of Directors and Supervisors | CNBMCO00000073 | Morgan Stanley objects because the information sought by the PSC does not appear relevant or reasonably calculated to lead to the discovery of admissible evidence. In fact, the only reference to Morgan Stanley in this document is to the fact that, due to a resignation by another board member, CNBM proposed to appoint a new independent non-executive director to the board of CNBM, Mr. Sun Yanjun, and Mr. Sun Yanjun's work history included two years at Morgan Stanley from 2004 – 2006. |
| CNBM 9/1/14 Letter from the Board re: Proposed Appointment of Directors and Supervisors and Notice of Extraordinary | CNBMCO00000184 | Morgan Stanley objects because the information sought by the PSC does not appear relevant or reasonably calculated to lead to the discovery of admissible evidence. In fact, the only reference to Morgan Stanley in this document is to the fact that, due to a resignation by another board member, CNBM proposed to appoint a new independent, non-executive director to the board of CNBM, Mr. Sun Yanjun, and Mr. Sun Yanjun's work history |

| Board Meeting | | included two years at Morgan Stanley from 2004 – 2006. |
| --- | --- | --- |

| **WEBSITES AND OBJECTIONS** |
| --- |
| http://www.financeasia.com/print.aspx?CIID=25926 <br><br> OBJECTION:  This article relates to CNBM's 2006 Global Offering, which Morgan Stanley coordinated.  Morgan Stanley objects because the underlying information sought by the PSC does not appear relevant or reasonably calculated to lead to the discovery of admissible evidence.  Morgan Stanley also objects because the underlying information is confidential. |
| http://www.atimes.com/atimes/China_Business/HC17Cb01.html <br><br> OBJECTION: This article relates to CNBM's 2006 Global Offering, which Morgan Stanley coordinated.  Morgan Stanley objects because the underlying information sought by the PSC does not appear relevant or reasonably calculated to lead to the discovery of admissible evidence.  Morgan Stanley also objects because the underlying information is confidential. |
| www.cnbm.com.cn <br><br> OBJECTION: The PSC has forwarded a 14-page internet article from the CNBM that is entirely in Chinese and has not provided a translation.  Morgan Stanley's search on the English version of the CNBM website does not return any hits that appear to match this document. |
| www.thestandard.com/kh/news_detail.asp?pp_cat=2&art_id=50978&sid=14871947&con_type=1 <br><br> OBJECTION: This link is not available, and the PSC has not provided a copy of this document. |
| http://morganstanleychina.com/press/others/091217.html <br><br> OBJECTION: The PSC has only provided a copy of this document in Chinese.  Morgan Stanley will search its files for a copy of this 2009 press release. |
| http://www.etnet.com.hk/www/sc/stocks/realtime/quote_ca_sdi.php?code=3323&page=1 <br><br> OBJECTION: Morgan Stanley objects because this website is a realtime stock ticker for the Hong Kong Stock Exchange.  A review of this website at this time shows no reference to Morgan Stanley.  Thus, Morgan Stanley objects to any request associated to this website as neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. |

## <u>OBJECTIONS TO DEPOSITION TOPICS</u>

In addition to requesting documentation, the PSC have also issued a notice of deposition seeking a 30(b)(6) witness to testify on two topics:

1. Your knowledge regarding all documents produced in response to the above document request.

2.  Your knowledge regarding the subject matter and topics identified in the Meet and Confer – Documents and Deposition Topics for Morgan Stanley memorandum dated May 15, 2015.  A copy of the memorandum is attached hereto as Exhibit "B".

These deposition topics are limited to the information regarding the documents sought by the

PSC.  As such, Morgan Stanley adopts and incorporates its general and specific objections to the

documents sought in its objections to the deposition topics.  Morgan Stanley objects further to

any deposition because the PSC previously represented that if Morgan Stanley produced

responsive documents, a deposition would not be necessary.


                                        Respectfully Submitted,

                                        /s/ James M. Garner
                                        JAMES M. GARNER, LA BAR #19589
                                        ASHLEY G. COKER, LA BAR # 30446
                                        EMILY E. ROSS, LA BAR # 34739
                                        **SHER GARNER CAHILL RICHTER**
                                        **KLEIN & HILBERT, L.L.C.**
                                        909 Poydras Street, Twenty-eighth Floor
                                        New Orleans, Louisiana 70112
                                        Phone: (504) 299-2100
                                        Facsimile: (504) 299-2300
                                        **COUNSEL FOR MORGAN STANLEY**


                        **CERTIFICATE OF SERVICE**

        I hereby certify that the above and foregoing pleading has been served on counsel for the Plaintiffs' Steering Committee, Leonard A. Davis, and Defendants' Liaison Counsel, Kerry Miller, by e-mail and on all parties by electronically filing via CM/ECF, which will send a notice of electronic filing in accordance with the procedures established in MDL 2047, on this 4th day of June, 2015.

                                        /s/ James M. Garner
                                        JAMES M. GARNER