IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE:  CHINESE-MANUFACTURED DRYWALL PRODUCTS LIABILITY LITIGATION | MDL NO. 2047<br>SECTION: L<br>JUDGE FALLON<br>MAG. JUDGE WILKINSON |
| THIS DOCUMENT RELATES TO:<br><br>ALL ACTIONS | |

**THE PLAINTIFFS' STEERING COMMITTEE'S MEMORANDUM OF LAW IN SUPPORT OF MOTION TO REMOVE CONFIDENTIALITY DESIGNATION WITH RESPECT TO THE GANG CHE DEPOSITION**

**I. INTRODUCTION**

The Plaintiffs' Steering Committee ("PSC") conducted the deposition of Gang Che from June 2-5, 2015.  While the transcripts of these depositions are presently designated as "confidential - subject to further confidentiality review", neither party has sought to designate any portion of the deposition as confidential.  Notwithstanding the fact that neither party has sought to designate any of the testimony as confidential, the PSC is currently required to treat the entirety of these transcripts as confidential.  For this reason, the PSC was forced to submit the transcripts under seal in connection with its recent motion to compel.

The PSC has reviewed the deposition transcripts and with the exception of the portions of the transcripts discussing the deprivileged materials that were produced by Hogan Lovells, there are no grounds for designating any of the testimony as either "confidential" or "highly confidential" consistent with the requirements of PTO No. 16.[1]  Accordingly, for the reasons set forth below, the

---

[1] The materials produced by Hogans Lovells were marked as Exhibits "1", "40", and "40A" to the deposition.  The testimony concerning these materials appears at Pgs. 34:15-18, 35:14-23; 37:8-48:9; 183:15-207:21, and 259:12-268:16 of the transcripts.  If the Court elects to

PSC requests that the Court remove all confidentiality designations from the transcripts with the exception of those portions of the transcripts discussing the deprivileged materials.

## II. ARGUMENT

Pursuant to PTO No. 16, a party may produce materials with a designation of "Confidential Information" where "the Producing Party believes in good faith constitutes, reflects, discloses, or contains information subject to protection under Fed. R. Civ. P. 26(c) or other applicable law, whether it is a document (electronic or otherwise), information contained in a document, information revealed during a deposition or other testimony, information revealed in an interrogatory response, or information otherwise revealed. In designating discovery materials as Confidential Information, the Producing Party shall do so in good faith consistent with the provisions of this Protective Order and the rulings of the Court, and shall not be overly broad in designating information as Confidential Information under this Protective Order.  *See* PTO No. 16 at ¶6.[2]  Fed. R. Civ. P. 26(c) provides that a court may, for good cause, issue a protective order "to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense ...".

---

grant the instant motion, the PSC will generate redacted versions of the transcripts/exhibits as well as versions of the same marked "highly confidential".

[2] PTO 16 further provides that a party may designate materials as "highly confidential-restricted information" where the "Producing Party believes in good faith [the item being produced] constitutes, reflects, discloses, or contains information subject to protection under Fed.R.Civ.P. 26(c) or other applicable law, and that contain highly sensitive and competitive information, the disclosure of which to persons other than those designated in this Protective Order would pose a substantial risk of serious harm, economic or otherwise, to the Producing Party." *See* PTO No. 16 at ¶8.
With the exception of the testimony discussing Hogan Lovells, the PSC is totally unaware of any testimony that could possibly be designated as "highly confidential".  Should Taishan or any other party to these proceedings opposed the instant motion and argue other portions of the transcripts should be designated as "highly confidential", the PSC will address such arguments in a reply brief.

As noted above, the PSC has reviewed the deposition transcripts and other than the portions of the transcripts discussing the deprivileged materials, there is nothing in the transcripts that would warrant being designated as "confidential" or "highly confidential". There is simply nothing in the transcripts that would have a tendency to cause annoyance, embarrassment, oppression, or undue burden or expense if the transcripts are produced without confidentiality designations. The PSC is appending copies of these transcripts hereto so as the Court and the parties may independently review the transcripts for purposes of determining whether there are any portions of the transcripts (other than the sections discussing the deprivileged materials) that should receive confidentiality designation.

In addition to the forgoing, it should also be noted that this litigation represents a matter of grave public importance impacting thousands of homeowners throughout the Gulf Coast. Accordingly, it is respectfully submitted that the public has a right of access to the transcripts which should be made available to the public as exhibits to future filings by the PSC and others. *See Doe v. Stegall*, 653 F.2d 180 (5th Cir. 1981) (recognizing that public has First Amendment right of access to a civil trial).

### III.    CONCLUSION

Wherefore, for the reasons set forth above, it is respectfully submitted that the Court should remove any confidentiality designations to the Gang Che deposition with the exception of the portions of the transcripts discussing the deprivileged materials.

