UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: CHINESE MANUFACTURED DRYWALL PRODUCTS LIABILITY LITIGATION | : : : : : : | MDL NO. 2047 SECTION: L JUDGE FALLON MAG. JUDGE WILKINSON |
| .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. | : | |

**THIS DOCUMENT RELATES TO:** *Germano, et al. v. Taishan Gypsum Co., Ltd., f/k/a Shandong Taihe Dongxin Co., Ltd., et al.,* **Case No. 2:09-cv-6687 (E.D. La.)**

**ORDER**

From 2005 to 2008, a housing boom coincided with the destruction caused by Hurricanes Katrina and Rita to sharply increase the demand for construction materials in the Gulf South and East Coast. In response, Chinese companies manufactured, and sold to homeowners throughout the United States, considerable quantities of gypsum wallboard which came to be known as "Chinese drywall." Homeowners experienced problems with the drywall. Specifically, the drywall emits various sulfide gases, damages structural mechanical and plumbing systems of the home, and damages other appliances in the home. The affected parties sued the entities involved in the manufacturing, importing, and installing the Chinese drywall. The cases multiplied and the Judicial Panel on Multidistrict Litigation ("MDL"), declared the matter an MDL and transferred the cases to this Court. After a period of discovery, it became clear that there were two principal manufacturers, (1) the Knauf Entities, and (2) the Taishan Entities. There are four cases in particular in which Taishan Entities have been served (via international means at the Hague, costing at least $100,000 per service of process). These four cases are *Germano*, *Mitchel*, *Gross*, and *Wiltz*. The matters were set to trial and default judgments were entered. In the instant case, *Germano*, Taishan Gypsum Co., Ltd., f/k/a Shandong Taihe Dongxin Co., Ltd ("Taishan") is the

Defendant. Taishan refused to participate in any of these proceedings.

The day before the expiration of the window for appeal, Taishan appeared and appealed to the Fifth Circuit Court of Appeals, arguing – for the first time – that this Court lacked personal jurisdiction. The matters were remanded to this Court for further discovery on the jurisdictional issue. After a period of discovery, this issue was briefed and argued. In due course, this Court rendered an opinion finding it had jurisdiction over the Defendant Taishan. The Defendant appealed the Court's judgment. Ultimately, two separate Fifth Circuit panels affirmed this Court's exercise of jurisdiction over Taishan. In *Germano*, the time for seeking writs to the Supreme Court has passed, so such judgment has become final and enforceable. In order to execute the judgment, Plaintiffs moved for a Judgment Debtor Examination. The Court ordered Taishan to appear in open court on the morning of July 17, 2014 for a Judgment Debtor Examination (Rec. Doc. 17774).

Taishan failed to appear for the July 17, 2014 Judgment Debtor Examination. Taishan, in fact, has *refused* to appear in open court for the Examination. As stated by counsel for Taishan, both in open court and in a brief (Rec. Doc. 17846), Taishan has received notice of the Examination and has refused to appear or otherwise participate in the proceedings.

As a consequence of Taishan's refusal to appear at this Judgement Debtor Examination, in direct, willful violation of this Court's June 20, 2014 order, the Court holds Taishan in contempt of court, both criminally and civilly. This refusal to appear is a direct contemptuous act occurring in open court after actual notice of the proceedings. Such disobedience of the Court's order harms both the many other parties in this case and the decorum of the Court. Due to the "affront to the Court's dignity [that] is [] widely observed," it is necessary to summarily punish

Taishan's contempt. *Pounders v. Watson*, 521 (U.S. 982, 988-89) (1997); Fed. Rule Crim. Pro. 42(b).

In punishing Taishan's contempt, the Court "has broad discretion in assessing sanctions to protect the sanctity of its decrees and the legal process." *Test Masters Educational Servs. v. Singh*, 428 F.3d 559 (5th Cir. 2005). In this massive suit, the harm from Taishan's noncompliance is high and requires strong sanctions to coerce compliance and restore integrity to these proceedings. *Lamar Financial Corp. v. Adams*, 918 F.2d 564, 567 (5th Cir. 1990) (setting forth four factors by which the Court assesses an appropriate contempt sanction); *see Manhattan Industries v. Sweater Bee, Ltd.*, 885 F.2d 1, 6 (2d Cir. 1989) (affirming the propriety of an award of unjust enrichment contempt sanctions aligned with the contemptor's profits to punish the wrongdoing). Accordingly,

**IT IS ORDERED** that Taishan pay **$15,000** in attorneys' fees to Plaintiffs' counsel.

**IT IS FURTHER ORDERED** that Taishan pay **$40,000** as a penalty for contempt.

**IT IS FURTHER ORDERED** that Taishan, and any of its affiliates or subsidiaries, is hereby **ENJOINED** from conducting any business in the United States until or unless it participates in this judicial process. If Taishan violates this injunction, it must pay a further penalty of **25%** of the profits earned by the company or its affililates who violate the order, for the year of the violation.

**IT IS FURTHER ORDERED** that the clerk of court forward this contempt order to the U.S. Secretary of Commerce, the Chair of the U.S. Senate Committee on Commerce**,** Science, and Transportation, and the U.S. Attorney General, so that these officials are aware of the seriousness of the situation, and for any appropriate action they may see fit.

New Orleans, Louisiana this 17th day of July, 2014.

_____
UNITED STATES DISTRICT JUDGE

CC: Secretary Penny Pritzker
U.S. Department of Commerce
1401 Constitution Ave., NW
Washington, DC 20230

U.S. Senator Jay Rockefeller
Chair of U.S. Senate Committee on Commerce, Science, and Transportation
Russell Senate Building, Room 254
2 Constitution Ave., NE
Washington, DC 20002

U.S. Attorney General Eric Holder
U.S. Department of Justice
950 Pennsylvania Ave., NW
Washington, DC 20530-0001