**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| IN RE:  CHINESE-MANUFACTURED DRYWALL PRODUCTS LIABILITY LITIGATION | MDL NO. 2047 SECTION: L |
|---|---|
| THIS DOCUMENT APPLIES TO ALL CASES | JUDGE FALLON MAG. JUDGE WILKINSON |

**EMERGENCY MOTION OF THE PLAINTIFFS' STEERING COMMITTEE ("PSC") FOR EXPEDITED RETURN ON DISCOVERY, SHORTENING OF TIME TO NOTICE DEPOSITIONS, REQUEST FOR EXTENSION OF JUNE 9, 2015 DEADLINE FOR COMPLETION OF DISCOVERY, REQUEST FOR PERMISSION TO SERVE DISCOVERY ON COUNSEL FOR THE CNBM ENTITIES, OR, IN THE ALTERNATIVE, MOTION TO COMPEL CNBM ENTITIES TO PROVIDE DISCOVERY IN RESPONSE TO THE PSC'S DISCOVERY DIRECTED TO CHINA JUSHI CO., LTD. (f/k/a CHINA FIBERGLASS CO., LTD.) AND JUSHI GROUP CO., LTD.**

NOW INTO COURT come the Plaintiffs' Steering Committee ("PSC"), who shows as follows:

1.      Pursuant to the orders and directives of the Court at the special hearing that took place on March 17, 2015, the Court's comments during the status conference on April 17, 2015, the Court's Minute Entry and Orders dated March 17, 2015 [Rec. Doc. No. 18493] authorizing expedited discovery of Taishan and BNBM/CNBM regarding (i) the injunction prong of the Court's July 17, 2014 Order holding Taishan in contempt of court, criminally and civilly [Rec. Doc. No. 17869], and (ii) whether there exist alter ego relationships between and among these entities, the PSC has been conducting discovery relevant to these important matters.  In the course of these matters, the PSC has recently become aware that China Jushi Co., Ltd. (f/k/a China Fiberglass Co., Ltd.) (hereafter "China Jushi") and Jushi Group Co., Ltd. ("Jushi Group") have been doing business in

the United States through a subsidiary Jushi USA Fiberglass Co., Ltd. ("Jushi USA") during the contempt period.[1]  As a consequence, the PSC is compelled to move on an emergency basis to take discovery of China Jushi and Jushi Group.  Pursuant to the procedures and methodology announced by this Court on May 7, 2015, the PSC respectfully requests a telephonic hearing on the instant motion on June 10, 2015.  *See* Minute Entry Dated May 7, 2015, Rec.Doc.No. 18925.

2.      It is respectfully submitted that expedited discovery from China Jushi and Jushi Group is necessary to determine the scope of the Taishan Affiliates' and Subsidiaries' violations of this Court's Contempt Order.[2]  Given the complete absence of any production by the CNBM entities concerning their violations of the Contempt Order, it is necessary to pursue this evidence from third party affiliates.  As information of China Jushi's, Jushi Group's, and Jushi USA's business activities have come to light, China Jushi and Jushi Group are needed to obtain evidence relevant to the Taishan Defendants' and Affiliates' violations of the Contempt Order.

3.      The PSC deposed the Rule 30(b)(6) designee of China National Building Materials Company Limited ("CNBM"), Zhangli Chang, from June 5, 2015 to June 7, 2015.  During his deposition, Mr. Zhangli testified that, "Jushi Group is the subsidiary of China Fiberglass [currently known as China Jushi] and China Fiberglass is an affiliate company of CNBM Company."  *See* June 6, 2015 Transcript of Zhangli Chang, attached

---

[1] The PSC previously filed discovery involving Jushi USA.  *See* Rec.Doc.No. 19077. The PSC also filed its motion to expedite the discovery being served on Jushi USA.  *See* Rec.Doc.No. 19096.  The motion is currently pending.

[2] Consistent with the Court's directive during the April 24, 2015 telephone conference, the instant discovery will also produce evidence relevant to the defendants' jurisdictional arguments.

hereto as Exhibit "A" (filed under seal).  This testimony confirms that China Jushi is the parent company of the Jushi Group.  This testimony also confirms that China Jushi is an affiliate of CNBM.

4.     The PSC has independently learned that Jushi Group is the parent corporation of Jushi USA.[3]  Jushi USA is an active corporate entity that is headquartered in California.  Jushi USA maintains distribution centers for its fiberglass products in California, Indiana, and South Carolina.[4]  Since Jushi USA has been doing business in the United States notwithstanding the Court's Contempt Order, the PSC has moved for expedited discovery of Jushi USA.  *See* discussion, *supra*.

