UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: CHINESE MANUFACTURED DRYWALL PRODUCTS LIABILITY LITIGATION<br><br>**THIS DOCUMENT RELATES TO:**<br>*All Cases* | MDL No. 2:09-md-2047<br><br>SECTION L<br><br>JUDGE ELDON E. FALLON<br><br>MAGISTRATE JUDGE<br>JOSEPH C. WILKINSON, JR. |

**CNBM DEFENDANTS' RESPONSE TO THE
PSC'S EMERGENCY MOTION TO SERVE DISCOVERY
ON COUNSEL FOR THE CNBM ENTITIES**

**I.    INTRODUCTION**

China National Building Materials Group Corporation and China National Building Materials Company, Ltd. (collectively, "CNBM Defendants") oppose the PSC's "Emergency Motion" to "Serve Discovery On Counsel for the CNBM Entities, or, in the Alternative, Motion to Compel CNBM Entities to Provide Discovery in Response to the PSC's Discovery Directed to China Jushi Co., Ltd. and Jushi Group Co., Ltd." Rec. Doc. 19105. The request is neither urgent nor appropriate; the PSC has known about Jushi for months, just as it knows full well that the CNBM Defendants are not the proper vehicle to serve the Jushi entities.

Late on June 8, 2015, the PSC filed an *ex parte* "emergency" motion, directed towards China Jushi Co. and Jushi Group Co., Ltd (collectively, the "Jushi Entities"). Citing only case law regarding service of <u>subsidiaries</u> through a parent company's counsel, the PSC argues that service on the Jushi Entities through counsel for the CNBM Defendants is proper. Contrary to the PSC's claims, the Jushi Entities are not subsidiaries of the CNBM Defendants, as CNBM Company holds only a minority interest in China Jushi. This minority interest is specifically identified in CNBM Company's annual reports, and was confirmed just two days ago in the

deposition testimony of CNBM Company's 30(b)(6) witness, Mr. Zhangli Chang.  Moreover, counsel for CNBM Company does not represent the Jushi Entities, and neither Orrick nor CNBM Company has authority to accept service on behalf of the Jushi Entities.

Further, there is no "emergency" basis for this motion (or for any other motion relating to discovery propounded to the Jushi Entities).  Despite the PSC's assertion that it just now learned about the Jushi Entities and so needs the Court's assistance to quickly pursue discovery against them, the PSC actually has long been aware of the Jushi Entities' existence.  In fact, the PSC listed the Jushi Entities in its original February 10 Motion to Enforce the Contempt Order, its March 19 deposition notices to the CNBM Defendants, and numerous other deposition notices. *See, e.g.,* Rec. Doc. Nos. 18302-14, 18460 at 11.

## II.     ARGUMENT

### A.     The Jushi Entities Are Not Subsidiaries of the CNBM Defendants, and the CNBM Defendants Have No Authority to Accept Service on their Behalf.

The Jushi Entities are not subsidiaries of the CNBM Defendants.  Counsel for the CNBM Defendants therefore may not legally accept service of process on the Jushi Entities' behalf.

CNBM Company's 2014 Annual Report confirms that China Jushi is not a subsidiary of CNBM Company.  *See* CNBM Company 2014 Annual Report[1] at 3, 29, 34 (explicitly stating that "China Jushi is an associate but not a subsidiary," and therefore that "its operating results will not be accounted into our consolidated statements regarding operating results, nor will it be accounted into our segment results of the glass fibre and composite materials segment."), 182-83.  As of the end of 2014, CNBM Company held only a 33.82% ownership interest in China Jushi, reflecting Jushi's status as an investment rather than a subsidiary.  *See id.* at 182.  The Annual Report also states that CNBM Company lacks "control or joint control" over the "financial and operating policy decisions" of associates.  *Id.* at 117.

---

[1] Available at http://www.hkexnews.hk/listedco/listconews/SEHK/2015/0402/LTN20150402013.pdf.

- 2 -

To support its argument for service on the Jushi Entities through counsel for the CNBM Defendants, the PSC exclusively cites cases relating to service of process on <u>subsidiaries</u> or parent corporations – not on companies that hold a minority interest in another.  *See* Motion at 6 fn. 6.  But the Jushi Entities are simply not CNBM Defendant subsidiaries.  Counsel for the CNBM Defendants does not represent the Jushi Entities, and neither counsel nor the CNBM Defendants themselves are authorized to accept service on their behalf.  The Hague Convention specifies the exclusive method of service on foreign corporations.[2]

