UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: CHINESE MANUFACTURED DRYWALL PRODUCTS LIABILITY LITIGATION<br><br>**THIS DOCUMENT RELATES TO:  All Cases** | MDL No. 2:09-md-2047<br><br>SECTION L<br><br>JUDGE ELDON E. FALLON<br><br>MAGISTRATE JUDGE JOSEPH C. WILKINSON, JR. |

## RULE 502(d) ORDER

This Order is entered at the joint request of the Plaintiffs' Lead Counsel, Plaintiffs' Steering Committee ("PSC"), China National Building Materials Group Corporation, China National Building Materials Company, Limited, China National Building Materials & Equipment Import & Export, CNBM Forest Products (Canada), and CNBM (USA) (collectively, the "CNBM Entities"), and governs the production of all Documents, Information and Electronically Stored Information, whether inadvertent or otherwise, by the CNBM Entities in these consolidated cases, as follows:

(a)   No Waiver by Disclosure.  This order is entered pursuant to Rule 502(d) of the Federal Rules of Evidence.  Subject to the provisions of this Order, if a party (the "Disclosing Party") discloses information, whether inadvertent or otherwise, in connection with the pending litigation that the Disclosing Party thereafter claims to be privileged or protected by the attorney-client privilege or work product protection ("Protected Information"), the disclosure of that Protected Information will not constitute or be deemed a waiver or forfeiture—in this or any other action—of any claim of privilege or work product protection that the Disclosing Party

would otherwise be entitled to assert with respect to the Protected Information and its subject matter.

(b)     <u>Notification Requirements</u>.  Best Efforts of Receiving Party.  A Disclosing Party must promptly notify the party receiving the Protected Information ("the Receiving Party"), in writing, that it has disclosed that Protected Information without intending a waiver by the disclosure.  Upon such notification, the Receiving Party must—unless it contests the claim of attorney-client privilege or work product protection in accordance with paragraph (c)—promptly (i) notify the Disclosing Party that it will make best efforts to identify and return, sequester or destroy (or in the case of electronically stored information, delete) the Protected Information and any reasonably accessible copies it has and (ii) provide a certification that it will cease further review, dissemination, and use of the Protected Information.  Within five business days of receipt of the notification from the Receiving Party, the Disclosing Party must explain as specifically as possible why the Protected Information is privileged.

(c)     <u>Contesting Claim of Privilege or Work Product Protection</u>.  If the Receiving Party contests the claim of attorney-client privilege or work product protection, the Receiving Party must—within five business days of receipt of the notice of disclosure—move the Court for an Order compelling disclosure of the information claimed as unprotected (a "Disclosure Motion").  The Disclosure Motion must be filed under seal and must not assert as a ground for compelling disclosure the fact or circumstances of the disclosure.  Pending resolution of the Disclosure Motion, the Receiving Party must not use the challenged information in any way or disclose it to any person other than those required by law to be served with a copy of the sealed Disclosure Motion.  As contemplated by Rule 502(d), the Disclosing Party shall not be required to make any

showing that the disclosure of the information at issue was inadvertent, unintentional or non-negligent, or that it has exercised diligence in its review and production process.

(d) <u>Stipulated Time Periods</u>. The parties may stipulate to extend the time periods set forth in paragraphs (b) and (c).

(e) <u>Attorney's Ethical Responsibilities</u>. Nothing in this order overrides any attorney's ethical responsibilities to refrain from examining or disclosing materials that the attorney knows or reasonably should know to be privileged and to inform the Disclosing Party that such materials have been produced.

(f) <u>Burden of Proving Privilege or Work-Product Protection</u>. The Disclosing Party retains the burden—upon challenge pursuant to paragraph (c)—of establishing the privileged or protected nature of the Protected Information.

(g) <u>*In camera* Review.</u> Nothing in this Order limits the right of any party to petition the Court for an *in camera* review of the Protected Information.

(h) <u>Voluntary and Subject Matter Waiver</u>. This Order does not preclude a party from voluntarily waiving the attorney-client privilege or work product protection. The provisions of Federal Rule 502(a) apply when the Disclosing Party uses or indicates that it may use information produced under this Order to support a claim or defense.

(i) <u>Rule 502(b)(2)</u>. The provisions of Federal Rule of Evidence 502(b)(2) are inapplicable to the production of Protected Information under this Order.

(j) Nothing herein shall be construed to modify or supersede PTO 15, except as expressly set forth herein.

\\
\\

3

**SO ORDERED.**

Dated: June 11th, 2015

_____
Honorable Eldon E. Fallon
United States District Judge

Agreed to Form:

Plaintiffs' Lead Counsel and
Plaintiffs' Steering Committee

By: _____
Arnold Levin
Russ Herman


CNBM Entities

By: _____
L. Christopher Vejnoska
James Stengel

4