**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| IN RE:  CHINESE-MANUFACTURED DRYWALL PRODUCTS LIABILITY LITIGATION | MDL NO. 2047<br>SECTION: L<br>JUDGE FALLON<br>MAG. JUDGE WILKINSON |
| THIS DOCUMENT RELATES TO:<br><br>*Germano v. Taishan Gypsum Co., Ltd., f/k/a Shandong Taihe Dongxin Co., Ltd.*, Case No. 09-6687 (E.D. Va.);<br><br>*Gross v. Knauf Gips, KG*, Case No. 09-6690 (E.D. La.);<br><br>*Wiltz v. Beijing New Building Materials Public Limited Co.,* Case No. 10-361 (E.D. La.);<br><br>*Amorin v. Taishan Gypsum Co., Ltd., f/k/a Shandong Taihe Dongxin Co., Ltd.*, Case No. 11-1672 (S.D. Fl.);<br><br>*Amorin v. Taishan Gypsum Co., Ltd., f/k/a Shandong Taihe Dongxin Co., Ltd.*, Case No. 11-1395 (E.D. La.); and<br><br>*Amorin v. Taishan Gypsum Co., Ltd., f/k/a Shandong Taihe Dongxin Co., Ltd.*, Case No. 11-1673 (E.D. Va.). | |

**TAISHAN'S RESPONSE IN OPPOSITION TO THE PSC'S MOTION**
**TO REMOVE CONFIDENTIALITY DESIGNATION**
**WITH RESPECT TO THE DEPOSITION OF CHE GANG**

Defendants Taishan Gypsum Ltd., Co. and Tai'an Taishan Plasterboard Co., Ltd. ("Taishan") respectfully request that the Court deny Plaintiffs' Motion to Remove Confidentiality Designation with Respect to the Deposition Che Gang (Rec. Doc. 19093) because it is premature and ignores this Court's directives in PTO 16 (Rec. Doc. 288).  The PSC's Motion improperly calls for the removal of confidentiality designations before Mr. Che's

deposition has been reviewed and designations have even been made.  The Motion also ignores this Court's requirement in PTO 16 that the parties meet and confer regarding any challenges to confidentiality designations, with court intervention being a last resort, not the first course of action.  For these reasons and those discussed below, Taishan requests that the Court deny the PSC's Motion and allow the parties to work together to resolve any potential disputes once confidentiality designations have been made.

The deposition of Taishan's 30(b)(6) witness, Mr. Che Gang, was held from June 2 through June 4, 2015.  Only one day after the conclusion of the deposition, the PSC filed its Motion to Remove Confidentiality Designation with Respect to the Gang Che Deposition (Rec. Doc. 19093).  At the outset of the PSC's Motion, they admit that "neither party has sought to designate any portion of the deposition as confidential" but proceed to request that the Court remove all confidentiality designations from the deposition transcript with the exception of materials produced by Hogan Lovells.[1]

Contrary to this Court's directives, the PSC's Motion asks the Court to remove the temporary confidentiality designation that PTO 16 requires to be placed on all deposition transcripts to allow the parties to determine which, if any, portions of the deposition transcript contain confidential information.[2]  Only once this confidentiality review period has concluded

---

[1] The PSC appears to claim that it was prejudiced by having to file the deposition transcript under seal in its Motion to Compel filed on June 4, 2015 - the same day that the deposition of Che Gang concluded.

[2] Rec. Doc. 288 at ¶ 12 ("The court reporter shall clearly mark any transcript released prior to the expiration of the seven (7) day period as "Confidential-Subject to Further Confidentiality Review" or "Highly Confidential-Restricted Information." Such transcripts will be treated as Confidential Information or Highly Confidential-Restricted Information and shall be fully subject to this Protective Order, until the expiration of the seven (7) days after the transcript was made available by the court reporter.")

and parties have made their confidentiality designations can a party object to a designation.  PTO 16 at ¶ 28.[3]

The PSC's Motion entirely circumvents the procedures requires by PTO 16. The objection procedure outlined in that pre-trial order requires a party who is objecting to a confidentiality designation to first serve opposing counsel with a written objection.  Next, counsel receiving the objection has ten calendar days to respond in writing with any reasons for maintaining the designation.  The parties are then required to meet and confer.  Only after the parties have met and conferred and provided written notice that meet and confer efforts have failed may a party file a motion with the Court requesting intervention.

The PSC's Motion was not preceded by any of these required steps.  Instead, they have prematurely filed a motion to remove designations that have not even been made.  The Court should deny this Motion and allow the parties to assert any confidentiality designations and work together to resolve any subsequent disputes that may arise, as required by this Court's Order.

For these reasons, Plaintiffs' Motion to Remove Confidentiality Designation with Respect to the Deposition Che Gang should be denied.

---

[3] The PSC tacitly acknowledges that its Motion is premature by admitting that portions of the transcript discussing Hogan Lovells should be designated as Highly Confidential and attaching copies of the transcripts so that the Court and the parties may "independently review the transcripts for purposes of determining whether there are any portions of the transcripts should receive confidentiality designation." (Rec. Doc. 19093-1 at 3).

Respectfully submitted,

Dated:  June 15, 2015


/s Michael P. Kenny
Bernard Taylor, Esq.
Georgia Bar No. 669625
Michael P. Kenny, Esq.
Georgia Bar No. 415064
Christina Hull Eikhoff, Esq.
Georgia Bar No. 242539
David Venderbush, Esq.
New York Bar No. 2920817
ALSTON & BIRD LLP
1201 West Peachtree Street
Atlanta, Georgia 30309
Phone: (404) 881-7000
Fax: (404) 881-7777
mike.kenny@alston.com
*Counsel for Taishan Gypsum Co., Ltd. and Tai'an Taishan Plasterboard Co., Ltd.*

Alan Dean Weinberger
LA Bar No. 13331
HANGARTNER, RYDBERG & TERRELL, LLC
One Shell Square
701 Poydras St., Suite 310
New Orleans, Louisiana  70179
Phone:  (504) 434-6815
Fax: (504) 522-5689
aweinberger@hanrylaw.com
*Local Counsel for Taishan Gypsum Co., Ltd. and Tai'an Taishan Plasterboard Co., Ltd.*

4

**CERTIFICATE OF SERVICE**

I hereby certify that the above and foregoing has been served on Plaintiffs' Liaison Counsel, Russ Herman, by U.S. mail and e-mail and upon all parties by electronically uploading the same to LexisNexis File & Serve in accordance with Pre-Trial Order No. 6, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2047 on this 15th day of June, 2015.

/s Michael P. Kenny
Michael P. Kenny, Esq.
Georgia Bar No. 415064
ALSTON & BIRD LLP
1201 West Peachtree Street NW
Atlanta, Georgia 30309
Phone: (404) 881-7000
Fax: (404) 881-7777
mike.kenny@alston.com
*Counsel for Taishan*