**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| IN RE: CHINESE-MANUFACTURED DRYWALL PRODUCTS LIABILITY LITIGATION | MDL NO. 2047<br>SECTION: L<br>JUDGE FALLON<br>MAG. JUDGE WILKINSON |
| THIS DOCUMENT RELATES TO:<br><br>*Collins vs. Bass Homes, Inc.*, Case No. 13-6652 (S.D. Miss.)<br><br>*Herrington vs. Bass Homes, Inc.*, Case No. 13-6653 (S.D. Miss.) | |

**TAISHAN GYPSUM CO., LTD.'S RESPONSE IN OPPOSITION TO THIRD-PARTY PLAINTIFF ACE HOME CENTER, INC.'S MOTION FOR DEFAULT JUDGMENT AGAINST TAISHAN GYPSUM CO., LTD.**

Taishan Gypsum Co., Ltd. ("Taishan") opposes Ace Home Center, Inc.'s ("AHC") Motion for Default Judgment Against Taishan ("Motion for Default Judgment"). The Court should deny AHC's Motion for Default Judgment for two reasons: (1) Taishan is not in default because the Court's Pretrial Order No. 1G suspended Taishan's obligation to respond to AHC's First Amended Third-Party Complaint; and (2) Taishan is not in default because AHC has failed to effect proper service upon Taishan.[1]

**ARGUMENT AND CITATION OF AUTHORITY**

"[A] 'party is not entitled to a default judgment as a matter of right, even where the defendant is technically in default.'" *Lewis v. Lynn*, 236 F.3d 766, 767 (5th Cir. 2001) (quoting *Ganther v. Ingle*, 75 F.3d 207, 212 (5th Cir. 1996)). Instead, "[d]efault judgment is a drastic

---

[1] Because AHC failed to properly serve Taishan within 120 days of filing its First Amended Third-Party Complaints, AHC's First Amended Third-Party Complaints against Taishan in the above-styled cases must be dismissed. Fed. R. Civ. P. 4(m) ("If a defendant is not served within 120 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time.").

remedy, not favored, and proper only in extreme situations." *Warren v. Johnson*, 244 F. App'x 570, 571 (5th Cir. 2007) (citing *Lewis*, 236 F.3d at 767). AHC did not comply with due process requirements to trigger the "drastic remedy" of default. For the reasons shown below, the Court should deny AHC's Motion for Default Judgment.

### 1. Taishan is Not in Default Because Pretrial Order No. 1G Suspended the Deadlines for Responding to Complaints in this MDL.

Taishan is not in default given that the Court's Pretrial Order No. 1G suspended Taishan's obligation to respond to AHC's First Amended Third-Party Complaint. *See* Pretrial Order No. 1G (Dkt. No. 3348). Pretrial Order No. 1G ordered *all cases* in this MDL to be "in abeyance until such time as the suspension described in this Order is terminated," and provided that the suspension applied to "deadlines for responding to any of the Omnibus complaints." *Id.* at 2. Even more, the Court clarified in Pretrial Order 1G "that this suspension of the deadlines for responding to complaints shall be equally applicable to *all other cases in this MDL proceeding*." *Id.* (emphasis added).

Further, this suspension of responsive deadlines is in effect until "after the PSC files its Notice of Completion of Amendments to Omni Complaints." *Id.* The PSC has yet to file this Notice of Completion of Amendments to Omni Complaints and, therefore, the deadline for Taishan to respond to AHC's First Amended Third-Party Complaint is currently suspended.[2] *Id.* Accordingly, the Court should deny AHC's Motion for Default Judgment because Taishan has had no obligation to respond to AHC's First Amended Third-Party Complaint.

Placing Taishan in default on these facts would contravene Fifth Circuit law. The Fifth Circuit has instructed "federal courts [to] not be agnostic with respect to the entry of default

---

[2] Counsel for Taishan entered their appearance on behalf of Taishan on February 17, 2015 as contemplated by Pretrial Order 1G. *See* Notice of Appearance of Counsel (Dkt. No. 18352).

judgments, which are 'generally disfavored in the law' and thus 'should not be granted on the claim, without more, that the defendant had failed to meet a procedural time requirement.'" *Lacy v. Sitel Corp.*, 227 F.3d 290, 292 (5th Cir. 2000) (quoting *Mason & Hanger-Silas Mason Co. v. Metal Trades Council*, 726 F.2d 166, 168 (5th Cir. 1984)). "Thus, 'where there are no intervening equities any doubt should, as a general proposition, be resolved in favor of [] securing a trial upon the merits.'" *Lacy*, 227 F.3d at 292 (quoting *Gen. Tel. Corp. v. Gen. Tel. Answering Serv.*, 277 F.2d 919, 921 (5th Cir. 1960)). Here, AHC has asserted that it is entitled to a default judgment simply because Taishan has allegedly failed to respond to AHC's First Amended Third-Party Complaint. *See* AHC's Memorandum In Support of Its Motion for Default Judgment (Dkt. No. 19000) at 3. Thus, the erroneous assertion that Taishan "failed to meet a procedural time requirement" is the only basis upon which AHC brings its Motion for Default Judgment; as such, AHC's Motion for Default Judgment "should not be granted." *Lucy*, 227 F.3d at 292.

> **2. Taishan is Not in Default Because AHC Has Failed to Effect Proper Service on Taishan**.

