UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: CHINESE-MANUFACTURED DRYWALL PRODUCTS LIABILITY LITIGATION | MDL NO. 2047<br>SECTION: L<br>JUDGE FALLON<br>MAG. JUDGE WILKINSON |
| THIS DOCUMENT RELATES TO ALL CASES | |

**RESPONSE OF BEIJING NEW BUILDING MATERIAL (GROUP) CO., LTD. TO THE PLAINTIFFS' STEERING COMMITTEE'S "EMERGENCY" MOTION TO EXTEND THE DISCOVERY DEADLINE WITH RESPECT TO THE CONTEMPT TRACK DISCOVERY**

Beijing New Building Material (Group) Co., Ltd. ("BNBM Group") hereby responds to the Plaintiff's Steering Committee's Emergency Motion to Extend Discovery Deadline with Respect to the Contempt Track Discovery.

**ARGUMENT**

The Plaintiffs' Steering Committee did not meet and confer with BNBM Group before filing the motion. Had they done so, they would have ascertained that BNBM Group does not oppose the relief sought, an extension of the deadline for completion of the contempt track discovery until August 14, 2015.

We recognize that this is not the time or place to address the merits of the PSC's contentions that the Court's contempt order was violated by BNBM PLC or BNMB Group, or any of the other Chinese defendants, doing business in the United States during the contempt period. However, in its motion for an extension the PSC again makes unsupportable claims that the contempt order was violated by conduct it purports to describe in its motion papers. For that

reason, BNBM Group has no choice but to briefly respond to the PSC's mischaracterization of the evidence and testimony.[1]

Contrary to the characterizations of the PSC, the third-party depositions and documents of a group of timber companies establish that their interactions with BNBM Group did *not* constitute BNBM Group doing business in the United States during the contempt period.  Here are some of the basic facts demonstrated in the depositions of these timber companies, WH International, Inc. ("WHI"), Hull Forest Products ("Hull"), Baillie Lumber Co. ("Baillie") and Western Wood Lumber Company ("Western Wood"):

- BNBM Group sold no products into the United States during the contempt period.

- No American company paid any money to BNBM Group during the contempt period.

- BNBM Group did not come to the U.S. to meet with timber companies.

- BNBM Group's communications were in China with Chinese businessmen; BNBM Group did not communicate directly with timber companies in the United States.

- BNBM Group's only dealings involving the U.S. timber companies was to issue letters of credit and act as the import agent for unrelated Chinese companies that were importing timber from the United States into China.  The Chinese companies or the Chinese agents of the U.S. timber companies selected BNBM Group to act in this role.

- *WHI:*  WHI never communicated directly with anybody at BNBM Group.  All contacts were with WHI's paid consultant or representative in China.  BNBM Group had no role in the transactions except issuing the letters of credit in China.  It was not the ultimate customer.  BNBM Group had no control over the draws on the letters of credit.

- *Hull:*  Six of the Hull contracts were entered into before the contempt period, and only one small contract, for $23,200, was entered into shortly following the contempt order, in August, 2014.  All contracts were entered into in China.  All were prepared and negotiated by a representative of Hull who lives and works in Shanghai full time.  All contracts provide for a Hong Kong forum for dispute

---

[1]  The PSC's motion does not argue that Defendant Beijing New Building Materials Public Limited Company ("BNBM PLC") was doing business in the United States during the contempt period.

2

    resolution.  BNBM Group was selected by Hull's Chinese customers to act as the import agent.

- ***Baillie:***  Baillie never communicated directly with with anyone at BNBM Group.  Any contacts, discussions or negotiations concerning transactions during the contempt period were between Baillie and the ultimate purchaser of the timber.  BNBM Group simply wired payments to Baillie on behalf of Baillie's Chinese customers, and acted as a "clearing agent"—*i.e.*, BNBM Group completed the relevant customs forms that allowed Baillie's customers to take possession of the timber in China.

- ***Western Wood:***  With one exception, BNBM Group committed to each of the contracts with Western Wood before the contempt period.  Irrevocable letters of credit were issued on behalf of BNBM Group before the contempt period.  BNBM Group had no control over the draws on the letters of credit.   The Western Wood 30(b)(6) witness had no knowledge of any direct communications between Western Wood and BNBM Group.  All communications were with a broker or agent in Taiwan who dealt with Western Wood on behalf of many other Chinese companies in addition to BNBM.  Western Wood never paid any money to BNBM Group.

    In our formal opposition to the contempt motion, we will present the deposition testimony and exhibits establishing the facts we set forth herein.  However, under the circumstances we did not feel we could leave the PSC's erroneous statements unchallenged.

Dated:  June 15, 2015                           Respectfully submitted,

                                                      **DENTONS US LLP**

                                          By: */s/ Michael H. Barr*

                                          Michael H. Barr
                                          New York Bar No. 1744242
                                          Justin N. Kattan
                                          New York Bar No. 3983905
                                          1221 Avenue of the Americas
                                          New York, NY 10020-1089
                                          Telephone:  (212) 768-6700
                                          Facsimile:  (212) 768-6800
                                          michael.barr@dentons.com
                                          justin.kattan@dentons.com

                                                  - AND -

Richard L. Fenton
Illinois Bar No. 3121699
Leah R. Bruno
Illinois Bar No. 6269469
233 South Wacker Drive
Suite 5900
Chicago, IL  60606-6306
Telephone:  (312) 876-8000
Facsimile:  (312) 876-7934
richard.fenton@dentons.com
leah.bruno@dentons.com

- AND -

C. Michael Moore
Texas Bar No. 14323600
Gene R. Besen
Texas Bar No. 24045491
2000 McKinney Ave, Suite 1900
Dallas, TX  75201
Telephone:  (214) 259-0900
Facsimile:  (214) 259-0910
mike.moore@dentons.com
gene.besen@dentons.com

- AND -

**PHELPS DUNBAR LLP**

Harry Rosenberg
Louisiana Bar No. 11465
365 Canal Street, Suite 2000
New Orleans, Louisiana 70130-6534
Telephone:  (504) 566-1311
Facsimile:  (504) 568-9130
harry.rosenberg@phelps.com

*Attorneys for Beijing New Building Material (Group) Co., Ltd.*

**CERTIFICATE OF SERVICE**

      I hereby certify that the above and foregoing Response of Beijing New Building Material (Group) Co., Ltd. To the Plaintiff's Steering Committee's Emergency Motion to Extend Discovery Deadline with Respect to the Contempt Track Discovery has been served on Plaintiffs' Liaison Counsel, Leonard Davis, and Defendants' Liaison Counsel, Kerry Miller, by U.S. mail and e-mail or by hand delivery and e-mail and upon all parties by electronically uploading the same to LexisNexis File & Serve in accordance with Pre-Trial Order No. 6, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2047, on this 15h day of June, 2015.

                                                          /s/   Michael H. Barr