UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE:  CHINESE MANUFACTURED DRYWALL PRODUCTS LIABILITY LITIGATION<br><br>**THIS DOCUMENT RELATES TO:**<br>*All Cases* | MDL No. 2:09-md-2047<br><br>SECTION L<br><br>JUDGE ELDON E. FALLON<br><br>MAGISTRATE JUDGE<br>JOSEPH C. WILKINSON, JR. |

**CNBM DEFENDANTS' SUR-REPLY TO THE
PSC'S EMERGENCY MOTION REGARDING THE JUSHI ENTITIES**

China National Building Materials Group Corporation and China National Building Materials Company, Ltd. (collectively, the "CNBM Defendants") submit this sur-reply regarding the PSC's "Emergency Motion" to "Serve Discovery On Counsel for the CNBM Entities, or, in the Alternative, Motion to Compel CNBM Entities to Provide Discovery in Response to the PSC's Discovery Directed to China Jushi Co., Ltd. and Jushi Group Co., Ltd." (Rec. Doc. 19105) and proposed reply in support thereof (Rec. Doc. 19113-2).

As an initial matter, the CNBM Defendants have learned that the Jushi Entities have retained Pillsbury Winthrop Shaw Pittman LLP to represent them with respect to the PSC's discovery demands.  There is therefore no reason or necessity to serve the new discovery requests on counsel for the CNBM Defendants.  Additionally, the proper timing and scope of the information demanded can and should be addressed in the first instance between the PSC and Jushi's counsel.  For this reason alone, the instant motion should be denied as premature or moot.

Additionally, the PSC's proposed reply in support of its Emergency Motion does nothing to address the fundamental deficiency in their Motion: it cites no case law for the novel proposition that service on counsel for a minority shareholder is a permissible method to serve a

publicly-traded company in which the minority shareholder is invested. Even assuming that the PSC's definition of "related entities" (which, most remarkably, relies on www.abovethelaw.com as authority) is correct, it doesn't change the fact that CNBM is only a minority shareholder of China Jushi Co., and the PSC provides no support for the proposition that the Chinese tax law definition of "related company" has any bearing on the ability of U.S. courts to serve a company through counsel of a separate company. *See* Proposed PSC Reply at 3 (quoting "Above the Law").

The PSC also makes much of the alleged statement by CNBM Company 30(b)(6) witness Mr. Zhangli Chang that China Jushi is a CNBM "affiliate." But this argument is misleading because, as the PSC well knows, Mr. Chang actually stated that China Jushi was an "associate" of CNBM Company.[1] This statement is consistent with the English version of CNBM Company's annual reports that describe China Jushi as a publicly-traded company and associate of CNBM Company.[2]

For the foregoing reasons, and those stated in their response, the CNBM Defendants respectfully request that the Court deny the PSC's Emergency Motion.

Respectfully submitted,

/s/ L. Christopher Vejnoska
L. Christopher Vejnoska (CA Bar No. 96082)

---

[1] Defense counsel objected several times on the record to the interpreter's erroneous translation. *See* Z. Chang Dep. at 211:22 – 212:10, 208:21-23. The witness has not yet had the opportunity to review the deposition video and transcript, but will soon thereafter submit errata correcting these erroneous interpretations.

[2] *E.g.,* 2014 CNBM Company annual report at 34 ("China Jushi is an associate but not a subsidiary of [CNBM Company]"), 182 (identifying China Jushi as an associate of CNBM Company, that China Jushi is publicly traded on the Shanghai Stock Exchange, and stating that CNBM Company holds ordinary shares of China Jushi).

| | |
|---|---|
| L. Christopher Vejnoska (CA Bar No. 96082)<br>Ian Johnson (CA Bar No. 208713)<br>Andrew Davidson (CA Bar No. 266506)<br>Jason Wu (CA Bar No. 279118)<br>Jason Cabot (CA Bar No. 288877)<br>ORRICK, HERRINGTON & SUTCLIFFE LLP<br>The Orrick Building<br>405 Howard Street<br>San Francisco, CA  94105<br>Tel.:  415-773-5700<br>Fax:  415-773-5759<br>E-mail: cvejnoska@orrick.com<br>         ijohnson@orrick.com<br>         adavidson@orrick.com<br>         jmwu@orrick.com<br>         jcabot@orrick.com | Ewell E. Eagan, Jr. (LA Bar No. 5239)<br>Donna Phillips Currault (LA Bar No. 19533)<br>Nina Wessel English (LA Bar No. 29176)<br>Alex B. Rothenberg (LA Bar No. 34740)<br>GORDON, ARATA, MCCOLLAM,<br>DUPLANTIS & EAGAN, LLC<br>201 St. Charles Avenue, 40th Floor<br>New Orleans, LA 70170-4000<br>Tel: (504) 582-1111<br>E-mail: eeagan@gordonarata.com<br>         dcurrault@gordonarata.com<br>         nenglish@gordonarata.com<br>         arothenberg@gordonarata.com |
| James L. Stengel (NY Bar No. 1800556)<br>Xiang Wang (NY Bar No. 4311114)<br>Kelly Daley (NY Bar No. 4970117)<br>ORRICK, HERRINGTON & SUTCLIFFE LLP<br>51 West 52nd Street<br>New York, NY, 10019<br>Tel:  212-506-5000<br>Fax:  212-506-5151<br>Email: jstengel@orrick.com<br>         xiangwang@orrick.com<br>         kdaley@orrick.com | Jonathan Riddell (LA Bar No. 27053)<br>ORRICK, HERRINGTON & SUTCLIFFE, LLP<br>400 Capitol Mall<br>Suite 3000<br>Sacramento, CA 95814<br>Tel: 916-447-9200<br>Email: jriddell@orrick.com |

Eric A. Shumsky (D.C. Bar No. 477926)
ORRICK, HERRINGTON & SUTCLIFFE LLP
Columbia Center
1152 15th Street NW
Washington, D.C. 20005
Tel: 202-339-8400
Fax: 202-339-8500
Email: eshumsky@orrick.com

*Attorneys for CNBM Defendants*

Dated**:** June 15, 2015