UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In re:  CHINESE-MANUFACTURED  DRYWALL PRODUCTS  LIABILITY LITIGATION | * * * * | MDL 2047  SECTION L |
| This document relates to: All Cases | * * * * | JUDGE FALLON  MAGISTRATE JUDGE WILKINSON |

**MEMORANDUM IN SUPPORT OF THE MOTION TO EXTINGUISH ANY FURTHER SETTLEMENT OBLIGATIONS OF THE KNAUF DEFENDANTS, PLAINTIFFS' STEERING COMMITTEE, LEAD CONTRACTOR, SETTLEMENT ADMINISTRATOR, SPECIAL MASTER, AND OMBUDSMAN TO CLAIMANT OLLIE ANUM**

The Knauf Defendants[1] file this Memorandum in Support of their Motion to Extinguish Any Further Settlement Obligations of the Knauf Defendants, Plaintiffs' Steering Committee, Lead Contractor, Settlement Administrator, Special Master, and Ombudsman to Claimant Ollie Anum. The Knauf Defendants seek to extinguish any further settlement obligations to the Claimant, so far as any obligations presently exist.

**I.     BACKGROUND**

Ollie Anum ("Claimant") is a homeowner plaintiff in the MDL litigation.[2] The Claimant's Affected Property ("Property") was remediated by the Lead Contractor (Moss Construction) beginning on or about April 23, 2014. Claimant's property was issued an environmental certificate by GFA International on or about May 8, 2014, certifying that the property was free of

---

[1] The Knauf Defendants include Knauf Plasterboard (Tianjin) Co., Ltd., Knauf Plasterboard (Wuhu) Co., Ltd., Guangdong Knauf New Building Material Products Co., Ltd., Knauf Gips KG, Gebr. Knauf Verwaltungsgesellschaft KG, Knauf International GmbH, Knauf Insulation, Knauf UK GmbH, Knauf AMF GmbH & Co. KG, Knauf do Brasil Ltda., and PT Knauf Gypsum Indonesia.

[2] See *Cassidy et al. v. Gebrueder Knauf Verwaltungsgesellschaft KG, et al.*, Case No. 2:11-cv-3023 (E.D. La.) and *Block et al. v. Gebrueder Knauf Verwaltungsgesellschaft KG, et al.*, Case No. 2:11-cv-2349 (E.D. La.).

Chinese drywall, drywall dust, residue, etc.[3] The remediation of Claimant's property was completed, and the City of Miramar conducted a final inspection on July 2, 2014.[4] Claimant's Property, through the remediation program and through participation in the Knauf Class Settlement Agreement,[5] has been fully remediated and Ms. Anum has been made whole as a result of the Settlement.

As is customary, some punch list items remained after the end of remediation, and the Lead Contractor, Knauf Defendants, Ombudsman, Plaintiffs' Steering Committee, Special Master, and Settlement Administrator have worked diligently to bring Ms. Anum's concerns and demands to an amicable resolution. However, the Claimant has not provided the above-listed parties with the corresponding willingness or effort to resolve Claimant's purported issues.

Ms. Anum has been uncooperative in this litigation for some time now. She has previously been represented by Colson Hicks Eidson, Doyle Law Firm, Hausfeld LLP, and Levin Fishbein & Sedran, all of which no longer represent her. Ms. Anum was previously ordered by the Court to cease contacting the Court through informal communications due to the amount of time and effort expended by the Court to assist the Claimant to no avail. The Knauf Defendants, Plaintiffs' Steering Committee, Lead Contractor, Settlement Administrator, Special Master, and Ombudsman have worked diligently to address Claimant's concerns and are now at an impasse with Ms. Anum unwilling to assist in the resolution of her own demands.

When the Lead Contractor was given access to the Property, the Property had been previously ransacked.[6] After remediation, the Property is in a better condition than it was prior to

---

[3] *See* Exhibit A, Environmental Certificate
[4] *See* Exhibit B, City of Miramar Building Permit
[5] *Settlement Agreement Regarding Claims Against the Knauf Defendants in MDL No. 2047* (Rec. Doc. 16407-3).
[6] *See* Exhibit C, "Before" photographs.

remediation.[7] Five line items were written into the punch list after remediation: (1) lamp in wrong place in dining room, (2) owner wants front door replaced due to break-in, (3) owner claims kitchen cabinets are de-laminating, (4) owner claims she had upgraded carpet in rooms, and (5) missing vanity lights in bathroom.[8] Numbers 1 and 5 were fixed by the Lead Contractor. Number 2 is not protocol. Number 3 is a result of the damage caused to cabinets by the break-in. The carpets (number 4) were replaced like-for-like.[9]

Throughout the process Claimant has refused to cooperate with the above-listed parties. She has refused to provide a mailing address, a phone number, and she refuses to open email attachments. Throughout the settlement process, Claimant has sent lengthy and rambling emails seeking various forms of assistance, but is unwilling to help herself or allow others to help her. All efforts and offers to resolve Claimant's issues, though non-Protocol, have been fruitless due to the Claimant's uncooperativeness. All available resources provided by this Court and the Settlement have failed due to Claimant's refusal to cooperate.

## II. LAW AND ARGUMENT

Claimant's Property was remediated by the Lead Contractor pursuant to the Knauf Class Settlement Agreement. The property is in substantially better condition now than it was prior to the remediation kick-off. All Chinese drywall was removed, and all work was completed pursuant to the Remediation Protocol. Even the appliances were replaced though they were missing at kick-off. Ms. Anum has been made whole.

The Lead Contractor has addressed all remaining issues within the Remediation Protocol and has even offered to provide benefits to Ms. Anum above and beyond those required by the Knauf Class Settlement Agreement and Remediation Protocol. Still, Ms. Anum has been

---

[7] *See* Exhibit D, "After" photographs.
[8] *See* Exhibit E, Punch List.
[9] *See* Exhibit F, Carpet Specs.

uncooperative. It has become impossible for the above-listed parties to provide any further benefits to the Claimant. Claimant's Property has been remediated, and Claimant has no outstanding claims filed with the Settlement Administrator or under review by the Special Master. To the extent that any further obligations to Claimant exist, they should be extinguished because Claimant refuses to cooperate.

### III. CONCLUSION

For the foregoing reasons, the Knauf Defendants' respectfully request that the Court extinguish any remaining settlement obligations of the Knauf Defendants, Plaintiffs' Steering Committee, Lead Contractor, Settlement Administrator, Special Master, and Ombudsman to Claimant Ollie Anum in MDL 2047.

Respectfully submitted,

/s/ *Kerry J. Miller*
Kerry J. Miller (LA Bar No. 24562)
René Merino (LA Bar No. 34408)
**Baker, Donelson, Bearman, Caldwell & Berkowitz**
201 St. Charles Ave.
Suite 3600
New Orleans, LA 70170
PH: (504) 566-8646
FAX: (504) 585-6946
kjmiller@bakerdonelson.com

*Counsel for the Knauf Defendants*

**CERTIFICATE OF SERVICE**

**I hereby certify** that the above and foregoing Memorandum in Support of the Motion to Extinguish Any Further Settlement Obligations of the Knauf Defendants, Plaintiffs' Steering Committee, Lead Contractor, Settlement Administrator, Special Master, and Ombudsman to Claimant Ollie Anum has been served to all parties by electronically uploading the same to LexisNexis File & Serve in accordance with Pre-Trial Order No. 6, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF system which will send a Notice of Electronic Filing in accord with the procedures established in MDL 2047, on this 16th day of June, 2015.

**I further certify** that this document is being served this day on Ollie Anum via email and US mail.

*/s/ Kerry J. Miller*