UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: CHINESE MANUFACTURED DRYWALL PRODUCTS LIABILITY LITIGATION<br><br>**THIS DOCUMENT RELATES TO:**<br>*Gross v. Knauf Gips KG, 2:09-cv-6690*<br>*Amorin v. Taishan Gypsum, 2:11-cv-1672*<br>*Amorin v. Taishan Gypsum, 2:11-cv-1395*<br>*Amorin v. Taishan Gypsum, 2:11-cv-1673*<br>*State of Louisiana v. Knauf, 2:10-cv-340*<br>*Abner v. Taishan Gypsum, 2:11-cv-3094*<br>*Posey v. BNBM PLC, 2:09-cv-6531*<br>*Morris v. BNBM PLC, 2:09-cv-6530* | MDL No. 2:09-md-2047<br><br>SECTION L<br><br>JUDGE ELDON E. FALLON<br><br>MAGISTRATE JUDGE<br>JOSEPH C. WILKINSON, JR. |

## **DECLARATION OF ZHANGLI CHANG**

This declaration is made in accordance with and pursuant to 28 U.S.C. § 1746.

I, Zhangli Chang, declare under penalty of perjury, that the following statements are true and correct:

1. I am over eighteen (18) years of age, am competent to testify to the matters contained herein, and have personal knowledge of these facts. My native language is Chinese. My ability to understand and speak English is limited. I signed a Chinese version of this Declaration as well as the English version of this Declaration after it was translated for me by Orrick, Herrington & Sutcliffe LLP.

2. I am a vice president of China National Building Material Company Limited ("CNBM Co.") since August ,2006 and a general manager of its legal division since March, 2005. I am also an executive director of CNBM Co. on its Board of Directors (since November 2011), and a secretary to the Board (since March 2005).

1

3. CNBM Co. is a holding company, whose subsidiaries are mainly engaged in the cement, lightweight building materials, glass fiber, composite materials and engineering services businesses in China. CNBM Co. does not itself manufacture, produce, promote, market, distribute, ship or sell any building products or construction materials. CNBM Co. has never manufactured, produced, promoted, marketed, distributed, shipped or sold drywall in China or anywhere else.

4. To the best of my knowledge, CNBM Co. has not had any offices or employees based in the United States, has not been registered to do business in the United States or any individual State, has not owned or leased property in the United States, and has not paid taxes in the United States.

5. CNBM Co. does not conduct business in the United States. To my knowledge CNBM Co. does not have any contracts or service agreements with United States-based entities relating to business in the United States. CNBM Co. does not promote or market any products or services to the United States. CNBM Co. does not maintain any United States bank accounts. CNBM Co. has, on occasion, solicited investments in projects from banks that are formed under the laws of the United States.

6. CNBM Co. is a shareholder of eight first-level subsidiaries. Its ownership stake in those entities, from 2005 to 2014 (end of year), was as follows:

| Company | 2014 | 2013 | 2012 | 2011 | 2010 | 2009 | 2008 | 2007 | 2006 | 2005 |
|---|---|---|---|---|---|---|---|---|---|---|
| China United | 100% | 100% | 100% | 100% | 100% | 100% | 100% | 100% | 100% | 90% |
| South Cement | 80% | 80% | 80% | 80% | 80% | 80% | 75% | 75% | N/A | N/A |
| North Cement | 70% | 70% | 70% | 55% | 55% | 45% | N/A | N/A | N/A | N/A |
| Southwest | 70% | 70% | 70% | 83% | N/A | N/A | N/A | N/A | N/A | N/A |

2

| | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|
| Cement | | | | | | | | | | |
| BNBM Plc. | 45% | 52% | 52% | 52% | 52% | 52% | 52% | 52% | 52% | 60% |
| China Composites | 100% | 100% | 100% | 100% | 100% | 100% | 100% | 100% | 77% | 77% |
| China Triumph | 91% | 91% | 91% | 91% | 91% | 91% | 91% | 91% | 91% | 91% |
| CNBM Investment | 100% | 100% | 100% | 100% | 100% | 100% | 100% | 100% | N/A | N/A |

Although these entities are in turn invested in other Chinese entities, CNBM Co. does not presently hold any direct investment in those second-level entities.

7. Each first-level subsidiary is adequately capitalized and has had sufficient funds for its operations. To my knowledge, CNBM Co. has never had a joint bank account with any subsidiary or had the ability to withdraw or deposit funds in the account of a subsidiary without express authorization of that entity.

8. Except as required under Chinese laws, regulations, and relevant accounting principles, CNBM Co. and the subsidiaries prepare independent financial statements and file their tax returns separately. Subsidiary financial statements are audited by third-party accounting firms where required by law.

