UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE:  CHINESE MANUFACTURED DRYWALL PRODUCTS LIABILITY LITIGATION | MDL No. 2:09-md-2047 |
| | SECTION L |
| **THIS DOCUMENT RELATES TO:** | JUDGE ELDON E. FALLON |
| *Gross v. Knauf Gips KG, 2:09-cv-6690* | |
| *Amorin v. Taishan Gypsum, 2:11-cv-1672* | MAGISTRATE JUDGE |
| *Amorin v. Taishan Gypsum, 2:11-cv-1395* | JOSEPH C. WILKINSON, JR. |
| *Amorin v. Taishan Gypsum, 2:11-cv-1673* | |
| *State of Louisiana v. Knauf, 2:10-cv-340* | |
| *Abner v. Taishan Gypsum, 2:11-cv-3094* | |
| *Posey v. BNBM Co., 2:09-cv-6531* | |
| *Morris v. BNBM Co., 2:09-cv-6530* | |



## DECLARATION OF 杨颖 (Ying YANG)

This declaration is made in accordance with and pursuant to 28 U.S.C. § 1746.

I, ___杨颖___ (Ying YANG), declare under penalty of perjury, that the following statements are true and correct:

1.    I am over eighteen (18) years of age, am competent to testify to the matters contained herein, and have personal knowledge of these facts.

2.    I am director of translation division with Beijing Golden Olive Translation Center, and work in the office in Beijing, China.

3.    I am fluent in the languages of Chinese and English.

4.    I hereby certify that I translated Chinese National Building Materials Group Corporation's Business License from Chinese to English.  I further certify that these copies, attached hereto as Exhibit A, are true and accurate translations of one another.

1

5.     I hereby certify that I translated Chinese National Building Materials Group Corporation's Articles of Association from Chinese to English.  I further certify that these copies, attached hereto as Exhibit B, are true and accurate translations of one another.

6.     I hereby certify that I translated the Company Law of the People's Republic of China from Chinese to English.  I further certify that these copies, attached hereto as Exhibit C, are true and accurate translations of one another.

7.     I hereby certify that I translated the Interim Regulations on the Supervision and Administration of State-Owned Assets of Enterprises from Chinese to English.  I further certify that these copies, attached hereto as Exhibit D, are true and accurate translations of one another.


I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.


Dated: June ____8th____, 2015



_____

Signature

Ying YANG

2

# EXHIBIT A



# 营 业 执 照

## （副 本）

**注册号** 100000000000485（10-1）

| | | |
|---|---|---|
| **名 称** | 中国建筑材料集团有限公司 |
| **类 型** | 有限责任公司(国有独资) |
| **住 所** | 北京市海淀区复兴路17号国海广场2号楼（B座） |
| **法定代表人** | 宋志平 |
| **注 册 资 本** | 619133.857284 万人民币 |
| **成 立 日 期** | 1981年09月28日 |
| **营 业 期 限** | 长期 |
| **经 营 范 围** | （无）. |

建筑材料及其相关配套原辅材料的生产制造及生产技术、装备的研究开发销售；新型建筑材料体系成套房屋的设计、销售、施工；装饰材料的销售；房屋工程的设计、施工；仓储；建筑材料及相关领域的投资、资产经营、与以上业务相关的技术咨询、信息服务、会展服务；矿产品的加工及销售。（依法须经批准的项目，经相关部门批准后方可开展经营活动）





登 记 机 关

2014 年 12 月 05 日

# Business License

# (Transcript)

**Registration No.: 100000000000485 (10-1)**

| | |
|---|---|
| **Name** | China National Building Materials Group Corporation |
| **Company Type** | Limited Liability Company (wholly state-owned) |
| **Domicile** | No.2 Building (B), Guohai Plaza, No.17 Fuxing Road, Haidian District, Beijing |
| **Name of the Legal Representative** | SONG Zhiping |
| **Registered Capital** | RMB 6,191,338,572.84 |
| **Date of Establishment** | September 28, 1981 |
| **Term of Operation** | Long time |
| **Business Scope** | (None). |

Manufacturing of building materials and related raw and auxiliary materials; and research, development and sales of production technology and equipment; design, sales and construction of complete sets of housing using new building materials; sales of decoration materials; design, construction of housing projects; storage; investment and asset operation of building materials and related fields, technology consulting, information services and exhibition services related to the above business; processing and sales of minerals. (Any item subject to approval pursuant to laws shall be operated after approval of relevant department.)

For purposes of Drywall case.

Registration authority (Seal of the State Administration of Industry and Commerce of the PRC)

December 05, 2014

# EXHIBIT B

# 中国建筑材料集团有限公司章程

## 第一章　总则

**第一条**　为维护公司、出资人和债权人的合法权益，规范中国建筑材料集团有限公司的组织和行为，根据《中华人民共和国公司法》（以下简称《公司法》）、《企业国有资产监督管理暂行条例》（以下简称《条例》）等法律、行政法规及规范性文件，制定中国建筑材料集团有限公司章程。

**第二条**　公司名称。

中文全称：中国建筑材料集团有限公司，简称：中国建材集团；

英文全称：CHINA NATIONAL BUILDING MATERIAL GROUP CORPORATION，简称：CNBM。

**第三条**　公司住所：北京市海淀区复兴路17号国海广场2号楼（B座）。

邮政编码：100036。

**第四条**　公司注册资本为人民币陆拾壹亿玖仟壹佰叁拾叁万捌仟伍佰柒拾贰元捌角肆分（6,191,338,572.84元），实收资本为人民币陆拾壹亿玖仟壹佰叁拾叁万捌仟伍佰柒拾贰元捌角肆分（6,191,338,572.84元）。

**第五条**　公司是依照《公司法》规定设立的国有独资公司，享有法人财产权，并以全部财产对公司的债务承担责任。

**第六条**　公司董事长为公司法定代表人，对外代表公司。

**第七条**　公司依法自主从事经营活动，遵守国家法律、行政法规，遵守社会公德、商业道德，诚实守信，接受政府和社会公众的监督，承担社会责任。

公司的合法权益受法律保护，不受侵犯。

**第八条**　公司根据中国共产党章程的规定，设立中国共产党的组织，开展党的活动。公司中的党组织发挥政治核心作用，参与公司重大问题的决策。公司为党组织的活动提供必要条件。

**第九条**　公司职工依照《中华人民共和国工会法》、《公司法》及有关法律法规的规定，组织工会，开展工会活动，维护职工合法权益；

通过职工代表大会或其他形式，实行民主管理。公司为本公司工会提供必要的活动条件。

第十条　本章程对公司、出资人、董事、监事、高级管理人员均具有法律约束力。

## 第二章　经营宗旨和经营范围

第十一条　公司经营宗旨为：秉承"善用资源，服务建设"的核心理念，以科技创新为先导，对行业和社会资源进行优化整合，坚持循环经济道路，大力推进水泥、玻璃等产业的联合重组、结构调整与节能减排，大力发展新型建材、新型节能房屋、新能源材料和领先的技术及成套装备，为城乡发展与城镇建设、节能省地型建筑和国家重点工程提供优质产品和服务，努力建设创新绩效型、资源节约型、环境友好型、社会责任型企业，成为具有国际竞争力的行业排头兵，为行业和社会的可持续发展贡献力量。

第十二条　公司经营范围为：建材产品、建材与相关行业装备及其配套原辅材料的制造、销售、技术研发与服务、工程与工程设计总承包；新型建筑材料体系成套房屋的设计、制造、销售、工程承包；装饰材料工厂、房屋工程的设计、施工；建筑材料和相关领域的投资、资产经营、国内外贸易与物流、技术咨询、信息服务、会展服务；组织成员企业进行非金属矿的生产与销售。

## 第三章　出资人

第十三条　公司由国家单独出资，国务院国有资产监督管理委员会（以下简称国资委）代表国务院履行出资人职责。

第十四条　公司不设股东会，国资委依照《公司法》、《条例》等法律、行政法规的规定，行使以下职权：

（一）决定公司的经营方针，批准公司主业及调整方案，并从中央企业布局和结构调整方面审核公司的发展战略和规划；

（二）委派和更换非由职工代表担任的董事，决定其报酬事项，对董事会、董事履职进行评价；

（三）依照有关规定代表国务院派出监事会；

（四）批准董事会的报告；

（五）批准监事会的报告；

（六）批准公司的年度财务决算方案，并对公司年度财务预算方案进行备案管理；

（七）批准公司的利润分配方案和弥补亏损方案；

（八）决定公司增加或者减少注册资本；

（九）批准发行公司债券方案；

（十）决定公司合并、分立、解散、清算或者变更公司形式；

（十一）制定或批准公司章程及章程修改方案；

（十二）按照《企业国有资产法》、《企业国有产权转让管理暂行办法》（国资委 财政部令第 3 号）和《国有股东转让所持上市公司股份管理暂行办法》（国资委 证监会令第 19 号）等规定，批准有关非上市公司国有产权转让、上市公司国有股份转让、国有产权无偿划转及公司重大资产处置等事项；批准公司重大会计政策和会计估计变更方案；

（十三）按照《公司法》、《中华人民共和国审计法》、《中央企业财务决算报告管理办法》（国资委令第 5 号）和《中央企业经济责任审计管理暂行办法》（国资委令第 7 号）等规定，对企业年度财务决算、重大事项进行抽查审计，组织开展经济责任审计工作；

（十四）按照国务院和国务院有关部门关于国有资产基础管理、股份制改革、主辅分离、辅业改制和企业重大收入分配等行政法规和部门规章的规定，办理需由国资委批准或出具审核意见的事项；

（十五）国家法律、行政法规规定的其他职权。

**第十五条**　国资委确保公司依法享有的经营自主权，并依照有关规定授权公司董事会行使出资人的部分职权，决定公司有关重大事项。

国资委依照法律、行政法规和章程规定行使出资人权利，不得损害公司或公司债权人的利益。

## 第四章　董事会

### 第一节　董事会组成、职权和义务

第十六条　公司设董事会，由 11 名董事组成，其中外部董事 6 名，职工董事 1 名。

外部董事，指由非本公司职工担任的董事。除董事和董事会专门委员会有关职务外，外部董事不在公司担任其他职务，不负责执行层的事务。

董事会成员由国资委委派；其中职工董事由本公司职工代表担任，由公司职工民主选举产生。

第十七条　公司董事任期不超过 3 年，任期届满，经委派或选举可以连任。

董事任期届满未及时重新委派（职工董事未及时改选），或者董事在任期内辞职导致董事会成员低于法定人数的，在重新委派（或改选）的董事就任前，原董事仍应当依照法律、行政法规和公司章程的规定，履行董事职务。

第十八条　董事会对国资委负责，依照《公司法》和国资委授权行使下列职权：

（一）决定公司的年度经营目标和任期经营目标，并报国资委备案；

（二）决定公司经营计划、投融资计划和方案，批准公司的交易性金融资产投资和非主业投资项目；

（三）批准公司的年度财务预算方案，并报国资委备案；

（四）制订公司的年度财务决算方案，并报国资委批准；

（五）制订公司的利润分配方案和弥补亏损方案；

（六）制订公司增加或减少注册资本的方案及发行公司债券的方案；

（七）制订公司合并、分立、解散和变更公司形式的方案；

（八）制订公司章程草案及公司章程的修改方案；

（九）聘任或解聘公司总经理；负责对总经理的考核，决定其报酬；根据总经理的提名，聘任或解聘公司副总经理、总会计师；根据总经理的提议，决定副总经理、总会计师、总法律顾问的报酬；根据董事长的提名，聘任或解聘董事会秘书，对其进行考核并决定其薪酬；

（十）决定公司内部管理机构的设置、公司分支机构的设立和撤

销；

（十一）制定公司的基本管理制度；

（十二）根据国资委审核意见，决定公司的发展战略和中长期发展规划，并对其实施进行监控；决定公司年度重大固定资产投资计划、股权投资计划，并报国资委备案；

（十三）决定公司的风险管理体系，制订公司重大会计政策和会计估计变更方案，审议公司内部审计报告，决定公司内部审计机构负责人，决定聘用或者解聘负责公司财务会计报告审计业务的会计师事务所及其报酬，决定公司的资产负债率上限，对公司风险实施进行总体监控；

（十四）决定公司整体薪酬分配策略及制度；

（十五）依法对所出资企业（包括全资、控股和主要参股子公司（企业））履行资产受益、重大决策和派出董事、监事等股东职权；

（十六）听取总经理的工作报告，督促、检查董事会决议执行情况；

（十七）批准公司重大资产抵押、质押或对外担保；

（十八）除应由国资委批准的有关方案外，批准公司对外捐赠或赞助，并报国资委备案；

（十九）决定公司内部重大业务重组和改革事项；

（二十）建立与监事会联系的工作机制，按照监事会有关要求报送《企业年度工作报告》等文件并抄报相关材料，督导落实监事会要求纠正和改进的问题；

（二十一）国资委授予行使的出资人的职权；

（二十二）法律、行政法规规定的其他职权。

第十九条   董事会履行下列义务：

（一）执行国资委的决定，对出资人负责，维护公司利益；

（二）向国资委报告年度工作；

（三）向国资委提供真实、准确、全面的财务和运营信息，提供董事和经理人员的实际薪酬以及经理人员的提名、聘任和解聘的程序和办法等信息；

（四）维护公司职工、债权人和用户的合法权益；

（五）确保国家法律、行政法规在公司的执行。

**第二十条** 董事会应建立科学、民主、高效的重大事项决策机制，并制定董事会议事规则。

**第二十一条** 公司董事会设董事长1名，副董事长1名。董事长、副董事长由国资委从董事会成员中任命。

**第二十二条** 董事长行使以下职权：

（一）确定董事会会议议题；

（二）召集和主持董事会会议；

（三）组织制订实施董事会运作的各项规章制度，协调董事会的运作；

（四）签署董事会重要文件；

（五）督促、检查董事会决议的实施情况，听取公司经营管理情况的汇报；

（六）负责董事会与国资委的沟通，代表董事会向国资委报告工作；

（七）在发生不可抗力或重大危机情形，无法及时召开董事会会议的紧急状况下，对公司重大事务作出特别决定，并在事后向董事会报告；

（八）董事会授予的其他职权。

## 第二节　董事会会议

**第二十三条** 董事会会议由董事长召集和主持。董事长因特殊原因不能履行职务时，由董事长指定其他董事召集和主持；董事长不履行职务时，由半数以上董事共同推举一名董事或国资委指定一名董事召集和主持。

**第二十四条** 定期董事会会议每年至少召开4次，每季度召开一次，首次会议可以根据情况适当后延。

召开定期董事会会议，应在会议召开10日以前通知全体董事、监事会及其他列席人员。

有以下情形之一时，董事长应在接到提议后3个工作日内签发召开临时董事会会议的通知，并在7个工作日内召集和主持董事会会议：

（一）三分之一以上董事提议；

（二）监事会提议；

（三）董事长认为有必要；

（四）国资委认为有必要。

临时董事会会议通知的方式和时限，由董事会另行规定。

会议通知的内容应包括时间、地点、会期、议程、议题、通知发出日期等。

第二十五条　董事会会议应有二分之一以上的董事出席方可举行。

董事会决议分为普通决议和特别决议。董事会决议的表决，实行一人一票。董事会通过普通决议时，应经全体董事过半数同意；通过特别决议时，应经全体董事三分之二以上同意。

董事会审议本章程第十八条第（六）、（七）、（八）项所列事项时，应以特别决议通过；其他事项应以普通决议通过。

第二十六条　凡须经董事会决策的重大事项，应按本章程规定的时限通知所有董事、监事会及其他列席人员，并提供相应资料。

当三分之一以上董事或两名以上外部董事认为资料不充分或论证不明确时，可以书面形式联名提出缓开董事会会议或缓议董事会会议所议议题，董事会应予采纳。

第二十七条　董事会会议一般应以现场会议的形式召开。遇特殊情况，在保证董事能够充分发表意见的条件下，经董事长同意，可采用电话会议或其他方式开会并作出决议。

第二十八条　董事应亲自出席董事会。董事因特殊情况不能亲自出席董事会时，该董事可以提交授权委托书委托其他董事代为出席并行使表决权，授权委托书应载明授权范围。

董事连续两次未亲自出席董事会会议也未委托其他董事的，或者在一年内未出席董事会会议占 3/4 以上的，视为不能履行董事职责，董事会（或监事会）应提请国资委予以解聘。

第二十九条　董事会应对会议所议事项做成会议记录。会议记录应包括会议召开的日期、地点、主持人姓名、出席董事姓名、会议议程、议题、董事发言要点、决议的表决方式和结果（同意、反对或弃

权的票数及投票人姓名）等内容。董事会秘书整理会议记录并形成会议纪要，出席会议的董事和列席会议的董事会秘书应在会议记录上签名。由董事会秘书负责归档保管会议记录和会议纪要，保管期20年。

### 第三节　董事会专门委员会

第三十条　董事会下设战略与投资委员会、提名委员会、薪酬与考核委员会和审计与风险管理委员会。董事会也可根据需要设立其他专门委员会。

董事会专门委员会是董事会下设的专门工作机构，为董事会重大决策提供咨询、建议。除非董事会授权，专门委员会不享有决策权。

董事会可根据需要聘请公司有关专家、学者组成非常设专家咨询机构，为公司提供专业咨询意见。

第三十一条　董事会专门委员会由公司董事组成，成员由董事会选举产生，对董事会负责。召集人由董事长提名，董事会通过。

第三十二条　战略与投资委员会主要负责拟订公司发展战略和中长期发展规划；对须经董事会批准的重大投融资项目、重组及转让公司所持股权、企业改革等事项进行研究并向董事会提出建议。

战略与投资委员会由6名董事组成，其中外部董事3人，由董事长担任召集人。

第三十三条　提名委员会主要负责研究公司总经理及其他高级管理人员的选择标准、程序和方法，向董事会提出建议；对总经理提出的副总经理、总会计师人选，董事长提出的董事会秘书人选进行考察，向董事会提出考察意见；经董事会授权，对子企业董事、监事和不设董事会的子企业总经理人选进行考察，向董事会提出推荐意见。

提名委员会由8名董事组成，其中外部董事4名，由董事长担任召集人。

第三十四条　薪酬与考核委员会主要负责拟订公司总经理、副总经理、总会计师的考核标准、绩效评价程序和薪酬及奖惩办法，提交董事会；评审公司总经理、副总经理、总会计师履职情况并对其进行绩效考核评价；拟订总经理薪酬方案，评审总经理提出的副总经理、总会计师的薪酬方案，并向董事会提出建议。

薪酬与考核委员会由 4 名外部董事组成,由其中 1 名外部董事担任召集人,召集人由董事长提名,并经董事会审议通过。

第三十五条 审计与风险管理委员会主要负责评估、监督公司风险管理和内部控制体系的有效运行;建议聘请或更换外部审计机构,拟定其报酬方案;指导和监督公司内部审计机构工作。

审计与风险管理委员会由 4 名外部董事组成,由其中 1 名外部董事担任召集人,召集人由董事长提名,并经董事会审议通过。

审计委员会委员应当具备相当的会计、财务管理和法律知识。

第三十六条 董事会专门委员会履行职权时,各董事应充分表达意见,并尽量达成一致意见。意见不一致时,应向董事会提交各项不同意见并作说明。

专门委员会经董事会同意可聘请中介机构,费用由公司承担。

第三十七条 董事会专门委员会应制订工作规则,规定各专门委员会的组成、职责、工作方式、议事程序等内容,经董事会批准后实施。

### 第四节 董事会秘书

第三十八条 公司设董事会秘书 1 名,由董事长提名,董事会决定聘任或解聘。

公司董事或者其他高级管理人员可以兼任公司董事会秘书。

第三十九条 公司设立董事会办公室作为董事会常设工作机构,董事会秘书负责董事会办公室的工作。

第四十条 董事会秘书的职责:

(一)负责筹备董事会会议,准备董事会会议议案和材料;

(二)列席董事会会议,负责作董事会会议记录;

(三)准备和递交需要由董事会出具的文件;

(四)负责与董事的信息沟通和联络;

(五)为董事会及专门委员会的工作提供服务;

(六)负责公司信息披露事务;

(七)促使董事会的运作符合法律、法规、公司章程及其他有关规定;

（八）董事会授予的其他职责。

## 第五节  董事的权利、义务和责任

**第四十一条**  董事在任职期间享有以下权利：

（一）了解行使董事权利所需的公司有关信息；

（二）出席董事会会议，在董事会会议上充分发表意见，对表决事项行使表决权；

（三）对提交董事会会议的文件、材料提出补充要求；

（四）根据本章程的规定，提出召开临时董事会会议的建议；

（五）按照有关规定领取报酬、津贴；

（六）根据有关规定在履行职务时享有出差、办公等方面的待遇；

（七）向国资委反映有关情况；

（八）法律、行政法规规定的其他权利。

**第四十二条**  董事应承担以下义务：

（一）关注公司业务和事务，投入足够的时间和精力，谨慎、勤勉地履行董事职责；

（二）出席董事会会议和其他董事会活动，及时了解和掌握充分的信息，独立审慎地表决；

（三）遵守法律、行政法规和公司章程的规定，遵守诚信原则，不得利用在公司的地位和职权，为本人或他人谋取私利；

（四）忠实履行职责，维护出资人和公司利益，保守公司的商业秘密。

董事不再担任董事职务后，依照董事服务合约的约定，在一定期限内仍负有相关义务。

**第四十三条**  董事不得有以下行为：

（一）挪用公司资金或者擅自将公司资金借贷给他人；

（二）将公司资金以其个人名义或者其他个人名义开立账户存储；

（三）违反公司章程的规定，擅自以公司财产为他人提供担保；

（四）未经国资委同意，与本公司订立合同或者进行交易；

（五）利用职务便利为自己或者他人谋取属于公司的商业机会，自营或者为他人经营与所任职公司同类的业务；

（六）接受他人与公司交易的佣金；

（七）擅自披露公司的商业秘密；

（八）违反对公司忠实义务的其他行为。

违反前款规定所得的收入应当归公司所有。

董事不得利用职权收受贿赂或其他非法收入，不得侵占公司财产。

**第四十四条**　外部董事与公司不应存在任何可能影响其公正履行外部董事职务的关系。外部董事本人及其直系亲属近两年内未曾在公司和公司的全资、控股子企业任职，未曾从事与公司有关的商业活动，不持有公司所投资企业的股权，不在公司主管业务有直接竞争或潜在竞争关系的单位兼职。

**第四十五条**　有下列行为之一的，董事应当承担董事责任：

（一）违反法律、行政法规或者公司章程规定的董事义务，给公司造成损失的；

（二）董事会决议违反法律、行政法规或者公司章程规定，致使公司遭受损失，参与表决的董事无法证明其对该决议投反对票的。

**第四十六条**　董事主要以下述方式承担董事责任：

（一）经济赔偿。该赔偿系因董事责任导致的公司直接经济损失，或公司因承担连带责任而向第三方支付的赔偿金额；

（二）解聘董事职务；

（三）消除影响等其他方式。


## 第五章　总经理

**第四十七条**　公司设总经理1名，由董事会聘任或者解聘；设副总经理若干名，协助总经理工作，经总经理提名由董事会聘任或者解聘。

**第四十八条**　总经理对董事会负责，依照《公司法》、章程和董事会的授权行使以下职权：

（一）主持公司的生产经营管理工作，组织实施董事会决议；

（二）拟订并组织实施公司年度经营计划、融资计划和投资方案；

（三）拟订公司财务预算、决算方案；

（四）拟订公司利润分配和弥补亏损方案；

（五）拟订公司职工收入分配方案；

（六）拟订公司内部管理机构设置方案；

（七）拟订公司基本管理制度，制定公司具体规章；

（八）拟订公司改革、重组方案和资产处置方案；

（九）提请董事会聘任或者解聘公司副总经理、总会计师等高级管理人员；

（十）聘任或者解聘除应由董事会聘任或者解聘以外的负责管理人员；

（十一）统筹和协调子公司的经营管理活动；

（十二）提出公司对所出资企业行使资产受益、重大决策和选择企业主要负责人等股东权利相关的工作意见；

（十三）公司章程和董事会授予的其他职权。

**第四十九条**　总经理、副总经理、总会计师在行使职权时，不得变更董事会决议或超越其职权范围。应当根据法律、行政法规和公司章程的规定，履行诚信和勤勉的义务。

本章程第四十二条之（一）、（三）、（四）项以及第四十三条的规定，适用于总经理和公司其他高级管理人员。

**第五十条**　非董事总经理列席董事会会议。

**第五十一条**　公司决定生产经营管理中的重要问题，实行总经理办公会议制度。总经理应当制订工作规则，报董事会批准后实施。

总经理应当按照董事会和监事会的要求，及时报告公司重大合同的签订、执行情况、资金运用情况和盈亏情况等，并保证报告的真实性、客观性和全面性。

**第五十二条**　总经理可以在任期届满以前提出辞职。有关总经理辞职的具体程序和办法由总经理与公司之间的合同规定。

**第五十三条**　有以下情形之一的，董事会可解聘总经理：

（一）因年龄或身体原因，不适合继续担任总经理的；

（二）个人能力和行为不符合公司发展需求和道德规范的；

（三）经营行为违反法律、法规、公司章程规定，或明显损害投资人、公司合法权益，或因经营决策失误导致公司利益受到重大损失

的；

（四）擅自离职的；

（五）《公司法》规定的不适合继续担任总经理的其他情形。

## 第六章　监事会

**第五十四条**　监事会由国资委代表国务院派出，对企业的国有资产保值增值状况实施监督。监事会成员由国资委委派的监事和职工代表组成。其中职工代表 2 名，由公司职工民主选举产生。监事会主席由国资委指定。

**第五十五条**　监事会依照《公司法》、《国有企业监事会暂行条例》等有关规定履行监督职责。

## 第七章　民主管理和劳动管理

**第五十六条**　公司依照宪法和有关法律、行政法规的规定，通过职工代表大会和其他形式，实行民主管理。

**第五十七条**　公司根据《中华人民共和国劳动法》和国家其他有关法律、行政法规的规定，制定适合公司具体情况的劳动用工、工资分配、劳动保险、生活福利、社会保障等制度。

**第五十八条**　公司实行劳动合同制度，依法与职工签订劳动合同。

**第五十九条**　公司研究决定公司生产经营方面的重大问题、制定重要的规章制度，以及有关职工工资、福利、安全生产、劳动保护以及劳动保险等涉及职工切身利益的问题时，应当听取公司工会和职工的意见和建议。

依照法律、行政法规和国家有关规定，需要由公司职工代表大会或者职工大会审议通过的，从其规定。

## 第八章　财务、会计制度和审计

**第六十条**　公司依照法律、行政法规的规定，制定公司的财务、会计制度和内部审计制度。

**第六十一条**　公司会计年度采用公历日历年制，即每年公历 1 月

1 日起至 12 月 31 日止为一个会计年度。

公司采取人民币为记账本位币，账目用中文书写。

第六十二条　公司应当在每一会计年度终了后 120 天内制作财务报告，财务报告应当依照法律、行政法规的规定制作。

公司年度财务报告应经会计师事务所审计，并经公司董事会审议通过。

第六十三条　公司应在当年税后利润中提取 10%，列入公司法定公积金。

当法定公积金累计额达到公司注册资本的 50%时，公司可不再提取法定公积金。

第六十四条　公司在弥补亏损、提取法定公积金后，经国资委批准，可以提取任意公积金。

第六十五条　公司的公积金的用途限于下列各项：

（一）弥补亏损；

（二）扩大公司生产经营；

（三）转增公司注册资本。

资本公积金不得用于弥补公司的亏损。

法定公积金转为资本时，所留存的该项公积金不得少于转增前公司注册资本的 25％。

第六十六条　根据国资委《中央企业内部审计管理暂行办法》的规定，公司建立内部审计制度，配备专职审计人员，实行内部审计监督。

公司内部审计制度和审计人员的职责，应当经董事会批准后实施。内部审计部门接受董事会审计委员会的监督和指导。审计部门负责人向总经理和董事会审计委员会报告工作。

## 第九章　公司的合并、分立、终止和清算

第六十七条　公司合并或者分立，应当由国资委制定方案或者由公司董事会提出方案，报国资委批准。

第六十八条　公司的营业期限为永久存续。

第六十九条　有下列情形之一的,公司应当解散并依法进行清算:

（一）国资委决定解散;

（二）因公司合并或者分立需要解散;

（三）依法被吊销营业执照、责令关闭或者被撤销;

（四）人民法院依照《公司法》的规定予以解散。

第七十条　公司解散时,应依据《公司法》的规定成立清算组对公司进行清算,清算结束后,清算组应当制作清算报告,报股东确认,并报送公司登记机关,申请注销公司登记,公告公司终止。

## 第十章　附则

第七十一条　本章程由公司董事会制订,经国资委批准后生效。

第七十二条　有下列情形之一的,公司应当修改章程:

（一）《公司法》或有关法律、行政法规修改后,章程的规定与修改后的法律、行政法规相抵触;

（二）公司章程规定事项发生重大变化;

（三）国资委决定修改章程。

公司章程的修改,应报国资委批准。涉及公司登记事项变更的,依法办理变更登记。

第七十三条　本章程所称高级管理人员是指公司的总经理、副总经理、总会计师、董事会秘书和总法律顾问。

第七十四条　本章程所称“以上”、“以下”,均包括本数。

第七十五条　本章程由国资委授权公司董事会负责解释。

# China National Building Materials Group Corporation
# Articles of Association

## Chapter 1: General Provisions

**Article 1** For the purpose of safeguarding the legitimate rights and interests of the Company, capital contributors and creditors, and normalizing the organization and behavior of China National Building Material Group Corporation, in accordance with *the Company Law of the People's Republic of China* (hereinafter referred to as "*the Company Law*"), *Interim Regulations on the Supervision and Administration of State-Owned Assets of Enterprises* (hereinafter referred to as *the "Regulations"*) and other relevant laws, administrative regulations and regulatory documents, the Articles of Association for China National Building Materials Group Corporation are hereby formulated.

**Article 2** Company Name

The Chinese full name is 中国建筑材料集团有限公司, 中国建材集团 for short;

The English full name is CHINA NATIONAL BUILDING MATERIALS GROUP CORPORATION, CNBM for short.

**Article 3** Company Domicile: 2nd Building (Tower B), Guohai Plaza, No. 17 Fuxing Road, Haidian District, Beijing.

Zip Code: 100036.

**Article 4** The registered capital of the Company is RMB 6,191,338,572.84 Yuan, and the actual paid-in capital is RMB 6,191,338,572.84 Yuan.

**Article 5** The Company is a wholly state-owned company established in accordance with the provisions of *the Company Law* and shall enjoy the property right of legal person and be liable for its debts with all of its assets.

**Article 6** The chairman of the Company board is the legal representative of the Company and represents the Company to the outside.

**Article 7** The Company legally engages in independent business activities, operates in compliance with the state laws and administrative regulations, and observes social moralities, business ethics, and the principle of honesty and trustworthiness, and accepts supervision from the government and the public, and

1

shoulders social responsibilities. The legitimate rights of the Company are protected by law and shall be inviolable.

**Article 8** The Company shall establish an organization of the Communist Party of China ("CPC") to carry out activities of the CPC pursuant to the Constitution of the Communist Party of China. The organization of the CPC shall play a political core role in decision-making on major issues of the Company. The Company shall provide necessary conditions for the activities of organization of the CPC.

**Article 9** The Company's employees shall form a trade union, carry out activities in the union and safeguard the legitimate rights and interests of employees, in accordance with *Trade Union Law of the People's Republic of China*, *the Company Law* and relevant laws and regulations; the Company shall implement democratic administration in the form of congress of workers and staff members or other forms. The Company shall provide necessary conditions for the activities of the trade union.

**Article 10** The Articles of Association shall be legally binding on the Company and its capital contributors, directors, supervisors and officers.

## Chapter 2: Business Purpose and Scope

**Article 11** The business purpose of the Company is: adhering to the core concept of "making the best use of resources and serving the construction", with science and technology innovation as a guide, to optimize and integrate the industry and social resources, to adhere to the road of recycling economy, to vigorously promote the consolidation and reorganization, structural adjustment and energy conservation of cement, glass and other industries, to vigorously develop new materials, new energy-efficient housing, new energy materials and cutting-edge technology and complete sets of equipment, to provide high quality products and services to the rural and urban development, urban construction, energy-efficient and land-saving buildings and national key projects, and to strive to build an innovation performance oriented, resource saving and environmentally friendly, socially responsible enterprise, to become an internationally competitive industry pacesetter, and to contribute to the sustainable development of the industry and society.

**Article 12** The business scope of the Company is: manufacture, sales, technology research and development and services, overall contracting of engineering and engineering design of building material products, building materials and related

industry equipments as well as supporting raw and auxiliary materials; design, manufacture, sales and engineering contracting of complete sets of housing using new building materials; design and construction of decoration materials factory and building engineering; investment, asset management, trade and logistics at home and abroad, technology consulting, information services and exhibition services in building materials and related fields; organizing member entities to produce and sell non-metallic minerals.

