UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: CHINESE MANUFACTURED DRYWALL PRODUCTS LIABILITY LITIGATION<br><br>**THIS DOCUMENT RELATES TO:**<br>*All Cases* | MDL No. 2:09-md-2047<br><br>SECTION L<br><br>JUDGE ELDON E. FALLON<br><br>MAGISTRATE JUDGE<br>JOSEPH C. WILKINSON, JR. |

**CNBM DEFENDANTS' RESPONSE TO THE
PSC'S EMERGENCY MOTION TO COMPEL DISCOVERY DIRECTED TO TAISHAN
GYPSUM CO. LTD.; BEIJING NEW BUILDING MATERIALS PUBLIC LIMITED
COMPANY; BEIJING NEW BUILDING MATERIALS (GROUP) CO., LTD.; CHINA
NATIONAL BUILDING MATERIALS GROUP CORPORATION AND CHINA
NATIONAL BUILDING MATERIALS COMPANY, LTD.**

**I.    INTRODUCTION**

China National Building Materials Group Corporation and China National Building Materials Company, Ltd. (collectively, the "CNBM Defendants") submit this opposition to the PSC's "Emergency Motion" to "Compel Discovery Directed to Taishan Gypsum Co., Ltd.; Beijing New Building Materials Public Limited Company; Beijing New Building Material (Group) Co., Ltd.; China National Building Materials Group Corporation and China National Building Materials Company., Ltd." Rec. Doc. 19134-2. As with the PSC's other "Emergency Motions," the PSC once again diverts the Court's attention and occupies its time with unnecessary motions to compel that are more properly addressed through meeting and conferring with defense counsel.

## II. ARGUMENT

### A. Document Productions Should Be Addressed Through Meet and Confer

The PSC continues to direct unnecessary and unfounded complaints to the Court's attention without first seeking to raise such issues with counsel. The CNBM Defendants have met willingly with the PSC to address document production issues throughout the discovery process. Although the PSC has propounded a steady stream of ever-broader demands that are broad and burdensome in scope, the CNBM Defendants have nevertheless worked continuously to produce documents responsive to the PSC's demands.

Here, the PSC levels only two allegations of non-compliance with discovery against CNBM Defendants: first, that out of thousands of pages of document productions, CNBM Company failed to produce translations of seven Chinese documents, and second, in those same production sets, CNBM Group produced nine documents for which the translations were incorrect. None of the PSC's allegations accuse any CNBM company of failing to produce documents, and the PSC's complaints regarding "producing documents in meaningless assemblages" are directed at other defendants, not CNBM. To the extent the PSC's motion identifies untranslated documents, CNBM Company will provide machine translations of these documents to the PSC, as directed by the Court. CNBM Group will also provide revised machine translations for those documents identified as having incomplete translations.

The PSC also complains about what it ultimately concedes was merely a clerical "oversight" in a document production shipment. On June 10, CNBM Group intended to ship a document production by FedEx overnight mail, but it was mistakenly shipped by a slower FedEx method. (Proof of CNBM's intention can be found in the cover note, which identified the correct shipping method; however, a clerical error resulted in the wrong box being checked on the

- 2 -

FedEx form.)  The PSC informed CNBM's counsel of the error not by inquiring about the documents' whereabouts, but by threatening to "advise the Court by motion today that delivery of production has been purposefully delayed 5 days and CNBM Group may be required for an additional round of depositions after the production has been made . . . ."  Rec. Doc. 19134-2, Exhibit A.

Upon learning of the oversight from the PSC, CNBM Group counsel corrected the error within minutes by initiating an electronic file transfer[1] of the document production to the PSC and reissuing the same production by overnight mail.  Since the PSC has acknowledged that the electronic transfer was sufficient (Rec. Doc. 19134-2 at 5 n.7), it in fact suffered no delay from the oversight.  In the absence of any delay, the PSC's only stated justification for finding such actions to be prejudicial is that the "distraction alone" impedes their ability to prepare for depositions.  Rec. Doc. 19134-2 at 5.  The PSC, acting through nineteen different law firms, should be more than equipped to handle such "distractions," and should it still not be able to do so, a world of problems would be avoided simply by communicating with opposing counsel.  In short, the complaint about this single production error seems intended to conjure a problem that the PSC's own motion immediately discounts, and thus provides no basis for a motion to compel.

B.      **CNBM Defendants Are Complying With The Court's Orders**

The PSC continues to invest time and effort in lamenting the quality of the machine translations being produced by order of the Court.  The Court has previously recognized that

---

[1] The PSC argues that the use of electronic file transfer to correct the overnight delivery proves that the latter method is a tactic intended to delay the PSC's receipt of document productions.  However, these document productions often involve large volumes of data that are impractical to transfer electronically.  Thus, the CNBM Defendants have made use of physical storage to provide productions to the PSC.  The CNBM Defendants are willing to provide electronic transfers in lieu of physical storage, and would have provided productions to the PSC in this format had the PSC made such a request.

human translations of the document productions are not feasible in light of both the extensive scope of discovery issued by the PSC and the expedited nature of the requests. As the Court ordered, the documents produced by Defendants "may be translated by machine, unless the Court approves an alternate method of translation." Rec. Doc. No. 18925 at 3. Although the CNBM Defendants reiterate that the weight of authority places the burden and cost of translating documents at all on the propounding party, (*see, e.g.*, *In re P.R. Elec. Power Auth.*, 687 F.2d 501, 506 (1st Cir. 1982)), Defendants agreed to provide machine translations for non-English documents to the PSC, and continue to do so in light of the Court's order.

