UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: CHINESE-MANUFACTURED DRYWALL PRODUCTS LIABILITY LITIGATION<br><br>THIS DOCUMENT RELATES TO:<br><br>ALL ACTIONS | MDL NO. 2047<br>SECTION: L<br>JUDGE FALLON<br>MAG. JUDGE WILKINSON |

**TAISHAN'S RESPONSE IN OPPOSITION TO PLAINTIFFS'**
**EMERGENCY MOTION TO COMPEL DISCOVERY**

This Court faces yet another attempt by the Plaintiffs' Steering Committee (the "PSC") to have this Court change its instructions regarding the production of documents. Such an attempt does nothing more than waste the Defendants, and this Court's, time and resources. This is especially true given that this Court has recently ruled on the main issue raised by the PSC, the translation of documents. This Court should prevent any further waste by reaffirming its requirement that documents be translated by machine, and by denying the PSC's Emergency Motion To Compel Discovery (Rec. Doc. 19134, hereinafter the "Motion").

**Argument**

The Motion is the PSC's second bid in the past six weeks to require Defendants to waste time, money and resources translating documents with translators rather than by machine. At the Status Conference on May 7, 2015, this Court considered the PSC's first attempt, the PSC's Motion to Compel Expedited Responses to Outstanding Discovery (Rec. Doc. 18818). During that Status Conference, the PSC argued that human translators are needed, asserting, "It's foolish to think that you could put a document through a machine and get a proper translation." Transcript of May 7, 2015 Status Conference at 39. This Court considered and rejected the

PSC's argument, stating, "I want the defendants to do [the translations]. **Do it by machine**. If the plaintiffs want to specifically have somebody look at that particular document because it seems like a really hot document, and you need a better translation, get somebody to do it." *Id.* at 43 (emphasis added). Thus, this Court denied the Motion of the PSC to Compel Expedited Responses to Outstanding Discovery and Ordered that "documents may be translated by machine, unless the Court approves an alternate method of translation." (Rec. Doc. 18925).

That denial, and a denial here, is well-founded. As this Court previously observed, "we don't have time to have personal translations of every document. The best you can do is machine translations, and then if the plaintiff needs some additional translations, the plaintiff can employ someone to translate those specific documents." Transcript of May 7, 2015 Status Conference at 42-43. Indeed, personal translations would take months to complete, and at incredible expense and burden to Defendants. What is more, the PSC would not even use line-by-line translations. As observed by this Court, regardless of how a translation is made by one party, the other party is "going to have to do [the translation] anyway because [they] are not going to believe what the[] translation is." *Id.* at 39. Thus, this Court should again deny the PSC's attempt to require that translations of every produced document be done by translators rather than by machine.

Similarly, this Court should deny the Motion because the complaints made regarding Taishan are without merit. In the Motion, the PSC mainly points to examples of alleged improper conduct of entities other than Taishan. Indeed, as to Taishan specifically, the PSC appears to set forth two conflicting and obscure assertions: (1) that Taishan needs to provide "a more folsom production" and (2) that Taishan must limit its production to relevant matters. As to the first assertion, the PSC does not explain exactly what it believes is still required of Taishan, and an emergency motion under such circumstances is improper. Regardless, to the

extent the PSC's first assertion addresses productions still to be performed by Taishan, Taishan will supplement its productions as required under the Federal Rules of Civil Procedure, and that production is almost complete.

The PSC's second assertion is likewise no basis for an emergency motion to compel. The PSC criticizes Taishan for producing "irrelevant materials regarding sales to foreign countries," and presumably seeks for Taishan to ameliorate such a production. The Motion at 6. However, Taishan's productions, including those regarding sales in countries other than the United States, were made in a reasonable attempt to comply with the PSC's discovery requests. For example, produced documents frequently related to specific persons, such as Bill Che or Peng Wenlong, on whom the PSC sought information. Further, many produced documents related to sales to entities who have offices in the United States, or the documents suggests that a portion of the financial transaction may have been completed by U.S. banks, even if the specific sale was in another country. Consequently, Taishan produced such documents under the reasonable belief that for discovery purposes, such documents were relevant and responsive to the PSC's discovery requests. Simply put, the PSC got what it asked for, and is now unhappy with the results. This is not a proper reason for filing an "emergency" motion to compel.

## Conclusion

For the above-mentioned reasons, Taishan respectfully requests that the Court deny the PSC's Emergency Motion to Compel Discovery.

Dated:  June 18, 2015

Respectfully submitted,

/s Bernard Taylor
Bernard Taylor, Esq.
Georgia Bar No. 669625
Michael P. Kenny, Esq.
Georgia Bar No. 415064
Christina Hull Eikhoff, Esq.
Georgia Bar No. 242539
ALSTON & BIRD LLP
1201 West Peachtree Street
Atlanta, Georgia 30309
Phone: (404) 881-7000
Fax: (404) 881-7777
bernard.taylor@alston.com
*Counsel for Taishan Gypsum Co., Ltd. and Tai'an Taishan Plasterboard Co., Ltd.*

Alan Dean Weinberger
LA Bar No. 13331
HANGARTNER, RYDBERG & TERRELL, LLC
One Shell Square
701 Poydras St., Suite 310
New Orleans, Louisiana  70179
Phone:  (504) 434-6815
Fax: (504) 522-5689
aweinberger@hanrylaw.com
*Local Counsel for Taishan Gypsum Co., Ltd. and Tai'an Taishan Plasterboard Co., Ltd.*

## CERTIFICATE OF SERVICE

I hereby certify that the above and foregoing has been served on Plaintiffs' Liaison Counsel, Russ Herman, by U.S. mail and e-mail and upon all parties by electronically uploading the same to LexisNexis File & Serve in accordance with Pre-Trial Order No. 6, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2047 on this 18th day of June, 2015.

       /s Bernard Taylor_____
Bernard Taylor, Esq.
Georgia Bar No. 669625
ALSTON & BIRD LLP
1201 West Peachtree Street NW
Atlanta, Georgia 30309
Phone: (404) 881-7000
Fax: (404) 881-7777
bernard.taylor@alston.com
*Counsel for Taishan*