UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: CHINESE-MANUFACTURED DRYWALL PRODUCTS LIABILITY LITIGATION | * * * * | MDL No. 2047 SECTION L |
| THIS DOCUMENT APPLIES TO ALL CASES | * * * | JUDGE FALLON MAGISTRATE JUDGE WILKINSON |

******************************************

### NON-PARTY JPMORGAN CHASE & CO.'S MEMORANDUM IN RESPONSE TO THE PLAINTIFFS' STEERING COMMITTEE'S MOTION FOR LEAVE TO FILE SUPPLEMENT TO EMERGENCY MOTION TO COMPEL

Non-Party, JPMorgan Chase & Co., respectfully submits this Memorandum in Response to the Motion for Leave to File Supplement to the Emergency Motion to Compel filed by the Plaintiffs' Steering Committee (the "PSC"). (Dkt. 19064.) Although the Court has not granted the PSC's request for leave to file the proposed supplement, JPMorgan Chase & Co. submits this response to briefly address the points asserted in the PSC's Supplement.

*First*, the PSC's Supplement cites the recent deposition testimony of an officer of China National Building Material Co., Ltd. ("CNBM") to support the PSC's assertion that entities affiliated with JPMorgan Chase & Co. have held shares in CNBM, which shares are publicly-traded on the Hong Kong exchange. This, of course, is not new information, as it was the exact information that JPMorgan Chase & Co. provided to the PSC several years ago in connection with the PSC's prior unsuccessful attempt to subpoena JPMorgan Chase & Co. (*See* Dkt. 10056-4.) In fact, JPMorgan Chase & Co. does not dispute that certain JPMorgan Chase & Co. entities started holding equity positions in CNBM in 2006, well before the Court's July 2014 contempt judgment that is at issue in this litigation.

1

*Second*, although the PSC professes that its subpoena to JPMorgan Chase & Co. pertains to the July 2014 contempt judgment, the PSC has yet to cite ***any*** authority to support its unprecedented use of Rule 45. As reflected by the PSC's Supplement (and as demonstrated by the information that JPMorgan Chase & Co. provided to the PSC years ago), certain JPMorgan Chase & Co. entities have been investors in CNBM since 2006. The PSC has not (and cannot) explain how those holdings in a publicly-traded company somehow relate to whether Taishan and its alleged affiliates conducted business in the United States since July 2014. Nor has the PSC explained how the holdings by JPMorgan Chase & Co. entities would have any bearing on whether the CNBM and Taishan companies are alter egos of each other. Indeed, as JPMorgan Chase & Co. explained in its prior briefs on this issue, the law is directly contrary to the PSC's position. (Dkt. 19027 at 7 (citing cases).) Indeed, under the PSC's strained view of Rule 45, they could subpoena any U.S. investor who held equity positions at any point time in CNBM (or the other defendants). If so, that would encompass the Bill & Melinda Gates Foundation, Citibank, and UBS, each of which is reported as holding substantial shares in CNBM or the other defendants. Notably, the PSC has not issued any subpoenas to any of those entities.

*Third*, the PSC's Supplement itself demonstrates that the PSC is seeking and obtaining discovery on the alter ego and contempt issues from the actual defendants in the litigation. Consequently, it is improper for the PSC to impose an unnecessary burden and expense on a non-party to the litigation. *See, e.g., Wiwa v. Royal Dutch Petroleum*, 392 F.3d 812, 818 (5th Cir. 2004) (for subpoenas to non-parties, courts focus on the "expense and inconvenience to that party"). All of the documents and information sought by the PSC in its third-party subpoena should be obtained from the Defendants.

**CONCLUSION**

For the reasons discussed above and for the reasons set forth in JPMorgan Chase & Co.'s prior briefs, JPMorgan Chase & Co. respectfully requests that the Court deny the PSC's Emergency Motion to Compel (Dkt. 19004) and that the Court grant JPMorgan Chase & Co.'s Cross-Motion to Quash Subpoena (Dkt. 19028).

                                             Respectfully submitted,

                                             /s/ Gabriel A. Crowson
                                             Michael D. Ferachi (#19566)
                                             Gabriel A. Crowson (#28009)
                                             **McGlinchey Stafford, PLLC**
                                             601 Poydras Street, 12th Floor
                                             New Orleans, Louisiana 70130
                                             Telephone: (504) 586-1200
                                             Fax: (504) 596-2800

                                             *Counsel for Non-Party, JPMorgan Chase & Co.*

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing was served on all counsel of record, via the Court's ECF system, this 18th day of June, 2015.

                                             /s/ Gabriel A. Crowson
                                             Gabriel A. Crowson