UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: CHINESE-MANUFACTURED DRYWALL PRODUCTS LIABILITY LITIGATION | MDL NO. 2047<br><br>SECTION "L", MAG. "2" |
| THIS DOCUMENT RELATES TO:<br>*Beane v. Gebrueder Knauf Verwaltungsgesellschaft KG*, No. 2:13-cv-609 | JUDGE FALLON<br><br>MAG. JUDGE WILKINSON |

### MEMORANDUM IN SUPPORT OF UNOPPOSED MOTION TO APPROVE PTO 26 ALREADY REMEDIATED PROPERTY CLAIM

MAY IT PLEASE THE COURT:

The Claimant Sami Slim, through the undersigned counsel of record, respectfully request that this Honorable Court find that the Claimant Sami Slim is the sole person and class member entitled to recover any funds in connection with the settlement of this action for all claims associated with the remediated property located at 9677 Cinnamon Court, Parkland, FL 33067, and that no other person or entity has a claim for this property.

The Claimant Sami Slim is a resident of Florida and a class member in the *Beane* action. He is also the former owner the property located at 9677 Cinnamon Court, Parkland, FL 33067, which was determined to contain Knauf manufactured Chinese drywall. He purchased this property on November 27, 2006, from WCI Communities, Inc. On April 20, 2011, he entered a construction contract with AGC General Contractor, Inc. to remediate the subject property. The actual remediation began shortly after the contract was executed and was completed later that year. The remediated property was sold to a third-party on August 13, 2014.

1

On September 4, 2013, the Claimant executed the *Opt In Form for Claimant* electing to be a participant in the *Beane* action settlement with Knauf. Additionally, pursuant to PTO 26, on March 6, 2013, he executed a completed *Owner Disclosure Affidavit* signed by the remediation contractor and himself. In accordance with PTO 26, all requisite documentation has been submitted to the Defendant Knauf Plasterboard (Tianjin), Ltd. ("Knauf"). To date, no other person or entity has filed a claim in connection with the subject property as required by the settlements in this action, nor has any other person or entity requested any form of payment or reimbursement in connection with the subject property.

Prior to remediating the property, the Claimant attempted to sell it. In fact, he entered into a purchase agreement with a potential buyer. The closing for the purchase was set for February 25, 2011. The Claimant was scheduled to be out of the country at the time of the closing, so he executed the sales documents in advance of his departure and appointed an agent, Mr. Fadi Metanes, to act in his absence. At the time of the closing, it was discovered that the purchaser was unable to secure the necessary funding to permit the sale to proceed. Because the Claimant had already executed the sales documents, it was agreed that a back-to-back closing would take place in which sales documents were signed and the property was promptly retransferred back to the Claimant's agent.

Even though Knauf believes that the Claimant is the only rightful person to seek remediation funds under PTO 26 or any other aspects of the settlements in this action, Knauf has requested the Claimant obtain a determination by the Court that the Claimant is the sole person entitled to recover any funds in connection with the property located at 9677 Cinnamon Court, Parkland, FL 33067. Knauf does not dispute the documentation submitted by the Claimant. In support of the Claimant's request for reimbursement, the Claimant has submitted a detailed

affidavit which attests to the relevant facts and verifies the relevant documentation supporting the claim. (A copy of the Affidavit, with attachments, is attached as Exhibit "1").

Accordingly, the Claimant requests that the Court find that the Claimant Sami Slim is the sole person entitled to recover any funds in connection with the settlements in this action for the property located at 9677 Cinnamon Court, Parkland, FL 33067, and that any other claims are barred under the terms of the settlement for this property.

## CONCLUSION

For the foregoing reasons, the Claimant Sami Slim respectfully requests this Honorable Court find that he is the only person entitled to recover any funds in this action in connection with the property located at 9677 Cinnamon Court, Parkland, FL 33067, and that to extent any other person may seek to file a claim in connection with this property, that said claims are barred under the terms of the settlements in this action.

Respectfully submitted,

/s/ *Tom W. Thornhill*
Tommy W. Thornhill, #12776, T.A.
Thornhill Law Firm, A PLC
1308 Ninth Street
Slidell, Louisiana 70458
Telephone: (985) 641-5010
Facsimile: (985) 641-5011
tom@thornhilllawfirm.com

And

/s/ *N. Frank Elliot III*
N. FRANK ELLIOT, III, T.A. (#23054)
N. Frank Elliot III, L.L.C.
P. O. Box 3065
Lake Charles, LA 70602-3065
Tel.: (337) 309-6999
Fax: (337) 439-2545
Email: frank@nfelaw.com

3

And

/s/ D. Blayne Honeycutt
D. Blayne Honeycutt, La. Bar Roll #18264
FAYARD AND HONEYCUTT, APLC
519 Florida Avenue, SW
Denham Springs, LA 70726
Phone: (225) 664-4193
Facsimile: (225) 664-6925
Email:  dbhoneycutt@fayardlaw.com

## CERTIFICATE OF SERVICE

I hereby certify that on June 19th, 2015, a copy of the above and foregoing Memorandum in Support of the Claimant's Unopposed Motion was filed electronically with the Clerk of Court using the CM/ECF system. Notice of this filing will be sent to all counsel of record by operation of the Court's electronic filing system.

/s/ Tom W. Thornhill
Tommy W. Thornhill, #12776