

## Closing Affidavit
(Buyer)

**Before me**, the undersigned authority, personally appeared Fadi Metanes ("Affiant"), who being by me first duly sworn, on oath, depose(s) and say(s) that:

1. **Fadi Metanes** ("Buyer"), is purchasing the following described property from **Dean Brown, a single man** ("Seller"), to wit:

    Lot 3, Block 5, PARKLAND GOLF AND COUNTRY CLUB REPLAT #2, according to the Plat thereof, as recorded in Plat Book 174 Page 137-161 of the Public Records of Broward County, Florida.

2. Buyer's marital status as reflected in this affidavit and the other closing documents is true and correct. The Buyer is of legal age and has never been adjudged incompetent. There are no matters pending against the Buyer that could give rise to a lien that would attach to the property prior to the recording of the interests to be insured, and Buyer has not and will not execute any instrument (nor permit any action to be taken) that would adversely affect the title or interests to be insured. There are no judgments or liens against Buyer and no bankruptcy proceedings are currently pending with respect to Buyer.

3. To the best of Buyer's knowledge, information, and belief: (a) within the past 90 days there have been no improvements, alterations, or repairs to the above described property for which the costs thereof remain unpaid, and that within the past 90 days there have been no claims for labor or material furnished for repairing or improving the same, which remain unpaid; (b) there are no actual or potential mechanic's, materialmen's, or laborer's liens against the property; (c) there are no tenancies, leases or other occupancies (oral or written) affecting the property; (d) no other person or entity has any contract to purchase, option to purchase, right of first refusal, or other potential claim of right to purchase the property.

4. Buyer knows of no violations of municipal ordinances pertaining to the property, or any action or proceeding relating to the property which is pending in any court, nor does the Buyer know of any judgment, tax lien, or matter of any nature whatsoever which could create a lien or charge upon the property. Buyer has no knowledge of any matters that could or does create a cloud on the title to the subject property.

5. There are no matters pending against the Buyer that could give rise to a lien that would attach to the property between the effective date of commitment and the recording of the interest to be insured. Borrower has not and will not execute any instruments that would adversely affect the interest to be insured.

6. There are no actions or proceedings now pending in any State or Federal Court to which the Buyer is a party, including but not limited to, proceedings in bankruptcy, receivership or insolvency, nor are there any judgments, bankruptcies, liens or executions of any nature which constitute or could constitute a charge or lien upon said property.

7. This affidavit is given for the purpose of clearing any possible question or objection to the title to the above referenced property and, for the purpose of inducing **Kupfer, Kupfer & Skolnick, P.A. and First American Title Insurance Company** to issue title insurance on the subject property, with the knowledge that said title companies are relying upon the statements set forth herein.

8. Buyer hereby holds **Kupfer, Kupfer & Skolnick, P.A. and First American Title Insurance Company** harmless and fully indemnifies same (including but not limited to attorneys' fees, whether suit be brought or not, and at trial and all appellate levels, and court costs and other litigation expenses) with respect to the matters set forth herein. "Affiant", "Seller" and "Buyer" include singular or plural as context so requires or admits. Buyer is familiar with the nature of an oath and with the penalties as provided by the laws of the United States and the State of Florida for falsely swearing to statements made in an instrument of this nature. Buyer has read, or heard read, the full facts of this Affidavit and understands its context.

**Under penalties of perjury**, I declare that I have read the foregoing Affidavit and that the facts stated in it are true.

F.M

File Number: 10509

DoubleTimes

Exhibit "G"

Fadi Metanes

Country of Israel
County of _____

The foregoing instrument was sworn to and subscribed before me this _____ day of February, 2011 by Fadi Metanes, who [ ] is personally known or [X] has produced a driver's license as identification.

