# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE:  CHINESE-MANUFACTURED DRYWALL PRODUCTS LIABILITY LITIGATION | MDL NO. 2047<br>SECTION: L<br>JUDGE FALLON<br>MAG. JUDGE WILKINSON |
| **THIS DOCUMENT RELATES TO:**<br><br>*Germano v. Taishan Gypsum Co., Ltd., f/k/a Shandong Taihe Dongxin Co., Ltd.*, Case No. 09-6687 (E.D. Va.);<br><br>*Gross v. Knauf Gips, KG*, Case No. 09-6690 (E.D. La.);<br><br>*Wiltz v. Beijing New Building Materials Public Limited Co.,* Case No. 10-361 (E.D. La.);<br><br>*Amorin v. Taishan Gypsum Co., Ltd., f/k/a Shandong Taihe Dongxin Co., Ltd.,* Case No. 11-1672 (S.D. Fl.);<br><br>*Amorin v. Taishan Gypsum Co., Ltd., f/k/a Shandong Taihe Dongxin Co., Ltd.,* Case No. 11-1395 (E.D. La.); and<br><br>*Amorin v. Taishan Gypsum Co., Ltd., f/k/a Shandong Taihe Dongxin Co., Ltd.*, Case No. 11-1673 (E.D. Va.). | |

## TAISHAN GYPSUM CO., LTD AND TAI'AN TAISHAN PLASTERBOARD CO., LTD.'S MEMORANDUM IN SUPPORT OF MOTION TO EXCLUDE PLAINTIFFS' CLASS SPREADSHEET

## I.        INTRODUCTION

Plaintiffs' class spreadsheet is still wrong after five rounds.  The attached property records and Chinese Drywall inspection reports show that more than 500 properties (out of 1500 reviewed so far) should be removed from the spreadsheet because the claimants no longer own them or because they do not contain Taishan drywall.  The spreadsheet also has a number of duplicate entries.  Hundreds of other class properties have already been remediated, rendering Plaintiffs' damages model inappropriate.  The Court should exclude Plaintiffs' class spreadsheet as a basis for damages because any calculation based on that spreadsheet will range from speculative to mistaken.

## II.       ARGUMENT

Over the last few months of Defendants' "scrutiny," Plaintiffs have deleted more than 1,000 properties from the class spreadsheet.  (*See* Dkt. No. 18958 at 22).  Those deletions include over 850 properties not owned by the class claimant, over 150 properties without Taishan drywall, and dozens of dismissed claims and duplicate entries.

Factual errors continue to plague the spreadsheet.  Jake Woody acknowledges that the current version has mistakes.  June 9, 2015 Hearing Transcript ("Hrg. Tr.") 85:23-86:16.  With some understatement, the PSC concedes that "the data Mr. Inglis used to calculate remediation damages is not perfect."  (Dkt. 19081 at 12).  And for his part, Mr. Inglis, who used the class spreadsheet for his class damages calculations, cannot vouch for the spreadsheet's accuracy because that is "not [his] assignment."  Hrg. Tr. 136:14-138:21.

Since receiving Plaintiffs' current version of the class spreadsheet the evening before the June 9 hearing, Taishan has compared the spreadsheet against public records and Plaintiffs' own Chinese Drywall inspection reports produced by BrownGreer.  To date, Taishan has reviewed

records for approximately 1500 properties overall, or over half of the 2,686 class properties.

Many properties have multiple issues.  Taishan expects to finish reviewing records for the

balance of the class in two to three weeks and will supplement this motion with those results.

The review to date shows the following:

- At least 440 class properties are not owned by the named Plaintiffs, according to public property records.  *See* **Exhibit A**.

- At least 60 properties do not contain Taishan drywall, according to Plaintiffs' inspection reports.  *See* **Exhibit B**.  And as the Court heard at the June 9 hearing, Plaintiffs currently have no objective evidence of Taishan for at least half the class.  Hrg. Tr. 148:7-151:13.

- There are at least 14 duplicate entries.  *See* **Exhibit C**.

