# EXHIBIT "B"

SUPERIOR COURT OF DECATUR COUNTY
STATE OF GEORGIA

| | | |
|---|---|---|
| JAMES BRYAN WALDEN and | * | |
| LINDSAY NEWSOME STRICKLAND, | * | |
| Individually and | * | |
| on Behalf of the Estate of Their Deceased Son, | * | |
| REMINGTON COLE WALDEN, | * | |
| | * | |
| Plaintiffs, | * | |
| | * | CIVIL ACTION |
| vs. | * | |
| | * | FILE NO. 12-CV-472 |
| CHRYSLER GROUP, L.L.C., n/ka | | |
| "FCA US LLC" and | * | |
| BRYAN L. HARRELL, | * | |
| | * | |
| Defendants. | * | |

FILED IN OFFICE
2015 Mar 12 10:30 AM
CECILIA WILLIS
CLERK OF SUPERIOR COURT
DECATUR COUNTY, GEORGIA
2015-4189

## ORDER

Pending before this Court are Plaintiffs' Rule 702 motion to exclude the proposed testimony of Chrysler Group LLC ("CG") expert witness Paul M. Taylor and Plaintiffs' Rule 702 motion to exclude the proposed testimony of CG's expert witness M. Laurentius Marais. After carefully considering the briefs and arguments of the parties, both said motions are hereby GRANTED.

CG proposes to have both Taylor and Marais present statistical evidence to the jury. Both witnesses admitted in their deposition that they did not make any effort to limit the other incidents included in their analyses to substantially similar incidents. CG concedes that the incidents included in the statistical analyses include dissimilar incidents and incidents involving dissimilar vehicles. Having reviewed a significant number of court decisions from Georgia and elsewhere, as cited by the parties, the Court concludes that Georgia law requires that the substantial similarity rule as to other incidents, events, and occurrences must be followed. This rule applies to the proponent of the evidence in question, whether it be the Plaintiffs or Defendant CG. *See, e.g., Cooper Tire and Rubber Company v. Crosby*, 273 Ga. 454, 455 (2001); *Stovall v. DaimlerChrysler Motors Corporation*, 270 Ga. App. 791, 792-793 (2004); *Volkswagen of America, Inc. v. Gentry*, 254 Ga. App. 888, 895 (2002); *Ray v. Ford Motor Company*, 237 Ga. App. 316, 317 (1999); *Uniroyal Goodrich Tire Co. v. Ford*, 218 Ga. App. 248, 258 (1995); *Ford Motor Co. v. Stubblefield*, 171 Ga. App. 331, 339 (1984); *Gunthorpe v. Daniels*, 150 Ga. App. 113, 113-14 (1979); *Sammons v. Webb*, 86 Ga. App. 382, 388, 71 S.E.2d 832, 837 (1952). CG concedes that Georgia law requires that any evidence relating to other incidents be limited to other incidents the Court has found to be substantially similar, and that the rule applies whether the proponent of the evidence is Plaintiff or Defendant.



CG argues that the statistical testimony it proposes to present to the jury should be admitted for other purposes. CG has cited for that proposition a federal court case, *Heath v. Suzuki Motor Corporation*, 126 F.3d 1391 (11th Cir. 1997). However, the Georgia Court of Appeals has specifically held that reliance on *Heath* is misplaced because the court in that case applied "the federal substantial similarity doctrine, *not state law*." *Colp v. Ford Motor Co.*, 279 Ga. App. 280, 285 (2006) (emphasis added).

This Court also finds that the proposed statistical testimony of Taylor and Marais is irrelevant. That proposed testimony, by admission of both witnesses, relates to the "overall safety" of various vehicles, including the subject vehicle, a 1999 Chrysler Jeep Grand Cherokee. Yet the "overall safety" of the subject vehicle is not in issue in this case. Plaintiffs' claims relate only to the safety of the fuel system design in rear impacts, and more specifically, to the safety of the rear gas tank design. This Courts find that the proposed statistical testimony by Taylor and Marais will tell the jury nothing about the safety of the subject vehicle under the circumstances at issue in this case.

This Court also finds that the prejudice and likely confusion from the proposed statistical testimony far outweighs the probative value, if any.

This Court also finds that Taylor is not qualified as an expert to offer testimony about statistical analysis, and that Marais did no work specifically for this case and that the small size of the databases he consulted and of the samples he used render his proposed testimony both unreliable and potentially confusing and misleading.

Accordingly, this Court excludes the proposed testimony by Taylor and Marais, and all exhibits created by those witnesses, based upon the substantial similarity rule, and upon this Court's conclusion such testimony is irrelevant to this case, and upon this Court's conclusion that the prejudice and likely confusion from the proposed statistical testimony far outweighs the probative value, if any. This Court further finds that the proposed testimony by Taylor and Marais does not meet the standards required by O.C.G.A. § 24-7-702(b).

In accordance with the foregoing, counsel are instructed not to mention or make any reference to the proposed testimony of Taylor and Marias, or to the exhibits they created or prepared, or to the alleged "overall safety" of the subject vehicle. The parties and their counsel are admonished to instruct their witnesses that this Order likewise applies to them.

SO ORDERED this 11th day of March, 2015

J. Kevin Chason
Judge, Superior Court of Decatur County