UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE:  CHINESE MANUFACTURED DRYWALL PRODUCTS LIABILITY LITIGATION | MDL No. 2:09-md-2047 |
| | SECTION L |
| **THIS DOCUMENT RELATES TO:** *All Cases* | JUDGE ELDON E. FALLON |
| | MAGISTRATE JUDGE JOSEPH C. WILKINSON, JR. |

**CNBM DEFENDANTS' SUR-REPLY TO THE
PSC'S EMERGENCY MOTION TO COMPEL DISCOVERY**

China National Building Materials Group Corporation and China National Building

Materials Company, Ltd. (collectively, the "CNBM Defendants") submit this sur-reply regarding

the PSC's "Emergency Motion" to Compel Discovery on the CNBM Defendants (Rec. Doc.

19134) and reply in support thereof (Rec. Doc. 19174-2).

The PSC asks the Court to "revisit" its previous order and compel time-consuming and

costly translations of every document produced by Defendants.  The PSC offers no new law or

arguments; in fact, the PSC cites no law in support of its demand whatsoever.

The Court previously recognized, at the May 7, 2015 status conference, that "[t]he best

[defendants] can do is machine translations, and then if the plaintiff needs some additional

translations, the plaintiff can employ someone to translate those specific documents."  May 7,

2015 Tr. at 42:25 – 43:3.  *See also id.* at 43:13-17 ("Do it by machine.  If the plaintiffs want to

specifically have somebody look at that particular document because it seems like a really hot

document, and you need a better translation, [the plaintiffs should] get somebody to do it.").

As the CNBM Defendants explained at the hearing, human translations of this volume of

material would extend discovery indefinitely, and is also contradicted by case law.  *See id.* at

42:1-5 ("given the number of pages that we are producing and anticipate producing, it will cost millions of dollars if the obligation is to translate by human every single document, and I cannot even imagine, then, when the productions would be closed.").

Moreover, established precedent provides that a defendant cannot be ordered to produce human translations of documents produced in response to requests for production.  A plaintiff is required to finance his own case.  *See, e.g., In re P.R. Elec. Power Auth.*, 687 F.2d 501, 506 (1st Cir. 1982) ("Federal Rules do not confer upon [a] district court the power [to order that a producing party provide translations]"); *accord Nature's Plus Nordic A/S v. Natural Organics, Inc.*, 274 F.R.D. 437, 442 (E.D.N.Y. 2011); *Briese Lichttechnik Vertriebs v. Langton*, 272 F.R.D. 369, 373 n.4 (S.D.N.Y. 2011) ("We also note that for discovery purposes, [the producing parties] have no obligation to provide translations of the German language documents."); *Contretas v. Isuzu Motors, Ltd. of Japan*, No. 98-CV-442, 1999 WL 33290667, at *1 (W.D. Tex. Apr. 2, 1999) ("absent special circumstances, there is no authority compelling the [producing party] to translate discovery documents."); *In re Fialuridine Prods. Liab. Litig.*, 163 F.R.D. 386, 387 (D. Col. 1995) ("a party cannot impose the cost of translating documents that exist in a foreign language on the producing party."); *Cook v. Volkswagen of Am., Inc.*, 101 F.R.D. 92, 92 (S.D.W. Va. 1984) (denying motion to compel production of English translations of German documents); *In re Korean Air Lines Disaster of Sept. 1, 1983*, 103 F.R.D. 357, 358 (D.D.C. 1984) ("While the Court will not condone an unnecessary escalation of . . . costs by the production of Korean language documents when English translation are equally available, neither will Korean Air Lines or any defendants be required to bear what is rightly Plaintiffs' burden."); 5 Vincent J. Hess & John H. McElhaney, Bus. & Com. Litig. Fed. Cts. § 53:21 (3d ed.) ("Courts will not allow a party requesting discovery to put the producing party to the task of producing translated

documents"); David Hittner *et al.*, The Rutter Guide, Prac. Guide Fed. Civ. Proc. Before Trial (5th Cir), Ch. 11(IV)-C ¶ 11:1940 ("The requesting party normally must bear the cost of translating documents written in a foreign language.  A production request demanding translation would be unduly burdensome, especially if it comes at a time when the significance of the documents is not known."); Roger S. Haydock & David F. Herr, Discovery of Foreign Language Documents and Translations, Discovery Practice § 25.07 ("A party generally has no obligation to create translations of foreign language documents."); Discovery Proceedings in Federal Court § 17:16 (3d ed.) ("A party responding to a request for production of documents may not be required to translate documents which are in a foreign language."); 10A John Kimpflen *et al.*, Fed. Proc., L. Ed. § 26:641 ("a district court cannot require a party producing documents . . . to translate them into another language during the discovery phase of the case."); 7 James Wm. Moore *et al.*, Moore's Feeral Practice – Civil § 34.14 ("If a document that is required to be produced is in a foreign language and no English version exists, the producing party should not be required to translate the document into English at its own expense.").

The PSC has presented no reason for the Court to reconsider its previous order, and the CNBM Defendants are fully complying, to the best of their abilities, with the Court's Order to produce machine translations.  For the foregoing reasons, and those stated in their response, the CNBM Defendants respectfully request that the Court deny the PSC's Emergency Motion.

Respectfully submitted,

/s/ L. Christopher Vejnoska
L. Christopher Vejnoska (CA Bar No. 96082)

L. Christopher Vejnoska (CA Bar No. 96082)
Ian Johnson (CA Bar No. 208713)
Andrew Davidson (CA Bar No. 266506)
Jason Wu (CA Bar No. 279118)
Jason Cabot (CA Bar No. 288877)
ORRICK, HERRINGTON & SUTCLIFFE LLP
The Orrick Building
405 Howard Street
San Francisco, CA  94105
Tel.:  415-773-5700
Fax:  415-773-5759
E-mail:cvejnoska@orrick.com
        ijohnson@orrick.com
        adavidson@orrick.com
        jmwu@orrick.com
        jcabot@orrick.com

Ewell E. Eagan, Jr. (LA Bar No. 5239)
Donna Phillips Currault (LA Bar No. 19533)
Nina Wessel English (LA Bar No. 29176)
Alex B. Rothenberg (LA Bar No. 34740)
GORDON, ARATA, MCCOLLAM,
DUPLANTIS & EAGAN, LLC
201 St. Charles Avenue, 40th Floor
New Orleans, LA 70170-4000
Tel: (504) 582-1111
E-mail: eeagan@gordonarata.com
        dcurrault@gordonarata.com
        nenglish@gordonarata.com
        arothenberg@gordonarata.com

James L. Stengel (NY Bar No. 1800556)
Xiang Wang (NY Bar No. 4311114)
Kelly Daley (NY Bar No. 4970117)
ORRICK, HERRINGTON & SUTCLIFFE LLP
51 West 52nd Street
New York, NY, 10019
Tel:  212-506-5000
Fax:  212-506-5151
Email:  jstengel@orrick.com
        xiangwang@orrick.com
        kdaley@orrick.com

Jonathan Riddell (LA Bar No. 27053)
ORRICK, HERRINGTON & SUTCLIFFE, LLP
400 Capitol Mall
Suite 3000
Sacramento, CA 95814
Tel: 916-447-9200
Email: jriddell@orrick.com

Eric A. Shumsky (D.C. Bar No. 477926)
ORRICK, HERRINGTON & SUTCLIFFE LLP
Columbia Center
1152 15th Street NW
Washington, D.C. 20005
Tel: 202-339-8400
Fax: 202-339-8500
Email: eshumsky@orrick.com

*Attorneys for CNBM Defendants*

Dated**:** June 22, 2015