UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: CHINESE-MANUFACTURED DRYWALL PRODUCTS LIABILITY LITIGATION<br><br>THIS DOCUMENTS RELATES TO<br><br>Payton, et al. v. Knauf Gips KG, et al.<br>Case No. 09-7628 (E.D.La.) | MDL No. 2047<br><br>SECTION: L<br>JUDGE FALLON<br>MAG. JUDGE WILKINSON |

### MEMORANDUM IN SUPPORT OF
### MOTION TO WITHDRAW AS COUNSEL WITHOUT SUBSTITUTION

NOW INTO COURT comes, Jim Reeves, and the law firm of Reeves & Mestayer, PLLC, counsel of record for Plaintiffs, Dennis Dauro and Martha Dauro, and who filed this Memorandum of Law in Support of the Motion to withdraw as counsel to the Plaintiffs for the following reasons, to wit:

Local Rules 83.2.11 of the United States District Court for the Eastern District of Louisiana states:

> "The original counsel of record must represent the party for whom he or she appears unless the court permits him or her to withdraw from the case. Counsel of record may obtain permission only upon joint motion (of current counsel and new counsel of record) to substitute counsel or upon written motion served on opposing counsel and the client. If other counsel is not thereby substituted, the motion to withdraw must contain the present address of the client and the client's telephone number if the client can be reached by telephone. The motion must be accompanied by a certificate of service, including a statement that the client has been notified of all deadlines and pending court appearances, served on both the client, by certified mail, and opposing counsel, and an affidavit stating why service has not been made." Local Rule 83.2.11 (E.D.La)

The instant Motion to Withdraw complies with all requirements of Local Rule 83.2.11 and should be granted. **See, Bryson v. State Farm and Casualty Insurance Company,** 2011 WL 1557949, *4 (2011 E.D.La.). In the present case, the rights of the Plaintiffs are represented by the Plaintiff Steering Committee, and the Plaintiff are

participating in the Knauf Pilot Program. Therefore, the effect of counsel's withdrawal, if any, would be minimal, and should not prevent the granting of counsel's Motion to Withdraw. **See, *Cameco Industries, Inc. v. Louisiana Cane Manufacturing, Inc.*, 1995 WL 529847 (1995 E.D.La.).**

WHEREFORE, the undersigned counsel respectfully requests that this honorable Court grant the Motion to Withdraw as Counsel without Substitution for Plaintiffs, DENNIS DAURO and MARTHA DAURO, in the above captioned case.

Respectfully submitted this the 25th day of June 2015.

s/Jim Reeves
Jim Reeves

Reeves & Mestayer, PLLC
160 Main Street (39530)
P.O. Box 1388
Biloxi MS 39533
Telephone:   228-374-5151
Fax No.:     228-374-6630
jrr@rmlawcall.com
mgm@rmlawcall.com

## CERTIFICATE OF SERVICE

I hereby certify that the above and Motion to Withdraw as Counsel Without Substitution has been served on Plaintiff's Liaison Counsel, Russ Herman, and Defendants' Liaison Counsel, Kerry Miller, by U.S. Mail <u>and</u> e-mail <u>or</u> by hand delivery and e-mail and upon all parties by electronically uploading the same to Lexis-Nexis File and Serve in Accordance with Pretrial Order No. 6, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF system, which will send a notice of electronic filing in accordance with the procedures established in MDL 2047, and via certified mail to Dennis Dauro, 119 Belle Terre Court, Long Beach, Mississippi 39560, on this the 25th day of June 2015.

s/Jim Reeves<br>
JIM REEVES