# LEVIN, FISHBEIN, SEDRAN & BERMAN

*Counsellors at Law and Proctors in Admiralty*

ARNOLD LEVIN
MICHAEL D. FISHBEIN
HOWARD J. SEDRAN
LAURENCE S. BERMAN
FRED S. LONGER \*
DANIEL C. LEVIN
CHARLES E. SCHAFFER
AUSTIN B. COHEN \*
MICHAEL M. WEINKOWITZ \* †
MATTHEW C. GAUGHAN \* †
KEITH J. VERRIER \*
BRIAN F. FOX
LUKE T. PEPPER

510 WALNUT STREET
SUITE 500
PHILADELPHIA, PA 19106-3697
www.lfsblaw.com

TELEPHONE (215) 592-1500
FACSIMILE (215) 592-4663

OF COUNSEL:
SANDRA L. DUGGAN
STEWART M. WELTMAN \*\*

\* also admitted in New Jersey
† also admitted in New York
\*\* admitted in Illinois only

June 25, 2015

**VIA EMAIL**

The Honorable Eldon E. Fallon
United States District Court
Eastern District of Louisiana
500 Poydras Street, Room C-456
New Orleans, LA 70130

    Re: *In re: Chinese Drywall Litigation – MDL No. 2047*

Dear Judge Fallon:

In an effort to avoid motions practice, plaintiffs would like to bring to the Court's attention a developing issue regarding the use of translated documents for the upcoming depositions involving Beijing New Buildings Material Public Limited Co. ("BNBM"). Plaintiffs seek the Court's guidance at first informally, and if necessary, are prepared to move formally to have the matter set for hearing.

By way of background, plaintiffs recognized that the admissibility of evidence would be important to establish an adequate record for this Court to evaluate all of the issues pertaining to BNBM including alter ego, jurisdiction and violation of this Court's Contempt Order. Therefore, the PSC asked that the defendants admit to certain record evidence in order to expedite and enjoy efficiencies at the upcoming deposition of BNBM's witnesses. Plaintiffs did not want to become bogged down in asking repetitive questions establishing predicate facts regarding the authenticity of the defendants' documents and their admissibility as business records maintained in the ordinary course of business pursuant to F.R.E. 803(6). Therefore, the PSC served Requests for Admission upon all the defendants, including BNBM, requesting that they admit to the authenticity of their documents, their admissibility under the Federal Rule of Evidence 803(6) (regarding business records), and the accuracy of plaintiffs' translation of the documents.

**LEVIN, FISHBEIN, SEDRAN & BERMAN**

The Honorable Eldon E. Fallon
June 25, 2015
Page 2

On June 22, 2015, BNBM responded to the requests for admissions, which in relevant part, deny the authenticity of documents BNBM itself produced, as well as their admissibility. A copy of BNBM's Responses and Objections to Requests for Admissions is attached hereto as Exhibit "A". To enable the Court to assess the problem presented by BNBM's answers to these requests for admissions, the PSC highlights one example to demonstrate the inadequacy of BNBM's answers. Among the documents at issue is BNBM's Annual Report 2009. This report was produced by BNBM in response to document requests regarding the defendants' financial records. BNBM produced both an English version and a Chinese version of the 2009 Annual Report. The English version (BNBMPLC001229-1378)[attached hereto as Exhibit "B"] was a document translated by BNBM from the Chinese original (BNBMPLC001081-1228)[attached hereto as Exhibit "C"]. When plaintiffs requested that BNBM admit to the authenticity of both documents BNBM demurred. In its response to plaintiffs' request for admissions, BNBM stated:

> Defendant denies the document's authenticity. This document is a third-part English translation of a Chinese document prepared by or at the direction of defendant. A true and correct version of the Chinese document that is authentic has been produced to plaintiffs and can be found at BNBMPLC001081-1228.[1]

BNBM's Response to Request No. 1(c).

BNBM's denial of the authenticity of a document that it produced and had translated at its direction is unjustified. The fact that BNBM will not stand behind its own document production's authenticity has broad ramifications for the upcoming depositions. Plaintiffs are concerned that the defendant's refusal to authenticate documents will result in needless and wasted time at the deposition of BNBM's witness spent authenticating and laying the foundation of admissibility for these documents. Since the availability of BNBM's witnesses are extremely limited given the distance the witnesses must travel, problems they have had in obtaining travel documents including Visas, and other transportation issues, coupled with the difficulty presented by the need for translation of testimony (which essentially doubles the time for any inquiry of the witness), the need for some cooperative agreement among the parties as to authenticity, admissibility and use of documents is essential. Plaintiffs hoped to avoid problems with the use

---

[1] The 2009 Annual Report itself attests to its own accuracy, stating: "The Board of Directors, the Supervisory Committee and all directors, supervisors and senior executives of the Company confirm that there are no misrepresentations or misleading statements contained in or material omissions from this Report, and accept joint and several responsibilities for the truthfulness, accuracy and completeness of the contents of this Report." 2009 Annual Report at p.2 (BNBMPLC0001231).

