UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: CHINESE MANUFACTURED DRYWALL PRODUCTS LIABILITY LITIGATION | MDL NO. 2047<br><br>SECTION L<br><br>JUDGE FALLON MAGISTRATE JUDGE WILKINSON |

**THIS DOCUMENT RELATES TO:** ALL CASES

## ORDER AND REASONS

Before the Court are various claimants' appeals from the decisions of the Settlement Administrator and Special Master. In these cases, the claims were denied by the Settlement Administrator and Special Master, and the claimants now appeal to this Court. Having considered the claimants' briefs, the evidence, the statements of fact submitted by the Settlement Administrator, and the pertinent provisions of the various settlement agreements, the Court now issues this Order and Reasons.

**I.  SIDE-BY-SIDE REDEVELOPMENT, INC., CRESCENT CITY PROPERTY REDEVELOPMENT ASSOCIATION, LLC, CRESCENT CITY PROPERTY REDEVELOPMENT SERVICES, INC., PRIVATE CONNECTION PROPERTY, INC. (REC. DOC. 18332, 18337, 18396, 18483, 18492)**

According to these appeals, these Claimants were not anticipating litigation and therefore did not keep records. In response, the Settlement Administrator states that it cannot determine if Claimants are actually class members and cannot calculate losses in accordance with Pre-Trial Order 29 without the missing documents.

As these Claimants acknowledge that the lack the requisite documentation to support their claims, the Court agrees with the Settlement Administrator: Claimants have not demonstrated eligibility for their claims. Therefore, the Court denies these appeals.

## II.     WILLIAM AND KELLY WAYNE (REC. DOC. 18365, 18491)

After reviewing the claim and determining that it was incomplete, the Settlement Administrator issued Incompleteness Notices on July 23, 2014 and August 27, 2014 requesting submission of an expert report. When the deadline to respond passed and the claimant had not submitted the expert report, the Settlement Administrator issued an Incompleteness Denial Notice on September 10, 2014. The claimant then appealed the Incompleteness Denial to the Special Master, but did not submit the expert report. The Special Master upheld the Settlement Administrator's determination and issued a Special Master Denial Notice on February 10, 2015.

The claimant appealed the Special Master Denial Notice on February 19, 2015. As part of this appeal, the claimant submitted an expert report dated February 11, 2015, one day after the Special Master denied the claim.

Claimant argues that none of the settling parties would be prejudiced by a delayed submission. The Settlement Administrator counters that that all other claimants who have an eligible Foreclosure claim have been required to submit all required documents on or before document submission deadlines.

The Court has previously explained that it can no longer allow claimants to seek particular settlement payments when they have not complied with the deadlines established by the settlement protocol. (*See* Rec. Doc. 18586). At this late stage in the settlement administration process, where payments have largely gone out, such noncompliance disrupts efficient, fair, and effective settlement administration. (*See* Rec. Doc. 19037). Here, the Settlement Administrator notified Claimants that they lacked a needed expert report as early as July 23, 2014. Claimants did not submit that report to the Settlement Administrator, and later the Special Master, deadlines. Claimants' eventual submission of the expert report was tardy and over six months

after the Settlement Administrator first requested the report. The Court cannot allow such a claim in violation of these settlement administration deadlines. Therefore, the Court denies the appeal.

## III. PATRICIA GOTTLIEB (REC. DOC. 18415, 18486)

The Settlement Administrator reviewed the Lost Rent, Use or Sales claim submitted on behalf of Ms. Gottlieb and determined that the claim was incomplete because the claimant had not submitted:

> a. An Expert Report stating the Lost Rent, Use or Sales was due to the presence of Chinese Drywall. Knauf Settlement Agreement. §4.7.1.2.2(j).
> b. Evidence of Remediation. Knauf Settlement Agreement. § 4.7.1.2.

The Settlement Administrator issued Incompleteness Notices on August 14, 2014 September 18, 2014 requesting submission of all required documents. When the deadline to respond passed and the claimant had not submitted the required documents, the Settlement Administrator issued an Incompleteness Denial Notice on September 29, 2014.

