UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

IN RE: CHINESE MANUFACTURED DRYWALL   MDL NO. 2047
PRODUCTS LIABILITY LITIGATION

SECTION: L

JUDGE FALLON
MAG. JUDGE WILKINSON

**OBJECTION AND/OR RESPONSE TO BAILEY LUMBER & SUPPLY CO.'S MOTION TO ENFORCE INJUNCTION REGARDING CLAIMS BROUGHT BY PLAINTIFFS KYLE AND DENISE NEWMAN AND COUNTER-MOTION TO ENFORCE SETTLEMENT**

Plaintiffs, Kyle and Denise Newman, file this their Objection and/or Response to Bailey Lumber & Supply Co.'s ("Bailey") Motion to Enforce Injunction Regarding Claims Brought by Plaintiffs Kyle and Denise Newman and Counter-Motion to Enforce Settlement and in support thereof, would show unto the Court the following:

1.  The pending issue between Plaintiffs and Bailey arises from the state Court action involving the same parties not having been dismissed. Plaintiffs (along with others represented by the same undersigned counsel-specifically *Anita, James and Wes Sanderford v. Knauf Gips KG, et al.;* In the Circuit Court of the First Judicial District of Harrison County, Mississippi; Civil Action No. A2401-11-225; *Marilyn Clark and Francis Parlow v. Knauf Gips KG, et al.;* In the Circuit Court of the First Judicial District of Harrison County, Mississippi; Civil Action No. A2401-10-418; *Shea Ladner, et al. v. Knauf Gips KG, et al.;* In the Circuit Court of the First Judicial District of Harrison County, Mississippi; Civil Action No. A2401-11-128) all have state court actions for their claims for defective drywall pending.

2.  Each of these Plaintiffs were enticed to settlement and every one of them accepted the terms of settlement (which were the same terms approved by this Court for the class

settlement).There is no dispute that the Plaintiffs have agreed to a settlement. Plaintiffs are attaching correspondence between counsel illustrating for the court the extension of the offer to settle and the acceptance of the offer by the Plaintiffs. Therefore, there was a contract of settlement that should be enforced. This correspondence is attached hereto as Exhibit "A" and is incorporated herein by reference.

3. The above referenced Plaintiffs were instructed as part of their settlement, to enroll or "opt in" to this MDL and accept the settlement terms of the class. The Newmans, initially opted out but timely rescinded their opt-out prior to the deadline to submit claims.[1]

4. It was repeatedly represented to Plaintiffs' counsel that their clients' were included in the class[2] however, each of these Plaintiffs have never received any settlement proceeds.

5. Plaintiffs' counsel has inquired into the reason for the delay in receipt of the settlement proceeds and the Third-Party Administrator advised that not a single one of the Plaintiffs represented was located in the Third-Party Administrator's database. Plaintiffs then requested leave to submit claim forms to the Third-Party Administrator[3], which this Court denied.[4] An appeal is presently pending the Court's ruling.

6. There is no dispute that as part of the settlement terms, Bailey be dismissed from the State Court actions. However, this dismissal is also predicated upon the condition precedent that

---

[1] See Docket Nos. 15916; Docket No. 16191-1; and 16191-5 showing the Newmans rescinded their opt-out, which are attached hereto collectively as Exhibit "B" and incorporated herein by reference.

[2] See Docket Nos. 15916-12 and 16373-1 which are letters from Plaintiffs' counsel to defense attorneys as well as attorneys on Plaintiffs' Steering Committee advising them of the remainder of Plaintiffs represented (Sanderford, Clark and Parlow, and Ladner) also opted "in" to the class and are attached hereto collectively as Exhibit "C" and are incorporated herein by reference.

[3] Docket No. 18295

[4] Docket No. 18586

Plaintiffs receive their promised settlement proceeds.  Plaintiffs have repeatedly requested this relief, especially since they are all included in the class.  Bailey has not offered assistance for the Plaintiffs to receive their settlement proceeds from the Third-Party Administrator and all requests for class verification have been either ignored or unfruitful.

7.	It is also not disputed that all above mentioned Plaintiffs are, indeed, included in the class.  Therefore, Plaintiffs move the Court for an Order enforcing the settlement terms and compelling the Third-Party Administrator to immediately pay Plaintiffs the settlement proceeds they are due.  At that time, a dismissal of the state court actions would then be appropriate.

WHEREFORE, PREMISES CONSIDERED, Plaintiffs respectfully request that this Court deny Bailey's Motion to Enforce Injunction regarding the Newman's claims.

WHEREFORE, PREMISES FURTHER CONSIDERED, Plaintiffs respectfully request that this Court enforce the settlement terms and compel the payment of the settlement proceeds to the Plaintiffs.

Respectfully submitted, this the 2nd day of July, 2015.

PLAINTIFFS


BY: /S/Wayne E. Ferrell, Jr.
	WAYNE E. FERRELL, JR.

OF COUNSEL:

WAYNE E. FERRELL, JR.
Mississippi Bar No. 5182
Post Office Box 24448
Jackson, Mississippi 39225
(601) 969-4700
wferrell@airlawonline.com

CERTIFICATE OF SERVICE

    I, WAYNE E. FERRELL, JR., do hereby certify that I have this day electronically filed the foregoing document with the Clerk of the Court utilizing the ECF system which sent notification of such filing to all counsel of record.

    This the 2nd day of July, 2015.

                                        By:    /s/ Wayne E. Ferrell, Jr.
                                                      WAYNE E. FERRELL, JR.