UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

IN RE: CHINESE MANUFACTURED DRYWALL       MDL NO. 2047
PRODUCTS LIABILITY LITIGATION

                                           SECTION: L

                                           JUDGE FALLON
                                           MAG. JUDGE WILKINSON

**MEMORANDUM BRIEF IN SUPPORT OF PLAINTIFFS' OBJECTION AND/OR
RESPONSE TO BAILEY LUMBER & SUPPLY CO.'S MOTION TO ENFORCE
INJUNCTION REGARDING CLAIMS BROUGHT BY PLAINTIFFS KYLE AND
<u>DENISE NEWMAN AND COUNTER-MOTION TO ENFORCE SETTLEMENT</u>**

       Plaintiffs, Kyle and Denise Newman, submit this their Memorandum Brief in Support of their

Objection and/or Response to Bailey Lumber & Supply Co.'s ("Bailey") Motion to Enforce

Injunction Regarding Claims Brought by Plaintiffs Kyle and Denise Newman and Counter-Motion

to Enforce Settlement and in support thereof, would show unto the Court the following:

## I. <u>FACTS</u>

       Plaintiffs originally brought their causes of action in Mississippi State Court, for hazardous

sheetrock/drywall that was installed in their home subsequent to the devastation the structure

sustained as result of Hurricane Katrina, which completely destroyed the area in August, 2005.

Plaintiffs retained counsel to assist them with their claims and eventually reached a settlement with

Defendants.  The styles of the state court actions are as follows:

*Anita, James and Wes Sanderford v. Knauf Gips KG, et al.;* In the Circuit Court of the First Judicial
District of Harrison County, Mississippi; Civil Action No. A2401-11-225;

*Marilyn Clark and Francis Parlow v. Knauf Gips KG, et al.;* In the Circuit Court of the First Judicial
District of Harrison County, Mississippi; Civil Action No. A2401-10-418;

*Shea Ladner, et al. v. Knauf Gips KG, et al.;* In the Circuit Court of the First Judicial District of
Harrison County, Mississippi; Civil Action No. A2401-11-128

These Plaintiffs were instructed as part of their settlement, to enroll or "opt in" to this MDL and accept the settlement terms of the class.   The Newmans, initially opted out but timely rescinded their opt-out prior to the deadline to submit claims.[1]  It was repeatedly represented to Plaintiffs' counsel that their clients' were included in the class[2] however, each of these Plaintiffs have never received any settlement proceeds.   Knowing that other Plaintiffs were in receipt of their settlement funds, Plaintiffs' counsel inquired into the reason for the delay in receipt of the settlement proceeds and the Third-Party Administrator advised that not a single one of the Plaintiffs represented was located in the Third-Party Administrator's database.   Plaintiffs then requested leave to submit claim forms to the Third-Party Administrator[3], which this Court denied.[4] An appeal is presently pending the Court's ruling.

Each of these Plaintiffs were enticed to settlement and every one of them accepted the terms of settlement (which were the same terms approved by this Court for the class settlement).There is no dispute that the Plaintiffs have agreed to a settlement.   Plaintiffs are attaching correspondence between counsel illustrating for the court the extension of the offer to settle and the acceptance of the offer by the Plaintiffs.   Therefore, there was a contract of settlement that should be enforced.   This correspondence is attached to Plaintiffs' Response as Exhibit "A" and is incorporated herein by reference.

---

[1]See Docket Nos. 15916; Docket No. 16191-1; and 16191-5 showing the Newmans rescinded their opt-out, which are attached to Plaintiffs' Motion as Exhibit "B" and incorporated herein by reference.

[2]See Docket Nos. 15916-12 and 16373-1 which are letters from Plaintiffs' counsel to defense attorneys as well as attorneys on Plaintiffs' Steering Committee advising them of the remainder of Plaintiffs represented (Sanderford, Clark and Parlow, and Ladner) also opted "in" to the class and are attached to Plaintiff's Motion collectively as Exhibit "C" and are incorporated herein by reference.

