IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: CHINESE-MANUFACTURED DRYWALL PRODUCTS LIABILITY LITIGATION | MDL NO. 2047<br>SECTION: L<br>JUDGE FALLON<br>MAG. JUDGE WILKINSON |
| THIS DOCUMENT RELATES TO:<br><br>ALL ACTIONS | |

**OPPOSITION TO DEFENDANTS' MOTION TO EXCLUDE
PLAINTIFFS' TRIAL EXHIBIT 79**

Plaintiffs submit this response to Defendants' Motion to Exclude Plaintiffs' Trial Exhibit 79 (Rec. Doc. 19191). In Defendants' Motion to Exclude, Defendants reiterate the same arguments regarding the admissibility of Plaintiffs' Trial Exhibit 79 that have already been considered, and rejected, by this Court. (*See* Rec. Doc. 18998; 19092). Exhibit 79, which is a spreadsheet that Plaintiffs introduced and admitted into evidence at the June 9 hearing (86:16-87:7) that shows the individual remediation damages estimate for each of the 2,686 Taishan properties with verified square footage, should not be excluded; rather, as the fact finder, the Court may properly consider Exhibit 79 and determine the weight it should be given. Additionally, each of the alleged data issues raised by Defendants addressed to Exhibit 79 are administrative in nature and can be resolved through routine claims processing. Thus, Defendants' Motion to Exclude Exhibit 79 should be denied.

The two issues remaining from the June 9, 2015 remediation damages hearing and now before the Court are:

(1) Have Plaintiffs presented a reliable formulaic remediation damages model?

1

(2) What is the estimate of aggregate remediation damages?

The parties have already addressed these issues in their Proposed Findings of Fact and Conclusions of Law ("FOFCOL"), and therefore Defendants' pending motion is simply redundant. As to the first question noted above, this Court has already found that a formulaic remediation damages model utilizing dollars per square foot data is appropriate, and that Mr. Inglis's expert testimony on this issue is "highly relevant." Doc. 19092 at 3; Doc. 18028 at p.11-12 (¶23). As to the second question noted above, the alleged errors in the spreadsheet concern the underlying demographic and product identification data collected by BrownGreer and the PSC, and this data is readily amenable to verification and correction where necessary in routine claims processing or the set-offs phase of this case, as made clear by the case law. Therefore, the PSC reiterates its position, set forth in detail in the Proposed FOFCOL (Rec. Doc. 19197) that this Court has a sufficiently robust record to support finding that the Plaintiffs' formulaic damages methodology is reliable, and that the aggregate remediation damages are $497,180,467, subject to verification and correction where necessary in claims processing.

## ARGUMENT

This Court already denied Defendants' Motion to Exclude the testimony of George Inglis and permitted him to testify and present his remediation damages methodology, despite Defendants' arguments that there were errors in the underlying data set. (Rec. Doc. 19092 at 6). As this Court aptly reasoned, "such attacks are not proper *Daubert* motions but rather go to the issue left for the trier of fact." *Id.* citing *Orthoflex, Inc. v. ThermoTek, Inc.*, 986 F. Supp. 2d 776, 803 (N.D. Tex. 2013); *Nunn v. State Farm Mut. Auto. Ins. Co,* 08-1486, 2010 WL 2540754, at *4 (N.D. Tex. June 22, 2010); *Viterbo v. Dow Chem. Co.,* 826 F.2d 420, 422 (5th Cir. 1987)

("[Q]uestions relating to the bases and sources of an expert's opinion affect the weight to be assigned that opinion rather than its admissibility and should be left for the [trier of fact's] consideration."). Furthermore, the alleged errors Defendants complain about do not relate to the underlying formulaic damages methodology or the work of Mr. Inglis. *See* Plaintiffs' Proposed FOFCOL (Rec. Doc. 19197) at ¶¶131-132. Any questions relating to the accuracy of the underlying data go to weight, and should be considered by the trier of fact, this Court. *See United States v. Rana*, 129 F. App'x 890, 892 (5th Cir. 2005) (noting that "clerical errors in [patient summary] charts may have affected the weight of the evidence, but they did not render the evidence inadmissible"); *see also United States v. Tex. Oil & Gathering, Inc.*, No. CR.A. 4:07-CR-00466, 2009 WL 890555, at *2 (S.D. Tex. Mar. 31, 2009) (noting that in the context of DNA testing, "several circuits have held that arguments concerning errors in the lab procedures are relevant to the weight of the evidence, but not its admissibility").

