# EXHIBIT 1

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: CHINESE-MANUFACTURED DRYWALL PRODUCTS LIABILITY LITIGATION | MDL NO. 2047<br>SECTION: L |
| THIS DOCUMENT RELATES TO:<br>ALL CASES AND | JUDGE FALLON |
| *Germano, et al. v. Taishan Gypsum Co., Ltd., f/k/a Shandong Taihe Dongxin Co. Ltd., et al.,* Case No. 09-6687 (E.D.La.); | MAG. JUDGE WILKINSON |
| *Gross, et al. v. Knauf Gips, KG, et al.,* Case No. 09-6690 (E.D.La.); | |
| *Wiltz, et al. v. Beijing New Building Materials Public Limited Co., et al.,* Case No 10-361 (E.D.La.); | |
| *Amorin, et al. v. Taishan Gypsum Co., Ltd. f/k/a Shandong Taihe Dongxin Co., Ltd., et al.,* Civ. Action No. 11-1672 (E.D.La.); | |
| *Amorin, et al. v. Taishan Gypsum Co., Ltd. f/k/a Shandong Taihe Dongxin Co., Ltd., et al.,* Civ. Action No. 11-1395 (E.D.La.); | |
| *Amorin, et al. v. Taishan Gypsum Co., Ltd. f/k/a Shandong Taihe Dongxin Co., Ltd., et al.,* Civ. Action No. 11-1673 (E.D.La.) | |

**DECLARATION OF JACOB WOODY**

I, Jacob Woody, Senior Counsel for BrownGreer PLC ("BrownGreer") hereby declare and state as follows:

1. I am over the age of 21. The matters set forth in this Declaration are based upon my personal knowledge and information.

1

2. I submit this Declaration to describe the process through which BrownGreer, if asked, will be able administer the payment of claims by Taishan property owners related to the June 9, 2015 remediation damages hearing.

3. BrownGreer would be able to effectively and accurately process all claims for remediation damages related to the June 9, 2015 hearing, verifying ownership, under air square footage of property, the presence of Taishan drywall, and whether the property has been remediated, based on the extensive data already on file as well as the receipt and processing of additional data. These types of determinations are routinely made in claims processing settings.

4. BrownGreer is qualified to handle the processing of claims for remediation damages. It received many court appointments to serve as Special Master and claims administrator in multiple MDL and other complex cases and utilizes a Quality Assurance Protocol for these services.

5. BrownGreer has served as Special Master, Claims and Settlement Administrator for the Court-approved class settlements in this MDL, specifically, the Knauf remediation class settlement and the Global, Banner, and INEX ("GBI") Class Settlements.

**A. Chinese Drywall MDL Claims Processes and Information Already in Place**

6. In providing claims administration services in this MDL, BrownGreer has relied upon a Court-approved Plaintiff Profile Form and accompanying documents, attached to PTO 11 as Rec. Doc. 168-1. The form specifies that it is to be completed under oath and signed under penalty of perjury. It further allows for claimants to supplement information on an ongoing basis, requires identification of the manufacturer of the Chinese drywall found on the property, and requests the amount of square footage for the property. The form allows for attachments such as photographs, inspection reports, etc. in support of the information provided.

7.      In order to identify the types of drywall and the manufacturers of drywall in the MDL, BrownGreer has utilized a Court-approved photograph catalog, attached to PTO 10 as Rec. Doc. 171. This catalog was last revised in January 2012.

8.      BrownGreer also has utilized a Court-approved "Drywall Indicia Guide" for the purpose of identifying types of drywall and drywall manufacturers. This Guide is attached to PTO 27 as Rec. Doc. 17060.

9.      Since payments made to class members in the GBI Settlements are calculated on a square footage basis for affected properties, BrownGreer was required to collect square footage information in administering the GBI Settlements.

10.     The Court-approved allocation plans for the GBI Settlements specify protocols for the submission of square footage data to BrownGreer. These plans are identified as Rec. Docs. 16528-1, 1657-1 & 16609-2. Under the allocation plans for the GBI Settlements, claimants must submit only "under air" square footage.

11.     The GBI Settlements process allows for resolution of deficiencies in square footage data submissions. The Court has also put in place an appeals process for BrownGreer's consideration of, and decision-making for, claims submissions.

12.     Further, BrownGreer has been following and continues to follow well-established procedures to ensure proper determination of claims. Pursuant to PTO 27, entered on September 10, 2013 as Rec. Doc. 17060, the Court has conferred discretionary authority on BrownGreer to establish Claims Administration Procedures (CAP's) in administering the GBI Settlements.

13.     Based on the Court-approved CAP, which was admitted into evidence as Plaintiffs' Exhibit 76, the Court authorized BrownGreer to accept claims information in the GBI settlement

based on (a) inspection reports, (b) repair agreements, or (c) affidavits, provided the latter stated a factual basis for the assertions made by the affiant.

14. A BrownGreer internal document, dated 10/23/13 and admitted into evidence at the June 9, 2015 hearing as Plaintiffs' Exhibit 77, sets forth the firm's document review protocol for GBI claim submissions, together with a checklist of items and specific, written procedures to implement this review protocol. If asked, BrownGreer could follow the same processes and procedures in any future claims processing.

