UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: CHINESE-MANUFACTURED DRYWALL PRODUCTS LIABILITY LITIGATION | MDL NO. 2047<br>SECTION: L |
| THIS DOCUMENT APPLIES TO ALL CASES | JUDGE FALLON<br>MAG. JUDGE WILKINSON |

**THE PLAINTIFFS' STEERING COMMITTEE'S SECOND SUPPLEMENTAL REPLY BRIEF IN SUPPORT OF THE PLAINTIFFS' STEERING COMMITTEE'S EMERGENCY MOTION TO COMPEL JP MORGAN CHASE & CO. TO COMPLY WITH THE PSC'S DISCOVERY REQUESTS**

MAY IT PLEASE THE COURT:

NOW COMES the Plaintiffs' Steering Committee ("PSC"), who submits the following Second Supplemental Reply Brief in Support of its Emergency Motion to Compel JP Morgan Chase & Co. to Comply With the PSC's Discovery Requests [Rec. Doc. 19004]. This Second Supplemental Reply Brief is submitted to clear up any confusion that may exist and to provide the Court with updated information that has been discovered or is germane to this matter.

## CHRONOLOGY

The following is a chronology of events relating to the JP Morgan Chase & Co. third party discovery:

1. February 10, 2015 – PSC issues Amended Notice of Oral and Videotaped Deposition Pursuant to Fed.R.Civ.P. 30(b)(6) to JP Morgan Chase & Co. [Rec. Doc. 18304];

2. March 17, 2015 – Court issues Minute Entry and Orders [Rec. Doc. 18493];

3. April 28, 2015 – Notice of Expedited Oral and Videotaped Deposition Pursuant to the Court's Directive During the March 17, 2015 Special Hearing and Minute Entry and Order issued by the PSC to JP Morgan Chase & Co. [Rec. Doc. 18766];

4. May 1, 2015 – Amended Notice of Expedited Oral and Videotaped Deposition Pursuant to the Court's Directive During the March 17, 2015 Special Hearing and Minute Entry and Order issued by the PSC to JP Morgan Chase & Co. [Rec. Doc. 18801];

5. May 14, 2015 – Non-Party JP Morgan Chase & Co.'s Objections to Subpoena to Testify at Deposition in a Civil Action [Rec. Doc. 18933];

6. May 15, 2015 - Meet and Confer takes place with JP Morgan and the PSC.  The PSC provides  Exhibit "A" listing document and deposition inquiries with specific pages from Annual Reports; and

7. May 18, 2015 – Second Amended Notice of Expedited Oral and Videotaped Deposition Pursuant to the Court's Directive During the March 17, 2015 Special Hearing and Minute Entry and Order issued by the PSC to JP Morgan Chase & Co. [Rec. Doc. 18951], which substantially narrowed the request for production and deposition inquiry topics.

## ARGUMENT

Since 2006 (the year Taishan shipped defective drywall to the USA) (see Exhibits "A" and "B"), JP Morgan has enjoyed an uninterrupted financial relationship as an advisor and investor in Chinese enterprises affiliated with Taishan. As reported publicly by CNBM in its Interim and Annual Reports (2005-2014) and by BNBMPLC in its Annual Report, JP Morgan was and is a substantial stockholder in Taishan affiliates (see Exhibit "A").

JP Morgan has been well aware of the defective Chinese Drywall litigation in the United States and is familiar with MDL 2047.[1]  As early as September 2009, JP Morgan issued specific comments on the litigation and nevertheless encouraged others to invest in CNBM (see Exhibit "B").  JP Morgan has publicly stated as follows (see Exhibit "B"):

1. JP Morgan, Fleming Asset Management (UK), is a joint venture with (49% (os) with Shanghai International Trust and Investment Co., Ltd (SITICO) - (51% o/s).

2. JP Morgan Chase Bank (China) Co Ltd. operates offices in Beijing and former JP Morgan Branches in Shanghai and Tianjin.

---

[1]   See Notices of Oral and Videotaped Deposition of JP Morgan Chase & Co. [Rec. Doc. 8888], filed May 24, 2011.

3. JP Morgan had a "close" relationship with Bank of China.  Bank of China is a lender to Taishan and its upstream "controllers."

4. JP Morgan clients include CITIC International Financial Holdings, LTD which in turn is a holding company owned in part by Taishan Affiliates.

5. JP Morgan is holder of number of H shares or red-chip shares of almost all Chinese large SOE's.  Has over 30% plus equity interest in CNBM.

