

ORRICK, HERRINGTON & SUTCLIFFE LLP
THE ORRICK BUILDING
405 HOWARD STREET
SAN FRANCISCO, CALIFORNIA 94105-2669

tel +1-415-773-5700
fax +1-415-773-5759
WWW.ORRICK.COM

July 12, 2015

Christopher Vejnoska
(415) 773-5916
cvejnoska@orrick.com

VIA ECF

The Honorable Eldon E. Fallon
Eastern District of Louisiana
United States Court
500 Poydras Street
Room C456
New Orleans, LA 70130

Dear Judge Fallon:

We write in response to Plaintiffs' July 10, 2015 letter concerning the schedule for addressing CNBM Group's motion to dismiss under the Foreign Sovereign Immunities Act (FSIA). Contrary to Plaintiffs' claims, we have not "demanded" anything, nor made "inflated arguments of priority." *See* Plaintiffs' July 10, 2015 Letter ("Plaintiffs' Letter") at 1-2. Rather, it is federal law that requires, as a matter of subject-matter jurisdiction and international comity, that issues of foreign sovereign immunity be dealt with promptly, and first. *E.g., Verlinden B.V. v. Central Bank of Nigeria*, 461 U.S. 480, 493-94 & n.20 (1983); *Moran v. Kingdom of Saudi Arabia*, 27 F.3d 169, 172 (5th Cir. 1994); *Phoenix Consulting Inc. v. Republic of Angola*, 216 F.3d 36, 39 (D.C. Cir. 2000). In addition, to ensure that a presumptively immune foreign sovereign is not subject to burdensome discovery, it is the plaintiff who must specifically show what discovery they need, and why, and what they expect it to show regarding the immunity determination. Plaintiffs' letter makes various vague assertions concerning discovery that simply serve to confirm that they have not met that basic burden:

- Plaintiffs say that document production is ongoing, but they do not identify any allegations of *specific facts* crucial to the immunity determination that the discovery is intended to verify. *Kelly v. Syria Shell Petroleum Dev. B.V.*, 213 F.3d 841, 849 (5th Cir. 2000); *Arriba Ltd. v. Petroleos Mexicanos*, 962 F.2d 528, 534, 537 n.17 (5th Cir. 1992) (a necessary prerequisite to an order for limited FSIA discovery is a careful parsing of the plaintiff's claims against the sovereign, including specific factual allegations that if true would sustain an exception to immunity). As noted in our earlier letter, Plaintiffs *cannot* identify any FSIA-related discovery to which they are entitled because their complaints lack specific facts sufficient to defeat CNBM Group's immunity from suit.

- They say that "facts relating to the exceptions to the FSIA obviously merge with those relevant to CNBM's jurisdictional challenges," Plaintiffs' Letter at 1, but do not

OHSUSA:762660871.5



Honorable Judge Fallon
July 12, 2015
Page 2

> explain why this is so, or what specifically the discovery is expected to show.  Calling it "obviously" true does not make it so.

- They say that Mr. Song has not been deposed, but do not explain why they believe Mr. Song would have knowledge of unspecified (and nonexistent) commercial activities in the United States that the numerous other deponents do not.

- They say that the prior jurisdictional discovery in this case took "years," Plaintiffs' Letter at 2, but cite no case indicating that such a lengthy delay has ever been held tolerable when foreign sovereign immunity is at issue.

These principles hold no less true when a plaintiff invokes some exception to immunity under the FSIA.  *Cf.* Plaintiffs' Letter at 2 (arguing that the "applicability of the FSIA's commercial activity and tortious conduct exceptions" affects the analysis).  Any plaintiff worth its salt will assert some exception to the FSIA; indeed, that is precisely what the plaintiff did in *Arriba*.  *See* 962 F.2d at 534 ("Arriba contends that, having alleged jurisdiction under the commercial activity exception, it is entitled to pursue discovery to support its allegations.").  But the Fifth Circuit made clear that merely invoking an exception was not enough.  Rather, a plaintiff must identify allegations of *specific facts* sufficient to overcome the defendant's sovereign immunity, and when it fails to do so, a district court commits reversible error in delaying resolution of the immunity defense to allow the plaintiff to pursue further discovery.  *Id.* at 534-37.  Although properly limited discovery "may be used to confirm specific facts that have been pleaded as a basis for enforcing" an exception to immunity under the statute, it "cannot supplant the pleader's duty to state those facts at the outset of the case."  *Id.* at 537 n.17.  Plaintiffs here have utterly failed to meet that basic burden.

The Court should grant the schedule proposed in our July 9, 2015 letter (Rec. Doc. 19267).  This schedule fairly accommodates Plaintiffs' discovery needs while fulfilling the Court's obligation to preserve all aspects of FSIA immunity.


Respectfully,


/s/ L. Christopher Vejnoska




OHSUSA:762660871.5