

July 13, 2015

**VIA USPS PRIORITY MAIL AND ELECTRONIC MAIL ONLY**

The Honorable Judge Eldon E. Fallon
U.S. District Court for the Eastern District of Louisiana
500 Poydras Street, Room C546
New Orleans, LA70130

   Re: <u>Chinese Drywall Four Virginia-Based Settlements</u>
     <u>Other Losses Appeal of Tuan and Colleen Nguyen</u>

Judge Fallon:

   On behalf of Special Master Matthew L. Garretson and Garretson Resolution Group, Inc., I write in response to the Other Losses Appeal of Tuan and Colleen Nguyen and corresponding Motion for Reconsideration of the Special Master's Other Losses Determination [Rec. Doc. 19258]. I have enclosed as exhibits communications that we have had with Mr. and Mrs. Nguyen regarding this matter, with relevant sections highlighted for ease of reference.

   Mr. and Mrs. Nguyen first object to our determination regarding the amount of their Lost Equity. They contend that the value of their property should be calculated based on its purchase price plus the cost to improve the property. However, Lost Equity is based on the market value of a property, not the costs of acquiring and improving it, because the amount invested in a property does not necessarily result in an equivalent increase in the property's value. We have suggested that an appraisal would be one means of establishing value and have provided Mr. and Mrs. Nguyen with additional time to submit evidence of value, which they have not done. We were, however, able to obtain and use the county tax value of the property (from the period prior to discovery of Chinese drywall) as a basis for determining value. In doing so, we arrived at a value of $1,019,900.00.

   Mr. and Mrs. Nguyen also object to our determination regarding the amount of their Personal Property losses. Based upon our initial reviews of their submissions, we determined that Mr. and Mrs. Nguyen had submitted evidence sufficient to prove $32,113.96 in Personal Property losses, and we issued a Determination Notice on April 1, 2015 informing them of this determination (copy attached as Exhibit "B"). In early April, at the request of Mr. and Mrs. Nguyen's counsel, we reconsidered several of the individual items. We then revised our Personal Property determination to $34,482.30, which we advised Mr. and Mrs. Nguyen of via letter on April 22, 2015 (copy attached as Exhibit "C"). On May 12, 2015, Mr. and Mrs. Nguyen filed an appeal with us challenging our Other Losses determinations and requesting item-specific detail regarding our determinations (copy attached as Exhibit "D"). As a result, we reviewed Mr. and Mrs. Nguyen's Other Losses claim in its entirety and responded to their appeal via letter dated June 2, 2015, in which we included the item-specific detail that they requested and in which we provided them with additional time to respond (copy attached as Exhibit "E"). They

_____
**www.garretsongroup.com**

Cincinnati Office
Phone 513.794.0400 | Fax 513.575.7201
6281 Tri-Ridge Blvd., Ste. 300 | Cincinnati, OH | 45140

Charlotte Office
Phone 704.559.4300 | Fax 704.559.4331
2115 Rexford Rd. | 4ᵗʰ Floor | Charlotte, NC | 28211

New Orleans Office
Phone 504.662.1317
935 Gravier St., Ste. 1400 | New Orleans, LA | 70112



provided additional supporting evidence via email in mid-June, which provided sufficient basis to further increase our Personal Property determination to $83,480.75.  We informed them of this amount via letter dated June 23, 2015, noting that it was our final determination regarding their claims (copy attached as Exhibit "F").  We have now reviewed their Other Loss claims several times and have provided them with multiple opportunities to submit additional information.  As such, they have been given credit for their Personal Property losses to the fullest extent possible under the Other Losses allocation criteria.

We appreciate the opportunity to respond to Mr. and Mrs. Nguyen's appeal.  We would be glad to provide any additional information as the Court may so request, and we welcome the Court's direction regarding this matter.  I can be available at the Court's convenience as needed, including via phone at (513) 601-8105 and via email at bbauer@garretsongroup.com.

Sincerely,

/s/ Benjamin A. Bauer
Benjamin A. Bauer
Director, Complex Settlement Administration
*GRG Chinese Drywall Program Manager*

Encl.

cc:   Matthew L. Garretson, Esq. *(via electronic mail)*
      Richard J. Serpe, Esq. *(via electronic mail)*
      Arnold Levin, Esq. *(via electronic mail)*
      Fred S. Longer, Esq. *(via electronic mail)*
      Russ M. Herman, Esq. *(via electronic mail)*
      Leonard A. Davis, Esq. *(via electronic mail)*
      Richard S. Lewis, Esq. *(via electronic mail)*
      Kristen M. Ward, Esq. *(via electronic mail)*
      Kerry Miller, Esq. *(via electronic mail)*

## <u>List of Exhibits</u>

Exhibit A:     7/1/15 Letter of Appeal from Tuan and Colleen Nguyen to the Court (2 Pages)

Exhibit B:     4/1/15 Other Losses Determination Notice (3 Pages)

Exhibit C:     4/22/15 Revised Determination Letter (2 Pages)

Exhibit D:     5/12/15 Letter of Appeal from Tuan and Colleen Nguyen to the Special Master (4 Pages)

Exhibit E:     6/2/15 Letter in Response to Appeal (8 Pages)

Exhibit F:     6/23/15 Letter in Response to Additional Supporting Documentation (4 Pages)

July 1, 2015


500 Poydras Street
Room C-456
New Orleans, LA 70130


Judge Fallon;

Please accept this letter as an appeal to the Other Losses Determination Notice for
the Chinese Drywall Settlement Program.

Our first order of business for this appeal is the amount allowed for the Sale in
Mitigation for our Chinese Drywall home. We purchased an old home on an amazing
piece of waterfront property knowing that we were going to take down the old
house (see attached photos) and rebuild with our gorgeous modern dream home.
Two and a half years later we learned that our dream home was toxic and was what
had been making our family sick for the last 2.5 years.   Our dream home had been
built with toxic Chinese Drywall.

On our determination notice the special master has denied the full loss of equity for
our home.  Instead we have been asked for an appraisal for our home.  Have other
homeowners been required to present similar documentation or was their lost
equity the amount that the home cost them before they moved into their home? Our
lost equity is the dollar value we put into our home, which included, the purchase
price of the old tear down home and land along with the cost to take down the old
home and then build our dream home.  Why would the special master use the
amount our home was valued at instead of the lost equity from our home similar to
what was used for ALL of the other homeowners? If we had sold our home back
when it was built we were told that we would have gotten closer to the $1.3 or
$1.5M range!  Sadly, this was our dream home that we NEVER planned on selling.

