UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: CHINESE-MANUFACTURED | * | MDL No. 2047 |
| DRYWALL PRODUCTS LIABILITY | * | |
| LITIGATION | * | SECTION L |
| | * | |
| | * | JUDGE FALLON |
| THIS DOCUMENT APPLIES TO | * | |
| ALL CASES | * | MAGISTRATE JUDGE |
| | * | WILKINSON |

******************************************

**NON-PARTY JPMORGAN CHASE & CO.'S MEMORANDUM IN RESPONSE TO THE PLAINTIFFS' STEERING COMMITTEE'S SECOND SUPPLEMENTAL REPLY BRIEF IN SUPPORT OF THE PLAINTIFFS' STEERING COMMITTEE'S EMERGENCY MOTION TO COMPEL JPMORGAN CHASE & CO. TO COMPLY WITH THE PSC'S DISCOVERY REQUESTS**

Non-Party, JPMorgan Chase & Co., respectfully submits this Memorandum in Response to the Plaintiffs' Steering Committee's ("PSC") Second Supplemental Reply Brief in Support of the PSC's Emergency Motion to Compel JPMorgan Chase & Co. to Comply with the PSC's Discovery Requests.[1] The PSC continues to use the Court's July 2014 contempt order as a Trojan horse in an attempt to discover the extent of the ownership of the various JPMorgan Chase & Co. entities in the numerous Chinese defendants. The PSC's same requests, however, have been denied once before (Dkt. 10845) and should be denied a second time.

In its Second Supplemental Reply Brief, the PSC purports "to clear up any confusion that may exist." No confusion exists, apart from that which the PSC has interjected. First, the PSC submits an incomplete procedural chronology ignoring, among other things, the Court's October 25, 2011 Order. Second, the PSC still has not identified how the discovery sought is relevant to the July 2014 contempt order. This discovery is on the "contempt track," which is

---

[1] The PSC's Second Supplemental Reply Brief and this Response Brief concern two motions pertaining to the PSC's most recent subpoena to JPMorgan Chase & Co.: (1) the PSC's Emergency Motion to Compel, and (2) JPMorgan Chase & Co.'s Cross-Motion to Quash Subpoena. (Dkt. 19004 and 19028). JPMorgan Chase & Co.'s cross-motion to quash is set for oral argument on July 15, 2015 at 9:00 a.m.

intended to determine whether the Chinese defendants or their affiliates conducted business in the United States since July 2014—*not* whether JPMorgan Chase & Co. or its affiliates did business in China. Yet, the PSC continues to focus on the activities of JPMorgan Chase & Co. entities in China, without once explaining how that somehow means that the Chinese defendants are conducting business in the United States.

Indeed, there is no dispute that certain JPMorgan Chase & Co. entities had equity interests in China National Building Material Co., Ltd. ("CNBM"), which was disclosed to the PSC on August 1, 2011. These positions were acquired several years before the Court's July 2014 contempt judgment at issue. This stock ownership is utterly irrelevant to the contempt order or a determination of whether the Taishan defendants conducted business in the United States. The PSC notably has cited no case law to the contrary. The Court should deny the PSC's Emergency Motion to Compel and should grant JPMorgan Chase & Co.'s cross-motion to quash subpoena.

**I.      The PSC Offers the Court an Incomplete Chronology.**

The PSC's chronology continues to ignore the Court's ruling, dated October 25, 2011, which pertained to the exact same issue raised herein. Moreover, the PSC noticeably omits the fact that the February 10, 2015 subpoena was stayed, pursuant to the PSC's own request, and that JPMorgan Chase & Co. previously has disclosed its equity interest in CNBM. JPMorgan Chase & Co., therefore, offers the following complete chronology:

1. May 24, 2011 – PSC issues a Notice of Oral and Videotaped Deposition, Pursuant to Fed. R. Civ. P. 30(b)(6) (Dkt. 8888) and Subpoena to Testify at a Deposition in a Civil Action to JPMorgan Chase & Co. (Dkt. 9623).

2. ***August 1, 2011 – Correspondence from JPMorgan Chase & Co. to Leonard Davis outlining that JPMorgan Chase & Co. does not have an ownership interest in any of the Chinese drywall companies involved in the litigation, but certain JPMC entities***

*held equity positions in publicly-traded stock of CNBM and providing excerpts from the Hong Kong Exchange public website that identified those positions (Dkt. 10056-4).*

3. *October 25, 2011 – Court enters an Order and Reasons, granting JPMorgan Chase & Co.'s motion to quash the May 26, 2011 subpoena and denying the PSC's motion to compel and specifically noting that a subpoenaed party need only produce documents that are in its "possession, custody or control" and the PSC must first demonstrate that a parent company, such as JPMorgan Chase & Co., has sufficient control over its affiliates to justify a subpoena for documents that might be possessed by the affiliates. (Dkt. 10854).*

4. July 17, 2014 – Order finding Taishan in contempt and enjoining Taishan, and any of its affiliates or subsidiaries, from conducting any business in the United States until or unless it participates in this judicial process. (Dkt. 17869).

