UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In re: CHINESE-MANUFACTURED DRYWALL PRODUCTS LIABILTY LITIGATION | * * * * | MDL 2047 SECTION L |
| This document relates to: ALL CASES | * * * * | JUDGE FALLON MAGISTRATE JUDGE WILKINSON |

## PLAINTIFF'S MOTION FOR RECONSIDERATION OF SPECIAL MASTER DANIEL J. BALHOFF'S OPINION AND DECREE

**COMES NOW** Plaintiff, Victor Zheltkov, by and through undersigned counsel, and hereby files this Motion for Reconsideration of Special Master, Daniel J. Balhoff's, Opinion and Decree, and as grounds for this response states:

On June 29, 2015, Special Master, Daniel J. Balhoff, entered his mediation opinion and decree in favor of Knauf. (Copy of Opinion and Decree is attached hereto as Exhibit "A").

The Special Master based his opinion and decree on his ruling that the plaintiff had claimed that the product was defective and the settlement agreement/warranty agreement does not make Moss liable for defective products.

Plaintiff believes that this ruling is in error and that the Special Master did not completely understand Plaintiff's argument. Plaintiff's argument was that the laminate flooring that was installed during the original construction of the home by the builder had survived in the home for 6 years and had not failed despite the fact that the home did not have air conditioning for long stretches of time and the fact that the home had Chinese drywall that was "off-gassing". This is compared to the laminate flooring that was installed by Moss that has only been in the home for

2 years and during this period the amount of time the home was without air conditioning was relatively short during this period of time. (Please see Exhibit "B", a report by Defense expert, Inside & Out Property Inspectors, Inc., which found that the laminate flooring failed). "With this combination of High Temperatures and High Relative Humidity it is my professional opinion that the climate conditions inside the house is what caused the buckling of the floor."

Since neither party knew the make or model of the original flooring this evidence (the fact that the original product had not failed for the previous 6 years while the product installed by Moss failed after only 9 months) was evidence that Moss did not use laminate flooring that was "of like kind and quality" during the remediation.

Further, Plaintiff argued that since the Plaintiff had used the original product without air conditioning and the product did not fail, if Moss knew this new product was known to fail if air conditioning was not in constant use, then Moss was required to tell the homeowner of this requirement. Since Moss did not tell the client that he was required to use the air conditioning constantly or the product would fail, this was simple negligence and again the warranty should apply.

Finally, it was argued that if Moss was going to argue that the product was "defective" and as a result this claim fell outside of the warranty, this argument should be considered an affirmative defense. If this was a proper affirmative defense to this warranty claim, then Moss was required to present proof that the product was "Defective." No such evidence was proffered at the time of the hearing. Therefore, Moss' claim that the warranty did not cover this claim should fail.

**WHEREFORE**, since the product installed by Moss failed after only after 9 months of use when the original product lasted for 6 years without a failure, the Court should find that

Moss did not install laminate flooring that was "of like kind and quality" and find that cost to replace the laminate flooring should be awarded to the Plaintiff.

Respectfully submitted,

*/s/ C. David Durkee, Esq.*
ROBERTS & DURKEE, P.A.
OFFICES AT GRAND BAY PLAZA
2665 S. Bayshore Drive, Suite 300
Coconut Grove, FL 33133
Phone: (305) 442-1700
Fax: (305) 442-2559
durkee@rdlawnet.com
*Counsel for Individual Plaintiffs*

Mark Milstein, Esq.
Allison R. Willett, Esq.
MILSTEIN ADELMAN, LLP
2800 Donald Douglas Loop North
Santa Monica, CA 90405
Phone: (310) 396-9600
Fax: (310) 396-9635
*Counsel for Individual Plaintiffs*

Dated: July 14, 2015.

## CERTIFICATE OF SERVICE

I hereby certify that the above and foregoing pleading has been served to all parties by electronically uploading the same to Lexis Nexis File & Serve and was electronically filed with the Clerk of Court of the United Sates Court for the Eastern District on this 14th day of, July 2015.

By: */s/ C. David Durkee*
C. David Durkee