*EXHIBIT "A"*

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

IN RE: CHINESE -MANUFACTURED
DRYWALL PRODUCTS LIABILITY
LITIGATION

MDL NO. 2047

SECTION: L

JUDGE ELDON FALLON
MAGISTRATE WILKINSON

## Opinion and Decree

This matter involves a dispute between Victor and Lyudmila Zheltkov ("the Zheltkovs") and the Knauf Defendants ("Knauf").

At all pertinent times the Zheltkovs were the owners of a dwelling located at 25 Essington Lane, Palm Coast, Florida. The Zheltkovs chose to participate as claimants in the Knauf Class Settlement Agreement. Pursuant to the Settlement Agreement, Moss Construction undertook the remediation of the Zheltkovs' property. After the remediation was complete, the Zheltkovs notified Moss that the newly installed laminated flooring (which Moss had installed to take the place of the old flooring) was buckling, bubbling up, and cupping. The Zheltkovs have submitted video evidence which supports that the current flooring does buckle, bubble up, and/or cup.

Knauf asserts that the flooring which existed prior to the remediation had similar problems. To support this contention, Knauf submits several photographs. Unfortunately, even if the floor was buckling, bubbling up, and/or cupping at the time that Knauf's photographs were taken, the photographs (because they are unable to portray motion) cannot convey the same condition as the Zheltkovs videos. In other words, while the Special Master cannot conclude that the pre-remediation floor was *not* buckling, bubbling up, and/or cupping, neither can the Special Master conclude that it *was*.

But that is not the end of the inquiry. While Moss is obligated to replace items (including the flooring) "with the same . . . quality and finishes . . . as existed prior to the start of the remediation work," Moss is not responsible for defects "inherent in the quality of the materials" (i.e., manufacturing defects) or "[d]amage caused by the Property Owner." The Zheltkovs' written submission alleges that "the product [used by Moss was] defective." To the extent that the Zheltkovs continue to rely on this theory (and it is unclear that they do continue to rely on it since the binding mediation), the theory is rejected. Any product defect is the responsibility of the manufacturer, not of Moss. Furthermore, Moss sent an inspector to the property on July 16, 2014. The inspector found that the indoor temperature of the house was over 80 degrees and the relative humidity was 68%. Knauf submitted the manufacturers' specifications, stating: "A healthy room climate with room temperature of 64° - 71° F (18° - 22°) and relative humidity of 55% - 65% is as important for your laminate floor as it is for your family." It is undisputed that the Zheltkovs did not adhere to this caution. The Special Master would note that the caution does not state what could happen if it is ignored, but that is a potential shortfall on behalf of the manufacturer, not on behalf of Moss or Knauf.

## Decree

In consideration of the briefs submitted and oral argument heard from the parties, the Special Master finds in favor of Knauf. The costs of this mediation will be split equally between the Zheltkovs and Knauf.

Dated: June 29, 2015

_____
Daniel J. Balhoff, Special Master