UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: CHINESE-MANUFACTURED DRYWALL PRODUCTS LIABILITY LITIGATION | MDL NO. 2047<br>SECTION: L<br>JUDGE FALLON<br>MAG. JUDGE WILKINSON |
| THIS DOCUMENT RELATES TO:<br><br>*Collins vs. Bass Homes, Inc.*, Case No. 13-6652 (S.D. Miss.)<br><br>*Herrington vs. Bass Homes, Inc*., Case No. 13-6653 (S.D. Miss.) | |

**TAISHAN GYPSUM CO., LTD.'S MEMORANDUM IN SUPPORT OF MOTION TO DISMISS ACE HOME CENTER, INC.'S FIRST AMENDED THIRD-PARTY COMPLAINTS**

Taishan Gypsum Co., Ltd. ("Taishan") moves the Court to dismiss Ace Home Center, Inc.'s ("AHC") First Amended Third-Party Complaints (Rec. Docs. 18022, 18023, "Third-Party Complaints") pursuant to Federal Rule of Civil Procedure 12(b)(6). The Court should dismiss AHC's Third-Party Complaints because they fail to state a claim upon which relief can be granted under Rule 14 federal third-party practice and the substantive laws of the State of Mississippi.

The Third-Party Complaints are improper for two reasons: (1) the Third-Party Complaint violates the purpose of Federal Rule of Civil Procedure 14 by attempting to impose duplicative liability on Taishan to the Herrington and Collins Plaintiffs, who are members of the class of plaintiffs currently pursuing their claims against Taishan in this MDL; and (2) Mississippi law does not allow a defendant to implead a third-party defendant in order to seek contribution from an alleged joint tortfeasor or allow defendants liable for active wrongdoing to file Rule 14 impleader claims.

**ARGUMENT AND CITATION OF AUTHORITY**

In their Complaints, Plaintiffs Braxton and Kerrie Collins ("Collins Plaintiffs") and Plaintiffs Jason and Cassie Herrington ("Herrington Plaintiffs") allege that they have incurred damages because their Mississippi homes were constructed with defective Chinese drywall purchased from AHC. The Collins and Herrington Plaintiffs filed their Second Amended Complaints in this MDL on February 2, 2015 ("Collins and Herrington Complaints"), naming Bass Homes, Inc., Ace Hardware Corporation, Pate Stevedore Company, Inc., and AHC as defendants. (Rec. Doc. 18287, 18288).

Notably, the Collins and Herrington Plaintiffs are listed in Plaintiff Steering Committee records as members of the class of plaintiffs seeking remediation damages (and other relief) from Taishan. *See* June 9 Damages Hearing, Plaintiffs' Exhibit 79 ("Class Spreadsheet").[1] The Supplemental Class Notice distributed by the PSC and approved by the Court explicitly states that "any relief [class members] receive through these class proceedings will be [their] *exclusive remedy*." (Rec. Doc. 18086-18 (emphasis added)).

On September 19, 2014, AHC filed its Third-Party Complaints alleging that Taishan, among other third-party defendants, should indemnify or contribute to the payment of any judgment or settlement that AHC ultimately pays in the Collins and Herrington Complaints.[2] AHC brings its Third-Party Complaints under the impleader rules found in Federal Rule of Civil Procedure 14(a), which states:

---

[1] Court records indicate that the Collins and Herrington Plaintiffs are plaintiffs in the *Wiltz* case. *See* Rec. Doc. 17541, Order Granting Class Counsel's Motion to Dismiss Claims, With Prejudice Against Bass Homes, Inc.

[2] AHC failed to properly serve Taishan with its Third-Party Complaints and had its Motion for Default Judgment against Taishan denied by the Court on June 23, 2015. (Rec. Doc. 19209). Taishan has subsequently accepted service of the Third-Party Complaints.

2

> At any time after commencement of the action a defending party, as a third party plaintiff, may cause a summons and complaint to be served upon a person not a party to the action who is or may be liable to the third-party plaintiff for all or part of the plaintiff's claim against the third-party plaintiff.

