IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: CHINESE-MANUFACTURED DRYWALL PRODUCTS LIABILITY LITIGATION | MDL NO. 2047<br>SECTION: L<br>JUDGE FALLON<br>MAG. JUDGE WILKINSON |
| THIS DOCUMENT RELATES TO:<br><br>ALL ACTIONS | |

### SUR-REPLY TO DEFENDANTS' MOTION TO EXCLUDE PLAINTIFFS' TRIAL EXHIBIT 79

Defendants have filed their final brief on Class Remediation Damages. They have repeated the same arguments they made before, during, and after the June 9, 2015 damages hearing—this time in the context of the motion to exclude a hearing exhibit. They continue to argue that Plaintiffs' formulaic damages methodology, recognized as routine in the class action damages case law[1] and by this Court's Taishan Class Certification Order (Rec. Doc. 18028 at p. 11-12, ¶23), is impermissible "fluid" or "omnibus" damages (Rec. Doc. 19279 at p. 2, 6). To make this argument, Defendants ignore the plain fact that Plaintiffs' remediation damages methodology is simply the sum of 2,686 *individual* remediation damage, dollars per square foot

---

[1] *See, e.g., Corley v. Orangefield Indep. Sch. Dist.*, 152 F. App'x 350, 355-54 (5th Cir. 2005) (recognizing that damages which are "capable of computation by means of objective standards" are permissible so long as there exists a "suitable formula for calculation of damages"); *In re U.S. Foodservice Inc. Pricing Litig.*, 729 F.3d 108, 128-9 (2d Cir. 2013) (permitting the use of formulaic damages in RICO and fraud causes of action); *Rai v. Santa Clara Valley Transp. Auth.*, No. 5:12-CV-004344-PSG, 2015 WL 860761, at *15 (N.D. Cal. Feb. 24, 2015) (approving formulaic damages methodology in an employment law case); *see also Cason-Merenda v. VHS of Michigan, Inc.*, 296 F.R.D. 528, 544 (E.D. Mich. 2013) (approving class certification based on damages expert's formula without requiring statistical sampling).

1

calculations—a method recognized by all the construction textbooks and guidelines (Rec. Doc. 19254 at p. 1-2; Rec. Doc. 19197 at ¶111). There is nothing "fluid" or "omnibus" about 2,686 distinct individualized damages calculations; and, yes, they add up to an "aggregate" award, because "aggregate" is defined as the sum of the individual parts[2] and such aggregate damages calculations are the purpose of a Rule 55(b)(2) class damages proceeding.[3] Defendants also continue to ignore the role of claims processing in a class action distribution, and the routine step of "verification" of claims data to assure that all payments are based on objectively verifiable data (Rec. Doc. 19254 at p. 3-4).

Defendants' Reply repeats its arguments about ownership status, product identification, duplicate entries, and prior remediation status. As noted in Plaintiffs' opposition (Rec. Doc. 19254), prior remediation status is irrelevant at this stage of the proceedings. Class members are entitled to be made whole for their remediation damages, regardless of whether they have already remediated. However, Plaintiffs have repeatedly recognized that the set-off phase of this damages proceeding will account for the remediation relief obtained by Plaintiffs in other settlements, and the claims processing phase will require proof of any partial or full remediation payments already made. As to duplicates, Plaintiffs have confirmed the existence of 13 duplicate listings among the 2,686 properties in Ex. 79. As to product identification, Brown Greer is

---

[2] *See* Webster's Dictionary, available at http://www.merriam-webster.com/dictionary/aggregate.

