UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

|  |  |  |
|---|---|---|
| IN RE: CHINESE MANUFACTURED DRYWALL PRODUCTS LIABILITY LITIGATION | : : : : : : | MDL NO. 2047<br><br>SECTION:  L<br><br>JUDGE FALLON<br>MAG. WILKINSON |
| .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. ..<br>THIS DOCUMENT RELATES TO ALL CASES | : |  |

## ORDER & REASONS

Before the Court is Non-Party JP Morgan Chase & Co.'s Cross-Motion to Quash the May 18, 2015 Subpoena issued by the Plaintiffs' Steering Committee (the "PSC") (Rec. Doc. 19028). The PSC and JP Morgan submitted briefing and presented oral argument in support of their respective positions.  The Court has now considered the arguments, along with the applicable law and relevant facts, and is ready to rule consistent with its comments from the bench.

**I.    BACKGROUND**

On March 17, 2015, the Court authorized expedited discovery regarding (i) the injunction prong of the Court's July 17, 2014 Order holding Taishan in contempt of court, criminally and civilly, and (ii) whether there exist alter ego relationships between and among these entities. (Rec. Doc. 18493).  Pursuant to that order, the PSC issued notice of its expedited deposition and subpoena directed at JP Morgan seeking discovery pertaining to alter ego and the contempt order. (Rec. Doc. 18766).  During a telephone status conference on May 7, 2015, the Court instructed the parties to meet and confer to narrow the scope of discovery. (Rec. Doc. 18925). The Parties did meet and confer after which the PSC issued its May 18, 2015 Notice of 30(b)(6)

-1-

Deposition and Subpoena seeking "all financial transactions by and among any Defendant and/or Defendants' affiliates or Subsidiaries with the bank and/or the bank's subsidiaries or affiliates in the United States or China." (Rec. Doc. 18951).  Subsequently, on May 28, 2015, the PSC filed an Emergency Motion to Compel JP Morgan and Morgan Stanley to Comply with its Discovery Requests (Rec. Doc. 19004).  Thereafter, JP Morgan filed the instant motion to quash the May 18, 2015 Subpoena.

## II.     BRIEFING & ORAL ARGUMENTS

Counsel for JP Morgan put forth two main arguments.  First, JP Morgan argued that the fact that its subsidiaries held positions in CNBM's publicly-traded stock could not serve as a justification for the discovery sought by the PSC.  Second, JP Morgan argued that the documents and information sought by the PSC in its third-party discovery should be obtained from the Defendants, who have appeared in the proceeding, and not from a third-party.

The Court does not find either of these arguments persuasive.  The crux of the issue before the Court is whether the PSC is entitled to information and testimony from an independent witness regarding whether the Defendants and their affiliates did business in the United States during the period of the contempt order.  For the following reasons, the Court finds that the PSC is entitled to such discovery.  First, JPMorgan, as a public investor with a sizeable share in CNBM, may very well have valuable documentation and/or be able to provide testimony related to the requested information.  While the Court is cognizant of the fact that such information may not exist, the PSC is nonetheless entitled to seek documents and testimony related to any business that Defendants (Taishan, TTP, CNBM, CNBM Group, BNBM, and BNMB Group) and their affiliates may have conducted in the United States during the contempt

period (July 17, 2014 - March 25, 2015).  Moreover, as an independent third-party who is not liable to the PSC, JP Morgan is in a much better position than the Defendants to provide any information that does exist as it relates to whether the Defendants (and not JP Morgan) violated this Court's contempt order.

### IV. CONCLUSION

For the foregoing reasons, IT IS ORDERED that JP Morgan's Motion to Quash is DENIED.  IT IS FURTHER ORDERED that the PSC is entitled to documents regarding JP Morgan's and/or its subsidiaries' relationships and financial transactions with the Defendants and their subsidiaries and affiliates.  IT IS FURTHER ORDERED that JP Morgan and/or its subsidiaries need only produce to the PSC that which is (i) within their possession, custody, or control and (ii) relates to the contempt period, which spans from July 17, 2014 through March 25, 2015.  Finally, IT IS FURTHER ORDERED that JP Morgan produce a 30(b)(6) witness who can testify to the aforementioned matters.

New Orleans, Louisiana this 15th day of July 2015.

*[Signature: Eldon E. Fallon]*
U.S. District Judge