UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: CHINESE MANUFACTURED DRYWALL<br>PRODUCTS LIABILITY LITIGATION | MDL NO. 2047<br><br>SECTION L<br><br>JUDGE FALLON<br>MAGISTRATE JUDGE WILKINSON |

**THIS DOCUMENT RELATES TO:** ALL CASES

### ORDER AND REASONS

Before the Court is a Motion to Extinguish Any Further Settlement Obligations of the Knauf Defendants, Plaintiffs' Steering Committee, Lead Contractor, Settlement Administrator, Special Master, and Ombudsman to Claimant Ollie Anum (Rec. Doc. 19150). Having considered the Motion, the claimant's letter of objection to the Motion, the evidence, and the pertinent provisions of the settlement agreement, the Court now issues this Order and Reasons.

Ollie Anum ("Claimant") is a homeowner plaintiff in the MDL litigation whose property was remediated by the Lead Contractor, Moss Construction, beginning on or about April 23, 2014. Claimant's property was subsequently issued an environmental certificate by GFA International, certifying that the property was free of Chinese drywall, drywall dust, residue, etc. (Rec. Doc. 19150-2). The remediation of the property was completed and, on July 2, 2014, the City of Miramar conducted a final inspection and found it satisfactory. (Rec. Doc. 19150-3).

Before the Lead Contractor was given access to the property, it had previously been vandalized by some unknown individual(s). (Rec. Doc. 19150-4). Following remediation and final inspection, the Claimant made the following complaints: (1) a lamp was in the wrong place in dining room, (2) the front door needs to be replaced (3) the kitchen cabinets need to be

replaced, (4) the carpet needs to be upgraded, and (5) the vanity lights in the bathroom are missing. (Rec. Doc. 19150-6). Numbers 1 and 5 were fixed by the Lead Contractor. Since the front door (number 2) and the kitchen cabinets (number 3) were damaged during the break-in, their replacement is not included in the protocol. The carpets (number 4) were replaced like-for-like. (Rec. Doc. 19150-7).

Claimant continues to object to the performance, nature, and scope of the remediation. However, the facts indicate that Claimant has been made whole to the fullest extent possible under the Knauf Settlement Agreement. Despite Claimant's apparent reluctance or unwillingness to cooperate, including her previous refusal to provide her home address or phone number and her refusal to open email attachments, the Knauf Defendants, the PSC, the Lead Contractor, the Settlement Administrator, the Special Master, and the Ombudsman worked diligently to address Claimant's concerns.

Claimant's property was remediated, inspected and approved as being free of drywall, dust, and residue. It is in substantially better condition than it was prior to the commencement of the remediation (e.g., the appliances were replaced even though they were missing due to the break-in before remediation began). The Lead Contractor has already provided benefits to the Claimant beyond those required by the Settlement Agreement. Claimant has no outstanding claims filed with the Settlement Administrator or under review by the Special Master.

For the foregoing reasons, **IT IS ORDERED** that the Motion is **GRANTED** and, to the extent any further settlement obligations to the Claimant exist, they are hereby extinguished.

New Orleans, Louisiana, this 16th day of July, 2015.

_____
UNITED STATES DISTRICT JUDGE

cc:
Ollie Anum
17526 SW 48th Street
Miramar, FL 33029