UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: CHINESE MANUFACTURED DRYWALL PRODUCTS LIABILITY LITIGATION<br><br>**THIS DOCUMENT RELATES TO:**<br>*Germano, et al. v. Taishan Gypsum Co., Ltd., f/k/a Shandong Taihe Dongxin Co. Ltd., et al., Case No. 2:09-cv-6687 (E.D. La.)* | MDL No. 2:09-md-2047<br><br>SECTION L<br><br>JUDGE ELDON E. FALLON<br><br>MAGISTRATE JUDGE<br>JOSEPH C. WILKINSON, JR. |

**RESPONSE TO TEXAS LITIGANTS' JOINT REQUEST FOR DIRECTION REGARDING COURT'S JULY 17, 2014 ORDER**

MDL Defendants China National Building Materials Group Corporation, China National Building Materials Company, Ltd., China National Building Materials & Equipment Import & Export Corporation, CNBM (USA) Corporation, CNBM Forest Products (Canada) Ltd., China National Building Materials Investment Trading, and United Suntech, Inc. (collectively, the "CNBM Entities"), respectfully submit this response to the Texas Litigant's Joint Request for Direction Regarding this Court's July 17, 2014 Order. [Rec. Doc. 19311].

**BACKGROUND**

On July 16, 2015, the parties to unrelated litigation in the United States District Court for the Western District of Texas filed a Joint Request for Direction, asking this Court to clarify the meaning and scope of its July 17, 2014 order in *Germano, et al. v. Taishan Gypsum Co., Ltd., f/k/a Shandong Taihe Dongxin Co. Ltd., et al.,* Case No. 2:09-cv-6687 (E.D. La.). [Rec. Doc. 19311, hereinafter the "Joint Request"]. The July 17 order, as this Court is aware, enjoined *Germano* defendant Taishan Gypsum Co., Ltd. as well as "any of its affiliates or subsidiaries" from "conducting business in the United States" until Taishan agreed to participate in the

litigation pending before the Court.  [Rec. Doc. 17869, hereinafter the "Injunction".]  Taishan returned to the *Germano* litigation in February, 2015, and thus the Injunction expired by its own terms at that time.  The Texas Litigants' Joint Request comes at the direction of Judge Sparks in the Texas litigation who – like the parties to this litigation – lacks clarity regarding what entities are "affiliates or subsidiaries" within the meaning of the Injunction.

To aid the Court in responding to the Texas Litigants' inquiry, the CNBM Entities respectfully submit that the Injunction has no bearing on the Texas litigation for several reasons.  *First*, the Injunction does not apply to the Texas plaintiff, China National Building Material Investment Co., Ltd. ("CNBM Investment") who is neither a party to the drywall MDL nor an "affiliate" as provisionally defined by this Court.  *Second*, the Injunction expired by its own terms and therefore any impact it might have had on the Texas litigation is now moot.  And *third*, even if the Injunction did apply to CNBM Investment and required ongoing compliance, prosecuting litigation is not "doing business" in the United States within any fair or legally recognized meaning of the term.

I.  **CNBM INVESTMENT IS NOT AN ENJOINED "AFFILIATE" OF TAISHAN**

As noted in the Joint Request, CNBM Investment is a subsidiary of China National Building Materials Company, Ltd. and is not a party to any of the MDL cases related to Chinese-manufactured drywall.  [Rec. Doc. 19311, ¶4.]  Nor is CNBM Investment identified as an "affiliate" of Taishan in the PSC's proposed Findings of Fact and Conclusions of Law in the *Germano* proceeding, provisionally adopted by this Court as "deemed admissions" of Taishan.  [*See* Rec. Doc. 17883-1 at 2 n.2.]  There is therefore no reason that CNBM Investment would have actual or constructive notice of the Injunction, or any reason to believe that the injunction imposed any limitations on its business in the United States.

Further, as the CNBM Entities recently pointed out in their Motion to Clarify or Vacate the Injunction [Rec. Doc. 19271-1 at 5-8], the constraints of Federal Rule of Civil Procedure 65 preclude enjoining non-parties to litigation except in the narrow circumstance where a non-party is acting on behalf of the enjoined party or is aiding a violation of the injunction.  There is no basis on which to conclude that CNBM Investment – which is not even a named defendant in the MDL – has any meaningful relationship with Taishan, much less one that brings it within the scope of Rule 65.[1]  Accordingly, CNBM Investment cannot be an enjoined party under the Court's order in *Germano*.

## II.     THE INJUNCTION IS EXPIRED BY ITS OWN TERMS

Even if the Injunction did apply to CNBM Investment, it has no bearing on ongoing litigation in Texas because the Injunction is expired.  The Injunction ordered that "Taishan, and any of its affiliates or subsidiaries, is hereby ENJOINED from conducting any business in the United States ***until or unless it participates in this judicial process***." [Rec. Doc. 17869.]  By the express terms of the order, the Injunction expired when Taishan returned to "participate[] in this judicial process."  It is undisputed that Taishan returned to the *Germano* litigation on February 17, 2015 by entering appearances of successor counsel [Rec. Doc. 18352] and cooperating in discovery.  The Injunction therefore imposes no current, ongoing restriction on any party, including CNBM Investment.

