UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE:  CHINESE MANUFACTURED DRYWALL PRODUCTS LIABILITY LITIGATION<br><br>**THIS DOCUMENT RELATES TO:**<br>*Germano, et al. v. Taishan Gypsum Co., Ltd., f/k/a Shandong Taihe Dongxin Co. Ltd., et al., Case No. 2:09-cv-6687 (E.D. La.)* | MDL No. 2:09-md-2047<br><br>SECTION L<br><br>JUDGE ELDON E. FALLON<br><br>MAGISTRATE JUDGE JOSEPH C. WILKINSON, JR. |

**REPLY TO PSC'S RESPONSE TO TEXAS LITIGANTS' JOINT REQUEST FOR DIRECTION REGARDING COURT'S JULY 17, 2014 ORDER**

MDL Defendants China National Building Materials Group Corporation, China National Building Materials Company, Ltd., China National Building Materials & Equipment Import & Export Corporation, CNBM (USA) Corporation, CNBM Forest Products (Canada) Ltd., China National Building Materials Investment Trading, and United Suntech, Inc. (collectively, the "CNBM Entities"), respectfully submit this reply to PSC's Response to the Texas Litigant's Joint Request for Direction Regarding this Court's July 17, 2014 Order.  Rec. Doc. 19328.

Another United States District Court judge has sought guidance about the meaning of the injunction entered by this Court.  Yet the PSC urges this Court to defer resolution – and thereby stall unrelated litigation between non-parties – until the completion of jurisdictional discovery and associated briefing in over four months.  Even leaving aside issues of comity, this request makes no sense.  If the Injunction is so vague that over four months of discovery are necessary to determine its meaning, then it fails under Federal Rule of Civil Procedure 65 to "state its terms specifically" and "describe in reasonable detail . . . the act or acts restrained."  FED. R. CIV. P. 65. The Injunction is likewise infirm if it requires discovery to determine what entities are enjoined. *See Sheila's Shine Prods., Inc. v. Sheila Shine, Inc.*, 486 F.2d 114, 129 (5th Cir. 1973) (" [A]n

injunction must be worded in such specific terms and with such detail as to *put the party enjoined on notice* of precisely what he is called upon to do or refrain from doing." (emphasis added)). Yet the PSC expressly says it is engaged in – indeed, needs to conduct – extensive discovery to determine the answers to both these questions. Rec. Doc. 19328 at 2.

Furthermore, the PSC is simply wrong that assessing the meaning of the injunction is a fact-bound inquiry. As the CNBM Entities explained in their Response (Rec. Doc. 19318), the Texas Litigants' inquiry is properly resolved on purely legal grounds. By the plain language of the Injunction, the enjoined parties are only restrained "until or unless [Taishan] participates in this judicial process." Rec. Doc. 17869. It is undisputed that Taishan did just that: it returned to the *Germano* litigation on February 17, 2015 by entering appearances of successor counsel (Rec. Doc. 18352) and cooperating in discovery. This Court can therefore direct, without any discovery, that the Injunction imposes no current, ongoing restriction on any party, including CNBM Investment.

Likewise, it requires no factual development for the Court to make clear that the condition against "doing business" in the United States could not and did not forbid participating in unrelated, ongoing litigation in Texas federal court. Such an interpretation would run afoul of the First Amendment and be inconsistent with state laws defining "transacting business in th[e] state." Rec. Doc. 19318 at 4.

The PSC also asserts that Judge Sparks has already made a "determination the CNBM's lawsuit constituted the conduct of business." Rec. Doc. 19328 at 3. This could not be further from the truth. As is clear from the Abatement Order that the PSC itself filed with this Court, Judge Sparks temporarily stayed the case pending resolution of "the effect the Order has, *if any*, on the pendency of this action." Rec. Doc. 19166-1.

2

For these reasons and those set forth in CNBM's Response, discovery is unnecessary to determine that the Injunction has no bearing on CNBM Investment or the Texas litigation. Should there be any questions about this issue, however, they should be addressed at the August 7 hearing, as requested by the Texas litigants.

Respectfully submitted,

/s/ L. Christopher Vejnoska

Dated: July 24, 2015

| | |
|---|---|
| L. Christopher Vejnoska (CA Bar No. 96082) | Ewell E. Eagan, Jr. (LA Bar No. 5239) |
| Ian Johnson (CA Bar No. 208713) | Donna Phillips Currault (LA Bar No. 19533) |
| Andrew Davidson (CA Bar No. 266506) | Nina Wessel English (LA Bar No. 29176) |
| Jason Wu (CA Bar No. 279118) | Alex B. Rothenberg (LA Bar No. 34740) |
| Ian Fein (CA Bar No. 281394) | GORDON ARATA MCCOLLAM DUPLANTIS |
| Jason Cabot (CA Bar No. 288877) | & EAGAN LLC |
| ORRICK, HERRINGTON & SUTCLIFFE LLP | 201 St. Charles Avenue, 40th Floor |
| The Orrick Building | New Orleans, LA 70170-4000 |
| San Francisco, CA 94105 | Tel: (504) 582-1111 |
| Tel.: 415-773-5700 | E-mail: eeagan@gordonarata.com |
| E-mail: cvejnoska@orrick.com | dcurrault@gordonarata.com |
| ijohnson@orrick.com | nenglish@gordonarata.com |
| adavidson@orrick.com | arothenberg@gordonarata.com |
| jmwu@orrick.com | |
| ifein@orrick.com | |
| jcabot@orrick.com | |
| James L. Stengel (NY Bar No. 1800556) | Jonathan Riddell (LA Bar No. 27053) |
| Xiang Wang (NY Bar No. 4311114) | ORRICK, HERRINGTON & SUTCLIFFE, LLP |
| Kelly Daley (NY Bar No. 4970117) | 400 Capitol Mall, Suite 3000 |
| ORRICK, HERRINGTON & SUTCLIFFE LLP | Sacramento, CA 95814 |
| 51 West 52nd Street | Tel: 916-447-9200 |
| New York, NY, 10019 | Email: jriddell@orrick.com |
| Tel: 212-506-5000 | |
| Email: jstengel@orrick.com | |
| xiangwang@orrick.com | |
| kdaley@orrick.com | |

Eric A. Shumsky (D.C. Bar No. 477926)
ORRICK, HERRINGTON & SUTCLIFFE LLP
Columbia Center
1152 15th Street NW
Washington, D.C. 20005
Tel:  202-339-8400
Email:   eshumsky@orrick.com

*Attorneys for CNBM Entities*