**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | | |
|---|---|---|
| IN RE: CHINESE-MANUFACTURED | : | |
| DRYWALL PRODUCTS LIABILITY | : | MDL NO.: 2047 |
| LITIGATION | : | |
| | : | SECTION: L |
| **This Document Relates To:** | : | JUDGE FALLON |
| | : | MAG. JUDGE |
| | : | WILKINSON |
| **Braxton H. Collins, et al. vs. Bass Homes, Inc.,** | : | |
| **et al.; S.D. Mississippi, C.A. No. 1:13-00297** | : | **Case No.: 13-6652** |

_____

**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | | |
|---|---|---|
| IN RE: CHINESE-MANUFACTURED | : | |
| DRYWALL PRODUCTS LIABILITY | : | MDL NO.: 2047 |
| LITIGATION | : | |
| | : | SECTION: L |
| **This Document Relates To:** | : | JUDGE FALLON |
| | : | MAG. JUDGE |
| | : | WILKINSON |
| **Jason S. Herrington, et al. vs. Bass Homes, Inc.,** | : | |
| **et al.; S.D. Mississippi, C.A. No. 1:13-00297** | : | **Case No.: 13-6653** |

_____

**THIRD PARTY PLAINTIFF ACE HOME CENTER, INC.'S RESPONSE IN
OPPOSITION TO TAISHAN GYPSUM CO., LTD.'S MOTION TO DISMISS ACE
HOME CENTER, INC.'S FIRST AMENDED THIRD-PARTY COMPLAINTS**

COMES NOW, Ace Home Center, Inc. ("AHC"), a defendant and third-party plaintiff in

the above-styled actions, by and through undersigned counsel, and responds to Third Party

Defendant Taishan Gypsum Co., Ltd.'s Motion to Dismiss First Amended Third-Party

Complaints as follows:

## Introduction

Taishan contends that AHC's third party claims against Taishan should be dismissed because (1) the Third Party Complaints attempt to impose duplicative liability on Taishan and (2) the indemnity sought in the Third Party Complaints is unavailable under Mississippi law.

To begin, both of Taishan's arguments address AHC's claims of indemnity asserted against Taishan as well as purported contribution claims. AHC does not assert contribution claims in the Third Party Complaints. Taishan's Response relies heavily on the case of *McClellan v. Poole*, which articulated the distinction between contribution and indemnity as follows:

> Though [contribution and indemnity] are related, there is an important substantive difference between the two. The purpose and effect of contribution is the distribution of loss among joint tortfeasors or those who otherwise have a common liability by requiring each to pay a proportionate share to one who has discharged their "joint" liability. W. Prosser & W. Keeton, The Law of Torts § 51 (5th Ed. 1984). Indemnity, on the other hand, is the right of a person who has been made to pay what another should have paid to obtain complete reimbursement. *See id.*; *see also St. Louis-San Francisco Ry. Co. v. United States*, 187 F.2d 925, 927 (5th Cir. 1951) (right of indemnity as opposed to contribution arises in favor of one not actively at fault against an active wrongdoer); 18 Am. Jur. 2d Contribution § 2 (1985). Thus, the principle of contribution allows apportionment of liability between or among joint tortfeasors whereas indemnity allows one who has discharged a common liability to be made whole. *McClellan v. Poole*, 692 F. Supp. 687, 688 (S.D. Miss. 1988).

692 F. Supp. 687, 688 (S.D. Miss. 1988).

Taishan states in a footnote that AHC's Third Party Complaints do not clarify whether AHC's claims are "solely for indemnification or contribution." (Taishan Mot. to Dismiss, FN3). However, the Third Party Complaints do not once mention the word "contribution" nor do the Third Party Complaints allege "proportionate" sharing of joint liability. Indeed AHC's Third Party Complaints include claims for indemnity and very clearly request judgment against the Third Party Defendants for "***any*** liability [AHC] may incur to any plaintiffs herein, for attorney's

fees, costs and such other and further relief as the court may deem just and proper." This language is of course consistent with the principle of indemnity which "allows one who has discharged a common liability to be made whole." *McClellan* 692 F. Supp. At 688.

