IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: CHINESE-MANUFACTURED DRYWALL PRODUCTS LIABILITY LITIGATION | : : : : | MDL NO: 2047 |
| | : | SECTION: L |
| **This Document Relates To:** | : | JUDGE FALLON |
| | : | MAG. JUDGE WILKINSON |
| **Braxton H. Collins, et al. v. Bass Homes, Inc. et al.; S.D. Mississippi, C.A. No. 1:13-00297** | : : | Case No.: 13-6652 |

| | | |
|---|---|---|
| IN RE: CHINESE-MANUFACTURED DRYWALL PRODUCTS LIABILITY LITIGATION | : : : : | MDL NO: 2047 |
| | : | SECTION: L |
| **This Document Relates To:** | : | JUDGE FALLON |
| | : | MAG. JUDGE WILKINSON |
| **Jason S. Herrington, et al. v. Bass Homes, Inc. et al.; S.D. Mississippi, C.A. No. 1:13-00297** | : : | Case No.: 13-6653 |

**CINCINNATI INSURANCE COMPANY'S**
**MEMORANDUM IN SUPPORT OF MOTION FOR LEAVE TO INTERVENE**

COMES NOW Cincinnati Insurance Company ("Cincinnati"), a liability insurer for Devon International Industries, Inc., f/k/a Devon International Trading ("Devon"), and hereby moves this Honorable Court to allow it to intervene in the above-styled matters pursuant to Rule 24, for the sole purpose of requesting that this Honorable Court set aside the default entered against Devon, or in the alternative stay further proceedings in default against Devon, as a judicial determination was made in *Cincinnati Insurance Company v. Devon Int'l Inc.*, 924 F.Supp.2d 587 (E.D. Pa. 2013) that there is no insurance coverage from Cincinnati available to Devon in the above cases, and Devon has filed for bankruptcy protection. The claims against Devon for which it has been held in default were allowed to proceed by the United States Bankruptcy Court for the Eastern District of Pennsylvania solely and expressly for the purpose of

1

recovering insurance proceeds up to applicable limits, yet that court does not appear to have been informed of the above-cited coverage decision when it lifted the automatic stay for that purpose under 11 U.S.C. § 393.  Cincinnati hereby seeks to protect its interest while appeal of the coverage opinion is pending in the Third Circuit.

As grounds in support of the foregoing, Cincinnati states as follows:

## I. Relevant Procedural Background

1. On September 19, 2014, Ace Home Center, Inc. ("AHC") filed First Amended Third-Party Complaints adding Devon as a third-party defendant in the above-styled matters.

2. On April 23, 2013, Devon filed for bankruptcy in the United States Bankruptcy Court for the Eastern District of Pennsylvania (the "Bankruptcy Court"), Case No. 13-13552-sr, and an automatic stay was imposed pursuant to 11 U.S.C. § 363, precluding the prosecution of AHC's third-party claims against Devon.

3. On December 8, 2014, this Court, upon motion by AHC (Rec. Docs. 18122, 18123), severed AHC's third-party claims against Devon due to the bankruptcy and the resultant automatic stay.  (Rec. Doc. 18183).

4. On November 20, 2014, AHC filed a Motion for Relief from the Automatic Stay in the Bankruptcy Court.  The Motion was expressly filed to further the purpose of "allowing (AHC) to join Devon in the (above-styled cases)…"  (See AHC's Motion for Relief from Automatic Stay, attached as Exhibit 1).  The Motion was also expressly premised on AHC's assertion that Devon had liability insurance coverage and that joining Devon would not "impinge on Devon's bankruptcy proceedings since Devon's Insurer will have to defend the (actions) and pay any resulting verdict for personal injuries up to the amount of all applicable insurance coverage available to (Devon)."  (See Exhibit 1).  Central to the Motion's argument that there

was proper "cause" under bankruptcy law to lift the automatic stay was that the (above-styled actions) "will be defended by Insurer, and will not require substantial efforts from Devon's estate or its counsel." (See Exhibit 1).

5.  On December 17, 2014, the Bankruptcy Court executed an Order granting AHC permission to join Devon as a third-party defendant in the two above-styled matters, and ruling that "once joined in these two matters, all appropriate parties may pursue claims against Devon International Industries, Inc., and obtain judgment against it, but only up to the amount of all applicable insurance coverage available to Devon International Industries, Inc." (See December 17, 2014 Order by the Bankruptcy Court, attached as Exhibit 2).

