# UNITED STATES BANKRUPTCY COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **In re:** | ) | Chapter 7 |
| | ) | |
| **Devon International Industries, Inc.** | ) | Case No. 13 - 13552 (SR) |

## ORDER

AND NOW, this _____ day of _____, 201_, upon consideration of the Motion for Relief From the Automatic Stay Pursuant to §362 of the Bankruptcy Code to Liquidate a Personal Injury Matter of ACE Home Center, Inc. and any response thereto, it is hereby ORDERED and DECREED that ACE Home Center, Inc. may join Devon International Industries, Inc. as a third party defendant in two matters: (1) In Re: Chinese-Manufactured Drywall Products Liability Litigation, MDL No. 2047 in the United States District Court for the Eastern District of Louisiana (specifically with respect to the consolidated cases of: <u>Braxton and Kerrie Collins v. Bass Homes, Inc., et al</u>. and <u>Jason and Cassie Herrington v. Bass Homes, Inc., et al.</u>, S.D. Mississippi, C.A. No. 1:13-00297) and (2) <u>Greg and Sherry Wiggins v. ACE Home Center, Inc</u>., Case No.: 30-CV-2013-900145, Circuit Court of Escambia County, Alabama.  Moreover, once joined in these two matters, all appropriate parties may pursue claims against Devon International Industries, Inc. and obtain judgments against it, but only up to the amount of all applicable insurance coverage available to Devon International Industries, Inc.

BY THE COURT:

_____

J.

UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **In re:** ) | Chapter 7 |
| ) | |
| **Devon International Industries, Inc.** ) | Case No. 13 - 13552 (SR) |

MOTION FOR RELIEF FROM THE
AUTOMATIC STAY PURSUANT TO §362 OF THE BANKRUPTCY
CODE TO LIQUIDATE A PERSONAL INJURY MATTER
OF ACE HOME CENTER, INC.

COMES NOW Claimant, ACE Home Center, Inc. (the "Claimant"), by and through its undersigned counsel, to respectfully request the Court enter the attached Order lifting the automatic stay imposed by 11 U.S.C. § 362 for the purpose of permitting Claimant to join Devon International Industries, Inc. as a third party defendant and to pursue claims against it up to the amount of all applicable insurance coverage available to Devon International Industries, Inc. in two matters: (1) In Re: Chinese-Manufactured Drywall Products Liability Litigation, MDL No. 2047 in the United States District Court for the Eastern District of Louisiana, specifically with respect to the consolidated cases of <u>Braxton and Kerrie Collins v. Bass Homes, Inc., et al.</u> and <u>Jason and Cassie Herrington v. Bass Homes, Inc., et al.</u>, S.D. Mississippi, C.A. No. 1:13-00297 and (2) <u>Greg and Sherry Wiggins v. ACE Home Center, Inc</u>., Case No.: 30-CV-2013-900145, Circuit Court of Escambia County, Alabama. These matters which are pending in federal and state court seek to, among other things, liquidate damages for personal injuries alleged by Mr. and Mrs. Collins, Mr. and Mrs. Herrington and Mr. and Mrs. Wiggins. In support thereof, Claimant respectfully states as follows:

**BACKGROUND**

1. On April 23, 2013 ("Petition Date"), Devon International Industries Inc. ("Devon") filed a voluntary petition for relief under Chapter 7 of the United States Bankruptcy

Code.

2. Devon is a corporation organized and existing under the laws of the Commonwealth of Pennsylvania. Upon information and belief, prior to the petition date, Devon specified, ordered, shipped, imported, controlled, took possession of and/or title to, offloaded, stored, delivered, purchased, sold, marketed, warranted, tested, inspected, advertised, surveyed, and/or supplied the Chinese drywall at issue in the <u>Collins</u>, <u>Herrington</u> and <u>Wiggins</u> suits.

3. Attached as Exhibits "A," "B" and "C" are the complaints filed by Mr. and Mrs. Collins, Mr. and Mrs. Herrington and Mr. and Mrs. Wiggins against Claimant describing, among other things, the personal injuries they sustained as a result of the Chinese drywall with which Devon was involved.[1]

4. Attached as Exhibits "D," "E" and "F" are the joinder complaints that Claimant filed as to Devon in the <u>Collins</u>, <u>Herrington</u> and <u>Wiggins</u> suits.

5. Attached as Exhibits "G" and "H" are letters sent to Claimant by Devon's general counsel citing the bankruptcy stay as to Devon.

6. Upon information and belief, Devon has insurance coverage under which the provider of such coverage ("Insurer") is obligated to defend and indemnify Devon in the <u>Collins</u>, <u>Herrington</u> and <u>Wiggins</u> matters in which Claimant wishes to join Devon.

**RELIEF REQUESTED**

7. Claimant respectfully requests relief from the automatic stay imposed by 11 U.S.C. § 362 to pursue its third party claims against Devon in the <u>Collins</u>, <u>Herrington</u> and <u>Wiggins</u> matters.

---

[1] See for example paragraphs 40, 75, 81, 87, 91 and 126 of Exhibit "A"; paragraphs 40, 75, 81, 87, 91 and 127 of Exhibit "B" and paragraphs 40, 72, 78, 84 and 88 of Exhibit "C."

