IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: CHINESE-MANUFACTURED | : | |
| DRYWALL PRODUCTS LIABILITY | : | MDL NO: 2047 |
| LITIGATION | : | |
| | : | SECTION: L |
| **This Document Relates To:** | : | JUDGE FALLON |
| | : | MAG. JUDGE WILKINSON |
| **Braxton H. Collins, et al. v. Bass Homes, Inc.** | : | |
| **et al.; S.D. Mississippi, C.A. No. 1:13-00297** | : | Case No.: 13-6652 |

| | | |
|---|---|---|
| IN RE: CHINESE-MANUFACTURED | : | |
| DRYWALL PRODUCTS LIABILITY | : | MDL NO: 2047 |
| LITIGATION | : | |
| | : | SECTION: L |
| **This Document Relates To:** | : | JUDGE FALLON |
| | : | MAG. JUDGE WILKINSON |
| **Jason S. Herrington, et al. v. Bass Homes, Inc.** | : | |
| **et al.; S.D. Mississippi, C.A. No. 1:13-00297** | : | Case No.: 13-6653 |

**CINCINNATI INSURANCE COMPANY'S MOTION TO
SET ASIDE DEFAULT OR IN THE ALTERNATIVE TO STAY DEFAULT
PROCEEDINGS AGAINST DEVON INTERNATIONAL INDUSTRIES, INC.**

COMES NOW the Intervenor, Cincinnati Insurance Company ("Cincinnati"), a liability insurer for Devon International Industries, Inc., f/k/a Devon International Trading ("Devon"), and pursuant to Fed. R. Civ. P. Rule 60 hereby moves this Honorable Court to set aside the default entered against Devon by this Court, or in the alternative to delay further proceedings in default against Devon, as a judicial determination was made in *Cincinnati Insurance Company v. Devon Int'l Inc.*, 924 F.Supp.2d 587 (E.D. Pa. 2013) that there is no insurance coverage from Cincinnati available for Devon in the above cases, and Devon has filed for bankruptcy protection.  The claims against Devon for which it has been held in default were allowed to proceed by the United States Bankruptcy Court for the Eastern District of Pennsylvania (Case

1

13-13552-sr) solely and expressly for the purpose of recovering insurance proceeds up to applicable limits, yet that court does not appear to have been informed of the above-cited coverage decision when it lifted the automatic stay for that purpose under 11 U.S.C. § 393. Cincinnati hereby seeks to protect its interest while appeal of the coverage opinion is pending in the Third Circuit.

As grounds in support of the foregoing, Cincinnati refers the Court to its Memorandum in Support, filed contemporaneously herewith, and further requests that the Court grant relief as follows:

1. That the Court set aside the default judgment entered against Devon pursuant to Fed. R. Civ. P. Rule 60(b)(6).

2. That, in the alternative, the Court stay all default proceedings, garnishments, and/or efforts to collect any judgment against Devon or Cincinnati, until such time as there is resolution of the matter either in the Bankruptcy Court or the Third Circuit Court of Appeals.

3. That this Honorable Court grant such other and/or further relief as this Court otherwise sees fit.

Respectfully submitted,

**FITZPATRICK & BURNETTE L.L.C.**

_____
**MICHAEL K. FITZPATRICK (LA #5596)**
**DAVID A. POTE (LA #39267)**
5 41 Julia Street, Suite 200
New Orleans, Louisiana 70130
Telephone:  (504) 581-7121
Facsimile:  (504) 265-8746
*Counsel for Cincinnati Insurance Company*

**CERTIFICATE OF SERVICE**

  I hereby certify that the above and foregoing has been served on Plaintiffs' Liaison Counsel, Russ Herman and Defendants' Liaison Counsel, Kerry Miller, by U.S. Mail and e-mail or by hand-delivery upon all parties by electronically uploading the same to Lexis Nexis File & Serve in accordance with Pretrial Order No. 6, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2047, on this ___ day of ___, 2015.

