UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: CHINESE-MANUFACTURED DRYWALL<br>PRODUCTS LIABILITY LITIGATION | CIVIL ACTION<br><br>NO. 09-02047<br><br>SECTION "L" (5) |

### ORDER & REASONS

Before this Court is Taishan Gypsum Co., Ltd. and Tai'an Taishan Plasterboard Co., Ltd.'s ("Taishan") Motion to Exclude the Plaintiffs' Class Spreadsheet (the "Spreadsheet") (Rec. Doc. 19191).[1] Having read the parties' briefs and reviewed the applicable law, the Court now issues this Order & Reasons.

Plaintiffs' Class Spreadsheet is a spreadsheet that was introduced and admitted into evidence as Exhibit 79 at the June 9, 2015 Hearing on Class Damages. *See* Class Damages Hr'g Tr. 86:16-87:5, June 9, 2015. The spreadsheet, which was prepared by Brown Greer, shows the individual remediation damages estimate for 2,686 properties.

Taishan argues that the Spreadsheet should be excluded because it contains errors regarding ownership status, product identification, prior remediation status, and duplicate entries. Taishan contends that, given these errors, the Spreadsheet should not form the basis for any damages calculations. Plaintiffs argue that the Court, as fact-finder, may properly consider Exhibit 79 and determine the weight it should be given. Plaintiffs argue further that each of the alleged issues raised by the Defendants are administrative in nature and can be resolved through routine claims processing. (Rec. Doc. 19254). Notably, Counsel for the Defendants objected on

---

[1] Defendants BNBM PLC and BNBM Group joined in this Motion (Rec. Doc. 19193).

the record to the introduction of the Spreadsheet as proof of Taishan drywall.  June 9 Hearing Tr. 87:1-4.  Court overruled Defendants' objection as it went to the "validity of the accuracy" of the list and not its admissibility.  *See id.* at 87:5-7.

"Evaluating the admissibility of evidence is a matter within the sound discretion of the district court." *United States v. Dixon*, 132 F.3d 192, 196-97 (5th Cir. 1997) (quoting *United States v. Sparks,* 2 F.3d 574, 582 (5th Cir.1993).  Assuming *arguendo* that there are "serious errors and deficiencies" in the Spreadsheet, it is nonetheless admissible into evidence.  The Plaintiffs correctly assert that Defendants' arguments relate to the weight of the Spreadsheet as evidence and not its admissibility.  Challenges to the factual bases or underpinnings of an expert opinion go to the weight and credibility of evidence, not its admissibility.  *In re Katrina Canal Breaches Consol. Litig.*, No. CA 10-866, 2012 WL 4328354, at *1 (E.D. La. Sept. 20, 2012) (citing *Moss v. Ole South Real Estate, Inc.,* 993 F.2d 1300, 1307 (5th Cri.1991); *Matador Drilling Co. v. Post,* 662 F.2d 1190, 1199 (5th Cir.1981)); *see also Viterbo v. Dow Chem. Co.,* 826 F.2d 420, 422 (5th Cir.1987) ("[Q]uestions relating to the bases and sources of an expert's opinion affect the weight to be assigned that opinion rather than its admissibility and should be left for the [trier of fact's consideration.").

Moreover, the Court will not be misled by any inaccuracies in the Spreadsheet when it issues its upcoming Finding of Facts and Conclusions of Law regarding the Damages Hearing. *See Whitehouse Hotel Ltd. P'ship v. C.I.R.,* 615 F.3d 321, 330 (5th Cir.2010) ("[T]he importance of the trial court's gatekeeper role is significantly diminished in bench trials ... because, there being no jury, there is no risk of tainting the trial by exposing a jury to unreliable evidence.").

Accordingly, **IT IS ORDERED** that the Motion to Exclude Plaintiffs' Class Spreadsheet is **DENIED**.

New Orleans, Louisiana this 3rd day of August 2015.

                                                                         */s/ Eldon E. Fallon*
                                                                      UNITED STATES DISTRICT JUDGE