UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: CHINESE-MANUFACTURED DRYWALL PRODUCTS LIABILITY LITIGATION | MDL NO. 2047 SECTION: L JUDGE FALLON MAG. JUDGE WILKINSON |
| THIS DOCUMENT RELATES TO: ALL CASES | |

**MEMORANDUM IN SUPPORT OF BEIJING NEW BUILDING MATERIALS PUBLIC LIMITED COMPANY'S AND BEIJING NEW BUILDING MATERIAL (GROUP) CO., LTD.'S MOTION TO STRIKE AFFIDAVIT OF RUSS M. HERMAN**

Defendants Beijing New Building Materials Public Limited Company ("BNBM PLC") and Beijing New Building Material (Group) Co., Ltd. ("BNBM Group") respectfully submit this memorandum of law in support of their Motion to Strike the Affidavit of Russ M. Herman (the "Motion"). This Court should strike Mr. Herman's affidavit (the "Affidavit") (Rec. Doc. 19354-1) because it asserts facts for which Mr. Herman does not have personal knowledge and is rife with attorney argument.

## ARGUMENT

### I. Mr. Herman's Affidavit Is Improper Because It Asserts Facts Not Based On Personal Knowledge.

Federal Rule of Civil Procedure 56(c)(4) requires that affidavits and declarations "must be made on personal knowledge" and should "set out facts that would be admissible in evidence." Accordingly, courts frequently strike attorney declarations that include statements beyond the attorney's personal knowledge. *See, e.g.*, *Eguia v. Tompkins*, 756 F.2d 1130, 1136 (5th Cir. 1986) ("The attorney's affidavit . . . attests to the truth of the facts and allegations contained in the defendants' motion. As to at least one of these facts, it appears that the attorney lacked personal knowledge. We cannot condone the use of such an improper affidavit."); *Amie*

1

*v. El Paso Indep. Sch. Dist.*, 253 F. App'x 447, 451-52 (5th Cir. 2007) (affirming district court's order striking declaration because it "did not include enough factual support to show that the affiant possesses that knowledge"); *Elwakin v. Target Media Partners Operating Co. LLC*, 901 F. Supp. 2d 730, 741 (E.D. La. 2012) (striking paragraphs of affidavit where affiant had not established sufficient personal knowledge); *Bright v. Ashcroft*, 259 F. Supp. 2d 494, 498 (E.D. La. 2003) (striking all portions of affidavit not based on affiant's personal knowledge); *Housing Works, Inc. v. Turner*, No. 00-Civ-1122, 2003 WL 22096475, at *1 (S.D.N.Y. Sep. 9, 2003) ("Any attorney's affidavit or declaration shall be restricted to facts of which the attorney has personal knowledge and shall not contain summaries of other evidence, argument or anything else beyond unadorned factual assertions as to which the attorney is a competent witness.").

Mr. Herman's Affidavit, submitted with the PSC's Opposition to the Motion to Clarify or Vacate the July 17, 2014 Contempt Order[1], pays lip service to this standard but then ignores it entirely.  *See* Affidavit at ¶ 109 ("[T]he statements herein are true and correct, and are ***made of my own personal knowledge***, information and belief, and volition." (emphasis added)).  Mr. Herman repeatedly asserts as facts items for which he does not and could not possibly have personal knowledge.  For example, in paragraph 17 of the Affidavit, Mr. Herman asserts that "[o]utside counsel DONG Chungang's legal advice to Taishan regarding the issues surrounding Taishan's decision not to appear for its Judgment Debtor Examination was not limited to the interests of Taishan alone." *Id*. at ¶ 17.  Because Mr. Herman was not privy to the attorney-client relationship between DONG Chungang and Taishan, he cannot have ***personal*** knowledge of the scope of that relationship.  Later in the Affidavit, Mr. Herman declares that "[O]n August 28,

---

[1] The Motion to Clarify or Vacate the July 17, 2014 Contempt Order was filed by the CNBM entities on July 9, 2015 (Rec. Doc. 19271).  On July 13, 2015, BNBM Group and BNBM PLC filed a notice of joinder in the motion (Rec. Doc. 19294).

2

2006, BNBM PLC conducted a multi-layer connected transaction with Tai'an State-owned Asset Management Company (At the time a 16% equity shareholder of Taishan), wherein Tai'an State-owned Asset Management Company borrowed 50 million Yuan from BNBM PLC and used its 16% equity interest in Shandong Taihe as collateral[.]" *Id*. at ¶ 39.  Again, Mr. Herman does not explain how he has *personal* knowledge of this transaction, which occurred in China and years before this litigation began.  Because these facts lack personal knowledge, they are improper for an affidavit and must be stricken.

Not only does Mr. Herman lack the personal knowledge required for his assertions in the Affidavit, but he also makes accusations that are simply wrong.  For example, without pointing to a single piece of evidence—either by way of document or deposition testimony—Mr. Herman simply declares that "[t]he leadership of both the CNBM and BNBM Entities authorized Taishan to refuse to appear for its Judgment Debtor Examination in direct violation of this Court's valid order." Affidavit at ¶ 15; *see also id*. (labeling Taishan's decision as "an orchestrated plan").  To be clear, the Affidavit points to *no evidence* that supports this claim, and Mr. Herman's speculation about who authorized what is clearly inadmissible.

With due respect to Mr. Herman, it is neither proper not appropriate for him to attest to matters about which he has no personal knowledge to create the appearance of evidence where none in fact exists.  Because the affidavit is not based on personal knowledge, it must be stricken.  *Eguia*, 756 F. 2d. at 1136.

