UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

IN RE: CHINEStrad MANUFACTURED DRYWALL PRODUCTS LIABILITY LITIGATION

MDL NO. 2047

SECTION L

JUDGE FALLON

THIS DOCUMENT RELATES TO:  ALL CASES

## ORDER AND REASONS

Before the Court are various claimants' appeals from the decisions of the Settlement Administrator and Special Master. In these cases, the claims were denied by the Settlement Administrator and Special Master, and the claimants now appeal to this Court. Having considered the claimants' briefs, the evidence, the statements of fact submitted by the Settlement Administrator, and the pertinent provisions of the various settlement agreements, the Court now issues this Order and Reasons.

**I.   CRESCENT CITY PROPERTY REDEVELOPMENT ASSOCIATION, LLC, AND SIDE-BY-SIDE REDEVELOPMENT, INC.,  (REC. DOC. 18995)**

According to these appeals, these Claimants were not anticipating litigation and therefore did not keep records. In response, the Settlement Administrator states that it cannot determine if Claimants are actually class members and cannot calculate losses in accordance with Pre-Trial Order 29 without the missing documents.

As these Claimants acknowledge that they lack the requisite documentation to support their claims, the Court agrees with the Settlement Administrator: Claimants have not demonstrated eligibility for their claims. Therefore, the Court denies these appeals.

**II.     PATRICIA GOTTLIEB (REC. DOC. 18416, 19063)**

The Settlement Administrator reviewed the Lost Rent, Use or Sales claim submitted on behalf of Ms. Gottlieb and determined that the claim was incomplete because the claimant had not submitted:

> a. An Expert Report stating the Lost Rent, Use or Sales was due to the presence of Chinese Drywall. Knauf Settlement Agreement. §4.7.1.2.2(j).
> b. Evidence of Remediation. Knauf Settlement Agreement. § 4.7.1.2.

The Settlement Administrator issued Incompleteness Notices on August 14, 2014 September 18, 2014 requesting submission of all required documents. When the deadline to respond passed and the claimant had not submitted the required documents, the Settlement Administrator issued an Incompleteness Denial Notice on September 29, 2014.

Claimant then appealed the Incompleteness Denial to the Special Master, but did not submit any of the missing documents. The Special Master upheld the Settlement Administrator's determination and on January 28, 2015 issued a Special Master Denial Notice.

Claimant appealed the Special Master Denial Notice on March 2, 2015, which is more than 15 days after service of the Special Master Denial Notice. In addition, Claimant has not submitted any of the missing documentation required by the Settlement Agreement to substantiate the Lost Rent, Use or Sales claim. Because the claim remains incomplete, the Settlement Administrator is unable to determine whether the claimant is entitled to damages for Lost Rent, Use, and Sales in accordance with Pre-Trial Order 29.

As Ms. Gottlieb lacks the requisite documentation to support her claims, the Court agrees with the Settlement Administrator: she has not demonstrated eligibility for her claim. Therefore, the Court denies the appeal.

### III.   TUAN AND COLLEEN NGUYEN (REC. DOC. 19258)

Claimants first object to the Special Master's Other Losses Determination regarding the amount of their Lost Equity from their Sale in Mitigation claim. Claimants contend that the value of their property should be calculated based on its purchase price plus the cost to improve the property. Under the Court-approved Allocation Plan, recovery for Lost Equity under a Sale in Mitigation claim is available "[t]o the extent that recovery from the Real Property Funds is insufficient to compensate Class Members for Loss Equity who, due to the presence of CDW, sold Affected Properties in an attempt to mitigate their losses, [in] an amount to be determined by the Special Master for the remaining Lost Equity in the sold property." Equity is the difference between the market value of a property and the outstanding amount of the loan(s) secured by the property. In reviewing claims, the Special Master determined that the best evidence of market value was the purchase price of each Affected property because (i) the purchase price could be established through records, (ii) the purchase price reflected a value prior to the negative effect of the Chinese drywall, and (iii) the Affected Properties were generally built and/or purchased around the same time.

Thus, as explained by the Special Master in the April 22, 2015 and June 2, 2015 letters to the Claimants, lost equity is based on the market value of a property, not the costs of acquiring and improving it, because the cost of improvements is not a reliable measure of value. (Rec. Doc. 19288-1)  However, recognizing the uniqueness of the instant claim—subsequent to purchasing the property, claimants spent a substantial sum on improvements to the property—the Settlement Administrator used the county's assessed value of $1,019,900.00 as a measure of value. Further, the Settlement Administrator suggested that an appraisal would be another means of establishing value and provided Claimants with additional time to submit evidence of value, which Claimants failed to do.

Claimants also object to the determination regarding the amount of their personal property losses. On April 1, 2015, the Administrator issued a Determination Notice to Claimants stating that Claimants had submitted evidence sufficient to prove $32,113.96 in personal property losses. At the request of Claimants' counsel, the Settlement Administrator reconsidered several of the individual items and upwardly revised its determination to $34,482.30. Subsequently, Claimants filed an appeal challenging the determination and requesting item-specific detail, which the Settlement Administrator provided along with additional time to respond. Claimants provided additional supporting evidence, which provided sufficient basis to further increase their personal property determination to $83,480.75.

The Court agrees with the Settlement Administrator that lost equity is based on market value. Given that the Claimants declined to seek an appraisal, the Court further agrees with the Settlement Administrator that the county tax value (from the period prior to discovery of Chinese drywall) is an appropriate basis for determining value. With regards to the personal property losses determination, the Court recognizes that the Administrator reviewed the claims several times and provided Claimants with multiple opportunities to submit additional information. Thus, the Court agrees with the Settlement Administrator that the Claimants have been given credit for their losses to the fullest extent possible under the Personal Property losses allocation criteria.

## IV. CONCLUSION

Accordingly, **IT IS ORDERED** that these claimants' appeals to this Court, (Rec. Docs. 18995, 18416, 19063, 19258), are **DENIED**.

**IT IS FURTHER ORDERED** that Plaintiffs' Liaison Counsel ensure that the pro se Plaintiffs whose claims have decided herein receive a copy of this Order.

New Orleans, Louisiana, this 7th day of August, 2015.

                                                                                          *Eldon E. Fallon*
                                                                   UNITED STATES DISTRICT JUDGE