UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In re:  CHINESE-MANUFACTURED | * | MDL 2047 |
| DRYWALL PRODUCTS | * | |
| LIABILITY LITIGATION | * | SECTION L |
| | * | |
| | * | JUDGE FALLON |
| This document relates to: All Cases | * | |
| | * | MAGISTRATE JUDGE WILKINSON |
| | * | |

* * * * * * * * * * * * * * * * * * * * * * *

### KNAUF DEFENDANTS' RESPONSE IN OPPOSITION TO ZHELTKOV PLAINTIFF'S MOTION FOR RECONSIDERATION OF SPECIAL MASTER DANIEL J. BALHOFF'S OPINION AND DECREE

The Knauf Defendants file this response in opposition to Plaintiff's Motion for Reconsideration of Special Master Daniel J. Balhoff's Opinion and Decree (Rec. Doc. 19295). The Special Master correctly ruled that (1) the damage to the floors was caused by plaintiff's failure to air condition the property and (2) in the alternative, a defective product installed during remediation by the Program Contractor is not covered by warranty under the Knauf Class Settlement Agreement.

Respectfully submitted,

/s/ Kerry J. Miller
Kerry J. Miller (Bar No. 24562)
René Merino (Bar No. 34408)
**Baker, Donelson, Bearman, Caldwell & Berkowitz**
201 St. Charles Ave.
Suite 3600
New Orleans, LA 70170
PH: (504) 566-8646
FAX: (504) 585-6946
**Counsel for the Knauf Defendants**

## **CERTIFICATE OF SERVICE**

I hereby certify that the above and foregoing Response in Opposition to Zheltkov Plaintiff's Motion for Reconsideration of Special Master Daniel J. Balhoff's Opinion and Decree has been served to all parties by electronically uploading the same to LexisNexis File & Serve in accordance with Pre-Trial Order No. 6, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF system which will send a Notice of Electronic Filing in accord with the procedures established in MDL 2047, on this 10th day of August, 2015.

*/s/ Kerry J. Miller*

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In re:  CHINESE-MANUFACTURED  DRYWALL PRODUCTS  LIABILITY LITIGATION | *<br>*<br>*<br>* | MDL 2047<br><br>SECTION L |
| | * | JUDGE FALLON |
| This document relates to: All Cases | *<br>*<br>* | MAGISTRATE JUDGE WILKINSON |

* * * * * * * * * * * * * * * * * * * * * * *

**MEMORANDUM IN SUPPORT OF THE KNAUF DEFENDANTS' RESPONSE IN OPPOSITION TO ZHELTKOV PLAINTIFF'S MOTION FOR RECONSIDERATION OF SPECIAL MASTER DANIEL J. BALHOFF'S OPINION AND DECREE**

The Knauf Defendants[1] file this memorandum in support of their response in opposition to Plaintiff's Motion for Reconsideration of Special Master Daniel J. Balhoff's Opinion and Decree (Rec. Doc. 19295). The Special Master correctly ruled that (1) the damage to the floors was caused by plaintiff's failure to air condition the property and (2) in the alternative, a defective product installed during remediation by the Program Contractor is not covered by warranty under the Knauf Class Settlement Agreement.[2]

**I.     BACKGROUND**

Victor and Lyudmila Zheltkov ("Claimants") filed suit against the Knauf Defendants in the first omnibus complaint in MDL 2047.[3]  Their property at 25 Essington Lane, Palm Coast, FL 32164 ("Property") was remediated by the Program Contractor, Moss Construction ("Moss"), pursuant to the Knauf Class Settlement Agreement.  Claimants are seeking a cash payment for

---

[1] The Knauf Defendants include Knauf Plasterboard (Tianjin) Co., Ltd. ("KPT"), Knauf Plasterboard (Wuhu) Co., Ltd. ("Wuhu"), Guangdong Knauf New Building Material Products Co., Ltd. ("Dongguan"), Knauf Gips KG ("Knauf Gips"), Gebr. Knauf Verwaltungsgesellschaft KG, Knauf International GmbH, Knauf Insulation GmbH ("KI"), Knauf UK GmbH, Knauf AMF GmbH & Co. KG, Knauf do Brasil Ltda. and PT Knauf Gypsum Indonesia.
[2] Settlement Agreement Regarding Claims Against the Knauf Defendants in MDL No. 2047 (Rec. Doc. 16407-3).
[3] *Payton et al v. Knauf Gips KG*, Case No. 2:09-cv-07628 (E.D. La.).

