UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: CHINESE-MANUFACTURED DRYWALL PRODUCTS LIABILITY LITIGATION | MDL NO. 2047<br>SECTION: L<br>JUDGE FALLON<br>MAG. JUDGE WILKINSON |
| **THIS DOCUMENT RELATES TO:**<br><br>*Amorin, et al. v. State-owned Assets Supervision and Administration Commission, et al.*, Case No. 2:14-cv-1727 (E.D. La.) | |

THE PLAINTIFFS' STEERING COMMITTEE'S MEMORANDUM
IN SUPPORT OF MOTION FOR AN ORDER DIRECTING THE
CLERK OF THE COURT TO SERVE DEFENDANT STATE-OWNED
ASSETS SUPERVISION AND ADMINISTRATION COMMISSION
THROUGH DIPLOMATIC CHANNELS PURSUANT TO 28 U.S.C. §1608(a)(4)

I. **INTRODUCTION**

The Plaintiffs' Steering Committee ("PSC") has moved to serve the Chinese State-Owned Assets Supervison and Administration Commission ("SASAC") with process through diplomatic channels pursuant to 28 U.S.C.§1608(a)(4). To date, this Court has overseen service upon SASAC through the sequences proposed by 28 U.S.C.§1608(a)(2) & (a)(3) and §1608(b)(2) & (b)(3)(B) of the Foreign Sovereign Immunities Act ("FSIA") [*see* Rec. Doc. No. 18733]. This motion represents the last possible step to insure compliance with the FSIA regarding service upon SASAC. Just like the PSC's prior motions, this motion should likewise be granted to leave no doubt regarding the efficacy of the PSC's efforts to serve SASAC with process.

1

## II.     FACTUAL BACKGROUND

On July 29, 2014, the PSC filed an Omnibus Complaint ("Omni XIX") against SASAC and the "Taishan Defendants" controlled by SASAC, namely: Taishan Gypsum Co., Ltd. f/k/a Shandong Taihe Dongxin Co., Ltd. ("Taishan"), its parents Beijing New Building Materials Public Limited Co. ("BNBM"); China National Building Material Co., Ltd. ("CNBM"); Beijing New Building Materials (Group) Co., Ltd. ("BNBM Group"); and China National Building Materials Group Co. ("CNBM Group"); and Taishan's wholly-owned subsidiary Taian Taishan Plasterboard Co., Ltd. ("TTP").[1] The Complaint alleges, on behalf of a class of 4,000 Plaintiffs who have suffered damages as a result of having Taishan Chinese Drywall installed in their properties, that SASAC and the Taishan Defendants "took advantage of the American marketplace by selling defective drywall throughout the country but then walked away from responsibility for their products after being called to task for the injuries they caused to thousands of American property owners."[2] Moreover, the Complaint alleges that "[b]ecause all of the defendants aided and abetted one another and acted in concert, each of the Defendants is in contempt of the district court's July 17, 2014 order. Further, as a result of their concerted actions, all of these defendants are collectively (jointly and severally) liable for damages to plaintiffs which are in excess of $1.5 billion."[3]

---

[1] Rec. Doc. No. 17906.

[2] Omni XIX at pp. 1-2.

[3] *Id*. at p. 3.

As this Court has already found, SASAC exercises extensive control and influence over more than 100 large central State-owned Enterprises ("SOEs") in China,[4] including CNBM Group,[5] which is a Taishan affiliate.[6] SASAC controls the Chinese Drywall "plasterboard" manufacturing, exportation and certification industry and supervises and manages the State-owned assets of the SOEs engaged in drywall production.[7]

In accordance with the requirements of 28 U.S.C. § 1608(a)(2) & (b)(2) of the FSIA and the Hague Convention (the "Convention"), the PSC translated Omni XIX into Chinese and made attempts to serve SASAC in China through proper channels. In particular, in conformity with Article 5(a) of the Convention, on August 19, 2014, the PSC's agent APS International, Ltd. transmitted to the Ministry of Justice for the People's Republic of China (the "Ministry") in duplicate (i) the Omni XIX Complaint, (ii) a summary of the Complaint, (iii) a summons, and (iv) a translation of these documents.[8] This is a prolix and onerous process that costs more than $100,000 to serve each complaint and frequently takes in excess of six months to complete, especially when serving Chinese Defendants.[9] In this case, for more than six months, the PSC

---

[4] *In re Chinese-Manufactured Drywall Prod. Liab. Litig.*, 2014 WL 4809520 (E.D. La. Sept. 26, 2014) ("FOFCOL"), *5 at ¶ 25; *see also* List of 117 SASAC SOEs at Rec. Doc. No. 18549-2 (archived page from SASAC's English website, dated July 29, 2014).

