UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

IN RE: CHINESE MANUFACTURED DRYWALL
PRODUCTS LIABILITY LITIGATION

MDL NO. 2047

THIS DOCUMENT RELATES TO:
ALL CASES AND

SECTION: L

Payton, et al. v. Knauf Gips, KG, et al
Case No. 2:09-cv-07628 (E.D. La.)

JUDGE FALLON

MAG.JUDGE WILKINSON

AND RELATED CASES

### Notice of Appeal/Objection of Denial Notice by Special Master

Comes now Gregory Friedlander (hereinafter "claimant"), pro se, and files this Notice of Appeal of the Denial and in support thereof would allege and show as follows**:**

### SUMMARY OF ARGUMENT

This appeal applies to "lost value"/"short sale" and Miscellaneous claims for units 6, 16, 25, 30, 35, 36 and 99 under the class action settlement being administered by Brown and Greer and, by way of example and not exclusion CAP-3. All other claims held by CLAIMANT have been processed without delay. This matter is currently set to have a deadline for the filing of Notice of Appeal filed as early as 8/10/15 for units 16 and 35.

The petitioner and special master are attempting to have all of the denial notices issued in time for a single appeal to be filed; but for reasons that are not fully understood, Unit 36 as identified below does not have a denial notice at this time.

### FACTS AND PROCEDURAL SUMMARY

1. The Claimant ID is 100473, the claim ID is 5719 and property ID 612 for unit 16.
2. The Claimant ID is 100473, the claim ID is 9192 and property ID 612 for unit 35.
3. The Claimant ID is 100473, the claim ID is 5816 and property ID 611 for unit 6.
4. The Claimant ID is 100473, the claim ID is 5748 and property ID 634 for unit 25.
5. The Claimant ID is 100473, the claim ID is 5754 and property ID 635 for unit 30.
6. The Claimant ID is 100473, the claim ID is 5769 and property ID 636 for unit 99.
7. The claimant id is 100473, the claim id is 9193 and the property ID 639 for unit 36.

A summary of the current status as set out by the Administrator is as follows:

| Affected Property | Claim ID | Claim Type | Claim Status | Notice Date | Last Notice Issued |
|---|---|---|---|---|---|
| 1625 Martin Bluff Road, Unit 6 | 3117 | Lost Rent, Use, or Sales | Resolution Offer Deemed Accepted | 2/13/15 | Other Loss Eligibility Notice |
| | 5816 | Short Sale | Special Master Review Completed - Incompleteness Denial | 8/3/15 | Special Master Denial Notice |
| | 9186 | Miscellaneous | Resolution Offer Deemed Accepted | 4/3/15 | Other Loss Eligibility Notice |
| 1625 Martin Bluff Rd, Unit 16 | 3120 | Lost Rent, Use, or Sales | Resolution Offer Deemed Accepted | 2/13/15 | Other Loss Eligibility Notice |
| | 5719 | Short Sale | Special Master Review Completed - Incompleteness Denial | 7/28/15 | Special Master Denial Notice |

| | 9187 | Miscellaneous | Resolution Offer Deemed Accepted | 4/3/15 | Other Loss Eligibility Notice |
|---|---|---|---|---|---|
| 1625 Martin Bluff Rd, Unit 25 | 3126 | Lost Rent, Use, or Sales | Resolution Offer Deemed Accepted | 2/13/15 | Other Loss Eligibility Notice |
| | 5748 | Short Sale | Special Master Review Completed - Incompleteness Denial | 8/3/15 | Special Master Denial Notice |
| | 9188 | Miscellaneous | Resolution Offer Deemed Accepted | 4/3/15 | Other Loss Eligibility Notice |
| 1625 Martin Bluff Rd, Unit 30 | 3194 | Lost Rent, Use, or Sales | Resolution Offer Deemed Accepted | 2/13/15 | Other Loss Eligibility Notice |
| | 5754 | Short Sale | Special Master Review Completed - Incompleteness Denial | 8/3/15 | Special Master Denial Notice |
| | 9189 | Miscellaneous | Resolution Offer Deemed Accepted | 4/3/15 | Other Loss Eligibility Notice |
| 1625 Martin Bluff Rd, Unit 99 | 3196 | Lost Rent, Use, or Sales | Resolution Offer Deemed Accepted | 2/13/15 | Other Loss Eligibility Notice |
| | 5769 | Short Sale | Special Master Review Completed - Incompleteness Denial | 8/3/15 | Special Master Denial Notice |
| | 9190 | Miscellaneous | Resolution Offer Deemed Accepted | 4/3/15 | Other Loss Eligibility Notice |
| 1625 Martin Bluff Rd, Unit 17 | 5737 | Short Sale | Resolution Offer Deemed Accepted | 2/3/15 | Other Loss Eligibility Notice |
| | 9191 | Miscellaneous | Resolution Offer Deemed Accepted | 4/3/15 | Other Loss Eligibility Notice |
| 1625 Martin Bluff Rd, Unit 35 | 5761 | Short Sale | Special Master Review Completed - Incompleteness Denial | 1/28/15 | Special Master Denial Notice |
| | 9192 | Miscellaneous | Special Master Review Completed - Incompleteness Denial | 7/28/15 | Special Master Denial Notice |
| 1625 Martin Bluff Rd, Unit 36 | 5764 | Short Sale | Special Master | | |

1. This appeal of the special master denial applies to settlement of Payton et al v Knauf et al and for the earliest of the denials, the appeal is due August 10, 2015. The record of the special master is complete and refiling documents from that record would be superfluous.

