# UNITED STATES BANKRUPTCY COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| In re:<br><br>DEVON INTERNATIONAL INDUSTRIES, INC.<br><br>      Debtor.<br><br>---<br><br>THE CINCINNATI INSURANCE COMPANY,<br><br>      Movant,<br><br>v.<br><br>DEVON INTERNATIONAL INDUSTRIES, INC.,<br><br>      Respondent. | Bankruptcy Case No. 13-13552 (SR)<br><br>Chapter 7 |

## THE CINCINNATI INSURANCE COMPANY'S LIMITED MOTION FOR RELIEF FROM THE AUTOMATIC STAY

AND NOW comes The Cincinnati Insurance Company ("CIC"), by and through its undersigned counsel, Bernstein-Burkley, P.C., and hereby files this Limited Motion for Relief from the Automatic Stay (the "Motion"), and states in support thereof as follows:

### JURISDICTION AND VENUE

1. This Court has jurisdiction to hear this matter pursuant to 28 U.S.C. §§157 and 1332. This matter constitutes a core proceeding within the meaning of 28 U.S.C. §157(b)(2).

2. Venue is proper before this Court pursuant to 28 U.S.C. §§1408 and 1409.

1

## FACTUAL BACKGROUND

3. On April 23, 2013 (the "Petition Date"), Devon International Industries, Inc. ("Devon") filed a voluntary petition for relief under chapter 7 of Bankruptcy Code, 11 U.S.C. § 101, *et seq.* (the "Bankruptcy Code").

4. As is set forth below, CIC is a party-in-interest under the provisions of the Bankruptcy Code, as it is the appellee in litigation against Devon pending before the United States Court of Appeals for the Third Circuit (the "Third Circuit").

5. Devon is a Pennsylvania corporation which had previously been engaged in the importation of drywall from China.

6. CIC is an insurance provider.

7. Devon was a named insured under CIC Insurance Policy No. 365 8338 (the "Policy"), which was in effect from November 20, 2008 through November 20, 2010 (which covered two periods - the first from November 20, 2008 through November 20, 2009; and the second from November 20, 2009 through November 20, 2010). The Policy included Commercial General Liability Coverage ("CGL") and Commercial Umbrella Coverage ("CUC"). Under the Policy, the limit of insurance during each of the policy periods was: (i) $1,000,000 per occurrence and $2,000,000 general aggregate for CGL; and (ii) $1,000,000 per occurrence and $1,000,000 general aggregate for CUC.

8. In 2006, Devon, who is a sourcing agent for Chinese products, had received an order from the North Pacific Group ("North Pacific") for Chinese Drywall (the "Chinese Drywall"). Devon filled the order by placing an order for Chinese Drywall with Shandong, a Chinese manufacturer, and having that Chinese Drywall shipped to Florida.

9. North Pacific accepted delivery of some of the Chinese Drywall under the Order, and Devon sold the remaining Chinese Drywall to other individuals and entities.

2

10. Sometime thereafter, Devon became aware of claims alleging that the Chinese Drywall contained an improper amount of sulfur. Devon subsequently faced a number of lawsuits in multiple jurisdictions (the "Prior Drywall Suits").

11. CIC undertook the defense of Devon under a reservation of rights and has contributed more than $3,000,000 to settle numerous claims brought against Devon in the Prior Drywall Suits. At this point, CIC understood that its obligations to Devon under the Policy were exhausted.

12. In 2013, Devon and CIC were parties to an action CIC filed for declaratory judgment (the "Insurance Action") before the Eastern District of Pennsylvania (the "Court"). *Cincinnati Insurance Co. v. Devon International*, 924 F.Supp.2d 587 (E.D.Pa. 2013).

13. The relevant background of the Insurance Action is as follows:

    a. Devon and CIC had agreed that the Policy would cover only bodily injury or property damage if it was "caused by an occurrence that takes place in the coverage territory."

    b. CIC brought an action in the Eastern District of Pennsylvania seeking declaratory judgment defining its obligations under the Policy. The issue was whether the underlying claims against Devon originated from a single occurrence or multiple occurrences under the Policy.

    c. On February 15, 2013, the Court found that all claims arising from the Chinese Drywall arose out of a single occurrence that took place under the first period of the Policy, and that CIC had no obligation to defend or indemnify Devon for claims arising during the second period of the Policy. Moreover, because coverage under the first period of the Policy had been exhausted as a result of settlement payments made by CIC on behalf of Devon in excess of the policy

3

limits, the Court held that CIC has no obligation to continue to defend or indemnify Devon for claims made by plaintiffs arising from the Chinese Drywall (the "District Court Order").

