## UNITED STATES BANKRUPTCY COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| In re: | CHAPTER 11 |
| DEVON INTERNATIONAL INDUSTRIES, INC., | Case No. 13-13552 (SR) |
| Debtor. | |

### MOTION OF DEBTOR TO REIMPOSE THE AUTOMATIC STAY UNDER 11 U.S.C. § 362 OF THE BANKRUPTCY CODE AS TO CLAIMS MADE AGAINST IT BY ACE HOME CENTERS, INC. OR OTHERS PURSUANT TO BANRUPTCY RULE 9024

Devon International Industries, Inc. ("Devon") by and through Smith Kane Holman, LLC, its undersigned counsel, hereby moves to reimpose the automatic stay under 11 U.S.C §362 which was lifted by the Court by Order of December 17, 2014 upon motion of Ace Home Centers, Inc. ("Ace" or "Claimant") and states in support thereof as follows:

### FACTUAL BACKGROUND

1. On April 23, 2013, Devon filed a voluntary petition for relief under Chapter 7 of the Bankruptcy Code.

2. Devon is a Pennsylvania corporation which had been engaged in the importation of drywall from China.

3. On November 20, 2014, Ace filed a motion with the United States Bankruptcy Court for the Eastern District of Pennsylvania (the "Court") requesting the entry of an order lifting the automatic stay imposed by 11 U.S.C §362 for the purpose of permitting the Ace to join Devon as a third party defendant and to pursue claims against Devon, up to the amount of all



applicable insurance coverage available to Devon, in two lawsuits[1] wherein the plaintiffs sought damages for personal injuries allegedly arising from defective Chinese drywall sold by Devon to Ace and installed in the plaintiffs' homes after November 2008 ("Ace's Motion for Relief"). *See* Ace's Motion for Relief (excluding the exhibits) attached hereto and made a part hereof as Exhibit "A."

4.     In support of Ace's Motion for Relief, Ace represented to the Court that "[a]llowing Claimant to join Devon in the [Lawsuits] will not impinge on Devon's bankruptcy proceedings since Devon's Insurer will have to defend the [Lawsuits] and pay any resulting verdict for the personal injuries up to the amount of all applicable insurance coverage available to Devon International Industries, Inc." *See* Ace's Motion for Relief at ¶9. Ace further represented that "Devon's Insurer has the obligation to defend the suits to the best of its ability, and therefore will adequately represent and protect Devon's interest. Thus, there is little connection or interference with the pending bankruptcy case." *See* Id.

5.     *Based upon these representations*, and following a hearing on December 17, 2014, the Court entered an order granting relief from stay (the "Order") by permitting Ace to join Devon in the Lawsuits as a third party defendant, so that "all appropriate parties may pursue claims against Devon International Industries, Inc. and obtain judgments against it, *but only up to the amount of all applicable insurance coverage available to Devon....*" *See* Order attached hereto and made a part hereof as Exhibit "B" (emphasis added).

6.     Unfortunately, Ace's underlying representations to the Court were, and remain, both factually and legally erroneous. Specifically, the core of Ace's argument, its representation

---

[1] The lawsuits are: (1) In re: Chinese-Manufactured Drywall Products Liability Litigation, MDL No. 2047 in the United States District Court for the Eastern District of Louisiana, specifically the consolidated cases of Braxton and Kerrie Collins v. Bass Homes, Inc., et al. and Jason and Cassie Herrington v. Bass Homes, Inc. et al., S.D. Mississippi, C.A. No.: 1:13-00297 and (2) Gregg and Sherry Wiggins v. Ace Home Centers, Inc., Case No.: 30-CV-2013-900145 in Circuit Court of Escambia County, Alabama (hereinafter "Lawsuits").

that the Lawsuits would not impinge on Devon's bankruptcy proceedings because Devon's insurer will have to defend and pay any resulting verdict up to the limits of its applicable coverage is simply incorrect. In fact, Devon had previously exhausted all applicable insurance coverage for drywall claims, and now, without the automatic stay in place, has and/or will be required to defend itself in the underlying actions, thereby substantially interfering with its pending Chapter 7 bankruptcy case.

