UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: CHINESE-MANUFACTURED DRYWALL PRODUCTS LIABILITY LITIGATION | MDL NO. 2047<br>SECTION: L |
| THIS DOCUMENT APPLIES TO ALL CASES | JUDGE FALLON<br>MAG. JUDGE WILKINSON |

**THE PLAINTIFFS' STEERING COMMITTEE'S MEMORANDUM
OF LAW IN SUPPORT OF EMERGENCY MOTION
TO HOLD JP MORGAN CHASE & CO. IN CONTEMPT, OR,
IN THE ALTERNATIVE, REQUEST FOR A STATUS CONFERENCE**

**I.     INTRODUCTION**

As the Court is well aware, the Plaintiffs' Steering Committee ("PSC") has been engaged in prolonged efforts to obtain discovery from JP Morgan Chase & Co. (hereafter "JP Morgan") with respect to its relationship and financial transactions with the Defendants and their subsidiaries and affiliates. These efforts by the PSC have been met with continual resistance. Most recently, the PSC was forced to file a motion to compel on May 28, 2015. *See* Rec.Doc.No. 19004. JP Morgan responded to this motion by moving to quash the PSC's subpoena. *See* Rec.Doc.No. 19028.

This Court ultimately granted the PSC's motion to compel and denied JP Morgan's motion to quash. *See* Order & Reasons dated July 15, 2015 (Rec.Doc.No. 19306). In the process, the Court ordered that, "the PSC is entitled to documents regarding JP Morgan's and/or its subsidiaries' relationship and financial transactions with the Defendants and their subsidiaries and affiliates. *Id*. at 3. The Court further ordered that, "JP Morgan and/or its subsidiaries need only produce to the PSC that which is (i) within their possession, custody, or control and (ii) relates to the contempt period, which

1

spans from July 17, 2014 through March 25, 2015." *Id*.

Notwithstanding the issuance of the Court's order directing JP Morgan to make a document production, the PSC has yet to receive any documents from JP Morgan. The PSC has exchanged multiple email communications with JP Morgan and has met and conferred with JP Morgan on August 5, 2015 and August 14, 2015 in an effort to avoid the necessity of a motion for contempt. While JP Morgan has advised that it is reviewing its files for responsive documents, JP Morgan has not made any assurance that it will make a document production within a reasonable time frame. Given the long history of this discovery dispute, JP Morgan's current posture seemingly represents yet another stalling tactic. Accordingly, the PSC requests that JP Morgan be held in contempt. In the alternative, the PSC requests that the Court conduct a telephone conference to discuss the issuance of a scheduling order for purposes of imposing a deadline for a document production and the conducting of a deposition.

## II. ARGUMENT

The purpose of a civil contempt sanction "is to coerce the contemnor into compliance with a court order, or to compensate another party for the contemnor's violation." *Quilling v. Funding Resource Group*, 227 F.3d 231, 234 (5th Cir.2000). For a court to order civil contempt sanctions, the court must find by clear and convincing evidence "(1) that a court order was in effect, (2) that the order required certain conduct by the respondent, and (3) that the respondent failed to comply with the court's order." *Lyn–Lea Travel Corp. v. American Airlines, Inc.*, 283 F.3d 282, 290–291 (5th Cir.2002). The court need not find that the failure to comply was willful, but merely that the offending party failed to comply with the order. *American Airlines, Inc. v. Allied Pilots*

*Ass'n*, 228 F.3d 574, 581 (5th Cir.2000). "Upon a finding of contempt, the district court has broad discretion in assessing sanctions to protect the sanctity of its decrees and the legal process." *Test Masters Educational Services, Inc. v. Singh*, 428 F.3d 559, 582 (5th Cir.2005).

