UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In re:  CHINESE-MANUFACTURED | * | MDL 2047 |
| DRYWALL PRODUCTS | * | |
| LIABILITY LITIGATION | * | SECTION L |
| | * | |
| | * | JUDGE FALLON |
| This document relates to: All Cases | * | |
| | * | MAGISTRATE JUDGE WILKINSON |
| | * | |

* * * * * * * * * * * * * * * * * *

### MOTION TO RECONSIDER ORDER REGARDING OCEANIQUE'S MOTION FOR COURT REVIEW OF THE SPECIAL MASTER'S OPINION (Rec. Doc. 19413)

The Knauf Defendants[1] file this Motion to Reconsider Order Regarding Oceanique's Motion for Court Review of the Special Master's Opinion because the **Order inadvertently permits a *double recovery* and allows Oceanique to recover costs that no other Class Member has been able to recover, thereby putting Oceanique in a *superior position* to all other Class Members.**  In this regard, the Knauf Defendants respectfully request that the Court reconsider its August 21, 2015 Order (Rec. Doc. 19413) and amend its Order or remand the matter back to the Special Master for a determination of the reasonable Reimbursable Costs to be applied to the respective KPT percentage assigned by the Court (60% KPT).  The Knauf Defendants do not seek reconsideration of the 60% KPT board composition percentage assigned by the Court.  Based on the Reimbursable Costs and the KPT percentage, the Oceanique award should not exceed $615,336.59.

---

[1] The Knauf Defendants include Knauf Plasterboard (Tianjin) Co., Ltd., Knauf Plasterboard (Wuhu) Co., Ltd., Guangdong Knauf New Building Material Products Co., Ltd., Knauf Gips KG, Gebr. Knauf Verwaltungsgesellschaft KG, Knauf International GmbH, Knauf Insulation GmbH, Knauf UK GmbH, Knauf AMF GmbH & Co. KG, Knauf do Brasil Ltda., and PT Knauf Gypsum Indonesia.

1

Pursuant to the Knauf Class Settlement Agreement and the ARH Protocol, Oceanique is entitled only to Reimbursable Costs. The issue of Reimbursable Costs was not negotiated or mediated at the March 11, 2015 mediation before the Special Master, nor was it presented to the Court, and the Knauf Defendants have reserved their rights to limit any payment to the Reimbursable Costs. Oceanique's claimed amount includes costs that are not Reimbursable Costs under the Knauf Class Settlement Agreement or the ARH protocol as they are: (1) amounts already compensated under the Other Loss Fund, creating an impermissible double recovery; (2) additional amounts compensable only through the Other Loss Fund; (3) non-protocol costs; and (4) costs unsupported by invoices or proof of payment.

For these reasons, as more fully stated in the accompanying Memorandum in Support, the Knauf Defendants respectfully request that the Court reconsider its August 21, 2015 Order, and amend its Order or remand the matter to the Special Master for consideration as to what claimed costs are Reimbursable Costs under the Knauf Class Settlement Agreement and the ARH protocol. Based on the Reimbursable Costs and the KPT percentage, the Oceanique award should not exceed $615,336.59.

If it would assist the Court, the Knauf Defendants are amenable to the Court setting this matter for oral argument immediately following the Court's October 7, 2015 status conference.

DATED: August 31, 2015

Respectfully Submitted,

**BAKER, DONELSON, BEARMAN,
CALDWELL & BERKOWITZ, PC**


/s/ *Kerry J. Miller*
**KERRY J. MILLER (LA Bar #24562), T.A.
DANIEL J. DYSART (LA Bar # 33812)**
201 St. Charles Avenue, Suite 3600
New Orleans, LA 70170
Phone:        504.566.8646
Fax:            504.585.6946
Email:        kjmiller@bakerdonelson.com

*Counsel for the Knauf Defendants*


## CERTIFICATE

I hereby certify that the above and foregoing pleading has been served upon Russ Herman, Plaintiffs' Liaison Counsel, by email, to all parties by electronically uploading the same to LexisNexis File & Serve in accordance with Pre-Trial Order No. 6, and that the foregoing was filed with the Clerk of Court of the United States Court for the Eastern District of Louisiana, on this 31st day of August 2015.

/s/ *Kerry J. Miller*