UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In re:  CHINESE-MANUFACTURED | * | MDL 2047 |
| DRYWALL PRODUCTS | * | |
| LIABILITY LITIGATION | * | SECTION L |
| | * | |
| | * | JUDGE FALLON |
| This document relates to: All Cases | * | |
| | * | MAGISTRATE JUDGE WILKINSON |
| | * | |

* * * * * * * * * * * * * * * * * *

**MEMORANDUM IN SUPPORT OF MOTION TO RECONSIDER
ORDER REGARDING OCEANIQUE'S MOTION FOR COURT REVIEW OF
THE SPECIAL MASTER'S OPINION (Rec. Doc. 19413)**

**MAY IT PLEASE THE COURT:**

The Knauf Defendants[1] file this Memorandum in Support of the Motion to Reconsider Order Regarding Oceanique's Motion for Court Review of the Special Master's Opinion because **the Order inadvertently permits a *double recovery* and allows Oceanique to recover costs that no other Class Member has been able to recover, thereby putting Oceanique in a *superior position* to all other Class Members.**  In this regard, the Knauf Defendants respectfully request that the Court reconsider its August 21, 2015 Order (Rec. Doc. 19413) and amend its Order or remand the matter back to the Special Master for a determination of Reimbursable Costs to be applied to the respective KPT percentage assigned by the Court (60% KPT).  The Knauf Defendants <u>do not</u> seek reconsideration to the 60% KPT board composition

---

[1] The Knauf Defendants include Knauf Plasterboard (Tianjin) Co., Ltd., Knauf Plasterboard (Wuhu) Co., Ltd., Guangdong Knauf New Building Material Products Co., Ltd., Knauf Gips KG, Gebr. Knauf Verwaltungsgesellschaft KG, Knauf International GmbH, Knauf Insulation GmbH, Knauf UK GmbH, Knauf AMF GmbH & Co. KG, Knauf do Brasil Ltda., and PT Knauf Gypsum Indonesia.

1

percentage assigned by the Court. Based on the Reimbursable Costs and the KPT percentage, the Oceanique award should not exceed $615,336.59.

Pursuant to the Knauf Class Settlement Agreement and the ARH Protocol, Oceanique is entitled only to Reimbursable Costs. The issue of Reimbursable Costs was not negotiated or mediated at the March 11, 2015 mediation before the Special Master, nor was it considered and determined by the Court in its August 21, 2015 Order, and the Knauf Defendants have reserved their rights to limit any payment to the Reimbursable Costs. The Knauf Defendants are obligated to pay only Reimbursable Costs permitted under the Knauf Class Settlement Agreement and the ARH Protocol. Oceanique's claimed amount includes costs that are not Reimbursable Costs under the Knauf Class Settlement Agreement or the ARH protocol as they are: (1) amounts already compensated under the Other Loss Fund, creating an impermissible double recovery; (2) additional amounts compensable only through the Other Loss Fund; (3) non-protocol costs; and (4) costs unsupported by invoices/proof of payment.

For these reasons, as more fully stated below, the Knauf Defendants respectfully request that the Court reconsider its August 21, 2015 Order, and amend its Order or remand the matter to the Special Master for consideration as to what claimed costs are Reimbursable Costs under the Knauf Class Settlement Agreement and the ARH protocol.

If it would assist the Court, the Knauf Defendants are amenable to the Court setting this matter for oral argument immediately following the Court's October 7, 2015 status conference.

I.  BACKGROUND

    *a.  Knauf Class Settlement Agreement, ARH Protocol, and Reimbursable Costs*

After extensive discovery and several bellwether trials, the PSC and the Knauf Defendants entered into a Class Settlement Agreement. On December 20, 2011, the Knauf

Defendants filed the Knauf Class Settlement Agreement, which was later approved by the Court. *See* Rec. Doc. 16407-3 (Knauf Class Settlement Agreement). Pursuant to the Knauf Class Settlement Agreement, the Knauf Defendants established two funds: a Remediation Fund and an Other Loss Fund. *See* Rec. Doc. 16407-3 (Knauf Class Settlement Agreement, Section 4.1).

