UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: CHINESE-MANUFACTURED | * | MDL No. 2047 |
| DRYWALL PRODUCTS LIABILITY | * | |
| LITIGATION | * | SECTION L |
| | * | |
| | * | JUDGE FALLON |
| THIS DOCUMENT APPLIES TO | * | |
| ALL CASES | * | MAGISTRATE JUDGE |
| | * | WILKINSON |

******************************************

### JPMORGAN CHASE & CO.'S MEMORANDUM IN RESPONSE TO THE PSC'S EMERGENCY MOTION FOR CONTEMPT, OR, IN THE ALTERNATIVE, REQUEST FOR A STATUS CONFERENCE

Non-Party, JPMorgan Chase & Co., respectfully submits this Memorandum in Response to the Plaintiffs' Steering Committee's ("PSC") Emergency Motion to Hold JPMorgan Chase & Co. in Contempt, or In the Alternative, Request for a Status Conference (Dkt. 19409). JPMorgan Chase & Co. does not oppose the PSC's request for a status conference to discuss JPMorgan Chase & Co.'s efforts to comply with the PSC's May 18, 2015 Subpoena and the Court's July 15, 2015 Order & Reasons (Dkt. 19306), particularly as it appears that the PSC is primarily interested in discussing a deadline for any document production. Moreover, in light of JPMorgan Chase & Co.'s ongoing efforts to comply with the Court's Order, there is no basis to hold JPMorgan Chase & Co. in contempt. Accordingly, that part of the PSC's motion that seeks a contempt finding should be denied.

### ARGUMENT

The PSC's current emergency motion pertains to the PSC's May 18, 2015 Subpoena and the Court's July 15, 2015 Order & Reasons, which granted the PSC's motion to compel and which denied JPMorgan Chase & Co.'s cross-motion to quash. In that order, the Court limited the PSC's subpoena by holding that "the PSC is entitled to documents regarding JP Morgan's

1

and/or its subsidiaries' relationship and financial transactions with the Defendants and their subsidiaries and affiliates." (July 15, 2015 Order at 3.) The Court made it clear that JPMorgan Chase & Co. was only required to produce documents for the contempt period (July 17, 2014 through March 25, 2015). (*Id.*) In doing so, the Court specifically stated that it was "cognizant of the fact that such information may not exist." (*Id.* at 2.)[1]

Following the Court's July 15, 2015 Order, JPMorgan Chase & Co. has searched a number of databases and systems where responsive information might reasonably be expected to be found, including its Integrated Customer Data Warehouse ("ICDW") system, its "Customer Assist" database, its "Client Central" database, and its "Exposure Now" database. JPMorgan Chase & Co. has also consulted with its Conflicts Department, its U.S. Compliance Department, Asia Pacific Legal Department and a number of business employees to ascertain any relationships or accounts that any JPMorgan Chase & Co. affiliate had with any of the Defendants and the 83 affiliates listed in the PSC's Subpoena. That research – which takes a significant amount of time to conduct – did not reveal any accounts or relationships with the Defendants or the 83 purported affiliates that would have been covered within the contempt period.

That said, the Court may recall that the catalyst for the PSC's Subpoena and the basis for the Court's July 15, 2015 Order is the fact that certain JPMorgan Chase & Co. entities had equity interests in China National Building Material Co., Ltd. ("CNBM"). These positions were acquired several years before the Court's July 2014 contempt judgment at issue. Moreover, in connection with its efforts to comply with the July 15, 2015 Order, JPMorgan Chase & Co. has discovered two trading transactions that took place during the contempt period, namely

---

[1] Recognizing the possibility that responsive documents may not exist, the Court's July 15, 2015 Order did not specify any deadline for production of documents.

November 18, 2014 and November 20, 2014. (*See* Exh. A: Disclosure of Interests.) The Disclosure of Interests forms reveal that certain JPMorgan Chase & Co. sold a large number of shares of CNBM publicly-traded stock on or around those dates. Accordingly, JPMorgan Chase & Co. is continuing to investigate the nature and context of these trades, including determining whether there are any trade confirmations, statements, research reports, or relevant communications. Once JPMorgan Chase & Co. retrieves any responsive materials, it will produce them to the PSC.

Under these circumstances, there is no basis for a contempt finding against JPMorgan Chase & Co. In that regard, the PSC misleadingly suggests in its motion that the PSC has engaged in a prolonged six-month effort to obtain discovery from JPMorgan Chase & Co., claiming that it first issued a subpoena on February 10, 2015. (*See* PSC Motion at 3.) The PSC conveniently fails to disclose that this subpoena was stayed, at the PSC's own request, so that it could prioritize other third-party discovery that the PSC was pursuing. (*See* Dkt. 18578: PSC's Motion to Stay Pre-March 17, 2015 Third-party discovery; *see also* Dkt. 18640: April 8, 2015 Order granting PSC's Motion to Stay.) The PSC, however, then re-initiated its third-party discovery of JPMorgan Chase & Co. on April 28, 2015 by issuing a series of subpoenas, each of which expanded on the prior version and ultimately culminating in the operative May 18, 2015 Subpoena. It was that May 18, 2015 subpoena that was at issue in the Court's July 15, 2015 Order.

Moreover, as noted above, JPMorgan Chase & Co. has been diligently searching its systems and records for information covered by the July 15, 2015 Order. Aside from the trading transactions discussed above, JPMorgan Chase & Co. has not discovered any relationships or financial transactions with the more than 80 entities listed in the PSC's subpoenas. And with

respect to the transactions pertaining to CNBM publicly-traded stock, JPMorgan Chase & Co. is continuing to diligently investigate and search for documents pertaining to those trades, including trade confirmations, statements, research reports, communications with the trading desks, etc. As soon as JPMorgan Chase & Co. retrieves any responsive documents, it will produce them to the PSC. Under these circumstances, a contempt finding is inappropriate, and the PSC's motion should be denied.

## CONCLUSION

For the foregoing reasons, JPMorgan Chase & Co. respectfully requests that the Court deny the PSC's Emergency Motion to Hold JPMorgan Chase & Co. in contempt. JPMorgan Chase & Co. does agree that a status conference with the Court to discuss JPMorgan Chase & Co.'s efforts to comply with the PSC's subpoena and the Court's July 15, 2015 Order may be beneficial.

Respectfully submitted,

/s/ Gabriel A. Crowson
Michael D. Ferachi (#19566)
Gabriel Crowson (#28009)
**McGlinchey Stafford, PLLC**
601 Poydras Street, 12th Floor
New Orleans, Louisiana 70130
Telephone: (504) 586-1200
Fax: (504) 596-2800
*Counsel for Non-Party, JPMorgan Chase & Co.*

## CERTIFICATE OF SERVICE

     I hereby certify that a copy of the foregoing was served on all counsel or record, via the Court's ECF system, this 3rd day of September, 2015.

                                       /s/ Gabriel A. Crowson
                                       Gabriel A. Crowson