# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE:  CHINESE-MANUFACTURED DRYWALL PRODUCTS LIABILITY LITIGATION | MDL NO. 2047 SECTION: L JUDGE FALLON MAG. JUDGE WILKINSON |

**THIS DOCUMENT RELATES TO:**

*Germano v. Taishan Gypsum Co., Ltd., f/k/a Shandong Taihe Dongxin Co., Ltd.*, **Case No. 09-6687 (E.D. Va.);**

*Gross v. Knauf Gips, KG*, **Case No. 09-6690 (E.D. La.);**

*Wiltz v. Beijing New Building Materials Public Limited Co.,* **Case No. 10-361 (E.D. La.);**

*Amorin v. Taishan Gypsum Co., Ltd., f/k/a Shandong Taihe Dongxin Co., Ltd.*, **Case No. 11-1672 (S.D. Fl.);**

*Amorin v. Taishan Gypsum Co., Ltd., f/k/a Shandong Taihe Dongxin Co., Ltd.*, **Case No. 11-1395 (E.D. La.); and**

*Amorin v. Taishan Gypsum Co., Ltd., f/k/a Shandong Taihe Dongxin Co., Ltd.*, **Case No. 11-1673 (E.D. Va.).**

## TAISHAN'S SUPPLEMENTAL MEMORANDUM IN OPPOSITION TO PLAINTIFFS' MOTION FOR ASSESSMENT OF CLASS DAMAGES

On October 29, 2014, Plaintiffs submitted their Motion for Assessment of Class Damages.  ("Damages Motion", Rec. Doc. 18086).  They have never moved to amend it. But, as the Defendants proved at the June 9 evidentiary hearing, since that submission Plaintiffs have conceded mistake after material mistake after material mistake to their damages model such that

it now bears no resemblance to the original Damages Motion.  The June 9, 2015 damages hearing (ostensibly on that Motion), and the subsequent briefing on Plaintiffs' error-ridden Exhibit 79, confirmed that the Plaintiffs' damages model and class structure are fatally flawed and unfit to support any finding or judgment on damages.  In its Motion to Exclude Plaintiffs' Class Spreadsheet (Rec. Doc. 19191), Taishan explained that "the magnitude and the persistence of the problems" in Plaintiffs' damages model and class list "justif[ied] a full stop."

Indeed, Plaintiffs' material mistakes have intensified.  Now three months after the damages hearing, Plaintiffs have admitted even more errors and changes, disclosing in a September 8, 2015 letter to the Court that their damages model and class list are even more fatally flawed.  ("PSC Letter," attached as **Exhibit A.**)   According to lead counsel for the Plaintiffs, the have admitted yet another huge overstatement in their damages model – more than $150 million – and have conceded that "a final judgment as to the dollar amount for aggregate formulaic Class remediation damages [should] not be issued."  *Id.*  Plaintiffs' motion for class damages—which has always violated plain Fifth Circuit law—has no factual basis.  And the individualized "claims processing" phase requested by the PSC Letter is incompatible with a damages class.[1]

Given the PSC's September 8 exclamation point to Taishan's arguments, Taishan renews its requests to deny the PSC's Damages Motion and to disregard Exhibit 79.  Taishan also requests that the Court establish a briefing schedule for Taishan's Motion to Decertify the Class (Rec. Doc. 18879) as the Court ruled that it would once the damages hearing was over.

---

[1] The PSC Letter also announces the filing of a new complaint, which allegedly "identifies approximately 800 damaged properties" that "may not have been included in the Certified Class."  (PSC Letter at 3.)  The PSC has apparently not served the new complaint. Taishan does not address the new complaint here.

