LEVIN, FISHBEIN, SEDRAN & BERMAN

*Counsellors at Law and Proctors in Admiralty*

ARNOLD LEVIN
MICHAEL D. FISHBEIN
HOWARD J. SEDRAN
LAURENCE S. BERMAN
FRED S. LONGER *
DANIEL C. LEVIN
CHARLES E. SCHAFFER
AUSTIN B. COHEN *
MICHAEL M. WEINKOWITZ * †
CHARLES C. SWEEDLER *
MATTHEW C. GAUGHAN * †
KEITH J. VERRIER *
BRIAN F. FOX

* also admitted in New Jersey
† also admitted in New York

510 WALNUT STREET
SUITE 500
PHILADELPHIA, PA 19106-3697
www.lfsblaw.com

TELEPHONE (215) 592-1500
FACSIMILE (215) 592-4663

OF COUNSEL:
SANDRA L. DUGGAN

September 8, 2015

**VIA E-MAIL AND HAND DELIVERY**

The Honorable Eldon E. Fallon
United States District Court
Eastern District of Louisiana
500 Poydras Street, Room C-456
New Orleans, LA 70130

Re: *Status of Damages Claims against Taishan*

Dear Judge Fallon:

This letter provides a status report on the Plaintiffs' damages claims against Taishan, and is being copied to defense counsel and all individual plaintiffs' counsel. The report covers: (1) an update of the PSC's work to prepare for claims processing by investigating the claims put forward on Plaintiff Trial Exhibit 79. (Ex. 79 admitted in the June 9, 2015 trial set forth the formulaic aggregate Certified Classwide remediation damages for those properties listed on Ex. 79), (2) the PSC has directed the individual counsel to dismiss certain claims and to evaluate for purposes of dismissal all clients where product identification may be lacking, (3) a description of the type of claims belonging to Certified Class members that were not covered by Ex. 79 and for which Plaintiffs will seek a subsequent phase to prove these damages, and (4) a new Omni Compliant (XX) filed September 4, 2015 which asserts claims against Taishan on behalf of Taishan property owners for properties not included in the Certified Class (individual counsel have come forward with evidence of Taishan Chinese Drywall contaminated properties since the Certification of the Class, September 26, 2014 (Rec. Doc. 18028)).

1. UPDATE PLAINTIFFS TRIAL EX. 79 – At the June 9, 2015 hearing and in Plaintiffs Proposed FOFCOL (Rec. Doc. 19197), plaintiffs requested two rulings from the Court: (1) a finding that the formulaic method used to calculate remediation damages is fair and reasonable, and (2) that the aggregate formulaic remediation damages for properties on Ex. 79 proceed to claims processing for claims verification and set offs. (Plaintiffs specifically requested that at this time a final judgment as to the dollar amount for aggregate formulaic Class remediation damages not be issued, (Rec. Doc. 18753 at p 3, para IV(C), Rec. Doc. 19289 at p 3)). Since the June 9 hearing, the PSC has continued to verify aspects of the claims presented on Ex. 79, and is now prepared for claims processing since it has updated its analysis of Ex. 79. As a result of this investigation, the PSC has determined that product identification of a number of listed properties may be inadequate, and thus, the aggregate remediation damages claim in Ex. 79 may potentially be reduced in clams processing from $497,180,467 to approximately $349,374,356.

2. DISMISSALS - As part of its work to prepare for claims processing, the PSC has determined that there are Taishan claims in the process of being dismissed by counsel, and an additional significant number of Class member properties for which the PSC will request counsel to file a notice of dismissal should product identification be lacking. At present counsel have provided to the PSC authorization to dismiss approximately 50 properties. Some Class members have already filed Notices of Voluntary Dismissals. In addition, the PSC is working daily with counsel to assist with product identification. This additional process may cover approximately 900 Class member properties that are in the process of being reviewed for dismissal in the next 30 days.

3. CLASS MEMBER DAMGES CLAIMS FOR A SUBSEQUENT PROCEEDING - Certified Class members (both those identified on Ex. 79 and those not identified on Ex. 79) have damage claims in addition to the aggregate remediation claim set forth in Ex. 79, for which the PSC has reserved the right to present at a subsequent proceeding. (*See* Order and Reasons, Rec. Doc. 18998 at p 5, Rec. Doc. 19197 at ¶¶28,161,162.) These claims on behalf of current or former owners include: (a) ALE claims, (b) loss of use and enjoyment claims, (c) short sale/ foreclosure claims, (d) personal property claims, (e) lost rent/business claims, (f) remediation claims not included in Ex. 79 such as claims of former owners, and (g) other individualized damage claims not covered by categories (a) – (f) above.

4. NEW TAISHAN OMNI COMPLAINT – Subsequent to the Certification of the Taishan Class (Rec. Doc. 18028), many counsel came forward with additional Taishan Chinese Drywall contaminated properties that may not have been included in the Certified Class and which were presented by clients to individual counsel. A new Omni Taishan complaint covering these properties (Omni XX) was filed on September 4, 2015. The complaint identifies approximately 800 damaged properties. Counsel has provided the product identification and square footage information on these properties to the PSC, and the PSC has attempted to place only claims with proper product identification on Omni XX.

Respectfully,

ARNOLD LEVIN

RUSS HERMAN

cc: All Plaintiffs' Counsel
Defense Counsel