UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In re: CHINESE-MANUFACTURED DRYWALL PRODUCTS LIABILITY LITIGATION | * * * * | MDL 2047 SECTION L |
| This document relates to: All Cases | * * * | JUDGE FALLON MAGISTRATE JUDGE WILKINSON |

* * * * * * * * * * * * * * * * *

**MOTION TO EXTINGUISH THE KNAUF DEFENDANTS' SETTLEMENT OBLIGATIONS FOR CERTAIN ALREADY REMEDIATED HOME CLAIMS**

The Knauf Defendants[1] file this Motion to Extinguish the Knauf Defendants' Settlement Obligations for Certain Already Remediated Home Claims.

The Court should extinguish the Knauf Defendants' settlement obligations for the Already Remediated Home ("ARH") claimants identified in Exhibit A because those claimants have failed to comply with the Knauf Class Settlement Agreement,[2] Pre-Trial Order 1(B) ("PTO 1(B)), Pre-Trial Order 26 ("PTO 26"), and/or the Already Remediated Properties Protocol.

Additionally, the Court should affirm that the Knauf Defendants have no obligation to settle the ARH claims identified in Exhibit B because those properties were purchased with knowledge that they contained KPT Chinese Drywall and/or Non-KPT Chinese Drywall and are therefore not eligible for settlement benefits.

---

[1] The Knauf Defendants include Knauf Plasterboard (Tianjin) Co., Ltd., Knauf Plasterboard (Wuhu) Co., Ltd., Guangdong Knauf New Building Material Products Co., Ltd., Knauf Gips KG, Gebr. Knauf Verwaltungsgesellschaft KG, Knauf International GmbH, Knauf Insulation GmbH, Knauf UK GmbH, Knauf AMF GmbH & Co. KG, Knauf do Brasil Ltda., and PT Knauf Gypsum Indonesia.

[2] Settlement Agreement Regarding Claims Against the Knauf Defendants in MDL No. 2047 and subsequent Amendments to the agreement were filed with the Fourth Amended Settlement Agreement Regarding Claims Against the Knauf Defendants in MDL No. 2047 being the final and controlling agreement.

Finally, the Court should affirm that the Knauf Defendants have no obligation to settle the single ARH claim identified in Exhibit C because the purported ARH claimant is not a Class Member entitled to ARH benefits under the Knauf Class Settlement Agreement because they never were the Owner of the Affected Property and did not incur any Reimbursable Costs.

For the foregoing reasons, as more fully explained in the accompanying Memorandum in Support, the Court should extinguish the Knauf Defendants' settlement obligations for the ARH claimants identified in Exhibits A, B, and C.

Respectfully Submitted,

**BAKER, DONELSON, BEARMAN, CALDWELL & BERKOWITZ, PC**

/s/ *Kerry J. Miller*
KERRY J. MILLER (LA Bar No. 24562)
DANIEL J. DYSART (LA Bar No. 33812)
201 St. Charles Avenue, Suite 3600
New Orleans, LA  70170
Phone: 504.566.8646
Facsimile: 504.585.6946
Email: kjmiller@bakerdonelson.com

*Counsel for the Knauf Defendants*

# CERTIFICATE

I hereby certify that the above and foregoing pleading has been served upon Russ Herman, Plaintiffs' Liaison Counsel, by email, to all parties by electronically uploading the same to LexisNexis File & Serve in accordance with Pre-Trial Order No. 6, and that the foregoing was filed with the Clerk of Court of the United States Court for the Eastern District of Louisiana, on this 18th day of September 2015.

/s/ *Kerry J. Miller*
KERRY J. MILLER