UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE:  CHINESE MANUFACTURED DRYWALL PRODUCTS LIABILITY LITIGATION | MDL No. 2:09-md-2047<br><br>SECTION L<br><br>JUDGE ELDON E. FALLON |
| **THIS DOCUMENT RELATES TO:**<br>*Gross v. Knauf Gips KG, 2:09-cv-6690*<br>*Amorin v. Taishan Gypsum, 2:11-cv-1672*<br>*Amorin v. Taishan Gypsum, 2:11-cv-1395*<br>*Amorin v. Taishan Gypsum, 2:11-cv-1673*<br>*Amorin v. SASAC, 2:14-cv-1727*<br>*State of Louisiana v. Knauf, 2:10-cv-340*<br>*Abner v. Taishan Gypsum, 2:11-cv-3094*<br>*Posey v. BNBM Co., 2:09-cv-6531*<br>*Morris v. BNBM Co., 2:09-cv-6530* | MAGISTRATE JUDGE<br>JOSEPH C. WILKINSON, JR. |

**CHINA NEW BUILDING MATERIALS GROUP, CHINA NEW BUILDING MATERIALS CO., CNBMIT CO. LTD., CNBM USA CORP., AND UNITED SUNTECH CRAFT, INC.'S MOTION FOR LEAVE TO AMEND MOTION TO DISMISS**

China New Building Materials Group ("CNBM Group"), China New Building Materials Co. ("CNBM Co."), CNBMIT Co. Ltd. ("CMBIT"), CNBM USA Corp. ("CNBM USA"), and United Suntech Craft, Inc. ("United Suntech") (collectively the "Moving Defendants") respectfully move the court for leave to amend the June 16, 2015 Motion to Dismiss with the attached Amended Memorandum in Support of their Motion to Dismiss (Exhibit 1):

1. The Moving Defendants filed a Motion to Dismiss on June 16, 2015 for lack of subject matter jurisdiction, lack of personal jurisdiction, insufficient process and insufficient service of process pursuant to Federal Rules of Civil Procedure Rules 12(b)(1), 12(b)(2), 12(b)(4) and 12(b)(5).  On July 22, 2015, this Court stayed further briefing on the Motion to Dismiss pending discovery related to the Moving Defendants' personal and subject matter

1

jurisdiction defenses. [Rec. Doc. No. 19323.] The parties agreed upon (and the Court approved) a briefing schedule and December 8 hearing date related solely to CNBM Group's FSIA defense [Rec. Doc. No. 19403], but there currently is no briefing schedule and no hearing date for non-FSIA Rule 12 defenses.

2. A pending Rule 12 motion may be amended when the amendment is sought for good cause, the amendment will not delay the proceedings, and there is no prejudice to the opposing party. *See, e.g.*, *Vanslambrouck v. Fairfield Indus. Inc.*, No. 2:11-CV-76-FTM-29SPC, 2011 WL 2435947, at *1-2 (M.D. Fla. June 15, 2011); *AIG Europe, S.A. v. MIH Scrap Metals Int'l, LLC*, No. 09-CV-612A, 2010 WL 2720593, at *1 n.1 (W.D.N.Y. July 6, 2010); *Britton v. Cann*, 682 F. Supp. 110, 113 (D.N.H. 1988).

3. The Moving Defendants have good cause to amend their Motion to Dismiss. In moving this Court to enter preliminary defaults against the Moving Defendants, the PSC represented to the Court that it had accomplished service on the Moving Defendants. In support of this contention, PSC attached as exhibits to its motions for default self-prepared charts indicating the date on which an entity was allegedly served. However, the PSC did not attach proof of service to those charts, or indicate where in the record such proof could be located. [*See e.g.,* Rec. Docs. 17378-2 to -4.] After searching tens of thousands of docket entries in a good faith effort to locate the supporting proofs of service, the Moving Defendants served plaintiffs with a narrow discovery request seeking production of proof of service in all relevant actions. Counsel for the Louisiana Attorney General provided its responses on August 21, 2015. Counsel for PSC provided its responses on August 28, 2015. Those responses revealed deficiencies in service that were not previously apparent to the Moving Defendants.

4.      Plaintiffs are not prejudiced by the amended motion.  Plaintiffs have not responded to the Motion to Dismiss and the time to do so has not expired.  Nor are Plaintiffs prejudiced in their current discovery by the addition of service defenses, as all facts regarding service are and have been in their possession.

5.      The amended motion will not delay proceedings, as the Court has stayed briefing and hearing on the Moving Defendants' non-FSIA Rule 12 defenses pending discovery.  [Rec. Doc. No. 19323.]  The proposed amendments have no impact on the Moving Defendants' FSIA defenses and will not delay the scheduled December 8 hearing on those defenses.

WHEREFORE, Moving Defendants respectfully request that this Honorable Court grant leave to amend the Motion to Dismiss filed on June 16, 2015, in order to include updated information about Plaintiffs' insufficient process of service.

Dated: September 18, 2015

Respectfully Submitted,

/s/ L. Christopher Vejnoska

L. Christopher Vejnoska (CA Bar No. 96082)
Ian Johnson (CA Bar No. 208713)
Andrew Davidson (CA Bar No. 266506)
Jason Wu (CA Bar No. 279118)
Ian Fein (CA Bar No. 281394)
Jason Cabot (CA Bar No. 288877)
ORRICK, HERRINGTON & SUTCLIFFE LLP
The Orrick Building
San Francisco, CA  94105
Tel.:  415-773-5700
E-mail:       cvejnoska@orrick.com
              ijohnson@orrick.com
              adavidson@orrick.com

        jmwu@orrick.com
        ifein@orrick.com
        jcabot@orrick.com

James L. Stengel (NY Bar No. 1800556)
Xiang Wang (NY Bar No. 4311114)
ORRICK, HERRINGTON & SUTCLIFFE LLP
51 West 52nd Street
New York, NY, 10019
Tel: 212-506-5000
Email:    jstengel@orrick.com
        xiangwang@orrick.com

Eric A. Shumsky (D.C. Bar No. 477926)
ORRICK, HERRINGTON & SUTCLIFFE LLP
Columbia Center
1152 15th Street NW
Washington, D.C. 20005
Tel: 202-339-8400
Email:    eshumsky@orrick.com

Ewell E. Eagan, Jr. (LA Bar No. 5239)
Donna Phillips Currault (LA Bar No. 19533)
Nina Wessel English (LA Bar No. 29176)
Alex B. Rothenberg (LA Bar No. 34740)
GORDON, ARATA, MCCOLLAM, DUPLANTIS & EAGAN, LLC
201 St. Charles Avenue, 40th Floor
New Orleans, LA 70170-4000
Tel: (504) 582-1111
E-mail:    eeagan@gordonarata.com
        dcurrault@gordonarata.com
        nenglish@gordonarata.com
        arothenberg@gordonarata.com

*Attorneys for China New Building Materials Group Corporation, China New Building Materials Company Limited, CNBMIT Co. Ltd., CNBM USA Corp., and United Suntech Craft, Inc.*