UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **EDUARDO AND CARMEN AMORIN, et al.** )<br>)<br>Plaintiffs.                )<br>)<br>v.                    )<br>)<br>**TAISHAN GYPSUM CO., LTD. F/K/A**   )<br>**SHANDONG TAIHE DONGXIN CO., LTD,** )<br>**et al.**                  )<br>)<br>Defendants.               )<br>_____) | CASE NO.: 11-1672<br><br>**AFFIDAVIT OF JUDY A. NUNN**<br><br>RE: Proof of Service upon<br>**CNBMI Co., Ltd.** in accordance with<br>Paragraph 2 of Article 15 and the<br>Hague Convention Default Provision |

State of Minnesota   )
            ) s.s.
County of Hennepin  )

I

The affiant is a paralegal in the employ of Civil Action Group, Ltd. d/b/a APS International, Ltd., and in that capacity has caused thousands of documents to be served abroad pursuant to The Hague Service Convention treaty, <u>The Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters</u>, TIAS #10072, 20 UST 361 (2/10/69) 28 USCA, 1988 Sup. pamphlet page 121.

II

Because of the language barrier, and other problems, it is not unusual for a proof of service to be sent by a foreign Central Authority clerk to the wrong United States lawyer. The United States is the only country, of all Treaty Nations, which has no single Central Authority to receive proofs of service. Since proofs sent to an incorrect address arrive in a foreign language, generally they are inadvertently "filed away." Civil Action Group, Ltd. d/b/a APS International, Ltd. receives a number of such proofs of service sent to it in error every year. Our translators

them to the proper United States lawyer or Court.

## III

The possibility that foreign Central Authorities would lose or otherwise not prepare or send proofs of service is anticipated by the Treaty. Paragraph 2 of Article 15 allows each treaty nation to elect a provision for default judgments, notwithstanding the absence of a proof of service (Paragraph 2 of Article 15 is attached as Exhibit 1).

## IV

The United States has executed declaration 3 to the Treaty, which adopts Paragraph 2 of Article 15 and allows for default judgment in a United States Court, notwithstanding the absence of a proof of service (Declaration #3 of the United States is attached as Exhibit 2).

## V

Paragraph 2 of Article 15 allows a United States judge to grant a default judgment, notwithstanding the absence of a proof of service provided:

a)  The documents of suit in the action were transmitted abroad to the appropriate Central Authority for the purpose of service. In this case, the service documents were transmitted via international courier (Federal Express). They were delivered to the Ministry of Justice, International Legal Cooperation Center (ILCC), No. 6, Chaoyangmen Nandajie, Chaoyang District, Beijing 100020, People's Republic of China, on June 3rd, 2013 (see Federal Express tracking results attached as Exhibit 3).

b)  A period of time in excess of six months must have lapsed since the suit documents were

transmitted abroad for the purpose of service. In this case the documents were transmitted on May 31st, 2013, and a period of more than six months has elapsed.

c) No certificate of any kind has been received, even though reasonable efforts have been made to obtain it through the competent authorities of the state addressed. In this case, reasonable efforts include:

1) A letter addressed to the Central Authority requesting status of service was sent on January 8th, 2014. This letter was received by the Ministry of Justice, International Legal Cooperation Center (ILCC), No. 6, Chaoyangmen Nandajie. Chaoyang District, Beijing 100020, People's Republic of China, on January 13th, 2014 (copy of letter addressed to the Central Authority and Federal Express tracking results are attached as Exhibit 4).

2) A second letter addressed to the Central Authority was sent on February 25th, 2014, via Federal Express. This letter was received by the Ministry of Justice, International Legal Cooperation Center (ILCC), No. 6, Chaoyangmen Nandajie, Chaoyang District, Beijing 100020, People's Republic of China, on February 28th, 2014. (copy of letter addressed to the Central Authority and Federal Express tracking results are attached as Exhibit 5).

VI

Notwithstanding entry of judgment by the United States Court, an aggrieved defendant is given a remedy. The treaty provides in Article 16 for a procedural remedy to reopen a default judgment within one year. In addition, the United States has adopted declaration 4 which allows a default to be reopened within either the same period of time that is allowed under the United States

Court's rules of procedure, or 1 year, whichever period is greater. (Article 16 and Declaration #4 of the United States are attached as Exhibit 6 and Exhibit 7)

VII

In accordance with the terms of the Treaty, the plaintiff is entitled to default judgment in this matter.

Affiant states nothing further.



Judy A. Nunn
Civil Action Group, Ltd. d/b/a APS International, Ltd.
APS International Plaza

Subscribed and sworn
before me this 14th
day of October, 2014.

