

**ORRICK**

ORRICK, HERRINGTON & SUTCLIFFE LLP
THE ORRICK BUILDING
405 HOWARD STREET
SAN FRANCISCO, CALIFORNIA 94105-2669

tel +1-415-773-5700
fax +1-415-773-5759

WWW.ORRICK.COM

September 21, 2015

Christopher Vejnoska
(415) 773-5916
cvejnoska@orrick.com

VIA ECF

The Honorable Eldon E. Fallon
Eastern District of Louisiana
United States Court
500 Poydras Street
Room C456
New Orleans, LA 70130

Dear Judge Fallon:

    We write regarding the Court's minute order dated September 18 to request its immediate reconsideration with respect to the briefing schedule for CNBM Group's Foreign Sovereign Immunities Act motion.

    *First*, we submit that it was inappropriate to substantially alter the briefing schedule for CNBM Group's FSIA motion based on a passing request in an email and argument made orally during a telephonic hearing[1] that was convened to discuss issues having nothing to do with that motion: the progress of the Hong Kong depositions,[2] and issues relating to a Taishan witness, Wenlong Peng. Before the Court should even entertain this request, it should require the PSC to make a specific showing by written motion, duly noticed and with appropriate opportunity for CNBM Group to respond.

    *Second*, whatever need there may be for an evidentiary hearing on facts related to this Taishan witness, that hearing has nothing whatsoever to do with CNBM Group's FSIA motion—much less the already delayed time for adjudicating that motion. The minute order of September 18, 2015 states that the hearing will address issues of "spoliation, contempt, adverse inferences, and possible penalties." Rec. Doc. 19526. But the allegations underlying those issues have nothing to do with **CNBM Group**. They all spring from a single contention: that **Taishan** did not disclose the location of one of its former employees, Mr. Peng, and that **Taishan** did not take proper measures to protect or collect his documents. But CNBM Group is not alleged to have taken any action related to Mr. Peng, and the PSC has not made any showing, or even articulated a theory, how

---

[1] CNBM Group was surprised and disappointed to learn at the outset of what had been noticed as a telephonic hearing that representatives of the PSC were sitting physically with the Court, while all defendants were on the telephone.

[2] The Court may not have realized that the PSC expressed no objections to the progress of either deposition involving CNBM witnesses, Song Zhiping (Sept. 14 and 15) or Peng Shou (Sept. 16). It did complain that one document it used had been produced in a supplemental production—but it was a document that the PSC had time to translate fully and use to question both witnesses.



Honorable Judge Fallon
September 21, 2015
Page 2

anything to do with Mr. Peng could have any relevance to CNBM Group's FSIA defense, or the PSC's allegations that one of the narrow statutory exceptions to immunity applies.

Fifth Circuit law is clear that immunity defenses must be decided at the earliest possible stage of litigation, that the presumption is **in favor of** CNBM Group's claim to sovereign immunity, and that in attempting to overcome that presumption, the PSC is entitled to extremely limited discovery. The PSC already has received massive discovery—far in excess of those limitations—and to the extent that the Court's minute order may be viewed as delaying resolution of the defense while offering the PSC yet more discovery on this issue, it is both unjustified and contrary to the rigorous limitations that the Fifth Circuit has imposed. The Court assured counsel in chambers in June that it understands that CNBM Group is an individual defendant with separate claims against it and defenses to those claims. Granting the PSC a substantial extension of time to oppose **CNBM Group's** FSIA motion, based on the PSC's claims that **Taishan** failed to produce a witness, is flatly inconsistent with that understanding.

*Finally*, the Court must be aware that in extending the PSC's FSIA opposition deadline to the Tuesday night before Thanksgiving, it has provided CNBM Group with barely four working days to complete its reply. CNBM Group submitted its moving papers several months ago, on June 16, 2015 [Rec. Docs. 19152, 19179]; under the original briefing schedule agreed upon by the parties and the Court, the PSC would have **more than four months** to prepare its opposition, and CNBM Group would have just under a month to reply [Rec. Doc. 19403]. Now, the Court proposes to give the PSC an **extra month** to respond—increasing the PSC's total response time to more than five months—while **reducing** CNBM Group's reply time from four weeks to one week over Thanksgiving. The time required to translate documents and have them reviewed by a client half a world away would itself make this impossible, even leaving aside Thanksgiving. But far more important, the disparity in response times is so striking as to be resolutely unfair.

The simple fact is that the PSC's deadline to file its FSIA opposition has nothing to do with the PSC's complaints regarding Taishan's handling of Mr. Peng. Instead, to be direct, this appears to be about delay. The PSC previously asked the Court to delay resolving the FSIA issues—it wanted a hearing much later than the December hearing the Court ordered—and it appears to be using the situation involving Mr. Peng to get now what it was denied before. The Court should not permit this. The briefing schedule on the FSIA issue should remain as originally set. If and when the PSC actually makes a serious showing that the issues involving Mr. Peng have legal relevance to the FSIA, then it may seek leave of court to submit a supplemental filing limited to that one issue, at which time CNBM Group should be afforded adequate time to respond. But in the meantime, the briefing schedule should remain as originally set.



ORRICK, HERRINGTON & SUTCLIFFE LLP
THE ORRICK BUILDING
405 HOWARD STREET
SAN FRANCISCO, CALIFORNIA  94105-2669

tel  +1-415-773-5700
fax  +1-415-773-5759

WWW.ORRICK.COM

Honorable Judge Fallon
September 21, 2015
Page 3

Respectfully,

/s/ L. Christopher Vejnoska