# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: CHINESE-MANUFACTURED DRYWALL PRODUCTS LIABILITY LITIGATION | MDL NO. 2047<br>SECTION: L<br>JUDGE FALLON<br>MAG. JUDGE WILKINSON |
| THIS DOCUMENT RELATES TO:<br><br>*Germano v. Taishan Gypsum Co., Ltd., f/k/a Shandong Taihe Dongxin Co., Ltd.*, Case No. 09-6687 (E.D. Va.);<br><br>*Gross v. Knauf Gips, KG*, Case No. 09-6690 (E.D. La.);<br><br>*Wiltz v. Beijing New Building Materials Public Limited Co.*, Case No. 10-361 (E.D. La.);<br><br>*Amorin v. Taishan Gypsum Co., Ltd., f/k/a Shandong Taihe Dongxin Co., Ltd.*, Case No. 11-1672 (S.D. Fl.);<br><br>*Amorin v. Taishan Gypsum Co., Ltd., f/k/a Shandong Taihe Dongxin Co., Ltd.*, Case No. 11-1395 (E.D. La.); and<br><br>*Amorin v. Taishan Gypsum Co., Ltd., f/k/a Shandong Taihe Dongxin Co., Ltd.*, Case No. 11-1673 (E.D. Va.). | |

## TAISHAN'S MOTION TO SET A BRIEFING SCHEDULE ON CLASS DECERTIFICATION

Taishan's most recent supplemental class damages opposition addressed Plaintiffs' further class damages revisions. (Rec. Doc 19490). That brief also requested that the Court adopt its previously suggested plan of setting a class decertification briefing schedule "[a]fter the damages hearing." *Id.* at 4 (quoting Rec. Doc. 18921 at 2)).[1] Plaintiffs' response did not oppose that request. (*See* Rec. Doc. 19519-2). And with good reason. The Federal Rules permit the Court to alter or amend the class certification order any time "before final judgment." Fed. R. Civ. Proc. 23(c)(1)(C). Plaintiffs have "specifically requested that at this time a final judgment . . . not be issued." (Rec. Doc. 19490-2 at 2 (Plaintiffs' September 8, 2015 "status report")). So it is entirely permissible for the Court to address class decertification now.

It also makes good sense. Plaintiffs' ever-changing damages figure (and any ruling on it) depends on the existence of a properly certified class. The parties and the Court should not expend substantial additional resources on further damages work before considering whether a damages-only class consisting of only named class members violates Rule 23 as a matter of Fifth Circuit law. *Robertson v. Monsanto Co.* certainly points in that direction. *See* 287 F. App'x 354, 363 (5th Cir. 2008) (affirming denial of class certification because, in the same situation, "the superiority requirement has not been, *and cannot be*, satisfied") (emphasis added). The class violates Rule 23 in other respects, including the way it overrides differences in state law and obscures individualized claims and defenses.

Taishan initially moved to decertify the class on May 8, 2015. (Rec. Doc. 18879). Subsequent developments—including the June 9 hearing on alleged remediation costs—call for a

---

[1] The Court previously advised the parties that "[a]fter the damages hearing," the Court would "set deadlines, briefing schedules, and hearing dates" for "pending, and future filed, substantive motions involving the damages track, including but not limited to Defendant's motions to decertify / vacate portions of the class certification order." (Rec. Doc. 18921.)

scheduling order to refresh the briefing on this critical, predicate issue. A few examples show how the record has changed since Taishan's May 8 decertification motion:

- Plaintiffs originally sought a single, aggregate proceeding to award all alleged damages for a single class, but subsequent evidentiary developments have forced them to make deep cuts in the size of their class and the scope of their damages.[2]

- Plaintiffs initially disclaimed individualized damages as a condition for class certification.[3] But they now openly urge thousands of mini-trials for a long list of "individualized damages claims."[4]

- Plaintiffs' remediation cost expert—different from the one presented at class certification, using a different method from that presented at class certification—revealed at the June 9 hearing that he did not have a reliable, non-speculative way to calculate class-wide remediation damages. Plaintiffs have since abandoned his calculations.

Plaintiffs have yet to explain how any of that comports with Fifth Circuit class action law.

Taishan respectfully requests that the Court enter a scheduling order with deadlines for opening briefs from Taishan (and other Defendants, if they choose), Plaintiffs' response, and Defendants' replies, to be followed by a hearing.

---

[2] The size of the class is still dropping—from 3,852 claimants at the time of certification to potentially fewer than 1,800 as a result of ongoing dismissals. (*See* Rec. Doc. 19490-2 at 2). Plaintiffs' have cut their damages request by almost a billion dollars.

[3] *Compare* Rec. Docs. 18086-1 at 8 and 18086-18 at 3, *with* Rec. Doc. 19519-2 at 3 (ignoring the text of their own papers to argue that they did not disavow individualized damages theories).

[4] (Rec. Doc. 19490-2 at 2).

3

Dated:  September 28, 2015

Respectfully submitted,

/s Michael P. Kenny
Michael P. Kenny, Esq.
Georgia Bar No. 415064
Bernard Taylor, Esq.
Georgia Bar No. 669625
Christina Hull Eikhoff, Esq.
Georgia Bar No. 242539
David Venderbush, Esq.
New York Bar No. 2920817
ALSTON & BIRD LLP
1201 West Peachtree Street
Atlanta, Georgia 30309
Phone: (404) 881-7000
Fax: (404) 881-7777
mike.kenny@alston.com
*Counsel for Taishan Gypsum Co., Ltd. and Tai'an Taishan Plasterboard Co., Ltd.*

Alan Dean Weinberger
LA Bar No. 13331
HANGARTNER, RYDBERG & TERRELL, LLC
One Shell Square
701 Poydras St., Suite 310
New Orleans, Louisiana  70179
Phone:  (504) 434-6815
Fax: (504) 522-5689
aweinberger@hanrylaw.com
*Local Counsel for Taishan Gypsum Co., Ltd. and Tai'an Taishan Plasterboard Co., Ltd.*

## **CERTIFICATE OF SERVICE**

I hereby certify that the above and foregoing has been served on Plaintiffs' Liaison Counsel, Russ Herman, by U.S. mail and e-mail and upon all parties by electronically uploading the same to LexisNexis File & Serve in accordance with Pre-Trial Order No. 6, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2047 on this 28th day of September, 2015.

   /s Michael P. Kenny
Michael P. Kenny, Esq.
Georgia Bar No. 415064
ALSTON & BIRD LLP
1201 West Peachtree Street NW
Atlanta, Georgia 30309
Phone: (404) 881-7000
Fax: (404) 881-7777
mike.kenny@alston.com
*Counsel for Taishan Gypsum Co., Ltd. and Tai'an Taishan Plasterboard Co., Ltd.*