UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: CHINESE MANUFACTURED DRYWALL PRODUCTS LIABILITY LITIGATION<br><br>**THIS DOCUMENT RELATES TO:**<br>*All Cases* | MDL No. 2:09-md-2047<br><br>SECTION L<br><br>JUDGE ELDON E. FALLON<br><br>MAGISTRATE JUDGE<br>JOSEPH C. WILKINSON, JR. |

### CHINA NATIONAL BUILDING MATERIALS GROUP CORPORATION'S <u>FIRST SET OF INTERROGATORIES</u>

Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure, Defendant China National Building Materials Group Corporation hereby propounds the following First Set of Interrogatories to Plaintiffs through the Plaintiffs' Steering Committee ("PSC"). These Interrogatories should be responded to separately and fully and served upon counsel for the Defendant within thirty (30) days from the date of service in accordance with Rule 33 of the Federal Rules of Civil Procedure, or such shorter period as agreed by the parties or ordered by the Court. You are also requested to respond to these Interrogatories in accordance with the following definitions and instructions, which are hereby incorporated into each interrogatory as if copied therein in full.

### <u>INSTRUCTIONS</u>

1.  You are required to answer these Interrogatories separately and fully, in writing and under oath, in accordance with the Federal Rules of Civil Procedure.

2342515v1

2. You are required to have the responses signed by the person making them and serve same upon undersigned counsel within thirty (30) days.

3. In this discovery, CNBMG seeks all information that is within the possession, custody or control of, or is known or available to, Plaintiffs. If you are unable to answer any Interrogatory in full after diligent efforts to obtain such information known or available to you (whether possessed directly by you or your counsel), please answer to the extent possible, specify the reasons for your inability to answer the remainder, stating whatever information, knowledge or belief you have concerning the unanswered portion, and produce any supplemental responses at a later date.

4. If you do not have the information available upon which to respond to any of the following Interrogatories, you must describe specifically the efforts you have made to ascertain the information and state as definitely as possible when you anticipate obtaining such information.

5. If in responding to any interrogatory you claim any ambiguity in either the interrogatory or a definition or instruction applicable thereto, you must make your best efforts to interpret the Interrogatory, definition or instruction within the context of this litigation and identify in your response the language you consider ambiguous and include in your response the construction, interpretation or assumptions upon which your response is made.

6. These Interrogatories are continuing in character so as to require you to timely produce supplementary responses if information is obtained at a later date that was not available or known at the time of the initial responses.

7. The Interrogatories are to be construed so as to make your responses inclusive rather than exclusive.

8. In the event that you claim any form of privilege as to any Interrogatory herein, or claim that disclosure of any information or documentation called for in response to these Interrogatories will reveal information which you claim merits protection under the law other than privilege, you are requested to identify for each type of information or document:
    a.    the date;
    b.    the author(s);
    c.    the business and position of the author(s);
    d.    the recipient(s);
    e.    the business and position of the recipient(s);
    f.    all other persons with knowledge of the privileged information, document or subject matter;
    g.    the number of pages;
    h.    the subject matter;
    i.    the nature and basis of the claimed privilege; and
    j.    the request to which the document is responsive.

9. In the event that you claim any burden or oppression as to any Interrogatory herein, you must state the reason for such claim, the number of files and/or the documents that need to be searched to respond to the Interrogatory, their location, the time you claim will be required to respond to the Interrogatory, and the cost of such a search.

10. To the extent that you consider any Interrogatory to be objectionable, you must respond to that portion of the Interrogatory to which you have no objection and must separately state the portion of the Interrogatory to which you lodge an objection, stating the specific grounds upon which you object.

11. If you submit documents in response to any Interrogatory, your documents must be produced in the manner in which they are kept in the ordinary course of business and must be identified by the particular Interrogatory to which they are responsive.

12. These Interrogatories are continuing in nature to the extent provided by Rule 26(e) of the Federal Rules of Civil Procedure. Supplementation of all responses is requested as the information changes and/or becomes available.

