IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: CHINESE-MANUFACTURED | : | |
| DRYWALL PRODUCTS LIABILITY | : | MDL NO: 2047 |
| LITIGATION | : | |
| | : | SECTION: L |
| **This Document Relates To:** | : | JUDGE FALLON |
| | : | MAG. JUDGE WILKINSON |
| **Braxton H. Collins, et al. v. Bass Homes, Inc.** | : | |
| **et al.; S.D. Mississippi, C.A. No. 1:13-00297** | : | Case No.: 13-6652 |

| | | |
|---|---|---|
| IN RE: CHINESE-MANUFACTURED | : | |
| DRYWALL PRODUCTS LIABILITY | : | MDL NO: 2047 |
| LITIGATION | : | |
| | : | SECTION: L |
| **This Document Relates To:** | : | JUDGE FALLON |
| | : | MAG. JUDGE WILKINSON |
| **Jason S. Herrington, et al. v. Bass Homes, Inc.** | : | |
| **et al.; S.D. Mississippi, C.A. No. 1:13-00297** | : | Case No.: 13-6653 |

<u>**CINCINNATI INSURANCE COMPANY'S EX PARTE/CONSENT
MOTION TO SET ASIDE ENTRY OF DEFAULT
AGAINST DEVON INTERNATIONAL INDUSTRIES, INC.**</u>

COMES NOW the Intervenor, Cincinnati Insurance Company ("Cincinnati"), a liability insurer for Devon International Industries, Inc., f/k/a Devon International Trading ("Devon"), and pursuant to Fed. R. Civ. P. Rule 55(c), hereby moves this Honorable Court to set aside the default entered against Devon by this Court, as Devon is in bankruptcy and the United States Bankruptcy Court for the Eastern District of Pennsylvania (the "Bankruptcy Court") has vacated the Order it entered which had allowed claims against Devon to proceed for the express purpose of recovering insurance proceeds. The Bankruptcy Court's vacating of that Order is based on the fact a judicial determination was made in *Cincinnati Insurance Company v. Devon Int'l Inc.*, 924 F.Supp.2d 587 (E.D. Pa. 2013) that there is no insurance coverage from Cincinnati available for

1

Devon in the above matter. Cincinnati hereby seeks to protect its interest while appeal of the coverage opinion is pending in the Third Circuit.

This Motion is unopposed by Ace Home Centers, Inc., in whose favor entry of default was granted against Devon.

As grounds in support of the foregoing, Cincinnati states as follows:

## I.  BACKGROUND

1. On September 19, 2014, Ace Home Center, Inc. ("AHC") filed First Amended Third-Party Complaints adding Devon as a third-party defendant in the above-styled matters.

2. On April 23, 2013, Devon filed for bankruptcy in the Bankruptcy Court, Case No. 13-13552-sr, and an automatic stay was imposed pursuant to 11 U.S.C. § 363, precluding the prosecution of AHC's third-party claims against Devon.

3. On December 8, 2014, this Court, upon motion by AHC (Rec. Docs. 18122, 18123), severed AHC's third party claims against Devon due to the bankruptcy and the resultant automatic stay. (Rec. Doc. 18183).

4. On November 20, 2014, AHC filed a Motion for Relief from the Automatic Stay in the Bankruptcy Court. The Motion was expressly filed to further the purpose of "allowing (AHC) to join Devon in the (above-styled cases)…" (See AHC's Motion for Relief from Automatic Stay, attached as Exhibit 1). The Motion was also expressly premised on AHC's assertion that Devon had liability insurance coverage and that joining Devon would not "impinge on Devon's bankruptcy proceedings since Devon's Insurer will have to defend the (actions) and pay any resulting verdict for personal injuries up to the amount of all applicable insurance coverage available to (Devon)." (See Exhibit 1). Central to the Motion's argument that there

was proper "cause" under bankruptcy law to lift the automatic stay was that the (above-styled actions) "will be defended by Insurer, and will not require substantial efforts from Devon's estate or its counsel." (See Exhibit 1).

5. On December 17, 2014, the Bankruptcy Court executed an Order granting AHC permission to join Devon as a third-party defendant in the two above-styled matters, and ruling that "once joined in these two matters, all appropriate parties may pursue claims against Devon International Industries, Inc., and obtain judgment against it, but only up to the amount of all applicable insurance coverage available to Devon International Industries, Inc." (See December 17, 2014 Order, attached as Exhibit 2).

