UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE:  CHINESE MANUFACTURED DRYWALL PRODUCTS LIABILITY LITIGATION<br><br>**THIS DOCUMENT RELATES TO:**<br>*All Cases* | MDL No. 2:09-md-2047<br><br>SECTION L<br><br>JUDGE ELDON E. FALLON<br><br>MAGISTRATE JUDGE<br>JOSEPH C. WILKINSON, JR. |

**JOINDER OF CNBM GROUP AND CNBM COMPANY IN BNBM DEFENDANTS'
RESPONSE TO THE PLAINTIFFS' STEERING COMMITTEE'S MOTION TO
APPROVE ALTERNATIVE SERVICE OF PROCESS ON THE BNBM AND CNBM
ENTITIES PURSUANT TO FED. CIV. P 4(f)(3)**

China National Building Materials Group Corporation ("CNBM Group") and China

National Building Materials Co., Ltd. ("CNBM Company") (collectively, "CNBM Defendants"),

hereby join in the BNBM Defendants' Response (Rec. Doc. No. 19558) to the PSC's Motion to

Approve Alternative Service of Process on the BNBM and CNBM Entities (Rec. Doc. 19522),

and incorporate by reference the arguments and authorities set forth therein.[1]  In addition to the

---

[1] Two points raised in BNBM Defendants' Response warrant particular reemphasis.  First, the PSC misstates the record in claiming that Defendants "remain steadfast in their refusal to accept service" and "stubbornly refuse to accept service."  PSC Memorandum at pp. 2 and 7.  The PSC's own evidence establishes that Defendants have accepted service of every complaint served on them since appearing in these proceedings.  *See* Plaintiffs Memorandum at pp. 3-4 and Exhibits B-E.  Moreover, the PSC nowhere claims, nor could it, that it has conferred with Defendants' counsel regarding acceptance of service.  Second, the one exception to the rule that a plaintiff must follow the Hague Convention when serving a defendant in a signatory nation is where the forum's state law provides for a mode of service that does not require the transmission of documents abroad, i.e., where state law permits the plaintiff to serve the defendant within the United States.  *See, e.g., Volkswagenwek Aktiengesellchaft v. Schlunk*, 486 U.S. 694, 699-700 (1988).  Thus, for example, the plaintiff in *Schlunk* was not required to serve via the Hague Convention because the Illinois long-arm statutes permitted substitute service on the foreign defendant's US subsidiary.  *See id*. at 707.  The PSC does not analyze or even address whether the laws of any or all of the relevant states permit the mode of service they seek, i.e., service of a

reasons set forth in the BNBM Defendants' Response, alternative service may not be ordered as to CNBM Group, as such service would contravene the mandatory provisions of the Foreign Sovereign Immunities Act ("FSIA") and Fed. R. Civ. P. 4(j)(1).

As explained in CNBM Group's Motion to Dismiss (Rec. Doc. No. 19179), for the purposes of the FSIA and for service pursuant to Fed. R. Civ. P. 4(j)(1), a "foreign state" includes an "agency or instrumentality of a foreign state." 28 U.S.C. § 1603(a). An agency or instrumentality, in turn, includes "any entity" that is "a separate legal person, corporate or otherwise," "a majority of whose shares or other ownership interest is owned by a foreign state or political subdivision thereof," and "which is neither a citizen of a State of the United States … nor created under the laws of any third country." *Id.* § 1603(b). State-Owned Enterprises easily satisfy this standard. *See* Federal Judicial Center, The Foreign Sovereign Immunities Act: A Guide for Judges (2013 ed.) at 33 ("A foreign corporation incorporated in, and at least 50% owned by, a foreign state (or a political subdivision of that state) will typically qualify as an 'agency or instrumentality' under the second criterion of § 1603(b).").

There is no dispute that CNBM Group is an agency or instrumentality of the People's Republic of China ("PRC"), and a State-Owned Enterprise. It is a wholly state-owned company incorporated under the laws of the PRC. CNBM Group is no different than other Chinese State-Owned Enterprises that courts have recognized to be instrumentalities of a foreign state pursuant to the FSIA. *See, e.g., First Inv. Corp. of Marsh. Is. v. Fujian Mawei Shipbuilding, Ltd.*, 858 F. Supp. 2d 658, 671 (E.D. La.), *aff'd* 703 F.3d 742 (5th Cir. 2012); *Coleman v. Alcolac, Inc.*, 888 F. Supp. 1388, 1400 (S.D. Tex. 1995). Indeed, the PSC itself describes CNBM Group as "a state

non-US defendant by substitute service on US counsel, which in itself warrants denial of the PSC's motion.

