UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

IN RE: CHINESE-MANUFACTURED DRYWALL
       PRODUCTS LIABILITY LITIGATION

MDL NO. 2047

SECTION: L

This Document Relates to:
Payton et al v. Knauf et al
Case No. 09-7628
Wiltz et al v. Knauf et al
Case No. 10-361
Haya et al v. Taishan et al
Case No. 11-1077
Amorin et al v. Taishan et al
Case No. 11- 1395
Amorin et al v. Taishan et al
Case No. 11-1672
Amorin et al v. Taishan et al
Case No. 11-1673

JUDGE FALLON

MAG. JUDGE WILKINSON

_____

## MEMORANDUM IN SUPPORT OF
## EXPARTE MOTION TO DISBURSE SETTLEMENT FUNDS
## FROM COURT REGISTRY

    Petitioner, the law firm of Krupnick Campbell Malone Buser Slama Hancock Liberman P.A. respectfully files this Memorandum in Support of ExParte Motion to Disburse Settlement Funds in Court Registry and moves this Court for an Order allowing settlement funds to be disbursed to Allison Elliott and state as follows:

    1. Petitioner, as counsel for homeowners Roger and Allison Elliott, received settlement funds for the Global, Banner, InEx Repair and Relocation Expenses Claim in the following amounts: $10,332.63 – Banner; $3,305.05 – Global Installer.

    2. Petitioner notified Claimants, Roger and Allison Elliott, that the funds had been received and requested a signed Distribution Schedule. However, the Claimants could not resolve the issue and the funds of $13,637.68 were deposited in the Court's Registry in February

2015 pursuant to Judge Fallon's Order of January 23, 2015.

3. Petitioner provides an Order on Motion to Enforce Final Judgment for Dissolution of Marriage and for Attorney's Fees and Costs dated July 23, 2015 from the Honorable Laurie E. Buchanan from the Circuit Court of the Nineteenth Judicial Circuit and for Martin County detailing the disbursement of the settlement funds to Allison Elliott.  See Exhibit A.

4. As required in L.R. 67.3, the funds of $13,637.68 along with any interest less any assessment fee for the administration of funds should be disbursed to Allison Elliott and mailed to 2003 SW Laredo Street, Palm City, Florida 34990.

For these reasons set forth above and pursuant to Local Rule 67.2 and Local Rule 67.3, the Petitioner respectfully requests this Court for an Order allowing the settlement funds to be disbursed in the Court's registry to Allison Elliott.

Respectfully submitted,

/s *Michael J. Ryan*
Michael J. Ryan, Esquire
Florida Bar No. 975990
Krupnick Campbell Malone Buser Slama
Hancock Liberman  P.A.
12 S.E. 7 Street, Suite 801
Fort Lauderdale, FL  33301
Phone (954) 763-8181
Fax (954) 763-8292
pleadings-MJR@krupnicklaw.com
mryan@krupnicklaw.com
*Attorneys for Petitioner*

**CERTIFICATION OF REVIEW BY CLERK**

I HEREBY CERTIFY that a copy of the foregoing Memorandum in Support of Exparte Motion to Disburse Settlement Funds, Motion and Proposed Order have been submitted to the Clerk for review.

/s *Michael J. Ryan*

              Michael J. Ryan, Esquire
              Florida Bar No. 975990
              Krupnick Campbell Malone Buser Slama
              Hancock Liberman  P.A.
              12 S.E. 7 Street, Suite 801
              Fort Lauderdale, FL  33301
              Phone (954) 763-8181; Fax (954) 763-8292
              pleadings-MJR@krupnicklaw.com
              mryan@krupnicklaw.com
              *Attorneys for Petitioner*

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a copy of the foregoing Memorandum in Support of ExParte Motion to Disburse Settlement Funds from Court Registry has been emailed to all parties by electronically uploading the same to File and ServeXpress f/k/a LexisNexis File & Serve in accordance with pre-trial Order No. 6, and that the foregoing was electronically filed with the Clerk of the Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will serve a notice of electronic filing in accordance with the procedures established in MDL 2047, further a copy was mailed and emailed to Claimants, Roger Elliott, rogerelliott2@gmail.com, 36 Corte Pino, Santa Rosa Beach, FL 32459 and Allison Elliott, rogerandallison@gmail.com, 2003 S W Laredo Street, Palm City, FL 33490 on this 2nd   day of    October, 2015.

