UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

IN RE:  CHINESE MANUFACTURED DRYWALL      :   MDL NO. 2047
             PRODUCTS LIABILITY LITIGATION              :
                                                                                      :
                                                                                      :   SECTION: L
This Document Relates to All Actions                        :
                                                                                      :   JUDGE FALLON
.. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. :   MAG. JUDGE WILKINSON

**STATEMENT OF FACTS BY THE SETTLEMENT ADMINISTRATOR AS RELATED TO THE OBJECTION OF ROSE BRANDOLINO**

The Settlement Administrator for the Chinese Drywall Settlement Program respectfully provides this Statement of Facts to the Court related to the *Objection to Special Master's Determination Denying Claimant, Rose Brandolino's Global, Banner, In-Ex Repair and Relocation Expenses Claim,* filed with the Court as Rec. Doc. 19360.

1. This appeal relates to a Global, Banner, InEx Repair and Relocation claim filed by Rose Brandolino in the Chinese Drywall Settlement Program. *See* Rec. Doc. 19360.

2. Ms. Brandolino filed a claim for Global, Banner, InEx Repair and Relocation damages for a property located at 21 S.E. 3rd Avenue, Hallandale, Florida ("the Affected Property").

3. Ms. Brandolino sold the affected property on June 2, 2011.

4. The Settlement Administrator reviewed the claim submitted by Ms. Brandolino and determined that the purchaser of the property had filed a competing claim for the Affected Property. The other claimant currently owns the Affected Property.

5. The Allocation Agreements that govern disbursement of Global, Banner, and InEx payments provide that a seller of a property that contains Chinese Drywall may pursue Global, Banner, InEx claims only if the seller "retained, in writing, the exclusive right, as

1

opposed to the buyer" to pursue the claim. S*ee* Banner Allocation Agreement*,* Paragraph 4 and Global and InEx Allocation Agreements, Paragraph 5 (all attached as Exhibits).

6. The Settlement Administrator determined that Ms. Brandolino is not the owner of the Affected Property had not retained the right, in writing, to bring the Global, Banner, InEx claim, as required by the Allocation Agreements.

7. The Settlement Administrator denied Ms. Brandolino's Global, Banner, InEx claim and issued payment to the current owner, as required by the Allocation Agreements.

8. Ms. Brandolino also filed a Foreclosure/Short Sale claim, for which she has been compensated.

9. Ms. Brandolino appealed this determination to the Special Master, and the Special Master agreed with the Settlement Administrator and denied the claim.

10. The Settlement Administrator processed and paid the Global, Banner, InEx claim for the Affected Property in accordance with the Allocation Agreements, which do not allow the Settlement Administrator to issue multiple payments for a single property and require the seller of an Affected Property to retain, in writing, the right to bring a Global, Banner, InEx claim.

11. The Court has previously ruled on this exact issue, holding that:

> The Settlement Administrator notes that the Allocation Agreements provide that a seller of a property that contains Chinese Drywall may pursue Global, Banner, InEx claims if the seller "retained, in writing, the exclusive right, as opposed to the buyer" to pursue the claim. The Settlement Administrator notes that Mr. Smith did not retain that right, thus determined that the new owner has the claim for the Affected Property, and accordingly compensated the new owner. The Settlement Administrator further notes that Mr. Smith has received a Foreclosure/Short Sale claim. Upon review of Mr. Smith's appeal, the Court finds that the Settlement Administrator properly denied the claim. Mr. Smith did not retain his right in writing to pursue the claim. Therefore, the Court denies the appeal.

*See* Rec. Doc. 19072, Paragraph VII, pp. 7-8 (attached as Exhibit 4).

12. The Settlement Administrator will be present at the oral argument of this matter and will be available to provide additional information as requested by the Court.

Respectfully submitted,

 /s/ Jacob Woody
Lynn Greer, Esquire (Va. Bar No. 29211)
Jacob S. Woody, Esquire (Va. Bar No. 77485)
BrownGreer, PLC
250 Rocketts Way
Richmond, VA 23231
Telephone: (804) 521-7234
Facsimile: (804) 521-7299
lgreer@browngreer.com
jswoody@browngreer.com

*Settlement Administrator for the Chinese Drywall Settlement Program*

**CERTIFICATE OF SERVICE**

     I hereby certify that the above pleading will be served on by electronically uploading the same to LexisNexis File & Serve in accordance with Pretrial Order No. 6, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/EDF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2047, on this 5th day of October, 2015.

                                                    /s/Jacob Woody
                                                Lynn Greer, Esquire (Va. Bar No. 29211)
                                                Jacob S. Woody, Esquire (Va. Bar No. 77485)
                                                BrownGreer, PLC
                                                250 Rockets Way
                                                Richmond, VA 23231
                                                Telephone:  (804) 521-7200
                                                Facsimile:  (804) 521-7299
                                                lgreer@browngreer.com
                                                jswoody@browngreer.com

                                                *Settlement Administrator for the Chinese Drywall Settlement Program*