**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| **IN RE:  CHINESE-MANUFACTURED DRYWALL PRODUCTS LIABILITY LITIGATION** | **MDL NO. 2047 SECTION: L JUDGE FALLON MAG. JUDGE WILKINSON** |
| **THIS DOCUMENT RELATES TO:** | |
| ***Germano, et al. v. Taishan Gypsum Co., Ltd., f/k/a Shandong Taihe Dongxin Co. Ltd., et al., Case No. 2:09-cv-6687 (E.D.La.)*** | |
| ***Gross, et al. v. Knauf Gips KG, et. al., Case No. 2:09-cv-6690 (E.D.La.)*** | |
| ***Wiltz, et al. v. Beijing New Building Materials Public Limited Co., et. al., Case No. 2:10-cv-00361 (E.D.La.)*** | |
| ***Amorin, et al. v. Taishan Gypsum Co., Ltd. f/k/a Shandong Taihe Dongxin Co., Ltd., et al.,* Case No.: 2:11-cv-1395 (E.D.La.)** | |
| ***Amorin, et al. v. Taishan Gypsum Co., Ltd. f/k/a Shandong Taihe Dongxin Co., Ltd., et al.,* Case No.: 2:11-cv-1672 (E.D.La.)** | |
| ***Amorin, et al. v. Taishan Gypsum Co., Ltd. f/k/a Shandong Taihe Dongxin Co., Ltd., et al.,* Case No.: 2:11-cv-1673 (E.D.La.)** | |

**THE PLAINTIFFS' STEERING COMMITTEE'S RESPONSE IN OPPOSITION TO
MOTION TO SET A BRIEFING SCHEDULE ON CLASS DECERTIFICATION**

## I.     INTRODUCTION

Defendants' recent request for a briefing schedule on the issue of decertification (Rec. Doc. 19546) is yet another attempt to delay the inevitable (and long-overdue) judgment against them.  Although the Court previously indicated in its May 13, 2015 scheduling order (Rec. Doc.

1

18921) that it would set "deadlines, briefing schedules, and hearing dates" for remaining motions, including Defendants' then-pending motions to decertify the Class, this should not interfere with Your Honor's issuance of FOFCOL on the Class Remediation Damages and the next step of claims processing.   Additional briefing will not assist the Court because the Defendants' arguments against Class Remediation Damages already have been briefed, re-briefed, briefed again, and rejected by this Court.   Beginning on May 8, 2015, through their motion to decertify the Class (Rec. Doc. 18879), and continuing through various motions to, *inter alia*, stay the June 9, 2015 damages trial (Rec. Doc. 18957), exclude Plaintiffs' damages expert (Rec. Doc. 19019), exclude trial Exhibit 79 (Rec. Doc. 19191; 19279; 19310), and oppose Plaintiffs' Motion for Assessment of Class Damages (Rec. Doc. 19517), Defendants have repeatedly made the same arguments against an award of Class damages, citing to the same case law, none of which this Court has found persuasive.   There are no new circumstances justifying new arguments; thus, Defendants' most recent request for a briefing schedule should not further delay the progress of the Class Damages track.

## II.   ARGUMENT

Contrary to Defendants' contentions, none of the essential facts supporting the Court's original certification of the Class (Rec. Doc. 18028) and denial of Defendants' various motions to delay this litigation[1] have changed.   And, although the Court retains the ability to monitor the

---

[1]  (Rec. Doc. 18998) (denying Defendants' motion to modify the scheduling order); (Rec. Doc. 19092) (denying Defendants' motion to exclude the testimony of George Inglis); (Rec. Doc. 19355) (denying Defendants' motion to exclude trial Exhibit 79).

appropriateness of Class certification on an ongoing basis before final judgment[2], this does not mean the Court must require duplicative briefing on settled issues when the facts and circumstances material to the Court's original Class certification decision have not changed.  *Cf., Gutierrez v. Wells Fargo & Co.,* No. C07-05923 WHA, 2010 WL 1233810, at *14 (N.D. Cal. Mar. 26, 2010) (denying defendants' request to decertify the class where plaintiffs submitted a revised damages study and after consideration of admitted limitations in the underlying transaction data).

