UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: CHINESE-MANUFACTURED DRYWALL PRODUCTS LIABILITY LITIGATION | MDL NO. 2047<br>SECTION: L<br>JUDGE FALLON<br>MAG. JUDGE WILKINSON |
| THIS DOCUMENT RELATES TO:<br><br>*ALL ACTIONS* | |

### THE PLAINTIFFS' STEERING COMMITTEE'S REPLY BRIEF IN SUPPORT OF MOTION TO APPROVE ALTERNATIVE SERVICE OF PROCESS ON THE BNBM AND CNBM ENTITIES PURSUANT TO FED.R.CIV.P. 4(f)(3)

**I.     INTRODUCTION**

The Plaintiffs' Steering Committee submits this reply brief in support of its motion to approve alternative service of process on the BNBM and CNBM Entities. The BNBM and CNBM Entities both oppose the motion.[1] Rather than acknowledge the PSC's proofs demonstrating the delays attributable to service under the Hague Convention, which in large part are due to the Defendants' own refusal to accept proper service of process, the BNBM Entities, and the CNBM Entities by extension, ask this Court to ignore the historic problems with service of process on these Chinese defendants experienced these past six years. These Defendants instead suggest that the Court should evaluate the necessity for alternative service of process with a blind eye toward their past obstructions. But the BNBM and CNBM Entities are not new

---

[1] The CNBM Entities filed a joinder to the BNBM Entities' opposition. *See* Rec.Doc.No. 19559. Therein, CNBM Group contends that it is a foreign sovereign and that the procedures of the Foreign Sovereign Immunities Act, 28 U.S.C. §1603, and Fed.R.Civ.P. 4(j) apply to it. *Assuming* CNBM Group is correct (even in the face of the applicable FSIA exceptions regarding commercial activity and tortious behavior, 28 U.S.C. §1605), the notion that strict adherence to the FSIA is required is not remarkable.

parties to these proceedings, and their contentions that they should be treated as such is a disguised attempt to delay these proceedings, which should be rejected by the Court.

These defendants raise four principal arguments to oppose the PSC's motion: 1) that the alternative service proposed is not authorized by Rule 4(f)(3); 2) alternative service is prohibited by the Hague Convention; 3) the PSC has failed to justify the need for alternative service; and 4) should alternative service be granted, Plaintiffs have failed to identify BNBM or CNBM's counsel.  Each of these arguments lack merit, and as discussed below are easily dispatched.

## II.     ARGUMENT

### A.     THE ALTERNATIVE SERVICE PROPOSED BY THE PSC IS AUTHORIZED BY RULE 4(f)(3)

Based on an obtuse reading of Rule 4(f)(3), Defendants contend that the plain text of the rule prohibits alternative service on the Chinese Defendants by service on their American counsel, because such service would still be performed in the United States.  Rule 4(f) offers no such impediment as the "not within any judicial district of the United States" language simply describes service abroad, and (at any rate) is offset by the introductory provision of the Rule, and subsection (3) itself.  Specifically, Rule 4(f)(3) states:

> *Unless federal law provides otherwise*, an individual—other than a minor, an incompetent person, or a person whose waiver has been filed—may be served at a place not within any judicial district of the United States:
> 
> * * *
> 
> (3) by other means not prohibited by international agreement, as the court orders.

Fed.R.Civ.P. 4(f)(3) (emphasis added).

Plainly, the rule permits service on an individual not within any judicial district, *i.e.*, a

foreigner, in the United States where federal law provides otherwise.  Plaintiffs cited numerous cases where courts have interpreted the rule precisely this way and have permitted service on foreign nationals through their United States lawyers.  *See* PSC's Brf. at 9-10, n. 6 [Rec.Doc. 19522-1].  And while the Defendants contend that Plaintiffs failed to cite to any authority in this circuit addressing the matter, they overlook that this Court has twice before permitted precisely this type of relief.  *See* Order of June 25, 2014 (Rec.Doc. 17790); Order on the State of Louisiana's Motion to Approve Alternative Service of Process of December 23, 2014 (Rec.Doc. 18228).

