UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

IN RE:CHINESE-MANUFACTURED   *   MDL NO. 2047
DRYWALL PRODUCT LIABILITY    *   SECTION: L
LITIGATION                   *   JUDGE FALLON
                             *   MAG. JUDGE WILKINSON
*************************************
THIS DOCUMENT RELATES TO:    *
Nikolas Toras,               *
Michael and Lisa Calico, Joshua and   *
Kelly Heck, And Edmund Winston:   *
*************************************

## OBJECTION TO MOTION TO EXTINGUISH THE KNAUF DEFENDANTS' SETTLEMENT OBLIGATIONS FOR CERTAIN ALREADY REMEDIATED HOME CLAIMS

NOW INTO COURT, through undersigned counsel comes Plaintiffs' Nikolas Toras, Joshua and Kelly Heck, Michael and Lisa Calico, and Edmund Winston, who object to Motion to Extinguish the Knauf Defendants' Settlement Obligations for Certain Already Remediated Home Claims for the reason set forth below.

Defendants are asking this Honorable Court to extinguish a multitude of claims regarding homes that were remediated by the homeowner for Chinese Drywall. The claims of the above referenced Plaintiffs should not be extinguished for any of the reasons that the Defendants have set forth. Undersigned Counsel will address each plaintiff's fact pattern and history of their home with Chinese drywall individually for the Court.

Mr. Nikolas Toras owns a double rental property in Metairie, LA on Hudson Street. Mr. Toras is included in Exhibit A. Defendants ask that these claims be dismissed because he has not submitted a professional floor plan, pre and post remediation photographs, and what they consider to be sufficient cost documentation. When Mr. Toras began his remediation the Remediation Protocol

1

was not yet in place so he did not take pre-remediation photographs, as there was no way he could no this could be a requirement on him in the future. To penalize him today for failing to have something he could not have known he would need would be patently unfair. He has also provided the Defense with the best floor plan he could come up with, but as the house is several decades old and one he did not build himself, no such document exists as far as he is aware. To come up with floor plans that are architecturally precise would require him to hire an expert to do so which would doubtless be an unnecessary expenditure at this point. As of today, Mr. Toras has submitted everything he has in his possession that will allow him to comply with Defendant's request. Mr. Toras' claim should not be dismissed for this reason. Mr. Toras' documents are attached as Exhibits "A".

Mr. Joshua and Mrs. Kelly Heck are also included on Exhibit A. Defendants ask that his claim be dismissed for lack of sufficient proof of payment as well as not having turned in an itemization/ledger to know what payments are for. A copy of what Mr. Heck submitted is attached as Exhibit "C". Mr. Heck discovered that he had Chinese drywall in May 2009. At the time, Mr. Heck had a two-year-old child and a two-month-old infant. Due to health concerns and the unknown nature at the time of the affects of the contaminated drywall, Mr. Heck started to remediate the home himself in May 2009. As Mr. Heck has indicated on his Disclosure Affidavit, the home to date is not complete, as he still has to finish his fireplace. Mr. Heck has secured an estimate for this work but has not submitted it to the Defendants as of this date. Mr. Heck has turned over copies of the checking account he opened for this project with cancelled checks and debit receipts for proof of payment. Because the Hecks were loaned the money for this project by his parents, a checking account was opened up in the parents' names specifically for the remediation. Whenever

Josh or Kelly needed funds to pay for a remediation expenditure, they alerted his parents who would write a check for the needed amount from this account, with the understanding that they would be paid back as soon as it became feasible. As of today, Mr. Heck has submitted his version of an itemized ledger. He has also turned in all receipts in his possession from the stores and vendors where items and services were purchased. He also has submitted copies of his bank statements as proof of payment. The Hecks' documents are attached as Exhibits "B"

  Mr. and Mrs. Calico are also included in Defendants' Exhibit A. Defendants are asking for the Calicos to submit a ledger/itemization as well as sufficient cost documentation. Mr. Calico lives on Orleans Ave in one-half of a double. Mr. Calico rents the other half out. As he was repairing the rental side from the damages suffered in Hurricane Katrina, he discovered that Chinese drywall has been installed. The rental side was 90% complete with just some of the finishing touches (kitchen cabinets and such) missing from the home. Mr. Calico is employed by Mascari Construction and would take holiday leave on certain days to work on remediating the rental side of his house. Mr. Calico previously included his ledger of the days he took off from work and the hours that he missed due to remediating his property. While Mr. and Mrs. Calico were attempting to comply with the recent evidentiary request, Mr. Calico had a medical emergency that resulted in hospitalization and surgery, from which he is still recovering. Mrs. Calico has attempted to create the requested ledger and what she has completed has been forwarded to defense, but due to her husband's physical condition she has been unable to complete it. Mr. and Mrs. Calico's documents including this ledger and receipts are attached hereto as Exhibits "C".

Mr. Edmund Winston is also included on Defendants' Exhibit A and has deficiencies listed as Floor Plan and KPT evidence. Mr. Winston's complying documents are attached as Exhibits "D." Not all of his photographs have been reproduced in this exhibit as Defendants have only indicated that they need ones proving indicia.

As the Court will see from the exhibits, the Plaintiffs have made every good faith effort to comply with the Defendants' requests for documents and in just about all instances have submitted all the documents they possess, Plaintiffs respectfully pray that this Honorable Court will deny the Defendants' Motion to Extinguish their Settlement Obligations for Certain Already Remediated Home Claims.

Respectfully submitted,

By /s/ DANIEL E. BECNEL, JR.
Daniel E. Becnel, Jr. (2926)
Salvadore Christina, Jr. (27198)
P.O. Drawer H
Reserve, LA. 70084
Telephone:     (985) 536-1186
Telefax:          (985) 536-6445
Email: dbecnel@becnellaw.com

CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing has been served on all counsel of record, via the Court's CM/ECF system and Lexis Nexis File/Serve, this 7[h] day of October, 2015.

/s/ Daniel E. Becnel, Jr.
Daniel E. Becnel, Jr.

4