UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: CHINESE-MANUFACTURED | * | MDL No. 2047 |
| DRYWALL PRODUCTS LIABILITY | * | |
| LITIGATION | * | SECTION L |
| | * | |
| | * | JUDGE FALLON |
| THIS DOCUMENT APPLIES TO | * | |
| ALL CASES | * | MAGISTRATE JUDGE |
| | * | WILKINSON |

******************************************

**NON-PARTY JPMORGAN CHASE & CO.'S OBJECTIONS TO NOTICE
OF EXPEDITED ORAL AND VIDEOTAPED DEPOSITION PURSUANT TO THE
COURT'S DIRECTIVE DURING THE SEPTEMBER 24, 2015 STATUS CONFERENCE**

Non-Party, JPMorgan Chase & Co. respectfully submits these objections to the October 1, 2015 Notice of Expedited Oral and Videotaped Deposition Pursuant to the Court's Directive During the September 24, 2015 Status Conference (Dkt. 19560) (the "Notice") issued by the Plaintiff Steering Committee (the "PSC").

JPMorgan Chase objects to the Notice on the ground that it exceeds the scope of the Rule 30(b)(6) deposition ordered by the Court at the September 24, 2015 Status Conference. (*See* Dkt. 19547.) Following that status conference, the Court ordered that JPMorgan Chase & Co. "produce a 30(b)(6) witness within two weeks of this order to answer questions: (1) regarding its efforts to comply with the Court's July 17, 2015 order and (ii) providing context and background for the materials already produced." (*Id.*)

The PSC's Notice, however, exceeds the scope of the Court's September 24, 2015 order in that it contains three document requests even though the Court only ordered a 30(b)(6) deposition. Accordingly, JPMorgan Chase & Co. objects to Document Requests 1 – 3 in the Notice on the ground that those requests exceed the scope of the Court's order. JPMorgan Chase

1

& Co. further objects to Deposition Topics 1 – 4 of the Notice to the extent that they exceed the scope of the two inquiries allowed by the Court in its September 24, 2015 Order.

In addition, and out of an abundance of caution, JPMorgan Chase & Co. asserts the following General Objections, which were asserted in response to the PSC's prior subpoenas to JPMorgan Chase & Co.  Subject to and without waiving its objections, JPMorgan Chase & Co. is producing a representative for deposition on October 9, 2015 to testify regarding the two topics listed by the Court in its September 24, 2015 Order.

## GENERAL OBJECTIONS AND RESPONSES

1. JPMorgan Chase & Co. is a financial holding company and thus does not have possession, custody, or control of the documents requested by the Subpoena.

2. JPMorgan Chase & Co. objects to the Request's definition of "You" or "your" at Definition 1(j), particularly the Request's inclusion of all of JPMorgan Chase & Co.'s "domestic or international predecessors in interest, successors in interest, subsidiaries, divisions, subdivisions, affiliates, officers, directors, employees, representatives, independent contractors, consultants, or agents, whether present or former, including but not limited to their attorneys and accountants."  Accordingly, these Responses and Objections are submitted solely with respect to JPMorgan Chase & Co.  In that regard, as noted above, JPMorgan Chase & Co. is a financial holding company and does not have possession, custody, or control of the documents requested by the Subpoena.

3. JPMorgan Chase & Co. objects on the grounds that the Request's definition of "Taishan Affiliates and Subsidiaries" is vastly overbroad and imposes an undue burden on JPMorgan Chase & Co.  Moreover, the PSC has not offered to reimburse JPMorgan Chase & Co. the cost and expense that would be incurred to comply with the Subpoena.

4. JPMorgan Chase & Co. objects on the grounds that the Requests are overbroad

and impose an undue burden on JPMorgan Chase & Co. The Requests seek documents regarding 83 separate entities allegedly related to Taishan Gypsum Co., Ltd. f/k/a Shandong Taihe Dongxin Co., Ltd. ("Taishan"), as well as the "parents, related entities, subsidiaries, agents and assigns" of those 83 separate entities. Further, the Requests require JPMorgan Chase & Co. to search for and produce all of these documents for all of these entities throughout the entire JPMorgan Chase & Co. corporate family, which itself includes scores of separate and distinct legal entities. Under these circumstances, the Requests are overbroad and unduly burdensome, particularly when the PSC has not offered to reimburse JPMorgan Chase & Co. the cost and expense that would be incurred to comply with the Requests.

5. JPMorgan Chase & Co. objects to the Requests on the ground that the PSC failed to comply with Rule 45(d)(1) of the Federal Rules of Civil Procedure, in that the PSC did not take reasonable steps to avoid imposing an undue burden or expense on JPMorgan Chase & Co. In light of the definitions and instructions set forth in the Requests, the Requests require JPMorgan Chase & Co. to incur substantial expense to search for, review, and produce the litany of documents requested by the PSC. The PSC, however, has not offered to reimburse JPMorgan Chase & Co. the costs of complying with the Requests. Accordingly, the Requests improperly subjects JPMorgan Chase & Co., a non-party to this action, to undue burden and expense, contrary to Fed. R. Civ. P. 45(d)(1).

