**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| IN RE: CHINESE-MANUFACTURED DRYWALL PRODUCTS LIABILITY LITIGATION | CIVIL ACTION |
| | NO. 09-02047 |
| | SECTION "L" (5) |
| THIS DOCUMENT RELATES TO: ALL CASES | |

## ORDER & REASONS

Before this Court is Bailey Lumber & Supply Co.'s ("Bailey Lumber") Motion to Enforce Injunction regarding Claims Brought by Plaintiffs Kyle and Denise Newman (Rec. Doc. 18913). Having read the parties' briefs and reviewed the applicable law, the Court now issues this Order and Reasons.

### I.      BACKGROUND

The Court barred all class members who did not opt out of the InEx entities' class action settlement agreement from prosecuting claims against InEx and downstream InEx releases. Bailey Lumber, a downstream supplier of InEx, asks the Court to enforce its injunction barring claims by Plaintiffs against Bailey Lumber and further enjoin Plaintiffs from continuing to prosecute their claims against Bailey Lumber. Bailey Lumber argues that Plaintiffs rescinded their opt-out before the deadline and accordingly, are bound by the settlement agreement. Nonetheless, Plaintiffs filed, and continue to prosecute, two suits against Bailey in Mississippi State Court.

Plaintiffs do not dispute that as part of the settlement terms, Bailey Lumber must be dismissed from the State Court actions. However, Plaintiffs argue that this dismissal is predicated upon the condition that Plaintiffs receive their promised settlement proceeds.

According to the Plaintiffs, it was repeatedly represented to them that they were in the class; however, they have yet to receive any settlement proceeds.  It is not disputed that Plaintiffs are included in the class.  Thus, Plaintiffs, in their opposition move for a court order enforcing the settlement terms and compelling the Third-Party Administrator to pay Plaintiffs the settlement proceeds they are due.

## II.   ANALYSIS

Since the filing of Bailey Lumber's Motion, the Court held several telephone status conferences on the matter and ordered several meet and confers between the parties.  As of August 12, 2015, Plaintiffs had submitted all the requisite information to the Third-Party Settlement Administrator, Brown Greer, so that their settlement claims may be processed as soon as possible.  Thus, because Plaintiffs are now undeniably part of the settlement class and will be receiving their settlement proceeds accordingly, they must be enjoined from prosecuting their claims against Bailey in state court.

## III.   CONCLUSION

**IT IS ORDERED** that the Bailey Lumber's Motion to Enforce the Injunction is **GRANTED** as Plaintiffs are part of the settlement class and their claims are currently being processed by Brown Greer.  With regard to Plaintiffs request that the Court enforce the settlement terms and compel payment of the settlement proceeds to the Plaintiffs, **IT IS ORDERED** that the request is **DENIED AS MOOT** as Plaintiffs' counsel has submitted the requisite information to Brown Greer and Plaintiffs' claims are currently being processed by Brown Greer.  If the proceeds are not received within sixty days, Plaintiffs shall re-urge the motion.

New Orleans, Louisiana this 9th day of October 2015.

UNITED STATES DISTRICT JUDGE

3