## UNITED STATES DISTRICT COURT
### EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **IN RE: CHINESE-MANUFACTURED DRYWALL PRODUCTS LIABILITY LITIGATION** | **CIVIL ACTION** |
| | **NO. 09-02047** |
| | **SECTION "L" (5)** |
| **THIS DOCUMENT RELATES TO: ALL CASES** | |

## ORDER & REASONS

Before this Court is CNBM Group's Motion for Reconsideration of the Court's Minute Entry Resetting the Briefing Schedule on its FSIA Motion (Rec. Doc. 19542). Having read the briefs, reviewed the applicable law, and heard the parties on oral argument, the Court now issues this Order and Reasons.

### I.     BACKGROUND

On June 22, 2015, CNBM submitted a motion to dismiss arguing, in part, that CNBM Group is entitled to sovereign immunity under the Foreign Sovereign Immunity Act ("FSIA"). *See* (Rec. Doc. 19179). On July 22, 2015, this Court set CNBM Group's FSIA motion for hearing in December 2015 in order to permit the PSC to conduct additional limited discovery on the issue of jurisdictional immunity under FSIA. (Rec. Doc. 19323). On August 19, 2015, pursuant to the dates agreed upon by *all* counsel, this Court set CNBM Group's FSIA motion to be heard on oral argument on December 8, 2015 and ordered that any opposition memoranda be due on October 27, 2015 and any reply memoranda be due on November 24, 2015. (Rec. Doc. 19403).

However, on September 18, 2015, following a telephonic hearing that was convened to discuss the progress of the Hong Kong depositions as well as issues relating to Taishan's witness Wenglong Peng, this Court issued another order (i) setting an evidentiary hearing on "issues of spoliation, contempt, adverse inference and possible penalties" for November 10, 2015, and (ii) revising the FSIA briefing schedule.  The revised FSIA briefing schedule extended the opposition memoranda deadline to November 24, 2015 and the reply memoranda deadline to December 3, 2015. (Rec. Doc. 19526) ("Since the November 10th Hearing may affect the PSC's response, the opposition memorandum is continued until two weeks after the hearing.").

## II.   ANALYSIS

CNBM Group objects to the revised schedule and moves this Court to vacate the last paragraph of the September 18th Order, thereby re-establishing the originally agreed-upon briefing schedule.  CNBM Group contends that (i) the disparity in response times is unfair and (ii) there is no reason to substantially alter the FSIA briefing schedule based on the November 10th Hearing because the hearing addresses issues that are unrelated to CNBM Group and its FSIA motion.  Also, CNBM Group points out that its reply time has been truncated under the new schedule.  The Court will discuss each of these arguments in turn.

### a.  Disparity in Response Times

There is no denying the disparity in response times.  Under the original briefing schedule agreed upon by the parties, the PSC had over four months to prepare its opposition and CNBM Group had under a month to reply.  However, under the revised schedule, the PSC has more than five months to respond, while CNBM Group has less than two weeks to reply.[1]  Although the original briefing schedule was already unequal, it was not only necessary to allow the PSC to conduct limited discovery related to CNBM Group's FSIA defense, but also, agreed upon by the

---

[1] Two weeks which fall directly over the Thanksgiving holiday.

parties.  Given that the revised schedule further elongated the PSC's response time while truncating CNBM Group's reply time, the Court appreciates CNBM Group's argument that the revised scheduling is unfair.

### b.   Relationship between November 10th Hearing and the FSIA Motion

The November 10th Hearing was set to address issues of spoliation, contempt, and adverse inferences relating to the fact that Taishan (i) did not disclose the location of one its former employees, Mr. Peng, and (ii) did not take proper measures to protect or collect his documents and/or computer.  While the PSC argues that the revised briefing schedule is appropriate because the November 10th Hearing *may* have an effect on their response to CNBM Group's FSIA motion, they are unable to provide concrete evidence to support this contention at this time.  Much of the evidence that the PSC points to in support of this argument—the fact that (i) the Taishan Board has BNBM appointees, (ii) Chairman Jia of Taishan spoke with Mr. Peng of Taishan;  (iii) Mr. Peng wrote to its counsel that a decision on the debtor's examination was "complex" and (iv) Mr. Peng communicated with Taishan's counsel, Hogan Lovells—is unrelated to CNBM Group.

Notably, the PSC has provided some evidence that *may* support its contention that CNBM has control over Taishan.  However, these arguments are substantive arguments to be made at the jurisdictional hearing and are, at present, unrelated to Mr. Peng and the November 10th Hearing.  Moreover, the PSC has already been given the opportunity to conduct discovery on this precise issue of control.  Finally, while the PSC alleges that CNBM Group was involved in Taishan's decision not to appear at the judgment debtor examination, this allegation is unrelated to CNBM Group's FSIA defense.  Given that the PSC's claims are based on allegedly defective drywall (and not on Taishan's decision regarding the debtor examination), the PSC's

allegations regarding CNBM Group's involvement in Taishan's decision to withdraw from the litigation has no bearing on the existence of any statutory exceptions to FSIA.

Fifth Circuit law is clear that immunity defenses must be decided at the earliest possible stage of litigation.  Therefore, the Court declines to delay resolving the FSIA issue longer than necessary.  *At present*, despite the fact that CNBM Group complied with the Court's order permitting the PSC to conduct additional discovery relating to jurisdiction and control, the PSC is unable to demonstrate that the November 10th Hearing regarding Mr. Peng of Taishan will have a material effect on its opposition to CNBM Group's FSIA defense.  However, notwithstanding the foregoing, the Court is cognizant of the fact that this *may* change after Mr. Peng is deposed and the hearing is held.

### III.   Conclusion

Accordingly, **IT IS ORDERED** that the final paragraph of the September 17, 2015 Minute Entry (R. Doc. 19526) is **VACATED**.

**IT IS FURTHER ORDERD** that the previously agreed-upon scheduling order (R. Doc. 19403) is **REINSTATED** and any opposition memoranda to CNBM Group's FSIA defense is due on or before October 27, 2015 and any reply memoranda is due on or before November 24, 2015 unless the PSC notifies defense counsel before October 27, 2015 that they require an extra day or two to complete their memoranda.

**IT IS FURTHER ORDERED** that, if relevant information is disclosed at the spoliation hearing which bears on the exceptions to FSIA, the PSC is permitted to file a supplemental brief to its opposition  on or before November 20, 2015 to which CNBM Group is permitted to reply on or before December 3, 2015.

New Orleans, Louisiana this 14th day of October 2015.

UNITED STATES DISTRICT JUDGE