UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE:  CHINESE-MANUFACTURED DRYWALL PRODUCTS LIABILITY LITIGATION | MDL NO. 2047 SECTION: L JUDGE FALLON MAG. JUDGE WILKINSON |
| THIS DOCUMENT RELATES TO: *ALL ACTIONS* | |

**BEIJING NEW BUILDING MATERIALS PUBLIC LIMITED COMPANY AND BEIJING NEW BUILDING MATERIAL (GROUP) CO., LTD.'S SUR-REPLY IN OPPOSITION TO THE PLAINTIFFS' STEERING COMMITTEE'S MOTION TO APPROVE ALTERNATIVE SERVICE OF PROCESS ON THE BNBM AND CNBM ENTITIES PURSUANT TO FED. R. CIV. P. 4(f)(3)**

Defendants Beijing New Building Materials Public Limited Company ("BNBMPLC") and Beijing New Building Material (Group) Co., Ltd. ("BNBM Group") stand on the arguments and authorities they presented in opposition to the PSC's Motion to Approve Alternative Service of Process.  However, we respectfully submit, and request that the Court accept, this sur-reply solely to address the fact that the PSC's reply brief misconstrues Louisiana law as to when an attorney is a proper "agent" for service of process, which is a crucial underpinning of their motion.  The procedural circumstance where such a finding might be appropriate is simply absent here.

As the Court knows, the PSC is attempting to bypass the Hague Convention and effectuate blanket service in dozens of unidentified actions from multiple forum states by serving BNBMPLC's and BNBM Group's counsel.  Some of these actions have been pending for years, others for only a matter of weeks, and—if the PSC is to be believed—others have yet to be filed.  The *Brooke* complaint, for example, is a brand new lawsuit on behalf of approximately 800 plaintiffs who have never been part of these proceedings.  The PSC admits, however, that to

1

circumvent the Hague Convention, it must first establish that the counsel it seeks to serve are proper "agents" for service under applicable state law.  PSC Reply at 4.  The PSC ignores the applicable state law on this issue for many of these actions.   And their assertion that BNBMPLC's and BNBM Group's counsel are "agents" for service of process under Louisiana law is just wrong.

Louisiana only recognizes counsel as a party's agent for service if that counsel has appeared and participated in the particular action at issue.  *See Doe v. Delta Women's Clinic of Baton Rouge*, 37 So. 3d 1076, 1078 (La. Ct. App. 2010) (permitting service on counsel who "had participated in that legal proceeding"); *Jinright v. Glass*, 954 So. 2d 174, 178 (La. Ct. App. 2007) ("It is only after the appearance of a defendant through counsel that service of all other process in the suit may be accepted by his attorney of record.").  The parties agree, as they must, that BNBMPLC and BNBM Group have not appeared through counsel in any of the actions for which the PSC seeks to use alternative service.  That fact, alone, should end the dispute and warrants denial of the PSC's request.

The PSC, however, argues that Louisiana is not so restrictive and allows a party's counsel in one action to automatically accept service for that same party in any other action, regardless of whether counsel has entered an appearance in those actions.  PSC Reply at 4.  The PSC relies solely on *Doe v. Delta Women's Clinic of Baton Rouge*, 37 So. 3d 1076 (La. Ct. App. 2010), to argue "service [of the outstanding complaints] on the BNBM and CNBM Entities domestic counsel is valid."  PSC Reply at 4.  *Doe*, however, completely undermines the PSC's argument.

The plaintiff in *Doe* first filed and properly served (not on counsel) a "petition for discovery."  *Id*. at 1078.  An attorney then appeared in the action for the defendants, "participated in discovery on behalf of both of the named defendants," and informed plaintiff's

counsel that "she represented [the defendants] . . . ."  *Id.*  Three years later, the plaintiff served on the defendants' counsel "a petition for damages for medical malpractice," which, the court noted, was filed "in the same court under the same docket number."  *Id.*  Under those specific circumstances, the court permitted service on counsel because the counsel "had participated in that legal proceeding":

> Under the circumstances of this case, in which a legal proceeding had already commenced ***and the person upon whom service was made had participated in that legal proceeding*** and had specifically stated that she was the defendant's attorney, we agree that the service on her, ***as [the defendant's] 'attorney of record,'*** was proper.

*Id.* at 1079 (emphasis added).  In short, *Doe* stands for the narrow proposition that an attorney may be a proper agent for service when—and only when—that attorney has both entered an appearance and participated in "that legal proceeding."

