## UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In re:  CHINESE-MANUFACTURED | * | MDL 2047 |
| DRYWALL PRODUCTS | * | |
| LIABILITY LITIGATION | * | SECTION L |
| | * | |
| | * | JUDGE FALLON |
| This document relates to: All Cases | * | |
| | * | MAGISTRATE JUDGE WILKINSON |
| | * | |
| * * * * * * * * * * * * * * * * * * | | |

### KNAUF DEFENDANTS' REPLY TO PLAINTIFF'S OPPOSITION TO MOTION TO RECONSIDER ORDER REGARDING OCEANIQUE'S MOTION FOR COURT REVIEW OF THE SPECIAL MASTER'S OPINION (REC.DOC. 19413)

**MAY IT PLEASE THE COURT:**

The Knauf Defendants[1] file this Reply to Rec. Doc. 19502, Plaintiff's Opposition to Motion to Reconsider Order Regarding Oceanique's Motion for Court Review of the Special Master's Opinion. Oceanique's opposition relies on factual inaccuracies and conjecture in addressing the issue presented in the Knauf Defendants' Motion for Reconsideration, which is whether Oceanique should obtain an undue and double recovery or whether the recovery should be determined by the Reimbursable Costs as provided for in the negotiated Knauf Class Settlement Agreement.

---

[1] The Knauf Defendants include Knauf Plasterboard (Tianjin) Co., Ltd., Knauf Plasterboard (Wuhu) Co., Ltd., Guangdong Knauf New Building Material Products Co., Ltd., Knauf Gips KG, Gebr. Knauf Verwaltungsgesellschaft KG, Knauf International GmbH, Knauf Insulation GmbH, Knauf UK GmbH, Knauf AMF GmbH & Co. KG, Knauf do Brasil Ltda., and PT Knauf Gypsum Indonesia. All capitalized terms herein have the same definitions as set forth in the Third Amended Settlement Agreement Regarding Claims Against the Knauf Defendants in MDL No. 2047 (the "Knauf Class Settlement Agreement"), Rec. Doc. 16407-3.

The Knauf Defendants respectfully request that the Court reconsider its August 21, 2015 Order (Rec. Doc. 19413) and amend it, or remand the matter back to the Special Master for a determination of the Reimbursable Costs.

I.  **LAW & ARGUMENT**

In deciding whether to reconsider a claim under Rule 59(e) of the Federal Rules of Civil Procedure, the Court is tasked with striking the proper balance between two competing interests: finality and the need to render just decisions on the basis of all the facts.[2] Courts have considerable discretion in deciding whether to grant a motion for reconsideration.[3] To strike the correct balance between justice and finality, Courts in the Eastern District of Louisiana consider whether any of the following four factors are met:

1. the motion is necessary to correct a manifest error of law or fact upon which the judgment is based;
2. the movant presents newly discovered or previously unavailable evidence;
3. the motion is necessary in order to prevent manifest injustice; or
4. the motion is justified by an intervening change in controlling law.[4]

The Knauf Defendants' motion for reconsideration should be granted in order to correct a manifest error of law and/or fact upon which the judgment is based, and also in order to prevent manifest injustice.  The Court should preclude Oceanique from collecting its *claimed costs* instead of the settlement-mandated *Reimbursable Costs* because to permit otherwise is an error and injustice that far outweighs a short delay in bringing this claim to a close.

A.  **The motion is necessary to correct a manifest error of law or fact upon which the judgment is based.**

The Knauf Class Settlement Agreement provides the mechanism by which Claimants are compensated for the Reimbursable Costs when they self-remediate properties.  Reimbursable

---

[2] *See Lavespere v. Niagara Mach. & Tool Works, Inc.*, 910 F.2d 167 (5th Cir. 1991); *Edward H. Bohlin Co., Inc. v. Banning Co., Inc.*, 6 F.3d 350 (5th Cir. 1993); and *Southern Snow Mfg. Co., Inc. v. SnoWizard Holdings, Inc.*, 921 F.Supp.2d 548 (E.D. La. 2013).
[3] *Id.*
[4] *SnoWizard*, 921 F.Supp.2d at 565.

