IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: CHINESE-MANUFACTURED DRYWALL PRODUCTS LIABILITY LITIGATION | MDL NO. 2047<br>SECTION: L<br>JUDGE FALLON<br>MAG. JUDGE WILKINSON |
| THIS DOCUMENT RELATES TO:<br>ALL ACTIONS | |

## ORDER AND PLAN FOR NOVEMBER 10, 2015 EVIDENTIARY HEARING

WHEREAS, the Plaintiffs' Steering Committee ("PSC") on behalf of Plaintiffs and Taishan Gypsum Co., Ltd. ("Taishan") (collectively, the "parties") stipulated and agreed to a Plan for the Evidentiary Hearing ("Hearing") set for November 10, 2015, with regard to the Exchange of Exhibits, Deposition Designations, Demonstratives, Live Witnesses, and Post-Hearing Briefing;

WHEREAS, the parties were unable to reach agreement on the Scope of the Hearing and submitted separate proposals therefor (*see* Exhibit A hereto);

IT IS ORDERED by the Court, as stipulated and agreed to by the parties, that the following schedule shall apply to the Hearing on November 10, 2015:

I. **EXCHANGE OF EXHIBIT LISTS**

On or before **October 30, 2015 at 5:00 p.m. Central**, each party shall provide the other party with a list and description of the Exhibits that each party intends to introduce at the Hearing ("Exhibit List").

On or before **November 3, 2015 by 5:00 p.m. Central**, each party may provide the other

1

party with a supplemental Exhibit List and Identification of Objections to the other party's Exhibit List.

Unless otherwise ordered by the Court, only exhibits included on the Exhibit Lists and any supplemental Exhibit Lists shall be included for use at the Hearing.

On **November 9, 2015**, following the Status Conference, the Court will hear oral argument on any unresolved objections to Exhibits.

## II.   DEPOSITION DESIGNATIONS

On or before **November 2, 2015 at 5:00 p.m. Central**, each party shall provide the other party with a list of all deposition testimony that it intends to offer into evidence at the Hearing.

On or before **November 5, 2015 at 5:00 p.m. Central**, each party shall provide the other party with counter-designations of deposition testimony and objections to the other party's designations.

On **November 9, 2015**, following the Status Conference, the Court will hear oral argument on any unresolved objections to deposition designations.

## III.   DEMONSTRATIVES

On **November 9, 2015 by 12:00 p.m. Central**, each party shall provide to the other party a list and brief description of any charts, graphs, models, schematic diagrams, and similar objects which, although not to be offered in evidence, respective counsel intent to use in argument during the Hearing.

## IV.   LIVE WITNESSES

On or before the following dates, each designated party shall provide the other party with a list of witnesses to provide live testimony during the Hearing, including a statement of the general subject matter of their testimony (it is not sufficient to designate the witness simply "fact," or "expert"), and an indication in good faith of those who will be called in the absence of

2

reasonable notice to opposing counsel to the contrary.

No other witnesses shall be allowed without leave of court, unless agreeable to all parties and their addition does not affect the Hearing date. This restriction will not apply to rebuttal witnesses or documents whose necessity cannot be reasonably anticipated.

**November 2, 2015** – PSC's witness list

**November 4, 2015** – Taishan's witness list

## V.    POST-HEARING BRIEFING

Following the Hearing, the parties may submit proposed Findings of Fact and Conclusions of Law no later than **November 24, 2015**.

**IT IS FURTHER ORDERED** that the Scope of the Hearing is as follows:

The November 10th Hearing was set to address the issues of spoliation, contempt, and/or adverse inferences relating to the allegations that: (1) Taishan knew of and refused or intentionally failed to disclose the current (i.e., post-employment) business relationships with and the location or whereabouts of their former employee, Mr. Wenglong Peng; and (2) Taishan knew that Mr. Peng. had documents and/or computer-stored information but denied knowing the same or intentionally failed to disclose it and did not take proper measures to protect or collect these documents and/or computer-stored information.

THIS DONE the 21st day of October, 2015, New Orleans, Louisiana.

_____
HONORABLE ELDON E. FALLON
UNITED STATES DISTRICT JUDGE