
Taishan CNBM



**Chinese Drywall Litigation**
Debbie Murphy    to: Eliza_Meltzer@laed.uscourts.gov            10/22/2015 11:40 AM
"Taylor, Bernard", "Eikhoff, Christy Hull",
Cc: "harry.rosenberg@phelps.com", "mike.moore@dentons.com"
, "cvejnoska@orrick.com", "Barr, Michael H.

2 attachments

2015-08-17 Eikhoff re no email server.pdf   Rule 26.pdf


From Arnold Levin and Russ Herman -

Dear Judge Fallon,

During the October 13, 2015 teleconference with counsel for Taishan, we were led to believe that Taishan had recently received seven thousand emails from PENG Wenlong's computer files. *See* October 13, 2015 Hearing Transcript at 10, line 20.  Yesterday, Taishan produced a privilege log for Mr. PENG which listed approximately 6,700 privileged emails alone! The privilege log, however, does not provide sufficient detail for plaintiffs to evaluate any claim of privilege. Indeed, many of the entries on the privilege log are written in Chinese. Under the Court's directives from October 13, Taishan was to produce to Your Honor these privileged emails for *in camera* inspection. To our knowledge this has not yet occurred, and we have reminded counsel for Taishan of the court's order. (*See* attached email to Bernard Taylor.) Once this material is produced *in camera*, we understand that it will impose a substantial burden on the Court given the current schedule in the litigation. For example, at the present time, the PSC is preparing to go forward in NYC with Mr. PENG's deposition but under the circumstances it is doubtful we can complete a November 2, 3, and 4 deposition during that time frame without an adequate Privilege Log, English interpretations therein, and the Court's review. But nevertheless, we will attempt to do so. At the same time as the PENG document review and translation of Taishan's most recent document production today, the PSC is in preparation for the deposition of Peng, and we are preparing our response in opposition to the CNBMG motion to dismiss which is due this coming Tuesday, October 27, 2015 . ( We anticipate that we will petition the Court to supplement such briefing dependent upon Mr. PENG's documents and testimony.) Without all of Taishan's documents, including those where the privilege was improperly asserted, Plaintiffs are severely prejudiced. We respectfully request the Court's advices especially recognizing the added burden on the Court with regard to how we should proceed.

Respectfully,
Russ Herman and Arnold Levin



Debbie Murphy
Levin, Fishbein, Sedran & Berman
Counsellors at Law and Proctors in Admiralty
510 Walnut Street - Suite 500
Philadelphia, PA 19106-3697



**RE: Chinese Drywall Litigation**

Eikhoff, Christy Hull  to: Debbie Murphy, Eliza_Meltzer@laed.uscourts.gov          10/22/2015 02:30 PM

Cc: "Taylor, Bernard", "harry.rosenberg@phelps.com", "mike.moore@dentons.com", "cvejnoska@orrick.com", "Barr, Michael H. (michael.barr@dentons.com)",

Your Honor,

We received the PSC's email below two minutes after we received the PSC's email to Bernard that is referenced therein. (As you recall, Bernard is in China where it is still the middle of the night.) Both emails were the first communications we received from the PSC regarding the privilege log that was produced to the PSC yesterday afternoon at 5:01 p.m.

Below are corrections and explanations in response to the PSC's allegations as well as a proposal to resolve this issue.

First, although the Privilege Log is admittedly lengthy, it does not contain "6,700 emails alone!" as reported below. It contains 3,627 *entries*, which reflect not only withheld emails, but also documents collected from Mr. Peng's former desktop at Taishan and his laptop. (We do not know where the 6,700 number came from, as the Privilege Log provides consecutive numbering 1 through 3,627.) It is true that the Grant Thornton report that we provided to the PSC on October 9 reflected that approximately 7,000 "emails" had been collected. However, as I explained in my transmittal message with the first wave of production on October 16, that number did not account for duplicates and attachments, which necessarily expands the number of "documents" produced. (Please see 10/16/15 email, attached).

