**THOMAS E. LUKASZEWSKI**
PO Boc 4157
Cherry Hill, NJ 08034
856-979-1507
tommyluka@verizon.net



October 13, 2015

Honorable Eldon F. Fallon
United States District Court
Eastern District of Louisiana
500 Poydras Street
Room C-456
New Orleans, LA  70130

    RE:    Chinese Manufactured Drywall Products Liability Litigation
            MDL No. 2047
            Plaintiffs:  Thomas & Lynn Lukaszewski
            Affected Property Address:  3421 SW Haines Street, Port St. Lucie, FL

Dear Judge Fallon:

As you may recall, we are Plaintiffs in the above-referenced matter under the Already Remediated Homes Claims. We previously submitted a request to Your Honor on June 17, 2015 requesting that the Court grant us permission to file an out of time claim under the Pre-Remediation Alternative Living Expense Fund. I have enclosed a copy of the letter and attachments for your reference. Shortly thereafter, we received a copy of a letter from Leonard Davis to Patrick Montoya regarding our correspondence. (A copy of same is enclosed). To date, we have heard nothing further from the Court or from Plaintiff's Liaison Counsel regarding our request.

In the interim, we had asked for a Special Master review of our Miscellaneous Claim and recently were advised by Mark L. Joyner of Brown Greer that any funds over and above $2500 that may be awarded by Special Master review would not be paid until such time as all other claims have been accepted and/or rejected by all claimants. Additionally, any award would be based upon whether or not there were funds available after all claims are settled and would not be paid sooner unless there is "compelling" reason to do so. Please see attached email from Mr. Joyner dated September 29, 2015.

We believe that it is "compelling" that we spent over $200,000 cash of our retirement savings to purchase our "new" retirement home in November 2008 only to find out it was uninhabitable less than 4 months later. Additionally, we spent over $100,000 of our retirement savings to remediate our brand new home less than one year after purchasing same.

Honorable Eldon F. Fallon
October 13, 2015
Page 2

As Your Honor is aware, there is no compensation for the Plaintiffs' for the "loss of use" of the funds we utilized to remediate our homes and unfortunately, our age dictates that we will be not be able to make up this loss before retirement.

We settled our case "pro se" after our counsel requested permission to withdraw and we did so based upon the information and belief that the necessary claims had been filed on our behalf in a timely fashion. We would not have accepted Knauf's settlement had we known otherwise and had no reason to believe that our attorneys, members of the Plaintiff's Steering Committee, were not familiar with what had to be filed and the deadlines for same.

I would respectfully request that the Court review this matter and please advise the status of these two additional claims. If the Court feels it would be helpful in resolving the outstanding portion of my claim, I would be willing to travel to New Orleans and attend a Status Conference where all parties are available and have the ability to review all of the facts surrounding same.

Thank you for your assistance with this matter.

Respectfully submitted,

Thomas E. Lukaszewski

cc:   Leonard A. Davis – w/o enclosures
      Mark L. Joyner – w/o enclosures

THOMAS & LYNN LUKASZEWSKI
P.O. Box 4157
Cherry Hill, NJ 08034
856-979-1506
tommyluka@verizon.net

June 17, 2015

***VIA FEDERAL EXPRESS***

Honorable Eldon F. Fallon
United States District Court
Eastern District Louisiana
500 Poydras Street
Room C-456
New Orleans, LA 70130

Re: Chinese Manufactured Drywall Products Liability Litigation
MDL No. 2047
Plaintiffs: Thomas & Lynn Lukaszewski
Affected Property Address: 3421 SW Haines Street, Port St. Lucie, FL

Dear Judge Fallon:

We are Plaintiffs in the above-referenced matter under the Already Remediated Homes claims. As you may recall, our attorneys, Colson Hicks Eidson withdrew as our counsel upon a Motion before Your Honor which you granted in April 2015. We went on to negotiate a settlement with Knauf pro se however, when we did so, we were unaware that our previous attorney had failed to file a claim on our behalf under the Pre-Remediation Alternative Living Expenses Fund. ("PRALE"). These are expenses that were not included in our Settlement and, according to the Court approved Settlement Agreement, they were to be submitted under the PRALE portion of the Other Loss Fund. We were totally unaware that this Submission had not been filed until we received a Settlement Offer under the Other Loss Fund from Brown Greer in late May 2015.

