UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: CHINESE-MANUFACTURED DRYWALL PRODUCTS LIABILITY LITIGATION | MDL NO. 2047<br>SECTION: L<br>JUDGE FALLON<br>MAG. JUDGE WILKINSON |
| THIS DOCUMENT RELATES TO: ALL CASES | |

PEOPLE'S REPUBLIC OF CHINA
CITY OF BEIJING

### DECLARATION OF YANJUN YANG

This declaration is made in accordance with and pursuant to 28 U.S.C. § 1746.

I, YANJUN YANG, declare under penalty of perjury under the laws of the United States of America that the following statements are true and correct:

1. I am over eighteen (18) years of age, am competent to testify to the matters contained herein, and have personal knowledge of these facts. My native language is Chinese. I do not understand, speak, read, or write English. I signed a Chinese version of this Declaration as well as the English version of this Declaration after it was translated for me by a translator with the law firm of Dentons U.S. LLP.

2. I am the Deputy General Manager and Chief Financial Officer of Beijing New Building Materials Public Limited Company ("BNBMPLC"). I have held these positions at BNBMPLC since September 2005. I am responsible for financial and audit matters for BNBMPLC, including reviewing the financial statements of BNBMPLC.

3. I report to the general manager of BNBMPLC.

4. The manager of the BNBMPLC financial department and the manager of the BNBMPLC audit department report to me directly.

EXHIBIT 3

5. BNBMPLC is independently incorporated and has its own Articles of Association and an independent Board of Directors and Board of Supervisors.

6. I hold no position with Beijing New Building Material (Group) Co., Ltd. ("BNBM Group").

7. Since April 2006, I have served on the board of directors of Taishan Gypsum Co., Ltd. ("Taishan").

8. BNBMPLC acquired 42% equity interest in Taishan in 2005 through subscription of the new shares issued by Taishan. BNBMPLC indirectly acquired additional 23% equity interest in Taishan in 2006 by purchasing 100% equity interest of Taishan Donglian Investment and Trading Co., Ltd., one of Taishan's shareholders. Currently, BNBMPLC directly and indirectly owns 65% equity interest aggregately in Taishan.

9. Since BNBMPLC's acquisition of its interest in Taishan, Taishan has been adequately capitalized and has had sufficient funding for its operations.

10. BNBMPLC has never financed Taishan's operations by providing non-repayable funds.

11. BNBMPLC has never had a joint bank account with Taishan.

12. Since I held my current positions, BNBMPLC and Taishan have never had common accounting books.

13. BNBMPLC has never made undocumented transfers of funds to Taishan and Taishan has never made undocumented transfers of funds to BNBMPLC.

14. Since I held my current positions, BNBMPLC has never had the authority to withdraw money from Taishan's bank accounts and has never done so.

15. Since I held my current positions, Taishan has never had the authority to withdraw money from BNBMPLC's bank accounts and has never done so.

16. Except as required under Chinese laws, regulations and relevant accounting principles, BNBMPLC and Taishan prepare their financial statements independently and file their tax returns separately.

17. BNBMPLC's and Taishan's financial statements are separately audited by a third-party accounting firm which is independent from BNBMPLC and Taishan.

18. BNBMPLC has never paid any debt for Taishan.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on April __16__, 2015

_____
YANJUN YANG

美国路易斯安那州东区联邦地区法院

| | |
|---|---|
| 关于：中国制造石膏板产品责任诉讼 | 案件编号：MDL NO. 2047<br>第L部分<br>FALLON法官<br>WILKINSON治安法官 |
| 该文件涉及：所有案件 | |

中华人民共和国
北京市

**杨艳军声明**

本声明系根据《美国法典》第 28 编第 1746 节作出。

本人，杨艳军，根据美利坚合众国法律项下的伪证处罚规定作出声明，以下陈述真实、正确：

1. 我已年满十八（18）周岁，有能力证明本声明所述事项，且本人知晓本声明中所列明的事实。我的母语为中文。我不能理解英语，也无法使用英语进行交谈、阅读或书写。我签署了本声明的中文版本以及经 Dentons U.S. LLP 律师事务所的翻译人员为我进行翻译后的英文版本。

2. 我现任北新集团建材股份有限公司（"北新建材"）副总经理及首席财务官。我自 2005 年 9 月起在北新建材担任该等职务。我负责北新建材的财务和审计事宜，包括审阅北新建材的财务报表。

3. 我向北新建材的总经理报告工作。

4. 北新建材的财务部经理及北新建材的审计部经理直接向我报告工作。

5. 北新建材独立成立，并拥有其自身的章程以及独立的董事会和监事会。

1

6. 目前，我在北新建材集团有限公司（"北新集团"）中不任职。

7. 自 2006 年 4 月起，我担任泰山石膏股份有限公司（"泰山石膏"）的董事。

8. 北新建材在 2005 年通过认购泰山石膏发行的新股取得泰山石膏 42%的股份。北新建材在 2006 年通过购买泰山市东联投资贸易有限公司（泰山石膏的股东之一）的 100%股权又间接取得了泰山石膏额外 23%的股份。目前，北新建材合计直接和间接拥有泰山石膏 65%的股份。

9. 自北新建材取得其在泰山石膏的权益后，泰山石膏注册资本已全部到位，并就其运营拥有充足资金。

10. 北新建材从未为泰山石膏的日常运营提供过不用偿还的资金。

11. 北新建材与泰山石膏从未拥有共同的银行账户。

12. 自我担任现职务以来，北新建材与泰山石膏之间从不存在共用的会计账套。

13. 北新建材未向泰山石膏进行过未经记录的资金转移，并且泰山石膏也未向北新建材进行过未经记录的资金转移。

14. 自我担任现职务以来，北新建材从没有权力从泰山石膏的银行账户中取款，并且北新建材也未如此做过。

15. 自我担任现职务以来，泰山石膏从没有权力从北新建材的银行账户中取款，并且泰山石膏也未如此做过。

16. 除中国法律法规及相关会计准则要求外，北新建材与泰山石膏各自独立准备财务报表，并各自单独报税。

17. 北新建材与泰山石膏的财务报表由独立于北新建材、泰山石膏之外的第三方会计师事务所分别进行审计。

2

18. 北新建材未替泰山石膏偿还过任何债务。

本人根据美利坚合众国法律项下的伪证处罚规定作出声明，上述内容真实、正确。

于 2015 年 4 月 __16__ 日签署

_____
杨艳军

3