Confidential - Subject to Further Confidentiality Review

Page 161

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

IN RE: CHINESE-MANUFACTURED    MDL NO. 2047
DRYWALL PRODUCTS LIABILITY
LITIGATION                     SECTION: L
THIS DOCUMENT APPLIES TO       JUDGE FALLON
ALL CASES

                                        MAG. JUDGE WILKINSON

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

CONFIDENTIAL - SUBJECT TO FURTHER

CONFIDENTIALITY REVIEW

Friday, September 18, 2015

— — —

Videotaped Deposition of TONGCHUN JIA, VOLUME 2, held at Orrick, Herrington & Sutcliffe, LLP, 15 Queen's Road Central, 43rd Floor, Hong Kong, commencing at 9:11 a.m., on the above date, before Micheal A. Johnson, Certified Court Reporter (#29025), Registered Merit Reporter and Certified Realtime Reporter.

— — —

GOLKOW TECHNOLOGIES, INC.

877.370.3377 ph | 917.591.5672 fax

deps@golkow.com

**EXHIBIT 71**

Confidential - Subject to Further Confidentiality Review

Page 162

```
 1   A P P E A R A N C E S:
 2   COUNSEL FOR THE PLAINTIFF CLASS:
 3         LEVIN FISHBEIN SEDRAN & BERMAN
           BY:   SANDRA L. DUGGAN, ESQUIRE
 4               sduggan@lfsblaw.com.
                 ARNOLD LEVIN, ESQUIRE
 5               alevin@lfsblaw.com
           510 Walnut Street, Suite 500
 6         Philadelphia, Pennsylvania 19106
           (215) 592-1500
 7
 8         IRPINO LAW FIRM
           BY:   ANTHONY D. IRPINO, ESQUIRE
 9               airpino@irpinolaw.com
                 PEARL A. ROBERTSON, ESQUIRE
10               probertson@irpinolaw.com
           2216 Magazine Street
11         New Orleans, Louisiana 70130
           (504) 525-1500
12
13         HERMAN HERMAN & KATZ LLC
           BY:   RUSS M. HERMAN, ESQUIRE
14               rherman@hhklawfirm.com
           820 O'Keefe Avenue
15         New Orleans, Louisiana 70113
           (504) 581-4892
16
17   COUNSEL FOR TAISHAN GYPSUM COMPANY:
18         ALSTON & BIRD LLP
           BY:   BERNARD TAYLOR, SR., ESQUIRE
19               bernard.taylor@alston.com
                 CHRISTINA HULL EIKHOFF, ESQUIRE
20               christy.eikhoff@alston.com
           1201 West Peachtree Street
21         Atlanta, Georgia 30309-3424
           (404) 881-4496
22
23
24
25
```

Confidential - Subject to Further Confidentiality Review

Page 163

```
 1   A P P E A R A N C E S:
 2   COUNSEL FOR TAISHAN GYPSUM COMPANY:
 3         ALSTON & BIRD LLP
           BY:  HELEN SU, ESQUIRE
 4         1950 University Avenue, Fifth Floor
           East Palo Alto, California 94303-2282
 5         (650) 838-2032
 6
     COUNSEL FOR BNBM DEFENDANTS:
 7
           DENTONS US LLP
 8         BY:  C. MICHAEL MOORE, ESQUIRE
                mike.moore@dentons.com
 9         2000 McKinney Avenue, Suite 1900
           Dallas, Texas 75201-1858
10         (214) 259-0902
11
           DENTONS LLP
12         BY:  TODD LIAO, ESQUIRE
                todd.liao@dentons.com
13         5th Floor The Center 989 Changle Road
           Shanghai, China 200031
14         +86 21 2315 6028
15
     COUNSEL FOR CNBM DEFENDANTS:
16
           ORRICK HERRINGTON & SUTCLIFFE LLP
17         BY:  JASON M. WU, ESQUIRE
                jmwu@orrick.com
18         405 Howard Street
           San Francisco, California 94105-2669
19         (415) 773-5986
20
21
22
23
24
25
```

Confidential - Subject to Further Confidentiality Review

Page 164

```
 1   A P P E A R A N C E S:
 2   COUNSEL FOR THE STATE OF LOUISIANA:
 3       PERKINS COIE LLP
         BY:  DAVID L. BLACK, ESQUIRE
 4            dblack@perkinscoie.com
         1900 Sixteenth Street, Suite 1400
 5       Denver, Colorado 80202-5255
         (303) 291-2309
 6
 7       OFFICE OF THE ATTORNEY GENERAL STATE OF
         LOUISIANA
 8       BY:  L. Christopher Styron
              styron@ag.state.la.us
 9       1885 North Third Street
         Baton Rouge Louisiana 70802
10       (225) 326-6079
11
12   ALSO PRESENT:
13       TONI XU
14       SANDRA HERMAN
15       REGINA VALENTI
16       MELISSA BARDWELL, VIDEOGRAPHER
17       SUNNY WANG, MANDARIN INTERPRETER
18                   — — —
19
20
21
22
23
24
25
```

