# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: CHINESE-MANUFACTURED DRYWALL PRODUCTS LIABILITY LITIGATION | MDL NO. 2047 |
| | SECTION L |
| THIS DOCUMENT RELATES TO: Payton et al v. Knauf Gips KG et al Case No. 09-7628 | JUDGE FALLON |
| | MAG. JUDGE WILKINSON |

### PLAINTIFF FERNANDO CERNA'S MOTION TO COMPEL SETTLEMENT ADMINISTRATOR TO DISBURSE GBI FUNDS

Now comes Plaintiff, Fernando Cerna, by and through the undersigned Counsel and files this Motion to Compel Settlement Administrator to Disburse GBI Funds to Plaintiff Fernando Cerna and states that:

1. Plaintiff Cerna is an affected property owner and member of the class as defined by the Third Amended Settlement Agreement (D.E. 16407-3). Section 1.1.2.1.

2. Plaintiff, after discovering the existence of reactive Chinese drywall, sought remediation benefits from Knauf. Plaintiff qualified for those benefits, but due to delays was unable to maintain ownership of the home long enough and the home was sold to mitigate damages.[1]

3. Plaintiff filed a claim for "sales in mitigation" damages pursuant to Section 4.7.1.3. On February 14, 2105 the Settlement Administrator determined that Plaintiff Cerna was eligible and issued a favorable eligibility determination for the "sales in mitigation" claims.

4. Plaintiff Cerna also filed a GBI claim. On May 13, 2014, the Settlement

---

[1] In fact, the affected property was sold on May 16, 2011 and the work authorizations for remediation were not forwarded to counsel until April 17, 2012.

Administrator determined that Plaintiff was eligible and issued a favorable eligibility determination for the GBI claim totaling $4,401.54.

5.  However, Knauf has now astonishingly asserted a claim for these same GBI dollars and the Settlement Administrator is holding the funds until this matter is resolved by the Court. Knauf claims that they are entitled to the GBI dollars based upon language in the Settlement Agreement addressing assignment of GBI for remediation dollars. However, Knauf did NOT remediate the property for the homeowner so any such assignment language is inapplicable. This is nothing more than a "cash grab" by Knauf to detriment yet again of the homeowners.

For the reasons set forth above and in Plaintiff's Memorandum in Support of this Motion, the undersigned respectfully requests this Court for an Order directing the Settlement Administrator to pay the GBI payment to Fernando Cerna in the amount of $4,401.54. Additionally, because Plaintiff's counsel had to file a motion to compel before the Court to enforce the settlement and to obtain that which the Plaintiff is entitled, Counsel asserts an entitlement to attorney's fees and costs from Knauf.

Dated this 30th day of October, 2015.

Respectfully submitted,

*s/* Michael J. Ryan
KRUPNICK CAMPBELL MALONE
BUSER SLAMA HANCOCK LIBERMAN P.A.
12 S.E. 7 Street, Suite 801
Ft. Lauderdale, FL 33301
Phone: (954) 763-8181
FAX (954) 763-8292
pleadings-MJR@krupnicklaw.com
Fla. Bar No. 975990

2

## CERTIFICATE OF SERVICE

I hereby certify that the above and foregoing Motion to Compel has been provided to Plaintiffs' Liaison Counsel, Russ Herman, and Defendants' Liaison Counsel, Kerry Miller, by e-mail and upon all parties by electronically uploading the same to File & Serve Xpress f/k/a LexisNexis File & Serve in accordance with Pretrial Order No. 6, and that the foregoing was filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2047 on this 30th day of October, 2015.

s/ Michael J. Ryan
KRUPNICK CAMPBELL MALONE
BUSER SLAMA HANCOCK LIBERMAN P.A.
12 S.E. 7 Street, Suite 801
Ft. Lauderdale, FL  33301
Phone: (954) 763-8181
FAX (954) 763-8292
pleadings-MJR@krupnicklaw.com
Fla. Bar No. 975990