IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: CHINESE-MANUFACTURED DRYWALL PRODUCTS LIABILITY LITIGATION | MDL NO. 2047 |
| | SECTION L |
| THIS DOCUMENT RELATES TO: Payton et al v. Knauf Gips KG et al Case No. 09-7628 | JUDGE FALLON |
| | MAG. JUDGE WILKINSON |

PLAINTIFF FERNANDO CERNA'S MEMORAMDUM IN SUPPORT OF MOTION TO COMPEL SETTLEMENT ADMINISTRATOR TO DISBURSE GBI FUNDS

Now comes Plaintiff, Fernando Cerna, by and through the undersigned Counsel and files this Memorandum in Support of Motion to Compel Settlement Administrator to Disburse GBI Funds to Plaintiff Fernando Cerna and would state that:

1. Plaintiff Cerna is an affected property owner and member of the class as defined by the Third Amended Settlement Agreement (D.E. 16407-3). Section 1.1.2.1.

2. Plaintiff, after discovering the existence of reactive Chinese drywall, sought remediation benefits from Knauf. Plaintiff qualified for those benefits, but due to delays was unable to maintain ownership of the home long enough and the home was sold to mitigate damages.[1]

3. The affected property was originally purchased for $275,000. However, when sold in 2011, the home was sold for $70,000.00 due to the existence of reactive Chinese Drywall. The property was public identified as a "Chinese Drywall Property" by the Broward County Property Appraiser in 2009. See Exhibit A. In fact, as a result of that designation, a public

---

[1] In fact, the affected property was sold on May 16, 2011 and the work authorizations for remediation were not forwarded to counsel until April 17, 2012.

disclosure was available that the value of the property for purposes of property taxes was reduced significantly.

4. The sale of the home by Plaintiff was to the new homeowner who owned another CDW property two doors down from this property and had full disclosure of the existence of reactive Chinese drywall in this neighborhood.

5. Plaintiff filed a claim for "sales in mitigation" damages pursuant to Section 4.7.1.3. On February 14, 2105 the Settlement Administrator determined that Plaintiff Cerna was eligible and issued a favorable eligibility determination for the "sales in mitigation" claims. See Exhibit B.

6. Plaintiff Cerna also filed a GBI claim. On May 13, 2014, the Settlement Administrator determined that Plaintiff was eligible and issued a favorable eligibility determination for the GBI claim totaling $4,401.54. See Exhibit C.

7. However, Knauf has now asserted a claim for these same GBI dollars and the Settlement Administrator is holding the funds until this matter is resolved by the Court. Knauf claims that they are entitled to the GBI dollars based upon language in the Settlement Agreement addressing assignment of GBI for remediation dollars. However, as outlined above, Knauf did NOT remediate the property for the homeowner.[2]

8. Taken to the logical extreme, Knauf is asserting entitlement to all GBI payments where a home was sold in mitigation or foreclosed if there was ANY Knauf board in the home. Such a position is inconsistent with the terms and intent of the settlement agreement. To

---

[2] From a review of government websites, it does not appear the Knauf remediated this home for the subsequent purchaser, who would be specifically excluded from the class member definition under 1.1.21. Had Knauf decided to remediate the property for a subsequent purchaser, that decision would have been a voluntary act outside the settlement agreement.

2

conclude otherwise would allow Knauf to MAKE money – where they did not fix a home but would receive the GBI payment.

9. Knauf is no victim in this matter – these homeowners are the victims. Based upon information and belief, there have been many claims paid where a home was sold in mitigation or foreclosed upon and where the homeowner, not Knauf, rightly received the GBI payment. This situation is presented because the home was on Knauf's "radar" at some point for potential remediation. In the waning days of this settlement, Knauf is now trying to profit at the expense of the homeowners. There is no justifiable logic to treating these homeowners disparately to the hundreds who have rightly received payment.

10. Further, if Knauf succeeds in arguing they are entitled to GBI funds in this circumstance, where they did not even remediate the home for the homeowner, what stops Knauf from seeking "clawback" of those dollars paid to homeowners already.

11. Understandably, not wanting to face the predicament of disbursing funds where there is an entitlement dispute, the Settlement Administrator has indicated they will hold the monies until this matter is resolved.

For the reasons set forth above, the undersigned respectfully requests this Court for an Order directing the Settlement Administrator to pay the GBI payment to Fernando Cerna in the amount of $4,401.54. Additionally, because Plaintiff's counsel had to file a motion before the Court to enforce the settlement and to obtain that which the Plaintiff is entitled, Counsel asserts an entitlement to attorney's fees and costs from Knauf.

Dated this 30th day of October, 2015.

Respectfully submitted,

*s/* Michael J. Ryan
KRUPNICK CAMPBELL MALONE

3

BUSER SLAMA HANCOCK LIBERMAN P.A.
12 S.E. 7 Street, Suite 801
Ft. Lauderdale, FL 33301
Phone: (954) 763-8181
FAX (954) 763-8292
pleadings-MJR@krupnicklaw.com
Fla. Bar No. 975990

CERTIFICATE OF SERVICE

I hereby certify that the above and foregoing Memorandum in Support of Motion to Compel Settlement Administrator to Disburse GBI Funds has been provided to Plaintiffs' Liaison Counsel, Russ Herman, and Defendants' Liaison Counsel, Kerry Miller, by e-mail and upon all parties by electronically uploading the same to File & Serve Xpress f/k/a LexisNexis File & Serve in accordance with Pretrial Order No. 6, and that the foregoing was filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2047 on this 30th day of October, 2015.

s/ Michael J. Ryan
KRUPNICK CAMPBELL MALONE
BUSER SLAMA HANCOCK LIBERMAN P.A.
12 S.E. 7 Street, Suite 801
Ft. Lauderdale, FL 33301
Phone: (954) 763-8181
FAX (954) 763-8292
pleadings-MJR@krupnicklaw.com
Fla. Bar No. 975990