UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: CHINESE-MANUFACTURED DRYWALL PRODUCTS LIABILITY LITIGATION | * * * * * * * | MDL NO. 2047 SECTION: L JUDGE FALLON |
| THIS DOCUMENT RELATES TO: ALL CASES | * * * | MAG. JUDGE WILKINSON |

******************************************

## MEMORANDUM IN SUPPORT OF OMNIBUS
## MOTION FOR PROTECTIVE ORDER AND MOTION TO TAX COSTS

**May It Please the Court:**

Non-Party Morgan Stanley submits this Memorandum in Support of its Omnibus Motion for Protective Order and Motion to Tax Costs incurred to respond to the subpoena issued to it by the Plaintiffs' Steering Committee ("PSC") in this case. Morgan Stanley asks that this Court issue a protective order limiting the scope of its 30(b)(6) deposition to the four transactions between it and CNBM as identified in the PSC's notice of deposition and subpoena *duces tecum*. The PSC have been unwilling to confirm the topics of the deposition thus far. As a non-party to this litigation, Morgan Stanley has already expended significant time and resources in complying with the PSC's requests for documents and seeks to ensure that the scope of the deposition is confirmed before a witness travels from Hong Kong to sit for deposition.

### FACTUAL BACKGROUND

Non-Party Morgan Stanley comes again before this Court seeking assistance regarding the Second Amended Notice of Expedited Oral and Videotaped Deposition Pursuant to the Court's Directive During the March 17, 2015 Special Hearing and Minute Entry and Order [Rec. Doc.

18493] and accompanying subpoena *duces tecum* issued to it on May 18, 2015 by the PSC. Rec. Doc. 18952.

As this Court is aware, the PSC has issued three subpoenae *duces tecum* and notices of deposition to Morgan Stanley since the beginning of 2015 seeking various documents purportedly related to the litigation against Taishan, CNBM, and BMBN.[1] The first two subpoenae, the April 2015 Subpoena and the May 1, 2015 Subpoena, sought various financial information regarding eighty-three (83) Chinese entities and was generally, but not entirely, limited in time to the period after the Court's July 17, 2014 Contempt Order. At a status conference with the Court on May 7, 2015, the Court instructed the PSC to "work together [with Morgan Stanley] to narrow the scope of the request before seeking Court intervention" as well as to identify specific transactions involving Morgan Stanley for which the PSC wanted Morgan Stanley to produce documents. Rec. Doc. 18925.

Morgan Stanley met and conferred with the PSC on May 15, 2015, at which time it was presented a new list of documents requests.[2] This list would form the basis of the third subpoena (the "May 18, 2015 Subpoena" or the "Subpoena," which is the subject of this Motion).[3] During the meet and confer, Morgan Stanley reiterated its request that the PSC identify specific transactions in which it was interested. To that end, the PSC provided a list of documents that it stated would serve as a "road map" for Morgan Stanley and identify the specific transactions for

---

[1] The three subpoenae are: (1) Notice of Expedited Oral and Videotaped Deposition Pursuant to the Court's Directive During the March 17, 2015 Special Hearing and Minute Entry and Order [Rec. Doc. 18767] dated April 28, 2015 (the "April 2015 Subpoena"); (2) Amended Notice of Expedited Oral and Videotaped Deposition Pursuant to the Court's Directive During the March 17, 2015 Special Hearing and Minute Entry and Order [Rec. Doc. 18802] dated May 1, 2015 (the "May 1, 2015 Subpoena"); and (3) Second Amended Notice of Expedited Oral and Videotaped Deposition Pursuant to the Court's Directive During the March 17, 2015 Special Hearing and Minute Entry and Order [Rec. Doc. 18952] dated May 18, 2015 (the "May 18, 2015 Subpoena").
[2] *See* Ex A, May 15, 2015 Memorandum re: Meet and Confer – Documents and Deposition Topics for Morgan Stanley.
[3] *See* Ex B, May 18, 2015 Subpoena.

which information was being sought. The PSC represented further that if Morgan Stanley produced documents in response to the subpoena, no deposition would be required.

