From: Russ Herman
Date: Friday, May 15, 2015
Re: Meet and Confer – Documents and Deposition Topics for Morgan Stanley

   All financial transactions by and among any Defendant and/or Defendants' Affiliates or Subsidiaries with the bank and/or the bank's subsidiaries or affiliates in the United States or in China.

   All United States executives, directors, management employees involved in any of the above financial transactions who are citizens of the United States and their full contact information.

   See the following specific documents for reference.

| ENTITY | DOCUMENT | PAGE | BATES NUMBER |
|--------|----------|------|--------------|
| CNBM | March 13, 2006 Global Offering | 1 | ALRMH-CNBM00000001 |
| CNBM Group | CNBM 2014 Interim Report | 1-88 (entire report) | CNBMCO00000080-00000169 |
| CNBM. | CNBM 2014 Annual Report | 84 92 135 | ALRMH-CNBM00003747; 00003755; 3798 |
| CNBM. | March 13, 2006 Global Offering | | ALRMH-CNBM00000001-00000643 |
| BNBM | BNBM PLC 2014 Annual Report | 7 | BNBMPLC0003170 |
| BNBM | BNBM PLC 2014 Annual Report | 22 | BNBMPLC0003185 |
| BNBM | BNBM PLC 2014 Annual Report | 46 | BNBMPLC0003209 |
| CNBM | CNBM 2014 Annual Report | 92 | ALRMH-CNBM00003755 |
| CNBM | CNBM 2010 Annual Report | 73 | ALRMH-CNBM00002000 |
| CNBM | CNBM 2009 Annual Report | 77 | ALRMH-CNBM00001592 |
| CNBM | CNBM 2009 Annual Report | 55 | ALRMH-CNBM00001570 |
| CNBM | CNBM 2008 Annual Report | 64 | ALRMH-CNBM00001183 |
| CNBM | CNBM 2008 Annual Report | 196 | ALRMH-CNBM00001315 |
| CNBM | CNBM 2007 Annual Report | 7 | ALRMH-CNBM00000790 |



| CNBM | CNBM 2007 Annual Report | 66 | ALRMH-CNBM00000841 |
|------|------|------|------|
| CNBM | CNBM 2006 Global Offering | 21 | ALRMH-CNBM00000025 |
| CNBM | CNBM 2006 Global Offering | 25 | ALRMH-CNBM00000029 |
| CNBM | CNBM 2006 Global Offering | 30 | ALRMH-CNBM00000034 |
| CNBM | CNBM 2006 Global Offering | 63 | ALRMH-CNBM00000067 |
| CNBM | CNBM 2006 Global Offering | 64 | ALRMH-CNBM00000068 |
| CNBM | CNBM 2006 Global Offering | 67 | ALRMH-CNBM00000071 |
| CNBM | CNBM 2006 Global Offering | 282 | ALRMH-CNBM00000286 |
| CNBM | CNBM 2006 Global Offering | 290 | ALRMH-CNBM00000294 |
| CNBM | CNBM 2006 Global Offering | 297 | ALRMH-CNBM00000301 |
| CNBM | CNBM 2006 Global Offering | I-1 | ALRMH-CNBM00000323 |
| CNBM | CNBM 2006 Global Offering | II-3 | ALRMH-CNBM00000398 |
| CNBM | CNBM 2006 Global Offering | III-1 | ALRMH-CNBM00000401 |
| CNBM | CNBM 2006 Global Offering | III-3 | ALRMH-CNBM00000402 |
| CNBM | CNBM 2006 Global Offering | VIII - 58 | ALRMH-CNBM00000638 |
| CNBM | CNBM Voluntary Announcement re: Resignation and Proposed Appointment of Directors and Supervisors | 10 | CNBMCO00000073 |
| CNBM | CNBM 9/1/14 Letter from the Board re: Proposed Appointment of Directors and Supervisors and Notice of Extraordinary Board Meeting | 7 | CNBMCO00000184 |
| CNBM | http://www.financeasia.com/print.aspx?CIID=35926 | | |
| CNBM | http://www.atimes.com/atimes/China_Business/HC17Cb01.html | | |
| CNBM | www.cnbm.com.cn | | |
| CNBM | www.thestandard.com.hk/news_detail.asp?pp_cat=2&art_id=50978&sid=14871947&con_type=1 | | |
| CNBM | http://www.morganstanleychina.com/press/others/091217.html | | |
| | http://www.etnet.com.hk/www/sc/stocks/realtime/quote_ca_sdi.php?code=3323&page=1 | | |

## IN THE UNITED STATES DISTRICT COURT
### EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| =============================== | x | =============================== |
| | x | |
| IN RE: CHINESE-MANUFACTURED | x | MDL NO. 2047 |
| DRYWALL PRODUCTS LIABILITY | x | |
| LITIGATION | x | SECTION: L |
| | x | |
| THIS DOCUMENT APPLIES TO ALL | x | JUDGE FALLON |
| CASES | x | MAG. JUDGE WILKINSON |
| | x | |
| =============================== | x | =============================== |

### SECOND AMENDED NOTICE OF EXPEDITED ORAL AND VIDEOTAPED DEPOSITION PURSUANT TO THE COURT'S DIRECTIVE DURING THE MARCH 17, 2015 SPECIAL HEARING AND MINUTE ENTRY AND ORDER [REC.DOC. 18493]

TO:   Morgan Stanley
      Through its Registered Agent
      The Corporation Trust Company
      1209 Orange Street
      Wilmington, New Castle County, Delaware  19801

**PLEASE TAKE NOTICE** that pursuant to Rules 26 and 30(b)(6) of the Federal Rules of Civil Procedure, and the Court's Minute Entry and Order dated March 17, 2015 [Rec. Doc. No. 18493] (attached hereto as Exhibit "1") authorizing expedited discovery of Taishan and BNBM/CNBM regarding (i) the injunction prong of the Court's July 17, 2014 Order holding Taishan in contempt of court, criminally and civilly [Rec. Doc. No. 17869], and (ii) whether there exist alter ego relationships between and among these entities, plaintiffs, by and through their undersigned attorneys, the Plaintiffs' Steering Committee in the MDL, will take the deposition of **Morgan Stanley,** at a date and location to be mutually agreed upon by the parties.  The instant notice of oral and

1



videotaped deposition is in addition to the previously noticed deposition and is in no way intended to supplant the prior noticed deposition, which has been stayed. Pursuant to Fed. R. Civ. P. 30(b)(6), **Morgan Stanley** shall designate and produce a designated representative or representatives, as may be required, to testify on behalf of **Morgan Stanley** concerning the topics identified in Schedule "A" attached hereto. Further, the deponent is requested to produce the documents identified in the attached Schedule "A" to which deposition questions will be asked. Also attached hereto as Exhibit "A" is a subpoena with respect to the instant discovery requests and deposition.

**If you are an attorney of record, please email cdw@golkow.com 48 hours prior to the deposition should you desire to participate by stream to view video/text so you may receive a username and password.**

Primary Examiners:      A Member of the PSC, or its designee
Videotaped Deposition: Yes
Call-In Number:         **888-337-8218**
                        **Participant Code: 769758**

The deposition will be taken before a person authorized by law to administer oaths, pursuant to Fed. R. Civ. P. 28, and will continue from day-to-day, upon an expedited basis, until the examination is completed.

Pursuant to directives provided at the status conference on May 27, 2010, a brief explanation of the subject matter expected at this deposition is as follows: The deposition will be conducted in furtherance of discovery related to the topics identified at the hearings before the Honorable Eldon E. Fallon on March 17, 2015 and April 17, 2015 and in the Court's Minute Entry and Order dated March 17, 2015. This brief explanation is with full reservation of all rights by the noticing party and is not intended to limit in

any way the scope of the deposition noticed herein.  Counsel should be aware that all

matters may be discovered in the deposition and that the above explanation is made

solely in accordance with the directives provided at the status conference.  This is an

MDL "common" fact witness deposition.

