# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: CHINESE-MANUFACTURED DRYWALL PRODUCTS LIABILITY LITIGATION | MDL NO. 2047 <br> SECTION: L <br> JUDGE FALLON <br> MAG. JUDGE WILKINSON |
| THIS DOCUMENT APPLIES TO ALL CASES | |

## PLAINTIFFS' ANSWERS AND OBJECTIONS TO CHINA NATIONAL BUILDING MATERIALS GROUP CORPORATION'S FIRST SET OF INTERROGATORIES

Pursuant to Federal Rules of Procedure 26 and 33, plaintiffs, Michelle Germano, as representative plaintiffs for certified class, hereby sets forth plaintiffs' objections and responses to China National Building Materials Group Corporation's ("CNBM Group") First Set of Interrogatories.

Plaintiffs' objections and responses are based upon information presently available to plaintiffs. Plaintiffs reserve their right to amend, modify, or supplement these responses during the course of additional investigation and discovery, as permitted by the Federal Rules of Civil Procedure.

## GENERAL ANSWERS AND OBJECTIONS

The following general objections apply to each and every Interrogatory, and are in addition to any objections that are stated as to specific interrogatories. The failure to repeat any General Objection in any specific response shall not be interpreted as a waiver of any General

1

Objection to that or any other response. An objection to a particular interrogatory does not indicate, expressly or impliedly, the existence of any information sought, the relevance or admissibility of any response and/or the truth of accuracy of any statement or characterization contained in any particular interrogatory.

1. Plaintiffs object to these interrogatories to the extent they constitute legal contentions or call for legal conclusions to which no response is required.

2. Plaintiffs object to these interrogatories to the extent that they seek information protected by the attorney-client privilege, the attorney work product doctrine, and/or any other applicable privilege or immunity. Nothing contained in plaintiffs' responses to these interrogatories is intended to be, or should be, considered a waiver of any attorney-client privilege, the protection afforded by the work product doctrine, and/or any other applicable privilege or doctrine of immunity.

3. Plaintiffs object to these interrogatories to the extent that the undue burden of compliance substantially outweighs the probative value of any information sought thereby, and to the extent that defendants seek information that is neither relevant to the above-captioned action, nor reasonably calculated to lead to the discovery of admissible evidence.

4. Plaintiffs object to these interrogatories to the extent that they would impose a duty on plaintiffs to undertake a search for information for which defendants are equally able to search and locate.

5. Plaintiffs object to CNBM Group's "Definitions" to the extent they purport to impose obligations beyond those required by the Federal Rules of Civil Procedure and/or Local Rules of the Eastern District of Louisiana. Plaintiffs will respond in accordance with their

obligations under the Federal Rules of Civil Procedure and the Local Rules of the Eastern District of Louisiana.

6. Plaintiffs object to CNBM Group's "Definitions" to the extent they attempt to ascribe meanings to words that are overbroad and/or different from their ordinary usage.

7. Plaintiffs object to the interrogatories to the extent that they seek information as to matters set for the November 10, 2015 Spoliation Hearing because discovery is ongoing and documents not yet produced or reviewed as well as witnesses not yet interviewed or deposed still exist.

## SPECIFIC OBJECTIONS AND RESPONSES

> **INTERROGATORY NO. 1**: Identify each witness the PSC will or may call at the November 10, 2015 evidentiary hearing, indicating whether the witness will be presented live or via deposition testimony. If presented via deposition testimony, indicate volume, date, page and line references to the testimony to be presented.

**RESPONSE TO INTERROGATORY NO. 1:** Plaintiffs object to Interrogatory No. 1 as it seeks information in excess of or redundant to the pretrial procedures applicable to the November 10, 2015 evidentiary hearing that were approved by the parties and Court. *See, e.g.*, Rec.Doc. Nos. 19630 and 19657. Plaintiffs shall produce its witness list, and other designations in accordance with its obligations set out in the judicially approved protocol for the November 10, 2015 Hearing.

