**THOMAS E. LUKASZEWSKI**
PO Box 4157
Cherry Hill, NJ 05034
856-979-1506
tommyluka@verizon.net

**<u>VIA FASCIMILE (504) 589-6966</u>**

October 29, 2015

Judge Eldon E. Fallon
500 Poydras Street
Room C-456
New Orleans, LA 70130

RE: Chinese Manufactured Drywall Products Liability Litigation
MDL No. 2047
Plaintiffs: Thomas & Lynn Lukaszewski
Affected Property Address: 3421 SW Haines Street, Port St. Lucie, FL

Dear Judge Fallon:

We are in receipt of Your Honor's Order dated October 23, 2015 regarding our request to file a late PRALE Claim for the above-referenced property. I have enclosed a copy of the Order for your convenience. Mr. Montoya of Colson Hicks has been in touch with me concerning same and it is his position that we would not have been successful filing a PRALE claim so their office filed a Miscellaneous Claim instead. Enclosed please find a copy of his email outlining our discussion and my response to same.

I have reviewed my documentation and it is our position that there should be two outstanding Claims left in our case; one PRALE (which we know was not filed) in the amount of $4,646.39 and one under the Miscellaneous Fund (which was filed) in the amount of $7,566.38. Please note that we believe the Claim filed by Colson Hicks on our behalf under the Miscellaneous Fund is incorrect but I do not have access to that information from Brown Greer. I am basing this upon a copy of a letter I received from Colson Hicks shortly before they withdrew as Counsel. I have enclosed a copy for your convenience.

As Your Honor may recall, we have already settled the remainder of our case with Knauf under the ARH Fund and would really like to complete this process. We are respectfully requesting that the Court provide guidance to us, Mr. Montoya and the Settlement Administrator on how best to resolve this remaining Claim(s).

Thank you.

Respectfully submitted,

*Thomas E. Lukaszewski*
Thomas E. Lukaszewski

cc: Patrick Montoya, Esquire – via email
Leonard Davis, Esquire – via email

10/30/2015 09:19 STAPLES 0033 PAGE 02
Case 2:09-md-02047-EEF-MBN Document 19676-1 Filed 11/03/15 Page 2 of 9
Case 2:09-md-02047-EEF-JCW Document 19636 Filed 10/23/15 Page 1 of 2

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: CHINESE MANUFACTURED DRYWALL PRODUCTS LIABILITY LITIGATION | MDL NO. 2047 |
| | SECTION L |
| | JUDGE FALLON |
| | MAGISTRATE JUDGE WILKINSON |
| THIS DOCUMENT RELATES TO: ALL CASES | |

### ORDER

The Court received and reviewed the attached correspondence and request to file a late Pre-Remediation Alternative Living Expense ("PRALE") claim from Thomas Lukaszewski. **IT IS ORDERED** that the attached correspondence and request be entered into the record.

The correspondence and attached exhibits indicate that Claimant was previously represented by Jeff Keiser and/or Patrick Montoya at Colson Hicks Eidson. Claimants contend that counsel failed to properly submit the proper documentation with regard to their PRALE claim before the October 2013 deadline.

Accordingly, **IT IS ORDERED** that Patrick Montoya or Jeff Keiser contact Mr. Lukaszewski to discuss this situation further and take any appropriate action and thereafter alert the Court as to the status of the matter.

New Orleans, Louisiana, this 23rd day of October, 2015.

_____
UNITED STATES DISTRICT JUDGE

cc:
Thomas Lukaszewski
P.O. Box 4157
Cherry Hill, NJ 08034

Patrick Montoya
Colson Hicks Eidson Colson

1

255 Alhambra Circle, PH
Coral Gables, FL 33134

Jeff Keiser
Colson Hicks Eidson
1100 Poydras Street
Suite 2800
New Orleans, LA 70163

Leonard Davis
Herman Herman & Katz
820 O'Keefe Ave.
New Orleans, LA 70113

2

## Lukaszewski, Lynn A.

**From:** THOMAS LUKASZEWSKI [tommyluka@verizon.net]
**Sent:** Wednesday, October 28, 2015 9:28 AM
**To:** Lukaszewski, Lynn A.
**Subject:** Fwd: Drywall claim

Sent from my iPhone

Begin forwarded message:

