UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: CHINESE-MANUFACTURED DRYWALL PRODUCTS LIABILITY LITIGATION | * * * * * * | MDL NO. 2047<br><br>SECTION: L<br><br>JUDGE FALLON |
| THIS DOCUMENT RELATES TO: ALL CASES | * * * | MAG. JUDGE WILKINSON |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

**SUPPLEMENTAL MEMORANDUM IN SUPPORT OF
OMNIBUS MOTION FOR PROTECTIVE ORDER AND MOTION TO TAX COSTS
AND MOTION TO QUASH NOTICE OF DEPOSITION**

Morgan Stanley files this Supplemental Memorandum in Support of its Omnibus Motion for Protective Order and Motion to Tax Costs filed Monday, November 2, 2015 to update the Court as to the status of the 30(b)(6) deposition of Morgan Stanley. In addition, because the PSC has unreasonably refused to reschedule the deposition despite the fact that it has failed to confirm the topics for the deposition and Morgan Stanley has discovered additional documents responsive to the subpoena that it will not be able to produce before the deposition, Morgan Stanley respectfully requests that the Court quash the deposition notice issued by the PSC setting the deposition for Friday, November 13, 2015. The PSC seeks to force a deposition before Morgan Stanley can finalize its production, despite the fact that Morgan Stanley has offered a new deposition date less than ***three weeks*** from the original date. Morgan Stanley has only agreed to be deposed once, and this short continuance is the most reasonable way to proceed so that all parties have an opportunity to review the new documents and so the witness can be prepared on a definite list of topics.

Even though the PSC insists that it wants to depose Morgan Stanley on November 13, 2015, it has repeatedly refused to confirm the scope of the topics for the deposition.  The PSC's refusal to confirm the deposition topics and the confusion that refusal has caused required Morgan Stanley to file its Motion for Protective Order, asking this Court to limit the topics of the deposition to the four transactions identified in Morgan Stanley's emails to the PSC.  Despite Morgan Stanley's repeated requests and the filing of this Motion, the PSC has ignored and refused to confirm the topics for the deposition.  Indeed, after Morgan Stanley filed its Motion, the PSC a Notice of Date and Location for Oral and Videotaped Deposition Pursuant to Fed. R. Civ. P. 30(b)(6), setting the deposition for November 13, 2015.  Rec. Doc. 19675.  Nevertheless, the PSC's notice ***still does not confirm the topics of the deposition*** although the PSC plainly knew when it issued the notice – based upon the multiple e-mail requests and the Motion itself – that Morgan Stanley objected the deposition proceeding without the deposition topics being set.[1]

Morgan Stanley's agreement to provide a deposition date to the PSC has always been tied to the PSC identifying the scope of the deposition.[2]  The PSC's continued refusal to confirm the topics previously discussed with Morgan Stanley suggests that the PSC plans, in fact, to ask the deponent not only about the agreed topics but others and does not want to identify those topics in advance of the deposition, which is contrary to Rule 30(b)(6).  Accordingly, Morgan Stanley respectfully asks that this Court issue an order limiting the scope of the deposition to the topics contained in the PSC's May 18, 2015 Subpoena: (1) the Global IPO of CNBM in 2006, (2) a Placing Agreement in 2007 placing additional CNBM shares on the market, (3) a Placing

---

[1] *See* Ex. N, Nov. 3-5, 2015 email chain between J. Garner, R. Herman, and B. Steckler; Notice of Date and Location for Oral and Videotaped Deposition Pursuant to Fed. R. Civ. P. 30(b)(6), Rec. Doc. 19675.

[2] *See* Exs. H and I to Memo. in Support of Omnibus Motion for Protective Order and Motion to Tax Costs.  Rec. Doc. 19669-1.

Agreement in 2009 placing additional CNBM shares on the market, and (4) a Placing Agreement in 2010 placing additional shares on the market.

