In The United States District Court
For The Eastern District Of Louisiana

IN RE: CHINESE-MANUFACTURED
DRYWALL PRODUCTS LIABILITY
LITIGATION

MDL NO. 2047 Section L
THE HON. ELDON E. FALLON
500 Cap St. New Orleans, LA. 70130

This document relates to:
Payton et al v. Knauf et al
Case No. 09-7628
Wiltz et al v. Knauf et al
Case No. 10-361
Haya et al v. Taishan et al
Case No. 11-1077
Amorin et al v. Taishan et al
Case No. 11-1395
Amorim et al v. Taishan et al
Case No. 11-1672
Amorim et al v. Taishan et al
Case No. 11-1673

## REGARDING THE EX PARTE MOTION BY ROGER ELLIOTT
## TO RELEASE SETTLEMENT FUNDS FROM COURT REGISTRY

Your Honor,

    Sir, this is the supporting memoranda by the Petitioner, Roger Elliott, following Mr. Michael J. Ryan's Ex Parte motion to withdraw.  First, I commend Mr. Ryan to you and as having given wise counsel over the years he represented my then wife and I.  He is outstanding. You as well sir, have been patient as I listened in on your conference call in early years.  Thank you.

    The motion before you today regards Banner Settlement funds and my Ex Parte Motion to disburse funds.  Please see the enclosed motion.  The issue regards the marital settlement agreement between my then wife, Allison Elliott, and me and whether or not it should include the Banner funds.  It was my intent was that it did not.  It is a question of whose intent prevails.

    My ex-wife sought a hearing to interpret our settlement agreement as to include these funds. Her attorney e-mailed me about a case to be brought in the NINETEENTH JUDICIAL DISTRICT IN MARTIN COUNTY, FLORIDA.  The court documents asked me to present my objections in writing which I did both to the court and to Allison's attorney.  I responded about

1

the extreme financial burden that it would impose on me along with my health issues. I also provided proof of my limited income and the financial burden it would impose. A copy of the same is enclosed in the addenda. Neither the court nor her attorney ever responded. The court ruled without due process. One day after work, I received an e-mail from the court about a hearing. I work part time in retail and arrived home late in the day to read the e-mail. I awoke the next morning to a second e-mail from Allison's attorney with a signed order from a judge granting her request. The notice of a hearing was received on one afternoon and the hearing occurred early the next morning. It was less than 24 hours. There was no due process.

My former wife is comparatively wealthy and did not ever suffer a financial burden. She received the house, the dogs and everything else; although I am still on the mortgage. All I received was $7,500. Moreover, Allison strenuously objected to my efforts to seek legal relief and join the MDL. The Banner Settlement involved much work. She never assisted.

The issue is whether or not our marital settlement agreement covered the Banner settlement. Mr. Mike Ryan reviewed the settlement agreement and concluded that it did not. Allison's attorney argues that my signing a quit claim deed to the marital home entitles her to these funds. That was not my intent. My intent was that it was not included and the question is whether or not Allison's ex post facto argument has merit. I ask you to rule that it does not.

Judge Fallon, I understand that we live in an age where documents are considered living. The philosophy of Deconstruction has some merit as language does indeed evolve over time. However our marital settlement agreement is not ancient history. It is clear that it does not reference the Banner funds and was drafted by her attorney. Any argument that it does is without merit. There is another reason why it should not be construed as conveyed to her in the agreement. I was under extreme duress from cancer treatment and was burdened to sign.

At the time I was seeking divorce my wife was suffering from extreme alcoholism. She was a no show at hearings which were being continued simply by her absence. I was suffering from the effects of stage IV cancer treatment and still do. I lived on disability and meagerly in a 10' x 12' shack in Hobe Sound, Fl. while awaiting the divorce. My duress and hardship was contrasted by her living in a custom built 3,500 square foot home in a gated equestrian community called Stuart West. It was our marital home which I quit claimed in a desperate act to live. Living and recovering from cancer with Allison had become impossible. I had consented to the quit claim because of duress and walked away in an effort to save my life.

Had I been in good health or had the means for representation, I would have sought a very different and equitable agreement. The settlement agreement was therefore prejudiced against me. My cancer had indeed been life threatening. My surgeon was surprised to see that I had lived. Cancer could return of course at any time. Meanwhile my quality of life is poor. I suffer from chronic pain due to the side effects of surgery, extreme chemotherapy and much radiation. Mr. Ryan has possession of over 150 pages of my medical records. Enclosed in the

2

addendum is an excerpt. The result of extreme chemo-radiation is permanent nerve damage. My spinal facet nerves were delaminated by the chemo-radiation and will not regenerate. The myelin sheaths around them were degraded and thinned making them like bare electric wires and I am unable to work full time because of the intense pain. Short of a miraculous healing, I will suffer from this pain for the rest of my life.

    There is another relevant point here. Allison perjured herself in court documents. During our divorce Allison wrote that she had only $500 in cash on hand. The judge accepted it when in fact; Allison had over $180,000 at the time in a Wells Fargo cash management account. This did not include her retirement and investment accounts elsewhere, including another cash management account at Merrill Lynch. Her account could have been accessed online in a brief moment for the sake of veracity. The judge was not interested. Allison succeeded in perjury. Her perjury in that court proceeding was an injustice. She seeks to add to that injustice now and the court in Martin County, Florida is showing prejudice, by acceding to her requests without granting me due process. I ask your court for relief. Allison should be given due process as I should have. She can indicate her willingness to challenge the perjury in court documents by contacting your associate below to indicate her willingness to appear and access online her October and November 2013 Wells Fargo cash management account to disprove her perjury.

