**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA**

| | | |
|---|---|---|
| ============================= | x | ========================= |
| | x | |
| IN RE: CHINESE-MANUFACTURED | x | MDL NO. 2047 |
| DRYWALL PRODUCTS LIABILITY | x | |
| LITIGATION | x | SECTION: L |
| | x | |
| THIS DOCUMENT APPLIES TO ALL | x | JUDGE FALLON |
| CASES | x | |
| | x | MAG. JUDGE WILKINSON |
| | x | |
| ============================= | x | ========================= |

## <u>RESPONSE TO OMNIBUS MOTION FOR PROTECTIVE ORDER</u><br><u>AND MOTION TO TAX COSTS AND MEMORANDUM IN SUPPORT</u>

The Plaintiffs Steering Committee ("PSC") in the MDL hereby files its Response to Omnibus Motion for Protective Order and Motion to Tax Costs and Memorandum in Support [Rec. Doc. 19669] ("Response") and would show the Court as follows:

## I.  <u>INTRODUCTION</u>

The primary issue before the Court is whether it should preemptively limit the scope of an upcoming 30(b)(6) deposition based on Morgan Stanley's belated assertion that the deposition topics are unclear, despite the fact that the deposition topics were established more than five months ago in a joint effort by the parties when they conferred in accordance with a prior directive from this Court and reached a compromise regarding the scope of discovery.  The answer is apparent; Morgan Stanley's last-minute attempt to cast doubt on the clarity of the parties' discovery agreement should be rejected.

The second issue Morgan Stanley presents is a premature request for costs related to (1) the 30(b)(6) deposition that has not yet taken place and (2) its incomplete production of documents in this case.  Not only is the motion premature on its face because neither event for

1

which Morgan Stanley seeks reimbursement has been completed, Morgan Stanley also has not provided the evidence necessary for the Court to determine the amount of reasonable costs that should be awarded for any item aside from airfare for Morgan Stanley's 30(b)(6) witness.  Thus, Morgan Stanley's request for costs should be denied with the exception of $747.98 for its witness's airfare, which should be conditionally approved only to the extent that the deposition set for November 13, 2015 actually goes forward as scheduled.

## II.   RELEVANT FACTS

This is not the first time the Court has been called on to address the PSC's ongoing attempts to obtain discovery from Morgan Stanley.  Indeed, the Court ordered the PSC and Morgan Stanley to confer regarding the prior subpoenas the PSC issued.  They did so, and the PSC believed they had reached a compromise regarding the scope of discovery.  Yet, at the eleventh hour, Morgan Stanley demands emergency relief from the Court to narrow the compromise on which the parties previously agreed.  (*See generally* Memorandum in Support of Omnibus Motion for Protective Order and Motion to Tax Costs ("Mem.").)

After counsel for the PSC and Morgan Stanley conferred several months ago, the PSC drafted a memo to memorialize their discovery agreement entitled "Meet and Confer – Documents and Deposition Topics for Morgan Stanley" (the "Meet and Confer Memo").  (*See* Ex. A to Mem.)  Three days after the Meet and Confer Memo was written, on May 18, 2015, the PSC issued its Second Amended Notice of Expedited Oral and Videotaped Deposition Pursuant to the Court's Directive During the March 17, 2015 Special Hearing and Minute Entry and Order

[Rec. Doc. 18493] (the "Subpoena").[1]  The Subpoena required Morgan Stanley to produce all "documents and communications relevant to the documents requested in the [Meet and Confer Memo]."  (Ex. B to Mem. at 20.)  The Deposition Topics identified in the Subpoena similarly relied on the Memo, requiring Morgan Stanley's 30(b)(6) witness to be prepared to testify regarding (1) documents produced in response to the Subpoena and (2) Morgan Stanley's "knowledge regarding the subject matter and topics identified in the [Meet and Confer Memo]." (*Id.* at 21.)

