## IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| ============================== x ============================ | | |
| | x | |
| IN RE: CHINESE-MANUFACTURED DRYWALL PRODUCTS LIABILITY LITIGATION | x x x | MDL NO. 2047  SECTION: L |
| | x | JUDGE FALLON |
| THIS DOCUMENT APPLIES TO ALL CASES | x x | MAG. JUDGE WILKINSON |
| | x | |
| ============================== x ============================ | | |

**OPPOSITION TO *EX PARTE* MOTION FOR LEAVE TO FILE SUPPLEMENTAL MEMORANDUM IN SUPPORT OF ITS OMNIBUS MOTION FOR PROTECTIVE ORDER AND MOTION TO TAX COSTS AND MOTION TO QUASH DEPOSITION**

The Plaintiffs Steering Committee ("PSC") in the MDL hereby files its Opposition to *Ex Parte* Motion for Leave to File Supplemental Memorandum in Support of its Omnibus Motion for Protective Order and Motion to Tax Costs and Motion to Quash Deposition and would show the Court as follows:

### I. INTRODUCTION

The purpose behind Morgan Stanley's improper request for a protective order and premature demand for costs is laid bare in its latest filing. Morgan Stanley's true goal is to renege on its agreement to produce a 30(b)(6) witness for deposition on November 13, 2015. Because there is no legitimate basis to postpone the deposition or grant the other relief Morgan Stanley seeks, its last-minute *Ex Parte* Motion for Leave to File Supplemental Memorandum in Support of its Omnibus Motion for Protective Order and Motion to Tax Costs and Motion to Quash Deposition should be denied.

1

## II. ARGUMENT

The Supplemental Memorandum in Support of its Omnibus Motion for Protective Order and Motion to Tax Costs and Motion to Quash Deposition ("Supplemental Memorandum") attached to Morgan Stanley's *ex parte* motion proves that Morgan Stanley has no proper justification for demanding that the 30(b)(6) deposition not go forward as planned on November 13, 2015. Morgan Stanley provides two reasons for postponing the deposition: (1) the PSC purportedly refused to confirm the scope of the deposition—despite the fact that Deposition Topics[1] were set forth in the Subpoena served on Morgan Stanley more than five months ago; and (2) Morgan Stanley has "discovered approximately 1,500 additional documents that appeared to be responsive to the May 18, 2015 subpoena *duces tecum*." (Suppl. Mem. at 3.)[2] Neither argument is persuasive.

### A. Lack of agreement regarding the scope of the deposition does not warrant postponement.

Morgan Stanley argues that the parties' failure to resolve their disagreement regarding the scope of the upcoming 30(b)(6) deposition three days following its request for a protective order and four days before the Court is set to determine the issue at an expedited hearing requested by Morgan Stanley constitutes grounds to cancel the deposition. (*See* Suppl. Mem. at 2.) Its position is absurd.

Morgan Stanley could have asked the Court to determine the scope of the 30(b)(6) deposition months ago, but it chose not to. The Subpoena was issued on May 18, 2015. For 167

---

[1] Capitalized terms not defined herein shall have the meanings assigned to them in the PSC's Response to Omnibus Motion for Protective Order and Motion to Tax Costs and Memorandum in Support filed yesterday afternoon.

[2] Because Morgan Stanley's Supplemental Memorandum is unpaginated, page numbers will be taken from the ECF Header for Doc. 19694-2.

days thereafter, Morgan Stanley rested on its laurels. Then, a mere eleven days before the deposition was scheduled to take place, Morgan Stanley abruptly filed a motion for protective order and concurrent motion for expedited consideration.[3] Even then, however, Morgan Stanley did not ask the Court to delay the deposition. (*See generally* Mem.) Instead, it was content to let the Court decide the scope of the deposition on an expedited basis and proceed with the deposition as scheduled.

