UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: CHINESE-MANUFACTURED DRYWALL PRODUCTS LIABILITY LITIGATION | * * * * * * | MDL NO. 2047<br><br>SECTION: L<br><br>JUDGE FALLON |
| THIS DOCUMENT RELATES TO: ALL CASES | * * * | MAG. JUDGE WILKINSON |

**\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\***

<u>**REPLY MEMORANDUM IN SUPPORT OF
OMNIBUS MOTION FOR PROTECTIVE ORDER AND MOTION TO TAX COSTS
AND MOTION TO QUASH NOTICE OF DEPOSITION**</u>

**1. This Court should grant Morgan Stanley's Motion for Protective Order.**

    **A.    The PSC Admits that It Agreed to Limit its Subpoena to Four Transactions.**

The PSC's Response to Morgan Stanley's Omnibus Motion itself demonstrates that the deposition should be limited to the four transactions that were identified in the PSC's list of documents. The PSC acknowledges that "the Subpoena required Morgan Stanley to produce all documents and communications relevant to the documents requested in the [Meet and Confer Memo.]" Rec. Doc. 19696 at p. 3. The PSC then admits that:

> [T]he parties agreed to ***<u>limit Morgan Stanley's document production to four transactions</u>*** to prevent it from being unduly burdensome.

*Id.* at p. 6 (emphasis added). Further, as the PSC has told the Court, "[t]he Deposition topics identified in the Subpoena similarly relied on the Memo, requiring Morgan Stanley's 30(b)(6) witness to be prepared to testify regarding (1) ***documents produced in response to the Subpoena*** and (2) Morgan Stanley's 'knowledge regarding the subject matter and topics identified in the [Meet and Confer Memo.]" *Id.* at p. 3 (emphasis added).

1

Morgan Stanley has objected to the PSC's various subpoenae issued to it in this case based on the lack of specificity of any of these subpoenae. At a telephone status conference with the Court on May 7, 2015, counsel for Morgan Stanley advised that its trouble with that iteration of the subpoena was that Morgan Stanley needed specifics as to what the PSC was seeking.[1] The Court instructed the PSC that "if [counsel for Morgan Stanley] calls you and asks you for specifics, tell him what the specifics are."[2] In response, counsel for the PSC stated that he would "certainly comply with that, and [would] list [the transactions] *in seriatim* as well as discuss with opposing counsel."[3]

The PSC states in its opposition that "[a]fter counsel for the PSC and Morgan Stanley conferred several months ago, the PSC drafted a memo to memorialize their discovery agreement entitled "Meet and Confer – Documents and Deposition Topics for Morgan Stanley" (the "Meet and Confer Memo"). Rec. Doc. 19696 at p. 2. The PSC's assertion that the Meet and Confer Memo was the result of a compromise or agreement or the product of the meet-and-confer meeting is patently untrue. One week after the telephone status conference with the Court, on May 15, 2015, counsel for Morgan Stanley went to Herman, Herman & Katz for a meet and confer. Upon arrival, counsel for Morgan Stanley was provided with the Meet and Confer Memo that had been prepared ***in advance of the meeting***. Morgan Stanley's counsel had never seen the document before, nor did they have any input as to what the PSC would be requesting from Morgan Stanley. The PSC's previous filings confirm these events and contradict its opposition:

---

[1] *See* Ex. P, May 7, 2015 Transcr. at p. 11, *ll*. 22-24.

[2] *See id*. at p. 12, *ll*. 3-4.

[3] *Id*. at p. 12, *ll*. 9-10.

> During the meet and confer on May 15, 2015, *the PSC further narrowed its discovery requests and deposition topics by providing counsel for JP Morgan and Morgan Stanley with memorandums* that included revised document requests and deposition topics.

Rec. Doc. 19004-1 at pp. 1-2 (emphasis added). The PSC then attached these virtually identical requests to the subpoena to both JP Morgan Chase and Morgan Stanley as exhibits.[4]

After Morgan Stanley received the Meet and Confer Memo on May 15, 2015 and the virtually identical subpoena on May 18, 2015, it reviewed the itemized documents for any transactions involving Morgan Stanley and any of the Chinese entities in this litigation. The only transactions referenced in the documents in the PSC's subpoena concerning Morgan Stanley related to: (1) the 2006 Global IPO of CNBM; (2) the 2007 Placing Agreement; (3) the 2009 Placing Agreement; and (4) the 2010 Placing Agreement. Accordingly, Morgan Stanley made a good-faith effort to produce documents related to those transactions and has now produced over 53,000 pages of documents.

