**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| IN RE:  CHINESE-MANUFACTURED DRYWALL PRODUCTS LIABILITY LITIGATION | MDL NO. 2047 SECTION: L JUDGE FALLON MAG. JUDGE WILKINSON |
| THIS DOCUMENT RELATES TO: ALL CASES | |

**MEMORANDUM IN SUPPORT OF
THE PLAINTIFFS' STEERING COMMITTEE'S
EMERGENCY MOTION FOR A RULE 16 CONFERENCE
AND FOR EXPEDITED CONSIDERATION**

**MAY IT PLEASE THE COURT:**

This Memorandum is being submitted on behalf of the Plaintiffs' Steering Committee ("PSC") in support of its Emergency Motion for a Rule 16 Conference and for Expedited Consideration. The PSC has learned of a significant development in the Taishan Defendants' corporate structure, which requires immediate discovery to protect Plaintiffs' rights in this litigation. Due to Defendants' refusal to cooperate in this necessary discovery, a conference with the Court is required to address the need for and scheduling of depositions and document productions.

On October 13, 2015, China National Building Material Company Limited provided a Notice to the Hong Kong Exchange and Clearing Limited and the Stock Exchange of Hong Kong Limited regarding a transaction entitled "Framework Agreement With Taishan Gypsum (a 65%-owned, directly and indirectly, subsidiary of BNBM) Minority Shareholders in relation to the acquisition of the 35% Equity Interest in Taishan Gypsum held by Taishan Gypsum Minority Shareholders," collectively through a private issuance of BNBM Shares in Taishan Gypsum

Minority Shareholder (see attached Exhibit "A").   The PSC learned about this transaction through its own initiatives and without any disclosure by the defaulted Defendants.

According to the Section "Completion of the Transaction" (see Exhibit "A"), **<u>"Completion of the transfer of the 35% Equity Interest in Taishan Gypsum shall take place within 1 month from the effective date of this transaction.  Upon completion, all the rights and obligations in respect of such equity interest shall pass to BNBM."</u>**  As a result of this revelation, time is of the essence as it appears the transaction is to take place in a relatively short time frame!

The PSC was hopeful to take the depositions of Taishan Gypsum Co., Ltd. f/k/a Shandong Taihe Dongxin Co., Ltd. ("Taishan"), Beijing New Building Materials Public Limited Co. ("BNBM"), and China National Building Materials Company Limited ("CNBM") prior to any transaction taking place. This would have enabled the PSC to formally request any documents if the deposition testimony revealed a need. Defendants unilaterally advised that they would not be producing any deponents and therefore the first opportunity that the PSC has had to address a request for the production of documents has been at a meet and confer on November 5, 2015.  At a minimum, the PSC is entitled to review the specific documents that are the subject of the proposed transaction.

The PSC has attempted to address this matter expeditiously in an informal manner prior to bring this before the Court. Upon learning of the proposed transaction involving Taishan, the PSC issued on October 23, 2015 a Notice of Oral and Videotaped Deposition Pursuant to Fed.R.Civ.P. 30(b)(6) to Taishan Gypsum Co., Ltd. f/k/a Shandong Taihe Dongxin Co., Ltd, Beijing New Building Materials Public Limited Co., and China National Building Materials Company Limited (see Rec. Docs. 19643, 19644 and 19645). After hearing no comments from

the proposed deponents, the PSC contacted counsel for the proposed deponents to inquire whether a deponent would be produced as requested. The PSC was advised by each of the three that no deponent would be produced and, therefore, on the date the PSC received this notification, the PSC scheduled a meet and confer[1] and proceeded to postpone the depositions in order to avoid logistical issues with court reporters, videographers, and translators appearing for depositions that would not take place. This postponement was done as a courtesy and in anticipation of the meet and confer that took place on November 5, 2015 to address the scheduled depositions. The PSC conferred with Harry Rosenberg, liaison counsel for Defendants, and Christy Eikhoff, counsel for Taishan, and invoking their professionalism, requested documents be provided to the PSC immediately. This request was taken under advisement by Defendants, and as of this filing, no response has been received. The PSC also advised that since time was, and still is, of the essence, the PSC would not be precluded from seeking additional, immediate relief.

