IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: CHINESE-MANUFACTURED DRYWALL PRODUCTS LIABILITY LITIGATION | MDL NO. 2047<br>SECTION: L<br>JUDGE FALLON<br>MAG. JUDGE WILKINSON |
| THIS DOCUMENT RELATES TO:<br><br>*Germano, et al. v. Taishan Gypsum Co., Ltd., f/k/a Shandong Taihe Dongxin Co. Ltd., et al., Case No. 2:09-cv-6687 (E.D.La.)*<br><br>*Gross, et al. v. Knauf Gips KG, et. al., Case No. 2:09-cv-6690 (E.D.La.)*<br><br>*Wiltz, et al. v. Beijing New Building Materials Public Limited Co., et. al., Case No. 2:10-cv-00361 (E.D.La.)*<br><br>*Amorin, et al. v. Taishan Gypsum Co., Ltd. f/k/a Shandong Taihe Dongxin Co., Ltd., et al., Case No.: 2:11-cv-1395 (E.D.La.)*<br><br>*Amorin, et al. v. Taishan Gypsum Co., Ltd. f/k/a Shandong Taihe Dongxin Co., Ltd., et al., Case No.: 2:11-cv-1672 (E.D.La.)*<br><br>*Amorin, et al. v. Taishan Gypsum Co., Ltd. f/k/a Shandong Taihe Dongxin Co., Ltd., et al., Case No.: 2:11-cv-1673 (E.D.La.)* | |

**MEMORANDUM IN SUPPORT OF MOTION FOR
EXPEDITED HEARING ON SETTING PHASED
INDIVIDUAL DAMAGE TRIALS AGAINST TAISHAN**

**MAY IT PLEASE THE COURT:**

The Plaintiffs' Steering Committee (PSC) respectfully urges that now, nearly ten years after Taishan drywall was installed in Plaintiffs' homes, six years after the onset of litigation, almost 18 months since the Fifth Circuit Court of Appeals affirmed Your Honor's finding of

1

personal jurisdiction over Taishan, and more than a year after Taishan's failure to appear at a judgment debtor examination, the time is ripe for the Court to set a schedule to assess individualized damages for those property owners with Taishan Chinese Drywall.  The PSC requests that the Court set an expedited hearing on this motion to immediately follow the November 16, 2015 status conference because of the potential impact BNBM's recent agreement to acquire the entire equity interest (100%) in Taishan (Rec. Doc. 19643 at p. 9) may have on Plaintiffs' ability to collect on their damages claims. *See* China National Building Material Company Limited Disclosable Transaction Connected Transaction Acquisition of Equity Interest in Taishan Gypsum Through Share Issuance of BNBM (Oct. 13, 2015) [attached hereto as Exhibit "A"].

      Consistent with the PSC's Revised Trial Plan for the Assessment of Class Damages (Rec. Doc. 18753 at IV(E)) (Subsequent Proceedings – Phase V individualized damages), and the inherent authority of this Court under Rule 55(b)(2) to assess damages, the PSC requests that the Court consider, at this time, entering a trial schedule to determine individualized damages, which include the damages claims for those Class Members whose remediation and non-remediation damages claims were not considered at the June 9, 2015 damages hearing, as well as the non-remediation damages for those plaintiffs involved in the June 9, 2015 hearing. There is no reason to delay scheduling these individualized trials during the pendency of motions and proceedings related to class-wide damages because Plaintiffs do not seek to resolve these individualized damage determinations collectively.  Thus, it is undisputed that individualized damages trials are the only procedures available to resolve and quantify these Class Members' damages.

## HISTORY OF THE LITIGATION

This litigation arises from defective Chinese drywall installed in properties throughout the Gulf South and East Coast as early as 2005. On June 15, 2009, this Court was designated the Chinese Drywall MDL transferee Court. (Rec. Doc. 1). As the MDL proceeded, Taishan was named a defendant, was served and failed to appear. In several cases within the MDL, this Court entered preliminary defaults against Taishan for failure to appear (*see, e.g.,* Rec. Doc. 277). After affording more than a reasonable amount of time for Taishan to answer or enter an appearance, the Court moved forward with an evidentiary hearing in *Germano v. Taishan Gypsum Co., Ltd*, 09-6687. On April 8, 2010, this Court issued detailed Findings of Fact and Conclusions of Law (Rec. Doc. 2380) in *Germano* regarding the proper scope of remediation and the costs of remediation for the plaintiffs before the Court, and on May 11, 2010 entered a Default Judgment against Taishan (Rec. Doc. 3013). Finally, in June 2010, Taishan entered an appearance and filed a notice of appeal asserting, among other arguments, that this Court lacked personal jurisdiction over Taishan. (Rec. Doc. 3668).

