IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: CHINESE-MANUFACTURED DRYWALL PRODUCTS LIABILITY LITIGATION | MDL NO. 2047 SECTION L JUDGE FALLON MAG. JUDGE WILKINSON |
| THIS DOCUMENT RELATES TO: Brooke et al vs. The State-Owned Assets Supervision and Administration Commission etc, et al, Case No. 15-4124 | |

PLAINTIFFS GARY AND PATRICIA LUSTBERG'S MEMORAMDUM IN SUPPORT OF MOTION TO COMPEL SETTLEMENT ADMINISTRATOR TO DISBURSE GBI FUNDS

Now comes Plaintiffs, Gary and Patricia Lustberg (hereafter referred to as Lustberg) by and through the undersigned Counsel and files this Memorandum in Support of Motion to Compel Settlement Administrator to Disburse GBI Funds to Plaintiff Lustberg and would state that:

1. Plaintiffs Lustberg are affected property owners and members of the class as defined by the Third Amended Settlement Agreement (D.E. 16407-3), Section 1.1.2.1.

2. Plaintiff, after discovering the existence of reactive Chinese drywall, registered in the Chinese Drywall Settlement Program.

3. On October 8, 2013, Plaintiffs forwarded to Knauf's counsel an inspection report. The inspection report identifies the existence of Knauf manufactured reactive drywall, as well as reactive drywall manufactured by non-Knauf entities. Photographs were uploaded to the portal on October 23, 2013.

4. Plaintiffs Lustberg filed a GBI claim. On May 20, 2014, the Settlement Administrator determined that Plaintiff was eligible and issued a favorable post appeal eligibility determination for the GBI claim totaling $25,424.35. See Exhibit A.

5. Plaintiffs Lustberg filed a Miscellaneous claim. On July 29, 2015, the Settlement Administrator determined that Plaintiff was eligible and issued a favorable Other Loss Eligibility Notice for the Miscellaneous Claim totaling $1,019.00. See Exhibit B.

6. At no time did Knauf remediate the home. In fact, Knauf has never even inspected the home.

7. The Affected Home is currently in foreclosure proceedings.

8. Despite not extending remediation benefits to the Plaintiffs, Knauf has now asserted a claim for these GBI dollars and the Settlement Administrator is holding the funds until this matter is resolved by the Court.

9. Knauf claims that they are entitled to the GBI dollars based upon language in the Settlement Agreement addressing assignment of GBI for remediation dollars. However, Knauf did NOT remediate the property for the homeowner nor has Knauf scheduled an inspection by Benchmark to determine the percentage of Knauf product.

10. Taken to the logical extreme, Knauf is asserting entitlement to all GBI payments where there is a single Knauf drywall wall board in the home AND the home was never remediated by Knauf. Such a position is inconsistent with the terms and intent of the settlement agreement. To conclude otherwise would allow Knauf to MAKE money – where they did not fix a home but would receive the GBI payment

11. Adding insult to injury, the home is in foreclosure and this multi-national corporation which has inflicted so much harm on these and so many other homeowners is

attempting to make money on Plaintiffs. Knauf is no victim in this matter – these homeowners are the victims.

12. Based upon information and belief, there have been many claims paid where a home was sold in mitigation or foreclosed upon and where the homeowner, not Knauf, rightly received the GBI payment. This situation is presented because the home was on Knauf's "radar" at some point for potential remediation. In the waning days of this settlement, Knauf is now trying to profit at the expense of the homeowners. There is no justifiable logic to treating these homeowners disparately to the hundreds who have rightly received payment.

13. Further, if Knauf succeeds before this Court in arguing they are entitled to GBI funds in this circumstance, where they did not even remediate the home for the homeowner, what stops Knauf from seeking "clawback" of those dollars paid to homeowners already?

14. Understandably, not wanting to face the predicament of disbursing funds where there is an entitlement dispute, the Settlement Administrator has indicated they will hold the monies until this matter is resolved.

For the reasons set forth above, the undersigned respectfully requests this Court for an Order directing the Settlement Administrator to disburse the GBI payment to Plaintiff Lustberg in the amount of $25,424.35. Additionally, because Plaintiff's counsel had to file a motion before the Court to enforce settlement and to obtain that which the Plaintiffs are entitled, Counsel asserts an entitlement to attorney's fees and costs from Knauf.

Dated this 9th day of November, 2015.

Respectfully submitted,

*s/* Michael J. Ryan
KRUPNICK CAMPBELL MALONE

3

BUSER SLAMA HANCOCK LIBERMAN P.A.
12 S.E. 7 Street, Suite 801
Ft. Lauderdale, FL 33301
Phone: (954) 763-8181
FAX (954) 763-8292
pleadings-MJR@krupnicklaw.com
Fla. Bar No. 975990

CERTIFICATE OF SERVICE

I hereby certify that the above and foregoing Memorandum in Support of Motion to Compel Settlement Administrator to Disburse GBI Funds Regarding Gary and Patricia Lustberg has been furnished to Plaintiffs' Liaison Counsel, Russ Herman, and Defendants' Liaison Counsel, Kerry Miller, by e-mail and upon all parties by electronically uploading the same to File & Serve Xpress f/k/a LexisNexis File & Serve in accordance with Pretrial Order No. 6, and that the foregoing was filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2047 on this 9th day of November, 2015.

s/ Michael J. Ryan
KRUPNICK CAMPBELL MALONE
BUSER SLAMA HANCOCK LIBERMAN P.A.
12 S.E. 7 Street, Suite 801
Ft. Lauderdale, FL 33301
Phone: (954) 763-8181
FAX (954) 763-8292
pleadings-MJR@krupnicklaw.com
Fla. Bar No. 975990