**DENTONS**

Michael H. Barr  
Senior Partner

michael.barr@dentons.com  
D +1 212 768 6788

Dentons US LLP  
1221 Avenue of the Americas  
New York, New York 10020-1089

T +1 212 768 6700  
F +1 212 768 6800

Salans FMC SNR Denton  
McKenna Long  
dentons.com

November 9, 2015

**BY HAND DELIVERY**

The Honorable Eldon E. Fallon  
United States District Court  
Eastern District of Louisiana  
500 Poydras Street  
Room C-456  
New Orleans, Louisiana 70130

    Re: *In Re: Chinese Manufactured Drywall Products Liability Litigation, Case 2:09-md-02047*

Dear Your Honor:

    As the Court is aware, we represent Defendant Beijing New Building Materials Public Limited Company ("BNBM PLC"). We write in response to the so-called "emergency" motion filed by the Plaintiff's Steering Committee on Friday evening, November 6, 2015, seeking a Rule 16 conference and expedited consideration of the PSC's demands for immediate discovery and other relief concerning a share exchange between BNBM PLC and the minority stockholders of Taishan Gypsum Company ("Taishan"), and an accompanying motion for expedited hearing on setting phased individual damage trials against Taishan necessitated, the PSC claims, by the same transaction.

    We plan to file a formal response to the motions. However, we understand that the Court has already scheduled a telephone conference for tomorrow morning at 9:30 cst, and we felt compelled to submit at least this initial letter addressing the PSC's misleading characterization of the motion as presenting an "emergency" that requires expedited treatment and immediate action.

    The Court has itself observed that the PSC frequently files "emergency" motions, even on routine matters than can be heard in the ordinary course. In 2015 the PSC has burdened the Court with scores of "emergency" motions, few if any of which presented matters of real urgency. Plaintiffs' latest emergency motion relates to a proposed and not yet consummated transaction between BNBM PLC and minority shareholders of Taishan. Although the transaction on its face involves only the transfer of shares, the PSC without basis or foundation claims that the transaction will somehow strip Taishan of its ability in the future to pay an as yet non-existent judgment. It is puzzling that the plaintiffs made such charges at 6:00 p.m. on Friday night, when they have known of the transaction -- which was publicly disclosed -- since at least October 23, and had trumpeted its existence as further evidence of CNMB Group's control of Taishan in their October 29 response to CNBM Group's FSIA motion.

**DENTONS**

The Honorable Eldon E. Fallon
November 9, 2015
Page 2

Salans FMC SNR Denton
McKenna Long
dentons.com

Moreover, the terms of the transaction as disclosed do not in any way, shape or fashion even suggest that the PSC's dire predictions have any merit, and do not justify further discovery into this nascent transaction either. The public announcement makes plain that the transaction is simply a share exchange between BNBM PLC and the minority shareholders of Taishan. BNBM PLC will acquire the remaining 35% interest in Taishan that it does not presently own (although of course the PSC has always been quick to say that the current 65% ownership constitutes control of Taishan), and the Taishan shareholders will receive an approximately 21% interest in BNBM PLC. No money will be paid. Furthermore, the Taishan minority stockholders will not be able to sell their new BNBM PLC shares for a period of three years.

Contrary to the PSC's motion papers, the transaction in question is not an asset transfer or acquisition. No Taishan assets will change hands. Instead it represents a bigger investment in Taishan by BNBM PLC. Moreover, as the CNBM announcement also reflects, Taishan is at present a $2,000,000,000 USD company. This independently appraised value reflects a 40-fold increase in Taishan's value as an independent company since BNBM PLC acquired its ownership interest in 2005: a dramatic confirmation of the continuing strength and autonomy of Taishan, and proof positive that Taishan is not and never has operated as a shell company or an instrumentality of its parent corporations, or that Taishan is hiding assets. After six months of jurisdictional discovery, the PSC has no evidence to suggest otherwise. The PSC's claims that this transaction will somehow turn Taishan into an empty vessel is no more accurate than Mr. Herman's representation to the Court in May that Taishan had earnings of only $200,000 dollars last year. (Cf. Transcript of May 20, 2015 hearing at 6:6-12 (Rec. Doc. 19001)). In fact, Taishan's revenues in 2014 exceeded $870,000,000 dollars and its profits exceeded $160 million.

In short, the proposed transaction represents nothing more than the transfer of stock held by Taishan's minority shareholders. Since the transaction does not involve the disposition of assets, and certainly not the looting of Taishan that might be relevant to a veil-piercing inquiry, there is no basis to permit the discovery the PSC seeks. As a matter of law, the inquiry for an alter ego analysis focuses on the relationship between the parties at the time the acts complained of took place. Flourine On Call, Ltd. v. Fluorogas Ltd., 380 F.3d 849, 861-62 (5th Cir. 2004). As the Court recently observed in setting for hearing CNBM's FSIA motion, "the PSC's claims are based on allegedly defective drywall," and not on events in 2014 or 2015.

The business transaction at issue presents no "emergency," and no basis on which to reopen the already extensive discovery taken to date. It is a complete diversion from the claims at issue in this case. Indeed, while the PSC is swift to file emergency motions on matters that pique its interests, it has not agreed to either a briefing schedule or an argument date on BNBM PLC's and BNBM Group's jurisdictional motions. In all events, the appraisal discussed in the announcement provides further confirmation of the facts described in those motions.

We will be responding in greater detail to the PSC's latest motions, and request that the Court provide us with the opportunity to do so as a matter of fundamental fairness. In the meantime, there is no need to order the emergency relief the plaintiffs seek.

The Honorable Eldon E. Fallon
November 9, 2015
Page 3

Salans FMC SNR Denton
McKenna Long
dentons.com

Respectfully,

/s/ Michael H. Barr
Michael H. Barr

cc: Counsel of Record