UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: CHINESE-MANUFACTURED DRYWALL PRODUCTS LIABILITY LITIGATION | MDL NO. 2047 SECTION: L JUDGE FALLON MAG. JUDGE WILKINSON |
| **THIS DOCUMENT RELATES TO:** *Brooke, et al. v. State-Owned Assets Supervision and Administration Commission of the State Council, et al.* **Case No. 15-4127** | |

**MEMORANDUM IN SUPPORT OF
MOTION TO WITHDRAW AS COUNSEL WITHOUT SUBSTITUTION**

NOW INTO COURT comes Dawn Barrios, and the law firm of Barrios, Kingsdorf & Casteix, LLP, counsel of record for Plaintiffs, Don and Sandra Delk, who file this Memorandum of Law in Support of the Motion to Withdraw as Counsel for the following reasons, to wit:

Local Rule 83.2.11 of the United States District Court for the Eastern District of Louisiana provides:

> The original counsel of record must represent the party for whom he or she appears unless the court permits him or her to withdraw from the case. Counsel of record may obtain permission only upon joint motion (of current counsel of record and new counsel of record) to substitute counsel or upon a written motion served on opposing counsel and the client. If other counsel is not thereby substituted, the motion to withdraw must contain the present address of the client and the client's telephone number if the client can be reached by telephone. The motion must be accompanied by a certificate of service, including a statement that the client has been notified of all deadlines and pending court appearances, served on both the client by certified mail and opposing counsel, or an affidavit stating why service has not been made.

1

The instant Motion to Withdraw complies with all requirements of Local Rule 83.2.11 and should be granted. *See Bryson v. State Farm and Casualty Insurance Company*, 2011 WL 1557949, *4 (E.D. La. 2011). In the present case, the rights of the Plaintiffs are represented by the Plaintiff Steering Committee, and the Plaintiffs wish to proceed without representation. Therefore, the effect of counsel's withdrawal, if any, would be minimal, and should not prevent the granting of counsel's Motion to Withdraw. *See Crowley v. Paint & Body Experts of Slidell, Inc.*, 2014 WL 2506519, *11 (E.D. La. 2014); *Cameco Industries, Inc. v. Louisiana Cane Manufacturing, Inc.*, 1995 WL 529847 (E.D. La. 1995).

WHEREFORE, undersigned counsel respectfully requests that this Honorable Court grant the Motion to Withdraw as Counsel Without Substitution for Plaintiffs, Don and Sandra Delk, in the above captioned case.

Respectfully submitted,

Dated: November 12, 2015

By: /s/ Dawn M. Barrios
Dawn M. Barrios, Esq. (#2821)
Bruce S. Kingsdorf, Esq. (#7403)
Zachary L. Wool (#32778)
BARRIOS KINGSDORF & CASTEIX, LLP
701 Poydras Street, Suite 3650
New Orleans, LA 70139
Phone: (504) 524-3300
Fax: (504) 524-3313
barrios@bkc-law.com
bkingsdorf@bkc-law.com
zwool@bkc-law.com

**CERTIFICATE OF SERVICE**

I hereby certify that the above and foregoing pleading has been served on Plaintiffs' Liaison Counsel, Russ Herman, and Defendants' Liaison Counsel, Kerry Miller, by e-mail and upon all parties by electronically uploading the same to Lexis Nexis File & Serve in accordance with Pretrial Order No. 6, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2047, and via certified mail to Don and Sandra Delk, 1895 North Pimlico Point, Crystal River, FL 34429, on this 12th day of November, 2015.

/s/ Dawn M. Barrios