UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE:  CHINESE-MANUFACTURED DRYWALL PRODUCTS LIABILITY LITIGATION | MDL NO. 2047<br>SECTION: L<br>JUDGE FALLON<br>MAG. JUDGE WILKINSON |
| THIS DOCUMENT RELATES TO:<br><br>ALL ACTIONS | |

**MEMORANDUM IN SUPPORT OF TAISHAN'S OMNIBUS MOTION TO EXCLUDE PLAINTIFFS' PROPOSED EXHIBITS AND IRRELEVANT DEPOSITION DESIGNATIONS FOR NOVEMBER 17, 2015 HEARING**

Taishan moves to exclude the PSC's lengthy and overly broad exhibit list and many of their deposition designations for the November 17, 2015 hearing because they are largely outside the Court-defined scope of the hearing and therefore are irrelevant.  Many of the exhibits are also hearsay documents that cannot be admitted against Taishan.  Attached as **Exhibit A** and **Exhibit B** are annotated charts detailing Taishan's specific objections to the PSC's exhibits and deposition designations.

**ARGUMENT**

The PSC's proposed exhibits and deposition designations stray beyond the two discrete issues the Court identified for the November 17 hearing: (1) allegations that "Taishan knew of and refused or intentionally failed to disclose the current (i.e. post-employment) business relationships with and the location or whereabouts of their former employee, Mr. Wenglong Peng;" and (2) allegations that "Taishan knew that Mr. Peng had documents and/or computer-stored information but denied knowing the same or intentionally failed to disclose it and did not take proper measures to protect or collect these documents and/or computer-stored information."

(Rec. Doc. 19657.)  In setting distinct limits on the scope, the Court rejected the PSC's attempt to expand the hearing into a survey of discovery apparently going back to the beginning of the MDL.  (*See id.*)

Ignoring the Court's ruling, the PSC has designated more than 100 exhibits, many with sub-parts, which are well outside the Court's targeted scope.  For example:

- PSC Notices of deposition going back to 2010 (PSC Proposed Exs. 1, 5, 6, 68, 69).

- Entire deposition transcripts for non-Taishan witnesses (PSC Proposed Exs. 80, 81, 82).

- A 2011 motion to compel relating to personal jurisdiction filed by the Homebuilder's Steering Committee (PSC Proposed Ex. 53).

These documents are irrelevant under Fed. R. Evid. 401 because they do not make the specific allegations at issue "more or less probable."  The PSC attempted a similar exhibit dump prior to the June 9, 2015 hearing, which the Court rejected.  *See* May 28, 2015 Hearing Transcript at 7-8.

Many of the PSC's proposed exhibits are also inadmissible on hearsay grounds.  For instance, several of the documents were written by the PSC lawyers themselves or contain substantial commentary from the PSC and are obviously not Taishan's statements.  *See, e.g.*, PSC Proposed Exhibits 15, 16, and 37 (emails from the PSC to Taishan's counsel and the Court).

The Court should also exclude the PSC's improper Rule 1006 summaries.  Rule 1006 requires that the proponent of such a "summary, chart, or calculation" provide the originals or duplicates used to form the summary to the opposing party for examination.  Fed. R. Evid. 1006. The authenticity of these kinds of summaries cannot be established unless the PSC satisfies this

2

foundational requirement. Because the PSC has not yet produced the underlying data used to create these summaries, any such foundation-less summaries must be excluded under Rule 1006.

The PSC's deposition designations are often also outside the scope, such as more than thirty pages from the 2012 personal jurisdiction deposition of Peng Shiliang, a Taishan drywall plant manager. The following exchange is illustrative:

> Q. Would your approval have been sought for a transaction which contemplated 20 to 30 containers of gypsum to be sold each week between June 2006 through December 2006 for delivery at the port of Tampa, Florida?
>
> A. My sales principle is the balancing of production and sales, which is you should sell whatever volume that we produce. As of in what period of time and to where were they sold to, they did not need to report to me.

Peng Shiliang Deposition (1/11/2012) at 114:11-22. Testimony like this, which has nothing to do with the hearing, should be excluded.

For these reasons, Taishan respectfully requests that the Court grant this Motion to Exclude and exclude the PSC's proposed exhibits and deposition designations consistent with Taishan's objections reflected in **Exhibits A** and **B**.

Dated: November 12, 2015

Respectfully submitted,

/s Michael P. Kenny
Bernard Taylor, Esq.
Georgia Bar No. 669625
Michael P. Kenny, Esq.
Georgia Bar No. 415064
Christina Hull Eikhoff, Esq.
Georgia Bar No. 242539
David Venderbush, Esq.
New York Bar No. 2920817
ALSTON & BIRD LLP

3

1201 West Peachtree Street
Atlanta, Georgia 30309
Phone: (404) 881-7000
Fax: (404) 881-7777
mike.kenny@alston.com
*Counsel for Taishan Gypsum Co., Ltd. and Tai'an Taishan Plasterboard Co., Ltd.*

Alan Dean Weinberger
LA Bar No. 13331
HANGARTNER, RYDBERG & TERRELL, LLC
One Shell Square
701 Poydras St., Suite 310
New Orleans, Louisiana 70179
Phone: (504) 434-6815
Fax: (504) 522-5689
aweinberger@hanrylaw.com
*Local Counsel for Taishan Gypsum Co., Ltd. and Tai'an Taishan Plasterboard Co., Ltd.*

**CERTIFICATE OF SERVICE**

I hereby certify that the above and foregoing has been served on Plaintiffs' Liaison Counsel, Russ Herman by U.S. mail and e-mail and upon all parties by electronically uploading the same to LexisNexis File & Serve in accordance with Pre-Trial Order No. 6, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2047 on this 12th day of November, 2015.

    /s Michael P. Kenny
Michael P. Kenny, Esq.
Georgia Bar No. 415064
ALSTON & BIRD LLP
1201 West Peachtree Street NW
Atlanta, Georgia 30309
Phone: (404) 881-7000
Fax: (404) 881-7777
mike.kenny@alston.com
*Counsel for Taishan*