**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| ============================= | x | ========================= |
|---|---|---|
| | x | |
| IN RE: CHINESE-MANUFACTURED DRYWALL PRODUCTS LIABILITY LITIGATION | x x x | MDL NO. 2047 SECTION: L |
| | x | JUDGE FALLON |
| THIS DOCUMENT APPLIES TO ALL CASES | x x | MAG. JUDGE WILKINSON |
| | x | |
| ============================= | x | ========================= |

**PLAINTIFFS' STEERING COMMITTEE'S RESPONSE TO TAISHAN'S OMNIBUS MOTION TO EXCLUDE PLAINTIFFS' PROPOSED EXHIBITS AND IRRELEVANT DEPOSITION DESIGNATIONS FOR THE NOVEMBER 17, 2015 HEARING**

**I.     INTRODUCTION**

The PSC hereby responds to Defendants Taishan Gypsum Co., Ltd. and Tai'an Taishan Plasterboard Co., Ltd.'s ("Defendants" or "Taishan") Omnibus motion to exclude Plaintiffs' proposed exhibits and irrelevant deposition designations for the November 17, 2015 Hearing (Rec. Doc. No. 19731).[1] For the reasons set forth herein, the PSC's evidence is admissible as it is relevant to and within the scope of this Court's hearing. Thus, Taishan's Omnibus motion should be denied.

**II.    FACTS**

After initially setting an Evidentiary Hearing ("the Hearing") *sua sponte* on November 10, 2015 [Rec. Doc. No. 19526], on November 4, 2015, this Court, by Stipulation of all parties, agreed that the Hearing would be set for November 17, 2015 [Rec. Doc. No. 19681]. The scope of the hearing is as follows:

---

[1] Taishan's motion did not challenge exhibits or testimony developed and introduced at Mr. PENG's deposition on November 12-14, 2015. These will be the subject of a separate motion and response. Accordingly, the PSC's response does not address any such exhibits or testimony.

1

> The November 10th Hearing was set to address the issues of spoliation, contempt, and/or adverse inferences relating to the allegations that:
>
> 1. Taishan knew of and refused or intentionally failed to disclose the current (i.e. post-employment) business relationships with and the location or whereabouts of their former employee, Mr. Wenlong Peng; and
>
> 2. Taishan knew that Mr. Peng, had documents and/or computer-stored information but denied knowing the same or intentionally failed to disclose it and did not take proper measures to protect or collect these documents and/or computer-stored information. (Rec. Doc. No. 19630)

[Rec. Doc. No. 19657].

Pursuant to this Court's Order, the parties have produced exhibit lists which were submitted in contemplation of the Hearing. Taishan filed an omnibus motion to exclude many of the PSC's proposed exhibits and relevant deposition designations for the Hearing. Taishan has moved to exclude exhibits as irrelevant, outside the scope of the Hearing, inadmissible hearsay, and improper summaries. Taishan's arguments are without basis.

For the purposes of this hearing, the PSC intends to submit the following documents, as listed on the PSC's Exhibit List dated November 6, 2015:

- Hearing Exhibit No. 10: Contempt Order issued by Judge Fallon, dated July 17, 2014 (Rec. Doc. No. 17869);

- Hearing Exhibit No. 13: Declaration of JIA Tongchun, dated November 16, 2011 (Rec. Doc. No. 11211);

- Hearing Exhibit No. 15: Emails between Anthony Irpino and Christy Eikhoff, dated August 24, 2015 (Exhibit E to Plaintiffs' Motion to Compel, dated October 2, 2015);

- Hearing Exhibit No. 16: Email between Anthony Irpino and Christy Eikhoff, dated August 31, 2015 (Exhibit G to Plaintiffs' Motion to Compel, dated October 2, 2015);

- Hearing Exhibit No. 30: Email from Christy Eikhoff to Arnold Levin and Russ Herman, dated April 6, 2015;

- Hearing Exhibit No. 32: Email from Christy Eikhoff to Russ Herman, dated September 19, 2015;

- Hearing Exhibit No. 37: Email from Russ Herman and Arnold Levin to the Hon. Eldon D. Fallon, dated September 13, 2015;

- Hearing Exhibit No. 50: FRE 1006 Exhibit Summarizing Taishan Document Production and incorporated exhibits;

- Hearing Exhibit No. 61: Order and Reasons regarding the PSC's Motions relating to discovery and other matters, dated September 9, 2011 (Rec. Doc. No. 10269);

