UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: CHINESE-MANUFACTURED DRYWALL PRODUCTS LIABILITY LITIGATION | MDL NO. 2047<br>SECTION: L<br>JUDGE FALLON<br>MAG. JUDGE WILKINSON |
| **THIS DOCUMENT RELATES TO:**<br><br>*Germano v. Taishan Gypsum Co., Ltd., f/k/a Shandong Taihe Dongxin Co., Ltd.*, Case No. 09-6687 (E.D. Va.);<br><br>*Gross v. Knauf Gips, KG*, Case No. 09-6690 (E.D. La.);<br><br>*Wiltz v. Beijing New Building Materials Public Limited Co.,* Case No. 10-361 (E.D. La.);<br><br>*Amorin v. Taishan Gypsum Co., Ltd., f/k/a Shandong Taihe Dongxin Co., Ltd.*, Case No. 11-1672 (S.D. Fl.);<br><br>*Amorin v. Taishan Gypsum Co., Ltd., f/k/a Shandong Taihe Dongxin Co., Ltd.*, Case No. 11-1395 (E.D. La.); and<br><br>*Amorin v. Taishan Gypsum Co., Ltd., f/k/a Shandong Taihe Dongxin Co., Ltd.*, Case No. 11-1673 (E.D. Va.). | |

**BEIJING NEW BUILDING MATERIALS PUBLIC LIMITED COMPANY'S AND BEIJING NEW BUILDING MATERIAL (GROUP) CO., LTD.'S NOTICE OF JOINDER AND SUPPLEMENTAL AUTHORITY TO TAISHAN'S RESPONSE TO PLAINTIFFS' MOTION FOR EXPEDITED HEARING ON SETTING PHASED <u>INDIVIDUAL DAMAGE TRIALS</u>**

Defendants Beijing New Building Materials Public Limited Company ("BNBM PLC") and Beijing New Building Material (Group) Co., Ltd. ("BNBM Group") hereby join in and adopt the concerns and positions[1] set forth in Taishan's Response to Plaintiffs' Motion For Expedited

---

[1] <u>Reassertion of Objection to Personal Jurisdiction</u>: On March 4, 2015, the BNBM Entities

1

Hearing in Setting Phased Individual Damage Trials (Rec. Doc. 19712 "Taishan's Response"). In addition to arguments set forth in Taishan's Response, the PSC's Motion for Individual Damage Trials should be also be denied for the reasons set forth below.

As a preliminary matter, both BNBM Group and BNBM PLC have pending motions to dismiss based on lack of personal jurisdiction, including whether BNBM Group and BNBM PLC can be regarded as alter-egos of Taishan.[2] This Court has already put those motions on a separate track for adjudication. The PSC's motion is vague as to exactly which defendants would be bound by the individual trials it seeks to schedule. The motion talks in terms of "Taishan," but it never defines the term, and it is unclear whether the PSC is using the term "Taishan" to refer to Taishan Gypsum Co. Ltd., or whether it is using the term "Taishan" more broadly to refer to all of the Chinese defendants, including the BNBM and CNBM Companies, as it has done in prior pleadings. (*See, e.g*., Plaintiffs' Omnibus Motion for Class Certification, Rec. Doc. 17883, at 2 n.1.) In any event, the PSC has made clear its position that any judgment against Taishan would also bind BNBM Group and BNBM PLC as supposed alter-egos, so both BNBM Group and BNBM PLC have interests that would be adjudicated in these trials, and the threshold issue of whether the Court has jurisdiction to do so, and whether BNBM Group and BNBM PLC can be considered as "alter-egos," should be addressed before hundreds of individual trials are scheduled.

Jurisdiction and alter-ego issues aside, class damages have already been tried. On June 9,

---

formally appeared in the above-captioned actions, through Notices of Appearance that specifically raised and preserved defenses relating to, *inter alia*, lack of personal jurisdiction. As the BNBM Entities have done with each prior submission, they raise the issue of personal jurisdiction at the outset of this brief to preserve the BNBM Entities' legal rights to assert this fundamental defense.

