UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE:  CHINESE-MANUFACTURED DRYWALL PRODUCTS LIABILITY LITIGATION | MDL NO. 2047<br>SECTION: L<br>JUDGE FALLON<br>MAG. JUDGE WILKINSON |
| THIS DOCUMENT RELATES TO:<br><br>ALL ACTIONS | |

**TAISHAN'S RESPONSE TO PSC'S EMERGENCY MOTION FOR A RULE 16 CONFERENCE AND FOR EXPEDITED CONSIDERATION**

The Court should reject the PSC's request for discovery into the BNBM share transaction (Rec. No. 19704-1, Exhibit A) for the reasons stated in BNBM's response, which, pursuant to Fed. R. Civ. P. 10(c), Taishan joins. (Rec. Doc. 19740).  Taishan submits this response to explain further that Fifth Circuit law, which the PSC ignores, specifically bars this kind of asset discovery before final judgment where the district court's home-state law does not permit it.  *See In re 2920 ER, LLC*, 607 F. App'x 349 (5th Cir. 2015).  Louisiana law does not permit it.  *See Benoit v. International Harvester Co.*, 251 So.2d 389, 391 (1971).

The PSC admittedly seeks postjudgment-style damages discovery into defendants' assets. The PSC seeks the proposed discovery "to protect Plaintiffs' rights in this litigation" by determining "whether this transfer of ownership and assets will make it more difficult, if not impossible, for these Class Plaintiffs to recover." (Rec. No. 19704-1 at 1, 3). That is "damages discovery," which the Court has no authority to order before a final, appealable judgment. *In re 2920*, 607 F. App'x at 351.

In *In re 2920*, the Fifth Circuit reversed a prejudgment order permitting "damages discovery" because neither federal law nor that applicable state law provided "authority for the

district court's discovery order." *Id.* at 356.  The Fifth Circuit explained that "only three avenues" permit remedies related to a defendant's assets:  (1) Fed. R. Civ. P. 69 (postjudgment relief); (2) Fed. R. Civ. P. 64 (prejudgment relief); and (3) Fed. R. Civ. P. 65 (preliminary injunctive relief).  *Id.* at 354.  Those avenues are closed here, as in *In re 2920*.

Fed. R. Civ. P. 69 does not permit *pre*judgment asset discovery because under purely "federal principles" a party can obtain damages discovery "'*only after judgment*.'"  *Id.* at 356 (emphasis in opinion) (quoting 12 Wright & Miller, Fed. Prac. and Proc., § 3014).  As here, the district court had "not yet entered final judgment," precluding asset discovery under Rule 69.  *Id.* at 351.

Fed. R. Civ. P. 64 permits prejudgment damages discovery "'*only if* the law of the state in which the district court sits so provides.'"  *Id.* at 354 (emphasis in opinion) (quoting Rule 64).  But applicable Texas law specifically barred prejudgment discovery in aid of judgment.  *Id.* at 356 (citing *In re Elmer*, 158 S.W.3d 603, 605 (Tex. App.—San Antonio 2005)).[1]  Louisiana law likewise bars prejudgment discovery into "defendant's financial condition."  *Benoit v. International Harvester Co.*, 251 So.2d 389, 390 (La. Ct. App. 1971) (reversing prejudgment order requiring defendant to produce financial documents).  *Id.* at 391.  *Benoit* explained the general principle that "'[t]he purpose of pre-trial discovery is to prepare for trial of the issues, not to uncover assets that might be applied toward satisfaction of a judgment.'"  *Id.* at 390 (quoting

---

[1] The Fifth Circuit bolstered its disapproval of prejudgment asset discovery by citing "the tradition of American common law" reflected in *Grupo Mexicano de Desarrollo S.A. v. Alliance Bond Fund, Inc.*, 527 U.S. 308 (1999), in which "the Supreme Court held that federal courts lack authority even to issue a preliminary injunction freezing assets in an action for money damages." *Id.* at 355.  The court also cited *De Beers Consolidated Mines v. United States*, 325 U.S. 212 (1945), which held in the context of a foreign company that "a writ of attachment or sequestrations against property of a disobedient party to compel satisfaction of a judgment, is operative *only after a judgement is entered*." *Id.* (emphasis in original).

