UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: CHINESE MANUFACTURED DRYWALL PRODUCTS LIABILITY LITIGATION<br><br>THIS DOCUMENT RELATES TO:<br>ALL ACTIONS | MDL NO. 2047<br><br>SECTION: L<br><br>JUDGE FALLON<br><br>MAG. JUDGE WILKINSON |

**OPPOSITION TO TAISHAN'S MOTION TO QUASH PLAINTIFFS' SUBPOENA FOR PRODUCTION OF ITEMS RELATED TO PENG WENLONG**

Plaintiffs' Liaison Counsel and the Plaintiffs' Steering Committee (PSC) have issued this Opposition to Defendants' Motion to Quash Plaintiffs' Subpoena for Production of Items Related to Peng Wenlong [Rec. Doc. 19733].

The Court should deny Defendants' Motion to Quash because: (1) Mr. Peng's computer is relevant to the November 17, 2015 hearing; (2) Mr. Peng's personnel file is relevant and important to the hearing on November 17, 2015; and (3) Plaintiffs' subpoena is timely.

**I. FACTUAL BACKGROUND**

Defendants contend that Plaintiffs' subpoena requires production of duplicative, non-discoverable information. Such assertion is misleading and is an attempt to avoid an obligation required under the law. Though Taishan has produced documents which its counsel has represented come from multiple computers, the PSC believes that the Taishan production is incomplete. The PSC has requested relevant information relating to specific emails and other documents in the possession of Taishan or Mr. Peng. This includes electronically stored

information that Mr. Peng has identified to be on computers that he had access to. Computer access, their usage, sources of information, metadata and other information contained within the computer(s) and hardware that is the subject of the subpoena is relevant. It is therefore vitally important that the Plaintiffs receive a complete production. Furthermore, a number of the Plaintiffs' discovery requests remain unanswered or still outstanding and the production of the items requested in the subpoena is necessary to assist in answering a number of questions regarding the completeness of Defendants' production. This Court is familiar with the facts; therefore, in an attempt to promote efficiency, the PSC adopts and incorporates herein its Motion to Compel the Production of Wenlong Peng Computers and Related Information [UNDER SEAL at Rec. Doc. 19599] and Memorandum Outlining Evidence to be Presented at the November 17, 2015 Hearing to Address Issues of Spoliation, Contempt and/or Adverse Inferences Related to Taishan Gypsum and Peng Wenlong [UNDER SEAL at Rec. Doc. 19735]. On November 16, 2015, Grant Thornton provided a response to the subpoena issued to Grant Thornton (see Exhibit "A" attached hereto).

## II. ARGUMENT

**A. Information stored on computers, hard drives and servers.**

On November 13, 2015, the PSC issued a Notice of Subpoena to Taishan Gypsum Co., Ltd. and Tai'an Taishan Plasterboard Co., Ltd. for the production of documents, information, or objects or to permit inspection of premises in a civil action. The subpoena specifically requested computers used by Peng Wenlong, hard drives from computers or servers containing emails of Peng Wenlong and computers, hard drives or servers provided by Taishan to Grant Thornton.

The requests made by the PSC are not new. The PSC has sought electronically stored information from Taishan since as early as 2011. Unfortunately, Taishan has failed to make a

complete production. The Court is intimately familiar with Taishan's delays and failure to make full and complete productions.

It is well accepted that the underlying data contained in the hardware requested in the subpoena by Plaintiffs is relevant and discoverable within the meaning of Federal Rules of Civil Procedure 26 and 45. *See In re Denture Cream Products Liab. Litig.,* 292 F.R.D. 120, 124 (D.D.C.2013). Underlying metadata allows the party to understand fully the chronicle of events and to figure out, among other things, who received what information and when. "Knowing the source of the disclosed documents is just as important as the content of the documents." *Cohen v. Trump*, No. 13-CV-2519-GPC WVG, 2015 WL 3617124, at 20 (S.D. Cal. June 9, 2015). Metadata is highly relevant. The Court should require Defendants to produce the items requested in the subpoena so that a forensic inspection can take place. *See Hoover v. Florida Hydro, Inc.,* No. CIV.A. 07-1100, 2008 WL 4467661, at 5 (E.D. La. Oct. 1, 2008); *See also Ameriwood Indus., Inc. v. Liberman*, No. 4:06CV524-DJS, 2006 WL 3825291, at 3 (E.D. Mo. Dec. 27, 2006) *as amended on clarification*, No. 4:06CV524-DJS, 2007 WL 685623 (E.D. Mo. Feb. 23, 2007).

