**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| IN RE: CHINESE-MANUFACTURED DRYWALL PRODUCTS LIABILITY LITIGATION | CIVIL ACTION |
| | NO. 09-02047 |
| | SECTION "L" (5) |
| THIS DOCUMENT RELATES TO: ALL CASES | |

## ORDER & REASONS

Before this Court are Objections by Plaintiffs Samuel Perone and Rose Brandolino to the

Special Master's Determination Denying their Global, Banner, In-Ex Repair and Relocation

Expenses Claim (R. Docs. 19345, 19360).  Having read the briefs and heard Plaintiffs' counsel

on oral argument, the Court now issues this Order and Reasons.

### I.      Introduction

Plaintiffs Samuel Perone and Rose Brandolino have both filed motions objecting to the

Special Master's determinations denying their respective repair and relocation expenses claims

under the Settlement Agreement reached with builders, installers, suppliers, and participating

insurers.  Although these are separate motions, the Court will consider them together as

Plaintiffs' arguments in each motion are virtually identical.

Plaintiff Perone was a commercial property owner and Plaintiff Brandolino was a

residential property owner who filed timely Global, Banner, In-Ex Repair and Relocation

Expenses ("GBI") claims for GBI and "sales-in-mitigation" losses incurred after their properties

were sold at a discount in order to reflect the presence of Chinese drywall.  Prior to any

remediation taking place, the properties were sold with full disclosure of the drywall having been made to the purchasers.  (R. Doc. 19345 at 2; R. Doc. 19360 at 1).

Plaintiffs' claims were denied by the Settlement Administrator for two reasons.  First, at the time the affected properties were sold, Plaintiffs did not take the affirmative step of retaining the right to file a future Chinese drywall claim related to the un-remediated properties they no longer owned, as required by a footnote within the Second Amended Allocation Plan.  (R. Doc. 19345 at 2; R. Doc. 19360 at 4).  Second, the subsequent purchasers of the properties made GBI claims as well, thus creating two competing claims for each of the properties.  (R. Doc. 19345 at 3; R. Doc. 19360 at 2).  Plaintiffs appealed the Settlement Administrator's denial of their claims, but the Special Master denied their appeals in July, 2015.  (R. Doc. 19345, Exhibit H; R. Doc. 19360, Exhibit F).

II.    **Background**

Mr. Perrone and Ms. Brandolino sold their affected properties in May and June of 2011, respectively.  The Settlement Administrator reviewed the claims submitted by the Claimants and determined that the purchaser of the property had filed a competing claim for the affected properties.  The purchaser-claimants currently own the affected properties.  The Allocation Agreements that govern disbursement of GBI payments provide that a seller of a property that contains Chinese Drywall may pursue GBI claims only if the seller "retained, in writing, the exclusive right, as opposed to the buyer" to pursue the claim.

The Settlement Administrator determined that Ms. Brandolino and Mr. Perrone are not the current owners of the affected properties and had not retained the right, in writing, to bring the GBI claims, as required by the Allocation Agreements.  Consequently, the Settlement Administrator denied claimants' GBI claims and issued payment to the current owners, as

required by the Allocation Agreements.  Claimants appealed this determination to the Special

Master, and the Special Master agreed with the Settlement Administrator and denied the claim.

The Settlement Administrator proceeded and paid the GBI claims for the affected properties in

accordance with the Allocation Agreements, which do not allow the Settlement Administrator to

issue multiple payments for a single property.

### III.    Plaintiffs' Arguments

Plaintiffs seek reversal of the Special Master's determinations and reinstatement of their

claims.  (R. Doc. 19345 at 15; R. Doc. 19360 at 14).  Plaintiffs argue that, particularly in

situations where the properties were sold prior to the adoption of the language in the Second

Amended Allocation Plan, seller class members should not be subject to a requirement they

could not have been aware of, and that this Allocation Plan footnote should not operate to

automatically extinguish the legal rights of class members.  (R. Doc. 19345 at 13; R. Doc. 19360

at 12).  Additionally, Plaintiffs challenge the ability of subsequent owners, who purchased

properties with knowledge of the presence of Chinese drywall, to make claims under the

Settlement Agreement.  (R. Doc. 19345 at 5; R. Doc. 19360 at 5).  Plaintiffs claim that allowing

these subsequent purchasers who acquired property at a discount to receive claim benefits would

result in unjust enrichment, because the purchasers were already effectively reimbursed for the

costs of remediation through the steep price discounts they received at the sale of the properties.

(R. Doc. 19345 at 6; R. Doc. 19360 at 2).  Plaintiffs argue that, since subsequent purchasers have

already been adequately compensated for the drywall's presence, Plaintiffs are the only owners

of the two affected properties who have a legal claim for damages under the Settlement.  (R.

Doc. 19345 at 6; R. Doc. 19360 at 6).

## IV.     Analysis

Although Plaintiffs make a reasonable argument in support of their objections to the Special Master's determinations denying their respective claims, the fact remains that the Allocation Agreement prohibits Plaintiffs from recovering under the circumstances.  The Allocation Agreements provide that a seller of a property that contains Chinese Drywall may pursue Global, Banner, In-Ex claims if the seller "retained, in writing, the exclusive right, as opposed to the buyer" to pursue this claim.  Mr. Perone and Ms. Brandolino did not retain that right.  Conversely, the new owners properly asserted claims for the affected property and were compensated accordingly.  Furthermore, both Mr. Perone and Ms. Brandolino received Foreclosure/Short Sale claims.  It must be noted that this Court previously ruled on this issue and denied a similar appeal.  (R. Doc. 19072 at 7).  Finally, granting these claims may open the door to other similar claims, creating problems with respect to the GBI funds, which would have to be used to pay out double compensation for the same properties.

## V.     CONCLUSION

Accordingly, the Court finds that the Settlement Master properly affirmed the Settlement Administrator's denial of these claims.  Mr. Perone and Ms. Brandolino did not retain their rights in writing to pursue these claims.  Therefore, this Court declines to reinstate their claims.


New Orleans, Louisiana this 18th day of November, 2015.


_____
United States District Judge