UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: CHINESE-MANUFACTURED DRYWALL PRODUCTS LIABILITY LITIGATION | MDL NO. 2047<br>SECTION: L<br>JUDGE FALLON<br>MAG. JUDGE WILKINSON |
| THIS DOCUMENT RELATES TO:<br><br>*Collins v. Bass Homes, Inc.*, Case No. 13-6652 (S.D. Miss.)<br><br>*Herrington v. Bass Homes, Inc.*, Case No. 13-6653 (S.D. Miss.) | |

### TAISHAN'S REPLY TO ACE HOME CENTER'S SUPPLEMENTAL RESPONSE IN OPPOSITION TO TAISHAN'S MOTION TO DISMISS

Taishan renews its request for the Court to grant its Motion to Dismiss Ace Home Center's Third-Party Complaints.[1] The grounds for Taishan's Motion remain unchanged since it was filed and argued earlier this year: the Collins and Herrington plaintiffs continue to pursue an impermissible double recovery in this MDL and AHC's third-party complaints fail to state a claim upon which relief can be granted under Rule 14 federal third-party practice and the substantive laws of the State of Mississippi. AHC's Complaints should be dismissed or, in the alternative, stayed until all of the Plaintiffs' underlying claims against AHC and Taishan are resolved.

Taishan's Motion to Dismiss alerted the Court to the Collins and Herrington plaintiffs' attempt to seek double recovery by simultaneously pursuing claims in the *Wiltz* class complaint

---

[1] Taishan files this reply brief without a corresponding Motion for Leave in accordance with the Court's Order requesting responses to Ace Home Center's supplemental briefing. (Rec. Doc. 19737).

against Taishan[2] and in the separate *Collins* and *Herrington* actions filed against Ace Home Center and 150 other named and unnamed defendants. (Rec. Doc. 19296-1 at 2). The Collins and Herrington plaintiffs pursued these separate claims despite language in this Court's Supplemental Class Notice warning that "any relief [class members] receive through these class proceedings will be [their] exclusive remedy." (Rec. Doc. 18086-18).

On September 4, 2015, the Plaintiffs' Steering Committee filed its Omnibus Class Action Complaint XX (*Brooke v. SASAC*, 15-cv-04127) in the Eastern District of Louisiana. Once again, the Collins and Herrington plaintiffs were listed among the named class members pursuing damages against Taishan and the other named defendants.[3] These plaintiffs appear on the *Brooke* class list despite the PSC's assurances that Omnibus Complaint XX only "asserts claims against Taishan on behalf of Taishan property owners for properties **not included in the Certified Class**…" (Rec. Doc. 19490-2 at 1) (emphasis added). Remarkably, after the filing of Omnibus Complaint XX, the Collins and Herrington plaintiffs had positioned themselves to pursue a *triple* recovery for damages in this MDL.

On November 3, 2015, the PSC, with authorization from counsel Daniel K. Bryson, filed notices of voluntary dismissal without prejudice for the Collins and Herrington plaintiffs' claims against Taishan in Omnibus Complaint XX. (Rec. Docs. 19678 and 19679, attached as Exhibit A). The notices and attached authorization letters from Mr. Bryson explicitly dismiss only the claims made against Taishan in *Brooke v. SASAC*, making no mention of the Collins and Herrington plaintiffs' still pending damages claims in in the PSC's Trial Exhibit 79 class.

---

[2] As noted in Taishan's Motion to Dismiss, the Collins and Herrington plaintiffs are listed on the PSC's Trial Exhibit 79, which the PSC presented to the Court at the June 9, 2015 hearing as the official list of remediation damage class members.

[3] The Collins and Herrington Plaintiffs continued to be listed among named class members in the PSC's Amended Omnibus Class Complaint XX, filed on October 20, 2015. (Rec. Doc. 19625).

AHC's supplemental response contends that Taishan's Motion to Dismiss is now moot because the Collins and Herrington plaintiffs no longer seek a double recovery. AHC is incorrect. The Collins and Herrington plaintiffs have never dismissed their claims under the *Wiltz* complaint and remain poised to circumvent the Court's warning that any relief received through class proceedings will be the class member's exclusive remedy. Taishan's Motion to Dismiss remains in the same posture as when it was filed and is ripe for consideration by this Court.

As outlined in Taishan's Motion to Dismiss, granting the Collins and Herrington plaintiffs double recovery and imposing double liability on Taishan violates Mississippi law and defeats the purpose of federal third-party practice, which seeks to avoid duplicitous and circuitous actions and recovery. Additionally, even if the Collins and Herrington plaintiffs dismiss their class claims against Taishan at a later date, Taishan's Motion to Dismiss should be granted because AHC's Third-Party Complaints fail to state a claim for indemnification under the substantive laws of the State of Mississippi. *See* Rec. Doc. 19296-1 at 8-11.

For the reasons stated above, Taishan respectfully renews its request for AHC's Third-Party Complaints to be dismissed or, absent a dismissal, for the Court to stay the Third-Party Complaints until the underlying claims against AHC and Taishan by the Plaintiffs are resolved.

Respectfully submitted this 20th day of November, 2015.

/s Christina Hull Eikhoff
Christina Hull Eikhoff, Esq.
Georgia Bar No. 242539
Michael P. Kenny, Esq.
Georgia Bar No. 415064
Bernard Taylor, Esq.
Georgia Bar No. 669625
1201 West Peachtree Street

3

Atlanta, Georgia 30309
Phone: (404) 881-7000
Fax: (404) 881-7777
christy.eikhoff@alston.com
*Counsel for Taishan Gypsum Co., Ltd.*

Alan Dean Weinberger
LA Bar No. 13331
HANGARTNER, RYDBERG & TERRELL, LLC
One Shell Square
701 Poydras St., Suite 310
New Orleans, Louisiana 70179
Phone: (504) 434-6815
Fax: (504) 522-5689
aweinberger@hanrylaw.com
*Local Counsel for Taishan Gypsum Co., Ltd.*

## CERTIFICATE OF SERVICE

I hereby certify that the above and foregoing has been served on Counsel for Ace Home Center, Inc., Danny J. Collier, Jr. and Plaintiffs' Liaison Counsel, Russ Herman by U.S. mail and e-mail or by hand delivery and e-mail and upon all parties by electronically uploading the same to LexisNexis File & Serve in accordance with Pre-Trial Order No. 6, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2047, on this 16th day of November, 2015.

/s Christina Hull Eikhoff
Christina Hull Eikhoff, Esq.
Georgia Bar No. 242539
ALSTON & BIRD LLP
1201 West Peachtree Street NW
Atlanta, Georgia 30309
Phone: (404) 881-7000
Fax: (404) 881-7777
christy.eikhoff@alston.com
*Counsel for Taishan Gypsum Co., Ltd.*