UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **IN RE: CHINESE-MANUFACTURED DRYWALL PRODUCTS LIABILITY LITIGATION** | **MDL NO. 2047**<br>**SECTION: L**<br>**JUDGE FALLON**<br>**MAG. JUDGE WILKINSON** |
| **THIS DOCUMENT RELATES TO:**<br><br>*Germano v. Taishan Gypsum Co., Ltd., f/k/a Shandong Taihe Dongxin Co., Ltd.,* **Case No. 09-6687 (E.D. La.);**<br><br>*Gross v. Knauf Gips*, **KG,** *et al.,* **Case No. 09-6690 (E.D. La.);**<br><br>*Wiltz v. Beijing New Building Materials Public Limited Co., et al.,* **Case No. 10-361 (E.D. La.);**<br><br>*Amorin v. Taishan Gypsum Co., Ltd., f/k/a Shandong Taihe Dongxin Co., Ltd., et al.,* **Case No. 11-1672 (E.D. La.);**<br><br>*Amorin v. Taishan Gypsum Co., Ltd., f/k/a Shandong Taihe Dongxin Co., Ltd., et al.,* **Case No. 11-1395 (E.D. La.);**<br><br>*Amorin v. Taishan Gypsum Co., Ltd., f/k/a Shandong Taihe Dongxin Co., Ltd., et al.,* **Case No. 11-1673 (E.D. La.); and**<br><br>*Amorin v. State-Owned Assets Supervision and Administration Commission of the State Council, et al.,* **Case No. 14-1727 (E.D. La.).** | |

**MEMORANDUM OF BEIJING NEW BUILDING MATERIALS PUBLIC LIMITED COMPANY AND BEIJING NEW BUILDING MATERIAL (GROUP) CO., LTD. IN SUPPORT OF THEIR MOTION TO SET A BRIEFING SCHEDULE AND HEARING DATE FOR THEIR MOTIONS TO DISMISS THE <u>COMPLAINTS PURSUANT TO RULES 12(B)(2) AND 12(B)(5)</u>**

1

Defendants Beijing New Building Materials Public Limited Company ("BNBM PLC") and Beijing New Building Material (Group) Co., Ltd. ("BNBM Group") (together the "BNBM Entities") respectfully move the Court to set a briefing schedule and hearing date for their motions to dismiss the complaints against them for lack of personal jurisdiction and failure of service pursuant to Rules 12(b)(2) and 12(b)(5) of the Federal Rules of Civil Procedure (the "Personal Jurisdiction Motions"). Despite the BNBM Entities' best efforts, they have not reached an agreement with the Plaintiffs' Steering Committee ("PSC") on this issue.

## PRELIMINARY STATEMENT

BNBM PLC and BNBM Group first moved for dismissal of plaintiffs' claims against them for lack of personal jurisdiction and lack of service of process almost seven months ago on April 28, 2015. After extensive discovery by the PSC including the production of hundreds of thousands of pages of documents, the depositions of BNBM PLC's and BNBM Group's corporate designees and other current and former executives and board members, the BNBM Entities re-urged their motions on October 22, 2015 and requested a January 2016 hearing.

The PSC now wants to delay a hearing on the Personal Jurisdiction Motions until April 2016—a full year after the BNBM Entities first challenged jurisdiction and seven months after they substantially completed jurisdictional discovery. To justify this delay, the PSC insists that it must (1) re-depose the BNBM Entities' 30(b)(6) witnesses, because their co-defendants produced documents after BNBM's depositions—a demand it first raised this month after the BNBM Entities had re-urged their jurisdictional motions and three months after they had substantially completed jurisdictional discovery; (2) depose the BNBM Entities' experts in late January even though they have been designated since October and can be made available earlier; and (3) take the deposition of a CNBM employee, Mr. Jinyu Hu, who is unlikely to have new

2

information about the BNBM Entities. None of these reasons warrants denying the BNBM Entities the right to have their Personal Jurisdiction Motions timely considered by this Court. Accordingly, the BNBM Entities respectfully ask that the Court enter an appropriate briefing schedule with a hearing to be held either at the time of the January status conference, or on any date between February 1 and February 19, 2016.

## FACTUAL BACKGROUND

### I. The BNBM Entities Have Completed Timely and Extensive Jurisdictional Discovery

On April 28, 2015, the BNBM Entities moved to dismiss the complaints against them for lack of personal jurisdiction and failure of service. (Docs. 18841, 18849). On May 13, the Court entered a Scheduling Order stating, "after the damages hearing, the Court will set deadlines, briefing schedules, and hearing dates for the contempt track and the jurisdictional track." (Doc. 18921). On June 12, 2015, the Court denied the motions as premature but provided that "BNBM Group and BNBM PLC reserve the right to re-urge their motions after the appropriate discovery has been discovered." (Doc. 19127).

