# LEVIN, FISHBEIN, SEDRAN & BERMAN

*Counsellors at Law and Proctors in Admiralty*

ARNOLD LEVIN
MICHAEL D. FISHBEIN
HOWARD J. SEDRAN
LAURENCE S. BERMAN
FRED S. LONGER *
DANIEL C. LEVIN
CHARLES E. SCHAFFER
AUSTIN B. COHEN *
MICHAEL M. WEINKOWITZ * †
MATTHEW C. GAUGHAN * †
KEITH J. VERRIER *
BRIAN F. FOX
LUKE T. PEPPER

510 WALNUT STREET
SUITE 500
PHILADELPHIA, PA 19106-3697
www.lfsblaw.com

———

TELEPHONE (215) 592-1500
FACSIMILE (215) 592-4663

OF COUNSEL:
SANDRA L. DUGGAN

* also admitted in New Jersey
† also admitted in New York

July 21, 2015

**VIA E-MAIL**

L. Christopher Vejnoska, Esquire
Orrick, Herrington & Sutcliffe LLP
The Orrick Building
405 Howard Street
San Francisco, CA 94105

Michael H. Barr, Esquire
Dentons US LLP
1221 Avenue of the Americas
New York, NY 10020

Bernard Taylor, Esquire
Alston & Bird LLP
1201 West Peachtree Street
Atlanta, GA 30309

> **Re:**   *In re: Chinese Drywall Litigation – MDL No. 2047*

Dear Counsel:

This letter shall serve as written confirmation of the request of the Plaintiffs' Steering Committee ("PSC") for a meet and confer with all defendants to discuss various outstanding and/or problematic issues relative to discovery.  Based upon various recent motions brought by defendants, the PSC's request for a meet and confer is time-sensitive.  Thus, we hereby outline the various topics and considerations at issue.

## I.      MOTION TO CLARIFY CONTEMPT ORDER

The hearing on Defendants' motions to clarify the Court's July 17, 2014 contempt order is currently scheduled to take place on August 7, 2015.  We have agreed with counsel for CNBM that plaintiffs' response to the motion will be filed mid-day on Tuesday, July 8, 2015.



EXHIBIT

2

LEVIN, FISHBEIN, SEDRAN & BERMAN

> L. Christopher Vejnoska, Esquire
> Michael H. Barr, Esquire
> Bernard Taylor, Esquire
> July 21, 2015
> Page Two
> -----------------------------------------------------------

## II.   DOCUMENT PRODUCTIONS

### A.   Custodial Files & Document Searches

To date, the PSC has worked diligently to review the documents produced by all defendants.  At this point in our review process, it appears that the document productions of each of the defendants do not include full searches of the custodial files of: a) each defendant's corporate representative, b) the independent witnesses offered and requested for deposition, and/or c) two very important employees/representatives of Taishan Gypsum Co., Ltd. ("Taishan").

In the interest of clarity, please refer to the following list:

Corporate Representatives
1.    Taishan Gypsum Co., Ltd.: 30(b)(6) witness, Che Gang
2.    CNBM Group Corp.: 30(b)(6) witness, Zhou Guoping
3.    CNBM Co., Ltd.: 30(b)(6) witness, Chang Zhangli
4.    BNBM (Group): 30(b)(6) witness, Zhao Yanming
5.    BNBM PLC: 30(b)(6) witness, Chen Yu
6.    CNBM Forest Products (Canada): 30(b)(6) witness, Deng Jianjun
7.    CNBMIE (CNBM Trading): 30(b)(6) witness, Wang Lihe
8.    CNBM (USA): 30(b)(6) witness, Zhang Shaojun

Individual Witnesses previously offered by Defendants
9.    Chang Zhangli
10.   Cao Jianglin
11.   Peng Shou
12.   Jinyu Hu
13.   Cui Xingtai
14.   Wang Bing

Individual Witnesses requested by the PSC
15.   Song Zhiping
16.   Cui Shuhong
17.   Guo Chaomin
18.   Tao Zheng

LEVIN, FISHBEIN, SEDRAN & BERMAN

L. Christopher Vejnoska, Esquire
Michael H. Barr, Esquire
Bernard Taylor, Esquire
July 21, 2015
Page Three
------------------------------------------------------------

      19.    Huang Anzhong
      20.    Jia Tongchun
      21.    Peng Wenlong

As of now, the PSC simply does not have significant documentation evidencing that files of the above listed custodians were searched thoroughly. If they were, please identify them by Bates Number as we would like to confer with each respective party to fully identify the search methods used to locate and produce these files. Moreover, the above listing of custodians are not intended to be an exclusive list. The PSC imagines that many other custodians would necessarily have been searched in connection with out prior requests for production. Either way, we would like to also discuss specifics regarding same.

