## UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: CHINESE MANUFACTURED DRYWALL PRODUCTS LIABILITY LITIGATION | MDL NO. 2047 |
| | SECTION "L" |
| | JUDGE FALLON |
| | MAG. WILKINSON |

## OBJECTION TO SPECIAL MASTER'S OPINION AND DECREE

**NOW INTO COURT**, through undersigned counsel, comes **JODY FERCHAUD** (hereinafter "Mrs. Ferchaud"), who respectfully objects to the Special Master's *Opinion and Decree*, which was rendered on November 8, 2015, for the following reasons which are explained in more detail below:  (1) the Special Master erred in only determining the party responsible for code issues/deficiencies addressed by the City of New Orleans; (2) the Special Master erred in finding that Mrs. Ferchaud is responsible for the delay in the remediation and in determining that Moss Construction, LLC (hereinafter "Moss") did not have to make delay payments; (3) the Special Master erred in finding that Mrs. Ferchaud is not entitled to additional/other damages; and (4) the Special Master erred in adopting the entire October 12, 2015 submission of Moss.

## INTRODUCTION

Mrs. Ferchaud as a KPT Property Owner took part in the Remediation Protocol outlined in the *Third Amended Settlement Agreement Regarding Claims Against the Knauf Defendants in MDL No. 2047*, Rec. Doc. 16407-3 (hereinafter "the Knauf Class Settlement").   During remediation, a dispute arose between Mrs. Ferchaud and Moss, who is the lead contractor for purposes of the above multi-district litigation action.   On May 1, 2015, Moss, pursuant to

4.5.1.2.1 of the Knauf Class Settlement, requested that the Special Master Daniel J. Balhoff (hereinafter "Special Master") make a determination of the parties' respective rights and obligations.  According to 4.5.1.2.1,

> In the event that a dispute arises between a KPT Property Owner and the Lead Contractor or Other Approved Contractor over the Remediation Protocol for the individual KPT Property, such dispute shall be submitted to the Special Master who will resolve the dispute.  The parties shall cooperate with the Special Master to resolve any disputes expeditiously and avoid, to the maximum extent possible, any delay in the remediation.

Pursuant to the request of the Special Master, the parties submitted memoranda regarding this matter.  On July 23, 2015, Mrs. Ferchaud submitted her mediation position paper with exhibits.  On July 31, 2015, Moss submitted its mediation position paper with exhibits.  On August 5, 2015, Mrs. Ferchaud submitted a reply and exhibit to the mediation position paper of Moss.  On August 6, 2015, the Special Master conducted a mediation hearing which was transcribed by a court reporter that Mrs. Ferchaud obtained.

On October 2, 2015, Moss requested the opportunity to provide a brief supplement to **only** address code violations listed by the City of New Orleans (in correspondence sent to the parties, as explained below) which Moss stated had not been addressed during mediation.  On October 12, 2015, Moss submitted the brief supplement with exhibits.  On October 21, 2015, Mrs. Ferchaud submitted a reply to the supplement of Moss.  The above submissions and transcript comprise the record before the Special Master when he rendered his *Opinion and Decree*.

On November 8, 2015, the Special Master rendered an *Opinion and Decree*, attached hereto as Exhibit "A", which, among other things:  (1) found that Moss was not responsible for the delay in this matter and that Mrs. Ferchaud was not entitled to delay payments; (2) found that

Mrs. Ferchaud was not entitled to other/additional damages; and (3) adopted the division of responsibility urged by Moss in its October 12, 2015 submission.

## LAW AND ARGUMENT

### A.  KNAUF CLASS SETTLEMENT

Pursuant to 4.2.9 of the Knauf Class Settlement,

…decisions of the Special Master with respect to the Remediation Fund may be appealed by…an affected Class Member within 15 days of service of the Special Master's decision by filing an objection with the Court, but only after Settlement Class Counsel, the Knauf Defendants, and if applicable, an affected Class Member's counsel meet and confer in an attempt to resolve such issue.  Unless the Court orders otherwise, appeals will be based on the record and briefing before the Special Master without further evidentiary submissions, briefing or argument…The Court's decision on any objections will be final, with no further appeals permitted.

