UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: CHINESE-MANUFACTURED DRYWALL PRODUCTS LIABILITY LITIGATION | * * * | MDL 2047 SECTION: "L" |
| This document relates to ALL CASES | * * | JUDGE: FALLON |
| | * | MAG. JUDGE: WILKINSON |

**PRETRIAL ORDER NO. 30**
**(COST STIPEND AWARD)**

This Court entered an Order on December 17, 2014 granting the Fee Committee's Inspection Costs and Holdback Motion Pursuant to Pre-Trial Order No. 28(E) [Rec. Doc. 18215]. In that Order, the Court accepted the recommendation of the Fee Committee that a reasonable cost stipend of $1,000.00 per property for those properties where KPT Chinese Drywall is or was present, including homes with mixed board that includes KPT Drywall, and the Court further accepted the Fee Committee's recommendation that for those properties where non-KPT Chinese Drywall only is or was present, a reasonable cost stipend should be $150.00 per property. The Court has been provided a listing from BrownGreer, the Court-Appointed Settlement Administrator, identifying those properties that are eligible to receive a cost stipend as contemplated in the December 17, 2014 Order.

A property is only eligible for a cost stipend if the property was eligible for compensation as determined by the Settlement Administrator, Special Master and/or the Court in one of the five interrelated settlements involving the Knauf Defendants (the

1

"Knauf Settlement"); (2) supplier Interior Exterior Building Supply, LP ("InEx") and its insurers (the "InEx Settlement"); (3) the Banner entities and their insurers (the "Banner Settlement"); (4) L&W Supply Corporation ("L&W") and USG Corporation (the "L&W Settlement"); and (5) more than 700 Participating Builders, Suppliers, Installers, and their Participating Insurers (the "Global Settlement"). A property is not eligible for a stipend if the eligibility for compensation in one of the five interrelated settlements was solely based upon a bodily injury claim. The cost stipend is to be paid only to a *pro se* litigant or to private counsel on an individual case for a present or former homeowner and includes the reimbursement of costs, which includes all reasonable costs, including the cost of inspection.

To assure that claimants in the five interrelated settlements receive the appropriate cost stipend amount, BrownGreer, the Settlement Administrator, has communicated with the various claimants and/or their counsel by disseminating a listing for each firm (or claimant) which identifies each property eligible for a cost stipend, together with the amount of cost stipend to be awarded for that particular property. Counsel was directed to review the listing for his/her firm and to notify the Settlement Administrator of any incorrect entries. The Settlement Administrator believes that, based on information from each firm, the listing of the properties attached hereto as Exhibit "A" correctly reflects the cost stipend awards. In the event that a property becomes eligible for a cost stipend after the date of this Order, the Settlement Administrator will notify Class Counsel of the newly eligible claim and Class Counsel shall determine if a Cost Stipend should be paid for the newly eligible claim.

The Court will post Exhibit "A" on its website located at www.laed.uscourts.gov/drywall, together with a copy of this Order, and further directs the Clerk of Court to retain a copy of this Order, together with Exhibit "A", so that any claimant or party may review the Order and Exhibit "A".

Any claimant or party wishing to object to the cost stipend amount for their particular property must, on or before ten (10) days from the date of this Order, notify Class Counsel, Arnold Levin, Levin Fishbein Sedran & Berman, 510 Walnut Street, Suite 500, Philadelphia, PA 19106, alevin@lfsblaw.com and Russ M. Herman, Herman Herman & Katz, LLC, 820 O'Keefe Avenue, New Orleans, LA 70113, drywall@hhklawfirm.com, in writing, of their intention to object to the proposed cost stipend award for their particular property. Any objection must set forth the full and complete basis for the objection and set forth the full name and current address of the person objecting to the cost stipend award, together with the address of the particular property. The objection must be signed by the claimant or party making the objection. Failure to comply timely and fully with these procedures shall result in the invalidity and dismissal of any objection, and shall be deemed a waiver of any objection which will foreclose them from making any objection to the cost stipend award at a later date.

If more than one (1) claim is made for a cost stipend on a property, the proceeds to be paid shall be deposited into the registry of the Court until a final determination is resolved as to the proper party entitled to receipt of the cost stipend.

New Orleans, Louisiana, this 23rd day of November, 2015.

_____
ELDON E. FALLON
UNITED STATES DISTRICT JUDGE