UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In re:  CHINESE-MANUFACTURED | * | MDL 2047 |
| DRYWALL PRODUCTS | * | |
| LIABILITY LITIGATION | * | SECTION L |
| | * | |
| | * | JUDGE FALLON |
| This document relates to: All Cases | * | |
| | * | MAGISTRATE JUDGE WILKINSON |
| | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

### MEMORANDUM IN SUPPORT OF THE KNAUF DEFENDANTS' RESPONSE TO ROSENBAUM MOLLENGARDEN PLLC NOTICE OF CHARGING LIEN AS TO PAUL AND CARON JOHNSON

The Knauf Defendants[1] file this Memorandum in Support of their Response to Rosenbaum Mollengarden PLLC's Notice of Charging Lien of Rosenbaum Mollengarden PLLC as to Paul and Caron Johnson.

I.   BACKGROUND

Claimants Paul and Caron Johnson's property is being remediated pursuant to the Knauf Class Settlement Agreement.[2] The Johnson Claimants ("Claimants") filed claims in *Payton*[3] and *Cassidy*,[4] chose the Program Contractor Remediation Option, and executed the Work Authorization Agreement. The Program Contractor signed contracts with all subcontractors and is in the process of obtaining permits.

---

[1] The Knauf Defendants include Knauf Plasterboard (Tianjin) Co., Ltd., Knauf Plasterboard (Wuhu) Co., Ltd., Guangdong Knauf New Building Material Products Co., Ltd., Knauf Gips KG, Gebr. Knauf Verwaltungsgesellschaft KG, Knauf International GmbH, Knauf Insulation GmbH, Knauf UK GmbH, Knauf AMF GmbH & Co. KG, Knauf do Brasil Ltda., and PT Knauf Gypsum Indonesia.

[2] Third Amended Settlement Agreement Regarding Claims Against the Knauf Defendants in MDL No. 2047 (Rec. Doc. 16407-3), as amended by the Fourth Amended Settlement Agreement Regarding Claims Against the Knauf Defendants in MDL No. 2047 (17165-1).

[3] *Payton, et al. v. Knauf Gips KG, et al.*, Case No. 2:09-cv-07628 (E.D. La.).

[4] *Cassidy, et al. v. Gebrueder Knauf Verwaltungsgesellschaft KG, et al.*, Case No. 11-3023 (E.D. La.).

Rosenbaum Mollengarden PLLC seeks to stop all disbursements to the Claimants "from any settlement or any other final or partial resolution of the Plaintiffs' claims…or this case… until this charging lien has been adjudicated." The Knauf Defendants seek the Court's guidance in remediating the Claimants' property and hereby notify all parties, including Rosenbaum Mollengarden PLLC, that the Knauf Defendants are not responsible for any construction cost increases due to the delay in remediating the Claimants' property.

## II.    LAW AND ARGUMENT

The Knauf Class Settlement Agreement establishes that all Chinese drywall-related attorneys' fees are separate from any consideration received by Class Members and that the fee will be allocated by the Plaintiffs' Steering Committee.

> Separately and in addition to any consideration received by a Participating Class Member under this Settlement, the Knauf Defendants shall pay a singular attorneys' fee (to be allocated among the PSC and common benefit counsel authorized and working at the direction of the PSC, other common benefit counsel, Settlement Class Counsel and individual retained counsel)…[5]

The Knauf Class Settlement Agreement establishes that the Court must approve attorneys' fees and costs, as well as their allocations among counsel.

> All attorneys' fees and costs as well as the allocation of attorneys' fees and costs among the PSC, common benefit counsel authorized and working at the direction of the PSC, other common benefit counsel, Settlement Class Counsel and individual retained counsel are subject to the approval of the Court and to a determination by the Court that the common benefit counsel work was valid and bona fide. The Court's determination shall be final and not subject to appeal.[6]

---

[5] Section 14.1, Knauf Class Settlement Agreement.
[6] Section 14.2, Knauf Class Settlement Agreement.

The Knauf Class Settlement Agreement establishes that the PSC shall request the Court to determine an appropriate procedure for allocation of attorneys' fees among counsel.

> The PSC shall also request without objection from the Knauf Defendants that the Court determine a procedure for the appropriate allocation of attorneys' fees and costs among the PSC, common benefit counsel authorized and working at the direction of the PSC, other common benefit counsel, Settlement Class Counsel and individual retained counsel.[7]

The Knauf Class Settlement Agreement establishes that the Court's award of attorneys' fees and costs settles any and all attorneys' fee claims that can be claimed by any counsel representing or working for the benefit of a Class Member.[8] The Agreement defers to the Court's judgment with respect to the allocation of attorneys' fees, and the Knauf Defendants, therefore, seek the Court's guidance in light of the Notice of Charging Lien filed by Rosenbaum Mollengarden PLLC.

### III.   CONCLUSION

For the foregoing reasons, the Knauf Defendants seek the Court's guidance in order to fulfill their settlement obligations to the Claimants.

Respectfully Submitted,

/s/ *Kerry J. Miller*
KERRY J. MILLER (LA Bar No. 24562)
RENE A. MERINO (LA Bar No. 34408)
**Baker, Donelson, Bearman,
Caldwell & Berkowitz, PC**
201 St. Charles Ave.
Suite 3600
New Orleans, LA 70170
Phone: 504.566.8646
Fax:   504.585.6946
kjmiller@bakerdonelson.com

*Counsel for the Knauf Defendants*

---

[7] Section 14.2.1, Knauf Class Settlement Agreement.
[8] *See* Section 14.3, Knauf Class Settlement Agreement.

3

## **CERTIFICATE**

    I hereby certify that the above and foregoing pleading has been served upon Russ Herman, Plaintiffs' Liaison Counsel, by email, to all parties by electronically uploading the same to LexisNexis File & Serve in accordance with Pre-Trial Order No. 6, and that the foregoing was filed with the Clerk of Court of the United States Court for the Eastern District of Louisiana, on this 23rd day of November 2015.

                                                                  /s/ *Kerry J. Miller*