UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

|  |  |  |
|---|---|---|
| IN RE: CHINESE MANUFACTURED DRYWALL PRODUCTS LIABILITY LITIGATION | : : : : : : : | MDL NO. 2047<br>SECTION L<br>JUDGE FALLON<br>MAGISTRATE JUDGE WILKINSON |

**THIS DOCUMENT RELATES TO:** ALL CASES

### ORDER

Before the Court is a notice of charging lien of Rosenbaum Mollengarden PLLC as to Paul and Caron Johnson (R. Doc. 19778).

I.  BACKGROUND

Claimants Paul and Caron Johnson's property is being remediated pursuant to the Knauf Class Settlement Agreement. The Johnson Claimants ("Claimants") filed claims in *Payton* and *Cassidy*, chose the Program Contractor Remediation Option, and executed the Work Authorization Agreement. The Program Contractor signed contracts with all the subcontractors and is the process of obtaining permits. Rosenbaum Mollengarden PLLC seeks to stop all disbursements to the Claimants "from any settlement or any other final or partial resolution of the Plaintiffs' claims…or this case…until the charging lien has been adjudicated."

II.  THE KNAUF CLASS SETTLEMENT AGREEMENT

The Knauf Class Settlement Agreement establishes that all the Chinese drywall-related attorneys' fees are separate from any consideration received by Class Members and that the fee will be allocated by the Court.

> Separately and in addition to any consideration received by a Participating Class Member under this Settlement, the Knauf Defendants shall pay a singular attorneys' fee (to be allocated among the PSC and common

1

> benefit counsel authorized and working at the direction of the PSC, other common benefit counsel, Settlement Class Counsel and individual retained counsel)…

Knauf Class Settlement Agreement, Section 14.1.  The Knauf Class Settlement Agreement establishes that the Court must approve attorneys' fees and costs, as well as their allocations among counsel.

> All attorneys' fees and costs as well as the allocation of attorneys' fees and costs among the PSC, common benefit counsel authorized and working at the direction of the PSC, other common benefit counsel, Settlement Class Counsel and individual retained counsel are subject to the approval of the Court and to a determination by the Court that the common benefit counsel work was valid and bona fide.  The Court's determination shall be final and not subject to appeal.

*Id.* at 14.2.  The Knauf Class Settlement Agreement establishes that the PSC shall request the Court to determine an appropriate procedure for allocation of attorneys' fees among counsel.

> The PSC shall also request without objection from the Knauf Defendants that the Court determine a procedure for the appropriate allocation of attorneys' fees and costs among the PSC, common benefit counsel authorized and working at the direction of the PSC, other common benefit counsel, Settlement Class Counsel and individual retained counsel.

*Id.* at 14.2.1.  The Knauf Class Settlement Agreement establishes that the Court;s award of attorenys' fees and costs settles any and all attorneys' fee claims that can be claimed by any counsel representing or working for the benefit of a Class Member.  *Id.* at 14.3.

### III.    CONCLUSION

Considering the foregoing and, specifically, the fact that attorneys' fees are separate from any consideration received by Class members, including remediation, **IT IS ORDERED** that the charging lien with respect to the remediation of the Claimants' home is null and void.

New Orleans, Louisiana, this 24th day of November, 2015.

_____
UNITED STATES DISTRICT JUDGE