# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: CHINESE-MANUFACTURED DRYWALL PRODUCTS LIABILITY LITIGATION | MDL NO. 2047<br>SECTION: L<br>JUDGE FALLON<br>MAG. JUDGE WILKINSON |
| THIS DOCUMENT RELATES TO:<br>*Gross v. Knauf Gips KG*, 2:09-cv-6690<br>*Germano, et al. v. Taishan Gypsum Co., Ltd., f/k/a Shandong Taihe Dongxin Co. Ltd., et al.*, Case No. 09-6687<br>*Wiltz, et al. v. Beijing New Building Materials Public Limited Co., et al.*, Case No 10-361<br>*Amorin v. Taishan Gypsum*, 2:11-cv-1672<br>*Amorin v. Taishan Gypsum*, 2:11-cv-1395<br>*Amorin v. Taishan Gypsum*, 2:11-cv-1673<br>*Amorin v. SASAC*, 2:14-cv-1727<br>*State of Louisiana v. Knauf*, 2:10-cv-340<br>*Abner v. Taishan Gypsum*, 2:11-cv-3094<br>*Posey v. BNBM Co.*, 2:09-cv-6531<br>*Morris v. BNBM Co.*, 2:09-cv-6530 | |

## PLAINTIFFS' STEERING COMMITTEE'S RESPONSE TO BEIJING NEW BUILDING MATERIALS PUBLIC LIMITED COMPANY'S AND BEIJING NEW BUILDING MATERIAL (GROUP) CO., LTD.'S MOTION TO SET A BRIEFING SCHEDULE AND HEARING DATE FOR THEIR MOTIONS TO DISMISS THE COMPLAINTS PURSUANT TO RULES 12(B)(2) AND 12(B)(5)

## AND

## MOTION FOR RECONSIDERATION OF SEPTEMBER 28, 2015 ORDER [REC. DOC. 19549] SCHEDULING THE CNBM ENTITIES AMENDED MOTION TO DISMISS FOR A HEARING FOLLOWING THE JANUARY MONTHLY STATUS CONFERENCE

I.  **INTRODUCTION**

The Plaintiffs' Steering Committee ("PSC") submits this Response to Beijing New

Building Materials Public Limited Company's ("BNBM PLC") and Beijing New BUILDING

Material (Group) Co., Ltd.'s ("BNBM Group") Motion to Set a Briefing Schedule and Hearing Date for Their Motions to Dismiss the Complaints Pursuant to Rules 12(b)(2) and 12(b)(5) [Rec. Doc. 19784].

The legal arguments presented by the BNBM Defendants' dispositive motions significantly overlap themselves, as well as those raised in the China New Building Materials Group ("CNBM Group"), China New Building Materials Co. ("CNBM Co."), CNBMIT Co. Ltd. ("CMBIT"), CNBM USA Corp. ("CNBM USA"), and United Suntech Craft, Inc. ("United Suntech") Amended Motion to Dismiss the Complaints Pursuant to Rules 12(b)(1), 12(b)(2), 12(b)(4) and 12(b)(5) [Rec. Doc. 19527].  Therefore, both the BNBM Defendants and the PSC agree that all of the dispositive motions should be heard at one time.  BNBM and the PSC disagree on when the time for that argument should occur, and the schedule for briefing coincident to that hearing.  A significant amount of discovery remains to be accomplished due to 1) the defaulted Defendants' strategically delayed document productions which have prejudiced plaintiffs' fact-finding ability to date, 2) the Defendants' out-of-time production of expert reports in renewed motions or reply briefs, and 3) the Defendants' refusal to timely produce witnesses until after significant briefing has already occurred.  With all of these impediments to the PSC's ability to conduct jurisdictional discovery, the PSC submits that the hearing on all of the motions to dismiss (and now, due to CNBM's most recent discovery exploit, the Foreign Sovereign Immunities Act hearing currently scheduled for December 8, 2015) should coincide with the April 2016 Status Conference to allow time for the PSC to complete discovery implicated by all of these motions.

