# EXHIBIT A



Michael H. Barr
Senior Partner US Region

michael.barr@dentons.com
D  +1 212 768 6788

Dentons US LLP
1221 Avenue of the Americas
New York, NY 10020-1089 USA

T  +1 212 768 6700
F  +1 212 768 6800

November 23, 2015

**BY HAND DELIVERY**

The Honorable Eldon E. Fallon
United States District Court
Eastern District of Louisiana
500 Poydras Street,
Room C-456
New Orleans, Louisiana 70130

Re:   In Re: Chinese Manufactured Drywall Products Liability Litigation, Case 2:09-md-02047

Your Honor:

As the Court is aware, we represent Beijing New Building Materials PLC ("BNBMPLC") and Beijing New Building Materials (Group) ("BNBMG") (together "the BNBM entities"). Following the November 16 status conference, we have been unable to reach agreement with the PSC on a briefing schedule and hearing date for the BNBM entities' motions to dismiss for lack of personal jurisdiction (the "Personal Jurisdiction Motions"). We therefore ask that the Court enter an appropriate scheduling order so that the motions -- which were filed on October 22, 2015 and renewed the BNBM Entities' original jurisdictional motions filed in April, 2015 (Doc. 18841 and 18849) -- can be heard no later than mid-February on a date that is acceptable to the Court and mutually convenient for lead counsel for the parties.[1]

When filed in October, the Personal Jurisdiction Motions were submitted for hearing following the January 2016 status conference (almost three months after the filing date) to coincide with CNBM Group's already-scheduled motion to dismiss.[2] We also contacted the PSC to discuss a briefing schedule, but received no proposal in response other than a statement that they would seek additional time and that this issue would likely require Court resolution (leading us to raise it at the November 16 conference). On November 19, 2015, the PSC finally offered a schedule for the motions to be heard, but insisted that they be given until March 15, 2016 to answer the motions and suggested a reply date of March 29 with a proposed hearing date in April (a full 6 months after the motions were submitted to the Court, and approximately one year after the BNBM Entities filed their original jurisdiction motions). See November 19, 2015 email from Arnold Levin, attached hereto as Exhibit 1.[3]

---

[1] As the Court is aware, the BNBM entities first filed motions to dismiss for lack of personal jurisdiction in May 2015. Those motions were dismissed as premature in June, 2015, pending jurisdictional discovery requested by the PSC.
[2] The CNBM motions to dismiss, while factually distinct from the BNBM entities' Personal Jurisdiction Motions, present many of the same legal issues regarding personal jurisdiction. Accordingly, the CNBM motions and the BNBM motions should be heard at the same time.
[3] Notably, in addition to delaying the hearing on the motions by three months, the PSC's proposed briefing schedule provides it with over five months to respond to the BNBM entities' motions but provides the BNBM entities a mere two weeks to reply to what will undoubtedly be voluminous responses.

 The Honorable Eldon E. Fallon
November 23, 2015
Page 2

The PSC's leisurely approach to responding to the Personal Jurisdiction Motions is in sharp contrast to its normal insistence that every motion filed by plaintiffs be given expedited or emergency treatment. Indeed, since March of this year the BNBM entities have expended extraordinary effort and resources to meet the PSC's numerous emergency demands for expedited discovery and expedited responses to motions. Against that backdrop, we ask only that these important Personal Jurisdiction Motions be responded to and heard by the Court in a reasonably timely manner.

Jurisdictional fact discovery as to the BNBM Entities has been virtually complete since August 28, 2015. The BNBM entities have produced and translated nearly two-hundred fifty thousand pages of documents. Additionally, three BNBM entity Chinese resident witnesses appeared in New Orleans for multiple days of depositions. The PSC took a three day deposition of BNBMG's corporate representative and a four day deposition of BNBMPLC's corporate representative in July 2015. It also took a three day deposition of BNBMPLC's Chairman of the Board of Directors in August 2015. The PSC has also taken depositions of each of the five U.S. based companies that purchased drywall from BNBMPLC during the relevant time period. As set forth in the BNBM entities' Personal Jurisdiction Motions, the discovery has only confirmed the arguments the BNBM entities initially made in May 2015.

Accordingly, the BNBM entities re-urged their motions to dismiss for lack of personal jurisdiction in October. Despite the extensive discovery to date, the PSC now claims it should not have to respond to the motions to dismiss because: 1) it has not yet taken the deposition of a CNBM employee, Mr. Hu; 2) the PSC (at its own insistence) took the BNBM entities' depositions before other defendants had completed production of their documents; and 3) it needs to take the deposition of the BNBM entities' expert witnesses. As discussed below, none of these proffered reasons support delaying consideration of the BNBM entities' motions past February of 2016.

