# EXHIBIT B

# LEVIN, FISHBEIN, SEDRAN & BERMAN
*Counsellors at Law and Proctors in Admiralty*

ARNOLD LEVIN
MICHAEL D. FISHBEIN
HOWARD J. SEDRAN
LAURENCE S. BERMAN
FRED S. LONGER *
DANIEL C. LEVIN
CHARLES E. SCHAFFER
AUSTIN B. COHEN *
MICHAEL M. WEINKOWITZ * †
CHARLES C. SWEEDLER *
MATTHEW C. GAUGHAN * †
KEITH J. VERRIER *
BRIAN F. FOX

\* also admitted in New Jersey
† also admitted in New York

510 WALNUT STREET
SUITE 500
PHILADELPHIA, PA 19106-3697
www.lfsblaw.com

TELEPHONE (215) 592-1500
FACSIMILE (215) 592-4663

OF COUNSEL:
SANDRA L. DUGGAN

*VIA EMAIL*

November 24, 2015

The Honorable Eldon E. Fallon
United States District Court
Eastern District of Louisiana
500 Poydras Street, Room C-456
New Orleans, LA 70130

  **Re: *In re: Chinese-Manufactured Drywall Products
    Liability Litigation, MDL, No. 2047***

Dear Judge Fallon:

  This letter is written in response to Mr. Barr's letter of November 23, 2015, regarding the parties' ongoing efforts to address the Court's directive to meet and confer on a briefing and hearing schedule relating to the BNBM Entities' outstanding Rule 12 motions. At the November 16, 2015 Hearing, the Court directed the parties to attempt to reach an agreement on scheduling these open matters. In response to the Court's order, the parties exchanged emails setting forth their proposed schedules, and scheduled a conference call for later today, Tuesday, November 24, 2015 at 2:30 PM EST, to address whether any accommodations can be reached given our divergent positions. Although the PSC were of the impression that the meet and confer process is still continuing, we were surprised yesterday to receive Mr. Barr's letter. Compounding our surprise, after receiving Mr. Barr's letter to the Court, the BNBM Entities filed a motion to set a briefing schedule [Rec.Doc.No. 19784], largely duplicating the matters set forth in their correspondence. We will respond to the BNBM Entities' motion in due course, but submit this letter to immediately address the inaccuracies set forth in Mr. Barr's letter.

  To begin, the BNBM Entities alluded to discussions between the undersigned and BNBM's counsel regarding responses to defendants' Rule 12 motions that were disclosed at the November 16, 2015 meeting with the Court preceding the status conference. As a result of those disclosures the Court encouraged the parties to reach agreement on a hearing date, and work backwards to arrive at a briefing schedule. Following the status conference, on November 18, 2015, Plaintiffs sought to meet and confer with defense counsel to discuss coordinated responses to the outstanding Rule 12 motions given the burdens already imposed by the December 7 due date for Findings of Fact and

LEVIN, FISHBEIN, SEDRAN & BERMAN

The Honorable Eldon E. Fallon
United States District Court
Eastern District of Louisiana
November 24, 2015
Page two

---

Conclusions of Law relating to Taishan's Spoliation hearing and the need to prepare for the December 8 hearing on CNBM Group's Foreign Sovereign Immunity Act defense. In response, on November 19, 2015, counsel for the CNBM Entities proposed a schedule with a January 14, 2016 hearing date, which was joined by the BNBM Entities. *See* Emails of Michael Barr and Donna Currault dated November 19, 2015 [attached hereto as Exhibit 1]. Because plaintiffs have yet to complete the scheduled December 7, 2015 deposition of a HU Jinyu (the General Manager of the Audit Department of CNBM Co., Ltd. and Supervisor of BNBM PLC), and also had noticed the depositions of BNBM's experts on January 19 and 21, 2016, and were still seeking additional 30(b)(6) corporate witnesses of each of the Taishan/BNBM/CNBM defendants in light of the untimely document productions after the deposition of the defendants' corporate witnesses, the plaintiffs proposed a hearing on the matter consistent with the anticipated April 2016 status conference. This proposal was rejected by the CNBM Entities. *See* Email of Donna Currault dated November 19, 2016 [attached hereto as Exhibit 2]. To be sure there was no misunderstanding, the undersigned reiterated that without the additional discovery described above (some of which the BNBM Entities acknowledged should take place before briefing, *i.e.,* expert depositions), the plaintiffs would be deprived of due process. *See* Email of Arnold Levin dated November 20, 2015 [Exhibit 2]. Following this email exchange, the parties set about scheduling a conference call to determine whether the impasse could be resolved. That call is scheduled to occur later today. Remarkably, BNBM agreed that it was "appropriate" to hold this meet and confer, even after having already filed its motion to set a briefing schedule wherein BNBM verified that its counsel had already employed their "best efforts" to reach "an agreement with the PSC on this issue." Plainly, BNBM jumped the gun by filing its motion.

Beijing New Building Materials PLC (BNBM PLC) and Beijing New Building Materials (Group) (BNBM Group) recently filed renewed motions to dismiss for lack of personal jurisdiction (Rec. Doc. Nos. 19646 & 19664). Stating that virtually all of the factual arguments of BNBM PLC apply to it, BNBM Group adopted the record provided by BNBM PLC. This is entirely consistent with the Plaintiffs' position that these entities are part a single business enterprise. While Mr. Barr suggests that the BNBM Entities' facts are distinct from the CNBM Entities, he acknowledges that many of the legal issues are the same, and that the CNBM and BNBM motions should be heard at the same time. On this point, we concur. However, due to the difficulties the PSC has experienced with the defendants' notoriously delayed document and witness productions, we submit that the timing of our response to these dispositive motions should not be unnecessarily accelerated. The Court will recall that Taishan's initial motion to vacate default judgments against it [Rec. Doc. 5436], while filed on September 3, 2010, was not responded to by the PSC until 20 months later, on May 8, 2012 [Rec. Doc. No. 14202], due to the need to take appropriate discovery of the recalcitrant defendant. The defaulted CNBM and BNBM defendants, now that they have finally appeared, contend that our demands to complete discovery of them within one-third of the time needed to complete Taishan's

LEVIN, FISHBEIN, SEDRAN & BERMAN

The Honorable Eldon E. Fallon
United States District Court
Eastern District of Louisiana
November 24, 2015
Page three

---

discovery is too leisurely a pace. Obviously, given the importance of the matters in dispute, we disagree with their assessment, and deny that the Defendants will suffer any prejudice by permitting the Plaintiffs long-denied discovery.

