# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: | CHINESE-MANUFACTURED DRYWALL<br>PRODUCTS LIABILITY LITIGATION | **MDL No.** 2047<br>SECTION: L |

THIS DOCUMENT RELATES TO:

2:13-cv-06652-EEF-JCW
Braxton H. Collins, et al. v. Bass Homes, Inc., et al.

2:13-cv-06653-EEF-JCW
Jason S. Herrington, et al. v. Bass Homes, Inc., et al.

JUDGE FALLON
MAG. JUDGE WILKINSON

---

### Memorandum in Support of Motion for Summary Judgment

---

COMES NOW Defendant, Ace Hardware Corporation (hereinafter referred to as "Ace Corp."), and pursuant to the Federal Rules of Civil Procedure submits this memorandum in support of its Motion for Summary Judgment:

### INTRODUCTION

These two cases are Chinese drywall products liability cases. The Plaintiffs contracted with Bass Homes, Inc. for the construction of their respective homes. Chinese drywall was allegedly used in the construction of the homes and the Plaintiffs claim damages as a result of same. Ace Corp. had no involvement in the manufacture, sale or distribution of the Chinese drywall nor was it involved in the construction of the Plaintiffs' homes; thus, it is due to be dismissed.

### STATEMENT OF MATERIAL FACTS

In 2008, Plaintiffs Braxton and Kerrie Collins and Jason and Cassie Herrington, entered into home construction contracts with Bass Homes, Inc. (hereinafter referred to as "Bass Homes"). The Collinses' contract was executed on August 22, 2008. [Contract, Exhibit A]. Bass Homes purchased drywall for use in the construction of the Collinses' house from Ace Home Center, Inc. (hereinafter referred to as "Robertsdale Ace Home Center") on November 11, 2008. [Receipt, Exhibit B]. The

Herringtons' contract with Bass Homes was executed on July 15, 2008. [Contract, Exhibit C].  Bass Homes purchased drywall for use in the construction of the Herringtons' house from Robertsdale Ace Home Center on January 23, 2009. [Exhibit D].

The plaintiffs allege in their Complaints that Ace Corp., by and through Robertsdale Ace Home Center, sold the Chinese drywall that Bass Homes and/or its subcontractor installed in the residences.   Plaintiffs allege that the drywall was "Defective Chinese Drywall" and seek compensation for damage caused by the drywall.

The Chinese drywall which was sold to Bass Homes and ultimately installed in Plaintiffs' houses came from a shipment of drywall which entered the United States through the Port of Pensacola. [Mike Pate depo II (Vol 2), p. 209, line 23-25, p. 210, line 1-4[1]] (Excerpts from Volume 2 of Mike Pate's deposition collectively attached hereto as Exhibit F).  Pensacola Stevedoring ultimately took possession of the shipment of Chinese drywall.  Mike Pate, owner of Pensacola Stevedoring, knew Henry Vick, owner of Robertsdale Ace Home Center. [Mike Pate depo I, p. 27, line 10-13] (Excerpts from Volume 1 of Mike Pate's deposition collectively attached hereto as Exhibit G).  Mike Pate contacted Mr. Vick, offering to sell Mr. Vick some of the drywall for resale at Robertsdale Ace Home Center. [H. Vick depo II, p. 27, line 12-25, p. 29, line 1-5] (Excerpts from Volume II of Henry Vick's deposition collectively attached hereto as Exhibit H).  The negotiations for the sale of the Chinese drywall to Robertsdale Ace Home Center were between Mr. Vick and Mr. Pate.  [H. Vick depo II, p. 85, line3-7]. Mr. Vick traveled to Pate Stevedoring in Pensacola to inspect the drywall and ultimately agreed to purchase some of it. [H. Vick depo II, p.30. line 20-22, p. 80, line 7-11]. Robertsdale Ace Home Center funds were used to purchase the drywall. [H. Vick

---

[1]Depositions were taken in prior litigation involving this same shipment of Chinese drywall.  The parties to these cases have stipulated to the use of the depositions in the prior litigation in these cases.   [Stipulation, attached hereto as Exhibit E].  The deposition testimony from the prior cases establish the sale and distribution of the drywall as well as Ace Corp.'s lack of involvement/participation in the sale and distribution.

depo II, p. 138, line 10-20].

The drywall was delivered to Robertsdale Ace Home Center in Robertsdale, Alabama, where damaged sheets were subsequently discarded and the undamaged sheets were sold to Robertsdale Ace Home Center's customers.  [H. Vick depo I, p. 31, line 7-23; p. 32, line 1-20; p. 99, line 17-21] (Excerpts from Volume 1 of Henry Vick's deposition collectively attached hereto as Exhibit I).  Robertsdale Ace Home Center purchased Chinese drywall only from Pate Stevedoring. [H. Vick depo I, p. 35, line 21-23, p. 36, line 1].

