IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: CHINESE MANUFACTURED ) <br> DRYWALL PRODUCTS LIABILITY      ) <br> LITIGATION                                      ) <br>                                                           ) <br> THIS DOCUMENT RELATES TO:       ) <br>                                                           ) <br> Case No. 09-7628                                ) <br> Payton et al v. Knauf Gips KG et al     ) | MDL NO. 2047 <br><br> SECTION L <br><br> JUDGE FALLON <br><br> MAG. JUDGE WILKINSON |

PLAINTIFF ROSE BRANDOLINO'S MEMORANDUM IN SUPPORT OF
MOTION FOR REHEARING AND/OR RECONSIDERATION OF ORDER
DENYING ROSE BRANDOLINO'S, GLOBAL, BANNER, IN-EX REPAIR
AND RELOCATION EXPENSES CLAIM

NOW INTO COURT, through undersigned counsel, comes Claimant, ROSE BRANDOLINO, who respectfully moves this Honorable Court for Reconsideration of the Order denying Claimant's entitlement to Global, Banner, In-Ex Repair and Relocation Expenses ("GBI") claim and represents as follows:

The Court entered an Order [Doc. 19764] denying Claimant's entitlement to GBI payment. The Claimant previously argued justice and fairness requires the Court to prevent a subsequent homeowner, who purchased the home with full knowledge of the existence of the CDW in the home, to receive a double recovery and windfall through a vague and ambiguous term of the GBI Allocation plan – a term that could not have been intended to eradicate the rights of homeowners. [Incorporated as if full restated herein, see Doc. # 19360.] Further, there was NO detrimental reliance by the subsequent homeowner because the GBI Allocation Plan had not even been executed at the time of the sale.

During the hearing, the Settlement Administrator represented to the Court that the funds involving this disputed GBI claim had been disbursed to the subsequent homeowner. This was

central to the Court's discussion during Oral Argument – that the Claimant should attempt to recover the disbursed funds from the subsequent homeowner. Further, the Court, in the Order denying Claimant's recovery, highlighted that the disputed GBI funds had already been disbursed by the Settlement Administrator. See Doc. 19764 at pp. 2-3.

However, Claimant has since learned from the Settlement Administrator that the funds, in fact, had NOT been disbursed to the subsequent homeowner. In fact, the Settlement Administrator currently has the funds. Therefore, there is no risk of double payment on a property if the Court interprets the ambiguous terms of the Allocation Plan in the reasonable only manner in which it could have been intended – going forward after the date of the Allocation Plan, the claimant must retain the right to payment in the sale of the property. This is consistent with the necessary protection of homeowners.

As argued, it is ultimately unfair to provide a windfall to a subsequent homeowner, who received a market discount, who purchased with full knowledge, who was not injured and who cannot express any detrimental reliance since the Allocation Plan had not even been executed at the time of the sale.

Pursuant to Rule 60(b)(1) and Rule 60(b)(6), Claimant requests the Court reconsider the matter and prevent what would be a horrible injustice to provide a windfall to a non-party who had never even been injured by Chinese drywall. To the contrary, they would be benefiting from the Chinese Drywall disaster having already purchased the property at deep discount and now profiting from a term that could not have been reasonably interpreted to provide such benefits to an uninjured individual.

## CONCLUSION

In this claim, Ms. Brandolino would have otherwise been entitled to approximately

$4,526.28 for the GBI Claim. In short, Ms. Brandolino is a "Class Member", was included in the I Omnibus Complaint, timely filed eligible claims for sale-in-mitigation, timely filed her GBI claim and was initially determined to be eligible. The idea that this settlement was intended to funnel millions of dollars to subsequent purchasers who purchased homes out of foreclosure and/or with the full knowledge of the existence of reactive Chinese drywall while achieving a market adjustment for that defective drywall, is inconceivable, illogical and inconsistent with fundamental notions of justice. This Court is empowered to correct this mistake and should to protect innocent owners who were harmed by the reactive Chinese Drywall.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the foregoing Memorandum in Support of Motion for Rehearing or Reconsideration has been electronically uploaded to File and Serve Xpress f/k/a Lexis Nexis File and Serve in Accordance with Pretrial Order No. 6, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF system, which will send a notice of electronic filing in accordance with the procedures established in MDL 2047, on this 1st day of December, 2015.

> */s/ Michael J. Ryan*
> Michael J. Ryan, Esquire
> Florida Bar No. 975990
> Krupnick Campbell Malone
> Buser Slama Hancock Liberman, P.A.
> 12 S.E. 7 Street, Suite 801
> Fort Lauderdale, FL 33301
> Phone (954) 763-8181
> Fax (954) 763-8292
> pleadings-MJR@krupnicklaw.com
> Attorneys for Plaintiff