IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: CHINEESE MANUFACTURED )<br>DRYWALL PRODUCTS LIABILITY     )<br>LITIGATION                                        )<br>                                                              )<br>THIS DOCUMENT RELATES TO:         )<br>                                                              )<br>Case No. 09-7628                                   )<br>Payton et al v. Knauf Gips KG et al       )<br>Case No. 10-0361                                   )<br>Wiltz et al v. Beijing New Building etc  )<br>Case No. 11-1077                                   )<br>Haya et al v. Taishan Gypsum Co Ltd )<br>Case No. 11-1395                                   )<br>Amorin et al v. Taishan                         )<br>Case No. 11-1672                                   )<br>Amorin et al v. Taishan Gypsum Co., Ltd. )<br>Case No. 11-1673                                   )<br>Amorin et al v. Taishan Gypsum Co. Ltd. ) | MDL NO. 2047<br><br>SECTION L<br><br>JUDGE FALLON<br><br>MAG. JUDGE WILKINSON |

PLAINTIFF SAMUEL PERONE'S MOTION FOR REHEARING AND/OR
RECONSIDERATION OF ORDER DENYING SAMUEL PERONE'S, GLOBAL,
BANNER, IN-EX REPAIR AND RELOCATION EXPENSES CLAIM

NOW INTO COURT, through undersigned counsel, comes Claimant, SAMUEL PERONE, who respectfully moves this Honorable Court for Reconsideration of the Order denying Claimant's entitlement to Global, Banner, In-Ex Repair and Relocation Expenses ("GBI") claim and represents as follows:

1.   The Court entered an Order [Doc. 19764] denying Claimant's entitlement to GBI payment.

2.   The Claimant previously argued justice and fairness requires the Court to prevent a subsequent homeowner, who purchased the home with full knowledge of the existence of the CDW in the home, to receive a double recovery and windfall through a vague and ambiguous term of the GBI Allocation plan – a term that could not have been intended to

eradicate the rights of homeowners.  [Incorporated as if full restated herein, See Doc. # 19345.]

3. During the hearing, the Settlement Administrator represented to the Court that the funds involving this disputed GBI claim had been disbursed to the subsequent homeowner. This was central to the Court's discussion during Oral Argument – that the Claimant should attempt to recover the disbursed funds from the subsequent homeowner. Further, the Court, in the Order denying Claimant's recovery, highlighted that the disputed GBI funds had already been disbursed by the Settlement Administrator.  See Doc. 19764 at pp. 2-3.

4. However, Claimant has since learned from the Settlement Administrator that the funds, in fact, had NOT been disbursed to the subsequent homeowner.  In fact, the Settlement Administrator currently has the funds.

5. Therefore, there is no risk of double payment on a property if the Court interprets the ambiguous term in the Allocation Plan in the only reasonable manner in which it could have been intended – going forward after the date of the Allocation Plan, the claimant must retain the right to payment in the sale of the property.  This is consistent with the necessary protection of homeowners.

6. Pursuant to Rule 60(b)(1) and Rule 60(b)(6), Claimant requests the Court reconsider the matter and prevent what would be a horrible injustice to provide a windfall to a non-party who had never even been injured by Chinese drywall.

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the foregoing Motion for Rehearing or Reconsideration has been electronically uploaded to File and Serve Xpress f/k/a Lexis Nexis File and Serve in Accordance with Pretrial Order No. 6, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF system, which will send a notice of electronic filing in accordance with the procedures established in MDL 2047, on this 1st day of December, 2015.

*Is! Michael J. Ryan*
Michael J. Ryan, Esquire
Florida Bar No. 975990
Krupnick Campbell Malone
Buser Slama  Hancock Liberman, P.A.
12 S.E. 7 Street, Suite 801
Fort Lauderdale, FL 33301
Phone (954) 763-8181
Fax (954) 763-8292
pleadings-MJR@krupnicklaw.com
Attorneys for Plaintiff