UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE:  CHINESE MANUFACTURED DRYWALL PRODUCTS LIABILITY LITIGATION **THIS DOCUMENT RELATES TO:** *Gross v. Knauf Gips KG, 2:09-cv-6690* *Amorin v. Taishan Gypsum, 2:11-cv-1672* *Amorin v. Taishan Gypsum, 2:11-cv-1395* *Amorin v. Taishan Gypsum, 2:11-cv-1673* *Amorin v. SASAC, 2:14-cv-1727* *State of Louisiana v. Knauf, 2:10-cv-340* *Abner v. Taishan Gypsum, 2:11-cv-3094* *Posey v. BNBM Co., 2:09-cv-6531* *Morris v. BNBM Co., 2:09-cv-6530* | MDL No. 2:09-md-2047 SECTION L JUDGE ELDON E. FALLON MAGISTRATE JUDGE JOSEPH C. WILKINSON, JR. |

<u>**DECLARATION OF L. CHRISTOPHER VEJNOSKA**</u>
<u>**IN SUPPORT OF CNBM GROUP'S REPLY IN SUPPORT OF CNBM GROUP'S**</u>
<u>**MOTION TO DISMISS FOR LACK OF SUBJECT MATTER JURISDICTION**</u>

I, L. Christopher Vejnoska, declare under penalty of perjury under the laws of the United States of America, that the following statements are true and correct:

1.      I am an attorney at the firm of Orrick, Herrington, & Sutcliff LLP, counsel for defendant China National Building Materials Group Corporation ("CNBM Group").  I respectfully submit this declaration in support of CNBM Group's reply in support of its motion to dismiss for lack of subject matter jurisdiction under the FSIA.

2.      CNBM Group advised the Court and the Plaintiffs' Steering Committee (PSC) that it intended to assert its rights under the Foreign Sovereign Immunities Act in its initial notice of appearance, filed on March 3, 2015 and entered in the docket as Rec. Doc. 18411.

3.      On March 17, 2015, the Court ordered CNBM Group to participate in discovery or risk having its defenses stricken, as reflected in the minute order and transcript of the March 17 hearing, entered in the docket at Rec. Docs. 18493 and 18494.

4.      The PSC was aware of CNBM Group's intention to seek relief under the FSIA no later than April 17, 2005.  A true and correct copy of correspondence with the PSC reflecting this awareness is attached hereto as Exhibit A.

5.      On April 23, 2015, the PSC filed its "Second Updated Status Report" on discovery matters, entered in the docket as Rec. Doc. 18750.  In this status report, the PSC states that depositions, including that of CNBM Group's 30(b)(6) witness, may begin on May 11, 2015, and acknowledges that the PSC had not yet received document productions from CNBM Group.

6.      CNBM Group's document productions were initially slowed due to vendor-related document corruption issues.  Counsel for CNBM Group reported this issue to the Court and to the PSC during a telephonic status conference on April 24, 2015, a transcript of which was entered in the docket as Rec. Doc. 18754.  CNBM Group's counsel also explained how document productions were further complicated by the requirement that each of the documents be screened for the presence of state secrets prior to being transmitted outside of the Peoples' Republic of China.

7.      CNBM Group's counsel communicated proposed deposition dates to the PSC on May 8, 2015.  At the PSC's request, these dates were all scheduled prior to the June 9, 2015 damages hearing.  CNBM Group's counsel noted that the PSC had previously attempted to condition these depositions upon satisfactory document productions, and requested confirmation that the depositions would proceed as planned, or be postponed while document productions continued.  CNBM Group's counsel also advised the PSC that document productions would not

be completed by the scheduled deposition date due to the volume of materials that the PSC had requested. A true and correct copy of this correspondence is attached hereto as Exhibit B.

8.      On May 19, 2015, the PSC communicated to CNBM Group's counsel a request that CNBM Group prioritize production of documents in the custodial file of its 30(b)(6) witness "as a primary endeavor." A true and correct copy of this correspondence is attached hereto as Exhibit C.

9.      On May 22, 2015, CNBM Group's counsel memorialized a meet-and-confer with the PSC confirming that the CNBM Group 30(b)(6) deposition would occur in June, and that the PSC had also repeated its request for prioritization of production of documents for CNBM Group's 30(b)(6) witness. A true and correct copy of this correspondence is attached hereto as Exhibit D.

10.     On May 29, 2015, CNBM Group's counsel memorialized further meet-and-confer communications with the PSC. This communication confirmed that CNBM Group would prioritize production of documents from the custodial files of the 30(b)(6) witness, and to make every effort to provide documents in advance of the CNBM Group deposition. The communication also confirmed that the deposition would take place on June 15-17, 2015. A true and correct copy of this correspondence is attached hereto as Exhibit E.

