UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: CHINESE MANUFACTURED DRYWALL PRODUCTS LIABILITY LITIGATION | : : : | MDL NO. 2047 |
| This Document Relates to All Cases | : : : : | SECTION: L JUDGE FALLON |
| .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. | : | MAG. JUDGE WILKINSON |

# REPORT BY THE SETTLEMENT ADMINISTRATOR FOR THE CHINESE DRYWALL SETTLEMENT PROGRAM

## STATUS REPORT NO. 28 DATED DECEMBER 4, 2015

The Settlement Administrator for the Chinese Drywall Settlement Program (the "Settlement Program") submits this Status Report to inform the Court of the status of the Chinese Drywall Settlement Program as of December 4, 2015. The Settlement Administrator will provide additional information as requested by the Court.

**I.     STIPEND LIST**

On December 17, 2014, the Court issued an Order granting the Fee Committee's inspection costs and hold back motion pursuant to Pre-Trial Order No. 28(E) and accepted the recommendation of the Fee Committee that a reasonable stipend of $1,000.00 per property for those properties where KPT Chinese Drywall is present, including homes with mixed board that includes KPT Chinese Drywall. The Court further accepted the Fee Committee's recommendation that for those properties with non-KPT Chinese Drywall only, a reasonable stipend should be $150.00 per property (See Rec. Doc. 18215). The stipend payment applies to eligible Chinese Drywall properties that are in the MDL Settlements. The stipend payments are to be paid from the Chinese Drywall Settlement Attorney Fee Fund, upon orders issued by the Court.

1

The Settlement Administrator reviewed the Chinese Drywall Settlement Program databases and sent a Stipend List to each firm that participated in the Chinese Drywall Settlement Program. The Stipend List shows all properties on file with the Chinese Drywall Settlement Program for a firm and an initial determination as to whether a property is eligible for a stipend payment, and if so, the amount of the stipend available for each property.

Each firm was instructed to review its Stipend List carefully to confirm the accuracy of the information on the list. If a firm believed that its Stipend List contained any errors, or if a property had been omitted or wrongly identified on the list, the firm was instructed to notify the Settlement Administrator of the alleged discrepancy as follows:

a. If a property has been omitted from the list, add the claimant name, street address, eligible claim number, and drywall manufacturer to the second tab of the Stipend List.

b. If the stipend for a property that is identified on the list is not correct, please explain by leaving a detailed explanation in the column marked "Dispute" in the Stipend List.

c. For all other discrepancy, please send a reply email to CDWquestions@browngreer.com with a full explanation of the issue and provide any appropriate proof to support your position.

The Court issued PTO 30 on November 23, 2015. PTO 30 outlines the policies and procedures related to stipend payments and also includes a list of all stipend payments as an exhibit. The Settlement Administrator has worked closely with the PCS on issues related to PTO 30 and is prepared to issue stipend payments once the 30 day period to appeal PTO 30 passes.

## II. STATUS OF REGISTRATION AND CLAIMS FILING

### A. Registration

The Settlement Administrator opened the Settlement Program on March 27, 2013 following the Court's Order requiring registration of claims. The registration period closed on October 25, 2013 after several deadline extensions. A total of 9,946 claimants registered a total of 20,651 properties. Collectively, these claimants indicated that they would file a total of 26,414 claims. This number is based solely on non-binding information solicited as part of the registration process, and does not reflect the total number of claims actually filed.

There are more registered properties than registered claimants because many claimants registered multiple properties. Table 1 shows the number of registered properties and claimants.

| Table 1. Chinese Drywall Settlement Program Registered Affected Properties (As of 12/4/15) | | | | |
|---|---|---|---|---|
| Row | Category | Registered Claimants | Registered Properties | Registered Claims |
| 1. | Represented | 8,636 (200 Firms) | 18,724 | 24,018 |
| 2. | Pro Se | 1,310 | 1,927 | 2,396 |
| 3. | Total | 9,946 | 20,651 | 26,414 |

### B. Claims Filing

Claim forms became available for both online and hard copy submission on May 27, 2013 and were available until the October 25, 2013 claims filing deadline. Claimants filed a total of 22,622 claims with the Settlement Program. Table 2 provides a detailed breakdown of the number of claims filed and reviewed.

