UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In re:  CHINESE-MANUFACTURED | * | MDL 2047 |
| DRYWALL PRODUCTS | * | |
| LIABILITY LITIGATION | * | SECTION L |
| | * | |
| | * | JUDGE FALLON |
| **This document relates to: All Cases** | * | |
| | * | MAGISTRATE JUDGE WILKINSON |
| | * | |
| * * * * * * * * * * * * * * * * * * | | |

### MEMORANDUM IN SUPPORT OF THE KNAUF DEFENDANTS' RESPONSE TO PLAINTIFFS' MOTIONS (REC. DOCS. 19666, 19706, 19829, AND 19832) REGARDING PAYMENT OF GBI CLAIMS

The Knauf Defendants[1] file this Response to motions by plaintiffs Cerna (Rec. Doc. 19666), Lustberg (Rec. Doc. 19706), Brandolino (Rec. Doc. 19829), and Perone (Rec. Doc. 19832) regarding payment of Global,[2] Banner, and InEx (GBI) settlement claims.

The Court should deny the Lustberg, Cerna, and Brandolino motions for the following reasons: the Lustberg motion is moot, as the Knauf Defendants have withdrawn their competing claim to the GBI funds, and the Cerna and Brandolino motions incorrectly state that the plaintiffs are the proper payees of the GBI funds when the Knauf Defendants are the proper payees. Lastly, the Perone motion requires clarification which the Knauf Defendants would like to provide for the record.

---

[1] The Knauf Defendants include Knauf Plasterboard (Tianjin) Co., Ltd., Knauf Plasterboard (Wuhu) Co., Ltd., Guangdong Knauf New Building Material Products Co., Ltd., Knauf Gips KG, Gebr. Knauf Verwaltungsgesellschaft KG, Knauf International GmbH, Knauf Insulation GmbH, Knauf UK GmbH, Knauf AMF GmbH & Co. KG, Knauf do Brasil Ltda., and PT Knauf Gypsum Indonesia.

[2] The Global settlement is also referred to as the "Insurer" settlement and the "Builder" settlement.

I.   BACKGROUND

The Global, Banner, and InEx (GBI) settlements work in conjunction with the Knauf Class Settlement.[3] Knauf Class Members may not opt out of the Global settlement,[4] and they may not opt out of the InEx or Banner settlements.[5] The linking of the GBI settlements with the Knauf Class Settlement is further accomplished with the GBI allocation plans,[6] which provide for Knauf Class Members' Banner and InEx settlement funds to be deposited into the Remediation Fund and their Global settlement funds to be deposited into both the Knauf Remediation Fund (50%) and the Other Loss Fund (50%).[7]

Plaintiffs Cerna and Brandolino are Knauf Class Members who seek to obtain benefits from the Knauf Class Settlement and the GBI settlements, though their GBI funds should instead be deposited into the Remediation and Other Loss Funds in accordance with the various settlements and allocation plans. As Knauf Class Members and former owners of KPT Properties, their settlement benefits are limited to the Remediation Fund and the Other Loss Fund. Plaintiff Lustberg is not a Knauf Class Member; therefore the Knauf Defendants have withdrawn their claim to the Lustberg GBI funds, a claim made in anticipation of remediation. Lastly, the Knauf Defendants would stipulate that the Perone GBI funds should not be transferred to the Remediation or Other Loss Funds because the property was never established as a KPT Property or a Mixed Property, as no confirmatory inspection was conducted.

---

[3] *See* page 3, Notice of Pendency of Proposed Settlement of Class Action Against Builders, Installers, Suppliers and Participating Insurers, May 31, 2012 (Rec. Doc. 15764-10).
[4] *Id*.
[5] Section 4.8.2.1, Knauf Class Settlement Agreement (Rec. Doc. 16407-3).
[6] Rec. Docs. 16528-1 (Global), 16527-1 (Banner), and 16609-2 (InEx).
[7] Both the Global allocation plan and Section 4.2.3 of the Knauf Class Settlement Agreement establish the 50/50 split of the Global funds.

