**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | | |
|---|---|---|
| IN RE: CHINESE-MANUFACTURED | : | |
| DRYWALL PRODUCTS LIABILITY | : | MDL NO.: 2047 |
| LITIGATION | : | |
| | : | SECTION: L |
| **This Document Relates To:** | : | JUDGE FALLON |
| | : | MAG. JUDGE |
| | : | WILKINSON |
| **Braxton H. Collins, et al. vs. Bass Homes, Inc.,** | : | |
| **et al.; S.D. Mississippi, C.A. No. 1:13-00297** | : | **Case No.: 13-6652** |

_____

**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | | |
|---|---|---|
| IN RE: CHINESE-MANUFACTURED | : | |
| DRYWALL PRODUCTS LIABILITY | : | MDL NO.: 2047 |
| LITIGATION | : | |
| | : | SECTION: L |
| **This Document Relates To:** | : | JUDGE FALLON |
| | : | MAG. JUDGE |
| | : | WILKINSON |
| **Jason S. Herrington, et al. vs. Bass Homes, Inc.,** | : | |
| **et al.; S.D. Mississippi, C.A. No. 1:13-00297** | : | **Case No.: 13-6653** |

_____

**DEFENDANT/THIRD PARTY PLAINTIFF ACE HOME CENTER, INC.'S**
**MEMORANDUM IN SUPPORT OF MOTION TO STAY**

COMES NOW, Defendant/Third Party Plaintiff, Ace Home Center, Inc. ("AHC"), by and

through undersigned counsel, and moves for entry of an Order staying these proceedings until

such time as the Plaintiffs' claims against Taishan Gypsum Co., Ltd. ("Taishan") and other

named Defendants in the matter of *Wiltz, et al. v. Beijing New Building Materials Public Limited*

*Co., et al.*, 10-cv-00361 have been resolved. As grounds therefore, AHC states as follows:

**Introduction**

Plaintiffs Collins and Herrington are two sets of homeowners who claim that they have

been damaged as a result of the installation of defective Chinese drywall ("CDW") in their

residences. Third Party Defendant Taishan is the alleged manufacturer of the CDW while AHC is the alleged seller of the CDW. AHC has a clear right to indemnity from Taishan for claims against AHC stemming from damages allegedly incurred by Plaintiffs as a direct result of Taishan's design, manufacture, and sale of the defective CDW. Accordingly, AHC has asserted third party claims against Taishan in the instant litigation. Taishan has filed a Motion to Dismiss AHC's Third Party Complaint. Taishan's argument for dismissal of AHC's Third Party Complaint rests primarily upon the purported inequities created by Plaintiffs' filing of multiple lawsuits.[1]

## Procedural History

Plaintiffs initially filed an action against Taishan in this Court for damages allegedly stemming from the installation of the defective CDW in their homes. *See Wiltz, et al. v. Beijing New Building Materials Public Limited Co., et al.*, 10-cv-00361. That case was later transferred to the MDL. Plaintiffs then proceeded with filing the instant actions against Bass Homes, Inc. and Ace Hardware Corporation in the Circuit Court of Jackson County, Mississippi, despite the fact that both Bass and Ace Hardware were already participants in the MDL. Ace Hardware subsequently removed the instant actions to the United States District Court for the Southern District of Mississippi. Plaintiffs then substituted AHC—yet another participant in the MDL— for "Fictitious Defendant 1" while these cases were pending in the Southern District of Mississippi.

The instant actions were then transferred to the Eastern District of Louisiana for inclusion in the MDL. AHC first answered the Plaintiffs' Complaints after this matter was transferred to the MDL, and contemporaneously asserted third party claims against Pate Stevedore Company,

---

[1] Taishan also contends that indemnity is not available under Mississippi law. For the reasons discussed in AHC's Response to Taishan's Motion to Dismiss AHC's First Amended Third Party Complaint, Taishan's arguments are without merit.

Inc., Pensacola Stevedore Company, Inc. and Fireman's Fund Insurance Company. [Rec. Doc. 17973, 17974]. AHC later amended its Third Party Complaints to bring claims against Taishan Gypsum Co., Ltd. and Devon International Industries, Inc. [Rec. Doc. 18022, 18023].

On September 4, 2015, the Plaintiffs' Steering Committee filed its Omnibus Class Action Complaint XX (*Brooke v. SASAC*, 15-cv-04127) in the Eastern District of Louisiana. The Collins and Herrington plaintiffs were listed among the named class members pursuing damages against Taishan and other named defendants.

