UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

|  |  |  |
|---|---|---|
| IN RE: CHINESE MANUFACTURED DRYWALL PRODUCTS LIABILITY LITIGATION | : : : : : : : | MDL NO. 2047<br><br>SECTION L<br><br>JUDGE FALLON<br>MAGISTRATE JUDGE WILKINSON |

**THIS DOCUMENT RELATES TO:** ALL CASES

## FINDINGS OF FACTS AND CONCLUSIONS OF LAW FROM THE DECEMBER 16, 2015 HEARING

I.     INTRODUCTION

From 2004 through 2006, the housing boom in Florida and rebuilding efforts necessitated by Hurricanes Rita and Katrina led to a shortage of construction materials, including drywall. As a result, drywall manufactured in China was brought into the United States and used in the construction and refurbishing of homes in coastal areas of the country, notably the Gulf Coast and East Coast. Sometime after the installation of the Chinese drywall, homeowners began to complain of emissions of smelly gasses, the corrosion and blackening of metal wiring, surfaces, and objects, and the breaking down of appliances and electrical devices in their homes. *In re Chinese-Manufactured Drywall Prod. Liab. Litig.*, 894 F. Supp. 2d 819, 829 (E.D.La. 2012), *aff'd*, 742 F. 3d 576 (5th Cir. 2014). Many of these homeowners also began to complain of various physical afflictions believed to be caused by the Chinese drywall. Accordingly, these homeowners began to file suit in various state and federal courts against homebuilders, developers, installers, realtors, brokers, suppliers, importers, exporters, distributors, and manufacturers who were involved with the Chinese drywall. Because of the commonality of facts in the various cases, this litigation was designated as multidistrict litigation. Pursuant to a

1

Transfer Order from the United States Judicial Panel on Multidistrict Litigation on June 15, 2009, all federal cases involving Chinese drywall were consolidated for pretrial proceedings in MDL 2047 in the U.S. District Court, Eastern District of Louisiana.

The Chinese drywall at issue was largely manufactured by two groups of defendants: (1) the Knauf Entities, and (2) the Taishan Entities.  The Knauf Entities are German-based, international manufacturers of building products, including drywall, whose Chinese subsidiary, Knauf Plasterboard (Tianjin) Co., Ltd. ("KPT"), manufactured and sold its Chinese drywall in the United States.  The Knauf Entities are named defendants in numerous cases consolidated with the MDL litigation and litigation in state courts.  The Knauf Entities first entered their appearance in the MDL litigation on July 2, 2009.  *See* (R. Doc. 18).  On March 15-19, 2010, the Court presided over a bellwether trial in *Hernandez v. Knauf Gips KG*, Case No. 09-6050, involving a homeowner's claims against KPT for defective drywall.  *See* (R. Doc. 2713).  For purposes of the trial, KPT stipulated that its Chinese drywall "emits certain reduced sulfur gases and the drywall emits an odor." *Id*.  The Court found in favor of the plaintiff family in *Hernandez*, issued a detailed Findings of Fact and Conclusions of Law ("*Hernandez* FOFCOL"), *see id.*, and entered a Judgment in the amount of $164,049.64, including remediation damages in the amount of $136,940.46, which represented a cost of $81.13 per square foot based on the footprint square footage of the house.  *See* (R. Doc. 3012).

Thereafter, on October 14, 2010, the Knauf Entities entered into a pilot remediation program with the Plaintiffs' Steering Committee ("PSC") in the MDL.  This program was largely based upon the remediation protocol formulated by the Court in *Hernandez*.  In December of 2011, the Knauf entities entered into a Settlement Agreement with the PSC whereby Knauf agreed to remediate homes contaminated with KPT drywall and pay for related attorneys' fees.

