December 6, 2015

Gerard N. Kinler, MSgt, (USAF Retired)
P. O. Box 254
Terra Ceia, FL 34250

Honorable Eldon E. Fallon
500 Poydras St., Rm. C456
New Orleans, LA 70130



Judge Fallon,

    This is a follow-up to our June 9, 2015 letter regarding our family's hardship as a result of defective Chinese drywall. Please reference our previous letter to truly understand the hardships our family has experienced. First, we want to thank you for executing an order to have Leonard A. Davis review, respond and take appropriate action, however, we received a very vague letter and no assistance was given (Atch 1).

    Several months ago we requested a special master review because we felt that what we were being offered **wasn't** sufficient nor appropriate for the amount of loss and hardships my family had experienced. On December 4, 2015 we received a letter from BrownGreer outlining to my astonishment our award was determined to be **$42.50!!!!** That was for miscellaneous expenses because for everything else we received zero (Atch 2).

    We have personally spent numerous hours acquiring voluminous documents as requested to support our claim. Without fail we have provided everything that has been asked of us at their request. Since the purchase of our first home that contained Chinese Drywall was in 2006 some documents have been unable to be retrieved per Region's Bank. Due to the amount of time that has lapsed it has greatly affected the outcome of our claim. Also in 2006, there was nothing in place for us to receive any type of assistance when we first realized our home contained defective Chinese Drywall, so we had no other option but to walk away from our home and request a Deed in Lieu.

    Please keep in mind the builder went belly-up, the insurance had pollution exclusion, and the bank wouldn't defer payments nor work with us, so we had no choice but to walk away losing equity and all. We were forced out of our home, my husband lost his job and we had no choice but to relocate back to Louisiana to stay with family. We exhausted all of my savings to include our daughter's death benefit to get out of that toxic home and ended up back in another one shortly thereafter in Louisiana. This product is everywhere and it destroys families and lives!

    Even after finally moving out, we are still suffering failing health. These homes were worthless unrepaired, and greatly devalued. Some of these chemicals are neuro toxins or highly corrosive acids. We have suffered numerous appliance and electronic failure, along with deteriorating health problems to include chronic migraines, severe insomnia, fatigue, mental fog,

memory loss, pulmonary edema, nose bleeds; rashes, vomiting blood, and my wife **Crystal now has Thyroid Cancer!**

You are a father, grandfather and husband just picture sending your children, grandchildren, and wife to bed with chemical toxic gasses equivalent to mustard gasses oozing out of your mattress, walls, and furnishings. Chronic exposure over the years has taken a serious toll on our health. We have been lab rats, since there has been no thorough analytical testing done regarding toxic Chinese Drywall. There has been no research for domestic exposure to know the long term health effects. More needs to be done to assist victims that were affected by this biochemical warfare attack on us from China.

The class action settlement you have in place is geared to assist those that still have their homes. We no longer own ours so essentially this is not protecting our family. During the time we had an attorney there was no talk of a class action. We hired an attorney to fight on our behalf to make us somewhat whole. We were never truthfully informed nor explained our rights. We were under the assumption that because of the amount of people affected nationwide, that we had no choice but to fall into that category. We also were under the impression that there was a pro se judge assisting victims to protect their rights. We have never received any guidance on how to protect our rights or how to get a fair settlement. We have been blindly fighting this battle alone. No one has sent us documents, kept us informed, etc.

We call in to listen to your telephone hearings however, the phone call will drop or be extremely distorted. If we were informed in the beginning that everyone was capped at a $1,000.00 as we now know according to BrownGreer, we would have never agreed to fall under a class action suit. We were told by Jake Woody that since we had a very unique case that he was finalizing payments to the others first so he could know how much funds were left to provide more to our family.

We are now under the impression they will say whatever sounds good to get rid of you and have no intentions of making us somewhat whole. The female from Brown Greer my wife spoke with on Friday after our devastating letter said they only have twenty million ($20,000.00) left and that even if we ask for special reconsideration there is no guarantee it will be accepted. She also said due to the agreed settlement amount for this class action, it was capped at one-thousand dollars. The female in your office informed my wife Crystal of an amount of $20,000.00 for this exact claim in which Brown Greer awarded $42.50. She also advised Brown Greer was awaiting information regarding our tenant claim to settle that as well. We are so confused with all the inconsistencies we have been told.

We are appealing to the court for consideration to allow us to individually file suit and be dismissed from this class action as we will never receive equitable monetary relief nor justice.

