# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| In re: CHINESE-MANUFACTURED DRYWALL PRODUCTS LIABILITY LITIGATION | CIVIL ACTION NO. 2:09-md-2047<br><br>SECTION "L", MAGISTRATE 2<br><br>JUDGE ELDON E. FALLON |
| This pleading relates to: 15-cv-2529 | MAGISTRATE JOSEPH WILKINSON |

### KNAUF GIPS KG'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFFS' COMPLAINT

**NOW INTO COURT,** through undersigned counsel, comes defendant, Knauf Gips KG (hereinafter referred to as "Knauf"), who answers Plaintiffs' Complaint as follows:

### JURISDICTION, PARTIES, AND VENUE

1. Knauf admits the allegations contained in Paragraph 1 of the Complaint.

2. Knauf admits the allegations contained in Paragraph 2 of the Complaint.

### PLAINTIFFS

3. Knauf denies knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 3 of the Complaint. To the extent that the allegations of Paragraph 3 are not directed to Knauf, no response is required. To the extent that the allegations of Paragraph 3 are directed to Knauf, the allegations are denied.

**DEFENDANTS**

4. To the extent that the allegations of Paragraph 4 are not directed to Knauf, no response is required. To the extent that the allegations of Paragraph 4 are directed to Knauf, the allegations are denied except to admit that Knauf Gips KG is a German manufacturer of building materials and systems and to aver that Knauf Gips' products are not installed in Plaintiffs' home.

5. To the extent that the allegations of Paragraph 5 are not directed to Knauf, no response is required. To the extent that the allegations of Paragraph 5 are directed to Knauf, the allegations are denied except to admit that Knauf Gips KG provides certain services to KPT, Wuhu and Donnguan.

6. Knauf denies the allegations contained in Paragraph 6 of the Complaint, except admit that KPT is a foreign manufacturer and seller of gypsum drywall, and that KPT sold drywall that was imported by other companies into the United States.

7. Knauf denies the allegations contained in Paragraph 7 of the Complaint, except admit that KPT is a foreign manufacturer and seller of gypsum drywall, and that KPT sold drywall that was imported by other companies into the United States.

**FACTS REGARDING PRODUCT DEFECT**

8. Knauf admits the allegations contained in Paragraph 8 of the Complaint with respect to the drywall manufactured by Knauf.

9. Knauf denies the allegations contained in Paragraph 9 of the Complaint.

10. Knauf denies the allegations contained in Paragraph 10 of the Complaint.

11. Knauf denies the allegations contained in paragraph 11 of the Complaint.

12. Knauf denies the allegations contained in paragraph 12 of the Complaint.

13. Knauf denies the allegations contained in Paragraph 13 of the Complaint.

14. Knauf denies the allegations contained in Paragraph 14 of the Complaint.

15. Knauf denies the allegations contained in Paragraph 15 of the Complaint.

16. Knauf denies the allegations contained in Paragraph 16 of the Complaint.

17. Knauf denies the allegations contained in Paragraph 17 of the Complaint.

18. Knauf denies the allegations contained in Paragraph 18 of the Complaint.

## DISCOVERY RULE

19. Knauf denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 19 of the Complaint.  To the extent that the allegations in Paragraph 19 are directed to Knauf, the allegations are denied.

20. Knauf denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 20 of the Complaint.  To the extent that the allegations in Paragraph 20 are directed to Knauf, the allegations are denied.

21. Knauf denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 21 of the Complaint.

22. Knauf denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 22 of the Complaint.

23. Knauf denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 23 of the Complaint.

24. Knauf denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 24 of the Complaint.

## COUNT I
## LOUISIANA PRODUCTS LIABILITY ACT (LSA-R.S. 9:2800.51, *et seq*

25. Knauf repeats and realleges its responses to Paragraphs 1 through 24 of the Complaint as if fully set forth herein.

26. Knauf denies the allegations contained in Paragraph 26 of the Complaint, except to admit that they sell drywall.

27. Knauf denies the allegations contained in Paragraph 27 of the Complaint.

28. Knauf denies the allegations contained in Paragraph 28 of the Complaint.

29. Knauf denies the allegations contained in Paragraph 29 of the Complaint.

30. Knauf denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 30 of the Complaint.

31. Knauf denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 31 of the Complaint.

32. Knauf denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 32 of the Complaint.

33. Knauf denies the allegations contained in Paragraph 33 of the Complaint.

34. Knauf denies the allegations contained in Paragraph 34 of the Complaint.

35. Knauf denies the allegations contained in Paragraph 35 of the Complaint.

36. Knauf denies the allegations contained in Paragraph 36 of the Complaint.

37. Knauf denies the allegations contained in Paragraph 37 of the Complaint.

38. Knauf denies the allegations contained in Paragraph 38 of the Complaint.

39. Knauf denies the allegations contained in Paragraph 39 of the Complaint, except deny knowledge or information sufficient to form a belief as to the truth of the allegations regarding Plaintiffs' purported awareness or perception.

