UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: CHINESE MANUFACTURED DRYWALL PRODUCTS LIABILITY LITIGATION<br><br>**THIS DOCUMENT RELATES TO:**<br>*Gross v. Knauf Gips KG*, 2:09-cv-6690<br>*Amorin v. Taishan Gypsum*, 2:11-cv-1672<br>*Amorin v. Taishan Gypsum*, 2:11-cv-1395<br>*Amorin v. Taishan Gypsum*, 2:11-cv-1673<br>*Amorin v. SASAC*, 2:14-cv-1727<br>*State of Louisiana v. Knauf*, 2:10-cv-340<br>*Abner v. Taishan Gypsum*, 2:11-cv-3094<br>*Posey v. BNBM Co.*, 2:09-cv-6531<br>*Morris v. BNBM Co.*, 2:09-cv-6530 | MDL No. 2:09-md-2047<br><br>SECTION L<br><br>JUDGE ELDON E. FALLON<br><br>MAGISTRATE JUDGE<br>JOSEPH C. WILKINSON, JR. |

**CNBM GROUP'S RESPONSE TO THE PSC'S MOTION FOR LEAVE TO FILE A SECOND SUPPLEMENTAL RESPONSE TO CNBM GROUP'S MOTION TO DISMISS FOR LACK OF SUBJECT MATTER JURISDICTION UNDER THE FSIA**

China National Building Materials Group Corporation ("CNBM Group") hereby opposes the PSC's motion for leave to file a *second* supplemental response to CNBM Group's motion to dismiss pursuant to the Foreign Sovereign Immunities Act ("FSIA"). Plaintiffs' burdensome request violates the very nature of a sovereign immunity defense and is both unduly repetitive and unfairly prejudicial. The Court should deny the motion and proceed to resolving CNBM Group's immunity defense without delay.

**1.** More than six months ago, CNBM Group filed a motion to dismiss the claims against it because the Court lacked subject matter jurisdiction under the FSIA. In July, this Court ordered that CNBM Group's motion be heard no later than December 2015, Rec. Doc. 19323,

1

and it subsequently entered a briefing order (agreed to by counsel for all parties) requiring that Plaintiffs file their response by the end of October, Rec. Doc. 19403.  After scheduling a November spoliation hearing about discovery issues relating to a Taishan witness, the Court authorized Plaintiffs to file a *single* supplemental response to CNBM Group's motion *before* the December hearing—if information was disclosed at the spoliation hearing that was relevant to one of the FSIA's statutory exceptions to immunity.  In allowing for this single supplemental response, the Court expressly refused to delay resolving the FSIA motion any longer than necessary because "Fifth Circuit law is clear that immunity defenses must be decided at the earliest possible stage of litigation." Rec. Doc. 19612.

      Plaintiffs took the opportunity to file their supplemental response, but nevertheless abused this privilege by primarily including arguments and exhibits that had nothing at all to do with the November spoliation hearing—which was the sole purported justification for the supplemental brief.  The State of Louisiana also filed a supplemental opposition to CNBM Group's FSIA defense doing the same.  CNBM Group did not object to those filings, however, because it did not want to jeopardize delaying the imminent December FSIA hearing date and a timely adjudication of its sovereign immunity defense.

      Now, two weeks after the FSIA hearing where the Court took the FSIA motion under submission, Plaintiffs make the extraordinary request to file a *third* brief in response to CNBM Group's FSIA motion.  Their proposed filing presents arguments based largely on evidence that Plaintiffs had before they filed their first response brief, and in any event cites only the same type of evidence they have already presented (at great length) to the Court.  And Plaintiffs make this request only *after* CNBM Group withdrew unquestionably relevant evidence for the express purpose of avoiding another round of supplemental briefing and the inevitable delay that would

entail. Such intrusions on the timely and orderly consideration of immunity motions must not be permitted.

**2.** Plaintiffs have provided no adequate justification for why it should be given yet another opportunity to oppose CNBM Group's sovereign immunity defense. CNBM Group's FSIA argument occupied a mere 15 pages of the CNBM Entities' joint Rule 12 motion to dismiss. CNBM Group explained that as a wholly state-owned entity it was presumptively immune under the FSIA, that no statutory exception to immunity applied to it directly, and that its supervisory role over its indirect subsidiaries was insufficient to establish an alter ego relationship and attribute their actions to CNBM Group for purposes of the FSIA.

