UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: CHINESE MANUFACTURED DRYWALL PRODUCTS LIABILITY LITIGATION | MDL NO. 2047 |
| | SECTION "L" |
| | JUDGE FALLON |
| | MAG. WILKINSON |

## MEMORANDUM IN SUPPORT OF MOTION TO RECONSIDER THE COURT'S ORDER AND REASONS (REC. DOC. 19868)

**MAY IT PLEASE THE COURT:**

Claimant Patricia Harvey (hereinafter "Ms. Harvey"), Claimant Identification No. 113732, respectfully submits the following *Memorandum in Support of the Motion to Reconsider the Court's Order and Reasons (Rec. Doc. 19868)*. Ms. Harvey respectfully moves this Honorable Court for an Order granting her *Motion to Reconsider the Court's Order and Reasons (Rec. Doc. 19868)* and authorizing her to submit an Other Loss fund claim (Foreclosure losses) with the Claims Administrator (hereinafter "Brown Greer") for drywall damages related to the property at 3217 Upperline Street, New Orleans, Louisiana 70118, for the reasons more fully set forth below:

### INTRODUCTION

Ms. Harvey timely submitted a Chinese Drywall Settlement Program Registration Form to make a claim under the Knauf, Banner, InEx, Global, and/or L&W Class Settlements for the affected property address of 3217 Upperline Street, New Orleans, Louisiana 70118. Under number 9 of the section titled *Affected Property Information* of the Registration Form, Ms. Harvey marked Remediation and Other Losses (Pre-Remediation Alternative Living Expenses

(PRALE) and Foreclosure losses appear in this category) as the type of claims that relate to the above affected property.

On September 26, 2013, Ms. Harvey timely submitted a Miscellaneous Claim Form. On July 28, 2015, Ms. Harvey's Miscellaneous Claim Form was denied for failure to state a claim. On October 1, 2015, Brown Greer informed the undersigned law firm that the Miscellaneous claim for Ms. Harvey could be reclassified to either a PRALE claim or a Foreclosure claim, as long as the claim documentation was submitted by Brown Greer's imposed deadline of October 7, 2015. In support of this determination, Brown Greer cited Claims Administration Procedure No. 2013-6, paragraph 4, which states,

> **4. Claims filed in Error.** If the Settlement Administrator determines that a claimant may have a valid claim but erroneously filed an incorrect claim form, the Settlement Administrator will notify the claimant of the filing error. After notification, the claimant will have 30 days from the date the Settlement Administrator notifies the claimant of the error to file a proper claim using the correct claim form.

On October 1, 2015, the undersigned law firm requested that the Miscellaneous claim for Ms. Harvey be reclassified to both a PRALE claim and a Foreclosure claim. However, on this same date, the undersigned law firm was informed by Brown Greer that Ms. Harvey was only allowed to reclassify to one of the above claims, pursuant to Claims Administration Procedure No. 2013-6, paragraph 4. In addition, the undersigned law firm was also informed by Brown Greer that the only way that the claim not reclassified could be submitted by Ms. Harvey and accepted by Brown Greer is by an Order from this Honorable Court.

Prior to Brown Greer's imposed October 7, 2015 deadline, a claim form and claim documentation were uploaded to the settlement portal for both a PRALE claim and a Foreclosure claim. On October 26, 2015, an Other Loss Eligibility Notice was issued for the PRALE claim. No Other Loss Eligibility Notice was issued for the Foreclosure claim, because Brown Greer

2

believes that Ms. Harvey is only allowed to reclassify one of the claims (PRALE or Foreclosure), pursuant to Claims Administration Procedure No. 2013-6, paragraph 4, unless this Honorable Court issues an Order allowing the Foreclosure claim to be accepted by Brown Greer.

Pursuant to Brown Greer's instruction that it would not accept the non-reclassified claim (Foreclosure claim) without an Order from this Honorable Court, Ms. Harvey filed a *Motion for Authority to Submit a Late Other Loss Fund Claim* (Rec. Doc. 19680) on November 3, 2015. On December 3, 2015, this Honorable Court issued an *Order and Reasons* (Rec. Doc. 19868) which denied Ms. Harvey's Motion.

## **LAW AND ARGUMENT**

According to this Honorable Court in *Michelle Collins, Individually and as Personal Representative of the Estate of Michael Collins v. A.B.C. Marine Towing, L.L.C. and Board of Commissioners Port of New Orleans*, 2015 WL 9257862 (E.D.La. 12/18/15) at *3,

