UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: CHINESE-MANUFACTURED DRYWALL PRODUCTS LIABILITY LITIGATION | MDL NO. 2047<br>SECTION: L<br>JUDGE FALLON<br>MAG. JUDGE WILKINSON |
| THIS DOCUMENT RELATES TO:<br><br>*Collins vs. Bass Homes, Inc.*, Case No. 13-6652 (S.D. Miss.)<br><br>*Herrington vs. Bass Homes, Inc.*, Case No. 13-6653 (S.D. Miss.) | |

**TAISHAN'S RESPONSE TO ACE HOME CENTER, INC.'S MOTION TO STAY**

On July 14, 2015, Taishan filed its Motion to Dismiss Ace Home Center, Inc.'s ("AHC") Third Party Complaints, requesting that the Complaints be dismissed under Federal Rule of Civil Procedure 12(b)(6) or, in the alternative, stayed "until both AHC's liability to the Plaintiffs and the Plaintiffs' class claims are resolved." (Rec. Doc. 19261 at 8). Taishan's justification for the proposed stay was simple: the Collins and Herrington Plaintiffs' continued pursuit of class remediation damages against Taishan threatened to impermissibly provide the Plaintiffs with double recovery and "could make AHC's third-party complaints entirely moot." *Id.* Taishan also argued that it would be the "'height of judicial inefficiency' to allow for two separate inquiries into the same transaction." *Id.* at 7 (quoting *Ambraco, Inc. v. Bossclip BV*, 570 F. 3d 233, 243 (5th Cir. 2009)).

On August 7, 2015, the Court heard oral argument on Taishan's Motion to Dismiss and asked counsel for AHC whether it foresaw any harm from staying the matter, as proposed by Taishan. (Rec. Doc. 19531 at 75). AHC stated that it opposed a stay because of a desire to "handle everything at one time," arguing that "fundamental fairness require[d] the denial of

Taishan's request." *Id*. at 75-76.  In addition to oral argument, AHC has perpetuated multiple rounds of briefing and multiple court conferences in its opposition to Taishan's position.

But now, over four months later, AHC has completely reversed course, and its Motion to Stay now cites "notions of fundamental fairness and judicial economy" to argue in *favor* of a stay of the above-captioned proceedings, including a stay of AHC's third-party complaints against Taishan.[1]  (Rec. Doc. 19911).  Taishan has argued for a stay of these proceedings since July and does not oppose AHC's Motion.  However, Taishan maintains its position that the Court should ultimately dismiss AHC's Third-Party Complaints because they fail to state a claim upon which relief can be granted under Rule 14 federal third-party practice and the substantive laws of the State of Mississippi, as outlined in Taishan's Motion to Dismiss.

A stay to these proceedings is a temporary solution to a problem that remains unaddressed: the Collins and Herrington Plaintiffs continue to impermissibly pursue double recovery through multiple actions in this MDL despite accepting pursuit of their remedy through the class proceedings as their *exclusive* remedy.[2]  So long as these Plaintiffs are permitted to impermissibly pursue multiple actions for the same alleged harm, the issues of "fundamental fairness and judicial economy" cited by AHC will continue – regardless of whether the Court stays the above-captioned proceedings.

---

[1] AHC's reversal comes in the wake of its presumably-abandoned Supplemental Response in Opposition to Taishan's Motion to Dismiss, which argued, incorrectly, that the Collins and Herrington Plaintiffs had voluntarily dismissed all of their class remediation claims against Taishan. (Rec. Doc. 19729). As noted in Taishan's reply brief, the Collins and Herrington Plaintiffs only dismissed their pursuit of *triple* recovery through the recently-filed *Brooke* complaint, but their pursuit of class remediation damages in the *Wiltz* action remains.  (Rec. Doc. 19781).
[2] As described in Taishan's Motion to Dismiss, the Supplemental Class Notice agreed to by the Collins and Herrington Plaintiffs, distributed by the PSC, and approved by the Court explicitly states that "any relief [class members] receive through these class proceedings will be [their] exclusive remedy."  (Rec. Doc. 18086-18 (emphasis added)).

For these reasons, Taishan does not oppose AHC's proposed stay, but requests that the Court address the Plaintiffs' improper pursuit of double recovery by requiring them to decide between their pursuit of class damages against Taishan and their pursuit of damages in these proceedings.

Dated: January 12, 2016

Respectfully submitted,

/s Christina Hull Eikhoff
Christina Hull Eikhoff, Esq.
Georgia Bar No. 242539
Bernard Taylor, Esq.
Georgia Bar No. 669625
Michael P. Kenny, Esq.
Georgia Bar No. 415064
ALSTON & BIRD LLP
1201 West Peachtree Street
Atlanta, Georgia  30309
Phone: (404) 881-7000
Fax: (404) 881-7777
christy.eikhoff@alston.com
*Counsel for Taishan Gypsum Co., Ltd.*

Alan Dean Weinberger
Louisiana Bar No. 13331
HANGARTNER, RYDBERG &
TERRELL, LLC
One Shell Square
701 Poydras Street, Suite 310
New Orleans, Louisiana  70179
Phone: (504) 434-6815
Fax: (504) 522-5689
aweinberger@hanrylaw.com
*Local Counsel for Taishan Gypsum Co., Ltd.*

3

**CERTIFICATE OF SERVICE**

      I hereby certify that the above and foregoing has been served on Counsel for Ace Home Center, Inc., Danny J. Collier, Jr. and Plaintiffs' Liaison Counsel, Russ Herman, by U.S. mail and e-mail <u>or</u> by hand delivery and e-mail <u>and</u> upon all parties by electronically uploading the same to LexisNexis File & Serve in accordance with Pre-Trial Order No. 6, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2047, on this 12th day of January, 2016.

      <u>/s Christina Hull Eikhoff</u>
      Christina Hull Eikhoff, Esq.
      Georgia Bar No. 242539
      ALSTON & BIRD LLP
      1201 West Peachtree Street
      Atlanta, Georgia  30309
      Phone: (404) 881-7000
      Fax: (404) 881-7777
      christy.eikhoff@alston.com

      *Counsel for Taishan Gypsum Co., Ltd.*