UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF LOUISIANA

IN RE: CHINESE - MANUFACTURED
DRYWALL PRODUCTS LIABILITY
LITIGATION                                                                MDL Docket No. 2047

THIS DOCUMENT RELATES TO ALL
CASES                                                                          JUDGE FALLON

_____/        MAGISTRATE JUDGE WILKINSON

**PLAINTIFF WILLIAM KENNEDY'S OBJECTION/RESPONSE TO PLAINTIFF SAMUEL PERONE'S MOTION FOR REHEARING AND/OR RECONSIDERATION OF ORDER DENYING SAMUEL PERONE'S GLOBAL, BANNER AND IN-EX REPAIR AND RELOCATION EXPENSES CLAIM**

Plaintiff, WILLIAM KENNEDY ("KENNEDY"), hereby files his Objection/Response to Plaintiff SAMUEL PERONE's ("PERONE") Motion for Rehearing and/or Reconsideration of Order Denying PERONE's Global, Banner, INEX Repair and Relocation Expenses ("GBI") Claim and states as follows:

1. PERONE is the former owner of the property located at 7063 Lost Garden Terrace, Parkland, Florida 33067 (the "Affected Property"), which was sold on May 4, 2011 to KENNEDY pursuant to a short sale in the amount of $825,000.00. See Doc. 19360, at p. 4.

2. KENNEDY subsequently remediated the Affected Property and timely filed a GBI Claim. Note, the Affected Property contained non-KPT Chinese drywall. The Settlement Administrator issued an Eligibility Notice for KENNEDY's GBI Claim and continues to stand by that decision. However, KENNEDY is still awaiting payment and, for this reason, KENNEDY has filed the instant Objection/Response as an interested party.

3. PERONE filed two claims under the Builders, Installers, Suppliers and Participating Insurers Settlement: (1) a Foreclosure/Short Sale Claim; and (2) a GBI Claim. See Doc. 19345.

1

4.	On January 15, 2015, the Settlement Administrator issued an Other Loss Eligibility Notice with respect to PERONE's Foreclosure/Short Sale Claim and PERONE was compensated. See Doc. 19570 at p. 2.

5.	On February 3, 2015, the Settlement Administrator denied PERONE's GBI Claim. PERONE appealed. The Special Master denied the appeal, stating: "[t]he Allocation Agreements that govern this Settlement Program specify that a payment may only be made to you if you retained the right to the Chinese Drywall claim. The Allocation Agreements require us to deny this claim because you sold the unremediated Affected Property and did not retain the right to this claim."  See Doc. 19360 at p. 14.   PERONE filed an Objection to the Special Master's Determination and on November 18, 2015, this Court affirmed the denial of PERONE's GBI claim. See Doc. 197641.

6.	PERONE has now filed a Motion for Rehearing and/or Reconsideration pursuant to Fed.R.Civ.P. 60(b)(1) and (6) once again asking this Court to rewrite several portions of the Allocation Agreements that govern the disbursement of Global, Banner and InEx settlement payments. PERONE cites these two provisions of Rule 60(b) without specifically explaining how either provides an avenue for relief. PERONE's legal arguments in support of his claim regarding the interpretation of the Allocation Plans are exactly the same as those previously raised. It appears, because it is not specifically stated, that PERONE is characterizing the fact that he was unaware that the Settlement Administrator had not issued payment to KENNEDY as a "mistake" under Rule 60(b)(1) or some other reason under Rule 60(b)(6) to justify reconsideration of this matter. As discussed below, it clearly is not.

