UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: CHINESE-MANUFACTURED DRYWALL PRODUCTS LIABILITY LITIGATION | MDL NO. 2047<br><br>SECTION: L |
| THIS DOCUMENT RELATES TO:<br><br>*Elizabeth Bennett, et al. v. Gebrueder Knauf Verwaltungsgesellschaft, KG, et al.*<br>2:14-cv-02722-EEF-JCW | JUDGE ELDON FALLON<br><br>MAG. JUDGE WILKINSON |

**MEMORANDUM IN SUPPORT OF**
**MOTION FOR LEAVE TO AMEND COMPLAINT**

This memorandum is being submitted in support of Plaintiffs' Motion for Leave to Amend Complaint filed by Plaintiffs' Counsel, James V. Doyle, Jr.

**BACKGROUND**

On November 13, 2014, a Class Action Complaint was filed in the United States District Court for the Northern District of Alabama on behalf of Plaintiff Elizabeth Bennett and other similarly situated owners and residents of real property containing defective Chinese manufactured drywall that was designed, manufactured, imported, exported, distributed, delivered, supplied, inspected, marketed, sold and/or installed by the Defendants Gebrueder Knauf Verwaltungsgesellschaft, KG, and others named therein. Through a Conditional Transfer Order, the case was transferred to this court.

On March 3, 2015, an initial Amended Complaint (Doc. 18412) was filed with the court, asserting the claims of several additional plaintiffs that meet the class definition. The clerk of

1

court notified counsel that the style of the case was improper and a corrected copy was submitted shortly thereafter, on March 14, 2015 (Doc. 18477) with the corrections to the style.

On January 31, 2016, a Second Amended Complaint is being offered to this court and leave is hereby requested to allow the additional plaintiffs' claims listed on Exhibit A of the complaint to join the action.

## ARGUMENT

Under Rule 15, Federal Rules of Civil Procedure, Plaintiffs may amend their Complaint once as a matter of course within 21 days of serving it, or 21 days after service of a responsive pleading or a motion under Rule 12(b), (e), or (f), whichever is earlier. Fed. R. Civ. P. 15(a)(1). Plaintiffs did so when they filed their Amended Class Action Complaint (Doc. 18412). And, in response to a request by Clerk of Court, corrections to the style of the case on the first page were made and the Amended Class Action Complaint was re-submitted (Doc. 18477) with no other changes. "In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave" (Fed. R. Civ. P. 15(a)(2)); *see also Foman v. Davis*, 371 U.S. 178,182 (1962) ("Rule 15(a) declares that leave to amend 'shall be freely given when justice so requires'; this mandate is to be heeded."). Because the corrected complaint filed on March 14, 2015 could be considered beyond the amendment allowed by Rule 15(a)(1), Plaintiffs are seeking leave to allow both the Amended Class Action Complaint (Doc. 18477) and the Second Amended Class Action Complaint filed on January 31, 2016.

Defendants have not provided their consent to this filing as they have not yet filed and answer and it is unclear at this point which counsel might appear. It should be noted that steps are underway to serve all defendants in accordance with Rule 4 of the Federal Rules of Civil Procedure and Convention on the Service Abroad of Judicial and Extrajudicial Documents in

2

Civil or Commercial Matters, commonly referred to as the Hague Service Convention. Furthermore, as no counsel has appeared to date on behalf of the named defendants, the Local Rule of this court requiring the undersigned to confer before filing the instant motion for leave to amend is inapplicable.

In the instant motion, Plaintiffs seek leave of court to add parties through the Amended Class Action Complaint and Second Amended Class Action Complaint pursuant to Rule 20, Federal Rules of Civil Procedure. As set forth below, Plaintiffs meet all of the requirements for "Permissive Joinder of Parties" under Rule 20.

**1. Leave to Amend**

Rule 15 of the Federal Rules of Civil Procedure provides that leave to amend should be freely given "when justice so requires." Fed. R. Civ. P.15(a)(2). A motion to amend ordinarily should be granted absent some justification for refusal. *Foman v. Davis,* 371 U.S. 178, 182 (1962). "If the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits." *Foman*, 371 U.S. at 182. Leave to amend should be refused "only on a showing of undue delay, undue prejudice to the opposing party, bad faith or dilatory motive, failure to cure deficiencies by amendments previously allowed, or futility of amendment." *See Foman*, 371 U.S. at 182.

The liberal amendment policy underlying Rule 15(a) affords the court broad discretion in granting leave to amend and, consequently, a motion for leave to amend should not be denied unless there is "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed [or] undue prejudice to the opposing party by virtue of allowance of the amendment, . . ." *United States ex rel. Willard v. Humana Health Plan of Tex. Inc.,* 336 F.3d 375, 386 (5th Cir. 2003).

In addition, the Federal Rules of Civil Procedure, Rule 20, allows for "Persons Who May Join or Be Joined." Fed. R. Civ. P. 20(a). According to that rule, "[p]ersons may join in one action as plaintiffs, if: (A) they assert any right to relief jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and (B) any question of law or fact common to all plaintiffs will arise in the action." *Id*.

As set forth in the first filed/proposed Amended Class Action Complaint (Doc.18477) and again in the Second Amended Class Action Complaint filed herewith, the new Plaintiffs claims are nearly identical to those of the Plaintiffs already in the case. Their claims, like the claims of the Plaintiffs in the Amended Complaint and the original Class Action Complaint arise out of the exact same factual circumstances -- each residential or commercial property containing defective Chinese-manufactured drywall produced and/or sold by the Knauf entities -- and they seek the same relief arising out of the same series of transactions and occurrences committed by the Knauf entities. Therefore, this Court should allow the claims related to the forty (40) properties to be joined in this case, listed on Exhibit A to the complaint.

