IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF LOUISIANA

IN RE:  CHINESE-MANUFACTURED
DRYWALL PRODUCTS LIABILITY
LITIGATION                                                     MDL NO. 2047

This Document Relates to:                             SECTION L
                                                                      JUDGE FALLON
Braxton H. Collins, et ux. v. Bass Homes, Inc., et al.      MAG. JUDGE WILKINSON
So. Dist. Mississippi, C.A. No. 13-cv-6652

Jason S. Herrington, et ux. V. Bass Homes, Inc., et al.
So. Dist. Mississippi, C.A. No. 13-cv-6653

---

**PLAINTIFFS' MEMORANDUM IN OPPOSITION TO
DEFENDANT, ACE HOME CENTER, INC.'S, MOTION TO STAY**

---

COMES NOW the Plaintiffs, Braxton H. Collins and his family and Jason Herrington and his family,  by and through undersigned counsel, and file this, their Memorandum in Opposition to Defendant, ACE HOME CENTER, INC.'s, Motion to Stay, and would show this Honorable Court the following facts and matters, to-wit:

**PROCEDURAL HISTORY**

1.      The actual contract to construct this Collins home was entered into on August 22, 2008, with the building permit being issued in or about September 2008, with the certificate of occupancy being issued on February 9, 2008.  The home being occupied by the Plaintiffs on or about that time.  They first discovered the defective salvage Chinese drywall in the home on or about November 9, 2010.

2.      The actual contract to construct the Herrington home was on or about November 9, 2008, with the certificate of occupancy issued on or about March 13, 2009,

and the home being occupied on or about that date.   The defective drywall was discovered in January, 2010.

3.   Both these homes were built in Mississippi by Bass Homes and provided defective salvage drywall by Ace Home Center, Inc.  Both families have small children residing in the home and have suffered health consequences from the off-gassing caused by the defective drywall, as well as other damages.

4.   Soon thereafter, Plaintiffs filed suit in MDL 2047 in the *Wiltz* master complaint concerning defective Taishan Chinese drywall in the United States, with said suit being filed March 5, 2010.  This is less than six months after discovery of the defective drywall and less than a year after the home was complete.  They were clearly named plaintiffs on the *Wiltz* compliant in Multi-District Litigation 2047 in New Orleans, Eastern District of Louisiana, with these same Defendants in the *Wiltz* litigation. It was certified as a national class action on or about September 26, 2012.   Feeling aggrieved that the proposed class action settlement was significantly less than that that was obtained on behalf of the Alabama Bass Homes Plaintiffs in the *Langham* case (State court action), the Collins family, the Harrington family and the Wiggins family opted out of the national class action on or about September 18, 2012.

5. The Collins and the Herringtons then filed these separate lawsuits on or about May 20, 2013, in State Court in Mississippi, in Jackson and George Counties, respectfully.  These cases were removed to federal court on claims of diversity about July and August, 2013, and subsequently transferred to MDL 2047 on or about December 13, 2013, where these actions have been pending ever since without significant movement toward resolution or trial. During this time the defendants Ace home Center have filed third-party action against Taishan Inc. as this Court allowed

them to serve Taishan's local counsel rather than going to the complicated and complex Hague process as the plaintiffs were required to do in the MDL litigation.[1]

6.   The companion case of Wiggins was ordered into mediation on July 28, 2015. The mediation did not occur pursuant to the Court's order due to the multitude of conflicts among the parties and a continuance for the mediation was agreed to by the parties and requested in September, 2015.  Subsequently, the mediation occurred on December 10, 2015, before Judge Pearson in Mobile, Alabama, and that case was resolved. Hence, all the Bass homes cases in the state of Alabama that remained in state court have now been resolved. (At one time the mediation was to include the Collins in the Harrington cases but Ace Home Center withdrew from that process at the last minute regarding these cases.)

7.   All parties, with the exception of Ace Home Center, attempted to restart the discovery process regarding the Collins and Harrington cases, were in the process of attempting to set the depositions of the plaintiffs as well as to perform site inspections in the hopes of moving this matter toward resolution or trial. However, Ace Home Center, at the last minute, objected and filed the Motion to Stay to which Plaintiffs file this herein their Response.

