UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE:  CHINESE-MANUFACTURED DRYWALL PRODUCTS LIABILITY LITIGATION | MDL NO. 2047 SECTION: L JUDGE FALLON MAG. JUDGE WILKINSON |
| THIS DOCUMENT RELATES TO: *Amorin, et al. v. The State-Owned Assets Supervision and Administration Commission of the State Council, et al.*, Civ.Action No. 14-1727 | |

THE PLAINTIFFS' STEERING COMMITTEE'S MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR ISSUANCE OF LETTER OF REQUEST FOR INTERNATIONAL JUDICIAL ASSISTANCE TO OBTAIN DOCUMENTS FROM THE STATE-OWNED ASSETS SUPERVISION AND ADMINISTRATION COMMISSION PURSUANT TO THE HAGUE CONVENTION OF 18 MARCH 1970 ON THE TAKING OF EVIDENCE ABROAD IN CIVIL AND COMMERCIAL MATTERS

I.   **INTRODUCTION**

Pursuant to Fed. Rule Civ. P. 28(b) and Article 1 of the Hague Convention of 18 March 1970 on the Taking of Evidence Abroad in Civil or Commercial Matters, 23 U.S.T. 2555, 847 U.N.T.S. 231 ("Hague Convention" or "H.C."), the Plaintiffs' Steering Committee ("PSC") has moved for this Court to execute the attached Letter of Request so that the PSC can pursue discovery from the State-Owned Assets Supervision and Administration Commission ("SASAC").  A copy of the proposed Letter of Request is attached hereto as Exhibit "A."[1]  The PSC's proposed documents requests are appended to the letter request.  The  proposed document requests seek evidence relevant to potential liability of  SASAC for supervising the commercial activities of CNBM Group as well as evidence relevant to a trial against Taishan and the BNBM

---

[1] The Letter of Request submitted herewith tracks the format of the recommended model letter of request (*see* 28 U.S.C. § 1781) and contains language commonly used in requests for international judicial assistance under the Hague Convention.  *See* H.C., Art. 3.

1

and CNBM Defendants.  Because SASAC has refused to appear before this Court despite proper service of process, the PSC has been unable to conduct a proper Fed.R.Civ.P. 26(f) conference. For this reason, SASAC it is subject to sanctions under Fed.R.Civ.P. 37(f) for failure to participate in the framing of a discovery plan, which should include requiring responses to the proposed document requests.

For the reasons set forth below, the PSC respectfully requests that the Court execute the attached Letter of Request and permit the PSC to pursue discovery from SASAC.

## II.   FACTS

Through discovery the PSC has uncovered considerable evidence demonstrating that CNBM Group is the controlling shareholder and alter ego of the Chinese state-owned enterprise business group, including CNBM, BNBM Group, BNBM, Taishan, and TTP.  The PSC's discovery efforts have also established that CNBM Group is 100% owned by SASAC and that SASAC exerts controlling authority over CNBM Group its subsidiaries.[2]

For this reason, on July 29, 2014, the PSC filed a new Complaint directed against SASAC.  *See Amorin v. SASAC*, 2:14-cv-1727 (E.D.La.).  Immediately after filing the complaint in *Amorin v. SASAC*, the PSC began efforts to serve SASAC under the Hague Convention.  On February 3, 2015, the Ministry of Justice for the People's Republic of China refused service of the Compliant against SASAC on the grounds that "[SASAC] is the Chinese central government agency which shall enjoy sovereign immunity and not be subject to foreign jurisdiction."

---

[2] The evidentiary record establishing control by CNBM Group and SASAC is set forth in detail in the Response of Plaintiffs' Steering Committee to CNBM Group's Motion to Dismiss on Grounds of the Foreign Sovereign Immunities Act (With Affidavit of Russ M. Herman and All Exhibits)("FSIA") [Rec.Doc.No. 19689] and in the Plaintiffs' Steering Committee's Omnibus Response in Opposition to Defendants' Motions to Dismiss [Rec.Doc.No. 19995].

[Rec.Doc. No. 18549-4].  On April 17, 2015, this Court authorized service upon SASAC pursuant to 28 U.S.C. § 1608(a)(3) [for a foreign state] and alternatively § 1608(b)(3)(B) [for an agency or instrumentality of a foreign state][Rec.Doc. No. 18733], which the Clerk of Court dispatched on April 29, 2015.  [Rec.Doc. No. 18857].  The PSC also had SASAC served through diplomatic channels on October 23, 2015.  Accordingly, service on SASAC, as an agency of a foreign state, has been accomplished pursuant to the FSIA.

