UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE:  CHINESE MANUFACTURED DRYWALL PRODUCTS LIABILITY LITIGATION | MDL No. 2:09-md-02047 |
| | SECTION L |
| **THIS DOCUMENT RELATES TO:** | JUDGE ELDON E. FALLON |
| *Amorin et al. v. SASAC, E.D. La. Case No. 2:14-cv-1727* | |
| | MAGISTRATE JUDGE JOSEPH C. WILKINSON, JR. |

**CNBM GROUP AND CNBM COMPANY'S RESPONSE TO THE PLAINTIFFS' STEERING COMMITTEE'S MOTION FOR ISSUANCE OF LETTER OF REQUEST FOR DISCOVERY FROM SASAC**

China National Building Materials Group (CNBM Group) and China National Building Materials Company (CNBM Company) submit this response to the Plaintiffs' Steering Committee's (PSC) Motion for Issuance of Letter of Request for International Judicial Assistance to Obtain Documents from the State Owned Assets Supervision and Administration Commission (the Motion).

**1.      Introduction**

The Motion makes numerous misrepresentations regarding CNBM Group and CNBM Company (among other defendants).  Further, the Motion studiously avoids reference to the pending motion for the Court to determine whether CNBM Group is immune from suit under the Foreign Sovereign Immunities Act (FSIA).  In seeking to enlist the Court in efforts to propound extensive discovery on an arm of the Chinese government, the Motion also omits that SASAC (an entity that is presumptively immune not only from suit but from burdensome discovery) [1] has also made its position clear via governmental filings with the United States government, which this Court has acknowledged and entered into the docket.  *E.g.,* Rec. Docs. 18549-4, 19329, 19965-1.  These failings should give the

---

[1] *See* CNBM Group's Reply in Support of Motion to Dismiss for Lack of Subject Matter Jurisdiction Under the FSIA at 5 n.3, Rec. Doc. 19857.

Court substantial pause regarding the state of the record being presented to it -- and sufficient reason to deny the PSC's request.  But under no circumstances is it appropriate to authorize such invasive discovery while assertions of sovereign immunity are pending.

**2.     Discussion**

The PSC begins with a sin of omission.  It notes that CNBM Group and CNBM Company "have raised *personal* jurisdiction arguments that are now ripe for determination."  Rec. Doc. 20031-2 at 11 (emphasis added).  This is almost half of the truth.  As the PSC well knows, CNBM Group has also asserted immunity from suit under the FSIA.  This defense has been pending before the Court since June 16, 2015 (*see* Rec. Doc. 19152), and an extensive briefing period, including multiple supplemental briefs from the PSC, has concluded.  Similarly, SASAC has made clear that it has sovereign status and is therefore entitled to immunity – which includes not only immunity from suit, but (specifically relevant here) also immunity from the burdens of litigation, including discovery.  *See* Rec. Doc. 19965-1 (Dec. 18, 2015 Letter from the Embassy of the People's Republic of China to the U.S. Department of State).  It makes no sense to authorize such discovery into whether SASAC is intertwined with Taishan (the sole entity as to which there has been a finding of personal jurisdiction), when there has not even been a determination whether the CNBM Entities share such a relationship.  In addition, if any discovery were permissible at all, it would have to be very limited, and circumscribed to the question of immunity from suit.  *See, e.g., Kelly v. Syria Shell Petroleum Dev. B.V.*, 213 F.3d 841,849 (5th Cir. 2000); *Arriba Ltd. v. Petroleos Mexicanos*, 962 F.2d 528, 534 (5th Cir. 1992).  The sprawling discovery requests fail that basic test, and are nothing more than an effort to obtain further discovery and once again delay resolution of the pending motions to dismiss.

The PSC also engages in sins of commission, making factual misstatements in service of its assertion that SASAC orchestrated the manufacturing, marketing, distribution, and sale of drywall to

the United States.  *See* Rec. Doc. 20031-1 at 2.  These baseless citations to non-existent "evidence" distort the evidentiary record, and threaten to drag the Court into a diplomatic and legal quagmire.

**First,** the PSC asserts that SASAC "exerts controlling authority over CNBM Group [sic] its subsidiaries."  Rec. Doc. 20031-1 at 2.  While SASAC performs the duties of the capital contributor on behalf of the State Council and supervises CNBM Group, the record makes clear that it is not involved in the daily operations of CNBM Group.  The testimony has been clear, unequivocal, and unrebutted that SASAC is not involved in any defendant's decision to manufacture, market, distribute, and sell drywall in the United States.  *E.g.,* Wang Dep. at 272:2-20 ("You receive no directives from SASAC in connection with your commercial activities at BNBM, is that correct?  A: Correct.").   And the Chinese Embassy explained SASAC's lack of any role in the drywall litigation and underlying events in its December 18, 2015 (Rec. Doc. 19965-1) communication:

> SASAC is one of the ministries and commissions composing the Chinese central government and enjoys undisputed sovereign immunity. . . . SASAC is irrelevant to the case whatsoever and has not engaged in any activity in the United States that is related to this case.  The plaintiffs mistakenly believed that SASAC . . . planned and acted jointly with relevant enterprises in exporting Chinese-made drywalls to the United States of America, and even constitutes a "single enterprise" with these enterprises.  This is extremely ridiculous and holds no legal grounds. . . . The U.S. court's acceptance of the lawsuit and the attempt to serve on SASAC through various channels has seriously infringed on the national sovereignty and interests of China.

