UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: CHINESE MANUFACTURED DRYWALL PRODUCTS LIABILITY LITIGATION<br><br>**THIS DOCUMENT RELATES TO:**<br>*Gross v. Knauf Gips KG*, 2:09-cv-6690<br>*Amorin v. Taishan Gypsum*, 2:11-cv-1672<br>*Amorin v. Taishan Gypsum*, 2:11-cv-1395<br>*Amorin v. Taishan Gypsum*, 2:11-cv-1673<br>*Amorin v. SASAC*, 2:14-cv-1727<br>*State of Louisiana v. Knauf*, 2:10-cv-340<br>*Abner v. Taishan Gypsum*, 2:11-cv-3094<br>*Posey v. BNBM Co.*, 2:09-cv-6531<br>*Morris v. BNBM Co.*, 2:09-cv-6530 | MDL No. 2:09-md-2047<br><br>SECTION L<br><br>JUDGE ELDON E. FALLON<br><br>MAGISTRATE JUDGE JOSEPH C. WILKINSON, JR. |

**CNBM ENTITIES' RESPONSE TO THE
PSC'S EMERGENCY MOTION TO STRIKE DECLARATION OF DONALD CLARKE**

China National Building Materials Group Corporation, China National Building Material Co. Ltd., CNBMIT Co., Ltd., CNBM USA Corp., and United Suntech Craft, Inc. (collectively, the "CNBM Entities") hereby oppose the PSC's Emergency Motion to Strike the Declaration of Professor Donald Clarke, Rec. Doc. 20045.

## ARGUMENT

The PSC advances three arguments in support of its motion to strike Professor Clarke's supplemental declaration. It claims (1) that the declaration impermissibly lays out new arguments, (2) that the declaration is subject matter inappropriate, and (3) that the PSC would be prejudiced by its admission.[1]  The PSC is wrong on all accounts.

*First*, Professor Clarke's supplemental declaration does not advance new arguments, and

---

[1] The PSC also complains that it was served "after business hours." PSC Mot. to Strike 2. This hardly merits response.

certainly not impermissibly so. PSC Mot. to Strike at 5. As the Court knows, the CNBM Entities submitted a declaration from Professor Clarke in conjunction with their original motion filed on June 22, 2015. Rec. Doc. 19179-9. In it, Professor Clarke articulated the alter ego standard under Chinese law and explained that Chinese law does not authorize piercing the veil in the circumstances presented by this case. *Id.* In its opposition, the PSC did not contest Professor Clarke's articulation of Chinese law, nor the application of that law here. It did, however, list 141 pages of facts that it claimed demonstrate alter ego under the laws of the *forum states*. Rec. Doc. 19995.

The CNBM Entities responded by explaining why those facts do not allow for veil-piercing under U.S. law, and submitted a supplemental declaration from Professor Clarke explaining that none of these facts alters the analysis of Chinese law set out in his original declaration.[2] Rec. Doc. 20043-5 at ¶ 22 (explaining that the "factual allegations [set out by the PSC in its opposition] are not inconsistent with [Professor Clarke's] previous opinion that Chinese law would not pierce the veil of the Drywall Entities through to the C-entity Defendants"). Merely confirming Professor Clarke's original conclusion cannot constitute "a new argument[] or legal theor[y]." PSC Mot. to Strike at 5 (quoting *AAR, Inc. v. Nunez*, 408 F. App'x 828, 830 (5th Cir. 2011)). The PSC's broad assertions to the contrary do not prove otherwise.

