Accounting Standards Update

No. 2015-02
February 2015

Consolidation (Topic 810)

Amendments to the Consolidation Analysis

An Amendment of the *FASB Accounting Standards Codification*®

Financial Accounting Standards Board

EXHIBIT 84

Accounting Standards Update 2015-02

Consolidation (Topic 810)

Amendments to the Consolidation Analysis

February 2015

CONTENTS

|  | Page Numbers |
|---|---|
| Summary | 1–6 |
| Amendments to the *FASB Accounting Standards Codification*® | 7–119 |
| Background Information and Basis for Conclusions | 120–145 |
| Amendments to the XBRL Taxonomy | 146 |

# Summary

### Why Is the FASB Issuing This Accounting Standards Update (Update)?

The Board is issuing the amendments in this Update to respond to stakeholders' concerns about the current accounting for consolidation of certain legal entities. Stakeholders expressed concerns that current generally accepted accounting principles (GAAP) might require a reporting entity to consolidate another legal entity in situations in which the reporting entity's contractual rights do not give it the ability to act primarily on its own behalf, the reporting entity does not hold a majority of the legal entity's voting rights, or the reporting entity is not exposed to a majority of the legal entity's economic benefits or obligations. Financial statement users asserted that in certain of those situations in which consolidation is ultimately required, deconsolidated financial statements are necessary to better analyze the reporting entity's economic and operational results. Previously, the FASB issued an indefinite deferral for certain entities to partially address those concerns. However, the amendments in this Update rescind that deferral and address those concerns by making changes to the consolidation guidance.

The Board considered stakeholder concerns in conjunction with the objective of general purpose financial reporting, which is to provide financial information about the reporting entity that is useful to existing and potential investors, lenders, and other creditors in making decisions about providing resources to the reporting entity. As a result, the Board is issuing the amendments in this Update, which change the analysis that a reporting entity must perform to determine whether it should consolidate certain types of legal entities.

### Who Is Affected by the Amendments in This Update?

The amendments in this Update affect reporting entities that are required to evaluate whether they should consolidate certain legal entities. All legal entities are subject to reevaluation under the revised consolidation model. Specifically, the amendments:

1. Modify the evaluation of whether limited partnerships and similar legal entities are variable interest entities (VIEs) or voting interest entities
2. Eliminate the presumption that a general partner should consolidate a limited partnership

1

3. Affect the consolidation analysis of reporting entities that are involved with VIEs, particularly those that have fee arrangements and related party relationships
4. Provide a scope exception from consolidation guidance for reporting entities with interests in legal entities that are required to comply with or operate in accordance with requirements that are similar to those in Rule 2a-7 of the Investment Company Act of 1940 for registered money market funds.

## What Are the Main Provisions?

The amendments in this Update affect the following areas:

1. Limited partnerships and similar legal entities
2. Evaluating fees paid to a decision maker or a service provider as a variable interest
3. The effect of fee arrangements on the primary beneficiary determination
4. The effect of related parties on the primary beneficiary determination
5. Certain investment funds.

### Limited Partnerships and Similar Legal Entities

The amendments in this Update have the following three main provisions that affect limited partnerships and similar legal entities:

1. There is an additional requirement that limited partnerships and similar legal entities must meet to qualify as voting interest entities. A limited partnership must provide partners with *either* substantive kick-out rights *or* substantive participating rights over the general partner to meet this requirement.
2. The specialized consolidation model and guidance for limited partnerships and similar legal entities have been eliminated. There is no longer a presumption that a general partner should consolidate a limited partnership.
3. For limited partnerships and similar legal entities that qualify as voting interest entities, a limited partner with a controlling financial interest should consolidate a limited partnership. A controlling financial interest may be achieved through holding a limited partner interest that provides substantive kick-out rights.

### Evaluating Fees Paid to a Decision Maker or a Service Provider as a Variable Interest

A reporting entity must determine whether it has a variable interest in the entity being evaluated for consolidation. Current GAAP provides six criteria that must

2

## Recognition

### General

**810-10-25-1** For **legal entities** other than limited partnerships, consolidation~~Consolidation~~ is appropriate if a reporting entity has a controlling financial interest in another entity and a specific scope exception does not apply (see Section 810-10-15). The usual condition for a controlling financial interest is ownership of a majority voting interest, but in some circumstances control does not rest with the majority owner.

**810-10-25-1A** <u>Given the purpose and design of limited partnerships, {add glossary link to 2nd definition}kick-out rights{add glossary link to 2nd definition} through voting interests are analogous to voting rights held by shareholders of a corporation. Consolidation is appropriate if a reporting entity has a controlling financial interest in a limited partnership and a specific scope exception does not apply (see Section 810-10-15). The usual condition for a controlling financial interest in a limited partnership is ownership of a majority of the limited partnership's kick-out rights through voting interests, but, in some circumstances, control does not rest with the majority owner.</u>

> The Effect of Noncontrolling Rights on Consolidation

**810-10-25-2** Paragraph 810-10-15-10(a)(1)(iv) explains that, in some instances, the powers of a shareholder with a majority voting interest <u>or limited partner with a majority of kick-out rights through voting interests</u> to control the operations or assets of the investee are restricted in certain respects by approval or veto rights granted to the noncontrolling shareholder <u>or limited partner</u> (referred to as noncontrolling rights). That paragraph also explains that, in paragraphs 810-10-25-2 through 25-14, the term *noncontrolling shareholder* refers to one or more noncontrolling shareholders <u>and the terms *limited partner* and *general partner* refer to one or more limited or general partners</u>. Paragraph 810-10-15-10(a)(1)(iv) explains that those noncontrolling rights may have little or no impact on the ability of a shareholder with a majority voting interest <u>or limited partner with a majority of kick-out rights through voting interests</u> to control the investee's operations or assets, or, alternatively, those rights may be so restrictive as to call into question whether control rests with the majority owner.

