UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE:  CHINESE MANUFACTURED DRYWALL PRODUCTS LIABILITY LITIGATION<br><br>**THIS DOCUMENT RELATES TO:**<br>*Gross v. Knauf Gips KG, 2:09-cv-6690*<br>*Amorin v. Taishan Gypsum, 2:11-cv-1672*<br>*Amorin v. Taishan Gypsum, 2:11-cv-1395*<br>*Amorin v. Taishan Gypsum, 2:11-cv-1673*<br>*Amorin v. SASAC, 2:14-cv-1727*<br>*State of Louisiana v. Knauf, 2:10-cv-340*<br>*Abner v. Taishan Gypsum, 2:11-cv-3094*<br>*Posey v. BNBM Co., 2:09-cv-6531*<br>*Morris v. BNBM Co., 2:09-cv-6530* | MDL No. 2:09-md-2047<br><br>SECTION L<br><br>JUDGE ELDON E. FALLON<br><br>MAGISTRATE JUDGE JOSEPH C. WILKINSON, JR. |

<u>DECLARATION OF GUOPING ZHOU</u>
<u>IN SUPPORT OF CNBM GROUP'S REPLY IN SUPPORT OF CNBM GROUP'S</u>
<u>MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION</u>

I, Guoping Zhou, declare under penalty of perjury under the laws of the United States of America that the following statements are true and correct:

1.      I am over eighteen years of age, am competent to testify to the matters contained herein, and have personal knowledge of these facts. My native language is Chinese. My ability to understand and speak English is limited. I signed a Chinese version of this Declaration as well as the English version of this Declaration after it was translated for me by a translator with the law firm Orrick, Herrington & Sutcliffe LLP.

2.      I have been the chief economist of CNBM Group since December 2009.

3.      I understand that Plaintiffs in this case have alleged that a document entitled "China National Building Material Group Corporation Administrative Measures for Appointing Representatives of Capital Contributors" [Pls.' MTD Ex. 52] shows CNBM Group appoints

1

directors and officers to all of its direct and indirect subsidiaries, including Taishan Gypsum. This is not true. CNBM Group does not and cannot appoint or nominate directors, officers, or any other personnel to BNBM PLC or Taishan Gypsum.

4.      CNBM Group can nominate directors to its direct subsidiaries, such as CNBM Company, but they must be elected by voting of the shareholders' general meetings of such companies. CNBM Group's rights to nominate directors to its direct subsidiaries are limited by its shareholding percentage and the subsidiary's articles of association.

5.      CNBM Group does not dictate how directors vote at subsidiary companies. Directors have a right to express opinions independently and have a duty to protect the interests of the company on whose board they sit. CNBM Group may request that directors and officers appointed at wholly-owned subsidiaries report on certain extraordinary issues specified in Article 15 of "Administrative Measures for Appointing Representatives of Capital Contributors" [Pls.' MTD Ex. 52].

6.      While CNBM Group may be notified of changes in management or directors of companies in which it holds an indirect equity interest, CNBM Group does not possess veto power over decisions made by shareholders' meetings or boards of directors of such companies.

7.      While CNBM Group's English website states "No. 1 worldwide" in reference to gypsum, fiberglass, and ready-mixed concrete production, this reference and others describe and aggregate the production of all companies in which CNBM Group holds any equity indirectly. CNBM Group itself is not a manufacturer or exporter, but rather an investment holding company.

//

//

//

Dated: February \_\_\_\_\_, 2016

_____

GUOPING ZHOU

路易斯安那州东区美国联邦地区法院

<table>
<tr><td>关于：中国制造的石膏墙产品责任诉讼<br><br>本文件与以下案件相关：<br>*Gross* 诉 *Knauff Gips KG*, *2:09-cv-6690*<br>*Amorin* 诉泰山石膏, *2:11-cv-1672*<br>*Amorin* 诉泰山石膏, *2:11-cv-1395*<br>*Amorin* 诉泰山石膏, *2:11-cv-1673*<br>*Amorin* 诉国资委, *2:14-cv-1727*<br>*路易斯安那州诉 Knauf*, *2:10-cv-340*<br>*Abner* 诉泰山石膏, *2:11-cv-3094*<br>*Posey* 诉北新建材股份，*2:09-cv-6531*<br>*Morris* 诉 北新建材股份, *2:09-cv-6530*</td><td>多地合并诉讼案件第 2047 号<br>部门：L<br>法伦法官<br>威尔金森地方法官</td></tr>
</table>

支持中国建材集团的"支持中国建材集团以缺乏属人管辖权为由提出的驳回动议的答复"
周国萍的声明

本人，周国萍，声明下列陈述是真实的和正确的，否则将按照美国法律受到对作伪证的惩罚：

1.     我已年满十八（18）周岁，有能力对此处包含的事项作证，并且对这些事实具有个人了解。我的母语是中文。我理解和说英语的能力有限。我签署了本声明的中文版本以及由美国奥睿律师事务所的一名翻译人员为我翻译后的本声明的英文版本。

2.     我自 2009 年 12 月以来一直担任中国建材集团的总经济师。

3.     我了解到本案各原告主张题为"中国建筑材料集团有限公司委派出资人代表管理办法" [原告多地合并诉讼证据 52]的文件显示中国建材集团向所有其直接及间接子公司（包括泰山石膏）委派董事及高管人员。原告的主张是不正确的。中国建材集团不向也不能向北新建材股份或泰山石膏委派或提名董事、高管或其他人员。

1

4. 中国建材集团可以向其直接投资的子公司提名董事，比如向中国建材股份提名董事，但他们必须由这些公司的股东大会投票选举产生。中国建材集团对其直接投资的子公司的董事的提名权受到其持股比例和子公司的公司章程的限制。

5. 中国建材集团不会命令董事在子公司如何投票。董事有独立发表意见的权力和维护其在董事会任职的公司的利益的义务。中国建材集团可以要求委派到全资子公司的董事及高管对于在"委派出资人代表管理办法"[原告多地合并诉讼证据 52]中规定的某些非同寻常的事项上要进行汇报。

6. 虽然中国建材集团可被告知其间接持有股权的公司的管理层及董事的变更情况，但是中国建材集团对于这些公司股东会或董事会所做的决定没有否决权。

7. 虽然中国建材集团的英文网页上说它在石膏、玻璃纤维及预拌混凝土的生产能力方面"世界第一"，但是此处和其他地方所指的都是对于中国建材集团持有任何间接权益的所有公司生产能力的描述及综合。中国建材集团本身不是生产商或出口商，而是一个投资控股公司。

//

//

//

//

//

//

2

日期：2016 年 2 月 __6__ 日

周国萍