UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: CHINESE-MANUFACTURED DRYWALL PRODUCTS LIABILITY LITIGATION | MDL NO. 2047<br>SECTION: L<br>JUDGE FALLON<br>MAG. JUDGE WILKINSON |
| THIS DOCUMENT RELATES TO:<br><br>*Germano v. Taishan Gypsum Co., Ltd., f/k/a Shandong Taihe Dongxin Co., Ltd.,* **Case No. 09-6687 (E.D. La.)**;<br><br>*Gross v. Knauf Gips*, KG, *et al.,* **Case No. 09-6690 (E.D. La.)**;<br><br>*Wiltz v. Beijing New Building Materials Public Limited Co., et al.,* **Case No. 10-361 (E.D. La.)**;<br><br>*Amorin v. Taishan Gypsum Co., Ltd., f/k/a Shandong Taihe Dongxin Co., Ltd., et al.,* **Case No. 11-1672 (E.D. La.)**;<br><br>*Amorin v. Taishan Gypsum Co., Ltd., f/k/a Shandong Taihe Dongxin Co., Ltd., et al.,* **Case No. 11-1395 (E.D. La.); and**<br><br>*Amorin v. Taishan Gypsum Co., Ltd., f/k/a Shandong Taihe Dongxin Co., Ltd., et al.,* **Case No. 11-1673 (E.D. La.).** | |

**BEIJING NEW BUILDING MATERIALS PUBLIC LIMITED COMPANY'S AND BEIJING NEW BUILDING MATERIAL (GROUP) CO., LTD.'S SUR-REPLY IN OPPOSITION TO THE PLAINTIFFS' STEERING COMMITTEE'S MOTION TO STRIKE, EXCLUDE AND/OR LIMIT THE DECLARATIONS OF BRUCE DEAL AND <u>PROFESSOR JEFFREY GORDON</u>**

Defendants Beijing New Building Materials Public Limited Company ("BNBM PLC") and Beijing New Building Material (Group) Co., Ltd. ("BNBM Group"), collectively herein the "BNBM Defendants," respectfully submit this sur-reply in response to the Plaintiffs' Steering Committee's ("PSC") Reply in support of its Motion To Strike, Exclude, and/or Limit the Declarations of Bruce Deal and Professor Jeffrey Gordon (Rec. Doc. 20046, hereinafter "PSC's

1

Reply") in order to address the blatant mischaracterization of the record relied upon in the brief.

The PSC's Reply in large part consists of merits argument, including several new exhibits, that have little to do with *Daubert*. Given that this Court already has hundreds of pages of briefing before it, the BNBM Defendants intend to address those issues at argument on February 18, 2016 and not further burden the Court with voluminous filings on those issues. But the PSC's egregious mischaracterization and deliberate distortion of Professor Gordon's deposition testimony must be addressed now.

The PSC claims that Professor Gordon "admitted" that he does not know what to consider when assessing alter-ego, and in support cites a snippet of testimony entirely out of context, without even providing ellipses to denote that they have quoted only part of his answer. (*See* PSC Reply at 5.) Specifically, the PSC proffers the following quote to argue that Professor Gordon in not sufficiently knowledgeable on the subject of alter ego:

> Q. Well, isn't it your understanding that you have to, for alter ego, look at the totality of circumstances, not just the form of the corporate structures?
>
> A. I don't know what you have to do.

(PSC Reply at 5 *citing* Gordon Dep. at 91:13-91:19.) When quoted in its entirety and placed in context, however, Professor Gordon's actual testimony says something quite different. Here is the full exchange, with colloquy of counsel omitted:

> Q. Do you think how a corporation actually operates and functions is important to look at?
>
> THE WITNESS: Well, as I've said, when we decide to overcome the presumption -- there are many -- there are several reasons why you would overcome the presumption, one of which is the failure to comply with the formalities, the second of which is the intermingling of funds. This is not an exclusive list. And then a third includes the issues of domination in the day-to-day business of, say, a subsidiary. And so that's, in effect, part of the actual use

2

of control.

BY MR. STECKLER: So the analysis doesn't just stop with form and structure, it goes beyond that to look at the totality of circumstances, right?

A. In the right case, it certainly can.

Q. Well, isn't it your understanding that you have to, for alter ego, look at the totality of circumstances, not just the form of corporate structures?

A. I don't know what you have to do. What I'm saying is that to overcome the presumption, a party trying to do that, might be able to show such domination, control, various other activities that it would seem right in the circumstances to pierce the veil or decide that an alter ego determination is right.

