MINUTE ENTRY
FALLON, J.
FEBRUARY 23, 2016

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: CHINESE-MANUFACTURED DRY WALL PRODUCTS LIABILITY LITIGATION | : : : : : : : | MDL NO. 2047<br><br>SECTION:  L<br><br>JUDGE FALLON<br>MAG. JUDGE WILKINSON |

**THIS DOCUMENT RELATES TO**
    **13-6652:** *Collins et al v. Bass Homes, Inc. et al*
    **13-6653**: *Herrington et al v. Bass Homes, Inc. et al*

**ORDER**

A telephone status conference was held on this date to discuss the pending motions in this case.

The instant actions are part of the Chinese Drywall MDL.  The Collins and Herrington Plaintiffs (hereinafter "Plaintiffs") allegedly opted out of the class settlements in September 2012. They filed suits in state court in Mississippi in 2013. Defendants in both actions removed to federal court in the Southern District of Mississippi. The cases were then transferred to this MDL Court in December 2013. Unlike most other cases in the Chinese Drywall MDL, Plaintiffs Collins and Herringtons assert that they opted-out of the Knauf-related settlements and have not made claims against the Knauf-related entities.  However, Plaintiffs are listed in the PSC's records as members of the class of plaintiffs seeking remediation damages from Taishan and Ace Home Center ("AHC"), the distributor of the drywall. In August and September of 2014, AHC

1

JS10(00:11)

filed third-party claims against various third-party defendants, including Pate Stevedore Company and Pensacola Stevedore Company (collectively, "the Stevedore Defendants"), Devon International Trading ("Devon") and Taishan alleging, in part, the third party defendants should indemnify AHC for the payment of any judgment or settlement that AHC ultimately pays to the Plaintiffs Taishan should indemnify (Rec. Docs. 17973, 18022).  Based on this procedural posture, the Court has held a number of status conferences in these two actions.

Most recently, AHC filed a Motion to Stay these proceedings (Rec. Doc. 19911). Because Plaintiffs Collins and Herrington have pending claims against Taishan in the *Wiltz* action, AHC contends that the instant actions should be stayed until such time as Plaintiffs' claims against Taishan in the *Wiltz* matter have been resolved. AHC argues that it will face the hardship of incurring fees and costs associated with defending itself in the instant litigation, when the Plaintiffs' claims against AHC could very well be rendered moot as a result of a recovery against Taishan and the other named *Wiltz* defendants in the MDL. AHC contends that judicial economy dictates that the proceedings be stayed as it is a drain on the court's resources for Plaintiffs to simultaneously litigate this matter in two separately filed lawsuits. If Plaintiffs obtain a recovery against the numerous named Defendants in the *Wiltz* action, it is very likely that their claims against AHC in these proceedings will be easily resolved, if not moot.

Accordingly, **IT IS ORDERED** that AHC's Motion to Stay is **GRANTED**.

However, notwithstanding the stay, **IT IS FURTHER ORDERED** that the parties may proceed with depositions of the Plaintiffs and, if necessary, an inspection of the Plaintiff's property. This Order recognizes that this is a unique case with a unique procedural posture in that there are claims in two cases involving many of the same parties and the same issues.

