UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE:  CHINESE MANUFACTURED DRYWALL )<br>PRODUCTS LIABILITY LITIGATION          ) | **MDL NO. 2047** |
| )<br>) | **SECTION "L"** |
| )<br>) | **JUDGE FALLON** |
| )<br>) | **MAJ. JUDGE WILKINSON** |

## OBJECTION TO SPECIAL MASTER'S DETERMINATION DENYING CLAIMANT, WAYNE CLARKES' LOST RENTAL INCOME & REMEDIATION FUND BENEFITS CLAIM

**WAYNE CLARKE**, by and through counsel, files this his Objection to the Special Master's Final Post

Reconsideration Award, rendered on February 15, 2016, and respectfully moves this Honorable Court for

an Order reversing the Special Master's denial of Claimants entitlement to Lost Rental Income and

Remediation Fund Benefits.

### SUMMARY OF OBJECTION

Claimant was a Commercial Owner as defined in the Third Amendment Settlement

Agreement of December 11, 2012, Section 1.1.2.2, prior to the effective date of the Settlement

Agreement which states that the Commercial Owner Subclass includes former owners who

lost Affected Properties due to foreclosure or sold Affected Properties to mitigate losses.

Prior to any remediation, the property was lost to foreclosure due to the inability of Mr.

Clarke to rent the property, the income for which was necessary to make his monthly

Mortgage payments.  Claimant's loss of rental income was caused by the discovery of Defective

Knauf Chinese Drywall.  Claimant's tenants vacated the rental property due to the potential

Health issues associated with defective drywall.

Based on the provisions of the Third Amended Settlement Agreement, Claimant submitted

his claim for Loss Rental Income and Remediation Fund Benefits (Lump Sum Payment). This Claim

was initially filed on October 24, 2013 and supported by the following document IDs:

- . Miscellaneous Claim Form, #168372
- . Correspondence – Letter in support of Lost Rental Income, #168344
- . Correspondence – Letter in support of Remediation Fund Benefits, #168349
- . Table – Benefits Under Class Settlement Agreement with Knauf Defendants, #168365

Claimant respectfully submits that the Special Master's denial should be reversed and his

Claim paid pursuant to:

. **Lost Use, Sales and Rentals – Section 4.7.1.2**
For Commercial Owners, economic loss for a period not to exceed three months, arising from the inability to use or rent Affected Property during remediation, **and economic losses arising from the inability to sell Affected Property as a result of property damage caused by KPT Chinese Drywall, but only to the extent that such economic loss could not be mitigated or has not been reimbursed by insurance.** For Commercial Owners, Other Loss shall not include alternative living expenses during remediation and personal property damage.

**Foreclosure – Section 4.7.1.3.2.b**
For a Commercial Owner Subclass Member who owned the Foreclosed Property prior to foreclosure, he or she must establish that the KPT Chinese Drywall substantially caused (i) the Tenants of the Foreclosed Property to vacate, causing the Commercial Owner to lose rent, or (ii) decreased revenue to the Commercial Owner's business.

. **Remediation Fund Benefits – Lump Sum Payment – Section 4.3.5**
For Foreclosed Properties, (a) the Mortgagee shall be entitled to the benefits under Sections 4.3.1, 4.3.2 or 4.3.3, except for the Other Covered Expenses, but only if the Mortgagee became the Owner after foreclosure and remains the owner of the Affected Property and the Mortgagee provides a release to the Knauf Defendants and Other Releases; and (b) the Owner prior to the foreclosure shall be entitled to the Lump Sum Payment under Section 4.3.1.1, but not the Delay Period Payment under Section 4.3.1.2.

## FACTURAL AND PROCEDURAL SUMMARY

Mr. Clarke, a disabled veteran, purchased the property located at 1205 Magnolia Street in Ocean Springs, Mississippi, effective January 6, 2004 via a VA loan. Claimant continued to reside at the property until August 29, 2005, when the home suffered substantial damage as a result of Hurricane Katrina. At this time, Claimant had to vacate the property until repairs were made to the Property for the damage caused by the hurricane. Claimant moved back into the home January 2007 where he remained until his retirement from the military in July 2007. Claimant then rented the property to supplement his retirement income and to provide the needed funds to meet his mortgage and SBA loan obligations. He then relocated to Texas for a new job opportunity and the property was rented out beginning February 20, 2008; the last lease agreement was signed effective February 19. 2009 through March 1, 2010.

In September 2009, Claimant began to experience problems with the air conditioning system as the coils began leaking and would not hold Freon. Claimant learned of the issue of defective Chinese drywall and retained counsel and obtained an inspection of the property to determine if it contained defective drywall.

The initial inspection of the property was done on January 5, 2010 and confirmed the presence of Knauf Chinese Drywall. Subsequent inspections done on March 6, 2010 and November 10, 2011 confirmed the presence and further supported the presence of the KNAUF TIANJIN drywall. Copies of these inspections have been submitted.

In January 2010, Claimant's tenants vacated the property due to the fear of potential

health risks relating to the defective drywall. The property remained vacant from mid-January of 2010

until August 25, 2011, when the property was foreclosed upon.

Claimant, owner of the property at the time that it was confirmed as having the

defective Knauf drywall, would have been able to have his home remediated under the Knauf

Remediation Program if he had not suffered the loss of the monthly Rental Income ($1,300).

Claimant submitted a claim for hardship consideration into the Knauf Remediation Program which was

denied. The hardship award would have enabled Claimant to have his home remediated and avoid

foreclosure, which occurred on August 25, 2011.

