UNITED STATES DISTRICT COURT\
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: CHINESE-MANUFACTURED DRYWALL PRODUCTS LIABILITY LITIGATION | ) ) ) ) | MDL No. 2047<br><br>SECTION "L" |
| THIS DOCUMENT RELATES TO: | ) ) | JUDGE FALLON |
| Block, et. al. v. Gebrueder Knauf Verwaltungsgesellschaft KG, et al. Case No. 11-1363 | ) ) ) ) ) | MAG. JUDGE WILKINSON |

**PRIME HOMES AT PORTOFINO FALLS, LTD.'S OBJECTION TO THE SPECIAL MASTER'S RECONSIDERATION AWARDS FOR ITS MISCELLANEOUS CLAIMS**

Prime Homes at Portofino Falls, Ltd. ("Prime Homes") hereby files its objection to the Special Master's Reconsideration Award. In support thereof, Prime Homes states as follows:

1. Prime Homes timely submitted Miscellaneous Claims for nineteen properties listed in Exhibit "A," attached hereto.

2. Prime Homes received initial Notices of Eligibility for its Miscellaneous claims on April 3, 2015 and May 15, 2015, offering a sum of $2,500.00 for each property. Exhibit "B," attached hereto.

3. Because this sum was substantially less than the $4,476,758.00 in Miscellaneous losses incurred by Prime Homes for its 91 properties, Prime Homes requested a Special Master Award on June 14, 2015. Exhibit "C," attached hereto.

4. On December 3, 2015, the Special Master returned an award of $0.00 on the claims listed in Exhibit A.

5. In response, Undersigned Counsel wrote to the Settlement Administrator requesting an explanation of the Special Master's rationale or reasoning behind the $0.00 award.

6. Despite Undersigned Counsel's request, Prime Homes never received any explanation of the Special Master's rationale or reasoning for the $0.00 awards.

7. The Special Master's rationale or reasoning behind the $0.00 award was necessary in order for Prime Homes to prepare an adequate and effective request for Reconsideration of the Special Master Award.

8. The Special Master's failure to provide a reason or rationale for the $0.00 award lacks fundamental fairness, in what was supposed to be a consumer-friendly Settlement, and was prejudicial to Prime Homes because it was provided no information to address the Special Master's ruling in its Request for Reconsideration.

9. With no understanding of the Special Master's rationale or reasoning for the $0.00 award, Prime Homes was forced filed a Request for Reconsideration on December 18, 2015 without the knowledge it needed to address the Special Master's award.

10. Pursuant to Section 4.7.3.1 of the Knauf Settlement Agreement, Prime Homes requested compensation for the following Miscellaneous losses it incurred for its 91 properties: carrying costs for the properties containing defective Chinese

drywall, including maintenance costs for the replacement of stucco[1] and HVAC units[2] damaged by the Chinese drywall, totaling $4,476,758.00[3].

11. Section 4.7.3.1 of the Knauf Settlement Agreement states that,

> The Special Master and the MDL Court may, in their discretion, consider and allow claims that are not explicitly provided in Sections 4.7.1.1, 4.7.1.2, 4.7.1.3, 4.7.1.4, 4.7.1.5 and 4.7.1.6, so long as the claims are equitably justified and do not involve claims for the specifically enumerated Other Loss Exclusions. In considering any such additional claims, the Special Master and the MDL Court may, in their discretion, adjust the amount of the claims so as to protect Other Loss funds for other Settlement Class Members.

12. None of the Miscellaneous losses claimed by Prime Homes are explicitly provided for in Sections 4.7.1.1, 4.7.1.2, 4.7.1.3, 4.7.1.4, 4.7.1.5 and 4.7.1.6. All the claims are equitably justified, Prime Homes had no notice it had Chinese drywall in its properties. Additionally, multiple claims Prime Homes asserted via the self-remediation program have not been paid by Knauf as they are the subject of a pending motion at Doc. 18576[4] because of the continued rise in construction costs. In short, Prime Homes is in a difficult financial situation and is in need of every dollar available in the Settlement Program.

13. Section 4.7.3 of the Knauf Settlement Agreement further states that,

---

[1] The Chinese drywall caused the wire lath used for the stucco to corrode and cause damage to the stucco.
[2] Prime had to replace HVAC units in its properties numerous times due to the presence of Chinese drywall within the properties.
[3] Prime's incurred $4,476,758.00 of Miscellaneous losses (for carrying costs that include HVAC and stucco replacement required due to the Chinese drywall in its properties) for its 91 properties. On average, the total loss per property is $49,195.14.
[4] The Chinese drywall in the Prime Homes' properties has resulted in crippling losses. Despite its desire to mitigate its losses, Prime Homes has been unable to proceed with Self-Remediation of the properties due to the rising costs of construction materials that have exponentially risen from the time the Moss Inspections were conducted. Prime Homes has a pending motion regarding the same (Doc.18576).

> Other Loss does not include damage or loss for stigma, injury to reputation, loss of enjoyment of home, psychological or emotional injury, medical monitoring, injury to reputation, credit rating loss, legal and accounting expenses, loss of investment opportunity and except as provided in Section 4.7.3.1 below, any other loss or damage not specifically covered by Sections 4.7.1.1, 4.7.1.2, 4.7.1.3, 4.7.1.4, 4.7.1.5 and 4.7.1.6 above. Nonetheless, such claims will be released under this Settlement.

14. None of Prime Homes' Miscellaneous losses are explicitly excluded by Section 4.7.3, nor are they losses that are specifically covered by another section of the Settlement Agreement.

15. Further, the broad language section 4.7.3.of the Knauf Settlement Agreement, which addresses Miscellaneous claims, should be interpreted in the light most favorable to the consumer.

16. Due to the defective Chinese drywall in the Claimant's development, Claimant suffered over $4,476,758.00 in Miscellaneous losses alone (averaging $49,195.14 per property).

17. It is wholly unjust for Prime Homes to be denied any compensation for its equitably justifiable and monumental Miscellaneous losses that exceed $4,000,000.00 especially when no reason or rationale has been provided by the Special Master.

WHEREFORE, Prime Homes requests that the Court enter an order granting Prime Homes an award of $49,195.14 per property for its Miscellaneous claims, the full extent of its damages, or in the alternative, schedule an evidentiary hearing so that Prime's claims may be presented before the Court.

**CERTIFICATE OF SERVICE**

I hereby certify that the above and foregoing PRIME HOMES AT PORTOFINO FALLS, LTD.'S OBJECTIONS TO THE SPECIAL MASTER'S RECONSIDERATION AWARD FOR ITS MISCELLANEOUS CLAIMS has been served on Plaintiffs' Liaison Counsel, Russ Herman, and Defendants' Liaison Counsel, Kerry Miller, by U.S. Mail and e-mail, or by hand delivery and e-mail and upon all parties by electronically uploading the same to LexisNexis File & Serve in accordance with Pretrial Order No. 6, and that the foregoing was filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2047, on this on this 1st day of March, 2016.

/s/*Ervin A. Gonzalez*
ERVIN A. GONZALEZ
Fla. Bar No. 500720
Ervin@colson.com
PATRICK S. MONTOYA
Fla. Bar No. 524441
Patrick@colson.com
NATALIE M. RICO
Fla. Bar No. 0065046
Natalie@colson.com
COLSON HICKS EIDSON
COLSON MATTHEWS MARTINEZ
GONZALEZ KALBAC & KANE
255 Alhambra Circle, Penthouse
Coral Gables, FL 33134
Phone: (305) 476-7400
Fax:    (305) 476-7444
*Counsel for Plaintiffs*