UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: CHINESE-MANUFACTURED DRYWALL | : | MDL NO. 2047 |
| PRODUCT LIABILITY LITIGATION | : | |
| | : | SECTION: L |
| | : | |
| THIS DOCUMENT RELATES TO : | : | JUDGE FALLON |
| | : | |
| SAM SUMNER, JR | : | MAG. JUDGE |
| CLAIMANT # 107419 | : | WILKINSON |
| | : | |

OBJECTION TO SPECIAL MASTER DECISION REGARDING CLAIMANT # 10719,
CLAIM # 14558

Comes now Claimant Sam Sumner, Jr. through the undersigned counsel and files this

objection to the Special Master's Decision denying his Miscellaneous Claim, Claim # 14558.  As

grounds Claimant shows onto the court the following:

BACKGROUND OF CLAIM

1.      On October 25, 2013, Claimant timely filed his Miscellaneous Claim Form,

BrownGreer Document # 173829 and Pre-Remediation Alternative Living Form, BrownGreer

Document # 173827.  Claimant complied with all requirements under the Miscellaneous Claim

Procedure.

2.      On January 10, 2015, Counsel for Claimant received an e-mail from Brown Greer,

stating that his claim would not be considered for Pre-Remediation Alternative Living but would be

considered under the Miscellaneous Claim, BrownGreer Document # 323332.

3.      On July 30, 2015, Claimant received an Other Loss Eligibility Notice in the amount

of  $2,500.00 for his Miscellaneous Claim, BrownGreer Document # 336066.

4.      On July 29, 2015, Claimant requested Special Master consideration for his

Miscellaneous Claim, BrownGreer Document # 337730.

5.      On December 3, 2015, Counsel for Claimant received notice of the Special Master Award of $0.00.

6.      On December 28, 2015, Claimant requested reconsideration of the Special Master Award, BrownGreer Document # 340869.

7.      On February 15, 2016, Counsel for Claimant received notice that the Special Master would not reconsider his award.

8.      Counsel for Claimant sought a conference with Settlement Counsel to resolve this matter, but not resolution was reached.

**REASON FOR RECONSIDERATION**

1.      Mr. Sumner's job required him to relocate outside of Birmingham.  However, once his employer's relocation company learned that the home had Chinese Drywall, it would not accept the home and Mr. Sumner was forced to hold the home, until it was remediated.  Mr. Sumner was forced to maintain the residence in Birmingham, while also maintaining a residence outside of the state.  The remediation of the home located at 4364 Boulder Lake Circle, commenced on June 6, 2013.  The remediation concluded in October 2013, and Mr. Sumner was able to close on the sale of the home on February 28, 2014.

2.      The Knauf Third Amended Settlement Agreement, Section 4.7.3.1 sets out the ability to make a Miscellaneous claim for anything "The Special Master and the MDL Court may, in their discretion, consider and allow claims that are not explicitly provided in Sections 4.7.1.1, 4.7.1.2, 4.7.1.3, 4.7.1.4, 4.7.1.5 and 4.7.1.6, so long as the claims are equitably justified and do not involve claims for the specifically enumerated Other Loss Exclusions."  The claim by Mr. Sumner is for an amount that is not included in the aforementioned Sections or in the Other Loss Exclusions.  The

Special Master's Methodology stating that only personal property claims are appropriate under the Miscellaneous claims is flawed, as the settlement agreement specifically states that this category is for anything not included in the previous sections or exclusions.  This claim is similar to those provided for Commercial Property owners for Loss of Use, Loss of Sale or Rental, but there is no provision for the claims of Residential Owners.  Because these damages do not fit into any of the other categories, and are not specifically excluded, they should be considered and paid as a Miscellaneous Claim.

3.      In addition, we were advised by BrownGreer in a January 8, 2015 email, BrownGreer Document # 323332, that Mr. Sumner's claim was appropriate for a Miscellaneous claim and no other type of claim.

4.      Mr. Sumner is seeking an award in the amount of $29,326.56, which is documented in the Special Master Request, Document # 337730.

Respectfully Submitted:


s/David L. Horsley
David L. Horsley (ASB-6090-I47H)
Collins & Horsley, P.C.
2021 Morris Avenue, Suite 200
Birmingham, Alabama 35203
Telephone:     205-324-1834
Facsimile:     205-324-1846
Email: david@collinshorsley.com

## CERTIFICATE OF SERVICE

I hereby certify that the above and foregoing Objection has been served on Plaintiffs' Liaison Counsel, Russ Herman, and Defendants' Liaison Counsel, Kerry Miller, by U.S. Mail and e-mail or by hand delivery and e-mail and upon all parties by electronically uploading the same to Lexis Nexis File & Serve in accordance with Pretrial Order No. 6, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2047, on this 1st day of March, 2016.

s/ David L. Horsley
Of Counsel