## UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: CHINESE MANUFACTURED DRYWALL PRODUCTS LIABILITY LITIGATION | MDL NO. 2047 |
| | SECTION "L" |
| THIS DOCUMENT RELATES TO: | JUDGE FALLON |
| WILFRED and HEDY DUPLESSIS | MAG. WILKINSON |

## OBJECTION TO SPECIAL MASTER'S DECISION REGARDING CLAIMANT #113734 CLAIM #12646

**MAY IT PLEASE THE COURT:**

**NOW INTO COURT**, through undersigned counsel, comes Claimants in the Knauf Third Amended Settlement Agreement Other Loss Fund, Wilfred and Hedy Duplessis (hereinafter "Claimants"), who respectfully submit this Objection to the decision made by the Special Master regarding Claimants' PRALE Claim #12646. Claimants respectfully request that this Honorable Court set aside the decision of the Special Master and award Claimants a greater recovery consistent with the Third Amended Settlement Agreement Regarding Claims Against the Knauf Defendants in MDL No. 2047, Rec. Doc. 16407-3 (hereinafter "Knauf Settlement") for the reasons explained in more detail below.

## INTRODUCTION

Claimants own the property located at 4727 Press Drive, New Orleans, Louisiana 70126. On October 23, 2013, Claimants timely filed the Pre-Remediation Alternative Living Expenses (hereinafter "PRALE") Claim Form for consideration for recovery from the Knauf Settlement Other Loss Fund. *Please see* BrownGreer Doc ID 166680. On March 2, 2015, Claimants received an Other Loss Eligibility Notice for their PRALE Claim amounting to $11,467.77.

*Please see* BrownGreer Doc ID 320876.  On March 31, 2015, Claimants requested a Special

Master Award for their PRALE Claim.  *Please see* BrownGreer Doc ID 324315.  On December

3, 2015, the Special Master awarded Claimants $0.00 for their PRALE Claim.  On December 5,

2015, Claimants requested reconsideration of the Special Master's award of $0.00 for their

PRALE Claim.  *Please see* BrownGreer Doc ID 340608.  On February 18, 2016, the Special

Master issued a Post-Reconsideration Award of $15,877.11 for Claimants' PRALE Claim, with

said Post-Reconsideration Award subject to a pro rata reduction depending on the amount

available for all other Loss Claims.  Please see attached Exhibit "A".

**LAW AND ARGUMENT**

### A.  KNAUF SETTLEMENT

Pursuant to 4.6.8 of the Knauf Settlement,

> …decisions of the Special Master with respect to the Other Loss Fund may be
> appealed by…an affected Class Member within 15 days of service of the Special
> Master's decision by filing an objection with the Court, but only after Settlement
> Class Counsel, the Knauf Defendants, and if applicable, an affected Class
> Member's counsel meet and confer in an attempt to resolve such issue.  Unless
> the Court orders otherwise, appeals will be based on the record and briefing
> before the Special Master without further evidentiary submissions, briefing or
> argument…The Court's decision on any objections will be final, with no further
> appeals permitted.

On February 18, 2016, the Settlement Administrator served the Special Master's decision

regarding Claimant #113734 Claim #12646 on Claimants' counsel via email.  Counsel for

Claimants has complied with the above requirements and therefore, Claimants respectfully

submit this objection in order to protect their appeal rights.  As counsel for Claimants is mindful

of the above paragraph, specifically, the statement that "[u]nless the Court orders otherwise,

appeals will be based on the record and briefing before the Special Master without further

evidentiary submissions, briefing or argument", this objection does not contain any "further

2

evidentiary submissions, briefing or argument" and does not contained any detailed discussion regarding Claimants' PRALE Claim.   However, Claimants respectfully request that this Honorable Court order that this matter be set for briefing, oral argument and/or an evidentiary hearing to determine the quantum of an appropriate award to Claimants for their PRALE Claim from the Knauf Other Loss Fund.

### B.  FEDERAL RULE OF CIVIL PROCEDURE 53

Pursuant to Fed. R. Civ. P. 53 (f) (1),

> In acting on a master's order, report, or recommendations, the court must give the parties notice and an opportunity to be heard; may receive evidence; and may adopt or affirm, modify, wholly or partly reject or reverse, or resubmit to the master with instructions.

Pursuant to Fed. R. Civ. P. 53 (f) (3),

> The court must decide de novo all objections to findings of fact made or recommended by a master…

Pursuant to Fed. R. Civ. P. 53 (f) (4),

> The court must decide de novo all objections to conclusions of law made or recommended by a master.

### C.  THE SPECIAL MASTER ERRED IN ONLY AWARDING CLAIMANTS A POST-RECONSIDERATION AWARD IN THE AMOUNT OF $15,877.11 WITH SAID AWARD SUBJECT TO A PRO RATA REDUCTION

On March 2, 2015, Claimants received an Other Loss Eligibility Notice for their PRALE Claim amounting to $11,467.77.   On March 31, 2015, Claimants requested a Special Master Award for their PRALE Claim.   On December 3, 2015, the Special Master awarded Claimants $0.00 for their PRALE Claim.   On December 5, 2015, Claimants requested reconsideration of the Special Master's award of $0.00 for their PRALE Claim.   On February 18, 2016, the Special Master issued a Post-Reconsideration Award of $15,877.11 for Claimants' PRALE Claim, but this Post-Reconsideration Award was subject to a pro rata reduction depending on the amount

available for all other Loss Claims.  The example given in the notice for the pro rata reduction was 50%.  Claimants have complied with all requirements for a PRALE Claim under the Knauf Settlement.  The Special Master has erred in only awarding Claimants a Post-Reconsideration Award in the amount of $15,877.11, which is subject to a pro rata reduction, because claimants provided a multitude of documents to support their PRALE claim which far exceed any amounts offered/awarded to Claimants by the Special Master and the circumstances/facts of this matter justify a greater award.  *Please see e.g.,* BrownGreer Doc IDs 166665, 262457, 262459, 262461, 262462, 262463, 262465, 265906, 266422, 266423, 320277, 324315.

## CONCLUSION

For the reasons stated above, Claimants respectfully object to the Special Master's decision regarding their PRALE Claim and request that this Honorable Court set aside the Special Master's award and award Claimants a greater recovery consistent with the Knauf Settlement.  Claimants also respectfully request that this Honorable Court allow briefing, argument, and/or an evidentiary hearing to determine the quantum of an appropriate award to Claimants for their PRALE Claim from the Knauf Other Loss Fund.

Respectfully submitted:

/s/ Joseph M. Bruno
Joseph M. Bruno, (LA Bar No. 3604)
Bruno & Bruno, LLP
855 Baronne Street
New Orleans, Louisiana  70113
Telephone:  (504) 525-1335
Facsimile:  (504) 561-6775

## CERTIFICATE OF SERVICE

I hereby certify that the above and foregoing Objection has been served on Plaintiffs' Liaison Counsel, Russ Herman, and Defendants' Liaison Counsel, Kerry Miller, by U.S. Mail and email and upon all parties by electronically uploading the same to File & ServeXpress in

accordance with Pretrial Order No. 6, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF system, which will send a notice of electronic filing in accordance with the procedures established in MDL 2047, on this 4th day of March, 2016.

/s/ Joseph M. Bruno