# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: CHINESE-MANUFACTURED DRYWALL PRODUCTS LIABILITY LITIGATION | MDL NO. 2047<br>SECTION: L<br>JUDGE FALLON<br>MAG. JUDGE WILKINSON |
| THIS DOCUMENT RELATES TO:<br>*Gardner v. Knauf Gips KG, et al.*, case no. 15-2529 | |

## CONSENT MOTION TO EXTEND TIME FOR SERVICE OF PROCESS

Plaintiffs, Richard and Donna Gardner, appearing herein through undersigned counsel, hereby move pursuant to Fed. R. Civ. P. 4(m) and 6(b)(1), for an additional 120-day extension of time to serve process on Defendant, Knauf Tianjin, up to and including July 7, 2016. In support of this Motion, Plaintiffs state as follows:

1. Rule 4(m) of the Federal Rules of Civil Procedure provides that the summons and complaint shall be served on a defendant within 120 days after the filing of the complaint. If the deadline is not met, Rule 6(b)(1)(A) allows the Court to extend the time if a request is made. The Complaint in this action was filed on July 10, 2015. Under Rule 4(m), the deadline to serve Defendants was November 9, 2015.[1]

2. On October 19, 2015, Plaintiffs filed their initial Consent Motion to Extend Time for Service of Process (Rec. Doc. 19620), which Motion was granted by the Court, and the time for service upon Defendants was extended until March 8, 2016 (Rec. Doc. 19634).

---

[1] 120 calendar days after July 10, 2015 is November 07, 2015. However, since November 7, 2015 is a Saturday, the deadline is the next business day, November 9, 2015.

1

3. During this initial extended service period, Defendant, Knauf Gips KG was served under the Hague Convention and filed its answer to Plaintiffs' Complaint on December 23, 2015 (Rec. Doc. 19935). However, as of the date of the filing of this Motion, despite diligent effort, Defendant, Knauf Tianjin, has not yet been served under the Hague Convention.

4. Plaintiffs respectfully request an extension of time within which to serve Defendant, Knauf Tianjin. Plaintiffs make this request in good faith and have good cause for the relief they seek.

> [W]hen a district court entertains a motion to extend time for service, it must first determine whether good cause exists. If good cause is present, the district court *must* extend time for service. If good cause does not exist, the court *may*, in its discretion, decide whether to dismiss the case without prejudice or extend time for service.

*Gartin v. Par Pharm. Companies, Inc.*, 289 F. App'x 688, 692 (5th Cir. 2008) (quoting *Thompson v. Brown*, 91 F.3d 20, 21 (5th Cir.1996)).

5. No party will be harmed or prejudiced if the Court grants the relief requested herein and the undersigned certifies that counsel for Defendants, Kerry Miller, has been consulted and has advised that Defendants do not object to the granting of this Motion.

Wherefore, Plaintiffs pray that after due consideration the Court grant this Motion and enter an Order granting an additional 120-day extension of time to serve process on Defendant, Knauf Tianjin, up to and including July 7, 2016.

Respectfully submitted,

Dated: March 7, 2016         By: /s/ Bruce S. Kingsdorf
                             Bruce S. Kingsdorf, Esq. (#7403)
                             Zachary L. Wool (#32778)
                             BARRIOS KINGSDORF & CASTEIX, LLP
                             701 Poydras Street, Suite 3650
                             New Orleans, LA 70139
                             Phone: (504) 524-3300
                             Fax: (504) 524-3313
                             bkingsdorf@bkc-law.com
                             zwool@bkc-law.com

                             Michael J. Ryan
                             KRUPNICK CAMPBELL MALONE BUSER
                             SLAMA HANCOCK LIBERMAN
                             12 S.E. Seventh Street, Suite 801
                             Fort Lauderdale, FL 33301
                             Phone: (954) 763-8181
                             Fax: (954) 763-8292
                             mryan@krupnicklaw.com

## CERTIFICATE OF SERVICE

I hereby certify that the above and foregoing pleading has been served on Plaintiffs' Liaison Counsel, Russ Herman, and Defendants' Liaison Counsel, Kerry Miller, by e-mail and upon all parties by electronically uploading the same to Lexis Nexis File & Serve in accordance with Pretrial Order No. 6, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2047, on this 7th day of March, 2016.

/s/ Bruce S. Kingsdorf