UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In re:  CHINESE-MANUFACTURED | * | MDL 2047 |
| DRYWALL PRODUCTS | * | |
| LIABILITY LITIGATION | * | SECTION L |
| | * | |
| | * | JUDGE FALLON |
| This document relates to: All Cases | * | |
| | * | MAGISTRATE JUDGE WILKINSON |
| | * | |

* * * * * * * * * * * * * * * * * * * * * * * *

**MEMORANDUM IN SUPPORT OF THE *EX PARTE* MOTION FOR STAY OF ALL ACTIVITIES RELATED TO THE REMEDIATION CLAIMS OF 6025 CANAL BLVD., LLC, AND JODY FERCHAUD PENDING THE COURT'S DECISION ON THE KNAUF DEFENDANTS' MOTION TO EXTINGUISH  (REC. DOC. 20145)**

The Knauf Defendants[1] file this *Ex Parte* Motion for Stay of All Activities Related to the Remediation Claim of 6025 Canal Blvd., LLC, and Jody Ferchaud Pending the Court's Decision on the Knauf Defendants' Motion to Extinguish (Rec. Doc. 20145). The Knauf Defendants have sought equitable relief from the Court regarding the inability to complete the remediation of the property owned by 6025 Canal Blvd., LLC, and Jody Ferchaud (collectively "Ferchaud"). Until the Court has had the opportunity to review and rule on the Motion to Extinguish, all activities and communications between Ferchaud and the Knauf Defendants, Lead Contractor, Special Master, and Ombudsman should be stayed.

I.  BACKGROUND

Although not a member of an omnibus complaint, Ferchaud filed claims with the Settlement Administrator[2] prior to the October 25, 2013 deadline in the Chinese drywall MDL.

---

[1] The Knauf Defendants include Knauf Plasterboard (Tianjin) Co., Ltd., Knauf Plasterboard (Wuhu) Co., Ltd., Guangdong Knauf New Building Material Products Co., Ltd., Knauf Gips KG, Gebr. Knauf Verwaltungsgesellschaft KG, Knauf International GmbH, Knauf Insulation GmbH, Knauf UK GmbH, Knauf AMF GmbH & Co. KG, Knauf do Brasil Ltda., and PT Knauf Gypsum Indonesia.

[2] Unless otherwise noted, all capitalized terms herein carry the same definitions as those provided in the Third Amended Settlement Agreement Regarding Claims Against the Knauf Defendants in MDL No. 2047,  Rec. Doc. 16407-3.

The Knauf Defendants agreed to settle these claims pursuant to the *Settlement Agreement Regarding Post-December 9, 2011 Claims Against the Knauf Defendants in MDL No. 2047* ("New Claims Settlement Agreement"),[3] and on July 28, 2014, Ferchaud executed a Work Authorization ("WA") Agreement for each of her two attached Affected Properties.[4]

Remediation commenced on the Ferchaud Properties on or about November 13, 2014, and the Properties were issued environmental certificates by GFA International on or about December 2, 2014, certifying that the Properties were free of Chinese drywall, drywall dust, residue, etc. GFA International documented the gutted Properties, free of Chinese drywall, drywall dust, and residue with photographs. The remediation duration estimate for the Properties was only three months.

Throughout the next year, as the Court is aware, Ferchaud caused numerous delays, sought additional relief not granted by the relevant settlement agreements or WA Agreements, and sought to shift the burden of resolving pre-existing code violations in the Properties to the Lead Contractor, among other obstacles that were created by Ferchaud. Pursuant to the dispute resolution mechanism created by the *Third Amended Settlement Agreement Regarding Claims Against the Knauf Defendants in MDL No. 2047*, as amended by the Fourth amended agreement (collectively "Knauf Class Settlement Agreement"), to which Ferchaud is bound, the Special Master ruled in favor of the Lead Contractor and Knauf Defendants. Ferchaud appealed the Special Master's Opinion and Decree, and the Court, after allowing briefs to be filed by Ferchaud and the Lead Contractor, affirmed the Special Master's Opinion and Decree on February 1, 2016.[5]

---

[3] Rec. Doc. 16978-1.
[4] See Exhibit A, Work Authorization Agreements.
[5] Rec. Doc. 20025.

Since the Court issued its February 1 Order, the obstruction and delays by Ferchaud have only intensified. Ferchaud is now attempting to make additional non-protocol claims against the Lead Contractor and to re-litigate issues already covered by the February 1 Order. Ferchaud has sent to the Lead Contractor, through its counsel, approximately fifty emails since February 1. The Knauf Defendants now seek a stay of all activities and communications between Ferchaud and the Knauf Defendants, Lead Contractor, Special Master, and Ombudsman until the Court has had the opportunity to review and rule on the Motion to Extinguish.

## II.  LAW & ARGUMENT

Ferchaud's remediation claims are settled pursuant to the WA Agreements and the New Claims Settlement Agreement. The WA Agreements signed by Ferchaud explicitly state in bold lettering at the very top that the terms of the WA Agreements are subject to the New Claims Settlement Agreement. Section VII(B) of the New Claims Settlement Agreement grants this Court the exclusive jurisdiction to administer, supervise, construe and enforce the Agreement. Section VIII(H) of the Agreement grants the Court the authority to resolve disputes:

> Any disputes under this Agreement shall be presented for resolution to the MDL Court. The MDL Court's determination shall be final with no appeal.[6]

The Knauf Defendants, therefore, request that the Court stay all activities and communications between Ferchaud and the Knauf Defendants, Lead Contractor, Special Master, and Ombudsman until this Court has had the opportunity to review and rule on the Motion to Extinguish.

---

[6] Section VIII (H), New Claims Settlement Agreement.

### III. CONCLUSION

Considering the above and foregoing and the exclusive jurisdiction of this Court to resolve disputes and administer, supervise, construe and enforce the agreement between Ferchaud, the Lead Contractor and the Knauf Defendants, the Knauf Defendants respectfully request that the Court stay all activities and communications between Ferchaud and the Knauf Defendants, Lead Contractor, Special Master, and Ombudsman until the Court has had the opportunity to review and rule on the Motion to Extinguish.

Respectfully submitted,

**BAKER, DONELSON, BEARMAN,
CALDWELL & BERKOWITZ, PC**

/s/ *Kerry J. Miller*
**KERRY J. MILLER (#24562), T.A.
DANIEL J. DYSART (#33812)
RENÉ A. MERINO (#34408)**
201 St. Charles Avenue, Suite 3600
New Orleans, LA 70170
Ph:   (504) 566-8646
Fax:  (504) 585-6946
Email: kjmiller@bakerdonelson.com

*Counsel for the Knauf Defendants*

## **CERTIFICATE OF SERVICE**

I hereby certify that the above and foregoing *Ex Parte* Motion for Stay of All Activities Related to the Remediation Claim of 6025 Canal Blvd., LLC, and Jody Ferchaud Pending the Court's Decision on the Knauf Defendants' Motion to Extinguish (Rec. Doc. 20145). has been served to all parties by electronically uploading the same to LexisNexis File & Serve in accordance with Pre-Trial Order No. 6, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF system which will send a Notice of Electronic Filing in accord with the procedures established in MDL 2047, on this 10th day of March, 2016.

I further certify that this document is being served this day on Ferchaud via email.

*/s/ Kerry J. Miller*