UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

In re:  CHINESE-MANUFACTURED        *        MDL Docket No. 2047
       DRYWALL PRODUCTS                 *
       LIABILITY LITIGATION             *        SECTION L
                                        *
                                        *        JUDGE FALLON
This document relates to All Cases    *
                                        *        MAGISTRATE JUDGE WILKINSON
                                        *
* * * * * * * * * * * * * * * * * *

**JOINT REPORT NO.  77 OF**
**PLAINTIFFS' AND DEFENDANTS' LIAISON COUNSEL**

Plaintiffs' Liaison Counsel ("PLC"), Defendants' Liaison Counsel ("DLC") and

Defendants' Liaison Counsel for Taishan, CNBM and BNBM entities (appointed provided it has

no effect on any of these Defendants' jurisdictional and alter ego arguments) [Rec. Doc. 19234],

submit this Joint Report No. 77.

I.      PRE-TRIAL ORDERS

All Pre-Trial Orders are posted on the court's website located at

www.laed.uscourts.gov, which has a tab that links directly to "Drywall MDL."  The Court's

website also includes other postings relevant to the litigation.

II.      STATE COURT TRIAL SETTINGS

(1) None.

III.      STATE/FEDERAL COORDINATION

On March 18, 2010, the Court entered Pre-Trial Order No. 19 appointing State

and Federal Coordination Committees.  The parties will be prepared to discuss State/Federal

coordination at the monthly status conference on January 14, 2016.

IV.    OMNIBUS ("OMNI") CLASS ACTION COMPLAINTS

The following is a list of filed Omni Complaints and Complaints in intervention:

Omni I:        *Sean and Beth Payton, et al v. Knauf Gips KG, et al,* Case No. 2:09-cv-07628 (E.D.La.).   Omni IA, IB and IC have been filed. Numerous Motions to Dismiss have been filed.

Omni II:       *Kenneth and Barbara Wiltz, et al. v. Beijing New Building Materials Public Limited Co., et al.,* Civil Action No.10-361(E.D.La.).  Omni IIA, IIB and IIC have been filed.  Numerous Motions to Dismiss have been filed.;

Omni III:      *Gross, et al. v. Knauf Gips, K.G., et al.,* Case No. 09-6690 (E.D.La.), the PSC filed a Motion in Intervention (attaching a proposed Complaint in Intervention, *Mary Anne Benes, et al. v. Knauf Gips, K.G., et al.,* (E.D.La.) (Omni III).   Omni IIIA has been filed. Numerous Motions to Dismiss have been filed.

Omni IV:       *Joyce W. Rogers, et al. v. Knauf Gips, K.G., et al.,* Case No. 10-362 (E.D.La.) (Omni IV).  Omni IVA, IVB and IVC have been filed. Numerous Motions to Dismiss have been filed.

Omni V:        *Amato v. Liberty Mutual Ins. Co., et al.,* Case No. 10-932. Numerous Motions to Dismiss have been filed. On January 14, 2015, Plaintiffs filed a Motion to Amend Complaint by Interlineation [Rec. Doc. 18263]  On March 26 2015, the Court granted the Motion to Amend Complaint by Interlineation [Rec. Docs. 18551 & 18590].

Omni VI:       *Charlene and Tatum Hernandez v. AAA Insurance,* Case No. 10-3070. This Omni VI Complaint has been dismissed;

Omni VII:      *Kenneth Abel v. Taishan Gypsum Co., Ltd., et al,* No. 11-080. Numerous Motions to Dismiss have been filed.

Omni VIII:     *Daniel Abreu v. Gerbrueder Knauf, et al,* No. 11-252.  Numerous Motions to Dismiss have been filed.

Omni IX:       *Laura Haya, et al, v. Taishan Gypsum Co., Ltd., et al,* No. 11-1077. Numerous Motions to Dismiss have been filed.

Omni X:        *Block v. Gebrueder Knauf Verwaltungsgesellschaft KG, et al,* No. 11-1363.  Numerous Motions to Dismiss have been filed.

Omni XI:       *Benoit, et al v. Lafarge, S.A., et al,* No. 11-1893.  Numerous Motions to Dismiss have been filed.

Omni XII:    *Arndt, et al v. Gebrueder Knauf Verwaltungsgesellschaft, KG, et al,* No. 11-2349.  Numerous Motions to Dismiss have been filed.

Omni XIII:    *Richard and Constance Almeroth, et al, v. Taishan Gypsum Co., Ltd., et al.,* No. 12-0498.  Numerous Motions to Dismiss have been filed.

Omni XIV:    *Jessica Cassidy, et al v. Gebrueder Knauf Verwaltungsgesellschaft, KG, et al,* No. 11-3023.  Numerous Motions to Dismiss have been filed.

Omni XV:    *Eduardo and Carmen Amorin, et al v. Taishan Gypsum Co., Ltd. f/k/a Shandong Taihe Dongxin Co., Ltd., et al,* No. 11-1672.

Omni XVI:    *Eduardo and Carmen Amorin, et al v. Taishan Gypsum Co., Ltd. f/k/a Shandong Taihe Dongxin Co., Ltd., et al,* No. 11-1395.

Omni XVII:    *Eduardo and Carmen Amorin, et al v. Taishan Gypsum Co., Ltd. f/k/a Shandong Taihe Dongxin Co., Ltd., et al,* No. 11-1673.

Omni XVIII: *Paul Beane, et al v. Gebrueder Knauf Verwaltungsgesellschaft, KG, et al,* No. 13-609.

