UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

|  |  |  |
|---|---|---|
|  | : | MDL NO. 2047 |
| IN RE: CHINESE MANUFACTURED DRYWALL | : |  |
| PRODUCTS LIABILITY LITIGATION | : | SECTION L |
|  | : |  |
|  | : | JUDGE FALLON |
|  | : | MAGISTRATE JUDGE |
| .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. : | WILKINSON |

**THIS DOCUMENT RELATES TO: ALL CASES**

**ORDER**

Before the Court is Knauf's Motion to Extinguish Any Further Settlement Obligations of the Knauf Defendants, Plaintiffs' Steering Committee, Lead Contractor, Settlement Administrator, Special Master, and Ombudsman to Claimants 6025 Canal Blvd., LLC, and Jody Ferchaud (collectively, "Ferchaud") Upon Cash Payment (R. Doc. 20145). Specifically, the Knauf Defendants seek to make a one-time cash payment in the full amount of the remaining remediation budget to fully settle all Chinese-drywall related claims of Ferchaud. Upon payment by the Knauf Defendants in the amount of $225,516.13, any obligations of the aforementioned parties would be extinguished. For the reasons set for below, the Motion to Extinguish is GRANTED.

Although not a member of an omnibus complaint, Ferchaud filed timely claims with the Settlement Administrator in the Chinese drywall MDL. The Knauf Defendants agreed to settle these claims pursuant to the *Settlement Agreement Regarding Post-December 9, 2011 Claims Against the Knauf Defendants in MDL No. 2047* ("New Claims Settlement Agreement), and on July 28, 2014, Ferchaud executed a Work Authorization ("WA") Agreement for each of her two affected properties. (R. Doc. 16978-1).

1

Remediation commenced on the Ferchaud properties on November 13, 2014 and, on December 2, 2014, the properties were issued environmental certificates by GFA International, certifying that the properties were free of Chinese drywall, drywall dust, residue, etc. The remediation duration estimate for the properties was three months. However, Ferchaud caused numerous delays, sought additional relief not granted by the relevant settlement agreements or WA agreement, and sought to shift the burden of resolving pre-existing code violations in the properties to the Lead Contractor.

Pursuant to the dispute resolution mechanism contained in the Knauf Class Settlement Agreement to which Ferchaud is bound, the Special Master ruled in favor of the Lead Contractor and Knauf Defendants. Ferchaud appealed the Special Master's Opinion and Decree, and the Court, after allowing briefs to be filed by Ferchaud and the Lead Contractor, affirmed the Special Master's Opinion and Decree on February 1, 2016. (R. Doc. 20025).

However, despite the Court's ruling in favor of the Knauf Defendants and the Lead Contractor, the obstruction and delays by Ferchaud have intensified. Since February 1, 2016, Ferchaud has sent approximately fifty emails to the Lead Contractor through its counsel. While the Court will not recount the timeline and substance of each email, *see* (R. Doc. 20145-1 at 4-5), it notes that many of the issues raised by Ferchaud were already addressed by the Special Master and the Ombudsman. Other issues raised by Ferchaud are either non-protocol or pre-existing code violations. While the Lead Contractor has worked diligently to address Ferchaud's concerns in a timely manner, the concerns appear to be increasing over time and the prospect of completing remediation within the program is highly unlikely. Ferchaud's actions demonstrate a lack of willingness to resolve the purported issues. The parties are now at an impasse with no chance of reconciliation.

Accordingly, considering the foregoing background, which is fraught with conflict and complications, the Court hereby exercises its discretion to solve this dispute between the Knauf Defendants, Lead Contractor and Ms. Ferchaud by extinguishing any remaining settlement obligations of the Knauf Defendants, Plaintiffs' Steering Committee, Lead Contractor, Settlement Administrator, Special Master, and Ombudsman to Ferchaud upon the Knauf Defendants' one-time payment to Ferchaud in the amount of $225,516.13. The equitable relief sought by the Knauf Defendants would make Ferchaud whole and allow Ferchaud to remediate the properties using her choice of contractors.  Thus, **IT IS ORDERED** that the one-time payment will fully and finally settle all Chinese drywall-related claims of Ferchaud.

New Orleans, Louisiana, this 17th day of March, 2016.

_____
UNITED STATES DISTRICT JUDGE