UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: CHINESE MANUFACTURED DRYWALL ) | MDL NO. 2047 |
| PRODUCTS LIABILITY LITIGATION ) | |
| ) | SECTION "L" |
| ) | |
| ) | JUDGE FALLON |
| ) | |
| ) | MAJ. JUDGE WILKINSON |

## OBJECTION TO SPECIAL MASTER'S DETERMINATION DENYING CLAIMANT, WAYNE CLARKES' FORECLOSURE OR SHORT SALE CLAIM; CLAIM ID 6799

**WAYNE CLARKE**, by and through counsel, files this his Objection to the Special Master's Final Post Reconsideration Award of $8,223.37, rendered on March 11, 2016, and respectfully moves this Honorable Court for an Order reversing the Special Master's final determination which denies Claimant relief under the Foreclosure provisions of Third Amended Settlement Agreement of December 11, 2012.

### SUMMARY OF OBJECTION

Claimant was a Commercial Owner as defined in the Third Amendment Settlement Agreement of December 11, 2012, Section 1.1.2.2, prior to the effective date of the Settlement Agreement which provides that the Commercial Owner Subclass includes former owners who lost Affected Properties due to foreclosure or sold Affected Properties to mitigate losses. Prior to any remediation, Claimant lost the property due to foreclosure proximately caused by inability to rent the property due to the presence of Defective Knauf Chinese Drywall. Specifically, Claimant's tenants vacated the rental property due to the potential health issues associated with defective drywall.

Pursuant to the provisions of the Third Amended Settlement Agreement, Claimant submitted his claim for Foreclosure benefits. This Claim was initially filed on October 24, 2013 and supported by

the following document IDs:

- Miscellaneous Claim Form, #164010
- Correspondence – Letter in support of Remediation Fund Benefits, #168349
- Table – Benefits Under Class Settlement Agreement with Knauf Defendants, #168365

On March 11, 2016 the Special Master **denied** Claimant any **relief** under the settlement program. Claimant respectfully submits that the Special Master's **denial** should be reversed and his Claim paid pursuant to:

- **Foreclosure – Section 4.7.1.3.2.b**

  For a Commercial Owner Subclass Member who owned the Foreclosed Property prior to foreclosure, he or she must establish that the KPT Chinese Drywall substantially caused (i) the Tenants of the Foreclosed Property to vacate, causing the Commercial Owner to lose rent, or (ii) decreased revenue to the Commercial Owner's business.

  For Foreclosed Properties, (a) the Mortgagee shall be entitled to the benefits under Sections 4.3.1, 4.3.2 or 4.3.3, except for the Other Covered Expenses, but only if the Mortgagee became the Owner after foreclosure and remains the owner of the Affected Property and the Mortgagee provides a release to the Knauf Defendants and Other Releases; and (b) **the Owner prior to the foreclosure shall be entitled to the Lump Sum Payment under Section 4.3.1.1, but not the Delay Period Payment under Section 4.3.1.2.**

## FACTUAL AND PROCEDURAL SUMMARY

Claimant, a disabled veteran, purchased the property located at 1205 Magnolia Street in Ocean Springs, Mississippi, effective January 6, 2004 with a VA loan. Claimant continued to reside at the property until August 29, 2005, when the home suffered substantial damage as a result of Hurricane Katrina. At this time, Claimant vacated the property until repairs were made to the Property for the damage caused by the hurricane. Claimant moved back into the home January 2007 where he remained until his retirement from the military in July 2007. Claimant then rented the property to supplement his retirement income and to provide the needed funds to meet his mortgage and SBA

loan obligations. In February 2008 Claimant relocated to Texas for a new job opportunity and rented the property, with the last lease agreement signed and effective February 19, 2009 and through March 1, 2010.

In September 2009, Claimant began to experience problems with the air conditioning system as the coils began leaking and would not hold Freon. Claimant learned of the issue of defective Chinese drywall and retained counsel and obtained an inspection of the property to determine if it contained defective drywall.

The initial inspection of the property was done on January 5, 2010 and confirmed the presence of Knauf Chinese Drywall. Inspections on March 6, 2010 and November 10, 2011 likewise confirmed the presence of KNAUF TIANJIN drywall. Copies of these inspections have been submitted.

In January 2010, Claimant's tenants vacated the property due to the fear of potential health risks relating to the defective drywall. The property remained vacant from mid-January of 2010 until August 25, 2011, when the property was foreclosed upon.

Claimant, but for the presence of defective Knauf drywall, would have been able to have rented his home. Claimant was unable to have the property remediated under the Knauf Remediation Program due to foreclosure resulting from the loss of the monthly Rental Income ($1,300). Claimant submitted a claim for hardship consideration into the Knauf Remediation Program which was denied. Claimant was unable to have his home remediated and avoid foreclosure, which occurred on August 25, 2011.

Claimant made good faith efforts to avoid foreclosure including attempts to negotiate with his mortgage company and the SBA. SBA did grant Claimant a one-time extension but the mortgage company refused to accept anything less than the full monthly payments.

As evidenced by the above statements, Claimant attempted to retain ownership of the property

Until it would eventually have been remediated under the Knauf Remediation Program.

## LAW AND ARGUMENT

### A. Knauf Class Settlement

Pursuant to 4.2.9 of the Knauf Class Settlement,

...Unless otherwise final and binding pursuant to the relevant sections below, decisions of the Special Master with respect to the Remediation Fund may be appealed by an affected Class Member within 15 days of service of the Special Master's decision by filing an objection with the Court, but only after Settlement Class Counsel, the Knauf Defendants, and if applicable, an affected Class Member's counsel meet and confer in an attempt to resolve such issue. Unless the Court orders otherwise, appeals will be based on the record and briefing before the Special Master without further evidentiary submissions, briefing or argument....The Court's decision on any objections will be final, with no further appeals permitted.

