# EXHIBIT "A"

## Esther Sotolongo

**From:** Dysart, Danny
**Sent:** Sunday, March 13, 2016 7:02 PM
**To:** Roberts & Durkee Law; Esther Sotolongo
**Subject:** Labb Investments

David and Esther,

Knauf has reviewed the materials that you provided related to Labb Investments Claim. After a review of the materials, Knauf has determined that the claimant is not eligible for settlement benefits under the Knauf Class Settlement Agreement because the property was purchased with prior knowledge of CDW. Furthermore, the Claimant failed to preserve and present evidence in accordance with the ARH protocol and PTO 1B.

**Purchased with Prior Knowledge of CDW**

The property was purchased in October 2010 for the very low price of $42,000.00 In October 2010, the CDW issue was well known in Florida and was well known in the Gulf Reflections units as at least six other units were determined to have CDW before claimant's purchase in October 2010. Prior to the purchase, the claimant had the opportunity to inspect the unit but waived the opportunity and failed to do so. Most importantly, the disclosures for the sale explicitly stated and warned of the potential presence of CDW. Based on the sale date, the low sales price, the prior determinations of CDW in other neighboring units, and the fact the claimant was warned of the presence of Chinse drywall prior to the purchase, it is Knauf's position that the property was purchased with prior knowledge of CDW and is ineligible for settlement benefits under the Knauf Class Settlement Agreement.

**Failure to Comply with PTO 1B**

Claimants are subject to the Knauf Class Settlement Agreement, which mandates that the review and administration of Already Remediated Home ("ARH") claims is done pursuant to PTO 1B. The Knauf Class Settlement Agreement, which was granted final approval by Judge Fallon, states in pertinent part: "The Special Master and the Court will take into consideration, in determining whether to allow a claim or the amount of the claim, whether the Owner has complied with MDL Pretrial Order 1B... for preservation of evidence. Subject to review by the Special Master or the Court, the failure to preserve evidence as required by law will result in disallowance or reduction in the amount of the claim if the failure has been prejudicial to a determination of the claim." See Knauf Class Settlement Agreement; Exhibit A at IV(d)(4).

PTO 1B established that all Claimants were required to preserve physical evidence by following a few basic procedures, including but not limited to the following: "The parties shall photograph the backside of each Chinese drywall board immediately after it is removed on-site, and, document on a floor plan, building diagram, or other similar form of documentation, the location of each full or partial Chinese drywall board removed from the property and its photograph. Photographs of the wall sections should be taken so that any markings on the backside of the drywall sections are most clearly visible in the photographs."

Of the approximately 150 boards that would be contained in the property, only 1 KPT board was confirmed and it was a removed sample. Further, it is well known that other units in Gulf Reflections contained Taishan drywall. Therefore, this claim is also not compensable due to the known risk of Taishan being in the unit and the claimant's failure to preserve, document, and produce evidence consistent with what is required under the settlement agreement.

**Danny Dysart**
Baker, Donelson, Bearman, Caldwell & Berkowitz, PC

1

201 St. Charles Avenue
Suite 3600
New Orleans, LA, 70170

Phone: 504.566.5206
Fax: 504.696.3906
ddysart@bakerdonelson.com

Baker, Donelson, Bearman, Caldwell & Berkowitz, PC
represents clients across the U.S. and abroad from offices
in Alabama, Florida, Georgia, Louisiana, Mississippi, Tennessee,
Texas and Washington, D.C.

**Baker Donelson - One of FORTUNE Magazine's "100 Best Companies to Work For" for Six Years in a Row**

---

Under requirements imposed by the IRS, we inform you that, if any advice concerning one or more U.S. federal tax issues is contained in this communication (including in any attachments and, if this communication is by email, then in any part of the same series of emails), such advice was not intended or written by the sender or by Baker, Donelson, Bearman, Caldwell & Berkowitz, PC to be used, and cannot be used, for the purpose of (1) avoiding penalties under the Internal Revenue Code or (2) promoting, marketing or recommending to another party any transaction or tax-related matter addressed herein.

This electronic mail transmission may constitute an attorney-client communication that is privileged at law. It is not intended for transmission to, or receipt by, any unauthorized persons. If you have received this electronic mail transmission in error, please delete it from your system without copying it, and notify the sender by reply e-mail, so that our address record can be corrected.

2