UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: CHINESE-MANUFACTURED DRYWALL PRODUCTS LIABILITY LITIGATION | ) ) ) ) | MDL No. 2047  SECTION "L" |
| THIS DOCUMENT RELATES TO: | ) ) | JUDGE FALLON |
| Arndt, et. al.  v. Gebrueder Knauf Verwaltugsgesellschaft KG, et al. Case No. 11-2349 | ) ) ) ) ) | |

### MONICA FERGUSSON'S OBJECTION TO THE SPECIAL MASTER'S RECONSIDERATION AWARDS FOR HER FORECLOSURE CLAIM

Monica Fergusson ("Plaintiff") hereby files her objection to the Special Master's Reconsideration Award. In support thereof, Plaintiff states as follows:

1. Plaintiff timely submitted a Foreclosure Claim for her home.

2. Plaintiff received an initial Notice of Eligibility for her Foreclosure claim on January 15, 2015, offering a sum of $10,000.00 for their home. Exhibit "A," attached hereto.

3. Because this sum was substantially less than the $130,000.00 in equity that the Plaintiff lost, Plaintiff requested a Special Master Award on February 9, 2015.

4. On December 3, 2015, the Special Master returned an award of $0.00 for the Plaintiff's Foreclosure claim.

5. Plaintiff filed a Request for Reconsideration on December 18, 2015.

6. In her Request for Reconsideration, Plaintiff specifically advised the Settlement Administrator that "It is highly difficult and fundamentally unfair for Claimant to formulate an appeal on what it believes was a properly documented claim when

1

the Special Master has provided no rationale for why the claim was not compensated. If the Special Master provided an explanation via a Report and Recommendation, then Claimant could fairly evaluate the Special Master's determination and respond directly to it."

7. The Special Master returned a Post Reconsideration Special Master Award of $0.00.

8. Pursuant to Section 4.7.1.3 of the Knauf Settlement Agreement, Plaintiff requested compensation for her lost equity in the home, totaling $130,000.00.

9. Section 4.7.1.3 of the Knauf Settlement Agreement states that,

> With respect to Foreclosed Properties, for Owners prior to foreclosure, an amount to be determined by the Special Master for Lost Equity (but not lost anticipated market value) in the Foreclosed Property less the Owners' recovery under Section 4.3.5.1(b).

10. Claimant acquired the Property in 2007 through a joint venture with Carmen Poerske.

11. Claimant put forth the equity to acquire the property while Carmen Poerske put forth the credit.

12. Claimant is the sole shareholder of the real estate investment Florida Investment Group of Miami, Inc. Exhibit "B," attached hereto.

13. Claimant, by and through her investment group, paid the Seller/Developer of the Affected Property a deposit of $100,000.00 at the time of closing. Exhibit "C," attached hereto.

14. Claimant is also the sole shareholder of World Global Investments, LLC, a limited liability company. Exhibit "D," attached hereto.

15. Because Claimant was responsible for the equity in the Subject Property, Claimant was responsible for the mortgage payments, despite the fact that the mortgage was in Ms. Poerske's name.

16. Claimant made mortgage payments for the property through World Global Investments, LLC. Exhibit "E," attached hereto.

17. Claimant made mortgage payments totaling approximately $124,157.44.[1]

18. The Affected Property was Claimant's primary residence.

19. Further, Claimant invested $30,000.00 in capital improvements to the property.

20. Due to the presence of Chinese drywall in the Affected Property, Plaintiff and her co-venturer lost the Affected Property through foreclosure and the Plaintiff incurred substantial economic losses, specifically, the $130,000.00 in lost equity that she would not have lost, but for the Chinese drywall.

21. The economic damages we incurred, specifically, the $130,000.00 in lost equity, were substantially caused by the presence of defective Chinese drywall in the Affected Property.

22. Plaintiff claimed the precise value of her lost equity in the home and seek only to recover those losses in good faith.

23. It is wholly unjust for the Plaintiff to be denied any compensation for her Short Sale losses, totaling $130,000.00, especially when no reason or rationale has been provided by the Special Master.

---

[1] These payments were interest payments and not towards the principal of the mortgage. Plaintiff is not claiming this amount as lost equity, but is providing this information to evidence her relationship in the joint venture and her interest in the property.

WHEREFORE, Plaintiff requests that the Court enter an order granting Plaintiff an award of $130,000.00 for her Foreclosure claim, the full extent of her damages, or in the alternative, schedule an evidentiary hearing so that Plaintiff may present her claims before the Court.

**CERTIFICATE OF SERVICE**

I hereby certify that the above and foregoing MONICA FERGUSSON'S OBJECTIONS TO THE SPECIAL MASTER'S RECONSIDERATION AWARD FOR HER FORECLOSURE CLAIM has been served on Plaintiffs' Liaison Counsel, Russ Herman, and Defendants' Liaison Counsel, Kerry Miller, by U.S. Mail and e-mail, or by hand delivery and e-mail and upon all parties by electronically uploading the same to LexisNexis File & Serve in accordance with Pretrial Order No. 6, and that the foregoing was filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2047, on this on this 28th day of March, 2016.

/s/*Ervin A. Gonzalez*
ERVIN A. GONZALEZ
Fla. Bar No. 500720
Ervin@colson.com
PATRICK S. MONTOYA
Fla. Bar No. 524441
Patrick@colson.com
NATALIE M. RICO
Fla. Bar No. 0065046
Natalie@colson.com
COLSON HICKS EIDSON
COLSON MATTHEWS MARTINEZ
GONZALEZ KALBAC & KANE
255 Alhambra Circle, Penthouse
Coral Gables, FL 33134
Phone: (305) 476-7400
Fax:    (305) 476-7444
*Counsel for Plaintiffs*