OMB NO. 2502-0265

| A. | | B. TYPE OF LOAN: | | | | |
|---|---|---|---|---|---|---|
| U.S. DEPARTMENT OF HOUSING & URBAN DEVELOPMENT<br><br>**SETTLEMENT STATEMENT** | 1. ☐ FHA  2. ☐ FmHA  3. ☐ CONV. UNINS.  4. ☐ VA  5. ☐ CONV. INS. | | | | | |
| | 6. FILE NUMBER:<br>FL1060564/V | | | 7. LOAN NUMBER: | | |
| | 8. MORTGAGE INS CASE NUMBER: | | | | | |

C. NOTE: This form is furnished to give you a statement of actual settlement costs. Amounts paid to and by the settlement agent are shown. Items marked "[POC]" were paid outside the closing; they are shown here for informational purposes and are not included in the totals.

1.0  3/98  (FL1060564.PFD/FL1060564/24)

| D. NAME AND ADDRESS OF BUYER: | E. NAME AND ADDRESS OF SELLER: | F. NAME AND ADDRESS OF LENDER: |
|---|---|---|
| Henry Perdomo<br>Naneth Perdomo<br>1990 S.W. 141st Avenue<br>Miami, Florida  33175 | Lennar Homes, Inc., a Florida corporation<br>730 N.W. 107th Avenue, 4th Floor<br>Miami, Florida  33172 | |

| G. PROPERTY LOCATION: | H. SETTLEMENT AGENT: 59-2114706 | I. SETTLEMENT DATE: |
|---|---|---|
| 12967 S.W. 134th Terrace<br>Miami, FL 33186<br>Miami-Dade County, Florida<br>Lot 12, Block 9<br>Tuscany Village II<br>PB 164, PG 61 | North American Title Company<br><br>PLACE OF SETTLEMENT<br>760 N.W. 107 Avenue, Suite 100<br>Miami, Florida  33172 | June 29, 2006 |

| J. SUMMARY OF BUYER'S TRANSACTION | | K. SUMMARY OF SELLER'S TRANSACTION | |
|---|---:|---|---:|
| **100. GROSS AMOUNT DUE FROM BUYER:** | | **400. GROSS AMOUNT DUE TO SELLER:** | |
| 101. Contract Sales Price | 287,990.00 | 401. Contract Sales Price | 287,990.00 |
| 102. Personal Property | | 402. Personal Property | |
| 103. Settlement Charges to Buyer (Line 1400) | 1,029.52 | 403. | |
| 104. Builders Fee | 5,759.80 | 404. Builders Fee | 5,759.80 |
| 105. | | 405. | |
| *Adjustments For Items Paid By Seller in advance* | | *Adjustments For Items Paid By Seller in advance* | |
| 106. CDD        06/29/06 to 10/01/06 | 317.48 | 406. CDD        06/29/06 to 10/01/06 | 317.48 |
