UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In re: CHINESE-MANUFACTURED DRYWALL PRODUCTS LIABILITY LITIGATION | * * * * | MDL 2047 SECTION L |
| This document relates to: All Cases | * * * * | JUDGE FALLON MAGISTRATE JUDGE WILKINSON |

* * * * * * * * * * * * * * * * *

**KNAUF DEFENDANTS' RESPONSE TO PLAINTIFF WAYNE CLARKE'S OBJECTIONS (REC. DOCS. 20114 AND 20184) TO SPECIAL MASTER'S DETERMINATION DENYING REMEDIATION FUND BENEFITS**

The Knauf Defendants[1] file this Response to Plaintiff Wayne Clarke's Objections (Rec. Docs. 20114 and 20184) to Special Master's Determination Denying Remediation Fund Benefits. On March 22, 2016, the Court issued an Order allowing responses to appeals of Special Master awards, setting a deadline of April 15, 2016, for such responses.

The Court should deny the objections of Wayne Clarke ("Clarke") related to Remediation Fund benefits, and the Lump Sum Payment in particular, for the following reasons: (1) Clarke failed to confer with the Knauf Defendants regarding Remediation Fund benefits, as required by Section 4.2.9 of the Knauf Class Settlement Agreement,[2] (2) Clarke is a Commercial Owner, and Commercial Owners are not eligible for the Lump Sum Payment, and (3) Clarke's Affected

---

[1] The Knauf Defendants include Knauf Plasterboard (Tianjin) Co., Ltd., Knauf Plasterboard (Wuhu) Co., Ltd., Guangdong Knauf New Building Material Products Co., Ltd., Knauf Gips KG, Gebr. Knauf Verwaltungsgesellschaft KG, Knauf International GmbH, Knauf Insulation GmbH, Knauf UK GmbH, Knauf AMF GmbH & Co. KG, Knauf do Brasil Ltda., and PT Knauf Gypsum Indonesia.

[2] Third Amended Settlement Agreement Regarding Claims Against the Knauf Defendants in MDL No. 2047 (Rec. Doc. 16407-3), as amended by the Fourth Amendment (Rec. Doc. 17165-1).

Property was never inspected by an Approved Inspector, a requirement to qualify for Remediation Fund benefits.

The Knauf Defendants do not oppose Clarke's objections related to Other Loss Fund benefits and agree with Clarke that the *meet and confer* requirement of the Knauf Class Settlement Agreement was satisfied as it relates to Other Loss Fund benefits.[3]

## I. BACKGROUND

Clarke is a claimant in the *Payton* omnibus complaint.[4] Clarke did not opt out of the Knauf Class Settlement Agreement,[5] and he is, therefore, a Class Member, as defined in the Agreement.[6] Clarke's Affected Property, 1205 Magnolia Street, Ocean Springs, Mississippi, was foreclosed upon prior to a confirmatory inspection by an Approved Inspector; it is not a KPT Property under the Knauf Class Settlement Agreement.

Clarke filed claims to the Other Loss Fund seeking benefits related to lost rents and foreclosure, but he also included a claim for the Lump Sum Payment — a Remediation Fund benefit — within the Miscellaneous Claim Form filed with the Special Master, though the Miscellaneous Claim Form is for Other Loss Fund claims only. Clarke seeks the Lump Sum Payment pursuant to Section 4.3.5.1 of the Knauf Class Settlement Agreement. After the Lump Sum Payment claim was denied, and prior to filing objections to the Special Master's award with the Court, Clarke's counsel contacted counsel for the Knauf Defendants to satisfy the *meet and confer* requirements of the Knauf Class Settlement Agreement.[7] At that time, it was not made known to the Knauf Defendants that Clarke would file an objection related to the Lump Sum

---

[3] *Id*. at Section 4.6.8.

[4] *Payton, et al. v. Knauf Gips KG, et al.*, 2:09-cv-07628 (E.D. La. 2009).

[5] Third Amended Settlement Agreement Regarding Claims Against the Knauf Defendants in MDL No. 2047 (Rec. Doc. 16407-3), as amended by the Fourth Amendment (Rec. Doc. 17165-1).

[6] Unless otherwise defined, all capitalized terms herein carry the same meanings as in the Knauf Class Settlement Agreement.

[7] *Id* at 4.2.9 and 4.6.8.

Payment. The Knauf Defendants expressed no opposition to Clarke's objections so long as they related to the Other Loss Fund.

On February 29, 2016, and on March 24, 2016, Clarke filed his Objections to the Special Master's determinations (Rec. Docs. 20114 and 20184), and on March 22, 2016, the Court issued an Order allowing responses to appeals of Special Master determinations, setting a deadline of April 15, 2016, for such responses.

