UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: CHINESE MANUFACTURED DRYWALL PRODUCTS LIABILITY LITIGATION | : : : | MDL NO. 2047 |
| | : | SECTION: L |
| This Document Relates to: All Cases | : : | JUDGE FALLON |
| .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. | : | MAG. JUDGE WILKINSON |

## SETTLEMENT ADMINISTRATOR'S OMNIBUS RESPONSE TO OTHER LOSS CLAIM APPEALS

The Settlement Administrator for the Chinese Drywall Settlement Program respectfully submits this Omnibus Response to appeals of the Special Master's final determinations on non-bodily injury appealed claims.[1]

## INTRODUCTION

The Knauf Settlement Agreement allows Claimants to submit a number of different claims for compensation due to damage allegedly caused by Chinese Drywall. Claims unrelated to remediation of a property are known as "Other Loss Claims." During the course of the Chinese Drywall Settlement Program, the Settlement Administrator received 7,986 Other Loss claims. These claims were reviewed by the Settlement Administrator, who reviewed claim documentation for completeness and issued an eligibility notice using amounts set forth in PTO 29. Claimants who were unsatisfied with this award had the option to appeal their award to the Special Master. The Special Master independently reviewed these claims and through the Settlement Administrator, issued a new award determination. Claimants who remained unsatisfied with the Special Master's award had the option to appeal directly to the Court. Out of the starting population of 7,986 claims, 41 claims have been appealed to the Court. This

---

[1] The Settlement Administrator filed an Omnibus Response to Bodily Injury claims under seal pursuant to the Court's Order in Rec Doc 20135.

1

omnibus response relates to all 41 appealed claims, which are listed individually in Table 1 below.

| | Table 1. Appealed Claims | | | |
|---|---|---|---|---|
| | A. Miscellaneous | | | |
| Row | Claimant Name | Claimant ID | Claim ID | Appeal Doc # |
| 1. | Wayne Clarke | 100055 | 12175 | 20114 |
| 2. | Terrence DeMots | 107722 | 15251 | 20126 |
| 3. | Patrick and Kathleen Dennis | 104581 | 14315 | 20103 |
| 4. | Tarek and Andrea Loutfy | 105182 | 23123 | 20123 |
| 5. | McBride Family Properties, LLC | 108501 | 14740 | 20133 |
| 6. | Adelky Pena | 102541 | 10411 | 20099 |
| 7. | Prime Homes at Portofino Falls, Ltd. | 104005 | 10320 10321 10433 10867 10871 10872 10874 10875 10878 10904 10909 19572 19574 19575 19577 19579 19581 19582 22041 | 20134 |
| 8. | RMM Investments, LLC | 112426 | 15016 15083 | 20124 |
| 9. | Sam Sumner Jr. | 107419 | 14558 | 20137 |
| 10. | Julian Thornton | 107700 | 19418 | 20125 |

| Row | Claimant Name | Claimant ID | Claim ID | Appeal Doc # |
|---|---|---|---|---|
| | **B. Foreclosure Short Sale** | | | |
| 11. | Mirtha Arias | 102336 | 807 | 20183 |
| 12. | Domenico Bellitti | 114093 | 10214 | 20195 |
| 13. | Wayne Clarke | 100055 | 6799 | 20184 |
| 14. | Monica Ferguson | 104459 | 6562 | 20193 |
| 15. | Henry & Naneth Perdomo | 104316 | 2060 | 20194 |
| | **C. Pre-Remediation Alternative Living Expenses** | | | |
| 16. | Chris Ancira | 103167 | 9433 | 20136 |
| 17. | Hedy Duplessis | 113734 | 12646 | 20139 |
| 18. | Meir Genoune | 111712 | 4171 | 20141 |
| | **D. Lost Rent Use or Sales** | | | |
| 19. | 1100 Valencia LLC | 113238 | 6381 | 20188 |
| 20. | Terrence DeMots | 107722 | 15234 | 20189 |
| 21. | Paul Doering | 107712 | 9879 9878 | 20190 |

## LEGAL STANDARD

The Knauf Settlement Agreement of the Knauf Settlement Agreement provides that:

The Special Master will evaluate all claims and may reject, accept in part or accept in whole each claim submitted. In evaluating each Participating Class Member's claim, the Special Master shall apply tort principles regarding causation and loss of the state where the Affected Property relating to that Participating Class Member is located.

Knauf Agreement, Section 4.7.4.4

The review methodology used by the Special Master in reviewing appeals of Other Loss claims is attached as Exhibit 1. As discussed below, the Special Master applied this methodology to the claims listed below in determining the appropriate award amount.

### A. Miscellaneous Claims

Section 4.7.3.1 of the Third Amended Knauf Settlement Agreement ("the Agreement") provides that

> The Special Master and the MDL Court may, in their discretion, consider and allow claims that are not explicitly provided in Sections 4.7.1.1, 4.7.1.2, 4.7.1.3, 4.7.1.4, 4.7.1.5 and 4.7.1.6, so long as the claims are equitably justified and do not involve claims for the specifically enumerated Other Loss Exclusions. In considering any such additional claims, the Special Master and the MDL Court may, in their discretion, adjust the amount of the claims so as to protect Other Loss funds for other Settlement Class Members.

