**CHINESE DRYWALL SETTLEMENT PROGRAM**

**MDL 2047**

**Special Master Other Loss Review Methodology**

a. *Pre-Remediation Alternative Living Expenses.*

A Claimant requesting an Award pursuant to this category can only recover expenses incurred before the date of remediation. Therefore, as a prerequisite to recovery, the Claimant must prove the date the remediation began. Furthermore, a Claimant can only recover expenses that were incurred *because of* the presence of Chinese Drywall (for instance, a payment for lawn maintenance of the affected property typically would not be recoverable, inasmuch as that expense would have been incurred even in the absence of Chinese Drywall). Furthermore, while a Claimant may recover for the rental (and associated expenses) of a temporary residence, the Claimant may not recover for the purchase of a new residence, since the Claimant would have a permanent equity interest in the new residence.

b. *Lost Use, Sales and Rentals.*

The Settlement Agreements only allow for reimbursement of up to three months for the inability to use or rent an Affected Property. A Claimant cannot recover for any similar loss beyond three months, even if the Claimant characterizes the claim as a Miscellaneous claim.

c. *Foreclosures/Sales in Mitigation (Short Sales).*

A Claimant requesting an Award pursuant to this category must prove the amount of Lost Equity for the Affected Property. The calculation for Lost Equity is defined in the Settlement Agreements.

Example:

Claimant purchases the affected property for $100,000. Claimant pays $5,000 in closing costs. Bank initially holds a $90,000 mortgage on the Affected Property. Claimant subsequently pays $5,000 for capital improvements. Claimant pays $20,000 in installment payments, of which $7,500 is principal and $12,500 is interest. The Affected Property is appraised for $200,000. Claimant discovers Chinese Drywall, and Bank forecloses.

Lost Equity = $100,000 (purchase price) – $90,000 (initial mortgage) + $5,000 (capital improvements) + $7,500 (payments on principal) = $22,500

Note that the closing costs, the appraised value, and the payments on interest are not considered in the Lost Equity calculation.

493781
12/2/15

*d.* *Tenant Losses.*

The Settlement Agreements are self-explanatory in this respect.

*e.* *Bodily Injury.*

A claimant requesting an Award pursuant to this category must submit expert evidence that satisfies Federal Rule of Evidence 702 and *Daubert v. Merrell Dow Pharms., Inc.*, 509 U.S. 579 (1993) and its progeny.

*f.* *Miscellaneous.*

Members of the Owner Class may request a Miscellaneous Award for damage to personal property and to appliances. Such requests must not be duplicative of other Awards (including awards from the Remediation Fund), and must not be specifically excluded by any other provisions of the Settlement Agreements. Furthermore, the Miscellaneous category is not a "catch-all" intended to reimburse all damages which do not meet the requirements of other categories. Some claimants may find that the Settlement Agreements, as written, do not fully reimburse their damages.