UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: CHINESE MANUFACTURED DRYWALL PRODUCTS LIABILITY LITIGATION | MDL NO. 2047 <br><br> SECTION "L" <br><br> JUDGE FALLON <br><br> MAG. WILKINSON |

**MEMORANDUM IN OPPOSITION TO MOTION TO EXTINGUISH THE KNAUF DEFENDANTS' SETTLEMENT OBLIGATIONS FOR CERTAIN ALREADY REMEDIATED HOME CLAIMS**

MAY IT PLEASE THE COURT:

Claimant, Frank Barrett (hereinafter "Mr. Barrett"), through undersigned counsel, respectfully submits the following Memorandum in Opposition to Motion to Extinguish the Knauf Defendants' Settlement Obligations for Certain Already Remediated Home Claims. Plaintiff respectfully requests that this Honorable Court deny the *Motion to Extinguish the Knauf Defendants' Settlement Obligations for Certain Already Remediated Home Claims* (Rec. Doc. 20202) for the following reasons:

**INTRODUCTION**

Mr. Barrett is the homeowner of 715 Topaz Street, New Orleans, LA 70124. On April 8, 2016, the Knauf Defendants filed a *Motion to Extinguish the Knauf Defendants' Settlement Obligations for Certain Already Remediated Home Claims* (Rec. Doc. 20202). The Notice of Submission for this Motion is on Wednesday, April 27, 2016, beginning at 9:00 a.m. or as soon thereafter as counsel can be heard. Mr. Barrett is one of the "Already Remediated Home" claimants which the Knauf Defendants asked this Honorable Court to extinguish because of the

1

alleged failure to comply with the Knauf Class Settlement Agreement, Pre-Trial Order 1(B), Pre-Trial Order 26, and/or the Already Remediated Properties Protocol.

## LAW AND ARGUMENT

On or before March 4, 2016, counsel for Mr. Barrett contacted counsel for the Knauf defendants regarding Mr. Barrett's "Already Remediated Home" Claim(s). On March 4, 2016, counsel for the Knauf defendants sent email correspondence to counsel for Mr. Barrett which stated among other things, that "I am copying Danny Dysart, who reviews and negotiates "Already Remediated Property" claims" (*Please see* March 4, 2016 email correspondence attached hereto as Exhibit "A"). On March 24, 2016, counsel for the Knauf defendants sent email correspondence to counsel for Mr. Barrett which provided a list of ARH required information to determine if the claim(s) was/were compensable under the settlement. (*Please see* March 24, 2016 email correspondence attached hereto as Exhibit "B"). After receipt of the March 24, 2016 email correspondence from counsel for the Knauf defendants, counsel for Mr. Barrett contacted Mr. Barrett regarding the need for the required information. Counsel for Mr. Barrett and Mr. Barrett have worked diligently to get the requested information and said information has been provided to counsel for the Knauf Defendants. *(Please see* April 11, 2016, April 14, 2016, and April 18, 2016 email correspondence attached hereto as Exhibit "C"). Counsel for Mr. Barrett has also uploaded the requested documents to the Chinese Drywall Settlement Program portal. (*Please see* Doc IDs 341755 through 341780). Subsequent to the April 18, 2016 email correspondence sent to counsel for the Knauf defendants, counsel for Mr. Barrett has not been contacted by counsel for the Knauf Defendants regarding the need for any additional information. Mr. Barrett has complied with the Knauf Class Settlement Agreement, Pre-Trial Order 1(B), Pre-Trial Order 26, and the Already Remediated Properties Protocol. Mr.

Barrett has provided the Knauf defendants and the Settlement Administrator with documentation, including but not limited to, Owner Disclosure Affidavit, before and after photo documentation, proof of payment, construction scope/costs, environmental certificate and floor plans. Mr. Barrett has responded to the March 24, 2016 request for documentation from the Knauf Defendants. Mr. Barrett has also provided proof that his property contained KPT Chinese Drywall. Therefore, this Honorable Court should not extinguish the Knauf Defendants' settlement obligations for Mr. Barrett.

## CONCLUSION

For the foregoing reasons, Mr. Barrett respectfully requests that Defendants' *Motion to Extinguish the Knauf Defendants' Settlement Obligations for Certain Already Remediated Home Claims* (Rec. Doc. 20202) be denied.

Respectfully submitted,

**BRUNO & BRUNO, LLP**

/s/ Joseph M. Bruno
Joseph M. Bruno, (La. Bar No. 3604)
Bruno & Bruno, L.L.P.
855 Baronne Street
New Orleans, Louisiana 70113
Telephone: (504) 525-1335
Facsimile: (504) 561-6775
*Counsel for Frank Barrett*

## CERTIFICATE OF SERVICE

I hereby certify that the above and foregoing Memorandum has been served on Plaintiffs' Liaison Counsel, Russ Herman, and Defendants' Liaison Counsel, Kerry Miller, by U.S. Mail and email and upon all parties by electronically uploading the same to File & ServeXpress in accordance with Pretrial Order No. 6, and that the foregoing was electronically filed with the

Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF system, which will send a notice of electronic filing in accordance with the procedures established in MDL 2047, on this 19th day of April, 2016.

/s/ Joseph M. Bruno