UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: CHINESE MANUFACTURED DRYWALL PRODUCTS LIABILITY LITIGATION | : : : | MDL NO. 2047 |
| | : | SECTION: L |
| This Document Relates to All Cases | : : | JUDGE FALLON |
| .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. | : | MAG. JUDGE WILKINSON |

**REPORT BY THE SETTLEMENT ADMINISTRATOR FOR THE CHINESE DRYWALL SETTLEMENT PROGRAM**

**STATUS REPORT NO. 32 DATED APRIL 25, 2016**

The Settlement Administrator for the Chinese Drywall Settlement Program (the "Settlement Program") submits this Status Report to inform the Court of the status of the Chinese Drywall Settlement Program as of April 25, 2016. The Settlement Administrator will provide additional information as requested by the Court.

## I. STIPEND LIST

On December 17, 2014, the Court issued an Order granting the Fee Committee's inspection costs and hold back motion pursuant to Pre-Trial Order No. 28(E) and accepted the recommendation of the Fee Committee that a reasonable stipend of $1,000.00 per property for those properties where KPT Chinese Drywall is present, including homes with mixed board that includes KPT Chinese Drywall. The Court further accepted the Fee Committee's recommendation that for those properties with non-KPT Chinese Drywall only, a reasonable stipend should be $150.00 per property (See Rec. Doc. 18215). The stipend payment applies to eligible Chinese Drywall properties that are in the MDL Settlements.

The Settlement Administrator reviewed the Chinese Drywall Settlement Program databases and sent a Stipend List to each firm that participated in the Chinese Drywall

1

Settlement Program. The Stipend List shows all properties on file with the Chinese Drywall Settlement Program for a firm and an initial determination as to whether a property is eligible for a stipend payment, and if so, the amount of the stipend available for each property. The Settlement Administrator instructed firms to review the list carefully and submit any objections or proposed corrections.

The Court issued PTO 30 on November 23, 2015. PTO 30 establishes the policies and procedures for stipend payments and also includes the final list of all stipend payments as an exhibit. There were no appeals to PTO 30 filed within the 30 day appeal period, and on December 28, 2015 the Settlement Administrator began issuing stipend payments to law firms who submitted complete stipend payment documentation.

To date, the Settlement Administrator has issued a total of $4,655,350.00 in stipend payments, which is 92% of the total stipend payment amount. Firms must submit a complete Stipend Verification Form, a Counsel Wire Instruction Form and a W-9 in order to receive a stipend payment. The Settlement Administrator recently sent an email reminder to attorneys eligible to receive the stipend payment and who have not returned these required documents, and will continue to issue payment to firms that submit the required documents.

## II. STATUS OF CLAIMS

The Settlement Administrator opened the Settlement Program on March 27, 2013 following the Court's Order requiring registration of claims. The registration period closed on October 25, 2013 after several deadline extensions. Claim forms became available for both online and hard copy submission on May 27, 2013 and were available until the October 25, 2013 claims filing deadline. Claimants filed a total of 22,786 claims with the Settlement Program.

The Settlement Administrator has completed review of all submitted claims. Table 1 provides a detailed breakdown of the number of claims filed and reviewed.

| Table 1. Claims Review Summary (As of 4/25/16) | | | |
|---|---|---|---|
| Row | Claim Type | Submitted Claims | Reviewed Claims |
| 1. | Bodily Injury | 871 | 871 |
| 2. | Foreclosure or Short Sale | 944 | 944 |
| 3. | Global, Banner, InEx Repair and Relocation Expenses | 12,760 | 12,760 |
| 4. | Knauf Remediation | 1,382 | 1,382 |
| 5. | Lost Rent, Use, or Sales | 1,937 | 1,937 |
| 6. | Miscellaneous | 4,070 | 4,070 |
| 7. | Pre-Remediation Alternative Living Expenses | 762 | 762 |
| 8. | Tenant Loss | 60 | 60 |
| 9. | **Total** | **22,786** | **22,786** |

**III.   STATUS OF CLAIMS REVIEW BY CLAIM TYPE**

    **a.   Knauf Remediation Claims Review**

Table 2 summarizes the result of the Knauf Remediation claims reviewed. Claimants who have submitted sufficient indicia of KPT Chinese Drywall require an inspection from a Program Inspector to confirm the presence and amount of KPT Chinese Drywall in the Claimants' property. Properties for which a Program Inspection has confirmed the presence of KPT Chinese Drywall require an estimate of the cost of remediation from Moss Construction, the Program Contractor. Finally, claimants who already have an estimate from Moss Construction need to return Work Authorization and/or Releases before remediation can begin.

