UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: CHINESE-MANUFACTURED DRYWALL PRODUCT LIABILITY LITIGATION | : | MDL NO. 2047 |
| | : | |
| | : | SECTION: L |
| | : | |
| THIS DOCUMENT RELATES TO : | : | JUDGE FALLON |
| | : | |
| SAM SUMNER, JR | : | MAG. JUDGE |
| CLAIMANT # 107419 | : | WILKINSON |
| | : | |

**REPLY TO SPECIAL MASTER'S RESPONSE TO CLAIMANT SAM SUMNER, JR.'S OBJECTION TO THE SPECIAL MASTER'S DECISION ON HIS MISCELLANEOUS CLAIM**

Comes now Claimant Sam Sumner, Jr. through the undersigned counsel and files this Reply to Special Master's Response to Claimant's objection to the Special Master's Decision denying his Miscellaneous Claim, Claim # 14558. As grounds Claimant shows onto the court the following:

**OBJECTION FROM ORIGINAL DENIAL**

1. The Special Master's original denial was based on the fact that Mr. Sumner's claim was not for personal property but funds expended in holding and maintaining a home that contained Chinese drywall. The argument against this position is laid out below and Claimant's original Objection filed on March 1, 2016.

2. Mr. Sumner's job required him to relocate outside of Birmingham. However, once his employer's relocation company learned that the home had Chinese Drywall, it would not accept the home and Mr. Sumner was forced to hold the home, until it was remediated. Mr. Sumner was forced to maintain the residence in Birmingham, while also maintaining a residence outside of the state. The remediation of the home located at 4364 Boulder Lake Circle, commenced on June 6, 2013. The remediation concluded in October 2013, and Mr. Sumner was able to close on the sale

of the home on February 28, 2014.

3.      The Knauf Third Amended Settlement Agreement, Section 4.7.3.1 sets out the ability to make a Miscellaneous claim for anything "The Special Master and the MDL Court may, in their discretion, consider and allow claims that are not explicitly provided in Sections 4.7.1.1, 4.7.1.2, 4.7.1.3, 4.7.1.4, 4.7.1.5 and 4.7.1.6, so long as the claims are equitably justified and do not involve claims for the specifically enumerated Other Loss Exclusions."  The claim by Mr. Sumner is for an amount that is not included in the aforementioned Sections or in the Other Loss Exclusions.  The Special Master's Methodology stating that only personal property claims are appropriate under the Miscellaneous claims is flawed, as the settlement agreement specifically states that this category is for anything not included in the previous sections or exclusions.  This claim is similar to those provided for Commercial Property owners for Loss of Use, Loss of Sale or Rental, but there is no provision for the claims of Residential Owners.  Because these damages do not fit into any of the other categories, and are not specifically excluded, they should be considered and paid as a Miscellaneous Claim.

4.       In addition, we were advised by BrownGreer in a January 8, 2015 email, BrownGreer Document # 323332, that Mr. Sumner's claim was appropriate for a Miscellaneous claim and no other type of claim.

5.      Mr. Sumner is seeking an award in the amount of $29,326.56, which is documented in the Special Master Request, Document # 337730.

## REPLY TO SPECIAL MASTER'S RESPONSE

6.      After Claimant filed his objection to the original denial of his miscellaneous claim, the Special Master then created a new reason for the denial of the claim.

7.      The Special Master response states: "The Claimant seeks compensation for alternative

living expenses incurred becusae of relocation due to the Claimant's job and not because of Chinese Drywall. The Claimant also seeks compensation for expenses associated with carrying costs on the Affected Property, such as utilities, mortgage, property tax, sewer, termite bond and HOA dues. The Special Master determined that the damages sought by this Claimant were not equitably justified because they would have been incurred regardless of the presence of Chinese Drywall." This statement is untrue and the Special Master does not cite to any documents that actually support his position.

8. Once Mr. Sumner was transferred, he had the chance to sell his home on his own and after a certain period if it had not sold the home would have been purchased by the relocation company his employer utilized. However, once the relocation company learned that the home contained Chinese drywall they would not accept it into the program and Mr. Sumner was forced to maintain the home until it was Remediated.

9. The funds sought by Mr. Sumner are only for the period of time after the home would have been eligible for the relocation program. (See Attached Affidavit of Sam Sumner, Jr.).

10. Claimant Sam Sumner's claim in the amount of $29,326.56, which is documented in the Special Master Request, Document # 337730, should be paid for the above stated reasons.

Respectfully Submitted:

s/David L. Horsley
David L. Horsley (ASB-6090-I47H)
Collins & Horsley, P.C.
2021 Morris Avenue, Suite 200
Birmingham, Alabama 35203
Telephone:   205-324-1834
Facsimile:   205-324-1846
Email: david@collinshorsley.com

## CERTIFICATE OF SERVICE

      I hereby certify that the above and foregoing Objection has been served on Plaintiffs' Liaison Counsel, Russ Herman, and Defendants' Liaison Counsel, Kerry Miller, by U.S. Mail and e-mail or by hand delivery and e-mail and upon all parties by electronically uploading the same to Lexis Nexis File & Serve in accordance with Pretrial Order No. 6, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2047, on this 3rd day of May, 2016.

                                                  s/ David L. Horsley
                                                  Of Counsel