UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: CHINESE-MANUFACTURED DRYWALL PRODUCTS LIABILITY LITIGATION | ) ) ) ) | MDL No. 2047<br><br>SECTION "L" |
| THIS DOCUMENT RELATES TO: | ) ) | JUDGE FALLON |
| Arndt, et. al. v. Gebrueder Knauf Verwaltugsgesellschaft KG, et al. Case No. 11-2349 | ) ) ) ) ) ) | |

**HENRY & NANETH PERDOMO'S CORRECTED OBJECTION TO THE SPECIAL MASTER'S RECONSIDERATION AWARD FOR THEIR FORECLOSURE CLAIM**

Henry and Naneth Perdomo ("Plaintiffs") hereby file their Corrected Objection to the Special Master's Reconsideration Award. In support thereof, Plaintiffs state as follows:

1. Plaintiffs timely submitted an Objection to the Special Master's Reconsideration Award for the Foreclosure Claim for their home on March 28, 2016.

2. Plaintiffs timely submitted a Foreclosure Claim for their home.

3. Plaintiffs received an initial Notice of Eligibility for their Foreclosure claim on January 15, 2015, offering a sum of $10,000.00 for their home. Exhibit "A," attached hereto.

4. Because this sum was substantially less than the $123,345.25 in equity that the Plaintiffs lost, Plaintiffs requested a Special Master Award on February 9, 2015. Exhibit "B," attached hereto.

5. On December 3, 2015, the Special Master returned an award of $71,060.13 for the Plaintiffs' Foreclosure claim.

1

6. In response, Undersigned Counsel wrote to the Special Master requesting an explanation of the Special Master's rationale or reasoning behind the $71,060.13 award. Exhibit "C," attached hereto.

7. Despite Undersigned Counsel's request, Plaintiffs never received any explanation of the Special Master's rationale or reasoning for the $71,060.13 award.

8. The Special Master's rationale or reasoning behind the $71,060.13 award was necessary in order for Plaintiffs to prepare an adequate and effective request for Reconsideration of the Special Master Award.

9. The Special Master's failure to provide a reason or rationale for the $71,060.13 award lacks fundamental fairness, in what was supposed to be a consumer-friendly Settlement, and was prejudicial to Plaintiffs because it was provided no information to address the Special Master's ruling in its Request for Reconsideration.

10. With no understanding of the Special Master's rationale or reasoning for the $71,060.13 award, Plaintiffs were forced filed a Request for Reconsideration on December 18, 2015 without the knowledge it needed to address the Special Master's award.

11. In their Request for Reconsideration, Plaintiffs specifically advised the Settlement Administrator that "It is highly difficult and fundamentally unfair for Claimant to formulate an appeal on what it believes was a properly documented claim when the Special Master has provided no rationale for why the claim was not compensated. If the Special Master provided an explanation via a Report and

Recommendation, then Claimant could fairly evaluate the Special Master's determination and respond directly to it."

12. Pursuant to Section 4.7.1.3 of the Knauf Settlement Agreement, Plaintiffs requested compensation for their lost equity in the home, totaling $123,345.25.

13. Section 4.7.1.3 of the Knauf Settlement Agreement states that,

> With respect to Foreclosed Properties, for Owners prior to foreclosure, an amount to be determined by the Special Master for Lost Equity (but not lost anticipated market value) in the Foreclosed Property less the Owners' recovery under Section 4.3.5.1(b).

14. Having never provided an explanation for the initial reward, the Special Master returned a Post Reconsideration Special Master Award of $44,394.57 – slashing the Plaintiffs' already meager initial award to almost half of the initial amount.

15. Plaintiffs owned a home containing defective Chinese drywall located at 12967 SW 134 Terrace, Miami, Florida 33186.

16. Plaintiffs purchased the home for $290,200.12 in cash on June 29, 2006. Exhibit "D," attached hereto.

17. Plaintiffs took out an equity mortgage of $288,000.00 on July 26, 2006.

18. Due to the presence of Chinese drywall in the Affected Property, Plaintiffs were forced to sell the Affected Property for $100,000.00 through a short sale on February 21, 2012. Exhibit "E," attached hereto.

19. At the time of the short sale, Plaintiffs had paid $40,136.69 towards the equity mortgage for their home and were indebted to the bank for $250,063.43 for their equity mortgage.

20. The bank received all net proceeds from the $100,000.00 short sale. Plaintiffs owed the bank the remaining $83,208.56.

21. To date, Plaintiffs have paid $11,931.10 towards the equity mortgage. Exhibit "F," attached hereto. Their remaining balance on their equity mortgage is $71,715.21.

22. The $40,136.69 the Plaintiffs had in equity at the time of the sale plus the $11,931.10 they have paid towards the equity mortgage totals $52,067.79, leaving a balance of $71,715.21 on their equity mortgage.

23. Plaintiffs, due to the defective Chinese drywall in their home, have essentially been penalized for taking an equity line of credit on a home they had paid in full.

24. Plaintiffs should be compensated for what they have paid towards the equity mortgage as well as the outstanding balance that they will be forced to pay despite having lost the home.

25. The $52,067.79 the Plaintiffs have paid towards their equity mortgage plus the $71,715.21 they are obligated to pay to satisfy the equity mortgage, despite having already lost their home, totals $123,345.25 in lost equity.

26. Due to the presence of Chinese drywall in the Affected Property, Plaintiffs incurred substantial economic losses, specifically, the $123,345.25 in lost equity that they would not have lost, but for the Chinese drywall.

27. The economic damages incurred, $123,345.25 in lost equity, were substantially caused by the presence of defective Chinese drywall in the Affected Property.

28. Plaintiffs claimed the precise value of their lost equity in the home and seek only to recover those losses in good faith.

29. In its Response, Brown Greer stated that Plaintiff failed to provide evidence of all their losses. Plaintiffs have attached a balance sheet of their equity line of credit that includes what they have paid and their outstanding balance, thereby curing any deficiencies.

30. It is unjust for the Plaintiffs to be denied compensation for their Short Sale losses, totaling $123,345.25, especially when no reason or rationale has been provided by the Special Master.

WHEREFORE, Plaintiffs request that the Court enter an order granting Plaintiffs an award of $123,345.25, for their Foreclosure claim, the full extent of their damages, or in the alternative, schedule an evidentiary hearing so that Plaintiffs may present their claims before the Court.

## **CERTIFICATE OF SERVICE**

I hereby certify that the above and foregoing HENRY AND NANETH PERDOMO'S CORRECTED OBJECTIONS TO THE SPECIAL MASTER'S RECONSIDERATION AWARD FOR HER FORECLOSURE CLAIM has been served on Plaintiffs' Liaison Counsel, Russ Herman, and Defendants' Liaison Counsel, Kerry Miller, by U.S. Mail and e-mail, or by hand delivery and e-mail and upon all parties by electronically uploading the same to LexisNexis File & Serve in accordance with Pretrial Order No. 6, and that the foregoing was filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2047, on this on this 3rd day of May, 2016.

/s/*Ervin A. Gonzalez*
ERVIN A. GONZALEZ
Fla. Bar No. 500720
Ervin@colson.com
PATRICK S. MONTOYA
Fla. Bar No. 524441
Patrick@colson.com
NATALIE M. RICO

        Fla. Bar No. 0065046
        Natalie@colson.com
        COLSON HICKS EIDSON
        COLSON MATTHEWS MARTINEZ
        GONZALEZ KALBAC & KANE
        255 Alhambra Circle, Penthouse
        Coral Gables, FL 33134
        Phone: (305) 476-7400
        Fax:    (305) 476-7444
        *Counsel for Plaintiffs*