# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE**:** CHINESE-MANUFACTURED DRYWALL PRODUCTS LIABILITY LITIGATION | ) ) ) ) ) | MDL NO. 2047 <br> SECTION L |
| THIS DOCUMENT RELATES TO: <br> Payton et al v. Knauf Gips KG et al <br> Case No. 09-7628 | ) ) ) ) | JUDGE FALLON <br> MAG. JUDGE WILKINSON |

### PLAINTIFF ROBERT MEYER'S MEMORANDUM IN SUPPORT OF MOTION TO COMPEL SETTLEMENT ADMINISTRATOR TO DISBURSE GBI AND OTHER LOSS CLAIM FUNDS

Now comes Plaintiff, Robert Meyer, by and through the undersigned Counsel and files this Memorandum in Support of Motion to Compel Settlement Administrator to Disburse GBI and Other Loss Funds to Plaintiff Robert Meyer and would state that:

1. Plaintiff Robert Meyer is an affected property owner and member of the class as defined by the Third Amended Settlement Agreement (D.E. 16407-3). Section 1.1.2.1.

2. Plaintiff, after discovering the existence of reactive Chinese drywall, sought remediation benefits from Knauf. Plaintiff qualified for those benefits, but due to delays was unable to maintain ownership of the home long enough and the home was foreclosed with a Final Judgement of Foreclosure issued February 1, 2012 and the Certificate of Title issued March 27, 2012 to ER Management LLC.[1]

3. The lump sum payment of $13,387.5 was provided to KCM on March 23, 2012 but because of the foreclosure and the lack of actual remediation, the funds were held in counsel's trust account pending resolution of claims. The Third Amended Settlement Agreement

---

[1] The Final Judgment of Foreclosure was issued February 1, 2012 and the Certificate of Title was issued on March 27, 2012. The work authorizations for remediation were forwarded to counsel on October 11, 2011.

provides a lump sum payment to the KPT property Owners. At that time, the "lump sum eligibility form" was not required nor provided.

4. Plaintiff further registered in the Chinese Drywall Settlement Program for the following claims: Foreclosure or Short Sale; Miscellaneous; Lost Rent, Use or Sales and GBI.

a. Foreclosure and Short Sale or "sales in mitigation" claim. On January 15, 2015 the Settlement Administrator determined that Plaintiff Robert Meyer was eligible and issued a favorable eligibility determination. Plaintiff has appealed that offer and is awaiting the payment of the Special Master Award less the pro rata percentage.

b. Miscellaneous Claim. On April 20, 2015, the Settlement Administrator determined that Plaintiff was eligible and issued a favorable eligibility determination. The resolution offer has been received.

c. Lost Rent, Use or Sales Claim. On March 16, 2015, the Settlement Administrator determined that Plaintiff Robert Meyer was eligible and issued a favorable eligibility determination. Because Plaintiff is classified as a Pilot Program participant and the lump sum payment was provided, albeit held in trust by counsel, the Lost Rent, Use or Sales payment is on hold.

d. GBI claim. On May 2, 2014, the Settlement Administrator denied the claim stating the claim was assigned to Knauf as the property was being remediated by Knauf. Claimant appealed the Denial since the property was not remediated by Knauf but was foreclosed by the bank. After years of following-up for a decision about the lump sum payment (since the remediation did not go forward), the parties agreed that Plaintiff would return the Lump Sum Allowance and Knauf would have no issues with Claimant's pursuit of the Other

Loss Fund and GBI payment. The GBI settlement amounts of $4,677.75. See email chain of February 2015, Exhibit A.

Since Claimant had not received any Notice of Eligibility, in July, 2015, the claims were again discussed with counsel for Knauf and Knauf agreed Claimant could keep the lump sum allowance and Claimant would withdraw his GBI claim. Relying upon Knauf's offer to keep the lump sum and pursue other loss claims, Claimant withdrew his GBI Claim. See email chain July 2015, Exhibit B.

Unfortunately, by accepting the lump sum allowance, the Claims Administrator would not pay the lost sales claim available in the Other Loss Fund.

