UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

IN RE: CHINESE -MANUFACTURED　　　MDL NO. 2047
DRYWALL PRODUCTS LIABILITY
LITIGATION　　　　　　　　　　　　　　SECTION: L

JUDGE ELDON FALLON
MAGISTRATE WILKINSON

# Opinion and Decree

On March 21, 2011, Leonardo and Elvia Milanes and Jose Cruz, Sr. signed an agreement entitled "As Is" Residential Contract for Sale and Purchase. The Contract for Sale and Purchase stated that Mr. and Mrs. Milanes would sell Mr. Cruz the property located at 2518 SE 12 CT, Homestead, Florida for $53,000. The Contract for Sale and Purchase included a section entitled "Addenda and Additional Terms":

**ADDENDA AND ADDITIONAL TERMS**
19. ADDENDA: The following additional terms are included in the attached addenda and incorporated into this Contract (Check if applicable):

| | | | |
|---|---|---|---|
| [X] A. Condominium Assn. | [ ] L. RESERVED | [ ] R. Rezoning | [ ] Y. Seller's Attorney Approval |
| [ ] B. Homeowners' Assn. | [X] M. Defective Drywall | [ ] S. Lease Purchase/Lease Option | [ ] Z. Buyer's Attorney Approval |
| [ ] C. Seller Financing | [ ] N. Coastal Construction Control Line | [ ] T. Pre-Closing Occupancy | [X] AA. Licensee-Personal Interest in Property |
| [ ] D. Mortgage Assumption | [ ] O. Insulation Disclosure | [ ] U. Post-Closing Occupancy | [ ] BB. Binding Arbitration |
| [ ] E. FHA/VA Financing | [ ] P. Pre-1978 Housing Statement (Lead Based Paint) | [ ] V. Sale of Buyer's Property | [ ] Other _____ |
| [ ] F. Appraisal Contingency | | [ ] W. Back-up Contract | |
| [X] G. Short Sale | [ ] Q. Housing for Older Persons | [ ] X. Kick-out Clause | |
| [ ] H. Homeowners' Insurance | | | |
| [ ] I. FIRPTA | | | |
| [ ] J. Interest-Bearing Acct. | | | |
| [ ] K. RESERVED | | | |

The section includes 29 separate possibilities, accompanied by boxes, that might constitute additional terms. Four of the boxes are marked, including the one labeled "Defective Drywall." Nevertheless, there is no evidence that the Defective Drywall addendum was attached to the agreement. Conversely, addenda corresponding to at least two of the other three marked boxes were apparently provided.

The addendum corresponding to the "Condominium Assn." box was entitled a Condominium Disclosure Statement, and it included language that could be read to disavow a drywall problem. The section entitled "Environment" stated that the property included nothing that "may be an environmental hazard":

> 5. ENVIRONMENT:
> I. Was the property built before 1978? NO ☒ YES ☐
> II. Are You Aware:
>    a. of any substances, materials, or products which may be an environmental hazard, such as, but not limited to, asbestos, urea formaldehyde, radon gas, mold, lead-based paint, fuel, propane or chemical storage tanks (active or abandoned), or contaminated soil or water in the unit? NO ☒ YES ☐
>       i. of any damage to the structures located in the unit due to any of the substances, materials or products listed in subsection (a) above? NO ☒ YES ☐
>       ii. of any clean up, repairs, or remediation of the unit due to any of the substances, materials or products listed in subsection (a) above? NO ☒ YES ☐
>    b. of any condition or proposed change in the vicinity of the unit that does or will materially affect the value of the unit, such as, but not limited to, proposed development or proposed roadways? NO ☒ YES ☐
> If any answer to questions 5(II)a-b is yes, please explain: _____

Standing alone, this provision could lead a buyer to conclude that the seller was not aware of a drywall issue. But the provision does not stand alone. When Mr. Cruz agreed to buy the property, he received both a Contract for Sale and Purchase which included the specific "defective drywall" language as well as the Condominium Disclosure Statement which included the broader "no environmental hazard" language. And, importantly, Mr. Milanes did not sign the two documents at the same time. He signed the Condominium Disclosure Statement on September 20, 2008; he signed the Contract for Sale and Purchase on March 21, 2011, two and a half years later. A buyer could reasonably conclude that Mr. Milanes discovered defective drywall in the time between the two signatures.

Mr. Cruz hired an inspector who submitted a report on March 28, 2011. The inspection was a general one, limited to visible and accessible areas. It was not directed to uncovering a defective drywall issue, which would have required a more aggressive approach. There is no evidence that

Mr. Cruz took any other steps to address the possible presence of Chinese drywall before he finally purchased the property. Chinese drywall was subsequently discovered.

Under these circumstances, the Knauf Settlement Agreement provides that if a buyer failed to make a "reasonable inquiry" concerning the presence of Chinese drywall, the claimant may not participate in the settlement. Actual knowledge of the presence of Chinese drywall prior to the purchase is not required.

Mr. Cruz apparently was presented with mixed signals concerning defective drywall. But, in the opinion of the undersigned, the documents should have given Mr. Cruz enough concern to take affirmative steps to ascertain whether or not Chinese drywall was in fact present on the property. His failure to take such steps means that the claimant may not participate in the settlement.

The undersigned has reviewed affidavits from both the seller and the realtor. Both disclaim prior knowledge of Chinese drywall on the property. But this is not the standard which the Special Master must follow. the Settlement Agreement. The Settlement Agreement does not focus upon the actual knowledge of anyone (which would be a subjective standard). Instead, it focuses on what a reasonable person would have done (an objective standard). The Special Master finds that Mr. Cruz did not act reasonably under the circumstances.

The Special Master finds in favor of Knauf. The costs associated with the Special Master's services shall be borne equally by the parties.

Dated: April 23, 2016                    /s/ Daniel J. Balhoff
                                         Daniel J. Balhoff, Special Master