**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF LOUISIANA**

| | | |
|---|---|---|
| **In Re: CHINESE-MANUFACTURED DRYWALL PRODUCTS LIABILITY LITIGATION** | * | **MDL 2047** |
| | * | **SECTION L** |
| | * | **JUDGE FALLON** |
| **This document relates to: All Cases** | * | **MAGISTRATE JUDGE WILKINSON** |

* * * * * * * * * * * * * * * * * * *

**KNAUF DEFENDANTS' OPPOSITION TO JODY FERCHAUD'S MOTION FOR NEW TRIAL**

**MAY IT PLEASE THE COURT:**

The Knauf Defendants[1] file this Opposition to Jody Ferchaud's Motion for New Trial.[2] The Motion filed by Jody Ferchaud ("Ferchaud"), more properly characterized as a motion for reconsideration of a judgment, should be denied, as the movant has failed to show that the judgment is based on error, failed to present newly discovered or previously unavailable evidence, failed to show that the Motion is necessary to prevent manifest injustice, and failed to justify the Motion through an intervening change in controlling law. The Knauf Defendants, therefore, respectfully request that the Court deny Ferchaud's Motion.

## I. BACKGROUND

On March 10, 2016, the Knauf Defendants filed a Motion to extinguish settlement obligations to Ferchaud upon payment by the Knauf Defendants to Ferchaud in the amount of the

---

[1] The Knauf Defendants include Knauf Plasterboard (Tianjin) Co., Ltd., Knauf Plasterboard (Wuhu) Co., Ltd., Guangdong Knauf New Building Material Products Co., Ltd., Knauf Gips KG, Gebr. Knauf Verwaltungsgesellschaft KG, Knauf International GmbH, Knauf Insulation GmbH, Knauf UK GmbH, Knauf AMF GmbH & Co. KG, Knauf do Brasil Ltda., and PT Knauf Gypsum Indonesia. All capitalized terms herein have the same definitions as set forth in the Third Amended Settlement Agreement Regarding Claims Against the Knauf Defendants in MDL No. 2047 (the "Knauf Class Settlement Agreement"), Rec. Doc. 16407-3.

[2] Rec. Doc. 20208.

remaining remediation funds allocated for the remediation of the property by Moss & Associates, the Lead Contractor.[3] The Court granted the Knauf Defendants' Motion and issued an Order extinguishing the settlement obligations of the Knauf Defendants, Plaintiffs' Steering Committee, Lead Contractor, Settlement Administrator, Special Master and Ombudsman upon payment to Ferchaud in the amount of $225,516.13.[4] These funds are currently held in trust pending a resolution of this matter.

## II. LAW & ARGUMENT

Reconsideration of a judgment is an "extraordinary remedy that should be used sparingly."[5] In deciding whether to reconsider a judgment under Rule 59 of the Federal Rules of Civil Procedure, the Court is tasked with striking the proper balance between two competing interests: finality and the need to render just decisions on the basis of all the facts.[6] To strike the correct balance between justice and finality, the standard in the Eastern District of Louisiana is to consider whether any of the following four factors exist:

1. the motion is necessary to correct a manifest error of law or fact upon which the judgment is based;
2. the movant presents newly discovered or previously unavailable evidence;
3. the motion is necessary in order to prevent manifest injustice; or
4. the motion is justified by an intervening change in controlling law.[7]

Ferchaud's Motion should be denied, as none of the above factors are present here. The interests of both justice and finality are served by denying Ferchaud's Motion and allowing Ferchaud to complete the remediation of her property using the contractor of her choice.

---

[3] Rec. Doc. 20145.
[4] Rec. Doc. 20178.
[5] *Templet v. Hydrochem Inc.*, 367 F.3d 473 (5th Cir. 2004).
[6] *Lavespere v. Niagara Mach. & Tool Works, Inc.*, 910 F.2d 167 (5th Cir. 1991); *Edward H. Bohlin Co., Inc. v. Banning Co., Inc.*, 6 F.3d 350 (5th Cir. 1993); and *Southern Snow Mfg. Co., Inc. v. SnoWizard Holdings, Inc.*, 921 F.Supp.2d 548 (E.D. La. 2013).
[7] *SnoWizard* at 565.

**A. There is no manifest error of law or fact upon which the judgment is based.**

Ferchaud's Chinese drywall-related claims are controlled by the *Settlement Agreement Regarding Post-December 9, 2011 Claims Against the Knauf Defendants in MDL No. 2047* (hereinafter "New Claims Settlement Agreement"),[8] as well as the July 28, 2014 Work Authorization Agreements executed by Ferchaud. This Court is empowered by the New Claims Settlement Agreement with the exclusive jurisdiction to settle disputes between the parties and effectively did so with its Order.[9] Ferchaud has presented no manifest error of fact or law upon which the Court based its judgment. The present Motion is a continuation of Ferchaud's past obstructions and delays.

