UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: CHINESE-MANUFACTURED | ) | MDL No. 2047 |
| DRYWALL PRODUCTS LIABILITY | ) | |
| LITIGATION | ) | SECTION "L" |
| | ) | |
| THIS DOCUMENT RELATES TO: | ) | JUDGE FALLON |
| | ) | |
| Block, III, et. al. v. Gebrueder Knauf | ) | MAG. JUDGE WILKINSON |
| Verwaltungsgesellschaft, KG, et al. | ) | |
| Case No. 11-1363 | ) | |
| | ) | |
| _____ | ) | |

## MEMORANDUM IN SUPPORT OF VERIFIED MOTION TO VACATE ORDER EXTINGUISHING CLAIM [DOC. 20219] AND TO EXTEND TIME TO SUBMIT AFFIDAVITS IN SUPPORT OF CLAIM FOR CLAIMANT VILLAS AT OAK HAMMOCK, LLC

Plaintiff Villas at Oak Hammock, LLC ("Villas"), by and through undersigned counsel, hereby files its Memorandum in Support of Verified Motion to Vacate Order Extinguishing Claim [Doc. 20219] and to Extend Time to Submit Affidavits in Support of Claim.  In support thereof Plaintiff states as follows:

1. Undersigned Counsel has been working diligently with Knauf to resolve its final Already Remediated Homes claim.[1]

2. Undersigned Counsel has been in constant contact with Knauf's counsel in an effort to provide any documentation that Knauf deems necessary to finalize the claim.

3. On Thursday, March 24, 2016, Knauf advised Undersigned Counsel that Plaintiff's claim was deficient and that it would be included on the next Motion to Extinguish if the deficiencies were not cured.

---

[1] Villas at Oak Hammock had a total of 6 properties containing defective Chinese drywall. Villas has resolved a total of 11 claims in the Settlement Program. The only pending claim is the one at issue in this Motion.

4. On March 24, 2016, in response to Knauf's e-mail and in an effort to cure all deficiencies and avoid inclusion on a Motion to Extinguish, Plaintiff provided the requested materials. Exhibit "A," attached hereto.

5. On Monday, March 28, 2016, Undersigned Counsel wrote to Knauf to confirm that it had received the materials provided and that those materials were sufficient to cure any outstanding deficiencies. Exhibit "B," attached hereto.

6. Knauf responded identifying additional alleged deficiencies.

7. Undersigned Counsel then began efforts to obtain materials, including affidavits from inspectors and contractors, to satisfy the alleged deficiencies Knauf had identified.

8. Due to the professional courtesy between the parties in their extended negotiations on this an numerous other claims and Undersigned Counsel's good faith efforts to cure any alleged deficiencies, Undersigned Counsel believed that Plaintiff would not be included in the Motion to Extinguish and received no communication from Knauf that Villas would be included in the Motion. Therefore, Plaintiff failed to oppose Knauf's Motion to Extinguish and immediately cure deficiencies due to mistake, inadvertent error, and/or excusable neglect on behalf of Undersigned Counsel that is not the fault of Villas.

9. Because of this misunderstanding, Undersigned Counsel was not aware that Plaintiff's claim had been included in the Motion until after it was served with the Court's Order to Extinguish on April 29, 2016.

10. Local Rule 7.8 allows for the Court's discretion in extending deadlines upon motion and for good cause shown. Under Fed. R. Civ. P. 6(b)(2), where the deadline has passed, a district court may enlarge the period and permit the tardy act where the omission is the result of excusable neglect. Specifically, the United States Supreme Court identified a nonexclusive list of factors the district court should consider when determining excusable neglect: (1) the danger of the prejudice to the nonmovant, (2) the length of the delay and its potential impact on judicial proceedings, (3) the reason for the delay, including whether it was within the reasonable control of the movant, and (4) whether the movant acted in good faith. *Pioneer*

*Inv. Servs. v. Brunswick Assocs.*, 507 US 380, 391 (1993); *see also Pierce Hardy Ltd. P'ship v. Harrision Bros. Contracting, LLC*, 13 So.3d 175, 177 (Fla. Dist. Ct. App. 2009)(excusable neglect was found where there was a mistaken belief that Appellant had received an extension of time and demonstrated due diligence to correct the error); *see also Becker v. Pescaglia*, 24 Ill. App. 3d 410, 411-12, 320 N.E.2d 615, 617 (1974)("The trend of the courts is to subordinate the existence of [. . .] excusable neglect to the primary goal of assuring that justice be served…).

11. No prejudice will result from permitting Plaintiff additional time to cure any alleged deficiencies with its claim. No action has been taken in the proceeding which could cause prejudice to Knauf. Knauf was already on notice of the claim and anticipated that it may have to pay on the claim. Further, there is no prejudice to any other party because Already Remediated Homes claims are not subject to a cap or limited fund.

12. Claimant makes this request not for purposes of delay or harassment, but rather to expeditiously resolve its last remaining claim. When Undersigned Counsel became aware of the Order, it immediately contacted Knauf's Counsel in an effort to resolve the issue without the Court's intervention. Knauf opposed the Plaintiff's requested relief.

13. The reason for the delay was in control of Undersigned Counsel, however; that should not prejudice Villas as it did no wrong.

14. Movant's good faith is demonstrated by its continuous efforts to provide Knauf with responsive information and upon notice of the Order acting expeditiously.  Exhibits "C" and "D," attached hereto.

15. Undersigned Counsel moves that the Court invoke its equitable powers to vacate its Order to Extinguish Plaintiff's claim and permit the Plaintiff an extension of time to cure any deficiencies with its claim and/or invoke Mediation of the claim under the terms of the Settlement Agreement.

WHEREFORE, for the above reasons, Claimant respectfully requests this Honorable Court to grant Plaintiffs' Verified Motion to Vacate Order Extinguishing Claim and to Extend Time to

Submit Affidavits in Support of Claim and to enter an order permitting Claimant to cure any deficiencies with its claim and/or invoke Mediation of the claim under the terms of the Settlement Agreement.

Respectfully Submitted,

/s/ Patrick S. Montoya
PATRICK S. MONTOYA, ESQ. (#524441)
COLSON HICKS EIDSON
COLSON MATTHEWS MARTINEZ
GONZALEZ KALBAC & KANE
255 Alhambra Circle, Penthouse
Coral Gables, FL 33134
Phone: (305) 476-7400
Fax:    (305) 476-7444
*Counsel for Claimant*

## CERTIFICATE OF SERVICE

I hereby certify that the above and foregoing MEMORANDUM IN SUPPORT OF V MOTION TO VACATE ORDER EXTINGUISHING CLAIM AND TO EXTEND TIME TO SUBMIT AFFIDAVITS IN SUPPORT OF CLAIM has been served on Plaintiffs' Liaison Counsel, Russ Herman, and Defendants' Liaison Counsel, Kerry Miller, by U.S. Mail and e-mail, or by hand delivery and e-mail and upon all parties by electronically uploading the same to LexisNexis File & Serve in accordance with Pretrial Order No. 6, and that the foregoing was filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2047, on this 13th day of May, 2014.

/s/ Patrick S. Montoya