UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| IN RE: CHINESE-MANUFACTURED DRYWALL PRODUCTS LIABILITY LITIGATION | MDL NO. 2047<br>SECTION: L<br>JUDGE FALLON<br>MAG. JUDGE WILKINSON |
|---|---|
| THIS DOCUMENT RELATES TO:<br><br>ALL ACTIONS | |

## ORDER

This multidistrict litigation began upon the June 15, 2009 Transfer Order of the Judicial Panel on Multidistrict Litigation. After years of protracted litigation and much effort, on February 7, 2013, the Court issued its judgement and order certifying classes and granting final approval to five pending class action settlements involving the Knauf entities, several downstream entities, and their insurers.[1] Later, on July 9, 2013, the Court issued an Order and Judgment certifying settlement classes and granting final approval to four pending settlements (the "Virginia Settlements") involving claims brought by certain homeowners located primarily in Virginia against several downstream entities and their insurers.[2] Since the issuance of these orders significant efforts have been made to oversee and administer these complex, inter-related and

---

[1] These settlements included: (1) Interior Exterior Building Supply, LP ("InEx") and its insurers (the "InEx Settlement"); (2) the Banner entities and their insurers (the "Banner Settlement"); (3) L&W Supply Corporation ("L&W") and USG Corporation (the "L&W Settlement"); (4) the Knauf Defendants (the "Knauf Settlement"); (5) the Participating Builders, Suppliers, and Installers ("Participating Defendants"), and their Participating Insurers ("Participating Insurers") (together the "Global Settlement")[Rec. Doc. 16570].

[2] These settlements included: (1) Non-Manufacturing Defendants insured by Nationwide (the "Nationwide Settlement"); (2) Porter-Blaine Corp. and Venture Supply, Inc., and Certain of Their Insurers (the "Porter-Blaine Settlement"); (3) Defendants Insured by Builders Mutual Insurance Company (the"Builders Mutual Settlement"); and (9) Tobin Trading, Inc., Builders Plaster & Drywall, L.L.C., JMM Drywall Co., LLC and Participating Insurers (the "Tobin Trading Settlement"), approved on July 9, 2013 [Rec. Doc. 16934].

unique settlements.

As the administration of these settlements progressed, on January 10, 2014, this Court issued Pretrial Order No. 28 which provided direction and established guidelines for the efficient presentation to this Court to allow for the determination of making an award of attorneys' fees and reimbursement of litigation expenses, and subsequently an allocation from such an award.    This Court has also issued Pretrial Order No. 28(A) [Rec.Doc. 17402] filed January 27, 2014, Pretrial Order No. 28(B) [Rec. Doc. 17567] filed March 26, 2014, Pretrial Order No. 28(C) [Rec. Doc.17639] filed April 29, 2014, Pretrial Order No. 28(D) [Rec. Doc. 17832] filed July 9, 2014, and Pretrial Order No. 28(E) [Rec. Doc. 18037] filed October 6, 2014 (collectively referred to herein as "PTO 28").  PTO 28 established a Fee Committee ("FC") and sequenced the timing of submissions to the FC (Initial Affidavits and Second Affidavits) to allow it to prepare and submit a Joint Fee Petition.  On May 16, 2014, the Fee Committee along with the Plaintiffs' Steering Committee presented to the Court their Consolidated Joint Petition for a Global Award of Attorneys' Fees and Reimbursement of Expenses [Rec. Doc. 17700] along with supporting material, including the Declaration of Russ M. Herman and Arnold Levin, and the Affidavit of Philip A. Garrett, C.P.A.   On April 15, 2016, the Fee Committee along with the Plaintiffs' Steering Committee filed with the Court their First Amendment to Consolidated Joint Petition for a Global Award of Attorneys' Fees and Reimbursement of Expenses [Rec. Doc. 20205].

PTO 28 also permits any of the joint applicants to submit their own petition if they want to receive an award of attorneys' fees or reimbursement of expenses for common benefit based on time or expense which is not present in the Joint Fee Petition.   Separate Petitions for an Award of Attorney's Fees or Reimbursement of Expenses for Common Benefit based on time or expenses

which is not present in the Joint Fee Petition were filed on behalf of four (4) law firms (*see* Rec. Doc. 17729 – Alters; Rec. Doc. 17708 – Wooten; Rec. Doc. 17786 – Andry; and Rec. Doc. 17735 – Lascara).

This Court has determined the global amount of funds available to compensate common benefit counsel and individually retained counsel at this time is $192,981,363.35.  Consistent with PTO 28, and, in particular, paragraph 10 of PTO 28, this Court will subsequently allocate the global fee and cost award to determine 1) the total common benefit fund and 2) the amount of funds for individual counsel for claimants.[3]  Thereafter, consistent with PTO 28, the Court will undertake the task of allocating the common benefit fund following recommendations by the FC. Given this preamble, the Court is now prepared to rule.

IT IS HEREBY ORDERED that the request in the First Amendment to Consolidated Joint Petition for a Global Award of Attorneys' Fees and Reimbursement of Expenses totaling $192,981,363.35   is GRANTED.

New Orleans, Louisiana, this 17th day of May, 2016.

_____
ELDON E. FALLON

---

[3]The Court intends to entertain in a separate filing by the PSC a motion to obtain a common benefit assessment for any Chinese Drywall case or claim not participating as a Class Member or claimant in any of the various Class Action Settlement Agreements addressed herein. See Pretrial Order No. 28, ¶ 9; see also Amended Global Settlement, Sections 4.2.2 & 16.6.

The Court will also need to address the Voluntary Common Benefit Payments made or owed pursuant this Court's order at Rec.Doc. #8389.  Pursuant this Order, attorneys were to deposit into the registry of the Court an amount equal to 17% of all settlement proceeds from any settlement amount for a particular property, representing 12% for common benefit fees and 5% for common costs.  *Id*.  In addition, the Court will also need to address the additional fee and cost payment of $2.4 million in connection with the North River Stipulation [Rec. Doc. 16968].

                                                UNITED STATES DISTRICT JUDGE