# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In re:  **CHINESE-MANUFACTURED** | * | **MDL 2047** |
| **DRYWALL PRODUCTS** | * | |
| **LIABILITY LITIGATION** | * | **SECTION L** |
| | * | |
| | * | **JUDGE FALLON** |
| **This document relates to:** | * | |
| | * | **MAGISTRATE JUDGE WILKINSON** |
| **Block, III, et. al. v. Gebrueder Knauf** | * | |
| **Verwaltungsgesellschaft, KG, et al.** | * | |
| **Case No. 11-1363** | * | |
| | * | |
| * * * * * * * * * * * * * * * * * | | |

## MEMORANDUM IN OPPOSITION TO VERIFIED MOTION  TO VACATE ORDER EXTINGUISHING CLAIM (DOC. 20219) AND TO EXTEND TIME TO SUBMIT AFFIDAVITS IN SUPPORT OF CLAIM FOR CLAIMANT VILLAS AT OAK HAMMOCK, LLC (R. DOC. 20247)

**NOW COME** the Knauf Defendants,[1] who file this Memorandum in Opposition to Claimant Villas at Oak Hammock, LLC's (hereinafter "Villas") Verified Motion to Vacate Order Extinguishing Claim (Doc. 20219) And To Extend Time to Submit Affidavits in Support of Claim for Claimant Villas At Oak Hammock, LLC (R. Doc. 20247).

The Court should not vacate its order or provide additional time for two reasons.  First, Villas failed to submit documentation required by the Knauf Class Settlement Agreement, PTO 1(B), and the Already Remediated Properties Protocol for over four years, failed to cure deficiencies following repeated requests, and failed to oppose the Knauf Defendant's Motion to Extinguish (R. Doc. 20202). Second, even if given additional time, Villas cannot comply with

---

[1] The Knauf Defendants include Knauf Plasterboard (Tianjin) Co., Ltd., Knauf Plasterboard (Wuhu) Co., Ltd., Guangdong Knauf New Building Material Products Co., Ltd., Knauf Gips KG, Gebr. Knauf Verwaltungsgesellschaft KG, Knauf International GmbH, Knauf Insulation GmbH, Knauf UK GmbH, Knauf AMF GmbH & Co. KG, Knauf do Brasil Ltda., and PT Knauf Gypsum Indonesia.

the requirements of the Knauf Class Settlement Agreement, PTO 1(B), and the Already Remediated Properties Protocol because to date it has failed to show it is in a position to present KPT evidence.

## I.      BACKGROUND

### A.       *Knauf Class Settlement Agreement, Already Remediated Properties Protocol, and PTO 1(B)*

On December 20, 2011, after extensive discovery and several bellwether trials, and seeking to avoid the effort, expense, and risk of continued litigation, the Knauf Defendants and the PSC entered into a Settlement Agreement Regarding Claims Against the Knauf Defendants in MDL 2047, in part to resolve claims of property owners who self-remediated their properties containing KPT Chinese Drywall[2] or entered into a contract to remediate their properties prior to the Knauf Class Settlement Agreement.   R. Doc. 16407-3 (Third Amended Knauf Class Settlement Agreement).

Owners who have self-remediated Affected Properties may seek benefits to resolve their Remediation Claims as provided in the Already Remediated Properties Protocol.  R. Doc. 12061-6 at § 4.3.7 (Already Remediated Properties Protocol).   The Already Remediated Properties Protocol creates a process by which to resolve the Remediation Claims of individual owners whose self-remediated properties were affected by KPT Chinese Drywall prior to the Execution Date (December 20, 2011) of the Knauf Class Settlement Agreement on a property-by-property basis. R. Doc. 12061-6 (Already Remediated Properties Protocol).

---

[2] All capitalized terms not defined herein have the same definition as the Knauf Class Settlement Agreement.  R. Doc. 16407-3.

