UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE:  CHINESE-MANUFACTURED | * | MDL 2047 |
| DRYWALL PRODUCTS LIABILITY | * | |
| LITIGATION | * | SECTION: "L" |
| * * * * * * * * * * * * * * * * * * * * * * * * * * * | | |
| This document relates to ALL CASES | * | JUDGE: FALLON |
| | * | |
| * * * * * * * * * * * * * * * * * * * * * * * * * * * | | MAG. JUDGE:  WILKINSON |

# PRE-TRIAL ORDER NO. 28(F)

On January 10, 2014, this Court entered Pretrial Order 28 regarding attorney fee and cost reimbursement guidelines [Rec. Doc. 17379]. On January 27, 2014, this Court entered Pretrial Order 28(A) clarifying that the time and expense records to be considered pursuant to PTO 28 shall reflect work performed up to and including December 31, 2013 [Rec. Doc. 17402]. On March 25, 2014, this Court entered Pretrial Order 28(B) [Rec. Doc. 17567] extending certain deadlines contained in PTO 28. On April 28, 2014, this Court entered Pretrial Order 28(C) [Rec. Doc. 17639] further extending some of the deadlines set forth in Step Three of PTO 28.  On July 9, 2014, this Court entered Pretrial Order 28(D) [Rec. Doc. 17832] which appointed Leonard A. Davis as Assistant Secretary to the Fee Committee.  On October 6, 2014, this Court entered Pretrial Order 28(E) [Rec. Doc. 18037], which addressed the allocation of common benefit fees and individual counsels' fees.

On November 23, 2015, this Court entered Pretrial Order 30 (Cost Stipend Award) which identifies and provides a process for those properties that are eligible to receive a cost stipend for those properties where KPT Chinese drywall is or was present, including homes with mixed board that includes KPT drywall, as well as for those properties where non-KPT drywall only is or was present.  The cost stipend has been paid to non-objecting *pro se* litigants or

private counsel on an individual case for a present or former homeowner and includes the reimbursement of costs, which includes all reasonable costs, including the cost of inspection in accordance with Pre-Trial Order No. 30 [Rec. Doc. 19787].

Substantially all of the claimants that participated in the various Class Settlements[1] have received full property remediation and/or settlement payments under the various Class Settlements. However, Plaintiffs' Counsel have not received compensation of attorney's fees and reimbursement of Pre-Trial Order No. 9 (PTO 9) costs.  On May 17, 2016, the Court entered an Order granting the First Amendment to Consolidated Joint Petition for a Global Award of Attorneys' Fees and Reimbursement of Expenses totaling $192,981,363.35 [Rec. Doc. 20257]. Accordingly, an allocation of fees and reimbursement of PTO 9 costs is appropriate at this time, and the Court shall address certain deadlines and the allocation of common benefit fees and individual counsel fees as follows:

1. The Court has determined that the total funds available for distribution at this time, for common benefit fees, common benefit costs and individual counsel's fees, is $192,981,363.35.[2]  From that amount, a distribution needs to be made for certain held costs, shared costs, the cost stipend and then for attorney's fees for common

---

[1] The Knauf Defendants (the "Knauf Settlement"); (2) supplier Interior Exterior Building Supply, LP ("InEx") and its insurers (the "InEx Settlement"); (3) the Banner entities[3] and their insurers (the "Banner Settlement"); (4) L&W Supply Corporation ("L&W") and USG Corporation (the "L&W Settlement"); (5) more than 700 Participating Builders, Suppliers, Installers, and their Participating Insurers (the "Global Settlement"); and (6) Builders Mutual Insurance Company ("Builders Mutual"), Nationwide Insurance Company ("Nationwide"), Porter-Blaine/Venture Supply/Insurers, and Tobin Trading/Builders Plaster & Drywall/JMM Drywall/Insurers (together, the four "Virginia Settlements").

