UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: CHINESE-MANUFACTURED DRYWALL PRODUCTS LIABILITY LITIGATION | CIVIL ACTION |
| | NO. 09-02047 |
| | SECTION "L" (5) |
| THIS DOCUMENT RELATES TO: ALL CASES | |

**ORDER & REASONS**

**I.     INTRODUCTION**

Before this Court are seven appeals of the Special Master's final determinations on miscellaneous appealed claims (Rec. Docs. 20126, 20123, 20133, 20099, 20124, 20137, 20125). Having read the parties' briefs, reviewed the applicable law, and heard several of the parties on oral argument, the Court now issues this Order and Reasons.

**II.    BACKGROUND**

   **a. Procedural Background**

From 2004 through 2006, the housing boom in Florida and rebuilding efforts necessitated by Hurricanes Rita and Katrina led to a shortage of construction materials, including drywall. As a result, drywall manufactured in China was brought into the United States and used in the construction and refurbishing of homes in coastal areas of the country, notably the Gulf Coast and East Coast. Sometime after the installation of the Chinese drywall, homeowners began to complain of emissions of smelly gasses, the corrosion and blackening of metal wiring, surfaces, and objects, and the breaking down of appliances and electrical devices in their homes. *In re Chinese-Manufactured Drywall Prod. Liab. Litig.*, 894 F. Supp. 2d 819, 829 (E.D.La. 2012),

*aff'd*, 742 F. 3d 576 (5th Cir. 2014). Many of these homeowners also began to complain of various physical afflictions believed to be caused by the Chinese drywall. Accordingly, these homeowners began to file suit in various state and federal courts against homebuilders, developers, installers, realtors, brokers, suppliers, importers, exporters, distributors, and manufacturers who were involved with the Chinese drywall. Because of the commonality of facts in the various cases, this litigation was designated as multidistrict litigation. Pursuant to a Transfer Order from the United States Judicial Panel on Multidistrict Litigation on June 15, 2009, all federal cases involving Chinese drywall were consolidated for pretrial proceedings in MDL 2047 in the U.S. District Court, Eastern District of Louisiana.

The Chinese drywall at issue was largely manufactured by two groups of defendants: (1) the Knauf Entities, and (2) the Taishan Entities. The instant appeals before the Court related to the Knauf Entities.

The Knauf Entities are German-based, international manufacturers of building products, including drywall, whose Chinese subsidiary, Knauf Plasterboard (Tianjin) Co., Ltd. ("KPT"), advertised and sold its Chinese drywall in the United States. The Knauf Entities are named defendants in numerous cases consolidated with the MDL litigation and litigation in state courts. The Knauf Entities first entered their appearance in the MDL litigation on July 2, 2009. *See* (R. Doc. 18). On November 2, 2009, in Pretrial Order No. 17, KPT agreed to a limited waiver of service. *See* (R. Doc. 401). On March 15-19, 2010, the Court presided over a bellwether trial in *Hernandez v. Knauf Gips KG*, Case No. 09-6050, involving a homeowner's claims against KPT for defective drywall. *See* (R. Doc. 2713). For purposes of the trial, KPT stipulated that its Chinese drywall "emits certain reduced sulfur gases and the drywall emits an odor." *Id*. The Court found in favor of the plaintiff family in *Hernandez*, issued a detailed Findings of Fact and

Conclusions of Law ("*Hernandez* FOFCOL"), *see id.*, and entered a Judgment in the amount of $164,049.64, including remediation damages in the amount of $136,940.46, which represented a cost of $81.13 per square foot based on the footprint square footage of the house. *See* (R. Doc. 3012).

Thereafter, on October 14, 2010, the Knauf Entities entered into a pilot remediation program with the Plaintiffs' Steering Committee ("PSC") in the MDL. This program was largely based upon the remediation protocol formulated by the Court in *Hernandez*. The Knauf pilot remediation program is ongoing and has, at present, remediated over 2,000 homes containing KPT Chinese drywall using the same protocol. At the Court's urging, the parties began working together to monetize this program and make it available to a broader class of plaintiffs.

On December 20, 2011, the Knauf Entities and the PSC entered into a global, class Settlement Agreement ("Knauf Settlement Agreement"), which is designed to resolve all Knauf-related, Chinese drywall claims. *See* (R. Doc. 16407-3). Although there are numerous settlement agreements with defendants in the chain-of-commerce with the Knauf Entities, the instant appeals related specifically to the Knauf Settlement Agreement.

