# EXHIBIT "A"

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In re:  CHINESE-MANUFACTURED | * | MDL Docket No. 2047 |
| DRYWALL PRODUCTS | * | |
| LIABILITY LITIGATION | * | SECTION L |
| | * | |
| | * | JUDGE FALLON |
| This document relates to All Cases | * | |
| | * | MAGISTRATE JUDGE WILKINSON |

* * * * * * * * * * * * *

### REVISED AND UPDATED AFFIDAVIT OF PHILIP A. GARRETT, C.P.A. PURSUANT TO PRETRIAL ORDER NO. 28(F)

STATE OF LOUISIANA         :

PARISH OF ORLEANS          :

Philip A. Garrett, being duly sworn according to law deposes and says:

1. This is a revised and updated affidavit that is being submitted pursuant to Pretrial Order No. 28(F) [Rec. Doc. 20282], which supersedes and replaces the Affidavit of Philip A. Garrett, C.P.A. filed November 4, 2014 [Rec. Doc. 18101-1], which revised the initial Affidavit of Philip A. Garrett, C.P.A. filed May 21, 2014 [Rec. Doc. 17701-2] in connection with the Consolidated Joint Petition of the Fee Committee and the Plaintiffs' Steering Committee ("PSC") for Global Award of Attorneys' Fees and Reimbursement of Expenses, Filed Pursuant to Pretrial Order No. 28.

2. I am a certified public accountant. For over 35 years I was associated with the public accounting firm of Wegman Dazet & Company and I am now associated with the firm of

Philip A. Garrett, CPA. A copy of my curriculum vitae summarizing my training and experience in the field of public accounting is attached to this report and affidavit as Exhibit "1."

3. Pretrial Order No. 9 (PTO 9) approved my retention to assist and provide accounting services to the Plaintiffs' Liaison Counsel, the PSC and the Court in MDL No. 2047, as follows:

> Plaintiffs' Liaison Counsel has retained and the Court approves the retention of Philip Garrett, CPA ("PG"), to assist and provide accounting services to Plaintiffs' Liaison Counsel, the Plaintiff's Steering Committee, and the Court in MDL 2047. PG will be assisting in compiling submissions and will provide reports to Plaintiff's Liaison Counsel who shall submit them with the Court on a monthly basis. These reports will include both time and expenses and will summarize, with back-up detail, the submissions of all firms. Submission of time and expense records to PG and the Court shall be considered as if submitted under seal.

4. PTO 9 requires that all time and expenses submitted must be incurred only for work authorized in advance by the PSC and that the time and expense guidelines are intended for all activities performed and expenses incurred by counsel, which relate to matters common to all claimants in MDL 2047.

5. Pretrial Order No. 9A (PTO 9A) supplemented PTO 9 by setting forth the time and expense reporting procedures for submission of plaintiffs' counsel's time and expense submissions relating to matters common to all claimants in State Court Chinese Drywall litigation matters.

6. On January 10, 2014, the Court entered PTO 28 (Attorney Fee and Cost Reimbursement Guidelines). The Pretrial Order was subsequently amended several times as set forth in PTOs 28(A), 28(B), 28(C), 28(D), 28(E) and 28(F). These orders provided direction and established guidelines for the efficient presentation to the Court to allow for the determination of making an award of attorney's fees and disbursement of litigation expenses, and subsequently an allocation from such an award. It also directed the members of the Fee Committee (FC) to file a

Joint Fee Petition for an award of attorney's fees and reimbursement of expenses. The Consolidated Joint Petition of the Fee Committee and the Plaintiffs' Steering Committee for a Global Award of Attorneys' Fees and Reimbursement of Expenses, filed pursuant to Pretrial Order No. 28, was filed on May 16, 2014 [Rec. Doc. 17700]. On April 15, 2016, the Fee Committee along with the Plaintiffs' Steering Committee filed with the Court their First Amendment to Consolidated Joint Petition for a Global Award of Attorneys' Fees and Reimbursement of Expenses [Rec. Doc. 20205]. On May 17, 2016, the Court entered an Order granting the First Amendment to Consolidated Joint Petition of the Fee Committee and the Plaintiffs' Steering Committee for a Global Award of Attorneys' Fees and Reimbursement of Expenses totaling $192,981,363.35 [Rec. Doc. 20257].

