UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: CHINESE-MANUFACTURED DRYWALL PRODUCTS LIABILITY LITIGATION | MDL NO. 2047<br><br>SECTION: L |
| THIS DOCUMENT RELATES TO:<br><br>*Paul Beane, et al. v. Gebrueder Knauf Verwaltungsgesellschaft, KG, et al.*<br>2:14-cv-0609-EEF-JCW | JUDGE ELDON FALLON<br><br>MAG. JUDGE WILKINSON |

**MEMORANDUM IN SUPPORT OF PLAINTIFF DAVID MASEL'S MOTION TO ENFORCE THE KNAUF SETTLEMENT AGREEMENT**

This memorandum is being submitted in support of Plaintiffs' Motion Enforce filed by Plaintiffs' Counsel, James V. Doyle, Jr. on June 8, 2016.

**BACKGROUND**

Plaintiff David Masel's home contains defective Chinese sheetrock manufactured by the Knauf Defendants. Mr. Masel retained counsel and filed a claim in the consolidated *Beane* civil action on August 12, 2013 (Doc. 1678-2). Sometime after the filing of his claim, Mr. Masel parted ways with his original counsel and proceeded *pro se* for a period of time. While other plaintiffs in this action moved through the remediation program to have their homes fixed, Mr. Masel did not.

In early September of 2015, Mr. Masel approached the undersigned regarding his pending claim and he retained the Doyle Law Firm shortly thereafter to pursue remediation benefits on his behalf available through the *Beane* settlement. Mr. Masel filed a Claimant Request for Change in Representation Status form with Brown Greer, the Settlement

1

Administrator, on September 22, 2015, and contact was made with Knauf's counsel to arrange a confirmatory inspection shortly thereafter.

A confirmatory inspection of Mr. Masel's home was conducted by Benchmark Remediation Group, LLC, on November 13, 2015, and their Remediation Program Inspection Report was received by Brown Greer on December 2, 2015.  The inspection report confirms the presence of KPT drywall and describes the percentage of KPT Chinese drywall as, "100%."  The process in the remediation program following the confirmatory inspection involves a contractor walkthrough, followed by the generation of a scope of work, and finally the calculation of a final cost estimate.  To date, none of these steps have taken place.  And, after repeated attempts to have Knauf's counsel arrange for the lead contractor (Moss & Associates) to conduct the walkthrough, nothing has occurred.

## ARGUMENT

The *Beane* action resulted in a settlement for all named plaintiffs that adopted the terms of the Third Amended Settlement Agreement Regarding Claims Against The Knauf Defendants In MDL No. 2047 (See Doc. 16978-1).  As a participating plaintiff in the *Beane* action, Mr. Masel is entitled to remediation benefits by agreement.

For over six months, since receiving Benchmark's remediation program inspection report, Knauf's counsel has remained unresponsive to the undersigned counsel's repeated requests for the scheduling of a contractor walkthrough, creation of a scope of work, and calculation of a final cost estimate.  As this court might imagine, Mr. Masel is frustrated by the Knauf Defendants' (and their counsel) lack of responsiveness following the settlement of his KPT claims.  Thus, this motion to enforce became necessary.  Without a final cost estimate, Mr. Masel cannot request funding from the Settlement Administrator and he cannot have his home

remediated.

At this point, it is necessary for this court to intervene and issue an order compelling Knauf to move forward with the post-settlement process by arranging for the program lead contractor (or their agent) to conduct a property walkthrough, create a scope of work, and generate a final cost estimate without delay.

## CONCLUSION

By agreeing to participate in the *Beane* action, Mr. David Masel is entitled to remediation benefits outlined in the Third Amended Settlement Agreement Regarding Claims Against The Knauf Defendants In MDL No. 2047. After considerable delay by Knauf, Mr. Masel requests and order of this court enforcing the settlement agreement and compelling Knauf to move forward with a contractor walkthrough and all subsequent steps necessary to expeditiously remediate Mr. Masel's property.

**WHEREFORE**, Plaintiffs respectfully request that this Court order Knauf's compliance with the settlement terms and move forward with a contractor walkthrough without any further delay.

DATED: June 8, 2016.

/s/ *James V. Doyle, Jr.*
James V. Doyle, Jr.
DOYLE LAW FIRM, PC
2100 Southbridge Pkwy., Suite 650
Birmingham, AL 35209
Tele: 205-533-9500
Fax: 205-414-7528
Email: jimmy@doylefirm.com

*Attorney for Plaintiffs*

3

**CERTIFICATE OF SERVICE**

     I hereby certify that the above and foregoing Memorandum In Support Of Plaintiff David Masel's Motion To Enforce The Knauf Settlement Agreement has been served on Plaintiffs' Liaison Counsel, Russ Herman, and Defendants' Liaison Counsel, Kerry Miller, by U.S. Mail and e-mail or by hand delivery and e-mail and upon all parties by electronically uploading the same to Lexis Nexis File & Serve in accordance with Pretrial Order No. 6, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2047, on this 8th day of June, 2016.

/s/ *James V. Doyle, Jr.*
James V. Doyle, Jr.
DOYLE LAW FIRM, PC