UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: CHINESE-MANUFACTURED DRYWALL PRODUCTS LIABILITY LITIGATION | MDL NO. 2047<br><br>SECTION: L |
| THIS DOCUMENT RELATES TO:<br><br>*Paul Beane, et al. v. Gebrueder Knauf Verwaltungsgesellschaft, KG, et al.*<br>2:14-cv-0609-EEF-JCW | JUDGE ELDON FALLON<br><br>MAG. JUDGE WILKINSON |

**MEMORANDUM IN SUPPORT OF PLAINTIFFS'
MOTION TO ENFORCE THE KNAUF SETTLEMENT AGREEMENT**

This memorandum is being submitted in support of Plaintiffs' Motion Enforce filed by Plaintiffs' Counsel, James V. Doyle, Jr., on June 10, 2016.

**BACKGROUND**

Plaintiffs Fola and Moses Adedeji, Lowell Butts, Salimah Damani, Chad and Shanna Holmes, Darrell Steward, and Jinxi Zhu own homes that once contained defective Chinese sheetrock manufactured by the Knauf Defendants. Each plaintiff named herein retained Doyle Law Firm, PC, to represent them and all filed claims in the consolidated *Beane* civil action, a.k.a., "Omni XVIII."

All plaintiffs accepted the terms of the *Beane* Settlement, which adopted the Third Amended Settlement Agreement Regarding Claims Against the Knauf Defendants in MDL No. 2047. As this court is well aware, the settlement agreement provides that each settling plaintiff is to receive both remediation benefits and a living expense payment. In this instance, the value

1

of the remediation was paid to the contractors by Brown Greer, the Settlement Administrator, but no living expense payment has been made to date.

Each plaintiff named herein submitted a fully-executed copy of the Lump Sum Payment Eligibility Form to the Settlement Administrator (See Exhibit A) which should have qualified each as "Residential" property owners, but no payment was ever issued by Brown Greer. Based on the terms of the KPT Settlement Agreement contained in Section 4.3.1.1.1 and 4.3.1.1.2, each plaintiff should have received a lump sum payment in the amount described in Exhibit B to this memorandum.

And, after repeated requests for written clarification, Brown Greer, the Settlement Administrator has not provided these plaintiffs with any explanation regarding their failure to issue payment. Thus, the need for this court's intervention is necessary now.

## ARGUMENT

The *Beane* action resulted in a settlement for all named plaintiffs that adopted the terms of the Third Amended Settlement Agreement Regarding Claims Against The Knauf Defendants In MDL No. 2047 (See Doc. 16978-1). As participating plaintiffs in the *Beane* action, each plaintiff is entitled to all remediation benefits contained in the agreement, including the living expense payment, if they qualify. It is the responsibility of Brown Greer, the Settlement Administrator for MDL-2047 to determine the eligibility and issue payments to all plaintiffs in the various settlements reached through this litigation.

Section 4.3.1.1 provides for payment of a lump sum amount to each home owner participating in the settlement, regardless which remediation option they choose. Section 4.3.1.1.3 states that, "[t]he Lump Sum Payment will be paid to the KPT Property Owner as soon as practicable, but not more than fifteen (15) days, after the KPT Property Owner executes an

agreement substantially in the form of the Sample Contractor-KPT Property Owner Agreement." Each plaintiff fully complied with the terms of Section 4.3.1.1.3 by executing a binding contract with their chosen contractors. To allay all doubt regarding their compliance with the terms of Section 4.3.1.1.3, all contractors were fully paid by Brown Greer and remediation of the affected properties were completed; however, no lump sum living expense payment was issued to any of the plaintiffs named herein within the fifteen (15) day period or any time thereafter. Exhibit B to this memorandum provides this court with both the under air square footage and the associated Lump Sum Payment that was due to be paid to the plaintiffs according to the terms of the KPT Settlement Agreement.

     Each property listed on Exhibit B to this memorandum is a residential. Some properties were used as primary residences while others were used as vacation homes or secondary residences. The distinction is immaterial. As this court held in its Order and Reasons (Doc. 17719) issued in response to Knauf Counsel's Motion to Construe Settlement Agreement (Doc. 17595), "[t]he agreement as written includes all residential owners without regard to the time occupied or the purpose of its use." (Doc. 17719 at Page 6). In addition, the court found that class members who are Residential Owners will be compensated for "Other Covered Expenses" with a lump sum payment. The term Other Covered Expenses is defined in the Settlement Agreement as referring to "reimbursement for all alternative living expenses, personal property damage, maintenance of the KPT Property during remediation, including, but no limited to, payment of all utility bills, insurance, property taxes and maintenance of landscaping, and moving and storage expenses, incurred as a result of the remediation of the KPT Property." (Doc. 17719 at 6, referencing Doc. 16407-3 at 11).

In a nutshell, this court was unwilling to rewrite the terms of the settlement agreement. All Residential Owners were due to be paid the full lump sum living expense amount under the terms of the Agreement as written. Here, there is no distinction to be made by Brown Greer with regard to the affected properties owned by these plaintiffs. All plaintiffs are Residential Property Owners and all are due to be paid the full lump sum living expense amount.

## CONCLUSION

By agreeing to participate in the settlement of the *Beane* action, Plaintiffs named herein are entitled to receive the Lump Sum Payment described in the Third Amended Settlement Agreement Regarding Claims Against The Knauf Defendants In MDL No. 2047 at Section 4.3.1.1.1. The Lump Sum Payment Eligibility Forms submitted by each plaintiff in Exhibit A qualify them for a lump sum payment for their affected properties.

**WHEREFORE**, Plaintiffs respectfully request that this Court order compelling Brown Greer, the Settlement Administrator, to issue the appropriate lump sum payment to the plaintiffs named herein without any further delay.

DATED: June 10, 2016.

/s/ *James V. Doyle, Jr.*
James V. Doyle, Jr.
DOYLE LAW FIRM, PC
2100 Southbridge Pkwy., Suite 650
Birmingham, AL 35209
Tele: 205-533-9500
Fax: 205-414-7528
Email: jimmy@doylefirm.com

*Attorney for Plaintiffs*

4

**CERTIFICATE OF SERVICE**

I hereby certify that the above and foregoing Memorandum In Support Of Plaintiffs' Motion To Enforce The Knauf Settlement Agreement has been served on Plaintiffs' Liaison Counsel, Russ Herman, and Defendants' Liaison Counsel, Kerry Miller, by U.S. Mail and e-mail or by hand delivery and e-mail and upon all parties by electronically uploading the same to Lexis Nexis File & Serve in accordance with Pretrial Order No. 6, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2047, on this 10th day of June, 2016.

/s/ *James V. Doyle, Jr.*
James V. Doyle, Jr.
DOYLE LAW FIRM, PC