UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

IN RE: CHINESE-MANUFACTURED            MDL NO. 2047
DRYWALL PRODUCTS LIABILITY
LITIGATION                             SECTION: L

                                       JUDGE ELDON FALLON
                                       MAGISTRATE WILKINSON

**PLAINTIFFS, HOWARD AND CHARI RAPP'S, OBJECTION AND MOTION FOR RECONSIDERATION OF SPECIAL MASTER OPINION AND DECREE**

Comes now the Plaintiffs, Howard and Chari Rapp (CDW Claimant IDs 100627 & 100616), by and through undersigned counsel, and file this Objection and Motion for Reconsideration of Special Master's Opinion and Decree, and as grounds would state as follows:

**OVERVIEW**

1. On May 28, 2016, the Special Master entered the Opinion and Decree attached as Exhibit "A". On June 8, 2016, the undersigned corresponded with opposing Counsel in a good faith effort to meet and confer to resolve the matters that are the subject of this Request for Reconsideration.

2. The Special Master's Opinion and Decree are in error and the undersigned respectfully request it be reversed. Plaintiffs further request this Court Order that Plaintiffs are entitled to recover the totality of the original claims submitted for both homes are at issue under the remediated home provisions (ARH) of the subject settlement.

3. Plaintiffs, Howard and Chari Rapp are longtime residents of Bay St. Louis, Mississippi. Howard is a successful businessman and Chari Rapp is a real estate agent. Both are active in their local church and stellar citizens. The properties at issue, 249 Gulfside Street,

1

Waveland, Mississippi 39576 and 300 Gulfside Street, Waveland, Mississippi 39576 are both rental properties. The relevant sequence of events is as follows:

    a.    Both homes were damaged as a result of Hurricane Katrina. In September 2006, both homes were repaired using KPT drywall donated by Plaintiffs' church who had purchased same from Specialty Supply and Contractors who delivered the KPT drywall to the homes.

    b.    In early September 2009, the Plaintiffs discovered that the drywall used in the repair was defective. On or about September 21, 2009, the defective KPT drywall was removed and remediation began on both properties.

    c.    On September 23 and 24 of 2009, inspectors with the offices of then Lumpkin and Reeves confirmed the presence of Knauf CDW in these homes. Inspector Art Cantrelle collected numerous samples of KPT drywall which had been removed and also collected numerous electrical components. These were stored by the undersigned consistent with Pretrial Order Number 1(B). A large stack of the KPT product which had been removed from these homes was also inspected and photographed on site. (Exhibit "I", p. CDW 0006.)

    d·    On October 9, 2009, Pretrial Order Number 1(B) (Preservation of Physical Evidence) was entered by this Court. As the Court knows, this Order set forth very specific preservation protocol. This was nearly three (3) weeks after the remediation of these two properties.

    4.    The Plaintiffs have provided multiple indicia of KPT Chinese drywall related to these properties and have fully complied with the preservation protocol in effect at the time of the remediation. The undersigned has previously offered for inspection the KPT collected by inspectors. All of this material is in a storage facility of Reeves & Mestayer. Proof of the multiple submissions of all requested indicia is attached as Exhibit "A" to Plaintiffs'

Confidential Position Paper (MR-EXHIBIT E 00077-00080).  This exhibit is the Claimant information download from the Brown and Greer claims center for each property.  These documents itemize by date beginning February 4, 2011 each and every submission provided.  This includes multiple photographs of the removed drywall, photographs of the electrical components, photographs of the post-remediated home, floorplan, etc.  Despite the fact that these materials have been uploaded for years, as recently December 16, 2015, the defendants claimed that they have not received them.  Attached as Exhibit "B" is a September 17, 2015 email again providing the documentation claimed to be deficient.

5.     For review at the mediation, these materials were once again submitted.  (See Plaintiff's Confidential Position Paper attached as Exhibit "E").  The Plaintiffs provided the following additional documents at mediation which had not previously been requested by Knauf:

  a.     Report prepared by Mr. Cantrell, at the time of inspections (Exhibit "C");

  b.     Affidavit of Mr. Cantrell confirming the chain of custody with regard to the indicia obtained for each subject property (Exhibit "D").

## ARGUMENT

6.     Plaintiffs have fully complied with the spirit and intent of Pretrial Order Number 1(B) even though it was entered after the remediation in question had taken place.  Plaintiffs' have fully complied with Pretrial Order Number 1, the only preservation protocol in place when the remediations were underway.  The Plaintiffs are hardworking citizens who were the victims of the Defendants' product.  They made a good faith effort to immediately put these rental properties back on the market so as to minimize losses.  They should not be penalized for these efforts.  Under these circumstances, the Special Master erred in finding in favor of Knauf and

against the Plaintiffs and specifically finding the Claimants failed to properly preserve evidence of defective KPT drywall.

7. As stated, Pretrial Order Number 1 was the only Preservation of Evidence Order in force and effect at the time of the subject remediation of September, 2009.  It states as follows:

