UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

IN RE: CHINESE -MANUFACTURED
DRYWALL PRODUCTS LIABILITY
LITIGATION

MDL NO. 2047

SECTION: L

JUDGE ELDON FALLON
MAGISTRATE WILKINSON

# Opinion and Decree

At all pertinent times, Howard and Chari Rapp owned two rental properties at 249 and 300 Gulfside Street, Waveland, Mississippi, along with a number of other properties in the same area. Hurricane Katrina damaged the properties in 2005. The next year, the Rapps repaired the properties, at which time they replaced some of the drywall.  In early September 2009, the Rapps discovered that the drywall was allegedly defective Chinese drywall.  On September 21, 2009, the Rapps removed the Chinese drywall so that they could remediate the home.  They did not take photographs of the drywall before they removed it or contemporaneously document the presence of Knauf drywall.  On September 23, 2009, Art Cantrelle (an inspector employed by the Rapps' attorneys) took photographs of some of the already-removed drywall and preserved some samples.  The Rapps now seek to recover pursuant to the Knauf Settlement Agreement.

On June 16, 2009 the Court issued Pretrial Order 1, which reminded parties and counsel of "their duty to preserve evidence that may be relevant to this action." (R. Doc. 2).  Pretrial Order 1 was in effect when the Rapps removed the drywall from the structures at issue.  Furthermore, the Knauf Settlement Agreement provides: "[T]he failure to preserve evidence as required by law will result in disallowance or reduction in the amount of the claim if the failure has been prejudicial to a determination of the claim."

In order to properly determine a claim such as this, the Special Master must determine (1) whether Knauf-manufactured drywall was present, and (2) how much Knauf-manufactured drywall was present (i.e., what percentage of the total drywall was manufactured by Knauf).  Setting aside the first question, the manner in which the Rapps preserved evidence makes it impossible for the Special Master to determine the second.  In other words, after reviewing the submissions of the parties, the Special Master has no way of telling whether the structures contained 1%, 50%, or 100% drywall.  Since the Court and the law have always imposed the burden to preserve evidence upon the claimants (and the failure to do so was prejudicial in this case), the Special Master finds that the Rapps cannot recover under the Knauf Settlement Agreement.

For these reasons, the Special Master finds in favor of Knauf and against the Rapps.  Responsibility for the Special Master's fees will be divided equally between the parties.

Dated: May 28, 2016                               /s/ Daniel J. Balhoff
                                                  Daniel J. Balhoff, Special Master

Page 2 of  2

MR EXHIBIT A - 00002