UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In re:  CHINESE-MANUFACTURED | * | MDL 2047 |
| DRYWALL PRODUCTS | * | |
| LIABILITY LITIGATION | * | SECTION L |
| | * | |
| | * | JUDGE FALLON |
| This document relates to: All Cases | * | |
| | * | MAGISTRATE JUDGE WILKINSON |
| | * | |

* * * * * * * * * * * * * * * * *

### MEMORANDUM IN SUPPORT OF THE MOTION TO EXTINGUISH THE KNAUF DEFENDANTS' SETTLEMENT OBLIGATIONS FOR CERTAIN ALREADY REMEDIATED HOME CLAIM

The Knauf Defendants[1] file this Memorandum in Support of their Motion to Extinguish the Knauf Defendants' Settlement Obligations for Already Remediated Home Claim.

The Court should extinguish the Knauf Defendants' settlement obligations to claimant John J. Parker Jr. ("Claimant") and his Already Remediated Home ("ARH") claim for the property located at 2217 A.P. Tureaud Avenue, New Orleans, LA 70119 because of the Claimant's failure to comply with the Knauf Class Settlement Agreement,[2] Pre-Trial Order 1(B) ("PTO 1(B)"), Pre-Trial Order 26 ("PTO 26"), and/or the Already Remediated Properties Protocol.

I.   BACKGROUND

On October 9, 2009, the Court issued PTO 1(B).  Doc. No. 337.  PTO 1(B) establishes the Court's requirements "with respect to the preservation of physical evidence from properties

---

[1] The Knauf Defendants include Knauf Plasterboard (Tianjin) Co., Ltd., Knauf Plasterboard (Wuhu) Co., Ltd., Guangdong Knauf New Building Material Products Co., Ltd., Knauf Gips KG, Gebr. Knauf Verwaltungsgesellschaft KG, Knauf International GmbH, Knauf Insulation GmbH, Knauf UK GmbH, Knauf AMF GmbH & Co. KG, Knauf do Brasil Ltda., and PT Knauf Gypsum Indonesia.

[2] Settlement Agreement Regarding Claims Against the Knauf Defendants in MDL No. 2047 and subsequent Amendments to the agreement were filed with the Fourth Amended Settlement Agreement Regarding Claims Against the Knauf Defendants in MDL No. 2047 being the final and controlling agreement.

that may be repaired by the parties during the course of this litigation. " *Id*. at p. 1. PTO 1(B) states, "[f]rom this date forward, all persons or entities who have or who intend to pursue a claim relating to allegedly defective Chinese-manufactured drywall . . . shall preserve . . . physical evidence at their own expense." *Id*. at p. 2.

The Court made it clear that all parties were and are required to preserve physical evidence by following a few basic procedures, including but not limited to the following:

> The parties shall photograph the backside of each Chinese drywall board immediately after it is removed on-site, and, document on a floor plan, building diagram, or other similar form of documentation, the location of each full or partial Chinese drywall board removed from the property and its photograph. Photographs of the wall sections should be taken so that any markings on the backside of the drywall sections are most clearly visible in the photographs.

*Id*. at p. 3. The party responsible for failing to preserve evidence may be subject to the claim or defense of spoliation. *Id*. at p. 7.

Further, all Claimants are subject to the Knauf Class Settlement Agreement, which mandates that the review and administration of Already Remediated Home ("ARH") claims is done pursuant to PTO 1(B). The Knauf Class Settlement Agreement, which was granted final approval by Judge Fallon, states in pertinent part:

> The Special Master and the Court will take into consideration, in determining whether to allow a claim or the amount of the claim, whether the Owner has complied with MDL Pretrial Order 1B… for preservation of evidence. Subject to review by the Special Master or the Court, the failure to preserve evidence as required by law will result in disallowance or reduction in the amount of the claim if the failure has been prejudicial to a determination of the claim.

*See* Knauf Class Settlement Agreement; Exhibit A at IV(d)(4). Thus, the Knauf Class Settlement Agreement takes into consideration whether PTO 1(B) was followed in determining whether to allow a claim and the amount of the claim.

On March 29, 2012, the Court issued PTO 26. Doc. No. 13382. PTO 26 set forth the process for the reimbursement of claimants with ARHs originally containing drywall manufactured by Knauf Plasterboard (Tianjin) Co., Ltd. *Id*. Specifically, PTO 26 ordered all owners of ARHs to submit the following documentation related to their claim(s) for reimbursement to the Settlement Administrator:

- A completed Owner Disclosure Affidavit;
- Before and after photographs of the home interior, including photographs of moldings, cabinets, appliances, etc.;
- A remediation contract or itemized scope of work document from the contractor who performed all remediation work;
- Proof of payment for all remediation expenses; and
- A floor plan of the affected property with dimensions.

