UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: CHINESE-MANUFACTURED DRYWALL<br>PRODUCTS LIABILITY LITIGATION | CIVIL ACTION<br><br>NO. 09-02047<br><br>SECTION "L" (5) |
| THIS DOCUMENT RELATES TO: ALL CASES | |

## ORDER & REASONS

Before this Court is Plaintiff Jose Cruz, Sr.'s Objection (Rec. Docs. 20239) to the Special Master's Determination Denying his claim under Option 3 Remediation Program. Having read the parties' briefs and reviewed the applicable law, the Court now issues this Order and Reasons.

### I.  BACKGROUND

Plaintiff Jose Cruzbpurchased the Affected Property, 2519 SE 12th Court, Homestead, FL, in "as is" condition via a short sale in 2011 for $53,000. The Property was in an area known to be a Chinese drywall hotspot. At least 50 properties within approximately one mile of the Cruz property were already publicly in litigation at the time Cruz purchased his Property in 2011, and at least 70 properties within approximately 2.5 miles were already publicly in litigation at that time. When Cruz purchased the property, the Chinese drywall addendum was missing from his real estate contract. Cruz did not have a Chinese drywall inspection performed on the property prior to purchase. Cruz later filed a claim and was listed in Exhibit B of the *Beane* omnibus complaint. *Paul Beane, et al. v. Gebrueder Knauf Verwaltungsgesellschaft KG, et al.*, No. 13-609 (E.D. La. 2013). The claim is controlled by the *Settlement Agreement Regarding Post-December 9, 2011 Claims Against the Knauf Defendants in MDL No. 2047* (hereinafter

"New Claims Settlement Agreement"), which does not provide benefits to claimants who purchased Affected Properties without making a *reasonable inquiry* into the presence of Chinese drywall.  (R. Doc. 16978-1 at Sec. IV(D)).  The Special Master ruled that the subjective knowledge of the buyers and sellers regarding the presence of Chinese drywall in the Affected Property is not at issue and is irrelevant to the determination of whether Cruz made a reasonable inquiry under the circumstances.  After mediation, the filing of briefs, and oral argument, the Special Master ruled in favor of the Knauf Defendants, stating that "Mr. Cruz did not act reasonably under the circumstances" which "should have given Mr. Cruz enough concern to take affirmative steps to ascertain whether or not Chinese drywall was in fact present on the property." (R. Doc. 20239-1 at 3).  Thus, the only issue presently before this Court is whether the Special Master correctly ruled that Cruz failed to make a reasonable inquiry into the presence of Chinese drywall in the property.

## II.   LAW AND ANALYSIS

As stated above, Cruz's Chinese drywall-related claims are controlled by the New Claims Settlement Agreement, which empowers this Court with the exclusive jurisdiction to settle disputes between the parties. (R. Doc. 16978-1 at Sec. VIII(H)).  The New Claims Settlement Agreement requires that claimants meet an objective "reasonable inquiry" standard to qualify for benefits:

> Any Exhibit A Claimant or Exhibit B Claimant who purchased the Affected Property with knowledge that there was reactive Chinese Drywall in the Affected Property, or who purchased after December 9, 2009 and failed to make a reasonable inquiry, is not eligible for benefits under this Agreement absent the Knauf Defendants' consent, unless the Claimant was legally assigned the claim owned by the seller of the Affected Property. The claims of any such Exhibit A or Exhibit B Claimant shall be dismissed without prejudice from the Beane Complaint.

In 2011, Cruz took a calculated risk and purchased a short sale property in "as is" condition in an area known to have a multitude of Chinese drywall properties. When Cruz purchased the Property, (1) the Chinese drywall addendum to the contract was missing; (2) the Property's microwave oven was broken; and (3) the air conditioner required a deep cleaning. These circumstances should have led a reasonable purchaser in the same position as Cruz to perform a Chinese drywall inspection as two tell-tale symptoms of Chinse drywall are blackened air conditioner coils and broken appliances. Yet, after these symptoms were discovered in the general inspection that Cruz conducted on the property, no further inquiry was made by Cruz. Not only did Cruz fail to conduct a Chinese drywall inspection (which would have been easy to obtain in the Miami area in 2011), but also, he failed to even request the missing Defective Drywall Addendum that should have been provided with the purchase contract. This shows that a reasonable inquiry was not made.

Now, at last minute, Cruz provides an affidavit from his inspector, who is now asserting that his general inspection was indeed a Chinese drywall inspection too. (R. Doc. 20258). With this, Cruz seeks to overturn the Special Master's Opinion and Decree and have the Knauf Defendants insure his risky home purchase. The Court affords this affidavit no weight because the relevant provision of the Knauf Class Settlement Agreement limits the Court's review, barring an exceptional circumstance, to that which was provided to the Special Master. Specifically, section 4.2.9 of the Knauf Class Settlement Agreement, in the section of the Agreement pertaining to the administration of the Remediation Fund, provides that "[u]nless the Court orders otherwise, appeals will be based on the record and briefing before the Special Master without further evidentiary submissions, briefing or argument."

Moreover, while the Court has considered untimely evidentiary submissions under other circumstances, the Court declines to do so here because the affidavit is unreliable.  It contradicts the inspection report itself, which makes no mention of a hole being cut into the drywall and no mention of any outlets being checked for corrosion.[15] In fact, the inspection report describes an inspection that was limited to visible areas only.  (R. Doc. 20239-4).  The inspection report demonstrates that the inspection was one of a general nature, limited to visible areas, and inconsistent with the late-filed affidavit. Further, neither the inspection report nor the affidavit provide any qualifications of the inspector to perform Chinese drywall inspections.

### III.   CONCLUSION

For the foregoing reasons, Plaintiff's Objection (R. Doc. 20239) is **DENIED** as he failed to make a reasonably inquiry into the presence of Chinese drywall in the Property.

This 13th day of June, 2016.

_____
UNITED STATES DISTRICT JUDGE