**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| IN RE: CHINESE-MANUFACTURED DRYWALL PRODUCTS LIABILITY LITIGATION | MDL NO. 2047<br>SECTION: L<br>JUDGE FALLON<br>MAG. JUDGE WILKINSON |

## NOTICE OF OBJECTION

Pursuant to Pretrial Order 28(F), Taylor Martino, P.C. ("TM"), counsel for claimant Prichard Housing Authority ("PHA"), submits the following Notice of Objection to the determination by BrownGreer, the Court-appointed Settlement Administrator, of the PHA's actual recovery amount:

1. As an initial matter, TM and PHA represent that PHA entered into a stand-alone settlement agreement with various Knauf entities ("Knauf") in 2011, before the PSC's settlement with Knauf [Doc. 12016-5] was effectuated. As part of this stand-alone settlement, Knauf agreed to pay TM's costs and reasonable attorneys' fees. Accordingly, the position of TM and PHA is that TM is due to be paid its costs and reasonable attorneys' fees pursuant to the stand-alone fee agreement with Knauf, outside the attorneys'-fee provisions of the PSC's settlement with Knauf and outside the ambit of the PSC's Fee Allocation Motion. Moreover, TM and PHA submit that TM's attorneys' fees are definitionally excluded from the attorneys'-fee provisions of the PSC's settlement agreement with Knauf. TM has corresponded with Knauf regarding this situation, with a copy to the PSC, and if the matter is not resolved before the deadline for filing oppositions to the Fee Allocation Motion, TM will file an appropriate motion with the Court asking the Court to set a reasonable attorneys' fee for TM and to order Knauf to pay that fee, plus costs, pursuant to the stand-alone fee agreement.

2. Nonetheless, and without waiver of, but specifically preserving, its positions set forth in Paragraph 1 hereof, TM objects to the BrownGreer designation of PHA's actual recovery amount. TM objects as an alternative position in the event the Court should reject its positions set out in Paragraph 1 above, and because Pretrial Order 28(F) provides that the failure to timely and properly file a Notice of Objection will preclude an individual claimant's counsel from contesting the claimant's actual recovery amount. TM's concern with this provision of Pretrial Order 28(F) is that it might be construed to preclude TM's assertion of its positions set out in Paragraph 1 hereof, if TM did not file a Notice of Objection to BrownGreer's determination of PHA's actual recovery amount.

3. The basis for TM's objection is, BrownGreer did not include PHA in its listing of claimants' actual recovery amounts, which means BrownGreer designated zero as PHA's actual recovery amount for its claims against Knauf. On June 10, 2016, by email, BrownGreer informed TM, "Pritchard [sic] Housing Authority was not included on your firm's Attorney Fee Report because the claims were settled outside of the Pilot Program." *See* e-mail attached as Exhibit A. BrownGreer is correct in stating that PHA's claims against Knauf were settled outside the Pilot Program, because the Pilot Program was not in existence when PHA's stand-alone settlement agreement with Knauf was reached. But this does not end the inquiry.

4. TM and PHA submit that the settlement of PHA's claims outside the Pilot Program, and the consequent exclusion of PHA from BrownGreer's listing of claimants' actual recovery amounts, confirms their positions set out in Paragraph 1 hereof. If, however, the Court rejects TM's and PHA's positions, TM's attorneys' fees will have

slipped through the proverbial crack, and TM will go uncompensated for its time and efforts, unless there is further action by this Court and/or the PSC.  If the Court does reject TM's and PHA's positions set out in Paragraph 1, TM and PHA submit that (1) PHA's claims against Knauf should be added to the BrownGreer listing of claimants' actual recovery amounts, so TM can be paid a reasonable attorneys' fee out of the allocated fee monies, or, (2) TM should be awarded a quantum meruit fee to be determined, from the allocated fee monies.  TM will address these matters further in a filing it will submit before the June 28, 2016, deadline for Oppositions to the Fee Allocation Motion.

5. The exact amount of money in dispute as attorneys' fees is $876,717.75. This represents one-third of the total value conferred upon PHA through remediation and cash payments, which TM and PHA submit constitutes a reasonable attorneys' fee.

