UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: CHINESE-MANUFACTURED DRYWALL PRODUCTS LIABILITY LITIGATION | CIVIL ACTION |
| | NO. 09-02047 |
| | SECTION "L" (5) |
| THIS DOCUMENT RELATES TO: ALL CASES | |

## ORDER & REASONS

### I. INTRODUCTION

Before this Court are three appeals of the Special Master's final determinations on Pre-Remediation Alternative Living Expense (PRALE) claims (Rec. Docs. 20136, 20139, 20141). Having read the parties' briefs, reviewed the applicable law, and heard several of the parties on oral argument, the Court now issues this Order and Reasons.

### II. BACKGROUND

#### a. Procedural Background

From 2004 through 2006, the housing boom in Florida and rebuilding efforts necessitated by Hurricanes Rita and Katrina led to a shortage of construction materials, including drywall. As a result, drywall manufactured in China was brought into the United States and used in the construction and refurbishing of homes in coastal areas of the country, notably the Gulf Coast and East Coast. Sometime after the installation of the Chinese drywall, homeowners began to complain of emissions of smelly gasses, the corrosion and blackening of metal wiring, surfaces, and objects, and the breaking down of appliances and electrical devices in their homes. *In re Chinese-Manufactured Drywall Prod. Liab. Litig.*, 894 F. Supp. 2d 819, 829 (E.D.La. 2012),

*aff'd*, 742 F. 3d 576 (5th Cir. 2014).  Many of these homeowners also began to complain of various physical afflictions believed to be caused by the Chinese drywall.  Accordingly, these homeowners began to file suit in various state and federal courts against homebuilders, developers, installers, realtors, brokers, suppliers, importers, exporters, distributors, and manufacturers who were involved with the Chinese drywall.  Because of the commonality of facts in the various cases, this litigation was designated as multidistrict litigation.  Pursuant to a Transfer Order from the United States Judicial Panel on Multidistrict Litigation on June 15, 2009, all federal cases involving Chinese drywall were consolidated for pretrial proceedings in MDL 2047 in the U.S. District Court, Eastern District of Louisiana.

The Chinese drywall at issue was largely manufactured by two groups of defendants: (1) the Knauf Entities, and (2) the Taishan Entities.  The instant appeals before the Court related to the Knauf Entities.

The Knauf Entities are German-based, international manufacturers of building products, including drywall, whose Chinese subsidiary, Knauf Plasterboard (Tianjin) Co., Ltd. ("KPT"), advertised and sold its Chinese drywall in the United States.  The Knauf Entities are named defendants in numerous cases consolidated with the MDL litigation and litigation in state courts.  The Knauf Entities first entered their appearance in the MDL litigation on July 2, 2009.  *See* (R. Doc. 18).  On November 2, 2009, in Pretrial Order No. 17, KPT agreed to a limited waiver of service.  *See* (R. Doc. 401).  On March 15-19, 2010, the Court presided over a bellwether trial in *Hernandez v. Knauf Gips KG*, Case No. 09-6050, involving a homeowner's claims against KPT for defective drywall.  *See* (R. Doc. 2713).  For purposes of the trial, KPT stipulated that its Chinese drywall "emits certain reduced sulfur gases and the drywall emits an odor." *Id*.  The Court found in favor of the plaintiff family in *Hernandez*, issued a detailed Findings of Fact and

Conclusions of Law ("*Hernandez* FOFCOL"), *see id.*, and entered a Judgment in the amount of $164,049.64, including remediation damages in the amount of $136,940.46, which represented a cost of $81.13 per square foot based on the footprint square footage of the house. *See* (R. Doc. 3012).

Thereafter, on October 14, 2010, the Knauf Entities entered into a pilot remediation program with the Plaintiffs' Steering Committee ("PSC") in the MDL. This program was largely based upon the remediation protocol formulated by the Court in *Hernandez*. The Knauf pilot remediation program is ongoing and has, at present, remediated over 2,000 homes containing KPT Chinese drywall using the same protocol. At the Court's urging, the parties began working together to monetize this program and make it available to a broader class of plaintiffs.

On December 20, 2011, the Knauf Entities and the PSC entered into a global, class Settlement Agreement ("Knauf Settlement Agreement"), which is designed to resolve all Knauf-related, Chinese drywall claims. *See* (R. Doc. 16407-3). Although there are numerous settlement agreements with defendants in the chain-of-commerce with the Knauf Entities, the instant appeals related specifically to the Knauf Settlement Agreement.

