UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In Re:  CHINESE-MANUFACTURED | * | MDL 2047 |
| DRYWALL PRODUCTS | * | |
| LIABILITY LITIGATION | * | SECTION L |
| | * | |
| | * | JUDGE FALLON |
| This document relates to: 14-cv-2722 | * | |
| *Elizabeth Bennett, et al v. Gebrueder* | * | MAGISTRATE JUDGE WILKINSON |
| *Knauf Verwaltungsgesellschaft, KG, et al* | * | |
| * | * | |

* * * * * * * * * * * * * * * * *

**KNAUF DEFENDANTS' RESPONSE TO ELIZABETH BENNETT PLAINTIFFS'
MOTION TO LIFT STAY (REC. DOC. 20297)**

**MAY IT PLEASE THE COURT:**

Without waiving any rights, objections, or defenses, the Knauf Defendants[1] hereby make a special appearance[2] in this matter in order to file a Response to the *Elizabeth Bennett Plaintiffs' Motion to Lift Stay* (Rec. Doc. 20297). The Knauf Defendants do not take any position regarding the status of the stay imposed by PTO 1. However, if and when the Court is prepared to address this matter, the Knauf Defendants would request the opportunity to conduct a scheduling conference with the Court to discuss a two-phase scheduling plan. The first phase would include a *Lone Pine* order that may result in dismissal of certain Bennett Plaintiffs' claims. For the claims that survive the *Lone Pine* order, the second phase would include a reverse bifurcation

---

[1] The Knauf Defendants include Knauf Plasterboard (Tianjin) Co., Ltd., Knauf Plasterboard (Wuhu) Co., Ltd., Guangdong Knauf New Building Material Products Co., Ltd., Knauf Gips KG, Gebr. Knauf Verwaltungsgesellschaft KG, Knauf International GmbH, Knauf Insulation GmbH, Knauf UK GmbH, Knauf AMF GmbH & Co. KG, Knauf do Brasil Ltda., and PT Knauf Gypsum Indonesia.

[2] Although Plaintiffs assert that all the Knauf Defendants have been served, the Knauf Defendants have no record of service to Knauf Plasterboard (Tianjin) Co., Ltd., Knauf Plasterboard (Wuhu) Co., Ltd., Guangdong Knauf New Building Material Products Co., Ltd, Knauf do Brasil Ltda., and PT Knauf Gypsum Indonesia. Therefore, in making this special appearance, the Knauf Defendants reserve all rights to file appropriate Rule 12(b) motions in this matter should the stay be lifted.

order that would adjudicate the issues of specific causation and damages prior to liability. The Knauf Defendants are prepared to discuss specifics with opposing counsel and the Court at the appropriate time.

## I. BACKGROUND

This matter involves a class action complaint filed in the Northern District of Alabama by Elizabeth Bennett and other plaintiffs (the "Bennett Plaintiffs") that was subsequently transferred and consolidated into Multi-District Litigation 2047 ("MDL 2047").

### a. MDL 2047

On June 15, 2009, the Judicial Panel on Multi-District Litigation ("JPML") transferred nine actions to the Eastern District of Louisiana, which were assigned to the Honorable Eldon E. Fallon for coordinated and consolidated pretrial proceedings. R. Doc. 1 (Transfer Order from MDL Panel). On June 16, 2009, this Court issued Pretrial Order 1 ("PTO 1"), which reminded parties and counsel of "their duty to preserve evidence that may be relevant to this action." R. Doc. 2 (PTO 1). On October 9, 2009, this Court issued Pretrial Order 1B ("PTO 1B"), which provided detailed requirements regarding the preservation of physical evidence, including the identification and recording of the manufacturer markings of each drywall board removed during remediation. R. Doc. 337 (PTO 1B).

On October 14, 2010, after extensive discovery and several bellwether trials, the PSC and the Knauf Defendants entered into a Settlement Agreement for the Demonstration Remediation of Homes with KPT Drywall (the "Pilot Program") to create a program for the purpose of remediating homes that contained all, or substantially all, drywall manufactured by KPT. On December 20, 2011, and seeking to avoid the effort, expense, and risk of continued litigation, the Knauf Defendants and the PSC entered into a Settlement Agreement Regarding Claims Against

the Knauf Defendants in MDL 2047 (the "Knauf Class Settlement Agreement").[3]   On February 7, 2013, the MDL Court issued an Order granting Final Approval to the Third Amended Knauf Class Settlement Agreement. R. Doc. 16570.

