

⁺Richard H. Taylor
Steven A. Martino
⁺Edward P. Rowan
W. Lloyd Copeland
W. Bradford Kittrell
⁺Mallory J. Mangold
Kenneth A. Metzger

⁺Also Admitted in Mississippi

June 14, 2016

**VIA ELECTRONIC MAIL:** kjmiller@bakerdonelson.com
**AND VIA U.S. MAIL**
Kerry J. Miller, Esq.
Baker Donelson
201 St. Charles Avenue
Suite 3600
New Orleans, LA  70170

      RE:   **Prichard Housing Authority Settlement with Knauf**
             **(Prichard Housing Authority v. The Mitchell Co., et al.)**

Dear Kerry:

      As you know, in 2011 the Prichard Housing Authority ("PHA") entered into a stand-alone Settlement Agreement with various Knauf entities ("Knauf") on its Chinese Drywall claims.  In addition to other monetary payments under the Settlement Agreement, Knauf agreed to pay the PHA's costs and reasonable attorneys' fees in accordance with Section X of the Remediation Agreement.  Section X of the Remediation Agreement provides that the calculation and/or amount of attorneys' fees would be determined by agreement between the PSC and Knauf, unless an agreement could not be reached within six months of the execution of the Remediation Agreement, in which case the dispute would be submitted to the MDL Court for resolution. Obviously, no agreement on a fee has been reached.

      The PHA is definitionally excluded from the attorneys' fee provisions of Knauf's class settlement with the PSC, so the PHA is not bound by those fee provisions. Rather, Knauf is bound by its stand-alone fee agreement with the PHA.

      In 2014, the PHA moved the MDL Court to set an attorneys' fee pursuant to the stand-alone settlement and fee agreement.  The Court denied the motion without prejudice, with leave to re-file, because the Court said it would decide the issue of attorneys' fees on one occasion, not on a piecemeal basis.  The MDL Court has now taken up the matter of attorneys' fees. So, the time has arrived for the PHA to move the Court to set a reasonable attorneys' fee, if Knauf will not agree to one.

      The cost to remediate the twenty-nine PHA homes, and the cash payment made pursuant to the Settlement Agreement, total $2,630,153.26.  The Settlement Agreement

51 Saint Joseph Street
Post Office Box 894
Mobile, Alabama 36601
www.TaylorMartino.com

*Representing Victims For Over 30 Years*

Tel: (251) 433-3131
Fax: (251) 433-4207
Fax: (251) 405-5080
Toll Free: (800) 256-7728

**EXHIBIT M**

Kerry Miller, Esq.
June 14, 2016
Page 2 of 2

provides that it is governed by Alabama law. In Alabama, a reasonable attorneys' fee is determined using the criteria set out in *Peebles v. Miley,* 439 So.2d 137 (Ala.1983). The *Peebles* criteria are virtually identical to the *Johnson* factors used in the Fifth Circuit. The PHA's counsel undertook to represent the PHA on a contingency basis, and we submit that an application of the *Peebles* factors justifies a one-third attorneys' fee, $876,717.75, as reasonable. Counsel incurred expenses in the amount of $53,660.21, which Knauf also agreed to pay in the stand-alone settlement.

Please let me know by the close of business Monday, June 20, 2016, whether Knauf agrees to pay a one-third attorneys' fee. Otherwise, we will submit the appropriate papers to the MDL Court asking it to set the fee.

Very truly yours,

RICHARD H. TAYLOR
For the Firm
RichardTaylor@taylormartino.com

RHT/shw

cc: Arnold Levin, Esq. (Via Electronic Mail & U.S. Mail)
    Leonard Davis, Esq. (Via Electronic Mail & U.S. Mail)