UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE:  CHINESE MANUFACTURED DRYWALL | : | MDL NO. 2047 |
| PRODUCTS LIABILITY LITIGATION | : | |
| | : | |
| | : | SECTION: L |
| This Document Relates to All Cases | : | |
| | : | JUDGE FALLON |
| .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. : | | MAG. JUDGE WILKINSON |

**MEMORANDUM IN SUPPORT OF
SETTLEMENT ADMINISTRATOR'S MOTION REGARDING STIPEND DISPUTES
FOR THE CHINESE DRYWALL SETTLEMENT PROGRAM
(Dual Representations)**

BrownGreer, the Court appointed Settlement Administrator for the Chinese Drywall Settlement Program (the "Settlement Program") respectfully moves this Court to set a Rule to Show Cause hearing on this Motion Regarding Stipend Disputes For the Chinese Drywall Settlement Program (Dual Representations), requiring attorneys for the properties identified on the attached exhibits (Exhibits A and B show cause why they are entitled to a stipend payment in the Settlement Program.

**I.   BACKGROUND**

On December 17, 2014, the Court issued an Order granting the Fee Committee's inspection costs and hold back motion pursuant to Pre-Trial Order No. 28(E) [Rec. Doc. 18215]. In that Order, the Court accepted the recommendation of the Fee Committee that a reasonable cost stipend of $1,000.00 per property for those properties where KPT Chinese Drywall is or was present, including homes with mixed board that includes KPT Chinese Drywall.  The Court further accepted the Fee Committee's recommendation that for those properties where non-KPT Chinese Drywall only is or was present, a reasonable cost stipend should be $150.00 per property.

1

On November 23, 2015, the Court issued Pre-Trial Order No. 30 (Cost Stipend Award) [Rec Doc. 19787].  The Court posted Pre-Trial Order No. 30 and its attached Exhibit "A"[1] to the Court's website and provided a copy to the Clerk of Court so that any claimant or party could review the Order and Exhibit "A."  Any claimant or party was given an opportunity to object to the cost stipend amount for their particular property.   In accordance with Pre-Trial Order No. 30, Class Counsel provided to BrownGreer a notice and copies of all objections received for a cost stipend.

On January 27, 2016, the Fee Committee filed a Notice of PTO 30 Objectors to Stipend Award with the Court which set forth a listing of objectors [Rec. Doc. 20010].

BrownGreer has diligently attempted to resolve all of the Objectors' claims with respect to stipend payments.  However, there remain a number of Objectors whose claims have not been resolved and in order to address these matters, BrownGreer requests that the Objectors appear before the Court to state the basis and reason for their claim so that the Court can determine if a stipend payment should be made and if so, in what amount.  The following sets forth the various categories of Objectors whose claims remain at issue.

Pretrial Order 30 provides:

"If more than one (1) claim is made for a cost stipend on a property, the proceeds to be paid shall be deposited into the registry of the Court until a final determination is resolved as to the proper party entitled to receipt of the cost stipend."

Attached as Exhibit A is a list of properties where more than one law firm has claimed entitlement to a stipend payment for a particular property.  BrownGreer requests that the stipend for the properties identified on this exhibit be allowed to be deposited into the registry of the Court in accordance with PTO 30.

---

[1] Exhibit "A" is the CDW Settlement Program Stipend List as of 11/20/15, which identifies each property deemed eligible for a stipend payment.

There are several instances where a single property is the subject of multiple claims brought by different claimants with different attorneys. Because the Settlement Administrator is unable to determine which firm is entitled to the appropriate stipend payment, BrownGreer requests that the stipend for those properties identified on the attached Exhibit B be allowed to be deposited into the registry of the Court so that the competing firms can determine who is entitled to the stipend payment.

BrownGreer has diligently worked to resolve a substantial number of stipend objections. Those objections that have been successfully resolved by BrownGreer, without Court involvement, are listed on the attached Exhibit C.

By setting this matter for hearing and requiring counsel to show cause why they are entitled to a stipend payment, will resolve a number of outstanding stipend objections. This will clean up the docket of stipend objections and enable the Claims Administrator to continue making stipend payments to those who are rightfully entitled to receive a stipend payment.

        Respectfully submitted,

        __/s/ Jacob Woody_____
        Jacob S. Woody, Esquire (Va. Bar No. 77485)
        BrownGreer, PLC
        250 Rocketts Way
        Richmond, VA 23231
        Telephone:  (804) 521-7200
        Facsimile:  (804) 521-7299
        lgreer@browngreer.com
        jswoody@browngreer.com

        *Settlement Administrator for the Chinese Drywall Settlement Program*

## **CERTIFICATE OF SERVICE**

I hereby certify that the above pleading will be served on by electronically uploading the same to LexisNexis File & Serve in accordance with Pretrial Order No. 6, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/EDF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2047, on this 28th day of June, 2016.

    /s/Jacob Woody_____
Jacob S. Woody, Esquire (Va. Bar No. 77485)
BrownGreer, PLC
250 Rockets Way
Richmond, VA 23231
Telephone: (804) 521-7200
Facsimile: (804) 521-7299
lgreer@browngreer.com
jswoody@browngreer.com

*Settlement Administrator for the Chinese Drywall Settlement Program*