**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| IN RE: CHINESE-MANUFACTURED DRYWALL PRODUCTS LIABILITY LITIGATION | MDL NO. 2047 SECTION: L JUDGE FALLON MAG. JUDGE WILKINSON |

<u>**MEMORANDUM IN SUPPORT OF PLAINTIFFS' PETITION FOR AWARD OF ATTORNEY'S FEES AND LITIGATION EXPENSES OUTSIDE THE MDL AND PURSUANT TO A STAND-ALONE SETTLEMENT AGREEMENT WITH KNAUF**</u>

The Plaintiffs and undersigned counsel herein respectfully submit the following memorandum in support of their petition for payment of attorneys' fees and litigation expenses outside the MDL.   This Petition is based upon a separate, stand-alone settlement agreement entered into between the Plaintiffs and multiple Knauf entities, including Knauf Plasterboard Tiajin (KNAUF) outside the class action settlement in these consolidated proceedings, but which expressly authorizes the Plaintiffs to make a request that this Court order KNAUF to pay Plaintiffs and counsel attorneys' fees and litigation expenses "consistent with the amounts paid for similar claims pursuant to MDL 2047".  In support of this Petition, the Plaintiffs show the Court the following:

## I.      UNDISPUTED FACTS AND PROCEDURAL NOTES.

A. Plaintiffs herein have <u>not</u> asserted remediation/relocation expense claims in the MDL.  Their claims were settled in a separate, stand-alone agreement with KNAUF outside the MDL and outside the pilot program.

B. The Settlement Agreement does <u>not</u> expressly state that the attorneys' fees and expenses KNAUF has agreed to pay to undersigned counsel are to be paid from the MDL's resources – i.e., the Global Fee Award.  The Settlement Agreement <u>only</u> states that such fees will be paid pursuant to Section 14 of the class Settlement Agreement in an amount "…. consistent with the amounts paid for similar claims pursuant to MDL 2047".

C. The Plaintiffs' claims for attorneys' fees and expenses asserted herein are <u>not</u> included in the PSC's PTO 28(F) Notice which proposes an allocation of

attorneys' fees to MDL Plaintiffs' counsel.

D. Undersigned Plaintiffs' counsel has not received fees for the remediation and relocation benefits it secured on behalf of these Plaintiffs.

## II.    BACKGROUND AND REQUEST FOR AWARD OF FEES AND EXPENSES.

1.     In 2007 and 2008, the Plaintiffs and their families purchased seven residential homes in a subdivision located in Mobile County, Alabama. The homes were purchased from The Prichard Housing Authority, and were constructed by The Mitchell Company. The purchase dates and the addresses of the homes are as follows:

| PLAINTIFF | PURCHASE DATE | ADDRESS |
|---|---|---|
| Felicia Allbritton | February 29, 2008 | 701 Hinson Avenue Prichard, AL 36610 |
| Gennies Hillery | November 2, 2007 | 802 Marsha S. Ratchford Prichard, AL 36610 |
| Jerome Leland Audra Washington | March 19, 2007 | 828 Marsha S. Ratchford Prichard, AL 36610 |
| Diges Little | July 6, 2007 | 816 Marsha S. Ratchford Prichard, AL 36610 |
| Deborah Porcher | April 25, 2007 | 510 Sgt. Harrison Avenue Mobile, AL 36610 |
| Charles and Jessica Pugh | July 26, 2007 | 822 Marsha S. Ratchford Prichard, AL 36610 |
| Letitia Washington | August 15, 2007 | 827 Marsha S. Ratchford Prichard, AL 36610 |

2.     In the spring of 2009, defective Knauf KPT Chinese Drywall was discovered in all seven of the homes. In the ensuing litigation from which this Petition arises, KNAUF testing confirmed that the homes were constructed almost entirely with the defective drywall manufactured by KNAUF.

3.     The Plaintiffs retained the law firm of Holston Vaughan, LLC (previously Holston, Vaughan, Andress, LLC) in mid-2009 to pursue all remedies available to them.

4.      On June 25, 2009, Holston Vaughan, LLC, filed a lawsuit against The Prichard Housing Authority (seller), The Mitchell Company (builder), Interior Exterior (national supplier), Creola Ace Hardware (local supplier), George's Drywall (installer), and Estes Heating and Air (HVAC contractor) in the Circuit Court of Mobile County, Alabama, bearing Civil Action number CV-2009-901153. This action was filed as a multi-plaintiff action by 29 total Plaintiffs residing in the seven homes in the residential subdivision, and was later consolidated with an action brought by PHA for the other 29 homes it still owned. Mitchell had constructed all 36 homes for PHA pursuant to a federally funded HUD program, but only seven homes (those of the Plaintiffs herein) had been purchased when the defective drywall was discovered.  A filed copy of the First Amended Complaint is attached hereto as **Exhibit "A"**.

