ELECTRONICALLY FILED
11/3/2010 5:19 PM
CV-2009-901153.00
CIRCUIT COURT OF
MOBILE COUNTY, ALABAMA
JOJO SCHWARZAUER, CLERK

### IN THE CIRCUIT COURT OF MOBILE COUNTY, ALABAMA

| | | |
|---|---|---|
| DIGES E. LITTLE, et al., | * | |
| | * | |
| Plaintiffs, | * | |
| | * | |
| v. | * | Civil Action No.: CV-2009-901153 |
| | * | |
| THE MITCHELL COMPANY, INC., et al., | * | |
| | * | |
| Defendants. | * | |

| | | |
|---|---|---|
| INTERIOR & EXTERIOR BUILDING | * | |
| SUPPLY, INC. | * | |
| | * | |
| Third-Party Plaintiff, | * | |
| | * | Consolidated with CV-09-901118-MAY |
| v. | * | |
| | * | |
| KNAUF INSULATION GmbH a/k/a | * | |
| KNAUF USA, KNAUF GIPS KG, | * | |
| KNAUF INTERNATIONAL GmbH, | * | |
| KNAUF PLASTERBOARD (TIANJIN) | * | |
| CO., LTD., et al., | * | |
| | * | |
| Third-Party Defendants. | * | |

### KNAUF PLASTERBOARD (TIANJIN) CO.'S RESPONSE TO INTERIOR/EXTERIOR BUILDING SUPPLY'S THIRD AMENDED THIRD-PARTY COMPLAINT

Defendant, Knauf Plasterboard (Tianjin) Co. ("KPT"), through undersigned counsel,

responds as hereinafter set forth to Interior & Exterior Building Supply's ("INEX") Third

Amended Third-Party Complaint filed against it in the above-referenced action.

### FIRST DEFENSE

In response to the specific averments of INEX's Third Amended Third-Party Complaint,

KPT answers as follows:

### EXHIBIT
### B

1.     KPT admits Knauf Insulation, which is a German company, operates a facility in Indiana at the address identified by the allegations of this paragraph of INEX's Third Amended Third-Party Complaint but denies that Knauf Insulation is "domiciled" in Indiana. KPT admits that Knauf Gips KG is a German limited partnership but denies all remaining allegations of this paragraph of INEX's Third Amended Third-Party Complaint pertaining to Knauf Gips. KPT admits that Knauf International is a German company but denies all remaining allegations of this paragraph of INEX's Third Amended Third-Party Complaint pertaining to Knauf International. KPT admits that it is a Chinese company and KPT admits that it has agreed to accept service of process exclusively for INEX's third-party complaints against it through Kerry Miller. KPT denies all remaining allegations of this paragraph of INEX's Third Amended Third-Party Complaint pertaining to KPT. KPT additionally denies all remaining allegations of this paragraph of INEX's Third Amended Third-Party Complaint not expressly admitted by the foregoing sentences of this response to paragraph 1 of INEX's Third Amended Third-Party Complaint.

2.     KPT denies the averments of this paragraph of INEX's Third Amended Third-Party Complaint related to fictitious parties J, K, and L. KPT lacks knowledge or information sufficient to form a belief as to the remaining averments of this paragraph of INEX's Third Amended Third-Party Complaint and therefore denies the same and demands strict proof thereof.

3.     KPT admits that Plaintiffs' in this case make the contentions described in this paragraph of INEX's Third Amended Third-Party Complaint. However, KPT lacks knowledge or information sufficient for forming a belief about the truth of such contentions and therefore denies the same and demands strict proof thereof.

4.     KPT admits that Plaintiffs' in this case make the contentions described in this paragraph of INEX's Third Amended Third-Party Complaint. However, KPT lacks knowledge or information sufficient for forming a belief about the truth of such contentions and therefore denies the same and demands strict proof thereof.

