

IN THE CIRCUIT COURT OF MOBILE COUNTY, ALABAMA

| | |
|---|---|
| HOUSING AUTHORITY OF THE CITY OF PRICHARD, ALABAMA,<br><br>Plaintiff,<br><br>v.<br><br>THE MITCHELL COMPANY, INC.; A, B, C, D, E and F, general contractors and subcontractors who negligently supplied or installed defective drywall in homes owned by Plaintiff as hereinafter set out, whose true identities and legal status are unknown at this time but will be added by amendment when ascertained; jointly and individually,<br><br>Defendants. | *<br>*<br>*<br>*<br>*<br>*<br>*  CIVIL ACTION NO:<br>*  CV-2009-_____<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>* |

## COMPLAINT

### PARTIES AND VENUE

1.   Plaintiff, HOUSING AUTHORITY OF THE CITY OF PRICHARD, ALABAMA, is and was at all times material herein a public body corporate and politic organized under the laws of the State of Alabama, which provides affordable housing to low-income families in the County of Mobile, Alabama.

2.   Defendant, THE MITCHELL COMPANY, INC. ("Defendant" or "Mitchell"), is and was at all times material herein a corporation organized under the laws of the State of Alabama, qualified to conduct business in the State of Alabama.

3.   Defendants A, B, C, D, E and F are general contractors and subcontractors who negligently supplied or installed defective drywall in homes owned by Plaintiff as hereinafter set out, whose true identities and legal status are unknown at this time but who will be added by amendment when ascertained.

**EXHIBIT A**

4. Venue is proper in Mobile County, Alabama, because a substantial part of the events and omissions giving rise to Plaintiff's claims occurred in Mobile County, and the real property that is the subject of this action is situated in Mobile County.

## **FACTS**

5. On or about April 1, 2003, Plaintiff contracted with Defendant Mitchell for the construction of a public housing development on the site of the Bessemer Avenue Apartments in Prichard, Alabama ("the Bessemer project"). The existing apartments were demolished and pursuant to the contract, Mitchell constructed thirty-six (36) new homes on the site.

6. Mitchell began construction on the Bessemer project on or about 2005 and completed the project on or about September 2006.

7. Upon completion of the Bessemer project, Plaintiff sold seven (7) of the homes and leased twenty-two (22) of the homes to low-income families.

8. On or about June 2008, Plaintiff began receiving complaints that various household appliances (air conditioning units, microwaves, dishwashers, etc.) were malfunctioning and/or failing. Plaintiff had these items repaired and/or replaced; however, the problems continued and Plaintiff was forced to continue with the repair and replacement of damaged appliances.

9. On or about mid-2008 Plaintiff notified Mitchell of the problems associated with the Bessemer project, and Mitchell sent a representative to inspect the homes.

10. On or about April 2009, Plaintiff was notified by Mitchell that the homes in the Bessemer project had been constructed with defective Chinese drywall.

11. The Chinese drywall emits harmful gases, including but not limited to, hydrogen sulfide, carbonyl sulfide, sulfur dioxide, carbon disulfide, methane and/or other volatile compounds that cause damage to property. Upon information and belief, the Chinese drywall used in the construction of the homes in the Bessemer project was manufactured using industrial waste products.

12. The Chinese drywall and the gases emitted from the same have contaminated all homes located in the Bessemer project. The damage includes, but is not limited to, corrosion of air conditioner and refrigerator coils, copper tubing, electrical wiring, computer wiring, exposed metals, pipes, fixtures, framing, rough carpentry hardware, nails, and other household items and building materials. Moreover, the gases create a noxious odor akin to the smell of rotten eggs.

13. When combined with moisture in the air, the sulfur compounds contained in the Chinese drywall create sulfuric acid. Sulfuric acid has been known to dissolve solder joints and corrode coils and copper tubing – creating leaks, blackening coils, and causing air conditioning and refrigeration units to fail. Sulfuric acid has also been shown to corrode copper electrical wiring. Not only does sulfuric acid blacken and corrode coils, it can harm metals such as chrome, brass and silver.

14. The presence of the defective Chinese drywall will require Plaintiff to perform extensive remedial repairs to the Bessemer project homes, and will further result in substantial diminution in the value of each contaminated home.

15. Mitchell has filed a class-action complaint in the United States District Court for the Northern District of Florida against the manufacturer of the Chinese drywall, in which it makes the following allegations and admissions:

a. "Plaintiff [Mitchell] and Class members purchased and installed defective drywall that has damaged or is presently damaging other components of properties built by Plaintiff and Class members."

b. "This drywall is uniformly and inherently defective in that even when properly installed and used for its intended purpose, the drywall chemically reacts with metals and causes corrosion of other metal products. This incompatibility results in physical damage to other products (the "Defect")."

c. "As a direct consequence of the defective product installed in the homes built by Plaintiff, Plaintiff was obligated to, and did, replace affected Other Property at its own expense. . . . Furthermore, Plaintiff is obligated to repair and replace the defective product and will incur substantial future expenses and damages."

d. "As a result of Defendants' wrongful conduct, Mitchell and Class members have been damaged. These damages include, but are not limited to, the cost to fully repair the affected homes, which may include replacing the defective gypsum drywall and repairing and replacing the damage to the Other Property in the affected homes as a result of the deficient and defective gypsum drywall. These damages shall include all costs incurred by Mitchell and Class members in relocating their homeowners to suitable temporary housing facilities while the affected homes are undergoing such repairs, as well as damages for loss of goodwill and reputation."

  e. "Because Mitchell and Class members, through no fault of their own, are vicariously, constructively, derivatively, or technically responsible for the defective gypsum drywall manufactured or distributed by Defendants and installed in the affected homes, a special relationship exists between Mitchell and Class members and Defendants pursuant to which Mitchell and Class members have the right to be indemnified for all damages sustained as a result of Defendants' defective gypsum drywall, including all attorney's fees and costs incurred in connection with this lawsuit."

