

## UNITED STATES DISTRICT COURT
## FOR THE EASTEN DISTRICK OF LOUISIANA

IN RE: CHINESE – MANUFACTURED
DRYWALL PRODUCTS LIABILITY
LITIGATION

MDL Docket No. 2047

THIS DOCMENT RELATES TO:

SECTION L

ALL CASES

JUDGE FALLON

MAGISTRATE JUDE WILKINSON

### MEMORANDUM IN OPPOSITION TO PLAINTIFF'S STEERING COMMITTEE'S ALLOCATION MOTION TO SET PSC ATTORNEY'S FEES

May It Please the Court:

The PSC has made the following logical errors in calculating its suggested fee:

1. PSC has argued that the total recovery is 1.1 billion dollars and then asserts that it is entitled to 12% of that recovery ($119 million); however, not only is the total recovery considerable less than 1.1 billion dollars (claims administrator's calculations put the recovery at $652 million), but the Plaintiff Steering Committee itself has *already* negotiated and set aside the total fee to be divided and it is only $192 million. *This is the only figure on the table to be divided.*

2. The PSC then argued that it should be paid *in full* the $119 million (60% of the total $192 million attorney fees set aside) and the individual attorney will get, without justification or acknowledgment, the fee that is "left over". There was is no acknowledgement that the individual attorney will suffer this treatment, but that is nonetheless the result of the PSC's logic. By that logic the current suggested $73 million dollar fee recovered by the individual attorneys' works out to just 6.6% of the total recovery calculated by the PSC.

3. The PSC has argued that this 12% fee is based on the fact that this litigation was a class action. While the Plaintiff's Steering Committee has done a fantastic job of organizing this unusually complex litigation, and agreed with the suggestion of some defendants that liability should be fully foreclosed as a class action, this was *not* a class action, but rather a *mass joinder*. As is usually the case in a mass joinder, the individual attorneys have not only had to file suit for most individual claims, but have managed the renovation of thousands of houses at considerable effort on their behalf (which further points to a lack of commonality and typicality). As the Court will no doubt acknowledge, building a home is complex, but renovating a home is twice the complexity and expense. Further, individual attorneys have undertaken mediation with the Moss contractors, as well as their not necessarily well chosen subcontractors. This coordination, in conjunction with seven years of litigation, has resulted in unusually high levels of staff and attorney time and cost. This is precisely why the litigation is more accurately characterized, and fees set, as mass joinder. Logically, it and does not resemble, and does not therefore warrant, typical class action fee calculation.

4. Lastly, the PSC makes the point that it should be compensated "more" because it took the considerable risk of not recovering and it charged its members a fee necessary to finance the litigation up to this point. It is illogical to suggest the individual attorneys were *not* in the "same boat". Small firms like my own, having litigated this case for seven years, took the same risks and spent proportionately larger funds to inspect property, file suit prior and manage the clients prior, and subsequently, to the PSC having to do so. We all took the substantial risks of non-recovery.

Undersigned suggests that the typical mass joinder settlements involve, as in this case, a court setting the fee at approximately 33% and PSC engaged in the process by which they seek between 4% and 7% of the fees in question. To be sure, because of the PSC's herculean effort in this matter, they are entitled to a greater percentage and that percentage would certainly approach 10% (30% of the total attorney fee recovery) leaving some 22% (of the Court's awarded 32%) for the individual attorney based on his individual recovery for each of the individual clients. The PSC has instead argued that they are entitled to be paid a 60-40 split, instead of a more historically fee as much as 30% for a 30-70 split.

It is with some surprise that I find myself in the position of arguing that the patently unfair 60-40 arrangement should be reversed to a 40-60 such that I am in the unenviable position of arguing *in favor* of the Plaintiff's Steering Committee retaining 40% of the fee, rather than the 30% fee that would be historically high.

The undersigned outlines his opponent's argument in an effort to expedite this Court's review of the points made and to avoid dwelling thereon. At the same time, the undersigned hopes that highlighting same will allow the Court to get the point without belaboring it.

Respectfully submitted:

/s/Paul A. Lea, Jr.
Paul A. Lea, Jr. (La. Bar No. 18637)
724 E. Boston Street
Covington, Louisiana 70433-2910
paul@paullea.com
Telephone: (985) 292-2300
Facsimile: (985) 249-6006
Counsel for Several Individual Plaintiffs

## CERTIFICATE OF SERVICE

I hereby certify that the above and foregoing pleading has been served on Plaintiffs' Liaison Counsel Arnold Levin and Russ Herman and Defendants' Liaison Counsel Kerry Miller, by e-mail, and Court Appointed Settlement Administrator, Brown Greer, PLC by e-mail and upon all parties by electronically uploading the same to LexisNexis File & Serve in accordance with Pre-Trial Order No. 6, and that the foregoing was electronically filed with the Clerk of court of the United States district Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2047 on this 28th day of June, 2016.

/s/Paul A. Lea, Jr.
Paul A. Lea, Jr.