## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: CHINESE MANUFACTURED DRYWALL PRODUCTS LIABILITY LITIGATION | ) ) ) ) | MDL NO. 2047 |
| THIS DOCUMENT RELATES TO: | ) ) | SECTION: L |
| ALL CASES | ) ) ) | MAG. JUDGE WILKINSON |

## DECLARATION OF GARY E. MASON IN OPPOSITION TO THE FEE COMMITTEE'S MOTION TO DETERMINE THE ALLOCATION OF THE GLOBAL FEE AWARD AS BETWEEN COMMON BENEFIT FEES

I, **Gary E. Mason**, declare as follows:

1.      I am Partner and Co-Founder of Whitfield Bryson & Mason LLP in Washington, D.C.

2.      Together with my Partner Daniel K. Bryson, Chris Coffin and Nick Rockford of Pendley Baudin & Coffin, Joel R. Rhine of Rhine Law Firm, and Steve Mullins of Luckey & Mullins, I represent, in this MDL, 862 owners of homes built with Chinese Drywall. Of these homes, 616 are Knauf and at least 479 have been able to participate in the Class Action Settlements. Upon analysis of data provided by BrownGreer, it appears that our clients will recover more than 10 percent of the total recovery for all claimants.

3.      I am submitting this affidavit in Opposition to the Fee Committee's Motion To Determine The Allocation Of The Global Fee Award As Between Common Benefit Fees ("Allocation Motion"). I issue this affidavit based upon my personal knowledge.

4.      As individual or primary counsel for our clients, my co-counsel and I have been intimately involved in all aspects of this litigation. Each firm has devoted senior

partners, and associates to work on the cases, along with having paralegals working full time on our cases. My Partner, Daniel Bryson, served on the PSC in this matter.

     5.     Our work on these cases was intense and prolonged. Joel Rhine and I have previously submitted declarations describing our work in the Villa Lago litigation where we represent 131 individual units and a certified settlement class of 328 units. These declarations are attached hereto as Exhibits A and B.[1] The declarations detail many of the activities we fervently undertook for our Villa Lago clients.

     6.     The work performed by our law offices for our other, non-Villa Lago, clients was also extensive. The major tasks we performed for our clients during the course of the last seven years include:

- <u>Property Inspections</u>. This including working with our inspection companies to establish an inspection protocol and monitoring the results to assure adequate evidence was obtained to support our trial theories. This was similar to other expert witness work we have performed for years. Each inspection has its own nuances and many of these issues require direct attorney involvement. Often we consulted with each other to assure we were comfortable with the data received and that the same would be compelling at trial.
- <u>Product Identification</u>. This was not always clear cut. Attorneys stayed engaged in reviewing the photographs to assure we had adequate evidence for all clients.
- <u>Identification of responsible parties</u>. Like any construction case, numerous potential defendants existed in each case. In nearly every instances our clients did not have contact with the various subcontractors, suppliers and distributors, so identifying these parties was often time consuming. Each potential defendant was identified and substantial research was undertaken to verify they were properly named, had notified their insurance companies and much more.
- <u>Counseling homeowners</u> with unmarketable and completely devalued homes. Most of our clients required numerous counseling sessions on these topics.

---

[1] *See* Declaration of Gary E. Mason in Support of Plaintiffs' Motion for an Award of Attorneys' Fees and Reimbursement of Expenses to Settlement Class Counsel, Dec. 10, 2013 (Doc. No. 17320-3) (Exhibit A) and Declaration of Joel R. Rhine in Support of Plaintiffs' Motion for an Award of Attorneys' Fees and Reimbursement of Expenses to Settlement Class Counsel, Dec. 9, 2013 (Doc. No. 17320-4) (Exhibit B).

We often initiated the communications after gaining information from other clients or strategies that worked in other cases.

- <u>Mitigating foreclosure by contacting lenders</u>.  It remains a mystery to me why, despite numerous contacts and countless explanations of the litigation process and eventually the settlement benefits, many of our clients' lenders refused to stand down on foreclosure activities.  We constantly dealt with these lenders in an effort to convince them that expediency did not override the economic benefit that the settlement would bring.

- <u>Advocating for tax reassessments</u>. In most instances this was instigated by our clients, and we provided assistance and information from our expert witnesses.

- <u>Counseling on potential insurance claims</u>.  After conducting legal research in each applicable state, we were required to review nearly every clients' insurance policies and, at the very least, explain the rights and obligations to our clients.  In other cases, we wrote demand letters, negotiated with adjusters and attorneys. In other instances, we were forced into insurance coverage litigation.

- <u>Counseling on mortgage, homeowner association fees and IRS deductions</u>. Most of these discussions required a review of pertinent documentation and research (both legal and fact).

- <u>Counseling on emerging expert opinions concerning health effects and remediation</u>.  Nearly every client required a detailed explanation from an attorney who had scientific knowledge to provide critical information.  Of course, this work required each lawyer to consult health care professionals and other experts in order to communicate sound advice, data and research materials.

- <u>Counseling on foreclosure strategies</u>.  Obviously, we were not always successful in convincing the lenders to wait until our litigation had run its course.  We spent hours fighting foreclosures and consoling clients. This work was heartbreaking and extremely difficult.

- <u>Counseling on scope of remediation for those who remediate prior to settlement, including preservation of evidence</u>.  Our construction expertise and expert witness work was invaluable during these activities.

- <u>Satisfying eligibility requirements under Knauf remediation program</u>.

- <u>Counseling as to remediation</u> and protocol and rights under the Knauf settlement.

- <u>Resolving "punch list" issues</u>.  Dealing with repair contractors for angry homeowners is not an easy nor quick task.

- <u>Determining percentages</u> for Mixed Property claimants.

- <u>Satisfying proof requirement</u> for prior remediation.

- <u>Selection and satisfaction of eligibility requirements</u> for available claim options including preparation of affidavits, accumulation of documents, advice to clients.
- <u>Handling appeals</u> from claims administrator resolution offers.

7.      My co-counsel and I worked closely with a shared pool of paralegals who worked for prolonged periods of time  full time on Chinese Drywall. Our paralegals were involved (often with any attorney) in at least the following tasks for each Chinese Drywall claimant:

- Corresponded with potential Chinese Drywall homeowners;
- Initial client interviews;
- Completed New Client Questionnaires;
- Scheduled inspections with our retained experts;
- Oversaw samples for testing and testing results;
- Determined the manufacture of the Chinese Drywall identified;
- Evaluated potential defendants (i.e. building, installer, supplier);
- Obtained required documents from clients (photo indicia, completed Plaintiff Profile Form with attached supporting documentation);
- Prepared information for filing claimants claim on Omnibus Complaints;
- Corresponded with PSC to verify all required information was supplied;
- Assisted with tax assessment reduction with local county governments;
- Assisted with negotiations with mortgage companies regarding forbearance and foreclosure issues;
- Assisted with preservation of evidence for self-remediated homes;
- Counseled clients regarding health issues/concerns which lead claimants to move out of their Chinese Drywall home;
- Counseled clients regarding Option 1, 2, or 3 for remediation of their home;
- Assisted in the scheduling of MZA inspections for participating in the Pilot Program;
- Coordinated with Moss for walk-through inspections;
- Reviewed and discussed Xactimate with claimants;
- Assisted claimants and oversaw the signing of various work authorization documents received from Brown Greer;
- Advised clients of move-out date, kick-off meeting and lump sum payments;
- Reviewed appliance binders and options regarding replacement of appliances;
- Assisted claimants in the resolution of construction deficiencies, water damage, termite damage or code violations found during remediation;
- Assisted with punch list items and execution of homeowner release of contractor forms;

- Mediated disputes between homeowner and Moss regarding construction deficiencies;
- Reviewed and provided claimants with close out documents, including, GFA Certification, warranty information, Certificate of Occupancy;
- Assisted each claimant in evaluation of possible claims to be filed under the Knauf Settlement Agreement;
- Prepared of claim forms and required documentation for Knauf claim;
- Submitted documents to Brown Greer and cured deficiency notices;
- Counseled claimants regarding notice of claims eligibility and acceptance or appeal of the notice;
- Prepared acceptance or appeal forms for claimants;
- Reviewed claim funds and releases;
- Evaluated each claimant file for potential stipend claim;
- Reviewed multiple Brown Greer spreadsheets for accuracy (i.e. stipend and fee); and
- Maintained contact with each claimant, correct contact information, and provided updates to claimants during each step of the Chinese Drywall claims process.

6.     Even these extensive lists are incomplete because, naturally, each client/ homeowner's particular situation required individual attention and each had their own anxieties, fears an concerns that required individualized attention. Often, resources were intensively devoted to individuals with unique circumstances, i.e., pending foreclosure. In addition, substantial time and expense was devoted to several individuals who opted out of the settlement and whose claims were litigated and/or negotiated to successful resolution.

This the 27th day of June, 2016.

By: _____

Gary E. Mason

# EXHIBIT A

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | | |
|---|---|---|
| IN RE: CHINESE MANUFACTURED DRYWALL PRODUCTS LIABILITY LITIGATION | ) ) ) ) | MDL NO. 2047 |
| THIS DOCUMENT RELATES TO: | ) ) | SECTION: L |
| *Hobbie, et al. v.* *RCR Holdings II, LLC, et al.,* | ) ) ) | JUDGE FALLON |
| No. 10-1113 | ) ) ) | MAG. JUDGE WILKINSON |

**DECLARATION OF GARY E. MASON IN SUPPORT OF**
**PLAINTIFFS' MOTION FOR AN AWARD OF ATTORNEYS' FEES AND**
**REIMBURSEMENT OF EXPENSES TO SETTLEMENT CLASS COUNSEL**

Gary E. Mason, pursuant to 28 U.S.C. § 1746, based upon his personal knowledge, information, and belief, attests to the following:

1.      I, Gary E. Mason, serve as Plaintiffs' Counsel for the Plaintiffs in the above-captioned action.  I am a Partner and Co-Founder of Whitfield Bryson & Mason LLP in Washington, D.C.

2.      I am submitting this affidavit in support of my firm's application for an award of attorneys' fees in connection with services rendered to the Plaintiffs and the Class and the reimbursement of expenses incurred by my firm to date in the course of this litigation.

3.      My Firm has been involved in all aspects of this litigation.  Together with the other Class Counsel, we researched the factual basis for the claims advanced; formulated and researched the legal theories for relief; and conducted factual and legal research; we retained and consulted with experts in construction defects; we investigated hundreds of units; we organized

several community meetings and met with or otherwise communicated with hundreds of class

members; we engaged in formal and informal discovery, including the review and organization

of more than 50 boxes of plans, specifications  and related material produced by Coastal; we

briefed various legal issues, including the economic loss rule, as directed by the Court, we led

the extended negotiations which led to settlements with both RCR and the Coastal Defendants.

The *Hobbie* action was filed on September 21, 2009 in the Circuit Court for Palm Beach County,

Florida.  It was removed by Defendant Banner Supply Company, Inc. on February 26, 2010, then

transferred to this Court pursuant to MDL procedures. On February 15-16, 2011, Settlement

Class Counsel participated in a mediation before Richard O. Kingrea in Miami, Florida.  By

order of this Court, the mediation was continued in New Orleans, Louisiana on March 22, 2011.

The mediation did not result in the resolution of this matter. Thereafter, the parties attended an

informal mediation in Miami, Florida on December 9, 2011; attended Court-ordered mediation

before Dan Balhoff, on August 22-23; attended Court-ordered mediation on January 15-16,

2013.  Ultimately, after numerous back and forth discussions – both at the mediations and the

days that followed -  the Settling Parties finally reached an agreement memorialized on a

Settlement Term Sheet dated January 29, 2013.  Our Firm was extensively involved in the very

complex negotiation of the settlement with Defendants, the drafting of settlement papers and the

motion for preliminary approval, final approval and the hearings held in connection thereto.

After notice was disseminated, our Firm responded to several hundred requests for information

and questions and continue to respond to requests for information.

The Court entered the Final Order and Judgment Certifying the Coastal Settlement Class,

Appointing Class Counsel, and Granting Final Approval of the Settlement Regarding Claims

Against Coastal Construction of South Florida, Inc. Related to Villa Lago at Renaissance

Commons in MDL. No. 2047 on October 21, 2013 (Dkt. # 17177).  Since that time, Class

Counsel has worked closely with the Coastal Defendants to ensure the funding of the Settlement.

Class Counsel has also coordinated with Moss and Brown Greer with respect to the

implementation of the Settlement.  Class Counsel and a team of paralegals are in daily

communication with Moss and Class Members to answer Class Member's questions and ensure

all documentation has been properly prepared and submitted so that the remediation can proceed

as scheduled. It is anticipated that Class Counsel will be actively engaged in the remediation

project until its completion in late-2014.

   4. The chart attached hereto as Exhibit A is a summary of time spent by the

attorneys of my firm on this litigation, and the lodestar calculation based on my firm's current

billing rates.  The chart includes the name of each attorney who has worked on the matter, the

current hourly billing rate and the hours expended by each attorney.  The chart was prepared

from contemporaneous time records prepared by my firm, which are available for submission to

this Court at its request.

   5. The chart attached hereto as Exhibit B is a detailed summary of the expenses

spent by my firm on this litigation to date and expenses related to the cost to inspect each unit at

Villa Lago.  The total amount for these expenses is $183,910.36.

   6. The total number of hours spent on this litigation against Defendants by my firm

from the inception of the case through the present is 3,681.49 hours.  The total lodestar for

attorney time based on the firm's current rates is $1,314,217.00.  The hourly rates in the chart,

Exhibit A, are the same rates which my firm utilizes in all of its non-contingent matters and/or

which have been accepted and approved in other complex contingent class action litigation.

8.      I declare under penalty of perjury and the laws of this Court that the foregoing is true and correct.

Date: December 10, 2013                              /s/ Gary E. Mason

                                                     Gary E. Mason

EXHIBIT A

*Hobbie, et al., v. RCR Holdings, II, LLC*

Whitfield Bryson & Mason LLP

EXHIBIT A

| Name | Position | Hours | Rate | Total |
|------|----------|-------|------|-------|
| Gary E. Mason | Partner | 900.75 | $680.00 | $612,510.00 |
| Donna F. Solen | Partner | 609.90 | $570.00 | $347,643.00 |
| Jason S. Rathod | Associate | 11.25 | $294.00 | $3,307.50 |
| Monica Bansal | Associate | 152.25 | $250.00 | $38,062.50 |
| Monica C. DiCocco | Paralegal | 763.25 | $180.00 | $137,385.00 |
| Shannon B. Kelley | Paralegal | 859.50 | $150.00 | $128,925.00 |
| Amanda K. Mkamanga | Paralegal | 43.60 | $150.00 | $6,540.00 |
| Lee A. Siegel | Paralegal | 287.25 | $120.00 | $34,470.00 |
| Amanda M. DiCocco | Paralegal | 53.74 | $100.00 | $5,374.00 |
| **TOTAL** | | **3681.49** | | **$1,314,217.00** |

**EXHIBIT B**

EXHIBIT B

In House Expenses-Whitfield Bryson Mason
(f/k/a Mason LLP)

| Description | Total |
|---|---|
| Transcripts/Court Reporting | $869.79 |
| Research | $5,982.10 |
| Reference Materials | $99.95 |
| Photocopies | $754.67 |
| Filing Fee/Service | $721.85 |
| Facsmilie | $4.40 |
| Conference Call | $663.78 |
| Express Mail/Postage | $2,171.30 |
| Travel Expenses | $26,416.77 |
| **Total Expenses** | **$37,684.61** |

