UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: CHINESE MANUFACTURED DRYWALL PRODUCTS LIABILITY LITIGATION ) ) ) ) | MDL NO. 2047 |
| THIS DOCUMENT RELATES TO: ) ) | SECTION: L |
| *Hobbie, et al. v.* *RCR Holdings II, LLC, et al.*, ) ) ) | JUDGE FALLON |
| No. 10-1113 ) ) | MAG. JUDGE WILKINSON |

**DECLARATION OF GARY E. MASON IN SUPPORT OF A FINAL AWARD OF ATTORNEYS' FEES AND REIMBURSEMENT COSTS AND IN OPPOSITION TO THE FEE COMMITTEE'S MOTION TO DETERMINE THE ALLOCATION OF THE GLOBAL FEE AWARD AS BETWEEN COMMON BENEFIT FEES**

I, **Gary E. Mason**, declare as follows:

1. I am Partner and Co-Founder of Whitfield Bryson & Mason LLP in Washington, D.C. I submit this declaration in support of Villa Lago Plaintiffs' Motion for a Final Award of Attorneys' Fees and Reimbursement of Costs and in Opposition to Allocation Motion Pursuant to Pre-Trial Order No. 28(F).

2. I served as class counsel in this case with Joel Rhine of the Rhine Law Firm and Gregory Weiss of Mracheck, Fitzgerald, Rose, Konopka, & Dow, P.A. For purposes of this declaration and the related motion and memorandum, I refer to Mssrs. Mason, Rhine, and Weiss collectively as Class Counsel.

3. Exhibit 1 hereto is a true and correct copy of the Coastal Settlement Agreement.

4. Exhibit 2 is a true and correct copy of the Knauf Settlement Term Sheet.

5. Exhibit 3 hereto is a true and correct copy of a Letter from Arnold Levin to Gary E. Mason dated August 8, 2013.

1

6. Exhibit 4 hereto is a true and correct copy of the Declaration of Gary E. Mason in Support of Plaintiffs' Motion for an Award of Attorneys' Fees and Reimbursement of Expenses to Settlement Class Counsel, Dec. 10, 2013 [Doc. No. 17320-3].

7. Exhibit 5 hereto is a true and correct copy of the Declaration of Gregory S. Weiss in Support of Plaintiffs' Motion for an Award of Attorneys' Fees and Reimbursement of Expenses to Settlement Class Counsel, Dec. 10, 2013. [Doc. No. 17320-5].

8. Class Counsel Received from the QSF as requested a partial award of attorneys' fees in the amount of **$1,709,605.58** and the amount of **$380,946** as a partial payment of certain costs. Class Counsel thereafter paid **$908,227.96** to the Court pursuant to the Voluntary Payment Order for Common Benefit.

9. I have reviewed the data provided by BrownGreer to Whitfield Bryson & Mason LLP and Mracheck, Fitzgerald, Rose, Konopka & Dow, P.A. Based on this data, I have determined that the total fees being allocated to the Class Counsel for their Villa Lago clients amounts to **$3,094,638.00**.

10. Class Counsel have received a stipend payment of $147,950.

11. Based on data provided by BrownGreer, the actual recovery amount for Villa Lago claimants from the Class Action Settlements is **$26,001,006.26**. If the fees scheduled to be paid to Class Counsel are included, the benefit would be **$29,095,644.26**.

12. The total benefit to the Villa Lago claimants must also include the benefits of **$16,126,375.25** obtained by the Coastal Settlement as set forth in Exhibit A to the Coastal Settlement. Thus, without including the additional fees requested from the Knauf settlement, the total value of the benefit for the members of the Coastal Settlement Class is **$45,220,019.51**.

2

I declare under penalty of perjury that the foregoing is true and correct pursuant to 28 U.S.C. § 1746.

Executed this 28th day of June, 2016, in Washington, D.C.

_____
Gary E. Mason