**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**


| IN RE: CHINESE-MANUFACTURED | | MDL NO. 2047 |
| DRYWALL PRODUCTS | | |
| LIABILITY LITIGATION | | SECTION: L |
| | | |
| | | JUDGE FALLON |
| THIS DOCUMENT RELATES TO | | |
| ALL CASES | | |
| | | MAG. JUDGE WILKINSON |

**SPECIAL OBJECTION/MEMORANDUM OF JEREMY W. ALTERS AND**
**ALTERS LAW FIRM, P.A. IN OPPOSITION TO FEE COMMITTEE'S MOTION**
**TO DETERMINE ALLOCATION OF THE GLOBAL FEE AWARD**
**AS BETWEEN COMMON BENEFIT FEES AND INDIVIDUAL COUNSEL'S FEES**

PURSUANT TO PTO 28(F), [Doc. 20282], Jeremy W. Alters, Esq. ("Mr. Alters") and Alters Law Firm, P.A., through undersigned counsel, (collectively "Alters"), hereby respectfully file this Special Objection/Memorandum in Opposition to the Fee Committee's Motion to Determine Allocation of the Global Fee Award as Between Common Benefit Fees and Individual Counsel's Fees, [Docs. 20290, 20293], and further states as follows:

Jeremy W. Alters and Alters Law Firm, P.A. are co-signatories to the Objection/Memorandum in Opposition also being concurrently filed today by Baron & Budd, P.C., [Docs. 20353, 20353-3, *et seq.*] (the "Baron & Budd Objection"), and all arguments, facts, affidavits and exhibits contained in the Baron & Budd Objection (and any other related documents filed in conjunction with it) are expressly incorporated as if fully stated herein.  Alters objects here specially, in an abundance of caution, to preserve the rights retained by Mr. Alters and his firm to dispute the allocation, as well as any infringement of individual counsel's fee and client contractual rights, including to the appellate process.

## SPECIAL OBJECTION

1.      Jeremy Alters, Esq, partner and shareholder of Alters Law Firm, P.A. (formerly known as Alters, Bold, Brown, Rash & Culmo, P.A.),[1] was at the forefront of the Chinese Drywall litigation, filing some of the first cases in the country on this subject and having hundreds of affected clients (and approximately 165 filed cases) at the time the MDL was created by the Judicial Panel on Multidistrict Litigation in June 2009.[2]

2.      Furthermore, Mr. Alters created a dedicated CDW Team at his firm.  Mr. Alters worked diligently on promoting the cause of his Chinese Drywall ("CDW") plaintiffs from the inception of CDW litigation in January 2009 through approximately June 2010, when Alters' 800+ CDW client caseload was transitioned for day to day handling to Baron & Budd, P.C. under a co-counsel agreement.  Therefore, since Alters fully remains as co-counsel, Mr. Alters and firm are a co-signers to the Baron & Budd Objection.

3.      Mr. Alters is believed to be the first attorney to file a class action against a home builder as opposed to just manufacturers and suppliers.  In order to educate the public about the then newly discovered CDW issue, Mr. Alters was asked to appear in many national and local media outlets including *Good Morning America* in March 2009.  Mr. Alters also made an early push in Washington so that members of Congress and the White House and Administration were aware of the burgeoning CDW problem.  By the time the PSC was being appointed, Alters had filed hundreds of state and federal class actions and individual cases in Miami-Dade, Broward,

---

[1]  Alters, Boldt, Brown, Rash & Culmo, P.A. became known as Alters Law Firm, P.A. in July 2010.

[2] Information in this Special Objection is supported by the affidavits and exhibits filed with the concurrently filed Baron & Budd Objection, as well as the documents and affidavits filed by Alters in June 2014 for their petition for common benefit fees and expenses pursuant to PTO 28. [Doc. 17729 (Petition); Doc. 17773 (Affidavits and Exhibits in Support (under seal)); and Doc. 17729 (Supplemental Affidavit and Exhibits (under seal))]  The foregoing documents are all incorporated here as if fully stated herein.

Palm Beach, St. Lucie, Collier and Lee counties.  The firm's CDW Team had also conducted over 1000 home inspections in Florida, often multiple times, as no protocol or published guidelines related to Chinese drywall were available in early 2009.  Indeed, separate and apart from the common benefit fee hours addressed in their June 2014 petition to the Court, [Docs. 17729, 17773, 17729], Mr. Alters and the Alters CDW team had logged thousands of hours in attorney and support staff time,[3] investigating the identity of the defendants, researching the factual and legal basis for the causes of action against the defendants, researching the service process for foreign defendants, fulfilling statutory construction defect pre-suit obligations, and holding "town hall" meetings in affected communities.  In addition, to the 1000+ home inspections and 165+ filed cases (as of the creation of the PSC), Alters' CDW team handled the individual needs and concerns of the hundreds of clients who entrusted the firm with their disputes, many of whom had financial and foreclosure burdens, concerns about personal injury, and many other issues related to the defective drywall.   Moreover, the firm expended tens of thousands of dollars in court filing fees, process fees, and other related case expenses.

