UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: CHINESE -MANUFACTURED DRYWALL PRODUCTS LIABILITY LITIGATION | MDL NO. 2047<br><br>SECTION: L<br><br>JUDGE ELDON FALLON<br>MAGISTRATE WILKINSON |

# Opinion and Decree

On February 27, 2012, Daniel Cowart purchased the property located at 32793 Water View Drive Ease, Loxley, Alabama. On June 26, 2012, Mr. Cowart deeded the property to his wife, Lauren Cortelyou. Mr. Cowart and Ms. Cortelyou ("Claimants") thereafter employed the law firm of Reeves & Mestayer, which inspected the property on April 23, 2013. The inspection allegedly confirmed the presence of Chinese drywall manufactured by Knauf. Claimants now seek benefits pursuant to the Knauf Settlement Agreement.

Ms. Cortelyou is listed as a claimant on Exhibit B of the omnibus complaint in *Paul Beane, et al. v. Gebrueder Knauf Verwaltungsgesellschaft KG, et al.*[1] Therefore, this matter is controlled by the Settlement Agreement Regarding Post-December 9, 2011 Claims Against the Knauf Defendants in MDL No. 2047.[2] The Settlement Agreement provides in part:

> Any Exhibit A Claimant or Exhibit B Claimant who purchased the Affected Property with knowledge that there was reactive Chinese Drywall in the Affected Property, or who purchased after December 9, 2009 and failed to make a reasonable inquiry, is not eligible for benefits under this Agreement. . . .

Knauf does not contend that Mr. Cowart had actual knowledge of reactive Chinese Drywall

---

[1] No. 13-609 (E.D. La.).

[2] Rec. Doc. 16978-1.

when he purchased the property on February 27, 2012, or that Ms. Cortelyou had actual knowledge of reactive Chinese Drywall when she was deeded the property on June 26, 2012. Instead, Knauf contends that Mr. Cowart "failed to make a reasonable inquiry" concerning the presence of reactive Chinese drywall when he purchased the property.

Pursuant to the Purchase Agreement dated February 27, 2012, Mr. Cowart agreed to accept the property "As Is." Furthermore, he was given an opportunity to have the property professionally inspected, which he declined:

> BUYER IS AWARE that professional inspections may be made, by a representative of Buyer's choosing . . . . Buyer has been given the opportunity to have said inspection and hereby declines [BUYER'S INITIALS].

Claimants contend that they conducted a "walk-through informal inspection" with Roberts Brothers. Roberts Brothers was the seller's (not Mr. Cowart's) real estate agent. The Walk-Though/Systems Check Inspection Form (signed by the parties, including Mr. Cowart), specifically stated:

> We further understand that the real estate agent is accompanying us on this walk-through as a courtesy, not as a person qualified to inspect, detect or repair structural defects, malfunctioning systems, equipment, or appliances.

Claimants also allude to an informal inspection by a builder. But Claimants have provided no written evidence of the inspection's scope or findings. There is no evidence that Mr. Cowart had the property inspected for the presence of reactive Chinese drywall at the time of purchase.

The issue is this: When a buyer has no reason to believe that a property has reactive Chinese drywall, what steps (if any) must he take to satisfy the settlement's "reasonable inquiry" requirement?

Again, the settlement requires a "reasonable inquiry" into the presence of "reactive Chinese Drywall in the Affected Property." The settlement does not anticipate that the buyer must first have some threshold level of knowledge about the presence of Chinese drywall as a predicate to triggering the duty to conduct a reasonable inquiry. Instead, it requires a reasonable inquiry *in all cases*.

In this case, Claimants contend that there were two informal inspections at the time that Mr. Cowart purchased the property. But neither inspection was an inquiry into the presence of reactive Chinese drywall. Mr. Cowart failed to conduct a reasonable inquiry, and therefore had no right to recover under the settlement.

Since Ms. Cortelyou received the property from Mr. Cowart, her rights can be no greater than his. Furthermore, there is no evidence that she conducted a reasonable inquiry as required by the settlement. Ms. Cortelyou, like Ms. Cowart, cannot recover.

## Conclusion

The undersigned finds in favor of Knauf and against the Claimants. The undersigned will circulate an invoice for his services in the near future, with Knauf and the Claimants each responsible for half.

Dated: June 18, 2016                                    /s/ Daniel J. Balhoff
                                                        Daniel J. Balhoff, Special Master