# BAKER DONELSON
## BEARMAN, CALDWELL & BERKOWITZ, PC

201 ST. CHARLES AVENUE
SUITE 3600
NEW ORLEANS, LOUISIANA 70170
PHONE:    504.566.5200
FAX:       504.636.4000

www.bakerdonelson.com

***PRIVILEGED AND CONFIDENTIAL SETTLEMENT COMMUNICATIONS***

April 6, 2016

**Via Email and Federal Express**:
Mr. Dan Balhoff
Perry, Balhoff, Mengis & Burns, LLC
2141 Quail Run Drive
Baton Rouge, LA 70808
Balhoff@pabmb.com

RE: Cortelyou/Cowart claim, 32793 Water View Drive East, Loxley, AL 36551

## CONFIDENTIAL POSITION PAPER

Dear Mr. Balhoff:

In preparation for the April 13, 2016, mediation of the above-referenced matter, the Knauf Defendants submit this confidential position paper regarding the remediation claim made by Lauren Cortelyou and her husband Daniel Cowart (collectively "Claimants") for the property located at 32793 Water View Drive East, Loxley, AL 36551 ("Property").

Cortelyou is listed as a claimant on Exhibit B of the *Beane* omnibus complaint,[1] and the claim is, therefore, controlled by the *Settlement Agreement Regarding Post-December 9, 2011 Claims Against the Knauf Defendants in MDL No. 2047* (hereinafter "New Claims Settlement Agreement"),[2] which does not provide benefits to claimants who purchased a property with knowledge that it contained Chinese drywall or without making a reasonable inquiry into the presence of Chinese drywall.

---

[1] *Paul Beane, et al. v. Gebrueder Knauf Verwaltungsgesellschaft KG, et al.*, No. 13-609 (ED. La.).
[2] Rec. Doc. 16978-1.

Mr. Daniel J. Balhoff
March 20, 2015
Page 2

> Any Exhibit A Claimant or Exhibit B Claimant who purchased the
> Affected Property with knowledge that there was reactive Chinese
> Drywall in the Affected Property, or who purchased after
> December 9, 2009 and failed to make a reasonable inquiry, is not
> eligible for benefits under this Agreement…[3]

It is the position of the Knauf Defendants[4] that the Claimants failed to make a *reasonable inquiry* by waiving the execution of the Seller's Disclosure Statement,[5] not obtaining a Chinese drywall inspection, and not obtaining even a general inspection of the Property prior to their purchase.[6] The Claimants now seek to have the Knauf Defendants insure their "As Is" purchase.[7]

The New Claims Settlement Agreement requires claimants to perform a *reasonable inquiry* in order to be eligible for settlement benefits. For an inquiry to be reasonable, some inquiry must be required. Though the extent of such inquiry depends upon the facts of each case, it is apparent that no inquiry was conducted in this case.

The objective standard is: *what would a reasonable person in the same position as the Claimants do?* In this case, a reasonable person would have at the very least hired a professional to conduct a general inspection of the property prior to purchase. General inspections are standard in real estate purchases, yet the Claimants failed to hire a qualified inspector to conduct a pre-purchase general inspection. Furthermore, not only did Claimants fail to conduct a general, customary inspection, they knowingly declined the opportunity to carry out such an inspection.[8] The Claimants, therefore, failed to make a *reasonable inquiry* by failing to act as reasonable purchasers.

---

[3] *Id*. at 4, Section IV(D).
[4] Unless otherwise noted, all capitalized terms herein carry the same definitions as those provided in the Third Amended Settlement Agreement Regarding Claims Against the Knauf Defendants in MDL No. 2047, Rec. Doc. 16407-3.
[5] *See* Exhibit A, Purchase Agreement, page 1, item number 3.
[6] *Id*., item number 4.
[7] *Id*., item number 5; and *see also* Exhibit B, Hold Harmless Agreements.
[8] *See* Exhibit A, item number 4.

Mr. Daniel J. Balhoff
March 20, 2015
Page 3

The Claimants have provided the Knauf Defendants with a Walk-Through/Systems Check Inspection Form,[9] but this form only demonstrates that Cowart — instead of a qualified inspector — walked through the property and accepted it in its present, "as is" condition. The form goes on to provide the Claimants with the opportunity to have the property professionally inspected, which they failed to do.

Though general property inspections are standard in real estate transactions, the Claimants took a calculated risk in purchasing the Property without obtaining an inspection by a qualified professional. Further, the Claimants waived their right to receive disclosures from the seller. The Claimants failed to act as reasonable purchasers and, therefore, failed to make a *reasonable inquiry*, a requirement of the New Claims Settlement Agreement from which they seek benefits. Based on the foregoing, Claimants are not eligible for benefits under the New Claims Settlement Agreement.

