UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

IN RE:  CHINESE-MANUFACTURED           MDL NO. 2047
DRYWALL PRODUCTS LIABILITY
LITIGATION                             SECTION:  L

                                       JUDGE ELDON FALLON
                                       MAGISTRATE WILKINSON

**PLAINTIFFS, DANIEL COWART AND LAUREN CORTELYOU'S, OBJECTION TO SPECIAL MASTER'S OPINION AND DECREE**

Come now the Plaintiffs, Daniel Cowart and Lauren Cortelyou, by and through undersigned counsel, and file this Objection to Special Master's Opinion and Decree, and as grounds would state as follows:

1.     On June 18, 2016, the Special Master entered the Opinion and Decree attached as Exhibit "A".  On July 1, 2016, the undersigned corresponded with opposing Counsel in a good faith effort to meet and confer to resolve the matters that are the subject of this Request for Reconsideration.

2.     The Special Master's Opinion and Decree is in error and the undersigned respectfully request it be reversed.  Plaintiffs further request this Court enter an Order that Plaintiffs are entitled to recover all available benefits under the Knauf settlement.

3.     Plaintiffs, Daniel Cowart and Lauren Cortelyou are residents of Loxley, Alabama. They are stellar citizens of Loxley, Alabama.  Mr. Cowart has owned his own business for nearly 35 years.  Ms. Cortelyou was formerly employed by Airbus.  They are both active in the local community, their church, the local Waterfront Mission, Habitat for Humanity, and run their own ministry entitled Fellowship Ministries.

4.     The property at issue is located at 32793 Waterview Drive, Loxley, Alabama. Daniel Cowart purchased the property affected on 2/27/2012.  An inspection by Roberts Brothers

Realtors was conducted at the time of purchase which did not reflect the presence of KPT drywall.  Mr. Cowart had no knowledge of defective KPT drywall at the time of purchase.

5. On 6/26/2012, Daniel Cowart deeded the property to his wife, Lauren Cortelyou. Ms. Cortelyou had no knowledge of defective KPT drywall at the time of purchase.

6. On April 23, 2013, inspectors with the offices of then Lumpkin and Reeves confirmed the presence of Knauf CDW in the home.

7. The sole issue is whether Mr. Cowart and Ms. Cortelyou made a reasonable inquiry to determine the presence of KPT drywall prior to purchase.  Mr. Cowart and Ms. Cortelyou had no reason to believe that the property has reactive Chinese drywall.  They therefore did not conduct a formal inspection.  They had no knowledge of Chinese drywall and no reason to make an inquiry on whether it existed.  The Special Master in this case improperly found that the informal inspections did not constitute a reasonable inquiry under the circumstances and therefore, improperly concluded they had no right to recover under the settlement.

8. In this case, it is particularly unfair and makes little sense for Mr. Cowart and Ms. Cortelyou to be required to make a specific inquiry into a potential defective product which they were completely unaware of at the time.  Again, defendants did not allege that the Cortelyou's knew or even should have known to inspect for Chinese drywall.   There is no evidence of such knowledge.  The Court should take additional notice that this home was located in Loxley, Alabama.   News coverage in Alabama was much less than in Louisiana so that constructive knowledge of defective Chinese drywall was virtually non-existent.  Under these circumstances, the Cortelyou's actions of obtaining two informal inspections as opposed to a formal Chinese drywall inspection was "reasonable inquiry."

9.      In support of this Objection, Plaintiffs attach the entire record considered by the Special Master in this matter, including:

    A.  Plaintiffs' Position Paper with exhibits attached hereto as Exhibit "B" with attached Exhibit "1", identified as follows:

        1) Email from Rene Merino to Joan Bowers at Reeves & Mestayer, PLLC dated January 22, 2016;
        2) Roberts Brothers Realtors Walk-Through/Systems Check Inspection Form;
        3) Deed from Daniel A. Cowart to Lauren C. Cowart of June 26, 2012;
        4) Drywall Inspection Report dated 4/24/2013 with attached photographs;
        5) MLS Listing of 32793 West Water View Drive, Loxley, Alabama 36551;
        6) Purchase Agreement dated 2/27/2012;
        7) Warranty Deed to Daniel A. Cowart dated 3/19/2012.

    B.  Knauf Defendants Confidential Position Paper attached hereto as Exhibit "C".

**WHEREFORE,** premises considered, Plaintiffs respectfully requests that this Court reverse the Special Master's ruling by finding that same is in error and rule that the Plaintiffs are entitled to full compensation under the remediation under the Knauf settlement.

Dated: July 6, 2016.

        Respectfully submitted,

        DANIEL COWART AND LAUREN CORTELYOU, PLAINTIFFS

        */s/ James R. Reeves, Jr.*
        JAMES R. REEVES, JR.

JAMES R. REEVES, JR., ESQUIRE
REEVES & MESTAYER, PLLC
160 MAIN STREET
BILOXI, MS  39530
(228) 374-5151 (phone);
(228) 374-6630 (facsimile)

3

## **CERTIFICATE OF SERVICE**

     I hereby certify that the above and foregoing has been served upon Plaintiffs' Liason Counsel, Russ Herman and Defendants' Liason Counsel, Kerry Miller, by U. S. Mail and email and upon all parties by electronically uploading the same to Lexis Nexis File and Serve® in accordance with Pre-Trial Order No. 6, and that the foregoing was electronically filed with the Clerk of the United States Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with procedures established in MDL 2047 on this 6th day of July, 2016.

                                                  */s/ James R. Reeves, Jr.*
                                                  JAMES R. REEVES, JR., Plaintiffs' Attorney
                                                  REEVES & MESTAYER, PLLC
                                                  160 MAIN STREET
                                                  BILOXI, MS  39530
                                                  (228) 374-5151
                                                  (228) 374-6630 (facsimile)