# EXHIBIT 6

**EXHIBIT 6**

| **Benefit Bestowed by Contractually Retained Counsel objecting herein.** | **Amount** | **Proof** |
|---|---|---|
| Knauf Remediation Program, Option 1 | $ 122,702,371.10 | Exs. 7, 8, 9 hereto; Fee Committee Petition at Doc. 20290-6[1] |
| Remediation Payments by Knauf under Options 2 and 3 | $6,620,321.37 | Exs. 7, 8, 9 hereto |
| Additional benefits for Already Remediated Homes, claims to the Global, Banner, and INEX Settlements, and claims to the Knauf Other Loss Fund | $9,561,206.78 | Exs. 7, 8, 9 hereto |
| Attorney's Fees that Clients Contractually Agreed to Pay (which obligation the settlements nullify), Calculated Using the Settlement Administrator's Benefit Number | $32,899,414.66 | Exs. 7, 8, 9 hereto[2] |
| Expenses Paid by the Contractually Retained Counsel that Have Not Been Reimbursed and that Clients Contractually Agreed to Pay [3] | $450,322.00 | |
| **Total** | $172,233,635.91 | |

[1] As part of its market value calculations, the FC adjusted the $346,746,380 Knauf paid for Option 1 remediations upward to $515,643,751 (or in other words a 1.487 multiplier). *See* Doc. 20290-6, Page 2 of 69. The amount paid for compensation to undersigned's clients for Option 1 is $82,516,725.72 (Exs. 1, 2 hereto), which, adjusted upward per the analysis of the expert retained by the Fee Committee, is a benefit of $122,702,371.10.

[2] The clients agreed to pay 33⅓% in contingency fees in the overwhelming number of circumstances (with a handful of contracts being higher (40) or lower (25)). See Ex. 10, List of Contractually Retained Counsel's Cases with Agreed to Fee Percentage. The compensation number according to the Settlement Administrator for Undersigned's clients is $98,698,253.87. Exs. 7, 8, 9. The clients' contractual fee obligation is calculated at 33⅓% of that number, or $32,899,414.66.

[3] The Settlements' terms whereby this contractual obligation was nullified is a benefit to the Plaintiffs. The Fee Committee has argued that "debt forgiveness" is a value to be included under the percentage-of-recovery methodology. [Doc. 20290-4, p. 43 (citing and parenthetically discussing *Cullen v. Whitman Med. Corp.*, 197 F.R.D. 136 (E.D. Pa. 2000)].