**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| IN RE:   CHINESE-MANUFACTURED DRYWALL PRODUCTS LIABILITY LITIGATION | MDL NO. 2047<br>SECTION: L<br>JUDGE FALLON<br>MAG. JUDGE WILKINSON |
| THIS DOCUMENT RELATES TO:<br>*ALL CASES* | |

**THE FEE COMMITTEE'S OPPOSITION TO THE MOTIONS
FOR AWARD OF ATTORNEYS' FEES AND EXPENSES BY
<u>TAYLOR MARTINO, P.C. AND HOLSTON VAUGHAN, LLC</u>**

The law firms of Taylor Martino, P.C. ("Taylor Martino") and Holston Vaughan, LLC ("Holston") each represented clients in Alabama state court proceedings involving properties with Knauf product owned by the Prichard Housing Authority ("PHA"), and now move for attorneys' fees from the funds available for distribution. *See* Rec.Doc.Nos. 20340 and 20341. Taylor Martino represented PHA in these proceedings; Holston represented seven homeowners who had purchased properties from PHA under a HUD program. The claims in the Alabama proceedings were eventually resolved with the assistance of the Plaintiffs' Steering Committee (the "PSC") following several mediation sessions in New Orleans. Both firms now seek an award of attorneys' fees and costs under purported "stand-alone" settlement agreements with the Knauf defendants. Both firms contend that Knauf must pay their fees and costs completely and without regard to the distribution of funds that have been set aside as part of the MDL settlement program. These arguments are mistaken since the settlement agreements resolving the PHA claims expressly state that fees and costs will be awarded under the MDL settlement agreements.

As is acknowledged by Taylor Martino in its brief, the settlement agreement between the Knauf defendants and PHA expressly states in pertinent part:

> 1.4 Payment of Costs and Attorneys' FEES by Knauf.
> In accordance with Section X of the Remediation Agreement – and in addition to the other monetary payments provided herein – KNAUF agrees to pay the costs and reasonable attorney's fees in accordance with paragraphs 9 and 10 of the Remediation Agreement.

*See* Taylor Martino Brf. at 5.  Taylor Martino further acknowledges, as it must, that the term "Remediation Agreement" refers to the MDL's Pilot Program.  *Id*.

Thus, according to the plain terms of PHA's settlement agreement with Knauf, Taylor Martino must seek to recover attorneys' fees and costs in accordance with the settlement program in the MDL.  Previously, on March 31, 2014, Taylor Martino made a similar effort to recover its fees and costs outside the KPT settlement program.  *See* Rec.Doc. 17581.  That motion was denied as premature on April 8, 2014.  *See* Rec.Doc. 17605.  Taylor Martino now renews its claim to an award of attorneys' fees and costs that is again inconsistent with the terms of the settlement agreement its client entered with the Knauf defendants.[1]  While Taylor Martino clearly seeks to avoid a recovery of fees and costs under the MDL settlement program, it cannot escape the unambiguous terms of the settlement agreement entered between PHA and the Knauf Defendants.

Fortunately for Taylor Martino, this Court is proceeding to allocate the remaining funds available for distribution between common benefit counsel and contract attorneys who seek to recover from their individual retainer agreements.  Taylor Martino appears to fall within the latter camp of contract attorneys from which an anticipated fee allocation will be determined following the hearing scheduled for July 27, 2016.  Nevertheless, Taylor Martino was also

---

[1] Taylor Martino seeks "one-third of the total value conferred upon PHA as reasonable attorneys' fees." *See* Taylor Martino Brf. at 14.

2

permitted to make an out-of-time submission in compliance with both PTOs 9 and 28 to the Fee Committee for it to consider whether the PHA work it conducted was deserving of a common benefit fee.  *See* Rec.Doc. 17592.   It is beyond peradventure that Taylor Martino should receive its proportionate award of fees from this Court's allocation of fees attributable to contract lawyers once this Court issues its ruling on the matter.   It is too late to seek recovery of costs, as this Court's November 23, 2015 order providing for a stipend award has already issued.

Holston is likewise forced to concede that the terms of the settlement agreement between its clients and the Knauf defendants states that attorneys' fees and costs are to be awarded consistent with the terms of the MDL settlement program.   *See* Holston Brf. at 5.   The relevant portions of the settlement agreement states in pertinent part:

> **Knauf agrees to compensate Plaintiffs' counsel pursuant to Section 14 of the Class Settlement Agreement Regarding Claims Against the KNAUF Defendants in MDL 2047** ("the Class Settlement Agreement") (Rec. Doc. 12061-5) consistent with the terms and the amounts paid for similar claims pursuant to MDL 2047.  **The Plaintiffs and KNAUF agree that Plaintiffs' participation in Section 14 of the Class Settlement Agreement** regarding determination of attorneys' fees and costs does not imply Plaintiffs' submission to jurisdiction in the United States District Court for the Eastern District of Louisiana for the Reserved Claims.

