IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE:  CHINESE-MANUFACTURED DRYWALL PRODUCTS LIABILITY LITIGATION | MDL NO. 2047<br>SECTION: L<br>JUDGE FALLON<br>MAG. JUDGE WILKINSON |
| THIS DOCUMENT RELATES TO:<br>ALL CASES | |

**RESPONSE TO SETTLEMENT ADMINISTRATOR'S MOTION REGARDING STIPEND DISPUTES FOR THE CHINESE DRYWALL SETTLEMENT PROGRAM**
**(New Orleans Habitat for Humanity)**

Herman, Herman & Katz, LLC, counsel for and on behalf of the New Orleans Area Habitat for Humanity, Inc. ("NOAHH"), hereby responds to Settlement Administrator's Motion Regarding Stipend Disputes for the Chinese Drywall Settlement Program (New Orleans Habitat for Humanity), filed July 6, 2016 by BrownGreer. [Rec. Doc. 20371].

NOAHH is a tax exempt non-profit organization that builds houses and hope.  NOAHH builds because it believes that everyone, everywhere, should have a healthy affordable place to call home.  It builds communities and an opportunity for families to help themselves.  Donations are received by NOAHH that enable NOAHH to assist families in need.  Volunteers have participated in raising awareness, fundraising and rebuilding communities.  After Hurricane Katrina, NOAHH was instrumental in the New Orleans area.  A full overview of NOAHH can be found at its website located at www.habitat-nola.org.  NOAHH was the recipient of drywall that was imported from China and was defective.  This donated drywall was installed in houses that were remediated by NOAHH after Hurricane Katrina.  NOAHH secured from the various property owners assignments so that NOAHH could preserve and pursue any rights to recover

1

from others as a result of repairs and renovations that NOAHH performed to properties containing defective Chinese drywall.

Following the issuance of Pre-Trial Order No. 30 (PTO 30) on November 30, 2015 [Rec. Doc. 19787], BrownGreer, the Settlement Administrator was notified by counsel for NOAHH, in accordance with PTO 30, that NOAHH objected to the cost stipend amount for particular properties that were not included or identified on Exhibit "A" to PTO 30. An objection pursuant to PTO 30 was provided on December 4, 2015 setting forth a complete list of properties that BrownGreer failed to include for the payment of a cost stipend (see attached Exhibit "A"). Each of the properties identified in the objection contain non-Knauf Chinese drywall and come under the umbrella of NOAHH.

The NOAHH properties were improperly excluded from the stipend list (Exhibit "A" to PTO 30) based on the BrownGreer position that NOAHH is not "a present or former homeowner" within the scope of PTO 30 stipends. This interpretation of PTO 30 ignore the fact that NOAHH should be treated as a homeowner pursuant to the assignments of rights that NOAHH obtained from the owners of the properties for which it was eligible for settlement compensation.

Louisiana law provides that "all rights may be assigned, with the exception of those pertaining to obligations that are strictly personal. The assignee is subrogated to the rights of the assignor against the debtor." La. Civ. Code art. 2642. Strictly personal obligations are those that "can be enforced only be the obligee." La Civ. Code art 1766. Upon the obligee's assignment of rights, "the assignee steps into the shoes of the obligee." *Pontchartrain Gardens, Inc. v. State Farm Gen'l Ins. Co.*, 2009 WL 86671 at *3 (E.D. La. 2009) (internal quotations omitted) (insured could assign claims for breach of duties by insurer before filing suit; assignee "acquired

the rights [insured] possessed at the time of the assignment"). The shoes that the assignee steps into involve only the rights to recover for damages that the obligee had incurred as of the time of the assignment. *Id.* at *6.

When the owners of the properties remediated by NOAHH assigned their rights to recovery to NOAHH, all rights held at that time were acquired by NOAHH. These rights include the right to receive the cost stipend awarded by PTO 30 as reimbursement for inspections and the like. Standing in "the shoes" of the homeowners places NOAHH in the position of the "present or former homeowner" contemplated by PTO 30 as eligible for cost stipends. To hold otherwise would go against the principles of assignments of rights and benefits to assignees who assume the risk of such assignments. Further, these assignments were secured by NOAHH in order for NOAHH to attempt to recover any expenditures because the homeowner received the donation benefits from NOAHH which went into repairing or remediating the property which contained the defective Chinese drywall. Accordingly, the NOAHH properties identified on Exhibit "A" to the Settlement Administrator's Motion Regarding Stipend Disputes [Rec. Doc. 20371] are entitled to and should be awarded the non-Knauf cost stipend pursuant to PTO 30.

Dated: July 15, 2016    Respectfully Submitted,

BY: /s/ Russ M. Herman
Russ M. Herman (La. Bar No. 6819)
Leonard A. Davis (La. Bar No. 14190)
Stephen J. Herman (La. Bar No. 23129)
Madelyn O. Breerwood (La. Bar No. 35538)
Herman, Herman & Katz, LLC
820 O'Keefe Avenue
New Orleans, LA 70113
Phone: (504) 581-4892
Fax: (504) 561-6024
ldavis@hhklawfirm.com
*Attorneys for NOAHH*

3

**CERTIFICATE OF SERVICE**

I hereby certify that the above and foregoing pleading has been served on Defendants' Liaison Counsel, Kerry Miller, by e-mail and upon all parties by electronically uploading the same to LexisNexis File & Serve in accordance with Pre-Trial Order No. 6, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2047 on this 15th day of July, 2016.

/s/ Leonard A. Davis
Leonard A. Davis, Esquire
Herman, Herman & Katz, L.L.C.
820 O'Keefe Avenue
New Orleans, Louisiana 70113
Phone: (504) 581-4892
Fax: (504) 561-6024
Ldavis@hhklawfirm.com