UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: CHINESE-MANUFACTURED DRYWALL PRODUCTS LIABILITY LITIGATION | MDL NO. 2047<br><br>SECTION: L |
| THIS DOCUMENT RELATES TO: | JUDGE FALLON |
| ALL *CASES* | MAG. JUDGE WILKINSON |

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

## NOTICE OF 30 (b)(6) DEPOSITION & REQUESTS FOR PRODUCTION

TO:  Court Appointed Plaintiffs Steering Committee
through Court Appointed Liaison Counsel:
Russ Herman, Esq.
Herman, Herman & Katz
820 O'Keefe Avenue
New Orleans, LA 70130-3425

**PLEASE TAKE NOTICE** that undersigned counsel will take the testimony of the Court Appointed Plaintiffs' Steering Committee (PSC) and/or Fee Committee (FC) through its/their designee(s) as the person or persons most knowledgeable about the areas of inquiry and documents noted on exhibits "A" & "B" attached hereto and made a part hereof, pursuant to the Federal Rules of Civil Procedure, for all purposes, including perpetuation, before a Notary Public or some other person authorized by law to administer oaths, on the date(s) and time(s) to be agreed to by the PSC/FC and undersigned counsel, at a location to be agreed to by the PSC/FC and undersigned counsel, and/or as ordered by the Court in the absence of such agreement.

It is hereby requested that the PSC/FC designate one or more members or other persons who consents to testify on its/their behalf regarding subjects identified in Exhibit "A," and documents identified in Exhibit "B," as well as such other relevant knowledge as the witness(es) may possess.

In connection with this deposition, a Request for Production of Documents is served upon deponent requiring the production of these documents listed in Exhibit "B" ***in native format***.

This testimony will be given before a court reporter, and will continue from day to day until all designated witnesses and topics are addressed and documents produced.  All witnesses designated will also be called to testify to all relevant matters within their personal knowledge in addition to the collective knowledge of the PSC/FC, knowledge both known and reasonably available to the PSC and FC if not directly known.

Respectfully submitted:

| **FAIRCLOTH, MELTON & SOBEL, LLC** | **LISKA, EXNICIOS & NUNGESSER** |
|---|---|
| By: _____<br>Jimmy R. Faircloth, Jr. (LA #20645)<br>jfaircloth@fairclothlaw.com<br>Brook L. Villa (LA #31988)<br>bvilla@fairclothlaw.com<br>Franklin "Drew" Hoffmann (LA #35824)<br>dhoffmann@fairclothlaw.com<br>301 Main Street, Suite 920<br>Baton Rouge, LA 70801<br>Phone: (225) 343-9535<br>Fax: (225) 343-9538<br><br>*Attorneys for Parker Waichman LLP* | By: _____<br>Val Patrick Exnicios, Esq.<br>vpexnicios@exnicioslaw.com<br>1515 Poydras Street<br>14th Floor, Ste. 1400<br>New Orleans, LA. 70112<br>Phone: (504) 410-9611<br>Fax: (504) 410-9937<br>Cell: (504) 495-9666<br><br>*Attorneys for Whitfield Bryson & Mason LLP, Pendley Baudin & Coffin, Rhine Law Firm, and Luckey & Mullins* |
| **BARON & BUDD, P.C.** | **ALLISON GRANT, P.A.** |
| By: _____<br>Russell W. Budd (TX #03312400)<br>rbudd@baronbudd.com<br>S. Ann Saucer (TX #00797885;<br>LA #21368)<br>asaucer@baronbudd.com<br>3102 Oak Lawn Avenue, Suite 1100<br>Dallas, TX 75219<br>Phone: 214-521-3605<br>Fax: 214-520-1181 | By: _____<br>Allison Grant (FL #858330)<br>agrant@allisongrantpa.com<br>14 SE 4th St<br>Boca Raton, FL 33432-6111<br>Phone: 561-994-9646<br>Fax: 561-431-4627 |

