UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In Re:  CHINESE-MANUFACTURED | * | MDL 2047 |
| DRYWALL PRODUCTS | * | |
| LIABILITY LITIGATION | * | SECTION L |
| | * | |
| | * | JUDGE FALLON |
| This document relates to: All Cases | * | |
| | * | MAGISTRATE JUDGE WILKINSON |
| | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

### KNAUF DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTIONS FOR PAYMENT OF ADDITIONAL ATTORNEYS' FEES  (REC. DOCS. 20340 AND 20341)

**MAY IT PLEASE THE COURT:**

The Knauf Defendants[1] file this opposition to the motions seeking additional attorneys' fees filed by Prichard Housing Authority ("PHA") and its counsel, Taylor Martino, PC ("TM"), and by the owners of seven additional properties in the Prichard community (the "*Little* claimants") and their counsel, Holston Vaughan, LLC ("HV").

The attorneys' fees and costs available to TM and HV related to their settling of Chinese drywall claims in the Prichard community were negotiated to be paid pursuant to the Multi-District Litigation fee allocation process with the funds available within the MDL framework. The Knauf Defendants subsequently issued payment of these attorneys' fees. Any additional payment of attorneys' fees by Knauf would be in *contravention* of the MDL agreement, not

---

[1] The Knauf Defendants include Knauf Plasterboard (Tianjin) Co., Ltd., Knauf Plasterboard (Wuhu) Co., Ltd., Guangdong Knauf New Building Material Products Co., Ltd., Knauf Gips KG, Gebr. Knauf Verwaltungsgesellschaft KG, Knauf International GmbH, Knauf Insulation GmbH, Knauf UK GmbH, Knauf AMF GmbH & Co. KG, Knauf do Brasil Ltda., and PT Knauf Gypsum Indonesia. All capitalized terms herein have the same definitions as set forth in the Third Amended Settlement Agreement Regarding Claims Against the Knauf Defendants in MDL No. 2047 (the "Knauf Class Settlement Agreement"), Rec. Doc. 16407-3.

1

*pursuant* to it. The motions,[2] so far as they seek attorneys' fees outside of the MDL allocation, should be denied.

## I. INTRODUCTION

Prichard Housing Authority filed suit related to allegedly defective Chinese drywall in 29 properties in the Circuit Court of Mobile County, Alabama, in *Prichard Housing Authority v. The Mitchell Company, et al.*,[3] and in the Drywall MDL in the Eastern District of Louisiana in *Payton, et al. v. Knauf Gips KG, et al.*[4] The *Little* claimants filed suit in Mobile circuit court in *Little, et al. v. The Mitchell Company, Inc., et al.*[5] The PHA claims were settled between August and October 2011, and the *Little* claims were settled in July 2012. Both settlements included provisions whereby Knauf was to pay the plaintiffs' attorney fees through the MDL fee allocation. The *Little* claimants and PHA are Class Members in the MDL, as they filed their suits prior to December 9, 2011,[6] yet are now seeking attorneys' fees from Knauf in addition to what Knauf paid in the MDL for the benefit of the Class.

## II. FACTS AND ARGUMENT

Two agreements were executed to settle the claims related to KPT Chinese Drywall in the Prichard community. The first settlement agreement was executed between the Knauf Defendants, PHA, and multiple others parties (the "Knauf-PHA Agreement"), and the second

---

[2] The motions seeking impermissible attorneys' fees are Plaintiffs' Petition for Award of Attorney's Fees and Litigation Expenses Outside the MDL and Pursuant to a Stand-Alone Settlement Agreement with Knauf (Rec. Doc. 20340) and Prichard Housing Authority's and Taylor Martino, PC's Motion for Payment of Attorneys' Fees and Expenses Pursuant to the Stand-Alone Settlement Agreement with Knauf (Rec. Doc. 20341).
[3] *Prichard Housing Authority v. The Mitchell Company, et al.*, CV-2009-901118.
[4] *Payton, et al. v. Knauf Gips KG, et al.*, 2:09cv07628 (E.D. La. 2009), Omnibus Complaint I.
[5] *Little, et al. v. The Mitchell Company, Inc., et al.*, CV-2009-901153.
[6] Section 1.1.2., Knauf Class Settlement Agreement.

settlement agreement was executed between the Knauf Defendants, the *Little* claimants, PHA, and multiple other parties (the "Knauf-Little Agreement").

