UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: CHINESE-MANUFACTURED DRYWALL PRODUCTS LIABILITY LITIGATION | MDL NO. 2047 |
| | SECTION: L |
| | JUDGE FALLON |
| | MAG. JUDGE WILKINSON |
| THIS DOCUMENT RELATES TO:<br>*All cases* | |

**PRELIMINARY MEMORANDUM IN OPPOSITION TO PRIMARY COUNSEL'S MOTION FOR A CASE MANAGEMENT ORDER PROVIDING FOR DISCOVERY, THE UNSEALING OF RECORDS REGARDING COMMON BENEFIT FEES, AND THE APPOINTMENT OF A SPECIAL MASTER [DOC. 20394]**

**MAY IT PLEASE THE COURT:**

Disappointingly, but not for the first time, self-designated "Primary Counsel" for certain objectors have chosen to ignore the established processes of this MDL in order to advance their interests. Just as they challenge the sufficiency of the total funds available for distribution after ignoring all opportunities to do so timely under Rule 23 of the Federal Rules of Civil Procedure, they now ignore the Local Rules of the Court governing motion practice, the process established under Pretrial Order 28(F) ("PTO 28(F)") in this MDL, and the expected practice in this Court for the handling of discovery matters, in filing a Motion for a Case Management Order Providing for Discovery, the Unsealing of Records Regarding Common Benefit Fees, and the Appointment of a Special Master [Doc. 20394]. Their motion should not be addressed by the Court until the PSC Fee Committee has been afforded the opportunity to oppose it in proper, fully-researched fashion.

The language of Local Rule 7.2 is mandatory with regard to the notice and time requirements for motions and requested hearings:

> **LR 7.2 Noticing Motions for Submission**
> Counsel filing a motion must, at the time of filing, notice it for submission within a reasonable time. Unless otherwise ordered by the court, motions **must be filed not later than the fifteenth day preceding the date assigned for submission and actual notice of the submission date must be given to opposing counsel at least fifteen days before the submission date,** regardless of which FRCP 5(b) service method is used. The motion and supporting memorandum must also be served with the notice.

L.R. 7.2 (emphasis added). Objectors nonetheless chose to file their motion on Friday, July 15 with the request and expectation that it be heard on July 27, in violation of the mandatory 15-day notice/filing requirements of the Court. They did so without even seeking leave of Court to deviate from the Local Rule mandate.

By proceeding in this way, objectors in turn triggered the Local Rule requirement for opposition memoranda, *to-wit*:

> **LR 7.5 Response and Memorandum**
> Each party opposing a motion must file and serve a memorandum in opposition to the motion with citations of authorities **no later than eight days before the noticed submission date**. If the opposition requires consideration of facts not in the record, counsel must also file and serve all evidence submitted in opposition to the motion with the memorandum.

L.R. 7.5 (emphasis added). But even as it files the instant, preliminary opposition in compliance with Local Rule 7.5, the Fee Committee submits that, on less than two (2) working days' notice, it is neither feasible nor reasonable to require that it research, prepare and file a comprehensive brief opposing the extraordinary relief sought by the objectors' motion on both factual and legal grounds.

The motion is procedurally improper in another respect. The fee allocation question before the Court is governed by a series of carefully-considered pretrial orders entered in the record of this MDL, most recently PTO 28(F). The latter specifies dates for the Fee Committee's allocation motion, any opposition memoranda, and the Fee Committee's reply to any oppositions filed. These dates, and the corresponding filings, now have passed; and yet, having filed a number of briefs pursuant to the Order and having already made therein the argument that additional information and discovery are needed, objectors depart from the orderly process established by Your Honor by triggering a new round of motion practice and briefing addressed to the fee allocation question. The Fee Committee submits that repeated motions and briefing are unnecessary to address the discovery needs asserted by objectors, and were neither contemplated nor provided for under PTO 28(F).

Finally, the longstanding practice of this Court has been to encourage counsel to meet and confer on discovery issues and then, if still in disagreement, to raise these issues with the Court informally in order to see if problems can be resolved without the need for formal motion practice. The objectors have disregarded this practice as well, even though it is one which has proven helpful to both the Court and counsel and one which has promoted efficiency in this and in other MDLs.

