UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE : CHINESE-MANUFACTURED DRYWALL PRODUCTS LIABILITY LITIGATION | MDL 2047<br>SECTION: L |
| | JUDGE FALLON |
| All Cases | MAG. JUDGE WILKINSON |

**************************************

**OBJECTORS' RESPONSE TO THE FEE COMMITTEE AND CLASS COUNSEL'S RESPONSE IN OPPOSITION TO THE "MOTION FOR APPOINTMENT OF VAL EXNICIOS & JIMMY FAIRCLOTH AS OBJECTORS' CO-LIAISON COUNSEL, WITHOUT OTHER OBJECTOR OPPOSITION, AND WITHOUT PSC/FC OBJECTION (EXCEPT AS TO PROPOSED FEE COMPENSATION PROVISION)"**

NOW INTO COURT, through undersigned counsel, come Objectors to the *Fee Committee's Motion to Determine the Allocation of the Global Fee Award as Between Common BenefitCounsel and Individual Counsel's Fees Pursuant to PTO 28(F)* who submit the following in response to the Fee Committee and Class Counsel's Response in Opposition to the Motion To Appoint Val Exnicios & Jimmy Faircloth as Objectors' Co-Liaison Counsel, to wit:

While Objectors certainly and truly appreciate that the PSC/FC has no opposition to the appointment by Your Honor of Val Exnicios and Jimmy Faircloth as Objectors' Co-Liaison Counsel (OCL), we are perplexed by the FC's opposition to the fee compensation language as most of that language was added only upon the specific request of the PSC. In its original form, the proposed Order prepared by undersigned counsel only provided that no fee compensation for services rendered by OCL, if appointed by Your Honor, would be sought from the common benefit. When forwarded to PSC Lead Counsel Arnie Levin, PSC Liaison Counsel Russ Herman and PSC member Jerry Meunier to confirm that the PSC/FC had no opposition to the proposed Order, the PSC specifically requested that additional language be added excluding other potential sources of fee compensation. In an effort to address any concerns, however premature, of the

PSC/FC regarding OCL compensation, additional language was added clarifying that no fee would be sought from the common benefit or any PSC/FC members but rather would be paid by the "...counsel who have retained said OCL and/or other objector counsel and/or other **non-PSC/FC** counsel benefitting from said services." (emphasis added)

Notwithstanding the fact that this language was drafted at the PSC's request to address their concerns, it ultimately proved unacceptable to them and the PSC advised undersigned counsel to note the PSC/FC's opposition to the proposed fee compensation language in the pleadings; this was in fact done and a teleconference was held with Your Honor's law clerk advising of the limited nature of the PSC's opposition.

Objectors respectfully suggest that the issue of OCL compensation is, at best, premature at this point. Val Exnicios and Jimmy Faircloth are being compensated for their professional services solely by the firms that have retained them and that arrangement is expected to continue at a minimum for the foreseeable future, and potentially, until the issue before the Court is fully and finally resolved, amicably or otherwise. If, at some point in the future, other Objectors contribute to payment of OCL fees, so be it; objectors are at a loss to comprehend how that could negatively effect the PSC/FC, (or why they would even care); if, at some point in the future, compensation is sought from potential sources other than PSC/FC members, again, objectors are at a loss to comprehend how that could negatively effect the PSC/FC, (or why they would even care). And regardless of what may occur in the future, any payment of OCL fee compensation other than voluntarily by the firms that have retained OCL, other objectors' counsel, or others would require some determination by Your Honor that such was fair and reasonable. The issue is however premature at this point and it is respectfully suggested that any concern over OCL fee compensation is tantamount to "putting the cart before the horse".  At this juncture, what is

important is that OCL be appointed by Your Honor so that "points of contact" can be established for Objectors and OCL can work with Special Master Balhoff and the PSC/FC to facilitate and implement an orderly plan to conduct the discovery as ordered by Your Honor.

        Respectfully submitted:

/s/ Val P Exnicios
**VAL PATRICK EXNICIOS (#19563)**
*LISKA, EXNICIOS & NUNGESSER*
1515 Poydras, 14th Floor, Suite 1400
New Orleans, Louisiana  70112
Telephone: (504) 410-9611
Facsimile:  (504) 410-9937
vpexnicios@exnicioslaw.com
*Attorneys for Whitfield, Bryson & Mason, LLP, Pendley, Baudin & Coffin, Rhine Law Firm, and Luckey & Mullins*

**JIMMY FAIRCLOTH (#20645)**
*FAIRCLOTH, MELTON & SOBEL, LLC*
105 Yorktown Drive
Alexandria, Louisiana 71303
Telephone: (318) 619-7755
Facsimile: (318) 619-7744
jfaircloth@fairclothlaw.com
*Attorneys for Parker Waichman LLP*

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing pleading has been served upon Plaintiffs' Liaison Counsel, Russ Herman, and Defendants' Liaison Counsel, Kerry Miller by U.S. Mail and email or by hand delivery and email and upon all parties by electronically uploading the same to Lexis Nexis File and Serve in accordance with Pre-Trial Order No 6, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF system, which will send a notice of electronic filing in accordance with procedures established in MDL 2047, on the 25th day of July 2016.

        /s/ Val P. Exnicios
        Val P. Exnicios #19563