UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

IN RE: CHINESE-MANUFACTURED : MDL NO. 2047
DRYWALL PRODUCTS LIABILITY : SECTION: L
LITIGATION : JUDGE FALLON
: MAG. JUDGE WILKINSON

THIS DOCUMENT RELATES TO:
*ALL CASES*

## THE LAW FIRM OF KRUPNICK CAMPBELL MALONE'S OPPOSITION TO THE MOTION FOR APPOINTMENT OF VAL EXNICIOS & JIMMY FAIRCLOTH AS OBJECTORS' CO-LIAISON COUNSEL

The undersigned law firm, Krupnick Campbell Malone, et al., (hereinafter "KCM Firm") submits this limited response, on its behalf and not as a member of the Fee Committee, in opposition to the Motion for Appointment of Val Exnicios & Jimmy Faircloth as Objectors' Co-Liaison Counsel [Rec. Doc. 20407].[1]

KCM Firm does not oppose Movants' request to be appointed Co-Liaison Counsel for Objectors to the *Fee Committee's Motion to Determine Allocation of Global Fee Award as Between Common Benefit Counsel and Individual Counsel's Fee Pursuant to PTO 28(F)* [Rec. Doc. 20293]. To the extent Objectors wish to have designated counsel coordinate efforts or reduce duplicative discovery, the appointment of Liaison Counsel can be helpful to the Court, the Fee Committee and the Objectors.

---

[1] KCM Firm is eligible for fee award as Privately Retained Counsel (hereinafter "Private Counsel") for 342 separate claimants predicated upon the respective claimants' recovery from one or more settlement funds. This total number of represented claimants does not include those claimants represented by KCM Firm where there is no fee entitlement, per the settlement agreement, from the Global Fee Fund despite some level of bodily injury award.

However, KCM Firm does object, at this stage, to entitling the appointed Liaison Counsel to recovery of fees or costs from anyone other than those who have either retained the Liaison Counsel or consented to representation by Liaison Counsel on their behalf. Establishing, at this stage, that Liaison Counsel for Objectors would be compensated from funds available to compensate non-objecting Private Counsel, so as to allow Objectors to press their own parochial objections and unfettered litigation efforts, is premature.[2] The Movants' request is made all the more distressing in so far as the Fee Committee has intimated in court filings that the core motivation for these objections centers around either disappointment by certain objecting firms to their expected common benefit recovery or as motivation to gain leverage for later arguments by using objections as this stage as a fulcrum.

In addition, the extraordinary variability in the positions of the objecting law firms as to what is, in their respective opinions, a fair allocation between common benefit and privately retained counsel raises doubt that any single Liaison Counsel, or even co-Liaison Counsel, can fairly represent the entirety of the objecting firms. While KCM Firm had concerns regarding the proposed Fee Allocation proposed by the Fee Committee, KCM Firm did not object to the motion because we were most interested in moving this matter forward towards resolution after far too many years of being uncompensated. Engaging in a protracted fee fight, including incurring costs of a Special Master and Liaison Counsel fees and costs, to "move the needle" to a point where,

---

[2] As it is, Objectors have inspired the Court to appoint a Special Master. Whether or not non-objecting firms should bear the expense of the Special Master in this objection process will presumably will be left for another day. However, similar to the position regarding the fees and costs associated with co-Liaison Counsel on behalf of Objectors, KCM Firm objects to allocating costs for the Special Master to anyone other than Objectors and/or firms consenting to such an arrangement.

2

perhaps, the Court would otherwise have been inclined to rule is a waste of precious resources, particularly as it pertains to the recovery by non-objecting firms.[3]

As to the relief sought by Movants, in particular, the last paragraph of the movants' proposed order states:

> Fees of Objectors' Liaison Counsel will not be compensated as common benefit but will be the responsibility of counsel who have retained said Co-Liaisons and/or other objector counsel and/or other non-PSC/FC counsel benefitting from said services.

[Rec. Doc. 20407-2].

KCM Firm has no objection to law firms who wish to object to the Fee Committee's Motion to do so and to designate such counsel to represent their interests. However, since not every firm entitled to fees as Private Counsel has objected to the Fee Committee's Motion and it is not clear whose interests Liaison Counsel would be representing given the wide variability of positions put forward, it would be patently unfair, at this stage, for the Court to rule or conclude that Objectors' Liaison Counsel would be entitled to the recovery of fees and costs from the Global Fee Fund.[4] Providing unfettered litigation *carte blanche* to an outside firm is certainly the prerogative of those who retain the outside counsel to act as liaison, but should not be forced upon those who have not entered into an agreement to do so or consented to such representation.

---

[3] Awarding fees for pursuing fees is generally an anomaly. To be sure, firms can consent to retain counsel to represent their interests and compensate retained counsel from that fee which is ultimately awarded. It is doubtful, however, the Movants would consent to allowing the Fee Committee Counsel to recover fees and costs for the process of disputing objections. Even if Movants' strategically decided to consent to such an award, there would be significant objections related to the further reduction in available fees for Private Counsel from this process.

[4] Further, any such fees and costs associated with a Liaison Counsel for Objectors, if later determined to be awardable, should arguably be borne by the entirety of the fee fund, not just upon the backs of Private Counsel who have already experienced significant reduction in fees and even borne uncompensated expenses or costs.

3

As stated by the Fee Committee,

> Whatever services proposed Objectors' Co-Liaison Counsel may provide for the Objectors, the only persons that should be responsible for those services should be the Objectors. They alone should bear the cost of retaining lawyers to present their position to Court.

[Rec. Doc. 20408].

The KCM Firm joins, in part, the FC and Class Counsel proposal to modify the last paragraph of the movants' proposed order and would further modify the order to state as follows:

> Fees of Objectors' Liaison Counsel and costs associated with litigating objections will not be compensated from the funds allocated to individually retained counsel (also known as Private Counsel), but will solely be the responsibility of counsel who have retained said Co-Liaisons and/or other objectors who have affirmatively consented to representation by Co-Liaisons.

Without such relief, KCM Firm objects to the appointment of co-Liaison Counsel for the purposes of litigating objections to The Fee Committee's Motion.

/s Michael J. Ryan
Michael J. Ryan, Esquire
Bar No. 975990
Krupnick Campbell Malone Buser Slama
Hancock Liberman  P.A.
12 S.E. 7 Street, Suite 801
Fort Lauderdale, FL  33301
Phone (954) 763-8181
Fax (954) 763-8292
pleadings-MJR@krupnicklaw.com
mryan@krupnicklaw.com
*Attorneys for Plaintiffs*

## CERTIFICATE OF SERVICE

I hereby certify that the above and foregoing THE LAW FIRM OF KRUPNICK CAMPBELL MALONE'S OPPOSITION TO THE MOTION FOR APPOINTMENT OF VAL EXNICIOS & JIMMY FAIRCLOTH AS OBJECTORS' CO-LIAISON COUNSEL has been

4

served on Defendants Liaison Counsel, Kerry Miller, by e-mail and upon all parties by electronically uploading the same to LexisNexis File & Serve in accordance with Pre-Trial Order No. 6, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2047. Dated: July 26, 2016.

/s *Michael J. Ryan*
Michael J. Ryan, Esquire
Bar No. 975990
Krupnick Campbell Malone Buser Slama
Hancock Liberman   P.A.
12 S.E. 7 Street, Suite 801
Fort Lauderdale, FL   33301
Phone (954) 763-8181
Fax (954) 763-8292
pleadings-MJR@krupnicklaw.com
mryan@krupnicklaw.com
*Attorneys for Plaintiffs*