UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| IN RE: CHINESE-MANUFACTURED DRYWALL PRODUCTS LIABILITY LITIGATION | MDL NO. 2047<br>SECTION: L<br>JUDGE FALLON<br>MAG. JUDGE WILKINSON |
|---|---|

### REPLY MEMORANDUM IN FURTHER SUPPORT OF PLAINTIFF'S AND HOLSTON VAUGHAN, LLC'S PETITION FOR PAYMENT OF ATTORNEYS' FEES AND EXPENSES PURSUANT TO STAND-ALONE SETTLEMENT AGREEMENT WITH KNAUF

Plaintiffs[1] and their counsel, Holston Vaughan, LLC ("HV"), submit this Reply Memorandum in further support of their Petition for Payment of Attorneys' Fees and expenses Pursuant to Stand-Alone Settlement Agreement with Knauf.

HV herby adopts and incorporates the Reply memorandum filed by Taylor Martino, P.C. (Doc. Nos. 20414-1 and 2) as if fully set forth herein. The arguments made in said Reply memorandum are applicable to HV's Petition as the core issues are essentially the same. The undersigned further shows the Court the following:

HV and the Plaintiffs represented by HV are not now making and have never made a claim for common fund benefits. HV's Petition for award of attorney's fees and expenses is based purely upon the stand-alone agreement with Knauf, and seeks fees for the benefits recovered on behalf of HV's Clients in the Mobile County Circuit Court litigation. (Case No. CV-2009-901153).

The PSC's opposition, (Document 20382) states, in the first full paragraph that:

---

[1] The Plaintiffs herein filed their action in the Circuit Court of Mobile County, Alabama, Case No. CV-09-901153. The Plaintiff's making this request are: Felicia Allbritton, Edward Stevenson, Betty Allbritton, Jerome Leland, Audra Washington, Jermesia Washington, Timothy Washington, Lekenno Washington, Jalexis Washington, Gennies M. Hillary, Corinthia Hillery, Charles Pugh, Jessica Pugh, Jakendrick Homes, Diges Little, Desiree Perry, Devonte Williams Doryan Williams, Deborah Porcher, Khryshaunda Lett, Christopher Lett, Tiffany Porcher, Delantonio Porcher, Letitia Washington, Malasia Washington, Torianna Washington and Makayla Washington

**EXHIBIT A**

> "The claims in the Alabama proceedings were eventually resolved with the assistance of the Plaintiffs' Steering Committee (the "PSC") following several mediation sessions in New Orleans."

This is incorrect. The claims made by HV's clients were resolved following a Mobile County mediation. The PSC did not attend this mediation, and did not participate in any way. Indeed, there is a complete absence of any evidence, correspondence, emails or other documents to suggest that the PSC ever had any involvement, substantive or otherwise, in the Mobile County Circuit Court action filed by HV on behalf of the seven homes in the development.

Knauf, in its response to HV's petition for attorney's fees, (Doc. 20397 on page 7) states:

> "There is no dispute that the claimants are Class Members, that their counsel worked with the PSC within the scope of the MDL, and that the *Little* claimants made claims to the Other Loss Fund."

It is incorrect to state that the Plaintiffs represented by HV are Class Members. Instead, the settlement agreement at issues in this matter, at paragraph 1.5, <u>expressly excludes these Plaintiffs from the jurisdiction of the MDL</u>. In fact, that agreement states that

> "in the event that any party other than Knauf in MDL 2047 contends that Plaintiffs have submitted to the jurisdiction of MDL 2047… with respect to the reserved claims by virtue of attorney's fees being determined in the MDL, then Knauf will oppose such application, including on the grounds that the party making the motion lacks standing to seek that relief".

The settlement agreement goes on to state that, in the event the parties are unable to reach a full and final settlement pursuant to § 2.1 (c) of this agreement, and the Plaintiffs file a motion in the MDL 2047 to award attorney's fees and costs against Knauf (as has now been done), and Knauf responds or objects to the motion in whole or in

part on the basis that the Plaintiffs have somehow submitted the reserved claims (Other Loss Fund claims) in this agreement… to the jurisdiction of MDL 2047… the Plaintiffs shall then be permitted to withdraw said motion and seek an award of attorney's fees and costs against Knauf to be determined by the Honorable Michael Youngpeter of the Circuit Court of Mobile County or Special master Reggie Copeland, Esq. (the mediator in this case). Knauf went on to agree that, if this contingency occurred (as it now has pursuant to the arguments set forth by Knauf in their opposition), that the Circuit Court of Mobile County, Alabama would retain exclusive jurisdiction over the Plaintiffs' claims for attorney's fees and costs against Knauf pursuant to this paragraph.

Accordingly, it appears that Knauf has triggered this exception under the settlement agreement, thereby permitting this court to transfer the issue of attorneys' fees and cost to be awarded to HV in the Mobile County Circuit Court litigation to the Circuit Judge who presided over said litigation. If this Court concludes that this is, in fact, the case, Plaintiffs would request that the Court enter an order to that effect, and permit undersigned counsel to seek attorney's fees under the stand-alone agreement in the Circuit Court of Mobile, Alabama.

Finally, merely to point out a distinction with respect to the undersigns' claim for attorney's fees, the separate, stand-alone settlement agreement at issue here clearly states that Knauf shall pay attorney's fees and costs "<u>consistent with</u> the terms and amounts paid for similar claims pursuant to MDL 2047". (Settlement Agreement Paragraph 1.5) [emphasis added]. The phrase "consistent with" further distinguishes the obligations of Knauf to pay attorney's fees and costs to HV separately from the attorneys fee deposit made by Knauf into the MDL. There is no reason for Knauf to

3

have executed a settlement agreement that includes the phrase "consistent with the terms and amounts paid for similar claims pursuant to MDL 2047" unless it was contemplated by the parties that the payment of said fees and costs would be consistent with but still outside and distinct from the claims paid pursuant to the MDL. The language of the settlement agreement could have expressly stated what Knauf now wants to claim it does. But it does not. Knauf's (and the PSC's) arguments should therefore be rejected.

Accordingly Plaintiffs herein, along with undersigned Counsel, respectfully request that this Court reject the arguments set forth in the PSC's and Knauf's oppositions, award attorney's fees and costs to HV outside the MDL, or alternatively examine the Settlement Agreement's language to determine whether or not Knauf has violated same, and order that the undersigneds' request for attorney's fees be transferred to or alternatively refiled in the Circuit Court for Mobile County, Alabama. Plaintiffs request any further or additional relief the court may deem appropriate under the circumstances.

    Respectfully Submitted,

    /s/ Richard H. Holston
**RICHARD H. HOLSTON (HOLSR5536 )**
Electronic Mail: rhh@holstonvaughan.com
**GREGORY E. VAUGHAN (VAUGG6227)**
Electronic Mail: gev@holstonvaughan.com

**HOLSTON VAUGHAN, LLC**
Post Office Box 195
Mobile, Alabama 36601
Telephone: (251) 432-8883
Facsimile: (251) 432-8884
**ATTORNEYS FOR THE PLAINTIFFS**

## **CERTIFICATE OF SERVICE**

      I hereby certify that the above and foregoing has been served on Plaintiffs' Liaison Counsel, Russ Herman, and Defendants' Liaison Counsel, Kerry Miller, by U.S. Mail and e-mail and upon all parties by electronically uploading the same to File & ServeXpress in accordance with Pre-Trial Order No. 6 and that the foregoing was electronically filed with the Clerk of the Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2047, on this the 26th day of July, 2016

                                                             */s/  Richard H. Holston*
                                                             **RICHARD H. HOLSTON**