UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: CHINESE-MANUFACTURED DRYWALL PRODUCTS LIABILITY LITIGATION<br><br>THIS DOCUMENT RELATES TO ALL CASES | MDL NO. 2047<br><br>SECTION: L<br><br>JUDGE FALLON<br><br>MAGISTRATE JUDGE WILKINSON |

**PUJOL, PRYOR AND IRWIN, LLC'S RESPONSE TO THE FEE COMMITTEE'S POSITION REGARDING REQUEST FOR ATTORNEY'S FEES**

Pujol, Pryor and Irwin, LLC ("PPI"), through the undersigned counsel, respectfully submits this Response to the Fee Committee's Statement of Position Regarding PPI's Notice of Objection submitted in accordance with PTO 28(F). (R. Doc. 20415-2).

As noted by the Fee Committee, PPI settled claims for its client Acadian Residential Contractors, LLC ("Acadian"). In accordance with PTO 28(F), PPI timely submitted a notice of objection because two of the properties which PPI settled for Acadian were not included on the notice issued to private counsel by the Claims Administrator. PPI respectfully requests that this Honorable Court recognize its right to receive attorney's fees for the settlement of these two properties.

First, PPI notes that Acadian is not a defendant in this action. There is another entity known as Acadian Builders and Contractors, LLC which was a defendant in this matter. These are two distinct entities, and again, Acadian is not a defendant.

Second, the Release Agreement with the Knauf entities expressly recognizes the right of PPI to collect attorney's fees in this matter. (A copy of the Release Agreement was filed under seal

1

as part of the Fee Committee's Response, R. Doc. 20415). Section 1.1 of the Release Agreement does provide a complete release of Acadian's claims; however, the Release clearly reserve's counsel's claim for fees. The relevant language is as follows:

> . . . with the sole exception of claims (the "Reserved Claims") against Knauf by Homeowner's counsel for his share of attorney's fees and costs which are included within the Class Settlement Agreement Regarding Claims Against the Knauf Defendants in MDL 2047 and Paragraphs IX and X of the Settlement Agreement For the Demonstration Remediation of Homes With KPT Drywall entered into on October 14, 2010 between the PSC and Knauf.

*See* Section 1.1 of Release Agreement, filed under seal (R. Doc. 20415).

This Release contemplates that PPI is entitled to receive a portion of any attorney's fees awarded by this Court for individual private counsel. PPI has not filed any other claims for attorney's fees or challenges to any claims for attorney's fees, whether private fees or common benefit fees. PPI respectfully requests that this Court recognize its right to receive a portion of the attorney's fees to be awarded to private counsel by this Court for its representation of its client Acadian and its settlement of Acadian's claims with the Knauf entities.

WHEREFORE, for the reasons set forth above, and consistent with the provision of the Release Agreement, PPI respectfully requests this Honorable Court direct the Claims Administrator to award PPI its pro rata share of attorney's fees for the settlement of its client's claims with the Knauf entities.

Respectfully submitted,

*s/ N. Frank Elliot III*
N. FRANK ELLIOT, III, T.A. (#23054)
N. Frank Elliot III, L.L.C.
P. O. Box 3065
Lake Charles, LA 70602-3065
(1511 Watkins Street (70601))
Tel.: (337) 309-6999
Fax:  (337) 439-2545
Email: frank@nfelaw.com

## **CERTIFICATE OF SERVICE**

I hereby certify that on July 27, 2016, a copy of the above and foregoing Response was filed electronically with the Clerk of Court using the CM/ECF system. Notice of this filing will be sent to all counsel of record by operation of the Court's electronic filing system.

                                                                     */s/ N. Frank Elliot III*
                                                                     N. Frank Elliot III (#23054)