UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

IN RE: CHINESE-MANUFACTURED
DRYWALL PRODUCTS LIABILITY
LITIGATION

MDL NO. 2047

SECTION: L

JUDGE FALLON
MAG. JUDGE WILKINSON

THIS DOCUMENT RELATES TO:
*ALL CASES*
* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

### THE FEE COMMITTEE'S REPLY IN SUPPORT OF THEIR STATEMENT OF POSITION REGARDING PUJOL, PRYOR AND IRWIN, LLC'S NOTICE OF OBJECTION

On June 16, 2016, Pujol, Pryor and Irvin, LLC's ("PPI") served a Notice of Objection in response to a Notice issued by Brown Greer pursuant to PTO 28(F).[1] Therein, PPI argues it is entitled to recover attorneys' fees under the Knauf Settlement Agreement even though it represents a non-party homebuilder, Acadian Residential Contractors, LLC ("Acadian"). On July 21, 2016, the Fee Committee filed a Statement of Position Regarding PPI's Notice of Objection. *See* Rec.Doc.No. 20415-2. In its Statement of Position, the Fee Committee challenged PPI's efforts to recover attorneys' fees under the Knauf Settlement Agreement negotiated by the Plaintiffs' Steering Committee. More recently, PPI filed a Response to the Fee Committee's Statement of Position on July 28, 2016.[2] In its response, PPI takes the position that

---

[1] The Notice by PPI was not filed of record with the Court, and merely served on Lead and Liaison Counsel.

[2] The FC also wishes to apprise the Court of the fact that PPI's Response to the Fee Committee's Statement of Position was filed by N. Frank Elliot III. Although it unclear whether Mr. Elliot will share in any fee that PPI collects following the resolution of PPI's objection, Mr. Elliot is seeking an award of attorneys' fees involving the very same property with respect to his

1

Section 1.1 of the Release Agreement between its client and the Knauf defendants specifically reserves claims for purposes of allowing PPI to pursue attorneys' fees under the PSC's Knauf Settlement Agreement.  *See* Rec.Doc.No. 20415 (Exhibit "A" filed under seal).

The FC disagrees with PPI's interpretation of the interplay between its Release Agreement and the PSC's Settlement Agreement.  Notwithstanding the language set forth in the Release Agreement, the Knauf Settlement Agreement does not allow for the recovery of attorneys' fees by counsel representing homebuilders.  Specifically, Section 14.3 of the Settlement Agreement states in pertinent part: "The Court's award of attorneys' fees and costs shall settle and finally resolve any claim for attorneys' fees or costs that can be claimed by **any counsel representing or working for the benefit either of a Participating Class Member or the Class**."  *See* KPT Settlement Agreement at §14.3 (emphasis added).  Simply stated, because PPI's client, Acadian, is not a Participating Class Member[3] and does not fall within the Class[4]

---

representation of a former homeowner who lost the property in foreclosure proceedings.  Putting aside the potential conflict of interest if Mr. Elliot is indeed attempting to double-dip on attorneys' fees, it is respectfully submitted that Knauf Settlement Agreement is not designed to award attorneys' twice for the same property.

[3] The Knauf Settlement Agreement defines Participating Class Member as follows:

> 1.51.   Participating Class Member. "Participating Class Member" shall mean all Class Members who do not opt-out as provided in Sections 8.1 and 8.2.

*See* Rec.Doc.No. 16407-3.

[4] The Knauf Settlement Agreement defines the Class as follows:

> 1.1.2.  Class; Settlement Class; Class Members. "Class," also referred to as "Settlement Class" or "Class Members," shall mean all members of one of the three Subclasses in Sections 1.1.2.1, 1.1.2.2 and 1.1.2.3 below who, **as of December 9, 2011, filed a lawsuit in the Litigation as a named plaintiff (i.e., not an absent class member) asserting claims arising from, or otherwise related to, KPT Chinese Drywall**, whether or not the Knauf Defendants are named parties to the lawsuit. The following persons or entities are members of the class only for the purpose of obtaining benefits

under the Other Loss Fund, but not for the purpose of obtaining benefits under the Remediation Fund as those Class Members' Remediation Claims have been or will be resolved outside this Settlement: (i) any person or entity which has settled claims against the Knauf Defendants under the Settlement Agreement for the Demonstration Remediation of Homes with KPT Drywall ("Pilot Program") by executing both the Work Authorization and Release as defined in the Pilot Program, whose Affected Property has been or will be remediated under the Pilot Program; (ii) any person or entity whose Affected Property has been remediated under a Major Builder Settlement Agreement; and (iii) any person or entity whose Affected Property has been remediated under a settlement with a Builder or Supplier (including claims assigned by Class Members that were later settled by the assignee). The Class also shall include Multiple Unit Property Governing Bodies to the extent that any unit(s) of a Multiple Unit Property is the subject of a filed lawsuit in the Litigation.

