UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE:  CHINESE-MANUFACTURED DRYWALL PRODUCTS LIABILITY LITIGATION | MDL NO. 2047<br><br>SECTION: L |
| THIS DOCUMENT RELATES TO: | JUDGE FALLON |
| ALL *CASES* | MAG. JUDGE WILKINSON |

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

**MEMORANDUM IN SUPPORT OF**
**MOTION FOR IMMEDIATE DISBURSEMENT OF UNDISPUTED FEES**

The matter before the Court concerns the total common benefit fee to withhold from the Global Fee award. It is undisputed among counsel that, subject to this Court's approval, individually retained counsel are entitled to all fees that remain after deducting the common benefit allocation. Additionally, the Court has already adopted a formula for calculating individual counsel fees once the remainder is determined.

Responding to PTO 28(F), the Fee Committee recommended withholding $114,581,308.82 (roughly 59% of the total fee award) from the fee award for common benefit fees, leaving $78,400,054.53 (roughly 41%) for allocation among individual counsel.[1] Twenty-three firms, including several which have performed common benefit work, objected to the size of the common benefit allocation proposed by the FC,[2] challenging the figures used by the FC,

---

[1] Memorandum in Support of the Fee Committee's Motion to Determine the Allocation of the Global Fee Award as Between Common Benefit Fees and Individual Counsel's Fees Pursuant to PTO 28(F). Doc. 20293-1. Arguably, the split is closer to 61-39, but for purposes of this motion, Primary Counsel will accept the 59-41 split as described by the FC.

[2] Parker Waichman LLP (Doc. 20348); Baron & Budd, P.C., Allison Grant, P.A., Alters Law Firm, P.A. (Doc. 20353-3); Whitfield Bryson & Mason LLP, Pendley Baudin & Coffin, Rhine Law Firm, Luckey & Mullins (Doc. 20346); Gentle, Turner, Sexton & Harbison, LLC, McCallum, Hoaglund, Cook & Irby, LLP (Doc. 20336); Willis & Buckley, APC (Doc. 20349);Collins & Horsley, P.C. (Doc. 20351); Alters Law Firm, P.A. (Doc. 20355); Hawkins/Gibson, PLLC (Doc. 20356); Milstein, Adelman, Jackson, Fairchild & Wade, LLP, Roberts and Durkee, LLP (Doc. 20337); Taylor Martino, P.C. (Doc. 20338); Cohen Milstein Sellers & Toll PLLC, Mrachek, Fitzgerald, Rose, Konopka, Thomas & Weiss, P.A. (Doc. 20343); Paul A. Lea, Jr. (Doc. 20344); Doyle Law Firm, PC (Doc.

the benefit allegedly conferred to the common benefit, and the total available fees, among other things.[3] No one has objected to individual counsel receiving *at least* the sum of $78,400,054.53, as recommended in the FC's motion. All issues relating to the FC's requested common benefit allocation are now before Special Master Daniel Balhoff who will oversee discovery and make recommendations to the Court as appropriate.[4]

To dispel concerns raised by the Fee Committee ("FC)[5] and non-objecting counsel[6] and promote expeditious resolution of the dispute presently before the Court and Special Master Balhoff, Primary Counsel[7] request an Order requiring the immediate disbursement of the *undisputed* portion of the total available attorneys' fees in the amount of $78,400,054.53 to individually retained counsel. This disbursement would serve the interest of all parties and promote the goals of an MDL proceeding.

---

20350); Morgan & Morgan, P.A. (Doc. 20354); Yance Law Firm, LLC (Doc. 20357); Morris Bart, LLC (Doc. 20392-2).

