UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In Re: CHINESE-MANUFACTURED DRYWALL PRODUCTS LIABILITY LITIGATION | * * * * | MDL 2047 SECTION L |
| This document relates to: All Cases | * * * * | JUDGE FALLON MAGISTRATE JUDGE WILKINSON |

* * * * * * * * * * * * * * * * * * * *

**KNAUF DEFENDANTS' OPPOSITION TO PLAINTIFFS' OBJECTION AND MOTION FOR RECONSIDERATION OF SPECIAL MASTER OPINION AND DECREE (REC. DOC. 20373)**

**MAY IT PLEASE THE COURT:**

The Knauf Defendants[1] file this Opposition to Plaintiffs Daniel Cowart and Lauren Cortelyou's Objection and Motion for Reconsideration of Special Master Opinion and Decree (Rec. Doc. 20373). The motion filed by Plaintiffs should be denied because the Special Master correctly ruled that Plaintiffs failed to make the required "reasonable inquiry" into the Chinese drywall prior to purchasing the property. In fact, no inquiry into the Chinese drywall was made, nor was any inspector hired to conduct even a typical pre-purchase general inspection.

For the foregoing reasons, Plaintiffs do not meet the requirements of the settlement agreement from which they seek benefits. Therefore, the Knauf Defendants respectfully request that the Court affirm the Special Master's decision.

I. BACKGROUND

Lauren Cortelyou is the owner of record and her husband Daniel Cowart is the former owner of record of the property located at 32793 Water View Drive East, Loxley, AL 36551

---

[1] The Knauf Defendants include Knauf Plasterboard (Tianjin) Co., Ltd., Knauf Plasterboard (Wuhu) Co., Ltd., Guangdong Knauf New Building Material Products Co., Ltd., Knauf Gips KG, Gebr. Knauf Verwaltungsgesellschaft KG, Knauf International GmbH, Knauf Insulation GmbH, Knauf UK GmbH, Knauf AMF GmbH & Co. KG, Knauf do Brasil Ltda., and PT Knauf Gypsum Indonesia. All capitalized terms herein have the same definitions as set forth in the Third Amended Settlement Agreement Regarding Claims Against the Knauf Defendants in MDL No. 2047 (the "Knauf Class Settlement Agreement"), Rec. Doc. 16407-3.

("Property"). Cowart purchased the Property in February 2012 and deeded it to Cortelyou in June 2012. Neither Cortelyou nor Cowart had the Property inspected prior to their purchase from a third party. Plaintiffs subsequently discovered the presence of Chinese drywall in the Property.

Plaintiffs seek remediation benefits through a settlement agreement with the Knauf Defendants that disqualifies claimants who failed to make pre-purchase "reasonable inquiries" into the possibility of Chinese drywall in their Affected Properties. Plaintiffs here failed to make a reasonable inquiry by failing to obtain property disclosures from the prior owner and failing to conduct a general pre-purchase inspection that is standard in real estate transactions. After the Knauf Defendants and the Plaintiffs failed to agree on the Plaintiffs' settlement eligibility, the issue was submitted to the Special Master for determination. The Special Master, in his Opinion and Decree,[2] correctly ruled that Plaintiffs failed to make the "reasonable inquiry" required by the New Claims Settlement Agreement.

## II. ARGUMENT

Cortelyou is listed as a claimant on Exhibit B of the *Beane* omnibus complaint,[3] and the claim is, therefore, controlled by the *Settlement Agreement Regarding Post-December 9, 2011 Claims Against the Knauf Defendants in MDL No. 2047* (hereinafter "New Claims Settlement Agreement"),[4] which does not provide benefits to claimants who purchased Affected Property with knowledge that it contained Chinese drywall or without making a *reasonable inquiry* into the presence of Chinese drywall.

> Any Exhibit A Claimant or Exhibit B Claimant who purchased the Affected Property with knowledge that there was reactive Chinese Drywall in the Affected Property, or who purchased after

---

[2] Exhibit A, Special Master's Opinion and Decree.
[3] *Paul Beane, et al. v. Gebrueder Knauf Verwaltungsgesellschaft KG, et al.*, No. 13-609 (E.D. La.).
[4] Rec. Doc. 16978-1.

> December 9, 2009 and failed to make a reasonable inquiry, is not eligible for benefits under this Agreement absent the Knauf Defendants' consent...[5]

Plaintiffs failed to make a reasonable inquiry by waiving their right to receive the Seller's Disclosure Statement,[6] not obtaining a Chinese drywall inspection, and not obtaining even a general inspection of the Property prior to their purchase.[7]

The Special Master correctly found that Plaintiffs did not meet the standard set by the New Claims Settlement Agreement, requiring Plaintiffs to conduct a "reasonable inquiry" into Chinese drywall prior to purchasing the Property in order to qualify for settlement benefits. Plaintiffs executed an "As Is" purchase in 2012,[8] without having the Property inspected or obtaining any property condition disclosures from the previous owner, who may have provided useful information to the Plaintiffs should he have been compelled to complete the disclosures. Ultimately, Plaintiffs have proved only that they walked through the Property prior to purchase; they did not inspect for Chinese drywall, and they did not have a general pre-purchase inspection conducted. There was *no inquiry* prior to Plaintiffs' purchase.

