**BAKER DONELSON**
BEARMAN, CALDWELL & BERKOWITZ, PC

201 ST. CHARLES AVENUE
SUITE 3600
NEW ORLEANS, LOUISIANA 70170
PHONE:   504.566.5200
FAX:         504.636.4000

www.bakerdonelson.com

RENE A. MERINO
Attorney
Direct Dial:         (504) 566-5237
Email:                  rmerino@bakerdonelson.com

***PRIVILEGED AND CONFIDENTIAL SETTLEMENT COMMUNICATIONS***

April 21, 2016

<u>**Via Email and Federal Express**</u>:
Mr. Dan Balhoff
Perry, Balhoff, Mengis & Burns, LLC
2141 Quail Run Drive
Baton Rouge, LA 70808
Balhoff@pabmb.com

RE: Cortelyou/Cowart claim, 32793 Water View Drive East, Loxley, AL 36551

## <u>CONFIDENTIAL RESPONSE PAPER</u>

Dear Mr. Balhoff:

In response to the mediation position paper of Lauren Cortelyou and husband Daniel Cowart (collectively "Claimants"), the Knauf Defendants ("Knauf") submit this confidential response regarding the remediation claim for the property located at 32793 Water View Drive East, Loxley, AL 36551 ("Property"). Knauf would like to highlight a few important points covered in the Claimants' position paper and supporting documents.

The Claimants acknowledge that they declined a professional inspection, yet claim to have completed two informal inspections. However, the so-called "walk-through courtesy inspection provided by Roberts Brothers Realtors" was actually a walk-through by Mr. Cowart. Roberts Brothers Realtors were the seller's agent. They simply allowed and "accompanied" the Claimants to walk through the property. The inspection form clearly states that the realtors were not inspecting the Property and are not qualified to conduct such an inspection. The form goes on

to state that the Claimants "have been given the opportunity to have a qualified person of [their] choice inspect the property." They failed to do so.

Lastly, Claimants introduce the idea of a "local builder" inspection, yet no inspection report by the referenced "local builder" has been provided to Knauf or the Special Master, nor has this inspection ever been made known to Knauf prior to receipt of Claimants' position paper. The evidence does not support a finding that such an inspection ever took place.

In conclusion, the record does not support the assertions that a local builder or the seller's realtors conducted inspections on behalf of the Claimants. However, even if the Special Master concludes that these inspections did in fact take place, they do not meet the *reasonable inquiry* requirement. An inspection by a seller's agent is not a reasonable property inspection by a purchaser under any circumstances, much less when the realtors disclose that they are not qualified to conduct such inspections. Nor is an inspection by the purchaser himself reasonable if it is not followed by a professional inspection by a qualified inspector. An inspection by a local builder is not a reasonable pre-purchase inspection either. The reasonable, standard practice of reasonable purchasers is to obtain an inspection by a professional who is licensed and insured to conduct pre-purchase inspections. The Claimants here failed to conduct the settlement-required *reasonable inquiry* into the Chinese drywall in the Property and are, therefore, ineligible to participate in the Settlement Agreement Regarding Post-December 9, 2011 Claims Against the Knauf Defendants in MDL No. 2047.

                                              Respectfully submitted,

                                              BAKER, DONELSON, BEARMAN,
                                              CALDWELL & BERKOWITZ, PC

                                              _/s/ *René A. Merino*_
                                              RENE A. MERINO

**BAKER DONELSON**
BEARMAN, CALDWELL & BERKOWITZ, PC

201 ST. CHARLES AVENUE
SUITE 3600
NEW ORLEANS, LOUISIANA 70170
PHONE:   504.566.5200
FAX:       504.636.4000

www.bakerdonelson.com

***PRIVILEGED AND CONFIDENTIAL SETTLEMENT COMMUNICATIONS***

April 6, 2016

**Via Email and Federal Express**:
Mr. Dan Balhoff
Perry, Balhoff, Mengis & Burns, LLC
2141 Quail Run Drive
Baton Rouge, LA 70808
Balhoff@pabmb.com

RE: Cortelyou/Cowart claim, 32793 Water View Drive East, Loxley, AL 36551

**CONFIDENTIAL POSITION PAPER**

Dear Mr. Balhoff:

In preparation for the April 13, 2016, mediation of the above-referenced matter, the Knauf Defendants submit this confidential position paper regarding the remediation claim made by Lauren Cortelyou and her husband Daniel Cowart (collectively "Claimants") for the property located at 32793 Water View Drive East, Loxley, AL 36551 ("Property").

