UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In Re: CHINESE-MANUFACTURED DRYWALL PRODUCTS LIABILITY LITIGATION | * * * * | MDL 2047 SECTION L |
| | * | JUDGE FALLON |
| This document relates to: All Cases | * * * | MAGISTRATE JUDGE WILKINSON |

* * * * * * * * * * * * * * * * * * * *

**KNAUF DEFENDANTS' OPPOSITION TO PLAINTIFFS HOWARD AND CHARI RAPP'S OBJECTION AND MOTION FOR RECONSIDERATION OF SPECIAL MASTER OPINION AND DECREE (REC. DOC. 20300)**

**MAY IT PLEASE THE COURT:**

The Knauf Defendants[1] file this Opposition to Plaintiffs Howard and Chari Rapp's Objection and Motion for Reconsideration of Special Master Opinion and Decree (Rec. Doc. 20300). The motion filed by Plaintiffs should be denied because the Special Master correctly ruled that Plaintiffs failed to preserve evidence and in so doing prejudiced the Knauf Defendants and prejudiced a determination of Plaintiffs' own claim. At all relevant times through the alleged disposal of the drywall evidence, Plaintiffs were represented by counsel and the evidence was in the control of Plaintiffs and/or Plaintiffs' counsel. The Special Master, after reviewing all the facts, both side's briefs, and allowing the Plaintiffs to present their case orally, correctly ruled that the Plaintiffs' failure to follow PTO 1 prejudiced the Knauf Defendants to an extent that Plaintiffs' claims must be disallowed.

For the foregoing reasons, and as more fully detailed below, the Knauf Defendants respectfully request that the Court affirm the Special Master's decision.

---

[1] The Knauf Defendants include Knauf Plasterboard (Tianjin) Co., Ltd., Knauf Plasterboard (Wuhu) Co., Ltd., Guangdong Knauf New Building Material Products Co., Ltd., Knauf Gips KG, Gebr. Knauf Verwaltungsgesellschaft KG, Knauf International GmbH, Knauf Insulation GmbH, Knauf UK GmbH, Knauf AMF GmbH & Co. KG, Knauf do Brasil Ltda., and PT Knauf Gypsum Indonesia. All capitalized terms herein have the same definitions as set forth in the Third Amended Settlement Agreement Regarding Claims Against the Knauf Defendants in MDL No. 2047 (the "Knauf Class Settlement Agreement"), Rec. Doc. 16407-3.

1

I.     BACKGROUND

Plaintiffs purchased 249 Gulfside Street, Waveland, MS, in 1995 and 300 Gulfside Street, Waveland, MS, in 1997 (collectively, the "ARH Properties"). Chari Rapp is listed in the *Payton* omnibus complaint as the owner of several different properties,[2] four of which were settled within the remediation program (Option 3 Cash-Outs) and two of which are the ARH Properties at issue here. Plaintiffs assert that the ARH Properties contained KPT Chinese Drywall and were both self-remediated. These claims are subject to the Knauf Class Settlement Agreement, the Already Remediated Properties Protocol, PTO 1(B), and PTO 1.

After Plaintiffs and the Knauf Defendants failed to settle the claims for the ARH Properties, the unresolved issues were brought before the Special Master pursuant to the Already Remediated Properties Protocol.[3] The Knauf Defendants argued that:

1. The lack of KPT drywall evidence precluded a determination of a KPT Percentage;

2. Plaintiffs' submissions, wherein the *same photos of KPT drywall* were used numerous times to evidence KPT in *different properties*, precluded any certainty as to the source of the pictured drywall;

3. Based on Plaintiffs' own testimony before the Special Master (that the drywall samples from the ARH Properties kept by Plaintiffs' counsel were six inches by six inches in size), the newest photographs provided by Plaintiffs could not possibly depict drywall that was removed from the ARH Properties; and

4. Plaintiffs failed to prove through the cost documentation and photo documentation that a drywall remediation took place at all at either ARH Property.[4]

---

[2] *Payton, et al. v. Knauf Gips KG*, 2:09cv07628 (E.D. La).

[3] Exhibit A to the Knauf Class Settlement Agreement.

Neither the parties nor the Special Master addressed *Reimbursable* Costs (versus *claimed* costs), as the Special Master determined that Plaintiffs' failure to preserve evidence and/or prove their claims against the Knauf Defendants was sufficiently prejudicial to the Knauf Defendants as to dismiss the Plaintiffs' claims; the issue of Reimbursable Costs was deemed moot.

