# EXHIBIT "A"

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

IN RE: CHINESE -MANUFACTURED
DRYWALL PRODUCTS LIABILITY
LITIGATION

MDL NO. 2047

SECTION: L

JUDGE ELDON FALLON
MAGISTRATE WILKINSON

## Opinion and Decree

On October 27, 2010, Labb investments purchased the property located at 11001 Gulf Reflections Drive #103, Fort Myers, Florida. On or about December 20, 2010, Laurent Shabani (Labb's President) noticed that the air conditioning was not working properly. On February 2, 2011, an inspection confirmed the presence of Chinese drywall. Labb subsequently remediated the property, after which it made an already remediated home claim pursuant to the Settlement Agreement Regarding Post-December 9, 2009 Claims Against Knauf in MDL No. 2047 (the New Claims Settlement Agreement). Knauf denied the claim on two grounds: first, Labb did not make a reasonable inquiry into the presence of Chinese drywall at the time of purchase; and second, Labb did not preserve evidence in the manner set forth in Pretrial Order 1(B).

With respect to Knauf's first defense, Labb attaches the affidavit of its president (Laurent Shabani), in support of the proposition that Labb had no actual knowledge of the presence of Chinese drywall at the time of purchase. But actual knowledge is not the standard in the New Claims Settlement Agreement. Instead, Labb was required to make a reasonable inquiry into the presence of Chinese drywall. Inasmuch it appears that Labb made no inquiry at all into the presence of Chinese drywall, Labb fails this essential requirement for recovery.

Furthermore, Labb contends that it substantially complied with Pretrial Order 1(B), even if

it did not completely comply. Labb contends that failure to strictly comply with Pretrial Order 1(B) is not fatal. That may be theoretically true, but in this case, the failure to comply has prejudiced Knauf by making it impossible to gauge how much of the property's drywall was manufactured by Knauf as opposed to another manufacturer. It would be unfair to assess damages against Knauf because of drywall that it not make.

For the above reasons, the Special Master finds in favor of Knauf and against Labb. The costs of the Special Master's services will be divided equally between the parties (half each). An invoice will be circulated in the near future.

Dated: August 5, 2016

/s/ Daniel J. Balhoff
Daniel J. Balhoff, Special Master