UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In re:  CHINESE-MANUFACTURED | * | MDL 2047 |
| DRYWALL PRODUCTS | * | |
| LIABILTY LITIGATION | * | SECTION L |
| | * | |
| | * | JUDGE FALLON |
| This document relates to:  ALL CASES | * | |
| | * | MAGISTRATE JUDGE WILKINSON |
| | * | |

## MEMORANDUM IN SUPPORT OF PLAINTIFF'S MOTION FOR RECONSIDERATION OF SPECIAL MASTER'S OPINION & DECREE

The matter before the Court concerns Plaintiff, Labb Investments, who timely provided and completed the Chinese Drywall Settlement Program Registration Form on May 24, 2013. All of the condition precedents have therefore been satisfied to make Labb Investments eligible for the settlement known as, the Knauf Settlement.  Labb Investments is a self-remediated home that is now entitled to reasonable reimbursement for the remediation cost associated with the repair of the condominium unit.  At this stage Labb Investments is claiming $35,000.00 for this element of damage.  *(See Owner Disclosure Affidavit attached hereto as Exhibit "A").*

Based on Labb Investments eligibility and claim for damages Plaintiff should be reimbursed $35,000.00.  This should be considered Plaintiff's prayer for relief with reference to this motion.

The Defendant has raised two specific Affirmative Defenses in an effort to deny this claim:

### DEFENDANT'S AFFIRMATIVE DEFENSE I
#### Purchased with Prior Knowledge of CDW

The property was purchased in October 2010 for the very low price of

$42,000.00.  In October 2010, the CDW issue was well known in Florida and was well known in the Gulf Reflections units as at least six other units were determined to have CDW before claimant's purchase in October 2010.  Prior to the purchase, the claimant had the opportunity to inspect the unit but waived the opportunity and failed to do so. Most importantly, the disclosures for the sale explicitly stated and warned of the potential presence of CDW.  Based on the sale date, the low sales price, the prior determinations of CDW in other neighboring units, and the fact the claimant was warned of the presence of Chinese drywall prior to the purchase, it is Knauf's position that the property was purchased with prior knowledge of CDW and is ineligible for settlement benefits under the Knauf Class Settlement Agreement.

### _DEFENDANT'S AFFIRMATIVE DEFENSE II_
#### _Failure to Comply with PTO 1B_

Claimants are subject to the Knauf Class Settlement Agreement, which mandates that the review and administration of Already Remediated Home ("ARH") claims is done pursuant to PTO 1B. The Knauf Class Settlement Agreement, which was granted final approval by Judge Fallon, states in pertinent part: "The Special Master and the Court will take into consideration, in determining whether to allow a claim or the amount of the claim, whether the Owner has complied with MDL Pretrial Order 1B… for preservation of evidence. Subject to review by the Special Master or the Court, the failure to preserve evidence as required by law will result in disallowance or reduction in the amount of the claim if the failure has been prejudicial to a determination of the claim."  See Knauf Class Settlement Agreement; Exhibit A at IV(d)(4).

PTO 1B established that all Claimants were required to preserve physical evidence by following a few basic procedures, including but not limited to the

following: "The parties shall photograph the backside of each Chinese drywall board immediately after it is removed on-site, and, document on a floor plan, building diagram, or other similar form of documentation, the location of each full or partial Chinese drywall board removed from the property and its photograph. Photographs of the wall sections should be taken so that any markings on the backside of the drywall sections are most clearly visible in the photographs."

Of the approximately 150 boards that would be contained in the property, only 1 KPT board was confirmed and it was a removed sample. Further, it is well known that other units in Gulf Reflections contained Taishan drywall. Therefore, this claim is also not compensable due to the known risk of Taishan being in the unit and the claimant's failure to preserve, document, and produce evidence consistent with what is required under the settlement agreement.

### *PLAINTIFF'S ARUGUMENT I*
### Purchased with Prior Knowledge of CDW

As Plaintiff has stated in Plaintiff's affidavit, the purchaser had no knowledge at the time of purchase that the unit contained defective Chinese drywall. *(See Plaintiff's Affidavit attached hereto as Exhibit "B")*. This sworn testimony is direct evidence that supports his lack of knowledge at the time of purchase. Once the Plaintiff meets his burden of proof, which he has done based on this sworn testimony, the burden of proof then shifts. The Defendant must then establish, through evidence, that the Plaintiff did have knowledge of the defective drywall. Defendant has the burden of proof to prove "knowledge". Not "constructive knowledge" or "should have known" but actual knowledge. Defendant has not provided any evidence that Labb Investments knew of Chinese drywall.

***Circumstantial & Innuendo:***

1. Inspection:  My client purchased the property through an auction therefore was not allowed to perform an inspection prior to the purchase of the property.  ***(See purchase documents as reference attached hereto as Exhibit "C");***

2. Neighboring Units – since the property was purchased through an auction the Plaintiff was not aware of the neighboring units;

3. Disclosure of Sale:  Specifically paragraph (11) generally states that "if" the property – it does not however specifically state that the property contains Chinese drywall.

### <u>PLAINTIFF'S ARGUMENT II</u>
### *Failure to Comply with PTO 1B*

The Plaintiff may have not complied strictly with the PTO 1B, however, the non compliance was not done intentionally or in "bad faith".  The Defendant should take into consideration that pursuant to the Knauf Class Settlement Agreement, which states in pertinent part "The Special Master and the Court will take into consideration, in determining whether to allow a claim or the amount of the claim, whether the Owner has complied with MDL Pretrial Order 1B…  As specifically stated "take into consideration" does not say "denial" if failed to comply one of the many factors met our burden of proof.  Specifically, as follows:

***Pretrial Order 1B – Preservation of Evidence***

1. Drywall:  Plaintiff does not have strict compliance but has reasonable compliance.  Drywall continues to be stored in storage near Bonita Springs, Florida.

2. HVAC Coil – Don't have strict compliance however the Defendant's have been provided with the video which depicts the unit during remediation.

3. Plumbing Component:   Don't have strict compliance however the Defendant's have been provided with the video which depicts the unit during remediation.

4   Electrical Component Samples:  Don't have strict compliance however the Defendant's have been provided with the video which depicts the unit during remediation.

5.  Photographs or video: All photographs and video in Plaintiff's possession has been provided to the Defendant.

### *CONCLUSION*

There is sufficient evidence to prove Plaintiff has not acted in bad faith and that the drywall discovered in this unit was Knauf and no other type of drywall was discovered at the time of the inspection therefore the Plaintiff should be compensated.

Respectfully submitted,

*/s/ C. David Durkee, Esq*.
ROBERTS & DURKEE, P.A.
OFFICES AT GRAND BAY PLAZA
2665 S. Bayshore Drive, Suite 300
Coconut Grove, FL  33133
Phone:  (305) 442-1700
Fax:  (305) 442-2559
durkee@rdlawnet.com
*Counsel for Individual Plaintiffs*
-And
Mark Milstein, Esq.
Allison R. Willett, Esq.
MILSTEIN ADELMAN, LLP
2800 Donald Douglas Loop North
Santa Monica, CA  90405
Phone:  (310) 396-9600
Fax:  (310) 396-9635
*Counsel for Individual Plaintiffs*

Dated:  August 17, 2016.

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that the above and foregoing pleading has been served to all parties by electronically uploading the same to Lexis Nexis File & Serve and was electronically filed with the Clerk of Court of the United Sates Court for the Eastern District on this 17th day of, August, 2016.

By: *<u>/s/ C. David Durkee</u>*
       C. David Durkee