## GENTLE, TURNER, SEXTON, DEBROSSE & HARBISON
ATTORNEYS AND COUNSELLORS AT LAW
SUITE 100 - 501 RIVERCHASE PARKWAY EAST
HOOVER, ALABAMA 35244

EDGAR C. GENTLE, III
TERRY D. TURNER, JR.*
K. EDWARD SEXTON, II
DIANDRA S. DEBROSSE
KATHERINE A. HARBISON
J. CHRISTOPHER SMITH
PAIGE F. OSBORN
ROBERT E. HAWTHORNE, III
MICHAEL JACKS**

TELEPHONE (205) 716-3000
TELECOPIER (205) 716-3010

*ALSO ADMITTED IN FLORIDA
**ONLY ADMITTED IN WEST VIRGINIA

October 23, 2012

**PERSONAL & CONFIDENTIAL**

K. Amanda Herndon, Esq.
Gregory E. Vaughn, Esq.
HOLSTON & VAUGHN, LLC
Post Office Box 195
Mobile, Alabama 36601

    RE:    Defective Chinese Drywall; Our File: 4839-1

Dear Mandy:

As I had previously discussed with you over a year ago, we do not disagree on the issue of whether or not the Amey's were foreclosed upon by your client and did not redeem.

We do not oppose your summary judgment that seeks an order declaring your client foreclosed on the property and became the owner through our clients' failure to redeem the property.

As you know, we had already agreed that your client was the owner and that we would be entitled to damages as set out in the Knauf Settlement Agreement, scheduled to be heard on November 13 and 14, before Judge Fallon.

I had emailed Angela Vicari and advised her that we agreed your client was the owner and the home could be released in the Pilot Program for repairs that we had negotiated with Knauf to make (See email to Angela Vicari).

I am copying the Honorable Judge Wilters with this letter. I have efiled a Stipulation today, agreeing that your client became the owner of the home after we had filed suit for the Amey's in the MDL. I am unsure if you filed a lawsuit by December 9, 2011 to participate in the settlement in the MDL, or if you opted out by the deadline. However, as

**EXHIBIT 4**

Ms. K. Amanda Herndon, Esq.
October 23, 2012
Page 2

we have always told you, we had no problem with your client having the home remediated through the Pilot Program and had offered to send the work authorization to you for your client's review and approval, which you declined.

Please give me a call if you have any questions.

Sincerely yours,

K. Edward Sexton, II

KESII/aje

Attachment

cc: The Honorable Robert Wilters
    (with attachments)



ELECTRONICALLY FILED
10/22/2012 5:05 PM
CV-2012-900537.00
CIRCUIT COURT OF
BALDWIN COUNTY, ALABAMA
JODY WISE CAMPBELL, CLERK

IN THE CIRCUIT COURT OF BALDWIN COUNTY, ALABAMA

VIT, Inc.,

    Plaintiff,

v.

Tim Roger Amey and Nellie Amey,

    Defendants.

Case No.:  CV 2012 900537

## STIPULATION

Comes now the Defendants, Tim Roger Amey and Nellie Amey, by and through K. Edward Sexton, II, and makes the following stipulation. That summary judgment with respect to ownership of the property after foreclosure and waiver of the redemption period is due to be granted. The parties had agreed to the ownership of the property over a year ago, so that the property could be remediated. See email to Angela Vicari, Knauf's attorney, attached hereto and email chain with counsel for VIT, Inc.

Respectfully Submitted,

/s/K. Edward Sexton, II
K. Edward Sexton, II [SEX003]
Attorney for Defendants

**OF COUNSEL:**

Gentle, Turner, Sexton, Debrosse & Harbison
501 Riverchase Parkway East, Ste. 100
Hoover, Alabama 35244
Telephone:  (205) 716-3000
Facsimile:   (205) 716-3010
E-mail:  esexton@gtandslaw.com

## CERTIFICATE OF SERVICE

I hereby certify that on this the 22ND day of October, 2012, I served via electronic transmission, a copy of the above and foregoing to the following counsel:

K. Amanda Herndon, Esq.
Gregory E. Vaughn, Esq.
HOLSTON & VAUGHN, LLC
Post Office Box 195
Mobile, Alabama 36601

/s/K. Edward Sexton, II
Of Counsel