# HOLSTON VAUGHAN LLC
## LAWYERS

RICHARD H. HOLSTON
GREGORY E. VAUGHAN*

OF COUNSEL:
K. AMANDA HERNDON†
JOHN M. TEAGUE†

*ALSO ADMITTED IN FLORIDA
†ALSO ADMITTED IN MISSISSIPPI

Office Address:
211 South Cedar Street
Mobile, Alabama 36602

PHONE: 251.432.8883
FAX: 251.432.8884
MAILING ADDRESS: P.O. Box 195
Mobile, Alabama 36601
www.holstonvaughan.com

June 25, 2012
kahlaw@bellsouth.net

**VIA ELECTRONIC MAIL**
K. Edward Sexton, II, Esq.
Gentle, Turner & Sexton
501 Riverchase Parkway East, Suite 100
Hoover, Alabama 35244

Re: *VIT, Inc. v. Timothy Amey and Nellie Amey*, In the Circuit Court of Baldwin County, Alabama; CV-12-900537

Dear Mr. Sexton:

This letter is to inform you that your clients' responses to Plaintiff's First Set of Interrogatories and Request for Production of Documents propounded upon them in the above styled matter are now overdue. VIT, Inc. served Mr. and Mrs. Amey with this written discovery at the same time that the Complaint in this matter was served you're your clients by a private process server. Your clients were served with these materials on May 2, 2012. Therefore, their responses were due on June 2, 2012. We are requesting that you provide us with your clients' responses to the outstanding discovery no later than July 2, 2012. If we do not receive these responses on or before that day, then we will file a Motion to Compel with the Court.

Additionally, Greg and I remain bewildered by your clients' continued allegations and assertions claiming they are the owners of the 11374 Elysian Circle house. There is no evidence that supports you and your clients' position on this issue. In fact, your claims asserted on behalf of your clients in their MDL Chinese drywall case and their unsupported defenses raised in this case appear at this time to be in violation of the Alabama Litigation Accountability Act ("ALAA"). Furthermore, you and your clients are causing VIT, Inc. damages every day that you continue to assert your clients' baseless claims because it is preventing the remediation of the house and therefore, the house remains vacant causing our client additional damages. Therefore, in moving forward with your clients' claims and defenses concerning ownership of the house, you should keep in mind that the ALAA states,

> in any civil action commenced or appealed in any court of record in [Alabama], the court shall award, as part of its judgment and in addition to



**EXHIBIT 6**

Mr. Sexton
June 25, 2012
Page 2 of 2

    any other costs otherwise assessed, reasonable attorneys' fees and costs against any attorney or party, or both, who has brought a civil action, or asserted a claim therein, or interposed a defense, that a court determines to be without substantial justification, either in whole or part.

Ala.Code § 12-19-270.

Should you wish to discuss these matters further, please do not hesitate to contact Greg or me. Otherwise, we look forward to receipt of your clients' response to written discovery propounded upon them no later than June 25, 2012.

Sincerely,

K. Amanda Herndon
For the Firm

KAH/msj

cc: Mr. Ira Turner (*via e-mail*)