# MOSS  Moss and Associates

2101 N. Andrews Ave., Suite 300
Ft. Lauderdale, FL 33311
Toll Free: (888) 91-MOSS-USA
Main: (954) 524-5678
Fax: (954) 563-8681

| | |
|---|---|
| Client: | Ira Turner |
| Property: | 11374 Elysian Cir |
| | Daphne, AL 36526 |

Operator Info:
  Operator:   DEFAULT

  Estimator:  BD                                             Business:  (954) 524-5678
  Business:   2101 N. Andrews Ave.
              Fort Lauderdale, FL 33311

Type of Estimate:  Other
Date Entered:      11/28/2011                Date Assigned:  12/19/2011

Price List:         FLFL7X_DEC11
Labor Efficiency:   Restoration/Service/Remodel
Estimate:           11374-VIT-DAPHNE

EXHIBIT 12

 **Moss and Associates**

2101 N. Andrews Ave., Suite 300
Ft. Lauderdale, FL 33311
Toll Free: (888) 91-MOSS-USA
Main: (954) 524-5678
Fax: (954) 563-8681

## 11374-VIT-DAPHNE

### General requirement

| DESCRIPTION | QNTY |
|---|---|
| 1. Dumpster load - Approx. 20 yards, 4 tons of debris | 7.00 EA |
| 2. Clean stud wall | 5173.31 SF |
| 3. Clean floor or roof joist system | 3372.00 SF |
| 4. Final cleaning - construction - Residential | 3372.00 SF |
| 5. PPE | 1.00 EA |
| 6. Fire Protection | 1.00 EA |
| 7. First Aid | 1.00 EA |
| 8. Field Office Supplies | 1.00 EA |
| 9. Postage/Shipping | 1.00 EA |
| 10. Shop Drawings/Blueprints | 1.00 EA |
| 11. Photos | 1.00 EA |
| 12. Closeout Documents | 1.00 EA |
| 13. Document Storage | 1.00 EA |
| 14. Temporary Toilets | 1.00 EA |
| 15. Sanitary Supplies | 1.00 EA |
| 16. Ice/Water/Cups | 1.00 EA |
| 17. Temporary Power Service | 1.00 EA |
| 18. Temporary Water Service | 1.00 EA |
| 19. Appliance Disposal Fee | 1.00 EA |
| 20. Small Tools | 1.00 EA |
| 21. Daily Job Clean-up | 3372.00 SF |
| 22. Building Permit | 3372.00 SF |
| 23. Odorox treatment | 3372.00 SF |
| 24. Odorox treatment in POD | 1.00 EA |
| 25. Landscaping (Bid Item) | 1.00 EA |
| 26. POD storage container (1 total) per month | 3.00 MO |

NOTES:

# MOSS  Moss and Associates

2101 N. Andrews Ave., Suite 300  
Ft. Lauderdale, FL 33311  
Toll Free: (888) 91-MOSS-USA  
Main: (954) 524-5678  
Fax: (954) 563-8681

## HVAC

| DESCRIPTION | QNTY |
|---|---|
| 27. Remove & Replace Air handler - with A-coil - 4 ton | 1.00 EA |
| 28. Remove & Replace Air handler - with A-coil - 3 ton | 1.00 EA |
| 29. Remove & Replace Refrigerant lineset - 3/8" x 1" tubing - up to 50' | 2.00 EA |
| 30. Remove & Replace Thermostat - Premium grade (programmable) | 2.00 EA |
| 31. Remove & Replace Ductwork system - hot or cold air - 1600 to 2199 SF home | 1.00 EA |
| 32. Remove & Replace Ductwork system - hot or cold air - 901 to 1199 SF home | 1.00 EA |

NOTES:

## Electrical

| DESCRIPTION | QNTY |
|---|---|
| 33. Remove & Replace Breaker panel - 200 amp | 1.00 EA |
| 34. Remove & Replace Breaker panel - 100 amp | 1.00 EA |
| 35. Remove & Replace Ground fault interrupter (GFI) outlet - exterior | 4.00 EA |
| 36. Detach & Reset Exterior light fixture | 4.00 EA |
| 37. Remove & Replace Recessed light fixture - exterior | 1.00 EA |
| 38. Remove & Replace Door chime button (button only) | 1.00 EA |
| 39. Remove & Replace Switch - Attic | 1.00 EA |
| 40. Remove & Replace Outlet - Attic | 1.00 EA |
| 41. Detach & Reset Light fixture - Attic | 1.00 EA |

NOTES:



## Move-Out Notice

**Pre-Requisites**
☑ Permit
☑ Funding
☑ Homeowner Selections

Date: 4/2/13

Homeowner: VIT, Inc.

