UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

IN RE: CHINESE-MANUFACTURED
DRYWALL PRODUCTS LIABILITY
LITIGATION

MDL NO. 2047

SECTION: L

JUDGE FALLON
MAG. JUDGE WILKINSON

THIS DOCUMENT RELATES TO:
*ALL CASES*
* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

### THE FEE COMMITTEE'S AMICUS BRIEF TO THE COURT REGARDING SEXTON/HOAGLUND'S SHOW CAUSE RESPONSE TO THE SETTLEMENT ADMINISTRATOR'S MOTION REGARDING STIPEND DISPUTES FOR CHINESE DRYWALL SETTLEMENT PROGRAM

The Fee Committee ("FC") submits this amicus brief in response to Gentle, Turner, Sexton & Harbison, LLC and McCallum, Hoaglund, Cook & Irby, LLP's (collectively referred to as "Sexton/Hoaglund") Response to Settlement Administrator's Motion Regarding Stipend Disputes for KPT Lower-Case Chinese Drywall [Rec.Doc. No. 20454].

Sexton/Hoaglund seeks to recover a $1,000.00 per case stipend award pursuant to PTO 30 for their clients who had Lower-Case KPT Chinese Drywall. Sexton/Hoaglund contend that the Claims Administrator's determination that clients with Lower-Case KPT Chinese Drywall should only receive a stipend award of $150.00 per property was in error. The FC believes it is appropriate to advise the Court of their interpretation of the Amended Settlement Agreement regarding claims against the Knauf defendants in MDL 2047.

Sexton/Hoaglund direct the Court to Sections 1.26[1] and 1.26.1[2] of the Knauf Settlement Agreement to conclude that "Lower-Case KPT Chinese Drywall" is "KPT Chinese Drywall" such that it would be entitled to a full stipend award of $1,000.00 per property. To the contrary, when the Settlement Agreement was negotiated, the Knauf defendants were particularly concerned that the many disreputable Chinese drywall manufacturers, including the Taishan defendants, were manufacturing counterfeit drywall products. To avoid liability for such products, Knauf made sure to describe its drywall in terms that excepted such products from its sphere of responsibility. This effort is witnessed in Section 1.43, which defines "Non-KPT Chinese Drywall," thus:

> 1.43. Non-KPT Chinese Drywall. "Non-KPT Chinese Drywall" shall mean any and all reactive drywall products manufactured, sold, marketed, distributed, and/or supplied by a Chinese manufacturer other than KPT, including but not limited to, Taishan Gypsum Co., Ltd. f/k/a Shandong Taihe Dongxin Co., Ltd.; Taian Taishan Plasterboard, Ltd.; Pingyi Zhongxin Paper-Faced Plasterboard Co., Ltd. f/k/a Shandong Chenxiang Building Materials Co., Ltd.; Crescent City Gypsum, Inc.; Beijing New Buildign Materials Public Ltd. Co., and China National Building Material Co., Ltd., and China National Building Material Group Corporation. Counterfeit drywall products that purport to be manufactured by KPT, but that are in fact manufactured by an entity other than KPT shall not be considered "KPT Chinese Drywall" and shall be considered "Non-KPT Chinese Drywall" only if the drywall is reactive. "Non-KPT Chinese Drywall" shall not include drywall products manufactured, sold, marketed, distributed, and/or supplied by Wuhu or Dongguan, and shall not include drywall bearing the lower-case "TianJin, China" markings.

---

[1] Section 1.26 states: "KPT Chinese Drywall. 'KPT Chinese Drywall' shall mean any and all drywall products manufactured, sold, marketed, distributed, and/or supplied by KPT and which are alleged to be defective. 'KPT Chinese Drywall' shall not include drywall products, manufactured, sold, marketed, distributed, and/or supplied by any Knauf Defendant other than KPT."

[2] Section 1.26.1 states: "Lower-Case KPT Chinese Drywall. 'Lower-Case KPT Chinese Drywall' shall mean KPT Chinese Drywall bearing the lower-case 'TianJin, China' markings. Class Members with only Lower-Case KPT Chinese Drywall in their properties shall be eligible for benefits under this Settlement only if the Class Member who owns or rents a particular property satisfies the requirements of Section 4.9."

Because of the concern that Lower-Case KPT Chinese Drywall could be counterfeit, Knauf required that class members asserting claims from clients which such drywall meet certain qualifications. Thus, Section 4.9 of the Settlement Agreement demanded that recoveries for such product meet the threshold requirement that class members prove that the drywall was in fact reactive. *See, e.g.*, Section 4.9.2. Without proof that the Lower-Case KPT Chinese Drywall was reactive, class members are deemed to have Non-KPT Chinese Drywall under the Settlement Agreement. As a concession to the class members who did not qualify for benefits under the Knauf Settlement Agreement, it was agreed that a reduced stipend award was appropriate. Therefore, class members with Non-KPT Chinese drywall are not entitled to the full stipend award and are only entitled to a $150.00 stipend award per property.

Accordingly, the FC agrees with the Claims Administrator's determination that properties with unconfirmed reactive Lower-Case KPT Chinese Drywall are only entitled to a stipend of $150.00 per property.

Respectfully submitted,

Dated: August 22, 2016    /s/ Russ M. Herman
Russ M. Herman (Bar No. 6819) (on the brief)
Leonard A. Davis (Bar No. 14190) (on the brief)
Stephen J. Herman, Esquire (Bar No. 23129)
HERMAN, HERMAN & KATZ, L.L.C.
820 O'Keefe Avenue
New Orleans, Louisiana 70113
Phone: (504) 581-4892
Fax: (504) 561-6024
LDavis@hhklawfirm.com
*Plaintiffs' Liaison Counsel MDL 2047*
*Co-Chair/Secretary Fee Committee*

Arnold Levin (on the brief)
Fred S. Longer (on the brief)
Sandra L. Duggan (on the brief)
Levin, Fishbein, Sedran & Berman
510 Walnut Street, Suite 500
Philadelphia, PA 19106
Phone:  (215) 592-1500
Fax:  (215) 592-4663
Alevin@lfsblaw.com
*Plaintiffs' Lead Counsel MDL 2047*
*Chair Fee Committee*

Gerald E. Meunier (LA Bar No. 9471)
Gainsburgh, Benjamin, David,
 Meunier & Warshauer, LLC
2800 Energy Centre
1100 Poydras Street
New Orleans, LA 70163-2800
Phone: (504) 522-2304
Fax: (504) 528-9973
gmeunier@gainsben.com
*Co-Counsel for Plaintiffs and PSC Member*
*Fee Committee Member*

**ON BEHALF OF THE FEE COMMITTEE**

**CERTIFICATE OF SERVICE**

    I hereby certify that the above and foregoing pleading has been served on Defendants' Liaison Counsel, Kerry Miller, by e-mail and upon all parties by electronically uploading the same to LexisNexis File & Serve in accordance with Pre-Trial Order No. 6, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2047 on this 22nd day of August, 2016.

    /s/ Leonard A. Davis
Leonard A. Davis, Esquire
Herman, Herman & Katz, L.L.C.
820 O'Keefe Avenue
New Orleans, Louisiana 70113
Phone: (504) 581-4892
Fax: (504) 561-6024
Ldavis@hhklawfirm.com
Plaintiffs' Liaison Counsel MDL 2047
*Co-counsel for Plaintiffs*