UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: CHINESE-MANUFACTURED DRYWALL PRODUCTS LIABILITY LITIGATION | MDL NO. 2047<br><br>SECTION: L |
| THIS DOCUMENT RELATES TO:<br><br>All cases. | JUDGE ELDON FALLON<br>MAG. JUDGE WILKINSON |

**DOYLE LAW FIRM'S REPLY TO AMORIN CLASS COUNSEL'S RESPONSE TO MOTION FOR LEAVE TO AMEND COMPLAINT AND THE FEE COMMITTEE'S FURTHER RESPONSE TO THE DOYLE LAW FIRM'S OBJECTIONS TO THE FEE COMMITTEE'S MOTION TO DETERMINE THE ALLOCATION OF THE GLOBAL FEE AWARD AS BETWEEN COMMON BENEFIT FEES AND INDIVIDUAL COUNSEL'S FEES PURSUANT TO PTO 28(F)**

Doyle Law Firm, PC filed a motion to amend (Doc. 20299) its complaint in a civil action styled *Donna Little, et al. v. Taishan Gypsum Co., Ltd., et al*. currently pending in the Eastern District after transfer from the Southern District of Alabama, its original venue. The court ruled (Doc. 20387) that any parties opposing this motion should file an opposition on or before August 12, 2016. No opposition was filed by an interested party. The only filing (Doc. 20405) was authored by several members of the FC/PSC, but the filing was not an opposition; rather, it was used as a vehicle to file a supplemental opposition to Doyle Law Firm's Objections to the Fee Committee's Motion to Determine The Allocation of the Global Fee Award As Between Common Benefit Fees and Individual Counsel's Fees Pursuant to PTO 28(F) (Doc. 20350). The PSC/FC's "response" had very little to do with the pending motion to amend and it was certainly not an "opposition." Thus, the Motion to Amend was unopposed.

1

Other than the fee arguments, the authors only attempted to raise two issues regarding the *Little* case; however, both arguments are fundamentally flawed. The FC's suggestion that service of the complaint is defective at this time demonstrates their lack of understanding (or their failure to read) of Rule 4 of the Federal Rules of Civil Procedure, which suspends the time limitation for service on overseas defendants. Likewise, FC's exhibit to their "response" demonstrates their lack of understanding regarding the role of a Plaintiff Steering Committee in multi-district litigation proceedings. Adopting a form pleading is not only commonplace, it is actually encouraged by other MDL judges[1]. A short-form complaint has been adopted in many of the defective product MDL's listed on Exhibit A (previously submitted as Doc. 20350-2). Moreover, the forms created and utilized by steering committee counsel in the various MDL's are often reasons cited as justification of their tax on every case (i.e, the "common benefit" fee assessed on every settling case).

It is likely that the PSC/FC members authoring the "response" to the motion to amend were unsatisfied with their initial filing in opposition to Doyle Law Firm's objection to the fee petition, and rightly so, as the PSC failed to adequately address virtually all substantive arguments offered in that objection to their fee petition. The following objections were either completely avoided or inadequately addressed by the PSC/FC opposition to Doyle Firm's objections.

---

[1] The following product liability MDL's, most of which are listed on Exhibit A, utilize a short form complaint: MDL-2187, MDL-2197, MDL-2325, MDL-2326, MDL-2327, MDL-2329, MDL-2387, MDL-2428, MDL-2440, MDL-2441, MDL-2511, MDL-2641, and MDL-2642.

[2] 5th Circuit: *In re combustion, Inc.*, 968 F.Supp. 1116 (W.D. LA 1997), *See also, In re Shell Oil Refinery*, 155 F.R.D. 552, 573 (E.D.La.1993) (noting most common fund fee awards range between 20% and 30%), *See also, In re Catfish Antitrust Litigation*, 939 F.Supp. 493, 501 (N.D. Miss. 1996) (adopting 25% benchmark); 6th Circuit: *In re Rio Hair Naturalizer Products Liability Litigation*, 1996 WL 780512, p. *14 (E.D.Mich.1996); 9th Circuit: *Paul, Johnson,*

1.      **The Percentage of Fund Method Is The Appropriate Methodology.**

The PSC/FC proposes a common benefit allocation of the remaining money in the attorney fee common fund based on a percentage of the total recovery in all Chinese drywall cases to date, totaling roughly $1.1 billion.  They propose that this court should adopt a baseline benchmark percentage of 8% of the gross recovery, adjusted upward to 10.65% of the gross recovery based on their application of the *Johnson* Factors, which would produce a total fee of approximately $119 million.  They also argue that this fee should be paid to them from common fund without regard to the expenses already paid to the PSC (in excess of $40 million to date) during the past five years.

