UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

IN RE: CHINESE-MANUFACTURED
DRYWALL PRODUCTS LIABILITY
LITIGATION                                                    MDL NO. 2047

                                                              SECTION: L

                                                              JUDGE FALLON
                                                              MAG. JUDGE WILKINSON

THIS DOCUMENT RELATES TO:
*ALL CASES*
* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

**MEMORANDUM IN SUPPORT OF
THE FEE COMMITTEE'S MOTION TO APPROVE THE AMENDED
MEMORANDUM OF UNDERSTANDING RGARDING ALL
<u>HOMEBUILDER CLAIMS FOR REIMBURSEMENT OF COUNSEL FEES</u>**

    The Chinese Drywall MDL 2047 Fee Committee ("FC") has moved to obtain Court approval of the Amended Memorandum of Understanding "(MOU') entered into between the Various Homebuilders identified on Exhibit A to the MOU, the FC, Plaintiffs' Lead Counsel, and Plaintiffs' Liaison Counsel (collectively, the "parties"). Pursuant to PTO 28(F) ¶3, the FC was obliged to "make a recommendation regarding all Homebuilder claims for reimbursement of counsel fees ("Homebuilder's Reimbursement Recommendation")." The MOU constitutes the FC's Homebuilders Reimbursement Recommendation.

    A 32% attorney fee was set aside from the Banner Settlement and Global Settlement to address compensation of counsel. Because of provisions in the Banner and Global Settlement Agreements, the parties had to resolve what portion of these set asides, if any, had to be returned to Various Homebuilders for the attorneys' fees reserved that were associated with the Various Homebuilders' homes. The MOU resolves these issues.

1

Specifically, under the Banner Settlement, 32% of the Banner gross settlement amount was set aside for an award of attorneys' fees. This Banner Attorneys' Fee Set Aside was intended to compensate both common benefit counsel and individually retained counsel, which will be the subject of this Court's allocation order. Nevertheless, for the affected properties "repaired by builders that have actively pursued this litigation" (*i.e.*, "Active Builders"), the maximum allowable award of common benefit attorneys' fees in Banner is 10%. *See* Proposed Allocation Plan—Banner MDL Settlement (Second Amended Version—January 16, 2013) at ¶3 [Rec.Doc.No. 16527-1]. The Parties had to resolve whether the common benefit fees which Active Builders should pay should be less than 10%, if any at all. The MOU provides that the Active Builders are entitled to a return of the remaining portion of the Banner Attorneys' Fee Set Aside applicable to their homes in the amount of 22% (*i.e.,* 32% set aside - 10% maximum allowable award = 22% to be returned). In addition, the MOU resolves the issue regarding whether Non-Active Builders are entitled to a return of the portion of the Attorneys' Fee Set Aside applicable to their homes that does not constitute the award to common benefit attorneys. Here, in accordance with the FC's recommended split of available funds for distribution, ~59.37% for common benefit counsel and ~40.63% for individual retained attorneys [Rec. Doc. 20293], the MOU provides that non-Active Builders are entitled to a return of the remaining portion of the Banner Attorneys' Fee Set Aside applicable to their homes, after common benefit fees are paid. Thus, if 59.37% of the 32% set aside for attorneys' fees, *i.e.*, 19%, goes to common benefit counsel, then the remainder that was set aside, *i.e.*, 13%, will be returned to individually retained counsel, which is reflected in the Allocation Report accompanying the MOU.

Similarly, under the Global Settlement Agreement, 32% of the gross settlement amount was set aside for attorneys' fees. The Parties disputed whether Active Builders were entitled to a return of 22% or more of their attorneys' fees set aside, and whether non-Active Builders were entitled to any return whatsoever.

