UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: CHINESE MANUFACTURED DRYWALL | : | MDL NO. 2047 |
| PRODUCTS LIABILITY LITIGATION | : | SECTION L |
| | : | |
| | : | JUDGE FALLON |
| | : | MAGISTRATE JUDGE |
| .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. : | | WILKINSON |

**THIS DOCUMENT RELATES TO:** ALL CASES

### ORDER

This Order clarifies and supplements the Court's previous Order appointing Daniel J. Balhoff as Special Master (R. Doc. 20410).

Pursuant to Federal Rule of Civil Procedure 53(B), the Court hereby affirms the appointment of Daniel J. Balhoff of Perry, Balhoff, Mengis & Burns, L.LC. as Special Master for the purposes outlined herein.

The Special Master must proceed with all reasonable diligence to accomplish his duties. These duties include managing discovery, reviewing evidence, considering arguments, conducting hearings, and making recommendations (including findings of fact and conclusions of law) concerning all pending attorneys' fee issues, including but not limited to those described in Pre-Trial Order 28 (R. Doc. 17379), Pre-Trial Order 28(A) (R. Doc. 17402), Pre-Trial Order 28(B) (R. Doc. 17567), Pre-Trial Order 28(C) (R. Doc. 17639), Pre-Trial Order 28(D) (R. Doc. 17832), Pre-Trial Order 28(E) (R. Doc. 18037), and Pre-Trial Order 28(F) (R. Doc. 20282). The Special Master shall furthermore make recommendations (including findings of fact and conclusions of law) concerning the disposition of the following:

- The Fee Committee's Recommendation Regarding the Allocation of the Global Fee Award as Between Common Benefit Fees and Individual Counsel's Fees Pursuant to PTO 28(F) (R. Doc. 20293); and Primary Counsel Objections to this Recommendation.

- The Request of the Objectors for a Protocol for Discovery and the Appointment of Val Exnicios & Jimmy Faircloth as Objectors' Co-Liaison Counsel, Without Other Objector Opposition, and Without PSC/FC Objection (as to Proposed Fee Compensation Provision) (R. Doc. 20407);

The Special Master shall have access to all sealed documents, and he shall have the discretion to grant access to sealed documents, in whole or in part, to parties and/or their attorneys. In granting such access, the Special Master may enter appropriate orders to preserve confidentiality. Additionally, the Special Master may require recipients of sealed information to sign appropriate confidentiality agreements.

The Special Master may communicate *ex parte* with the Court, its staff, the parties, their attorneys, Mr. Philip Garrett, BrownGreer, or anyone else as he deems necessary and appropriate in the performance of his duties.

The Special Master shall file any orders, reports, or recommendations in the record. Nevertheless, in the event that the Special Master enters incidental orders designed to progress the matter toward its conclusion, he is not required to file such orders in the record unless requested to do so by one of the parties. The Special Master shall electronically preserve all materials which he considers in formulating his recommendations.

Upon review, the Court will decide *de novo* all objections to findings of fact or conclusions of law made or recommended by the Special Master.

A party may file objections to, or may file a motion to adopt or modify, any order, report, or recommendations filed by the Special Master no later than 21 days after a copy is served.

The Special Master shall have the authority to perform all functions designed to accomplish the duties outlined above, along with any duties implicit in this Order.

The Special Master shall be compensated at the rate of $500 per hour plus reasonable expenses. The Special Master's compensation shall be drawn from the global amount of funds available to compensate common benefit counsel and individually retained counsel approved by the Court in its Order dated May 17, 2016 (R. Doc. 20257).

New Orleans, Louisiana, this __30th__ day of August, 2016.

_____
UNITED STATES DISTRICT JUDGE