# Exhibit A



201 ST. CHARLES AVENUE
SUITE 3600
NEW ORLEANS, LOUISIANA 70170
PHONE:   504.566.5200
FAX:        504.636.4000

www.bakerdonelson.com

June 1, 2016

**Via Email and Federal Express:**
Dan Balhoff
Perry, Balhoff, Mengis & Burns, LLC
2141 Quail Run Drive
Baton Rouge, LA 70808
Balhoff@pabmb.com

RE:   LABB Investments, 11001 Gulf Reflections Drive #103, Fort Myers, FL 33908

**CONFIDENTIAL POSITION PAPER**

Dear Dan:

In preparation for the June 21, 2016 mediation of the above referenced matter, the Knauf Defendants submit this confidential position paper regarding the remediation claim made by LABB Investments ("LABB") for the property located at 11001 Gulf Reflections Drive #103, Fort Myers, FL 33908 (the "Property"). The Knauf Defendants' position is that the claim is not compensable under the Knauf Class Settlement Agreement, because (1) LABB purchased the property with prior knowledge of Chinese Drywall and/or failed to make a reasonable inquiry, and (2) failed to present KPT evidence in accordance with the Knauf Class Settlement Agreement, the Already Remediated Properties Protocol, and PTO 1(B).

**I.   LABB purchased the property with prior knowledge of the presence of Chinese drywall and/or failed to make a reasonable inquiry.**

LABB knew of the presence of Chinese Drywall and/or failed to make a reasonable inquiry into the potential presence of Chinese Drywall at the time it purchased the Property. The LABB claim is controlled by the Settlement Agreement Regarding Post-December 9, 2009 Claims Against Knauf Defendants[1] in MDL No. 2047 (hereinafter "New Claims Settlement Agreement"),[2] which does not provide benefits to claimants who purchased a property with knowledge that it contained Chinese drywall or without making a reasonable inquiry into the presence of Chinese drywall:

---

[1] The Knauf Defendants include Knauf Plasterboard (Tianjin) Co., Ltd. ("KPT"), Knauf Plasterboard (Wuhu) Co., Ltd., Guangdong Knauf New Building Material Products Co., Ltd., Knauf International GmbH, Knauf Insulation GmbH, Knauf AMF GmbH & Co. KG, Knauf UK GmbH, Knauf do Brasil Ltda., Gebr. Knauf Verwaltungsgesellschaft KG, PT Knauf Gypsum Indonesia, or Knauf Gips KG.
[2] Rec. Doc. 16978-1.

1



201 ST. CHARLES AVENUE
SUITE 3600
NEW ORLEANS, LOUISIANA 70170
PHONE:   504.566.5200
FAX:        504.636.4000

www.bakerdonelson.com

> Any [Claimant] who purchased the Affected Property with knowledge that there was reactive Chinese Drywall in the Affected Property, or who purchased after December 9, 2009 and failed to make a reasonable inquiry, is not eligible for benefits under this Agreement…[3]

First, the Property was purchased on October 27, 2010 when it was common knowledge throughout Florida, and specifically in the Gulf Reflections development, that Chinese Drywall was a common problem.[4] In fact, at the time of purchase, suit had recently been filed for fifteen Gulf Reflection Units.[5] Chinese drywall was obviously a known issue within the Gulf Reflections community at the time LABB Investments purchased its unit. Second, the disclosures for the sale of the Property explicitly state and warn of the potential presence of Chinese Drywall.[6] Third, LABB had the opportunity to inspect the unit, but waived the opportunity to inspect the Property prior to completing the purchase.[7] Finally, the considerably low price paid for the Property ($40,000.00) reflected the risk and presence of Chinese drywall.[8] Together, the purchase date, disclosures identifying the risk of Chinese Drywall, LABB's waiver of its right to inspect the Property prior to completing the purchase, and the price paid for the Property confirm that the Property was purchased with prior knowledge of Chinese drywall. Alternatively, even if LABB did not have actual knowledge of Chinese drywall, the disclosures and LABB's waiver of its inspection rights amount to a failure to conduct a reasonable inquiry. Either way, LABB is precluded from recovering under the terms of the Knauf Class Settlement Agreement.

## II.     LABB failed to present evidence required by the Knauf Class Settlement Agreement, the Already Remediated Properties Protocol and PTO 1(B).

