# EXHIBIT "C"

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| TAYLOR WOODROW HOMES CENTRAL FLORIDA DIVISION, LLC, and MORRISON HOMES, INC., n/k/a TAYLOR MORRISON SERVICES, INC., | CIVIL ACTION NO.: <br><br> SECTION: |
| Plaintiffs, | JUDGE: |
| v. | MAGISTRATE JUDGE: |
| SCOTTSDALE INDEMNITY COMPANY, d/b/a SCOTTSDALE INSURANCE COMPANY, | |
| Defendant. <br> _____/ | |

**COMPLAINT**

Plaintiffs, Taylor Woodrow Homes Central Florida Division, LLC ("**Taylor Woodrow**"), and Morrison Homes, Inc., n/k/a Taylor Morrison Services, Inc. ("**Taylor Morrison**"), hereby sue Scottsdale Indemnity Company, d/b/a Scottsdale Insurance Company ("**Insurer**" or "**Defendant**"), and allege as follows:

**PARTIES, JURISDICTION, AND VENUE**

1. Defendant Scottsdale Insurance Company ("Scottsdale") is an Ohio corporation with its principal place of business in Arizona.

2. This Court has original jurisdiction over this action pursuant to 28 U.S.C. § 2201(a) because there exists an actual controversy regarding the rights and legal relations of the parties and pursuant to 28 U.S.C. § 1332(a) because the matter in controversy exceeds the sum or value of $75,000 exclusive of interests and costs, and the parties are citizens of different states.

3. Venue is appropriate in this district pursuant to 28 U.S.C. § 1391(a)(3) because the Defendant is subject to personal jurisdiction in this judicial district.  Scottsdale is authorized

to sell insurance in Louisiana. Venue is otherwise appropriate in this district consistent with 28 U.S.C. § 1407 and the June 15, 2009 Transfer Order of the Judicial Panel on Multidistrict Litigation. *See In re Chinese-Manufactured Drywall Products Liability Litigation,* 626 F.Supp.2d 1346 (J.P.M.L. 2009).

4. Taylor Morrison and Taylor Woodrow contracted to build homes in residential communities in Manatee County, Florida.

5. These projects include, among other things, single-family homes, villas and condominiums.

6. Plaintiffs are defendants in actions pending before this Court that were filed by owners of homes containing defective drywall installed by NuWay Drywall, LLC ("**NuWay**").

7. NuWay is Defendant's insured, and is itself a defendant in at least one action pending before this Court seeking damages caused by defective drywall.

8. Defendant is a party to other declaratory actions pending before this Court regarding insurance coverage for damages caused by defective drywall.

## GENERAL ALLEGATIONS

9. Taylor Morrison contracts to build homes and residential communities in states such as Florida, Texas, Colorado and California.

10. Plaintiffs are general contractors and developers of residences and residential subdivisions who developed and caused to be built communities consisting of residences known as Greenbrook, Oakley Place, Aberdeen and Crystal Lakes (collectively, the "**Project**"), in Manatee County, Florida. Some of the residences that were constructed in the Project were built by Taylor Morrison, while others were built by Taylor Woodrow.

11. Plaintiffs contracted with Nu Way Drywall, LLC ("**Subcontractor**"), to supply and install drywall during the construction of the residences in the Project.

12. As a part of its subcontracts with Plaintiffs, Subcontractor was required to obtain insurance policies for the work performed under the subcontracts and to have Plaintiffs named on the Subcontractor's liability insurance policies as additional insureds.

13. Subcontractor supplied and installed defective drywall in several residences located in the Project. Among other damages suffered by Plaintiffs, the defective drywall supplied and installed by Subcontractor has caused and is causing damage to other property in, at, and about the residences, including, but not limited to, electronics, mechanical components (including, but not limited to, HVAC, electrical, and plumbing systems), jewelry, furniture, clothing, and fixtures.

14. The residences in which Subcontractor supplied and installed defective drywall in the Project includes, but is not limited to:

   a) 15314 Skip Jack Loop, Bradenton, Florida 34202, owned by Kristin Morgan Culliton ("**Culliton**");

   b) 7173 50th Avenue Circle East, Palmetto, Florida 34221, owned by Robert and Maria Hay ("**Hay**");

   c) 7207 53rd Place East, Palmetto, Florida 34221, owned by Jason and Shanique Herbert ("**Herbert**");

   d) 2820 124th Avenue East, Parrish, Florida 34219, owned by Grant and Kathryn Reid ("**Reid**").

15. On August 7, 2008, Culliton instituted a civil action against Taylor Morrison in the Circuit Court of the Twelfth Judicial Circuit in and for Sarasota County, Florida, Case No. 2008 CA 012639 NC for damages related to the defective work and materials supplied by Subcontractor (the "**Culliton action**").

