UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: CHINESE-MANUFACTURED DRYWALL PRODUCTS LIABILITY LITIGATION | MDL DOCKET: 2047<br><br>SECTION: L<br><br>JUDGE FALLON |
| **THIS DOCUMENT RELATES TO:**<br>*ALL CASES* | MAG. JUDGE WILKINSON |

**REPLY TO FEE COMMITTEE'S RESPONSE IN OPPOSTION TO ACTIVE BUILDER MOTION OF TAYLOR MORRISON, INC., THE RYLAND GROUP, INC., AND LWH, LLC**

COME NOW Taylor Morrison, Inc., The Ryland Group, Inc. n/k/a CalAtlantic Group, Inc., and LWH, LLC. (collectively, "Movants"), who respectfully submit this Reply to the Fee Committee's Response in Opposition to Movants' Motion for Determination of "Active Builders" status [Rec. Doc. 20503].

**I.   THE OBJECTION OF THE FEE COMMITTEE TO MOVANTS' MOTION IS BASED UPON MISTAKEN REASONING**

Movants respectfully assert that the Fee Committee's objections to its "Active Builder" Motion are misplaced for two reasons. First, the Fee Committee has focused on depositions of Knauf representatives that took place overseas during this case. The Fee Committee asserts that one other counsel for the homebuilders (Ms. Bass) attended the depositions in person, and the undersigned counsel did not. However, the Knauf depositions are wholly irrelevant to the "set asides" that are at issue for the pending Motion. None of the funds held back for Movants have anything to do with the Knauf Settlement. Movants settled their claims against Knauf directly with Knauf, and did not

participate in the Knauf global settlement fund.  **The set asides relative to Movants relate solely to the Banner and Global Settlements.**

The second reason that the Fee Committee's objections are misplaced is that they suggest that the undersigned counsel was "handsomely paid" for his services by Movants (Fee Committee's Response at p. 5), and that this is proper grounds to deny active builder status to Movants.  Movants did pay substantial fees to counsel for the services performed over several years.  However, none of the funds that were "set aside" from the Banner and Global Settlements will be paid to the undersigned counsel.  Instead, these funds will be paid to Movants, to reimburse them for their repair costs.  The fact that Movants incurred and paid substantial fees and costs to the undersigned counsel actually supports Movants' motion rather than detracts from it.

## II. MOVANTS ARE NOT SEEKING A COMMON BENEFIT FEE.  THEY NEED NOT SHOW BENEFITS TO ALL PLAINTIFFS TO BE CLASSIFIED AS "ACTIVE BUILDERS"

In its Response in Opposition to Movants' Active Builder Motion, the Fee Committee asserts:

> Appropriately, Mr. Sivyer's time records and billing statements demonstrate that he was handsomely paid for these services by his clients. . . . In other words, Mr. Sivyer's efforts were performed to address the individual needs of his clients and were not performed with the intent of having an extended benefit that would justify a reduction in fees owed for common benefit work. (Footnote omitted).  To this point, none of the work-product Mr. Sivyer created was ever provided to the PSC to further its litigation efforts on behalf of all Plaintiffs.

Fee Committee's response at p. 5.

The Fee Committee's argument is misplaced.  Movants are not requesting a common benefit fee from the settlements of other plaintiffs.  That is what the PSC is requesting.  Instead, Movants are seeking to recover a larger portion of the "set aside"

2

funds **from their own Banner and Global Settlement recoveries.**  Those funds are intended to partially repay Movants for repairing the homes of their clients which contained CDW.  While the term "active builder" is not defined in the Memorandum of Understanding, it clearly does not require Movants to demonstrate how they benefitted other parties (even though the work of Movants' counsel did benefit other parties as outlined in its motion).  See Memorandum of Understanding at p. 1.

## ARGUMENT

While it is true that undersigned counsel did not attend any of the Knauf depositions in New York, Germany, or Hong Kong, **none of the set aside funds at issue relate to the Knauf claims**.  Instead, due to the sole efforts of Movants directly, they procured a settlement with Knauf outside of the Global Settlement.  Some of the depositions mentioned in the Fee Committee's memorandum (Fee Committee's response at p. 4) took place after the settlements between Movants and Knauf.  It would have made absolutely no sense for Movants to pay undersigned counsel to attend depositions in other countries, when Movants had reached their own settlement with Knauf.  Since none of the funds at issue relate to settlements with Knauf, these tasks could not possibly be relevant to a determination of whether Movants are "active builders" as to the Banner and Global Settlements.  The settlement with Knauf was separate from the Banner and Global Settlements.

With regard to the Banner and Global Settlements, Movants' Motion for Determination of Active Builder Status reflects the extensive litigation advanced by Movants against those defendants, which helped procure a settlement by creating pressure on those defendants to resolve the CDW claims.  To reiterate, Movants filed

3

claims in this MDL action, and in separate lawsuits against Banner and several of the global defendants, and pursued those cases prior to the Banner and Global Settlements being entered into.

