UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

IN RE: CHINESE-MANUFACTURED     MDL NO. 2047
DRYWALL PRODUCTS LIABILITY     SECTION: L
LITIGATION

THIS DOCUMENT RELATES TO:     JUDGE FALLON
*ALL CASES*     MAG. JUDGE WILKINSON

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

## SPECIAL MASTER CASE MANAGEMENT ORDER NO. 1

By Order dated July 18, 2016 (entered July 19, 2016), Daniel J. Balhoff was appointed Special Master [Rec. Doc. 20410]. Thereafter, on August 30, 2016, the Court clarified and supplemented that Order [Rec. Doc. 20478]. The following Case Management Order is established to govern these proceedings before the Special Master:

I. **PENDING MOTIONS**

   A. The Court's supplemental order concerning the Special Master's appointment [Rec.Doc. 20140] stated that the Special Master should make recommendations concerning all pending attorneys' fee issues, citing the various iterations of Pre-Trial Order 28.

   B. The Court's supplemental appointment order further specifically referred two motions to the Special Master:

   - The Fee Committee's Recommendations Regarding the Allocation of the Global Fee Award as Between Common Benefit Fees and Individual Counsel's Fees Pursuant to PTO 28(F) [Rec. Doc. 20293]. Resolution of this motion must await the completion of discovery as described below, along with appropriate briefing and argument.

   - The Request of the Objectors for a Protocol for Discovery and the Appointment of Val Exnicios & Jimmy Faircloth as Objectors' Co-Liaison Counsel, Without Other Objector Opposition, and Without PSC/FC Objection (except as to Proposed Fee Compensation Provision) [Rec. Doc. 20407]. On September 6, 2016, the Court dismissed this motion as moot, with the understanding that the Special Master

1

would appoint Co-Liaison Counsel for the Objectors (as discussed below) [Rec. Doc. 20467].

C. In addition to the two motions referenced in the Court's supplemental appointment order, the Special Master is currently considering the following motions:

- Villa Lago Plaintiffs' Motion for a Final Award of Attorneys' Fees and Reimbursement of Costs [Rec. Doc. 20347]. The Fee Committee filed a response opposing this motion [Rec. Doc. 20383]. The Special Master will make a recommendation concerning this motion either in the near future or as part of more comprehensive recommendations in tandem with the resolution of Rec. Doc. 20293.

- The Fee Committee's Motion to Approve the Amended Memorandum of Understanding Regarding All Homebuilder Claims for Reimbursement of Counsel Fees [Rec. Doc. 20467]. On September 9, 2016, Mr. Arnold Levin circulated a letter on behalf of the Fee Committee proposing a schedule for the disposition of this motion. That same day, the Special Master adopted the proposed schedule. On September 23, 2016, the Special Master received a letter from Mr. Neal Sivyer (dated September 22, 2016) along with accompanying exhibits. The deadlines for responses are outlined in Mr. Levin's September 9, 2016 letter, referenced above.

D. The Special Master will confer with the Court to determine if there are any other filed motions which fall within the Special Master's assignment.

## II. CO-LIAISON COUNSEL FOR THE OBJECTORS

The Special Master has appointed Mr. Val Exnicios and Mr. Jimmy Faircloth as Co-Liaison Counsel for the Objectors. Co-Liaison Counsel's sole responsibility is to facilitate communication among the Objectors and the other interested parties involved in this matter, including the Special Master. This appointment is not intended to restrict the Objectors' access to the Special Master in any way. The Special Master recognizes that not all of the Objectors' interests are fully aligned with those of Co-Liaison Counsel. Any Objector may contact the Special Master directly, and any Objector may file pleadings or submit memoranda to state positions in addition to the ones advanced by Co-Liaison Counsel.

### III. CONFERENCE WITH OBJECTORS

If the Objectors wish, the Special Master is willing to host a joint conference in the near future either in person or by telephone with those Objectors who would like to participate. The purpose of the conference would be to discuss the logistics of accomplishing discovery from the perspective of the Objectors.

