UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

IN RE: CHINESE-MANUFACTURED
DRYWALL PRODUCTS LIABILITY
LITIGATION                                            MDL NO. 2047

                                                      SECTION: L

                                                      JUDGE FALLON
                                                      MAG. JUDGE WILKINSON

THIS DOCUMENT RELATES TO:
*ALL CASES*
* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

### ERRATA TO FEE COMMITTEE'S MOTION TO DETERMINE THE ALLOCATION OF THE GLOBAL FEE AWARD AS BETWEEN COMMON BENEFIT FEES AND INDIVIDUAL COUNSEL'S FEES PURSUANT TO PTO 28(F)

On June 6, 2016, the Chinese Drywall MDL 2047 Fee Committee ("FC") filed its motion to determine the allocation of the $192,981,363.35 Global Fee Award as between common benefit fees and individual counsel's fees pursuant to PTO 28(F) (Rec. Doc. 20290). In that motion, the FC sought an award of common benefit fees for the Plaintiffs' Steering Committee ("PSC") and other common benefit counsel working at the PSC's direction, which amounted to 10.65% of the aggregate value of the Knauf, Global, Banner, InEx, and Virginia class settlements, or $119,313,367.08, based on an analysis of the *Johnson* factors (Rec. Doc. 20290-4 at 17, 52-53, 64-65). If granted, this award would represent a split of the available funds of ~59.37% / ~40.63% as between common benefit counsel and individually retained attorneys (*id.* at 56-57). After deductions for the voluntary contributions for common benefit fees ($3,332,058.26) and the attorneys' fees set aside from North River ($1,400,000.00), the net amount requested for common benefit fees was $114,581,308.82 (*id*. at 56), which left $78,400,054.53 remaining for individually retained counsel (*id.*).

1

Since that filing, the FC became aware of an error regarding the treatment of the attorneys' fees derived from the Virginia Settlements identified in the "Attorney Fee Reconciliation" prepared by Mr. Philip Garrett, which was attached as Exhibit "2" to the Revised and Updated Affidavit of Philip A. Garrett, C.P.A. Pursuant to Pretrial Order No. 28(F) ¶16 (hereafter "Garrett Affid.") (Rec. Doc. 20290-5), and accompanied the Fee Allocation motion. Through this Errata, the FC explains how this error diminishes the amount of fees previously attributed to *all* individually retained counsel who are part of the Knauf interrelated settlements (Knauf, Global, Banner, and InEx) by the amount of fees that are actually attributable *only* to the Virginia individually retained counsel who are not recipients of the fees generated by the Knauf interrelated settlements.

On October 13, 2016, Virginia Class Counsel submitted a letter to Mr. Garrett, which informed the Court-appointed CPA of a calculation error in the amount of fees available for distribution from the Four Virginia-Based Settlements that are described in his Reconciliation. A copy of the October 13, 2016 letter of Messrs. Levin, Herman and Serpe is attached hereto as Exhibit "A". The error identified therein related to the treatment of the allocative share for individually retained counsel's attorneys' fee set aside from the Virginia-based Settlements. This set aside should have been excluded from the total available for distribution from the Global/Banner/InEx/Knauf settlements, but the Reconciliation did not account for the Court's anticipated split between common benefit attorneys and individually retained counsel of the Virginia attorneys' fees. Accordingly, Mr. Garrett has provided the FC with a revised Chinese Drywall Attorney Fee Reconciliation, which segregates the Virginia Attorneys' fees. (Attached hereto as Exhibit "B").

2

Mr. Garrett's original Reconciliation lumped together the funds available for the Global/Banner/InEx/Knauf settlements together with the Virginia Settlements, which explains his "Funds Available for Common Benefit and Individual Retained Attorneys as of 2/29/16" line-item of $192,981,363.35. This figure remains accurate. However, because it does not address the exclusive entitlement of the allocative share available only for Virginia Individually retained counsel, when the FC employed it to calculate the common benefit award of $114,581,308.92 and the individually retained counsel fees award of $78,400,054.53, the FC unwittingly failed to segregate from the total fees remaining for private attorneys the amount of fees only attributable for Virginia private attorneys, *i.e.,* $2,304,608.57. *See* Fee Allocation Memorandum at 56.