Respectfully submitted,

Dated: June 5, 2015

/s/ Russ M. Herman
Russ M. Herman (LA Bar No. 6819)
Leonard A. Davis (LA Bar No. 14190)
Stephen J. Herman (LA Bar No. 23129)
HERMAN, HERMAN & KATZ, LLC
820 O'Keefe Avenue
New Orleans, Louisiana 70113
Phone: (504) 581-4892
Fax: (504) 561-6024
Ldavis@hhklawfirm.com
*Plaintiffs' Liaison Counsel*
*MDL 2047*

Arnold Levin (on the brief)
Fred S. Longer
Sandra L. Duggan (on the brief)
Matthew C. Gaughan (on the brief)
Levin, Fishbein, Sedran & Berman
510 Walnut Street, Suite 500
Philadelphia, PA 19106
215-592-1500 (phone)
215-592-4663 (fax)
Alevin@lfsblaw.com
*Plaintiffs' Lead Counsel*
*MDL 2047*

**PLAINTIFFS' STEERING COMMITTEE**

Dawn M. Barrios
Barrios, Kingsdorf & Casteix, LLP
701 Poydras Street, Suite 3650
New Orleans, LA 70139
Phone: (504) 524-3300
Fax: (504) 524-3313
Barrios@bkc-law.com

Daniel E. Becnel, Jr.
Becnel Law Firm, LLC
425 W. Airline Highway, Suite B
Laplace, LA 70068
Phone: (985) 536-1186
Fax: (985) 536-6445
dbecnel@becnellaw.com

Peter Prieto
Podhurst Orseck, P.A.
25 Flagler Street, 8th Floor
Miami, FL 33130
Phone: (305) 358-2800
Fax: (305) 358-2382
pprieto@podhurst.com

Bruce William Steckler
Steckler, LLP
12720 Hillcrest Road, Ste 1045
Dallas, TX 75230
Phone: (972) 387-4040
Fax: (972) 387-4041
bruce@stecklerlaw.com

Ervin A. Gonzalez
Colson, Hicks, Eidson
255 Alhambra Circle, Penthouse
Cora Gables, FL 33134
Phone: (305) 476-7400
Fax: (305) 476-7444
ervin@colson.com

Ben W. Gordon, Jr.
Levin, Papantonio, Thomas, Mitchell
 Echsner & Proctor, P.A.
316 S. Baylen Street, Suite 600
Pensacola, FL 32502
Phone: (850) 435-7000
Fax: (850) 435-7020
bgordon@levinlaw.com

Hugh P. Lambert
The Lambert Firm
701 Magazine Street
New Orleans, LA 70130
Phone: (504) 581-1750
Fax: (504) 529-2931
hlambert@thelambertfirm.com

Gerald E. Meunier
Gainsburgh, Benjamin, David, Meunier
 & Warshauer, LLC
2800 Energy Centre, 1100 Poydras Street
New Orleans, LA 70163-2800
Phone: (504) 522-2304
Fax: (504) 528-9973
gmeunier@gainsben.com

Jerrold Seth Parker
Parker Waichman, LLP
3301 Bonita Beach Road
Bonita Springs, FL 34134
Phone: (239) 390-1000
Fax: (239) 390-0055
Jerry@yourlawyer.com

Scott Wm. Weinstein
Morgan & Morgan
12800 University Drive, Suite 600
Ft. Meyers, FL 33907
Phone: (239) 433-6880
Fax: (239) 433-6836
sweinstein@forthepeople.com

James Robert Reeves
Reeves & Mestayer, PLLC
160 Main Street
Biloxi, MS 39530
Phone: (228) 374-5151
Fax: (228) 374-6630
jrr@attorneys4people.com

Christopher Seeger
Seeger Weiss, LLP
77 Water Street
New York, NY 10005
Phone: (212) 584-0700
Fax: (212) 584-0799
cseeger@seegerweiss.com

Daniel K. Bryson
Whitfield, Bryson & Mason, LLP
900 W. Morgan Street
Raleigh, NC 27603
Phone: (919) 600-5000
Fax: (919) 600-5002
dan@wbmllp.com

Richard J. Serpe
Law Offices of Richard J. Serpe
Crown Center, Ste. 310
580 East Main Street
Norfolk, VA 23510-2322
Phone: (757) 233-0009
Fax: (757) 233-0455
rserpe@serpefirm.com

Victor M. Diaz, Jr.
V.M. Diaz and Partners, LLC
119 Washington Ave, Suite 402
Miami Beach, FL 33139
Phone: (305) 704-3200
Fax: (305) 538-4928
victor@diazpartners.com

## OF COUNSEL TO PLAINTIFFS' STEERING COMMITTEE

Richard S. Lewis
HAUSFELD LLP
1700 K Street, N.W
Suite 650
Washington, DC 20006
Phone: (202) 540-7200
Fax: (202) 540-7201
rlewis@hausfeldllp.com

Anthony D. Irpino
IRPINO LAW FIRM
2216 Magazine Street
New Orleans, LA 70130
Phone: (504) 525-1500
Fax: (504) 525-1501
airpino@irpinolaw.com

Andrew A. Lemmon
Lemmon Law Firm, LLC
P.O. Box 904
15058 River Road
Hahnville, LA 70057
Phone: (985) 783-6789
Fax: (985) 783-1333
andrew@lemmonlawfirm.com

**CERTIFICATE OF SERVICE**

      I hereby certify that the above and foregoing has been served on Defendants' Liaison Counsel, Kerry Miller, by U.S. Mail and e-mail <u>or</u> by hand delivery and e-mail <u>and</u> upon all parties by electronically uploading the same to LexisNexis File & Serve in accordance with Pre-Trial Order No. 6, which will serve a notice of the uploading in accordance with the procedures established in MDL 2047, on this 23rd day of March, 2015.

      /s/ Leonard A. Davis
      Leonard A. Davis
      HERMAN, HERMAN & KATZ, LLC
      820 O'Keefe Avenue
      New Orleans, Louisiana 70113
      Phone: (504) 581-4892
      Fax: (504) 561-6024
      Ldavis@hhklawfirm.com
      Plaintiffs' Liaison Counsel
      MDL 2047

      *Co-counsel for Plaintiffs*