5.     In light of the status of China Jushi and Jushi Group as upstream entities of Jushi USA and being affiliates and subsidiaries of CNBM, these entities will have information relevant to the Taishan Defendants' and Affiliates' violations of the Court's Contempt Order (*i.e.*, the violations of the Contempt Order by Jushi USA).  Additionally, the PSC also intends to explore whether China Jushi and Jushi Group have been similarly involved in any direct violations of the Court's Contempt Order.  This inquiry is appropriate since CNBM's own website identifies China Jushi as a "core company for the fiberglass sector of the China National Building Materials Company" and further indicates that China Jushi "is also one of the top four suppliers in the US market-the world largest fiberglass market".  *See* Printout from CNBM's Website date June 4, 2015,

---

[3] Jushi USA is a wholly owned subsidiary of Jushi Group.  *See* Jushi USA is Born, attached hereto as Exhibit "C".  Jushi Group is 100% owned by China Jushi. CNBM holds a 33.82% equity interest in China Jushi.  *See* Excerpts from CNBM's 2014 Annual Report at Pg. 13, Exhibit "D" hereto.

[4] *See* https://lk.linkedin.com/company/jushi-usa-fiberglass-co-ltd

attached hereto as Exhibit "B".[5]

6.      The Court's Minute Entry and Orders from March 17, 2015 and April 17, 2015 require that discovery be completed no later than June 9, 2015.  The PSC asks that this Court permit this discovery to take place after the June 9, 2015 deadline since the PSC first learned that China Jushi was a CNBM affiliate during the June 6, 2015 deposition of Mr. Zhangli.  In an effort to address the Court's initial scheduling concerns, the PSC requests that the Court set an expedited response date for the instant discovery; and further, that the time limitations for noticing of depositions also be shortened and expedited.  Rule 30 of the Federal Rules of Civil Procedure sets forth the notice and method for depositions by oral examination.  Request is made to shorten the time to be provided between the issuance of the notice, the taking of the deposition and review by the witness for changes.  Furthermore, Rules 33, 34 and 36 of the Federal Rules of Civil Procedure each provide time frames for responding to discovery requests, and request is made to shorten the time for discovery requests so that the discovery must be responded to fully and completely on an expedited basis.

7.      The PSC proposes that full and complete responses, including the documents requested, be produced by China Jushi and Jushi Group within (10) days of their respective receipt of the discovery.

8.      The PSC proposes that depositions be noticed at least seventy-two (72) hours in advance of the taking of a deposition and that the review for any changes

---

[5] Although the profits of Jushi USA are presently unknown, at the time of its August 1, 2011 acquisition of Jushi USA, Jushi Group reported that it held $1.3 billion in assets, had more than 10,000 employees, could "churn out over 900,000 metric tons of fiberglass per year", and that it was anticipated increasing its production capacity by 500,000 metric tons by 2015.  *See* Jushi USA is Born, attached hereto as Exhibit "C".

requested by the witness be completed within twenty-four (24) hours of the taking of the deposition.

9.      The Court has granted at least seven similar motions requesting the same expedited return of discovery requests and shortening of time to notice depositions with respect to other third-parties on the topics addressed during the March 17, 2015 hearing and in the Court's related Minute Entry and Orders.  *See* Rec.Doc.Nos. 18523 (New Jersey Institute of Technology and CTIEC-TECO American Technology, Inc.); 18535 (Sunpin Solar Development a/k/a Sunpin Solar LLC, Tommy Li, Wal-Mart Stores, Inc., Westerlund Log Handlers LLC and Murphy Overseas USA Astoria Forest Products LLC); 18756 (Hampton Affiliates, Steven J. Zika, Hampton Investment Company, Baillie Lumber Co., Hull Forest Products, Inc., Western Wood, LLC, and W.H. International, Inc.), and 18781  (BNK International, LLC, and Jeffery J. Chang).

10.     It is respectfully submitted that the requests for expedited discovery involving China Jushi and Jushi Group are especially compelling in light of their status as affiliates and subsidiaries of the CNBM entities.

11.     Finally, the PSC requests permission to serve China Jushi and Jushi Group with the proposed discovery by serving counsel for the CNBM entities.  In light of the status of China Jushi and Jushi Group as CNBM affiliates, it is respectfully submitted that China Jushi and Jushi Group will receive notice of the proposed discovery upon service of the discovery on counsel for CNBM.  Such an order is justified in light of this Court's prior grants of motions requesting permission to serve foreign defendants with process through their United States lawyers.  *See* Rec.Doc.No. 17789 and 18228.