### B. The PSC's "Emergency Motion" is Unwarranted.

As has been the case with its prior "emergency" motions, the PSC identifies no "emergent" basis for its motion.  The PSC was aware of China Jushi's existence no later than February 10, 2015.  *See* Rec. Doc. 18302-14.  The PSC also identified the Jushi Entities in its numerous deposition notices and revisions.  *See, e.g.,* Rec. Doc. 18460 at 11.  As the PSC's exhibits demonstrate, the Jushi Entities are listed in CNBM Company's annual reports, and on publicly-available websites.  *See* Exs. B & D to PSC's Emergency Motion.  Jushi USA's website likewise is and has been publicly available.  *See* Ex. C to PSC's Motion.  The PSC's claim that it "first learned that China Jushi was a CNBM affiliate during the June 6, 2015 deposition of Mr. Zhangli [Chang]" (Motion at 4) is contradicted not only by its targeted questioning regarding the Jushi Entities at Mr. Chang's deposition, but also by its prior filings, and by its questioning regarding the Jushi Entities during the April 28, 2015 deposition of Fred Paulsen.

### III. CONCLUSION

For the foregoing reasons, the CNBM Defendants respectfully request that the Court DENY the PSC's Emergency Motion.

---

[2] The PSC's Emergency Motion is reminiscent of its prior emergency motion requesting that the Court authorize service of SASAC through counsel for CNBM Defendants.  *See* Rec. Doc. 18592.  That motion, like this one, lacked legal support and misstated the facts.  *See* Rec. Doc. Nos. 18594, 18713.

Respectfully submitted,

/s/ L. Christopher Vejnoska
L. Christopher Vejnoska (CA Bar No. 96082)

| | |
|---|---|
| L. Christopher Vejnoska (CA Bar No. 96082)<br>Ian Johnson (CA Bar No. 208713)<br>Andrew Davidson (CA Bar No. 266506)<br>Jason Wu (CA Bar No. 279118)<br>Jason Cabot (CA Bar No. 288877)<br>ORRICK, HERRINGTON & SUTCLIFFE LLP<br>The Orrick Building<br>405 Howard Street<br>San Francisco, CA  94105<br>Tel.:  415-773-5700<br>Fax:  415-773-5759<br>E-mail: cvejnoska@orrick.com<br>         ijohnson@orrick.com<br>         adavidson@orrick.com<br>         jmwu@orrick.com<br>         jcabot@orrick.com | Ewell E. Eagan, Jr. (LA Bar No. 5239)<br>Donna Phillips Currault (LA Bar No. 19533)<br>Nina Wessel English (LA Bar No. 29176)<br>Alex B. Rothenberg (LA Bar No. 34740)<br>GORDON, ARATA, MCCOLLAM,<br>DUPLANTIS & EAGAN, LLC<br>201 St. Charles Avenue, 40th Floor<br>New Orleans, LA 70170-4000<br>Tel: (504) 582-1111<br>E-mail: eeagan@gordonarata.com<br>         dcurrault@gordonarata.com<br>         nenglish@gordonarata.com<br>         arothenberg@gordonarata.com |
| James L. Stengel (NY Bar No. 1800556)<br>Xiang Wang (NY Bar No. 4311114)<br>Kelly Daley (NY Bar No. 4970117)<br>ORRICK, HERRINGTON & SUTCLIFFE LLP<br>51 West 52nd Street<br>New York, NY, 10019<br>Tel:   212-506-5000<br>Fax:  212-506-5151<br>Email: jstengel@orrick.com<br>         xiangwang@orrick.com<br>         kdaley@orrick.com | Jonathan Riddell (LA Bar No. 27053)<br>ORRICK, HERRINGTON & SUTCLIFFE, LLP<br>400 Capitol Mall<br>Suite 3000<br>Sacramento, CA 95814<br>Tel: 916-447-9200<br>Email: jriddell@orrick.com |

Eric A. Shumsky (D.C. Bar No. 477926)
ORRICK, HERRINGTON & SUTCLIFFE LLP
Columbia Center
1152 15th Street NW
Washington, D.C. 20005
Tel: 202-339-8400
Fax: 202-339-8500
Email: eshumsky@orrick.com

*Attorneys for CNBM Defendants*

Dated**:** June 10, 2015

## **CERTIFICATE OF SERVICE**

I hereby certify that the above and foregoing Response to the PSC's Motion to Compel Production and Discovery Status Reports has been served on Plaintiffs' Liaison Counsel, Russ Herman, and Defendants' Liaison Counsel, Kerry Miller, by U.S. mail and e-mail and upon all parties by electronically uploading the same to File & Serve in accordance with Pre-Trial Order No. 6, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2047 on this 10th day of June 2015.

/s/ L. Christopher Vejnoska
L. Christopher Vejnoska (CA Bar No. 96082)