The Court should deny AHC's Motion for Default Judgment on the additional basis that AHC has not properly served Taishan with AHC's First Amended Third-Party Complaints. *E.g., Chaney v. Races & Aces*, 590 F. App'x 327, 332 (5th Cir. 2014) (denial of motion for default judgment was proper when the plaintiff failed to properly serve the defendant); *Broadcast Music, Inc. v. M.T.S. Enter., Inc.*, 811 F.2d 278, 282 (5th Cir. 1987) ("No person need defend an action nor suffer judgment against him unless he has been served with process and properly brought before the court."); *Aetna Business Credit v. Universal Decor*, 635 F.2d 434 (5th Cir. 1981) ("In the absence of valid service of process, proceedings against a party are void."). AHC asserts that

it served Taishan on September 24, 2014 through Taishan's *former* counsel.[3]  AHC's Memorandum In Support of Its Motion for Default Judgment (Dkt. No. 19000) at 2.  AHC claims that service of process through Taishan's former counsel was sufficient pursuant to the Court's June 25, 2014 Order approving the PSC's Motion to Approve Alternative Service of Process.  *See id.* at 2.  There are a number of deficiencies in AHC's reasoning.  First, the only service AHC attempted was on Taishan's *former* counsel, not their current counsel.  Neither would be sufficient in these circumstances, but the service of a party's former counsel, more than two months after that counsel announced that it had been terminated as counsel for a party, should not stand as the basis for proper service as to allow for a default judgment.

Additionally, the June 25, 2014 Order was clearly in response to the PSC's Motion to Approve Alternative Service of Process, not a motion by AHC.  (Dkt. No. 17790).  In the PSC's Memorandum of Law in Support of Motion to Approve Alternative Service of Process, the PSC recounted multiple ways in which it allegedly attempted to properly serve Taishan as authorized by the Hague Convention under Fed. R. Civ. P. 4(f)(1).  *See* PSC's Memorandum of Law in Support of Motion to Approve Alternative Service of Process (Dkt. No. 17782-1) at 1-5.  By contrast, AHC took no such efforts to serve Taishan as authorized by the Hague Convention as contemplated by Fed. R. Civ. P. 4(f)(1), nor did it even attempt to obtain permission from the Court to serve Taishan through other means as permitted by Fed. R. Civ. Pro. 4(f)(3).  Just as importantly, AHC has not alleged the "enormous backlog" seen by the PSC or that it would "take several years to complete service" as the PSC did in justification of its Motion to Approve Alternative Service of Process.  *Id.* at 2, 5.  Instead, AHC apparently decided to take a shortcut

---

[3] Taishan's former counsel filed motions to withdraw as counsel on July 14-15, 2014 because on July 13, 2014, Taishan terminated its "engagement agreement and representation relationships" with former counsel with respect to "all the Chinese drywall cases filed against TG in all the US courts, whatever stages such cases are in at present." (Dkt. No. 17846, 17858).  The Court granted these motions on March 27, 2015.  (Dkt. No. 18566).

4

and simply serve Taishan's former counsel with its First Amended Third-Party Complaint. Such service of process is insufficient. Fed. R. Civ. P. 4. The Court should deny the AHC's Motion for Default Judgment on the additional grounds that Taishan has not been properly served with the underlying First Amended Third-Party Complaints.

## CONCLUSION

For the reasons stated above, Taishan respectfully moves that AHC's Motion for Default Judgment be DENIED and that AHC's First Amended Third-Party Complaints in the above cases be DISMISSED.

Dated: June 15, 2015

Respectfully submitted,

/s Bernard Taylor
Bernard Taylor, Esq.
Georgia Bar No. 669625
Michael P. Kenny, Esq.
Georgia Bar No. 415064
Christina Hull Eikhoff, Esq.
Georgia Bar No. 242539
ALSTON & BIRD LLP
1201 West Peachtree Street
Atlanta, Georgia  30309
Phone: (404) 881-7000
Fax: (404) 881-7777
bernard.taylor@alston.com
mike.kenny@alston.com
christy.eikhoff@alston.com

*Counsel for Taishan Gypsum Co., Ltd.*
Alan Dean Weinberger
Louisiana Bar No. 13331
HANGARTNER, RYDBERG & TERRELL, LLC
One Shell Square
701 Poydras Street, Suite 310
New Orleans, Louisiana  70179
Phone: (504) 434-6815
Fax: (504) 522-5689
aweinberger@hanrylaw.com
*Local Counsel for Taishan Gypsum Co., Ltd.*

**CERTIFICATE OF SERVICE**

I hereby certify that the above and foregoing **TAISHAN GYPSUM CO., LTD.'S RESPONSE IN OPPOSITION TO THIRD-PARTY PLAINTIFF ACE HOME CENTER, INC.'S MOTION FOR DEFAULT JUDGMENT AGAINST TAISHAN GYPSUM CO., LTD.** has been served on Counsel for Ace Homes Center, Inc., Danny J. Collier, Jr. and E. Barrett Hails, Plaintiffs' Liaison Counsel, Russ Herman, and Defendants' Liaison Counsel, Kerry Miller, by U.S. mail and e-mail <u>or</u> by hand delivery and e-mail <u>and</u> upon all parties by electronically uploading the same to LexisNexis File & Serve in accordance with Pre-Trial Order No. 6, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2047, on this 15th day of June, 2015.

<u>/s Bernard Taylor</u>
Bernard Taylor, Esq.
Georgia Bar No. 669625
ALSTON & BIRD LLP
1201 West Peachtree Street
Atlanta, Georgia  30309
Phone: (404) 881-7000
Fax: (404) 881-7777
bernard.taylor@alston.com

*Counsel for Taishan Gypsum Co., Ltd.*