9. Each subsidiary is separately incorporated and has its own Articles of Association. Where required by law or regulation, each subsidiary has a Board of Directors, Board of Supervisors, and corporate officers that manage the daily operations of the entity and make business decisions regarding that entity.

10. CNBM Co. owns a building located at 17 Fuxing Road, No. 2 building (Tower B), Beijing, China that is its corporate headquarters. Various entities related to CNBM Co. lease space in that building from CNBM Co. The leases are offered at ordinary commercial rates.

11. As a controlling shareholder, CNBM Co. is entitled to exercise its right to participate in shareholder votes of its subsidiaries. In exercising that right, CNBM Co. does not directly or indirectly interfere with the decision making of the subsidiary or its production operation activities carried out in accordance with the law, or harm the rights and interests of the subsidiary and other shareholders. Important business decisions of the subsidiaries are made in accordance with the law by a general meeting of shareholders and the Board of Directors of each subsidiary. Certain members of the Boards of Directors are also employees of CNBM Co., consistent with CNBM Co.'s rights as controlling shareholder to nominate directors. Directors are ultimately elected by a vote of the shareholders. Those directors vote in their Board of Director roles in a manner consistent with the best interests of the subsidiary. To my knowledge, CNBM Co. has never "vetoed" or "overruled" the vote of a subsidiary Board of Directors. The directors of the Boards of Directors of the subsidiaries are independently overseen by a Board of Supervisors, who supervise the lawfulness and compliances of performance of duties as required under Chinese law.

12. I am presently aware that BNBM PLC, Taishan Gypsum Co. Ltd ("Taishan") and Taian Taishan Plasterboard Co. ("TTP") engaged in transactions to sell drywall to United States purchasers. To my knowledge, neither Taishan, TTP nor BNBM PLC consulted CNBM Co. regarding their decisions to market or sell drywall into the United States. CNBM Co. did not direct or authorize those decisions. Nor did CNBM Co. play any role in BNBM PLC's or Taishan's drywall sales to the United States.

13. In 2006, CNBM Co. conducted a global offering in which it raised funds for a number of development projects. From those funds, CNBM Co. provided a loan to BNBM PLC for the construction of a drywall manufacturing facility in Hebei Province. CNBM Co. did not

4

supervise the construction of the facility and had no role in the manufacturing of drywall at that facility.

14. To my knowledge, CNBM Co. has never acted as an agent for any of the subsidiaries for purposes of manufacturing, producing, promoting, marketing, distributing, shipping or selling drywall.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Dated: June 9, 2015

_____
ZHANGLI CHANG

路易斯安那州东区美国联邦地区法院

| | |
|---|---|
| 关于：中国制造的石膏墙产品责任诉讼<br><br>**本文件与下列案件相关联：**<br>*Gross* 诉 *可耐福*, 2:09-cv-6690<br>*Amorin* 诉 *泰山石膏*, 2:11-cv-1672<br>*Amorin* 诉 *泰山石膏*, 2:11-cv-1395<br>*Amorin* 诉 *泰山石膏*, 2:11-cv-1673<br>*路易斯安娜州* 诉 *可耐福*, 2:10-cv-340<br>*Abner* 诉 *泰山石膏*, 2:11-cv-3094<br>*Posey* 诉 *北新建材股份*, 2:09-cv-6531<br>*Morris* 诉 *北新建材股份*, 2:09-cv-6530 | 多地合并诉讼第 2047 号<br><br>部门：L<br><br>Fallon 法官<br><br>WILKINSON 地方法官 |

**常张利的声明**

本声明是符合并根据《美国法典》第 28 卷第 1746 条款作出的。

本人，常张利，声明下列陈述是真实的和正确的，否则将受到对作伪证的惩罚：

1. 我已年满十八（18）周岁，有能力对此处包含的事项作证，并且对这些事实具有个人了解。我的母语是中文。我理解和说英语的能力是有限的。我签署了本声明的中文版本以及由美国奥睿律师事务所的一名翻译人员为我翻译后的本声明的英文版本。

2. 我自 2006 年 8 月至今担任中国建材股份有限公司（"中国建材股份"）的副总裁，自 2005 年 3 月至今担任中国建材股份法律部门的总经理。我也是中国建材股份的董事会中的执行董事（自 2011 年 11 月至今）以及董事会秘书（自 2005 年 3 月至今）。

3. 中国建材股份是一家控股公司，其子公司主要在中国从事水泥、轻质建材、玻璃纤维、复合材料和工程服务业务。中国建材股份本身并不制造、生产、推销、市场推广、分销、运输或销售任何建筑产品或建筑材料。中国建材股份从未在中国或任何其它地方制造、生产、推销、市场推广、分销、运输或销售石膏墙。

1

4. 据我所知，中国建材股份从未有过位于美国的任何办公室或在美国工作的任何雇员，未在美国或任何单独的州登记开展业务，未在美国拥有或租赁财产，并且未在美国缴纳税收。