## Chapter 3: Capital Contributors

**Article 13** The capital contribution of the Company is solely made by the State, and the State-owned Assets Supervision and Administration Commission (hereinafter referred to as the SASAC) performs the duties of the capital contributor on behalf of the State Council.

**Article 14** The Company has no shareholders' meeting, and the SASAC shall exercise the following authority pursuant to *the Company Law, Regulations* and other laws and administrative regulations.

(1) Making decisions on the Company's operation guidelines, approving the Company's main business and adjustment scheme, and reviewing the Company's development strategy and plans from the perspective of central enterprises layout and structural adjustment;

(2) Appointing and replacing the directors who are not the representatives of the staff members, making decisions on the matters concerning the remunerations of such directors, and evaluating the performance of the board of directors and the directors;

(3) Appointing the board of supervisors on behalf of the State Council pursuant to relevant provisions;

(4) Approving the reports of the board of directors;

(5) Approving the reports of the board of supervisors;

(6) Approving the annual financial final accounts plans of the Company and carrying out records management of the annual financial budget plans of the Company;

(7) Approving the profit distribution plans and loss recovery plans of the Company;

3

(8) Making decisions on the increase or decrease of the Company's registered capital;

(9) Approving the issuance of corporate bonds;

(10) Making decisions on the merger, division, dissolution or liquidation of the Company or on the change of the corporate form;

(11) Formulating or approving the Company's Articles of Association and the modification of the Articles of Association;

(12) Approving the matters concerning the transfer of State-owned property rights of non-listed companies, the transfer of State-owned shares of listed companies, gratuitous transfer of State-owned property rights and disposition of Company's major assets, pursuant to *Law on State-Owned Assets of Enterprises*, *Interim Measures for the Administration of the Transfer of State-Owned Property Rights of Enterprises* (Decree No. 3 of the SASAC and the Ministry of Finance) and *Interim Measures for the Administration of the Transfer of Shares of Listed Companies by State-Owned Shareholders* (Decree No. 19 of the SASAC and China Securities Regulatory Commission); and approving significant accounting policies and accounting estimate change schemes of the Company;

(13) Conducting random audit on corporate annual financial final accounts and major issues and organizing economic responsibility audit work pursuant to *the Company Law*, *Audit Law of the People's Republic of China*, *Central Enterprise Financial Account Report Management Measures* (Order No. 5 of the SASAC) and *Interim Measures On Central Enterprise Economic Responsibility Audit Management* (Order No. 7 of the SASAC);

(14) Handling the matters which require the approval or the issuance of review opinions of the SASAC, in accordance with the administrative regulations and departmental rules of the State Council and its relevant departments concerning state-owned assets basic management, shareholding reform, separating secondary businesses from their core businesses, restructuring secondary businesses operations into independent companies and corporate major income distribution.

(15) Exercising other authority specified in state laws and administrative regulations.

**Article 15** The SASAC ensures that the Company enjoys its own managerial decision-making powers, and authorizes the board of directors to exercise some of the

4

capital contributor's duties and decide major matters of the Company in accordance with relevant provisions.

The SASAC exercises the rights of capital contributor in accordance with laws, administrative regulations and provisions of the Articles of Association, and shall not harm the interests of the Company or creditors of the Company.

## Chapter 4: Board of Directors

### Section 1: Composition, Powers and Obligations of the Board of Directors

**Article 16** The Company has a board of directors, composed of eleven (11) members, among which six (6) are outside directors and one (1) is an employee director.

The outside directors refer to the directors who are not employees of the Company. The outside directors do not hold other positions in the Company, except the position of directors and related positions in the special committee of the board of directors; the outside directors are not responsible for any executive affairs.

The members of the board of directors shall be appointed by the SASAC; among them the employee director shall be from the representatives of the Company and be elected by the staff members through democratic election.

**Article 17** The term of office of a director of the Company shall be subject to a maximum of three years. The term of office of a director may be renewed upon expiry thereof in the case of re-appointment or successful re-election.

Where a new appointment (new election for employee director) is not held in a timely manner upon expiry of the term of office of a director, or where the number of the members of the board of directors is less than the quorum due to the resignation of one or more directors during their term of office, such former director(s) shall continue to perform the director's duties in accordance with laws, administrative regulations and the Company's Articles of Association until the newly-appointed (or newly-elected) director(s) take office.

**Article 18** The board of directors shall be accountable to the SASAC and exercises the following powers pursuant to *the Company Law* and the authorization of SASAC:

5

(1) Making decisions on the annual operation objective and the operation objective during the term of office and reporting to the SASAC for the record;

(2) Making decisions on the operation plans, investment and financing plans of the Company, approving the Company's tradable financial asset investment and non-principal business investment projects;

(3) Approving the annual financial budget plans of the Company, and reporting to the SASAC for the record;

(4) Formulating the annual financial final accounts of the Company, and reporting to the SASAC for approval;

(5) Formulating the profit distribution plans and loss recovery plans of the Company;

(6) Formulating the plans on the increase or reduction of the registered capital of the Company, and on the issuance of corporate bonds;

(7) Formulating the plans on the merger, division, dissolution of the Company, or change of the Company form;

(8) Formulating the draft Articles of Association of the Company and the modification proposal thereof;

(9) Appointing or dismissing the general manager of the Company; making appraisal of the general manager and making decisions on the remuneration of the general manager; employing or dismissing the vice general manager, chief accountant of the Company according to the general manager's suggestion; making decisions on the remuneration of the vice general manager, chief accountant and general counsel according to the general manager's suggestion; appointing or dismissing the secretary of the board of directors according to the chairman's nomination, making appraisal of the secretary and making decisions of the remuneration thereof;

(10) Making decisions on the setting-up of the internal management bodies of the Company, and on the formation and cancellation of branches of the Company;

(11) Formulating the fundamental management systems of the Company;

(12) Making decisions on the development strategies and medium and long-term development plan of the Company according to the review opinions of the SASAC, and supervising the implementation of such strategies and plans; making decisions on the annual major fixed asset investment plan as well as the equity investment plan and submitting to the SASAC for the record;

6

(13) Making decisions on the risk management system of the Company, formulating the Company's important accounting policies and accounting estimate change program, reviewing the Company's internal audit reports, making decisions on the leading person of the Company's internal audit department, and on hiring or dismissal of the accounting firm responsible for the auditing of the Company's financial accounting reports and its remunerations, and on the cap of the Company's asset-liability ratio, and carrying out an overall monitoring of the Company's risks;

(14) Making decisions on the overall strategy and system of the Company's salary distribution;

(15) Performing the duties of asset-benefited, making major decisions, appointing directors and supervisors to the invested enterprises (including wholly-owned subsidiaries, holding subsidiaries and major joint stock subsidiaries (enterprises) ) and other shareholder's duties according to law;

(16) Hearing the work report of the general manager, supervising and urging, and inspecting the implementation of board resolutions;

(17) Approving the mortgage, pledge or guarantee for external obligations of the Company's major assets;

(18) Approving the Company's contributions and sponsor schemes except for those that shall be approved by the SASAC, and submitting to the SASAC for the record;

(19) Making decisions on the restructuring and reform of the Company's internal major business;

(20) Establishing the operation mechanism associated with the board of supervisors, submitting the corporate annual work report and related documents, and reporting with copies of relevant materials according to the requirements of the board of supervisors, urging and supervising the correction and improvement required by the board of supervisors;

(21) Exercising the powers of capital contributor as authorized by the SASAC; and

(22) Exercising other powers specified in laws and administrative regulations.

**Article 19** The board of directors shall perform the following obligations:

(1) Implementing the decisions of the SASAC, being responsible for the capital contributor and protecting the interests of the Company;

(2) Reporting the annual work to the SASAC;

(3) Providing truthful, accurate and comprehensive financial and operational information to the SASAC, providing the information such as the actual compensations of directors and managers, and procedures and methods of the nomination, employment and dismissal of managers;

(4) Safeguarding the legitimate rights and interests of the Company's employees, creditors and users; and

(5) Ensuring the implementation of state laws and administrative regulations in the Company.

**Article 20** The board of directors shall establish a scientific, democratic and efficient decision-making mechanism on major matters; and shall formulate rules of procedure for the board of directors.

**Article 21** The Company's board of directors shall have one (1) chairman and one (1) vice-chairman. The chairman and vice-chairman shall be appointed by the SASAC from the members of the board of directors.

**Article 22** The chairman of the board of directors shall exercise the following powers:

(1) Determining topics of meetings of the board of directors;

(2) Convening and presiding over meetings of the board of directors;

(3) Organizing, formulating and implementing rules and regulations operated by the board of directors, and coordinating operation of the board of directors;

(4) Signing important documents of the board of directors;

(5) Supervising and urging and inspecting implementation of resolutions of the board of directors, listening to reports of management and administration of the Company;

(6) Being responsible for communications between the board of directors and the SASAC, reporting to the SASAC on behalf of the board of directors;

(7) Making a special decision on the Company's major affairs under an emergency situation when force majeure or a major crisis occurs and it is impossible to convene a timely board meeting and reporting to the board of directors afterwards ; and

(8) Exercising other powers authorized by the board of directors.

**Section 2: Meetings of the Board of Directors**

8

**Article 23** The chairman of the board of directors shall convene and preside over meetings of the board of directors. If the chairman is unable to perform his/her duties due to special reasons, he or she shall appoint another director to convene and preside over the meetings instead; if the chairman fails to perform his/her duties, a director jointly elected by more than half of all the directors or designated by the SASAC shall convene and preside over the meetings.

**Article 24** The board of directors shall convene at least four regular meetings annually, one time quarterly. The first meeting may be delayed appropriately according to the actual circumstances.

All the directors, the board of supervisors and other attending staff shall be notified ten days before a regular meeting is held.

Under any of the following circumstances, the chairman of the board shall sign and issue the notice of convening an interim board meeting within three (3) working days after receiving the proposal, and convene and preside over the board meeting within seven (7) working days:

(1) The proposal is made by one-third or more directors;

(2) The proposal is made by the board of supervisors;

(3) The chairman finds it necessary; and

(4) The SASAC finds it necessary.

The method of noticing and the time limit shall be separately provided by the board of directors.

The notice shall cover the time, place, meeting period, agenda, topic of the meeting and the date of notice.

**Article 25** A meeting of the board of directors can be held only when more than half of all the directors present.

Resolutions of the board of directors are divided into common resolutions and special resolutions. In voting on a resolution of the board of directors, one person shall be entitled to only one vote. A common resolution of the board of directors shall be passed by more than half of all the directors; and a special resolution of the board of directors shall be passed by more than two thirds of all the directors.

When the board of directors reviews the items set out in the Item 6 , 7, and 8 of Article 18 of the Articles of Association, it shall be passed as a special resolution; for the other items, they shall be passed as common resolutions.

9

**Article 26** For significant matters subject to decisions of the board of directors, all the directors, board of supervisors and other attending personnel shall be notified according to the time limit specified in the Articles of Association, and related information/materials shall be provided.

When one-third or more of the directors or two or more outside directors think the information/materials is insufficient or the argument is unclear, they can jointly propose to delay the board meeting or delay the discussion of topics of the board meeting in writing, and the board of directors shall adopt the proposal.

**Article 27** The board meetings shall generally be held in the form of on-site meetings. Under special circumstances, with the preconditions that the directors can be ensured to fully express their views and if the chairman of the board agrees, it can be held in the form of conference call or other means and a resolution can be made.

**Article 28** The director shall present at the board meeting in person. When a director cannot present at the meeting in person due to special reasons, the director may present a letter of authorization to appoint another director to attend and vote on his/her behalf. The letter of authorization shall clearly specify the scope of authorization.

When a director, for two consecutive times, does not attend the board meetings in person, nor does he or she appoint another director, or when a director does not attend more than 3/4 of the board meetings within one year, the director shall be deemed unable to perform the duties of a director, and thus the board of directors (or the board of supervisors) shall propose to the SASAC to dismiss the director.

**Article 29** Minutes shall be prepared by the board of directors for the matters discussed at the meeting. The minutes shall include the date and location of the meeting, name of the presiding person, names of the directors presenting at the meeting, the agenda and topics of the meeting, key points of the directors' speech, the voting methods and results of the resolution (the number of consent, objection or abstention votes and the voters' names). The secretary of the board of directors shall make records of the meeting and form the minutes of the meeting. The directors presenting at the meeting and the secretary of the board of directors shall sign their names on the minutes. The secretary of the board of directors shall be responsible for filing and keeping the records and minutes of the meetings. The custody period is 20 years.

## Section 3: Special Committees of the Board of Directors

**Article 30** The board of directors shall set up a strategy and investment committee, a nomination committee, a remuneration and appraisal committee, and an audit and risk management committee. The board may also set up other special committees according to the actual needs. The special committees of the board are special organizations under the board of directors and shall provide advices and suggestions for the major decisions of the board of directors. Unless authorized by the board, a special committee is not entitled to make decisions. The board may set up a non-permanent expert advisory agency composed of relevant experts and scholars, to provide professional advices to the Company.

**Article 31** The special committee of the board of directors shall be composed of the Company's directors, and the members shall be elected by the board of directors and be accountable to the board of directors. The convener shall be nominated by the chairman of the board and approved by the board of directors.

**Article 32** The strategy and investment committee shall be responsible for formulating the Company's development strategies and medium-and-long-term development plans; researching on the major investment and financing projects approved by the board of directors, restructure and transfer of the equity held by the Company, enterprise reform and the like and making proposals to the board of directors.

The strategy and investment committee shall be composed of six (6) directors, among which three (3) shall be outside directors, and the chairman of the board of directors shall serve as the convener.

**Article 33** The nomination committee shall be mainly responsible for researching criteria, procedures and methods for selecting the Company's general manager and other officers and providing proposals to the board of directors; carrying out investigation on the vice-general manager and chief accountant candidates nominated by the general manager and the board secretary candidate nominated by the chairman of the board and providing investigation opinions to the board of directors; carrying out investigation on the director, supervisor candidates of the subsidiaries and the general manager candidate of the subsidiary enterprise without a board of directors under authorization of the board of directors, and providing recommendation opinions to the board of directors. The nomination

committee shall be composed of eight (8) directors, four (4) of which shall be outside directors, and the chairman shall serve as the convener.

**Article 34** The remuneration and appraisal committee shall be mainly responsible for formulating the assessment criterion, performance evaluation procedures as well as compensation and reward and punishment methods for the Company's general manager, vice-general manager and chief accountant and submitting the same to the board of directors; assessing the performance of duties of the Company's general manager, vice-general manager and chief accountant and conducting performance evaluation thereon; formulating the compensation solution of the general manager, reviewing the compensation solution of the vice-general manager and chief accountant provided by the general manager and providing proposals to the board of directors.

The remuneration and appraisal committee shall be composed of four (4) outside directors, wherein one (1) of them serves as the convener, who shall be nominated by the chairman of the board and be reviewed and approved by the board of directors.

**Article 35** The audit and risk management committee shall be mainly responsible for the assessment and supervision of the Company's risk management system and for the effective operation of the internal control system; giving suggestions on the hiring or replacement of the external audit institution and proposing the remuneration plan of them; instructing and supervising the work of the Company's internal audit institution.

The audit and risk management committee shall be composed of four (4) outside directors, wherein one (1) of them serves as the convener, who shall be nominated by the chairman of the board and be reviewed and approved by the board of directors.

The members of the audit committee shall have considerable knowledge of accounting, financial management and laws.

**Article 36** Each director shall fully express his/her opinions and reach a consensus with each other to the greatest extent when the special committees of the board of directors perform their functions and powers. When opinion is divided, each different opinion shall be submitted to the board of directors with an explanation.

The special committees may hire intermediaries with the consent of the board of directors, and the fees shall be borne by the Company.

12

**Article 37** The special committees of the board shall formulate the working rules which specify the composition, duties, working pattern, meeting procedures and otherwise, and the rules shall be implemented after being approved by the board of directors.

## Section 4: Secretary of the Board of Directors

**Article 38** The Company shall have one (1) secretary of the board of directors, who shall be nominated by the chairman of the board, and the board of directors shall make decisions on the appointment or dismissal of the secretary of the board of directors.

A director or other officer of the Company may concurrently hold the post of the secretary of the board of directors of the Company.

**Article 39** The Company shall establish a director board office as a permanent institution of the board of directors. The secretary of the board of directors shall be responsible for the work of the director board office.

**Article 40** Duties of the secretary of the board of directors are as follows:

(1) Being responsible for preparing for meetings of the board of directors, and for the proposals and materials of the meetings;

(2) Attending meetings of the board of directors as a non-voting participant and being responsible for preparing minutes of meetings of the board of directors;

(3) Preparing and filing documents required to be produced by the board of directors;

(4) Being responsible for the information communication and contact with the directors;

(5) Being responsible for the service to the work of the board of directors and special committees;

(6) Being responsible for disclosing relevant information of the Company;

(7) Making the operation of the board of directors in accordance with laws, regulations and the Company's Articles of Association and other relevant provisions; and

(8) Other duties conferred by the board of directors.

## Section 5 Rights, Obligations and Responsibilities of the Directors

13

**Article 41** The director shall have the following rights during their term of office:

(1) Learning the Company related information for exercising director's rights;

(2) Attending the board meeting, fully expressing their opinions on the board meeting and exercising the voting right to the voting issues;

(3) Making supplementary requests to the documents and materials filed to the board meeting;

(4) Proposing to convene an interim board meeting according to the Articles of the Association;

(5) Receiving the remuneration and allowance according to the relevant provisions;

(6) Enjoying the treatment of travel and work when performing their duties according to the relevant provisions;

(7) Reporting the relevant situation to the SASAC; and

(8) Other rights specified in the laws and administrative regulations.

**Article 42** A director shall assume the following obligations:

(1) Paying attention to the business and affairs of the Company and devoting sufficient time and energy to perform the directors' duties in a prudent and diligent manner;

(2) Attending the board meetings and other activities of the board of directors, learning adequate information in time, and taking a vote in an independent and prudent manner;

(3) Complying with the provisions of laws, administrative regulations and the Articles of Association, adhering to the principle of good faith, and shall not seek for the interests of his/her own or others by taking advantage of his/her position and powers;

(4) Faithfully performing their duties, safeguarding the interests of capital contributors and the Company, and protecting the Company's trade secrets; and

The director shall still assume relevant obligations within a certain period after he/she steps down as the director, according to the service agreement of directors.

**Article 43** The director is prohibited from doing any of the following acts:

(1) Misappropriating funds of the Company or loaning funds of the Company to others without authorization;

(2) Opening an account in his/her own name or the name of any other individual to deposit funds of the Company;

(3) Using the Company's property to provide guarantee for others in violation of the Company's Articles of Association;

(4) Concluding contracts or making deals with the Company without the consent of the SASAC;

(5) Seeking, for the benefit of his/her own or others, any business opportunity that belongs to the Company by taking advantage of his/her powers, and operating for his/her own or for others any business that is of the same type with that of the Company that he or she serves;

(6) Accepting commissions for the transactions between others and the Company;

(7) Disclosing the Company's trade secrets without authorization; or

(8) Committing other acts in violation of his/her obligation of loyalty to the Company.

The income gained from any of the acts listed in the preceding paragraph shall belong to the Company.

No directors may, by abusing their powers, take any bribe or other illegal gains, or encroach on the property of the Company.

**Article 44** An outside director shall not have any relationship that might affect the impartial performance of outside directors. The outside directors and their immediate families shall not hold a post in the Company or its wholly-owned subsidiaries or holding subsidiaries in the recent two years, and shall not conduct business activities related to the Company, nor do they hold any shares of the enterprises invested by the Company, or have a post in the entity maintaining direct or potential competitive relationship with the Company's principal businesses.

**Article 45** A director shall undertake the director's liability for any of the following acts:

(1) Violating the directors' duties specified in laws, administrative regulations or the Company's Articles of Association and causing damages to the Company;

(2) A resolution of the board of directors is in violation of laws, administrative regulations or the Company's Articles of Association and causes losses to the Company, where the director who participates in the resolution is unable to prove that he or she has voted no.

**Article 46** The director shall bear the liability of directors in the following manners:

(1)Economic compensation. The compensation is the Company's direct economic loss due to the director's liability, or the compensation the Company pays to the third party as a result of holding joint liability;

(2)Dismiss of the post of directors;

(3)Elimination of influences and others.

## Chapter 5: General Manager

**Article 47** The Company shall have one (1) general manager, who shall be appointed or dismissed by the board of directors; and have several vice-general managers to assist the general manager, who shall be nominated by the general manager and appointed or dismissed by the board of directors.

**Article 48** The general manager shall be accountable to the board of directors and shall exercise the following powers pursuant to *the Company Law*, the Articles of Association and the authorization of the board of directors:

(1) Taking charge of management of production and business operations of the Company, and organizing implementation of resolutions of the board of directors;

(2) Formulating and organizing implementation of annual operation plans, financing plans and investment plans of the Company;

(3) Formulating financial budget plans and final account plans of the Company;

(4) Drafting profit distribution plans and loss recovery plans of the Company;

(5) Drafting employee income distribution plans of the Company;

(6) Drafting plans on setting-up of internal management bodies of the Company;

(7) Drafting fundamental management systems of the Company and formulating specific regulations of the Company;

(8) Drafting reform, restructuring plans and asset disposal plans;

(9) Proposing to appoint or dismiss vice general manager(s), chief accountant and other officers of the Company to the board of directors;

(10) Making decisions on the appointment or dismissal of the persons in charge of management other than those whose appointment or dismissal shall be subject to the decision of the board of directors;

(11) Coordinating operations and management of the subsidiaries;

(12) Offering the Company's opinions in exercising the powers of a shareholder on the invested enterprises on benefits of assets, major decisions and selection of main responsible persons; and

(13) Exercising other powers conferred by the Company's Articles of Association and the board of directors.

**Article 49** The general manager, vice-general manager, chief accountant, when performing their duties, shall not change the board resolution or go beyond the scope of their duties. They shall exercise the duty of loyalty and diligence according to laws, administrative regulations and the Company's Articles of Association.

The Item 1, 3 and 4 of Article 42 and Article 43 of the Articles of Association shall apply to the general manager and other officers of the Company.

**Article 50** The non-director general manager shall attend meetings of the board of directors as a non-voting participant.

**Article 51** The Company shall make decisions on the important issues in the Company's production, operation and management, and practice the general manager working conference system. The general manager shall formulate the working rules and implement the rules after approval by the board meeting.

The general manager shall report the execution and implementation of major contracts of the Company, and the use of funds and profit and loss pursuant to the requirements of the board of directors and the board of supervisors in time, and he or she shall be responsible for the authenticity, objectivity and comprehensiveness of the report.

**Article 52** The general manager may resign before the expiration of the term. The specific procedures and methods of the general manager's resignation shall be specified by the contract between the Company and the general manager.

**Article 53** The board of directors may dismiss the general manager under any of the following situations:

(1) He or she is found unsuitable to continue serving as the general manager due to age or health reasons;

(2) His or her individual capabilities and behaviors do not meet the Company's development needs and moral ethics;

(3) His or her operation violates the provisions of laws, regulations, the Articles of Association or clearly harms the legitimate interests of the capital contributors and the

17

Company, or causes significant losses to the Company due to business decision-making errors;

(4) He or she leaves office without notice or approval; and

(5) Other circumstances specified in *the Company Law* under which he or she is not suitable to continue serving as general manager.

## Chapter 6: The Board of Supervisors

**Article 54** The board of supervisors shall be appointed by the SASAC and conducts supervision over the maintenance and appreciation of values of state-owned assets. The members of the board of supervisors shall be composed of supervisors appointed by the SASAC and representatives of the staff. Among them two (2) are representatives of the staff, who are elected democratically by the staff members. The chairman of the board of supervisors shall be appointed by the SASAC.

**Article 55** The board of supervisors shall exercise the supervision duties pursuant to *the Company Law*, *Interim Regulations on the Boards of Supervisors in State-owned Enterprises* and related provisions.

## Chapter 7: Democratic Management and Labor Management

**Article 56** The Company shall carry out democratic management through employee representative congress or in other forms according to the Constitution, relevant laws and administrative regulations.

**Article 57** The Company shall establish the employment system, salary distribution system, labor insurance system, welfare and social security system suitable for the specific situation in the Company, pursuant to *the Labor Law of the People's Republic of China* and other related laws and administrative regulations.

**Article 58** The Company shall implement the labor contract system and enter into labor contracts with employees.

**Article 59** The Company shall listen to the opinions and recommendations of the Company's trade union and employees when deciding on major issues on the Company's production and management, formulating important rules and regulations, and deciding on issues involving the personal interests of staff and workers such as the salary, benefits, safety production, labor protection and labor insurance. In

18

accordance with laws, administrative regulations and relevant state regulations, if deliberation and approval of the Company's employee representative congress or employees' congress are required, such requirement shall be met.

## Chapter 8: Finance, Accounting System and Audit

**Article 60** The Company shall establish its own financial and accounting systems and internal audit system in accordance with laws and administrative regulations.

**Article 61** The fiscal year of the Company shall be based on the Gregorian calendar system, i.e. a fiscal year commences from January 1 and ends on December 31 of a Gregorian calendar year.

The Company shall use RMB as its functional currency for book keeping in accounting practices, and the accounts shall be prepared in Chinese.

**Article 62** The Company shall prepare financial reports within one hundred and twenty (120) days after the end of each fiscal year according to laws and administrative regulations.

The financial and accounting reports of the Company shall be audited by an accounting firm and get approval of the board of directors of the Company through deliberation.

**Article 63** The Company shall allocate ten percent (10%) of the after-tax profit to its statutory common reserve fund. The Company is not required to do so once the cumulative amount of the statutory common reserve fund reaches fifty percent (50%) or more of the Company's registered capital.

**Article 64** After the Company has made up the losses and drawn the statutory common reserve fund, it may, with approval of the SASAC, extract discretionary common reserve fund.

**Article 65** The use of the common reserve fund of the Company is limited to the following:

(1) Covering the losses;

(2) Expanding the production and operation of the Company;

(3) Converting into the registered capital of the Company;

The capital reserve fund shall not be used to cover the losses of the Company.

19

Where the statutory common reserve fund is converted into capital, the amount thereof remaining after the conversion shall not be less than twenty percent (25%) of the registered capital of the Company before the increase.

**Article 66** The Company shall establish an internal audit system, employ full time auditors and supervise internally through auditing pursuant to the provisions of *Interim Regulations on Central Enterprise Internal Audit Management Measures*.

The internal audit systems of the Company and the duties of auditors shall be implemented after approval by the board of directors. The internal audit department shall be subject to the guidance and supervision by the audit committee of the board of directors. Leading persons of the audit department shall report to the general manager and the audit committee of the board of directors.

### Chapter 9: Merger, Division, Termination and Liquidation of the Company

**Article 67** The plan of merge or division of the Company shall be formulated by the SASAC, or formulated by the board of directors of the Company and submitted to the SASAC for approval.

**Article 68** The term of operation of the Company is permanent existence.

**Article 69** Under any of the following circumstances, the Company shall be dissolved and liquidation shall be carried out according to law:

(1) The SASAC decides to dissolve the Company;

(2) Dissolution is required by a merge or division of the Company;

(3) The business license of the Company is revoked, or the Company is ordered to close down or is removed, in accordance with the law; or

(4) A people's court decides to dissolve the Company pursuant to *the Company Law*.

**Article 70** Where the Company is dissolved, a liquidation group shall be formed to commence liquidation of the Company pursuant to the provisions of *the Company Law*; after completion of the Company liquidation, the liquidation group shall prepare a liquidation report which shall be submitted to the shareholders for confirmation, and to the relevant Company registration authority for the purpose of applying for Company deregistration and for the public announcement on Company termination.

## Chapter 10: Supplementary Provisions

**Article 71** The Articles of Association is formulated by the board of directors of the Company, and shall go into effect after approval by the SASAC.

**Article 72** The Company shall modify the Articles of Association under any of the following circumstances:

(1) After the modification of *the Company Law* or relevant laws and administrative regulations, the provisions of the Articles of Association are in conflict with the modified laws and administrative regulations;

(2) There are significant changes in the matters stipulated by the Articles of Association;

(3) The SASAC decides to modify the Articles of Association.

The modification of the Articles of Association of the Company shall submit to the SASAC for approval. An amendment registration shall be made where there are changes of the Company's registered particulars.

**Article 73** For the purpose of the Articles of Association, officers refer to the general manager, vice general manager, chief accountant, secretary of the board of directors and general counsel of the Company.

**Article 74** The figures used following the terms of "not less than", "not more than" in the Articles of Association include those figures themselves.