The PSC also bewails their need to hire Chinese translators to review documents. But the Court fully anticipated this need and stated that the PSC could translate documents on its own as necessary. The Court also indicated that in the interest of time and given the quantity of documents to be produced, "[W]e don't have time to have personal translations of every document. The best you can do is machine translations, and then if the plaintiff needs some additional translations, the plaintiff can employ someone to translate those specific documents." May 7, 2015 Status Conf. Trans. at 42-43.

Contrary to the PSC's assertion that defendants are "disregarding this Court's directives to produce 'machine translations' of documents 'as quickly as possible'" (Rec. Doc. 19134-2 at 4), CNBM Defendants are doing exactly that. To the extent the PSC's motion could be read to argue that CNBM Defendants are purposefully distorting machine translations to make machine translations less readable or to hamper plaintiffs' ability to prepare for depositions, the argument is misguided, unsupported, and unworthy of further response. CNBM Defendants, by virtue of the order to produce machine translations, have been doing exactly as ordered by the Court, and any translation or production errors can and should be directed to counsel.

Plaintiffs also argue that a by-product of defendants' failure to be forthcoming in discovery is the need for the PSC to take additional discovery on Jushi USA Fiberglass Co., Ltd., Jushi Group Co., Ltd., and China Jushi Co., Ltd. ("Jushi Entities").  The PSC's late-noticed discovery on these Jushi Entities (just days before the then-operative June 9, 2015 contempt discovery deadline, despite knowing of the existence of these entities for months beforehand) has nothing to do with any failure by defendants to be forthcoming in discovery.  The PSC at no point in their motion for "Expedited Return on Discovery Requests" to Jushi USA Fiberglass Co., Ltd. (Rec. Doc. No. 19096) even mentioned the status of discovery on other parties.  The PSC merely noted that it "has learned of investments of the CNBM defendants in Jushi USA Fiberglass Co., Ltd., which company has been conducting business during the contempt period."  Rec. Doc. 19096 at 1-2.  The fact that the PSC listed the Jushi entities as purported affiliates as early as February, but waited until now to seek their discovery – at a time when the PSC has demonstrated no reluctance to serve third party discovery– suggests that the fault lies somewhere other than the machine translations of produced documents.

### III. CONCLUSION

For the foregoing reasons, the CNBM Defendants respectfully request that the Court deny the PSC's Emergency Motion.

Respectfully submitted,

/s/ L. Christopher Vejnoska
L. Christopher Vejnoska (CA Bar No. 96082)

| | |
|---|---|
| L. Christopher Vejnoska (CA Bar No. 96082) | Ewell E. Eagan, Jr. (LA Bar No. 5239) |
| Ian Johnson (CA Bar No. 208713) | Donna Phillips Currault (LA Bar No. 19533) |
| Andrew Davidson (CA Bar No. 266506) | Nina Wessel English (LA Bar No. 29176) |
| Jason Wu (CA Bar No. 279118) | Alex B. Rothenberg (LA Bar No. 34740) |
| Jason Cabot (CA Bar No. 288877) | GORDON, ARATA, MCCOLLAM, |
| ORRICK, HERRINGTON & SUTCLIFFE LLP | DUPLANTIS & EAGAN, LLC |
| The Orrick Building | 201 St. Charles Avenue, 40th Floor |

405 Howard Street  
San Francisco, CA  94105  
Tel.:  415-773-5700  
Fax:  415-773-5759  
E-mail: cvejnoska@orrick.com  
    ijohnson@orrick.com  
    adavidson@orrick.com  
    jmwu@orrick.com  
    jcabot@orrick.com  

New Orleans, LA 70170-4000  
Tel: (504) 582-1111  
E-mail: eeagan@gordonarata.com  
    dcurrault@gordonarata.com  
    nenglish@gordonarata.com  
    arothenberg@gordonarata.com  

James L. Stengel (NY Bar No. 1800556)  
Xiang Wang (NY Bar No. 4311114)  
Kelly Daley (NY Bar No. 4970117)  
ORRICK, HERRINGTON & SUTCLIFFE LLP  
51 West 52nd Street  
New York, NY, 10019  
Tel:  212-506-5000  
Fax:  212-506-5151  
Email:  jstengel@orrick.com  
    xiangwang@orrick.com  
    kdaley@orrick.com  

Jonathan Riddell (LA Bar No. 27053)  
ORRICK, HERRINGTON & SUTCLIFFE, LLP  
400 Capitol Mall  
Suite 3000  
Sacramento, CA 95814  
Tel: 916-447-9200  
Email: jriddell@orrick.com  

Eric A. Shumsky (D.C. Bar No. 477926)  
ORRICK, HERRINGTON & SUTCLIFFE LLP  
Columbia Center  
1152 15th Street NW  
Washington, D.C. 20005  
Tel: 202-339-8400  
Fax: 202-339-8500  
Email:  eshumsky@orrick.com  

*Attorneys for CNBM Defendants*

Dated**:** June 16, 2015

**CERTIFICATE OF SERVICE**

I hereby certify that the above and foregoing Response to the PSC's Emergency Motion to Compel Discovery has been served on Plaintiffs' Liaison Counsel, Russ Herman, and Defendants' Liaison Counsel, Kerry Miller, by U.S. mail and e-mail and upon all parties by electronically uploading the same to File & Serve in accordance with Pre-Trial Order No. 6, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2047 on this 16th day of June 2015.

/s/ L. Christopher Vejnoska
L. Christopher Vejnoska (CA Bar No. 96082)