_____
Notary Public

Printed Name: _____

My Commission Expires: _____

[Notary Seal]

נוטריון
NOTARY
גסאן אבו ורדה
GHASSAN ABU WARDI
غسان ابو وردة

# Closing Statement Addendum

| | |
|---|---|
| Seller: | Dean Brown, a single man |
| Buyer: | Fadi Metanes |
| Property: | 8677 Cinnamon Court, Parkland, FL 33067 |
| Closing Agent: | Kupfer, Kupfer & Sholelck, P.A. |
| Closing Date: | February 25, 2011 |
| File Number: | 10509 |

**HUD-1 SETTLEMENT STATEMENT REVIEW:** We received a copy of and carefully reviewed the HUD-1 Settlement Statement (the "Settlement Statement") and this Settlement Statement Addendum (the "Addendum") and to the best of our knowledge and belief certify that: (a) the Settlement Statement is a true and accurate statement of all receipts and disbursements made on our account or by us in this transaction; (b) we acknowledge receipt of all disbursements required to be paid to us as set forth on the Settlement Statement; and (c) we authorize all disbursements to others on our behalf as set forth on the Settlement Statement.

**TAX RE-PRORATION AGREEMENT:** If the most recent property tax bill issued does not cover through the closing date, then the tax prorations set forth on the settlement statement are based upon an estimate. The basis of proration as set forth on the settlement statement is hereby accepted by the parties to this transaction. It is hereby understood and agreed that the actual taxes, if different, will be adjusted between the parties upon demand. Closing Agent is not liable or responsible for adjustment or re-proration of taxes. Closing Agent is not responsible or liable for additional taxes, other charges or tax refunds, if any, and shall not be liable should any of the parties to this transaction fail or refuse to re-prorate the taxes. Notwithstanding the foregoing, in the event estimated tax for the current year was collected from Buyer or Seller, to be held in escrow pending the receipt of the current year real estate tax bill, then upon receipt of the current year real estate tax bill the escrowed funds shall be disbursed by the Closing Agent in payment of said bill and the remaining funds, if any, shall be paid to the party (Buyer or Seller) whom the escrowed funds were collected from. It is hereby understood and agreed that the actual taxes, if different than the amount used for proration, will be adjusted between the parties upon demand.

**TAX REASSESSMENT:** Buyers should not rely on the amount utilized by Settlement Agent in determining the real estate tax proration as the tax amount Buyers will be obligated to pay in future years. A CHANGE IN OWNERSHIP MAY TRIGGER REASSESSMENT of the Property by the County Property Appraiser's Office.

**HOMESTEAD:** Buyers acknowledge that, if the Property qualifies for homestead tax exemption, an application must be filed with the county tax collector no later than the last day of February of the year immediately following settlement, and that such filing is the sole responsibility of Buyers. If homestead exemption was claimed for the Property by Sellers at any time during Seller's ownership of the Property, then Sellers acknowledge that the granting of the exemption was proper, and if the homestead exemption is later denied, Sellers shall hold Settlement Agent and Buyers harmless from the payment of any additional tax or penalty assessed.

**AGREEMENT TO COOPERATE:** If requested by Lender (if any), Closing Agent, Title Agent or Title Underwriter, the parties agree to fully cooperate and adjust for clerical errors, including the execution or re-execution of any reasonable documentation and/or the remittance of any additional sums. In the event any additional sums are necessary to satisfy any existing mortgages, pay any outstanding taxes, recording fees, liens, judgments, delinquent utilities, condominium or homeowner association maintenance fees, assessments or any other encumbrances against the Property, or any other additional monies which may be required to be paid pursuant to the terms of the real estate contract for the Property, to cure defects in title or any other matter, the parties shall pay, within fourteen (14) days of request therefor, any and all additional sums required to be paid.

**HOMEOWNER'S/CONDOMINIUM ASSOCIATIONS:** The Buyer(s) acknowledge(s) the existence of any homeowner's and/or condominium association(s) and is aware that monthly, quarterly or annual maintenance assessments may be due to said association(s). Said association(s) may also have the authority to regulate and enforce community covenants and restrictions. The Buyer hereby acknowledges receipt of a copy of any association estoppel letters for the subject transaction.