Thus far, Taishan has also located remediation records for 230 class properties.  *See*

**Exhibit D**.  In fact, as discussed at the June 9 hearing, more than 700 supplemental plaintiff

profile forms stated that the properties were already remediated as of April 2015; the PSC has

not clarified how many of these properties remain on the class spreadsheet.  Hrg. Tr. 87:21-

90:10; *see also* Defs.' Hrg. Ex. 12.  Plaintiffs' estimation model does "not make sense" for those

properties—in Mr. Inglis' words—because they have already been remediated.  Hrg. Tr. 145:9-

19.  Plaintiffs' damages model is also contrary to the law of some class states because

"[d]amages may be predicated on estimation only when the loss has not been repaired."

*Volkswagen of Am., Inc. v. Robertson*, 713 F.2d 1151, 1169 (5th Cir. 1983) (holding that

Louisiana law requires actual cost damages, not estimates, when property has been repaired).

Mr. Inglis demonstrated his lack of confidence in the class spreadsheet when he testified

that "[i]f there's an issue with the list of properties, [he] will revise the damages estimate,"

because "that's what [he has] consistently done."  Hrg. Tr. 147:5-25.  His lack of confidence in

the underlying data is justified.  The class spreadsheet continues to be riddled with errors, which underscores the untrustworthy nature of that hearsay document.

The Court should exclude the class spreadsheet because the Court cannot "determine the extent of any damages . . . based on the evidence presented without resorting to speculation." *Anthony v. Chevron USA, Inc.*, 284 F.3d 578, 589 (5th Cir. 2002).  "Without accurate factual support, the damages calculations [are] speculative" or simply wrong.  *Tyger Const. Co. v. Pensacola Const. Co.*, 29 F.3d 137, 145 (4th Cir. 1994) (rejecting factually mistaken and unsupported damages evidence).

The Plaintiffs have been correcting some errors on the fly, but the magnitude and the persistence of the problems justify a full stop.

## III.   CONCLUSION

For the foregoing reasons, Taishan respectfully requests that the Court grant its Motion to Exclude Plaintiffs' Class Spreadsheet.

Respectfully submitted,

Dated:  June 23, 2015

/s Michael P. Kenny
Bernard Taylor, Esq.
Georgia Bar No. 669625
Michael P. Kenny, Esq.
Georgia Bar No. 415064
Christina Hull Eikhoff, Esq.
Georgia Bar No. 242539
David Venderbush, Esq.
New York Bar No. 2920817
ALSTON & BIRD LLP
1201 West Peachtree Street
Atlanta, Georgia 30309
Phone: (404) 881-7000
Fax: (404) 881-7777
mike.kenny@alston.com
*Counsel for Taishan Gypsum Co., Ltd. and Tai'an Taishan Plasterboard Co., Ltd.*

Alan Dean Weinberger
LA Bar No. 13331
HANGARTNER, RYDBERG & TERRELL, LLC
One Shell Square
701 Poydras St., Suite 310
New Orleans, Louisiana  70179
Phone:  (504) 434-6815
Fax: (504) 522-5689
aweinberger@hanrylaw.com
*Local Counsel for Taishan Gypsum Co., Ltd. and*
*Tai'an Taishan Plasterboard Co., Ltd.*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that the above and foregoing has been served on Plaintiffs'
Liaison Counsel, Russ Herman, by U.S. mail and e-mail and upon all parties by
electronically uploading the same to LexisNexis File & Serve in accordance with Pre-
Trial Order No. 6, and that the foregoing was electronically filed with the Clerk of Court
of the United States District Court for the Eastern District of Louisiana by using the
CM/ECF System, which will send a notice of electronic filing in accordance with the
procedures established in MDL 2047 on this 23rd day of June, 2015.

<u>/s Michael P. Kenny</u>
Michael P. Kenny, Esq.
Georgia Bar No. 415064
ALSTON & BIRD LLP
1201 West Peachtree Street NW
Atlanta, Georgia 30309
Phone: (404) 881-7000
Fax: (404) 881-7777
mike.kenny@alston.com
*Counsel for Taishan Gypsum Co., Ltd. and*
*Tai'an Taishan Plasterboard Co., Ltd.*