**LEVIN, FISHBEIN, SEDRAN & BERMAN**

The Honorable Eldon E. Fallon
June 25, 2015
Page 3

of documents through the Rule 34 Request for Admission device. Now that the Requests for Admission have been answered by denials of the authenticity of BNBM's own documents, plaintiffs are stymied by their efforts to streamline the discovery process.

Plaintiffs would appreciate this Court's guidance regarding how to advance the process. Despite the PSC's best efforts to employ the rules of discovery efficiently, our efforts have been impaired by the unwillingness of BNBM to acknowledge the veracity of its own documents. Plaintiffs submit that the defendant should not be permitted to impair or impede the use of documents they had translated into English by disavowing them. *See, e.g., United States v. Ben-Shimon*, 249 F.3d 98, 101 (2d Cir. 2001)(competing translations maybe submitted to the jury if the accuracy of the testimony is contested). Here, the defendants either hired a third party to translate their documents or did it in-house and now it refuses to acknowledge its translation as being accurate. Unlike the defendants incomprehensible machine-translated documents, plaintiffs are willing to accept the defendants' translation of its own document. Ironically, now that the defendants have properly translated documents, they are reluctant to acknowledge their use. Under these circumstances, the plaintiffs submit that the English translated document should be acknowledged as authentic and admissible. To the extent that BNBM wishes to challenge its own document, plaintiffs propose that it be compelled to provide an alternative translation, which to date it has not done.

The deposition of BNBM's 30(b)(6) witness is scheduled to begin Wednesday, July 8, 2015. So that the PSC may properly prepare for the deposition, we ask that the Court schedule a conference on this matter as soon as possible so that a resolution of the matter may be obtained.

Thank you in advance for your anticipated guidance and patience while the parties work through these disputes before Your Honor.

Respectfully,

**ARNOLD LEVIN**

/mmh

Enc.

cc: Russ M. Herman, Esquire (via email)
   Leonard A. Davis, Esquire (via email)

**LEVIN, FISHBEIN, SEDRAN & BERMAN**

The Honorable Eldon E. Fallon
June 25, 2015
Page 4

    Sandra L. Duggan, Esquire (via email)
    Frederick S. Longer, Esquire (via email)
    Bernard Taylor, Esquire (via email)
    Alan Weinberger, Esquire (via email)
    Christy Eikhoff, Esquire (via email)
    L. Christopher Vejnoska, Esquire (via email)
    James L. Stengel, Esquire (via email)
    Eric A. Shumsky, Esquire (via email)
    Ewell E. Eagan, Jr., Esquire (via email)
    Michael H. Barr, Esquire (via email)
    Richard L. Fenton, Esquire (via email)
    Harry Rosenberg, Esquire (via email)
    C. Michael Moore, Esquire (via email)



| | | |
|---|---|---|
| **DENTONS** | C. Michael Moore<br>Partner<br><br>Dentons US LLP<br>2000 McKinney Ave. Suite 1900<br>Dallas, TX 75201<br><br>T +1 214 259-0900<br>F +1 214 259-0910 | C.Michael.Moore@Dentons.com | Salans FMC SNR Denton<br>dentons.com |

June 29, 2015

**BY E-MAIL**

The Honorable Eldon E. Fallon
United States District Court
Eastern District of Louisiana
500 Poydras Street, Room C-456
New Orleans, LA 70130

Re:   *In re: Chinese Drywall Litigation - MDL No. 2047*

Your Honor:

   Defendant Beijing New Buildings Material Public Limited Co. ("BNBM PLC") appreciates this opportunity to respond as to the issues raised by the PSC in its letter to the Court dated June 25, 2015 (the "June 25th Letter") concerning the Plaintiffs' requests for admission as to translations.

   To begin with, the PSC has again brought a matter to the Court pre-maturely and unnecessarily without even attempting to first resolve the issues informally, as required by Fed. R. Civ. P. 37(a)(1). As explained below, the issue raised in the June 25th Letter is the result of either a misunderstanding or mischaracterization on the PSC's part of the documents attached to the letter. Had the PSC followed the rules and good practice, it is likely that the issue presented by their letter could have been resolved without Court intervention, or, at a minimum, the issues could have been presented accurately. Issues relating to the authenticity of translated documents are a perfect example of the type of ministerial matter most appropriately handled among counsel in a meet and confer. The PSC's failure to confer with BNBM PLC is especially surprising given the Plaintiffs' repeated acknowledgement that BNBM PLC has been responsive and timely with its discovery. BNBM PLC again objects to the PSC's failure to meet and confer as required by the Rules.