Claimant then appealed the Incompleteness Denial to the Special Master, but did not submit any of the missing documents. The Special Master upheld the Settlement Administrator's determination and on January 28, 2015 issued a Special Master Denial Notice.

Claimant appealed the Special Master Denial Notice on March 2, 2015, which is more than 15 days after service of the Special Master Denial Notice. In addition, Claimant has not submitted any of the missing documentation required by the Settlement Agreement to substantiate the Lost Rent, Use or Sales claim. Because the claim remains incomplete, the Settlement Administrator is unable to determine whether the claimant is entitled to damages for Lost Rent, Use, and Sales in accordance with Pre-Trial Order 29.

As Ms. Gottlieb lacks the requisite documentation to support her claims, the Court agrees with the Settlement Administrator: she has not demonstrated eligibility for her claim. Therefore, the Court denies the appeal.

## IV. GEORGE AND GLORIA ANDERTON (REC. DOCS. 18414, 18484)

Claimant argues that offer of $7,799.22 is insufficient. Claimant argues that calculation using only "floor-level under air square footage" is unreasonable because of the luxury nature of the home. Claimant's counsel requested actual out of pocket expenses of $194,033.99. In response, Settlement Administrator states that

    a) the appeal was filed more than 15 days after the denial notice, and

    b) the Banner Allocation Agreement uses a calculation which does not vary based on the luxuriousness of a home and does not consider actual out-of-pocket costs.

The Court finds that the Settlement Administrator properly calculated the Andertons' claim. The pertinent part of the Settlement Agreement provides for payment on a square footage basis and does not provide for a different calculation based on the luxuriousness of the home. Therefore, the Court denies the appeal.

## V. ETHEL LEWIS (REC. DOCS. 18429, 18485)

### A. Global, Banner InEx Repair and Relocation Expenses Claim

Claimant did not own the property at the time she submitted claims and had not had retained in writing the exclusive right to assert claims related to the property pursuant to Paragraph 3, Footnote 2 of the Banner Allocation Agreement.

This claimant appealed the Settlement Administrator's denial to the Special Master on March 5, 2015. This claimant therefore has two pending appeals for the same claim –one to the Special Master, and one to this Court. The Special Master has not yet ruled on the appeal, and therefore this appeal of the Claimants' Global, Banner, InEx Repair and Relocation claim to this Court is not yet ripe. Therefore, the Court denies the appeal as premature.

### B. Claimant's Request for Reclassification

On January 23, 2015 after learning that the claim would be denied because Ms. Lewis had not retained the right to assert a claim, Claimant requested that the Settlement Administrator re-classify the claimants' Global, Banner, InEx Repair and Relocation Expenses claim to a Short Sale claim. Claimant based this request on Claims Administrator Procedure 2013-6, which provides in part that:

> "If the Settlement Administrator determines that a claimant may have a valid claim but erroneously filed an incorrect claim form, the Settlement Administrator will notify the claimant of the filing error."

However, on March 6, 2014, nearly a year before filing this appeal and 10 months before requesting reclassification, Claimant's counsel wrote that "we flat out admit that the property was short sold, so the claimant no longer owns the property…"

Despite knowing of the short sale on March 6, 2014, Claimant's counsel did not request that the claim be reclassified as a Short Sale claim until January 23, 2015. The Settlement Administrator denied counsel's January 23rd, 2015 request to reclassify the denied claim to a Short Sale claim because the pro-rata calculations for Short Sale claims had already been calculated as outlined in Pre-Trial Order 29. In addition, Claims Administrator Procedure 2013-6 does not apply to this situation because Claimant's counsel knew on March 6, 2014 that the property had been sold in a short sale, and therefore knew or should have known that Ms. Lewis may have a short sale claim without any input from the Settlement Administrator.

The Settlement Administrator notes that the requests lodged by Claimant's counsel in his Motion to Reclassify are in reality requests to submit late filed claims. The Court agrees. As the Court has explained, "the time to accept late-filed claims has passed." (Rec. Doc. 18586). The Court will not allow such late-filed claims. Therefore, the Court denies this motion to reclassify as moot.