[3]Docket No. 18295

[4]Docket No. 18586

Plaintiffs have numerous correspondence between the parties which clearly illustrate that the parties reached an agreed settlement amount and that the requisite releases and settlement funds would be forthcoming.  Plaintiffs have diligently and in good faith been patient with the documents which were promised despite months having passed without any word from the settling Defendants. Once Plaintiffs' counsel notified Defense counsel that the settlement had not been effectuated and requesting a status update, Defendants tried to renege on what was agreed and have denied that a settlement agreement was reached.  Plaintiffs adamantly contest the denial since they detrimentally relied upon the assurances made by the Defendants that a settlement had been agreed upon and were waiting on the final conclusion of the matter. Plaintiffs maintain that a settlement agreement has been reached and requests the Court to enforce the agreement and compel the Defendants to fully and finally effectuate the settlement pursuant to the agreed upon terms.

There is no dispute that as part of the settlement terms, Bailey be dismissed from the State Court actions.  However, this dismissal is also predicated upon the condition precedent that Plaintiffs receive their promised settlement proceeds.  Plaintiffs have repeatedly requested this relief, especially since they are all included in the class.  Bailey has not offered assistance for the Plaintiffs to receive their settlement proceeds from the Third-Party Administrator and all requests for class verification have been either ignored or unfruitful.  Plaintiffs are entitled for the settlement upon which they have relied to their detriment to be enforced.

## II.  LAW AND ARGUMENT

The settlement agreement reached between the parties in case constitutes a contract.  Plaintiffs moved to enforce the settlement in the state court cases under the provisions of state law which provide for and favor the enforcement of settlements.  The Supreme Court of Mississippi has held

that settlement agreements are enforceable contracts[5] and are to be honored.  Since the agreement at issue is a contract, the parties are duty bound to perform their respective obligations pursuant to the terms contained in it.  The Court in *Byrd* stated that in order for a settlement to be reached there must be a meeting of the minds between the parties.[6]  A party desiring to enforce a settlement agreement bears the burden of demonstrating by a preponderance of the evidence that a meeting of the minds existed between the parties.[7]

Similar to the instant case, *Byrd* concerned asbestos claims by a great number of railroad workers.  There was a settlement meeting whereby over 200 Plaintiffs agreed to a settlement amount for their claims.  All but 25 of those Plaintiffs were paid their settlement and released their claims.  When Plaintiffs inquired into the lack of payment for the 25 remaining Plaintiffs, the Defendants recanted the settlement agreement, stating new terms of settlement on a "case by case basis."  Plaintiffs moved to enforce the settlement agreement and the Court granted the Motion, requiring the 25 Plaintiffs to submit some documents[8] and that once those were submitted, Defendants were to required to pay each of the Plaintiffs within a reasonable time.  The Defendants failed to perform as required by the Court and again, Plaintiffs sought relief in additional Motions to Enforce Settlement Agreement.  The trial court held another hearing and found that the Plaintiffs had complied with the conditions precedent to payment of settlement.

In this instance, Plaintiffs have shown that they are members of the class and yet, are still awaiting settlement proceeds. Bailey has failed to show and assure the Plaintiffs that funds are still

---

[5]See *Illinois Central Railroad Company v. Byrd*, 44 So.3d 943, 948 (Miss. 2010).

[6]*Id*. citing *Thomas v. Bailey*, 375 So.2d 1049, 1052 (Miss. 1979).

[7]*Id*. citing *Hastings v. Guillot*, 825 So.2d 20, 23 (Miss. 2002).

[8]The documents requested by the Court were certain "Bs-read from a competent reader" and it is apparent that it was a medical form or test that was performed in that case.

available to satisfy the settlement terms.  There is no dispute that a settlement was agreed upon. There can be no clearer meeting of the minds than written documentation showing offer and acceptance.  There can be no doubt that there was indeed a meeting of the minds between the parties and that as a result, a settlement agreement (or contract) existed between the parties.

Despite the contract and the duties that existed between the parties, Bailey elected to delay processing the settlement and bringing this matter to conclusion.  Plaintiffs detrimentally relied upon the Defendants' (namely Bailey's) representations to settle and have suffered additional damages as a result.