The issues that Defendants raise with Exhibit 79 are administrative in nature and can be effectively addressed through a claims processing protocol, consistent with precedent in this circuit. *See Frey v. First Nat. Bank Sw.*, No. 13-10375, 2015 WL 728066, at *5 (5th Cir. Feb. 20, 2015) (affirming district court determination of class ascertainability where purported "individualized" issues regarding class members' bank accounts were largely "administrative"); *Byrd v. Aaron's Inc.*, 784 F.3d 154, 175 (3d Cir. 2015) (Rendell, concurring) ("[C]laims administration is part of every class action. Imposing a proof-of-purchase requirement does nothing to ensure the manageability of a class or the 'efficiencies' of the class action mechanism; rather, it obstructs certification by assuming that hypothetical roadblocks will exist at the claims administration stage of the proceedings."). The case law cited by Defendants, *Anthony v. Chevron USA*, 284 F.3d 578 (5th Cir. 2002), actually supports Plaintiffs' position here. That

case found that a jury, in the absence of a reliable damages methodology, could not use speculation to determine liability or damages. Here, verification and correction of objective demographic and product identification data in claims processing is an administrative concern, not a liability or methodology concern as raised in *Anthony*. Adjustment of an aggregate damages award in claims administration is a routine step under Rule 23. *See Price v. City of Seattle,* No. C03-1365RSL, 2006 WL 2691402, at *3 (W.D. Wash. Sept. 19, 2006) ("After the jury determines an aggregate amount of damages for redemption fees, individual class members may be required to submit proof of claim forms through a claims administration process … During the claims administration process, the City may object to the individual awards to class members whose damages are based on the average redemption fees paid by other class members."). As stressed by Plaintiffs' prior filings and made clear by the attached Declaration of Jake Woody (providing a draft protocol by BrownGreer for claims processing) [Ex. 1 hereto], the Defendants will not be required to pay any claims where the objective data is not verified in claims processing. Rec. Doc. 18028 at 23; Rec. Doc. 19197 at ¶¶7, 8, 15, 201-202.

Specifically, Defendants cite to alleged errors in ownership status, product identification, duplicate entries, and prior remediation status. Rec. Doc. 19197 at 3. Each presents an administrative concern subject to verification and correction if necessary at claims processing. As to ownership status, most of the entries on Defendant Ex. A are not current owners, but the remediation claims belong to the party (i.e., Condominium Association) properly identified in Ex. 79. Additionally, others have sold their properties by way of short sale or foreclosure and their damages claims therefore will be delayed to a later proceeding addressing individualized non-aggregate claims. Rec. Doc. 18998 at 5; Rec. Doc. 19197 at ¶¶201-202. As to product identification, the PSC has already requested that BrownGreer complete its product identification

review of all 2,686 properties in Ex. 79, and objective data will be available in claims processing for verification of each property. As to duplicates, the PSC has verified that 13 of the 14 entries identified by Defendants are duplicates, and there is a typographical address error in one entry. As to prior remediation, the PSC has verified that there are properties for which there exists some sort of permit suggesting drywall remediation, but the scope and cost of such remediation (and whether it actually occurred) will be objectively determined at claims processing; any needed set off or other adjustment will be made then. In sum, these issues relate to administrative concerns that can be verified and corrected in claims processing. None of these issues detract from the fact that the formulaic determination of damages predominates over any of these potential individual issues that relate to an eventual claim, and the damages determination can now be made by the Court.

The PSC has requested BrownGreer to draft a protocol to demonstrate that claims processing will be able to address these potential issues at the appropriate time. (*See* Dec. of Jake Woody, Exhibit 1). That protocol contemplates three stages to ensure the accuracy of data on Exhibit 79: 1) Review of Data Submitted During the Settlement Program; 2) Accept and Review Additional Data; and 3) Party Review of BG Claim Determination. The protocol provides for comprehensive review of existing data and collection of additional data to accurately verify the presence of Taishan Drywall in class member homes, the size of class members' properties, current property ownership, and remediation status. *Id.*

For the foregoing reasons, Plaintiffs respectfully request that Defendants' Motion to Exclude be denied.

Dated: July 6, 2015

Respectfully submitted,

/s/ Russ M. Herman
Russ M. Herman (LA Bar No. 6819)(on the brief)
Leonard A. Davis (LA Bar No. 14190)(on the brief)
Stephen J. Herman (LA Bar No. 23129)(on the brief)
HERMAN, HERMAN & KATZ, LLC
820 O'Keefe Avenue
New Orleans, Louisiana 70113
Phone: (504) 581-4892
Fax: (504) 561-6024
Ldavis@hhklawfirm.com
*Plaintiffs' Liaison Counsel*
*MDL 2047*

Arnold Levin (on the brief)
Fred S. Longer (on the brief)
Sandra L. Duggan (on the brief)
Matthew C. Gaughan (on the brief)
Levin, Fishbein, Sedran & Berman
510 Walnut Street, Suite 500
Philadelphia, PA 19106
215-592-1500 (phone)
215-592-4663 (fax)
Alevin@lfsblaw.com
*Plaintiffs' Lead Counsel*
*MDL 2047*

**PLAINTIFFS' STEERING COMMITTEE**

Dawn M. Barrios
Barrios, Kingsdorf & Casteix, LLP
701 Poydras Street, Suite 3650
New Orleans, LA 70139
Phone: (504) 524-3300
Fax: (504) 524-3313
Barrios@bkc-law.com