**B.      Processing Remediation Damages Claims of Taishan Property Owners**

15. Given the significant amount of available data related to the properties on the Taishan Properties list presented at the June 9, 2015 hearing, and of our experience in working with this data in the Chinese Drywall Settlement Program, we would perform a three stage review process, if asked. Stage One would be to process the existing information. Stage Two would be to gather such additional information as is necessary to satisfy each requirement for a remediation damages claim. Stage Three would be to allow the parties to make final review and potential appeal of individual determinations by BrownGreer.

**1.      Stage One – Review Data Submitted During the Settlement Program**

16. We would first review the data in our databases relevant to four criteria:

17. **Presence of Taishan Drywall:** We would review the documents in our database to determine the manufacturer of the drywall in the property, as well as the document(s) that demonstrate the identity of the manufacturer. To perform this review, we would use the court-approved Indicia Guide attached to the Knauf Settlement Agreement. This review would be nearly identical to the Global, Banner, InEx reviews that we performed as part of the Settlement Program.

4

18. **Size of the Property:** We would also review the documents in our database to determine the square footage of each property, as well as the specific document that demonstrates the square footage. If we do not have information that demonstrates the square footage of the property, we would search public records to determine square footage. If we are able to confirm square footage through public records, we would save a copy of the web page that we use to confirm square footage. We are able to identify the Under Air Square Footage of each property, which is the living area of the property that is suited for year round occupancy.

19. **Current Ownership of the Property:** Ownership was a key component of our Global, Banner, InEx review, and in many cases, we have documents on file for the properties on the Taishan Properties list that prove ownership of the property. However, it is difficult to determine from the documents in our possession whether a person currently owns the property on the Taishan Properties list. If it is important to determine the current ownership of a property, we would perform a search of public records to determine the current owner of the property. If we are able to verify current ownership through public records, we would save a copy of the public record that we used to verify ownership. In addition, we could administer claims based on "assignments" if counsel can provide the assignment information to us.

20. **Remediation Status:** Finally, we would review our records, and document whether the property has already been remediated, either through the Knauf program or by the homeowner or builder.

21. Once our reviews are complete, we would notify the parties of the results of our review. We would also recommend notifying claimants of any deficiencies we identified during the course of our review so that claimants can submit additional documentation.

22. We would notify claimants of deficiencies and accept responses through our already existing Chinese Drywall Settlement Program portal, which is active and used often by most of the firms that represent Taishan Property Owners. We would recommend providing a response deadline for firms to submit additional documentation. The standard deadline we have used in the Chinese Drywall Settlement Program is 30 days.

2. **Stage Two – Accept and Review Additional Data**

23. Because not every plaintiff on the Taishan Properties list from the June 9, 2015 hearing participated in the Settlement Program, we anticipate that there may be properties on the Taishan Properties list for which we have incomplete information. We also anticipate that some properties will go through Stage One review and have deficiencies. Stage Two of our proposed review plan would be designed to deal with these properties.

24. We would propose continued use of the information portal which was used for the Settlements, allowing Taishan Property Owners and/or their counsel, to provide such additional documentation as may be necessary to satisfy each criteria. We would also use the same notification process for Stage Two as was used in Stage One.

25. Our review protocol during Stage Two would be identical to Stage One and use the same established protocols that BrownGreer has used throughout this MDL.

3. **Stage Three – Party Review of BG Claim Determination**

26. We would provide access to our review results and the documents in our database to the parties through our online portal. We would provide reports on any data point related to the properties on the Taishan Properties list and our review through our standard reporting processes.

27. If the parties are interested, we could set up system that allows both sides to log into our secure online portal, search for a particular property, see our review determination for that

6

property, access the documents we relied on to make our review determination, and indicate whether they agree or disagree with our review determination. This would facilitate the parties' ability to determine any disagreements as to eligibility for remediation damages related to the June 9, 2015 hearing.

28. Those disputes could be elevated to a neutral arbiter for final determination.

**Summary**

29. This is a summary of how we could administer remediation claims related to the properties on the Taishan Properties list. Our objectives would be to use our existing data to streamline the review process and identify the properties that are deficient, notify those potential class members of the deficiency and allow time to respond, and finally, allow the parties to access our review determination to determine whether they agree on eligibility. The chart below summarizes each step of the process:

| Stage | Review Process | Purpose | End Result |
|---|---|---|---|
| | **Proposed Taishan Review Process Summary** | | |
| 1 | Review documents submitted through Chinese Drywall Settlement Program and already in BG database. | Determine which properties are eligible for Taishan remediation damages based on documents already submitted and notify potential class members of deficiencies. | Exact status of each property on the Taishan Property list (complete member vs. deficiency). For verified class members, information on square footage of property. |
| 2 | Review documents and information submitted in response to Stage One deficiencies. | Determine which properties are eligible for Taishan remediation damages based on documents submitted in response to deficiency notice. | Final status of each property on the Taishan Properties list. For verified class members, information on square footage of property. |
| 3 | Party review of BG claim determinations. | Allow parties to review BG claim determinations and indicate if they agree. | Identify the properties that all sides agree are eligible for remediation damages, and identify the properties that are subject to a dispute related to class membership or square footage. Refer disputes to neutral arbiter for final determination. |

I, Jacob Woody, declare under penalty of perjury pursuant to 28 U.S.C. § 1746 that the foregoing is true and correct. Executed on this 6th day of July, 2015.

Jacob Woody