6. It enjoys a good and close relationship with Chinese Government/State owned enterprises.

7. Is the number one public investor in CNBM shares.

8. JP Morgan is a joint venture of the Chinese controlled Tianrui Group Cement Co., Ltd.

9. Relationships with BNBM include China International Domestic Demand Dynamic Stock Fund; China International Fund Management (49% ownership).

10. JP Morgan has in excess of 1,550 employees in five capital cities including Hong Kong, Beijing and Shanghai.

While JP Morgan asserts attorney "client privilege" and "financial privilege" to document production and deposition interrogation, it has produced no documents and no privilege logs.  The basis for any privilege has not been forthcoming from JP Morgan and it is unknown what documents are claimed to be privileged.  FRCP 45 requires that a person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand, (s*ee* FRCP 45(e)(1)(A)), and a person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial preparation material must expressly make the claim and describe the nature of the withheld documents, communications or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.  *See* FRCP 45(e)(2)(A).

JP Morgan has asserted and claimed that "Taishan Affiliate designations" is overboard. However, the reference to Taishan Affiliates has been considerably narrowed in the meet and confer process, as well as during the pendency of the MDL proceedings involving the "Taishan Defendants," which includes subsidiaries and affiliates, to encompass CNBMG, BNBMG, CNBM and BNBM, all of whom are Affiliates that violated this Court's Contempt Order (see Exhibit "A" list of designations provided JP Morgan at a face to face meet and confer May 15, 2015).

It is not disputed that CNBM directly and indirectly owns 52.4% of BNBM and BNBM owns 65.0% of Taishan Gypsum (see Exhibit "C").

JP Morgan contends that it has not been accorded a reasonable time to search for documents. However, JP Morgan has produced NO documents and further argues that it has NOTHING to do with the issues before the Court. Such argument has no merit. A simple review of the materials provided during the meet and confer process (which include the information contained in Exhibits "A" and "B") and documents utilized at trials, the *Germano* hearings, and jurisdiction arguments involving Taishan and Exhibit "C" clearly reveal information that is or should have been known to JP Morgan. The PSC requests that the requested discovery which includes a 30(b)(6) deposition and document production go forward. Specifically, the discovery aims to reveal the relationships between JP Morgan and CNBM, CNBMG, BNBM and BNBMG, its subsidiaries and affiliates, as well as all financial transactions with those entities during the period of contempt, July 17, 2014 through March 25, 2015.

Zhangli Chang testified as the 30(b)(6) witness for CNBM on June 5, 2015. In that deposition, it was discovered that Zhangli Chang has been Secretary of CNBM Co. from 2006 through date, and an Executive Director of CNBM since 2011. (See Exhibit "D", Zhangli Chang

Depo. Transcript 12:12-16:25.) From 2005 through March 15, 2015, the annual reports of CNBM were published in English and Chinese on www.hkex.com (see Exhibit "D", Depo. Transcript 18:25-21:19). The Board of Directors of CNBM Co. approved the publications and directed them to be published (see Exhibit "D", Depo. Transcript 18:25-21:19). No words have been changed or deleted since publications of Annual Reports and public announcements (see Exhibit "D", Depo. Transcript 18:25-21:21). Zhangli Chang was responsible for editing the Annual Reports and Interim Reports and public announcements before publication (see Exhibit "D", Depo. Transcript 28:17-30:10) and according to the Annual Reports, CNBM Group is the controlling shareholder of CNBM Co., Ltd. (see Exhibit "D", Depo. Transcript 70:14-71:7).

JP MORGAN CHASE & CO. OWNED SHARES OF CNBM IN JULY 2014. THE SHAREHOLDERS ARE CLEARLY PUBLISHED IN THE ANNUAL REPORT (SEE EXHIBIT "D", DEPO TRANSCRIPT 105:24-107:23).

Guoping Zhou testified as the 30(b)(6) witness for CNBM Group. on June 16, 2015. (See Exhibit "E."). In that deposition, it was revealed that from October 2003 through December 2006, Guoping Zhou was the General Manager of CNBM Group's Finance Department (see Exhibit "E," Guoping Zhou Depo. Transcript 16:21-17:15) and that since December 2009, Guoping Zhou has been the Chief Economist of CNBM Group (see Exhibit "E," Guoping Zhou Depo. Transcript 17:16-20). It was also revealed that as of February 13, 2015 (Publication of the 2014 Annual Report), Mr. Song Zhiping was Chairman of CNBM Group, CNBM Company Ltd., and BNBM Group (see Exhibit "E," Guoping Zhou Depo. Transcript 49:19-5084). Mr. Song Zhiping was Chairman from 2005 to the present date (see Exhibit "E," Guoping Zhou Depo. Transcript 21-23). In 2014, CNBM Group was the parent of CNBM Company, Ltd. (see Exhibit "E," Guoping Zhou Depo. Transcript 125:11-14). Also, in January 2015, Guoping Zhou became

5

a Director of CNBM Trading (see Exhibit "E," Guoping Zhou Depo. Transcript 243:25). Various entities related to CNBM, CNBM Group, BNBM, BNBM Group were also identified.