We purchased a tear down and then proceeded to build a home on this property
knowing that the area in which we purchased our waterfront home would certainly
sustain a home of this value.  Why are the other homeowners allowed to put in the
value of what they invested into their home while we are being penalized and asked
for an appraisal?  An Appraisal is a "snapshot in time for the value of a home".  The
difference for an appraisal done on the day the home was completed as compared to
the day we found out it had Chinese Drywall as compared to the day we short sold
the home as compared to the value of the home today would all be different
snapshot in time and have nothing to do with the Equity that we lost in our home.
The equity we lost is the dollar amount we put into our home to include the
purchase price and the build price.  We did not make cosmetic improvements.  We
built a home.

Our second order of business for this appeal concerns the amount allowed for Personal Property.  On our first determination notice the value was $32,113.96 and on the second determination notice it was increased to $34,482.30.  That number has now increased by an additional $48,862.75.  This increase was due to the fact that the day before the appeal was due I was informed that pictures, along with values of items that would replace our lost items, were allowed by the special master.  Unfortunately, this information had never been shared with us before.  That morning I was able to take some time to go thru and create a list, with pictures and values for some of the big ticket items.  Sadly, there was not enough time to go through all of the items we had lost due to the time constraint.  This information should have been shared with all homeowners long before the due date for appeals.

From day one of this lawsuit our attorney has told us that the only way we will see a return on our losses will be from the other loss fund because the value of our losses were so much greater then those of other claimants.  When we are not allowed the true value of our losses this makes our recovery nearly impossible while others continue to recover far beyond their losses.  The determination on these settlements should also include how much was recovered in all previous settlements so that our legal system does not allow such disparities upon recovery from ours that has totaled 6% of our losses to date, as compared to others that have received more then 600 times their losses and still stand to recover funds from this part of the settlement program.

Judge Fallon, I implore you to please take the time to review the entirety of all of the documentation that I have already supplied to The Garretson Group/the special master.  I hope you can understand that we feel our losses are the dollar amount we put into the land we purchased and the dollar amount that we put into building our home on that land.  Our losses are "our true monetary losses" and not a made up value as to what others think could have been our losses with a lot of "ifs" thrown in.  We have certainly proven to the court exactly the cost of the land and tear down home along with the cost to build our dream home.  That dollar amount is the amount of money that we lost due to Chinese Drywall.   I hope that the court will find the ruling on this decision to err on the side of our family, the victims, and use the monetary value of our true losses not a created/appraised value of our losses.

Thanks for your time


Tuan and Colleen Nguyen

## CHINESE DRYWALL SETTLEMENT PROGRAM

### *For the Four Virginia-Based Class Action Settlements*

# OTHER LOSSES
# DETERMINATION NOTICE

April 1, 2015

**File Number:**          CDW01125

**Affected Property:**    1100 Michaelwood Dr
                          Virginia Beach, VA 23452

Dear Claimant(s),

     We have reviewed the Other Losses Claim Form(s) and supporting materials that you have submitted relating to the above-referenced Affected Property.  The purpose of this notice is to inform you of our determinations regarding your Claim for Other Losses Payment.

**Current Status of the Other Losses Portion of the Settlement**

     We have received, processed, and reviewed Other Losses claims for 199 claimants.  At this time, we are notifying you of our determinations regarding your Other Losses claim(s), which you have the opportunity to appeal should you disagree.  Once the appeals process is complete, we will then begin allocation of funds and preparation for distribution of payments.

**Other Losses Determinations**

     Below are our determinations regarding your claim(s) for each category of Other Loss.  It is important to understand that, because the amount of eligible losses exceeds the amount available for distribution, the amounts listed below are **not** the amounts that you will be paid.  You will be paid only a fraction of the amounts below, based upon a pro rata distribution of these limited settlement funds among all claimants.

     **Pre-Remediation Alternative Living Expenses:**  $14,398.54

     **Foreclosure:**  N/A

     **Sale in Mitigation:**  TBD

     **Tenant Losses:**  N/A

     **Bodily Injury:**  $0.00

     **Personal Property:**  $32,113.96

     **Other:**  $241.75

**Claim Form Deficiencies**

Your eligibility for compensation in accordance with the determinations listed above is conditioned upon the submission a properly signed and notarized Other Losses Claim Form.  If you failed to sign your Claim Form or failed to have your signature notarized, we have enclosed a copy of the Claim Form for you to sign, have notarized, and return to us at the address listed below.  **Claim Form cures must be postmarked on or before <u>May 1, 2015</u> or they will not be considered, in which case you will become ineligible for compensation for the claims listed on the deficient Claim Form, regardless of the determinations listed above.**  If you submitted a properly signed and notarized Claim Form for a category of Other Losses and all or part of the claim was deemed to have been filed in another category for which you did not file a Claim Form, the Claim Form that you filed is sufficient and you do not need to take any further action.

**Your Ability to Appeal Our Determinations**

If you disagree with any of the above determinations, you may appeal the determination by timely submitting a letter setting forth the basis for your appeal together with any additional documentation in support of your appeal.  Appeals should be addressed to the VA Chinese Drywall Special Master at the following address:

>Garretson Resolution Group
>Attn: VA Chinese Drywall Special Master
>6281 Tri-Ridge Boulevard, Suite 300
>Cincinnati, OH 45140

**Appeals must be postmarked on or before <u>May 1, 2015</u> or they will not be considered.** Failure to timely submit an appeal will constitute your acceptance of the determinations set forth herein, and such determinations will then be considered final.

Enclosed is a "Common Questions" document that addresses many of the most common questions that we expect to receive regarding Other Losses determinations.  If you still have questions after reviewing the "Common Questions" document, please submit them to us via email at chinesedrywall@garretsongroup.com.

>Sincerely,

>Garretson Resolution Group

# <u>COMMON QUESTIONS</u>

**Q:  Why does my Foreclosure or Sale in Mitigation determination show "TBD"?**
**A:**  A "TBD" value for a Foreclosure or Sale in Mitigation claim means that we are missing information necessary to determine the amount of your Lost Equity.  Please be sure that you have submitted (1) proof of the purchase price of your property; (2) proof of the <u>principal</u> balance of your loan at the time of loss or the original balance of your loan; and (3) the Subordinate Mortgage Certification.  If you filed a Foreclosure or Sale in Mitigation claim and we have not received a completed Subordinate Mortgage Certification form from you, a blank copy has been enclosed for you to execute and return to us, at the address listed above.