5. February 10, 2015 – PSC issued Amended Notice of Oral and Videotaped Deposition, Pursuant to Fed. R. Civ. P. 30(b)(6) and Subpoena to Testify at a Deposition in a Civil Action to JPMorgan Chase & Co. (Dkt. 18304).

6. *April 1, 2015 – Plaintiffs' Steering Committee's Motion to Stay Pre-March 17, 2015 Third-party Discovery Related to the Taishan Defendants and to Defer Similarly Dated Discovery Served upon the Taishan Defendants to Prioritize Expedited Discovery Served on or after March 17, 2015. (Dkt. 18578).*

7. *April 8, 2015 – Court issues Order granting Plaintiffs' Steering Committee's Motion to Stay Pre-March 17, 2015 Third-party Discovery Related to the Taishan Defendants and to Defer Similarly Dated Discovery Served upon the Taishan Defendants to Prioritize Expedited Discovery Served on or after March 17, 2015. (Dkt. 18640).*

8. April 28, 2015 – PSC issued a Notice of Expedited Oral and Videotaped Deposition Pursuant to the Court's Directive During the March 17, 2015 Special hearing and Minute Entry and Order [Rec.Doc. 18493] and Subpoena to Testify at a Deposition in a Civil Action to JPMorgan Chase and Co., seeking financial records from every JPMorgan Chase & Co. affiliate pertaining to 6 separate "Taishan Affiliates and Subsidiaries." (Dkt. 18766).

9. May 1, 2015 – PSC issued an Amended Notice of Expedited Oral and Videotaped Deposition Pursuant to the Court's Directive During the March 17, 2015 Special hearing and Minute Entry and Order [Rec.Doc. 18493] and Subpoena to Testify at a Deposition in a Civil Action to JPMorgan Chase and Co., expanding the list of "Taishan Affiliates and Subsidiaries" to 83 separate Taishan companies. (Dkt. 18801).

10. May 7, 2015 – Minute entry from the Court, instructing PSC to narrow its discovery requests (Dkt. 18925).

11. May 8, 2015 – PSC email containing another set of document requests that more than doubles the number of document requests and demanding that JPMorgan Chase & Co. produce documents that might be possessed by any JPMorgan Chase & Co. entity (foreign or domestic) pertaining to 83 separate purported Taishan entities.

12. May 18, 2015 – PSC issued a Second Amended Notice of Expedited Oral and Videotaped Deposition Pursuant to the Court's Directive During the March 17, 2015 Special hearing and Minute Entry and Order [Rec.Doc. 18493] and Subpoena to Testify at a Deposition in a Civil Action to JPMorgan Chase and Co., seeking "all financial transactions by and among any Defendant and/or Defendants' Affiliates or Subsidiaries [the number of which exceeds 83] with the bank and/or the bank's subsidiaries or affiliates in the United States or China." (Dkt. 18951).

As evidenced above, the PSC, since 2011, has attempted to discover the extent of JPMorgan Chase & Co.'s ownership of the numerous Chinese defendants. Through its May 2011 subpoena, the PSC sought a multitude of information and documents pertaining to whether JPMorgan Chase & Co. had any ownership or financial interest in any of the Chinese drywall companies or had made any loans to or investments in the Chinese drywall companies. (Dkt. 8888). The PSC's requests were denied, per the Court's October 25, 2011 Order, which noted that a subpoenaed party need only produce documents that are in its "possession, custody or control" and the PSC must first demonstrate that a parent company, such as JPMorgan Chase & Co., has sufficient control over its affiliates to justify a subpoena for documents that might be possessed by the affiliates. The PSC, to date, has not made nor even attempted to make this predicate showing. For this reason alone, the motion to compel should be denied, and the motion to quash granted.

Nevertheless, four years later, the PSC effectively is trying to obtain the *same* information a second time, under the guise of determining whether Taishan or its affiliates conducted business in the United States, after the Court's July 2014 contempt judgment. In particular, the PSC's May 18, 2015 subpoena similarly seeks "[a]ll financial transactions by and among any Defendant and/or Defendants' Affiliates or Subsidiaries [83 Taishan affiliates] with

the bank and/or the bank's subsidiaries or affiliates in the United States or in China." The PSC's May 18, 2015 requests are substantially similar to the requests in the PSC's May 2011 subpoena, which were denied. The PSC's attempts to circumvent the Court's October 25, 2011 Order and the May 7, 2015 minute entry should be barred, and the documents requested should be sought from the named Defendants in this litigation, not JPMorgan Chase & Co., a non-party to this litigation.