To survive a Rule 12(b)(6) motion to dismiss, "the plaintiff must plead 'enough facts to state a claim to relief that is plausible on its face.'" *In re Katrina Canal Breaches Litigation,* 495 F.3d 191, 205 (5th Cir. 2007) (quoting *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 127 S.Ct. 1955, 1974 (2007)). "Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id.* at 1965 (internal quotation omitted). As in a standard complaint, to survive a motion to dismiss filed by a third-party defendant, a third-party complaint must state a valid claim upon which relief may be granted. *See* Fed. R. Civ. P. 12; Fed. R. Civ. P. 14. Though federal procedural rules govern in a third-party complaint removed to federal court, impleader under Federal Rule of Civil Procedure 14 is permissible only when state law provides a substantive basis for recovery.[3] *Neal v. 21st Mortg. Corp.,* 601 F. Supp. 2d 828, 830 (S.D. Miss. 2009) ("Because Rule 14 does not create any substantive rights but rather merely governs the procedure for impleading third parties, the court must look to state law to determine whether there is a substantive right to the relief sought.") (internal citations omitted).

---

[3] Under federal third-party practice, a third-party claim must allege some form of derivative or secondary liability of the third-party defendant to the third-party plaintiff. *See Certain Interested Underwriters at Lloyds v. Gulf Nat. Ins. Co.*, 898 F. Supp. 381, 384 (N.D. Miss. 1995) *aff'd sub nom. Certain Interested Underwriters at Lloyds v. Tupelo Pub. Sch. Dist.*, 95 F.3d 48 (5th Cir. 1996) (internal citations omitted). AHC's Third-Party Complaints seek "relief in an amount equal to any judgment entered against Ace Home Center, Inc. and/or in the amount of any settlement entered into with the plaintiffs to resolve the subject litigation, plus attorney's fees and costs," but does not clarify whether this claim is solely for indemnification or contribution. Where, as here, Plaintiffs have not provided clarification on the type of derivative liability they seek, courts have addressed both concepts. *See McClellan v. Poole*, 692 F. Supp. 687, 690 (S.D. Miss. 1988).

3

As is outlined below, AHC's Third-Party Complaints fail to state a valid Rule 14 impleader claim and fail to meet the substantive requirements for impleader claims under Mississippi law. Therefore, the Third-Party Complaints must be dismissed for failure to state a claim on which relief can be granted under Fed. R. Civ. P. 12(b)(6).

**(1) The Third-Party Complaint violates the purpose of FRCP 14 by attempting to impose duplicative liability on Taishan to the Collins and Herrington Plaintiffs, who are members of the class of plaintiffs currently pursuing their claims against Taishan in this MDL.**

As discussed above, the Collins and Herrington Plaintiffs have elected to join the class of plaintiffs who are pursuing claims against Taishan in the Chinese Drywall MDL. By joining this class, the Collins and Herrington Plaintiffs agreed that the class proceeding would be their "exclusive remedy" for relief. By joining the class, the Collins and Herrington Plaintiffs agreed to pursue relief for remediation damages, alternative living expenses, and loss of use and enjoyment against Taishan. (Rec. Doc. 18086-18). A decision on the class plaintiffs' motion for class damages is pending before this Court and the Plaintiffs' Steering Committee has indicated that it intends to pursue further damages claims on behalf of the class in subsequent proceedings.

Despite their pursuit of an "exclusive remedy" against Taishan in the class proceedings, the Collins and Herrington Plaintiffs continue to pursue relief against 150 named and unnamed "Producer Defendants, Distributor Defendants, Builder Defendants and Alter Ego Defendants" in their Second Amended Complaints, filed on February 2, 2015 – months after the time to opt out of the Taishan class proceedings had passed. (Rec. Docs. 18287, 18288). AHC, one of the named defendants in the Plaintiffs' complaints, seeks to implead Taishan into this proceeding despite Taishan's ongoing class proceedings with the Plaintiffs. If not dismissed, AHC's Third-Party Complaints would effectively grant the Collins and Herrington Plaintiffs an impermissible

4

double recovery *and* impose impermissible double liability on Taishan.[4] This scenario both violates Mississippi law and defeats the purpose of federal third-party practice, which seeks to *avoid* duplicitous and circuitous actions and recovery.

This Court has "wide discretion in determining whether to permit such third party procedure to be resorted to." *McDonald v. Union Carbide Corp.*, 734 F.2d 182, 184 (5th Cir. 1984) citing *Southern Railway Co. v. Fox,* 339 F.2d 560, 563 (5th Cir. 1964). In using this wide discretion, courts should endeavor to "effectuate the purpose of Rule 14" which means that any permitted impleader must "avoid circuity of action and eliminate duplication of suits based on closely related matters." Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, *Federal Practice and Procedure: Civil*, 2d § 1443, at 300 (1990) (footnotes omitted). The factors courts apply when deciding whether to allow a third-party complaint include the prejudice placed on other parties, undue delay by the third-party plaintiff, lack of substance to the third-party claim, and avoiding duplicative suits on closely related issues. *NuVasive, Inc. v. Renaissance Surgical Center North*, L.P., 853 F. Supp. 2d 654, 659 (S.D. Tex. 2012). Because it would impose double liability on Taishan *and* grant the Plaintiffs double recovery, the Third-Party Complaints are inherently circuitous and duplicative and are contrary to the purposes of Rule 14 listed above.