[3] Defendants' citation to *In re Fibreboard Corp.*, 893 F.2d 706 (5th Cir. 1990) is inapposite. *Fiberboard* concerned personal injury – lung disease from asbestos exposure – and the trial judge planned to have a trial using evidence of 41 plaintiffs including 11 class representatives to determine lung disease causation and damages for 2,990 other personal injury victims for whom evidence of causation and damages would not be presented at the trial. The Fifth Circuit deemed these to be impermissible "omnibus damages." Here, personal injury causation and damages are not at issue; rather, there is a Rule 55(b)(2) damages proceeding (for the costs of remediation only, not personal injury) and Plaintiffs have put forth a formulaic damages model that calculates damages for each and every individual remediation; there are no class representative damages determinations being used to determine the damages of absent class members.

presently finalizing its review and full product identification data will be available to inform and assist claims processing.  Regarding ownership status, as noted earlier, Ex. 79 includes entries of condominium ownership associations and charitable organizations that, by way of assignment or condominium ownership documents, own the remediation claim even if they are not the current property owners; thus, they are correctly listed on Ex. 79.  For short sale or foreclosure plaintiffs, their damages claims will be adjudicated in a later portion of the damages proceedings.

The bottom line is that there are two issues presently before the Court to be addressed in the Court's upcoming FOFCOL: the reliability of Plaintiffs' formulaic damages model, and the estimate of Plaintiffs' aggregate remediation damages.  The final judgment regarding remediation damages should not be entered until the set-off phase is completed.  The purpose of the Rule 55(b) evidentiary hearing on June 9 has been consistently misconstrued by defendants.  The hearing was the first, not final, step in a multi-phase process to determine the total damages owed by these defendants in default to plaintiff class members. It was intended to result in a present calculation, not an award, of class-wide remediation damages.  The final judgment which awards this element of class-wide damages should, and must, await any set-off and verification adjustments contemplated under the remaining phases of the PSC Trial Plan.  For all the reasons stated above and in the prior memorandum and proposed FOFCOL, Defendants' Motion to Exclude Ex. 79 should be denied.

|  |  |
|---|---|
| Dated: July 13, 2015 | Respectfully submitted,<br><br>/s/ Russ M. Herman<br>Russ M. Herman (LA Bar No. 6819)(on the brief)<br>Leonard A. Davis (LA Bar No. 14190)(on the brief)<br>Stephen J. Herman (LA Bar No. 23129)(on the brief)<br>HERMAN, HERMAN & KATZ, LLC<br>820 O'Keefe Avenue<br>New Orleans, Louisiana 70113<br>Phone: (504) 581-4892<br>Fax: (504) 561-6024<br>Ldavis@hhklawfirm.com<br>*Plaintiffs' Liaison Counsel*<br>*MDL 2047*<br><br>Arnold Levin (on the brief)<br>Fred S. Longer (on the brief)<br>Sandra L. Duggan (on the brief)<br>Matthew C. Gaughan (on the brief)<br>Levin, Fishbein, Sedran & Berman<br>510 Walnut Street, Suite 500<br>Philadelphia, PA 19106<br>215-592-1500 (phone)<br>215-592-4663 (fax)<br>Alevin@lfsblaw.com<br>*Plaintiffs' Lead Counsel*<br>*MDL 2047* |

**PLAINTIFFS' STEERING COMMITTEE**

Dawn M. Barrios
Barrios, Kingsdorf & Casteix, LLP
701 Poydras Street, Suite 3650
New Orleans, LA 70139
Phone: (504) 524-3300
Fax: (504) 524-3313
Barrios@bkc-law.com

Daniel E. Becnel, Jr.
Becnel Law Firm, LLC
425 W. Airline Highway, Suite B
Laplace, LA 70068
Phone: (985) 536-1186
Fax: (985) 536-6445
dbecnel@becnellaw.com

Peter Prieto
Podhurst Orseck, P.A.
25 Flagler Street, 8th Floor
Miami, FL 33130
Phone: (305) 358-2800
Fax: (305) 358-2382
pprieto@podhurst.com

Bruce William Steckler
Steckler, LLP
12720 Hillcrest Road, Ste 1045
Dallas, TX 75230
Phone: (972) 387-4040
Fax: (972) 387-4041
bruce@stecklerlaw.com

Ervin A. Gonzalez
Colson, Hicks, Eidson
255 Alhambra Circle, Penthouse
Cora Gables, FL 33134
Phone: (305) 476-7400
Fax: (305) 476-7444
ervin@colson.com