## III.    LITIGATION IS NOT "DOING BUSINESS" IN VIOLATION OF THE INJUNCTION

First and foremost, the Injunction cannot mean that CNBM Investment is categorically enjoined from prosecuting litigation in the United States.  As the Fifth Circuit has recognized, "the right of access to the courts is an aspect of the First Amendment right to petition the

---

[1] As noted in the CNBM Entities Motion to Clarify or Vacate, any enjoined party also must be within the Court's personal and subject matter jurisdiction. [Rec. Doc. 19271-1 at 8, n.10].  If this Court clarifies its Injunction to apply to CNBM Investment, it would need to separately establish its jurisdiction over that entity.

3

Government for redress of grievances." *Driggers v. Cruz*, 740 F.3d 333, 336-37 (5th Cir. 2014) (quoting *Bill Johnson's Rests., Inc. v. N.L.R.B.,* 461 U.S. 731, 741 (1983)).  In support of this principle, the United States Supreme Court has held that a court may not prevent a party from pursuing litigation except where it is clear that the litigation is "baseless" or "sham litigation."  *Bill Johnson's Rests., Inc. v. N.L.R.B.,* 461 U.S. 731, 741 (1983) (vacating NLRB order requiring withdrawal of state court complaint).  There is no indication that the Injunction was meant to prohibit such basic, protected activity, and it should not be interpreted to do so.

Nor is there any reason that CNBM Investment would believe itself to be "doing business" in violation of the Injunction by prosecuting its rights in a civil court proceeding in Texas.  Louisiana law states that "a foreign corporation . . . shall *not* be considered to be transacting business in this state . . . by reason of . . . (A) Maintaining or defending any action or suit . . . or affecting the settlement thereof or the settlement of claims and disputes."  La. Rev. Stat. § 12:302 (emphasis added).  Texas law contains a similar definition of "conducting business" that excludes participation in litigation.  *See* Tex. Bus. Orgs. Code § 9.251.  Under either relevant body of law, CNBM Investment would reasonably conclude that resolving its litigation was not "doing business" and therefore not a violation of the Injunction.

For the reasons set forth herein, the CNBM Entities submit that the Injunction has no bearing on CNBM Investment or the Texas litigation.  Although the Texas litigants have asked this Court to take their Joint Request under consideration in conjunction with the August 7 hearing on the CNBM Entities' Motion to Clarify or Vacate, there is no reason to unduly delay the proceedings of another federal district court between non-parties to this litigation.

4

Respectfully submitted,

/s/ L. Christopher Vejnoska

Dated**:** July 20, 2015

| | |
|---|---|
| L. Christopher Vejnoska (CA Bar No. 96082) | Ewell E. Eagan, Jr. (LA Bar No. 5239) |
| Ian Johnson (CA Bar No. 208713) | Donna Phillips Currault (LA Bar No. 19533) |
| Andrew Davidson (CA Bar No. 266506) | Nina Wessel English (LA Bar No. 29176) |
| Jason Wu (CA Bar No. 279118) | Alex B. Rothenberg (LA Bar No. 34740) |
| Ian Fein (CA Bar No. 281394 | GORDON ARATA MCCOLLAM DUPLANTIS |
| Jason Cabot (CA Bar No. 288877) | & EAGAN LLC |
| ORRICK, HERRINGTON & SUTCLIFFE LLP | 201 St. Charles Avenue, 40th Floor |
| The Orrick Building | New Orleans, LA 70170-4000 |
| San Francisco, CA  94105 | Tel:  (504) 582-1111 |
| Tel.:  415-773-5700 | E-mail:     eeagan@gordonarata.com |
| E-mail:    cvejnoska@orrick.com |                  dcurrault@gordonarata.com |
|                 ijohnson@orrick.com |                  nenglish@gordonarata.com |
|                 adavidson@orrick.com |                  arothenberg@gordonarata.com |
|                 jmwu@orrick.com | |
|                 ifein@orrick.com | |
|                 jcabot@orrick.com | |
| | |
| James L. Stengel (NY Bar No. 1800556) | Jonathan Riddell (LA Bar No. 27053) |
| Xiang Wang (NY Bar No. 4311114) | ORRICK, HERRINGTON & SUTCLIFFE, LLP |
| Kelly Daley (NY Bar No. 4970117) | 400 Capitol Mall, Suite 3000 |
| ORRICK, HERRINGTON & SUTCLIFFE LLP | Sacramento, CA 95814 |
| 51 West 52nd Street | Tel:  916-447-9200 |
| New York, NY, 10019 | Email:     jriddell@orrick.com |
| Tel:  212-506-5000 | |
| Email:     jstengel@orrick.com | |
|                 xiangwang@orrick.com | |
|                 kdaley@orrick.com | |

Eric A. Shumsky (D.C. Bar No. 477926)
ORRICK, HERRINGTON & SUTCLIFFE LLP
Columbia Center
1152 15th Street NW
Washington, D.C. 20005
Tel:  202-339-8400
Email:     eshumsky@orrick.com

*Attorneys for CNBM Entities*

5

## CERTIFICATE OF SERVICE

      I hereby certify that the above and foregoing RESPONSE TO TEXAS LITIGANTS' JOINT REQUEST FOR DIRECTION REGARDING COURT'S JULY 17, 2014 ORDER has been served on Plaintiffs' Liaison Counsel, Russ Herman, and Defendants' Liaison Counsel, Kerry Miller, by U.S. mail and e-mail and upon all parties by electronically uploading the same to File & Serve in accordance with Pre-Trial Order No. 6, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2047 on this 20th day of July, 2015.

      /s/ L. Christopher Vejnoska

      L. Christopher Vejnoska (CA Bar No. 96082)