**Argument**

1. **Plaintiffs' election to participate in a class action against Taishan has no bearing on AHC's right to assert third party claims against Taishan pursuant to FRCP 14.**

Taishan contends that allowing AHC to proceed in the prosecution of its third party claims against Taishan would result in a "double-recovery" against Taishan. AHC has asserted claims against Taishan for damages suffered by AHC as a result of Taishan's wrongful conduct. Taishan has cited no law which would suggest that AHC's claims for damages suffered as a result of Taishan's wrongful conduct have somehow been disposed of vis-a-vis Plaintiffs' election to pursue remedies against Taishan in a separate proceeding. Indeed, the damages already incurred by AHC, namely legal fees in defense of Plaintiffs' claims, extend beyond any claims for "remediation damages, alternative living expenses and loss of use of enjoyment" made the basis of Plaintiffs' class suit against Taishan. More importantly however, Taishan is in no danger of a purported "double recovery" in favor of Plaintiffs because any amounts recovered by the Plaintiffs from Taishan would serve as a set-off against any judgment obtained by Plaintiffs against AHC.

Taishan relies on *McDonald v. Union Carbide Corp.*, 734 F.2d 182 (5th Cir. Tex. 1984) wherein the Court of Appeals for the 5th Circuit declined to overturn a district court's exercise of discretion in approving a settlement agreement which prohibited third party actions by non-settling defendants against the settling defendants. In conjunction with the settlement agreement in that case, the district court entered a partial final judgment which governed subsequent third party actions in the consolidated proceeding. The *McDonald* case is readily distinguishable from

3

the instant matter. First, the *McDonald* case contains no substantive discussion of indemnification or what Taishan terms "an attempt to impose duplicative liability." Rather, the *McDonald* case was decided on purely procedural grounds, with the Court noting that Fed. R. Civ. Proc. Rule 14 was applicable and that the district court had "wide discretion in determining whether to permit such third party procedure to be resorted to."

Secondly, there is no settlement agreement as referenced in *McDonald*. In effect, Taishan is seeking to impose the "settlement bar rule" despite the absence of a settlement. "Under the settlement bar rule, a co-defendant does not have a right of contribution against a settling defendant." *Odeco Oil & Gas Co. v. Petroleum Helicopters*, 857 F. Supp. 29, 31 (E.D. La. 1994), (citing *Leger v. Drilling Well Control, Inc.*, 592 F.2d 1246 (5th Cir. 1979)). As this Court has noted, "[t]he rationale for the rule is to protect the finality of settlements." *Odeco Oil & Gas Co. v. Petroleum Helicopters*, 857 F. Supp. 29, 31 (E.D. La. 1994). There is no issue of settlement finality in the present case. Rather, Taishan's position is primarily based on language within a class action notice which provides,

> As a member of the Class, you will be bound by the judgment or other final disposition of this lawsuit whether that disposition is favorable to the Class or to the Taishan Defendants. If relief is obtained for the Class, you may be entitled to participate in the relief that is recovered. Any relief you receive through these class proceedings will be your exclusive remedy. Also, you will have an opportunity to be heard respecting any proposed settlement or dismissal of the class action.

(Rec. Doc. 18086-18).

The above language is a far cry from the settlement agreement described in *McDonald*— most notably because it is not a settlement agreement at all. Taishan contends that *McDonald* is analogous to the posture of this case because AHC similarly "seeks contribution or indemnification from a defendant who has a separate claim for damages pending against it by the

4

same group of Plaintiffs." (Taishan's Mot. to Dismiss, p. 6). This statement of the facts of *McDonald* is unfair when viewed in context. *McDonald* involved defendants which had entered into a settlement agreement with the underlying plaintiffs. To be clear, AHC is not aware of any settlement agreement that has been executed by Taishan in favor of the Plaintiffs.