7.  Based upon the Bankruptcy Court's December 17, 2014 Order, AHC filed a Motion to Re-Consolidate Third Party Claims Against Devon on February 9, 2015. (Rec. Doc. 18299).

8.  On February 13, 2015, this Court issued an Order granting AHC's Motion to Re-consolidate Third Party Claims Against Devon, requiring Devon to respond to the complaints within 21 days. (Rec. Doc. 18355).

9.  On May 26, 2015, AHC filed a Motion for Entry of Default against Devon. (Rec. Doc. 18999). The Motion noted that no response had been filed despite AHC counsel having sent correspondence on April 6, 2015 to Devon's General Counsel advising that Devon had been reconsolidated as a Third Party Defendant in the above-styled causes and requesting that Devon file a response.

10.  The Court entered an Order granting AHC's Motion and holding Devon in default on June 23, 2015.

11.  The Bankruptcy Court, however, was not informed by AHC in its November 20,

2014 Motion for Relief from Stay that Devon had no such liability coverage under its applicable policy with Cincinnati.[1]  Judge Gene E.K. Pratter of the Eastern District of Pennsylvania, in a published decision, had already granted Cincinnati's motion for summary judgment in its coverage action against Devon, having ruled on February 15, 2013 that Cincinnati had no obligation to defend or indemnify Devon for the remaining policy period at issue for claims and suits arising out of the emission of sulfur and/or sulfide gases from imported drywall that are at issue in this MDL.[2]  (See *Cincinnati Insurance Company v. Devon Int'l, Inc.*, 924 F.Supp.2d 587 (E.D. Pa. 2013), attached as Exhibit 3).

12. On March 1, 2013, Devon filed a Notice of Appeal of the decision by Judge Pratter.  The appeal remains pending in the United States Court of Appeals for the Third Circuit, Case No. 13-1601.

13. Although the appeal remains pending, on June 12, 2015, an "Eighth Status Report" was filed with the Third Circuit by Devon, wherein it was reported that counsel for Devon had advised of its intent to seek permission from the Bankruptcy Court in the "immediate future" to withdraw its Notice of Appeal, and that it was anticipated that the Bankruptcy Court would permit Devon to do so.  (See Third Circuit's Eighth Status Report, attached as Exhibit 4).

14. Based on the above, Cincinnati is subject to clear prejudicial risk, based on the possibility that the appellate court may overturn the coverage decision (regardless of Devon's stated intent to dismiss the appeal).  No other party adequately represents Cincinnati's interest in

---

[1] Upon information and belief, Devon maintained liability insurance with two other carriers relevant to these drywall claims, one of whom has exhausted its policy, and another who has denied coverage for such claims and is party to an insurance coverage lawsuit currently pending in federal court.

[2] The coverage court's Order granting Cincinnati's Motion for Summary Judgment applied to the second of the two applicable policy periods for which Cincinnati provided Devon coverage, from November 20, 2009 to November 20, 2010.  For the first policy period, Cincinnati and Devon had already stipulated that Cincinnati would pay the liability limits for such claims.  (See Exhibit 4 at Para. 31).

4

the above matter. Moreover, intervention by Cincinnati will not unduly delay or prejudice the adjudication of the original parties' rights.

15. As such, Cincinnati intends to file a Motion to Set Aside Default Or In The Alternative Stay Default Proceedings Against Devon, once intervention is granted. (See proposed Motion to Set Aside and its Memorandum in Support thereof, attached as Exhibit 5).

## II. Cincinnati Is Entitled To Intervention As Of Right

A party is entitled to intervention of right pursuant to Fed. R. Civ. P. Rule 24(a) when it "claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest." Fed. R. Civ. P. Rule 24(a).

The Fifth Circuit has stated that Rule 24(a) "is to be construed liberally, … and doubts resolved in favor of the proposed intervenor." *In re Lease Oil Antitrust Litigation*, 570 F.3d 244, 248 (5th Cir. 2009). "[T]he inquiry under subsection (a)(2) is a flexible one, which focuses on the particular facts and circumstances surrounding each application ... intervention of right must be measured by a practical rather than technical yardstick." *Edwards v. City of Houston*, 78 F.3d 983, 992 (5th Cir. 1996) (internal quotes omitted). "To succeed as an intervenor of right, a party must show, in addition to timeliness, that it has 'an interest' relating to the property or transaction in the litigation; that the disposition of the action may impair or impede, as a practical matter, its ability to protect that interest; and that the intervenor's interest is inadequately represented by existing parties to the suit." *City of Houston v. American Traffic Solutions, Inc.* 668 F.3d 291 (5th Cir. 2012) (citing *Edwards*, *supra* at 999).