## ARGUMENT

8. Section 362(d)(1) provides that:

> (d) On request of a party in interest and after notice and a hearing, the court shall grant relief from the stay provided under subsection (a) of this section, such as by terminating, annulling, modifying, or conditioning such stay—
>
> (1) for cause, including the lack of adequate protection of an interest in property of such party in interest;

11 U.S.C. § 362(d)(1). "Cause" is not defined by the Bankruptcy Code. Consequently, a Bankruptcy Court must decide what constitutes "cause" to lift the automatic stay on a case by case basis. In re Rexene Products Company, 141 B.R. 574, 576 (Bankr. D. Del. 1992) (citing In re Fernstrom Storage and Van Co., 938 F.2d 731, 735 (7th Cir. 1991)). The legislative history of Section 362 states that cause may be established by a single factor such as "a desire to permit an action to proceed . . . in another tribunal," or "lack of any connection with or interference with the pending bankruptcy case." Rexene, 141 B.R. at 576 (citations omitted).

9. Allowing Claimant to join Devon in the Collins, Herrington and Wiggins cases will not impinge on Devon's bankruptcy proceedings since Devon's Insurer will have to defend the Collins, Herrington and Wiggins suits and pay any resulting verdict for personal injuries up to the amount of all applicable insurance coverage available to Devon International Industries, Inc. Devon's Insurer has the obligation to defend the suits to the best of its ability, and therefore, will adequately represent and protect Devon's interests. Thus, there is little connection or interference with the pending bankruptcy case.

10. In Rexene, the Court stated that relief from the automatic stay should be granted when the party seeking such relief can show that:

> a. the debtor or the debtor's estate will not be greatly prejudiced by continuing the civil suit;

  b.  the hardship to the movant by maintenance of the automatic stay considerably outweighs the hardship to the debtor; and

  c.  the movant has a reasonable chance of prevailing on the merits.

Rexene, 141 B.R. at 576; *accord* In re Continental Airlines, 152 B.R. 420, 424 (D. Del. 1993); *see also* Fernstrom, 938 F.2d at 735.

  11.  All three factors weigh heavily in favor of lifting the automatic stay to permit the Claimant to join Devon and pursue claims against it in the Collins, Herrington and Wiggins suits. With respect to the first factor, the federal and state court actions will be defended by Insurer, and will not require substantial efforts from Devon's estate or its counsel.

  12.  In addition to the foregoing, all parties to the federal and state court actions will benefit if the matters are moved forward to resolution before witnesses and evidence grow stale. Insurer will likely retain defense counsel in Louisiana and Alabama, so the procession of the federal and state court actions will not require the attention of Devon's bankruptcy counsel. *See* Rexene, 141 B.R. at 577 (that the debtor was represented by separate, local counsel weighed in favor of lifting the automatic stay). Moreover, as Mr. and Mrs. Collins, Mr. and Mrs. Herrington and Mr. and Mrs. Wiggins' claims will be paid from insurance proceeds up to the amount of all applicable insurance coverage available to Devon International Industries, Inc, Devon's estate has no interest in the funds which the plaintiffs might ultimately recover. *See* In re Louisiana World Exposition, Inc., 832 B.R. 1391 (5th Cir. 1987); Matter of Edgeworth, 993 F.2d 51 (5th Cir. 1993). Because the insurance proceeds are not property of Devon's estate, they are not part of Devon's bankruptcy proceedings.

  13.  Finally, there is some likelihood that ACE Home Center, Inc. is entitled to relief on its third party claims against Devon in the Collins, Herrington and Wiggins suit as Devon specified, ordered, shipped, imported, controlled, took possession of and/or title to, offloaded, stored,

delivered, purchased, sold, marketed, warranted, tested, inspected, advertised, surveyed, and/or supplied the Chinese drywall that Mr. and Mrs. Collins, Mr. and Mrs. Herrington and Mr. and Mrs. Wiggins contend caused their injuries. The Rexene Court held that the required showing of probability of success on the merits is "very slight." Id. at 578. Thus, Claimant satisfies this "very slight" threshold of establishing a probability of success on the merits of its claims as against Devon.

14. Given the foregoing, Claimant has established that relief from the automatic stay should be granted so as to allow Claimant to join and pursue claims against Devon International Industries, Inc. up to the amount of all applicable insurance coverage available to Devon International Industries, Inc as a third party defendant in the Collins, Herrington and Wiggins suits.

## CONCLUSION

WHEREFORE, Claimant respectfully requests the Court enter the attached Order.

Dated: November 20, 2014

Respectfully submitted:

BENNETT, BRICKLIN & SALTZBURG, LLC

/s/ John F. Barrett
JOHN F. BARRETT
PA Attorney ID No. 67368
1601 Market Street
Suite 1600
Philadelphia, PA 19103
(215) 561-4300
barrett@bbs-law.com
Counsel for ACE Home Center, Inc.

# EXHIBIT "A"

# EXHIBIT "B"

# EXHIBIT "C"

# EXHIBIT "D"

# EXHIBIT "E"

# EXHIBIT "F"

# EXHIBIT "G"

# EXHIBIT "H"