| | |
|---|---|
| Stephen W. Mullins, Esq.<br>Luckey & Mullins, PLLC<br>Post Office Box 990<br>Ocean Springs, MS 39566<br>smullins@luckeyandmullins.com | Joe Cyr, Esq.<br>Frank T. Spano, Esq.<br>Courtney L. Colligan, Esq.<br>Hogan Lovells US LLP<br>875 Third Avenue<br>New York, New York 10022<br>Joe.cyr@hoganlovells.com<br>Frank.spano@hoganlovells.com<br>Courtney.colligan@hoganlovells.com |
| David C. Coons, Esq.<br>Christopher A. D'Amour, Esq.<br>Adams and Reese LLP<br>4500 One Shell Square<br>New Orleans, LA 70139<br>david.coons@arlaw.com<br>chris.damour@arlaw.com | Michael P. Kenny, Esq.<br>Bernard Taylor, Esq.<br>Christina Hull Eikhoff, Esq.<br>David Venderbush, Esq.<br>ALSTON & BIRD LLP<br>1201 West Peachtree Street<br>Atlanta, Georgia 30309<br>Phone: (404) 881-7000<br>Fax: (404) 881-7777<br>mike.kenny@alston.com |
| Heather M. Houston, Esq.<br>Caroline Pryor, Esq.<br>Carr Allison<br>6251 Monroe Street<br>Suite 200<br>Daphne, Alabama 36526<br>hhouston@carrallison.com<br>cpryor@carrallison.com | Alan Dean Weinberger<br>HANGARTNER, RYDBERG & TERRELL, LLC<br>One Shell Square<br>701 Poydras St., Suite 310<br>New Orleans, Louisiana 70179<br>Phone: (504) 434-6815<br>Fax: (504) 522-5689<br>aweinberger@hanrylaw.com |

S. Wesley Pipes, Esq.
Pipes Hudson & Watts, LLP
Post Office Box 989 Mobile, Alabama 36601
wesley@pipeshudsonwatts.com

Gary J. Russo, Esq.
Jones Walker LLP
600 Jefferson Street Suite
1600 Lafayette, LA 70501
grusso@joneswalker.com

Thomas P. Owen, Jr., Esq.
Stanley, Reuter, Ross, Thornton & Alford, LLC
909 Poydras Street
Suite 2500
New Orleans, Louisiana 70112
rcs@stanleyreuter.com
tpo@stanleyreuter.com

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: CHINESE-MANUFACTURED | : | |
| DRYWALL PRODUCTS LIABILITY | : | MDL NO: 2047 |
| LITIGATION | : | |
| | : | SECTION: L |
| **This Document Relates To:** | : | JUDGE FALLON |
| | : | MAG. JUDGE WILKINSON |
| **Braxton H. Collins, et al. v. Bass Homes, Inc.** | : | |
| **et al.; S.D. Mississippi, C.A. No. 1:13-00297** | : | Case No.: 13-6652 |

| | | |
|---|---|---|
| IN RE: CHINESE-MANUFACTURED | : | |
| DRYWALL PRODUCTS LIABILITY | : | MDL NO: 2047 |
| LITIGATION | : | |
| | : | SECTION: L |
| **This Document Relates To:** | : | JUDGE FALLON |
| | : | MAG. JUDGE WILKINSON |
| **Jason S. Herrington, et al. v. Bass Homes, Inc.** | : | |
| **et al.; S.D. Mississippi, C.A. No. 1:13-00297** | : | Case No.: 13-6653 |

**CINCINNATI INSURANCE COMPANY'S
MEMORANDUM IN SUPPORT OF MOTION TO
SET ASIDE DEFAULT OR IN THE ALTERNATIVE TO STAY DEFAULT
PROCEEDINGS AGAINST DEVON INTERNATIONAL INDUSTRIES, INC.**