### II.     Mr. Herman's Affidavit Is Improper Because It Asserts Legal Argument As Established Fact.

Mr. Herman's Affidavit also must be stricken on the separate and independent ground that it is simply attorney argument.  Federal courts, including the Fifth Circuit, have made repeatedly clear that such legal arguments within an affidavit are improper and must be

3

excluded.  *See, e.g.*, *Thomas v. Atmos Energy Corp.*, 223 F. App'x 369, 374 (5th Cir. 2007) ("We agree with the district court's determination that this portion of Thomas' affidavit should be excluded because it contains legal arguments and conclusions inconsistent with the requirements of [Fed. R. Evid.] 701." (citing *Galindo v. Precision Am. Corp.*, 754 F.2d 1212, 1216 (5th Cir. 1985)); *King Cnty. v. Rasmussen*, 299 F.3d 1077, 1083 (9th Cir. 2002) ("Declarations, which are supposed to 'set forth facts as would be admissible in evidence,' should not be used to make an end-run around the page limitations of Rule 7 by including legal arguments outside the briefs."); *In re Actos (Pioglitazone) Prod. Liab. Lit.*, MDL No. 6:11-md-2299, 2014 WL 2872299, at *34 (W.D. La. Jun. 23, 2014) (striking declaration "more in the nature of expert testimony as to the law . . . content not appropriate for such a declaration"); *Veliz v. Cintas Corp.*, No. 03-1180, 2008 WL 4911238, at *4 n.3 (N.D. Cal. Nov. 13, 2008) ("The motion to strike [plaintiff's declaration] is granted because it improperly consists of legal argument.").

The PSC filed a 50-page response brief in opposition to the Motion to Clarify or Vacate the July 17, 2014 Contempt Order.  (Rec. Doc. 19354).  Mr. Herman's affidavit is essentially 40 pages of additional (and redundant) argument under the guise of a supporting affidavit that is much more akin to a closing argument than it is a factual submission. Among the many argumentative assertions contained in the Affidavit are the following:

- "Simply put, the Motion to Clarify is nothing other than an effort on the part of the CNBM and BNBM Entities to derail the ongoing contempt/alter ego discovery and a late attempt to avoid the Contempt Order altogether by addressing satellite issues that are the subject of other already pending dispositive motions."  Affidavit at ¶ 14.

- "Taishan's decision to contemptuously violate this Court's order was an orchestrated plan made at and controlled by the highest levels of the conglomerate of CNBM/BNBM companies."  *Id*. at ¶ 15.

- "Moreover, CNBM and all its subsidiaries are controlled by CNBM Group, which makes these companies 'related parties.'"  *Id*. at ¶ 85.

It is simply not appropriate to label that kind of legal argument as an "Affidavit" to then

4

be cited by Plaintiffs, both in this Court and in the Court of Appeals, as though it were an evidentiary submission. Plaintiffs have made their legal arguments in their memorandum of law, which is where they belong. The Affidavit is entirely superfluous and does little more than confuse the record. It is therefore improper and should be stricken in its entirety.

## **CONCLUSION**

For the reasons stated above, this Court should strike Mr. Herman's Affidavit in its entirety.

Dated:  August 4, 2015

        Respectfully submitted,

        **DENTONS US LLP**

        By: */s/ Michael H. Barr*
        Michael H. Barr
        New York Bar No. 1744242
        Justin N. Kattan
        New York Bar No. 3983905
        1221 Avenue of the Americas
        New York, NY 10020-1089
        Telephone:  (212) 768-6700
        Facsimile:  (212) 768-6800
        michael.barr@dentons.com
        justin.kattan@dentons.com

        - and -

        Richard L. Fenton
        Illinois Bar No. 3121699
        Leah R. Bruno
        Illinois Bar No. 6269469
        233 South Wacker Drive
        Suite 7800
        Chicago, IL  60606-6306
        Telephone:  (312) 876-8000
        Facsimile:  (312) 876-7934
        richard.fenton@dentons.com
        leah.bruno@dentons.com

        - and -

        C. Michael Moore
        Texas Bar No. 14323600
        Gene R. Besen
        Texas Bar No. 24045491
        2000 McKinney Ave, Suite 1900
        Dallas, TX  75201
        Telephone:  (214) 259-0900
        Facsimile:  (214) 259-0910
        mike.moore@dentons.com
        gene.besen@dentons.com

- and -

**PHELPS DUNBAR LLP**

Harry Rosenberg
Louisiana Bar No. 11465
365 Canal Street, Suite 2000
New Orleans, Louisiana 70130-6534
Telephone:  (504) 566-1311
Facsimile:  (504) 568-9130
harry.rosenberg@phelps.com

*Attorneys for Beijing New Building Material (Group) Co., Ltd. and Beijing New Building Materials Public Limited Company*

**CERTIFICATE OF SERVICE**

      I hereby certify that the above and foregoing Memorandum in Support of Beijing New Building Materials Public Limited Company's and Beijing New Building Material (Group) Co., Ltd.'s Motion to Strike Affidavit of Russ M. Herman has been served on Plaintiffs' Liaison Counsel, Leonard Davis, and Defendants' Liaison Counsel, Kerry Miller, by U.S. mail and e-mail or by hand delivery and e-mail and upon all parties by electronically uploading the same to LexisNexis File & Serve in accordance with Pre-Trial Order No. 6, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2047, on this August 4, 2015.

                                                         /s/     Michael H. Barr