"bubbling up" or "cupping" of the laminate floors installed by Moss during the remediation of the Property. The issue was heard by the Special Master after the parties submitted position papers, and the Special Master issued his Opinion and Decree.[4]

## II.  LAW AND ARGUMENT

In addressing the Claimants' concerns regarding their failing floors, the Program Contractor hired an independent inspection company to ascertain the reason for the floor's failure.[5] The third-party inspection report found that the Claimants' failure to use air conditioning, causing high temperatures and humidity within the house, caused the floors to fail.

Claimants cite Exhibit F-1 of the Knauf Class Settlement Agreement, the Sample Agreement Between Contractor and KPT Property Owner ("Sample Agreement"),[6] for bringing this warranty claim against the Knauf Defendants. The Sample Agreement Between Contractor and KPT Property Owner, made part of the Knauf Class Settlement Agreement by the Remediation Protocol, states that the Claimant may request that the Knauf Defendants correct nonconforming Repair Work should the Contractor fail to correct the work. The Sample Agreement does not, however, extend warranties to any inherent defects in the quality of the materials or to damage caused by Claimants, as the Special Master noted in his Opinion and Decree. Claimants have failed to show that the damage to their floors was caused by the Contractor or covered by the warranty. To the contrary, the only independent evidence provided demonstrates that the damage was, in fact, caused by the Claimants.

The Claimants urge the Court to rule that the replacement floors are of a lesser kind and/or quality than the pre-existing floors without providing any evidence to support this theory, other than the Claimants' assertion that the pre-existing floors did not fail and the replacement

---

[4] The Special Master's Opinion and Decree is Claimants' Exhibit A.
[5] The report issued by Inside & Out Property Inspectors, Inc., is Claimants' Exhibit B.
[6] *See* Sample Agreement Between Contractor and KPT Property Owner (Rec. Doc. 12061-15).

floors did. The Knauf Defendants have shown, however, that the same buckling that is visible in the third-party inspection report (see, for example, the photos marked "Item 3" and "Item 4") is also visible in the pre-remediation photos.[7] The buckling is most obvious in the photos where the outdoor light is reflecting on the floors. Dark lines (shadows) on the floors where the outdoor light is being reflected shows that the floor was also buckling prior to remediation.

Finally, Claimants argue that Moss should have alerted them of the requirement that the property be air conditioned. It is unreasonable to place this burden on the Program Contractor, particularly for a home situated in Florida. It is common knowledge that if a house in Florida is left at the mercy of the outdoor climate, negative consequences will result, such as warping of doors, cabinets, and floors and the possibility of mold. It is unreasonable to place on Moss the burden of informing Claimants that a property in Florida must be air conditioned in order to protect it from the elements.

## III. CONCLUSION

For the foregoing reasons, the Knauf Defendants respectfully request that the Court sustain the Special Master's Opinion and Decree.

Respectfully submitted,

*/s/ Kerry J. Miller*
Kerry J. Miller (Bar No. 24562)
René Merino (Bar No. 34408)
***Baker, Donelson, Bearman, Caldwell & Berkowitz***
201 St. Charles Ave.
Suite 3600
New Orleans, LA 70170
PH: (504) 566-8646
FAX: (504) 585-6946
**Defendants' Liaison Counsel**

---

[7] Exhibit A, Photographs of Floor Failing Prior to Remediation.

**CERTIFICATE OF SERVICE**

I hereby certify that the above and foregoing Memorandum in Support of the Knauf Defendants' Response in Opposition to Plaintiff's Motion for Reconsideration of Special Master Daniel J. Balhoff's Opinion and Decree has been served to all parties by electronically uploading the same to LexisNexis File & Serve in accordance with Pre-Trial Order No. 6, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF system which will send a Notice of Electronic Filing in accord with the procedures established in MDL 2047, on this 10th day of August, 2015.

*/s/ Kerry J. Miller*