[5] *See* Excerpts of CNBM 2006 Global Offering Prospectus Filing, attached to the Affidavit of Yan Gao as Exhibit "Y" [Rec. Doc. No. 18433-27] at p. 27, accessed at: http://www.cnbmltd.com/news_report/en/369.pdf.

[6] FOFCOL, *1 at ¶ 4, *5 at ¶ 26, *6 at ¶¶ 28-29, *8 at ¶ 47, *9 at ¶¶ 50-51.

[7] FOFCOL, *5 at ¶¶ 24-26.

[8] *See* Affidavit of Jeff. J. Karsten, Paralegal for APS Int'l, Ltd. (Rec. Doc. No. 18549-3) (attesting to Plaintiffs' efforts to effect service upon SASAC pursuant to the Convention).

[9] *See* Affidavit of Ann Mickow dated 5/4/2012, attached as Ex. 199 to the Affidavit of Russ M. Herman ("Herman Aff."), which was filed with the Court on May 8, 2012, as Exhibit "A" to the

made numerous attempts to achieve proper service of Omni XIX on SASAC.[10] Despite these efforts, on February 3, 2015, the Ministry returned Plaintiffs' request for service without delivering the documents to SASAC, alleging that "[t]he execution of the request would infringe the sovereignty or security of the People's Republic of China."[11] In addition, the Ministry alleged that SASAC "is the Chinese central government *agency* which shall enjoy sovereign immunity and not be subject to foreign jurisdiction."[12]

Based on that impasse in service, and based on the Ministry's claim that SASAC is an agency of the People's Republic of China, the PSC sought alternative service on SASAC, as dispatched by the Clerk of the Court, in "any form of mail requiring a signed receipt," in strict compliance with 28 U.S.C. § 1608(b)(3)(B).[13] In addition, the PSC sought to serve SASAC

---

PSC's Global Statement of Facts in Opposition to Taishan's jurisdictional motions [*see* Rec. Doc. No. 14215-3](The Exhibits attached to the Herman Aff. were filed manually, due to their volume [Rec. Doc. No. 14224]. These Exhibits contain evidence derived from the jurisdictional discovery that this Court oversaw in this litigation.). *See*, *generally*, Rosler, *China's Great Legal Firewall: Extraterritoriality of Chinese Firms in the United States,* U.S. – China Economic and Security Review Comm'n, at 4 (May 5, 2015)( the process is unduly time consuming, and "cooperation cannot always be expected."), available at http://origin.www.uscc.gov/sites/default/files/Research/Extraterritoriality%20of%20Chinese%20 Firms_Research%20Report_0.pdf, *quoting*, Longer, *Service of Process in China*, ABA Section of Litigation 2012 Annual Conf. (2012), available at http://www.americanbar.org/content/dam/aba/administrative/litigation/materials/sac_2012/19-1_service_of_process_in_china.authcheckdam.pdf.

[10] *Id*.

[11] *See* Return of Request for Service (*citing* Article 13 of the Convention) (Rec. Doc. No. 18549-4).

[12] *Id*.

[13] *See* Motion Of Plaintiffs' Steering Committee To Serve Defendant State-Owned Assets Supervision And Administration Commission Via Mail Pursuant To 28 U.S.C. § 1608(B)(3)(B) And/Or Through CNBM Group Pursuant To F.R.C.P. 4(F)(3). [Rec.Doc. 18549].

4

through CNBM Group's counsel. On April 2, 2015, the Court granted the motion. [Rec. Doc. No. 18594].

CNBM Group filed a motion for emergency reconsideration of this Order to the extent it permitted service on counsel for CNBM Group [Rec. Doc. No. 18594]. Therein, CNBM Group objected to service on SASAC through counsel, but agreed with the PSC that service on SASAC pursuant to the FSIA is appropriate (and, indeed, CNBM claimed it was the exclusive means of service on SASAC under the circumstances). CNBM Group argued that §1608(a) (applicable to a foreign state or political subdivision of a foreign state) rather than §1608(b) (applicable to an agency or instrumentality of a foreign state) governs service on SASAC.[14] In seeking alternative service on SASAC under subsection (b) of Section 1608 of the FSIA, the PSC relied upon the Ministry's assertion that SASAC is an *agency* of China. Based on CNBM Group's arguments, the PSC withdrew its alternative request regarding service on counsel, without prejudice.