2. The Settlement of 2013: Your claimant opted out of the settlement, but opted back in as part of a settlement agreement at the end of 2013. In light of the proceedings surrounding that settlement it is alleged that there is sufficient information to complete the claims addressed in this appeal. It is respectfully submitted that these claims may be processed as complete and that the claims may be paid under the guidelines of the settlement.

3. Units 35 and 36: While the court is believed to be against "reputation" damages where a unit's price is affected by the cdw in a nearby unit (with or without common walls) when your petitioner agreed to handle these claims within the class, that position had not been taken and the claimant alleges that the lost value of these two units should be taken into account. Your petitioner would submit these units may not be free from CDW as they have common walls with units that may have CDW. When these units were sold at a loss, the entire complex was rapidly losing value due to a lawsuit over the failure of electrical elements and at the time of the sale no one even knew that the problem was caused by CDW. Hence the loss predates the ability of the parties to allocate the reputation problem between CDW units and non-CDW units. The loss of value is a maximum of 150,000-70,000 ($80,000/unit). The minimum loss is alleged to be $40,000 per unit and as much as 100,000 per unit.

4. When the Petitioner agreed to put these units back into the settlement (to "opt back in"), this issue was specifically discussed. The opinion of the court relative to these units, I

reserve for the court, but it is your petitioner's understanding that the claims for the lost value and the miscellaneous claims of all of these units would be allowed.

5. Units 25 and 36 have a procedural irregularity in that an administrative appeal was filed and thereafter an incompleteness notice was issued. It easily reconciled given the failure of the CDW review team to rule before August 6, 2015 on the Notice of administrative appeal of incompleteness notice timely filed on December 12, 2014 as document 312415 (listed as "correspondence" but clearly a notice of administrative appeal, identical to the other notices filed the same day in the other cases).

6. Units 6,16,25,30 and 99: Your petitioner is negotiating a sale of these units but that sale cannot be finalized before the deadlines set forth by the claims administrator. Part of the reason this sale is delayed is because KNAUF has failed to honor the agreement reached for funding the remediation. This motion does not intend to hold KNAUF accountable for that delay except to the extent that the KNAUF based delay in any closing should not affect the claims in this case. Indeed, even were these units not to be sold at all, it is the position of your petitioner that as a result of the special circumstances surrounding the "Retraction of the Opt Out" as part of a "settlement with Knauf" that this court would hold that these units are to be covered and paid under the settlement.

7. This appeal relates to claims for lost value and miscellaneous claims loss. The lost value is based on the evidence submitted which shows sales before the CDW affected the units of 120,000 to 150,000 per unit. The evidence also shows that the units in question were for sale at that time (2006-2007).

8. The current value of the units is between 30,000 and 39,000 as shown in the evidence submitted. In particular, 52 units in the complex have been offered for sale for between 30,000 and 39,000 per unit; representing more than 50% of the total number of units in the complex. This valuation, therefore, is not restricted to the 5 units still owned by your petitioner, but instead covers at least the majority of the units in the complex.

9. One reason for the delay in the sale is the delay in the funding of repairs by KNAUF. This was partially due to the delay in getting a repair estimate on these units, the responsibility of KNAUF. The estimate only became available on or about 12/7/14. However, since that time, KNAUF has continually failed to fund the repairs. It should be noted that the CDW in the units owned by the claimant has been removed which was part of the settlement of the opt out.

10. The lost value should be based on current value; $30,000/unit, which is the agreed upon sales price for those units; although a valuation of 39,000 per unit (the highest price paid for any of the units in the 52 unit sale) would yield the same result under the settlement.

11. The appeal is based on the belief of the claimant that he can should receive: a) the miscellaneous claims and lost value claims of units 35 and 36 at the time the sales occurred (which was before the parties to the sale had knowledge of the CDW but after the owner was sued for electrical failures within the units) and b) the miscellaneous claims and lost value of units 6,16,25,30 and 99 even though the sale of those units is not yet final.

Wherefore your petitioner seeks the following relief:
1. That the court set this matter for a hearing if necessary;
2. That the court make such findings as are appropriate to provide direction to the claims administrator and claimant as to the handling of these claims for lost value and miscellaneous damages within the framework previously negotiated by the parties.

3. That the claimant be paid for miscellaneous damages and lost value of units 6, 16,25,30,99, 35 and 36 of Riverbend condominiums based on the settlement.

        Respectfully Submitted,

        __/s/Gregory Friedlander_____
        GREGORY M. FRIEDLANDER
        Louisiana Bar No. 01886
        Pro Se
        11 S. Florida Street
        Mobile, Al 36606-1934
        (251-470-0303 (fax) 8884412123
        Gmfpc1@gmail.com

**CERTIFICATE OF SERVICE**

I do hereby certify that I have on this the 7th day of AUGUST, 2015, served a copy of the foregoing by e-mail to the following:

Kerry Miller kmiller@frilot.com, kspaulding@frilot.com
Frilot L.L.C.
1100 Poydras Street, Suite 3700
New Orleans, LA 70163
Phone:(504)599-8194 Fax: (504) 599-8145

Lynn Greer, Esquire (Va. Bar No. 29211)
Jacob S. Woody, Esquire (Va. Bar No. 77485)
BrownGreer, PLC
250 Rocketts Way
Richmond, VA 23231
Telephone: (804) 521-7234
CDWQuestions@browngreer.com

Leonard Davis ldavis@hhklawfirm.com
cdwquestions@browngreer.com
Leonard Washofsky: leonard@washofsky.com

        __/s/Gregory Friedlander_____