14. On March 1, 2013, Devon appealed the Insurance Action to the Third Circuit (the "Pending Appeal").

15. On November 20, 2014, Ace Home Centers, Inc. ("Ace") filed a motion (the "Motion for Relief from Stay") with the Court requesting an entry of order lifting the automatic stay imposed by 11 U.S.C. §362 for the purpose of allowing Ace to join Devon as a third party defendant in two Lawsuits[1] (the "Lawsuits") alleging personal injuries arising from Chinese Drywall sold by Devon to Ace and installed in plaintiffs' homes. The plaintiffs sought to pursue claims against Devon up to the amount of all applicable insurance coverage available to Devon.

16. In its Motion for Relief from Stay, Ace averred that lifting the automatic stay would not affect Devon's bankruptcy since Devon's insurer would have to defend the Lawsuits and pay any resulting verdict for the personal injuries up to the amount of all applicable coverage. Ace further averred that Devon's insurer had the obligation to defend the suits to the best of its ability, and therefore would adequately represent and protect Devon's interest.

17. This Court, however, was not informed by Ace in its Motion for Relief from Stay that, due to the District Court Order, Devon had no such continuing liability coverage under its applicable policy with CIC.

18. Upon information and belief, Devon maintained liability insurance with two other carriers, one of whom has exhausted its policy limits, and another carrier who has denied

---

[1] The Lawsuits are: (i) In re: Chinese-Manufactured Drywall Products Liability Litigation, MDL No. 2047 in the United States District Court for the Eastern District of Louisiana, specifically the consolidated cases of Braxton and Kerrie Collins v. Bass Homes, Inc., et al. and Jason and Carrie Herrington v. Bass Homes, Inc. et. Al., S.D. Mississippi, C.A. No.: 1:13-00297 and (ii) Gregg and Sherry Wiggins v. Ace Home Centers, Inc., Case No.:30-CV-2013-900145 in Circuit Court of Escambia County, Alabama.

4

coverage on Devon's claim and is party to an insurance coverage lawsuit currently pending in Federal court.

19. The Motion for Relief from Stay was also expressly premised on Ace's assertion that Devon had liability insurance coverage and that joining Devon would not "impinge on Devon's bankruptcy proceedings since Devon's Insurer will have to defend the (actions) and pay any resulting verdict for personal injuries up to the amount of all applicable insurance coverage available to (Devon)." Central to the Motion's argument that there was proper "cause" under bankruptcy law to lift the automatic stay was that the (above-styled actions) "will be defended by Insurer, and will not require substantial efforts from Devon's estate or its counsel."

20. Based upon the representations made in Ace's Motion for Relief from Stay, the Court entered an order granting relief from stay (the "Order") and permitted Ace to join Devon in the Lawsuits as a third party defendant.

21. In order to assert a defense in the Lawsuits, Devon would have to retain local counsel, thus resulting in substantial hardship to Devon. Defense of the claims would require Devon to expend substantial time and money to protect its interests and those of Devon's Estate (the "Estate").

22. Devon has not hired counsel or otherwise defended itself in the Lawsuits.

23. CIC has not defended Devon in the Lawsuits based upon the District Court Order.

24. On May 26, 2015, Ace filed a Motion for Entry of Default against Devon (the "Default Motion") in the United States District Court for the Eastern District of Louisiana. The Default Motion noted that no response had been filed despite Ace's counsel having sent correspondence on April 6, 2015 to Devon's General Counsel advising that Devon had been reconsolidated as a Third Party Defendant in the above-styled causes and requesting that Devon file a response.

25.     In addition to this Motion, CIC has joined with Devon's Motion to Reimpose the Automatic Stay Under 11 U.S.C. §362 Of The Bankruptcy Code As To Claims Made Against It By Ace Home Centers, Inc. Or Others Pursuant To Bankruptcy Rule 9024 (the "Joinder Motion") in order to stay the proceedings in the Lawsuits.