7. Per the complaints filed in the underlying Lawsuits (attached as Exhibits A, B, and C to Ace's Motion for Relief), the underlying plaintiffs assert and claim damages from the effects of allegedly defective drywall installed in their homes after November 2008.

8. During the period when the allegedly defective drywall was installed and at all relevant times thereafter, Devon was insured by Cincinnati Insurance Company ("CIC") under an "occurrence" policy, policy number CCP 365 83 38 ("Policy"), for two policy periods: (i) first for policy period November 20, 2008 to November 20, 2009 and (ii) second for policy period November 20, 2009 to November 20, 2010. The Policy contained Commercial General Liability Coverage forms ("CGL") and Commercial Umbrella Coverage forms ("CUC").

9. Under the Policy, the limit of insurance during each of the policy periods for (i) CGL coverage was $1,000,000 per occurrence and $2,000,000 general aggregate and (ii) CUC coverage was $1,000,000 per occurrence and $1,000,000 general aggregate.

10. Beginning in 2009, Devon was sued by multiple plaintiffs in multiple jurisdictions arising from the sale of allegedly defective Chinese drywall ("CDW") and Devon made claim under the CIC Policy for defense of the underlying claims and indemnity for any judgment that may be entered against it.

11. CIC undertook the defense of Devon under a reservation of rights and to date has contributed more than $2,798,000 to settle various of the claims brought against Devon, including the class action settlement of drywall claims in the case of *In re: Chinese-Manufactured Drywall Products Liability Litigation*, MDL No. 2047 in the United States District Court for the Eastern District of Louisiana.

12. On September 20, 2011, CIC filed a declaratory judgment action against Devon in the United States District Court for the Eastern District of Pennsylvania (Civil Action No.: 11-5930) seeking a declaration regarding the extent of its obligation to defend and indemnify Devon under its Policy for drywall claims. Specifically, CIC asserted that the installation of defective drywall supplied by Devon constituted a single event and, therefore, its coverage was limited to $2,000,000 ($1,000,000 under the CGL coverage and $1,000,000 under the CUC coverage.)[2]

13. Following discovery and upon cross motions for summary judgment, the Honorable Gene E.K. Pratter entered an order on February 15, 2013, granting CIC's motion for summary judgment and denying Devon's cross motion, finding that the sale of the defective drywall by Devon causing multiple parties injury constituted a single event, and that event occurred during the first policy period so that CIC had no obligation to defend or indemnify Devon for claims arising during the second policy period. A copy of Order and Memorandum Opinion of February 15, 2013 are attached hereto as Exhibit "C".

14. The District Court found that because the CIC Policy provides no coverage for events occurring in the second policy period, and because coverage under the Policy for the first policy period has been exhausted as a result of settlement payments made by CIC on behalf of Devon in excess of the policy limits, CIC has no obligation to defend or indemnify Devon for

---

[2] Devon asserted that each sale of defective drywall constituted a separate event as defined by the Policy and, therefore, total coverage for the two policy periods under the Policy was $6,000,000 ($4,000,000 under the CGL coverage and $2,000,000 under the CUC coverage).

claims made by the underlying plaintiffs or any other party, including Ace, arising from the defective drywall.[3]

## ARGUMENT

15. With limited exceptions (none of which apply here), Rule 60 of the Federal Rules of Civil Procedures applies in cases under the Bankruptcy Code, including the instant case, under Rule 9024 of the Federal Rules of Bankruptcy Procedure ("Bankruptcy Rules").

16. In relevant part, Federal Rule of Civil Procedure 60(b) titled *Grounds for Relief from a Final Judgment, Order or Proceeding* states that "[o]n motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons: (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party." *See* F.R.Civ.P. Rule 60(b).

17. Rule 60(b)(3) of the Federal Rules of Civil Procedure applies to both intentional and unintentional misrepresentations and serves as a procedural predicate to vacate an order lifting the automatic stay. *See In re O'Brien Environmental Energy, Inc.*, 188 F.3d 116 (3rd Cir. 1999) *citing State Bank of Southern Utah v. Gledhill (In re Gledhill)*, 76 F.3d 1070, 1078 (10th Cir 1996) (a request to vacate relief from an automatic stay, even though such a request invoked equity powers to revive a stay, was properly made by motion); *see also Metmor Fin., Inc. v. Bailey*, 11 BR 151, 153 (W.D. Tenn. 1988) (Rule 60(b)(6) motion is allowed to vacate an order lifting stay where debtor established extenuating circumstances).