The PSC initiated its current discovery efforts involving JP Morgan over six (6) months ago on February 10, 2015. Discovery has not advanced during this time period. Instead, JP Morgan has consistently stonewalled the PSC's efforts to obtain documents and/or deposition testimony. To avoid Court intervention, the PSC tailored its requests to assist JP Morgan. Then, to further accommodate JP Morgan, the PSC identified specific bates stamped documents that would formulate the basis of the depositions and discovery. JP Morgan again refused to provide responsive documents. Despite multiple calls and an in person meet and confer, the PSC was forced to file a motion to compel, which was granted by the Court as noted above. Yet JP Morgan continues with its stubborn posture of refusing to provide responsive documents. Thus, after six (6) months of arguing the PSC is not entitled to the discovery it is seeking, suddenly JP Morgan is unable to locate and timely produce the very documents it so desperately sought to shield from disclosure.

To avoid the filing of the instant motion for contempt, the PSC contacted JP Morgan on multiple occasions in an effort to resolve the instant dispute. *See* email chain between Bruce Steckler et. al. and Gabe Crowsen, attached hereto as Exhibit "A." As demonstrated from the attached email chain, the PSC contacted JP Morgan via email correspondence beginning on July 28, 2015 to inquire on the status of the document production and the scheduling of a deposition. The PSC has directed and additional

thirteen email correspondences to JP Morgan since that time. In addition, the PSC conducted two meet and confers with JP Morgan on August 5, 2015 and August 14, 2015. Despite these efforts by the PSC, JP Morgan has yet to produce any documents or advise on the availability of a 30(b)(6) witness for a deposition.

Given JP Morgan's significant investment activities involving the Taishan Defendants and Affiliates, it seems clear that JP Morgan has relevant information concerning CNBM and can easily identify responsive materials.[1] Thus, all of the conditions for issuance of a contempt order are thus firmly in place: (1) the Court's July 15, 2015 Order & Reasons is in effect, (2) this order requires JP Morgan to provide responsive documents, and (3) JP Morgan has failed to comply with the Order. *See Quilling*, *supra*. Accordingly, a contempt order and sanctions are warranted under Fed.R.Civ.P. 37(b)(2)(A). It is respectfully submitted that JP Morgan should be held in contempt and sanctioned in the hopes that such sanctions will spur compliance with this Court's July 15, 2015 Order & Reasons. Specifically, the PSC requests that the Court sanction JP Morgan and order JP Morgan to pay the PSC's legal fees in connection with the preparation of the instant motion. Such an order is consistent with other case law

---

[1] It is difficult to comprehend JP Morgan's contention that it is unable to gather responsive materials. JP Morgan has consistently maintained a large ownership stake in CNBM. *See* Mr. Zhiping Song discussed JP Morgan's stake reduction in CNBM, dated January 16, 2009, ("Mr. Song, Chairman of CNBM, indicates that JP Morgan Chase & Co. holds 21% of outstanding shares."), attached hereto as Exhibit "B"; CNBM's 2014 Annual Report at Pg. 61 (indicating that JP Morgan Chase & Co. holds 4.27% of total share capital of CNBM), attached hereto as Exhibit "C" (filed under seal); *Id.* at p. 63 (discussing various JP Morgan subsidiaries with ownership interests in CNBM); CNBM's 2014 Interim Report at Pg. 43 (indicating that JP Morgan Chase & Co. controls 5.84% of total share capital in CNBM), attached hereto as Exhibit "D" (filed under seal); CNBM 2012 Annual Report at Pg. 61 (indicating that JP Morgan Chase & Co. controls 7.97% of CNBM's share capital), attached hereto as Exhibit "E" (filed under seal); CNBM's 2009 Annual Report at Pg. 55 (indicating that JP Morgan Chase & Co. controls 13.58% of CNBM's total share capital), attached hereto as Exhibit "F" (filed under seal).

evaluating sanctions under Fed.R.Civ.P. 37(b)(2)(A).