Owners who have self-remediated Affected Properties may seek benefits to resolve their Remediation Claims as provided in the Already Remediated Properties Protocol ("ARH protocol"). *Id*. at Section 4.3.7.1. All monies owed by the Knauf Defendants for Remediation Claims shall be paid by the Remediation Fund. *Id*. If the Court reviews an ARH claim following an unsuccessful mediation, the scope of the Court's review ***shall be limited to the Reimbursable Costs*** set forth in Paragraph IV(D) of the ARH protocol. *See* Rec. Doc. 12061-6 (ARH Protocol, Section IV(C)(2) (emphasis added)). The ARH protocol limits a class member's benefits to Reimbursable Costs as defined by the ARH protocol. "In determining Reimbursable Costs, the Knauf Defendants and Owner, the Special Master (where necessary) and the Court (where necessary), shall employ" certain criteria including, but not limited to: (1) whether the work was consistent with the remediation protocol; (2) whether the costs are attributable to contractor double billing, waste, or fraud; (3) whether the costs are attributable to upgrades; and (4) the KPT drywall percentage. *Id*. at Section IV(D).

Separate from ARH claims that are compensated through the Remediation Fund, ARH claimants, such as Oceanique, are Class Members and may seek benefits from the Other Loss Fund as defined in Section 1.49 of the Knauf Class Settlement Agreement. *Id.* at Section 1.1.2; *see also id*. at Section 4.7.1.2. In contrast to Remediation Fund expenses, Other Loss Fund expenses permitted by the Knauf Class Settlement Agreement include, but are not limited to, pre-

remediation alternative living expenses (PRALE), loss of use, sales and rentals, foreclosures, sales in mitigation, tenant losses, and bodily injury. *Id*. at Section 4.7.

### b. *The Issue of Oceanique's Reimbursable Costs has not been Reviewed or Determined by the Parties, the Special Master, or the Court.*

The Oceanique Development is an oceanfront condominium located in Fort Pierce, Florida. The existence of Chinese drywall in the property appears to have been discovered in early 2009. In May 2009, Oceanique began remediation of the 39 affected units that allegedly contained Chinese drywall. Following remediation, Oceanique made a claim under the Knauf Class Settlement Agreement for expenses totaling $3,180,499.28.[2] *See* Annotated Summary of Oceanique's Claimed Costs attached hereto as Exhibit A. The total claimed amount includes costs that are not Reimbursable Costs under the Knauf Class Settlement Agreement or the ARH protocol as they are: (1) amounts already compensated under the Other Loss Fund, creating an impermissible double recovery; (2) additional amounts compensable only through the Other Loss Fund (3) non-protocol costs; and (4) costs unsupported by invoices or proof of payment.

Following unsuccessful negotiations between the parties, mediation took place on March 11, 2015 regarding Oceanique's compliance with PTO 1B. *See* Mediation Position Paper of Knauf Defendants, attached hereto as Exhibit B. The sole issues addressed at mediation were whether Oceanique's claims were compensable under the Knauf Class Settlement Agreement because Oceanique did not comply with PTO 1B and did not provide sufficient evidence of board composition. The parties and the mediator ended the mediation without any discussion or negotiation of what costs were Reimbursable Costs. Ultimately, the Special Master ruled that Oceanique failed to comply with PTO 1B, which was prejudicial to the determination of their claim. The Special Master, therefore, issued an award to Oceanique without any discussion or

---

[2] In its summary of costs, Oceanique stated its total as $3,180,499.28. However, adding the individual items results in a claimed amount of $3,180,498.84.

findings regarding what costs were Reimbursable Costs under the Knauf Class Settlement Agreement and the ARH Protocol. *See* Special Master Opinion and Decree, attached hereto as Exhibit C.

On May 29, 2015, Oceanique filed a Motion for Court Review of the Special Master's Decision. Rec. Doc. 19023. Opposing the Motion, the Knauf Defendants maintained their arguments that Oceanique's claims were non-compliant with PTO 1B, and reserved their arguments regarding which Oceanique costs were Reimbursable Costs. Rec. Doc. 19061 at p. 5. On July 14, 2015, the Court heard oral argument on the issue of Oceanique's compliance with PTO 1B, where the Knauf Defendants reiterated their position that Oceanique's claim was not compliant with PTO 1B. The Knauf Defendants' further reiterated to the Court that the issue of Reimbursable Costs was not addressed by the parties or the mediator. *See* Transcript of Proceedings at p. 19, attached hereto as Exhibit D.

On August 21, 2015, the Court overruled the Special Master's decision on Oceanique's compliance with PTO 1B and awarded Oceanique 60% of its claimed amount ($1,908,299.57)[3] based on the determined KPT percentage (60%). Rec. Doc. 19413. However, the Court's review is limited to awarding Reimbursable Costs as set forth in the ARH Protocol. Rec. Doc. 19413; Rec. Doc. 12061-6 at Section IV(C)(2)). The Court's ruling was without consideration or review of what costs were Reimbursable Costs, thereby ***inadvertently permitting a double recovery*** on amounts already received and allowing Oceanique to recover costs that no other Class Member has been able to recover, thereby ***putting Oceanique in a superior position to all other Class Members***. *Id*.