**A.      Plaintiffs Have Undermined Their  Damages "Evidence" Even Further**

The  PSC  Letter  purports  to  be  a  "status  report"  on  their  damages  claims  against "Taishan"  and,  specifically,  an  update  on  the  PSC's  presumptuous  efforts  to  jump  the  gun  and "prepare for claims processing by investigating the claims put forward on Plaintiff Trial Exhibit 79."  (PSC Letter at 1).  The PSC admits that the June 9 hearing punctured their inflated damages claim  as  reflected  in  Exhibit  79,  their  core  evidence  at  the  June  9  damages  hearing,  by acknowledging that the claim has been subject to ongoing "investigation" since it was submitted to the Court and that "product identification of a number of listed properties may be inadequate." *Id.* at 1-2.  The PSC also concedes that the damages amount they requested in their Proposed FOFCOL  and  that  their  expert  affirmed  under  oath  at  the  June  9  hearing  "may  potentially  be reduced"  by  nearly  $150  million  (30%)  because  of  "inadequate"  verification  of  an  unknown number of class properties.[2]  *Id.* at 2.  Having already tossed 1,166 class members from their only motion for class damages, the PSC has now represented that they intend to dismiss 900 or more class members "in the next 30 days."  *Id.*  Those massive changes further confirm the fundamental problem here:  the PSC's damages proof is so speculative that no one can reliably identify whom Taishan owes or how much it owes them.[3]

The charade of class damages must end. It was never supported by law and the evidence simply guts it.  As of September 8, the PSC is apparently asking the Court to rely on a letter from

---

[2] Those concessions merely confirm Taishan's discovery of hundreds of properties erroneously listed as part of Plaintiffs' class.  *See* Rec. Doc. 19191; Rec. Doc. 19310.

[3] Plaintiffs previously convinced the Court to deny Taishan's Motion to Exclude Plaintiffs' Class Spreadsheet by characterizing the list's previous material mistakes as mere "administrative concerns."  (Rec. Doc. 19254 at 4)  Those wholesale changes never were.  Nor is the proposed current 30% change in class members and damages.

two lawyers—rather than the evidence submitted on June 9.[4]  Exhibit 79 is now a nullity.  The Court should disregard it as well as the PSC Letter, on its way to denying Plaintiffs' Motion for Class Damages.

**B.     The Court Should Now Address Class Decertification**

But the PSC letter has other consequences.  Before the damages hearing, Taishan filed a Motion to Decertify the Class, explaining that when liability is determined "*before* the class is certified" and all putative class members "were already named as plaintiffs," certifying a damages class is an abuse of discretion as a matter of Fifth Circuit law.  Rec. Doc. 18879 (quoting *Robertson v. Monsanto Co.*, 287 F. App'x 354 (5th Cir. 2008)).  *Robertson* held that, in that situation, "the superiority requirement has not been, and cannot be, satisfied."  287 F. App'x at 363.  This Court postponed consideration of Taishan's decertification motion, ordering that it would set a briefing schedule "[a]fter the damages hearing."  (Rec. Doc. 18921 at 2.)

The PSC Letter justifies immediate consideration of Taishan's decertification motion. The Letter confirms the wisdom of the Fifth Circuit *Robertson* decision, and the new details of the PSC's proposed "subsequent proceeding" highlight additional ways in which this class does not satisfy the Rule 23 class certification requirements.

The PSC letter proposes that, "in addition to the aggregate remediation claim," the "subsequent proceeding" will involve at least seven categories of individualized damages.  (PSC Letter at 2.)  Class treatment of remediation damages (now proved to be completely flawed) cannot be superior when the PSC still requires thousands of individual mini-trials to prove both each individual's remediation damages ("claims verification and set offs") as well as all the other

---

[4] To the extent the representations in Plaintiffs' Letter serve as a basis for further work on class damages, Taishan should be permitted to conduct discovery into them, as with Plaintiffs' previous damages request.

damages categories "in addition." *Id.* And with the injection of at least seven categories of individualized damages—plus the individualized claims verification and set offs—common issues obviously no longer predominate, if they ever did.

Plaintiffs' class did not satisfy Rule 23 when it was certified. It certainly does not now. The Court should ripen the issue by setting a briefing schedule and hearing date for Taishan's Motion to Decertify.