7800 Glenroy Road
Minneapolis, MN 55439
(800) 328-7171

_____
Notary Public

GLENDA E. FICHTNER
NOTARY PUBLIC- MINNESOTA
MY COMMISSION EXPIRES 1-31-2015

EXHIBIT 1

## THE HAGUE CONVENTION ON THE SERVICE ABROAD OF JUDICIAL AND EXTRAJUDICIAL DOCUMENTS IN CIVIL OR COMMERCIAL MATTERS, TIAS #10072, 20 UST 361 (2/10/69) 28 USCA, 1988 SUP. PAMPHLET PAGE 104.

ARTICLE 15

Where a writ of summons or an equivalent document had to be transmitted abroad for the purpose of service, under the provisions of the present Convention, and the defendant has not appeared, judgment shall not be given until it is established that -

(a) the document was served by a method prescribed by the internal law of the State addressed for the service of documents in domestic actions upon persons who are within its territory, or

(b) the document was actually delivered to the defendant or to his residence by another method provided for by this Convention,

and that in either of these cases the service or the delivery was effected in sufficient time to enable the defendant to defend.

Each contracting State shall be free to declare that the judge, notwithstanding the provisions of the first paragraph of this article, may give judgment even if no certificate of service or delivery has been received, if all the following conditions are fulfilled -

(a) the document was transmitted by one of the methods provided for in this Convention,

(b) a period of time of not less that six months, considered adequate by the judge in the particular case, has elapsed since the date of the transmission of the document,

(c) no certificate of any kind has been received, even though every reasonable effort has been made to obtain it through the competent authorities of the State addressed.

Notwithstanding the provisions of the preceding paragraphs the judge may order, in case of urgency, any provisional or protective measures.

EXHIBIT 2

<u>THE HAGUE CONVENTION ON THE SERVICE ABROAD OF JUDICIAL AND EXTRAJUDICIAL DOCUMENTS IN CIVIL OR COMMERCIAL MATTERS</u>, TIAS #10072, 20 UST 361 (2/10/69) 28 USCA, 1988 SUP. PAMPHLET PAGE 104.

DECLARATION #3 OF THE UNITED STATES

In accordance with the second paragraph of Article 15, it is declared that the judge may, notwithstanding the provisions of the first paragraph of Article 15, give judgment even if no certificate of service or delivery has been received, if all the conditions specified in subdivision (a), (b) and (c) of the second paragraph of Article 15 are fulfilled.

EXHIBIT 3

# Judy A. Nunn

**From:** trackingupdates@fedex.com
**Sent:** Sunday, June 02, 2013 9:28 PM
**To:** Jeff Karsten
**Subject:** FedEx Shipment 799884750390 Delivered

**Categories:** Orange Category

---

This tracking update has been requested by:

Company Name:   APS INTERNATIONAL, LTD
Name:           JEFF KARSTEN
E-mail:         karstenj@civilactiongroup.com

---

Our records indicate that the following shipment has been delivered:

Reference:                  267246-71 & DISK
Ship (P/U) date:            May 31, 2013
Delivery date:              Jun 3, 2013 10:24 AM
Sign for by:                W.W
Delivery location:          BEIJING,
Delivered to:               Receptionist/Front Desk
Service type:               FedEx International Priority
Packaging type:             Your Packaging
Number of pieces:           1
Weight:                     11.70 lb.
Special handling/Services:  Airbill Automation
                            Deliver Weekday
Tracking number:            799884750390

Shipper Information             Recipient Information
JEFF KARSTEN                    LI ZHIYING (ILCC)
APS INTERNATIONAL, LTD          MINISTRY OF JUSTICE (ILCC)
7800 GLENROY ROAD               6, CHAOYANGMEN NANDAJIE
APS INTERNATIONAL PLAZA         CHAOYANG DISTRICT
MINNEAPOLIS                     BEIJING
MN                              CN
US                              100020
55439

Please do not respond to this message. This email was sent from an unattended mailbox. This report was generated at approximately 9:27 PM CDT on 06/02/2013.

To learn more about FedEx Express, please visit our website at fedex.com.

1

All weights are estimated.

To track the latest status of your shipment, click on the tracking number above, or visit us at fedex.com.

This tracking update has been sent to you by FedEx on the behalf of the Requestor noted above. FedEx does not validate the authenticity of the requestor and does not validate, guarantee or warrant the authenticity of the request, the requestor's message, or the accuracy of this tracking update. For tracking results and fedex.com's terms of use, go to fedex.com.

Thank you for your business.