## DEFINITIONS

1. "CNBMG" or "CNBM Group" refers to China National Building Materials Group Corporation.

2. "YOU" refers to all Plaintiffs and their counsel, including the Plaintiffs' Steering Committee.

3. "Document(s)" shall mean all writings of any kind, including the originals and copies of documents, papers, files and data as well as objects, including but not limited to any and all letters, correspondence, notes, memoranda, e-mails, contracts, subcontracts, agreements, transcripts, telephone messages, text messages, logs, diaries, statistics, telegrams, minutes, reports, studies, analyses, checks, statements, receipts, summaries, pamphlets, books, interoffice and intra-office communications, notations of any sort of conversations, telephone calls, interviews, meetings or other communications, bulletins, addenda, sketches, speed memoranda, printed matter, teletypes, worksheets, spreadsheets, graphic, oral or video recordings or representations, microfiche, microfilm, videotapes, CD-roms, digital media, audiotapes, recordings, motion pictures or any other writings, drawings, charts, graphs, schedules, ledgers, invoices, purchase orders, requisitions, appraisals, manuals, forms, maps, plats, drafts, photographs, data compilations from which information can be obtained or translated, items from which information can in any way be obtained, and any other tangible things, and any copies thereof. The term "document(s)" shall also mean the foregoing in any recorded form, including but not limited to electronic mail, electronic, mechanical or electric records or representations of any kind, and computer files, disks, memories and drives, however described or entitled. The term "document(s)" shall be given the broadest possible interpretation. If copies, reproductions or facsimiles of a document are not identical by

reason of handwritten notations, initials, identification marks or other modification, each such non-identical copy is a separate document within the meaning of this definition.

4. "Communication" means any transmission or exchange of information or thoughts by oral, written, pictorial, electronic or other means, including but not limited to personal conversations, conferences, telephone conversations, memoranda, letters, correspondence, reports and publications, and shall include any means of conveying a message from one or more persons to one or more persons, including e-mail, text messaging, and shall be given the broadest possible interpretation.

5. "Person" or "persons" shall include natural persons, firms, associations, proprietorships, partnerships, corporations, governmental agencies and other legal entities.

6. The term "each" includes the word "every," and "every" includes the word "each." "Any" includes the word "all," and "all" includes the word "any." "And" includes the word "or," and "or" includes the word "and."

7. Terms in the plural include the singular, and terms in the singular include the plural.

8. A document "relating," "related" or "which relates" to any given subject means any document that constitutes, contains, embodies, evidences, reflects, identifies, states, refers to, deals with, bears upon, or is in any way pertinent to that subject, including, without limitation, documents concerning the preparation of other documents.

9. The term "include" or "including" means "including but not limited to."

10. Terms referring to a gender include all genders.

11. The word "identify" means:

    a. when used with respect to a person, to state the full name, business address and telephone number of the person, and if a natural person, his job title and the name and address of his employer.
    b. when used with respect to a document, to state the title, author and date of the document, a general description of the form and content of the document, and the name, business address and telephone number of persons having possession, custody or control of the document. If the document was, but no longer is, in you possession, custody or control, or is no longer in existence, you shall state the date and manner of disposition of the document.
    c. when used with respect to an alleged "fact" or allegation in this case, to set forth each fact, consideration, circumstance, act, omission, event, transaction, occurrence or statement which supports, refutes, concerns, relates or refers to the alleged "fact" or allegation.

## SPECIFIC INTERROGATORIES

### INTERROGATORY NO. 1

Identify each witness the PSC will or may call at the November 10, 2015 evidentiary hearing, indicating whether the witness will be presented live or via deposition testimony. If presented via deposition testimony, indicate volume, date, page and line references to the testimony to be presented.

### RESPONSE TO INTERROGATORY NO. 2

### INTERROGATORY NO. 3

Identify each documentary exhibit the PSC will or may offer at the November 10, 2015 evidentiary hearing, specifying the Bates number, deposition exhibit number and other identifying data applicable to each exhibit to be offered.