6. Based upon the Bankruptcy Court's December 17, 2014 Order, AHC filed a Motion to Re-Consolidate Third Party Claims Against Devon on February 9, 2015 (Rec. Doc. 18299), which this Court granted on February 13, 2015, requiring Devon to respond to the complaints within 21 days (Rec. Doc. 18355).

7. On May 26, 2015, AHC filed a Motion for Default Judgment against Devon. (Rec. Doc. 18999), and the Court entered an Order granting AHC's Motion and holding Devon, still unrepresented by counsel, in default on June 23, 2015.

8. The Bankruptcy Court, however, was not informed by AHC in its November 20, 2014 Motion for Relief from Stay that Devon had no such liability coverage under its applicable policy with Cincinnati.[1]  Judge Gene E.K. Pratter of the Eastern District of Pennsylvania, in a published decision, had already granted Cincinnati's motion for summary judgment in its coverage action against Devon, having ruled on February 15, 2013 that Cincinnati had no obligation to defend or indemnify Devon for the remaining policy period at issue for claims and

---

[1] Upon information and belief, Devon maintained liability insurance with two other carriers relevant to these drywall claims, one of whom has exhausted its policy, and another who has denied coverage for such claims and is party to an insurance coverage lawsuit currently pending in federal court.

3

suits arising out of the emission of sulfur and/or sulfide gases from imported drywall that are at issue in this MDL.  (See *Cincinnati Insurance Company v. Devon Int'l, Inc.*, 924 F.Supp.2d 587 (E.D. Pa. 2013), attached as Exhibit 3).

9. On March 1, 2013, Devon filed a Notice of Appeal of the decision by Judge Pratter.  The appeal remains pending in the United States Court of Appeals for the Third Circuit, Case No. 13-1601.

10. On July 28, 2015, Devon filed in the  a "Motion of Debtor to Reimpose the Automatic Stay Under 11 U.S.C. Section 362 of the Bankruptcy Code as to Claims Made Against It by Ace Home Centers, Inc. or Others Pursuant to Bankruptcy Rule 9024".  (See Devon's Motion to Re-Impose Stay, attached as Exhibit 4).  The Motion apprised the Bankruptcy Court that there had previously been issued a coverage decision favorable to CIC and against Devon by U.S. District Judge Hon. Gene E.K. Pratter, that Devon had actually previously exhausted all applicable insurance coverage for drywall claims, and that without the automatic stay in place, Devon would be required to defend itself in the *Collins* and *Herrington* actions, thereby substantially interfering with its pending Chapter 7 bankruptcy case.  (See Exhibit 4 at Para. 6; Para. 22).[2]

11. On September 10, 2015, the Bankruptcy Court granted Devon's Motion to Reimpose the Automatic Stay Under 11 U.S.C. § 362 of the Bankruptcy Code as to claims made against Devon by Ace or others, and declared that its previous Order of December 17, 2014 was "vacated," and the automatic stay under 11 U.S.C. § 362 reimposed "with respect to (i) all claims made against Devon International Industries, Inc. by Ace Home Centers, Inc. in its joinder complaint in (the above-styled cases)" as well as "any and all other claims against (Devon) in the

---

[2] CIC joined in Devon's motion to re-impose the stay.  AHC filed a response indicating only that it was not aware of the coverage decision at the time it sought to lift the stay to pursue claims against Devon.

(Chinese Drywall) lawsuits". (See Order Re-Imposing Automatic Stay, attached hereto as Exhibit 5).

## II.     RELIEF REQUESTED

Rule 55(c) of the Federal Rules of Civil Procedure reads as follows:

> (c) Setting Aside a Default or a Default Judgment. The court may set aside an entry of default for good cause, and it may set aside a default judgment under Rule 60(b).

The decision to set aside a default decree lies within the sound discretion of the district court. *U.S. v. One Parcel of Real Property*, 763 F.2d 181, 183 (5th Cir. 1985) (citing *Traquth v. Zuck*, 710 F.2d 90, 94 (2d Cir. 1983)). Default decrees may be set aside if the party seeking relief shows good cause. *Id.*

"Courts look upon default judgments with disfavor, and therefore, motions to set aside default judgments are considered liberally." *Schartner v. Copeland*, 59 F.R.D. 653 (E.D. Pa. 1973) (citing *Tozer v. Charles A. Krause Milling Co.*, 189 F.2d 242 (3rd Cir. 1951)). Where default has been entered, but default judgment not yet granted, an even more liberal standard is applied to a motion to set aside the entry of default. *Id.* at 656 (citing generally Wright and Miller, Federal Practice and Procedure, § 2694).