OHSUSA:763391388.1

owned entity," and acknowledges that it may be a foreign sovereign entity under the FSIA.  *See, e.g., Amorin v. Taishan Gypsum Co.*, Case No. 11-1672, Rec. Doc. 1-1, pp. 12, 26 at ¶¶ 30, 85.

The rule governing service of process here, therefore, is Rule 4(j)(1), which provides that any such entity "must be served in accordance with 28 U.S.C. § 1608," the service provisions of the FSIA.  (Emphasis added).  *See also Angellino v. Al-Saud*, 688 F.3d 771, 773 (D.C. Cir. 2012); *Doe v. Holy See*, 2014 WL 1329985, at *4 (E.D. La. Apr. 2, 2014); 4B Wright & Miller, Federal Practice & Procedure § 1111 (4th ed) ("Section 1608 of the FSIA provides the *exclusive procedure* for service of process on a foreign state or its political subdivisions, agencies, or instrumentalities, and that proposition is reinforced in Rule 4(j)(1).") (emphasis added).

Consistent with Rule 4(j)(1)'s plain text, courts do not permit alternative service pursuant to Rule 4(f)(3) where the party to be served is a foreign sovereign entity, or agency or instrumentality of a foreign state.  *See Zhang v. Baidu.com Inc.*, 293 F.R.D. 508, 516 (S.D.N.Y. 2013) ("Plaintiffs wisely do not seek authorization for alternative service on China, as Rule 4(f)(3) does not apply to service on a foreign state."); *Davoyan v. Republic of Turkey*, 2011 WL 1789983, at *2 (C.D. Cal. May 5, 2011) ("Nor can the Court authorize service by alternative methods under Rule 4(f)(3) [because a] foreign state 'must be served in accordance with 28 U.S.C. § 1608.'" (quoting Fed. R. Civ. P. 4(j)(1)); *Suncoast Tech Corp. v. Hondutel, Nuestra Empresa De Telecomunicaciones*, No. 11-CV-60529, 2012 WL 5307396, at *4 n.2 (S.D. Fla. Oct. 29, 2012) (service on state-owned agency through Fed. R. Civ. P. 4(f) was irrelevant as plaintiff "was required to serve [State-Owned Enterprise] in accordance with 28 U.S.C. § 1608(b).  *See* Fed. R. Civ. P. 4(j)(1).").

In turn, 28 U.S.C. § 1608(b), governing service of process on an agency or instrumentality of a foreign state such as CNBM Group, requires that where the parties have not

- 3 -

stipulated to a mode of service, and where the defendant does not have an authorized agent for service of process in the United Sates, service must be made "in accordance with an applicable international convention on service of judicial documents" —in this case, the Hague Convention.  *See* 28 USC § 1608(b)(1)-(2).[2]  Only where service cannot be made pursuant to the Hague Convention may service be made "as directed by order of the court consistent with the law of the place where service is to be made."  *Id.* § 1608(b)(3)(C); *see also First Inv. Corp. of Marshall Island v. Fujian Mawei Shipbuilding, Ltd.,* No. CIV.A. 09-3663, 2010 WL 3168371, at *2 n.5 (E.D. La. Aug. 9, 2010) ("The [plaintiffs] have made no effort to comply with the service requirements set forth by the Hague Convention.  Only where service of process 'cannot be made' pursuant to §§ 1608(b)(1)-(2), may [plaintiff] effect service of process pursuant to § 1608(b)(3).").

The PSC has made no showing that service of process under the Hague Convention is impossible here.  Rather, it has offered only unsupported allegations that service pursuant to the Hague Convention would be too time-consuming or burdensome—but not that service "cannot be made," as required by the FSIA.  *See* 28 U.S.C. § 1608(b)(3).  In fact, the PSC can make no such claim given its acknowledgment that CNBM Group and CNBM Company accepted service made pursuant to the Hague Convention in February 2015.  *See* PSC Memorandum at p. 4 and Exhibits D and E.