              /s/ *Michael J. Ryan*
              Michael J. Ryan, Esquire
              Florida Bar No. 975990
              Krupnick Campbell Malone Buser Slama
              Hancock Liberman P.A.
              12 S.E. 7 Street, Suite 801
              Fort Lauderdale, FL  33301
              Phone (954) 763-8181; Fax (954) 763-8292
              pleadings-MJR@krupnicklaw.com
              mryan@krupnicklaw.com
              Attorneys for Petitioner

# EXHIBIT A

IN THE CIRCUIT COURT OF THE NINETEENTH JUDICIAL CIRCUIT
IN AND FOR MARTIN COUNTY, FLORIDA

CASE NO. 13-1114-DR

IN RE: THE MARRIAGE OF

ALLISON BOOTH ELLIOTT

    Petitioner,

and

ROGER COLE ELLIOTT

    Respondent.
_____/

## ORDER ON MOTION TO ENFORCE FINAL JUDGMENT FOR DISSOLUTION OF MARRIAGE AND FOR ATTORNEY'S FEES AND COSTS

THIS MATTER came before the Court on June 22, 2015 on the Former Wife's Motion to Enforce Final Judgment for Dissolution of Marriage and for Attorney's Fees and Costs and the Court having heard evidence and argument finds and determines as follows:

1. There is presently $16,700 deposited into the registry of the court in the United States District Court, Eastern District of Louisiana; MDL No. 2047; Section L.

2. The class action attorney, Michael J. Ryan, Esquire, for Allison Booth Elliott and Roger Cole Elliott has an additional check for $2,500 for Chinese drywall defects on the former marital home in his possession.

3. There may be additional funds paid as a result of the chinese drywall class action suit.

4. The Former Wife received the marital home located at 2003 SW Laredo Street, Palm City, Florida 34990 as her sole and separate property in the above-styled cause. The Former Husband is not entitled to any of the funds associated with the marital home or the chinese drywall class action suit. The Former Wife, Allison Booth Elliott, is entitled to one hundred percent (100%) of the funds held in the Court registry and/or as a result of the chinese drywall class action suit, whether presently being held or as a result of future payments.

BASED ON THE FOREGOING, it is

ORDERED AND ADJUDGED as follows:

A. The $16,700 and any other sums presently being held by the United States District Court, Eastern District of Louisiana; MDL No. 2047; Section L shall be released to ALLISON BOOTH ELLIOTT in her sole and separate name.

B. That $2,500 presently being held by Michael J. Ryan, Esquire, shall be disbursed to ALLISON BOOTH ELLIOTT as her sole and separate property.

C. Any future payments with respect to the class action suit or the chinese drywall shall be paid solely to ALLISON BOOTH ELLIOTT.

D. The Former Husband shall sign any documents necessary to facilitate the payment to ALLISON BOOTH ELLIOTT and his failure to do so shall be subject to the contempt powers of the Court.

E. The Former Wife's request for attorney's fees and costs is Denied as the Former Husband does not have the ability to pay.

F. This order shall operate upon the Former Husband, ROGER COLE ELLIOTT's, failure to execute documents to act as an actual transfer or signature of Former Husband for purposes of depositing the funds from the chinese drywall suit or cashing the checks.

F. The Former Husband shall be subject to the contempt powers of the Court should he fail to execute the documents necessary to transfer all funds from the chinese drywall suit to the Former Wife, ALLISON BOOTH ELLIOTT.

DONE AND ORDERED at Stuart, Martin County, Florida on this __23__ day of __July__, 2015 nunc pro tunc to June 22, 2015.

LAURIE E. BUCHANAN
Circuit Judge

copies furnished to:

Karen O'Brien Steger, Esq., (KLS@stegerlaw.com)
Roger Elliott (rogerelliott2@gmail.com)