The Court has established several tracks in the Taishan litigation, including the Class Damages track. (Rec. Doc. 18921). Pursuant to the Court's management of this track, and the exercise of its authority under Fed. R. Civ. P. 55(b)(2), Your Honor presided over an evidentiary hearing on the Class Remediation Damages claim on June 9, 2015, and then required and received Proposed FOFCOL from the Parties on June 23, 2015 (Rec. Doc. 19197; 19198; 19194).  In those Proposed FOFCOL and subsequent filings, Plaintiffs sought two forms of class-wide relief specifically tailored to the Rule 55(b)(2) status of this matter, and the evidence admitted at the hearing:

> (1) that the Court find Plaintiffs' formulaic Damages Methodology for Remediation Damages ($105.91/sq. ft. x RS Means location factor x # square feet of residence)[3] to be acceptable, and
>
> (2) that the Court authorize a staged-process to verify important qualifying criteria for each claim (product identification and square footage) in a claims

---

[2] *See McNamara v. Felderhof*, 410 F.3d 277, 280 (5th Cir. 2005) (citing *In re Integra Realty Resources, Inc.,* 354 F.3d 1246, 1261 (10th Cir.2004) ("Moreover, a trial court overseeing a class action retains the ability to monitor the appropriateness of class certification throughout the proceedings and to modify or decertify a class at any time before final judgment.")

[3] June 9, 2015 Tr. at p. 119.

procedure so that a precise sum owed to the class in remediation damages could be calculated and then Plaintiffs can submit that sum certain to the Court and request a final judgment.[4]

Importantly, the Defendants in their Proposed FOFCOL *did not propose a damages methodology or a sum certain in damages to be awarded.* Instead, they simply argued that it was impossible for the Court to establish Class Remediation Damages (Rec. Doc. 19194 at ¶ 146). They refused to acknowledge that a class-wide damages approach was appropriate and reasonable, despite having defaulted on the issue of Class Certification, and having failed to timely appear and refute the Court's independent determination that the Rule 23 criteria are met. (Rec. Doc. 18028).

Thus, Plaintiffs respectfully submit that the just and efficient next step in the Class Remediation Damages track is for the Court to exercise its discretion under Rules 55(b)(2) and 23, by entering FOFCOL which approve the formulaic damages methodology demonstrated at the hearing.[5] The findings also should approve the staged process for claims verification (and set-offs, if any) to be followed by Plaintiffs' providing a sum certain to the Court and seeking a final default judgment quantifying class-wide damages. Defendants' request to brief Class decertification at this time is another inappropriate attempt to derail the Class Damages track and negate the Rule 55(b)(2) process entirely.

The Defendants' purported basis for their request to set a schedule for decertification briefing is the "superiority" prong of Rule 23 and "changed" circumstances since the Court's Class Certification ruling (Rec. Doc. 18028, Sept. 26, 2014). A review of the record shows both

---

[4] (Rec. Doc. 19197 at p. 67); Rec. Doc. 19555 (seal) Sept. 18, 2015 at p. 4-5. These specific findings indented above as items #1 and #2 should be substituted for ¶¶ 200 & 203 in Plaintiffs' Proposed FOFCOL (Rec. Doc. 19197) in order to clarify that, at this time, Plaintiffs do not seek a specific monetary award for final judgment, but will seek such a judgment after the sum certain is calculated at the conclusion of the claims verification process.

[5] June 9, 2015 Tr. at p. 119.

arguments have already been considered and rejected, based on four findings previously made by the Court.

First, Class certification occurred in this case in the context of default, which, in turn, mandated an approach to damages under Rule 55(b)(2) for Class Members who have had to endure years of living with Chinese drywall (which emits sulfur and corrodes copper and silver) without a remedy.  The Fifth Circuit has consistently held that "[a]ttempts by a defendant to escape the effects of his default should be strictly circumscribed; he should not be given the opportunity to litigate what has already been considered admitted in law."  *Nishimatsu Const. Co. v. Houston Nat. Bank*, 515 F. 2d. 1200, 1206 (5th Cir. 1975).