There simply is no sound basis supporting the Defendants' strained interpretation of Rule 4.

    **B.**    <u>**THE HAGUE CONVENTION PRESENTS NO OBSTACLE TO THE PROPOSED ALTERNATIVE SERVICE ON COUNSEL**</u>

The BNBM and CNBM Entities also contend that the Hague Convention must be followed in all instances.  This argument is defective.  Where, as here, courts have been confronted with deliberately evasive or elusive defendants that are intent on avoiding service abroad, other jurists have not found themselves constrained to blind obedience to service under the terms of the Hague Convention.  For example, in *Rio Props., Inc. v. Rio Int'l Interlink*, 284 F.3d 1007, 1015 (9th Cir.2002), the Court of Appeals recognized that Rule 4(f)(3) is "merely one means among several which enables service of process on an international defendant" and "is neither a 'last resort' nor 'extraordinary relief.'" Many other courts have similarly authorized alternative service under Rule 4(f)(3) even where the Hague Convention applies." *See, e.g., Richmond Techs., Inc. v. Aumtech Bus. Solutions,* 2011 WL 2607158, at *13 (N.D. Cal. July 1,

2011) ("Nothing in the Hague Convention prohibits [service on a foreign defendant's U.S.-based counsel]."); *RSM Production Corp. v. Friedman,* 2007 WL 2295907, at *3 (S.D.N.Y. Aug.10, 2007) ("The Hague Service Convention does not prohibit an order pursuant to Rule 4(f)(3) permitting service through American counsel."). *See also Jian Zhang v. Baidu.com Inc.*, 293 F.R.D. 508 (S.D.N.Y. 2013); *Russell Brands, LLC v. GVD Int'l Trading, SA*, 282 F.R.D. 21 (D. Mass. 2012), and this Court's prior orders, *supra.*

Further, it is doubtful that the Hague Convention is even applicable to the Plaintiffs' attempt to effectuate service.[2] "The only transmittal to which the [Hague] Convention applies is a transmittal abroad that is required as a necessary part of service." *Volkswagenwerk Aktiengesellschaft v. Schlunk,* 486 U.S. 694, 707 (1988) (emphasis added). "Where service on a domestic agent is valid and complete under both state law and the Due Process Clause, our inquiry ends and the Convention has no further implications." *Id.* Under Louisiana law, service of process is made upon "any one of [the defendant's] agents." LSA-C.C.P. Art. 1261. And, when a legal proceeding has already commenced, an attorney who has appeared on behalf of the entity is appropriately an agent subject to service of process. *Doe v. Delta Women's Clinic of Baton Rouge*, 37 So. 3d 1076, 1079 (La. Ct. App. 2010), *writ denied*, 45 So. 3d 1055 (La. 2010). As such, service on the BNBM and CNBM Entities domestic counsel is valid. *See* Order on the State of Louisiana's Motion to Approve Alternative Service of Process of December 23, 2014 (Rec.Doc. 18228).

---

[2]As referenced in footnote 1 of the PSC's supporting memorandum (Rec.Doc. 19522-1), all the complaints at issue were filed in the Eastern District of Louisiana and subject to service under Rule 4 and Louisiana law.

### C. ALTERNATIVE SERVICE OF PROCESS ON THE BNBM AND CNBM ENTITIES IS CLEARLY JUSTIFIED UNDER THE FACTS OF THIS CASE

Defendants contend that Plaintiffs' motion fails for lack of sworn statements, as if counsel's representations of the Defendants' evasiveness were insufficient for purposes of this procedural motion. Unlike Rule 56, which requires supporting evidence for a movant to meet their burden, Rule 4 makes no such similar demand. *Compare* Fed.R.Civ.P. 56(c)(1)(A) *with* Fed.R.Civ.P. 4(l)(1) & (3).[3] While the PSC surely has the burden of persuasion, that burden is satisfied by the jurisprudence cited above, and in our opening brief, which recognizes and has allowed alternative service where opposing parties behave as badly as BNBM and CNBM have behaved in this litigation.