6. JPMorgan Chase & Co. objects to the Requests on the ground that the Requests do not afford JPMorgan Chase & Co. reasonable time to comply with the document demands, particularly given the breadth and scope of the document requests. In addition, the Requests are objectionable because they do not provide a reasonable time in advance of the date specified for compliance. *See* Fed. R. Civ. P. 45(d)(3)(A)(i).

7. JPMorgan Chase & Co. objects to the Requests on the ground that the requests are overbroad, seek a large volume of information, and are thus burdensome and harassing.

8. JPMorgan Chase & Co. objects to the Requests because the PSC has not demonstrated that its purported need to obtain the information outweighs the burden and prejudice to JPMorgan Chase & Co. from complying with the Requests. *See, e.g.*, *Anker v. G.D. Searle & Co.*, 126 F.R.D. 515, 521 (M.D.N.C. 1989) (to obtain documents from third party, plaintiff must show more than just that the documents sought fall within the general scope of discovery; he must show a need for the evidence that outweighs the burden and prejudice to the non-party).

9. JPMorgan Chase & Co. objects to the Requests to the extent that they seek confidential/proprietary information or private financial information of non-parties to this litigation. *See* Fed. R. Civ. P. 45(d)(3)(B)(i).

10. Pursuant to the Federal Rules of Civil Procedure, JPMorgan Chase & Co. objects to any request in the Requests that seeks: (a) information not within the scope of permissible discovery authorized by the Federal Rules or applicable statutes; (b) information that is/are subject to the attorney-client privilege; or (c) the disclosure of the fruits of activities undertaken in anticipation of litigation or in preparation for trial by any of JPMorgan Chase & Co.'s employees, attorneys, experts, or agents, including, but not limited to, the mental impressions, conclusions, opinions, or theories of JPMorgan Chase & Co.'s attorneys. JPMorgan Chase & Co. also states that an objection to a particular request does not indicate, expressly or impliedly, the existence of any source of information in its possession, custody or control that is responsive to that request.

11. The responses set forth below are made without, in any manner, waiving or

affecting: (a) the right to object to the use of any response for any purpose in this action, or any other action or proceeding, on the grounds of privilege, relevance, materiality or any other appropriate grounds; (b) the right to object to any other interrogatories, requests for production, or requests for admissions involving or relative to the subject matter of the responses; (c) the right to revise, correct, supplement or clarify any of the responses provided below at any time; or (d) any of JPMorgan Chase & Co.'s rights or remedies.

12. JPMorgan Chase & Co.'s responses are made solely for the purpose of this action and not for the purpose of any other action. The continuing and specific objections of JPMorgan Chase & Co. to the discovery requests responded to herein are subject to all objections as to competence, relevance, materiality, propriety, admissibility, and any and all other objections and grounds which would require the exclusion of any evidence disclosed herein if the evidence were produced and sought to be introduced into evidence in Court. All objections and grounds are reserved and may be interposed at the time of trial or other attempt to utilize these responses.

13. JPMorgan Chase & Co. objects to the instructions and definitions set forth in the Requests to the extent that they are inconsistent with the Federal Rules. By submitting these responses, JPMorgan Chase & Co. does not in any way adopt the PSC's purported definition of words and phrases contained in the Requests. JPMorgan Chase & Co. objects to those definitions to the extent that they are inconsistent with the ordinary and customary meaning of such words or phrases or with the rules governing the permissible scope of discovery.

14. JPMorgan Chase & Co. objects to the requests to the extent that they are vague, overly broad, unduly burdensome, harassing and not calculated to the lead to the discovery of admissible evidence.

15. JPMorgan Chase & Co. objects to the production of any documents that are

protected from disclosure under any state and federal financial privacy laws.

16. These general objections are applicable to each and every one of the following responses and objections, and the failure to repeat an objection in response to a specific request shall not be deemed a waiver of the objection.

Respectfully submitted,

/s/ Gabriel A. Crowson
Michael D. Ferachi (#19566)
Gabriel A. Crowson (#28009)
**McGlinchey Stafford, PLLC**
601 Poydras Street, 12th Floor
New Orleans, Louisiana 70130
Telephone: (504) 586-1200
Fax: (504) 596-2800

*Counsel for Non-Party, JPMorgan Chase & Co.*

## **CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing was served on counsel of record, via the Court's ECF system, this 8th day of October, 2015.

/s/ Gabriel A.Crowson
Gabriel A. Crowson