*Doe* is consistent with holdings from other Louisiana courts on this issue.  In *Jinright v. Glass*, 954 So. 2d 174 (La. Ct. App. 2007), for example, the court rejected an attempted service similar to what the PSC now requests.  There, a medical review panel heard and rejected the plaintiff's claims of medical malpractice before the plaintiff filed suit.  *Id.* at 176.  The plaintiff attempted to serve her complaint on counsel that had represented each defendant before the medical review panel.  *Id.*  The *Jinright* court held, however, that "[i]t is only after the appearance of a defendant through counsel that service of all other process in the suit may be accepted by his attorney of record."  *Id.* at 178 (quoting *Wadsworth v. Alexius*, 99 So. 2d 77, 80 (La. 1958)).  The fact that the served counsel had represented each defendant before the related medical review panel was irrelevant.  "[N]one of the defendants were properly served" through counsel because that counsel had not yet appeared in the case.  *Id.*

This controlling precedent requires the denial of the PSC's request for alternative service on the undersigned counsel.  It is undisputed that neither BNBMPLC, BNBM Group, nor their

counsel have appeared in any of the actions for which the PSC seeks alternative service.  And as a matter of law, the PSC cannot treat the parties' appearances in certain actions within the MDL as appearances in *every* action.  *See Gelboim v. Bank of Am. Corp*., 135 S. Ct. 897, 904 (2015) ("[C]ases consolidated for MDL pretrial proceedings ordinarily retain their separate identities . . . ."); *Frazier v. Garrison I.S.D.*, 980 F.2d 1514, 1532 (5th Cir. 1993) ("[A]ctions maintain their separate identity even if consolidated.").  BNBMPLC's and BNBM Group's counsel therefore are not agents for service of either entity under Louisiana law for any of the unserved complaints.  As a result, the PSC must serve those complaints on BNBMPLC and BNBM Group in China, in accordance with the Hague Convention.

## CONCLUSION

For the reasons stated above and in BNBMPLC's and BNBM Group's prior brief in opposition, this Court should deny the PSC's Motion to Approve Alternative Service of Process on the BNBM and CNBM Entities Pursuant to Fed. R. Civ. P. 4(f)(3).

Dated:  October 9, 2015

Respectfully submitted,

**DENTONS US LLP**

By: */s/ Michael H. Barr*
Michael H. Barr
New York Bar No. 1744242
Justin N. Kattan
New York Bar No. 3983905
1221 Avenue of the Americas
New York, NY 10020-1089
Telephone:  (212) 768-6700
Facsimile:  (212) 768-6800
michael.barr@dentons.com
justin.kattan@dentons.com

- AND -

Richard L. Fenton
Illinois Bar No. 3121699
Leah R. Bruno
Illinois Bar No. 6269469
233 South Wacker Drive
Suite 7800
Chicago, IL  60606-6306
Telephone:  (312) 876-8000
Facsimile:  (312) 876-7934
richard.fenton@dentons.com
leah.bruno@dentons.com

- AND -

C. Michael Moore
Texas Bar No. 14323600
Gene R. Besen
Texas Bar No. 24045491
2000 McKinney Ave, Suite 1900
Dallas, TX  75201
Telephone:  (214) 259-0900
Facsimile:  (214) 259-0910
mike.moore@dentons.com
gene.besen@dentons.com

- AND -

**PHELPS DUNBAR LLP**

Harry Rosenberg
Louisiana Bar No. 11465
365 Canal Street, Suite 2000
New Orleans, Louisiana 70130-6534
Telephone:  (504) 566-1311
Facsimile:  (504) 568-9130
harry.rosenberg@phelps.com

*Attorneys for Beijing New Building
Material (Group) Co., Ltd. and Beijing
New Building Materials Public Limited
Company*

## CERTIFICATE OF SERVICE

I hereby certify that the above and foregoing Sur-Reply of Beijing New Building Materials Public Limited Company and Beijing New Building Material (Group) Co., Ltd. in Opposition to the Plaintiffs' Steering Committee's Motion to Approve Alternative Service of Process on the BNBM and CNBM Entities Pursuant to Fed. R. Civ. P. 4(f)(3) has been served on Plaintiffs' Liaison Counsel, Leonard Davis, and Defendants' Liaison Counsel, Kerry Miller, by U.S. mail and e-mail or by hand delivery and e-mail and upon all parties by electronically uploading the same to LexisNexis File & Serve in accordance with Pre-Trial Order No. 6, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2047, on this 9th day of October, 2015.

/s/      *Michael H. Barr*