Costs are defined in the ARH Protocol as "reasonable costs that the Owner incurred in remediating the Affected Property."[5] Although the Court set the KPT Drywall Percentage at sixty percent (60%) in the August 21, 2015 Order, the Court did not review or discount the *Reimbursable Costs*, as required by the negotiated Knauf Class Settlement Agreement. Instead, the Court discounted Oceanique's *claimed costs*, which are substantially inflated compared to the Reimbursable Costs.[6]

Section IV (D) of the ARH Protocol provides the criteria that the Knauf Defendants, Owners, Special Master and Court are required to employ in determining Reimbursable Costs under the Settlement. This criteria, and its application to Oceanique's claim, is analyzed in detail in the Knauf Defendants' Motion to Reconsider. Awarding Oceanique sixty percent of its *claimed costs* instead of sixty percent of the *Reimbursable Costs* is an error that the Knauf Defendants respectfully urge the Court to correct, either by awarding Oceanique sixty percent of the Reimbursable Costs outlined in the Motion to Reconsider, or by remanding the matter back to the Special Master for a determination of the Reimbursable Costs.

### B.    The motion is necessary in order to prevent manifest injustice.

Oceanique has been put in a superior position compared to all other Class Members. The motion for reconsideration is necessary to prevent the double injustices of (1) the Knauf Defendants improperly paying Oceanique twice for certain claimed costs (once from the Other Loss Fund and once from the Remediation Fund), and (2) Oceanique recovering for costs that are not reimbursable under the Knauf Class Settlement Agreement or available to any other class member.

---

[5] *See* Already Remediated Properties Protocol (ARH Protocol), Rec. Doc. 12061-6.
[6] *See* Motion to Reconsider, Rec. Doc. 19428, which details the difference between the Reimbursable Costs ($1,025,560.98 ) and the claimed costs ($3,180,498.84 ).

### 1. Double Recovery by Oceanique

Oceanique has received the maximum recovery from the Other Loss Fund that is distributed to Claimants after review by the Settlement Administrator.[7] To the extent that Oceanique is awarded a recovery from the Remediation Fund for claims that fall within the scope of Other Loss Fund claims, this is a double recovery, to which no Class Member is entitled and from which no other Class Member has benefited. The Knauf Defendants seek to undo this injustice in addition to the injustice of having to pay from the Remediation Fund claims that should be charged to the Other Loss Fund, if at all.

### 2. Oceanique is recovering for costs that are not reimbursable.

Oceanique's claimed costs include non-protocol construction work and Other Covered Expenses, which are not available to the Commercial Owner Subclass. These *claimed costs* are analyzed in the Knauf Defendants' Motion to Reconsider. To add insult to injustice, Oceanique's *claimed costs* include alleged damages for units in the Oceanique development that are not Affected Properties, and therefore, are not eligible for *any* benefits pursuant to the Knauf Class Settlement Agreement.[8] The unintended consequence of the Court's reduction by forty percent of Oceanique's *claimed costs*, instead of its *Reimbursable Costs*, is that the Knauf Defendants have been ordered to pay non-protocol claims and unsupported claims that the Settlement Agreement never intended the Knauf Defendants to pay.

The Knauf Defendants and the Plaintiffs' Steering Committee negotiated a Settlement Agreement that defined the *Reimbursable Costs* for ARH claims. Though these ground rules were set, Oceanique now seeks to be put in a position of superiority compared to all other Class

---

[7] *See* Motion to Reconsider, Exhibit E, demonstrating that Oceanique received a total of $420,000 for its 42 claims, equal to the maximum $10,000 per Affected Property distributed by the Settlement Administrator from the Other Loss Fund.

[8] Condo fees and taxes for 100 units ($350,000.00) are included in the *claimed remediation costs*, though only 39 units are Affected units. *See* Exhibit A of Knauf's Motion to Reconsider.

Members and unjustly receive benefits that the Settlement Agreement does not convey to Class Members.

> **C. Finality has not been a concern for Oceanique, and it should therefore be given the corresponding weight by the Court when balanced with the injustice to be corrected.**

Oceanique surprisingly urges the Court that its recovery has been delayed enough ("Oceanique has been waiting years to obtain justice…" ),[9] without acknowledging its own delays. The fact is that Oceanique filed its claims on December 9, 2009, as part of the *Payton* omnibus complaint, did not provide the Knauf Defendants with any cost documentation until April 11, 2014, and then cancelled mediations twice. Evidence of Taishan drywall was not produced by Oceanique until *2015*, and only after the Knauf Defendants found and alerted Oceanique of a report associated with a unit owner's claim. Yet in Oceanique's opposition, the claim is made that complete documentation was provided long ago.