Second, the privilege log contains the following information for emails: Sent Date, Author/From, To, CC, BCC, Subject and Privilege Asserted. For non-email documents, the log contains a File Modified Date and Author (where identifiable) along with the Privilege Asserted. We are aware that a customized narrative providing additional context for each document would be ideal, but in the expedited nature of these discovery proceedings, such robust entries for each logged document were not feasible.

Third, we would like to clarify and explain the PSC's statement that "many of the entries on the Privilege Log are written in Chinese." The Privilege Log reflects the Subject Lines exactly as contained in the original documents. With the Court's approval, the parties have been producing documents in their original language with machine-generated translations. As the PSC has complained many times, machine translations often contain errors and mis-translations, and the PSC has repeatedly noted that it relies on its own translation resources instead. Indeed, scores if not hundreds of the deposition exhibits in this Track of the litigation have been marked with "PSC Translations" in addition to the machine translations. Under the circumstances, we considered it to be the most prudent course of action to provide the Subject Lines as they appeared in the original emails, and not to rely on machine translations, which could potentially inject error or confusion into the Privilege Log.

Finally, we acknowledge that on October 13, while documents were still being collected and before any documents had been produced, the parties and the Court contemplated that all documents withheld on the grounds of privilege would be submitted to the Court for *in camera* inspection and review. It is safe to say that none of the parties expected that the volume of withheld documents would be in the

thousands. Now that we know the actual facts, Taishan would propose the following process:

- If the Court requires additional descriptive information to be provided on a document-by-document basis, the Court impose a deadline by which a supplemental Privilege Log must be produced to the PSC.
- The PSC could then review the supplemental Privilege Log and identify entries, if any, that it would like to challenge, and also provide the basis of that challenge, to Taishan. The parties would attempt to reach resolution on challenged entries, as has been successfully achieved on other privilege issues in this case.
- For any challenged entries that cannot be resolved by the parties independently, the documents corresponding to those Privilege Log entries would be submitted to the Court, along with the Privilege Log description and the basis of the PSC's challenge, and the Court would make an ultimate privilege determination.

We regret the manner in which this issue was brought to the Court's attention, because we believe that these explanations and suggestions could have been provided to the PSC directly before the Court's intervention was demanded. Nevertheless, we hope that this additional information and proposal is helpful to the Court, and we would be happy to answer any further questions that the Court may have.

Christy Hull Eikhoff
Alston & Bird, LLP
(404) 881-4496 – direct
(404) 881-7000 – main
Legal Assistant: Scott Bobo
Christy.eikhoff@alston.com

**From:** Debbie Murphy [mailto:DMurphy@lfsblaw.com]
**Sent:** Thursday, October 22, 2015 12:40 PM
**To:** Eliza_Meltzer@laed.uscourts.gov
**Cc:** Taylor, Bernard; Eikhoff, Christy Hull; harry.rosenberg@phelps.com; mike.moore@dentons.com; cvejnoska@orrick.com; Barr, Michael H. (michael.barr@dentons.com); eeagan@gordonarata.com; Stengel, James L. (jstengel@orrick.com); Russ Herman; Sandy Duggan; Lenny Davis; Fred Longer; Pearl Robertson; Anthony Irpino; Christopher Seeger (E-mail); Gerald E. Meunier (E-mail)
**Subject:** Chinese Drywall Litigation

From Arnold Levin and Russ Herman -

Dear Judge Fallon,

During the October 13, 2015 teleconference with counsel for Taishan, we were led to believe that Taishan had recently received seven thousand emails from PENG Wenlong's computer files. *See* October 13, 2015 Hearing Transcript at 10, line 20. Yesterday, Taishan produced a privilege log for Mr. PENG which listed approximately 6,700 privileged emails alone! The privilege log, however, does not provide sufficient detail for plaintiffs to evaluate any claim of privilege. Indeed, many of the entries on the privilege log are written in Chinese. Under the Court's directives from October 13, Taishan was to produce to Your Honor these privileged emails for *in camera* inspection. To our knowledge this has not yet occurred, and we have reminded counsel for Taishan of the court's order. (*See* attached email to