To that end, we have enclosed a Statement of Facts concerning same and are respectfully requesting that the Court consider these facts and grant us the opportunity to file such claim even though the deadline has passed.

If you need further information concerning same or have any questions, please have someone from the Court contact us and we will provide any additional information needed in order to facilitate this request.

Honorable Eldon F. Fallon
June 17, 2015
Page 2

Thank you.

Respectfully submitted,

*Thomas E. Lukaszewski*
Thomas E. Lukaszewski

*Lynn A. Lukaszewski*
Lynn A. Lukaszewski

cc:  Russ Herman, Esq.
     Kerry Miller, Esq.
     Robert M. Johnston, Esq.
     BrownGreer PLC

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: CHINESE MANUFACTURED DRYWALL PRODUCTS LIABILITY LITIGATION | ) ) ) ) | MDL No. 2047<br><br>SECTION "L" |
| THIS DOCUMENT RELATES TO: | ) ) | JUDGE FALLON |
| *Payton v. Knauf Gips KG, et al.,* Case No. 09-7628 | ) ) ) ) | MAG. JUDGE WILKINSON |

## STATEMENT OF FACTS OF PLAINTIFFS THOMAS AND LYNN LUKASZEWSKI IN SUPPORT OF COURT ALLOWING FILING OF LATE PRE-REMEDIATION ALTERNATIVE LIVING EXPENSES SUBMISSION TO SETTLEMENT ADMINISTRATOR, BROWN GREER

We, the undersigned Plaintiffs in the above-referenced matter, hereby submit the following Statement of Facts in support of filing a "late" Pre-Remediation Alternative Living Expense ("PRALE") Claim with the Settlement Administrator, Brown Greer, for out of pocket expenses we incurred due to contaminated Knauf drywall installed in our home.

1. We are Plaintiffs in the above-referenced MDL matter under the Already Remediated Homes ("ARH") part of this Settlement have been since the inception of this litigation.

2. We purchased our home at 3421 SW Haines Street in Port St. Lucie, Florida in November of 2008 and discovered that it contained defective chinese drywall in March of 2009. When we discovered the tainted drywall in our home in March of 2009, there was not yet an MDL action. At that time, we retained the law firm of Colson Hicks Eidson to pursue a production liability action in State Court. At some point thereafter, our case was consolidated into the MDL action.

1

3. After consultation with our attorneys, and the uncertainty of the time frame of a State Court action, we decided that it was in our best interest financially to proceed with the remediation of our home. The bulk of this work took place during the period of December 2009 and February 2010.

4. In an effort to preserve our possessions, in May of 2009, the home was emptied of all furniture, appliances, fixtures, etc. and these items were placed in storage. During the period from May 2009 until the remediation began, we made several trips from New Jersey to our home in Port St. Lucie to meet with contractors to facilitate the remediation. During these trips we stayed at an extended stay Hotel in Port St. Lucie.

5. During the course of negotiations between Knauf and our attorneys in late 2014, we were advised by Patrick Montoya of Colson Hicks that the costs for the extended stay and moving and storage costs would not be compensated through the ARH settlement with Knauf, but would in fact be submitted to the Other Loss Fund Settlement ("OLF") which was administered by Brown Greer.

6. During the course of settlement negotiations in early 2015 between Knauf and our attorneys, we became skeptical of some of the costs and expenses that Colson Hicks indicated we would not be compensated for from the Knauf settlement. We attempted to contact Brown Greer to ascertain exactly what had been submitted on our behalf and were unable to obtain that information due to our representation by Colson Hicks. As a result of that request, Colson Hicks forwarded a letter to us indicating that they had made a claim on our behalf (as a response to a Notice of Incompleteness). See attached Exhibit 1.

7. In April of 2015, Colson Hicks sought and obtained an Order from Your Honor withdrawing from our case. See Attached Exhibit 2. Colson Hicks indicated to us at that time that all deadlines for our case had been met. See Attached Exhibit 3.

8. We then proceeded on our own as "pro se" claimants to a settlement with Knauf. Before signing off on the Settlement Agreement with Knauf, we once again contacted Brown Greer to ascertain exactly what was pending in our case under the OLF and the Miscellaneous Claims Fund. We were advised at that time that the status of our claim was "under review."