Confidential - Subject to Further Confidentiality Review

Page 169

1 PROCEEDINGS
2 THE VIDEOGRAPHER: This begins disk 1 of
3 Volume 2 of the deposition of Jia Tongchun. The
4 date today is September 18th, 2015. Time now is
5 approximately 9:11 a.m. and we are back on the
6 record.
7 MR. TAYLOR: Arnie, as --
8 MR. LEVIN: Okay. First you.
9 MR. TAYLOR: As I indicated earlier,
10 there are a couple of issues that Chairman Jia
11 would like to explain and correct or add to the
12 testimony he gave regarding when he -- Mr. Peng
13 told him not to say anything to anyone about
14 where he was working and another relative who
15 told him about where Mr. Peng was working.
16 MR. LEVIN: Well, we'll apply the
17 wait-and-see doctrine.
18 MR. TAYLOR: Do you want him to do it
19 now just so you don't --
20 TONGCHUN JIA
21 having been previously sworn,
22 testified as follows:
23 EXAMINATION
24 BY MR. LEVIN:
25 Q Sir, good morning. I remind you that you

Confidential - Subject to Further Confidentiality Review

Page 170

1  are still under oath.  I understand from your counsel
2  that upon reflection you want to make some additional
3  statements on the record in these proceedings; am I
4  correct?
5      A    Yes.
6      Q    And these statements are being made after
7  you discussed them with your counsel, am I correct,
8  last night?
9      A    No.
10     Q    Is it your testimony that you have not told
11  your counsel about the -- these statements that you
12  intend to make on the record this morning?
13     A    I told my counsel this morning that my
14  statement made yesterday might not be clear.
15  Therefore, I would like to further express my
16  statement to make the record complete.
17     Q    Please do.
18     A    Yesterday my testimony said that when
19  Mr. Peng Wenlong left his employment he told me not to
20  tell others where he worked at.  When I said when he
21  left his employment, it was not quite accurate.  The
22  accurate time would be when Mr. Peng Wenlong had
23  refused to be the legal consultant of this litigation
24  in around March of this year.  Which is to say that
25  Mr. Peng Wenlong in March at the time he no longer was

Confidential - Subject to Further Confidentiality Review

Page 188

1  "inform" is improper.
2  BY MR. LEVIN:
3      Q    You would prefer for me to use the word
4  "tell" instead of the word "inform"; is that correct?
5      A    Correct.
6      Q    Then I will use the word "tell."
7      A    Yeah.
8      Q    Did you tell the board of directors at CNBM
9  Group at any point in time that you intended to not
10 appear at the judgment debtors hearing, discharge your
11 American attorneys and absent yourself, that is, TG,
12 from this litigation?
13           MR. TAYLOR:  Objection to form.
14           MR. WU:  Objection, form.
15     A    No.
16 BY MR. LEVIN:
17     Q    Did you discuss this subject matter with
18 Mr. Peng at any time?
19           MR. TAYLOR:  Objection to form.
20     A    I did discuss.
21 BY MR. LEVIN:
22     Q    And did you discuss with Mr. Peng the
23 reasons why you decided not to appear at the judgment
24 debtors examination in the Eastern District of
25 Louisiana?

Confidential - Subject to Further Confidentiality Review

Page 189

```
 1     A     Like I said, it was not my personal decision
 2   but rather the decision of the board of directors to
 3   withdraw from this litigation.
 4     Q     Did you tell Mr. Peng the decision of the
 5   board of directors to withdraw from the litigation?
 6     A     I told him that.
 7     Q     Now, did there come a time when you appeared
 8   at the CNBM Group board and your decision not to
 9   appear at the judgment debtor examination was
10   discussed?
11     A     I did attend a CNBM Group's board of
12   directors' temporary meeting and in the meeting I only
13   reported on the development of the US litigation.  I
14   did not report on whether or not we would withdraw
15   from the litigation.
16     Q     Had you ever appeared at a CNBM Group board
17   of directors' meeting before?
18              MR. WU:  Objection, form.
19              MR. TAYLOR:  Going back to the first --
20         the question before this one, we have a
21         translation objection.  There's a little delay
22         in that getting to me and I think we just agree
23         that we will raise those later and preserve
24         them.
25              MR. LEVIN:  Okay.  There's a question
```

Confidential - Subject to Further Confidentiality Review

Page 300

1                REPORTER'S CERTIFICATE

2

3          This transcript is valid only for a transcript
4   accompanied by my original signature and original
5   required seal on this page.
6          I, Micheal A. Johnson, Certified Court Reporter
7   (LA Certificate #29025) in and for the State of
8   Louisiana, as the officer before whom this testimony
9   was taken, do hereby certify that JIA TONGCHUN, after
10  having been duly sworn by me upon authority of
11  R.S. 37:2554, did testify as herein before set forth
12  in the foregoing 143 pages; that this testimony was
13  reported by me in the stenotype reporting method, was
14  prepared and transcribed by me or under my personal
15  direction and supervision, and is a true and correct
16  transcript to the best of my ability and
17  understanding; that the transcript has been prepared
18  in compliance with transcript format guidelines
19  required by statute or by rules of the board, and that
20  I am informed about the complete arrangement,
21  financial or otherwise, with the person or entity
22  making arrangements for deposition services; that I
23  have acted in compliance with the prohibition on
24  contractual relationships, as defined by Louisiana
25  Code of Civil Procedure Article 1434

Confidential - Subject to Further Confidentiality Review

Page 301

1  and in rules and advisory opinions of the board;
2  that I have no actual knowledge of any prohibited
3  employment or contractual relationship, direct or
4  indirect, between a court reporting firm and any party
5  litigant in this matter nor is there any such
6  relationship between myself and a party litigant in
7  this matter.  I am not related to counsel or to the
8  parties herein, nor am I otherwise interested in the
9  outcome of this matter.
10
11           Signed this ___ day of _____, 2015.
12
13
14
15                  _____
16                  MICHEAL A. JOHNSON, RMR, CRR
17                  Certified Court Reporter
18                  LA Certified Court Reporter #29025
19
20
21
22
23
24
25