Morgan Stanley then set to work on responding to the May 18, 2015 Subpoena, which was served on May 21, 2015. A week later, on May 28, 2015, the PSC filed a motion to compel the information sought in the May 18, 2015 Subpoena, which Morgan Stanley opposed on May 29, 2015. Rec. Docs. 19004, 19020. On June 4, 2015, pursuant to Federal Rules of Civil Procedure 45(d)(2)(B), Morgan Stanley filed its written objections to the May 18, 2015 Subpoena *duces tecum* and notice of deposition. Rec. Doc. 19073. This Court held a hearing on the PSC's motion to compel on June 29, 2015. During that hearing, Morgan Stanley represented that it would be providing responsive documents to the PSC's subpoena *duces tecum* and such documents would be produced on a rolling basis.[4] Morgan Stanley gathered the responsive documentation and has now made four productions of documents in response to the May 18, 2015 Subpoena, on a rolling basis to the PSC, which total 54,172 pages of information. Morgan Stanley has also submitted 422 pages of documents to the Court for *in camera* inspection of Morgan Stanley's claim that the documents are subject to the attorney-client privilege and/or work product protection. In making these four productions, Morgan Stanley has incurred almost $15,000 in costs and additional costs are anticipated. Morgan Stanley has also incurred costs associated with translating the Chinese-language documents in the amount of at least $4,440.

### INFORMATION REQUESTED BY THE PSC AND PROVIDED BY MORGAN STANLEY

The May 18, 2015 Subpoena listed the Documents to be Produced as: "all documents and communications relevant to the documents requested in the Meet and Confer – Documents and Deposition Topics for Morgan Stanley memorandum dated May 15, 2015. A copy of the

---

[4] *See* Ex. C, June 29, 2015 Transcript.

memorandum is attached hereto as Exhibit 'B.'"[5] Exhibit B to the May 18, 2015 Subpoena broadly states:

> All financial transactions by and among any Defendant and/or Defendants' Affiliates or Subsidiaries with the bank and/or the bank's subsidiaries or affiliates in the United States or in China.
>
> All United States executives, directors, management employees involved in any of the above financial transactions who are citizens of the United States and their full contact information.[6]

The Subpoena then listed specific documents and page numbers concerning the specific transactions and information that the PSC stated it was seeking to discuss from Morgan Stanley. The PSC represented at the Meet and Confer that, despite the broad categories listed above, the Subpoena was limited to the transactions in the listed documents.

These documents, the "road map" documents as the PSC has characterized them, are:

| DOCUMENT | BATES NUMBERS |
|---|---|
| (1) BNBM PLC 2014 ANNUAL REPORT | BNBMPLC0003170, 3185, 3209 |
| (2) CNBM March 13, 2006 Global Offering (entire report) | ALRMH-CNBM00000001-643, specifically pgs. CNBM00000001, 21, 25, 30, 63, 64, 67, 282, 290, 294, 297, 301, 323, 398, 401, 402, 638. |
| (3) CNBM 2007 Annual Report | ALRMH-CNBM00000790, 849 |
| (4) CNBM 2008 Annual Report | ALRMH-CNBM00001183, 1315 |
| (5) CNBM 2009 Annual Report | ALRMH-CNBM00001570, 1592 |
| (6) CNBM 2010 Annual Report | |
| (7) CNBM 2014 Interim Report | CNBMCO00000080-169 |
| (8) CNBM 2014 Annual Report | ALRMH-CNBM00003747, 3755, 3798 |
| (9) CNBM Co. 8/22/14 Voluntary Announcement re: Resignation and Proposed Appointment of Directors and Supervisors | CNBMCO00000073 |
| (10) CNBM 9/1/14 Letter from the Board re: Proposed Appointment of Directors and Supervisors and Notice of Extraordinary Board Meeting | CNBMCO00000184 |
| (11) http://financeasia.com/print.aspx?CIID=25926 | |

---

[5] *See* Ex. B, May 18, 2015 Subpoena.
[6] *See id.*

| |
|---|
| (12) http://www.atimes.com/atimes/China_Business/HC17Cb01.html |
| (13) www.cnbm.com.cn |
| (14) www.thestandard.com/kh/news_detail.asp?pp_cat=2&art_id=50978&sid=14871947&con_type=1 |
| (15) http://morganstanleychina.com/press/others/091217.html |
| (16) http://www.etnet.com.hk/www/sc/stocks/realtime/quote_ca_sdi.php?code=3323&page=1 |

Of the sixteen documents referenced in this list, only four transactions are referenced: the Initial Public Offering of CNBM, for which Morgan Stanley acted as the Sole Global Coordinator, Bookrunner, Sponsor and Lead Manager, and three subsequent Placing Agreements dated August 9, 2007, February 5, 2009 and September 14, 2010.[7][8]

## DEPOSITION OF MORGAN STANLEY

The PSC's notice of deposition is limited to two topics:

1. Your knowledge regarding all documents produced in response to the above document request; and

2. Your knowledge regarding the subject matter and topics identified in the Meet and Confer – Documents and Deposition Topics for Morgan Stanley memorandum dated May 15, 2015. A copy of the memorandum is attached hereto as Exhibit "B."