Respectfully submitted,

/s/ Russ M. Herman
**Russ M. Herman** (Bar No. 6819)
Leonard A. Davis (Bar No. 14190)
Stephen J. Herman (Bar No. 23129)
***HERMAN, HERMAN & KATZ, LLC***
820 O'Keefe Avenue
New Orleans, LA  70113
PH:  (504) 581-4892
FAX:  (504) 561-6024
ldavis@hhkc.com
***Plaintiffs' Liaison Counsel***
***MDL 2047***

Arnold Levin
Fred S. Longer
Sandra L. Duggan
Matthew C. Gaughan
Levin, Fishbein, Sedran & Berman
510 Walnut Street, Suite 500
Philadelphia, PA 19106
PH:  (215) 592-1500
FAX:  (215) 592-4663
Alevin@lfsblaw.com
***Plaintiffs' Lead Counsel***
***MDL 2047***

3

## PLAINTIFFS' STEERING COMMITTEE

Dawn M. Barrios
Barrios, Kingsdorf & Casteix, LLP
701 Poydras Street, Suite 3650
New Orleans, LA 70139
Phone: (504) 524-3300
Fax: (504) 524-3313
Barrios@bkc-law.com

Daniel E. Becnel, Jr.
Becnel Law Firm, LLC
425 W. Airline Highway, Suite B
Laplace, LA 70068
Phone: (985) 536-1186
Fax: (985) 536-6445
dbecnel@becnellaw.com

Peter Prieto
Podhurst Orseck, P.A.
25 Flagler Street, 8th Floor
Miami, FL 33130
Phone: (305) 358-2800
Fax: (305) 358-2382
pprieto@podhurst.com

Bruce William Steckler
Steckler, LLP
12720 Hillcrest Road, Ste 1045
Dallas, TX 75230
Phone: (972) 387-4040
Fax: (972) 387-404
mailto:bsteckler@baronbudd.com
bruce@stecklerlaw.com

Ervin A. Gonzalez
Colson, Hicks, Eidson
255 Alhambra Circle, Penthouse
Cora Gables, FL 33134
Phone: (305) 476-7400
Fax: (305) 476-7444
ervin@colson.com

Jerrold Seth Parker
Parker Waichman, LLP
27300 Riverview Center Blvd.
Suite 103
Bonita Springs, FL 34134
Phone: (239) 390-1000
Fax: (239) 390-0055
Jerry@yourlawyer.com

Scott Wm. Weinstein
Morgan & Morgan
12800 University Drive, Suite 600
Ft. Meyers, FL 33907
Phone: (239) 433-6880
Fax: (239) 433-6836
sweinstein@forthepeople.com

James Robert Reeves
Reeves & Mestayer, PLLC
160 Main Street
Biloxi, MS 39530
Phone: (228) 374-5151
Fax: (228) 374-6630
jrr@attorneys4people.com

Christopher Seeger
Seeger Weiss, LLP
77 Water Street
New York, NY 10005
Phone: (212) 584-0700
Fax: (212) 584-0799
cseeger@seegerweiss.com

Daniel K. Bryson
Whitfield, Bryson & Mason, LLP
900 W. Morgan Street
Raleigh, NC 27603
Phone: (919) 600-5000
Fax: (919) 600-5002
dan@wbmllp.com

4

Ben W. Gordon, Jr.
Levin, Papantonio, Thomas, Mitchell
 Echsner & Proctor, P.A.
316 S. Baylen Street, Suite 600
Pensacola, FL 32502
Phone: (850) 435-7000
Fax: (850) 435-7020
bgordon@levinlaw.com

Richard J. Serpe, Esquire
Law Offices of Richard J. Serpe
Crown Center, Ste. 310
580 East Main Street
Norfolk, VA 23510-2322
Phone: (757) 233-0009
Fax: (757) 233-0455
rserpe@serpefirm.com

Hugh P. Lambert
The Lambert Firm
701 Magazine Street
New Orleans, LA 70130
Phone: (504) 581-1750
Fax: (504) 529-2931
hlambert@thelambertfirm.com

Victor M. Diaz, Jr., Esquire
V.M. Diaz and Partners, LLC
119 Washington Ave, Suite 402
Miami Beach, FL 33139
Phone: (305) 704-3200
Fax: (305) 538-4928
victor@diazpartners.com

Gerald E. Meunier
Gainsburgh, Benjamin, David, Meunier
 & Warshauer, LLC
2800 Energy Centre, 1100 Poydras Street
New Orleans, LA 70163-2800
Phone: (504) 522-2304
Fax: (504) 528-9973
gmeunier@gainsben.com

### OF COUNSEL TO PLAINTIFFS' STEERING COMMITTEE

Richard S. Lewis
HAUSFELD LLP
1700 K Street, N.W Suite  650
Washington, DC 20006
Phone: (202) 540-7200
Fax:  (202) 540-7201
rlewis@hausfeldllp.com

Anthony D. Irpino
IRPINO LAW FIRM
2216 Magazine Street
New Orleans, LA 70130
Phone: (504) 525-1500
Fax: (504) 525-1501
airpino@irpinolaw.com

Andrew A. Lemmon
Lemmon Law Firm, LLC
P.O. Box 904
15058 River Road
Hahnville, LA 70057
Phone: (985) 783-6789
Fax: (985) 783-1333
andrew@lemmonlawfirm.com

## CERTIFICATE OF SERVICE

I hereby certify that the above and foregoing Second Amended Notice of Expedited Oral and Videotaped Deposition Pursuant to the Court's Directive During the March 17, 2015 Special Hearing and Minute Entry and Order [Rec.Doc. 18493] has been served on Defendants' Liaison Counsel, Kerry Miller, by U.S. Mail and e-mail or by hand delivery and e-mail and upon all parties by electronically uploading the same to LexisNexis File & Serve in accordance with Pre-Trial Order No. 6, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2047, on this 16th day of May, 2015.

　　　　　　　　　　　　　　_/s/ Leonard A. Davis_____
　　　　　　　　　　　　　　Leonard A. Davis
　　　　　　　　　　　　　　Herman, Herman & Katz, LLC
　　　　　　　　　　　　　　820 O'Keefe Ave.
　　　　　　　　　　　　　　New Orleans, LA  70113
　　　　　　　　　　　　　　PH:  (504) 581-4892
　　　　　　　　　　　　　　Fax:  (504) 561-6024
　　　　　　　　　　　　　　ldavis@hhklawfirm.com

# SCHEDULE A

## DEFINITIONS & INSTRUCTIONS

1.      Whenever used in this Request, the following terms shall have the following meanings:

      (a)    "Communication" means the transmittal of information (in the form of facts, ideas, inquiries, or otherwise).

      (b)    "Computer" means all devices utilizing microchips to facilitate processing, analysis, or storage of data, including microcomputers (also known as personal computers), laptop computers, portable computers, notebook computers, palmtop computers (also known as personal digital assistants or PDA's), minicomputers and mainframe computers.

      (c)    "Concerning" means relating to, referring to, describing, evidencing, embodying, or constituting.

      (d)    "Document" is defined to be synonymous in meaning and equal in scope to the usage of this term in Federal Rule of Civil Procedure 34(a), including, without limitation, electronic or computerized data compilations. Documents shall include all drafts, including drafts with "track changes," and shall be deemed to be separate documents within the meaning of this term.

      (e)    "Electronically stored information" or "ESI" means the original (or identical duplicate when the original is not available), and any non-identical copies (whether non-identical because of notes made on copies or attached comments,

annotations, marks, transmission notations, or highlighting of any kind) of writings and data compilations in any form, and of every kind and description whether inscribed by mechanical, facsimile, electronic, magnetic, digital, or other means.  ESI includes, by way of example only, computer programs (whether private, commercial, or work-in-progress), programming notes or instructions, activity listings of electronic mail receipts and transmittals, output resulting from the use of any software program, including word processing documents, spreadsheets, database files, charts, graphs and outlines, electronic mail displaying full e-mail alias's (not merely "display names), electronic calendars, I'm logs, PBX logs, document management system data, operating systems, all metadata, source code of all types, peripheral drivers, PIF files, batch files, ASCII files, and any and all miscellaneous files and file fragments, regardless of the media on which they reside and regardless of whether said ESI consists in an active file, deleted file or file fragment. Electronically stored information includes any and all items stored on computer memories, hard disks, floppy disks, CD-ROMs, removable media such as Zip disks, Jaz cartridges, Bernoulli Boxes and their equivalent, magnetic tapes of all types, microfiche, punched cards, punched tape, computer chips, including,  EPROM, PROM, RAM and ROM, on or in any other vehicle for digital data storage and transmittal.  The term ESI also includes the file, folder tabs and containers and labels appended to, or associated with, any physical storage device associated with each original and copy.

     (f)    "Electronic media" means any magnetic or other storage media device used to record electronically stored information.  Electronic media devices may include computer memories, hard disks, floppy disks, CD-ROM, removable media such as Bernoulli Boxes and their equivalent, magnetic tapes of all types, microfiche, punched

cards, punched tape, computer chips, including, EPROM, PROM, RAM and ROM, or on or in any other vehicle for digital data storage and transmittal.

(g)    "Identify" with respect to persons, means to give, to the extent known, the person's full name, present or last known address, and when referring to a natural person, additionally, the present or last known place of employment. Once a person has been identified in accordance with this subparagraph, only the name of that person need be listed in response to subsequent discovery requesting the identification of that person.

(h)    "Identify" with respect to documents, means to give, to extent known, the (i) type of document; (ii) general subject matter; (iii) date of the document; and (iv) author(s), addressee(s) and recipient(s).

(i)    "Including" or "includes" means including, without limitation.

(j)    "You," or "your" means each of the individual named entities to whom this set of discovery is directed, and any of its domestic or international predecessors in interest, successors in interest, subsidiaries, divisions, subdivisions, affiliates, officers, directors, employees, representatives, independent contractors, consultants, or agents, whether present or former, including but not limited to their attorneys and accountants.

(k)    "Taishan" means Taishan Gypsum Co., Ltd. f/k/a Shandong Taihe Dongxin Co., Ltd.

(l)    "Chinese drywall" relates to drywall, plasterboard, or wallboard manufactured in China.

(m)   "Person" means any natural person or any business, legal, or governmental entity or association.