> **INTERROGATORY NO. 2**: Identify each documentary exhibit the PSC will or may offer at the November 10, 2015 evidentiary hearing, specifying the Bates number, deposition exhibit number and other identifying data applicable to each exhibit to be offered.

**RESPONSE TO INTERROGATORIY NO. 2:** Plaintiffs object to Interrogatory No. 2 as it seeks information in excess of or redundant to the pretrial procedures applicable to the

November 10, 2015 evidentiary hearing that were approved by the parties and Court. *See, e.g.*, Rec.Doc. No. 19630 and 19657. Plaintiffs shall produce its document list, and other designations in accordance with its obligations set out in the judicially approved protocol for the November 10, 2015 Hearing.

> **INTERROGATORY NO. 3**: In the September 22, 2015, letter to the Court, the PSC states that CNBM Group "ignores innumerable facts linking CNBM Group to Taishan…specifically with respect to Taishan's decision to absent itself from the jurisdiction of this Court…." Please identify (a) each and every specific fact "linking CNBM Group to Taishan" and (b) the facts to which this passage refers. This response should be complete, and stand as the PSC's comprehensive list of each such fact, without exception.

> **RESPONSE TO INTERROGATORY NO. 3**: Plaintiffs object to Interrogatory No. 3

as it seeks information in excess of or redundant to the pretrial procedures applicable to the November 10, 2015 evidentiary hearing that were approved by the parties and Court. *See, e.g.*, Rec.Doc. No. 19630 and 19657. Plaintiffs further object to this contention interrogatory on the grounds that any relevance of the information that is sought by this interrogatory fails to outweigh the burden its collection would impose on the plaintiffs at this time while discovery is ongoing, and defendants continue to tardily produce documents. Plaintiffs further object to this contention interrogatory on the grounds that it seeks information that is privileged and protected as trial-preparation material.

> **INTERROGATORY NO. 4**: In the September 22, 2015, letter to the Court, the PSC mentions "contradictions in testimony among the various 30(b)(6) witnesses." Please identify each such contradiction to which the letter refers, with reference to the deposition transcripts involved.

> **RESPONSE TO INTERROGATORY NO. 4**: Plaintiffs object to Interrogatory No. 4

as it seeks information in excess of or redundant to the pretrial procedures applicable to the November 10, 2015 evidentiary hearing that were approved by the parties and Court. *See, e.g.*,

4

Rec.Doc. No. 19630 and 19657.  Plaintiffs further object to this contention interrogatory on the grounds that any relevance of the information that is sought by this interrogatory fails to outweigh the burden its collection would impose on the plaintiffs at this time while discovery is ongoing, and defendants continue to tardily produce documents.  Plaintiffs further object to this contention interrogatory on the grounds that it seeks information that is privileged and protected as trial-preparation material.

> **INTERROGATORY NO. 5**:  In the September 22, 2015, letter to the Court, the PSC claims that three of Taishan's Board of Directors were "BNBM PLC appointees…."  If the PSC contends that this fact, if true, implies wrongdoing of any kind by CNBM Group, please explain why, and identify each fact and each witness that supports this contention.  This response should be complete, and stand as the PSC's comprehensive list of each such fact, without exception.

**RESPONSE TO INTERROGATORY NO. 5:**  Plaintiffs object to Interrogatory No. 5 as it seeks information in excess of or redundant to the pretrial procedures applicable to the November 10, 2015 evidentiary hearing that were approved by the parties and Court.  *See, e.g.*, Rec.Doc. No. 19630 and 19657.  Plaintiffs further object to this contention interrogatory on the grounds that any relevance of the information that is sought by this interrogatory fails to outweigh the burden its collection would impose on the plaintiffs at this time while discovery is ongoing, and defendants continue to tardily produce documents.  Plaintiffs further object to this contention interrogatory on the grounds that it seeks information that is privileged and protected as trial-preparation material.

> **INTERROGATORY NO. 6**:  In the September 22, 2015 letter to the Court, the PSC states that "Taishan's chairman Jia Tongchin was in communication with its parent companies BNBM, PLC and CNBM Group…."  If you contend that such a communication, if true, implies or proves wrongdoing on the part of CNBM Group, please explain why, and state each fact and identify each witness that supports such a contention.  This response should be complete, and stand as the PSC's comprehensive list of each such fact, without exception.