> **From:** "Montoya, Patrick" <patrick@colson.com>
> **Date:** October 27, 2015 at 8:28:27 PM EDT
> **To:** THOMAS LUKASZEWSKI <tommyluka@verizon.net>
> **Subject: Drywall claim**
>
> Dear Mr. Lukaszewski,
> Thank you for calling me back today. The below is a summary of our conversation:
>
> 1. I advised you that the damages you submitted we did not believe were compensable under the PRALE claim definition because many of them were compensable under the Lump Sum or incurred after documentation showed you had begun your remediation, falling outside the PRALE claim. For those reasons, we believe your PRALE claim may have been denied and filed your claim as a Miscellaneous claim that was found to be eligible.
>
> 2. I advised you that there is a $2,500 cap on the initial offer for the Miscellaneous claim, but you may receive more on appeal; however, the appeals won't be decided until all initial offers are accepted or appealed to the Special Master. I explained to you that you may accept the Miscellaneous award now and that would be the end of your claim. This was not acceptable to you.
>
> 3. I explained to you that the Settlement Administrator has agreed to convert your Miscellaneous claim to a PRALE claim if you desire and that we can facilitate that for you immediately.
>
> 4. I also explained to you that a PRALE claim has a $10,000 cap on the initial offer if it is found to meet the PRALE definition. We understand the gravamen of your complaint to be that a PRALE claim was not submitted for you. With your permission, we could have the Settlement Administrator convert the claim for to a PRALE claim immediately for you, but advised you that there is a possibility it may be denied. Any PRALE award would also be appealable for a higher award.
>
> 5. You also expressed to me your dissatisfaction with the entire Settlement Agreement and

1

negotiations. As you noted in our conversation you seriously considered opting out of the Settlement Agreement. Looking through your file, you did contact Mike Ryan to discuss the same, but you ultimately decided to stay in the Settlement. You let me know that you believe you should be compensated dollar-for-dollar. I explained to you that the Settlement Agreement was not perfect and that many expenses, due the structure of the Lump Sum payment definition, let to your having a shortfall. You let me know that this was unsatisfactory to you and you felt the Settlement Agreement was unfair, as was the way Knauf treated you in the negotiation process of your ARH claim.

6. Ultimately, you told me you would discuss this matter with your wife and let me know what course of action you were to take and that you will likely want to express your dissatisfaction with the Court.

I look forward to your early reply and appreciate your time speaking with me today. I will report back to the Court once you have let me know what course of action you would like to take.

Regards,


Patrick S. Montoya
Partner
Colson Hicks Eidson
255 Alhambra Circle, PH
Coral Gables, FL 33134
(O) 305-476-7400
(F) 305-476-7444

2

THOMAS E. LUKASZEWSKI
PO Box 4157
Cherry Hill, NJ 05034
856-979-1506
tommyluka@verizon.net

*Via Email*

October 29, 2015

Patrick S. Montoya, Esquire
Colson Hicks Eidson
235 Alhambra Circle
Coral Gables, FL 33134

RE: Drywall Claim

Dear Mr. Montoya,

I have received your email dated October 27, 1015 and have had an opportunity to review same.

With regard to #1 and your belief that we would not be entitled to damages under the PRALE claim as the documentation indicates that these expenses were incurred after remediation had begun. Traveling to Florida and staying in a hotel in order to facilitate the plans to fix our home certainly constitutes "pre-remediation." As you may recall, we emptied our home and placed all of our possessions in storage in May of 2009 and remediation did not begin until very late in December of 2009. Every trip made to Florida between May and December of 2009 necessitated staying in a hotel as we had nowhere else to stay. We rented a condo in Fort Pierce from December 22, 2009 through March, 2010 and that is where we stayed during the remediation. That amount is *not* included in the figures for the Miscellaneous and/or any prospective PRALE claim.

With regard to #2 and the cap on the Miscellaneous claim. You also indicated that the Special Master really is not "fond" of appeals however, the amount of $2,500 is unacceptable to us. We settled our ARH claim with Knauf under the belief and knowledge that certain items that were not covered in the Settlement would be compensable from one or more of the Other Loss Funds. I could not locate anywhere in the Court documents an Order that indicates we cannot collect from more than one Fund. If you have this information, please provide it.

With regard to converting the Miscellaneous Claim to a PRALE Claim, will the expenses claimed then be rejected because they do not fall into the correct category? As you know during the course of negotiations with Knauf, they routinely kicked back items on our claim without explanation and sometimes without us knowing specifically what was

Patrick S. Montoya, Esquire
October 29, 2015
Page 2

being deleted. As to the $10,000 cap, it is my understanding from Court document 18232 Filed on 12/23/14 known as Pre-Trial Order No. 29, the PRALE claim has a cap of $14,400.00. If this is not the case, please let me know.

As for our dissatisfaction with the entire Settlement Agreement, our actual dissatisfaction is more aptly directed at the process. As you know, Knauf was constantly changing what they would or would not pay for (at least in our case) and were unwilling to provide documentation when same was requested. You are absolutely correct in your statement that we had originally wished to "opt-out" of the MDL. Unfortunately, your office did not leave us with much choice as a review of my file indicates that you informed us 48 hours prior to the "opt-out" deadline that we would have to obtain new counsel if that was what we decided to do. You also counseled us that although State Court would give us more options (we knew they were no guarantees), you felt that the MDL would be a much faster and equitable solution. Here we are almost seven years later and we are still haggling over expenses and what fund they belong in or, if they will even be reimbursed. This certainly has not turned out to be a "faster" option.