Additionally, Morgan Stanley respectfully requests that the Court quash the PSC's deposition notice setting the deposition for November 13, 2015.  On November 3, 2015, Morgan Stanley notified the PSC that, in the course of preparing for the deposition this past last week, it had discovered approximately 1,500 additional documents that appeared to be responsive to the May 18, 2015 subpoena *duces tecum.*  Because of the time it would take to review these additional documents and produce them to the PSC so that it could review them before the deposition, along with other uncertainties regarding the scope of the deposition, Morgan Stanley advised the PSC that it was continuing the November 13, 2015 deposition.[3]  The PSC then issued its last-minute notice of deposition, seeking to set the deposition that Morgan Stanley had already postponed on November 13, 2015.

As Morgan Stanley has informed the PSC, it is in the process of reviewing these documents to make a supplemental production to the PSC.  Morgan Stanley anticipates that it will take at least a week to review the English-language documents.  Morgan Stanley will also have to have a number of documents that are in Chinese translated, which will take an additional week *after* they are reviewed in native form to be produced.  Accordingly, Morgan Stanley continued the deposition from the tentative date of November 13, 2015 so that the PSC could have the documents in time to prepare for the deposition.  As the Court is well aware, Morgan Stanley is a third party to this action and should not be put in a position where it might be subject to a request for a second deposition.

---

[3] *See* Ex. N.

Moreover, at the time of the continuance, the PSC had not issued a notice of deposition or a subpoena compelling Morgan Stanley's appearance on that date. Morgan Stanley offered December 10, 2015, however, as a new date for its deposition.[4] When the PSC complained that December 10 was too late for its purposes, Morgan Stanley offered December 3, 2015 for the deposition. Because of the recently discovered documents that Morgan Stanley intends to produce to the PSC and because the PSC still refuses to confirm the scope of the deposition, Morgan Stanley asks this Court to quash the November 3, 2015 notice of deposition and order that the deposition occur on December 3, 2015.

Last, after Morgan Stanley sought the Court's intervention, the PSC acknowledged that it would reimburse Morgan Stanley for its "reasonable costs" associated with responding to the subpoena and for the witness's travel accommodations. The PSC's "about face" reversed its previous absolute refusal to pay any of Morgan Stanley's costs, which necessitated the filing of this Motion. Now that the PSC has agreed to reimburse Morgan Stanley's costs, the only dispute between the parties appears to be the amount that the PSC must pay Morgan Stanley. In addition to the invoices for Mr. Keyes's travel accommodations, attached as Exhibit L to Morgan Stanley's Omnibus Motion for Protective Order and Motion to Tax Costs, Rec. Doc. 19669, Morgan Stanley submits herewith its invoices associated with the databases utilized to review, process, and translate the documents responsive to the PSC's subpoena, which total $19,161.[5]

Accordingly, Morgan Stanley ask that this Court:

(1) grant its Motion for Protective Order and limit the topics of the deposition to the four topics identified herein;

---

[4] *See id.*

[5] *See* Ex. O, Xerox Litigation Services and RR Donnelly invoices.

(2) quash the notice of deposition setting the deposition on November 13, 2015 to allow Morgan Stanley to make its supplemental document production and order that the deposition occur on December 3, 2015 or a later agreed-upon date; and

(3) order that the PSC pay its costs for the databases used to review, produce, and translate the documents, $19,161, and pay the travel costs and hotel accommodations of its 30(b)(6) witness, $1,893 and $830, respectively.

Respectfully Submitted,

/s/ *James M. Garner*_____
JAMES M. GARNER, LA BAR #19589
JOSHUA S. FORCE, LA BAR #21975
ASHLEY G. COKER, LA BAR #30446
**SHER GARNER CAHILL RICHTER KLEIN & HILBERT, L.L.C.**
909 Poydras Street, Twenty-eighth Floor
New Orleans, Louisiana 70112
Phone: (504) 299-2100
Facsimile: (504) 299-2300
**COUNSEL FOR MORGAN STANLEY**

## CERTIFICATE OF SERVICE

I hereby certify that the above and foregoing Opposition to Motion to Compel Against Morgan Stanley has been served on counsel for the Plaintiffs' Steering Committee, Leonard A. Davis, and Defendants' Liaison Counsel, Kerry Miller, by e-mail <u>and</u> on all parties by electronically filing via CM/ECF, which will send a notice of electronic filing in accordance with the procedures established in MDL 2047, on this 5th day of November 2015.

/s/ *James M. Garner*_____
JAMES M. GARNER