              **Mr. Dean Oser**;  Case Manager 504-589-7686

Your honor, Allison will not contact your court as she is well aware of the perjury. I respectfully request that you grant my Ex Parte motion attached to release the funds as per the attached.

Sincerely,

*[signature]*

Roger Elliott
PO Box 1771, Santa Rosa Beach, Fl. 32459

Enclosures [5]

I certify that a copy of this document and the motion to release funds were transmitted electronically to Allison Booth (Elliott) at rogerandallison@gmail.com on October 16, 2015.

*[signature]*
_____
                Roger C. Elliott

In The United States District Court

For The Eastern District Of Louisiana

MDL NO. 2047

IN RE: CHINESE-MANUFACTURED DRYWALL     SECTION: L

PRODUCTS LIABILITY DIVISION     JUDGE FALLON

This document relates to:
Payton et al v. Knauf et al
Case No. 09-7628
Wiltz et al v. Knauf et al
Case No. 10-361
Haya et al v. Taishan et al
Case No. 11-1077
Amorin et al v. Taishan et al
Case No. 11-1395
Amorim et al v. Taishan et al
Case No. 11-1672
Amorim et al v. Taishan et al
Case No. 11-1673

# EX PARTE MOTION
# ORDER TO R*EL*EASE SETTLEMENT FUNDS
# FROM COURT REGISTRY

This court having considered the Ex Parte Motion to Disburse Settlement Funds from the Court Registry and supporting memorandum filed by Petitioner, Roger C. Elliott of Santa Rosa Beach, Fl., and finds that the Petitioner's motion should be granted accordingly, it is:

Ordered that the Clerk is authorized and directed to draw a check on the funds on deposit in the registry of this court in the principle amount of $13,637.68 plus all interest earned less the assessment fee for the administration of the funds payable to Roger Elliott and mail the check to Po Box 1771, Santa Rosa Beach, Florida 32459.

New Orleans, Louisiana, this _____ day of October, 2015.

_____

The Honorable Eldon E. Fallon

District Court Judge

IN THE CIRCUIT COURT OF THE NINETEENTH JUDICIAL CIRCUIT
IN AND FOR MARTIN COUNTY, FLORIDA

CASE NO. 13-1114-DR

IN RE: THE MARRIAGE OF

ALLISON BOOTH ELLIOTT

    Petitioner,

and

ROGER COLE ELLIOTT

    Respondent.
_____/

## ORDER ON MOTION TO ENFORCE FINAL JUDGMENT FOR DISSOLUTION OF MARRIAGE AND FOR ATTORNEY'S FEES AND COSTS

THIS MATTER came before the Court on June 22, 2015 on the Former Wife's Motion to Enforce Final Judgment for Dissolution of Marriage and for Attorney's Fees and Costs and the Court having heard evidence and argument finds and determines as follows:

1. There is presently $16,700 deposited into the registry of the court in the United States District Court, Eastern District of Louisiana; MDL No. 2047; Section L.

2. The class action attorney, Michael J. Ryan, Esquire, for Allison Booth Elliott and Roger Cole Elliott has an additional check for $2,500 for Chinese drywall defects on the former marital home in his possession.

3. There may be additional funds paid as a result of the chinese drywall class action suit.

4. The Former Wife received the marital home located at 2003 SW Laredo Street, Palm City, Florida 34990 as her sole and separate property in the above-styled cause. The Former Husband is not entitled to any of the funds associated with the marital home or the chinese drywall class action suit. The Former Wife, Allison Booth Elliott, is entitled to one hundred percent (100%) of the funds held in the Court registry and/or as a result of the chinese drywall class action suit, whether presently being held or as a result of future payments.

BASED ON THE FOREGOING, it is

ORDERED AND ADJUDGED as follows:

A. The $16,700 and any other sums presently being held by the United States District Court, Eastern District of Louisiana; MDL No. 2047; Section L shall be released to ALLISON BOOTH ELLIOTT in her sole and separate name.

B. That $2,500 presently being held by Michael J. Ryan, Esquire, shall be disbursed to ALLISON BOOTH ELLIOTT as her sole and separate property.

C. Any future payments with respect to the class action suit or the chinese drywall shall be paid solely to ALLISON BOOTH ELLIOTT.

D. The Former Husband shall sign any documents necessary to facilitate the payment to ALLISON BOOTH ELLIOTT and his failure to do so shall be subject to the contempt powers of the Court.

E. The Former Wife's request for attorney's fees and costs is Denied as the Former Husband does not have the ability to pay.

F. This order shall operate upon the Former Husband, ROGER COLE ELLIOTT's, failure to execute documents to act as an actual transfer or signature of Former Husband for purposes of depositing the funds from the chinese drywall suit or cashing the checks.

F. The Former Husband shall be subject to the contempt powers of the Court should he fail to execute the documents necessary to transfer all funds from the chinese drywall suit to the Former Wife, ALLISON BOOTH ELLIOTT.

DONE AND ORDERED at Stuart, Martin County, Florida on this __23__ day of __July__, 2015 nunc pro tunc to June 22, 2015.

_____
LAURIE E. BUCHANAN
Circuit Judge

copies furnished to:

Karen O'Brien Steger, Esq., (KLS@stegerlaw.com)
Roger Elliott (rogerelliott2@gmail.com)