For nearly five months after it received the Meet and Confer Memo and Subpoena, Morgan Stanley provided no indication that it believed the Deposition Topics were too broad to provide proper notice under Rule 30(b)(6).  Instead, Morgan Stanley's counsel waited until October 7, 2015 to ask the PSC to limit the scope of the Deposition Topics identified in the Subpoena.  (*See* Ex. G to Mem.)  Notably, Morgan Stanley made this request approximately three weeks *after* it designated a witness to respond to the Deposition Topics on its behalf.  (*See* Ex. F to Mem. (identifying Terrence Keyes as Morgan Stanley's corporate representative).)

Because it was able to identify a corporate representative to respond to the Deposition Topics before it sought to clarify them, Morgan Stanley obviously did not have any difficulty discerning the Subpoena's scope.  Nevertheless, Morgan Stanley filed a motion (1) seeking a protective order to define the scope of the 30(b)(6) deposition and (2) prematurely requesting an award of costs related to the deposition and its incomplete production of documents in response to the Subpoena.  Both requests should be denied for the reasons set forth herein.

---

[1]     Although Morgan Stanley initially objected to the Subpoena, the parties agreed upon the scope of discovery during subsequent discovery conferences.  In the many months that have elapsed since the parties resolved the scope of discovery involving the Subpoena, Morgan Stanley raised no further objections to the Subpoena until immediately before the deposition was scheduled to occur.

### III.  <u>ARGUMENT</u>

A.     <u>The Court should reject Morgan Stanley's request for a protective order.</u>

Morgan Stanley claims it does not "know 'with reasonable particularity the matters for examination.'"  (Mem. at 8.)  Its position is disingenuous to say the least.

Morgan Stanley and the PSC met and conferred in accordance with this Court's command to determine the scope of discovery, and counsel for the PSC produced the Meet and Confer Memo setting forth their compromise.  (*See* Ex. A to Mem.)  The Subpoena issued three days later incorporated the terms of that compromise, requiring Morgan Stanley to produce all "documents and communications relevant to the documents requested in the [Meet and Confer Memo]."  (Ex. B to Mem. at 20.)  The Deposition Topics identified in the Subpoena similarly incorporated the parties' discovery agreement and required Morgan Stanley's 30(b)(6) witness to be prepared to testify regarding documents produced in response to the Subpoena as well as Morgan Stanley's "knowledge regarding the subject matter and topics identified in the [Meet and Confer Memo]."  (*Id.* at 21.)

Morgan Stanley had no difficulty interpreting the Meet and Confer Memo when responding to the Subpoena's document requests.  Indeed, Morgan Stanley boasts that it has produced more than 54,000 pages of documents based on the requests contained in the Subpoena.  (*See* Mem. at 3.)  Nevertheless, Morgan Stanley suddenly wants the Court to believe the Deposition Topics and Meet and Confer Memo are indecipherable and require limitation before a deposition can take place.  It, therefore, asks the Court "to limit the scope of the 30(b)(6) deposition to the topics identified in Morgan Stanley's October 7, 2015 email as well as restricting the PSC to only one deposition of Morgan Stanley."  (*Id.* at 7.)  Both of these requests are improper.

1.      **The deposition should proceed based on the Deposition Topics contained in the Subpoena.**

The Subpoena lists two Deposition Topics:  (1) Morgan Stanley's knowledge regarding all documents produced in response to the Subpoena; and (2) Morgan Stanley's "knowledge regarding the subject matter and topics identified in the [Meet and Confer Memo]."  (Ex. B to Mem. at 21.)  There does not appear to be any dispute regarding the first Deposition Topic as Morgan Stanley agrees its witness will "'be prepared to answer questions, if any, concerning Morgan Stanley's documents produced in response to the Subpoena.'"  (Mem. at 6.)  Instead, Morgan Stanley claims the second Deposition Topic does not provide it sufficient notice under Federal Rule of Civil Procedure 30(b)(6) and that it must, therefore, be narrowed to preclude the PSC from asking questions about anything other than four transactions.  (*See* Mem. at 8.)