Apparently, however, the Court did not move fast enough for Morgan Stanley. Three days after asking the Court to resolve the dispute, Morgan Stanley decided it could wait no longer and filed the present motion. The fact that the Court scheduled a hearing a mere week after the motion was filed was insufficient. Presumably, if the Court had ruled on Morgan Stanley's original motion the day it was filed—without giving the PSC a chance to respond— Morgan Stanley would have had plenty of time to prepare for and proceed with the deposition. Now, however, it expects the Court to believe that proceeding as scheduled is impossible. One hopes the Court is unsympathetic to Morgan Stanley's pleas considering (1) its own effort to resolve the matter quickly and (2) Morgan Stanley's five-and-a-half-month delay in seeking a determination regarding the scope of the deposition.

**B.     Morgan Stanley's "motion" to quash the deposition notice should be denied.**

The Court should reject Morgan Stanley's "motion" to quash the deposition for several reasons. First, it is improper to request such relief in a *supplemental memorandum* attached to an *ex parte motion* with a response due less than 20 hours later. Second, Morgan Stanley could have—but chose not to—seek this relief when it moved for a protective order three days earlier. Third, Morgan Stanley has provided no legitimate reason to postpone the deposition.

---

[3]     Of course, Morgan Stanley failed to confer with the PSC before filing either motion.

3

The day after it asked the Court to determine the scope of the deposition, Morgan Stanley tried to unilaterally postpone it. (*See* Suppl. Mem. at 3.) The PSC rejected Morgan Stanley's attempt to renege on its agreement to produce its 30(b)(6) witness for deposition on November 13, 2015. In response, Morgan Stanley argues that the deposition was not actually set for the agreed date because the PSC had not yet issued *another* deposition notice officially informing Morgan Stanley of the date and time. By doing so, Morgan Stanley acts as though its prior agreement is unenforceable. It is incorrect for at least two reasons.

First, Morgan Stanley's agreement to produce its corporate representative for deposition on November 13th is an enforceable discovery stipulation under Federal Rule of Civil Procedure 29. That rule provides that "the parties may stipulate that: (a) a deposition may be taken before any person, at any time or place, on any notice, and in the manner specified—in which event it may be used in the same way as any other deposition" unless the Court has ordered otherwise. Fed. R. Civ. P. 26(a). Morgan Stanley should not be permitted to welch on its agreement at this late hour.

Second, Morgan Stanley cannot pretend as though it did not realize the deposition was actually set simply because it had not yet received a new deposition notice for this witness setting forth the date and location. Mere days ago, Morgan Stanley admitted to the Court that its counsel "asked for confirmation that the PSC would depose Mr. Keyes on November 13, 2015, which the PSC confirmed." (Mem. at 7.) Morgan Stanley's sudden change in position is preposterous given that (1) a deposition notice was issued as part of the Subpoena more than five months ago stating that the deposition would be conducted "at a date and location to be mutually agreed upon by the parties" (*see* Ex. B to Mem. at 1), (2) Morgan Stanley admits that the parties agreed on a date and location weeks ago (*see* Mem. at 7), (3) the Federal Rules of Civil

4

Procedure governing subpoenas and depositions require only that "reasonable" notice be given before a deposition (*see* Fed. R. Civ. P. 30(b)(1) and 45(d)(3)(A)(i)), and (4) parties to litigation routinely wait to issue official deposition notices until shortly before the date of a deposition because such notice is reasonable when the parties have previously agreed on the date and location. Thus, Morgan Stanley cannot cancel the deposition for lack of notice.

Morgan Stanley's discovery of additional documents also does not justify postponement. (*See* Supp. Mem. at 3.) Less than an hour after the PSC was informed that Morgan Stanley had discovered additional documents and wanted to delay the deposition as a result, the PSC responded that it would proceed with the deposition without the additional documents. (*See* Ex. N to Supp. Mem. at 5-6.)[4] In response, Morgan Stanley said it would not produce a second witness to testify regarding documents that have not been produced prior to the 30(b)(6) deposition taking place. (*Id.* at 4.) Nevertheless, the PSC stated that it needs to proceed with the deposition as scheduled and provided reasons for doing so. (*Id.* at 2-3.) Because the PSC—the party who would be prejudiced by not being allowed to ask questions about the newly discovered documents—wishes to proceed with the deposition as scheduled, Morgan Stanley cannot seek to postpone it on this basis.