The deposition topics, upon which the PSC now relies, relate directly to these documents and ask Morgan Stanley to produce a witness "regarding the documents produced in response to the subpoena." Morgan Stanley understood, therefore, that the PSC sought a deposition on the four transactions listed above and asked the PSC to confirm this understanding. Morgan Stanley sought this confirmation of the scope of the deposition to ensure that it identified an appropriate witness and could properly prepare that witness to speak on behalf of the company before it flew the witness to New York from Hong Kong. The PSC's current position that the scope of the deposition is broader than the scope of the documents makes no sense.

---

[4] If counsel for Morgan Stanley and the PSC had jointly developed a list of documents that the PSC was requesting and a list of deposition topics, it is highly unlikely that the requess to JP Morgan Chase and Morgan Stanley would have been so similar.

Indeed, this Court previously instructed the PSC to provide clarification and guidance to Morgan Stanley when it requested it to limit or clarify the scope of the Subpoena.[5] When Morgan Stanley asked for confirmation on the scope of the deposition, however, ***the PSC never responded***. It was not until the PSC filed its response to Morgan Stanley's Motion for Protective Order that the PSC articulated what it contends are the deposition topics. The PSC's failure to engage in a good-faith discussions on the topics of the upcoming deposition demonstrates the PSC's bad-faith and abusive tactics in its course of dealings with Morgan Stanley.

### B.    The Deposition Is Limited to the Transactions Identified in the Subpoena.

The PSC cannot decouple the deposition topics from the document requests. The PSC acknowledges that the document request was limited to the four transactions above. *See*, *supra*, at p. 1. Morgan Stanley sought confirmation of the deposition topics because, despite the list of specific items that was meant to narrow the information requested, the PSC included a broad-brush category of "[a]ll financial transactions by and among any Defendant and/or Defendants' Affiliates or Subsidiaries with [Morgan Stanley and/or its] subsidiaries or affiliates in the United States or in China." Rec. Doc. 19696 at p. 5. That request was precisely the reason Morgan Stanley filed its objection to an earlier version of the Subpoena, which prompted the May 7, 2015 telephone conference. In that conference, the Court instructed the PSC to provide specifics when requested, and the PSC agreed that it would follow this Court's instruction to do so.

A deposition topic that seeks all financial transactions among more than 83 Chinese entities with every Morgan Stanley subsidiary or affiliate in the United States or China for a nine-year period is unreasonably broad and unduly burdensome on Morgan Stanley. Indeed, this request, issued after the Court instructed the PSC to provide specifics and the PSC then

---

[5] *See* Ex. P, May 7, 2015 Transcr. at p. 12, *ll*. 3-8.

4

represented it would do so, is ***broader than any request previously issued by the PSC***.  Such a request violates this Court's direct order and is flatly contrary to the PSC's representations to counsel for Morgan Stanley and to this Court.  On May 28, 2015, the PSC represented to this Court that the documents identified in the May 18, 2015 Subpoena were meant to assist Morgan Stanley by referencing "documents that specifically discuss transactions and asset holdings."  Rec. Doc. 19004-1 at p. 2.  Morgan Stanley has relied on the PSC's representations both to it and to this Court and made a good-faith production of documents related to the specifically listed transactions.  The PSC cannot exponentially broaden the deposition topic to encompass every transaction between 83 Chinese entities and any Morgan Stanley subsidiary for a nine-year period.  If so, the May 15, 2015 meeting and memo were meaningless because neither would have narrowed the scope of the subpoena – contrary to the PSC's representations at the time.

The PSC raises a list of hypothetical questions regarding the parameters of the deposition if, appropriately, limited to the four transactions.  Yet, the PSC could have avoided these questions in at least two ways: (1) it could have issued a more specific list of deposition topics in May 2015; or (2) it could have responded to Morgan Stanley's request for confirmation of the topics ***a month ago***.  Morgan Stanley sought to resolve any ambiguities before the deposition and without involving the Court, but the PSC was unwilling to discuss Morgan Stanley's concerns.  The PSC's unwillingness to respond to Morgan Stanley's inquiries is evident by its refusal to respond to Morgan Stanley's October 7 and October 13 requests to confirm the deposition topics, necessitating the instant motion.  Accordingly, the Court should limit the scope of the deposition to the four transactions identified by the PSC's list.