The timing of this corporate transaction is of great concern, and understandably so. Problems of property owners who comprise the plaintiff Class currently await the Court's determination of what is owed by Taishan in order for long-needed remediation of their properties to occur. The PSC would be less than responsible if they did not immediately seek disclosure whether this transfer of ownership and assets will make it more difficult, if not impossible, for these Class Plaintiffs to recover.

The indebtedness of Taishan to the class is now the established law of the case. Taishan is and will remain in default under Rule 55, and the only question to be answered is the amount

---

[1] Despite Defendants' liaison counsel advising the PSC that a meet and confer was not necessary because no depositions had been confirmed, the PSC informed Defendants that a meet and confer was in order despite Defendants' reluctance to participate in same.

of compensation it must pay the Class Members. Under these circumstances, the transfer of the assets of Taishan to any other company potentially vitiates and undermines the policy framework of Rule 55, particularly if Class Members by this transfer are left without recourse for an established indebtedness. It is essential that needed information and assurances from the counsel who represent Taishan and BNBM be obtained to the effect that the corporate transaction at issue in no way impairs the ability of Taishan to honor its class indebtedness under Rule 55.

Among some of the questions that need to be addressed are:

1. Will the assets of Taishan be dissipated?

2. Will claimants in this litigation be left with an empty shell to go after?

3. Which defendants in this litigation will potentially be subject to the jurisdiction of this Court as a consequence of the transaction?

4. Where is the actual agreement that is the subject of the Hong Kong notice and when will it be produced to the PSC?

5. Is the default indebtedness of Taishan Gypsum assigned to or assumed by BNBM or any other corporate entity through this transaction?

6. Since Taishan has already been found to be subject to the jurisdiction of this Court, will the acquiring entity in the transaction assume this obligation and will it become subject to the jurisdiction of this Court?

Though there are a multitude of additional questions, the PSC deems it important to request that the Court address these issues on an emergency expedited basis. The Court surely would be exercising its proper authority under Rules 16 and 23 to pursue this matter in order to protect and preserve the rights and remedies of the members of a certified class.

The PSC requests that each of the noticed witnesses, *supra*, be required to attend a deposition prior to the conclusion of any transaction contemplated as referenced in the Hong Kong notice attached as Exhibit "A" to this motion. The PSC should have an opportunity to fully

understand the transaction and any ramifications resulting therefrom as respect to claimants and members of the Class.

Plaintiffs' motion is fully justified by law. The contemplated transaction needs to be discovered. It is important to determine whether the proposed transaction violates federal and state law. Without waiving any right to additional relief, the PSC is at least entitled to discovery of the transaction to protect Class Members' rights.

For example, pursuant to the Uniform Fraudulent Transfers Act, which has been adopted by Florida and Mississippi, a transfer is fraudulent "if the debtor made the transfer (1) with actual intent to hinder, delay, or defraud any creditor of the debtor or (2) without receiving a reasonably equivalent value in exchange for the transfer or obligation, and the debtor engaged in a transaction for which the remaining assets of the debtor were unreasonably small." Fla. Stat. § 726.105 *et seq.*; Miss. Code Ann. § 15-3-107 *et seq*. The statutes set forth various factors surrounding the transaction in question to be considered in determining the "actual intent" of the debtor in making the transfer. Fla. Stat. § 726.105; Miss. Code Ann. § 15-3-107.[2]

Plaintiffs need to obtain immediate discovery regarding the proposed transaction in order to determine the its purpose and effect. It is possible that: (1) Plaintiffs are creditors who were defrauded; (2) the entities involved in the transaction intended to commit a fraud; and, (3) the

---

[2] Though Louisiana has not adopted the Uniform Fraudulent Transfers Act, Louisiana law provides for a revocatory action to protect obligees from improper transactions by their obligors. La. Civ. Code art. 2036 ("An obligee has a right to annul an act of the obligor, or the result of a failure to act of the obligor, made or effected after the right of the obligee arose, that causes or increases the obligor's insolvency."). The revocatory action "is the civil law analogue to the common law suit to set aside a fraudulent conveyance." La. Civ. Code. art. 2036, comment (c). Thus, the principles underlying the Fraudulent Transfers Act adopted in other states may apply to a revocatory action, especially in determining whether the proposed transaction is an improper transaction. Similarly, Virginia's analogue to the Fraudulent Transfers Act deems void any transfer "with intent to delay, hinder or defraud creditors, purchasers, or other persons of or from what they are or may be lawfully entitled to." Va. Code Ann. § 55-80.

fraud may involve a conveyance of property that could have been applicable to the payment of the claims of the Class Members. Discovery will either prove or disprove Plaintiffs' concerns.