Subsequently, the Fifth Circuit stayed Taishan's appeal to allow this Court to assess personal jurisdiction. (Rec. Doc. 5649). In October 2010, the parties commenced discovery regarding the issue of personal jurisdiction over Taishan. Discovery was lengthy and lasted nearly two years. After a hearing, in September 2012, this Court denied Taishan's motion to vacate the default judgment and ruled that it had personal jurisdiction over Taishan. In January and May of 2014, two different panels of the Fifth Circuit affirmed this Court's rulings and held that this Court had personal jurisdiction over Taishan. (Rec. Docs. 17458; 17756). The time for writs of certiorari passed and the issue of personal jurisdiction over Taishan was firmly settled. This Court set a judgment debtor examination for July 17, 2014 and ordered

3

Taishan to appear. (Rec. Doc. 17869). Instead of appearing, however, Taishan fired its attorneys and indicated that it was again "withdrawing" from the litigation. *Id.* The Court held Taishan in contempt of Court and, *inter alia*, enjoined Taishan and its affiliates from doing business in the United States until it purged itself of contempt. *Id.* The Court did not immediately permit Taishan's terminated attorneys to withdraw from the litigation in order to ensure that Taishan was on notice of the progress of the proceedings, Taishan's contempt and "withdrawal" notwithstanding. (Rec. Docs. 17868; 18566).

On September 26, 2014, this Court certified a class of Taishan real property owners under Rule 23(b)(3) on the PSC's motion. (Rec. Doc. 18028). The Court set a Class damages hearing for February 12, 2015. (Rec. Doc. 18217). At the February 12, 2015 hearing, Defendant BNBM, a controlling parent company of Taishan, entered an appearance for the first time in this litigation and asked for a continuance to prepare for a Class damages hearing. (Rec. Doc. 18331). The Court granted the request for a continuance. Taishan subsequently entered an appearance with new counsel. (Rec. Doc. 18406). Defendant CNBM, a controlling parent company of BNBM, also entered an appearance for the first time in this litigation. (Rec. Doc. 18397). On March 17, 2015, the Court ordered Taishan to purge itself of contempt and again continued the damages hearing to April 28, 2015. (Rec. Doc. 18831). Thereafter, the Court granted yet another request for a continuance and set the Class damages hearing for June 9, 2015. Taishan moved, yet again, to modify the scheduling order, but the Court denied this request. (Rec. Doc. 18998). Importantly, in denying Taishan's request, the Court recognized that the PSC's decision to pursue certain damages on an individualized basis instead of pursuing them at the June 9, 2015 hearing on a Class wide basis was appropriate. (*Id.* at p. 5; *accord* Rec. Doc. 19572 at pp. 7-8; Rec. Doc. 19572; Rec. Doc. 19254 at p. 3; Rec. Doc. 19197 at ¶ 15).

## THE EVIDENTIARY HEARING AND BEYOND

On June 9, 2015, Your Honor presided over an evidentiary hearing pursuant to Rule 55(b)(2), which authorizes such a hearing when, in order "to enter or effectuate judgment" against a defendant in default, the district court considers it necessary to conduct an accounting, <u>or</u> determine the amount of damages, <u>or</u> establish the truth of any allegations, <u>or</u> "investigate any other matter." The Rule's provisions are intentionally broad and designed to ensure maximum flexibility for the Court in such matters; and the PSC, both in its proposed, multi-phased trial plan for the hearing and in post-hearing briefing which reported needed revisions in the Class claims data, has continued to rely upon that intended flexibility. The objective of Rule 55(b)(2) is to establish the predicate needed for a final default judgment or judgments against defendants.

At the evidentiary hearing of June 9, 2015, Plaintiffs essentially sought two forms of Class-Wide relief:

> (1) A finding by the Court that Plaintiffs' formulaic damages methodology for Remediation Damages ($105.91/sq. ft. x RS Means location factor x # square feet of residence)[1] is acceptable, and

> (2) A finding that it is necessary and appropriate to now implement a claims verification process to confirm the qualifying criteria by which each Class Member's remediation claim (*e.g.*, product identification and square footage) may be satisfied in order to arrive at a precise, sum-certain amount of remediation damages owed by the defendants to the class.[2]

Since the June 9, 2015 evidentiary hearing, the PSC has worked diligently with individual counsel to update the product identification and square footage information for the

---

[1] June 9, 2015 Tr. at p. 119.