- Hearing Exhibit No. 63: PSC's Motion Challenging the Adequacy and Completeness of the Discovery Responses of Defendants Taishan Gyspum Co. Ltd. And Taian Taishan Plasterboard Co., Ltd., and to Compel Discovery & Jurisdictional Depositions to Begin in February 2011 (including the memorandum in support and Exhibits "A"- "H" attached thereto), dated January 12, 2011 (Rec. Doc. No. 6964 *et seq.*);

- Hearing Exhibit No. 66: PSC's/Questioners' Supplemental Memorandum in Support of Renewed Motion Challenging the Adequacy and Completeness of the Discovery Responses of Defendants Taishan Gyspum Co. Ltd. And Taian Taishan Plasterboard Co., Ltd., and to Compel Discovery & Jurisdictional Depositions to

> Begin in February 2011 (including the memorandum in support and Exhibits "A" - "T" attached thereto), dated August 24, 2011 (Rec. Doc. No. 10174 *et seq.*);

- Hearing Exhibit No. 74: Supplemental Brief of Venture Supply, Inc. and The Porter-Blaine Corporation regarding Motion to Compel Taishan Defendants (including the memorandum in support and Exhibits "A" - "C" attached thereto), dated August 19, 2011 (Rec. Doc. No. 10141 *et seq.*);

- Hearing Exhibit No. 85: Transcript of Gang Che deposition, dated June 2, 2015;

- Hearing Exhibit No. 86: Transcript of Gang Che deposition, dated June 3, 2015;

- Hearing Exhibit No. 87: Transcript of Gang Che deposition, dated June 4, 2015;

- Hearing Exhibit No. 92: Transcript of Jia Tongchun deposition, dated September 17, 2015;

- Hearing Exhibit No. 93: Transcript of Jia Tongchun deposition, dated September 18, 2015.[2]

Because Taishan's omnibus motion to exclude the PSC's proposed exhibits and relevant deposition designations for the November 17, 2015 hearing addresses a multitude of other documents or testimony, it should be denied.

### III.   ARGUMENT

When considering discovery abuses, the court must consider the suitability of remedies based on Defendants' conduct. *In Re Lopez*, 2015 WL 5438850, at *3 (S.D. Tex. 2015). The

---

[2] These intended submissions do not address all exhibits or testimony challenged by Taishan in its motion to exclude. The PSC reserves all arguments supporting the admissibility of evidence not addressed herein.

court's remedies must be just and related to the conduct of the Defendants. *Insurance Corp. of Ireland v. Campagnie Des Bauxites De Guinee*, 456 U.S. 694, 707 (1984).

When issuing discovery sanctions, Courts consider pleadings, motions, papers, and prior discovery orders to determine whether defendants' conduct warrants providing remedies to the opposing party. Often it is necessary to consider orders entered by the court and motions filed by parties requesting and compelling discovery to make findings regarding whether a party committed discovery abuse. The court may consider promises made by counsel when considering discovery abuses. *Metropolitan Life Ins. Co. v. Cammon*, No. 88 C 5549, 1989 WL 153558, at *4 (N.D. Ill November 7, 1989)(Violation of an order found where a party failed to deliver documents it promised it would produce.). The court should apply its review of evidence even-handedly, and that is in similar manner for both parties at a hearing. *See Jensen v. Phillips Screw Company*, 546 F.3d 59, n. 5 (1st Cir. 2008)("We do not suggest that the rules of evidence necessarily apply to fact finding in the context of sanctions.  That is not the case.") Thus, the court should consider based on its judgment whether the evidence is reliable and its opinions will not be disturbed unless it abuses its discretion. *See Moore v. CITGO Refining and Chemicals Co., LP*, 735 F.3d 309 (5th Cir. 2013).

In this case, the PSC is submitting this Court's Order, dated September 9, 2011 ordering Defendants to expand their ESI search regarding persons in supervisory positions. This Order is directly relevant to determine whether Defendants violated this Court's order by failing to disclose significant, relevant documents in light of the required ESI search commanded by the Order.

Likewise, Taishan's objection to the Declaration of Jia Tongchun, dated November 16, 2011, is misplaced. Following the Court's September 9, 2011 Order, the leader of Taishan, Chairman Jia Tongchun submitted a sworn Declaration stating he understood Taishan's discovery obligations. This Declaration is wholly related to Taishan's previous discovery compliance and actions, including ESI storage and searches. Among other things, the Declaration states that searches were done for ESI of Peng Wenlong, and no responsive information existed. This goes to the core of the November 17, 2015 hearing, in determining the propriety of Taishan's discovery responses. Clearly this Declaration is relevant to whether Taishan understood this Court's Order and, thus, violated it.