[2] The BNBM entities also have a pending motion to decertify as well as a motion to vacate the contempt order that challenges the Court's alter-ego determination as well. (Rec. Docs. 18876 and 18883)

2015, this Court conducted evidentiary proceedings on the PSC's Motion for Assessment of Class Damages (Rec. Doc. 18086), which was supposed to be a hearing on all class claims for remediation damages.  Notwithstanding the PSC's assertions that it could prove damages on a class-wide basis, the contours of the proposed class as well as the damages sought kept changing. (*See, e.g.*, Taishan's Supplemental Memorandum in Opposition to Plaintiffs' Motion for Assessment of Class Damages, Rec. Doc. 19517, at 1-4; BNBM PLC's and BNBM Group's Notice of Joinder in Taishan's Supplemental Memorandum, Rec. Doc. 19494, at 1-2.)  Finally, the PSC, well after the June 9th damages proceedings concluded, proffered to the Court a further amended Exhibit 79 which purported to be a list of class plaintiffs for whom remediation damages were sought.  The Court's ruling on the PSC's Motion for Assessment of Class Damages is still pending and the listing of plaintiffs seeking relief pursuant to that motion continues to change.  (*See, e.g.*, A. Levin Sep. 8 Letter to Court (identifying the removal of hundreds of plaintiffs from the PSC's listing and stating "the PSC has continued to verify aspects of the claims presented on Ex. 79 . . . [and] has determined that product identification of a number of listed properties may be inadequate[.]").)  To state the obvious, who is included in the class addressed by the June 9th hearing remains a moving target.

Undeterred by this confusion, however, the PSC has filed a Motion for Individual Damages Trials that appears to seek individual trials for (1) remediation awards for supposed "class members" whose claims somehow were not covered in the June 9 hearing on class damages (the "Additional Remediation Claims"), and (2) claims for other damages such as alternative living expenses, personal injury, mortgage forfeiture damages, etc., which were not part of the Court's class certification order and which even the PSC concedes cannot be proven on a class wide basis (the "Non-Class Claims").  (PSC's Memorandum in Support, Rec. Doc.

3

19705-1, at 2.) None of these cases are identified, none of the plaintiffs are named, the applicable pleadings are not proffered or even referenced, and no information is provided about the matters which the PSC wants set for trial or the amount of damages sought other than the statement that the PSC says it will provide a state-by-state list of claims 60 days in advance of proceedings. (PSC's Reply in Support, Rec. Doc. 19721-2, at 3.) That hardly gives defendants adequate time for discovery, and if these lists are anything like the PSC's ever-changing class list Exhibit 79, they will continue to change and morph through and after the trial proceedings.[3]

Moreover, the PSC is being more than a little presumptuous in concluding that, as to these individual claims, damages are the only remaining issues. BNBM Group and BNBM PLC were defaulted in certain cases;[4] however, to the extent that there are plaintiffs or claims that were not included in those cases, or that lie outside the scope of the class certification order, no defaults have been entered and liability issues are still very much alive.

Beyond that, the PSC's motion is duplicative with respect to Additional Remediation Claims. All class damages were supposed to have been presented at the June 9 hearing. The essence of a Rule 23 class action is proof on a common basis and a judgment that binds all class members based on the evidence presented by the representative plaintiffs, and it was plaintiffs' burden to identify an ascertainable class. *See Castano v. Am. Tobacco Co.*, 84 F.3d 734, 740

---

[3] The PSC's assertion that it should be sufficient that it submit a "state by state claimant list" 60 days prior to a mini trial is not due process. (*See* Rec Doc. 19721-2, at 3.) These lists could include hundreds of plaintiffs and will undoubtedly contain volumes of information that any defendant will need an opportunity to address—even if they are no longer able to contest liability. As demonstrated by the myriad of problems uncovered with the class list initially presented with the PSC's motion for an award of class damages, defendants must have the ability to adequately address the representations submitted to the Court on these issues.