*Clauss v. Danker*, 264 F. Supp. 246 (D.D.C. 1967)). The Louisiana Supreme Court later confirmed that bar against prejudgment asset discovery because a defendant's financial status is "irrelevant" to the adjudication of compensatory tort damages. *Guy v. Tonglet*, 379 So.2d 744, 747 (La. 1980).[2] And Fed. R. Civ. P. 65 injunctive relief is not relevant to these discovery issues.

Thus, the PSC lacks any valid basis in either federal or state law for their requested prejudgment asset discovery. Neither their speculative "great concern" nor the entry of preliminary default can justify the unauthorized request. The Fifth Circuit barred such discovery in *In re 2920* even though the plaintiff's "counsel represented" that the defendants were transferring large amounts of money out of certain entities. *Id.* at 352. And the Fifth Circuit's negative view did not change because the district court had granted "several motions for partial summary judgment" and stated that the plaintiff "'will take $8,412,116.01' from the defendants." *Id.* at 351 (quoting district court). The Fifth Circuit focused on the fact that—like here—"the district court ha[d] not yet entered final judgment." *Id*.

Without a final judgment, the PSC cannot engage in asset discovery into any defendant's financial affairs. The Court should deny the PSC's request to do so.

Respectfully submitted this 16th day of November, 2015.

/s Michael Kenny
Michael P. Kenny, Esq.
Georgia Bar No. 415064
Bernard Taylor, Esq.

---

[2] Although *Guy* recognized an exception under Louisiana's inability-to-pay rule, the Louisiana Supreme Court later rejected that inability-to-pay rule, thus wiping out the exception. *See Rodriguez v. Traylor*, 468 So.2d 1186, 1188 (La. 1985). Louisiana law does not permit any prejudgment asset discovery because "the wealth or poverty of a party to a lawsuit is not a proper consideration in the determination of compensatory damages." *Id.*

3

Georgia Bar No. 669625
Christina Hull Eikhoff
Georgia Bar No. 242539
David Venderbush, Esq.
New York Bar No. 2920817
1201 West Peachtree Street
Atlanta, Georgia 30309
Phone: (404) 881-7000
Fax: (404) 881-7777
mike.kenny@alston.com
*Counsel for Taishan Gypsum Co., Ltd. and*
*Tai'an Taishan Plasterboard Co., Ltd.*

Alan Dean Weinberger
LA Bar No. 13331
HANGARTNER, RYDBERG & TERRELL, LLC
One Shell Square
701 Poydras St., Suite 310
New Orleans, Louisiana  70179
Phone:  (504) 434-6815
Fax: (504) 522-5689
aweinberger@hanrylaw.com
*Local Counsel for Taishan Gypsum Co., Ltd. and*
*Tai'an Taishan Plasterboard Co., L*

## CERTIFICATE OF SERVICE

I hereby certify that the above and foregoing has been served on Plaintiffs' Liaison Counsel, Russ Herman, by U.S. mail and e-mail and upon all parties by electronically uploading the same to LexisNexis File & Serve in accordance with Pre-Trial Order No. 6, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2047 on this 16th day of November, 2015.

/s Michael Kenny
Michael P. Kenny, Esq.
Georgia Bar No. 415064
ALSTON & BIRD LLP
1201 West Peachtree Street NW
Atlanta, Georgia 30309
Phone: (404) 881-7000
Fax: (404) 881-7777
mike.kenny@alston.com
*Counsel for Taishan Gypsum Co., Ltd. and Tai'an Taishan Plasterboard Co., Ltd.*