Defendants have produced approximately 84,000 documents consisting of approximately 500,000 pages allegedly from multiple sources. There is no way for the PSC at this stage to determine the origin of each particular document. This information is relevant for a full understanding of Mr. Peng's involvement. *See Barnes v. Dist. of Columbia,* 289 F.R.D. 1, 19–24 (D.D.C.2012) (compelling the production of computer data and information associated with hard copy documents because, "[i]n order for the [requesting party] to understand fully the ... [r]eports, they need to have all the underlying data and information on how" the reports were prepared). Information related to Mr. Peng's data access and usage is also incomplete. Mr. Peng

3

himself has even acknowledged that there are issues with Taishan's hard file production of information from his computer. *See* Deposition (PENG Wenlong) dated 11/12-14/2015 ("PENG Dep.") (attached hereto as Exhibit "B" – FILED UNDER SEAL) at 82:17-83:21. Throughout this litigation, conflicting information related to Mr. Peng has called into question the accuracy of produced documents, even necessitating the November 17, 2015 hearing.

Defendants contend that inspection of Mr. Peng's computer would result in the production of duplicative information. However, the information that the PSC seeks to discover is not duplicative. The PSC seeks to obtain the hardware in order to address "discrepancies or inconsistencies" with the original production of documents. *See Ameriwood Indus., Inc. v. Liberman,* 2006 WL 3825291, No. 4:06CV524–DJS, at 4 (E.D.Mo. Dec. 27, 2006) (citing *McCurdy Grp. v. Am. Biomedical Grp., Inc.,* 9 Fed.Appx. 822, 831 (10th Cir.2001); *Simon Prop. Grp. L.P. v. mySimon, Inc.,* 194 F.R.D. 639, 641 (S.D.Ind.2000)); *In re Denture Cream Products Liab. Litig.,* 292 F.R.D. 120, 128 (D.D.C. 2013). Forensic inspection of the computer and hardware will assist in the Court's search for the truth.

B. **Mr. Peng's personnel file.**

Defendants assert that discovery of the personnel file of Mr. Peng presents special concerns about privacy rights. This does not mean that a party is never entitled to discover the personnel files of an opponent's employees. *See Davis v. Precoat Metals*, No. 01 C 5689, 2002 WL 1759828 (N.D.Ill. July 29, 2002). As this Court is aware, Pre-Trial Order No. 16 addresses confidentiality of documents. All that needs to be done is for the documents to be designated as such. The court must balance the interests of the parties in obtaining relevant discovery against the privacy interests of individual non-parties. *See Poseidon Oil Pipeline Co. v. Transocean Sedco Forex, Inc.,* No. CIV.A. 00-2154, 2002 WL 31098543, at 1 (E.D. La. Sept. 18, 2002).

4

However, Mr. Peng was an employee and his personnel file was under the control of the Defendants. A district court has discretion to determine whether discovery of such files is warranted. *Gehring v. Case Corp.,* 43 F.3d 340, 342 (7th Cir.1994); *Knoll v. American Tel. & Tel. Co.,* 176 F.3d 359, 365 (6th Cir.1999); *Atkinson v. Denton Publishing Co.,* 84 F.3d 144, 148 (5th Cir.1996)).

Plaintiffs have attempted to obtain information related to Mr. Peng's employment. Unfortunately, the Plaintiffs have been unable to secure the information even from Mr. Peng himself. Inconsistencies and questionable testimony surround the circumstances of Peng's employment with Taishan. Deposition (CHE Gang) (attached hereto as Exhibit "C"- FILED UNDER SEAL) dated 6/2-4/2015 ("CHE Dep.") at 49:3-21; 105:12-108:12. *See also* Deposition (JIA Tongchun) (attached hereto as Exhibit "D" – FILED UNDER SEAL) dated 9/17-18/2015 ("CHE Dep.") at 127:1-24. Circumstances regarding Mr. Peng's departure from Taishan, his employment with Taishan subsidiary Taishan Gypsum (Nantong) Co., Ltd., and his consultancy work may not be fully discovered without production of Mr. Peng's personnel file. This file is the only remaining option which will disclose the truth of his employment activity and specify the dates of employment and consultancy.