The PSC has since conducted extensive jurisdictional discovery. It has taken over 30 depositions, including depositions of current and former employees or directors of BNBM PLC and BNBM Group and several companies in the United States who traveled to China to purchase drywall from BNBM PLC in 2005 and 2006. The PSC also served on the BNBM Entities three sets of request for admissions, two sets of interrogatories, three production requests, and four 30(b)(6) notices.

The BNBM Entities made extensive, rolling productions to the PSC beginning in early April 2015 and provided English translations of Chinese documents. With the exception of one BNBM Group custodian, the BNBM Entities completed their productions (amounting to nearly

3

250,000 pages of documents) and provided privilege logs well in advance of their 30(b)(6) depositions.[1]  For the Court's convenience, a chart summarizing the size and timing of these productions is attached here as Exhibit 1.

The PSC has acknowledged the BNBM Entities' cooperation in multiple court filings. *See, e.g.*, April 24, 2015 Status Conference Tr. (Doc. 18754, at 9:17-20, 12:10-14, 19:23-24); Response to CNBM Group's Motion to Dismiss on FSIA Grounds (Doc.19689, at 84-85).  The BNBM Entities have worked in good faith with the PSC to resolve any discovery disputes.[2]  For example, BNBM PLC conducted a document-by-document review of each document on its privilege log and voluntarily produced nearly 10,000 pages of ***privileged***[3] documents (subject to a non-waiver agreement) to allay the PSC's concerns regarding the size of BNBM PLC's privilege log.  For weeks, BNBM PLC worked around-the-clock so that it could complete this production by August 24, 2015 before the deposition of BNBM PLC's fact witness, Mr. Bing Wang.  BNBM PLC even provided the PSC with the bates numbers of documents in the privilege production that related to Mr. Wang.

---

[1] BNBM PLC substantially completed its production by June 24, 2015—two weeks prior to its 30(b)(6) deposition—producing 164,813 pages and serving its privilege log on July 7, 2015. Beginning July 8, 2015, the PSC deposed BNBM PLC's 30(b)(6) witness, Mr. Yu Chen, for *four days*.  Similarly, with the exception of one custodian, BNBM Group substantially completed its production by June 24, 2015—three weeks prior to its 30(b)(6) deposition—producing 38,817 pages and serving its privilege log on July 7, 2015.  Beginning on July 15, 2015, the PSC deposed BNBM Group's 30(b)(6) witness, Mr. Yanming Zhao, for *three days*.

[2] On July 21, 2015, the PSC served its only discovery deficiency letter on the BNBM Entities, which complained about the (1) lack of communications between the "Taishan Defendants" in BNBM's production; (2) the lack of communications regarding Taishan's decision to withdraw; and (3) the size of BNBM PLC's privilege log.  *See* July 21, 2015 Letter from A. Levin attached here as Exhibit 2.  The BNBM Entities responded by providing extensive details about their production, including the custodians, the number of documents collected per custodian, the bates numbers of documents produced for each custodian, and the search terms ran across the documents collected.  *See* August 5, 2015 Letter from C. Michael Moore attached here as Exhibit 3; August 17, 2015 Email from Chris King attached as Exhibit 4.

[3] BNBM PLC is a publically traded company that regularly seeks legal advice on regulatory matters.  BNBM PLC voluntarily produced these and other attorney-client communications to demonstrate to the PSC that it was not "hiding" non-privileged documents on its privilege log.

4

After Mr. Wang's deposition ended on August 27, 2015, the PSC did not raise a single issue about the BNBM Entities' discovery compliance—that is until three months later when the BNBM Entities attempted to set a briefing schedule on their Personal Jurisdiction Motions.

## II. The PSC Refuses to Agree to a Timely Briefing and Hearing Schedule

When the BNBM Entities filed their motions to dismiss on October 22, 2015, they noticed a January 2016 hearing date. This date coincided with the Court's ordered hearing date for CNBM's motion to dismiss for lack of jurisdiction and afforded the parties three months for completing briefing, expert depositions, and hearing preparations. The BNBM Entities immediately contacted the PSC to set a briefing schedule, the PSC declined and instead stated that it would likely require the Court's resolution. After a month of delay, the PSC finally proposed an April 2016 hearing date with the PSC filing its response on March 15, 2016 and the BNBM Entities filing their replies on March 29, 2016. *See* November 19, 2016 Letter from A. Levin, attached here as Exhibit 5. In other words, the PSC insists that the BNBM Entities wait another six months for their jurisdictional motions to be heard, so that the PSC can have five months to respond, while the BNBM Entities have a mere two weeks to reply.