## B.    Lack of E-mail Correspondence

To date, the PSC has received relatively few e-mails as part of the document productions from each of the defendants. In fact, there appear to be more e-mails identified on BNBM PLC's July 7, 2015 privilege log than produced by the defendants. Moreover, the e-mails which have been produced seem to primarily relate to e-mails from third parties. Relatively few intra-company e-mails have been produced and relatively few e-mails between and among the defendants have been produced. Again, we would like to confer with each respective party to fully identify the search methods used to locate and produce these files.

## C.    Lack of Communications Involving Taishan's Decision to not Appear at the July 17, 2014 Judgment Debtor Examination.

Similar and/or related to the aforementioned lack of e-mail correspondence, the PSC has received relatively few e-mails or other correspondence (*e.g.*, inter-office memos, faxes, letters, etc.) relating to Taishan's decision not to appear at the July 17, 2014 Judgment Debtor examination. This is disappointing given the designations from the Hogan Lovells Privilege Log, which specifically identifies the existence of such communications with certain of the defendants. We would expect, at a minimum, that your productions would include the communications identified by Hogan Lovells, and also contain other related communications generated thereby.

## D.    Insufficient Document Productions

Overall, there appear to be insufficient document productions from the various defendants. Most notably, CNBM has only produced a total of 230 documents. This simply is not reasonable, and is evidence of either a lack of production or serious problem with the search

LEVIN, FISHBEIN, SEDRAN & BERMAN

L. Christopher Vejnoska, Esquire
Michael H. Barr, Esquire
Bernard Taylor, Esquire
July 21, 2015
Page Four
-----------------------------------------------------------

methodology being employed. Additionally, there are instances of documents written by one of the defendants which are not produced by that defendant. The PSC knows this to be the case because other defendants have produced the documents from their files. Again, the concern here is either a lack of production or a problem with the search methodology.

Considering the above issues with custodial files and document production, we would like to discuss with each defendant specifics regarding which custodial files were searched, the search terms used, and the date ranges used.

Further, we request that you immediately produce your joint prosecution agreement informally, without the need for a formal document request.

## III.   PRIVILEGE LOGS

There are several issues relative to defendants' privilege logs. One the one hand, BNBM PLC's July 7, 2015 privilege log lists approximately 3,000 privilege claims, while on the other hand, CNBM Group's May 6, 2015 privilege log and BNBM Group's July 7, 2015 privilege log list a total of eight privilege claims. The contrast appears to involve a problem (in the case of BNBM PLC) being over-inclusive with privilege claims and a problem (in the case of CNBM Group and BNBM Group) being under-inclusive.

The over-inclusive problems with BNBM PLC's privilege claims involve multiple issues. First, many privilege claims involve third parties. Second, many other privilege claims do not properly or fully identify authors, recipients, dates and/or subjects. In fact, the PSC cannot assess the applicability of many privilege claims based upon the insufficient descriptions given. Stated another way, many of BNBM PLC's privilege claims fail to show entitlement to privilege based upon the descriptions provided. Third, the privilege claims appear to be deficient with respect to certain time periods. For example, there are only 35 privilege claims from 2009 – 2011 (6 from 2009, 18 from 2010, and 11 from 2011), 111 privilege claims from 2012, and more than 2,000 privilege claims from 2013 – March, 2015. Fourth, identities are missing for various authors and/or recipients, including: "l", "lwn", "ly", "wtj", "wyy", "SHARA", "bzq", "Sky123.org", "nin", "tpo", "lwetzel", "leslie", and "lflemming" – and these terms involve hundreds of privilege claims.

The under-inclusive problems with CNBM Group's and BNBM Group's privilege claims include two separate problems. First, the lack of privilege claims could be a problem with inaccurate and/or incomplete document searches. Second, we believe that all parties are better

LEVIN, FISHBEIN, SEDRAN & BERMAN

L. Christopher Vejnoska, Esquire
Michael H. Barr, Esquire
Bernard Taylor, Esquire
July 21, 2015
Page Five
------------------------------------------------------------

served knowing sooner rather than later whether a document is being withheld as privileged – as opposed to having to claw-back documents during a deposition. Additionally, to date, the PSC has not received a privilege log from CNBM.