Pursuant to 4.6.8 of the Knauf Class Settlement,

…decisions of the Special Master with respect to the Other Loss Fund may be appealed by…an affected Class Member within 15 days of service of the Special Master's decision by filing an objection with the Court, but only after Settlement Class Counsel, the Knauf Defendants, and if applicable, an affected Class Member's counsel meet and confer in an attempt to resolve such issue.  Unless the Court orders otherwise, appeals will be based on the record and briefing before the Special Master without further evidentiary submissions, briefing or argument…The Court's decision on any objections will be final, with no further appeals permitted.

On November 8, 2015, the Special Master served his *Opinion and Decree* on the parties via email.  Counsel for Mrs. Ferchaud has complied with the above requirements and although counsel for Mrs. Ferchaud and counsel for Moss are attempting to resolve the issues regarding the dispute between Mrs. Ferchaud and Moss, Mrs. Ferchaud respectfully submits this objection in order to protect her appeal rights.  As counsel for Mrs. Ferchaud is mindful of the above paragraphs, specifically, the statement that "[u]nless the Court orders otherwise, appeals will be based on the record and briefing before the Special Master without further evidentiary

submissions, briefing or argument", this objection does not contain any "further evidentiary submissions, briefing or argument" and does not contained any detailed discussion on the issues, but only attempts to briefly summarize the errors committed by the Special Master in his *Opinion and Decree*.   However, since this dispute involves many issues, as is evident by Mrs. Ferchaud's expert in his 935 page *Preliminary Expert Report*[1], Mrs. Ferchaud respectfully requests that this Honorable Court order that this matter be set for oral argument.   In addition, Mrs. Ferchaud respectfully requests that the parties be allowed to submit "further evidentiary submissions, [and/or] briefing."

### B.  <u>FEDERAL RULE OF CIVIL PROCEDURE 53</u>

Pursuant to Fed. R. Civ. P. 53 (f) (1),

In acting on a master's order, report, or recommendations, the court must give the parties notice and an opportunity to be heard; may receive evidence; and may adopt or affirm, modify, wholly or partly reject or reverse, or resubmit to the master with instructions.

Pursuant to Fed. R. Civ. P. 53 (f) (3),

The court must decide de novo all objections to findings of fact made or recommended by a master…

Pursuant to Fed. R. Civ. P. 53 (f) (4),

The court must decide de novo all objections to conclusions of law made or recommended by a master.

### C.  <u>THE SPECIAL MASTER ERRED IN ONLY ADDRESSING CODE ISSUES/VIOLATIONS ADDRESSED BY THE CITY OF NEW ORLEANS</u>

On June 23, 2015, the City of New Orleans issued correspondence to the parties regarding code issues/deficiencies at Mrs. Ferchaud's property.  As stated above, the October 12, 2015 submission of Moss was limited to code violations listed by the City of New Orleans in its June 23, 2015 correspondence.  When the Special Master adopted the division of responsibility

---

[1]  The number of pages includes numerous pages of exhibits.

urged by Moss in its October 12, 2015 submission, he only addressed the code issues/deficiencies addressed by the City of New Orleans.  This is a problem for the following reasons:  (1) in its June 23, 2015 correspondence, the City of New Orleans stated, "[t]his list is by far not comprehensive and the City of New Orleans reserves the right to amend this as needed for safety or compliance issues during any time of inspection"; and (2) David C. Flettrich, A Professional Engineering Corporation (hereinafter "Mr. Flettrich") hired by Mrs. Ferchaud generated a *Preliminary Expert Report*[2] which identified life safety and code compliance issues related to the Chinese drywall repair work being performed by Moss on Mrs. Ferchaud's property, and all of these life safety and code compliance issues were not addressed by the City of New Orleans in its June 23, 2015 correspondence.   For these reasons, Mrs. Ferchaud objects to the Special Master's *Opinion and Decree*.

### D. SPECIAL MASTER ERRED IN FINDING THAT MRS. FERCHAUD IS RESPONSIBLE FOR THE DELAY

The record before this Honorable Court, including the mediation testimony and Mr. Flettrich's *Preliminary Expert Report* shows that the delays in this matter were caused by Moss. In addition, the record shows that any delays caused by Mrs. Ferchaud were justified and were to prevent the permanent creation of life safety and property damage hazards.  For these reasons, Mrs. Ferchaud objects to the Special Master's *Opinion and Decree*.