Without an agreement by the parties, the BNBM defendants contend that briefing should

be collapsed to so that it is completed in time for the January Status Conference to coincide with this Court's September 28, 2015 Order [Rec.Doc. 19549] scheduling the CNBM Defendants' Amended Motion to Dismiss, or by mid-February. BNBM Brf. at 3. Given the discovery that the PSC submits is still necessary (*i.e.*, the deposition of Hu Jinyu scheduled for December 7, 2015; the depositions of BNBM's Experts Mr. Deal and Mr. Gordon which are being re-scheduled to address CNBM's recent adoption of their opinions and the witnesses' availability; and, if the Court grants the PSC's motion, the additional 30(b)(6) corporate witnesses of each of the Taishan/BNBM/CNBM Defendants in light of their untimely document productions occurring after the depositions of their corporate witnesses), especially with the CNBM Defendants' document productions as recently as 4:30 am on November 25, 2015, the Defendants' suggestion that briefing and a hearing take place in January or mid-February is unfair and prejudicial to plaintiffs.

Accordingly, the PSC submits that an April 2016 hearing with briefing scheduled appropriate for that date should be set. In addition, the PSC also moves for reconsideration of this Court's September 28, 2015 Order [Rec.Doc. 19549], which scheduled the CNBM entities' motion to dismiss separately from the BNBM defendants' motions before the well documented misadventures of the CNBM Defendants' discovery abuses were brought to light, including CNBM's recent Thanksgiving-eve document dump, so that the BNBM and CNBM motions can be considered at the same time.

## II.    FACTUAL BACKGROUND

At the November 16, 2015 Status Conference, the Court directed the parties to meet and confer first on an appropriate date for hearing the motions to dismiss, and then to arrive at a

briefing schedule compatible with the hearing date. Without even attempting to complete the meet and confer process, the BNBM defendants submitted a letter brief to the Court on November 23, 2015.[1] Shortly thereafter, the BNBM defendants filed the instant motion. The PSC responded to the BNBM defendants letter with their own letter dated November 24, 2015.[2] For brevity's sake and to avoid needless duplicative briefing, the PSC adopts by reference the factual recitation set forth in our letter of November 24, 2015, but offer this short addendum.

Following the submissions of this correspondence, the parties held a meet and confer session in the afternoon of November 24, 2015. Each party expressed their position: CNBM demanded compliance with this Court's September 28, 2015 Order scheduling its motion to dismiss argument following the January 2016 Status conference; BNBM recognized that the PSC was entitled to depose its new experts (Jeffrey Gordon and Bruce Deal)[3] prior to any responsive briefing and was willing to negotiate for hearing in mid-February to accommodate the expert discovery; and the PSC wished to complete discovery of Ms. HU, Defendants' experts and additional corporate witnesses, have briefing in March, and hold the hearing in April. No agreement was reached during the conference call, but afterwards Mr. Levin did speak again with Mr. Barr to attempt to attempt to reach a compromise. As of this filing, Mr. Barr not responded to Mr. Levin's proposals.

---

[1] Attached hereto as Exhibit A.

[2] Attached hereto as Exhibit B.

[3] Mr. Gordon was proffered to opine on corporate governance and contends that the BNBM Defendants lack dominion over Taishan despite their control of Taishan's Board of Directors. Mr. Deal was offered to support Mr. Gordon's opinions by means of a quantitative analysis of American conglomerates.

CNBM responded in an asymmetrical fashion.  The Court is well aware of the difficulties plaintiffs have encountered obtaining discovery from the CNBM defendants.  For purely strategic reasons decided by CNBM Group's Chairman, Mr. Song, the CNBM and BNBM defendants pursued a limited litigation strategy allowing default judgments to be entered against them, while simultaneously employing Taishan to act as their stalking horse in the Federal Judiciary.  The Defendants' concerted efforts to stone-wall the plaintiffs was demonstrated most recently on November 24, 2015, when CNBM Group filed its Reply in Support of CNBM Group's Motion to Dismiss for Lack of Subject Matter Jurisdiction Under the FSIA [Rec. Doc. 19798].  Therein, CNBM Group adopted and incorporated the BNBM Defendants' experts reports (the very same experts that the BNBM defendants acknowledge the PSC is entitled to depose before any responsive brief is filed).[4]  The next day, on November 25, 2015, beginning at 4:24 a.m. CNBM and CNBM Group served the PSC with 6,851 new documents, totaling 48,852 pages.  These productions were dumped on the PSC just five calendar days before the PSC's Supplemental Response to CNBM Group's FSIA Motion was due and, four weeks after the PSC's response to the FSIA Motion was filed on October 29, 2015.  In customary fashion, these Defendants produced thousands of additional documents in Chinese, with machine translations only.