Mr. Hu, who is to be deposed on December 7, 2015, has never held any position with BNBMG and has not held any employment with BNBMPLC since 2004 (prior to any of the events giving rise to this litigation). The PSC has not identified any basis to assume that Mr. Hu has relevant information relating to the BNBM entities' motions.[4]

The PSC's argument that they should be allowed to "re-do" the BNBM entities depositions based on any alleged delay in the production of documents fares no better. With only minor exception, the BNBM entities substantially completed their document productions well *before* the depositions of their witnesses, and the PSC has admitted as much.[5] *See* Response to CNBM Group's Motion to Dismiss on FSIA Grounds (Doc. 19689) at 84-85. At the same time, the PSC insisted that the BNBM entities make their witnesses available on an expedited basis when the PSC was well aware that Taishan, CNBM and CNBM Group had *not* completed their document productions. The PSC could have waited for the completion of all parties' document productions before deposing the BNBM entities' witnesses, but it chose not to do so. Having made that strategic choice, the PSC cannot now demand that the BNBM entities' witnesses be brought back for further depositions because other parties had not completed their document productions the first time around: that was a circumstance of the PSC's own making.

Finally, the PSC insists it must take the depositions of the BNBM entities' experts, Professor Jeffrey Gordon and Bruce Deal. While the BNBM entities have been and are fully willing to make Professor Gordon and Mr. Deal available for deposition, there is no reasonable basis for the PSC to wait three

---

[4] Mr. Hu is a member of the BNBMPLC Board of Supervisors but, as noted above, the PSC has provided no basis to conclude that he would have any information relevant to the BNBM entities motions because of his service in that role.
[5] Because of a technical issue during the collection process, one BNBMG custodian's email was not properly uploaded onto the review platform. As soon as this issue was identified, counsel notified the PSC and ensured the documents were collected and produced.

 The Honorable Eldon E. Fallon
November 23, 2015
Page 3

months from the filing of the motions to take these depositions. Indeed, the PSC waited almost a month to even request the depositions. We recognize that the PSC, like the BNBM and CNBM entities, may want particular counsel to handle oral argument on these motions and that reasonable accommodations may be required in setting the date for the hearing, but the PSC has a large team fully capable of taking these depositions. Counsel for the BNBM entities are fully prepared to make both Professor Gordon and Mr. Deal available for deposition on dates earlier than those specified in the PSC's notices, to facilitate a hearing in January or early February.

Since entering this litigation in March, the BNBM entities have expended tremendous time, effort and resources to meet the Court's expectations and to respond to the PSC's discovery demands under extreme time pressures. The PSC's jurisdictional discovery has been extensive and thorough, and the additional time sought by the PSC is unwarranted. Accordingly, the BNBM entities now respectfully request that the Court enter an appropriate briefing schedule, with a hearing on the pending jurisdictional motions filed by both the BNBM entities and the CNBM entities to be held either at the time of the January status conference, or on any date between February 1 and February 19.

Sincerely,

/s/ Michael H. Barr

Michael H. Barr
Senior Partner US Region
Dentons US LLP New York Office

**From:** Debbie Murphy [mailto:DMurphy@lfsblaw.com]
**Sent:** Thursday, November 19, 2015 2:58 PM
**To:** cvejnoska@orrick.com; Barr, Michael H. (michael.barr@dentons.com); mike.moore@dentons.com; Stengel, James L. (jstengel@orrick.com); Harry Rosenberg (1219)
**Cc:** RHERMAN@hhklawfirm.com; Fred Longer; Sandy Duggan; Lenny Davis
**Subject:** FW: CDW

From Arnold Levin -

Dear Counsel:

In response to your proposal about a briefing schedule for the CNBM and BNBM Entities' motions to dismiss for lack of personal jurisdiction and lack of service, we note that there is substantial discovery that has not yet been accomplished and which is not addressed in your schedule. For example, the PSC is scheduled to take the deposition of HU Jinyu (General Manager of the Audit Department of CNBM Co., Ltd. and Supervisor of BNBM PLC) on December 7, 2015 (which is the same date that you jointly proposed that our brief be submitted). We have also noticed the depositions of BNBM's experts Messrs. Gordon and Deal for January 19 and 21, 2016. Further, in light of the parties' untimely document productions after the depositions of the defendants' corporate witnesses (*see* Opening Statement of the PSC at the November 17, 2015 Spoliation Hearing and the PSC's response to CNBM Group's FSIA Motion at Exhibits 102, 105, 106 & 107), the PSC has requested additional 30(b)(6) depositions of each of the Taishan/BNBM/CNBM defendants, whose dates have not yet been determined. In light of the open nature of this discovery, to suggest that our responses to all the defendants' motions to dismiss take place on December 7 is not reasonable, nor does it accommodate plaintiffs' needs. Accordingly, we would like to propose an alternative schedule, which addresses the above:

    \* Plaintiffs' responsive briefs to motions to dismiss    March 15, 2016

    \* Defendants' reply briefs to motions to dismiss    March 29, 2016

    \* Oral argument to coincide with the April status conference

Debbie Murphy
Levin, Fishbein, Sedran & Berman
Counsellors at Law and Proctors in Admiralty
510 Walnut Street - Suite 500
Philadelphia, PA 19106-3697
Tele: 215-592-1500 - Fax: 215-592-4663
www.lfsblaw.com

CONFIDENTIALITY NOTE: This e-mail message contains information belonging to the law firm of Levin, Fishbein, Sedran & Berman and may be privileged, confidential and/or protected from disclosure. The information is intended only for the use of the individual or entity named above. If you think that you have received this message in error, please e-mail the sender. If you are not the intended recipient, please delete the message and understand that any dissemination, distribution or copying is strictly prohibited.


EXHIBIT 1