The BNBM defendants contend that their motions should be addressed in mid-February, which is only 6 to 8 weeks before Plaintiffs' proposed April 2016 hearing date. The CNBM Defendants want their motion heard at the January 2016 Status Conference. The Court will recall that the January hearing date was scheduled prior to the late document productions of CNBM and Taishan (over 380,000 pages), prior to BNBM's renewed motions being filed, and prior to BNBM's suggestion that the motions should be held together. Scheduling the hearing on all the motions in April will not cause any prejudice to the defendants. Yet, plaintiffs will suffer significant prejudice if required to address the defendants' motions early and unprepared. BNBM recognizes that the PSC is entitled to depose its experts prior to briefing the matters they report. Yet, they afford the plaintiffs no time in which to undertake the already scheduled depositions, and blithely state that other counsel than those intending to take the deposition should be substituted. Neither the CNBM or BNBM entities willingly address that the CNBM defendants waited until after their corporate designees were deposed to produce over 95% of their documents! The same holds true for BNBM Group which produced 43% of its documents after the deposition of its corporate witness. Fairness suggests that the plaintiffs should be entitled to present this late-produced evidence to an appropriate witness. This is especially the case, when the documents withheld for so long are so damaging to the defense. For example, confirming this Court's finding that "Taishan, TTP, BNBM, BNBM Group, CNBM and CNBM constitute a single business enterprise," *In re Chinese Manufactured Drywall Prod. Liab. Litig.*, 2014 WL 4809520, *9 (E.D. La. Sept. 26, 2014), is the recently produced "Informational Report on the Class Actions Brought by the U.S. Parties Against Taishan Gypsum Company Limited." *See* Exhibit 118 [attached hereto as Exhibit 3]. This long-concealed document created by Taishan on May 11, 2009, demonstrates the absolute control the CNBM Entities held over Taishan, even to the point of dictating that Taishan should withhold relevant information and only "when necessary" mail "the evidence that is beneficial to Taishan Gypsum to the U.S. Court." *Id.* at TG-02084h30. The document also acknowledges the substantial shipments of drywall made by Taishan to the United States, which admission, had this document been timely produced back in 2010, could have avoided the need for the PSC to prove at great expense the information set forth therein, and likely would not have necessitated this Court's trip to Hong Kong to oversee the contentious depositions at which the Taishan witnesses basically denied the facts asserted in the Report. The intentional deplorable document production has caused plaintiffs substantial out-of-pocket costs and attorneys' fees.

Because the Defendants' document productions have been so profoundly delayed, Plaintiffs' discovery of the defendants has been equally effected. By necessity, Plaintiffs submit these delays caused by the defendants require a corresponding extension of the time for plaintiffs to respond to the defendants' jurisdictional motions. Providing plaintiffs the ability to complete discovery in time for

LEVIN, FISHBEIN, SEDRAN & BERMAN

The Honorable Eldon E. Fallon
United States District Court
Eastern District of Louisiana
November 24, 2015
Page four

a March 15, 2016 deadline for Plaintiffs to brief their responses to the various motions, while still allowing two full weeks for defendants to submit reply briefs is justified under the circumstances.

Plaintiffs have prosecuted this litigation for over 6 years with great fervor and effort. These efforts should not be short-circuited merely because the defaulted defendants clamor for a rushed judgment on jurisdiction and the alter ego relationships among the various parent entities of the manufacturer of the defective drywall, in a case involving hundreds of thousands of documents produced in Chinese with machine translations. Rather than working with the PSC to arrive at a reasonable schedule for briefing, BNBM hastily wrote a letter to the Court and filed a motion on this issue, when in fact we have a call scheduled for today with counsel for CNBM and BNBM to negotiate a reasonable briefing schedule. Plaintiffs submit that our schedule which provides briefing to be concluded in March, and a hearing at the April 2016 status conference is fair and reasonable, and should be adopted. A delay in months pales in comparison to the delay in years these defendants have caused.

Respectfully,

ARNOLD LEVIN
RUSS H. HERMAN

dcm

Attachments

cc:     Bernard Taylor, Esquire (via email)
        Christina Hull Eikhoff, Esquire (via email)
        Michael P. Kenny, Esquire (via email)
        Michael H. Barr, Esquire
        Harry Rosenberg, Esquire
        C. Michael Moore, Esquire
        Donna Currault, Esquire
        Christopher Vejnoska, Esquire
        James L. Stengel, Esquire

# EXHIBIT 1

## Debbie Murphy

| | |
|---|---|
| **From:** | Barr, Michael H. <michael.barr@dentons.com> |
| **Sent:** | Thursday, November 19, 2015 12:21 PM |
| **To:** | Donna Currault; 'RHERMAN@hhklawfirm.com'; Arnold Levin; Debbie Murphy; jromano@hhklawfirm.com |
| **Cc:** | Vejnoska, Christopher; Stengel, James L.; Tim Eagan; Moore, C. Michael; Davidson, Andrew K.; CAllely@perkinscoie.com; DBlack@perkinscoie.com; Fenton, Richard L.; Barr, Michael H. |
| **Subject:** | Re: CDW |
| **Attachments:** | image001.jpg |

BNBM PLC and BNBM Group join this proposal with respect to the briefing and argument schedule for their pending motions to dismiss.