Robertsdale Ace Home Center, Inc. is an Alabama Corporation.  Henry Vick owns and is the president of Robertsdale Ace Home Center, Inc. [H. Vick depo I, p. 8, line7-9]. His wife and son are officers in the company.  [H. Vick depo I, p. 8, line13-15].

In addition to Robertsdale Ace Home Center, Ace Corp. has also been sued in these cases. Ace Corp. is a completely separate entity from Robertsdale Ace Home Center. [H. Vick depo I, p. 13, line 23, p. 14, line 1.   Mike Chmielewski depo, p. 28, line 12-14] (Excerpts from Mike Chmielewski's deposition collectively attached hereto as Exhibit J.) Ace Corp. is a Delaware Corporation with its principal place of business in Oak Park, Illinois. [Complaint].   Ace Corp. does not own any part of Robertsdale Ace Home Center. [Mike Chmielewski depo, p. 28, line 12-13]. Ace Corp. received no profit from the sale of the Chinese drywall to these plaintiffs or to anyone else. [Mike Chmielewski depo, p. 72, line 20-24, p. 73, line 1].

Robertsdale Ace Home Center had exclusive control of the selection of the source for merchandise purchased for resale in its store.  [Mike Chmielewski depo, p. 62, line 20-22].  Ace Corp. was not aware of the purchase of the Chinese drywall by Robertsdale Ace Home Center. [H. Vick depo II, p. 131, line 17-22].  Ace Corp. was not aware that Robertsdale Ace Home Center was selling Chinese drywall.  [Mike Chmielewski depo, p. 62, line 18-20].

Braxton and Kerrie Collins were parties to an earlier suit against Ace Corp. among others. That suit was voluntarily dismissed on December 22, 2011. [Exhibit M, Collins Notice of Dismissal].

3

The Collinses retained counsel no later than October 13, 2009, when correspondence was sent by their attorney to make a claim for damages. [Exhibit K, Mullins letter].  This current suit was filed on May 20, 2013.

## SUMMARY JUDGMENT STANDARD

Summary judgment is warranted under Rule 56(c) of the Federal Rules of Civil Procedure when evidence reveals no genuine dispute regarding any material fact and that the moving party is entitled to judgment as a matter of law. The rule "mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a sufficient showing to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986).

The party moving for summary judgment bears the initial responsibility of informing the district court of the basis for its motion and identifying those portions of the record it believes demonstrate the absence of a genuine issue of material fact. Id. at 323. The non-moving party must then go beyond the pleadings and designate "specific facts showing that there is a genuine issue for trial." Id. at 324. Conclusory allegations, speculation, unsubstantiated assertions, and legalistic arguments are not an adequate substitute for specific facts showing a genuine issue for trial. TIG Ins. Co. v. Sedgwick James of Wash., 276 F.3d 754, 759 (5th Cir. 2002); SEC v. Recile, 10 F.3d 1093, 1097 (5th Cir. 1997); Little v. Liquid Air Corp., 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc). Instead, when the movant shows the absence of a genuine issue of material fact, "the nonmovant must go beyond the pleadings and designate specific facts showing that there is a genuine issue for trial." Willis v. Roche Biomedical Labs., Inc., 61 F.3d 313, 315 (5th Cir. 1995).

In reviewing the evidence, factual controversies are to be resolved in favor of the nonmovant, "but only when . . . both parties have submitted evidence of contradictory facts." Little, 37 F.3d at 1075. When such contradictory facts exist, the court may "not make credibility

4

determinations or weigh the evidence." <u>Reeves v. Sanderson Plumbing Prods. Inc.</u>, 530 U.S. 133, (2000).

## DETERMINATION OF CHOICE OF LAW

The parties are in agreement that Mississippi law applies to these cases.  For cases which are filed in, or removed to, federal courts across the country and transferred to the MDL court by the Judicial Panel on Multidistrict Litigation, the MDL court must apply the law of the transferor forum, that is, the law of the state in which the action was filed, including the transferor forum's choice-of-law rules. <u>In re Vioxx Prods. Liab. Litig.</u>, 478 F. Supp. 2d 897, 903 (E.D. La. 2007). These cases were transferred from the United States District Court for the Southern District of Mississippi to the MDL; thus Mississippi law should be applied.

Mississippi follows the "most significant relationship test" provided by the Restatement (Second) of Conflicts of Law. <u>McDaniel v. Ritter</u>, 556 So. 2d 303, 310 (Miss. 1989). <u>Hines v. Cooper Tire & Rubber Co.</u>, 2012 U.S. Dist. LEXIS 149151, 5-6 (M.D. La. Oct. 17, 2012).  The Restatement (Second) § 145 provides:

(1)     The rights and liabilities of the parties with respect to an issue in tort are determined by the local law of the state which, with respect to that issue, has the most significant relationship to the occurrence and the parties under the principles stated in § 6.

(2)     Contacts to be taken into account in applying the principles of § 6 to determine the law applicable to an issue include:

(a) the place where the injury occurred,

(b) the place where the conduct causing the injury occurred,

(c) the domicile, residence, nationality, place of incorporation and place of business of the parties,

(d) the place where the relationship, if any, between the parties is centered.