11.     The PSC served 6 deposition notices (original, supplemental, and amended and supplemental) on CNBM Group, entered in the docket as Rec. Docs. 18420, 18504, 18649, 18799, 18976, and 19006. The dates, number of document requests, and number of deposition topics in each notice are as follows:

| Date | Rec. Doc. | Document Requests | Deposition Topics |
|------|-----------|-------------------|-------------------|
| March 4, 2015 | 18420 | 7, not including subparts and request for documents for all deposition topics | 7 |
| March 19, 2015 | 18504 | 30, not including subparts and request for documents for all deposition topics | 11 |
| April 10, 2015 | 18649 | 35, not including subparts and request for documents for all deposition topics | 35 |
| April 30, 2015 | 18799 | 7, not including subparts | 7 |
| May 20, 2015 | 18976 | 17, not including request for documents for all deposition topics | 16 |
| May 28, 2015 | 19006 | 0 | 5, not including subparts |

12.     CNBM Group has worked diligently to produce documents in request to these deposition notices.  These efforts include repeatedly sending U.S. attorneys to China to interview and identify custodians; retaining document collection vendors to retrieve electronic and hardcopy documents from China; screening all documents for state secrets prior to transmission to the United States; and retaining a bilingual document review vendor to identify responsive documents.  CNBM Group has spent millions of dollars on document collection and review.

13.     CNBM Group produced 13,851 pages of documents prior to the deposition of its 30(b)(6) witness.  These productions included documents from the witness's custodial file.

14.     CNBM Group has produced 401,215 pages of documents to the PSC.  Of these documents, more than half of the pages were produced prior to the deposition of Mr. Cao Jianglin, CNBM Group General Manager, on August 4 and 5, 2015.  And 99.85% of these

documents (all but 611 pages) were produced one month prior to the deposition of Mr. Song Zhiping, CNBM Group board chairman, on September 14 and 15, 2015.

15.     CNBM Group's counsel did not limit the scope of questions during the two full days of deposition of Mr. Song, nor did CNBM Group's counsel object to any questions as beyond the scope of the deposition.

16.     Following his deposition, Mr. Song submitted an errata pursuant to Fed. R. Civ. P. 30(e), in which he corrected his inadvertent misstatement that "CNBM is Taishan's biggest shareholder." This errata was timely served on the PSC in accordance with the instructions provided by the deposing officer and reporter, by mail to Herman, Herman & Katz, LLC, C/O Chinese Drywall Depository, 820 O'Keefe Road, New Orleans LA 70113. A true and correct copy of this errata is attached hereto as Exhibit F.

17.     The PSC made no specific request to re-depose the CNBM Group 30(b)(6) witness based on the timing of CNBM Group's document productions until after it had already filed its FSIA response brief.

I declare under penalty of perjury that the foregoing is true and correct.

Executed this 24th day of November, 2015 at San Francisco, California.

L. Christopher Vejnoska

5

EXHIBIT A

**From:**          Vejnoska, Christopher
**Sent:**          Tuesday, April 21, 2015 6:39 PM
**To:**            Orrick Chinese Drywall Litigation
**Subject:**       FW: Discovery

**From:** Vejnoska, Christopher
**Sent:** Tuesday, April 21, 2015 6:38 PM
**To:** Russ Herman
**Cc:** Debbie Murphy; Stengel, James L.; Lenny Davis; Fred Longer; Sandy Duggan; Christopher Seeger; Gerald E. Meunier; Member GEM
**Subject:** RE: Discovery

Russ (and Arnold), thanks for your note.  I trust nothing you heard on Friday truly came as a surprise, as we have prefaced every document we have served or filed with a statement of our intention to challenge both subject matter and personal jurisdiction.

I am not certain which production you are referring to.  Two weeks ago I was in China, so I may well have missed or forgotten something, and so would appreciate your pointing me in the right direction.  In the meantime, I believe we have sent you some public reporting materials in the last few days.

Regards, Chris

**From:** Russ Herman [mailto:RHERMAN@hhklawfirm.com]
**Sent:** Tuesday, April 21, 2015 10:26 AM
**To:** Vejnoska, Christopher
**Cc:** Debbie Murphy; Stengel, James L.; Lenny Davis; Fred Longer; Sandy Duggan; Christopher Seeger; Gerald E. Meunier; Member GEM
**Subject:** Re: Discovery

CHRIS , ARNOLD AND I AND
OUR PLAINTIFFS'TEAMS
CONSIDER ALL PENDING
DISCOVERY DIRECTED
AT THE CNBM DEFENDANTS
TO JUST BE THE INITIAL
DISCOVERY OF A MORE
INTENSE AND BROADER
INQUIRY . YOUR CLIENTS'
RECENTLY ANNOUNCED
INTENT (at the meet and
confer conference of
4/172005)  TO CHALLENGE
JURISDICTION BASED ON
SOVEREIGN IMMUNITY IS SERIOUS
AND  PORTENDS VIGOROUS
AND THOROUGH EXAMINATION
ON BEHALF OF OUR CLIENTS .
TWO WEEKS  AGO I PROVIDED
YOU WITH CERTAIN CNBM
PUBLIC DOCUMENTS IN
ENGLISH FOR THE YEARS

2006-to date of March 2015.
It should not be difficult for you
To affirm the authenticity of these
OR  produce your own ENGLISH
Versions.  In addition it should
not consume more than several
Hours for you to gather and
Authenticate and transmit
To us the same documents in
CHINESE . Regards from Arnold
And Russ


Sent from my iPhone

On Apr 21, 2015, at 11:48 AM, Vejnoska, Christopher <cvejnoska@orrick.com> wrote:

> I am surprised to hear that, since your approach apparently does not in any way abbreviate
> either the scope or the length of discovery.  However, I will pass this along to our clients, and I
> will get back to you tomorrow (since it now is after midnight in China).