3

| \multicolumn{4}{c}{**Table 2. Claims Review Summary** (As of 12/4/15)} |
|---|---|---|---|
| **Row** | **Claim Type** | **Submitted Claims** | **Reviewed Claims** |
| **1.** | Bodily Injury | 873 | 873 |
| **2.** | Foreclosure or Short Sale | 928 | 928 |
| **3.** | Global, Banner, InEx Repair and Relocation Expenses | 12,599 | 12,599 |
| **4.** | Knauf Remediation | 1,411 | 1,411 |
| **5.** | Lost Rent, Use, or Sales | 1,928 | 1,928 |
| **6.** | Miscellaneous | 4,068 | 4,068 |
| **7.** | Pre-Remediation Alternative Living Expenses | 756 | 756 |
| **8.** | Tenant Loss | 59 | 59 |
| **9.** | **Total** | **22,622** | **22,622** |

### III. STATUS OF CLAIMS REVIEW BY CLAIM TYPE

#### a. Knauf Remediation Claims Review

Table 3 summarizes the result of the Knauf Remediation claims reviewed. Claimants who have submitted sufficient indicia of KPT Chinese Drywall require an inspection from a Program Inspector to confirm the presence and amount of KPT Chinese Drywall in the Claimants' property. Properties for which a Program Inspection has confirmed the presence of KPT Chinese Drywall require an estimate of the cost of remediation from Moss Construction, the Program Contractor. Finally, claimants who already have an estimate from Moss Construction need to return Work Authorization and/or Releases before remediation can begin.

| Table 3. Knauf Remediation Review Results (As of 12/4/15) ||||
|---|---|---|---|
| **Row** | **Review Result** | **# of Claims** | **Change Since last Status Report** |
| 1. | Program Inspection Required | 48 | -1 |
| 2. | Moss Estimate Required | 12 | -1 |
| 3. | Work Authorization Required | 12 | 0 |
| 4. | Denied | 1,235 | -4 |
| 6. | Incomplete | 0 | 0 |
| 7. | Lower Case KPT | 54 | 0 |
| 8. | Claim Withdrawn | 36 | 0 |
| 9. | **Total** | **1,397** | **N/A** |

b. **Global, Banner, InEx Repair and Relocation Claims Review**

Global, Banner, and InEx claims are claims made against three separate settlement funds for repair and relocation expenses. Table 4 summarizes the result of Global, Banner, InEx Repair and Relocation review results.

| Table 4. Global, Banner, InEx Repair and Relocation Review Results (As of 12/4/15) |||
|---|---|---|
| **Row** | **Review Result** | **# of Claims** |
| 1. | Eligible | 10,054 |
| 2. | Denied | 1,734 |
| 3. | Incomplete | 0 |
| 4. | Claim Withdrawn | 392 |
| 5. | **Total** | **12,180** |

Payments for Global, Banner, and InEx Repair and Relocations claims are based on a pro-rata distribution of available funds. The amount available to each claimant depends on the Under Air Square Footage (the area of the property that is heated and cooled and suitable for habitation year round) of the claimant's property and the Settlement(s) from which they are eligible for compensation. Table 5 provides the total Under Air Square Footage of all eligible properties and the amounts available for each Chinese Drywall Settlement. The Settlement

5

Administrator has calculated the total available per square foot by dividing the amount available for distribution by the total Under Air Square Footage of all eligible properties. The "Total Eligible Under Air Square Footage" column in Table 5 below contains the Under Air Square Footage for all eligible claims, including claims submitted by Knauf pursuant to CAP 2014-8, and all open claims. The "Payment Per Square Foot" column in Table 5 is the product of the amount in the "Settlement Amount Available" column divided by the amount in the Total Eligible and Open Under Air Square Footage column.

| Table 5. Global, Banner, InEx Repair and Relocation Payment Calculation | | | | |
|---|---|---|---|---|
| Row | Settlement Fund | Settlement Amount Available | Total Eligible Under Air Square Footage | Payment Per Square Foot |
| 1. | Banner | $32,407,975.79 | 10,588,086 | $2.97 |
| 2. | InEx | $2,068,286.11 | 5,575,028 | $0.36 |
| 3. | Global Builder | $18,779,229.25 | 8,974,310 | $2.03 |
| 4. | Global Supplier | $13,980,092.89 | 4,041,779 | $3.36 |
| 5. | Global Installer | $8,972,298.42 | 9,170,409 | $0.95 |
| 6. | **Total** | **$76,207,882.46** | **38,349,612** | **N/A** |

Table 6 provides details of payments issued for Global, Banner, InEx Repair and Relocation claims to date. The Parties approved CAP 2014-9, which authorizes payments, on September 11, 2014 and the Settlement Administrator began issuing payments on September 12, 2014. Eligible claimants must submit a W-9 and Verification of Claims form in order to receive payment for a claim. In some cases, the Settlement Administrator will hold payment on claims even if all required documents have been submitted, most commonly when two claims are submitted for a single property.