## II. LAW AND ARGUMENT

### A. Knauf is entitled to the GBI payments for the Cerna and Brandolino properties.

The GBI claims of Participating Class Members in the Knauf Class Settlement are assigned to Knauf pursuant to Sections 4.8, et seq., of the Knauf Class Settlement Agreement.[8] "Participating Class Members" are defined as those Class Members who do not opt out of the settlement.[9]

> Any amounts received or to be received by a Participating Class Member under a settlement with any person or entity other than the Knauf Defendants arising from KPT Chinese Drywall *to the extent of the KPT Drywall Percentage* shall be deposited into the Remediation Fund provided, however, that a Participating Class Member shall have no obligation to deposit any amount received or to be received… from an Excluded Releasee into the Remediation Fund.[10]

So long as the KPT Drywall Percentage is known, the Banner and InEx settlement funds of all Knauf Class Members who did not opt out of the Knauf Class Settlement are required to be deposited into the Remediation Fund, to the extent of each Affected Property's KPT Drywall Percentage. Sections 4.8.3.1 and 4.2.3 of the Knauf Class Settlement Agreement and the Global settlement allocation plan require that half of the Global settlement funds for Knauf Class Members be deposited in the Remediation Fund and half be deposited in the Other Loss Fund, again, to the extent of each Affected Property's KPT Drywall Percentage.

---

[8] Knauf Class Settlement Agreement.
[9] *Id*. at 1.51.
[10] *Id*. at 4.8.1 (*emphasis* added).

3

The allocation agreements for all three settlements (Global, Banner, and InEx) are in line with the Knauf Class Settlement Agreement in that they require that the Knauf Class Members' properties be either KPT Properties or Mixed Properties, as defined in the Knauf Class Settlement Agreement, for the GBI funds to be transferred to the Remediation and/or Other Loss Funds. For a property to be classified as a KPT Property or a Mixed Property, a confirmatory inspection, which establishes the KPT Drywall Percentage, must be obtained. Therefore, whether the various settlement agreements and allocation plans require the transfer of GBI funds (1) to the extent of a certain property's KPT Drywall Percentage or (2) for only KPT Properties and Mixed Properties, the common denominator is the same: that the required transfers of GBI funds must be preceded by the confirmatory inspection.[11]

If a Knauf Class Member's property has obtained a confirmatory inspection, the KPT Drywall Percentage is established, and the property is classified as a Mixed Property or a KPT Property — like the Cerna and Brandolino properties at issue here — then the GBI funds for those claims are assigned to Knauf and transferred to the Remediation Fund and the Other Loss Fund, pursuant to Sections 4.8, et seq., of the Knauf Class Settlement Agreement and the allocation plans for the GBI settlements. As Participating Class Members and former owners of KPT Properties, their benefits are to be received from the Remediation Fund (Lump Sum Payment, if applicable) and/or the Other Loss Fund.

---

[11] Similarly, the Lump Sum Payment provisions of the Knauf Class Settlement Agreement require that the Affected Property be a either KPT Property or Mixed Property, and the Remediation Fund qualifying procedures require the confirmatory inspection. It is the Knauf Defendants' position that, prior to a confirmatory inspection, the GBI claims of Knauf Class Members are not required to be transferred to the Remediation or Other Loss Funds; after the confirmatory inspection and once the KPT Drywall Percentage is known, owners and former owners of KPT Properties and Mixed Properties are eligible for benefits only from the Remediation and Other Loss Funds, as the various settlements and allocation plans require that their respective GBI settlement funds be transferred to the Remediation and Other Loss Funds. Claimants cannot, after a KPT Drywall Percentage is established, seek GBI funds in addition to Knauf Settlement funds.

The Banner and InEx allocation plans include substantially the same provision as the Global allocation plan:

> *This Net Payment for Affected Property shall be distributed to the owner or former owner of each Affected Property unless: (i) the Affected Property has been repaired by a defendant; (ii) the owner is both a Knauf Class Member (as that term is defined in Paragraph 1.1.2 of the Knauf Class Settlement) and a present or former KPT Property Owner (as that term is defined in Paragraph 1.28 of the Knauf Class Settlement) obligated to assign this distribution pursuant to Paragraph 4.8.3.1 of the Knauf Class Settlement; or (iii) or the owner is both a Knauf Class Member (as that term is defined in Paragraph 1.1.2 of the Knauf Class Settlement) and a LowerCase KPT Property Owner (as that term is described in Paragraph 4.9, et seq., of the Knauf Class Settlement) who has received an inspection report from GFA International substantially in the form attached as Exhibit J under Section 4.9.2 of the Knauf Class Settlement and who is obligated to assign 50% of this distribution pursuant to Paragraph 4.9.2.1 of the Knauf Class Settlement; or (iv) the owner is both a Knauf Class Member (as that term is defined in Paragraph 1.1.2 of the Knauf Class Settlement) and a present or former Mixed Property Owner (as that term is defined in Paragraph 1.35 of the Knauf Class Settlement) obligated to assign some portion of this distribution pursuant to Paragraph 4.8.3.1 of the Knauf Class Settlement.*[12]