Ultimately, Plaintiffs chose to seek recovery for these damages in three separate actions. Plaintiffs have since dismissed their claims against Taishan in the Omibus Complaint.  However, Plaintiffs' claims against Taishan in another MDL action, *Wiltz*, remain.

<u>**Argument**</u>

At the time of this filing, Plaintiffs have pending claims against Taishan in the *Wiltz* action and pending claims against AHC in the instant actions. The Plaintiffs' initial attempt at forum shopping multiple actions based in the same operative facts against multiple defendants has created nothing short of a procedural quagmire. AHC posits that the instant actions should be stayed until such time as Plaintiffs' claims against Taishan in the *Wiltz* matter have been resolved.

**I. A stay to this litigation is justified because Plaintiffs currently have claims pending against the manufacturer in the Multi District Litigation, the resolution of which may prove dispositive of Plaintiffs' claims against Defendants in the instant litigation.**

In *La. Stadium & Exposition Dist. v. Fin. Guar. Ins. Co.*, this Court discussed its power to stay litigation as follows:

> A district court has the inherent power to stay its proceedings. This power to stay is "incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of

time and effort for itself, for counsel, and for litigants." *Landis v. No. American Co.*, 299 U.S. 248, 254, 57 S. Ct. 163, 81 L. Ed. 153 (1936). This is best accomplished by the "exercise of judgment, which must weigh competing interests and maintain an even balance." *Landis*, 299 U.S. at 254-55.

…

…Whether or not to grant a stay is within the Court's discretion and a stay is appropriate when it serves the interests of judicial economy and efficiency.

2009 U.S. Dist. LEXIS 35004, *2 (E.D. La. Apr. 2, 2009).

This Court has previously enumerated the three factors which should be applied in deciding whether a stay should be granted, as follows:

(1) hardship and inequity on the moving party without a stay;

(2) prejudice to the non-moving party with a stay; and

(3) judicial economy.

*Weathersby v. Lincoln Elec. Co.*, 2003 U.S. Dist. LEXIS 8249, *9 (E.D. La. May 9, 2003) (*citing Falgoust v. Microsoft Corporation*, 2000 WL 462919 at *2 (E.D.La. April 19, 2000).

A stay of these proceedings is justified under the three factor test previously utilized by this Court. First, AHC will suffer hardship and inequity if these proceedings are not stayed. There is simply no dispute as to the origin of the defective drywall in this instance. Taishan is the manufacturer of the drywall which has purportedly damaged the Plaintiffs' home. AHC, a downstream seller of this drywall, is one of the many seller entities that have fallen victim to the latent defects of this now notorious product. Taishan now seeks to dismiss AHC's third party claims primarily because of the existence of a direct action by Plaintiffs against Taishan in the MDL. Precluding AHC from pursuing its claims against Taishan in the instant proceeding solely because the Plaintiffs previously filed a direct action against Taishan in the MDL is clearly

inequitable. Indeed, if AHC is forced to later file a direct action against Taishan, AHC will likely be forced to negotiate costly, time-consuming service of process on this foreign manufacturer. AHC presently has service on Taishan, and staying the litigation will preserve the status quo.

Moreover, the resolution of the Plaintiffs' claims against Taishan and other named Defendants in the *Wiltz* action could potentially result in a set-off of any alleged damages against AHC in the instant litigation. AHC will face the hardship of incurring fees and costs associated with defending itself in the instant litigation, when the Plaintiffs' claims against AHC in these proceedings could very well be rendered moot as a result of a recovery against Taishan and the other named *Wiltz* Defendants in the MDL.

Next, no prejudice will be served on the non-moving parties with a stay of the instant proceedings. Co-Defendant Bass Homes and the Third Party Defendants will similarly benefit from the entry of a stay in this litigation for the reasons discussed above. Furthermore, Taishan will avoid having to simultaneously defend against claims in two separate actions stemming from the same incident. Finally, Plaintiffs will also benefit from a stay, which would allow them to resolve their claims against Taishan in the MDL without having to simultaneously prosecute an action alleging the same damages in the instant proceedings. Indeed, there is no evidence that any of the non-moving parties will be prejudiced by the entry of a stay.

Finally, judicial economy dictates that these proceedings be stayed. There is simply no justifiable reason for Plaintiffs to simultaneously litigate this matter in two separately filed lawsuits. This serves only as a drain on this court's resources. If Plaintiffs obtain a recovery against the numerous named Defendants in the *Wiltz* action, it is very likely that the instant claims will be easily resolved, if not moot.