A protocol (the "Remediation Protocol") was created to define the necessary remediation that would be performed as part of the settlement. (R. Doc. 12061-14). The objective of the Remediation Protocol is to remove and replace all drywall, insulation, wiring, affected appliances, and heating/cooling systems in the home, problem drywall-related odors, and contamination, including, but not limited to, corrosion, tarnishing and pitting. As a party to this settlement, claimant Rebeccca Hohne's home, was remediated during the summer of 2012. More recently, beginning in the summer of 2015, Ms. Hohne raised concerns regarding the remediation of her home in open court during Monthly Chinese Drywall Status Conferences. In response to Ms. Hohne's concerns, the Court conducted an evidentiary hearing to consider the Knauf/Moss remediation of Ms. Hohne's home to determine whether it complied with the settlement protocol. The Court heard the parties' argument and evidence and issues the following findings of fact and conclusions of law.

## II.  FINDINGS OF FACT

1. Rebecca Hohne's home, located at 1025 Little Sorrel Drive, Calera, Alabama, was inspected by Morse Zehnter Associates on October 24, 2011, at which time KPT Chinese-drywall was found in her home.

2. On March 1, 2012, Ms. Hohne signed a confidential homeowner release and assignment of claims wherein she bound herself to the settlement agreement and agreed to the remediation of her home.

3. Her house was remediated during the summer of 2012.

4. All the drywall contained in her home, including the defective KPT Chinese drywall, was removed from her home and disposed.

5. On June 28, 2012, Moss and Associates certified that all drywall, including all debris and visible dust, electrical wiring, fire safety and home security equipment, and copper gas lines, were removed from Ms. Hohne's home in accordance with the Remediation Protocol of the Settlement Agreement. Similarly, Moss certified that there was no detectable odor of Chinese drywall at the completion of removal and cleaning work and prior to the start of new drywall installation.

6. Also, on June 28, 2012, an employee with GFA International, an independent environmental inspection company, inspected Ms. Hohne's home and confirmed that all drywall had been removed, all debris and visible dust had been cleaned from all surfaces, and there was no detectable odor of Chinese drywall. GFA certified that Ms. Hohne's residence was inspected pursuant to the Remediation Protocol of the Settlement Agreement. And, on July 9, 2012, GFA issued an environmental certification verifying the same.

7. However, on June 3, 2013, Ms. Hohne claimed that her home continued to suffer from Chinese Drywall symptoms despite the remediation.

8. In response to her complaints, on June 7, 2013, a representative from Moss as well as counsel for Ms. Hohne, did a follow-up inspection of Ms. Hohne's home. This inspection revealed no signs of Chinese drywall contamination.

9. Following more recent complaints by Ms. Hohne in open court during the Drywall Monthly Status Conferences, the Court ordered a third inspection of Ms. Hohne's home. On August 4, 2015, Tom Ortner from GFA, Phil Adams from Moss, and counsel for Knauf visited Ms. Hohne's home to inspect it for signs of Chinese drywall. The inspection was performed based on guidelines issues by the U.S. Consumer Product Safety Commission and the U.S. Department of Housing and Urban Development. This third inspection again

revealed no evidence of corrosive Chinese drywall observed or detected in Ms. Hohne's home.

### III. CONCLUSIONS OF LAW

10. The drywall from Ms. Hohne's home was removed and disposed. The home was stripped down to the studs in accordance with the Remediation Protocol.

11. The home was cleaned in accordance with the Remediation Protocol.

12. American drywall was installed in the home following the removal of Chinese drywall and the requisite cleaning.

13. The house was inspected three times.

14. There is no evidence that any contaminated Chinese drywall remains in the home.

15. There is no evidence to support a conclusion of cross-contamination from the previously-removed drywall as there is no evidence of the blackening of copper electrical wiring or air conditioning evaporator coils that is associated with defective Chinese drywall.

16. Most significantly, the evidence shows that the remediation of Ms. Hohne's home was conducted in accordance with the agreed-upon Remediation Protocol contained within the Settlement Agreement.

New Orleans, Louisiana, this 16th day of December, 2015.

*[signature]*
UNITED STATES DISTRICT JUDGE