Respectfully,

*[signature: Gerard N. Kinler]*

Gerard N. Kinler



HERMAN
HERMAN & KATZ
—— L.L.C. ——
ATTORNEYS AT LAW
Est. 1942

820 O'Keefe Avenue
New Orleans, Louisiana
70113-1116

p: (504) 581-4892
f: (504) 561-6024
e: info@hhklawfirm.com

hhklawfirm.com

Harry Herman (1914-1987)
Russ M. Herman*
Maury A. Herman*
Steven J. Lane
Leonard A. Davis*
James C. Klick(1)
Stephen J. Herman
Brian D. Katz
Soren E. Gisleson
Joseph E. Cain

Jennifer J. Greene(2)
John S. Creevy
Aaron Z. Ahlquist(3)
Craig M. Robinson
Mikalia M. Kott(4)
Donald A. Mau
Danielle Treadaway Hufft
Patrick R. Busby(5)
Madelyn M. O'Brien

Of Counsel:
Herbert A. Cade
Morton H. Katz*
Joseph A. Kott, M.D., J.D.

This Firm and its Partners Are Also
Partners in Herman Gerel, LLP

* A Professional Law Corporation
(1) Also Admitted in Texas
(2) Also Admitted in Arkansas
(3) Also Admitted in Tennessee
(4) Also Admitted in Colorado
(5) Also Admitted in Alabama
    & Oklahoma

August 20, 2015

Crystal Kinler
P.O. Box 254
Terracia, FL  34250

      Re:    *In re:  Chinese-Manufactured Products Liability Litigation*
             **MDL 2047**
             Property:    2509 Yukon Cliff Dr.
                                Ruskin, FL

Dear Ms. Kinler:

      On August 7, 2015, the Honorable Eldon E. Fallon, presiding Judge in MDL 2047, *In re: Chinese-Manufactured Drywall Products Liability Litigation*, issued an Order [Rec. Doc. 19371] (see attached) which directed me to review your correspondence and respond to you, as well as take appropriate action. I have communicated with BrownGreer, the Claims Administrator for the Chinese Drywall Settlements and I have been informed that you purchased a home in Florida in 2006. You believe that the home contains Chinese drywall and I understand that you moved out and relocated to Louisiana in 2009. I am told that the Louisiana property also contained Chinese drywall, and that you have been in communication numerous times with representatives of BrownGreer to express concerns about your claim, as well as the effects that the Chinese drywall may have on your family, both physically and financially. I have also been informed that you filed with BrownGreer claims for bodily injury, foreclosure/short sale, miscellaneous, and sought to collect from the Global and Knauf Settlements. I further have been informed that the vast majority of your claims have been deemed eligible and that you have made requests to the Special Master for a substantial number of the eligible claims. I also have been informed that the claims vary among various members of your family. BrownGreer also advises that payment has been issued on at least one (1) claim, but that the check has not been cashed. I strongly recommend that you communicate further with BrownGreer to discuss the status of each claim and the total amount that has been determined for each eligible claim.

      Based on your correspondence, I understand that you are no longer represented by attorney Daniel Becnel. You should also be advised that on April 1, 2015, the Court appointed *Pro Se* Curator, Robert Johnston, was discharged in the MDL (see attached Order – Rec. Doc. 18587). You may want to attempt to retain counsel to assist you with whatever remains regarding conclusion of your claim. I do not have sufficient information to advise you regarding the merits of your claim or what may be needed to finalize collection of any of the eligible claims with BrownGreer or the Special Master. We have not seen nor are we aware of the basic information submitted in connection with your claim. We do not know the

Atch 1

August 20, 2015
PAGE 2

manufacturer of the drywall contained in your property, nor have we reviewed the materials submitted to support any of the claims.

Information regarding the various Chinese Drywall Settlements can be obtained from the Court's website located at www.laed.uscourts.gov. Full versions of each Settlement Agreement should be reviewed and obtained so that you can be assured that the terms of any settlement agreement are being applied to your claim. Specifically, you may want to review the Knauf Settlement Agreement which addresses "under air" square footage as the Banner, InEx and Global Settlement Agreements all tie into the Knauf "under air" square footage.

I am copying Jacob Woody at BrownGreer on this letter so that BrownGreer is aware of your letter and that I have communicated with you. You may also want to contact an attorney or BrownGreer to address the specifics of your claim.

If you have any questions, please feel free to contact me.

Sincerely,

LEONARD A. DAVIS

LAD:lmf
Enclosure
cc: Honorable Eldon E. Fallon
    Jacob Woody, Esq.
    Kerry Miller, Esq.
    Russ M. Herman, Esq.
    Arnold Levin, Esq.