40. Knauf denies the allegations contained in Paragraph 40 of the Complaint.

41. Knauf denies the allegations contained in Paragraph 41 of the Complaint.

42. Knauf denies the allegations contained in Paragraph 42 of the Complaint.

## COUNT II
## REDHIBITION

43. Knauf repeats and realleges their responses to Paragraphs 1 through 42 of the Complaint as if fully set forth herein.

44. Knauf denies the allegations contained in Paragraph 44 of the Complaint.

45. Knauf denies the allegations contained in Paragraph 45 of the Complaint.

46. Knauf denies the allegations contained in Paragraph 46 of the Complaint.

47. Knauf denies the allegations contained in Paragraph 47 of the Complaint.

48. Knauf denies the allegations contained in Paragraph 48 of the Complaint.

49. Knauf denies the allegations contained in Paragraph 49 of the Complaint.

## DEMAND FOR JURY TRIAL

The allegations contained in this Section are not directed at Knauf, and therefore an answer is not required. To the extent an answer is required, Knauf is without knowledge sufficient to form a belief as to the allegations in this Section and therefore denies the allegations contained in this Section.

## GENERAL DENIAL

Knauf denies each and every allegation of fact, conclusion of law or other matter contained in Plaintiffs' Complaint that has not been expressly admitted above. Knauf further denies any liability and denies that Plaintiffs are entitled to the relief requested in the Complaint.

## AFFIRMATIVE DEFENSES

By alleging the matters set forth below, Knauf does not admit that it has the burden of proof and/or the burden of persuasion with respect to any of these matters.

## FIRST AFFIRMATIVE DEFENSE

The Complaint fails to state a claim upon which relief can be granted.

**SECOND AFFIRMATIVE DEFENSE**

Plaintiffs have been misjoined.

**THIRD AFFIRMATIVE DEFENSE**

Plaintiffs' claims are barred, in whole or in part, by the applicable statutes of limitation or repose.

**FOURTH AFFIRMATIVE DEFENSE**

Plaintiffs' claims are barred, in whole or in part, by the doctrine of laches.

**FIFTH AFFIRMATIVE DEFENSE**

Plaintiffs' claims are barred, in whole or in part, by the doctrines of merger, bar, collateral estoppel, res judicata, discharge, and accord and satisfaction.

**SIXTH AFFIRMATIVE DEFENSE**

To the extent Plaintiffs allege claims based upon oral warranties or representations, Plaintiffs' claims are barred, in whole or in part, by the applicable statute of frauds.

**SEVENTH AFFIRMATIVE DEFENSE**

Plaintiffs cannot recover on their claims because the methods, standards and techniques used by Knauf in designing and formulating drywall and in issuing warnings and instructions about its use conformed to the generally recognized, reasonably available, and reliable state of knowledge in the field at the time that the drywall was manufactured.

**EIGHTH AFFIRMATIVE DEFENSE**

Plaintiffs cannot recover on their claims because the benefits of the design of Knauf's drywall outweigh the risk of danger, if any, inherent in the design, in light of all relevant factors.

**NINTH AFFIRMATIVE DEFENSE**

Plaintiffs cannot recover on their claims because plaintiffs alleged damages, if any, were the result of intervening or superseding conduct of plaintiffs and/or third parties over whom Knauf had no control.

**TENTH AFFIRMATIVE DEFENSE**

Plaintiffs' claims are barred, in whole or in part, under the principle of assumption of the risk.

**ELEVENTH AFFIRMATIVE DEFENSE**

Plaintiffs failed to mitigate their damages, if any.

**TWELFTH AFFIRMATIVE DEFENSE**

Plaintiffs cannot recover to the extent their damages are covered or reasonably likely to be covered by insurance or other collateral source, or in the alternative their damages should be offset or reduced by insurance or collateral source payments and benefits.