In response to this succinct and straightforward argument, Plaintiffs and Louisiana have already filed *four* opposition briefs totaling more than 160 pages (and attaching some 170 exhibits). That Plaintiffs feel the need even to request a fifth brief demonstrates, more than anything, the weakness of their counter to CNBM Group's FSIA defense. As discussed below, all Plaintiffs would do with this fifth response brief is attempt (again) to bootstrap jurisdiction over CNBM Group by retreading the same alter ego arguments they have already made ad nauseam in previous filings. If Plaintiffs and Louisiana could not defeat CNBM Group's FSIA defense in their four previous response briefs, it is hard to imagine how a fifth could possibly make any difference. And indeed, it could not.

**3.** Plaintiffs' *sole* proffered justification in its motion for filing a second supplemental brief is that CNBM Group and CNBM Company produced some documents in November and December 2015 in response to discovery requests. Plaintiffs' characterization of the CNBM Entities' discovery production as "late" is misleading.[1] However, even if the timing of these

---

[1] CNBM Group and CNBM Company completed document production in response to the Plaintiffs' initial document requests by mid-August. *After* those productions were complete, Plaintiffs made numerous further

3

productions *could* justify allowing a supplemental brief limited to those documents, Plaintiffs dedicate the bulk of their proposed brief to documents that were produced many months ago. Indeed, Plaintiffs' proposed submission begins by discussing at length a CNBM Company document *already used and attached to Plaintiffs' first response*. *Compare* PSC Proposed Second Supp. FSIA Resp. at 1-2 & n.3 (discussing FSIA Ex. 37); *with* PSC FSIA Resp. at 19 & n.67, 22 n.76 (same). By contrast, the few "newly produced" documents that purportedly justify Plaintiffs' supplemental filing are merely summarized in bullet points in the final two pages of the proposed brief. Plainly this is not the proper purpose of a supplemental brief.

The vast majority of Plaintiffs' proposed brief describes deposition testimony of a CNBM Company witness, Jinyu Hu, about documents that were produced months before Plaintiffs' first response brief was due. *See* PSC Proposed Second Supp. FSIA Resp. at 3-8.[2] Plaintiffs never argue that they could not have questioned another CNBM Group or CNBM Company witness about these documents at an earlier time. Nor, for that matter, do Plaintiffs adequately explain why they did not depose this witness earlier if they believed she was important to CNBM Group's FSIA motion, which Plaintiffs had long known was scheduled for a December hearing.[3]

---

requests for documents from additional custodians. While CNBM Group and CNBM Company disagreed with the relevance of these custodians, they agreed to produce such documents and undertook tremendous efforts to do so in a timely manner. The production process required document collection and state secrets review, as well as an intense scrutiny for privilege, as (with one exception) these supplemental custodians were members of CNBM Group's or CNBM Company's legal departments. Moreover, these efforts were necessarily delayed due to ongoing document review and production in advance of the depositions of CNBM Import & Export, CNBM Forest Products (Canada), CNBM USA, and United Suntech—nearly all of which related to discovery concerning a collateral issue (contempt) that Plaintiffs have aggressively and incessantly pursued. In short, Plaintiffs could have requested documents from these additional custodians at an earlier stage in discovery, but did not. Plaintiffs cannot therefore complain about the timing of the CNBM Entities' good faith efforts to complete discovery.

[2] Plaintiffs' proposed Exhibits 172-75 were all produced between July 28 and August 15, 2015—more than two months before Plaintiffs' first response brief was due and a month before their deposition of Song Zhiping. They are therefore not the type of newly produced, previously unavailable documents that would warrant the submission of yet another brief.

[3] Plaintiffs note that they originally noticed Ms. Hu's deposition for October 6, 2015, but they don't explain why they waited even that long to request the deposition. Nor do Plaintiffs acknowledge that they chose to pursue depositions of CNBM Import & Export, CNBM Forest Products (Canada), CNBM USA, and United Suntech before deposing Ms. Hu.

And, more fundamentally, Ms. Hu's deposition testimony is not the sort of crucial, previously-unavailable testimony that would warrant the submission of an additional brief. Indeed, Plaintiffs mostly complain that Ms. Hu—who was deposed as an individual, not a corporate Rule 30(b)(6) witness—provided allegedly inadequate answers. *See, e.g.*, *id.* at 5 ("Ms. Hu denies any knowledge of top-down policies"), 6 (Ms. Hu "professed ignorance"), 7 (Ms. Hu was allegedly "evasive" and "deni[ed]" Plaintiffs' allegation). Thus, far from providing information crucial to this Court's resolution of the FSIA issue, Plaintiffs' unsolicited submission consists largely of yet-more complaints about witnesses and discovery efforts.