> Motions asking a court to reconsider an order are generally analyzed under the standards for a motion to alter or amend a judgment pursuant to Rule 59(e) or a motion for relief from a judgment or order pursuant to Rule 60(b). *See Hamilton Plaintiffs v. Williams Plaintifs,* 147 F.3d 367, 371 n. 10 (5th Cir.1998). Rule 59(e) governs when the motion is filed within 28 days of the challenged order. *See* Fed.R.Civ.P. 59(e). Because Defendants' Motion was filed within 28 days of entry of the Order and Reasons it challenges, the Court treats the Motion as one pursuant to Rule 59(e).
>
> A Rule 59(e) motion "is not the proper vehicle for rehashing evidence, legal theories, or arguments that could have been offered or raised before the entry of judgment." *Templet v. HydroChem Inc.,* 367 F.3d 473, 479 (5th Cir.2004) (citing *Simon v. United States,* 891 F.2d 1154, 1159 (5th Cir.1990)). Rather, Rule 59(e) serves the narrow purpose of correcting manifest errors or law or fact, or presenting newly discovered evidence. *Lavespere v. Niagra Mach. & Tool Works, Inc.,* 910 F.2d 1667, 174 (5th Cir.1990); *Templet,* 367 F.3d at 479 (quoting *Waltman v. Int'l Paper Co.,* 875 F.2d 468, 473 (5th Cir.1989)). "'Manifest error' is one that 'is plain and indisputable, and that amounts to a complete disregard of the controlling law.' "*Guy v. Crown Equip. Corp.,* 394 F.3d 320, 325 (5th Cir.2004) (quoting *Venegas–Hernandez v. Sonolux Records,* 370 F.3d 183, 195 (1st Cir .2004))…District courts have "considerable discretion in

3

deciding whether to grant or deny a motion to alter a judgment." *Hale v. Townley,* 45 F.3d 914, 921 (5th Cir.1995)…

On December 3, 2015, this Honorable Court issued an *Order and Reasons* (Rec. Doc. 19868) which denied Ms. Harvey's Motion. During the time this Honorable Court issued its *Order and Reasons* (Rec. Doc. 19868), this Honorable Court was not aware of the following facts: (1) on September 26, 2013, Ms. Harvey timely submitted a Miscellaneous Claim Form; (2) on July 28, 2015, Ms. Harvey's Miscellaneous Claim Form was denied for failure to state a claim; (3) on October 1, 2015, Brown Greer informed the undersigned law firm that the Miscellaneous claim for Ms. Harvey could be reclassified to either a PRALE claim or a Foreclosure claim, as long as the claim documentation was submitted by Brown Greer's imposed deadline of October 7, 2015. In support of this determination, Brown Greer cited Claims Administration Procedure No. 2013-6, paragraph 4;[1] (4) on October 1, 2015, the undersigned law firm requested that the Miscellaneous claim for Ms. Harvey be reclassified to both a PRALE claim and a Foreclosure claim; (5) on October 1, 2015, the undersigned law firm was informed by Brown Greer that Ms. Harvey was only allowed to reclassify to one of the claims (PRALE or Foreclosure), pursuant to Claims Administration Procedure No. 2013-6, paragraph 4. In addition, the undersigned law firm was also informed by Brown Greer that the only way that the claim not reclassified could be submitted by Ms. Harvey and accepted by Brown Greer is by an Order from this Honorable Court; (6) prior to Brown Greer's imposed October 7, 2015 deadline, a claim form and claim documentation were uploaded to the settlement portal for both a PRALE claim and a Foreclosure claim; (7) on October 26, 2015, an Other Loss Eligibility Notice was issued for the PRALE claim; (8) no Other Loss Eligibility Notice was issued for the Foreclosure claim, because Brown Greer believes that Ms. Harvey is only allowed to reclassify one of the

---

[1] This paragraph is quoted on page 2 of this Memorandum in Support.

claims (PRALE or Foreclosure), pursuant to Claims Administration Procedure No. 2013-6, paragraph 4, unless this Honorable Court issues an Order allowing the Foreclosure claim to be accepted by Brown Greer; (9) pursuant to Brown Greer's instruction that it would not accept the non-reclassified claim (Foreclosure claim) without an Order from this Honorable Court, Ms. Harvey filed a *Motion for Authority to Submit a Late Other Loss Fund Claim* (Rec. Doc. 19680) on November 3, 2015; and (10) paragraph 4 of Claims Administration Procedure No. 2013-6 does not specifically limit reclassification to one claim.  The wording of this paragraph is void of any mention of a limit regarding reclassification.

## CONCLUSION

For the reasons stated above, Ms. Harvey respectfully submits her *Motion to Reconsider the Court's Order and Reasons (Rec. Doc. 19868)* no later than 28 days after the entry of this Honorable Court's December 3, 2015 *Order and Reasons* (Rec. Doc. 19868) and respectfully moves this Honorable Court for an Order granting her Motion to Reconsider and authorizing her to submit an Other Loss fund claim (Foreclosure) with Brown Greer for drywall damages related to the property at 3217 Upperline Street, New Orleans, Louisiana 70118.

Respectfully submitted:

/s/ Joseph M. Bruno
Joseph M. Bruno, (LA Bar No. 3604)
Bruno & Bruno, LLP
855 Baronne Street
New Orleans, Louisiana  70113
Telephone:  (504) 525-1335
Facsimile:   (504) 561-6775

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the above Memorandum has been served upon all counsel of record by electronic notice via the Court's CM/ECF system this 30th day of December, 2015.

/s/ Joseph M. Bruno