7.	The fact that the Settlement Administrator has not yet issued payment to KENNEDY does not change the analysis or the Court's reasons for previously denying PERONE's

GBI claim, and in no way triggers the stringent Rule 60(b) standards to justify relief from this Court's Order.  Doc. 197641.  Contrary to PERONE's characterization of the Court's reasoning during oral argument and in its Order, the fact that the Court believed KENNEDY had already received funds was <u>not</u> a factor in finding that PERONE was not entitled to GBI funds.  While the Court stated it was sympathetic to PERONE's argument, his claim was nonetheless barred by the unambiguous language of the Allocation Plans.  The Court mentioned in passing during oral argument that PERONE could potentially have a separate claim against KENNEDY if KENNEDY had received payment and was not entitled to it, but this was not the appropriate venue to do so.  In short, the fact that KENNEDY has not yet received the funds to which he is entitled in no way contravenes the reasoning of the Court's Order nor does it present such a mistake, inadvertence, surprise or any other reason to justify relief from judgment.  Even if the Court were aware that KENNEDY had not yet been paid, the outcome would have been the same.

8. As the Court previously ruled in other matters and in the instant case, pursuant to the Allocation Plans, a seller of a property that contains Chinese Drywall may pursue Global, Banner, INEX claims <u>only</u> if he/she seller retains in writing, the exclusive right, as opposed to the buyer to pursue the claim.   PERONE's request that the Court make an exception because he sold prior to the adoption of the language in the Second Amended Allocation Plan would contravene the clear and express language and intent of the Plan and would produce an inconsistent result for potentially hundreds of other claimants.   The drafters intended to eradicate the rights of sellers such as PERONE who failed to expressly retain GBI Claims, but in doing so, they provided an alternate remedy through the Other Loss Fund.   PERONE availed himself of this provision and received compensation under the Other Loss Fund for a Foreclosure/Short Sale Claim.   PERONE is not entitled to recover under both funds.

9. For the sake of argument, even if double recovery by a single "prior-homeowner" claimant were permitted, PERONE's argument regarding KENNEDY's alleged knowledge of the Chinese drywall prior to purchase remains irrelevant because the Settlement Agreements and Allocation Plans do not prohibit a subsequent purchaser with knowledge of non-KPT Chinese drywall from bringing a GBI claim <u>unless</u> the seller of an un-remediated property sold at a diminished value retains the exclusive right to bring a claim after disclosing the existence of the Chinese drywall.

10. In sum, the fact that PERONE and the Court were unaware that KENNEDY had not yet received funds was not such a "mistake, inadvertence or surprise" (Rule 60(b)(1)) nor does it constitute any other reason to provide relief (Rule 60(b)(6)) from the Court's well-reasoned Order in this matter correctly interpreting the plain meaning of the Allocation Plans. The timing of payments to a subsequent homeowner and knowledge of the existence of Chinese drywall at the time of purchase are simply irrelevant facts for determining entitlement to GBI funds. The only fact that matters is whether the prior homeowner expressly retained the right to GBI funds in writing, which PERONE did not. For the foregoing reasons, PERONE has failed to meet the standards of Rule 60 for relief from judgment and this Court should once again deny PERONE's claim for GBI funds.

**WHEREFORE,** KENNEDY respectfully requests that PERONE's Motion for Rehearing and/or Reconsideration of Order Denying PERONE's Global, Banner, INEX Repair and Relocation Claim should be denied so that the Settlement Administrator can release the GBI funds forthwith to KENNEDY.

Respectfully submitted,

/s/ Allison Grant
Florida Bar No. 858330
Allison Grant, P.A.
14 S.E. 4th Street
Boca Raton, Florida  33432
Phone: (561) 994-9646
agrant@allisongrantpa.com

**CERTIFICATE OF SERVICE**

I hereby certify that the above and foregoing pleading has been served by e-mail on Plaintiffs' Liaison Counsel, Russ Herman, Esquire, and Defendants' Liaison Counsel, Kerry Miller, Esquire, and upon all parties by electronically uploading the same to File and ServeXpress in accordance with Pre-trial Order No. 6, and that the foregoing was electronically filed with the Clerk of the Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will serve a notice of electronic filing in accordance with the procedures established in MDL 2047 on this 20th day of January, 2016.

/s/ Allison Grant
Florida Bar No. 858330
Allison Grant, P.A.
14 S.E. 4th Street
Boca Raton, Florida  33432
Phone: (561) 994-9646
Fax: (561) 431-4627
agrant@allisongrantpa.com