**2. Undue Prejudice**

The Fifth Circuit has adopted a liberal stance favoring leave to be granted freely by district courts considering an amendment to pleadings. "Because of the liberal pleading presumption underlying Rule 15(a), we have acknowledged that the term 'discretion' in this context 'may be misleading, because [Rule] 15(a) evinces a bias in favor of granting leave to amend.'" *Mayeaux v. La. Health Serv. & Indem. Co.*, 376 F.3d 420, 425 (5th Cir. 2004) (quoting *Stripling v. Jordan Prod. Co., LLC*, 234 F.3d 863, 872 (5th Cir. 2000)). "[U]nless there is a substantial reason, such as undue delay, bad faith, dilatory motive, or undue prejudice to the

opposing party, the discretion of the district court is not broad enough to permit denial." *Martin's Herend Imports, Inc. v. Diamond & Gem Trading U.S. Co.*, 195 F.3d 765, 770 (5th Cir. 1999) (internal quotation marks omitted). In other words, "district courts must entertain a presumption in favor of granting parties leave to amend." *Mayeaux*, 376 F.3d at 425.

There is no prejudice to the Defendant here. This case is in its very early stages – the defendants have not yet answered the complaint. Plaintiffs simply seek to add the substantially similar claims of the new individual Plaintiffs to this case, which would preserve the Court's, Plaintiffs' and Defendant's resources rather than forcing the Court to manage, and Defendant to separately defend against, separate -- albeit nearly identical -- suits.

**3. Undue Delay, and Bad Faith or Dilatory Motive**

In *Foman*, the Supreme Court listed "undue delay" as one of the justifications for denying a motion to amend. *Foman,* at 182.  While "[p]rejudice and timeliness are obviously closely related," *Minter v. Prime Equipment Co.*, 451 F.3d 1196, 1205 (10th Cir. 2006), they are analytically distinct. There is no delay, bad faith, or dilatory motive here. As explained above, the newly named plaintiffs contained in the Amended Complaint (Doc. 18477) and the Second Amended Complaint have nearly identical claims to those individuals named in the original complaint.  Both the claims and the relief sought have remained exactly the same in each amended complaint to date.

Since the filing of the original Complaint in the U.S. District Court for the Northern District of Alabama, the undersigned has been retained to pursue a recovery related to forty (40) additional properties containing defective sheetrock produced and sold by the Knauf entities. Through the instant motion, Plaintiffs seek to add the substantially similar claims of those eight (8) individuals cited in the Amended Class Action Complaint (Doc. 18477) and the thirty-two

5

(32) additional properties that meet the class definition in the original Class Action Complaint, the Amended Class Action Complaint (Docs. 18412 and 18477), and Second Amended Class Action Complaint – which has not changed.  Furthermore, given the posture of this case - prior to the beginning stages of discovery - Plaintiffs have not caused delay to any of the Knauf defendants.

### 4. Futility

Amendment of a complaint may also be denied if the amendment sought would be futile. *Frank,* 3 F.3d at 1365; *Anderson v. Suiters*, 499 F.3d 1228, 1238 (10th Cir. 2007) (citing *Lind v. Aetna Health, Inc.*, 466 F.3d 1195, 1199 (10th Cir. 2006)). "A district court is clearly justified in denying a motion to amend as futile only if the proposed amendment cannot withstand a motion to dismiss or otherwise fails to state a claim." *Darris v. Pugliese*, No. 08-cv-02624-PAB-KMT, 2009 WL 3162630 *2 (D. Colo. Sept. 30, 2009).  Here, Plaintiffs' proposed Amended Class Action Complaint (Doc. 18477) and the proposed Second Amended Class Action Complaint seek to add affected properties, like those listed in Exhibit A in the original Class Action Complaint.  All plaintiffs allege they experienced damages as a result of installation of defective Chinese-manufactured drywall sold by the Knauf Entities.

There is nothing in the pleadings filed to date to suggest that these amendments would fall short of the standard accepted by the U.S. Supreme Court or the Fifth Circuit Court of Appeals; thus, the two amendments should be approved by this court.

### 5. Failure to Cure Deficiencies by Amendments Previously Allowed

Leave of court to amend may also be denied if the party seeking to amend fails by amendment to cure deficiencies in the complaint previously allowed. *Frank*, 3 F.3d at 1365. This justification for denying leave to amend does not apply in this case – the sole deficiency

previously noted by the clerk of court (error in style) was cured in short order when the Amended Class Action Complaint was re-filed on March 14, 2015.  Leave of court is requested to approved the re-filed Amended Class Action Complaint (Doc. 18477) in addition to the Second Amended Class Action Complaint.

## CONCLUSION

None of the reasons for denying leave to amend under Rule 15(a)(2), United States Supreme Court precedent and Fifth Circuit precedent exist in this case, and, therefore, leave to amend should be granted in both instances.  And, the grounds for granting joinder of parties in Rule 20 militate toward adding these Plaintiffs.

**WHEREFORE**, Plaintiffs respectfully request that this Court grant this Motion for Leave to File both the Amended Class Action Complaint (Doc. 18477) as well as the Second Amended Class Action Complaint, accept the Second Amended Class Action Complaint (offered concurrently with this motion) for filing, and order any other relief that this Court deems necessary, proper and just.

DATED:  January 31, 2016.

/s/ *James V. Doyle, Jr.*
James V. Doyle, Jr.
DOYLE LAW FIRM, PC
2100 Southbridge Pkwy., Suite 650
Birmingham, AL 35209
Tele: 205-533-9500
Fax: 205-414-7528
Email:  jimmy@doylefirm.com

*Attorney for Plaintiffs*