8.   The basis for the defendants attempted stay of these proceedings is that they currently have third-party action against Taishan which is pending in this matter, and waiting the Court's ruling on Taishan's motion to dismiss, and that the plaintiffs are also still listed as participants in the *Wiltz* litigation.

---

[1] Plaintiffs have agreed in other pending Bass Homes litigation to use discovery that occurred in the Langham and associated cases so it's so Plaintiffs have not conducted any supplemental discovery to date in this case so that it can be coordinated with the other pending cases.

9.   The Defendants acknowledge based upon standing Louisiana law that it is completely within this Court's discretion on whether or not to issue a stay in litigation and whether it's appropriate and serves interest of judicial economy and efficiency. As this court is well aware the entire stated purpose of multidistrict litigation is for coordinated discovery. As all the common core discovery has essentially already occurred for these cases and the parties have agreed to rely upon the discovery that was obtained in the Alabama class-action, all that is remaining in order for this matter to be set for trial is the individual discovery of the plaintiffs, the site inspections, and any additional individual case related discovery that plaintiffs may will wish to proceed with prior to remand.

10.   This case has already been a huge financial and emotional drain upon the Plaintiffs who have waited almost 8 years to have their day in Court. This case has been pending in the MDL since December, 2013. As the Harrington's and Collinses both have small children and had to partially self-remediate the homes in question this is obviously been a considerable stress and strain upon their families and their health. (Please note numerous correspondence directly to the Court.)

11.   As the Defendants point out there are three enumerated factors that could be applied when determining whether a stay should be granted, or not. These include 1) hardship and inequity on the moving party without a stay; 2) prejudice to the nonmoving party with a stay; and 3) judicial economy.

12.   It is ludicrous to allege that Ace Home Center will suffer any hardship or inequity if these proceedings are not stayed. They will have to take the depositions and do the site inspections of the plaintiffs regardless of the outcome of their ancillary litigation against Taishan. Furthermore, the allegations concerning liability against Ace

Home Center are distinct and separate from Taishan, and they have a pending Motion to Dismiss Ace Home Center's third-party claim.  Hence, whether they are entitled to any offset or damages against Taishan is uncertain at this time.

13.  Additionally, Ace Home Center complains that it may have to negotiate costly, time consuming service of process on a foreign manufacturer but provides no basis for this allegation as Your Honor has already previously allowed Ace Home Center to serve Taishan through their US counsel. Furthermore, why Ace Home Center, a Defendant against Plaintiffs claiming damages, should be entitled to collect the fruits of the Plaintiffs' Steering Committee's efforts to secure service against Taishan is beyond ridiculous. They have not cooperated with the PSC or the Plaintiffs' attorneys at any juncture, and the fact that they were allowed to serve Taishan's local counsel due to the misconduct of Taishan from the PSC's efforts is deplorable. At a minimum they should be required to contribute toward the exhaustive and expensive process that the PSC was involved in in getting Taishan served, taking a judgment against them, and obtaining jurisdiction against them. Their "freeloader" status is simply a matter of pure luck, and if they are not allowed to maintain that that certainly is not inequitable at all.

14.  Addressing the next point that the resolution of Plaintiffs' claims against Taishan that could result in a set off of any damages in this instant litigation is purely speculation on their part.  To allow these proceedings to be stayed as a result of some possible outcome in another matter is not only unreasonable, but beyond belief.  In reference to the statement that Plaintiff's claims against Ace Home Center in these proceedings could be rendered moot as a result of recovery against Taishan in the MDL, clearly the People's Republic of China could also just as likely feel bad about the whole situation and agree to build new homes for the Harringtons and the Collins free of

charge. This scenario is just as plausible and just as likely as the one Ace Home Center suggests.

15.   Next, the allegation that no prejudice will be served on the non-moving party for the stay in the instant proceedings is absolutely ludicrous as each and every day that these proceedings are delayed and drag on, it is to the complete and utter frustration to the Plaintiffs, and thus forces the Plaintiffs and their children to reside in homes that have not been properly remediated and exposes their families to the toxic fumes associated with off-gassing of Chinese drywall each and every day. Days have grown into weeks and weeks and into months and months into years without any satisfaction whatsoever, meanwhile their neighbors across the state lines have all been allowed to move on beyond this event.