Although service of process has been perfected upon SASAC, SASAC has failed to enter an appearance and/or otherwise respond to the PSC's complaint.  Accordingly, SASAC is currently in default in the *Amorin v. SASAC* proceedings.

III.   **ARGUMENT**

The PSC's basis for pursuing discovery from SASAC is two-fold.  First, the PSC proposes pursuing discovery from SASAC in order to determine the propriety of requesting that this Court enter a preliminary default judgment against SASAC.  Second, the PSC's proposed discovery is being sought for purposes of gathering additional evidence for trial against SASAC, Taishan and the BNBM and CNBM Defendants.

Under the FSIA, unlike in a case against a private party, a court may not enter a default judgment against a foreign state "unless the claimant establishes his claim or right to relief by evidence satisfactory to the court."  28 U.S.C. § 1608(e).  To satisfy this requirement, the plaintiff must "provid[e] satisfactory evidence as to each element of the claim[ ] upon which relief [is] sought."  *Compania Interamericana Export–Import, S.A. v. Compania Dominicana de Aviacion*, 88 F.3d 948, 951 (11th Cir.1996); *see also Oveissi v. Islamic Republic of Iran*, 573 F.3d 835, 838 (D.C.Cir.2009) (observing "[t]he FSIA ... does not automatically entitle a plaintiff to judgment when a foreign state defaults, and instead requires a court to satisfy itself that [the

3

plaintiff has] established a right to relief" (internal quotation marks and citation omitted)).

Because the FSIA imposes a heightened evidentiary standard before a default judgment can be entered against a foreign state, the PSC's document requests seek evidence to establish that SASAC is the alter ego of Taishan and the BNBM and CNBM Defendants.  The PSC's document requests are also designed to discover SASAC's involvement and/or knowledge of drywall shipments to the United States as well as its awareness of any defects in the subject drywall.  This evidence is critical to establishing Plaintiffs' right to relief from SASAC and for purposes of obtaining a default judgment.

The PSC's discovery requests likewise seek communications and directives involving SASAC, Taishan, and/or the BNBM and CNBM Defendants.  These documents are clearly relevant to any trials that proceed against the Chinese manufacturing defendants.  Accordingly, the proposed discovery is essential for purposes of developing the record for a default judgment against SASAC and for purposes of any trials involving the manufacturing defendants.

IV.   **CONCLUSION**

Wherefore, for the reasons set forth above, the PSC respectfully requests that the Court execute the attached Letter of Request so that the PSC can pursue discovery from SASAC.

Respectfully submitted,

Dated: February 8, 2016

/s/ Russ M. Herman
Russ M. Herman, Esquire (LA Bar No. 6819)
Leonard A. Davis, Esquire (LA Bar No. 14190)
Stephen J. Herman, Esquire (LA Bar No. 23129)
HERMAN, HERMAN & KATZ, LLC
820 O'Keefe Avenue
New Orleans, Louisiana 70113
Phone: (504) 581-4892
Fax: (504) 561-6024
Ldavis@hhklawfirm.com
*Plaintiffs' Liaison Counsel*
*MDL 2047*

Arnold Levin (On the Brief)
Fred S. Longer (On the Brief)
Sandra L. Duggan (On the Brief)
Matthew C. Gaughan (On the Brief)
Levin, Fishbein, Sedran & Berman
510 Walnut Street, Suite 500
Philadelphia, PA 19106
215-592-1500 (phone)
215-592-4663 (fax)
Alevin@lfsblaw.com
*Plaintiffs' Lead Counsel*
*MDL 2047*

**PLAINTIFFS' STEERING COMMITTEE**

| | |
|---|---|
| Dawn M. Barrios | Robert M. Becnel |
| Barrios, Kingsdorf & Casteix, LLP | Becnel Law Firm, LLC |
| 701 Poydras Street, Suite 3650 | 425 W. Airline Highway, Suite B |
| New Orleans, LA 70139 | Laplace, LA 70068 |
| Phone: (504) 524-3300 | Phone: (985) 536-1186 |
| Fax: (504) 524-3313 | Fax: (985) 536-6445 |
| Barrios@bkc-law.com | dbecnel@becnellaw.com |

Peter Prieto
Podhurst Orseck, P.A.
25 Flagler Street, 8th Floor
Miami, FL 33130
Phone: (305) 358-2800
Fax: (305) 358-2382
pprieto@podhurst.com