**Second**, the PSC claims that "CNBM Group is the controlling shareholder of the business group."  Rec. Doc. 20031-1 at 2.  But as the PSC has been forced to acknowledge, a "controlling shareholder" under Chinese law is merely any shareholder who holds at least 30 percent of the voting shares of a company.  PSC Response to Motion to Dismiss at 13 & n.41, Rec. Doc. 19995-2.  Under this definition, CNBM Group is the "controlling shareholder" of BNBM Group and CNBM Company, and is entitled to exercise its right to participate in shareholder votes of the sharehold entities.  *See* Cao Decl. ¶ 15, Rec. Doc. 19527-6.  But this proves far too little.  The relevant legal question is whether

3

CNBM Group directly manages or makes ordinary business decisions for the sharehold entities, and the record is clear that it does not.  *Id.* ¶ 14.  Each sharehold entity is independently incorporated, has its own Articles of Association, its own Board of Directors, and its own corporate officers who manage the daily operations of the entity and make business decisions for it.  *Id.*  Further, CNBM Group has no direct investment or shareholder stake in BNBM PLC, Taishan, or TTP, and has never held a majority interest, either directly or indirectly, in these entities.  *Id.* ¶ 17.   CNBM Group therefore is not and cannot be the controlling shareholder for the entire group.

**Third,** the PSC claims that "the primary *manufacturing* defendants are . . . CNBM and CNBM Group."  Rec Doc 20031-2 at 11 (emphasis added).  Again, this simply misstates the record.  As the PSC well knows from the extensive discovery it has conducted, CNBM Group and CNBM Company do not manufacture, produce, market, distribute, or sell any building products or construction materials, including drywall.  *See id.*  ¶  9; Chang Decl. ¶¶ 3-4, Rec. Doc. 19527-7.   The PSC has no contrary evidence, and it cites none.

**Fourth,** the PSC says that "Knauf, Gips, KG, a German entity" has settled claims against it, and remediated 4,000 homes at a cost of over $1 billion. Rec. Doc. 20031-2 at 11 n.1.  This rhetorical device, apparently intended to demonize the current defendants for daring to defend themselves, relies on gross overstatement.  Evidence admitted at the June 9, 2015 damages hearing indicates that as of mid-2015, Knauf had remediated 2,917 properties at a total cost of approximately $436,452,474.75.  *See* May 22, 2015 Jake Woody Memorandum, Ex. 18 to Jun. 8, 2015 hearing.

## 3.    Conclusion

The PSC misrepresents the record in support of its request for judicial authorization of grossly overbroad discovery requests on an arm of the Chinese government.  The PSC ignores basic limitations on dealing with an asserted sovereign.  At the very least, any consideration of the PSC's requested discovery is premature while contentions of sovereign immunity remain pending before the Court.

The Motion should be denied, or at a minimum reserved until this Court has ruled on CNBM Group's pending FSIA motion.

Respectfully submitted,

/s/ L. Christopher Vejnoska

L. Christopher Vejnoska (CA Bar No. 96082)
Ian Johnson (CA Bar No. 208713)
Andrew Davidson (CA Bar No. 266506)
Jason Wu (CA Bar No. 279118)
Jason Cabot (CA Bar No. 288877)
ORRICK, HERRINGTON & SUTCLIFFE LLP
The Orrick Building
405 Howard Street
San Francisco, CA  94105
Tel.:  415-773-5700
Email:  cvejnoska@orrick.com
         ijohnson@orrick.com
         adavidson@orrick.com
         jmwu@orrick.com
         jcabot@orrick.com

Ewell E. Eagan, Jr. (LA Bar No. 5239)
Donna Phillips Currault (LA Bar No. 19533)
Alex B. Rothenberg (LA Bar No. 34740)
GORDON, ARATA, MCCOLLAM,
DUPLANTIS & EAGAN, LLC
201 St. Charles Avenue, 40th Floor
New Orleans, LA 70170-4000
Tel: (504) 582-1111
Email: eeagan@gordonarata.com
         dcurrault@gordonarata.com
         arothenberg@gordonarata.com

James L. Stengel (NY Bar No. 1800556)
Xiang Wang (NY Bar No. 4311114)
Kelly Daley (NY Bar No. 4970117)
ORRICK, HERRINGTON & SUTCLIFFE LLP
51 West 52nd Street
New York, NY, 10019
Tel:  212-506-5000
Email: jstengel@orrick.com
         xiangwang@orrick.com
         kdaley@orrick.com

Jonathan Riddell (LA Bar No. 27053)
ORRICK, HERRINGTON & SUTCLIFFE, LLP
400 Capitol Mall, Suite 3000
Sacramento, CA 95814
Tel: 916-447-9200
Email: jriddell@orrick.com

Eric A. Shumsky (D.C. Bar No. 477926)
ORRICK, HERRINGTON & SUTCLIFFE LLP
Columbia Center
1152 15th Street NW
Washington, D.C. 20005
Tel: 202-339-8400
Email: eshumsky@orrick.com

Attorneys for CNBM Group and CNBM Company

Dated February 12, 2016

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that the above and foregoing  **CNBM GROUP AND CNBM COMPANY'S RESPONSE TO THE PLAINTIFFS' STEERING COMMITTEE'S MOTION FOR ISSUANCE OF LETTER OF REQUEST FOR DISCOVERY FROM SASAC** has been served on Plaintiffs' Liaison Counsel, Russ Herman, and Defendants' Liaison Counsel, Kerry Miller, by U.S. mail and email and upon all parties by electronically uploading the same to File & Serve in accordance with Pretrial Order No. 6, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2047 on this 12th day of February, 2016.

/s/ L. Christopher Vejnoska

L. Christopher Vejnoska (CA Bar No. 96082)
ORRICK, HERRINGTON & SUTCLIFFE LLP
The Orrick Building
405 Howard Street
San Francisco, CA  94105
Tel:  415-773-5700
Fax: 415-773-5759
Email: cvejnoska@orrick.com
*Counsel for CNBM Group and CNBM Company*

6