***Second***, the PSC asserts that Professor Clarke's opinion should be stricken because he "attempts to usurp this Court's authority by not only announcing the applicable law but also by applying law to facts." PSC Mot. to Strike at 2. Nonsense. Federal Rule of Civil Procedure

---

[2] The "topics" identified by the PSC as *new* consist of Clarke's accounting for the PSC's factual assertions. PSC Mot. to Strike at 3 n.2. By addressing them in the context of Chinese law, Professor Clarke properly responded to "matters presented by [the CNBM Entities' original brief] and by [the PSC's] response brief." PSC Mot. to Strike at 5 (quoting *AAR, Inc.*, 408 F. App'x at 830). The only other "unlawful" topic identified by the PSC concerns the difference between the alleged jurisdictional veil-piercing standard and the Chinese veil-piercing standard. PSC Mot. to Strike at 3 n.2. Professor Clarke did not opine on the former. He simply—and quite unremarkably—explained that if a showing of wrongdoing or deceit is not required (as the PSC suggests), then this differs from Chinese law. Clarke Supp. Decl. at ¶ 29.

44.1 is absolutely clear that "[i]n determining foreign law, the court may consider any relevant material or source, including testimony, whether or not . . . admissible under the Federal Rules of Evidence"—and this is true even if the testimony opines on the "ultimate legal conclusions." *Winn v. Schafer*, 499 F. Supp. 2d 390, 396 n.28 (S.D.N.Y. 2007); *see also Woodard v. Andrus*, No. 03-CV-2098, 2009 WL 140527, at *1 (W.D. La. Jan. 20, 2009) (although courts are "reluctant to permit legal experts to testify as to matters of *domestic law*," the treatment of foreign law under Rule 44.1 is different) (emphasis added).

***Third***, the PSC contends Clarke's declaration must be struck because the PSC has not had an opportunity to challenge Clarke's opinion. PSC Mot. to Strike at 3. The suggestion that the PSC has been blindsided is flatly at odds with the fact that for *eight months*, the PSC has taken no action to depose Professor Clarke. That alone distinguishes this situation from the expert declaration submitted in conjunction with reply briefs concerning the FSIA, to which the PSC wrongly analogizes Professor Clarke.[3]

Specifically, Professor Clarke's original declaration was submitted in conjunction with the CNBM Entities' motion to dismiss, which was filed on June 22, 2015. *See* Rec. Doc. 19179-9. In it, he explained that it was "highly unlikely" that the CNBM Entities would be treated as alter egos of Taishan or BNBM PLC under China's veil-piercing law. *Id.* ¶ 10. At no time, however, did the PSC seek to depose Professor Clarke. Then, on September 18, 2015, the CNBM Entities filed an *amended* memorandum in support of their motion to dismiss. Rec. Doc. 19527-2. That too relied upon the Clarke declaration. Though the PSC did depose other experts, namely Bruce Deal and Jeffrey Gordon, it still did not seek to depose Professor Clarke, nor did it hire its own expert to present a contrary view.

Now it is clear why. The PSC does not even attempt to counter our argument about

---

[3] When ruling on the PSC's previous Motion to Strike (Rec. Doc. 19800), the Court recognized that Professor Robin Huang's declaration was permissible reply evidence. *See* 12/7/15 Status Conference Transcript, at 8-9; 12/8/15 FSIA Hearing Transcript, at 62-63. However, the Court also ruled that the PSC should be permitted additional briefing and discovery if necessary as it had not had an opportunity to depose Professor Huang previously. *Id.*

Chinese law.  It does not dispute what Chinese law is, nor does it deny that there can be no finding of alter ego under that law.  Simply put, the PSC has waived any argument under Chinese law.  *See, e.g., Jones v. Jefferson Par.*, No. 12-CV-2191, 2013 WL 871539, at *3 (E.D. La. Mar. 8, 2013) (plaintiff's "failure to brief [] issue waives any argument he might have in opposition to [defendant's arguments]"); *see also McZeal v. J.P. Morgan Chase Bank, NA*, No. CIV.A. 13-6754, 2014 WL 3166715, at *8 (E.D. La. July 7, 2014) ("district courts have considered arguments waived where plaintiffs fail to address an issue in response or opposition to a pending motion"); *cf. also Knudsen v. Bd. of Sup'rs of Univ. of Louisiana Sys.*, No. 14-CV-382, 2015 WL 1757695, at *1 (E.D. La. Apr. 16, 2015) ("A party's failure to brief an argument in response to a summary judgment motion waives that argument").