**810-10-25-3** The guidance in paragraphs 810-10-25-1 through 25-14 shall be applied in assessing the impact on consolidation of noncontrolling shareholder <u>or limited partner</u> approval or veto rights in both of the following circumstances:

   a.  Investments in which the investor has a majority voting interest in investees that are corporations or analogous entities (such as limited liability companies that have governing provisions that are the functional equivalent of regular corporations)<u>, or investments in which a limited partner has a majority of kick-out rights through voting interests in a limited partnership</u>

25

    b. ~~In other~~ Other circumstances in which ~~corporate investees~~legal entities would be consolidated in accordance with generally accepted accounting principles (GAAP), absent the existence of certain approval or veto rights held by noncontrolling shareholders or limited partners.

**810-10-25-4** The guidance in paragraphs 810-10-25-2 through 25-14 on noncontrolling rights does not apply in either of the following situations:

    a. Entities that, in accordance with GAAP, carry substantially all of their assets, including investments in controlled entities, at fair value with changes in value reported in a statement of net income or financial performance

    b. Investments in ~~noncorporate entities and~~ **variable interest entities (VIEs)** (see the Variable Interest Entities Subsection of Section 810-10-15).

**810-10-25-5** The assessment of whether the rights of a noncontrolling shareholder or limited partner should overcome the presumption of consolidation by the investor with a majority voting interest or limited partner with a majority of kick-out rights through voting interests in its investee is a matter of judgment that depends on facts and circumstances. The framework in which such facts and circumstances are judged shall be based on whether the noncontrolling rights, individually or in the aggregate, ~~provide for~~allow the noncontrolling shareholder or limited partner to effectively participate in certain significant financial and operating decisions of the investee that ~~would be expected to be~~are made in the **{add glossary link}**ordinary course of business**{add glossary link}**. Effective participation means the ability to block significant decisions proposed by the investor who has a majority voting interest or the general partner. That is, control does not rest with the majority owner because the investor with the majority voting interest cannot cause the investee to take an action that is significant in the ordinary course of business if it has been vetoed by the noncontrolling shareholder. Similarly, for limited partnerships, control does not rest with the limited partner with the majority of kick-out rights through voting interests if the limited partner cannot cause the general partner to take an action that is significant in the ordinary course of business if it has been vetoed by other limited partners. This assessment of noncontrolling rights shall be made at the time a majority voting interest or a majority of kick-out rights through voting interests is obtained and shall be reassessed if there is a significant change to the terms or in the exercisability of the rights of the noncontrolling shareholder or limited partner.

**810-10-25-6** All noncontrolling rights could be described as protective of the noncontrolling shareholder's or limited partner's investment in the investee, but some noncontrolling rights also allow the noncontrolling shareholder or limited partner to participate in determining certain significant financial and operating decisions of the investee that are made in the ordinary course of business (referred to as **{add glossary link to 2nd definition}**participating rights**{add**

26

glossary link to 2nd definition}). Participation means the ability to block actions proposed by the investor that has a majority voting interest or the general partner. Thus, the investor with the majority voting interest or the general partner must have the agreement of the noncontrolling shareholder or limited partner to take certain actions. Participation does not mean the ability of the noncontrolling shareholder or limited partner to initiate actions.

810-10-25-7 Noncontrolling rights that are only protective in nature (referred to as {add glossary link to 2nd definition}protective rights{add glossary link to 2nd definition}) would not overcome the presumption that the owner of a majority voting interest or the limited partner with a majority of kick-out rights through voting interests shall consolidate its investee. Substantive noncontrolling rights that ~~provide~~allow the noncontrolling shareholder or limited partner~~with the right~~ to effectively participate in certain significant financial and operating decisions of the investee that ~~would be expected to be related to~~are made in the investee's ordinary course of business, although also protective of the noncontrolling shareholder's or limited partner's investment, shall overcome the presumption that the investor with a majority voting interest or limited partner with a majority of kick-out rights through voting interests shall consolidate its investee.

810-10-25-8 For purposes of this Subsection, decisions made in the ordinary course of business are defined as decisions about matters of a type consistent with those normally expected to be addressed in directing and carrying out the entity's current business activities, regardless of whether the events or transactions that would necessitate such decisions are expected to occur in the near term. However, it must be at least reasonably possible that those events or transactions that would necessitate such decisions will occur. The ordinary course of business definition would not include self-dealing transactions with controlling shareholders or limited partners.

810-10-25-9 The following guidance addresses considerations of noncontrolling shareholder or limited partner rights, specifically:

  a. Protective rights
  b. Participating~~Substantive participating~~ rights
  c. Factors to consider in evaluating whether noncontrolling ~~shareholder~~ rights are substantive participating rights.

> > Protective Rights

810-10-25-10 Noncontrolling rights (whether granted by contract or by law) that would allow the noncontrolling shareholder or limited partner to block corporate or partnership actions would be considered protective rights and would not overcome the presumption of consolidation by the investor with a majority voting interest or limited partner with a majority of kick-out rights through voting interests in its investee. The following list is illustrative of the protective rights that often are provided to the noncontrolling shareholder or limited partner but is not all-inclusive:

27