\*          \*          \*

Q. Would you agree that in looking at issues of alter ego, it's important to look at actual control, not just the capacity?

A. It can be important, depending on the circumstances.

Q. Well, is your understanding that a fact-specific analysis is usually employed for determining not just the structure and form of corporations for alter ego but how, in fact, the company operates and functions in order to do a thorough alter ego analysis?

A. The operational facts are important. The financial facts are important. So there are a range of -- I mean, I agree, it can be a fact-intensive exercise. But I'm just trying to be responsive, counsel, in suggesting that the range of facts that one would look at would include a multiple set of them, including some of the operational elements that you have -- that you've suggested.

Q. Did you look at specific facts to render your opinions in this case, sir?

A. Yes, I did.

(Gordon Dep. 90:9-93:20.)

As the entire passage makes clear, Professor Gordon does not "admit" that he fails to

3

understand the appropriate considerations in an alter ego analysis as the PSC argues. He merely challenged counsel's characterization of the appropriate inquiry when questioned.

This was not a judgment call or an inadvertent omission. Plaintiffs' selective quotation of an incomplete, out of context passage in Professor Gordon's deposition was a deliberate effort to mislead. Moreover, this is not the first time that Plaintiffs have heavily edited testimony to make it appear that witnesses have testified far differently than they actually did. (*See*, *e.g.*, Doc. 20035-2, BNBM Response to Motion to Exclude, at 18.) Zealous advocacy is one thing; but Plaintiffs' gross distortions and misrepresentations of the record are something quite different. They disrespect the witnesses, the Court, and the process, and they have no place in these proceedings.

Dated: February 16, 2016

                                                        Respectfully submitted,

                                                        **DENTONS US LLP**

                                                        By: */s/ Michael H. Barr*
                                                        Michael H. Barr
                                                        New York Bar No. 1744242
                                                        Justin N. Kattan
                                                        New York Bar No. 3983905
                                                        1221 Avenue of the Americas
                                                        New York, NY 10020-1089
                                                        Telephone: (212) 768-6700
                                                        Facsimile: (212) 768-6800
                                                        michael.barr@dentons.com
                                                        justin.kattan@dentons.com

Richard L. Fenton
Illinois Bar No. 3121699
Leah R. Bruno
Illinois Bar No. 6269469
233 South Wacker Drive
Suite 5900
Chicago, IL  60606-6306
Telephone:  (312) 876-8000
Facsimile:  (312) 876-7934
richard.fenton@dentons.com
leah.bruno@dentons.com

Kenneth J. Pfaehler
D.C. Bar No. 461718
Drew W. Marrocco
D.C. Bar No. 453205
1301 K Street, N.W.
Suite 600, East Tower
Washington, D.C. 20005
Telephone: (202) 408-6400
Facsimile: (202) 408-6399
kenneth.pfaehler@dentons.com
drew.marrocco@dentons.com


C. Michael Moore
Texas Bar No. 14323600
Matt Nickel
Texas Bar No. 24056042
2000 McKinney Ave, Suite 1900
Dallas, TX  75201
Telephone:  (214) 259-0900
Facsimile:  (214) 259-0910
mike.moore@dentons.com
matt.nickel@dentons.com

**PHELPS DUNBAR LLP**

Harry Rosenberg
Louisiana Bar No. 11465
365 Canal Street, Suite 2000
New Orleans, Louisiana 70130-6534
Telephone:  (504) 566-1311
Facsimile:  (504) 568-9130
harry.rosenberg@phelps.com

*Attorneys for Beijing New Building Material (Group) Co., Ltd. and Beijing New Building Materials Public Limited Company*

## CERTIFICATE OF SERVICE

I hereby certify that the above and foregoing **Beijing New Building Materials Public Limited Company and Beijing New Building Material (Group) Co., Ltd.'s Sur-Reply in Opposition to the Plaintiffs' Steering Committee's Motion to Strike, Exclude, and/or Limit the Declarations of Bruce Deal and Professor Jeffrey Gordon** has been served on Plaintiffs' Liaison Counsel, Leonard Davis, and Defendants' Liaison Counsel, Kerry Miller, by U.S. mail and e-mail or by hand delivery and e-mail and upon all parties by electronically uploading the same to LexisNexis File & Serve in accordance with Pre-Trial Order No. 6, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2047, on this February 16, 2016.

*/s/     Michael H. Barr*