Claimant made good faith efforts to avoid foreclosure including attempts to negotiate with

his mortgage company and the SBA. SBA did grant Claimant a one-time extension but the mortgage

company refused to accept anything less than the full monthly payments.

As evidenced by the above statements, Mr. Clarke attempted all avenues to retain

ownership of the property until it would eventually have been remediated under the

Knauf Remediation Program. Without the monthly rental income of $1,300 and his inability

to further lease the property, he lost the home to foreclosure.

## LAW AND ARGUMENT

### A. Knauf Class Settlement

Pursuant to 4.2.9 of the Knauf Class Settlement,

...Unless otherwise final and binding pursuant to the relevant sections below, decisions of the Special Master with respect to the Remediation Fund may be appealed by an affected Class Member within 15 days of service of the Special Master's decision by filing an objection with the Court, but only after Settlement Class Counsel, the Knauf Defendants, and if applicable, an affected Class Member's counsel meet and confer in an attempt to resolve such issue. Unless the Court orders otherwise, appeals will be based on the record and briefing before the

Special Master without further evidentiary submissions, briefing or argument....The Court's decision on any objections will be final, with no further appeals permitted.

Pursuant to 4.6.8 of the Knauf Class Settlement,

...Decisions of the Special Master with respect to the Other Loss Eligibility Fund may be appealed by...an affected Class Member within 15 days of service of the Special Master's decision by filing an objection with the Court, but only after Settlement Class Counsel, the Knauf Defendants, and If applicable, an affected Class Member's counsel meet and confer in an attempt to resolve such issue.  Unless the Court orders otherwise, appeals will be based on the record and briefing before The Special Master without further evidentiary submissions, briefing or argument...The Court's decision on any objections will be final, with no further appeals permitted.

On February 15, 2016, the Special Master served his Post-Reconsideration Determination

Notice on the Parties via email.  Upon receipt of this Special Master Award Reconsideration indicating a

Final Determination of the Claim and a Post-Reconsideration Award of $0.00, by and through counsel,

Claimant contacted the Knauf Defendants counsel to arrange the required meet and confer and the

session was conducted via email and phone.  On February 19, 2016, Claimant met and conferred and

Claimant now files his Objection.

Claimant submits that he is a "Class Member" whose home contained defective Knauf

Chinese Drywall.  As a previous owner of a foreclosed property (prior to effective date of the

Settlement) Claimant submits that he is entitled to the benefits and compensation for Lost Rental

Income and Remediation Fund Benefits (Lump Sum Payment) as outlined in the followings sections of

the Third Amended Settlement Agreement:

Section 1.1.2.2  The Commercial Owner Subclass which qualified him as a Commercial Owner
Section 4.3.5 – Foreclosed Properties – Stating his eligibility for the Lump Sum Payment
Section 4.7.1.2 – Lost Use, Sales and Rentals – Stating his eligibility for economic losses
Section 4.7.1.3 (b) – Affidavit and Leasing Agent letter

Claimant submitted all required documentation in support of his claim under the following

IDs:

| Claimant ID | Document ID | Description | Upload Date |
|---|---|---|---|
| 100055 | 138573 | Inspection-HHS | 9/25/2013 |
| | 138552 | Inspection-Favre | 9/25/2013 |
| | 138639 | Rental/Lease Agreements | 9/25/2013 |
| | 140069 | Clarke-Affidavit | 9/26/2013 |
| | 140357 | Knauf Remediation Hardship | 9/26/2013 |
| | 140414 | Square Footage Documents | 9/26/2013 |
| | 168344 | Correspondence-Lost Rental | 10/24/2013 |
| | 168349 | Correspondence-Remediation Fund | 10/24/2013 |
| | 168365 | Remediation Benefit Table | 10/24/2013 |
| | 168372 | Miscellaneous Claim Form | 10/24/2013 |
| | 290830 | Property Mgmt. Company Letter | 8/14/2014 |
| | 333399 | Other Loss Eligibility Notice | 5/27/2015 |
| | 335566 | Letter-Appeal of Eligibility Notice | 6/25/2015 |
| | 340864 | Special Master Reconsideration | 12/18/2015 |

Claimant respectfully moves that this Honorable Court reverse the Special Master's Final

Determination Award Notice and find that he is eligible for the Lost Rental Income request of $3,900

and Remediation Fund Benefits (Lump Sum Payment) request of $14,195.00.

This objection/appeal of the Special Master's Award Reconsideration Award dated February

15, 2016 is timely filed.  Pursuant to Section 4.2.9 of the Third Amended Knauf Settlement Agreement,

Class counsel has conferred with counsel for Knauf and Settlement Class Counsel regarding this

Objection, and counsel has no objection to the filing of this appeal/objection.

Respectfully submitted:

/s/ David McMullan
David McMullan (MS Bar No. 8494)
Barrett Law Group, P.A.
404 Court Square North
Lexington, MS  39095
Telephone:  (662) 834-2488
Facsimile:    (662) 834-2628
dmcmullan@barrettlawgroup.com
Attorney for Plaintiff

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a copy of the foregoing Objection to Special Master's Final

Determination Award Notice has been served upon all counsel by electronic notice via the Court's

CM/ECF system on this 29th day of February, 2016.

/s/ David McMullan
David McMullan (MS Bar 8494)
Barrett Law Group, P.A.
404 Court Square North
Lexington, MS  39095
Telephone:  (662) 834-2488
Facsimile:    (662) 834-2628
dmcmullan@barrettlawgroup.com
Attorney for Plaintiff