Omni XIX:    *Eduardo and Carmen Amorin, et al v. The State-Owned Assets Supervision and Administration Commission of the State Council, Taishan Gypsum Co., Ltd. f/k/a Shandong Taihe Dongxin Co., Ltd., et al,* No. 14-1727.  On August 11, 2015, the PSC filed a Motion for an Order Directing the Clerk of Court to serve SASAC Through Diplomatic Channels [Rec. Doc. 19376].  On August 19, 2015 the Court issued an Order [Rec. Doc. 19402] granting the motion.  The PSC has complied with the Court's Order and has provided all necessary documentation to the Clerk of Court for service through diplomatic channels pursuant to the Foreign Sovereign Immunities Act.

Omni XX:    *Stephen and Diane Brooke, et al. v. The State-Owned Assets Supervision and Administration Commission of the State Council, Taishan Gypsum Co., Ltd. f/k/a Shandong Taihe Dongxin Co., Ltd., et al.,* No. 15-4127.  Summonses have been issued on Taishan and TTP, through counsel, and on SASAC via the Hague Convention. Service was perfected on Taishan and TTP, and an Affidavit of Service was filed on October 16, 2015 [Rec. Doc. 19610].   On September 18, 2015, the PSC filed a Motion to Approve Alternative Service of Process on BNBM and CNBM Entities [Rec. Doc. 19522]. On September 30, 2015 BNBM filed their opposition to the PSC's motion [Rec. Doc. 19558] and CNBM filed a Notice of Joinder [Rec. Doc. 19559]. On October 6, 2015, the PSC filed a Reply Brief in Support of its Motion [Rec. Doc. 19598] and on

October 9, 2015, BNBM filed a Sur-Reply [Rec. Doc. 19615]. On October 20, 2015, the PSC filed Plaintiffs' Amended Omnibus Class Action Complaint (XX) [Rec. Doc. 16925]. Summonses have been issued on Taishan and TTP, through counsel, and on SASAC via the Hague Convention. On November 9, 2015, the Court granted the motion and issued Order & Reasons [Rec. Doc. 19713].

On March 15, 2016, the PSC filed a series of motions to dismiss Plaintiffs' claims (Rec. Docs. 20153-20162) dismissing hundreds of claims against Taishan, BNBM PLC, BNBM Group, CNBM Group, and CNBM Co. for failure to provide "sufficient indicia of product identification." On March 18, 2016 the Court entered Orders on the motions (Rec. Docs. 20165-20174). Specifically, the following number of plaintiffs were dismissed from the listed Omnibus Complaints:

Omnibus Complaint II – 20 properties;

Omni II (A) – 4 properties

Omni II (B) – 4 properties

Omni II (C) – 5 properties

Omni VII – 17 properties

Omni IX – 34 properties

Omni XIII – 56 properties

Omni XV – 265 properties

Omni XVI – 265 properties

Omni XVII –265 properties

V.     PLAINTIFFS' MOTIONS TO ESTABLISH A PLAINTIFFS' LITIGATION FEE AND EXPENSE FUND

On March 22, 2011, the PSC filed a Motion to Establish a Court Supervised Account for Voluntary Deposit of Funds to Compensate and Reimburse Common Benefit Counsel [Rec. Doc. 8308]. On April 13, 2011, the Court entered an Order directing that any

party may voluntarily deposit seventeen percent (17%) of settlement proceeds for common benefit fees (12%) and costs (5%) into the registry of the Court [Rec. Doc. 8545.]   A number of voluntary deposits have been made to the Clerk of Court pursuant to the motion.

VI.   KNAUF REMEDIATION PROGRAM

The Lead Contractor in the Knauf settlements, Moss & Associates, continues to manage the remediation for program homes and condominium units.  Remediation is complete on 2,171 homes and 629 condominiums, work has begun on 29 homes / 2 condominiums, and 6 more remediations are set to begin soon.  To date, Moss has mailed out 2,848 Work Authorization packets to homeowners in the various states.   Moss has received 2,845 executed Work Authorization packets, and 3 Work Authorization packets are outstanding.   Moss recently completed the Xactimate inspections on 6 homes which should be approved within the next 10 days.  Moss is also scheduled to perform Xactimate inspections for 6 homes within the next 10 days. Homeowners and/or counsel with questions about remediations may call Moss & Associates at 1-954-524-5678.

VII.   INEX, BANNER, KNAUF, L&W and GLOBAL SETTLEMENTS

On February 7, 2013, the Court entered an Order and Judgment:  (1) Certifying the INEX, Banner, Knauf, L&W, and Global Settlement Classes, and (2) Granting Final Approval to the INEX, Banner, Knauf, L&W, and Global Settlements [Rec. Doc. 16570].  On February 19, 2013, the Court issued an Order Correcting Clerical Error [Rec. Doc. 16580] in the February 7, 2013 Order [16570].

On March 13, 2013, the PSC and Settlement Class Counsel filed a Motion for an Order:  (1) Appointing Allocation Committees for the INEX and Global Settlements; and (2) Approving Allocation Plans for the INEX, Banner and Global Settlements [Rec. Doc. 16609]. On March 15, 2013, the Court entered an Order and Judgment:  (1) Appointing Allocation

Committees for the INEX and Global Settlements; and (2) Approving Allocation Plans for the INEX, Banner and Global Settlements [Rec. Doc. 16616].   On April 24, 2013, the Court entered an Order and Judgment (1) Appointing Allocation Committees for the INEX and Global Settlements; and (2) Approving Allocation Plans for the INEX, Banner and Global Settlements [Rec. Doc. 16782].   The registration period for the Knauf, Banner, INEX, Global, and/or L&W Class Settlements expired on October 25, 2013 [Rec. Doc. 17157].