Pursuant to 4.6.8 of the Knauf Class Settlement,

...Decisions of the Special Master with respect to the Other Loss Eligibility Fund may be appealed by...an affected Class Member within 15 days of service of the Special Master's decision by filing an objection with the Court, but only after Settlement Class Counsel, the Knauf Defendants, and If applicable, an affected Class Member's counsel meet and confer in an attempt to resolve such issue. Unless the Court orders otherwise, appeals will be based on the record and briefing before The Special Master without further evidentiary submissions, briefing or argument...The Court's decision on any objections will be final, with no further appeals permitted.

On March 11, 2016, the Special Master served his Post-Reconsideration Determination Notice on the Parties. Upon receipt of this Special Master Award Reconsideration indicating a Final Determination of the Claim and a Post-Reconsideration Award of $8,223.37, by and through counsel, Claimant contacted the Knauf Defendants counsel to arrange the required meet and confer and the session was conducted via email and phone. On March 17, 2016, Claimant met and conferred and Claimant now files his Objection.

Claimant submits that he is a "Class Member" whose home contained defective Knauf Chinese Drywall. As a previous owner of a foreclosed property (prior to effective date of the Settlement) Claimant submits that he is entitled to the benefits and compensation for Lost Equity,

Economic Loss, and Remediation Fund Benefits (Lump Sum Payment) as outlined in the followings

Sections of the Third Amended Settlement Agreement:

    Section 1.1.2.2  The Commercial Owner Subclass which qualified him as a Commercial Owner
    Section 4.3.5 – Foreclosed Properties – Stating his eligibility for the **Lump Sum Payment**
    Section 4.7.1.2 – Lost Use, Sales and Rentals – Stating his eligibility for **economic losses**
    Section 4.7.1.3 (b) – Affidavit and Leasing Agent letter supporting reason for loss of Tenants
    And inability to further rent the property.

Claimant has previously submitted all required documentation in support of his claim under the following IDs:

| Claimant ID | Document ID | Description | Upload Date |
|---|---|---|---|
| 100055 | 138573 | Inspection-HHS | 9/25/2013 |
| | 138552 | Inspection-Favre | 9/25/2013 |
| | 138639 | Rental/Lease Agreements | 9/25/2013 |
| | 138631 | Proof of Purchase | 9/25/2013 |
| | 138706 | Tax/Value History of Property | 9/25/2013 |
| | 140065 | Property History | 9/26/2013 |
| | 140069 | Clarke-Affidavit | 9/26/2013 |
| | 140263 | Foreclosure Documents | 9/26/2013 |
| | 140357 | Knauf Remediation Hardship | 9/26/2013 |
| | 140414 | Square Footage Documents | 9/26/2013 |
| | 164010 | Foreclosure & Short Sale Claim Form | 10/22/2013 |
| | 168349 | Correspondence-Remediation Fund | 10/24/2013 |
| | 168365 | Remediation Benefit Table | 10/24/2013 |
| | 168372 | Miscellaneous Claim Form | 10/24/2013 |
| | 290627 | Proof of Purchase Price & Appraised Value at Purchase | 8/13/2014 |
| | 290904 | Mortgage Payment Documents | 8/14/2014 |
| | 290830 | Property Mgmt. Company Letter | 8/14/2014 |
| | 291077 | Expert Report; Affidavit of David McMullan | 8/17/2014 |
| | 291078 | Loan Documents – SBA Loan | 8/17/2014 |
| | 314803 | Other Loss Eligibility Notice | 1/15/2015 |
| | 319192 | Itemized Listing of Damages | 2/10/2015 |
| | 335566 | Letter-Appeal of Eligibility Notice | 6/25/2015 |
| | 340786 | Foreclosure Documentation | 12/18/2015 |
| | 340863 | Special Master Reconsideration Request – Foreclosure | 12/18/2015 |
| | 340864 | Special Master Reconsideration | 12/18/2015 |

Claimant respectfully moves that this Honorable Court reverse the Special Master's Final Determination Award Notice and find that he is eligible for the Remediation Fund Benefits (Lump Sum Payment) request of $14,195.00 <u>and additional equitable compensation given for Lost Equity as outlined in Section 4.7.1.3 of the Third Amended Knauf Settlement Agreement dated December 11, 2012.</u>

Pursuant to Section 4.2.9 of the Third Amended Knauf Settlement Agreement, Class counsel has conferred with counsel for Knauf and Settlement Class Counsel regarding this

Objection, and counsel has no objection to the filing of this appeal/objection.

Respectfully submitted:

/s/ David McMullan
David McMullan (MS Bar No. 8494)
Barrett Law Group, P.A.
404 Court Square North
Lexington, MS 39095
Telephone: (662) 834-2488
Facsimile: (662) 834-2628
dmcmullan@barrettlawgroup.com
Attorney for Plaintiff

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the foregoing Objection to Special Master's Final Determination Award Notice has been served upon all counsel by electronic notice via the Court's CM/ECF system on this 24th day of March, 2016.

/s/ David McMullan
David McMullan (MS Bar 8494)
Barrett Law Group, P.A.
404 Court Square North
Lexington, MS 39095
Telephone: (662) 834-2488
Facsimile: (662) 834-2628
dmcmullan@barrettlawgroup.com
Attorney for Plaintiff