| 107. County Taxes        to | | 407. County Taxes        to | |
| 108. Waste        to | | 408. Waste        to | |
| 109. | | 409. | |
| 110. Survey/Termite/Soil Treatment | 400.00 | 410. Survey/Termite/Soil Treatment | 400.00 |
| 111. | | 411. | |
| 112. | | 412. | |
| **120. GROSS AMOUNT DUE FROM BUYER** | 295,496.80 | **420. GROSS AMOUNT DUE TO SELLER** | 294,467.28 |
| **200. AMOUNTS PAID BY OR IN BEHALF OF BUYER:** | | **500. REDUCTIONS IN AMOUNT DUE TO SELLER:** | |
| 201. Deposit or earnest money | 5,000.00 | 501. Excess Deposit (See Instructions) | |
| 202. Principal Amount of New Loan(s) | | 502. Settlement Charges to Seller (Line 1400) | 20,599.90 |
| 203. Existing loan(s) taken subject to | | 503. Existing loan(s) taken subject to | |
| 204. | | 504. Payoff First Mortgage | |
| 205. | | 505. Payoff Second Mortgage | |
| 206. | | 506. Deposit retained by seller | 5,000.00 |
| 207. | | 507. | |
| 208. | | 508. | |
| 209. | | 509. | |
| *Adjustments For Items Unpaid By Seller* | | *Adjustments For Items Unpaid By Seller* | |
| 210. CDD        to | | 510. CDD        to | |
| 211. County Taxes    01/01/06 to 06/29/06 | 282.47 | 511. County Taxes    01/01/06 to 06/29/06 | 282.47 |
| 212. Waste    06/16/06 to 06/29/06 | 14.21 | 512. Waste    06/16/06 to 06/29/06 | 14.21 |
| 213. | | 513. | |
| 214. | | 514. | |
| 215. | | 515. | |
| 216. | | 516. | |
| 217. | | 517. | |
| 218. | | 518. | |
| 219. | | 519. | |
| **220. TOTAL PAID BY/FOR BUYER** | 5,296.68 | **520. TOTAL REDUCTION AMOUNT DUE SELLER** | 25,896.58 |
| **300. CASH AT SETTLEMENT FROM/TO BUYER:** | | **600. CASH AT SETTLEMENT TO/FROM SELLER:** | |
| 301. Gross Amount Due From Buyer (Line 120) | 295,496.80 | 601. Gross Amount Due To Seller (Line 420) | 294,467.28 |
| 302. Less Amount Paid By/For Buyer (Line 220) | ( 5,296.68) | 602. Less Reductions Due Seller (Line 520) | ( 25,896.58) |
| **303. CASH ( X FROM )( TO ) BUYER** | 290,200.12 | **603. CASH ( X TO )( FROM ) SELLER** | 268,570.70 |