## II.   LAW AND ARGUMENT

### A.   Clarke failed to confer with the Knauf Defendants regarding the Lump Sum Payment, which is a Remediation Fund benefit.

The Knauf Class Settlement Agreement requires that Class Members "meet and confer" with the Knauf Defendants prior to filing objections with the Court related to Remediation Fund benefits.

> Unless otherwise final and binding pursuant to the relevant sections below, decisions of the Special Master with respect to the Remediation Fund may be appealed by Settlement Class Counsel, the Knauf Defendants or an affected Class Member within 15 days of service of the Special Master's decision by filing an objection with the Court, but only after Settlement Class Counsel, the Knauf Defendants, and, if applicable, an affected Class Member's counsel meet and confer in an attempt to resolve such issue. Unless the Court orders otherwise, appeals will be based on the record and briefing before the Special Master without further evidentiary submissions, briefing or argument. Any Party may, at its own expense, request that proceedings before the Special Master be transcribed. The Court's decision on any objections will be final, with no further appeals permitted.[8]

Although Clarke contacted counsel for the Knauf Defendants regarding planned objections to the Special Master's determinations, Clarke failed to inform the Knauf Defendants that any objection would relate to the Special Master's denial of the Lump Sum Payment, which

---

[8] *Id*. at 4.2.9.

3

is a Remediation Fund benefit. During the "meet and confer," the position of the Knauf Defendants was made known, which is that they would not oppose an appeal related to the Other Loss Fund. The Lump Sum Payment, however, is a benefit provided to certain Class Members from the Remediation Fund.[9]

On March 22, 2016, the Court issued an Order allowing responses to appeals of Special Master awards with a deadline of April 15, 2016, and pursuant to Section 4.2.9 of the Knauf Class Settlement Agreement, the Knauf Defendants provide this response in an effort to clarify the issues presented by Clarke's appeal of the Special Master's denial of the Lump Sum Payment.

### B.     Clarke is a Commercial Owner, and Commercial Owners are not eligible for the Lump Sum Payment.

The Knauf Class Settlement Agreement divides the Owner Subclasses into the Residential Owner Subclass and the Commercial Owner Subclass. It is undisputed that Clarke is a Class Member in the Commercial Owner Subclass. The Lump Sum Payment, however, is only allocated to the Residential Owner Subclass. Commercial Owners are not eligible to receive the Lump Sum Payment, which is provided to Residential Owners for Other Covered Expenses.[10] Other Covered Expenses include various expenses that are inapplicable to Commercial Owners, such as alternative living expenses, personal property damage, and moving and storage expenses.

Sections 4.3.1 of the Knauf Class Settlement Agreement qualifies the payment of the Lump Sum Payment by limiting it to Residential Owners:

> …the Remediation Fund will pay the Lead Contractor or Other Approved Contractor to remediate the Owner's KPT Property…

---

[9] *Id.* at 4.3.1.1. The Lump Sum Payment is listed as a Remediation Fund benefit in the Knauf Class Settlement Agreement.

[10] Other Covered Expenses means "reimbursement for all alternative living expenses, personal property damage, maintenance of the KPT Property during remediation, including, but not limited to, payment of all utility bills, insurance, property taxes and maintenance of landscaping, and moving and storage expenses, incurred as a result of the remediation of the KPT Property, pursuant to Section 4.3.1.1 through 4.3.1.3." *Id.* at 1.47.

4

> plus, *for Residential Owners*, the applicable Other Covered Expenses according to the following criteria… (*emphasis* added).

The Settlement Agreement goes on to provide the various calculations of the Lump Sum Payment based on a KPT Property's square footage. Nowhere in the Agreement are the Lump Sum Payment or the Other Covered Expenses granted to Commercial Owners. Similar to Section 4.3.1, the sections of the Settlement Agreement concerning the Self-Remediation Option (4.3.2), the Cash-Out Option (4.3.3), and Already Remediated Properties (Exhibit A to the Agreement) all establish that the Lump Sum Payment is for Residential Owners and not for Commercial Owners.

    **C.**    **Clarke's Affected Property was never inspected by an Approved Inspector, a requirement to qualify for Remediation Fund benefits and the Lump Sum Payment.**

Clarke's Affected Property was never inspected by an Approved Inspector and never deemed a KPT Property, making the claimant ineligible for the Lump Sum Payment. The Knauf Class Settlement Agreement requires a confirmatory inspection by an Approved Inspector to qualify a claim for Remediation Fund benefits, and the provision of the Settlement Agreement through which Clarke makes his claim requires that the property be a KPT Property.