Claims submitted pursuant to this paragraph are known as "Miscellaneous" claims.

1. *Wayne Clarke*, Record Doc. # 20114. The Claimant seeks reimbursement for lost rent outside of the remediation period, as well as the Lump Sum Payment provided to homeowners with approved claims under the Knauf Remediation Fund. The Special Master determined that lost rent outside of the remediation period sought by this Claimant was not equitably justified because the Settlement Agreement only allows compensation for three months of lost rent. The Special Master determined that the Lump Sum Payment benefit is contemplated under the Knauf Remediation Fund and was not compensable as a Miscellaneous claim.

2. *Terrence DeMots,* Record Doc. # 20126. The Claimant seeks compensation for HVAC repair, lost rent outside of the remediation period and carrying costs. The Special Master determined that the damages sought by this Claimant for lost rent outside of the remediation period and carrying costs were not equitably justified. The Special Master determined that the Claimant had submitted documents that demonstrated a loss of $943.00.

3. ***Patrick and Kathleen Dennis,*** Record Doc. # 20103.  The Claimants seek compensation for lost wages and loss of job opportunity. The Special Master determined that these damages sought by the Claimants were not equitably justified as they were not causually related to the presence of Chinese Drywall.

4. ***Tarek and Andrea Loutfy,*** Record Doc. # 20123.  The Claimants seek compensation for lost rent outside of the remediation period.  The Special Master determined that these damages sought by these Claimants were not equitably justified because the Settlement Agreement only allows compensation for three months of lost rent.

5. ***McBride Family Properties, LLC***, Record Doc. # 20133. The Claimant seeks compensation for carrying costs, such as HOA fees, lost rent outside of the remediation period, maintenance fees and taxes.  The Special Master determined that the damages sought by this Claimant were not equitably justified as they would have been incurred regardless of the presence of Chinese Drywall.

6. ***Adelky Pena,*** Record Doc. # 20099. The Claimant seeks compensation for expenses related to carrying costs, such as property taxes and loan interest, loss of a pending slales contract and selling the Affected Property at a reduced value after remediation.  The Special Master determined that the damages sought by this Claimant were not equitably justified. A claim for loss of a pending sales contract is explicitly excluded under the Miscellenaous claim type as it is covered under the Lost Sale claim type. Additionally, a claim for selling an Affected Property at a reduced value is also explicitly excluded under the Miscellenaous claim type as it is covered under the Short Sale claim type.

7. ***Prime Homes at Portofino Falls, Ltd.,*** Record Doc. # 20134. The Claimant seeks compensation for expenses related to carrying costs, maintenance costs for the replacement of

5

stucco and HVAC units damaged by Chinese Drywall totaling $4,476,758.00. The Special Master determined that the damages sought by this Claimant were not equitably justified. Replacement of stucco is explicitly excluded under the Miscellaneous claim type as it is covered under the Global, Banner, InEx, Repair and Relocation Expenses claim type. The Claimant also failed to provide receipts specifically allocating and detailing the HVAC expenses for each of the 19 units referenced in its appeal.

        8.      *RMM Investments, LLC,* Record Doc. # 20124. The Claimant seeks compensation for lost rent outside of the remediation period. The Special Master determined that the damages sought by this Claimant were not equitably justified because the Settlement Agreement only allows compensation for three months of lost rent.

        9.      *Sam Sumner Jr.,* Record Doc. # 20137. The Claimant seeks compensation for alternative living expenses incurred becusae of relocation due to the the Claimant's job and not because of Chinese Drywall. The Claimant also seeks compensation for expenses associated with carrying costs on the Affected Property, such as utilities, mortgage, property tax, sewer, termite bond and HOA dues. The Special Master determined that the damages sought by this Claimant were not equitably justified because they would have been incurred regardless of the presence of Chinese Drywall.

        10.      *Julian Thornton,* Record Doc. # 20125. The Claimant seeks compensation for lost wages and remediation expenses. The Special Master determined that lost wages sought by this Claimant were not equitably justified because they are not contemplated in the Settlement Agreement. The Settlement Administrator determined that remediation expenses are explicitly excluded under the Miscellaneous claim type because they are covered by the Global, Banner, InEx, Repair and Relocation Expenses claim type.

### B. Foreclosure Short Sale Claim Type

11.     *Mirtha Arias*, Record Doc. # 20183.  The Claimant seeks reimbursement for the inability to rent the Affected Property. However, lost rental income is not compensable under the Foreclosure/Short Sale framework as set forth in the Settlement Agreement.  The Special Master determined that the Claimant had submitted documents that entitled her to $80,526.49 in compensation.

12.     *Domenico Bellitti*, Record Doc. # 20195.  The Claimant seeks reimbursement for closing costs, interest payments, carrying costs, and lost rental income.  However, these expenses are not compensable under the Foreclosure Short Sale framework as set forth in the Settlement Agreement.  The Special Master determined that the Claimant had submitted documents that entitled him to $82,652.63.