| Table 2. Knauf Remediation Review Results (As of 4/25/16) | | |
|---|---|---|
| Row | Review Result | # of Claims |
| 1. | Program Inspection Required | 43 |
| 2. | Moss Estimate Required | 10 |
| 3. | Work Authorization Required | 9 |
| 4. | Denied | 1,234 |
| 6. | Incomplete | 0 |
| 7. | Lower Case KPT | 53 |
| 8. | Claim Withdrawn | 33 |
| 9. | **Total** | **1,382** |

b. **Global, Banner, InEx Repair and Relocation Claims Review**

Global, Banner, and InEx claims are claims made against three separate settlement funds for repair and relocation expenses. Table 3 summarizes the result of Global, Banner, InEx Repair and Relocation review results.

| Table 3. Global, Banner, InEx Repair and Relocation Review Results (As of 4/25/16) | | |
|---|---|---|
| Row | Review Result | # of Claims |
| 1. | Eligible | 10,612 |
| 2. | Denied | 1,738 |
| 3. | Incomplete | 0 |
| 4. | Claim Withdrawn | 410 |
| 5. | **Total** | **12,760** |

Payments for Global, Banner, and InEx Repair and Relocations claims are based on a pro-rata distribution of available funds. The amount available to each claimant depends on the Under Air Square Footage (the area of the property that is heated and cooled and suitable for habitation year round) of the claimant's property and the Settlement(s) from which they are eligible for compensation.

Table 4 provides the total Under Air Square Footage of all eligible properties and the amounts available for each Chinese Drywall Settlement. The Settlement Administrator has

calculated the total available per square foot by dividing the amount available for distribution by the total Under Air Square Footage of all eligible properties.  The "Total Eligible Under Air Square Footage" column in Table 4 below contains the Under Air Square Footage for all eligible claims, including claims submitted by Knauf pursuant to CAP 2014-8, and all open claims.  The "Payment Per Square Foot" column in Table 4 is the product of the amount in the "Settlement Amount Available" column divided by the amount in the Total Eligible and Under Air Square Footage column.

| Table 4.  Global, Banner, InEx Repair and Relocation Payment Calculation |||||
|---|---|---|---|---|
| Row | Settlement Fund | Settlement Amount Available | Total Eligible Under Air Square Footage | Payment Per Square Foot |
| 1. | Banner | $32,407,975.79 | 10,588,086 | $2.97 |
| 2. | InEx | $2,068,286.11 | 5,575,028 | $0.36 |
| 3. | Global Builder | $18,779,229.25 | 8,974,310 | $2.03 |
| 4. | Global Supplier | $13,980,092.89 | 4,041,779 | $3.36 |
| 5. | Global Installer | $8,972,298.42 | 9,170,409 | $0.95 |
| 6. | **Total** | **$76,207,882.46** | **38,349,612** | N/A |

Table 5 provides details of payments issued for Global, Banner, InEx Repair and Relocation claims to date. The Parties approved CAP 2014-9, which authorizes payments, on September 11, 2014 and the Settlement Administrator began issuing payments on September 12, 2014. Eligible claimants must submit a W-9 and Verification of Claims form in order to receive payment for a claim.  In some cases, the Settlement Administrator will hold payment on claims even if all required documents have been submitted, most commonly when two claims are submitted for a single property.

| | Table 5. Global, Banner, InEx Payments (As of 4/25/16) | | | |
|---|---|---|---|---|
| Row | Settlement Fund | # of Claims Paid | Total Disbursement | Remaining Funds |
| 1. | Banner | 4,307 | $26,157,892.64 | $6,250,083.15 |
| 2. | InEx | 1,950 | $1,517,800.76 | $550,485.35 |
| 3. | Global | 7,224 | $34,031,198.32 | $7,700,422.24 |
| 4. | **Total** | **13,481** | **$61,706,891.72** | **$14,500,990.74** |

c. Other Loss Claims Review

Other Loss claims include 6 separate claim types – Bodily Injury, Foreclosure/Short Sale, Lost Rent, Use, or Sales, Miscellaneous, Pre-Remediation Alternative Living Expenses, and Tenant Loss. Table 6 provides a detailed breakdown of Other Loss Claims review results.