5. After further review of the claims available to Plaintiff, and as detailed by the Claims Administrator's table below, Plaintiff now wishes to return the lump sum payment and proceed with the GBI and Other Loss Claims.

| Claim Type | Keep LSP Residential | Return LSP Commercial |
|---|---|---|
| LSP | $13,387.50 | $0.00 |
| GBI | $0.00 | $4,677.75 |
| LRUS | $0.00 | $10,000.00 |
| FSS | $10,000.00 | $10,000.00* |
| MISC | $1,279.42 | $1,279.42 |
| Total | $24,666.92 | $25,957.17 |

* this amount is an estimate as the Claimant has accepted the Special Master Award of $36,272.40 which will be reduced by the pro rata percentage.

6. However, Knauf has now asserted a claim for these same GBI dollars and the Settlement Administrator is holding the funds until this matter is resolved by the Court. Knauf

3

claims that they are entitled to the GBI dollars based upon language in the Settlement Agreement addressing assignment of GBI for remediation dollars EVEN THOUGH THERE WAS NO REMEDIATION OF THE PROPERTY.

7. Taken to the logical extreme, Knauf is asserting entitlement to all GBI payments where a home was sold in mitigation or foreclosed if there was ANY Knauf board in the home. Such a position is inconsistent with the terms and intent of the settlement agreement. To conclude otherwise would allow Knauf to MAKE money – where they did not fix a home but would receive the GBI payment.

8. Knauf is no victim in this matter – these homeowners are the victims. Based upon information and belief, there have been many claims paid where a home was sold in mitigation or foreclosed upon and where the homeowner, not Knauf, rightly received the GBI payment. This situation is presented because the home was on Knauf's "radar" at some point for potential remediation. In the waning days of this settlement, Knauf is now trying to profit at the expense of the homeowners. There is no justifiable logic to treating these homeowners disparately to the hundreds who have rightly received payment.

9. Further, if Knauf succeeds in arguing they are entitled to GBI funds in this circumstance, where they did not even remediate the home for the homeowner, what stops Knauf from seeking "clawback" of those dollars paid to homeowners already.

10. Understandably, not wanting to face the predicament of disbursing funds where there is an entitlement dispute, the Settlement Administrator has indicated they have not paid the GBI claim as there is a claim by Knauf.

11. In an effort to resolve the issues with Knauf, a copy of Claimant's Motion and Memorandum were provided in advance to counsel for Knauf prior to filing. To date, Knauf has not provided any further position on this matter.

WHEREFORE, for the reasons set forth above, the undersigned respectfully requests this Court for an Order directing the Settlement Administrator to pay the GBI and Other Loss Claims payments to Robert Meyer as indicated above. Additionally, because Plaintiff's counsel had to file a motion before the Court to enforce the settlement and to obtain that which the Plaintiff is entitled, Counsel asserts an entitlement to attorney's fees and costs from Knauf.

Dated this 4th day of May, 2016.

Respectfully submitted,

*s/* Michael J. Ryan
KRUPNICK CAMPBELL MALONE
BUSER SLAMA HANCOCK LIBERMAN P.A.
12 S.E. 7 Street, Suite 801
Ft. Lauderdale, FL  33301
Phone: (954) 763-8181
FAX (954) 763-8292
pleadings-MJR@krupnicklaw.com
Fla. Bar No. 975990

CERTIFICATE OF SERVICE

I hereby certify that the above and foregoing Memorandum in Support of Motion to Compel Settlement Administrator to Disburse GBI Funds has been provided to Plaintiffs' Liaison Counsel, Russ Herman, and Defendants' Liaison Counsel, Kerry Miller, by e-mail and upon all parties by electronically uploading the same to File & Serve Xpress f/k/a LexisNexis File & Serve in accordance with Pretrial Order No. 6, and that the foregoing was filed with the Clerk of Court of the United States District Court for the Eastern District of

Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2047 on this 4th day of May, 2016.