**B. The report provided by Ferchaud is neither newly discovered nor previously unavailable evidence.**

Ferchaud has failed to provide newly discovered or previously unavailable evidence. Ferchaud filed, as Exhibit Ferchaud-1 to the Motion for New Trial, a report by Air Testing Associates, LLC. The report's conclusion that the property is still suffering the effects of defective drywall is mere conjecture. Every statement to this effect in the report is preceded by language that qualifies the conclusion as uncertain. The laboratory results are equally inconclusive. They report a "low amount of sulfur (S), most likely as copper sulfides/sulfates" in two copper wire samples. The exact amount is not given. Results from analysis of an alcohol wipe of a third sample came back normal. In addition to the inconclusiveness of the inspection and lab reports, they do not rule out other environmental causes for the alleged corrosion, such as

---

[8] Rec. Doc. 16978-1.

[9] Section VIII(H) of the New Claims Settlement Agreement provides: "Any disputes under this Agreement shall be presented for resolution to the MDL Court. The MDL Court's determination shall be final with no appeal."

sewer gas or natural gas exposure, nor do they address the typical tarnishing of copper with age. Therefore, the reports do not provide any new evidence.[10]

Regardless of the contents of Ferchaud's report, the information it contains has been available to Ferchaud for a considerable time. At the time of this latest inspection and harvesting of samples by Ferchaud's chosen company, the Lead Contractor had been denied access to the property by Ferchaud for more than one year. Ferchaud has been in exclusive possession of the home since January 9, 2015, when the lockbox code was changed, and since that time Ferchaud has had her own contractors and consultants in the property. The Lead Contractor and the Knauf Defendants had absolutely no access to or control over the property or its contents during this lengthy delay.

The new allegations, based on conjecture, represent continued obstruction and delay by Ferchaud, who scheduled the inspection to be performed the day after the issuance of the Order extinguishing the Lead Contractor's involvement, though Ferchaud had exclusive access to the property for the past 15 months. The contents of the report — however speculative — were available to Ferchaud at the time the Court issued its Order and prior to then. Ferchaud exercised complete control over her property for the last 15 months; therefore the information Ferchaud is now providing was previously available. Ultimately, however, the information provided within Ferchaud's report does not contain evidence of the continued presence of defective drywall.

**C. There is no manifest injustice to be prevented.**

The amount awarded to Ferchaud in the Order is more than sufficient to complete the remediation. The settlement agreement with Ferchaud provides three options: (1) remediation by the Lead Contractor, (2) remediation by a contractor of Ferchaud's choosing, and (3) a cash out. Ferchaud chose the first option, though the Court has found that this option is no longer

[10] *See* Exhibit A, GFA letter to Phil Adams, showing that Ferchaud's report does not present any evidence.

workable due to continued obstruction and delay on the part of Ferchaud. The extinguishment order, however, allows Ferchaud to benefit from change orders and credits that are normally not available to claimants choosing options 2 or 3, such as credits for replacing plaster with drywall. The plaster credits and change orders amount to approximately $70,000 alone, and Ferchaud is not bound to use credits in any specific way. If the Court allows its Order to stand, the total amount that would be paid to Ferchaud in change orders and credits alone — this is on top of the original remediation budget — is $136,865.74. The total payment to Ferchaud for completion of the remediation would be $225,516.13.

Ferchaud has failed to demonstrate how the Order creates a manifest injustice from which she deserves relief. The amount that the Order grants to Ferchaud represents the cost of completion *plus* added credits. Ferchaud has failed to show how this amount is unjust or insufficient for the completion of the remediation.

**D. There has been no intervening change in controlling law.**

Ferchaud does not argue that the controlling law has changed.

## III. CONCLUSION

For the foregoing reasons, the Knauf Defendants respectfully urge the Court to deny Ferchaud's Motion for New Trial and allow the March 17 Order to stand. The Order represents a fair and just resolution whereby Ferchaud would receive the remaining funds for the remediation of her property, $225,516.13. This resolution guarantees that Ferchaud would receive $136,865.74 in total change orders and credits, which are normally not available to claimants that are not receiving a full remediation by the Lead Contractor. Under the Order, Ferchaud stands to receive just compensation in a timely manner. Granting Ferchaud's Motion would open the door for additional obstructions and delays by Ferchaud and would undermine the just result created by the Order. The Motion should be denied.

Respectfully submitted,

**BAKER, DONELSON, BEARMAN, CALDWELL & BERKOWITZ, PC**

/s/ *Kerry J. Miller*________________
**KERRY J. MILLER (#24562), T.A.**
**DANIEL J. DYSART (#33812)**
**RENÉ A. MERINO (#34408)**
201 St. Charles Avenue
Suite 3600
New Orleans, LA 70170
Ph: (504) 566-8646
Fax: (504) 585-6946
Email: kjmiller@bakerdonelson.com

***Counsel for the Knauf Defendants***

**CERTIFICATE OF SERVICE**

I hereby certify that the above and foregoing pleading has been served upon Russ Herman, Plaintiffs' Liaison Counsel, by email, to all parties by electronically uploading the same to LexisNexis File & Serve in accordance with Pre-Trial Order No. 6, and that the foregoing was filed with the Clerk of Court of the United States Court for the Eastern District of Louisiana, on this 8th day of April 2016.

/s/ *Kerry J. Miller*______
KERRY J. MILLER