Owners of Already Remediated Properties (also referred to as Already Remediated Homes or ARHs) are required to submit the following documentation concerning remediation of the property: (1) photographs and/or video images of all drywall removed from the property during remediation (for owners with claims pending in MDL 2047, the submission shall be in the form required by MDL Pretrial Order 1B); (2) any evidence of KPT Chinese Drywall and Non-KPT Chinese Drywall, if any, in the property prior to remediation; (3) proof of corrosion or other evidence that the KPT Chinese Drywall was reactive; (4) interior photographs of the property immediately prior to the commencement, and following completion of the remediation, including photographs and/or video images of the flooring and major components such as cabinets, moldings, doors, intercom systems, and fixtures for every room and bathroom, and, to the extent possible, security systems, appliances and audio such as surround sound; (5) the remediation contract and an itemization from the contractor who performed the remediation work of the materials used during the remediation, including but not limited to manufacturer, model number, and quantity; (6) an itemized invoice [or ledger] from the contractor who performed the remediation work; (7) proof of payment, such as cancelled checks, credit card statements, etc; (8) a floor plan of the property with dimensions; (9) an environmental certificate; and (10) an Owner Disclosure Affidavit, which includes a certification that the materials provided comprise all of the available documentation regarding the claim. *Id*. at § III.

On October 9, 2009, the Court issued PTO 1(B) (R. Doc. 337). PTO 1(B) establishes the Court's requirements "with respect to the preservation of physical evidence from properties that may be repaired by the parties during the course of this litigation." *Id*. at p. 1. PTO 1(B) states, "[f]rom this date forward, all persons or entities who have or who intend to pursue a claim

relating to allegedly defective Chinese-manufactured drywall . . . shall preserve . . . physical evidence at their own expense." *Id*. at p. 2.

The Court made it clear that all parties were and are required to preserve physical evidence by following a few basic procedures, including but not limited to the following:

> The parties shall photograph the backside of each Chinese drywall board immediately after it is removed on-site, and, document on a floor plan, building diagram, or other similar form of documentation, the location of each full or partial Chinese drywall board removed from the property and its photograph. Photographs of the wall sections should be taken so that any markings on the backside of the drywall sections are most clearly visible in the photographs.

*Id*. at p. 3. The party responsible for failing to preserve evidence may be subject to the claim or defense of spoliation. *Id*. at p. 7.

Since December 2014, the Knauf Defendants have reiterated to the Court and claimants that the Knauf Defendants' and Class Counsel's goal is to wrap up the ARH aspect of the Knauf Class Settlement Agreement at the same time the Settlement Administrator finishes dispersing funds for the other aspects of the Settlement Agreement.[3]  However, the failure by claimants to provide the necessary documentation pursuant to the Knauf Class Settlement Agreement, PTO 1(B), and the Already Remediated Properties Protocol has obstructed this process.  In connection with its goals to complete the ARH program and the continued obstruction of certain deficient claims, the Knauf Defendants have on occasion moved for extinguishment of claims that have failed to produce documentation sufficient under the Knauf Class Settlement Agreement, PTO 1(B), and/or the Already Remediated Properties Protocol. While many of these claims were

---

[3] More than 300 ARH claims have been settled, and over $41,000,000 in settlement funds have been disbursed for those claims.

removed upon claimants curing deficiencies, others like Villas failed to cure deficiencies or oppose the Motion, and therefore the claims were extinguished.

      *B.*    *Villas Claim Timeline*

- Between December 2010 and May 2011, remediation takes place at Villas. All remediation activity takes place well after creation of this MDL and issuance of PTO 1(B).

- On June 8, 2011, the Villas claim is included in Omnibus Complaint X.

- On October 26, 2011, Villas registers its claim for Unit 14 with the Settlement Administrator by uploading a Plaintiff Profile Form.

- Between October 26, 2011 and January 26, 2016, the Knauf Defendants receive no notice that Villas is an ARH claim nor do they receive any documents required for ARH claims under the Knauf Class Settlement Agreement, the Already Remediated Properties Protocol, or PTO 1(B).