[2] Additional amounts of money totaling $3,332,058.26 and $2,400,000.00, are solely available for common benefit Attorney Fees. This is a result the Plaintiffs' Motion to Establish a Court Supervised Account for Voluntary Deposit of Funds to Compensate and Reimburse Common Benefit Counsel [*see* Order of April 13, 2011, Rec. Doc. 8545] and the North River Settlement, respectively.  A breakdown of all funds available for common benefit attorneys has been performed by Philip A. Garrett, CPA and the amounts correspond to the funding of various Qualified Settlement Funds for Attorney's Fees in connection with the various Chinese Drywall Settlements.  Allocation of the North River Common Benefit Attorney Fund of $2,400,000.00 will be addressed at a later date in a separate filing.

benefit and individual attorneys. It is time for the Fee Committee to file a Motion to Determine the Allocation of the Global Fee Award as Between Common Benefit Fees and Individual Counsel's Fees (the "Allocation Motion"). The Fee Committee shall file the Allocation Motion by June 8, 2016. Oppositions to the Allocation Motion shall be filed by June 28, 2016 and any response shall be filed by July 11, 2016.

2. BrownGreer, the Court-Appointed Settlement Administrator, has reviewed the December 17, 2014 Order issued by the Court granting the Fee Committee's Inspection Cost and Holdback Motion Pursuant to Pre-Trial Order No. 28(E) [Rec. Doc. 18215]. Brown Greer has communicated with all counsel to confirm whether the property at issue contains KPT Chinese Drywall or mixed board inclusive of KPT Chinese Drywall, in which case a reimbursement of a reasonable stipend of $1,000.00 is appropriate which applies to Plaintiff's private counsels' individual cases and includes the reimbursement of costs sought, which includes all reasonable costs, including the cost of inspection, or, alternatively, whether the property at issue contains non-KPT Chinese Drywall, in which case a reimbursement of a reasonable stipend of $150.00 is appropriate. On November 23, 2015, the Court issued Pre-Trial Order No. 30 (Stipend Award) [Rec. Doc. 19787] and provided a listing identifying those properties that are eligible to receive a stipend of $1,000.00 per property or $150.00 per property depending upon the type of Chinese drywall contained in the particular property. The time to object to a stipend award passed. On January 27, 2016, the Fee Committee filed with the Court a Notice of PTO 30 Objectors to Stipend Award [Rec. Doc. 20010]. BrownGreer, the Court appointed Settlement

Administrator, has begun making stipend payments to firms that have properly submitted a Stipend Verification attached to PTO 30.

3. At a later date to be set by the Court, following the Court's ruling with regard to the Allocation Motion as set forth in paragraph 1 above, the Fee Committee shall make a recommendation regarding all Homebuilder claims for reimbursement of counsel fees ("Homebuilder's Reimbursement Recommendation").  Within seven (7) days of the Homebuilder's Reimbursement Recommendation, any Homebuilder that objects to their recommendation shall file its individual objection in a brief which sets forth the entire basis for the objection and all supporting documents.  If there are Homebuilder objectors, the Fee Committee shall meet and confer with Dorothy Wimberly, Esq. and Hilarie Bass, Esq., and present to the Court an agreed-upon expedited discovery plan or, in the alternative, if there is no agreement, separate discovery plans for the Court to consider and rule upon.  The discovery plan(s) shall be submitted to the Court within forty-five (45) days of the Homebuilder's Reimbursement Recommendation.  Discovery shall be concluded within sixty (60) days from either the agreed-upon discovery plan or the date of entry of the discovery plan ordered by the Court.  The Fee Committee may thereafter, in its discretion, file a revised Homebuilders' Reimbursement Recommendation.  Homebuilders shall have fourteen (14) days to submit an opposition to any Homebuilders' Reimbursement Recommendation and any response to any opposition shall be filed seven (7) days thereafter so that the Court may rule upon the same.

4. Following the Court's ruling with regards to the Homebuilder's entitlement to reimbursement of counsel fees, the Fee Committee shall make recommendations as

4

to: (1) the total common benefit/class counsel fee to be awarded; (2) the common benefit fee allocation to each participating attorney or law firm which has submitted a Second Affidavit; (3) the PTO 9 cost reimbursement to each participating attorney or law firm which has submitted a Second Affidavit; and (4) cost reimbursement of any other PTO 9 held expenses and/or assessments. Each such attorney or firm shall be provided notice of the Fee Committee's recommendation as it pertains to the participating attorney or law firm. Any objection to the Fee Committee's recommendation shall be submitted to the Fee Committee within fourteen (14) days after the date of the recommendation. Within seven (7) days from the receipt of objections, the Fee Committee shall file with the Court its Final Recommendation for fee allocation and for PTO 9 costs for each participating attorney or law firm which has submitted a Second Affidavit.