### b. The Knauf Settlement Agreement

The Knauf Settlement Agreement provides for the complete remediation of the contaminated structure in accordance with an evidence based protocol developed from various different trial. In addition, the Agreement allows Claimants to submit a number of different claims for compensation due to damage allegedly caused by Chinese Drywall. Claims unrelated to remediation of a property are known as "Other Loss Claims." During the course of the Chinese Drywall Settlement Program, the Settlement Administrator received 7,986 Other Loss claims. These claims were reviewed by the Settlement Administrator, who reviewed claim

documentation for completeness and issued an eligibility notice using amounts set forth in PTO 29. Claimants who were dissatisfied with this award had the option to appeal their award to the Special Master. The Special Master independently reviewed these claims and issued a new award determination. Pursuant to Section 4.6.8 of the Knauf Settlement Agreement, Claimants who remained unsatisfied with the Special Master's award had the additional option to appeal directly to the Court.  Specifically, the Knauf Settlement Agreement provides that:

> Unless otherwise final and binding pursuant to the relevant sections below, decisions of the Special Master with respect to the Other Loss Fund may be appealed by Settlement Class Counsel, the Knauf Defendants or an affected Class Member within 15 days of service of the Special Master's decision by filing an objection with the Court, but only after Settlement Class Counsel, the Knauf Defendants, and, if applicable, an affected Class Member's counsel meet and confer in an attempt to resolve such issue. Unless the Court orders otherwise, appeals will be based on the record and briefing before the Special Master without further evidentiary submissions, briefing or argument. Any Party may, at its own expense, request that proceedings before the Special Master be transcribed. The Court's decision on any objections will be final, with no further appeals permitted.

Knauf Settlement Agreement, Section 4.6.8.  Out of the starting population of 7,986 claims, only 64 claimants appealed to the Court, including ten appealed miscellaneous claims.

The appealed miscellaneous claims were filed pursuant to Section 4.7.3.1 of the Knauf Settlement Agreement, which provides that:

> The Special Master and the MDL Court may, in their discretion, consider and allow claims [other than Pre-Remediation Alternative Living Expenses claims, Lost use, sales and rentals claims, foreclosure claims, sales in mitigation claims, tenant loss claims and bodily injury claims] so long as the claims are equitably justified and do not involve claims for the specifically enumerated Other Loss Exclusions. In considering any such additional claims, the Special Master and the MDL Court may, in their discretion, adjust the amount of the claims so as to protect Other Loss funds for other Settlement Class Members.

Knauf Settlement Agreement, Section 4.7.3.1.  The specifically enumerated Other Loss Exclusions include "damage or loss for stigma, injury to reputation, loss of enjoyment of home, psychological or emotional injury, medical monitoring, injury to reputation, credit rating loss, legal and accounting expenses, loss of investment opportunity…"  Knauf Settlement Agreement, Section 4.7.3.  Pursuant to the aforementioned terms of the Knauf Settlement Agreement, the Court reviews the following appealed miscellaneous claims in turn.

### III. APPEALED MISCELLANEOUS CLAIMS

#### a. Terrance and Tonya DeMots (R. Doc. 20126)

Terrance and Tonya DeMots ("Claimants") had their home completed remediated pursuant the Knauf Settlement Agreement.  On October 25, 2013, Claimants timely filed a miscellaneous claim for additional recovery from the Knauf Settlement Other Loss Fund.  On May 15, 2015, Claimants received an Other Loss Eligibility Notice in the amount of $943.00 for their miscellaneous claim. On May 21, 2015, Claimants requested Special Master consideration for their miscellaneous claim.  On December 3, 2015, the Special Master, consistent with the initial offer, awarded Claimants $943.00 for their miscellaneous claim.  On December 18, 2015, Claimants requested reconsideration of the Special Master's award.  On February 15, 2016, the Special Master issued a post-reconsideration award, consistent with his earlier award, in the amount of $943.00, from which Claimants now appeal.

Claimants seek compensation for HVAC repair, lost rent outside the remediation period and carrying costs.  The damages sought by Claimants for lost rent outside of the remediation period and for carrying costs are not equitably justified.  Considering that Claimants submitted proper documentation to demonstrate a loss of $943.00, and have not submitted any additional documentation since their prior review by the Special Master, **IT IS ORDERED** the Special Master Post-Reconsideration Award of $943.00 for Claimants' miscellaneous claim is affirmed.  This award

5

will be distributed to the Claimants on a pro rata basis once all the remaining other loss objections are resolved.

### b. Tarek and Andrea Loufty (R. Doc. 20123)

Tarek and Andrea Lofty ("Claimants") had their home completed remediated pursuant the Knauf Settlement Agreement and have been awarded $10,000 for their foreclosure/short sale claim. Claimants also filed a miscellaneous claim for additional recovery from the Knauf Settlement Other Loss Fund. Claimants received an Other Loss Eligibility Notice in the amount of $2,500 for their miscellaneous claim. On April 10, 2015, Claimants requested Special Master consideration for their miscellaneous claim. On December 7, 2015, the Special Master denied Claimants' miscellaneous claim and reduced their initial offer to $0.00. Claimant requested reconsideration of the Special Master's award and, on February 15, 2016, the Special Master issued a post-reconsideration award, consistent with his earlier award, in the amount of $0.00, from which Claimant now appeals.