7. Collectively these orders established a procedure for reviewing all submissions of time and expense. In connection with my retention by the Court and pursuant to PTO 9 and PTO 28 and its amendments, I have reviewed the time and expense records of those counsel in MDL 2047 who submitted such records and who, I was advised, would petition the Court for an award of fees and costs for "common benefit" services in the Chinese Drywall Litigation.

8. During the period from July 2009 through today, my work as the Court-appointed "accountant" primarily involved a review of these time and expense reports to determine whether they complied with the dictates of PTO 9. Where it was determined that a submission of common benefit time and expense was not in compliance with PTO 9, or the procedures established by Plaintiffs' Liaison Counsel, the submitting law firm was advised of this determination and given an opportunity to correct it. Further, PTO 28 provided an opportunity for counsel to request that I modify certain time or expenses to amend or correct any submissions. I routinely kept the Court

advised of my ongoing activities. PTO 28(E) established a deadline for modification of certain time or expenses to amend or correct any submissions.

9. As part of my duties to assist in compiling submissions and making reports, among other things, I disallowed from inclusion in these submissions the following items:

   a. Any submission or report of professional time and expense in which the hours of service were not properly coded in accordance with PTO 9;

   b. Any item of expense for which proper receipts or other proof of payment has not been submitted;

   c. Any item of time or expense which was incurred in connection with the litigation of any individual case or group of individual cases involving a person or persons who made a claim for a Chinese drywall affected property, unless counsel was authorized by a member of the PSC or FC to perform such work primarily for the common benefit of Chinese drywall litigants in MDL No. 2047 and the state litigation with which it is coordinated.

10. Any items of time and expense that were disallowed are reported to the Court in the regular monthly reports provided by me. Under PTO 9, PTO 9A, and PTO 28, my determination as to whether to disallow any item of time and expense from inclusion in allowed time or expenses was a matter of procedural convenience for the Court and not a determination on the merits. I made no subjective judgment regarding the value of any time allowed and attempted to judge solely upon objective criteria. The Court's orders made it clear that a disallowance by me was without prejudice to a determination by the Court of the merits of any submission at a time and manner determined by the Court.

11. Ultimately, I reviewed submissions of time and expense from 54 separate law firms who claimed to participate in common benefit time and costs. Ten of these firms did not comply with PTO 28's requirement to submit affidavits in support of a common benefit fee request,

4

including one firm that was not intended to be a common benefit fee applicant. In total, 43 firms have complied with PTO 28 and ten firms are not in compliance with PTO 28. In addition, several firms did not comply with PTO 9 or PTO 9(A), but have contributed assessments that are unreimbursed.

12. The review process that has been ongoing since time and expense submissions were first submitted pursuant to PTO 9 (which were due on September 15, 2009) through May 31, 2016, required the expenditure of 5,901.15 hours of professional accounting time by myself and the members of my staff which resulted in billings totaling $1,110,431.35, including costs.

13. The protocol which I observed in reviewing the time and expense submissions of the common benefit counsel consisted of four (4) segments.

    a. Initially, we reviewed each submission to determine if it complied with the form requirements of PTO 9. Among other things, this examination focused on whether the Fee Applicant reported time according to the guidelines of PTO 9, whether appropriate time records were included with the submission, whether the position (e.g., partner, associate, paraprofessional or investigator) of each timekeeper was disclosed, whether the reported time was properly categorized in accordance with the requirements of PTO 9, and whether the Fee Applicant attached records documenting its claimed expenses. If we discovered deficiencies in compliance with the procedural requirements of PTO 9, they were brought to the attention of the common benefit counsel by means of a suitably completed form letter(s).