> PRETRIAL ORDER 1, PARAGRAPH 14.  PRESERVATION OF EVIDENCE -- All parties and their counsel are reminded of their duty to preserve evidence that may be relevant to this action.  The duty extends to documents, data, and tangible things in possession, custody and control of the parties to this action, and any employees, agents, contractors, carriers, bailees, or other nonparties who possess materials reasonably anticipated to be subject to discovery in this action.  "Documents, data, and tangible things" is to be interpreted broadly to include writings, records, files, correspondence, reports, memoranda, calendars, diaries, minutes, electronic messages, voice mail, E-mail, telephone message records or logs, computer and network activity logs, hard drives, backup data, removable computer storage media such as tapes, discs and cards, printouts, document image files, Web pages, databases, spreadsheets, databases, spreadsheets, software, books, ledgers, journals, orders, invoices, bills, vouchers, check statements, worksheets, summaries, compilations, computations, charts, diagrams, graphic presentations, drawings, films, charts, digital or chemical process photographs, video, phonographic, tape or digital recordings or transcripts thereof, drafts, jottings and notes, studies or drafts or studies or other similar such material.  Information that serves to identify, locate, or link such material, such as file inventories, file folders, indices, and metadata is also included in this definition.  Preservation includes the obligation not to alter any such thing as to its form, content or manner of filing.  Until the parties reach an agreement on a preservation plan or the Court orders otherwise, each party shall take reasonable steps to preserve all documents, data and tangible things containing information potentially relevant to the subject matter of this litigation.  Each counsel is under an obligation to the Court to exercise all reasonable efforts to identify and notify parties and nonparties, including employees of corporate or institutional parties of the contents of this paragraph.   Failure to comply may lead to dismissal of claims, striking of defenses, imposition of adverse inferences or other dire consequences.
>
> Before any devices, tangible things, documents, and other records which are reasonably calculated to lead to admissible evidence are destroyed, altered, or erased, counsel shall confer to resolve questions as to whether the information should be preserved.  If counsel are unable to agree, any party may apply to this Court for clarification or relief from this Order upon reasonable notice.

8. The evidence preserved in this case includes multiple samples of Knauf drywall and electrical components, multiple photographs of the drywall, multiple post-remediation photographs of both homes, expense receipts and ledgers, floor plans of each home, and affidavits and reports of inspectors. This is completely consistent with the Pretrial Order No. 1 preservation protocol. Plaintiffs made every effort to preserve evidence of KPT drywall in these homes.

9. It is respectfully submitted that both the Arbitrator and Knauf are erroneously attempting to hold the Plaintiffs to the strenuous preservation standard of Pre-Trial Order No. 1(B) prior to its entry. It is clearly unfair to require the Plaintiffs to anticipate the specifics of a Preservation Order which has not even been entered. In support of this Motion, Plaintiffs attach the entire record considered by the Special Master in this matter, including:

    a. Rapp Mediation of Claims Confidential Position Paper dated February 12, 2016 with attached exhibits A-K (Exhibit E);

        Exhibit A: Printout of documents from Brown/Greer website for both 249 Gulfside and 300 Gulfside properties;

        Exhibit B: Email of Danny Dysart dated 9/16/15 regarding deficiencies (KPT evidence, Ledger, After Remediation Photographs);

        Exhibit C: Photographs of KPT drywall removed from 249 Gulfside (28 photographs);

        Exhibit D: Itemization of expenses associated with remediation of 300 Gulfside with supporting invoices and receipts;

        Exhibit E: 12 photographs after remediation;

5

        Exhibit F:        59 photographs of KPT drywall removed from 300 Gulfside;

        Exhibit G:       Itemization of expenses associated with remediation of 249 Gulfside with supporting invoices and receipts;

        Exhibit H:       9 photographs after remediation;

        Exhibit I:        CDW 0006 - provided as Exhibit A, p. 2, Doc. ID 38781 - photograph of KPT drywall removed.  Submission cover sheet indicates 244 Gulfside Street;

        Exhibit J:       Inspector reports by Morse Zehnter Associates dated 12/19/12 and 12/20/12 for properties 300 Highway 90, 100 Idlewood Drive, 244 Gulfside Street, 248 Gulfside Street;

        Exhibit K:       Brown/Greer Printout indicating Claimant ID and Claim Types for Rapp Properties.

      b.      Rapp Supplemental Mediation Memorandum dated February 25, 2016 with the following exhibits (Exhibit "F"):

        1.       Affidavit of Art Cantrelle

        2.       Report of Art Cantrelle

        3.       Exhibit A to Affidavit of Art Cantrelle (61 photographs)

        4.       Emails to defense counsel regarding Rapp properties.

        5.       Rapp Confidential Position Paper;

      c.      Knauf Defendants Confidential Position Paper;

      d.      Knauf Defendants Supplemental Confidential Position Paper.

**WHEREFORE,** Plaintiffs respectfully move this Honorable Court for the entry of an Order granting their Motion for Reconsideration of the Special Master Opinion and Decree dated

May 28, 2016, and a finding by the Court that the Plaintiffs are entitled to recovery the total amount of their losses as submitted for each property.

    Dated:  June 10, 2016.

                              Respectfully submitted,

                              HOWARD & CHARI RAPP, PLAINTIFFS

                              BY:  REEVES & MESTAYER, PLLC

                              */s/ James R. Reeves, Jr.*
                              JAMES R. REEVES, JR.

JAMES R. REEVES, JR., ESQUIRE
REEVES & MESTAYER, PLLC
160 MAIN STREET
BILOXI, MS  39530
(228) 374-5151
(228) 374-6630 (facsimile)

**CERTIFICATE OF SERVICE**

    I hereby certify that the above and foregoing has been served upon Plaintiffs' Liason Counsel, Russ Herman and Defendants' Liason Counsel, Kerry Miller, by U. S. Mail and email and upon all parties by electronically uploading the same to Lexis Nexis File and Serve® in accordance with Pre-Trial Order No. 6, and that the foregoing was electronically filed with the Clerk of the United States Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with procedures established in MDL 2047 on this 10th day of June, 2016.

                                             */s/ James R. Reeves, Jr.*
                                             JAMES R. REEVES, JR., Plaintiffs' Attorney
                                             REEVES & MESTAYER, PLLC
                                             160 MAIN STREET
                                             BILOXI, MS  39530
                                             (228) 374-5151
                                             (228) 374-6630 (facsimile)