*Id*. at pp. 3-4.

On February 7, 2013, the Court granted final approval to the Settlement Agreement Regarding Claims Against the Knauf Defendants in MDL No. 2047 ("Knauf MDL Settlement Agreement"). Doc. No. 16570. The Already Remediated Properties Protocol is Exhibit A to the Knauf MDL Settlement Agreement. Since that time, the Knauf Defendants have reviewed the submissions for ARH claims and worked with ARH claimants and/or their attorneys to obtain the documentation required by the Knauf Class Settlement Agreement, PTO 1(B), PTO 26, and the Already Remediated Properties Protocol so their claims could be adequately analyzed and settled.

Claimant registered a claim with the Settlement Administrator, but failed to submit required information under the Knauf Class Settlement Agreement, PTO 1(B) and PTO 26 was

3

not submitted to the Settlement Administrator or the Knauf Defendants in order to allow them to analyze and settle the claim.

## II. LAW AND ARGUMENT

### A. *The Court Should Extinguish the Knauf Defendants' Settlement Obligations*

The Court should extinguish the Knauf Defendants' settlement obligations to the Claimant because he has failed to comply with the Knauf Class Settlement Agreement, PTO 1(B) and/or PTO 26. Furthermore, in accordance with the Already Remediated Properties Protocol, the Knauf Defendants' responsibility for Reimbursable Costs is limited to the KPT Percentage. Therefore, the Knauf Defendants' settlement obligations should be extinguished for ARH claims where no indicia of KPT Chinese drywall is provided.

By granting final approval to the Knauf MDL Settlement Agreement, the Court retained:

> (a) continuing jurisdiction over the Litigation, the Class, the Participating Class Members, the Knauf Defendants and the Settlement for the purposes of administering, supervising, construing and enforcing the Settlement; and (b) continuing and exclusive jurisdiction over (i) the Settlement Funds and (ii) the distribution of same to Participating Class Members.

Doc. No. 16407-3, at p. 66 (Section 15.1).

The Knauf Defendants' and Class Counsel's goal is to wrap up the ARH aspect of the Knauf MDL Settlement Agreement around the same time the Settlement Administrator finishes dispersing funds for the other aspects of the Settlement Agreement. More than 300 ARH claims have been settled, and over $41,000,000 in settlement funds have been disbursed for those claims. However, the failure by claimants to provide the necessary documentation pursuant to the Knauf Class Settlement Agreement, PTO 1(B), PTO 26, and the Already Remediated Properties Protocol is obstructing this process. It is now the appropriate time to discharge the Knauf Defendants from any further obligations to this claim.

Claimant failed to present evidence of KPT consistent with PTO 1(B), and failed to provide before and after photos, proof of payment, construction scope/costs, and environmental certificates as is required by the Knauf Class Settlement Agreement, PTO 1(B), and the Already Remediated Properties Protocol. Therefore, the Court should extinguish the Knauf Defendants' settlement obligations to the Claimant.

### III. CONCLUSION

For the foregoing reasons, the Court should extinguish the Knauf Defendants' settlement obligations to claimant John J. Parker Jr. and his Already Remediated Home ("ARH") claim for the property located at 2217 A.P. Tureaud Avenue, New Orleans, LA 70119, because of the Claimant's failure to comply with the Knauf Class Settlement Agreement,[3] Pre-Trial Order 1(B) ("PTO 1(B)"), Pre-Trial Order 26 ("PTO 26"), and/or the Already Remediated Properties Protocol.

Respectfully submitted,

**BAKER, DONELSON, BEARMAN,
CALDWELL & BERKOWITZ, PC**

/s/ *Kerry J. Miller*
**KERRY J. MILLER (#24562), T.A.
DANIEL J. DYSART (#33812)**
201 St. Charles Avenue, Suite 3600
New Orleans, LA 70170
Phone: 504.566.8646
Fax:    504.585.6946
Email: kjmiller@bakerdonelson.com

*Counsel for the Knauf Defendants*

---

[3] Settlement Agreement Regarding Claims Against the Knauf Defendants in MDL No. 2047 and subsequent Amendments to the agreement were filed with the Fourth Amended Settlement Agreement Regarding Claims Against the Knauf Defendants in MDL No. 2047 being the final and controlling agreement.

**<u>CERTIFICATE</u>**

I hereby certify that the above and foregoing pleading has been served upon Russ Herman, Plaintiffs' Liaison Counsel, by email, to all parties by electronically uploading the same to LexisNexis File & Serve in accordance with Pre-Trial Order No. 6, and that the foregoing was filed with the Clerk of Court of the United States Court for the Eastern District of Louisiana, on this 13th day of June 2016.

/s/ <u>Kerry J. Miller</u>