6. The full name and current address of the person disputing BrownGreer's actual recovery amount (which is zero) is: Prichard Housing Authority, 200 West Prichard Avenue, Prichard, Alabama 36610.

7. The addresses of the particular properties are as follows: 503 Sgt. Harrison Brown Street, Prichard, Alabama 36610; 504 Sgt. Harrison Brown Street, Prichard, Alabama 36610; 505 Sgt. Harrison Brown Street, Prichard, Alabama 36610; 506 Sgt. Harrison Brown Street, Prichard, Alabama 36610; 507 Sgt. Harrison Brown Street, Prichard, Alabama 36610; 508 Sgt. Harrison Brown Street, Prichard, Alabama 36610; 509 Sgt. Harrison Brown Street, Prichard, Alabama 36610; 703 Hinson Avenue, Prichard, Alabama 36610; 705 Hinson Avenue, Prichard, Alabama 36610; 707 Hinson Avenue, Prichard, Alabama 36610; 709 Hinson Avenue, Prichard, Alabama 36610; 800

Martha S. Ratchford Street/McCrory Avenue, Prichard, Alabama 36610; 803 Martha S. Ratchford Street/McCrory Avenue, Prichard, Alabama 36610; 804 Martha S. Ratchford Street/McCrory Avenue, Prichard, Alabama 36610; 805 Martha S. Ratchford Street/McCrory Avenue, Prichard, Alabama 36610; 806 Martha S. Ratchford Street/McCrory Avenue, Prichard, Alabama 36610; 807 Martha S. Ratchford Street/McCrory Avenue, Prichard, Alabama 36610; 808 Martha S. Ratchford Street/McCrory Avenue, Prichard, Alabama 36610; 810 Martha S. Ratchford Street/McCrory Avenue, Prichard, Alabama 36610; 811 Martha S. Ratchford Street/McCrory Avenue, Prichard, Alabama 36610; 812 Martha S. Ratchford Street/McCrory Avenue, Prichard, Alabama 36610; 814 Martha S. Ratchford Street/McCrory Avenue, Prichard, Alabama 36610; 818 Martha S. Ratchford Street/McCrory Avenue, Prichard, Alabama 36610; 820 Martha S. Ratchford Street/McCrory Avenue, Prichard, Alabama 36610; 821 Martha S. Ratchford Street/McCrory Avenue, Prichard, Alabama 36610; 823 Martha S. Ratchford Street/McCrory Avenue, Prichard, Alabama 36610; 824 Martha S. Ratchford Street/McCrory Avenue, Prichard, Alabama 36610; 825 Martha S. Ratchford Street/McCrory Avenue, Prichard, Alabama 36610; and 826 Martha S. Ratchford Street/McCrory Avenue, Prichard, Alabama 36610.

Respectfully submitted,

Attorneys for Plaintiff, Prichard Housing Authority

 /s/ Richard H. Taylor
RICHARD H. TAYLOR
TAYLOR MARTINO, P.C.
51 St. Joseph Street
Mobile, Alabama 36602
T: (251) 433-3131
F: (251) 433-4207
richardtaylor@taylormartino.com

## CERTIFICATE OF SERVICE

I hereby certify that the above and foregoing Notice of Objection has been served on Plaintiffs' Liaison Counsel, Russ M. Herman, and Defendants' Liaison Counsel, Kerry Miller, by U.S. Mail and e-mail and upon all parties by electronically uploading the same to File & ServeXpress in accordance with Pre-Trial Order No. 6 and that the foregoing was electronically filed with the Clerk of the Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2047, on this the 16th day of June, 2016,

| | |
|---|---|
| Arnold Levin | Russ M. Herman Esq. |
| Levin Fishbein Sedra & Berman | Herman Herman & Katz, LLC |
| 510 Walnut St., Suite 500 | 820 O'Keefe Ave. |
| Philadelphia, PA 19106 | New Orleans, LA 70113 |
| Email: alevin@lfsblaw.com | Email: rherman@hhklawfirm.com |

BrownGreer PLC
c/o Jacob Woody, Esq.
P.O. Box 25401
Richmond, VA 23260
Email: jswoody@browngreer.com

By:   /s/ Richard H. Taylor
        RICHARD H. TAYLOR