### b. The Knauf Settlement Agreement

The Knauf Settlement Agreement provides for the complete remediation of the contaminated structure in accordance with an evidence based protocol developed from various different trial. In addition, the Agreement allows Claimants to submit a number of different claims for compensation due to damage allegedly caused by Chinese Drywall. Claims unrelated to remediation of a property are known as "Other Loss Claims." During the course of the Chinese Drywall Settlement Program, the Settlement Administrator received 7,986 Other Loss claims. These claims were reviewed by the Settlement Administrator, who reviewed claim

documentation for completeness and issued an eligibility notice using amounts set forth in PTO 29. Claimants who were dissatisfied with this award had the option to appeal their award to the Special Master. The Special Master independently reviewed these claims and issued a new award determination. Pursuant to Section 4.6.8 of the Knauf Settlement Agreement, Claimants who remained unsatisfied with the Special Master's award had the additional option to appeal directly to the Court. Specifically, the Knauf Settlement Agreement provides that:

> Unless otherwise final and binding pursuant to the relevant sections below, decisions of the Special Master with respect to the Other Loss Fund may be appealed by Settlement Class Counsel, the Knauf Defendants or an affected Class Member within 15 days of service of the Special Master's decision by filing an objection with the Court, but only after Settlement Class Counsel, the Knauf Defendants, and, if applicable, an affected Class Member's counsel meet and confer in an attempt to resolve such issue. Unless the Court orders otherwise, appeals will be based on the record and briefing before the Special Master without further evidentiary submissions, briefing or argument. Any Party may, at its own expense, request that proceedings before the Special Master be transcribed. The Court's decision on any objections will be final, with no further appeals permitted.

Knauf Settlement Agreement, Section 4.6.8. Out of the starting population of 7,986 claims, only 64 claimants appealed to the Court, including three appealed PRALE claims.

The appealed PRALE claims were filed pursuant to Section 4.7.1.1 of the Knauf Settlement Agreement, which provides that:

> For Residential Owners, alternative living expenses arising from the need to vacate the Affected Property incurred prior to remediation as a result of property damage caused by KPT Chinese Drywall; provided that the Residential Owner vacated the Affected Property on or before the Execution Date. For Residential Owners, Other Loss shall not include alternative living expenses during remediation and personal property damage, as that is reimbursed by the Remediation Fund.
>
> > 4.7.1.1.1. To obtain benefits under this Section, a Residential Owner must establish that the preremediation alternative living expenses were substantially caused by KPT Chinese Drywall.

> 4.7.1.1.2. To obtain benefits under this Section, the Residential Owner must submit the following:
>
> > a. physical proof such as photographic evidence or inspection reports satisfactory to the Settlement Administrator that the Affected Property has KPT Chinese Drywall and proof of corrosion and that the KPT Chinese Drywall was reactive prior to the Residential Owner vacating the Affected Property;
> >
> > b. all verified and authenticated documents regarding alternative living expenses, including, but not limited to, a lease;
> >
> > c. to the extent applicable, all loan documents, including but not limited to, a mortgage;
> >
> > d. to the extent applicable, all documents relating to mortgage or lease payments, including but not limited to, cancelled checks and past due notices;
> >
> > e. affidavits from the Residential Owner in support of the claim with supporting documentation;
> > …
> > The Court's ruling on any such motion shall be final with no appeals.

Pursuant to the aforementioned terms of the Knauf Settlement Agreement, the Court reviews the following appealed PRALE claims in turn.

### III.     PRALE CLAIMS

#### a.  Chris Ancira (R. Doc. 20136)

On October 3, 2013, Claimant timely filed his PRALE Claim Form for consideration for recovery from the Knauf Settlement Other Loss Fund. On February 13, 2015, Claimant received an Other Loss Eligibility Notice in the amount of $14,400.00 for his PRALE claim. On March 9, 2015, Claimant timely requested Special Master consideration for his PRALE claim. On December 3, 2015, the Special Master issued an award of $19,500 for Claimant's PRALE claim. On December 18, 2015, Claimant timely requested reconsideration of the Special Master's

award. On February 18, 2016, the Special Master issued a post-reconsideration award, consistent with the Settlement Administrator's initial award, in the amount of $14,400.00, from which Claimant now appeals.