Following the Court's final approval of the Knauf Class Settlement Agreement, the PSC filed the *Beane* Complaint on April 3, 2013.[4]  The *Beane* Complaint was filed on behalf of claimants that alleged that they owned properties affected by KPT Chinese Drywall but who did not file a lawsuit on or before the execution date of the Knauf Class Settlement Agreement (December 9, 2011).  On August 12, 2013, the Knauf Defendants and the PSC reached a settlement and entered into the Settlement Agreement Regarding Post-December 9, 2011 Claims Against the Knauf Defendants in MDL 2047 (the "*Beane* Settlement Agreement").  Following the *Beane* Settlement Agreement, the Knauf Defendants agreed to settle certain claims that were filed on or before October 25, 2013.

      b.     *Bennett* Class Action

On November 13, 2014, the present class action complaint was filed.[5] On December 8, 2014, the case was transferred and consolidated into MDL 2047 by the JPML and stayed pending further order of the Court when PTO 1 and PTO 5 were filed into the record.  R. Doc. 5 (14-cv-2722).  On June 10, 2016, the Bennett Plaintiffs filed the present motion seeking an order to lift the stay imposed by PTO 1.

The Bennett Plaintiffs have amended their complaint twice to add additional plaintiffs, and presently seek a third amendment to add additional plaintiffs.  The Bennett Plaintiffs include

---

[3] All capitalized terms not defined herein have the same definition as the Knauf Class Settlement Agreement. R. Doc. 16407-3.

[4] No. 13-cv-609 (E.D. La. 2013).

[5] The Bennett Plaintiffs have since amended the complaint to add additional plaintiffs.  Currently, there is a Motion to Amend and submit a Third Amended Complaint by plaintiffs.

claimants that have released all of their claims against the Knauf Defendants and other MDL defendants. For example, Dan Tavanese and Jinxi Zhu are listed plaintiffs in the *Bennett* complaint even though both claims were settled and the claimants executed releases under the *Beane* Settlement Agreement. Also, the complaint includes plaintiffs that failed to preserve evidence or purchased property with knowledge that it contained defective Chinese Drywall. For example, CDO Investments, LLC and MCF Enterprises, Inc. are listed as named plaintiffs and it is the Knauf Defendants' position that both companies purchased multiple properties with knowledge that they contained Chinese Drywall.

## II. ARGUMENT

### a. Phase One: *Lone Pine* Order

As stated at the outset, the Knauf Defendants take no position regarding the timeliness of the Bennett Plaintiffs' Motion to Lift Stay. However, if and when the Court is prepared to lift the stay and address this matter, the Knauf Defendants would request a scheduling conference to discuss the necessity for a *Lone Pine* order.

A *Lone Pine* order is a type of pretrial order requiring plaintiffs to provide some basic facts or run the risk of having their case dismissed. *See Lore v. Lone Pine Corp.*, 1986 WL 637507, *1-*3 (N.J.Super. Nov. 18, 1986). *Lone Pine* orders "are designed to handle the complex issues and potential burdens on defendants and courts in mass tort litigation." *Acuna v. Brown & Root, Inc.,* 200 F.3d 335, 340 (5th Cir. 2000). "The basic purpose of a *Lone Pine* order is to identify and cull potentially meritless claims and streamline litigation in complex cases." *Baker v. Chevron USA, Inc.,* 2007 WL 315346, *1 (S.D. Ohio Jan. 30, 2007).

The United States Court of Appeals for the Fifth Circuit has recognized the value of and approved the use of *Lone Pine* orders in mass tort litigation. In *Acuna v. Brown & Root, Inc.,* the Fifth Circuit held that the district court was within its discretion to issue a scheduling order that

4

"essentially required that information that plaintiffs should have had before filing their claims pursuant to Fed. R .Civ. P. 11(b)(3)." *Acuna,* 200 F.3d at 340. *See also, Steering Comm. v. Exxon Mobil Corp.,* 461 F.3d 598, 604 (5th Cir. 2006).

In crafting a *Lone Pine* order, a court should strive to strike a balance between efficiency and equity. *In re Vioxx Products Liab. Litig.*, 557 F. Supp. 2d 741, 743-45 (E.D. La. 2008). *Lone Pine* orders may not be appropriate in every case and, even when appropriate, they may not be suitable at every stage of the litigation. *Id*. For example, a *Lone Pine* order may not have been appropriate at an earlier stage of MDL 2047 before any discovery had taken place because little was known about the nature and effect of Chinese Drywall. However, this case is no longer in its embryonic stage as this MDL has existed for over seven years, and much discovery has taken place. In this MDL, the Knauf Defendants have produced voluminous documents and materials related to Chinese Drywall and have made those materials available. The Knauf Defendants have produced millions of pages of documents, dozens of depositions have taken place, and this Court has ruled on hundreds of pretrial motions. Status conferences, which are held in open court, have been conducted monthly, and liaison counsel report on all developments in these MDL proceedings. All of the Court's pretrial orders, opinions, forms and notices have been placed on a special website created for this litigation, and are accessible by anyone throughout the country. Bellwether trials have been held in this MDL as well as other trials in various state courts throughout the country.