5.      Several KNAUF entities were later named as defendants in the lawsuit. Knauf Plasterboard Tiajin (KPT), was the manufacturer of the subject drywall.  Moreover, Defendant INEX brought Knauf Plasterboard Tiajin ("KPT"), the manufacturer, into the lawsuit with a Third Amended Third Party Complaint and KPT answered the pleading on November 3, 2010.  **Exhibit "B"**.  Thus, the Circuit Court of Mobile County had personal jurisdiction over KPT.

6.      The consolidated cases were litigated extensively by the parties in state court, including the taking and defending of more than 15 depositions, preparing, filing and defending various motions – including Motions to Dismiss and for Summary Judgment, extensive discovery and document production, numerous discovery motions, multiple home inspections, three separate mediations, expert consultations, and a

3

complicated pleading practice.  A copy of the 25 page Mobile County Docket Sheet is attached hereto as **Exhibit "C".**

7.      In the fall of 2009, the Mobile County Circuit Court ordered the first mediation of this action. It was conducted on March 11, 2010, but was unsuccessful. [1]

8.      Steve Usdin with the New Orleans law firm of Barrasso, Usdin, - MDL counsel for the Mitchell Company, arranged a second mediation with all of the Mobile County parties, and arranged for KPT to attend as well.  This mediation was held on October 18, 2010, in New Orleans and counsel for the Plaintiffs prepared for and attended the mediation. Again, the case was not settled.

9.      In the late Spring of 2011, the parties agreed to under-take a third mediation. Prior to this mediation, counsel for the Plaintiffs travelled again to New Orleans to obtain leave from this Court to proceed with the mediation in light of the stay entered pursuant to the proposed INEX settlement. Leave was obtained, and the mediation was conducted on October 12, 2011.

10.      In the months following the third mediation, the case was settled. KNAUF's attorneys executed a settlement memorandum on or about January 4, 2012. A copy of excerpts of the settlement memorandum is attached hereto as **Exhibit "D"**. It took more than six months and a Motion to Compel to finalize a written Confidential Settlement Agreement, but same was eventually finalized and executed by all parties by late August, 2012. Knauf agreed, as part of the settlement, to remediate the Plaintiffs' homes and pay them temporary relocation expenses.

---

[1] A partial, *pro tanto* settlement was reached with the installer, Defendant George's Drywall.  It took more than eight (8) months to finalized this settlement, giving the Plaintiffs' herein some small, interim relief.

11.     KNAUF also agreed as part of the settlement to pay Holston Vaughan, LLC the attorneys' fees and litigation expenses incurred in the prosecution of these claims.  A copy of excerpts from the executed Confidential Settlement Agreement is attached as **Exhibit "E"**.[2]   Holston Vaughan, LLC has not received fees for the value it obtained for its clients in the form of the remediation expenses and the relocation expenses. The private agreement between the Plaintiffs and KNAUF was reached outside any class action settlement.  It was also reached outside the "Pilot Program" and outside the MDL's consolidated proceedings.

12.     The attorneys for the Plaintiffs entered into a private contingency fee agreement with each of the Plaintiffs for forty percent (40%) of any recovery, in addition to payment of expenses.  Copies of the Contingency Fee Contracts are attached hereto collectively as **Exhibits "F-1" through "F-7"**.

13.     Recently, the PSC in the MDL has submitted to this Court its Motion to Determine the Allocation of the Global Fee Award, document No. 20290-3.  Concurrent with this filing, undersigned counsel received the Chinese Drywall PTO 28(F) Notice.[3] Pursuant to the attachment to the PTO 28(F) Notice, the total remediation expenses ($658,713,629.62) in the MDL are compared to the global attorneys' fee deposit available for distribution ($192,981,363.35).  This comparison yields a total attorneys fee percentage of 29.30%.  In keeping with the express terms of the separate, stand-alone settlement agreement at issue in this petition, KNAUF is obligated to pay

---

[2]   Excerpts of the Confidential Settlement Agreement and Pro Tanto Release – specifically pages 1, 3 and 4 - are attached as these pages contain the provisions dealing with KNAUF's obligations to pay Holston Vaughan, LLC attorneys' fees and litigation costs.  The Agreement is styled a Pro Tanto Release because of a then unknown contingency which has now been resolved, thus making the settlement a final release by its contingent terms.
[3] Undersigned counsel received this notice because they are counsel of record for two other homes remediated through the MDL.  This motion is not related to these other homes.

undersigned counsel attorney's fees in an amount "consistent with the amounts paid for similar claims pursuant to MDL 2047", or 29.30%.