5.     KPT admits that Plaintiffs' in this case make the contentions described in this paragraph of INEX's Third Amended Third-Party Complaint. However, KPT lacks knowledge or information sufficient for forming a belief about the truth of such contentions and therefore denies the same and demands strict proof thereof.

6.     Denied.

7.     Denied.

8.     Denied.

9.     Denied.

10.     KPT can neither admit nor deny INEX's averments regarding INEX's purchase of drywall manufactured in China as set forth in this paragraph of INEX's Third Amended Third-Party Complaint. KPT denies all other allegations of this paragraph of INEX's Third Amended Third-Party Complaint.

11.     Denied.

12.     Denied.

13.     Denied.

14.     Denied.

15.     Denied.

16.     Denied.

17.     Denied.

3

18. Denied.

19. Denied.

20. Denied.

21. Denied.

22. KPT disputes the applicability of the legal principle quoted by this paragraph of INEX's Third Amended Third-Party Complaint to validate or support the claims against it set out in INEX's Third Amended Third-Party Complaint.

<u>**Count I – Breach of Contract**</u>

23. KPT adopts and incorporates, as if fully set forth herein, its responses set out above to the preceding paragraphs of INEX's Third Amended Third-Party Complaint, as its response to this paragraph of INEX's Third Amended Third-Party Complaint.

24. KPT denies the averments of this paragraph of INEX's Third Amended Third-Party Complaint insofar as those averments are directed at or intended to relate to KPT. KPT lacks knowledge or information sufficient to form a belief as to the truth of the averments of this paragraph insofar as those averments are directed at any other party and it therefore denies the same and demands strict proof thereof.

25. KPT denies the averments of this paragraph of INEX's Third Amended Third-Party Complaint insofar as those averments are directed at or intended to relate to KPT. KPT lacks knowledge or information sufficient to form a belief as to the truth of the averments of this paragraph insofar as those averments are directed at any other party and it therefore denies the same and demands strict proof thereof.

26. KPT denies any failure on its part, or any duty on its part, as alleged or implied by this paragraph of INEX's Third Amended Third-Party Complaint. KPT further denies all other allegations of this paragraph of INEX's Third Amended Third-Party Complaint. KPT denies that

4

INEX is entitled to the recovery sought by this paragraph of INEX's Third Amended Third-Party Complaint or to any other relief or recovery from KPT.

27.     KPT denies that INEX is entitled to the recovery sought by this paragraph of INEX's Third Amended Third-Party Complaint or to any other relief or recovery from KPT.

28.     KPT denies that INEX is entitled to the recovery sought by this paragraph of INEX's Third Amended Third-Party Complaint or to any other relief or recovery from KPT.

KPT denies that INEX is entitled to any relief or recovery from it under Count I of INEX's Third Amended Third-Party Complaint.

## Count II – Breach of Express and Implied Warranty

29.     KPT adopts and incorporates, as if fully set forth herein, its responses set out above to the preceding paragraphs of INEX's Third Amended Third-Party Complaint, as its response to this paragraph of INEX's Third Amended Third-Party Complaint.

30.     KPT denies the averments of this paragraph of INEX's Third Amended Third-Party Complaint insofar as those averments are directed at or intended to relate to KPT.  KPT lacks knowledge or information sufficient to form a belief as to the truth of the averments of this paragraph insofar as those averments are directed at any other party and it therefore denies the same and demands strict proof thereof.

31.     Denied

32.     KPT denies that INEX is entitled to the recovery sought by this paragraph of INEX's Third Amended Third-Party Complaint or to any other relief or recovery from KPT.

33.     KPT denies that INEX is entitled to the recovery sought by this paragraph of INEX's Third Amended Third-Party Complaint or to any other relief or recovery from KPT.

KPT denies that INEX is entitled to any relief or recovery from it under Count II of INEX's Third Amended Third-Party Complaint.