## COUNT I – NEGLIGENCE

Plaintiff alleges as follows against Defendants Mitchell, A, B, C, D, E and F, jointly and individually:

16. Plaintiff realleges and incorporates all preceding allegations.

17. Defendants owed a duty to Plaintiff to exercise reasonable care in the selection and installation of all building materials, including drywall, used to construct the homes in the Bessemer project. Defendants breached that duty in one or more of the following respects:

  a. By negligently inspecting or failing to inspect the drywall for its suitability for use in the Bessemer project;

  b. By negligently determining or failing to determine that the drywall had been manufactured in such a manner that it was suitable for its intended use;

    c.    By failing to adequately warn Plaintiff of the defects that could be associated with the drywall;

    d.    By negligently determining or failing to determine that the drywall had been manufactured by a suitable producer;

    e.    By negligently purchasing defective drywall;

    f.    By negligently supplying defective drywall;

    g.    By negligently installing defective drywall; and

    h.    By negligently failing to construct the homes in the Bessemer project in a good and workmanlike manner.

18. As a proximate result of Defendants' negligence, Plaintiff has suffered and/or will suffer the following injuries and damages: the cost of replacement/repair of the homes in the Bessemer project; the cost of the removal and replacement of all the drywall contained in the subject homes; the diminution in value of the subject homes due to the presence of the defective drywall; the cost of the repair and/or replacement of all materials and items contaminated or damaged by the drywall; the costs of moving out renters/lessees who do not wish to remain in contaminated homes; lost rental income; the loss of use of real property; the loss in value of the subject homes after their repair, due to the stigma attached to having had defective and dangerous drywall in the home; and other related expenses.

WHEREFORE, Plaintiff demands judgment against Defendants Mitchell, A, B, C, D, E and F, jointly and individually, for monetary damages in a sum in excess of the jurisdictional amount, plus interest and the costs of this action.

## COUNT II – BREACH OF EXPRESS WARRANTY

Plaintiff alleges as follows against Defendant Mitchell:

19. Plaintiff realleges and incorporates all preceding allegations.

20. Defendant expressly warranted that the homes constructed in the Bessemer project would be free of all defects in workmanship and materials.

21. By installing or allowing the installation of defective drywall in the homes constructed in the Bessemer project, Defendant has breached its express warranty.

22. As a proximate result of Defendant's breach of its express warranty, Plaintiff has suffered injuries and damages as aforesaid.

WHEREFORE, Plaintiff demands judgment against Defendant Mitchell for monetary damages in a sum in excess of the jurisdictional amount, plus interest and the cost of this action.

## COUNT III – BREACH OF IMPLIED WARRANTY

Plaintiff alleges as follows against Defendant Mitchell:

23. Plaintiff realleges and incorporates all preceding allegations.

24. As the builder of new homes in the Bessemer project, Defendant impliedly warranted that said new homes would be constructed in a workmanlike manner.

25. Defendant breached its implied warranty by installing or allowing the installation of defective drywall in said homes.

26. As a proximate result of Defendant's breach of its implied warranty, Plaintiff has suffered injuries and damages as aforesaid.

WHEREFORE, Plaintiff demands judgment against Defendant Mitchell for monetary damages in a sum in excess of the jurisdictional amount, plus interest and the cost of this action.

## **COUNT IV – BREACH OF CONTACT**

Plaintiff alleges as follows against Defendant Mitchell:

27. Plaintiff realleges and incorporates all preceding allegations.

28. There is a valid contract binding Plaintiff and Defendant. Plaintiff has performed its obligations under the contract.

29. Defendant has failed to perform its obligations under the contract, in that it breached the following contractual provision by installing or allowing the installation of defective drywall in the Bessemer project homes: "All labor, equipment, materials and articles purchased by the Developer [the Defendant] shall be new and of the most suitable grade of their respective kinds for the purpose, and all workmanship shall be first-class."

30. As a proximate result of Defendant's breach of contract, Plaintiff has suffered injuries and damages as aforesaid.

WHEREFORE, Plaintiff demands judgment against Defendant Mitchell for monetary damages in a sum in excess of the jurisdictional amount, plus interest and the costs of this action.

/s/   *Richard H. Taylor*
RICHARD H. TAYLOR     (TAY024)
KASIE M. BRASWELL     (BRA127)
TAYLOR-MARTINO-ZARZAUR, P.C.
51 St. Joseph Street
Mobile, Alabama 36602
T: (251) 433-3131
F: (251) 405-5080
richardtaylor@taylormartino.com
kasie@taylormartino.com
Attorneys for Plaintiff

**PLAINTIFF DEMANDS TRIAL BY JURY.**

                                                                            */s/ Richard H. Taylor*
                                                                            Richard H. Taylor

**SERVE DEFENDANT:**

The Mitchell Company                                                 [Via Certified Mail]
c/o Paul Charles Wesch, Registered Agent
209 South Georgia Ave
Mobile, AL  36604