EXHIBIT B

## CDW EXPERT EXPENSES
### Rhine Law Firm, PC
### 12/2009 - Present

**EXHIBIT B - Expert Expenses - Paid by Litigation Group**

| Statement Date | Expert Description | Amount |
|---|---|---|
| 1/22/2010 | ALS Laboratory (Carlos) | 150.00 |
| 1/22/2010 | ALS Laboratory (Ercolino) | 150.00 |
| 1/22/2010 | ALS Laboratory (Irvin) | 150.00 |
| 1/22/2010 | ALS Laboratory (Jolly) | 150.00 |
| 1/22/2010 | ALS Laboratory (Kellfelz) | 150.00 |
| 1/22/2010 | ALS Laboratory (Renaissance Commons) | 150.00 |
| 1/22/2010 | ALS Laboratory (15 Units at Renaissance Commons) | 750.00 |
| 12/21/2012 | Benchmark Remediation Group (Baron) | 600.00 |
| 12/21/2012 | Benchmark Remediation Group (Cammarata) | 600.00 |
| 12/21/2012 | Benchmark Remediation Group (Copello) | 600.00 |
| 12/21/2012 | Benchmark Remediation Group (DeMaio) | 600.00 |
| 12/21/2012 | Benchmark Remediation Group (Dileo) | 600.00 |
| 12/21/2012 | Benchmark Remediation Group (Gani) | 600.00 |
| 12/21/2012 | Benchmark Remediation Group (Luntz) | 600.00 |
| 12/21/2012 | Benchmark Remediation Group (Polovin) | 600.00 |
| 12/21/2012 | Benchmark Remediation Group (Shepard) | 600.00 |
| 12/21/2012 | Benchmark Remediation Group (Stock) | 600.00 |
| 12/21/2012 | Benchmark Remediation Group (Twin Crest) | 600.00 |
| 12/21/2012 | Benchmark Remediation Group (Wood) | 600.00 |
| 12/21/2012 | Benchmark Remediation Group (Yasinski) | 600.00 |
| 2/25/2011 | Berman & Wright | 313.50 |
| 7/29/2011 | BrightClaim (Graham-Dayton) | 250.00 |
| 7/29/2011 | BrightClaim (Johnson-Knoth) | 250.00 |
| 7/29/2011 | BrightClaim (Minuto) | 250.00 |
| 7/29/2011 | BrightClaim (Shaya) | 250.00 |
| 10/31/2011 | BrightClaim (Dileo) | 250.00 |
| 10/31/2011 | BrightClaim (Jolly) | 250.00 |
| 12/31/2009 | BrightClaim (Axelrod) | 250.00 |
| 12/31/2009 | BrightClaim (Balassone) | 250.00 |
| 12/31/2009 | BrightClaim (Balassone) | 100.00 |
| 12/31/2009 | BrightClaim (Balassone) | 250.00 |
| 12/31/2009 | BrightClaim (Baron) | 250.00 |
| 12/31/2009 | BrightClaim (Basheln) | 250.00 |
| 1/14/2010 | BrightClaim (Boroscope) | 1,825.20 |
| 12/31/2009 | BrightClaim (Bragoli) | 250.00 |
| 12/31/2009 | BrightClaim (Brice) | 250.00 |
| 12/31/2009 | BrightClaim (Camastra) | 250.00 |
| 12/31/2009 | BrightClaim (Cammarata) | 100.00 |
| 12/31/2009 | BrightClaim (Cammarata) | 250.00 |
| 12/31/2009 | BrightClaim (Campbell) | 250.00 |
| 12/31/2009 | BrightClaim (Carbone) | 100.00 |
| 12/31/2009 | BrightClaim (Carbone) | 250.00 |
| 12/31/2009 | BrightClaim (Chandra) | 250.00 |
| 12/31/2009 | BrightClaim (Cohen, Jay) | 250.00 |

12/10/2013

**EXHIBIT B**

## CDW EXPERT EXPENSES
### Rhine Law Firm, PC
### 12/2009 - Present

| | | |
|---|---|---|
| 12/31/2009 | BrightClaim (Cohen, Richard) | 250.00 |
| 12/31/2009 | BrightClaim (Conlin) | 250.00 |
| 12/31/2009 | BrightClaim (Csakanyos) | 250.00 |
| 12/31/2009 | BrightClaim (Csakanyos) | 100.00 |
| 12/31/2009 | BrightClaim (Dalal) | 250.00 |
| 12/31/2009 | BrightClaim (Edwards) | 250.00 |
| 12/31/2009 | BrightClaim (Englander) | 250.00 |
| 12/31/2009 | BrightClaim (Flaherty) | 250.00 |
| 12/31/2009 | BrightClaim (Flaherty) | 250.00 |
| 12/31/2009 | BrightClaim (Gottlob) | 250.00 |
| 12/31/2009 | BrightClaim (Hahn) | 250.00 |
| 12/31/2009 | BrightClaim (Ijac) | 250.00 |
| 12/31/2009 | BrightClaim (Ijac) | 250.00 |
| 12/31/2009 | BrightClaim (Irvin) | 250.00 |
| 12/31/2009 | BrightClaim (Jordan) | 250.00 |
| 12/31/2009 | BrightClaim (Kalifelz) | 250.00 |
| 12/31/2009 | BrightClaim (Kellner) | 250.00 |
| 12/31/2009 | BrightClaim (Klemm) | 250.00 |
| 12/31/2009 | BrightClaim (Klemm) | 100.00 |
| 12/31/2009 | BrightClaim (Kroll) | 250.00 |
| 12/31/2009 | BrightClaim (Kropf) | 250.00 |
| 12/31/2009 | BrightClaim (LaSala) | 250.00 |
| 12/31/2009 | BrightClaim (Lattanzio) | 250.00 |
| 12/31/2009 | BrightClaim (Luntz) | 250.00 |
| 12/31/2009 | BrightClaim (Luntz) | 250.00 |
| 12/31/2009 | BrightClaim (Madigan) | 250.00 |
| 12/31/2009 | BrightClaim (Maesel) | 250.00 |
| 12/31/2009 | BrightClaim (Maness) | 250.00 |
| 12/31/2009 | BrightClaim (Michaud) | 250.00 |
| 12/31/2009 | BrightClaim (Miller, William) | 250.00 |
| 12/31/2009 | BrightClaim (Minuto) | 250.00 |
| 12/31/2009 | BrightClaim (Molina) | -250.00 |
| 12/31/2009 | BrightClaim (Morenstein) | 250.00 |
| 12/31/2009 | BrightClaim (Murray, Brian) | 250.00 |
| 12/31/2009 | BrightClaim (Murray, Paul and Lois) | 250.00 |
| 12/31/2009 | BrightClaim (Murray, Paul) | 250.00 |
| 12/31/2009 | BrightClaim (Okally, Aly) | 250.00 |
| 12/31/2009 | BrightClaim (Ovicher) | 250.00 |
| 12/31/2009 | BrightClaim (Panico) | 250.00 |
| 12/31/2009 | BrightClaim (Pereca) | 250.00 |
| 12/31/2009 | BrightClaim (Polovin) | 250.00 |
| 12/31/2009 | BrightClaim (Poplausky) | 250.00 |
| 12/31/2009 | BrightClaim (Prosko) | 250.00 |
| 12/31/2009 | BrightClaim (Ramos, Manuel) | 250.00 |
| 12/31/2009 | BrightClaim (Ramos, Marianne) | 250.00 |
| 12/31/2009 | BrightClaim (Rayman) | 250.00 |

12/10/2013

EXHIBIT B

## CDW EXPERT EXPENSES
### Rhine Law Firm, PC
### 12/2009 - Present

| | | |
|---|---|---|
| 12/31/2009 | BrightClaim (Renzetti) | 250.00 |
| 12/31/2009 | BrightClaim (Riback) | 250.00 |
| 12/31/2009 | BrightClaim (Riback) | 250.00 |
| 12/31/2009 | BrightClaim (Richman) | 250.00 |
| 12/31/2009 | BrightClaim (Rovezzi) | 250.00 |
| 12/31/2009 | BrightClaim (Rovezzi) | 100.00 |
| 12/31/2009 | BrightClaim (Sabatino) | 100.00 |
| 12/31/2009 | BrightClaim (Sabatino) | 250.00 |
| 12/31/2009 | BrightClaim (Schmidt) | 250.00 |
| 12/31/2009 | BrightClaim (Schour - Mitchell) | 250.00 |
| 12/31/2009 | BrightClaim (Shaya) | 250.00 |
| 12/31/2009 | BrightClaim (Sheperd) | 250.00 |
| 12/31/2009 | BrightClaim (Sheperd) | 250.00 |
| 12/31/2009 | BrightClaim (Smith) | 250.00 |
| 12/31/2009 | BrightClaim (Smith) | 100.00 |
| 12/31/2009 | BrightClaim (Stock) | 250.00 |
| 12/31/2009 | BrightClaim (Taylor) | 100.00 |
| 12/31/2009 | BrightClaim (Taylor) | 250.00 |
| 12/31/2009 | BrightClaim (Temple) | 250.00 |
| 12/31/2009 | BrightClaim (Temple) | 250.00 |
| 12/31/2009 | BrightClaim (Thompson) | 250.00 |
| 12/31/2009 | BrightClaim (Thompson) | 100.00 |
| 12/31/2009 | BrightClaim (Tilmann) | 250.00 |
| 12/31/2009 | BrightClaim (Tuller Investments) | 250.00 |
| 12/31/2009 | BrightClaim (Wiley) | 250.00 |
| 12/31/2009 | BrightClaim (Wiley) | 100.00 |
| 12/31/2009 | BrightClaim (Wiley) | 250.00 |
| 12/31/2009 | BrightClaim (Wiley) | 250.00 |
| 12/31/2009 | BrightClaim (Wiley) | 100.00 |
| 12/31/2009 | BrightClaim (Wojcik) | 250.00 |
| 12/31/2009 | BrightClaim (Wood) | 250.00 |
| 12/31/2009 | BrightClaim (Young) | 250.00 |
| 12/31/2009 | BrightClaim (Young) | 100.00 |
| 12/31/2009 | BrightClaim (Zagalsky) | 250.00 |
| 12/31/2009 | BrightClaim (Zhou) | 250.00 |
| 12/31/2009 | BrightClaim (Twin Crest) | 250.00 |
| 11/30/2009 | BrightClaim (Baez) | 250.00 |
| 11/30/2009 | BrightClaim (Bast) | 250.00 |
| 11/30/2009 | BrightClaim (Casalengo) | 250.00 |
| 11/30/2009 | BrightClaim (D'Ambrosio) | 250.00 |
| 11/30/2009 | BrightClaim (DeNavea, Marta Lisa) | 250.00 |
| 11/30/2009 | BrightClaim (DeNavea, Marta) | 250.00 |
| 11/30/2009 | BrightClaim (Ditianquin) | 250.00 |
| 11/30/2009 | BrightClaim (Eubank) | 250.00 |
| 11/30/2009 | BrightClaim (Figueroa) | 250.00 |
| 11/30/2009 | BrightClaim (Gazzai) | 250.00 |

EXHIBIT B

## CDW EXPERT EXPENSES
### Rhine Law Firm, PC
### 12/2009 - Present

| | | |
|---|---|---|
| 11/30/2009 | BrightClaim (Grace) | 250.00 |
| 11/30/2009 | BrightClaim (Graham-Dayton) | 250.00 |
| 11/30/2009 | BrightClaim (Haworth Holdings) | 250.00 |
| 11/30/2009 | BrightClaim (Hobble) | 250.00 |
| 11/30/2009 | BrightClaim (Jiola, Perry) | 250.00 |
| 11/30/2009 | BrightClaim (Jiola, Robert) | 250.00 |
| 11/30/2009 | BrightClaim (Johnson-Knoth) | 250.00 |
| 11/30/2009 | BrightClaim (Kaufman) | 250.00 |
| 11/30/2009 | BrightClaim (Kolich) | 250.00 |
| 11/30/2009 | BrightClaim (Kolich) | 250.00 |
| 11/30/2009 | BrightClaim (Kovens) | 250.00 |
| 11/30/2009 | BrightClaim (Kramer) | 250.00 |
| 11/30/2009 | BrightClaim (Krause) | 250.00 |
| 11/30/2009 | BrightClaim (Leone) | 250.00 |
| 11/30/2009 | BrightClaim (Lewis) | 250.00 |
| 11/30/2009 | BrightClaim (Litwin) | 250.00 |
| 11/30/2009 | BrightClaim (Loutfy) | 250.00 |
| 11/30/2009 | BrightClaim (Meinholz) | 250.00 |
| 11/30/2009 | BrightClaim (Molina) | 250.00 |
| 11/30/2009 | BrightClaim (Molina) | 250.00 |
| 11/30/2009 | BrightClaim (Pereca) | 250.00 |
| 11/30/2009 | BrightClaim (Piccolo) | 250.00 |
| 11/30/2009 | BrightClaim (Polychronopoulos) | 250.00 |
| 11/30/2009 | BrightClaim (Sentillo) | 250.00 |
| 11/30/2009 | BrightClaim (Seigel) | 250.00 |
| 11/30/2009 | BrightClaim (Zitner) | 250.00 |
| 1/29/2010 | BrightClaim (Dileo) | 250.00 |
| 1/29/2010 | BrightClaim (Ercolino) | 250.00 |
| 1/29/2010 | BrightClaim (Gani) | 250.00 |
| 1/29/2010 | BrightClaim (Jolly) | 250.00 |
| 1/29/2010 | BrightClaim (Lemberg) | 250.00 |
| 1/29/2010 | BrightClaim (LLG Investment) | 250.00 |
| 1/29/2010 | BrightClaim (Miller, Robert) | 250.00 |
| 1/29/2010 | BrightClaim (Vargas) | 250.00 |
| 1/29/2010 | BrightClaim (Yasinski) | 250.00 |
| 3/31/2010 | BrightClaim (Aguilar) | 250.00 |
| 3/31/2010 | BrightClaim (Cherry Blossom) | 250.00 |
| 3/31/2010 | BrightClaim (DeMaio) | 250.00 |
| 3/31/2010 | BrightClaim (Marks) | 250.00 |
| 5/28/2010 | BrightClaim (Federal Express Charge) | 113.26 |
| 6/30/2010 | BrightClaim (Federal Express Charge) | 138.36 |
| 7/30/2010 | BrightClaim (Federal Express Charge) | 32.55 |
| 8/31/2010 | BrightClaim (Dobric) | 250.00 |
| 8/31/2010 | BrightClaim (Loutfy) | 190.00 |
| 8/31/2010 | BrightClaim (Okelly, A.M.) | 275.00 |
| 8/31/2010 | BrightClaim (Panico) | 190.00 |

EXHIBIT B

CDW EXPERT EXPENSES
Rhine Law Firm, PC
12/2009 - Present

| Date | Description | Amount |
|------|-------------|-------:|
| 8/31/2010 | BrightClaim (Penzimer) | 250.00 |
| 8/31/2010 | BrightClaim (Polychronopoulos) | 190.00 |
| 8/31/2010 | BrightClaim (Posner) | 190.00 |
| 8/31/2010 | BrightClaim (Rovezzi) | 250.00 |
| 8/31/2010 | BrightClaim (Federal Express Charge) | 43.42 |
| 9/30/2010 | BrightClaim (Jiola, Perry) | 250.00 |
| 9/30/2010 | BrightClaim (Renzetti) | 250.00 |
| 9/30/2010 | BrightClaim (Young) | 250.00 |
| 10/29/2010 | BrightClaim (Balassone) | 250.00 |
| 10/29/2010 | BrightClaim (Jiola, Perry) | 100.00 |
| 10/29/2010 | BrightClaim (Temple) | 250.00 |
| 10/29/2010 | BrightClaim (Zhou) | 250.00 |
| 10/29/2010 | BrightClaim (Federal Express Charge) | 52.44 |
| 11/30/2010 | BrightClaim (Balassone) | 250.00 |
| 11/30/2010 | BrightClaim (Cherry Blossom) | 250.00 |
| 11/30/2010 | BrightClaim (Temple) | 250.00 |
| 11/30/2010 | BrightClaim (Federal Express Charge) | 153.69 |
| 11/30/2010 | BrightClaim (Federal Express Charge) | 44.59 |
| 11/30/2010 | BrightClaim (Federal Express Charge) | 124.83 |
| 12/30/2010 | BrightClaim (Federal Express Charge) | 28.29 |
| 1/31/2011 | BrightClaim (Aguilar) | 250.00 |
| 1/31/2011 | BrightClaim (Balassone) | 250.00 |
| 1/31/2011 | BrightClaim (Hahn) | 250.00 |
| 1/31/2011 | BrightClaim (Kallfelz) | 250.00 |
| 1/31/2011 | BrightClaim (Kaufman) | 250.00 |
| 1/31/2011 | BrightClaim (Krause) | 250.00 |
| 1/31/2011 | BrightClaim (Miler, Robert) | 250.00 |
| 1/31/2011 | BrightClaim (Miler, William) | 250.00 |
| 1/31/2011 | BrightClaim (Taylor-Hoxter) | 250.00 |
| 2/28/2011 | BrightClaim (Lewis) | 250.00 |
| 3/31/2011 | BrightClaim (Baron) | 50.00 |
| 3/31/2011 | BrightClaim (Carlos) | -250.00 |
| 3/31/2011 | BrightClaim (Carlos) | 250.00 |
| 3/31/2011 | BrightClaim (Jiola, Perry) | 250.00 |
| 3/31/2011 | BrightClaim (Jiola, Perry) | -250.00 |
| 3/31/2011 | BrightClaim (Lewis) | -250.00 |
| 3/31/2011 | BrightClaim (Lewis) | 250.00 |
| 3/31/2011 | BrightClaim (Madigan) | 100.00 |
| 3/31/2011 | BrightClaim (Ramos, Manuel) | 250.00 |
| 3/31/2011 | BrightClaim (Wood) | 50.00 |
| 1/31/2012 | BrightClaim (Hahn) | 250.00 |
| 5/28/2010 | BrightClaim (Bragoli) | 100.00 |
| 5/28/2010 | BrightClaim (Conlin) | 100.00 |
| 5/28/2010 | BrightClaim (Copello) | 250.00 |
| 5/28/2010 | BrightClaim (Haywood) | 250.00 |
| 5/28/2010 | BrightClaim (Ijac) | 100.00 |