4.     In summary, Mr. Alters and his CDW team expended substantial time, effort and expense towards supporting its 800+ client base, and the allocations proposed by the Fee Committee are grossly inadequate to compensate the individual counsel efforts, and fundamentally unfair.

5.     While each of the arguments and legal basis for this Special Objection is incorporated from the Baron & Budd Objection, including but not limited to, the flawed reasoning and calculations in support of the Fee Committee's proposed fee split and the abrogation of client contractual rights, Alters especially notes the following:

---

[3]  The details and support for these figures are included in the Baron & Budd Objection, as incorporated herein.

The Fee Committee's Motion falls short of, and does not seriously address, the fundamental rule applicable to its allocation decisions. Lead counsel responsible for fee allocation must "'apply a ***universally fair*** standard of allocation to all participants, including itself.'" *See In re High Sulfur Content Gasoline Prod. Liab. Litig.,* 517 F.3d 220, 232 (5th Cir. 2008) (case cited in Motion, p. 3) (reversing decision to accept fee allocation determined by a Fee Committee; parenthetically quoting *In re Vitamins Antitrust Litig.,* 398 F. Supp. 2d 209, 234 (D. D.C. 2005)) (emphasis added). The contributions of all plaintiffs' attorneys should be compared rather than focusing on the Fee Committee's allocations and contributions. *See High Sulfur,* 517 F.3d at 232 (reversing and criticizing order accepting a fee committee allocation for its failure to make meaningful comparison); *see also id.* at 234 (criticizing the situation in which "five attorneys … declare how an award will cover themselves and seventy-four other attorneys with no meaningful judicial supervision or review"). The Fifth Circuit also explained that:

> [O]ur precedents do not permit courts simply to defer to a fee allocation proposed by a select committee of attorneys, in no small part, because "counsel have inherent conflicts." *In re Diet Drugs Products Liab. Litig.,* 401 F.3d 143, 173 (3d Cir. 2005) (Ambro, J., concurring). As Judge Ambro noted, "They make recommendations on their own fees and thus have a financial interest in the outcome. How much deference is due the fox who recommends how to divvy up the chickens?" *Id.*

> Here, members of the Fee Committee "had a direct conflict of interest: they were suggesting to the District Court how to proceed on matters near and dear— dividing a limited fund among themselves and other firms. Such a direct conflict of interest strongly suggests that affording substantial deference is inappropriate." *Id.* at 173–74.

> *High Sulfur,* 517 F.3d at 234-235.  The FC's Motion should be denied because it does not

possibly pass the test of universal fairness.

6.      For the avoidance of doubt, this objection is not made in search of a separate or added fee from the one sought in the Baron & Budd Objection.  This Special Objection is to preserve the rights that Mr. Alters and his firm have retained to dispute the Fee Allocation.

WHEREFORE, Jeremy W. Alters, Esq. and Alters Law Firm, P.A. respectfully request that the Court deny the Fee Committee's recommended allocation and award fees and expenses for individual counsel consistent with the arguments and request in the Baron & Budd Objection, and such other relief as this Court deems just and proper.

Respectfully Submitted,


By: */s Jeremy W. Alters*
Jeremy W. Alters, Esq.
jeremy@alterslaw.com
Florida Bar No.: 111790
Justin D. Grosz, Esq.
justin@alterslaw.com
Florida Bar No:  984000
Matthew T. Moore, Esq. (Of Counsel)
matthew@alterslaw.com
Florida Bar No.: 70034


ALTERS LAW FIRM, P.A.
Design Center of the Americas
1855 Griffin Road
Suite C470
Dania Beach, Florida 33004
Telephone:     (305) 571-8550
Facsimile:      (305) 571-8558

**CERTIFICATE OF SERVICE**

I hereby certify that on this 28th day of June, 2016, the above and foregoing pleadings has been served upon all counsel of record and all parties by electronically uploading the same to LexisNexis File & Serve in accordance with Pre-Trial Order No. 6, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2047.

By: _/s Matthew T. Moore_
        Matthew T. Moore
        matthew@alterslaw.com
        Florida Bar No.: 70034