Respectfully submitted,

BAKER, DONELSON, BEARMAN,
CALDWELL & BERKOWITZ, PC


 /s/ *René A. Merino*
RENE A. MERINO

---

[9] Exhibit C.

# Exhibit A

   **PURCHASE AGREEMENT**    

Date _2/27/2012_

This contract constitutes the sole agreement between the parties hereto and any modification of this contract shall be signed by all parties to this agreement. No representation, promise, or inducement not included in this contract shall be binding upon any party hereto. Nondiscrimination: Buyers and Sellers agree not to discriminate based on race, color, religion, sex, national origin, handicap or familial status.

**AGENCY DISCLOSURE: SELLER(S) INITIALS** _____   **BUYER(S) INITIALS** _____

The listing company _The Property Shop_ is:
(two blocks may be checked)
☑ An agent of the seller.
☐ An agent of the buyer.
☐ An agent of both the seller and buyer and is acting as a limited consensual dual agent.
☐ Assisting the _____ buyer _____ seller as a transaction broker.

The selling company _Roberts Brothers_ is:
(two blocks may be checked)
☐ An agent of the seller.
☐ An agent of the buyer.
☐ An agent of both the seller and buyer and is acting as a limited consensual dual agent.
☑ Assisting the ☑ buyer _____ seller as a transaction broker.

**BUYER'S OFFER**
THE UNDERSIGNED, HEREINAFTER CALLED THE BUYER, HEREBY OFFERS TO BUY THE PROPERTY located in _Loxley_,
Alabama commonly known as _32793 Waterview Dr_ and legally described as: _Lot 2, Lakeview at Steelwood_
subject to any existing building and use restrictions, previous mineral exclusions, zoning ordinances, if any, for the sum of
☐ _Three hundred forty-five & 00/100_ _____ ($ _345,000_ _____).

**1. THE TERMS OF PURCHASE SHALL BE AS MARKED BELOW** (unmarked statements do not apply):

**CASH**
☐ The full purchase price upon execution and delivery of Warranty Deed. Buyer to pay closing fee and recording fee. This offer ☐ IS ☑ IS NOT contingent upon the property appraising for at least the purchase price. If offer is subject to said appraisal, Seller is to be notified in writing within _____ business days from the date of acceptance of offer as to whether this contingency has been satisfied. The appraisal shall be at the Buyer's expense. Buyer has been given the opportunity to have said appraisal and hereby declines. _____ BUYER(S) INITIALS

**NEW MORTGAGE**
☐ The full purchase price upon execution and delivery of Warranty Deed, contingent upon Buyer's ability to obtain a _____ year _____ type mortgage in the amount of approximately $ _____ or _____ % of the purchase price PLUS ☐ PMI, ☐ MIP, ☐ FUNDING FEE, ☐ CLOSING COSTS AT AN AMOUNT NOT TO EXCEED _____ %, which Buyer agrees to apply for immediately and accept promptly if tendered. THE APPRAISAL FEE, UNLESS OTHERWISE AGREED UPON IN WRITING BY ALL PARTIES, Seller shall have the option to cancel this contract if Buyer fails to apply for a mortgage loan within _____ business days after the date of acceptance of this offer. Buyer is to furnish Seller within _____ business days of the date of acceptance of offer written confirmation from lender that Buyer's ability to obtain financing under the terms of this agreement is within the lender's guidelines. Said written confirmation must be satisfactory to Seller. This offer is contingent on the property appraising for at least the purchase price. BUYER TO PAY ALL loan closing costs, unless otherwise noted, including prepaid items and recording fees (unless not allowed by current FHA/VA regulations). Buyer to pay or finance VA Funding Fee if applicable. DISCOUNT POINTS to be paid as follows: NOT TO EXCEED _____ Points by Buyer, _____ Points by Seller. Seller to make repairs or replacements as required by appraisal or for mortgage loan purposes not to exceed $ _____ but not including repairs as may be required by paragraphs 4, 5 and 9 below.

**VENDOR'S LIEN DEED**
☐ See Attached "Vendor's Lien Addendum."

**2.** A new survey shall be paid for by ☐ BUYER ☐ SELLER and ordered by ☐ LISTING BROKER ☐ SELLING BROKER. Buyer has been given the opportunity to get a new survey and hereby declines. _____ BUYER(S) INITIALS

**3.** "Seller's Disclosure Statement" is acknowledged by BUYER(S) INITIALS and "X" below (unmarked statements do not apply).
☐ Buyer acknowledges and accepts "Seller's Disclosure Statement."
☐ This agreement is contingent upon Buyer's written acceptance of "Seller's Disclosure Statement" and return with accepted contract.
☑ Buyer and Seller agree to waive execution of "Seller's Disclosure Statement."