*See* Confidential Settlement Agreement and Pro Tanto Release at section 1.5 (emphasis added), Exhibit "E" to Holston's Brf.

Thus, according to the express terms of the settlement agreement, Holston is to be compensated pursuant to Section 14 of the Class Settlement Agreement.[2]   Accordingly,

---

[2] Holston contends it is entitled to attorneys' fees of 29.30 percent of the recovery by its clients.   This percentage was purportedly calculated by comparing the total remediation expenses in the MDL to the global attorneys' fees deposit available for distribution.   *See* Holston Vaughan Brf. at 5.   The Fee Committee submits that Holston will recover attorneys' fees (not costs) consistent with other individually

Holston's attempt to characterize the payment of attorney fees and costs under its clients' settlement agreement with Knauf as somehow distinct from the compensation being provided under the MDL Settlement Agreement is entirely disingenuous. The two agreements are clearly interrelated and Holston's sole course for the recovery of attorneys' fees, like Taylor Martino, is from the individually retained counsel allocation this Court is scheduled to determine after the July 27, 2016 hearing.[3]

Wherefore, for the reasons set forth above, the PSC respectfully requests that the Court deny the motions for an award of attorneys' fees and costs by Taylor Martino, P.C. and Holston Vaughan, LLC.

---

retained counsel as set forth in PTO 28(F).

[3] Holston also states a limited objection to the proposed fee allocation, in the alternative, in light of its complete failure to comply with PTOs 9 and 28 for purposes of recovering attorneys' fees and costs under the MDL settlement program, the substance of which is addressed in the Fee Committee's response to other objectors the Fee Allocation Motion pending before the Court. Procedurally, while other counsel in the litigation have diligently submitted their time and expense records from the outset of this litigation, Holston appears like Mary Poppins and makes a last minute submission of time and expenses presumably to recover a common benefit fee. This belated effort should not be tolerated and the request for an award of common benefit attorneys' fees and costs should be disallowed. *See* Rec.Doc.No. 1367 (dismissing cases for abject failure to comply with court orders); *see also In Re Vioxx Prods. Liab. Litig.*, MDL 2047 (E.D.La. October 17, 2008) (dismissing cases based on failure to comply with *Lone Pine* Requirements of Pre-Trial Order 28) (Rec.Doc.No. 16530); *In Re Vioxx Prods. Liab. Litig.*, MDL 2047 (E.D.La. March 18, 2011) (same) (Rec.Doc.No. 62706); *In Re Vioxx Prods. Liab. Litig.*, MDL 2047 (E.D.La. January 10, 2012) (same) (Rec.Doc.No. 63637).

Respectfully submitted,

Dated: July 11, 2016	/s/ Russ M. Herman_____
Russ M. Herman, Esquire (Bar No. 6819) (on the brief)
Leonard A. Davis, Esquire (Bar No. 14190) (on the brief)
Stephen J. Herman, Esquire (Bar No. 23129)
HERMAN, HERMAN & KATZ, L.L.C.
820 O'Keefe Avenue
New Orleans, Louisiana 70113
Phone: (504) 581-4892
Fax: (504) 561-6024
LDavis@hhklawfirm.com
*Plaintiffs' Liaison Counsel MDL 2047*

Arnold Levin (on the brief)
Fred S. Longer (on the brief)
Sandra L. Duggan (on the brief)
Matthew C. Gaughan (on the brief)
Levin, Fishbein, Sedran & Berman
510 Walnut Street, Suite 500
Philadelphia, PA 19106
Phone: (215) 592-1500
Fax: (215) 592-4663
Alevin@lfsblaw.com
*Plaintiffs' Lead Counsel MDL 2047*

Gerald E. Meunier (LA Bar No. 9471) (On the Brief)
Gainsburgh, Benjamin, David, Meunier & Warshauer, LLC
2800 Energy Centre
1100 Poydras Street
New Orleans, LA 70163-2800
Phone: (504) 522-2304
Fax: (504) 528-9973
gmeunier@gainsben.com
*Co-Counsel for Plaintiffs and PSC Member*

***ON BEHALF OF THE FEE COMMITTEE***

5

**CERTIFICATE OF SERVICE**

    I hereby certify that the above and foregoing pleading has been served on Defendants' Liaison Counsel, Kerry Miller, by e-mail and upon all parties by electronically uploading the same to LexisNexis File & Serve in accordance with Pre-Trial Order No. 6, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2047 on this 11th day of July, 2016.

    /s/ Leonard A. Davis
Leonard A. Davis, Esquire
Herman, Herman & Katz, L.L.C.
820 O'Keefe Avenue
New Orleans, Louisiana 70113
Phone: (504) 581-4892
Fax: (504) 561-6024
Ldavis@hhklawfirm.com
Plaintiffs' Liaison Counsel MDL 2047
*Co-counsel for Plaintiffs*