**MCCALLUM, HOAGLUND, COOK & IRBY, LLP**

By: _____
    Eric D. Hoaglund
    ehoaglund@mhcilaw.com
    905 Montgomery Highway, Suite 201
    Vestavia Hills, Alabama 35216
    Phone: (205) 824-7767
    Fax: (205) 824-7768

**ALTERS LAW FIRM, P.A.**

By: _____
    Jeremy W. Alters (FL #111790)
    jeremy@alterslaw.com
    Justin D. Grosz (FL #984000)
    justin@alterslaw.com
    Matthew T. Moore, Of Counsel (FL #70034)
    matthew@alterslaw.com
    Design Center of the Americas
    1855 Griffin Road, Suite C470
    Dania Beach, FL 33004
    Phone: (305) 571-8550
    Fax: (305) 571-8558

**GIEGER, LABORDE & LAPEROUSE, LLC**

By: _____
    Andrew A. Braun (LA #3415)
    abraun@glllaw.com
    Victoria E. Emmerling (LA #33117)
    temmerling@glllaw.com
    701 Poydras Street, Suite 4800
    New Orleans, Louisiana 70139-4800
    Phone: (504) 561-0400
    Fax: (504) 561-1011

*Attorneys for Morris Bart, L.L.C.*

## **CERTIFICATE OF SERVICE**

    I hereby certify that the above and foregoing Motion has been served on Plaintiffs' Liaison Counsel, Russ Herman, and Defendants' Liaison Counsel, Kerry Miller, by U.S. Mail and e-mail <u>or</u> by hand delivery and e-mail <u>and</u> upon all parties by electronically uploading the same to Lexis Nexis File & Serve in accordance with Pretrial Order No. 6 on this ____ day of July, 2016.

_____
OF COUNSEL

# EXHIBIT "A"

1. The person most knowledgeable regarding a full and complete recitation and specification of the particulars of the common benefit work claimed and including but not limited to, whether, and if so why, the PSC's claimed common benefit work includes time spent in prosecution of Taishan (and other non-settling Defendants) claims and if so, knowledge regarding all common benefit work performed in the subject Chinese Drywall (hereinafter CDW) litigation that was:

    A. Unrelated to the prosecution, settlement and/or administration of claims specifically against Knauf and the other settling defendants (hereinafter collectively referred to as "Knauf") and
    B. Directly related to the prosecution, settlement and/or administration of claims against Knauf.

2. The person most knowledgeable regarding a full and complete recitation and specification of the particulars regarding any and all work performed by third parties (i.e., non PSC members and/or their associates and/or their staff) that is being claimed as common benefit work in the subject CDW litigation and any and all reasons why the PSC/FC asserts entitlement to compensation for the work of other third parties.

3. The person most knowledgeable regarding a full and complete recitation and specification of the particulars regarding any and all basis(es), legal, ethical or otherwise, upon which entitlement to $ 10,000,000.00 (Ten million dollars) from the Knauf settlement proceeds to fund prosecution of claims against Taishan and the non-settling defendants is asserted, thus reducing the total sum available to compensate fees and expenses of all common benefit and privately retained counsel from the Knauf settlement.

4. The person most knowledgeable regarding a full and complete recitation and specification of the particulars regarding the value placed by the PSC on the Knauf settlement at the time the first settlement was negotiated and signed on or about December 20, 2011 and please state any and all reasons why the PSC believes the attorney fee payment negotiated and accepted by it was fair and adequate to compensate all fees, costs and expenses of common benefit counsel, and fees of primary counsel for the work performed.

5. The person most knowledgeable regarding a full and complete recitation and specification of the particulars regarding the value placed by the PSC on the Knauf settlement with respect to post December 9, 2011 claims at the time the second settlement was negotiated and signed on or about August 12, 2013, and please state any and all reasons why the PSC believes the attorney fee and costs payment negotiated and accepted by it was fair and adequate to compensate all fees, costs and expenses of common benefit counsel, and fees of primary counsel for the work performed.