The attorneys' fees section of the Knauf-PHA Agreement provides for Knauf's payment of attorneys' fees "in accordance with Section X of the [Demonstration Remediation Agreement[7]]." Section X of the referenced agreement, in turn, provides that the attorneys' fees "will be determined by a separate agreement(s) between the PSC… and the Knauf Entities…" The separate agreement was then reached as part of the Knauf Class Settlement Agreement, through which the PSC secured a *maximum* of $160 million for plaintiffs' legal fees and costs.[8]

The Knauf-PHA Agreement, therefore, assured that TM's attorneys' fees would be covered by the attorneys' fees the PSC would later negotiate with the Knauf Defendants. The PSC and Knauf are in agreement that TM's attorneys' fees are not stand-alone fees TM can recover separately from the Knauf Defendants. Instead, TM's attorneys' fees are part of the MDL fees the PSC secured, as the Knauf-PHA Agreement intended. The PSC Fee Committee filed a response to the plaintiffs' current motions, in which the Fee Committee states, "While Taylor Martino clearly seeks to avoid a recovery of fees and costs under the MDL settlement program, it cannot escape the unambiguous terms of the settlement agreement entered between PHA and the Knauf Defendants."[9]

The Knauf Class Settlement Agreement emphasizes that the amount of attorneys' fees agreed to by Knauf and the PSC would not be increased by any additional payments to Class Members' counsel.

---

[7] Settlement Agreement for the Demonstration Remediation of Homes with KPT Drywall, Rec. Doc. 16189-1.
[8] Section 14.2, Knauf Class Settlement Agreement.
[9] The Fee Committee's Opposition to the Motions for Award of Attorneys' Fees and Expenses by Taylor Martino, P.C. and Holston Vaughan, LLC, Rec. Doc. 20382 at 2.

> In no event will the Knauf Defendants' liability for attorneys' fees and costs exceed $160 million. The Knauf Defendants shall have no further obligation for attorneys' fees and costs to any counsel representing or working on behalf of either a Participating Class Member or the Class.[10]

Prichard Housing Authority and the *Little* claimants are both Class Members and Participating Class Members, as defined in the Knauf Class Settlement Agreement. As such, their attorneys' fees are to be paid from the $160 million paid by the Knauf Defendants after negotiations with the PSC, negotiations that the Knauf-PHA Agreement anticipated and tied its fee provision to.

TM confirms that PHA was included as a Class Member in the MDL settlement:

> While the PHA case was being litigated, the PSC began soliciting TM to join this MDL. After several meetings and phone calls with PSC members regarding the alleged benefits of joining the MDL proceedings, PHA joined the MDL litigation on December 9, 2009, based on the solicitations and representations of the PSC. It was included in MDL Omnibus I Complaint as Plaintiff 1117.[11]

Though the Knauf Class Settlement Agreement makes clear that no additional attorneys' fees would be paid by Knauf for Class Members, TM seeks to have Knauf pay an additional fee. Surprisingly, TM also confirms that it anticipated receiving its attorneys' fees and costs from the MDL settlement:

> TM was assured early on that it would receive a common-benefit fee. The PSC's first substantive involvement with the PHA case was when Leonard Davis and Arnold Levin appeared at the first (failed) mediation to discuss fees. TM's attorneys expressed their attorney-fee concerns to Mr. Levin at the mediation. TM explained that the PHA case should not be treated like all other cases because of the time and expense TM had invested in the state-court proceedings. Mr. Levin advised that the PSC would allow the time spent by PHA attorneys litigating the state-court action to be

---

[10] *Id.* at Section 14.4.
[11] Memorandum in Support of Taylor Martino, P.C.'s Opposition to the fee Committee's Fee Allocation Motion, Rec. Doc. 20338 at 3.

treated as "common benefit time" in the MDL. That is, the PHA attorneys would receive a portion of the common-benefit fee at the conclusion of the MDL.[12]

TM now suggests that its fees related to the Knauf-PHA Agreement fall outside of the MDL allocation because the Knauf Class Settlement Agreement makes an exception for attorneys' fees and reasonable costs already separately addressed under a previous settlement.[13] However, TM's argument fails to account for the fact that the Knauf-PHA Agreement explicitly provides for the fees to come out of the PSC-negotiated $160 million.

TM previously attempted to secure attorneys' fees additional to the MDL attorneys' fees paid by Knauf,[14] and the Court denied the motion, intending to address attorneys' fees "on one occasion, not on a piecemeal basis."[15] Similarly, the Knauf Defendants, the PSC, PHA, and the *Little* claimants decided to address attorneys' fees at once, with a single payment from Knauf. For that reason, the attorneys' fees provisions in the Knauf-PHA Agreement and the Knauf-Little Agreement were tied to the MDL allocation.