The fundamental question whether objectors are entitled to additional information and/or clarification relative to fee allocation before the Court rules on the issue, is one readily resolved without the formal and costly discovery structure and delays which would ensue if their motion were granted. The Fee Committee, for example, already has expressed to objectors' counsel its willingness to facilitate a meeting with the objectors and Phil Garrett, in which Mr. Garrett might answer any questions about the deductions and calculations resulting in the current total of

available fees.  Toward this end, the Fee Committee already has requested that Mr. Garrett correlate the deductions from the settlement fee/cost funds at issue with specific Court orders and directives.  Although currently detained to attend to a family matter, Mr. Garrett is expected to provide this information on return, at which time it will be made part of the record and available to counsel for objectors.

No doubt there are a number of other simple actions and collaborations which might have secured the information allegedly needed by objectors, without imposing the significant burdens of expense and delay necessitated in what they propose by motion.  Rather than explore these possibilities, the objectors seek drastic relief which now must be opposed in the record, as both burdensome and unjustified in law and in fact.  In order to alleviate the notice problem created by the objectors' late filing, however, the Fee Committee requests that it be given the opportunity to present its full opposition through a supplemental memorandum, which it would propose be filed this Friday, July 22, 2016.

If the Court is agreeable, the Fee Committee further proposes that the July 27, 2016 hearing on its allocation motion be postponed, and the hearing scheduled for that day converted into a status conference with counsel for objectors and the Fee Committee.  Counsel then not only may have informal discussion to explore alternatives for information gathering and disclosure, but also enlist Your Honor's guidance on how to address the objectors' concerns in a more efficient and expeditious manner.

A proposed Order accordingly is submitted herewith (as Exhibit A) for the Court's consideration.  It both (a) continues the July 27 hearing on the Fee Committee's allocation motion, converting same into a status conference, and (b) sets a date (which, again, the Fee

Committee requests be no earlier than July 22, 2016) for the Fee Committee to file a supplemental memorandum in opposition to the objectors' motion.

Dated: July 19, 2016  Respectfully submitted,

/s/ Russ M. Herman
Russ M. Herman (Bar No. 6819) (on the Brief)
Leonard A. Davis (Bar No. 14190) (on the Brief)
Stephen J. Herman (Bar No. 23129) (on the Brief)
Madelyn O. Breerwood (Bar. No. 35538) (on the Brief)
**HERMAN, HERMAN & KATZ, LLC**
820 O'Keefe Avenue
New Orleans, LA  70113
PH:  (504) 581-4892
FAX:  (504) 561-6024
ldavis@hhklawfirm.com
*Plaintiffs' Liaison Counsel*
*MDL 2047*

Arnold Levin (on the Brief)
Fred S. Longer (on the Brief)
Sandra L. Duggan (on the Brief)
Matthew C. Gaughan (on the Brief)
Levin, Fishbein, Sedran & Berman
510 Walnut Street, Suite 500
Philadelphia, PA 19106
PH:  (215) 592-1500
FAX:  (215) 592-4663
Alevin@lfsblaw.com
*Plaintiffs' Lead Counsel*
*MDL 2047*

Gerald E. Meunier (Bar. No. 9471) (on the Brief)
Rachel A. Sternlieb (Bar. No. 35338) (on the Brief)
Gainsburgh, Benjamin, David, Meunier
 & Warshauer, LLC
2800 Energy Centre, 1100 Poydras Street
New Orleans, LA 70163-2800
Phone: (504) 522-2304
Fax: (504) 528-9973
gmenuier@gainsben.com

*ON BEHALF OF THE FEE COMMITTEE*

**CERTIFICATE OF SERVICE**

    I hereby certify that the above and foregoing has been served on Defendants' Liaison Counsel, Kerry Miller, by e-mail and upon all parties by electronically uploading the same to LexisNexis File & Serve in accordance with Pre-Trial Order No. 6, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2047 on this 19th day of July, 2016.

    /s/ Leonard A. Davis
Leonard A. Davis, Esquire
Herman, Herman & Katz, LLC
820 O'Keefe Avenue
New Orleans, LA 70113
Phone: (504) 581-4892
Fax: (504) 561-6024
Ldavis@hhklawfirm.com

*Plaintiffs' Liaison Counsel*
*MDL 2047*