The Class shall not include claims relating to Chinese Drywall manufactured by Knauf entities other than KPT. There shall be three subclasses:

1.1.2.1. The Residential Owner Subclass: All members of the Class who are owners of and reside or have resided in Affected Property ("Residential Owners"). The Residential Owner Subclass shall not include Owners, other than Mortgagees, who purchased Affected Properties with knowledge that the properties contained KPT Chinese Drywall and/or Non-KPT Chinese Drywall. The Residential Owner Subclass also shall not include Owners who sold or otherwise disposed of Affected Properties except for former owners who lost Affected Properties due to foreclosure or sold Affected Properties to mitigate losses.

1.1.2.2. The Commercial Owner Subclass: All members of the Class who are owners of Affected Property for the purpose of selling or renting the Affected Property or using the Affected Property to conduct a business and who do not reside in the Affected Property ("Commercial Owners"). The Commercial Owner Subclass shall not include Owners, other than Mortgagees, who purchased Affected Properties with knowledge that the properties contained KPT Chinese Drywall and/or Non-KPT Chinese Drywall. The Commercial Owner Subclass also shall not include Owners who sold or otherwise disposed of Affected Properties except for former owners who lost Affected Properties due to foreclosure or sold Affected Properties to mitigate losses. Members of the Residential and Commercial Owner Subclasses also are referred to as "Owners".

1.1.2.3. The Residential Owner Subclass and the Commercial Owner Subclass shall be referred to collectively as the "Owner

encompassed by the Knauf Settlement Agreement, PPI cannot recover attorneys' fees under the Knauf Settlement Agreement.  That is, Acadian is neither a Class Member nor a Participating Class Member since it failed to file a lawsuit asserting claims arising from KPT Chinese Drywall on or before December 9, 2011.  *See* Fn. 3, *supra* (the Knauf Settlement Agreement defines the Class as only including entities and individuals who filed lawsuits involving KPT drywall on or before December 9, 2011).

      Wherefore, for the reasons set forth above as well as those set forth in the Fee Committee's initial Statement of Position, PPI should not be allowed to recover attorneys' fees under the Knauf Settlement Agreement.

                              Respectfully submitted,

Dated: August 8, 2016        /s/ Russ M. Herman_____
                              Russ M. Herman (Bar No. 6819) (on the brief)
                              Leonard A. Davis (Bar No. 14190) (on the brief)
                              Stephen J. Herman, Esquire (Bar No. 23129)
                              HERMAN, HERMAN & KATZ, L.L.C.
                              820 O'Keefe Avenue
                              New Orleans, Louisiana 70113
                              Phone: (504) 581-4892
                              Fax: (504) 561-6024
                              LDavis@hhklawfirm.com
                              *Plaintiffs' Liaison Counsel MDL 2047*
                              *Co-Chair/Secretary Fee Committee*

---

            Subclasses."
1.1.2.4.    The Tenant Subclass: All members of the Class who rent Affected Property. Members of the Tenant Subclass also are referred to as "Tenants". Non-owner residents will be treated as Tenants even if they do not pay rent.

*See* Rec.Doc.No. 16407-3 (emphasis added).

Arnold Levin (on the brief)
Fred S. Longer (on the brief)
Sandra L. Duggan (on the brief)
Matthew C. Gaughan (on the brief)
Levin, Fishbein, Sedran & Berman
510 Walnut Street, Suite 500
Philadelphia, PA 19106
Phone:  (215) 592-1500
Fax:  (215) 592-4663
Alevin@lfsblaw.com
*Plaintiffs' Lead Counsel MDL 2047*
*Chair Fee Committee*

Gerald E. Meunier (LA Bar No. 9471)
Gainsburgh, Benjamin, David,
  Meunier & Warshauer, LLC
2800 Energy Centre
1100 Poydras Street
New Orleans, LA 70163-2800
Phone: (504) 522-2304
Fax: (504) 528-9973
gmeunier@gainsben.com
*Co-Counsel for Plaintiffs and PSC Member*
*Fee Committee Member*

**ON BEHALF OF THE FEE COMMITTEE**

**CERTIFICATE OF SERVICE**

I hereby certify that the above and foregoing pleading has been served on Defendants' Liaison Counsel, Kerry Miller, by e-mail and upon all parties by electronically uploading the same to LexisNexis File & Serve in accordance with Pre-Trial Order No. 6, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2047 on this 8th day of August, 2016.

/s/ Leonard A. Davis
Leonard A. Davis, Esquire
Herman, Herman & Katz, L.L.C.
820 O'Keefe Avenue
New Orleans, Louisiana 70113
Phone: (504) 581-4892
Fax: (504) 561-6024
Ldavis@hhklawfirm.com
Plaintiffs' Liaison Counsel MDL 2047
*Co-counsel for Plaintiffs*