[3] *See, e.g.*, Primary Counsel's Request to Allocate the Global Fee Award between Common Benefit Counsel and Primary Counsel and Obj. to the FC's Motion to Determine the Allocation of the Global Fee Award as between Common Benefit Attorneys and Individual Counsel Fees Pursuant to PTO 28(F) (Doc. 20336); Opp. of Whitfield Bryson & Mason LLP, Pendley Baudin & Coffin, Rhine Law Firm, and Luckey & Mullins to FC's Motion to Determine the Allocation of the Global Fee Award as between Common Benefit Fees and Individual Counsel Fees Pursuant to PTO 28(F) (Doc. 20346); Baron & Budd, P.C., Allison Grant, P.A. and Alters Law Firm, P.A.'s Obj. in Opp. to FC's Motion to Determine the Allocation of the Global Fee Award as Between Common Benefit Fees and Individual Counsel's Fees Pursuant to PTO 28(F) (Doc. 20353-3).

[4] See Order signed July 18, 2016 (appointing special master and requiring discovery) (Doc. 20410).

[5] *See*, Preliminary Memorandum in Opposition to Primary Counsel's Motion for a Case Management Order Providing for Discovery, the Unsealing of Records Regarding Common Benefit Fees, and the Appointment of a Special Master [Doc. 20394] (Doc. 20411), at p. 3 (arguing that discovery regarding the fee allocation will cause delay).

[6] See, e.g., The Law Firm of Krupnick Campbell Malone's Opposition to the Motion for Appointment of Val Exnicios & Jimmy Faircloth as Objectors' Co-Liaison Counsel (explaining that the KCM Firm is "most interested in moving this matter forward towards resolution after far too many years of being uncompensated."). Doc. 20423 at p. 2.

[7] "Primary Counsel" include [LIST]. Primary Counsel refers to those law firms joining in this motion and supporting memorandum while "individually retained counsel" refers more broadly to all counsel who are involved in this MDL by virtue of private contingency fee contracts with clients and who have received BrownGreer reports setting forth their estimated fees in this MDL. LIST

## ARGUMENT

An important goal of MDL proceedings is to facilitate the "just and expeditious resolution of all actions to the overall benefit of the parties." *In re Vioxx Products Liab. Litig.*, 360 F. Supp. 2d 1352, 1354 (J.P.M.L. 2005). The Court, in connection with this MDL, already has expressed its intention "to expedite certain portions of the [attorneys' fee] award."[8] To achieve that goal, "a district court has inherent authority 'to bring management power to bear upon massive and complex litigation to prevent [the litigation] from monopolizing the services of the court to the exclusion of other litigants.'" Eldon E. Fallon, *Common Benefit Fees in Multi-District Litigation*, 74 La. L. Rev. 371, 377 (2014) (quoting *In re Air Crash Disaster at Fla. Everglades on Dec. 29, 1972*, 549 F.2d 1006, 1012 (5th Cir. 1977)).

The FC has likewise recognized this authority: "[T]his Court is permitted to devise and implement all manner of creative solutions to problems that arise. . . ."[9] One such solution to quell the concerns of the FC and non-objecting firms is to disburse the amounts set forth in the reports prepared by BrownGreer, the Court-appointed Settlement Administrator, and submitted to the respective law firms reflecting the compensation of individually retained counsel based upon the formula contained in Pre-Trial Order 28(F) (Doc. 20282 at ¶ 5). The funds, which total $78,400,054.53, are available, the calculations are complete, and no one disputes that these amounts are due.

---

[8] Pre-Trial Order No. 28(F) (Doc. 20282), at ¶ 9.

[9] The Fee Committee's Omnibus Response to Objections to the Fee Committee's Motion to Determine the Allocation of the Global Fee Award as Between Common Benefit Fees and Individual Counsel's Fees Pursuant to PTO 28(F) (Doc. 20384-2), p. 34 (citing *Pella Corp. v. Saltzman*, 606 F.3d 391, 396 (7th Cir. 2015 [sic])).