In their motion, Plaintiffs continue to assert the misinformation that Roberts Brothers, Inc., Realtors conducted an inspection of the Property,[9] but — as the Plaintiffs' own document and the Special Master's decree make clear — these realtors made no such inspection.[10] The referenced document is actually a declaration by Cowart stating that *he* walked through the Property and accepted it in "AS IS" condition. Further, Roberts Brothers, Inc., was the seller's agent, not the agent for the Plaintiffs. The referenced document, a Walk-Through/Systems

---

[5] *Id.*, Section IV(D).
[6] Exhibit B, Purchase Agreement, para. 3.
[7] *Id.*, para. 4.
[8] Exhibit B, para. 5; *see also* Exhibit C, Hold Harmless Agreements.
[9] Plaintiffs' Objection and Motion (Rec. Doc. 20373), para 4.
[10] Exhibit A, p. 2; *see also* Exhibit D, Roberts Brothers, Inc., Realtors Walk-Through/Systems Check Inspection Form.

3

Check Inspection Form, provides that "the real estate agent is accompanying us on this walk-through as a courtesy, not as a person qualified to inspect, detect or repair structural defects, malfunctioning systems, equipment, or appliances."[11] The Plaintiffs were provided with "the opportunity to have a qualified person of [their] choice inspect the property,"[12] a right they declined to exercise. Plaintiffs' characterization of this document as a third-party inspection is misleading.

Plaintiffs, likewise, assert that a second "informal inspection" was conducted prior to their purchase,[13] an assertion made by Plaintiffs for the first time in their April 2016 mediation position paper, 2-1/2 years after the Knauf Defendants first requested the purchase documents from Plaintiffs. After Plaintiffs' arguments were made to the Special Master, the Knauf Defendants submitted a reply brief demonstrating that Plaintiffs provided no proof or evidence that any such inspection ever took place.[14] The Special Master, in his Opinion and Decree, agreed with the Knauf Defendants that Plaintiffs failed to demonstrate that this alleged inspection ever took place: "Claimants also allude to an informal inspection by a builder. But Claimants have provided no written evidence of the inspection's scope or findings."[15] Yet, Plaintiffs continue to reference this mystery inspection in their motion without providing any proof whatsoever that it ever occurred.

The New Claims Settlement Agreement requires claimants to perform a "reasonable inquiry" in order to be eligible for settlement benefits. Putting aside the analysis necessary to determine how extensive must an inquiry be to qualify as "reasonable," it is the plain intention of

---

[11] Exhibit D.
[12] *Id*.; *see also* Exhibit A, para. 4.
[13] Plaintiffs' Objection and Motion (Rec. Doc. 20373), para 8.
[14] *See* Exhibit E, Knauf's Mediation Papers.
[15] Exhibit A, p. 2.

the Agreement that *some* inquiry is required. Here, no inquiry was conducted. With these facts, Plaintiffs cannot be deemed to have met the "reasonable inquiry" standard.

### III.  CONCLUSION

Plaintiffs failed to act as reasonable purchasers when they purchased their Property from a third party in 2012. Though general inspections conducted by qualified professionals are standard in real estate purchases, Plaintiffs knowingly declined to conduct such an inspection. On top of that, Plaintiffs waived their right to receive property condition disclosures from the seller. As the Special Master concluded, Plaintiffs' actions in purchasing the Property cannot be deemed to be in conformity with the requirement to conduct a reasonable inquiry. Not only did Plaintiffs fail to act as reasonable purchasers, they failed to make any inquiry altogether.

Plaintiffs have not met the *reasonable inquiry* standard required by the New Claims Settlement Agreement, and the Special Master did not err in finding that Plaintiffs failed to conduct the required reasonable inquiry. For the foregoing reasons, the Court should affirm the Special Master's decision.

Respectfully submitted,

**BAKER, DONELSON, BEARMAN, CALDWELL & BERKOWITZ, PC**

/s/ *Kerry J. Miller*
**KERRY J. MILLER (#24562), T.A.**
**DANIEL J. DYSART (#33812)**
201 St. Charles Avenue, Suite 3600
New Orleans, LA 70170
Phone:   (504) 566-8646
Fax:      (504) 585-6946
Email:    kjmiller@bakerdonelson.com

***Counsel for the Knauf Defendants***

## CERTIFICATE OF SERVICE

      I hereby certify that the above and foregoing pleading has been served upon Russ Herman, Plaintiffs' Liaison Counsel, by email, to all parties by electronically uploading the same to LexisNexis File & Serve in accordance with Pre-Trial Order No. 6, and that the foregoing was filed with the Clerk of Court of the United States Court for the Eastern District of Louisiana, on this 16th day of August, 2016.

                          /s/ *Kerry J. Miller*
                          **KERRY J. MILLER**