Cortelyou is listed as a claimant on Exhibit B of the *Beane* omnibus complaint,[1] and the claim is, therefore, controlled by the *Settlement Agreement Regarding Post-December 9, 2011 Claims Against the Knauf Defendants in MDL No. 2047* (hereinafter "New Claims Settlement Agreement"),[2] which does not provide benefits to claimants who purchased a property with knowledge that it contained Chinese drywall or without making a reasonable inquiry into the presence of Chinese drywall.

---

[1] *Paul Beane, et al. v. Gebrueder Knauf Verwaltungsgesellschaft KG, et al.*, No. 13-609 (ED. La.).
[2] Rec. Doc. 16978-1.

1

Mr. Daniel J. Balhoff
March 20, 2015
Page 2

> Any Exhibit A Claimant or Exhibit B Claimant who purchased the Affected Property with knowledge that there was reactive Chinese Drywall in the Affected Property, or who purchased after December 9, 2009 and failed to make a reasonable inquiry, is not eligible for benefits under this Agreement…[3]

It is the position of the Knauf Defendants[4] that the Claimants failed to make a *reasonable inquiry* by waiving the execution of the Seller's Disclosure Statement,[5] not obtaining a Chinese drywall inspection, and not obtaining even a general inspection of the Property prior to their purchase.[6] The Claimants now seek to have the Knauf Defendants insure their "As Is" purchase.[7]

The New Claims Settlement Agreement requires claimants to perform a *reasonable inquiry* in order to be eligible for settlement benefits. For an inquiry to be reasonable, some inquiry must be required. Though the extent of such inquiry depends upon the facts of each case, it is apparent that no inquiry was conducted in this case.

The objective standard is: *what would a reasonable person in the same position as the Claimants do?* In this case, a reasonable person would have at the very least hired a professional to conduct a general inspection of the property prior to purchase. General inspections are standard in real estate purchases, yet the Claimants failed to hire a qualified inspector to conduct a pre-purchase general inspection. Furthermore, not only did Claimants fail to conduct a general, customary inspection, they knowingly declined the opportunity to carry out such an inspection.[8] The Claimants, therefore, failed to make a *reasonable inquiry* by failing to act as reasonable purchasers.

---

[3] *Id*. at 4, Section IV(D).
[4] Unless otherwise noted, all capitalized terms herein carry the same definitions as those provided in the Third Amended Settlement Agreement Regarding Claims Against the Knauf Defendants in MDL No. 2047, Rec. Doc. 16407-3.
[5] *See* Exhibit A, Purchase Agreement, page 1, item number 3.
[6] *Id*., item number 4.
[7] *Id*., item number 5; and *see also* Exhibit B, Hold Harmless Agreements.
[8] *See* Exhibit A, item number 4.

Mr. Daniel J. Balhoff
March 20, 2015
Page 3

The Claimants have provided the Knauf Defendants with a Walk-Through/Systems Check Inspection Form,[9] but this form only demonstrates that Cowart — instead of a qualified inspector — walked through the property and accepted it in its present, "as is" condition. The form goes on to provide the Claimants with the opportunity to have the property professionally inspected, which they failed to do.

Though general property inspections are standard in real estate transactions, the Claimants took a calculated risk in purchasing the Property without obtaining an inspection by a qualified professional. Further, the Claimants waived their right to receive disclosures from the seller. The Claimants failed to act as reasonable purchasers and, therefore, failed to make a *reasonable inquiry*, a requirement of the New Claims Settlement Agreement from which they seek benefits. Based on the foregoing, Claimants are not eligible for benefits under the New Claims Settlement Agreement.

        Respectfully submitted,

        BAKER, DONELSON, BEARMAN,
        CALDWELL & BERKOWITZ, PC


        /s/ *René A. Merino*
        RENE A. MERINO

---

[9] Exhibit C.