## II. ARGUMENT

Plaintiffs' claims against the Knauf Defendants for the ARH Properties are completely out of line with the Knauf Class Settlement Agreement, the Already Remediated Properties Protocol, PTO 1(B), PTO 1 and basic evidence preservation standards.  No photographic evidence showing KPT markings was submitted for 249 Gulfside Street until 2015, though the alleged remediation of this properties occurred back in 2009.  Two photos that likely showed the same KPT board were all that were submitted for 300 Gulfside Street prior to 2015, though the remediation also allegedly took place in 2009.  A review of the BrownGreer portal, where documentation is uploaded for these claims, makes clear that Chinese drywall photos were virtually nonexistent for these claims for the span of five years.[5]

Then, in 2015 and 2016, after four of the Rapps' Option 3 claims were settled and the properties likely remediated, numerous photos that depict <u>*long pieces*</u> of KPT drywall were submitted to the Knauf Defendants in support of Plaintiffs' ARH Properties claims.[6]  However, Chari Rapp testified to the Special Master that the only pieces of drywall taken from the ARH

---

[4] *See* Knauf's Exhibit 1, Mediation Position Paper, and Exhibit 2, Supplemental Mediation Position Paper.

[5] *See* Exhibit A to Plaintiffs' mediation position paper, pp. 85-88 of Rec. Dec. 20300. Plaintiffs argue that documentation had been uploaded by Plaintiffs and ignored by the Knauf Defendants for years, but an examination of what was uploaded reveals that the only items uploaded prior to 2013 were Plaintiff Profile Forms, many of which contained the same photograph of a stack of drywall (with no manufacturer labels showing) and the same close up of one drywall sample to document the various claims. It is still unknown which of Plaintiffs' six properties the photos represent. Rec. Doc 20300, at pp. 265-270, 273-278, 281-285, and 288-293 (showing the same stack of drywall used to evidence four separate claims).

[6] *See* Exhibits C and F to Plaintiffs' mediation position paper, pp. 93-120 and 164-221 of Rec. Doc. 20300.

Properties at issue here were *six inches by six inches* in size.  Therefore, the photos used by Plaintiffs to prove their claims do not represent drywall that was in the ARH Properties, though as detailed below, these photos make up vastly the entire body of evidence Plaintiffs have provided to prove their claims.  Plaintiffs' claims are completely unsupported by the evidence they have provided.

Plaintiffs' recently-produced photographs are *duplicated and used as documentation for both units*.  All of the photographs provided for 249 Gulfside Street are duplicated within the photographs for 300 Gulfside Street.[7]  Throughout Plaintiffs' submissions—to the Knauf Defendants, the Special Master and this Court—their photographs have been duplicated between their numerous claims and duplicated repeatedly within the documentation for each claim, so photographs of only a handful of drywall boards of unknown origin can be argued to be the equivalent of full compliance with evidence preservation standards for two claims.[8]

The Knauf Class Settlement Agreement, through the Already Remediated Properties Protocol, requires that claimants provide "[p]hotographs and/or video images of all drywall removed from the Affected Property during remediation."[9]  Plaintiffs argue that because PTO 1(B) was not yet issued by the Court when they allegedly began remediating the ARH

---

[7] *Id*. Compare pp. 93-120 with pp. 194-221. These are the exact same photographs, though they have been repeatedly represented to the Knauf Defendants, the Special Master, and now the Court as coming from two distinct properties.

[8] Plaintiffs erroneously state that PTO 1 and PTO 1(B) were fully complied with and make reference to their photographs with statements such as "59 photographs of KPT drywall removed from 300 Gulfside." Rec. Doc. 20300 at p. 6. The referenced photos, however, do not show 59 distinct drywall boards; they represent only a handful of drywall boards of unknown origin, which were also used as evidence for the other ARH Property. The same photos showing the same handful of drywall boards have been included by Plaintiffs within their submission numerous times. *See Id*. at pp. 19-79, 93-120, 164-221, 311-371, and 377-437. Plaintiffs have managed to use a handful of drywall boards to make up 269 pages of their 437 page submission to the Court.

[9] Already Remediated Properties Protocol, Section III(A)(1).