Address: 11374 Elysian Circle, Daphne, AL 36526

In accordance with the Settlement Agreement for the Demonstration Remediation of Homes with KPT Drywall and more specifically the Work Authorization Exhibit F Section II Paragraph 3, the Move-Out Date for the above referenced property ==is 4/30/13, Work Duration is 3 months, and the Completion Date is 7/30/13.==

Please refer to the Requirements for Move-Out / Move-In as defined in the Work Authorization Agreement.  No work will start until all required items are complete.

Moss and Associates, LLC

_____     __4/2/13_____
Contractor as Agent for Knauf Entities     Date

Program Contractor Remediation Option Release

# PROPERTY OWNER RELEASE
# AND ASSIGNMENT OF CLAIMS

This RELEASE ("Release"), dated this 13th day of February, 2013 is entered into by [name(s) of property owners] VIT, INC. (hereinafter "Claimant") (Social Security Number(s) 63-1074506, owner of the property located at 11374 Elysian Circle, Daphne, AL 36526 ("Property"), which Claimant acquired title to on [date] January 23, 2006

WHEREAS, on or about VIT, Inc., Claimant commenced a lawsuit on Claimant's own behalf against one or more of Knauf Plasterboard (Tianjin) Co., Ltd. ("KPT"), Knauf Plasterboard (Wuhu) Co., Ltd., Guangdong Knauf New Building Material Products Co., Ltd., Knauf International GmbH, Knauf Insulation GmbH (referred to in MDL 2047 as Knauf Insulation USA), Knauf AMF GmbH & Co. KG, Knauf UK GmbH, Knauf do Brasil Ltda., Gebr. Knauf Verwaltungsgesellschaft KG, PT Knauf Gypsum Indonesia, or Knauf Gips KG (collectively "Knauf Defendants"), and the builder, supplier, installer, and insurer defendants (collectively "the Supply Chain Defendants"). Claimant's action was filed as: [case caption] _____

in the [Court] United States District Court, Eastern District of Louisiana
(hereinafter "Action"); and

WHEREAS, on October 14, 2010, the Knauf Defendants and the MDL Plaintiffs' Steering Committee (the "PSC") in *In re: Chinese Manufactured Drywall Products Liability Litigation*, MDL No. 2047 (the "MDL") entered into a Settlement Agreement for the Demonstration Remediation of Homes with KPT Drywall (the "Demonstration Remediation

Agreement") to create a program (the "Program") to remediate homes that contain all or substantially all KPT drywall board ("KPT Chinese Drywall");

WHEREAS, on December 20, 2011, the Knauf Defendants and the PSC entered into the Settlement Agreement Regarding Claims against the Knauf Defendants in MDL No. 2047 ("Class Settlement Agreement"), which, based on the Program created by the Demonstration Remediation Agreement, provides property owners whose properties contain KPT Chinese Drywall with the option to remediate their properties, or in lieu of remediation, a cash payment as calculated pursuant to Section 4.3.3 of the Class Settlement Agreement;

WHEREAS, on January 10, 2012, the MDL Court preliminarily approved the Class Settlement Agreement;

WHEREAS, pending the MDL Court's final approval of the Class Settlement Agreement, and irrespective of whether the Class Settlement Agreement is finally approved, the Knauf Defendants, without waiving any rights under the Demonstration Remediation Agreement, will offer owners of properties eligible for the Program the following remediation options set forth in Sections 4.3.1 through 4.3.3 of the Class Settlement Agreement: (i) the Program Contractor Remediation Option; (ii) the Self-Remediation Option; and (iii) the Cash-Out Option;

WHEREAS, the Claimant hereby represents that Claimant is authorized under applicable law to represent and bind all other relevant parties, including any and all representatives, agents, successors, assigns, beneficiaries, heirs, or executors of the Claimant, Claimant's estate, or the estate of any of them, who are not signatories to this Release and by signing this Release does so bind;

WHEREAS, the Claimant has selected the Program Contractor Remediation Option pursuant to Section 4.3.1 of the Class Settlement Agreement;