This payment, they argue, should be paid to them for the extraordinary recovery they achieved.  For the reasons previously cited in Doc. 2350, Doyle Law Firm opposes the PSC/FC's fee request - because they simply did not achieve anything other than an acceptable result.  It was not extraordinary as they contend.  It was partial compensatory damages for virtually all plaintiffs, and that is in no way extraordinary. The fee to be paid to the PSC/FC should match the results they achieved – ordinary.  Additionally, no enhancement is appropriate; certainly, no upward Johnson Factor adjustment is appropriate.

The PSC/FC propose that this court adopt a percentage of total recovery methodology for calculating their common benefit tax/payment.  A percentage of total recovery might have made sense if the set aside percentage was reasonable and set by the court early in the process, but it wasn't.  Other MDL courts often address the set-aside percentage as an early order of business following consolidation by the JPML.  The total set aside (fees plus expenses) in other similar product liability MDL's is on average 4.79% of gross recovery for each settled case.  See Exhibit "A" to this Reply for the raw data from other product liability MDL's.  In MDL-2047, the PSC

made no such attempt to resolve the attorney fee and expense set-aside percentage in the early stages of this litigation; instead, they chose to argue for a windfall payment of 10.65% after all expenses have been paid.  Nothing about their fee petition is fair, reasonable or appropriate in this instance.  It does not comport with the percentage of total recovery methodology applied in other MDL's and nothing about the result achieved in this litigation would justify the largest common benefit fee allocation ever paid in an MDL. The PSC/FC have wholly failed in every respect to justify such an exorbitant fee, particularly in light of Doyle Law Firm's well reasoned and both legally and factually-supported objections (Doc. 20350).

      At no point in their petition or responses to the fee petition objections did the PSC/FC provide statutory authority or Fifth Circuit precedent that would enable them to collect a windfall tax for the type of common work (and result) in a mass tort, product liability-related MDL such as this one.  Furthermore, the PSC/FC failed to provide supporting case law or statutory authority outside of the Fifth Circuit for the windfall fee they seek. Exhibit A demonstrates the appropriate range for the common benefit payment in a product liability MDL.  Should this court adopt the average percentage of total recovery (4.79%), the resulting payout to common benefit counsel will be $13,566,100.37, once the expense payments are deducted as an offset.  See Exhibit B for calculation.

      For the sake of simplicity, and due to the hodgepodge of settlement terms reached in the various settlements that allowed the common fund to be created, Doyle Firm has advocated for adoption of the percentage of (common) fund method.  In the percentage of fund method, the fee is expressed as a percentage of a set or fixed "common fund," whether the fund is obtained by judgment or settlement.   The method is simple and straight-forward.  And, the creation and existence of the fixed common fund in MDL-2047 practically screams for this methodology to

be used.  To date, this method has been utilized in the Fifth, Sixth, Ninth, and Eleventh Circuits[2].  Should this court adopt the percentage of fund methodology in this instance, the initial benchmark of 25% (with no *Johnson* Factor enhancement) would result in a net payout to common benefit counsel in the amount of  $18,172,660.60, once the expense payments are deducted as an offset.  See Exhibit B for calculation.

Please note that Doyle Law Firm miscalculated the common benefit payout in its initial objection to PSC/FC's fee petition (Doc. 20350).  The figures herein above are the correct computations utilizing the methodology formulas on Exhibit B.