The MOU resolves all of these disputes and describes in the Allocation Report (Exhibit B to the MOU) the proposed amount of attorneys' fees set aside portions to be returned to the Various Homebuilders, which report is based on the recommendation that the Court grant the FC's Motion to Determine the Allocation of the Global Fee Award as Between Common Benefit Fees and Individual Counsel's Fees Pursuant to PTO 28(F) [Rec. Doc. 20293]. In other words, the Various Homebuilders accepted the FC recommendation that the global award of attorneys' fees available for distribution could be split ~59.37% / ~40.63% as between common benefit and individually retained counsel. The MOU also addresses the compensation of Co-Class Counsel, Dorothy Wimberly (who played a vital role as Local Liaison Counsel for the Homebuilders), by deducting 0.75% from the attorneys' fees set aside portion to which each of the Various Homebuilders is entitled.

Only one loose thread remains following this agreement. First, counsel for LWH LLC, Taylor Morrison, Inc., and the Ryland Group (Neal Sivyer, Esq.) apparently believes he is an Active Builder entitled to a return of 22% of the portion of the attorneys' fee set aside[1], rather than the non-Active Builder designation currently ascribed to him. The FC has agreed that in response to this motion, Mr. Sivyer may attempt to justify his position to the Court. Regardless,

---

[1] The FC recognizes only one Active Builder, *i.e.*, Hilarie Bass, Esquire of Greenberg, Traurig. Ms. Bass played a participatory (not passive) role in discovery against Knauf, taking depositions, traveling to Germany, Hong Kong, etc.

of the outcome of that decision, the MOU provides that the entities Mr. Sivyer represents will at a minimum receive the payments described in the Allocation Report.

Assuming the Court confirms the FC recommendation embodied in the MOU, Mr. Balhoff along with the court-appointed CPA, Mr. Phillip Garrett, can finally resolve the figures due and owing to any of the Various Homebuilders.

The FC submits that the Homebuilder's Reimbursement Recommendation is fair, reasonable and adequate, and should be approved.

Wherefore, for the reasons set forth above, the FC's motion should be granted.

Respectfully submitted,

Dated: August 26, 2016

/s/ Russ M. Herman
Russ M. Herman (Bar No. 6819) (on the brief)
Leonard A. Davis (Bar No. 14190) (on the brief)
Stephen J. Herman, Esquire (Bar No. 23129)
HERMAN, HERMAN & KATZ, L.L.C.
820 O'Keefe Avenue
New Orleans, Louisiana 70113
Phone: (504) 581-4892
Fax: (504) 561-6024
LDavis@hhklawfirm.com
*Plaintiffs' Liaison Counsel MDL 2047*
*Co-Chair/Secretary Fee Committee*

Arnold Levin (on the brief)
Fred S. Longer (on the brief)
Sandra L. Duggan (on the brief)
Levin, Fishbein, Sedran & Berman
510 Walnut Street, Suite 500
Philadelphia, PA 19106
Phone:  (215) 592-1500
Fax:  (215) 592-4663
Alevin@lfsblaw.com
*Plaintiffs' Lead Counsel MDL 2047*
*Chair Fee Committee*

4

Gerald E. Meunier (LA Bar No. 9471)
Gainsburgh, Benjamin, David,
 Meunier & Warshauer, LLC
2800 Energy Centre
1100 Poydras Street
New Orleans, LA 70163-2800
Phone: (504) 522-2304
Fax: (504) 528-9973
gmeunier@gainsben.com
*Co-Counsel for Plaintiffs and PSC Member*
*Fee Committee Member*

***ON BEHALF OF THE FEE COMMITTEE***

## CERTIFICATE OF SERVICE

I hereby certify that the above and foregoing pleading has been served on Defendants' Liaison Counsel, Kerry Miller, by e-mail and upon all parties by electronically uploading the same to LexisNexis File & Serve in accordance with Pre-Trial Order No. 6, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2047 on this 26th day of August, 2016.

/s/ Leonard A. Davis
Leonard A. Davis, Esquire
Herman, Herman & Katz, L.L.C.
820 O'Keefe Avenue
New Orleans, Louisiana 70113
Phone: (504) 581-4892
Fax: (504) 561-6024
Ldavis@hhklawfirm.com
Plaintiffs' Liaison Counsel MDL 2047
*Co-counsel for Plaintiffs*