Under the Knauf Class Settlement Agreement, Claimants who have self-remediated Affected Properties may seek benefits to resolve their Remediation Claims as provided in the Already Remediated Properties Protocol. R. Doc. 12061-6 at § 4.3.7 (Already Remediated Properties Protocol). The Already Remediated Properties Protocol creates a process by which to resolve the Remediation Claims of individual owners whose self-remediated properties were

---

[3] *Id*. at 4, Section IV(D).
[4] Exhibit A, Owner Disclosure Affidavit.
[5] Unit A101 (*Payton*, December 2009); A106 (*Payton*, December 2009); A107 (*Gross*, March 2010); A108 (*Gross*, March 2010); A201 (*Gross*, March 2010); A204 (*Rogers*, February 2010); A208 (*Gross*, March 2010); A302 (*Gross*, March 2010); A304 (*Gross*, March 2010); A306 (*Gross*, March 2010); A308 (*Gross*, March 2010); A403 (*Gross*, March 2010); A405 (*Gross*, March 2010); A406 (*Gross*, March 2010); A407 (*Gross*, March 2010).
[6] Exhibit B, Section 8(B)(11) of the Purchase Agreement with Joint Escrow (Pg. 19 of PDF).
[7] Exhibit B, Section 7(A) of the Purchase Agreement with Joint Escrow (Pg. 22 of PDF).
[8] Exhibit C, 11001 Gulf Reflections Drive #103 Realtor Sale Confirmation. The market value for the property is estimated at $167,014.00 according to Zillow.com and sold for $234,900.00 less than three years prior to LABB's purchase.



201 ST. CHARLES AVENUE
SUITE 3600
NEW ORLEANS, LOUISIANA 70170
PHONE:   504.566.5200
FAX:        504.636.4000

www.bakerdonelson.com

affected by KPT Chinese Drywall prior to the Execution Date (December 20, 2011) of the Knauf Class Settlement Agreement on a property-by-property basis. R. Doc. 12061-6 (Already Remediated Properties Protocol).

Owners of Already Remediated Properties (also referred to as Already Remediated Homes or ARHs) are required to submit documentation, including but not limited to evidence of KPT Chinese Drywall and Non-KPT Chinese Drywall, if any, in the property prior to remediation, as well as photographs and/or video images of all drywall removed from the property during remediation. *Id*. at § 3. The submission must be submitted pursuant to PTO 1B, which was issued by the Court on October 9, 2009. *Id*.

PTO 1(B) established the Court's requirements "with respect to the preservation of physical evidence from properties that may be repaired by the parties during the course of this litigation." PTO 1(B) (R. Doc. 337).

The Court made it clear that all parties were and are required to present physical evidence by following a few basic procedures, including but not limited to the following:

> The parties shall photograph the backside of each Chinese drywall board immediately after it is removed on-site, and, document on a floor plan, building diagram, or other similar form of documentation, the location of each full or partial Chinese drywall board removed from the property and its photograph. Photographs of the wall sections should be taken so that any markings on the backside of the drywall sections are most clearly visible in the photographs.

*Id*. at p. 3. The party responsible for failing to present evidence may be subject to the claim or defense of spoliation. *Id*. at p. 7.

LABB has failed to meet the requirements of the Knauf Class Settlement Agreement, the Already Remediated Properties Protocol, and PTO 1(B). LABB allegedly remediated the Property between March and June 2011, which is long after the formation of MDL 2047 (June 2009) and the issuance of PTO 1(B) (October 2009). Of the approximately 150 boards contained in the Property, only a single KPT board was confirmed. Further, it is well known that other units in Gulf Reflections contained Taishan drywall.

Under the Knauf Class Settlement Agreement, failure to present evidence can result in "disallowance" of a claim."[9] The Knauf Class Settlement Agreement states in pertinent part: "The Special Master and the Court will take into consideration, in determining whether to allow

---

[9] *Id.*



201 ST. CHARLES AVENUE
SUITE 3600
NEW ORLEANS, LOUISIANA 70170
PHONE:   504.566.5200
FAX:        504.636.4000

www.bakerdonelson.com

a claim…whether the Owner has complied with MDL Pretrial Order 1B… for preservation of evidence."[10] Further, subject to review by the Special Master or the Court, the failure to present evidence as required by law will result in disallowance or reduction in the amount of the claim if the failure has been prejudicial to a determination of the claim.[11]

Because LABB failed to present KPT evidence in accordance with the Knauf Class Settlement Agreement, the Already Remediated Properties Protocol, and PTO 1(B), the Knauf Defendants have been prejudiced in a determination of the claim, and therefore, LABB's claim should be disallowed.[12]

                Respectfully submitted,

                BAKER, DONELSON, BEARMAN,
                CALDWELL & BERKOWITZ, PC


                _/s/ Daniel J. Dysart____
                DANIEL J. DYSART

---

[10] *Id.*

[11] *Id.*

[12] Should the claim be compensable under the Knauf Class Settlement Agreement, it is limited to Reimbursable Costs multiplied by the KPT percentage.  The amount for Reimbursable Costs is also subject to further deduction based on any GBI amounts already received by LABB.  Furthermore,  LABB is not entitled to the lump-sum payment because it is not a Residential Owner under the Knauf Class Settlement Agreement and never "resided" in the Property prior to the alleged remediation.

4