16. The civil action filed by Culliton was transferred to the Circuit Court of the Twelfth Judicial Circuit in and for Manatee County, Case No. 41 2009 CA 002419, at which time Culliton asserted a Second Amended Complaint the ("**Second Amended Complaint**"). A copy of the Second Amended Complaint is attached hereto and incorporated herein by reference as Exhibit "A."

17. The Culliton action was then removed to the United States District Court for the Middle District of Florida, Case No. 8:2009 cv 00589 and was subsequently transferred to and consolidated with MDL No. 2047, *In re: Chinese Manufactured Drywall Products Liability Litigation*, pending before the Honorable Eldon E. Fallon in the United States District Court for the Eastern District of Louisiana.

18. The Culliton action was brought seeking damages for construction defects and breach of contract and warranty.

19. The Second Amended Complaint in the Culliton action alleged that Taylor Morrison is responsible for Culliton's damages as a result of the construction defects caused by Subcontractor.

20. The original Complaint in the Culliton action was served on Taylor Morrison Services, Inc., d/b/a Morrison Homes, Inc. on August 13, 2008.

21. Insurer was placed on notice of the Culliton action on June 1, 2009.

22. Despite being placed on notice of the pending action, has Insurer refused to provide Taylor Morrison with the defense in the Culliton action.

23. On or about December 9, 2009, Hay, Herbert, and Reid instituted a civil action against Morrison Homes, Inc., before this Court, Case No. 2009-cv-07628-EEF-JCW, for

4

damages related to the defective work and materials supplied by Subcontractor (the "**Omnibus action**").

24. The Omnibus action was brought seeking damages for construction defects and sounds in negligence, breach of contract and breach of warranties, among other things.

25. The Complaint in the Omnibus action alleges that Morrison Homes, Inc. is responsible for damages as a result of the construction defects caused by Subcontractor.

26. Despite being placed on notice of the Omnibus action, Insurer has refused to provide Morrison Homes, Inc., n/k/a Taylor Morrison, with a defense.

27. On June 25, 2009, Insurer sent a letter to the attorney for Plaintiffs in which it indicated that it was denying coverage to Taylor Morrison.

28. The Culliton action has since settled, the result of which obligates Plaintiffs to perform repairs to the Culliton residence, including, but not limited to, the removal and replacement of defective Chinese drywall installed by Subcontractor, as well as other components of the residence, and the payment of monetary damages to Culliton.

29. Subsequent to the initial filing of the Culliton action and the Omnibus action, Plaintiffs issued a demand to Subcontractor and Insurer that the defective work performed by Subcontractor be repaired and remediated, that any and all defective materials be replaced, that damage to other property be repaired and remediated, and that the defense of the Culliton and Omnibus actions be undertaken.

30. Subcontractor and Insurer failed to comply with Plaintiffs' demands and, consequently, Plaintiffs are in the process of repairing and remediating the conditions arising out of the defective work performed by Subcontractor and Taylor Morrison is defending the Culliton and Omnibus actions.

1008659v.1

31. As such, Plaintiffs have been damaged as a result of defective work of Subcontractor and the failure and refusal of Subcontractor and Insurer to repair and remediate Subcontractor's defective work and the conditions arising out of such defective work and Taylor Morrison has been damaged as a result of Subcontractor's and Insurer's failure to defend the Culliton and Omnibus actions.

32. Plaintiffs have retained the law firm of Sivyer Barlow & Watson, P.A., to represent them in this action and Taylor Morrison in the Culliton and Omnibus action and have agreed to pay the firm its reasonable attorneys' fees and costs. Plaintiffs have and will continue to incur fees and costs in bringing this action and defending the Culliton and Omnibus actions.

33. Plaintiffs are entitled to recover their attorneys' fees and costs pursuant to Florida Statute § 627.428.

**PLAINTIFFS' INSURANCE COVERAGE**

34. Subcontractor, as subcontractor to Plaintiffs, purchased from Insurer at least one commercial general liability policy, policy number CLS1335522, (the "**Policy**"), for the work performed and materials provided during construction of the residences at the Project. Taylor Woodrow is an additional insured and certificate holder on the Policy. A copy of the Policy is attached hereto as Exhibit "B."

35. Upon information and belief, Taylor Morrison is an additional insured under another policy of insurance or should have been an additional insured under the Policy for residences constructed by Taylor Morrison. The Policy and any other policy of insurance in which Taylor Morrison or Taylor Woodrow are additional insureds are hereafter referred to collectively as the "**Policies**."