In addition, most importantly, undersigned counsel argued successfully that *all* of the homebuilders should be permitted to voluntarily communicate with and offer repairs of the putative plaintiffs' homes. These arguments were made in opposition to the PSC's motion to prohibit communications between the homebuilders and their clients. Movants' counsel argued this motion on multiple occasions successfully. This allowed many homes to be repaired by Movants and other homebuilders, and in doing so benefitted all of the homeowner plaintiffs, allowing their homes to be repaired without cost. It is those same repairs that resulted in the settlements benefitting all homebuilders relative to both the Banner and Global Settlements. Had these repairs not been made prior to the settlement, there would have been further arguments about the reasonable repair costs incurred.[1]

In addition, as set forth in the Motion for Determination of Active Builder Status, Mr. Sivyer was actively involved in negotiating the repair protocol, the evidence preservation protocol, and the inspection protocols. Each of these resulted in an order entered by Judge Fallon that was followed throughout the entire course of the proceedings. These orders set forth a procedure on how to repair the homes, what

---

[1] The PSC indicates that Mr. Sivyer was "one of ten attorneys initially appointed to the Defense Steering Committee" (Fee Committee's Response at p. 5, footnote 1). However, the Defense Steering Committee was later divided in two and the Homebuilders' Steering Committee was formed. It is without dispute that only Ms. Bass (Lennar's counsel) and Movants' counsel actively participated in the overall proceedings by arguing motions and heading up negotiations to resolve all of the homebuilders' claims. Only Ms. Bass and the undersigned counsel attended the steering committee meetings with Judge Fallon on behalf of the homebuilders and regularly attended all of the MDL hearings prior to the Banner and Global Settlements. Dorothy Wimberly also was extensively involved as liaison counsel; however, her compensation has been resolved through the Memorandum of Understanding.

evidence needed to be preserved to support the claims, and what inspections needed to be done before and after repairs were made.   That was the heart of this case.

## CONCLUSION

Movants are not minimizing the efforts of the PSC regarding this lawsuit and the settlements obtained.  The PSC is entitled to receive a common benefit fee relative to the Movants' "set aside" funds for the Banner and Global Settlements.  The only issue is the amount of proper common benefit fees that should be taken from Movants' "set asides" in the Banner and Global Settlements.  That amount depends upon whether Movants are deemed Active Builders by this Court.  The amount "set aside" in the Banner and Global Settlements is simply an additional portion of the settlement funds which will be repaid to Movants for their repairs of homes with CDW.

Movants respectfully request that they be paid the additional 9% of the "set aside" amounts as "Active Builders."  Pursuant to the Memorandum of Understanding, Active Builders are charged with 10% common benefit fee to the Plaintiffs' Lead Counsel and Plaintiffs' Liaison Counsel relative to the Banner and Global Settlements of Movants. Given the extensive work and expense incurred by Movants, as evidenced in its billing records, it is respectfully asserted that a 10% common benefit fee to the PSC is sufficient. All funds recovered from the set aside are to be paid to Movants.  None of these funds will be paid to undersigned counsel.

Given the relatively modest amount at issue, and the considerable firsthand knowledge of this Court, it is respectfully requested that the Court allow brief oral arguments prior to a final ruling on this Motion.

WHEREFORE, Movants respectfully request that this Court enter an Order finding them to be "Active Builders" and that, accordingly, the common benefit fee for their set aside amounts relating to the Banner and Global Settlements be limited to 10% The total common benefit fee attributable to Taylor Morrison, Inc. for the Banner and Global Settlements should be $88,532.28; the total common benefit fee for The Ryland Group, Inc. should be $34,230.70; and the common benefit fee for LWH, LLC should be $1,694.22.

Respectfully submitted,

/s/ Neal A. Sivyer
Neal A. Sivyer
Florida Bar No. 373745
**SIVYER BARLOW & WATSON, P.A.**
401 East Jackson Street, Suite 2225
Tampa, Florida 33602
Telephone: (813) 221-4242
Facsimile: (813) 227-8598
nsivyer@sbwlegal.com
*Counsel for Taylor Morrison, Inc., The Ryland Group, Inc., and LWH, LLC.*

6

**CERTIFICATE OF SERVICE**

I hereby certify that on October 14, 2016, the foregoing pleading has been served on the Special Master, Daniel J. Balhoff, Esq., Plaintiffs' Liaison Counsel, Russ Herman, Esq., Homebuilders' Liaison Counsel, Dorothy Wimberly, Esq., and Arnold Levin, Esq. by e-mail, and I electronically filed the foregoing pleading with the Clerk of Court by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in the MDL 2047 proceeding, and upon all parties by electronically uploading the same to LexisNexis File & Serve in accordance with Pretrial Order No. 6.

/s/ Neal A. Sivyer
Neal A. Sivyer