### IV. SEALED DOCUMENTS

The Special Master has been given access to all sealed documents. Except as provided herein, or as otherwise ordered by the Court or Special Master at a later date, all sealed documents shall remain confidential. Objectors to the Fee Committee's proposed fee allocation may share with Co-Liaison Counsel for the Objectors those documents filed under seal pertaining to those respective Objectors. For instance, a document pertaining to The Alters Law Firm, P.A. (used in this example simply because it is the first law firm listed below) has been filed under seal. The Alters Law Firm, P.A. may choose to share the document with Co-Liaison Counsel. If so, Co-Liaison Counsel must ensure the document's continuing confidentiality. These criteria apply to the following Objectors:

    a. The Alters Law Firm, P.A.[1]

    b. Baron & Budd, P.C.[2]

---

[1] *E.g.*, Appendix A to the Fee Committee's Omnibus Response to Objections to the Fee Committee's Motion to Determine the Allocation of the Global Fee Award As Between Common Benefit Fees and Individual Counsel's Fees Pursuant to PTO 28(F) [Rec. Doc. 20384].

[2] *E.g.*, Appendix B to the Fee Committee's Omnibus Response to Objections to the Fee Committee's Motion to Determine the Allocation of the Global Fee Award As Between Common Benefit Fees and Individual Counsel's Fees Pursuant to PTO 28(F) [Rec. Doc. 20384].

    c. Cohen, Milstein, Sellers & Toll, PLLC and Mrachek, Fitzgerald, Rose, Konopka, Thomas & Weiss, P.A.[3]

    d. Milstein, Adelman, Jackson, Fairchild & Wade, L.L.P. and Roberts & Durkee, P.A.[4]

    e. Morgan & Morgan[5]

    f. Parker Waichman, L.L.P.[6]

    g. Whitfield, Bryson & Mason, LLP[7]

    h. Morris Bart, L.L.C.[8]

---

[3] *E.g.*, Appendix C to the Fee Committee's Omnibus Response to Objections to the Fee Committee's Motion to Determine the Allocation of the Global Fee Award As Between Common Benefit Fees and Individual Counsel's Fees Pursuant to PTO 28(F) [Rec. Doc. 20384].

[4] *E.g.*, Appendix D to the Fee Committee's Omnibus Response to Objections to the Fee Committee's Motion to Determine the Allocation of the Global Fee Award As Between Common Benefit Fees and Individual Counsel's Fees Pursuant to PTO 28(F) [Rec. Doc. 20384].

[5] *E.g.*, Appendix E to the Fee Committee's Omnibus Response to Objections to the Fee Committee's Motion to Determine the Allocation of the Global Fee Award As Between Common Benefit Fees and Individual Counsel's Fees Pursuant to PTO 28(F) [Rec. Doc. 20384].

[6] *E.g.*, Appendix F to the Fee Committee's Omnibus Response to Objections to the Fee Committee's Motion to Determine the Allocation of the Global Fee Award As Between Common Benefit Fees and Individual Counsel's Fees Pursuant to PTO 28(F) [Rec. Doc. 20384].

[7] *E.g.*, Appendix G to the Fee Committee's Omnibus Response to Objections to the Fee Committee's Motion to Determine the Allocation of the Global Fee Award As Between Common Benefit Fees and Individual Counsel's Fees Pursuant to PTO 28(F) [Rec. Doc. 20384].

[8] *E.g,* Appendix H to the Fee Committee's Omnibus Response to Objections to the Fee Committee's Motion to Determine the Allocation of the Global Fee Award As Between Common Benefit Fees and Individual Counsel's Fees Pursuant to PTO 28(F) [Rec. Doc. 20384].

i. Pujol, Pryor & Irwin, L.L.C.[9]

Future filings that contain sealed documents applicable solely to a particular law firm may be shared with those parties (including their counsel) who originally had access to the under seal document or the confidential information contained therein so that the documents are handled in a like manner as set forth above absent further orders from the Special Master.

## V. INITIAL DOCUMENT PRODUCTION

No later than October 6, 2016, Mr. Philip Garrett, CPA, shall produce to Co-Liaison Counsel for the Objectors, the Fee Committee, and the Special Master the following, which shall remain confidential (except as provided herein) and be provided under seal:

1. Documents referenced in the Declarations provided by Philip A. Garrett, CPA, for the Fee Committee's Motion to Determine the Allocation of the Global Fee Award as Between Common Benefit Fees and Individual Counsel's Fees Pursuant to PTO 28(F), and in addition, the following materials:

    a. Total Time and Held Costs from Inception of the Case to Present, which will include a report identifying total time by employee, time totals by firm and time totals by firm summary.

    b. Held Costs Expense Reports.

    c. Shared Costs Expense Reports.

    d. Lodestar reports (with current, inception and blended values) identifying the time totals by employee – sortable report from inception of the case to present, which identifies Lodestar information both from the period November 2000 to December 2013 and from January 2014 to present.