The FC must correct this oversight. As set forth in the accompanying chart entitled, "Attorneys' Fees Available for Distribution in Common Benefit Counsel (CB) and Individually Retained Attorneys (IR) [attached hereto as Exhibit "C"], the attorneys' fees from the Virginia Settlement funds constitute 2.94% of the total fees Available and the attorneys' fees from the Knauf/Global/Banner/InEx Settlement funds constitute 97.06% of the total fees available. Using these percentages, and still assuming the requested common benefit fee allocation split of ~59.37%/~40.63% for the requested net award of $114,581,308.82, the net Common Benefit fees attributable to the K/G/B/I Settlement Funds is $111,212,6818.34 ($114,581,308.82 x 97.06%), and the net Common Benefit fees attributable to the Virginia Settlement Funds is $3,368,690.48 ($114,581,308.82 x 2.94%). Thus, the amount of fees remaining for Individually Retained Counsel with respect to the Knauf/Global/Banner/InEx Settlement funds is reduced to $76,095445.96 ($187,30,064.30 - $111,212,618.34). Accounting for this previously overlooked treatment of the attorneys' fees attributable to the Individually Retained Counsel of the

3

approximately 280 Virginia property owners, now makes plain that they are entitled to receive $2,304,608.57, while the remaining Individually Retained Counsel in the Knauf interrelated settlements will receive $76,095,445.96.

This calculation error only impacts the amount of fees available to individually retained counsel. It has no impact on the FC's methodology or the recommendation for the outcome of the attorney's fees allocation between common benefit attorneys and individually retained counsel.

                                          Respectfully submitted,

Dated: November 1, 2016         /s/ Russ M. Herman_____
                                          Russ M. Herman (Bar No. 6819) (on the brief)
                                          Leonard A. Davis (Bar No. 14190) (on the brief)
                                          Stephen J. Herman, Esquire (Bar No. 23129)
                                          HERMAN, HERMAN & KATZ, L.L.C.
                                          820 O'Keefe Avenue
                                          New Orleans, Louisiana 70113
                                          Phone: (504) 581-4892
                                          Fax: (504) 561-6024
                                          LDavis@hhklawfirm.com
                                          *Plaintiffs' Liaison Counsel MDL 2047*
                                          *Co-Chair/Secretary Fee Committee*

                                          Arnold Levin (on the brief)
                                          Fred S. Longer (on the brief)
                                          Sandra L. Duggan (on the brief)
                                          Levin, Fishbein, Sedran & Berman
                                          510 Walnut Street, Suite 500
                                          Philadelphia, PA 19106
                                          Phone: (215) 592-1500
                                          Fax: (215) 592-4663
                                          Alevin@lfsblaw.com
                                          *Plaintiffs' Lead Counsel MDL 2047*
                                          *Chair Fee Committee*

Gerald E. Meunier (LA Bar No. 9471)
Gainsburgh, Benjamin, David,
  Meunier & Warshauer, LLC
2800 Energy Centre
1100 Poydras Street
New Orleans, LA 70163-2800
Phone: (504) 522-2304
Fax: (504) 528-9973
gmeunier@gainsben.com
*Co-Counsel for Plaintiffs and PSC Member*
*Fee Committee Member*

***ON BEHALF OF THE FEE COMMITTEE***

**CERTIFICATE OF SERVICE**

I hereby certify that the above and foregoing pleading has been served on Defendants' Liaison Counsel, Kerry Miller, by e-mail and upon all parties by electronically uploading the same to LexisNexis File & Serve in accordance with Pre-Trial Order No. 6, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2047 on this 1st day of November, 2016.