12.     Further, in the absence of an order authorizing service of the proposed

discovery upon counsel for CNBM, Plaintiffs will be unable to complete service of the discovery in a timely manner under the Hague Convention.  As the Court is well aware, service under the Hague Convention is an incredibly time consuming process and simply cannot be accomplished within the time frame contemplated by this Court's directives involving the contempt and jurisdictional track discovery.  Therefore, it is respectfully submitted that the Court should allow service of the proposed discovery on China Jushi and Jushi Group upon counsel for the CNBM entities.[6]

13.      In the alternative, the PSC moves the CNBM entities to be compelled to produce documents and provide testimony in response to the PSC's discovery directed to China Jushi and Jushi Group.  As noted above, the CNBM entities have failed to produce any documents relevant to their violations of the Court's Contempt Order.  Notwithstanding the absence of any discovery from the CNBM entities regarding their violations of the Contempt Order, the PSC has learned that the CNBM entities have used their affiliates and subsidiaries to repeatedly violate the Contempt Order.  For this reason,

---

[6]  In the alternative the Court could direct that the PSC serve its proposed discovery upon Jushi USA.  It is noteworthy that several Court's have allowed service of process upon subsidiaries and corporate affiliates.  *See, e.g., Volkswagenwerk AG v. Schlunk,* 486 U.S. 694, 707 (1988) (affirming Illinois court opinion allowing substituted service on domestic subsidiary of foreign defendant); *In re Cathode Ray Tube (CRT) Antitrust Litig.*, 2008 WL 4104341 (N.D. Ca. Sept. 3, 2008) (allowing alternative service on domestic subsidiary); *In re LDK Solar Sec. Litig.,* 2008 WL 2415186 (N.D. Ca. June 12, 2008) (court authorized alternative service on parent corporation, sister subsidiary company and corporate officers located in China by serving subsidiary in California).  If service of process upon subsidiaries and corporate affiliates is proper, service of discovery on such entities should easily satisfy any due process concerns.  For instance, in a related declaratory judgment suit filed in Oregon, *Amorin, et al. v. China Nat'l Building Materials Import and Export Corp.*, et al., 3:15-cv-184 (D. Ore.), which has now been transferred to this MDL, the Magistrate Judge permitted alternative service on two CNBM subsidiaries – China National Building Material Import and Export Company ("CNBM Trading") and CNBM Forest Products (Canada), Ltd. – through their counsel in related litigation in that jurisdiction.  *See* Order permitting alternative service of process on counsel, attached hereto as Exhibit "E".

should the Court determine that service on China Jushi and Jushi Group through CNBM's counsel and/or through Jushi USA is improper, it is respectfully requested that CNBM should be ordered to produce documents and provide testimony in response to the discovery directed to China Jushi and Jushi Group. *See* Fed.R.Civ.P. 37(a)(3)(B).

WHEREFORE, the PSC prays that this motion be granted and that the Court extend the deadline for completion of the instant discovery, allow the PSC to accomplish service of its discovery directed to China Jushi and Jushi Group by serving the same upon counsel for the CNBM entities, order China Jushi and Jushi Group to produce to the PSC full and complete responses to the discovery, including all documents requested (in their original language and, if the original documents are in any language other than English, with English translations), within ten (10) days of their respective receipt of the written discovery, and further order that time limitations for taking of depositions also be shortened and expedited.

Respectfully submitted,

Dated:  June 8, 2015

/s/ Russ M. Herman_____
**Russ M. Herman** (Bar No. 6819)
Leonard A. Davis (Bar No. 14190)
Stephen J. Herman (Bar No. 23129)
***HERMAN, HERMAN & KATZ, LLC***
820 O'Keefe Avenue
New Orleans, LA  70113
PH:  (504) 581-4892
FAX:  (504) 561-6024
ldavis@hhklawfirm.com
***Plaintiffs' Liaison Counsel***
***MDL 2047***

Arnold Levin (on the brief)
Fred S. Longer (on the brief)
Sandra L. Duggan (on the brief)
Matthew C. Gaughan (on the brief)
Levin, Fishbein, Sedran & Berman
510 Walnut Street, Suite 500
Philadelphia, PA 19106
PH:  (215) 592-1500
FAX:  (215) 592-4663
Alevin@lfsblaw.com
*Plaintiffs' Lead Counsel*
*MDL 2047*

## PLAINTIFFS' STEERING COMMITTEE

Dawn M. Barrios
Barrios, Kingsdorf & Casteix, LLP
701 Poydras Street, Suite 3650
New Orleans, LA 70139
Phone: (504) 524-3300
Fax: (504) 524-3313
Barrios@bkc-law.com

Jerrold Seth Parker
Parker Waichman, LLP
27300 Riverview Center Blvd.
Suite 103
Bonita Springs, FL 34134
Phone: (239) 390-1000
Fax: (239) 390-0055
Jerry@yourlawyer.com