5. 中国建材股份不在美国进行业务活动。据我所知，中国建材股份未与位于美国的实体签订与美国境内业务有关的任何合同或服务协议。中国建材股份没有向美国推销或市场推广任何产品或服务。中国建材股份没有保留任何美国银行账户。中国建材股份有时会从根据美国法律成立的银行寻求对项目的投资。

6. 中国建材股份是八个一级子公司的股东。其自 2005 年到 2014 年（年底）在那些实体中的所有权权益如下：

| 公司 | 2014 | 2013 | 2012 | 2011 | 2010 | 2009 | 2008 | 2007 | 2006 | 2005 |
|---|---|---|---|---|---|---|---|---|---|---|
| 中国联合水泥 | 100% | 100% | 100% | 100% | 100% | 100% | 100% | 100% | 100% | 90% |
| 南方水泥 | 80% | 80% | 80% | 80% | 80% | 80% | 75% | 75% | N/A | N/A |
| 北方水泥 | 70% | 70% | 70% | 55% | 55% | 45% | N/A | N/A | N/A | N/A |
| 西南水泥 | 70% | 70% | 70% | 83% | N/A | N/A | N/A | N/A | N/A | N/A |
| 北新建材股份 | 45% | 52% | 52% | 52% | 52% | 52% | 52% | 52% | 52% | 60% |
| 中国复合材料 | 100% | 100% | 100% | 100% | 100% | 100% | 100% | 100% | 77% | 77% |
| 中国建材工程 | 91% | 91% | 91% | 91% | 91% | 91% | 91% | 91% | 91% | 91% |
| 中建材投资 | 100% | 100% | 100% | 100% | 100% | 100% | 100% | 100% | N/A | N/A |

尽管这些实体又投资了其他中国实体，中国建材股份目前并不对那些二级实体持有任何直接投资。

2

7. 每个一级子公司都资本充足，并有足够的运营资金。据我所知，中国建材股份从未与任何子公司共用银行账户，也没有能力在未经一个子公司明确授权的情况下从该实体的账户中提取或存入资金。

8. 除中国法律、法规和相关会计准则另有规定，中国建材股份和子公司分别编制独立的财务报表和提交它们的报税表。在法律要求的情况下，子公司的财务报表由第三方会计师事务所进行审计。

9. 每个子公司分别设立并拥有各自的章程。在法律或法规有规定的情况下，每个子公司有董事会、监事会以及高管来管理该实体的日常运作和进行涉及该实体的商业决策。

10. 中国建材股份拥有位于中国北京复兴路 17 号 2 号座（B 楼）的建筑物作为其公司总部。多个与中国建材股份相关的实体从中国建材股份租赁该建筑物中的场所。这些租赁按照普通商业费率提供。

11. 作为控股股东，中国建材股份有权行使其权利参加其子公司的股东投票。在行使该权利时，中国建材股份没有直接或间接干扰该子公司的决策或依法进行的生产经营活动，也没有损害该子公司和其他股东的权利和利益。这些子公司的重要商业决定是由每个子公司的股东大会和董事会依法作出。这些董事会的某些成员也是中国建材股份的雇员，这与中国建材股份作为控股股东提名董事的权利相一致。董事最终由股东投票选举。那些董事以符合该子公司最佳利益的方式在董事会职责内投票。据我所知，中国建材股份从未"否决"或"推翻"一个子公司董事会的投票决定。这些子公司的董事会的董事由监事会独立监管，监事会按照中国法律的要求监管职务履行的合法性和合规性。

3

12. 目前我知道北新集团建材股份有限公司("北新建材股份")、泰山石膏股份有限公司("泰山")和泰安泰山纸面石膏板有限公司("泰安泰山石膏板")从事过向美国购买者销售石膏墙的交易。据我所知,北新建材股份、泰山和泰安泰山石膏板并没有就它们向美国市场推广或销售石膏墙的决定向中国建材股份咨询。中国建材股份没有就那些决定进行指导或授权。在北新建材股份或泰山向美国销售石膏墙的过程中中国建材股份也没有起任何作用。

13. 2006年,中国建材股份进行了全球发行,其中为多个开发项目募集资金。从那些资金中,中国建材股份向北新建材股份提供了一笔贷款用于在河北省建设一座石膏墙生产工厂。中国建材股份并未监管该工厂的建设也没有对在该工厂生产石膏墙起任何作用。

14. 据我所知,中国建材股份从未为了制造、生产、促销、市场推广、分销、运输或出售石膏墙的目的而作为这些子公司中任何一个的代理人。

本人声明前述内容是真实的和正确的,否则将受到根据美国法律对作伪证的惩罚。

日期:2015年6月9日

_____
常张利

4