**Article 75** The right to interpret the Articles of Association resides in the SASAC.

# EXHIBIT C



最新修正版

中华人民共和国

公司法

法律出版社



ISBN 978-7-5118-5841-2

9 787511 858412 >

定价：5.00元

中华人民共和国

公司法

法律出版社

图书在版编目（CIP）数据

中华人民共和国公司法：最新修正版.—北京：
法律出版社，2014.1
ISBN 978-7-5118-5841-2

I.①中… II.①法… III.①公司法—中国 IV.
①D922.291.91

中国版本图书馆 CIP 数据核字（2013）第 314691 号

# 目　　录

中华人民共和国主席令（第八号）………………………（ 1 ）

全国人民代表大会常务委员会关于修改《中华人民共和
国海洋环境保护法》等七部法律的决定（节录）………（ 3 ）

中华人民共和国公司法 ………………………………（ 6 ）

©法律出版社·中国

出版/法律出版社
总发行/中国法律图书有限公司
印刷/北京蓝语彩色印刷有限责任公司

编辑统筹/法规出版分社
经销/新华书店
责任印制/吕亚莉

开本/850 毫米×1168 毫米 1/32　　印张/2　字数/38 千
版本/2014 年 1 月第 1 版　　印次/2014 年 1 月第 1 次印刷

法律出版社/北京市丰台区莲花池西里 7 号（100073）
电子邮件/info@lawpress.com.cn　　销售热线/010-63939792/9779
网址/www.lawpress.com.cn　　咨询电话/010-63939796

中国法律图书有限公司/北京市丰台区莲花池西里 7 号（100073）
全国各地中法图分·子公司电话：
第一法律书店/010-63939781/9782　西安分公司/029-85388843　重庆分公司/023-63582816/2508
上海分公司/021-62071010/1656　北京分公司/010-62354456　深圳分公司/0755-83072995
书号:ISBN 978-7-5118-5841-2　定价:5.00 元
（如有缺页或倒装，中国法律图书有限公司负责退换）

# 中华人民共和国主席令

第八号

《全国人民代表大会常务委员会关于修改〈中华人民共和国海洋环境保护法〉等七部法律的决定》已由中华人民共和国第十二届全国人民代表大会常务委员会第六次会议于2013年12月28日通过，现予公布。

《全国人民代表大会常务委员会关于修改〈中华人民共和国海洋环境保护法〉等七部法律的决定》对《中华人民共和国海洋环境保护法》、《中华人民共和国药品管理法》、《中华人民共和国计量法》、《中华人民共和国渔业法》、《中华人民共和国海关法》、《中华人民共和国烟草专卖法》所作的修改，自公布之日起施行；对《中华人民共和国公司法》所作的修改，自2014年3月1日起施行。

中华人民共和国主席　习近平

2013年12月28日

# 全国人民代表大会常务委员会关于修改《中华人民共和国海洋环境保护法》等七部法律的决定（节录）

（2013 年 12 月 28 日第十二届全国人民代表大会常务委员会第六次会议通过）

第十二届全国人民代表大会常务委员会第六次会议决定：

……

七、对《中华人民共和国公司法》作出修改

（一）删去第七条第二款中的"实收资本"。

（二）将第二十三条第二项修改为："（二）有符合公司章程规定的全体股东认缴的出资额"。

（三）将第二十六条修改为："有限责任公司的注册资本为在公司登记机关登记的全体股东认缴的出资额。

"法律、行政法规以及国务院决定对有限责任公司注册资本实缴、注册资本最低限额另有规定的，从其规定。"

（四）删去第二十七条第三款。

（五）删去第二十九条。

（六）将第三十条改为第二十九条，修改为："股东认足公

本决定对《中华人民共和国海洋环境保护法》《中华人民共和国药品管理法》《中华人民共和国计量法》《中华人民共和国渔业法》《中华人民共和国烟草专卖法》所作的修改，自公布之日起施行；对《中华人民共和国烟草专卖法》所作的修改，自 2014 年 3 月 1 日起施行。

《中华人民共和国海洋环境保护法》《中华人民共和国药品管理法》《中华人民共和国计量法》《中华人民共和国渔业法》《中华人民共和国烟草专卖法》《中华人民共和国公司法》根据本决定作相应修改，重新公布。

5

司章程规定的出资后，由全体股东指定的代表或者共同委托的代理人向公司登记机关报送公司登记申请书、公司章程等文件，申请设立登记。"

（七）删去第三十二条第三款中的"及其出资额"。

（八）删去第五十九条第一款。

（九）将第七十七条改为第七十六条，并将第二项修改为：
"（二）有符合公司章程规定的全体发起人认购的股本总额或者募集的实收股本总额"。

（十）将第八十一条改为第八十条，并将第一款修改为：
"股份有限公司采取发起设立方式设立的，注册资本为在公司登记机关登记的全体发起人认购的股本总额。在发起人认购的股份缴足前，不得向他人募集股份。"

第三款修改为："法律、行政法规以及国务院决定对股份有限公司注册资本实缴、注册资本最低限额另有规定的，从其规定。"

（十一）将第八十四条改为第八十三条，并将第一款修改为：
"以发起设立方式设立股份有限公司的，发起人应当书面认足公司章程规定认购的股份，并按照公司章程规定缴纳出资。以非货币财产出资的，应当依法办理其财产权的转移手续。"

第三款修改为："发起人认足公司章程规定的出资后，应当选举董事会和监事会，由董事会向公司登记机关报送公司章程以及法律、行政法规规定的其他文件，申请设立登记。"

（十二）删去第一百七十八条第三款。

此外，对条文顺序作相应调整。

4

# 中华人民共和国公司法

(1993年12月29日第八届全国人民代表大会常务委员会第五次会议通过 根据1999年12月25日第九届全国人民代表大会常务委员会第十三次会议《关于修改〈中华人民共和国公司法〉的决定》第一次修正 根据2004年8月28日第十届全国人民代表大会常务委员会第十一次会议《关于修改〈中华人民共和国公司法〉的决定》第二次修正 2005年10月27日第十届全国人民代表大会常务委员会第十八次会议修订 根据2013年12月28日第十二届全国人民代表大会常务委员会第六次会议《关于修改〈中华人民共和国海洋环境保护法〉等七部法律的决定》第三次修正)

## 目　录

第一章　总　则
第二章　有限责任公司的设立和组织机构
　第一节　设　立
　第二节　组织机构
　第三节　一人有限责任公司的特别规定
　第四节　国有独资公司的特别规定
第三章　有限责任公司的股权转让
第四章　股份有限公司的设立和组织机构
　第一节　设　立
　第二节　股东大会
　第三节　董事会、经理
　第四节　监　事　会
　第五节　上市公司组织机构的特别规定
第五章　股份有限公司的股份发行和转让
　第一节　股份发行
　第二节　股份转让
第六章　公司董事、监事、高级管理人员的资格和义务
第七章　公司债券
第八章　公司财务、会计
第九章　公司合并、分立、增资、减资
第十章　公司解散和清算
第十一章　外国公司的分支机构
第十二章　法律责任
第十三章　附　则

## 第一章　总　则

第一条　为了规范公司的组织和行为,保护公司、股东和债权人的合法权益,维护社会经济秩序,促进社会主义市场经

济的发展，制定本法。

第二条　本法所称公司是指依照本法在中国境内设立的有限责任公司和股份有限公司。

第三条　公司是企业法人，有独立的法人财产，享有法人财产权。公司以其全部财产对公司的债务承担责任。

有限责任公司的股东以其认缴的出资额为限对公司承担责任；股份有限公司的股东以其认购的股份为限对公司承担责任。

第四条　公司股东依法享有资产收益、参与重大决策和选择管理者等权利。

第五条　公司从事经营活动，必须遵守法律、行政法规，遵守社会公德、商业道德，诚实守信，接受政府和社会公众的监督，承担社会责任。

公司的合法权益受法律保护，不受侵犯。

第六条　设立公司，应当依法向公司登记机关申请设立登记。符合本法规定的设立条件的，由公司登记机关分别登记为有限责任公司或者股份有限公司；不符合本法规定的设立条件的，不得登记为有限责任公司或者股份有限公司。

法律、行政法规规定设立公司必须报经批准的，应当在公司登记前依法办理批准手续。

公众可以向公司登记机关申请查询公司登记事项，公司登记机关应当提供查询服务。

第七条　依法设立的公司，由公司登记机关发给公司营业执照。公司营业执照签发日期为公司成立日期。

8

公司营业执照应当载明公司的名称、住所、注册资本、经营范围、法定代表人姓名等事项。

公司营业执照记载的事项发生变更的，公司应当依法办理变更登记，由公司登记机关换发营业执照。

第八条　依照本法设立的有限责任公司或者股份有限公司，必须在公司名称中标明有限责任公司或者有限责任公司字样。

依照本法设立的股份有限公司，必须在公司名称中标明股份有限公司或者股份公司字样。

第九条　有限责任公司变更为股份有限公司，应当符合本法规定的股份有限公司的条件。股份有限公司变更为有限责任公司，应当符合本法规定的有限责任公司的条件。

有限责任公司变更为股份有限公司的，或者股份有限公司变更为有限责任公司的，公司变更前的债权、债务由变更后的公司承继。

第十条　公司以其主要办事机构所在地为住所。

第十一条　设立公司必须依法制定公司章程。公司章程对公司、股东、董事、监事、高级管理人员具有约束力。

第十二条　公司的经营范围由公司章程规定，并依法登记。公司可以修改公司章程，改变经营范围，但是应当办理变更登记。

公司的经营范围中属于法律、行政法规规定须经批准的项目，应当依法经过批准。

第十三条　公司法定代表人依照公司章程的规定，由董事长、执行董事或者经理担任，并依法登记。公司法定代表人变更，公司应当办理变更登记。

9

工会提供必要的活动条件。公司工会代表职工就职工的劳动报酬、工作时间、福利、保险和劳动安全卫生等事项依法与公司签订集体合同。

公司依照法律和有关法律的规定，通过职工代表大会或者其他形式，实行民主管理。

公司研究改定改制以及经营方面的重大问题、制定重要的规章制度时，应当听取公司工会的意见，并通过职工代表大会或者其他形式听取职工的意见和建议。

第十九条 在公司中，根据中国共产党章程的规定，设立中国共产党的组织，开展党的活动。公司应当为党组织的活动提供必要条件。

第二十条 公司股东应当遵守法律、行政法规和公司章程，依法行使股东权利，不得滥用股东权利损害公司或者其他股东的利益；不得滥用公司法人独立地位和股东有限责任损害公司债权人的利益。

公司股东滥用股东权利给公司或者其他股东造成损失的，应当依法承担赔偿责任。

公司股东滥用公司法人独立地位和股东有限责任，逃避债务，严重损害公司债权人利益的，应当对公司债务承担连带责任。

第二十一条 公司的控股股东、实际控制人、董事、监事、高级管理人员不得利用其关联关系损害公司利益。

违反前款规定，给公司造成损失的，应当承担赔偿责任。

第二十二条 公司股东会或者股东大会、董事会的决议内

11

更，应当办理变更登记。

第十四条 公司可以设立分公司。设立分公司，应当向公司登记机关申请登记，领取营业执照。分公司不具有法人资格，其民事责任由公司承担。

公司可以设立子公司，子公司具有法人资格，依法独立承担民事责任。

第十五条 公司可以向其他企业投资；但是，除法律另有规定外，不得成为对所投资企业的债务承担连带责任的出资人。

第十六条 公司向其他企业投资或者为他人提供担保，依照公司章程的规定，由董事会或者股东会、股东大会决议；公司章程对投资或者担保的总额及单项投资或者担保的数额有限额规定的，不得超过规定的限额。

公司为公司股东或者实际控制人提供担保的，必须经股东会或者股东大会决议。

前款规定的股东或者受前款规定的实际控制人支配的股东，不得参加前款规定事项的表决。该项表决由出席会议的其他股东所持表决权的过半数通过。

第十七条 公司必须保护职工的合法权益，依法与职工签订劳动合同，参加社会保险，加强劳动保护，实现安全生产。

公司应当采用多种形式，加强公司职工的职业教育和岗位培训，提高职工素质。

第十八条 公司职工依照《中华人民共和国工会法》组织工会，开展工会活动，维护职工合法权益。公司应当为本公司

10

内容违反法律、行政法规的无效。

股东会或者股东大会、董事会的会议召集程序、表决方式违反法律、行政法规或者公司章程，或者决议内容违反公司章程的，股东可以自决议作出之日起六十日内，请求人民法院撤销。

股东依照前款规定提起诉讼的，人民法院可以应公司的请求，要求股东提供相应担保。

公司根据股东会或者股东大会、董事会决议已办理变更登记的，人民法院宣告该决议无效或者撤销该决议后，公司应当向公司登记机关申请撤销变更登记。

第二章　有限责任公司的设立和组织机构

第一节　设　立

第二十二条　设立有限责任公司，应当具备下列条件：
（一）股东符合法定人数；
（二）有符合公司章程规定的全体股东认缴的出资额；
（三）股东共同制定公司章程；
（四）有公司名称，建立符合有限责任公司要求的组织机构；
（五）有公司住所。

第二十三条　有限责任公司由五十个以下股东出资设立。

第二十四条　有限责任公司

12

第二十五条　有限责任公司章程应当载明下列事项：
（一）公司名称和住所；
（二）公司经营范围；
（三）公司注册资本；
（四）股东的姓名或者名称；
（五）股东的出资方式、出资额和出资时间；
（六）公司的机构及其产生办法、职权、议事规则；
（七）公司法定代表人；
（八）股东会会议认为需要规定的其他事项。
股东应当在公司章程上签名、盖章。

第二十六条　有限责任公司的注册资本为在公司登记机关登记的全体股东认缴的出资额。
法律、行政法规以及国务院决定对有限责任公司注册资本实缴、注册资本最低限额另有规定的，从其规定。

第二十七条　股东可以用货币出资，也可以用实物、知识产权、土地使用权等可以用货币估价并可以依法转让的非货币财产作价出资；但是，法律、行政法规规定不得作为出资的财产除外。
对作为出资的非货币财产应当评估作价，核实财产，不得高估或者低估作价。法律、行政法规对评估作价有规定的，从其规定。

第二十八条　股东应当按期足额缴纳公司章程中规定的各自所认缴的出资额。股东以货币出资的，应当将货币出资足额存入有限责任公司在银行开设的账户；以非货币财产出资

13

的，应当依法办理其财产权的转移手续。

股东不按照前款规定缴纳出资的，除应当向公司足额缴纳外，还应当向已按期足额缴纳出资的股东承担违约责任。

第二十九条 股东认足公司章程规定的出资后，由全体股东指定的代表或者共同委托的代理人向公司登记机关报送公司登记申请书、公司章程等文件，申请设立登记。

第三十条 有限责任公司成立后，发现作为设立公司的非货币财产的实际价额显著低于公司章程所定价额的，应当由交付该出资的股东补足其差额；公司设立时的其他股东承担连带责任。

第三十一条 有限责任公司成立后，应当向股东发出资证明书。

出资证明书应当载明下列事项：

（一）公司名称；
（二）公司成立日期；
（三）公司注册资本；
（四）股东的姓名或者名称、缴纳的出资额和出资日期；
（五）出资证明书的编号和核发日期。

出资证明书由公司盖章。

第三十二条 有限责任公司应当置备股东名册，记载下列事项：

（一）股东的姓名或者名称及住所；
（二）股东的出资额；
（三）出资证明书编号。

14

记载于股东名册的股东，可以依股东名册主张行使股东权利。

公司应当将股东的姓名或者名称及其出资额向公司登记机关登记；登记事项发生变更的，应当办理变更登记。未经登记或者变更登记的，不得对抗第三人。

第三十三条 股东有权查阅、复制公司章程、股东会会议记录、董事会会议决议、监事会会议决议和财务会计报告。

股东可以要求查阅公司会计账簿。股东要求查阅公司会计账簿的，应当向公司提出书面请求，说明目的。公司有合理根据认为股东查阅会计账簿有不正当目的，可能损害公司合法利益的，可以拒绝提供查阅，并应当自股东提出书面请求之日起十五日内书面答复股东并说明理由。公司拒绝提供查阅的，股东可以请求人民法院要求公司提供查阅。

第三十四条 股东按照实缴的出资比例分取红利；公司新增资本时，股东有权优先按照实缴的出资比例认缴出资。但是，全体股东约定不按照出资比例分取红利或者不按照出资比例优先认缴出资的除外。

第三十五条 公司成立后，股东不得抽逃出资。

第二节　组　织　机　构

第三十六条 有限责任公司股东会由全体股东组成。股东会是公司的权力机构，依照本法行使职权。

第三十七条 股东会行使下列职权：

15

（一）决定公司的经营方针和投资计划；

（二）选举和更换非由职工代表担任的董事、监事，决定有关董事、监事的报酬事项；

（三）审议批准董事会的报告；

（四）审议批准监事会或者监事的报告；

（五）审议批准公司的年度财务预算方案、决算方案；

（六）审议批准公司的利润分配方案和弥补亏损方案；

（七）对公司增加或者减少注册资本作出决议；

（八）对发行公司债券作出决议；

（九）对公司合并、分立、解散、清算或者变更公司形式作出决议；

（十）修改公司章程；

（十一）公司章程规定的其他职权。

对前款所列事项股东以书面形式一致表示同意的，可以不召开股东会会议，直接作出决定，并由全体股东在决定文件上签名、盖章。

第三十八条 首次股东会会议由出资最多的股东召集和主持，依照本法规定行使职权。

第三十九条 股东会会议分为定期会议和临时会议。

定期会议应当按照公司章程的规定按时召开。代表十分之一以上表决权的股东、三分之一以上的董事、监事或者不设监事会的公司的监事提议召开临时会议的，应当召开临时会议。

第四十条 有限责任公司设立董事会的，股东会会议由董

事会召集，董事长主持；董事长不能履行职务或者不履行职务的，由副董事长主持；前置董事长不能履行职务或者不履行职务的，由半数以上董事共同举举一名董事主持。

有限责任公司不设董事会的，股东会会议由执行董事召集和主持。

董事会或者执行董事不能履行或者不设监事会的公司的监事召集和主持，监事会或者监事不召集和主持的，代表十分之一以上表决权的股东可以自行召集和主持。

第四十一条 召开股东会会议，应当于会议召开十五日前通知全体股东；但是，公司章程另有规定或者全体股东另有约定的除外。

股东应当对所议事项的决定作成定录，出席会议的股东应当在会议记录上签名。

第四十二条 股东会会议由股东按照出资比例行使表决权；但是，公司章程另有规定的除外。

第四十三条 股东会的议事方式和表决程序，除本法有规定的外，由公司章程规定。

股东会会议作出修改公司章程、增加或者减少注册资本的决议，以及公司合并、分立、解散或者变更公司形式的决议，须经代表三分之二以上表决权的股东通过。

第四十四条 有限责任公司设董事会，其成员为三人至十三人；但是，本法第五十条另有规定的除外。

两个以上的国有企业或者两个以上的国有投资主体

投资设立的有限责任公司，其董事会成员中应当有公司职工代表，其他有限责任公司董事会成员中可以有公司职工代表。董事会中的职工代表由公司职工通过职工代表大会、职工大会或者其他形式民主选举产生。

董事会设董事长一人，可以设副董事长。董事长、副董事长的产生办法由公司章程规定。

第四十五条　董事任期由公司章程规定，但每届任期不得超过三年。董事任期届满，连选可以连任。

董事任期届满未及时改选，或者董事在任期内辞职导致董事会成员低于法定人数的，在改选出的董事就任前，原董事仍应当依照法律、行政法规和公司章程的规定，履行董事职务。

第四十六条　董事会对股东会负责，行使下列职权：

（一）召集股东会会议，并向股东会报告工作；

（二）执行股东会的决议；

（三）决定公司的经营计划和投资方案；

（四）制订公司的年度财务预算方案、决算方案；

（五）制订公司的利润分配方案和弥补亏损方案；

（六）制订公司增加或者减少注册资本以及发行公司债券的方案；

（七）制订公司合并、分立、解散或者变更公司形式的方案；

（八）决定公司内部管理机构的设置；

（九）决定聘任或者解聘公司经理及其报酬事项，并根据经理的提名决定聘任或者解聘公司副经理、财务负责人及其报酬事项；

18

酬事项；

（十）制定公司的基本管理制度；

（十一）公司章程规定的其他职权。

第四十七条　董事会会议由董事长召集和主持；董事长不能履行职务或者不履行职务的，由副董事长召集和主持；副董事长不能履行职务或者不履行职务的，由半数以上董事共同推举一名董事召集和主持。

第四十八条　董事会的议事方式和表决程序，除本签有规定的外，由公司章程规定。

董事会应当对所议事项的决定作成会议记录，出席会议的董事应当在会议记录上签名。

董事会议决议的表决，实行一人一票。

第四十九条　有限责任公司可以设经理，由董事会决定聘任或者解聘。经理对董事会负责，行使下列职权：

（一）主持公司的生产经营管理工作，组织实施董事会决议；

（二）组织实施公司年度经营计划和投资方案；

（三）拟订公司内部管理机构设置方案；

（四）拟订公司的基本管理制度；

（五）制定公司的具体规章；

（六）提请聘任或者解聘公司副经理、财务负责人；

（七）决定聘任或者解聘除应由董事会决定聘任或者解聘以外的负责管理人员；

（八）董事会授予的其他职权。

19

职权：

（一）检查公司财务；

（二）对董事、高级管理人员执行公司职务的行为进行监督，对违反法律、行政法规、公司章程或者股东会决议的董事、高级管理人员提出罢免的建议；

（三）当董事、高级管理人员的行为损害公司的利益时，要求董事、高级管理人员予以纠正；

（四）提议召开临时股东会会议，在董事会不履行本法规定的召集和主持股东会会议职责时召集和主持股东会会议；

（五）向股东会会议提出提案；

（六）依照本法第一百五十一条的规定，对董事、高级管理人员提起诉讼；

（七）公司章程规定的其他职权。

第五十四条　监事可以列席董事会会议，并对董事会决议事项提出质询或者建议。

监事会不设董事会发现公司经营情况异常，可以进行调查；必要时，可以聘请会计师事务所等协助其工作，费用由公司承担。

第五十五条　监事会每年度至少召开一次会议，监事可以提议召开临时监事会会议。

监事会的议事方式和表决程序，除本法有规定的外，由公司章程规定。

监事会决议应当经半数以上监事通过。

监事会应当对所议事项的决定作成会议记录，出席会议的

公司章程对经理职权另有规定的，从其规定。

经理列席董事会会议。

第五十条　股东人数较少或者规模较小的有限责任公司，可以设一名执行董事，不设董事会。执行董事可以兼任公司经理。

执行董事的职权由公司章程规定。

第五十一条　有限责任公司设监事会，其成员不得少于三人。股东人数较少或者规模较小的有限责任公司，可以设一至二名监事，不设监事会。

监事会应当包括股东代表和适当比例的公司职工代表，其中职工代表的比例不得低于三分之一，具体比例由公司章程规定。监事会中的职工代表由公司职工通过职工代表大会、职工大会或者其他形式民主选举产生。

监事会设主席一人，由全体监事过半数选举产生。监事会主席召集和主持监事会会议；监事会主席不能履行职务或者不履行职务的，由半数以上监事共同推举一名监事召集和主持监事会会议。

董事、高级管理人员不得兼任监事。

第五十二条　监事的任期每届为三年。监事任期届满，连选可以连任。

监事任期届满未及时改选，或者监事在任期内辞职导致监事会成员低于法定人数的，在改选出的监事就任前，原监事仍应当依照法律、行政法规和公司章程的规定，履行监事职务。

第五十三条　监事会不设董事会的公司的监事行使下列

第四节　国有独资公司的特别规定

第六十四条　国有独资公司的设立和组织机构,适用本节规定;本节没有规定的,适用本章第一节、第二节的规定。

本法所称国有独资公司,是指国家单独出资、由国务院或者地方人民政府授权本级人民政府国有资产监督管理机构履行出资人职责的有限责任公司。

第六十五条　国有独资公司章程由国有资产监督管理机构制定,或者由董事会制订报国有资产监督管理机构批准。

第六十六条　国有独资公司不设股东会,由国有资产监督管理机构行使股东会职权。国有资产监督管理机构可以授权公司董事会行使股东会的部分职权,决定公司的重大事项,但公司的合并、分立、解散、增加或者减少注册资本和发行公司债券,必须由国有资产监督管理机构决定;其中,重要的国有独资公司的合并、分立、解散、申请破产的,应当由国有资产监督管理机构审核后,报本级人民政府批准。

前款所称重要的国有独资公司,按照国务院的规定确定。

第六十七条　国有独资公司设董事会,依照本法第四十六条、第六十六条的规定行使职权。董事每届任期不得超过三年。董事会成员中应当有公司职工代表。

董事会成员由国有资产监督管理机构委派;但是,董事会成员中的职工代表由公司职工代表大会选举产生。

董事会设董事长一人,可以设副董事长。董事长、副董事

23

监事应当在会议记录上签名。

第五十六条　监事会、不设监事会的公司的监事行使职权所必需的费用,由公司承担。

第三节　一人有限责任公司的特别规定

第五十七条　一人有限责任公司的设立和组织机构,适用本节规定;本节没有规定的,适用本章第一节、第二节的规定。

本法所称一人有限责任公司,是指只有一个自然人股东或者一个法人股东的有限责任公司。

第五十八条　一个自然人只能投资设立一个一人有限责任公司。该一人有限责任公司不能投资设立新的一人有限责任公司。

第五十九条　一人有限责任公司应当在公司登记中注明自然人独资或者法人独资,并在公司营业执照中载明。

第六十条　一人有限责任公司章程由股东制定。

第六十一条　一人有限责任公司不设股东会。股东作出本法第三十八条第一款所列决定时,应当采用书面形式,并由股东签名后置备于公司。

第六十二条　一人有限责任公司应当在每一会计年度终了时编制财务会计报告,并经会计师事务所审计。

第六十三条　一人有限责任公司的股东不能证明公司财产独立于自己财产的,应当对公司债务承担连带责任。

22

长由国有资产监督管理机构从董事会成员中指定。

第六十八条　国有独资公司设经理，由董事会聘任或者解聘。经理依照本法第四十九条规定行使职权。

经国有资产监督管理机构同意，董事会成员可以兼任经理。

第六十九条　国有独资公司的董事长、副董事长、董事、高级管理人员，未经国有资产监督管理机构同意，不得在其他有限责任公司、股份有限公司或者其他经济组织兼职。

第七十条　国有独资公司监事会成员不得少于五人，其中职工代表的比例不得低于三分之一，具体比例由公司章程规定。

监事会成员由国有资产监督管理机构委派；但是，监事会成员中的职工代表由公司职工代表大会选举产生。监事会主席由国有资产监督管理机构从监事会成员中指定。

监事会行使本法第五十三条第（一）项至第（三）项规定的职权和国务院规定的其他职权。

第三章　有限责任公司的股权转让

第七十一条　有限责任公司的股东之间可以相互转让其全部或者部分股权。

股东向股东以外的人转让股权，应当经其他股东过半数同意。股东应就其股权转让事项书面通知其他股东征求同意，其

24

他股东自接到书面通知之日起满三十日未答复的，视为同意转让。其他股东半数以上不同意转让的，不同意的股东应当购买该转让的股权；不购买的，视为同意转让。

经股东同意转让的股权，在同等条件下，其他股东有优先购买权。两个以上股东主张行使优先购买权的，协商确定各自的购买比例；协商不成的，按照转让时各自的出资比例行使优先购买权。

公司章程对股权转让另有规定的，从其规定。

第七十二条　人民法院依照法律规定的强制执行程序转让股东的股权时，应当通知公司及全体股东，其他股东在同等条件下有优先购买权。其他股东自人民法院通知之日起满二十日不行使优先购买权的，视为放弃优先购买权。

第七十三条　依照本法第七十一条、第七十二条转让股权后，公司应当注销原股东的出资证明书，向新股东签发出资证明书，并相应修改公司章程和修改后的名称及其出资额的记载。对公司章程的该项修改不需再由股东会表决。

第七十四条　有下列情形之一的，对股东会该项决议投反对票的股东可以请求公司按照合理的价格收购其股权。

（一）公司连续五年不向股东分配利润，而公司该五年连续盈利，并且符合本法规定的分配利润条件的；

（二）公司合并、分立、转让主要财产的；

（三）公司章程规定的营业期限届满或者章程规定的其他解散事由出现，股东会会议通过决议修改章程使公司存续的。

（四）股东会会议决议通过之日起六十日内，股东与公司不能达成股权收购协议的，股东可以自股东会会议决议通过之日起九十日内向人民法院提起诉讼。

第七十五条 自然人股东死亡后，其合法继承人可以继承股东资格；但是，公司章程另有规定的除外。

第四章 股份有限公司的设立和组织机构

第一节 设立

第七十六条 设立股份有限公司，应当具备下列条件：
（一）发起人符合法定人数；
（二）有符合公司章程规定的全体发起人认购的股本总额或者募集的实收股本总额；
（三）股份发行、筹办事项符合法律规定；
（四）发起人制订公司章程，采用募集方式设立的经创立大会通过；
（五）有公司名称，建立符合股份有限公司要求的组织机构；
（六）有公司住所。

第七十七条 股份有限公司的设立，可以采取发起设立或者募集设立的方式。

发起设立，是指由发起人认购公司应发行的全部股份而设

立公司。

募集设立，是指由发起人认购公司应发行股份的一部分，其余股份向社会公开募集或者向特定对象募集而设立公司。

第七十八条 设立股份有限公司，应当有二人以上二百人以下为发起人，其中须有半数以上的发起人在中国境内有住所。

第七十九条 股份有限公司发起人承担公司筹办事务。

发起人应当签订发起人协议，明确各自在公司设立过程中的权利和义务。

第八十条 股份有限公司采取发起设立方式设立的，注册资本为在公司登记机关登记的全体发起人认购的股本总额。在发起人认购的股份缴足前，不得向他人募集股份。

股份有限公司采取募集方式设立的，注册资本为公司登记机关登记的实收股本总额。

法律、行政法规以及国务院决定对股份有限公司注册资本实缴、注册资本最低限额另有规定的，从其规定。

第八十一条 股份有限公司章程应当载明下列事项：
（一）公司名称和住所；
（二）公司经营范围；
（三）公司设立方式；
（四）公司股份总数、每股金额和注册资本；
（五）发起人的姓名或者名称、认购的股份数、出资方式和出资时间；
（六）董事会的组成、职权和议事规则；

第八十六条　招股说明书应当附有发起人制订的公司章程，并载明下列事项：

（一）发起人认购的股份数；

（二）每股的票面金额和发行价格；

（三）无记名股票的发行总数；

（四）募集资金的用途；

（五）认股人的权利、义务；

（六）本次募股的截止期限及逾期未募足时认股人可以撤回所认股份的说明。

第八十七条　发起人向社会公开募集股份，应当由依法设立的证券公司承销，签订承销协议。

第八十八条　发起人向社会公开募集股份，应当同银行签订代收股款协议。

代收股款的银行应当按照协议代收和保存股款，向缴纳股款的认股人出具收款单据，并负有向有关部门出具收款证明的义务。

第八十九条　发行股份的股款缴足后，必须经依法设立的验资机构验资并出具证明。发起人应当自股款缴足之日起三十日内主持召开公司创立大会。创立大会由发起人、认购人组成。

发行的股份超过招股说明书规定的截止期限尚未募足的，或者发行股款缴足后，发起人在三十日内未召开创立大会的，认股人可以按照所缴股款并加算同期存款利息，要求发起人返还。

（七）公司法定代表人；

（八）监事会的组成、职权和议事规则；

（九）公司利润分配办法；

（十）公司的解散事由与清算办法；

（十一）公司的通知和公告办法；

（十二）股东大会认为需要规定的其他事项。

第八十二条　发起人的出资方式，适用本法第二十七条的规定。

第八十三条　以发起设立方式设立股份有限公司的，发起人应当书面认足公司章程规定其认购的股份，并按照公司章程规定缴纳出资。以非货币财产出资的，应当依法办理其财产权的转移手续。

发起人不依照前款规定缴纳出资的，应当按照发起人协议承担违约责任。

发起人认足公司章程规定的出资后，应当选举董事会和监事会，由董事会向公司登记机关报送公司章程以及法律、行政法规规定的其他文件，申请设立登记。

第八十四条　以募集设立方式设立股份有限公司的，发起人认购的股份不得少于公司股份总数的百分之三十五；但是，法律、行政法规另有规定的，从其规定。

第八十五条　发起人向社会公开募集股份，必须公告招股说明书，并制作认股书。认股书应当载明本法第八十六条所列事项，由认股人填写认购股数、金额、住所，并签名、盖章。认股人按照所认购股数缴纳股款。

第九十条　发起人应当在创立大会召开十五日前将会议日期通知各认股人或者予以公告。创立大会应有代表股份总数过半数的发起人、认股人出席，方可举行。

创立大会行使下列职权：

（一）审议发起人关于公司筹办情况的报告；

（二）通过公司章程；

（三）选举董事会成员；

（四）选举监事会成员；

（五）对公司的设立费用进行审核；

（六）对发起人用于抵作股款的财产的作价进行审核；

（七）发生不可抗力或者经营条件发生重大变化直接影响公司设立的，可以作出不设立公司的决议。

创立大会对前款所列事项作出决议，必须经出席会议的认股人所持表决权过半数通过。

第九十一条　发起人、认股人缴纳股款或者交付抵作股款的出资后，除未按期募足股份、发起人未按期召开创立大会或者创立大会决议不设立公司的情形外，不得抽回其股本。

第九十二条　董事会应于创立大会结束后三十日内，向公司登记机关报送下列文件，申请设立登记：

（一）公司登记申请书；

（二）创立大会的会议记录；

（三）公司章程；

（四）验资证明；

（五）法定代表人、董事、监事的任职文件及其身份证明；

30

（六）发起人的法人资格证明或者自然人身份证明；

（七）公司住所证明。

以募集方式设立股份有限公司公开发行股票的，还应当向公司登记机关报送国务院证券监督管理机构的核准文件。

第九十三条　股份有限公司成立后，发起人未按期缴足股款的，应当补缴；其他发起人承担连带责任。

股份有限公司成立后，发现作为设立公司出资的非货币财产的实际价额显著低于公司章程所定价额的，应当由交付出资的发起人补足其差额；其他发起人承担连带责任。

第九十四条　股份有限公司的发起人应当承担下列责任：

（一）公司不能成立时，对设立行为所产生的债务和费用负连带责任；

（二）公司不能成立时，对认股人已缴纳的股款，负返还股款并加算银行同期存款利息的连带责任；

（三）在公司设立过程中，由于发起人的过失使公司利益受到损害的，应当对公司承担赔偿责任。

第九十五条　有限责任公司变更为股份有限公司时，折合的实收股本总额不得高于公司净资产额。有限责任公司变更为股份有限公司，为增加资本公开发行股份时，应当依法办理。

第九十六条　股份有限公司应当将公司章程、股东名册、公司债券存根、股东大会会议记录、董事会会议记录、监事会会议记录、财务会计报告置备于本公司。

第九十七条　股东有权查阅公司章程、股东名册、公司债券存根、股东大会会议记录、董事会会议决议、监事会会议决

31

议，财务会计报告，对公司的经营提出建议或者质询。

## 第二节 股 东 大 会

第九十八条 股份有限公司股东大会由全体股东组成。股东大会是公司的权力机构，依照本法行使职权。

第九十九条 本法第三十七条第一款关于有限责任公司股东会职权的规定，适用于股份有限公司股东大会。

第一百条 股东大会应当每年召开一次年会。有下列情形之一的，应当在两个月内召开临时股东大会：

（一）董事人数不足本法规定人数或者公司章程所定人数的三分之二时；

（二）公司未弥补的亏损达实收股本总额三分之一时；

（三）单独或者合计持有公司百分之十以上股份的股东请求时；

（四）董事会认为必要时；

（五）监事会提议召开时；

（六）公司章程规定的其他情形。

第一百零一条 股东大会会议由董事会召集，董事长主持；董事长不能履行职务或者不履行职务的，由副董事长主持；副董事长不能履行职务或者不履行职务的，由半数以上董事共同推举一名董事主持。

董事会不能履行或者不召集股东大会会议职责的，监事会应当及时召集和主持；监事会不召集和主持的，连续九十

32

日以上单独或者合计持有公司百分之十以上股份的股东可以自行召集和主持。

第一百零二条 召开股东大会议，应当将会议召开的时间、地点和审议的事项于会议召开二十日前通知各股东；临时股东大会应当于会议召开十五日前通知各股东；发行无记名股票的，应当于会议召开三十日前公告会议召开的时间、地点和审议事项。

单独或者合计持有公司百分之三以上股份的股东，可以在股东大会召开十日前提出临时提案并书面提交董事会；董事会应当在收到提案后二日内通知其他股东，并将该临时提案提交股东大会审议。临时提案的内容应当属于股东大会职权范围，并有明确的议题和具体决议事项。