**MISCELLANEOUS:** Closing Agent does not make any representations or warranties nor assumes any liability with respect to the physical condition of the property, or any repairs to the property. Buyer has been advised and encouraged to secure hazard insurance coverage prior to completion of closing. If a survey was prepared for the subject transaction, then the Buyer hereby acknowledges receipt of a copy thereof. The buyer has reviewed said survey and accepts title subject to the matters set forth thereon. Buyer has received and reviewed the proposed deed and is satisfied with and approves the manner which title is being held.

**UTILITIES AND OTHER ITEMS:** The parties acknowledge that title insurance does not protect them (nor will the Settlement Agent be responsible for the failure to collect) for any of the items listed below. Sellers acknowledge the responsibility for payment of any sums unpaid before settlement, and Buyers acknowledge the responsibility for payment of any sums unpaid after settlement. (a) utility bills (including, but not limited to, water, sewer, garbage, electric, cable television and gas); (b) rents; (c) personal property taxes; (d) service or maintenance contracts; (e) special assessment liens due to the city or county which are not recorded under an Official Records Book and Clerk's File Number in the Public Records; and (f) any special assessment or maintenance liens due to any association, but which are not recorded in the Public Records. Sellers and Buyers agree that such items shall be adjusted directly between the parties, forthwith, upon demand by either party; and that the Settlement Agent and other representatives in this transaction have no responsibility or liability in connection with the adjustment of any such items

**DISBURSEMENT AUTHORIZATION, ETC.:** Closing Agent does not adjust or assume liability for charges for water, rents, gas, electricity, taxes on personal property, garbage taxes or fees, license fees or taxes, service/maintenance contracts (pest control, appliance maintenance, pool care, lawn care, alarm systems, etc.), association assessments or dues, or estoppel information furnished by mortgagees or others. The settlement statement has been reviewed and approved and Closing Agent

F.M

is irrevocably authorized and directed to complete the closing of the transaction and make disbursement in accordance therewith. The parties hereby irrevocably authorize Closing Agent to utilize any and all monies held in escrow on the respective party's behalf to pay any of said party's obligations and liabilities, notwithstanding the fact that such sums were escrowed for or otherwise designated on the Settlement Statement for a different purpose. In the event of mortgage assumption, if Seller has received a credit for the escrow account balance, then Seller hereby assigns all right, title and interest in said account to Buyer.

The parties agree that in the event there is a surplus in funds not to exceed $50.00 due to either party, due to the administrative costs involved in returning said funds, the parties agree that the Closing Agent is authorized to retain said funds as additional fees/costs associated with the closing.

Seller, Buyer, and Borrower are used for singular or plural, as the context so requires or admits. This Agreement may be executed in multiple counterparts.

This Agreement is being provided as an inducement for Closing Agent to serve as the closing agent and for Title Agent and Title Underwriter to issue title insurance on the subject transaction.

Buyer:

_____  Date 25.2.2011
Fadi Metanes

Country of Israel
County of _____

The foregoing instrument was acknowledged before me this _____ day of February, 2011 by Fadi Metanes, who [_] is personally known or [X] has produced a driver's license as identification.

[Notary Seal]                     Notary Public _____

                                  Printed Name: _____

                                  My Commission Expires: _____

Seller:

_____  Date _____
Dean Brown

State of Florida
County of Broward

The foregoing instrument was acknowledged before me this 25th day of February, 2011 by Dean Brown, who [_] is personally known or [X] has produced a driver's license as identification.

[Notary Seal]                     Notary Public _____

                                  Printed Name: _____

                                  My Commission Expires: _____

Closing Statement Addendum - Page 2                                DoubleTime



## No' <u>05-1/726/11</u> 'מסי

| AUTHENTICTION OF SIGNATURE | אימות חתימה |

I the undersigned <u>Ghassan Abu Wardi</u>      אני התייימ   <u>נסאן אבו ורדה</u>

License No' <u>12343</u>     מסי רשיון <u>12343</u>

Notary at <u>40 a Shivat Zion St. Haifa</u>     נוטריון <u>ברחי שיבת ציון 40 א,חיפה</u>