   The June 25th Letter creates the erroneous impression that the English translation in question (Ex. B to the June 25th Letter) was a translation created <u>by BNBM PLC</u> contemporaneously and in the ordinary course of business, of the Chinese language public filing attached to their letter as Exhibit C. It is not. Instead, Ex. B is a "convenience" translation created by a third party translation service engaged by outside counsel (and not by BNBM PLC) solely for the purpose of document production to Plaintiffs in this litigation. Ex. B therefore is <u>not</u> a business record of BNBM PLC but instead is a third party



June 29, 2015
Page 2

Salans FMC SNR Denton
dentons.com

convenience translation generated for litigation purposes. Ex. B therefore is very different from the contemporaneous translations created by other parties in the case, not for litigation purposes, but instead in connection with their public filings. Here is the reason for the difference.

BNBM PLC's stock is listed on the Shanghai Stock Exchange, which only requires that BNBM PLC publically disclose corporate documents in Chinese. BNBM PLC produced its Chinese language annual reports to Plaintiffs (one example of which is Exhibit C to Plaintiffs' June 25th Letter) and admitted both to their authenticity and to their qualification as a business record.

By contrast, companies listed on the Hong Kong Exchange, like certain of the CNBM entities, must publically disclose corporate documents in both Chinese and English. BNBM PLC prepares and discloses its annual reports in Chinese and does not prepare ordinary course, contemporaneous English language translations like the ones the PSC has for the CNBM entities.

If the PSC had complied with Rule 37(a)(1), BNBM PLC's counsel could have explained the significant difference between the third party, litigation-purpose translations of BNBM PLC annual reports, and seemingly similar translations of CNBM annual reports. BNBM PLC's counsel could also have reminded the PSC that BNBM PLC told the PSC that its counsel hired a translation company to create Exhibit B to the June 25th Letter for the convenience of the Plaintiffs and produced it along with BNBM PLC's expedited initial hard copy production. See April 14, 2015 Letter from Meagan Dyer to Plaintiffs' Counsel regarding BNBM PLC's Production Volume 2, attached hereto as **Exhibit 1**. Production of Exhibit B was made at an early point in this expedited discovery stage, before translation was required and at a time when BNBM PLC received a barrage of discovery requests and emergency motions from Plaintiffs. BNBM PLC told Plaintiffs at that time that "an English translation of the document immediately follows the Chinese version." See April 14, 2015 Letter. So, just like with the machine translation of BNBM PLC's electronic production, Plaintiffs were on notice from the beginning that documents like Ex. B were litigation *translations* of BNBM PLC's hard copy production and not documents of BNBM PLC.

After learning of the issue from the June 25th Letter, BNBM PLC's counsel contacted the PSC and offered to work out agreed upon translations of reasonable excepts from the BNBM PLC annual reports and stipulate to their accuracy. BNBM PLC's counsel's discussions with the PSC on this topic continue.

It is neither reasonable nor practicable to expect any of the parties, including BNBM PLC to stipulate to the accuracy of translations of lengthy documents during this expedited discovery period. Just as with the machine translations, BNBM PLC had not checked each page of each annual report for translation accuracy. Nor was BNBM PLC required to do so. To confirm the accuracy of each page of each annual report would not only take a tremendous amount of time but may also require a translator with facility in Chinese accounting. At the May 7th hearing, the Court did not require defendants to

**DENTONS**

June 29, 2015
Page 3

Salans FMC SNR Denton
dentons.com

prepare and produce certified translations of documents for purposes of future authenticity and admissibility into evidence, but required translations for convenience to Plaintiffs to understand the nature of the Chinese-language production.  As was true about the PSC's complaints about machine translations, Plaintiffs would like both expedited discovery and perfect translations.  They cannot have it both ways.

Plaintiffs' concerns about their ability to use Exhibit B efficiently during upcoming depositions is equally without merit.   Plaintiffs' are already aware that BNBM PLC's witness does not speak English and could not be questioned about Exhibit B in any case.

In conclusion, BNBM PLC will continue the discussions its counsel initiated with the PSC to attempt to agree upon accurate translations of a reasonable number of pages, to which it can stipulate. BNBM PLC believes the Court should allow the parties to meet and confer on this matter before scheduling a conference.  However, if the Court should still desire to speak with the parties on this issue, BNBM PLC's counsel will of course be available.

Sincerely,

C. Michael Moore

C. Michael Moore

cc: Sandra L. Duggan, Esq. (via email)
Frederick S. Longer, Esq. (via email)
Bernard Taylor, Esq. (via email)
Alan Weinberger, Esq. (via email)
Christy Eikhoff, Esq.  (via email)
L. Christopher Vejnoska (via email)
James L. Stengel, Esq. (via email)
Eric A. Shumsky, Esq. (via email)
Ewell E. Eagan, Jr., Esq. (via email)
Arnold Levin, Esq. (via email)
Russ M. Herman, Esq. (via email)
Leonard A. Davis, Esq. (via email)
Richard Fenton, Esq. (via email)
Harry Rosenberg, Esq. (via email)
C. Michael Moore, Esq. (via email)