## VI. KEVIN AND CHRISTINE SHEDD (REC. DOC. 18457)

Claimants purchased and installed Chinese Drywall on their home and sustained significant losses and damages. Plaintiffs filed claims via the webportal established by Brown Greer, the settlement administrator, on September 20, 2013. Plaintiffs received a denial notice for "Incompleteness" on September 19, 2014. Plaintiffs have submitted claim forms in their possession including Proof of Attempt to Sell or Rent, Affidavit in Support of Claim, and Expert Report.

As these Claimants lack the requisite documentation to support their claims, the Court finds that they have not demonstrated eligibility for their claims. Therefore, the Court denies the appeal.

## VII. DAVID SMITH (REC. DOC. 18912, 18996)

Claimant purchased the home in January 2007 as a newly constructed home. Claimant states that, at the time of the purchase, he was unaware that the home was contaminated with Chinese Drywall. In June 2009, Mr. Smith discovered that the home was contaminated and in November 2009, Mr. Smith and his wife, Ellen, moved out of the home due to health issues. Unable to continue making the mortgage payments on the home while also paying for alternate housing, Mr. Smith sold the home "AS IS" through a short sale in June of 2011.

The home was sold to the new owner, Suzanne W. Feeney, for a significantly reduced price of $135,000.00. The home was marketed and sold as a Chinese Drywall contaminated home and the purchaser clearly knew of the existence of the CDW at the time of purchase.

Claimant alleges that at the time of the short sale, no notice, guidelines or documentation had been disclosed of the GBI Settlement to the Claimant. No protocols or guidelines had been issued concerning the GBI Settlement. As such, Claimant was not aware that he would be required to retain, in writing, the exclusive right to assert all claims against the builder, installer

or supplier of the property in order to collect on the Global, Banner, In-Ex Repair and Relocation Expenses Claim. Once the GBI Settlement protocols permitted Claimant to apply for benefits, the Claimant filed for the settlement proceeds.

Unbeknownst to the Claimant, the subsequent purchaser also filed a claim for the same GBI settlement benefits. Claimant alleges that the Claims Administrator, knowing of the competing claims, none-the-less granted the Claim of Ms. Feeney, solely on the basis that she possessed ownership of the property at the time of the application for settlement benefits.

Once the Claimant received the denial of his claim, Claimant filed his Objection to the Claims Administrator's decision on March 5, 2015, succinctly stating the facts set forth herein. The Objection was denied by the Special Master on April 27, 2015, on the same basis as the Settlement Administrator's denial.

Claimant requests that the Court overrule the denial of the GBI Settlement Benefits because they allege that the Claims Administrator was clearly aware of the competing claims between the Claimant and the subsequent purchaser before any monies were distributed and that the Claims Administrator was on clear notice that the Claimant never relinquished his rights to damages.

The Settlement Administrator notes that the Allocation Agreements provide that a seller of a property that contains Chinese Drywall may pursue Global, Banner, InEx claims if the seller "retained, in writing, the exclusive right, as opposed to the buyer" to pursue the claim. The Settlement Administrator notes that Mr. Smith did not retain that right, thus determined that the new owner has the claim for the Affected Property, and accordingly compensated the new owner. The Settlement Administrator further notes that Mr. Smith has received a Foreclosure/Short Sale claim.

Upon review of Mr. Smith's appeal, the Court finds that the Settlement Administrator properly denied the claim. Mr. Smith did not retain his right in writing to pursue the claim. Therefore, the Court denies the appeal.

## VIII.  CONCLUSION

Accordingly, **IT IS ORDERED** that these claimants' appeals to this Court, (Rec. Doc. 18332, 18337, 18365, 18396, 18414, 18415, 18429, 18457, 18492, 18912), are **DENIED**.

**IT IS FURTHER ORDERED** that Plaintiffs' Liaison Counsel ensure that the pro se Plaintiffs whose claims have decided herein receive a copy of this Order.

New Orleans, Louisiana, this 4th day of June, 2015.

_____
UNITED STATES DISTRICT JUDGE