Detrimental reliance is an element of both promissory estoppel and equitable estoppel.[9]  The Court in *Noble* stated:

> Promissory estoppel legally enforces a promise made without consideration–so no contract was formed –because three things happened: (1) the promise was made with the intent it would be relied upon; (2) the promise was indeed relied upon; and (3) it would be unjust not to enforce the promise. Equitable estoppel enforces an otherwise unenforceable contract because one party has received a benefit under the contract, and it would be unjust to allow that party to avoid the contract's obligations due to some issue with the contract's enforcement.

Here, there IS a contract to settle the case and it is also clear that the elements of detrimental reliance have been met as (1) the Defendants offered a settlement and once Plaintiffs accepted the offer, it was evident (and expected) that the offered was relied upon; (2) Plaintiffs pursued their claims in the State Court and the MDL that was formed to handle Plaintiffs' case along with countless others.  The settlement offer and terms were agreeable to Plaintiffs and Plaintiffs elected (and relied upon Defendants' settlement offer) to cease their pursuit of their claims; (3) it would be unjust not to enforce the promises because as has been shown through the written correspondence, there was

---

[9]*Noble v. Wellington Associates, Inc., et al.*, 145 So.3d 714 (Miss.Ct.App. 2013)(citing *Weible v. Univ. of S. Miss.*, 89 So.3d 51, 67 (¶ 52)(Miss. Ct.App. 2011).

a meeting of the minds and an agreement reached between the parties.  It would be patently unfair for this Court to allow the Defendants to circumvent their duty under the contract that was made and prohibit the settlement from finalizing.  It is in the best interests of the parties that the settlement agreement reached between the parties be enforced.

Lastly, the Mississippi Court of Appeals has held followed the *Byrd* case in saying that:

> A review of this Court's cases reveals that trial judges presented with motions to enforce settlement agreements customarily make findings of fact related to the existence and/or terms of the settlement agreements as necessary to rule on the motions to enforce settlement. Further, this Court has not found such trial-court action to be improper. *See, e.g., Ill. Cent. R.R. v. McDaniel*, 951 So.2d 523, 525-26 (Miss. 2006)(trial judge made findings of fact in deciding Plaintiffs' motion to enforce settlement agreement); *Howard v. TotalFina E & P USA, Inc.*, 899 So.2d 882, 888-89 (Miss. 2005)(trial judge made findings of fact regarding existence of a settlement agreement in denying Plaintiff's motion to enforce settlement agreement); *Tupelo Redevelopment Agency v. Abernathy*, 913 So.2d 278, 282-85 (Miss. 2005)(trial judge made findings of fact in denying defendant landowners' motion to enforce settlement agreement); *WRH Props., Inc. V. Estate of Johnson*, 759 So.2d 394, 395 (Miss. 2000)(trial judge made findings of fact regarding existence of a settlement agreement in granting defendant's motion to enforce settlement agreement).

This Court should do the same, it should consider the evidence presented and make a finding of fact in concluding that a settlement agreement does exist between the parties; that the Plaintiffs' have detrimentally relied upon that contract (should it not be enforced); and that the Plaintiffs are entitled to enforcement of the settlement agreement.

## CONCLUSION

For the reasons stated above, Bailey's Motion to Enforce Injunction Regarding Plaintiffs' Claims should be denied and the terms of the settlement should be enforced, with Bailey and the

Third-Party Administrator being compelled to immediately tender settlement proceeds to each, respective Plaintiff named herein.

Respectfully submitted, this the 2nd day of July, 2015.

PLAINTIFFS


BY: /S/Wayne E. Ferrell, Jr._____
      WAYNE E. FERRELL, JR.

OF COUNSEL:

WAYNE E. FERRELL, JR.
Mississippi Bar No. 5182
Post Office Box 24448
Jackson, Mississippi 39225
(601) 969-4700
wferrell@airlawonline.com



CERTIFICATE OF SERVICE

I, WAYNE E. FERRELL, JR., do hereby certify that I have this day electronically filed the foregoing document with the Clerk of the Court utilizing the ECF system which sent notification of such filing to all counsel of record.

This the 2nd day of July, 2015.


By:    /s/ Wayne E. Ferrell, Jr.
        WAYNE E. FERRELL, JR.