Daniel E. Becnel, Jr.
Becnel Law Firm, LLC
425 W. Airline Highway, Suite B
Laplace, LA 70068
Phone: (985) 536-1186
Fax: (985) 536-6445
dbecnel@becnellaw.com

Peter Prieto
Podhurst Orseck, P.A.
25 Flagler Street, 8th Floor
Miami, FL 33130
Phone: (305) 358-2800
Fax: (305) 358-2382
pprieto@podhurst.com

Bruce William Steckler
Steckler, LLP
12720 Hillcrest Road, Ste 1045
Dallas, TX 75230
Phone: (972) 387-4040
Fax: (972) 387-4041
bruce@stecklerlaw.com

Ervin A. Gonzalez
Colson, Hicks, Eidson
255 Alhambra Circle, Penthouse
Cora Gables, FL 33134
Phone: (305) 476-7400
Fax: (305) 476-7444
ervin@colson.com

Ben W. Gordon, Jr.
Levin, Papantonio, Thomas, Mitchell
 Echsner & Proctor, P.A.
316 S. Baylen Street, Suite 600
Pensacola, FL 32502
Phone: (850) 435-7000
Fax: (850) 435-7020
bgordon@levinlaw.com

Hugh P. Lambert
The Lambert Firm
701 Magazine Street
New Orleans, LA 70130
Phone: (504) 581-1750
Fax: (504) 529-2931
hlambert@thelambertfirm.com

Gerald E. Meunier (on the brief)
Gainsburgh, Benjamin, David, Meunier
 & Warshauer, LLC
2800 Energy Centre, 1100 Poydras Street
New Orleans, LA 70163-2800
Phone: (504) 522-2304
Fax: (504) 528-9973
gmeunier@gainsben.com

Jerrold Seth Parker
Parker Waichman, LLP
3301 Bonita Beach Road
Bonita Springs, FL 34134
Phone: (239) 390-1000
Fax: (239) 390-0055
Jerry@yourlawyer.com

Scott Wm. Weinstein
Morgan & Morgan
12800 University Drive, Suite 600
Ft. Meyers, FL 33907
Phone: (239) 433-6880
Fax: (239) 433-6836
sweinstein@forthepeople.com

James Robert Reeves
Reeves & Mestayer, PLLC
160 Main Street
Biloxi, MS 39530
Phone: (228) 374-5151
Fax: (228) 374-6630
jrr@attorneys4people.com

Christopher Seeger (on the brief)
Seeger Weiss, LLP
77 Water Street
New York, NY 10005
Phone: (212) 584-0700
Fax: (212) 584-0799
cseeger@seegerweiss.com

Victor M. Diaz, Jr.
V.M. Diaz and Partners, LLC
119 Washington Ave, Suite 402
Miami Beach, FL 33139
Phone: (305) 704-3200
Fax: (305) 538-4928
victor@diazpartners.com

Daniel K. Bryson
Whitfield, Bryson & Mason, LLP
900 W. Morgan Street
Raleigh, NC 27603
Phone: (919) 600-5000
Fax: (919) 600-5002
dan@wbmllp.com

Richard J. Serpe
Law Offices of Richard J. Serpe
Crown Center, Ste. 310
580 East Main Street
Norfolk, VA 23510-2322
Phone: (757) 233-0009
Fax: (757) 233-0455
rserpe@serpefirm.com

## OF COUNSEL TO PLAINTIFFS' STEERING COMMITTEE

Richard S. Lewis (on the brief)
Kristen Ward Broz (on the brief)
HAUSFELD LLP
1700 K Street, N.W
Suite 650
Washington, DC 20006
Phone: (202) 540-7200
Fax:  (202) 540-7201
rlewis@hausfeldllp.com

Andrew A. Lemmon
Lemmon Law Firm, LLC
P.O. Box 904
15058 River Road
Hahnville, LA 70057
Phone: (985) 783-6789
Fax: (985) 783-1333
andrew@lemmonlawfirm.com

Anthony D. Irpino
IRPINO LAW FIRM
2216 Magazine Street
New Orleans, LA 70130
Phone: (504) 525-1500
Fax: (504) 525-1501
airpino@irpinolaw.com

**CERTIFICATE OF SERVICE**

      I hereby certify that the above and foregoing has been served on Defendants' Liaison Counsel, Kerry Miller, by e-mail and upon all parties by electronically uploading the same to LexisNexis File & Serve in accordance with Pre-Trial Order No. 6, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2047 on this 6th day of July, 2015.

      /s/ Leonard A. Davis
Leonard A. Davis
HERMAN, HERMAN & KATZ, LLC
820 O'Keefe Avenue
New Orleans, Louisiana 70113
Phone: (504) 581-4892
Fax: (504) 561-6024
Ldavis@hhklawfirm.com
Plaintiffs' Liaison Counsel
MDL 2047

*Co-counsel for Plaintiffs*