1. CNBM Trading (see Exhibit "E," Guoping Zhou Depo. Transcript 249);

2. CNBM Trading, CNBM Import and Export Corporation (see Exhibit "E," Guoping Zhou Depo. Transcript 249:23-2);

3. CNBM USA Corp (see Exhibit "E," Guoping Zhou Depo. Transcript 249:23-250:2);

4. CNBM International Engineering Co., Ltd. (see Exhibit "E," Guoping Zhou Depo. Transcript 250:27);

5. BNBM Group (see Exhibit "E," Guoping Zhou Depo. Transcript 252:23-253:2);

6. CNBM International (see Exhibit "E," Guoping Zhou Depo. Transcript 276:7-11); (a.k.a.) CNBM International Trading (a.k.a.); and

7. China National Building Material Trading Corp. see Exhibit "E," Guoping Zhou Depo. Transcript (see Exhibit "E," Guoping Zhou Depo. Transcript 295).

Finally, ownership percentage interest of CNBM Company, Ltd. and CNBM Group were confirmed to be in accordance with the exhibit previously identified as Exhibit "C" herein (see Exhibit "E," Guoping Zhou Depo. Transcript 311:4-314:8).

Zhangli Chang, also identified subsidiaries and affiliates of CNBM, CNBM Group, BNBM and BNBM Group:

1. China United Cement Company (see Exhibit "D", Zhangli Chang Depo. Transcript 83:23);

2. China Jushi Glass Fiber (see Exhibit "D", Zhangli Chang Depo. Transcript 82:21-84:1);

3. China Triumph Engineering (see Exhibit "D", Zhangli Chang Depo. Transcript 82:21-84:1);

4. CNBM Import and Export Company (see Exhibit "D", Zhangli Chang Depo. Transcript 83:25);

5. China Xinoa (CINDA) (see Exhibit "D", Zhangli Chang Depo. Transcript 83:25).

## CONCLUSION

JP Morgan Chase & Co. is intimately involved with the Taishan Defendants, including CNBM, CNBM Group, BNBM, BNBM Group, as well as their subsidiaries and affiliates. JP Morgan Chase & Co. has had extensive dealings with these entities and the PSC is entitled to discover the relationships between JP Morgan and CNBM, CNBMG, BNBM and BNBMG, its subsidiaries and affiliates, as well as all financial transactions with those entities during the period of contempt, July 17, 2014 through March 25, 2015.

Respectfully submitted,

Dated:  July 7, 2015  /s/ Russ M. Herman
**Russ M. Herman** (Bar No. 6819)
Leonard A. Davis (Bar No. 14190)
Stephen J. Herman (Bar No. 23129)
***HERMAN, HERMAN & KATZ, LLC***
820 O'Keefe Avenue
New Orleans, LA  70113
PH:  (504) 581-4892
FAX:  (504) 561-6024
ldavis@hhklawfirm.com
***Plaintiffs' Liaison Counsel***
***MDL 2047***

Arnold Levin (on the brief)
Fred S. Longer (on the brief)
Sandra L. Duggan (on the brief)
Matthew C. Gaughan (on the brief)
Levin, Fishbein, Sedran & Berman
510 Walnut Street, Suite 500
Philadelphia, PA 19106
PH:  (215) 592-1500
FAX:  (215) 592-4663
Alevin@lfsblaw.com
*Plaintiffs' Lead Counsel*
*MDL 2047*

**PLAINTIFFS' STEERING COMMITTEE**

Dawn M. Barrios
Barrios, Kingsdorf & Casteix, LLP
701 Poydras Street, Suite 3650
New Orleans, LA 70139
Phone: (504) 524-3300
Fax: (504) 524-3313
Barrios@bkc-law.com

Jerrold Seth Parker
Parker Waichman, LLP
27300 Riverview Center Blvd.
Suite 103
Bonita Springs, FL 34134
Phone: (239) 390-1000
Fax: (239) 390-0055
Jerry@yourlawyer.com