**Q:  Why am I eligible for compensation in a category in which I did not file a claim?**
**A:**  If you filed a claim in a category that would be ineligible for compensation in that category but would be eligible for compensation in another category, the claim was deemed to have been filed in the other category.

**Q:  Why are my HOA (or condo association) dues, real estate taxes, utility bills for my Affected Property not included in the determined amounts?  Why didn't I receive credit for my cable or satellite television bills?**
**A:**  HOA (or condo association) dues, real estate taxes, utility bills, and cable and satellite television bills are ineligible for compensation under the review criteria established for Other Losses claims.

**Q:  Why didn't I receive credit for all of the lost rent that I claimed?**
**A:**  Under the review criteria established for Other Losses claims, only the portion of a lease that is broken is eligible for compensation.  For example, if you leased your Affected Property for a period of twelve months and your tenant moved out at the end of the seventh month of the lease because of Chinese Drywall, you received credit for the five months in which the tenant otherwise would have been obligated to continue to pay you rent.  Estimated future rent is ineligible for compensation.

**Q:  Why didn't I receive credit for the cost of replacing my furnace or hot water heater?**
**A:**  The cost of replacing furnaces and hot water heaters is considered a remediation expense.  Compensation for remediation expenses was included in the Real Property Payment that you already received, and, therefore, such expenses are ineligible for compensation as Other Losses.

**Q:  Why didn't I receive credit for all of the Pre-Remediation Alternative Living Expenses that I submitted?**
**A:**  Under the review criteria established for Other Losses claims, only costs relating to temporary alternative living arrangements are eligible for compensation.  Temporary alternative living expenses are limited to a period of no more than six months.

**<u>Please note that in order to be eligible to receive compensation for a loss, you must have submitted sufficient supporting documentation for that loss.</u>**



April 22, 2015

**VIA USPS PRIORITY MAIL ONLY**

Tuan V. Nguyen
Colleen A. Nguyen
4409 Sheffield Dr.
Virginia Beach, VA 23455

Re:     Your Chinese Drywall Other Losses Claims

Mr. and Mrs. Nguyen:

On April 1, 2015 we issued a Determination Notice to you setting forth our Determinations regarding your Other Losses claims in the Chinese Drywall Four Virginia-based Class Action Settlements. We have since been working with your attorneys in a number of aspects regarding your claim, and I am writing to provide you with the results of that work, as follows below.

**Original (April 1, 2015) Determinations:**

**Pre-Remediation Alternative Living Expenses:** $14,398.54

**Foreclosure:** N/A

**Sale in Mitigation:** TBD

**Tenant Losses:** N/A

**Bodily Injury:** $0.00

**Personal Property:** $32,113.96

**Other:** $241.75

**Revised (Current) Determinations:**

**Pre-Remediation Alternative Living Expenses:** $14,398.54

**Foreclosure:** N/A

**Sale in Mitigation:** $520,907.29

**Tenant Losses:** N/A

**Bodily Injury:** $0.00

**Personal Property:** $34,482.30

**Other:** $195,141.75

_____

**www.garretsongroup.com**

| Cincinnati Office | Charlotte Office | New Orleans Office |
| --- | --- | --- |
| Phone 513.794.0400 \| Fax 513.575.7201 | Phone 704.559.4300 \| Fax 704.559.4331 | Phone 504.662.1317 |
| 6281 Tri-Ridge Blvd., Ste. 300 \| Cincinnati, OH \| 45140 | 2115 Rexford Rd. \| 4th Floor \| Charlotte, NC \| 28211 | 935 Gravier St., Ste. 1400 \| New Orleans, LA \| 70112 |

For your Sale in Mitigation claim, you submitted evidence of the purchase price of the property and costs associated with improving the property.  Under the criteria that we used to evaluate all Foreclosure and Sale in Mitigation claims, we used the purchase price of the property as the baseline standard for measuring your Lost Equity.  Your case was unique in that subsequent to purchasing the property, you spent a substantial additional sum on improvements to the property.  We were unable to use the evidence that you provided regarding the costs of the improvements because Lost Equity is based on the value of the property, and the cost of improvements typically is not a reliable measure of value.  However, because of your unique situation, we were able to use the county's assessed value of $1,019,900.00 from that period as a measure of value to award you an additional $194,900.00, which is reflected in your revised "Other" Determination listed above.  We would also accept an appraisal by a licensed real estate appraiser, should you have one indicating a value of more than $1,019,900.00.

In total, you have been awarded $764,929.88 in Other Losses.  As mentioned in the April 1st Determination Notice, it is important to understand that, because the amount of eligible losses exceeds the amount available for distribution, $764,929.88 is not the amount that you will be paid.  Rather, you will be paid a fraction this amount, based upon a pro rata distribution of the limited settlement funds among all claimants.

I hope you find this information helpful.  If you have any questions, you are welcome to contact me via phone at (513) 601-8105 or via email at bbauer@garretsongroup.com.

Best Regards,

/s/ Benjamin A. Bauer
Benjamin A. Bauer
Program Manager

cc:    Richard J. Serpe, Esq. (via electronic mail only)

May 12, 2015

Garretson Resolution Group
Attn: VA Chinese Drywall Special Master
6281 Tri-Ridge Boulevard, Suite 300
Cincinnati, Ohio 45140

VA Chinese Drywall Special Master:

Please accept this letter as an appeal to the Other Losses Determination Notice for
the Chinese Drywall Settlement Program.

Our first order of business for this appeal is the amount allowed for the Sale in
Mitigation for our Chinese Drywall home. We purchased an old home on an amazing
piece of waterfront property knowing that we were going to take down the old
house (see attached photos) and rebuild with our gorgeous modern dream home,
only to learn two and a half years later that our dream home was toxic and was what
had been making our family sick for the last 2.5 years.

On our determination notice you have not allowed the full loss of equity for our
home.  Instead you have asked us for an appraisal for our home.  Have other
homeowners been required to present similar documentation or was their lost
equity the amount that the home cost them before they moved into their home?  Our
lost equity is the dollar value we put into our home, which included, the purchase of
the old home and land along with the cost to build our home. Why are you using the
amount our home was valued at instead of the lost equity from our home similar to
what was used for ALL of the other homeowners?  If we actually did receive what
we could have sold our home at it would have been closer to the $1.3 or $1.5M
range!  Sadly, this was our dream home that we NEVER planned on selling.