II.     **The Discovery Sought Is Irrelevant to the July 2014 Contempt Order and Is Overbroad and Unduly Burdensome.**

As stated, the PSC continues its attempt to discover the extent of JPMorgan Chase & Co.'s ownership of the Chinese defendants. In so doing, the PSC continues to cite documents showing that certain JPMorgan Chase & Co. entities owned publicly-traded stock in CNBM. The issue, however, is not whether JPMorgan Chase & Co. or its affiliates conducted business in China, as that is not in dispute. The salient inquiry is whether Taishan and its affiliates conducted business in the United States, since July 2014. In that regard, that certain JPMorgan Chase & Co. affiliates owned publicly-traded stock in CNBM does not mean that the Taishan companies conducted business in the United States.

It is well-settled that a U.S. company's stock ownership of a foreign company does not mean that the foreign company or its affiliates are conducting business in the United States. *See*, *In Duravest, Inc. v. Viscardi, A.G.*, 581 F. Supp. 2d 628, 636, fn. 6 (S.D.N.Y. 2008) (citing *Alpine View Co. v. Atlas Copco AB*, 205 F.3d 208, 218 (5th Cir. 2000)); *Stutzman v. Rainbow Yacht Adventures Ltd.*, 2007 WL 415355, 2007 U.S. Dist. LEXIS 8697 (N.D.Tex. Feb. 7, 2007). The PSC, notably, has provided *no* case law to the contrary. Indeed, under the PSC's logic, any U.S. investor holding publicly-traded stock in CNBM or any of the other defendants would be

subject to far-ranging third-party discovery in this proceeding. Fed. R. Civ. P. 45, however, imposes limits on third-party discovery, and the PSC has exceeded those limits.

Instead, in support of its arguments, the PSC offers a self-serving exhibit, which the PSC itself created, outlining the alleged large shareholder and active supporters of CNBM. (Dkt. 19260 at Ex. B). In particular, the PSC highlights the following statements in the Exhibit that the PSC drafted itself:

- "CNBM is the H-share company in which J.P.Morgan holds the highest stake among all the H-share companies …."

- "J.P. Morgan is the No. 1 public investor of CNBM H Shares …."

- "JP Morgan [sic] is still an active supporter of CNBM …"

- "J.P.Morgan commented that Chinese drywall case has limited influence on CNBM stocks, and recommended investors to [sic] buy CNBM stocks when the price is low, and rated CMBM [sic] as 'Overweight' (which means that" [sic] overwight over the next three months, the recommended risk position is expected to outperform the relevant index, sector, or benchmark) (http://money.163.com)"

- "J.P.Morgan holding in CNBM H Shares Number of shares held: 308,969,753 (long position) + 792,788 (short position) +150,896,531 (P) Percentage in the relevant class of share capital: 25.73% + 0.07% + 12.57% (www.etnet.com.hk)"

- "J.P.Morgan maintained the rating of CNBM as "Overweight" after CNBM announced its good 2009 performances."

In this same vein, the PSC further notes that "<u>JP MORGAN CHASE & CO. OWNED SHARES OF CNBM IN JULY 2014. THE SHAREHOLDERS ARE CLEARLY PUBLISHED IN THE ANNUAL REPORT</u> …"

This is not new information. On August 1, 2011, JPMorgan Chase & Co. advised the PSC that, although it does not have an ownership interest in any of the Chinese drywall companies involved in the litigation, certain JPMorgan Chase & Co. entities held equity positions in publicly-traded stock of CNBM. JPMorgan Chase & Co. provided the PSC with

excerpts from the Hong Kong Exchange public website that identified those positions. (Dkt. 10056-4).

Any stake in CNBM by JPMorgan Chase & Co. or any of its affiliates is irrelevant to the July 2014 contempt order, and the PSC has failed to demonstrate otherwise. Similarly, alleged commenting on the litigation and encouraging others to invest in CNBM by JPMorgan Chase & Co. or any of its affiliates has no relevance whatsoever to whether the Chinese defendants violated the July 2014 contempt order. As stated, what is at issue is whether the Chinese defendants did business in the United States and not whether JPMorgan Chase & Co. or its affiliates did business in China. Nevertheless, all of the above-referenced self-serving and unsupported allegations occurred in China, not the United States. Therefore, these statements are irrelevant to the contempt proceeding.