The Mississippi Supreme Court has held that, "'[t]here can be but one satisfaction of the amount due the plaintiff for his damages' . . . Thus, double recovery for the same harm is not

---

[4] The Collins and Herrington Plaintiffs have not been passive in AHC's attempt to impermissibly implead Taishan. On June 22, 2015, both sets of Plaintiffs filed Joinders in AHC's Motion for Default Judgment against Taishan, where they expressed their desire to receive "such other, further and general relief as they may be entitled to in the premises" through a potential default judgment. (Rec. Docs. 19175, 19176). The Plaintiffs and AHC's joint effort to impose duplicative liability on Taishan is clear evidence of the impermissibility of the Third-Party Complaints.

permissible." *Medlin v. Hazlehurst Emergency Physicians,* 889 So.2d 496, 500-01 (Miss. 2004) (internal citation omitted). The Plaintiffs' requests for recovery against AHC and the other named and unnamed Defendants pursues the same recovery requested against Taishan in the class proceedings – to be made whole for damages allegedly incurred by defective Chinese drywall in the Plaintiffs' homes. Even if a plaintiff alleges different legal theories for pursuing damages, a plaintiff still may not receive relief for the same underlying harm more than once through those different causes of action. *See City of Jackson v. Estate of Stewart ex rel. Womack*, 908 So. 2d 703, 711-12 (Miss. 2005). For this reason, the Plaintiffs are barred from receiving double recovery under Mississippi law, making dismissal of the Third-Party Complaints against Taishan proper, as the Plaintiffs claims in the class proceeding against Taishan are ongoing.

Additionally, AHC's Third-Party Complaints should be dismissed for attempting to impose duplicative liability on Taishan. In *McDonald*, the Fifth Circuit affirmed a district court's exercise of discretion to prohibit third-party claims by non-settling defendants against defendants who had settled the underlying plaintiffs' claims. As in that case, AHC seeks contribution or indemnification from a defendant who has a separate claim for damages pending against it by the same group of Plaintiffs. Allowing the Third-Party Complaints to proceed would risk permitting the same type of duplicative action that Rule 14 attempts to avoid. Further proceedings in the *Collins* and *Herrington* cases would be focused on whether Taishan, and not AHC, was the actively negligent party and would allow both the Plaintiffs and AHC to re-litigate Taishan's liability, despite the Plaintiffs' pending class claims against Taishan in this same MDL and the Plaintiffs' agreement to make those proceedings their "exclusive remedy" against Taishan.

6

Federal courts have frequently exercised their discretion to dismiss third-party complaints where the purposes of Rule 14 would not be served by joinder of the third-party plaintiff's claim. *See e.g. In re Air Crash at Little Rock, Arkansas, on June 1, 1999*, 109 F. Supp. 2d 1022 (E.D. Ark. 2000) (holding that third-party claim would not promote judicial economy because it would unduly complicate the case with additional causes of action and legal theories beyond those contemplated in the underlying action); *Riccitelli v. Water Pik Technologies, Inc.*, 203 F.R.D. 62 (D.N.H. 2001) (holding in a negligence case that third-party complaint for contribution and indemnity was denied both because the indemnity claims were not colorable under state law and the complexity of the issues raised by the third-party complaint, and the undue delay and prejudice that would arise if defendants were to pursue their contribution claims, supported dismissal).

If the Court determines that dismissal is not proper at this time, the Court also has the discretion to stay AHC's Third-Party Complaints against Taishan until both AHC's liability to the Collins and Herrington Plaintiffs is resolved and the Plaintiffs' claims for damages in the class proceedings are determined. In *Ambraco, Inc. v. Bossclip BV*, 570 F. 3d 233 (5th Cir. 2009), the Fifth Circuit held that it would the "height of judicial inefficiency" to allow for two separate inquiries into the same transaction and permitted the district court to stay the third-party plaintiff's claims until the other proceedings concluded. *Id.* at 243. The Fifth Circuit noted authority holding that the court's discretion to stay a third-party claim "is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants"). *Id. citing Coastal (Bermuda) Ltd. v. E.W. Saybolt & Co.,* 761 F.2d 198, 204 n. 6 (5th Cir. 1985). The Fifth Circuit has also affirmed a stay of a third-party complaint for contribution and indemnity pending the conclusion of an

underlying arbitration. *Pac. Employers Ins. Co. v. M/V Gloria,* 767 F.2d 229, 242-43 (5th Cir. 1985). The outcome of the Collins and Herrington Plaintiffs' class claims against Taishan could make AHC's third-party complaint entirely moot. While AHC's Third-Party Complaints should be dismissed at this time under Rule 12(b)(6), Taishan proposes that, alternatively, the Court could exercise its discretion to stay the Third-Party Complaints indefinitely until both AHC's liability to the Plaintiffs and the Plaintiffs' class claims are resolved.