Ben W. Gordon, Jr.
Levin, Papantonio, Thomas, Mitchell
 Echsner & Proctor, P.A.
316 S. Baylen Street, Suite 600
Pensacola, FL 32502
Phone: (850) 435-7000
Fax: (850) 435-7020
bgordon@levinlaw.com

Hugh P. Lambert
The Lambert Firm
701 Magazine Street
New Orleans, LA 70130
Phone: (504) 581-1750
Fax: (504) 529-2931
hlambert@thelambertfirm.com

Gerald E. Meunier (on the brief)
Gainsburgh, Benjamin, David, Meunier
 & Warshauer, LLC
2800 Energy Centre, 1100 Poydras Street
New Orleans, LA 70163-2800
Phone: (504) 522-2304
Fax: (504) 528-9973
gmeunier@gainsben.com

Jerrold Seth Parker
Parker Waichman, LLP
3301 Bonita Beach Road
Bonita Springs, FL 34134
Phone: (239) 390-1000
Fax: (239) 390-0055
Jerry@yourlawyer.com

Scott Wm. Weinstein
Morgan & Morgan
12800 University Drive, Suite 600
Ft. Meyers, FL 33907
Phone: (239) 433-6880
Fax: (239) 433-6836
sweinstein@forthepeople.com

James Robert Reeves
Reeves & Mestayer, PLLC
160 Main Street
Biloxi, MS 39530
Phone: (228) 374-5151
Fax: (228) 374-6630
jrr@attorneys4people.com

Christopher Seeger (on the brief)
Seeger Weiss, LLP
77 Water Street
New York, NY 10005
Phone: (212) 584-0700
Fax: (212) 584-0799
cseeger@seegerweiss.com

Victor M. Diaz, Jr.
V.M. Diaz and Partners, LLC
119 Washington Ave, Suite 402
Miami Beach, FL 33139
Phone: (305) 704-3200
Fax: (305) 538-4928
victor@diazpartners.com

Daniel K. Bryson
Whitfield, Bryson & Mason, LLP
900 W. Morgan Street
Raleigh, NC 27603
Phone: (919) 600-5000
Fax: (919) 600-5002
dan@wbmllp.com

Richard J. Serpe
Law Offices of Richard J. Serpe
Crown Center, Ste. 310
580 East Main Street
Norfolk, VA 23510-2322
Phone: (757) 233-0009
Fax: (757) 233-0455
rserpe@serpefirm.com

## OF COUNSEL TO PLAINTIFFS' STEERING COMMITTEE

Richard S. Lewis (on the brief)
Kristen Ward Broz (on the brief)
HAUSFELD LLP
1700 K Street, N.W
Suite 650
Washington, DC 20006
Phone: (202) 540-7200
Fax:  (202) 540-7201
rlewis@hausfeldllp.com

Andrew A. Lemmon
Lemmon Law Firm, LLC
P.O. Box 904
15058 River Road
Hahnville, LA 70057
Phone: (985) 783-6789
Fax: (985) 783-1333
andrew@lemmonlawfirm.com

Anthony D. Irpino
IRPINO LAW FIRM
2216 Magazine Street
New Orleans, LA 70130
Phone: (504) 525-1500
Fax: (504) 525-1501
airpino@irpinolaw.com

**CERTIFICATE OF SERVICE**

I hereby certify that the above and foregoing has been served on Defendants' Liaison Counsel, Kerry Miller, by e-mail and upon all parties by electronically uploading the same to LexisNexis File & Serve in accordance with Pre-Trial Order No. 6, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2047 on this 13th day of July, 2015.

/s/ Leonard A. Davis
Leonard A. Davis
HERMAN, HERMAN & KATZ, LLC
820 O'Keefe Avenue
New Orleans, Louisiana 70113
Phone: (504) 581-4892
Fax: (504) 561-6024
Ldavis@hhklawfirm.com
Plaintiffs' Liaison Counsel
MDL 2047

*Co-counsel for Plaintiffs*