Taishan's Motion to Dismiss is devoid of citations to authority supporting its contention that AHC should be precluded from proceeding in the third party action against Taishan solely because the underlying Plaintiffs are members of a class which has also asserted claims against Taishan. Taishan's attempt to argue that it is somehow entitled to the same protections established in the settlement bar rule—which exists because of a policy favoring finality of settlements—is particularly ironic given Taishan's history in the MDL. This includes, most notably, the conclusive establishment of liability as a result of the default judgments entered against Taishan. (Document 18028).

The effect of the current third party claims against Taishan is identical to any other circumstance in which indemnity would be sought from a tortfeasor who had also been sued directly by the underlying Plaintiffs. The amount of any judgment entered against Taishan and in favor of Plaintiffs in the class action will be measured as a set-off against any potential judgment in favor of Plaintiffs as to their claims against AHC in this instant case. This would not preclude AHC from recovery of the full amount of any judgment obtained against AHC, which, as alleged in the Third Party Complaint, would be the proximate result of Taishan's wrongful conduct.

## 2. The Third Party Complaints properly seek indemnity for damages suffered by AHC as a result of Taishan's wrongful acts.

Taishan contends that the Third Party Complaints are due to be dismissed because impleader is improper in this context. Taishan first contends that contribution may not be sought against Taishan because same is not permitted under Mississippi law. As discussed above, AHC

has not asserted any claims of contribution against Taishan. Neither contribution nor "joint" liability is referenced in the Third Party Complaints. Rather, AHC's Third Party Complaint is premised on the theory of indemnity.

Taishan next contends that the Third Party Complaints are due to be dismissed because they fail to state a claim for equitable indemnity. In this regard, Taishan first claims that AHC has no remedy against Taishan because AHC's liability to the Plaintiffs has not yet been established. Taishan cites no law in support of this position, which is contradicted by Fed. R. Civ. Proc. 14(a). As this Court noted in *IHP Indus. v. PermAlert, ESP*, which is cited in Taishan's Motion to Dismiss,

> [t]he text of Rule 14(a) plainly states that a third-party action may be brought against a person not a party to the action "who is or *may be liable* to the third-party plaintiff for all or part of the plaintiff's *claim* against the third-party plaintiff." (Emphasis added). While it is true as a matter of substantive law that recovery is not available on a claim for indemnity or subrogation until such time as the claimant/defendant has actually been adjudicated liable to (and paid) the plaintiff, as a matter of procedure, Rule 14 does not require that the third-party plaintiff await the outcome of the plaintiff's claim against it before it may assert its third-party claim.

178 F.R.D. 483 (S.D. Miss. 1997). Under Taishan's interpretation of Rule 14, there is no conceivable instance in which a party could seek indemnification from another via third party practice.

Finally, Taishan makes the strained argument that AHC cannot seek indemnity from Taishan because the Plaintiffs have asserted claims against AHC as an "active" wrongdoer. Notably, AHC's Third Party Complaint alleges that "[i]n the event that AHC is determined to be liable to the plaintiffs, said liability will be a proximate result of the active negligence of … Taishan … while the negligence of AHC, if any, was at most passive in nature." (Third Party Complaint, ¶ 29). Moreover, the Plaintiffs' Complaints assert multiple claims against AHC for

which liability could possibly be found based on passively negligent conduct, including breach of warranty claims. Ironically, the *PermAlert* case cited by Taishan yet again contradicts Taishan's position in this regard. 178 F.R.D. 483.

In *Permalert*, the court noted that while the third party plaintiff had been charged with active wrongdoing, including fraud, the third party plaintiff had also been charged with "claims for which liability could possibly be found based on negligent conduct rather than intentional wrongdoing" *Id.* at 487. These claims included breach of express and implied warranties. *Id.* The *PermAlert* court cited the Mississippi Supreme Court case of *First National Bank of Jackson v. Huff*, 441 So. 2d 1317 (Miss. 1983) for the premise that "where the defendant's liability stems from ordinary negligence, as contrasted with wrongful conduct, factual considerations of fairness and justice apply to the determination whether equitable subrogation applies. The question in that event is whether, despite the defendant's negligence, equity will allow subrogation or indemnity to be invoked." *Id.* at 487. The *PermAlert* court ultimately held that "[b]ecause there are claims in the main complaint which might support recovery based on negligence, as contrasted with active wrongdoing, the court is unable to conclude that PermAlert is barred from asserting its third-party claims against RC." *Id.* at 487-488.