In the present case, Cincinnati seeks to have the default entered against Devon set aside, or alternatively the default proceedings against Devon stayed, because the lifting of the automatic stay required by 11 U.S.C. § 363, wherein the Bankruptcy Court presumes the eventual defense of Devon by its liability insurer, is inconsistent with the fact that Devon has been judicially determined to lack liability coverage with Cincinnati for the claims at issue—a fact of which that court was apparently unaware. The Bankruptcy Court's Order lifting the automatic stay was expressly premised on the claims in the above-styled cases being pursued "only up to the amount of all applicable insurance coverage available to Devon." (See Exhibit 2). If the default against Devon is not set aside or proceedings stayed, one of two scenarios will result. Either the Third Circuit will overturn the lower court's coverage decision, leaving Cincinnati with a default judgment for which it suddenly becomes potentially liable; or the decision is affirmed (or the appeal dismissed by Devon), potentially after an eventual judgment against the estate of a bankrupt entity for amounts that were presumed to fall under coverage limits. For the same reason, it is very questionable whether, as AHC maintained in its Motion for Relief from the Stay, "Devon's estate has no interest in the funds which the Plaintiffs might ultimately recover."

### 1. Cincinnati has an interest in the current action which may be impaired by the disposition of the claims against Devon.

Cincinnati has a clear and significant interest in the present action. Cincinnati insured Devon pursuant to a pair of one-year policy periods, including commercial general liability coverage and commercial umbrella coverage, that were in effect from November 20, 2008, until November 20, 2010. (See Exhibit 3 at p. 2). The policies were the subject of a coverage action filed by Cincinnati, wherein it received a favorable judgment on February 15, 2013 from the Eastern District of Pennsylvania, the effect of which is that Cincinnati had no obligation to

6

defend or indemnify Devon for the remaining relevant policy period at issue for claims and suits, such as the above-styled matters, arising out of the emission of sulfur and/or sulfide gases from imported drywall that are at issue in this MDL.

Despite this decision over two years ago, and despite the fact that as recently as June 12, 2015 Devon's counsel indicated to the Third Circuit Court of Appeals that if would be seeking permission from the Bankruptcy Court to dismiss the appeal, the appeal remains pending. Cincinnati expects the decision to be upheld, but its present interest in the current matter is clear. If the current default entered against Devon moves forward and a monetary judgment entered, this would "as a practical matter impair Cincinnati's ability to protect its interest" since the appeal could be overturned.

### 2. The existing parties do not adequately represent Cincinnati's interest.

Intervention of right will not be allowed if existing parties "adequately represent" the intervenor's interest. Fed. R. Civ. P. Rule 24(a). The intervenor's burden in this regard has been described by the Supreme Court as "minimal." *Trbovich v. United Mine Workers of America*, 404 U.S. 528, 538 FN10, 92 S.Ct. 630 (1972).

In the present case, it is self-evident that Devon does not "adequately represent" Cincinnati's interest. For one, it cannot possibly do so because Devon has no counsel in this proceeding and default has been entered against it. Moreover, neither Devon nor any other party in the above-styled actions shares Cincinnati's objective, which is to protect itself from an adverse judgment against Devon coincident with an overturning of the coverage decision.

### 3. Cincinnati's motion is timely.

"The question whether an application for intervention is timely is largely committed to the discretion of the district court…" *Stallworth v. Monsanto*, 558 F.2d 257 (5th Cir. 1977).

Timeliness is governed by the four-part test in *Stallworth* as follows:  (1) the length of time between the would-be intervenor's learning of his interest and his petition to intervene, (2) the extent of prejudice to existing parties from allowing late intervention, (3) the extent of prejudice to the would-be intervenor if the petition is denied, and (4) any unusual circumstances.  *In re Lease Oil Antitrust Litigation*, *supra*, 570 F.3d at 247 (citing *Stallworth* at 263–66).