COMES NOW the Intervenor, Cincinnati Insurance Company ("Cincinnati"), a liability insurer for Devon International Industries, Inc., f/k/a Devon International Trading ("Devon"), and pursuant to Fed. R. Civ. P. Rule 60 hereby moves this Honorable Court to set aside the default entered against Devon by this Court, or in the alternative to delay further proceedings in default against Devon, as a judicial determination was made in *Cincinnati Insurance Company v. Devon Int'l Inc.*, 924 F.Supp.2d 587 (E.D. Pa. 2013) that there is no insurance coverage from Cincinnati available for Devon in the above cases, and Devon has filed for bankruptcy protection. The claims against Devon for which it has been held in default were allowed to proceed by the United States Bankruptcy Court for the Eastern District of Pennsylvania (the

5

"Bankruptcy Court") solely and expressly for the purpose of recovering insurance proceeds up to applicable limits, yet that court does not appear to have been informed of the above-cited coverage decision when it lifted the automatic stay for that purpose under 11 U.S.C. § 393. Cincinnati hereby seeks to protect its interest while appeal of the coverage opinion is pending in the Third Circuit.

As grounds in support of the foregoing, Cincinnati states as follows:

I.       BACKGROUND

1. On September 19, 2014, Ace Home Center, Inc. ("AHC") filed First Amended Third-Party Complaints adding Devon as a third-party defendant in the above-styled matters.

2. On April 23, 2013, Devon filed for bankruptcy in the Bankruptcy Court, Case No. 13-13552-sr, and an automatic stay was imposed pursuant to 11 U.S.C. § 363, precluding the prosecution of AHC's third-party claims against Devon.

3. On December 8, 2014, this Court, upon motion by AHC (Rec. Docs. 18122, 18123), severed AHC's third party claims against Devon due to the bankruptcy and the resultant automatic stay. (Rec. Doc. 18183).

4. On November 20, 2014, AHC filed a Motion for Relief from the Automatic Stay in the Bankruptcy Court. The Motion was expressly filed to further the purpose of "allowing (AHC) to join Devon in the (above-styled cases)…" (See AHC's Motion for Relief from Automatic Stay, attached as Exhibit 1). The Motion was also expressly premised on AHC's assertion that Devon had liability insurance coverage and that joining Devon would not "impinge on Devon's bankruptcy proceedings since Devon's Insurer will have to defend the (actions) and pay any resulting verdict for personal injuries up to the amount of all applicable insurance coverage available to (Devon)." (See Exhibit 1). Central to the Motion's argument that there

was proper "cause" under bankruptcy law to lift the automatic stay was that the (above-styled actions) "will be defended by Insurer, and will not require substantial efforts from Devon's estate or its counsel."  (See Exhibit 1).

5. On December 17, 2014, the Bankruptcy Court executed an Order granting AHC permission to join Devon as a third-party defendant in the two above-styled matters, and ruling that "once joined in these two matters, all appropriate parties may pursue claims against Devon International Industries, Inc., and obtain judgment against it, but only up to the amount of all applicable insurance coverage available to Devon International Industries, Inc." (See December 17, 2014 Order, attached as Exhibit 2).

7. Based upon the Bankruptcy Court's December 17, 2014 Order, AHC filed a Motion to Re-Consolidate Third Party Claims Against Devon on February 9, 2015.  (Rec. Doc. 18299).

8. On February 13, 2015, this Court issued an Order granting AHC's Motion to Re-consolidate Third Party Claims Against Devon, requiring Devon to respond to the complaints within 21 days.  (Rec. Doc. 18355).

9. On May 26, 2015, AHC filed a Motion for Entry of Default against Devon.  (Rec. Doc. 18999).  The Motion noted that no response had been filed despite AHC counsel having sent correspondence on April 6, 2015 to Devon's General Counsel advising that Devon had been reconsolidated as a Third Party Defendant in the above-styled causes and requesting that Devon file a response.