On April 17, 2015, the Court granted the PSC's revised motion and ordered that service be accomplished on SASAC pursuant to 28 U.S.C. § 1608 (a)(3) and (b)(3)(B) [Rec. Doc. No. 18733]. Thereafter, on April 29, 2015, the Court confirmed that the Clerk of Court dispatched service upon SASAC by registered mail to the head of the Ministry of Foreign Affairs of the People's Republic of China pursuant to subsections (a)(3) and (b)(3) of 28 U.S.C. § 1608 [Rec. Doc. No. 18857].

---

[14] It is interesting that the CNBM entities sat on the sidelines of this litigation for almost six years, allowing numerous default judgments to be entered against them despite proper service on them under the Hague Convention. Yet the CNBM Entities challenged service of Omni XIX on SASAC, even to the point of arguing over which subsection of the statute applies (*i.e.*, whether the clerk of the court should dispatch the complaint by mail to SASAC or the Ministry itself), all the while disputing their close relationship with this Defendant. As they admit, the purpose of their motion for reconsideration was to "contest an alter ego relationship" with SASAC [Rec. Doc. No. 18674-1 at 5].

On June 23, 2015, the Court issued an Order requiring that correspondence indicating refusal of service by SASAC and the Ministry of Foreign Affairs of the People's Republic of China be filed into the record [Rec. Doc. No. 19211]. Thereafter, on July 21, 2015, the Court issued an Order acknowledging receipt and review of a legal memorandum on issues concerning the lawsuit, submitted by the Embassy of the People's Republic of China [Rec. Doc. No. 19329]. Therein, the Chinese Embassy identified SASAC as "an integral part of the Chinese government."

In light of this comment by the Chinese Embassy, to be certain that service on SASAC is effective, prudence dictates that the last measure of the FSIA be employed. Accordingly, the PSC now requests that the Court issue an order authorizing service on SASAC through diplomatic channels, as if it were a foreign state or political subdivision of a foreign state, pursuant to 28 U.S.C. § 1608(a)(4).

## III. ARGUMENT

### A. Plaintiffs Are Entitled to Effectuate Service of Omni XIX on SASAC Pursuant to 28 U.S.C. § 1608(a)(4).

The Ministry has refused to serve Omni XIX on SASAC pursuant to the Convention, on the grounds that service of the complaint "would infringe the sovereignty or security of the People's Republic of China."[15] Likewise, the Embassy of China has written to the Court to express its view that SASAC is "an integral part of the Chinese government." Assuming that SASAC is an agency or instrumentality of the PRC (or even a foreign state or political subdivision of a foreign state as CNBM Group contends), continuing litigation against SASAC is still appropriate based upon the commercial activities and tortious conduct exceptions to the

---

[15] *See* Return of Request for Service (*citing* Article 13 of the Convention) (attached hereto as Exhibit "C").

6

FSIA.  *See* 28 U.S.C. § 1603(d).  Under the FSIA, "[t]he commercial character of an activity shall be determined by reference to the nature of the course of conduct or particular transaction or act, rather than by reference to its purpose."  *Id.*  Further, "[a] foreign state shall not be immune from the jurisdiction of courts of the United States or of the States in any case … in which the action is based … upon an act outside the territory of the United States in connection with a commercial activity of the foreign state elsewhere and that act causes a direct effect in the United States."  28 U.S.C. § 1605(a)(2).

The PSC has already attempted to serve SASAC under. § 1608(a)(2-3).  What remains is the last section of § 1608(a)(4) which provides that:

> **(a)** Service in the courts of the United States and of the States shall be made upon a foreign state or political subdivision of a foreign state:
>
> **(4)** if service cannot be made within 30 days under paragraph (3), by sending two copies of the summons and complaint and a notice of suit, together with a translation of each into the official language of the foreign state, by any form of mail requiring a signed receipt, to be addressed and dispatched by the clerk of the court to the Secretary of State in Washington, District of Columbia, to the attention of the Director of Special Consular Services--and the Secretary shall transmit one copy of the papers through diplomatic channels to the foreign state and shall send to the clerk of the court a certified copy of the diplomatic note indicating when the papers were transmitted.
>
> As used in this subsection, a "notice of suit" shall mean a notice addressed to a foreign state and in a form prescribed by the Secretary of State by regulation.