## RELIEF REQUESTED

26.     Section 362(d) of the Bankruptcy Code states that, "[o]n request of a party in interest and after notice and a hearing, the court shall grant relief from the stay provided under subsection (a) of this section, such as by terminating, annulling, modifying, or conditioning such stay--(1) for cause, including the lack of adequate protection of an interest in property of such party in interest…"  11 U.S.C. § 362(d)(1).

27.     "Section 362(d)(1) does not define 'cause,' leaving courts to consider what constitutes cause based on the totality of the circumstances in each particular case." *In re Stone Res., Inc.,* 482 F. App'x 719, 722 (3d Cir. 2012), quoting *Baldino v. Wilson (In re Wilson),* 116 F.3d 87, 90 (3d Cir.1997).

28.     Courts must consider the factual justifications to modify the automatic stay on a case by case basis. *In re Revco D.S., Inc.,* 99 B.R. 768, 777 (N.D. Ohio 1989).

29.     "In a case where non-bankruptcy litigation was commenced in another forum, relief from stay may be appropriate to permit that litigation to conclude, especially when multiple parties are involved or when trial is ready to proceed." *In re Laurel Highlands Found., Inc.*, 473 B.R. 641, 662 (Bankr. W.D. Pa. 2012), citing *Maintainco, Inc. v. Mitsubishi Caterpillar Forklift Am., Inc. (In re Mid–Atlantic Handling Sys., LLC)*, 304 B.R. 111, 130 (Bankr.D.N.J.2003).

30.     Furthermore, the Court is free to modify the automatic stay to allow another court to adjudicate a matter against a defendant/debtor without prejudice to the administration of the

6

bankruptcy estate so long as the order modifying the stay states that the creditor is prohibited from taking action to recovery a judgment against the defendant/debtor. *In re Revco D.S., Inc.*, 99 B.R. 768, 777 (N.D. Ohio 1989). See also, *In re Turner*, 55 B.R. 498, 502 (Bankr.N.D.Ohio 1985) (any prejudice to debtor by finding of liability in district court action may be obviated by bankruptcy court's order limiting relief from stay for the sole purpose of obtaining a finding of liability and prohibiting any action to collect on such debt from the property of the debtor).

31. The facts of this case more than justify modifying the automatic stay as requested herein.

32. CIC seeks a final declaration in judgment of the Insurance Action and the Pending Appeal in order to be certain about whether it has continuing obligations to Devon under the Policy in connection with the Lawsuits.

33. In numerous status reports filed with this Court Devon has stated its intent to dismiss the Third Circuit Appeal.

34. CIC is subject to clear prejudicial risk, based on the possibility that the Third Circuit may overturn the coverage decision (regardless of Devon's stated intent to dismiss the appeal), which would subject CIC to significant financial risk in the Lawsuits. No other party adequately represents CIC's interest in the Lawsuits.

35. Modifying the automatic stay to allow the Pending Appeal to resume will promote judicial economy and the expeditious resolution of the litigation.

36. Conversely, continuing to impose the automatic stay against Devon will cause unnecessary and unjust harm by indefinitely delaying the Pending Appeal, which would result in continued uncertainty regarding both CIC's additional financial obligations to Devon and the question of the proper party to appear in the Lawsuits on Devon's behalf.

37.     Judicial economy will be best served if the Court modifies the stay as requested, so that the Pending Appeal can be fully adjudicated.

WHEREFORE, The Cincinnati Insurance Company respectfully requests that this Honorable Court enter an Order pursuant to 11 U.S.C. § 362(d)(1) to modify the automatic stay to permit CIC and Devon to adjudicate the Pending Appeal before the United States Court of Appeals for the Third Circuit.

Dated: August 11, 2015                                   Respectfully submitted,

BERNSTEIN-BURKLEY, P.C.
BY: */s/Kirk B. Burkley*
Kirk B. Burkley, Esq. (PA ID. No. 89511)
707 Grant Street
Suite 2200 Gulf Tower
Pittsburgh, PA  15219-1900
(412) 456-8100
e-mail:  kburkley@bernsteinlaw.com

*Attorney for The Cincinnati Insurance Company*

8