18. As detailed above, Ace asserted and relied upon misrepresentations to this Court in an effort to obtain relief from stay. Relying on *In re Rexene Products Co.*, 141 B.R. 574, 576 (Bankr. D. Del. 1992 (*citing In re Fernstrom Storage and Van Co.*, 938 F.2d 731, 735 (7th Cir. 1991)), Ace correctly argued that relief from the automatic stay under section 362 of the Code may be granted where the party seeking the relief from the stay can show: (1) that the debtor or

---

[3] On or about March 1, 2013 Devon filed a Notice of Appeal of Judge Pratter's decision to the United States Court of Appeals for the Third Circuit, USCA No.: 13-1601. On April 23, 2013, Devon filed its voluntary petition in bankruptcy and on or about May 3, 2013, Devon filed a Suggestion of Bankruptcy with the Third Circuit Court. The appeal has been stayed since that time.

his estate will not be greatly prejudiced by continuing the civil suit against it; (2) the hardship to the movant by maintaining the automatic stay considerably outweighs the hardship to the debtor; and (3) the movant has a reasonable chance of prevailing on the merits. *Rexene*, 141 B.R. 576. However, given the opinion of District Judge Pratter on the issue of coverage, which was and continues to be the law of the case, the *Rexene Products Co.* factors could not be established; but for Ace's misrepresentation of the facts, Ace's Motion for Relief would not have been granted by this Court.

19. Ace represented to this Court that it met the first factor because "the federal and state court actions will be defended by Insurer, and will not require substantial efforts from Devon's estate or its counsel." *See* Ace's Motion for Relief at ¶11. This is simply untrue. Devon had previously exhausted its coverage under the applicable policies as interpreted by the District Court Judge. Accordingly, CIC has no obligation to defend or indemnify Devon. Therefore, Devon alone will be obligated to defend the action brought against it by Ace and the estate would be solely responsible to answer for any judgment rendered against it in the Lawsuits. Rather than an inconsequential effort, the defense of the claim will require Devon to expend substantial time and money to protect its interests and the interests of the estate.

20. Further, to assert a defense, Devon is required to engage local counsel in the Lawsuits. This will cause substantial hardship to Devon in what amounts to pre-petition unsecured claims and potential additional claims against the Chapter 7 estate.

21. Finally, contrary to Ace's suggestion that the underlying plaintiffs' claims will be paid by Devon's carrier, up to the limit of insurance coverage, so that Devon has no interest in the funds that plaintiffs might recover, Devon does not have a carrier which is obligated to indemnify Devon. Without a responsible carrier to pay any judgment entered in the Lawsuits, Devon or Devon's Chapter 7 estate is the sole source for satisfaction of any judgment.

22. Because there is no insurance coverage available to Devon with regard to the Lawsuits, the lifting of the automatic stay will require Devon and its counsel to devote

substantial time and effort to defend Devon's interests in the suits and could divert substantial assets from the Devon's estate.

23. Under Rule 60(b)(3) of the Federal Rules of Civil Procedure made applicable herein under Bankruptcy Rule 9024, circumstances dictate and support the Court's reimposition of the automatic stay as to Ace and other parties in the Lawsuits, where the original relief was procured upon misrepresentation of facts critical to the entry of the Court's Order.

## CONCLUSION

For these and all of the forgoing reasons, Devon International Industries, Inc. respectfully requests that the automatic stay provided under 11 U.S.C. §362 be reimposed as to Ace Home Centers, Inc. and others and for such other and further relief as is just and proper.

SMITH KANE HOLMAN, LLC

Date: July 28, 2015

By: /s/Robert M. Greenbaum
Robert M. Greenbaum, Esquire
112 Moores Road
Suite 300
Malvern, PA 19355
(610) 407-7215 Phone
(610) 407-7218 Fax

Counsel to the Debtor