For instance, in *Martin v. Lee*, 2010 WL 2076746, at *2 (M.D. La. May 24, 2010), the court held a judgment debtor in contempt under Fed.R.Civ.P. 37(b)(2)(A) after the judgment debtor violated a discovery order requiring her to produce books and records at the judgment debtor hearing. The Court further ordered that the judgment debtor must pay the plaintiffs' legal fees in connection with the motion to compel since the judgment debtor had persisted in her failure to produce the documents in question for several months after the judgment debtor hearings despite an express promise during the hearing that the documents would be produced within a week. *Id* at *2-3. *See also Cooper v. Dallas Police Ass'n*, 2013 WL 1787564, at *4-6, and 7-10 (N.D. Tex. Apr. 5, 2013) (holding plaintiff in contempt under Fed.R.Civ.P. 37(b)(2)(A)(vii) for failing to comply with Order compelling him to respond to Postjudgment Discovery, issuing a per diem fine to coerce compliance with order, and requiring plaintiff to pay defendant's reasonable attorney's fees in preparing the motion for contempt), report and recommendation adopted, 2013 WL 1787563 (N.D. Tex. Apr. 26, 2013).[2]

Given the long history of JP Morgan avoiding the PSC efforts to engage in meaningful discovery, it is crystal clear that JP Morgan is continuing to resist its discovery obligation despite the issuance of the Court's July 15, 2015 Order & Reasons.

---

[2] Although the PSC takes no position on the dollar amount of sanctions that should be imposed by the Court, the PSC does believe a per diem fine may be appropriate in light of the vast financial resources of JP Morgan. A per diem fine would also seem particularly coercive in terms of compelling compliance with the Court's July 15, 2015 Order & Reasons. The factors that should be considered by the Court in determining the amount of a per diem fine are: (1) the harm from noncompliance; (2) the sanction's probable effectiveness; (3) the contemnor's financial resources and the burden the sanctions may impose; and (4) the contemnor's willfulness in disregarding the Court's order. *See Lamar Fin. Corp. v. Adams*, 918 F.2d 564, 567 (5th Cir.1990) (affirming prospective per diem fine of $500.00 payable to court until contemnor produced certain documents).

Deliberate defiance of this Court's Order is a matter of grave importance.  Therefore, a contempt order and sanctions are necessary and appropriate to compel compliance with the Court's July 15, 2015 Order & Reasons.  In the alternative, the PSC requests that the Court hold a telephone conference to discuss the issuance of a scheduling order.

### III.     CONCLUSION

Wherefore, for the reasons set forth above, the PSC respectfully requests that the Court grant the instant motion and hold JP Morgan in contempt.

Respectfully submitted,

Dated:  August 21, 2015

/s/ Russ M. Herman
**Russ M. Herman** (Bar No. 6819)
Leonard A. Davis (Bar No. 14190)
Stephen J. Herman (Bar No. 23129)
***HERMAN, HERMAN & KATZ, LLC***
820 O'Keefe Avenue
New Orleans, LA  70113
PH:  (504) 581-4892
FAX:  (504) 561-6024
ldavis@hhkc.com
***Plaintiffs' Liaison Counsel***
***MDL 2047***

Arnold Levin (on the brief)
Fred S. Longer (on the brief)
Sandra L. Duggan (on the brief)
Matthew C. Gaughan (on the brief)
Levin, Fishbein, Sedran & Berman
510 Walnut Street, Suite 500
Philadelphia, PA 19106
PH:  (215) 592-1500
FAX:  (215) 592-4663
Alevin@lfsblaw.com
*Plaintiffs' Lead Counsel*
*MDL 2047*

### PLAINTIFFS' STEERING COMMITTEE

Dawn M. Barrios
Barrios, Kingsdorf & Casteix, LLP
701 Poydras Street, Suite 3650
New Orleans, LA 70139
Phone: (504) 524-3300
Fax: (504) 524-3313
Barrios@bkc-law.com

Daniel E. Becnel, Jr.
Becnel Law Firm, LLC
425 W. Airline Highway, Suite B
Laplace, LA 70068
Phone: (985) 536-1186
Fax: (985) 536-6445
dbecnel@becnellaw.com

Peter Prieto
Podhurst Orseck, P.A.
25 Flagler Street, 8th Floor
Miami, FL 33130
Phone: (305) 358-2800
Fax: (305) 358-2382
pprieto@podhurst.com

Bruce William Steckler (on the brief)
Steckler, LLP
12720 Hillcrest Road, Ste 1045
Dallas, TX 75230
Phone: (972) 387-4040
Fax: (972) 387-404
bruce@stecklerlaw.com