---

[3] This amount should have been $1,908,299.30 based on 60% of the actual claimed amount ($3,180,498.84).

## II.   ANALYSIS & ARGUMENT

In order to prevent a double recovery and allow Oceanique to recover costs that no other Class Member has been able to recover, thereby putting Oceanique in a superior position to all other Class Members, the Court's Order should be amended or remanded to the Special Master in order to employ the criteria required under the Knauf Class Settlement Agreement and ARH protocol for a determination of Reimbursable Costs.

Based on costs that (1) were already compensated, (2) can only be compensated through the Other Loss Fund, (3) are non-protocol costs, and (4) fail to provide supporting documentation, it can be determined that only $1,025,560.98 of Oceanique's claimed amount ($3,180,498.84) can be considered Reimbursable Costs. *See* Exhibit A. Therefore, applying the KPT Drywall Percentage established in the August 21, 2015 Order (60%) to the Reimbursable Costs ($1,025,560.98), Oceanique's claim should be reduced to $615,336.59.

### a.   *The Court's Award Permits a Double Recovery to Oceanique.*

First, of the amount awarded to Oceanique, ***$420,000.00 has already been awarded under the Other Loss Fund, thereby constituting an impermissible double recovery.*** In its claimed costs, Oceanique seeks: (a) interest on the property ($200,000.00); (b) interest on construction costs ($220,954.00); and (c) condo fees and taxes for 100 units ($350,000.00). *See* Exhibit A. ***$420,000.00 of these costs have already been paid through the Other Loss Fund.*** Oceanique has already claimed and been awarded the maximum ($420,000.00) in connection with forty-two (42) Other Loss Fund claims for the 39 affected units, two lobby areas, and a

garage area.[4]  *See* Summary of Oceanique Other Loss Fund Claims and Payments, attached hereto as Exhibit E.

| Oceanique's Claim | Claimed Amount | Oceanique's OLF Claim | Oceanique's OLF Award |
|---|---|---|---|
| Interest on Property- 3 mos. (1%) x $20M | $200,000 | 39 Units | $390,000.00 |
| Interest on Construction Costs ($2,209,544 x 10%) | $220,954 | 1st Level - Garages, Lobbies, Recreation Room, and Common Areas, Lobby Areas, Garages | $20,000.00 |
| Condo Fees & Taxes - 3 mos. x 100 units | $350,000 | 2nd Level - Lobby | $10,000.00 |
| **TOTAL:** | **$770,954.00** | **TOTAL:** | **$420,000.00 (Maximum Award under Capped Fund)** |

Any additional compensation for these claims would violate the terms of the Knauf Class Settlement Agreement and allow double recovery for the claim.  Therefore, the August 21, 2015 Order should be amended to remove these claimed amounts from the award.

> **b.    *The Court's Award Permits Oceanique to Recover from the Remediation Fund Economic Damages Compensable Only Through the Other Loss Fund, Putting Oceanique in a Superior Position Compared to All Other Class Members.***

**The remaining $350,954.00** from the claimed amounts for (a) interest on the property, (b) interest on construction costs, and (c) condo fees and taxes for ***100 units*** are not compensable as Reimbursable Costs under the ARH Protocol, are not to be paid from the Remediation Fund, and ***should be collected, if at all, via the Other Loss Fund***.   These claim types are for purely economic damages to Oceanique that are not compensated through the Remediation Fund, pursuant to the Knauf Settlement Agreement and ARH protocol. Rec. Doc. 16407-3 at Section

---

[4] To date, Oceanique has received $390,000.00 for the 39 units, including the maximum payment for Unit 801(b), which was a 100% Taishan unit.  Oceanique has been awarded the maximum ($420,000.00) but has not yet been paid $30,000.00 of the award for the two lobby areas and a garage area.

1.1.2; *see also id*. at Section 4.7.1.2.  If Oceanique were able to recover for these claims through the Remediation Fund, Oceanique would be in a superior position compared to every other Class Member in the Knauf Class Settlement Agreement.[5]  Therefore, those additional claimed amounts, to the extent permissible, are to be sought solely from the Other Loss Fund through the Settlement Administrator.

        c.      *The Court's Award Permits Recovery for Claimed Costs that are Non-Protocol Costs.*