**C.      The Court Should Not Grant the Requests Made in the Letter**

The Court should certainly deny the PSC's request to find that "the formulaic method used to calculate remediation damages is fair and reasonable." (PSC Letter at 2.) Beyond lack of superiority and predominance, the PSC Letter has actually made the June 9 class damages hearing entirely superfluous and a waste of time. The PSC has essentially admitted that everything they presented at the June 9 hearing was wrong. Moreover, as Taishan predicted, the extravagant "subsequent proceeding" proposed by the PSC Letter will expose that the PSC's formulaic remediation estimates based on averages are wrong for every actual unique property. And as Taishan has repeatedly explained (including in the Motion to Decertify), Plaintiffs' formulaic calculation of remediation damages violates established Fifth Circuit law that prohibits aggregate treatment of mass tort damages. *See In re Fibreboard Corp.*, 893 F.2d 706, 712 (5th Cir. 1990); *Cimino v. Raymark Indus., Inc.*, 151 F.3d 297, 316-20 (5th Cir. 1997); *Steering Committee v. Exxon Mobile Corp.*, 461 F.3d 598, 603 (5th Cir. 2006).

The Court should also preclude the PSC from pursuing most of the individualized damages categories listed in the Letter because the PSC previously disclaimed them (all but alternative living costs and loss of use and enjoyment). In obtaining class certification, the PSC recognized that "class members may also be entitled to damages for financial injuries such as bankruptcies or foreclosures," but because those "individual damages [are] not capable of

5

calculation on a class basis . . . Class Counsel will not be pursuing these types of damages in the instant class proceeding." (Rec. 18086-1 at 8). The PSC's supplemental class notice—approved by the Court—explained that they would "**only** seek damages for the cost of (1) repair/remediation; (2) alternative living expenses during repair/remediation; and (3) loss of use and enjoyment." (Rec. 18086-18 at 3) (emphasis in original). Accordingly, "[a]ll other claims for relief and other forms of damages are **not** being sought and will be precluded from relief." (*Id*. (emphasis in original).) The class members cannot now pursue those renounced claims. Furthermore, the former property owners cannot recover damages during the class damages phase—period—because, under the class definition, they are not part of the class. (Rec. 18086-18).

Respectfully submitted this 11th day of September, 2015.

/s Michael P. Kenny
Michael P. Kenny, Esq.
Georgia Bar No. 415064
Bernard Taylor, Esq.
Georgia Bar No. 669625
Christina Hull Eikhoff
Georgia Bar No. 242539
David Venderbush, Esq.
New York Bar No. 2920817
ALSTON & BIRD LLP
1201 West Peachtree Street
Atlanta, Georgia 30309
Phone: (404) 881-7000
Fax: (404) 881-7777
mike.kenny@alston.com
*Counsel for Taishan Gypsum Co., Ltd. and
Tai'an Taishan Plasterboard Co., Ltd.*

Alan Dean Weinberger
LA Bar No. 13331

HANGARTNER, RYDBERG & TERRELL, LLC
One Shell Square
701 Poydras St., Suite 310
New Orleans, Louisiana  70179
Phone:  (504) 434-6815
Fax: (504) 522-5689
aweinberger@hanrylaw.com
*Local Counsel for Taishan Gypsum Co., Ltd. and
Tai'an Taishan Plasterboard Co., Ltd.*

## CERTIFICATE OF SERVICE

I hereby certify that the above and foregoing has been served on Plaintiffs' Liaison Counsel, Russ Herman, by U.S. mail and e-mail and upon all parties by electronically uploading the same to LexisNexis File & Serve in accordance with Pre-Trial Order No. 6, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2047 on this 11th day of September, 2015.

/s Michael P. Kenny
Michael P. Kenny, Esq.
Georgia Bar No. 415064
ALSTON & BIRD LLP
1201 West Peachtree Street NW
Atlanta, Georgia 30309
Phone: (404) 881-7000
Fax: (404) 881-7777
mike.kenny@alston.com
*Counsel for Taishan Gypsum Co., Ltd. and Tai'an Taishan Plasterboard Co., Ltd.*