---

This email has been scanned by the Symantec Email Security.cloud service.
For more information please visit http://www.symanteccloud.com

---

EXHIBIT 4

APS International Plaza • 7800 Glenroy Road<br>
Minneapolis, Minnesota 55439-3122<br>
PHONE: (952) 831-7776<br>
FAX: (952) 831-8150

# APS International, Ltd.

January 8, 2014

DIVISION OF JUDICIAL ASSISTANCE
Ministry of Justice of the People's Republic of China
No.6, Chaoyangmen, Nandajie
Chaoyang District
Beijing 100020
People's Republic of China

**RE:** Service of Process upon: <u>**CNBMI Co., Ltd.**</u>
**CASE NO:** <u>**11-1672**</u>

Dear Sir/Madam:

Documents for service of process under the <u>Hague Convention on the Service Abroad of Judicial & Extrajudicial Documents in Civil or Commercial Matters</u>, were sent to you on <u>**May 31, 2013**</u> in the lawsuit: <u>**Amorin (Omni XV) v Taishan Gypsum Co., Ltd.**</u>

Since that time we have heard nothing.

We sent the following documents via Federal Express courier.

1) Request, Certificate/Attestation and Summary of Documents.
2) Two (2) copies of the documents to be served (in English).
3) Two (2) copies of the documents to be served (in Chinese).

**If you do not have a record of receiving the original request, please promptly respond to this letter via facsimile and we will forward a duplicate request for service to you.**

Please let us know the status of these papers:

1) Have the documents been served? _____.
2) If so, when, where and on whom were they served?
   _____.
3) Where is the Certificate/Attestation and when can we expect it?
   _____
   _____.

The United States has executed Declaration 3 to the Treaty, which adopts Paragraph 2 of Article 15 which allows for a default judgment in a United States Court, notwithstanding the absence of proof of service. In accordance with this provision, we will be requesting the United States Court to grant judgment by default against **CNBMI Co., Ltd.** after **April 2, 2014**.

We have enclosed a duplicate of this letter upon which you may apply, together with an envelope addressed to us for your convenience.

Thank you for your prompt consideration.

Sincerely.

*Judy Nunn*

Judy Nunn
International Department
Email: jnunn@civilactiongroup.com
Fax: (952) 831-8150

**Judy A. Nunn**

| | |
|---|---|
| **From:** | trackingupdates@fedex.com |
| **Sent:** | Sunday, January 12, 2014 8:59 PM |
| **To:** | Judy A. Nunn |
| **Subject:** | FedEx Shipment 797585523054 Delivered |

This tracking update has been requested by:

| | |
|---|---|
| Company Name: | CIVIL ACTION GROUP |
| Name: | Judith Nunn |
| E-mail: | JNunn@CivilActionGroup.com |

Our records indicate that the following shipment has been delivered:

| | |
|---|---|
| Reference: | INT 271201 / 8 Cases 1st FUS |
| Ship (P/U) date: | Jan 8, 2014 |
| Delivery date: | Jan 13, 2014 10:54 AM |
| Sign for by: | J.IPO |
| Delivery location: | BEIJING, |
| Delivered to: | Receptionist/Front Desk |
| Service type: | FedEx International Priority |
| Packaging type: | FedEx Envelope |
| Number of pieces: | 1 |
| Weight: | 1.40 lb. |
| Special handling/Services: | Deliver Weekday |

Tracking number:        797585523054

| Shipper Information | Recipient Information |
|---|---|
| JUDITH NUNN | MINISTRY OF JUSTICE |
| CIVIL ACTION GROUP | INTERNATIONAL LEGAL COOPERATION CE |
| 7800 GLENROY ROAD | 6, CHAOYANGMEN NANDAJIE |
| MINNEAPOLIS | CHAOYANG DISTRICT |
| MN | BEIJING |
| US | CN |
| 55439 | 100020 |

Please do not respond to this message. This email was sent from an unattended mailbox. This report was generated at approximately 8:59 PM CST on 01/12/2014.

To learn more about FedEx Express, please visit our website at fedex.com.

All weights are estimated.

To track the status of this shipment online, please use the following:

1

https://www.fedex.com/insight/findit/nrp.jsp?tracknumbers=797585523054&language=en&opco=FX&clientype=ivpodalrt

This tracking update has been sent to you by FedEx on the behalf of the Requestor noted above. FedEx does not validate the authenticity of the requestor and does not validate, guarantee or warrant the authenticity of the request, the requestor's message, or the accuracy of this tracking update. For tracking results and fedex.com's terms of use, go to fedex.com.

Thank you for your business.