### RESPONSE TO INTERROGATORY NO. 2

### INTERROGATORY NO. 3

In the September 22, 2015, letter to the Court, the PSC states that CNBM Group "ignores innumerable facts linking CNBM Group to Taishan . . . specifically with respect to Taishan's decision to absent itself from the jurisdiction of this Court . . . ." Please identify (a) each and every specific fact "linking CNBM Group to Taishan" and (b) the facts to which this passage refers. This response should be complete, and stand as the PSC's comprehensive list of each such fact, without exception.

**RESPONSE TO INTERROGATORY NO. 3**

**INTERROGATORY NO. 4**

In the September 22, 2015, letter to the Court, the PSC mentions "contradictions in testimony among the various 30(b)(6) witnesses." Please identify each such contradiction to which the letter refers, with reference to the deposition transcripts involved.

**RESPONSE TO INTERROGATORY NO. 4**

**INTERROGATORY NO. 5**

In the September 22, 2015, letter to the Court, the PSC claims that three of Taishan's Board of Directors were "BNBM PLC appointees . . . ." If the PSC contends that this fact, if true, implies wrongdoing of any kind by CNBM Group, please explain why, and identify each fact and each witness that supports this contention. This response should be complete, and stand as the PSC's comprehensive list of each such fact, without exception.

**RESPONSE TO INTERROGATORY NO. 5**

**INTERROGATORY NO. 6**

In the September 22, 2015, letter to the Court, the PSC states that "Taishan's chairman Jia Tongchin was in communication with its parent companies BNBM, PLC and CNBM Group . . ." If you contend that such a communication, if true, implies or proves wrongdoing on the part

of CNBM Group, please explain why, and state each fact and identify each witness that supports such a contention. This response should be complete, and stand as the PSC's comprehensive list of each such fact, without exception.

**RESPONSE TO INTERROGATORY NO. 6**

**INTERROGATORY NO. 7**

In the September 22, 2015, letter to the Court, the PSC describes that Chairman Jia "discussed Taishan's withdrawal from the litigation with the company's former Chief of Foreign Trade and 'voluntary' special consultant PENG Wenlong . . . ." If you contend that this fact, if true, implies wrongdoing of any kind on the part of the CNBM Group, please explain why, and identify each and every fact and each witness that supports this contention. This response should be complete, and stand as the PSC's comprehensive list of each such fact, without exception.

**RESPONSE TO INTERROGATORY NO. 7**

**INTERROGATORY NO. 8**

In the September 22, 2015, letter to the Court, the PSC cites to the deposition transcript of Chairman Jia, making reference repeatedly to portions of the testimony from pages 181 through 189, among other citations. At page 183 of the transcript, the witness is asked by Mr. Levin:

> Q      My question, sir, is is it a fact, sir, that you informed high-level officers of CNBM about the details of this case and your desire for Taishan not to appear at the judgment debtor examination? Yes or no?
>          MR. TAYLOR: Objection to form, compound.

7

        MR. WU:    Objection, form.
A    No.

If you contend that Chairman Jia's testimony is not true, or inaccurate in any way, please explain why, and identify each fact and each witness that supports that contention. This response should be complete, and stand as the PSC's comprehensive list of each such fact, without exception.

**RESPONSE TO INTERROGATORY NO. 8**

**INTERROGATORY NO. 9**

In the September 22, 2015, letter to the Court, the PSC states: "These facts, among others, refute CNBM Group's claim of sovereign immunity, since they demonstrate that CNBM Group, as Taishan's ultimate controller and alter ego, was engaged in the commercial activity of selling Chinese drywall that caused damage to United States citizens and/or that Plaintiffs' damages were caused by CNBM Group's employees' tortious act." Please:

a) Identify each CNBM Group employee who is alleged to have engaged in "tortious acts," including in your response a description and details regarding each such act;

b) Identify which facts are included within the meaning of the PSC's "among others" reference;

c) If you contend that these facts, if true, imply wrongdoing of any kind on the part of CNBM Group and/or CNBM Group's employees, please explain why, and identify each fact and each witness that supports this contention. This response should be complete, and stand as the PSC's comprehensive list of each such fact, without exception; and

8

d) Identify the regular course of commercial conduct or particular commercial transaction, including any alleged contracts within the United States, that forms the basis of Plaintiffs' claims in this case that you contend that CNBM Group engaged in.