Cincinnati further asserts that based on the above developments, the Court should set aside the entry of default against Devon, as the Bankruptcy Court's Order allowing claims against Devon to proceed for amounts up to applicable insurance coverage has been "vacated." Cincinnati may be prejudiced if the default finding is not set aside, as it remains at risk because of a pending appeal of the coverage decision.

Because the automatic stay under 11 U.S.C. § 363 is now again in effect, all proceedings against Devon are stayed in the current matter by law. 11 U.S.C. § 362(a). Cincinnati thus

5

further urges the Court to sever, or declare stayed, any proceedings against Devon in the above-styled cases.

Cincinnati urges that this Court exercise its discretion by setting aside the Order holding Devon in default, and/or granting further such relief as the Court sees fit.

WHEREFORE, Cincinnati respectfully requests of this Honorable Court as follows:

1. That the Court set aside the default judgment entered against Devon pursuant to Fed. R. Civ. P. Rule 60(b)(6).

2. That the Court stay all proceedings against Devon pursuant to 11 U.S.C. § 362(a).

Respectfully submitted,

**FITZPATRICK & BURNETTE L.L.C.**

*/s/ David A. Pote*

---

**MICHAEL K. FITZPATRICK (LA #5596)**
**DAVID A. POTE (LA #39267)**
541 Julia Street, Suite 200
New Orleans, Louisiana 70130
Telephone: (504) 581-7121
Facsimile: (504) 265-8746
*Counsel for Cincinnati Insurance Company*

**CERTIFICATE OF SERVICE**

      I hereby certify that the above and foregoing has been served on Plaintiffs' Liaison Counsel, Russ Herman and Defendants' Liaison Counsel, Kerry Miller, by U.S. Mail and e-mail or by hand-delivery upon all parties by electronically uploading the same to Lexis Nexis File & Serve in accordance with Pretrial Order No. 6, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2047, on this 29th day of September, 2015.

| | |
|---|---|
| Stephen W. Mullins, Esq.<br>Luckey & Mullins, PLLC<br>Post Office Box 990<br>Ocean Springs, MS 39566<br>smullins@luckeyandmullins.com | Joe Cyr, Esq.<br>Frank T. Spano, Esq.<br>Courtney L. Colligan, Esq.<br>Hogan Lovells US LLP<br>875 Third Avenue<br>New York, New York 10022<br>Joe.cyr@hoganlovells.com<br>Frank.spano@hoganlovells.com<br>Courtney.colligan@hoganlovells.com |
| David C. Coons, Esq.<br>Christopher A. D'Amour, Esq.<br>Adams and Reese LLP<br>4500 One Shell Square<br>New Orleans, LA 70139<br>david.coons@arlaw.com<br>chris.damour@arlaw.com | Michael P. Kenny, Esq.<br>Bernard Taylor, Esq.<br>Christina Hull Eikhoff, Esq.<br>David Venderbush, Esq.<br>ALSTON & BIRD LLP<br>1201 West Peachtree Street<br>Atlanta, Georgia 30309<br>Phone: (404) 881-7000<br>Fax: (404) 881-7777<br>mike.kenny@alston.com |
| Heather M. Houston, Esq.<br>Caroline Pryor, Esq.<br>Carr Allison<br>6251 Monroe Street<br>Suite 200<br>Daphne, Alabama 36526<br>hhouston@carrallison.com<br>cpryor@carrallison.com | Alan Dean Weinberger<br>HANGARTNER, RYDBERG & TERRELL, LLC<br>One Shell Square<br>701 Poydras St., Suite 310<br>New Orleans, Louisiana 70179<br>Phone: (504) 434-6815<br>Fax: (504) 522-5689<br>aweinberger@hanrylaw.com |
| S. Wesley Pipes, Esq.<br>Pipes Hudson & Watts, LLP<br>Post Office Box 989 Mobile, Alabama 36601<br>wesley@pipeshudsonwatts.com | |

Gary J. Russo, Esq.
Jones Walker LLP
600 Jefferson Street Suite 1600
Lafayette, LA 70501
grusso@joneswalker.com

Thomas P. Owen, Jr., Esq.
Stanley, Reuter, Ross, Thornton & Alford, LLC
909 Poydras Street
Suite 2500
New Orleans, Louisiana 70112
rcs@stanleyreuter.com
tpo@stanleyreuter.com

Danny J. Collier, Esq.
Jeffrey L. Luther, Esq.
L. Robert Shreve, Esq.
Luther, Collier, Hodges & Cash, LLP
P.O. Box 1002
Mobile, AL   36633
DCollier@lchclaw.com