---

[2] Service of process on CNBM Group's attorneys is improper under § 1608(b)(2), as Orrick is not authorized to accept service on behalf of CNBM Group.  *Cf. Chettri v. Nepal Bangladesh Bank, Ltd.*, No. 10-CV-8470, 2014 WL 4354668, at *9 (S.D.N.Y. Sept. 2, 2014) (service on consulate general improper because neither consulate nor consulate general were authorized to accept service of process); *Suncoast Tech Corp.*, 2012 WL 5307396, at *5 (service of process on State-Owned Enterprise's attorney improper under § 1608(b)(2) as there was no evidence that SOE's attorney "ever agreed to accept service on Defendant's behalf").

OHSUSA:763391388.1

Respectfully submitted,

/s/ L. Christopher Vejnoska

| | |
|---|---|
| L. Christopher Vejnoska (CA Bar No. 96082) | Ewell E. Eagan, Jr. (LA Bar No. 5239) |
| Ian Johnson (CA Bar No. 208713) | Donna Phillips Currault (LA Bar No. 19533) |
| Andrew Davidson (CA Bar No. 266506) | Nina Wessel English (LA Bar No. 29176) |
| Jason Wu (CA Bar No. 279118) | Alex B. Rothenberg (LA Bar No. 34740) |
| Jason Cabot (CA Bar No. 288877) | GORDON, ARATA, MCCOLLAM, |
| ORRICK, HERRINGTON & SUTCLIFFE LLP | DUPLANTIS & EAGAN, LLC |
| The Orrick Building | 201 St. Charles Avenue, 40th Floor |
| San Francisco, CA  94105 | New Orleans, LA 70170-4000 |
| Tel.:  415-773-5700 | Tel: (504) 582-1111 |
| E-mail:  cvejnoska@orrick.com | E-mail: eeagan@gordonarata.com |
| ijohnson@orrick.com | dcurrault@gordonarata.com |
| adavidson@orrick.com | nenglish@gordonarata.com |
| jmwu@orrick.com | arothenberg@gordonarata.com |
| jcabot@orrick.com | |

| | |
|---|---|
| James L. Stengel (NY Bar No. 1800556) | Jonathan Riddell (LA Bar No. 27053) |
| Xiang Wang (NY Bar No. 4311114) | ORRICK, HERRINGTON & SUTCLIFFE, LLP |
| Kelly Daley (NY Bar No. 4970117) | 400 Capitol Mall, Suite 3000 |
| ORRICK, HERRINGTON & SUTCLIFFE LLP | Sacramento, CA 95814 |
| 51 West 52nd Street | Tel: 916-447-9200 |
| New York, NY, 10019 | Email: jriddell@orrick.com |
| Tel:  212-506-5000 | |
| Email:  jstengel@orrick.com | |
| xiangwang@orrick.com | |
| kdaley@orrick.com | |

Eric A. Shumsky (D.C. Bar No. 477926)
ORRICK, HERRINGTON & SUTCLIFFE LLP
Columbia Center
1152 15th Street NW
Washington, D.C. 20005
Tel: 202-339-8400
Email: eshumsky@orrick.com

*Attorneys for CNBM Group and*
*CNBM Company*

Dated:   September 30, 2015

OHSUSA:763391388.1

## CERTIFICATE OF SERVICE

I hereby certify that the above and foregoing **JOINDER OF CNBM DEFENDANTS IN BNBM DEFENDANTS' RESPONSE TO THE PLAINTIFFS' STEERING COMMITTEE'S MOTION TO APPROVE ALTERNATIVE SERVICE OF PROCESS ON THE BNBM AND CNBM ENTITIES PURSUANT TO FED. R. CIV. P 4(f)(3)** has been served on Plaintiffs' Liaison Counsel, Russ Herman, and Defendants' Liaison Counsel, Kerry Miller, by U.S. mail and e-mail and upon all parties by electronically uploading the same to File & Serve in accordance with Pre-Trial Order No. 6, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2047 on this 30th day of September, 2015.

/s/ L. Christopher Vejnoska

L. Christopher Vejnoska (CA Bar No. 96082)
ORRICK, HERRINGTON & SUTCLIFFE LLP
The Orrick Building
405 Howard Street
San Francisco, CA  94105
Tel.: 415-773-5700
Fax.: 415-773-5759
E-mail:cvejnoska@orrick.com

*Counsel for CNBM Defendants*

OHSUSA:763391388.1