Second, the Court has found, after an independent review of the Rule 23 factors, that:

> Because the only claims at issue here are against default judgment defendants, and because the Court has already found sufficient facts to establish the causation issue associated with these types of claims, all that is required is an assessment of damages. Liability is conceded by default. Accordingly, the Court will establish class-wide damages pursuant to Rule 55(b)(2)(B). (Rec. Doc. 18028 at ¶ 71).

Third, as to changed circumstances, no modification in Plaintiffs' approach to Class Damages gives rise to reconsideration of Class Certification.  The *only* significant component of the damages assessment that has changed since the Court granted Class Certification and ordered the June 9th hearing to proceed is the number of buildings included in the assessment of class-wide remediation damages; and that number has *gone down, not up*.  This decrease in the number of claims does not present a reason to reconsider class certification.  The Court has already found that a decrease in the size of the claim is of no moment in terms of the rights of the Parties; rather, it is an issue of simple arithmetic. *See* Rec. Doc. 18998 at 5 ("As to Taishan's second

argument, a refined method of calculating damages similarly does not require a new notice here, even if the number of buildings included within the damages calculation has changed.").

Fourth, the Plaintiffs' formulaic damages methodology has *not* changed. This Court found in certifying the Class that:

> The average cost of repairing class members' homes is subject to a calculation on a formulaic, square foot basis. … The same approach to the determination of damages for repair and remediation is applicable to the class representatives and class members subject to appropriate costs adjustments. [. . . ] Indeed, damages are simply calculated by using a mathematical formula similar to what the Court utilized in *Germano* and *Hernandez* (*i.e.,* price per square foot to remediate X number of square feet in class members' homes = damages).  (Rec. Doc. 18028 at ¶ 23; 75).

Plaintiffs' Class remediation damages expert used this formula, plus an appropriate cost adjustment factor for local building costs (the RS Means location factor), to calculate the cost of remediating each home in the Remediation Damages Class.  (June 9, 2015 Tr. at p. 119).  This has never changed, even though the PSC has identified claimants who lacked product identification since June 9, 2015 and requested that those plaintiffs either verify product identification or dismiss their claims.[6]

With these findings by the Court now constituting the framework whereby plaintiffs may recover from a defaulted defendant, all Taishan can suggest to justify additional briefing is its continuously flawed interpretation of the Rule 23 "superiority" prong based on *Robertson v. Monsanto Co.*, 287 F. App'x 354, 363 (5th Cir. 2008).   But to merely repeat an erroneous reading of the law is not to diminish the error.  The *Robertson* case does not apply here, because

---

[6] As the PSC has already notified the Court and the Defendants in its status report (Levin Sept. 8, 2015 Letter Rec. Doc. 19490-2, attached as Ex. A), since June 9, the PSC has worked closely with individual counsel to prepare for an efficient claims verification process, and specifically as of today's date has obtained approximately 240 filed notices of dismissal and an additional 455 to dismiss which will be filed shortly, and verified product identification on 1,927 claims.  All data on product identification in support of the 1,927 claims has been produced to Defendants.

the ruling to decertify the Class in that case was based on a finding in an environmental exposure <u>personal injury</u> case involving damages that were not subject to any sort of formulaic calculation (because such damages were varied according to individual personal injuries).  *Id.* at 362-63.  In this case, the Court has found the opposite on numerous occasions: it has acknowledged that "Plaintiffs can establish a formulaic method to determine class-wide property damages, as required by the Rule 23(b)(3) predominance requirement." *See* Rec. Doc .18028 at ¶ 75; *see also id.* at ¶ 23.  The existence of a formulaic method is not challenged by adjustments to the data entered in order to make damage calculations under the formula.

Finally, Defendants assert other changed circumstances, namely, that Plaintiffs have reduced the size and scope of their class-wide formulaic damages and seek a later proceeding for resolution of the individualized damages claims, which are not covered by the formulaic remediation damages claims. Def. Mem. at p. 3. Once again, the fact that Plaintiffs have *reduced* the number of homes included in the formulaic calculation of remediation damages on the basis that a number of plaintiffs cannot verify product ID (and will dismiss), is hardly a basis to decertify the entire class and thereby derail the formulaic calculation of damages for those thousands of claimant Class Members who have submitted product ID proof.  Defendants cite no authority or reasoning suggesting such a derailment is justified, either legally, equitably, or factually.  Furthermore, this Court has already held that it is appropriate to proceed with separate damages phases in order to address the categories of individualized claims.  (Rec. Doc. 18998 at 5) ("As to the first argument, notably, the PSC is not abandoning pursuit of ALE damages. Rather it simply is delaying pursuit of ALE damages to a future individualized [damages] phase

of the litigation.") [bracketed material added].[7]   The broad discretion conferred on a district judge under Rule 55(b)(2) surely allows for such proceedings, which are no more than administrative approaches to finalize the total of what Taishan owes in damages to the Plaintiff Class.