However, the PSC is more than able to demonstrate malfeasance on the part of the Defendants. For example, BNBM Group's Rule 30(b)(6) designee testified that service of process should never have been refused, and yet, that routinely occurred. *See* Deposition of ZHOU Yanming (July 15, 2015) at 65 ("If a complaint is delivered to our company, we should have accepted it.")[Attached hereto as Exhibit "A"].

### D. DEFENDANTS CONTEND THEIR COUNSEL ARE INCAPABLE OF AFFORDING THEM ADEQUATE REPRESENTATION

Unable to avoid the logic behind the proposed alternative service on their Counsel, the BNBM and CNBM Entities take to disparaging their own counsel. Contending that their counsel are incapable of being "able to promptly notify every party the PSC may seek to serve through those lawyers," BNBM Brf. at 15, the Defendants contend that they will be deprived of Due

---

[3] To this end, the PSC has supported its motion with affidavits of <u>refusal</u> of service. *See* Exhibits B - E attached to Plaintiffs' motion [Rec.Doc. 19522-3 through 19522-6].

Process if their lawyers are obliged to accept service of process. This make-weight and ludicrous argument defies credulity in an age where service is provided electronically through both ECF and File and Serve, as required by Pretrial Order No. 6 [Rec.Doc. 138]. The assistance afforded by these systems, which were designed to streamline and ease service, refutes the basic premise of Defendants' arguments. Clearly, Defendants' counsel will be able to give notice to any party as necessary if they obey Pretrial Order No. 6, addressed to the infrastructure administering service within these MDL proceedings.

Defendants' Due Process arguments are baseless.

### III. CONCLUSION

Wherefore, the PSC respectfully requests that the Court approve alternative service of process pursuant to Fed.R.Civ.P. 4(f)(3).

Respectfully submitted,

Dated: October 6, 2015

/s/ Russ M. Herman
Russ M. Herman, Esquire (LA Bar No. 6819)
Leonard A. Davis, Esquire (LA Bar No. 14190)
Stephen J. Herman, Esquire (LA Bar No. 23129)
HERMAN, HERMAN & KATZ, LLC
820 O'Keefe Avenue
New Orleans, Louisiana 70113
Phone: (504) 581-4892
Fax: (504) 561-6024
Ldavis@hhklawfirm.com
*Plaintiffs' Liaison Counsel*
*MDL 2047*

Arnold Levin (On the Brief)
Fred S. Longer (On the Brief)
Sandra L. Duggan (On the Brief)
Matthew C. Gaughan (On the Brief)
Levin, Fishbein, Sedran & Berman
510 Walnut Street, Suite 500
Philadelphia, PA 19106
215-592-1500 (phone)
215-592-4663 (fax)
Alevin@lfsblaw.com
*Plaintiffs' Lead Counsel*
*MDL 2047*

## PLAINTIFFS' STEERING COMMITTEE

Dawn M. Barrios
Barrios, Kingsdorf & Casteix, LLP
701 Poydras Street, Suite 3650
New Orleans, LA 70139
Phone: (504) 524-3300
Fax: (504) 524-3313
Barrios@bkc-law.com

Daniel E. Becnel, Jr.
Becnel Law Firm, LLC
425 W. Airline Highway, Suite B
Laplace, LA 70068
Phone: (985) 536-1186
Fax: (985) 536-6445
dbecnel@becnellaw.com

Peter Prieto
Podhurst Orseck, P.A.
25 Flagler Street, 8th Floor
Miami, FL 33130
Phone: (305) 358-2800
Fax: (305) 358-2382
pprieto@podhurst.com

Bruce William Steckler
Steckler, LLP
12720 Hillcrest Road, Ste 1045
Dallas, TX 75230
Phone: (972) 387-4040
Fax: (972) 387-4041
bruce@stecklerlaw.com

Ervin A. Gonzalez
Colson, Hicks, Eidson
255 Alhambra Circle, Penthouse
Cora Gables, FL 33134
Phone: (305) 476-7400
Fax: (305) 476-7444
ervin@colson.com