This Claimant has not shown any urgency in obtaining finality and is now using its own delays to make the argument that finality is long overdue. Under these circumstances, the manifest injustice produced by accepting Oceanique's *claimed costs*, instead of determining the *Reimbursable Costs* under the Settlement, far outweighs the short delay necessary to get it right.

> **D. The Knauf Defendants have not waived their arguments.**

It is a fact that the *alleged* remediation costs claimed by Oceanique were never mediated or negotiated prior to or at mediation. Despite Oceanique's *inaccurate* representation that the Knauf Defendants accepted Oceanique's *claimed costs* as legitimate, it is clear that the Knauf Defendants have never accepted these *claimed costs* as legitimate, but in fact have at all times contested the amounts, and also reserved their right to review and negotiate the costs pursuant to the Knauf Class Settlement Agreement.

---

[9] Plaintiff's Opposition to Motion to Reconsider, p. 8, Rec. Doc. 19502.

5

At mediation, the parties and the mediator were unable to progress past the issue of evidence preservation such that mediation ended without addressing the Reimbursable Costs issue. Oceanique now argues that the Knauf Defendants seek to "revisit" the issue of Reimbursable Costs, but the *actual* fact is that the mediation never went beyond the evidence preservation issue.

Following the mediation regarding evidence preservation, the Knauf Defendants alerted the Court and Oceanique that the *claimed costs* would need to be limited to *Reimbursable Costs*:

> In seeking an increase in its award, the Claimant states that neither Knauf nor the Special Master dispute the damages claimed. (Rec. Doc. 19023-3, p. 2). That is not the case; the Knauf Defendants dispute the claimed amount. All claimants are limited to the Reimbursable Costs as established in the Knauf Class Settlement Agreement. Neither the scope of the mediation nor the negotiations between Claimant and the Knauf Defendants included discussion concerning the remediation costs submitted. Should the Court disagree with the Special Master's award, the Knauf Defendants reserve their rights to review costs and limit any award to only Reimbursable Costs.[10]

Oceanique characterizes the Knauf Defendants' position as, "attempting to play an ace up a sleeve" or, "taking a second bite at an apple." The fact is that the Knauf Defendants have openly and repeatedly stated that a review of the costs has not yet occurred:

> On the remediation costs issue, I just want to note that at the mediation the reasonableness of the remediation costs was not discussed by either the parties or the special master. This is something that -- we are not disputing what they are stating are their remediation costs, but those remediation costs would have to be viewed in the context of the ARH protocol as to what is covered and what is not.[11]

The record shows that the Knauf Defendants are openly, unambiguously, consistently, and justly reserving the right to compensate Oceanique for *Reimbursable Costs*, as defined in the

---

[10] Knauf Defendants' Memorandum in Opposition to Oceanique's Objection and Motion for Court Review of Special Master's Opinion and Decree, p. 5, Rec. Doc. 19061.
[11] Transcript of Oral Argument of July 14, 2015, p. 19, Rec. Doc. 19428-5, at page 20.

Knauf Class Settlement Agreement, in order to prevent a double recovery and ensure all class members are treated equally.

## II.     CONCLUSION

Based on the forgoing, the Knauf Defendants respectfully request that the Court grant its Motion to Reconsider and limit Oceanique's recovery to the Reimbursable Costs or remand the issue to the Special Master for a determination of the Reimbursable Costs.

Respectfully Submitted,

**BAKER, DONELSON, BEARMAN,
CALDWELL & BERKOWITZ, PC**

/s/ *Kerry J. Miller*
**KERRY J. MILLER (#24562), T.A.**
201 St. Charles Avenue, Suite 3600
New Orleans, LA  70170
Phone: (504) 566-8646
Fax:     (504) 585-6946
Email: kjmiller@bakerdonelson.com

*Counsel for the Knauf Defendants*

## CERTIFICATE OF SERVICE

I hereby certify that the above and foregoing pleading has been served upon Russ Herman, Plaintiffs' Liaison Counsel, by email, and to all parties by electronically uploading the same to LexisNexis File & Serve in accordance with Pre-Trial Order No. 6, and that the foregoing was filed with the Clerk of Court of the United States Court for the Eastern District of Louisiana, on this 16th day of October, 2015.

/s/ *Kerry J. Miller*

7