Bernard Taylor.) Once this material is produced *in camera*, we understand that it will impose a substantial burden on the Court given the current schedule in the litigation. For example, at the present time, the PSC is preparing to go forward in NYC with Mr. PENG's deposition but under the circumstances it is doubtful we can complete a November 2, 3, and 4 deposition during that time frame without an adequate Privilege Log, English interpretations therein, and the Court's review. But nevertheless, we will attempt to do so. At the same time as the PENG document review and translation of Taishan's most recent document production today, the PSC is in preparation for the deposition of Peng, and we are preparing our response in opposition to the CNBMG motion to dismiss which is due this coming Tuesday, October 27, 2015. (We anticipate that we will petition the Court to supplement such briefing dependent upon Mr. PENG's documents and testimony.) Without all of Taishan's documents, including those where the privilege was improperly asserted, Plaintiffs are severely prejudiced. We respectfully request the Court's advices especially recognizing the added burden on the Court with regard to how we should proceed.

Respectfully,
Russ Herman and Arnold Levin


Debbie Murphy
Levin, Fishbein, Sedran & Berman
Counsellors at Law and Proctors in Admiralty
510 Walnut Street - Suite 500
Philadelphia, PA 19106-3697
Tele: 215-592-1500 - Fax: 215-592-4663
www.lfsblaw.com

CONFIDENTIALITY NOTE: This e-mail message contains information belonging to the law firm of Levin, Fishbein, Sedran & Berman and may be privileged, confidential and/or protected from disclosure. The information is intended only for the use of the individual or entity named above. If you think that you have received this message in error, please e-mail the sender. If you are not the intended recipient, please delete the message and understand that any dissemination, distribution or copying is strictly prohibited.

NOTICE: This e-mail message and all attachments may contain legally privileged and confidential information intended solely for the use of the addressee. If you are not the intended recipient, you are hereby notified that you may not read, copy, distribute or otherwise use this message or its attachments. If you have received this message in error, please notify the sender by email and delete all copies of the message immediately.

----- Message from "Eikhoff, Christy Hull" <Christy.Eikhoff@alston.com> on Fri, 16 Oct 2015 19:18:56 +0000 -----

To: "alevin@lfsblaw.com" <alevin@lfsblaw.com>, "RHERMAN@hhklawfirm.com" <RHERMAN@hh "LDAVIS@hhklawfirm.com" <LDAVIS@hhklawfirm.com>, "Fred Longer (FLonger@lfsblaw.com) "Anthony D. Irpino (airpino@irpinolaw.com)" <airpino@irpinolaw.com>, "Sandy Duggan (sduggan <sduggan@lfsblaw.com>

cc: "Taylor, Bernard" <Bernard.Taylor@alston.com>, "Kenny, Mike" <Mike.Kenny@alston.com>, "Bec <Josh.Becker@alston.com>, "Haque, Aliyya" <Aliyya.Haque@alston.com>

**Subject:** FW: Taishan Production 10/16/2015

Counsel:

Pursuant to the Court's order regarding the production of Peng Wenlong's custodial files, Taishan has conducted a search of Mr. Peng's emails and is now producing a first wave of documents from his email files. This production set contains 5,996 documents(\*\*), intended to only include non-privileged documents, with the Bates range TG-0070162 to TG-0079734. We are continuing to review diligently all documents from Mr. Peng's custody and will continue to produce documents on a rolling basis. Below please find a link to a document production, including corresponding English translations of said documents. The password to access these documents is **paC?rUd8**.