9. On or about May 1, 2015, we settled our ARH case with Knauf. We have since received our funds from them.

10. On May 26, 2015, Brown Greer made an offer on our claim under the Miscellaneous Claim in the amount of $2500.00. Discussions with Trish Ahn of Brown Green revealed that this figure was for any and all miscellaneous claims we might have but included nothing for the PRALE expenses we incurred. She further advised that there was no claim filed on our behalf under the PRALE submissions and, that without Court approval to reopen a PRALE claim, we would not be eligible for reimbursement for any of those expenses.

11. We forwarded all receipts and invoices related to our housing, storage and moving fees to Colson Hicks, along with all other documentation (which was used to negotiate our settlement) in December 2010. A review of the materials submitted to Brown Greer for our Case indicates that these documents were uploaded to their portal but never included in the proper documentation that needed to be completed by the October 2013 deadline.

12. We settled our case with Knauf based on the information and belief that we would receive additional compensation for the out of pocket expenses incurred in connection with the

3

pre-remediation costs that we incurred and were totally unaware that these expenses had not been properly submitted on our behalf.

Based on the foregoing information, we respectfully request that the Court allow Brown Greer to accept the filing under the PRALE claim in the OLF in our case even though the deadline for doing so has expired.

Respectfully Submitted,

_Thomas E. Lukaszewski_
Thomas E. Lukaszewski

_Lynn A. Lukaszewski_
Lynn A. Lukaszewski

4



Colson
Hicks
Eidson

ERVIN A. GONZALEZ
Board Certified Civil &
Business Trial Attorney

*Via E-mail and Regular US Mail*

March 20, 2015

Chinese Drywall Settlement Administrator
P.O. Box 25401
Richmond, Virginia 23260

RE: Thomas & Lynn Lukaszewski Miscellaneous Claim (Claimant ID 104282)
Notice of Incompleteness

To whom it may concern:

This letter and recently submitted documents are intended to respond to the Notice of Incompleteness for Claim ID 14881, the miscellaneous claim of Thomas & Lynn Lukaszewski. Your most recent notice requests information relating to 1) a failure to state a claim, and 2) proof of expenses for the miscellaneous claim.

Claimants in this case will recover some of their losses through the ARH Program, but many of their losses remain uncompensated. The basis of this miscellaneous claim stems from these uncompensated losses suffered by claimants. Section 4.7.3.1 of the Knauf Settlement Agreement provides that "[t]he Special Master and the MDL Court may, in their discretion, consider and allow claims that are not explicitly provided in Sections 4.7.1.1, 4.7.1.2, 4.7.1.3, 4.7.1.4, 4.7.1.5 and 4.7.1.6, so long as the claims are equitably justified and do not involve claims for the specifically enumerated Other Loss Exclusions. In considering any such additional claims, the Special Master and the MDL Court may, in their discretion, adjust the amount of the claims so as to protect Other Loss funds for other Settlement Class Members." Claims submitted pursuant to this provision are known as "Miscellaneous Claims."

Claimants here have no other OLF claims, as their primary recovery will stem from the ARH claim process. However, and importantly, that claim process omits several aspects of losses that remain compensable under this OLF/Miscellaneous claim. This is the claim being made here.

Regarding proof of said expenses, additional documentation has been uploaded to the web portal. However, a summary of these expenses is below, with references to the web portal document that details these charges. This summary is below:

| Description | Amount | Confirming Document |
|---|---|---|
| Mileage/Travel | $3,533.09 | Affidavit |

| The Law Firm of Colson, Hicks, Eidson, Colson, Matthews, Martinez, Gonzalez, Kalbac & Kane

| 255 Alhambra Circle, Penthouse | Coral Gables, Florida | 33134
| T: 305.476.7400 | F: 305.476.7444 | W: www.colson.com
| 208 11th Street SE | Washington, DC | 20003
| T: 202.386.6706 | F: 202.386.6706 | W: www.colson.com
| 1100 Poydras Street, Suite 2800 | New Orleans, LA | 70163
| T: 305.476.7400 | F: 305.476.7444 | W: www.colson.com

Colson
Hicks
Eidson

| | | |
|---|---|---|
| Alternative Living Expenses | $4,127.75 | Bates Numbers 000105-106 |
| Storage and Moving Expenses | $2,923.37 | Bates Numbers 000056-68; 00579-586 |
| Personal Property Losses | $1,218.06 | Bates Numbers 000075; 000602-605 |
| Utilities | $7,410.00 | Bates Numbers 000069; 000620-637 |
| TOTAL | $19,212.27 | |

These losses to claimant are not otherwise recoverable under the OLF claims system, yet should be compensable to claimant as valid and verified losses to claimant. All confirming and proving documents are attached to this submission.