On September 8, 2015, the PSC asked Morgan Stanley when they could "expect to receive the identity of a witness or witnesses to provide testimony regarding the *transactions with CNBM identified in Exhibit B of the Supboena*?"[9] On September 18, 2015, counsel for Morgan Stanley wrote to the PSC identifying Mr. Terence Keyes as the "witness on the transactions with CNBM

---

[7] Item 1 is the BNBM PLC 2014 Annual Report. There is a reference within this document to Morgan Stanley Huaxin Securities, whose documents are outside of Morgan Stanley's possession, custody, or control.
[8] Morgan Stanley adopts and incorporates its previously filed objections the Subpoena, Rec. Doc. 19073.
[9] *See* Ex. E, Sept. 8, 2015 email from B. Steckler to J. Force (emphasis added). The PSC previously represented to counsel for Morgan Stanley, at the May 15, 2015 meet and confer, that if Morgan Stanley provided responsive documents, no deposition would be required. *See* Rec. Doc. 19020. When the PSC began asking about a deposition date, counsel for Morgan Stanley reminded the PSC of its representation that it was not going to seek a deposition. The PSC flatly denied is previous representation. The PSC took a different position before this Court, stating that the "PSC *did* entertain the prospect of avoiding a deposition if Morgan Stanley made a good faith production of responsive documents," but such an argument was improper at that juncture because no documents had been produced. Rec. Doc. 19029-2 at p. 4, fn. 3 (emphasis added).

identified in Exhibit B to the Subpoena," and indicating that the deposition would take place either in New York or New Orleans.[10]  When asking for possible deposition dates, the PSC repeatedly acknowledged that it was seeking the deposition of a representative to address the topics in Exhibit B of the Subpoena.[11]  The topics in Exhibit B only reference the four transactions outlined above.

On October 7, 2015, counsel for Morgan Stanley confirmed that Mr. Terence Keyes would be Morgan Stanley's 30(b)(6) witness, and that he would travel from Hong Kong to New York to be available for deposition on November 13, 2015.  Morgan Stanley then confirmed the deposition topics under the May 18, 2015 Subpoena, for which Mr. Keyes was being provided:

> When we met with the PSC on May 15, 2015, ***the PSC limited its requests to the transactions involving Morgan Stanley identified in the chart of documents listed in the memorandum provided at the meeting and later attached as Exhibit B to the Subpoena***.  Morgan Stanley has produced a number of documents in response to the Subpoena.  Morgan Stanley has addressed the Subpoena further in its Non-Party Morgan Stanley's Objections to Rec. Doc. 18952 Second Amended Notice of Expedited Oral and Videotaped Deposition Pursuant to the Court's Directive During the March 17, 2015 Special Hearing and Minute Entry and Order [Rec. Doc. 18943], filed on June 4, 2015.
>
> Morgan Stanley will present a witness for deposition in response to the Subpoena who will be prepared to testify, as requested by Plaintiffs at the meet and confer, regarding the transactions involving Morgan Stanley identified in Exhibit B to the Subpoena, namely:
>
> 1. 2006 Global Offering;
> 2. 2007 Placing Agreement;
> 3. 2009 Placing Agreement; and
> 4. 2010 Placing Agreement.
>
> The witness will also be prepared to answer questions, if any, concerning Morgan Stanley's documents produced in response to the Subpoena.  ***Please confirm your agreement to the above scope of topics for the 30(b)(6) witness*** who will be made available by Morgan Stanley.[12]

---

[10] *See* Ex. F, Sept. 18, 2015 email from J. Force to B. Steckler.
[11] *See* Ex. G, July 28, 2015 – Oct. 7, 2015 email string between J. Force, A. Coker, and B. Steckler.
[12] *See* Ex. K, Aug. 31, 2015 email from J. Force (emphasis added).

The PSC responded on October 8, 2015 only to clarify that the deposition was being offered on November 13, 2015, but did not confirm the scope of the deposition.[13]  On October 19, 2015, counsel for Morgan Stanley asked for confirmation that the PSC would depose Mr. Keyes on November 13, 2015, which the PSC confirmed.[14]  Again, counsel for Morgan Stanley asked that the PSC "*[p]lease confirm the scope of the topics for the 30(b)(6) witness who will be made available by Morgan Stanley* as set forth in our October 7, 2015 e-mail."[15]  To date, the PSC has neither confirmed the scope of the deposition via email, nor has it issued a notice of deposition reflecting the date and time of the deposition and the topics of deposition.  Accordingly, Morgan Stanley files this Motion for Protective Order asking this Court to limit the scope of the 30(b)(6) deposition to the topics identified in Morgan Stanley's October 7, 2015 email as well as restricting the PSC to only one deposition of Morgan Stanley.