(n)   "Taishan Affiliates and Subsidiaries" shall include the below listed entities and any of their parents, related entities, subsidiaries, agents and assigns:

(a)   State-owned Assets Supervision and Administration Commission of the State Counsel ("SASAC");

(b)   China National Building Materials Group Co., Ltd. ("CNBM Group");

(c)   China Cinda Asset Management Co., Ltd. ("Cinda");

(d)   China Building Materials Academy;

(e)   Beijing New Building Material Group Co., Ltd. ("BNBM Group");

(f)   China National Building Material Import and Export Company ("CNBM Trading");

(g)   CNBM Forest Products, Ltd.;

(h)   CNBM Forest Products (Canada), Ltd.;

(i)   China National Building Material Co., Ltd. ("CNBM");

(j)   China United Cement Corporation (f/k/a China United Cement Group Corporation, Ltd.) (f/k/a China United Cement Co., Ltd.) ("China United");

(k)   China United Cement Huaihai Co., Ltd. (f/k/a China United Julong Huaihai Cement Co., Ltd.);

(l)   Qingzhou China United Cement Company Limited (f/k/a China United Qingzhou Luhong Cement Co., Ltd.);

(m) China United Cement Zaozhuang Company, Limited (f/k/a
Zaozhuang China United Luhong Cement Co., Ltd.);

(n) China Composites Group Corp., Ltd. ("China Composites");

(o) Lianyungang Zhongfu Lianzhong Composite Material Group Co.,
Ltd. ("Zhongfu Lianzhong");

(p) Shanghai Yaohua Pilkington Glass Co., Ltd.;

(q) Changzhou China Composites Liberty Co., Ltd. ("Zhongfu
Liberty");

(r) Changzhou China Composites Tianma Fiberglass Products Co.,
Ltd. ("Zhongxin Tianma");

(s) Changzhou Liberty TOLI Building Material Co., Ltd. ("Liberty
TOLI");

(t) China Fiberglass Co., Ltd. ("China Fiberglass");

(u) Jushi Group Co., Ltd. ("Jushi Group");

(v) China Triumph International Engineering Co., Ltd. ("CTIEC");

(w) Nanjing Triumph International Engineering Company Limited
(f/k/a China Triumph International Engineering Company Limited)
(f/k/a China Triumph Nanjing Cement Technological Engineering
Co., Ltd.);

(x) CTIEC Shenzhen Scieno-tech Engineering Co., Ltd.;

(y) China Triumph Bengbu Engineering and Technology Co., Ltd.
("Bengbu Triumph");

(z) CNBM Investment Company Limited (f/k/a BND Co., Ltd.);

(aa)   Beijing New Building Material Public Limited Company ("BNBM")

(bb)   Beijing New Building Materials Homes Co., Ltd.

(cc)   BNBM Suzhou Mineral Fiber Ceiling Company, Limited (f/k/a "Suzhou Tianfeng New Building Material Co., Ltd.")

(dd)   Taishan Gypsum Co., Ltd. (f/k/a Shandong Taihe Dongxin Co., Ltd.) ("Taishan");

(ee)   Qinhuangdao Taishan Building Materials Co., Ltd. (a/k/a Qinhuang Dao Taishan Building Materials Co., Ltd.);

(ff)   Tai'an Taishan Plasterboard Co., Ltd. ("TTP");

(gg)   China United Luhong Cement Co., Ltd.;

(hh)   China United Nanyang Co.;

(ii)   Xingtai China United Ziyan Co., Ltd.;

(jj)   China National Building Materials and Equipment Import and Export Corporation ("China Equipment");

(kk)   Shenzhen B&Q Decoration & Building Materials Co., Ltd. ("Shenzhen B&Q");

(ll)   Beijing Incubator New Material Company Limited;

(mm)   Ningbo Beijing New Construction Materials Company Limited;

(nn)   Shenzhen Beijing New Real Estate Company Limited

(oo)   United Suntech Craft,Inc. a/k/a United Suntech Craft,Inc., 2006 LIMITED;

(pp)    Jiangjin Taishan Gypsum Construction Material Company
Limited;

(qq)    Hengshui Taishan Gypsum Construction Material Company
Limited;

(rr)     Dongguan BNBM Housing Design and Engineering
Company Limited;

(ss)     Beijing Jieruixin Door & Window Company Limited;

(tt)     Chengdu Beijing New Construction Materials Company
Limited;

(uu)     Taicang Beijing New Construction Materials Company
Limited;

(vv)     Taian Donglian Investment Trading Company Limited;

(ww)    Fuxin Taishan Gypsum Construction Material Company
Limited;

(xx)     Zhejiang Wenzhou Taishan Gypsum Construction Material
Company Limited;

(yy)     Hebei Taishan Huaao Construction Material Company
Limited;

(zz)     CNBM Energy Co., Ltd. ("CNBM Energy");

(aaa)    CNBM Forest Products New Zeland Limited ("Forest
Products NZ");

(bbb)    CNBM Forest Products Trading, Ltd.;

(ccc)    CNBM International Corporation;

(ddd)     CNBM International Engineering Co. Ltd;

(eee)     CNBM Technology Co., Ltd.;

(fff)     CNBM International Equipment, Co.;

(ggg)     CNBM USA, Corp.;

(hhh)     CTIEC-TECO;

(iii)     CNBM – CMAX;

(jjj)     CNBM- Parts;

(kkk)     CNBM Solar;

(lll)     BNBM of America, Inc.;

(mmm)     BNBMG Metal; and

(nnn)     INTECH Building Co., Ltd.;

(ooo)     China Investment Corporation;

(ppp)     China Investment Corporation International Co., Ltd.;

(qqq)     Beijing Wonderful Investment, Ltd.;

(rrr)     Chengdong Investment Corporation;

(sss)     Country Forest Ltd.;

(ttt)     Full Blossom Investment Corporation;

(uuu)     Country Hill, Ltd.;

(vvv)     Bridge Hill Investment;

(www)     Harvest Investment Corporation;

(xxx)     Stable Investment Corporation;

(yyy)     Land Breeze S.A.R. I;

(zzz)     Land Breeze II;

    (aaaa)    Fengmao Investment Corporation;

    (bbbb)    Terrific Investment Corporation;

    (cccc)    Flourish Investment Corporation;

    (dddd)    Leader Investment Corporation; and

    (eeee)    Guangli Investment Corporation.

2.    The following rules of construction apply to all discovery requests:

    (a)    The terms "all" and "each" shall be construed as all and each;

    (b)    The connectives "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside of its scope;

    (c)    The use of the singular form of any word includes the plural and vice versa; and

    (d)    Requests that are stated in the present tense include the past tense and those in the past tense include the present tense.

3.    Unless otherwise specifically stated, this Request encompasses documents, which were created, received, or generated or otherwise entered into your possession, custody, or control between January 1, 2006 and the current date (the "Relevant Time Period").

4.    Any document falling within the scope of this Request that is withheld on the basis of a claim of privilege, work product, or any other ground is to be identified in a privilege log, produced in an electronic format that allows text searching and organization of data. You shall produce a privilege log within 5 days after the production of documents for which privilege is asserted to apply. For each document for which You

assert a privilege applies, you must provide in the privilege log: (a) a statement of the ground alleged for withholding such document; (b) the date of the document; (c) the location of any attachments associated with the document and whether the asserted privilege also applies to such attachments; (d) the identity of its author and signatories; (e) the type of document (*e.g.*, letter); (f) a summary of its content; (g) its present location and custodian; and (h) a listing of all persons to whom the contents of such documents have been disclosed and all persons who have or have had possession, custody, or control of the documents (or any portions thereof), pursuant to Federal Rule of Civil Procedure 45(d)(2). Notwithstanding the assertion of an objection, any purportedly privileged document containing non-privileged matter must be disclosed with the purportedly privileged portion redacted, with the redacted portion indicated on the document itself and listed on the privilege log to be provided pursuant to this paragraph.

To assist in the prompt resolution of disputed claims of privilege, You shall submit to the Court under seal, unredacted copies of all documents for which it asserts a privilege.

5.      If you are unable to comply fully with any of the specific requests, you shall comply to the extent possible and provide an explanation as to why full compliance is not possible. In the event that any documents called for by this Request were formerly in your possession, custody or control, or have been lost or destroyed, those documents are to be identified in writing as follows:  persons who prepared or authorized the documents indicated or blind copies; dates of preparation or transmittal; subject matter; number of pages, attachments or appendices; all persons to whom distributed, shown or explained; date or dates of loss or destruction; and if destroyed, the manner of

destruction, reason for destruction, persons authorizing destruction and persons destroying the documents.

6.   This Request is directed to all documents within your possession, custody or control, or within the possession of any of your agents, or within the possession of any entity associated with you, or within the possession, custody, or control of such entity's directors, officers, agents, servants, employees, consultants, and professionals.

7.   Documents are to be produced in full and in their unexpurgated form. Redacted documents shall not constitute compliance with this Request, unless such documents are redacted pursuant to any claim of privilege as set forth in paragraph 4 above.

8.   Documents shall be produced in their original language (*e.g.*, Mandarin) and, if the original documents are in any language other than English, you shall include translations of such documents into English.