5

**RESPONSE TO INTERROGATORY NO. 6**: Plaintiffs object to Interrogatory No. 6 as it seeks information in excess of or redundant to the pretrial procedures applicable to the November 10, 2015 evidentiary hearing that were approved by the parties and Court. *See, e.g.*, Rec.Doc. No. 19630 and 19657.  Plaintiffs further object to this contention interrogatory on the grounds that any relevance of the information that is sought by this interrogatory fails to outweigh the burden its collection would impose on the plaintiffs at this time while discovery is ongoing, and defendants continue to tardily produce documents.  Plaintiffs further object to this contention interrogatory on the grounds that it seeks information that is privileged and protected as trial-preparation material.

> **INTERROGATORY NO. 7**:  In the September 22, 2015 letter to the Court, the PSC describes that Chairman Jia "discussed Taishan's withdrawal from the litigation with the company's former Chief of Foreign Trade and 'voluntary' special consultant PENG Wenlong…."  If you contend that this fact, if true, implies wrongdoing of any kind on the part of the CNBM Group, please explain why, and identify each and every fact and each witness that supports this contention.  This response should be complete, and stand as the PSC's comprehensive list of each such fact, without exception.

**RESPONSE TO INTERROGATORY NO. 7**:  Plaintiffs object to Interrogatory No. 7 as it seeks information in excess of or redundant to the pretrial procedures applicable to the November 10, 2015 evidentiary hearing that were approved by the parties and Court. *See, e.g.*, Rec.Doc. No. 19630 and 19657.  Plaintiffs further object to this contention interrogatory on the grounds that any relevance of the information that is sought by this interrogatory fails to outweigh the burden its collection would impose on the plaintiffs at this time while discovery is ongoing, and defendants continue to tardily produce documents.  Plaintiffs further object to this contention interrogatory on the grounds that it seeks information that is privileged and protected as trial-preparation material.

>**INTERROGATORY NO. 8**:  In the September 22, 2015 letter to the Court, the PSC cites to the deposition transcript of Chairman Jia, making reference repeatedly to portions of the testimony from pages 181 through 189, among other citations.  At page 183 of the transcript, the witness is asked by Mr. Levin:
>
>Q.  My question, sir, is is it a fact, sir, that you informed high-level officers of CNBM about the details of this case and your desire for Taishan not to appear at the judgment debtor examination?  Yes or no?
>
>MR. TAYLOR:  Objection to form, compound.
>
>MR. WU:  Objection, form.
>
>A.       No.
>
>If you contend that Chairman Jia's testimony is not true, or inaccurate in any way, please explain why, and identify each fact and each witness that supports that contention.  This response should be complete, and stand as the PSC's comprehensive list of each such fact, without exception.

>**RESPONSE TO INTERROGATORY NO. 8**:  Plaintiffs object to Interrogatory No. 8

as it seeks information in excess of or redundant to the pretrial procedures applicable to the

November 10, 2015 evidentiary hearing that were approved by the parties and Court.  *See, e.g.*,

Rec.Doc. No. 19630 and 19657.  Plaintiffs further object to this contention interrogatory on the

grounds that any relevance of  the information that is sought by this interrogatory fails to

outweigh the burden its collection would  impose on the plaintiffs at this time while discovery is

ongoing, and defendants continue to tardily produce documents.  Plaintiffs further object to this

contention interrogatory on the grounds that it seeks information that is privileged and protected

as trial-preparation material.