My documentation indicates that we have filed a claim in the amount of $7,566.38 under the Miscellaneous Claim (this is the amount we appealed to the Special Master) and, with the exception of our mileage, all expenses were incurred pre-remediation. The amount that we believe belongs in the PRALE claim is $4,646.39 and this is for lodging and moving and storage *prior* to remediation. The total amount that we believe to be outstanding at this time is $12,212.77. As you can see, the total amount is under the cap on the PRALE claim (unless you have more recent information than the Order in my possession).

By copy of this letter, I am requesting that the Court provide some guidance to both of us and the Settlement Administrator as to how to best resolve this. The bulk of our claim was settled some months ago under the ARH fund and there is nothing that we would like more than to finally be done with this nightmare.

Sincerely,

Thomas E. Lukaszewski

cc: Leonard Davis, Esquire - via email
Honorable Eldon E. Fallon - via fascimile



**Colson Hicks Eidson**

ERVIN A. GONZALEZ
Board Certified Civil &
Business Trial Attorney

*Via E-mail and Regular US Mail*

March 20, 2015

Chinese Drywall Settlement Administrator
P.O. Box 25401
Richmond, Virginia 23260

RE: Thomas & Lynn Lukaszewski Miscellaneous Claim (Claimant ID 104282)
Notice of Incompleteness

To whom it may concern:

    This letter and recently submitted documents are intended to respond to the Notice of Incompleteness for Claim ID 14881, the miscellaneous claim of Thomas & Lynn Lukaszewski. Your most recent notice requests information relating to 1) a failure to state a claim, and 2) proof of expenses for the miscellaneous claim.

    Claimants in this case will recover some of their losses through the ARH Program, but many of their losses remain uncompensated. The basis of this miscellaneous claim stems from these uncompensated losses suffered by claimants. Section 4.7.3.1 of the Knauf Settlement Agreement provides that "[t]he Special Master and the MDL Court may, in their discretion, consider and allow claims that are not explicitly provided in Sections 4.7.1.1, 4.7.1.2, 4.7.1.3, 4.7.1.4, 4.7.1.5 and 4.7.1.6, so long as the claims are equitably justified and do not involve claims for the specifically enumerated Other Loss Exclusions. In considering any such additional claims, the Special Master and the MDL Court may, in their discretion, adjust the amount of the claims so as to protect Other Loss funds for other Settlement Class Members." Claims submitted pursuant to this provision are known as "Miscellaneous Claims."

    Claimants here have no other OLF claims, as their primary recovery will stem from the ARH claim process. However, and importantly, that claim process omits several aspects of losses that remain compensable under this OLF/Miscellaneous claim. This is the claim being made here.

    Regarding proof of said expenses, additional documentation has been uploaded to the web portal. However, a summary of these expenses is below, with references to the web portal document that details these charges. This summary is below:

| Description | Amount | Confirming Document |
|---|---|---|
| Mileage/Travel | $3,533.09 | Affidavit |

THE LAW FIRM OF COLSON, HICKS, EIDSON, COLSON, MATTHEWS, MARTINEZ, GONZALEZ, KALBAC & KANE
| 255 ALHAMBRA CIRCLE, PENTHOUSE | CORAL GABLES, FLORIDA | 33134
| T: 305.476.7400 | F: 305.476.7444 | W: www.colson.com
| 208 11TH STREET SE | WASHINGTON, DC | 20003
| T: 202.386.6706 | F: 202.386.6706 | W: www.colson.com
| 1100 POYDRAS STREET, SUITE 2800 | NEW ORLEANS, LA | 70163
| T: 305.476.7400 | F: 305.476.7444 | W: www.colson.com

Colson
Hicks
Eidson

| | | |
|---|---|---|
| Alternative Living Expenses | $4,127.75 | Bates Numbers 000105-106 |
| Storage and Moving Expenses | $2,923.37 | Bates Numbers 000056-68; 00579-586 |
| Personal Property Losses | $1,218.06 | Bates Numbers 000075; 000602-605 |
| Utilities | $7,410.00 | Bates Numbers 000069; 000620-637 |
| TOTAL | $19,212.27 | |

These losses to claimant are not otherwise recoverable under the OLF claims system, yet should be compensable to claimant as valid and verified losses to claimant. All confirming and proving documents are attached to this submission.

Very truly yours,

ERVIN A. GONZALEZ
PATRICK S. MONTOYA
JEFF J. KEISER

EAG/PSM/JJK/brf