Morgan Stanley's request to narrow the second Deposition Topic should be denied.  The Meet and Confer Memo specifically refers to "[a]ll financial transactions by and among any Defendant and/or Defendants' Affiliates or Subsidiaries with [Morgan Stanley and/or its] subsidiaries or affiliates in the United States or in China."  (Ex. A to Mem.)  It also seeks information regarding Morgan Stanley's "United States executives, directors, management [and] employees involved in any of the above financial transactions who are citizens of the United States and their full contact information."  (*Id.*)  Finally, the Meet and Confer Memo identifies sixteen "specific documents for reference."  (*Id.*; *see also* Mem. at 4-5.)  Morgan Stanley improperly seeks to avoid testifying about any of these topics aside from the four transactions it has identified.  (*See* Mem. at 8.)

The items listed in the Meet and Confer Memo are not vague or ambiguous.  Morgan Stanley's assertion that the "topics in [the Meet and Confer Memo] only reference the four transactions" Morgan Stanley identified in its October 7, 2015 email is a blatant

misrepresentation.  The Meet and Confer Memo expressly asks about "[a]ll financial transactions by and among" Morgan Stanley and Defendants.  (Mem. at Ex. A.)  And although the parties agreed to limit Morgan Stanley's document production to four transactions to prevent it from being unduly burdensome, the concerns regarding burdensomeness that apply to document requests do not necessarily translate to deposition topics.  For example, it might be burdensome to produce documents related to every transaction Morgan Stanley had with Defendants and its affiliated entities, but the PSC should not be precluded from asking Morgan Stanley about other transactions it had with Defendants, especially if its corporate representative participated in other transactions and knows facts about them without having to do any additional research.  In short, the PSC should be allowed to inquire about other transactions Morgan Stanley had with Defendants to determine whether any other such transactions are worth further investigation.[2]

The PSC does not intend to go beyond the Deposition Topics identified in the Subpoena but is wary of agreeing to limit its questioning as requested by Morgan Stanley's counsel, especially as it is unclear how narrowly Morgan Stanley interprets its own request to limit the scope of the Subpoena.   Is Morgan Stanley seeking to limit the PSC to asking questions regarding the mechanics of the four transactions it lists?  Can the PSC ask about the individuals involved in those transactions under Morgan Stanley's interpretation since their identities are one of the two topics explicitly set forth in the Meet and Confer Memo?  Will Morgan Stanley's witness be prepared to testify regarding the sixteen documents listed in the Meet and Confer Memo?  Is the PSC allowed to ask about the impact the four transactions had upon Morgan Stanley and Defendants?  Can the PSC ask about Morgan Stanley's reasons for entering into the

---

[2]      The PSC can then determine whether to investigate such transactions by seeking additional discovery from Morgan Stanley or Defendants.

transactions and what it gained from each?  Does Morgan Stanley seek to preclude the PSC from asking about its relationship with the Defendants and their affiliates/subsidiaries after each transaction?  Will the PSC be permitted to ask about Morgan Stanley's knowledge regarding the Defendants and its affiliates/subsidiaries based on its substantial ownership position in those entities following the transactions?   All of these lines of questioning relate to the four transactions specified by Morgan Stanley and are clearly within the scope of the Subpoena, but it is unclear whether Morgan Stanley's Motion is intended to prevent the PSC from asking such questions.

The PSC is not looking to play games.  Morgan Stanley has been involved in several key transactions involving the Defendants.  The PSC believes Morgan Stanley has information regarding the Defendants and their assets based on its involvement in those transactions and is seeking that information through this 30(b)(6) deposition.   There is no justifiable excuse to preemptively rule that questions regarding other transactions between Morgan Stanley and Defendants are out of bounds.  Indeed, the only justification provided by Morgan Stanley is a vague fear that "the PSC may attempt to identify other topics under the threat of a second deposition." (Mem. at 8.)  But if that happens, Morgan Stanley has other remedies.  It can object to any future deposition subpoena and seek a protective order at that time.  After all, the Court has authority to issue an order "forbidding the disclosure or discovery" where good cause exists. Fed. R. Civ. P. 26(c)(1)(A).  It is impossible, however, to determine whether good cause exists to limit the current deposition when Morgan Stanley has provided no evidence that responding to the Deposition Topics in the Subpoena would be unduly burdensome.  (*See generally* Mem. and Exhibits thereto (providing no affidavit or other evidence demonstrating undue burden).)  Yet, the burden is on the party objecting and seeking to limit discovery to supply such evidence.  *See*