Morgan Stanley's reliance on the newly discovered documents as a reason to delay the deposition is also untimely. Morgan Stanley admits it discovered the documents last week— before it filed its original request for a protective order on November 2, 2015. Yet, it did not

---

[4] Morgan Stanley's counsel clearly intended to file this last-minute Supplemental Memorandum days ago and began sending emails for the obvious purpose of attaching them. Indeed, the emails contain blatant falsehoods designed to prejudice the Court against the PSC. For example, the first substantive sentence of Exhibit N falsely states that the PSC represented it would not depose Morgan Stanley. That lie is rebutted by Morgan Stanley's own prior exhibits. (*See* Ex. K to Mem. (responding to Morgan Stanley's counsel's prior assertion that the PSC promised not depose Morgan Stanley and demonstrating that the lie defies common sense).)

previously ask the PSC to postpone the deposition on that basis; nor did it ask the Court to delay the deposition when it filed its original motion earlier this week. The timing of Morgan Stanley's revelation to the Court shows that it is nothing more than a ruse designed to trick the Court into granting relief that is not warranted. Thus, the "motion" to quash should be denied.

**C.  Morgan Stanley's request for costs should also be denied, and its new evidence should be stricken.**

Morgan Stanley's request for costs should be rejected for the reasons provided in the PSC's Response to Omnibus Motion for Protective Order and Motion to Tax Costs and Memorandum in Support.[5] Moreover, Morgan Stanley's request should be denied because its evidence is untimely and should be stricken.

Morgan Stanley waited until hours before the PSC's deadline to file an opposition to its motion for costs to provide documentation to support the amounts it seeks. In doing so, Morgan Stanley has not given the PSC enough time to fully evaluate the charges and demonstrate why they are unreasonable. The PSC, therefore, requests that Morgan Stanley's new evidence of costs be stricken.

Moreover, there is no reason that Morgan Stanley's request for costs must be determined on an expedited basis. Instead, the Court should wait until after discovery related to the Subpoena is complete to determine what costs Morgan Stanley should be awarded. Seeking costs before they have finally been determined is premature.

---

[5] In a further attempt to prejudice the Court against the PSC, Morgan Stanley falsely claims the PSC's previous stance regarding payment of the costs associated with the 30(b)(6) deposition was "absolute refusal" and that such refusal forced Morgan Stanley to file its motion earlier this week. Again, Morgan Stanley's lie is revealed by its own documents. In its prior Memorandum, Morgan Stanley admitted *twice* that the PSC's position has always been that it would reimburse Morgan Stanley's "'reasonable costs, subject to this Court's oversight pursuant to Fed.R.Civ.P.45(d)(3).'" (Mem. at 9, 12.) Morgan Stanley's decision to blatantly lie to the Court in an effort to supply post-hac justification for filing its unnecessary and premature motion for costs demonstrates how desperately it wants to avoid this deposition.

Finally, even if the Court does not strike the new evidence, it would be improper to award Morgan Stanley the costs it seeks. The Xerox invoice attached to the Supplemental Memorandum does not provide a single detail about the services performed. (*See* Ex. O to Suppl. Mem.) There is absolutely no information to explain how the charges were calculated that would allow the Court to determine their reasonableness. (*Id.*) Because the Court may only award *reasonable* costs, there is insufficient evidence to justify reimbursement of the Xerox invoice.