**2. This Court Should Quash the Recently Issued Notice of Deposition and Allow a Brief Continuance for Morgan Stanley to Produce Additional Documents.**

On Tuesday, November 3, 2015, Morgan Stanley notified the PSC that it had located additional responsive documents related to the four transactions.[6] The existence of these documents was not discovered until Thursday, October 29, 2015. Morgan Stanley began working to collect the documents and make them available to counsel. Approximately 1,500 documents have been identified for review. To make a full production and to have its witness adequately prepared to testify as to the four transactions, Morgan Stanley needs additional time to prepare its witness and continued the deposition. Morgan Stanley is available on December 3, 2015, in advance of the PSC's December 8, 2015 hearing date.

Strangely, although the PSC purposes to want to obtain documents regarding these four transactions, which occurred between 2006 – 2010, it now complains about Morgan Stanley's discovery of, and agreement to produce, more documents. *See* Rec. Doc. 19697 at p. 5. The PSC's representation that it wants to go forward with the deposition despite not have a complete production is likely a pretext for seeking a second deposition. The PSC acknowledges that one of its purposes in the deposition is to obtain the identities of "other Morgan Stanley personnel who were involved in the transactions … so it will know who to subpoena if additional depositions are necessary." Rec. Doc. 19696 at p. 9.

**3. This Court Should Award Morgan Stanley's Reasonable Costs.**

Before filing its motion, Morgan Stanley asked the PSC to agree to reimburse it for its costs of production. The PSC flatly refused. Now that it has required Morgan Stanley to as the Court to order the PSC to reimburse its costs, the PSC has reversed course.

---

[6] *See* Ex. N, Rec. Doc. 19694-3.

> In its opposition, the PSC states:
>
> The PSC has no objection to paying reasonable costs that Morgan Stanley incurred to produce documents – such as copying fees for hard documents or the costs of drives for producing electronic documents. The PSC also does not object to paying reasonable costs associated with Morgan Stanley's corporate representative attending the 30(b)(6) deposition – including the costs of reasonable airfare and accommodations in accordance with 28 U.S.C. § 1821.

Rec. Doc. 19696 at p. 10. Thus, the PSC has agreed that it must pay costs, and the only matter for this Court to decide what the PSC should pay.

Despite conceding Morgan Stanley's entitled to costs, the PSC continues to try to avoid them. On the one hand, the PSC argues that Morgan Stanley's request for costs is premature and should not be considered until after the discovery related to the Subpoena is completed. Rec. Doc. 19697 at p. 6. On the other hand, the PSC asserts that Morgan Stanley's evidence supporting its cost claims is untimely and should be struck. *See id*. Morgan Stanley is willing to defer the issue of what amount of costs should be reimbursed until after the deposition has occurred, if the Court so orders, so that the parties may focus on the more pressing issue of whether the deposition will go forward on November 13, 2015, and, if so, on which topics. Based on the PSC's concession, however, that the Court should order that the PSC must reimburse Morgan Stanley for the reasonable costs it has incurred.

## **CONCLUSION**

Accordingly, Morgan Stanley ask that this Court:

(1) grant its Motion for Protective Order and limit the topics of the deposition to the four topics identified herein;

(2) quash the notice of deposition setting the deposition on November 13, 2015 to allow Morgan Stanley to make its supplemental document production and order that the deposition occur on December 3, 2015 or a later agreed-upon date; and

(3) order that the PSC pay Morgan Stanley's reasonable costs associated with producing the documents in response to the PSC's subpoena and reasonable airfare and hotel accommodations, which will be determined by the Court at a later time.

Respectfully Submitted,

/s/ *James M. Garner*_____
JAMES M. GARNER, LA BAR #19589
JOSHUA S. FORCE, LA BAR #21975
ASHLEY G. COKER, LA BAR #30446
**SHER GARNER CAHILL RICHTER KLEIN & HILBERT, L.L.C.**
909 Poydras Street, Twenty-eighth Floor
New Orleans, Louisiana 70112
Phone: (504) 299-2100
Facsimile: (504) 299-2300
**COUNSEL FOR MORGAN STANLEY**

### CERTIFICATE OF SERVICE

I hereby certify that the above and foregoing Opposition to Motion to Compel Against Morgan Stanley has been served on counsel for the Plaintiffs' Steering Committee, Leonard A. Davis, and Defendants' Liaison Counsel, Kerry Miller, by e-mail and on all parties by electronically filing via CM/ECF, which will send a notice of electronic filing in accordance with the procedures established in MDL 2047, on this 6th day of November 2015.

/s/ *James M. Garner*_____
JAMES M. GARNER

8