Plaintiffs seek to undertake discovery of the proposed transaction before they are placed in a position of facing an insolvent defaulted defendant that has participated in an improper transaction. For these reasons, it is essential for the Plaintiffs to obtain discovery of this proposed transaction prior to the transaction taking place. It would be detrimental to the Plaintiffs if the transaction were allowed to occur without full disclosure to the Plaintiffs and an opportunity for the Plaintiffs to secure, in some way, their right to preserve an ability to collect as a creditor.

Plaintiffs have been confronted with an extraordinary occurrence described by the notice of acquisition of Taishan by BNBM. Emergency relief is necessary and appropriate to ensure that the certified class is not prejudiced. As set forth above, Plaintiffs are entitled to discovery on the transaction announced in Exhibit A to this memorandum. The transaction is effective upon approval by shareholders, board of directors, and authorities; it is unknown whether such approval has been granted yet. The transaction could be complete on or before November 13, 2015, thereby necessitating expedited action by the Court to address this matter.

An immediate Rule 16 telephone conference with the Court and defense counsel is essential to apprise the Court and obtain for the PSC the details underlying the issues at hand. Further, the production of documents and deposition of a witness must be scheduled on an expedited basis to disclose the relevant details of this transaction and the potential ramifications to the claims of the class members in this action. Accordingly, the PSC respectfully requests that this Court set a telephone conference with counsel as soon as possible, and orders that the Defendants produce documents and a witness, on a schedule to be determined in the telephone conference with the Court and counsel.

For those reasons, Plaintiffs' motion should be granted.


Dated:  November 6, 2015                    Respectfully submitted,

                                            /s/ Russ M. Herman
                                            Russ M. Herman (LA Bar No. 6819)
                                            Leonard A. Davis (LA Bar No. 14190)
                                            Stephen J. Herman (LA Bar No. 23129)
                                            HERMAN, HERMAN & KATZ, LLC
                                            820 O'Keefe Avenue
                                            New Orleans, Louisiana 70113
                                            Phone: (504) 581-4892
                                            Fax: (504) 561-6024
                                            Ldavis@hhklawfirm.com
                                            *Plaintiffs' Liaison Counsel*
                                            *MDL 2047*

                                            Arnold Levin
                                            Fred S. Longer
                                            Sandra L. Duggan
                                            Matthew C. Gaughan
                                            Levin, Fishbein, Sedran & Berman
                                            510 Walnut Street, Suite 500
                                            Philadelphia, PA 19106
                                            215-592-1500 (phone)
                                            215-592-4663 (fax)
                                            Alevin@lfsblaw.com
                                            *Plaintiffs' Lead Counsel*
                                            *MDL 2047*

## PLAINTIFFS' STEERING COMMITTEE

Dawn M. Barrios
Barrios, Kingsdorf & Casteix, LLP
701 Poydras Street, Suite 3650
New Orleans, LA 70139
Phone: (504) 524-3300
Fax: (504) 524-3313
Barrios@bkc-law.com

Daniel E. Becnel, Jr.
Becnel Law Firm, LLC
425 W. Airline Highway, Suite B
Laplace, LA 70068
Phone: (985) 536-1186
Fax: (985) 536-6445
dbecnel@becnellaw.com

Peter Prieto
Podhurst Orseck, P.A.
25 Flagler Street, 8th Floor
Miami, FL 33130
Phone: (305) 358-2800
Fax: (305) 358-2382
pprieto@podhurst.com

Bruce William Steckler
Steckler, LLP
12720 Hillcrest Road, Ste 1045
Dallas, TX 75230
Phone: (972) 387-4040
Fax: (972) 387-4041
bruce@stecklerlaw.com