[2] (Rec. Doc. 19197 at p. 67); Rec. Doc. 19555 (seal) Sept. 18, 2015 at p. 4-5. These specific findings indented above as items 1 and 2 have been substituted for ¶¶ 200 & 203 in Plaintiffs' Proposed FOFCOL (Rec. Doc. 19197); *see also* The Plaintiffs' Steering Committee's Response in Opposition to Motion to Set a Briefing Schedule on Class Decertification (Rec. Doc. 19572).

Class Members' properties listed on Exhibit 79, and to facilitate dismissals for those Class Members who lack product identification. This updated information has been provided to defense counsel[3], and approximately 316 dismissals have been or shortly will be filed. For the Class Members' properties presented to Your Honor on June 9, 2015, the next step is for the Court to exercise its discretion under Rules 55(b)(2) and 23 by entering FOFCOL which approve the formulaic remediation damages methodology demonstrated at the hearing. The FOFCOL should also authorize the claims verification process for these properties.[4]

As the PSC noted in its September 8, 2015 letter to the Court (Rec. Doc. 19572-1), the determination of the Class remediation damages identified on Exhibit 79 is an important element of total Class damages, but there are remaining individualized damages claims to be addressed and resolved. Class Members identified on Exhibit 79 still need to introduce evidence of other damages suffered including, but not limited to: a) alternative living expenses claims, b) loss of use and enjoyment claims, c) short sale/foreclosure claims, d) personal property claims, e) lost rent/business claims, and f) other individualized damage claims not covered by a-e listed above. *Id.* In addition, the remaining Class Members not identified on Exhibit 79 (which includes both current and former property owners) will need to have their remediation and other damages claims tried.

Adjudication of the remaining Class Members' individualized damage claims, as well as the non-remediation claims for those Class Members listed on Exhibit 79, will require significant resources of the Parties and the Court. Therefore, the PSC requests that the Court hear this motion on an expedited basis immediately following the November 16, 2015 status

---

[3] October 5, 2015 Letter of Richard S. Lewis to Matthew Lawson, attached as Ex. B.

[4] The PSC Trial Plan calls for other steps (such as "Phase II verdict reduction based on the applicability of the Knauf Settlement") that cannot be implemented until there is a final determination of the Class remediation claim value. (Rec. Doc 18753 at p. 3).

conference to discuss formulating and adopting a trial plan to resolve the remainder of the damage claims.  Moving forward with these individualized claims now, rather than waiting to conclude the Class Remediation Damages process, will spur this litigation forward towards final resolution and ensure that Class Members receive much needed (and long-awaited) relief as efficiently as possible.  *James v. Frame*, 6 F.3d 307 (5th Cir. 1993) (noting that the judge has wide discretion to hold multiple "hearings" in the Rule 55(b)(2) context and may look to the complete record in a case to determine the proper measure of damages).

Dated: November 6, 2015

        Respectfully submitted,

        /s/ Russ M. Herman_____
**Russ M. Herman** (Bar No. 6819)
Leonard A. Davis (Bar No. 14190)
Stephen J. Herman (Bar No. 23129)
**HERMAN, HERMAN & KATZ, LLC**
820 O'Keefe Avenue
New Orleans, LA 70113
PH: (504) 581-4892
FAX: (504) 561-6024
ldavis@hhklawfirm.com
*Plaintiffs' Liaison Counsel*
*MDL 2047*

Arnold Levin
Fred S. Longer
Sandra L. Duggan
Matthew C. Gaughan( on the brief)
**Levin, Fishbein, Sedran & Berman**
510 Walnut Street, Suite 500
Philadelphia, PA 19106
PH: (215) 592-1500
FAX: (215) 592-4663
Alevin@lfsblaw.com
*Plaintiffs' Lead Counsel*
*MDL 2047*

7

Christopher Seeger
**Seeger Weiss, LLP**
77 Water Street
New York, NY 10005
Phone: (212) 584-0700
Fax: (212) 584-0799
cseeger@seegerweiss.com
*Plaintiffs' Trial Counsel and PSC Member MDL 2047*

Gerald E. Meunier
**Gainsburgh, Benjamin, David, Meunier & Warshauer, LLC**
2800 Energy Centre, 1100 Poydras Street
New Orleans, LA 70163-2800
Phone: (504) 522-2304
Fax: (504) 528-9973
gmeunier@gainsben.com
*Plaintiff's Trial Counsel and PSC Member*

## PLAINTIFFS' STEERING COMMITTEE

Dawn M. Barrios (on the brief)
Barrios, Kingsdorf & Casteix, LLP
701 Poydras Street, Suite 3650
New Orleans, LA 70139
Phone: (504) 524-3300
Fax: (504) 524-3313
Barrios@bkc-law.com