Taishan also asserts that the Contempt Order dated July 17, 2014 is outside the scope and inadmissible and irrelevant. However, the Court by necessity will want to consider its own orders in considering whether Taishan violated any discovery obligations.

Further, The PSC also seeks the admission of PSC's Motion Challenging the Adequacy and Completeness of the Discovery Responses of the Defendants Taishan Gyspum Co. Ltd and Tai'an Taishan Plasterboard Co., Ltd and to compel Discovery and Jurisdictional Depositions to Begin in February 2011 [Rec. Doc. No. 6964]. Defendants again assert this is outside the scope and irrelevant hearsay. Defendants are wrong. This motion is plainly relevant, since it exposes the long-festering discovery dispute. Nor is the motion hearsay, since it is not being introduced for proof of the matter being asserted therein. *See* Fed. R. Evid. 801(c)(2). Rather, the motion simply establishes that the issue was raised. This becomes relevant as to whether Defendants were fully compliant with this Court's order. Both the motion and the order provide evidence of Defendants' notice of its failure to comply with the Court's order.

Defendants also object to the PSC's/Questioners' Supplemental Memorandum in Support of Renewed Motion Challenging the Adequacy and Completeness of the Discovery Responses of Defendants Taishan Gyspum Co. Ltd. and Tai' an Taishan Plasterboard Co, Ltd., and to Compel Discovery and Jurisdictional Depositions to Begin in February 6, 2011 [Rec. Doc. No. 10174]. Again pursuant to FRE 401, 801, and 804, this is relevant and not inadmissible hearsay. It is relevant as to whether Defendants were fully compliant to this Court's orders and its continuous failures to produce evidence despite the PSC's continuous requests.

Defendants similarly object to the Supplemental Brief of Venture Supply Inc. and the Porter-Blaine Corporation regarding Motion to Compel Taishan Defendants dated September 19, 2011 [Rec. Doc. No. 10141]. Again, the Court may consider pleadings filed by parties to determine whether Defendants were compliant with the final order.

Defendants object to the admissibility of the deposition transcripts of CHE Gang and JIA Tongchun on grounds that they are irrelevant. However, JIA Tongchun testified that he advised all appropriate parties employed by Defendants that they were required to preserve documents. As an example, according to JIA's testimony:

- After leaving Taishan's employ in March 2014, Peng served as a voluntary consultant for Taishan until February 2015, as he was very valuable with respect to his understanding of the US litigation.

- After 11 months of "voluntary" service for the company, Peng became a hired consultant for Taishan on February 2, 2015. PENG agreed to be paid 50,000 Yuan for his services as a consultant; although a month after he signed this "Employment Agreement," he refused to cooperate when learning of the PSC's desire to depose him.

- Taishan never paid PENG for his consulting work.

- JIA knew where PENG worked but did not disclose it in either of his declarations.

- JIA claimed he did not know <u>until September 10, 2015</u> that PENG's computer had been missing. He claimed to have been very upset and he ordered CHE to find it immediately. On September 12, 2015, PENG's computer is located in a warehouse. Taishan allegedly has secured it with their IT department.

Deposition of JIA Tongchun, September 17-18, 2015, at 54:2-4; 54:20-55:11; 55:14-56:3; 67:25-69:25; 77:6-17; 77:23-78:14; 83:17-84:18; 85:15-25; 86:10-88:7; 287:15-25.[3]

Further, CHE's deposition revealed that PENG helped prepare him for his deposition, despite Defendants' representations that at the time they were not even aware of where PENG was located. CHE revealed that PENG, despite purportedly having left the company in March 2014, continued to assist the company with the litigation on a voluntary basis. Indeed, Mr. PENG helped Mr. CHE prepare for his deposition. Deposition of CHE Gang, June 2-4, 2015, at 29: 8-11; 49:3-21; 105:20-21; 106:1-107:19; 108:3-12; 150:3-13; 206:10-19. However, when later asked specific questions about Taishan affiliates, Mr. CHE stated that PENG refused to be of further assistance. Incredibly, he also stated that while he had PENG's phone number, he did not know exactly Mr. PENG's whereabouts. Further, Mr. CHE stated that PENG took his personnel file with him when he left the company.