[4] *See Amorin v. Taishan Gypsum Co. Ltd.*, No. 2:11-cv-1395, *Amorin v. Taishan Gypsum Co. Ltd.*, No. 2:11-cv-1672, *Amorin v. Taishan Gypsum Co. Ltd.*, No. 2:11-cv-1673, *Wiltz v. Beijing New Building Materials Public Limited Co.*, No. 2:10-cv-361, *Gross v. Knauf Gips KG*, No. 2:09-cv-6690, *Germano v. Taishan Gypsum Co., Ltd.*, No. 09-6687. The BNBM entities have filed motions to vacate the entry of default in this cases. (Rec. Doc. 18851.)

4

(5th Cir. 1996) ("The party seeking certification bears the burden of proof."). For the PSC to now argue that there are so-called "class members" who were not included in the class damages proof and whose remediation damage claims must now be heard in individual proceedings is a stunning concession that a class-wide damages hearing was never appropriate to begin with. We have seen no case where plaintiffs were permitted to seek damages based on common proof for part of the class, yet hold individual trials for others. The very concept is antithetical to Rule 23 and the class should be decertified pursuant to the pending decertification motions filed by Taishan and by the BNBM defendants. (*See* Rec Docs. 18879, 18883, 18903.) At a minimum, plaintiffs are seeking a second bite at the remediation damages apple.

  Alternatively, if the class certification order is to stand, then those plaintiffs whose damages were not determined at the June 9 hearing cannot properly be regarded as part of the class, and their claims must either be foreclosed, or treated as individual claims. (*See* Rec. Doc. 19705-1, at 6 (stating "approximately 316 dismissals [of class member claims] have been or shortly will be filed" and listing the various forms of damages the plaintiffs "still need to produce evidence of").) And, with respect to the Non-Class claims, even the PSC acknowledges that these claims are not part of the class certification order and that individual trials are required.

  The PSC proposes to try all these individual claims grouped by State. (PSC's Reply in Support, Rec. Doc. 19721-2, at 3.) But the PSC has ignored the fact that nearly half of the cases on this Court's docket were transferred pursuant to an order of the Judicial Panel on Multidistrict Litigation, and that this Court's jurisdiction over those cases is limited to "coordinated or consolidated *pretrial* proceedings." 28 U.S.C. §1407 (emphasis added). This Court simply cannot assign itself to preside over trials in individual cases that were transferred here from another district. Specifically, 28 U.S.C. §1407(a) states: "Each action so transferred shall be

5

remanded by the panel at or before the conclusion of such pretrial proceedings to the district from which it was transferred unless it shall have been previously terminated." The U.S. Supreme Court has interpreted this language as requiring mandatory remand after the pretrial phase of the MDL. The "straightforward language" in Section 1407(a) "bars recognizing any self-assignment power in a transferee court." *Lexecon Inc. v. Milberg Weiss Bershad Hynes & Lerach,* 523 U.S. 26, 40 (1998). Therefore, the transferred cases must be remanded "no later than the conclusion of pretrial proceedings in the transferee court . . . ." *Id.* at 36-37. Here, than can be no doubt that the PSC contemplates that this Court preside over the hundreds of individual trials it is seeking to schedule. (Rec Doc. 19705-1, at 2.) However, many of these cases must be remanded to the initial transferring court for trial.

Indeed, the Eastern District of Louisiana consistently follows this rule prohibiting self-assignments of MDL transferred matters. Shortly after the Supreme Court's decision in *Lexecon*, the Court articulated the rule that "a transferee court conducting pretrial proceedings has no authority to self-assign a multidistrict proceeding for trial." *In re Ford Motor Co. Bronco II Prod. Liab. Litig.*, No. 991, 1998 WL 308013, at *1 (E.D. La. June 8, 1998). The Court has continued to follow this rule, even if such a procedure may not be the most efficient. *See Adams v. Big Lots Stores, Inc.,* No. 08-4326, 2009 WL 2160430, at *6 (E.D. La. July 16, 2009) (explaining that transferring cases "to one district for pretrial purposes and then return[ing] them to the 58 districts for trial, will add years of delay and enormous costs to the resolution of these claims").[5]

Notwithstanding this well-established law, the PSC has simply plowed ahead and has