Defendants' argument that it cannot produce the personnel file because the file is not within its ***actual*** custody, possession, or control is without merit. Rule 34 is broadly construed and documents within a party's control are subject to discovery, even if owned by a nonparty. *Monroe's Estate v. Bottle Rock Power Corp.,* 2004 WL 737463, 10 (E.D.La.2004) *citing Commerce and Industry Insurance Co. v. Grinnell Corp.,* 2001 WL 96377 3 (E.D.La.2001). Documents are deemed to be within the "possession, custody or control" of a party and subject to discovery under Fed.R.Civ.P. 34 if the party "has the legal right to obtain the documents on

demand *or* has the practical ability to obtain the documents from a nonparty to the action." *Chesapeake Operating, Inc. v. Stratco Operating Co.,* 2009 WL 426101, 4 (M.D.La.2009) *citing Monroe's Estate,* 2004 WL 737463, at 10 (E.D.La.2004). The need for accurate information relative to Peng's employment with Taishan outweighs concerns regarding the files, and the Court should deny the Motion to Quash on this ground.

**C.     Plaintiffs' subpoena is timely.**

The Federal Rules of Civil Procedure provide that a court may quash a subpoena when it "fails to allow a reasonable time for compliance." Fed.R.Civ.P. 45(c)(3)(A)(i). However, the Rule does not specify what length of time is reasonable. *Freeport McMoran Sulpher, LLC v. Mike Mullen Energy Equip. Res., Inc.*, No. CIV.A.03-1496, 2004 WL 595236, at 9 (E.D. La. Mar. 23, 2004). Reasonableness of the time allowed for compliance is judged depending on the underlying circumstances. *Id.*   The circumstances of this case certainly require the production of the items contained in the subpoena.  Plaintiffs' request for documents have been pending for a substantial number of years.  This Court repeatedly received assurances from Defendants that documents would be timely produced.  This Court has been forced to set an evidentiary hearing on November 17, 2015 to address spoliation, contempt and/or adverse inferences.  The PSC has filed a Motion to Compel and has participated in numerous conferences with the Court to address discovery abuses by Defendants.  Defendants' own failure and lack of timely production cannot be used to escape the production of the materials requested in the subpoena.  But for Defendants' failure to make a full and complete production, there would be no need for a forensic examination of computer related hardware.  In light of these circumstances, the time frame set forth in the subpoena is reasonable.  Because the hearing will be ongoing for a period of days

6

and is not to conclude on November 17, 2015, there will be more than sufficient time for the Defendants to make a production on the subpoena.

### III. CONCLUSION

Based on the above reasoning, Plaintiffs respectfully request This Honorable Court to deny Defendants' Motion to Quash and grant Plaintiffs' Subpoena.

Respectfully submitted,

/s/ Russ M. Herman
**Russ M. Herman** (Bar No. 6819)
Leonard A. Davis (Bar No. 14190)
Stephen J. Herman (Bar No. 23129)
Madelyn O. Breerwood (Bar No. 35538)
***HERMAN, HERMAN & KATZ, LLC***
820 O'Keefe Avenue
New Orleans, LA 70113
PH: (504) 581-4892
FAX: (504) 561-6024
ldavis@hhklawfirm.com
*Plaintiffs' Liaison Counsel*
*MDL 2047*

Arnold Levin
Fred S. Longer
Sandra L. Duggan
Daniel C. Levin
Levin, Fishbein, Sedran & Berman
510 Walnut Street, Suite 500
Philadelphia, PA 19106
PH: (215) 592-1500
FAX: (215) 592-4663
Alevin@lfsblaw.com
*Plaintiffs' Lead Counsel*
*MDL 2047*

## PLAINTIFFS' STEERING COMMITTEE

Dawn M. Barrios
Barrios, Kingsdorf & Casteix, LLP
701 Poydras Street, Suite 3650
New Orleans, LA 70139
Phone: (504) 524-3300
Fax: (504) 524-3313
Barrios@bkc-law.com

Daniel E. Becnel, Jr.
Becnel Law Firm, LLC
425 W. Airline Highway, Suite B
Laplace, LA 70068
Phone: (985) 536-1186
Fax: (985) 536-6445
dbecnel@becnellaw.com

Peter Prieto
Podhurst Orseck, P.A.
25 Flagler Street, 8th Floor
Miami, FL 33130
Phone: (305) 358-2800
Fax: (305) 358-2382
pprieto@podhurst.com