## ARGUMENT

## I. A Hearing on the BNBM Entities' Jurisdictional Motions Is Long Overdue

Jurisdiction is a threshold matter, which a court must decide early in the proceedings before turning to the merits. *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94 (1998); *see Rawlins v. Select Specialty Hosp. of Nw. Ind., Inc.*, No. 13 C 7557, 2014 WL 1647182, at *2 (N.D. Ill. Apr. 23, 2014) (declining to evaluate a motion under 12(b)(6) before discussing a 12(b)(2) motion for lack of personal jurisdiction); *see also Ahn v. Korea Advanced Inst. of Sci. & Tech.*, No. 14-CV-1987, 2014 WL 6455593, at *3 (D.N.J. Nov. 17, 2014) (deciding a "motion to

5

dismiss for lack of personal jurisdiction first because personal jurisdiction is a threshold issue that must be decided before reaching the underlying merits of the case.").

It has been nearly seven months since the BNBM Entities first filed their Personal Jurisdiction Motions. The BNBM Entities have fully participated in jurisdictional discovery. They have produced and translated nearly 250,000 pages of documents, produced 30(b)(6) witnesses for all topics noticed by the PSC (subject to BNBM's objections), and BNBM PLC produced Mr. Wang as a fact witness at the PSC's request. The PSC has also deposed *every* U.S. company that purchased drywall from BNBM PLC in 2005 and 2006. The PSC has had more than adequate jurisdictional discovery, making the Personal Jurisdiction Motions ripe for a hearing. As such, the BNBM Entities respectfully request that the Court enter an appropriate briefing schedule, with a hearing on the pending jurisdictional motions filed by both the BNBM Entities and the CNBM Entities to be held either at the time of the January status conference, or on any date between February 1 and February 19, 2016.

## II. No Basis Exists To Postpone a Hearing on the Jurisdictional Motions

The PSC has offered three excuses for why the Personal Jurisdiction Motions cannot be heard in January as noticed: the PSC claims it needs (1) to re-depose the BNBM Entities' 30(b)(6) witnesses; (2) to depose the BNBM Entites' experts in late January; and (3) to depose Jinyu Hu, a CNBM employee. But none of these reasons justifies delaying a hearing on the Personal Jurisdiction Motions, which have already been pending for seven months.

### A. *No Basis Exists To Re-Depose the BNBM Entities' 30(b)(6) Witnesses*

The PSC's claim that it must re-depose the BNBM Entities' 30(b)(6) witnesses lacks merit. This Court does not permit second depositions when the requesting party has had ample opportunity to obtain the information sought. *See Chevron USA, Inc. v. Aker Marine, Inc.*, No.

03-2027, 2007 WL 1558710, at *1 (E.D. La. May 30, 2007) (denying request for second deposition because "[p]laintiff has had a full opportunity to depose . . . about the issues it now seeks to question [] about again); *Johnson v. Samsung Electronics Am., Inc.*, No. CIV.A. 10-1146, 2011 WL 3818821, at *7 (E.D. La. Aug. 26, 2011) (declining to permit the second deposition of a witness finding that the plaintiff could have asked the same questions at prior depositions "yet failed to take the opportunity").  Here, the BNBM Entities substantially completed their document productions weeks before their 30(b)(6) depositions.  Their corporate representatives traveled across the world and testified for seven days.  The PSC introduced over 240 exhibits at the BNBM Entities' 30(b)(6) depositions and asked them numerous questions specific to jurisdiction, including the details of each drywall shipment to the United States.

The PSC's assertion that it must re-depose the BNBM Entities because their co-defendants' production was incomplete at time of their depositions is disingenuous, at best.  The PSC *knew* Taishan and CNBM's productions were incomplete (and repeatedly reminded this Court of that fact) but nevertheless insisted that the BNBM Entities' witnesses travel halfway around the world and undergo ten days of depositions anyway.  For whatever strategic reasons, the PSC demanded an expedited discovery schedule from BNBM notwithstanding that productions by Taishan and CNBM were not complete at the time, and the BNBM Entities complied.  The PSC cannot now use its own strategic decision to further delay the BNBM Entities' right to have their Personal Jurisdiction Motions heard, much less use it to require BNBM's Chinese witnesses, who have already been deposed extensively once, to travel yet again to the United States for a re-do.  That is paradigmatic discovery abuse.

The PSC has also failed to show that second 30(b)(6) depositions would be anything but duplicative.  To the contrary, the PSC has stated it wants to re-depose the BNBM Entities "on all

previously noticed topics" and has refused to specify a single document or issue it did not or could not have covered during the prior BNBM depositions.