As for Taishan's/TTP's privilege logs, there appears to be only a single privilege claim relative to communications leading up to and/or surrounding Taishan's decision not to appear at the July 17, 2014 Judgment Debtor examination. That privilege claim is a 7/25/2014 e-mail from Eugene Chen to thbmjtc@163.com, and is described as: "Email from attorney to client giving legal advice regarding Chinese drywall class action." This single privilege claim is particularly odd since many communications have otherwise been either identified or referenced in one form or another. Further, this single privilege claim could be explained if Taishan/TTP actually produced all related e-mails and communications, however, as outlined above, the PSC has not received same. Separate and apart from the above issue, several other problems exist with Taishan's/TTP's privilege logs, including: a) many authors and/or recipients are only identified by e-mail address, b) privilege log entries do not appear to identify correspondence involving BNBM or CNBM representatives (while such communications are known to exist), and c) various privilege descriptions do not allow the PSC the ability to assess the applicability of the privilege.

## IV.    SCHEDULING OF ADDITIONAL DEPOSITIONS

The PSC identifies the following individual and corporate witnesses for whom notices have already issued and/or there are outstanding scheduling requests pending:

1.     Individual Witness: Song Zhiping (September 16-18, 2015)
2.     Individual Witness: Peng Shou
3.     Individual Witness: Jin Hu Yu
4.     CNBM Forest Products Canada 30(b)(6) witness: Deng Jianjun
5.     CNBM (USA) 30(b)(6) witness: Zhang Shaojun
6.     CNBMIE 30(b)(6) witness: Wang Lihe
7.     Taishan Gypsum Co., Ltd.: 30(b)(6) witness, Che Gang (September 16-17, 2015)
8..    Cao Jianglin (August 4-5, 2015)
9.     Peng Shou (September 29-30, 2015)
10.    Cui Xingtai
11.    Wang Bing (August 25-27, 2015)
12.    Cui Shuhong
13.    Guo Chaomin

LEVIN, FISHBEIN, SEDRAN & BERMAN

L. Christopher Vejnoska, Esquire
Michael H. Barr, Esquire
Bernard Taylor, Esquire
July 21, 2015
Page Six
--------------------------------------------------------------

      14.    Tao Zheng
      15.    Huang Anzhong
      16.    Jia Tongchun
      17.    Peng Wenlong

## V.    REDLINED TRANSLATIONS

Beginning with the deposition of CHEN, Yu, BNBM PLC's 30(b)(6) witness, the PSC and Defense counsel for BNBM PLC and BNBM Group worked together to arrive at an agreement relating to the English translations of BNBM PLC's and BNBM Group's business records. In many instances, the translations were either redlined prior to the deposition or during the deposition; however, over the course of the depositions of the corporate representatives of BNBM PLC and BNBM Group, additional documents were entered by the PSC with the understanding that defense counsel provide redlines to the English translations where necessary. The PSC would like to discuss with specificity the status of any potential outstanding redlines, and the expected completion date of same.

## VI.    OUTSTANDING REQUESTS

Following the court's hearing on June 23, 2015, Plaintiffs' Liaison Counsel, Russ Herman corresponded with Taishan Gypsum's attorneys in an effort to obtain translations of specific documents previously produced to the PSC in Chinese only. To date, neither Liaison Counsel nor the PSC has receipt of the requested translations. Specifically, the PSC is in need of the English translation of Taishan's Commercial Registration Form, believed to be located within Taishan Production Volume 1, at Bates TG-040615-28145-TG-040615-0028710. In addition to the Commercial Registration Form, the PSC believes they are entitled to some English translations from Taishan Gypsum's Volume 1 production, Bates TG040615-26020-TG040615-0028885.

Accordingly, the PSC would like to have a meet and confer with each of the defendants as soon as possible to discuss the aforementioned issues. If such is possible, we propose a teleconference meet and confer date/time of **Friday, July 24th at 1:00 p.m. PST, 3:00 p.m. CST, 4:00 p.m. EST.** If a different date/time is preferred, please advise.

LEVIN, FISHBEIN, SEDRAN & BERMAN

L. Christopher Vejnoska, Esquire
Michael H. Barr, Esquire
Bernard Taylor, Esquire
July 21, 2015
Page Seven
-----------------------------------------------------------

Thank you for your immediate attention to these matters.

Very truly yours,

ARNOLD LEVIN
PLAINTIFF'S LEAD COUNSEL

RUSS HERMAN
PLAINTIFFS' LIAISON COUNSEL

/mcl
cc: Leonard A. Davis, Esquire (via email)
    Sandra L. Duggan, Esquire (via email)
    Frederick S. Longer, Esquire (via email)
    Alan Weinberger, Esquire (via email)
    Christy Eikhoff, Esquire (via email)
    James L. Stengel, Esquire (via email)
    Eric A. Shumsky, Esquire (via email)
    Ewell E. Eagan, Jr., Esquire (via email)
    Richard L. Fenton, Esquire (via email)
    Harry Rosenberg, Esquire (via email)
    C. Michael Moore, Esquire (via email)