### E. SPECIAL MASTER ERRED IN FINDING THAT MRS. FERCHAUD IS NOT ENTITLED TO OTHER/ADDITIONAL DAMAGES

The record before this Honorable Court shows that Mrs. Ferchaud is entitled to other/additional damages which she requested in her mediation position paper.  The record also shows that the Special Master and this Honorable Court have the discretion to award Mrs.

---

[2]  The Report was attached as Exhibit "A" to Mrs. Ferchaud's July 23, 2015 mediation position paper.

Ferchaud the requested other/additional damages.    Therefore, Mrs. Ferchaud objects to the Special Master's *Opinion and Decree.*

### F.   SPECIAL MASTER ERRED IN ADOPTING THE ENTIRE OCTOBER 12, 2015 SUBMISSION OF MOSS

In addition to the reasons explained in Section C. above, the Special Master also erred in adopting the entire October 12, 2015 submission of Moss for the following reasons:   (1) throughout its submissions to the Special Master, Moss provided no proof which supports its allegations that the majority of the deficiencies noted by the City of New Orleans are "preexisting, outside the scope of the remediation, and therefore, Mrs. Ferchaud's responsibility."   Moss also provided no proof that the deficiencies are homeowner issues.   In fact, Mrs. Ferchaud's submissions clearly show the contrary; and (2) Mr. Fletrrich's *Preliminary Expert Report* as well as his August 5, 2015 comments[3] to the mediation position paper and exhibits of Moss shows what issues/violations are the responsibility of Moss.

Regarding the June 23, 2015 City of New Orleans correspondence, Moss admitted that it was either responsible for or that it was willing to remedy, even though it did not believe it was responsible for, the following violations/deficiencies:   Building/General:   Items 3 and 5; Electrical:   Items 1, 2, 3, 4, 5, and 7; and Mechanical:   Items 4, 7, 8, 9, 10, 11, 12, 14, and 15. Mrs. Ferchaud's expert said that Mrs. Ferchaud was responsible for the following violations/deficiencies in the June 23, 2015 correspondence:   Mechanical:   Items 1, 2, and 3. Therefore, as far as the June 23, 2015 City of New Orleans correspondence, the remaining items that seem to be disputed are Building/General:   Items 1, 2, and 4; Electrical:   Item 6; and Mechanical:   Items 5, 6, and 13.   The record before this Honorable Court shows that Moss is

---

[3]  The comments were attached as Exhibit "A" to Mrs. Ferchaud's August 5, 2015 reply to the position paper of Moss.

responsible for these items.  Thus, Mrs. Ferchaud objects to the Special Master's *Opinion and Decree*.

## **<u>CONCLUSION</u>**

Mrs. Ferchaud respectfully moves that this Honorable Court set this matter for oral argument.  Mrs. Ferchaud also respectfully moves that this Honorable Court order that the parties be allowed to submit "further evidentiary submissions, [and/or] briefing."  In addition, for the reasons stated above, Mrs. Ferchaud respectfully moves this Honorable Court for an Order sustaining her objection to the Special Master's November 8, 2015 *Opinion and Decree* and that this Honorable Court find that: (1) Moss is responsible for the delay and therefore, Mrs. Ferchaud is entitled to delay payments; (2) Mrs. Ferchaud is entitled to other/additional damages; (3) the Special Master erred in only determining responsibility for code issues/violations addressed by the City of New Orleans, and therefore, a determination needs to be made on the responsibility for all code issues/violations that exist at Mrs. Ferchaud's property; and (4) the Special Master erred in adopting the division of responsibility urged by Moss in its October 12, 2015 submission including for the following items:  Building/General:  Items 1, 2, and 4; Electrical:  Item 6; and Mechanical:  Items 5, 6, and 13.

Respectfully submitted:

/s/ Joseph M. Bruno
Joseph M. Bruno, (LA Bar No. 3604)
Bruno & Bruno, LLP
855 Baronne Street
New Orleans, Louisiana  70113
Telephone:  (504) 525-1335
Facsimile:   (504) 561-6775

**<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that a copy of the above Objection has been served upon all counsel of

record by electronic notice via the Court's CM/ECF system this 23rd day of November, 2015.

<u>/s/ Joseph M. Bruno</u>