These incredibly delayed document productions, coupled with CNBM Group's recent adoption of BNBM's experts reports, are brand-new facts standing at complete odds with this

---

[4] In its Reply in support of its FSIA Motion, CNBM Group also improperly included entirely new discovery, new declarations of Jainglin Cao (regarding corporate governance) and Robin Hui Huang (addressing among other things, Chinese corporate law and piercing the corporate veil), and new legal theories.  These improprieties are separately addressed by the PSC's Motion to Strike Untimely Declarations of CNBM Group and for Expedited Consideration [Rec. Doc. 19800].

Court's September 28, 2015 Order permitting CNBM to be heard on its Amended Motion to Dismiss following the January 2016 Status Conference, or, for that matter, CNBM Group's FSIA Motion hearing scheduled for December 8, 2015.  Since the legal arguments surrounding this Court's personal jurisdiction over all of the Defendants are based on the same fundamental principles, the PSC submits that all of the motions to dismiss should be heard together, at an appropriate time *after* discovery is completed – following the April 2016 Status Conference.  The defendants will not be prejudiced by proceeding in this fashion, but the plaintiffs will deprived of their due process rights should they be forced to respond to motions supported by evidence and expert opinions that were never cross-examined.  Fundamental fairness dictates that plaintiffs should be permitted to complete discovery necessitated by Defendants' midnight dumping of machine translated documents, and late-produced expert reports.

### III.   ARGUMENT

The Defendants contend that the time for this Court to decide their jurisdictional motions to dismiss is long overdue.  They contend that they have fully participated in discovery, and that the Plaintiffs should not have the opportunity to re-depose their corporate witnesses (even though important documents were withheld until very recently), take their expert's depositions on the originally scheduled dates in January 2016, or delay proceedings by taking Ms. HU's deposition.  These arguments are all without merit.  "Mere delay, by itself, is insufficient and does not raise an inference of prejudice.*" Islamic Republic of Iran v. Boeing Co.*, 771 F2d 1279, 1287 (9th Cir. 1985).  Plaintiffs are not proposing an open-ended extension of time to complete discovery, but rather are proposing to complete discovery in a reasonable time to allow briefing of the motions to be concluded by the end of March 2016.

With regard to renewed corporate witnesses, the Defendants' strategic withholding of documents or presenting them with poor machine translations has severely hampered Plaintiffs' ability to depose the Defendants' corporate witnesses. Even the authority relied upon by the BNBM Defendants recognizes that only where the "[p]laintiff has had a <u>full opportunity</u> to depose" the witness should plaintiffs' request to re-depose the witness be denied. *See Chevron USA, Inc. V. Aker Marine, Inc.,* No. 03-2027, 2007 WL 1558710, *1 (E.D. La. May 30, 2007) (emphasis added). Here, the Plaintiffs have not had that full opportunity because the Defendants have withheld documents until after their corporate witness's depositions were concluded. The Defendants should be required to certify that their document productions are complete and provide dates of corporate witnesses that can be completed promptly.

As to BNBM's contention that their experts' depositions should take place prior to their originally scheduled dates of January 19 & 21, 2016, the PSC has agreed to amend their notices of deposition. Originally, these depositions were scheduled with Lead Counsel's vacation schedule in mind. To accommodate the Defendants' demand and the witnesses availability, the PSC will issue amended notices of deposition that will still only result in the completion of the deposition of the two witnesses approximately one week earlier than originally scheduled due to Mr. Gordon's availability.[5]

Finally, as to Ms. HU's deposition, the PSC had long requested dates for the witness's deposition. Only after much effort, did the CNBM defendants provide dates (now December 7, 2015) for the witness to appear at deposition. Because Ms. HU has been employed as the

---

[5] Mr. Deal will be deposed on December 18, 2015, while due to Mr. Gordon's availability he will not be deposed until January 15, 2016.