From: Donna Currault <dcurrault@gordonarata.com<mailto:dcurrault@gordonarata.com>>
Date: Thursday, November 19, 2015 at 12:12 PM
To: "rherman@hhklawfirm.com<mailto:rherman@hhklawfirm.com>"
<rherman@hhklawfirm.com<mailto:rherman@hhklawfirm.com>>, Arnold Levin
<ALevin@lfsblaw.com<mailto:ALevin@lfsblaw.com>>, Debbie Murphy
<DMurphy@lfsblaw.com<mailto:DMurphy@lfsblaw.com>>,
"jromano@hhklawfirm.com<mailto:jromano@hhklawfirm.com>"
<jromano@hhklawfirm.com<mailto:jromano@hhklawfirm.com>>
Cc: Christopher Vejnoska <cvejnoska@orrick.com<mailto:cvejnoska@orrick.com>>, James Stengel
<jstengel@orrick.com<mailto:jstengel@orrick.com>>, Ewell Eagan
<eeagan@gordonarata.com<mailto:eeagan@gordonarata.com>>, Michael Barr
<michael.barr@dentons.com<mailto:michael.barr@dentons.com>>, "Moore, C. Michael"
<c.michael.moore@dentons.com<mailto:c.michael.moore@dentons.com>>, Andrew Davidson
<adavidson@orrick.com<mailto:adavidson@orrick.com>>,
"CAllely@perkinscoie.com<mailto:CAllely@perkinscoie.com>"
<CAllely@perkinscoie.com<mailto:CAllely@perkinscoie.com>>,
"DBlack@perkinscoie.com<mailto:DBlack@perkinscoie.com>"
<DBlack@perkinscoie.com<mailto:DBlack@perkinscoie.com>>
Subject: RE: CDW

Further to your email below and in accordance with the Court's September 28, 2015 Order  (Rec. 19549) setting CNBM's Motion to Dismiss filed June 22, 2015 , as amended (Recs. 19179 & 19527), for hearing after the  January status conference, we propose the following schedule:

| | |
|---|---|
| PSC Opposition – | December 7, 2015 |
| CNBM Reply – | January 8, 2016 |
| Status Conference – | January 14, 2016 |
| Hearing – | January 14, 2016 |

Let me know if this briefing schedule is agreeable, and if so, we can prepare a consent motion with these dates.   dpc
---------------------------------------------
Donna Phillips Currault
Gordon, Arata, McCollam
   Duplantis & Eagan, LLC
201 St. Charles Ave.  40th Floor

1

New Orleans, Louisiana 70170-4000
Direct: (504) 569-1862

[GAMDE_LLC]
---------------------------------------------------
Confidentiality Notice: The information contained in this email is protected under the Electronic Communications Privacy Act, 18 U.S.C. 2510, et seq., and this email (any any attachments) may also constitute an attorney-client communication or work product that is legally privileged, confidential and/or otherwise exempt from disclosure and is intended only for the recipient named above. It is not intended for transmission to, or receipt by, any unauthorized persons. If you are not an intended recipient, you are hereby notified that any dissemination, distribution or copying of this email is strictly prohibited. If you have received this email in error, please notify the sender and permanently delete the email and any attachments immediately. You should not retain, copy or use this email or any attachment for any purpose, nor disclose all or any part of the contents to any other person.

IRS Circular 230 Disclosure: As required by U.S. Treasury Regulations, we advise you that any tax advice contained in this communication (including any attachments) is not intended to be used, and cannot be used, for the purpose of avoiding penalties under the Internal Revenue Code.

Begin forwarded message:
From: Debbie Murphy <DMurphy@lfsblaw.com<mailto:DMurphy@lfsblaw.com>>
Date: November 18, 2015, 10:44:43 AM EST
To: "cvejnoska@orrick.com<mailto:cvejnoska@orrick.com>" <cvejnoska@orrick.com<mailto:cvejnoska@orrick.com>>,
"Barr, Michael H. (michael.barr@dentons.com<mailto:michael.barr@dentons.com>)"
<michael.barr@dentons.com<mailto:michael.barr@dentons.com>>, "Moore, C. Michael"
<c.michael.moore@dentons.com<mailto:c.michael.moore@dentons.com>>, "Stengel, James L.
(jstengel@orrick.com<mailto:jstengel@orrick.com>)" <jstengel@orrick.com<mailto:jstengel@orrick.com>>
Cc: "RHERMAN@hhklawfirm.com<mailto:RHERMAN@hhklawfirm.com>"
<RHERMAN@hhklawfirm.com<mailto:RHERMAN@hhklawfirm.com>>, Joyce Romano
<JROMANO@hhklawfirm.com<mailto:JROMANO@hhklawfirm.com>>
Subject: CDW
FROM ARNOLD LEVIN:

      Gentlemen when can we meet prior to Thanksgiving to discuss timing for response to the outstanding Rule 12 motions?

Arnold

Debbie Murphy
Levin, Fishbein, Sedran & Berman
Counsellors at Law and Proctors in Admiralty
510 Walnut Street - Suite 500
Philadelphia, PA 19106-3697
Tele: 215-592-1500 - Fax: 215-592-4663
www.lfsblaw.com<http://www.lfsblaw.com>

CONFIDENTIALITY NOTE: This e-mail message contains information belonging to the law firm of Levin, Fishbein, Sedran & Berman and may be privileged, confidential and/or protected from disclosure. The information is intended only for the use of the individual or entity named above. If you think that you have received this message in error, please e-mail the sender. If you are not the intended recipient, please delete the message and understand that any dissemination, distribution or copying is strictly prohibited.

NOTICE TO RECIPIENT | This e-mail is meant for only the intended recipient of the transmission, and may be a communication privileged by law. If you received this e-mail in error, any review, use, dissemination, distribution, or copying of this e-mail is strictly prohibited. Please notify us immediately of the error by return e-mail and please delete this message from your system. Thank you in advance for your cooperation.

For more information about Orrick, please visit http://www.orrick.com<http://www.orrick.com/>.