<u>Hines</u> at 6-7.

Plaintiffs pled the applicability of certain provisions of Mississippi law in their Complaints.

5

Plaintiffs are residents of Mississippi.  They allege that their injuries occurred in Mississippi. Although Ace Corp. had no contact with the plaintiffs, the subject drywall or the state of Mississippi relative to this claim, Ace Corp. concedes that the choice of law analysis indicates that Mississippi law applies to this case because two of the four factors in the Restatement analysis point to Mississippi.

## CONCLUSIONS OF LAW

Ace Corp. should be dismissed from this action because it has no connection to the Chinese drywall installed in Plaintiffs' homes.  It did not manufacture, sell, distribute or install the Chinese drywall installed in Plaintiffs' homes.  Thus, Plaintiffs cannot establish any duty or contractual obligation owed by Ace Corp. to the Plaintiffs or breach thereof. However, even accepting as true the plaintiffs' allegation that Ace Corp. was a seller of the Chinese drywall, Ace Corp. should not be held liable because Ace Corp. is an innocent seller as contemplated by the Mississippi Products Liability Act (MPLA) as it had no knowledge of any defect in the Chinese drywall and is therefore immune from liability for the claims asserted by the Plaintiffs.

I.      **Plaintiffs' claims against Ace Corp. are due to be dismissed because Ace Corp. was not involved in the sale or distribution of the Chinese drywall.**

The nature of each of the claims made by the Plaintiffs requires proof that Ace Corp. was in some way involved in the sale or distribution of the Chinese drywall which was used in the construction of the Plaintiffs' houses.  Here, Plaintiffs can prove no set of facts which establish an involvement by Ace Corp. with respect to any of the claims made against Ace Corp. because Ace Corp. was in no way involved in the sale or distribution of the Chinese drywall.  Moreover, Ace Corp. was without question, not a party to the contract for the sale of the home.  Because of this, Plaintiffs' Complaint fails to state a claim for relief which can be granted.

A.      **Plaintiffs cannot prove their claims for negligence, intentional/negligent misrepresentation, failure to warn, unjust enrichment or deceptive trade practices because Ace Corp. was in no way involved in the chain of**

6

distribution of the Chinese drywall.

In their Complaints, Plaintiffs clearly state that their factual predicate for all of the claims against Ace Corp. is the sale of Chinese drywall to Bass Homes. [Complaint, 11]. Thus to prevail on their claims of negligence, intentional/negligent misrepresentation, failure to warn, unjust enrichment and deceptive trade practices causes of action, Plaintiffs must show that Ace Corp. was actually involved in the sale of the Chinese drywall. Without that involvement, Ace Corp. owed no duty to Plaintiffs and cannot be held liable for the claims made by the Plaintiffs because a showing of a duty owed is the cornerstone of a tort claim.

In order to succeed on a negligence cause of action, the plaintiff must prove a duty owed by the defendant to the plaintiff. Watson Quality Ford, Inc. v. Casanova, 990 So. 2d 830, 835 (Miss. 2008). ("It is elementary that '[the] elements of proof required to support a claim for damages for negligence are a duty, a breach of that duty, damages, and proximate cause'"). Watson citing Ford Motor Co. v. Fairley, 398 So. 2d 216, 219 (Miss. 1981). Similarly, in order to succeed on a breach of warranty of fitness, there must also exist a duty on behalf of the defendant to the plaintiff. Fairley at 219 ("Neither was there any breach of an implied warranty of fitness for a particular purpose since the automobile was purchased for a very ordinary purpose"). The undisputed evidence shows that Ace Corp. was in no way connected to the sale or distribution of the Chinese drywall, and that it had no knowledge of this drywall. Because it was not involved in the chain of distribution, Ace Corp. can have no duty to these Plaintiffs. Thus, Plaintiffs cannot prove an essential element of these claims, and they should be dismissed.

To prevail on a claim of unjust enrichment under Mississippi law, a plaintiff "need only allege and show that the defendant holds money which in equity and good conscience belongs to the plaintiff." Fordice Constr. Co. v. Central States Dredging, 631 F. Supp. 1536, 1538 (S.D. Miss. 1986) quoting Dorsey Mississippi Sales, Inc. v. Newell, 168 So. 2d 645, 651 (Miss. 1964). Here,

the undisputed evidence shows that Robertsdale Ace Home Center funds were used to purchase the drywall and Ace Corp. received no profit from the sale of the drywall for its use in the Plaintiffs' house.  Thus, there is no evidence of Ace Corp. holding "in equity and good conscience" money which "belongs to the plaintiff."  Thus, Plaintiffs cannot succeed on their unjust enrichment cause of action and it is due to be dismissed.