**From:** Debbie Murphy [mailto:DMurphy@lfsblaw.com]
**Sent:** Tuesday, April 21, 2015 7:10 AM
**To:** Vejnoska, Christopher
**Cc:** Stengel, James L.; Russ Herman; Lenny Davis; Fred Longer; Sandy Duggan; Christopher Seeger;
Gerald E. Meunier; Member GEM
**Subject:** RE: Discovery

From Arnold Levin –

No – All discovery is still at issue.  I want this discovery set forth in our Statement to be prioritized within
a very short timeframe.



Debbie Murphy
Levin, Fishbein, Sedran & Berman
Counsellors at Law and Proctors in Admiralty
510 Walnut Street - Suite 500
Philadelphia, PA 19106-3697
Tele: 215-592-1500 - Fax: 215-592-4663
www.lfsblaw.com

CONFIDENTIALITY NOTE: This e-mail message contains information belonging to the law firm of Levin,
Fishbein, Sedran & Berman and may be privileged, confidential and/or protected from disclosure. The
information is intended only for the use of the individual or entity named above. If you think that you have
received this message in error, please e-mail the sender. If you are not the intended recipient, please
delete the message and understand that any dissemination, distribution or copying is strictly prohibited.

**From:** Vejnoska, Christopher [mailto:cvejnoska@orrick.com]
**Sent:** Monday, April 20, 2015 8:24 PM
**To:** Arnold Levin
**Cc:** Stengel, James L.
**Subject:** Discovery

Dear Mr. Levin,

We now have your "Statement Regarding Outstanding Expedited Discovery Requests."  Is it your proposal that the various CNBM companies would provide the detailed information requested therein in lieu of (1) the other discovery you have propounded upon them, most recently in the Amended Deposition Notices served on April 9, and/or (2) the various third party deposition and document requests?

Thank you.

Regards, Chris

<image001.gif><image002.png> **L. CHRISTOPHER VEJNOSKA**
*Partner*

ORRICK, HERRINGTON & SUTCLIFFE LLP
405 Howard Street
San Francisco, CA 94105-2669

tel +1-415-773-5916
fax +1-415-773-5759
Cell +1-925-766-7677
cvejnoska@orrick.com
bio • vcard

www.orrick.com

**NOTICE TO RECIPIENT |** This e-mail is meant for only the intended recipient of the transmission, and may be a communication privileged by law. If you received this e-mail in error, any review, use, dissemination, distribution, or copying of this e-mail is strictly prohibited. Please notify us immediately of the error by return e-mail and please delete this message from your system. Thank you in advance for your cooperation.

For more information about Orrick, please visit *http://www.orrick.com*

**NOTICE TO RECIPIENT |** This e-mail is meant for only the intended recipient of the transmission, and may be a communication privileged by law. If you received this e-mail in error, any review, use, dissemination, distribution, or copying of this e-mail is strictly prohibited. Please notify us immediately of the error by return e-mail and please delete this message from your system. Thank you in advance for your cooperation.

For more information about Orrick, please visit *http://www.orrick.com*

CONFIDENTIAL ATTORNEY WORK PRODUCT
This e-mail message contains confidential, privileged information intended
solely for the addressee.  Please do not read, copy, or disseminate it unless
you are the addressee.  If you have received it in error, please call us
(collect) immediately at (504) 581-4892 and ask to speak with the message
sender.  Also, we would appreciate your forwarding the message back to us and
deleting it from your system.  Thank you.

EXHIBIT B

| From: | Vejnoska, Christopher |
|---|---|
| Sent: | Friday, May 08, 2015 7:06 AM |
| To: | Arnold Levin; 'RHERMAN@hhklawfirm.com'; Sandy Duggan; 'Lenny Davis'; Fred Longer; 'cseeger@seegerweiss.com'; 'gmeunier@gainsben.com' |
| Cc: | Stengel, James L.; Hairston, Eric Matthew; Davidson, Andrew K.; Cabot, Jason; Eikhoff, Christy Hull; Leah Bruno; Michael Barr; Mike Moore; .SF.Fenton, Richard; Becker, Josh; Block, Aaron; Campbell, Steven; Haque, Aliyya; Kahnke, Mackenzie; Kenny, Mike; Krasinski, Brendan; Lawson, Matt; Simmons, Sean; Su, Helen; Taylor, Bernard; Venderbush, David; Ewell (Tim) E. Eagen Jr. (eeagan@gordonarata.com); Donna Phillips Currault (dcurrault@gordonarata.com) |
| Subject: | Depositions in Chinese Drywall MDL 2047 |

Gentlemen and Ms. Duggan,

Defendants want to work with you to coordinate the upcoming Rule 30(b)(6) and individual depositions in this matter. For your convenience, I am writing on behalf of the Taishan defendants and the BNBM defendants as well as our clients, and I have attached below a listing of the dates for all CNBM, BNBM, and Taishan witnesses as currently offered.

As you can see, we have worked to schedule all the depositions to occur before June 9. Given this deadline and the various travel limitations that apply to these witnesses, there necessarily are days when we propose to have multiple depositions occur. Given your prior comments and the size of the PSC, we understood that this approach was acceptable. If, however, you want to propose something different, we are willing to discuss that with you (obviously, within the constraints imposed by trying to coordinate travel for so many foreign nationals). For instance, if you would prefer to schedule some of these sessions after June 9, we can discuss that with our respective clients.

The May depositions now are less than two weeks away. You have written more than once attempting to condition those depositions upon satisfactory productions of documents by the various defendants. We request specific confirmation that these depositions will proceed on the attached schedule, or your immediate advice if you propose instead that these be postponed briefly while productions continue. Our clients are making travel reservations at this time, so I trust you understand that now is the time to decide.