| Table 6. Global, Banner, InEx Payments (As of 12/4/15) ||||  |
|---|---|---|---|---|
| Row | Settlement Fund | # of Claims Paid | Total Disbursement | Remaining Funds |
| 1. | Banner | 4,250 | $25,832,805.35 | $6,575,170.44 |
| 2. | InEx | 1,904 | $1,485,213.74 | $583,072.37 |
| 3. | Global | 7,105 | $33,579,549.78 | $8,152,070.78 |
| 4. | Total | 13,259 | $60,897,568.87 | $15,310,313.59 |

c. Other Loss Claims Review

Other Loss claims include 6 separate claim types – Bodily Injury, Foreclosure/Short Sale, Lost Rent, Use, or Sales, Miscellaneous, Pre-Remediation Alternative Living Expenses, and Tenant Loss. Table 7 provides a detailed breakdown of Other Loss Claims review.

| Table 7. Other Loss Claim Summary (As of 12/4/15) |||||  |
|---|---|---|---|---|---|
| Row | Claim Type | Eligible | Denied | Incomplete | Total |
| 1 | Bodily Injury | 174 | 657 | 0 | 831 |
| 2 | Foreclosure or Short Sale | 694 | 222 | 0 | 916 |
| 3 | Lost Rent, Use or Sales | 1,271 | 413 | 18 | 1,702 |
| 4 | Pre-Remediation Alternative Living Expenses | 526 | 194 | 0 | 720 |
| 5 | Miscellaneous | 2,482 | 1,301 | 0 | 3,783 |
| 6 | Tenant Loss | 23 | 33 | 2 | 58 |
| 7 | Total | 5,170 | 2,820 | 20 | 8,010 |

d. Other Loss Claim Payment

The Court entered PTO 29 on December 23, 2014. PTO 29 authorizes the Settlement Administrator to make initial offers on all eligible Other Loss claims. These initial offers ("Resolution Offers") may be accepted by a claimant immediately upon receipt of the Resolution Offer and the Settlement Administrator will issue payment in the amount of the Resolution Offer. In the alternative, a claimant who does not wish to accept the Resolution Offer may,

7

within 30 days of the Resolution Offer, request an increased offer from the Special Master by submitting a request to the Special Master for an increased award (a "Special Master Award"). The Special Master will review the request and issue a claim determination. The amount offered to a claimant after Special Master review may increase, decrease, or stay the same as the initial Resolution Offer.

The Settlement Administrator began issuing Eligibility Notices that contain Resolution Offers on January 13, 2015. Table 8 lists the details of Other Loss Resolution Offer Amounts, Eligibility Notices issued, Resolution Offer Acceptances and Special Master Award Requests.

| **Table 8. Other Loss Resolution Offer Summary (As of 12/4/15)** |||||
|---|---|---|---|---|
| **Row** | **Claim Type** | **Eligibility Notices** | **Open Offers** | **Resolution Offer Acceptances** | **Special Master Award Requests** |
| **1.** | Bodily Injury | 175 | 0 | 113 | 62 |
| **2.** | Foreclosure or Short Sale | 694 | 0 | 523 | 171 |
| **3.** | Lost Rent, Use or Sales | 1,243 | 0 | 1,214 | 29 |
| **4.** | Pre-Remediation Alternative Living Expenses | 526 | 0 | 440 | 86 |
| **5.** | Miscellaneous | 2483 | 0 | 2107 | 376 |
| **6.** | Tenant Loss | 23 | 7 | 14 | 2 |
| **7.** | **Total** | **5,144** | **7** | **4,411** | **726** |

The Settlement Administrator began issuing payment for accepted Resolution Offers on January 19, 2015. Table 9 provides details on Other Loss payments.

| <th colspan="4">Table 9. Other Loss Payment Summary<br>(As of 12/4/15)</th> |||| 
|---|---|---|---|
| **Row** | **Claim Type** | **# of Claims Paid** | **Total Disbursement** |
| 1. | Bodily Injury | 112 | $112,000.00 |
| 2. | Foreclosure or Short Sale | 516 | $5,160,000.00 |
| 3. | Lost Rent, Use, or Sales | 1,207 | $5,934,180.74 |
| 4. | Miscellaneous | 2,063 | $4,214,517.30 |
| 5. | Pre-Remediation Alternative Living Expenses | 438 | $5,361,591.89 |
| 6. | Tenant Loss | 12 | $23,100.70 |
| 7. | **Total** | **4,348** | **$20,805,390.63** |

### IV. SPECIAL MASTER AWARDS NOTIFICATION

The Settlement Administrator is working closing with the Special Master to review Requests for Special Master Award and notify law firms and claimants of the outcome of those reviews. On December 3, 2015, the Settlement Administrator issued Special Master Award Determination Notices to 49 law firms representing 413 claimants with a total of 663 Other Loss claims. The Settlement Administrator emailed each law firm an excel document containing the details of the Special Master Award for each claimant. The Settlement Administrator also issued Special Master Award Determination Notices to 57 pro se claimants with a total of 63 Other Loss claims.