All three GBI allocation plans require that the GBI payments for KPT Properties and Mixed Properties be assigned to the Knauf Defendants by way of either the Remediation Fund or Other Loss Fund. The Global settlement allocation plan, quoted above, requires the assignment pursuant to Section 4.8.3.1 of the Knauf Class Settlement Agreement, while the Banner and InEx allocation plans require the assignments based on Section 4.8.2 of the Knauf Class Settlement Agreement.

---

[12] Global settlement allocation plan, Rec. Doc. 16528-1 (*emphasis* added).

Plaintiffs Cerna and Brandolino are Participating Class Members in the Knauf Class Settlement, whose properties were inspected pursuant to the Knauf Class Settlement Agreement and classified as KPT Properties. The Knauf Class Settlement Agreement and the GBI allocation plans require that GBI payments for these properties be assigned to the Knauf Defendants. Cerna and Brandolino have made claims to the Other Loss Fund and received an increased payment due to their properties' classification as KPT Properties (versus Taishan properties, for example). The various settlements and allocation plans do not provide for claimants receiving benefits from the GBI settlements in addition to their Remediation and/or Other Loss Fund benefits. Additionally, the Knauf Defendants also received an assignment of the GBI claim for the Brandolino property from the subsequent owner, who is also a Class Member and received Remediation Fund benefits.

### B.  Perone

Plaintiff Perone did not obtain a confirmatory inspection. The property was never classified as a KPT Property or a Mixed Property; therefore, the GBI payment for Perone is not automatically assigned to the Knauf Defendants as in the two cases above. For the foregoing reason, the Knauf Defendants do not have a claim for the GBI payment for the Perone property.

### C.  Lustberg

Finally, Plaintiff Lustberg is not a Class Member, as defined in the Knauf Class Settlement Agreement. Lustberg did not, as of December 9, 2011, file a lawsuit in the Litigation as a named plaintiff asserting claims arising from, or otherwise related to, KPT Chinese Drywall. Lustberg was, likewise, not part of the *Beane* omnibus complaint. The Lustberg claim was included in a group of late-filed claims that the Knauf Defendants agreed to settle pursuant to the

Settlement Agreement Regarding Post-December 9, 2011 Claims Against the Knauf Defendants in MDL No. 2047.[13] In anticipation of settling with Lustberg, the Knauf Defendants filed a claim with the Settlement Administrator for the Global, Banner, and InEx (GBI) allocation for the property. Lustberg ultimately did not file a Knauf Remediation claim or submit the property for a confirmatory inspection; therefore, the KPT Percentage was never established and the property was not classified as a KPT Property or a Mixed Property. Because Lustberg is not a Class Member and the property has not been deemed a KPT Property or Mixed Property, the Knauf Defendants withdrew their GBI claim for the Lustberg property. It is now too late for Lustberg to claim any remediation benefits.

### III.   CONCLUSION

For the foregoing reasons, the Court should deny the Lustberg motion as moot and deny the Cerna and Brandolino motions because the GBI payments requested are assigned to the Knauf Defendants.

Respectfully submitted,

**BAKER, DONELSON, BEARMAN,
CALDWELL & BERKOWITZ, PC**

/s/ *Kerry J. Miller*
**KERRY J. MILLER (#24562), T.A.
DANNY J. DYSART (#33812)**
201 St. Charles Avenue, Suite 3600
New Orleans, LA  70170
Phone: (504) 566-8646
Fax:    (504) 585-6946
Email: kjmiller@bakerdonelson.com

*Counsel for the Knauf Defendants*

---

[13] Rec. Doc. 16978-1.

7

## **CERTIFICATE**

    I hereby certify that the above and foregoing pleading has been served upon Russ Herman, Plaintiffs' Liaison Counsel, by email, to all parties by electronically uploading the same to LexisNexis File & Serve in accordance with Pre-Trial Order No. 6, and that the foregoing was filed with the Clerk of Court of the United States Court for the Eastern District of Louisiana, on this 11th day of December 2015.

                                                    /s/ *Kerry J. Miller*
                                                    KERRY J. MILLER