## Conclusion

A stay of these proceedings serves the best interest of judicial economy and efficiency. An entry of a stay will not serve hardship on the non-moving parties. Furthermore, if these proceedings are not stayed, AHC will suffer hardship and inequity.

WHEREFORE, premises considered, Defendant/Third Party Plaintiff Ace Home Center, Inc. respectfully requests that this Court enter an Order staying the instant proceedings until such time as Plaintiffs' claims in the *Wiltz* action have been resolved. ACE HOME CENTER, INC., prays for such other, different relief that the Court determines is appropriate to ensure fundamental fairness and judicial economy.

Respectfully submitted,

*/ s / Danny J. Collier, Jr.*
_____
Danny J. Collier, Jr., Esq.
Attorney for Ace Home Center, Inc.

**OF COUNSEL:**

LUTHER, COLLIER, HODGES & CASH LLP
Post Office Box 1002
Mobile, Alabama 36633
(251) 694-9393 Office
(251) 694-9392 Fax
dcollier@lchclaw.com

## CERTIFICATE OF SERVICE

I hereby certify that the above and foregoing has been served on Plaintiffs' Liaison Counsel, Russ Herman and Defendants' Liaison Counsel, Kerry Miller, by U.S. Mail and e-mail or by hand-delivery upon all parties by electronically uploading the same to Lexis Nexis File & Serve in accordance with Pretrial Order No. 6, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2047, on this 15th day of December, 2015.

Stephen W. Mullins, Esq.
Luckey & Mullins, PLLC
Post Office Box 990
Ocean Springs, MS 39566
smullins@luckeyandmullins.com

Heather M. Houston, Esq.
Caroline Pryor, Esq.
Carr Allison
6251 Monroe Street
Suite 200
Daphne, Alabama 36526
hhouston@carrallison.com
cpryor@carrallison.com

Gary J. Russo, Esq.
Jones Walker LLP
600 Jefferson Street
Suite 1600
Lafayette, LA 70501
grusso@joneswalker.com

Joe Cyr, Esq.
Frank T. Spano, Esq.
Courtney L. Colligan, Esq.
Hogan Lovells US LLP
875 Third Avenue
New York, New York 10022
Joe.cyr@hoganlovells.com
Frank.spano@hoganlovells.com
Courtney.colligan@hoganlovells.com

Michael P. Kenny, Esq.
Bernard Taylor, Esq.
Christina Hull Eikhoff, Esq.
David Venderbush, Esq.
ALSTON & BIRD LLP
1201 West Peachtree Street
Atlanta, Georgia 30309
Phone: (404) 881-7000

David C. Coons, Esq.
Christopher A. D'Amour, Esq.
Adams and Reese LLP
4500 One Shell Square
New Orleans, LA 70139
david.coons@arlaw.com
chris.damour@arlaw.com

William W. Watts, III, Esq.
S. Wesley Pipes, Esq.
Pipes Hudson & Watts, LLP
Post Office Box 989
Mobile, Alabama 36601
bill@alabamatrial.com
wesley@pipeshudsonwatts.com

Richard C. Stanley, Esq.
Thomas P. Owen, Jr., Esq.
Stanley, Reuter, Ross, Thornton & Alford, LLC
909 Poydras Street
Suite 2500
New Orleans, Louisiana 70112
rcs@stanleyreuter.com
tpo@stanleyreuter.com

James Rebarchak, Esq.
Jones Walker, LLP
Suite 1200
RSA Battlehouse Tower
11 N. Water Street
Mobile, Alabama 36602
jrebarchak@joneswalker.com

Michael K. Fitzpatrick, Esq.
David Allen Pote, Esq.
Fitzpatrick & Burnette, LLC
541 Julia Street, Suite 200
New Orleans, Louisiana 70130
mfitzpatrick@mfitzpatricklaw.com
dpote@mfitzpatricklaw.com

Fax: (404) 881-7777
mike.kenny@alston.com
bernard.taylor@alston.com
christy.eikhoff@alston.com
david.venderbush@alston.com

Alan Dean Weinberger
HANGARTNER, RYDBERG & TERRELL,
LLC
One Shell Square
701 Poydras St., Suite 310
New Orleans, Louisiana 70179
Phone: (504) 434-6815
Fax: (504) 522-5689
aweinberger@hanrylaw.com


                                        */ s / Danny J. Collier, Jr*
                                        _____
                                        OF COUNSEL