Gerard Kinler <gkinler@gmail.com>

## Special Master Award Determination Other Loss Claim

**CDWQuestions** <CDWQuestions@browngreer.com>  Thu, Dec 3, 2015 at 4:00 PM
To: "Gerard Kinler (gkinler@gmail.com)" <gkinler@gmail.com>, "gkinler@tampabay.rr.com" <'gkinler@tampabay.rr.com'>
Cc: CDWQuestions <CDWQuestions@browngreer.com>

Ms. Kinler,

We just spoke on the phone. Below is recap of that conversation.

1. You requested Special Master Award on the claims listed in the table below. That means you requested that the Special Master re-review the claim. The Special Master reviewed those requests and determined your Award which is listed below.

| Claimant Name | Affected Property Address | Claimant ID | Claim ID | Claim Type | Special Master Award | Award After Potential Pro Rata Reduction |
|---|---|---|---|---|---|---|
| Kinler Crystal | 2509 Yukon Cliff Dr | 102994 | 23300 | Bodily Injury | $0.00 | $0.00 |
| Kinler Gerard | 2509 Yukon Cliff Dr | 102987 | 3885 | Bodily Injury | $0.00 | $0.00 |
| Kinler Gerard | 2509 Yukon Cliff Dr | 102987 | 3899 | Foreclosure or Short Sale | $0.00 | $0.00 |
| Kinler Gerard | 2509 Yukon Cliff Dr | 102987 | 3909 | Miscellaneous | $85.00 | $42.50 |
| Kinler Kadence | 2509 Yukon Cliff Dr | 103201 | 3950 | Bodily Injury | $0.00 | $0.00 |
| Kinler Kadian | 2509 Yukon Cliff Dr | 103200 | 3948 | Bodily Injury | $0.00 | $0.00 |
| Kinler Kylan | 2509 Yukon Cliff Dr | 103002 | 3934 | Bodily Injury | $0.00 | $0.00 |
| Kinler Kyleigh | 2509 Yukon Cliff Dr | 103188 | 3955 | Bodily Injury | $0.00 | $0.00 |

2. When you request a Special Master Award, the original Resolution Offer, may increase, decrease or stay the same. This disclaimer is listed on the Notice with your Resolution Offer.

3. The attached PDF entitled **Special Master Other Loss Review Methodology** explains the method followed by the Special Master for review of Other Loss claims. You should review it.

Atch 2

4. For Foreclosure claims, the Special Master used the following claim calculation (outlined in the attached document):

**Lost Equity = purchase price – initial mortgage + capital improvements + payments on principal**

5. You have a right to request Reconsideration. You must request Reconsideration by **12/18/15**. If you request Reconsideration, the Special Master will re-review your claim. You must include a statement detailing what you believe is the correct claim calculation, with references to specific documents that support your claim calculation.

6. If you do not request Reconsideration, you will not be permitted to appeal the Special Master's determination to the Court.

7. **If you request Reconsideration, the Special Master Award listed in the table above is no longer valid. The Special Master may grant you an amount greater than, less than or equal to the Award identified in the table above.**

8. I've attached the last Status Report issued by our office. This Report contains statistics you asked about like the number of claimants, the number of claims, payments issued etc.

9. If you request Reconsideration you should submit a detailed claim calculation. If you believe the documents are already in the file, include the document IDs of where the documents are located with your request for Reconsideration.

10. Request for Reconsideration is due by **12/18/15**.

Please contact us with any questions.

Thank you,

Chinese Drywall Settlement Administrator

**BROWNGREER PLC**

P.O. Box 25401

Richmond, Virginia 23260

Telephone: (804) 521-7200

Facsimile: (804) 521-7299

www.browngreer.com

*This electronic mail is intended to be received and read only by certain individuals. It may contain information that is privileged or protected from disclosure by law. If it has been misdirected, or if you suspect you received this in error, please notify me by replying and then delete this message and your reply. These restrictions apply to any attachment to this email.*

**From:** CDWQuestions
**Sent:** Thursday, December 03, 2015 10:38 AM
**To:** 'gkinler@gmail.com'; 'gkinler@tampabay.rr.com'
**Subject:** Special Master Award Determination Other Loss Claim

[Quoted text hidden]

**2 attachments**

- Special Master Other Loss Review Methodology.pdf
  180K

- Settlement Administrator's Status Report No. 27 (November 13, 2015).pdf
  133K