**THIRTEENTH AFFIRMATIVE DEFENSE**

If Plaintiffs have settled their claims for their alleged injuries with other parties, Knauf is entitled to a credit and set-off in the amount of such settlements.

**FOURTEENTH AFFIRMATIVE DEFENSE**

Knauf breached no duty allegedly owed to the Plaintiffs.

**FIFTEENTH AFFIRMATIVE DEFENSE**

Knauf denies, to the extent the actions alleged may have occurred, that any entity or individual engaging in the activities alleged was acting as the agent or servant of Knauf, or at the instruction or subject to the control of Knauf, and therefore Knauf is not liable for any acts or omissions of such third parties as a matter of law.

**SIXTEENTH AFFIRMATIVE DEFENSE**

Knauf did not participate in, authorize, ratify, or benefit from any alleged wrongful acts that are asserted in the Complaint.

**SEVENTEENTH AFFIRMATIVE DEFENSE**

Plaintiffs' claims against Knauf are barred to the extent that Knauf did not manufacture or market the drywall installed in their home.

**EIGHTEENTH AFFIRMATIVE DEFENSE**

Plaintiffs' claims are barred to the extent that Plaintiffs rely on evidence obtained contrary to the Hague Convention on the Taking of Evidence Abroad in Civil or Commercial Matters.

**NINETEENTH AFFIRMATIVE DEFENSE**

Plaintiffs' claims are barred because class actions are not recognized under the laws of Knauf's home jurisdictions and are contrary to the public policy of Knauf's home jurisdictions.

**TWENTIETH AFFIRMATIVE DEFENSE**

Knauf's liability, if any, for damages is several rather than joint, and should be prorated.

**TWENTY-FIRST AFFIRMATIVE DEFENSE**

Plaintiffs' cannot recover non-economic damages because non-economic damages are not recognized under the laws and contrary to the public policy of Knauf's home jurisdictions.

**TWENTY-SECOND AFFIRMATIVE DEFENSE**

Plaintiffs' claims for punitive damages, to the extent any exist, fail to state a claim for relief.

**TWENTY-THIRD AFFIRMATIVE DEFENSE**

Plaintiffs' cannot recover punitive damages because punitive damages are not recognized under the laws of and contrary to the public policy of Knauf's home jurisdictions.

**TWENTY-FOURTH AFFIRMATIVE DEFENSE**

Plaintiffs' cannot recover punitive damages because such damages would violate the due process clauses of the Fifth and Fourteenth Amendments to the United States Constitution and similar provisions of the Constitutions, laws, public policies and statutes of each State under whose laws Plaintiffs seek relief.

**TWENTY-FIFTH AFFIRMATIVE DEFENSE**

Plaintiffs are not entitled to recover any costs of this proceeding, nor are they entitled to any compensatory damages, pre- or post-judgment interests, injunctive relief, statutory penalties, or attorneys' fees.

**TWENTY-SIXTH AFFIRMATIVE DEFENSE**

Knauf gives notice that it intends to rely upon such other defenses as may become available or apparent during the course of discovery and reserve the right to amend this Answer to assert such defenses.

**WHEREFORE**, defendant, Knauf Gips KG, prays that its answer be deemed good and sufficient and that, after all legal delays and due proceedings are had herein, that there be judgment rendered in its favor, dismissing Plaintiffs' Complaint with prejudice and at Plaintiffs' cost. Knauf Gips KG denies that Plaintiffs are entitled to any of the relief requested in the Complaint.

Accordingly, Knauf requests that the Complaint be dismissed with prejudice, and that Knauf be awarded costs and fees incurred in this action.

Respectfully submitted,

**BAKER, DONELSON, BEARMAN,
CALDWELL & BERKOWITZ, PC**

 /s/ *Kerry J. Miller*
**KERRY J. MILLER (#24562), T.A.
DANIEL J. DYSART (#33812)**
201 St. Charles Avenue, Suite 3600
New Orleans, LA  70170
Telephone: (504) 566-8646
Facsimile: (504) 585-6946
Email: kjmiller@bakerdonelson.com

*Counsel for Defendant, Knauf Gips KG*

### CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that the above and foregoing pleading has been served upon Russ Herman, Plaintiffs' Liaison Counsel, by email, and to all parties by electronically uploading the same to LexisNexis File & Serve in accordance with Pre-Trial Order No. 6, and that the foregoing was filed with the Clerk of Court of the United States Court for the Eastern District of Louisiana, on this 23rd day of December, 2015.

*/s/ Kerry J. Miller*
KERRY J. MILLER