Finally, and in any event, Ms. Hu's testimony and *all* of Plaintiffs' proposed exhibits—including the few "newly produced" documents (Proposed FSIA Exs. 171, 176-79)—are simply the same sorts of innocuous evidence cited and discussed in Plaintiffs' previous briefs. For example, Plaintiffs refer to a policy relating to the establishing of a trade union, which relies on China's "trade union law and [] newly-established economic organizations to establish trade unions." *See* PSC Proposed Second Supp. FSIA Resp. at 5-6 & Proposed FSIA Ex. 172. Plaintiffs also refer to audits, *see* PSC Proposed Second Supp. FSIA Resp. at 7-8, and various strategic plans and meeting minutes of other companies, *see id.* at 10. While CNBM Group will respond to these allegations in greater detail if the Court permits Plaintiffs to file a brief over CNBM Group's objection, CNBM Group notes for present purposes that Plaintiffs' evidence and arguments are cumulative to what already appears in the four earlier briefs (and 170 attached exhibits) responding to CNBM Group's motion. For example, Plaintiffs have already extensively discussed CNBM Group's alleged high-level strategic policies, objectives, and audits in their opening and supplemental responses. *See, e.g.*, PSC Resp. at 25 (discussing "policies and procedures"), 29-32 (same), 32-34 (discussing alleged "directives," "Risk

5

Management Reports" and audits), 58 (same), 91 (discussing "strategy and investment" and "audit and risk management" committees).

Either this type of evidence is sufficient to establish an alter ego relationship in the FSIA context (as Plaintiffs and Louisiana contend), or it is not (as CNBM Group maintains). But allowing repetitive briefs rehashing the same arguments over and over again serves no one and no purpose. Such cumulative filings are unwarranted in *any* circumstance, and especially where—as here—Plaintiffs are responding to a defense asserted by a sovereign entity that is presumptively immune from suit.

**4.** Allowing Plaintiffs to file yet another supplemental brief also would specifically prejudice CNBM Group. In its reply brief to Plaintiffs' *first* FSIA opposition brief, CNBM Group attached two declarations that responded directly to misrepresentations that Plaintiffs had made. Rather than address the substance of these declarations in its forthcoming supplemental brief, Plaintiffs filed a motion to strike the declarations as untimely. Rec. Doc. 19800. CNBM Group opposed Plaintiffs' motion. Rec. Doc. 19834. At the December 7 status conference, the Court acknowledged that the declarations were relevant and helpful to resolving the FSIA issue, but—to avoid any prejudice—provided that it would keep the record open for a period of time to allow Plaintiffs to file another supplemental response addressing the declarations. *See* Dec. 7 Status Conf. Tr. at 8-9. At the FSIA hearing the following day, CNBM Group offered to withdraw the declarations to avoid any further delay in the disposition of the motion. *See* Dec. 8 FSIA Hearing Tr. at 81-83. And Plaintiffs subsequently agreed to the withdrawal on this basis. *See* Rec. Doc. 19900-1; 19908.

What Plaintiffs did not disclose as part of that colloquy, however, was that they intended to file yet another supplemental response brief regardless. Had Plaintiffs made their intent clear,

6

and asked the Court for permission at the December hearing to file another supplemental response based on the November and December document productions[4], the parties perhaps could have reached agreement on a briefing schedule that allowed CNBM Group's relevant and helpful declarations to be included in the record. However, Plaintiffs instead opted to pursue this unilateral approach in an attempt to gain a dual advantage, having CNBM Group's evidence stricken while also delaying resolution of the FSIA motion by filing yet another supplemental response. Just as Plaintiffs abuse the Court's order permitting an initial supplemental response based on the November spoliation hearing, they now are attempting to exploit CNBM Group's good-faith efforts to work with the Court to ensure a prompt resolution of its sovereign immunity defense. Such tactics should not be allowed.[5]

In addition to this specific prejudice, permitting Plaintiffs to file repetitive, serial oppositions would also violate the very nature of CNBM Group's sovereign immunity defense. As this Court is well aware, "the nature of FSIA immunity … is immunity not only from liability, but from the burdens of litigation as well," including "the costs, in time and expense, and other disruptions attendant to litigation." *Kelly v. Syria Shell Petroleum Dev. B.V.,* 213 F.3d 841, 847, 849 (5th Cir. 2000). That is, "sovereign immunity is an immunity from the burdens of becoming involved in *any* part of the litigation process, from pretrial wrangling to trial itself." *United States v. Moats*, 961 F.2d 1198, 1203 (5th Cir. 1992) (emphasis added). Allowing

---

[4] In their first supplemental response, Plaintiffs requested that the December 8 hearing be postponed based on the November and December document productions, or in the alternative that they be provided another opportunity to file a supplemental response. *See* PSC FSIA Supp. Resp. at 24 & n.91 (citing Rec. Doc. 19803). However, the Court specifically rejected Plaintiffs' request to delay the December FSIA hearing, *see* Rec. Doc. 19836 n.1, and did not grant their alternative request for an opportunity to file another response either.