16.   Additionally, Taishan is not actually having to defend two causes of action at all in this matter as the proceedings in the MDL have no individual aspect of them at this time.  Furthermore, Plaintiffs did not bring Taishan into this instant action.  This was totally done by the Defendant, Ace Home Center. To allow them to use the PSC's and Plaintiffs' efforts in obtaining jurisdiction over Taishan as a dilatory tactic to effectively further delay and deny the Plaintiffs access to the Courts is nothing more than "salt in the wound".

17.   Finally, judicial economy certainly does not dictate the matter be stayed but that the remaining discovery that parties have been attempting to obtain be conducted at this time.  It will have to be done regardless of the outcome of any of Ace Home Center's motions or MDL settlement discussions. Additionally, Plaintiffs are not simultaneously litigating two (2) cases as claimed by the Defendants. Plaintiffs opted out of the national settlement with the insurance companies which covered these

Defendants. Hence, that class action for those Defendants has already been certified and resolved and these Plaintiffs have no interest in that matter. Plaintiffs have pending a claim against the foreign manufacturer Taishan in that same matter. Defendants have a third-party claim against Taishan in this case. It would be just as easy to sever Defendant's third-party claim against Taishan and place it in the *Wiltz* litigation and allow them to negotiate or litigate with Taishan on that matter for any possible third-party claims as it would to force the Plaintiffs to wait on the resolution of a class action which they have opted out of a long time ago. This is clearly no drain on the Court's resources as Your Honor has already indicated that once the discovery in this matter is complete, these cases will be remanded back for trial in Mississippi.

## **CONCLUSION**

18. A stay of these proceedings serves no interest of any party except that of Ace Home Center which has been allowed to piggyback upon the work of the Plaintiffs' Steering Committee with compensation or coordination in the MDL in asserting a third-party claim against Taishan. The matter has not yet been set or remanded for trial, and all that is occurring at this juncture is discovery requested by the other Defendants so that they can probably evaluate these claims and make a decision whether they wish to take them to trial or attempt to resolve them. Hence, there clearly and unequivocally can be no hardship or inequity to Ace Home Center. They are certainly free to choose to not participate in the Plaintiffs' depositions or the home inspections or any aspect of this current litigation. To force these two families to again wait months, if not years or decades, to see if Taishan is interested in resolving this litigation when they have already waited for years upon years does not serve the best interest of justice, judicial economy, efficiency, or fundamental fairness. All it would do is delay and deny the Plaintiffs' ability

to have their day in Court or this matter resolved for another significant unknown period, while Plaintiffs are made to watch their neighbors across the state line that were not forced to litigate in the MDL proceedings, rebuild their homes and their lives. That would truly be awarding injustice on top of injury.

RESPECTFULLY SUBMITTED this, the 2nd day of February, 2016.

BRAXTON & KERRIE COLLINS, Plaintiffs

By and Through Their Attorneys,
LUCKEY & MULLINS, PLLC

BY:_____/s/ Steve Mullins_____
STEPHEN W. MULLINS

ATTORNEYS FOR PLAINTIFFS:

STEPHEN W. MULLINS  (MS Bar No. 9772)
LUCKEY & MULLINS, PLLC
2016 Bienville Blvd., Suite 102   (39564)
Post Office Box 990
Ocean Springs, MS  39566
Phone:        228.875.3175
Fax:    228.872.4719
smullins@luckeyandmullins.com

Of Counsel:

DANIEL K. BRYSON (*pro hac vice*)
WHITFIELD BRYSON & MASON LLP
900 W. Morgan Street
Raleigh, NC 27603
Telephone: (919) 600-5000
Facsimile: (919) 600-5035

## **<u>CERTIFICATE OF SERVICE</u>**

I, STEPHEN W. MULLINS, do hereby certify that I have on this date electronically filed the above and foregoing Response with this Court using the ECF filing system which has caused notification of such filing to be sent to registered counsel of record.

THIS, the <u>2nd</u> day of February, 2016.


_____/s/ Stephen W. Mullins_____

STEPHEN W. MULLINS