Bruce William Steckler
Steckler, LLP
12720 Hillcrest Road, Ste 1045
Dallas, TX 75230
Phone: (972) 387-4040
Fax: (972) 387-4041
bruce@stecklerlaw.com

Ervin A. Gonzalez
Colson, Hicks, Eidson
255 Alhambra Circle, Penthouse
Cora Gables, FL 33134
Phone: (305) 476-7400
Fax: (305) 476-7444
ervin@colson.com

Ben W. Gordon, Jr.
Levin, Papantonio, Thomas, Mitchell
 Echsner & Proctor, P.A.
316 S. Baylen Street, Suite 600
Pensacola, FL 32502
Phone: (850) 435-7000
Fax: (850) 435-7020
bgordon@levinlaw.com

Hugh P. Lambert
The Lambert Firm
701 Magazine Street
New Orleans, LA 70130
Phone: (504) 581-1750
Fax: (504) 529-2931
hlambert@thelambertfirm.com

Gerald E. Meunier
Gainsburgh, Benjamin, David, Meunier
 & Warshauer, LLC
2800 Energy Centre, 1100 Poydras Street
New Orleans, LA 70163-2800
Phone: (504) 522-2304
Fax: (504) 528-9973
gmeunier@gainsben.com

Jerrold Seth Parker
Parker Waichman, LLP
27300 Riverview Center Blvd.
Suite 103
Bonita Springs, FL 34134
Phone: (239) 390-1000
Fax: (239) 390-0055
Jerry@yourlawyer.com

Scott Wm. Weinstein
Morgan & Morgan
12800 University Drive, Suite 600
Ft. Meyers, FL 33907
Phone: (239) 433-6880
Fax: (239) 433-6836
sweinstein@forthepeople.com

James Robert Reeves
Reeves & Mestayer, PLLC
160 Main Street
Biloxi, MS 39530
Phone: (228) 374-5151
Fax: (228) 374-6630
jrr@attorneys4people.com

Christopher Seeger
Seeger Weiss, LLP
77 Water Street
New York, NY 10005
Phone: (212) 584-0700
Fax: (212) 584-0799
cseeger@seegerweiss.com

Daniel K. Bryson
Whitfield, Bryson & Mason, LLP
900 W. Morgan Street
Raleigh, NC 27603
Phone: (919) 600-5000
Fax: (919) 600-5002
dan@wbmllp.com

Richard J. Serpe, Esquire
Law Offices of Richard J. Serpe
Crown Center, Ste. 310
580 East Main Street
Norfolk, VA 23510-2322
Phone: (757) 233-0009
Fax: (757) 233-0455
rserpe@serpefirm.com

Victor M. Diaz, Jr., Esquire
V.M. Diaz and Partners, LLC
119 Washington Ave, Suite 402
Miami Beach, FL 33139
Phone: (305) 704-3200
Fax: (305) 538-4928
victor@diazpartners.com

## OF COUNSEL TO PLAINTIFFS' STEERING COMMITTEE

Richard S. Lewis
HAUSFELD LLP
1700 K Street, N.W
Suite  650
Washington, DC 20006
Phone: (202) 540-7200
Fax:  (202) 540-7201
rlewis@hausfeldllp.com

Andrew A. Lemmon
Lemmon Law Firm, LLC
P.O. Box 904
15058 River Road
Hahnville, LA 70057
Phone: (985) 783-6789
Fax: (985) 783-1333
andrew@lemmonlawfirm.com

Anthony D. Irpino
IRPINO LAW FIRM
2216 Magazine Street
New Orleans, LA 70130
Phone: (504) 525-1500
Fax: (504) 525-1501
airpino@irpinolaw.com

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that the above and foregoing has been served on Defendants' Liaison Counsel, Kerry Miller, by e-mail and upon all parties by electronically uploading the same to LexisNexis File & Serve in accordance with Pre-Trial Order No. 6, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2047 on this 8th day of February, 2016.

/s/ Leonard A. Davis
Leonard A. Davis, Esquire
HERMAN, HERMAN & KATZ, LLP
820 O'Keefe Avenue
New Orleans, Louisiana 70113
Phone: (504) 581-4892
Fax: (504) 561-6024
Ldavis@hhklawfirm.com
Plaintiffs' Liaison Counsel
MDL 2047

*Co-counsel for Plaintiffs*