Accordingly, the PSC cannot possibly be prejudiced.  It has waived any response on the topic of Chinese law *altogether*; that being so, contesting Professor Clarke's supplemental declaration would be an effort to quibble about something that the PSC already has conceded.  And that is particularly true given the fact that the PSC bears the burden of establishing personal jurisdiction, and given the length of time that the PSC has declined to take any action with regard to Professor Clarke.  At any point in time over the past eight months, it could have sought to depose him.  Doing so now certainly is not "an emergency."

\*\*\*

Nothing precludes this Court from resolving personal jurisdiction now.  If the Court utilizes Chinese law, as it should, then the CNBM entities prevail on account of the PSC's waiver.  If the Court were to apply forum state law, then Professor Clarke's declaration, which is rooted in Chinese law, has diminished value.  And if, during the course of deliberating, the Court concludes that it requires deposition testimony, it could—at that juncture—issue an order, articulate reasons for doing so and allow for a deposition and supplemental briefing.  But given the state of play, there is no good reason to do so now.

## CONCLUSION

For the foregoing reasons, the CNBM Entities respectfully request that the Court DENY the PSC's Emergency Motion to Strike.

Respectfully submitted,

/s/ L. Christopher Vejnoska
L. Christopher Vejnoska (CA Bar No. 96082)

L. Christopher Vejnoska (CA Bar No. 96082)
Ian Johnson (CA Bar No. 208713)
Andrew Davidson (CA Bar No. 266506)
Jason Wu (CA Bar No. 279118)
Jason Cabot (CA Bar No. 288877)
ORRICK, HERRINGTON & SUTCLIFFE LLP
The Orrick Building
405 Howard Street
San Francisco, CA  94105
Tel.:  415-773-5700
Fax:  415-773-5759
E-mail: cvejnoska@orrick.com
   ijohnson@orrick.com
   adavidson@orrick.com
   jmwu@orrick.com
   jcabot@orrick.com

Ewell E. Eagan, Jr. (LA Bar No. 5239)
Donna Phillips Currault (LA Bar No. 19533)
Alex B. Rothenberg (LA Bar No. 34740)
GORDON, ARATA, MCCOLLAM, DUPLANTIS & EAGAN, LLC
201 St. Charles Avenue, 40th Floor
New Orleans, LA 70170-4000
Tel: (504) 582-1111
E-mail: eeagan@gordonarata.com
   dcurrault@gordonarata.com
   arothenberg@gordonarata.com

James L. Stengel (NY Bar No. 1800556)
Xiang Wang (NY Bar No. 4311114)
ORRICK, HERRINGTON & SUTCLIFFE LLP
51 West 52nd Street
New York, NY, 10019
Tel:  212-506-5000
Fax:  212-506-5151
Email:  jstengel@orrick.com
   xiangwang@orrick.com

Jonathan Riddell (LA Bar No. 27053)
ORRICK, HERRINGTON & SUTCLIFFE, LLP
400 Capitol Mall
Suite 3000
Sacramento, CA 95814
Tel: 916-447-9200
Email: jriddell@orrick.com

Eric A. Shumsky (D.C. Bar No. 477926)
ORRICK, HERRINGTON & SUTCLIFFE LLP
Columbia Center
1152 15th Street NW
Washington, D.C. 20005
Tel: 202-339-8400
Fax: 202-339-8500
Email: eshumsky@orrick.com

*Attorneys for CNBM Entities*

Dated:  February 16, 2016

## CERTIFICATE OF SERVICE

I hereby certify that the above and foregoing CNBM ENTITIES' RESPONSE TO THE PSC'S EMERGENCY MOTION TO STRIKE and supporting documents have been served on Plaintiffs' Liaison Counsel, Russ Herman, and Defendants' Liaison Counsel, Kerry Miller, by U.S. mail and e-mail and upon all parties by electronically uploading the same to File & Serve in accordance with Pre-Trial Order No. 6, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2047 on this 16th day of February, 2016.

/s/ L. Christopher Vejnoska
L. Christopher Vejnoska (CA Bar No. 96082)