A representative from BrownGreer will be present at the status conference to address settlement claims issues. BrownGreer filed Notices of Approved Claims Administrator Procedures [Rec. Doc. 17090 and 17160]; these procedures are recited in nine Claims Administrator Procedures from September 12, 2013 through September 11, 2014.

On August 12, 2013, a Joint Notice of Filing of Settlement Documents was filed by PLC and KLC [Rec. Doc. 16978] attaching the Settlement Agreement Regarding Post-December 9, 2011 Claims Against the Knauf Defendants in MDL No. 2047, with attached exhibits.

On August 19, 2013, Class Counsel filed a Motion to Establish Various Qualified Settlement Funds (QSFs) and to Appoint Fund Administrator and Depository Bank relating to the Global, Knauf, Banner, InEx and L&W Settlements [Rec. Doc. 17009].   On September 9, 2013, the Court issued various Orders approving the QSF's [Rec. Docs. 17064 thru 17076].   The Whitney National Bank was substituted as Escrow Agent in place of US Bank as the depository bank for the Remediation Fund [Rec. Doc. 17219].

On October 23, 2014, The Fee Committee's Inspection Costs and Hold Back Motion Pursuant to Pre-Trial Order No. 28(E) was filed with the Court [Rec. Doc. 18081] and on December 18, 2014, the Court entered an Order granting the Fee Committee's Inspection Cost and Hold Back Motion [Rec. Doc. 18215].

On January 21, 2016, the Knauf Defendants and the PSC filed a Joint Motion for Court Approval of Calculation and Amount of Attorney's Fees Pursuant to the L&W Settlement Agreement [Rec. Doc. 19993] and on February 25, 2016, the Court issued an Order [Rec. Doc. 20109].

On March 10, 2016, the Knauf Defendants filed a Motion To Extinguish Any Further Settlement Obligations of The Knauf Defendants, Plaintiffs' Steering Committee, Lead Contractor, Settlement Administrator, Special Master, and Ombudsman to Claimants 6025 Canal Blvd, LLC and Jody Ferchaud Upon Cash Payment by Defendant [Rec. Doc. 20145].  On the same day, the Knauf Defendants filed an *Ex Parte* Motion to Stay Pending Motion for Stay of All Activities Related to the Remediation Claim of 6025 Canal Blvd., LLC, and Jody Ferchaud Pending the Court's Decision on the Knauf Defendants' Motion to Extinguish [Rec. Doc. 20146]. On March 10, 2016, the Court granted the stay [Rec. Doc. 20147] and the Motion to Extinguish is set for submission on March 30, 2016.

On March 15, 2016, the PSC filed a Motion for Deposit of Additional Settlement Funds by the Knauf Defendants [Rec. Doc. 20152] and on March 17, 2016 the Court issued an Order [Rec. Doc. 20175].

VIII.   TAISHAN, BNBM AND CNBM DEFENDANTS

The Court has issued Orders establishing three (3) tracks in connection with proceedings involving the Taishan, BNBM and CNBM Defendants [see Rec. Docs. 18757 and 18844].

**1.    The Court's July 17, 2014 Contempt Court Track:**

On June 20, 2014, the Court ordered Taishan Gypsum Co., Ltd. f/k/a Shandong Taihe Dongxin Co., Ltd. to appear in open court on July 17, 2014 to be examined as a judgment debtor [Rec. Doc. 17774].  Taishan failed to appear for the July 17, 2014 Judgment Debtor Examination

and the Court held Taishan in contempt [Rec. Doc. 17869] and Ordered that Taishan pay $15,000.00 in attorney's fees to Plaintiffs' counsel; that Taishan pay $40,000.00 as a penalty for contempt; that Taishan, and any of its affiliates or subsidiaries be enjoined from conducting any business in the United States until or unless it participates in this judicial process, and if Taishan violates the injunction, it must pay a further penalty of 25% of the profits earned by the Company or its affiliate who violate the Order for the year of the violation.

On July 31, 2014, the PSC filed a Motion for Contempt against corporate officers of Taishan Gypsum Co., Ltd. and Tai'an Taishan Plasterboard Co., Ltd., Chairmen Jia Tonchun and Peng Shiliang [Rec. Doc. 17920].   On September 18, 2014, the Court heard the Motion for Contempt and took the matter under advisement.   In addition, on February 10, 2015, the PSC filed a Motion of Plaintiff-Intervenors and the PSC for and Expedited Hearing to Enforce the Court's July 17, 2014 Contempt Order and Injunction  [Rec. Doc. 18302, and supplemented at Rec. Doc. 18404]. On February 10, 2016, Plaintiffs-Intervenors and the PSC filed a Motion for Leave to Substitute Motion to Enforce the Court's July 17, 2014 Contempt Order and Injunction and Accompanying Memorandum of Law in Support Thereof, In Their Entirety, Under Seal [Rec. Doc. 20032].   The CNBM and BNBM entities expect to file a response to the PSC's Motion for Leave.