By signing page 2 of this statement, the signatories acknowledge receipt of a completed copy of page 1 of this two page statement.



## L. SETTLEMENT CHARGES

| 700. TOTAL COMMISSION Based on Price | $ 287,990.00 @ 6.0000 % 17,279.40 | PAID FROM BUYER'S FUNDS AT SETTLEMENT | PAID FROM SELLER'S FUNDS AT SETTLEMENT |
|---|---|---|---|
| Division of Commission (line 700) as Follows: | | | |
| 701. $ to | | | |
| 702. $ 17,279.40 to Realty World | | | |
| 703. Commission Paid at Settlement | | | 17,279.40 |
| 704. to | | | |
| **800. ITEMS PAYABLE IN CONNECTION WITH LOAN** | | | |
| 801. Loan Origination Fee % to | | | |
| 802. Loan Discount % to | | | |
| 803. Appraisal Fee to | | | |
| 804. Credit Report to | | | |
| 805. Lender's Inspection Fee to | | | |
| 806. Mortgage Ins. App. Fee to | | | |
| 807. Assumption Fee | | | |
| 808. | | | |
| 809. | | | |
| 810. | | | |
| 811. | | | |
| **900. ITEMS REQUIRED BY LENDER TO BE PAID IN ADVANCE** | | | |
| 901. Interest From to @ $ /day ( days %) | | | |
| 902. MIP TotIns. for LifeOfLoan for months to | | | |
| 903. Hazard Insurance Premium for 1.0 years to | | | |
| 904. Flood Insurance Premium 1.0 years | | | |
| 905. | | | |
| **1000. RESERVES DEPOSITED WITH LENDER** | | | |
| 1001. Hazard Insurance months @ $ per month | | | |
| 1002. Mortgage Insurance months @ $ per month | | | |
| 1003. CDD months @ $ per month | | | |
| 1004. County Taxes months @ $ per month | | | |
| 1005. Waste months @ $ per month | | | |
| 1006. Flood Insurance Premium months @ $ per month | | | |
| 1007. months @ $ per month | | | |
| 1008. Aggregate Adjustment months @ $ per month | | | |
| **1100. TITLE CHARGES** | | | |
| 1101. Settlement or Closing Fee to North American Title Company | | 225.00 | |
| 1102. Abstract or Title Search to North American Title Company | | 225.00 | |
| 1103. Title Examination to North American Title Company | | 185.00 | |
| 1104. Title Insurance Binder to North American Title Company | | | |
| 1105. Document Preparation to North American Title Company | | | |
| 1106. Notary Fees to North American Title Company | | | |
| 1107. Attorney's Fees | | | |
| (includes above item numbers: ) | | | |
| 1108. Title Insurance to North American Title Company | | | 1,515.00 |
| (includes above item numbers: ) | | | |
| 1109. Lender's Coverage $ M/R = $25.00 | | | |
| 1110. Owner's Coverage $ 287,990.00 1,515.00 | | | |
| 1111. Florida Form 9 (Restrictions, North American Title Company M/R = $ | | | |
| 1112. | | | |
| 1113. | | | |
| 1114. Wire/Tax Searc/Misc to North American Title Company | | 25.00 | 15.00 |
| 1115. HOA Lien Letters North American Title Company | | | |
| 1116. Shipping and Handling to North American Title Company | | 50.00 | |
| 1117. Endorsements North American Title Company | | | |
| 1118. Recertification Fee North American Title Company | | | |
| **1200. GOVERNMENT RECORDING AND TRANSFER CHARGES** | | | |
| 1201. Recording Fees: Deed $ 35.50; Mortgage $ ; Releases $ 27.00 | | | 62.50 |
| 1202. City/County Tax/Stamps: Deed ; Mortgage | | | |
| 1203. State Tax/Stamps: Deed 1,728.00; Mortgage | | | 1,728.00 |
| 1204. Non-Identity Affidavit to Clerk of the Circuit Court | | 10.00 | |
| 1205. Misc. Tax/Stamps Clerk of the Circuit Court | | | |
| **1300. ADDITIONAL SETTLEMENT CHARGES** | | | |
| 1301. Survey to | | | |
| 1302. Pest Inspection to | | | |
| 1303. Maintenance Proration/JUNE to Tuscany Village Community Association $2.17/per day | | 2.17 | |
| 1304. Monthly Maintenance/JULY to Tuscany Village Community Association, Inc. | | 66.00 | |
| 1305. See addit'l disb. exhibit to | | 241.35 | |
| **1400. TOTAL SETTLEMENT CHARGES** (Enter on Lines 103, Section J and 502, Section K) | | 1,029.52 | 20,599.90 |

The undersigned hereby acknowledge receipt of a completed copy of pages 1&2 of this statement & any attachments referred to herein.
I HAVE CAREFULLY REVIEWED THE HUD-1 SETTLEMENT STATEMENT AND TO THE BEST OF MY KNOWLEDGE AND BELIEF, IT IS A TRUE AND ACCURATE STATEMENT OF ALL RECEIPTS AND DISBURSEMENTS MADE ON MY ACCOUNT OR BY ME IN THIS TRANSACTION. I FURTHER CERTIFY THAT I HAVE RECEIVED A COPY OF THE HUD-1 SETTLEMENT STATEMENT.