Clarke seeks the Lump Sum Payment through Section 4.3.5.1 of the Knauf Class Settlement Agreement, which is in the Remediation Fund benefits section of the Settlement Agreement.

> For Foreclosed Properties, (a) the Mortgagee shall be entitled to the benefits under Sections 4.3.1, 4.3.2 or 4.3.3, except for the Other Covered Expenses, but only if the Mortgagee became the Owner after foreclosure and remains the Owner of the Affected Property and the Mortgagee provides a release to the Knauf Defendants and Other Releasees; and (b) the Owner prior to the foreclosure shall be entitled to the Lump Sum Payment under Section 4.3.1.1, but not the Delay Period Payment under Section 4.3.1.2.

Clarke relies on the second part of the provision, which grants the Lump Sum Payment pursuant to Section 4.3.1.1 to owners who lost their Affected Properties to foreclosure. Section 4.3.1.1, however, limits the Lump Sum Payment to "KPT Properties," which is a defined term in the Knauf Class Settlement Agreement. KPT Properties are defined as "any Affected Property in which the KPT Drywall percentage exceeds 90%." The KPT Drywall Percentage can only be established by an Approved Inspector pursuant to Section 1.27 of the Knauf Class Settlement Agreement and the Inspection Protocol, Exhibit C to the Agreement. Clarke's property was never inspected by an Approved Inspector, given a KPT Drywall Percentage or deemed a KPT Property. Without the confirmatory inspection that provides a KPT Drywall Percentage, Clarke is not eligible for the Lump Sum Payment.

In the case of Mixed Properties, those containing both KPT Chinese Drywall and Other Chinese Drywall, the Lump Sum Payment is multiplied by the KPT Chinese Drywall Percentage.[11] Without a confirmatory inspection by an Approved Inspector, it is unknown whether a property would qualify as a KPT Property, a Mixed Property, or neither, making the Lump Sum Payment calculation impossible.

Further, the Lump Sum Payment is a Remediation Fund benefit under the Knauf Class Settlement Agreement. Section 4.4, the Remediation Fund Qualifying Procedures, provides the following procedures to *qualify* for Remediation Fund benefits, including the Lump Sum Payment:

> In order to qualify for benefits of the Remediation Fund an Owner Subclass Member whose property has not already been remediated must submit physical proof such as photographic evidence or inspection reports satisfactory to the Settlement Administrator that the property has KPT Chinese Drywall. The Settlement Administrator shall be trained on the identification of KPT Chinese

---

[11] *Id*. at 4.3.4., et seq.

6

> Drywall by the Approved Inspectors identified in the Inspection Protocol. An Owner Subclass Member who has submitted satisfactory physical proof must submit his property for an inspection pursuant to the Inspection Protocol by an inspector retained by the Knauf Defendants to verify (a) that the property contains KPT Chinese Drywall, (b) proof of corrosion or other acceptable evidence that the KPT Chinese Drywall was reactive, and (c) the KPT Chinese Drywall Percentage (which will also determine whether the Affected Property is a KPT Property or a Mixed Property).

The Clarke property has not been inspected by an Approved Inspector and has not received a KPT Drywall Percentage. Clarke, therefore, has not qualified for Remediation Fund benefits, including the Lump Sum Payment.

### III. CONCLUSION

For the foregoing reasons, the Court should deny Clarke's objections related to Remediation Fund benefits, and the Lump Sum Payment in particular. The Knauf Defendants do not oppose Clarke's objections related to Other Loss Fund benefits and agree with Clarke that the *meet and confer* requirement of the Knauf Class Settlement Agreement was satisfied as it relates to Other Loss Fund benefits.

Respectfully Submitted,

**BAKER, DONELSON, BEARMAN,
CALDWELL & BERKOWITZ, PC**

/s/ *Kerry J. Miller*
**KERRY J. MILLER (#24562), T.A.
DANNY J. DYSART (#33812)
RENE A. MERINO (#34408)**
201 St. Charles Avenue, Suite 3600
New Orleans, LA 70170
Telephone:   504.566.8646
Fax:              504.585.6946
Email:          kjmiller@bakerdonelson.com

*Counsel for the Knauf Defendants*

**CERTIFICATE OF SERVICE**

    I hereby certify that the above and foregoing pleading has been served upon Russ Herman, Plaintiffs' Liaison Counsel, by email, and to all parties by electronically uploading the same to LexisNexis File & Serve in accordance with Pre-Trial Order No. 6, and that the foregoing was filed with the Clerk of Court of the United States Court for the Eastern District of Louisiana, on this 14th day of April 2016.

                                        /s/ *Kerry J. Miller*____
                                        **KERRY J. MILLER**