13.     *Wayne Clarke*, Record Doc. # 20184.  The Claimant seeks reimbursement for interest payments, a reduction in the tax assessed value of the home and compensation to repay an outstanding U.S. Small Business Administration loan that was obtained to repair the Affected Property due to Hurricane Katrina, prior to the discovery of Chinese Drywall. Interest payments and a reduction in the tax assessed value of an Affected Property are not compensable under the Foreclosure Short Sale framework as set forth in the Settlement Agreement.

14.     *Monica Fergusson*, Record Doc. # 20193.  The Special Master determined that the Claimant had submitted documentation that entitled her to $75,000.00 in compensation. The Claimant asserted an additional $30,000.00 in capital improvement expenses, but did not submit documentation verifying the expenses.

15.     *Henry & Naneth Perdomo* Record Doc. # 20194. The Claimants seek reimbursement for satisfying a $83,646.31 deficiency balance, but did not submit documentation

verifying the deficiency was paid in full. The Special Master determined that the Claimants had submitted documents that entitled them to $44,394.57 in compensation.

### C. Pre-Remediation Alternative Living Expenses

16. *Chris Ancira*, Record Doc. # 20136. The Claimant seeks reimbursement for expenses associated with monthly rental payments on an alternative residence for 13 months and monthly mortgage payments on a new residence for 16 months prior to remediation. The Claimant failed to provide proof of payment relating to rental payments on an alternative residence. The Special Master determined that the Claimant had submitted documents that entitled him to $14,400.00 in compensation.

17. *Hedy Duplessis*, Record Doc. # 20139. The Claimant seeks reimbursement for expenses associated with monthly rental payments on an alternative residence, utility and maintenance costs for both the Affected Property and the alternative residence, miscellaneous expenses such as HVAC repairs, grass maintanence, HOA fees, and other expenses incurred after the start of remediation. The Special Master determined that the a portion of the damages sought by this Claimant were not equitably justified because they would have been incurred regardless of the presence of Chinese Drywall. The Special Master determined that the Claimant had submitted documents that entitled her to $15,877.11.

18. *Meir Genoune*, Record Doc. # 20141. The Claimant seeks reimbursement for expenses associated with mortgage payments on an alternative residence and lost monthly rental income. However, lost rental income is not compensable under the Pre-Remediation Althernative Living Expenses claim type framework as set forth in the Settlement Agreement. The Special Master determined that the Claimant had submitted documents that entitled him to $14,400.00

### D. Lost Use, Sales and Rentals

**19.** *1100 Valencia LLC*, Record Doc. # 20188. The Claimant submitted a Lost Sales claim and seeks reimbursement for interest payments, carrying costs, and a $299,379.91 initial deposit on the Affected Property. The Agreement provides that a Claimant may only recover interest payments on a loan; carrying costs and deposits are not covered by the Lost Use, Sales, and Rentals claim type. The Special Master determined that the Claimant had submitted documents that entitled it to $41,338.98.

**20.** *Terrence DeMots*, Record Doc. # 20189. The Claimant submitted a Lost Rent claim and seeks reimbursement for lost rent beyond the three month remediation period. The Agreement allows Claimants to recover lost rent for a period not to exceed three months. The Special Master determined that the Claimant had submitted documents that entitled him to $5,400.00.

**21.** *Paul Doering*, Record Doc. # 20190, 20191. The Claimant submitted two Lost Rent claims and seeks reimbursement for lost rent beyond the three month remediation period. The Agreement allows Claimants to recover lost rent for a period not to exceed three months. The Special Master determined that the Claimant had submitted documents that entitled him to awards of $2,850.00 and $2,400.00.

### CONCLUSION

Based on the foregoing, the Court should affirm the determinations issued by the Special Master for the claims listed above. The Settlement Administrator will be present in Court at the May 5, 2016 hearing on the objections to the Special Master Awards and will be available to provide additional information as requested by the Court.

Respectfully submitted,

__/s/ Jacob Woody_____
Lynn Greer, Esquire (Va. Bar No. 29211)
Jacob S. Woody, Esquire (Va. Bar No. 77485)
BrownGreer, PLC
250 Rocketts Way
Richmond, VA 23231
Telephone: (804) 521-7234
Facsimile: (804) 521-7299
lgreer@browngreer.com
jswoody@browngreer.com

*Settlement Administrator for the Chinese Drywall Settlement Program*

## **CERTIFICATE OF SERVICE**

I hereby certify that the above pleading will be served on by electronically uploading the same to LexisNexis File & Serve in accordance with Pretrial Order No. 6, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/EDF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2047, on the 15th day of April, 2016.

   /s/Jacob Woody
Lynn Greer, Esquire (Va. Bar No. 29211)
Jacob S. Woody, Esquire (Va. Bar No. 77485)
BrownGreer, PLC
250 Rockets Way
Richmond, VA 23231
Telephone: (804) 521-7200
Facsimile: (804) 521-7299
lgreer@browngreer.com
jswoody@browngreer.com

*Settlement Administrator for the Chinese Drywall Settlement Program*