| | Table 6. Other Loss Claim Summary (As of 4/25/16) | | | | |
|---|---|---|---|---|---|
| Row | Claim Type | Eligible | Denied | Incomplete | Total |
| 1. | Bodily Injury | 175 | 659 | 0 | 834 |
| 2. | Foreclosure or Short Sale | 697 | 223 | 0 | 920 |
| 3. | Lost Rent, Use or Sales | 1,242 | 423 | 0 | 1,665 |
| 4. | Pre-Remediation Alternative Living Expenses | 528 | 198 | 0 | 726 |
| 5. | Miscellaneous | 2,483 | 1,300 | 0 | 3,783 |
| 6. | Tenant Loss | 26 | 32 | 0 | 58 |
| 7. | **Total** | **5,151** | **2,835** | **0** | **7,986** |

d. Other Loss Claim Payment

The Court entered PTO 29 on December 23, 2014. PTO 29 authorizes the Settlement Administrator to make initial offers on all eligible Other Loss claims. These initial offers ("Resolution Offers") may be accepted by a claimant immediately upon receipt of the Resolution Offer and the Settlement Administrator will issue payment in the amount of the Resolution Offer. In the alternative, a claimant who does not wish to accept the Resolution Offer may, within 30 days of the Resolution Offer, request an increased offer from the Special Master by submitting a request to the Special Master for an increased award (a "Special Master Award").

6

The Special Master will review the request and issue a claim determination. The amount offered to a claimant after Special Master review may increase, decrease, or stay the same as the initial Resolution Offer.

The Settlement Administrator began issuing Eligibility Notices that contain Resolution Offers on January 13, 2015. Table 7 lists the details of Other Loss Resolution Offer Amounts, Eligibility Notices issued, Resolution Offer Acceptances and Special Master Award Requests.

| Table 7. Other Loss Resolution Offer Summary (As of 4/25/16) |
|---|---|---|---|---|
| Row | Claim Type | Eligibility Notices | Open Offers | Resolution Offer Acceptances | Special Master Award Requests |
| 1. | Bodily Injury | 175 | 0 | 113 | 62 |
| 2. | Foreclosure or Short Sale | 697 | 1 | 524 | 172 |
| 3. | Lost Rent, Use or Sales | 1,242 | 0 | 1,214 | 28 |
| 4. | Pre-Remediation Alternative Living Expenses | 528 | 0 | 442 | 86 |
| 5. | Miscellaneous | 2,483 | 0 | 2,107 | 376 |
| 6. | Tenant Loss | 26 | 0 | 23 | 3 |
| 7. | Total | 5,151 | 1 | 4,423 | 727 |

The Settlement Administrator began issuing payment for accepted Resolution Offers on January 19, 2015. Table 8 provides details on Other Loss payments.

| Table 8. Other Loss Payment Summary (As of 4/25/16) | | | |
|---|---|---|---|
| Row | Claim Type | # of Claims Paid | Total Disbursement |
| 1. | Bodily Injury | 112 | $112,000.00 |
| 2. | Foreclosure or Short Sale | 522 | $5,220,000.00 |
| 3. | Lost Rent, Use, or Sales | 1,208 | $5,944,180.74 |
| 4. | Miscellaneous | 2,094 | $4,277,216.66 |
| 5. | Pre-Remediation Alternative Living Expenses | 441 | $5,390,946.85 |
| 6. | Tenant Loss | 23 | $46,634.30 |
| 7. | Total | 4,400 | $20,990,978.55 |

IV.     SPECIAL MASTER AWARDS REVIEW

A total of 727 claimants responded to an Other Loss offer by requesting that the Special Master re-review their claim. The Special Master has completed review of all 727 claims, and on December 3, 2015, the Settlement Administrator issued Special Master Award Determination Notices to all claimants who requested Special Master review. These claimants had the option to accept the Special Master's determination or request Reconsideration. Responses were due to the Settlement Administrator by December 18, 2015. Of the 727 claims at issue, 400 claimants accepted the Special Master's determination and 327 requested Reconsideration. Table 9 provides a detailed breakdown of these claims.

| | Table 9. Special Master Award Acceptances and Reconsideration Requests (As of 4/25/16) | | | |
|---|---|---|---|---|
| | **Claim Type** | **Claimant Accepted SM Award** | **Claimant Requested Reconsideration** | **Total** |
| 1. | Bodily Injury | 13 | 49 | 62 |
| 2. | Foreclosure or Short Sale | 117 | 55 | 172 |
| 3. | Lost Rent, Use, or Sales | 14 | 14 | 28 |
| 4. | Miscellaneous | 192 | 184 | 376 |
| 5. | Pre-Remediation Alternative Living Expenses | 61 | 25 | 86 |
| 6. | Tenant Loss | 3 | 0 | 3 |
| 7. | **Total** | **400** | **327** | **727** |

There will be a significant pro-rata reduction to each Special Master Award because the total value of all Special Master Awards exceeds the amount available for distribution. For example, if the total amount of all Special Master Awards is $30,000,000, but there is only $15,000,000 available, all Awards will be reduced by 50% to fit the actual amount available for distribution. The exact pro-rata reduction will be finalized when all Other Loss claims are completely resolved and final determinations have been made. The Settlement Administrator cannot issue payments to claimants until the pro-rata reduction is finalized.