                                                s/ Michael J. Ryan
                                                KRUPNICK CAMPBELL MALONE
                                                BUSER SLAMA HANCOCK LIBERMAN P.A.
                                                12 S.E. 7 Street, Suite 801
                                                Ft. Lauderdale, FL  33301
                                                Phone: (954) 763-8181; FAX (954) 763-8292
                                                pleadings-MJR@krupnicklaw.com
                                                Fla. Bar No. 975990

# EXHIBIT A

| | |
|---|---|
| **From:** | MICHAEL RYAN |
| **Sent:** | Wednesday, February 25, 2015 10:32 AM |
| **To:** | 'Ashley Dwyre'; Jake Woody; Merino, Rene; Miller, Kerry |
| **Cc:** | Dysart, Danny; Katie Sanderson; Elizabeth Wiesend |
| **Subject:** | FUNDS RETURNED ONCE WE RECEIVED NOE OTHER LOSS AND GBI RE: Call |

OK, we will send once we have the notice of eligibility for Other Loss and GBI. Thanks!

*Michael J. Ryan*
Krupnick Campbell Malone et al.
Legacy Bank Building
12 Southeast 7th Street
Suite 801
Fort Lauderdale, Florida 33301
954-763-8181
954-763-8292 (fax)
www.krupnicklaw.com

**From:** Ashley Dwyre [mailto:adwyre@browngreer.com]
**Sent:** Wednesday, February 25, 2015 9:46 AM
**To:** MICHAEL RYAN; Jake Woody; Merino, Rene; Miller, Kerry
**Cc:** Dysart, Danny; Katie Sanderson; Elizabeth Wiesend
**Subject:** RE: Call

Mike,

Instruction for deposit to the Remediation Fund by wire transfer and by check is provided below:

**Wire Transfer**
**Bank:** Whitney Bank
**Address:** 228 St. Charles Avenue - 2nd Floor, New Orleans, LA 70130
**ABA Routing Number:** 065400153
**Account Name:** Trust Deposit DDA
**Account Number:** 0000700924
**Reference:** Drywall QSF
**SWIFT CODE:** WHITUS44
**Attn:** Chris Durio

**Deposit by Check**
Whitney Bank
**Attn:** Chris Durio/Trust Dept.
228 St. Charles Avenue - 2nd Floor
New Orleans, LA 70130
**Reference:** Drywall QSF
**Make Checks Payable to:** *Chinese Drywall*


Thank you,
Ashley

**From:** MICHAEL RYAN [mailto:mryan@krupnicklaw.com]
**Sent:** Wednesday, February 25, 2015 6:47 AM
**To:** Jake Woody; Merino, Rene; Miller, Kerry

**Cc:** Dysart, Danny; Ashley Dwyre; Katie Sanderson; Elizabeth Wiesend
**Subject:** RE: Call

Jake,

Thank you. We will await the eligibility determinations on Other Loss and GBI.

Best regards,

Mike

---

**From:** Jake Woody [mailto:jswoody@browngreer.com]
**Sent:** Tuesday, February 24, 2015 6:16 PM
**To:** Merino, Rene; MICHAEL RYAN; Miller, Kerry
**Cc:** Dysart, Danny; Ashley Dwyre; Katie Sanderson
**Subject:** RE: Call

Mike -- we will send wire instructions for the Remediation Fund. We will also start the process of reversing the denials on the Other Loss and GBI claims.

---

**From:** Merino, Rene [mailto:rmerino@bakerdonelson.com]
**Sent:** Tuesday, February 24, 2015 6:08 PM
**To:** MICHAEL RYAN; Miller, Kerry; Jake Woody
**Cc:** Dysart, Danny
**Subject:** RE: Call

Hello Mike and Jake,

Please proceed, as discussed today, with transferring the Lump Sum Payments for the below claims to the Remediation Fund. We have no issues with your pursuit of Other Loss Fund and GBI payments for these claims.