- On January 26, 2016, the Knauf Defendants provide notice that the ARH program is ending.  On the same day, the Knauf Defendants receive first notice by Villas that Unit 14 is an ARH claim and Villas seeks benefits under the ARH program. Prior to this date, no information is provided for the claim except for a plaintiff profile form.

- Between January 26, 2016 and March 24, 2016, the Knauf Defendants inform Villas multiple times that the claim is deficient and identify the specific items needed to cure the deficiencies.  In response, Villas submits documentation that is deficient, repetitive, incomplete and non-compliant with the Knauf Class Settlement Agreement, PTO 1(B), and the Already Remediated Properties Protocol.

- On March 24, 2016, the Knauf Defendants inform Villas that the claim is still deficient and will be added to a Motion to Extinguish unless cured by the end of the week  (R. Doc. 20247-3).  On the same day, Villas submits materials that are duplicative of information previously submitted, and that had previously received notice were insufficient under the Knauf Class Settlement Agreement, PTO 1(B), and the Already Remediated Properties Protocol.

- On March 28, 2016, the Knauf Defendants confirm with Villas that the claim is still deficient.  *See* Exhibit A.   No new documentation is thereafter provided by Villas.

- On April 8, 2016, the Knauf Defendants file a Motion to Extinguish certain ARH claims (R. Doc. 20202).  The Villas claim is listed as one of the claims.  No new documentation is provided by Villas.

- Between April 8, 2016 and April 29, 2016, no opposition is filed by Villas to the Knauf Defendants' Motion to Extinguish. No new documentation is provided by Villas.

- On April 29, 2016, the Knauf Defendants' motion is granted and the Villas claim is extinguished.

- On May 13, 2016, Villas files the present Motion requesting the Court to vacate its prior Order extinguishing the Villas claim and provide additional time to submit affidavits in support of the claim.  No new documentation is provided by Villas.

- As of the date of this filing, the Villas claim remains deficient and lacks the following, which are required by the Knauf Class Settlement Agreement, the Already Remediated Properties Protocol, PTO 1(B), and basic concepts of evidence preservation:

  1. Photographs of KPT evidence, including photos of samples showing the backside or markings (only KPT evidence provided are photos of a single, partial, detached KPT sample);

  2. Demolition photos;

  3. Proof of payment for the balance of the original contract (50%) and change order.

## II.   ARGUMENT

   A.   *The Court should deny Villas' motion because it failed to submit required documentation for over four years, failed to cure deficiencies, and failed to oppose the Knauf Defendants' Motion to Extinguish.*

   The Court's Order should not be vacated and additional time should not be granted because Villas failed to submit documentation required by the Knauf Class Settlement Agreement for over four years, failed to cure deficiencies following repeated requests, and failed to oppose the Knauf Defendants' Motion to Extinguish.

First, the submission of materials for a claim made to the Knauf Class Settlement Agreement is within the sole control of Villas, who failed for over four years to submit documentation in support of its claim.  Although the claim was filed in October 2011, there was no activity by Villas on this claim for over four years.   Second, the Knauf Defendants repeatedly requested documentation required under the Knauf Class Settlement Agreement, PTO 1(B), and the Already Remediated Properties Protocol.  Despite notice of the requirements for submitting documentation and being informed multiple times of the deficiencies in the claim, Villas failed to submit proper evidence such that the claim was included on a Motion to Extinguish along with several other ARH claims.  Third, following the claim's inclusion on a Motion to Extinguish, the Knauf Defendants received no further documentation to cure the deficiencies, nor an opposition to their Motion.  Villas has had over four years to submit documentation in support of this claim and the Knauf Defendants have been clear about the nearing end of the ARH aspect of the Knauf Class Settlement Program.  Villas' failure to provide documentation in support of its ARH claim for over four years, and after repeated requests, is inexcusable and has continued to obstruct the ending of a successful settlement program that has settled over 300 ARH claims, totaling more than $41 million.   Therefore, based on the foregoing, the Court should deny the motion.