5. Following the Court's ruling with regards to the Allocation Motion as set forth in paragraph 1 above, the Court will determine the appropriate compensation to be awarded to counsel for individual claimants who seek compensation for handling an individual Chinese drywall claim that is eligible in any of the various settlements. In making its determination, the Court will consider the actual recovery, including the cost of remediation of a property, the Other Loss funds and any lump sum payment, paid to the affected property owner from a Class Settlement[3]. An individually

---

[3] This recovery calculation and attorney fee award does not include homeowners covered by the following Settlement Agreements as attorney's fees were handled separately: Builders Mutual Insurance Company ("Builders Mutual"), Nationwide Insurance Company ("Nationwide"), Porter-Blaine/Venture Supply/Insurers, and Tobin Trading/Builders Plaster & Drywall/JMM Drywall/Insurers (together, the four "Virginia Settlements").

retained counsel will be entitled to compensation for attorney's fees based upon the following formula:

$$\frac{\text{the actual recovery amount of the claimant}^4}{\text{the total amount of recovery paid to all claimants}} \times \begin{array}{l}\text{the total amount awarded in} \\ \text{the Allocation Motion for} \\ \text{individual counsel fees}\end{array}$$

For example, if an individual property owner has recovered $100,000 in the settlement and the total amount of recovery paid to all claimants in the settlement equals $500 million and the total amount awarded in the Allocation Motion for individual counsel fees is $100 million, then the total amount to be awarded to the individual counsel shall be $20,000.00 [$100,000.00 ÷ $500 million X $100 million = $20,000].

6. By June 7, 2016, BrownGreer, the Court-appointed Settlement Administrator, shall distribute to each individual plaintiffs' counsel for individual claimants a listing setting forth the actual recovery amount of each claimant represented by that particular individual plaintiffs' counsel, as well as the total amount of recovery paid to all claimants. Any individual plaintiffs' counsel for individual claimants who disputes the actual recovery amount for a particular claimant must, on or before June 17, 2016, notify BrownGreer and Class Counsel, Arnold Levin, Levin Fishbein Sedran & Berman, 510 Walnut Street, Suite 500, Philadelphia, PA 19106, alevin@lfsblaw.com and Russ M. Herman, Herman Herman & Katz, LLC, 820 O'Keefe Avenue, New Orleans, LA 70113, drywall@hhklawfirm.com, in writing, of their dispute to the actual recovery amount by filing a Notice of Objection. Any Notice of Objection must set forth the full and complete basis of

---

[4] This amount shall not include reimbursement of cost or stipend.

the dispute (including a proper identification of the exact amount of money in dispute) and set forth the full name and current address of the person disputing the actual recovery amount, together with the address of the particular property. Failure to comply timely and fully with these procedures shall be deemed a waiver of any dispute which will foreclose an individual plaintiffs' counsel for an individual claimant from making any objection or dispute to the actual recovery amount for a particular claimant at a later date.

7. At a later date, the Court will permit discovery in connection with the PSC's Motion for Additional Common Benefit Assessments, filed pursuant to Pre-Trial Order No. 28 on July 9, 2014 [Rec. Doc. 17831]. Discovery in connection with this motion may take place as against any unresolved claims. At the conclusion of discovery, the PSC is directed to file a motion to set the Motion for Additional Common Benefit Assessments for contradictory hearing.

8. By no later than fifteen (15) days of this Order, Philip A. Garrett, CPA, shall file with the Court a revised Affidavit setting forth the updated total time and expenses submitted to and accepted by Philip A. Garrett, CPA, through December 31, 2013, for the firms that seek compensation for common benefit attorney's fees and reimbursement of expenses pursuant to PTO 9 and PTO 28 as amended.

9. It is the Court's intention, at a later date, to consider the necessity, if any, for subsequent hearings and to determine the appropriate manner in which attorney's fees and costs, as presented by the plaintiff attorneys, shall be determined, including the necessity to appoint a Special Master for certain issues and to expedite certain portions of the award.

New Orleans, Louisiana, this ___ day of _____, 2016.

_____
ELDON E. FALLON
UNITED STATES DISTRICT JUDGE