Claimants seek compensation for lost rent outside the remediation period. The damages sought by Claimants are not equitably justified because the Settlement Agreement only allows compensation for three months of lost rent. *See* Section 4.7.1.2, Knauf Settlement Agreement. However, because Claimants allege that they only requested an appeal of the initial offer based on the fact they received "conflicting information" regarding which claims could be filed through the Other Loss Claims process, **IT IS ORDERED** the Settlement Administrator restore Claimants' initial offer of $2,500 for their miscellaneous claim. This award will be distributed to the Claimants on a pro rata basis once all the remaining other loss objections are resolved.

### c. McBride Family Properties (R. Doc. 20133)

McBride Family Properties, LLC ("Claimant") had its property completed remediated pursuant the Knauf Settlement Agreement and has been awarded $7,500.00 for its lost rent use or

sales claim. On October 25, 2015, Claimant also timely filed a miscellaneous claim for additional recovery from the Knauf Settlement Other Loss Fund. On September 14, 2015, Claimant received an Other Loss Eligibility Notice in the amount of $2,500 for its miscellaneous claim. On October 27, 2015, Claimant requested Special Master consideration for its miscellaneous claim. On December 3, 2015, the Special Master denied Claimant's miscellaneous claim and reduced its initial offer to $0.00. On December 18, 2015, Claimant requested reconsideration of the Special Master's award. On February 15, 2016, the Special Master issued a post-reconsideration award, consistent with his earlier award, in the amount of $0.00, from which Claimant now appeals.

Claimant seeks compensation for carrying costs, such as Home Owners Association fees, lost rent outside of the remediation period, maintenance fees and taxes. The damages sought by this Claimant are not equitably justified as they would have been incurred regardless of the presence of Chinese Drywall. However, so as not to penalize Claimant for exercising its right to appeal the Special Master Award, **IT IS ORDERED** the Settlement Administrator restore Claimant's initial offer of $2,500 for its miscellaneous claim. This award will be distributed to the Claimant on a pro rata basis once all the remaining other loss objections are resolved.

### d. Adelky Pena (R. Doc. 20099)

Adelky Pena ("Claimant") had her home completed remediated and received compensation for that remediation pursuant to her already remediated home claim. Claimant also filed a miscellaneous claim for additional recovery from the Knauf Settlement Other Loss Fund. Claimant received an Other Loss Eligibility Notice in the amount of $2,500 for this miscellaneous claim. Thereafter, Claimant requested Special Master consideration for the miscellaneous claim. The Special Master denied Claimant's miscellaneous claim and reduced its initial offer to $0.00. Claimant requested reconsideration of the Special Master's award and, on

February 15, 2016, the Special Master issued a post-reconsideration award, consistent with his earlier award, in the amount of $0.00, from which Claimant now appeals.

Claimant seeks compensation for expenses related to carrying costs, such as property taxes and loan interest, loss of a pending sales contract and selling the Affected Property at a reduced value after remediation. The damages sought by this Claimant are not equitably justified. The carrying costs would have been incurred regardless of the presence of Chinese drywall. Moreover, a claim for loss of a pending sales contract is explicitly excluded under the miscellaneous claim type as it is covered under the Lost Sale claim type. Additionally, a claim for selling an Affected Property at a reduced value is also explicitly excluded under the miscellaneous claim type as it is covered under the Short Sale claim type. However, so as not to penalize Claimant for exercising her right to appeal the Special Master Award, **IT IS ORDERED** the Settlement Administrator restore Claimant's initial offer of $2,500 for her miscellaneous claim. This award will be distributed to the Claimant on a pro rata basis once all the remaining other loss objections are resolved.

### e. RMM Investments (R. Doc. 20124)

RMM Investments, LLC ("Claimant") had its property completed remediated pursuant the Knauf Settlement Agreement and has been awarded $1,860.00 for its lost rent use or sales claim. Claimant also filed a miscellaneous claim for additional recovery from the Knauf Settlement Other Loss Fund. Claimant received an Other Loss Eligibility Notice in the amount of $2,500 for each of its two miscellaneous claims. On July 7, 2015, Claimants requested Special Master consideration for their miscellaneous claims. On December 7, 2015, the Special Master denied Claimant's miscellaneous claims and reduced its initial offer to $0.00 for each claim. Claimant requested reconsideration of the Special Master's award and, on February 15, 2016, the Special Master issued a post-reconsideration award, consistent with his earlier award, in the amount of $0.00 for each claim, from which Claimant now appeals.