    b. Once we received a time or expense record that was in proper form, we examined the submission rigorously to determine if there were circumstances present which would require us to disallow items of time and expense from inclusion under the terms of PTO 9. If we determined that there were such items, we transmitted a letter to the common benefit counsel conditionally disallowing the inclusion of that counsel's time and expenses. In the conditional disallowance letters, we clearly advised the applicant of each type of item contained in the submission which was subject to disallowance. Typically, we provided illustrations of each such item from the counsel's time and expense records. The letters provided a period of

                time for the counsel to correct the deficiencies in its submission insofar as it was able to truthfully do so. In most of these cases, we ultimately issued a letter approving the counsel's revised submission of time and expense. In some of these cases, however, we were required to disallow specific line items of time and/or expense and an appropriate letter issued.

      c.      After the above outlined process, we checked the arithmetic accuracy of the summaries of time and expense submitted by each counsel based on the underlying detail records that were supplied to us. This procedure was limited to items of time and expense.

      d.      Following the issuance of PTO 28, numerous communications with various counsel took place if a counsel requested that I modify certain time or expenses to amend or correct any submission. We reviewed and amended, as appropriate, revised submissions by counsel so that the Case Cost Management System was updated to reflect time and expenses that were accurate and in accordance with submissions made by counsel who sought compensation for common benefit time and reimbursement of expenses pursuant to PTO 9 and PTO 9A.

14. As a consequence of this process of review, Fee Applicants have withdrawn a significant number of hours of time. This effort has proven itself to be beneficial as common benefit counsel have worked cooperatively, and sometimes eliminated entries that were not directly questioned by me. My analysis of the submissions and reporting of common benefit counsel's time and expenses is an ongoing process. Since the entry of PTO 28 and PTO 28(E) there have been revisions by various submitting firms to the number of common benefit hours and expenses claimed to have been incurred by the various firms. As a result, there has been a reduction of total common benefit submitted hours of 24,960.91 hours and a reduction of total common benefit expenses of $911,150.76.

15. For purposes of this Report, I performed a mathematical calculation by taking the total updated/revised amount of common benefit hours as of December 31, 2013 and multiplied

6

that amount by an hourly rate. For this Affidavit, the hourly rates[1] used were: 1) Counsel's Reported Actual Hourly Rate at Inception; 2) Counsel's Reported Current Hourly Rate; and 3) Counsel's Blended Hourly Rate[2].

16.  The total number of hours of professional time that was reported for the 43 firms that complied with PTO 28 was 232,309.35.[3] The total number of hours of professional time that was reported by the ten firms that did not comply with PTO 28 but whose time is being considered in these computations was 831.60 hours. The total number of the 53 firms' hours was 233,140.95.[4]

17.  For the 43 firms that complied with PTO 28, the total computed amount of the common benefit hours multiplied by:

 a. The Reported Actual Hourly Rate at Inception was calculated as $115,712,271.30;

 b. The Reported Current Hourly Rates was calculated as $146,854,654.40; and

 c. The Blended Hourly Rate was calculated as $131,588,525.35.

---

[1] In those few instances where counsel failed to provide or lacked their billing rates, those employees that did not provide positions or rates received the average rate for the population. Those that provided positions, but no rates received the average rate for that position.

[2] The Blended Hourly Rate is the average of the Actual Hourly Rate at Inception and the Current Hourly Rate.

[3] Of those counsel participating in both state and MDL litigations, all time reported was attributed to MDL time. Total time is stated rounded up to the nearest whole number.

[4] As noted in footnote 1, since it was never intended that counsel for Banner would seek a common benefit fee in this litigation, the 2,363.4 hours accepted for Weinburg, Wheeler, are not included in my calculations.

7

18. The total amount of "held expenses," as defined by PTO 9, incurred by all common benefit firms that have complied with PTO 28 and which has been properly documented as eligible for reimbursement as of December 31, 2013, under the terms of the applicable pretrial orders is $3,664,579.15[5]. As of December 31, 2014, properly documented held costs are recorded to be $3,842,737.87.