Claimant seeks reimbursement for expenses associated with monthly rental payments on an alternative residence for 13 months and monthly mortgage payments on a new residence for 16 months prior to remediation. The Claimant failed to provide proof of payment relating to rental payments on an alternative residence. On appeal, Claimant submitted proof of 16 months of payments on alternate living arrangements. The Settlement Administrator reviewed this material and determined that Claimant's award amount should be increased to reflect the new evidence regarding the additional payments. Accordingly, **IT IS ORDERED** that Claimant be awarded $40,286.88 for his PRALE claim. This award will be distributed to Claimant on a pro rata basis once all the remaining other loss objections are resolved.

### b. Wilfred and Hedy Duplessis (R. Doc. 20139)

On October 23, 2013, Claimants timely filed their PRALE Claim Form for consideration for recovery from the Knauf Settlement Other Loss Fund. On March 2, 2015, Claimants received an Other Loss Eligibility Notice in the amount of $11,467.77.00 for their PRALE claim. On March 31, 2015, Claimants requested Special Master consideration for their PRALE claim. On December 3, 2015, the Special Master awarded Claimants $0.00 for their PRALE claim. On December 5, 2015, Claimants timely requested reconsideration of the Special Master's award. On February 18, 2016, the Special Master issued a post-reconsideration award, increasing the Settlement Administrator's initial award, in the amount of $15,877.11 from which Claimants now appeal.

Claimants seeks reimbursement for expenses associated with monthly rental payments on an alternative residence, utility and maintenance costs for both the Affected Property and the

alternative residence, miscellaneous expenses such as HVAC repairs, grass maintenance, HOA fees, and other expenses incurred after the start of remediation. The Special Master determined that a portion of the damages sought by these Claimants were not equitably justified because they would have been incurred regardless of the presence of Chinese Drywall. The Special Master awarded these Claimants $15,877.11 in expenses related to alternative living expenses, as such expenses are compensable under the Settlement Agreement.  On appeal, Claimants submitted additional proof of expenses related to alternate living arrangements.  The Settlement Administrator reviewed this material and determined that Claimants' award amount should be increased to reflect the new evidence regarding the additional evidence.  Accordingly, **IT IS ORDERED** that Claimants be awarded $55,477.11 for their PRALE claim.  This award will be distributed to Claimant on a pro rata basis once all the remaining other loss objections are resolved.

      c.    **Meir Genoune (R. Doc. 20141)**

On September 26, 2013, Claimant timely filed his PRALE Claim Form for consideration for recovery from the Knauf Settlement Other Loss Fund.  On February 13, 2015, Claimant received an Other Loss Eligibility Notice in the amount of $14,400.00 for his PRALE claim. On March 13, 2015, Claimant timely requested Special Master consideration for his PRALE claim. On December 3, 2015, the Special Master issued an award of $0.00 for Claimant's PRALE claim.  On December 18, 2015, Claimant timely requested reconsideration of the Special Master's award.  On February 18, 2016, the Special Master issued a post-reconsideration award, consistent with the Settlement Administrator's initial award, in the amount of $14,400.00, from which Claimant now appeals.

Claimant seeks reimbursement for expenses associated with mortgage payments on an alternative residence. Claimant made an average monthly mortgage payment of $2,800.00 for approximately 60 months on an alternative residence, prior to remediation.  On appeal, the

Claimant submitted evidence of interest payments totaling $87,770.38, all of which were made prior to the remediation of the property containing Chinese Drywall.  The Settlement Administrator reviewed this material and determined that Ms. Genoune's award amount should be increased to reflect the new evidence regarding the interest payments.  Accordingly, **IT IS ORDERED** that Claimant be awarded $87,770.38 for his PRALE claim.  This award will be distributed to Claimant on a pro rata basis once all the remaining other loss objections are resolved.

IV.   **CONCLUSION**

Considering the foregoing, **IT IS ORDERED** that the following claimants are **GRANTED** the following awards:

   The Court **GRANTS Chris Ancira (R. Doc. 20136)** $40,286.88 for his PRALE claim.

   The Court **GRANTS Wilfred and Hedy Duplessis (R. Doc. 20139)** $55,477.11 for their PRALE claim.

   The Court **GRANTS Meir Genoune (R. Doc. 20141)** $87,770.38 for his PRALE claim.

These awards will be distributed on a pro rata basis once all the remaining other loss claim objections are resolved.

New Orleans, Louisiana this  20th  day of   June  , 2016 .

_____
United States District Judge