The numerous settlements by the Knauf Defendants in this MDL also provide valuable information to allow for a streamlining of the issues in this matter. For example, the administration of the Pilot Program and the Knauf Class Settlement Agreement has provided definitive results as to the scope of repair, cost of repair, and preservation of evidence. Based on

these results, all claims settled by individuals with KPT Chinese Drywall have been satisfactorily compensated for damages sustained.

At this advanced stage of the litigation, it would strike an appropriate balance to require the Bennett Plaintiffs to provide some kind of evidence to support their claims, whether that injury be to their person or property. For example, a *Lone Pine* order in this case would cover manufacturer identification, evidence preservation, whether the property was purchased with knowledge of Chinese Drywall, scope of repairs, cost of repairs, and to the extent personal injuries are being claimed for exposure to Chinese Drywall. The failure to provide these basic categories of information would lead to a dismissal of claims. The Knauf Defendants are prepared to discuss specifics of a *Lone Pine* order with opposing counsel and the Court.

      b.     **Phase Two:   Reverse Bifurcation**

To the extent certain Bennett Plaintiffs' claims survive the *Lone Pine* order, the Knauf Defendants would also request a bifurcated trial scheduling order that would adjudicate the issues of specific causation and damages prior to liability. For convenience, to avoid prejudice, or to expedite and economize, the Court may order a separate trial of one or more separate issues, claims, crossclaims, counterclaims, or third-party claims, including reverse bifurcation. Fed. R. Civ. Proc. 42. Pursuant to Federal Rule of Civil Procedure 42(b), the Court may separate the issues of liability from those relating to causation and damages.

Reverse bifurcation originated as a means of processing a backlog of asbestos-related cases. *Jenkins v. Raymark Industries, Inc.,* 782 F.2d 468, 473 n.8, 3 Fed. R. Serv. 3d 1137 (5th Cir. 1986). In these cases, liability was generally less contested than was the level of damage; thus, addressing damages before liability seemed a sensible approach to inducing settlement. Newberg on Class Actions § 11:3 (5th ed.). Courts have, therefore, noted that reverse

bifurcation is most "useful where the parties have excellent information about the likelihood of success on the issue of liability, and the real sticking points are the individual issues of causation and damages." S*imon v. Philip Morris Incorporated*, 200 F.R.D. 21, 37 (E.D. N.Y. 2001) (citation omitted); *see also* Manual for Complex Litigation, Fourth, § 22.93 (stating that reverse bifurcation is "generally appropriate only when the degree of injury and the amount of damages are the primary issues in dispute") (citation omitted); *see Angelo v. Armstrong World Industries, Inc*., 11 F.3d 957, 959, 27 Fed. R. Serv. 3d 1438 (10th Cir. 1993) (describing a "reverse bifurcation" plan whereby "damages, causation, and presence of disease would be tried in a first phase, then liability and punitive damages would be tried in a second phase" and holding that district court's use of reverse bifurcation was not an abuse of discretion).

As set forth above, at this advanced stage of the Chinese Drywall litigation, the parties have excellent information about the likelihood of success on the issue of liability. The real issues in this matter are the individual issues of the Bennett Plaintiffs' knowledge, evidence preservation, specific causation, and damages, which may be appropriately addressed by use of a reverse bifurcation trial scheduling order.

## III.    CONCLUSION

The Knauf Defendants do not take any position regarding the status of the stay imposed by PTO 1. However, if and when the Court is prepared to lift the stay and address this matter, the Knauf Defendants would request the opportunity to schedule a conference to discuss the necessity for a *Lone Pine* and reverse bifurcation order.

7

Respectfully submitted,

**BAKER, DONELSON, BEARMAN,
CALDWELL & BERKOWITZ, PC**

/s/ *Kerry J. Miller*
**KERRY J. MILLER (#24562), T.A.
DANIEL J. DYSART (#33812)
RENE A. MERINO (#34408)**
201 St. Charles Avenue, Suite 3600
New Orleans, LA 70170
Phone: (504) 566-8646
Fax:     (504) 585-6946
Email: kjmiller@bakerdonelson.com

*Counsel for the Knauf Defendants*

## CERTIFICATE OF SERVICE

I hereby certify that the above and foregoing pleading has been served upon Russ Herman, Plaintiffs' Liaison Counsel, by email, to all parties by electronically uploading the same to LexisNexis File & Serve in accordance with Pre-Trial Order No. 6, and that the foregoing was filed with the Clerk of Court of the United States Court for the Eastern District of Louisiana, on this 22nd day of June, 2016.

/s/ *Kerry J. Miller*
**KERRY J. MILLER**