14.     Specifically, the Confidential Settlement Agreement between the Plaintiffs and KNAUF states: ***"… KNAUF agrees to compensate Plaintiffs' counsel pursuant to Section 14 of the [Class Settlement Agreement]…consistent with the amounts paid for similar claims pursuant to MDL 2047."***, and further states ***"Plaintiffs shall not move the Court for payment of attorneys' fees and costs until at least thirty (30) days after remediation pursuant to Paragraph 1.3 is complete."*** *(See* Exhibit "E")

15.     Remediation of the last of the seven Plaintiffs homes was finalized on November 27, 2012.  Therefore, more than thirty (30) days – in fact now more than three and one half years -- has expired following the completion of the remediation.  The certificates of occupancy are attached hereto as **Exhibits "G-1" through "G-7"**.

16.     The remediation costs for the seven homes are as follows:

| | |
|---|---|
| Felecia Allbritton – 701 Hinson Ave…….…………………………… | $ 77,356.86 |
| Gennies Hillery – 802 Marsha Ratchford……………………….…. | $ 87,847.31 |
| Jerome Leland/Audra Washington – 828 Marsha Ratchford…….. | $ 87,847.32 |
| Diges Little – 816 Marsha Ratchford ………………………………. | $ 83,958.65 |
| Deborah Porcher – 510 Sgt. Harrison Brown……………………… | $ 83,958.65 |
| Charles & Jessica Pugh – 822 Marsha Ratchford ………………. | $ 77,356.86 |
| Letitia Washington – 827 Marsha Ratchford ………………………. | $  83,958.65 |
| TOTAL: …………………….………………………………..…… | **$582,284.30** |

A Remediation Work Agreement – Final Draw - statement from the contractor that performed the remediation work is attached as **Exhibit "H"** verifying the costs of remediating the seven (7) homes.  Plaintiffs are entitled to and hereby request

an award of fees of 29.30% of these remediation costs of $582,284.30, or fees of

**$170,609.30**.

17.     Relocation expenses based upon a calculation of $8.50 per square foot

were paid by KNAUF to the Plaintiffs as follows:

Felecia Allbritton……………………………..…………….. $ 12,852.00
Gennies Hillery………………………………………….……. $ 15,929.00
Jerome Leland/Audra Washington……………..…………… $ 15,929.00
Diges Little………………………………………….………… $ 14,611.50
Deborah Porcher…………………………………….………… $ 14,611.50
Charles and Jessica Pugh…………………..…………….… $ 12,852.00
Letitia Washington…………………………………….……... $  14,611.50

TOTAL: ……………………………………………...……… **$101,396.50**

Plaintiffs are entitled to and hereby request fees of 29.30% on these

KNAUF paid relocation costs of $101,396.50, or fees of **$29,709.17**.   Copies of the

relocation expenses checks from KNAUF's attorneys to the Plaintiffs are attached as

**Exhibits "I-1" through "I-7"**.

18.     Holston Vaughan, LLC was – at the time - a small, four person law firm

and its attorneys have collectively spent a substantial number of hours pursuing this

case.     Further, Holston Vaughan, LLC incurred expenses of **$29,723.34**, which

represents a substantial investment for this small law firm.   The affidavit of Richard H.

Holston with attached, itemized excerpts from the client reconciliations setting forth the

expenses are attached hereto as **Exhibit "J".**

19.     In conclusion, Plaintiffs hereby move this Court for an award of attorneys

fees and costs in the **total amount of $230,041.81** (itemized below), to be paid to the

law firm of Holston Vaughan, LLC, as attorneys for the Plaintiffs.

Fees for Remediation expenses ($582,284.30 x .2930) ……  $170,609.30

7

Fees for Relocation expenses ($101,346.50 x .2930)………. $ 29,709.17

Litigation expenses ……………………………………… $  29,723.34

**TOTAL: …………………………………………………….. $230,041.81**

### III.      OPPOSITION TO THE FEE ALLOCATION

20.      Alternatively, if the Court should determine that Holston Vaughan's stand-alone fee agreement with Knauf is unenforceable or invalid, there is only one source from which Holston Vaughan can be compensated for its time and efforts on behalf of the Plaintiffs herein: the MDL's Global Fee Award.   If the Court makes such a determination, Holston Vaughan's primary opposition to the Fee Allocation Motion is that Holston Vaughan has been _excluded_ from the group of firms receiving private-attorney fees.   Thus, as matters now stand, Holston Vaughan will be paid nothing for its successful representation of the Plaintiffs if the Court finds the stand-alone fee agreement unenforceable or invalid.   That result would be fundamentally inequitable.