### Count III - Negligence

34.     KPT adopts and incorporates, as if fully set forth herein, its responses set out above to the preceding paragraphs of INEX's Third Amended Third-Party Complaint, as its response to this paragraph of INEX's Third Amended Third-Party Complaint.

35.     Denied.

36.     Denied.

37.     Denied.

38.     KPT denies that INEX is entitled to the recovery sought by this paragraph of INEX's Third Amended Third-Party Complaint or to any other relief or recovery from KPT.

39.     KPT denies that INEX is entitled to the recovery sought by this paragraph of INEX's Third Amended Third-Party Complaint or to any other relief or recovery from KPT.

KPT denies that INEX is entitled to any relief or recovery from it under Count III of INEX's Third Amended Third-Party Complaint.

### Count IV – Common Law Contribution and/or Indemnity

40.     KPT adopts and incorporates, as if fully set forth herein, its responses set out above to the preceding paragraphs of INEX's Third Amended Third-Party Complaint, as its response to this paragraph of INEX's Third Amended Third-Party Complaint.

41.     Denied.

42.     Denied.

43.     Denied.

44.     Denied.

45.   Denied.

KPT denies that INEX is entitled to any relief or recovery from it under Count IV of INEX's Third Amended Third-Party Complaint.

**Count V – Breach of Contract and/or Express and Implied Warranty (Fictitious Parties)**

46.-51. Inasmuch as these paragraphs of INEX's Third Amended Third-Party Complaint are not directed against or to KPT, no response by KPT thereto is required or appropriate.

**Count VI – Negligence (Fictitious Parties)**

52.-53. Inasmuch as these paragraphs of INEX's Third Amended Third-Party Complaint are not directed against or to KPT, no response by KPT thereto is required or appropriate.

**SECOND DEFENSE**

INEX's Third Amended Third-Party Complaint, and each claim asserted therein, fails to state any claim upon which relief can be granted against KPT including, but not being limited to, based upon the authority of *Keck v. Dryvit Systems, Inc.*, 830 So.2d 1 (Ala. 2002).

**THIRD DEFENSE**

Counts I, II and III of INEX's Third Amended Third-Party Complaint, even though characterized otherwise, are, in fact, based upon the legal doctrines of contribution and indemnity and fail to satisfy the requirements of such doctrines or, alternatively, are subject to one or more of the limitations and defenses applicable to such doctrines.

**FOURTH DEFENSE**

INEX's claims, as set out in its Third Amended Third-Party Complaint, are precluded by INEX's own active and actionable conduct including by INEX's affirmative and/or implied misrepresentations about the drywall which is the basis of its claims against KPT.

7

## FIFTH DEFENSE

INEX had no contract with KPT.

## SIXTH DEFENSE

INEX lacked privity, contractual or otherwise, with KPT.

## SEVENTH DEFENSE

INEX's claims asserted against KPT in this case are required to be arbitrated.

## EIGHTH DEFENSE

This Court lacks personal jurisdiction over KPT.  Additionally, even if jurisdiction did properly exist, which is denied, the venue of this action is inappropriate.

## NINTH DEFENSE

KPT owed no duty to INEX.

## TENTH DEFENSE

KPT breached no duty owed to INEX.

## ELEVENTH DEFENSE

KPT made no representations, expressly or by implication, related to any drywall acquired by INEX.  KPT gave no warranty, expressly or impliedly, related to any drywall acquired by INEX.

## TWELFTH DEFENSE

The "damages" for which recovery is sought by INEX's Third Amended Third-Party Complaint were caused or contributed to by INEX and, thus, INEX is not entitled to recover such "damages" from KPT.

### THIRTEENTH DEFENSE

The "damages" for which recovery is sought by INEX's Third Amended Third-Party Complaint were not proximately caused by any acts or omissions on the part of KPT and, thus, INEX is not entitled to recover such "damages" from KPT.