12/10/2013

**EXHIBIT B**

## CDW EXPERT EXPENSES
### Rhine Law Firm, PC
### 12/2009 - Present

| | | |
|---|---|---|
| 5/28/2010 | BrightClaim (Ijac) | 100.00 |
| 5/28/2010 | BrightClaim (Irvin) | 100.00 |
| 5/28/2010 | BrightClaim (Kellfelz) | 100.00 |
| 5/28/2010 | BrightClaim (Maesel) | 100.00 |
| 5/28/2010 | BrightClaim (Mogor) | 250.00 |
| 5/28/2010 | BrightClaim (Renzetti) | 100.00 |
| 5/28/2010 | BrightClaim (Temple) | 100.00 |
| 5/28/2010 | BrightClaim (Wiley) | 100.00 |
| 12/30/2010 | BrightClaim (Leone) | 250.00 |
| 12/30/2010 | BrightClaim (Poplausky) | 250.00 |
| 1/27/2011 | Digital Evidence (Hobble) | 2,362.50 |
| 2/8/2011 | Digital Evidence (Hobble) | 2,334.25 |
| 2/14/2011 | Digital Evidence (Hobble) | 4,696.75 |
| 2/14/2011 | Digital Evidence (Hobble) | 1,941.46 |
| 1/13/2010 | Dunkelberger Engineering | 1,865.00 |
| 4/23/2010 | Leslie Kaufman | 75.00 |
| 2/24/2010 | Linkhorst & Hockin, PA | 1,099.22 |
| 9/24/2009 | Linkhorst & Hockin, PA (Chinese Drywall Litigation) | 160.00 |
| 9/24/2009 | Linkhorst & Hockin, PA (Hobble) | 668.60 |
| 1/15/2010 | Mr. Handyman | 430.14 |
| 3/12/2010 | Mr. Handyman | 458.76 |
| 5/4/2010 | Mr. Handyman | 734.36 |
| 5/26/2010 | Mr. Handyman | 935.00 |
| 7/30/2010 | Mr. Handyman | 190.00 |
| 7/30/2010 | Mr. Handyman | 190.00 |
| 7/30/2010 | Mr. Handyman | 190.00 |
| 8/26/2010 | Mr. Handyman | 190.00 |
| 9/27/2010 | Mr. Handyman | 190.00 |
| 9/27/2010 | Mr. Handyman | 190.00 |
| 9/27/2010 | Mr. Handyman | 190.00 |
| 10/1/2010 | Mr. Handyman | 190.00 |
| 10/1/2010 | Mr. Handyman | 190.00 |
| 10/1/2010 | Mr. Handyman | 190.00 |
| 10/20/2010 | Mr. Handyman (Zhou) | 190.00 |
| 11/4/2010 | Mr. Handyman | 190.00 |
| 11/4/2010 | Mr. Handyman | 190.00 |
| 11/22/2010 | Mr. Handyman | 190.00 |
| 12/13/2010 | Mr. Handyman (Leone) | 190.00 |
| 12/13/2010 | Mr. Handyman (Ramos, Manuel) | 190.00 |
| 12/13/2010 | Mr. Handyman (Poplausky) | 190.00 |
| 1/29/2011 | Mr. Handyman (Aguilar) | 190.00 |
| 7/11/2011 | Mr. Handyman | 190.00 |
| 7/11/2011 | Mr. Handyman | 190.00 |
| 7/11/2011 | Mr. Handyman | 190.00 |
| 7/11/2011 | Mr. Handyman | 190.00 |
| 9/30/2011 | Mr. Handyman | 190.00 |

12/10/2013

EXHIBIT B

## CDW EXPERT EXPENSES
### Rhine Law Firm, PC
#### 12/2009 - Present

| Date | Payee | Amount |
|---|---|---|
| 9/30/2011 | Mr. Handyman | 190.00 |
| 1/16/2012 | Mr. Handyman | 190.00 |
| 3/12/2012 | Mr. Handyman | 190.00 |
| 3/7/2011 | Perry Dampf Dispute Resolution | 1,753.25 |
| 5/9/2011 | Perry Dampf Dispute Resolution | 690.47 |
| 3/24/2010 | R.V. Buric Construction Consultants, PC | 4,764.00 |
| 4/29/2010 | R.V. Buric Construction Consultants, PC | 18,033.48 |
| 5/25/2010 | R.V. Buric Construction Consultants, PC | 5,338.50 |
| 6/28/2010 | R.V. Buric Construction Consultants, PC | 6,271.62 |
| 9/23/2010 | R.V. Buric Construction Consultants, PC | 1,686.30 |
| 10/27/2010 | R.V. Buric Construction Consultants, PC | 3,308.72 |
| 9/11/2009 | Unified Engineering (Hobble) | 70.00 |
| 1/29/2010 | Unified Engineering (Bragoli) | 70.00 |
| 1/29/2010 | Unified Engineering (Ganl) | 70.00 |
| 1/29/2010 | Unified Engineering (Lemberg) | 70.00 |
| 1/29/2010 | Unified Engineering (LLG Investment) | 70.00 |
| 1/29/2010 | Unified Engineering (Stock) | 70.00 |
| 1/29/2010 | Unified Engineering (Twin Crest) | 70.00 |
| 1/29/2010 | Unified Engineering (Wood) | 70.00 |
| 1/29/2010 | Unified Engineering (Yasinski) | 70.00 |
| 2/23/2010 | Unified Engineering (Linkhorst Drywall) | 3,725.40 |
| 3/12/2010 | Unified Engineering (Aguilar) | 70.00 |
| 3/12/2010 | Unified Engineering (Smith) | 70.00 |
| 3/12/2010 | Unified Engineering (Eubank) | 100.00 |
| 3/12/2010 | Unified Engineering (Baez) | 100.00 |
| 6/2/2010 | Unified Engineering (Linkhorst Drywall) | 164.43 |
| 9/2/2010 | Unified Engineering (Smith) | 140.00 |
| 11/5/2010 | Unified Engineering (Posner) | 1,690.00 |
| 11/13/2010 | Unified Engineering (Posner) | 58.18 |
| 12/1/2010 | Unified Engineering (Linkhorst) | 168.17 |
| 12/27/2010 | Unified Engineering (Jiola) | 478.50 |
| 12/12/2009 | Unified Engineering (Jordan) | 70.00 |
| 12/12/2009 | Unified Engineering (Baez) | 70.00 |
| 12/12/2009 | Unified Engineering (D'Ambrosio) | 70.00 |
| 12/12/2009 | Unified Engineering (Dillanquin) | 70.00 |
| 12/18/2009 | Unified Engineering (Jiola) | 70.00 |
| 12/12/2009 | Unified Engineering (Kolich) | 50.00 |
| 12/12/2009 | Unified Engineering (Kolich) | 70.00 |
| 12/12/2009 | Unified Engineering (Litwin) | 70.00 |
| 12/12/2009 | Unified Engineering (Piccolo) | 70.00 |
| 12/18/2009 | Unified Engineering (Tillman) | 70.00 |
| 12/18/2009 | Unified Engineering (DeLarosa) | 70.00 |
| 12/18/2009 | Unified Engineering (Kovens) | 70.00 |
| 12/18/2009 | Unified Engineering (Llvaich - Twin Crest) | 70.00 |
| 12/18/2009 | Unified Engineering (Miller) | 70.00 |
| 12/18/2009 | Unified Engineering (Murray) | 70.00 |

12/10/2013

EXHIBIT B

## CDW EXPERT EXPENSES
### Rhine Law Firm, PC
### 12/2009 - Present

| | | |
|---|---|---|
| 12/18/2009 | Unified Engineering (Riback) | 70.00 |
| 12/18/2009 | Unified Engineering (Stock) | 70.00 |
| 12/18/2009 | Unified Engineering (Tuller) | 70.00 |
| 12/18/2009 | Unified Engineering (Baron) | 70.00 |
| 12/18/2009 | Unified Engineering (Brice) | 70.00 |
| 12/18/2009 | Unified Engineering (Casatengo) | 70.00 |
| 12/18/2009 | Unified Engineering (Cohen) | 70.00 |
| 12/18/2009 | Unified Engineering (Dalal) | 70.00 |
| 12/18/2009 | Unified Engineering (Englander) | 70.00 |
| 12/18/2009 | Unified Engineering (Flaherty) | 70.00 |
| 12/18/2009 | Unified Engineering (Hahn) | 70.00 |
| 12/18/2009 | Unified Engineering (Kellner) | 70.00 |
| 12/18/2009 | Unified Engineering (Kramer) | 70.00 |
| 12/18/2009 | Unified Engineering (Kropf) | 70.00 |
| 12/18/2009 | Unified Engineering (Leone) | 70.00 |
| 12/18/2009 | Unified Engineering (Luntz) | 70.00 |
| 12/18/2009 | Unified Engineering (Luntz) | 70.00 |
| 12/18/2009 | Unified Engineering (Maness) | 70.00 |
| 12/18/2009 | Unified Engineering (Mitchell-Schour) | 70.00 |
| 12/18/2009 | Unified Engineering (Poplausky) | 70.00 |
| 12/18/2009 | Unified Engineering (Riback) | 70.00 |
| 12/18/2009 | Unified Engineering (Richman) | 70.00 |
| 12/18/2009 | Unified Engineering (Verderame) | 70.00 |
| 12/18/2009 | Unified Engineering (Wood) | 70.00 |
| 12/18/2009 | Unified Engineering (Zagalasky) | 70.00 |
| 12/18/2009 | Unified Engineering (Zhou) | 70.00 |
| 5/6/2009 | Unified Engineering (Baron) | 100.00 |
| 5/6/2009 | Unified Engineering (D'Ambrosio) | 100.00 |
| 5/6/2009 | Unified Engineering (Gani) | 100.00 |
| 5/6/2009 | Unified Engineering (LLG Investment) | 100.00 |
| 5/6/2009 | Unified Engineering (Stock) | 100.00 |
| 5/6/2009 | Unified Engineering (Twin Crest) | 100.00 |
| 5/6/2009 | Unified Engineering (Wood) | 100.00 |
| 6/3/2010 | Unified Engineering (Copello) | 70.00 |
| 6/3/2010 | Unified Engineering (Haywood) | 70.00 |
| 6/3/2010 | Unified Engineering (Mogor) | 70.00 |
| 2/7/2011 | Unified Engineering (Kaufman) | 1,076.15 |
| 7/12/2011 | Unified Engineering (L&L South Florida) | 331.90 |
| 11/24/2009 | Unified Engineering (Bast) | 70.00 |
| 10/28/2009 | Unified Engineering (DeNavea, Marta) | 70.00 |
| 10/28/2009 | Unified Engineering (DeNavea, Martha) | 70.00 |
| 11/24/2009 | Unified Engineering (Eubank) | 70.00 |
| 11/24/2009 | Unified Engineering (Eubanks) | 70.00 |
| 10/28/2009 | Unified Engineering (Grace) | 70.00 |
| 11/24/2009 | Unified Engineering (Haworth Holdings) | 70.00 |

12/10/2013

EXHIBIT B

## CDW EXPERT EXPENSES
### Rhine Law Firm, PC
### 12/2009 - Present

| 11/24/2009 | Unified Engineering (Johnson) | 70.00 |
|---|---|---|
| 10/28/2009 | Unified Engineering (Kaufman) | 70.00 |
| 11/24/2009 | Unified Engineering (Lewis) | 70.00 |
| 10/28/2009 | Unified Engineering (Mogor) | 70.00 |
| 11/24/2009 | Unified Engineering (Molina) | 70.00 |
| 11/24/2009 | Unified Engineering (Polychronopoulos) | 70.00 |
| 10/28/2009 | Unified Engineering (Recksell) | 140.00 |
| 10/28/2009 | Unified Engineering (Santillo) | 70.00 |
| 11/24/2009 | Unified Engineering (Siegel) | 70.00 |
| 10/28/2009 | Unified Engineering (Zitner) | 70.00 |
| 3/17/2009 | Unified Engineering (Balassone) | 100.00 |
| 7/9/2010 | Unified Engineering (DeMalo) | 100.00 |
| 3/17/2009 | Unified Engineering (Flaherty) | 100.00 |
| 3/17/2009 | Unified Engineering (Graham) | 100.00 |
| 3/17/2009 | Unified Engineering (LaSala) | 100.00 |
| 3/17/2009 | Unified Engineering (Polovin) | 100.00 |
| 3/17/2009 | Unified Engineering (Shaya) | 100.00 |
| 3/17/2009 | Unified Engineering (Sheperd) | 100.00 |
| 5/9/2013 | Notice Mailing (Envelopes (172.72), Stamps, Paper | |
| 5/1/2013 | Leopold Law Firm, P.A. (Notice Publication) | 9,360.81 |

Total Litigation Group Expenses          146,225.75

# EXHIBIT B

# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: CHINESE MANUFACTURED | ) | |
|       DRYWALL PRODUCTS | ) | MDL NO. 2047 |
|       LIABILITY LITIGATION | ) | |
| | ) | |
| THIS DOCUMENT RELATES TO: | ) | SECTION: L |
| | ) | |
| *Hobbie, et al. v.* | ) | JUDGE FALLON |
| *RCR Holdings II, LLC, et al.,* | ) | |
| | ) | |
| No. 10-1113 | ) | |
| | ) | MAG. JUDGE WILKINSON |

## DECLARATION OF JOEL R. RHINE IN SUPPORT OF
## PLAINTIFFS' MOTION FOR AN AWARD OF ATTORNEYS' FEES AND
## REIMBURSEMENT OF EXPENSES TO SETTLEMENT CLASS COUNSEL

Joel R. Rhine, pursuant to 28 U.S.C. § 1746, based upon his personal knowledge, information, and belief, attests to the following:

1.      I, Joel R. Rhine, serve as Plaintiffs' Counsel for the Plaintiffs in the above-captioned action.  I am a Partner and Founder of Rhine Martin Law Firm, P.C. in Wilmington, North Carolina[1].

2.      I am submitting this affidavit in support of my Firm's application for an award of attorneys' fees in connection with services rendered to the Plaintiffs and the Class and the reimbursement of expenses incurred by my Firm to date in the course of this litigation.

---

[1] During the course of this litigation, my litigation team has practiced law under several names.  During the investigation and earliest stages of this dispute, my litigation team practiced with Lea, Rhine, Rosbrugh & Chleborowicz, PLLC, which changed its name to Lea, Rhine & Rosbrugh, PLLC. I was a partner and co-founder of that firm.  In March 2011, our litigation team severed itself from the old firm, and worked under the name, Rhine Law Firm, P.C., whose name was changed to Rhine Martin, Law Firm, P.C. in August 2013. I shall refer to all of the same as "my Firm."