**4.** BUYER IS AWARE that professional inspections may be made, by a representative of Buyer's choosing, of home structure, systems and ☐ pool ☐ N/A. SALE ☐ IS ☑ IS NOT contingent on said inspection, satisfactory to Buyer. IF sale is subject to said inspection, BUYER agrees to pay for same. Seller to be notified in writing within _____ business days of acceptance of this agreement as to whether inspection is or is not satisfactory to Buyer. Providing utility availability, if necessary, for this inspection is the responsibility of the ☐ BUYER ☐ SELLER. Seller is not obligated to pay for any repairs recommended by such professional inspection except as may be required by other provisions of this purchase agreement. Buyer to furnish Seller/Broker, if requested, a copy of all inspection reports obtained at no cost. IF THIS OFFER IS CONTINGENT ON A PROFESSIONAL INSPECTION, THE APPRAISAL SHALL BE ORDERED IMMEDIATELY UPON THE REMOVAL OF THIS CONTINGENCY. Buyer has been given the opportunity to have said inspection and hereby declines. _____ BUYER(S) INITIALS

**5.** BUYER HAS EXAMINED THIS PROPERTY and agrees to accept same in its "As Is" condition, except as may be specified herein. HEATING, AIR CONDITIONING EQUIPMENT INCLUDING ANY WINDOW UNITS, PLUMBING AND ELECTRICAL SYSTEMS and all INCLUDED APPLIANCES shall be warranted by Seller to be in working order at time of conveyance. Buyer to be responsible for inspection of same prior to conveyance. Buyer shall be required to sign a final WALK-THROUGH/SYSTEMS CHECK INSPECTION FORM, indicating that the inspection was completed and that the property is acceptable in its "As Is" condition, unless otherwise noted on such form. Providing utility availability, if necessary, for this inspection is the responsibility of the ☐ BUYER ☐ SELLER. Buyer understands that if a salesperson accompanies the Buyer on this final inspection, it will be as a courtesy only and not as a person qualified to detect any defects. SELLER TO REMOVE ALL DEBRIS AND BE RESPONSIBLE FOR ANY "MOVE OUT" RELATED DAMAGES THAT MAY OCCUR PRIOR TO POSSESSION.

**6.** This contract ☐ IS ☑ IS NOT contingent upon Buyer obtaining homeowners and/or flood insurance coverage at price and terms acceptable to Buyer and Buyer(s)' Lender within _____ business days of acceptance of offer.

**7.** A HOME WARRANTY through _____ (warranty company) subject to limitations, exclusions and deductibles, to be ordered at a cost not to exceed $ _____ by _____ (real estate company) at the expense of the ☐ BUYER ☐ SELLER. If there is an existing home warranty on home at time of acceptance it is to be kept in effect by Seller and transferred to Buyer at closing. Buyer has been given the opportunity to have such coverage and hereby declines. _____ BUYER(S) INITIALS

**8.** ALL IMPROVEMENTS and APPURTENANCES ARE INCLUDED in the purchase price, including if now in or on the property, the following: lighting fixtures and their shades, ceiling fans, drapery hardware and curtain hardware, window shades and blinds, window and door screens, stationary laundry tubs, water heater, smoke detectors, carbon monoxide detectors and built-in security systems, TV antenna, satellite dish, mailbox, remote control garage door opener(s), water pump and pressure tank, built-in kitchen appliances, vacuflo/ attachments, attached gas grill, gas logs and gas log remote control and/or gas log starter key, awnings, all plantings and heating and air conditioning equipment including any window units. Affixed television screen(s) ☐ IS ☑ IS NOT ☐ N/A included. All bathroom mirrors ☑ WILL ☐ WILL NOT remain. Seller to provide to buyer or selling broker at closing a key to each differently keyed door of dwelling and/or outbuildings. Exceptions for leased equipment: _____

Seller(s) Initials _____   Buyer(s) Initials _____   11/07

PROPERTY ADDRESS ___32793 Waterview Drive___
NO ITEM OF PERSONAL PROPERTY SHALL BE TRANSFERRED TO BUYER UNLESS SPECIFICALLY ITEMIZED HEREIN: _all_
_furniture and accessories)_
Personal property/free-standing appliances that remain are of NO VALUE for appraisal and mortgage loan purposes unless otherwise noted.