6. The person most knowledgeable regarding a full and complete recitation and specification of the particulars regarding the total number of properties and the total square footage of

        all properties known to the PSC to contain Knauf drywall at the time of the first Knauf settlement signed on or about December 20, 2011 and at the time of the second Knauf settlement signed on or about August 12, 2013 (i.e., post December 9, 2011).

7. The person most knowledgeable regarding a full and complete recitation and specification of the particulars regarding what the PSC believed to be the valuation of the Other Loss Fund claims compensable pursuant to the first Knauf settlement at the time the settlement was signed on or about December 20, 2011, and please state the sum expected to, and that does currently, constitute any and all excess funds beyond that necessary to compensate the items of damages for which it was established.

8. The person most knowledgeable regarding a full and complete recitation and specification of the particulars regarding why the PSC believes that the Knauf settlement attorneys' fee and cost sum should be utilized to compensate common benefit work unrelated to prosecution, settlement and/or administration of Knauf claims.

9. The person most knowledgeable regarding a full and complete recitation and specification of the particulars regarding whether the sum the PSC believes constitutes the total benefit provided by individual counsel (i.e., $658,713,629.62) includes funds paid to pro se claimants and if so, the total amount thereof and how the PSC proposes to allocate any and all such funds.

10. The person most knowledgeable regarding a full and complete recitation and specification of the particulars regarding the PSC's knowledge of any and all work performed by privately retained counsel at the time the PSC negotiated the Knauf attorney fee and cost settlement sum and the PSC's knowledge of said work currently.

11. The person most knowledgeable regarding a full and complete recitation and specification of the particulars regarding the PSC's expenses and the amount reimbursed to date.

## EXHIBIT "B"

*Please produce the following **in native format***:

### REQUEST FOR PRODUCTION # 1:

Please produce all time sheet(s), "daybook", calendar(s), and/or other record(s) of common benefit activities, appointments, and/or time spent covering the tenure of the time claimed as common benefit in the subject litigation, and including, but not limited to, all records of all time spent in the performance of common benefit work.

### REQUEST FOR PRODUCTION # 2:

Please produce any and all records substantiating the sums claimed in costs and/or expenses from the settlement with Knauf and/or any other settling defendant.

### REQUEST FOR PRODUCTION # 3:

Please produce a copy of all PTO 28 Exhibit A – Initial Affidavits For Compensation For Common Benefit Time And Reimbursement Of Expenses, and a copy of all Exhibit B – Second Affidavits In Connection With Request For Allocation Of Common Benefit Fee And Cost Award.

### REQUEST FOR PRODUCTION # 4:

Please produce all reports, spreadsheets, calculations, working papers and/or memoranda submitted to the PSC/FC by Phillip Garrett.

### REQUEST FOR PRODUCTION # 5:

Please produce all communications between Phillip Garrett and the PSC/FC relating to common benefit fees, the allocation of fees between common benefit fees and primary counsel fees and/or the disallowance of common benefit time or expenses.

### REQUEST FOR PRODUCTION # 6:

Please produce all emails to or from FC/PSC members discussing or relating to the allocation of fees between common benefit counsel and primary counsel.

### REQUEST FOR PRODUCTION # 7:

Please produce all emails to or from FC/PSC members discussing or relating to the claims against Taishan.

**REQUEST FOR PRODUCTION # 8:**

Please produce all transcripts, agenda and minutes of PSC/FC meetings.

**REQUEST FOR PRODUCTION # 9:**

Please produce all records reflecting, evidencing or accounting for all voluntary assessments deposited pursuant to the Court Order dated March 24, 2011 (Doc. 8389) or the Court Order dated April 13, 2011 (Doc. 8545).

**REQUEST FOR PRODUCTION # 10:**

To the extent not produced in response to a previous Request for Production contained herein, please produce all documents, data and other materials relied on or prepared by the PSC/FC as evidence of or resulting in the proposed allocation of fees for common benefit counsel.

**REQUEST FOR PRODUCTION # 11:**

To the extent not produced in response to a previous Request for Production contained herein, please produce all documents, data and other materials relied on or prepared by the PSC/FC as evidence of or resulting in the proposed allocation of fees for primary counsel.