The second agreement, the Knauf-Little Agreement, similarly provides in its attorneys' fees and costs section that "KNAUF agrees to compensate Plaintiffs' counsel pursuant to Section 14 of the [Knauf Class Settlement Agreement] consistent with the terms and the amounts paid for similar claims pursuant to MDL 2047." Section 14 of the Knauf Class Settlement Agreement, partially quoted above, caps the Knauf Defendants' payment of attorneys' fees at $160 million. The additional payments of attorneys' fees that HV and TM seek would violate that cap and would, therefore, not be made "pursuant" to Section 14.

---

[12] *Id.* at 8.
[13] Page 7, Memorandum in Support of PHA's and TM's Motion (Rec. Doc. 20341).
[14] Rec. Doc. 17581.
[15] Rec. Doc. 17605.

Section 14.1 would likewise be violated if an additional payment of attorneys' fees were made to HV and/or TM. That section provides that "the Knauf Defendants shall pay a singular attorneys' fee (to be allocated among the PSC and common benefit counsel authorized and working at the direction of the PSC, other common benefit counsel, Settlement Class Counsel and individual retained counsel)…" An additional payment to HV or TM could not be made pursuant to Section 14 because Section 14 calls for a singular payment, which Knauf has already made.

The Knauf Defendants and the PSC Fee Committee are in agreement that the attorneys' fees for the *Little* claimants and their counsel, HV, are properly sourced from the MDL attorneys' fees, as the Knauf-Little Agreement makes clear that these fees are to be paid through the Knauf Class Settlement Agreement. The Fee Committee states in its opposition to the *Little*/HV motion: "The two agreements are clearly interrelated and Holston's sole course for the recovery of attorneys' fees, like Taylor Martino, is from the individually retained counsel allocation this Court is scheduled to determine after the July 27, 2016 hearing."[16] The plain reading of the Knauf-Little Agreement is that the *Little* claimants shall be treated, when it comes to attorneys' fees, like any other Class Member.[17]

### III. CONCLUSION

As confirmed by the PSC Fee Committee, TM and HV are improperly seeking attorneys' fees from the Knauf Defendants. The language of both the Knauf-PHA Agreement and the Knauf-Little Agreement plainly provides for attorneys' fees to be issued as part of the MDL fee

---

[16] Rec. Doc. 20382 at 4.
[17] While HV makes the argument that the *Little* claimants were settled outside of the MDL, it should be noted that the MDL remediation protocol was written into the agreement, the relocation payments were issued by Knauf in the same amounts as the MDL Lump Sum Payments, and HV confirms its clients participated in the MDL's Other Loss Fund.

allocation process. There is no dispute that the claimants are Class Members, that their counsel worked with the PSC within the scope of the MDL, and that the *Little* claimants made claims to the Other Loss Fund. If there was some administrative or clerical issue with these plaintiffs complying with PTO 28, it was not the fault of the Knauf Defendants and it should not be remedied by Knauf issuing an additional attorneys' fee payment that disregards the Knauf Class Settlement Agreement and the agreements with PHA and the *Little* claimants.

For the foregoing reasons, the Knauf Defendants urge the Court to deny the plaintiffs' motions so far as they seek to have the Knauf Defendants issue an additional attorneys' fee payment, which would be in contravention of the various settlement agreements quoted herein.

Respectfully submitted,

**BAKER, DONELSON, BEARMAN,
CALDWELL & BERKOWITZ, PC**

/s/ *Kerry J. Miller*
**KERRY J. MILLER (#24562), T.A.
DANIEL J. DYSART (#33812)
RENE A. MERINO (#34408)**
201 St. Charles Avenue, Suite 3600
New Orleans, LA 70170
Phone: (504) 566-8646
Fax:    (504) 585-6946
Email: kjmiller@bakerdonelson.com

*Counsel for the Knauf Defendants*

## CERTIFICATE OF SERVICE

      I hereby certify that the above and foregoing pleading has been served upon Russ Herman, Plaintiffs' Liaison Counsel, by email, to all parties by electronically uploading the same to LexisNexis File & Serve in accordance with Pre-Trial Order No. 6, and that the foregoing was filed with the Clerk of Court of the United States Court for the Eastern District of Louisiana, on this 15th day of July, 2016.

                                            /s/ *Kerry J. Miller*
                                            **KERRY J. MILLER**