A partial disbursement of attorneys' fees is not foreign in the MDL context. In *In Re Diet Drugs,* three funds were created to compensate class counsel and/or common benefit counsel.[10] The funds consisted of money paid directly by the defendant and/or assessments issued against attorneys' fees paid by defendants to individually retained counsel. Similar to the instant case, the court recognized that the litigation had been ongoing for years and counsel had not been compensated. It explained, "To make [the attorneys] wait any longer for at least some fee award would be grossly unfair." *Id.* As such, it issued an interim award of attorneys' fees, which provided "at least partial compensation at a time when the court is not really able to analyze fully [the percentage of recovery factors] and make a final award." *Id.*[11]

The undersigned respectfully submit that, like the initial disbursement in *In re Diet Drugs*, this Court should disburse the undisputed portion of the fees in this matter to individually retained counsel. The FC, by virtue of proposing the 41%/59% allocation, has agreed that individually retained counsel are entitled to at least 41% of the total attorneys' fees, which it calculates to be $78,400,054.53. This disbursement would be fair to individually retained counsel as it would partially compensate them, without prejudice to their rights to pursue additional fees through the allocation dispute, for the significant time and expenses they have expended over the course of this litigation.

## CONCLUSION

For the reasons set forth above, Primary Counsel pray for an Order (1) requiring disbursement of the amounts set forth in the reports prepared by BrownGreer, the Court-

---

[10] *In re Diet Drugs*, No. 99-20593, 2002 WL 32154197, at *12 (E.D. Pa. Oct. 3, 2002), *modified,* 2003 WL 22218322 (E.D. Pa. May 15, 2003), and *judgment entered sub nom.*, 2008 WL 2890878 (E.D. Pa. July 21, 2008).

[11] Several parties attempted to appeal the interim award; however, the Third Circuit held that the interim award of attorneys' fees was not an appealable final order because of unresolved questions related to the fee award and total value of the settlement. *In re Diet Drugs (Phentermine/Fenfluramine/Dexfenflurammine) Products Liab. Litig.*, 401 F.3d 143, 157 (3d Cir. 2005).

appointed Settlement Administrator, and submitted to the respective law firms reflecting the compensation of individually retained counsel based upon the formula contained in Pre-Trial Order 28(F) (Doc. 20282 at ¶ 5) and (2) preserving all claims, rights, entitlements and/or arguments regarding the remaining attorneys' fees ("disputed portion").

Respectfully Submitted,

| **FAIRCLOTH, MELTON & SOBEL, LLC** | **LISKA, EXNICIOS & NUNGESSER** |
|---|---|
| By:   /s/ *Jimmy R. Faircloth, Jr.* <br> Jimmy R. Faircloth, Jr. (LA #20645) <br> jfaircloth@fairclothlaw.com <br> Brook L. Villa (LA #31988) <br> bvilla@fairclothlaw.com <br> Franklin "Drew" Hoffmann (LA #35824) <br> dhoffmann@fairclothlaw.com <br> 301 Main Street, Suite 920 <br> Baton Rouge, LA 70801 <br> Phone: (225) 343-9535 <br> Fax: (225) 343-9538 <br><br> *Attorneys for Parker Waichman LLP* | By:   /s/ *Val Patrick Exnicios* <br> Val Patrick Exnicios, Esq. <br> vpexnicios@exnicioslaw.com <br> 1515 Poydras Street <br> 14th Floor, Ste. 1400 <br> New Orleans, LA. 70112 <br> Phone: (504) 410-9611 <br> Fax: (504) 410-9937 <br> Cell: (504) 495-9666 <br><br> *Attorneys for Whitfield Bryson & Mason LLP, Pendley Baudin & Coffin, Rhine Law Firm, and Luckey & Mullins* |
| **BARON & BUDD, P.C.** | **GENTLE, TURNER, SEXTON & HARBISON, LLC** |
| By:   /s/ *Russell W. Budd* <br> Russell W. Budd (TX #03312400) <br> rbudd@baronbudd.com <br> S. Ann Saucer (TX #00797885; LA #21368) <br> asaucer@baronbudd.com <br> 3102 Oak Lawn Avenue, Suite 1100 <br> Dallas, TX 75219 <br> Phone: 214-521-3605 <br> Fax: 214-520-1181 | By:   /s/ *K. Edward Sexton, II* <br> K. Edward Sexton, II <br> esexton@gentlelaw.com <br> 501 Riverchase Parkway East, Suite 100 <br> Hoover, Alabama 35244 <br> Phone: (205) 716-3000 |