Properties,[10] that Plaintiffs are under no obligation to provide adequate KPT evidence. However, Plaintiffs ignore the considerable breadth of PTO 1 and basic evidence preservation norms, both of which are controlling with regard to this claim.

> All parties and their counsel are reminded of their duty to preserve evidence that may be relevant to this action. The duty extends to documents, data, and tangible things in possession, custody and control of the parties to this action, and any employees, agents, contractors, carriers, bailees, or other nonparties who possess materials reasonably anticipated to be subject to discovery in this action. "Documents, data, and tangible things" is to be interpreted broadly… Failure to comply may lead to dismissal of claims, striking of defenses, imposition of adverse inferences or other dire consequences.[11]

Plaintiffs had the assistance of counsel throughout the remediation process, but nevertheless failed to follow the Court's preservation order.[12] Plaintiffs disposed of the drywall, failed to verifiably photograph any of the drywall in the ARH Properties, and failed to label any of the drywall boards depicted in the photographs to differentiate between samples from various properties. As the Special Master noted, Plaintiffs here have utterly failed to follow PTO 1 and general evidence preservation standards, not to mention the consistent duplication of evidence used to enhance their claims. Plaintiffs' supposed evidence has proved completely unreliable and untrustworthy.

---

[10] Plaintiffs' own cost documentation conflicts with their alleged pre-PTO 1(B) start date and also calls into question whether remediation even took place. *See* Knauf Defendants' Supplemental Mediation Position Paper, pp. 2-3, attached herewith as Knauf's Exhibit 1.

[11] PTO 1, June 16, 2009.

[12] Plaintiffs argue that they "fully complied with the preservation protocol in effect at the time of the remediation." Rec. Doc. 20300, at p. 2. This assertion is patently false. PTO 1 requires that "[u]ntil the parties reach an agreement on a preservation plan or the Court orders otherwise, each party shall take reasonable steps to preserve *all* documents, data and tangible things containing information potentially relevant to the subject matter of this litigation." *Id*. (emphasis added). Plaintiffs here, and their counsel, did not preserve anything approximating "*all*" the drywall removed from the Properties—virtually no drywall can be linked directly to these Properties—but now seek the Court's relief to have the consequences of their failure to preserve evidences shifted to the Knauf Defendants, who had no control over the preservation of Plaintiffs' drywall.

PTO 1 provides the Court with the authority to sustain the equitable relief the Knauf Defendants were granted by the Special Master when faced with claimants that cannot substantiate their own claims and who consistently submit duplicated, unreliable documentation. The Knauf Defendants should not bear the burden of Plaintiffs' failures.

### III. CONCLUSION

The Knauf Defendants have produced a detailed record of the Plaintiffs' shortcomings in evidencing their claims, provided for the Court's review as Knauf's Exhibits 1 and 2. As previously detailed in the Knauf Defendants' Mediation Position Paper, Supplemental Mediation Position Paper, and herein, the Plaintiffs have failed to prove their claims, and with their own documents the Plaintiffs have called into question whether the ARH Properties contained KPT drywall at all, whether any of the drywall photos provided actually depict drywall from the ARH Properties, and whether either remediation took place.  Given these facts, the Special Master correctly ruled that Plaintiffs' failure to preserve evidence and provide reliable evidence was so prejudicial as to preclude their claims.

For the foregoing reasons, the Court should affirm the Special Master's decision and dismiss the Plaintiffs' claims.

Respectfully submitted,

**BAKER, DONELSON, BEARMAN,**
**CALDWELL & BERKOWITZ, PC**

/s/ *Kerry J. Miller*
**KERRY J. MILLER (#24562), T.A.**
**DANIEL J. DYSART (#33812)**
201 St. Charles Avenue, Suite 3600
New Orleans, LA 70170
Phone:     (504) 566-8646
Fax:         (504) 585-6946
Email:      kjmiller@bakerdonelson.com
***Counsel for the Knauf Defendants***

## **CERTIFICATE OF SERVICE**

I hereby certify that the above and foregoing pleading has been served upon Russ Herman, Plaintiffs' Liaison Counsel, by email, to all parties by electronically uploading the same to LexisNexis File & Serve in accordance with Pre-Trial Order No. 6, and that the foregoing was filed with the Clerk of Court of the United States Court for the Eastern District of Louisiana, on this 16th day of August, 2016.

/s/ *Kerry J. Miller*
**KERRY J. MILLER**