WHEREAS, Claimant's counsel has explained to Claimant, and Claimant understands, (i) the terms of this Release; (ii) the terms and conditions set forth in the Demonstration Remediation Agreement; and (iii) the terms and conditions set forth in Section 4.3.1 of the Class Settlement Agreement;

NOW, THEREFORE, for other good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged, the parties hereto, each and all intending to be legally bound, hereby stipulate and agree as follows:

1. Claimant represents that Claimant owns and occupies the above listed property and that no other individual or entity has any direct or indirect ownership interest in the above listed property other than a mortgagee or other lien holder, and further represents that any such mortgagee or lien holder has not commenced foreclosure proceedings or acquired an ownership interest in such property and that Claimant is not in default on any financial obligations for which the property is security or collateral for repayment of such obligations.

2. Claimant agrees that the consideration and actions performed by the Knauf Defendants in satisfying their obligations under the Demonstration Remediation Agreement and the Class Settlement Agreement, will constitute full compensation and settlement arising out of or related to claims asserted in the Action or to the KPT Chinese Drywall in the Property, and that Claimant will not seek anything further, including any other payment, from any other person or entity related to the Action, except as described below.

3. Claimant and the Knauf Defendants further agree that, in exchange for the consideration that is described herein, including but not limited to the offer to remediate the Property, Claimant will dismiss with prejudice the Action.

4. Claimant unconditionally releases and relinquishes all rights that Claimant has or may have against the Knauf Defendants and the Supply Chain Defendants arising out of or relating to claims asserted in the Action and/or the KPT Chinese Drywall in the Property, any and all persons or entities who furnished services for, or in any way facilitated or assisted in, the installation of KPT Chinese Drywall in the Property, including without limitation, any actual or potential defendants, including but not limited to, contractors, builders, suppliers, designers, real estate agents, hangers, and/or consultants, and their respective insurance carriers; and all of their past, present, and future parents, subsidiaries, affiliates, controlling persons, officers, directors, employees, shareholders, suppliers, distributors, contractors, agents, servants, counsel, and insurers; and all predecessors, successors, assigns, heirs, executors, estate administrators, any person who may have a claim of indemnity or contribution against the Knauf Defendants or Supply Chain Defendants, and personal representatives of each of the foregoing, separately or collectively. This general release includes without limitation past, present, and future remediation, construction, reconstruction, repair or claims for any and all damages, compensatory and/or punitive and/or other, penalties, costs, expenses, attorney's fees, and interest, pre-judgment and/or post-judgment, and includes those KPT Chinese Drywall-related damages of Claimant of which Claimant is not aware, and those Claimant does not anticipate, with the sole exception of the

Reserved Claims defined in Paragraph 5 below. Other than as to the Reserved Claims, this is a full, final and absolute general release and covenant not to sue.

5. The following claims against the Knauf Defendants are reserved (the "Reserved Claims"):

   a. Claims by Claimant for bodily injury and economic injuries solely to the extent that such claims are covered by the Other Loss Fund created by the Class Settlement Agreement and solely to the extent that Claimants seeks to resolve such claims by participating in the Class Settlement Agreement. In the event that the MDL Court does not grant final approval of the Class Settlement Agreement or in the event that the Knauf Defendants or PSC exercise their termination rights under the Class Settlement Agreement, Claimant shall reserve (i) Claimant's bodily injury claims and (ii) claims covered by Paragraph III(C) of the Demonstration Remediation Agreement, and the Knauf Defendants shall reserve all defenses, including jurisdictional defenses, as to bodily injury claims;

   b. Claims by Claimant's counsel for "Attorneys' Fees" as defined in Paragraph IX of the Demonstration Remediation Agreement and, upon final approval by the MDL Court, if such final approval is granted, pursuant to the terms of the Class Settlement Agreement. In the event that the MDL Court does not grant final approval of the Class Settlement Agreement or in the event that the Knauf Defendants or the PSC exercise their termination rights under the Class Settlement Agreement, claims for Attorneys' Fees shall be resolved pursuant to Paragraph X of the Demonstration Remediation Agreement; and

    c.    Claims in connection with the performance of, and any obligations arising under, the Demonstration Remediation Agreement, including, but not limited to warranty claims and performance of punchlist items; and, upon final approval, claims in connection with the performance of, and any obligations arising under, the Class Settlement Agreement.