**2.     The PSC's Proposed Benchmark Of 8% of the Total Recovery In The Percentage of Total Recovery Method Is Not Fair, Reasonable, or Consistent with Similar Product Liability Cases.**

Doyle Law Firm's objection to the application of this benchmark percentage of the total recovery was not rebutted by the PSC/FC in any response.  Doyle Law Firm objected to both this methodology and the baseline percentage as completely beyond the acceptable range for a product liability MDL.  The basis of Doyle Law Firm's objection was Doc. 20350-2, a compilation of data from other MDL's.  Again, it is attached hereto as Exhibit A.  The PSC's failure provide authority based in Fifth Circuit case law is an obvious concession that they overreached in their fee petition.  Hopefully, the PSC/FC will see the obvious errors in their rationale and concede that the appropriate range for a common benefit allocation is in the range

---

[2] 5th Circuit: *In re combustion, Inc.*, 968 F.Supp. 1116 (W.D. LA 1997), *See also, In re Shell Oil Refinery*, 155 F.R.D. 552, 573 (E.D.La.1993) (noting most common fund fee awards range between 20% and 30%), *See also, In re Catfish Antitrust Litigation*, 939 F.Supp. 493, 501 (N.D. Miss. 1996) (adopting 25% benchmark); 6th Circuit: *In re Rio Hair Naturalizer Products Liability Litigation*, 1996 WL 780512, p. *14 (E.D.Mich.1996); 9th Circuit:  *Paul, Johnson, Alston & Hunt v. Graulty*, 886 F.2d 268, 273 (9th Cir. 1989); 11th Circuit: *Camden I Condo. Assoc., Inc. v. Dunkle*, 946 F.2d 768, 774 (11th Cir. 1991)(noting the majority of common fund fee awards fall between 20% and 30%).

of 20% to 30% of the common fund. See footnote 2 for supporting authority in the 5th, 6th, 9th, and 11th Circuits. The PSC/FC's unmoored fight for a windfall common benefit fee without established authority is not only a waste of our time, it is a waste of this court's resources.

3.  **The PSC/FC's Failure to Rebut Doyle Law Firm's Objection To Inclusion of Non-Knauf-Related Hours Is A Concession That Their Lodestar Cross-Check Was Inflated And Must Be Reduced.**

It is a fact that the PSC/FC included non-Knauf-related hours in their lodestar "cross-check" calculation. No effort has been made to justify the inclusion of those unrelated time entries that resulted in a time-based fee of $131,588,525.35. Consequently, the PSC/FC's lodestar "cross-check" is artificially high and due to be rejected in its current form. Arriving at an appropriate lodestar cross-check that does not include unrelated, excessive, duplicative or inadequately described time entries is imperative if the court intends to use this figure in any way. In its current state, the unverified lodestar figure offered by the PSC/FC is meaningless at this point.

## CONCLUSION

Doyle Law Firm's motion to amend (Doc. 20299) is unopposed by any interested party. The PSC/FC, whose interests are supposed to be aligned with all plaintiffs, filed a "response" for the sole purpose of supplementing their opposition to Doyle Law Firm's objections (Doc. 20350) to their fee petition. Doyle Law Firm requests an order granting its unopposed motion to amend the complaint in the *Little* case.

Doyle Law Firm also requests that the Special Master, and later this Court, consider this Reply to the PSC/FC as it evaluates the appropriate fee due to common benefit counsel. Doyle Law Firm contends that the appropriate range for the common benefit fee is between

$13,566,100.37 and $18,172,660.60, as calculated on Exhibit B.

/s/ *James V. Doyle, Jr.*
James V. Doyle, Jr.
DOYLE LAW FIRM, PC
2100 Southbridge Pkwy., Suite 650
Birmingham, AL 35209
Tele: 205-533-9500
Fax: 205-414-7528
jimmy@doylefirm.com
*Attorney for Plaintiffs*

**CERTIFICATE OF SERVICE**

      I hereby certify that the above and foregoing Doyle Law Firm's Reply to Amorin Class Counsel's Response to Motion for Leave to Amend Complaint and the Fee Committee's Further Response to the Doyle Law Firm's Objections to the Fee Committee's Motion to Determine the Allocation of the Global Fee Award As Between Common Benefit Fees and Individual Counsel's Fees Pursuant to PTO 28(F) has been served on Plaintiffs' Liaison Counsel, Russ Herman, by U.S. Mail and e-mail or by hand delivery and e-mail and upon all parties by electronically uploading the same to Lexis Nexis File & Serve in accordance with Pretrial Order No. 6, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2047, on this 24th day of August, 2016.

/s/ *James V. Doyle, Jr.*
James V. Doyle, Jr.
DOYLE LAW FIRM, PC