6

1008659v.1

36. Plaintiffs have performed all of their obligations under the Policies except those, if any, the performance of which was prevented or excused by the acts, errors or omissions of the Defendant.

37. Plaintiffs timely made claims to Defendant under the Policies regarding covered damages at the Project, including, but not limited to, damage to other property resulting from defective work of Subcontractor and the defense of the Culliton and Omnibus actions (the "**Coverage Claim**"), and have repeatedly demanded that Defendant acknowledge its obligation to pay the Coverage Claim, to pay on behalf of Plaintiffs any and all necessary investigation, repair and remediation expenses and other covered costs arising out of the covered damages, and to defend the Culliton and Omnibus actions.

38. Notwithstanding receipt of Plaintiffs' Coverage Claims and demands, Defendant has failed and/or refused to pay the Coverage Claim or defend the Culliton and Omnibus actions, as required by the terms of the Policies and applicable law.

39. As a direct and proximate result of Defendant's breach of its obligations under the Policies, Plaintiffs have been damaged in an amount to be proven at trial.

40. Plaintiffs have demanded that Defendant confirm coverage for and agree to pay on Plaintiffs' behalf the necessary remediation costs and expenses associated with the Coverage Claim and to defend the Culliton and Omnibus actions as Defendant is obligated to do by the terms of the Policies and applicable law. Defendant has nonetheless refused to acknowledge, accept or undertake its obligations to Plaintiffs. Instead, Defendant has repudiated its obligations to Plaintiffs. Defendant's breaches of its obligations under the Policies and applicable law are continuing.

41. Plaintiffs are in doubt about their rights under the Policies with regard to the Coverage Claim and request a judicial declaration of those rights and the duty of Insurer to pay Plaintiffs for the damages suffered by Plaintiffs as set forth in the Coverage Claim and to defend the Culliton and Omnibus claims.

42. Plaintiffs are entitled to have the doubt removed because a justiciable controversy exists, as more specifically set forth herein.

## COUNT I

### (Declaratory Relief – Duty to Pay)

43. Plaintiffs incorporates by reference paragraphs 1 through 42 as though fully set forth herein.

44. Plaintiffs desires a judicial determination and declaration of the parties' respective rights and duties under the Policies, and specifically a judicial determination and declaration that Plaintiffs are entitled to coverage for their Coverage Claims, as required by the terms of the Policies and applicable law.

45. A judicial declaration of the rights, duties and obligations of the parties is necessary and appropriate at this time in that Plaintiffs have no plain, speedy, or adequate remedy at law, and a judicial determination and declaration of rights herein will avoid a multiplicity of actions.

WHEREFORE, Plaintiffs respectfully requests a judicial determination that the Policies provide coverage for the Coverage Claims and that Insurer is liable to Plaintiffs for damages suffered as a result of the defective work on the part of Subcontractor, that Insurer is liable for Plaintiffs' attorneys' fees and costs, and for such other relief as this Court deems just and proper.

1008659v.1

## COUNT II

### (Breach of Contract- Duty to Pay)

46. Plaintiffs incorporates by reference paragraphs 1 through 42, inclusive, of this Complaint as though fully set forth herein.

47. Plaintiffs have performed all conditions, covenants, and promises required of them to be performed in accordance with the terms of the Policies, except for those terms the performance of which was excused, prevented, hindered, or frustrated by Defendant.

48. Defendant breached its obligations under the Policies by unreasonably refusing and/or unreasonably failing to provide coverage for the Plaintiffs' Coverage Claims.

49. As a proximate result of the breach by Defendant of the Policy's terms, Plaintiffs have been damaged in an amount to be proven at trial, but not less than the jurisdictional minimum of this Court.

WHEREFORE, Plaintiffs respectfully requests final judgment against Insurer for damages suffered as a result of Insurer's breach of its obligations under the Policies, for attorneys' fees and costs, and for such other relief as this Court deems just and proper.

## COUNT III

### (Breach of Contract – Duty to Defend)

50. Plaintiff incorporates by reference paragraphs 1 through 42, inclusive, of this Complaint as though fully set forth herein.

51. The Second Amended Complaint filed by Culliton and the complaint filed in the Omnibus action allege a claim within the scope of the insuring agreement of the Policies.

52. The Second Amended Complaint filed by Culliton and the complaint filed in the Omnibus action demonstrate a duty to defend Taylor Morrison under the Policies.

53. Insurer owed Taylor Morrison the following duties:

9

  a.  Duty to investigate and adjust any claims against Taylor Morrison;

  b.  Duty to attempt in good faith to settle claims when, under all circumstances, could and should have done so, had it acted fairly and honestly towards Taylor Morrison and with due regard for its interest;

  c.  Duty to defend Taylor Morrison against complaints alleging claims within the scope of the insuring agreement; and

  d.  Duty to indemnify Taylor Morrison for claims falling within the scope of the insuring agreement.