The Special Master will determine who will reimburse Mr. Garrett for his time producing documents in response to the Case Management Order.

---

[9] *E.g.*, The portion of the sealed exhibit attached to the Fee Committee's Statement of Position Regarding Pujol, Pryor and Irwin, LLC's Notice of Objection [Rec. Doc. 20415].

5

No later than October 6, 2016, the Fee Committee shall produce to Co-Liaison Counsel for the Objectors, the Fee Committee, and the Special Master the following, which shall remain confidential and shall be provided under seal:

1. A copy of the completed and signed Initial Affidavits for Compensation for Common Benefit Time and Reimbursement of Expenses received by the Fee Committee pursuant to Step 2 of PTO 28.

Either Mr. Garrett or the Fee Committee may ask for a reasonable extension of time if necessary.

## VI. REQUESTS FOR ADDITIONAL DOCUMENT PRODUCTION

After the Initial Document Production phase is complete, the parties may request the production of additional documents. Those requesting the production of additional documents should be prepared to demonstrate that the requests are not duplicative and that they are pertinent to the issues before the Special Master, particularly those outlined in PTO 28(F) [Rec. Doc. 20293].

## VII. DEPOSITIONS

In the event that the parties unanimously agree that they may proceed with one or more depositions before the completion of written discovery, they may do so. Otherwise, the parties may begin scheduling depositions only after all written discovery is complete, or upon receiving leave from the Special Master.

Except as otherwise provided herein, all depositions pursuant to this Case Management Order shall be confidential to avoid disclosure to adverse parties in this ongoing litigation. While the deponent is being examined about any under seal document or the confidential information contained therein, persons other than Objectors (and their attorneys) and Co-Liaison Counsel for Objectors, or any other individual(s) to whom disclosure is not authorized as set forth above shall be excluded from the deposition, and the Court Reporter shall designate such testimony as

confidential.[10] Furthermore, portions of the transcript designated as confidential shall only be made available to those parties who originally had access or who have access pursuant to this Case Management Order to the under seal documents or the confidential information contained therein. The deposition shall be stenographically recorded by a Court Reporter that shall administer the oath or the affirmation to the deponent and a written transcript by the court reporter shall constitute the official record of the deposition for purposes of Fed.R.Civ.P. 30(e). All parties shall bear their own costs in securing copies of the deposition transcript. Objectors (including their counsel) and Co-Liaison Counsel shall have the right to monitor the deposition, but not question the deponent, by telephone.

### A. Mr. Philip Garrett, CPA

Upon the Objectors' review of the documents produced in accordance with this Case Management Order, the Objectors may depose Mr. Philip Garrett, subject to the availability and schedule of Mr. Garrett and the Special Master (who will attend the deposition). The deposition shall be limited to the following topics:

1. The Declarations of Philip Garrett, CPA.
2. Reports prepared by Philip Garrett, CPA.
3. Documents produced by Philip Garrett, CPA.

The deposition of Mr. Garrett shall be scheduled at a mutually convenient time and location to Philip Garrett and shall last no more than eight (8) hours (although the Special Master may choose to shorten or lengthen this time after further discussions with the parties). Questioning attorneys may only ask non-duplicative questions. All Objectors who shall have an aggregate

---

[10] *See In re Xarelto Prod. Liab. Litig.*, MDL 2592, Pretrial Order No. 23 (Deposition Guidelines) at 2 (E.D.La. Feb. 17, 2016). Available at: http://www.laed.uscourts.gov/sites/default/files/xarelto/Pretrial%20Order_23_0.pdf.

allotted time of six (6) hours to question Mr. Garrett. The Special Master will coordinate with the Objectors in advance of the deposition to resolve any disputes concerning division of questioning time and/or responsibilities. The Objectors shall inform the Special Master of their agreed-upon division of questioning time and responsibilities at least 48 hours before the deposition. The Fee Committee shall be allocated time of two (2) hours to question Mr. Garrett. The Fee Committee will designate one (1) primary examiner. The Special Master will determine who will reimburse Mr. Garrett for his time preparing for and attending the deposition.

### B. Fee Committee Designee(s):

The deposition of the Fee Committee Designee(s) shall take place after the completion of the deposition of Mr. Garrett, subject to the availability of the Fee Committee Designee and the Special Master (who will attend the deposition). The Fee Committee shall designate an appropriate representative of representatives to testify as to at least the following areas of inquiry:

1. Step Three: Filing of a Joint Fee Petition and Step Five: Establishment of Common Benefit and Individual Fees pursuant to PTO 28, as amended. This area of inquiry is limited to paragraphs 1 through 10 of PTO 28 and PTO 28(F).