/s/ Leonard A. Davis
Leonard A. Davis, Esquire
Herman, Herman & Katz, L.L.C.
820 O'Keefe Avenue
New Orleans, Louisiana 70113
Phone: (504) 581-4892
Fax: (504) 561-6024
Ldavis@hhklawfirm.com
Plaintiffs' Liaison Counsel MDL 2047
*Co-counsel for Plaintiffs*

# EXHIBIT A

# LEVIN, FISHBEIN, SEDRAN & BERMAN
*Counsellors at Law and Proctors in Admiralty*

ARNOLD LEVIN
MICHAEL D. FISHBEIN
HOWARD J. SEDRAN
LAURENCE S. BERMAN
FRED S. LONGER *
DANIEL C. LEVIN
CHARLES E. SCHAFFER
AUSTIN B. COHEN *
MICHAEL M. WEINKOWITZ * †
MATTHEW C. GAUGHAN * †
KEITH J. VERRIER *
LUKE T. PEPPER
NICOLA F. SERIANNI *

510 WALNUT STREET
SUITE 500
PHILADELPHIA, PA 19106-3697
www.lfsblaw.com

TELEPHONE (215) 592-1500
FACSIMILE (215) 592-4663

OF COUNSEL:
SANDRA L. DUGGAN

* also admitted in New Jersey
† also admitted in New York

October 13, 2016

**CONFIDENTIAL ATTORNEY WORK PRODUCT**

**VIA EMAIL**

Philip A. Garrett, CPA
600 Northwoods Drive
Abita Springs, LA 70420

Re: *In re Chinese-Manufactured Drywall Prods. Liab. Litig.*, MDL 2047 (E.D. La.)

Dear Mr. Garrett:

    This letter is to inform you of a calculation error in the amount of fees available for distribution from the Four Virginia-Based Settlements. In the attorney fee reconciliation spreadsheet, it was determined that $192,981,363.35 is the amount available for common benefit and individual attorneys' fees. The Court will determine which portion of the Virginia attorney fees will be allocated for common benefit fee distribution. The remaining Virginia attorneys' fees constitute individual attorneys' fees set aside from the Four Virginia-based Settlements. **However, this set aside for individual attorneys' fees from the Four Virginia-based Settlements should have been excluded from the total available for distribution to from the Global/Banner/InEx/Knauf settlements.** The plain language of the Virginia-based Settlements Court-approved Allocation Plan, the four Virginia settlement agreements themselves, and the Final Approval Order make clear that the individual attorneys' fees from the Four Virginia-based Settlements should *only* be divided among counsel who represented members of the Four Virginia-based Settlement Classes. Thus, the aggregate amount available for individual attorneys' fees should be reduced to exclude the portion of the Virginia-based Settlement fees, which was set aside for private attorneys who represented members of the Virginia-based Settlement Classes.

    First, each of the Virginia-based Settlement agreements makes clear that "privately retained attorneys for all *class members*" (defined in the agreements as "Petitioning Attorneys"), along with common benefit counsel and class counsel, shall be entitled to petition the Court for attorneys' fees from those settlement funds. *See, e.g.*, Nationwide Settlement Agreement § 17.8

**LEVIN, FISHBEIN, SEDRAN & BERMAN**

Philip A. Garrett, CPA
October 13, 2016
Page 2

(Rec. Doc. 15969-5) (emphasis added). The "class members" are defined within each agreement as those who were injured by Chinese Drywall and whose damages were within the legal responsibility of the settling insurance companies (Nationwide, Builders Mutual, Hanover, and State Farm). *See e.g., id.* §1.1.1. Thus, privately retained attorneys for "class members" necessarily can include only attorneys who represented members of the class, as defined.

This reading is consistent with the Court-approved allocation plan, which contemplates that "following the submission of claims forms...the Court will determine the appropriate amount of attorneys' fees and/or common benefit fees awards *for each Affected Property* from the Attorneys' Fees Set Aside." Rec. Doc. 16800-7 at §3. Thus, the allocation plan makes clear that individual attorneys' fee awards will be associated with the specific properties that are the subject of the Virginia-based Settlements – not properties outside of those settlements.

The Court's final approval order approved the fee and cost provisions of both the Settlement Agreements and Allocation Plan – and it did so after members of the class had been notified of the fee and cost provisions of the settlement agreements and had an opportunity to object or opt out. After considering a small number of objections, the Court found that the above settlement and allocation provisions were "fair, reasonable, and adequate." Rec. Doc. 16934 at 18.