Daniel E. Becnel, Jr.
Becnel Law Firm, LLC
425 W. Airline Highway, Suite B
Laplace, LA 70068
Phone: (985) 536-1186
Fax: (985) 536-6445
dbecnel@becnellaw.com

Scott Wm. Weinstein
Morgan & Morgan
12800 University Drive, Suite 600
Ft. Meyers, FL 33907
Phone: (239) 433-6880
Fax: (239) 433-6836
sweinstein@forthepeople.com

Peter Prieto
Podhurst Orseck, P.A.
25 Flagler Street, 8th Floor
Miami, FL 33130
Phone: (305) 358-2800
Fax: (305) 358-2382
pprieto@podhurst.com

James Robert Reeves
Reeves & Mestayer, PLLC
160 Main Street
Biloxi, MS 39530
Phone: (228) 374-5151
Fax: (228) 374-6630
jrr@attorneys4people.com

Bruce William Steckler
Steckler, LLP
12720 Hillcrest Road, Ste 1045
Dallas, TX 75230
Phone: (972) 387-4040
Fax: (972) 387-404
bruce@stecklerlaw.com

Christopher Seeger
Seeger Weiss, LLP
77 Water Street
New York, NY 10005
Phone: (212) 584-0700
Fax: (212) 584-0799
cseeger@seegerweiss.com

Ervin A. Gonzalez
Colson, Hicks, Eidson
255 Alhambra Circle, Penthouse
Cora Gables, FL 33134
Phone: (305) 476-7400
Fax: (305) 476-7444
ervin@colson.com

Daniel K. Bryson
Whitfield, Bryson & Mason, LLP
900 W. Morgan Street
Raleigh, NC 27603
Phone: (919) 600-5000
Fax: (919) 600-5002
dan@wbmllp.com

Ben W. Gordon, Jr.
Levin, Papantonio, Thomas, Mitchell
 Echsner & Proctor, P.A.
316 S. Baylen Street, Suite 600
Pensacola, FL 32502
Phone: (850) 435-7000
Fax: (850) 435-7020
bgordon@levinlaw.com

Richard J. Serpe, Esquire
Law Offices of Richard J. Serpe
Crown Center, Ste. 310
580 East Main Street
Norfolk, VA 23510-2322
Phone: (757) 233-0009
Fax: (757) 233-0455
rserpe@serpefirm.com

Hugh P. Lambert
The Lambert Firm
701 Magazine Street
New Orleans, LA 70130
Phone: (504) 581-1750
Fax: (504) 529-2931
hlambert@thelambertfirm.com

Victor M. Diaz, Jr., Esquire
V.M. Diaz and Partners, LLC
119 Washington Ave, Suite 402
Miami Beach, FL 33139
Phone: (305) 704-3200
Fax: (305) 538-4928
victor@diazpartners.com

Gerald E. Meunier
Gainsburgh, Benjamin, David, Meunier
 & Warshauer, LLC
2800 Energy Centre, 1100 Poydras Street
New Orleans, LA 70163-2800
Phone: (504) 522-2304
Fax: (504) 528-9973
gmeunier@gainsben.com

**OF COUNSEL TO PLAINTIFFS' STEERING COMMITTEE**

Richard S. Lewis
HAUSFELD LLP
1700 K Street, N.W Suite  650
Washington, DC 20006
Phone: (202) 540-7200
Fax:  (202) 540-7201
rlewis@hausfeldllp.com

Anthony D. Irpino
IRPINO LAW FIRM
2216 Magazine Street
New Orleans, LA 70130
Phone: (504) 525-1500
Fax: (504) 525-1501
airpino@irpinolaw.com

Andrew A. Lemmon
Lemmon Law Firm, LLC
P.O. Box 904
15058 River Road
Hahnville, LA 70057
Phone: (985) 783-6789
Fax: (985) 783-1333
andrew@lemmonlawfirm.com

## CERTIFICATE OF SERVICE

I hereby certify that the above and foregoing has been served on Defendants' Liaison Counsel, Kerry Miller, by e-mail and upon all parties by electronically uploading the same to LexisNexis File & Serve in accordance with Pre-Trial Order No. 6, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2047 on this 8th day of June, 2015.

Respectfully Submitted,

BY: */s/ Leonard A. Davis*
   Leonard A. Davis
   Herman, Herman & Katz, LLC
   820 O'Keefe Avenue
   New Orleans, LA 70113
   Phone: (504) 581-4892
   Fax: (504) 561-6024
   ldavis@hhklawfirm.com

   *Plaintiffs' Liaison Counsel*
   *MDL 2047*