股东大会不得对前两款通知中未列明的事项作出决议。

无记名股票持有人出席股东大会的，应当于会议召开五日前至股东大会闭会时将股票交存于公司。

第一百零三条 股东出席股东大会，所持每一股份有一表决权。但是，公司持有的本公司股份没有表决权。

股东大会作出决议，必须经出席会议的股东所持表决权过半数通过。但是，股东大会作出修改公司章程、增加或者减少注册资本的决议，以及公司合并、分立、解散或者变更公司形式的决议，必须经出席会议的股东所持表决权的三分之二以上通过。

第一百零四条 本法和公司章程规定公司转让、受让重大资产或者对外提供担保等事项必须经股东大会作出决议的，董

33

本法第四十六条关于有限责任公司董事会职权的规定，适用于股份有限公司董事会。

第一百零九条 董事会设董事长一人，可以设副董事长。董事长和副董事长由董事会以全体董事的过半数选举产生。

董事长行使下列职权，检查董事会决议的实施情况。

副董事长协助董事长工作；董事长不能履行职务或者不履行职务的，由副董事长履行职务；副董事长不能履行职务或者不履行职务的，由半数以上董事共同推举一名董事履行职务。

第一百一十条 董事会每年度至少召开两次会议，每次会议应当于会议召开十日前通知全体董事和监事。

代表十分之一以上表决权的股东，三分之一以上董事或者监事会，可以提议召开董事会临时会议。董事长应当自接到提议后十日内，召集和主持董事会会议。

董事会召开临时会议，可以另定召集董事会的通知方式和通知时限。

第一百一十一条 董事会作出决议，必须经全体董事的过半数通过。

董事会决议的表决，实行一人一票。

第一百一十二条 董事会会议，应由董事本人出席；董事因故不能出席，可以书面委托其他董事代为出席，委托书中应载明授权范围。

董事会应当对会议所议事项的决定作成会议记录，出席会议的董事应当在会议记录上签名。

董事应当对董事会的决议承担责任。董事会的决议违反

35

份会应当及时召集股东大会时召集股东大会会议，由股东大会会议就上述事项进行表决。

第一百零五条 股东大会选举董事、监事，可以依照公司章程的规定或者股东大会的决议，实行累积投票制。

本法所称累积投票制，是指股东大会选举董事或者监事时，每一股份拥有与应选董事或者监事人数相同的表决权，股东拥有的表决权可以集中使用。

第一百零六条 股东可以委托代理人出席股东大会会议，代理人应当向公司提交股东授权委托书，并在授权范围内行使表决权。

第一百零七条 股东大会应当对所议事项的决定作成会议记录，主持人、出席会议的董事在会议记录上签名。会议记录应当与出席股东的签名册及代理出席的委托书一并保存。

第三节 董事会、经理

第一百零八条 股份有限公司设董事会，其成员为五人至十九人。

董事会成员中可以有公司职工代表。董事会中的职工代表由公司职工通过职工代表大会、职工大会或者其他形式民主选举产生。

本法第四十五条关于有限责任公司董事任期的规定，适用于股份有限公司董事。

34

会议，监事会主席不能履行职务或者不履行职务的，由监事会副主席召集和主持监事会议；监事会副主席不能履行职务或者不履行职务的，由半数以上监事共同推举一名监事召集和主持监事会议。

董事、高级管理人员不得兼任监事。

本法第五十二条关于有限责任公司监事任期的规定，适用于股份有限公司监事。

第一百一十八条　本法第五十三条、第五十四条关于有限责任公司监事会职权的规定，适用于股份有限公司监事会。

监事行使职权所必需的费用，由公司承担。

第一百一十九条　监事会每六个月至少召开一次会议。监事可以提议召开临时监事会议。

监事会的议事方式和表决程序，除本法有规定的外，由公司章程规定。

监事会决议应当经半数以上监事通过。

监事会应当对所议事项的决定作成会议记录，出席会议的监事应当在会议记录上签名。

第五节　上市公司组织机构的
特别规定

第一百二十条　本法所称上市公司，是指其股票在证券交易所上市交易的股份有限公司。

第一百二十一条　上市公司在一年内购买、出售重大资产

法律、行政法规或者公司章程，致使公司遭受严重损失的，参与决议的董事对公司负赔偿责任。但经证明在表决时曾表明异议并记载于会议记录的，该董事可以免除责任。

第一百二十三条　股份有限公司设经理，由董事会决定聘任或者解聘。

本法第四十九条关于有限责任公司经理职权的规定，适用于股份有限公司经理。

第一百二十四条　公司董事会可以决定由董事会成员兼任经理。

第一百二十五条　公司不得直接或者通过子公司向董事、监事、高级管理人员提供借款。

第一百二十六条　公司应当定期向股东披露董事、监事、高级管理人员从公司获得报酬的情况。

第四节　监　事　会

第一百二十七条　股份有限公司设监事会，其成员不得少于三人。

监事会应当包括股东代表和适当比例的公司职工代表，其中职工代表的比例不得低于三分之一，具体比例由公司章程规定。监事会中的职工代表由公司职工通过职工代表大会、职工大会或者其他形式民主选举产生。

监事会设主席一人，可以设副主席。监事会主席和副主席由全体监事过半数选举产生。监事会主席召集和主持监事会

第一百二十六条 股份的发行，实行公平、公正的原则，同种类的每一股份应当具有同等权利。

同次发行的同种类股票，每股的发行条件和价格应当相同；任何单位或者个人所认购的股份，每股应当支付相同价额。

第一百二十七条 股票发行价格可以按票面金额，也可以超过票面金额，但不得低于票面金额。

第一百二十八条 股票采用纸面形式或者国务院证券监督管理机构规定的其他形式。

股票应当载明下列主要事项：

（一）公司名称；

（二）公司成立日期；

（三）股票种类、票面金额及代表的股份数；

（四）股票的编号。

股票由法定代表人签名，公司盖章。

发起人的股票，应当标明发起人股票字样。

第一百二十九条 公司发行的股票，可以为记名股票，也可以为无记名股票。

公司向发起人、法人发行的股票，应当为记名股票，并应当记载该发起人、法人的名称或者姓名，不得另立户名或者以代表人姓名代记。

第一百三十条 公司发行记名股票的，应当置备股东名册，记载下列事项：

（一）股东的姓名或者名称及住所；

或者担保金额超过公司资产总额百分之三十的，应当由股东大会作出决议，并经出席会议的股东所持表决权的三分之二以上通过。

第一百二十二条 上市公司设独立董事，具体办法由国务院规定。

第一百二十三条 上市公司设董事会秘书，负责公司股东大会和董事会会议的筹备、文件保管以及公司股东资料的管理，办理信息披露事务等事宜。

第一百二十四条 上市公司董事与董事会会议决议事项所涉及的企业有关联关系的，不得对该项决议行使表决权，也不得代理其他董事行使表决权。该董事会会议由过半数的无关联关系董事出席即可举行，董事会会议所作决议须经无关联关系董事人数过半数通过。出席董事会会议的无关联关系董事人数不足三人的，应当将该事项提交上市公司股东大会审议。

## 第五章 股份有限公司的
## 股份发行和转让

### 第一节 股份发行

第一百二十五条 股份有限公司的资本划分为股份，每一股份的金额相等。

公司的股份采取股票的形式。股票是公司签发的证明股东所持股份的凭证。

## 第二节　股　份　转　让

第一百三十七条　股东持有的股份可以依法转让。

第一百三十八条　股东转让其股份，应当在依法设立的证券交易场所进行或者按照国务院规定的其他方式进行。

第一百三十九条　记名股票，由股东以背书方式或者法律、行政法规规定的其他方式转让；转让后由公司将受让人的姓名或者名称及住所记载于股东名册。

股东大会召开前二十日内或者公司决定分配股利的基准日前五日内，不得进行前款规定的股东名册的变更登记。但是，法律对上市公司股东名册变更登记另有规定的，从其规定。

第一百四十条　无记名股票的转让，由股东将该股票交付给受让人后即发生转让的效力。

第一百四十一条　发起人持有的本公司股份，自公司成立之日起一年内不得转让。公司公开发行股份前已发行的股份，自公司股票在证券交易所上市交易之日起一年内不得转让。

公司董事、监事、高级管理人员应当向公司申报所持有的本公司的股份及其变动情况，在任职期间每年转让的股份不得超过其所持有本公司股份总数的百分之二十五；所持本公司股份自公司股票上市交易之日起一年内不得转让。上述人员离职后半年内，不得转让其所持有的本公司股份。公司章程可以对公司董事、监事、高级管理人员转让其所持有的本公司股份

41

（二）各股东所持股份数；

（三）各股东所持股票的编号；

（四）各股东取得股份的日期。

发行无记名股票的，公司应当记载其股票数量、编号及发行日期。

第一百三十一条　国务院可以对公司发行本法规定以外的其他种类的股份，另行作出规定。

第一百三十二条　股份有限公司成立后，即向股东正式交付股票。公司成立前不得向股东交付股票。

第一百三十三条　公司发行新股，股东大会应当对下列事项作出决议：

（一）新股种类及数额；

（二）新股发行价格；

（三）新股发行的起止日期；

（四）向原有股东发行新股的种类及数额。

第一百三十四条　公司经国务院证券监督管理机构核准公开发行新股时，必须公告新股招股说明书和非财务会计报告，并制作认股书。

本法第八十七条、第八十八条的规定适用于公司公开发行新股。

第一百三十五条　公司发行新股，可以根据公司经营情况和财务状况，确定其作价方案。

第一百三十六条　公司发行新股募足股款后，必须向公司登记机关办理变更登记，并公告。

40

作出其他限制性规定。

第一百四十二条 公司不得收购本公司股份。但是，有下列情形之一的除外：

（一）减少公司注册资本；

（二）与持有本公司股份的其他公司合并；

（三）将股份奖励给本公司职工；

（四）股东因对股东大会作出的公司合并、分立决议持异议，要求公司收购其股份的。

公司因前款第（一）项至第（三）项的原因收购本公司股份的，应当经股东大会决议。公司依照前款规定收购本公司股份后，属于第（一）项情形的，应当自收购之日起十日内注销；属于第（二）项、第（四）项情形的，应当在六个月内转让或者注销。

公司依照第一款第（三）项规定收购本公司股份，不得超过本公司已发行股份总额的百分之五；用于收购的资金应当从公司的税后利润中支出，所收购的股份应当在一年内转让给职工。

公司不得接受本公司的股票作为质押权的标的。

第一百四十三条 记名股票被盗、遗失或者灭失，股东可以依照《中华人民共和国民事诉讼法》规定的公示催告程序，请求人民法院宣告该股票失效。人民法院宣告该股票失效后，股东可以向公司申请补发股票。

第一百四十四条 上市公司的股票，依照有关法律、行政法规及证券交易所交易规则上市交易。

第一百四十五条 上市公司必须依照法律、行政法规的规定，公布其财务状况、经营情况及重大诉讼，在每会计年度内半年公布一次财务会计报告。

## 第六章 公司董事、监事、高级管理人员的资格和义务

第一百四十六条 有下列情形之一的，不得担任公司的董事、监事、高级管理人员：

（一）无民事行为能力或者限制民事行为能力；

（二）因贪污、贿赂、侵占财产、挪用财产或者破坏社会主义市场经济秩序，被判处刑罚，执行期满未逾五年，或者因犯罪被剥夺政治权利，执行期满未逾五年；

（三）担任破产清算的公司、企业的董事或者厂长、经理，对该公司、企业的破产负有个人责任的，自该公司、企业破产清算完结之日起未逾三年；

（四）担任因违法被吊销营业执照、责令关闭的公司、企业的法定代表人，并负有个人责任的，自该公司、企业被吊销营业执照之日起未逾三年；

（五）个人所负数额较大的债务到期未清偿。

公司违反前款规定选举、委派董事、监事或者聘任高级管理人员的，该选举、委派或者聘任无效。

董事、监事、高级管理人员在任职期间出现本条第一款所列情形的，公司应当解除其职务。

第一百四十七条 董事、监事、高级管理人员应当遵守法律、行政法规和公司章程，对公司负有忠实义务和勤勉义务。

董事、监事、高级管理人员不得利用职权收受贿赂或者其他非法收入，不得侵占公司的财产。

第一百四十八条 董事、高级管理人员不得有下列行为：

（一）挪用公司资金；

（二）将公司资金以其个人名义或者以其他个人名义开立账户存储；

（三）违反公司章程的规定，未经股东会、股东大会或者董事会同意，将公司资金借贷给他人或者以公司财产为他人提供担保；

（四）违反公司章程的规定或者未经股东会、股东大会同意，与本公司订立合同或者进行交易；

（五）未经股东会或者股东大会同意，利用职务便利为自己或者他人谋取属于公司的商业机会，自营或者为他人经营与所任职公司同类的业务；

（六）接受他人与公司交易的佣金归为己有；

（七）擅自披露公司秘密；

（八）违反对公司忠实义务的其他行为。

董事、高级管理人员违反前款规定所得的收入应当归公司所有。

第一百四十九条 董事、监事、高级管理人员执行公司职务时违反法律、行政法规或者公司章程的规定，给公司造成损失的，应当承担赔偿责任。

44

第一百五十条 股东会或者股东大会要求董事、监事、高级管理人员列席会议的，董事、监事、高级管理人员应当列席并接受股东的质询。

董事、高级管理人员应当如实向监事会或者不设监事会的有限责任公司的监事提供有关情况和资料，不得妨碍监事会或者监事行使职权。

第一百五十一条 董事、高级管理人员有本法第一百四十九条规定的情形的，有限责任公司的股东、股份有限公司连续一百八十日以上单独或者合计持有公司百分之一以上股份的股东，可以书面请求监事会或者不设监事会的有限责任公司的监事向人民法院提起诉讼；监事有本法第一百四十九条规定的情形的，前述股东可以书面请求董事会或者不设董事会的有限责任公司的执行董事向人民法院提起诉讼。

监事会、不设监事会的有限责任公司的监事，或者董事会、执行董事收到前款规定的股东书面请求后拒绝提起诉讼，或者自收到请求之日起三十日内未提起诉讼，或者情况紧急、不立即提起诉讼将会使公司利益受到难以弥补的损害的，前款规定的股东有权为了公司的利益以自己的名义直接向人民法院提起诉讼。

他人侵犯公司合法权益，给公司造成损失的，本条第一款规定的股东可以依照前两款的规定向人民法院提起诉讼。

第一百五十二条 董事、高级管理人员违反法律、行政法规或者公司章程的规定，损害股东利益的，股东可以向人民法院提起诉讼。

45

# 第七章 公司债券

第一百四十三条 本法所称公司债券,是指公司依照法定程序发行、约定在一定期限还本付息的有价证券。

公司发行公司债券应当符合《中华人民共和国证券法》规定的发行条件。

第一百四十四条 发行公司债券的申请经国务院授权的部门核准后,应当公告公司债券募集办法。

公司债券募集办法中应当载明下列主要事项:

(一)公司名称;

(二)债券募集资金的用途;

(三)债券总额和债券的票面金额;

(四)债券利率的确定方式;

(五)还本付息的期限和方式;

(六)债券担保情况;

(七)债券的发行价格、发行的起止日期;

(八)公司净资产额;

(九)已发行的尚未到期的公司债券总额;

(十)公司债券的承销机构。

第一百四十五条 公司以实物券方式发行公司债券的,必须在债券上载明公司名称、债券票面金额、利率、偿还期限等事项,并由法定代表人签名,公司盖章。

第一百四十六条 公司债券,可以为记名债券,也可以为无记名债券。

第一百四十七条 公司发行公司债券应当置备公司债券存根簿。

发行记名公司债券的,应当在公司债券存根簿上载明下列事项:

(一)债券持有人的姓名或者名称及住所;

(二)债券持有人取得债券的日期及债券的编号;

(三)债券总额,债券的票面金额、利率、还本付息的期限和方式;

(四)债券的发行日期。

发行无记名公司债券的,应当在公司债券存根簿上载明债券总额、利率、偿还期限和方式、发行日期及债券的编号。

第一百四十八条 记名公司债券的登记结算机构应当建立债券登记、存管、付息、兑付等相关制度。

第一百四十九条 公司债券可以转让,转让价格由转让人与受让人约定。

公司债券在证券交易所上市交易的,按照证券交易所的交易规则转让。

第一百五十条 记名公司债券,由债券持有人以背书方式或者法律、行政法规规定的其他方式转让;转让后由公司将受让人的姓名或者名称及住所记载于公司债券存根簿。

无记名公司债券的转让,由债券持有人将该债券交付给受让人后即发生转让的效力。

第一百五十一条 上市公司经股东大会决议可以发行可

润的百分之十列入公司法定公积金。公司法定公积金累计额为公司注册资本的百分之五十以上的，可以不再提取。

公司的法定公积金不足以弥补以前年度亏损的，在弥补前款规定提取法定公积金之前，应当先用当年利润弥补亏损。

公司从税后利润中提取法定公积金后，经股东会或者股东大会决议，还可以从税后利润中提取任意公积金。

公司弥补亏损和提取公积金后所余税后利润，有限责任公司依照本法第三十四条的规定分配；股份有限公司按照股东持有的股份比例分配，但股份有限公司章程规定不按持股比例分配的除外。

股东大会或者董事会违反前款规定，在公司弥补亏损和提取法定公积金之前向股东分配利润的，股东必须将违反规定分配的利润退还公司。

公司持有的本公司股份不得分配利润。

第一百六十七条　股份有限公司以超过股票面金额的发行价格为股份所得的溢价款以及国务院财政部门规定列入资本公积金的其他收入，应当列为公司资本公积金。

第一百六十八条　公司的公积金用于弥补公司的亏损、扩大公司生产经营或者转为增加公司资本。但是，资本公积金不得用于弥补公司的亏损。

法定公积金转为资本时，所留存的该项公积金不得少于转增前公司注册资本的百分之二十五。

第一百六十九条　公司聘用、解聘承办公司审计业务的会计师事务所，依照公司章程的规定，由股东会、股东大会或者董事会

49

转换为股票的公司债券的，并在公司债券募集办法中规定具体的转换办法。上市公司发行可转换为股票的公司债券，应当报国务院证券监督管理机构核准。

发行可转换为股票的公司债券，应当在债券上标明可转换公司债券字样，并在公司债券存根簿上载明可转换公司债券的数额。

第一百六十二条　发行可转换为股票的公司债券的，公司应当按照其转换办法向债券持有人换发股票，但债券持有人对转换股票或者不转换股票有选择权。

## 第八章　公司财务、会计

第一百六十三条　公司应当依照法律、行政法规和国务院财政部门的规定建立本公司的财务、会计制度。

第一百六十四条　公司应当在每一会计年度终了时编制财务会计报告，并依法经会计师事务所审计。

财务会计报告应当依照法律、行政法规和国务院财政部门的规定制作。

第一百六十五条　有限责任公司应当依照公司章程规定的期限将财务会计报告送交各股东。

股份有限公司的财务会计报告应当在召开股东大会年会的二十日前置备于本公司，供股东查阅；公开发行股票的股份有限公司必须公告其财务会计报告。

第一百六十六条　公司分配当年税后利润时，应当提取利

48

**第一百七十五条** 公司分立，其财产作相应的分割。

公司分立，应当编制资产负债表及财产清单。公司应当自作出分立决议之日起十日内通知债权人，并于三十日内在报纸上公告。

**第一百七十六条** 公司分立前的债务由分立后的公司承担连带责任。但是，公司在分立前与债权人就债务清偿达成的书面协议另有约定的除外。

**第一百七十七条** 公司需要减少注册资本时，必须编制资产负债表及财产清单。

公司应当自作出减少注册资本决议之日起十日内通知债权人，并于三十日内在报纸上公告。债权人自接到通知书之日起三十日内，未接到通知书的自公告之日起四十五日内，有权要求公司清偿债务或者提供相应的担保。

**第一百七十八条** 有限责任公司增加注册资本时，股东认缴新增资本的出资，依照本法设立有限责任公司缴纳出资的有关规定执行。

股份有限公司为增加注册资本发行新股时，股东认购新股，依照本法设立股份有限公司缴纳股款的有关规定执行。

**第一百七十九条** 公司合并或者分立，登记事项发生变更的，应当依法向公司登记机关办理变更登记；公司解散的，应当依法办理公司注销登记；设立新公司的，应当依法办理公司设立登记。

公司增加或者减少注册资本，应当依法向公司登记机关办理变更登记。

51

事会决议。

公司股东会、股东大会或者董事会聘请会计师事务所进行表决时，应当允许会计师事务所陈述意见。

**第一百七十条** 公司应当向聘用的会计师事务所提供真实、完整的会计凭证、会计账簿、财务会计报告及其他会计资料，不得拒绝、隐瞒、虚报。

**第一百七十一条** 公司除法定的会计账簿外，不得另立会计账簿。

对公司资产，不得以任何个人名义开立账户存储。

## 第九章 公司合并、分立、增资、减资

**第一百七十二条** 公司合并可以采取吸收合并或者新设合并。

一个公司吸收其他公司为吸收合并，被吸收的公司解散。两个以上公司合并设立一个新的公司为新设合并，合并各方解散。

**第一百七十三条** 公司合并，应当由合并各方签订合并协议，并编制资产负债表及财产清单。公司应当自作出合并决议之日起十日内通知债权人，并于三十日内在报纸上公告。债权人自接到通知书之日起三十日内，未接到通知书的自公告之日起四十五日内，可以要求公司清偿债务或者提供相应的担保。

**第一百七十四条** 公司合并时，合并各方的债权、债务，应当由合并后存续的公司或者新设的公司承继。

50

第十章　公司解散和清算

第一百八十条　公司因下列原因解散：

（一）公司章程规定的营业期限届满或者公司章程规定的其他解散事由出现；

（二）股东会或者股东大会决议解散；

（三）因公司合并或者分立需要解散；

（四）依法被吊销营业执照、责令关闭或者被撤销；

（五）人民法院依照本法第一百八十二条的规定予以解散。

第一百八十一条　公司有本法第一百八十条第（一）项情形的，可以通过修改公司章程而存续。

依照前款规定修改公司章程，有限责任公司须经持有三分之二以上表决权的股东通过，股份有限公司须经出席股东大会会议的股东所持表决权的三分之二以上通过。

第一百八十二条　公司经营管理发生严重困难，继续存续会使股东利益受到重大损失，通过其他途径不能解决的，持有公司全部股东表决权百分之十以上的股东，可以请求人民法院解散公司。

第一百八十三条　公司因本法第一百八十条第（一）项、第（二）项、第（四）项、第（五）项规定而解散的，应当在解散事由出现之日起十五日内成立清算组，开始清算。有限责任公司的清算组由股东组成，股份有限公司的清算组由董事或

52

者股东大会确定的人员组成。逾期不成立清算组进行清算的，债权人可以申请人民法院指定有关人员组成清算组进行清算。人民法院应当受理该申请，并及时组织清算组进行清算。

第一百八十四条　清算组在清算期间行使下列职权：

（一）清理公司财产，分别编制资产负债表和财产清单；

（二）通知、公告债权人；

（三）处理与清算有关的公司未了结的业务；

（四）清缴所欠税款以及清算过程中产生的税款；

（五）清理债权、债务；

（六）处理公司清偿债务后的剩余财产；

（七）代表公司参与民事诉讼活动。

第一百八十五条　清算组应当自成立之日起十日内通知债权人，并于六十日内在报纸上公告。债权人应当自接到通知书之日起三十日内，未接到通知书的自公告之日起四十五日内，向清算组申报其债权。

债权人申报债权，应当说明债权的有关事项，并提供证明材料。清算组应当对债权进行登记。

在申报债权期间，清算组不得对债权人进行清偿。

第一百八十六条　清算组在清理公司财产、编制资产负债表和财产清单后，应当制定清算方案，并报股东会、股东大会或者人民法院确认。

公司财产在分别支付清算费用、职工的工资、社会保险费用和法定补偿金，缴纳所欠税款，清偿公司债务后的剩余财产，

53

有限责任公司按照股东的出资比例分配，股份有限公司按照股东持有的股份比例分配。

清算期间，公司存续，但不得开展与清算无关的经营活动。公司财产在未依照前款规定清偿前，不得分配给股东。

第一百八十七条 清算组在清理公司财产、编制资产负债表和财产清单后，发现公司财产不足清偿债务的，应当依法向人民法院申请宣告破产。

公司经人民法院裁定宣告破产后，清算组应当将清算事务移交给人民法院。

第一百八十八条 公司清算结束后，清算组应当制作清算报告，报股东会、股东大会或者人民法院确认，并报送公司登记机关，申请注销公司登记，公告公司终止。

第一百八十九条 清算组成员应当忠于职守，依法履行清算义务。

清算组成员不得利用职权收受贿赂或者其他非法收入，不得侵占公司财产。

清算组成员因故意或者重大过失给公司或者债权人造成损失的，应当承担赔偿责任。

第一百九十条 公司被依法宣告破产的，依照有关企业破产的法律实施破产清算。

## 第十一章 外国公司的分支机构

第一百九十一条 本法所称外国公司是指依照外国法律在中国境外设立的公司。

第一百九十二条 外国公司在中国境内设立分支机构，必须向中国主管机关提出申请，并提交其公司章程、所属国的公司登记证书等有关文件，经批准后，向公司登记机关依法办理登记，领取营业执照。

外国公司分支机构的审批办法由国务院另行规定。

第一百九十三条 外国公司在中国境内设立分支机构，必须在中国境内指定负责该分支机构的代表人或者代理人，并向该分支机构拨付与其所从事的经营活动相适应的资金。

对外国公司分支机构的经营资金需要最低限额的，由国务院另行规定。

第一百九十四条 外国公司的分支机构应当在其名称中标明该外国公司的国籍及责任形式。

外国公司的分支机构应当在本机构中置备该外国公司章程。

第一百九十五条 外国公司在中国境内设立的分支机构不具有中国法人资格。

外国公司对其分支机构在中国境内进行经营活动承担民事责任。

第一百九十六条 经批准设立的外国公司分支机构，在中国境内从事业务活动，必须遵守中国的法律，不得损害中国的社会公共利益，其合法权益受中国法律保护。

第一百九十七条 外国公司撤销其在中国境内的分支机构时，必须依法清偿债务，依照本法有关公司清算程序的规定

管部门对直接负责的主管人员和其他直接责任人员以三万元以上三十万元以下的罚款。

第二百零三条　公司不依照本法规定提取法定公积金的，由县级以上人民政府财政部门责令如数补足应当提取的金额，可以对公司处以二十万元以下的罚款。

第二百零四条　公司在合并、分立、减少注册资本或者进行清算时，不依照本法规定通知或者公告债权人的，由公司登记机关责令改正，对公司处以一万元以上十万元以下的罚款。

公司在进行清算时，隐匿财产，对资产负债表或者财产清单作虚假记载或者在未清偿债务前分配公司财产的，由公司登记机关责令改正，对公司处以隐匿财产或者未清偿债务前分配公司财产金额百分之五以上百分之十以下的罚款；对直接负责的主管人员和其他直接责任人员处以一万元以上十万元以下的罚款。

第二百零五条　公司在清算期间开展与清算无关的经营活动的，由公司登记机关予以警告，没收违法所得。

第二百零六条　清算组不依照本法规定向公司登记机关报送清算报告，或者报送清算报告隐瞒重要事实或者有重大遗漏的，由公司登记机关责令改正。

清算组成员利用职权徇私舞弊、谋取非法收入或者侵占公司财产的，由公司登记机关责令退还公司财产，没收违法所得，并可以处以违法所得一倍以上五倍以下的罚款。

第二百零七条　承担资产评估、验资或者验证的机构提供虚假材料的，由公司登记机关没收违法所得，处以违法所得一

进行清算。未清偿债务之前，不得将其分支机构的财产移至中国境外。

# 第十二章　法　律　责　任

第一百九十八条　违反本法规定，虚报注册资本、提交虚假材料或者采取其他欺诈手段隐瞒重要事实取得公司登记的，由公司登记机关责令改正，对虚报注册资本的公司，处以虚报注册资本金额百分之五以上百分之十五以下的罚款；对提交虚假材料或者采取其他欺诈手段隐瞒重要事实的公司，处以五万元以上五十万元以下的罚款；情节严重的，撤销公司登记或者吊销营业执照。

第一百九十九条　公司的发起人、股东虚假出资，未交付或者未按期交付作为出资的货币或者非货币财产的，由公司登记机关责令改正，处以虚假出资金额百分之五以上百分之十五以下的罚款。

第二百条　公司的发起人、股东在公司成立后，抽逃其出资的，由公司登记机关责令改正，处以所抽逃出资金额百分之五以上百分之十五以下的罚款。

第二百零一条　公司违反本法规定，在法定的会计账簿以外另立会计账簿的，由县级以上人民政府财政部门责令改正，处以五万元以上五十万元以下的罚款。

第二百零二条　公司在依法向有关主管部门提供的财务会计报告等材料上作虚假记载或者隐瞒重要事实的，由有关主

信以上五倍以下的罚款，吊销营业，并可以由有关主管部门依法责令该机构停业、吊销资产评估、验资或者验证机构的执业许可证书，吊销营业执照。

承担资产评估、验资或者验证的机构因其过失提供有重大遗漏的报告的，由公司登记机关责令改正，情节较重的，处以所得收入一倍以上五倍以下的罚款，并可以由有关主管部门依法责令该机构停业、吊销直接责任人员的资格证书，吊销营业执照。

承担资产评估、验资或者验证的机构因其出具的评估结果、验资或者验证证明不实，给公司债权人造成损失的，除能够证明自己没有过错的外，在其评估或者证明不实的金额范围内承担赔偿责任。

第二百零八条　公司登记机关对不符合本法规定条件的登记申请予以登记，或者对符合本法规定条件的登记申请不予登记的，对直接负责的主管人员和其他直接责任人员，依法给予行政处分。

第二百零九条　公司登记机关的上级部门强令公司登记机关对不符合本法规定条件的登记申请予以登记，或者对符合本法规定条件的登记申请不予登记的，或者对违法登记进行包庇的，对直接负责的主管人员和其他直接责任人员依法给予行政处分。

第二百一十条　未依法登记为有限责任公司或者股份有限公司，而冒用有限责任公司或者股份有限公司名义的，或者未依法登记为有限责任公司或者股份有限公司的分公司，而冒用有限责任公司或者股份有限公司的分公司名义的，由公司登记机关责令改正或者予以取缔，可以并处十万元以下的罚款。

58

第二百二十一条　公司成立后无正当理由超过六个月未开业的，或者开业后自行停业连续六个月以上的，可以由公司登记机关吊销营业执照。

公司登记事项发生变更时，未依照本法规定办理有关变更登记的，由公司登记机关责令限期登记；逾期不登记的，处以一万元以上十万元以下的罚款。

第二百二十二条　外国公司违反本法规定，擅自在中国境内设立分支机构的，由公司登记机关责令改正或者关闭，可以并处五万元以上二十万元以下的罚款。

第二百二十三条　利用公司名义从事危害国家安全、社会公共利益的严重违法行为的，吊销营业执照。

第二百二十四条　公司违反本法规定，应当承担民事赔偿责任和缴纳罚款、罚金的，其财产不足以支付时，先承担民事赔偿责任。

第二百二十五条　违反本法规定，构成犯罪的，依法追究刑事责任。

第十三章　附　则

第二百二十六条　本法下列用语的含义：

（一）高级管理人员，是指公司的经理、副经理、财务负责人、上市公司董事会秘书和公司章程规定的其他人员。

（二）控股股东，是指其出资额占有限责任公司资本总额百分之五十以上或者其持有的股份占股份有限公司股本总额

59

百分之五十以上的股东；出资额或者持有股份的比例虽然不足百分之五十，但依其出资额或者持有的股份所享有的表决权已足以对股东会、股东大会的决议产生重大影响的股东。

（三）实际控制人，是指虽不是公司的股东，但通过投资关系、协议或者其他安排，能够实际支配公司行为的人。

（四）关联关系，是指公司控股股东、实际控制人、董事、监事、高级管理人员与其直接或者间接控制的企业之间的关系，以及可能导致公司利益转移的其他关系。但是，国家控股的企业之间不仅因为同受国家控股而具有关联关系。

第二百一十七条　外商投资的有限责任公司和股份有限公司适用本法；有关外商投资的法律另有规定的，适用其规定。

第二百一十八条　本法自 2006 年 1 月 1 日起施行。

60

**Latest Revision**



# Company Law of the People's Republic of China

**Law Press·China**

# Company Law of the People's Republic of China

Law Press·China

**Cataloguing in publication (CBP) data in the book**

Company Law of the People's Republic of China: latest revision. Beijing: Law Press•China, 2014.1

ISBN978-7-5118-5841-2

I.①China...II. III. ①Company Law — China IV.