Herby certify that on <u>25.02.11</u>     מאשר כי ביום <u>25.02.11</u>

there appeared before me at     ניצב לפני במשרדי הייה <u>מטאנס פאדי</u>

my office <u>Mr. Metanes Fadi</u>

(Whose identity was poved to me     שזהותו הוכחה לי על פי תעודת

by identity booklet <u>027505585</u>     וזהותו שמספרה <u>027505585</u>

Issued by <u>Interior Department</u>     שניתן/ ה מאת <u>משרד הפנים</u>

at <u>Haifa</u> on <u>19.09.2007</u>     ב <u>חיפה</u>

and signed of his/her/their own free     ביום <u>19.09.2007</u> וחתם /ה /ו

Will the above documents (the attached     מרצונו החופשי על המסמכים

documents marked <u>A+B</u>     שלעיל המצורפים והמסומנים באות/ במספר

(the documents overleaf)     <u>אי+בי</u> (שמעבר לדף).

In witness where of I hereby     ולראיח הנני מאמת את חתימתו/ת/ם

authenticale the signature (s)     של החותם הנייל

of the said Signs

by my own signature and seal this     בחתימת ידי ובחותמי, היום <u>25.02.2011</u>

    שכר בסך <u>218</u> ₪ + (מעיימ) = <u>253</u> ₪

25.02.2011 I.s <u>253</u> Fees Total (including V.A.T) N.I.S.






Serial No. 41/2014

## AUTHENTICATION OF SIGNATURE

I the undersigned, Nizar Shoukair Notary, at 7 peretz st. Haifa hereby certify that on 18.6.2014 there appeared before me at my office Mr. Fadi Metanes whose identity was proved to me by Identity Booklet no. 027505585 issued by ministry of interior at Haifa on 19.9.2007 And signed of his own free will the attached document marked A'.

In witness whereof I hereby authenticate the signature of Mr. Fadi Metanes by my own signature and seal today 18.6.2014 .

Fees paid: 195.88 NIS including VAT.

חתימת הנוטריון
**Signature**

אימות חתימה

אני החתום מטה ניזאר שוקייר נוטריון, מרח' י.ל. פרץ 7 חיפה, מאשר כי ביום כ' בסיון ניצב לפני במשרדי מר פאדי מטאנס שזהותו הוכחה לי על פי תעודת זהות מספר 027505585 שהוצאה על ידי משרד הפנים בחיפה ביום 19.9.2007 וחתם מרצונו החופשי על המסמך המצורף והמסומן באות א'.

ולראיה הנני מאמת/ת את חתימתו של מר פאדי מטאנס בחתימת ידי ובחותמי, היום כ' בסיון.

שכרי בסך 195.88 ש"ח כולל מע"מ שולם.



חותם הנוטריון
Notary's Seal



מסמך זה הופק ע"י מחולל הטפסים של אסקי - ההוצאה לאור טל' 03-6242060, פקס 03-6240605

# AFFIDAVIT OF FADI METANES

Country/State **ISRAEL**

City/Region **Haifa**

BEFORE ME, the undersigned notary, personally appeared Fadi Metanes who after being sworn affirmed the following:

1. My name is Fadi Metanes. I am over 18 years of age and have personal knowledge of the facts contained within this affidavit.

2. On February 25, 2011, I purchased 9677 Cinnamon Court, Parkland, FL 33067 (the "Property") on behalf of Sami Slim after his sale to Dean Brown fell through, in order to transfer the Property out of Dean Brown's name.

3. In executing the purchase of the Property, I had knowledge that the Property contained Chinese drywall and the price was discounted to account for the Chinese drywall.

4. The presence of Chinese drywall was also disclosed to Dean Brown.

5. On November 23, 2011, on behalf of Sami Slim, I transferred the Property to SSJB Investment Group Inc., a company solely owned by Sami Slim.

6. I do not have any valid claims for Chinese drywall in the Property.

I declare under penalty of perjury under the laws of the United States that all of the information provided in this affidavit is true and correct to the best of my information, knowledge, and belief.

Date **18.6.14**          Signature _____



Subscribed and sworn to on **18.6.14**     Notary _____ NIZAR SHOUKAIR _____

My commission expires _____