Daniel E. Becnel, Jr.
Becnel Law Firm, LLC
425 W. Airline Highway, Suite B
Laplace, LA 70068
Phone: (985) 536-1186
Fax: (985) 536-6445
dbecnel@becnellaw.com

Scott Wm. Weinstein
Morgan & Morgan
12800 University Drive, Suite 600
Ft. Meyers, FL 33907
Phone: (239) 433-6880
Fax: (239) 433-6836
sweinstein@forthepeople.com

Peter Prieto
Podhurst Orseck, P.A.
25 Flagler Street, 8th Floor
Miami, FL 33130
Phone: (305) 358-2800
Fax: (305) 358-2382
pprieto@podhurst.com

James Robert Reeves
Reeves & Mestayer, PLLC
160 Main Street
Biloxi, MS 39530
Phone: (228) 374-5151
Fax: (228) 374-6630
jrr@attorneys4people.com

Bruce William Steckler
Steckler, LLP
12720 Hillcrest Road, Ste 1045
Dallas, TX 75230
Phone: (972) 387-4040
Fax: (972) 387-404
bruce@stecklerlaw.com

Christopher Seeger
Seeger Weiss, LLP
77 Water Street
New York, NY 10005
Phone: (212) 584-0700
Fax: (212) 584-0799
cseeger@seegerweiss.com

Ervin A. Gonzalez
Colson, Hicks, Eidson
255 Alhambra Circle, Penthouse
Cora Gables, FL 33134
Phone: (305) 476-7400
Fax: (305) 476-7444
ervin@colson.com

Ben W. Gordon, Jr.
Levin, Papantonio, Thomas, Mitchell
 Echsner & Proctor, P.A.
316 S. Baylen Street, Suite 600
Pensacola, FL 32502
Phone: (850) 435-7000
Fax: (850) 435-7020
bgordon@levinlaw.com

Hugh P. Lambert
The Lambert Firm
701 Magazine Street
New Orleans, LA 70130
Phone: (504) 581-1750
Fax: (504) 529-2931
hlambert@thelambertfirm.com

Gerald E. Meunier
Gainsburgh, Benjamin, David, Meunier
 & Warshauer, LLC
2800 Energy Centre, 1100 Poydras Street
New Orleans, LA 70163-2800
Phone: (504) 522-2304
Fax: (504) 528-9973
gmeunier@gainsben.com

Daniel K. Bryson
Whitfield, Bryson & Mason, LLP
900 W. Morgan Street
Raleigh, NC 27603
Phone: (919) 600-5000
Fax: (919) 600-5002
dan@wbmllp.com

Richard J. Serpe, Esquire
Law Offices of Richard J. Serpe
Crown Center, Ste. 310
580 East Main Street
Norfolk, VA 23510-2322
Phone: (757) 233-0009
Fax: (757) 233-0455
rserpe@serpefirm.com

Victor M. Diaz, Jr., Esquire
V.M. Diaz and Partners, LLC
119 Washington Ave, Suite 402
Miami Beach, FL 33139
Phone: (305) 704-3200
Fax: (305) 538-4928
victor@diazpartners.com

**OF COUNSEL TO PLAINTIFFS' STEERING COMMITTEE**

Richard S. Lewis
HAUSFELD LLP
1700 K Street, N.W Suite 650
Washington, DC 20006
Phone: (202) 540-7200
Fax: (202) 540-7201
rlewis@hausfeldllp.com

Anthony D. Irpino
IRPINO LAW FIRM
2216 Magazine Street
New Orleans, LA 70130
Phone: (504) 525-1500
Fax: (504) 525-1501
airpino@irpinolaw.com

Andrew A. Lemmon
Lemmon Law Firm, LLC
P.O. Box 904
15058 River Road
Hahnville, LA 70057
Phone: (985) 783-6789
Fax: (985) 783-1333
andrew@lemmonlawfirm.com

**CERTIFICATE OF SERVICE**

     I hereby certify that the above and foregoing has been served on Defendants' Liaison Counsel, Kerry Miller, by e-mail and upon all parties by electronically uploading the same to LexisNexis File & Serve in accordance with Pre-Trial Order No. 6, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2047 on this 7th day of July, 2015.

     Respectfully Submitted,

     BY:  */s/ Leonard A. Davis*
          Leonard A. Davis
          Herman, Herman & Katz, LLC
          820 O'Keefe Avenue
          New Orleans, LA 70113
          Phone: (504) 581-4892
          Fax: (504) 561-6024
          ldavis@hhklawfirm.com

          *Plaintiffs' Liaison Counsel*
          *MDL 2047*