We built a home on this property knowing that the area in which we purchased our
waterfront home would certainly sustain a home of this value.  Why are the other
homeowners allowed to put in the value of what they invested into their home while
we are being penalized and asked for an appraisal?  An Appraisal is a "snapshot in
time for the value of a home".  The difference for an appraisal done on the day the
home was completed as compared to the day we found out it had Chinese Drywall as
compared to the day we short sold the home as compared to the value of the home
today would all be different snapshot in time and have nothing to do with the Equity
that we lost in our home.  The equity we lost is the dollar amount we put into our
home.

Our second order of business for this appeal concerns the amount allowed for
Personal Property.  On our first determination notice the value was $32,113.96 and
on the second determination notice it is now $34,482.30.  After the first notice we

asked for an explanation as to how this number was determined and what was not allowed in the calculations. To date we have received no such explanation but have received a change in value. How can we argue as to what is and is not allowed if we have no explanation as to how this number was determined? Why weren't we first informed of what was and was not allowed in the review criteria established for the Other Loss Fund before we spent hours (about 40 hours) gathering our documentation to prove our loss? What was and was not allowed for alternative living expenses also falls under this question as to why were we not informed about this before we spent hours of our valuable time gathering this information?

Our third order of business for this appeal concerns the amount allowed for Pre-Remediation Alternative Living Expenses and the need to know how you came to the dollar amount of $14,398.54. We cannot appeal your determination without an explanation as to how you arrived at this value.

As you can see from the documents our lawyer supplied to you the value we put into our home was:
   Using the purchase price and the contract for the remodel the value comes to: $1,159,652.81
   Using the appraisal price and the contract for the remodel the value comes to: $1,175,862.81

If you want to use the appraised value you can see that the number is even larger then the dollar value we put into the home upon purchase. Either of these values will be acceptable to us.

From day one of this settlement our attorney has told us that the only way we will see any return on our losses will be from the other loss fund because the value of our losses were so much more then those of other claimants. When we are not allowed the true value of our losses this makes our recovery nearly impossible while others continue to recover far beyond their losses. The determination on these settlements should also include how much was recovered in all previous settlements so that our legal system does not allow such disparities upon recovery from ours that has totaled 6% of our losses to date, as compared to others that have received more then 600 times their losses and still stand to recover funds from this part of the settlement program.

Thanks for your time

*Tuan and Colleen Nguyen*

Tuan and Colleen Nguyen

Exhibit "F" Page 3





Exhibit "D" - Page 4





June 2, 2015

**VIA USPS PRIORITY MAIL ONLY**

Tuan V. Nguyen
Colleen A. Nguyen
4409 Sheffield Dr.
Virginia Beach, VA 23455

Re:   Your Chinese Drywall Other Losses Claims Appeal

Mr. and Mrs. Nguyen:

I am writing in response to your letter dated May 12, 2015, in which you appealed our determinations regarding your Other Loss claims.  We appreciate your appeal, as it is important to ensure that the Court-approved allocation criteria for Other Loss claims have been accurately applied to each claim.  In your letter, you contest our determinations regarding your claims for Lost Equity (Sale in Mitigation), Personal Property, and Alternative Living Expenses.  I will address each determination in turn.

**Your Claim for Lost Equity Due to Sale in Mitigation**

The first item that you appealed was our determination regarding the amount of your Lost Equity from your Sale in Mitigation claim.  Under the Court-approved Allocation Plan, recovery for Lost Equity under a Sale in Mitigation claim is available "[t]o the extent that recovery from the Real Property Funds is insufficient to compensate Class Members for Lost Equity who, due to the presence of CDW, sold Affected Properties in an attempt to mitigate their losses, [in] an amount to be determined by the Special Master for the remaining Lost Equity in the sold property." (A copy of the Allocation Plan is enclosed for your reference). Equity is the difference between the market value of a property and the outstanding amount of the loan(s) secured by the property.

Thus, in evaluating a claim for Lost Equity, our task was to determine the difference between the market value of the Affected Property (before being impacted by the discovery of Chinese drywall) and the outstanding amount of loans secured by the Affected Property.  In reviewing the claims, we determined that the best evidence of value was the purchase price of each Affected Property, primarily for three reasons: (1) the purchase price of every Affected Property could be established, either through documentation submitted in support of the claim or through county real property records; (2) the purchase price reflected a value prior to the negative effect that discovery of Chinese drywall had on Affected Property values, making it a good baseline from which to measure; and (3) the Affected Properties were generally built and/or purchased around the same time.  We then deducted the principal balance of all outstanding

_____
**www.garretsongroup.com**

Cincinnati Office                         Charlotte Office                         New Orleans Office
Phone 513.794.0400 | Fax 513.575.7201       Phone 704.559.4300 | Fax 704.559.4331       Phone 504.662.1317
6281 Tri-Ridge Blvd., Ste. 300 | Cincinnati, OH | 45140   2115 Rexford Rd. | 4th Floor | Charlotte, NC | 28211   935 Gravier St., Ste. 1400 | New Orleans, LA | 70112



loans secured by the property from the purchase price, which resulted in our Lost Equity determination for that claim.

Under these criteria, your determined Lost Equity for your Sale in Mitigation claim was $520,907.29, which was calculated based on the purchase price of the property of $850,000.00 less the outstanding principal balance of $304,092.71 of the mortgage loans encumbering the property. However, we also determined that your claim for Lost Equity was unique in that subsequent to purchasing the property, you spent a substantial additional sum on improvements to the property, and, therefore the purchase price alone was an inadequate measure of value. In working with your attorneys, we noted that, under these circumstances, we would accept a post-improvements appraisal of the property as a measure of value. We have not received from you a post-improvements appraisal to assist in making this determination.

In the absence of such an appraisal, we used the best evidence available to us at the time regarding value, which was the county auditor's assessed value of $1,019,900.00. Using this value, you were credited with an additional $194,900.00 ($1,019,900.00 less the $850,000.00 in value already credited) in the discretionary Other Loss category, resulting in a total credit for Lost Equity of $715,807.29. Because of your unique situation, I wrote to you on April 22, 2015 (copy enclosed for reference) to provide updated determinations and to explain the basis for our determination regarding your claim for Lost Equity. In that letter, I noted that we would also accept an appraisal from a licensed real estate appraiser, which might result in a greater Lost Equity determination because the best evidence of value that was then available to us – the county auditor's assessed value – might not have reflected the full market value of the property.