The PSC cites to additional exhibits (Exhibits D – E) that it filed, under seal, and which were not provided to JPMorgan Chase & Co. As a Non-Party, JPMorgan Chase & Co. does not have access to documents that are filed under seal. The PSC's citation of sealed documents unfairly prejudicial, and Exhibits D and E should be disregarded on this ground alone.

Nevertheless, the substance of Exhibits D and E, as the PSC references, have no relevance to this matter. The citations to Exhibits D and E reveal that these exhibits are deposition transcripts of the 30(b)(6) witnesses of CNBM Co. and CNBM Group Co. Ltd. The recitations from Exhibit D—the deposition of Zhangli Chang—discuss Mr. Chang's position with CNBM Co. Ltd. as well as the CNBM Co. Ltd.'s Annual Reports and corporate structure, highlighting that CNBM Group Co., Ltd. is the controlling shareholder of CNBM Co. Ltd. Furthermore, the PCS's recitations from Exhibit E—the deposition of Guoping Zhou—similarly address Mr. Zhou's position with CNBM Group Co. Ltd. and the corporate structure of CNBM

Group Co. Ltd. and its related *Chinese* entities. The PSC fails to outline how these recitations are relevant to JPMorgan Chase & Co., the case as a whole, or the prohibited actions during the contempt period. Simply put, the PSC cannot do so, because the citations to Exhibits D and E are irrelevant.[2]

The PSC goes on to assert that "JPMorgan Chase & Co. is intimately involved with the Taishan defendants, including CNBM, CNBM Group, BNBM, BNBM Group, as well as their subsidiaries and affiliates." (Dkt. 19260-2, at p. 7). Moreover, the PSC claims that "JPMorgan Chase & Co. has had extensive dealings with these entities …" (*Id.*) No evidence offered by the PSC demonstrates any conduct on behalf of JPMorgan Chase & Co. that rises to the level of "intimate" or "extensive" involvement with the Chinese defendants. In fact, the recitations from Exhibits D and E reveal little to no involvement between JPMorgan Chase & Co. and the Chinese defendants. The PSC's subpoena is merely an impermissible fishing expedition, which should be quashed.

Even if the discovery was somehow relevant (which is denied), the PSC has not complied with the Court's May 7, 2015 minute entry, ordering the PSC to narrowly tailor its requests. Instead, the PSC continuously expanded the scope of its requests over the last few months, in violation of the Court's May 7, 2015 order. Presently, the PSC seeks "all financial transaction by and among any Defendant and/or Defendants' Affiliates or Subsidiaries with the bank and/or the bank's subsidiaries or affiliates in the United States or in China," claiming that "the reference to Taishan Affiliates has been considerably narrowed …" However, the PSC seeks information pertaining to 83 Taishan affiliates, as set forth in the previous iteration of the subpoena. Requiring JPMorgan Chase & Co. to search its entire corporate family in hopes of revealing

---

[2] If anything, the deposition citations simply confirm that the PSC has been obtaining discovery from the Chinese defendants who are participating in this litigation. As such, there is no need to burden a non-party with discovery that can be obtained from the parties to the litigation.

information about one of the 83 Taishan affiliates, not to mention the request for "all financial transactions," still is overbroad and places an undue burden on Non-Party, JPMorgan Chase & Co. These documents, instead, should be requested from the Chinese Defendants.

The PSC further erroneously claims that JPMorgan Chase & Co. asserts an attorney client privilege and financial privilege to the document production and deposition interrogation. JPMorgan Chase & Co. presently has made no such assertion in connection with the subpoenas. Instead, JPMorgan currently opposes the PSC's Emergency Motion to Compel because the information sought is irrelevant to determining whether the Chinese defendants violated the July 2014 contempt order and the subpoena is fatally defective and should be quashed.

## CONCLUSION

For the foregoing reasons, JPMorgan Chase & Co. respectfully requests that the Court deny the PSC's Emergency Motion to Compel and grant JPMorgan Chase & Co.'s Cross-Motion to Quash Subpoena.

Respectfully submitted,

/s/ Gabriel A. Crowson
Michael D. Ferachi (#19566)
Gabriel Crowson (#28009)
**McGlinchey Stafford, PLLC**
601 Poydras Street, 12th Floor
New Orleans, Louisiana 70130
Telephone: (504) 586-1200
Fax: (504) 596-2800
*Counsel for Non-Party, JPMorgan Chase & Co.*

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing was served on all counsel or record, via the Court's ECF system, this 13th day of July, 2015.

/s/ Gabriel A. Crowson
Gabriel A. Crowson