### (2) The Complaints Merit Dismissal Under Mississippi Law

Under Mississippi law, a defendant has no right to implead a third-party defendant in order to seek contribution from a joint tortfeasor, absent a joint judgment against both tortfeasors. *See Estate of Hunter v. General Motors Corp.*, 729 So.2d 1264 (Miss. 1999) (finding impleader improper as defendant had no substantive right to contribution in light of long-standing rule in Mississippi that contribution among joint tortfeasors is unavailable absent a joint judgment against the tortfeasors); *McClellan*, 692 F.Supp. at 689 (recognizing that in states like Mississippi that require the plaintiff to secure a joint judgment against tortfeasors as a precondition to the accrual of any right of contribution between or among them, " 'an alleged joint tortfeasor who was not sued by the original plaintiff cannot be made a third-party defendant' ") (quoting Wright & Miller § 1451); see also *Travelers Ins. Co. v. Busy Elec. Co.*, 294 F.2d 139, 145-46 (5th Cir. 1961) (holding that if state law prohibits it, Rule 14 cannot be "used to be used by the one tort-feasor sued in order to bring in another not sued but who, had they been jointly pursued, would have had a liability to contribute.").

Under state law, before contribution may be sought, the alleged joint tortfeasors must be sued jointly, a joint judgment must be rendered against them and one of the joint tortfeasors must have paid more than his or her pro rata share of the judgment. *McClellan*, 692 F. Supp. at 688-

89.     Additionally, in Mississippi, joint tortfeasors are jointly and severally liable to the plaintiff who may sue fewer than all and recover full damages from those sued.  See *Estate of Hunter*, 729 So. 2d at 1275-76 (Miss. 1999)

Because of these strict requirements, impleader based upon contribution has been described as "seriously limited" and "largely unavailable to defendants in this State" by the Supreme Court of Mississippi. *Id*.  States like Mississippi that follow this rule have done so to provide the original plaintiffs to an action with the substantive right to choose which parties to sue – rather than allowing that right to be transferred to a named defendant.  1 Bus. & Com. Litig. Fed. Cts. § 9:9 (3d ed.).  The Collins and Herrington plaintiffs have made a distinct choice to sue AHC and the other Defendants in this action and not Taishan.[5]  The State of Mississippi honors this choice by denying third-party plaintiffs, like AHC, the ability to pull unnamed defendants into the plaintiff's suit for contribution. For this reason, AHC must be denied any and all claims for contribution that are now implied in their vague requests for relief in the Third-Party Complaints.

AHC's Third-Party Complaints also fail state a claim upon which relief can be granted for indemnification.[6]  Under Mississippi law, indemnity may be contractual or it may be implied. *McClellan*, 692 F. Supp. at 689.  AHC's Third-Party Complaints only contain reference to implied or equitable indemnity, with no allegation of any contract between the parties.  A claim

---

[5] Although, as noted above, the Collins and Herrington Plaintiffs are simultaneously seeking recovery against Taishan as identified class members.

[6] Though AHC states equitable indemnification as a separate count and includes causes of action for negligence, breach of contract, and breach of warranty theories – these additional claims are pleaded as theories for AHC's right to indemnity and not claims for independent injury to AHC. In fact, AHC's listed causes of action appear to be a simple recitation of Counts I through III of the Collins and Herrington Complaints. (Rec. Doc. 18287, 18288).

9

of equitable indemnity requires that the pleading party show two necessary elements: (1) the damages which the claimant seeks to shift are imposed upon him as a result of some legal obligation to the injured person; and (2) it must appear that the claimant did not actively or affirmatively participate in the wrong. *Id.*, citing *Home Ins. Co. of New York v. Atlas Tank Mfg. Co.*, 230 So.2d 549, 551 (Miss.1970).