The Plaintiffs' complaints in the instant case are analogous to those in *PermAlert*, in that same contain claims for both wrongful conduct and passively negligent conduct (*e.g.* breach of implied warranties). As in *PermAlert*, because there are claims in the Plaintiffs' complaints which might support recovery based on passive negligence, as contrasted with active wrongdoing, AHC should be permitted to proceed with its third party claims against Taishan.

7

## Conclusion

The Plaintiffs' election to participate in the class action against Taishan is in no way dispositive of AHC's third party claims against Taishan. Moreover, AHC's third party claims are proper under Mississippi and federal law. AHC respectfully requests that this Court enter an Order denying Taishan's Motion to Dismiss.

Respectfully submitted,

/ s / *Danny J. Collier, Jr.*

_____

Danny J. Collier, Jr., Esq.
Attorney for Ace Home Center, Inc.


**OF COUNSEL:**

LUTHER, COLLIER, HODGES & CASH LLP
Post Office Box 1002
Mobile, Alabama 36633
(251) 694-9393 Office
(251) 694-9392 Fax
dcollier@lchclaw.com

## CERTIFICATE OF SERVICE

I hereby certify that the above and foregoing has been served on Plaintiffs' Liaison Counsel, Russ Herman and Defendants' Liaison Counsel, Kerry Miller, by U.S. Mail and e-mail or by hand-delivery upon all parties by electronically uploading the same to Lexis Nexis File & Serve in accordance with Pretrial Order No. 6, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2047, on this 27th day of July, 2015.

Stephen W. Mullins, Esq.                     David C. Coons, Esq.
Luckey & Mullins, PLLC                       Christopher A. D'Amour, Esq.
Post Office Box 990                          Adams and Reese LLP
Ocean Springs, MS 39566                      4500 One Shell Square
smullins@luckeyandmullins.com                New Orleans, LA 70139
                                             david.coons@arlaw.com
                                             chris.damour@arlaw.com

Heather M. Houston, Esq.
Caroline Pryor, Esq.
Carr Allison
6251 Monroe Street
Suite 200
Daphne, Alabama 36526
hhouston@carrallison.com
cpryor@carrallison.com

Gary J. Russo, Esq.
Jones Walker LLP
600 Jefferson Street
Suite 1600
Lafayette, LA 70501
grusso@joneswalker.com

Joe Cyr, Esq.
Frank T. Spano, Esq.
Courtney L. Colligan, Esq.
Hogan Lovells US LLP
875 Third Avenue
New York, New York 10022
Joe.cyr@hoganlovells.com
Frank.spano@hoganlovells.com
Courtney.colligan@hoganlovells.com

Michael P. Kenny, Esq.
Bernard Taylor, Esq.
Christina Hull Eikhoff, Esq.
David Venderbush, Esq.
ALSTON & BIRD LLP
1201 West Peachtree Street
Atlanta, Georgia 30309
Phone: (404) 881-7000
Fax: (404) 881-7777
mike.kenny@alston.com

S. Wesley Pipes, Esq.
Pipes Hudson & Watts, LLP
Post Office Box 989
Mobile, Alabama 36601
wesley@pipeshudsonwatts.com

Richard C. Stanley, Esq.
Thomas P. Owen, Jr., Esq.
Stanley, Reuter, Ross, Thornton & Alford,
LLC
909 Poydras Street
Suite 2500
New Orleans, Louisiana 70112
rcs@stanleyreuter.com
tpo@stanleyreuter.com

Alan Dean Weinberger
HANGARTNER, RYDBERG & TERRELL, LLC
One Shell Square
701 Poydras St., Suite 310
New Orleans, Louisiana 70179
Phone: (504) 434-6815
Fax: (504) 522-5689
aweinberger@hanrylaw.com

                                        **/ s / *Danny J. Collier, Jr***

                                        _____

                                        OF COUNSEL