The above factors are "'not a formula for determining timeliness'; instead, (timeliness) should be determined based on *all* the circumstances."  *Effjohn Inter. Cruise Holding, Inc. v. A&L Sales, Inc.*, 346 F.3d 552, 560 (5th Cir. 2003) (emphasis in original) (citing *John Doe # 1 v. Glickman*, 256 F.3d 371, 376 (5th Cir. 2001)).  "Timeliness is flexible, based on specific facts and circumstances, and measured by 'practical rather than technical yardstick.'"  *Id.* (citing *Banco de Credito Industrial, S.A. v. Tesoreria General,* 990 F.2d 827, 832 (5th Cir. 1993)).  "There are no ironclad rules about just how celeritously, in terms of days or months, a person must move to protect himself after he has acquired the requisite quantum of knowledge.  The passage of time is measured in relative, not absolute, terms."  *R & G Mortg. Corp. v. Federal Home Loan Mortg. Corp.*, 584 F.3d 1, 8 (1st Cir. 2009).

Cincinnati has timely filed its Motion to Intervene after the Court's having found Devon in default on June 23, 2015.  There is no prejudice to any of the original parties.  In fact, with respect to Devon, it would appear that *not* allowing Cincinnati's intervention and ultimately setting aside the default or staying default proceedings could only prejudice Devon, for whom counsel has not appeared, and whose estate may be subject to a judgment for amounts that are purportedly based on insurance limits, for coverage that may not exist.

WHEREFORE, based on the foregoing, Cincinnati respectfully requests that this Honorable Court grant its Motion to Intervene.

Respectfully submitted,


**FITZPATRICK & BURNETTE L.L.C.**

*/s/ David A. Pote*
_____

**MICHAEL K. FITZPATRICK (LA #5596)**
**DAVID A. POTE (LA #39267)**
**5**41 Julia Street, Suite 200
New Orleans, Louisiana 70130
Telephone:  (504) 581-7121
Facsimile:  (504) 265-8746
*Counsel for Cincinnati Insurance Company*

**CERTIFICATE OF SERVICE**

      I hereby certify that the above and foregoing has been served on Plaintiffs' Liaison Counsel, Russ Herman and Defendants' Liaison Counsel, Kerry Miller, by U.S. Mail and e-mail or by hand-delivery upon all parties by electronically uploading the same to Lexis Nexis File & Serve in accordance with Pretrial Order No. 6, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2047, on this 28th day of July, 2015.

| | |
|---|---|
| Stephen W. Mullins, Esq.<br>Luckey & Mullins, PLLC<br>Post Office Box 990<br>Ocean Springs, MS 39566<br>smullins@luckeyandmullins.com | Joe Cyr, Esq.<br>Frank T. Spano, Esq.<br>Courtney L. Colligan, Esq.<br>Hogan Lovells US LLP<br>875 Third Avenue<br>New York, New York 10022<br>Joe.cyr@hoganlovells.com<br>Frank.spano@hoganlovells.com<br>Courtney.colligan@hoganlovells.com |
| David C. Coons, Esq.<br>Christopher A. D'Amour, Esq.<br>Adams and Reese LLP<br>4500 One Shell Square<br>New Orleans, LA 70139<br>david.coons@arlaw.com<br>chris.damour@arlaw.com | Michael P. Kenny, Esq.<br>Bernard Taylor, Esq.<br>Christina Hull Eikhoff, Esq.<br>David Venderbush, Esq.<br>ALSTON & BIRD LLP<br>1201 West Peachtree Street<br>Atlanta, Georgia 30309<br>Phone: (404) 881-7000<br>Fax: (404) 881-7777<br>mike.kenny@alston.com |
| Heather M. Houston, Esq.<br>Caroline Pryor, Esq.<br>Carr Allison<br>6251 Monroe Street<br>Suite 200<br>Daphne, Alabama 36526<br>hhouston@carrallison.com<br>cpryor@carrallison.com | Alan Dean Weinberger<br>HANGARTNER, RYDBERG & TERRELL, LLC<br>One Shell Square<br>701 Poydras St., Suite 310<br>New Orleans, Louisiana 70179<br>Phone: (504) 434-6815<br>Fax: (504) 522-5689<br>aweinberger@hanrylaw.com |

S. Wesley Pipes, Esq.
Pipes Hudson & Watts, LLP
Post Office Box 989 Mobile, Alabama 36601
wesley@pipeshudsonwatts.com

Gary J. Russo, Esq.
Jones Walker LLP
600 Jefferson Street Suite
1600 Lafayette, LA 70501
grusso@joneswalker.com

Thomas P. Owen, Jr., Esq.
Stanley, Reuter, Ross, Thornton & Alford, LLC
909 Poydras Street
Suite 2500
New Orleans, Louisiana 70112
rcs@stanleyreuter.com
tpo@stanleyreuter.com