10. The Court entered an Order granting AHC's Motion and holding Devon in default on June 23, 2015.

11. The Bankruptcy Court, however, was not informed by AHC in its November 20,

2014 Motion for Relief from Stay that Devon had no such liability coverage under its applicable policy with Cincinnati.[1]  Judge Gene E.K. Pratter of the Eastern District of Pennsylvania, in a published decision, had already granted Cincinnati's motion for summary judgment in its coverage action against Devon, having ruled on February 15, 2013 that Cincinnati had no obligation to defend or indemnify Devon for the remaining policy period at issue for claims and suits arising out of the emission of sulfur and/or sulfide gases from imported drywall that are at issue in this MDL.[2]  (See *Cincinnati Insurance Company v. Devon Int'l, Inc.*, 924 F.Supp.2d 587 (E.D. Pa. 2013), attached as Exhibit 3).

12. On March 1, 2013, Devon filed a Notice of Appeal of the decision by Judge Pratter.  The appeal remains pending in the United States Court of Appeals for the Third Circuit, Case No. 13-1601.

13. Although the appeal remains pending, on June 12, 2015, an "Eighth Status Report" was filed with the Third Circuit by Devon, wherein it was reported that counsel for Devon had advised of its intent to seek permission from the Bankruptcy Court in the "immediate future" to withdraw its Notice of Appeal, and that it was anticipated that the Bankruptcy Court would permit Devon to do so.  (See Third Circuit's Eighth Status Report, attached as Exhibit 4).

## II. RELIEF REQUESTED

"[T]he decision to grant or deny relief under Rule 60(b) lies within the sound discretion of the district court." *Brittingham v. Wells Fargo Bank, N.A.*, 543 Fed.Appx. 372, 373 (5th Cir.

---

[1] Upon information and belief, Devon maintained liability insurance with two other carriers relevant to these drywall claims, one of whom has exhausted its policy, and another who has denied coverage for such claims and is party to an insurance coverage lawsuit currently pending in federal court.

[2] The coverage court's Order granting Cincinnati's Motion for Summary Judgment applied to the second of the two applicable policy periods for which Cincinnati provided Devon coverage, from November 20, 2009 to November 20, 2010.  For the first policy period, Cincinnati and Devon had already stipulated that Cincinnati would pay the liability limits for such claims.  (See Exhibit 4 at Para. 31).

2013).  The decision may be for "any…reason that justifies relief."  Fed. R. Civ. P. Rule 60(b)(6).

Cincinnati will be prejudiced if the default finding is not set aside, and if default proceedings move forward.  The lifting of the automatic stay required by 11 U.S.C. § 363, wherein the Bankruptcy Court presumes the eventual defense of Devon by its liability insurer, is inconsistent with the fact that Devon has been judicially determined to lack liability coverage with Cincinnati for the claims at issue—a fact of which that court was apparently unaware.  The Bankruptcy Court's Order lifting the automatic stay was expressly premised on the claims in the above-styled cases being pursued "only up to the amount of all applicable insurance coverage available to Devon."  (See Exhibit 2).

Moreover, even though Devon has indicated its intent to withdraw its appeal, the appeal currently remains pending.  Thus if the default against Devon is not set aside or proceedings stayed, one of two scenarios will result.  Either the Third Circuit will overturn the lower court's coverage decision, leaving Cincinnati with a default judgment for which it suddenly becomes potentially liable; or the decision is affirmed (or the appeal dismissed by Devon), coincident with an eventual judgment against the estate of a bankrupt entity for amounts that were presumed to fall under coverage limits.  For the same reason, it is very questionable whether, as AHC maintained in its Motion for Relief it filed in the Bankruptcy Court, "Devon's estate has no interest in the funds which the Plaintiffs might ultimately recover."  (See Exhibit 1).

Cincinnati, after extensive requests to counsel for Devon to do so (but to no avail), is currently taking steps to pursue the re-imposing in the Bankruptcy Court of the automatic stay.  Cincinnati urges that this Court---until such time as the Bankruptcy Court has acted, or until a disposition of the Third Circuit appeal---not allow any garnishments, proceedings to determine

damages, judgments or any other further proceedings against Devon or Cincinnati as its insurer. For the same reason, Cincinnati urges that this Court exercise its discretion by setting aside the Order holding Devon in default, and/or granting further such relief as the Court sees fit.