28 U.S.C. § 1608(a)(4).

Plaintiffs have no "special arrangement for service" with SASAC (§ 1608(a)(1)) and they have already attempted to serve SASAC under the Convention, without success (§ 1608(b)(2)).  This Court's attempt at service pursuant to § 1608(a)(3), "by any form of mail requiring a signed receipt, to be addressed and dispatched by the clerk of the court to the agency or instrumentality

7

to be served," which is reasonably calculated to give actual notice to SASAC was returned undelivered.  Thus, the last approach available is that of § 1608(a)(4), which the PSC submits should be done to avoid any doubt that every effort was made to put SASAC on notice of this litigation and effectuate service.

In this case, Plaintiffs' proposal for the clerk of court to serve SASAC through a "form of mail requiring a signed receipt" to the Secretary of State in Washington, D.C., to the attention of the Director of Special Consular Services would constitute strict compliance with the statute, and should be granted.  The Ministry's unreasonable refusal to serve SASAC, citing Article 13 of the Convention, and SASAC's refusal to accept service issued by the Clerk of Court, should not serve to thwart the progression of this case, which is based upon the commercial activities of this Defendant that have caused harm to the Plaintiffs.  *See Devi v. Rajapaska*, 2012 WL 309605, at *1 (S.D.N.Y. Jan. 31, 2012) (citing *Manoharan v. Rajapaksa*, No. 11-235(CKK) (D.D.C.), where the court authorized an alternative means of service (by publication notice) on the President of Sri Lanka despite the invocation of Article 13 of the Convention), *appeal dism'd*, 2013 WL 3855583 (2d Cir. Jan. 30, 2013); *Bleier v. Bundesrepublik Deutschland*, No. 08 C 6254, 2011 WL 4626164, at *6 (N.D. Ill. Sept. 30, 2011) (noting that the court had earlier authorized alternative service pursuant to Rule 4(f)(3) notwithstanding the receiving country's invocation of Article 13 of the Convention), *aff'd*, 739 F.3d 1009 (7th Cir.), *cert. denied*, 134 S. Ct. 2729 (2014).

## IV. CONCLUSION

Given the importance of effectuating service on SASAC in this stage of the litigation seeking redress for more than 4,000 families with Taishan Chinese Drywall in their properties, to avoid any question of the propriety of service on SASAC and further gamesmanship of the

Defendants, the PSC would urge the Court to authorize the Clerk of the Court to dispatch service of the summons and the Omni XIX Complaint (in English and Chinese), along with Notice of Suit, and direct that "the Secretary shall transmit one copy of the papers through diplomatic channels to the foreign state and shall send to the clerk of the court a certified copy of the diplomatic note indicating when the papers were transmitted," in accordance with Section 1608(a)(4).

Dated:  August 11, 2015            Respectfully Submitted,

BY: */s/ Russ M. Herman*
Russ M. Herman (LA Bar No. 6819) (on the Brief)
Leonard A. Davis (LA Bar No. 14190) (on the Brief)
Stephen J. Herman (LA Bar No. 23129)
Herman, Herman & Katz, LLC
820 O'Keefe Avenue
New Orleans, LA 70113
Phone: (504) 581-4892
Fax: (504) 561-6024
ldavis@hhklawfirm.com

*Plaintiffs' Liaison Counsel MDL 2047*

Arnold Levin (on the Brief)
Fred S. Longer (on the Brief)
Sandra L. Duggan (on the Brief)
Matthew C. Gaughan
Levin, Fishbein, Sedran & Berman
510 Walnut Street, Suite 500
Philadelphia, PA 19106
Phone: (215) 592-1500
Fax: (215) 592-4663
alevin@lfsblaw.com

*Plaintiffs' Lead Counsel MDL 2047*

*Co-Counsel for Plaintiffs and PSC Member*

**PLAINTIFFS' STEERING COMMITTEE**

Dawn M. Barrios
Barrios, Kingsdorf & Casteix, LLP
701 Poydras Street, Suite 3650
New Orleans, LA 70139
Phone: (504) 524-3300
Fax: (504) 524-3313
Barrios@bkc-law.com

Daniel E. Becnel, Jr.
Becnel Law Firm, LLC
425 W. Airline Highway, Suite B
Laplace, LA 70068
Phone: (985) 536-1186
Fax: (985) 536-6445
dbecnel@becnellaw.com