Jerrold Seth Parker
Parker Waichman, LLP
27300 Riverview Center Blvd.
Suite 103
Bonita Springs, FL 34134
Phone: (239) 390-1000
Fax: (239) 390-0055
Jerry@yourlawyer.com

Scott Wm. Weinstein
Morgan & Morgan
12800 University Drive, Suite 600
Ft. Meyers, FL 33907
Phone: (239) 433-6880
Fax: (239) 433-6836
sweinstein@forthepeople.com

James Robert Reeves
Reeves & Mestayer, PLLC
160 Main Street
Biloxi, MS 39530
Phone: (228) 374-5151
Fax: (228) 374-6630
jrr@attorneys4people.com

Christopher Seeger
Seeger Weiss, LLP
77 Water Street
New York, NY 10005
Phone: (212) 584-0700
Fax: (212) 584-0799
cseeger@seegerweiss.com

Ervin A. Gonzalez
Colson, Hicks, Eidson
255 Alhambra Circle, Penthouse
Cora Gables, FL 33134
Phone: (305) 476-7400
Fax: (305) 476-7444
ervin@colson.com

Ben W. Gordon, Jr.
Levin, Papantonio, Thomas, Mitchell
 Echsner & Proctor, P.A.
316 S. Baylen Street, Suite 600
Pensacola, FL 32502
Phone: (850) 435-7000
Fax: (850) 435-7020
bgordon@levinlaw.com

Hugh P. Lambert
The Lambert Firm
701 Magazine Street
New Orleans, LA 70130
Phone: (504) 581-1750
Fax: (504) 529-2931
hlambert@thelambertfirm.com

Gerald E. Meunier
Gainsburgh, Benjamin, David, Meunier
 & Warshauer, LLC
2800 Energy Centre, 1100 Poydras Street
New Orleans, LA 70163-2800
Phone: (504) 522-2304
Fax: (504) 528-9973
gmeunier@gainsben.com

Daniel K. Bryson
Whitfield, Bryson & Mason, LLP
900 W. Morgan Street
Raleigh, NC 27603
Phone: (919) 600-5000
Fax: (919) 600-5002
dan@wbmllp.com

Richard J. Serpe, Esquire
Law Offices of Richard J. Serpe
Crown Center, Ste. 310
580 East Main Street
Norfolk, VA 23510-2322
Phone: (757) 233-0009
Fax: (757) 233-0455
rserpe@serpefirm.com

Victor M. Diaz, Jr., Esquire
V.M. Diaz and Partners, LLC
119 Washington Ave, Suite 402
Miami Beach, FL 33139
Phone: (305) 704-3200
Fax: (305) 538-4928
victor@diazpartners.com

## OF COUNSEL TO PLAINTIFFS' STEERING COMMITTEE

Richard S. Lewis
HAUSFELD LLP
1700 K Street, N.W Suite 650
Washington, DC 20006
Phone: (202) 540-7200
Fax: (202) 540-7201
rlewis@hausfeldllp.com

Anthony D. Irpino
IRPINO LAW FIRM
2216 Magazine Street
New Orleans, LA 70130
Phone: (504) 525-1500
Fax: (504) 525-1501
airpino@irpinolaw.com

Andrew A. Lemmon
Lemmon Law Firm, LLC
P.O. Box 904
15058 River Road
Hahnville, LA 70057
Phone: (985) 783-6789
Fax: (985) 783-1333
andrew@lemmonlawfirm.com

## **CERTIFICATE OF SERVICE**

      I hereby certify that the above and foregoing has been served on Defendants' Liaison Counsel, Kerry Miller, by e-mail and upon all parties by electronically uploading the same to LexisNexis File & Serve in accordance with Pre-Trial Order No. 6, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2047 on this 21st day of August, 2015.

                                             Respectfully Submitted,

                               BY: */s/ Leonard A. Davis*
                                     Leonard A. Davis
                                     Herman, Herman & Katz, LLC
                                     820 O'Keefe Avenue
                                     New Orleans, LA 70113
                                     Phone: (504) 581-4892
                                     Fax: (504) 561-6024
                                     ldavis@hhklawfirm.com

                                     *Plaintiffs' Liaison Counsel*
                                     *MDL 2047*