Of the claimed amounts Oceanique seeks, **$572,523.86 are costs that are non-protocol** and include: scratched glass ($11,308.19); asphalt repair ($7,200.00); restoration of outdoor decks ($6,716.01); plumbing repairs ($3,726.73); punch list, warranty, reserve, and contingency ($200,000.00); inflated builder overhead and profit[6] (25%) ($270,982.17); and repairs for doors and locks ($1,590.76).  It also includes costs for utilities, storage, and moving ($71,000.00), which (1) are considered soft costs and are not compensable for commercial owners under the Remediation Fund or (2) are costs subject to the Other Loss Fund as PRALE or "miscellaneous" claims.  *See* Exhibit A; *see also* Rec. Doc. 12061-6 (ARH Protocol, Section IV(D)).  These items are not costs that are compensable under the Remediation Protocol, and thus are not Reimbursable Costs under the Knauf Class Settlement Agreement and the ARH Protocol.  Therefore, the August 21, 2015 Order should be amended to remove these claimed amounts from the award.

---

[5] Further, payment for this additional amount on these economic claims would permit payment for units that were not affected with KPT Chinese Drywall.  For example, Oceanique's claimed amount seeks condo fees and taxes for 100 units, despite the fact only 39 units and certain common areas and garages were affected with Chinese drywall, and ***at least one unit (801(b)) contained 100% Taishan Chinese drywall, as verified by a third-party inspection company.***

[6] Based on deductions for non-reimbursable amounts, the subtotal of constructions costs that are Reimbursable Costs can be calculated to be $854,634.15.  Permissible builder overhead and profit is considered 20%, thereby equaling $170,926.83.  Claimed overhead and profit ($441,909.00) v. reimbursable overhead and profit ($170,926.83) = non-reimbursable overhead and profit ($270,982.17).

### d.   *The Court's Award Permits Recovery for Claimed Costs without Supporting Documentation, which are not Reimbursable Costs.*

Finally, Oceanique has claimed ***$811,460.00 for items where there is no supporting documentation (i.e. invoices/proof of payment).*** Oceanique seeks payment for: payroll ($360,000.00); MK-Supervision[7] ($120,000.00); appliances ($274,000.00); trim, paint, and labor[8] ($29,250.00); permit fees ($13,687.00); and Engineer letters ($14,523.00). *See* Exhibit A. However, Oceanique sets forth no documentation, invoices, or proof of payment to substantiate these claimed amounts. Without sufficient documentation, it cannot be determined if these items are reasonable or compensable Reimbursable Costs under the Knauf Class Settlement Agreement and the ARH Protocol. Therefore, the August 21, 2015 Order should be amended to remove these claimed amounts from the award.

### e.   *Calculation of Reimbursable Costs.*

Based on the amounts that were (1) already awarded, (2) related to the Other Loss Fund, (3) non-protocol costs, and (4) unsubstantiated costs, it can be determined that only $1,025,560.98 of Oceanique's claimed amount ($3,180,498.84) can be considered Reimbursable Costs. *See* Exhibit A. Therefore, applying the KPT Drywall Percentage established in the August 21, 2015 Order (60%) to the Reimbursable Costs ($1,025,560.98), Oceanique's claim should be reduced to $615,336.59.

## III.   CONCLUSION

For these reasons, the Knauf Defendants respectfully request that the Court reconsider its August 21, 2015 Order, and amend its Order or remand the matter to the Special Master for

---

[7] Supervision and payroll are also considered part of overhead and profit or the individual construction line items. Exhibit A. Recovery of these amounts may also result in double recovery.

[8] Cost documentation was supplied only for two units at a total of $9,300.00. Deducting this amount from the claimed amount results in $29,250.00 in non-reimbursable costs.

consideration as to what claimed costs are Reimbursable Costs under the Knauf Class Settlement Agreement. Based on the Reimbursable Costs and the KPT percentage, the Oceanique award should be reduced to $615,336.59.

Respectfully Submitted,

**BAKER, DONELSON, BEARMAN,
CALDWELL & BERKOWITZ, PC**


/s/ *Kerry J. Miller*_____
**KERRY J. MILLER (LA Bar #24562), T.A.
DANIEL J. DYSART (LA Bar # 33812)**
201 St. Charles Avenue, Suite 3600
New Orleans, LA 70170
Phone:      504.566.8646
Fax:           504.585.6946
Email:        kjmiller@bakerdonelson.com

*Counsel for the Knauf Defendants*


### CERTIFICATE

I hereby certify that the above and foregoing pleading has been served upon Russ Herman, Plaintiffs' Liaison Counsel, by email, to all parties by electronically uploading the same to LexisNexis File & Serve in accordance with Pre-Trial Order No. 6, and that the foregoing was filed with the Clerk of Court of the United States Court for the Eastern District of Louisiana, on this 31st day of August 2015.

/s/ *Kerry J. Miller*