---

This email has been scanned by the Symantec Email Security.cloud service.
For more information please visit http://www.symanteccloud.com

---

EXHIBIT 5

APS International Plaza • 7800 Glenroy Road
Minneapolis, Minnesota 55439-3122
PHONE: (952) 831-7776
FAX: (952) 831-8150
TOLL FREE: (800) 328-7171

# APS International, Ltd.

February 25, 2014

Ministry of Justice
Department of Judicial Assistance and Foreign Affairs
Division of Judicial Assistance
No. 6, Chaoyangmen Nandajie
Chaoyang District
Beijing 100020
People's Republic of China

RE:   Service of Process upon: <u>CNBMI Co., Ltd.</u>
CASE NO: <u>11-1672</u>

Dear Sir/Madam:

Documents for service of process under the <u>Hague Convention on the Service Abroad of Judicial & Extrajudicial Documents in Civil or Commercial Matters</u>, were sent to you on <u>May 31, 2013,</u> in the lawsuit: <u>Amorin (Omni XV) v Taishan Gypsum Co., Ltd.</u>

Since that time we have heard nothing.

We sent the following documents via Federal Express courier.

1) Request, Certificate/Attestation and Summary of Documents.
2) Two (2) copies of the documents to be served (in English).
2) Two (2) copies of the documents to be served (in Chinese).

We also sent a letter requesting the status of this request for service on: <u>January 8, 2014</u>.

Please let us know the status of these papers;

1) Have the documents been served? _____.
2) If so, when, where and on whom were they served?
_____.
3) Where is the Certificate/Attestation and when can we expect it?
_____
_____.

The United States has executed Declaration 3 to the Treaty, which adopts Paragraph 2 of Article 15 which allows for a default judgment in a United States Court, notwithstanding the absence of proof of service. In accordance with this provision, we will be requesting the United States Court to grant judgment by default against <u>**CNBMI Co., Ltd.**</u> after **March 25, 2014**.

We have enclosed a duplicate of this letter upon which you may apply, together with an envelope addressed to us for your convenience.

Thank you for your prompt consideration.

Sincerely,

*Judy Nunn*

Judy Nunn
International Department
jnunn@civilactiongroup.com
952-831-7776

# FedEx® Tracking

**798026815460**

Ship (P/U) date :
Tues 2/25/2014 4:26 pm

MINNEAPOLIS, MN US

Actual delivery :
Fri 2/28/2014 11:06 am

BEIJING, ZZ CN

**Delivered**
Signed for by: P.OINH

Let us tell you when your shipment arrives. Sign up for delivery notifications

## Travel History

| Date/Time | Activity | Location |
|---|---|---|
| 2/28/2014 - Friday | | |
| 11:06 am | Delivered | BEIJING CN |

## Shipment Facts

| | | | |
|---|---|---|---|
| Tracking number | 798026815460 | Service | FedEx International Priority |
| Shipper reference | INT 270155 & 5 Follow Ups | Special handling section | Deliver Weekday |

EXHIBIT 6

<u>THE HAGUE CONVENTION ON THE SERVICE ABROAD OF JUDICIAL AND EXTRAJUDICIAL DOCUMENTS IN CIVIL OR COMMERCIAL MATTERS</u>, TIAS #10072, 20 UST 361 (2/10/69) 28 USCA, 1988 SUP. PAMPHLET PAGE 104.

ARTICLE 16

When a writ of summons or an equivalent document had to be transmitted abroad for the purpose of service, under the provisions of the present Convention. and a judgment has been entered against a defendant who has not appeared, the judge shall have the power to relieve the defendant from the effects of the expiration of the time for appeal from the judgment if the following conditions are fulfilled -

(a)   the defendant, without any fault on his part, did not have knowledge of the document in sufficient time to defend, or knowledge of the judgment in sufficient time to appeal, and

(b)   the defendant has disclosed a prima facie defense to the action on the merits.

An application for relief may be filed only within a reasonable time after the defendant has knowledge of the judgment.

Each contracting State may declare that the application will not be entertained if it is filed after the expiration of a time to be stated in the declaration, but which shall in no case be less than one year following the date of the judgment. This article shall not apply to judgments concerning status or capacity of persons.

EXHIBIT 7

<u>THE HAGUE CONVENTION ON THE SERVICE ABROAD OF JUDICIAL AND EXTRAJUDICIAL DOCUMENTS IN CIVIL OR COMMERCIAL MATTERS</u>, TIAS #10072, 20 UST 361 (2/10/69) 28 USCA, 1988 SUP. PAMPHLET PAGE 104.

DECLARATION #4 OF THE UNITED STATES

In accordance with the third paragraph of Article 16, it is declared that an application under Article 16 will not be entertained if it is filed (a) after the expiration of the period within which the same may be filed under the procedural regulations of the court in which the judgment has been entered, or (b) after the expiration of one year following the date of the judgment, whichever is later.