**RESPONSE TO INTERROGATORY NO. 9**

**INTERROGATORY NO. 10**

If you contend that PENG Wenlong is a CNBM Group employee or agent, please identify all facts and every witness that supports that contention. This response should be complete, and stand as the PSC's comprehensive list of each such fact, without exception.

**RESPONSE TO INTERROGATORY NO. 10**

Respectfully submitted,

/s/ Alex B. Rothenberg

| | |
|---|---|
| L. Christopher Vejnoska (CA Bar No. 96082) | Ewell E. Eagan, Jr. (LA Bar No. 5239) |
| Ian Johnson (CA Bar No. 208713) | Donna Phillips Currault (LA Bar No. 19533) |
| Andrew Davidson (CA Bar No. 266506) | Nina Wessel English (LA Bar No. 29176) |
| Jason Wu (CA Bar No. 279118) | Alex B. Rothenberg (LA Bar No. 34740) |
| Ian Fein (CA Bar No. 281394 | GORDON ARATA MCCOLLAM DUPLANTIS |
| Jason Cabot (CA Bar No. 288877) | & EAGAN LLC |
| ORRICK, HERRINGTON & SUTCLIFFE LLP | 201 St. Charles Avenue, 40th Floor |
| The Orrick Building | New Orleans, LA 70170-4000 |
| San Francisco, CA  94105 | Tel:  (504) 582-1111 |
| Tel.:  415-773-5700 | E-mail:   eeagan@gordonarata.com |
| E-mail:   cvejnoska@orrick.com |               dcurrault@gordonarata.com |
|               ijohnson@orrick.com |               nenglish@gordonarata.com |
|               adavidson@orrick.com |               arothenberg@gordonarata.com |
|               jmwu@orrick.com | |
|               ifein@orrick.com | |

9

jcabot@orrick.com

| | |
|---|---|
| James L. Stengel (NY Bar No. 1800556)<br>Xiang Wang (NY Bar No. 4311114)<br>Kelly Daley (NY Bar No. 4970117)<br>ORRICK, HERRINGTON & SUTCLIFFE LLP<br>51 West 52nd Street<br>New York, NY, 10019<br>Tel:  212-506-5000<br>Email:    jstengel@orrick.com<br>           xiangwang@orrick.com<br>           kdaley@orrick.com | Jonathan Riddell (LA Bar No. 27053)<br>ORRICK, HERRINGTON & SUTCLIFFE, LLP<br>400 Capitol Mall, Suite 3000<br>Sacramento, CA 95814<br>Tel:  916-447-9200<br>Email:    jriddell@orrick.com |

Eric A. Shumsky (D.C. Bar No. 477926)
ORRICK, HERRINGTON & SUTCLIFFE LLP
Columbia Center
1152 15th Street NW
Washington, D.C. 20005
Tel:  202-339-8400
Email:    eshumsky@orrick.com

*Attorneys for CNBM Entities*

Dated**:**  September 28, 2015

## CERTIFICATE OF SERVICE

I hereby certify that the above and foregoing **Request for Production Pursuant to Federal Rule of Civil Procedure 34** has been served on Plaintiffs' Liaison Counsel, Leonard Davis, and Defendants' Liaison Counsel, Kerry Miller, by U.S. mail and e-mail and upon all parties by electronically uploading the same to LexisNexis File & Serve in accordance with Pre-Trial Order No. 6, on this 28th day of September, 2015.

/s/ Alex B. Rothenberg

Alex B. Rothenberg (LA Bar No. 34740)
GORDON ARATA MCCOLLAM DUPLANTIS &
EAGAN LLC
201 St. Charles Avenue, 40th Floor
New Orleans, LA 70170-4000
Tel:  (504) 582-1111
E-mail:arothenberg@gordonarata.com