In sum, Plaintiffs request that this MDL Court exercise its authority under Rule 55(b)(2) and Rule 23, and proceed with the Damages track already established, entering the proposed FOFCOL finding class-wide damages, approving the formulaic damages methodology presented at the June 9, 2015 Hearing, and initiating a claims verification process to establish the sum certain for a final Rule 55(b)(2) default judgment.   The Defendants have articulated no credible basis for the Court at this time to reconsider its Class Certification ruling of Sept. 26, 2014 (Rec. Doc. 18028).[8]   The only legally significant change that has occurred since that time is that Plaintiffs have reduced the number of homes for the inclusion of their square footage in the formulaic calculation of class-wide remediation damages.  This change (which favors Taishan as a defendant now facing a quantified default judgment) simply does not necessitate another round of delays in these proceedings.   Rules 23 and 55(b)(2) are flexible case management tools available to the Court.  Taishan remains, and will remain, in default.   A lesser total of damages from adjusted input into the same class damages formula is not prejudicial to this defendant. However, if this motion prevails, Class Members, who have already been forced by Taishan's

---

[7] *See* Levin Sept. 8, 2015 Letter Rec. Doc. 19490 at ¶ 3 (identifying the individualized damages claims of Class Members to proceed in a subsequent phase of the damages track).

[8] BNBM simply adopts Taishan's arguments and adds to it that they dispute the fact findings on their own liability. Under 55(b)(2), these findings are not ripe for review.

delay tactics to wait years in order to repair their homes, will suffer serious prejudice from further delay.

October 5, 2015

Respectfully Submitted,

/s/ Russ M. Herman
Russ M. Herman (LA Bar No. 6819)(on the brief)
Leonard A. Davis (LA Bar No. 14190)(on the brief)
Stephen J. Herman (LA Bar No. 23129)(on the brief)
HERMAN, HERMAN & KATZ, LLC
820 O'Keefe Avenue
New Orleans, Louisiana 70113
Phone: (504) 581-4892
Fax: (504) 561-6024
Ldavis@hhklawfirm.com
*Plaintiffs' Liaison Counsel*
*MDL 2047*


Arnold Levin (on the brief)
Fred S. Longer (on the brief)
Sandra L. Duggan (on the brief)
Matthew C. Gaughan (on the brief)
Levin, Fishbein, Sedran & Berman
510 Walnut Street, Suite 500
Philadelphia, PA 19106
215-592-1500 (phone)
215-592-4663 (fax)
Alevin@lfsblaw.com
*Plaintiffs' Lead Counsel*
*MDL 2047*

9

## PLAINTIFFS' STEERING COMMITTEE

Dawn M. Barrios
Barrios, Kingsdorf & Casteix, LLP
701 Poydras Street, Suite 3650
New Orleans, LA 70139
Phone: (504) 524-3300
Fax: (504) 524-3313
Barrios@bkc-law.com

Daniel E. Becnel, Jr.
Becnel Law Firm, LLC
425 W. Airline Highway, Suite B
Laplace, LA 70068
Phone: (985) 536-1186
Fax: (985) 536-6445
dbecnel@becnellaw.com

Peter Prieto
Podhurst Orseck, P.A.
25 Flagler Street, 8th Floor
Miami, FL 33130
Phone: (305) 358-2800
Fax: (305) 358-2382
pprieto@podhurst.com

Bruce William Steckler
Steckler, LLP
12720 Hillcrest Road, Ste 1045
Dallas, TX 75230
Phone: (972) 387-4040
Fax: (972) 387-4041
bruce@stecklerlaw.com