Ben W. Gordon, Jr.
Levin, Papantonio, Thomas, Mitchell
 Echsner & Proctor, P.A.
316 S. Baylen Street, Suite 600
Pensacola, FL 32502
Phone: (850) 435-7000
Fax: (850) 435-7020
bgordon@levinlaw.com

Hugh P. Lambert
The Lambert Firm
701 Magazine Street
New Orleans, LA 70130
Phone: (504) 581-1750
Fax: (504) 529-2931
hlambert@thelambertfirm.com

Gerald E. Meunier
Gainsburgh, Benjamin, David, Meunier
 & Warshauer, LLC
2800 Energy Centre, 1100 Poydras Street
New Orleans, LA 70163-2800
Phone: (504) 522-2304
Fax: (504) 528-9973
gmeunier@gainsben.com

Jerrold Seth Parker
Parker Waichman, LLP
27300 Riverview Center Blvd.
Suite 103
Bonita Springs, FL 34134
Phone: (239) 390-1000
Fax: (239) 390-0055
Jerry@yourlawyer.com

Scott Wm. Weinstein
Morgan & Morgan
12800 University Drive, Suite 600
Ft. Meyers, FL 33907
Phone: (239) 433-6880
Fax: (239) 433-6836
sweinstein@forthepeople.com

James Robert Reeves
Reeves & Mestayer, PLLC
160 Main Street
Biloxi, MS 39530
Phone: (228) 374-5151
Fax: (228) 374-6630
jrr@attorneys4people.com

Christopher Seeger
Seeger Weiss, LLP
77 Water Street
New York, NY 10005
Phone: (212) 584-0700
Fax: (212) 584-0799
cseeger@seegerweiss.com

Daniel K. Bryson
Whitfield, Bryson & Mason, LLP
900 W. Morgan Street
Raleigh, NC 27603
Phone: (919) 600-5000
Fax: (919) 600-5002
dan@wbmllp.com

Richard J. Serpe, Esquire
Law Offices of Richard J. Serpe
Crown Center, Ste. 310
580 East Main Street
Norfolk, VA 23510-2322
Phone: (757) 233-0009
Fax: (757) 233-0455
rserpe@serpefirm.com

Victor M. Diaz, Jr., Esquire
V.M. Diaz and Partners, LLC
119 Washington Ave, Suite 402
Miami Beach, FL 33139
Phone: (305) 704-3200
Fax: (305) 538-4928
victor@diazpartners.com

**OF COUNSEL TO PLAINTIFFS' STEERING COMMITTEE**

Richard S. Lewis
HAUSFELD LLP
1700 K Street, N.W
Suite  650
Washington, DC 20006
Phone: (202) 540-7200
Fax:  (202) 540-7201
rlewis@hausfeldllp.com

Andrew A. Lemmon
Lemmon Law Firm, LLC
P.O. Box 904
15058 River Road
Hahnville, LA 70057
Phone: (985) 783-6789
Fax: (985) 783-1333
andrew@lemmonlawfirm.com

Anthony D. Irpino
IRPINO LAW FIRM
2216 Magazine Street
New Orleans, LA 70130
Phone: (504) 525-1500
Fax: (504) 525-1501
airpino@irpinolaw.com

**CERTIFICATE OF SERVICE**

       I hereby certify that the above and foregoing has been served on Defendants' Liaison Counsel, Kerry Miller, by e-mail and upon all parties by electronically uploading the same to LexisNexis File & Serve in accordance with Pre-Trial Order No. 6, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2047 on this 6th day of October, 2015.

/s/ Leonard A. Davis
Leonard A. Davis, Esquire
HERMAN, HERMAN & KATZ, LLP
820 O'Keefe Avenue
New Orleans, Louisiana 70113
Phone: (504) 581-4892
Fax: (504) 561-6024
Ldavis@hhklawfirm.com
Plaintiffs' Liaison Counsel
MDL 2047

*Co-counsel for Plaintiffs*