It is important to note that Mr. Peng's documents are being produced subject to and without waiving objections based on relevance and overbreadth, as well as privilege. Because "all" non-privileged documents were ordered to be produced, it is likely that the production will include irrelevant materials, including potentially sensitive or confidential personal correspondence. We reserve the right to claw back any such documents. Moreover, the production or disclosure of an attorney-client privileged, attorney work product, or other protected document or information medium (Protected Material) shall not be deemed a waiver of the privilege, work product, or other protection or immunity from discovery by the producing party in this or any subsequent state or federal proceeding pursuant to Federal Rule of Evidence 502 and Federal Rule of Civil Procedure 26 regardless of the circumstances of disclosure.

Regards,

Christy Hull Eikhoff
Alston & Bird, LLP
(404) 881-4496 – direct
(404) 881-7000 – main
Legal Assistant: Scott Bobo
Christy.eikhoff@alston.com

\*\* Note that we previously forwarded to you a report from Grant Thornton showing approximately 7,000 "emails," but the actual number of total documents from the email files is higher because of attachments and duplicates. For example, a single email with one file attachment and an embedded signature image would count as 1 email, but 3 separate documents.

FTP SITE ACCESS INSTRUCTIONS
**To access the site using Windows Explorer** (Start/Programs/Accessories/Windows Explorer), copy and paste this link into the Windows Explorer address field:
ftp://taishan-documents:iUh8U1GbJfCRTPjZcad2@transfer.alston.com
**Alternatively, to use dedicated FTP Software,** provide the following information in the program configuration or when prompted:

FTP Server: transfer.alston.com
Username: taishan-documents
Password: iUh8U1GbJfCRTPjZcad2
**Please do not use a web browser (Internet Explorer, FireFox, Chrome, etc.) to access this site.**



CDW MDL 2047 Taishan Privilege Log and Document Production
Regina Valenti
to:
'Bernard.Taylor@alston.com', 'Christy.Eikhoff@alston.com'
10/22/2015 03:06 PM
Cc:
"'Eliza_Meltzer@laed.uscourts.gov'", "Alan Dean Weinberger (aweinberger@hanrylaw.com)", "Bernard Taylor (bernard.taylor@alston.com)", "Christina Hull Eikhoff (Christy.Eikhoff@alston.com)", "Michael Kenny (mike.kenny@alston.com)", "Alex Rothenberg (arothenberg@gordonarata.com)", "Donna Currault (dcurrault@gordonarata.com)", "Eric Shumsky (eshumsky@orrick.com)", "Ewell Eagan Jr. (eeagan@gordonarata.com)", "James L. Stengel (jstengel@orrick.com)", "L. Christopher Vejnoska Esq. (cvejnoska@orrick.com)", "Nina English (nenglish@gordonarata.com)", "C. Michael Moore (mike.moore@dentons.com)", "Harry Rosenberg (harry.rosenberg@phelps.com)", "Michael Barr (michael.barr@dentons.com)", "Richard Fenton (richard.fenton@dentons.com)"
Hide Details
From: Regina Valenti <Rvalenti@hhklawfirm.com> Sort List...
To: "'Bernard.Taylor@alston.com'" <Bernard.Taylor@alston.com>, "'Christy.Eikhoff@alston.com'" <Christy.Eikhoff@alston.com>
Cc: "'Eliza_Meltzer@laed.uscourts.gov'" <Eliza_Meltzer@laed.uscourts.gov>, "Alan Dean Weinberger (aweinberger@hanrylaw.com)" <aweinberger@hanrylaw.com>, "Bernard Taylor (bernard.taylor@alston.com)" <bernard.taylor@alston.com>, "Christina Hull Eikhoff (Christy.Eikhoff@alston.com)" <Christy.Eikhoff@alston.com>, "Michael Kenny (mike.kenny@alston.com)" <mike.kenny@alston.com>, "Alex Rothenberg (arothenberg@gordonarata.com)" <arothenberg@gordonarata.com>, "Donna Currault (dcurrault@gordonarata.com)" <dcurrault@gordonarata.com>, "Eric Shumsky (eshumsky@orrick.com)" <eshumsky@orrick.com>, "Ewell Eagan Jr. (eeagan@gordonarata.com)" <eeagan@gordonarata.com>, "James L. Stengel (jstengel@orrick.com)" <jstengel@orrick.com>, "L. Christopher Vejnoska Esq. (cvejnoska@orrick.com)" <cvejnoska@orrick.com>, "Nina English (nenglish@gordonarata.com)" <nenglish@gordonarata.com>, "C. Michael Moore (mike.moore@dentons.com)" <mike.moore@dentons.com>, "Harry Rosenberg (harry.rosenberg@phelps.com)" <harry.rosenberg@phelps.com>, "Michael Barr (michael.barr@dentons.com)" <michael.barr@dentons.com>, "Richard Fenton (richard.fenton@dentons.com)" <richard.fenton@dentons.com>