Very truly yours,

ERVIN A. GONZALEZ
PATRICK S. MONTOYA
JEFF J. KEISER

EAG/PSM/JJK/brf

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

IN RE: CHINESE MANUFACTURED DRYWALL : MDL NO. 2047
PRODUCTS LIABILITY LITIGATION : 
: SECTION L
:
: JUDGE FALLON
: MAGISTRATE JUDGE
........................................: WILKINSON

**THIS DOCUMENT RELATES TO:** ALL CASES

### ORDER

Before the Court is a motion to withdraw as counsel of record for Plaintiffs Thomas & Lynn Lukaszewski ("Plaintiffs"). (Rec. Doc. 18607). As both counsel and Plaintiffs have reported to the Court, they have encountered significant differences in their approach to Plaintiffs' case. As these differences indeed appear to be irreconcilable, and there is no Sixth Amendment right to counsel under the circumstances of this civil case, *see generally Turner v. Rogers*, 131 S.Ct. 2507, 2516 (2011), accordingly,

**IT IS ORDERED** that Plaintiffs' counsel's motion to withdraw is **GRANTED**.

New Orleans, Louisiana, this 20th day of April, 2015.

_____
UNITED STATES DISTRICT JUDGE

cc:

Thomas & Lynn Lukaszewski
P.O. Box 4157
Cherry Hill, NJ 08034

1

**From:** Keiser, Jeff [mailto:jeff@colson.com]
**Sent:** Tuesday, April 07, 2015 11:47 AM
**To:** THOMAS LUKASZEWSKI
**Cc:** Montoya, Patrick; Ferrer, Becky
**Subject:** CDW - Motion to Withdraw as Counsel

Mr. & Mrs. Lukaszewski –

Please find attached our Motion to Withdraw as Counsel, filed this morning in the Eastern District of Louisiana. There are currently no deadlines regarding your claim in the settlement. Knauf's last offer on your claim was $93,314.98. Your last offer to Knauf was $111,026.42. We have communicated every offer and all related deadlines regarding your claim with Knauf throughout the negotiation process, and wish you the best of luck in your future attempts to resolve the matter. Whether you decide to pursue your claim pro se or retain alternative counsel for resolution, we will be happy to forward your file to you upon request.

Jeff J. Keiser
Colson Hicks Eidson
1100 Poydras Street - Suite 2800
New Orleans, LA 70163
Phone: 504-210-7325
e-mail: jeff@colson.com

No virus found in this message.
Checked by AVG - www.avg.com
Version: 2012.0.2250 / Virus Database: 4311/8966 - Release Date: 04/06/15

1



**HERMAN**
**HERMAN & KATZ**
ATTORNEYS AT LAW
Est. 1942

820 O'Keefe Avenue
New Orleans, Louisiana
70113-1116

p: (504) 581-4892
f: (504) 561-6024
e: info@hhklawfirm.com

hhklawfirm.com

Harry Herman (1914-1987)
Russ M. Herman*
Maury A. Herman*
Steven J. Lane
Leonard A. Davis*
James C. Klick[1]
Stephen J. Herman
Brian D. Katz
Soren E. Gisleson
Joseph E. Cain

Jennifer J. Greene[2]
John S. Creevy
Aaron Z. Ahlquist[3]
Craig M. Robinson
Mikalia M. Kott[4]
Donald A. Mau
Danielle Treadaway Hufft
Patrick R. Busby[5]
Madelyn M. O'Brien

Of Counsel:
Herbert A. Cade
Morton H. Katz*
Joseph A. Kott, M.D., J.D.

This Firm and its Partners Are Also
Partners in Herman Gerel, LLP

* A Professional Law Corporation
[1] Also Admitted in Texas
[2] Also Admitted in Arkansas
[3] Also Admitted in Tennessee
[4] Also Admitted in Colorado
[5] Also Admitted in Alabama
& Oklahoma

July 9, 2015

<u>*VIA EMAIL*</u>

Patrick Montoya, Esq.
***COLSON HICKS EIDSON***
255 Alhambra, Penthouse
Coral Gables, FL 33134
patrick@colson.com

    Re: In re: Chinese-Manufactured Drywall Products Liability Litigation
        MDL 2047
        Claimant: Thomas and Lynn Lukaszewski

Dear Patrick:

  As you know, on June 24, 2015, Judge Fallon issued an Order [Rec. Doc. 19215] directing Plaintiffs' Liaison Counsel and the Settlement Administrator to review correspondence received from Thomas and Lynn Lukaszewski. I appreciate your prompt attention to the matter, and based upon the filing you made with the Court [Rec. Doc 19221], I trust if you need any assistance from Liaison Counsel, you or the Lukaszewskis will let us know.