Morgan Stanley also files a Motion to Tax Costs to recover the costs of the databases used to assemble and produce the documents and make them available to the PSC and translate the documents from Chinese to English, as well as the cost of Mr. Keyes's travel from Hong Kong to New York and hotel accommodations while in New York for the deposition.

## MOTION FOR PROTECTIVE ORDER

This Court should grant a protective order limiting the scope of the 30(b)(6) deposition of Morgan Stanley.  Federal Rule of Civil Procedure 30(b)(6) states that when a notice or deposition is directed to an organization, the party seeking the deposition "must describe with reasonable particularity the matters for examination."  Fed. R. Civ. P. 30(b)(6); *Scioneaux v. Elevating Boats, LLC*, 2010 WL 436617 (E.D. La. Oct. 20, 2010).  "For good cause," this Court may "issue an order

---

[13] *See* Ex. H, Oct. 8, 2015 email string between B. Steckler and J. Force.
[14] *See* Ex. I, Oct. 19, 2015 email string between B. Steckler and J. Force.
[15] *See id.* (emphasis added).

7

to protect a party from annoyance, embarrassment, oppression, or undue burden or expense, including: forbidding inquiry into certain matters or limiting the scope of disclosure or discovery to certain matters." Fed. R. Civ. P. 26(c)(1)(D).

As outlined above, the May 18, 2015 Subpoena includes two broad categories that the PSC represented were limited to the transactions referenced in the documents listed on Exhibit B. Morgan Stanley reviewed these documents listed by the PSC and identified four transactions: (1) the 2006 Global Offering; (2) the 2007 Placing Agreement; (3) the 2009 Placing Agreement, and (4) the 2010 Placing Agreement. Morgan Stanley has asked the PSC to confirm that the scope of the deposition will be limited to these four topics as previously acknowledged by the PSC, but the PSC has refused to do so. Under Rule 30(b)(6), Morgan Stanley is entitled to know "with reasonable particularity the matters for examination," especially given the fact its witness is flying from Hong Kong to New York City.

Morgan Stanley should not have to produce Mr. Keyes for deposition with the uncertainty that the PSC may attempt to identify other topics under the threat of a second deposition.[16] Morgan Stanley is not a party to this litigation and has already committed significant time and resources to respond to the PSC's Subpoena. Morgan Stanley asks that this Court issue a protective order limiting the scope of the 30(b)(6) deposition to these four topics set out in its October 7, 2015 email and order that Morgan Stanley is subject to only one deposition in this matter.

---

[16] Further, Morgan Stanley has now identified a 30(b)(6) witness that is prepared to fly to New York from Hong Kong in connection with this deposition. Morgan Stanley will incur additional expenses for the witness' flight and lodging in connection with the deposition.

**MOTION TO TAX COSTS**

The subject matter of PSC's subpoena focuses on deals with a Chinese entity that were transacted in Hong Kong and pertain to the Hong Kong Stock Exchange and, as such, the most knowledgeable witness to testify at a deposition is someone that is in Hong Kong. In addition, Morgan Stanley, a non-party to this litigation, has produced over 50,000 pages of documents to the PSC in response to the Subpoenae. Morgan Stanley has incurred significant costs associated with responding to this Subpoena and producing a witness with no reimbursement from the PSC. The PSC previously represented in pleadings with this Court, that it would reimburse non-parties for their reasonable costs pursuant to Rule 45(d)(3) of the Federal Rules of Civil Procedure, stating "to the extent that any burden is undue, despite the PSC's best efforts to minimize such burdens, the PSC is ready to reimburse such parties their reasonable costs, subject to this Court's oversight pursuant to Fed.R.Civ.P.45(d)(3)." Rec. Doc. 18476 at p. 22. Yet, when Morgan Stanley requested that the PSC reimburse its hard costs in responding to the Subpoena, the PSC responded that such a request was a "nice touch," but they had not been ordered to pay any costs.[17]

Pursuant to Federal Rule of Civil Procedure 45 and 28 U.S.C. § 1821, Morgan Stanley, as a nonparty to this litigation, is entitled to recover from the PSC its actual expenses in responding both to the Subpoena to produce documents and the Subpoena to testify at a deposition. Federal courts have recognized that non-party witnesses are "powerless to control the scope of litigation and discovery, and should not be forced to subsidize an unreasonable share of the costs of a litigation to which they are not a party."[18] Accordingly, Morgan Stanley requests this Court order the PSC for Morgan Stanley's costs incurred in responding to the Subpoena to produce documents.