9.   This Request is intended to be consistent with the Federal Rules of Civil Procedure 26 and 34.

10.   All hard copy documents and electronically stored information (ESI) produced in response to this Request shall be organized and labeled either to correspond with the number of the specific request to which the documents are responsive or shall be produced in the order, format, and manner in which they are kept in the usual course of business. With respect to the production of electronically stored information, all ESI that is demanded is to be produced in its native usable format, as maintained on the computer storage systems, regardless of whether such ESI exists (and/or may have been copied and/or otherwise converted) in more than one electronic format. Plaintiffs have filed an

emergency motion before the Honorable Eldon E. Fallon in the United States District Court for the Eastern District of Louisiana requesting that you be ordered to provide full and complete responses, including the document requests within ten (10) days of your receipt of the instant discovery.

## DOCUMENTS TO BE PRODUCED

1.     All documents and communications relevant to the documents requested in the Meet and Confer – Documents and Deposition Topics for Morgan Stanley memorandum dated May 15, 2015.  A copy of the memorandum is attached hereto as Exhibit "B".

## DEPOSITION TOPICS

Pursuant to Rule 30(b)(6), you shall designate and produce for deposition one or more of your officers, directors, managing agents, or other persons who consent to testify on your behalf concerning the following subject matters:

1.      Your knowledge regarding all documents produced in response to the above document requests.

2.      Your knowledge regarding the subject matter and topics identified in the Meet and Confer – Documents and Deposition Topics for Morgan Stanley memorandum dated May 15, 2015.  A copy of the memorandum is attached hereto as Exhibit "B".

# EXHIBIT "1"

E-SERVICE
56940008
Mar 18 2015
03:28PM
File & ServeXpress

MINUTE ENTRY
FALLON, J.
MARCH 18, 2015

## UNITED STATES DISTRICT COURT
### EASTERN DISTRICT OF LOUISIANA

IN RE: CHINESE MANUFACTURED DRYWALL
PRODUCTS LIABILITY LITIGATION

MDL NO. 2047

SECTION "L"

**THIS DOCUMENT RELATES TO: ALL CASES**

### MINUTE ENTRY AND ORDERS

On this date, the Court heard oral arguments regarding the Plaintiffs' Steering
Committee's motion to preclude Taishan and its affiliates from participating in class damages
proceedings unless and until Taishan purges itself of contempt. (Rec. Doc. 18367). Russ Herman
and Arnold Levin participated on behalf of the Plaintiffs' Steering Committee. Bernard Taylor,
Alan Weinberger, Michael Kenny, and Christina Eikhoff participated on behalf of Taishan
Gypsum Co., Ltd. ("TG") and Tai-an Taishan Plasterboard Co. Ltd. ("TTP"), (TG and TTP
collectively, "Taishan"). James Stengel participated on behalf of China National Building
Materials Group Corporation and China National Building Materials Company Limited
(collectively, "CNBM"). Michael Barr, Michael Moore, Richard Fenton, and Harry Rosenberg
participated on behalf of Beijing New Building Materials Public Limited Company and Beijing
New Building Material (Group) Company Limited (collectively, "BNBM"). The hearing was
transcribed by Ms. Toni Tusa, Official Court Reporter.  Counsel may contact Ms. Tusa at (504)
589-7778 to request a copy of the transcript.

JS10(00:82)

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

```
=============================== x  ================================
                                 x
                                 x
IN RE: CHINESE-MANUFACTURED      x  MDL NO. 2047
DRYWALL PRODUCTS LIABILITY       x
LITIGATION                       x  SECTION: L
                                 x
THIS DOCUMENT APPLIES TO ALL     x  JUDGE FALLON
CASES                            x
                                 x  MAG. JUDGE WILKINSON
                                 x
=============================== x  ================================
```

**SECOND AMENDED NOTICE OF EXPEDITED ORAL AND VIDEOTAPED
DEPOSITION PURSUANT TO THE COURT'S DIRECTIVE DURING
THE MARCH 17, 2015 SPECIAL HEARING AND MINUTE
ENTRY AND ORDER [REC.DOC. 18493]**

TO:   Morgan Stanley
      Through its Registered Agent
      The Corporation Trust Company
      1209 Orange Street
      Wilmington, New Castle County, Delaware  19801

**PLEASE TAKE NOTICE** that pursuant to Rules 26 and 30(b)(6) of the Federal

Rules of Civil Procedure, and the Court's Minute Entry and Order dated March 17, 2015

[Rec. Doc. No. 18493] (attached hereto as Exhibit "1") authorizing expedited discovery

of Taishan and BNBM/CNBM regarding (i) the injunction prong of the Court's July 17,

2014 Order holding Taishan in contempt of court, criminally and civilly [Rec. Doc. No.

17869], and (ii) whether there exist alter ego relationships between and among these

entities, plaintiffs, by and through their undersigned attorneys, the Plaintiffs' Steering

Committee in the MDL, will take the deposition of **Morgan Stanley,** at a date and

location to be mutually agreed upon by the parties.  The instant notice of oral and

1

videotaped deposition is in addition to the previously noticed deposition and is in no way intended to supplant the prior noticed deposition, which has been stayed. Pursuant to Fed. R. Civ. P. 30(b)(6), **Morgan Stanley** shall designate and produce a designated representative or representatives, as may be required, to testify on behalf of **Morgan Stanley** concerning the topics identified in Schedule "A" attached hereto. Further, the deponent is requested to produce the documents identified in the attached Schedule "A" to which deposition questions will be asked. Also attached hereto as Exhibit "A" is a subpoena with respect to the instant discovery requests and deposition.

**If you are an attorney of record, please email cdw@golkow.com 48 hours prior to the deposition should you desire to participate by stream to view video/text so you may receive a username and password.**

Primary Examiners:      A Member of the PSC, or its designee
Videotaped Deposition:  Yes
Call-In Number:         **888-337-8218**
                        **Participant Code:  769758**

The deposition will be taken before a person authorized by law to administer oaths, pursuant to Fed. R. Civ. P. 28, and will continue from day-to-day, upon an expedited basis, until the examination is completed.

Pursuant to directives provided at the status conference on May 27, 2010, a brief explanation of the subject matter expected at this deposition is as follows: The deposition will be conducted in furtherance of discovery related to the topics identified at the hearings before the Honorable Eldon E. Fallon on March 17, 2015 and April 17, 2015 and in the Court's Minute Entry and Order dated March 17, 2015. This brief explanation is with full reservation of all rights by the noticing party and is not intended to limit in

any way the scope of the deposition noticed herein.  Counsel should be aware that all

matters may be discovered in the deposition and that the above explanation is made

solely in accordance with the directives provided at the status conference.  This is an

MDL "common" fact witness deposition.

Respectfully submitted,

/s/ Russ M. Herman
**Russ M. Herman** (Bar No. 6819)
Leonard A. Davis (Bar No. 14190)
Stephen J. Herman (Bar No. 23129)
***HERMAN, HERMAN & KATZ, LLC***
820 O'Keefe Avenue
New Orleans, LA  70113
PH:  (504) 581-4892
FAX:  (504) 561-6024
ldavis@hhkc.com
*Plaintiffs' Liaison Counsel*
*MDL 2047*

Arnold Levin
Fred S. Longer
Sandra L. Duggan
Matthew C. Gaughan
Levin, Fishbein, Sedran & Berman
510 Walnut Street, Suite 500
Philadelphia, PA 19106
PH:  (215) 592-1500
FAX:  (215) 592-4663
Alevin@lfsblaw.com
*Plaintiffs' Lead Counsel*
*MDL 2047*

3

## PLAINTIFFS' STEERING COMMITTEE

Dawn M. Barrios
Barrios, Kingsdorf & Casteix, LLP
701 Poydras Street, Suite 3650
New Orleans, LA 70139
Phone: (504) 524-3300
Fax: (504) 524-3313
Barrios@bkc-law.com

Daniel E. Becnel, Jr.
Becnel Law Firm, LLC
425 W. Airline Highway, Suite B
Laplace, LA 70068
Phone: (985) 536-1186
Fax: (985) 536-6445
dbecnel@becnellaw.com

Peter Prieto
Podhurst Orseck, P.A.
25 Flagler Street, 8th Floor
Miami, FL 33130
Phone: (305) 358-2800
Fax: (305) 358-2382
pprieto@podhurst.com

Bruce William Steckler
Steckler, LLP
12720 Hillcrest Road, Ste 1045
Dallas, TX 75230
Phone: (972) 387-4040
Fax: (972) 387-404
mailto:bsteckler@baronbudd.com
bruce@stecklerlaw.com

Ervin A. Gonzalez
Colson, Hicks, Eidson
255 Alhambra Circle, Penthouse
Cora Gables, FL 33134
Phone: (305) 476-7400
Fax: (305) 476-7444
ervin@colson.com

Jerrold Seth Parker
Parker Waichman, LLP
27300 Riverview Center Blvd.
Suite 103
Bonita Springs, FL 34134
Phone: (239) 390-1000
Fax: (239) 390-0055
Jerry@yourlawyer.com

Scott Wm. Weinstein
Morgan & Morgan
12800 University Drive, Suite 600
Ft. Meyers, FL 33907
Phone: (239) 433-6880
Fax: (239) 433-6836
sweinstein@forthepeople.com

James Robert Reeves
Reeves & Mestayer, PLLC
160 Main Street
Biloxi, MS 39530
Phone: (228) 374-5151
Fax: (228) 374-6630
jrr@attorneys4people.com