>**INTERROGATORY NO. 9**:  In the September 22, 2015, letter to the Court, the PSC states:  "These facts, among others, refute CNBM Group's claim of sovereign immunity, since they demonstrate that CNBM Group, as Taishan's ultimate controller and alter ego, was engaged in the commercial activity of selling Chinese drywall that caused damage to United States citizens and/or that Plaintiffs'' damages were caused by CNBM Group's employees' tortious act."  Please:

a) Identify each CNBM Group employee who is alleged to have engaged in "tortious acts," including in your response a description and details regarding each such act;
b) Identify which facts are included within the meaning of the PSC's "among others" reference;
c) If you contend that these facts, if true, imply wrongdoing of any kind on the part of CNBM Group and/or CNBM Group's employees, please explain why, and identify each fact and each witness that supports this contention. This response should be complete, and stand as the PSC's comprehensive list of each such fact, without exception; and
d) Identify the regular course of commercial conduct or particular commercial transaction, including any alleged contracts within the United States, that forms the basis of Plaintiffs' claims in this case that you contend that CNBM Group engaged in.

**RESPONSE TO INTERROGATORY NO. 9**: Plaintiffs object to Interrogatory No. 9 as it seeks information in excess of or redundant to the pretrial procedures applicable to the November 10, 2015 evidentiary hearing that were approved by the parties and Court. *See, e.g.*, Rec.Doc. No. 19630 and 19657. Plaintiffs further object to this contention interrogatory on the grounds that any relevance of the information that is sought by this interrogatory fails to outweigh the burden its collection would impose on the plaintiffs at this time while discovery is ongoing, and defendants continue to tardily produce documents. Plaintiffs further object to this contention interrogatory on the grounds that it seeks information that is privileged and protected as trial-preparation material.

**INTERROGATORY NO. 10**: If you contend that PENG Wenlong is a CNBM Group employee or agent, please identify all facts and every witness that supports that contention. This response should be complete, and stand as the PSC's comprehensive list of each such fact, without exception.

**RESPONSE TO INTERROGATORY NO. 10**: Plaintiffs object to Interrogatory No. 10 as it seeks information in excess of or redundant to the pretrial procedures applicable to the November 10, 2015 evidentiary hearing that were approved by the parties and Court. *See, e.g.*,

Rec.Doc. No. 19630 and 19657.  Plaintiffs further object to this contention interrogatory on the grounds that any relevance of the information that is sought by this interrogatory fails to outweigh the burden its collection would impose on the plaintiffs at this time while discovery is ongoing, and defendants continue to tardily produce documents.  Plaintiffs further object to this contention interrogatory on the grounds that it seeks information that is privileged and protected as trial-preparation material.

                Respectfully submitted,

Dated: November 2, 2015      /s/ Russ M. Herman
                Russ M. Herman, Esquire (Bar No. 6819)
                Leonard A. Davis, Esquire (Bar No. 14190)
                Stephen J. Herman, Esquire (Bar No. 23129)
                HERMAN, HERMAN & KATZ, LLP
                820 O'Keefe Avenue
                New Orleans, LA 70113
                Phone: (504) 581-4892
                Fax: (504) 561-6024
                ldavis@hhklawfirm.com
                *Plaintiffs' Liaison Counsel in MDL 2047*
                *and Class Counsel*

                Arnold Levin, Esquire
                Fred S. Longer, Esquire
                Sandra L. Duggan, Esquire
                LEVIN, FISHBEIN, SEDRAN & BERMAN
                510 Walnut Street, Suite 500
                Philadelphia, PA 19106
                Phone: (215) 592-1500
                Fax: (215) 592-4663
                alevin@lfsblaw.com

                *Plaintiffs' Lead Counsel in MDL 2047*
                *and Class Counsel*

## CERTIFICATE OF SERVICE

      I hereby certify that the above and foregoing has been served on Defendants' Liaison Counsel, Kerry Miller, by e-mail and upon all parties by electronically uploading the same to LexisNexis File & Serve in accordance with Pre-Trial Order No. 6, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2047 on this 2nd day of November, 2015.

/s/ Leonard A. Davis
Leonard A. Davis, Esquire
HERMAN, HERMAN & KATZ, LLC
820 O'Keefe Avenue
New Orleans, Louisiana 70113
Phone: (504) 581-4892
Fax: (504) 561-6024
Ldavis@hhklawfirm.com
*Plaintiffs' Liaison Counsel in MDL 2047*
*Co-counsel for Plaintiffs*