*McLeod, Alexander, Powel & Apffel, P.C. v. Quarles*, 894 F.2d 1482, 1485 (5th Cir. 1990) ("the party resisting discovery must show specifically how . . . each interrogatory is not relevant or how each question is overly broad, burdensome or oppressive") (internal quotation marks omitted). With only unsubstantiated objections and no evidence before the Court, "it would be an abuse of discretion to *grant* a protective order." *Id.*

Moreover, Morgan Stanley has remedies it can exercise during the deposition if it believes questions are objectionable. First, it can lodge objections to the questions. *See* Fed. R. Civ. P. 30(c)(2). If merely noting objections for the record is insufficient, Morgan Stanley can suspend the deposition and seek emergency relief from the Court in accordance with Rule 30(d)(3). In that case, Morgan Stanley can also ask the Court to award sanctions—including attorneys' fees and expenses related to the deposition—against the PSC consistent with Rule 37(a)(5). *See* Fed. R. Civ. P. 30(d)(3)(C). Such a remedy addresses all the concerns Morgan Stanley raised in its motion. Furthermore, the PSC has every incentive to avoid acting unreasonably because it has no doubt the Court *will* award sanctions against it if Morgan Stanley is justified in halting the deposition for purposes of filing a Rule 30(d)(3) motion.

Because there is no evidence that Morgan Stanley will be unduly burdened by presenting a witness to testify regarding the Deposition Topics identified in the Subpoena and Morgan Stanley has sufficient remedies available under Rule 30 to ensure the PSC properly limits the scope of its examination, Morgan Stanley's request to limit the scope of the deposition should be denied.

2.      **Morgan Stanley's request to preemptively limit the PSC to a single deposition should also be denied.**

Although the PSC is not currently seeking to take any other depositions of Morgan Stanley personnel, it should have the right to subpoena additional witnesses for deposition if the

8

need arises.  Without knowing what information Morgan Stanley's 30(b)(6) witness will reveal regarding Morgan Stanley's relationship with Defendants and the transactions Morgan Stanley agrees are at issue, the PSC cannot anticipate whether it will find it necessary to depose other individuals who were involved in such transactions.  Indeed, the PSC listed the identities of other Morgan Stanley personnel who were involved in transactions between Morgan Stanley and Defendants in the Meet and Confer Memo so that it will know who to subpoena if additional depositions are necessary.

If the PSC finds it necessary to subpoena additional witnesses for deposition and Morgan Stanley objects, it can seek relief from the Court at that time.  Morgan Stanley's request that the Court determine such depositions are inappropriate before any depositions have taken place, hwoever, is premature.  The PSC cannot determine today what, if any, information it might need to obtain from potential future witnesses to justify any subsequent subpoenas.  By the same token, Morgan Stanley cannot explain why any future deposition would be unduly burdensome or otherwise improper.  Nor can it explain why such depositions should be preemptively banned considering the Court's authority to specify "terms, including time and place or the allocation of expenses, for the disclosure or discovery."  Fed. R. Civ. P. 26(c)(1)(B).[3]

Because there is no evidence that a future deposition would be improper and Morgan Stanley can move for a protective order later if the PSC decides to issue another deposition subpoena at some future date, its premature request to limit discovery to a single deposition should be denied.  Again, the PSC does not currently anticipate seeking additional depositions

---

[3]    The underlined portion of Rule 26(c)(1)(B) does not take effect until December 1, 2015, but any future deposition of Morgan Stanley personnel in this case will necessarily take place after that date.

from Morgan Stanley, but it should have the right to do so if good cause exists at some point in the future.