Likewise, there is no evidence that the charges related to translating documents was reasonable. On the contrary, the invoice shows that the documents were translated by machine with "no linguistic nor accuracy review." (*Id.* at 2.) It is, therefore, unclear why Morgan Stanley agreed to pay for 73 hours of time—including four hours at a higher rate for *machines* to work "overtime"—rather than paying for translation based on the quantity of data. (*Id.*) It is even less clear why Morgan Stanley did not dispute the bill when the purported processing time was more than *double* the estimate provided, and the time taken to quality check the machines—the invoice makes clear that the translated documents themselves were not checked—was more than *triple* the estimate. (*See id.*) Indeed, the PSC cannot figure out why an outside translator was necessary at all when the documents were wholly translated by machine with "no linguistic nor accuracy review." (*Id.*) Google uses similar programming to instantly translate documents posted on the internet free of charge. The PSC's counsel used Google's translation services to

read documents listed in the Meet and Confer Memo.[6]  Accordingly, the Court should deny Morgan Stanley's unreasonable bill in excess of $4,000 for automated translations Google could have provided for free.

### III.  CONCLUSION

For the reasons set forth above, the PSC respectfully requests that Morgan Stanley's *Ex Parte* Motion for Leave to File Supplemental Memorandum in Support of its Omnibus Motion for Protective Order and Motion to Tax Costs and Motion to Quash Deposition be denied in its entirety.  In the alternative, to the extent the Court grants the *ex parte* motion, the PSC asks that the new evidence regarding Morgan Stanley's costs attached to the Supplemental Memorandum as Exhibit O be stricken.  The PSC also requests all such other and further relief to which it may be justly entitled at law or in equity.

---

[6]  The Court can experience the technological wonder of free automated translation as well by opening the following link to the fifteenth document identified in the Meet and Confer Memo in Google Chrome: http://morganstanleychina.com/press/others/091217.html.  The same link is available on page 5 of Morgan Stanley's Memorandum.  When Google asks, "Do you want to translate this page?" just click the button labeled "Translate."  In less than a second, the entire webpage is translated from Chinese to English free of charge.

Respectfully submitted,


/s/ Russ M. Herman
**Russ M. Herman** (Bar No. 6819)
Leonard A. Davis (Bar No. 14190)
Stephen J. Herman (Bar No. 23129)
***HERMAN, HERMAN & KATZ, LLC***
820 O'Keefe Avenue
New Orleans, LA  70113
PH:  (504) 581-4892
FAX:  (504) 561-6024
ldavis@hhklawfirm.com
*Plaintiffs' Liaison Counsel*
*MDL 2047*

Arnold Levin
Fred S. Longer
Matthew C. Gaughan
Levin, Fishbein, Sedran & Berman
510 Walnut Street, Suite 500
Philadelphia, PA 19106
PH:  (215) 592-1500
FAX:  (215) 592-4663
Alevin@lfsblaw.com
*Plaintiffs' Lead Counsel*
*MDL 2047*


**PLAINTIFFS' STEERING COMMITTEE**

| | |
|---|---|
| Dawn M. Barrios | Jerrold Seth Parker |
| Barrios, Kingsdorf & Casteix, LLP | Parker Waichman, LLP |
| 701 Poydras Street, Suite 3650 | 27300 Riverview Center Blvd. |
| New Orleans, LA 70139 | Suite 103 |
| Phone: (504) 524-3300 | Bonita Springs, FL 34134 |
| Fax: (504) 524-3313 | Phone: (239) 390-1000 |
| Barrios@bkc-law.com | Fax: (239) 390-0055 |
| | Jerry@yourlawyer.com |

Daniel E. Becnel, Jr.
Becnel Law Firm, LLC
425 W. Airline Highway, Suite B
Laplace, LA 70068
Phone: (985) 536-1186
Fax: (985) 536-6445
dbecnel@becnellaw.com

Peter Prieto
Podhurst Orseck, P.A.
25 Flagler Street, 8th Floor
Miami, FL 33130
Phone: (305) 358-2800
Fax: (305) 358-2382
pprieto@podhurst.com

Bruce William Steckler
Steckler, LLP
12720 Hillcrest Road, Ste 1045
Dallas, TX 75230
Phone: (972) 387-4040
Fax: (972) 387-404
mailto:bsteckler@baronbudd.com
bruce@stecklerlaw.com