Ervin A. Gonzalez
Colson, Hicks, Eidson
255 Alhambra Circle, Penthouse
Cora Gables, FL 33134
Phone: (305) 476-7400
Fax: (305) 476-7444
ervin@colson.com

Ben W. Gordon, Jr.
Levin, Papantonio, Thomas, Mitchell
 Echsner & Proctor, P.A.
316 S. Baylen Street, Suite 600
Pensacola, FL 32502
Phone: (850) 435-7000
Fax: (850) 435-7020
bgordon@levinlaw.com

Hugh P. Lambert
The Lambert Firm
701 Magazine Street
New Orleans, LA 70130
Phone: (504) 581-1750
Fax: (504) 529-2931
hlambert@thelambertfirm.com

Gerald E. Meunier
Gainsburgh, Benjamin, David, Meunier
 & Warshauer, LLC
2800 Energy Centre, 1100 Poydras Street
New Orleans, LA 70163-2800
Phone: (504) 522-2304
Fax: (504) 528-9973
gmeunier@gainsben.com

Jerrold Seth Parker
Parker Waichman, LLP
3301 Bonita Beach Road
Bonita Springs, FL 34134
Phone: (239) 390-1000
Fax: (239) 390-0055
Jerry@yourlawyer.com

Scott Wm. Weinstein
Morgan & Morgan
12800 University Drive, Suite 600
Ft. Meyers, FL 33907
Phone: (239) 433-6880
Fax: (239) 433-6836
sweinstein@forthepeople.com

James Robert Reeves
Reeves & Mestayer, PLLC
160 Main Street
Biloxi, MS 39530
Phone: (228) 374-5151
Fax: (228) 374-6630
jrr@attorneys4people.com

Christopher Seeger
Seeger Weiss, LLP
77 Water Street
New York, NY 10005
Phone: (212) 584-0700
Fax: (212) 584-0799
cseeger@seegerweiss.com

Daniel K. Bryson
Whitfield, Bryson & Mason, LLP
900 W. Morgan Street
Raleigh, NC 27603
Phone: (919) 600-5000
Fax: (919) 600-5002
dan@wbmllp.com

Richard J. Serpe
Law Offices of Richard J. Serpe
Crown Center, Ste. 310
580 East Main Street
Norfolk, VA 23510-2322
Phone: (757) 233-0009
Fax: (757) 233-0455
rserpe@serpefirm.com

Victor M. Diaz, Jr.
V.M. Diaz and Partners, LLC
119 Washington Ave, Suite 402
Miami Beach, FL 33139
Phone: (305) 704-3200
Fax: (305) 538-4928
victor@diazpartners.com

**OF COUNSEL TO PLAINTIFFS' STEERING COMMITTEE**

Richard S. Lewis
HAUSFELD LLP
1700 K Street, N.W. Suite  650
Washington, DC 20006
Phone: (202) 540-7200
Fax:  (202) 540-7201
rlewis@hausfeldllp.com

Andrew A. Lemmon
Lemmon Law Firm, LLC
P.O. Box 904
15058 River Road
Hahnville, LA 70057
Phone: (985) 783-6789
Fax: (985) 783-1333
andrew@lemmonlawfirm.com

Anthony D. Irpino
IRPINO LAW FIRM
2216 Magazine Street
New Orleans, LA 70130
Phone: (504) 525-1500
Fax: (504) 525-1501
airpino@irpinolaw.com

## **CERTIFICATE OF SERVICE**

I hereby certify that the above and foregoing has been served upon all parties by electronically uploading the same to LexisNexis File & Serve Advanced in accordance with Pre-Trial Order No. 6, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF system which will send a Notice of Electronic Filing in accordance with the procedures established in MDL 2047, on this 6th day of November, 2015.

/s/ Leonard A. Davis
Leonard A. Davis
HERMAN, HERMAN & KATZ, LLC
820 O'Keefe Avenue
New Orleans, Louisiana 70113
Phone: (504) 581-4892
Fax: (504) 561-6024
Ldavis@hhklawfirm.com
Plaintiffs' Liaison Counsel
MDL 2047
*Co-counsel for Plaintiffs*