Jerrold Seth Parker
Parker Waichman, LLP
27300 Riverview Center Blvd.
Suite 103
Bonita Springs, FL 34134
Phone: (239) 390-1000
Fax: (239) 390-0055
Jerry@yourlawyer.com

Daniel E. Becnel, Jr.
Becnel Law Firm, LLC
425 W. Airline Highway, Suite B
Laplace, LA 70068
Phone: (985) 536-1186
Fax: (985) 536-6445
dbecnel@becnellaw.com

Scott Wm. Weinstein
Morgan & Morgan
12800 University Drive, Suite 600
Ft. Meyers, FL 33907
Phone: (239) 433-6880
Fax: (239) 433-6836
sweinstein@forthepeople.com

Peter Prieto
Podhurst Orseck, P.A.
25 Flagler Street, 8th Floor
Miami, FL 33130
Phone: (305) 358-2800
Fax: (305) 358-2382
pprieto@podhurst.com

James Robert Reeves
Reeves & Mestayer, PLLC
160 Main Street
Biloxi, MS 39530
Phone: (228) 374-5151
Fax: (228) 374-6630
jrr@attorneys4people.com

Bruce William Steckler
Steckler, LLP
12720 Hillcrest Road, Ste 1045
Dallas, TX 75230
Phone: (972) 387-4040
Fax: (972) 387-404
mailto:bsteckler@baronbudd.com
bruce@stecklerlaw.com

Daniel K. Bryson
Whitfield, Bryson & Mason, LLP
900 W. Morgan Street
Raleigh, NC 27603
Phone: (919) 600-5000
Fax: (919) 600-5002
dan@wbmllp.com

Ervin A. Gonzalez
Colson, Hicks, Eidson
255 Alhambra Circle, Penthouse
Cora Gables, FL 33134
Phone: (305) 476-7400
Fax: (305) 476-7444
ervin@colson.com

Victor M. Diaz, Jr., Esquire
V.M. Diaz and Partners, LLC
119 Washington Ave, Suite 402
Miami Beach, FL 33139
Phone: (305) 704-3200
Fax: (305) 538-4928
victor@diazpartners.com

Ben W. Gordon, Jr.
Levin, Papantonio, Thomas, Mitchell
Echsner & Proctor, P.A.
316 S. Baylen Street, Suite 600
Pensacola, FL 32502
Phone: (850) 435-7000
Fax: (850) 435-7020
bgordon@levinlaw.com

Richard J. Serpe, Esquire
Law Offices of Richard J. Serpe
Crown Center, Ste. 310
580 East Main Street
Norfolk, VA 23510-2322
Phone: (757) 233-0009
Fax: (757) 233-0455
rserpe@serpefirm.com

Hugh P. Lambert
The Lambert Firm
701 Magazine Street
New Orleans, LA 70130
Phone: (504) 581-1750
hlamber@thelambertfirm.com

**OF COUNSEL TO PLAINTIFFS' STEERING COMMITTEE**

Richard S. Lewis
Kristen Ward (on the brief)
HAUSFELD LLP
1700 K Street, N.W Suite 650
Washington, DC 20006
Phone: (202) 540-7200
Fax: (202) 540-7201
rlewis@hausfeldllp.com

Anthony D. Irpino
IRPINO LAW FIRM
2216 Magazine Street
New Orleans, LA 70130
Phone: (504) 525-1500
Fax: (504) 525-1501
airpino@irpinolaw.com

Andrew A. Lemmon
Lemmon Law Firm, LLC
P.O. Box 904
15058 River Road
Hahnville, LA 70057
Phone: (985) 783-6789
Fax: (985) 783-1333
andrew@lemmonlawfirm.com

**CERTIFICATE OF SERVICE**

     I hereby certify that the above and foregoing pleading has been served on Defendants' Liaison Counsel, Kerry Miller, by e-mail and upon all parties by electronically uploading the same to LexisNexis File & Serve in accordance with Pre-Trial Order No. 6, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2047 on this 6th day of November, 2015.

                                                /s/ Leonard A. Davis
                                                Leonard A. Davis, Esquire
                                                Herman, Herman & Katz, L.L.C.
                                                820 O'Keefe Avenue
                                                New Orleans, Louisiana 70113
                                                Phone: (504) 581-4892
                                                Fax: (504) 561-6024
                                                Ldavis@hhklawfirm.com
                                                *Plaintiffs' Liaison Counsel*
                                                *MDL 2047*