Plainly, this testimony of CHE and JIA are relevant to matters within the scope of the Hearing and whether Defendants abused and violated the discovery rules.

Taishan also moves to exclude various emails between Anthony Irpino, Christy Eikhoff, Russ Herman, Arnold Levin, and Judge Fallon, dated April 6, 2015, August 24, 2015, August 31, 2015, September 13, 2015, September 19, 2015, and October 24, 2015, on the basis that they are outside the scope of this Court's ruling, are irrelevant, and contain hearsay. All of these emails

---

[3] Notably, of all of this testimony, Taishan has only objected to 83:17-20 as argumentative, which the PSC denies.

8

are relevant in that they identify what counsel for Taishan and the PSC discussed prior and subsequent to any proceedings in Court, including agreements concerning discovery arrangements. Pursuant to *Metropolitan Life Insurance Company*, promises and statements made by counsel to opposing counsel with regards to discovery are relevant and admissible when considering sanctions. Thus, in determining whether Taishan violated the Court Order, this Court should and may consider email exchanges between counsel and, thus, these are not outside the scope or hearsay.

Taishan's objection to the email from Russ Herman and Arnold Levin to Judge Fallon, dated September 13, 2015, is likewise improper. This email is entirely relevant to and within the scope of the November 17, 2015 hearing, in that it describes the situation concerning PENG Wenlong and Taishan's conduct concerning the same as the situation developed in September 2015. Moreover, this email is not inadmissible hearsay, as it sets forth the PSC's present sense impression of the events surrounding discovery and PENG Wenlong as they unfolded in Hong Kong.

Finally, Taishan moved to exclude the PSC's FRE 1006 chart summarizing Taishan's document production and incorporated exhibits as outside the scope and irrelevant hearsay. However, this document identifies in summary form what was produced to the PSC prior to PENG Wenlong's previous depositions on April 7, 2011 and January 13, 2012, and in relation to the other 30(b)(6) depositions taken in this litigation. This chart is highly relevant as to what Taishan produced and when. Moreover, Taishan's objection that this chart is an improper Rule 1006 summary because the PSC had not yet produced the underlying data is now moot. Taishan was provided this chart with underlying supporting documents on November 14, 2015. The

supporting documents to this chart consist only of the transmittal letters from Taishan's own document productions; Taishan cannot complain that they need abundant time for review or verification of its own letters and filings accompanying its document productions.

## IV. CONCLUSION

Taishan's Omnibus motion to exclude Plaintiffs' proposed exhibits and irrelevant deposition designations for the November 17th 2015 Hearing should be denied.

Respectfully submitted,

/s/ Russ M. Herman
**Russ M. Herman** (Bar No. 6819) (on the Brief)
Leonard A. Davis (Bar No. 14190)
Stephen J. Herman (Bar No. 23129)
Madelyn O. Breerwood (Bar No. 35538) (on the Brief)
***HERMAN, HERMAN & KATZ, LLC***
820 O'Keefe Avenue
New Orleans, LA 70113
PH: (504) 581-4892
FAX: (504) 561-6024
ldavis@hhklawfirm.com
*Plaintiffs' Liaison Counsel*
*MDL 2047*

Arnold Levin (on the Brief)
Fred S. Longer (on the Brief)
Sandra L. Duggan (on the Brief)
Daniel C. Levin (on the Brief)
Levin, Fishbein, Sedran & Berman
510 Walnut Street, Suite 500
Philadelphia, PA 19106
PH: (215) 592-1500
FAX: (215) 592-4663
Alevin@lfsblaw.com
*Plaintiffs' Lead Counsel*
*MDL 2047*

## PLAINTIFFS' STEERING COMMITTEE

Dawn M. Barrios
Barrios, Kingsdorf & Casteix, LLP
701 Poydras Street, Suite 3650
New Orleans, LA 70139
Phone: (504) 524-3300
Fax: (504) 524-3313
Barrios@bkc-law.com

Daniel E. Becnel, Jr.
Becnel Law Firm, LLC
425 W. Airline Highway, Suite B
Laplace, LA 70068
Phone: (985) 536-1186
Fax: (985) 536-6445
dbecnel@becnellaw.com

Peter Prieto
Podhurst Orseck, P.A.
25 Flagler Street, 8th Floor
Miami, FL 33130
Phone: (305) 358-2800
Fax: (305) 358-2382
pprieto@podhurst.com