---

[5] In a recent 2015 case, while denying a motion for summary judgment, the court again reminded the parties that "[o]nce the parties have completed discovery, the Court must remand this case to the transferor court." *In re Vioxx Products Liab. Litig.*, No. MDL 1657, 2015 WL 1909859, at *10 (E.D. La. Apr. 21, 2015).

improperly asked this Court to hold trials in cases regardless of whether they were filed in this District originally or whether they were transferred pursuant to 28 U.S.C. §1407. As to the latter cases, those must be remanded to the transferor forum for trial. In all cases, the PSC's request is improper at this stage of the litigation.

## CONCLUSION

In sum, the PSC's motion for individual trials should at a minimum be denied as premature until the issues of personal jurisdiction and alter ego have been addressed, and until the Court rules on the pending decertification motions. Beyond that, the motion should be denied as legally insufficient because it fails to identify the parties or claims at issue or the damages sought, because it in part seeks to adjudicate claims that were (or should have been) included in the class damages, and because it fails to properly distinguish between individual claims that were brought before this Court in the first instance, and those that must be remanded to their transferor forums for trial.

WHEREFORE, for all the reasons set forth in Taishan's Response and for the additional reasons set forth herein, BNBM PLC and BNBM Group respectfully request that the Court deny Plaintiffs' request for expedited hearing to set individualized trials.

Dated:  November 16, 2015

        Respectfully submitted,

        **DENTONS US LLP**

        By: */s/ Michael H. Barr*
        Michael H. Barr
        New York Bar No. 1744242
        Justin N. Kattan
        New York Bar No. 3983905
        1221 Avenue of the Americas
        New York, NY 10020-1089
        Telephone:  (212) 768-6700
        Facsimile:  (212) 768-6800
        michael.barr@dentons.com
        justin.kattan@dentons.com

        Richard L. Fenton
        Illinois Bar No. 3121699
        Leah R. Bruno
        Illinois Bar No. 6269469
        233 South Wacker Drive
        Suite 5900
        Chicago, IL  60606-6306
        Telephone:  (312) 876-8000
        Facsimile:  (312) 876-7934
        richard.fenton@dentons.com
        leah.bruno@dentons.com

        Kenneth J. Pfaehler
        D.C. Bar No. 461718
        Drew W. Marrocco
        D.C. Bar No. 453205
        1301 K Street, N.W.
        Suite 600, East Tower
        Washington, D.C. 20005
        Telephone: (202) 408-6400
        Facsimile: (202) 408-6399
        kenneth.pfaehler@dentons.com
        drew.marrocco@dentons.com

C. Michael Moore
Texas Bar No. 14323600
Matt Nickel
Texas Bar No. 24056042
2000 McKinney Ave, Suite 1900
Dallas, TX  75201
Telephone:  (214) 259-0900
Facsimile:  (214) 259-0910
mike.moore@dentons.com


**PHELPS DUNBAR LLP**

Harry Rosenberg
Louisiana Bar No. 11465
365 Canal Street, Suite 2000
New Orleans, Louisiana 70130-6534
Telephone:  (504) 566-1311
Facsimile:  (504) 568-9130
harry.rosenberg@phelps.com

*Attorneys for Beijing New Building Material (Group) Co., Ltd. and Beijing New Building Materials Public Limited Company*

9

**CERTIFICATE OF SERVICE**

I hereby certify that the above and foregoing **Beijing New Building Materials Public Limited Company's and Beijing New Building Material (Group) Co., Ltd.'s Notice of Joinder and Supplemental Authority to Taishan's Response to Plaintiffs' Motion for Expedited Hearing on Setting Phased Individual Damage Trials** has been served on Plaintiffs' Liaison Counsel, Leonard Davis, and Defendants' Liaison Counsel, Kerry Miller, by U.S. mail and e-mail or by hand delivery and e-mail and upon all parties by electronically uploading the same to LexisNexis File & Serve in accordance with Pre-Trial Order No. 6, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2047, on this November 16, 2015.

                                                                                /s/     *Michael H. Barr*