Bruce William Steckler
Steckler, LLP
12720 Hillcrest Road, Ste 1045
Dallas, TX 75230
Phone: (972) 387-4040
Fax: (972) 387-404
bruce@stecklerlaw.com

Ervin A. Gonzalez
Colson, Hicks, Eidson
255 Alhambra Circle, Penthouse
Cora Gables, FL 33134
Phone: (305) 476-7400
Fax: (305) 476-7444
ervin@colson.com

Jerrold Seth Parker
Parker Waichman, LLP
27300 Riverview Center Blvd., Suite 103
Bonita Springs, FL 34134
Phone: (239) 390-1000
Fax: (239) 390-0055
Jerry@yourlawyer.com

Scott Wm. Weinstein
Morgan & Morgan
12800 University Drive, Suite 600
Ft. Meyers, FL 33907
Phone: (239) 433-6880
Fax: (239) 433-6836
sweinstein@forthepeople.com

James Robert Reeves
Reeves & Mestayer, PLLC
160 Main Street
Biloxi, MS 39530
Phone: (228) 374-5151
Fax: (228) 374-6630
jrr@attorneys4people.com

Christopher Seeger
Seeger Weiss, LLP
77 Water Street
New York, NY 10005
Phone: (212) 584-0700
Fax: (212) 584-0799
cseeger@seegerweiss.com

Daniel K. Bryson
Whitfield, Bryson & Mason, LLP
900 W. Morgan Street
Raleigh, NC 27603
Phone: (919) 600-5000
Fax: (919) 600-5002
dan@wbmllp.com

Ben W. Gordon, Jr.
Levin, Papantonio, Thomas, Mitchell
 Echsner & Proctor, P.A.
316 S. Baylen Street, Suite 600
Pensacola, FL 32502
Phone: (850) 435-7000
Fax: (850) 435-7020
bgordon@levinlaw.com

Hugh P. Lambert
The Lambert Firm
701 Magazine Street
New Orleans, LA 70130
Phone: (504) 581-1750
Fax: (504) 529-2931
hlambert@thelambertfirm.com

Gerald E. Meunier
Gainsburgh, Benjamin, David, Meunier
 & Warshauer, LLC
2800 Energy Centre, 1100 Poydras Street
New Orleans, LA 70163-2800
Phone: (504) 522-2304
Fax: (504) 528-9973
gmeunier@gainsben.com

Richard J. Serpe, Esquire
Law Offices of Richard J. Serpe
Crown Center, Ste. 310
580 East Main Street
Norfolk, VA 23510-2322
Phone: (757) 233-0009
Fax: (757) 233-0455
rserpe@serpefirm.com

Victor M. Diaz, Jr., Esquire
V.M. Diaz and Partners, LLC
119 Washington Ave, Suite 402
Miami Beach, FL 33139
Phone: (305) 704-3200
Fax: (305) 538-4928
victor@diazpartners.com

### OF COUNSEL TO PLAINTIFFS' STEERING COMMITTEE

Richard S. Lewis
HAUSFELD LLP
1700 K Street, N.W Suite  650
Washington, DC 20006
Phone: (202) 540-7200
Fax:  (202) 540-7201
rlewis@hausfeldllp.com

Andrew A. Lemmon
Lemmon Law Firm, LLC
P.O. Box 904
15058 River Road
Hahnville, LA 70057
Phone: (985) 783-6789
Fax: (985) 783-1333
andrew@lemmonlawfirm.com

Anthony D. Irpino
IRPINO LAW FIRM
2216 Magazine Street
New Orleans, LA 70130
Phone: (504) 525-1500
Fax: (504) 525-1501
airpino@irpinolaw.com

## **CERTIFICATE OF SERVICE**

I hereby certify that the foregoing has been served on Defendants' Liaison Counsel, Kerry Miller, by U.S. Mail and e-mail <u>or</u> by hand delivery and e-mail <u>and</u> upon all parties by electronically uploading the same to LexisNexis File & Serve in accordance with Pre-Trial Order No. 6, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2047, on this 16th day of November, 2015.

  /s/ Leonard A. Davis
Leonard A. Davis
Herman, Herman & Katz, LLC
820 O'Keefe Ave.
New Orleans, LA  70113
PH:  (504) 581-4892
Fax:  (504) 561-6024
ldavis@hhklawfirm.com