### B. The PSC Still Has Ample Time to Depose BNBM's Experts

The PSC also insists that the jurisdictional hearing should be delayed, because it needs to take the depositions of the BNBM Entities' experts, Professor Jeffrey Gordon and Bruce Deal. The BNBM Entities are more than willing to make Professor Gordon and Mr. Deal available for deposition. But the PSC waited almost a month after Professor Gordon's and Mr. Deal's opinions were disclosed to notice their depositions, and now seeks to depose them in January—three months after the BNBM Entities' designated them as experts. Given the vast number of experienced lawyers and resources at the PSC's disposal, the PSC cannot plausibly need three months to prepare for expert depositions. The BNBM Entities are fully prepared to make both Professor Gordon and Mr. Deal available for deposition on dates earlier than those specified in the PSC's notices to facilitate a hearing in January or early February.

### C. The Deposition of a CNBM Officer Should Not Delay a Hearing on BNBM's Motions

The PSC also claims that the jurisdictional schedule should be delayed because it has not yet deposed Mr. Jinyu Hu, a CNBM officer who will be deposed on December 7, 2015. The PSC has not identified any basis to assume that Mr. Hu has new information relevant to the Personal Jurisdiction Motions. He has never held any position with BNBM Group and has not held any employment or Board of Director position with BNBM PLC since 2004 (prior to any of the events giving rise to this litigation).[4]

---

[4] Mr. Hu is a member of the BNBM PLC Board of Supervisors but, as noted above, the PSC has provided no basis to conclude that he would have any new information relevant to the BNBM Entities' Personal Jurisdiction Motions because of his service in that role.

## CONCLUSION

For all the reasons stated above, BNBM PLC and BNBM Group respectfully ask that the Court enter an appropriate briefing schedule, with a hearing on the Personal Jurisdiction Motions filed by both the BNBM Entities and the CNBM Entities to be held either at the time of the January status conference, or on any date between February 1 and February 19.

Dated: November 23, 2015

Respectfully submitted,

**DENTONS US LLP**

By: */s/ Michael H. Barr*
Michael H. Barr
New York Bar No. 1744242
Justin N. Kattan
New York Bar No. 3983905
1221 Avenue of the Americas
New York, NY 10020-1089
Telephone: (212) 768-6700
Facsimile: (212) 768-6800
michael.barr@dentons.com
justin.kattan@dentons.com

Richard L. Fenton
Illinois Bar No. 3121699
Leah R. Bruno
Illinois Bar No. 6269469
233 South Wacker Drive
Suite 5900
Chicago, IL 60606-6306
Telephone: (312) 876-8000
Facsimile: (312) 876-7934
richard.fenton@dentons.com
leah.bruno@dentons.com

Kenneth J. Pfaehler
D.C. Bar No. 461718
Drew Marrocco
D.C. Bar No. 453205
1301 K Street N.W.
Suite 600, East Tower
Washington, D.C. 20005
Telephone:  (202) 408-6400
Facsimile:  (202) 408-6399
kenneth.pfaehler@dentons.com
drew.marrocco@dentons.com

C. Michael Moore
Texas Bar No. 14323600
Matthew T. Nickel
Texas Bar No. 24056042
2000 McKinney Ave, Suite 1900
Dallas, Texas  75201
Telephone:  (214) 259-0900
Facsimile:  (214) 259-0910
mike.moore@dentons.com
matt.nickel@dentons.com

- and -

**PHELPS DUNBAR LLP**

Harry Rosenberg
Louisiana Bar No. 11465
365 Canal Street, Suite 2000
New Orleans, Louisiana 70130-6534
Telephone:  (504) 566-1311
Facsimile:  (504) 568-9130
harry.rosenberg@phelps.com

*Attorneys for Beijing New Building Materials Public Limited Company and Beijing New Building Material (Group) Co., Ltd.*

10

**CERTIFICATE OF SERVICE**

I hereby certify that the above and foregoing Memorandum in Support of Beijing New Building Materials Public Limited Company and Beijing New Building Material (Group) Co., Ltd. in Support of Their Motion to Set a Briefing Schedule and Hearing Date for Their Motion to Dismiss the Complaints Pursuant to Rules 12(b)(2) and 12(b)(5) has been served on Plaintiffs' Liaison Counsel, Leonard Davis, and Defendants' Liaison Counsel, Kerry Miller, by United States mail and e-mail or by hand delivery and e-mail and upon all parties by electronically uploading the same to LexisNexis File & Serve in accordance with Pre-Trial Order No. 6, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2047, on this 23rd day of November, 2015.

                                                        /s/     *Michael H. Barr*