7

General Manager of the Audit Department of CNBM Co., Ltd. and a Supervisor of BNBM PLC, his testimony is expected to sew together the Defendants' single business enterprise and alter ego relationships.

Since all of this discovery can reasonably be completed by March, assuming no more late-produced documents dumps, the PSC submits that their proposed schedule to allow for briefing to be completed in March, with a hearing coinciding with the April 2016 Status Conference is the best course to follow.  Plaintiffs' proposal affords Plaintiffs sufficient time to assimilate all newly obtained testimony and assemble it for presentation to the Court.  Since the CNBM and BNBM Defendants have delayed participating in this litigation for over 6 years, they should not be permitted to rush the Plaintiffs on briefing regarding dispositive motions.  Nor should the Defendants be heard to complain that they are only provided 2 weeks to submit a reply brief.  Since reply briefs are only permitted by leave of court, the PSC's offer to permit any reply brief is already generous.  Moreover, Plaintiffs have no doubt that the Defendants could muster a satisfactory reply in even less time, making our schedule which permits a  2 week period for a reply brief more than reasonable.

**IV.   CONCLUSION**

The PSC submits that the pending motions to dismiss should all take place at the April 2016 Status conference.  Discovery should be permitted to go forward regarding Ms. HU, experts, and corporate witnesses, with the purpose to have all depositions completed by late February/early March 2016.  Thereafter, the PSC should file its responsive briefing on March 15, 2016, and Defendants may file their reply briefs on March 29, 2016, well in time for an April 2016 hearing.

The PSC leaves it to the Court's sound discretion as to whether to cancel the December 8, 2015 hearing on CNBM Group's FSIA Motion, or to permit a subsequent hearing based on the Thanksgiving-eve document production of documents, late adoption of expert reports, need for expert depositions, and consideration of the PSC's Motion to Strike Untimely Declarations of CNBM Group and for Expedited Consideration. However, the PSC respectfully, submits that the better approach is to hold a hearing on all of the motions in April 2016.

Dated: November 30, 2015

Respectfully Submitted,

BY: /s/ Russ M. Herman
Russ M. Herman (La Bar No. 6819)
Leonard A. Davis (La Bar No. 14190)
Stephen J. Herman (La Bar No. 23129)
Madelyn O. Breerwood (La Bar No. 35538)
Herman, Herman & Katz, LLC
820 O'Keefe Avenue
New Orleans, LA 70113
Phone: (504) 581-4892
Fax: (504) 561-6024
ldavis@hhklawfirm.com

*Plaintiffs' Liaison Counsel MDL 2047*

Arnold Levin (on the Brief)
Fred S. Longer (on the Brief)
Sandra L. Duggan (on the Brief)
Matthew Gaughan (on the Brief)
Levin, Fishbein, Sedran & Berman
510 Walnut Street, Suite 500
Philadelphia, PA 19106
Phone: (215) 592-1500
Fax: (215) 592-4663
alevin@lfsblaw.com

*Plaintiffs' Lead Counsel MDL 2047*

**PLAINTIFFS' STEERING COMMITTEE**

Dawn M. Barrios
Barrios, Kingsdorf & Casteix, LLP
701 Poydras Street, Suite 3650
New Orleans, LA 70139
Phone: (504) 524-3300
Fax: (504) 524-3313
Barrios@bkc-law.com

Daniel E. Becnel, Jr.
Becnel Law Firm, LLC
425 W. Airline Highway, Suite B
Laplace, LA 70068
Phone: (985) 536-1186
Fax: (985) 536-6445
dbecnel@becnellaw.com

Peter Prieto
Podhurst Orseck, PA
25 Flagler Street, 8th Floor
Miami, FL 33130
Phone: (305) 358-2800
Fax: (305) 358-2382
pprieto@podhurst.com

Bruce William Steckler
Steckler LLP
12720 Hillcrest Road, Suite 1045
Dallas, TX 75230
Phone: (972) 387-4040
Fax: (972) 387-4041
bruce@stecklerlaw.com