# EXHIBIT 2

**Debbie Murphy**

| | |
|---|---|
| **From:** | Harry Rosenberg (1219) <Harry.Rosenberg@phelps.com> |
| **Sent:** | Monday, November 23, 2015 1:49 PM |
| **To:** | 'Vejnoska, Christopher'; Arnold Levin |
| **Cc:** | Donna Currault; Sandy Duggan; Stengel, James L.; Tim Eagan; RHERMAN@hhklawfirm.com; Lenny Davis; Fred Longer; Barr, Michael H.; C. Michael Moore (mike.moore@dentons.com); Fenton, Richard L. (richard.fenton@dentons.com); Nickel, Matt (matt.nickel@dentons.com); drew.marrocco@dentons.com |
| **Subject:** | RE: CDW |

## Arnie and Chris-
## BNBM is available to participate in the conference call scheduled for November 24th at 2:30 et and to discuss a hearing date for BNBM's pending motions as appropriate. Please advise if one of you will circulate a call-in number. Regards.
## harry

Harry Rosenberg
Phelps Dunbar LLP
365 Canal Street,Suite 2000
New Orleans, LA. 70130
Office (504)584-9219
Fax (504)568-9130
Cell (504)250-7908
Email:Harry.Rosenberg@phelps.com

PHELPS DUNBAR
LLP
Louisiana | Mississippi | Florida
Texas | Alabama | North Carolina | London

CONFIDENTIALITY DISCLAIMER - This e-mail message, including any attachments, are private communication sent by a law firm, Phelps Dunbar LLP, and may contain confidential, legally privileged information meant solely for the intended recipient. If you are not the intended recipient, you are hereby notified that any use, dissemination, distribution or copying of this communication is strictly

1

**prohibited. Please notify the sender immediately by replying to this message, then delete the e-mail and any attachments from your system. Thank you.**

---

**From:** Vejnoska, Christopher [mailto:cvejnoska@orrick.com]
**Sent:** Monday, November 23, 2015 12:10 PM
**To:** Arnold Levin
**Cc:** Donna Currault; Sandy Duggan; Stengel, James L.; Tim Eagan; RHERMAN@hhklawfirm.com; Lenny Davis; Fred Longer; Barr, Michael H.; C. Michael Moore (mike.moore@dentons.com); Harry Rosenberg (1219)
**Subject:** Re: CDW

Our motion stands on its own, and we will discuss it separately -- but we are happy to have BNBM join us.

On Nov 23, 2015, at 10:25 AM, Arnold Levin <ALevin@lfsblaw.com> wrote:

> From Arnold Levin –
>
> Thank you for your recent email scheduling a conference call for Tomorrow at 2:30 p.m. (Eastern).
>
> I note that you have not included BNBM and BNBM Group's counsel.  Under the circumstances, I have invited them to join us.
>
>
>
> Debbie Murphy
> Levin, Fishbein, Sedran & Berman
> Counsellors at Law and Proctors in Admiralty
> 510 Walnut Street - Suite 500
> Philadelphia, PA 19106-3697
> Tele: 215-592-1500 - Fax: 215-592-4663
> www.lfsblaw.com
>
> CONFIDENTIALITY NOTE: This e-mail message contains information belonging to the law firm of Levin, Fishbein, Sedran & Berman and may be privileged, confidential and/or protected from disclosure. The information is intended only for the use of the individual or entity named above. If you think that you have received this message in error, please e-mail the sender. If you are not the intended recipient, please delete the message and understand that any dissemination, distribution or copying is strictly prohibited.

---

**From:** Donna Currault [mailto:DCurrault@gordonarata.com]
**Sent:** Monday, November 23, 2015 12:10 PM
**To:** Sandy Duggan <sduggan@lfsblaw.com>; Stengel, James L. (jstengel@orrick.com) <jstengel@orrick.com>; Vejnoska, Christopher (cvejnoska@orrick.com) <cvejnoska@orrick.com>; Tim Eagan <EEagan@gordonarata.com>
**Cc:** Arnold Levin <ALevin@lfsblaw.com>; RHERMAN@hhklawfirm.com; Lenny Davis <ldavis@hhklawfirm.com>; Fred Longer <FLonger@lfsblaw.com>
**Subject:** RE: CDW

This will confirm our call for tomorrow, Tuesday, November 24 at 1:30 pm Central.  Please use the following dial-in for the call:

Dial in:  (866) 813-9720
Code:  2626164

2

As you know, the Court set the hearing for CNBM's motion to dismiss on September 28, 2015, without a date certain, prior to the late productions of more than 380,000 pages by Taishan Gypsum in October, 2015, prior to the filing of amended motions to dismiss for lack of personal jurisdiction and lack of service by BNBM and BNBM Group [Rec. Doc. Nos. 19631 & 19664], which include affidavits from two experts, and prior to the BNBM Entities' recent request that their amended motions to dismiss be heard at the same time as the CNBM motion.  Given these new developments, the date for the hearing on CNBM's motion to dismiss must be pushed back.  Otherwise, the Plaintiffs would be deprived of their due process.

Importantly, the untimely document productions of Taishan occurred without justification after the 30(b)(6) depositions of Taishan and after the 30(b)(6) depositions of the CNBM and BNBM Entities, to the prejudice of the Plaintiffs.  In addition, both CNBM Group and CNBM produced more than 95% of their documents after the depositions of their respective corporate witnesses, again to the prejudice of the Plaintiffs.  Similarly, BNBM Group produced 43% of its documents after its corporate deposition.  As a result of this, the PSC has requested supplemental 30(b)(6) depositions of all of the Defendants, which cannot be accomplished within the timeframe you suggest (i.e., before December 7th).  Moreover, BNBM has acknowledged the PSC's desire and need to depose the two experts whose affidavits BNBM has utilized in support of its motion to dismiss.  These depositions have already been noticed for January 19 and 21, 2016 in New York and California.

Given our impasse on appropriate dates for briefing on your motions to dismiss, we will need to ask that the Court set a reasonable schedule for briefing and reset the hearing on the motions after all briefing has been completed.

Debbie Murphy
Levin, Fishbein, Sedran & Berman
Counsellors at Law and Proctors in Admiralty
510 Walnut Street - Suite 500
Philadelphia, PA 19106-3697
Tele: 215-592-1500 - Fax: 215-592-4663
www.lfsblaw.com

CONFIDENTIALITY NOTE: This e-mail message contains information belonging to the law firm of Levin, Fishbein, Sedran & Berman and may be privileged, confidential and/or protected from disclosure. The information is intended only for the use of the individual or entity named above. If you think that you have received this message in error, please e-mail the sender. If you are not the intended recipient, please delete the message and understand that any dissemination, distribution or copying is strictly prohibited.