In order to succeed on a negligent misrepresentation cause of action, Mississippi requires a plaintiff to prove the following elements by a preponderance of the evidence:

1)   a misrepresentation or omission of a fact;
2)   that the representation or omission is material or significant;
3)   that the defendant failed to exercise that degree of diligence and expertise the public is entitled to expect of it;
4)   that the plaintiff reasonably relied on the defendant's representations; and
5)   that the plaintiff suffered damages as a direct and proximate result of his reasonable reliance.

Jowers v. BOC Group, Inc., 2009 U.S. Dist. LEXIS 53126, at 22 (S.D. Miss. Apr. 14, 2009). Here, there is no evidence that Ace Corp. made any representations of any kind to the Plaintiffs, that it failed to exercise the degree of diligence that would be expected of it, nor any evidence of reliance on the part of the Plaintiffs.

It is noted that Plaintiffs allege "intentional misrepresentation."  While Mississippi does not recognize an "intentional misrepresentation" cause of action, it does recognize "conscious misrepresentation" and requires that a plaintiff prove the elements of said cause of action by a clear and convincing evidence. Id. at 22.  The elements of a intentional misrepresentation cause of action are 1) a representation; 2) its falsity; 3) its materiality; 4) the speaker's knowledge; 5) his intent that it should be acted upon by the hearer and in the manner reasonably contemplated; 6) the hearer's ignorance of its falsity; ) his reliance on its truth; 8) his right to rely thereon; and 9) his consequent and proximate injury. Id. at 21.  Mississippi's requirement for proving a conscious misrepresentation cause of action are the same as required for a fraud cause of action.  Id. at 22.

Both the negligent misrepresentation and conscious misrepresentation causes of action

8

require that the plaintiff rely upon a material representation by the defendant.  Id. at 22.  Plaintiffs can prove no set of facts which establish a representation made by Ace Corp.  In fact, Count IX of their Complaints state that "[d]espite knowledge of use of the inferior drywall in the home, defendants sold the home to plaintiffs."  Plaintiffs' Complaint further allege that they justifiably relied on defendants' intentional and negligent representation.  Here, there is no evidence that Ace Corp. had any knowledge of the use of the alleged inferior drywall in the home and it is undisputed that Ace Corp. was not a party to the contract for the sale or construction of the home.  There is no evidence of representation made by Ace Corp. or any reliance on such a representation by the Plaintiffs.  Accordingly, the negligent misrepresentation and "intentional misrepresentation" causes of action are due to be dismissed.  Notably, "the mere silence or nondisclosure of material facts by a manufacturer does not support a finding of fraudulent concealment by the ultimate consumer." Id. at 27.  A claim of fraud by omission only arises when the defendant had a duty to disclose material facts alleged to have been omitted.  This duty generally arises only where there is a fiduciary relationship between the parties.  Id. at 27.  Again, there are no facts to establish a fiduciary duty on the part of Ace. Corp.

In failure to warn cases, Mississippi law requires that the plaintiff prove that the manufacturer or seller "knew or had reason to know of the hazard or risk associated with the product about which it failed to warn.  O'Flynn v. Owens-Corning Fiberlas, 759 So. 2d 526, 535 (Miss. Ct. App. 2000).  There is absolutely no evidence that Ace Corp. knew or should have known of a hazard associated with the drywall.  Ace Corp. was not even aware of the existence of this drywall.  Absent this evidence, the claim is due to be dismissed.

Plaintiffs also allege a violation of the Mississippi Consumer Protection Act.[2]  The purpose

---

[2]Notably, Plaintiffs' Complaints reference violations of the Deceptive Trade Practices Act but references Title 75, Section 24 of the Mississippi Code.  The Consumer Protection Act is codified at § 75-24-1 et seq. of the Mississippi Code.  It is assumed for purposes of this pleading that Plaintiffs intended to allege violations of the Consumer Protection Act. Ace Corp.

of the Mississippi Consumer Protection Act (MCPA) is to protect the citizens of Mississippi from deceptive and unfair trade practices.  Holman v. Howard, Wilson Chrysler Jeep, Inc., 972 So. 2d 564, 571 (Miss. 2008).  The MCPA prohibits a multitude of "unfair or deceptive trade practices or acts" but the Plaintiffs fail to allege specific conduct on the part of Ace Corp.  However, regardless of what subsection the Plaintiffs seek to prove against Ace Corp., their claims fail as a matter of law as each of the trade practices prohibited by the Act require a showing of conduct on the part of Ace Corp.  Plaintiffs can prove no set of facts supporting a violation of the MCPA as Ace Corp. was not involved in the sale or distribution of the Chinese drywall.

The Chinese drywall was not sold by Ace Corp.  Rather, it was purchased from Pensacola Stevedoring by Robertsdale Ace Home Center, Inc., and then sold to Bass Homes.  Robertsdale Ace Home Center, Inc. is an Alabama entity, owned by Henry Vick.  Because Ace Corp. was not involved in any respect with the sale of the subject Chinese drywall, it could not have breached any duty to Plaintiffs.  Therefore, Plaintiffs' negligence claim fails to state a claim for relief which can be granted, and is due to be dismissed as to Ace Corp.