Thank you.

Regards, Chris


Current Listing of Proffered Witness Dates

- May 21: Mr. Zhao – BNBM Group 30(b)(6)
- May 21: Guoping Zhou – CNBM Group 30(b)(6)
- May 22: Zhangli Chang – CNBM Group 30(b)(6)
- May 22-23: Zhangli Chang – individual
- June 2: Che Gang – Taishan 30(b)(6)
- June 3: Jianglin Cao – individual
- June 3: Shou Peng – individual
- June 3: Jianjun Deng – CNBM Forest Products (Canada) 30(b)(6)
- June 4: Jinyu Hu - individual
- June 4: Lihe Wang – CBMIE 30(b)(6)
- June 4: Mr. Chen – BNBM PLC 30(b)(6)

- June 5: Cui Xingtai - individual
- June 5: Mr. Wang – individual
- June 5: Shaojun Zhang – CNBM (USA) 30(b)(6)



**L. CHRISTOPHER VEJNOSKA**
*Partner*

ORRICK, HERRINGTON & SUTCLIFFE LLP
405 Howard Street
San Francisco, CA 94105-2669

tel +1-415-773-5916
fax +1-415-773-5759
Cell +1-925-766-7677
cvejnoska@orrick.com
bio • vcard

www.orrick.com

EXHIBIT C

**From:**               Vejnoska, Christopher
**Sent:**              Tuesday, May 19, 2015 9:05 AM
**To:**                 Orrick Chinese Drywall Litigation
**Subject:**         Fwd: AGENDA - MEET AND CONFER 5/19/15 FROM RUSS HERMAN

Begin forwarded message:

> **From:** Joyce Romano <JROMANO@hhklawfirm.com>
> **Date:** May 19, 2015 at 9:02:51 AM PDT
> **To:** "'cvejnoska@orrick.com'" <cvejnoska@orrick.com>
> **Cc:** "'bernard.taylor@alston.com'" <bernard.taylor@alston.com>, "'mike.kenny@alston.com'"
> <mike.kenny@alston.com>, "'christy.eikhoff@alston.com'" <christy.eikhoff@alston.com>,
> "'eeagan@gordonarata.com'" <eeagan@gordonarata.com>, "'richard.fenton@dentons.com'"
> <richard.fenton@dentons.com>, "'harry.rosenberg@phelps.com'" <harry.rosenberg@phelps.com>,
> "Russ Herman Private" <rhermanprivate@hhklawfirm.com>, Joyce Romano
> <JROMANO@hhklawfirm.com>, "'ijohnson@orrick.com'" <ijohnson@orrick.com>,
> "'michael.barr@dentons.com'" <michael.barr@dentons.com>, "'mike.moore@dentons.com'"
> <mike.moore@dentons.com>
> **Subject: AGENDA - MEET AND CONFER 5/19/15 FROM RUSS HERMAN**
>
> ON BEHALF OF RUSS HERMAN
>
> AGENDA FOR  MAY 19, 2015 MEET & CONFER
>
> Dear Chris:
>
> We will commence 30(b)(6) depositions of CNBM on June 5 and 6, 2015 and continue after the June 9[th]
> Hearing is complete.
>
> We will then begin the 30(b)(6) deposition of the CNBM Group deponent.  After that deposition is
> completed, we intend to proceed with the 30(b)(6) depositions of BNBM and BNBM Group.  Then,
> individual depositions of Taishan, BNBM and BNBM Group and CNBM and CNBM Group will proceed.
>
> We suggest that you begin clearing your witnesses for depositions in New Orleans in the month of June
> and if necessary, the first two weeks in July.
>
> We will give you a week notice of documents in English and produce eight (8) copies at the
> deposition.  We request you to produce CNBM depositions with eight (8) copies of each English
> document in Chinese.
>
> Please concentrate on production of the custodian files of your 30(b)(6) representatives as a primary
> endeavor.
>
> All CNBM depositions occur at Ewell Eagan, Jr's office.  The court reporter and interpreter (approved by
> Judge Fallon) will be provided.

Please join us for dinner tonight at Desi Vegas restaurant at 7:30 P.M.

Regards,
RUSS M. HERMAN, ESQ.

RMH/jsr

Joyce S. Romano
Administrative Assistant to Russ M. Herman
***Herman, Herman & Katz, L.L.C.***
***Herman Gerel, LLP***
820 O'Keefe Avenue
New Orleans, Louisiana  70113
504-581-4892
504-561-6024 (Fax)

[www.hhklawfirm.com](www.hhklawfirm.com)

**PLEASE NOTE THAT MY E-MAIL ADDRESS HAS CHANGED.  PLEASE UPDATE YOUR CONTACT INFORMATION ACCORDINGLY.**

# CONFIDENTIAL ATTORNEY WORK PRODUCT

This e-mail message contains confidential, privileged information intended solely for the addressee.  Please do not read, copy, or disseminate it unless you are the addressee.  If you have received it in error, please call us (collect) immediately at (504) 581-4892 and ask to speak with the message sender.  Also, we would appreciate your forwarding the message back to us and deleting it from your system.  Thank you.