Recipients of Special Master Awards may request reconsideration of the Special Master award by emailing the Settlement Administrator. Reconsideration requests must contain specific references that support the request and must show the underlying calculation that supports the amount the claimant believes is appropriate. Responses are due to the Settlement Administrator by December 18, 2015.

To date the Settlement Administrator received eight responses to the Special Master Award Determination Notices. Two claimants accepted the Special Master Award and six claimants requested Reconsideration. If a claimant requests Reconsideration the Special Master will re-review the Request for Special Master Award.

The Settlement Administrator anticipates that there will be a pro rata reduction to each Special Master Award to account for the funds available for all Other Loss claims. For example, if the total amount of all Special Master Awards is $30,000,000, but there is only $15,000,000 available, all Awards will be reduced by 50% to fit the actual amount available for distribution. The exact pro rata reduction will be finalized when all Other Loss claims are completely resolved and final determinations have been made.

## V.   CLAIMS ADMINISTRATOR PROCEDURES

The Plaintiffs Steering Committee, the Knauf Defendants, the Builder class, and the Settlement Administrator have agreed on nine Claims Administrator Procedures ("CAPs") that clarify certain elements of the Settlement Program. The details of the nine CAPs are as follows:

1.   ***Establishment of System for Creating and Tracking Chinese Drywall Settlement Program Claims Administration Procedures*** ("CAP 2013-1"). CAP 2013-1 establishes the CAP process and sets out the procedure for issuing CAPs.

2.   ***Clarification of Proof Requirements and Use of Affidavit to Prove Indicia*** ("CAP 2013-2"). CAP 2013-2 sets out a detailed explanation of how the Settlement Administrator will review claims for indicia of Chinese Drywall and other facts related to builder, supplier, and installer information for an Affected Property. It also adopts an Affected Property Information Affidavit for use by

claimants who do not have documentary evidence of their builder, supplier, or installer.

3. ***Incomplete Claim Procedure*** ("CAP 2013-3"). CAP 2013-3 sets out a detailed explanation of the procedure that the Settlement Administrator will follow in processing Incomplete Claims. Upon determining that a claim is incomplete, the Settlement Administrator will notify the claimant (or if represented, the claimant's counsel) of the incompleteness, and will list the documents or information necessary to complete the claim. The claimant or counsel will have 30 days to supply the missing documents or information.

4. ***Time for Mediation Following Remediation by Lead Contractor*** ("CAP 2013-4"). CAP 2013-4 sets forth the timing by which claimants, the Knauf Defendants, or the Lead Contractor may request mediation with the Special Master pursuant to the Knauf Settlement Agreement. This CAP relates solely to remediations conducted pursuant to section 4.3.1 of the Knauf Settlement Agreement (Option 1. Program Contractor Remediation Option/Property Not Yet Remediated).

5. ***Appellate Procedure*** ("CAP 2013-5"). CAP 2013-5 sets out a detailed explanation of the appellate procedure available to claimants after the Settlement Administrator issues an Eligibility, Denial, or Incompleteness Denial for a claim. Claimants may appeal directly to the Special Master within 30 days of the issuance of an Eligibility, Denial, or Incompleteness Denial Notice for a claim. The Special Master will perform a de novo review of the claim and issue a written opinion.

6. *Miscellaneous Claims Processing Procedures* ("CAP 2013-6"). CAP 2013-6 establishes several important deadlines, as set forth below.

   a. ***Claim Form Supplementation.*** Claimants who have filed at least one claim on or before the Claims Submission Deadline may supplement previous claim filing(s) by filing additional claims on or before January 15, 2014.

   b. ***Claims filed in Error.*** If the Settlement Administrator determines that a claimant may have a valid claim but erroneously filed an incorrect claim form, the Settlement Administrator will notify the claimant of the filing error and allow the claimant 30 days to submit the proper claim form.

   c. ***Submission of Supporting Documents.*** Claimants may continue to submit supporting documents after the Claims Submission Deadline.