[5] Plaintiffs' suggestion that they made their "best efforts" to meet and confer with CNBM Group prior to filing the instant motion is simply not true. PSC Mot. for Leave, Rec. Doc. 19934 at 2. Plaintiffs' email to counsel for CNBM Group on December 20 in no way offered any "basis and need for the filing of a Second Supplemental brief." *Id.* Plaintiffs simply asserted that they would file a second supplemental brief addressing Ms. Hu's deposition and unnamed "other documents" recently received from the CNBM Entities. And when CNBM Group expressed a willingness to consider Plaintiffs' request if it received an explanation of what information Plaintiffs believed was new and relevant enough to justify another supplemental brief, Plaintiffs refused to answer.

7

Plaintiffs to file repetitive response briefs necessitating multiple replies effectively deprives CNBM Group of the immunity to which it is entitled. Plaintiffs' request to file an unsolicited *third* opposition brief *after* the motion has been argued and submitted appears to be unprecedented in an FSIA case. (And based on Plaintiffs' apparent view, nothing would prevent them from seeking leave to file yet more supplemental responses after this one.) "Third time's a charm" may be an appropriate adage in other contexts, but not for opposing a sovereign immunity defense in federal court.

The Court should therefore reject Plaintiffs' request to file yet another supplemental response to CNBM Group's FSIA defense. In the alternative, and at the very least, if the Court permits this supplemental brief it should make clear that it will not allow any more.

## CONCLUSION

For the foregoing reasons, CNBM Group respectfully requests that the Court DENY the PSC's Motion or, in the alternative, issue an order making clear that no further leave to file supplemental responses will be granted.

Dated: December 23, 2015

                                          Respectfully submitted,

                                          /s/ L. Christopher Vejnoska

| | |
|---|---|
| L. Christopher Vejnoska (CA Bar No. 96082) | Ewell E. Eagan, Jr. (LA Bar No. 5239) |
| Ian Johnson (CA Bar No. 208713) | Donna Phillips Currault (LA Bar No. 19533) |
| Andrew Davidson (CA Bar No. 266506) | Alex B. Rothenberg (LA Bar No. 34740) |
| Jason Wu (CA Bar No. 279118) | GORDON, ARATA, MCCOLLAM, |
| ORRICK, HERRINGTON & SUTCLIFFE LLP | DUPLANTIS & EAGAN, LLC |
| The Orrick Building | 201 St. Charles Avenue, 40th Floor |
| San Francisco, CA 94105 | New Orleans, LA 70170-4000 |
| Tel: 415-773-5700 | Tel: 504-582-1111 |
| Email: cvejnoska@orrick.com | Email: eeagan@gordonarata.com |

| | |
|---|---|
| ijohnson@orrick.com<br>adavidson@orrick.com<br>jmwu@orrick.com | dcurrault@gordonarata.com<br>arothenberg@gordonarata.com |
| James L. Stengel (NY Bar No. 1800556)<br>Xiang Wang (NY Bar No. 4311114)<br>ORRICK, HERRINGTON & SUTCLIFFE LLP<br>51 West 52nd Street<br>New York, NY, 10019<br>Tel: 212-506-5000<br>Email:  jstengel@orrick.com<br>          xiangwang@orrick.com | Eric A. Shumsky (D.C. Bar No. 477926)<br>ORRICK, HERRINGTON & SUTCLIFFE LLP<br>Columbia Center<br>1152 15th Street NW<br>Washington, D.C. 20005<br>Tel: 202-339-8400<br>Email: eshumsky@orrick.com |

*Counsel for CNBM Group*

**CERTIFICATE OF SERVICE**

      I hereby certify that the above and foregoing **Response to the PSC's Motion for Leave to File a Second Supplemental Response to CNBM Group's Motion to Dismiss for Lack of Subject Matter Jurisdiction Under the FSIA** and accompanying documents have been served on Plaintiffs' Liaison Counsel, Russ Herman, and Defendants' Liaison Counsel, Kerry Miller, by U.S. mail and e-mail and upon all parties by electronically uploading the same to File & Serve in accordance with Pre-Trial Order No. 6, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2047, on December 23, 2015.

    /s/ L. Christopher Vejnoska

L. Christopher Vejnoska (CA Bar No. 96082)
ORRICK, HERRINGTON & SUTCLIFFE LLP
The Orrick Building
405 Howard Street
San Francisco, CA  94105
Tel:  415-773-5700
Fax: 415-773-5759
Email: cvejnoska@orrick.com

*Counsel for CNBM Group*