Taishan entered an appearance with the Court in February 2015 and to satisfy the contempt.  Taishan paid both the sum of $15,000 in attorney's fees to Plaintiffs' counsel and the contempt penalty of $40,000 in March 2015 [Rec. Doc. 18764].  In addition, Taishan voluntarily paid the full amount of the *Germano* judgment and all court costs associated with the *Germano* lawsuits; therefore, on April 20, 2015, the Court issued Order & Reasons (Awarding Disbursement of the Germano Intervenors' Judgment) [Rec. Doc. 18725].   Taishan filed a

motion to formally "lift" the order of contempt by showing compliance and that motion [Rec. Doc. 18449] is still pending.

On March 17, 2015, the Court ordered BNBM, BNBM Group, CNBM, CNBM Group, and Taishan to participate in expedited discovery related to "the relationship between Taishan and BNBM/CNBM, including whether affiliate and/or alter ego status exists" [Rec. Doc. 17869]. The Court at the time was unable to assess whether there is a need to enforce the associated penalty of 25% of profits.

On April 24, 2015, the Court explained to all parties that: "there are two tracks of these proceedings regarding which the Court has ordered the parties to focus discovery: (1) the Court's July 17, 2015 contempt order; and (2) class damages.  For the former, the parties must focus the present discovery on (a) which, if any, entities constitute "affiliates," and (b) whether any such affiliate(s) conducted any business in the United States subsequent to the Court's July 17, 2014 Order through March 2015.

On June 12, 2015, the PSC filed a Motion to Extend Discovery Deadline With Respect to the Contempt Track Discovery [Rec. Doc. 19124].  On June 15, 2015, BNBM filed a Response [Rec. Doc. 19136].  On June 16, 2015, the Court issued an Order [Rec. Doc. 19146] extending the deadline for completion of the contempt track discovery through August 14, 2015.

On July 9, 2015, the CNBM Entities filed a Motion to Clarify the July 17, 2014 Contempt Order or, in the alternative, to Vacate the Order to the Extent it Applies to the CNBM entities [Rec. Doc. 19271 and 19356], which was joined by the BNBM Entities [Rec. Doc. 19294 and 19358].  On July 14, 2015 and July 16, 2015, the Court issued Orders [Rec. Doc. 19300 and 19309, respectively] setting the Motion for hearing following the monthly status conference on August 7, 2015.  The motion was denied on August 17, 2015 (Rec. Doc. 19373), and CNBM and BNBM filed notices of appeal from the Court's denial of the Motion. (Rec. Doc. 19448 and

19534).  The BNBM Entities filed a motion to strike the affidavit of Russ Herman [Rec. Doc. 19354-1], which was granted.  The PSC filed a motion to dismiss the CNBM and BNBM Appeals with the Fifth Circuit Court of Appeals and on November 17, 2015, the Fifth Circuit Court of Appeals granted the Plaintiffs' motion to dismiss the Appeals.

On July 16, 2015, China National Building Material Investment Co. Ltd. ("CNBMI"), BNK International, LLC ("BNK"), and Jeffrey J. Chang ("Chang") (collectively the "Texas Litigants") filed a Joint Request for Direction regarding the July 17, 2014 Contempt Order [Rec. Doc. 19311].  On July 20, 2015, CNBM filed a Response [Rec. Doc. 19318], on July 23, 2015, the PSC filed their Response [Rec. Doc. 19328]; and on July 29, 2015, CNBM filed a Reply [Rec. Doc. 19342].  The Court's Order denying the Motion to Clarify the July 17, 2014 Contempt Order or, in the alternative, to Vacate the Order to the Extent it Applies to the CNBM entities held that the issues of (i) whether CNBMI is an affiliate or subsidiary of Taishan and (ii) whether CNBMI's Texas lawsuit constitutes conducting business in the United States in violation of the contempt order be deferred until the relevant discovery and any necessary evidentiary hearing is completed [Rec. Doc. 19392].

**2.**    **Class Damages Track:**

On July 23, 2014, Omnibus Motion for Class Certification Pursuant to Rules 23(a)(1)-(4) and 23(b)(3) was filed by Plaintiffs [Rec. Doc. 17883] and on September 26, 2014, the Court issued Findings of Fact and Conclusions of Law With Respect to Plaintiffs' Omnibus Motion for Class Certification Pursuant to Rules 23(a)(1)-(4) and 23(b)(3) [Rec. Doc. 18028], which also issued Legal Notice [Rec. Doc. 18028-1]. The PSC advises that notices were sent in accordance with the Court's Order.

On October 29, 2014, Plaintiffs filed a Motion for Assessment of Class Damages Pursuant to Rule 55(b)(2)(B) and Request for Approval of Supplemental Notice [Rec. Doc.

18086].   An Order was issued on October 30, 2014 [Rec. Doc. 18097] setting the matter for hearing, with oral argument, following the December 17, 2014 status conference.   On December 18, 2014, the Court entered an Order granting the "notice" portion of the Motion for Assessment of Class Damages Pursuant to Rule 55(b)(2)(B) [Rec. Doc. 18216] and a separate Order approving the supplemental notice [Rec. Doc. 18217].   On March 2, 2015, Plaintiffs filed Proposed Findings of Fact and Conclusions of Law [Rec. Doc. 18405] with respect to the Motion for Assessment of Class Damages.   On April 13, 2015, the PSC filed a Revised Trial Plan for the Assessment of Class Damages [Rec. Doc. 18673].   On April 15, 2015, the PSC filed a Memorandum Regarding Effects of Default and Issue Preclusion in April 28, 2015 Class-Wide Damages Trial (REDACTED)[Rec. Doc. 18694].   On April 24, 2015, the PSC filed a Second Revised Trial Plan for the Assessment of Class Damages [Rec. Doc. 18753].   Further, on May 8, 2015, Taishan moved to decertify the class [Rec. Doc. 18879] and the BNBM and CNBM entities have joined in Taishan's motion [Rec. Docs. 18883 and 18885, respectively]. (*See* May 28, 2015 Minute Entry [Rec. Doc. 19035] and Transcript.)   An evidentiary hearing, with oral argument, occurred on June 9, 2015.   On September 8, 2015 the PSC notified the Court that its proposed class of claimants for remediation decreased again from 3,852 claimants to potentially fewer than 1,800 as a result of the Plaintiffs' voluntary dismissals.   In response, Taishan submitted a supplemental class damages opposition to address the Plaintiffs' class damages revisions.   Rec. Doc. 19490.   Taishan also filed a motion to set a briefing schedule on class decertification.   Rec. Doc. 19546.   BNBM joined in Taishan's motion for a briefing schedule. On October 5, 2015, the PSC filed its Opposition [Rec. Doc. 19572].   The Court has not yet established that briefing schedule.