| | | | | | | |
|---|---|---|---|---|---|---|
| 1003. CDD | | months @ $ | | per month | | |
| 1004. County Taxes | | months @ $ | | per month | | |
| 1005. Waste | | months @ $ | | per month | | |
| 1006. Flood Insurance Premium | | months @ $ | | per month | | |
| 1007. | | months @ $ | | per month | | |
| 1008. Aggregate Adjustment | | months @ $ | | per month | | |
| **1100. TITLE CHARGES** | | | | | | |
| 1101. Settlement or Closing Fee | to | North American Title Company | | | 225.00 | |
| 1102. Abstract or Title Search | to | North American Title Company | | | 225.00 | |
| 1103. Title Examination | to | North American Title Company | | | 185.00 | |
| 1104. Title Insurance Binder | to | North American Title Company | | | | |
| 1105. Document Preparation | to | North American Title Company | | | | |
| 1106. Notary Fees | to | North American Title Company | | | | |
| 1107. Attorney's Fees | | | | | | |
| (includes above item numbers: | | | | ) | | |
| 1108. Title Insurance | to | North American Title Company | | | | 1,515.00 |
| (includes above item numbers: | | | | ) | | |
| 1109. Lender's Coverage | $ | | | M/R = $25.00 | | |
| 1110. Owner's Coverage | $ | 287,990.00 | | 1,515.00 | | |
| 1111. Florida Form 9 (Restrictions, | | North American Title Company | | M/R = $ | | |
| 1112. | | | | | | |
| 1113. | | | | | | |
| 1114. Wire/Tax Searc/Misc | to | North American Title Company | | | 25.00 | 15.00 |
| 1115. HOA Lien Letters | | North American Title Company | | | | |
| 1116. Shipping and Handling | to | North American Title Company | | | 50.00 | |
| 1117. Endorsements | | North American Title Company | | | | |
| 1118. Recertification Fee | | North American Title Company | | | | |
| **1200. GOVERNMENT RECORDING AND TRANSFER CHARGES** | | | | | | |
| 1201. Recording Fees: Deed $ | 35.50; Mortgage $ | ; | Releases $ | 27.00 | | 62.50 |
| 1202. City/County Tax/Stamps: Deed | | ; Mortgage | | | | |
| 1203. State Tax/Stamps: Deed | | 1,728.00; Mortgage | | | | 1,728.00 |
| 1204. Non-Identity Affidavit | to | Clerk of the Circuit Court | | | 10.00 | |
| 1205. Misc. Tax/Stamps | | Clerk of the Circuit Court | | | | |
| **1300. ADDITIONAL SETTLEMENT CHARGES** | | | | | | |
| 1301. Survey | to | | | | | |
| 1302. Pest Inspection | to | | | | | |
| 1303. Maintenance Proration/JUNE | to | Tuscany Village Community Association | | $2.17/per day | 2.17 | |
| 1304. Monthly Maintenance/JULY | to | Tuscany Village Community Association, Inc. | | | 66.00 | |
| 1305. See addit'l disb. exhibit | to | | | | 241.35 | |
| **1400. TOTAL SETTLEMENT CHARGES (Enter on Lines 103, Section J and 502, Section K)** | | | | | 1,029.52 | 20,599.90 |

The undersigned hereby acknowledge receipt of a completed copy of pages 1&2 of this statement & any attachments referred to herein.
I HAVE CAREFULLY REVIEWED THE HUD-1 SETTLEMENT STATEMENT AND TO THE BEST OF MY KNOWLEDGE AND BELIEF, IT IS A TRUE AND ACCURATE STATEMENT OF ALL RECEIPTS AND DISBURSEMENTS MADE ON MY ACCOUNT OR BY ME IN THIS TRANSACTION. I FURTHER CERTIFY THAT I HAVE RECEIVED A COPY OF THE HUD-1 SETTLEMENT STATEMENT.

Buyer _____
Henry Perdomo

_____
Naneth Perdomo

Seller   Lennar Homes, Inc., a Florida corporation

BY: _____
          as agent

TO THE BEST OF MY KNOWLEDGE, THE HUD-1 SETTLEMENT STATEMENT WHICH I HAVE PREPARED IS A TRUE AND ACCURATE ACCOUNT OF THE FUNDS WHICH WERE RECEIVED AND HAVE BEEN OR WILL BE DISBURSED BY THE UNDERSIGNED AS PART OF THE SETTLEMENT OF THIS TRANSACTION.

_____
North American Title Company
Settlement Agent

WARNING: IT IS A CRIME TO KNOWINGLY MAKE FALSE STATEMENTS TO THE UNITED STATES ON THIS OR ANY SIMILAR FORM. PENALTIES UPON CONVICTION CAN INCLUDE A FINE AND IMPRISONMENT. FOR DETAILS SEE: TITLE 18 U.S. CODE SECTION 1001 & SECTION 1010.