V. SPECIAL MASTER AWARD APPEALS

The Settlement Administrator and the Special Master have completed review of all Other Loss claims for which a claimant requested reconsideration. These are claims for which the Special Master issue an award amount and the claimant requested that the Special Master reconsider the offer. The only option available after reconsideration is an appeal directly to the Court. A total of 63 claims have been appealed to the Court as shown in Table 10 below. The Court will hold a hearing on the objections to the Special Master Awards on May 5, 2016, at 9 a.m. CT. The Court's ruling on the objections is final with no right of appeal, and once the Court rules, the Settlement Administrator will issue payment for all unpaid Other Loss claims.

| Table 10. Appeals of Final Special Master Awards (As of 4/25/16) | | |
|---|---|---|
| Row | Claim Type | # of Appeals |
| 1. | Bodily Injury | 22 |
| 2. | Foreclosure or Short Sale | 5 |
| 3. | Lost Rent, Use, or Sales | 4 |
| 4. | Miscellaneous | 29 |
| 5. | Pre-Remediation Alternative Living Expenses | 3 |
| 6. | Tenant Loss | 0 |
| 7. | Total | 63 |

VI. CLAIMS ADMINISTRATOR PROCEDURES

The Plaintiffs Steering Committee, the Knauf Defendants, the Builder class, and the Settlement Administrator have agreed on nine Claims Administrator Procedures ("CAPs") that clarify certain elements of the Settlement Program. The details of the nine CAPs are as follows:

1. ***Establishment of System for Creating and Tracking Chinese Drywall Settlement Program Claims Administration Procedures*** ("CAP 2013-1"). CAP 2013-1 establishes the CAP process and sets out the procedure for issuing CAPs.

9

2. *Clarification of Proof Requirements and Use of Affidavit to Prove Indicia* ("CAP 2013-2"). CAP 2013-2 sets out a detailed explanation of how the Settlement Administrator will review claims for indicia of Chinese Drywall and other facts related to builder, supplier, and installer information for an Affected Property. It also adopts an Affected Property Information Affidavit for use by claimants who do not have documentary evidence of their builder, supplier, or installer.

3. *Incomplete Claim Procedure* ("CAP 2013-3"). CAP 2013-3 sets out a detailed explanation of the procedure that the Settlement Administrator will follow in processing Incomplete Claims. Upon determining that a claim is incomplete, the Settlement Administrator will notify the claimant (or if represented, the claimant's counsel) of the incompleteness, and will list the documents or information necessary to complete the claim. The claimant or counsel will have 30 days to supply the missing documents or information.

4. *Time for Mediation Following Remediation by Lead Contractor* ("CAP 2013-4"). CAP 2013-4 sets forth the timing by which claimants, the Knauf Defendants, or the Lead Contractor may request mediation with the Special Master pursuant to the Knauf Settlement Agreement. This CAP relates solely to remediations conducted pursuant to section 4.3.1 of the Knauf Settlement Agreement (Option 1. Program Contractor Remediation Option/Property Not Yet Remediated).

5. *Appellate Procedure* ("CAP 2013-5"). CAP 2013-5 sets out a detailed explanation of the appellate procedure available to claimants after the Settlement Administrator issues an Eligibility, Denial, or Incompleteness Denial for a claim.

10

Claimants may appeal directly to the Special Master within 30 days of the issuance of an Eligibility, Denial, or Incompleteness Denial Notice for a claim. The Special Master will perform a de novo review of the claim and issue a written opinion.

6. *Miscellaneous Claims Processing Procedures* ("CAP 2013-6"). CAP 2013-6 establishes several important deadlines, as set forth below.

   a. *Claim Form Supplementation.* Claimants who have filed at least one claim on or before the Claims Submission Deadline may supplement previous claim filing(s) by filing additional claims on or before January 15, 2014.

   b. *Claims filed in Error.* If the Settlement Administrator determines that a claimant may have a valid claim but erroneously filed an incorrect claim form, the Settlement Administrator will notify the claimant of the filing error and allow the claimant 30 days to submit the proper claim form.

   c. *Submission of Supporting Documents.* Claimants may continue to submit supporting documents after the Claims Submission Deadline.