Best Regards,

René

**René Merino**
Attorney

Baker, Donelson, Bearman, Caldwell & Berkowitz, PC
201 St. Charles Avenue
Suite 3600
New Orleans, LA 70170
Direct: 504.566.5237
Fax: 504-585-6937
E-mail: rmerino@bakerdonelson.com
www.bakerdonelson.com

Baker, Donelson, Bearman, Caldwell & Berkowitz, PC
represents clients across the U.S. and abroad from offices
in Alabama, Georgia, Louisiana, Mississippi, Tennessee
and Washington, D.C.

Please consider the environment before printing this e-mail.

2

**From:** MICHAEL RYAN [mailto:mryan@krupnicklaw.com]
**Sent:** Tuesday, February 24, 2015 12:22 PM
**To:** Miller, Kerry; Jake Woody
**Cc:** Dysart, Danny; Merino, Rene
**Subject:** RE: Call

In advance of the call, here are the 2 we need to discuss:

Robert Meyer
41 SE 3 Avenue, #41
Hallandale, FL
Move out notice received 3/22/12;
Foreclosure 3/27/12.
Funds received: $ 13,387.50 - 3/23/12

Vida Wynter
5813 NW Gerald Circle
Port St. Lucie, FL
Move out notice received 10/17/12;
Foreclosure FJ 10/11/12
Funds received 10/23/12 : $19,167.50

---

**From:** Miller, Kerry [mailto:kjmiller@bakerdonelson.com]
**Sent:** Tuesday, February 24, 2015 12:35 PM
**To:** Jake Woody; MICHAEL RYAN
**Cc:** Dysart, Danny; Merino, Rene
**Subject:** RE: Call

Can we do this afternoon at 1:30 central or after 3:00 central? I'm in Houston tomorrow and Thursday in meetings so those days will be tough.

Kerry J. Miller
Shareholder
Baker, Donelson, Bearman, Caldwell & Berkowitz, PC
201 St. Charles Ave.
Suite 3600
New Orleans, LA 70170

Phone: 504.566.8646
Fax:   504.585.6946
Cell:  504.495.2393
kjmiller@bakerdonelson.com

Baker, Donelson, Bearman, Caldwell & Berkowitz, PC
represents clients across the U.S. and abroad from
offices in Alabama, Florida, Georgia, Louisiana,
Mississippi, Tennessee, Texas and Washington, D.C.

**BAKER_DONELSON**
BEARMAN, CALDWELL & BERKOWITZ, PC

One of FORTUNE magazine's "100 Best Companies to Work For"

---

**From:** Jake Woody [mailto:jswoody@browngreer.com]
**Sent:** Tuesday, February 24, 2015 11:13 AM
**To:** Miller, Kerry; mryan@krupnicklaw.com
**Subject:** Call

Kerry -- Mike Ryan and I need to talk with you about a unique issue faced by a few of Mike's clients. I think we probably need 15-20 minutes. Do you have some time in the next day or so?

3

**Jake Woody**
**BROWNGREER PLC**
250 Rocketts Way
Richmond, VA 23231
Telephone: (804) 521-7234
Facsimile: (804) 521-7299
www.browngreer.com

*This electronic mail is intended to be received and read only by certain individuals. It may contain information that is privileged or protected from disclosure by law. If it has been misdirected, or if you suspect you received this in error, please notify me by replying and then delete this message and your reply. These restrictions apply to any attachment to this email.*

Under requirements imposed by the IRS, we inform you that, if any advice concerning one or more U.S. federal tax issues is contained in this communication (including in any attachments and, if this communication is by email, then in any part of the same series of emails), such advice was not intended or written by the sender or by Baker, Donelson, Bearman, Caldwell & Berkowitz, PC to be used, and cannot be used, for the purpose of (1) avoiding penalties under the Internal Revenue Code or (2) promoting, marketing or recommending to another party any transaction or tax-related matter addressed herein.

This electronic mail transmission may constitute an attorney-client communication that is privileged at law. It is not intended for transmission to, or receipt by, any unauthorized persons. If you have received this electronic mail transmission in error, please delete it from your system without copying it, and notify the sender by reply e-mail, so that our address record can be corrected.