B.    *Even if given additional time, Villas cannot comply with the requirements of Knauf Class Settlement Agreement, PTO 1(B), or the Already Remediated Properties Protocol.*

The Court should deny the motion because even if Villas were provided additional time, it cannot cure deficiencies since it failed to show that it is in a position, and has failed to provide sufficient KPT evidence to support its ARH claim.  Since it was first notified of Villas' ARH claim, Knauf has repeatedly requested the required documentation, including KPT evidence in

7

compliance with PTO 1(B).  As noted, Villas failed to cure this deficiency prior to the Court's Order extinguishing the claim.    Furthermore, Villas has yet to cure these deficiencies, and has only requested additional time to submit affidavits in support of its claim.  Such affidavits are insufficient evidence under the Already Remediated Properties Protocol as they are inappropriate and unreliable, and this request further demonstrates Villas' inability to comply with the Knauf Class Settlement Agreement, the Already Remediated Properties Protocol, and PTO 1(B).

Drywall photographs and KPT evidence must be submitted pursuant to PTO 1(B).  R. Doc. 12061-6 at § III (Already Remediated Properties Protocol).  PTO 1(B) was entered on October 9, 2009 and required Villas to follow a few basic procedures, including but not limited to:

> [P]hotograph the backside of each Chinese drywall board immediately after it is removed on-site, and, document on a floor plan, building diagram, or other similar form of documentation, the location of each full or partial Chinese drywall board removed from the property and its photograph. Photographs of the wall sections should be taken so that any markings on the backside of the drywall sections are most clearly visible in the photographs.

The remediation occurred between December 2010 and February 2011, well after PTO 1(B) was in effect.  The Villas claim was filed in October 2011.  At the time of the remediation and the time it filed its claim, Villas was subject to PTO 1(B), and yet failed to present KPT evidence.  By its own admission, Villas cannot comply with PTO 1(B) regarding KPT evidence as it intends to only submit affidavits in support of its claim. However, as stated, affidavits created four or five years after the fact are inappropriate and insufficient evidence under the Knauf Class Settlement Agreement, the Already Remediated Properties Protocol, and PTO 1(B), and cannot cure the deficiencies that remain with respect to KPT evidence.  Simply put, if they have not been in a position to provide evidence until now, it cannot be manufactured via affidavit

8

in 2016.  Therefore, the Court should deny Villas' motion because even if additional time were granted, given the manner that it has failed to show that it is in a position to provide and present evidence of its claim despite numerous opportunities, Villas cannot comply with the Knauf Class Settlement Agreement, the Already Remediated Properties Protocol, and PTO 1(B).

## III.    CONCLUSION

The Court should deny Villas' motion for two reasons.  First, Villas failed to submit documentation required by Knauf Class Settlement Agreement for over four years, failed to cure deficiencies following repeated requests, and failed to oppose the Knauf Defendant's Motion to Extinguish. Second, even if given additional time, Villa's cannot comply with the requirements of Knauf Class Settlement Agreement, PTO 1(B), or the Already Remediated Properties Protocol.

**BAKER, DONELSON, BEARMAN,
CALDWELL & BERKOWITZ, PC**

*/s/ Kerry J. Miller*
**KERRY J. MILLER (#24562), T.A.**
**DANIEL J. DYSART (#33812)**
**RENE A. MERINO (#34408)**
201 St. Charles Avenue, Suite 3600
New Orleans, LA 70170
Telephone:     504.566.8646
Fax:               504.585.6946
Email:           kjmiller@bakerdonelson.com

***Counsel for The Knauf Defendants***

## <u>CERTIFICATE OF SERVICE</u>

**I HEREBY CERTIFY** that the above and foregoing pleading has been served upon Russ Herman, Plaintiffs' Liaison Counsel, by email, and to all parties by electronically uploading the same to LexisNexis File & Serve in accordance with Pre-Trial Order No. 6, and that the foregoing was filed with the Clerk of Court of the United States Court for the Eastern District of Louisiana, on this **23rd** day of **May**, **2016**.

/s/ *Kerry J. Miller*_____
**KERRY J. MILLER**