Claimant seeks compensation for lost rent outside the remediation period in relating to two properties. The damages sought by Claimant are not equitably justified because the Settlement Agreement only allows compensation for three months of lost rent. *See* Section 4.7.1.2, Knauf Settlement Agreement. However, because Claimant alleges that it only requested an appeal of the initial offer based on the fact it received "conflicting information" regarding which claims could be filed through the Other Loss Claims process, **IT IS ORDERED** the Settlement Administrator restore Claimants' initial offer of $2,500 for their miscellaneous claim. This award will be distributed to the Claimants on a pro rata basis once all the remaining other loss objections are resolved.

    **f.   Sam Sumner Jr. (R. Doc. 20137)**

Sam Sumner, Jr. ("Claimant") had his property completed remediated pursuant the Knauf Settlement Agreement. Claimant also timely filed a miscellaneous claim for additional recovery from the Knauf Settlement Other Loss Fund. On July 30, 2015, Claimant received an Other Loss Eligibility Notice in the amount of $2,500 for his miscellaneous claim. Claimant requested Special Master consideration for his miscellaneous claim. On December 3, 2015, the Special Master denied Claimant's miscellaneous claim and reduced his initial offer to $0.00. On December 28, 2015, Claimant requested reconsideration of the Special Master's award. On February 15, 2016, the Special Master issued a post-reconsideration award, consistent with his earlier award, in the amount of $0.00, from which Claimant now appeals.

The Claimant seeks compensation for alternative living expenses incurred because of relocation due to the Claimant's job and not because of Chinese Drywall. The Claimant also seeks compensation for expenses associated with carrying costs on the Affected Property, such as utilities, mortgage, property tax, sewer, termite bond and HOA dues. The damages sought by this Claimant are not equitably justified because they would have been incurred regardless of the presence of

Chinese Drywall.  However, so as not to penalize Claimant for exercising his right to appeal the Special Master Award, **IT IS ORDERED** the Settlement Administrator restore Claimant's initial offer of $2,500 for her miscellaneous claim.  This award will be distributed to the Claimant on a pro rata basis once all the remaining other loss objections are resolved.

### g.  Julian and Jeri Thorton (R. Doc. 20125)

Julian and Jeri Thorton ("Claimants") had their property completed remediated pursuant the Knauf Settlement Agreement and have been awarded $14,400.00 for their PRALE.  On November 16, 2013, Claimants timely filed a miscellaneous claim for additional recovery from the Knauf Settlement Other Loss Fund.  On May 15, 2015, Claimants received an Other Loss Eligibility Notice in the amount of $2,500.00 for their miscellaneous claim.  On June 15, 2015, Claimants requested Special Master consideration for their miscellaneous claim.  On December 3, 2015, the Special Master denied Claimants' miscellaneous claim and reduced their initial offer to $0.00.  On December 18, 2015, Claimants requested reconsideration of the Special Master's award.  On February 15, 2016, the Special Master issued a post-reconsideration award, consistent with his earlier award, in the amount of $50.00, from which Claimants now appeal.

Claimants seek compensation for lost wages and remediation expenses. The lost wages sought by the Claimants are not equitably justified because they are not contemplated in the Settlement Agreement. Additionally, the remediation expenses sought by the Claimants are explicitly excluded under the Miscellaneous claim type because they are covered by the Global, Banner, InEx, Repair and Relocation Expenses claim type.  However, so as not to penalize Claimants for exercising their right to appeal the Special Master Award, **IT IS ORDERED** that the Settlement Administrator restore Claimants' initial offer of $2,500 for her miscellaneous claim.  This award will be distributed to the Claimants on a pro rata basis once all the remaining other loss objections are resolved.

## IV. CONCLUSION

Considering the foregoing, **IT IS ORDERED** that the following claimants are **GRANTED** the following awards:

The Court **GRANTS** Terrance and Tonya DeMots an award of $943.00;

The Court **GRANTS** Tarek and Andrea Loufty an award of $2,500;

The Court **GRANTS** the McBride Family Properties an award of $2,500;

The Court **GRANTS** Adelky Pena an award of $2,500;

The Court **GRANTS** RMM Investments an award of $2,500;

The Court **GRANTS** Sam Sumner, Jr. an award of $2,500; and

The Court **GRANTS** Julian Thorton an award of $2,500 for each of their respective miscellaneous claim. These awards will be distributed on a pro rata basis once all the remaining other loss claim objections are resolved.

New Orleans, Louisiana this 27th day of May, 2016.

_____
United States District Judge