19. In addition to the reimbursable "held expenses" incurred by each common benefit counsel individually, certain reimbursable "shared expenses," as defined by PTO 9, were incurred by the PSC.

20. Common benefit shared expenses were funded in this litigation by periodic assessments. As of December 31, 2013, PSC members and others paid assessments, the total of which assessments collected over the course of the litigation was $11,335,000.00. The "shared expenses" incurred for the administration of the MDL from the PSC's account paid from the assessments was then scrutinized. As of December 31, 2013, the PSC incurred $13,583,536.25 in properly documented shared expenses which expenses are properly subject to reimbursement.

21. The PSC previously received $18,115,939.53 as an advance of attorneys' fees and costs from the Knauf Settlement Funds of which $9,148,000.00 was used to partially reimburse assessments leaving a balance of unreimbursed assessments of $2,187,000.00. The remaining funds are retained by the PSC for ongoing shared expenses.

---

[5] The firms that did not comply with PTO 28 also have unreimbursed held expenses totaling $18,587.57 as of December 31, 2013.

22. Copies of all submissions provided to me by law firms are available to the Court through protected access via the Case Cost Management System.

23. In connection with this assignment and in accordance with directives provided by the Honorable Eldon E. Fallon, I performed an attorney fee and cost reconciliation applicable to the various Settlement Agreements and, in particular, as to funds available for common benefit and individual retained attorneys. My analysis is set forth in the attached Exhibit "2".

FURTHER AFFIANT SAYETH NOT.

_____
PHILIP A. GARRETT, C.P.A.

Sworn & Subscribed
before me this 6Th
day of JUNE, 2016.

_Linda W. DeLaughter_
NOTARY PUBLIC

LINDA W. DeLAUGHTER
Notary Public
STATE of LOUISIANA
NOTARY ID # 12159
St. Tammany Parish

My Commission Expires at Death.

9

# EXHIBIT 1

# PHILIP A. GARRETT, CPA
600 Northwoods Drive
Abita Springs, LA  70420
985-635-1500
pgarrett@garrettco.com

as of 12/31/2015

### Education and Certification

- Bachelor of Science in Accounting, University of New Orleans, December 1972
- Certified Public Accountant

### Significant Career Experience:

Over 40 years of accounting, auditing, and consulting experience in serving clients in a variety of industries.  Associated with Wegmann Dazet and Company from staff to managing partner. Retired on December 31,2007 and started Philip A. Garrett, CPA later in 2008.

In addition to accounting and auditing services, Mr. Garrett has provided consulting assistance covering a broad array of matters.  The following list highlights selected issues and experience:

- Sale and purchase of business entities ranging in asset values up to $100 million
- Business valuations
- Preparation of financial packages to assist clients in arranging for financing of major projects and acquisitions
- Reconstruction of financial records
- Employee benefits and compensation
- Business plans, budgeting, and financial projections
- Assistance in the acquisition and installation of computer systems
- Financial reorganization
- Tax, financial, and retirement planning
- Representation before tax authorities
- Evaluation of financial and accounting documents of borrowers for banks

**Multi-District Litigation**

Serve as court appointed accountant to assist and report on plaintiffs' time and costs for litigation. Cases involve issuance of reports on time and costs as well as testimony in certain instances. Have worked on the following MDL's:

- Propulsid Product Liability  MDL1355
- Vioxx Product Liability MDL 1657
- Chinese Drywall MDL 2047
- BP "Deepwater Horizon"  MDL 2179
- TI "Bogalusa Papermill" class action
- Pool Corporation MDL 2328
- Granuflo MDL 2428
- Xarelto MDL 2592
- Benicar MDL 2606 (costs only)

**Training and Teaching Experience**

Guest lecturer for the University of New Orleans, Louisiana State Society of CPAs and numerous business associations.  Topics include:

- Planning for Profits
- Getting Behind the Numbers
- Cash Flow Analysis
- Tax Planning, both corporate and individual
- Valuation of a Closely-Held Corporation
- Pricing Strategies
- Cost Reduction

**Professional Affiliations**

- American Institute of Certified Public Accountants
- Society of Louisiana Certified Public Accountants

**Bankruptcy Consulting Experience**

Experience in bankruptcy and litigation support consulting and/or expert testimony includes the following issues:

- Examiner for U.S. Bankruptcy Court to report on adherence of debtor to court order
- Use of loan proceeds--real estate project
- Arbitration of fixed asset dispute
- Analysis of construction documents
- Evaluation of profitability plan of debtor in bankruptcy
- Damage calculation
- Assistance to debtors and creditors with bankruptcy process

**Litigation Experience As Consultant Or Expert Witness** -- (All cases where a report and/or expert testimony was completed not including MDL cases)

| Type of Client | Client | Attorney or Law Firm | Date | Services |
|---|---|---|---|---|
| Defendant | Robert Grocers | Schonekas, Evans and McGoey | 2013 | Report and deposition |
| Plaintiff | VanHoose Insurance Agency | Joe Ward | 2012 | Consultation and report |
| Defendant | Polyflow, Inc | Nancy Degan | 2011 | Consultation and report |
| Plaintiff | John Davis, CPA | Al Ajubita and Rodney Cashe | 2010 | Consultation and testimony and reports |
| Plaintiff | Concerned Care Home Health | Joe Ward | 2010 | Report and testimony |
| Plaintiff | Hess Construction | Joe Ward | 2009 | Report and testimony |
| Plaintiff | Dr. Hawthorne et al | Nancy Degan | 2009 | Consultation |
| Plaintiff | Action Screen Printers | Stephen Chiccarelli | 2008 | Report |
| Plaintiff | Quality Amusements | Joe Friend Breazeale, Sachee & Wilson | 2008 | Consultation and Report |
| Defendant | Houston National Insurance Co. | Eric Burt Degan, Blanchard & Nash | 2008 | Consultation |
| Defendant | State Farm Insurance | Burt Carnahan | 2008 | Consultation, Report & Deposition |
| Plaintiff | Big River Enterprises, Inc | Steven Griffith | 2008 | Report |
| Plaintiff | Premier Industries | George Pivach | 2007 | Report and Consultation |
| Plaintiff | Robert Grocers et al | Phil Franco | 2007-Present | Testimony, Report and Deposition |
| Plaintiff | Fordoche vs TEPI | Joe Ward | 2007 | Report and Deposition |
| Debtor | Pelts and Skins (alligator farm) | Doug Draper | 2007 | Report and Testimony |
| Plaintiff | The Wood Group | Ben Banta | 2007 | Report and Analysis |
| Defendant | Preston Law Firm vs Cowan Law Firm | Kyle Schonekas | 2007 | Arbitration Testimony and Deposition |