21.      The recovered value of the Plaintiffs' claims against Knauf should be added to the BrownGreer listing of claimants' actual recovery amounts, so Holston Vaughan can be paid a reasonable attorneys' fee out of the fee monies allocated in the PSC's settlement with Knauf.   If the Plaintiffs' claims against Knauf are not included in the BrownGreer listing, Holston Vaughan will not receive a private-attorneys' fee.   If Plaintiffs' claims are added to the listing, Holston Vaughan opposes the 59.37% common-benefit apportionment in the Fee Allocation Motion for the reasons set out below.

22.      These outside Plaintiffs stand in a unique position when compared to most, if not all, of the other plaintiffs in the MDL class-action settlement, because

undersigned counsel spent considerable time and expense litigating this case independent of the MDL or the PSC.   These Plaintiffs never joined the MDL for purposes of these remediation benefits.   Arguably, the only contribution by the PSC torward this state court case was their attendance at the failed October 2010 mediation for a few hours.   The PSC did not attend or participate in the third and final mediation which ultimately resulted in this settlement, and did not participate in the settlement negotiations in any way.

23.    Plaintiffs do not dispute the quantity and quality of work that common-benefit/class counsel have performed, that their work benefited most, if not all, of the private attorneys, and that they are entitled to a reasonable fee.   Nonetheless, the Fee Committee's ("FC") sweeping statements in its memorandum advocating 59.37% of *all* fees do not apply to these Plaintiffs.   For example, the FC recites numerous litigation activities that common-benefit/class counsel engaged in.    (Doc. 20290-4, FC's Memorandum, pp. 58-59).   The FC then states:

> The FC respectfully submits that the overwhelming majority
> of these necessary services were carried out and performed
> on behalf of *all* plaintiffs by common benefit/class counsel in
> this case.   (*Id.,* p. 60)(emphasis added).

24.    This representation is simply not correct with regard to this state court case.   These litigation activities were performed by undersigned counsel.   One matter that warrants particular mention is the FC's apparent insistence that the PSC brought Knauf to court.   This may be true for the other private attorneys in the MDL that filed MDL claims and have been awaiting resolution, but it is inaccurate with respect to this case.   Knauf was made a party defendant in the consolidated state-court cases, such that the state court acquired personal jurisdiction over Knauf independent of any actions

by the PSC.

25.     In the final analysis, Holston Vaughan should be awarded a quantum meruit fee from the fees allocated in the PSC's settlement with KNAUF.  In *Peebles v. Miley,* 439 So. 2d 137 (Ala.1983), the Alabama Supreme Court set forth the factors to be considered in making the determination of a fee under the doctrine of quantum meruit.  Quantum meruit only applies where no express contract exists, and is a request for equitable relief based on the principle "that if one knowingly accepts services rendered by another, and the benefit and result thereof, the law implies a promise on the part of the one who so accepts with knowledge, to pay the reasonable value of such services rendered." *Carroll v. LJC Defense Contracting, Inc.,* 24 So.3d 438, 458-59 (Ala.Civ.App.2009)(quotation marks omitted).  Louisiana law, which governs the PSC's settlement with Knauf (Doc. 12061-5, p. 72, §18.10), is identical.   *Sam Staub Enterprises, Inc. v. Chapital,* 88 So.3d 690, 696 (La.App.4th Cir.2012).  The PSC would be unjustly enriched if it were allowed to absorb the services Holston Vaughan rendered for these Plaintiffs, and Holston Vaughan's corresponding fee, without reasonably compensating Holston Vaughan.

## IV.    PRAYER FOR RELIEF

WHEREFORE, the above premises considered, the Plaintiffs and their attorneys respectfully move the Court to approve this Petition and award attorneys' fees and litigation expenses in the amount of **$230,041.81**, or alternately to set a hearing date to hear the arguments and positions of the parties, and thereafter enter an Order for the award of attorney fees consistent with the foregoing.   Plaintiffs further request any additional or further relief deemed appropriate by the Court.

Respectfully Submitted,

 /s/ Richard H. Holston
**RICHARD H. HOLSTON (HOLSR5536 )**
Electronic Mail: rhh@holstonvaughan.com
**GREGORY E. VAUGHAN (VAUGG6227)**
Electronic Mail: gev@holstonvaughan.com

**HOLSTON VAUGHAN, LLC**
Post Office Box 195
Mobile, Alabama 36601
Telephone: (251) 432-8883
Facsimile: (251) 432-8884
**ATTORNEYS FOR THE PLAINTIFFS**

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that the forgoing pleading, together with attachments/Exhibits, has been filed electronically with the Clerk for the United States District Court for the Eastern District of Louisiana, and thereby served upon all parties in MDL No. 2047.

Done this 28th day of June, 2016.

 /s/  Richard H. Holston
**RICHARD H. HOLSTON**

11