### FOURTEENTH DEFENSE

The "damages" for which recovery is sought by INEX's Third Amended Third-Party Complaint are the result of acts and/or omissions by persons and/or entities other than KPT for which KPT is not responsible. Thus, INEX is not entitled to recover such "damages" from KPT.

### FIFTEENTH DEFENSE

Some or all of the "damages" allegedly incurred by INEX, and for which INEX seeks recovery by its Third Amended Third-Party Complaint, were caused by superseding or intervening causes for which KPT is not responsible.

### SIXTEENTH DEFENSE

INEX is not entitled to recover attorneys' fees, as asserted by its Third Amended Third-Party Complaint, and INEX's claim for attorneys' fees is therefore due to be dismissed.

### SEVENTEENTH DEFENSE

INEX may be barred from recovering the damages it seeks from KPT by the collateral source doctrine.

### EIGHTEENTH DEFENSE

In addition to denying that INEX is entitled to any recovery from KPT based upon or related to any express or implied warranty claim, if INEX could assert any warranty claim, which is disputed, such claim would be barred due to INEX's failure to give timely notice of such claim.

### NINTEENTH DEFENSE

If INEX has or will suffer the "damages" for which its Third Amended Third-Party Complaint seeks recovery from KPT, the amount of, and/or INEX's entitlement to, and/or KPT's responsibility for such damages is too speculative to permit any recovery by INEX or award against KPT.

### TWENTIETH DEFENSE

KPT asserts and claims the benefit of each and every defense plead by INEX in response to Plaintiffs' claims against INEX, as a bar to INEX's claims against KPT, and without regard to whether INEX ultimately prevails on any defense it asserts in response to Plaintiffs' claims against it.

### TWENTY-FIRST DEFENSE

INEX has failed to comply with the terms and conditions of warranties, if there are any, applicable to the products on which its claims are based.

### TWENTY-SECOND DEFENSE

INEX's claims against KPT are barred by the economic loss doctrine.

### TWENTY-THIRD DEFENSE

If any valid AEMLD claim or AEMLD indemnity claim can be asserted against it, KPT is entitled to and asserts all defenses provided by the Alabama Extended Manufacturers Liability Doctrine and by all case law addressing AEMLD claims or AEMLD indemnity claims.

### TWENTY-FOURTH DEFENSE

KPT asserts that when the drywall which is the basis of INEX's claims against it was incorporated into the residences of the Plaintiffs in this lawsuit, such drywall was no longer a

"product" as defined by Alabama law such that INEX has no viable claim against KPT based upon any legal theory applicable to the sale of a "defective product."

## TWENTY-FIFTH DEFENSE

KPT was not negligent.

## TWENTY-SIXTH DEFENSE

INEX was contributorily negligent, barring its negligence claim.

## TWENTY-SEVENTH DEFENSE

INEX's claimed losses did not proximately result from any failure by KPT to use appropriate care.

## TWENTY-EIGHTH DEFENSE

KPT did not act with conscious disregard of any known risk of harm to INEX.

## TWENTY-NINTH DEFENSE

INEX lacks the requisite standing for pursuing any claim against KPT.

## THIRTIETH DEFENSE

INEX's Third Amended Third-Party Complaint, and each cause of action contained therein, is barred by the applicable statutes of limitations and/or by laches and/or by the rule of repose.

## THIRTY-FIRST DEFENSE

INEX failed to mitigate its claimed damages.

## THIRTY-SECOND DEFENSE

INEX failed to satisfy conditions precedent to recovery under the claims it asserts against KPT.

## THIRTY-THIRD DEFENSE

KPT denies that it is or ever was, at any time relevant to the events which are the subject of this lawsuit, an agent, servant, or principal of any other entity which engaged in or is alleged to have engaged in the activities described in either Plaintiffs' Complaint, Capstone Partners' Second Amended Third Amended Third-Party Complaint or in INEX's Third Amended Third-Party Complaint, and it further denies that it occupied a position of dominance or control over any such entity at any time relevant to the events which are the subject of this lawsuit. KPT also denies that any such other entity is or was its agent, principal, or servant and further denies that any other such entity occupied a position of control or dominance over KPT at any time relevant to the events which are the subject of this lawsuit.