3.      My Firm has been involved in all aspects of this litigation.  Paragraph 3 of

<u>Declaration of Gary E. Mason In Support of Plaintiffs' Motion For An Award of Attorney's Feed</u>

<u>and Reimbursements of Expenses to Settlement Class Counsel</u> contains a description of some,

but not all activities in which my litigation team has been involved.  I desire to add the following,

which again fails to fully identify our efforts.  We spent many days personally viewing and

inspecting the Villa Lago complex.  We spent months identifying, locating and interviewing

numerous potential witnesses and potential expert witnesses.  This process continued throughout

the litigation.  Unlike other Chinese Drywall cases in the MDL, written discovery, as well as

informal discovery was conducted by the parties.  The number of documents associated with this

large condominium project is immense and we personally reviewed, selected, categorized and

summarized the same. Our experience in construction and defective building product litigation

assisted us greatly in this task.  From this document review, discovery and our interviews, we

prepared lengthy trial outlines, conducted a 30(b)(6) deposition, prepared Motions and Briefs and

pushed our case along despite inherent constraints associated with an MDL.  Because we were

not allowed to continue with our formal discovery, we again resorted to informal discovery.

Witnesses were located, interviewed and outlines and memorandum were prepared with the

anticipation that the case would be tried.  We had frequent conversations with opposing counsel

and their clients, governmental officials, and others who would be involved in litigation or any

"in kind" settlement where the project would be remediated. Our experts poured over the project

gathering data.  Some of these experts were used by the Plaintiff Steering Committee as trial

experts, after we introduced the experts to the PSC.  This expert data, client data, discovery

responses, documentary evidence, and information gained from witnesses was used to create

graphic renditions and other exhibits in an effort to find patterns to assist identifying the drywall

2

installed in the units. This data and our research, was also used to create evidentiary arguments related to our bond claim, contest insurance defenses and meet the elements for our various claims for relief. In addition, because our clients continued to face financial hardships and were losing units to foreclosure, we helped assist the class members in their efforts to remain owners. Because our clients were suffering from the stigma associated with owning units in a Chinese drywall condominium, we were required to take extraordinary efforts to protect the project. For example, upon learning that KPT agreed to accept service, our offices obtained emergency relief from the State Court and attempted to contact every owner, in writing as well as over the phone or in person, to gain permission to join the Omni complaints and obtain data to support their claims. None of this work and other work is being recognized as common benefit. In short, my litigation team has devoted our practice to this case. I am extremely proud of our work.

4.      The chart attached hereto as Exhibit A is a summary of time spent by the attorneys of my Firm on this litigation, and the lodestar calculation based on my Firm's current billing rates. The chart includes the name of each attorney and paralegal who has worked on the matter, the hourly billing rate and the hours expended by each attorney and paralegal. The chart was prepared from contemporaneous time records prepared by my Firm, which are available for submission to this Court at its request.

5.      The total number of hours spent on this litigation against Defendants by my Firm from the inception of the case through the present is 4,581.80 hours. The total lodestar for attorney and paralegal time based on my Firm's current rates is $1,284,980.00. The hourly rates in the chart, Exhibit A, are commensurate with the hourly fees of associate counsel and staff with the same amount of experience and who performed the same legal activities.

3

6.      The chart attached hereto as Exhibit B is a detailed summary of the expenses spent by my Firm on this litigation.  The total amount for these expenses is $30,207.13.

7.      I declare under penalty of perjury and the laws of this Court that the foregoing is true and correct.

Date: December ___9___, 2013

By: _____
    Joel R. Rhine

*Hobbie, et al., v. RCR Holdings, II, LLC*

Rhine Martin Law Firm, P.C.

EXHIBIT A

| Name | Position | Hours | Rate | Total |
|------|----------|-------|------|-------|
| Joel R. Rhine | Partner | 2040.25. | $500.00 | $1,020,125.00 |
| Jean S. Martin | Partner | 23.50 | $500.00 | $11,750.00 |
| Katie Lesica | Associate | 3.25 | $500.00 | $1,625.00 |
| Shannon Kelley | Paralegal | 1949.40 | $100.00 | $194,940.00 |
| Holly Austin | Paralegal | 555.40 | $100.00 | $55,540.00 |
| Cassia Folkers | Paralegal | 8.75 | $100.00 | $875.00 |
| Cristi Schomp | Paralegal | 1.25 | $100.00 | $125.00 |
| **TOTAL** | | **4581.80** | | **$1,284,980.00** |

Hobbie, et. al., v. RCR Holdings, II, LLC

Rhine Martin Law Firm, P.C.

Exhibit B

### Filing Fees

| Case | Date | Description | | Amount |
|------|------|-------------|---|--------|
| Renaissance | 10/22/2009 | FL Bar Association - Fee for Joel Rhine PHV | | 250.00 |
| Renaissance | 10/27/2009 | Clerk of Court - Filing Fees for Joel Rhine PHV | | 100.00 |
| | | | Total | 350.00 |

### Conference Calls

| Case | Date | Description | | Amount |
|------|------|-------------|---|--------|
| Renaissance | 7/29/2009 | Premiere Global Conferencing | | 75.92 |
| | | | Total | 75.92 |

### Misc. Advanced Expenses

| Case | Date | Description | | Amount |
|------|------|-------------|---|--------|
| Renaissance | 6/1/2012 | Office Supplies (Class Settlement) | | 12.83 |
| Renaissance | 11/5/2012 | Coastal Document Production (Services on-Site) | | 983.66 |
| Renaissance | 12/1/2012 | Mintzer Serowitz Seris (50% - document production) | | 64.66 |
| | | | Total | 1,061.15 |

### Research

| Case | Date | Description | Amount |
|------|------|-------------|--------|
| Renaissance | 11/1/2009 | Westlaw (November 2009) | 462.72 |
| Renaissance | 1/1/2010 | Westlaw (January 2010) | 3.66 |
| Renaissance | 4/1/2010 | Pacer (April 2010) | 2.56 |
| Renaissance | 5/1/2010 | Pacer (May 2010) | 2.40 |
| Renaissance | 8/1/2010 | Westlaw (August 2010) | 62.06 |
| Renaissance | 8/1/2010 | Pacer (August 2010) | 10.40 |
| Renaissance | 11/1/2010 | Pacer (November 2010) | 2.72 |
| Renaissance | 12/1/2010 | Westlaw (December 2010) | 7.47 |
| Renaissance | 1/1/2011 | Westlaw (January 2011) | 3.36 |
| Renaissance | 2/1/2011 | Westlaw (February 2011) | 3.28 |
| Renaissance | 3/1/2011 | Pacer (March 2011) | 5.12 |
| Renaissance | 3/1/2011 | Westlaw (March 2011) | 2.95 |
| Renaissance | 4/1/2011 | Pacer (April 2011) | 2.40 |
| Renaissance | 8/1/2011 | Pacer (August 2011) | 8.96 |
| Renaissance | 11/1/2011 | Pacer (November 2011) | 2.48 |
| Renaissance | 12/1/2011 | LexisNexis File & Serve (December 2011) | 51.36 |
| Renaissance | 2/11/2012 | Westlaw (February 2012) | 29.04 |
| Renaissance | 3/1/2012 | Westlaw (March 2012) | 24.99 |
| Renaissance | 9/25/2012 | Westlaw (September 2012) | 5.49 |
| Renaissance | 10/16/2012 | Westlaw (October 2012) | 1.53 |
| Renaissance | 12/1/2012 | Westlaw (December 2012) | 2.65 |
| | | Total | 697.60 |

**Travel**

| Case | Date | Description | Amount |
|------|------|-------------|--------|
| Renaissance | 8/26/2009 | Trip from ILM to Ft. Lauderdale (Joel Rhine) (8/26/09 - 8/27/09) (Flight: 199.20; Argo Travel: 40.00; Hotel: 88.09; Meals: 55.14; Parking: 20.00) | 402.43 |
| Renaissance | 9/10/2009 | Trip from ILM to Ft. Lauderdale (Joel Rhine) (9/10/09 - 9/11/09)    (Flight: 422.39; Hotel: 122.05; Meals: 21.94; Rental Car: 82.99; Gas: 23.54; Parking: 16.00) | 688.91 |
| Renaissance | 9/17/2009 | Trip from ILM to Ft. Lauderdale (Joel Rhine) (9/17/09 - 9/18/09)    (Flight 411.39; Hotel: 113.54; Meals: 57.18; Parking: 15.00) | 597.11 |
| Renaissance | 10/6/2009 | Trip from RDU to Ft. Lauderdale (Joel Rhine) (10/6/09 - 10/7/09)    (Flight: 271.40; Mileage: 160.89; Rental Car: 68.06; Gas: 4.38; Hotel: 146.52; Misc: 21.25; Meals: 52.44; Parking: 20.00) | 744.94 |
| Renaissance | 10/27/2009 | Trip from Orlando to Ft. Lauderdale (Joel Rhine) (10/26/09 - 10/28/09) (Flight: 106.60; Baggage Fee: 25.00; Hotel: 129.46; Rental Car: 48.23; Gas: 8.71; Meals: 56.36) | 374.36 |
| Renaissance | 1/21/2010 | Trip from RDU to Ft. Lauderdale (Joel Rhine) (1/21/10 - 1/22/10): (Flight: 277.80; Rental Car: 162.79; Meals: 145.25; Gas: 12.25; Parking: 20.00; Hotel: 116.30; Mileage: 158.45) | 892.84 |
| Renaissance | 6/7/2010 | Trip from ILM to West Palm Beach, FL (Joel Rhine) (6/7/10 - 6/8/10): (Flight: 356.80; Hotel: 277.64; Meals: 139.16; Parking: 16.00) | 789.60 |
| Renaissance | 2/3/2011 | Trip from ILM to Washington, DC (Joel Rhine - Pre-Mediation Meeting): (Flight: 519.80; Meals: 8.64; Parking: 9.00; Cab Fare: 16.00) | 553.44 |
| Renaissance | 2/14/2011 | Trip from ILM to Miami, FL (Joel Rhine - Mediation):            (Flight: 304.80; Baggage Fee: 50.00; Hotel: 842.56; Meals: 409.63; Cab Fare: 55.00; Parking: 27.00 | 1,688.99 |
| Renaissance | 3/22/2011 | Trip from RDU to New Orleans, LA (Joel Rhine - Mediation): (Flight: 404.04; Change Flight: 557.80; Hotel: 239.30; Meals: 66.22; Cab Fare: 78.00; Parking: 20.00) | 1,367.36 |
| Renaissance | 5/25/2011 | Travel from Wilmington to New Orleans, LA (Joel Rhine - Hearing):            (Flight: 614.80; Cab Fare: 100.00; Meals:  111.25; Parking:  18.00; Hotel:  208.32) | 1,052.37 |
| Renaissance | 12/6/2011 | Flight from Wilmington to Ft. Lauderdale (Joel Rhine - Mediation): CANCELLED/NO REFUND | 331.29 |
| Renaissance | 12/6/2011 | Travel from Wilmington to Miami (Joel Rhine - Mediation): (Flight:  399.80; Checked Bag: 50.00; Cab Fare: 20.00; Meals:  123.93; Parking: 18.00; Hotel: 308.50) | 920.23 |
| Renaissance | 1/12/2012 | Travel from ILM to Miami (Joel Rhine - Deposition): (Flight: 317.20, Hotel: 152.71, Meals: 162.59, Parking: 18.00) | 650.50 |

| | | | |
|---|---|---|---|
| Renaissance | 1/30/2012 | Travel from ILM to Miami (Joel Rhine - Document Review): (Flight Refund Applied. Change Fee Only, Baggage Fee: 19.00, Meals: 195.74, Cab: 61.00, Parking: 20.00) | 545.74 |
| Renaissance | 5/29/2012 | Travel to Miami (JRR) – Flight 227.35, Hotel: 255.25, Shuttle: 18.00,  Meals: 24.64, Parking: 17.50 | 770.09 |
| Renaissance | 6/13/2012 | Travel to NOLA (JRR) – Meals: 150.94, Flight: 210.00, Hotel: 170.37, Cab: 111.00, Parking: 15.00, Baggage: 9.00 | 666.31 |
| Renaissance | 6/13/2012 | Travel to NOLA (JRR) – Meals: 153.95, Flight: 512.20, Hotel: 370.90, Cab: 73.00, Parking: 19.00 | 1,129.05 |
| Renaissance | 11/12/2012 | Travel to NOLA (JRR) – Meals: 462.56, Flight: 260.10, Hotel: 803.26, Parking: 35.00 | 1,560.92 |
| Renaissance | 1/14/12 - 1/16/12 | Travel to NOLA (JRR) – Meals: 429.14, Parking/Cabs: 176.00, 2 days bag storage: 20.00, Hotel: 551.79, Flight: 738.60 | 1,915.53 |
| Renaissance | 1/21/13-1/22/13 | Travel to Ft. Lauderdale (JRR)- Meals: 76.48, Parking/Shuttle: 38.00, Flight: 448.60, Hotel: 209.79 | 772.87 |
| Renaissance | 3/20/13-3/21/13 | Travel to NOLA (JRR)-  Flight: 662.60, Hotel: 273.20, Meals: 112.93, Cab: 88.00, Parking: 14.00 | 1,150.73 |
| Renaissance | 4/23/13- 4/24/13 | Travel to NOLA (JRR): Flight: 482.60, Hotel: 273.20, Meals: 167.16, Cab:50.00, Parking: 18.00 | 990.96 |
| Renaissance | 8/19/13-8/20/13 | Travel to NOLA (JRR): Flight: 405.00, Hotel: 170.37, Meals: 173.26, Cab: 146.20, Parking: 80.00 | 974.83 |
| Renaissance | 9/16/13-9/17/13 | Travel to NOLA (JRR): Flight: 420.60, Hotel: 222.20, Meals: 179.15; Cab: 40.00; Parking: 20.00 | 881.95 |
| Renaissance | 10/15/13-10/16/13 | Travel to Fort Lauderdale (JRR): Flight: 305.60; Hotel: 112.28; Rental Car: 79.36; Meals: 37.80 | 535.04 |
| | | Total | 22,948.39 |

## Copies/Prints (B/W = 0.15, Color = 0.25)

| Case | Date | Description | Amount |
|---|---|---|---|
| Renaissance | 9/1/2010 | In-House Copies (September 2010) | 9.00 |
| Renaissance | 10/1/2010 | In-House Copies (October 2010) | 0.75 |
| Renaissance | 1/1/2011 | In-House Copies (January 2011) | 10.00 |
| Renaissance | 2/1/2011 | In-House Copies (February 2011) | 17.25 |
| Renaissance | 3/1/2011 | In-House Copies/Prints (March 2011) | 28.70 |
| Renaissance | 4/1/2011 | In-House Copies/Prints (April 2011) | 162.40 |
| Renaissance | 5/1/2011 | In-House Copies/Prints (May 2011) | 39.55 |

| | | | |
|---|---|---|---|
| Renaissance | 6/1/2011 | In-House Copies/Prints (June 2011) | 33.75 |
| Renaissance | 7/1/2011 | In-House Copies/Prints (July 2011) | 82.70 |
| Renaissance | 8/1/2011 | In-House Copies/Prints (August 2011) | 41.65 |
| Renaissance | 9/1/2011 | In-House Copies/Prints (September 2011) | 154.35 |
| Renaissance | 10/1/2011 | In-House Copies/Prints (October 2011) | 174.55 |
| Renaissance | 11/1/2011 | In-House Copies/Prints (November 2011) | 296.00 |
| Renaissance | 12/1/2011 | In-House Copies/Prints (December 2011) | 509.30 |
| Renaissance | 1/1/2012 | In-House Copies/Prints (January 2012) | 510.55 |
| Renaissance | 1/12/2012 | FedEx Office (Copies/Prints) (January 2012) | 544.92 |
| Renaissance | 2/1/2012 | In-House Copies/Prints (February 2012) | 26.60 |
| Renaissance | 3/1/2012 | In-House Copies/Prints (March 2012) | 34.80 |
| Renaissance | 4/1/2012 | In-House Copies/Prints (April 2012) | 2.85 |
| Renaissance | 5/1/2012 | In-House Copies/Prints (May 2012) | 16.45 |
| Renaissance | 6/1/2012 | In-House Copies/Prints (June 2012) | 516.35 |
| Renaissance | 7/1/2012 | In-House Copies/Prints (July 2012) | 10.65 |
| Renaissance | 8/1/2012 | In-House Copies/Prints (August 2012) | 22.40 |
| Renaissance | 9/1/2012 | In-House Copies/Prints (September 2012) | 48.05 |
| Renaissance | 10/1/2012 | In-House Copies/Prints (October 2012) | 15.30 |
| Renaissance | 11/1/2012 | In-House Copies/Prints (November 2012) | 79.20 |
| Renaissance | 12/1/2012 | In-House Copies/Prints (December 2012) | 7.20 |
| Renaissance | 1/1/2013 | In-House Copies/Prints (January 2013) | 39.40 |
| Renaissance | 2/1/2013 | In-House Copies/Prints (February 2013) | 74.05 |
| Renaissance | 3/1/2013 | In-House Copies/Prints (March 2013 | 249.10 |
| Renaissance | 4/1/2013 | In-House Copies/Prints (April 2013) | 272.85 |
| Renaissance | 5/1/2013 | In-House Copies/Prints (May 2013) | 0.30 |
| Renaissance | 7/1/2013 | In-House Copies/Prints (July 2013) | 1.05 |
| Renaissance | 8/1/2013 | In-House Copies/Prints (August 2013) | 9.30 |
| Renaissance | 9/1/2013 | In-House Copies/Prints (September 2013) | 30.15 |
| Renaissance | 10/1/2013 | In-House Copies/Prints (October 2013) | 45.15 |
| | | Total | 4,116.82 |