9. SELLER IS TO FURNISH AT SELLER'S EXPENSE an Alabama Wood Infestation Report from a bonded and licensed termite control company stating that a visual inspection of accessible areas of the dwelling and garage and/or carport and any detached buildings given value by appraisal indicates there is no visible sign of Infestation or damage by wood destroying insects or fungus. If new construction, a soil treatment letter is acceptable in lieu of an Alabama Wood Infestation Report. This Purchase Agreement is contingent upon said report being satisfactory to both Buyer and Seller. Report to be ordered from the company holding the current termite contract, if possible. Additionally, it is understood that this is neither a structural damage report nor a warranty as to the absence of wood destroying insects or fungus. If active infestation and/or fungus is reported, treatment of the entire dwelling will be required unless property is under a current termite contract in which case a re-treatment of the affected area will be permitted. Treatment will also be required in affected outbuildings if required by lender. A structural inspection by a licensed contractor at Seller's expense may be required by the lender if any evidence of previous infestation and/or damage is found. If not required by the lender, Buyer may order a structural inspection, satisfactory to Buyer at Buyer's expense. IF there is a termite replacement contract in effect at time of acceptance, it is to be kept current by Seller and transferred to Buyer at closing, subject to termite company's approval and at the expense of ☐ BUYER ☒ SELLER not to exceed $ _200_ (excluding the Alabama Wood Infestation Report). Formosan coverage ☒ SHALL ☐ SHALL NOT be added to the existing termite replacement contract if not presently included at the expense of ☐ BUYER ☒ SELLER   A termite replacement contract ☒ WITH ☐ WITHOUT Formosan coverage shall be provided to the Buyer through_____ (termite company) at ☐ BUYER'S ☒ SELLER'S expense.

10. ALL PROPERTY TAXES, Homeowners Association fees and any termite being collected from existing tenants to be prorated at time of closing. Any Homeowners Association transfer fees to be paid by buyer. Lease agreements and any security deposits associated with said leases to be transferred to buyer at closing, subject to current lease agreement and any management agreement. NOTE: Taxes are prorated based upon current information furnished by the Tax Assessor's office. Brokers and salespeople cannot and do not assume any responsibility for any change, modification, or adjustment to the current tax assessment by the Tax Assessor's office.

11. PROPERTY ASSESSMENTS which become a lien on the property prior to closing date shall be paid by the Seller, without proration. Any public improvements, now installed but not yet a lien, shall be assumed by the Buyer.

12. AN OWNER'S POLICY OF TITLE INSURANCE (STANDARD), in the amount of the purchase price, and a warranty deed is to be furnished by Seller at Seller's expense. Risk of loss by fire or other casualty shall be on Seller until title is conveyed. If single lot colony property is being conveyed, its understood conveyance will be by a warranty bill of sale, subject to a 99-year lease and transfer fee to be paid by Buyer.

13. SALE TO BE CLOSED within _10_ days after all necessary documents are ready, no sooner than _March 9, 2012_ but not later than _March 16, 2012_. TITLE TO BE TAKEN IN NAMES (S) OF _Daniel A. Cownet_
☐ WITH ☑ WITHOUT Right of Survivorship.

14. A FURTHER PERIOD OF FIVE (5) days shall be allowed for closing if: (A) the closing is delayed by reason in abstracting or by title defects which can be readily corrected, or (B) the terms of purchase require a new mortgage and the lender issues an unconditional written commitment by the date of closing but is delayed in consummating the mortgage.

15. POSSESSION TO BE GIVEN ☒ at close or _____ days after close at _____ ☐ am ☐ pm ☐ WITH ☐ WITHOUT payment of rent by Seller for any portion of property occupied by Seller after closing but prior to possession date and shall be paid as follows:_____

16. FOR VALUABLE CONSIDERATION, Buyer gives the LISTING BROKER above named until _____ ☐ am ☐ pm to obtain the written acceptance of this offer and agrees that this offer, when signed, will constitute a binding agreement between Buyer and Seller and herewith deposits $ _10,000_ in the form of _____ evidencing Buyer's good faith to be deposited in escrow by said SELLING BROKER upon acceptance of offer and to be applied to the purchase price. If this offer is not accepted or the offer is not marketable, or if the terms of purchase are contingent upon ability to obtain new mortgage or other contingencies which cannot be met, this deposit is to be refunded, otherwise to be retained. In the event of default by Buyer, all deposits made hereunder may be forfeited as liquidated damages at Seller's election, or alternatively, Seller may retain such deposits in Broker's Escrow Account as part of the purchase price and pursue his legal or equitable remedies hereunder against Buyer. In the event of default by Seller, Buyer may pursue his legal or equitable remedies hereunder against the Seller. In the event this sale does not close, a separate mutual release signed by all parties to this contract will be required before any funds will be returned. In the event of a dispute, the Broker may interplead funds into the appropriate court. The parties agree that all fees and expenses related to interpleader shall be paid from the escrowed funds. If said funds are not adequate to pay the fees and expenses, the parties agree to be jointly and severally responsible for the fees and expenses in excess of the escrowed funds. In either an offer or counteroffer is not accepted, earnest money shall be returned to the Buyer without a signed release.