**MCCALLUM, HOAGLUND, COOK & IRBY, LLP**

By:     /s/ *Eric D. Hoaglund*
Eric D. Hoaglund
ehoaglund@mhcilaw.com
905 Montgomery Highway, Suite 201
Vestavia Hills, Alabama 35216
Phone: (205) 824-7767
Fax: (205) 824-7768

**ROBERTS AND DURKEE, LLP**

By:     /s/ *C. David Durkee*
C. David Durkee
durkee@rdlawnet.com
2665 South Bayshore Drive, Suite 300
Coconut Grove, FL 33133
Phone: (305) 442-1700
Fax: (305) 442-2559

**COLLINS & HORSLEY, P.C.**

By:     /s/ *David L Horsley*
David L Horsley (AL #6090-I47H)
david@collinshorsley.com
2021 Morris Avenue, Suite 200
Birmingham, Alabama
Phone: 205-324-1834
Fax: 205-324-1846

**HAWKINS|GIBSON, PLLC**

By:     /s/ *John Hawkins*
John Hawkins (MS #9556)
john@hgattorneys.com
Edward Gibson (LA # 29053; MS #100640)
egibson@hgattorneys.com
153 Main St.
Bay St. Louis, MS 39520
Tel. 228-4667-4225
Fax. 228-467-4212

**MILSTEIN, ADELMAN, JACKSON, FAIRCHILD & WADE, LLP**

By:     /s/ *Mark Milstein*
Mark Milstein
mmilstein@majfw.com
10250 Constellation Blvd., 14th Floor
Los Angeles, CA 90067
Phone: (310) 396-9600
Fax: (310) 396-9635

**WILLIS & BUCKLEY, APC**

By:     /s/ *William P. Buckley*
William P. Buckley (LA #26827)
billwblaw@bellsouth.net
Jennifer N. Willis (LA #14877)
jenniferwblaw@bellsouth.net
3723 Canal Street
New Orleans, Louisiana 70119
Phone: (504) 488-6301
Fax: (504) 488-6302

**ALLISON GRANT, P.A.**

By:     /s/ *Allison Grant*
Allison Grant (FL #858330)
agrant@allisongrantpa.com
14 SE 4th St
Boca Raton, FL 33432-6111
Phone: 561-994-9646
Fax: 561-431-4627

**YANCE LAW FIRM, LLC**

By:     /s/ *R. Tucker Yance*
R. Tucker Yance (AL #ASB-9775-H71Y)
rty@yancelaw.com
169 Dauphin Street Suite 318
Mobile, AL 36602
Phone: (251) 432-8003
Fax: (251) 432-8009

**GIEGER, LABORDE & LAPEROUSE, LLC**

By:    /s/ *Victoria E. Emmerling*
    Andrew A. Braun (LA #3415)
    abraun@glllaw.com
    Victoria E. Emmerling (LA #33117)
    temmerling@glllaw.com
    701 Poydras Street, Suite 4800
    New Orleans, Louisiana 70139-4800
    Phone: (504) 561-0400
    Fax: (504) 561-1011

*Attorneys for Morris Bart, L.L.C.*

## CERTIFICATE OF SERVICE

I hereby certify that the above and foregoing Memorandum has been served on Plaintiffs' Liaison Counsel, Russ Herman, and Defendants' Liaison Counsel, Kerry Miller, by U.S. Mail and e-mail <u>or</u> by hand delivery and e-mail <u>and</u> upon all parties by electronically uploading the same to Lexis Nexis File & Serve in accordance with Pretrial Order No. 6, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2047, on this 10th day of August, 2016.

                                                /s/ *Jimmy R. Faircloth, Jr.*
                                                    OF COUNSEL