6. Except as to the Reserved Claims, Claimant hereby assigns, transfers and otherwise relinquishes to the Knauf Defendants any and all of Claimant's claims and/or causes of action Claimant has, or may have, (1) in connection with the KPT Chinese Drywall in the Claimant's Property, against the Supply Chain Defendants and (2) in connection with any non-KPT drywall manufactured in China ("Other Chinese Board") found in the Property, if any, against the manufacturers of the Other Chinese Board (the "Assigned Claims"). The Knauf Defendants shall be permitted to prosecute the Assigned Claims at their own expense, in which case Claimant shall reasonably cooperate in the prosecution of the Assigned Claims. However, if the Knauf Defendants elect not to prosecute the Assigned Claims against one or more of the Supply Chain Defendants, the release in Paragraph 4 above shall be effective as to any or all of the Supply Chain Defendants as against whom the Knauf Defendants decline to bring the Assigned Claims.

7. Subject to Paragraph 6 above, this Release is effective immediately with exception that it shall be effective as to the Knauf Defendants upon (i) compliance by the Knauf Defendants with Paragraph V of the Demonstration Remediation Agreement concerning the Certificate of Occupancy and Environmental Certificate, (ii) "Substantial Completion" as that term is defined in the Work Authorization Agreement, and (iii)

receipt by the Claimant of a final release of lien or liens, or such other sufficient evidence, demonstrating that any actual or potential liens filed in relation to the remediation of the home have been either released or bonded off such that the Claimant's title is clear of all liens related to the remediation. In the event that the Program is terminated before remediation of the Property has commenced, this Release, in its entirety and as to all Released Parties, will be null and void, and any amount paid by a Released Party will be refunded.

8. Claimant understands and acknowledges the significance and consequence of releasing all of Claimant's KPT Chinese Drywall-related causes of action and/or claims (including presently existing, but unknown, unasserted, unsuspected, or undiscovered KPT Chinese Drywall-related causes of action and/or claims), and hereby assume full risk and responsibility for any and all injuries, losses, damages, assessments, penalties, charges, expenses, costs, and/or liabilities that Claimant may hereinafter incur or discover that in any way arise out of or relate to such causes of action. To the extent that any law, statute, ordinance, rule, regulation, case or other such legal provision or authority may purport to preserve Claimant's right hereafter to assert presently existing but unknown, unasserted, unsuspected, or undiscovered KPT Chinese Drywall-related causes of action and/or claims, which would otherwise be barred by the terms of this Release, Claimant hereby specifically and expressly waives Claimant's rights under such law, statute, ordinance, rule, regulation, case or other such legal provision or authority.

9. As provided for in Rule 408 of the Federal Rules of Evidence or its equivalent in state court jurisdictions, Claimant and the Knauf Defendants, and every person employed or

retained by them who has any knowledge of any term of this Release or of any settlement, release, or waiver referred to herein will not introduce in evidence this Release, or any portion of the contents thereof, or any amount provided herein, or any amount received by Claimant, in any proceeding other than a proceeding to consummate or enforce this Release.

10. In further consideration of the foregoing, and with the exception of the Reserved Claims, Claimant and Claimant's undersigned counsel further agree and covenant to forever indemnify, defend and hold harmless the Knauf Defendants, and without limitation, their successors, predecessors, assigns, affiliates, shareholders, investors, and their past, present and future officers, directors, partners, attorneys, agents, employees, parent companies, partnerships, subsidiaries, sister corporations and representatives from and against all claims and future claims relating to the KPT Chinese Drywall in the Property.

11. Claimant is bound by this Release. Anyone who succeeds to Claimant's rights and responsibilities, including any and all representatives, agents, successors, assigns, beneficiaries, heirs, or executors of Claimant, Claimant's estate, or the estate of any of them is also bound. This Release is made for the benefit of Claimant and the Knauf Defendants.

12. Claimant authorizes and instructs Claimant's counsel to deliver to the Knauf Defendants a Notice of Dismissal with prejudice of the Action, which shall be "so ordered" by the Court where the Action is pending, as against all defendants in accordance with the provisions herein and the terms of the Demonstration Remediation Agreement and, in the event the MDL Court grants final approval, the Class Settlement

Agreement. Claimant and Claimant's counsel shall cooperate with the Knauf Defendants in any additional way reasonably necessary to obtain such dismissal with prejudice. Such delivery of the Notice of Dismissal shall be made to Kerry J. Miller, Frilot L.L.C., Suite 3700, 1100 Poydras Street, New Orleans, Louisiana 70163.