54. Insurer breached the obligations and duties of the Policies imputed to Insurer in one or more of the following ways:

  a.  Insurer refused to defend Taylor Morrison as required under the policy;

  b.  Insurer failed and refused to adjust the Claim being made against Taylor Morrison by Culliton, Hay, Reid, and Herbert.

  c.  Insurer failed or refused to investigate the Claim against Taylor Morrison by Culliton, Hay, Reid, and Herbert.; and

  d.  Insurer failed and refused to provide Taylor Morrison with actual notice of its denial of the Claim and refusal to provide a defense in the Culliton and Omnibus actions.

55. These failures and refusals constitute a breach of the Policies' obligations and caused damages to Taylor Morrison in the form of the costs of defending the Culliton and Omnibus actions.

1008659v.1

56. Due to Insurer's refusal to comply with its obligations, Taylor Morrison has been forced to retain the services of counsel and is responsible for payment of reasonable attorneys' fees and costs.

57. Taylor Morrison is entitled to recover reasonable attorneys' fees and costs pursuant to Florida Statute § 627.428, as a result of the prosecution of this action.

WHEREFORE, Taylor Morrison prays for relief from this court in judgment against Insurer awarding all damages incurred, as well as costs, interests, attorneys fees, and any other such relief as this court deems just and appropriate.

## COUNT IV

### (Breach of Fiduciary Duty)

58. Plaintiffs incorporate by reference paragraphs 1 through 42, inclusive, of this Complaint as though fully set forth herein.

59. Insurer, having named Plaintiffs as named insureds, occupied a fiduciary relationship to Plaintiffs.

60. Insurer owed Plaintiffs the following duties:

    a. Duty to investigate and adjust any claims against Plaintiffs in a good faith manner;

    b. Duty to defend Taylor Morrison against complaints alleging claims within the scope of the insuring agreement;

    c. Duty to indemnify Plaintiffs for claims falling within the scope of the insuring agreement; and

    d. Duty to attempt in good faith to settle claims when, under all circumstances, could and should have done so, had it acted fairly and honestly towards Plaintiffs and with due regard for their interests.

11

61. Insurer refused to perform its fiduciary obligations in one or more of the following:

    a. Insurer refused to defend Taylor Morrison as required under the policy;

    b. Insurer failed and refused to adjust the claims being made against Plaintiffs by Culliton and others;

    c. Insurer failed and refused to investigate the claims against Plaintiff by Culliton, Hay, Reid, Herbert, and others; and

    d. Insurer failed and refused to provide coverage pursuant to the Policies for the Coverage Claims.

62. Due to Insurer's refusal to comply with its obligations, Plaintiffs have been forced to retain the services of counsel and are responsible for payment of reasonable attorneys' fees and costs.

63. Plaintiffs are entitled to recover reasonable attorneys' fees and costs pursuant to Florida Statute § 627.428, as a result of the prosecution of this action.

64. The refusal by Insurer to protect and defend Plaintiffs and to pay the Coverage Claims has directly resulted in damages to Plaintiffs in the way of costs and expenses in defending the Culliton action and in repairing and remediating Subcontractor's work.

WHEREFORE, Plaintiffs pray for relief from this court in judgment against Insurer awarding all damages incurred, as well as costs, interests, attorneys fees and any other such relief as this court deems just and appropriate.

1008659v.1

**Demand for jury trial**

Trial by jury is hereby demanded for all issues so triable.

> Respectfully submitted,
>
> */s/ Dorothy H. Wimberly*
> Phillip A. Wittmann, 13625
> Dorothy H. Wimberly, 18509
> STONE PIGMAN WALTHER
> WITTMANN L.L.C.
> 546 Carondelet Street
> New Orleans, Louisiana 70130
> Phone: 504-581-3200
> Fax: 504-581-3361
> dwimberly@stonepigman.com
>
> *Attorneys for Plaintiffs*
>
>
> */s/ Neal A. Sivyer*
> Neal A. Sivyer
> Florida Bar No. 373745
> nsivyer@sbwlegal.com
> Stephen E. Walker
> Florida Bar No. 0497851
> swalker@sbwlegal.com
> SIVYER BARLOW & WATSON, P.A.
> 401 E. Jackson Street, Suite 2225
> Tampa, Florida 33602
> Telephone: 813-221-4242
> Facsimile: 813-227-8598
> *Attorneys for Plaintiffs*

1008659v.1