2. The Consolidated Joint Petition of the Fee Committee and the Plaintiffs' Steering Committee for A Global Award of Attorneys' Fees and Reimbursement of Expenses, Filed Pursuant to Pre-Trial Order No. 28 [Rec. Doc. 17700].

3. First Amendment to the Consolidated Joint Petition of the Fee Committee and the Plaintiffs' Steering Committee for A Global Award of Attorneys' Fees and Reimbursement of Expenses, Filed Pursuant to Pre-Trial Order No. 28 [Rec. Doc. 20205].

4. The Fee Committee's Motion to Determine the Allocation of the Global Fee Award as Between Common Benefit Fees and Individual Counsel's Fees Pursuant to PTO 28(F) [Rec. Doc. 20293].

5. The Fee Committee's Omnibus Response to Objections to the Fee Committee's Motion to Determine the Allocation of the Global Fee Award as Between Common Benefit Fees and Individual Counsel's Fees Pursuant to PTO 28(F) [Rec. Doc. 20384].

The Objectors may move the Special Master for the inclusion of additional deposition topics. If they do so, they should be prepared to demonstrate that the requests are not duplicative and that they are pertinent to the issues before the Special Master, particularly those outlined in PTO 28(F) [Rec. Doc. 20293].

The deposition of the Fee Committee Designee(s) shall be scheduled at a mutually convenient time and location and shall last no more than eight (8) hours (although the Special Master may choose to shorten or lengthen this time after further discussions with the parties). Questioning attorneys may only ask non-duplicative questions. All Objectors who shall have an aggregate allotted time of seven (7) hours to question Fee Committee Designee(s). The Special Master will coordinate with the Objectors in advance of the deposition to resolve any disputes concerning division of questioning time and/or responsibilities. The Objectors shall inform the Special Master of their agreed-upon division of questioning time and/or responsibility at least 48 hours before the deposition. At the conclusion of the Objectors' questioning, The Fee Committee shall be allocated time of one (1) hours to question the Fee Committee Designee. The Fee Committee will designate one (1) primary examiner.

**C. Additional Depositions of Fee Committee Members:**

As was previously stated, the Special Master will attend the deposition of the Fee Committee Designee(s). If the Special Master deems it appropriate, he will entertain requests for additional depositions of Fee Committee Members. Anyone requesting such depositions should demonstrate that the requested depositions are not duplicative and that they are pertinent to the issues before the Special Master, particularly those outlined in PTO 28(F) [Rec. Doc. 20293].

**D. Objectors' Designee:**

The deposition of the Objectors' Designee shall take place subject to the availability of the Objectors' Deposition Designee and the Special Master (who will attend the deposition). The Objectors shall designate one (1) representative to testify as to the following areas of inquiry:

1. The efforts and work performed by counsel for individual claimants who seek compensation for handling an individual Chinese drywall claim eligible in any of the various settlements.

2. Oppositions to the Fee Committee's Motion to Determine the Allocation of the Global Fee Award as Between Common Benefit Fees and Individual Counsel's Fees Pursuant to PTO 28(F) [Rec. Doc. 20293].

The deposition of the Objectors' Designee shall be scheduled at a mutually convenient time and location and shall last no more than four (4) hours. There shall be no more than one (1) primary and one (1) secondary examining attorney for the Fee Committee. Questioning attorneys may only ask non-duplicative questions. The Fee Committee shall have an aggregate allotted time of three (3) hours to question the Objectors' Deposition Designee. The Objectors shall be allocated time of one (1) hour to question the Objectors' Deposition Designee. The Special Master will coordinate with the Objectors in advance of the deposition to resolve any disputes concerning division of questioning time and/or responsibilities.

## VIII. OTHER MATTERS

Additional discovery (written discovery or depositions) will be permitted only upon order of the Special Master for good cause. A party requesting additional discovery shall send a letter to the Special Master of no more than ten (10) pages describing the nature and grounds of such additional discovery. The letter should demonstrate that the requested discovery is not duplicative and that it is pertinent to the issues before the Special Master, particularly those outlined in PTO 28(F) [Rec. Doc. 20293].

The Special Master reserves the right to amend this Case Management Order as is appropriate.

Baton Rouge, Louisiana, this 25th day of September, 2016.

/s/ Daniel J. Balhoff
Special Master Daniel J. Balhoff