Inclusion of the individual attorneys' fees set aside from the Virginia-based settlements in the total fees available for distribution was inconsistent with the Four Virginia-based Settlement Agreements and the Court's order approving those settlements. Additionally, none of the Virginia class members were part of the Knauf, Banner or InEx settlements and were not on the spreadsheet of properties participating in those settlements. Only a very small percentage of the Virginia class members participated in the Global settlement. The privately retained lawyers for Virginia class members will not receive any portion of the individual attorneys' fees from the Global/Banner/InEx/Knauf Settlements based on their representation of Virginia Class members, with only a few exceptions related to the Global settlement (which will be confirmed by BrownGreer). Thus, the private attorneys' fee set aside for the Four Virginia-based Settlements must be removed from the total available to all individual attorneys in this litigation.

In essence, this adjustment will make crystal clear the division of private counsel fees attributable to the Global/Banner/InEx/Knauf settlements and the Virginia settlements. The adjustment is necessitated by the fact that the Global/Banner/InEx/Knauf settlements were administered by Brown Greer and the Virginia settlements were administered by Special Master Garretson.

**LEVIN, FISHBEIN, SEDRAN & BERMAN**

Philip A. Garrett, CPA
October 13, 2016
Page 3

Accordingly, we would appreciate your preparation of revised reconciliation correcting this calculation error.

Thank you for your continued patience and all of your efforts.

Sincerely,

_____
ARNOLD LEVIN
Plaintiffs' Lead Counsel

_____
RUSS M. HERMAN
Plaintiffs' Liaison Counsel

_____
RICHARD J. SERPE
Virginia Class Counsel

cc: Daniel J. Balhoff, Esquire (via email)
    Jeremy W. Alters, Esquire (via email)
    Russell W. Budd, Esquire (via email)
    Allison Grant, Esquire (via email)
    Theodore J. Leopold, Esquire (via email)
    Gregory S. Weiss, Esquire (via email)
    James V. Doyle, Jr., Esquire (via email)
    David Horsley, Esquire (via email)
    K. Edward Sexton, II, Esquire (via email)
    Eric D. Hoaglund, Esquire (via email)
    John Hawkins, Esquire (via email)
    Paul A. Lea, Jr., Esquire (via email)
    Mark Milstein, Esquire (via email)

**LEVIN, FISHBEIN, SEDRAN & BERMAN**

Philip A. Garrett, CPA
October 13, 2016
Page 4

cc  David Durkee, Esquire (via email)
    Scott Wm. Weinstein, Esquire (via email)
    Victoria E. Emmerling, Esquire (via email)
    Andrew A. Braun, Esquire (via email)
    Jimmy R. Faircloth, Jr., Esquire (via email)
    Brook L. Villa, Esquire (via email)
    Franklin "Drew" Hoffmann, Esquire (via email)
    Richard H. Taylor, Esquire (via email)
    Val Patrick Exnicios, Esquire (via email)
    William P. Buckley, Esquire (via email)
    R. Tucker Yance, Esquire (via email)
    Dorothy Wimberly, Esquire (via email)
    Hillarie Bass, Esquire (via email)