①D922.291.91


ZGBBTSGCIPSJHZ (2013) No. 314691

Ⓒ Law Press•China· China

| Publicized by/ Law Press•China | Edited by/ Branch of Legislation Center of Law Press•China |
|---|---|
| General distributed by /China Lawbook | Franchised by/Xinhua Bookstore |
| Printed by/Beijing Jiaheng Color Printing Limited Liability Company | Responsibly printed by /Lv Yali |

| Format/ 850mmx1168mm   1/32 | Sheet/2 | Number of Words/Thirty-eight thousand |
|---|---|---|
| Version/ First version in January, 2014 | | Impression/First printing in January, 2014 |

Law Press·China/ No.7 Lianhuachi Xili, Fengtai District, Beijing (100073)

| E-mail: info@lawpress.com.cn | Sales hotline/ 010-63939792/9779 |
|---|---|
| Website/ www.lawpress.com.cn | Tel./010-63939796 |

China Lawbook/No.7 Lianhuachi Xili, Fengtai District, Beijing (100073)

Telephone numbers of branch offices and subsidiaries of China Lawbook across the country:

First Law Bookstore/010-63939781/9782 Branch in Xi'an/029-85388843 Branch in Chongqin/023-65382816/2908 Branch in Shanghai/021-62071010/1636 Branch in Beijing/010-62534456 Branch in Shenzhen/0755-83072995

Book No.: ISBN 978-7-5118-5841-2        Price: RMB 5

(In the case of missing page or inversion, China Lawbook shall be responsible for exchanging)

# Contents

Order No.8 of the President of the People's Republic of China.........................(1)

Decision of the Standing Committee of National People's Congress on Amending Seven Laws Including *Marine Environment Protection Law of the People's Republic of China* (excerpt)..................................................................................(3)

Company Law of the People's Republic of China.......................................(6)

# Order No.8 of the President of the People's Republic of China

*Decision of the Standing Committee of National People's Congress on Amending Seven Laws Including Marine Environment Protection Law of the People's Republic of China* has been adopted at the 6th Meeting of the Standing Committee of Twelfth People's Congress on December 28, 2013 and now is promulgated.

Amending of *Marine Environment Protection Law of the People's Republic of China, the Drug Administration Law of the People's Republic of China, Metrology Law of the People's Republic of China, Fisheries Law of the Peoples Republic of China, Customs Law of the Peoples Republic of China, Law of the People's Republic of China on Tobacco Monopoly* in *Decision of the Standing Committee of National People's Congress on Amending Seven Laws Including Marine Environment Protection Law of the People's Republic of China* upon shall come into force upon promulgation; amending of Company Law of the People's Republic of China shall be effective as of March 1, 2014.

President of the People's Republic of China, Xi Jinping

December 28, 2013

# Decision of the Standing Committee of National People's Congress on Amending Seven Laws Including *Marine Environment Protection Law of the People's Republic of China* (Excerpt)

(Adopted at the 6th Meeting of the Standing Committee of Twelfth People's Congress on December 28, 2013 and now is promulgated.)

Decisions adopted at the 6th Meeting of the Standing Committee of Twelfth People's Congress:

………

7. Amend *Company Law of the People's Republic of China*

7.1 Delete "actually paid capital" in Paragraph 2 of Article 7

7.2 Amend Paragraph 2 of Article 23 as "(2) The capital contribution subscribed to by all shareholders meets the requirements of the company's articles of association ".

7.3 Amend Article 26 as "The registered capital of a limited liability company shall be the amount of capital contribution subscribed to by all shareholders as registered with the relevant company registration authority."

" The provisions otherwise prescribed by laws, administrative regulations and the decisions of the State Council on the actual payment of registered capital and the minimum registered capital of a limited liability company shall prevail."

7.4 Delete Paragraph 3 of Article 27

7.5 Delete Article 29

7.6 Amend Article 30 as Article 29, "After the shareholders of a company have fully subscribed to the amount of capital contribution prescribed by the company's articles of association, the representative designated by all shareholders or the agent authorized by all shareholders shall apply for registration of the establishment of the company by submitting the written company registration application, the company's articles of association and other documents to the relevant company registration authority."

7.7 Delete "and its contribution amount" in Paragraph 3 of Article 33

7.8 Delete Paragraph 1 of Article 59

7.9 Amend Article 77 as Article 76, and amended Paragraph 2 as "The total share capital subscribed to by all promoters or total amount of paid-up share capital raised meets the requirements of the company's articles of association".

7.10 Amend Article 81 as Article 80, and amended Paragraph 1 as "Where a company limited by shares is established by way of promotion, its registered capital shall be the total amount of share capital subscribed to by all promoters as registered with the relevant company registration authority. The said company is not allowed to offer shares to others for subscription before the shares subscribed to by its promoters are fully paid up. "

Amend Paragraph 3 as " The provisions otherwise prescribed by laws, administrative regulations and the decisions of the State Council on the actual payment of registered capital and the minimum registered capital of a company limited by shares shall prevail."

7.11 Amend Article 84 as Article 83, and amended Paragraph 1 as "Where a company limited by shares is established by way of promotion, its promoters shall subscribe, in writing, to all shares that they are required to subscribe to under the company's articles of association, and make capital contributions pursuant to the company's articles of association. When capital contributions are made with non-monetary assets, the promoters shall go through the procedures for transfer of property rights pursuant to the law."

Amend Paragraph 3 as "After the promoters have fully subscribed to the capital contribution prescribed by the company's articles of association, the board of directors and the board of supervisors of the company shall be elected, and the board of directors shall apply for registration of the establishment of the company by submitting the company's articles of association and other documents prescribed by laws and administrative regulations to the relevant company registration authority."

7.12 Delete Paragraph 3 of Article 178

In addition, the order of the article shall be accordingly amended.

Amending of *Marine Environment Protection Law of the People's Republic of China, the Drug Administration Law of the People's Republic of China, Metrology Law of the People's Republic of China, Fisheries Law of the Peoples Republic of China, Customs Law of the Peoples Republic of China, Law of the People's Republic of China on Tobacco Monopoly* of this Decision shall come into force upon promulgation; amending of *Company Law of the People's Republic of China* shall be effective as of March 1, 2014.

*Marine Environment Protection Law of the People's Republic of China, the Drug Administration Law of the People's Republic of China, Metrology Law of the People's Republic of China, Fisheries Law of the Peoples Republic of China, Customs Law of the Peoples Republic of China, Law of the People's Republic of China on Tobacco Monopoly* shall be amended according to this Decision and promulgated again.

# Company Law of the People's Republic of China

(Adopted at the Fifth Session of the Standing Committee of the Eighth National People's Congress on December 29, 1993; Amended for the first time at the 13th Session of the Standing Committee of the Ninth National People's Congress on December 25, 1999; Amended for the second time at the 11th Session of the Standing Committee of the Tenth National People's Congress on August 28, 2004; Revised at the 18th Session of the Standing Committee of the Tenth National People's Congress on October 27, 2005; and Revised for the 3rd time at the 6th Session of the Standing Committee of the Twelfth National People's Congress on December 28, 2013 and shall take effect on March 1, 2014)

## Table of Contents

Chapter 1: General Provisions

Chapter 2: Establishment and Organizational Structure of a Limited Liability Company

 Section 1: Establishment

 Section 2: Organizational Structure

 Section 3: Special Provisions on One-Person Limited Liability Companies

 Section 4: Special Provisions on Wholly State-Owned Companies

Chapter 3: Equity Transfer of a Limited Liability Company

Chapter 4: Establishment and Organizational Structure of a Company Limited by Shares

 Section 1: Establishment

 Section 2: General Meeting of Shareholders

 Section 3: Board of Directors, Managers

 Section 4: Board of Supervisors

 Section 5: Special Provisions on the Organizational Structure of a Listed Company

Chapter 5: Issuance and Transfer of Shares of a Company Limited by Shares

 Section 1: Issuance of Shares

 Section 2: Transfer of Shares

Chapter 6: Qualifications and Obligations of the Directors, Supervisors, and Officers of a Company

Chapter 7: Corporate Bonds

Chapter 8: Finance and Accounting of a Company

Chapter 9: Merger, Division or Capital Increase or Reduction of a Company

Chapter 10: Dissolution and Liquidation of a Company

Chapter 11: Branches of a Foreign Company

Chapter 12: Legal Liabilities

Chapter 13: Supplementary Provisions

Chapter 1: General Provisions

**Article 1**     This Law is formulated with a view to regulating the organization and activities of companies, protecting the legitimate rights and interests of companies, and their shareholders and creditors, maintaining social and economic orders, and facilitating the development of the socialist market economy.

**Article 2**     For the purpose of this Law, a company shall refer to a limited liability company or a company limited by shares established within the territory of the People's Republic of China in accordance with this Law.

**Article 3**     A company is an enterprise legal person with independent legal person property, and is entitled to legal person property rights. The company shall bear liabilities for its debts with all its property.

      The shareholders of a limited liability company shall bear liabilities for the company to the extent of their respective subscribed capital contribution. The shareholders of a company limited by shares shall bear liabilities for the company to the extent of their respective subscribed shares.

**Article 4**     The shareholders of a company shall, in accordance with the law, be entitled to such rights as to obtain capital proceeds, to participate in important decision-making, and to elect management personnel, etc.

**Article 5**     A company shall, when engaging in business activities, abide by laws and administrative regulations, observe social moralities and business ethics, act in good faith, accept the supervision of the government and the public, and undertake social responsibilities.

The legitimate rights and interests of a company shall be protected by laws, and shall not be infringed upon.

**Article 6**     To establish a company, an applicant shall submit an application for establishment registration to the relevant company registration authority in accordance with the law. If the application satisfies the establishment conditions provided for herein, the company registration authority shall register the proposed entity as either a limited liability company or a company limited by shares; otherwise, the proposed entity shall not be registered as a limited liability company or a company limited by shares.

Where laws or administrative regulations specify that the establishment of a company shall be subject to approval, the relevant approval formalities shall be gone through in accordance with the law prior to the registration of the company.

The general public may apply to company registration authorities to inquire on company registration matters, and company registration authorities shall provide the inquiry services.

**Article 7**    Company registration authority shall issue business license of company to a company established under the law. The date of issuance of the business license for a company shall be the date of establishment of the company.

The business license of a company shall state therein such matters as the name, domicile, registered capital, business scope, and the name of the legal representative of the company, etc..

Where any of the matters stated in the business license of a company is changed, the company shall go through the formalities for change of registration in accordance with the law, and the relevant company registration authority shall issue a new business license to replace the old one.

**Article 8**    A limited liability company established under this Law shall include the characters " 有限责任公司" (limited liability company) or "有限公司" (company limited) in the company name thereof.

A company limited by shares established under this Law shall include the characters "股份有限公司 "(company limited by shares) or "股份公司" (company by shares) in the company name thereof.

**Article 9**    Where a limited liability company converts to a company limited by shares, such conversion shall meet the requirements on a company limited by shares provided for herein. Where a company limited by shares converts to a limited liability company, such conversion shall meet the requirements on a limited liability company provided for herein.

Whether a limited liability company converts to a company limited by shares or a company limited by shares converts to a limited liability company, the creditors' rights and liabilities of the company before the conversion shall be carried by the company formed after the conversion.

**Article 10**    The location of the principal office of a company shall be its domicile.

**Article 11**    To establish a company, the company's articles of association shall be formulated in accordance with the law. The articles of association shall be binding on the company, and its shareholders, directors, supervisors and officers.

**Article 12**    The business scope of a company shall be specified in its articles of association, and shall be registered in accordance with the law. A company may modify its articles of association to change the scope of business, provided that the formalities for change of registration shall be gone through.

Where any item in the business scope of a company shall be subject to approval in accordance with

laws and administrative regulations, approval shall be obtained pursuant to the law.

**Article 13**    The legal representative of a company shall, pursuant to the company's articles of association, be assumed by the chairman of the board, an executive director or a manager, and shall be registered in accordance with the law. Change of the legal representative of the company shall be subject to the formalities for change of registration.

**Article 14**    A company may establish a branch company by filing an application for registration with the relevant company registration authority and obtaining a business license. A branch company is not qualified as a legal person, and its civil liabilities shall be borne by the parent company.

A company may establish a subsidiary. The subsidiary is qualified as a legal person, and shall independently bear civil liabilities in accordance with the law.

**Article 15**    A company may invest in other enterprises, provided that it shall not become a capital-contributing party that bears joint and several liabilities for the debts of the enterprises that it invests in, unless otherwise specified by the law.

**Article 16**    Where a company invests in another enterprise or provides guarantee for others, the investment or guarantee shall, in accordance with the company's articles of association, be subject to a resolution of the board of directors, the shareholders' meeting or the general meeting of shareholders. If any limit on the total amount of investments or guarantees or any limit on the amount of a single investment or guarantee is provided in the company's articles of association, the investment or guarantee shall not exceed the specified limit.

Where a company provides guarantee for a shareholder or the actual controller of the company, such guarantee shall be subject to a resolution of the shareholders' meeting or the general meeting of shareholders.

Neither a shareholder specified in the preceding Paragraph nor a shareholder who is controlled by the actual controller specified in the preceding Paragraph is allowed to vote on the matters specified in the preceding Paragraph. Such voting shall be subject to adoption by other shareholders who represent more than half of the voting rights of all the other shareholders presenting at the meeting.

**Article 17**    A company shall protect the legitimate rights and interests of its staff members, conclude and sign labor contracts with them, participate in the social security system, and reinforce the labor protection for them so as to achieve safe production.

The company shall adopt various forms to enhance vocational education and job training for its staff to improve the quality of labor force.

**Article 18**     The staff of a company shall organize a labor union in compliance with the *Labor Union Law of the People's Republic of China* to carry out labor union activities and maintain the legitimate rights and interests of the staff members. The company shall provide necessary conditions for the labor union thereof to carry out activities. The labor union of the company shall, in accordance with the law, conclude and sign a collective contract with the company in connection with such matters as labor remunerations, working hours, benefits, insurance, labor safety, and sanitation, on behalf of the staff.

A company shall, in accordance with the Constitution and other relevant laws, implement democratic management through a general meeting of the representatives of staff members or other forms.

When making research and decisions on restructuring or any other major issue concerning its business operations, or when formulating important rules and regulations, a company shall listen to the opinions of its labor union, and to the opinions and suggestions of its staff through the general meeting of the staff representatives or other forms.

**Article 19**     An organization of the Communist Party of China ("CPC") shall be established in a company to carry out activities of the CPC pursuant to the Constitution of the Communist Party of China. The company shall provide necessary conditions for the activities of the organization of the CPC.

**Article 20**     The shareholders of a company shall abide by laws, administrative regulations, and the company's articles of association, and shall exercise shareholder's rights in accordance with the law. A shareholder shall not damage the interests of the company or other shareholders by abusing the shareholder's rights, nor shall the shareholder damage the interests of the creditors of the company by abusing the independent legal person status of the company or by abusing the limited liabilities of the shareholder.

Any shareholder of a company that has caused any loss to the company or to other shareholders by abusing shareholder's rights shall be liable for compensation in accordance with the law.

Where a shareholder of a company evades debts by abusing the independent legal person status of the company or by abusing the shareholder's limited liabilities, thereby damaging the interests of the creditors of the company, the shareholder shall be jointly and severally liable for the debts of the company.

**Article 21**     The controlling shareholders, actual controllers, directors, supervisors and officers of a company shall not make use of their association relationship to damage the interests of the company.

Whoever mentioned in the preceding Paragraph shall be liable for compensation if he/she causes any loss to the company by violating the preceding Paragraph.

**Article 22**    The contents of a resolution of the shareholders' meeting, the general meeting of shareholders or the board of directors shall be invalid if they are in violation of laws or administrative regulations.

Where the procedures for convening, or voting at, the shareholders' meeting, the general meeting of shareholders or a meeting of the board of directors are in violation of laws, administrative regulations or the company's articles of association, or where a resolution is in violation of the articles of association, shareholders may, within 60 days of the date on which the resolution is made, file a request with a competent people's court for cancellation.

Where a shareholder files an action in accordance with the preceding Paragraph, the competent people's court may, at the request of the company, require the shareholder to provide corresponding guarantee.

Where after a company has gone through the formalities for change of registration pursuant to a resolution of the shareholders' meeting, the general meeting of shareholders or the board of directors, the competent people's court declares the resolution invalid or cancels the resolution, the company shall file an application with the relevant company registration authority for cancellation of the change of registration.

Chapter 2: Establishment and Organizational Structure of a Limited Liability Company
Section 1: Establishment

**Article 23**    To establish a limited liability company, the following conditions shall be satisfied:

(1) The number of shareholders meets the quorum;

(2) The capital contribution subscribed to by all shareholders meets the requirements of the company's articles of association.

(3) The shareholders jointly formulate the company's articles of association;

(4) The company has a name, and its organizational structure meets the requirement for a limited liability company; and

(5) The company has a domicile.

**Article 24**    The establishment of a limited liability company shall be subject to the capital contribution by not more than 50 shareholders.

**Article 25**    The articles of association of a limited liability company shall set forth the following matters:

(1) Name and domicile of the company;

(2) Business scope of the company;

(3) Registered capital of the company;

(4) Names or titles of the shareholders;

(5) Form of investment, amount of contribution, and schedule of capital contributions by the shareholders;

(6) Organizations of the company and the methods of formation, authorities, and rules of discussion procedure thereof;

(7) Legal representative of the company; and

(8) Any other matter deemed as necessary to be specified by the shareholders' meeting.

The shareholders shall affix their signatures and seals to the company's articles of association.

**Article 26**   The registered capital of a limited liability company shall be the amount of capital contribution subscribed to by all shareholders as registered with the relevant company registration authority.

The provisions otherwise prescribed by laws, administrative regulations and the decisions of the State Council on the actual payment of registered capital and the minimum registered capital of a limited liability company shall prevail.

**Article 27**   A shareholder may make capital contributions in the form of monetary funds, or alternatively may make capital contributions with such valuated non-monetary property as physical items, intellectual property rights, and land-use rights that may be valued in monetary terms and may be transferred in accordance with the law, excluding the property that shall not be used for capital contributions as specified in laws and administrative regulations.

The non-monetary property that is used for capital contributions shall be valued and verified, and shall not be over-valued or under-valued. The provisions on the valuation of such property as prescribed by laws or administrative regulations shall prevail.

**Article 28**   The shareholders of a company shall, according to the schedule, make full payment for the capital contributions that they have respectively subscribed for as specified in the articles of association of the company. If a shareholder makes capital contribution in the monetary form, the shareholder shall deposit the full amount of the monetary capital contribution into the bank account opened for the limited liability company. If a shareholder makes capital contribution with non-monetary property, the formalities for transfer of the property rights shall be completed pursuant to the law.

A shareholder who fails to pay capital contribution in accordance with the preceding Paragraph shall, in addition to making full payment to the company, bear the liabilities for breach of contract to the shareholders who have already made full payment of their capital contributions as scheduled.

**Article 29**     After the shareholders of a company have fully subscribed to the amount of capital contribution prescribed by the company's articles of association, the representative designated by all shareholders or the agent authorized by all shareholders shall apply for registration of the establishment of the company by submitting the written company registration application, the company's articles of association and other documents to the relevant company registration authority.

**Article 30**     After the establishment of a limited liability company, if the actual value of any capital contribution made in the form of non-monetary property is found to be apparently lower than the value specified in the company's articles of association, the shareholder who has made the said capital contribution shall pay up the balance, with the other shareholders at the time of establishment of the company bearing joint and several liability.

**Article 31**     Upon the establishment of a limited liability company, a capital contribution certificate shall be issued to each of the shareholders.

The capital contribution certificate shall set forth the following matters:

(1) Name of the company;

(2) Date of establishment of the company;

(3) Registered capital of the company;

(4) Names or titles of the shareholders, amount of their respective capital contributions, and the date on which the capital contributions are made; and

(5) Serial number and date of issuance of the capital contribution certificate.

The capital contribution certificate shall be affixed with the seal of the company.

**Article 32**     A limited liability company shall prepare and make available a shareholder register, with the following items specified therein:

(1) Names or titles and domiciles of the shareholders;

(2) Amount of capital contributions made by each of the shareholders; and

(3) Serial number of each capital contribution certificate.

The shareholders who are recorded in the shareholder register may exercise the shareholder's rights on the strength of the shareholder register.

A company shall register the names or titles of the shareholders with the relevant company registration authority. In the case of change of any registered item, the formalities for change of registration shall be completed. A company that fails to go through the formalities for registration or change of registration shall not set up a defense against any third party.

**Article 33**     The shareholders of a company shall be entitled to inspect and duplicate the company's articles of association, the minutes of the shareholders' meetings, the resolutions of the board

of directors, the resolutions of the board of supervisors, and the financial and accounting reports of the company.

The shareholders may request to inspect the accounting books of the company. When a shareholder requests, a written request shall be submitted to the company with the purposes indicated therein. If the company has reasons to believe that the shareholder's request to inspect the accounting books is for any improper purpose and may prejudice the legitimate interests of the company, the company may reject the request and shall, within 15 days after the shareholder submits the written request, give a written reply to the shareholder and state the reasons therefor. Where the company refuses to allow inspection by the shareholder, the shareholder may request the competent people's court to require the company to provide the access to inspection.

**Article 34**    The dividends shall be distributed to shareholders in proportion to the actual capital contributions paid up by them, unless otherwise agreed upon by all the shareholders. In the event of capital increase of the company, the shareholders shall have the priority to subscribe for capital contribution proportionate to their actual paid-up capital contributions, unless otherwise agreed upon by all the shareholders.

**Article 35**    After the establishment of a company, its shareholders shall not withdraw their paid-up capital contributions.

Section 2: Organizational Structure

**Article 36**    The shareholders' meeting of a limited liability company shall be composed of all shareholders. The shareholders' meeting is the company's organ of authority, and shall exercise its powers in accordance with this Law.

**Article 37**    The shareholders' meeting of a company shall exercise the following powers:

(1) Making decisions on the company's operation guidelines and investment plans;

(2) Electing and replacing the directors and supervisors who are not the representatives of the staff, and making decisions on the matters concerning the remunerations of the directors and supervisors;

(3) Approving the reports of the board of directors through deliberation;

(4) Approving the reports of the board of supervisors or those of the supervisors through deliberation;

(5) Approving the annual financial budget plans and final accounts of the company through deliberation;

(6) Approving the profit distribution plans and loss recovery plans of the company through deliberation;

(7) Making resolutions on the increase or decrease of the company's registered capital;

(8) Making resolutions on the issuance of corporate bonds;

(9) Making resolutions on the merger, division, dissolution or liquidation of the company or on the conversion of the corporate form;

(10) Modifying the company's articles of association; and

(11) Exercising other powers specified in the articles of association.

Where all the shareholders have reached a written consensus on a matter listed in the preceding Paragraph, a decision may be directly made without convening a shareholders' meeting, provided that all the shareholders shall affix their signatures and seals to the decision document.

**Article 38**    The first shareholders' meeting shall be convened and presided over by the shareholder who has made the largest proportion of capital contributions, and shall exercise its powers in accordance with this Law.

**Article 39**    The shareholders' meetings are classified into regular meetings and interim meetings.

Regular meetings shall be held as scheduled under the company's articles of association. An interim meeting shall be held if so proposed by the shareholders representing more than one tenth of the voting rights, more than one third of the directors, the board of supervisors, or in the absence thereof, the supervisors.

**Article 40**    Where a limited liability company has established board of directors, the shareholders' meetings shall be convened by the board of directors and be presided over by the chairman of the board of directors. If the said chairman is unable to or fails to perform the duties thereof, the shareholders' meetings shall be presided over by the vice chairman of the board of directors. If the vice chairman of the board of directors is unable to or fails to perform the duties thereof, the shareholders' meeting shall be presided over by a director elected jointly by more than half of all the directors.

Where a limited liability company has no board of directors, the shareholders' meetings shall be convened and presided over by an executive director.

If the board of directors or the executive director is unable to or fails to perform the duties of convening the shareholders' meetings, the board of supervisors or, in the absence thereof in the company, the supervisors, shall convene and preside over such meetings. If the board of supervisors or the supervisors fails to convene or preside over such meetings, the shareholders representing more than one tenth of the voting rights may convene and preside over such meetings at their own discretion.

**Article 41**    A notice shall be given to all the shareholders of a company 15 days before a shareholders' meeting is held, unless otherwise specified in the company's articles of association or

otherwise agreed upon by all the shareholders.

Minutes shall be prepared by the shareholders' meeting for the decisions on the matters deliberated at each of the shareholders' meetings. Shareholders presenting at such meetings shall affix their signatures thereto.

**Article 42**    The shareholders of a company shall exercise their voting rights at shareholders' meetings in proportion to their respective capital contributions, unless otherwise specified in the company's articles of association.

**Article 43**    The rules of discussion procedure and voting procedures of the shareholders' meeting of a company shall be set forth in the company's articles of association, unless otherwise specified in this Law.

Any resolutions made at a shareholders' meeting on the amendment of the company's articles of association, increase or decrease of the registered capital and on the merger, division, dissolution, or conversion of the company, shall be adopted by the shareholders representing more than two thirds of the voting rights.

**Article 44**    A limited liability company shall establish board of directors that is to be composed of 3 to 13 members, unless otherwise specified in Article 50 of this Law.

In the case of a limited liability company established with investment from two or more state-owned enterprises or two or more other types of state-owned investing entities, the members of its board of directors shall include a representative of the staff of the company; in the case of any other limited liability company, the members of its board of directors may include a representative of the staff of the company. The representative of the staff in the board of directors shall be elected democratically by the staff through a general meeting of the representatives of the staff, a general meeting of staff, or in other forms.

The board of directors shall have one chairman, and may have a vice chairman. The methods for election of the chairman and the vice chairman shall be specified in the company's articles of association.

**Article 45**    The term of office of a director of a company shall be specified in the company's articles of association, subject to a maximum of three years. The term of office of a director may be renewed upon expiry thereof in the case of successful re-election.

When a new election is not held in a timely manner upon expiry of the term of office of a director, or when the number of the members of the board of directors is less than the quorum due to the resignation of one or more directors during their term of office, such former director(s) shall continue to perform the director's duties in accordance with laws, administrative regulations and the company's articles of

association until the newly-elected director(s) take office.

**Article 46**    The board of directors of a company shall be accountable for the shareholders' meeting and exercise the following powers:

(1) Convening the shareholders' meetings and reporting to the shareholders' meeting;

(2) Executing the resolutions of the shareholders' meeting;

(3) Making decisions on the operation plans and investment plans of the company;

(4) Formulating the annual financial budget plans and final accounts of the company;

(5) Formulating the profit distribution plans and loss recovery plans of the company;

(6) Formulating the plans on the increase or reduction of the registered capital of the company, and on the issuance of corporate bonds;

(7) Formulating the plans on the merger, division, dissolution, or conversion of the company;

(8) Making decisions on the set-up of the internal management bodies of the company;

(9) Making decisions on the employment or dismissal of a manager of the company and matters related to the remuneration thereof, and making decisions, according to a manager's nomination, on the employment or dismissal of a vice manager(s) and a personnel in charge of financial issues and the matters related to their remunerations;

(10) Formulating the fundamental management systems of the company; and

(11) Exercising other powers specified in the company's articles of association.


**Article 47**    The meetings of the board of directors shall be convened and presided over by the chairman of the board of directors. If the chairman is unable to or fails to perform his/her duties, the meetings shall be convened or presided over by the vice chairman of the board of directors. If the vice chairman is unable to or fails to perform his/her duties, the meetings shall be convened or presided over by a director jointly elected by more than half of all the directors.

**Article 48**    The rules of procedure and voting procedures of the board of directors of a company shall be set forth in the company's articles of association, unless otherwise specified in this Law.

Minutes shall be prepared by the board of directors for the decisions made on the matters discussed. The directors presenting at such meetings shall affix their signatures thereto.

In voting on a resolution of the board of directors, one person shall be entitled to only one vote.

**Article 49**    A limited liability company may have a manager whose employment or dismissal shall be subject to the decision of the board of directors. The manager shall be accountable for the board of directors and shall exercise the following powers:

(1) Taking charge of the management of the production and business operations of the company, and

organizing the implementation of the resolutions of the board of directors;

(2) Organizing the implementation of the annual operation plans and investment plans of the company;

(3) Making the plans on the set-up of the internal management bodies of the company;

(4) Making the fundamental management systems of the company;

(5) Formulating specific regulations of the company;

(6) Proposing to employ or dismiss the vice manager(s) or personnel in charge of financial issues of the company;

(7) Making decisions on the employment or dismissal of the persons in charge of management other than those whose employment or dismissal shall be subject to the decision of the board of directors; and

(8) Exercising other powers conferred by the board of directors.

Provisions on the powers of a manager otherwise specified in the company's articles of association shall prevail.

The manager shall attend meetings of the board of directors.

**Article 50**    A limited liability company with relatively fewer shareholders or of a relatively small size may have one executive director instead of board of directors. The executive director may concurrently hold the position of the manager of the company.

The powers of the executive director shall be specified by the company's articles of association.

**Article 51**    A limited liability company shall have board of supervisors that is to be composed of at least three members. A limited liability company with relatively fewer shareholders or of a relatively small size may have one or two supervisors instead of board of supervisors.

The board of supervisors shall include representatives of the shareholders and an appropriate proportion of representatives of the staff of the company. The specific proportion of the latter shall be specified in the company's articles of association, subject to a minimum of one-third. The representatives of the staff in the board of supervisors shall be elected democratically by the staff of the company through a general meeting of the representatives of the staff, a general meeting of staff, or in other forms.

The board of supervisors shall have one chairman who is to be elected by more than half of all the supervisors. The chairman of the board of supervisors shall convene and preside over the meetings of the board of supervisors. If the chairman is unable to or fails to perform his/her duties, such meetings shall be convened or presided over by a supervisor jointly elected by more than half of all the supervisors.

The directors or officers shall not concurrently hold positions of supervisors.

**Article 52**    The term of office of a supervisor shall be three years. The term of office of a

supervisor may be renewed upon expiry thereof in the case of successful re-election.

If a new election is not held in a timely manner upon the expiry of the term of office of a supervisor, or if the number of the members of the board of supervisors is less than the quorum due to the resignation of one or more supervisors during their term of office, such former supervisor(s) shall continue to perform supervisor's duties in accordance with laws, administrative regulations, and the company's articles of association until the newly elected supervisor(s) take(s) office.

**Article 53**    The board of supervisors or, in the absence thereof in a company, the supervisors shall exercise the following powers:

(1) Conducting inspection of the financial issues of the company;

(2) Supervising the performance of duties by the directors and officers, and submitting a proposal on the removal of any director or officers who violates laws or administrative regulations, the company's articles of association, or any resolution of the shareholders' meeting;

(3) Requiring the directors or officers to correct their conducts that damage the interests of the company;

(4) Proposing to convene interim shareholders' meetings, and convening and presiding over shareholders' meetings when the board of directors fails to perform the duties of convening and presiding over shareholders' meetings as specified in this Law;

(5) Putting forward proposals to the shareholders' meeting;

(6) Filing actions against the directors or officers in accordance with Article 151 of this Law; and

(7) Exercising other powers specified in the company's articles of association.

**Article 54**    The supervisors of a company may attend the meetings of the board of directors as non-voting participants, and may raise questions or suggestions on the matters decided by the board of directors.

The board of supervisors or, in the absence thereof in a company, the supervisors may conduct investigation when discovering any abnormality in the operating conditions of the company, and, where necessary, may engage an accounting firm and others to provide assistance, with relevant expenses borne by the company.

**Article 55**    The board of supervisors shall convene a meeting at least once a year, and the supervisors may propose to convene an interim meeting of the board of supervisors.

The rules of procedure and voting procedures of the board of supervisors of a company shall be set forth in the company's articles of association, unless otherwise specified in this Law.

A resolution of the board of supervisors shall be passed by more than half of all the supervisors.

Minutes shall be prepared by the board of supervisors for the decisions on the matters discussed. The supervisors presenting at such meetings shall affix their signatures thereto.

**Article 56**    The necessary expenses incurred by the board of supervisors or, in the absence thereof in a company, the supervisors for exercise of their powers shall be borne by the company.

Section 3: Special Provisions on One-Person Limited Liability Companies

**Article 57**    This Section shall be applicable to the establishment and the organizational structure of a one-person limited liability company. In the absence of pertinent provisions in this Section, Section 1 and Section 2 of this Chapter shall apply.

For the purpose of this Law, a one-person limited liability company shall refer to a limited liability company comprising only one natural person shareholder or one legal person shareholder.

**Article 58**    One natural person can only establish one one-person limited liability company which is prohibited from investing in the establishment of another one-person limited liability company.

**Article 59**    A one-person limited liability company shall indicate, in its company registration, whether it is wholly owned by a natural person or a legal person. The same shall also be stated in the business license of the company.

**Article 60**    The articles of association of a one-person limited liability company shall be formulated by the shareholder.

**Article 61**    A one-person limited liability company has no shareholders' meeting. When the shareholder makes a decision listed in Paragraph 1 of Article 37 of this Law, the decision shall be made in writing, and shall be prepared and made available at the company after the shareholder has affixed his/her signature thereto.