As I further explained in that letter, we are unable to use the evidence that you provided regarding the costs of the improvements because Lost Equity is based on the market value of the property, not the cost to acquire and improve the property. While we understand the basis for your position as stated in your letter of appeal, Lost Equity is not the dollar amount that you put into your home. Rather, it is the market value of the home prior to discovery of Chinese drywall, as established through objective evidence, less the amount of mortgage loans secured by the property.

Having become somewhat familiar with the story behind your loss, I can certainly understand your frustration. To that end, we would like to provide you with every opportunity to present all evidence in favor of your claim. You may have an additional fifteen days from the date of this letter to submit an appraisal or similar evidence that provides for a market value greater than $1,019,900.00. Absent such evidence, our determination regarding your Lost Equity claim stands.

## Your Claim for Personal Property Losses

The second item that you appealed was our determination regarding the amount of your Personal Property losses. As you noted in your letter of appeal, because of additional information that we received from your attorneys, the amount of your determined Personal Property losses increased from $32,113.96 (as disclosed in the Determination Notice that we sent to you on April 1, 2015) to $34,482.30 (as disclosed in my April 22nd letter to you). We have since reviewed each item, which has increased our determination of your Personal Property losses slightly, to $34,685.49. Where we were provided with legible supporting evidence and the



item listed was eligible for compensation, you were given credit for that item.  You submitted a list of items totaling $88,731.00 and another totaling $45,636.66 but did not include any supporting documentation, and, as such, we did not give you credit for the items on either list.  You may have an additional fifteen days from the date of this letter to provide supporting documentation for these items.  We have listed our determinations regarding individual items for your reference in the the attached Exhibit "A."

**Your Claim for Pre-Remediation Alternative Living Expenses**

The third and final item that you appealed was our determination regarding the amount of your Pre-Remediation Alternative Living Expenses.  Pre-Remediation Alternative Living Expenses are expenses "arising from the need to vacate the Affected Property incurred prior to remediation as a result of property damage caused by CDW."  Under the criteria for reviewing Pre-Remediation Alternative Living Expenses claims, only the first six months of expenses are eligible for compensation, and cable/satellite television expenses and internet expenses are ineligible for compensation.  We have reviewed our individual determinations regarding your Pre-Remediation Alternative Living Expenses claim and have found no error.  Therefore, our determination regarding your Pre-Remediation Alternative Living Expenses claim remains at $14,398.54.  We have listed our determinations regarding individual items for your reference in the the attached Exhibit "B."  You may have an additional fifteen days from the date of this letter to respond further regarding these determinations.

**Conclusion**

In total, you have been awarded $765,133.07 in Other Losses.  As mentioned in prior communications, it is important to understand that, because the amount of eligible losses exceeds the amount available for distribution, $765,133.07 is not the amount that you will be paid.  Rather, you will be paid a fraction this amount, based upon a *pro rata* distribution of the limited settlement funds among all claimants.

I hope you find this information helpful.  If you have any questions, you are welcome to contact me via phone at (513) 601-8105 or via email at bbauer@garretsongroup.com.

Best Regards,

Benjamin A. Bauer
Program Manager

cc:     Richard J. Serpe, Esq. (via electronic mail only)
Encl.

**Exhibit "A" – List of Individual Personal Property Determinations**

| Date | Amount | Allowed Amount | Description | Comment |
|---|---|---|---|---|
| 11/17/2006 | $7,100.70 | $7,100.70 | Appliances | |
| 9/28/2013 | $3,571.89 | $3,571.89 | Mattress | |
| 10/20/2004 | $333.90 | $333.90 | Lamp | |
| 10/22/2004 | $294.00 | $294.00 | Lamp | |
| 10/29/2004 | $205.80 | $205.80 | Lamp | |
| 11/6/2003 | $953.95 | $953.95 | Sofa | |
| 8/1/2002 | $968.47 | $968.47 | Rug | |
| 2/7/2004 | $211.53 | $211.53 | Frames | |
| 4/9/2005 | $114.45 | $114.45 | Drapes | |
| 12/17/2009 | $50.54 | $50.54 | Home goods | |
| 1/13/2010 | $69.57 | $69.57 | Printer ink, File folders | |
| 6/22/2009 | $526.19 | | Hotel stay | (deemed as and allowed as an ALE loss) |
| 6/22/2009 | $591.12 | | Hotel stay | (deemed as and allowed as an ALE loss) |
| 2/14/2008 | $68.50 | | HVAC repair | (deemed as and allowed as an "Other" loss) |
| 1/20/2009 | $70.50 | | HVAC repair | (deemed as and allowed as an "Other" loss) |
| 4/13/2009 | $102.75 | | HVAC repair | (deemed as and allowed as an "Other" loss) |
| 7/23/2009 | $19.07 | $19.07 | Office supplies | |
| 8/24/2009 | $85.01 | $85.01 | Clothes | |
| 6/27/2009 | $10.49 | $10.49 | Clothes | |
| 10/16/2010 | $41.99 | $41.99 | Office supplies | |
| 7/25/2009 | $22.02 | $22.02 | House supplies | |
| 7/13/2009 | $39.87 | $39.87 | Prorespirator | |
| 9/25/2009 | $41.73 | $41.73 | Home goods | |
| 7/25/2009 | $14.68 | $14.68 | Home goods | |
| 12/5/2009 | $92.40 | $92.40 | Clothes | |
| 6/7/2009 | $338.63 | $0.00 | Unclear | illegible supporting documentation |
| 8/5/2009 | $22.02 | $22.02 | Towels | |
| 7/2/2009 | $28.33 | $28.33 | Clothes | |
| 6/16/2009 | $131.84 | $131.84 | Swimwear | |
| 6/28/2009 | $73.44 | $73.44 | Smoke Detectors | |
| 8/8/2009 | $34.98 | $34.98 | Shoes | |
| 7/26/2009 | $36.74 | $36.74 | Cutting board | |
| 10/27/2009 | $71.38 | $71.38 | Clothes | |
| 11/21/2009 | $30.98 | $30.98 | Jacket | |
| 8/25/2009 | $41.25 | $41.25 | Clothes | |
| 4/27/2009 | $81.51 | $0.00 | Unclear | illegible supporting documentation |
| 4/18/2009 | $67.49 | $0.00 | Unclear | illegible supporting documentation |
| 5/25/2009 | $47.48 | $47.48 | Propane | |
| 4/18/2009 | $47.92 | $47.92 | Propane | |
| 4/17/2009 | $38.82 | $0.00 | Unclear | illegible supporting documentation |
| 10/3/2009 | $50.37 | $50.37 | Home goods | |