The allegations of the Third-Party Complaints fail to state a claim for equitable indemnity. First, because AHC's Third-Party Complaints have been filed before its liability to the Collins and Herrington Plaintiffs has been established, AHC cannot claim that its damages are imposed "as a result of some legal obligation to the injured person." At this stage of the underlying litigation, there is no indication that AHC will have any liability to the Plaintiffs or whether AHC's ultimate liability will be the proper subject of federal third-party practice. Second, the underlying Complaints allege active wrongdoing and affirmative participation by AHC. The Complaint places AHC into a double-bind in regard to its own Third-Party Complaints: if it is not liable to the Plaintiffs, AHC's indemnification/contribution claims are moot, but if it is liable to the Plaintiffs, AHC's third-party claims are barred as it would be liable for active wrongdoing and affirmative participation.

Mississippi law differentiates between the negligence of two tortfeasors, separating passive and active negligence in order to support an action for indemnity. *Id.* Indemnification is not available to a defendant/third-party claimant, if its ultimate liability would be the product of active wrong or active negligence on its part. *See IHP Indus., Inc. v. PermAlert, ESP*, 178 F.R.D. 483, 487-88 (S.D. Miss. 1997) *citing Bush v. City of Laurel*, 215 So.2d 256, 259–60 (Miss. 1968) (limiting right of noncontractual indemnity to "one not actively at fault against an active wrongdoer"); *see also Callon Petroleum Co. v. Big Chief Drilling Co.*, 548 F.2d 1174, 1180 (5th

Cir. 1977). Neither the underlying Complaints nor AHC's Third-Party Complaints make factual allegations showing AHC engaged in only passive negligence. In fact, the underlying Complaints allege AHC engaged in gross negligence, intentional misrepresentation, and allegations of "willful, grossly negligent and wanton" actions warranting punitive damages, among other counts of active wrongdoing. (Rec. Doc. 18287, 18288). For this reason, if AHC is liable to plaintiff, that liability would necessarily rest upon a finding of active negligence and wrongdoing by AHC.

The Fifth Circuit has held that a third-party plaintiff cannot be indemnified where its liability is necessarily "because of [its] active misconduct or [its] failure to act when the circumstances dictated." *Callon Petroleum Co.*, 548 F.2d at 1180. Importantly, the Fifth Circuit made clear that failure to act when under a duty to do so is sufficient to bar a defendant from being indemnified. The allegations of the underlying Complaints necessarily tie AHC's liability to active wrongdoing, even if that wrongdoing is an act of negligence or failure to act according to a legal duty – which is exactly what a finding of liability against AHC would conclude. For this reason, AHC fails to state a claim for indemnification under Rule 14 and its Third-Party Complaints must be dismissed.

## CONCLUSION

For the reasons stated above, Taishan respectfully moves for AHC's Third-Party Complaints to be DISMISSED or, absent a dismissal, for the Court to stay the Third-Party Complaints until the underlying claims against AHC and Taishan by the Plaintiffs are resolved.

Dated: July 14, 2015

Respectfully submitted,

/s Christina Hull Eikhoff
Christina Hull Eikhoff, Esq.
Georgia Bar No. 242539
Bernard Taylor, Esq.
Georgia Bar No. 669625
Michael P. Kenny, Esq.
Georgia Bar No. 415064
ALSTON & BIRD LLP
1201 West Peachtree Street
Atlanta, Georgia  30309
Phone: (404) 881-7000
Fax: (404) 881-7777
christy.eikhoff@alston.com
*Counsel for Taishan Gypsum Co., Ltd.*

Alan Dean Weinberger
Louisiana Bar No. 13331
HANGARTNER, RYDBERG &
TERRELL, LLC
One Shell Square
701 Poydras Street, Suite 310
New Orleans, Louisiana  70179
Phone: (504) 434-6815
Fax: (504) 522-5689
aweinberger@hanrylaw.com
*Local Counsel for Taishan Gypsum Co., Ltd.*

**CERTIFICATE OF SERVICE**

I hereby certify that the above and foregoing has been served on Counsel for Ace Homes Center, Inc., Danny J. Collier, Jr., Plaintiffs' Liaison Counsel, Russ Herman, and Defendants' Liaison Counsel, Kerry Miller, by U.S. mail and e-mail <u>or</u> by hand delivery and e-mail <u>and</u> upon all parties by electronically uploading the same to LexisNexis File & Serve in accordance with Pre-Trial Order No. 6, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2047, on this 14th day of July, 2015.

/s Christina Hull Eikhoff
Christina Hull Eikhoff, Esq.
Georgia Bar No. 242539
ALSTON & BIRD LLP
1201 West Peachtree Street
Atlanta, Georgia 30309
Phone: (404) 881-7000
Fax: (404) 881-7777
christy.eikhoff@alston.com

*Counsel for Taishan Gypsum Co., Ltd.*