WHEREFORE, Cincinnati respectfully requests of this Honorable Court as follows:

1. That the Court set aside the default judgment entered against Devon pursuant to Fed. R. Civ. P. Rule 60(b)(6).

2. That, in the alternative, the Court stay all default proceedings, garnishments, and/or efforts to collect any judgment against Devon or Cincinnati, until such time as there is resolution of the matter either in the Bankruptcy Court or the Third Circuit Court of Appeals.

3. That this Honorable Court grant such other and/or further relief as this Court otherwise sees fit.

Respectfully submitted,

**FITZPATRICK & BURNETTE L.L.C.**

_____
**MICHAEL K. FITZPATRICK (LA #5596)**
**DAVID A. POTE (LA #39267)**
541 Julia Street, Suite 200
New Orleans, Louisiana 70130
Telephone:  (504) 581-7121
Facsimile:  (504) 265-8746
*Counsel for Cincinnati Insurance Company*

## **CERTIFICATE OF SERVICE**

I hereby certify that the above and foregoing has been served on Plaintiffs' Liaison Counsel, Russ Herman and Defendants' Liaison Counsel, Kerry Miller, by U.S. Mail and e-mail or by hand-delivery upon all parties by electronically uploading the same to Lexis Nexis File & Serve in accordance with Pretrial Order No. 6, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2047, on this ____ day of ____, 2015.

| | |
|---|---|
| Stephen W. Mullins, Esq.<br>Luckey & Mullins, PLLC<br>Post Office Box 990<br>Ocean Springs, MS 39566<br>smullins@luckeyandmullins.com | Joe Cyr, Esq.<br>Frank T. Spano, Esq.<br>Courtney L. Colligan, Esq.<br>Hogan Lovells US LLP<br>875 Third Avenue<br>New York, New York 10022<br>Joe.cyr@hoganlovells.com<br>Frank.spano@hoganlovells.com<br>Courtney.colligan@hoganlovells.com |
| David C. Coons, Esq.<br>Christopher A. D'Amour, Esq.<br>Adams and Reese LLP<br>4500 One Shell Square<br>New Orleans, LA 70139<br>david.coons@arlaw.com<br>chris.damour@arlaw.com | Michael P. Kenny, Esq.<br>Bernard Taylor, Esq.<br>Christina Hull Eikhoff, Esq.<br>David Venderbush, Esq.<br>ALSTON & BIRD LLP<br>1201 West Peachtree Street<br>Atlanta, Georgia 30309<br>Phone: (404) 881-7000<br>Fax: (404) 881-7777<br>mike.kenny@alston.com |
| Heather M. Houston, Esq.<br>Caroline Pryor, Esq.<br>Carr Allison<br>6251 Monroe Street<br>Suite 200<br>Daphne, Alabama 36526<br>hhouston@carrallison.com<br>cpryor@carrallison.com | Alan Dean Weinberger<br>HANGARTNER, RYDBERG & TERRELL, LLC<br>One Shell Square<br>701 Poydras St., Suite 310<br>New Orleans, Louisiana 70179<br>Phone: (504) 434-6815<br>Fax: (504) 522-5689<br>aweinberger@hanrylaw.com |

S. Wesley Pipes, Esq.
Pipes Hudson & Watts, LLP
Post Office Box 989 Mobile, Alabama 36601
wesley@pipeshudsonwatts.com

Gary J. Russo, Esq.
Jones Walker LLP
600 Jefferson Street Suite
1600 Lafayette, LA 70501
grusso@joneswalker.com

Thomas P. Owen, Jr., Esq.
Stanley, Reuter, Ross, Thornton & Alford, LLC
909 Poydras Street
Suite 2500
New Orleans, Louisiana 70112
rcs@stanleyreuter.com
tpo@stanleyreuter.com