Gerald E. Meunier
Gainsburgh, Benjamin, David
  Meunier & Warshauer, LLC
2800 Energy Centre
1100 Poydras Street
New Orleans, LA 70163-2800
Phone: (504) 522-2304
Fax: (504) 528-9973
gmeunier@gainsben.com

Peter Prieto
Podhurst Orseck, PA
25 Flagler Street, 8th Floor
Miami, FL 33130
Phone: (305) 358-2800
Fax: (305) 358-2382
pprieto@podhurst.com

Bruce William Steckler
Steckler LLP
12720 Hillcrest Road, Suite 1045
Dallas, TX 75230
Phone: (972) 387-4040
Fax: (972) 387-4041
bruce@stecklerlaw.com

Ervin A. Gonzalez
Colson, Hicks, Eidson
255 Alhambra Circle, Penthouse
Coral Gables, FL 33134
Phone: (305) 476-7400
Fax: (305) 476-7444
ervin@colson.com

Ben W. Gordon, Jr.
Levin, Papantonio, Thomas, Mitchell
  Echsner & Proctor, PA
316 S. Baylen Street, Suite 600
Pensacola, FL 32502
Phone: (850) 435-7000
Fax: (850) 435-7020
bgordon@levinlaw.com

Hugh P. Lambert
The Lambert Firm
701 Magazine Street
New Orleans, LA 70130
Phone: (504) 581-1750
Fax: (504) 529-2931
hlambert@thelambertfirm.com

Jerrold Seth Parker
Parker Waichman, LLP
3301 Bonita Beach Road
Bonita Springs, FL 34134
Phone: (239) 390-1000
Fax: (239) 390-0055
Jerry@yourlawyer.com

Scott Wm. Weinstein
Morgan & Morgan
12800 University Drive, Suite 600
Ft. Myers, FL 33907
Phone: (239) 433-6880
Fax: (239) 433-6836
sweinstein@forthepeople.com

James Robert Reeves
Reeves & Mestayer, PLLC
160 Main Street
Biloxi, MS 39530
Phone: (228) 374-5151
Fax: (228) 374-6630
jrr@attorneys4people.com

Christopher Seeger
Seeger Weiss, LLP
77 Water Street
New York, NY 10005
Phone: (212) 584-0700
Fax: (212) 584-0799
cseeger@seegerweiss.com

Daniel K. Bryson
Whitfield, Bryson & Mason, LLP
900 W. Morgan Street
Raleigh, NC 27603
Phone: (919) 600-5000
Fax: (919) 600-5002
dan@wbmllp.com

Richard J. Serpe
Law Offices of Richard J. Serpe
Crown Center, Suite 310
580 East Main Street
Norfolk, VA 23510-2322
Phone: (757) 233-0009
Fax: (757) 233-0455
rserpe@serpefirm.com

Victor M. Diaz, Jr.
V.M. Diaz and Partners, LLC
119 Washington Ave., Suite 402
Miami Beach, FL 33139
Phone: (305) 704-3200
Fax: (305) 538-4928
victor@diazpartners.com

## OF COUNSEL TO PLAINTIFFS' STEERING COMMITTEE

Richard S. Lewis
HAUSFELD LLP
1700 K Street, N.W., Suite 650
Washington, DC 20006
Phone: (202) 540-7200
Fax: (202) 540-7201
rlewis@hausfeldllp.com

Anthony D. Irpino
IRPINO LAW FIRM
2216 Magazine Street
New Orleans, LA 70130
Phone: (504) 525-1500
Fax: (504) 525-1501
airpino@irpinolaw.com

Andrew A. Lemmon
Lemmon Law Firm, LLC
P.O. Box 904
15058 River Road
Hahnville, LA 70057
Phone: (985) 783-6789
Fax: (985) 783-1333
andrew@lemmonlawfirm.com

## CERTIFICATE OF SERVICE

I hereby certify that the above and foregoing has been served on Defendants' Liaison Counsel, Kerry Miller, by e-mail and upon all parties by electronically uploading the same to LexisNexis File & Serve in accordance with Pre-Trial Order No. 6, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2047 on this 11th day of August, 2015.

                Respectfully Submitted,

BY:  */s/ Leonard A. Davis*
       Leonard A. Davis
       Herman, Herman & Katz, LLC
       820 O'Keefe Avenue
       New Orleans, LA 70113
       Phone: (504) 581-4892
       Fax: (504) 561-6024
       ldavis@hhklawfirm.com

       *Plaintiffs' Liaison Counsel*
       *MDL 2047*