Ervin A. Gonzalez
Colson, Hicks, Eidson
255 Alhambra Circle, Penthouse
Cora Gables, FL 33134
Phone: (305) 476-7400
Fax: (305) 476-7444
ervin@colson.com

Ben W. Gordon, Jr.
Levin, Papantonio, Thomas, Mitchell
 Echsner & Proctor, P.A.
316 S. Baylen Street, Suite 600
Pensacola, FL 32502
Phone: (850) 435-7000
Fax: (850) 435-7020
bgordon@levinlaw.com

Hugh P. Lambert
The Lambert Firm
701 Magazine Street
New Orleans, LA 70130
Phone: (504) 581-1750
Fax: (504) 529-2931
hlambert@thelambertfirm.com

Gerald E. Meunier (on the brief)
Gainsburgh, Benjamin, David, Meunier
 & Warshauer, LLC
2800 Energy Centre, 1100 Poydras Street
New Orleans, LA 70163-2800
Phone: (504) 522-2304
Fax: (504) 528-9973
gmeunier@gainsben.com

Jerrold Seth Parker
Parker Waichman, LLP
3301 Bonita Beach Road
Bonita Springs, FL 34134
Phone: (239) 390-1000
Fax: (239) 390-0055
Jerry@yourlawyer.com

Scott Wm. Weinstein
Morgan & Morgan
12800 University Drive, Suite 600
Ft. Meyers, FL 33907
Phone: (239) 433-6880
Fax: (239) 433-6836
sweinstein@forthepeople.com

James Robert Reeves
Reeves & Mestayer, PLLC
160 Main Street
Biloxi, MS 39530
Phone: (228) 374-5151
Fax: (228) 374-6630
jrr@attorneys4people.com

Christopher Seeger (on the brief)
Seeger Weiss, LLP
77 Water Street
New York, NY 10005
Phone: (212) 584-0700
Fax: (212) 584-0799
cseeger@seegerweiss.com

Victor M. Diaz, Jr.
V.M. Diaz and Partners, LLC
119 Washington Ave, Suite 402
Miami Beach, FL 33139
Phone: (305) 704-3200
Fax: (305) 538-4928
victor@diazpartners.com

Daniel K. Bryson
Whitfield, Bryson & Mason, LLP
900 W. Morgan Street
Raleigh, NC 27603
Phone: (919) 600-5000
Fax: (919) 600-5002
dan@wbmllp.com

Richard J. Serpe
Law Offices of Richard J. Serpe
Crown Center, Ste. 310
580 East Main Street
Norfolk, VA 23510-2322
Phone: (757) 233-0009
Fax: (757) 233-0455
rserpe@serpefirm.com

## OF COUNSEL TO PLAINTIFFS' STEERING COMMITTEE

Richard S. Lewis (on the brief)
Kristen Ward Broz (on the brief)
HAUSFELD LLP
1700 K Street, N.W
Suite 650
Washington, DC 20006
Phone: (202) 540-7200
Fax:  (202) 540-7201
rlewis@hausfeldllp.com

Andrew A. Lemmon
Lemmon Law Firm, LLC
P.O. Box 904
15058 River Road
Hahnville, LA 70057
Phone: (985) 783-6789
Fax: (985) 783-1333
andrew@lemmonlawfirm.com

Anthony D. Irpino
IRPINO LAW FIRM
2216 Magazine Street
New Orleans, LA 70130
Phone: (504) 525-1500
Fax: (504) 525-1501
airpino@irpinolaw.com

11

## CERTIFICATE OF SERVICE

I hereby certify that the above and foregoing has been served on Defendants' Liaison Counsel, Kerry Miller, by e-mail and upon all parties by electronically uploading the same to LexisNexis File & Serve in accordance with Pre-Trial Order No. 6, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2047 on this 5th day of October, 2015.

/s/ Leonard A. Davis
Leonard A. Davis
HERMAN, HERMAN & KATZ, LLC
820 O'Keefe Avenue
New Orleans, Louisiana 70113
Phone: (504) 581-4892
Fax: (504) 561-6024
Ldavis@hhklawfirm.com
Plaintiffs' Liaison Counsel
MDL 2047

*Co-counsel for Plaintiffs*