**FROM RUSS HERMAN and ARNOLD LEVIN:**

Dear Bernard:

I certainly understand the problems Taishan has created for you and your firm but the PSC and its clients should not be prejudiced as a result of such.

Below please find an analyses of the Taishan and Peng recent productions and the privilege log problems. We would like to discuss this with you after the 4:00 pm call today and schedule a call with Judge Fallon on Friday regarding these issues.

The following is a listing of issues relative to the 10/22/2015 document "dump" relative to the Wenlong Peng documents, and Taishan's 10/21/2015 privilege log for Peng documents.

## I. TAISHAN'S 10/22/2015 DOCUMENT PRODUCTION

On 10/22/2015 Taishan produced almost 200,000 pages of documents (TG-0172765 to TG-0369243), in direct violation of the Court's October 13, 2015 Order requiring that "…all non-privileged data shall be delivered by October 21, 2015." (R. Doc. 19608). To put this October 22, 2015 Taishan production into perspective, since its "re-entry" in this litigation, Taishan had only produced 47,342 pages of documents prior to the recent September 2015 Hong Kong depositions. Below is a chart of Taishan's document productions (excluding this late 10/22/2015 approximately 200,000 page production) since it re-entered the litigation.

| Production Date | Volume | BegBates | EndBates | Total Pages | Total Documents |
|---|---|---|---|---|---|
| 4/6/2015 | 1 | TG-040615-0026020 | TG-040815-0028885 | 4012 | 115 |
| 5/6/2015 | 2 | TG-042315-0028886 | TG-042315-0028888 | 3 | 3 |
| 5/1/2015 | 3 | TG-050115-0028889 | TG-050115-0029020 | 132 | ·50 |
| 5/9/2015 | 4 | TG-0029021 | TG-0033906 | 4885 | 1010 |
| 5/27/2015 | 5 | TG-0033907 | TG-0034983 | 1076 | 210 |
| 6/17/2015 | 6 | TG-0067647 | TG-0068181 | 535 | 416 |
| 6/22/2015 | 7 | TG-0035267 | TG-0067646 | 32379 | 14918 |
| 7/22/2015 | 8 | TG-40615-0026378 | TG-040815-0028885 | 2507 | 112 |
| 8/13/2015 | 9 | TG-0068182 | TG-0069995 | 1813 | 401 |
| Totals as of Hong Kong | | | | 47,342 | 17,235 |
| 9/16/2015 | 10 | TG-0069996 | TG-0070158 | 163 | 180 |
| 9/16/2015 | 11 | TG-0070159 | TG-0070161 | 3 | 6 |
| 9/16/2015 | 12 | TG-0070162 | TG-0079734 | 9573 | 5956 |
| 10/19/2015 | 13 | TG-0079735 | TG-0091605 | 11870 | 5476 |
| | 14 | TG-0091606 | TG-0106698 | 75093 | 6049 |
| 10/21/2015 | 15 | TG-0106699 | TG-0121922 | 15224 | 5477 |
| 10/21/2015 | 16 | TG-0121923 | TG-0172764 | 50842 | 2362 |
| TG Totals BEFORE 10/22/15 | | | | 210,603 | 42,772 |

Even including the recent "timely" Peng document productions (which in itself contains more pages of documents than Taishan has previously produced since it re-entered the litigation), this untimely 10/22/2015 document production consists of nearly the same number of pages as Taishan has previously produced since it re-entered this litigation.