                Sincerely,

                LEONARD A. DAVIS

LAD:lmf
cc: Honorable Eldon E. Fallon
   Russ Herman, Esq.
   Arnold Levin, Esq.

   Thomas & Lynn Lukaszewski
   P.O. Box 4157
   Cherry Hill, NJ 08034

From: "Mark L. Joyner" <mljoyner@browngreer.com>
Date: September 29, 2015 at 2:54:48 PM EDT
To: "tommyluka@verizon.net" <tommyluka@verizon.net>
Subject: RE: Deficient Payment Documentation

Mr. Lukaszewski,

    Sorry I missed your call. When the previous email says one of your claims, it is referring to your Miscellaneous Claim which looks to be the only claim you filed in the settlement program. Apologies for the wording, I have had to send out a large number of these emails and I had to streamline the process a little. The stage your claim is in currently is Payment Review. This means you Miscellaneous claim has been reviewed and deemed eligible in the amount of $2,500 which is reflected on your Eligibility notice. Before we can issue any payment, we require that you provide us with two forms, a Verification of Claims form and a W-9. I have attached both to this email. The forms must be completely filled in, contain the information of the primary claimant (SSN: xxx-xx-9822), and be personally signed and dated. You can return these by uploading them directly to the portal, emailing them back to me, by fax (804-521-7299), or by mail at the address below.

    Because you have requested special master review, your reward will not be determined until after all other Other Loss claims have been either accepted or rejected. The amount available for Special Master Awards will be the remainder of settlement funds after all claimants have either accepted or rejected their Resolution Offers. Because some claimants have not accepted/rejected their Resolution Offers and their response deadlines have not expired, we cannot yet determine the amount of funds available for Special Master Awards. We will notify you once the Special Master has made a determination on your claims.

    I hope this clears up any questions you may have. If not feel free to call or email me back with anything you are curious about. Have a nice day.


BrownGreer PLC
Attention: Chinese Drywall Settlement Program Administrator
250 Rocketts Way
Richmond, VA 23231

1

**From:** Mark L. Joyner
**Sent:** Monday, September 28, 2015 10:20 AM
**To:** 'tommyluka@verizon.net'
**Cc:** Ashley Dwyre (adwyre@browngreer.com)
**Subject:** Deficient Payment Documentation

Dear Claimant,

Our records show that one of your claims in the Chinese Drywall Settlement Program is potentially eligible for payment. However, our records show that the required payment documentation is either deficient or has not been submitted. A Form W-9 and a Verification of Claims form are required to be completed and submitted before payment can be dispersed. These forms are available on the CDW Settlement Program Portal and can be found using the links provided in this email.

To avoid further delay of payment, please ensure that the following fields are complete before submitting the forms:

**Verification of Claims Form**
1. Claimant Name: This must match the name of the primary claimant.
2. Claimant Identification Number: Enter the Claimant ID if you know it.
3. SSN or TIN: This must match the SSN or TIN of the primary claimant.
4. Claimant Signature: Claimant must sign and date the form.
5. Date: Date of signature.

**Form W-9**
1. Name or Business Name: This must match the name of the primary claimant.
2. Federal Tax Classification: Check the appropriate box.
3. Address: This is the claimant's current address.
4. TIN: This is the primary claimant's SSN if the claimant is an individual or the EIN if the claimant is a business.
5. Claimant Signature: Claimant must sign and date the form.
6. Date: Date of signature.

Feel free to contact me with any questions.

Thank you,
Mark Joyner

**Mark Joyner**
Financial Claims Reviewer IV
**BROWNGREER PLC**
250 Rocketts Way
Richmond, Virginia 23231
Telephone: (804) 521-7200
Facsimile: (804) 521-7299
www.browngreer.com

*This electronic mail is intended to be received and read only by certain individuals. It may contain information that is privileged or protected from disclosure by law. If it has been misdirected, or if you suspect you received this in error, please notify me by replying and then delete this message and your reply. These restrictions apply to any attachment to this email.*