---

[17] *See* Ex. J, Sept. 3, 2015 email from B. Steckler.
[18] *United States v. McGraw-Hill Co., Inc.*, 302 F.R.D. 532 (C.D. Cal 2014) (citing *United States v. CBS, Inc.*, 666 F.2d 364, 371 (9th Cir. 1982)).

9

Morgan Stanley also requests that this Court require the PSC to pay the travel, lodging, and related expenses Morgan Stanley will incur in producing its corporate representative for deposition.

### A. Morgan Stanley is entitled to its fees and expenses in complying with the PSC's subpoena pursuant to 28 U.S.C. § 1821.

The PSC is required to pay Morgan Stanley's travel expenses, lodging, and a witness fee for Morgan Stanley's compliance with the corporate deposition subpoena issued to it by the PSC. Federal law, 28 U.S.C. § 1821, requires that a witness in attendance "before any person authorized to take his deposition pursuant to any rule or order of a court of the United States" shall be paid (1) a witness fee of $40 per day for each day's attendance, which includes the time it takes for the witness to go to and from the deposition and the time of the actual deposition; (2) actual expenses of travel; and (3) toll charges, taxicab fares, parking fees and other related expenses, among others.[19] Moreover, the witness must be paid a "subsistence allowance" when an overnight stay is required of a witness because the place of the deposition is so far removed from the residence of the witness it prohibits him from going to and from his residence day to day, which includes travelling across state lines and necessarily must extend to international travel. These costs shall be taxable as costs pursuant to 28 U.S.C. § 1920.[20]

### B. Morgan Stanley is entitled to its fees and expenses in complying with the PSC's Subpoena *duces tecum* and Subpoena to testify pursuant to Federal Rule of Civil Procedure 45(d)(1).

Federal Rule of Civil Procedure 45(d)(1) requires that a "party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena." Federal courts have held that when a court orders

---

[19] 28 U.S.C. §1821(a)(1),(b), (c)(1), (c)(3), (d)(1).
[20] 28 U.S.C. §1821(c)(4); *In re Little's Motor Co., Inc.*, 53 B.R. 635 (N.D.Ala. 1985).

10

a non-party to comply with a subpoena, the court must shift any significant expenses resulting from the compliance with a subpoena from the nonparty to the requesting party.[21]

To protect non-parties from the "potentially harmful effects of complying with a subpoena," Federal Rule of Civil Procedure 45(d)(3)(C) allows the court to ensure that the subpoenaed person will be "reasonably compensated."[22]  A recent decision of the United States District Court for the Western District of Louisiana found that a non-party who complied with a subpoena to produce documents should be paid a reasonable hourly charge and the actual copy costs for copying the documents.[23]  There, the court allowed the serving party to use the Louisiana Medical Records Statute as a guide for how much the subpoenaed party should be paid.  That statute compensates providers who produce copies of medical records with a copying charge not to exceed one dollar per page for the first twenty-five pages, fifty cents per page for twenty-six to three hundred and fifty pages, and twenty-five cents per page thereafter, a handling charge not to exceed twenty-five dollars, and actual postage.[24]  The Western District of Louisiana has also allowed a $3.00 per page copy charge for color copies, plus a $10.00 handling charge and actual postage costs.[25]

With regard to the PSC's Subpoena for a corporate representative of Morgan Stanley to appear at a deposition, it should likewise be required to pay the fees and allowances of that appearance pursuant to Federal Rule of Civil Procedure 45.  "Non-parties summoned by subpoena to testify by deposition (*i.e.* by a *subpoena ad testificandum*) should be paid fees and allowances."[26]  Specifically, courts have held that Rule 45 and 28 U.S.C. § 1821 should be read together to require

---

[21] *United States v. McGraw-Hill Cos., Inc.*, 302 F.R.D. 532 (C.D. Cal 2014).
[22] *See Gotreaux v. Apache Corp.*, Slip Copy, 2015 WL 3910245 (W.D.La. June 25, 2015).
[23] *Id.*, p. 4.
[24] *Id.* (citing LA. REV. STAT. 40:1299.96).
[25] *See Broussard v. Lemons*, 186 F.R.D. 396, 398 (W.D. La. 1999).
[26] *Simuro v. Shedd*, 2014 WL 5776149 (D. Vt. Nov. 6, 2014) (citing Fed. R. Civ. 45(b)(1); 28 U.S.C. §1821).