Christopher Seeger
Seeger Weiss, LLP
77 Water Street
New York, NY 10005
Phone: (212) 584-0700
Fax: (212) 584-0799
cseeger@seegerweiss.com

Daniel K. Bryson
Whitfield, Bryson & Mason, LLP
900 W. Morgan Street
Raleigh, NC 27603
Phone: (919) 600-5000
Fax: (919) 600-5002
dan@wbmllp.com

4

Ben W. Gordon, Jr.
Levin, Papantonio, Thomas, Mitchell
 Echsner & Proctor, P.A.
316 S. Baylen Street, Suite 600
Pensacola, FL 32502
Phone: (850) 435-7000
Fax: (850) 435-7020
bgordon@levinlaw.com

Richard J. Serpe, Esquire
Law Offices of Richard J. Serpe
Crown Center, Ste. 310
580 East Main Street
Norfolk, VA 23510-2322
Phone: (757) 233-0009
Fax: (757) 233-0455
rserpe@serpefirm.com

Hugh P. Lambert
The Lambert Firm
701 Magazine Street
New Orleans, LA 70130
Phone: (504) 581-1750
Fax: (504) 529-2931
hlambert@thelambertfirm.com

Victor M. Diaz, Jr., Esquire
V.M. Diaz and Partners, LLC
119 Washington Ave, Suite 402
Miami Beach, FL 33139
Phone: (305) 704-3200
Fax: (305) 538-4928
victor@diazpartners.com

Gerald E. Meunier
Gainsburgh, Benjamin, David, Meunier
 & Warshauer, LLC
2800 Energy Centre, 1100 Poydras Street
New Orleans, LA 70163-2800
Phone: (504) 522-2304
Fax: (504) 528-9973
gmeunier@gainsben.com

## OF COUNSEL TO PLAINTIFFS' STEERING COMMITTEE

Richard S. Lewis
HAUSFELD LLP
1700 K Street, N.W Suite  650
Washington, DC 20006
Phone: (202) 540-7200
Fax:  (202) 540-7201
rlewis@hausfeldllp.com

Anthony D. Irpino
IRPINO LAW FIRM
2216 Magazine Street
New Orleans, LA 70130
Phone: (504) 525-1500
Fax: (504) 525-1501
airpino@irpinolaw.com

5

After reviewing the parties' memoranda, reviewing the applicable law, and hearing oral argument from all parties, the Court took the motion to preclude under advisement, subject to the conditions ordered by the Court:

1) **IT IS ORDERED THAT** Taishan must purge itself of contempt of court within two weeks of today's date, that is **March 31, 2015**, before the Court will determine the nature, and extent, of Taishan's participation in these proceedings. To purge itself of contempt, Taishan must (a) pay the $15,000 in attorneys' fees to the PSC; (b) pay the *Germano* judgment that formed the basis of the judgment debtor proceedings, amounting to $2,609,099.99 plus pre-judgment interest of $149,256.53 plus post-judgment interest at the judicial rate under 28 U.S.C. § 1961, as of the date of payment, (Rec. Doc. 3013); and (c) pay the associated bill of costs, (*see* Rec. Docs. 17825, 18034). The Court notes that Taishan has paid the $40,000 contempt penalty. (*See* Rec. Doc. 18448).

2) As neither Taishan nor BNBM/CNBM have demonstrated compliance with the injunction prong of the contempt order, (Rec. Doc. 17869), and the Court cannot yet assess whether there is need to enforce the associated penalty of 25% of profits, **IT IS FURTHER ORDERED THAT** the parties shall immediately commence discovery related to the relationship between Taishan and BNBM/CNBM, including whether affiliate and/or alter ego status exists. Discovery shall conclude no later than **April 28, 2015**, at 9:00 a.m. at which time the Court will hear oral argument on the motion for class damages. **IT IS FURTHER ORDERED** that the previously set March 18, 2015 deadline for responses for the motion for class damages is **CONTINUED** and any responses to the motion for class damages now shall be due on **April 20, 2015**.

3) **IT IS FURTHER ORDERED THAT** Taishan and BNBM/CNBM **SHALL**

   participate in alter ego discovery. If Taishan and/or BNBM/CNBM do not participate

   in discovery, the Court will act accordingly to ensure compliance with this and any

   Court order. The Court may, for example, strike defenses asserted by Taishan and

   BNBM/CNBM.

4) **IT IS FURTHER ORDERED THAT** that the Plaintiffs' Steering Committee,

   Taishan, and BNBM/CNBM **SHALL meet and confer** to discuss a discovery plan.

   Any deposition shall occur in New Orleans, Louisiana, unless all parties agree – with

   consent of the Court – that the deposition may occur elsewhere.

The Court retains jurisdiction to take any action necessary to enforce its contempt order,

and any other order discussed herein. If any party violates any of the Court's orders, the Court

"has broad discretion in assessing sanctions to protect the sanctity of its decrees and the legal

process." *Test Masters Educational Servs. v. Singh*, 428 F.3d 559 (5th Cir. 2005). This Court

"possess[es] the inherent authority to enforce [its] own injunctive decrees," an authority that

"runs nationwide." *Waffenschmidt v. MacKay*, 763 F.2d 711, 716 (5th Cir. 1985); *see also*

*United States v. Fisher*, 864 F.2d 434, 436 (7th Cir.1988) ("[W]hen a court issues an injunction,

it automatically retains jurisdiction to enforce it."). The Court reserves its right to determine

whether Taishan and/or BNBM/CNBM must post a bond under Rule 64. The Court further notes

that Taishan and BNBM/CNBM's willingness to participate in discovery process will guide the

Court's determination of the circumstances under which Taishan and BNBM/CNBM may

participate in these proceedings. To allow a party to continue to participate in a proceeding while

the party is in contempt for actions taken in those same proceedings would be, in effect,

3

rewarding the party for its contemptuous conduct. The Court will take any necessary action to ensure the sanctity of its decrees and the legal process.

UNITED STATES DISTRICT JUDGE

# EXHIBIT "A"

AO 88A  (Rev. 12/13) Subpoena to Testify at a Deposition in a Civil Action

# UNITED STATES DISTRICT COURT

for the

Eastern District of Louisiana

| | | |
|---|---|---|
| In re:  Chinese-Manuf. Drywall Products Liab. Lit. | ) | |
| *Plaintiff* | ) | |
| v. | ) | Civil Action No.   MDL 2047 |
| | ) | |
| | ) | |
| *Defendant* | ) | |

## SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION

To:　　　Morgan Stanley, Through its Registered Agent:  The Corporation Trust Company,
　　　　　1209 Orange Street, Wilmington, New Castle County, Delaware 19801
　　　　　　　　　　*(Name of person to whom this subpoena is directed)*

☑ *Testimony:* **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at a deposition to be taken in this civil action.  If you are an organization, you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about the following matters, or those set forth in an attachment:

| Place: ON A DATE AND AT A LOCATION MUTUALLY AGREED UPON BY THE PARTIES | Date and Time: |
|---|---|

The deposition will be recorded by this method:　 Oral and Videotaped

☑ *Production:* You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material:

　　　　　See attached Second Amended Notice of Expedited Oral and Videotaped Deposition Pursuant to
　　　　　May 17, 2015 Minute Entry [Rec. Doc. 18493].

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:　 05/18/2015

　　　　　　　*CLERK OF COURT*

　　　　　　　　　　　　　　　　OR

　　_____　　　　_____
　　　*Signature of Clerk or Deputy Clerk*　　　　　　　*Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)*　 ___Plaintiffs___
_____ , who issues or requests this subpoena, are:

Plaintiffs' Liaison Counsel, Russ M. Herman/Leonard A. Davis, Herman, Herman & Katz, LLC, 820 O'Keefe Avenue,
New Orleans, LA  70113, (504) 581-4892; email:  ldavis@hhklawfirm.com

**Notice to the person who issues or requests this subpoena**
If this subpoena commands the production of documents, electronically stored information, or tangible things, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88A  (Rev.  12/13) Subpoena to Testify at a Deposition in a Civil Action (Page 2)

Civil Action No.  MDL 2047

## PROOF OF SERVICE

### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

    ☐ I served the subpoena by delivering a copy to the named individual as follows: _____

_____

_____ on *(date)* _____ ; or

    ☐ I returned the subpoena unexecuted because: _____

_____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ _____0.00_____ .

I declare under penalty of perjury that this information is true.

Date: _____

                          _____

                                    *Server's signature*

                           _____

                                    *Printed name and title*

                           _____

                                    *Server's address*

Additional information regarding attempted service, etc.:

AO 88A  (Rev.  12/13) Subpoena to Testify at a Deposition in a Civil Action (Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

   (1) *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
   (A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
   (B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
      (i) is a party or a party's officer; or
      (ii) is commanded to attend a trial and would not incur substantial expense.