**B.**     **Morgan Stanley's motion for costs is also premature.**

The PSC has no objection to paying *reasonable* costs that Morgan Stanley incurred to produce documents—such as copying fees for hard documents or the costs of drives for producing electronic documents.   The PSC also does not object to paying *reasonable* costs associated with Morgan Stanley's corporate representative attending the 30(b)(6) deposition— including the cost of reasonable airfare and accommodations in accordance with 28 U.S.C. § 1821.   But Morgan Stanley has not provided the evidence necessary to support its request for costs.   Despite seeking more than $22,000, Morgan Stanley has only supplied evidence to support $747.98 of reasonable expenses.

Before awarding costs, the Court must first determine whether the costs sought are reasonable.   Moreover, the rules do not require a requesting party to pay all of a non-party's discovery-related expenses.   *In re Propulsid Products Liab. Litig.*, No. MDL 1355, 2003 WL 22174137, at *2 (E.D. La. Sept. 9, 2003) (Fallon, J.) ("Courts have also noted that this rule does not impose the entire burden on the requesting party; in fact 'a non-party can be required to bear some or all of its expenses where the equities of a particular case demand it.'").   Indeed, as this Court has said before, "the non-party is entitled only to reimbursement for his *reasonable* costs." *Id.* (emphasis added).

In the *Propulsid* MDL, this Court held that a non-party was entitled to recover the actual costs of copying documents—$283.77—and "$1,000.00 for other costs in assembling the documents and reviewing them for privileged material." *Id.* at *3.   The Court found that other expenses the non-party sought to recover were "simply unreasonable and unrecoverable." *Id.*

The same is true here, especially where no documentary support for the charges has been provided.

Morgan Stanley has provided no evidence to support its assertion that it has paid "$20,000 for the databases utilized to review, produce and translate the responsive documents." (Mem. at 12.)  Instead, Morgan Stanley claims it will submit invoices to the Court at some point in the future.  (*See id.* at 12 n.28.)  Perhaps the inability to provide documentation explains Morgan Stanley's mathematical errors.

In the Factual Background portion of its Memorandum, Morgan Stanley states it "has incurred *almost* $15,000 in costs" to date for producing documents and approximately $4,440 "associated with translating the Chinese-language documents."  (*Id.* at 3.)  Thus, Morgan Stanley's actual costs are less than $19,440.  Yet, it seeks to recover $20,000 without supplying itemized invoices that would allow the Court to determine what each charge is for and whether such costs are reasonable and recoverable, which the PSC disputes.

Morgan Stanley also has not properly supported its request for fees related to the 30(b)(6) deposition.  For example, Morgan Stanley seeks $1,839 as reimbursement for its corporate representative's airfare.  But the evidence Morgan Stanley presented shows that numerous less expensive flights were available.  In fact, the lowest available fare was more than $1,000 less than the fare for which Morgan Stanley seeks payment.  (*See* Ex. M to Mem. (identifying a flight on American Airlines for $747.98 as the "LOWEST PRICE").)  Indeed, of the eleven different airline and flight options summarized at the top of the web page Morgan Stanley provided, the fare selected is the second most expensive.  (*Id.*)  Even if the witness were entitled to take a more expensive non-stop flight—which he was not—Morgan Stanley's own document shows an option available on United Airlines for just $1,112.38, more than $700 less than the amount

11

Morgan Stanley seeks.  Moreover, the law provides that Morgan Stanley is only entitled to reimbursement for the lowest fare available.  *See* 18 U.S.C. § 1821(c)(1) ("Such a witness shall utilize a common carrier *at the most economical rate* reasonably available.") (emphasis added). Here, Morgan Stanley's own evidence shows that "the most economical rate reasonably available" was $747.98 rather than the $1,839 Morgan Stanley seeks to recover.  (*Compare* Ex. M to Mem. *with* Mem. at 12.)  Thus, Morgan Stanley's recovery of costs for airfare should be limited to $747.98.