Ervin A. Gonzalez
Colson, Hicks, Eidson
255 Alhambra Circle, Penthouse
Cora Gables, FL 33134
Phone: (305) 476-7400
Fax: (305) 476-7444
ervin@colson.com

Ben W. Gordon, Jr.
Levin, Papantonio, Thomas, Mitchell
 Echsner & Proctor, P.A.
316 S. Baylen Street, Suite 600
Pensacola, FL 32502
Phone: (850) 435-7000
Fax: (850) 435-7020
bgordon@levinlaw.com

Scott Wm. Weinstein
Morgan & Morgan
12800 University Drive, Suite 600
Ft. Meyers, FL 33907
Phone: (239) 433-6880
Fax: (239) 433-6836
sweinstein@forthepeople.com

James Robert Reeves
Reeves & Mestayer, PLLC
160 Main Street
Biloxi, MS 39530
Phone: (228) 374-5151
Fax: (228) 374-6630
jrr@attorneys4people.com

Christopher Seeger
Seeger Weiss, LLP
77 Water Street
New York, NY 10005
Phone: (212) 584-0700
Fax: (212) 584-0799
cseeger@seegerweiss.com

Daniel K. Bryson
Whitfield, Bryson & Mason, LLP
900 W. Morgan Street
Raleigh, NC 27603
Phone: (919) 600-5000
Fax: (919) 600-5002
dan@wbmllp.com

Richard J. Serpe, Esquire
Law Offices of Richard J. Serpe
Crown Center, Ste. 310
580 East Main Street
Norfolk, VA 23510-2322
Phone: (757) 233-0009
Fax: (757) 233-0455
rserpe@serpefirm.com

Hugh P. Lambert
The Lambert Firm
701 Magazine Street
New Orleans, LA 70130
Phone: (504) 581-1750
Fax: (504) 529-2931
hlambert@thelambertfirm.com

Victor M. Diaz, Jr., Esquire
V.M. Diaz and Partners, LLC
119 Washington Ave, Suite 402
Miami Beach, FL 33139
Phone: (305) 704-3200
Fax: (305) 538-4928
victor@diazpartners.com

Gerald E. Meunier
Gainsburgh, Benjamin, David, Meunier
 & Warshauer, LLC
2800 Energy Centre, 1100 Poydras Street
New Orleans, LA 70163-2800
Phone: (504) 522-2304
Fax: (504) 528-9973
gmeunier@gainsben.com

**OF COUNSEL TO PLAINTIFFS' STEERING COMMITTEE**

Richard S. Lewis
HAUSFELD LLP
1700 K Street, N.W Suite  650
Washington, DC 20006
Phone: (202) 540-7200
Fax:  (202) 540-7201
rlewis@hausfeldllp.com

Anthony D. Irpino
IRPINO LAW FIRM
2216 Magazine Street
New Orleans, LA 70130
Phone: (504) 525-1500
Fax: (504) 525-1501
airpino@irpinolaw.com

Andrew A. Lemmon
Lemmon Law Firm, LLC
P.O. Box 904
15058 River Road
Hahnville, LA 70057
Phone: (985) 783-6789
Fax: (985) 783-1333
andrew@lemmonlawfirm.com

**CERTIFICATE OF SERVICE**

      I hereby certify that the foregoing has been served on Defendants' Liaison Counsel, Kerry Miller, by U.S. Mail and e-mail <u>or</u> by hand delivery and e-mail <u>and</u> upon all parties by electronically uploading the same to LexisNexis File & Serve in accordance with Pre-Trial Order No. 6, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2047, on this 6th day of November, 2015.

    /s/ Leonard A. Davis
Leonard A. Davis
Herman, Herman & Katz, LLC
820 O'Keefe Ave.
New Orleans, LA  70113
PH:  (504) 581-4892
Fax:  (504) 561-6024
ldavis@hhklawfirm.com