Bruce William Steckler
Steckler, LLP
12720 Hillcrest Road, Ste 1045
Dallas, TX 75230
Phone: (972) 387-4040
Fax: (972) 387-404
bruce@stecklerlaw.com

Ervin A. Gonzalez
Colson, Hicks, Eidson
255 Alhambra Circle, Penthouse
Cora Gables, FL 33134
Phone: (305) 476-7400
Fax: (305) 476-7444
ervin@colson.com

Jerrold Seth Parker
Parker Waichman, LLP
27300 Riverview Center Blvd., Suite 103
Bonita Springs, FL 34134
Phone: (239) 390-1000
Fax: (239) 390-0055
Jerry@yourlawyer.com

Scott Wm. Weinstein
Morgan & Morgan
12800 University Drive, Suite 600
Ft. Meyers, FL 33907
Phone: (239) 433-6880
Fax: (239) 433-6836
sweinstein@forthepeople.com

James Robert Reeves
Reeves & Mestayer, PLLC
160 Main Street
Biloxi, MS 39530
Phone: (228) 374-5151
Fax: (228) 374-6630
jrr@attorneys4people.com

Christopher Seeger
Seeger Weiss, LLP
77 Water Street
New York, NY 10005
Phone: (212) 584-0700
Fax: (212) 584-0799
cseeger@seegerweiss.com

Daniel K. Bryson
Whitfield, Bryson & Mason, LLP
900 W. Morgan Street
Raleigh, NC 27603
Phone: (919) 600-5000
Fax: (919) 600-5002
dan@wbmllp.com

Ben W. Gordon, Jr.
Levin, Papantonio, Thomas, Mitchell
 Echsner & Proctor, P.A.
316 S. Baylen Street, Suite 600
Pensacola, FL 32502
Phone: (850) 435-7000
Fax: (850) 435-7020
bgordon@levinlaw.com

Hugh P. Lambert
The Lambert Firm
701 Magazine Street
New Orleans, LA 70130
Phone: (504) 581-1750
Fax: (504) 529-2931
hlambert@thelambertfirm.com

Gerald E. Meunier
Gainsburgh, Benjamin, David, Meunier
 & Warshauer, LLC
2800 Energy Centre, 1100 Poydras Street
New Orleans, LA 70163-2800
Phone: (504) 522-2304
Fax: (504) 528-9973
gmeunier@gainsben.com

Richard J. Serpe, Esquire
Law Offices of Richard J. Serpe
Crown Center, Ste. 310
580 East Main Street
Norfolk, VA 23510-2322
Phone: (757) 233-0009
Fax: (757) 233-0455
rserpe@serpefirm.com

Victor M. Diaz, Jr., Esquire
V.M. Diaz and Partners, LLC
119 Washington Ave, Suite 402
Miami Beach, FL 33139
Phone: (305) 704-3200
Fax: (305) 538-4928
victor@diazpartners.com

## OF COUNSEL TO PLAINTIFFS' STEERING COMMITTEE

Richard S. Lewis
HAUSFELD LLP
1700 K Street, N.W Suite 650
Washington, DC 20006
Phone: (202) 540-7200
Fax: (202) 540-7201
rlewis@hausfeldllp.com

Andrew A. Lemmon
Lemmon Law Firm, LLC
P.O. Box 904
15058 River Road
Hahnville, LA 70057
Phone: (985) 783-6789
Fax: (985) 783-1333
andrew@lemmonlawfirm.com

Anthony D. Irpino
IRPINO LAW FIRM
2216 Magazine Street
New Orleans, LA 70130
Phone: (504) 525-1500
Fax: (504) 525-1501
airpino@irpinolaw.com

**CERTIFICATE OF SERVICE**

    I hereby certify that the foregoing has been served on Defendants' Liaison Counsel, Kerry Miller, by U.S. Mail and e-mail <u>or</u> by hand delivery and e-mail <u>and</u> upon all parties by electronically uploading the same to LexisNexis File & Serve in accordance with Pre-Trial Order No. 6, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2047, on this 16th day of November, 2015.

    /s/ Leonard A. Davis\
    Leonard A. Davis\
    Herman, Herman & Katz, LLC\
    820 O'Keefe Ave.\
    New Orleans, LA 70113\
    PH: (504) 581-4892\
    Fax: (504) 561-6024\
    ldavis@hhklawfirm.com