Ervin A. Gonzalez
Colson, Hicks, Eidson
255 Alhambra Circle, Penthouse
Coral Gables, FL 33134
Phone: (305) 476-7400
Fax: (305) 476-7444
ervin@colson.com

Ben W. Gordon, Jr.
Levin, Papantonio, Thomas, Mitchell
  Echsner & Proctor, PA
316 S. Baylen Street, Suite 600
Pensacola, FL 32502
Phone: (850) 435-7000
Fax: (850) 435-7020
bgordon@levinlaw.com

Hugh P. Lambert
The Lambert Firm
701 Magazine Street
New Orleans, LA 70130
Phone: (504) 581-1750
Fax: (504) 529-2931
hlambert@thelambertfirm.com

Jerrold Seth Parker
Parker Waichman, LLP
3301 Bonita Beach Road
Bonita Springs, FL 34134
Phone: (239) 390-1000
Fax: (239) 390-0055
Jerry@yourlawyer.com

Scott Wm. Weinstein
Morgan & Morgan
12800 University Drive, Suite 600
Ft. Myers, FL 33907
Phone: (239) 433-6880
Fax: (239) 433-6836
sweinstein@forthepeople.com

James Robert Reeves
Reeves & Mestayer, PLLC
160 Main Street
Biloxi, MS 39530
Phone: (228) 374-5151
Fax: (228) 374-6630
jrr@attorneys4people.com

Gerald E. Meunier
Rachel A. Sternlieb
Gainsburgh, Benjamin, David,
  Meunier & Warshauer, LLC
2800 Energy Centre
1100 Poydras Street
New Orleans, LA 70163-2800
Phone:  (504) 522-2304
Fax:  (504) 528-9973
gmeunier@gainsben.com

Christopher Seeger
Diogenes P. Kekatos
Seeger Weiss, LLP
77 Water Street
New York, NY 10005
Phone: (212) 584-0700
Fax: (212) 584-0799
cseeger@seegerweiss.com

Daniel K. Bryson
Whitfield, Bryson & Mason, LLP
900 W. Morgan Street
Raleigh, NC 27603
Phone: (919) 600-5000
Fax: (919) 600-5002
dan@wbmllp.com

Richard J. Serpe
Law Offices of Richard J. Serpe
Crown Center, Suite 310
580 East Main Street
Norfolk, VA 23510-2322
Phone: (757) 233-0009
Fax: (757) 233-0455
rserpe@serpefirm.com

Victor M. Diaz, Jr.
V.M. Diaz and Partners, LLC
119 Washington Ave., Suite 402
Miami Beach, FL 33139
Phone: (305) 704-3200
Fax: (305) 538-4928
victor@diazpartners.com

## OF COUNSEL TO PLAINTIFFS' STEERING COMMITTEE

Richard S. Lewis
HAUSFELD LLP
1700 K Street, N.W., Suite 650
Washington, DC 20006
Phone: (202) 540-7200
Fax: (202) 540-7201
rlewis@hausfeldllp.com

Anthony D. Irpino
Pearl A. Robertson
IRPINO LAW FIRM
2216 Magazine Street
New Orleans, LA 70130
Phone: (504) 525-1500
Fax: (504) 525-1501
airpino@irpinolaw.com

Andrew A. Lemmon
Lemmon Law Firm, LLC
P.O. Box 904
15058 River Road
Hahnville, LA 70057
Phone: (985) 783-6789
Fax: (985) 783-1333
andrew@lemmonlawfirm.com

## CERTIFICATE OF SERVICE

I hereby certify that the above and foregoing has been served on Defendants' Liaison Counsel, Kerry Miller, by e-mail and upon all parties by electronically uploading the same to LexisNexis File & Serve in accordance with Pre-Trial Order No. 6, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2047 on this 30th day of November, 2015.

Respectfully Submitted,

/s/ Leonard A. Davis
Leonard A. Davis
Herman, Herman & Katz, LLC
820 O'Keefe Avenue
New Orleans, LA 70113
Phone: (504) 581-4892
Fax: (504) 561-6024
ldavis@hhklawfirm.com

*Plaintiffs' Liaison Counsel MDL 2047*