**From:** Donna Currault [mailto:DCurrault@gordonarata.com]
**Sent:** Thursday, November 19, 2015 7:16 PM
**To:** Arnold Levin <ALevin@lfsblaw.com>; Debbie Murphy <DMurphy@lfsblaw.com>;
'RHERMAN@hhklawfirm.com' <RHERMAN@hhklawfirm.com>
**Cc:** Vejnoska, Christopher <cvejnoska@orrick.com>; Barr, Michael H.
<michael.barr@dentons.com>; C. Michael Moore (mike.moore@dentons.com)
<mike.moore@dentons.com>; Stengel, James L. <jstengel@orrick.com>; Harry
Rosenberg (1219) <Harry.Rosenberg@phelps.com>; Tim Eagan
<EEagan@gordonarata.com>
**Subject:** CDW

We cannot agree to a briefing schedule that contemplates briefs due in March for a
hearing that is already set for January. (See Rec. 19549.)  If you do not agree with the
dates we have proposed, please forward an alternate proposed briefing schedule
consistent with the January hearing date.
--------------------------------------------
Donna Phillips Currault
Gordon, Arata, McCollam
   Duplantis & Eagan, LLC
201 St. Charles Ave.  40th Floor
New Orleans, Louisiana 70170-4000
Direct: (504) 569-1862



--------------------------------------------------
Confidentiality Notice: The information contained in this email is protected under the
Electronic Communications Privacy Act, 18 U.S.C. 2510, et seq., and this email (any any
attachments) may also constitute an attorney-client communication or work product
that is legally privileged, confidential and/or otherwise exempt from disclosure and is
intended only for the recipient named above. It is not intended for transmission to, or
receipt by, any unauthorized persons.  If you are not an intended recipient, you are
hereby notified that any dissemination, distribution or copying of this email is strictly
prohibited. If you have received this email in error, please notify the sender and
permanently delete the email and any attachments immediately. You should not retain,
copy or use this email or any attachment for any purpose, nor disclose all or any part of
the contents to any other person.

IRS Circular 230 Disclosure: As required by U.S. Treasury Regulations, we advise you that
any tax advice contained in this communication (including any attachments) is not
intended to be used, and cannot be used, for the purpose of avoiding penalties under
the Internal Revenue Code.

--------------------------------------------------
**From:** Debbie Murphy [mailto:DMurphy@lfsblaw.com]
**Sent:** Thursday, November 19, 2015 3:58 PM
**To:** Vejnoska, Christopher; Barr, Michael H. (michael.barr@dentons.com);
mike.moore@dentons.com; Stengel, James L.; harry.rosenberg@phelps.com
**Cc:** RHERMAN@hhklawfirm.com; Fred Longer; Sandy Duggan; Lenny Davis
**Subject:** FW: CDW

From Arnold Levin -

Dear Counsel:

In response to your proposal about a briefing schedule for the CNBM and BNBM
Entities' motions to dismiss for lack of personal jurisdiction and lack of service,
we note that there is substantial discovery that has not yet been accomplished and
which is not addressed in your schedule.  For example, the PSC is scheduled to
take the deposition of HU Jinyu (General Manager of the Audit Department of
CNBM Co., Ltd. and Supervisor of BNBM PLC) on December 7, 2015 (which is
the same date that you jointly proposed that our brief be submitted).  We have
also noticed the depositions of BNBM's experts Messrs. Gordon and Deal for
January 19 and 21, 2016.  Further, in light of the parties' untimely document
productions after the depositions of the defendants' corporate witnesses (*see*
Opening Statement of the PSC at the November 17, 2015 Spoliation Hearing and
the PSC's response to CNBM Group's FSIA Motion at Exhibits 102, 105, 106 &
107), the PSC has requested additional 30(b)(6) depositions of each of the
Taishan/BNBM/CNBM defendants, whose dates have not yet been
determined.  In light of the open nature of this discovery, to suggest that our
responses to all the defendants' motions to dismiss take place on December 7 is
not reasonable, nor does it accommodate plaintiffs' needs.  Accordingly, we
would like to propose an alternative schedule, which addresses the above:

> \* Plaintiffs' responsive briefs to motions to
dismiss        March 15, 2016

> \* Defendants' reply briefs to motions to
> dismiss
> March
> 29, 2016

> \* Oral argument to coincide with the April status
conference


Debbie Murphy
Levin, Fishbein, Sedran & Berman
Counsellors at Law and Proctors in Admiralty
510 Walnut Street - Suite 500
Philadelphia, PA 19106-3697
Tele: 215-592-1500 - Fax: 215-592-4663
www.lfsblaw.com

CONFIDENTIALITY NOTE: This e-mail message contains information belonging to the
law firm of Levin, Fishbein, Sedran & Berman and may be privileged, confidential and/or
protected from disclosure. The information is intended only for the use of the individual or
entity named above. If you think that you have received this message in error, please e-
mail the sender. If you are not the intended recipient, please delete the message and
understand that any dissemination, distribution or copying is strictly prohibited.

**NOTICE TO RECIPIENT |** This e-mail is meant for only the intended recipient of the transmission, and may be a communication privileged received this e-mail in error, any review, use, dissemination, distribution, or copying of this e-mail is strictly prohibited. Please notify us imm the error by return e-mail and please delete this message from your system. Thank you in advance for your cooperation.

For more information about Orrick, please visit *http://www.orrick.com.*

**NOTICE TO RECIPIENT |** This e-mail is meant for only the intended recipient of the transmission, and may be a communication privileged by law. If you received this e-mail in error, any review, use, dissemination, distribution, or copying of this e-mail is strictly prohibited. Please notify us immediately of the error by return e-mail and please delete this message from your system. Thank you in advance for your cooperation.