   **B.    Plaintiffs breach of contract claim fails to state a claim upon which relief can be granted because Ace Corp. did not contract with the Plaintiffs and was not involved in the sale or distribution of the Chinese drywall.**

Plaintiffs' factual predicate for their breach of contract claims with respect to Ace Corp. is the breach of implied covenants of good faith and fair dealing relating to contracts of insurance and warranty and sale. [Complaint, 30]. To prevail on their breach of contract claim against Ace Corp., Plaintiffs must prove by a preponderance of the evidence, the existence of a valid and binding contract that the defendant has breached.  Business Communs, Inc. v. Banks, 90 So.3d 121, 1225 (Miss. 2012).   The elements of a valid contract are 1) two or more contracting parties, 2) consideration, 3) an agreement that is sufficiently definite, 4) parties with legal capacity to make

---

does not waive its right to make further legal arguments if it is determined that Plaintiffs did not intend to allege a violation of the Consumer Protection Act.

a contract, 5) mutual assent, and 6) no legal prohibition precluding contract formation.  Rotenberry v. Hooker, 864 So.2d 266, 270 (Miss. 2003).

Here, Plaintiffs had no contract with Ace Corp.  Their Complaints unequivocally state that they "entered into a Building Agreement with Bass Homes, Inc. [Complaint, para. 8, as amended].  Moreover, Plaintiffs attach to their Complaint their contract with Bass Homes.  Ace Corp. is not a party to that or any other contract with the Plaintiffs.  Ace Corp. was not only a stranger to the contract for the construction of the house, it was also a stranger to the sale and distribution of the Chinese drywall.  Ace Corp. had no contact with the Plaintiffs, the Chinese drywall or the income stream from the sale of the drywall to Bass Homes.  The funds used to purchase the drywall from Pensacola Stevedoring were not Ace Corp. funds.  Ace Corp. had no involvement in or knowledge of the transaction at issue.  Therefore, Plaintiffs cannot prove their claim for breach of contract against Ace Corp. and said cause of action is due to be dismissed.

**II.    Plaintiffs' claims against Ace Corp. are barred by the innocent seller provision of the Mississippi Products Liability Act.**

**A.      At most, Ace Corp. was a conduit for the sale of the Chinese drywall and is entitled to protection afforded by the innocent seller provision of the MPLA.**

Plaintiffs' claims in this case are products liability claims.  They claim that their homes were built with "defective Chinese drywall" sold by Ace Corp. by and through Robertsdale Ace Home Center.   Ace Corp. denies that it was in any way connected to the Chinese drywall and Plaintiffs have offered no rebutting evidence.  However, to the extent that Plaintiffs allege that Ace Corp. was a seller of the Chinese drywall, Ace Corp. was an "innocent seller" under Mississippi law and is entitled to summary judgment on all claims made against it in this case.

Under the facts of the Plaintiffs' complaint as alleged by the Plaintiffs, Ace Corp. was at most a conduit for the sale of the Chinese drywall and is entitled to protection afforded by the innocent seller provision of the MPLA which provides express immunity to innocent sellers of

products. See, Haley ex rel Davis v. Hammett Automobiles, Inc., 341 F. Supp. 2d 634, 637 (S.D.

Miss. 2004). Section 11-1-63(h) of the Mississippi Code specifically states the following:

> In any action alleging that a product is defective pursuant to paragraph (a) of this section, the seller of a product other than the manufacturer **shall not be liable unless** the seller exercised substantial control over that aspect of the design, testing, manufacture, packaging or labeling of the product that caused the harm for which recovery of damages is sought; or the seller altered or modified the product, and the alteration or modification was a substantial factor in causing the harm for which recovery of damages is sought; or the seller had actual or constructive knowledge of the defective condition of the product at the time he supplied the product. **It is the intent of this section to immunize innocent sellers who are not actively negligent, but instead are mere conduits of a product.**

Miss. Code Ann. § 11-1-63(h) (Supp. 2008) (emphasis added).

Stated another way, §11-1-63(h) provides immunity to "innocent sellers 'in and from liability

in traditional product liability cases, subject to certain exceptions.'" See, e.g., Jones v. General

Motors Corp., 2007 U.S. Dist. LEXIS 40267, 2007 WL 1610478, at *3 (S.D. Miss. June 1, 2007);

Baggett v. Yamaha Motor Co., Ltd., 2006 U.S. Dist. LEXIS 38473, 2006 WL 1520539 (S.D. Miss.

May 31, 2006).  Dykes v. Sears, Roebuck & Co., 2011 U.S. Dist. LEXIS 10699, 12-13 (S.D. Miss.

Feb. 1, 2011).   There is no allegation – let alone any evidence – that Ace Corp. exercised

substantial control over the design, testing, manufacture, packaging or labeling of the Chinese

drywall. There is no allegation that Ace Corp. altered or modified the Chinese drywall or that any

such alteration was a substantial factor in causing the damage alleged by the Plaintiffs.