CONFIDENTIAL ATTORNEY WORK PRODUCT
This e-mail message contains confidential, privileged information intended
solely for the addressee.  Please do not read, copy, or disseminate it unless
you are the addressee.  If you have received it in error, please call us
(collect) immediately at (504) 581-4892 and ask to speak with the message
sender.  Also, we would appreciate your forwarding the message back to us and
deleting it from your system.  Thank you.

# EXHIBIT D

| | |
|---|---|
| **From:** | Davidson, Andrew K. |
| **Sent:** | Friday, May 22, 2015 2:18 PM |
| **To:** | Arnold Levin; 'RHERMAN@hhklawfirm.com'; 'Lenny Davis'; Fred Longer; Sandy Duggan |
| **Cc:** | Vejnoska, Christopher; Stengel, James L; Tim Eagan; Donna Currault |
| **Subject:** | Chinese Drywall MDL 2047 - summary of 5/19 meet and confer |
| **Attachments:** | Proposed 502(d) Order.pdf |

Russ, Arnold,

Thank you for extending a warm welcome to our team at Tuesday's meet and confer.  We appreciate the exchange of ideas on how to efficiently move this case forward.

The following summarizes our understanding of what we discussed.  Please confirm that this is your understanding as well.

1. The PSC will take the deposition of the CNBM Group and CNBM Company 30(b)(6) witnesses in early June.  Dates for these depositions are June 5-7 and June 11-13.  We will confer with our clients to confirm that they can travel to the United States during these dates.  You have indicated that you may complete these depositions within two days, and that a fourth day of depositions is unlikely.

2. Depositions will take place at the offices of Gordon Arata, and will run from 9 AM to 5 PM.

3. Russ Herman will take the depositions on behalf of the PSC.

4. We agree to provide the Chinese language copies of any CNBM Company annual report, quarterly update, or other document that the PSC wishes to use during the June 5-8 deposition, to the extent the Chinese language version of these documents are publicly available.  The PSC identified these documents on May 21, 2015.  We request that the PSC provide an electronic copy of the English language version and identify specific pages of these lengthy documents that it wishes to use during the depositions.

5. The PSC has indicated that the depositions may only require two days of questioning, so long as CNBM Group and CNBM Company stipulate to business record foundation and translation accuracy for these corporate reports.

6. The PSC has agreed to limit future document productions to the following categories of documents:  All document requests only seek documents dating back to January 1, 2005.  In addition, the PSC has agreed to limit document requests to the period between January 1, 2005 and January 1, 2012, with the exception of documents relating to Taishan's decision to not appear at the July 17, 2014 judgment debtor examination and documents relating to alleged violations of the contempt order.

7. The PSC requests that we prioritize production of documents for the 30(b)(6) witnesses for CNBM Group (Guoping Zhou) and CNBM Company (Zhangli Chang).  To the extent this is technologically possible, we will prioritize production of these documents.

8. We and the PSC agree that the PSC may ask questions regarding facts relating to the following general categories:  corporate relationships between CNBM Group, CNBM Company, other defendants in this litigation, and companies that are owned to any extent by CNBM Group or CNBM Company; circumstances surrounding the contempt order and alleged violations thereof; and sovereign immunity or jurisdictional issues raised by CNBM Group and CNBM Company in motions, if any.  If the questions

1

on these topics exceed the scope of the operative deposition notices, we may be willing to allow the witness to answer to the best of his or her knowledge, but their testimony will not bind their company.

In addition, we request the following:

9.  The PSC agrees to a joint request for a FRE Rule 502 order allowing parties to claw back inadvertently-produced privileged documents.  A draft order is attached for your review and comment.

10.  The PSC has served multiple "amended" deposition notices, including the most recent set served on May 20, 2015.  We note that the deposition topics in this notice are consistent with the narrowed scope we discussed in your office on May 19, 2015.  However, we further note that you have included language stating that these notices are "in addition" to the prior sets of deposition notices.  We believe that the PSC only seeks documents and intends to ask questions relating to the topics of the May 20, 2015 version, and request confirmation that this is your intent.

Again, thank you for hosting us in New Orleans.  I hope you have an enjoyable long weekend.

Regards,

Andrew



**ANDREW K. DAVIDSON**
*Managing Associate*

ORRICK, HERRINGTON & SUTCLIFFE LLP
405 Howard Street
San Francisco, CA 94105-2669

tel +1-415-773-5472
fax +1-415-773-5759
adavidson@orrick.com
bio • vcard

www.orrick.com

# EXHIBIT E

| | |
|---|---|
| **From:** | Davidson, Andrew K. |
| **Sent:** | Friday, May 29, 2015 5:11 PM |
| **To:** | Russ Herman; Arnold Levin |
| **Cc:** | Lenny Davis; Fred Longer; Sandy Duggan; Vejnoska, Christopher; Hairston, Eric Matthew; Stengel, James L.; Tim Eagan; Donna Currault; Madelyn O'Brien |
| **Subject:** | RE: Chinese Drywall MDL 2047 |

Russ,

Thank you for your messages this week.  The following items summarize our understanding of document productions and contain our responses to your requests relating to the depositions and exhibits for CNBM Group's and CNBM Company's 30(b)(6) depositions.

- **CNBM Group/Co 30(b)(6) Depositions.**  We can confirm that Mr. Zhangli Chang will be present in New Orleans for the CNBM Company 30(b)(6) deposition scheduled for June 5-7.  We can also confirm that Ms. Guoping Zhou will be present in New Orleans for the CNBM Group 30(b)(6) deposition scheduled for June 15-17.