   d. ***Claim Form Signature.*** Claimants who have: (1) started but did not submit a claim form through the web portal; or (2) submitted a hard copy unsigned Claim Form to the Settlement Administrator on or before the Claims Submission Deadline will be permitted to sign and submit the claim on or before January 15, 2014.

   e. ***Claims Created after Deadline.*** Claimants whose claims do not come into existence until after the Claims Submission Deadline will be permitted to submit claims upon a showing that the claim did not exist until after the Claims Submission Deadline. The deadline to submit claims pursuant to this paragraph is February 28, 2014.

   f. ***Claims Assigned after the Deadline.*** Knauf Plasterboard Tianjin, Co. Ltd. ("Knauf") will be permitted to submit claims assigned to Knauf after the Claims

> Submission Deadline as part of Knauf's agreement to remediate properties containing KPT Chinese Drywall. The deadline to submit claims pursuant to this paragraph is February 28, 2014.
>
> g. ***Deadline to Return Work Authorization Packets.*** To the extent that claimants and/or their counsel have received Work Authorization Packets, including Releases those Work Authorization Packets must be returned to the Settlement Administrator by February 15, 2014.

7. ***Deadline to Submit Work Authorization Documents for Certain Claimants.*** ("CAP 2014-7"). CAP 2014-7 established a deadline of the later of April 30, 2014 or 30 days after the receipt of Work Authorization packets for all claimants eligible for remediation from Knauf to return Work Authorization Packets for an Option 1 remediation or all documentation required to be returned for Option 2 or Option 3 remediation.

8. ***Clarification of Proof Requirements for the Knauf Defendants' Claims Submissions.*** ("CAP 2014-8"). CAP 2014-8 sets forth the proof requirements for claims submitted by the Knauf Defendants for payment out of the Global, Banner, and InEx Settlements.

9. ***Distribution of Funds from the Global, Banner, and InEx Repair and Relocation Qualified Settlement Funds*** ("CAP 2013-9"). CAP 2013-9 establishes the procedures that the Settlement Administrator will use to distribute funds from the Global, Banner, InEx Repair and Relocation funds.

The Settlement Administrator has posted all CAPs to the Chinese Drywall Settlement Program website at <https://www3.browngreer.com/Drywall/Un-Secure/CAProcedure.aspx> and

has filed copies of all approved CAPs with the Court and served the same on all parties via the Court's ECF notification system and LexisNexis file and serve.

## VI.   SETTLEMENT ADMINISTRATOR CONTACT INFORMATION

Claimants can contact the Settlement Administrator by a variety of methods.  Table 10 lists all contact information for the Settlement Administrator.

| | Table 10.  Chinese Drywall Settlement Program Settlement Administrator Contact Information | |
|---|---|---|
| Row | Method | Detail |
| 1. | Web Portal | www3.browngreer.com/drywall |
| 2. | Email Address | CDWQuestions@browngreer.com |
| 3. | Toll Free Number | (866) 866-1729 |
| 4. | Claim Submission Address | Chinese Drywall Settlement Administrator<br>P.O. Box 25401<br>Richmond, Virginia 23260 |
| 5. | Parcel Delivery | Chinese Drywall Settlement Administrator<br>250 Rocketts Way<br>Richmond, Virginia 23231 |

## VII.   CONCLUSION

The Settlement Administrator offers this Report to ensure that the Court is informed of the status of the Program to date.  If the Court would find additional information helpful, we stand ready to provide it at the Court's convenience.

Respectfully submitted,

   /s/ Jacob Woody_____
Lynn Greer, Esquire (Va. Bar No. 29211)
Jacob S. Woody, Esquire (Va. Bar No. 77485)
BrownGreer, PLC
250 Rocketts Way
Richmond, VA 23231
Telephone:  (804) 521-7234
Facsimile:  (804) 521-7299
lgreer@browngreer.com
jswoody@browngreer.com

*Settlement Administrator for the Chinese Drywall Settlement Program*

**CERTIFICATE OF SERVICE**

I hereby certify that the above pleading will be served on by electronically uploading the same to LexisNexis File & Serve in accordance with Pretrial Order No. 6, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/EDF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2047, on this 4th day of December, 2015.

    /s/Jacob Woody_____
Lynn Greer, Esquire (Va. Bar No. 29211)
Jacob S. Woody, Esquire (Va. Bar No. 77485)
BrownGreer, PLC
250 Rockets Way
Richmond, VA 23231
Telephone: (804) 521-7200
Facsimile: (804) 521-7299
lgreer@browngreer.com
jswoody@browngreer.com

*Settlement Administrator for the Chinese Drywall Settlement Program*