Following the evidentiary hearing on June 23, Taishan filed Proposed Findings of Fact and Conclusions of Law [Rec. Doc. 19194], BNBM filed Proposed Findings of Fact and

Conclusions of Law [Rec. Doc. 19198], and the PSC filed a Proposed Findings of Fact and Conclusions of Law Related to the June 9, 2015 Remediation Damages Trial [Rec. Doc. 19197].

On June 23, 2015, Taishan also filed a Motion to Exclude Plaintiffs' Class Spreadsheet [Rec. Doc. 19191], and BNBM filed a Notice of Joinder [Rec. Doc. 19193].  On July 6, 2015, the Plaintiffs filed their Opposition [Rec. Doc. 19254].   On July 8, 2015, Taishan filed a Reply Memorandum [Rec. Doc. 19279], and BNBM filed a Notice of Joinder [Rec. Doc. 19266] and on July 13, 2015, the Plaintiffs filed a Sur-Reply [Rec. Doc. 19302].  On July 16, 2015, Taishan filed a Notice Regarding Taishan's Motion to Exclude Plaintiffs' Class Spreadsheet [Rec. Doc. 19310] and on July 17, 2015, Plaintiffs' filed a Response [Rec. Doc. 19317].   On August 3, 2015, the Court entered Order & Reasons [Rec. Doc. 19355] denying the motion.  Subject to the aforementioned September 8, 2015 correspondence from the PSC and the related requests by Taishan and BNBM to submit briefing regarding the damages sought by Plaintiffs and subject to the above-described motion by Taishan (joined by BNBM) to set a briefing schedule on the class decertification, the motion on the class assessment of damages is ready for consideration by the Court, and the parties will be prepared to discuss this further at the January 14, 2016 status conference.

On November 6, 2015, the PSC filed a Motion for Expedited Hearing on Setting Phased Individual Damage Trials Against Taishan [Rec. Doc. 19705].  On November 10, 2015, Taishan filed its preliminary response/opposition to the PSC's Motion for Expedited Hearing [Rec. Doc. 19712].  On November 12, 2015, the PSC filed a Motion for Leave to File PSC reply and proposal for scheduling individual damages mini trials [Rec. Doc. 19721].  On November 16, 2015, BNBM filed its response to the PSC's motion for Individual Damage Trials [Rec. Doc. 19738].

3.    **Jurisdiction Track**:

On April 1, 2015, CNBM and CNBM Group filed a Motion for Order Preserving Defenses [Rec. Doc. 18581].  On April 2, 2015, the Court granted the motion [Rec. Doc. 18583].

On April 29, 2015, BNBM PLC filed a Motion to Dismiss the Complaints Pursuant to Rules 12(B)(2) and 12(B)(5) [Rec. Doc. 18841], a Motion to Dismiss for Lack of Personal Jurisdiction [Rec. Doc. 18849], and a Motion to Vacate Entries of Preliminary Default [Rec. Doc. 18851].   On June 12, 2015, the Court issued Order & Reasons [Rec. Doc. 19127] denying the motions as premature.

On June 16, 2015, China New Building Materials Group, China New Building Materials Co., CNBMIT Co., CNBMIT Co., Ltd., CNBM USA Corp., and United Suntech Craft, Inc. filed a Motion to Dismiss the Complaints Pursuant to Rules 12(b)(1), 12(b)(2), 12(b)(4) and 12(b)(5) [Rec. Doc. 19179].  On July 9, 2015, CNBM Group requested the Court schedule for hearing on September 16, 2015 its pending motion to dismiss based upon sovereign immunity [Rec. Doc. 19267]. Additional letter briefs were submitted by the parties and on July 22, 2015, the Court issued an Order [Rec. Doc. 19323] setting CNBM's Motion to Dismiss the Complaints Pursuant to Rules 12(b)(1), 12(b)(2), 12(b)(4) and 12(b)(5) [Rec. Doc. 19179] to be heard on the date of the December 2015 status conference and issued another Order rescheduling CNBM's Amended Motion to Dismiss.  [Rec. Doc. 19549].