# ADDITIONAL DISBURSEMENTS EXHIBIT

**Buyer:** Henry Perdomo and Naneth Perdomo, husband and wife
**Seller:** Lennar Homes, Inc., a Florida corporation
**Settlement Agent:** North American Title Company
(305)552-1102
**Place of Settlement:** 760 N.W. 107 Avenue, Suite 100
Miami, Florida 33172
**Settlement Date:** June 29, 2006
**Property Location:** 12967 S.W. 134th Terrace
Miami, FL 33186
Miami-Dade County, Florida
Lot 12, Block 9
Tuscany Village II
PB 164, PG 61

| PAYEE/DESCRIPTION | NOTE/REF NO | BUYER | SELLER |
|---|---|---|---|
| Lennar Homes, Inc. Working Capital | | 132.00 | |
| Lennar Homes, Inc. Club Working Capital | | 109.35 | |
| **Total Additional Disbursements shown on Line 1305** | | $ 241.35 | $ 0.00 |

```
CFN  2006R0717815
OR Bk 24686 Pgs 1194 - 1197; (4pgs)
RECORDED 07/03/2006 12:12:31
DEED DOC TAX 1,728.00
HARVEY RUVIN, CLERK OF COURT
MIAMI-DADE COUNTY, FLORIDA
```

Return to (via enclosed envelope)
North American Title Company
760 N.W. 107 Avenue, Suite 100
Miami, Florida 33172

This Instrument Prepared
under the supervision of:
Ambarina A. Perez, Esq.
North American Title Company
700 NW 107 Avenue, Suite 240
Miami, Florida 33172

Property Appraiser's Folio No.:
30-5914-105-0700

FL1060564

## SPECIAL WARRANTY DEED

THIS SPECIAL WARRANTY DEED (this "Deed") is made as of the 29th day of June, 2006 by and between Lennar Homes, Inc., a Florida corporation ("Grantor") having a mailing address of 730 N.W. 107th Avenue, 4th Floor, Miami, Florida 33172 and Henry Perdomo and Naneth Perdomo, husband and wife ("Grantee") whose mailing address is 12967 S.W. 134th Terrace, Miami, FL 33175.

### WITNESSETH:

THAT Grantor, for and in consideration of the sum of Ten and No/100 Dollars ($10.00), and other good and valuable consideration, the receipt of which is hereby acknowledged, by these presents does grant, bargain and sell unto Grantee, and Grantee's heirs, successors and assigns forever, all the right, title, interest, claim and demand that Grantor has in and to the following described real property (the "Property") located and situate in the County of Miami-Dade, State of Florida, to wit:

Lot 12, Block 9, COURTS AT TUSCANY WEST, according to the Plat thereof, as recorded in Plat Book 164, Page 61, of the Public Records of Miami-Dade County, Florida.

The Property is conveyed subject to the following:

A.  Conditions, restrictions, limitations, reservations, easements and other agreements of record affecting the Property, if any; but this provision shall not operate to reimpose the same.

B.  Any community development, recreation, water control, water conservation, watershed improvement or special taxing districts affecting the Property including, without limitation, the obligation to pay maintenance assessments, capital assessments and/or taxes in connection therewith, if any.

C.  Applicable zoning, land use and subdivision ordinances, restrictions and/or agreements.

D.  Real estate, ad valorem and non ad valorem taxes and/or assessments, for this and subsequent years not yet due and payable.

E.  Validly existing rights of adjoining owners in any walls and fences situated on a common boundary, if any.

F.  All provisions of the following documents which may include, without limitation, restrictions, covenants, conditions, easements, lien rights, obligations to pay assessments and architectural restrictions:  (i) Declaration(s) governing the community at large in which the home is located (collectively, the "Master Declaration"); (ii) club covenants and/or a club plan for the community in which the Property is located (collectively, the "Club Covenants"); and (iii) Declaration(s) governing any subdivision of which the Property is a part (the "Neighborhood Declaration"), all as amended and modified from time to time.