   d. *Claim Form Signature.* Claimants who have: (1) started but did not submit a claim form through the web portal; or (2) submitted a hard copy unsigned Claim Form to the Settlement Administrator on or before the Claims Submission Deadline will be permitted to sign and submit the claim on or before January 15, 2014.

   e. *Claims Created after Deadline.* Claimants whose claims do not come into existence until after the Claims Submission Deadline will be permitted to submit claims upon a showing that the claim did not exist until after the Claims

11

       Submission Deadline. The deadline to submit claims pursuant to this paragraph is February 28, 2014.

   f. ***Claims Assigned after the Deadline.*** Knauf Plasterboard Tianjin, Co. Ltd. ("Knauf") will be permitted to submit claims assigned to Knauf after the Claims Submission Deadline as part of Knauf's agreement to remediate properties containing KPT Chinese Drywall. The deadline to submit claims pursuant to this paragraph is February 28, 2014.

   g. ***Deadline to Return Work Authorization Packets.*** To the extent that claimants and/or their counsel have received Work Authorization Packets, including Releases those Work Authorization Packets must be returned to the Settlement Administrator by February 15, 2014.

7. ***Deadline to Submit Work Authorization Documents for Certain Claimants.*** ("CAP 2014-7").  CAP 2014-7 established a deadline of the later of April 30, 2014 or 30 days after the receipt of Work Authorization packets for all claimants eligible for remediation from Knauf to return Work Authorization Packets for an Option 1 remediation or all documentation required to be returned for Option 2 or Option 3 remediation.

8. ***Clarification of Proof Requirements for the Knauf Defendants' Claims Submissions.*** ("CAP 2014-8").  CAP 2014-8 sets forth the proof requirements for claims submitted by the Knauf Defendants for payment out of the Global, Banner, and InEx Settlements.

9. ***Distribution of Funds from the Global, Banner, and InEx Repair and Relocation Qualified Settlement Funds*** ("CAP 2013-9").   CAP 2013-9

establishes the procedures that the Settlement Administrator will use to distribute funds from the Global, Banner, InEx Repair and Relocation funds.

The Settlement Administrator has posted all CAPs to the Chinese Drywall Settlement Program website at https://www3.browngreer.com/Drywall/Un-Secure/CAProcedure.aspx and has filed copies of all approved CAPs with the Court and served the same on all parties via the Court's ECF notification system and LexisNexis file and serve.

### VII. SETTLEMENT ADMINISTRATOR CONTACT INFORMATION

Claimants can contact the Settlement Administrator by a variety of methods. Table 11 lists all contact information for the Settlement Administrator.

| Table 11. Chinese Drywall Settlement Program Settlement Administrator Contact Information |||
|---|---|---|
| **Row** | **Method** | **Detail** |
| 1. | Web Portal | www3.browngreer.com/drywall |
| 2. | Email Address | CDWQuestions@browngreer.com |
| 3. | Toll Free Number | (866) 866-1729 |
| 4. | Claim Submission Address | Chinese Drywall Settlement Administrator<br>P.O. Box 25401<br>Richmond, Virginia 23260 |
| 5. | Parcel Delivery | Chinese Drywall Settlement Administrator<br>250 Rocketts Way<br>Richmond, Virginia 23231 |

## VIII. CONCLUSION

The Settlement Administrator offers this Report to ensure that the Court is informed of the status of the Program to date. If the Court would find additional information helpful, we stand ready to provide it at the Court's convenience.

        Respectfully submitted,

        __/s/ Jacob Woody_____
        Lynn Greer, Esquire (Va. Bar No. 29211)
        Jacob S. Woody, Esquire (Va. Bar No. 77485)
        BrownGreer, PLC
        250 Rocketts Way
        Richmond, VA 23231
        Telephone:  (804) 521-7200
        Facsimile:  (804) 521-7299
        lgreer@browngreer.com
        jswoody@browngreer.com

        *Settlement Administrator for the Chinese Drywall Settlement Program*

**CERTIFICATE OF SERVICE**

I hereby certify that the above pleading will be served on by electronically uploading the same to LexisNexis File & Serve in accordance with Pretrial Order No. 6, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/EDF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2047, on this 25th day of April, 2016.

   /s/Jacob Woody_____
Lynn Greer, Esquire (Va. Bar No. 29211)
Jacob S. Woody, Esquire (Va. Bar No. 77485)
BrownGreer, PLC
250 Rockets Way
Richmond, VA 23231
Telephone:  (804) 521-7200
Facsimile:  (804) 521-7299
lgreer@browngreer.com
jswoody@browngreer.com

*Settlement Administrator for the Chinese Drywall Settlement Program*