4

# EXHIBIT B

Elizabeth Wiesend

| | |
|---|---|
| From: | Merino, Rene <rmerino@bakerdonelson.com> |
| Sent: | Thursday, July 23, 2015 12:39 PM |
| To: | MICHAEL RYAN |
| Cc: | 'jswoody@browngreer.com'; Elizabeth Wiesend; 'Randi Ellis (ellis@pabmb.com)'; Miller, Kerry |
| Subject: | ok to pay lump sum RE: Lump Sum Payment - Foreclosed Properties (Meyer and Wynter) |

Mike,

Knauf will not oppose your disbursing the Lump Sum Payments to Meyer and Wynter so long as you withdraw their GBI claims with BrownGreer.

Best Regards,

René


**René Merino**
Attorney

Baker, Donelson, Bearman, Caldwell & Berkowitz, PC
201 St. Charles Avenue
Suite 3600
New Orleans, LA 70170
Direct: 504.566.5237
Fax: 504-585-6937
E-mail: rmerino@bakerdonelson.com
www.bakerdonelson.com

Baker, Donelson, Bearman, Caldwell & Berkowitz, PC
represents clients across the U.S. and abroad from offices
in Alabama, Georgia, Louisiana, Mississippi, Tennessee
and Washington, D.C.

 Please consider the environment before printing this e-mail.

---

**From:** MICHAEL RYAN [mailto:mryan@krupnicklaw.com]
**Sent:** Tuesday, July 21, 2015 10:42 AM
**To:** Merino, Rene
**Cc:** 'jswoody@browngreer.com'; Elizabeth Wiesend; 'Randi Ellis (ellis@pabmb.com)'; Miller, Kerry
**Subject:** RE: Lump Sum Payment - Foreclosed Properties (Meyer and Wynter)

Rene,

As always, thank you for the timely engagement.

Best,

Mike

---

**From:** Merino, Rene [mailto:rmerino@bakerdonelson.com]
**Sent:** Tuesday, July 21, 2015 11:41 AM
**To:** MICHAEL RYAN
**Cc:** 'jswoody@browngreer.com'; Elizabeth Wiesend; 'Randi Ellis (ellis@pabmb.com)'; Miller, Kerry
**Subject:** RE: Lump Sum Payment - Foreclosed Properties (Meyer and Wynter)

1

Mike,

We do not anticipate the payment of the Lump Sum to your clients, as described below, will be opposed by our client. I am just waiting for the final thumbs up.

Best Regards,

René


**René Merino**
Attorney

Baker, Donelson, Bearman, Caldwell & Berkowitz, PC
201 St. Charles Avenue
Suite 3600
New Orleans, LA 70170
Direct: 504.566.5237
Fax: 504-585-6937
E-mail: rmerino@bakerdonelson.com
www.bakerdonelson.com

Baker, Donelson, Bearman, Caldwell & Berkowitz, PC
represents clients across the U.S. and abroad from offices
in Alabama, Georgia, Louisiana, Mississippi, Tennessee
and Washington, D.C.

 Please consider the environment before printing this e-mail.

---

**From:** MICHAEL RYAN [mailto:mryan@krupnicklaw.com]
**Sent:** Tuesday, July 21, 2015 10:32 AM
**To:** Merino, Rene
**Cc:** 'jswoody@browngreer.com'; Elizabeth Wiesend; 'Randi Ellis (ellis@pabmb.com)'; Miller, Kerry
**Subject:** RE: Lump Sum Payment - Foreclosed Properties (Meyer and Wynter)

Rene,

Just following up on these two. Thanks.

Best,

Mike

---

**From:** MICHAEL RYAN
**Sent:** Friday, July 17, 2015 9:31 AM
**To:** 'Miller, Kerry'
**Cc:** jswoody@browngreer.com; Elizabeth Wiesend; Randi Ellis (ellis@pabmb.com); Merino, Rene
**Subject:** RE: Lump Sum Payment - Foreclosed Properties (Meyer and Wynter)

Kerry – Thanks! Appreciate the attention to the matter, no matter the outcome.

Best,

Mike

2