| Type of Client | Client | Attorney or Law Firm | Date | Services |
|---|---|---|---|---|
| Plaintiff | BCM, LLC, et al. v. Copeland of New Orleans | Roy Cheatwood | 2006 | Testimony in State Court in Lafayette, LA |
| Plantiff | Jon Sgular et al vs Emerson Process Mgmt et al | Michael Lehman Couhig Partners | 2006 - 2007 | Report and deposition |
| Defendant | Arr-Maz Products vs. Sonitrol (ADT) Damages calculation after building destroyed by fire | Michael Lehman Couhig Partners | 2005-2006 | Report only |
| Defendant | Jitney Jungle Bankruptcy Valuation of Company as of preference period | Doug Draper | 2005 | Report only |
| Plaintiff | Cross Marine v. Soloman Smith Barney Securities case – Return on Investment | Bruce Schewe | 2004-2005 | Report only |
| Defendant | Bruno, et al. v. Hattier, Sanford and Reynoir, LLP Securities case – Return on Investment | Bruce Schewe | 2005 | Report only |
| Plaintiff | Decorte, et al. v. Eddie Jordan, et al. | Clem Donelon/ Lisa Brener | 2004-2005 | Report, Deposition & Federal Court Testimony |
| Defendant | John B. Steigner v. Elaine D. Scott, et al. | Maurice Mathieu/ Burt Carnahan | 2004 | Report for Mediation |
| Defendant | City of New Orleans v. Municipal Administrative Services, Inc. | Randy Smith | 2004 | Deposition & Federal Court Testimony |
| Plaintiff | JRL Enterprises, Inc. v. Procorp Associates, Inc. et al. | Joseph Ward | 2003/ 2005 | Report, Depositions, and Federal Court Testimony |
| Plaintiff | Evans Industries, Inc. v. J.D. Edwards World Solutions Company et al. | Stone Pigman | 2003-2004 | Report and Testifying at Arbitration |

Other cases dating back into the 1990's are available upon request

# EXHIBIT 2

# Chinese Drywall

## Attorney Fee reconciliation

| | Original | Attorney fees received | Attorney Fees available |
|---|---:|---:|---:|
| Banner Attorney Fund | $ 18,986,103.44 | | |
| Global Attorney Fund | $ 25,519,345.68 | | |
| Inex Attorney Fund | $ 2,960,000.00 | | |
| Knauf Attorney Fund | $ 160,000,000.00 | | |
| Builders Mutual | $ 629,000.00 | | |
| Nationwide | $ 3,650,000.00 | | |
| Porter Blaine | $ 1,060,000.00 | | |
| Tobin Trading | $ 949,000.00 | | |
| Total  11/30/2013 | $ 213,753,449.12 | $ 213,753,449.12 | |
| Interest | $ 83,711.98 | | |
| QSF charges | $ (19,658.00) | | |
| Reimbursement of advanced costs/assessments | $ (17,435,000.00) | | |
| Set aside for Taishan | $ (10,000,000.00) | | |
| Stipend payments | $ (4,570,633.93) | | |
| Reduction of fees and distributed to claimants | $ (348,000.00) | | |
| Garrettson Fees | $ (267,110.97) | | |
| Current total 2/29/2016 | $ 181,196,758.20 | | $ 181,196,758.20 |
| | | | |
| Additional Knauf settlement | | $ 13,592,762.95 | $ 13,592,762.95 |
| | | | |
| Monies to be paid | | | |
| Stipend | $ (328,424.99) | | |
| Held costs 12/31/2014 | $ (3,842,737.87) | | |
| Unreimbursed cash assessments | $ (2,187,000.00) | | |
| | $ (6,358,162.86) | | $ (6,358,162.86) |
| | | | |
| Funds remaining from Knauf Advance | | | |
| PSC checking | $ 1,374,531.18 | | |
| PSC (ICS) account | $ 2,000,000.00 | | |
| PSC (Federated) account | $ 1,000,174.81 | | |
| PSC (Esquire) Knauf advance | $ 175,299.07 | | |
| | $ 4,550,005.06 | | $ 4,550,005.06 |
| | | | |
| **Funds available for Common Benefit and Individual Retained  attorneys as of 2/29/2016** | | | $ 192,981,363.35 |
| | | | |
| **Attorney Fees received for common benefit and individual retained attorneys as of 2/29/2016** | | $ 227,346,212.07 | |
| | | | |
| Specific purpose Attorney Funds | | | |
| North River | | $ 2,400,000.00 | $ 2,400,000.00 |
| Voluntary Contributions | | $ 3,332,058.26 | $ 3,332,058.26 |
| | | | |
| **Grand total of Attorneys fees received as of 2/29/2016** | | $ 233,078,270.33 | |

C:\Users\Philip Garrett CPA\Dropbox\Chinese Drywall\Attorney fees\Allocation reports\Attorney Fees reconcilation ver3