## THIRTY-FOURTH DEFENSE

To the extent it was involved in any way with the events and/or circumstances on which Plaintiffs' claims, Capstone Partners' claims or INEX's Third Amended Third-Party claims in this case are based, KPT's role and/or acts were merely passive such that no recovery can be had against it in favor of INEX or any other defendant.

## THIRTY-FIFTH DEFENSE

Any award of punitive damages in favor of Plaintiffs or Capstone Partners against INEX in this case would necessarily be based upon a finding of conduct on INEX's part which would bar INEX's recovery against KPT under the doctrine of contribution and indemnity. Accordingly, to the extent the recovery sought by INEX's Third Amended Third-Party claims against KPT in this case purport to seek indemnity and/or contribution for punitive damages initially assessed against INEX, any such recovery is precluded as a matter of law.

### THIRTY-SIXTH DEFENSE

INEX cannot recover punitive damages for negligence.

### THIRTY-SEVENTH DEFENSE

KPT denies that it has been guilty of any conduct that would support an award of punitive damages against it.

### THIRTY-EIGHTH DEFENSE

Any award of punitive damages in this case would be in violation of the constitutional safeguards provided to KPT under the Constitution of Alabama.

### THIRTY-NINTH DEFENSE

Any award of punitive damages in this case would be in violation of the constitutional safeguards provided to KPT under the Constitution of the United States.

### FORTIETH DEFENSE

The punitive damages sought are in excess of comparable maximums established for criminal fines by the Alabama Legislature in §§ 13A-5-11 and 13(A)-5-12, Code of Alabama (1975), jointly and separately.

### FORTY-FIRST DEFENSE

Each claim for punitive damages, on its face and/or as applied in this case, is in violation of the Fifth Amendment of the Constitution of the United States; of the right to counsel provided by the Sixth Amendment of the Constitution of the United States; of the right to trial by jury of the Seventh Amendment of the Constitution of the United States; of the proportionality principles contained in the Eighth Amendment of the Constitution of the United States; the Due Process Clause of the Fourteenth Amendment of the Constitution of the United States; and Article I, §§ 1, 6, 9, 11, 13, 15, and 35 of the Constitution of Alabama, and is improper under the

common law and public policies of the State of Alabama and under applicable court rules and statutes for the following reasons, jointly and separately:

1.     The standards provided by Alabama law for the imposition of punitive damages are insufficiently specific, and therefore, KPT has not been put on notice and given the opportunity to anticipate punitive liability and/or the potential size of an award and to modify or conform their conduct accordingly;

2.     The procedures to be followed permit an award of punitive damages upon the satisfaction of a burden of persuasion (standard of proof) less than that applicable to the imposition of criminal sanctions for equal culpability;

3.     The procedures to be followed permit the award of multiple punitive damages for the same act or omission;

4.     There are insufficient provisions or standards for clear and consistent appellate review of any award of punitive damages under present Alabama law;

5.     The standards of conduct upon which punitive damages are sought are vague and ambiguous;

6.     The procedures used by Alabama courts and the guidelines given to the jurors, jointly and separately, are vague and ambiguous;

7.     The procedures used by Alabama courts and guidelines given to jurors, jointly and separately, are vague and ambiguous and, thus, impermissibly allow jurors broad, unlimited, and undefined power to make determinations based on their notions of what the law should be instead of what it is;

14

8.      The procedures under which punitive damages are awarded and instructions used in Alabama courts, jointly and separately, are vague and ambiguous and, thus, fail to eliminate the effects of, and to guard against, impermissible juror passion;

9.      Present Alabama law does not provide for sufficiently objective and specific standards to be used by the jury in its deliberations on whether to award punitive damages and, if so, on the amount to be awarded;