### Postage/Faxes

| Case | Date | Description | Amount |
|---|---|---|---|
| Renaissance | 10/1/2009 | Postage (October 2009) | 5.49 |
| Renaissance | 11/1/2009 | Fax (November 2009) | 2.25 |
| Renaissance | 11/1/2009 | Postage (November 2009) | 4.44 |
| Renaissance | 4/1/2010 | Postage (April 2010) | 1.39 |
| Renaissance | 9/1/2010 | Postage (September 2010) | 8.80 |
| Renaissance | 10/1/2010 | Postage (October 2010) | 15.59 |
| Renaissance | 10/1/2010 | Fax (October 2010) | 0.50 |
| Renaissance | 11/1/2010 | Postage (November 2010) | 2.20 |
| Renaissance | 12/1/2010 | Postage (December 2010) | 2.00 |
| Renaissance | 12/1/2010 | Fax (December 2010) | 0.50 |
| Renaissance | 1/1/2011 | Postage (January 2011) | 15.90 |
| Renaissance | 1/1/2011 | Postage - Fed Ex (January 2011) | 22.40 |
| Renaissance | 2/1/2011 | Postage - Fed Ex (February 2011) | 2.20 |

12/9/2013

| | | | |
|---|---|---|---|
| Renaissance | 6/1/2011 | Postage (June 2011) | 2.20 |
| Renaissance | 7/1/2011 | Postage (July 2011) | 14.08 |
| Renaissance | 9/1/2011 | Postage (September 2011) | 1.32 |
| Renaissance | 9/1/2011 | Postage - Fed Ex (September 2011) | 260.28 |
| Renaissance | 10/1/2011 | Postage (October 2011) | 27.45 |
| Renaissance | 10/1/2011 | Postage - Fed Ex (October 2011) | 26.45 |
| Renaissance | 11/1/2011 | Postage (November 2011) | 1.28 |
| Renaissance | 12/1/2011 | Postage - Fed Ex (December 2011) | 168.65 |
| Renaissance | 12/1/2011 | Postage (December 2011) | 17.92 |
| Renaissance | 1/1/2012 | Postage - Fed Ex (January 2012) | 66.76 |
| Renaissance | 2/1/2012 | Postage (February 2012) | 1.30 |
| Renaissance | 3/1/2012 | Postage (March 2012) | 4.20 |
| Renaissance | 4/1/2012 | Postage - Fed Ex (April 2012) | 13.98 |
| Renaissance | 6/1/2012 | Postage (June 2012) | 267.15 |
| Renaissance | 7/1/2012 | Postage (July 2012) | 0.65 |

|  |  |
|---|---|
| Total | 957.25 |

**Total Expenses    30,207.13**

# EXHIBIT A

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: CHINESE MANUFACTURED<br>DRYWALL PRODUCTS<br>LIABILITY LITIGATION | )<br>)<br>)<br>) | MDL NO. 2047 |
| THIS DOCUMENT RELATES TO: | )<br>) | SECTION: L |
| *Hobbie, et al. v.*<br>*RCR Holdings II, LLC, et al.,* | )<br>)<br>) | JUDGE FALLON |
| No. 10-1113 | )<br>)<br>) | MAG. JUDGE WILKINSON |

**DECLARATION OF GARY E. MASON IN SUPPORT OF
PLAINTIFFS' MOTION FOR AN AWARD OF ATTORNEYS' FEES AND
REIMBURSEMENT OF EXPENSES TO SETTLEMENT CLASS COUNSEL**

Gary E. Mason, pursuant to 28 U.S.C. § 1746, based upon his personal knowledge,

information, and belief, attests to the following:

1.     I, Gary E. Mason, serve as Plaintiffs' Counsel for the Plaintiffs in the above-

captioned action.  I am a Partner and Co-Founder of Whitfield Bryson & Mason LLP in

Washington, D.C.

2.     I am submitting this affidavit in support of my firm's application for an award of

attorneys' fees in connection with services rendered to the Plaintiffs and the Class and the

reimbursement of expenses incurred by my firm to date in the course of this litigation.

3.     My Firm has been involved in all aspects of this litigation.  Together with the

other Class Counsel, we researched the factual basis for the claims advanced; formulated and

researched the legal theories for relief; and conducted factual and legal research; we retained and

consulted with experts in construction defects; we investigated hundreds of units; we organized

several community meetings and met with or otherwise communicated with hundreds of class members; we engaged in formal and informal discovery, including the review and organization of more than 50 boxes of plans, specifications and related material produced by Coastal; we briefed various legal issues, including the economic loss rule, as directed by the Court, we led the extended negotiations which led to settlements with both RCR and the Coastal Defendants. The *Hobbie* action was filed on September 21, 2009 in the Circuit Court for Palm Beach County, Florida. It was removed by Defendant Banner Supply Company, Inc. on February 26, 2010, then transferred to this Court pursuant to MDL procedures. On February 15-16, 2011, Settlement Class Counsel participated in a mediation before Richard O. Kingrea in Miami, Florida. By order of this Court, the mediation was continued in New Orleans, Louisiana on March 22, 2011. The mediation did not result in the resolution of this matter. Thereafter, the parties attended an informal mediation in Miami, Florida on December 9, 2011; attended Court-ordered mediation before Dan Balhoff, on August 22-23; attended Court-ordered mediation on January 15-16, 2013. Ultimately, after numerous back and forth discussions – both at the mediations and the days that followed - the Settling Parties finally reached an agreement memorialized on a Settlement Term Sheet dated January 29, 2013. Our Firm was extensively involved in the very complex negotiation of the settlement with Defendants, the drafting of settlement papers and the motion for preliminary approval, final approval and the hearings held in connection thereto. After notice was disseminated, our Firm responded to several hundred requests for information and questions and continue to respond to requests for information.

The Court entered the Final Order and Judgment Certifying the Coastal Settlement Class, Appointing Class Counsel, and Granting Final Approval of the Settlement Regarding Claims Against Coastal Construction of South Florida, Inc. Related to Villa Lago at Renaissance

Commons in MDL. No. 2047 on October 21, 2013 (Dkt. # 17177). Since that time, Class

Counsel has worked closely with the Coastal Defendants to ensure the funding of the Settlement.

Class Counsel has also coordinated with Moss and Brown Greer with respect to the

implementation of the Settlement. Class Counsel and a team of paralegals are in daily

communication with Moss and Class Members to answer Class Member's questions and ensure

all documentation has been properly prepared and submitted so that the remediation can proceed

as scheduled. It is anticipated that Class Counsel will be actively engaged in the remediation

project until its completion in late-2014.

4.      The chart attached hereto as Exhibit A is a summary of time spent by the

attorneys of my firm on this litigation, and the lodestar calculation based on my firm's current

billing rates. The chart includes the name of each attorney who has worked on the matter, the

current hourly billing rate and the hours expended by each attorney. The chart was prepared

from contemporaneous time records prepared by my firm, which are available for submission to

this Court at its request.

5.      The chart attached hereto as Exhibit B is a detailed summary of the expenses

spent by my firm on this litigation to date and expenses related to the cost to inspect each unit at

Villa Lago. The total amount for these expenses is $183,910.36.

6.      The total number of hours spent on this litigation against Defendants by my firm

from the inception of the case through the present is 3,681.49 hours. The total lodestar for

attorney time based on the firm's current rates is $1,314,217.00. The hourly rates in the chart,

Exhibit A, are the same rates which my firm utilizes in all of its non-contingent matters and/or

which have been accepted and approved in other complex contingent class action litigation.

3

8.      I declare under penalty of perjury and the laws of this Court that the foregoing is true and correct.

Date: December 10, 2013                  /s/ Gary E. Mason

                                         Gary E. Mason

EXHIBIT A

*Hobbie, et al., v. RCR Holdings, II, LLC*

Whitfield Bryson & Mason LLP

EXHIBIT A

| Name | Position | Hours | Rate. | Total |
|---|---|---|---|---|
| Gary E. Mason | Partner | 900.75 | $680.00 | $612,510.00 |
| Donna F. Solen | Partner | 609.90 | $570.00 | $347,643.00 |
| Jason S. Rathod | Associate | 11.25 | $294.00 | $3,307.50 |
| Monica Bansal | Associate | 152.25 | $250.00 | $38,062.50 |
| Monica C. DiCocco | Paralegal | 763.25 | $180.00 | $137,385.00 |
| Shannon B. Kelley | Paralegal | 859.50 | $150.00 | $128,925.00 |
| Amanda K. Mkamanga | Paralegal | 43.60 | $150.00 | $6,540.00 |
| Lee A. Siegel | Paralegal | 287.25 | $120.00 | $34,470.00 |
| Amanda M. DiCocco | Paralegal | 53.74 | $100.00 | $5,374.00 |
| **TOTAL** | | 3681.49 | | $1,314,217.00 |

EXHIBIT B

**EXHIBIT B**

In House Expenses-Whitfield Bryson Mason
(f/k/a Mason LLP)

| Description | Total |
|---|---|
| Transcripts/Court Reporting | $869.79 |
| Research | $5,982.10 |
| Reference Materials | $99.95 |
| Photocopies | $754.67 |
| Filing Fee/Service | $721.85 |
| Facsmilie | $4.40 |
| Conference Call | $663.78 |
| Express Mail/Postage | $2,171.30 |
| Travel Expenses | $26,416.77 |
| **Total Expenses** | **$37,684.61** |

**EXHIBIT B**

### CDW EXPERT EXPENSES
### Rhine Law Firm, PC
### 12/2009 - Present

**EXHIBIT B - Expert Expenses - Paid by Litigation Group**

| Statement Date | Expert Description | Amount |
|---|---|---|
| 1/22/2010 | ALS Laboratory (Carlos) | 150.00 |
| 1/22/2010 | ALS Laboratory (Ercolino) | 150.00 |
| 1/22/2010 | ALS Laboratory (Irvin) | 150.00 |
| 1/22/2010 | ALS Laboratory (Jolly) | 150.00 |
| 1/22/2010 | ALS Laboratory (Kellfelz) | 150.00 |
| 1/22/2010 | ALS Laboratory (Renaissance Commons) | 150.00 |
| 1/22/2010 | ALS Laboratory (15 Units at Renaissance Commons) | 750.00 |
| 12/21/2012 | Benchmark Remediation Group (Baron) | 600.00 |
| 12/21/2012 | Benchmark Remediation Group (Cammarata) | 600.00 |
| 12/21/2012 | Benchmark Remediation Group (Copello) | 600.00 |
| 12/21/2012 | Benchmark Remediation Group (DeMaio) | 600.00 |
| 12/21/2012 | Benchmark Remediation Group (Dileo) | 600.00 |
| 12/21/2012 | Benchmark Remediation Group (Gani) | 600.00 |
| 12/21/2012 | Benchmark Remediation Group (Luntz) | 600.00 |
| 12/21/2012 | Benchmark Remediation Group (Polovin) | 600.00 |
| 12/21/2012 | Benchmark Remediation Group (Shepard) | 600.00 |
| 12/21/2012 | Benchmark Remediation Group (Stock) | 600.00 |
| 12/21/2012 | Benchmark Remediation Group (Twin Crest) | 600.00 |
| 12/21/2012 | Benchmark Remediation Group (Wood) | 600.00 |
| 12/21/2012 | Benchmark Remediation Group (Yasinski) | 600.00 |
| 2/25/2011 | Berman & Wright | 313.50 |
| 7/29/2011 | BrightClaim (Graham-Dayton) | 250.00 |
| 7/29/2011 | BrightClaim Johnson-Knoth) | 250.00 |
| 7/29/2011 | BrightClaim (Minuto) | 250.00 |
| 7/29/2011 | BrightClaim (Shaya) | 250.00 |
| 10/31/2011 | BrightClaim (Dileo) | 250.00 |
| 10/31/2011 | BrightClaim (Jolly) | 250.00 |
| 12/31/2009 | BrightClaim (Axelrod) | 250.00 |
| 12/31/2009 | BrightClaim (Balassone) | 250.00 |
| 12/31/2009 | BrightClaim (Balassone) | 100.00 |
| 12/31/2009 | BrightClaim (Balassone) | 250.00 |
| 12/31/2009 | BrightClaim (Baron) | 250.00 |
| 12/31/2009 | BrightClaim (Bashein) | 250.00 |
| 1/14/2010 | BrightClaim (Boroscope) | 1,825.20 |
| 12/31/2009 | BrightClaim (Bragoli) | 250.00 |
| 12/31/2009 | BrightClaim (Brice) | 250.00 |
| 12/31/2009 | BrightClaim (Camastra) | 250.00 |
| 12/31/2009 | BrightClaim (Cammarata) | 100.00 |
| 12/31/2009 | BrightClaim (Cammarata) | 250.00 |
| 12/31/2009 | BrightClaim (Campbell) | 250.00 |
| 12/31/2009 | BrightClaim (Carbone) | 100.00 |
| 12/31/2009 | BrightClaim (Carbone) | 250.00 |
| 12/31/2009 | BrightClaim (Chandra) | 250.00 |
| 12/31/2009 | BrightClaim (Cohen, Jay) | 250.00 |