17. THE PURCHASE PRICE AND TERMS OF THIS SALE MAY BE DISCLOSED after closing to the members and affiliate members of the Mobile Area Association of Realtors, Baldwin County Association of Realtors and any applicable MLS systems for use in the ordinary conduct of their business. Real estate brokers/salespeople may benefit financially as a result of recommending real estate services to clients and customers.

18. REAL ESTATE BROKERS AND/OR SALESPERSONS ARE NOT PRINCIPALS and are not to be held liable for any conditions or non-performance of this agreement and have not given any professional, legal or tax advice.

19. BUYER ACKNOWLEDGES THAT HE HAS READ THIS ENTIRE AGREEMENT INCLUDING ALL ADDENDUMS, if any, which are made part of this Purchase Agreement and has received copies. ☐ Lead Base Paint Disclosure ☐FHA/VA ☐ Buyer Disclosure ☐ Other _____

20. Other provisions: _____

| Buyer X _____ | Print Name _Daniel A. Cownet_ | Date _3/8/12_ | ☐ am ☒ pm |
| Buyer X | Print Name | Date | ☐ am ☐ pm |

Buyer's Address _____ Witness X _____
Selling Salesperson _Barbara Sims_ Phone: (Cell) _251-510-3588_ (Office) _251-661-4660_

SELLER'S ACCEPTANCE OF OFFER
21. THE ABOVE OFFER IS HEREBY ☒ ACCEPTED or ☐ COUNTERED _____
_____
_____
Provisions of the original offer not changed by the counteroffer shall remain in effect.

22. IN THE EVENT A COUNTEROFFER is made, it shall expire on _____ ☐ am ☐ pm if Buyer has not given prior written acceptance.

23. SELLER ACKNOWLEDGES THAT HE HAS READ THIS ENTIRE AGREEMENT INCLUDING ALL ADDENDUMS, if any, which are made part of this Purchase Agreement and has received copies. ☐ Lead Based Paint Disclosure ☐FHA/VA ☐ Buyer Disclosure ☐ Other _____

| Seller X _Peter J. deJocie_ | Print Name _Peter J. deJocie_ | Date _2/9/12_ | ☐ am ☐ pm |
| Seller X | Print Name _Peter J. deJocie_ | Date | ☐ am ☐ pm |

Witness X _____
Listing Salesperson _Lu Crawford_ Phone:(Cell) _477.4698_ (Off) _____

BUYER'S ACCEPTANCE OF OFFER
24. The Seller's offer as detailed in #21 above is hereby ☐ accepted or ☐ countered as per attached Addendum. Provisions of the original offer not changed by the counteroffer remain in effect.

| Buyer X | Date | ☐ am ☐ pm Witness X |
| Buyer X | Date | ☐ am ☐ pm Witness X |

11/02



## BUYER'S DISCLOSURE STATEMENT

### VERY IMPORTANT DOCUMENT • PLEASE READ CAREFULLY

This Disclosure Statement has been completed by the Buyer and not a Real Estate Broker or Salesperson. It is hereby attached and made a part of the Purchase Agreement dated _2/27/12_ regarding the Property located at _32743 Water View Drive_

1. BUYER UNDERSTANDS THAT BUYER SHOULD, EITHER PERSONALLY OR THROUGH OTHERS OF BUYER'S CHOOSING, INSPECT THE PROPERTY AND NOT RELY ON ANY VERBAL, PRINTED OR WRITTEN DESCRIPTION OF PROPERTY BY ANY REAL ESTATE BROKER OR SALESPERSON. Buyer's Initials _____.

2. Buyer understands that Buyer, not a Real Estate Broker or Salesperson, has the obligation to determine any and all conditions of the property material to Buyer's decision to buy the property, including, but not limited to: the condition of heating, air conditioning equipment including any window units, plumbing and electrical systems and any built-in appliances; the roof and basement, including leaks therein; the square footage of the structure; construction materials including floors; structural condition; load-bearing paint; utility and sewer or septic tank availability and condition; swimming pool, (including but not limited to: light, pump, liner & apron) subsurface conditions, including radon and other hazardous gases, draining, grading or standing water problems; leasehold, lots&com; sprinkler system; fire/burglar system; fireplace; chimney; gas logs; urea formaldehyde foam insulation or any asbestos material. Buyer's Initials _____.