13. Claimant acknowledge that Claimant has not received or relied on any agreements or promises other than as contained in writing in this Release. In executing this Release Claimant has relied on Claimant's own or Claimant's counsel's analysis of the facts and information of which they are independently aware, and assumes the risk that there may prove to be facts or information different from or in addition to what they now know or believe.

14. Nothing in this Release shall constitute (i) any admission of liability or fault of any kind on the part of Knauf Defendants who expressly deny any liability to Claimant and who are entering this agreement to avoid the expense and uncertainty of litigation; (ii) an admission of or consent to jurisdiction or waiver of any jurisdictional defenses, except as provided in the Demonstration Remediation Agreement and, in the event the MDL Court grants final approval, the Class Settlement Agreement; or (iii) consent to service by the Knauf Defendants. Neither this Release nor any Agreement shall be admissible in evidence in any proceedings except in an action to enforce the terms of the Release, the Demonstration Remediation Agreement, or in the event the MDL Court grants final approval, the Class Settlement Agreement.


                     _Ira Turner_
                                          **Claimant**

                                          **Claimant SS #**

STATE OF _Nevada_, COUNTY OF _Clark_

    I certify that on _Feb 13th_, 201_3_, _Ira Turner_ personally came before me and acknowledged under oath, to my satisfaction, that this person (a) is named in and personally signed this document; and (b) signed, sealed and delivered this document by her act/and deed.

                                      _[signature]_
                                      Notary Public

                                      _Danny L. Goudie_

DANNY L GOUDIE
Notary Public-State of Nevada
APPT. NO. 06-94183-1
My App. Expires August 26, 2016

[Printed Name of Notary]

My Commission Expires: _8/25/16_

 

**Counsel**

Law Firm: _____


_____
Claimant

_____
Claimant SS #

STATE OF __Nevada__, COUNTY OF __Clark__

I certify that on __Feb 13th__, 2013, __Ira Turner__ personally came before me and acknowledged under oath, to my satisfaction, that this person (a) is named in and personally signed this document; and (b) signed, sealed and delivered this document by her act and deed.

_____
Notary Public

__Danny L Goudie__
[Printed Name of Notary]

My Commission Expires: __8-25-16__

[Notary Stamp: DANNY L GOUDIE, Notary Public-State of Nevada, APPT. NO. 05-94183-1, My App. Expires August 25, 2016]

_____
Counsel

Law Firm: _____

Page 11 of 11

## Work Authorization Agreement

**THIS DOCUMENT HAS LEGAL CONSEQUENCES. PLEASE READ THIS DOCUMENT CAREFULLY AND CONSULT WITH YOUR ATTORNEY AS YOU DEEM NECESSARY BEFORE SIGNING**

This Work Authorization Agreement defines the specific work necessary to complete remediation of the home indicated below, and authorizes the Contractor to perform this work. The terms below are subject to the Settlement Agreement for the Demonstration Remediation of Homes with KPT Drywall in *In re: Chinese Manufactured Drywall Products Liability Litigation*, MDL No. 2047 (the "Demonstration Remediation Agreement"), which the Homeowner should carefully review with counsel prior to signing, except that the scope of work for the remediation of the home shall be covered by the scope of work set forth in Exhibit F to the Settlement Agreement regarding Claims against the Knauf Defendants in MDL No. 2047 ("Class Settlement Agreement") which expands upon the Scope of Work attached as Exhibit D to the Demonstration Remediation Agreement.

The Homeowner, the Knauf Entities (as that term is defined in the Demonstration Remediation Agreement attached as Exhibit 1) and the Contractor agree as follows:

**Homeowner:**
Name: VIT, Inc.
Address: 11374 Elysian Circle, Daphne, AL 36526

**Knauf Entities' Authorized Representative:**
Name: Joe Hoffman PM @ Morse Zehnter Associates (MZA)
Address: 580 Village Blvd., Suite 110, West Palm Beach, FL 33409

**Contractor:**
Name: Moss and Associates
Address 2101 N. Andrews Ave., Suite 300, Ft. Lauderdale, FL 33311

**Project:**
Remediation of house located at:
Street: 11374 Elysian Circle
City: Daphne, AL 36526

**Estimated Move-Out Date:** Contingent upon the receipt of the fully executed Work Authorization Agreement, the issuance of the building permit, and the procurement of any long lead material items. Formal notice shall be issued to the Owner (20) business days prior to the move our date.