# EXHIBIT B

# Chinese Drywall
# Attorney Fee reconciliation

|  | Original | Virginia Attorney Fees | Attorney Fees |  |
|---|---|---|---|---|
| Banner Attorney Fund | $ 18,986,103.44 |  | $ 18,986,103.44 |  |
| Global Attorney Fund | $ 25,519,345.68 |  | $ 25,519,345.68 |  |
| Inex Attorney Fund | $ 2,960,000.00 |  | $ 2,960,000.00 |  |
| Knauf Attorney Fund | $ 160,000,000.00 |  | $ 160,000,000.00 |  |
| Builders Mutual | $ 629,000.00 | $ 629,000.00 |  |  |
| Nationwide | $ 3,650,000.00 | $ 3,650,000.00 |  |  |
| Porter Blaine | $ 1,060,000.00 | $ 1,060,000.00 |  |  |
| Tobin Trading | $ 949,000.00 | $ 949,000.00 |  |  |
| Total 11/30/2013 | $ 213,753,449.12 | $ 6,288,000.00 | $ 207,465,449.12 |  |
| Interest | $ 83,711.98 | $ 1,591.62 | $ 82,120.36 |  |
| QSF charges | $ (24,658.00) | $ (1,181.60) | $ (23,476.40) |  |
| Advance to PSC | $ (17,435,000.00) |  | $ (17,435,000.00) |  |
| Set aside for Taishan | $ (10,000,000.00) |  | $ (10,000,000.00) |  |
| Stipend payments | $ (4,565,633.93) |  | $ (4,565,633.93) |  |
| Reduction of fees and distributed to claimants | $ (348,000.00) | $ (348,000.00) |  |  |
| Garrettson Fees | $ (267,110.97) | $ (267,110.97) |  |  |
| Current total 2/29/2016 | $ 181,196,758.20 | $ 5,673,299.05 | $ 175,523,459.15 | $ 181,196,758.20 |
|  |  |  |  |  |
| Additional Knauf settlement |  |  | $ 13,592,762.95 |  |
|  |  |  |  |  |
| Monies to be paid |  |  |  |  |
| Stipend | $ (328,424.99) |  |  |  |
| Held costs 12/31/2014 | $ (3,842,737.87) |  |  |  |
| Unreimbursed cash assessments | $ (2,187,000.00) |  |  |  |
|  | $ (6,358,162.86) |  | $ (6,358,162.86) |  |
|  |  |  |  |  |
| Funds remaining from Knauf Advance |  |  |  |  |
|   PSC checking | $ 1,374,531.18 |  |  |  |
|   PSC (ICS) account | $ 2,000,000.00 |  |  |  |
|   PSC (Federated) account | $ 1,000,174.81 |  |  |  |
|   PSC (Esquire) Knauf advance | $ 175,299.07 |  |  |  |
|  | $ 4,550,005.06 |  | $ 4,550,005.06 |  |
|  |  |  |  |  |
| **Funds available for Common Benefit and Individual Retained attorneys** |  | $ 5,673,299.05 | $ 187,308,064.30 |  |
|  |  |  |  |  |
| Specific purpose Attorney Funds |  |  |  |  |
| North River |  |  | $ 2,400,000.00 |  |
| Voluntary Contributions |  |  | $ 3,332,058.26 |  |

# EXHIBIT C

## Attorneys' Fees Available for Distribution to
## <u>Common Benefit Counsel (CB) and Individually Retained Attorneys (IR)</u>

| | |
|---|---:|
| Attorneys' fees from Knauf/Global/Banner/InEx Settlements (representing 97.06% of total fees available) | $187,308,064.30 |
| Attorneys' fees from Virginia Settlements (representing 2.94% of total fees available) | + $5,673,299.05 |
| Global Fee Award – Total Available for Distribution | = $192,981,363.35 |
| | |
| FC Common Benefit Fee Allocation Request (representing 10.65% of Settlement value and CB vs. IR split of ~59.37%/~40.63%) | $119,313,367.08 |
| Deduction for Voluntary Payments into Court Registry (all CB) | -  $3,332,058.26 |
| Deduction for North River fees (to be allocated separately by Court) | -  $1,400,000.00 |
| Net Fees Requested for CB | = $114,581,308.82 |
| | |
| Amount of CB Net Fees attributable to K/G/B/I Settlement funds ($114,581,308.82 x 97.06%) | $111,212,618.34 |
| Amount of CB Net Fees attributable to Va. Settlement funds ($114,581,308.82 x 2.94%) | $3,368,690.48 |
| | |
| Amount of fees remaining for IR from K/G/B/I Settlement funds ($187,308,064.30 - $111,212,618.34) | = $76,095,445.96 |
| Amount of fees remaining for IR from Va. Settlement funds $5,673,299.05 - $3,368,690.48) | = $2,304,608.57 |