**Article 62**    A one-person limited liability company shall prepare financial and accounting reports at the end of each fiscal year, and such reports shall be audited by an accounting firm.

**Article 63**    When the shareholder of a one-person limited liability company is unable to prove that the property of the company is independent of his/her own property, the shareholder shall bear joint and several liabilities for the debts of the company.

Section 4: Special Provisions on Wholly State-Owned Companies

**Article 64**     This Section shall be applicable to the establishment and the organizational structure of a wholly State-owned company. In the absence of pertinent provisions in this Section, Section 1 and Section 2 of this Chapter shall apply.

For the purpose of this Law, a wholly State-owned company shall refer to a limited liability company to which the capital contribution is solely made by the State and for which the State Council or the State-owned assets supervision and administration authority authorized by the local people's government at the same level performs the duties of the capital contributing party.

**Article 65**     The articles of association of a wholly State-owned company shall be formulated by the relevant State-owned assets supervision and administration authority, or be formulated by the board of directors and be reported to the relevant State-owned assets supervision and administration authority for approval.

**Article 66**     A wholly State-owned company has no shareholders' meeting, and the relevant State-owned assets supervision and administration authority shall exercise the powers of the shareholders' meeting. The State-owned assets supervision and administration authority may authorize the board of directors of the company to exercise part of the powers of the shareholders' meeting, and to make decisions on material matters of the company. However, the merger, division, and dissolution of the company, the increase or reduction of the registered capital, or issuance of corporate bonds shall be subject to the decision of the State-owned supervision and administration authority. The merger, division, and dissolution of, or application for bankruptcy by, an important wholly State-owned company shall, after the examination and verification of the State-owned assets supervision and administration authority, be reported to the people's government at the same level for approval.

For the purpose of the preceding Paragraph, an important wholly State-owned company shall be determined in accordance with relevant provisions of the State Council.

**Article 67**     A wholly State-owned company shall establish board of directors which shall exercise its powers in accordance with Article 46 and Article 66 of this Law. The term of office of a director shall not exceed three years. The members of the board of directors shall include a representative of the staff of the company.

The members of the board of directors shall be appointed by the relevant State-owned assets supervision and administration authority. However, the representative of the staff in the board of directors shall be elected by the staff of the company through a general meeting of the representatives of the staff.

The board of directors shall have one chairman and may have a vice chairman. The chairman and the vice chairmn of the board of directors shall be appointed from among the members of the board by the

relevant State-owned assets supervision and administration authority.

**Article 68**    A wholly State-owned company may have a manager whose employment or dismissal shall be at the decision of the board of directors. The manager shall exercise his/her powers pursuant to Article 49 of this Law.

Subject to the consent of the relevant State-owned assets supervision and administration authority, a member of the board of directors may concurrently hold the position of the manager of the company.

**Article 69**    The chairman, vice chairman, a director of the board of directors and an officer of a wholly State-owned company shall not, without the consent of the relevant State-owned assets supervision and administration authority, concurrently hold any position at any other limited liability company, company limited by shares, or any other economic organization.

**Article 70**    The board of supervisors of a wholly State-owned company shall comprise at least five members, among whom the proportion of the staff representatives shall not be less than one third, and the specific proportion shall be specified in the company's articles of association.

The members of the board of supervisors shall be appointed by the relevant State-owned assets supervision and administration authority, provided that the staff representatives in the board of supervisors shall be elected through a general meeting of the staff representatives. The chairman of the board of supervisors shall be appointed from among the members of the board of supervisors by the State-owned assets supervision and administration authority.

The board of supervisors shall exercise the powers specified in Item (1) through to Item (3) of Article 53 of this Law and other powers provided for by the State Council.

Chapter 3: Equity Transfer of a Limited Liability Company

**Article 71**    The shareholders of a limited liability company may transfer all or part of their equity among each other.

The proposed transfer of equity by a shareholder to any non-shareholder party shall be subject to the consent of more than half of the other shareholders. The shareholder shall notify the other shareholders in writing of the matters on the proposed equity transfer for their consent. Failure to reply by any of the other shareholders within 30 days upon receipt of the written notice shall be deemed as consent to the transfer. Where more than half of the other shareholders do not consent to the transfer, such non-consenting shareholders shall purchase the equity to be transferred; failure to purchase the equity shall be deemed as consent to the transfer.

With respect to any equity to be transferred with the consent of the shareholders, those shareholders other than the transferring party shall have the preemptive right under the same conditions. Where two

or more shareholders claim to exercise their preemptive right, they shall determine the proportional ratio for purchase through consultation. Where the consultation fails, the preemptive right shall be exercised in proportion to their respective capital contribution at the time of the transfer.

The provisions on equity transfer otherwise prescribed by the articles of association of a company shall prevail.

**Article 72**    A people's court shall, when transferring a shareholder's equity pursuant to the mandatory enforcement procedures under the law, notify the company and all the shareholders that the other shareholders have the preemptive right under the same conditions. The other shareholders who fail to exercise their preemptive right within 20 days of such notification shall be deemed to have waived their preemptive right.

**Article 73**    After transfer of any equity pursuant to Article 71 and Article 72 of this Law, the company concerned shall deregister the capital contribution certificate of the original shareholder, issue a capital contribution certificate to the new shareholder, and modify the records on the shareholder and the capital contributions thereof in the company's articles of association and the shareholder register accordingly. The shareholders' meeting is not required to vote on the said modification to the company's articles of association.

**Article 74**    Under any of the following circumstances, a shareholder of a company who votes against a resolution of the shareholders' meeting may request the company to acquire the equity thereof at a reasonable price:

(1) When the company fails to distribute any profit to its shareholders for five consecutive years, while being profitable during those five consecutive years and satisfying the conditions on profit distribution specified in this Law;

(2) Where the company is merged or divided, or it transfers its primary property; or

(3) Where upon the expiration of the term of operation specified in the company's articles of association or the occurrence of any other cause of dissolution specified therein, a resolution is adopted at a shareholders' meeting to modify the articles of association to the effect that the company continues to exist.

If the shareholder fails to reach an agreement with the company on equity acquisition within 60 days after the resolution of the shareholders' meeting is adopted, the shareholder may file an action with a competent people's court within 90 days after the resolution of the shareholders' meeting is adopted.

**Article 75**    After the death of a natural person shareholder of a company, the lawful successor thereof may succeed to the shareholder capacity, unless otherwise specified in the company's articles of

association.

Chapter 4: Establishment and Organizational Structure of a Company Limited by Shares

Section 1: Establishment

**Article 76**    To establish a company limited by shares, the following conditions shall be satisfied:

(1) The number of promoters meets the statutory quorum;

(2) The total share capital subscribed to by all promoters or total amount of paid-up share capital raised meets the requirements of the company's articles of association;

(3) The issuance of shares and the preparatory work are in compliance with the law;

(4) The company's articles of association are formulated by the promoters, or are adopted at the inaugural meeting if the company is established by means of stock flotation;

(5) The company has a name, and has established an organization structure that conforms to the requirements on a company limited by shares; and

(6) The company has a domicile.

**Article 77**    A company limited by shares may be established through promotion or stock flotation.

Establishment of a company through promotion shall mean that the promoters of a company establish the company by subscribing for all of the shares that shall be issued by the company.

Establishment of a company through stock flotation shall mean the promoters of a company establish the company by subscribing for part of the shares that shall be issued by the company and offering the remaining shares to the public or particular investors for subscription.

**Article 78**    To establish a company limited by shares, there shall be not less than two but not more than 200 promoters, of whom more than half shall have domiciles within the territory of China.

**Article 79**    The promoters of a company limited by shares shall be responsible for the establishment preparatory work of the company.

Promoters shall conclude a promoters' agreement to clarify their respective rights and obligations during the course of establishment of the company.

**Article 80**    Where a company limited by shares is established by way of promotion, its registered capital shall be the total amount of share capital subscribed to by all promoters as registered with the relevant company registration authority. The said company is not allowed to offer shares to others for subscription before the shares subscribed to by its promoters are fully paid up.

Where a company limited by shares is established through stock flotation, the registered capital thereof shall be the actual total paid-up share capital registered at the relevant company registration

authority.

The provisions otherwise prescribed by laws, administrative regulations and the decisions of the State Council on the actual payment of registered capital and the minimum registered capital of a company limited by shares shall prevail.

**Article 81**     The articles of association of a company limited by shares shall set forth the following matters:

(1) Name and domicile of the company;

(2) Business scope of the company;

(3) Form of establishment of the company;

(4) Total shares, price per share, and registered capital of the company;

(5) Names or titles of the promoters, number of shares they have subscribed for, and forms and schedule of their capital contributions;

(6) Composition, authorities and rules of procedure of the board of directors;

(7) Legal representative of the company;

(8) Composition, authorities and rules of procedure of the board of supervisors;

(9) Methods for profit distribution of the company;

(10) Causes for dissolution, and methods for liquidation, of the company;

(11) Methods of notification and public announcement by the company; and

(12) Any other matters deemed as necessary to be specified by the general meeting of shareholders.

**Article 82**     Article 27 of this Law shall be applicable to the forms of capital contribution by promoters.

**Article 83**     Where a company limited by shares is established by way of promotion, its promoters shall subscribe, in writing, to all shares that they are required to subscribe to under the company's articles of association, and make capital contributions pursuant to the company's articles of association. Where capital contributions are made with non-monetary assets, the promoters shall go through the procedures for transfer of property rights pursuant to the law.

In the event of a promoter's failure to make capital contributions in accordance with the preceding Paragraph, the promoter shall bear the liabilities for breach of contract pursuant to the promoters' agreement.

After the promoters have fully subscribed to the capital contribution prescribed by the company's articles of association, the board of directors and the board of supervisors of the company shall be elected, and the board of directors shall apply for registration of the establishment of the company by submitting the company's articles of association and other documents prescribed by laws and administrative regulations to the relevant company registration authority.

**Article 84**    Where a company limited by shares is established through stock flotation, the shares subscribed for by the promoters shall not be less than 35 percent of the total shares of the company, unless otherwise prescribed by laws or administrative regulations.

**Article 85**    The promoters of a company limited by shares shall announce a prospectus and prepare a share subscription form if they publicly offer shares for subscription. The share subscription form shall state the items listed in Article 86 of this Law. The subscribers shall fill out the number and value of their subscribed shares and their domiciles, accompanied by their signatures or seals. The subscribers shall pay for the shares according to the number of their subscribed shares.

**Article 86**    The prospectus shall be accompanied by the company's articles of association formulated by the promoters, and shall set forth the following matters:

(1) Number of shares subscribed for by the promoters;

(2) Par value and issuing price per share;

(3) Total number of bearer stocks issued;

(4) Purposes of the raised funds;

(5) Rights and obligations of the subscribers; and

(6) Commencement and ending dates of the share offering, and a statement that the subscribers may withdraw their subscriptions if the shares are not fully subscribed upon the expiry of the share offer.

**Article 87**    The public share offering of promoters shall be underwritten by a lawfully-established securities company, and an underwriting agreement shall be concluded.

**Article 88**    When conducting a public share offering, the promoters shall conclude an agreement with a bank whereby the latter shall collect the payment for shares on behalf of the former.

The receiving bank shall collect and hold the payments for shares in accordance with the agreement, issue receipts to subscribers who have paid for their share subscriptions, and is under the obligation to provide the relevant department with the certificates for payment receipt.

**Article 89**    The payments for the issued shares shall, after being fully made, be subject to capital verification and issuance of a certification by a lawfully-established capital verification agency. The promoters shall convene an inaugural meeting of company within 30 days after the payments for the shares are fully made. The attendees at the inaugural meeting shall comprise the promoters and subscribers.

If the shares issued are not fully subscribed upon the expiry of the time limit specified in the prospectus, or if the promoters fail to convene an inaugural meeting within 30 days after the payments

for the issued shares are fully made, the subscribers may require the promoters to refund their payments for the shares plus the interest calculated according to the bank deposit interest rate for that corresponding period.

**Article 90**     The promoters shall notify each and every subscriber of the date of the inaugural meeting or make a public announcement thereon 15 days before the meeting is held. Only when the promoters and subscribers representing more than half of the total shares are present may the inaugural meeting be held.

The inaugural meeting shall exercise the following powers:

(1) Deliberating the report of the promoters on the establishment preparatory work of the company;

(2) Adopting the company's articles of association;

(3) Electing the members of the board of directors;

(4) Electing the members of the board of supervisors;

(5) Examining and verifying the expenses incurred for the establishment of the company;

(6) Examining and verifying the valuation of the property contributed by the promoters in lieu of payments for shares; and

(7) Reaching a resolution on non-establishment of the company, as permitted in the occurrence of any force majeure event or material change to operating conditions that directly affects the establishment of the company.

The resolutions on any of the matters listed in the preceding Paragraph shall be passed by the subscribers who represent more than half of the voting rights of all subscribers present at the meeting.

**Article 91**     The promoters and subscribers shall not withdraw their share capital after making payments for the shares or otherwise making capital contributions in lieu of payments for shares, except where the issued shares are not fully subscribed by the specified deadline, the promoters fail to convene the inaugural meeting as scheduled, or the inaugural meeting reaches a resolution on non-establishment of the company.

**Article 92**     The board of directors of a company limited by shares shall, within 30 days after the conclusion of the inaugural meeting, file an application for establishment registration with the relevant company registration authority by submitting the following documents:

(1) A written application for company registration;

(2) Minutes of the inaugural meeting;

(3) Articles of association of the company;

(4) Capital verification proofs;

(5) Appointment documents and identity documents of the legal representative, directors, and supervisors;

(6) Certifications of the legal person or identification of a natural person of the promoters; and

(7) Certification of the domicile of the company.

Where a company limited by shares established through stock flotation publicly issues shares, the approval document issued by the securities regulatory authority of the State Council shall also be submitted to the relevant company registration authority.

**Article 93**    After the establishment of a company limited by shares, if a promoter fails to make full payment for the capital contribution as specified in the company's articles of association, the promoter shall make good the due amount, and the other promoters shall bear joint and several liabilities.

After the establishment of a company limited by shares, if the actual value of the non-monetary property used as capital contribution for the establishment of the company is found to be significantly lower than the value specified in the company's articles of association, the promoter who has made the said capital contribution shall pay up the balance, and the other promoters shall bear joint and several liabilities.

**Article 94**    The promoter of a company limited by shares shall bear:

(1) Joint and several liabilities for the debts and expenses resulting from the activities for establishment of the company, in the event of failure to establish the company;

(2) Joint and several liabilities for refunding the subscribers' payments for shares plus interest calculated according to the bank deposit interest rate for the corresponding period, in the event of failure to establish the company; and

(3) The liability for compensation to the company, in the event that the interests of the company are prejudiced due to the negligence of the promoter during the course of establishment of the company.

**Article 95**    Where a limited liability company converts to a company limited by shares, the total actual paid-up capital converted shall not be more than the company's net assets. Where a limited liability company converts to a company limited by shares, the public offering of shares for capital increase purpose shall be conducted in accordance with the law.

**Article 96**    A company limited by shares shall make available, at the company, its articles of association, shareholder register, counterfoils of corporate bonds, minutes of the general meeting of shareholders, minutes of the meetings of the board of directors, minutes of the meetings of the board of supervisors, and financial and accounting reports.

**Article 97**    The shareholders of a company shall be entitled to inspect the company's articles of association, shareholder register, counterfoils of corporate bonds, minutes of the general meeting of

shareholders, minutes of the meetings of the board of directors, minutes of the meetings of the board of supervisors, and financial and accounting reports, and to put forward proposals or raise questions concerning the business operations of the company.

Section 2: General Meetings of Shareholders

**Article 98**     The general meeting of shareholders of a company limited by shares shall be composed of all the shareholders. The general meeting of shareholders is the company's governing body, and shall exercise powers in accordance with this Law.

**Article 99**     The provisions on the powers of the shareholders' meeting of a limited liability company under Paragraph 1 of Article 37 of this Law shall be applicable to the general meeting of shareholders of a company limited by shares.

**Article 100**     The general meeting of shareholders of a company shall hold an annual meeting once every year. An extraordinary general meeting of shareholders shall be held within two months in the event of any of the following circumstances:

(1) When the number of directors is less than two thirds of the number specified in this Law or the company's articles of association;

(2) When the unrecovered losses of the company amount to one third of the total paid-up share capital;

(3) When the extraordinary general meeting of shareholders is requested by one shareholder who holds, or several shareholders who jointly hold, at least ten percent of the shares of the company;

(4) When the board of directors deems it necessary to hold the extraordinary general meeting of shareholders;

(5) When the extraordinary general meeting of shareholders is proposed by the board of supervisors; or

(6) When there are any other circumstances set forth in the company's articles of association.

**Article 101**     The general meeting of shareholders of a company shall be convened by the board of directors and presided over by the chairman of the board of directors. If the chairman is unable to or fails to perform his/her duties, the meeting shall be presided over by the vice chairman of the board of directors. If the vice chairman is unable to or fails to perform his/her duties, the meeting shall be presided over by a director jointly elected by more than half of all the directors.

If the board of directors is unable to or fails to perform its duty of convening the general meeting of shareholders, the board of supervisors shall convene and preside over the meeting in a timely manner. If the board of supervisors fails to convene or preside over the meeting, one shareholder who holds, or

several shareholders who jointly hold, at least ten percent of the shares of the company for at least 90 consecutive days may convene and preside over the meeting at their own discretion.

**Article 102**    To convene a general meeting of shareholders of a company, each shareholder shall be notified, 20 days before the meeting is held, of the time and venue of the meeting and the matters to be deliberated. To convene an extraordinary general meeting of shareholders, each shareholder shall be notified 15 days before the meeting is held. When bearer stocks are to be issued, the time and venue of the general meeting of shareholders and the matters to be deliberated shall be announced 30 days before the meeting is held.

One shareholder who holds or several shareholders who jointly hold, three percent or more of the shares of the company may submit an interim proposal in writing to the board of directors ten days before the general meeting of shareholders is held. The board of directors shall, within two days upon receipt of the proposal, notify the other shareholders, and submit the said interim proposal to the general meeting of shareholders for deliberation. The contents of the interim proposal shall fall within the scope of powers of the general meeting of shareholders, and the proposal shall have a clear topic and specific matters on which resolutions are to be made.

The general meeting of shareholders shall not make resolutions on matters that are not clearly listed in the notices mentioned in the preceding two paragraphs.

If holders of bearer stocks attend a general meeting of shareholders, they shall have their stocks kept at the company from five days before the meeting is held till the conclusion of the meeting.

**Article 103**    A shareholder of a company presenting at a general meeting of shareholders shall have one voting right for each share held, provided that the company shall have no voting right for the shares held by itself.

Any resolution of the general meeting of shareholders shall be passed by the shareholders representing more than half of the voting rights of all shareholders presenting at the meeting. However, a resolution of the general meeting of shareholders on modification of the articles of association, increase or reduction of the registered capital, merger, division or dissolution, or the conversion of the company shall be passed by the shareholders representing more than two thirds of the voting rights of all shareholders present at the meeting.

**Article 104**    With regard to any matter that shall be subject to a resolution by the general meeting of shareholders of a company as specified in this Law and the company's articles of association, such as the company's transfer of any substantial assets to, or acceptance of the transfer of the same from, another party, or the company's provision of guarantee for an external party, the board of directors shall convene a general meeting of shareholders in a timely manner for the latter to vote on any such matter.

**Article 105**    The general meeting of shareholders of a company shall elect directors and supervisors and may, in accordance with the company's articles of association or a resolution of the general meeting of shareholders, adopt a cumulative voting system.

For the purpose of this Law, a cumulative voting system shall mean that, in the election of directors or supervisors by the general meeting of shareholders, the number of voting rights under each share is the same as the number of directors or supervisors to be elected, and that the shareholders may cast all of their votes for a single candidate.

**Article 106**    The shareholder of a company may authorize a proxy to attend a general meeting of shareholders. The proxy shall submit to the company a power of attorney issued by the shareholder, and shall exercise voting rights within the authorized scope.

**Article 107**    Minutes shall be prepared by the general meeting of shareholders for the decisions on the matters discussed. The person who hosts the meeting and the directors presenting at the meeting shall affix their signatures thereto. The minutes shall be kept together with the book of signatures of the shareholders present as well as the documents of the power of attorney for the proxies present.

Section 3: Board of Directors, Managers

**Article 108**    A company limited by shares shall have a board of directors that is to be composed of 5 to 19 members.

The board of directors may include representatives of the staff of the company who shall be elected democratically through a general meeting of the representatives of the staff, a general meeting of staff, or in other forms.

The provisions of Article 45 of this Law on the term of office of the directors of a limited liability company shall be applicable to the directors of a company limited by shares.

The provisions of Article 46 of this Law on the powers of the board of directors of a limited liability company shall be applicable to the board of directors of a company limited by shares.

**Article 109**    The board of directors shall have one chairman and may have one or more vice chairmen. The chairman and vice chairmen of the board of directors shall be elected by more than half of all the directors.

The chairman of the board of directors shall convene and preside over the meetings of the board of directors to inspect the implementation of the resolutions of the board of directors. The vice chairmen shall assist the chairman's work. If the chairman is unable to or fails to perform his/her duties, a vice

chairman shall perform the duties instead. If the vice chairman is unable to or fails to perform his/her duties, a director jointly elected by more than half of all the directors shall perform the duties.

**Article 110**    The board of directors shall convene at least two meetings annually. All the directors and supervisors shall be notified ten days before the meeting is held.

Shareholders representing more than one tenth of the voting rights, more than one third of all directors, or the board of supervisors may propose to convene an interim meeting of the board of directors. The chairman of the board of directors shall convene and preside over an interim meeting of the board of directors within ten days upon receipt of the proposal.

The ways and time limit of notification for convening an interim meeting of the board of directors may be decided separately.

**Article 111**    A meeting of the board of directors may be held only when more than half of all the directors are present. A resolution of the board of directors shall be passed by more than half of all the directors.

In voting on a resolution of the board of directors, one person shall be entitled to only one vote.

**Article 112**    The directors shall attend the meetings of the board of directors in person. Any director who is unable to attend a meeting for a certain reason may authorize, in writing, another director to attend the meeting as a proxy, and the scope of authority shall be stated in the power of attorney.

Minutes shall be prepared by the board of directors for the decisions on the matters discussed. The directors present at the meeting shall affix their signatures thereto.

The directors shall be liable for the resolutions of the board of directors. If a resolution of the board of directors is in violation of laws, administrative regulations, the company's articles of association or a resolution of its general meeting of shareholders, and causes serious losses to the company, the directors who participate in adopting the resolution shall be liable for compensation, provided that a director may be exempted from liabilities if it is proved that he/she has expressed objections at the time of voting and such objections are recorded in the meeting minutes.

**Article 113**    A company limited by shares shall have a manager whose employment and dismissal shall be decided by the board of directors.

The provisions of Article 49 of this Law on the authorities of the manager of a limited liability company shall apply to the manager of a company limited by shares.

**Article 114**    The board of directors of a company may decide to appoint a member of the board of directors to concurrently hold the position of the manager of the company.

**Article 115** A company shall not, either directly or through any of its subsidiaries, provide loans to any director, supervisor or officer.

**Article 116** A company shall regularly disclose to its shareholders information on the remunerations obtained by the directors, supervisors and officers from the company.

Section 4: Board of Supervisors

**Article 117** A company limited by shares shall establish board of supervisors that is to be composed of at least three members.

The board of supervisors shall include representatives of the shareholders and an appropriate proportion of staff representatives of the company. The specific proportion of the staff representatives shall be specified in the company's articles of association, subject to a minimum of one third. The staff representatives on the board of supervisors shall be elected democratically by the staff through a general meeting of the staff representatives, a general meeting of staff, or in other forms.

The board of supervisors shall have one chairman and one or more vice chairmen. The chairman and vice chairmen of the board of supervisors shall be elected by more than half of all the supervisors. The chairman of the board of supervisors shall convene and preside over the meetings of the board of supervisors. If the chairman of the board of supervisors is unable to or fails to perform his/her duties, the meeting may be convened and presided over by a vice chairman. If the vice chairman is unable to or fails to perform his/her duties, the meeting may be convened and presided over by a supervisor jointly elected by more than half of all the supervisors.

No director or officer may concurrently hold the position of a supervisor.

The provisions on the term of office of the supervisors of a limited liability company as specified in Article 52 of this Law shall be applicable to the supervisors of a company limited by shares.

**Article 118** The provisions on the powers of the board of supervisors of a limited liability company under Article 53 and Article 54 of this Law shall be applicable to the board of supervisors of a company limited by shares.

The necessary expenses incurred by the board of supervisors for exercise of its powers shall be borne by the company.

**Article 119** The board of supervisors of a company shall hold at least one meeting every six months. The supervisors may propose to convene interim meetings of the board of supervisors.

The rules of procedure and voting procedures of the board of supervisors shall be set forth in the

company's articles of association, unless otherwise specified in this Law.

A resolution of the board of supervisors shall be passed by more than half of all the supervisors.

Minutes shall be prepared by the board of supervisors for the decisions on the matters discussed. The supervisors presenting at the meeting shall affix their signatures thereto.

### Section 5: Special Provisions on the Organizational Structure of a Listed Company

**Article 120**   For the purpose of this Law, a listed company shall refer to a company limited by shares whose stocks are listed and traded on a securities exchange.

**Article 121**   When the value of the purchase or sale of any substantial assets or the provision of guarantee exceeds 30 percent of the total asset value of a listed company within a year, a resolution shall be made by the general meeting of shareholders, and shall be passed by the shareholders representing more than two thirds of the voting rights of all the shareholders presenting at the meeting.

**Article 122**   A listed company shall have independent directors. Detailed measures in this regard shall be specified by the State Council.

**Article 123**   A listed company shall have a secretary of the board of directors to be responsible for such matters as preparing for general meeting of shareholders and the meetings of the board of directors, properly keeping documents, managing the data on the company's shareholders, and disclosing relevant information.

**Article 124**   Any director of a listed company who is associated with any enterprise involved in the matters under any resolution made at a meeting of the board of directors shall be prohibited from exercising voting rights concerning that resolution, nor may that director vote on behalf of any other directors. The meeting of the board of directors may be held with the presence of more than half of all the non-associated directors. A resolution made at such meeting of the board of directors shall be passed by more than half of all the non-associated directors. If the number of non-associated directors present is less than three, the matter shall be submitted to the general meeting of shareholders of the listed company for deliberation.

### Chapter 5: Issuance and Transfer of Shares Held of a Company Limited by Shares
### Section 1: Issuance of Shares

**Article 125**   The capital of a company limited by shares shall be divided into shares, and each

share shall have the same value.

The shares of the company are represented in stocks. Stocks are certificates issued by the company to certify the shares held by its shareholders.

**Article 126**    Shares shall be issued in accordance with the principles of fairness and impartiality. Each share of the same class shall be entitled to the same rights.

With regard to the shares of the same class that are issued at the same time, the issuing conditions and price for each share shall be the same. Any entity or individual shall pay the same price for each of the shares subscribed for.

**Article 127**    The issuing price of a share may be at or above the par value, but shall not be below the par value.

**Article 128**    Stocks shall be in paper form or in other forms specified by the security regulatory authority of the State Council.

A stock shall set forth the following major matters:

(1) Name of the company;

(2) Date of establishment of the company;

(3) Class and par value of the stock, and the number of shares that it represents; and

(4) Serial number of the stock.

Stocks shall bear the signature of the legal representative and the seal of the company.

The stocks for promoters shall be marked with the characters "发起人股票" (promoters' stocks).

**Article 129**    The shares issued by a company may be either registered stocks or bearer stocks.

The stocks issued by a company to a promoter or a legal person shall be registered stocks, with the name of the promoter or legal person recorded thereon. Such stocks shall not be registered under any other name or in the name of a representative.

**Article 130**    A company that issues registered stocks shall prepare and make available a shareholder register to record the following matters:

(1) Names or titles and domiciles of the shareholders;

(2) Number of shares held by each shareholder;

(3) Serial numbers of the stocks held by each shareholder; and

(4) Date on which each shareholder obtains the shares.

A company that issues bearer stocks shall record the volume and the serial numbers of the stocks issued, and the issuance date of each of the stocks.

**Article 131**    The State Council may separately formulate provisions on the issuance of shares of classes other than those provided for in this Law.

**Article 132**    Once a company limited by shares is established, its stocks shall be formally delivered to the shareholders. No stocks may be delivered to the shareholders prior to the establishment of the company.

**Article 133**    When a company issues new shares, a resolution on the following matters shall be made by the general meeting of shareholders:

(1) Type and amount of the new shares;

(2) Issuing price of the new shares;

(3) Commencement and ending dates for the issuance of the new shares; and

(4) Class and amount of the new shares to be issued to the existing shareholders.

**Article 134**    Where a company issues new shares to the public upon verification and approval of the securities regulatory authority of the State Council, the company shall release the prospectus for the new shares and its financial and accounting reports, and prepare a share subscription form.

Article 87 and Article 88 of this Law shall be applicable to the public offering of new shares by a company.

**Article 135**    A company that issues new shares may, according to its operational and financial conditions, determine a plan for the pricing of the shares.

**Article 136**    A company shall, upon receipt of all the payments for its newly issued shares, go through the formalities for change of registration with the relevant company registration authority and make public announcement.

Section 2: Transfer of Shares

**Article 137**    The shares held by shareholders are transferrable under the law.

**Article 138**    Shareholders shall transfer their shares at lawfully-established securities exchanges or by other means provided for by the State Council.

**Article 139**    Registered stocks shall be transferred through endorsement by the relevant shareholder or by any other means specified in laws or administrative regulations. After the transfer, the company concerned shall record the transferee's name and domicile in the shareholder register.

Within 20 days before the general meeting of shareholders is held, or within five days prior to the

benchmark date determined by the company for dividend distribution, the formalities for change of registration of the shareholder register specified in the preceding Paragraph shall not be effected, unless otherwise prescribed by laws on the change of registration of the shareholder register of a listed company.

**Article 140**    The transfer of bearer stocks shall become valid upon the delivery of the said stocks to the transferee by the relevant shareholder.

**Article 141**    The shares of a company by the promoters thereof shall not be transferred within one year of the date of establishment of the company. The shares issued before the public offering of shares by the company shall not be transferred within one year of the date on which the stocks of the company are listed and traded on a securities exchange.

The directors, supervisors, and officers of the company shall declare, to the company, information on their holdings of the shares of the company and the changes thereto. The shares transferrable by them during each year of their term of office shall not exceed 25 percent of their total holdings of their shares of the company. The shares that they held in the company shall not be transferred within one year of the date on which the stocks of the company are listed and traded. The aforesaid persons shall not transfer their shares of the company within six months of their departure from the company. The company's articles of association may set forth other restrictive provisions on the transfer of the shares of the company held by the directors, supervisors, and officers.

**Article 142** The company shall be prohibited from acquiring its own shares, except as under any of the following circumstances:

(1) The company reduces the registered capital thereof;

(2) The company merges with other company that holds its shares;

(3) The company rewards its staff members with shares;

(4) Any shareholder of the company raises objections to a resolution made by the general meeting of shareholders on the merger or division of the company, and therefore requests the company to acquire its holdings of shares.

The acquisition of its own shares by the company under Item (1) through to Item (3) of the preceding Paragraph shall be subject to a resolution of the general meeting of shareholders. After the company has acquired its own shares in accordance with the preceding Paragraph, it shall deregister such shares within ten days of the date of acquisition, if the acquisition falls under Item (1); or transfer or deregister such shares within six months, if the acquisition falls under Item (2) or Item (4).

When a company acquires its own shares under Item (3) of Paragraph 1, the shares to be acquired shall not exceed five percent of the total outstanding shares of the company. The funds for the acquisition shall be sourced from the after-tax profit of the company. The shares so acquired shall be transferred to its staff members within one year.

A company shall not accept any pledge with its own stocks as the subject matter.

**Article 143** When any registered stocks are stolen, lost or damaged, the shareholder concerned may, pursuant to the procedures of public notice for assertion of claim provided for in the <u>Civil Procedure Law of the People's Republic of China</u>, request a competent People's Court to declare the stocks invalid. After the People's Court has so declared, the said shareholder may apply to the company concerned for re-issuance of the stocks.

**Article 144** The stocks of a listed company shall be listed and traded in accordance with relevant laws, administrative regulations and the trading rules of the securities exchange concerned.

**Article 145** A listed company shall, in accordance with laws and administrative regulations, disclose its financial condition, operational conditions and material lawsuits, and publish its financial and accounting reports once every six months in each accounting year.