| 6/22/2009 | $44.08 | $0.00 | Unclear | illegible supporting documentation |
|---|---|---|---|---|
|  | $73.49 | $73.49 | Frying pan |  |
| 1/16/2012 | $3,854.90 | $3,854.90 | Furniture |  |
| 12/3/2009 | $104.48 | $104.48 | Bedding |  |
| 6/23/2011 | $8,327.86 | $8,327.86 | Furniture |  |
| 3/16/2011 | $42.00 | $42.00 | Furniture |  |
| 4/13/2010 | $131.88 | $131.88 | Laptop repair |  |
| 11/11/2002 | $3,398.00 | $3,398.00 | Rug |  |
| 8/18/2011 | $84.00 | $84.00 | Furniture |  |
| 9/10/2010 | $427.19 | $427.19 | Laptop repair |  |
| 10/3/2012 | $283.50 | $283.50 | Furniture repair |  |
| 4/9/2011 | $550.00 | $550.00 | Reupholstery |  |
| 3/25/2011 | $2,549.40 | $2,549.40 | Computers |  |
|  | $88,731.00 | $0.00 | List of items | No supporting documentation provided |
|  | $45,636.66 | $0.00 | List of items | No supporting documentation provided |

**Exhibit "B" – List of Individual Alternative Living Expenses Determinations**

| Date | Amount | Allowed Amount | Description | Comment |
|------|--------|----------------|-------------|---------|
| 8/7/2009 | $100.68 | $100.68 | Electric | only first 6 mos are eligible for compensation |
| 9/8/2009 | $169.47 | $169.47 | Electric | only first 6 mos are eligible for compensation |
| 10/7/2009 | $167.67 | $167.67 | Electric | only first 6 mos are eligible for compensation |
| 11/6/2009 | $143.89 | $143.89 | Electric | only first 6 mos are eligible for compensation |
| 12/8/2009 | $128.17 | $128.17 | Electric | only first 6 mos are eligible for compensation |
| 1/12/2010 | $198.64 | $198.64 | Electric | only first 6 mos are eligible for compensation |
| 2/9/2010 | $292.21 | $0.00 | Electric | only first 6 mos are eligible for compensation |
| 3/10/2010 | $276.79 | $0.00 | Electric | only first 6 mos are eligible for compensation |
| 4/9/2010 | $237.41 | $0.00 | Electric | only first 6 mos are eligible for compensation |
| 6/9/2010 | $12.20 | $0.00 | Electric | only first 6 mos are eligible for compensation |
| 7/9/2010 | $175.73 | $0.00 | Electric | only first 6 mos are eligible for compensation |
| 9/4/2009 | $12.40 | $12.40 | Wastewater treatment | only first 6 mos are eligible for compensation |
| 11/6/2009 | $37.80 | $37.80 | Wastewater treatment | only first 6 mos are eligible for compensation |
| 1/8/2010 | $35.28 | $35.28 | Wastewater treatment | only first 6 mos are eligible for compensation |
| 3/12/2010 | $45.36 | $45.36 | Wastewater treatment | only first 6 mos are eligible for compensation |
| 5/10/2010 | $52.92 | $52.92 | Wastewater treatment | only first 6 mos are eligible for compensation |
| 7/7/2010 | $42.84 | $42.84 | Wastewater treatment | only first 6 mos are eligible for compensation |
| 12/6/2010 | $1,015.49 | $0.00 | Real estate tax | only first 6 mos are eligible for compensation |
| 6/6/2011 | $1,015.49 | $0.00 | Real estate tax | only first 6 mos are eligible for compensation |
| 12/7/2009 | $1,050.65 | $1,050.65 | Real estate tax | only first 6 mos are eligible for compensation |
| 6/7/2010 | $1,050.65 | $0.00 | Real estate tax | only first 6 mos are eligible for compensation |
| 5/22/2013 | $895.00 | $0.00 | CPA | ineligible item |
| 4/30/2012 | $385.00 | $0.00 | CPA | ineligible item |
| 5/19/2011 | $745.00 | $0.00 | CPA | ineligible item |
| 6/27/2013 | $4,895.00 | $0.00 | CPA | ineligible item |
| 9/3/2009 | $80.97 | $80.97 | Utilities | only first 6 mos are eligible for compensation |
| 11/5/2009 | $103.11 | $103.11 | Utilities | only first 6 mos are eligible for compensation |
| 1/7/2010 | $112.11 | $112.11 | Utilities | only first 6 mos are eligible for compensation |
| 3/11/2010 | $124.37 | $124.37 | Utilities | only first 6 mos are eligible for compensation |
| 5/7/2010 | $127.00 | $127.00 | Utilities | only first 6 mos are eligible for compensation |
| 7/4/2010 | $115.83 | $115.83 | Utilities | only first 6 mos are eligible for compensation |
| 6/20/2010 | $146.74 | $0.00 | Verizon | ineligible item |
| 5/20/2010 | $140.45 | $0.00 | Verizon | ineligible item |
| 4/20/2010 | $140.45 | $0.00 | Verizon | ineligible item |
| 3/20/2010 | $118.60 | $0.00 | Verizon | ineligible item |
| 1/20/2010 | $143.29 | $0.00 | Verizon | ineligible item |