## II. TAISHAN'S 10/21/2015 PRIVILEGE LOG

### A. Overall

As a general matter, no descriptions are given for any of the privilege claims made in Taishan's 10/21/2015 privilege log. Rather, only "subjects" are provided (apparently just the subject line of the e-

mail itself). Additionally, the majority of the "subjects" provided are in Chinese. The end result is that the PSC cannot properly assess the applicability of the privilege asserted by Taishan.

It is also important, for context of just how many documents Taishan has withheld for months if not years, to state how many privilege claims are currently at issue. Taishan has made 3,627 privilege claims relative to this October 2015 document production. This is compared to the total of 418 privilege claims (181 for Taishan's 5/22/2015 production, and 10 from Taishan's February 2011 privilege log, and 227 from Hogan Lovells' 10/3/2014 Counsels' Privilege Log) which Taishan previously made in the prior five (5) years – and that is including the 227 privilege claims made by Taishan's prior counsel (Hogan Lovells) relative to the 10/3/2014 Counsels' privilege log which was ordered to be produced by the Court.

### B. Specific Privilege Claims

The following is a listing of particular issues for specific privilege claims and groups of privilege claims made by Taishan relative to the Wenlong Peng productions:

| Priv. Log Nos. | Problem(s) with Privilege Claims |
|---|---|
| 180 to 189: | 5/23/2014 to 6/12/2014 e-mails from Peng during the immediate pre-contempt period, which the PSC challenges pursuant to the crime-fraud exception. *See In re Chinese Manufactured Drywall Prod. Liab. Litig.*, 2014 WL 7135657 (E.D. La. Dec. 12, 2014) [R. Doc. 18196]. |
| 210 to 228: | 6/17/2014 to 7/17/2014 e-mails sent from Peng during the immediate pre-contempt period, which the PSC challenges pursuant to the crime-fraud exception. *See In re Chinese Manufactured Drywall Prod. Liab. Litig.*, 2014 WL 7135657 (E.D. La. Dec. 12, 2014) [R. Doc. 18196]. |
| 425 to 433: | These privilege log entries include dates, only some authors, no recipients, no subjects, no descriptions (in violation of Fed.R.Civ.P. 26(b)(5) and MDL No. 2047 Pretrial Order No. 15). |
| 434 to 437: | These privilege log entries have no date, no authors, no recipients, no subjects, no descriptions (in violation of Fed.R.Civ.P. 26(b)(5) and MDL No. 2047 Pretrial Order No. 15). |
| 441 to 472: | These privilege log entries have dates, only some authors, no recipients, no subjects, no descriptions (in violation of Fed.R.Civ.P. 26(b)(5) and MDL No. 2047 Pretrial Order No. 15). |