an attendance fee and mileage when a non-party is subpoenaed to testify at a deposition.[27] In fact, the PSC has previously acknowledged its obligation to pay such expenses and offered to do so, stating "to the extent that any burden is undue, despite the PSC's best efforts to minimize such burdens, the PSC is ready to reimburse such parties their reasonable costs, subject to this Court's oversight pursuant to Fed. R. Civ. P. 45(d)(3)." Rec. Doc. 18476 at p. 22.

Morgan Stanley has incurred almost $20,000 in hard costs associated with producing the documents in this case and anticipates incurring additional costs.[28] Morgan Stanley will also incur significant travel and lodging expenses, $10,494.37, to bring Mr. Keyes over from Hong Kong to be deposed.[29] Although Mr. Keyes is flying business class for the deposition, Morgan Stanley is seeking only the costs for a coach flight, $1,839, plus two nights of lodging at $830 from the PSC.[30] Therefore, Morgan Stanley asks this this Court order the PSC to reimburse: (1) $20,000 for the databases utilized to review, produce and translate the responsive documents, (2) $1,839 for airfare, and (3) $830 for hotel accommodations.

## CONCLUSION

Morgan Stanley asks that this Court grant its Motion for Protective Order and limit the deposition of Mr. Keyes to the four topics that on which Morgan Stanley has produced documents in response to the May 18, 2015. Morgan Stanley's 30(b)(6) deposition is currently set on November 13, 2015 in New York. Morgan Stanley asks that this Court set a status conference or hearing date on or before November 6, 2015 so that the scope of the deposition may be established before Mr. Keyes flies to the United States. Morgan Stanley also asks that this Court grant its

---

[27] *See, e.g., In re Food Supplement Co. Inc.*, 33 BR. 188, 189 (S.D. Fla. 1983); *Brown v. Hendler*, 2011 WL 321139 (S.D.N.Y. Jan. 31, 2011).
[28] Morgan Stanley is still gathering collecting the invoices from its vendors and will provide the information to the Court upon receipt.
[29] *See* Ex. L, Keyes' Itinerary.
[30] *See* Ex. M, Orbitz flight options from Hong Kong to New York on November 11, 2015 – November 14, 2015. The $1,839 fare is the mid-priced fare for a non-stop flight.

Motion for Costs and order the PSC to reimburse the costs for the databases to produce and translate the documents responsive to the May 18, 2015 Subpoena as well as to pay Mr. Keyes' travel and lodging associated with this deposition.

                                                        Respectfully Submitted,

                                                        /s/ *James M. Garner* _____
                                                        JAMES M. GARNER, LA BAR #19589
                                                        JOSHUA S. FORCE, LA BAR #21975
                                                        ASHLEY G. COKER, LA BAR #30446
                                                        **SHER GARNER CAHILL RICHTER**
                                                        **KLEIN & HILBERT, L.L.C.**
                                                        909 Poydras Street, Twenty-eighth Floor
                                                        New Orleans, Louisiana 70112
                                                        Phone: (504) 299-2100
                                                        Facsimile: (504) 299-2300
                                                        **COUNSEL FOR MORGAN STANLEY**

## CERTIFICATE OF SERVICE

       I hereby certify that the above and foregoing Opposition to Motion to Compel Against Morgan Stanley has been served on counsel for the Plaintiffs' Steering Committee, Leonard A. Davis, and Defendants' Liaison Counsel, Kerry Miller, by e-mail <u>and</u> on all parties by electronically filing via CM/ECF, which will send a notice of electronic filing in accordance with the procedures established in MDL 2047, on this 2nd day of November 2015.

                                                         /s/ *James M. Garner*
                                                        JAMES M. GARNER

## CERTIFICATION

Pursuant to Rule 26(c)(1) of the Federal Rule of Civil Procedure, the undersigned hereby certifies that, prior to filing this Motion for Protective Order, he has, in good faith, conferred with counsel for the PSC and attempted to obtain agreement on the scope of the topics of the 30(b)(6) deposition of Morgan Stanley that is the subject of this motion. Despite counsel's efforts, no agreement has been reached.

/s/ *Joshua S. Force* _____

JOSHUA S. FORCE