   (2) *For Other Discovery.* A subpoena may command:
   (A) production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
   (B) inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

   (1) *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

   (2) *Command to Produce Materials or Permit Inspection.*
   (A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
   (B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
      (i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
      (ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

   (3) *Quashing or Modifying a Subpoena.*

   (A) *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:

      (i) fails to allow a reasonable time to comply;
      (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
      (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
      (iv) subjects a person to undue burden.
   (B) *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:

      (i) disclosing a trade secret or other confidential research, development, or commercial information; or
      (ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
   (C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
      (i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
      (ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

   (1) *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
   (A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
   (B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
   (C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
   (D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

   (2) *Claiming Privilege or Protection.*
   (A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
      (i) expressly make the claim; and
      (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
   (B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

# EXHIBIT "B"

From: Russ Herman
Date: Friday, May 15, 2015
Re: Meet and Confer – Documents and Deposition Topics for Morgan Stanley

    All financial transactions by and among any Defendant and/or Defendants' Affiliates or Subsidiaries with the bank and/or the bank's subsidiaries or affiliates in the United States or in China.

    All United States executives, directors, management employees involved in any of the above financial transactions who are citizens of the United States and their full contact information.

    See the following specific documents for reference.

| ENTITY | DOCUMENT | PAGE | BATES NUMBER |
|--------|----------|------|--------------|
| BNBM | BNBM PLC 2014 Annual Report | 7 | BNBMPLC0003170 |
| BNBM | BNBM PLC 2014 Annual Report | 22 | BNBMPLC0003185 |
| BNBM | BNBM PLC 2014 Annual Report | 46 | BNBMPLC0003209 |
| CNBM. | March 13, 2006 Global Offering (entire report) | all | ALRMH-CNBM00000001-00000643 |
| CNBM | March 13, 2006 Global Offering | 1 | ALRMH-CNBM00000001 |
| CNBM | CNBM 2006 Global Offering | 21 | ALRMH-CNBM00000025 |
| CNBM | CNBM 2006 Global Offering | 25 | ALRMH-CNBM00000029 |
| CNBM | CNBM 2006 Global Offering | 30 | ALRMH-CNBM00000034 |
| CNBM | CNBM 2006 Global Offering | 63 | ALRMH-CNBM00000067 |
| CNBM | CNBM 2006 Global Offering | 64 | ALRMH-CNBM00000068 |
| CNBM | CNBM 2006 Global Offering | 67 | ALRMH-CNBM00000071 |
| CNBM | CNBM 2006 Global Offering | 282 | ALRMH-CNBM00000286 |
| CNBM | CNBM 2006 Global Offering | 290 | ALRMH-CNBM00000294 |
| CNBM | CNBM 2006 Global Offering | 294 | ALRMH-CNBM00000297 |
| CNBM | CNBM 2006 Global Offering | 297 | ALRMH-CNBM00000301 |
| CNBM | CNBM 2006 Global Offering | I-1 | ALRMH-CNBM00000323 |
| CNBM | CNBM 2006 Global Offering | II-3 | ALRMH-CNBM00000398 |
| CNBM | CNBM 2006 Global Offering | III-1 | ALRMH-CNBM00000401 |
| CNBM | CNBM 2006 Global Offering | III-3 | ALRMH-CNBM00000402 |
| CNBM | CNBM 2006 Global Offering | VIII-58 | ALRMH-CNBM00000638 |
| CNBM | CNBM 2007 Annual Report | 7 | ALRMH-CNBM00000790 |
| CNBM | CNBM 2007 Annual Report | 66 | ALRMH-CNBM00000849 |
| CNBM | CNBM 2008 Annual Report | 64 | ALRMH-CNBM00001183 |
| CNBM | CNBM 2008 Annual Report | 196 | ALRMH-CNBM00001315 |

| CNBM | CNBM 2009 Annual Report | 55 | ALRMH-CNBM00001570 |
|---|---|---|---|
| CNBM | CNBM 2009 Annual Report | 77 | ALRMH-CNBM00001592 |
| CNBM | CNBM 2010 Annual Report | 73 | ALRMH-CNBM00002000 |
| CNBM Group | CNBM 2014 Interim Report | all | CNBMCO00000080-00000169 |
| CNBM | CNBM 2014 Annual Report | 84 | ALRMH-CNBM00003747 |
| CNBM | CNBM 2014 Annual Report | 92 | ALRMH-CNBM00003755 |
| CNBM | CNBM 2014 Annual Report | 135 | ALRMH-CNMB00003798 |
| CNBM | CNBM Co. 8/22/14 Voluntary Announcement re: Resignation and Proposed Appointment of Directors and Supervisors | 10 | CNBMCO00000073 |
| CNBM | CNBM 9/1/14 Letter from the Board re: Proposed Appointment of Directors and Supervisors and Notice of Extraordinary Board Meeting | 7 | CNBMCO00000184 |
| CNBM | http://www.financeasia.com/print.aspx?CIID=35926 | | |
| CNBM | http://www.atimes.com/atimes/China_Business/HC17Cb01.html | | |
| CNBM | www.cnbm.com.cn | | |
| CNBM | www.thestandard.com.hk/news_detail.asp?pp_cat=2&art_id=50978&sid=14871947&con_type=1 | | |
| CNBM | http://www.morganstanleychina.com/press/others/091217.html | | |
| | http://www.etnet.com.hk/www/sc/stocks/realtime/quote_ca_sdi.php?code=3323&page=1 | | |

```
1                    UNITED STATES DISTRICT COURT

2                    EASTERN DISTRICT OF LOUISIANA

3

4

5   IN RE:  CHINESE MANUFACTURED      *    Docket 09-MD-2047
                DRYWALL PRODUCTS          *
6               LIABILITY LITIGATION      *    June 29, 2015
                                          *
7   This Document Relates To All Cases  *    2:30 p.m.
        * * * * * * * * * * * * * * * * *

8

9

10              TELEPHONE CONFERENCE ON MOTION TO COMPEL
              BEFORE THE HONORABLE ELDON E. FALLON
11                 UNITED STATES DISTRICT JUDGE

12

13  APPEARANCES:

14  For the Plaintiffs:        Herman Herman Katz & Cotlar
                               BY:  RUSS M. HERMAN, ESQ.
15                             820 O'Keefe Avenue
                               New Orleans, Louisiana 70113

16

17                             Levin, Fishbein, Sedran & Berman
                               BY:  ARNOLD LEVIN, ESQ.
18                             BY:  FRED S. LONGER, ESQ.
                               BY:  SANDRA L. DUGGAN, ESQ.
19                             510 Walnut Street
                               Suite 500
20                             Philadelphia, Pennsylvania 19106

21

22  For Defense Liaison:       Phelps Dunbar, LLC
                               BY:  HARRY ROSENBERG, ESQ.
23                             365 Canal Street
                               Suite 200
24                             New Orleans, Louisiana  70130

25
```

JODI SIMCOX, RMR, FCRR - OFFICIAL COURT REPORTER
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA



EXHIBIT
C

APPEARANCES:

For Non-Party JP Morgan
Chase & Company:                McGlinchey Stafford, PLLC
                                BY:  GABRIEL A. CROWSON, ESQ.
                                601 Poydras Street
                                12th Floor
                                New Orleans, Louisiana  70130


For Morgan Stanley:             Sher Garner Cahill Richter Klein
                                  & Hilbert, L.L.C.
                                BY:  JOSHUA S. FORCE, ESQ.
                                BY:  AHSLEY G. COKER, ESQ.
                                909 Poydras Street
                                28th Floor
                                New Orleans, Louisiana  70112


Official Court Reporter:        Jodi Simcox, RMR, FCRR
                                500 Poydras Street
                                Room B-406
                                New Orleans, Louisiana 70130
                                (504) 589-7780




Proceedings recorded by mechanical stenography, transcript

produced by computer.

| | |
|---|---|
| 02:18 | 1 |
| 02:18 | 2 |
| 02:18 | 3 |
| 02:18 | 4 |
| 02:18 | 5 |
| 02:18 | 6 |
| 02:18 | 7 |
| 02:35 | 8 |
| 02:35 | 9 |
| 02:35 | 10 |
| 02:35 | 11 |
| 02:35 | 12 |
| 02:35 | 13 |
| 02:35 | 14 |
| 02:35 | 15 |
| 02:35 | 16 |
| 02:35 | 17 |
| 02:35 | 18 |
| 02:35 | 19 |
| 02:35 | 20 |
| 02:35 | 21 |
| 02:36 | 22 |
| 02:36 | 23 |
| 02:36 | 24 |
| 02:36 | 25 |

## PROCEEDINGS

### (June 29, 2015)

******

(WHEREUPON, the following proceedings were held via telephone in chambers.)

THE COURT:  Good afternoon.  This is Judge Fallon.  Who's on the line for the Plaintiffs' Steering Committee?

MR. LEVIN:  Your Honor, it's Arnold Levin, Fred Longer, and Sandy Duggan, and Russ is calling in right now.

He's on?  Okay.  Good.

THE COURT:  Okay.

And for Morgan Stanley, JP Morgan?

MR. FORCE:  Good afternoon, Your Honor.  It's Josh Force and Ashley Coker.

THE COURT:  All right, Josh.

And defense liaison?  Harry, are you there?

MR. ROSENBERG:  Yes, Your Honor.  Harry Rosenberg on behalf of the liaison counsel.

THE COURT:  Okay.  Fine.  I have before me a motion to compel JP Morgan and Morgan Stanley to comply with the PSC's discovery request.  This all comes out of the Court's entry of a contempt order.