Morgan Stanley has not presented any other evidence related to the 30(b)(6) deposition to justify an award of costs at this time.  Although Morgan Stanley seeks to recover $415 per night for its corporate representative's hotel room, it has provided no evidence that $415 per night is a reasonable rate.  Interestingly, the itinerary supplied shows that the witness is arriving several days before the deposition—on November 9th—but the itinerary does not reflect any accommodations for the witness's first two nights in New York. (*See* Ex. L to Mem at 3.)[4]  Such information, together with evidence regarding other available hotel rooms, is necessary to determine whether the costs sought are reasonable and, therefore, reimbursable.

Finally, it is inappropriate for Morgan Stanley to seek costs piecemeal.  It is unclear whether Morgan Stanley is intentionally waiving its right to seek reimbursement of other expenses associated with the 30(b)(6) deposition by failing to seek reimbursement of those expenses at this time.[5]

---

[4]     The original reservation shows that Mr. Keyes was set to fly to New York on November 11th (*see* Ex. L to Mem. at 1), but the actual "eTicket Receipt" confirming his true travel plans shows that he is arriving two days earlier (*id.* at 3).

[5]     To the extent Morgan Stanley argues it was impractical to seek reimbursement for unknown expenses, its argument rings hollow.  Uncertainty did not prevent it from seeking reimbursement of other unknowable expenses.

Because Morgan Stanley has not provided the documentation necessary to support any of the costs it claims other than $747.98 for airfare, the Court should deny its request for costs at this time, except for $747.98 which should be conditionally granted so long as the 30(b)(6) deposition proceeds as scheduled on November 13, 2015.

## IV.  <u>CONCLUSION</u>

For the reasons set forth above, the PSC respectfully requests that Morgan Stanley's request for a protective order be denied in its entirety and that its request for costs be denied with the exception of $747.98 for airfare, which the PSC does not oppose so long as the 30(b)(6) deposition set for November 13, 2015 goes forth as scheduled.  The PSC also requests all such other and further relief to which it may be justly entitled at law or in equity.

Respectfully submitted,

/s/ Russ M. Herman
**Russ M. Herman** (Bar No. 6819)
Leonard A. Davis (Bar No. 14190)
Stephen J. Herman (Bar No. 23129)
***HERMAN, HERMAN & KATZ, LLC***
820 O'Keefe Avenue
New Orleans, LA  70113
PH:  (504) 581-4892
FAX:  (504) 561-6024
ldavis@hhklawfirm.com
*Plaintiffs' Liaison Counsel*
*MDL 2047*

Arnold Levin
Fred S. Longer
Matthew C. Gaughan
Levin, Fishbein, Sedran & Berman
510 Walnut Street, Suite 500
Philadelphia, PA 19106
PH:  (215) 592-1500
FAX:  (215) 592-4663
Alevin@lfsblaw.com
*Plaintiffs' Lead Counsel*
*MDL 2047*

### PLAINTIFFS' STEERING COMMITTEE

Dawn M. Barrios
Barrios, Kingsdorf & Casteix, LLP
701 Poydras Street, Suite 3650
New Orleans, LA 70139
Phone: (504) 524-3300
Fax: (504) 524-3313
Barrios@bkc-law.com

Jerrold Seth Parker
Parker Waichman LLP
27300 Riverview Center Blvd.
Suite 103
Bonita Springs, FL 34134
Phone: (239) 390-1000
Fax: (239) 390-0055
Jerry@yourlawyer.com

14

Daniel E. Becnel, Jr.
Becnel Law Firm, LLC
425 W. Airline Highway, Suite B
Laplace, LA 70068
Phone: (985) 536-1186
Fax: (985) 536-6445
dbecnel@becnellaw.com

Peter Prieto
Podhurst Orseck, P.A.
25 Flagler Street, 8th Floor
Miami, FL 33130
Phone: (305) 358-2800
Fax: (305) 358-2382
pprieto@podhurst.com