For more information about Orrick, please visit *http://www.orrick.com.*

# EXHIBIT 3

<u>Translation of TG-0208428-0208430</u>

<u>TG-0208428</u>

**Informational Report on the Class Actions Brought by the U.S. Parties Against Taishan Gypsum Company Limited**

Respectful Chief Song, Chief Cao:

On the class action on quality defects of gypsum boards brought by the Mitchell Company in the U.S. and the individuals in the states of Florida, Mississippi, Louisiana, Alabama, Georgia, and Texas (abbreviated as the U.S. plaintiffs), Taishan Gypsum Company Limited (abbreviated as Taishan Company) received the civil action subpoenas and complaints from the U.S. federal district court in the Northern District of Florida on May 8, 2009. A written report on the facts of the case and the relevant information are hereby submitted to each leader so that the leaders can understand the facts of the case and give relevant instructions.

I. Brief Introduction of the Case Facts

On March 6, 2009, the U.S, plaintiffs brought lawsuits against the German Knauf Group, Knauf Plasterboard (Tianjin) Co., Ltd., Taishan Company, Interior Exterior Building Supply L.P. (U.S. Company), Rightway Drywall Co., Ltd. (U.S. Company). The factual allegations and grounds of complaints by the U.S. plaintiffs are summarized as follows: 1) the U.S. plaintiffs purchased and used the gypsum boards sold by Interior Exterior Building Supply L.P. and Rightway Drywall Co., Ltd., and the gypsum boards distributed by the two companies came from Knauf and Taishan Company; 2) The quality defects of the gypsum boards were mainly seen in: A. a very high level of sulfur used in the gypsum boards makes them unfit for its intended purpose; B. the chemical reactions between the gypsum boards and metal caused other metals to corrode; C. the cause of the problems related to the heater, ventilation, and air conditioning systems found in some households in the states of Alabama and Florida were related to the use of gypsum boards; 3) the scope of compensation demanded by the U.S. plaintiffs are: A. fixing or replacing the affected houses; B. other economic losses incurred by the U.S. plaintiffs as a result of fixing or replacing the houses; C. the unlawful gains or profits made by

**11/17/2015 Hearing PSC Exhibit 118**

the Defendants from selling the gypsum boards shall be owned to the U.S. plaintiffs; D. the attorney's fees for the U.S. plaintiffs, etc. Analyzed from the scope of jurisdiction of the court that accepted the case, the amount of damages claimed by the U.S. plaintiffs should gravely surpass 5 million U.S. dollars in this case.

II. The Information on the Gypsum Boards Exported to the U.S. by Taishan Company

From 2005 to 2008, Taishan Company exported a total of 6656748.44 square meters of gypsum boards to the U.S., among them,

**TG-0208429**

822037.37 square meters of gypsum boards were directly exported to the U.S. under the name of Shandong Taihe Dongxin Company Limited (Taishan Gypsum Company Limited); 5834711.07 square meters of gypsum boards were exported under the name of Tai'an Taishan Plasterboard Company Limited through domestic import and export companies.

Categorized by dates, 446520.0 square meters were exported to the U.S. in 2005, 5952556.63 square meters were exported in 2006, 240763.584 square meters were exported in 2007, 16908.224 square meters were exported in 2008. Later on, under the influence of various factors such as the plunging price of U.S. building materials, the appreciation of Renminbi, the increase in ocean shipping cost, and the increase in domestic manufacturing costs, the export of gypsum boards faced increasing number of restrictions, and the volume of export business fell by a large margin, after August 2007, the orders for exporting gypsum boards to the U.S. almost completely halted.

When exporting gypsum boards to the U.S., the customers mainly ordered the goods through field inspection, ordering by samples, and field supervision. When signing contracts, the quality requirements for the gypsum boards mainly included the requirements on weight, size, and packaging. Our company strictly

followed the demands of the customers and the requirements in the contracts when producing, delivering, and shipping the gypsum boards. During actual business operation, all gypsum boards exported to the U.S. followed the demands of the customers in conducting either neutral packaging labeling or labeling the company name and brand of the customer's own company, neither the "Taishan" brand nor the company's name was indicated.

During the course of business and in the after-sales follow-ups, we have never received any quality objections or bad feedbacks from the customers. The customers stated that they had to stop the gypsum board import business due to the influence of various market factors such as demand and price.

III. The Deeper-Level Background and Cause of the U.S. Plaintiffs' Action

To summarize the relevant articles and comments on the various websites, the basic opinion is: during the 4 years of sharp real estate price increase and after the 2005 Hurricane Katrina disaster, the U.S. imported about 227 million tons of gypsum boards from China. With regard to the gypsum boards' quality defect, why was it not raised sooner or later, but a flourish of propaganda came out right after the eruption of the U.S. economic crisis, when the real estate market was plunging, what is the intention? I'm afraid this is the background and cause for blaming the quality of Chinese gypsum boards.

IV. The Measures and Reasons Adopted by Taishan Company to Prepare for the Lawsuit

After analysis, Taishan Company believes that this lawsuit is relatively complicated, and it plans not to respond, but when necessary, it will provide documents that are beneficial to Taishan Company to the court that accepted the case, the reasons are as follows: 1)

**TG-0208430**

The authoritative testing and inspection agencies in our country did not detect any quality defect pointed out in the written complaint of the U.S. plaintiffs about the gypsum boards exported to the U.S.; 2) the gypsum boards produced by Taishan

Company does not have any quality defect, and they were all produced according to the standards prescribed by the U.S. customers, and since the date of delivery till now no quality complaints by the relevant customers was ever received; 3) responding to the lawsuit would incur a large amount of attorney's fees and traveling fees; 4) the most important reason is that there is no judicial treaty signed between China and the U.S. on mutual recognition and enforcement of court judgements, and Taishan Company does not have assets within the continental U.S., even if the lawsuit was lost, the U.S. court cannot enforce Taishan's assets in China. 5) Taishan Company noticed that this time the quality of the gypsum boards did not involve personal injury like the skin rashes, nose bleeds, diseases of the respiratory system, etc. as reported before.