Additionally, there is no allegation that Ace Corp. had either actual or constructive knowledge of

the alleged defect. Accordingly, Ace Corp. is an innocent seller as defined by the MPLA.

> **B.     Though otherwise titled in their Complaints, Plaintiffs' claims against Ace Corp. for negligence/gross negligence, breach of contract, breach of implied warranties, failure to procure a warranty, failure to warn, intentional/negligent misrepresentation and breach of warranty for fitness are products liability claims subject to the protections of the innocent seller provision of the MPLA.**

The innocent seller immunity of the MPLA extends to all theories of liability.  Jones v. Polaris

Industries, Inc., 2013 U.S.Dist. LEXIS 40354 (N.D. Miss.). Although negligence claims can be

12

brought alongside products liability claims, a party may not disguise a products liability claim as a negligence claim to avoid dismissal.  McSwain v. Sunrise Med., Inc.  Negligence claims which simply relate back to the products liability claim are insufficient to survive summary judgment. Murray, *supra, citing* Moss v. Batesville Casket Co, 935 So.2d 393 (Miss. 2006).  A breach of warranty claim is still subject to the innocent seller exemption in a products liability case.  Gardner v. Cooksey, 2012 U.S.Dist. LEXIS 38164 (S.D. Miss.)  This includes both express and implied warranty claims.  Murray at 179-180.

"A party may not disguise a products liability claim as a negligence claim to avoid dismissal." Murray v. Gen. Motors, L.L.C., 478 F. App'x 175, 181 (5th Cir. 2012) (citing McSwain v. Sunrise Med., Inc., 689 F. Supp. 2d 835, 844 (S.D. Miss. 2010)). "'Numerous district courts have recognized that the MPLA subsumes common law negligence and misrepresentation claims based on a defective product.'" Gardley-Starks v. Pfizer, Inc., 917 F. Supp. 2d 597, 602 (N.D. Miss. 2013) (quoting Lashley v. Pfizer, Inc., 877 F. Supp. 2d 466, 471 (S.D. Miss. 2012)). A negligence claim against an innocent-seller cannot proceed where the negligence claim "'fail[s] to present any new discussion or claim that does not relate back to the . . . products liability claim . . . .'" McKee v. Bowers Window & Door Co., 64 So. 3d 926, 940 (Miss. 2011) (citing Moss v. Batesville Casket Co., Inc., 935 So. 2d 393, 406 (Miss. 2006)).  *See also* Gross v. Balt. Aircoil Co., 2014 U.S. Dist. LEXIS 37490, 22-23 (S.D. Miss. Mar. 21, 2014)

Though pled in a variety of ways, all of Plaintiffs' claims against Ace Corp. arise out of the alleged - though unproven - sale by Ace Corp. of Chinese drywall. The MPLA is clear and unambiguous that it applies to any action for damages caused by a product. Murray v. General Motors, LLC, 478 Fed. Appx. 175 (5th Cir. 2012).  Plaintiffs' claims against Ace Corp. all relate back to the products liability allegation that Ace Corp. was involved in the sale of defective Chinese drywall.  With respect to the breach of contract claim, Plaintiffs allege that in selling the defective Chinese drywall, Ace Corp. breached the implied covenant of good faith and fair dealing relative

to contracts of insurance and warranty and sale, causing plaintiffs' damages [Complaint, 31], that Ace Corp. negligently sold the defective Chinese drywall [Complaint, 37], that in selling the defective Chinese drywall, Ace Corp. breached implied warranties of fitness for particular purpose and merchantability [Complaint 44], that Ace Corp. failed to warn them that the Chinese drywall was inferior and not fit for its intended use, that it breached a warranty of fitness [Complaint 89].

Whether Ace Corp.'s conduct is characterized as negligence, breach of contract, breach of warranty, the fact remains that the plaintiffs' suits are for recovery of damages based upon a defective product.  These claims are all precluded by the MLPA's innocent seller provision which holds than an innocent seller "shall not be liable" for any products liability action. For this reason, these claims are due to be dismissed.

III.    **Plaintiffs' New Home Warranty Act Claims are barred because Ace Corp. was not a "builder" as defined by the Act**.

The New Home Warranty Act sets forth warranties which the builder provides to the purchaser.  Miss. Code Ann § 83-58-1, et seq. The Act specifically defines a builder as "any person, corporation, partnership, or other entity which constructs a home or engages another to construct a home, including a home occupied initially by its builder as his residence, for the purpose of sale." Miss. Code Ann. § 83-58-3(a). Plaintiffs do not allege that Ace Corp. built their homes, nor do they claim that Ace Corp. hired someone else to build their homes.  Rather, they are clear in their Complaint, as amended, that it is their allegation that Ace Corp. was in the business of distributing, supplying and/or selling residential drywall.  [Complaint, 4].  Further, Plaintiffs admit that Bass Homes was the general contractor and built their homes. [Complaint, 10]. Thus, it is not even alleged that Ace Corp. built the homes and thus, the obligations placed on a builder by the New Home Warranty Act are inapplicable.  The New Home Warranty Act therefore does not apply to Ace Corp. and these claims are due to be dismissed.