- **CNBM Group/Co Document Productions.**  Thank you for confirming the narrowed scope of future document productions for CNBM Group and CNBM Company.  We will continue to prioritize production of documents for the 30(b)(6) witnesses for these companies, and will also prioritize Mr. Jianglin Cao's documents for production.  With regard to Mr. Bing Wang, we suggest that you confer with Dentons, as they represent BNBM.  We will make every effort to provide documents responsive to your request in advance of the CNBM Group deposition.

- **Deposition Exhibits.**  We are in receipt of the list of documents that you identify as likely to be used during the CNBM Company and CNBM Group depositions (as well as in the depositions of BNBM Group, BNBM Company, and Taishan).  We note that you have identified a large volume of documents, many of which are many hundreds of pages long.  Many of these documents do not appear to have been authored by CNBM Group or CNBM Company.  Additionally, we note that the electronic copies of documents that you provided on May 26 are only a partial set of the documents that you identified as "possible depo docs (30b6 depos)" in your May 28 message.  We are unable to address any documents in the "possible" list that were not provided electronically.  Finally, we note that you have identified a considerable number of possible deposition exhibit pages one week prior to the CNBM Company 30(b)(6) deposition.  This volume of page designations far exceeds the limited scope of cross examination that we understood you would designate, and does not appear to be entirely directed at CNBM Group or CNBM Company.

  - Translations for witnesses.  As we discussed in your office, we are willing to provide copies of the Chinese language versions of the CNBM documents, to the extent they are publicly available, and on the condition that you confirm that you downloaded the English version from the Hong Kong stock exchange website.  However, we are not in a position to provide translated copies of any other documents.

  - Stipulations.  On May 19, you asked us whether we would stipulate to the authenticity of deposition exhibits and to the accuracy of translations of unspecified documents.  You

1

have since propounded RFAs directed at these same general types of documents asking for us to effectively stipulate that these documents are also business records.

As discussed above, the documents you propose to use at the depositions are numerous, lengthy, have not all been provided to us for our review, and many do not appear to have been authored by CNBM Group or CNBM Company.  As we are not familiar with the non-CNBM documents, we must locate and review them, and consider what we are able to do.

We believe that we will likely be able to stipulate that public disclosures and announcements prepared by CNBM Group or CNBM Company are *authentic,* on the condition that you can confirm that you downloaded them from the Hong Kong stock exchange.

Additionally, you have not given us the time necessary to locate and review each of these lengthy documents to determine whether they are in fact *business records* as that term is used in the Federal Rules of Evidence.

Finally, we do not believe that it is possible to stipulate to the *accuracy of translations*.  As you know, the written Mandarin dialect is often capable of more than one interpretation.  We are willing to agree that the translations attached to the declaration of Yan Gao may be used during the depositions to question witnesses.  However, the witnesses must be allowed to state whether they share your interpretation of the document contents.

We note that you have asked us whether we can respond in an expedited manner to the RFAs propounded, as you describe, "to speed up the introduction of evidence at the June 9, 2015 [damages] hearing."  As Judge Fallon stated on the May 28, 2015 telephonic status conference, the June 9 hearing is limited solely to the issue of damages, and the Court does not intend to entertain issues of liability or alter ego considerations.  Thus, we do not believe that there is any need for expedited responses to the RFAs.  We will respond to the RFAs within the time allotted per Fed. R. Civ. P. 36.

- **Clawback Agreement.**  We previously provided a revised clawback agreement pursuant to your requested revisions.  Please confirm that you agree with this document so that we may send you the signed original for filing with the Court.

Very truly yours,

Andrew

# EXHIBIT F

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: CHINESE MANUFACTURED DRY WALL PRODUCTS LIABILITY LITIGATION | : MDL No. 2047 |
| | : Section L |
| | : |
| This Document Relates to | : JUDGE FALLON |
| ALL CASES | : MAG. JUDGE WILKINSON |

PEOPLE'S REPUBLIC OF CHINA

CITY OF _____ Beijing _____

DECLARATION OF 杨颖（Ying YANG）

This is a declaration being made in accordance with and pursuant to 28 U.S.C. § 1746.

I, 杨颖（Ying YANG）, declare under penalty of perjury under the laws of the United States of America that the following statements are true and correct:

1. I am over eighteen (18) years of age, am competent to testify to the matters contained herein, and have personal knowledge of these facts.

2. I am director of translation division with Beijing Golden Olive Translation Center, and work in the office in Beijing, China.

3. I am fluent in the languages of Chinese and English.

4. I hereby certify that I prepared the English translation of the "ERRATA TO THE DEPOSITION OF SONG ZHIPING" ("ERRATA") in Chinese which was signed by Mr. SONG Zhiping, and when I translated the page/line numbers in the ERRATA, I reviewed the Transcript in English (see Attachment A) and the Chinese translation of the Transcript (see Attachment B) and confirmed that the contents in the Chinese translation of the Transcript as referred to by the page/line numbers indicated in the ERRATA in Chinese are corresponding to the contents in the Transcript in English as referred to by the page/line numbers indicated in the English translation of the ERRATA. I further certify that these copies of the ERRATA are true and accurate translations of one another.

I certify under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.