CNBM Group filed a revised motion to dismiss based upon the Foreign Sovereign Immunities Act (FSIA) ("FSIA Motion").  [Rec. Doc. 19403.]  On September 25, 2015, CNBM Group filed a Motion for Reconsideration of Court's Minute Order [Rec. Doc. 19526] Resetting Briefing Schedule on Motion to Dismiss [Rec. Doc. 19542]. On October 14, 2015, the Court issued Order & Reasons vacating a portion of the September 17, 2015 Minute Entry [Rec. Doc. 19612]. On November 2, 2015, the State of Louisiana filed its response to the FSIA Motion

[Rec. Doc. 19667], on October 29, 2015, the PSC filed its response UNDER SEAL [Rec. Doc. 19689], on November 24, 2015, CNBM Group filed a reply brief [Rec. Doc. 19798], on November 30, 2015, the PSC filed a Supplemental Response under seal [Rec. Doc. 19681], on December 3, 2015, CNBM Group filed a Motion for Leave to File Supplemental Reply [Rec. Doc. 19870], on December 22, 2015, the PSC filed a Motion for Leave to File Second Supplemental Response [Rec. Doc. 19934], on December 23, 2015, CNBM Group filed a Response to the Motion for Leave to File Second Supplemental Response [Rec. Doc. 19936], and on December 28, 2015, the PSC filed a Motion for Leave to File a Reply to the Response filed by CNBM Group [Rec. Doc. 19937].   On January 8, 2016, the PSC filed a Second Supplemental Response UNDER SEAL [Rec. Doc. 19980] and on January 12, 2016, CNBM Group filed their Second Supplemental Reply [Rec. Doc. 19962], pursuant to the Court's order permitting same [Rec. Doc. 19953].   On November 25, 2015, the PSC filed a motion to strike CNBM's declarations [Rec. Doc. 19800] and on December 1, 2015, CNBM filed a response to this motion [Rec. Doc. 19834].  The matter was heard on December 8, 2015.

On October 22, 2015, Beijing New Building Materials Public Limited Company filed a Motion to Dismiss the Complaints Pursuant to Rules 12(b)(2) and 12(b)(5) [Rec. Doc. 19646], and on October 26, 2015, Beijing New Building Material (Group) Co., Ltd. filed a Motion to Dismiss the Complaints Pursuant to Rules 12(b)(2) and 12(b)(5) [Rec. Doc. 19664].   On December 18, 2015, the Court issued a Second Amended Order [Rec. Doc. 19920] setting CNBM's and BNBM's Motions to Dismiss on Personal Jurisdiction and Failure to Serve for February 18, 2016 at 9:00 o'clock a.m., with oral argument, and establishing briefing deadlines. On January 22, 2015, the PSC and the Attorney General filed separate opposition memoranda to BNBM and CNBM's motions to dismiss [Rec. Docs. 19995, 20000 and 20001].   On February 12, 2016, BNBM and CNBM filed reply memoranda in support of their pending motions to

dismiss. Rec. Docs. 20038, 20040, 20041, 20042, 20043, 20073, 20079, and 20082. The various motions to dismiss were heard on February 18, 2016 and taken under advisement. On March 9, 2016, the Court granted the Motion to Dismiss by CNBM Group under the FSIA and issued Order & Reasons supporting its Judgment [Rec. Doc. 20150]. On January 22, 2016, the PSC filed a motion to strike and/or limit the declarations of BNBM's expert witnesses, Bruce Deal and Jeff Gordon [Rec. Docs. 19996 and 20037] and the State of Louisiana filed a Notice of Joinder [Rec. Doc. 20024]; BNBM filed its response to this motion on February 12, 2016 [Rec. Doc. 20035], as well as a Sur-Reply [Rec. Doc. 20095]. On February 15, 2016, the PSC filed a motion for leave to file a reply memorandum in support of the PSC's motion to strike and/or limit the declarations of Gordon and Deal. Rec. Doc. 20046 and 20091. On February 16, 2016, BNBM filed a Motion for Leave to File Sur-Reply in Opposition [Rec. Doc. 20056]. On February 15, 2016, the PSC filed a motion to strike the February 11, 2016 declaration of Donald Clarke [Rec. Doc. 20045 and 20089]. On February 17, 2016, the PSC filed a Motion for Leave to File Reply in Support of its motion to strike the Donald Clarke declaration [Rec. Doc. 20063 and 20094], which motion was granted [Rec. Doc. 20066 and 20093]. The PSC filed a motion for alternative service of process on the BNBM and CNBM entities. [Rec. Doc. 19522]. On September 30, 2015 BNBM filed their opposition to the PSC's motion. [Rec. Doc. 19558]. CNBM joined in opposing the PSC's motion seeking alternative service. [Rec. Doc. 19559]. On October 9, 2015, the PSC filed a reply memorandum, Rec. Doc. 19598, and on October 16, 2015 BNBM filed a sur-reply, Rec. Doc. 19615. BNBM has requested oral argument regarding Plaintiffs' motion for alternative service. [Rec. Doc. 19594]. On November 9, 2015, the Court granted the motion and issued Order & Reasons [Rec. Doc. 19713]. In accordance with the Court's Order, the PSC claims that service has been perfected on various CNBM and BNBM entities in regards to various different complaints, and Affidavits of Service have been filed.

On November 30, 2015, the PSC filed a motion under seal to compel a second wave of corporate 30(b)(6) depositions of various CNBM, BNBM, and Taishan entities [Rec. Doc. 19815]. On December 17, 2015, the PSC filed an Unopposed Motion to Withdraw Motion to Compel [Rec. Doc. 19913].