G.     All covenants, conditions and restrictions contained in this Deed are equitable servitudes, perpetual and run with the land including, without limitation, Sections H, I, and J.

H.     The requirements of Chapter 558 of the Florida Statutes (2005) as it may be renumbered and/or amended from time to time.

I.     Grantor and Grantee specifically agree that this transaction involves interstate commerce and that any Dispute (as hereinafter defined) shall first be submitted to mediation and, if not settled during mediation, shall thereafter be submitted to binding arbitration as provided by the Federal Arbitration Act (9 U.S.C. §§1 et seq.) and not by or in a court of law or equity. "Disputes" (whether contract, warranty, tort, statutory or otherwise), shall include, but are not limited to, any and all controversies, disputes or claims (1) arising under, or related to, this Deed, the underlying purchase agreement, the Property, the community in which the Property is located or any dealings between Grantee and Grantor (with the exception of "consumer products" as defined by the Magnuson-Moss Warranty-Federal Trade Commission Act, 15 U.S.C. §2301 et seq., and the regulations promulgated thereunder); (2) arising by virtue of any representations, promises or warranties alleged to have been made by Grantor or Grantor's representative; and (3) relating to personal injury or property damage alleged to have been sustained by Grantee, Grantee's children or other occupants of the Property, or in the community in which the Property is located. Grantee has accepted this Deed on behalf of his or her children and other occupants of the Property with the intent that all such parties be bound hereby.

(1)     Any and all mediations commenced by Grantor or Grantee shall be filed with and administered by the American Arbitration Association or any successor thereto ("AAA") in accordance with the AAA's Supplementary Mediation Procedures for Residential Construction Disputes in effect on the date of the request. If there are no Supplementary Mediation Procedures for Residential Construction Disputes currently in effect, then the AAA's Construction Industry Mediation Rules in effect on the date of such request shall be utilized. Unless mutually waived in writing by the Grantor and Grantee, submission to mediation is a condition precedent to either party taking further action with regard to any matter covered hereunder.

(2)     If the Dispute is not fully resolved by mediation, the Dispute shall be submitted to binding arbitration and administered by the AAA in accordance with the AAA's Supplementary Arbitration Procedures for Residential Construction Disputes in effect on the date of the request. If there are no Supplementary Arbitration Procedures for Residential Construction Disputes currently in effect, then the AAA's Construction Industry Arbitration Rules in effect on the date of such request shall be utilized. Any judgment upon the award rendered by the arbitrator may be entered in and enforced by any court having jurisdiction over such Dispute. Unless the Grantor and Grantee otherwise agree, claims in excess of $10,000.00 but less than $500,000.00 shall utilize the Regular Track Procedures of the Construction Industry Arbitration Rules, as modified by the Supplementary Arbitration Procedures for Residential Construction. If the claimed amount exceeds $250,000.00 or includes a demand for punitive damages, the Dispute shall be heard and determined by three arbitrators; however, if mutually agreed to by the Grantor and Grantee, then the Dispute shall be heard and determined by one arbitrator. Arbitrators shall have expertise in the area(s) of Dispute, which may include legal expertise if legal issues are involved. All decisions respecting the arbitrability of any Dispute shall be decided by the arbitrator(s). At the request of any party, the award of the arbitrator(s) shall be accompanied by detailed written findings of fact and conclusions of law. Except as may be required by law or for confirmation of an award, neither a party nor an arbitrator may disclose the existence, content, or results of any arbitration hereunder without the prior written consent of both Grantor and Grantee.