10.     Present Alabama law does not provide a meaningful opportunity for challenging the rational basis for, and any excessiveness of, any award of punitive damages;

11.     Present Alabama law does not provide for adequate and independent review by the trial court and the appellate court of the imposition of punitive damages by a jury or of the amount of any punitive damages awarded by a jury;

12.     The present Alabama procedures fail to provide a constitutional and reasonable limit on the amount of any punitive award against a defendant;

13.     The present Alabama procedures permit the imposition of joint and several judgments against multiple co-defendants for different acts or degrees of wrongdoing or culpability;

14.     An award of punitive damages provides compensation for elements of damage not otherwise recognized by Alabama law.

15.     Present Alabama procedures permit awards of punitive damages that constitute excessive fines.

16.     An award of punitive damages in this case would permit punishment other than by virtue of a law established and promulgated prior to the alleged offense in this case.

15

17.     The present Alabama procedures fail to require any rational, objective or logical relationship between either the award of or the amount of punitive damages awarded and the alleged conduct of the defendant or the compensatory damages awarded to a plaintiff, if any.

## FORTY-SECOND DEFENSE

The imposition of punitive damages would deprive KPT of the right to equal protection under the laws provided in the Fifth and Fourteenth Amendments of the Constitution of the United States and in Article I, §§ 1 and 6, of the Constitution of Alabama of 1901 for the following reasons, jointly and separately:

1.     Punitive damages are sought in excess of the respective maximums established by the Alabama Legislature in §§ 13A-5-11 and 13A-5-12, Code of Alabama (1975), jointly and separately, whereas those charged under the Criminal Code for similar or identical culpability have the benefit of the cited code provisions;

2.     The procedures to be followed permit the awarding of punitive damages upon the satisfaction of a burden of persuasion (standard of proof) less than the applicable standard in criminal cases for criminal sanctions involving similar or identical levels of culpability;

3.     The absence of sufficiently specific and objective standards for the imposition of punitive damages fails to insure the equality of treatment between and among similarly situated civil defendants;

4.     Punitive damages are penal in nature, and a defendant, without procedural protections, is compelled to disclose documents and/or other evidence without constitutional safeguards against self-incrimination whereas persons charged under criminal provisions for acts or omissions of similar culpability are protected from being compelled to disclose documents and/or other evidence by constitutional procedures and safeguards available in criminal cases.

16

### FORTY-THIRD DEFENSE

The punitive damages sought are in excess of comparable maximums established for criminal fines by the Alabama Legislature in §§ 13A-5-11 and 13A-5-12, <u>Code of Alabama</u> (1975), jointly and separately.

### FORTY-FOURTH DEFENSE

The assessment and adjudication against KPT of any punitive damages other than those measured according to KPT's sole, individual conduct would be improper and impermissible.

### FORTY-FIFTH DEFENSE

The imposition of punitive damages in this case is unconstitutional under the due process clause of the Fourteenth Amendment of the <u>Constitution of the United States</u> for the following reasons, jointly and severally:

1.      The punitive damages sought in this case are vastly disproportionate to the actual damages allegedly sustained by INEX;

2.      The imposition of punitive damages in this case constitutes an arbitrary and capricious taking of KPT's property with no rationally stated purpose; and

3.      Allowing a jury to award punitive damages with unfettered discretion is inconsistent with due process.

### FORTY-SIXTH DEFENSE

The imposition of punitive damages in this case is unconstitutional under the Fifth and Fourteenth Amendments of the <u>Constitution of the United States</u> and Article I, §§ 5 and 6 of the <u>Constitution of Alabama</u> because punitive damages are penal in nature, and KPT is compelled to disclose documents and/or other evidence without constitutional safeguards against self-incrimination.

## FORTY-SEVENTH DEFENSE

Present Alabama punitive damages procedures allow the jury to punish KPT for conduct occurring outside of the state constituting unlawful state regulation of Interstate Commerce and violation of the Interstate Commerce Clause of the <u>Constitution of the United States</u>.