12/10/2013

EXHIBIT B

## CDW EXPERT EXPENSES
### Rhine Law Firm, PC
### 12/2009 - Present

| | | |
|---|---|---|
| 12/31/2009 | BrightClaim (Cohen, Richard) | 250.00 |
| 12/31/2009 | BrightClaim (Conlin) | 250.00 |
| 12/31/2009 | BrightClaim (Csakanyos) | 250.00 |
| 12/31/2009 | BrightClaim (Csakanyos) | 100.00 |
| 12/31/2009 | BrightClaim (Dalal) | 250.00 |
| 12/31/2009 | BrightClaim (Edwards) | 250.00 |
| 12/31/2009 | BrightClaim (Englander) | 250.00 |
| 12/31/2009 | BrightClaim (Flaherty) | 250.00 |
| 12/31/2009 | BrightClaim (Flaherty) | 250.00 |
| 12/31/2009 | BrightClaim (Gottlob) | 250.00 |
| 12/31/2009 | BrightClaim (Hahn) | 250.00 |
| 12/31/2009 | BrightClaim (Ijac) | 250.00 |
| 12/31/2009 | BrightClaim (Ijac) | 250.00 |
| 12/31/2009 | BrightClaim (Irvin) | 250.00 |
| 12/31/2009 | BrightClaim (Jordan) | 250.00 |
| 12/31/2009 | BrightClaim (Kallfelz) | 250.00 |
| 12/31/2009 | BrightClaim (Kellner) | 250.00 |
| 12/31/2009 | BrightClaim (Klemm) | 250.00 |
| 12/31/2009 | BrightClaim (Klemm) | 100.00 |
| 12/31/2009 | BrightClaim (Kroll) | 250.00 |
| 12/31/2009 | BrightClaim (Kropf) | 250.00 |
| 12/31/2009 | BrightClaim (LaSala) | 250.00 |
| 12/31/2009 | BrightClaim (Lattanzio) | 250.00 |
| 12/31/2009 | BrightClaim (Luntz) | 250.00 |
| 12/31/2009 | BrightClaim (Luntz) | 250.00 |
| 12/31/2009 | BrightClaim (Madigan) | 250.00 |
| 12/31/2009 | BrightClaim (Maesel) | 250.00 |
| 12/31/2009 | BrightClaim (Maness) | 250.00 |
| 12/31/2009 | BrightClaim (Michaud) | 250.00 |
| 12/31/2009 | BrightClaim (Miller, William) | 250.00 |
| 12/31/2009 | BrightClaim (Minuto) | 250.00 |
| 12/31/2009 | BrightClaim (Molina) | -250.00 |
| 12/31/2009 | BrightClaim (Morenstein) | 250.00 |
| 12/31/2009 | BrightClaim (Murray, Brian) | 250.00 |
| 12/31/2009 | BrightClaim (Murray, Paul and Lois) | 250.00 |
| 12/31/2009 | BrightClaim (Murray, Paul) | 250.00 |
| 12/31/2009 | BrightClaim (Okally, Aly) | 250.00 |
| 12/31/2009 | BrightClaim (Ovicher) | 250.00 |
| 12/31/2009 | BrightClaim (Panico) | 250.00 |
| 12/31/2009 | BrightClaim (Pereca) | 250.00 |
| 12/31/2009 | BrightClaim (Polovin) | 250.00 |
| 12/31/2009 | BrightClaim (Poplausky) | 250.00 |
| 12/31/2009 | BrightClaim (Proske) | 250.00 |
| 12/31/2009 | BrightClaim (Ramos, Manuel) | 250.00 |
| 12/31/2009 | BrightClaim (Ramos, Marianne) | 250.00 |
| 12/31/2009 | BrightClaim (Rayman) | 250.00 |

12/10/2013

EXHIBIT B

## CDW EXPERT EXPENSES
### Rhine Law Firm, PC
### 12/2009 - Present

| | | |
|---|---|---|
| 12/31/2009 | BrightClaim (Renzetti) | 250.00 |
| 12/31/2009 | BrightClaim (Riback) | 250.00 |
| 12/31/2009 | BrightClaim (Riback) | 250.00 |
| 12/31/2009 | BrightClaim (Richman) | 250.00 |
| 12/31/2009 | BrightClaim (Rovezzi) | 250.00 |
| 12/31/2009 | BrightClaim (Rovezzi) | 100.00 |
| 12/31/2009 | BrightClaim (Sabatino) | 100.00 |
| 12/31/2009 | BrightClaim (Sabatino) | 250.00 |
| 12/31/2009 | BrightClaim (Schmidt) | 250.00 |
| 12/31/2009 | BrightClaim (Schour - Mitchell) | 250.00 |
| 12/31/2009 | BrightClaim (Shaya) | 250.00 |
| 12/31/2009 | BrightClaim (Sheperd) | 250.00 |
| 12/31/2009 | BrightClaim (Sheperd) | 250.00 |
| 12/31/2009 | BrightClaim (Smith) | 250.00 |
| 12/31/2009 | BrightClaim (Smith) | 100.00 |
| 12/31/2009 | BrightClaim (Stock) | 250.00 |
| 12/31/2009 | BrightClaim (Taylor) | 100.00 |
| 12/31/2009 | BrightClaim (Taylor) | 250.00 |
| 12/31/2009 | BrightClaim (Temple) | 250.00 |
| 12/31/2009 | BrightClaim (Temple) | 250.00 |
| 12/31/2009 | BrightClaim (Thompson) | 250.00 |
| 12/31/2009 | BrightClaim (Thompson) | 100.00 |
| 12/31/2009 | BrightClaim (Tilmann) | 250.00 |
| 12/31/2009 | BrightClaim (Tuller Investments) | 250.00 |
| 12/31/2009 | BrightClaim (Wiley) | 250.00 |
| 12/31/2009 | BrightClaim (Wiley) | 100.00 |
| 12/31/2009 | BrightClaim (Wiley) | 250.00 |
| 12/31/2009 | BrightClaim (Wiley) | 250.00 |
| 12/31/2009 | BrightClaim (Wiley) | 100.00 |
| 12/31/2009 | BrightClaim (Wojcik) | 250.00 |
| 12/31/2009 | BrightClaim (Wood) | 250.00 |
| 12/31/2009 | BrightClaim (Young) | 250.00 |
| 12/31/2009 | BrightClaim (Young) | 100.00 |
| 12/31/2009 | BrightClaim (Zagalsky) | 250.00 |
| 12/31/2009 | BrightClaim (Zhou) | 250.00 |
| 12/31/2009 | BrightClaim (Twin Crest) | 250.00 |
| 11/30/2009 | BrightClaim (Baez) | 250.00 |
| 11/30/2009 | BrightClaim (Bast) | 250.00 |
| 11/30/2009 | BrightClaim (Casalengo) | 250.00 |
| 11/30/2009 | BrightClaim (D'Ambrosio) | 250.00 |
| 11/30/2009 | BrightClaim (DeNavea, Marta Lisa) | 250.00 |
| 11/30/2009 | BrightClaim (DeNavea, Marta) | 250.00 |
| 11/30/2009 | BrightClaim (Dillenquin) | 250.00 |
| 11/30/2009 | BrightClaim (Eubank) | 250.00 |
| 11/30/2009 | BrightClaim (Figueroa) | 250.00 |
| 11/30/2009 | BrightClaim (Gazzal) | 250.00 |

12/10/2013

Case 2:09-md-02047-EEF-JCW   Document 17320-3   Filed 12/10/13   Page 43 of 59    EXHIBIT B

## CDW EXPERT EXPENSES
### Rhine Law Firm, PC
#### 12/2009 - Present

| | | |
|---|---|---|
| 11/30/2009 | BrightClaim (Grace) | 250.00 |
| 11/30/2009 | BrightClaim (Graham-Dayton) | 250.00 |
| 11/30/2009 | BrightClaim (Haworth Holdings) | 250.00 |
| 11/30/2009 | BrightClaim (Hobble) | 250.00 |
| 11/30/2009 | BrightClaim (Jioia, Perry) | 250.00 |
| 11/30/2009 | BrightClaim (Jioia, Robert) | 250.00 |
| 11/30/2009 | BrightClaim (Johnson-Knoth) | 250.00 |
| 11/30/2009 | BrightClaim (Keufman) | 250.00 |
| 11/30/2009 | BrightClaim (Kolich) | 250.00 |
| 11/30/2009 | BrightClaim (Kolich) | 250.00 |
| 11/30/2009 | BrightClaim (Kovens) | 250.00 |
| 11/30/2009 | BrightClaim (Kramer) | 250.00 |
| 11/30/2009 | BrightClaim (Krause) | 250.00 |
| 11/30/2009 | BrightClaim (Leone) | 250.00 |
| 11/30/2009 | BrightClaim (Lewis) | 250.00 |
| 11/30/2009 | BrightClaim (Litwin) | 250.00 |
| 11/30/2009 | BrightClaim (Loutfy) | 250.00 |
| 11/30/2009 | BrightClaim (Meinholz) | 250.00 |
| 11/30/2009 | BrightClaim (Molina) | 250.00 |
| 11/30/2009 | BrightClaim (Molina) | 250.00 |
| 11/30/2009 | BrightClaim (Pereca) | 250.00 |
| 11/30/2009 | BrightClaim (Piccolo) | 250.00 |
| 11/30/2009 | BrightClaim (Polychronopoulos) | 250.00 |
| 11/30/2009 | BrightClaim (Sanillo) | 250.00 |
| 11/30/2009 | BrightClaim (Seigel) | 250.00 |
| 11/30/2009 | BrightClaim (Zitner) | 250.00 |
| 1/29/2010 | BrightClaim (Dileo) | 250.00 |
| 1/29/2010 | BrightClaim (Ercolino) | 250.00 |
| 1/29/2010 | BrightClaim (Gani) | 250.00 |
| 1/29/2010 | BrightClaim (Jolly) | 250.00 |
| 1/29/2010 | BrightClaim (Lemberg) | 250.00 |
| 1/29/2010 | BrightClaim (LLG Investment) | 250.00 |
| 1/29/2010 | BrightClaim (Miller, Robert) | 250.00 |
| 1/29/2010 | BrightClaim (Vargas) | 250.00 |
| 1/29/2010 | BrightClaim (Yasinski) | 250.00 |
| 3/31/2010 | BrightClaim (Aguilar) | 250.00 |
| 3/31/2010 | BrightClaim (Cherry Blossom) | 250.00 |
| 3/31/2010 | BrightClaim (DeMaio) | 250.00 |
| 3/31/2010 | BrightClaim (Marks) | 250.00 |
| 5/28/2010 | BrightClaim (Federal Express Charge) | 113.26 |
| 6/30/2010 | BrightClaim (Federal Express Charge) | 138.36 |
| 7/30/2010 | BrightClaim (Federal Express Charge) | 32.55 |
| 8/31/2010 | BrightClaim (Dobric) | 250.00 |
| 8/31/2010 | BrightClaim (Loutfy) | 190.00 |
| 8/31/2010 | BrightClaim (Okally, A.M.) | 275.00 |
| 8/31/2010 | BrightClaim (Panico) | 190.00 |

12/10/2013

EXHIBIT B

CDW EXPERT EXPENSES
Rhine Law Firm, PC
12/2009 - Present

| | | |
|---|---|---|
| 8/31/2010 | BrightClaim (Penzimer) | 250.00 |
| 8/31/2010 | BrightClaim (Polychronopoulos) | 190.00 |
| 8/31/2010 | BrightClaim (Posner) | 190.00 |
| 8/31/2010 | BrightClaim (Rovezzi) | 250.00 |
| 8/31/2010 | BrightClaim (Federal Express Charge) | 43.42 |
| 9/30/2010 | BrightClaim (Jiola, Perry) | 250.00 |
| 9/30/2010 | BrightClaim (Renzetti) | 250.00 |
| 9/30/2010 | BrightClaim (Young) | 250.00 |
| 10/29/2010 | BrightClaim (Balassone) | 250.00 |
| 10/29/2010 | BrightClaim (Jiola, Perry) | 100.00 |
| 10/29/2010 | BrightClaim (Temple) | 250.00 |
| 10/29/2010 | BrightClaim (Zhou) | 250.00 |
| 10/29/2010 | BrightClaim (Federal Express Charge) | 52.44 |
| 11/30/2010 | BrightClaim (Balassone) | 250.00 |
| 11/30/2010 | BrightClaim (Cherry Blossom) | 250.00 |
| 11/30/2010 | BrightClaim (Temple) | 250.00 |
| 11/30/2010 | BrightClaim (Federal Express Charge) | 153.69 |
| 11/30/2010 | BrightClaim (Federal Express Charge) | 44.59 |
| 11/30/2010 | BrightClaim (Federal Express Charge) | 124.83 |
| 12/30/2010 | BrightClaim (Federal Express Charge) | 28.29 |
| 1/31/2011 | BrightClaim (Aguilar) | 250.00 |
| 1/31/2011 | BrightClaim (Balassone) | 250.00 |
| 1/31/2011 | BrightClaim (Hahn) | 250.00 |
| 1/31/2011 | BrightClaim (Kalifelz) | 250.00 |
| 1/31/2011 | BrightClaim (Kaufman) | 250.00 |
| 1/31/2011 | BrightClaim (Krause) | 250.00 |
| 1/31/2011 | BrightClaim (Miler, Robert) | 250.00 |
| 1/31/2011 | BrightClaim (Miler, William) | 250.00 |
| 1/31/2011 | BrightClaim (Taylor-Hoxter) | 250.00 |
| 2/28/2011 | BrightClaim (Lewis) | 250.00 |
| 3/31/2011 | BrightClaim (Baron) | 50.00 |
| 3/31/2011 | BrightClaim (Carlos) | -250.00 |
| 3/31/2011 | BrightClaim (Carlos) | 250.00 |
| 3/31/2011 | BrightClaim (Jiola, Perry) | 250.00 |
| 3/31/2011 | BrightClaim (Jiola, Perry) | -250.00 |
| 3/31/2011 | BrightClaim (Lewis) | -250.00 |
| 3/31/2011 | BrightClaim (Lewis) | 250.00 |
| 3/31/2011 | BrightClaim (Madigan) | 100.00 |
| 3/31/2011 | BrightClaim (Ramos, Manuel) | 250.00 |
| 3/31/2011 | BrightClaim (Wood) | 50.00 |
| 1/31/2012 | BrightClaim (Hahn) | 250.00 |
| 5/28/2010 | BrightClaim (Bragoli) | 100.00 |
| 5/28/2010 | BrightClaim (Conlin) | 100.00 |
| 5/28/2010 | BrightClaim (Copello) | 250.00 |
| 5/28/2010 | BrightClaim (Haywood) | 250.00 |
| 5/28/2010 | BrightClaim (Ijac) | 100.00 |

**EXHIBIT B**

## CDW EXPERT EXPENSES
### Rhine Law Firm, PC
### 12/2009 - Present

| Date | Description | Amount |
|---|---|---|
| 5/28/2010 | BrightClaim (Ijac) | 100.00 |
| 5/28/2010 | BrightClaim (Irvin) | 100.00 |
| 5/28/2010 | BrightClaim (Kallfelz) | 100.00 |
| 5/28/2010 | BrightClaim (Maesel) | 100.00 |
| 5/28/2010 | BrightClaim (Mogor) | 250.00 |
| 5/28/2010 | BrightClaim (Renzetti) | 100.00 |
| 5/28/2010 | BrightClaim (Temple) | 100.00 |
| 5/28/2010 | BrightClaim (Wiley) | 100.00 |
| 12/30/2010 | BrightClaim (Leone) | 250.00 |
| 12/30/2010 | BrightClaim (Poplausky) | 250.00 |
| 1/27/2011 | Digital Evidence (Hobble) | 2,362.50 |
| 2/8/2011 | Digital Evidence (Hobble) | 2,334.25 |
| 2/14/2011 | Digital Evidence (Hobble) | 4,696.75 |
| 2/14/2011 | Digital Evidence (Hobble) | 1,941.46 |
| 1/13/2010 | Dunkelberger Engineering | 1,865.00 |
| 4/23/2010 | Leslie Kaufman | 75.00 |
| 2/24/2010 | Linkhorst & Hockin, PA | 1,099.22 |
| 9/24/2009 | Linkhorst & Hockin, PA (Chinese Drywall Litigation) | 150.00 |
| 9/24/2009 | Linkhorst & Hockin, PA (Hobble) | 668.50 |
| 1/15/2010 | Mr. Handyman | 430.14 |
| 3/12/2010 | Mr. Handyman | 458.76 |
| 5/4/2010 | Mr. Handyman | 734.36 |
| 5/26/2010 | Mr. Handyman | 935.00 |
| 7/30/2010 | Mr. Handyman | 190.00 |
| 7/30/2010 | Mr. Handyman | 190.00 |
| 7/30/2010 | Mr. Handyman | 190.00 |
| 8/26/2010 | Mr. Handyman | 190.00 |
| 9/27/2010 | Mr. Handyman | 190.00 |
| 9/27/2010 | Mr. Handyman | 190.00 |
| 9/27/2010 | Mr. Handyman | 190.00 |
| 10/1/2010 | Mr. Handyman | 190.00 |
| 10/1/2010 | Mr. Handyman | 190.00 |
| 10/1/2010 | Mr. Handyman | 190.00 |
| 10/20/2010 | Mr. Handyman (Zhou) | 190.00 |
| 11/4/2010 | Mr. Handyman | 190.00 |
| 11/4/2010 | Mr. Handyman | 190.00 |
| 11/22/2010 | Mr. Handyman | 190.00 |
| 12/13/2010 | Mr. Handyman (Leone) | 190.00 |
| 12/13/2010 | Mr. Handyman (Ramos, Manuel) | 190.00 |
| 12/13/2010 | Mr. Handyman (Poplausky) | 190.00 |
| 1/29/2011 | Mr. Handyman (Aguilar) | 190.00 |
| 7/11/2011 | Mr. Handyman | 190.00 |
| 7/11/2011 | Mr. Handyman | 190.00 |
| 7/11/2011 | Mr. Handyman | 190.00 |
| 7/11/2011 | Mr. Handyman | 190.00 |
| 9/30/2011 | Mr. Handyman | 190.00 |