3. Buyer understands that any statements as to the square footage and room sizes (living area) of the structure is an estimate only and is not warranted to be exact or accurate by the Seller or Real Estate Broker or Salesperson. Buyer also understands that buyer, not a Real Estate Broker or Salesperson, is responsible for calculating square footage of the structure. Buyer further understands that buyer, not a Real Estate Broker or Salesperson, is responsible for resolving any issues related in any way to square footage. Buyer's Initials _____.

4. Buyer has been made aware of the availability of professional home inspections. Buyer understands that Real Estate Brokers and Salespeople are not professional inspectors. Buyer also understands that Real Estate Brokers and Salespeople have not and will not conduct any inspections. Buyer's Initials _____.

5. Buyer understands that Lenders or Buyer may require certain inspections such as termite inspection, mold inspection, septic tank inspection, well water inspection, inspection of repairs required by and completed as per appraisal; and that although the results of these inspections may satisfy the requirements of those authorities, they may not meet the requirements of the Buyer. Buyer, not a Real Estate Broker or Salesperson, is responsible for determining any of the above conditions of the property material to Buyer's decision to buy the property. Buyer's Initials _____.

6. Buyer understands that Seller is not obligated to make repairs to the property except those specifically stated in the purchase agreement Repairs noted in "new mortgage" paragraphs of the Purchase Agreement are only repairs required by appraiser. Neither the Seller nor the Buyer is obligated to make repairs required on the appraisal, if any, that cost in excess of the amount stated in said paragraph. Buyer should not rely on an appraiser to require or discover needed repairs. An appraiser is not a licensed or qualified home inspector. Buyer's Initials _____.

7. Buyer understands that a Real Estate Broker or Salesperson is not responsible for the performance of any repairs, replacements and/or improvements to the property. Buyer's Initials _____.

8. A Home Warranty should not be purchased in lieu of a professional inspection. A Home Warranty is subject to many exclusions including, but not limited to, any conditions that pre-exist the purchase of the property. Buyer is responsible for reviewing the home warranty and being satisfied with the scope of coverage. Buyer's Initials _____.

9. Note the words "in working order" in the Purchase Agreement. This does not obligate the Seller to repair or have work done to put appliances and/or systems in perfect or better working condition i.e., cleaning the heating units, working on plumbing with slow drains or low water pressure etc. These conditions need to be handled before the transaction contingency is removed until and not the "walk-through" just before closing. Buyer's Initials _____.

10. Buyer understands that the Alabama Wood Infestation Report provided by the Seller is a VISUAL inspection of ACCESSIBLE areas. This inspection does not guarantee that there are no termites, other wood destroying insects, any type of insects or fungus in inaccessible areas. There are no warranties after this inspection except those covered under a Termite Contract (bond-with its limitations, exclusions and conditions). Real Estate Brokers and Salespeople are not liable for infestation, damage, or fungus detected or not detected by termite inspection companies. Buyer's Initials _____.

11. Buyer has been made aware of the opportunity to have the property covered under a termite replacement contract (with or without a Formosan rider). Buyer's Initials _____.

12. Buyer understands that any statements including, but not limited to, easements, encroachments, overlaps, location of property lines, fences off true property lines, boundary line disputes or flood zones are not warranted to be accurate by Seller, Real Estate Brokers or Salespeople. Whether a survey is required or not by the Lender, Buyer should obtain a current survey of the property to verify the above. Buyer's Initials _____.

13. Buyer understands property may be affected by Historical District restrictions. Buyer, not a Real Estate Broker or Salesperson, is responsible for determining what, if any, restrictions may apply. Buyer's Initials _____.

14. Buyer understands that the property may require buyer to be a member of a homeowner's / property owner's association. Buyer understands that Buyer, not a Real Estate Broker or Salesperson, is responsible for obtaining any and all information concerning the association including, but not limited to, all membership requirements, fees, assessments, penalties, transfers costs, liens, and/or enforcement procedures. Buyer's Initials _____.

15. Buyer understands that Buyer, not a Real Estate Broker or Salesperson, is responsible for determining that the property can be used for the purpose for which it is purchased, including but not limited to zoning, zoning variances, restrictive covenants, and deed restrictions. Buyer's Initials _____.

16. Buyer understands that any statement as to the property being connected to public sewer is not warranted to be accurate by the Seller, Real Estate Broker or Salesperson. Buyer, not a Real Estate Broker or Salesperson, is responsible for determining if connection is or is not in place if the issue would be material to Buyer's decision to buy property. Buyer's Initials _____.