**Estimated Substantial Completion Date:** 3 Months from the Move-Out-Date.

**Under Air Square Footage of Home:** 3150

**Exhibit F**

The Homeowner, Knauf Entities and Contractor, as the Knauf Entities' agent, have reviewed the work necessary to accomplish the remediation of Chinese drywall, as described in Exhibit F, to the Class Settlement Agreement ("Scope of Work"), attached to this Work Authorization, and have agreed that this work consists of the following items, which are attached:

1. Terms and Conditions of the Work Authorization Agreement
    a. Appliance, Fixture, Equipment and Fire System Schedule
    b. Room Finish Schedule
    c. Schedule of Work – Detailed room by room description of the scope of remediation work (attached as Exhibit 2)
2. Scope of Work – Exhibit F to the Class Settlement Agreement (attached hereto as Exhibit 3)
3. Requirements for Move-Out/Move-In (attached as Exhibit 4)
4. Contractor Insurance Certificates (attached as Exhibit 5)
5. Homeowner Release of Contractor (attached as Exhibit 6)
6. American National Standard for Single Family Residential Building, Method for Calculating Square Footage (attached as Exhibit 7)

Photographic and/or videographic documentation of the existing interior of the house, including, but not limited to, fixtures and finishes will be included as a reference. In addition, if this box is checked [__], the following original construction drawings and specifications are included and attached as Exhibit 8 for reference purposes:

[list construction drawings and specifications]

Homeowner, Knauf Entities' Authorized Representative and Contractor, as Knauf Entities' agent, agree that these are an accurate and correct representation of the construction quality and finishes as existed prior to the start of the Repair Work.

Homeowner represents that he (she) is the owner of the residence to be remediated and that he (she) is fully authorized to enter into this agreement and bind himself (herself), all dependants who live in the home, and any other guests or residents who reside in the home.

Effective the ___ day of ____, 201_ ("Effective Date")

_____  2/13/13
Homeowner                        Date

Moss and Assoc. LLC
_____  2/27/13
Contractor, as Agent for Knauf Entities   Date

LRM MeMzn
_____  2/27/13
Knauf Entities' Authorized Representative   Date

Page 4 of 18

Homeowner

**Exhibit F**

This Work Authorization entered into as of the Effective Date first written above.

_____  
**HOMEOWNER** *(Signature)*  
IRA TURNER  
_____  
*(Printed name and title)*

Moss and Assoc. LLC  
_____  
**CONTRACTOR as Agent for Knauf**  
*(Signature)*  
Philip A. Adams Sr. Proj Mgr  
_____  
*(Printed name and title)*

_____  
**Knauf Entities** *(Signature)*  
Tim Buhl Manza  
_____  
*(Printed name and title)*

Homeowner

Page 14 of 18



**Since 1988**

**Florida's Leading Engineering Source**

Environmental · Geotechnical · Construction Materials Testing · Threshold and Special Inspections · Plan Review & Code Compliance

## ENVIRONMENTAL CERTIFICATION

I certify that I have verified the Contractor's certification that all drywall has been removed, including all debris and visible dust, as set forth in the Remediation Protocol, Exhibit F to the Settlement Agreement Regarding Claims Against the Knauf Defendants in MDL No. 2047. This certification is based upon an independent visual inspection of all surfaces in the work area and any adjacent areas (including, but not limited to, floor, walls, ceiling, wall cavities, trusses, joists, studs, pipes, beams, ledges, and framing) that found no dust, debris or residue. Also there was no detectable odor of Chinese drywall at the completion of removal and cleaning work and prior to the start of new drywall installation. In addition, the atmosphere in the house was found to be representative of the atmosphere in houses built without "problem" drywall.

Name: _____VIT, Inc., Ira Turner Residence_____

Property Address:_____11374 Elysian Circle, Daphne, AL_____

Date Inspection Completed:_____5/8/13_____

GFA International, Inc.

6/10/13

Christopher N. Pacitto, P.E.
Professional Engineer #32530
State of Alabama

5851 Country Lakes Drive · Fort Myers, Florida 33905 · (239) 489-2443 · (239) 489-3438 (fax) · www.teamgfa.com

OFFICES THROUGHOUT FLORIDA