Chapter 6: Qualifications and Obligations of the Directors, Supervisors, and Officers of a Company

**Article 146** Whoever is under any of the following circumstances is not allowed to assume the post of a director, supervisor, or officer of a company:

(1) He/she has no or limited civil capacity;

(2) He/she has been sentenced to criminal punishments due to corruption, bribery, embezzlement of property, misappropriation of property, or disrupting the order of the socialist market economy, and less than five years have elapsed since the criminal punishments are fully executed; or he/she has been deprived of political rights due to any criminal offense, and less than five years have elapsed since the punishment is fully executed;

(3) He/she has served as a director, factory manager or manager of a company or enterprise that is bankrupt and liquidated, and is personally liable for the bankruptcy of the company or enterprise, and less than three years have elapsed since the date of completion of the bankruptcy liquidation of the company or enterprise;

(4) He/she has served as the legal representative of a company or enterprise that has its business license revoked and is ordered to close down due to violations of the law, and is personally liable for such punishment, and less than three years have elapsed since the date of revocation of the business license of the company or enterprise; or

(5) He/she has a relatively large amount of overdue personal debts.

If the company elects or appoints any director or supervisor, or engages any officer in violation of the preceding Paragraph, the election, appointment or engagement shall be invalid.

The company shall remove a director, supervisor or officer from his/her position if he/she falls under any of the circumstances described in Paragraph 1 of this Article during the term of office.

**Article 147** The directors, supervisors and officers of a company shall abide by laws, administrative regulations and the company's articles of association. They shall be faithful and diligent to the company.

No director, supervisor or officer may, by abusing their powers, take any bribe or other illegal gains, or encroach on the property of the company.

**Article 148** Directors or officers of the company shall be prohibited from any of the following acts:

(1) Misappropriating the funds of the company;

(2) Opening an account in his/her own name or the name of any other individual to deposit the funds of the company;

(3) Without the consent of the shareholders' meeting, the general meeting of shareholders or the board of directors, loaning the funds of the company to others or using the company's property to provide guarantee for others in violation of the company's articles of association;

(4) Concluding contracts or making deals with the company in violation of the company's articles of association or without the consent of the shareholders' meeting or the general meeting of shareholders;

(5) Without the consent of the shareholders' meeting or the general meeting of shareholders, seeking, for the benefit of his/her own or others, any business opportunity that belongs to the company by taking advantage of his/her powers, or operating for his/her own or for others any business that is of the same type with that of the company that he/she serves;

(6) Accepting, and keeping as his/her officer, commissions for the transactions between others and the company;

(7) Disclosing the company's secrets without authorization; or

(8) Committing other acts in violation of his/her obligation of loyalty to the company.

The income gained by directors or officers from any of the acts listed in the preceding Paragraph shall belong to the company.


**Article 149** When any director, supervisor or officer of a company violates laws, administrative regulations or the company's articles of association during the performance of duties, he/she shall be liable for compensation if any loss is caused to the company.


**Article 150** When a director, supervisor or officers of a company is required to attend a shareholders' meeting or a general meeting of shareholders as a non-voting participant, the director, supervisor or officers shall do so and accept the inquiries from shareholders.

The directors and officers shall truthfully provide relevant information and materials to the board of supervisors or, in the absence thereof in a limited liability company, to the supervisors, and shall not hinder the board of supervisors or the supervisors from exercising their powers.


**Article 151** When a director or officer falls under any of the circumstances specified in Article 149 of this Law, the shareholder(s) of a limited liability company, or one shareholder of a company limited by shares who holds, or several shareholders thereof who jointly hold, at least one percent share in the company for at least 180 consecutive days may submit a written request to the board of supervisors or, in the absence thereof in the limited liability company to the supervisors, to file an action with the competent People's Court. Where a supervisor falls under any of the circumstances specified in Article 149 of this Law, the aforesaid shareholder(s) may submit a written request to the board of directors or,

in the absence thereof in the limited liability company to the executive directors, to file an action with the competent People's Court.

When the board of supervisors or, in the absence thereof in the limited liability company the supervisors refuse to, or the board of directors or the executive directors refuse to file an action upon receipt of the shareholders' written request specified in the preceding Paragraph, or fail to file an action within 30 days upon receipt thereof, or where the failure to immediately file an action in an emergency case will cause irreparable damage to the interests of the company, the shareholder(s) specified in the preceding Paragraph is entitled to, in their own name, directly file an action to the competent People's Court for the interest of the company.

When any other person infringes upon the legitimate rights and interests of the company and causes losses thereto, the shareholder(s) specified in Paragraph 1 of this Article may file an action with the competent People's Court pursuant to the provisions of the preceding two paragraphs.

**Article 152** When a director or officer of a company violates laws, administrative regulations or the company's articles of association, thereby damaging the interests of the shareholder(s), the shareholder(s) may file an action with the competent People's Court.

Chapter 7: Corporate Bonds

**Article 153** For the purpose of this Law, corporate bonds shall refer to the marketable securities issued by a company pursuant to statutory procedures whose principal plus interest shall be serviced within a specific time limit as agreed upon.

To issue corporate bonds, a company shall satisfy the issuing conditions provided for in the *Securities Law of the People's Republic of China*.

**Article 154** After the application of a company for issuing corporate bonds is approved by the department which is authorized by the State Council, the company shall announce the methods for bonds raising.

The methods for raising the corporate bonds shall set forth the following major matters:

(1) Name of the company;

(2) Purposes of the funds raised through bond issuance;

(3) Total amount of the corporate bonds and the par value thereof;

(4) Method for determining the interest rate of the bonds;

(5) Time limit and method for servicing the principal and interest;

(6) Information on the guarantee of the bonds;

(7) Issuing price of the bonds, and commencement and ending dates of the issuance;

(8) Net assets value of the company;

(9) Total amount of the outstanding corporate bonds; and

(10) Underwriters of the corporate bonds.

**Article 155** When a company issues corporate bonds in the form of physical bonds, such matters as the company name, the par value, interest rate and time limit for repayment of the bonds, etc. shall be stated on the bonds which shall be signed by the legal representative and affixed with the seal of the company.

**Article 156** Corporate bonds may be registered bonds or bearer bonds.

**Article 157** When a company issues corporate bonds, it shall prepare and make available a book of counterfoils for the corporate bonds.

If the company issues registered corporate bonds, its book of counterfoils for the corporate bonds shall record the following matters:

(1) Names and domiciles of the bondholders;

(2) Dates on which the bondholders obtain the bonds and the serial numbers of the bonds;

(3) Total value, par value and interest rate of the bonds, as well as the time limit and method for servicing the principal and interest; and

(4) Issuance date of the bonds.

When a company issues bearer corporate bonds, its book of counterfoils for the corporate bonds shall record the total value and interest rate of the bonds, the time limit and method for repayment, issuance date, and the serial numbers of the bonds.

**Article 158** The registration and settlement institutions for registered corporate bonds shall establish relevant systems for the registration, custody, interest payment and redemption of the bonds.

**Article 159** Corporate bonds are transferable, and the transfer price shall be agreed upon by and between the transferor and the transferee.

Corporate bonds listed and traded on a securities exchange shall be transferred in accordance with the trading rules of the securities exchange.

**Article 160** Registered corporate bonds shall be transferred through endorsement by the relevant bondholder or by any other means provided for by laws or administrative regulations. After the transfer, the company concerned shall record the name and domicile of the transferee in its book of counterfoils for the corporate bonds.

The transfer of bearer corporate bonds shall come into effect upon the delivery of the said bonds to the transferee by the relevant bondholder.

**Article 161** A listed company may, subject to a resolution of the general meeting of shareholders, issue corporate bonds that can be converted to shares, and shall specify the conversion methods in the offering plan of the corporate bonds. The issuance by a listed company of corporate bonds that can be converted to shares shall be subject to the verification and approval of the securities regulatory authority of the State Council.

In the event of issuance of corporate bonds that can be converted to shares, such characters as "convertible corporate bonds" shall be indicated thereon, and the amount of convertible corporate bonds shall be recorded in the company's book of counterfoils for corporate bonds.

**Article 162** When corporate bonds that can be converted to shares are issued, a company shall issue shares in exchange for the bonds of the bondholders in accordance with the conversion methods,

provided that the bondholders shall have the option as to whether or not to convert their bonds into shares.

Chapter 8: Corporate Finance and Accounting

**Article 163** A company shall establish its own financial and accounting systems in accordance with laws, administrative regulations and the provisions of the finance department of the State Council.

**Article 164** A company shall, at the end of each accounting year, prepare a financial and accounting report which shall be audited by an accounting firm in accordance with the law.

The financial and accounting report shall be prepared in accordance with laws, administrative regulations and the provisions of the finance department of the State Council.

**Article 165** A limited liability company shall submit its financial and accounting report to each shareholder within the time limit specified in the company's articles of association.

The financial and accounting report of a company limited by shares shall be made available at the company 20 days before the annual general meeting of shareholders is held for inspection by shareholders. A company limited by shares that publicly offers shares shall announce its financial and accounting report.

**Article 166** When a company distributes its after-tax profit of the current year, ten percent of the profit shall be allocated to its statutory common reserve fund. The company is not required to do so once the cumulative amount of the statutory common reserve fund reaches 50 percent or more of the company's registered capital.

If the statutory common reserve fund of the company is not sufficient to cover its losses in previous years, the company shall use the profit of the current year to cover the losses before accruing the statutory common reserve fund in accordance with the preceding Paragraph.

After the company has accrued the statutory common reserve fund from its after-tax profit, it may, subject to a resolution of the shareholders' meeting or the general meeting of shareholders, accrue discretionary common reserve fund from the after-tax profit.

After having been used to cover the losses and make allocation to the common reserve fund, the remaining after-tax profit shall be distributed in accordance with Article 34 of this Law, in the case of a limited liability company; or in proportion to the shares held by each shareholder, in the case of a company limited by shares, unless otherwise specified in its articles of association.

When the shareholders' meeting, general meeting of shareholders or board of directors violates the preceding Paragraph and distributes profit to shareholders before the company covers the losses and accrues the statutory common reserve fund, the shareholders shall return to the company the profit distributed in violation.

A company shall not distribute profits to its holdings of its own shares.

**Article 167** Both the premium obtained by a company limited by shares from issuing shares at a price above the par value thereof, and other incomes that shall be included in the capital reserve fund of the company as required by the finance department of the State Council shall be included in the capital reserve fund of the company.

**Article 168** The common reserve fund of a company shall be used to cover the losses of the company, expand the production operations of the company, or be converted to increase the company's capital. The capital reserve fund shall not be used to cover the losses of the company.

When the statutory common reserve fund is converted into capital, the amount thereof remaining after the conversion shall not be less than 25 percent of the registered capital of the company before the increase.

**Article 169** The engagement of any accounting firm undertaking the audit of a company, and the termination of the engagement shall, pursuant to the company's articles of association, be decided by the shareholders' meeting, the general meeting of shareholders or the board of directors.

When the shareholders' meeting, general meeting of shareholders or board of directors votes on the termination of the engagement of an accounting firm, the accounting firm shall be allowed to present its opinions.

**Article 170** A company shall provide the accounting firm engaged with truthful and complete accounting proofs, account books, financial and accounting reports and other accounting materials, and may not refuse to provide or conceal any required information or make any false statements.

**Article 171** A company shall not establish any account books other than the statutory ones.

No company assets may be deposited under any account opened in any individual's name.

## Chapter 9: Merger, Division or Capital Increase or Reduction of a Company

**Article 172** Merger of companies may either be merger by consolidation or merger by incorporation.

Merger by consolidation shall mean that a company absorbs other companies while the absorbed companies shall be dissolved.

Merger by incorporation shall mean that two or more companies merge into a newly incorporated company while all the merged parties shall be dissolved.

**Article 173** In the case of a merger of companies, the parties thereto shall conclude a merger agreement and prepare the balance sheet and a list of property. The companies shall notify their creditors within ten days after the resolution on merger is made, and shall publish an announcement in newspapers within 30 days. The creditors may, within 30 days upon receipt of the written notice or, in the case of failure to receive the written notice, within 45 days of the public announcement, request the company to repay the debts or provide the corresponding guaranty.

**Article 174** In the case of a merger of companies, the claims and debts of each of the companies to the merger shall be succeeded to by the company continuing to exist after the merger or the newly incorporated company.

**Article 175** In the case of the division of a company, the property thereof shall be divided accordingly.

The balance sheet and a list of property of the company shall be prepared for the division thereof. The company shall notify its creditors within ten days after the resolution on division is made, and shall publish an announcement in newspapers within 30 days.

**Article 176** The companies after the division shall bear joint and several liabilities for the debts of the company prior to the division, unless otherwise agreed upon prior to the division by the company and its creditors in a written agreement concerning the settlement of debts.

**Article 177** When it is necessary for a company to reduce its registered capital, it shall prepare the balance sheet and a list of property.

The company shall notify its creditors within ten days after the resolution on the reduction of the registered capital is made, and shall publish an announcement in newspapers within 30 days. The creditors shall, within 30 days upon receipt of the written notice, or in the case of the failure to receive the written notice, within 45 days after the public announcement, be entitled to request the company to repay the debts or provide the corresponding guaranty.

**Article 178** When a limited liability company increases its registered capital, the capital contribution subscribed for by its shareholders for the newly increased capital shall be governed by the provisions of this Law on the capital contribution for the establishment of a limited liability company.

When a company limited by shares issues new shares to increase its registered capital, the subscription of the new shares by its shareholders shall be governed by the provisions of this Law on the payment for shares for the establishment of a company limited by shares.

**Article 179** In the event of merger or division of a company, the formalities for change of registration shall be completed with the relevant company registration authority for changes of any registered item in accordance with the law; the company deregistration formalities shall be completed in accordance with the law if the company is dissolved; and the company establishment registration formalities shall be completed in accordance with the law if a new company is established.

In the case of any increase or reduction of a company's registered capital, relevant formalities for change of registration shall be completed with the company registration authority concerned in accordance with the law.

## Chapter 10: Dissolution and Liquidation of a Company

**Article 180** A company may be dissolved for any of the following reasons:

(1) The term of operation specified in the company's articles of association expires or any of the other causes of dissolution specified in the company's articles of association occurs;

(2) The shareholders' meeting or the general meeting of shareholders makes a resolution to dissolve the company;

(3) Dissolution is required by a merger or division of a company;

(4) The business license of a company is revoked, or the company is ordered to close down or is removed, in accordance with the law; or

(5) People's Court decides to dissolve the company pursuant to Article 182 of this Law.

**Article 181** A company under Item (1) of Article 180 of this Law may continue to exist by modifying its articles of association.

The modification of the company's articles of association in accordance with the preceding Paragraph shall be passed, in the case of a limited liability company, by the shareholders representing more than two thirds of the voting rights or, in the case of a company limited by shares, by the shareholders representing more than two thirds of the voting rights of all shareholders present at the general meeting of shareholders.

**Article 182** When a company faces difficulty in operations and management such that the interests of its shareholders will suffer serious losses if the company continues to exist, and there is no other way to resolve the problem, the shareholders representing more than ten percent of the voting rights of all the shareholders of the company may file a request with the competent People's Court to dissolve the company.

**Article 183** When a company is dissolved under Item (1), Item (2), Item (4) or Item (5) of Article 180 of this Law, a liquidation group shall be formed to commence liquidation within 15 days after a cause of dissolution occurs. The liquidation group shall be composed of shareholders, in the case of a limited liability company; or shall be composed of the persons determined by the directors or the general meeting of shareholders, in the case of a company limited by shares. When a liquidation group is not formed to carry out liquidation within the specified time limit, the creditors may request the competent People's Court designate relevant personnel to form a liquidation group for liquidation. The People's Court shall accept the application, and shall organize a liquidation group to carry out liquidation timely.

**Article 184** The liquidation group of a company may exercise the following powers during liquidation:

(1) Liquidating the property of the company, and preparing the balance sheet and a list of property;

(2) Informing the creditors of the company by notice or public announcement;

(3) Handling the outstanding liquidation-related business of the company;

(4) Paying off the due and payable taxes and the taxes incurred during the liquidation;

(5) Liquidating the claims and the debts of the company;

(6) Handling the property remaining after the full repayment of the debts of the company; and

(7) Participating in civil litigations on behalf of the company.

**Article 185** The liquidation group of a company shall notify the creditors within ten days upon its formation, and publish an announcement on newspapers within 60 days. The creditors shall declare their claims to the liquidation group within 30 days upon receipt of the written notice or in the case of the failure to receive the written notice, within 45 days of the public announcement.

When declaring the claims, the creditors shall clarify the matters related thereto and provide supporting materials. The liquidation group shall register the claims.

During the period for declaration of claims, the liquidation group shall not make any repayment to any of the creditors.

**Article 186** The liquidation group of a company shall, after having liquidated the property of the company and prepared the balance sheet and a list of property, formulate a liquidation plan which shall be submitted to the shareholders' meeting, the general meeting of shareholders or the competent People's Court for confirmation.

After paying off the liquidation expenses, the salaries of staff, social insurance premiums and the statutory compensations of the staff members, the due and payable taxes and the debts of the company, the liquidation group shall distribute the remaining property, in the case of a limited liability company, in proportion to the shareholders' capital contribution or, in the case of a company limited by shares, in proportion to the shares held by each shareholder.

During the liquidation, the company shall continue to exist, but shall not carry out business activities irrelevant to the liquidation. The property of the company shall not be distributed to any shareholder before full payments have been made out of the property in accordance with the preceding Paragraph.

**Article 187** When the liquidation group of a company discovers, after having liquidated the property of the company and prepared the balance sheet and a list of property, that the property of the company is not sufficient for debt repayment in full, it shall apply to the competent People's Court for bankruptcy declaration in accordance with the law.

After the People's Court rules to declare the company bankrupt, the liquidation group shall hand over the liquidation matters to the People's Court.

**Article 188** After the completion of the liquidation of a company, the liquidation group shall prepare a liquidation report which shall be submitted to the shareholders' meeting, the general meeting of shareholders or the competent People's Court for confirmation, and to the relevant company registration authority for the purpose of applying for the deregistration of the company and the public announcement on the termination of the company.

**Article 189** The members of a liquidation group shall devote themselves to their duties and perform liquidation obligations in accordance with the law.

The members of a liquidation group shall not take advantage of their powers to accept bribes or other illegal gains, nor shall they encroach on the property of the company concerned.

A member of a liquidation group who has caused any losses to the company or its creditors intentionally or by gross negligence shall be liable for compensation.

**Article 190** When a company is declared bankrupt pursuant to the law, bankruptcy liquidation shall be carried out in accordance with the laws on enterprise bankruptcy.

## Chapter 11: Branches of a Foreign Company

**Article 191** For the purpose of this Law, a foreign company shall refer to a company established outside the territory of China under a foreign law.

**Article 192** To establish a branch within the territory of China, a foreign company shall file an application with the competent authority of China and submit relevant documents such as its articles of association and the company registration certificate issued by the authority of the country where it is registered. Upon approval, the foreign company shall go through the registration formalities with the relevant company registration authority in accordance with the law and collect the business license for the branch.

Measures for examination and approval of the branches of a foreign company shall be formulated separately by the State Council.

**Article 193** A foreign company shall, in establishing a branch within the territory of China, designate a representative or an agent within the territory of China to be responsible for the branch, and allocate to the branch the funds commensurate with the business activities in which the branch engages.

Other necessary provisions on the minimum amount of the operational funds for a branch of a foreign company shall be separately formulated by the State Council.

**Article 194** A branch of a foreign company shall include, in its name, the country of origin and the form of liability of the foreign company.

A branch of a foreign company shall make available, at the branch's premises, the articles of association of the foreign company.

**Article 195** A branch established within the territory of China by a foreign company is not qualified as a Chinese legal person.

A foreign company shall bear civil liabilities for the business activities carried out by its branches within the territory of China.

**Article 196** When conducting business activities within the territory of China, branches of foreign companies that are established upon approval shall comply with Chinese laws, and shall not prejudice the social and public interest of China. Their legitimate rights and interests are protected by Chinese laws.

**Article 197** When a foreign company removes any of its branches within the territory of China, it shall pay off its debts pursuant to the law, and carry out liquidation in accordance with the company liquidation procedures under this Law. The property of the branch shall not be transferred outside the territory of China before the debts are repaid in full.

Chapter 12: Legal Liabilities

**Article 198** When, in violation of this Law, a company has been registered by false reporting of the registered capital, submission of false materials, or concealment of any important facts by other fraudulent means, the company registration authority concerned shall order correction to be made. When a company falsely reports its registered capital, a fine of not less than five percent but not more than 15 percent of the falsely-reported registered capital shall be imposed. When a company submits false materials or conceals any important facts by other fraudulent means, a fine of not less than RMB 50,000 but not more than RMB 500,000 shall be imposed. Under grave circumstances, the company shall be deregistered or its business license shall be revoked.

**Article 199** When a promoter or shareholder of a company makes false capital contribution, fails to deliver the monetary amount or the non-monetary property used as capital contribution, or fails to

deliver the same as scheduled, the relevant company registration authority shall order the promoter or shareholder to make correction, and impose thereon a fine of not less than five percent but not more than 15 percent of the amount of the falsely made capital contribution.

**Article 200** When a promoter or shareholder of a company illegally withdraws its capital contribution after the company is established, the relevant company registration authority shall order the promoter or shareholder to make correction, and impose thereon a fine of not less than five percent but not more than 15 percent, of the capital contribution withdrawn.

**Article 201** When a company violates this Law and establishes account books other than the statutory ones, the finance department of the relevant people's government at or above the county level shall order the company to make correction, and impose thereon a fine of not less than RMB 50,000 but not more than RMB 500,000.

**Article 202** When a company makes any false record or conceals any important fact in such materials as the financial and accounting reports that are submitted to the competent authority in accordance with the law, the competent authority shall impose a fine of not less than RMB 30,000 but not more than RMB 300,000 on the primary persons-in-charge subject to direct liabilities and other personnel subject to direct liabilities.

**Article 203** When a company fails to accrue the statutory common reserve fund in accordance with this Law, the finance department of the relevant people's government at or above the county level shall order the company to make good the accrual, and may impose thereon a fine of up to RMB 200,000.

**Article 204** During the merger, division, reduction of registered capital or liquidation of a company, when the company fails to inform its creditors by notice or public announcement in accordance with this Law, the relevant company registration authority shall order the company to make correction, and impose thereon a fine of not less than RMB 10,000 but not more than RMB 100,000.

During the liquidation of a company, when the company conceals its property or makes any false record in the balance sheet or list of property, or distributes its property prior to the repayment of the

debts in full, the relevant company registration authority shall order the company to make correction, impose thereon a fine of not less than five percent but not more than 10 percent of the value of the property that the company has concealed or distributed prior to the repayment of debts in full, and impose a fine of not less than RMB 10,000 but not more than RMB 100,000 on the primary persons-in-charge subject to direct liabilities or other personnel subject to direct liability.

**Article 205** When a company carries out any business activity irrelevant to the liquidation during the liquidation period, the relevant company registration authority shall issue a warning to the company and confiscate the illegal gains.

**Article 206** When a liquidation group fails to submit a liquidation report to the relevant company registration authority pursuant to this Law, or where any important fact is concealed or any material omission is found in the liquidation report submitted, the relevant company registration authority shall order the liquidation group to make correction.

When any member of a liquidation group takes advantage of his/her powers to practice favoritism for personal gains, seek for illegal gains or encroach on any property of the company, the relevant company registration authority shall order the member to return such property of the company, confiscate his/her illegal gains and may impose thereon a fine of not less than one time but not more than five times the illegal gains.

**Article 207** When an institution that undertakes capital valuation, capital verification or certificate verification provides any false materials, the relevant company registration authority shall confiscate the illegal gains of the institution, and impose thereon a fine of not less than one time but not more than five times the illegal gains. The competent authority may also, pursuant to the law, order the institution to terminate its business operations, and revoke the qualification certificates of its personnel subject to direct liabilities and the business license of the institution.

When an institution that undertakes capital valuation, capital verification or certificate verification provides a report with material omission out of negligence, the relevant company registration authority shall order the institution to make correction and, under grave circumstances, impose thereon a fine of not less than one time but not more than five times the gains. The competent authority may also, pursuant to the law, order the institution organization to terminate its business operations, and revoke the qualification certificates of its personnel subject to direct liabilities and the business license of the institution.

When the valuation result, capital verification certification or certificate verification certification issued by an institution that undertakes capital valuation, capital verification or certificate verification is not truthful, thus causing losses to the creditors of the company concerned, the institution shall bear the liability for compensation to the extent of the value affected by its untruthful valuation or certification, unless it can prove that it is not at fault.

**Article 208** When a company registration authority approves a registration application that fails to satisfy the conditions hereunder, or fails to approve a registration application that satisfies the conditions hereunder, administrative disciplinary measures shall be taken, in accordance with the law, against the primary persons-in-charge subject to direct liabilities and other personnel subject to direct liabilities.

**Article 209** When a superior department of a company registration authority orders the latter to approve a registration application that fails to satisfy the conditions hereunder or not to approve a registration application that satisfies the conditions hereunder, or when the superior department covers up any illegal registration by the latter, administrative disciplinary measures shall be taken, in accordance with the law, against the primary persons-in-charge subject to direct liabilities and other personnel subject to direct liabilities of the superior department.

**Article 210** When an entity not registered as a limited liability company or a company limited by shares in accordance with the law fraudulently names itself as such, or when an entity not registered as a branch company of a limited liability company or a company limited by shares in accordance with the law fraudulently names itself as such, the relevant company registration authority shall order the entity to make correction or ban the entity, and may concurrently impose thereon a fine of up to RMB 100,000.

**Article 211** When a company fails to commence business within six months after its establishment without justifiable reasons, or where a company suspends its business for at least six consecutive months at its own discretion after the commencement of business, the relevant company registration authority may revoke its business license.

When a company fails to go through the formalities for registration of the changes in its registered items in accordance with this Law, the relevant company registration authority shall order the company

to go through the registration formalities within a specified time limit; if the company fails to do so by the specified deadline, a fine of not less than RMB 10,000 but not more than RMB 100,000 shall be imposed thereon.

**Article 212** When a foreign company violates this Law and establishes a branch within the territory of China without authorization, the relevant company registration authority shall order the foreign company to make correction or close down the branch, and may concurrently impose thereon a fine of not less than RMB 50,000 but not more than RMB 200,000.

**Article 213** The business license of a company shall be revoked if grave illegalities that endanger State security or prejudice social and public interests are committed in the name of the company.

**Article 214** A company that violates this Law shall bear civil liabilities for compensation and pay relevant fines, and shall, in the event that its property is not sufficient to make all payments, bear civil liabilities for compensation first.

**Article 215** Whoever violates this Law shall be investigated for criminal liabilities pursuant to the law if the violation constitutes a criminal offense.

Chapter 13: Supplementary Provisions

**Article 216** For the purpose of this Law, the meanings of the following terms are as follow:

(1) "Officers" shall refer to the managers, vice managers and the person in charge of financial matters of a company, the secretary of the board of directors of a listed company, and any other personnel specified in the articles of association of a company;

(2) "A controlling shareholder" shall refer to a shareholder whose capital contribution accounts for 50 percent or more of the total capital of a limited liability company, a shareholder whose shares account for 50 percent or more of the total share capital of a company limited by shares, or a shareholder whose voting rights corresponding to the capital contribution or shares thereof are sufficient to exert a material influence on the resolutions of the shareholders' meeting or the general meeting of shareholders, despite

the fact that the shareholder's capital contribution or shares account for less than 50 percent of the total capital or total share capital;

(3) "Actual controller" shall refer to a person who is not a shareholder of a company but who is able to actually control the acts of the company through investment relations, agreements or other arrangements; and

(4) "Association relationship" shall refer to the relationship between a controlling shareholder, actual controller, director, supervisor or officers of a company with an enterprise under the direct or indirect control thereof, or any other relationship that may lead to the transfer of the interests of the company. The enterprises in which the State is the controlling shareholder are not necessarily associated to each other solely on the ground that the State is a controlling shareholder thereof.

**Article 217** This Law shall be applicable to foreign-invested limited liability companies and companies limited by shares. The provisions otherwise prescribed by the laws on foreign investment shall prevail.

**Article 218** This Law shall come into effect on January 1, 2006.



ISBN 978-7-5118-5841-2

Price: RMB 5

# EXHIBIT D



# 中华人民共和国企业国有资产法

## 企业国有资产监督管理暂行条例

法律出版社



ISBN 978-7-5118-6907-4

定价：6.00元

中华人民共和国企业国有资产法

企业国有资产监督管理暂行条例

法律出版社

# 目　录

中华人民共和国企业国有资产法 ………………………（ 1 ）
（2008 年 10 月 28 日）

企业国有资产监督管理暂行条例 ………………………（18）
（2011 年 1 月 8 日修订)

# 企业国有资产监督管理暂行条例

（2003年5月27日国务院令第378号公布 根据 2011年1月8日《国务院关于废止和修改部分行政 法规的决定》修订）

## 第一章 总 则

**第一条** 为建立适应社会主义市场经济需要的国有资产监督管理体制，进一步搞好国有企业，推动国有经济的战略性调整，发展和壮大国有经济，实现国有资产保值增值，制定本条例。

**第二条** 国有及国有控股企业、国有参股企业中的国有资产的监督管理，适用本条例。

金融机构中的国有资产的监督管理，不适用本条例。

**第三条** 本条例所称企业国有资产（以下称国有资产），是指国家对企业各种形式的投资和投资所形成的权益，以及依法认定为国家所有的其他权益。

**第四条** 企业国有资产属于国家所有。国家实行由国务院和地方人民政府分别代表国家履行出资人职责、享有所有者权益，权利、义务和责任相统一，管资产和管人、管事相结合的国有资产管理体制。

**第五条** 国务院代表国家对关系国民经济命脉和国家安

18

全的大型国有及国有控股、国有参股的国有及国有控股、国有参股的企业，重要基础设施和重要自然资源等领域的国有及国有控股、国有参股的企业，履行出资人职责。国务院授权履行出资人职责的企业，由国务院确定、公布。

省、自治区、直辖市和设区的市，分别代表国家对由国务院履行出资人职责以外的国有及国有控股、国有参股的企业，履行出资人职责。其中，省、自治区、直辖市人民政府履行出资人职责的国有及国有控股、国有参股企业，由省、自治区、直辖市人民政府确定、公布，并报国务院国有资产监督管理机构备案；设区的市人民政府履行出资人职责的国有及国有控股、国有参股企业，由设区的市人民政府确定、公布，并报省、自治区、直辖市人民政府国有资产监督管理机构备案。

**第六条** 国务院，省、自治区、直辖市人民政府，设区的市、自治州级人民政府，分别设立国有资产监督管理机构。国有资产监督管理机构根据授权，依法履行出资人职责，依法对企业国有资产进行监督管理。

设区的市、自治州级人民政府的设区的市、经济、自治区、直辖市人民政府批准，可以不单独设立国有资产监督管理机构。

**第七条** 各级人民政府应当严格执行国有资产管理法律、法规，坚持政府的社会公共管理职能与国有资产出资人职能分开，坚持政企分开，实行所有权与经营权分离。

国有资产监督管理机构不行使政府的社会公共管理职能，政府其他机构、部门不得行使企业国有资产出资人职责。

**第八条** 国有资产监督管理机构应当依照本条例和其他

19

有关法律、行政法规的规定，建立健全内部监督制度，严格执行法律、行政法规。

第九条　发生战争、严重自然灾害或者其他重大、紧急情况时，国家可以依法统一调用、处置企业国有资产。

第十条　所出资企业及其投资设立的企业，享有有关法律、行政法规规定的生产经营自主权。

国有资产监督管理机构应当支持企业依法自主经营。除履行出资人职责以外，不得干预企业的生产经营活动。

第十一条　所出资企业应当努力提高经济效益，对其经营管理的企业国有资产承担保值增值责任。

所出资企业应当接受国有资产监督管理机构依法实施的监督管理，不得损害企业国有资产所有者和其他出资人的合法权益。

第二章　国有资产监督管理机构

第十二条　国务院国有资产监督管理机构代表国务院履行出资人职责、负责监督管理企业国有资产的直属特设机构。

省、自治区、直辖市人民政府国有资产监督管理机构，设区的市、自治州级人民政府国有资产监督管理机构是代表本级政府履行出资人职责、负责监督管理企业国有资产的直属特设机构。