| 12/20/2009 | $140.16 | $0.00 | Verizon | ineligible item |
| 11/20/2009 | $140.16 | $0.00 | Verizon | ineligible item |
| 10/20/2009 | $140.16 | $0.00 | Verizon | ineligible item |
| 9/20/2009 | $151.29 | $0.00 | Verizon | ineligible item |
| 8/20/2009 | $156.53 | $0.00 | Verizon | ineligible item |
| 7/20/2009 | $174.90 | $0.00 | Verizon | ineligible item |
| 6/20/2009 | $126.85 | $0.00 | Verizon | ineligible item |
| 5/20/2009 | $126.85 | $0.00 | Verizon | ineligible item |
| 7/20/2010 | $139.88 | $0.00 | Verizon | ineligible item |
| 8/20/2010 | $139.95 | $0.00 | Verizon | ineligible item |
| 9/20/2010 | $139.95 | $0.00 | Verizon | ineligible item |
| 10/20/2010 | $150.85 | $0.00 | Verizon | ineligible item |
| 1/19/2011 | $175.03 | $0.00 | Verizon | ineligible item |
| 11/29/2011 | $1,448.55 | $0.00 | Mortgage | only first 6 mos are eligible for compensation |
| 12/5/2011 | $127.41 | $0.00 | Electric | only first 6 mos are eligible for compensation |
| 12/15/2011 | $152.19 | $0.00 | Verizon | ineligible item |
| 10/28/2011 | $1,448.55 | $0.00 | Mortgage | only first 6 mos are eligible for compensation |
| 11/3/2011 | $132.50 | $0.00 | Electric | only first 6 mos are eligible for compensation |
| 11/8/2011 | $45.75 | $45.75 | Hrsd | only first 6 mos are eligible for compensation |
| 11/9/2011 | $125.49 | $125.49 | City Treasurer | only first 6 mos are eligible for compensation |
| 11/17/2011 | $152.19 | $0.00 | Verizon | ineligible item |
| 9/29/2011 | $1,448.55 | $0.00 | Mortgage | only first 6 mos are eligible for compensation |
| 10/4/2011 | $227.18 | $0.00 | Electric | only first 6 mos are eligible for compensation |
| 10/6/2011 | $1,455.39 | $0.00 | Bank of America | insufficient detail to make a determination |
| 10/17/2011 | $152.08 | $0.00 | Verizon | ineligible item |
| 9/12/2011 | $38.87 | $38.87 | Hrsd | only first 6 mos are eligible for compensation |
| 9/12/2011 | $120.19 | $120.19 | City Treasurer | only first 6 mos are eligible for compensation |
| 9/15/2011 | $152.15 | $0.00 | Verizon | ineligible item |
| 8/9/2011 | $1,508.75 | $0.00 | Mortgage | only first 6 mos are eligible for compensation |
| 8/17/2011 | $152.14 | $0.00 | Verizon | ineligible item |
| 6/28/2011 | $2,000.00 | $2,000.00 | Mortgage | only first 6 mos are eligible for compensation |
| 7/7/2011 | $184.86 | $0.00 | Electric | only first 6 mos are eligible for compensation |
| 7/13/2011 | $128.29 | $128.29 | City of VA Beach | only first 6 mos are eligible for compensation |
| 7/14/2011 | $47.94 | $47.94 | Trash | only first 6 mos are eligible for compensation |
| 7/18/2011 | $152.16 | $0.00 | Verizon | ineligible item |
| 5/31/2011 | $1,148.55 | $1,148.55 | Mortgage | only first 6 mos are eligible for compensation |
| 6/3/2011 | $220.34 | $220.34 | City Treasurer | only first 6 mos are eligible for compensation |
| 6/7/2011 | $120.22 | $0.00 | Electric | only first 6 mos are eligible for compensation |
| 6/17/2011 | $152.16 | $0.00 | Verizon | ineligible item |
| 4/29/2011 | $1,448.55 | $1,448.55 | Mortgage | only first 6 mos are eligible for compensation |
| 5/6/2011 | $145.61 | $0.00 | Electric | only first 6 mos are eligible for compensation |
| 5/10/2011 | $117.27 | $117.27 | City of VA Beach | only first 6 mos are eligible for compensation |

| 5/11/2011 | $39.48 | $39.48 | Trash | only first 6 mos are eligible for compensation |
|---|---|---|---|---|
| 5/18/2011 | $153.00 | $0.00 | Verizon | ineligible item |
| 4/13/2011 | $804.00 | $0.00 | Erie Insurance | insufficient detail to make a determination |
| 4/18/2011 | $167.61 | $0.00 | Verizon | ineligible item |
| 4/18/2011 | $174.59 | $0.00 | Electric | only first 6 mos are eligible for compensation |
| 3/18/2011 | $151.24 | $0.00 | Verizon | ineligible item |
| 3/31/2011 | $1,448.55 | $1,448.55 | Mortgage | only first 6 mos are eligible for compensation |
| 3/8/2011 | $115.47 | $115.47 | City of VA Beach | only first 6 mos are eligible for compensation |
| 3/8/2011 | $290.31 | $0.00 | Electric | only first 6 mos are eligible for compensation |
| 2/18/2011 | $135.14 | $0.00 | Verizon | ineligible item |
| 2/28/2011 | $36.66 | $36.66 | Trash | only first 6 mos are eligible for compensation |
| 2/28/2011 | $1,444.23 | $1,444.23 | Mortgage | only first 6 mos are eligible for compensation |
| 1/31/2011 | $1,444.23 | $1,444.23 | Mortgage | only first 6 mos are eligible for compensation |
| 2/7/2011 | $304.00 | $0.00 | Electric | only first 6 mos are eligible for compensation |
| 1/5/2011 | $39.48 | $39.48 | Trash | only first 6 mos are eligible for compensation |
| 1/6/2011 | $186.39 | $0.00 | Electric | only first 6 mos are eligible for compensation |
| 1/14/2011 | $116.14 | $116.14 | City of VA Beach | only first 6 mos are eligible for compensation |
| 1/18/2011 | $175.03 | $0.00 | Verizon | ineligible item |
| 12/17/2011 | $153.31 | $0.00 | Verizon | ineligible item |
| 12/31/2011 | $1,444.23 | $0.00 | Mortgage | only first 6 mos are eligible for compensation |
| 11/18/2011 | $150.85 | $0.00 | Verizon | ineligible item |
| 11/30/2011 | $1,444.23 | $0.00 | Mortgage | only first 6 mos are eligible for compensation |
| 12/7/2011 | $113.33 | $0.00 | Electric | only first 6 mos are eligible for compensation |
| 12/9/2011 | $603.79 | $0.00 | All State Insurance | insufficient detail to make a determination |
| 10/29/2011 | $1,444.23 | $0.00 | Mortgage | only first 6 mos are eligible for compensation |
| 11/3/2011 | $117.27 | $117.27 | City of VA Beach | only first 6 mos are eligible for compensation |
| 11/4/2011 | $39.48 | $39.48 | Trash | only first 6 mos are eligible for compensation |
| 11/5/2011 | $130.00 | $0.00 | Electric | only first 6 mos are eligible for compensation |
| 9/30/2011 | $1,444.23 | $0.00 | Mortgage | only first 6 mos are eligible for compensation |
| 10/6/2011 | $174.02 | $0.00 | Electric | only first 6 mos are eligible for compensation |
| 10/13/2011 | $149.84 | $149.84 | City Treasurer | only first 6 mos are eligible for compensation |
| 9/2/2010 | $118.08 | $0.00 | Utilities | only first 6 mos are eligible for compensation |
| 1/5/2011 | $116.14 | $0.00 | Utilities | only first 6 mos are eligible for compensation |
| 8/9/2010 | $176.39 | $0.00 | Electric | only first 6 mos are eligible for compensation |
| 8/8/2011 | $196.41 | $0.00 | Electric | only first 6 mos are eligible for compensation |
| 9/8/2010 | $210.19 | $0.00 | Electric | only first 6 mos are eligible for compensation |
| 10/7/2010 | $174.02 | $0.00 | Electric | only first 6 mos are eligible for compensation |
| 11/8/2010 | $130.00 | $0.00 | Electric | only first 6 mos are eligible for compensation |
| 8/4/2010 | $43.05 | $0.00 | Electric | only first 6 mos are eligible for compensation |
| 12/7/2010 | $39.48 | $0.00 | Electric | only first 6 mos are eligible for compensation |
| | | $1,117.31 | Amount from PP claim | |