| | |
|---|---|
| 473: | 11/3/2006 e-mail from Grace Wei (a 3rd Party) to sdth818@163.com with no description provided. |
| 474: | 11/28/2008 e-mail from "zhaodewsheng" (who is not identified), with no recipients, no subject, no description (in violation of Fed.R.Civ.P. 26(b)(5) and MDL No. 2047 Pretrial Order No. 15). |
| 475 to 477: | These privilege log entries have dates only, no authors, no recipients, no subjects, no descriptions (in violation of Fed.R.Civ.P. 26(b)(5) and MDL No. 2047 Pretrial Order No. 15). |
| 478 to 479: | 11/18/2011 e-mails from Courtney Colligan but no recipients, no subjects, no descriptions (in violation of Fed.R.Civ.P. 26(b)(5) and MDL No. 2047 Pretrial Order No. 15). |
| 481 to 504: | These privilege log entries have dates, only some authors, no recipients, no subjects, no descriptions (in violation of Fed.R.Civ.P. 26(b)(5) and MDL No. 2047 Pretrial Order No. 15). |
| 505 – 506: | Privilege Log Nos. 505 & 506 – e-mails from Alan Fine (a 3rd party) to Peng, involving a contract with a 3rd party. |
| 522 to 579: | These privilege log entries have dates, only some authors (and even some of those listed are form names like "user" and "thinkpad"), no recipients, no subjects, no descriptions (in violation of Fed.R.Civ.P. 26(b)(5) and MDL No. 2047 Pretrial Order No. 15). |
| 1669 to 1738: | 5/23/2014 to 12/25/2014 e-mails sent from Peng during the immediate pre-contempt, contempt, and post-contempt periods, which the PSC challenges pursuant to the crime-fraud exception. *See In re Chinese Manufactured Drywall Prod. Liab. Litig.*, 2014 WL 7135657 (E.D. La. Dec. 12, 2014) [R. Doc. 18196]. |

| | |
|---|---|
| 1757 to 1768: | All undated e-mails (in violation of Fed.R.Civ.P. 26(b)(5) and MDL No. 2047 Pretrial Order No. 15). |
| 2097 to 2273: | 5/13/2014 to 12/30/2014 e-mails from various people to Peng and others during the immediate pre-contempt, contempt, and post-contempt periods, which the PSC challenges pursuant to the crime-fraud exception. *See In re Chinese Manufactured Drywall Prod. Liab. Litig.*, 2014 WL 7135657 (E.D. La. Dec. 12, 2014) [R. Doc. 18196]. |
| 2345 to 2361: | 2008 e-mails from Alibaba and other 3rd parties showing no basis for privilege. |
| 2519 to 2595: | These privilege claims have no date, no authors, no recipients, no subjects, and no descriptions (in violation of Fed.R.Civ.P. 26(b)(5) and MDL No. 2047 Pretrial Order No. 15). |
| 2596 to 2625: | These privilege claims have only some authors given, no recipients, no subjects and no descriptions (other than some privilege claims stating "Chinese Drywall") (in violation of Fed.R.Civ.P. 26(b)(5) and MDL No. 2047 Pretrial Order No. 15). |
| 2650 to 2995: | Of these privilege claims, many do not have authors, none have recipients, none have subjects or descriptions (in violation of Fed.R.Civ.P. 26(b)(5) and MDL No. 2047 Pretrial Order No. 15). |
| 3005 to 3013: | These privilege claims have no recipients, no subjects, no descriptions (in violation of Fed.R.Civ.P. 26(b)(5) and MDL No. 2047 Pretrial Order No. 15). |
| 3028 to 3044: | These privilege claims have no recipients, no subjects, no descriptions (in violation of Fed.R.Civ.P. 26(b)(5) and MDL No. 2047 Pretrial Order No. 15). |
| 3046 to 3059: | These privilege claims have only some authors given, no recipients, no subjects and no descriptions (in violation of Fed.R.Civ.P. 26(b)(5) and MDL No. 2047 Pretrial Order No. 15). |