One of the things that was part of the contempt order was that if the Taishan interests did business during the

JODI SIMCOX, RMR, FCRR - OFFICIAL COURT REPORTER
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| 02:36 | 1 |
| 02:36 | 2 |
| 02:36 | 3 |
| 02:36 | 4 |
| 02:36 | 5 |
| 02:36 | 6 |
| 02:36 | 7 |
| 02:36 | 8 |
| 02:36 | 9 |
| 02:37 | 10 |
| 02:37 | 11 |
| 02:37 | 12 |
| 02:37 | 13 |
| 02:37 | 14 |
| 02:37 | 15 |
| 02:37 | 16 |
| 02:37 | 17 |
| 02:37 | 18 |
| 02:37 | 19 |
| 02:37 | 20 |
| 02:37 | 21 |
| 02:37 | 22 |
| 02:37 | 23 |
| 02:38 | 24 |
| 02:38 | 25 |

time they were in contempt, then they would forfeit, either
they, or their affiliates, or alter ego would forfeit
25 percent of the earnings during that period of time.

After a period of time, the contempt was purged,
or at least terminated.  There was still that period as to
whether or not either Taishan, or any of its affiliates, or
associates, or alter egos did business during that period of
time they were in contempt.  So the Plaintiffs' Steering
Committee began a discovery process to find out first who or
whether there was any associates or alter egos, and if so,
whether or not they did business at the time.

So they filed a motion to take depositions of
someone from Morgan Stanley and JP Morgan, and this objection
grows out of those things.

Josh, do you want to explain your objection?

MR. FORCE:  Your Honor, we're only representing
Morgan Stanley, so I can only speak to the issues as they
relate to Morgan Stanley.

THE COURT:  Okay.

MR. FORCE:  I think part of the history is that there
is a more recent subpoena that actually did not have a return
date or a date for a deposition and attempted to narrow the
issues for Morgan Stanley to address in its production.  We
received that sometime in the middle of May or so, along with a
request from the PSC that we obtain authorization from CNBM and

| | |
|---|---|
| 02:38 | 1 |
| 02:38 | 2 |
| 02:38 | 3 |
| 02:38 | 4 |
| 02:38 | 5 |
| 02:38 | 6 |
| 02:38 | 7 |
| 02:38 | 8 |
| 02:38 | 9 |
| 02:38 | 10 |
| 02:38 | 11 |
| 02:38 | 12 |
| 02:39 | 13 |
| 02:39 | 14 |
| 02:39 | 15 |
| 02:39 | 16 |
| 02:39 | 17 |
| 02:39 | 18 |
| 02:39 | 19 |
| 02:39 | 20 |
| 02:39 | 21 |
| 02:39 | 22 |
| 02:39 | 23 |
| 02:39 | 24 |
| 02:39 | 25 |

BNBM to actually view the documents that were referenced in
that narrowed list.

　　　　　We've attempted to do that.  We obtained
approval from CNBM.  We've just obtained approval from BNBM.
And throughout this whole period of time, we've been attempting
to identify documents that relate to the transactions that are
listed in the memo that we received from the PSC.

　　　　　I would just note that of those transactions,
none of them concern the period of time at issue in the
injunction.  But, regardless, we're attempting to identify
responsive documents.  We've identified some.  We're not
through with our search.  We're not -- we've never told the PSC
that we were not going to produce the documents.

　　　　　In fact, the motion to compel came without any
type of meet and confer as to where we stood.  So we are --
we're reviewing documents, but we're trying to determine if
they are responsive, if there are any privileged documents,
and, not surprisingly, we're finding that a number of them are
in Chinese, and we're having to address that as well.

　　　　　So from our standpoint, the motion as it relates
to Morgan Stanley is, at best, premature.  And, as I said,
we're attempting to comply with the subpoena, it's just taking
some time to identify documents and review them.

　　　　　**THE COURT:**  I understand.  How long do you think it
will take you, Josh?

|       |    |                                                                      |
|-------|----|----------------------------------------------------------------------|
| 02:39 | 1  | **MR. FORCE:**  Judge, I'm not sure we've identified                  |
| 02:39 | 2  | everything, but we've identified enough that it's going to take       |
| 02:39 | 3  | us -- I mean, certainly, three to four more weeks to be able to       |
| 02:39 | 4  | identify documents, although -- I mean, to produce documents.        |
| 02:40 | 5  | But we are happy to discuss with the PSC producing documents on      |
| 02:40 | 6  | a rolling basis to the extent that they'd like us to do that.        |
| 02:40 | 7  | It's just hard right now to tell how long it's                       |
| 02:40 | 8  | going to take because so many of these documents are in             |
| 02:40 | 9  | Chinese.                                                              |
| 02:40 | 10 | **THE COURT:**  I understand.  But three or four weeks is            |
| 02:40 | 11 | a long time in this particular case.  I think the answer should     |
| 02:40 | 12 | be on a rolling basis, but that's something that you all can        |
| 02:40 | 13 | confer with.                                                         |
| 02:40 | 14 | If some of those documents you feel that you                        |
| 02:40 | 15 | have are privileged, then just prepare a privilege log, give it     |
| 02:40 | 16 | to the PSC, and then I'll order that they be given to me under      |
| 02:40 | 17 | seal and I'll look at them to make a determination of what is       |
| 02:40 | 18 | privileged and not.                                                  |
| 02:40 | 19 | I think the secret in this case to keep it                          |
| 02:40 | 20 | moving is to do it on a rolling basis.  Because if you wait,        |
| 02:40 | 21 | then it's going to present some logistical problems.               |
| 02:40 | 22 | Arnold, do you have any comments?                                    |
| 02:40 | 23 | **MR. LEVIN:**  No.  This is Russ' issue.  Other than we           |
| 02:40 | 24 | did have a meet and confer at one point in time.  But I think       |
| 02:41 | 25 | Russ is handling this.  He'll be satisfied with that.              |

| | |
|---|---|
| 02:41 | 1 |

                    Right, Russ?

02:41   2          **THE COURT:**  I'm not sure that Russ is on.  They told

02:41   3   me that they had some problems getting him on the call.

02:41   4          **MR. LEVIN:**  Oh, I thought I heard Russ.  I'm sorry.

02:41   5          **THE COURT:**  Okay.

02:41   6          **MR. ROSENBERG:**  Your Honor, actually, just to be

02:41   7   clear --

02:41   8          **THE COURT:**  Yes, go ahead.

02:41   9          **MR. ROSENBERG:**  -- this is Harry Rosenberg.

02:41   10         **THE COURT:**  Yes, Harry.

02:41   11         **MR. ROSENBERG:**  I believe that Gabe Crowson from the

02:41   12  McGlinchey firm is also on this call, or should be.

02:41   13         **MR. CROWSON:**  Yes, Your Honor, I'm here.  And,

02:41   14  actually, I represent JP Morgan Chase & Company, and we have a

02:41   15  little bit different perspective than Morgan Stanley, and I

02:41   16  know the motion was filed against both companies, and sometimes

02:41   17  it gets conflated.

02:41   18                And we have, I think, unlike the road show or

02:41   19  investor solicitation that's cited in the briefing about Morgan

02:41   20  Stanley, and I think that's what counsel for Morgan Stanley is

02:41   21  talking about in terms of collecting documents, there wasn't

02:41   22  any kind of predicate information like that for JP Morgan Chase

02:41   23  & Company.

02:41   24                Instead, what the PSC has said is, "Well, you

02:42   25  were a big shareholder of one of those defendants, CNBM, going

| | | |
|---|---|---|
| 02:42 | 1 | back to '06, and that's the information that we have about you, |
| 02:42 | 2 | and so we think that justifies searching for all, you know, |
| 02:42 | 3 | quote/unquote, financial transactions about all the particular |
| 02:42 | 4 | defendants that may or may not be related to Taishan and CNBM." |
| 02:42 | 5 | THE COURT:  All right.  Arnold? |
| 02:42 | 6 | MR. LEVIN:  Your Honor -- |
| 02:42 | 7 | THE COURT:  Yes? |
| 02:42 | 8 | MR. LEVIN:  -- I'll address that. |
| 02:42 | 9 | THE COURT:  Okay. |
| 02:42 | 10 | MR. LEVIN:  They are no different than Morgan |
| 02:42 | 11 | Stanley.  And JP Morgan and Morgan Stanley are both the |
| 02:42 | 12 | American conduits by which these Chinese companies have gained |
| 02:42 | 13 | investments and are doing business.  And, to me, a good faith |
| 02:42 | 14 | effort like is being made by Morgan Stanley, which we'll look |
| 02:42 | 15 | at what they're producing, is exactly what JP Morgan should be |
| 02:43 | 16 | doing.  I think they just are totally ignoring the process, |
| 02:43 | 17 | sir. |
| 02:43 | 18 | THE COURT:  Okay.  Well, we've got to tee that up in |
| 02:43 | 19 | some way, shape, or form.  I guess from JP Morgan's standpoint, |
| 02:43 | 20 | you need to file some kind of motion to quash the subpoena.  If |
| 02:43 | 21 | you're successful, then that ends it; if you're not successful, |
| 02:43 | 22 | then I would expect you to comply with the subpoena.  If you |
| 02:43 | 23 | don't comply with the subpoena, then I'll take action to hold |
| 02:43 | 24 | your client in contempt. |
| 02:43 | 25 | But before we get there, I think it's first |

| | |
|---|---|
| 02:43 | 1 |
| 02:42 | 2 |
| 02:42 | 3 |
| 02:43 | 4 |
| 02:43 | 5 |
| 02:43 | 6 |
| 02:43 | 7 |
| 02:43 | 8 |
| 02:43 | 9 |
| 02:43 | 10 |
| 02:43 | 11 |
| 02:43 | 12 |
| 02:43 | 13 |
| 02:43 | 14 |
| 02:43 | 15 |
| 02:43 | 16 |
| 02:43 | 17 |
| 02:43 | 18 |
| 02:43 | 19 |
| 02:43 | 20 |
| 02:43 | 21 |
| 02:43 | 22 |
| 02:44 | 23 |
| 02:44 | 24 |
| 02:44 | 25 |

whether or not the subpoena should be quashed.  That may be the situation.  But I can't have a subpoena out there, nobody responding to it, or people taking the position that, "I don't have anything," or, "I'm not subject to it."  If you got a subpoena, you have to act on it one way or the other.  You have to either get it dissolved or do something with it.  You just can't ignore it.