Bruce William Steckler
Steckler, LLP
12720 Hillcrest Road, Ste 1045
Dallas, TX 75230
Phone: (972) 387-4040
Fax: (972) 387-404
mailto:bsteckler@baronbudd.com
bruce@stecklerlaw.com

Ervin A. Gonzalez
Colson, Hicks, Eidson
255 Alhambra Circle, Penthouse
Cora Gables, FL 33134
Phone: (305) 476-7400
Fax: (305) 476-7444
ervin@colson.com

Ben W. Gordon, Jr.
Levin, Papantonio, Thomas, Mitchell
 Echsner & Proctor, P.A.
316 S. Baylen Street, Suite 600
Pensacola, FL 32502
Phone: (850) 435-7000
Fax: (850) 435-7020
bgordon@levinlaw.com

Scott Wm. Weinstein
Morgan & Morgan
12800 University Drive, Suite 600
Ft. Meyers, FL 33907
Phone: (239) 433-6880
Fax: (239) 433-6836
sweinstein@forthepeople.com

James Robert Reeves
Reeves & Mestayer, PLLC
160 Main Street
Biloxi, MS 39530
Phone: (228) 374-5151
Fax: (228) 374-6630
jrr@attorneys4people.com

Christopher Seeger
Seeger Weiss, LLP
77 Water Street
New York, NY 10005
Phone: (212) 584-0700
Fax: (212) 584-0799
cseeger@seegerweiss.com

Daniel K. Bryson
Whitfield, Bryson & Mason, LLP
900 W. Morgan Street
Raleigh, NC 27603
Phone: (919) 600-5000
Fax: (919) 600-5002
dan@wbmllp.com

Richard J. Serpe, Esquire
Law Offices of Richard J. Serpe
Crown Center, Ste. 310
580 East Main Street
Norfolk, VA 23510-2322
Phone: (757) 233-0009
Fax: (757) 233-0455
rserpe@serpefirm.com

15

Hugh P. Lambert                          Victor M. Diaz, Jr., Esquire
The Lambert Firm                         V.M. Diaz and Partners, LLC
701 Magazine Street                      119 Washington Ave, Suite 402
New Orleans, LA 70130                     Miami Beach, FL 33139
Phone: (504) 581-1750                    Phone: (305) 704-3200
Fax: (504) 529-2931                      Fax: (305) 538-4928
hlambert@thelambertfirm.com              victor@diazpartners.com


Gerald E. Meunier
Gainsburgh, Benjamin, David, Meunier
 & Warshauer, LLC
2800 Energy Centre, 1100 Poydras Street
New Orleans, LA 70163-2800
Phone: (504) 522-2304
Fax: (504) 528-9973
gmeunier@gainsben.com

**OF COUNSEL TO PLAINTIFFS' STEERING COMMITTEE**

Richard S. Lewis                         Anthony D. Irpino
HAUSFELD LLP                             IRPINO LAW FIRM
1700 K Street, N.W Suite  650            2216 Magazine Street
Washington, DC 20006                     New Orleans, LA 70130
Phone: (202) 540-7200                    Phone: (504) 525-1500
Fax:  (202) 540-7201                     Fax: (504) 525-1501
rlewis@hausfeldllp.com                   airpino@irpinolaw.com


Andrew A. Lemmon
Lemmon Law Firm, LLC
P.O. Box 904
15058 River Road
Hahnville, LA 70057
Phone: (985) 783-6789
Fax: (985) 783-1333
andrew@lemmonlawfirm.com

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that the foregoing has been served on Defendants' Liaison Counsel, Kerry Miller, by U.S. Mail and e-mail <u>or</u> by hand delivery and e-mail <u>and</u> upon all parties by electronically uploading the same to LexisNexis File & Serve in accordance with Pre-Trial Order No. 6, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2047, on this 5th day of November, 2015.

  /s/ Leonard A. Davis
Leonard A. Davis
Herman, Herman & Katz, LLC
820 O'Keefe Ave.
New Orleans, LA  70113
PH:  (504) 581-4892
Fax:  (504) 561-6024
ldavis@hhklawfirm.com

17