Summarizing the reasons above, Taishan Company is inclined not to respond to the lawsuit, but when necessary it will adopt methods such as mailing the evidence that is beneficial to Taishan Company to the U.S. court and having the government departments interfere, so as to eliminate and reduce some negative impact.

Please instruct and approve whether the information above is appropriate.

Regards,

Taishan Gypsum Company Limited

May 11, 2009

Mentioned the situation report of group lawsuit to Taishan gypsum and other companies about US

Respect Song Zong, Cao Zong:
Individuals in American Mitcher Corporation and Florida, Mississippi, Louisiana, Alabama, Georgia and Texas (i.e. American plaintiffs) because of the group charge that the gypsum board quality flaw filed, the Taishan gypsum joint-stock company (i.e. Taishan Corporation) received the civil action subpoena and petition of American federation court of appeal Florida north district delivery in May 8, 2009. Presently makes case's case and form to fellow leaders written report, so that fellow leaders find out case, and gives the related instruction.

Case synopsis

On March 6, 2009, the American plaintiffs may bear the lucky group, to be possible to bear the lucky gypsum board to Germany (Tianjin) joint-stock company, Taishan Corporation and building inside and outside finishing material supply limited partnership companies (American Corporation), to come Turvey to do the wall plate limited company (American Corporation) to file the charge. The American plaintiffs proposed that the lawsuit fact and reason summary are: (The American plaintiffs have purchased and have used inside and outside the building the finishing material supply limited partnership company and come Turvey to do the gypsum board that the wall plate company sells on commission, but the gypsum board that two companies sell on commission from may bear the lucky and Taishan Corporation; The quality flaw that (gypsum board has mainly displays in: Material sulfur content that A and gypsum board use is very high, not suitable anticipated use; B, gypsum board and metal has the chemical reaction, causes other metal corrosions; C, has the problem and use gypsum board in Alabama and Florida certain houses' warm air well ventilated air-conditioning systems related; (The American plaintiffs scope that requests to compensate mainly have: The A repair or the replacement come under the influence the house; Other economic losses that the B American plaintiffs suffer because of repair replacement house; The C defendant sells the gypsum board illegal gains or profit belongs to the American plaintiffs; The attorney expense of D American plaintiff and so on. According to accepting the jurisdiction scope situation in case court analyzes, the compensation request amount of above-mentioned plan American plaintiff should be higher than 5 million US dollars by far.
Second, Taishan Corporation exports the American gypsum board the situation.
2005 - 2008 Taishan Corporation exports the American gypsum board total 6656748.44 square meters, takes the Shandong Taihe Dongxin limited liability company (Taishan gypsum limited liability company) name direct export the American quantity as 822037.37 square meters; Exports 5834711.07 square meters through the domestic import-export company by Tai'an Taishan paper surface gypsum board limited company name.

Divided in 2005 to export the American 446520.0 square meters according to the date, in 2006 exported 5952556.63 square meters, in 2007 exports 240763.584 square meters, in 2008 will export 16908.224 square meters. Latter was declined, Renminbi revaluation by the American building materials price and marine transportation cost enhancement and home manufacture cost enhancement and other factor influences, the restriction that the gypsum board export receives are also getting more and more, the export business volume descends largely, after August, 2007, exports US's gypsum board order form almost to stop completely.

When exporting the American gypsum board, customer mainly takes the scene to inspect and look at a sample the order and inspector general as the main order way. When signs the contract the quality requirement to gypsum board mainly includes to the weight, size and packing makes the request, our company strict produces and ships out the gypsum board according to the customer request and contract provision. In the real business, all exports US's gypsum board to press the customer to request to carry on the neutral packing indication perhaps labelling customer own corporate name and brand, has not labelled "Taishan" brand or corporate name.

When the service carries on the process and post-sale track, we have not received customer any quality objection and bad feedback. The customers said can only stop the gypsum board import business by the demand, price and other market factor influences.

American plaintiff lawsuit deep level background and reason.
Synthesizes threads and commentaries in various big websites, the basic viewpoint thinks: 4 year and in 2005 that US

rises after the floor rate Katrina hurricane wind-caused disaster, imported about 227 million tons gypsum board from China. Regarding the gypsum board quality flaw, why early did not say that late did not say, erupts after the American economic crisis, the real estate being at a low ebb time carries on hypes wantonly, is what mind. Perhaps this is accuses Chinese gypsum board quality the background and reason.

Taishan Corporation to the case the measure and reason that prepares to take.

Taishan Corporation after analysis thinks that this case is quite complex, planned does not answer a charge, when necessity was sued the court to provide to the US to the Taishan Corporation advantageous material, the reason is as follows: (The authorities in our country examine the authorities in organization and US examine the department not to examine to export US's gypsum board to have the quality flaw that in the American plaintiff petition pointed out; The gypsum board that (Taishan Corporation produces does not have the quality flaw, and presses the standard production that the American customers provide, has not received the quality suit of related customer from the date of delivery; (Answers a charge must pay large amount attorney and business travel expense; (4) the most essential reason lies between China and US does not have the sign to acknowledge, the judicial agreement of execution court decision mutually, and Taishan Corporation does not have the property in the US territory, even if really lost the lawsuit, American Court is unable to carry out Taishan Corporation in China's property. (5) Taishan Corporation notes this gypsum board quality not to involve to the harm of person, like before the creation person who reported presents the skin rash, the class nosebleed and respiratory disorder and so on.
Synthesizes the above reason, Taishan Corporation favors the procedure that does not answer a charge, when necessity should accept to the American Court sending helps Taishan Corporation's evidence and through authority negotiation and other procedures, eliminates and reduces some negative influences.
The above situation does not know to work as otherwise, please do make written comments.