IV.    **The Collinses' claims are barred by the applicable period of limitations.**

14

Each of the causes of action set forth by the Collinses against Ace Corp., with the exception of the New Home Warranty Act claim, are governed by three year statutes of limitations.[3]   The Collinses were aware of the presence of Chinese drywall no later than October 13, 2009, the day counsel for the Collinses wrote Bass Homes advising that the Collinses were making a claim for damage caused by the presence of Chinese drywall in their home, and requesting that Bass Homes provide funds to repair the home and that the matter be turned over to Bass Homes' insurance carrier. [Mullins letter, Exhibit K]. On November 6, 2009, the Collinses filed a document with the Consumer Protection Safety Commission identifying Ace Corp. as the supplier of the Chinese drywall which was installed in their home.  [CPSC Complaint Report, Exhibit L].

A plaintiff's cause of action accrues at the point at which he discovered, or by reasonable diligence should have discovered the injury.   Miss. Code § 15-1-49(2); Lincoln Elec. Co. v.

---

[3] The following are the causes of action asserted against Ace Corp. as well as their respective statutes of limitations:

- three year statute of limitation applies to a breach of contract claim, Fletcher v. Lyles, 999 So.2d. 1271, 1276 (Miss. 2009);
- three year statute of limitation applies to negligence/gross negligence cause of action, Citifinancial Mortgage Co., Inc. v. Washington, 967 So.2d 15, 19 (Miss. 2007);
- breach of implied warranties claim, (Miss. Code § 15-1-49 (2015);
- six year statute of limitations applies to New Home Warranty Act claim, Townes v. Rusty Ellis Builder, Inc., 98 So. 3d 1046, 1052 (Miss. 2012);
- three year statute of limitations applies to failure to provide a warranty claim, Miss Code § 15-1-49 (2015);
- three year statute of limitations applies to intentional and negligent misrepresentation cause of action, Citifinancial at 19;
- three year statute of limitations applies to a failure to warn cause of action, Miss. Code § 15-1-49 (2015);
- breach of warranty of fitness for a particular purpose;
- three years statute of limitations applies to an unjust enrichment cause of action, Anderson v. LaVere, 136 So. 3d 404, 411 (Miss. 2014);
- three years statute of limitations applies to Consumer Protection Act claim, Anderson v. LaVere, 136 So. 3d 404, 411 (Miss. 2014);
- three year statute of limitations applies to constructive fraud cause of action, Citifinancial Mortgage Co., at 19; and
- three year statute of limitations applies to a private nuisance cause of action, Christmas v. Exxon Mobil Corp., 2013 Miss. App. LEXIS *6 (overruled on other grounds).

15

McLemore, 54 So. 3d 833, 836 (Miss.2010).  It is not necessary that the plaintiff be aware of the cause of the injury for the cause of action to accrue.  Lincoln Elec., citing Angle v. Koppers, Inc., 42 So. 3d 1 (Miss.2010).  In this case, the Collinses were aware of the presence of Chinese drywall in their home no later than October 13, 2009, a time by which they had retained an attorney to make a claim for damage caused by the presence of Chinese drywall.  With the exception of their breach of the New Home Warranty Act claims all of the causes of action set forth by the Collinses against Ace Corp. carry a three year statute of limitations pursuant to Mississippi Code Section 15-1-49.  Accepting October 13, 2009 as the date upon which the Collinses had notice of the injury, their claims expired on October 13, 2012.  This lawsuit was filed on May 20, 2013, more than six months after the expiration of the statutes of limitations for their various claims.

The Collinses' earlier Chinese drywall lawsuit, a suit from which Ace Corp. was voluntarily dismissed on December 22, 2011, did not toll the applicable statutes of limitations.  On December 22, 2011 the Collinses voluntarily dismissed Ace Corp. from that case. [Collins Dismissal, Exhibit M].  The Mississippi Supreme Court has stated that in those cases in which the plaintiff requests a voluntary dismissal resulting in a court-ordered dismissal without prejudice, there is no tolling of the statute of limitations.  Marshall v. Kansas City S.R.R., 7 So.3d 210, 213-214 (Miss. 2009).  The effect of a voluntary dismissal without prejudice is to put the plaintiff in the same legal position in which she would have been had she never brought suit.  Braswell v. Invacare Corp., 760 F.Supp.2d 679, 683 (S. D. Miss. 2010) citing Taylor v. Bunge Corp., 775 F.2d 617, 619 (5th Cir. 1985).

With this in mind, the last day upon which the Collinses could have filed suit prior to the expiration of the statutes of limitations for their claims was October 13, 2012.  This suit was filed more than six months after that date.  By that time, their claims had expired.  Their claims against Ace Corp. were time barred at the time of filing and therefore are due to be dismissed.