Executed on October 19, 2015

_____
Signature

_____
杨颖
Printed Name

路易斯安那州东区美国联邦地区法院

多地区合并诉讼案号：2:09-md-2047
关于：中国制造的石膏墙产品责任诉讼

宋志平的 2015 年 9 月 14 日-15 日庭外采证勘误表

| 页/行 | 记录 | 更正 | 理由 |
|---|---|---|---|
| 14:7 | 它是泰山的一个股东？<br>我不确定。 | 它是泰山的一个股东？对那件事我说不清楚。 | 翻译错误 |
| 14:15 | 我不确定。 | 至于这是不是它的子公司，我对这件事不太清楚。 | 翻译错误 |
| 20:8 | 中国建材研究机构 | 中国建筑材料科学研究总院 | 翻译错误 |
| 27:13 | 我曾经参观过在泰安市的泰山石膏板公司一次。 | 我曾经参观过在泰安市的泰山石膏股份有限公司一次。 | 澄清 |
| 27:17 | 购买了 | 收购了 | 翻译错误 |
| 28:7 | 这件事不必然需要我的批准。 | 这件事不需要我的批准。 | 翻译错误 |
| 29:9 | 具体情况我不确定，因为在所有的这些年中总是有增长。他们在所有这些年中一直在增加他们的产品。 | 具体情况我不确定，但他们的产量在所有这些年中一直在增长。 | 翻译错误 |
| 34:15 | 我不记得了，但我相信我已经看过了。 | 我不记得了。但我很有可能看过。 | 翻译错误 |
| 39:10-<br>39:11 | 因此，根据公开上市规则，母公司及其子公司构成本公司的关联方。 | 因此，根据公开发售规定，母公司及其子公司构成本公司的相关方。 | 翻译错误 |
| 41:6-<br>41:8 | 中国建材和中国建材集团都行使它们的股东权利。因 | 中国建材股份有限公司和中国建材集团都行使它作为股东的权利。我认为，该影响是指 | 翻译错误 |

| | 此，它们的重要性——重大影响是在那些股东权利范围之内的。 | 随股东权利而来的股东权利影响范围内的影响。 | |
|---|---|---|---|
| 43:1 | 金额。 | 收入。 | 翻译错误 |
| 43:14 | 我不确定他们在那时做了什么。 | 我不知道他们那时做了什么。 | 翻译错误 |
| 55:8 | 这个母公司拥有这几个公司。 | 这个母公司持有这几个公司的股份。 | 翻译错误 |
| 59:13 | 我记不清了。我相信我确实问过他。 | 我记不清了。我很有可能问过他。 | 翻译错误 |
| 61:2 | 中国建材的法务人员会见过部长——商务部。 | 中国建材集团的法务人员会过商务部。 | 澄清 |
| 61:9 | 中国建材的法务部 | 中国建材集团的法务部 | 澄清 |
| 64:3 | 我不记得开过任何会议。 | 我不记得开过什么会议。 | 翻译错误 |
| 66:14 | 那个会议的主持人是周张利（音）。 | 那个会议的主持人是曹江林。 | 澄清 |
| 67:13 | 学安 | 暄 | 翻译错误 |
| 67:13 | 陈 | 曾 | 翻译错误 |
| 71:4 | 我不确定……财务问题。 | 我不了解……财务上的事情。 | 翻译错误 |
| 86:1 | 郝振华是副主管。 | 郝振华是副秘书。 | 翻译错误 |
| 86:12 | 赵延敏是……经理。 | 赵延敏是……副经理。 | 翻译错误 |
| 87:5-6 | 公告 | 通报 | 澄清 |
| 131:3-131:6 | 中国建材是泰山最大的股东。它只是表达作为股东的意见。但是泰山是否听取这个意见，这是他们自己的决定。 | 中国建材股份拥有北新建材股份的股权，而北新建材是泰山最大的股东。中国建材股份不对泰山石膏直接表达意见。它只是表达它作为北新建材股东的意见。但是泰山是否听取这个意见，这是他们自己的决定。 | 澄清 |
| 139:2 | 公司 | 北新建材股份 | 澄清 |

| 154:2 | 这个描述可能导致争议或不同的看法。 | 这个描述可能导致不同的看法。 | 翻译错误 |
|---|---|---|---|
| 174:8–174:9 | 理所当然北新建材的董事任职于泰山石膏的董事会。 | 理所当然北新建材有权提名泰山石膏的若干董事。 | 澄清 |
| 184:1–184:2 | 北新建材 | 北新建材集团 | 澄清 |
| 187:7–187:10 | 北新建材集团从中国建材得到的股息是，首先，要到了中国建材集团的账上。从财务上，它被记作北新建材集团的股息收入，但也许中国建材需要资金。因此，中国建材想要首先从账上将现金转到中国建材。 | 北新建材集团从中国建材得到的股息将首先到北新建材集团账上。从财务上，它被记作北新建材集团的股息收入，但也许中国建材集团可能想要借入资金。因此，中国建材想要从账上将现金转到中国建材集团。 | 澄清 |
| 213:2 | 董主席 | 宋主席 | 翻译错误 |

庭外采证证人的确认书

本人，宋志平，在此证明我已阅读前述各页的内容，且前述的内容为我对其中提出的问题所做出的回答的正确记录，但对形式或实质内容的更正或改变除外。对形式或实质内容的更正或改变，如果有的话，在所附勘误表上进行备注。