In connection with the three (3) tracks, the PSC has undertaken discovery of the Taishan Defendants, as well as third-parties.  The following depositions have been taken:

1. 04/17/2015 Steve Kim (Sunpin Solar Development);
2. 04/16/2015 Rosemary Daszkiewicz (Plum Creek Timber);
3. 04/22/2015 Donald H. Sebastian, Ph.D. (New Jersey Institute of Technology);
4. 04/24/2015 Fred Paulsen (CTIEC-TECO American Technology, Inc.);
5. 05/13/2015 Samuel I. Hull (Hull Forest Products, Inc.);
6. 05/18/2015 Steven Zika (Hampton Companies);
7. 05/19/2015 George Inglis, P.E.;
8. 05/20/2015 Jeffrey J. Chang;
9. 05/21/2015 M. Laurentius Marais;
10. 05/22/2015 David Pogorilich;
11. 05/26/2015 Jacob S. Woody (BrownGreer);
12. 06/02/2015 Gang Che (Taishan Gypsum Co., Ltd. & Tai'an Taishan Plasterboard Co., Ltd. ("TTP"));
13. 06/03/2015 Gang Che (Taishan Gypsum Co., Ltd. & TTP);
14. 06/04/2015 Gang Che (Taishan Gypsum Co., Ltd. & TTP);
15. 06/05/2015 Zhangli Chang (CNBM);
16. 06/06/2015 Zhangli Chang (CNBM);
17. 06/07/2015 Zhangli Chang (CNBM);
18. 06/16/2015 Guoping Zhou (CNBM Group);
19. 06/17/2015 Guoping Zhou (CNBM Group);
20. 06/18/2015 Guoping Zhou (CNBM Group);
21. 07/08/2015 Yu Chen (BNBM);
22. 07/09/2015 Yu Chen (BNBM);
23. 07/10/2015 Yu Chen (BNBM);
24. 07/11/2015 Yu Chen (BNBM);
25. 07/15/2015 Yanming Zhao (BNBM Group);
26. 07/16/2015 Yanming Zhao (BNBM Group);
27. 07/17/2015 Yanming Zhao (BNBM Group);
28. 07/27/2015 Triorient Trading, Inc.;
29. 08/04/2015 Great Western Building Materials;
30. 08/04-05/2015 Cao Jianglin (BNBM, BNBM Group, CNBM & CNBM Group);
31. 08/19/2015 PABCO (Emil Kopilovich);
32. 08/25-27/2015 Wang Bing (BNBM, CNBM & Taishan Gypsum);
33. 09/04/2015 Stephan Company;
34. 09/14-15/2015 Song Zhiping (CNBM, CNBM Group & BNBM Group);

35. 09/16/2015 Peng Shou (CNBM Co., Ltd.);
36. 09/17-18/2015 Jia Tongchun;
37. 10/27/2015 United Suntech;
38. 10/28/2015 CNBM Forest Products (Canada), Ltd.;
39. 11/03/2015 CNBM (USA) Corp.; and
40. 11/04/2015 CNBM Trading;
41. 11/12-13/2015 PENG Wenlong;
42. 11/13/2015 Morgan Stanley;
43. 11/17-18/2015 Jushi USA Fiberglass Co., Ltd.;
44. 12/07/2015 JinYu Hu (BNBM & CNBM);
45. 12/17/15 Bruce Deal;
46. 01/15/16 Jeffrey Gordon; and
47. 02/03/16  Curtis Milhaupt.

The following depositions may be taken or have been noticed:

1.  TBD China Jushi Co., Ltd.;
2.  TBD Jushi Group Co., Ltd.;
3.  TBD JP Morgan Chase & Co.;
4.  TBD Baoan International Investment Co., Ltd.;
5.  TBD Cui Xingtai (BNBM/CNBM deposition notice cancelled on Oct. 13, 2015); and
6.  TBD Chungang Dong.

A telephone status conference took place on September 17, 2015, and the Court issued a Minute Entry [Rec. Doc. 19526] setting an evidentiary hearing on spoliation, contempt, adverse inferences and possible penalties, if necessary, on November 10, 2015 at 9:00 a.m.   On October 21, 2015, the Court issued an Order and Plan for November 10, 2015 Evidentiary Hearing [Rec Doc. 19630], on October 29, 2015, issued an Amended Order and Plan [Rec. Doc. 19657] and on November 3, 2015 issued a Second Amended Order and Plan [Rec. Doc. 19681].   The Evidentiary Hearing took place on November 17, 2015 and on December 15, 2015, the Court heard closing arguments from both sides regarding the November 17, 2015 hearing. On January 8, 2016, the Court entered Findings of Fact and Conclusions of Law [Rec. Doc. 19559].

IX.    VENTURE SUPPLY & PORTER BLAINE DEFENDANTS

On July 9, 2013, the Court entered an Order (1) Certifying Each of Four Chinese Drywall Class Settlements (Nationwide Insureds Settlement Agreement, Porter-Blaine/Venture

Supply Settlement Agreement, Tobin Trading and Installers Settlement Agreement, and Builders Mutual Insureds Settlement Agreement) Relating to Virginia and Certain Other Remaining Claims; (2) Granting Final Approval to the Four Chinese Drywall Class Settlements; and (3) Approving an Allocation Plan for the Four Class Settlements [Rec. Doc. 16934].  On July 12, 2013, Class Counsel filed a Motion to Approve Funding, Administration and Special Master Services [Rec. Doc. 16939] and the Court entered an Order granting the motion on July 19, 2013 [Rec. Doc. 16956].

On November 20, 2014 the Court entered and Order approving the Proposed Real Property Allocation and directing distribution of funds accordingly [Rec. Doc. 18145].  In accordance with the Court's Order, the Garretson Resolution Group (the Claims Administrator for the Four Virginia-based Settlements) has issued all Real Property Payments.