(3)     The waiver or invalidity of any portion of this Section I shall not affect the validity or enforceability of the remaining portions of Section I of the Deed. Grantee and Grantor further agree (1) that any Dispute involving Grantor's affiliates, directors, officers, employees and agents shall also be subject to mediation and arbitration as set forth herein, and shall not be pursued in a court of law or equity; (2) that Grantor may, at its sole election, include Grantor's contractors, subcontractors and suppliers, as well as any warranty company and insurer as parties in the mediation and arbitration; and (3) that the mediation and arbitration will be limited to the parties specified herein.

(4)     Unless otherwise recoverable by law or statute, each party shall bear its own costs and expenses, including attorneys' fees and paraprofessional fees, for any mediation and arbitration. Notwithstanding the foregoing, if a party unsuccessfully contests the validity or scope of arbitration in a court of law or equity, the noncontesting party shall be awarded reasonable attorneys' fees, paraprofessional fees and expenses incurred in defending such contest, including such fees and costs associated with any appellate proceedings. In addition, if a party fails to abide by the terms of a mediation settlement or arbitration award, the other party shall be awarded reasonable attorneys' fees, paraprofessional fees and expenses incurred in enforcing such settlement or award.

(5)     Grantee may obtain additional information concerning the rules of the AAA by visiting its website at www.adr.org or by writing the AAA at 335 Madison Avenue, New York, New York 10017.

(6)     Grantor supports the principals set forth in the Consumer Due Process Protocol developed by the National Consumer Dispute Advisory Committee and agrees to the following:

(7)     Notwithstanding the requirements of arbitration stated in Section I(2) of this Deed, Grantee shall have the option, after pursuing mediation as provided herein, to seek relief in a small claims court for disputes or claims within the scope of the court's jurisdiction in lieu of proceeding to arbitration. This option does not apply to any appeal from a decision by a small claims court.

(8)     Grantor agrees to pay for one (1) day of mediation (mediator fees plus any administrative fees relating to the mediation). Any mediator and associated administrative fees incurred thereafter shall be shared equally by Grantor and Grantee.

(9)     The fees for any claim pursued via arbitration in an amount of $10,000.00 or less shall be apportioned as provided in the Supplementary Rules for Residential Construction Disputes of the AAA or other applicable rules. Unless provided otherwise by the Supplementary Rules for Residential Construction Disputes of the AAA or other applicable rules, for claims that exceed $10,000.00, the filing party shall pay up to the first $750.00 of any initial filing fee to initiate arbitration. Under the following conditions, Grantor agrees to pay up to the next $2,000.00 of any initial filing fee: (1) Grantee has participated in mediation prior to initiating the arbitration; (2) the Grantor and Grantee have mutually agreed to waive mediation; or (3) Grantor is the filing party. The portion of any filing fee not covered above, and any case service fee, management fee or fees of arbitrator(s), shall be shared equally by the Grantor and Grantee.

(10)    Notwithstanding the foregoing, if either Grantor or Grantee seeks injunctive relief, and not monetary damages, from a court because irreparable damage or harm would otherwise be suffered by either party before mediation or arbitration could be conducted, such actions shall not be interpreted to indicate that either party has waived the right to mediate or arbitrate. The right to mediate and arbitrate should also not be considered waived by the filing of a counterclaim by either party once a claim for injunctive relief had been filed with a court.

J.      Notwithstanding the Grantor and Grantee's obligation to submit any Dispute to mediation and arbitration, in the event that a particular dispute is not subject to the mediation or the arbitration provisions of Section I of this Deed, then the Grantor and Grantee agree to the following provisions: GRANTEE ACKNOWLEDGES THAT JUSTICE WILL BEST BE SERVED IF ISSUES REGARDING THIS DEED ARE HEARD BY A JUDGE IN A COURT PROCEEDING, AND NOT A JURY. GRANTEE AND GRANTOR AGREE THAT ANY DISPUTE, CLAIM, DEMAND. ACTION, OR CAUSE OF ACTION SHALL BE HEARD BY A JUDGE IN A COURT PROCEEDING AND NOT A JURY. GRANTEE AND GRANTOR HEREBY WAIVE THEIR RESPECTIVE RIGHT TO A JURY TRIAL.