## FORTY-EIGHTH DEFENSE

Any claim by INEX for an award or recovery of punitive damages against KPT is barred to the extent INEX seeks the admission into evidence of KPT's financial worth in determining the amount of punitive damages to be awarded because punitive damages are a form of punishment grounded in KPT's status rather than specific misconduct and, thus, have the effect of treating classes of citizens unequally in violation of the equal protection clause of the Fifth and Fourteenth Amendments of the <u>Constitution of the United States</u> and Article I, §§ 1, 6, 13 and 22 of the <u>Constitution of Alabama</u>.

## FORTY-NINTH DEFENSE

The imposition of punitive damages in this case is unconstitutional under the due process clause of the Fourteenth Amendment of the <u>Constitution of the United States</u> because the standards for such damages are vague and ambiguous and are not rationally related to any legitimate government interest.

## FIFTIETH DEFENSE

The imposition of punitive damages in this case is an unconstitutional deprivation of property without the due process of law guaranteed by the Fifth and Fourteenth Amendments of the <u>Constitution of the United States</u> and Article 1, § 6 of the <u>Constitution of Alabama</u>.

### FIFTY-FIRST DEFENSE

Any award of punitive damages to INEX in this case would be in violation of Article 1, §

10, Clause 1 of the <u>Constitution of the United States</u> and Article 1, § 22 of the <u>Constitution of</u>

<u>Alabama</u> prohibiting laws which impair the obligation of contracts.

### FIFTY-SECOND DEFENSE

The imposition of punitive damages in this case violates the double jeopardy clause of the

Fifth Amendment of the <u>Constitution of the United States</u> as incorporated into the Fourteenth

Amendment of the <u>Constitution of the United States</u>.

### FIFTY-THIRD DEFENSE

Any award of punitive damages cannot exceed the maximum award allowed pursuant to

Alabama Code 6-11-21.

### FIFTY-FOURTH DEFENSE

INEX cannot recover for mental pain and suffering, emotional distress, or similar

damages, if any, in that there is not fixed, objective and/or clear and consistent standard under

Alabama law for ascertaining the amount thereof, such that any award of said damages against

KPT would violate the Fifth and Fourteenth Amendments to the <u>United States Constitution</u> and

Article I, § VI of the <u>Alabama Constitution</u>, which prohibit deprivation of life, liberty, or

property, except by due process.

### FIFTY-FIFTH DEFENSE

If it is proven at trial that KPT had any type or form of legal responsibility, in any degree,

for the product(s), good(s), or material(s) at issue, then INEX's claims against KPT are

precluded if such product(s), good(s) or material(s) were manufactured, distributed, supplied

19

and/or sold in conformity with the standards of the industry in the market in which such good(s), product(s) or material(s) was (were) produced.

### FIFTY-SIXTH DEFENSE

KPT reserves the right to amend its Answer, and to assert additional and/or different defenses in response to the claims asserted against it in this case, up until such time as all discovery has been completed.

/s/ Douglas L. McCoy
DOUGLAS L. McCOY        (MCC035)
E. LUCKETT ROBINSON, II (ROB097)
WESLEY J. HUNTER    (HUN044)

Attorneys for Defendant Knauf Plasterboard
(Tianjin) Co.

OF COUNSEL:
HAND ARENDALL LLC
Post Office Box 123
Mobile, AL 36601
(251) 694-6255
Fax: (251) 544-1622
E-Mail: dmccoy@handarendall.com
E-Mail: lrobinson@handarendall.com
E-Mail: whunter@handarendall.com

### CERTIFICATE OF SERVICE

This is to certify that I have on November 3, 2010, electronically filed the foregoing pleading with the Clerk of Court using the AlaFile system, which will send notification of such filing to the all Counsel of Record.

/s/ Douglas L. McCoy