12/10/2013

EXHIBIT B

### CDW EXPERT EXPENSES
### Rhine Law Firm, PC
### 12/2009 - Present

| | | |
|---|---|---|
| 9/30/2011 | Mr. Handyman | 190.00 |
| 1/16/2012 | Mr. Handyman | 190.00 |
| 3/12/2012 | Mr. Handyman | 190.00 |
| 3/7/2011 | Perry Dampf Dispute Resolution | 1,753.25 |
| 5/9/2011 | Perry Dampf Dispute Resolution | 690.47 |
| 3/24/2010 | R.V. Buric Construction Consultants, PC | 4,764.00 |
| 4/29/2010 | R.V. Buric Construction Consultants, PC | 18,033.48 |
| 5/25/2010 | R.V. Buric Construction Consultants, PC | 5,338.50 |
| 6/28/2010 | R.V. Buric Construction Consultants, PC | 6,271.62 |
| 9/23/2010 | R.V. Buric Construction Consultants, PC | 1,686.30 |
| 10/27/2010 | R.V. Buric Construction Consultants, PC | 3,308.72 |
| 9/11/2009 | Unified Engineering (Hobble) | 70.00 |
| 1/29/2010 | Unified Engineering (Bragoli) | 70.00 |
| 1/29/2010 | Unified Engineering (Gani) | 70.00 |
| 1/29/2010 | Unified Engineering (Lemberg) | 70.00 |
| 1/29/2010 | Unified Engineering (LLG Investment) | 70.00 |
| 1/29/2010 | Unified Engineering (Stock) | 70.00 |
| 1/29/2010 | Unified Engineering (Twin Crest) | 70.00 |
| 1/29/2010 | Unified Engineering (Wood) | 70.00 |
| 1/29/2010 | Unified Engineering (Yasinski) | 70.00 |
| 2/23/2010 | Unified Engineering (Linkhorst Drywall) | 3,725.40 |
| 3/12/2010 | Unified Engineering (Aguilar) | 70.00 |
| 3/12/2010 | Unified Engineering (Smith) | 70.00 |
| 3/12/2010 | Unified Engineering (Eubank) | 100.00 |
| 3/12/2010 | Unified Engineering (Baez) | 100.00 |
| 6/2/2010 | Unified Engineering (Linkhorst Drywall) | 164.43 |
| 9/2/2010 | Unified Engineering (Smith) | 140.00 |
| 11/5/2010 | Unified Engineering (Posner) | 1,690.00 |
| 11/13/2010 | Unified Engineering (Posner) | 58.18 |
| 12/1/2010 | Unified Engineering (Linkhorst) | 168.17 |
| 12/27/2010 | Unified Engineering (Jiola) | 478.50 |
| 12/12/2009 | Unified Engineering (Jordan) | 70.00 |
| 12/12/2009 | Unified Engineering (Baez) | 70.00 |
| 12/12/2009 | Unified Engineering (D'Ambrosio) | 70.00 |
| 12/12/2009 | Unified Engineering (Dillanquin) | 70.00 |
| 12/18/2009 | Unified Engineering (Jiola) | 70.00 |
| 12/12/2009 | Unified Engineering (Kolich) | 50.00 |
| 12/12/2009 | Unified Engineering (Kolich) | 70.00 |
| 12/12/2009 | Unified Engineering (Litwin) | 70.00 |
| 12/12/2009 | Unified Engineering (Piccolo) | 70.00 |
| 12/18/2009 | Unified Engineering (Tillman) | 70.00 |
| 12/18/2009 | Unified Engineering (DeLarosa) | 70.00 |
| 12/18/2009 | Unified Engineering (Kovens) | 70.00 |
| 12/18/2009 | Unified Engineering (Livaich - Twin Crest) | 70.00 |
| 12/18/2009 | Unified Engineering (Miller) | 70.00 |
| 12/18/2009 | Unified Engineering (Murray) | 70.00 |

12/10/2013

EXHIBIT B

## CDW EXPERT EXPENSES
### Rhine Law Firm, PC
### 12/2009 - Present

| Date | Description | Amount |
|---|---|---|
| 12/18/2009 | Unified Engineering (Riback) | 70.00 |
| 12/18/2009 | Unified Engineering (Stock) | 70.00 |
| 12/18/2009 | Unified Engineering (Tutler) | 70.00 |
| 12/18/2009 | Unified Engineering (Baron) | 70.00 |
| 12/18/2009 | Unified Engineering (Brice) | 70.00 |
| 12/18/2009 | Unified Engineering (Casalengo) | 70.00 |
| 12/18/2009 | Unified Engineering (Cohen) | 70.00 |
| 12/18/2009 | Unified Engineering (Dalal) | 70.00 |
| 12/18/2009 | Unified Engineering (Englander) | 70.00 |
| 12/18/2009 | Unified Engineering (Flaherty) | 70.00 |
| 12/18/2009 | Unified Engineering (Hahn) | 70.00 |
| 12/18/2009 | Unified Engineering (Kellner) | 70.00 |
| 12/18/2009 | Unified Engineering (Kramer) | 70.00 |
| 12/18/2009 | Unified Engineering (Kropf) | 70.00 |
| 12/18/2009 | Unified Engineering (Leone) | 70.00 |
| 12/18/2009 | Unified Engineering (Luntz) | 70.00 |
| 12/18/2009 | Unified Engineering (Luntz) | 70.00 |
| 12/18/2009 | Unified Engineering (Maness) | 70.00 |
| 12/18/2009 | Unified Engineering (Mitchell-Schour) | 70.00 |
| 12/18/2009 | Unified Engineering (Poplausky) | 70.00 |
| 12/18/2009 | Unified Engineering (Riback) | 70.00 |
| 12/18/2009 | Unified Engineering (Richman) | 70.00 |
| 12/18/2009 | Unified Engineering (Verderame) | 70.00 |
| 12/18/2009 | Unified Engineering (Wood) | 70.00 |
| 12/18/2009 | Unified Engineering (Zagalasky) | 70.00 |
| 12/18/2009 | Unified Engineering (Zhou) | 70.00 |
| 5/6/2009 | Unified Engineering (Baron) | 100.00 |
| 5/6/2009 | Unified Engineering (D'Ambrosio) | 100.00 |
| 5/6/2009 | Unified Engineering (Gani) | 100.00 |
| 5/6/2009 | Unified Engineering (LLG Investment) | 100.00 |
| 5/6/2009 | Unified Engineering (Stock) | 100.00 |
| 5/6/2009 | Unified Engineering (Twin Crest) | 100.00 |
| 5/6/2009 | Unified Engineering (Wood) | 100.00 |
| 6/3/2010 | Unified Engineering (Copello) | 70.00 |
| 6/3/2010 | Unified Engineering (Haywood) | 70.00 |
| 6/3/2010 | Unified Engineering (Mogor) | 70.00 |
| 2/7/2011 | Unified Engineering (Kaufman) | 1,076.15 |
| 7/12/2011 | Unified Engineering (L&L South Florida) | 331.90 |
| 11/24/2009 | Unified Engineering (Bast) | 70.00 |
| 10/28/2009 | Unified Engineering (DeNavea, Marta) | 70.00 |
| 10/28/2009 | Unified Engineering (DeNavea, Martha) | 70.00 |
| 11/24/2009 | Unified Engineering (Eubank) | 70.00 |
| 11/24/2009 | Unified Engineering (Eubanks) | 70.00 |
| 10/28/2009 | Unified Engineering (Grace) | 70.00 |
| 11/24/2009 | Unified Engineering (Haworth Holdings) | 70.00 |

12/10/2013

**EXHIBIT B**

### CDW EXPERT EXPENSES
### Rhine Law Firm, PC
### 12/2009 - Present

| | | |
|---|---|---|
| 11/24/2009 | Unified Engineering (Johnson) | 70.00 |
| 10/28/2009 | Unified Engineering (Kaufman) | 70.00 |
| 11/24/2009 | Unified Engineering (Lewis) | 70.00 |
| 10/28/2009 | Unified Engineering (Mogor) | 70.00 |
| 11/24/2009 | Unified Engineering (Molina) | 70.00 |
| 11/24/2009 | Unified Engineering (Polychronopoulos) | 70.00 |
| 10/28/2009 | Unified Engineering (Recksell) | 140.00 |
| 10/28/2009 | Unified Engineering (Santillo) | 70.00 |
| 11/24/2009 | Unified Engineering (Siegel) | 70.00 |
| 10/28/2009 | Unified Engineering (Zitner) | 70.00 |
| 3/17/2009 | Unified Engineering (Balassone) | 100.00 |
| 7/9/2010 | Unified Engineering (DeMaio) | 100.00 |
| 3/17/2009 | Unified Engineering (Flaherty) | 100.00 |
| 3/17/2009 | Unified Engineering (Graham) | 100.00 |
| 3/17/2009 | Unified Engineering (LaSala) | 100.00 |
| 3/17/2009 | Unified Engineering (Polovin) | 100.00 |
| 3/17/2009 | Unified Engineering (Shaya) | 100.00 |
| 3/17/2009 | Unified Engineering (Sheperd) | 100.00 |
| 5/9/2013 | Notice Mailing (Envelopes (172.72), Stamps, Paper | |
| 5/1/2013 | Leopold Law Firm, P.A. (Notice Publication) | 9,360.61 |

**Total Litigation Group Expenses**          146,225.75

12/10/2013

# EXHIBIT B

# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

IN RE: CHINESE MANUFACTURED       )
      DRYWALL PRODUCTS             )        MDL NO. 2047
      LIABILITY LITIGATION         )
                              )
THIS DOCUMENT RELATES TO:         )        SECTION: L
                              )
*Hobbie, et al. v.*                )        JUDGE FALLON
*RCR Holdings II, LLC, et al.,*    )
                              )
No. 10-1113                        )
                              )        MAG. JUDGE WILKINSON

## DECLARATION OF JOEL R. RHINE IN SUPPORT OF
## PLAINTIFFS' MOTION FOR AN AWARD OF ATTORNEYS' FEES AND
## <u>REIMBURSEMENT OF EXPENSES TO SETTLEMENT CLASS COUNSEL</u>

Joel R. Rhine, pursuant to 28 U.S.C. § 1746, based upon his personal knowledge, information, and belief, attests to the following:

    1.     I, Joel R. Rhine, serve as Plaintiffs' Counsel for the Plaintiffs in the above-captioned action. I am a Partner and Founder of Rhine Martin Law Firm, P.C. in Wilmington, North Carolina[1].

    2.     I am submitting this affidavit in support of my Firm's application for an award of attorneys' fees in connection with services rendered to the Plaintiffs and the Class and the reimbursement of expenses incurred by my Firm to date in the course of this litigation.

---

[1] During the course of this litigation, my litigation team has practiced law under several names. During the investigation and earliest stages of this dispute, my litigation team practiced with Lea, Rhine, Rosbrugh & Chleborowicz, PLLC, which changed its name to Lea, Rhine & Rosbrugh, PLLC. I was a partner and co-founder of that firm. In March 2011, our litigation team severed itself from the old firm, and worked under the name, Rhine Law Firm, P.C., whose name was changed to Rhine Martin, Law Firm, P.C. in August 2013. I shall refer to all of the same as "my Firm."

3.       My Firm has been involved in all aspects of this litigation.  Paragraph 3 of

Declaration of Gary E. Mason In Support of Plaintiffs' Motion For An Award of Attorney's Feed

and Reimbursements of Expenses to Settlement Class Counsel contains a description of some,

but not all activities in which my litigation team has been involved.  I desire to add the following,

which again fails to fully identify our efforts.  We spent many days personally viewing and

inspecting the Villa Lago complex.  We spent months identifying, locating and interviewing

numerous potential witnesses and potential expert witnesses.  This process continued throughout

the litigation.  Unlike other Chinese Drywall cases in the MDL, written discovery, as well as

informal discovery was conducted by the parties.  The number of documents associated with this

large condominium project is immense and we personally reviewed, selected, categorized and

summarized the same. Our experience in construction and defective building product litigation

assisted us greatly in this task.  From this document review, discovery and our interviews, we

prepared lengthy trial outlines, conducted a 30(b)(6) deposition, prepared Motions and Briefs and

pushed our case along despite inherent constraints associated with an MDL.  Because we were

not allowed to continue with our formal discovery, we again resorted to informal discovery.

Witnesses were located, interviewed and outlines and memorandum were prepared with the

anticipation that the case would be tried.  We had frequent conversations with opposing counsel

and their clients, governmental officials, and others who would be involved in litigation or any

"in kind" settlement where the project would be remediated. Our experts poured over the project

gathering data.  Some of these experts were used by the Plaintiff Steering Committee as trial

experts, after we introduced the experts to the PSC.  This expert data, client data, discovery

responses, documentary evidence, and information gained from witnesses was used to create

graphic renditions and other exhibits in an effort to find patterns to assist identifying the drywall

installed in the units. This data and our research, was also used to create evidentiary arguments related to our bond claim, contest insurance defenses and meet the elements for our various claims for relief. In addition, because our clients continued to face financial hardships and were losing units to foreclosure, we helped assist the class members in their efforts to remain owners. Because our clients were suffering from the stigma associated with owning units in a Chinese drywall condominium, we were required to take extraordinary efforts to protect the project. For example, upon learning that KPT agreed to accept service, our offices obtained emergency relief from the State Court and attempted to contact every owner, in writing as well as over the phone or in person, to gain permission to join the Omni complaints and obtain data to support their claims. None of this work and other work is being recognized as common benefit. In short, my litigation team has devoted our practice to this case. I am extremely proud of our work.

4.      The chart attached hereto as Exhibit A is a summary of time spent by the attorneys of my Firm on this litigation, and the lodestar calculation based on my Firm's current billing rates. The chart includes the name of each attorney and paralegal who has worked on the matter, the hourly billing rate and the hours expended by each attorney and paralegal. The chart was prepared from contemporaneous time records prepared by my Firm, which are available for submission to this Court at its request.

5.      The total number of hours spent on this litigation against Defendants by my Firm from the inception of the case through the present is 4,581.80 hours. The total lodestar for attorney and paralegal time based on my Firm's current rates is $1,284,980.00. The hourly rates in the chart, Exhibit A, are commensurate with the hourly fees of associate counsel and staff with the same amount of experience and who performed the same legal activities.

6.     The chart attached hereto as Exhibit B is a detailed summary of the expenses spent by my Firm on this litigation.  The total amount for these expenses is $30,207.13.

7.     I declare under penalty of perjury and the laws of this Court that the foregoing is true and correct.

Date: December ___9___, 2013

By: _____
    Joel R. Rhine

*Hobbie, et al., v. RCR Holdings, II, LLC*

Rhine Martin Law Firm, P.C.

EXHIBIT A

| Name | Position | Hours | Rate | Total |
|------|----------|-------|------|-------|
| Joel R. Rhine | Partner | 2040.25. | $500.00 | $1,020,125.00 |
| Jean S. Martin | Partner | 23.50 | $500.00 | $11,750.00 |
| Katie Lesica | Associate | 3.25 | $500.00 | $1,625.00 |
| Shannon Kelley | Paralegal | 1949.40 | $100.00 | $194,940.00 |
| Holly Austin | Paralegal | 555.40 | $100.00 | $55,540.00 |
| Cassia Folkers | Paralegal | 8.75 | $100.00 | $875.00 |
| Cristi Schomp | Paralegal | 1.25 | $100.00 | $125.00 |
| **TOTAL** | | **4581.80** | | **$1,284,980.00** |

Hobbie, et. al., v. RCR Holdings, II, LLC

Rhine Martin Law Firm, P.C.