17. Buyer understands that Buyer, not a Real Estate Broker or Salesperson, is responsible for determining the status of any outstanding fees or assessments including, but not limited to, sewer, paving and/or street maintenance, or water connection. Buyer's Initials _____.

18. Buyer understands that Real Estate Brokers and Salespeople DO NOT WARRANT the condition of this house, the property on which it is located or any of the heating, air conditioning equipment including any window units, plumbing and electrical systems or any appliances. Buyer understands the Seller DOES NOT WARRANT the condition of this house or the property on which it is located or any of the heating, air conditioning equipment including any window units, plumbing and electrical systems or any appliances other than as stated in the Purchase Agreement. Buyer's Initials _____.

19. Buyer understands and agrees that any recommendations by a Real Estate Broker or Salesperson of professional contractors or inspectors is strictly as a courtesy to the Buyer; Buyer's choice of contractors or inspectors is the responsibility of the Buyer; Real Estate Brokers and Salespeople are not responsible or liable for any conditions of property that may not be detected by inspections performed by Buyers, any one acting on behalf of Buyer including, but not limited to, contractors and inspectors. Buyer's Initials _____.

20. Buyer understands that it may be beneficial to contact a homeowner's insurance company as much in advance of the day of closing as possible. Buyer's Initials _____.

21. Buyer understands the closing costs prepared for Buyers and Sellers are approximate figures only. Buyer's Initials _____.

22. Buyer understands that Buyer, not a Real Estate Broker or Salesperson, is responsible for addressing any concerns of Buyer as to the property being affected by the Community Notification Act (Megan's Law). Buyer's Initials _____.

SELLER ACKNOWLEDGES THAT HE HAS READ
THIS ENTIRE DOCUMENT AND RECEIVED A COPY.

SELLER _____ Date _2/9/12_

SELLER _____ Date _____

BUYER ACKNOWLEDGES THAT HE HAS READ
THIS ENTIRE DOCUMENT AND RECEIVED A COPY.

BUYER _____ Date _3/8/12_

BUYER _____ Date _____

9/2011

# Exhibit B

## HOLD HARMLESS AGREEMENT

ADDRESS: 32793 WATERVIEW DRIVE, LOXLEY, AL 36551
SELLER(S): PETER J. DESOCIO
BUYER(S): DANIEL A. COWART
DATE: MARCH 19, 2012

KNOW ALL MEN BY THESE PRESENTS that, for good and valuable consideration, the undersigned hereby agrees to release and hold harmless ROBERTS BROTHERS, INC. and its agents from any loss, cost, damage, expense, claim, demand and/or lawsuit related in any way to the following:        (Check all that are applicable)

___X___ This property having been accepted by the undersigned Buyer(s) without reservation in its present "as is" condition, with no warranties, any repairs and/or improvements of any nature whatsoever, or the lack thereof, to said property, home or any buildings located thereon or any part of said home or buildings, including, but not limited to appliances, plumbing, electrical, air conditioning systems and/or heating systems or any inaccuracies that may exist in the Multiple Listing Service (MLS).

___X___ Any active infestation by termites or other wood destroying organisms to the home or any building located on said property or any damages resulting therefrom, presence of any insects, or any damages caused by any previous infestation by, active, existing or pre-existing wood destroying fungus whether or not such damage is shown by the attached termite letter, if any, or other document or documents.

___X___ Any of the exceptions shown in Schedule B, Section 2 of the attached title commitment.

_____ Any encroachments or other information shown on the attached survey, whether or not such items are listed as exceptions in the attached commitment for title insurance.

___X___ A current survey not being provided on the property. Buyer(s) has declined a survey and assumes any results or consequences of any condition that a survey may reveal including, but not limited to, encroachments, overlaps, boundary line disputes, flood zones, and any matters not of record that would be disclosed by an accurate current survey and inspection of premises.

_____ Buyer(s) acknowledges being aware that a survey for the subject property has been ordered, however, the survey will not be completed prior to closing for the Buyer(s) to review. Buyer(s), being aware of same, has elected to proceed to close of sale without the review of the new survey.

_____ Buyer(s) acknowledges having had the opportunity to review the home warranty provided by _____ and is satisfied with the terms and conditions.

_____ Buyer(s) acknowledges being aware that they are purchasing a foreclosed property and there is an existing right of redemption. Buyer(s) has been advised to seek the advice of an attorney regarding implications of same. Buyer(s) has satisfied himself regarding purchasing a foreclosed property, the existing right of redemption, accepts the property "As Is," and desires to proceed to close of sale.

_____ Buyer(s) acknowledges being aware that that the property is located in a flood hazard area. Buyer(s) is aware that his mortgage lender may require flood insurance. Buyer(s) has satisfied himself as to the need for flood insurance and desires to proceed to close of sale.