上级政府国有资产监督管理机构依法对下级政府的国有资产监督管理工作进行指导和监督。

第十三条　国有资产监督管理机构的主要职责是：

（一）依照《中华人民共和国公司法》等法律、法规，对所出资企业履行出资人职责，维护所有者权益；

20

（二）指导推进国有及国有控股企业的改革和重组；

（三）依照规定向所出资企业派出监事会；

（四）依照法定程序对所出资企业的企业负责人进行任免、考核，并根据考核结果对其进行奖惩；

（五）通过统计、稽核等方式对企业国有资产的保值增值情况进行监督；

（六）履行出资人职责的其他监督管理机构除前款规定职责外，可以制定企业国有资产监督管理的规章、制度。

国务院国有资产监督管理机构和省、自治区、直辖市人民政府国有资产监督管理机构承办本级政府交办的其他事项。

第十四条　国有资产监督管理机构的主要义务是：

（一）推进国有资产合理流动和优化配置，推动国有经济布局和结构的调整；

（二）保持和提高关系国民经济命脉和国家安全领域国有经济的控制力和竞争力，提高国有经济的整体素质；

（三）探索有效的国有资产监管体制和方式，加强企业国有资产监督管理工作，促进企业国有资产保值增值，防止企业国有资产流失；

（四）指导和推进国有及国有控股企业建立现代企业制度，完善公司法人治理结构，推进管理现代化；

（五）尊重、维护国有及国有控股企业依法经营自主权，依法维护企业合法权益，促进企业依法依规经营管理，增强企业竞争力；

（六）指导和协调解决国有及国有控股企业改革与发展中的困难和问题。

第十五条　国有资产监督管理机构应当向本级政府报告企业国有资产监督管理工作、国有资产保值增值状况和其他重大事项。

21

## 第三章　企业负责人管理

第十六条　国有资产监督管理机构应当建立健全适应现代企业制度要求的选用企业负责人的机制和激励约束机制。

第十七条　国有资产监督管理机构按照有关规定,任免或者建议任免所出资企业的企业负责人:

(一)任免或者建议任免独资企业的总经理、副总经理、总会计师及其他企业负责人;

(二)任免或者建议公司制独资公司的董事长、董事,并向董事会提出副董事长、董事会和监事会成员人选,提名总经理人选,根据董事长提名,提出副总经理、总会计师人选的建议;

(三)依照公司章程,提名参股公司派出的董事、监事人选,推荐董事长和监事会主席人选,并向其提出总经理、副总经理、总会计师等人选的建议;

(四)依照公司章程,提出向国有参股公司派出的董事、监事人选。

国务院,省、自治区、直辖市人民政府,设区的市、自治州级人民政府,对所出资企业的企业负责人的任免及有关建议,按照有关规定执行。

第十八条　国有资产监督管理机构应当建立国有独资企业负责人经营业绩考核制度,与其任命的企业负责人签订业绩合同,根据业绩合同对企业负责人进行年度考核和任期考核。

第十九条　国有资产监督管理机构应当依照有关规定,确定所出资企业中国有独资企业、国有独资公司的企业负责人的薪酬;依据考核结果,决定其所出资企业派出的企业负责人的奖惩。

22

## 第四章　企业重大事项管理

第二十条　国有资产监督管理机构负责指导国有独资企业、国有独资公司建立现代企业制度,审核批准或审核并报其所出资企业中的国有独资企业、国有独资公司的章程。

第二十一条　国有资产监督管理机构依照法定程序决定其所出资企业中国有独资企业、国有独资公司的分立、合并、破产、解散、增减资本,发行公司债券等重大事项。其中,重要的国有独资企业、国有独资公司分立、合并、破产、解散的,国有资产监督管理机构审核后,报本级人民政府批准。

国有资产监督管理机构决定国防科技工业领域其所出资企业中的国有独资企业、国有独资公司的有关重大事项时,按照国家有关法律、法规执行。

第二十二条　国有资产监督管理机构依照公司法的规定,派出股东代表、董事,参加国有控股公司、国有参股公司的股东会、董事会。

国有资产监督管理机构向国有控股公司、国有参股公司委派的股东代表、董事,应当按照国有资产监督管理机构的指示发表意见、行使表决权。

国有资产监督管理机构派出的股东代表、董事,应当将其履行职责的有关情况及时向国有资产监督管理机构报告。

第二十三条　国有资产监督管理机构决定其所出资企业中国有独资企业、国有独资公司的国有股权转让。其中,转让全部国有股权或者转让部分国有股权导致国家对该企业不再具有控股地位的,报本级人民政府批准。

23

股权致使国家不再拥有控股地位的，报本级人民政府批准。

第二十四条　所出资企业设立的重要子企业的重大事项，需由所出资企业报国有资产监督管理机构审核，报经国务院批准。

第二十五条　国有资产监督管理机构依照国家有关规定组织协调所出资企业中的国有独资公司、国有独资企业的破产工作，并配合有关部门做好企业下岗职工安置等工作。

第二十六条　国有资产监督管理机构依照国家有关规定拟订所出资企业分配制度改革的指导意见，调控所出资企业工资分配的总体水平。

第二十七条　[所出资企业中的国有独资企业、国有独资公司经国务院批准，可以作为国务院规定的投资公司，依照公司法第二十条规定的权利的机构，享有公司法第二十条规定的权利的删除]

第二十八条　国有资产监督管理机构可以对所出资企业中具备条件的国有独资企业、国有独资公司进行国有资产授权经营。

被授权的国有独资企业、国有独资公司应当依法对其全资、控股、参股企业中的国有资产形成的国有资产进行经营、管理和监督。

第二十九条　被授权的国有独资企业、国有独资公司应当建立和完善规范的现代企业制度，并承担企业国有资产的保值增值责任。

24

## 第五章　企业国有资产管理

第三十条　国有资产监督管理机构对其所出资企业应当建立企业国有资产产权交易监督制度，加强企业国有资产产权交易监管，防止企业国有资产流失。

第三十一条　国有资产收益依法履行出资人职责，对其所出资企业的重大投融资规划、发展战略和规划，依照国家发展规划和产业政策履行出资人职责。

第三十二条　所出资企业中的国有独资企业、国有独资公司，需由国有资产监督管理机构批准的，依照有关规定执行。

第三十三条　国有资产处置，需由国有资产监督管理机构审批的重大事项，依照有关规定执行。

## 第六章　企业国有资产监督

第三十四条　国务院国有资产监督管理机构代表国务院向其所出资企业的国有资产监督管理机构或国有独资企业、国有独资公司派出监事会。监事会组成、职权、行为规范等，依照《国有企业监事会暂行条例》的规定执行。

地方人民政府履行国有资产监督管理机构代表本级人民政府

25

上缴利分的国有及国有控股企业的企业负责人，5年内不得担任任何国有及国有控股企业的企业负责人；造成国有资产重大损失或者被判处刑罚的，终身不得担任任何国有及国有控股企业的企业负责人。

# 第八章 附 则

第四十二条 国有及国有独资企业、国有独资公司，国有参股企业的组织形式、组织机构、权利和义务等，依照《中华人民共和国公司法》等法律、行政法规和本条例的规定执行。

第四十三条 国有及国有控股企业、国有参股企业中的中国共产党基层组织建设、社会主义精神文明建设和党风廉政建设，依照《中国共产党章程》和有关规定执行。

国有及国有控股企业、国有参股企业中工会组织依照《中华人民共和国工会法》和《中国工会章程》的有关规定执行。

第四十四条 国务院国有资产监督管理机构、省、自治区、直辖市人民政府可以依据本条例制定实施办法。

第四十五条 本条例施行前制定的有关企业国有资产监督管理的行政法规规章与本条例规定不一致的，依照本条例的规定执行。

第四十六条 政企尚未分开的单位，应当按照国务院的规定，加快改革，实现政企分开，改企分开后的企业，由国有资产监督管理机构依照本条例对企业国有资产进行监督管理。

第四十七条 本条例自公布之日起施行。

27

---

向其所出资企业中的国有独资企业、国有独资公司派出监事会，参照《国有企业监事会暂行条例》的规定执行。

第三十五条 国有资产监督管理机构依法对所出资企业财务进行监督，建立和完善国有资产保值增值指标体系，维护国有资产出资人的权益。

第三十六条 国有及国有控股企业应当加强内部监督和风险控制，依照国家有关规定建立健全财务、审计、企业法律顾问和职工民主监督等制度。

第三十七条 所出资企业中的国有独资企业、国有独资公司应当按照规定定期向国有资产监督管理机构报告财务状况、生产经营状况和国有资产保值增值状况。

# 第七章 法 律 责 任

第三十八条 国有资产监督管理机构不按规定履行出资人职责、免除或者建议任免所出资企业负责人，或者违法干预所出资企业的生产经营活动，侵犯其合法权益，造成国有资产流失或者其他严重后果的，对直接负责的主管人员和其他直接责任人员，依法给予处分；构成犯罪的，依法追究刑事责任。

第三十九条 所出资企业中的国有独资企业、国有独资公司未按规定向国有资产监督管理机构报告财务状况、生产经营状况和国有资产保值增值状况的，予以警告；情节严重的，对直接负责的主管人员和其他直接责任人员依法给予纪律处分。

第四十条 国有及国有控股企业的国有资产监督职权，玩忽职守、造成企业国有资产损失的，应负赔偿责任，并对其依法给予纪律处分；构成犯罪的，依法追究刑事责任。

第四十一条 对企业国有资产损失负有责任被追究职务以

26

图书在版编目（CIP）数据

中华人民共和国企业国有资产法·企业国有资产监督
管理暂行条例／法律出版社法规中心汇编.—北京：法
律出版社，2014.10

ISBN 978 – 7 – 5118 – 6907 – 4

Ⅰ.①中… Ⅱ.①法… Ⅲ.①国有企业—国有资产管
理—经济法—中国②国有企业—国有资产管理—条例—中
国 Ⅳ.①D922.291

中国版本图书馆 CIP 数据核字（2014）第 222081 号

◎法律出版社·中国

出版／法律出版社                    编辑统筹／法规出版分社
总发行／中国法律图书有限公司          经销／新华书店
印刷／廊坊市都彩印刷有限公司          责任印制／吕亚莉

开本／850 毫米 ×1168 毫米 1/32        印张／1     字数／20千
版本／2015 年 1 月第 1 版             印次／2015 年 1 月第 1 次印刷

法律出版社／北京市丰台区莲花池西里 7 号（100073）
电子邮件／info@lawpress.com.cn        销售热线／010 – 63939792/9779
网址／www.lawpress.com.cn             咨询电话／010 – 63939796

中国法律图书有限公司／北京市丰台区莲花池西里 7 号（100073）
全国各地中法super分·子公司电话：
第一法律书店／010 – 63939781/9782  西安分公司／029 – 85388843  重庆分公司／023 – 65382816/2808
上海公司／021 – 62071010/1656  北京分公司／010 – 62554456  深圳公司／0755 – 83072995

书号：ISBN 978 – 7 – 5118 – 6907 – 4  定价：6.00 元
（如有缺页或倒装，中国法律图书有限公司负责退换）



# Provisional Regulation of the People's Republic of China on State-owned Assets of Enterprises

# Interim Regulation on Supervision and Administration of the State-owned Assets of Enterprises

**Law Press • China**

# Provisional Regulation of the People's Republic of China on State-owned Assets of Enterprises

# Interim Regulation on Supervision and Administration of the State-owned Assets of Enterprises

**Law Press • China**

# Contents

Provisional Regulation of the People's Republic of China on State-owned Assets of Enterpris-
es.................................................................................................................(1)

(October 28, 2008)

Interim Regulation on Supervision and Administration of the State-owned Assets of Enterpris-
es...............................................................................................................(18)

(Revised on January 8, 2011)



# Interim Regulations on the Supervision and Administration of State-Owned Assets of Enterprises

(Promulgated by Order No. 378 of the State Council on May 27, 2003; Amended in accordance with *Decision of the State Council on Repealing and Amending Some Administrative Regulations* issued on January 8, 2011.) .

## Chapter 1: General Provisions

**Article 1**    These Regulations are formulated to establish a system for supervision and administration of State-owned assets that suits the needs of the socialist market economy, improve the administration of State-owned enterprises, push forward the strategic adjustment to the layout and structure of the State economy, develop and expand the State economy, and realize the preservation of and increase in the value of State-owned assets.

**Article 2**    These Regulations are applicable to the supervision and administration of State-owned assets of State-owned enterprises, State-owned holding enterprises and enterprises with State-owned equity.

These Regulations are not applicable to the supervision and administration of State-owned assets of financial institutions.

**Article 3**    The term "State-owned assets of enterprises" in these Regulations refers to all forms of State investments in enterprises and the equities generated from such investments, as well as other equities which are legally owned by the State.

**Article 4**    State-owned assets of enterprises are owned by the State. The State carries out a State-owned assets administration system under which the State Council and local people's governments perform the responsibilities of an investor on behalf of the State respectively, enjoying owner's interests and rights, combining rights with obligations and duties, and administering assets, personnel and other affairs.

**Article 5**    The State Council represents the State to perform the responsibilities of an investor in large State-owned enterprises, State-owned holding enterprises and enterprises with State-owned equity, which have a vital bearing on the lifeline of the national economy and State security, and in large State-owned enterprises, State-owned holding enterprises and enterprises with State-owned equity within sectors such as essential infrastructure and natural resources. Enterprises, in which the State Council performs the responsibilities of an investor, are to be determined and announced by the State Council.

The people's government of a province, autonomous region or municipality directly under the Central Government, the people's government at the level of city divided into districts or of autonomous prefecture shall respectively represent the State to perform the responsibilities of an investor in State-owned enterprises, State-owned holding enterprises and enterprises with State-owned equity other than those in which the State Council performs the responsibilities of an investor. Enterprises, in which the people's government of the province, autonomous region or municipality directly under the Central Government performs the responsibilities of an investor, are to be determined and announced by the people's government of such province, autonomous region or municipality directly under the Central Government, and be reported for record purposes to the State-owned assets supervision and administration authority of the State Council. Other enterprises, in which the people's government at the level of city divided into districts or of autonomous prefecture performs the responsibilities of an investor, are to be determined and announced by the people's government at the level of city divided into districts or of autonomous prefecture, and be reported for record purposes to the State-owned assets supervision and administration authority of the people's government of the province, autonomous region or municipalities directly under the Central Government.

Enterprises, in which the State Council, the people's government of a province, autonomous region or municipality directly under the Central Government, or the people's government at the level of city divided into districts or of autonomous prefecture performs the responsibilities of an investor, are hereinafter collectively referred to as the "Invested Enterprises".

**Article 6**    The State Council, the people's government of a province, autonomous region or municipality directly under the Central Government, the people's government at the level of city divided into districts or of autonomous prefecture shall establish a State-owned assets supervision and administration authority respectively. The State-owned assets supervision and administration authority shall, under the authorization, perform the responsibilities of an investor in accordance with the law, supervise and administer State-owned assets of enterprises in accordance with the law.

Subject to the approval of the people's government of a province, autonomous region or municipality directly under the Central Government, a city divided into districts or autonomous prefecture where State-owned assets form a smaller part of the total assets of enterprises need not establish a separate State-owned assets supervision and administration authority.

**Article 7**    People's governments at all levels shall strictly abide by the laws and regulations on State-owned assets administration, persist in the separation of government functions of social and public administration from the functions of an investor of State-owned assets, persist in the separation of functions of government from those of enterprises, and adopt the separation of enterprise ownership from the power of operation.

The State-owned assets supervision and administration authority shall not perform the functions of social and public administration assumed by the government. Other institutions and departments under the government shall not perform the responsibilities of an investor of State-owned assets of enterprises.

**Article 8**    The State-owned assets supervision and administration authority shall, in accordance with these Regulations and other related laws and administrative regulations, establish and improve its internal supervision systems and strictly abide by the laws and administrative regulations.

**Article 9**    In the event of wars, serious natural calamities or other major and emergent situations, the State may, in accordance with the law, uniformly reallocate and dispose State-owned assets of enterprises.

**Article 10**    The Invested Enterprises and the enterprises set up with the investment of such

Invested Enterprises can enjoy autonomy in their operation as provided by the relevant laws and administrative regulations.

The State-owned assets supervision and administration authority shall support the independent operation of enterprises in accordance with the law, and shall not interfere in their production and operation activities, apart from performing the responsibilities of an investor.

**Article 11**   The Invested Enterprises shall make efforts to increase economic efficiency and bear the responsibility of preserving and increasing the value of State-owned assets operated and managed by them.

The Invested Enterprises shall accept the supervision and administration conducted by the State-owned assets supervision and administration authority in accordance with the law, and shall not harm the legitimate rights and interests enjoyed by the owner of State-owned assets of enterprises and other investors.

### Chapter 2: State-owned Assets Supervision and Administration Authorities

**Article 12**   The State-owned assets supervision and administration authority of the State Council is a specially established authority directly subordinated to the State Council which, on behalf of the State Council, performs the responsibilities of an investor, supervises and administers State-owned assets of enterprises.

The State-owned assets supervision and administration authority of the people's government of a province, autonomous region or municipality directly under the Central Government, or the State-owned assets supervision and administration authority of the people's government at the level of city divided into districts or of autonomous prefecture, is a specially established authority directly subordinated to the respective people's government which, on behalf of the government at the same level, performs the responsibilities of an investor, supervises and administers State-owned assets of enterprises.

The State-owned assets supervision and administration authority of the government at a higher level guides and supervises in accordance with the law the supervision and administration work of State-owned assets supervision and administration of the government at a lower level.

**Article 13**   The main responsibilities of a State-owned assets supervision and administration authority are as follows:

(1) To perform the responsibilities of an investor for the Invested Enterprises in accordance with the *Company Law of the People's Republic of China* and other related laws and regulations, and to safeguard the rights and interests of the owner;

(2) To guide and push forward the reform and restructuring of State-owned enterprises and State-owned holding enterprises;

(3) To dispatch board of supervisors to the Invested Enterprises pursuant to the relevant regulations;

(4) To appoint or remove principals of the Invested Enterprises and to evaluate their performance in accordance with the statutory procedures, and to grant rewards or impose punishments based on the evaluation results;

(5) To supervise and administer the preservation of and increase of the value of State-owned assets of enterprises by means of statistics or auditing;

(6) To perform other responsibilities of an investor and to undertake other tasks assigned thereto by the government at the corresponding level.

Besides the responsibilities set forth in the preceding paragraph, the State-owned assets supervision and administration authority of the State Council may formulate rules and systems for supervision and administration on State-owned assets of enterprises.

**Article 14**    The main obligations of a State-owned assets supervision and administration authority are as follows:

(1) To promote the reasonable flow and optimized allocation of the State-owned assets, and to propel the adjustment of the layout and structure of the State economy;

(2) To maintain and improve the controlling power and competitive power of the State economy in areas which have a vital bearing on the lifeline of the national economy and State security, and to improve the overall quality of the State economy;

(3) To explore effective systems and ways for the operation of State-owned assets of enterprises, to enhance the work of supervision and administration of the State-owned assets of enterprises, to promote the preservation of and increase in the value of the State-owned assets of enterprises, and to prevent the loss of the State-owned assets of enterprises;

(4) To guide and promote the establishment of modern enterprise system in the State-owned enterprises and State-owned holding enterprises, to improve corporate governance, and advance the modernization of management;

(5) To respect and safeguard the operational autonomy of the State-owned enterprises and State-owned holding enterprises, to safeguard the legitimate rights and interests of enterprises in accordance with the law, to impel enterprises to operate and manage in accordance with the law, and to strengthen their competitive power;

(6) To offer guidance and coordination to State-owned enterprises and State-owned holding enterprises in overcoming difficulties and solving problems in the process of their reform and development.

**Article 15**    The State-owned assets supervision and administration authority shall report to the government at the corresponding level about the supervision and administration work of State-owned assets of enterprises, the preservation of and increase in the value of State-owned assets and other major matters.

## Chapter 3: Administration of Principals of Enterprises

**Article 16**    The State-owned assets supervision and administration authority shall establish and improve the mechanism for selecting and appointing principals of enterprises and the mechanism of incentives and restraints on the same that meet the requirements of the modern enterprise system.

**Article 17**    The State-owned assets supervision and administration authority appoints or removes, or makes suggestions to appoint or remove, principals of its Invested Enterprises in accordance with the relevant provisions:

(1) To appoint or remove the general manager, deputy general manager, chief accountant or other principals of a wholly State-owned enterprise;

(2) To appoint or remove the chairman, vice chairman, or directors of the board of a wholly State-owned company, and to make suggestions to the company for the appointment or removal of the general manager, deputy general manager, or chief accountant, etc.;

(3) To nominate candidates for the directors of the board or supervisors to be dispatched to a State-owned holding company according to the company's articles of association, to recommend candidates for the chairman or vice-chairman of the board, or the chairman of the board of supervisors of a State-owned holding company, and to make suggestions to the company on candidates for the general manager, deputy general manager, or chief accountant;

(4) To nominate candidates for the directors of the board or supervisors to be dispatched to a company with State-owned equity according to the company's articles of association.

Where the State Council, the people's government of a province, autonomous region, or municipality

directly under the Central Government, or the people's government at the level of city or autonomous prefecture provides otherwise on the appointment or removal of the responsible persons of the Invested Enterprises, such provisions shall prevail.

**Article 18**   The State-owned assets supervision and administration authority shall establish a system for evaluating the performance of the principals of enterprises, sign performance contracts with principals of enterprises appointed by it, and conduct annual and office-term evaluation of the principals according to the performance contracts.

**Article 19**   The State-owned assets supervision and administration authority shall, in accordance with the relevant provisions, determine the remuneration of principals of wholly State-owned enterprises and wholly State-owned companies among the Invested Enterprises, and grant rewards to or impose punishments upon principals of the Invested Enterprises based on the evaluation results.

## Chapter 4: Administration of Major Matters of Enterprises

**Article 20**   The State-owned assets supervision and administration authority is responsible for directing State-owned enterprises and State-owned holding enterprises to establish a modern enterprise system, reviewing and approving the restructuring plans or joint-stock transforming plans of the wholly State-owned enterprises or wholly State-owned companies among the Invested Enterprises, and reviewing and approving the articles of association of the wholly State-owned companies among the Invested Enterprises.

**Article 21**   The State-owned assets supervision and administration authority shall decide, in accordance with the statutory procedures, on such major matters as the division, merger, bankruptcy, dissolution, capital increase or decrease, or issue of company bonds of wholly State-owned enterprises or wholly State-owned companies among the Invested Enterprises. The division, merger, bankruptcy or dissolution of key wholly State-owned enterprises or wholly State-owned companies shall, upon review by the State-owned assets supervision and administration authority, be reported for approval to the people's government at the corresponding level.

When reviewing and deciding on major matters of wholly State-owned enterprises or wholly State-owned companies among the Invested Enterprises in the field of science, technology and industry for national defense in accordance with the statutory procedures, the State-owned assets supervision and administration authority shall comply with the relevant laws and provisions of the State.

**Article 22**   The State-owned assets supervision and administration authority shall, in accordance with the provisions of the Company Law, appoint representatives of shareholders to the shareholders' meeting, or directors to the board of directors, of State-owned holding companies or companies with State-owned equity.

When the shareholder's meeting or the board meeting of a State-owned holding company or company with State-owned equity decides on major matters such as division, merger, bankruptcy, dissolution, capital increase or decrease, issue of company bonds, or appointment or removal of principasl, the representatives of shareholders or directors appointed by the State-owned assets supervision and administration authority shall voice their opinions and exercise the right to vote in accordance with the instructions of the State-owned assets supervision and administration authority.

The representatives of shareholders or directors appointed by the State-owned assets supervision and administration authority shall report to the said authority in due time about their performances of the responsibilities.

**Article 23**   The State-owned assets supervision and administration authority shall decide on the transfer of State-owned equity of its Invested Enterprises. The transfer of whole or part of the State-owned equity which may result in the loss of holding position of the State in the Invested Enterprises shall be reported for approval to the people's government at the corresponding level.

**Article 24**   Where any major matters of the important subsidiary enterprises established with the investment of the Invested Enterprises need to be reported by the Invested Enterprises to the State-owned assets supervision and administration authority for approval, the administrative measures for it shall be separately formulated by the State-owned assets supervision and administration authority of the State Council and submitted to the State Council for approval.

**Article 25**   The State-owned assets supervision and administration authority shall, in accordance with the relevant provisions of the State, organize and coordinate the work concerning the merger and bankruptcy of wholly State-owned enterprises and wholly State-owned companies among the Invested Enterprises, and cooperate with the relevant departments to make arrangements for settling laid-off workers.

**Article 26**   The State-owned assets supervision and administration authority shall, in accordance with the relevant provisions of the State, work out the guideline for the remuneration system reform of its Invested Enterprises, and regulate and control the overall level of the allocation of remuneration of its Invested Enterprises.

**Article 27**   Subject to the approval of the State Council, wholly State-owned enterprises and wholly State-owned companies among the Invested Enterprises may enjoy the rights prescribed in Article 12 of the Company Law as investment companies or holding companies as specified by the State Council, and may enjoy the rights prescribed in Article 20 of the Company Law as State-authorized investment institutions.

**Article 28**   The State-owned assets supervision and administration authority may authorize qualified wholly State-owned enterprises and wholly State-owned companies among the Invested Enterprises to engage in authorized operation of State-owned assets.

The authorized wholly State-owned enterprises and wholly State-owned companies shall operate, administer and supervise, in accordance with the law, the State-owned assets generated from the State investment in their wholly owned enterprises, holding enterprises or enterprises with equity.

**Article 29**   The authorized wholly State-owned enterprises and wholly State-owned companies shall establish and improve a modern enterprise system, and be liable to preserve and increase the value of State-owned assets of enterprises.

## Chapter 5: Administration of State-owned Assets of Enterprises

**Article 30**   The State-owned assets supervision and administration authority shall, in accordance with the relevant provisions of the State, be responsible for the basic administration work, such as the delimitation and registration of property rights, the supervision and administration of assets appraisal, reappraisal on stocks and assets of enterprises, assets statistics, and overall assessment of State-owned assets.

The State-owned assets supervision and administration authority shall coordinate the settlement of

disputes over property rights of State-owned assets among its Invested Enterprises.

**Article 31**    The State-owned assets supervision and administration authority shall establish a system for the supervision and administration of property rights transaction of State-owned assets of enterprises, reinforce the supervision and administration of property rights transaction of State-owned assets of enterprises, promote the reasonable flow of State-owned assets of enterprises, and prevent the loss of State-owned assets of enterprises.

**Article 32**    The State-owned assets supervision and administration authority shall perform the responsibilities of an investor for the returns on the State-owned assets of the Invested Enterprises in accordance with the law, and for any major investment and financing plan, development strategy and planning in accordance with the development plan and industrial policies of the State.

**Article 33**    Where the disposal of any major assets of wholly State-owned enterprises and wholly State-owned companies among the Invested Enterprises is subject to the approval of the State-owned assets supervision and administration authority, the matter shall be executed in accordance with the relevant provisions.

## Chapter 6: Supervision of State-owned Assets of Enterprises

**Article 34**    The State-owned assets supervision and administration authority of the State Council shall, on behalf of the State Council, dispatch supervisor boards to wholly State-owned enterprises and wholly State-owned companies among the Invested Enterprises. The composition, powers and ethics of conducts of a supervisor board shall be in compliance with the *Interim Regulations on Supervisor Boards of State-owned Enterprises*.
The dispatch of supervisor boards to wholly State-owned enterprises and wholly State-owned companies among the Invested Enterprises by the State-owned assets supervision and administration authority of the local people's government on behalf of the people's government at the corresponding level shall be conducted with reference to the provisions of the *Interim Regulations on Supervisor Boards of State-owned Enterprises*.

**Article 35**    The State-owned assets supervision and administration authority shall supervise the financial situations of its Invested Enterprises in accordance with the law, establish and improve the index system for the preservation of and increase in the value of State-owned assets, and safeguard the rights and interests of the an investor of State-owned assets.

**Article 36**    Wholly State-owned enterprises and State-holding enterprises shall strengthen their internal supervision and risk control, establish and improve the systems of finance, audit, corporate legal counsel, and democratic supervision by staff members and workers in accordance with the relevant provisions of the State.

**Article 37**    Wholly State-owned enterprises and wholly State-owned companies among the Invested Enterprises shall, in accordance with the relevant provisions, regularly report to the State-owned assets supervision and administration authority about the situations of their finance, production and operation, as well as the preservation of and increase in the State-owned assets.

## Chapter 7: Legal Liability

**Article 38**   Where, in violation of the relevant provisions, the State-owned assets supervision and administration authority appoints or removes principals of its Invested Enterprises, or makes suggestions to appoint or remove principals of its Invested Enterprises, or illegally interferes in the production and operation of the Invested Enterprises and infringes upon their legitimate rights and interests, thereby causing loss of State-owned assets of the enterprises or other serious results, the person directly in-charge and other persons directly responsible for it shall be given an administrative sanction in accordance with the law. If a crime is constituted, criminal liability shall be investigated in accordance with the law.

**Article 39**   Where, in violation of the relevant provisions, a wholly State-owned enterprise or wholly State-owned company among the Invested Enterprises fails to report to the State-owned assets supervision and administration authority about the situations of its finance, production and operation, or the preservation of and increase in the value of State-owned assets, it shall be given a warning; if the circumstances are serious, the person directly in-charge and other persons directly responsible for it shall be given a disciplinary sanction in accordance with the law.

**Article 40**   Where a principal of a State-owned enterprise or State-holding enterprise abuses his power or neglects his duty, and thus leads to loss of State-owned assets of the enterprise, such person shall be liable to pay compensation and be given a disciplinary sanction in accordance with the law; if a crime is constituted, criminal liability shall be investigated in accordance with the law.

**Article 41**   A principal of a State-owned enterprise or State-holding enterprise who is liable for the loss of State-owned assets of the enterprise, and therefore given a disciplinary sanction of removal from office or heavier, shall not serve as the principal of any State-owned enterprise or State-holding enterprise for five years; and a principal who causes heavy loss of State-owned assets of the enterprise or is imposed with criminal penalty shall not serve as the principal of any State-owned enterprise or State-holding enterprise for all his life.

## Chapter 8: Supplementary Provisions

**Article 42**   The organizational form, organizational structure, rights and obligations of State-owned enterprises, State-holding enterprises and enterprises with State-owned equity shall be governed by the *Company Law of the People's Republic of China* and other laws, administrative regulations as well as these Regulations.

**Article 43**   The build-up of primary organizations of the Communist Party of China, the development of socialist ideological and cultural progress, the improvement of the Party's work style and the build-up of clean government in State-owned enterprises, State-holding enterprises and enterprises with State-owned equity shall be conducted pursuant to the *Constitution of Communist Party of China* and other relevant provisions.

Trade unions in State-owned enterprises, State-holding enterprises and enterprises with State-owned equity shall be organized pursuant to the relevant provisions of the *Trade Union Law of the People's Republic of China* and the *Constitution of Trade Unions of China*.

**Article 44**   The State-owned assets supervision and administration authority of the State Council, the people's government of a province, autonomous region or municipality directly under the Central Government may formulate implementing measures in accordance with these Regulations.

**Article 45**    Where there is any discrepancy between the administrative regulations on the supervision and administration of State-owned assets formulated before these Regulations became effective and these Regulations, these Regulations shall prevail.

**Article 46**    Units that have not had their government functions separated from enterprise functions shall, in accordance with the provisions of the State Council, accelerate the reform to separate government functions from enterprise functions. After the accomplishment of the separation of government functions from enterprise functions, the State-owned assets supervision and administration authority shall perform the responsibilities of an investor and conduct the supervision and administration of State-owned assets of the enterprise in accordance with the law.

**Article 47**    These Regulations shall become effective from the date of promulgation.

**Cataloguing in publication (CIP) data in the book**

Provisional regulation of the People's Republic of China on State-owned Assets of Enterprises· Interim Regulation on Supervision and Administration of the State-owned Assets of Enterprises/Compiled by Legislation Center of Law Press-Beijing: Law Press • China, 2014.10

ISBN978-7-5118-5841-2

I. ①China...   II. ① Law...   III. ① State-owned Company- Reform of State-Owned Assets-Economic Law-China 2 State-owned Company- Reform of State-Owned Assets-Regulation-China   IV. ①D922.291

ZGBBTSGCIPSJHZ (2014) No. 222081

©Law Press • China· China

| Publicized by/ Law Press • China | Edited by/ Branch of Legislation Center of Law Press • China |
|---|---|
| General distributed by /China Lawbook | Franchised by/Xinhua Bookstore |
| Printed by/Langfang Jingcai Printing Limited Liability Company | Responsibly printed by /Lv Yali |

| Format/ 850mmx1168mm   1/32 | Sheet/1 | Number of words/Twenty thousand |
|---|---|---|
| Version/ First version in January, 2015 | | Impression/First printing in January, 2015 |

Law Press/ No.7 Lianhuachi Xili, Fengtai District, Beijing (100073)

| E-mail: info@lawpress.com.cn | Sales Hotline/ 010-63939792/9779 |
|---|---|
| Website/ www.lawpress.com.cn | Tel/010-63939796 |

China Lawbook/No.7 Lianhuachi Xili, Fengtai District, Beijing (100073)

Telephone numbers of branch offices and subsidiaries of China Lawbook across the country:

First Law Bookstore/010-63939781/9782 Branch office in Xi'an/029-85388843 Branch in Chongqin/023-65382816/2908 Branch in Shanghai/021-62071010/1636 Branch in Beijing/010-62534456 Branch in Shenzhen/0755-83072995

Book No.: ISBN 978-7-5118-6907-4      Price: RMB 6

(In the case of missing page or inversion, China Lawbook shall be responsible for exchanging)

ISBN 978-7-5118-6907-4

Price: RMB 6