June 23, 2015

**VIA ELECTRONIC AND USPS PRIORITY MAIL ONLY**

Tuan V. Nguyen
Colleen A. Nguyen
4409 Sheffield Dr.
Virginia Beach, VA 23455

Re:     Your Chinese Drywall Other Losses Claims

Mr. and Mrs. Nguyen:

Based on the additional information that you recently submitted in response to our June 2, 2015 letter, we have found sufficient basis to increase our determinations regarding your claims by $48,862.75, as itemized in the attached Exhibit "A." For ease of comparison, I have listed, in order, our original determinations, our revised/appeal determinations, and our final determinations, as follows:

**Original Determinations (April 1, 2015):**

**Pre-Remediation Alternative Living Expenses:** $14,398.54

**Foreclosure:** N/A

**Sale in Mitigation:** TBD

**Tenant Losses:** N/A

**Bodily Injury:** $0.00

**Personal Property:** $32,113.96

**Other:** $241.75

**Revised/Appeal Determinations (June 2, 2015):**

**Pre-Remediation Alternative Living Expenses:** $14,398.54

**Foreclosure:** N/A

**Sale in Mitigation:** $520,907.29

**Tenant Losses:** N/A

**Bodily Injury:** $0.00

**Personal Property:** $34,685.49

**Other:** $195,141.75

_____

**www.garretsongroup.com**

Cincinnati Office
Phone 513.794.0400 | Fax 513.575.7201
6281 Tri-Ridge Blvd., Ste. 300 | Cincinnati, OH | 45140

Charlotte Office
Phone 704.559.4300 | Fax 704.559.4331
2115 Rexford Rd. | 4th Floor | Charlotte, NC | 28211

New Orleans Office
Phone 504.662.1317
935 Gravier St., Ste. 1400 | New Orleans, LA | 70112



**Final Determinations (June 23, 2015):**

**Pre-Remediation Alternative Living Expenses:** $14,398.54

**Foreclosure:** N/A

**Sale in Mitigation:** $520,907.29

**Tenant Losses:** N/A

**Bodily Injury:** $0.00

**Personal Property:** $83,480.75

**Other:** $195,209.24

Should you disagree with our final determinations as set forth above, you have fifteen days to further appeal to the Court. If you have any questions, you are welcome to contact me via phone at (513) 601-8105 or via email at bbauer@garretsongroup.com.

Best Regards,

/s/ Benjamin A. Bauer
Benjamin A. Bauer
Program Manager

cc:     Richard J. Serpe, Esq. (via electronic mail only)

## Exhibit "A" – Itemization of Additional Allowed Items

| Amount | Allowed PP Amount | Allowed Other Amount | Description | Comment |
|---|---|---|---|---|
| $22,695.00 | $22,695.00 | | Piano | |
| $1,059.00 | $1,059.00 | | Swivel Chair | |
| $2,139.00 | $2,139.00 | | Lounge Chair | |
| $1,950.00 | $1,950.00 | | Sofa | |
| $1,969.00 | $1,969.00 | | Artmax Cabinet | |
| $1,784.00 | $1,784.00 | | Artmax Cabinet | |
| $1,799.00 | $0.00 | | iMac | Previously Allowed. |
| $4,339.13 | $4,339.13 | | Bed Set | |
| $134.99 | $134.99 | | Air Purifiers | |
| $209.95 | $209.95 | | Air Purifiers | |
| $12.88 | $12.88 | | Beach Towels | |
| $32.00 | $32.00 | | Curtains | |
| $27.60 | $27.60 | | Decorative Pillow | |
| $59.99 | $59.99 | | Drapes | |
| $749.99 | $749.99 | | Dryer | |
| $279.00 | $279.00 | | End Tables | |
| $149.00 | $149.00 | | Entry Runner | |
| $2,395.00 | $2,395.00 | | Family Room Leather Recliner | |
| $134.95 | $134.95 | | Floor Lamp 2 | |
| $142.99 | $142.99 | | Floor Lamp | |
| $214.99 | $214.99 | | Guest Room Lamps | |
| $299.99 | $299.99 | | Guitar | |
| $23.99 | $23.99 | | Kitchen Rug | |
| $999.00 | $999.00 | | Mac Laptop | |
| $459.95 | $459.95 | | White Area Rug | |
| $65.58 | $65.58 | | Pack & Play | |
| $202.99 | $202.99 | | Papasan | |
| $115.95 | $115.95 | | Pink Chair | |
| $121.34 | $121.34 | | Printer | |
| $399.99 | $399.99 | | Queen Comforter | |
| $111.99 | $111.99 | | Queen Pillows | |
| $170.00 | $170.00 | | Queen Sheet Set | |
| $143.00 | $143.00 | | Rug Cleaner | |
| $599.90 | $599.90 | | Stereo | |
| $17.99 | $17.99 | | Stuffed Lion Chair | |
| $89.99 | $89.99 | | Stuffed St. Bernard Pillow | |
| $295.00 | $295.00 | | Toy Chest | |
| $419.95 | $419.95 | | Toy Room Area Rug | |
| $1,099.00 | $1,099.00 | | Toy Room Couch | |
| $104.00 | $104.00 | | Tupperware | |
| $498.00 | $498.00 | | TV | |

| | | | | |
|---|---|---|---|---|
| $120.00 | $120.00 | | Twin Blankets | |
| $62.00 | $62.00 | | Twin Comforter | |
| $119.99 | $119.99 | | VCR/DVD | |
| $749.99 | $749.99 | | Washer | |
| $563.00 | $563.00 | | Speakers | |
| $338.63 | $338.63 | | Wool coats | |
| $81.51 | $81.51 | | Dance Outfits | |
| $67.49 | | $67.49 | Plastic sheeting | |
| $44.08 | $44.08 | | Twin Comforter | |