| | |
|---|---|
| 3062 to 3139: | These privilege claims have only some authors given, no recipients, no subjects and no descriptions (in violation of Fed.R.Civ.P. 26(b)(5) and MDL No. 2047 Pretrial Order No. 15). |
| 3140 to 3385: | These privilege claims have no authors, no recipients, no subjects, no descriptions (in violation of Fed.R.Civ.P. 26(b)(5) and MDL No. 2047 Pretrial Order No. 15). |
| 3393 to 3405: | These privilege claims have only some authors given, no recipients, no subjects and no descriptions (in violation of Fed.R.Civ.P. 26(b)(5) and MDL No. 2047 Pretrial Order No. 15). |
| 3406 to 3491: | These privilege claims have no dates, no authors, no recipients, no subjects, no descriptions (in violation of Fed.R.Civ.P. 26(b)(5) and MDL No. 2047 Pretrial Order No. 15). |
| 3492: | 12/24/2011 correspondence from Jeff Grand (an attorney working with the PSC) |
| 3493: | 12/15/2011 document, but no author, no recipient, no subject, no description (in violation of Fed.R.Civ.P. 26(b)(5) and MDL No. 2047 Pretrial Order No. 15). |
| 3494 to 3613: | These privilege claims have no dates, no authors, no recipients, no subjects, no descriptions (in violation of Fed.R.Civ.P. 26(b)(5) and MDL No. 2047 Pretrial Order No. 15). |
| 3614: | 12/24/2011 correspondence from Jeff Grand (an attorney working with the PSC). |
| 3615 to 3618: | 3/18/2011 correspondence from 3rd parties, namely: U.S Consumer Product Safety Commission and U.S. Department of Housing and Urban Development. |
| 3619: | This privilege claim has no date, no author, no recipient, no subject, no description (in violation of Fed.R.Civ.P. 26(b)(5) and MDL No. 2047 Pretrial Order No. 15). |

| | |
|---|---|
| 3620: | 3/18/2011 correspondence from 3rd parties, namely: U.S Consumer Product Safety Commission and U.S. Department of Housing and Urban Development. |
| 3621: | Correspondence from "EMG" (with no indication of who or what "EMG" is), and with no date, no recipient, no subject, no description (in violation of Fed.R.Civ.P. 26(b)(5) and MDL No. 2047 Pretrial Order No. 15). |
| 3622: | 8/11/2010 correspondence, but no author, no recipient, no subject, no description (in violation of Fed.R.Civ.P. 26(b)(5) and MDL No. 2047 Pretrial Order No. 15). |
| 3623 to 3625: | 6/7/2010 correspondence from Eric Statman, but no author, no recipient, no subject, no description (in violation of Fed.R.Civ.P. 26(b)(5) and MDL No. 2047 Pretrial Order No. 15). |
| 3626: | 10/10/2011 correspondence from "Gaonicol", but no author, no recipient, no subject, no description (in violation of Fed.R.Civ.P. 26(b)(5) and MDL No. 2047 Pretrial Order No. 15). |
| 3627: | 9/2/2011 correspondence from "Gaonicol", but no author, no recipient, no subject, no description (in violation of Fed.R.Civ.P. 26(b)(5) and MDL No. 2047 Pretrial Order No. 15). |

***Regina L. Valenti***
Senior Trial Paralegal
Herman, Herman, & Katz, L.L.C.
820 O'Keefe Avenue, New Orleans, LA 70113
Direct Line: (504) 680-0555 / Phone: (504) 581-4892 / Fax: (504) 561-6024
<<http://www.hhklawfirm.com/>>
**CONFIDENTIAL ATTORNEY WORK PRODUCT**
This Firm and its Partners are also Partners in Herman, Gerel, LLP
*This e-mail message contains confidential, privileged information intended solely for the addressee. Please do not read, copy, or disseminate it unless you are the addressee. If you have received it in error, please call us (collect) immediately at (504) 581-4892 and ask to speak with the message sender. Also, we would appreciate your forwarding the message back to us and deleting it from your system.
Thank you*

CONFIDENTIAL ATTORNEY WORK PRODUCT
This e-mail message contains confidential, privileged information intended solely for the addressee. Please do not read, copy, or disseminate it unless you are the addressee. If you have received it in error, please call us (collect) immediately at (504) 581-4892 and ask to speak with the message sender. Also, we would appreciate your forwarding the message back to us and deleting it from your system. Thank you.