    MR. CROWSON:  No, I understand and appreciate all that, Your Honor, and I understand there's a flurry of filings in this case.  And when we filed our memo in opposition to the PSC's motion to compel, we also did file a cross-motion to quash the subpoena.  Admittedly, we didn't notice it for submission or decision per the, you know, normal course.

    THE COURT:  Yes.

    MR. HERMAN:  Judge?

    THE COURT:  Yes?

    MR. HERMAN:  Excuse me --

    THE COURT:  That's okay.

    MR. HERMAN:  -- this is Russ Herman.

    THE COURT:  All right.  We're talking about JP Morgan at this time.  JP Morgan feels that they shouldn't be involved in this, they had nothing but maybe some security, some stock in a particular company.  What I was saying is that we've got to tee that up in some way, shape, or form.  And Gabe was telling me that he has filed a motion to quash, it just has not

| | | |
|---|---|---|
| 02:44 | 1 | been set for argument at this time. |
| 02:44 | 2 | **MR. CROWSON:**  And if you want, I'll go ahead and |
| 02:44 | 3 | either refile it or set it for submission. |
| 02:44 | 4 | **THE COURT:**  Sure.  Why don't you just set it so that |
| 02:44 | 5 | you don't have to deal with it. |
| 02:44 | 6 | **MR. HERMAN:**  Your Honor? |
| 02:44 | 7 | **THE COURT:**  Yes. |
| 02:44 | 8 | **MR. HERMAN:**  First, I want to apologize to everybody, |
| 02:44 | 9 | but I am prepared to respond, and I can make it pretty short, |
| 02:44 | 10 | but I think I understand this pretty well. |
| 02:44 | 11 | JP Morgan has said that it's a financial holding |
| 02:44 | 12 | company, that it's not fair because to get -- them to get |
| 02:44 | 13 | documents from subsidiaries, that Taishan's affiliates are |
| 02:44 | 14 | overbroad, they haven't had a reasonable time, they have an |
| 02:45 | 15 | attorney-client privilege, there's a financial privacy law, |
| 02:45 | 16 | although it's not stated, and they haven't had enough time to |
| 02:45 | 17 | search for documents. |
| 02:45 | 18 | Now, the PSC filed on February 10th, 2015.  On |
| 02:45 | 19 | May 8th, 2015, we narrowed our request at Your Honor's request |
| 02:45 | 20 | and direction.  On May 15th, 2015, we had a meet and confer, |
| 02:45 | 21 | and I provided them a list of all the public documents, in |
| 02:45 | 22 | Chinese and English with the page numbers, where they were |
| 02:45 | 23 | cited and we were interested in asking questions.  We narrowed, |
| 02:45 | 24 | again, on May 18th, 2015. |
| 02:45 | 25 | And they have 1500 professionals in numerous |

offices in China.  They hold 30.69 percent of CNBM, which in turn, controls Taishan through BNBM.  They own over 300,000 shares.  They're the largest stockholder in Chinese stock. They also own a substantial interest, 220 million yen, in the Bank of China, reported August 22nd.

They also own 27 plus million shares of stock in the Industrial and Commercial Bank of China, each of those banks has guaranteed, in one form or another, Taishan.  Song Zhiping, who happens to be the chairman and director of CNBMG, CNBM, BNBMG, and, in fact, controls all of the downstream folks.

CNBM has acknowledged now in depositions that they control 48 percent of BNBM, and BNBM controls 65 percent of Taishan.  This was confirmed recently in deposition by the secretary of CNBM, and CNBMG, and BNBMG, who, testifying in the CNBM deposition, affirmed that he was the one that edited and published, from 2005 through March 15th, 2015, the annual reports of CNBM, which cite JP Morgan Chase on numerous pages, specifically that we pointed out, 18 specific CNBM references, one specific CNBMG reference, one specific BNBM reference from 2007 to 2014.

Under the circumstances, this idea that JP Morgan isn't involved and has no relationship in this situation, we just reject out of hand.  We believe that they're a prime mover.

| | | |
|---|---|---|
| 02:48 | 1 | **THE COURT:** I understand your position. What I was |
| 02:48 | 2 | saying is, set this for oral argument as quickly as you can. |
| 02:48 | 3 | I'll hear from both sides. I really don't think it's fair to |
| 02:48 | 4 | either side just to treat this as an oral argument and then |
| 02:48 | 5 | have my ruling on it because I don't have any documents before |
| 02:49 | 6 | me, I don't have any information. |
| 02:49 | 7 | With regard to Morgan Stanley, it looks like |
| 02:49 | 8 | that that's in the process of resolving one way or the other. |
| 02:49 | 9 | At least, they're not in the position that JP Morgan is at this |
| 02:49 | 10 | time. |
| 02:49 | 11 | So, Gabe, set your motion to quash for hearing, |
| 02:49 | 12 | and I'll do it in a week or my next motion day, whenever that |
| 02:49 | 13 | is. If you all prepare to argue it, I'll have oral argument. |
| 02:49 | 14 | **MR. CROWSON:** That makes sense to me, Your Honor. I |
| 02:49 | 15 | just, in full disclosure, I will be out next week for vacation. |
| 02:49 | 16 | I'm not sure if you have a motion date the next week or the |
| 02:49 | 17 | following Wednesday. |
| 02:49 | 18 | **THE COURT:** Well, whenever the following is, just set |
| 02:49 | 19 | it. Before you do that, get with counsel for the plaintiffs |
| 02:49 | 20 | and make sure it's convenient with them, too. Pick a date |
| 02:49 | 21 | that's convenient with everybody or the main players, and then |
| 02:50 | 22 | I'll hear it. |
| 02:50 | 23 | **MR. HERMAN:** Once again, I do apologize to the Court. |
| 02:50 | 24 | **THE COURT:** That's all right. |
| 02:50 | 25 | **MR. HERMAN:** I don't know why I had trouble getting |

| | |
|---|---|
| 02:50 | 1 |

```
02:50   1   in, but they did have to get a telephone specialist --
02:50   2          THE COURT:  Okay.
02:50   3          MR. HERMAN:  -- in order to get me through.
02:50   4          THE COURT:  All right.  Okay.  Anything else that we
02:50   5   can deal with at this point?
02:50   6          MR. HERMAN:  As I understand it, Morgan Stanley --
02:50   7          MR. LEVIN:  Russ, while you were not on the line,
02:50   8   Morgan Stanley is producing on a rolling basis, and we'll
02:50   9   just -- they're going -- we'll just watch what they're
02:50  10   producing, and if we have problems, we'll get back to the
02:50  11   Court.
02:50  12          THE COURT:  If they come across anything that is
02:50  13   privileged, I'd like them to prepare a privilege log, give it
02:50  14   to you, and then put the privileged documents in the registry
02:50  15   of the Court for me to review them.  If it becomes a problem,
02:51  16   then bring it to me in the same fashion.
02:51  17          MR. HERMAN:  Thank you, Judge.
02:51  18          THE COURT:  Okay.
02:51  19          MR. LEVIN:  Thank you, Your Honor.
02:51  20          THE COURT:  All right, folks.
02:51  21          MR. CROWSON:  Thank you, Your Honor.
02:51  22          MR. FORCE:  Thank you, Your Honor.
02:51  23          THE COURT:  Okay.  Thank you very much.  I had this
02:51  24   transcribed, so if anybody wants it, they can have access to
02:51  25   it.  Thank you very much.  Bye-bye.
```

10:39

1          (WHEREUPON, the proceedings were concluded.)

2                              *****

3                            <u>CERTIFICATE</u>

4          I, Jodi Simcox, RMR, FCRR, Official Court Reporter

5    for the United States District Court, Eastern District of

6    Louisiana, do hereby certify that the foregoing is a true and

7    correct transcript, to the best of my ability and

8    understanding, from the record of the proceedings in the

9    above-entitled and numbered matter.

10

11

12                      *s/Jodi Simcox, RMR, FCRR*
                         Jodi Simcox, RMR, FCRR
13                       Official Court Reporter

14

15

16

17

18

19

20

21

22

23

24

25

# EXHIBIT D
# DELIBERATELY
# OMITTED