I herewith offer Taishan gypsum limited liability company

On May 11, 2009 PAGE

--- Summary Information ---
1: 1200 PID_TITLE: Filed the group charge the situation to report PID_SUBJECT to Taishan gypsum and other companies about US:
PID_AUTHOR: aa PID_KEYWORDS:
PID_COMMENTS:
PID_TEMPLATE: Normal.wpt PID_LASTAUTHOR:
PID_REVNUMBER:
PID_EDITTIME: Sat Dec 30 08:00: 00 CST 1899 PID_CREATE_DTM: Mon May 11 16:51: 47 CST 2009
PID_LASTSAVE_DTM: Sat Dec 30 08:00: 00 CST 1899 PID_LASTPRINTED: Sat Dec 30 08:00: 00 CST 1899
PID_PAGECOUNT: 0 PID_WORDCOUNT: 0 PID_CHARCOUNT: 0 PID_APPNAME:
PID_SECURITY: 0

--- Document Summary Information ---
PID_CODEPAGE: 1200 PID_COMPANY:
PID_CATEGORY:
PID_MANAGER:
PID_PARCOUNT: 0 PID_LINECOUNT: 0 17: 0 PID_PRESFORMAT:
PID_BYTECOUNT: 0 PID_SLIDECOUNT: 0 PID_NOTECOUNT: 0 PID_HIDDENCOUNT: 0
PID_MMCLIPCOUNT: 0 PID_SCALE: false PID_LINKSDIRTY: false 1: 1200 KSOProductBuildVer: 2052-6.3.0.1705

## 关于美国方面对泰山石膏等公司提起集团诉讼的情况汇报

尊敬的宋总、曹总：

美国米切尔公司及佛罗里达州、密西西比州、路易斯安那州、阿拉巴马州、佐治亚州、德克萨斯斯的个人（简称美国原告）因石膏板质量缺陷提起的集团诉讼，泰山石膏股份公司（简称泰山公司）已于2009年5月8日收到了美国联邦地区法院佛罗里达州北部管区送达的民事诉讼传票及诉状。现将案件的案情及相关情况向各位领导做出书面汇报，以便各位领导了解案件情况，并给予相关指示。

一、案情简介

2009年3月6日，美国原告对德国可耐福集团、可耐福石膏板（天津）股份公司、泰山公司、建筑物内外装修材料供应有限合伙公司（美国公司）、来特威干墙板有限公司（美国公司）提起诉讼。美国原告提出诉讼的事实及理由概括为：①美国原告购买并使用了建筑物内外装修材料供应有限合伙公司及来特威干墙板公司经销的石膏板，而两公司经销的石膏板来自可耐福及泰山公司；②石膏板存在的质量缺陷主要表现在：A、石膏板采用的材料硫含量很高，不适合预期用途；B、石膏板与金属发生化学反应，导致其他金属腐蚀；C、在阿拉巴马州和佛罗里达州某些住宅的暖气通风空调系统出现问题与使用石膏板有关；③美国原告要求赔偿的范围主要有：A修理或更换受到影响的房屋；B美国原告因修理更换房屋而遭受的其他经济损失；C被告出售石膏板的非法所得或盈利归美国原告所有；D美国原告的律师费用等。根据受理案件法院的管辖权范围情况来分析，该案美国原告的赔偿请求数额应远远高于500万美元。

二、泰山公司出口到美国石膏板的情况。

2005年—2008年泰山公司出口美国石膏板共计6656748.44平米，其中以山东泰和东新股份有限公司（泰山石膏股份有限公司）名

1

CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER

TG-0208428

义直接出口美国数量为 822037.37 平米；以泰安市泰山纸面石膏板有限公司名义通过国内进出口公司出口 5834711.07 平米。

按日期划分 2005 年出口美国 446520.0 平米，2006 年出口5952556.63 平米，2007 年出口240763.584 平米，2008 年出口16908.224平米。后受美国建材价格走低、人民币升值、海运成本提高、国内制造成本提高等因素影响，石膏板出口受到的制约也越来越多，出口业务量大幅降落，2007 年 8 月以后出口美国的石膏板订单几乎全部停止。

在出口美国石膏板时，客户主要以现场考察、看样订货、现场监督为主要订货方式。签订合同时对石膏板的质量要求主要包括对重量、尺寸、包装作出要求，我公司严格按照客户要求和合同规定生产、发运石膏板。在实际业务中，所有出口到美国的石膏板均按客户要求进行中性包装标示或是标注客户自己的公司名称、品牌，均未标注"泰山"品牌或公司名称。

在业务进行过程及售后跟踪时，我们未收到客户任何质量异议和不良反馈。客户表示受需求、价格等市场因素影响只能停止石膏板进口业务。

三、美国原告方诉讼的深层次背景及原因。

综合各大网站上的相关文章及评论，基本的观点认为：美国在楼价急升的 4 年间及 2005 年卡特里娜飓风灾后，从中国进口了大约 2.27亿吨石膏板。对于石膏板的质量缺陷，为何早不说，晚不说，偏偏在美国经济危机爆发后、房地产处于低潮期进行大肆炒作，是何居心。恐怕这是指责中国石膏板质量的背景及原因。

四、泰山公司对案件准备采取的措施及理由。

泰山公司经分析后认为本案比较复杂，打算不去应诉，但必要时向美国受诉法院提供对泰山公司有利的材料，理由如下：①我国的权

2

TG-0208429

威检测机构及美国的权威检测部门没有检测出出口到美国的石膏板存在美国原告诉状中指出的质量缺陷；②泰山公司生产的石膏板不存在质量缺陷，且均按美国客户提供的标准生产，自交货之日至今未收到相关客户的质量投诉；③应诉需支付巨额的律师及差旅费用；④最关键的原因在于中国与美国之间没有签订相互承认、执行法院判决的司法协定，且泰山公司在美国本土没有财产，即使真是输了官司，美国法院也无法执行泰山公司在中国的财产。⑤泰山公司注意到此次石膏板质量没有涉及到对人身的损害，如以前报道的造成人身上出现皮疹、流鼻血和呼吸系统疾病等。

综合以上原因，泰山公司倾向于不去应诉的做法，但必要时应采纳向美国法院寄送有利于泰山公司的证据及通过政府部门交涉等做法，来消除和减少一些负面影响。

以上情况不知当否，请批示。

此致

泰山石膏股份有限公司

2009 年 5 月 11 日

3

CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER

TG-0208430