## CONCLUSION

16

It is unequivocal that Ace Corp. was not involved in the manufacture, sale, distribution or installation of the Chinese drywall. It is also unequivocal that Ace Corp. is not a party to a contract with the Plaintiffs. Also, however, even accepting as true the plaintiffs' allegation that Ace Corp. was a seller of the Chinese drywall, Ace Corp. should not be held liable because Ace Corp. is an innocent seller as contemplated by the Mississippi Products Liability Act (MPLA) as it had no knowledge of any defect in the Chinese drywall and is therefore immune from liability for the claims asserted by the Plaintiffs. Additionally, Ace Corp. is not a "builder as defined by the New Home Warranty Act. Finally, the Collins' claims are time-barred. For all of these reasons, the claims against Ace Corp. are due to be dismissed under Mississippi law.

RESPECTFULLY SUBMITTED this 30th day of November, 2015.

*/s/ Caroline T. Pryor*
CAROLINE T. PRYOR (ASB-2802-R67C)
HEATHER M. HOUSTON (MB# 102087)
CARR ALLISON
6251 Monroe Street, Suite 200
Daphne, Alabama 36526
(251) 626-9340
(251) 626-8928 - fax
hhouston@carrallison.com
cpryor@carrallison.com
*Attorneys for Defendant*
*Ace Hardware Corporation*

17

**CERTIFICATE OF SERVICE**

I hereby certify that on the 30th day of November, 2015, the above and foregoing pleading has been served on Plaintiffs' Liaison Counsel, Russ Herman, and Defendants' Liaison Counsel, Kerry Miller, by U.S. Mail and e-mail or by hand delivery and e-mail and upon all parties by electronically uploading the same to Lexis Nexis File & Serve in accordance with Pretrial Order No. 6, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2047 to the following:

Stephen W. Mullins
LUCKEY & MULLINS, PLLC
Post Office Box 990
Ocean Springs, MS 39566
smullins@luckeyandmullins.com
*Attorney for  Plaintiffs*
*Braxton H. Collins & Kerrie F. Collins;*
*Plaintiffs Jason H. Herrington*
*& Cassie D. Herrington*

Danny J. Collier, Jr.
Lewis Robert Shreve
E. Barrett Hails
Luther, Collier, Hodges & Cash, LLP
401 Church Street
Mobile, AL 36602
Dcollier@lchclaw.com
rshreve@lchclaw.com
bhails@lchclaw.com
*Attorneys for Defendant Ace Home Center, Inc.*

David C. Coons
Christopher A. D'Amour
Adams and Reese LLP
4500 One Shell Square
New Orleans, LA 70139
david.coons@arlaw.com
chris.damour@arlaw.com
*Attorneys for Defendant Bass Homes, Inc.*

William W. Watts, III
S. Welsey Pipes, V.
Pipes, Hudson & Watts, LLP
P.O. Box 989
Mobile, AL 36601-0989
bill@pipeshudsonwatts.com
wesley@pipeshudsonwatts.com

*Attorney for Pensacola Stevedore Co., Inc. d/b/a Pate Stevedore Co., Inc.*

Gary J. Russo, Esq.
JONES WALKER LLP
600 Jefferson Street, Suite 1600
Lafayette, LA 70501
Email: grusso@joneswalker.com
*Attorney for Third-Party Defendant Fireman's Fund Insurance Company*

Christina Hull Eikhoff, Esq.
Bernard Taylor, Esq.
Michael P. Kenny, Esq.
ALSTON & BIRD LLP
1201 West Peachtree Street
Atlanta, Georgia 30309
christy.eikhoff@alston.com
Attorney for Taishan Gypsum Co., Ltd.

Alan Dean Weinberger
HANGARTNER, RYDBERG &
TERRELL, LLC
One Shell Square
701 Poydras Street, Suite 310
New Orleans, Louisiana 70179
aweinberger@hanrylaw.com
Attorney for Taishan Gypsum Co., Ltd

Richard C. Stanley, Esq.
Thomas P. Owen, Jr., Esq.
Stanley, Reuter, Ross, Thornton & Alford, LLC
909 Poydras Street
Suite 2500
New Orleans, Louisiana 70112
Attorney for Taishan Gypsum Co., Ltd

Michael K. Fitzpatrick
David A. Pote
FITZPATRICK & BURNETTE L.L.C.
541 Julia Street, Suite 200
New Orleans, Louisiana 70130
Attorney for Cincinnati Insurance Company

Joe Cyr, Esq.
Frank T. Spano, Esq.
Courtney L. Colligan, Esq.
Hogan Lovells US LLP
875 Third Avenue
New York, New York 10022

Joe.cyr@hoganlovells.com
Frank.spano@hoganlovells.com
Courtney.colligan@hoganlovells.com

*/s/ Caroline T. Pryor*
CAROLINE T. PRYOR (ASB-2802-R67C)
CARR ALLISON
6251 Monroe Street, Suite 200
Daphne, Alabama 36526
(251) 626-9340
(251) 626-8928 - fax
cpryor@carrallison.com