宋志平          日期

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

MDL No. 2:09-md-2047

IN RE:  CHINESE MANUFACTURED DRYWALL PRODUCTS LIABILITY LITIGATION

**ERRATA TO THE DEPOSITION OF SONG ZHIPING
TAKEN SEPTEMBER 14-15, 2015**

| Page/Line | Transcript | Change | Reason |
|---|---|---|---|
| 14:10-14:11 | It is a shareholder of Taishan?  I'm not sure. | Is it a shareholder of Taishan?  I am not able to speak clearly for that. | Interpretation error |
| 14:20-14:24 | I'm not sure. | I don't have clear knowledge of this matter as to whether this is its subsidiary. | Interpretation error |
| 20:13-20:14 | CNBM Research Institute | China Building Materials Academy | Interpretation error |
| 27:24 | purchased | acquired | Interpretation error |
| 27:19-27:20 | I have visited the Taishan Gypsum board company in Tai'an once. | I have visited the Taishan Gypsum  Co.  Ltd  in Tai'an once. | Clarification |
| 28:10-28:11 | This matter does not necessarily require my approval. | My approval is not required for this matter. | Interpretation error |
| 29:12-29:15 | I'm not sure about the specifics because there had always been an increase in all these years. They had been increasing their products in all these years. | I'm not sure about the specifics but their production has been increasing for all these years. | Interpretation error |
| 34:23-34:24 | I don't recall, but I believe I have read it. | I don't recall.  But I probably read it. | Interpretation error |
| 39:22-39:24 | Therefore, according to the public listing principal, the parent company and its subsidiary companies constitute this company's affiliates. | Therefore, according to the public offering regulations, parent company and its subsidiary companies constitute related parties of this company. | Interpretation error |

| Page/Line | Transcript | Change | Reason |
|---|---|---|---|
| 41:8-41:11 | Both CNBM and CNBMG exercise their rights of shareholders. Therefore, their significance – significant influence is within those shareholder rights. | Both CNBM Company Limited and CNBM Group exercise their rights as shareholders. I think, the influence refers to influence within the scope of rights of shareholder influence that comes with the rights of shareholder. | Interpretation error |
| 43:2 | amount. | revenue. | Interpretation error |
| 43:18 | I'm not sure what they did at the time. | I do not know what they did at the time. | Interpretation error |
| 55:13 | This parent company owns these few companies. | This parent company holds shares of these few companies. | Interpretation error |
| 59:19-59:20 | I don't have a clear recollection. I believe I did ask him. | I don't have a clear recollection. I probably asked him. | Interpretation error |
| 61:7-8 | The legal staff in CNBM had meetings with the minister – the Ministry of Commerce. | The legal staff in CNBM Group had meetings with the Ministry of Commerce. | Clarification |
| 61:16 | CNBM's legal department | CNBM Group's legal department | Clarification |
| 64:4-64:5 | I don't recall any meeting was held. | I don't recall what meeting was held. | Interpretation error |
| 66:14 | The host of that meeting is Zhou Zhangli. | The host of that meeting is Cao Jianglin. | Clarification |
| 67:22 | Xue'an | Xuan | Interpretation error |
| 67:22 | Chen | Zeng | Interpretation error |
| 71:6 | I'm not sure the financial issues | I don't have knowledge about the financial matter | Interpretation error |
| 86:1 | Hao Zhenhua is the deputy director | Hao Zhenhua is the deputy secretary | Interpretation error |
| 86:19 | Zhao Yanmin is the manager | Zhao Yanmin is the deputy manager | Interpretation error |
| 87:10 | announcements | notifications | Clarification |

| Page/Line | Transcript | Change | Reason |
|---|---|---|---|
| 131:7-131:11 | CNBM is Taishan's biggest shareholder. It only expresses its opinion as a shareholder. But whether or not Taishan would listen to that opinion, the decision is theirs to make. | CNBM Company holds shares in BNBM Company, which is Taishan's biggest shareholder. CNBM Company does not express its opinion to Taishan directly. It only expresses its opinion as a shareholder of BNBM Company. But whether or not Taishan would listen to that opinion, the decision is theirs to make. | Clarification |
| 139:3 | Company's | BNBM Company's | Clarification |
| 154:3-154:4 | The description may cause dispute or different opinions. | The description may cause different opinions. | Interpretation error |
| 174:14-174:15 | Of course BNBM's directors would be in the board of directors of Taishan Gypsum. | Of course BNBM has the right to nominate some directors of Taishan Gypsum. | Clarification |
| 184:3 | BNBM | BNBM Group | Clarification |
| 187:13-187:19 | BNBMG's dividends from CNBM is, first of all, to have arrived at the book of CNBMG. Financially it is to be recorded as the income dividend of BNBMG, but perhaps CNBM needs funds. Therefore, CNBM would like it to, first of all, transfer the cash to CNBM from the Books. | BNBMG's dividends from CNBM will first arrive at BNBMG's book. Financially it is to be recorded as the income dividend of BNBMG, but perhaps CNBMG might want to borrow the fund. Therefore, CNBM would like it to transfer the cash to CNBMG from the book. | Clarification |
| 213:5 | Chairman Dong | Chairman Song | Interpretation error |

**Acknowledgement of Deponent**

I, Song Zhiping, do hereby certify that I have read the foregoing pages, and that the same is a correct transcription of the answers given by me to the questions therein propounded, except for the corrections or changes in form or substance, if any, noted in the attached Errata Sheet.

_____

**Song Zhiping**                                       **Date**