On December 6, 2013, Class Counsel for the Virginia-based settlements filed a Motion for an Order (1) Approving the Other Loss Claim Form and (2) Setting a Deadline of March 17, 2014 for Filing Other Loss Claims in Each of the Four Virginia-Based Chinese Drywall Class Settlements [Rec. Doc. 17308].  On December 9, 2013, the Court issued an Order (1) Approving the Other Loss Claim Form and (2) Setting a Deadline of March 17, 2014 for Filing Other Loss Claims in Each of the Four Virginia-Based Chinese Drywall Class Settlements [Rec. Doc. 17319].  Processing of all Other Loss claims is now complete.  On October 23, 2015, the Court issued and entered an Order directing distribution of Other Loss payments in accordance with the Settlement Administrator's proposed allocation [Rec. Doc. 19639].  In accordance with the Court's Order, the Garretson Resolution Group (the Settlement Administrator for the Four Virginia-based Settlements) has issued all Other Loss payments.

On January 6, 2016, Class Counsel filed a Motion for Distribution of Settlement Funds [Rec. Doc. 19951] and on January 20, 2016 the Court issued an Order [Rec. Doc. 19990].

## X.  PLAINTIFF AND DEFENDANT PROFILE FORMS

On November 3, 2011, the Court entered Pre-Trial Order No. 25 [Rec. Doc. 11151] setting a deadline of November 15, 2011 for the completion and submission of profile forms.

The BNBM and CNBM entities have submitted Profile Forms subject to their pending motions.

## XI.  FREQUENTLY ASKED QUESTIONS

The "MDL FAQs" may be found at www.laed.uscourts.gov/Drywall/FAQ.htm. Liaison counsel reminds the parties to review the FAQs before contacting Liaison Counsel.  The parties will be prepared to discuss this issue at the monthly status conference on March 22, 2016.

## XII.  MATTERS SET FOR HEARING FOLLOWING THE CURRENT STATUS CONFERENCE

None.

## XIII.  PHYSICAL EVIDENCE PRESERVATION ORDER

On October 9, 2009, the Court issued Pre-Trial Order 1(B) relating to the preservation of physical evidence from properties that may be repaired during the course of these MDL proceedings.  Pre-Trial Order 1(I) was entered by the Court on January 24, 2012 [Rec. Doc. 12257] and  on March 20, 2015 the Court entered Pre-Trial Order 1(J) [Rec. Doc. 18528].  The parties will be prepared to address this matter at the status conference on March 22, 2016.

## XIV.  ENTRY OF PRELIMINARY DEFAULT

Pursuant to Minute Entry dated February 23, 2012 [Rec Doc. 12687], the Plaintiffs' Omnibus Motion for Preliminary Default Judgment [Rec. Doc. 11234] and errata thereto [Rec. Doc. 11773, 12265, 12551] was granted.  On February 24, 2012, the Court signed

an Entry of Preliminary Default [Rec. Doc. 12599] of certain defendants identified on Exhibit A thereto.  Thereafter, additional Motions for Preliminary Defaults and Clarifications were issued by the Court [Rec. Docs Nos. 15412, 15898, 15972, 16030, 17089, 17172, 17722, 17378, 17781, 17792, 17793, 17791, 17800, 17814, 17802, 17815, 17803, 17816].   The PSC has not yet certified to the Court that it has completed the filing of Plaintiffs' amended complaints.  The parties will be prepared to discuss this further at the monthly status conference on March 22, 2016.

## XV.   ALREADY REMEDIATED HOMES

The Already Remediated Homes Committee has met on several occasions to discuss properties that have not yet been resolved and the Knauf Defendants are in the process of filing motions with the Court to address those unresolved properties.   The parties will be prepared to discuss this further at monthly status conference on March 22, 2016.

XVI. NEXT STATUS CONFERENCE

The next monthly status conference is scheduled for April 26, 2016, at 9:00 a.m.

Respectfully submitted,

/s/ Leonard A. Davis
Russ M. Herman (Bar No. 6819)
Leonard A. Davis (Bar No. 14190)
**Herman, Herman & Katz, LLC**
820 O'Keefe Avenue
New Orleans, LA 70113
PH: (504) 581-4892
FAX: (504) 561-6024
**Plaintiffs' Liaison Counsel**

/s/ Kerry Miller
Kerry J. Miller (Bar No. 24562)
Daniel J. Dysart (Bar No. 33812)
**Baker, Donelson, Bearman, Caldwell & Berkowitz, PC**
201 St. Charles Avenue
Suite 3600
New Orleans, LA 70170
PH: (504) 566-8646
FAX: (504) 585-6946
**Knauf Liaison Counsel**

/s/ Harry Rosenberg
Harry Rosenberg (Bar No. 11465)
**Phelps Dunbar LLP**
365 Canal St., Suite 2000
New Orleans, LA 70130
PH: (504) 566-1311
FAX: (504) 568-9130
**Liaison Counsel for the Taishan, BNBM,
and CNBM Entities**

**CERTIFICATE**

I hereby certify that the above and foregoing Joint Report No. 77 of Plaintiffs' and Defendants' Liaison Counsel has been served upon all parties by electronically uploading the same to LexisNexis File & Serve Advanced in accordance with Pre-Trial Order No. 6, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF system which will send a Notice of Electronic Filing in accordance with the procedures established in MDL 2047, on this 18th day of March, 2016.

/s/ Leonard A. Davis