Grantor does hereby warrant, and will defend, the title to the Property hereby conveyed, subject as aforesaid, against the lawful claims of all persons claiming by, through or under Grantor, but none other.

Grantee, by acceptance of this Deed, automatically agrees for itself, and its heirs, personal representatives, successors and assigns, to observe and to be bound by all of the terms and conditions set forth in the documents identified above, all exhibits attached thereto, and all future amendments thereof including, without limitation, the provisions of the Master Declaration, Club Covenants and the Neighborhood Declaration, if any, applicable to the Property.

OR BK 24686 PG 1197
LAST PAGE

IN WITNESS WHEREOF, Grantor has caused these presents to be executed and its seal to be affixed the day and year first above written.

**WITNESSES:**

Print Name: Victoria T. Abrahantes

Print Name: YUDYLEN HASAKIAN

Lennar Homes, Inc., a Florida corporation

By: _____
Name: Greg A. McPherson
Title: Vice-President

(SEAL)

STATE OF FLORIDA      )
                       ) ss.:
COUNTY OF MIAMI-DADE   )

The foregoing instrument was acknowledged before me this 29th of June, 2006 by Greg A. McPherson as Vice-President of Lennar Homes, Inc., a Florida corporation, who is personally known to me or who produced _____ as identification, on behalf of the corporation.

My Commission Expires:

NOTARY PUBLIC, State of Florida at Large
YUDYLEN HASAKIAN
Print Name

Yudylen Hasakian
Commission # DD344454
Expires: AUG. 05, 2008
www.AaronNotary.com

Doc # S24FLOTD.3399 Rev. 11/28/05

CFN 2006R0717817
OR Bk 24686 Ps 1201; (1ps)
RECORDED 07/03/2006 12:12:31
HARVEY RUVIN, CLERK OF COURT
MIAMI-DADE COUNTY, FLORIDA
LAST PAGE

FL1060564

## NON-IDENTITY AFFIDAVIT

State of       Florida
County of    Miami-Dade

BEFORE ME, the undersigned authority, personally appeared:

    Henry Perdomo and Naneth Perdomo, husband and wife

Who after being by me first duly sworn on oath, depose and say:

1. That the Affiant(s) is/are the ( ) Owners (✓) Purchasers of the property described as follows:

    Lot 12, Block 9, COURTS AT TUSCANY WEST, according to the Plat thereof, as recorded in Plat Book 164, Page 61, of the Public Records of Miami-Dade County, Florida.

2. That the Affiant(s) attention has/have been directed to the following:

3. That Affiant(s) has/have never been adjudged incompetent or bankrupt, and has/have never had any judgments, liens or federal tax liens filed against Affiant(s), that his/her/their attention has/have been called to the judgment, lien, federal tax lien, incompetency proceeding and/or bankruptcy filed against an individual with a name similar or identical to Affiant(s)', and that the matter is against some other person other than Affiant(s).

4. Affiant(s) is/are not one and the same person or entity as the person or entity referred to in the aforementioned Paragraph No. 2.

5. Affiant(s) further states that there are no outstanding judgments or tax liens against him/her/them.

6. Affiants have been married to each other without interruption by divorce from FEB. 9, 1990 to and including the present date hereof.

_____
Henry Perdomo

_____
Naneth Perdomo

SWORN TO AND SUBSCRIBED before me this June 29, 2006, by Henry Perdomo and Naneth Perdomo, husband and wife, who is/are personally known to me or who has/have produced Florida Drivers License as Identification.

MY COMMISSION EXPIRES:

JAN 13, 2010

_____
NOTARY PUBLIC
(SEAL)

NELLY B. CATENA
Notary Public - State of Florida
My Commission Expires Jan 13, 2010
Commission # DD 471246
Bonded By National Notary Assn.

S1FLOTA.0491 Rev. 12/16/05