Exhibit B

### Filing Fees

| Case | Date | Description | Amount |
|---|---|---|---|
| Renaissance | 10/22/2009 | FL Bar Association - Fee for Joel Rhine PHV | 250.00 |
| Renaissance | 10/27/2009 | Clerk of Court - Filing Fees for Joel Rhine PHV | 100.00 |
| | | Total | 350.00 |

### Conference Calls

| Case | Date | Description | Amount |
|---|---|---|---|
| Renaissance | 7/29/2009 | Premiere Global Conferencing | 75.92 |
| | | Total | 75.92 |

### Misc. Advanced Expenses

| Case | Date | Description | Amount |
|---|---|---|---|
| Renaissance | 6/1/2012 | Office Supplies (Class Settlement) | 12.83 |
| Renaissance | 11/5/2012 | Coastal Document Production (Services on-Site) | 983.66 |
| Renaissance | 12/1/2012 | Mintzer Sarowitz Seris (50%- document production) | 64.66 |
| | | Total | 1,061.15 |

### Research

| Case | Date | Description | Amount |
|---|---|---|---|
| Renaissance | 11/1/2009 | Westlaw (November 2009) | 462.72 |
| Renaissance | 1/1/2010 | Westlaw (January 2010) | 3.66 |
| Renaissance | 4/1/2010 | Pacer (April 2010) | 2.56 |
| Renaissance | 5/1/2010 | Pacer (May 2010) | 2.40 |
| Renaissance | 8/1/2010 | Westlaw (August 2010) | 62.06 |
| Renaissance | 8/1/2010 | Pacer (August 2010) | 10.40 |
| Renaissance | 11/1/2010 | Pacer (November 2010) | 2.72 |
| Renaissance | 12/1/2010 | Westlaw (December 2010) | 7.47 |
| Renaissance | 1/1/2011 | Westlaw (January 2011) | 3.36 |
| Renaissance | 2/1/2011 | Westlaw (February 2011) | 3.28 |
| Renaissance | 3/1/2011 | Pacer (March 2011) | 5.12 |
| Renaissance | 3/1/2011 | Westlaw (March 2011) | 2.95 |
| Renaissance | 4/1/2011 | Pacer (April 2011) | 2.40 |
| Renaissance | 8/1/2011 | Pacer (August 2011) | 8.96 |
| Renaissance | 11/1/2011 | Pacer (November 2011) | 2.48 |
| Renaissance | 12/1/2011 | LexixNexis File & Serve (December 2011) | 51.36 |
| Renaissance | 2/11/2012 | Westlaw (February 2012) | 29.04 |
| Renaissance | 3/1/2012 | Westlaw (March 2012) | 24.99 |
| Renaissance | 9/25/2012 | Westlaw (September 2012) | 5.49 |
| Renaissance | 10/16/2012 | Westlaw (October 2012) | 1.53 |
| Renaissance | 12/1/2012 | Westlaw (December 2012) | 2.65 |
| | | Total | 697.60 |

## Travel

| Case | Date | Description | Amount |
|------|------|-------------|--------|
| Renaissance | 8/26/2009 | Trip from ILM to Ft. Lauderdale (Joel Rhine) (8/26/09 - 8/27/09) (Flight: 199.20; Argo Travel: 40.00; Hotel: 88.09; Meals: 55.14; Parking: 20.00) | 402.43 |
| Renaissance | 9/10/2009 | Trip from ILM to Ft. Lauderdale (Joel Rhine) (9/10/09 - 9/11/09)          (Flight: 422.39; Hotel: 122.05; Meals: 21.94; Rental Car: 82.99; Gas: 23.54; Parking: 16.00) | 688.91 |
| Renaissance | 9/17/2009 | Trip from ILM to Ft. Lauderdale (Joel Rhine) (9/17/09 - 9/18/09)          (Flight: 411.39; Hotel: 113.54; Meals: 57.18; Parking: 15.00) | 597.11 |
| Renaissance | 10/6/2009 | Trip from RDU to Ft. Lauderdale (Joel Rhine) (10/6/09 - 10/7/09)          (Flight: 271.40; Mileage: 160.89; Rental Car: 68.06; Gas: 4.38; Hotel: 146.52; Misc: 21.25; Meals: 52.44; Parking: 20.00) | 744.94 |
| Renaissance | 10/27/2009 | Trip from Orlando to Ft. Lauderdale (Joel Rhine) (10/26/09 - 10/28/09) (Flight: 106.60; Baggage Fee: 25.00; Hotel: 129.46; Rental Car: 48.23; Gas: 8.71; Meals: 56.36) | 374.36 |
| Renaissance | 1/21/2010 | Trip from RDU to Ft. Lauderdale (Joel Rhine) (1/21/10 - 1/22/10): (Flight: 277.80; Rental Car: 162.79; Meals: 145.25; Gas: 12.25; Parking: 20.00; Hotel: 116.30; Mileage: 158.45) | 892.84 |
| Renaissance | 6/7/2010 | Trip from ILM to West Palm Beach, FL (Joel Rhine) (6/7/10 - 6/8/10): (Flight: 356.80; Hotel: 277.64; Meals: 139.16; Parking: 16.00) | 789.60 |
| Renaissance | 2/3/2011 | Trip from ILM to Washington, DC (Joel Rhine - Pre-Mediation Meeting): (Flight: 519.80; Meals: 8.64; Parking: 9.00; Cab Fare: 16.00) | 553.44 |
| Renaissance | 2/14/2011 | Trip from ILM to Miami, FL (Joel Rhine - Mediation):          (Flight: 304.80; Baggage Fee: 50.00; Hotel: 842.56; Meals: 409.63; Cab Fare: 55.00; Parking: 27.00 | 1,688.99 |
| Renaissance | 3/22/2011 | Trip from RDU to New Orleans, LA (Joel Rhine - Mediation): (Flight: 404.04; Change Flight: 557.80; Hotel: 239.30; Meals: 68.22; Cab Fare: 78.00; Parking: 20.00) | 1,367.36 |
| Renaissance | 5/25/2011 | Travel from Wilmington to New Orleans, LA (Joel Rhine - Hearing):          (Flight: 614.80; Cab Fare: 100.00; Meals:  111.25; Parking:  18.00; Hotel:  208.32) | 1,052.37 |
| Renaissance | 12/6/2011 | Flight from Wilmington to Ft. Lauderdale (Joel Rhine - Mediation): CANCELLED/NO REFUND | 331.29 |
| Renaissance | 12/6/2011 | Travel from Wilmington to Miami (Joel Rhine - Mediation): (Flight: 399.80; Checked Bag: 50.00; Cab Fare: 20.00; Meals:  123.93; Parking: 18.00; Hotel:  308.50) | 920.23 |
| Renaissance | 1/12/2012 | Travel from ILM to Miami (Joel Rhine - Deposition): (Flight: 317.20, Hotel: 152.71, Meals: 162.59, Parking: 18.00) | 650.50 |

12/9/2013

| | | | |
|---|---|---|---|
| Renaissance | 1/30/2012 | Travel from ILM to Miami (Joel Rhine - Document Review):<br>(Flight: Refund Applied. Change Fee Only, Baggage Fee: 19.00, Meals: 195.74,<br>Cab: 61.00, Parking: 20.00) | 545.74 |
| Renaissance | 5/29/2012 | Travel to Miami (JRR) – Flight 227.35, Hotel: 255.25, Shuttle: 18.00,  Meals: 24.64,<br>Parking: 17.50 | 770.09 |
| Renaissance | 6/13/2012 | Travel to NOLA (JRR) – Meals: 150.94, Flight: 210.00, Hotel: 170.37, Cab: 111.00,<br>Parking: 15.00, Baggage: 9.00 | 666.31 |
| Renaissance | 6/13/2012 | Travel to NOLA (JRR) – Meals: 153.95, Flight: 512.20, Hotel: 370.90, Cab: 73.00,<br>Parking: 19.00 | 1,129.05 |
| Renaissance | 11/12/2012 | Travel to NOLA (JRR) – Meals: 462.56, Flight: 260.10, Hotel: 803.26, Parking: 35.00 | 1,560.92 |
| Renaissance | 1/14/12 - 1/16/12 | Travel to NOLA (JRR) - Meals: 429.14, Parking/Cabs: 176.00, 2 days bag stprage:<br>20.00, Hotel: 551.79, Flight: 738.60 | 1,915.53 |
| Renaissance | 1/21/13-1/22/13 | Travel to Ft. Lauderdale (JRR)- Meals: 76.48, Parking/Shuttle: 38.00, Flight: 448.60,<br>Hotel: 209.79 | 772.87 |
| Renaissance | 3/20/13-3/21/13 | Travel to NOLA (JRR)- Flight: 662.60, Hotel: 273.20, Meals: 112.93, Cab: 88.00,<br>Parking: 14.00 | 1,150.73 |
| Renaissance | 4/23/13- 4/24/13 | Travel to NOLA (JRR): Flight: 462.60, Hotel: 273.20, Meals: 167.16, Cab:50.00,<br>Parking: 18.00 | 990.96 |
| Renaissance | 8/19/13-8/20/13 | Travel to NOLA (JRR): Flight: 405.00, Hotel: 170.37, Meals: 173.26, Cab: 146.20,<br>Parking: 80.00 | 974.83 |
| Renaissance | 9/16/13-9/17/13 | Travel to NOLA (JRR): Flight: 420.60, Hotel: 222.20, Meals: 179.15; Cab: 40.00;<br>Parking: 20.00 | 881.95 |
| Renaissance | 10/15/13-10/16/13 | Travel to Fort Lauderdale (JRR): Flight: 305.60; Hotel: 112.28; Rental Car: 79.36;<br>Meals: 37.80 | 535.04 |
| | | Total | 22,948.39 |

### Copies/Prints (B/W = 0.15, Color = 0.25)

| Case | Date | Description | Amount |
|---|---|---|---|
| Renaissance | 9/1/2010 | In-House Copies (September 2010) | 9.00 |
| Renaissance | 10/1/2010 | In-House Copies (October 2010) | 0.75 |
| Renaissance | 1/1/2011 | In-House Copies (January 2011) | 10.00 |
| Renaissance | 2/1/2011 | In-House Copies (February 2011) | 17.25 |
| Renaissance | 3/1/2011 | In-House Copies/Prints (March 2011) | 28.70 |
| Renaissance | 4/1/2011 | In-House Copies/Prints (April 2011) | 162.40 |
| Renaissance | 5/1/2011 | In-House Copies/Prints (May 2011) | 39.55 |

12/9/2013

| | | | |
|---|---|---|---|
| Renaissance | 6/1/2011 | In-House Copies/Prints (June 2011) | 33.75 |
| Renaissance | 7/1/2011 | In-House Copies/Prints (July 2011) | 82.70 |
| Renaissance | 8/1/2011 | In-House Copies/Prints (August 2011) | 41.65 |
| Renaissance | 9/1/2011 | In-House Copies/Prints (September 2011) | 154.35 |
| Renaissance | 10/1/2011 | In-House Copies/Prints (October 2011) | 174.55 |
| Renaissance | 11/1/2011 | In-House Copies/Prints (November 2011) | 296.00 |
| Renaissance | 12/1/2011 | In-House Copies/Prints (December 2011) | 509.30 |
| Renaissance | 1/1/2012 | In-House Copies/Prints (January 2012) | 510.55 |
| Renaissance | 1/12/2012 | FedEx Office (Copies/Prints) (January 2012) | 544.92 |
| Renaissance | 2/1/2012 | In-House Copies/Prints (February 2012) | 26.80 |
| Renaissance | 3/1/2012 | In-House Copies/Prints (March 2012) | 34.80 |
| Renaissance | 4/1/2012 | In-House Copies/Prints (April 2012) | 2.85 |
| Renaissance | 5/1/2012 | In-House Copies/Prints (May 2012) | 16.45 |
| Renaissance | 6/1/2012 | In-House Copies/Prints (June 2012) | 516.35 |
| Renaissance | 7/1/2012 | In-House Copies/Prints (July 2012) | 10.65 |
| Renaissance | 8/1/2012 | In-House Copies/Prints (August 2012) | 22.40 |
| Renaissance | 9/1/2012 | In-House Copies/Prints (September 2012) | 48.05 |
| Renaissance | 10/1/2012 | In-House Copies/Prints (October 2012) | 15.30 |
| Renaissance | 11/1/2012 | In-House Copies/Prints (November 2012) | 79.20 |
| Renaissance | 12/1/2012 | In-House Copies/Prints (December 2012) | 7.20 |
| Renaissance | 1/1/2013 | In-House Copies/Prints (January 2013) | 39.40 |
| Renaissance | 2/1/2013 | In-House Copies/Prints (February 2013) | 74.05 |
| Renaissance | 3/1/2013 | In-House Copies/Prints (March 2013) | 249.10 |
| Renaissance | 4/1/2013 | In-House Copies/Prints (April 2013) | 272.85 |
| Renaissance | 5/1/2013 | In-House Copies/Prints (May 2013) | 0.30 |
| Renaissance | 7/1/2013 | In-House Copies/Prints (July 2013) | 1.05 |
| Renaissance | 8/1/2013 | In-House Copies/Prints (August 2013) | 9.30 |
| Renaissance | 9/1/2013 | In-House Copies/Prints (September 2013) | 30.15 |
| Renaissance | 10/1/2013 | In-House Copies/Prints (October 2013) | 45.15 |
| | | Total | 4,116.82 |

## Postage/Faxes

| Case | Date | Description | Amount |
|---|---|---|---|
| Renaissance | 10/1/2009 | Postage (October 2009) | 5.49 |
| Renaissance | 11/1/2009 | Fax (November 2009) | 2.25 |
| Renaissance | 11/1/2009 | Postage (November 2009) | 4.44 |
| Renaissance | 4/1/2010 | Postage (April 2010) | 1.39 |
| Renaissance | 9/1/2010 | Postage (September 2010) | 8.80 |
| Renaissance | 10/1/2010 | Postage (October 2010) | 15.59 |
| Renaissance | 10/1/2010 | Fax (October 2010) | 0.60 |
| Renaissance | 11/1/2010 | Postage (November 2010) | 2.20 |
| Renaissance | 12/1/2010 | Postage (December 2010) | 2.00 |
| Renaissance | 12/1/2010 | Fax (December 2010) | 0.50 |
| Renaissance | 1/1/2011 | Postage (January 2011) | 15.90 |
| Renaissance | 1/1/2011 | Postage - Fed Ex (January 2011) | 22.40 |
| Renaissance | 2/1/2011 | Postage - Fed Ex (February 2011) | 2.20 |

12/9/2013

| | | | |
|---|---|---|---|
| Renaissance | 6/1/2011 | Postage (June 2011) | 2.20 |
| Renaissance | 7/1/2011 | Postage (July 2011) | 14.08 |
| Renaissance | 9/1/2011 | Postage (September 2011) | 1.32 |
| Renaissance | 9/1/2011 | Postage - Fed Ex (September 2011) | 260.26 |
| Renaissance | 10/1/2011 | Postage (October 2011) | 27.45 |
| Renaissance | 10/1/2011 | Postage - Fed Ex (October 2011) | 26.45 |
| Renaissance | 11/1/2011 | Postage (November 2011) | 1.28 |
| Renaissance | 12/1/2011 | Postage - Fed Ex (December 2011) | 168.65 |
| Renaissance | 12/1/2011 | Postage (December 2011) | 17.92 |
| Renaissance | 1/1/2012 | Postage - Fed Ex (January 2012) | 66.78 |
| Renaissance | 2/1/2012 | Postage (February 2012) | 1.30 |
| Renaissance | 3/1/2012 | Postage (March 2012) | 4.20 |
| Renaissance | 4/1/2012 | Postage - Fed Ex (April 2012) | 13.98 |
| Renaissance | 6/1/2012 | Postage (June 2012) | 267.16 |
| Renaissance | 7/1/2012 | Postage (July 2012) | 0.65 |

Total 957.25

Total Expenses     30,207.13

12/9/2013