_____ Buyer(s) acknowledges being aware that the purchase is being financed by the Seller(s). Seller(s) acknowledges that Roberts Brothers, Inc., its agents, servants, and employees have made NO representations regarding the creditworthiness of the Buyer(s) and have no knowledge regarding whether or not Buyer(s)(s) will be able to make future payments in a timely manner. In the event of a default by Buyer(s), Seller(s) is advised to seek legal counsel and to look only to the Laws of the State of Alabama regarding Seller's rights of foreclosure.

IN WITNESS WHEREOF, the undersigned has executed this agreement on this the ____ day of _____, _____.

| | | |
|---|---|---|
| _SELLER_ /DATE 3/19/12 | SELLER | DATE |
| BUYER /DATE 3/28/12 | BUYER | DATE |

NOTARY PUBLIC:
Sworn to and subscribed before me on this the _19_ day of _March_ , _2012_ .

Notary Public _Susan K. Montgomery_

My commission expires _1-12-2020_

Page 1 of 1

12/2011

# HOLD HARMLESS AGREEMENT

**DATE:** 3/6/2012

Reference to sale:

**ADDRESS:** 32793 Waterview Drive

Loxley AL. 36551

**SELLER:**

**BUYER:**

KNOW ALL MEN by these presents, that the undersigned hereby agrees to release and hold harmless **ROBERTS BROTHERS, INC.** and its agents from any loss, cost, damage, expense, claim, demand and/or lawsuit related in any way to the following:

Any repairs and/or improvements to the property, house and/or any of its component parts, including but not limited to heating systems, air conditioning equipment including any window units, plumbing, all electrical systems and all included appliances.

**ALSO:**

A current survey is not being provided on the above referenced property. Buyer assumes any results or consequences of any condition that a current survey may reveal including, but not limited to, encroachments, overlaps, boundary line disputes, easements, flood zones, and any matters not of record that would be disclosed by an accurate survey and inspection of the premises.

IN WITNESS whereof, the undersigned has executed this agreement on this 3rd day of March, 2012

SELLER ACKNOWLEDGES THAT HE HAS READ THIS ENTIRE AGREEMENT.

_____
Seller

_____
Seller

BUYER ACKNOWLEDGES THAT HE HAS READ THIS ENTIRE AGREEMENT.

_____
Buyer

_____
Buyer

**WITNESS:**

Sworn to and subscribed before me on this the _____ day of _____.

_____
Notary Public

My Commission Expires:_____

2/04-D

# Exhibit C

JOHN A. ROBERTS, JR.
PRESIDENT

MAILING ADDRESS
P.O. Box 6217, MOBILE, AL 36660-0217





### REALTORS®

## WALK-THROUGH/SYSTEMS CHECK INSPECTION FORM

We hereby declare that we have inspected the house, the property on which it is located and the heating, air conditioning equipment, including any window units, plumbing and electrical systems and all included appliances that we are buying at _____
32793 WATERVIEW DRIVE, LOXLEY, AL 36551
_____this ___19___ day of_____MARCH_____, ___2012___, and that without any reservations, we accept this house, the property on which it is located and the heating, air conditioning equipment, including any window units, plumbing and electrical systems, and all included appliances in their present "AS IS" condition. We understand that Roberts Brothers DOES NOT WARRANT the condition of this house, the property on which it is located or any of the heating, air conditioning equipment, including any window units, plumbing and electrical systems or any appliances. We understand that the Seller(s) DOES NOT WARRANT the condition of this house, the property on which it is located or any of the heating, air conditioning equipment, including any window units, plumbing and electrical systems or any appliances, other than as stated in the purchase agreement. We also understand that the responsibility for this house, the property on which it is located and the above described systems and appliances are OUR responsibility as of the date of the closing of the sale of the house.

We further understand that the real estate agent is accompanying us on this walk-through as a courtesy, not as a person qualified to inspect, detect or repair structural defects, malfunctioning systems, equipment, or appliances.

**Prior to this date, we have been given the opportunity to have a qualified person of our choice inspect the property and HAVE ☐ HAVE NOT ☐ chosen to do so. (The appropriate response is to be circled with the purchasers initialing the appropriate blank.)**

We hereby affirm that all conditions of the Purchase Agreement dated the____27____ day of _____FEBRUARY_____, ___2012___, have been complied with by the seller(s).
Exceptions: _____

_____

Seller acknowledges that he has read this entire agreement.

_____
Seller

_____
Seller

Purchaser acknowledges that he/has read this entire agreement.

_____
Purchaser

_____
Purchaser

6/07